186.    By virtue of these violations of 18 U.S.C. § 1962(c), Defendants are jointly and severally liable to Plaintiff and the Class for three times the damages Plaintiff and the Class have sustained, plus the cost of this suit, including reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
### Violations of 18 U.S.C. § 1962(d) by Conspiring to Violate 18 U.S.C. § 1962(c)

187.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

188.    Section 1962(d) of the RICO statute provides that it "shall be unlawful for any person to conspire to violate any of the provisions of subsection (a); (b) or (c) of this section."

189.    Defendants have violated § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c). The object of this conspiracy was to conduct or participate in, directly or indirectly, the conduct of the affairs of the § 1962(c) Enterprises described above through a pattern of racketeering activity.

190.    As detailed above, Defendants' co-conspirators have engaged in numerous overt and predicate fraudulent racketeering acts in furtherance of the conspiracy, including material misrepresentations and omissions designed to defraud Plaintiff and members of the Class.

191.    The nature of the above described Defendants' co-conspirators' acts, material misrepresentations, and omissions in furtherance of the conspiracy gives rise to an inference that they not only agreed to the objective of an 18 U.S.C. § 1962(d) violation of RICO by conspiring to violate 18 U.S.C. § 1962(c), but they were aware that their ongoing fraudulent and extortionate acts have been and are part of an overall pattern of racketeering activity.

192.    As a direct and proximate result of Defendants' overt acts and predicate acts in furtherance of violating 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c), Plaintiff and members of the Class have been and are continuing to be injured in their business or property as set forth more fully above.

193.    Defendants have sought to and have engaged in the commission of overt acts, including the following unlawful racketeering predicate acts:

(a)    Multiple instances of mail and wire fraud violations of 18 U.S.C. §§ 1341 and 1342;

(b)    Multiple instances of mail fraud violations of 18 U.S.C. §§ 1341 and 1346; and

(c)    Multiple instances of wire fraud violations of 18 U.S.C. §§ 1343 and 1346.

194.    Defendants' violations of the above federal laws and the effects thereof, detailed above, are continuing and will continue unless injunctive relief prohibiting Defendants' illegal acts constituting a pattern of racketeering activity is imposed by the Court.

## FIFTH CAUSE OF ACTION
### Common Law Fraud

195.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

196.    Defendants have repeatedly made knowing misrepresentations and concealed facts to Plaintiff, the Class and others concerning the medical safety, efficacy and necessity of Neurontin for off-label uses, for which claims were submitted to Plaintiff and the Class to pay for Neurontin to treat non-FDA approved medical conditions.

197.    These representations were materially false in that Neurontin has no medical necessity other than for its FDA-approved uses.

198.    These representations were materially false in that they represented that the submitted claims were to pay for FDA-approved uses of Neurontin when in fact they were to pay for off-label uses, causing Plaintiff and the Class to unwittingly pay for Neurontin in violation of their healthcare policies.

199.    Plaintiff and the members of the Class reasonably relied upon the veracity of the Defendants' representations regarding the safety, efficacy and necessity of Neurontin for off-label uses.

200.    Plaintiff and the members of the Class reasonably relied upon the veracity of the Neurontin claims submitted to pay for non-FDA approved uses.

-63-

201.    Defendants knew that the scientifically unsupported studies, publications and representations were being relied upon by physicians, Plaintiff and the Class for the purpose of prescribing or paying claims for Neurontin to treat such off-label conditions for which the drug is not scientifically proven to be safe or medically efficacious.

202.    Defendants knew that the Neurontin claims concealing the off-label purposes for which they were being submitted were being relied upon by Plaintiff and the Class for the purpose of determining whether to pay for such claims in accordance with their policies.

203.    Plaintiff and the Class suffered damage in the form of payments for Neurontin to cover off-label uses and to cover conditions for which Neurontin was not safe or medically efficacious.

204.    Plaintiff and the members of the Class are therefore entitled to restitution of their payments for Neurontin to treat off-label uses and an award of compensatory damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### Violations of the Consumer Protection Statutes of the 50 States

205.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

206.    Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of various state consumer protection statutes listed:

(a)     Defendants caused third parties to publish and make factual representations and statements designed to promote Neurontin "off-label" use that were false, misleading and/or deceptive;

(b)     Defendants unfairly and deceptively sold Neurontin to the public based upon statements made by a third party that Defendants hired or improperly influenced, that were deceptive;

(c)     Defendants omitted material information known to them that would have disclosed materially adverse facts to doctors in order to induce doctors to prescribe Neurontin;

(d)     Defendants knew that published studies promoting Neurontin for non-approved users lacked the scientific integrity that was expected of such studies and acted to conceal adverse studies and a balanced statement of the facts;

(e)     Defendants sent to doctors promotional literature regarding "off-label" uses of Neurontin that were false and misleading and were sent in violation of applicable state and federal law;

(f)     Defendants distributed false and misleading information to doctors for the purpose of causing those doctors to use Neurontin for "off-label" uses and to deceive members of the public into believing that such use was appropriate;

(g)     Defendants' use of grants or other forms of compensation used to influence doctors to author "studies" that were not scientifically supported but which showed favorable results using Neurontin, was an unfair and fraudulent practice;

(h)     The payment to doctors, honorariums, consultant fees and the like, all for the purpose of encouraging the "off-label" use of Neurontin, was an unfair practice.

(i)     Defendants embarked on a marketing scheme that was in violation of state and federal laws with the purpose to deceive the public;

(j)     Defendants falsely and deceptively marketed Neurontin for uses for which no valid scientific data existed; and

(k)     Defendants' conduct violated FDAMA, 21 U.S.A. § 360aaa *et seq.* because Defendants did not seek FDA approval for the majority of "off-label" uses Neurontin was promoted for; the materials were not provided to the FDA prior to their use; the materials were not peer-reviewed or qualified reference publications, and Defendants did not provide the FDA with all reports they possess on safety and efficacy.

207.     The promotional activities described above violate laws prohibiting promotion of off-label uses, and in particular the studies distributed by defendants' sales employees were false

and/or misleading and failed to disclose that the studies were not independently produced. And, the above conduct violates anti-kickback regulations, 42 U.S.C. § 1320A-7 and 42 C.F.R. § 1001.

208.   Defendants have violated the consumer protection statutes of any and all of the fifty states as follows:

(a)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code § 8-19-1, *et seq.*;

(b)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. Code § 45.50.471, *et seq.*;

(c)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*;

(d)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et seq.*;

(e)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*;

(f)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*;

(g)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*;

(h)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq.*;

(i)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of D.C. Code § 28-3901, *et seq.*;

(j)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*;

(k)   Defendants have engaged in unfair competition or unfair or deceptive acts

or practices in violation of Ga. Stat. § 10-1-392, *et seq.*;

(l)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*;

(m)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*;

(n)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, *et seq.*;

(o)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5.1, *et seq.*;

(p)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code § 714.1b, *et seq.*;

(q)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*;

(r)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, *et seq.*;

(s)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq.*;

(t)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, *et seq.*;

(u)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*;

(v)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*;

(w)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*;

(x)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, *et seq.*;

(y)      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. § 75-24-1, *et seq.*;

(z)      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, *et seq.*;

(aa)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, *et seq.*;

(bb)      Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*;

(cc)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

(dd)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*;

(ee)     Defendants have engaged in unfair competition or unfair, unconscionable or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*;

(ff)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1 *et seq.*;

(gg)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*;

(hh)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

(ii)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*;

(jj)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*;

(kk)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of Okla. Stat. tit. 15 § 751, *et seq.*;

(ll)     Defendants have engaged in unfair competition or unfair or deceptive acts

-68-

or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*;

      (mm)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*;

      (nn)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*;

      (oo)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*;

      (pp)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1; *et seq.*;

      (qq)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*;

      (rr)   Defendants have engaged in unfair competition or unfair or deceptive or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*;

      (ss)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. § 13-11-1, *et seq.*;

      (tt)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*;

      (uu)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*;

      (vv)   Defendants have engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Wash. Rev. Code. § 19.86.010, *et seq.*;

      (ww)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-101 , *et seq.*;

      (xx)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, *et seq.*; and

      (yy)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-100, *et seq.*

209.    As a direct and proximate result of Defendants' unfair methods of competition and unfair or deceptive acts or practices, Plaintiff and the Class have suffered actual economic damage by paying for Neurontin to treat conditions for which the drug is not FDA approved and is not medically necessary.

## SEVENTH CAUSE OF ACTION
### Restitution/Disgorgement for Unjust Enrichment

210.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

211.    As the intended and expected result of their conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from the payment of claims for Neurontin by Plaintiff and members of the Class to treat conditions for which the drug is not FDA-approved.

212.    Defendants have voluntarily accepted and retained these profits and benefits, derived from Plaintiff and the Class, with full knowledge and awareness that, as a result of Defendants' fraud and other conscious and intentional wrongdoing, Plaintiff and the Class paid for Neurontin when they otherwise would not have but for Defendants' improper actions.

213.    By virtue of the conscious wrongdoing alleged in this Complaint, Defendants have been unjustly enriched at the expense of Plaintiff and the Class, who are entitled in equity to seek the disgorgement and restitution of Defendants' wrongful profits, revenues and benefits, to the extent, and in the amount deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

## VI.    DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants in each claim for relief, jointly and severally, as follows:

(a)    On Plaintiff's RICO claims, three times the damages Plaintiff and the Class have sustained as a result of Defendants' conduct, such amount to be determined at trial, plus Plaintiff's costs in this suit, including reasonable attorneys' fees;

(b)      On Plaintiff's claims for Common Law Fraud, damages in the amount of Plaintiff's and the Class's payment for Neurontin to treat conditions for which the drug was not approved by the FDA for which it was not medically necessary, such amounts to be determined at trial, plus Plaintiff's costs in this suit, including attorneys' fees;

(c)      On Plaintiff's claims under the Consumer Protection Statutes of all fifty states, all measures of damages allowable under such statutes, such amount to be determined at trial, plus Plaintiff's costs in this suit, including reasonable attorneys' fees;

(d)      On Plaintiff's claims for Unjust Enrichment, recovery in the amount of Plaintiff's and the Class's payment for Neurontin to treat conditions for which the drug was not approved by the FDA and for which it was not medically necessary, such amounts to be determined at trial, plus Plaintiff's costs in this suit, including attorneys' fees;

(e)      Awarding Plaintiff and the Class other appropriate equitable relief;

(f)      Awarding Plaintiff its costs and expenses in this litigation, including reasonable attorneys' fees and expert fees; and

(g)      Awarding Plaintiff and the Class such other and further relief as may be just and proper under the circumstances.

## VII.   DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: May 14, 2004

Respectfully submitted,

Thomas M. Sobol (BBO# 471770)
HAGENS BERMAN, LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
Tel: (617) 482-3700
Fax: (617) 482-3003

-72-

OF COUNSEL:

Steve W. Berman
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594


Garve Ivey, Esq.
IVEY & RAGSDALE
315 19th Street
Post Office Box 1349
Jasper, AL 35502
Tel: (205) 221-4644
Fax: (205) 252-8484

John W. Lowe
LOWE, MOBLEY & LOWE
1210 21st St.
P.O. Box 576
Haleyville, AL 35565
Tel: (205) 486-5296
Fax: (205) 486-4531