UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
IN RE NEURONTIN MARKETING AND          )          MDL Docket No. 1629
SALES PRACTICES LITIGATION               )
                                                    )          Judge Patti B. Saris
_____)
THIS DOCUMENT RELATES TO:                 )
                                                    )
Harden Manufacturing Corp. v. Pfizer, Inc., et al    )          Civil Action No. 04-10981
_____)
                                                    )
The Guardian Life Ins. Co. v. Pfizer, Inc., et al.    )          Civil Action No. 04-10739
_____)
                                                    )
Aetna, Inc. v. Pfizer, Inc., et al.              )          Civil Action No. 04-10958
_____)
                                                    )
Teamsters Health & Welfare Fund of Philadelphia    )          Civil Action No. 04-10984
and Vicinity v. Pfizer, Inc., et al               )
                                                    )
_____)
                                                    )
Emma B. Christina v. Pfizer, Inc., et al         )          Civil Action No. 04-1450
_____)
                                                    )
Debra Mull v. Pfizer, Inc., et al.               )          Civil Action No.  04-1489
_____)
                                                    )
Annie D. Blevins v. Pfizer, Inc., et al.          )          Civil Action No. 6:04-1162
_____)
                                                    )
ASEA/AFSCME Local 52 Health Benefits Trust    )          Civil Action No.04-02577
and Brian Krah v. v. Pfizer, Inc., et al.        )
                                                    )
_____)
                                                    )
Maggie Dorty v. Pfizer, Inc., et al.             )          Civil Action No. 04-1547
_____)
                                                    )
Dianne Hood v. Pfizer, Inc., et al               )          Civil Action No. 04-1575
_____)
                                                    )
Joyce B. Duhe v. Pfizer, Inc., et al.            )          Civil Action No.04-1591
_____)

| | |
|---|---|
| Tammylee Willoz v. Pfizer, Inc., et al ) | Civil Action No. 04-1234 |
| Gulf Distributing Holdings, LLC v. Pfizer, Inc.,et al.) | Civil Action No. 04-0403 |
| Mary Jane Gordon v. Pfizer, Inc., et al. ) | Civil Action No. 04-552 |
| Lorraine Kopa v. Pfizer, Inc., et al ) | Civil Action No. 04-4593 |
| Julie K. Bakle v. Pfizer, Inc., et al. ) | Civil Action No. 2:04-2935 |
| Patricia Ann White v. Pfizer, Inc., et al. ) | Civil Action No. 04-1712 |
| Sylvia G. Hyman v. Pfizer, Inc., et al. ) | Civil Action No. 3:04-215 |
| Mary Lou Lienerth v. Pfizer, Inc., et al. ) | Civil Action No. 04-1161 |
| Brenda Straddeck v. Pfizer, Inc., et al. ) | Civil Action No. 04-4106 |
| Claudia Lang v. Pfizer, Inc., et al. ) | Civil Action No. 5:04-234 |
| Johnny Ray Meeks, et al.  v. Pfizer, Inc., et al. ) | Civil Action No. 04-1781 |
| Gerald Smith v. Pfizer, Inc., et al. ) | Civil Action No. 1:04-1052 |
| John Lerch v. Pfizer, Inc., et al. ) | Civil Action No. 0:04-3021 |
| James Hope v. Pfizer, Inc., et al. ) | Civil Action No. 5:04-248 |
| Clifford Eckenrode v. Pfizer, Inc., et al. ) | Civil Action No. 3:04-240 |

---------------------------------------------  )
                                               )
James Doyle v. Pfizer, Inc., et al.            )        Civil Action No. 2:04-2509
---------------------------------------------  )

### JOINT NOTICE OF FILING OF
### CORRECTED [PROPOSED] CASE MANAGEMENT ORDER

NOW COME the parties in the above-referenced matters to give notice of the filing of a proposed case management order.

WHEREAS, on November 23, 2004, this Court conducted an initial status conference during which, in part, the Court directed that the parties file a proposed case management order on or before December 15, 2004 dealing, *inter alia*, with the structure and organization of Plaintiffs' counsel;

WHEREAS, at the November 23, 2004 status conference, the Court also set forth certain dates for the filing of amended complaints, responsive pleadings and further case management issues; and

WHEREAS, the parties submitted on December 15, 2004 a Proposed Case Management Order that, through inadvertence, included some typographical errors.

ACCORDINGLY, the parties hereby jointly submit the Corrected Proposed Case Management Order, attached hereto as Exhibit A, for the Court's consideration.

Dated:  December 16, 2004

Respectfully Submitted,


***Proposed Plaintiffs' Liaison counsel***                    ***Counsel for Defendants, Pfizer Inc., et al.***


By:    /s/ **Thomas M. Sobol**                    By:    /s/ **David B. Chaffin**
       Thomas M. Sobol                                    David B. Chaffin, Esquire
       Hagens Berman LLP                              Hare & Chaffin
       One Main Street, 4th Floor                    160 Federal Street, 23rd Floor
       Cambridge, MA 02142                           Boston, MA 02110


***Proposed Members of the***                    By:    /s/ **James P. Rouhandeh**
***Class Plaintiffs' Steering Committee***              James P. Rouhandeh, Esquire
                                                        Davis Polk & Wardwell
By:    /s/ **Don Barrett**                              450 Lexington Avenue
       Don Barrett, Esquire                          New York, NY 10017
       Barrett Law Office
       404 Court Square North
       P.O. Box 987
       Lexington, MS 39095

By:    /s/ **Daniel Becnel**
       Daniel Becnel, Jr., Esquire
       Law Offices of Daniel Becnel, Jr.
       106 W. Seventh Street
       P.O. Drawer H
       Reserve, LA 70084


By:    /s/ **James Dugan**
       James Dugan, Esquire
       Dugan & Browne
       650 Poydras St., Suite 2150
       New Orleans, LA 70130

By:     **/s/ Thomas Greene**
_____
Thomas Greene Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110


By:     **/s/ Barry Himmelstein**
_____
Barry Himmelstein, Esquire
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339


*Proposed Members of the*
*Plaintiffs' Non-Class Steering Committee*


By:     **/s/ Linda P. Nussbaum**
_____
Linda P. Nussbaum, Esquire
Cohen Milstein Hausfeld & Toll
150 East 52nd Street
Thirteenth Floor
New York, NY 10022


By:     **/s/ Richard Cohen**
_____
Richard Cohen, Esquire
Lowey Dannenberg Bemporad
& Selinger, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY  10601

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) | MDL Docket No. 1629 Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| Harden Manufacturing Corp. v. Pfizer, Inc., et al | ) ) | Civil Action No. 04-10981 |
| The Guardian Life Ins. Co. v. Pfizer, Inc., et al. | ) ) ) | Civil Action No. 04-10739 |
| Aetna, Inc. v. Pfizer, Inc., et al. | ) ) ) | Civil Action No. 04-10958 |
| Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Pfizer, Inc., et al | ) ) ) ) | Civil Action No. 04-10984 |
| Emma B. Christina v. Pfizer, Inc., et al | ) ) ) | Civil Action No. 04-1450 |
| Debra Mull v. Pfizer, Inc., et al. | ) ) ) | Civil Action No.  04-1489 |
| Annie D. Blevins v. Pfizer, Inc., et al. | ) ) ) | Civil Action No. 6:04-1162 |
| ASEA/AFSCME Local 52 Health Benefits Trust and Brian Krah v. v. Pfizer, Inc., et al. | ) ) ) ) | Civil Action No.04-02577 |
| Maggie Dorty v. Pfizer, Inc., et al. | ) ) ) | Civil Action No. 04-1547 |
| Dianne Hood v. Pfizer, Inc., et al | ) ) ) | Civil Action No. 04-1575 |
| Joyce B. Duhe v. Pfizer, Inc., et al. | ) ) ) | Civil Action No.04-1591 |

| | |
|---|---|
| Tammylee Willoz v. Pfizer, Inc., et al ) | Civil Action No. 04-1234 |
| Gulf Distributing Holdings, LLC v. Pfizer, Inc.,et al.) | Civil Action No. 04-0403 |
| Mary Jane Gordon v. Pfizer, Inc., et al. ) | Civil Action No. 04-552 |
| Lorraine Kopa v. Pfizer, Inc., et al ) | Civil Action No. 04-4593 |
| Julie K. Bakle v. Pfizer, Inc., et al. ) | Civil Action No. 2:04-2935 |
| Patricia Ann White v. Pfizer, Inc., et al. ) | Civil Action No. 04-1712 |
| Sylvia G. Hyman v. Pfizer, Inc., et al. ) | Civil Action No. 3:04-215 |
| Mary Lou Lienerth v. Pfizer, Inc., et al. ) | Civil Action No. 04-1161 |
| Brenda Straddeck v. Pfizer, Inc., et al. ) | Civil Action No. 04-4106 |
| Claudia Lang v. Pfizer, Inc., et al. ) | Civil Action No. 5:04-234 |
| Johnny Ray Meeks, et al.  v. Pfizer, Inc., et al. ) | Civil Action No. 04-1781 |
| Gerald Smith v. Pfizer, Inc., et al. ) | Civil Action No. 1:04-1052 |
| John Lerch v. Pfizer, Inc., et al. ) | Civil Action No. 0:04-3021 |
| James Hope v. Pfizer, Inc., et al. ) | Civil Action No. 5:04-248 |
| Clifford Eckenrode v. Pfizer, Inc., et al. ) | Civil Action No. 3:04-240 |

2

<table>
<tr><td>James Doyle v. Pfizer, Inc., et al.</td><td>)</td><td>Civil Action No. 2:04-2509</td></tr>
</table>

## CORRECTED [PROPOSED] CASE MANAGEMENT ORDER

WHEREAS, on October 26, 2004, the Judicial Panel on Multidistrict Litigation (the "Judicial Panel") issued an order pursuant to 28 U.S.C. § 1407 transferring twenty-seven actions to the District of Massachusetts for coordinated or consolidated pre-trial proceedings;

WHEREAS, the Judicial Panel's order of October 26, 2004 provided that the transferred cases be captioned *In re: Neurontin Marketing and Sales Practice Litigation* and be given the designation MDL 1629;

WHEREAS, the undersigned plaintiffs' counsel represent that they have contacted all plaintiffs' counsel, that they have discussed the efficient prosecution of this litigation, and that all counsel were invited to participate in the discussions;

WHEREAS, on November 23, 2004, this Court conducted an initial status conference during which, in part, the Court directed that the parties file a proposed order on or before December 15, 2004; and

WHEREAS, at the November 23, 2004, status conference, the Court also set forth certain dates for the filing of amended complaints, responsive pleadings, and further case management orders; and

WHEREAS, in order to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide for consolidation and/or coordination of all actions filed, removed to, or transferred to this District and for an organization of Plaintiffs' counsel to coordinate the efforts of counsel in these actions. Accordingly,

IT IS HEREBY ORDERED THAT the following Case Management Order shall govern all proceedings in this proceeding:

## I.     PRETRIAL CONSOLIDATION AND/OR COORDINATION

1.     By order of the Judicial Panel, the purported class actions listed on Exhibit A have been transferred to this Court for coordinated pretrial proceedings.  Additional cases, identified on Exhibit B, have been conditionally transferred by the Judicial Panel to this Court for coordinated pretrial proceedings.  These cases and any other purported class action cases that are subsequently filed in, transferred to or removed to this proceeding are referred to as the "Class Action Cases."

2.     Actions, listed on Exhibit C, were filed against Defendants in this Court and include similar allegations as those made in the Class Action Cases.  The cases listed on Exhibit C, referred to as the "Private Non-Class Cases," shall be consolidated with the Master Docket herein and coordinated with the Class Action Cases for pretrial proceedings.

3.     The Class Action Cases and the Private Non-Class Cases are referred to collectively as the MDL 1629 Cases.

4.     This Order does not constitute a determination that the actions consolidated and/or coordinated for pretrial purposes should be consolidated for trial, nor does it have the effect of making any entity or person a party to any action in which he/she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.  No party, by agreeing to this Order, waives any defense of lack of personal jurisdiction or insufficiency of service of process.

### A.     Applicability of Order

The terms of this Order shall apply automatically to the MDL 1629 Cases and to all other cases that become a part of this proceeding by virtue of being filed in, removed to, or transferred

to this Court (including cases transferred pursuant to Local Rules 28 U.S.C. § 1404(a), or 28

U.S.C. § 1407).  Any previous request to this Court by any plaintiff for entry of a case

management and/or scheduling order is hereby superseded.

### B.    Objections to Order

Objections to the terms of this Order must be filed by parties or their counsel within

fifteen (15) days of receipt of the Order.

### C.    Dissemination of Order

Within five (5) days of the date of this Order, Plaintiffs' Liaison Counsel (designated

below) shall send a copy of this Order by overnight delivery, hand delivery or telecopy to all

plaintiffs' counsel in all actions to which this Order applies.  When an action that properly

belongs as part of this proceeding is hereinafter filed before this Court or transferred or removed

to this Court from another forum, Plaintiffs' Liaison Counsel shall immediately send a copy of

this Order by overnight delivery, hand delivery, or telecopy to plaintiffs' counsel in that action.

## II.  CASE IDENTIFICATION

### A.    Master Docket and Record

For the convenience of the parties and the Court, the Clerk of this Court will maintain a

master docket with a single docket number of Civil Action No. 04-10981 (the number for

*Harden Manufacturing Corp. v. Pfizer, Inc., et al*) in a master record under the style:  "*In re*

*Neurontin Marketing and Sales Practices Litigation*."  When an order, pleading or other

document is filed and docketed in the Master Docket, it shall be deemed filed and docketed in

each individual case to the extent applicable and will not ordinarily be separately docketed or

physically filed in any individual cases.  However, the caption may also contain a notation

indicating whether the document related to all cases or only to specified cases, as described

below.  All counsel who are filing pleadings in this proceeding shall file them using Civil Action

No. 04-10981, (the "main file No."). A pleading may also bear the docket number of an individual case, in addition to the Master Docket Number, if it relates to a particular case or cases as provided below. All counsel are required to apply for, effectuate and maintain access to the electronic filing system of this Court.

      **B.**    **Captions**

All orders, pleadings, motions, and other documents filed in this proceeding shall bear a caption in the following format:

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: [ALL ACTIONS] [SPECIFIC ACTION]. | Master File No. 04-10981 |
|  | Judge Patti B. Saris |

      **C.**    **Master Filing**

If a document that is filed in this proceeding is generally applicable to all consolidated actions, the caption shall include the notation that it relates to "All Actions," and the Clerk will file and docket only in the master docket. Likewise, if a document that is filed in this proceeding is generally applicable to a category of cases, the caption shall so indicate, and the Clerk will file and docket the document only in the master docket.

      **D.**    **Separate Filing**

If a document is intended to apply only to a particular case or cases, the caption shall indicate the District of Massachusetts docket number of those case(s) to which it applies.

III.    **ORGANIZATION OF COUNSEL**

A.    **Designation**

Pending further order of this Court, the Court designates under Rule 23(g)(2)(a) the

following firms to act on behalf of Plaintiffs with responsibilities hereinafter described:

1.    As Plaintiffs' Liaison Counsel:

Thomas M. Sobol, Esquire
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142
617-482-3700
617-482-3003

2.    Class Plaintiffs' Steering Committee Members:

Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

James Dugan, Esquire
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130

Thomas Greene, Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

Thomas M. Sobol, Esquire
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Barry Himmelstein, Esquire
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

3:     Plaintiffs' Non-Class Steering Committee Members:

Linda P. Nussbaum, Esquire
Cohen Milstein Hausfeld & Toll P.L.L.C
150 East 52nd Street
Thirteenth Floor
New York, NY 10022

Richard Cohen, Esquire
Lowey Dannenberg Bemporad & Selinger, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY  10601

**B.     Plaintiffs' Steering Committee Responsibilities**

1.     Plaintiffs' counsel appointed as members of the Class Plaintiffs' Steering Committee and the Plaintiffs' Non-Class Steering Committee above shall be referred to collectively as Plaintiffs' Steering Committee.

2.     Plaintiffs' Steering Committee shall have sole authority over the following matters on behalf of Class Plaintiffs in their respective cases: (a) the establishment of working committees for the efficient prosecution of the litigation and appointment of chair persons and members of such committees; (b) the initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other Plaintiffs' counsel as they may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings, depositions and conferences with the Court; (g) the timing and substance of any settlement negotiations with Defendants; and (h) other matters concerning the prosecution and resolution of their respective cases.

3.      No motion shall be initiated or filed on behalf of any Class Plaintiff except through Class Plaintiffs' Steering Committee.

4.      Class Plaintiffs' Steering Committee shall have sole authority to communicate with defendants' counsel and the Court on behalf of all Class Plaintiffs, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely upon all agreements made with Class Plaintiffs' Steering Committee.

5.      Plaintiffs' Non-Class Steering Committee members shall participate in the Plaintiffs' Steering Committee to the extent necessary and appropriate (i) to prosecute the interest of the Private Non-Class cases, (ii) to coordinate with all Private Non-Class Cases, and (iii) to seek the joint and efficient prosecution of the Private Non-Class Cases with the Class Action Cases.

**C.      Plaintiffs' Liaison Counsel Responsibilities**

1.      Plaintiffs' Liaison Counsel shall (a) maintain and distribute to all counsel an up-to-date service list; (b) receive and, as appropriate, distribute to plaintiffs' counsel orders from the Court and materials served by Defendants' counsel; and (c) communicate with Plaintiffs' counsel information concerning the status of and developments in this proceeding.

2.      Plaintiffs' Liaison Counsel is hereby designated as the counsel for plaintiffs upon whom all notices, orders, pleadings, motions, discovery and memoranda are to be served, except for case-specific matters, which shall be served on Class Plaintiffs' Liaison Counsel as well as on the attorneys of record in that particular case.

**D.      Further Orders**

Upon application of Plaintiffs' Steering Committee, or by the Court *sua sponte*, further organizational order(s), including orders under Fed. R. Civ. 23(g)(2)(a), will be considered.

E.    **Admissions to Practice**

Each attorney acting as counsel for any party who is a member in good standing of the bar of the highest court of any State or of any United States District Court shall be deemed admitted *pro hac vice* before the Court, without further action, in connection with these proceedings upon payment of the appropriate filing fee and the filing of a Notice of Appearance.

IV.    **PLEADING ISSUES**

The following schedule shall apply to the filing of a consolidated class action complaint, to any existing or amended complaint in the Private Non-Class Cases, and to responsive pleadings:

| Event | Due Date |
|---|---|
| Filing of a consolidated complaint in the Class Action Cases, and filing of any amended complaint in the Private, Non-Class Cases (if any). | January 18, 2005 |
| Defendants' responsive motions (if any) to the foregoing complaints. | February 28, 2005 |
| Opposition(s) to any responsive motions. | March 31, 2005 |
| Defendants' reply (if any) to oppositions to responsive motions. | April 15, 2005 |
| Plaintiff's sur-reply, (if any) to defendants' reply on motions to dismiss. | May 2, 2005 |

Any consolidated class action complaint in the Class Action Cases shall apply to all pending class action cases and to any other cases subsequently filed, removed, or transferred to this Court as a part of this proceeding. Defendants need not respond to any other class action complaints regardless whether they were previously filed or are hereinafter filed. The consolidated class action complaint shall not apply to the Private Non-Class Cases.

With respect to the briefing schedule above, page limitations set forth in the local rules for the United District Court, District of Massachusetts shall apply.

## VII.    INITIAL DISCOVERY, PROTECTIVE ORDER, AND FURTHER CASE MANAGEMENT

### A.    Initial Discovery

Pursuant to an appropriate protective order, Defendants shall make available to Plaintiffs' Steering Committee all documents and deposition transcripts and exhibits produced or otherwise made available by Defendants to plaintiff in the civil action entitled:  *United States of America ex rel. David Franklin v. Parke-Davis, et al.,* (D.Mass. 2001).   To the extent reasonably feasible, Plaintiffs' Steering Committee will coordinate with Mr. Thomas Greene in order to minimize any expense and burden to defendants of the reproduction of the materials set forth above.

### B.    Protective Order

The parties will timely file a proposed protective order to govern the confidentiality of documents in connection with these consolidated proceedings.

### C.    Further Case Management.

On or before January 25, 2005, the parties shall submit to the Court a proposed joint case management order relating to scheduling, discovery issues, and other case management matters. If the parties cannot agree as to one or more provisions relating to the proposed case management order, then the parties shall set forth alternative provisions in a single document for consideration by the Court.

On February 2, 2005, at 3:00 p.m., a case management conference will be conducted by the Court.

## VIII. CLASS COUNSELS' TIME AND EXPENSE RECORDS

### A. Maintenance of Contemporaneous Records

Any class counsel who may seek an award (or approval) of a fee (or expenses) by the Court in connection with this proceeding shall keep a daily record of his/her time spent and expenses incurred regarding this proceeding, including a specific record of the hours, location, and particular activity. The failure to maintain such records may be grounds for denying court-awarded attorneys' fees.

### B. Filing

Each class counsel (or each firm) who may seek an award (or approval) of a fee (or expenses) by the Court shall file quarterly with Class' Liaison Counsel a report summarizing according to each separate activity the time and reasonable and necessary expenses spent during the preceding quarter (and the ordinary billing rates of such attorneys in effect during such quarter) and the accumulated total of counsel's time, hourly rates, and expenses to date.

*Proposed Plaintiffs' Liaison counsel*                    *Counsel for Defendants, Pfizer Inc., et al.*

By:     **/s/ Thomas M. Sobol**            By:     **/s/ David B. Chaffin**     
       Thomas M. Sobol                               David B. Chaffin, Esquire
       Hagens Berman LLP                             Hare & Chaffin
       One Main Street, 4th Floor                 160 Federal Street, 23rd Floor
       Cambridge, MA 02142                       Boston, MA 02110

*Proposed Members of the*                    By:     **/s/ James P. Rouhandeh**    
*Class Plaintiffs' Steering Committee*                    James P. Rouhandeh, Esquire
                                            Davis Polk & Wardwell
By:     **/s/ Don Barrett**               450 Lexington Avenue
       Don Barrett, Esquire                        New York, NY 10017
       Barrett Law Office
       404 Court Square North
       P.O. Box 987
       Lexington, MS 39095

By:    /s/ **Daniel Becnel**
       Daniel Becnel, Jr., Esquire
       Law Offices of Daniel Becnel, Jr.
       106 W. Seventh Street
       P.O. Drawer H
       Reserve, LA 70084


By:    /s/ **James Dugan**
       James Dugan, Esquire
       Dugan & Browne
       650 Poydras St., Suite 2150
       New Orleans, LA 70130


By:    /s/ **Thomas Greene**
       Thomas Greene Esquire
       Greene & Hoffman
       125 Summer Street
       Boston, MA 02110


By:    /s/ **Barry Himmelstein**
       Barry Himmelstein, Esquire
       Lieff Cabraser Heimann & Bernstein
       Embarcadero Center West
       275 Battery Street, 30th Floor
       San Francisco, CA 94111-3339


***Proposed Members of the
Plaintiffs' Non-Class Steering Committee***


By:    /s/ **Richard Cohen**
       Richard Cohen, Esquire
       Lowey Dannenberg Bemporad
       & Selinger, P.C.
       The Gateway
       One North Lexington Avenue
       White Plains, NY  10601

By:    **/s/ Linda P. Nussbaum**
       Linda P. Nussbaum, Esquire
       Cohen Milstein Hausfeld & Toll
       150 East 52nd Street
       Thirteenth Floor
       New York, NY 10022

**SO ORDERED:**

_____
Hon. Patti B. Saris
United States District Judge

Dated: _____

14

# EXHIBIT A
## TO CASE MANAGEMENT ORDER


### District of Massachusetts

*The Guardian Life Ins. Co. v. Pfizer, Inc., et al.*
C.A. No. 04-10739

*Aetna, Inc. v. Pfizer, Inc., et al.*
C.A. No. 04-10958

*Harden Manufacturing Corp. v. Pfizer, Inc., et al.*
C.A. No. 04-10981

*Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Pfizer, Inc., et al.*
C.A. No. 04-10984


### Eastern District of Louisiana

*Emma B. Christina v. Pfizer, Inc., et al.*
C.A. No. 04-1450

*Debra Mull v. Pfizer, Inc., et al.*
C.A. No.  04-1489

*Maggie Dorty v. Pfizer, Inc., et al.*
C.A. No. 04-1547

*Dianne Hood v. Pfizer, Inc., et al.*
C.A. No. 04-1575

*Joyce B. Duhe v. Pfizer, Inc., et al.*
C.A. No. 04-1591

15

*Patricia Ann White v. Pfizer, Inc., et al.*
C.A. No. 04-1712

**Western District of Louisiana**

*Annie D. Blevins v. Pfizer, Inc., et al.*
C.A. No. 6:04-1162

**District of New Jersey**

*ASEA/AFSCME Local 52 Health Benefits Trust and Brian Krah v. v. Pfizer, Inc., et al.*
C.A. No. 04-02577

*Julie K. Bakle v. Pfizer, Inc., et al.*
C.A. No. 2:04-2935

**Northern District of Texas**

*Tammylee Willoz v. Pfizer, Inc., et al.*
C.A. No. 04-1234

**Southern District of Alabama**

*Gulf Distributing Holdings, LLC v. Pfizer, Inc., et al.*
C.A. No. 04-0403

**Southern District of Mississippi**

*Mary Jane Gordon v. Pfizer, Inc., et al.*
C.A. No. 04-552

**Southern District of New York**

*Lorraine Kopa v. Pfizer, Inc., et al.*
C.A. No. 04-4593

**Northern District of Florida**

*Sylvia G. Hyman v. Pfizer, Inc., et al.*

C.A. No. 3:04-215

*Clifford Eckenrode v. Pfizer, Inc., et al.*
C.A. No. 3:04-240

### Northern District of Ohio

*Mary Lou Lienerth v. Pfizer, Inc., et al.*
C.A. No. 04-1161

### Southern District of Illinois

*Brenda Straddeck v. Pfizer, Inc., et al.*
C.A. No. 04-4106

### Eastern District of Arkansas

*Claudia Lang v. Pfizer, Inc., et al.*
C.A. No. 5:04-234

*James Hope v. Pfizer, Inc., et al.*
C.A. No. 5:04-248

### Northern District of Georgia

*Johnny Ray Meeks, et al.  v. Pfizer, Inc., et al.*
C.A. No. 04-1781

### Southern District of Indiana

*Gerald Smith v. Pfizer, Inc., et al.*
C.A. No. 1:04-1052

### District of Minnesota

*John Lerch v. Pfizer, Inc., et al.*
C.A. No. 0:04-3021

### Western District of Tennessee

*James Doyle v. Pfizer, Inc., et al.*
C.A. No. 2:04-2509

# EXHIBIT B
## TO CASE MANAGEMENT ORDER

### Middle District of Alabama

*Alabama Forest Products Industry Workmen's Compensation Self-Insurer's Fund v. Pfizer, Inc., et al.*
C.A. No. 04-711

### Southern District of Alabama

*Nancy Coleman, et al. v. Pfizer, Inc., et al.*
C.A. No. 04-463

### Eastern District of Florida

*Ana Medero, et al. v. Pfizer, Inc., et al.*
C.A. No. 04-22228

### Northern District of Illinois

*Allied Services Division Welfare Fund v. Pfizer, Inc., et al.*
C.A. No. 04-4467

### Eastern District of Louisiana

*Linda Rizzo v. Pfizer, Inc., et al*
C.A. No. 04-1735

*Tracey Lynn Robichaux, et al. v. Pfizer, Inc.*
C.A. No. 04-2087

*Louisiana Health Service Indemnity Co. v. Pfizer, Inc., et al.*
C.A. No. 04-2509

**Northern District of Mississippi**

*Mary Cooper, et al. v. Pfizer, Inc.*
C.A. No. 04-255

*Leroy Anderson, et al. v. Pfizer, Inc., et al.*
C.A. No. 04-275

**District of New Jersey**

*Steven Kail, et al. v. Pfizer, Inc., et al.*
C.A. No. 04-4236

*International Union of Operating Engineers Local No. 68 Welfare Fund v. Pfizer, Inc., et al*
C.A. No. 04-4497

*Alaska Electrical Pension Fund v. Pfizer, Inc., et al.*
C.A. No. 4593

**Eastern District of Oklahoma**

*Jerry Hollaway, et al. v. Pfizer, Inc., et al.*
C.A. No. 04-375

**Eastern District of Tennessee**

*Bauda V.L. Sutton v. Pfizer, Inc., et al*
C.A. No. 04-337

**Eastern District of Texas**

*Linda Barker v. Pfizer, Inc., et al.*
C.A. No. 04-309

# EXHIBIT C
## TO CASE MANGEMENT ORDER

*The Guardian Life Ins. Co. v. Pfizer, Inc., et al.*
Civil Action No. 04-10739

*Aetna, Inc. v. Pfizer, Inc., et al.*
Civil Action No. 04-10958