# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. DAVID FRANKLIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PARKE-DAVIS, DIVISION OF ) <br> WARNER-LAMBERT COMPANY, ) <br> ) <br> Defendant ) | Civil Action <br> No. 96-11651-PBS |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Protective Order ("Order") limiting the disclosure of discovered information and limiting the use of such information as hereinafter provided. IT IS HEREBY ORDERED THAT:

1. This Order shall govern the treatment of pleadings, correspondence, legal memoranda, documents (as defined by the Federal Rules of Civil Procedure and the Local Rules) and all other discovery materials which have been or will be filed, exchanged, served, produced or received by the parties during pre-trial proceedings in the above-captioned action, as well as any and all copies, abstracts and summaries (the "Discovery Materials"). Any person, other than the producing party, who shall obtain access to Discovery Materials shall use such Discovery Materials only in connection with the prosecution or defense of the above-captioned action and for no other purpose whatsoever.

2. Scope.

   (a) All documents and information furnished by a party in conjunction with this litigation which contain or disclose trade secrets or other confidential research, development, or commercial information ("Confidential Information") may be designated CONFIDENTIAL by

said party and furnished to the other parties pursuant to the terms of this Order. The party receiving designated Confidential Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or such orders as may be issued by the Court during the course of this litigation. The provisions of this Order extend to all designated Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigations, and any copies, notes, abstracts or summaries of the foregoing materials.

(b)   A party may not designate as "Confidential" information contained in documents which are already in the possession of a third party even if the documents contain the party's "Confidential" information.

(c)   The designation of information as "Confidential" shall constitute a representation that such document, material or information has been reviewed and that there is a good faith basis for such designation.

3.   Designation of Confidentiality. Pursuant to paragraph 2 above, documents or information may be designated CONFIDENTIAL withing the meaning of this Order in the following ways:

(a)   In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on each page of any such document: "CONFIDENTIAL" or "CONFIDENTIAL PURSUANT TO COURT ORDER."

(b)   In the case of interrogatory answers, responses to request for admissions and the information contained therein, designation shall be made by means of a statement in the

2

answers or responses specifying that the answers or responses or specific parts thereof are designated CONFIDENTIAL. The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION."

(c)     In the case of depositions and the information contained in depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available), or within thirty (30) days of the entry of this Order, whichever is later. The entire deposition transcript (including exhibits) shall be treated as Confidential under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or other own deposition during this thirty-day period. The following legend transcript and each copy of the transcript containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION." If all or part of a videotaped deposition is designated as CONFIDENTIAL, the videocassette or other videotape container shall be label with the legend provided for in paragraph 2(a) above.

(d)     To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the producing party may designate such matters as CONFIDENTIAL by cover letter referring generally to such matter. Whenever any party to

whom Computerized Material designated as CONFIDENTIAL is produced reduces such material to hardcopy form, such party shall mark such hardcopy form with the legend provided for in paragraph 3 (a) above.

(e) To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated CONFIDENTIAL, that party and/or its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those person who ,by the terms of this Order, may have access to Confidential Information.

(f) All documents and materials filed with the Court containing or reflecting the contents of Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption to the Litigation, a generic designation of the contents, the words CONFIDENTIAL INFORMATION – SUBJECT TO COURT ORDER and words in substantially the following form:

> This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated ___, 2001, shall not-be opened nor, the contents displayed or revealed except as provided in that order of by further order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only whose portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential and may be disclosed only in accordance with this Order. Where possible, only those portions of such filings which are Confidential Information shall be filed under seal. No party or other person may have access to

any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding District Judge, his law clerks and other Court personnel without further order of the Court. Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgement is rendered, or (2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the party which filed a sealed document fails to remove the document within the appropriate time frame, the document may be destroyed by the Clerk. Regardless of any provision in this Order to the contrary, a party does not have to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

4.  Use of Confidential Information. Any confidential Information received by a party shall be used by that party solely for the purpose of conducting this litigation, United States of America ex rel. David Franklin v. Parke-Davis, Division of Warner-Lambert Co., No. 96-11651-(PBS), pending in the United States District Court of Massachusetts and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law. If the use of Confidential Information is required by law, the person using such information shall give notice to counsel for the producing party in accordance with paragraph 14 below. This paragraph applies to all persons, corporate entities, and all governmental bodies, including the United States Government (including any agency, subdivision, or department thereof, as well as the United States Attorney's Office).

5

5. <u>Disclosure of Confidential Information</u>. Access to information designated CONFIDENTIAL pursuant to this Order shall be limited to:

(a) counsel for the parties (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

(b) outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation;

(c) any outside expert, consultant or investigator who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting, and/or testifying in this litigation, provided that paragraph 7 of this Confidentiality Order has been complied with;

(d) any party or any director, officer or employee of a party charged with the responsibility for making business decision dealing directly with the resolution of this action;

(e) any person who authored or received the particular material sought to be disclosed to that person;

(f) any person currently or formerly employed by the producing or receiving party if that person had regular access to the information contained in the particular confidential material sought to be disclosed to that person during the term of that person's employment with the party that produced or received the Confidential Material, provided that paragraph 7 of this Order has been complied with;

(g) deponents, trial or hearing witnesses and their counsel in preparation for and/or during deposition or trial hearings, provided that paragraph 7 of this Order has been complied with;

    (h)    this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified person (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

    (i)    any other person to whom the party producing the information agrees in writing or on the record in advance of the disclosure, provided that paragraph 7 of this Order has been complied with;

    (j)    employees of the Department of Health and Human Services and its Health Care Financing Administration, provided that paragraph 7 of this Order has been complied with;

    (k)    state Medicaid administration officials, provided that paragraph 7 of this Order has been complied with; and

    (l)    the United States, and any agency, subdivision, or department thereof, including but not limited to, the United States Attorney's Office, provided that paragraph 7 of this Order has been complied with.

6.    Intentionally Omitted.

7.    Notification Of Protective Order.  Confidential Information shall not be disclosed to person described in paragraphs 5(c), 5(f), 5(g), 5(i), 5(j), 5(k) or 5(l) unless and until such person has executed an Agreement of Confidentiality ("Agreement") in substantially the form attached hereto as Exhibit A. The originals of such Agreements shall be maintained by counsel for the party who obtained them until the final resolution of this litigation. Agreements shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

8. <u>Objections to Designations</u>.  A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event a party objects to the designation under this Order by another party of any material, the objecting party shall consult with the designating party to attempt to resolve their differences.  If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the Court for a ruling that, the material shall not be so treated, giving notice to the party which has designated the material. If such a motion is made, the designating party would have the burden to establish that the designation is proper.  If no such motion is made, the material will remain as designated.  Any documents or other materials that have been designated Confidential shall be treated as Confidential until such time as the Court or any magistrate to whom this matter is assigned rules that such material should not be treated as Confidential.

9. <u>Use of Confidential Information at Trial or Hearing</u>.  Unless otherwise directed by the Court, a party may, subject to the rules of evidence and further orders of the Court, use any Confidential Information for any purpose at trial or at any hearing before a judicial officer in this litigation.

10. <u>Preservation of Rights and Privileges</u>.  Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for productions of documents or questions at a deposition.  Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any

Confidential Information, or of any right which any party may have to assert such privilege at any state of this litigation.

11.  Return of Materials.  Withing forty-five (45) days after the final resolution of this litigation, all Confidential Information, including all copies, abstracts and/or summaries, shall be returned to counsel for the party that produced it or, if the producing party's counsel so requests, destroyed.  As to those materials that contain or reflect Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to the Protective Order.  Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information, so long as such Confidential Information, in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to a Protective Order.

12.  The inadvertent or unintentional disclosure by the producing party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the producing party shall within thirty (30) days designate such information as Confidential.  The obligation to treat such information as Confidential shall run prospectively from the date of designation.  Nothing contained within this paragraph prevents a

9

party from challenging such a designation of documents or information pursuant to the procedures contained in paragraph 8.

13. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

14. Any party or person who has been furnished with documents designated Confidential Information pursuant to this Order who receives a subpoena (or other process) from any person (including natural persons, coronations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks productions or to her disclosure of such Confidential Information, shall promptly and in any case by the close of the next business day give telephonic notice and written notice by overnight delivery or facsimile to counsel for the party who produced or designated the materials as confidential, identifying the material sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information that such Information is subject to this Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before (a) ten (10) days following the date on which notice is given or (b) the return date of the subpoena.

15. Non-parties who are obliged in this litigation to provide discovery by deposition, production of documents or otherwise, may request the protection of this Order as to said non-party's own Confidential Information. The provisions of this Order shall be binding on the non-party requesting the protection of this Order.

16. Upon the final resolution of this litigation, the provision of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

17. This Order is binding on all parties to this action and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

Dated: ~~December __, 2001~~ January 3, 2002

_____
United States ~~District Judge~~ Magistrate Judge

11

EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DAVID FRANKLIN,<br><br>          Plaintiff,<br><br>     - against -<br><br>PARKE-DAVIS, DIVISION OF<br>WARNER-LAMBERT COMPANY,<br><br>          Defendant. | Civil Action<br>No. 96-11651-PBS |

### CERTIFICATION

1.   My name is _____. I live at _____. I am employed as (state position) _____ by (state name and address of employer)_____.

2.   I have read the Protective Order (the ("Order") that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Order, and agree to comply with and to be bound by its provisions.

3.   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed this ___ day of _____, _____.

     _____