# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DAVID FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>PARKE-DAVIS, DIVISION OF WARNER-LAMBERT COMPANY,<br><br>Defendant. | No. 96-CV-11651-PBS |

**DISCOVERY ORDER**

February 6, 2002

Saris, U.S.D.J.

The Court rules on Relator's Motion for Reconsideration of the Magistrate Judge's Order dated December 12, 2001, as follows:

1. The Amended Complaint alleges claims for the period 1994 through 1998. That is the time frame for discovery.

2. The Amended Complaint alleges a nation-wide marketing scheme. Therefore, all documents in the possession, custody or control of Parke-Davis' headquarters relating to marketing, publication, business strategies, policies, initiatives, seminars, training, consultants' meetings or the like relating to Neurontin shall be produced, in addition to such documents from the Northeast Business Customer Unit. At least at this

point, a request for all documents in the possession, custody and control of each business or regional unit in every state and for documents relating to 3200 doctors seems overbroad.

3. In light of the ongoing criminal investigation, the Magistrate Judge's Order, ¶ 1c, relating to the sharing of documents with the United States Attorney, is not clearly erroneous. However, the government is entitled to copies of all pleadings and copies of all deposition transcripts. 31 U.S.C. § 3730(c)(3). If the government decides to intervene, the parties may revisit the issue.

4. The Court strikes the Magistrate Judge's Order, ¶ 1b, requiring the Relator to procure confidentiality agreements from state and federal officials when they obtain certain prescription information. However, the Court orders the Relator only to disclose "the identities of doctors to whom Parke-Davis marketed and the dates of their contacts" - as it has promised. (See Docket No. 145, p.5).

5. Otherwise, the Magistrate Judge's Order is affirmed as not contrary to law or clearly erroneous. The parties shall confer to narrow future disputes.

6. All responsive documents shall be produced forthwith.

2

    Any documents which are not immediately available shall be disclosed within 30 days.

7. The parties are sealing too many pleadings. Most of the information contained in the pleadings is not even arguably confidential. This Court must operate with a presumption of openness. Therefore, all sealed pleadings will be unsealed in 30 days unless a party submits sufficient justification to maintain the sealing at that time. From now on, no documents shall be filed under seal without an accompanying written justification. The parties should narrowly define what is to be sealed. If, for instance, only the attachment is confidential, only the attachment should be sealed.

                                /s/ Patti B. Saris
                            PATTI B. SARIS
                            United States District Judge