UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendants, Pfizer Inc., Parke-Davis, a Division of Warner-Lambert Company, and Warner-Lambert Company, submit this reply memorandum in further support of their motion, pursuant to the Court's directive and Rule 26(c) of the Federal Rules of Civil Procedure, for the entry of a Protective Order.

**Preliminary Statement**

When Defendants filed the motion for entry of a Protective Order, two issues were in dispute. One of the two – whether a party could assert confidentiality with respect to information in the possession of third parties – apparently has been resolved. Plaintiffs have proposed language as to that issue that is acceptable to Defendants. A re-draft of the proposed Protective Order reflecting the resolution of the issue is attached hereto as Exhibit A. The new language appears in paragraph 3(c).

The remaining issue in dispute is whether every one of the multitude of plaintiffs and plaintiffs' lawyers in these proceedings has an absolute right to use for any purpose any materials

(including documents and deposition testimony) that are provided by Defendants in discovery but that are not "Confidential" under the Protective Order's narrow definition of the term. According to Plaintiffs, they have this right. (Plaintiffs' Opposition to Defendant's Motion for Entry of Protective Order ("Opposition") at 4.) Defendants disagree, but nonetheless have proposed a compromise addressing Plaintiffs' concerns.

## Argument

### PLAINTIFFS IGNORE THE GOOD CAUSE FOR SOME RESTRICTION ON UNFETTERED USE OF DISCOVERY MATERIALS

A.   **The First Amendment Concerns Are Minimal**

With the exception of a decision by this Court in the Franklin matter, which was, as the Court knows, a very different case in a very different procedural posture, Plaintiffs cite no authority in support of their claim to a virtually absolute right to use for any purpose Defendants' non-Confidential information. They cite nothing in support of their premise that a plaintiff, by the device of an untested complaint, can force a defendant to disgorge information and then use the information for any purpose he sees fit.

As the Supreme Court has explained:

> At the outset, it is important to recognize the extent of the impairment of First Amendment rights that a protective order, such as the one at issue here, may cause. As in all civil litigation, petitioners gained the information they wish to disseminate only by virtue of the trial court's discovery processes. As the Rules authorizing discovery were adopted by the state legislature, the processes thereunder are a matter of legislative grace. A litigant has no First Amendment right of access to information made available only for purposes of trying his suit. . . . Thus, continued court control over the discovered information does not raise the same specter of government censorship that such control might suggest in other situations. . . .
>
> Moreover, pretrial depositions and interrogatories are not public components of a

> civil trial. Such proceedings were not open to the public at common law, . . . and, in general, they are conducted in private as a matter of modern practice. . . . Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.
>
> Finally, it is significant to note that an order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny. . . . As in this case, such a protective order prevents a party from disseminating only that information obtained through use of the discovery process. Thus, the party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes. In sum, judicial limitations on a party's ability to disseminate information discovered in advance of trial implicates the First Amendment rights of the restricted party to a far lesser extent than would restraints on dissemination of information in a different context.

Seattle Times Co. v. Rhinehart, 467 U.S. 20, 32-34 (1984). Because the constitutional concerns raised by a protective order barring the dissemination of materials obtained in discovery are not weighty, such an order may enter provided only that "(1) there is a showing of good cause as required by Rule 26(c); (2) the restriction is limited to the discovery context; and (3) the order does not restrict dissemination of information obtained from other sources." Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986).

**B.  Good Cause Exists**

The second and third prerequisites for the imposition of a protective order barring dissemination of discovery materials indisputably are met here, for only discovery materials are at issue, and, Plaintiffs' claim to the contrary notwithstanding, Defendants do not seek protection

for unprotected materials obtained from other sources.[1]  The question is, therefore, whether good cause for such an order exists.

Plaintiffs too narrowly define "good cause," suggesting that it exists only where information defined in Rule 26(c)(7) (e.g., trade secrets) is at issue.  "Good cause" is a broader concept.  Indeed, the numerous decisions upholding blanket or umbrella protective orders and recognizing that they "are becoming standard practice in complex cases . . .," United States, ex rel. Pogue v. Diabetes Treatment Centers of America, 2004 WL 2009414 *3 (D.D.C. May 17, 2004) (citations omitted), demonstrate its breadth:  If "good cause" existed only where the information defined in Rule 26(c)(7) is at issue, blanket protective orders would be unconstitutional, and they clearly are not.  See also United Nuclear Corp. v. Cranford Insurance Co., 905 F.2d 1424, 1427 (10th Cir. 1990), cert. denied, 489 U.S. 1073 (1991); cf. SRS Technologies, Inc. v. Physitron, Inc., 216 F.R.D. 525, 528-530 (N.D. Ala. 2003).  Thus, contrary to Plaintiffs' apparent view, good cause also exists where, for example, the protective order will "protect against annoyance, embarrassment or undue burden occasioned by the discovery."

---

[1]      Plaintiffs' suggestion that Defendants "wish to restrict dissemination of every document they produce in discovery, no matter how mundane or public . . ." (Opposition at 3) is simply not true.  Nor is their assertion that "Defendants' rationale for protection is merely a pretext to keep unflattering documents from coming to light." (Opposition at 4.)  Unsupported rhetoric of this sort is not helpful.

Plaintiffs' Opposition also repeats the demonstrably untrue claim that in Franklin, Defendants cavalierly designated a multitude of documents as Confidential. (Opposition at 4.)  To put this claim to its final rest, Defendants submit herewith as Exhibit B an Affidavit of James E. Murray.  Mr. Murray explains that (1) documents initially were produced in Franklin, before a protective order was entered, pursuant to the Court's instruction that they be for attorneys' eyes only, and were labeled accordingly, with every document stamped "Attorneys' Eyes Only – Confidential"; (2) after the Protective Order was entered, the documents were re-reviewed, with only a small percentage of the documents designated as Confidential pursuant to the Protective Order; (3) thereafter, the Relator challenged some of the confidentiality designations; (4) Magistrate Judge Cohen ruled against the Relator; and (5) the Court upheld Magistrate Judge Cohen's ruling.  In short, any accusation of over-designation is incorrect – the initial "Attorneys' Eyes Only – Confidential" designation was not pursuant to the Protective Order because it had not yet been entered.

Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993) ("Protective orders of various kinds are employed in civil cases, ranging from true blanket orders (everything is tentatively protected until otherwise ordered) to very narrow ones."). And good cause appears to exist "[w]hen the volume of potentially protected materials is large, [because] an umbrella order will expedite production, reduce costs, and avoid the burden on the court of a document-by-document adjudication." Manual for Complex Litigation (4th) § 11.432. Accordingly, good cause exists here.

**C.      A Balance Should Be Struck**

Plaintiffs never state how they intend to use Defendants' discovery materials. Instead, they seek a blanket order that would permit them to use Defendants' documents without restriction. Defendants nonetheless believe that a balance between their concerns and the interests of Plaintiffs can be struck.

Toward that end, Defendants are willing to modify paragraph 5 of the proposed Protective Order to address Plaintiffs' concerns. As modified, the order (a) excludes from its scope discovery materials that are already public; and (b) permits Plaintiffs to seek, through specific informal and formal procedures, the ability to disclose non-Confidential discovery materials where Defendants are unable to demonstrate good cause for continuing the protection of the material. This proposed approach would address the parties' respective concerns, promote the just and speedy resolution of this matter, and conserve party and judicial resources.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court enter a Protective Order in the form attached hereto.

Dated: January 6, 2005

PFIZER INC., et al.,

By their attorneys,

s/David B.Chaffin
David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

-and-

s/James P. Rouhandeh
James P. Rouhandeh
James E. Murray
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000