# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        )
In Re: NEURONTIN MARKETING AND          )   MDL NO. 1629
SALES PRACTICES LITIGATION              )
                                        )   CIVIL ACTION: No. 1:04-CV-10739-PBS
                                        )
**THIS DOCUMENT RELATES TO**            )   Judge Patti B. Saris
**ALL ACTIONS**                         )
                                        )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### AFFIDAVIT OF JAMES E. MURRAY IN SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER

STATE OF NEW YORK      )
                       : ss
COUNTY OF NEW YORK  )

JAMES E. MURRAY, being duly sworn, deposes and says:

1.      I am counsel at the firm of Davis Polk & Wardwell, attorneys for

Defendants in the above-captioned action.  I submit this affidavit in support of

Defendants' Motion for Entry of a Protective Order.

2.      I participated in, and am aware of, all phases of the designation of

documents as "Confidential" pursuant to the protective order in United States ex. rel.

Franklin v. Parke-Davis, a Division of Warner Lambert, No. 96-11651-PBS (D. Mass)

(the "Protective Order").

3.      The initial designation of documents produced by the Defendants in

Franklin as "Attorney's Eyes Only – Confidential" was done pursuant to the Court's

instructions, at the hearing on January 8, 2001, that all documents be provided on an

attorneys'-eyes-only basis to provide the Relator immediate access to the documents pending the resolution of any dispute over, and entry of, an appropriate protective order.

4.    The designation that appeared on the documents produced to the Relator in January and March 2001, therefore, was not a confidentiality designation pursuant to the Protective Order, but was instead an interim designation to comply with the Court's instructions.

5.    The documents were subsequently re-reviewed in order to designate certain of those documents as "Confidential" pursuant to and in accordance with Paragraph 2 of the Protective Order, a process which was completed in August 2002. Only a small percentage of those documents were designated as "Confidential."

6.    Prior to the re-review, attorneys at Davis Polk & Wardwell, including myself, met with employees of Defendant Pfizer and received instruction on what types of information, if disclosed, would lead to potential competitive harm, and which therefore were worthy of being categorized as "Confidential" under the terms of the Protective Order. Davis Polk attorneys also conducted legal research into the relevant case law and concluded that there was a sound legal basis for designating as "Confidential" the information identified by the Pfizer employees.

7.    On August 6, 2002, I submitted a Certification indicating that the designation was complete and had been undertaken in good faith.

8.    On October 25, 2002, the Relator filed a motion challenging certain of the confidentiality designations that had been completed in August 2002. In an Order dated November 19, 2002, Magistrate Judge Cohen denied Relator's motion, and ruled that the

2

confidentiality designations "were made in good faith and on the basis of sound business and marketing principles."  November 19 Order at ¶ 2.

9.    On June 19, 2003 Judge Saris upheld the ruling of Magistrate Judge Cohen.

By: _____
James E. Murray

Sworn to before me this
6th day of January, 2005.

_____
Notary Public

**ANDREA WHITTLETON**
**Notary Public, State of New York**
**No. 01WH6098950**
**Qualified in Kings County**
**Certified in Kings County**
**Commission Expires 09/22/0**

3