# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Neurontin Marketing and ) | |
| Sales Litigation ) | **MDL Docket No. 04-MDL-1629** |
| ) | **Case No. 1:04-cv-12625-PBS** |

---

## MOTION FOR APPOINTMENT OF TENNESSEE LEAD COUNSEL

---

NOW INTO COURT comes Bauda Vauda Lee Sutton, Plaintiff in a consumer class action in the United States District Court for the Eastern District of Tennessee against the Defendants titled *Sutton v. Pfizer, Inc., et al.,* E.D. TN, No. 2:04-CV-337, by and through counsel, and respectfully moves this Court for appointment of Gordon Ball, counsel for Ms. Sutton, as Tennessee Lead Counsel and a member of the Executive Committee for Plaintiffs in this action.  This motion is based upon the resume of Gordon Ball (Exhibit A) and the accompanying Memorandum of Law.

In further support thereof, Bauda Vauda Lee Sutton states as follows:

1.     Ms. Sutton is an individual who resides in Tennessee and is a member of the proposed class in this multi-district litigation, as well as the named plaintiff and representative of a proposed class of similarly situated Tennessee residents in her consumer class action filed on August 11, 2004 in the Circuit Court for Cocke County, Tennessee (attached as Exhibit B).  Ms. Sutton's case was removed to the United States District Court for the Eastern District of Tennessee on September 16, 2004 (Exhibit C).

The District Court stayed Ms. Sutton's Tennessee action on November 16, 2004 (Exhibit D).

2.      On October 26, 2004, the Judicial Panel on Multidistrict Litigation transferred 23 civil actions in this matter to the Honorable Patti B. Saris of this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  Ms. Sutton's Tennessee action was transferred to this MDL Court on December 7, 2004 (Exhibit E).

3.      Counsel for Ms. Sutton, Gordon Ball, should be appointed Tennessee lead counsel and a member of the Executive Committee for Plaintiffs to protect the interests of Tennessee consumers.  Mr. Ball is the most qualified, competent and experienced counsel for representing Tennessee consumers and for formulating and presenting positions on Tennessee substantive and procedural issues during the litigation.  His experience and qualifications are fully detailed in Exhibit A to this Motion.  Mr. Ball is qualified to present written and oral arguments and suggestions to the court, to work with opposing counsel and other states' lead counsel in developing and implementing a litigation plan, to initiate and organize discovery requests and responses, to conduct the principal examination of deponents, to employ experts, to arrange for support services, and to ensure that schedules are met.  Mr. Ball will fairly and equitably represent the interests of Tennessee consumers, and will assess a reasonable charge for services.

4.      Counsel for Ms. Sutton, Gordon Ball, fully understands that the responsibilities of Tennessee Lead Counsel and a member of the Executive Committee for Plaintiffs in this litigation would extend beyond the resolution of Ms. Sutton's involvement and include responsibilities to this Court and include an obligation to act

fairly, efficiently, and economically in the interests of all parties and their counsel. Mr. Ball also understands that serving as Tennessee Lead Counsel and a member of the Executive Committee for Plaintiffs will include an obligation to keep other attorneys representing class members advised of the progress of the litigation and to consult them about decisions significantly affecting their clients. Mr. Ball will not bind the group without specific authority, nor will he, without court authorization, allow settlement discussions to interfere with his responsibility to move the litigation to trial on schedule.

5.     The Tennessee complaint filed by Ms. Sutton alleges that Defendants' conduct is in violation of specific and unique Tennessee antitrust, consumer protection, and common laws. Her complaint seeks full consideration damages, actual damages, treble damages, and restitution individually for Tennessee indirect purchasers on a class-wide basis.

6.     Under Rule 23(c)(4)(A) of the Federal Rules of Civil Procedure, a class or sub-class may be certified for only certain issues or claims in the litigation. At the appropriate time, Ms. Sutton and her counsel will move this court to certify a class or sub-class of Tennessee consumers in this litigation. Such a certification will enable the Court to achieve further economies of class action treatment for the Tennessee class members, who assert specific and unique provisions of Tennessee law.

7.     Appointment of Ms. Sutton's counsel, Gordon Ball, as Tennessee lead counsel and a member of the Executive Committee for Plaintiffs in this action would avoid unnecessary duplication of efforts, control fees and expenses, and achieve efficiency and economy without jeopardizing fairness to Tennessee consumers and to the other parties in the litigation.

Respectfully submitted, this the 7th day of January, 2005.


                __/s/___//Gordon Ball//_____
                Gordon Ball
                Ball & Scott
                550 W. Main Avenue, Suite 750
                Knoxville, TN  37902

                *Attorney for Bauda Vauda Lee Sutton*

**CERTIFICATE OF SERVICE**

I, Gordon Ball, do hereby certify that a copy of the foregoing has been sent via U.S. Mail, sufficient postage prepaid, or through the United States District Court, District of Massachusetts CM/ECF electronic filing system, to the following:

[see attached service list]

This 7th day of January, 2005.

___/s/_//Gordon Ball//_____
Gordon Ball