UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**MEMORANDUM IN SUPPORT OF MOTION FOR
ENTRY OF PROPOSED CASE MANAGEMENT ORDER #2**

Defendants, Pfizer Inc., Parke-Davis, a Division of Warner-Lambert Company, Warner-Lambert Company, and Warner-Lambert Company LLC, submit this memorandum in support of their motion for entry of the Proposed Case Management Order #2 that is attached hereto as Exhibit A ("Defendants' CMO2").

**Introduction**

As the submission of separate proposals indicates, the parties have been unable to agree on the terms of a second case management order. It is not for lack of trying, as the parties exchanged drafts and held multiple phone calls in an attempt to resolve their differences.

At first blush, it would appear that Defendants' CMO2 is vastly different from the form of order that Plaintiffs want the Court to enter. In reality, only two issues divide the parties – (1) how a limited number of pre-trial activities should be sequenced and how long they should last, and (2) whether to impose restrictions and procedures above and beyond those that exist under

law, custom, and practice.

Defendants' proposed schedule is practical, logical, and fair. In contrast, Plaintiffs' proposal does not make adequate provision for class certification discovery and does not appropriately sequence expert discovery.

Plaintiffs also propose numerous restrictions and procedures that are unnecessary and that would needlessly complicate these already complicated proceedings. Defendants oppose cluttering this case and the case management order with a set of new rules in a field that is already fully occupied by the Federal Rules of Civil Procedure, the Local Rules, and extensive precedent.

## Argument

**A.    Defendants' Proposed Schedule Is Practical, Logical, And Fair**

The chart that follows sets forth Defendants' view with respect to how the case should proceed. It combines the existing schedule for the briefing of the motions to dismiss with the schedule set forth in Defendants' CMO2.[1]

| Event | Deadline |
| --- | --- |
| Filing of Motions to Dismiss Complaints | March 17, 2005 |
| Filing of Oppositions to Motions to Dismiss | April 15, 2005 |
| Filing of Replies to Oppositions to Motions to Dismiss | May 2, 2005 |
| Filing of Sur-Reply (if any) | May 16, 2005 |
| Service of Initial Disclosures | May 16, 2005 |

---

[1] To assist the Court in comparing the competing proposals as to schedule, a chart that contains Defendants and Plaintiffs' proposed deadlines is attached hereto as Exhibit B.

| | |
|---|---|
| Filing of Motion for Class Certification | August 1, 2005 |
| End of Class Discovery | October 17, 2005 |
| Filing of Opposition to Motion for Class Certification | November 1, 2005 |
| Filing of Reply | November 15, 2005 |
| Filing of Sur-reply (if any) | December 1, 2005 |
| Provision of Plaintiffs' Expert Reports | December 15, 2005 |
| Provision of Defendants' Expert Reports | February 1, 2006 |
| Provision of Expert Rebuttal Reports, if any | March 1, 2006 |
| End of Fact and Expert Discovery | May 1, 2006 |
| Filing of Motions for Summary Judgment | June 1, 2006 |
| Filing of Oppositions to Motions for Summary Judgment | June 30, 2006 |
| Filing of Replies to Oppositions to Motions for Summary Judgment | July 17, 2006 |

Plaintiffs seek to require initial disclosures at too early a date. Defendants' proposed schedule, in contrast, would have the parties focus in the near term on the forthcoming motions to dismiss the two 100+-page complaints, with initial disclosures to occur as soon as briefing is complete on those motions. Plaintiffs would prefer that initial disclosures occur while Defendants are preparing their motions to dismiss. There is simply no need to require initial disclosures now, especially given that tens of thousands of documents from the Franklin matter are already in the possession of Plaintiffs.

Under Defendants' proposal, the summer and fall would be devoted to class certification motion practice and related discovery. Defendants believe that given the importance of the class certification issue in this litigation, there must be adequate time for class discovery and briefing. Plaintiffs have proposed a July 1 deadline for the filing of their motion for class certification,

which would cut the class discovery period proposed by Defendants in half. This would be insufficient time for discovery.

In addition, Defendants would prefer that the filing of the motion for class certification be followed by an adequate period during which discovery as to the issues the motion raises may be conducted. In view of the claims Plaintiffs assert, the issues the certification motion raises will be complex. Defendants respectfully seek, therefore, sufficient time for discovery on these issues after they have been crystalized via Plaintiffs' motion. Plaintiffs want Defendants to have very little time to conduct class certification discovery after the motion is filed. This approach would create a risk of wasteful, un-targeted class certification discovery before the motion is filed and a risk of an inadequate record.

Under Defendants and Plaintiffs' proposals, 2006 would be devoted to expert disclosures, the completion of fact discovery, expert discovery, and summary judgment proceedings. The parties differ, however, with respect to how expert disclosures should be sequenced. Defendants believe that Plaintiffs should disclose first, because they bear the burden of proof. Plaintiffs want the parties to disclose simultaneously. Defendants are unaware of any principled basis for Plaintiffs' position.

**B.  The Additional Requirements And Procedures
    Plaintiffs Propose Are Unnecessary And Unfair**

As noted, Plaintiffs ask that the Court impose numerous additional restrictions and procedures. Defendants see no need for them, for the reasons summarized below.

| Category of Proposed Restriction/Procedures | Section of Plaintiffs' Proposed Second CMO | Basis for Objection |
|---|---|---|
| Preservation of Evidence | III.A. | Given extensive case law requiring preservation of evidence, unnecessary; given vague and broad provisions of proposal, burdensome, oppressive, and risky |
| Indexing | III.B.1. | Given lack of any such requirement in any rules, burdensome and oppressive; given fact that Plaintiffs already have documents produced in Franklin v. Warner-Lambert Company, and likelihood of parties preparing own indexes in any event, unnecessary |
| Authentication/Admissibility | III.B.3.[2] | Given comprehensive rules of procedure and evidence, unnecessary; given extensive obligations under proposal that do not exist under any law or rule, burdensome and oppressive |
| Contention Interrogatories, Depositions, Automatic Supplementation, Privilege, Failure to Disclose | III.C - III.F. | Given comprehensive rules governing and case law concerning such discovery devices, events, and obligations concerning privilege, unnecessary; given conflicts between proposal and settled law, confusing and risky |

---

[2] Defendants do not object to Section II.B.5. of Plantiffs' proposal, provided it does not exempt the production in this case of documents obtained by Relator from non-parties in Franklin.

5

**Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court enter the Proposed Case Management #2 that is attached hereto as Exhibit A.

Dated: February 18, 2005              PFIZER INC., et al.,


                                      By their attorneys,


                                      s/James P. Rouhandeh
                                      James P. Rouhandeh
                                      James E. Murray
                                      DAVIS POLK & WARDWELL
                                      450 Lexington Avenue
                                      New York, New York 10017
                                      (212) 450-4000

                                      -and-

                                      s/David B.Chaffin
                                      David B. Chaffin
                                      BBO No. 549245
                                      HARE & CHAFFIN
                                      160 Federal Street
                                      Boston, Massachusetts 02110
                                      (617) 330-5000

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION ) ) ) ) | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS ) ) ) | Judge Patti B. Saris |

**PROPOSED CASE MANAGEMENT ORDER # 2**

Pursuant to the Federal Rules of Civil Procedure, and by agreement of the parties, the Court finds that entry of this Order is necessary for the just and more expeditious and efficient resolution of the above-captioned case, MDL 1629, *In Re Neurontin Marketing and Sales Practices Litigation.*

1

## I. **SCHEDULE**

The case shall be conducted according to the schedule set forth herein[1]:

| Event | Date |
|---|---|
| Filing of Motions to Dismiss Complaints | March 17, 2005 |
| Filing of Oppositions to Motions to Dismiss | April 15, 2005 |
| Filing of Replies to Oppositions to Motions to Dismiss | May 2, 2005 |
| Filing of Sur-replies (if any) | May 16, 2005 |
| Service of Initial Disclosures | May 16, 2005 |
| Filing of Motion for Class Certification | August 1, 2005 |
| End of Class Discovery | October 17, 2005 |
| Filing of Opposition to Motion for Class Certification | November 1, 2005 |
| Filing of Reply | November 15, 2005 |
| Filing of Sur-reply (if any) | December 1, 2005 |
| Provision of Plaintiffs' Expert Reports | December 15, 2005 |
| Provision of Defendants' Expert Reports | February 1, 2006 |
| Provision of Expert Rebuttal Reports, if any | March 1, 2006 |
| End of Fact and Expert Discovery | May 1, 2006 |
| Filing of Motions for Summary Judgment | June 1, 2006 |
| Filing of Oppositions to Motions for Summary Judgment | June 30, 2006 |
| Filing of Replies to Oppositions to Motions for Summary Judgment | July 17, 2006 |

---

[1] The Court has already entered the dates for the briefing of the motion to dismiss. The dates are included herein for ease of reference.

II. **DISCOVERY AND DOCUMENTS**

    A. **Maintenance of Documents**

    All parties acknowledge their responsibilities to take reasonable steps to comply with the law regarding preservation of documents.

    B. **Legibility of Documents**

    Each producing party shall take reasonable steps to assure that the copies of the documents it produces are legible. To the extent a producing party cannot or does not produce a legible copy, it shall make the original document(s) available for inspection and copying.

    C. **Electronic Format**

    Any documents available in an electronic format shall be provided in a usable electronic format. If issues regarding compatibility of computer systems and software arise, the parties shall confer to resolve the matters.

    D. **Limits On Discovery Events**

    The Discovery Event Limitations set forth in Local Rule 26.1 shall not apply. The limitation on the duration of a deposition under Rule 30(d)(2) of the Federal Rules of Civil Procedure shall apply.

    E. **Depositions**

    A party may record a deposition by videotape pursuant to Fed. R. Civ. P. 30(b)(2) and (3). The party's intention to record the deposition by videotape must be indicated in the written notice of the deposition pursuant to Fed. R. Civ. P. 30(b)(2). The parties shall negotiate in advance in writing the ground rules for the videotaping.

### III. **FILINGS**

All memoranda in support of or in opposition to the motion for class certification or a motion for summary judgment shall comply with the 20-page limit set forth in the Local Rules unless leave to file an oversized memorandum is obtained from the Court in advance of filing.

**SO ORDERED:**

                                                              _____
                                                              Hon. Patti B. Saris
                                                              United States District Judge

Dated: _____

# EXHIBIT B

# EXHIBIT B

## COMPARISON OF PROPOSED SCHEDULES

| Event/Deadline | Defendants' Proposal | Plaintiffs' Proposal |
|---|---|---|
| Filing of Motions to Dismiss Complaints | March 17, 2005 | Same |
| Filing of Oppositions to Motions to Dismiss | April 15, 2005 | Same |
| Filing of Replies to Oppositions to Motions to Dismiss | May 2, 2005 | April 29, 2005 |
| Filing of Sur-Replies (if any) | May 16, 2005 | Same |
| Service of Initial Disclosures | May 16, 2005 | March 31, 2005[1] |
| Filing of Motion for Class Certification | August 1, 2005 | July 1, 2005 |
| End of Class Discovery | October 17, 2005 | Undefined, but before opposition to motion for certification is due |
| Filing of Opposition to Motion for Class Certification | November 1, 2005 | August 1, 2005 |
| Filing of Reply | November 15, 2005 | August 16, 2005 |
| Filing of Sur-reply (if any) | December 1, 2005 | None permitted |
| Provision of Plaintiffs' Expert Reports | December 15, 2005 | March 1, 2006[2] |
| Provision of Defendants' Expert Reports | February 1, 2006 | March 1, 2006[3] |
| Provision of Expert Rebuttal Reports, if any | March 1, 2006 | May 1, 2006 |
| End of Fact and Expert Discovery | May 1, 2006 | June 1, 2006, but expert discovery only |

---

[1] Plaintiffs' proposal calls for discovery to begin on March 1, 2005, one month before the service of initial disclosures.

[2] Plaintiffs' proposal has fact discovery closing on February 1, 2006.

[3] Plaintiffs' proposal permits expert depositions to begin on March 15, 2006

| | | |
|---|---|---|
| Filing of Motions for Summary Judgment | June 1, 2006 | July 1, 2006 |
| Filing of Oppositions to Motions for Summary Judgment | June 30, 2006 | August 1, 2006 |
| Filing of Replies to Oppositions to Motions for Summary Judgment | July 17, 2006 | August 15, 2006[4] |

---

[4] Plaintiffs' proposal contains dates for the filing of "Pre-Trial Orders," the Pre-Trial Conference, and Trial. Even assuming the cases are to be tried here, whether to set these dates and how is, in Defendants' view, up to the Court.