UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                          )
IN RE NEURONTIN MARKETING AND        )        MDL Docket No. 1629
SALES PRACTICES LITIGATION                   )
_____)        Master File No. 04-10981
                                                          )
THIS DOCUMENT RELATES TO:              )        Judge Patti B. Saris
ALL ACTIONS                                          )
_____)

## PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT

The Plaintiffs' Steering Committee respectfully submits this Case Management Conference Statement in support of Plaintiffs' Proposed Case Management Order #2. Several telephone conferences have been held between Plaintiffs and Defendants in an effort to reach agreement on the terms of a scheduling order and related matters. While the parties have narrowed their differences substantially, they have not been able to reach complete agreement on a schedule, or on a number of other matters, making the filing of a joint proposed order impracticable. Accordingly, the parties have agreed to submit separate orders for the Court's consideration at the February 24, 2005 case management conference. The areas of disagreement are identified and discussed briefly below.

## I.   SCHEDULE

In keeping with the Court's statement at the November 23, 2004 case management conference that discovery would not be stayed pending motions to dismiss, Plaintiffs propose that fact discovery commence on March 1, 2005, with initial disclosures due on March 31, 2005 (*i.e.*, at the same time as responses to any document requests served on March 1). Defendants

propose that no discovery or initial disclosures take place until after their motions to dismiss are fully-briefed on May 16, 2005, so that the parties may focus exclusively on the briefing.

Plaintiffs propose to file their class certification motion on or before July 1, 2005, with opposition thereto due 30 days thereafter.  Defendants propose that plaintiffs be required to defer filing their class certification motion until August 1, 2005, and that Defendants be given two and a half months thereafter to conduct additional class discovery, and three months to file their opposition.

Under Plaintiffs' proposal, Defendants would have five months to conduct class discovery -- from the commencement of discovery on March 1, 2005 until the filing of their opposition to class certification on August 1, 2005.  Defendants propose that they be given approximately the same five month period to conduct class discovery, but that discovery not begin until May 16, and continue for two-and-a-half months after the class certification motion is filed.  Defendants' proposal turns standard practice on its head.  Class discovery should ordinarily be completed before the motion is filed, not begin in earnest thereafter.

Defendants would prefer that the Court not set a trial date at this time.  Plaintiffs believe that a trial date of October 1, 2006 is reasonable and should also be set at this time, with associated deadlines for a pre-trial order and a pre-trial conference.[1]

## II.   OTHER MATTERS

In addition to a proposed schedule, Plaintiffs respectfully request that the Court make certain additional orders to facilitate the orderly conduct of the litigation.

---

[1] Plaintiffs reserve the right to seek an earlier trial, should discovery be completed ahead of schedule.

### A.    <u>Preservation of Evidence</u>

The parties agree that they have a duty to preserve potentially relevant evidence. Defendants prefer a simple statement of this fact, without elaboration, while Plaintiffs propose a more detailed provision.

### B.    <u>Indexing of Documents</u>

Plaintiffs anticipate that Defendants' document production(s) will be voluminous, comprising dozens, if not hundreds, of boxes.[2]  Plaintiffs do not propose that Defendants be required to provide them with a document-by-document index, but with a simple listing of the source and type of documents contained in each box, so that Plaintiffs do not find themselves in a room full of identical looking boxes with no guide.  This would impose no burden at all on the Defendants, who will undoubtedly produce a more detailed index for their own use prior to making the production.

### C.    <u>Authentication of Documents</u>

Plaintiffs respectfully submit that any document produced by a party should be deemed authentic and a record of regularly conducted business activity, absent a statement by the producing party articulating a good faith basis for the belief that the document is not authentic and/or a business record.  It would consume an enormous amount of deposition time to lay foundation for the hundreds of thousands (or millions) of documents produced by Defendants in *Franklin* and in this proceeding.  Nor is it reasonable to expect the parties to be able to determine at the outset of the case which subset of documents they may wish to use at trial or summary judgment.  It would be an enormous waste of attorney and witness time, and expense, to require

---

[2] As discussed with the Court at the November 23, 2004 case management conference, Defendants' production of documents in the *Franklin* case was limited in both time (1998 and earlier) and geographic scope (including only one of Defendants' five regional Customer Business Units, or "CBUs").

the parties to lay foundation for every document they *may* wish to use at trial as witnesses are deposed, and any oversight (or sparing of the witness) in this regard would invite a strategic objection by the opposing party, after the deposition is concluded or discovery is closed, without any good faith basis for the objection.  The producing party is in the best position to know whether there is any good faith basis for such an objection, and they should be required to articulate that objection to preserve it, placing the receiving party on notice that foundation must be laid, so that this can be done in a timely and efficient manner.

> **D.**      **Limits on Discovery**

Defendants propose that depositions be limited to a single day.  Given the complexity of the case, and the number of documents involved, Plaintiffs propose that depositions be limited to two days, absent an order of the Court, and that depositions of corporate parties pursuant to Rule 30(b)(6) not be subject to any prior limitation.

Plaintiffs further propose that no party be required to produce in its initial disclosures or in response to any document request documents already produced in the related *qui tam* action. While Plaintiffs agree that interrogatories seeking the identity of witnesses are proper, Plaintiffs propose that contention interrogatories not be served, as they are generally unproductive.

> **E.**      **Supplementation of Responses**

Federal Rule of Civil Procedure 26(e) requires that initial disclosures and responses to discovery requests be supplemented "at appropriate intervals."  Plaintiffs respectfully request that this interval be fixed at every 90 days.

> **F.**      **Assertion of Privilege**

While Federal Rule of Civil Procedure 26(b)(5) requires parties claiming a privilege to provide a factual basis therefore, it provides little guidance as to what constitutes sufficient information.  Plaintiffs' proposal describes with particularity the required contents of an acceptable privilege log.  Plaintiffs would also prohibit a party from withholding on privilege grounds any document determined to be non-privileged in related litigation.

       **G.**       **Appointment of Magistrate Judge or Special Master**

Finally, at the November 23, 2004 case management conference, the Court indicated that it would appoint a Magistrate Judge or Special Master to handle discovery disputes in these cases.  With discovery hopefully about to commence, Plaintiffs respectfully suggest that the Court may wish to take this matter up at the forthcoming case management conference.


Dated:  February 18, 2005                       Respectfully Submitted,

                                   By:      **/s/ Thomas M. Sobol**
Thomas M. Sobol
Hagens Berman, LLP
One Main Street, 4th Floor
Cambridge, MA 02142

**Plaintiffs' Liaison Counsel**

                                   By:      **/s/ Don Barrett**
Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

                                   By:      **/s/ Daniel Becnel**
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By: **/s/ James R. Dugan, II**
James R. Dugan, II, Esquire
Dugan & Browne, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

By: **/s/ Thomas Greene**
Thomas Greene, Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

By: **/s/ Barry Himmelstein**
Barry Himmelstein, Esquire
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

**Members of the Class Plaintiffs'
Steering Committee**

By: **/s/ Richard Cohen**
Richard Cohen, Esquire
Lowey Dannenberg Bemporad
& Selinger, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY 10601

By: **/s/ Linda P. Nussbaum**
Linda P. Nussbaum, Esquire
Cohen Milstein Hausfeld & Toll
150 East 52nd Street
Thirteenth Floor
New York, NY 10022

**Members of the Plaintiffs' Non-Class
Steering Committee**

7