UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
|  | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**[PLAINTIFFS' PROPOSED] CASE MANAGEMENT ORDER # 2**

Pursuant to the Federal Rules of Civil Procedure, the Court finds that entry of this Order is necessary for the just and efficient resolution of the above-captioned cases, MDL 1629, *In Re Neurontin Marketing and Sales Practices Litigation*. This order shall also apply to related cases later filed in, removed to, or transferred to this Court.

**I.   SCHEDULE**

The litigation shall be conducted according to the schedule of events set forth herein[1]:

| Date | Event |
|---|---|
| 03-01-2005 | Fact Discovery Commences |
| 03-17-2005 | Filing of Motions to Dismiss Complaints |
| 03-31-2005 | Service of Initial Disclosures Pursuant to FRCP 26(a)(1) |
| 04-15-2005 | Filing of Oppositions to Motions to Dismiss |
| 05-02-2005 | Filing of Replies to Oppositions to Motions to Dismiss |
| 05-16-2005 | Filing of Sur-replies (if any) to Defendants' Replies on Motions to Dismiss |
| 07-01-2005 | Deadline for Filing of Motion for Class Certification |

---

[1] The Court has already ordered the dates for the briefing of the motions to dismiss. The dates are included herein for ease of reference.

382866.1                                                      1

| | |
|---|---|
| 08-01-2005 | Filing of Opposition to Motion for Class Certification |
| 08-16-2005 | Filing of Reply to Opposition to Motion for Class Certification |
| 02-01-2006 | Fact Discovery Ends |
| 03-01-2006 | Plaintiffs' Disclosure of Expert Witnesses and Reports Pursuant to FRCP 26(a)(2) |
| 03-15-2006 | Depositions of Expert Witnesses May Commence |
| 03-31-2006 | Defendants' Disclosure of Expert Witnesses and Reports Pursuant to FRCP 26(a)(2) |
| 05-01-2006 | Plaintiffs' Disclosure of Any Rebuttal Experts and Reports Pursuant to FRCP 26(a)(2) |
| 06-01-2006 | Fact and Expert Discovery Ends |
| 07-01-2006 | Filing of Motions for Summary Judgment |
| 08-01-2006 | Filing of Oppositions to Motions for Summary Judgment |
| 08-15-2006 | Filing of Replies to Oppositions to Motions for Summary Judgment |
| 09-01-2006 | Filing of Joint Pre-trial Order |
| 09-15-2006 | Pre-Trial Conference |
| 10-01-2006 | Trial Begins |

## II.    FILING AND SERVICE OF DOCUMENTS

Within ten (10) days of the date of this order, counsel for any party desiring to receive service of documents filed with the Court shall register for participation in the Court's Internet-based Electronic Case Files (ECF) system. Unless otherwise directed by the Court, all documents required to be filed with the Court shall be filed and served exclusively through the ECF system, in accordance with the Court's Electronic Case Filing Administrative Procedures. Except as the parties may otherwise agree among themselves, paper copies of documents filed with the Court need not be served on any party. Discovery requests, responses thereto, and other pleadings not required to be filed with the Court shall be served on Defendant's counsel,

Plaintiffs' Liaison Counsel, and any other party entitled to service pursuant to Section III.C.2. of the Court's December 16, 2004 Corrected Case Management Order by overnight delivery, or such other method(s) of service as the affected parties may agree among themselves.

### III.     DISCOVERY AND DOCUMENTS

    A.     **Preservation of Evidence**

        1.     **Scope**

During the pendency of this litigation, and for 60 days after entry of a final order closing all cases, each of the parties herein and their respective officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from altering, interlining, destroying, or permitting the destruction of any "document" in the actual or constructive care, custody or control of such person, wherever such document is physically located. This order applies to tangible things and documents containing information potentially relevant to the subject matter of this litigation. Any tangible thing, document, or information described or referred to in any discovery request or response made during this litigation shall, from the time of the request or response be treated for purposes of this order as containing potentially relevant information unless and until the court rules such information to be irrelevant.

"Document" shall mean any writing, drawing, film, videotape, chart, photograph, phonograph record, tape record, retrievable date (whether carded, taped, coded, electrostatically or electromagnetically recorded, or otherwise), or other date compilation from which information can be obtained, including but not limited to, notices, memoranda, diaries, minutes, purchase records, purchase invoices, market data, correspondence, emails, computer storage tapes,

computer storage cards or discs, books, journals, ledgers, statements, reports, invoices, bills, vouchers, worksheets, jottings, notes, letters, abstracts, audits, charts, checks, diagrams, drafts, recordings, instructions, lists, logs, orders, recitals, transcripts, telegram messages, telephone bills and logs, resumes, summaries, compilations, computations, and other formal and informal writings or tangible preservations of information.

        2.        **Preservation**

Each party and their respective officers, agents, servants, employees, attorneys and others in active concert or participation with the parties shall preserve all devices, tangible things, documents, and other records. Preservation includes the obligation not to alter any such thing as to its form, content, manner of filing, or location, except to facilitate compilation, review, or production pursuant to court ordered discovery.

Before any potentially relevant devices, tangible things, documents, and other records are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to the court for clarification or relief from this order upon reasonable notice. A party, which, within 10 days after receiving written notice from another party that specified tangible things or documents will be destroyed, lost, or otherwise altered pursuant to routine policies and programs, fails to indicate in writing its objection shall be deemed to have agreed to such destruction.

        B.        **Documents**

        1.        **Indexing**

Each producing party shall prepare an inventory covering all of the documents produced. The inventory shall reasonably describe, given the time constraints and the volume of documents to be inventoried, the contents of each banker's box or similar unit of documents. If the

producing party already has an index or inventory to some or all of the documents produced (an "existing index"), the inventory may consist (in whole or in part) of this existing index so long as it meets the criteria described in this paragraph. The inventory shall include any identifying number already on such box or similar unit. Each inventory shall also list the persons responsible for the preparation of the inventory.

The inventories are intended to permit the parties to make a general determination of the existence or location of particular categories of documents. Each inventory shall contain a statement, under penalty of perjury, that the party has made a good faith effort to assure that the inventory matches the documents delivered by that party.

### 2. Legibility of Documents

Each producing party shall take reasonable steps to assure that the copies of the documents it produces are legible. To the extent a producing party cannot or does not produce a legible copy, it shall make the original document(s) available for inspection and copying.

### 3. Authentication

Documents produced whether as part of the initial disclosures, in response to formal document requests, or by agreement, shall by reason of such production be deemed to be authentic documents under Federal Rule of Civil Procedure 901 and to qualify as records of regularly conducted business activities under Federal Rule of Civil Procedure 803(5) unless at the time of production, or within fifteen days thereafter, the producing party specifies that a document is or may not be authentic or is or may not be a record of regularly conducted business activity. All such specifications shall identify the document with particularity and briefly indicate the basis or reason for the belief that the document is or may not be authentic or a business record.

    **4.**    **Electronic Format**

Any document available in an electronic format shall be so provided in that format, i.e. in an identical, usable electronic format. If issues regarding compatibility of computer systems and software arise, the producing parties shall confer to resolve the issues.

    **5.**    **Documents Produced In *Qui Tam* Action**

A party will not be required to produce in its initial disclosures or in response to any document request any document produced in the civil action *United States of America ex rel. David Franklin v. Parke-Davis, et al.*, C.A. No. 96-11651-PBS (D. Mass.).

    **C.**    **Limits On Discovery**

The Discovery Event Limitations set forth in Local Rule 26.1 shall not apply. The limit on the number of interrogatories set forth in Federal Rule of Civil Procedure 33(a) shall not apply. While interrogatories seeking the identity of potential fact witnesses may be served, contention interrogatories shall not be served.

The limit on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2)(A) shall not apply. Unless otherwise authorized by the Court or stipulated by the parties, depositions shall be limited to two (2) business days of seven (7) hours each, except for depositions of entities taken pursuant to Rule 30(b)(6), which shall not be subject to any prior limitation.

    **D.**    **Supplementation of Responses**

The supplementation of responses required by Federal Rule of Civil Procedure 26(e) shall be made by the parties ninety days from the date of the initial disclosures, and every ninety days thereafter.

    **E.**    **Assertion of Privilege**

**1.     Attorney-Client Privilege**

A party who invokes the attorney-client privilege also must provide to the opposing party the following information for each document or communication not disclosed, to the extent that providing this information will not destroy the privilege:

(a)     The name and job title or capacity of the author(s) originator(s);

(b)     The name and job title or capacity of every person who received the document or a copy of it, or who was present when the communication was made or who overheard it;

(c)     The relationship between the author(s)/originator(s) and each person who received the document or a copy of it, or who was present when the communication was made or who overheard it;

(d)     whether the primary purpose of the document or communication was to seek or provide legal advice or services;

(e)     The date of the document or communication;

(f)     The subject matter(s) addressed in the document or communication;

(g)     Whether the document or communication was transmitted in confidence; and

(h)     A brief statement as to why, under the law, the document or communication is protected by the attorney-client privilege.

**2.     Attorney Work Product Doctrine and Other Privileges**

A party who invokes the attorney work product doctrine or a privilege other than the attorney-client privilege must provide to the opposing party the following information for

each document or communication not disclosed, to the extent that providing this information will not destroy the privilege:

    (a)    Which doctrine or privilege the party is relying on;

    (b)    Whether federal or state law of privilege applies to the documents or communications in question, and, if state law applies, which state;

    (c)    A list of every requirement or element that must be satisfied in order to assert successfully the privilege or doctrine, with citation to legal authorities supporting the list of elements presented; and

    (d)    With respect to each document or communication for which the doctrine or privilege is invoked, information that shows that each element of the doctrine or privilege is satisfied.

### 3. Timing

The information specified in subsections 1 and 2 above shall be provided contemporaneously with the service of the response to the discovery probe or the production of documents.

### 4. Exempted Documents

Documents which were created or generated subsequent to April 13, 2004 and which are privileged as communications or work product relating directly to this litigation need not be identified under this section.

### 5. Prior Production

If any court presiding over related litigation pending in another jurisdiction has ordered the production of any document initially withheld as privileged and/or protected by the attorney

work product doctrine, the document shall not be withheld on the same ground(s) in these proceedings.

    **F.**    **Failure to Disclose**

A party's failure to either produce or identify as withheld pursuant to privilege a relevant document will be viewed by the court as a serious infraction of its orders, justifying appropriate sanctions unless exceptional circumstances justify its failure. Upon learning that there are any additional relevant documents which have not been produced or identified, a party is under an obligation to promptly make known the existence of the documents, including the reason for its failure, and submit the documents to the opposing party, or if withheld under a claim of privilege or protection, identify the documents.

Dated: February 18, 2005

Respectfully Submitted,

By:    **/s/ Thomas M. Sobol**
    Thomas M. Sobol
    Hagens Berman, LLP
    One Main Street, 4th Floor
    Cambridge, MA 02142

**Plaintiffs' Liaison Counsel**

By:    **/s/ Don Barrett**
    Don Barrett, Esquire
    Barrett Law Office
    404 Court Square North
    P.O. Box 987
    Lexington, MS 39095

By:    **/s/ Daniel Becnel**
    Daniel Becnel, Jr., Esquire
    Law Offices of Daniel Becnel, Jr.
    106 W. Seventh Street
    P.O. Drawer H
    Reserve, LA 70084

By: **/s/ James R. Dugan, II**
James R. Dugan, II, Esquire
Dugan & Browne, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

By: **/s/ Thomas Greene**
Thomas Greene, Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

By: **/s/ Barry Himmelstein**
Barry Himmelstein, Esquire
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

**Members of the Class Plaintiffs'
Steering Committee**

By: **/s/ Richard Cohen**
Richard Cohen, Esquire
Lowey Dannenberg Bemporad
& Selinger, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY 10601

By: **/s/ Linda P. Nussbaum**
Linda P. Nussbaum, Esquire
Cohen Milstein Hausfeld & Toll
150 East 52nd Street
Thirteenth Floor
New York, NY 10022

**Members of the Plaintiffs' Non-Class
Steering Committee**

**SO ORDERED:**

                                                                               _____
                                                                               Hon. Patti B. Saris
                                                                               United States District Judge

Dated: _____

382866.1                                      12