UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------- x
In re:   NEURONTIN MARKETING AND          : MDL Docket No. 1629
         SALES PRACTICES LITIGATION       :
                                          : Master File No. 04-10981
---------------------------------------------------- x
                                          : Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                 :
                                          :
---------------------------------------------------- x
                                          :
ASSURANT HEALTH, INC., et al. v. PFIZER INC., et al., :
Docket No. 05-10535- PBS                  :
                                          :
---------------------------------------------------- X

**DECLARATION OF DAVID B. CHAFFIN IN SUPPORT
OF EMERGENCY MOTION FOR STAY OR, IN THE
ALTERNATIVE, FOR ENLARGEMENT OF TIME**

I, David B. Chaffin, state, under the penalties of perjury:

1.  I am a member of the bar of this Court and am co-counsel to Defendants Pfizer Inc. and Warner-Lambert Company ("Defendants"). I make this declaration in support of Defendants' emergency motion to stay all proceedings in the tag-along action entitled <u>Assurant Health, Inc., et al. v. Pfizer Inc.</u>, Docket No. 05- 10535- PBS ("<u>Assurant</u>") or, in the alternative, for an enlargement <u>sine die</u> of the time within which Defendants must answer, move, or otherwise respond to the Complaint in <u>Assurant</u>.

2.  Attached hereto as Exhibit A is a true and correct copy of the Complaint in <u>Assurant</u>.

3.  Attached hereto as Exhibit B is a true and correct copy of the Memorandum in Support of Defendants' Motion to Stay the Neurontin Antitrust Actions Pending Resolution of the Underlying Patent Infringement Litigations that was filed in <u>In re Neurontin Antitrust Litigation</u>, MDL Docket No. 1479 (the "Neurontin Antitrust Litigation").

4. Attached hereto as Exhibit C is a true and correct copy of an Order that was entered on November 1, 2002, in the Neurontin Antitrust Litigation.

5. Attached hereto as Exhibit D is a true and correct copy of a letter, dated January 11, 2005, from counsel for Defendants to the Clerk of the Judicial Panel on Multidistrict Litigation ("JPML").

6. Attached hereto as Exhibit E is a true and correct copy of the JPML's February 8, 2005 Conditional Transfer Order ("CTO").

7. Attached hereto as Exhibit F is a true and correct copy of the JPML's March 15, 2005 Order Lifting Stay of Conditional Transfer Order.

8. Attached hereto as Exhibit G is a true and correct copy of a March 16, 2005 letter from counsel for the plaintiffs in Assurant to the Clerk of the JPML.

9. Attached hereto as Exhibit H is a true and correct copy of a March 15, 2005 Order by United States Magistrate Judge Madeline C. Arleo.

10. Based on the history of this case, the discussion at the first conference, the terms of the first Case Management Order ("CMO"), and common sense, Defendants believe that the Court's intention was that the pleadings filed last month pursuant to the re-pleading provisions of the first CMO would be the only complaints on which this case would proceed. Indeed, Defendants' belief is that the first CMO was intended to preclude the fracturing and complication of these proceedings via the pursuit of tag-along actions on a separate basis, and that it places the burden on plaintiffs to seek relief from that intention from the Court.

11. On March 24, 2005, Debbie MacGregor of Davis Polk & Wardwell and I conferred with Mark Ireland, who is co-counsel for the plaintiffs in Assurant. Ms. MacGregor and I advised Mr. Ireland that (1) in Defendants' view, all claims in this case are to proceed on a

coordinated and consolidated basis solely via the amended complaints that were filed last month, (2) we suspected that Assurant's counsel believe otherwise and would expect a response to the Complaint today, and (3) Mr. Rouhandeh, Defendants' lead counsel, is on vacation. Mr. Ireland confirmed our suspicion that the plaintiffs in <u>Assurant</u> will seek to proceed separately on their own Complaint (or amended complaint). Ms. MacGregor and I asked Mr. Ireland to postpone the putative response date to a date after Mr. Rouhandeh's return from vacation, to ensure his participation in discussions concerning, among other things, the necessity and form of response. While Mr. Ireland agreed to an enlargement, we were unable to agree on the content of an assented-to motion for the enlargement.

        SIGNED UNDER THE PENALITES OF PERJURY

        THIS 25TH DAY OF MARCH 2005

        _____
        David B. Chaffin