# EXHIBIT C

JOHN J. FRANCIS, JR.
**DRINKER, BIDDLE & SHANLEY LLP**
A Pennsylvania Limited Liability Partnership
500 Campus Drive
Florham Park, NY 07932
Tel: (973) 360-1100
Fax: (973) 360-9831

*Attorneys for Defendants*
*Pfizer Inc. and Warner-Lambert Co.*

LISA J. RODRIGUEZ
**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
3 King Highway East
Haddonfield, NJ 08033
Tel: (856) 795-9002
Fax: (856) 795-9887

*Attorneys for Plaintiff Action Alliance of Senior*
*Citizens of Greater Philadelphia*

JOHNATHAN D. CLEMENTE
**CLEMENTE, MUELLER & TOBIA, P.A.**
218 Ridgedale Avenue
Cedar Knolls, NJ 07927
Tel: (973) 455-8008
Fax: (973) 455-8118

*Attorneys for Plaintiff Louisiana Wholesale Drug Co., Inc*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEURONTIN ANTITRUST LITIGATION | MDL Docket No. 1479 |
| | **ORDER** |
| OWENS v. PFIZER INC. | Civil Action No. 02-1390(JCL) |
| TRUJILLO v. PFIZER INC. | Civil Action No. 02-1391(JCL) |

| | |
|---|---|
| SMITHFIELD FOODS, INC. v. PFIZER INC. | Civil Action No. 02-1397(JCL) |
| SALOWE-KAYE v. PFIZER INC. | Civil Action No. 02-1527(JCL) |
| LOUISIANA WHOLESALE DRUG COMPANY, INC. v. PFIZER INC. | Civil Action No. 02-1830(JCL) |
| MEIJER, INC. v. PFIZER INC. | Civil Action No. 02-2731(JCL) |
| ZAFARANA v. PFIZER INC. | Civil Action No. 02-2741(JCL) |
| COLLINS v. PFIZER INC. | Civil Action No. 02-3514(JCL) |
| SALL, ET AL v. PFIZER INC. | Civil Action No. 02-3988(JCL) |
| GREAT LAKES HEALTH PLAN v. PFIZER INC. | Civil Action No. 02-3989(JCL) |
| MELTZER v. PFIZER INC. | Civil Action No. 02-3990(JCL) |
| HEALTH & BENEFIT TRUST FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL UNION 94, 94A, 94B v. PFIZER INC. | Civil Action No. 02-3991(JCL) |
| JAFFE v. PFIZER INC. | Civil Action No. 02-3992(JCL) |
| D'ANGELO v. PFIZER INC. | Civil Action No. 02-3993(JCL) |
| ACTION ALLIANCE OF SENIOR CITIZENS OF GREATER PHILADELPHIA v. PFIZER INC. | Civil Action No. 02-3994(JCL) |

| | |
|---|---|
| VISTA HEALTHPLAN, INC. v. PFIZER INC. | Civil Action No. 02-3995(JCL) |
| UNITED FOOD & COMMERCIAL WORKERS LOCAL 56 HEALTH & WELFARE FUND v. PFIZER INC. | Civil Action No. 02-3996(JCL) |
| PAINTERS DISTRICT COUNCIL NO. 30 HEALTH & WELFARE FUND v. PFIZER INC. | Civil Action No. 02-3997(JCL) |
| WILSON v. PFIZER INC. | Civil Action No. 02-3998(JCL) |
| SOEURT v. PFIZER INC. | Civil Action No. 02-3999 (JCL) |

WHEREAS, the above-captioned actions were either filed in this Court or transferred to this Court by the Judicial Panel on Multidistrict Litigation where the action was captioned *In re Neurontin Antitrust Litigation* (the "Actions");

WHEREAS the Actions were brought by either alleged direct purchasers or alleged indirect purchasers of the brand name prescription drug Neurontin®;

WHEREAS, the Actions filed by the direct purchasers are titled: *Louisiana Wholesale Drug Company, Inc. v. Pfizer, Inc.*, Civil Action No. 02-1830 (JCL) and *Meijer, Inc. v. Pfizer, Inc.*, Civil Action No. 02-2731 (JCL) (the "Direct Purchaser Actions");

WHEREAS, the Actions filed by indirect purchasers are set forth as Exhibit A hereto (the "Indirect Purchaser Actions");

WHEREAS, on August 27, 2002, the defendants filed a motion to stay the Actions pending resolution of certain patent infringement litigations (the "Motion");

3

WHEREAS, responses to the Motion were filed by the: (a) plaintiffs in the Direct Purchaser Actions; (b) plaintiffs in thirteen of the Indirect Purchaser Actions; and (c) plaintiffs in five of the Indirect Purchaser Actions (the "Responses");

WHEREAS, the defendants filed a reply to the Responses; and

WHEREAS, this Court held a hearing on the Motion on September 23, 2002;

THIS MATTER having come before the Court, and the Court having considered the papers and heard argument and for good cause shown, it is on this 23rd day of October, 2002 ordered, that:

1. Except to the extent set forth below, the Actions shall be stayed until the resolution by the United States District Court for the District of New Jersey of the motions for summary judgment currently served, filed or pending before the Honorable John C. Lifland in the actions listed as Exhibit B to this Order (the "Patent Litigations").

2. Notwithstanding the preceding paragraph, this Order shall not be construed to stay proceedings with respect to the remand motions filed in *Zafarana v. Pfizer, Inc.*, Civil Action No. 02-2741 (JCL) and *Sall v. Pfizer, Inc.*, Civil Action No. 02-3988 (JCL) ("*Sall*") (the "Remand Motions").

3. With respect to the Remand Motions, defendants shall serve their opposition in *Sall* on or before October 11, 2002 and plaintiffs in *Sall* shall serve their reply on or before October 25, 2002.

4. Notwithstanding the stay provided in ¶1 above, defendants shall make available to the plaintiffs all past and future pleadings, motions, briefs, affidavits, exhibits and any other material filed with the Court, and all responses to discovery, including responses to interrogatories, document requests, deposition transcripts, requests to admit, and all documents

produced by any party to any of the Patent Litigations, within 45 days following the entry of a confidentiality order (as discussed in Paragraphs 5 and 6 below) with respect to those pleadings and documents. To the extent the documents are available in electronic form they are to be made available to the plaintiffs in that form. Plaintiffs shall bear the costs of duplication of the pleadings and documents or the electronic media on which the documents are available.

5. The parties to the Actions shall meet and attempt to confer in good faith among themselves and with the parties to the Patent Litigations to negotiate an appropriate confidentiality order. The parties shall endeavor to submit a proposed confidentiality order to the Court on or before November 7, 2002. In addition, the parties shall confer in good faith regarding how and to what extent discovery produced by non-parties to any of the Patent Litigations, and materials filed or produced in the action styled *Warner-Lambert Co. v. Apotex Corp., et al* (N.D. Ill. Civil Action No. 98-CV-4293) may be provided to the plaintiffs consistent with the protective orders entered in those actions.

6. If the parties to the Actions and the parties to the Patent Litigations are unable to agree on a confidentiality order by November 7, 2002, designated counsel (as listed in paragraph 8 below) are to notify the Court of that fact, and a hearing with respect to a confidentiality order will be scheduled.

7. Notwithstanding the stay provided in ¶1 above, the parties to the Actions shall meet and attempt to confer in good faith among themselves to negotiate the terms of one or more case management orders. If the parties cannot agree on the terms of one or more case management orders, any party may apply to the Court for a hearing to consider any unresolved issue.

8.  Pending the entry of a case management order (or case management orders), for the purposes of this Order and service of papers in the Actions, service shall be made by overnight or hand delivery on the following:

For Defendants:    Myron Kirschbaum, Esq.
Stephen Elliott, Esq.
Kaye Scholer, LLP
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000
(212) 836-8689 – fax

-and-

John J. Francis, Jr., Esq.
Bruce L. Shapiro, Esq.
Drinker, Biddle & Shanley LLP
500 Campus Drive
Florham Park, NJ 07932
(973) 360-1100
(973) 360-9831 – fax

For the Direct Purchasers:   Bruce E. Gerstein, Esq.
Stephen H. Schwartz, Esq.
Garwin, Bronzaft, Gerstein
  & Fisher LLP
1501 Broadway
New York, NY 10036
(212) 398-0055
(212) 764-6620 – fax

-and-

Robert N. Kaplan, Esq.
Richard J. Kilsheimer, Esq.
Kaplan Fox & Kilsheimer LLP
805 Third Avenue
New York, NY 10022
(212) 687-1980
(212) 687-7714 – fax

For the Indirect Purchasers:   Robert S. Schachter, Esq.
Joseph S. Tusa, Esq.
Zwerling, Schachter & Zwerling, LLP
767 Third Avenue
New York, NY 10017
(212) 223-3900
(212) 371-5969 – fax

-and-
J. Douglas Richards, Esq.
Michael M. Buchman, Esq.
Milberg Weiss Bershad Hynes
 & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300
(212) 868-1229 – fax

9. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, within 30 days after the expiration of the stay of the Actions described in ¶1 above, plaintiffs in the Indirect Purchaser Actions and the Direct Purchaser actions may (together or separately) each file an amended complaint.

10. The time within which defendants shall answer or otherwise move or respond with respect to the extant complaints in the Actions or any amended complaints filed pursuant to paragraph 9 hereto, is extended until 60 days after the expiration of the stay of the Actions described in ¶1 above.

STANLEY R. CHESLER, U.S.M.J.

7

# EXHIBIT A

*Owens v. Pfizer, Inc. and Warner-Lambert Co.*,
 Civil Action No. 02-1390 (JCL)

*Trujillo v. Pfizer Inc. and Warner-Lambert Co.*,
 Civil Action No. 02-1391(JCL)

*Smithfield Foods, Inc. v. Pfizer Inc. and Warner-Lambert Co.*,
 Civil Action No. 02-1397(JCL)

*Salowe-Kaye v. Pfizer Inc. and Warner-Lambert Co.*,
 Civil Action No. 02-1527(JCL

*Zafarana v. Pfizer Inc. and Warner-Lambert Co.*,
 Civil Action No. 02-2741(JCL)

*Collins v. Pfizer Inc. and Warner-Lambert Co.*,
 Civil Action No. 02-3514(JCL)

*Sall, et al v. Pfizer Inc. and Warner-Lambert Co.*,
 Civil Action No. 02-3988(JCL)

*Great Lakes Health Plan V. Pfizer Inc. and Warner-Lambert Co.*,
 Civil Action No. 02-3989(JCL)

*Meltzer V. Pfizer Inc. and Warner-Lambert Co.*,
 Civil Action No. 02-3990(JCL)

*Health & Benefit Trust Fund of The International Union
of Operating Engineers Local Union 94, 94a, 94b V. Pfizer Inc.
and Warner-Lambert Co.*,
 Civil Action No. 02-3991(JCL)

*Jaffe V. Pfizer Inc. and Warner-Lambert Co.*,
 Civil Action No. 02-3992(JCL)

*D'angelo v. Pfizer Inc. and Warner-Lambert Co.*,
 Civil Action No. 02-3993(JCL)

*Action Alliance of Senior Citizens of
Greater Philadelphia v. Pfizer Inc. and Warner-Lambert Co.*,
 Civil Action No. 02-3994(JCL)

## EXHIBIT A

*Vista Healthplan, Inc. v. Pfizer Inc. and Warner-Lambert Co.*,
    Civil Action No. 02-3995(JCL)

*United Food & Commercial Workers
Local 56 Health & Welfare Fund v. Pfizer Inc. and Warner-Lambert Co.*,
    Civil Action No. 02-3996(JCL)

*Painters District Council No. 30 Health
& Welfare Fund v. Pfizer Inc. and Warner-Lambert Co.*,
    Civil Action No. 02-3997(JCL)

*Wilson v. Pfizer Inc. and Warner-Lambert Co.*,
    Civil Action No. 02-3998(JCL)

*Soeurt v. Pfizer Inc. and Warner-Lambert Co.*,
    Civil Action No. 02-3999 (JCL)

# EXHIBIT B

*In re Gabapentin Patent Litigation*
    MDL Docket No. 1384

*Warner-Lambert Company v. Purepac Pharmaceutical Co. and Faulding, Inc.*
    Civil Action No. 00-2931 (JCL) (Gabapentin)

*Pfizer, Inc. v. Purepac Pharmaceutical Co. & Faulding Inc.*
    Civil Action No. 00-3522(JCL) (Gabapentin)

*Warner-Lambert Co. v. Apotex Corp., et al.*
    Civil Action o. 01-611(JCL)

*Warner-Lambert Company v. Purepac Pharmaceutical Co. and Faulding, Inc.*
    Civil Action No. 98-2749 (JCL)

*Warner-Lambert Company v. Purepac Pharmaceutical Co. and Faulding, Inc.*
    Civil Action No. 99-5948 (JCL)

*Warner-Lambert Company, Pfizer v. Teva Pharmaceutical Co.*
    Civil Action No. 00-4168(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Teva Pharmaceutical Co.*
    Civil Action No. 00-4589(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Zenith Goldline Laboratories*
    Civil Action No. 00-6073(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Zenith Goldline Laboratories*
    Civil Action No. 01-0193(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Zenith Goldline Laboratories*
    Civil Action No. 01-0577(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Zenith Goldline Laboratories*
    Civil Action No. 01-1537(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Zenith Goldline Laboratories*
    Civil Action No. 01-1538(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Eon Lab Manufacturing, Inc.*
    Civil Action No. 01-2194(JCL) (Gabapentin)

SFNJ1 865843v1