**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|                                                        |     |                                                                  |
| ------------------------------------------------------ | --- | ---------------------------------------------------------------- |
|                                                        | )   |                                                                  |
| **In re Neurontin Marketing and**                      | )   |                                                                  |
| **Sales Litigation**                                   | )   | **MDL Docket No. 04-MDL-1629**                                   |
|                                                        | )   | **Case No. 1:04-cv-12625-PBS**                                   |
|                                                        | )   |                                                                  |

## MOTION TO SET ASIDE ORDER ENTERED APRIL 25, 2005 DENYING MOTION FOR APPOINTMENT OF TENNESSEE LEAD COUNSEL

**NOW INTO COURT** comes Bauda Vauda Lee Sutton, Movant, and Plaintiff in *Sutton v. Pfizer, Inc., et al.,* E.D. TN, No. 2:04-CV-337, by and through counsel, and respectfully moves this Court for an order setting aside the order of April 25, 2005 which denied the motion for appointment of Gordon Ball as Tennessee Lead Counsel and as a member of the Executive Committee for Plaintiffs in this action. For grounds, Movant would show that:

1. On January 21, 2005, Movant's counsel filed a Motion for Appointment of Tennessee Lead Counsel [Doc. 37]. The Motion was supported by a Memorandum of Law as well as other supporting materials. [Doc. 37-38].

2. On February 2, 2005, Movant's counsel requested oral argument of her motion. [Doc. 39]. However, Movant's counsel never received notice, electronically or otherwise, that his request for oral argument had been granted at any time preceding the Court's hearing on April 25, 2005. Consequently, Movant's counsel did not appear at the hearing on his motion on April 25, 2005.

3.      Movant's counsel, Gordon Ball, had previously registered with the Court's ECF system (filings@ballandscott.com), is listed on the Court's service list for this case (and was listed during the entire month of March 2005), and had also been served electronically in the past with certain filings.

4.      At approximately 4:00 p.m. ET on April 25, 2005, Ball's office received a telephone call from Judge Saris' office inquiring into Ball's whereabouts. For the first time, Ball's office learned that the hearing on Movant's motion for appointment of Tennessee lead counsel was scheduled for 3:30 p.m. ET, and that the Court was *waiting* for Ball to arrive to argue the motion. The Court was informed that Ball was neither in Boston nor in route to Boston, but was instead traveling elsewhere. *See* Ball Affidavit.

5.      Ball's office immediately began investigating how notice of such an important hearing could have been overlooked. The hearing was not listed on any calendar in Ball's office or his personal calendar, nor did anyone in Ball's office have any knowledge relative to the scheduling of the hearing for that or any other date. *See* Ball Affidavit.

6.      Ball's office staff searched the Court's electronic docket for this case and learned that a notice of hearing was filed on March 16, 2005 setting the hearing for April 25, 2005 at 3:30 p.m. in Boston. A search was then undertaken of the office's own electronic-filing system, within which all incoming mail, e-mail, and other incoming documents are stored, along with outgoing firm-generated documents. Nowhere in the system was the March 16, 2005 notice (which was listed as served on all counsel on March 17, 2005) located, nor was any other notice located showing that the hearing was scheduled for April 25, 2005.

7.     In all, a computer log of case activity for this particular action in Ball's office shows that Ball received nine (9) documents relative to this action during the entire month of March 2005. However, none of those documents put Ball on notice that a hearing on his motion was scheduled at all, much less that it was set for April 25, 2005. *See* Ball Affidavit. In short, it appears that Ball's office received no notice whatsoever of the April 25, 2005 hearing on his motion for appointment as Tennessee lead counsel.

8.     On April 25, 2005, knowing that Ball failed to appear for the April 25, 2005 hearing (*see* Electronic Docket Entries: "Attorney Gordon Ball does not appear for the hearing," and "Counsel did not appear for hearing even though the docket reflects he received notice"), but not aware that Ball had not received notice of the hearing, the Court entered an order denying the motion for appointment of Tennessee lead counsel.

9.     *See* Affidavit of Gordon Ball (Exhibit 1). This motion is also based upon the accompanying Memorandum of Law.

**WHEREFORE**, for the foregoing reasons, Movant respectfully requests that this Court enter an order setting aside its April 25, 2005 Order denying Movant's motion for appointment of Tennessee lead counsel, and reset such motion for hearing at a date convenient for the Court and parties.

Respectfully submitted, this 4th day of May, 2005.

\_\_/s/\_\_\_//Gordon Ball//_____
Gordon Ball
Ball & Scott
550 W. Main Avenue, Suite 750
Knoxville, TN 37902

*Attorney for Bauda Vauda Lee Sutton*

3

## CERTIFICATE OF SERVICE

I, Gordon Ball, do hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This 4th day of May, 2005.

\_\_\_/s/_//Gordon Ball//_____
Gordon Ball

4