UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
IN RE NEURONTIN MARKETING AND          )          MDL Docket No. 1629
SALES PRACTICES LITIGATION                   )
_____)          Master File No. 04-10981
                                                    )
THIS DOCUMENT RELATES TO:               )
ALL ACTIONS                                        )          Judge Patti B. Saris
_____)

**<u>MDL PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR STAY OR,
IN THE ALTERNATIVE, FOR ENLARGEMENT OF TIME, WITH RESPECT
TO TAG-ALONG ACTION OF ASSURANT HEALTH, INC.</u>**

MDL Plaintiffs respond to Defendants' Emergency Motion for Stay, or in the
Alternative, for Enlargement of Time [Doc. No. 63] filed in connection with the tag-
along action entitled *Assurant Health, Inc., et al. v. Pfizer Inc*., Docket No. 05-10535-
PBS ("Assurant").

MDL Plaintiffs' position is that (i) as to the *Assurant* claims related to marketing
and sales practices, the claims are subject to the case management structure previously
established by this Court, and (ii) as to the *Assurant* antitrust claims, those claims are
already being litigated in MDL No. 1479, *In Re Neurontin Antitrust Litigation*, and
therefore, to the extent that antitrust claims asserted in *Assuran*t remain before this Court,
they should be stayed.

The Judicial Panel on Multidistrict Litigation (the "Judicial Panel") has decided
that the antitrust claims and the marketing and sales related claims concerning Neurontin
should be litigated in separate MDL proceedings and this Court should give effect to that
decision.

## I.    FACTS AND BACKGROUND PROCEEDINGS

In order to understand the position of MDL Plaintiffs with respect to the claims in *Assurant*, it is necessary to understand the background of three separate groupings of litigation concerning Neurontin: the patent infringement litigation, the antitrust litigation, and the marketing and sales litigation.

### A.   Patent Infringement Litigation

Defendants' patent for a specific formula of gabapentin (the generic name for Neurontin) expired in 1998 and their patent claiming the use of gabapentin to treat epilepsy expired in January 2000.  Numerous pharmaceutical manufacturers[1] filed abbreviated new drug applications with the FDA to manufacture and sell generic forms of Neurontin.  Each of these manufacturers claim to have been blocked from receiving approval to market a generic form of Neurontin by Defendants' actions.

On July 14, 1998, Warner-Lambert filed a patent infringement lawsuit against Apotex in the Northern District of Illinois claiming infringement of various patents related to Neurontin.  By doing so, Defendants triggered an automatic 30-month stay in the approval of a generic form of Neurontin pursuant to applicable federal regulations.  In 2001, the Illinois District Court granted Apotex's Motion for Summary Judgment related to the patents at issue.  All further litigation concerning any of the patents at issue was transferred to the District of New Jersey and consolidated in *In Re Gabapentin Patent Litigation*, MDL No. 1384 where other identical patent litigation between Defendants and

---

[1] Manufacturers that filed applications nclude Purepac Pharmaceuticals, Inc. ("Purepac"), Apotex Corp. ("Apotex"), Geneva Pharmaceuticals, Inc., ("Geneva"), Teva Pharmaceuticals USA, ("Teva"), Zenith Goldline Pharmaceuticals, Inc. ("Zenith") and Eon Labs Manufacturing, Inc. ("Eon").

generic competitors was pending.  MDL No. 1384 is presided over by the Hon. John C. Lifland.

Various motions for summary judgment regarding these claims remain before the Hon. John C. Lifland in MDL 1384.

### B.    Antitrust Litigation

Plaintiffs in the antitrust litigations allege that Defendants unlawfully extended their United States monopoly in the gabapentin product market past the expiration of their valid patents by improperly submitting three additional patents for inclusion in the FDA's Orange Book.  Antitrust plaintiffs allege that Defendants' actions were meant to prevent the FDA from approving a generic version of Neurontin.  Antitrust Plaintiffs also allege that Defendants extended their monopoly by filing baseless patent infringement lawsuits against potential generic competitors.

By order of the Judicial Panel, all litigation concerning antitrust allegations were transferred to the District of New Jersey and consolidated in *In Re Neurontin Antitrust Litigation*, MDL No. 1479.  On November 1, 2002, the New Jersey District Court stayed the proceedings in MDL No. 1479 until the resolution of all motions for summary judgment in *In Re Gabapentin Patent Litigation*, MDL No. 1384, were decided.  To date, the proceedings in MDL 1479 remain stayed.

### C.    Sales and Marketing Litigation

On August 13, 1996, Dr. David Franklin, a former employee of Parke-Davis, filed a *qui tam* action in this Court under the False Claims Act ("FCA"), 31 U.S.C. § 3729-33, alleging, among other things, that his former employer engaged in a fraudulent scheme to promote the sale of the drug Neurontin for "off-label" uses and that this illegal marketing

campaign caused the submission of false claims to the federal government. The "off-label" promotion scheme remained hidden until the *qui tam* complaint was fully unsealed in April of 2002.

At or around the time the complaint in *Franklin* was unsealed, various suits were filed around the United States, including in this Court, claiming that the "off-label" promotion scheme caused Plaintiffs to be prescribed, and/or to pay for, Neurontin for purposes for which it was not approved and for which it was not effective.

Different Plaintiffs in those cases, in submissions to the Judicial Panel, argued that the sales and marketing related cases should be sent to the District of New Jersey, for possible consolidation with the antitrust claims in MDL 1479, while others argued that they be sent to this Court, and a new MDL exclusive to the sales and marketing claims, be created. By Order of the Judicial Panel dated October 26, 2004, the Judicial Panel transferred the sales and marketing cases to this Court and created MDL 1629, *In Re Neurontin Marketing and Sales Practices Litigation*.[2]

**D.      The *Assurant* Case**

*Assurant* was originally filed in the New Jersey state court in November 2004, and subsequently removed by Defendants to the United States District Court for the District of New Jersey. The Judicial Panel then permanently transferred *Assurant* to this Court on March 15, 2005. *See* JPML Order Lifting Stay of Conditional Transfer Order, March 15, 2005.

The *Assurant* Complaint alleges Unlawful Restraint of Trade (Counts I – XXIV), violation of various state Unfair and Deceptive Trade Practices Acts (Counts XXV –

---

[2] By Order of the Judicial Panel dated April 19, 2005, the JPML re-named MDL 1629 *In re Neurontin Marketing, Sales Practices and Products Liability Litigation.*

XLIII), Tortious Interference with Business Relationship (Count XLIV), and Unjust

Enrichment (Count XLV).


II.    **ARGUMENT**

 A. **Antitrust Claims Belong in *In Re Neurontin Antitrust Litigation*, MDL 1479**

 The <u>Assurant</u> Complaint alleges violation of various antitrust statutes.

"Defendants unreasonably prevented and eliminated competition in the market for

Neurontin or generic bioequivelents of Neurontin, thereby illegally increasing and

maintaining market share and power . . ." *Assurant* Complaint at p. 1.  These allegations

are <u>identical</u> to those the JPML found should be consolidated in New Jersey.  "All actions

are [brought]  . . . by plaintiffs alleging that the defendants violated antitrust laws and

excluded generic competition for a Warner-Lambert drug by bringing sham patent

infringement actions against a number of generic drug manufacturers.  Centralization

under Section 1407 is thus necessary to eliminate duplicative discovery, prevent

inconsistent pretrial rulings . . ., and conserve the resources of the parties, their counsel

and the judiciary."  JMPL Transfer Order, August 15, 2002, attached hereto as <u>Exhibit A</u>.

 The very reasons the Judicial Panel found it necessary to consolidate the antitrust

matters in New Jersey, to avoid duplicative discovery, prevent inconsistent rulings and

conserve the parties resources in litigating the pre-trial proceedings related to the antitrust

matters, would be rendered moot if the antitrust allegations were allowed to proceed

before this Court, separate and apart from the pre-trial proceedings in MDL 1479.

**B.     Barring Re-Filing of the *Assurant* Antitrust Claims in MDL 1479, This Court Should Stay the *Assurant* Antitrust Claims**

Barring a withdrawal and re-filing before the New Jersey District Court of the antitrust allegations alleged in *Assurant*, this Court should give effect to the November 1, 2002 Order of the New Jersey Court staying all proceedings related to antitrust allegations until such time as all of the summary judgment motions pending before the Hon. John C. Lifland in the neurontin patent litigations have been decided. *See* Order dated October 29, 2002, attached hereto as <u>Exhibit B</u>.   The rationale underlying the stay, that the pending summary judgment motions pending before Judge Lifland may be dispositive of some, if not all, of the antitrust claims brought in MDL 1479, applies as well to the antitrust claims brought in *Assurant*.   Allowing the *Assurant* antitrust claims to move ahead, before the Court in New Jersey has decided the pending summary judgment motions, will not properly conserve the resources of the parties or of this Court.

**C.     The Balance of the Allegations Asserted in *Assurant* Are Subject to the Case Management Structure Already Established by This Court**

This Court has previously established a structure for the orderly and efficient prosecution of all claims related to the marketing and sales practices concerning Neurontin.  Case Management Order No. 1 ("CMO 1") established a Plaintiffs' Steering Committee with participation by both class plaintiffs' counsel and non-class plaintiffs' counsel.

By its terms, CMO 1 applies to all cases that "become part of this proceeding by virtue of being filed in, removed to, or transferred to this Court (including cases transferred pursuant to Local Rules, 28 U.S.C. § 1404(a), or 28 U.S.C. § 1407)."  CMO 1 at 4-5.  This applies to the *Assurant* case, and the allegations related to marketing and

sales practices brought in *Assurant*, just as it applies to all subsequent tag-along actions that are transferred to this Court.

The interests of the plaintiffs in *Assurant*, as they relate to marketing and sales allegations, are properly protected and will be vigorously prosecuted by the Plaintiffs' Steering Committee and the structure already established by this Court.

### III.    CONCLUSION

For the reasons set forth above, MDL Plaintiffs respectfully request that the Court issue an Order staying the antitrust claims brought in *Assurant* and further Order that the remaining claims brought in *Assurant* are subject to the case management structure already established by previous order of this Court.

Dated:  May 12, 2005                    Respectfully Submitted,


By:    /s/ Thomas M. Sobol
       Thomas M. Sobol
       Hagens Berman LLP
       One Main Street, 4th Floor
       Cambridge, MA 02142
       (617) 482-8200
       (617) 482-3003 (fax)

       ***Plaintiffs' Liaison Counsel***

By:     /s/ Barry Himmelstein
        Barry Himmelstein, Esquire
        Lieff Cabraser Heimann & Bernstein
        Embarcadero Center West
        275 Battery Street, 30th Floor
        San Francisco, CA 94111-3339


By:     /s/ Don Barrett
        Don Barrett, Esquire
        Barrett Law Office
        404 Court Square North
        P.O. Box 987
        Lexington, MS 39095


By:     /s/ Daniel Becnel
        Daniel Becnel, Jr., Esquire
        Law Offices of Daniel Becnel, Jr.
        106 W. Seventh Street
        P.O. Drawer H
        Reserve, LA 70084


By:     /s/ James Dugan
        James Dugan, Esquire
        Dugan & Browne
        650 Poydras St., Suite 2150
        New Orleans, LA 70130


By:     /s/ Thomas Greene
        Thomas Greene Esquire
        Greene & Hoffman
        125 Summer Street
        Boston, MA 02110

*Members of the Class Plaintiffs'
Steering Committee*

By:    /s/ Richard Cohen
_____

Richard Cohen, Esquire
Lowey Dannenberg Bemporad
& Selinger, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY 10601


By:    /s/ Linda P. Nussbaum
_____

Linda P. Nussbaum, Esquire
Cohen Milstein Hausfeld & Toll
150 East 52nd Street
Thirteenth Floor
New York, NY 10022


**_Members of the Non-Class Plaintiffs' Steering Committee_**

# EXHIBIT A

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Morey L. Sear
United States District Court
Eastern District of Louisiana

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Julia Smith Gibbons
United States Court of Appeals
Sixth Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

**DIRECT REPLY TO:**
Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

August 15, 2002

TO INVOLVED COUNSEL

Re: MDL-1479 — In re Neurontin Antitrust Litigation

(See Attached Schedule A of Order)

Dear Counsel:

I am enclosing a copy of a Panel order filed today in the above-referenced matter.

The Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (2001), and specifically, Rules 1.1, 7.4 and 7.5, refer to "tag-along" actions. Please familiarize yourself with these Rules for your future reference. With regard to Rule 7.5, you need only provide this office with a copy of the complaint which you feel qualifies as a "tag-along" action and informally request that our "tag-along" procedures be utilized in transferring the action to the transferee district. If you have any questions regarding procedures used by the Panel, please telephone this office.

Very truly,

Michael J. Beck
Clerk of the Panel

By _Jeanett Gordon_
Deputy Clerk

Enclosure

JPML Form 35

Aug-29-02 02:27P Williams Cuker & Berezofs 856 663 5133          P.06

JUDICIAL PANEL and
MULTIDISTRICT LITIGATION

AUG 1 5 2002

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

### DOCKET NO. 1479

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE NEURONTIN ANTITRUST LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation consists of the seventeen actions listed on the attached Schedule A and pending in six districts as follows: seven actions in the Southern District of New York, five actions in the District of New Jersey, two actions in the Eastern District of Pennsylvania, and one action each in the Northern District of California, the Eastern District of Michigan, and the Eastern District of New York. Now before the Panel are two motions, pursuant to 28 U.S.C. § 1407, for centralization in a single district for coordinated or consolidated pretrial proceedings. The movants are i) plaintiff in one of the Eastern District of Pennsylvania actions (*Wilson*), who seeks centralization of fourteen actions in the Eastern District of Pennsylvania, and ii) sole defendants Warner-Lambert Co. and Pfizer, Inc., who seek centralization in the District of New Jersey of the fourteen actions on the *Wilson* plaintiff's motion plus three more later identified actions. No responding party opposes transfer, with the only disagreement being the choice of transferee forum: i) the plaintiff in the second Eastern District of Pennsylvania action joins the moving *Wilson* plaintiff in support of the Eastern District of Pennsylvania; ii) the plaintiffs in the five District of New Jersey actions agree with the moving defendants that the New Jersey district should be selected; and iii) the plaintiffs in the seven Southern District of New York actions and the one Eastern District of New York action favor the Southern District of New York.

On the basis of the papers filed and hearing session held, the Panel finds that the seventeen actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are purported class actions brought against Warner Lambert Co. and its parent, Pfizer, Inc., by plaintiffs alleging that the defendants violated antitrust laws and excluded generic competition for a Warner-Lambert drug by bringing sham patent infringement actions against a number of generic drug manufacturers.

---

*Judges Sear and Selya took no part in the decision of this matter.

- 2 -

Centralization under Section 1407 is thus necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

In concluding that the District of New Jersey is the appropriate forum for this docket, we note that five of the constituent actions are already pending there before Judge John C. Lifland, who has already gained considerable experience with the issues present in this docket as a result of presiding over another multidistrict docket, MDL-1384, *In re Gabapentin Patent Litigation*. The actions in MDL-1384, along with other actions already assigned to Judge Lifland, are the pending patent infringement actions that form the bulk of the allegedly "sham" litigation on which the MDL-1479 plaintiffs are predicating their antitrust claims.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable John C. Lifland for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

### MDL-1479 -- In re Neurontin Antitrust Litigation

#### Northern District of California

*Jane Sali, et al. v. Pfizer, Inc., et al.*, C.A. No. 3:02-2122

#### Eastern District of Michigan

*Great Lakes Health Plan, Inc. v. Pfizer, Inc., et al.*, C.A. No. 2:02-71907

#### District of New Jersey

*William Owens v. Pfizer, Inc., et al.*, C.A. No. 2:02-1390
*Burdonna Trujillo v. Pfizer, Inc., et al.*, C.A. No. 2:02-1391
*Smithfield Foods, Inc. v. Pfizer, Inc., et al.*, C.A. No. 2:02-1397
*Phyllis Salowe-Kaye, et al. v. Pfizer, Inc., et al.*, C.A. No. 2:02-1527
*Louisiana Wholesale Drug Company, Inc. v. Pfizer, Inc., et al.*, C.A. No. 2:02-1830

#### Eastern District of New York

*Neil Meltzer v. Pfizer, Inc., et al.*, C.A. No. 2:02-1388

#### Southern District of New York

*Health & Benefit Trust Fund of the International Union of Operating Engineers Local Union 94, 94A, 94B v. Pfizer, Inc., et al.*, C.A. No. 1:02-1845
*Gary Jaffe v. Pfizer, Inc., et al.*, C.A. No. 1:02-2017
*Katherine D'Angelo v. Pfizer, Inc., et al.*, C.A. No. 1:02-2028
*Action Alliance of Senior Citizens of Greater Philadelphia v. Pfizer, Inc., et al.*, C.A. No. 1:02-2445
*Vista Healthplan, Inc. v. Pfizer, Inc., et al.*, C.A. No. 1:02-2531
*United Food & Commercial Workers Local 56 Health & Welfare Fund v. Pfizer, Inc., et al.*, C.A. No. 1:02-2663
*Painters District Council No. 30 Health & Welfare Fund v. Pfizer, Inc., et al.*, C.A. No. 1:02-2845

#### Eastern District of Pennsylvania

*Richard A. Wilson v. Pfizer, Inc., et al.*, C.A. No. 2:02-2094
*Nancy Soeurt v. Pfizer, Inc., et al.*, C.A. No. 2:02-2433

# EXHIBIT B

JOHN J. FRANCIS, JR.
**DRINKER, BIDDLE & SHANLEY LLP**
A Pennsylvania Limited Liability Partnership
500 Campus Drive
Florham Park, NY 07932
Tel: (973) 360-1100
Fax: (973) 360-9831

*Attorneys for Defendants*
*Pfizer Inc. and Warner-Lambert Co.*

LISA J. RODRIGUEZ
**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
3 King Highway East
Haddonfield, NJ 08033
Tel: (856) 795-9002
Fax: (856) 795-9887

*Attorneys for Plaintiff Action Alliance of Senior*
*Citizens of Greater Philadelphia*

JOHNATHAN D. CLEMENTE
**CLEMENTE, MUELLER & TOBIA, P.A.**
218 Ridgedale Avenue
Cedar Knolls, NJ 07927
Tel: (973) 455-8008
Fax: (973) 455-8118

*Attorneys for Plaintiff Louisiana Wholesale Drug Co., Inc*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE NEURONTIN ANTITRUST LITIGATION | ) ) ) | MDL Docket No. 1479 |
|  |  | **ORDER** |
| OWENS v. PFIZER INC. | ) ) ) | Civil Action No. 02-1390(JCL) |
| TRUJILLO v. PFIZER INC. | ) ) ) | Civil Action No. 02-1391(JCL) |

| | | |
|---|---|---|
| SMITHFIELD FOODS, INC. v. PFIZER INC. | ) ) | Civil Action No. 02-1397(JCL) |
| SALOWE-KAYE v. PFIZER INC. | ) ) | Civil Action No. 02-1527(JCL) |
| LOUISIANA WHOLESALE DRUG COMPANY, INC. v. PFIZER INC. | ) ) ) | Civil Action No. 02-1830(JCL) |
| MEIJER, INC. v. PFIZER INC. | ) ) | Civil Action No. 02-2731(JCL) |
| ZAFARANA v. PFIZER INC. | ) ) | Civil Action No. 02-2741(JCL) |
| COLLINS v. PFIZER INC. | ) ) | Civil Action No. 02-3514(JCL) |
| SALL, ET AL v. PFIZER INC. | ) ) | Civil Action No.  02-3988(JCL) |
| GREAT LAKES HEALTH PLAN v. PFIZER INC. | ) ) | Civil Action No. 02-3989(JCL) |
| MELTZER v. PFIZER INC. | ) ) | Civil Action No. 02-3990(JCL) |
| HEALTH & BENEFIT TRUST FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL UNION 94, 94A, 94B v. PFIZER INC. | ) ) ) ) ) | Civil Action No. 02-3991(JCL) |
| JAFFE v. PFIZER INC. | ) ) | Civil Action No. 02-3992(JCL) |
| D'ANGELO v. PFIZER INC. | ) ) | Civil Action No. 02-3993(JCL) |
| ACTION ALLIANCE OF SENIOR CITIZENS OF GREATER PHILADELPHIA v. PFIZER INC. | ) ) ) | Civil Action No. 02-3994(JCL) |

| | | |
|---|---|---|
| VISTA HEALTHPLAN, INC. v. PFIZER INC. | ) ) ) | Civil Action No. 02-3995(JCL) |
| UNITED FOOD & COMMERCIAL WORKERS LOCAL 56 HEALTH & WELFARE FUND v. PFIZER INC. | ) ) ) ) | Civil Action No. 02-3996(JCL) |
| PAINTERS DISTRICT COUNCIL NO. 30 HEALTH & WELFARE FUND v. PFIZER INC. | ) ) ) | Civil Action No. 02-3997(JCL) |
| WILSON v. PFIZER INC. | ) ) | Civil Action No. 02-3998(JCL) |
| SOEURT v. PFIZER INC. | ) ) | Civil Action No. 02-3999 (JCL) |

WHEREAS, the above-captioned actions were either filed in this Court or transferred to this Court by the Judicial Panel on Multidistrict Litigation where the action was captioned *In re Neurontin Antitrust Litigation* (the "Actions");

WHEREAS the Actions were brought by either alleged direct purchasers or alleged indirect purchasers of the brand name prescription drug Neurontin®;

WHEREAS, the Actions filed by the direct purchasers are titled: *Louisiana Wholesale Drug Company, Inc. v. Pfizer, Inc.*, Civil Action No. 02-1830 (JCL) and *Meijer, Inc. v. Pfizer, Inc.*, Civil Action No. 02-2731 (JCL) (the "Direct Purchaser Actions");

WHEREAS, the Actions filed by indirect purchasers are set forth as Exhibit A hereto (the "Indirect Purchaser Actions");

WHEREAS, on August 27, 2002, the defendants filed a motion to stay the Actions pending resolution of certain patent infringement litigations (the "Motion");

3

WHEREAS, responses to the Motion were filed by the: (a) plaintiffs in the Direct Purchaser Actions; (b) plaintiffs in thirteen of the Indirect Purchaser Actions; and (c) plaintiffs in five of the Indirect Purchaser Actions (the "Responses");

WHEREAS, the defendants filed a reply to the Responses; and

WHEREAS, this Court held a hearing on the Motion on September 23, 2002;

THIS MATTER having come before the Court, and the Court having considered the papers and heard argument and for good cause shown, it is on this 23 day of October, 2002 ordered, that:

1.    Except to the extent set forth below, the Actions shall be stayed until the resolution by the United States District Court for the District of New Jersey of the motions for summary judgment currently served, filed or pending before the Honorable John C. Lifland in the actions listed as Exhibit B to this Order (the "Patent Litigations").

2.    Notwithstanding the preceding paragraph, this Order shall not be construed to stay proceedings with respect to the remand motions filed in *Zafarana v. Pfizer, Inc.*, Civil Action No. 02-2741 (JCL) and *Sall v. Pfizer, Inc.*, Civil Action No. 02-3988 (JCL) ("*Sall*") (the "Remand Motions").

3.    With respect to the Remand Motions, defendants shall serve their opposition in *Sall* on or before October 11, 2002 and plaintiffs in *Sall* shall serve their reply on or before October 25, 2002.

4.    Notwithstanding the stay provided in ¶1 above, defendants shall make available to the plaintiffs all past and future pleadings, motions, briefs, affidavits, exhibits and any other material filed with the Court, and all responses to discovery, including responses to interrogatories, document requests, deposition transcripts, requests to admit, and all documents

produced by any party to any of the Patent Litigations, within 45 days following the entry of a confidentiality order (as discussed in Paragraphs 5 and 6 below) with respect to those pleadings and documents. To the extent the documents are available in electronic form they are to be made available to the plaintiffs in that form. Plaintiffs shall bear the costs of duplication of the pleadings and documents or the electronic media on which the documents are available.

5.   The parties to the Actions shall meet and attempt to confer in good faith among themselves and with the parties to the Patent Litigations to negotiate an appropriate confidentiality order. The parties shall endeavor to submit a proposed confidentiality order to the Court on or before November 7, 2002. In addition, the parties shall confer in good faith regarding how and to what extent discovery produced by non-parties to any of the Patent Litigations, and materials filed or produced in the action styled *Warner-Lambert Co. v. Apotex Corp., et al* (N.D. Ill. Civil Action No. 98-CV-4293) may be provided to the plaintiffs consistent with the protective orders entered in those actions.

6.   If the parties to the Actions and the parties to the Patent Litigations are unable to agree on a confidentiality order by November 7, 2002, designated counsel (as listed in paragraph 8 below) are to notify the Court of that fact, and a hearing with respect to a confidentiality order will be scheduled.

7.   Notwithstanding the stay provided in ¶1 above, the parties to the Actions shall meet and attempt to confer in good faith among themselves to negotiate the terms of one or more case management orders. If the parties cannot agree on the terms of one or more case management orders, any party may apply to the Court for a hearing to consider any unresolved issue.

8.    Pending the entry of a case management order (or case management orders), for the purposes of this Order and service of papers in the Actions, service shall be made by overnight or hand delivery on the following:

For Defendants:

Myron Kirschbaum, Esq.
Stephen Elliott, Esq.
Kaye Scholer, LLP
425 Park Avenue
New York, NY  10022-3598
(212) 836-8000
(212) 836-8689 – fax

-and-

John J. Francis, Jr., Esq.
Bruce L. Shapiro, Esq.
Drinker, Biddle & Shanley LLP
500 Campus Drive
Florham Park, NJ 07932
(973) 360-1100
(973) 360-9831 – fax

For the Direct Purchasers:

Bruce E. Gerstein, Esq.
Stephen H. Schwartz, Esq.
Garwin, Bronzaft, Gerstein
 & Fisher LLP
1501 Broadway
New York, NY  10036
(212) 398-0055
(212) 764-6620 – fax

-and-

Robert N. Kaplan, Esq.
Richard J. Kilsheimer, Esq.
Kaplan Fox & Kilsheimer LLP
805 Third Avenue
New York, NY 10022
(212) 687-1980
(212) 687-7714 – fax

For the Indirect Purchasers:  Robert S. Schachter, Esq.
Joseph S. Tusa, Esq.
Zwerling, Schachter & Zwerling, LLP
767 Third Avenue
New York, NY 10017
(212) 223-3900
(212) 371-5969 – fax

-and-
J. Douglas Richards, Esq.
Michael M. Buchman, Esq.
Milberg Weiss Bershad Hynes
& Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300
(212) 868-1229 – fax

9.    Pursuant to Rule 15 of the Federal Rules of Civil Procedure, within 30 days after the expiration of the stay of the Actions described in ¶1 above, plaintiffs in the Indirect Purchaser Actions and the Direct Purchaser actions may (together or separately) each file an amended complaint.

10.    The time within which defendants shall answer or otherwise move or respond with respect to the extant complaints in the Actions or any amended complaints filed pursuant to paragraph 9 hereto, is extended until 60 days after the expiration of the stay of the Actions described in ¶1 above.

STANLEY R. CHESLER, U.S.M.J.

7

**EXHIBIT A**

*Owens v. Pfizer, Inc. and Warner-Lambert Co.,*
       Civil Action No. 02-1390 (JCL)

*Trujillo v. Pfizer Inc. and Warner-Lambert Co.,*
       Civil Action No. 02-1391(JCL)

*Smithfield Foods, Inc. v. Pfizer Inc. and Warner-Lambert Co.,*
       Civil Action No. 02-1397(JCL)

*Salowe-Kaye v. Pfizer Inc. and Warner-Lambert Co.,*
       Civil Action No. 02-1527(JCL

*Zafarana v. Pfizer Inc. and Warner-Lambert Co.,*
       Civil Action No. 02-2741(JCL)

*Collins v. Pfizer Inc. and Warner-Lambert Co.,*
       Civil Action No. 02-3514(JCL)

*Sall, et al v. Pfizer Inc. and Warner-Lambert Co.,*
       Civil Action No.  02-3988(JCL)

*Great Lakes Health Plan V. Pfizer Inc. and Warner-Lambert Co.,*
       Civil Action No. 02-3989(JCL)

*Meltzer V. Pfizer Inc. and Warner-Lambert Co.,*
       Civil Action No. 02-3990(JCL)

*Health & Benefit Trust Fund of The International Union*
*of Operating Engineers Local Union 94, 94a, 94b V. Pfizer Inc.*
*and Warner-Lambert Co.,*
       Civil Action No. 02-3991(JCL)

*Jaffe V. Pfizer Inc. and Warner-Lambert Co.,*
       Civil Action No. 02-3992(JCL)

*D'angelo v. Pfizer Inc. and Warner-Lambert Co.,*
       Civil Action No. 02-3993(JCL)

*Action Alliance of Senior Citizens of*
*Greater Philadelphia v. Pfizer Inc. and Warner-Lambert Co.,*
       Civil Action No. 02-3994(JCL)

# EXHIBIT A

*Vista Healthplan, Inc. v. Pfizer Inc. and Warner-Lambert Co.,*
      Civil Action No. 02-3995(JCL)

*United Food & Commercial Workers*
*Local 56 Health & Welfare Fund v. Pfizer Inc. and Warner-Lambert Co.,*
      Civil Action No. 02-3996(JCL)

*Painters District Council No. 30 Health*
*& Welfare Fund v. Pfizer Inc. and Warner-Lambert Co.,*
      Civil Action No. 02-3997(JCL)

*Wilson v. Pfizer Inc. and Warner-Lambert Co.,*
      Civil Action No. 02-3998(JCL)

*Soeurt v. Pfizer Inc. and Warner-Lambert Co.,*
      Civil Action No. 02-3999 (JCL)

## EXHIBIT B

*In re Gabapentin Patent Litigation*
    MDL Docket No. 1384

*Warner-Lambert Company v. Purepac Pharmaceutical Co. and Faulding, Inc.*
    Civil Action No. 00-2931 (JCL) (Gabapentin)

*Pfizer, Inc. v. Purepac Pharmaceutical Co. & Faulding Inc.*
    Civil Action No. 00-3522(JCL) (Gabapentin)

*Warner-Lambert Co. v. Apotex Corp., et al.*
    Civil Action o. 01-611(JCL)

*Warner-Lambert Company v. Purepac Pharmaceutical Co. and Faulding, Inc.*
    Civil Action No. 98-2749 (JCL)

*Warner-Lambert Company v. Purepac Pharmaceutical Co. and Faulding, Inc.*
    Civil Action No. 99-5948 (JCL)

*Warner-Lambert Company, Pfizer v. Teva Pharmaceutical Co.*
    Civil Action No. 00-4168(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Teva Pharmaceutical Co.*
    Civil Action No. 00-4589(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Zenith Goldline Laboratories*
    Civil Action No. 00-6073(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Zenith Goldline Laboratories*
    Civil Action No. 01-0193(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Zenith Goldline Laboratories*
    Civil Action No. 01-0577(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Zenith Goldline Laboratories*
    Civil Action No. 01-1537(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Zenith Goldline Laboratories*
    Civil Action No. 01-1538(JCL) (Gabapentin)

*Warner-Lambert Company, Pfizer v. Eon Lab Manufacturing, Inc.*
    Civil Action No. 01-2194(JCL) (Gabapentin)