**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**
(A LIMITED LIABILITY PARTNERSHIP FORMED IN PENNSYLVANIA)
BY: John E. Caruso (JC-9283) and Richard G. Placey (RP-0285)
457 HADDONFIELD ROAD, 6TH FLOOR
CHERRY HILL, NJ 08002
(856) 488-7700
ATTORNEYS FOR DEFENDANTS PFIZER INC. and WARNER-LAMBERT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ASSURANT HEALTH, INC., a Wisconsin corporation, et al., | : | Civil Action No. 2:05-cv-0095 |
| | : | |
| | : | Hon. Joel A. Pisano, U.S.D.J. |
| Plaintiffs, | : | Hon. Madeline C. Arleo, U.S.M.J. |
| | : | |
| v. | : | Return Date: |
| | : | |
| PFIZER INC., a Delaware corporation, | : | **CERTIFICATION OF RICHARD G.** |
| and its wholly-owned subsidiary | : | **PLACEY, ESQUIRE IN SUPPORT OF** |
| WARNER-LAMBERT COMPANY, | : | **MEMORANDUM OF LAW OF** |
| et al., | : | **DEFENDANTS PFIZER INC. AND** |
| | : | **WARNER-LAMBERT COMPANY IN** |
| Defendants. | : | **OPPOSITION TO PLAINTIFFS' MOTION** |
| | : | **TO REMAND AND IN SUPPORT OF** |
| | : | **CROSS MOTION TO DEFER RULING ON** |
| | : | **REMAND PENDING MDL TRANSFER** |

I, Richard G. Placey, of full age, certify as follows:

1.      I am counsel of record for Defendants, Pfizer Inc. and Warner-Lambert Company, in the above action, and make this Certification regarding procedural matters with which I am familiar as counsel. I have no direct knowledge of the underlying facts and circumstances which gave rise to the filing of Plaintiffs' Complaint in this action; accordingly, this Certification is limited to procedural matters with which I am familiar.

**RECEIVED**

FEB 1 4 2005

2.      I make this Certification in Opposition to Plaintiffs' Motion to Remand in this Action.

3.      On January 5, 2005, I arranged for the filing, by hand delivery, of the Notice of Removal (with all attachments), along with the Civil Cover Sheet, my firm's check in the amount of $150.00 to cover the filing fee, and pdf copies (on disk) of the Notice of Removal and supporting documents (which, in this case, are Exhibits A through D to the Notice of Removal), and the Superior Court Notice of Filing. Attached at Tab 1 is a file-stamped copy of my January 5, 2005 letter to the Court, along with a copy of the delivery receipt time-stamped by the Clerk's Office on January 5, 2005 at 3:32 p.m.; attached at Tab 2 are the file-stamped copies of the Cover Sheet, Notice of Filing of Notice of Removal and the Notice of Removal (with all attachments), also reflecting a filing date of January 5, 2005.

4.      By copy of my January 5, 2005 letter to the Court, I also served copies of the Notice of Removal, along with all attachments (Exhibits A through D), the Notice of Filing of Notice of Removal (in Superior Court) and the Civil Cover Sheet, upon all counsel by United States First Class Mail.

5.      The docket reflects that the Notice of Removal was in fact filed on January 5, 2005.

6.      At no time after January 5, 2005, did I, or anyone from my office, submit to the Court additional Exhibits, specifically Exhibit D, to be attached to the Notice of Removal filed on January 5, 2005. Exhibit D (the Complaint) was filed at the same time the Notice of Removal was filed and, indeed, the letter (Tab 1) specifically advises the Clerk that the Complaint is a separate pdf document on the disk as well (due to its bulk, it had to be a separate document).

-2-

7.      On January 11, 2005, I received the Notice of Electronic Filing from the Court,

which reflects that the Notice of Removal was filed on January 5, 2005, but not entered by the

Clerk's Office until January 11, 2005.  A copy of the Notice of Electronic Filing is attached

hereto at Tab 3.

8.      Attached at Tab 4 is a copy of the Class Action Complaint filed in ASEA v. Pfizer

Inc., Civil Action No. 2:04-cv-02577 JAP-MCA (D.N.J.).

9.      I certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.


                                MONTGOMERY, McCRACKEN,
                                WALKER & RHOADS, LLP

Date:   February 11, 2005       By:      _s/RG Placey_____
                                         Richard G. Placey

EXHIBIT 1

## MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
### ATTORNEYS AT LAW

123 SOUTH BROAD STREET
AVENUE OF THE ARTS
PHILADELPHIA, PA 19109
215·772·1500
FAX 215·772·7620

LIBERTYVIEW
457 HADDONFIELD ROAD, SUITE 600
CHERRY HILL, NJ 08002
856·488·7700
FAX 856·488·7720

300 DELAWARE AVENUE
SUITE 750
WILMINGTON, DE 19801
302·504·7800
FAX 302·504·7820

RICHARD G. PLACEY
ADMITTED IN NEW JERSEY, PENNSYLVANIA,
DELAWARE & ILLINOIS

January 5, 2005

**VIA HAND DELIVERY**

**FILE COPY**

United States District Court
District of New Jersey
M.L. King Jr. Federal Building and Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   <u>**Assurant Health, Inc., et al. v. Pfizer Inc., et al.**</u>

Dear Clerk:

Enclosed herewith for filing is the original and one copy of the Notice of Removal, along with attachments.

Also enclosed are:

1.   the Civil Cover Sheet (certain related cases are noted on the cover sheet)

2.   my firm's check in the amount of $150.00 to cover the filing fee; and

3.   a disk containing a pdf version of the Notice of Removal and supporting documents (the Notice of Removal, the Notice of Filing and Complaint are separate pdf documents on the disk).

I am also enclosing two additional copies of the Notice of Removal and the Notice of Filing. Would you please file stamp the additional two copies of each and return them to me in the enclosed self-addressed stamped envelope.

1121803v1

A LIMITED LIABILITY PARTNERSHIP FORMED IN PENNSYLVANIA
LOUIS A. PETRONI · NEW JERSEY RESPONSIBLE PARTNER

MONTGOMERY. MCCRACKEN. WALKER & RHOADS, LLP

United States District Court
January 5, 2005
Page 2


Thank you for your assistance in this matter.

Respectfully

Richard G. Placey

RGP:pal
Enclosures

cc:     David J. Novack, Esquire (w/encl.)
        W. Scott Simmer, Esquire (w/encl.)
        Annamarie A. Daley, Esquire (w/encl.)
        Scott A. Edelman, Esquire (w/encl.)
        Paul Corcoran, Esquire (w/encl.)

1121803v1

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

## RECEIPT

FROM: RG Placuy          DATE: 1/5/05

                         TIME: _____

☑ DELIVERY              ☐ PICK UP

TO: Clerk, USDC D.N.J. (~~Camden~~ Newark)

SUBJECT: 17562 - 00185

SPECIAL INSTRUCTIONS/DIRECTIONS: Please file original
+ 2 copies. Please time-stamp + 
return time-stamp copy to RGP

SIGNATURE: _____

DATE: ___1/5/05___          TIME: _____

EXHIBIT 2

◥JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

APPENDIX H

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

*ASSURANT HEALTH, INC., et al.*

**(b)** County of Residence of First Listed Plaintiff   *Milwaukee (WI)*
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

David J. Novack, Esquire
BUDD LARNER, 150 JFK Parkway
Short Hills, NJ 07078
Phone: (973) 379-4800 Fax: (973) 379-7734

## DEFENDANTS

*PFIZER INC., CLINE, DAVIS & MANN, INC., LODEWIJK J.R. DE VINK, and ANTHONY WILD*

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

### See Attachment to Civil Cover Sheet

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☒ 3  Federal Question
     (U.S. Government Not a Party)

☐ 4  Diversity
     (Indicate Citizenship of Parties
     in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | or Defendant) | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | State Statutes |
| | | ☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  Original
     Proceeding

☒ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     another district
     (specify)

☐ 6  Multidistrict
     Litigation

☐ 7  Appeal to
     District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION     (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Food Drug & Cosmetic Act, 21 U.S.C. §301 et seq. (violations of Act alleged) and Patent Act 35 U.S.C. §1 et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): Gambardello v. Pfizer/Smolucha v. Pfizer and others (including Zafarana v. Pfizer)

JUDGE  Pisano, U.S.D.J.; Arleo, U.S.M.J (and Lifland, USDC)

DOCKET NUMBER  2:04-cv-04883  04-cv-04482; 2:02-cv-02741

DATE  1/5/2005

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

FOR OFFICE USE ONLY

RECEIPT #____   AMOUNT____   APPLYING IFP____   JUDGE____   MAG. JUDGE____

## CIVIL COVER SHEET - ATTACHMENT

### Defendants Attorneys

Richard G. Placey, Esquire
John E. Caruso, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
Liberty View
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
Phone:  (856) 488-7700
Fax:     (856) 488-7720

*Counsel for Defendants Pfizer Inc. and its*
*wholly-owned subsidiary Warner-Lambert Company*

Paul Corcoran, Esquire
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019
Phone: (212) 468-4800

*Counsel for Defendant Cline, Davis & Mann, Inc., a New York Corporation*

Scott A. Edelman, Esquire
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Phone: (212) 530-5139

*Counsel for Defendants Lodewijk J.R. De Vink and Anthony Wild*

**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**
(A LIMITED LIABILITY PARTNERSHIP FORMED IN PENNSYLVANIA)
BY: John E. Caruso (JC-9283) and Richard G. Placey (RP-0285)
457 HADDONFIELD ROAD, 6TH FLOOR
CHERRY HILL, NJ 08002
(856) 488-7700
ATTORNEYS FOR DEFENDANTS PFIZER INC. and WARNER-LAMBERT COMPANY

| | |
|---|---|
| ASSURANT HEALTH, INC., a Wisconsin corporation, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION BERGEN COUNTY |
| BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., a Florida corporation, and its wholly-owned subsidiary, HEALTH OPTIONS, INC., a Florida corporation; | Docket No. 13792-04 |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, doing business as BLUE CROSS and BLUE SHIELD OF LOUISIANA, a Louisiana corporation; | |
| BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, a Massachusetts corporation; | |
| BLUE CROSS AND BLUE SHIELD OF MICHIGAN and its wholly-owned subsidiary, BLUE CARE NETWORK, INC., Michigan corporations; | |
| BLUE CROSS AND BLUE SHIELD OF MINNESOTA, a Minnesota corporation, and a subsidiary of AWARE INTEGRATED, INC., and its wholly-owned subsidiaries COMPREHENSIVE CARE SERVICES, INC., a Minnesota corporation, FIRST PLAN OF MINNESOTA, a Minnesota corporation, ATRIUM HEALTH PLAN, INC., a Wisconsin corporation, and | **NOTICE OF FILING OF NOTICE OF REMOVAL** |

2005 JAN -5 P 3: 31
RECEIVED - CLERK
U.S. DISTRICT COURT

1121840v1

HMO MINNESOTA, a Minnesota
corporation;

GROUP HEALTH SERVICES OF
OKLAHOMA, INC., doing business
as BLUE CROSS AND BLUE SHIELD
OF OKLAHOMA, and Oklahoma
corporation and its wholly-owned
subsidiary GROUP HEALTH
MAINTENANCE ORGANIZATION,
INC., doing business as
BLUECLINCS HMO, an Oklahoma
corporation;

CAREFIRST, INC., a Maryland
corporation, and its wholly-owned
subsidiaries, CAREFIRST OF
MARYLAND, INC., a Maryland
corporation, WILLSE & ASSOCIATES,
INC., a Maryland corporation;
CFS HEALTH GROUP, INC., a
Maryland corporation, DELMARVA
HEALTH PLAN, INC., a Maryland
corporation, FREE STATE HEALTH
PLAN, INC., a Maryland corporation;
PATUXENT MEDICAL GROUP, INC.,
a Maryland corporation; GROUP
HOSPITALIZATION AND MEDICAL
SERVICES, INC., a company created
under federal charter, CAPITAL CARE,
INC., a District of Columbia corporation,
CAPITAL AREA SERVICES INC., a
West Virginia corporation, BLUE CROSS
BLUE SHIELD OF DELAWARE, INC.,
a Delaware corporation;

EXCELLUS HEALTH PLAN, INC., a
New York corporation, and its
wholly-owned subsidiary EXCELLUS
BENEFIT SERVICES, INC., a New York
corporation; FEDERATED MUTUAL
INSURANCE COMPANY, a Minnesota
mutual company;

-2-

HEALTH CARE SERVICE                    :
CORPORATION, an Illinois Mutual        :
Legal Reserve Company, on behalf of    :
itself and its Illinois, New Mexico and :
Texas Divisions; MUTUAL OF OMAHA       :
INSURANCE COMPANY, a Nebraska          :
mutual company;                        :
                                       :
TRUSTMARK INSURANCE                    :
COMPANY, a Delaware corporation;       :
                                       :
WELLCHOICE, INC., a Delaware           :
corporation, and its wholly-owned      :
subsidiary EMPIRE HEALTHCHOICE         :
ASSURANCE, INC., a New York            :
corporation, doing business as EMPIRE  :
BLUE CROSS BLUE SHIELD and             :
EMPIRE EMPIRE BLUE CROSS, and          :
its wholly-owned subsidiaries          :
EMPIRE HEALTHCHOICE HMO, INC.,         :
 doing business in New York as         :
EMPIRE BLUE CROSS HMO, and             :
doing business in New Jersey as        :
WELLCHOICE HMO OF NEW JERSEY;          :
                                       :
WELLCHOICE INSURANCE OF NEW            :
JERSEY, INC., a New Jersey corporation :
and a wholly-owned subsidiary of       :
EMPIRE HEALTHCHOICE                    :
ASSURANCE, INC., a New York            :
corporation;                           :
                                       :
                  Plaintiffs,          :
                                       :
        v.                             :
                                       :
PFIZER, INC., a Delaware corporation,  :
and its wholly-owned subsidiary        :
WARNER-LAMBERT COMPANY;                :
                                       :
CLINE, DAVIS & MANN, INC.,             :
a New York corporation;                :

1121840v1

LODEWIJK J.R. DE VINK, a
resident of New Jersey; and

ANTHONY WILD, a resident
of New Jersey,

                          Defendants.

               :
               :

**TO:**   CLERK OF SUPERIOR COURT, BERGEN COUNTY
Civil Division/Case Processing Section
Justice Center, Room 113
10 Main Street
Hackensack, NJ 07601

PLEASE TAKE NOTICE that defendant Pfizer Inc. ("Defendant") filed a Notice of Removal of this action in the United States District Court for the District of New Jersey thereby effecting a removal of this action. Pursuant to 28 U.S.C. § 1446(d), I certify that the documents attached hereto are true and correct copies of the original removal documents that were filed in the Office of the Clerk for the United States District Court for the District of New Jersey, and served along with this notice on opposing counsel.

MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP

*Attorneys for Defendant Pfizer Inc.*

By: _____
Richard G. Placey (RP-0285)

Of Counsel:

James E. Rouhandah
Erik M. Zissu
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

-4-

1121840v1

## CERTIFICATE OF SERVICE

I, Richard G. Placey, Esquire, hereby certify that on this date I caused a true and correct

copy of the foregoing Notice of Filing of Notice of Removal to be served by United States First

Class Mail, postage prepaid, upon the following persons:

David J. Novack, Esquire
BUDD LARNER
150 JFK Parkway
Short Hills, NJ 07078
(973) 379-4800

W. Scott Simmer, Esquire
Hardy Vieux, Esquire
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

Annamarie A. Daley, Esquire
Mark Ireland, Esquire
Soyna C. Seidl, Esquire
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

*Attorneys for Plaintiff*

Paul Corcoran, Esquire
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019
(212) 468-4800

*Counsel for Defendant Cline,*
*Davis & Mann, Inc., a New York Corporation*

1121840v1

Scott A. Edelman, Esquire
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Phone: (212) 530-5139

*Counsel for Defendants Lodewijk*
*J.R. De Vink and Anthony Wild*

_____
Richard G. Placey

Dated: ___Jan  5___, 2005

-6-

**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**
(A LIMITED LIABILITY PARTNERSHIP FORMED IN PENNSYLVANIA)
BY: Richard G. Placey (RP-0285)
457 HADDONFIELD ROAD, 6TH FLOOR
CHERRY HILL, NJ 08002
(856) 488-7700
ATTORNEYS FOR DEFENDANTS PFIZER INC. and WARNER-LAMBERT COMPANY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASSURANT HEALTH, INC., a Wisconsin corporation, | CIVIL ACTION NO. |
| | 05 - 95 (JAP) |
| BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., a Florida corporation, and its wholly-owned subsidiary, HEALTH OPTIONS, INC., a Florida corporation; | |
| | RECEIVED |
| | JAN – 5 2005 |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, doing business as BLUE CROSS and BLUE SHIELD OF LOUISIANA, a Louisiana corporation; | AT 8:30_____M WILLIAM T. WALSH, CLERK |
| BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, a Massachusetts corporation; | |
| BLUE CROSS AND BLUE SHIELD OF MICHIGAN and its wholly-owned subsidiary, BLUE CARE NETWORK, INC., Michigan corporations; | |
| BLUE CROSS AND BLUE SHIELD OF MINNESOTA, a Minnesota corporation, and a subsidiary of AWARE INTEGRATED, INC., and its wholly-owned subsidiaries COMPREHENSIVE CARE SERVICES, INC., a Minnesota corporation, FIRST PLAN OF MINNESOTA, a Minnesota corporation, ATRIUM HEALTH PLAN, INC., a Wisconsin corporation, and HMO MINNESOTA, a Minnesota | **NOTICE OF REMOVAL** |

1122383v1

HEALTH CARE SERVICE                          :
CORPORATION, an Illinois Mutual              :
Legal Reserve Company, on behalf of          :
itself and its Illinois, New Mexico and      :
Texas Divisions; MUTUAL OF OMAHA             :
INSURANCE COMPANY, a Nebraska                :
mutual company;                              :
                                             :
TRUSTMARK INSURANCE                          :
COMPANY, a Delaware corporation;             :
                                             :
WELLCHOICE, INC., a Delaware                 :
corporation, and its wholly-owned            :
subsidiary EMPIRE HEALTHCHOICE               :
ASSURANCE, INC., a New York                  :
corporation, doing business as EMPIRE        :
BLUE CROSS BLUE SHIELD and                   :
EMPIRE EMPIRE BLUE CROSS, and                :
its wholly-owned subsidiaries                :
EMPIRE HEALTHCHOICE HMO, INC.,               :
doing business in New York as                :
EMPIRE BLUE CROSS HMO, and                   :
doing business in New Jersey as              :
WELLCHOICE HMO OF NEW JERSEY;                :
                                             :
WELLCHOICE INSURANCE OF NEW                  :
JERSEY, INC., a New Jersey corporation       :
and a wholly-owned subsidiary of             :
EMPIRE HEALTHCHOICE                          :
ASSURANCE, INC., a New York                  :
corporation;                                 :
                                             :
                Plaintiffs,                  :
                                             :
        v.                                   :
                                             :
PFIZER, INC., a Delaware corporation,        :
and its wholly-owned subsidiary              :
WARNER-LAMBERT COMPANY;                      :
                                             :
CLINE, DAVIS & MANN, INC.,                   :
a New York corporation;                      :

                                        3

1122383v1

:

LODEWIJK J.R. DE VINK, a                           :
resident of New Jersey; and                        :
                                                   :
ANTHONY WILD, a resident                           :
of New Jersey,                                     :
                                                   :
                    Defendants.                    :

———————————————————————————————

     PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1441, *et seq.*
Defendants Pfizer Inc. (and the entity referred to as its "wholly-owned subsidiary,
Warner-Lambert Company), et al. ("Defendants"), by their undersigned attorneys, hereby
remove the above entitled action to the United States District Court for the District of
New Jersey.   Defendants Cline Davis & Mann, Inc., Lodewijk J. R. De Vink and
Anthony Wild consent to this Notice of Removal.   *See* Joinders attached as Exhibits A
and B.   This Court has jurisdiction because this is a civil action "of which the district
courts have original jurisdiction".   28 U.S.C. § 1441(a).   The Court has original
jurisdiction over the action because : (a) the action is "founded on a claim or right arising
under . . . the laws of the United States." 28 U.S.C. § 1331; and (b) the action "a civil
action arising under an[] Act of Congress relating to patents." 28 U.S.C. § 1338.   To the
extent that there are any remaining state law claims in the Complaint, those claims are
removable pursuant to supplemental jurisdiction. 28 U.S.C. § 1367(a).   In further support
of this Notice of Removal, Defendants state:

4

1.     On November 24, 2004, Plaintiffs Assurant Health, Inc., et al., commenced this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Bergen County, styled *Assurant Health, Inc., et al. v. Pfizer, Inc., et al.*, Case no. L-13792-04.

2.     This Notice of Removal is filed pursuant to 28 U.S.C. § 1441(a) and § 1446, which provide that any civil action brought in a state court in which the District Courts of the United States have original jurisdiction may be removed by a defendant. The Defendants were served with the Summons and Complaint on December 6, 2004. Accordingly, this Notice of Removal is timely because it is filed within thirty (30) days after the Defendants were initially served with the Complaint and within one year of the initiation of Plaintiffs' action.

## ALLEGATIONS OF THE COMPLAINT

3.     The Complaint alleges a two-pronged scheme by defendants to "increase market share and power" for their drug Neurontin by (a) "entering the market through a false, deceptive, and misleading marketing campaign and misusing the legal and regulatory system" and (b) "restraining generic bioequivalents" of Neurontin.  Compl. ¶ 1.

4.     Plaintiffs, consisting of insurance and mutual insurance corporations, health services plans, and hospital and medical services corporations, seek damages and injunctive relief for alleged violations of state consumer protection and antitrust statutes. Compl. ¶ 2.  Further, plaintiffs seek remedies for defendants' alleged unjust enrichment

5

and "tortious interference with plaintiffs' prospective economic advantage and business relationships." *Id.*

5.    As to the first prong of plaintiffs' alleged scheme, plaintiffs allege that defendants created demand for Neurontin by means of "a false, deceptive, and misleading marketing program" designed to show that Neurontin was safe and effective for certain uses. Compl. ¶ 35, 36, 37.  The alleged scheme included advertising; a medical liaison program; development of articles devoted to studies of Neurontin; sponsorship of Continuing Medical Education Seminars; and paying doctors "under the guise of consulting or speaking fees." Compl. ¶¶ 34, 37.

6.    As to the second prong of plaintiffs' alleged scheme, plaintiffs allege that defendants, in an attempt to increase demand for Neurontin, attempted to "interfere with potential generic competitors by illegally marketing Neurontin . . . in conjunction with acquiring and using other patents on other forms and methods of using gabapentin[1] for anticompetitive purposes." Compl. ¶ 32.

7.    Plaintiffs allege that defendants misused "the legal and regulatory system to harass, intimidate, and interfere with competitors." Compl. ¶ 45.  Defendants allegedly brought lawsuits against drug manufacturers and distributors who intended to produce generic equivalents of Neurontin even though these actions were allegedly "objectively baseless." Compl. ¶¶ 46, 47.

8.    Plaintiffs allege that defendants made misrepresentations to the Food and Drug Administration ("FDA") "in listing patents in the Orange Book." Compl. ¶ 48.

---

[1] Gabapentin is the scientific name for the drug that is marketed and sold under the brand name Neurontin.

6

They allege that defendants misrepresented "that its patents claim a drug or drug product or method of using a drug or drug product that the patents do not claim," and claim unreasonable and unsubstantiated patent infringement. Compl. ¶¶ 48, 49. Further, plaintiffs allege that defendants made these statements to "intimidate competitors" and to delay competition by means of a 30-day stay. Compl. ¶ 50. Allegedly improper stays, according to plaintiffs' complaint, is a misuse of the legal and regulatory system. Compl. ¶ 50.

9.    Plaintiffs allege that defendants sought to extend the stay by manipulating delaying "its acquisition of patents and timing of interactions with the FDA." Compl. ¶ 51.

10.    Plaintiffs allege that the result of defendants' conduct as regards the stay was the charging of a higher price to plaintiffs for the drug Neurontin. Compl. ¶ 52.

11.    Plaintiffs allege violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*, Compl. ¶¶ 227-236, and the New Jersey Antitrust Act, N.J. Stat. §§ 56:9-1 to 56:9-19, as well as the violations of more than a dozen other states.

## JURISDICTION

12.    This Court has removal jurisdiction because this is a civil action "of which the district courts have original jurisdiction". The Court has original jurisdiction because the action is both : (a) "founded on a claim or right arising under the Constitution ...or laws of the United States" (28 U.S.C. § 1441(a), (b);  28 U.S.C. § 1331); and (b) "a civil action arising under an[] Act of Congress relating to patents." 28 U.S.C. § 1338.

7

13.     First, the action is ""founded on a claim or right arising under the Constitution ...or laws of the United States" and is therefore removable because plaintiffs' claims are based on allegations that defendants' failed to market Neurontin in accordance with the FDA's permission granted under the provisions of the Federal Food Drug and Cosmetic Act., 21 U.S.C. § 301 *et. seq.*, and the dissemination of information to physicians. The question whether Defendants violated the FDCA or FDA regulations is at the forefront of this case and is not collateral, peripheral or remote. *See U.S. Express Lines, Ltd. V. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) *citing Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 n.11 (1986); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 1463 U.S. 1, 28 (1983) (holding that federal question jurisdiction exists whenever "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"); *City of Chicago v. Int'l Coll. Of Surgeons, Inc.* 522 U.S. 156, 164 (1997) ("[E]ven though state law creates [a party's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires the resolution of a substantial question of federal law." (internal quotation marks omitted)).

14.     Plaintiffs' allegations of conduct, such as using "medical liaisons" and sponsoring Continuing Medical Education seminars and providing consultants' fees to doctors, Compl. ¶¶ 34, 40, may be deemed wrongful only so far as it runs counter to FDA regulations.    The gravamen of the Complaint is based on allegations of Defendant's failure to conform its actions to federal law.

1122383v1

15.     Second, the Court has original jurisdiction over this action, and the action is thus removable, pursuant to 28 U.S.C. § 1338, because it is "a civil action arising under an[] Act of Congress relating to patents." Plaintiffs allege that Defendants "intentionally made false representations to the Food and Drug Administration in listing patents in the Orange Book." Compl. ¶ 48. Specifically, Plaintiffs allege that Defendants "claimed that its patents related to monohydrate gabapentin and low-lactam or lactam-free gabapentin 'claim' the brand name drug, Neurontin, even though Neurontin and generic bioequivalents of Neurontin are anhydrous, not monohydrate, and Neurontin and generic bioequivalents of Neurontin are not low lactam or lactam free." Compl. ¶ 49.

16.     Plaintiffs further allege that Defendants "intentionally manipulated and delayed its acquisition of patents and timing of interactions with the FDA to extend the automatic stay of generic bioequivalents of Neurontin by, at least 23 months." Compl. ¶ 51. The objective of this alleged conduct, according to Plaintiffs, was "to delay competition for Neurontin" in violation of federal law. Compl. ¶ 50.

17.     As evidence of Defendants' improper conduct, Plaintiffs cite in their Complaint to numerous patent actions pending in the United States District Court for the District of New Jersey in which Defendants' patents are being challenged. Accordingly, any determination of whether plaintiff here has a right to relief will depend on the resolution of substantial questions of federal patent law involving both the merits of the pending patent actions and whether the filing of those actions is entitled to protection under the Noerr-Pennington doctrine (*see Eastern RR Pres. Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657

9

(1965)). The doctrine applies to cases brought under state law. *See Cheminor Drugs, Ltd. V. Ethyl Corp.*, 168 F.3d 119, 128 (3d Cir. 1999) (holding that Noerr-Pennington provides protection from state law claims).

18.    Because plaintiffs' claims arising under the FDCA and the patent laws are removable, any remaining state law claims in the Complaint are removable under the federal supplemental jurisdiction statute. 28 U.S.C. § 1367(a). *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, n.3 (2003).

19.    There are currently more than two dozen class actions alleging, *inter alia*, that Defendants violated state consumer protection statutes in their selling of Neurontin. *See In Re: Neurontin Marketing and Sales Practices Litigation*, MDL docket no. 1629 (attached as Exhibit "C" to this Notice of Removal). Defendants intend to notify the Judicial Panel on Multidistrict Litigation ("JPML") that this action is a "tag-along" case that should be transferred to the MDL proceeding.

20.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, true and correct copies of all process or pleadings served upon Defendants prior to the filing of this Notice of Removal are attached as Exhibit "D" to this Notice of Removal.

21.    Based upon the allegations in the Plaintiffs' Petition, the United States District Court for the District of New Jersey has original jurisdiction over this matter. 28 U.S.C. 116 (b).

22.    Pursuant to FED.R.CIV.P. 81(c) removing Defendants hereby make demand for jury trial.

10

WHEREFORE, for the foregoing reasons, Defendant Pfizer Inc. (including the entity referred to as "its wholly-owned subsidiary Warner-Lambert Company) hereby removes this action to the United States District Court for the District of New Jersey.

Respectfully submitted,

MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP

*Attorneys for Defendants*
*Pfizer Inc. and Warner-Lambert Company*

Date:   January 5, 2005          By:   _____
                                        John E. Caruso (JC-9283)
                                        Richard G. Placey (RP-0285)
                                        John W. Frazier, IV (admitted in PA only)

Of Counsel:

James Rouhandeh
Erik M. Zissu
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

11

1122383v1

## <u>CERTIFICATE OF SERVICE</u>

I, Richard G. Placey, Esquire, hereby certify that on this date I caused a true and

correct copy of the foregoing Notice of Filing of Notice of Removal to be served by

United States First Class Mail, postage prepaid, upon the following persons:

> David J. Novack, Esquire
> BUDD LARNER
> 150 JFK Parkway
> Short Hills, NJ 07078

> W. Scott Simmer, Esquire
> Hardy Vieux, Esquire
> ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
> 1801 K Street, N.W., Suite 1200
> Washington, D.C. 20006

> Annamarie A. Daley, Esquire
> Mark Ireland, Esquire
> Soyna C. Seidl, Esquire
> ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
> 2800 LaSalle Plaza
> 800 LaSalle Avenue
> Minneapolis, MN 55402-2015

> *Attorneys for Plaintiff*

> Paul Corcoran, Esquire
> Davis & Gilbert LLP
> 1740 Broadway
> New York, NY 10019

> *Counsel for Defendant Cline,*
> *Davis & Mann, Inc., a New York Corporation*

1122383v1

Scott A. Edelman, Esquire
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

*Counsel for Defendants Lodewijk*
*J.R. De Vink and Anthony Wild*

Richard G. Placey

Dated: ____Jan 5___, 2005

13

1122383v1

# EXHIBIT A

DAVIS & GILBERT LLP
BY: Neal H. Klausner
1740 Broadway
New York, NY 10019
212 468-4800
ATTORNEYS FOR DEFENDANT CLINE, DAVIS & MANN, INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASSURANT HEALTH, INC., a Wisconsin corporation, | |
| BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., a Florida corporation, and its wholly-owned subsidiary, HEALTH OPTIONS, INC., a Florida corporation; | Civil Action No. |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, doing business as BLUE CROSS and BLUE SHIELD OF LOUISIANA, a Louisiana corporation; | |
| BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, a Massachusetts corporation; | |
| BLUE CROSS AND BLUE SHIELD OF MICHIGAN and its wholly-owned subsidiary, BLUE CARE NETWORK, INC., Michigan corporations; | |
| BLUE CROSS AND BLUE SHIELD OF MINNESOTA, a Minnesota corporation, and a subsidiary of AWARE INTEGRATED, INC., and its wholly-owned subsidiaries COMPREHENSIVE CARE SERVICES, INC., a Minnesota corporation, FIRST PLAN OF MINNESOTA, a Minnesota corporation, ATRIUM HEALTH PLAN, | **JOINDER OF CLINE, DAVIS & MANN, INC IN NOTICE OF REMOVAL** |

1122093v1

INC., a Wisconsin corporation, and                        :
HMO MINNESOTA, a Minnesota                                :
corporation;                                               :
                                                           :
GROUP HEALTH SERVICES OF                                   :
OKLAHOMA, INC., doing business                             :
as BLUE CROSS AND BLUE SHIELD                              :
OF OKLAHOMA, and Oklahoma                                  :
corporation and its wholly-owned                           :
subsidiary GROUP HEALTH                                    :
MAINTENANCE ORGANIZATION,                                  :
INC., doing business as                                    :
BLUECLINCS HMO, an Oklahoma                                :
corporation;                                               :
                                                           :
CAREFIRST, INC., a Maryland                                :
corporation, and its wholly-owned                          :
subsidiaries, CAREFIRST OF                                 :
MARYLAND, INC., a Maryland                                 :
corporation, WILLSE & ASSOCIATES,                          :
INC., a Maryland corporation;                              :
CFS HEALTH GROUP, INC., a                                  :
Maryland corporation, DELMARVA                             :
HEALTH PLAN, INC., a Maryland                              :
corporation, FREE STATE HEALTH                             :
PLAN, INC., a Maryland corporation;                        :
PATUXENT MEDICAL GROUP, INC.,                              :
a Maryland corporation; GROUP                              :
HOSPITALIZATION AND MEDICAL                                :
SERVICES, INC., a company created                          :
under federal charter, CAPITAL CARE,                       :
INC., a District of Columbia corporation,                  :
CAPITAL AREA SERVICES INC., a                              :
West Virginia corporation, BLUE CROSS                      :
BLUE SHIELD OF DELAWARE, INC.,                             :
a Delaware corporation;                                    :
                                                           :
EXCELLUS HEALTH PLAN, INC., a                              :
New York corporation, and its                              :
wholly-owned subsidiary EXCELLUS                           :
BENEFIT SERVICES, INC., a New York                         :
corporation; FEDERATED MUTUAL                              :
INSURANCE COMPANY, a Minnesota                             :
mutual company;                                            :

-2-

\122093v1

HEALTH CARE SERVICE                          :
CORPORATION, an Illinois Mutual              :
Legal Reserve Company, on behalf of          :
itself and its Illinois, New Mexico and      :
Texas Divisions; MUTUAL OF OMAHA             :
INSURANCE COMPANY, a Nebraska                :
mutual company;                              :

TRUSTMARK INSURANCE                          :
COMPANY, a Delaware corporation;             :
                                             :
WELLCHOICE, INC., a Delaware                 :
corporation, and its wholly-owned            :
subsidiary EMPIRE HEALTHCHOICE               :
ASSURANCE, INC., a New York                  :
corporation, doing business as EMPIRE        :
BLUE CROSS BLUE SHIELD and                   :
EMPIRE EMPIRE BLUE CROSS, and                :
its wholly-owned subsidiaries                :
EMPIRE HEALTHCHOICE HMO, INC.,               :
 doing business in New York as               :
EMPIRE BLUE CROSS HMO, and                   :
doing business in New Jersey as              :
WELLCHOICE HMO OF NEW JERSEY;                :

WELLCHOICE INSURANCE OF NEW                  :
JERSEY, INC., a New Jersey corporation       :
and a wholly-owned subsidiary of             :
EMPIRE HEALTHCHOICE                          :
ASSURANCE, INC., a New York                  :
corporation;                                 :
                                             :
             Plaintiffs,                     :
                                             :
        v.                                   :
                                             :
PFIZER, INC., a Delaware corporation,        :
and its wholly-owned subsidiary              :
WARNER-LAMBERT COMPANY;                      :
                                             :
CLINE, DAVIS & MANN, INC.,                   :
a New York corporation;                      :
                                             :

1122093v1

LODEWIJK J.R. DE VINK, a                    :
resident of New Jersey; and                 :
                                            :
ANTHONY WILD, a resident                    :
of New Jersey,                              :
                                            :
                    Defendants.             :

Defendant Cline, Davis & Mann, Inc. hereby joins in the Notice of Removal of

the above captioned action (Docket No. 13792-04 in the Superior Court of New Jersey, Law

Division, Bergen County) to the United States District Court for the District of New Jersey.


                                    DAVIS & GILBERT LLP


Date: January, 5, 2005              By: _____
                                        Neal H. Klausner


-4-

1122093v1

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Joinder in Notice of Removal to be served by United States First Class Mail, postage prepaid, upon the following persons:

> David J. Novack, Esquire
> BUDD LARNER
> 150 JFK Parkway
> Short Hills, NJ 07078
> (973) 379-4800
>
> W. Scott Simmer, Esquire
> Hardy Vieux, Esquire
> ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
> 1801 K Street, N.W., Suite 1200
> Washington, D.C. 20006
> (202) 775-0725
>
> Annamarie A. Daley, Esquire
> Mark Ireland, Esquire
> Soyna C. Seidl, Esquire
> ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
> 2800 LaSalle Plaza
> 800 LaSalle Avenue
> Minneapolis, MN 55402-2015
> (612) 349-8500
>
> *Attorneys for Plaintiff*
>
> Scott A. Edelman, Esquire
> Milbank, Tweed, Hadley & McCloy LLP
> 1 Chase Manhattan Plaza
> New York, NY 10005
> Phone:  (212) 530-5139
>
> *Counsel for Defendants Lodewijk
> J.R. De Vink and Anthony Wild*

1122093v1

Richard G. Placey
Montgomery, McCracken, Walker & Rhoads, LLP
457 Haddonfield Road, 6th Floor
Cherry Hill, NJ 08002
(856) 488-7700

*Counsel for Defendants Pfizer Inc.*
*And Warner Lambert Company*

_____

Dated: _____, 2005

1122093v1

# EXHIBIT B

MILBANK, TWEED, HADLEY & MCCLOY LLP
By:  Scott A. Edelman
1 Chase Manhattan Plaza
New York, NY 10005
Phone:  (212) 530-5139
ATTORNEYS FOR DEFENDANTS LODEWIJK J.R. DE VINK AND ANTHONY WILD

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASSURANT HEALTH, INC., a Wisconsin corporation, | : |
| | : |
| | : |
| BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., a Florida corporation, and its wholly-owned subsidiary, HEALTH OPTIONS, INC., a Florida corporation; | : |
| | : |
| | : |
| | : |
| | : Civil Action No. |
| | : |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, doing business as BLUE CROSS and BLUE SHIELD OF LOUISIANA, a Louisiana corporation; | : |
| | : |
| | : |
| | : |
| | : |
| BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, a Massachusetts corporation; | : |
| | : |
| | : |
| | : |
| BLUE CROSS AND BLUE SHIELD OF MICHIGAN and its wholly-owned subsidiary, BLUE CARE NETWORK, INC., Michigan corporations; | : |
| | : |
| | : |
| | : |
| | : |
| BLUE CROSS AND BLUE SHIELD OF MINNESOTA, a Minnesota corporation, and a subsidiary of AWARE INTEGRATED, INC., and its wholly-owned subsidiaries COMPREHENSIVE CARE SERVICES, INC., a Minnesota corporation, FIRST PLAN OF MINNESOTA, a Minnesota corporation, ATRIUM HEALTH PLAN, INC., a Wisconsin corporation, and HMO MINNESOTA, a Minnesota | : |
| | : |
| | : |
| | : |
| | : **JOINDER OF  LODEWIJK J.R.** |
| | : **DE VINK AND ANTHONY WILD** |
| | : **IN NOTICE OF REMOVAL** |
| | : |
| | : |
| | : |

1122118v1

corporation;                                         :
                                                     :
GROUP HEALTH SERVICES OF                             :
OKLAHOMA, INC., doing business                       :
as BLUE CROSS AND BLUE SHIELD                        :
OF OKLAHOMA, and Oklahoma                            :
corporation and its wholly-owned                     :
subsidiary GROUP HEALTH                              :
MAINTENANCE ORGANIZATION,                            :
INC., doing business as                              :
BLUECLINCS HMO, an Oklahoma                          :
corporation;                                         :
                                                     :
CAREFIRST, INC., a Maryland                          :
corporation, and its wholly-owned                    :
subsidiaries, CAREFIRST OF                           :
MARYLAND, INC., a Maryland                           :
corporation, WILLSE & ASSOCIATES,                    :
INC., a Maryland corporation;                        :
CFS HEALTH GROUP, INC., a                            :
Maryland corporation, DELMARVA                       :
HEALTH PLAN, INC., a Maryland                        :
corporation, FREE STATE HEALTH                       :
PLAN, INC., a Maryland corporation;                  :
PATUXENT MEDICAL GROUP, INC.,                         :
a Maryland corporation; GROUP                        :
HOSPITALIZATION AND MEDICAL                          :
SERVICES, INC., a company created                    :
under federal charter, CAPITAL CARE,                 :
INC., a District of Columbia corporation,            :
CAPITAL AREA SERVICES INC., a                        :
West Virginia corporation, BLUE CROSS                :
BLUE SHIELD OF DELAWARE, INC.,                        :
a Delaware corporation;                              :
                                                     :
EXCELLUS HEALTH PLAN, INC., a                         :
New York corporation, and its                        :
wholly-owned subsidiary EXCELLUS                     :
BENEFIT SERVICES, INC., a New York                   :
corporation; FEDERATED MUTUAL                        :
INSURANCE COMPANY, a Minnesota                       :
mutual company;                                      :
                                                     :
                                                     :
HEALTH CARE SERVICE                                  :

CORPORATION, an Illinois Mutual      :
Legal Reserve Company, on behalf of   :
itself and its Illinois, New Mexico and :
Texas Divisions; MUTUAL OF OMAHA :
INSURANCE COMPANY, a Nebraska   :
mutual company;                       :
                                      :
TRUSTMARK INSURANCE           :
COMPANY, a Delaware corporation;     :
                                      :
WELLCHOICE, INC., a Delaware       :
corporation, and its wholly-owned     :
subsidiary EMPIRE HEALTHCHOICE :
ASSURANCE, INC., a New York        :
corporation, doing business as EMPIRE :
BLUE CROSS BLUE SHIELD and       :
EMPIRE EMPIRE BLUE CROSS, and :
its wholly-owned subsidiaries          :
EMPIRE HEALTHCHOICE HMO, INC., :
 doing business in New York as        :
EMPIRE BLUE CROSS HMO, and       :
doing business in New Jersey as       :
WELLCHOICE HMO OF NEW JERSEY; :
                                      :
WELLCHOICE INSURANCE OF NEW :
JERSEY, INC., a New Jersey corporation :
and a wholly-owned subsidiary of      :
EMPIRE HEALTHCHOICE             :
ASSURANCE, INC., a New York        :
corporation;                          :
                                      :
                Plaintiffs,            :
                                      :
        v.                            :
                                      :
PFIZER, INC., a Delaware corporation, :
and its wholly-owned subsidiary       :
WARNER-LAMBERT COMPANY;         :
                                      :
CLINE, DAVIS & MANN, INC.,        :
a New York corporation;               :
                                      :
LODEWIJK J.R. DE VINK, a           :

-3-

1122118v1

resident of New Jersey; and                     :
                                                :
ANTHONY WILD, a resident                        :
of New Jersey,                                  :
                                                :
                        Defendants.             :

_____

        Defendants Lodewijk J.R. De Vink And Anthony Wild hereby join in the Notice

of Removal of the above captioned action (Docket No. 13792-04 in the Superior Court of New

Jersey, Law Division, Bergen County) to the United States District Court for the District of New

Jersey.

                                               MILBANK, TWEED,
                                               HADLEY & MCCLOY LLP

Date: January 5, 2005            By: _Scott Edelman_ /H.T.
                                 Scott A. Edelman

1122118v1

# EXHIBIT C

OCT. 26. 2004 11:59AM   JPI'                                    NO. 9241   P. 1
**Judicial Panel on Multidistrict Litigation - Docket Entry Report**              Printed on 10/26/2004

Docket: 1629 - In re Neurontin Marketing and Sales Practices Litigation
Status:  Transferred on 10/26/2004
Transferee District: MA        Judge: Saris, Patti B.

For:  Entries Between 57 and 58

Page 1

| Pleading | File Date | Description |
|----------|-----------|-------------|
| 57 | 10/26/2004 | CONSENT ORDER -- Signed by Chief Judge William G. Young in D. Massachusetts (dated 10/19/04) - Consenting to transfer of litigation to Judge Patti B. Saris for coordinated or consolidated pretrial proceedings (dls) |
| 58 | 10/26/2004 | TRANSFER ORDER -- (re: pldg. 57) Transferring 23 actions to Judge Patti B. Saris in D. Massachusetts - ALS 1:04-403; ARE 5:04-234; ARE 5:04-248; FLN 3:04-215; FLN 3:04-240; GAN 1:04-1781; ILS 4:04-4106; INS 1:04-1052; LAE 2:04-1450; LAE 2:04-1489; LAE 2:04-1547; LAE 2:04-1575; LAE 2:04-1591; LAE 2:04-1712; LAW 6:04-1162; MN 0:04-3021; MSS 1:04-552; NJ 2:04-2577; NJ 2:04-2935; NYS 1:04-4593; OHN 1:04-1161; TNW 2:04-2509; TXN 3:04-1234 - Notified involved counsel, judges, Panel judges, clerks, misc. recipients & publishers (dls) |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 6 2004

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1629*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Now before the Panel are three separate motions encompassing a total of 27 actions that are listed on the attached Schedule A and are pending in sixteen districts as follows: six actions in the Eastern District of Louisiana; four actions in the District of Massachusetts; two actions each in the Eastern District of Arkansas, the Northern District of Florida, and the District of New Jersey; and one action each in the Southern District of Alabama, the Northern District of Georgia, the Southern District of Illinois, the Southern District of Indiana, the Western District of Louisiana, the District of Minnesota, the Southern District of Mississippi, the Southern District of New York, the Northern District of Ohio, the Western District of Tennessee, and the Northern District of Texas.[1] Pursuant to 28 U.S.C. § 1407, i) plaintiffs in one District of New Jersey action that originally moved for centralization in the District of New Jersey now move for centralization in the District of Massachusetts; ii) plaintiffs in two Eastern District of Louisiana actions move for centralization in their Louisiana district; and iii) common defendants Pfizer, Inc., Warner-Lambert Co., and Parke-Davis move for centralization in the Southern District of New York. No responding party opposes centralization, though respondents continue and expand upon the disagreement among movants regarding the appropriate choice for transferee district. Thus, some respondents support one of the forums suggested in the three Section 1407 motions, while other respondents have expressed support for one of four other potential transferee districts: the Northern District of Illinois, the Southern District of Illinois, the District of New Jersey, and the Northern District of Ohio.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are purported class actions involving

---

[1] The Panel has been notified of additional related actions recently filed in the Middle and Southern Districts of Alabama, the Southern District of Florida, the Northern and Southern Districts of Illinois, the Eastern District of Louisiana, the Eastern District of Missouri, the District of New Jersey, and the Eastern District of Texas. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

allegations that common defendants have engaged in the illegal promotion and sale of the drug Neurontin for "off-label" use. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

In concluding that the District of Massachusetts is an appropriate forum for this docket, we note that i) the district is where a False Claims Act *qui tam* action predicated on the same facts as those at issue in the MDL-1629 actions had been pending for eight years and had proceeded to a very advanced stage before being settled; and ii) the judge assigned to the constituent MDL-1629 Massachusetts actions is the same judge who presided over the *qui tam* action and is thus already thoroughly familiar with the issues of fact and law raised in the MDL-1629 actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to that district and, with the consent of that court, assigned to the Honorable Patti B. Saris for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

### MDL-1629 -- In re Neurontin Marketing and Sales Practices Litigation

#### Southern District of Alabama

*Gulf Distributing Holdings, LLC v. Pfizer, Inc.*, C.A. No. 1:04-403

#### Eastern District of Arkansas

*Claudia Lang v. Pfizer, Inc., et al.*, C.A. No. 5:04-234
*James Hope v. Pfizer, Inc., et al.*, C.A. No. 5:04-248

#### Northern District of Florida

*Sylvia G. Hyman v. Pfizer, Inc., et al.*, C.A. No. 3:04-215
*Clifford Eckenrode v. Pfizer, Inc., et al.*, C.A. No. 3:04-240

#### Northern District of Georgia

*Johnny Ray Meeks, et al. v. Pfizer, Inc., et al.*, C.A. No. 1:04-1781

#### Southern District of Illinois

*Brenda Straddeck v. Pfizer, Inc., et al.*, C.A. No. 4:04-4106

#### Southern District of Indiana

*Gerald Smith v. Pfizer, Inc., et al.*, C.A. No. 1:04-1052

#### Eastern District of Louisiana

*Emma B. Christina v. Pfizer, Inc., et al.*, C.A. No. 2:04-1450
*Debra Mull, etc. v. Pfizer, Inc., et al.*, C.A. No. 2:04-1489
*Maggie Dorty, et al. v. Pfizer, Inc., et al.*, C.A. No. 2:04-1547
*Dianne Irene Hood v. Pfizer, Inc., et al.*, C.A. No. 2:04-1575
*Joyce B. Duhe v. Pfizer, Inc., et al.*, C.A. No. 2:04-1591
*Patricia Ann White v. Pfizer, Inc.*, C.A. No. 2:04-1712

#### Western District of Louisiana

*Annie D. Blevins v. Pfizer, Inc.*, C.A. No. 6:04-1162

- 2 -

**MDL-1629 Schedule A (Continued)**

### District of Massachusetts

*The Guardian Life Insurance Co. of America v. Pfizer, Inc., et al.*, C.A. No. 1:04-10739
*Aetna, Inc. v. Pfizer, Inc., et al.*, C.A. No. 1:04-10958
*Harden Manufacturing Corp. v. Pfizer, Inc., et al.*, C.A. No. 1:04-10981
*Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Pfizer Inc., et al.,*
  C.A. No. 1:04-10984

### District of Minnesota

*John Lerch v. Pfizer, Inc., et al.*, C.A. No. 0:04-3021

### Southern District of Mississippi

*Mary Jane Gordon, et al. v. Pfizer, Inc., et al.*, C.A. No. 1:04-552

### District of New Jersey

*ASEA/AFSCME Local 52 Health Benefits Trust, et al. v. Pfizer, Inc., et al.,*
  C.A. No. 2:04-2577
*Julie K. Bakle v. Pfizer, Inc., et al.*, C.A. No. 2:04-2935

### Southern District of New York

*Lorraine Kopa v. Pfizer, Inc., et al.*, C.A. No. 1:04-4593

### Northern District of Ohio

*Mary Lou Lienerth v. Pfizer, Inc., et al.*, C.A. No. 1:04-1161

### Western District of Tennessee

*James Doyle v. Pfizer, Inc., et al.*, C.A. No. 2:04-2509

### Northern District of Texas

*Tammylee Willoz v. Pfizer, Inc., et al.*, C.A. No. 3:04-1234