UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSURANT HEALTH, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PFIZER, INC., et al.,<br><br>Defendants. | Civil Action: 2:05-cv-0095<br>**Argument Date: To be assigned**<br><br>Hon. Joel A. Pisano, U.S.D.J.<br>Hon. Madeline C. Arleo, U.S.M.J. |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REMAND AND IN OPPOSITION TO
DEFENDANTS' CROSS MOTION TO DEFER RULING ON REMAND**

BUDD LARNER
David J. Novack DN9527
150 JFK Parkway
Short Hills, NJ 07078
(973) 379-4800

Admitted pro hac vice:

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Annamarie A. Daley
Mark Ireland
Sonya C. Seidl
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

**TABLE OF CONTENTS**

# TABLE OF AUTHORITIES

Page

**Cases**

*Aetna Health v. Davila,* 124 S. Ct. 2488 (2004) ................................................................. 4

*Anthem, Inc. v. Bristol-Myers Squibb,* No. 03-0008, 2003 U.S. Dist. LEXIS 15762 (D.N.J. March 18, 2003) ................................................................................................................. 11

*Beneficial Nat'l Bank v. Anderson,*
539 U.S. 1 (2003) ................................................................................................. 4

*Burgess v. Pfizer, Inc.,*
No. 04-CV-00479-GPM (S.D. Ill. Oct. 21, 2004) ................................................. 7, 11

*Christianson v. Colt Indus. Operating Corp.,*
486 U.S. 800 (1988) ............................................................................................. 1, 5

*City of Chicago v. Int'l College of Surgeons,*
522 U.S. 156 (1997) ............................................................................................. 8

*Clark v. Pfizer, Inc.,*
No. 04-3354 (E.D. Pa. Sept. 7, 2004) ................................................................. 11

*Congress of Calif. Seniors, et al. v. Pfizer,*
CV-03-1564-SVW (C.D. Calif. Feb. 3, 2003) ..................................................... 7, 11

*Creekmore v. Food Lion, Inc.,*
797 F. Supp. 505 (E.D. Va. 1992) ....................................................................... 3

*D'Allessio v. New York Stock Exchange, Inc.,*
258 F.3d 93 (2d Cir. 2001) ................................................................................. 8

*Dawson ex rel. Thompson v. Ciba-Geigy Corp.,*
145 F. Supp. 2d 565 (D.N.J.) ............................................................................. 8

*Dukes v. Healthcare, Inc.,*
57 F.3d 350 (3d Cir. 1995) ................................................................................. 4

*Frayler v. NYSE,*
118 F. Supp. 2d 448 (S.D.N.Y. 2000) ................................................................. 8

*Gucklin v. Nagle,*
259 F. Supp. 2d 406 (E.D. Penn. 2003) ............................................................. 6

*I.A. Durbin, Inc. v. Jefferson Nat'l Bank,*
793 F.2d 1541 (11th Cir. 1986) ......................................................................... 10

*In re Neurontin Marketing and Sales Practices Litigation,*
MDL Docket No. 1629 (D. Mass) ..................................................................... 10

*Landis v. North American. Co.,*
299 U.S. 248 (1936) ......................................................................................... 10

*Merrell Dow Pharms., Inc. v. Thompson,*
478 U.S. 804 (1986) ....................................................................................... 1, 6, 7, 8

*Michaels v. State of New Jersey,*
955 F. Supp. 315 (D.N.J. 1996) ......................................................................... 3

*Montana v. Abbot Labs.,*
266 F. Supp. 2d 250 (D. Mass. 2003) ................................................................. 7

*Moody v. Comm'l Ins. Co. of Newark N.J.*,
  753 F. Supp. 198 (N.D. Tex. 1990) .................................................................................. 3
*Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148 (4th Cir. 1994) .................................................................................. 7
*Nashoba Communications Ltd. P'ship No. 7 v. Town of Danvers*,
  893 F.2d 435 (1st Cir. 1990) ............................................................................................ 7
*PCS 2000 LP v. Romulus Telecomms., Inc.*,
  148 F.3d 32 (1st Cir. 1998) .............................................................................................. 7
*Pierson v. Pfizer, Inc.*,
  No. 04-CV-0478-MJR (S.D. Ill. Aug. 24, 2004) ........................................................ 7, 11
*Rogers v. Platt*,
  814 F.2d 683 (D.C. Cir. 1987) ......................................................................................... 7
*Rubel v. Pfizer, Inc.*,
  No. 03 C 2674 (N.D. Ill. Aug. 12, 2003) ................................................................ 7, 8, 11
*Smith v. Indus. Valley Title Ins. Co.*,
  957 F.2d 90 (3d Cir. 1992) ........................................................................................... 6, 7
*Taylor v. Anderson*,
  234 U.S. 74 (1914) ........................................................................................................... 4
*Telesis Mergers & Acquisitions, Inc. v. Atlis Fed. Servs., Inc.*,
  918 F. Supp. 823 (D.N.J. 1996) ....................................................................................... 2
*Utley v. Varian Assocs.*, Inc.,
  811 F.2d 1279 (9th Cir. 1987) ......................................................................................... 7
*Vassilatos v. Del Monte Fresh Produce Co.*,
  2004 U.S. LEXIS 22123 (S.D. Fla. July 23, 2004) ....................................................... 11
*Villarreal v. Chrysler Corp.*,
  No. C-95-4414 FMS, 1996 U.S. Dist LEXIS 3159, 1996 WL 116832 (N.D. Cal. Mar. 12, 1996) .............................................................................................................................. 11
*West 14th Street Commercial Corp v. 5 West 14th Owners Corp.*,
  815 F.2d 188 (2d Cir. 1987) ............................................................................................ 8
*Willy v. Coastal Corp.*,
  855 F.2d 1160 (5th Cir. 1988) ......................................................................................... 7

**Statutes**
Fed. R. Civ. P. 11(a) ............................................................................................................ 3
28 U.S.C. 1447(c) ................................................................................................................ 2

**Other Authorities**
Manual for Complex Litigation § 20.132 ........................................................................... 11
Rules of the Judicial Panel on MDL, Rule 1.5 .................................................................. 11

## I. **INTRODUCTION**

In their opposition to Plaintiffs' remand motion, Defendants erroneously rely on certain references in Plaintiffs' Complaint to patents and Food and Drug Administration (FDA) regulations for their claim of federal question jurisdiction. The legal standard governing removal jurisdiction, however, is clear under the U.S. Supreme Court decisions in *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804 (1986) and *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800 (1988). "A claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories." *Christianson,* 486 U.S. at 810 (finding no federal question jurisdiction in an antitrust lawsuit even though the complaint contained patent references). Similarly, in the context of a lawsuit involving allegations of violations of the Federal Food Drug and Cosmetic Act (FDCA), the Supreme Court stated: "We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' *Merrell Dow,* 478 U.S. at 81, quoting 28 U.S.C. § 1331 (finding remand proper). Although Defendants cite these cases, they affirmatively ignore their holdings.

Defendants also improperly ignore Plaintiffs' alternative theories of liability and continue to redraft the allegations of Plaintiffs' Complaint. For example, at page 1 of Defendants' Opposition Memorandum, they cite paragraph 35 of the Complaint and state "the Complaint alleges that Defendants engaged in a 'false, deceptive, and misleading marketing campaign' to promote Neurontin **for non FDA-approved uses**." Defendants, not Plaintiffs, added the bolded language. Paragraph 35 makes no mention of the FDA and is a good summary

description of one of the alternative theories of liability underlying each of Plaintiffs' state law causes of action.

Although Defendants claim they timely complied with the strict technical requirements for removal, they provide no explanation why they untimely filed a new and second Joinder on behalf of two defendants. The first joinder was not signed by a New Jersey admitted attorney. The second joinder was actually signed by an attorney admitted in New Jersey. Defendants also do not explain why they failed to seek to correct what they now claim is, an incorrect docket entry by the Court Administrator on the date of the filing of the state court pleadings. And finally, although Defendants urge the Court to stay resolution of this jurisdictional issue (because they have sought transfer to the MDL), they fail to advise the Court that at least five other federal courts have remanded similar actions, including two of which denied defendants' motion for a stay. Like the decisions in those other cases involving liability theories based on Defendants' marketing activities, Plaintiffs' case should be remanded to state court.

## II. LEGAL ARGUMENT

### A. DEFENDANTS FAILED TO COMPLY WITH THE STRICT STATUTORY REMOVAL REQUIREMENTS.

Defendants do not dispute that the final day for filing of removal papers was January 5, 2005. However, they ignore that "[a]n action removed to Federal court may be remanded to state court pursuant to Section 1447(c) on the basis of any defect in the removal procedure. . . . Moreover, removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand." *Telesis Mergers & Acquisitions, Inc. v. Atlis Fed. Servs., Inc.*, 918 F. Supp. 823, 828 (D.N.J. 1996) (citations omitted).

Defendants also do not dispute that the state court pleadings should have been filed with the Notice of Removal no later than the January 5 deadline. While the court's electronic docket

2

states that the Notice of Removal was filed on January 5, that same docket states that the state court pleadings were not filed until January 12, 2005. (Novack Affidavit, Ex. A). Although Defendants now claim that the docket contains a clerical error, the record contains no evidence that Defendants corrected this alleged Court error or even attempted to correct it.[1]

Defendants also failed to meet the removal statute's requirements because Defendants de Vink's and Wild's Joinder to the Notice of Removal was defective. Here, although defendants De Vink and Wild filed a "Joinder" on January 5, 2005, that joinder was signed by an attorney who was not admitted to the New Jersey bar. (Novack Aff., Ex. B) Therefore, the Joinder failed to comply with the requirement that the "attorney of record who is a member of the bar of this Court shall personally sign all papers submitted to the Court or filed with the Clerk." New Jersey Local Civ. R. 11.1(a) (2004). *See also* Fed. R. Civ. P. 11(a). Defendants apparently recognized this deficiency when they decided to file a new Joinder, signed by an admitted attorney, on January 14, 2005.[2] (Novack Aff., Ex. D). However, this joinder was filed nine days after the removal deadline.

Section 1446 of Chapter 28 "requires all defendants, individually or through their counsel, to voice their consent before the court, not through another party's attorney." *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 509 (E.D. Va. 1992). *Accord Moody v. Commercial Ins. Co. of Newark N.J.*, 753 F. Supp. 198 (N.D. Tex. 1990) (prohibiting amendment of notice). Defendants' reliance on *Michaels v. State of New Jersey*, 955 F. Supp. 315 (D.N.J. 1996), is misplaced. The *Michaels* court recognized the extraordinary circumstances

---

[1] Additionally, if any confusion exists about what documents the Pfizer Defendants were filing on January 5, the responsibility for that confusion lies with those Defendants. Their own transmittal letter did not state that they were filing, with their papers, copies of the state court pleadings. The January 5, 2005 transmittal letter to the Court simply stated, "Enclosed herewith for filing is the original and one copy of the Notice of Removal, along with attachments." (Campione Aff., Ex B).

[2] This Joinder was signed by Pfizer's counsel, Richard Placey. On February 11, 2005, the date on which Defendants filed their Opposition Memorandum, a Substitution of Counsel also was filed in which Mr. Placey was replaced. (Campione Aff., Ex. C).

3

"in this limited instance" that permitted amending the notice of removal after the thirty-day period. *Id.* at 322 (in that case, the only party challenging removal lacked standing to do so and no other party, including the plaintiff, made any challenge to the removal petition). Here, no extraordinary circumstances exist, nor are Defendants even alleging that they do. And here, Plaintiffs have standing to challenge Defendants' removal.[3]

### B. DEFENDANTS FAIL TO MEET THEIR BURDEN FOR REMOVAL JURISDICTION

#### 1. Applicable Legal Standard

Defendants' Opposition Memorandum completely ignores and does not even mention that the burden of proof to establish removal jurisdiction rests with them—a legal principle clear under the Third Circuit law in *Dukes v. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). Additionally, the Supreme Court has stated: "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003). A state claim may be removed to federal court in only two circumstances—when Congress expressly so provides . . . or when a federal statute wholly displaces the state law cause of action through complete preemption. *Id.* at 8. As the U.S Supreme Court most recently stated in *Aetna Health v. Davila,* 124 S. Ct. 2488, 2494-95 (2004) (U.S. citation not available), under the well-pleaded complaint rule, federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* (quoting *Taylor v. Anderson,* 234 U.S. 74, 75-76 (1914)).

---

[3] Defendants also cite several other federal court decisions in support of their position that their defect is of "no consequence and/or should be waived here because it was promptly fixed," (Defendants' Opposition, p. 14). However, none of those cases involved a claim of a defect in removal papers.

4

Defendants' Opposition Memorandum omits that the "matters of federal law" Defendants assert to be "necessary" for Plaintiffs to obtain relief are either affirmative defenses or partial critiques of a theory to a claim.[4] Just because an element that is essential to a particular theory might be governed by federal patent law does not mean that the entire monopolization claim 'arises under' patent law." *Christianson*, 486 U.S. at 811 (citations omitted). "If on the face of a well pleaded complaint there are . . . reasons unrelated to the provisions and purposes of [the patent laws] why the [plaintiff] may or may not be entitled to the relief it seeks, then the claim does not 'arise under' those laws." *Id.*, 486 U.S. at 810.[5] Here, as described in Plaintiffs' Initial Memorandum, neither federal patent law nor the FDCA is essential to each of plaintiffs' theories for any of plaintiffs' claims. As the *Christianson* court stated: "Thus, a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories." *Christianson*, 486 U.S. at 810. Consequently, remand should be granted.

### 2. Defendants Incorrectly State Plaintiffs' Allegations.

Defendants' argument that "federal law is a necessary element of most of Plaintiffs' claims" is wrong. *See* Defendants' Opposition Memorandum, p. 16, n. 9. Defendants repeatedly misconstrue Plaintiffs' allegations. For example, Defendants state: "In addition, the Complaint alleges that Defendants engaged in 'a false, deceptive, and misleading marketing campaign' to promote Neurontin for non FDA-approved uses." *Id.* ¶ 35. Defendants' Opposition Memorandum, p. 1. However, Paragraph 35 of Plaintiffs' Complaint states: "To create additional demand for Neurontin, Defendants implemented a false, deceptive, and misleading

---

[4] Even Defendants' argument about Plaintiffs' request for relief to enjoin Defendants from engaging in illegal activities misses the point. Plaintiffs' right to injunctive relief does not depend solely on any violation of federal law since the alleged marketing activities of Defendants also are illegal activities under state law.

[5] Defendants' Opposition Memorandum (at page 1) cut off the sentence in the middle and inserted a period without brackets, editing out the bolded part of the cited sentence.

marketing program designed to convince the public, including Plaintiffs, that Neurontin was safe and effective for certain uses that were, in fact, not safe and effective." Plaintiffs' Compl., ¶ 35.

As the above quote demonstrates, Plaintiffs do not limit their allegations against Defendants' illegal practices to promoting Neurontin "for non-FDA approved uses." Rather, Plaintiffs broadly allege that Defendants engaged in a false, deceptive, and misleading marketing campaign.

Defendants also mistakenly argue that Plaintiffs have not alleged any existence of an anti-competitive agreement without relying on patent law. However, Plaintiffs' Complaint states:

- "Defendant Pfizer entered into agreements with doctors, providers, marketing firms, and other independent entities to unreasonably restrain trade, further anticompetitive goals, and improperly expand and maintain market share and power." (Compl., ¶ 38).
- "Defendant Pfizer entered into an agreement with Cline, Davis & Mann . . . to develop a marketing program that would improperly expand and grow Defendant Pfizer's market share and power." (Compl., ¶ 39).
- "As a direct and proximate cause of Defendant Pfizer's agreements with third parties, sales of Neurontin grew dramatically and Defendant Pfizer's market share and power similarly grew." (Compl., ¶ 42).

### 3. Since the FDCA Provides No Private Cause of Action, Federal Question Jurisdiction Cannot Be Found.

The Third Circuit has held that a "private federal remedy for a violation of [a] federal statute is a *prerequisite* for finding federal question jurisdiction." *Smith v. Indus. Valley Title Ins. Co.*, 957 F.2d 90, 93 (3d Cir. 1992) (emphasis added); *see also Gucklin v. Nagle*, 259 F. Supp. 2d 406, 412 (E.D. Penn. 2003) (holding that a possible violation of the FDCA does not raise a substantial federal question).

Under *Merrell Dow*, even where a state-law claim includes as a necessary element the violation of a federal statute, federal-question jurisdiction only exists if the federal statute

6

provides a private course of action. *Montana v. Abbot Labs.*, 266 F. Supp. 2d 250 (D. Mass. 2003). The Supreme Court held that even if plaintiffs' state-law claim turned on a violation of the FDCA, this was not an issue of federal law substantial enough to convey federal-question jurisdiction. *Id.* at 256.

Defendants' attempts to distinguish *Merrell Dow* by citing to Judge Cowen's <u>dissent</u> must be rejected. Numerous courts have followed *Merrell Dow*.[6] Not only have numerous courts followed *Merrell Dow*, at least five other federal district courts have granted remand motions in state law cases challenging defendants' marketing of Neurontin. *Burgess v. Pfizer, Inc.*, No. 04-CV-00479-GPM (S.D. Ill. Oct. 21, 2004); *Clark v. Pfizer, Inc.*, No. 04-3354 (E.D. Pa. Sept. 7, 2004); *Pierson v. Pfizer, Inc.*, No. 04-CV-0478-MJR (S.D. Ill. Aug. 24, 2004) (also awarding removal costs against Pfizer); *Rubel v. Pfizer, Inc.*, No. 03 C 2674 (N.D. Ill. Aug. 12, 2003); (Campione Aff., Exs. F, G, H, I and J); *Congress of Calif. Seniors, et al. v. Pfizer*, CV-03-1564-SVW (C.D. Cal. April 25, 2003). (Novack Aff., Ex. F).

Similarly, Defendants arguments in reliance on *West 14th* should be rejected as inapplicable to Plaintiffs' claims in this case. *West 14th* involved a preemptory declaratory

---

[6] *See PCS 2000 LP v. Romulus Telecomms., Inc.*, 148 F.3d 32, 35 (1st Cir. 1998) ("Unless a federal statute bestows a private right of action, courts ought to presume that Congress did not intend the statute to confer federal jurisdiction."); *Nashoba Communications Ltd. P'ship No. 7 v. Town of Danvers*, 893 F.2d 435, 439 (1st Cir. 1990) (rejecting defendants' argument that plaintiff's state-law claims raised a federal question concerning the Cable Communications Policy Act of 1984, 47 U.S.C. § 543 (Supp. II 1984), because the statute's lack of an express or an implied private remedy "made the federal issue insubstantial"); *Seinfeld v. Austen*, 39 F.3d 761, 764 (7th Cir. 1994) ("Under *Merrell Dow*, therefore, 'if federal law does not provide a private right of action, then a state law action based on its violation perforce does not raise a "substantial" federal question.'") (quoting *Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1283 (9th Cir. 1987)); *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 152 (4th Cir. 1994) ("Under *Merrell Dow*, if a federal law does not provide a private right of action, a state law action based on its violation does not raise a 'substantial' federal question."); *Smith v. Ind. Valley Title Ins. Co.*, 957 F.2d 90, 94 (3rd Cir. 1992) ("Since Congress has not provided a private federal remedy for violating [26 U.S.C.] § 6045(e)(3), *Merrell Dow* dictates that the district court did not have subject matter jurisdiction . . . ."); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1168 (5th Cir. 1988) ("*Merrell Dow* held that a private, federal remedy was a necessary predicate to determining the presence of a federal element in a state-created cause of action resulted in that cause of action being one which arose under federal law . . . ."); *Rogers v. Platt*, 814 F.2d 683, 688 (D.C. Cir. 1987) ("In *Merrell Dow* . . . [the] Court held that if Congress affirmatively determines that there should be no private federal cause of action that is effectively the end of the matter.").

judgment action where the court found that if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question. *West 14th Street Commercial Corp v. 5 West 14th Owners Corp.*, 815 F.2d 188, 194 (2d Cir. 1987).

*International College of Surgeons,* also cited by Defendants, is inapplicable. There, the Court found federal jurisdiction existed when plaintiffs' state court complaints raised federal constitutional challenges. *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 164 (1997). In that case, the Supreme Court held that plaintiffs' federal constitutional claims, which turned exclusively on federal law, 'arose under' the laws of the United States. *Id.* at 164. Here, however, Plaintiffs have not asserted any federal constitutional claims.

Two other cases on which Defendants rely are also inapplicable. *See D'Allesio v. NYSE,* 258 F.3d 93 (2d Cir. 2001); *Frayler v. NYSE,* 118 F. Supp. 2d 448, 450 (S.D.N.Y. 2000). In *D'Allesio,* the Plaintiff's claims focused on federal law. The Plaintiff alleged that he had been provided with incorrect interpretation of federal laws, in violation of federal laws. As the *Rubel* court noted in its remand decision in response to this same argument from the Defendants, "[t]o the extent that *D'Allesio* [citation omitted] suggests a contrary result, this court respectfully disagrees." *See, e.g. Dawson ex rel. Thompson v. Ciba-Geigy Corp.,* 145 F. Supp. 2d 565, 570, n. 9 (D.N.J. 2001) ("[I]f Plaintiffs had claimed a violation of the FDCA as an element of a state law claim, removal would not be proper under [*Merrell Dow*]." The court found that the premise of plaintiff's tort claims was that the defendants themselves violated and purposely encouraged plaintiff and others to violate § 11(a) of the Exchange Act by promulgating erroneous and misleading interpretations of that statutory provision. *Frayler,* 118 F. Supp. 2d at 450. Unlike the complaints in *D'Allesio* and *Frayler,* Plaintiffs' broad allegations are based upon Defendants' illegal scheme to enter into anti-competitive agreements to make fraudulent misrepresentations

to expand market share and power, and do not depend solely upon a violation of FDA regulations.

### 4. Plaintiffs' Alternate Theories of Liability Do Not Depend on Resolution of Federal Patent Law.

Liability in this matter does not ultimately depend upon the resolution or interpretation of federal patent law and thus the case should be remanded to state court. A court need not decide any patent question to find that Defendants engaged in fraudulent or anti-competitive conduct in violation of any of Plaintiffs' state law causes of action.

Defendants rely heavily upon Judge Lifland's decision in the *Antitrust MDL – Sall/Zafarana Opinion* (Novack Aff., Ex. K), but Judge Lifland's decision related solely to the allegations supporting the state law anti-competition claims in those two complaints. Plaintiffs' claims are different from the claims pursued in both *Sall* and *Zafarana*. Here, Plaintiffs allege an illegal conspiracy scheme, carried out through a false, deceptive and misleading marketing campaign. Complaint, ¶ 32. Plaintiffs also allege that Defendant Pfizer entered into agreements with independent entities, paying them money in exchange for false, deceptive and misleading promotion of Neurontin, and that Defendants made deceptive statements related to Neurontin. Further, Defendants misrepresented the independence of their "medical liaisons." These claims, and more importantly, these theories of liability, were not advanced by the plaintiffs in *Sall* or *Zafarana*. Importantly, therefore, Plaintiffs do not rely solely, or even substantially, on theories related to patent law to establish their antitrust claims. Rather, Plaintiffs assert multiple, alternative theories to establish state antitrust claims, which make no reference to patent law, or any other federal law.

Further, Defendants currently argue that "Plaintiffs belong in one of the two pending Neurontin MDLs." Defendants' Opposition Memorandum, p. 2. Defendants, however, fail to

9

inform the Court that they already have advised the Joint Panel on Multidistrict Litigation of their position that Plaintiffs' Complaint belongs in a different MDL action, the MDL action venued in Boston. *In re Neurontin Marketing and Sales Practices Litigation*, MDL Docket No. 1629 (D. Mass). (Campione Aff., Ex. A).

Defendants' current argument about the applicability of Judge Lifland's decision to Plaintiffs' complaint fails because Pfizer admitted "that the factual and legal issues involved in *In re Neurontin* Litigation (MDL 1479) [Judge Lifland's case] are different from the factual and legal issues relating to the Neurontin Marketing Actions." (Campione Aff., Ex. K). The JPML ultimately determined that the marketing and sales cases should not be transferred and consolidated in MDL 1479, but rather a new and separate MDL (MDL 1629) should be formed.

Additionally, Defendants cite *ASEA v. Pfizer*, Civil Action No. 2:04cv02577, JAP/MCA as the initial complaint giving rise to the MDL 1629 in the District of Massachusetts. Defendants' Opposition Memorandum, p. 8. Their attempt to suggest the transfer of the *ASEA* case to MDL 1629 in support of their argument of federal-question jurisdiction ignores that the *ASEA* plaintiffs expressly asserted violations of federal statutes, including the Racketeer Influenced and Corrupt Organizations Act. In light of the foregoing, Plaintiffs' remand motions should be granted.

### C. THE COURT SHOULD DENY DEFENDANTS' CROSS MOTION TO DEFER RULING.

The decision whether to grant a stay of proceeding pending a ruling on a transfer to a MDL court lies within the Court's discretion. *Landis v. North American. Co.*, 299 U.S. 248, 254-55 (1936); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). It is well established that "the pendency of a [transfer] motion . . . before the [Judicial] Panel [on Multidistrict Litigation] . . . does not affect or suspend orders and pretrial proceedings in the

district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Rules of the Judicial Panel on MDL, Rule 1.5; *see also Villarreal v. Chrysler Corp.*, No. C-95-4414 FMS, 1996 U.S. Dist LEXIS 3159, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("Consistent with the directives of the Panel, a stay is improper. Judicial economy will best be served by addressing the remand issue because a determination on this issue will facilitate litigation in the appropriate forum.");[7] Manual for Complex Litigation § 20.132, at 220-21 (4th ed. 2004) (approving resolution of remand motions before Panel's conclusive transfer decision); *Vassilatos v. Del Monte Fresh Produce Co.*, No. 04-80450, 2004 U.S. LEXIS 22123 at *8 (S.D. Fla. July 23, 2004) ("[I]t is always in the best interest of judicial economy to decide issues of jurisdiction as early as possible to conserve scarce federal resources.").

Other courts considering such remand motions involving Neurontin marketing lawsuits have rejected Pfizer's prior requests for stays.[8] As described in Plaintiffs' Initial Memorandum, this situation also is similar to a prior case involving antitrust and consumer fraud claims against another pharmaceutical company in *Anthem, Inc. v. Bristol-Myers Squibb*, No. 03-0008, 2003 U.S. Dist. LEXIS 15762 (D.N.J. March 18, 2003). There, Judge Walls rejected defendants' suggestion to stay resolution of the jurisdictional issue pending a final transfer decision from the JPML, and granted plaintiffs' motion to remand. Judge Walls found that judicial economy

---

[7] Cases not published in a federal reporter have been attached to the Campione affidavit for the Court's reference.

[8] *See, e.g., Burgess v. Pfizer, Inc.*, No. 04-CV-00479-GPM (S.D. Ill. Oct. 21, 2004); *Clark v. Pfizer, Inc.*, No. 04-3354 (E.D. Pa. Sept. 7, 2004); *Pierson v. Pfizer, Inc.*, No. 04-CV-0478-MJR (S.D. Ill. Aug. 24, 2004); *Rubel v. Pfizer, Inc.*, No. 03 C 2674 (N.D. Ill. Aug. 12, 2003) *Congress of Calif. Seniors, et al. v. Pfizer*, CV-03-1564-SVW (C.D. Cal. April 25, 2003).

11

would be promoted by deciding the jurisdictional question without waiting for a transfer decision from the JPML. *Id.* at *7.[9] Here, a decision on Plaintiffs' remand motion should not be stayed.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Remand.

Respectfully submitted,

BUDD LARNER

Dated: February 25, 2005.    By: _____
DAVID J. NOVACK DN-9527

150 JFK Parkway
Short Hills, NJ 07078
(973) 379-4800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Annamarie A. Daley, *pro hac vice*
Mark Ireland, *pro hac vice*
Sonya C. Seidl, *pro hac vice*
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

ATTORNEYS FOR PLAINTIFFS

---

[9] Defendants' Opposition Memorandum completely failed to address Judge Walls' decision.

12

## Certificate of service

I certify on February 25, 2005, I caused the following documents to be electronically filed with the court:

1. Plaintiffs' Notice of motion to remand to the state court;

2. Memorandum of Law in support;

3. Affidavit of David J. Novack;

4. Proposed form of order;

5. Certificate of service;

6. Defendants' Opposition to the notice of motion to remand and notice of cross-motion to defer ruling on remand pending MDL transfer;

7. Memorandum of Law in support;

8. Certification of Richard G. Placey, Esq.;

9. Proposed form of order;

10. Certificate of service;

11. Plaintiffs' memorandum of law in further support of its motion to remand and in opposition to defendants' cross-motion to defer ruling on remand pending MDL transfer;

12. Affidavit of Ronald J. Campione, Esq.

13. Certificate of Service.

14. Cover letter.

I further certify that the following counsel of record were notified by the ECF system of this filing along wiht a copy of the

cover letter:

Richard G. Placey, Esq.,
Montgomery McCracken Walker & Rhoads, LLP,
457 Haddonfield Road, Suite 600,
Cherry Hill, NJ 07002.

Scott Edelman, Esq.                          James Rouhandeh, Esq.
Milbank Tweed Hadley & McCloy, LLP           Davis Polk Wardell
One Chase Manhattan Plaza                    450 Lexington Avenue
New York, NY 10005                           New York, NY 10017

Paul Corcoran, Esq.
Davis & Gilbert, LLP
74 Sherwood Road
Tenafly, NJ 07670

I further certify that one copy of the above documents were served via Federal Express to Chambers of the Honorable Joel A. Pisano, U.S.D.J.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

_____
DONNA DEENEY
Paralegal

Dated: February 25, 2005