## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ASSURANT HEALTH, INC., et al.,

                Plaintiffs,

v.

PFIZER, INC., et al.,

                Defendants.

Civil Action:  2:05-cv-0095

Hon. Joel A. Pisano, U.S.D.J.
Hon. Madeline C. Arleo, U.S.M.J.

---

### AFFIDAVIT OF RONALD J. CAMPIONE IN SUPPORT OF PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND AND IN OPPOSITION TO DEFENDANTS' CROSS MOTION TO DEFER RULING ON REMAND

Ronald J. Campione, being duly sworn on oath, states as follows:

1.      I am an attorney at the law firm of BUDD LARNER, and counsel for Plaintiffs in the above-captioned matter.  I submit this Affidavit to identify the exhibits cited and relied upon in connection with Plaintiffs' Motion to Remand and Opposition to Defendants' Cross-Motion to Defer Ruling on Remand.

2.      Attached as Exhibit A is a true and correct copy of Defendants' January 11, 2005 letter to the JMPL listing *Assurant Health Inc., et al. v. Pfizer Inc. et. al.,* as a potential tag along action in MDL 1629.

3.      Attached as Exhibit B is a true and correct copy of Defendants' January 5, 2005 letter to the court administrator regarding removal papers.

4.      Attached as Exhibit C is a true and correct copy of Defendants' Substitution of Counsel, dated February 11, 2005.

5.      Attached as Exhibit D is a true and correct copy of the October 26, 2004 Transfer Order by the Judicial Panel on Multidistrict Litigation ("JPML") regarding *In re Neurontin Marketing and Sales Practices Litigation.*

6.      Attached as Exhibit E is a true and correct copy of the JPML's February 8, 2005 to involved counsel regarding MDL-1629 *In re Neurontin Marketing and Sales Practices Litigation* with accompanying Conditional Transfer Order (CTO-3) listing *Assurant Health, Inc., et al. v. Pfizer, Inc., et al.* as a tag-along action.

7.      Attached as Exhibit F is a true and correct copy of the Memorandum and Order granting Plaintiff's motion to remand in *Clark v. Pfizer, Inc.* (E.D. Penn), with Defendants' Opposition brief.

8.      Attached as Exhibit G is a true and correct copy of the Memorandum and Order granting Plaintiff's motion to remand in *Pierson v. Pfizer, Inc.* (S.D. Ill.).

9.      Attached as Exhibit H is a true and correct copy of the Memorandum opinion and order granting plaintiff's motion to remand in *Rubel v. Pfizer, Inc., et al.* (N.D. Ill.), with Defendants' Opposition brief.

10.     Attached as Exhibit I is a true and correct copy of the Order by the United States Court of Appeals for the Seventh Circuit dismissing Defendants' appeal for want of jurisdiction in *Rubel v. Pfizer, Inc., et al.* (N.D. Ill.).

11.     Attached as Exhibit J is a true and correct copy of the October 21, 2004 letter from the United States District Court for the Southern District of Illinois enclosing the Minute Entry remanding *Burgess v. Pfizer, Inc. et al.,* Civ. No. 04-cv-00479 (GPM) (S.D. Ill.) to state court in Madison County, with Defendants' Opposition brief.

2

12.     Attached as Exhibit K is a true and correct copy of Defendants' Consolidated Response to Pending Motions to Transfer and Defendants' Cross-Motion to Transfer Pursuant to 28 U.S.C. § 1407, MDL Docket No. 1629, dated July 12, 2004.

13.     Attached as Exhibit L is a true and correct copy of *Anthem, Inc., et al. v. Bristol-Myers Squibb Company, et al.*, 2003 U.S. Dist. LEXIS 15762 (D.N.J. March 17, 2003).

14.     Attached as Exhibit M is a true and correct copy of *Vassilatos, et al. v. Del Monte Fresh Produce Co., et al.,* 2004 U.S. Dist. LEXIS 22123 (S.D. Fla. July 23, 2004).

15.     Attached as Exhibit N is a true and correct copy of *Villarreal, et al., v. Chrysler Corp.*, 1996 U.S. Dist. LEXIS 3159 (N.D. Cal. March 11, 1996).

Dated: February 25, 2005.

_____
Ronald J. Campione

Subscribed and sworn to before me
this 25th day of February, 2005.

_____
Notary Public

**ROSEMARY A. BONOCORE**
**NOTARY PUBLIC OF NEW JERSEY**
My Commission Expires March 8, 2009

Word 20124115.1

# EXHIBIT A

## DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

JAMES P. ROUHANDEH
212 450 4835
james.rouhandeh@dpw.com

15, AVENUE MATIGNON
75008 PARIS

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

January 11, 2005

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

Re:   MDL-1629 -- In re Neurontin Marketing and Sales Practices Litigation

Mr. Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, D.C. 20002-8004

Dear Mr. Beck:

Pursuant to Panel Rule 7.2(i), Defendants Pfizer Inc, Warner-Lambert Company, and Parke-Davis, a division of Warner-Lambert Company, hereby notify and advise the Judicial Panel on Multidistrict Litigation (the "Panel") that the following actions, listed below, are potential tag-along actions in the above-captioned matter:

1) *Assurant Health Inc., et. al. v. Pfizer Inc. et. al.,* No. 2:05-cv-00095-JAP-MCA (removed to federal court on January 5, 2005), pending in the United States District Court for the District of New Jersey before United States District Judge Joel A. Pisano;

2) *Sean McMinn v. Pfizer, Inc. et. al.,* No. 1:04-cv-02690-WYD, pending in the United States District Court for the District of Colorado before United States District Judge Wiley Y. Daniel.

Under Panel Rule 1.1, the above actions contain common factual allegations similar to those in the twenty-seven actions transferred by the Panel on October 26, 2004 to the District Court of Massachusetts (MDL 1629).

Enclosed please find courtesy copies of the above-mentioned actions as well as their docket sheets.

**RECEIVED**

JAN 1 4 2005

Mr. Michael J. Beck                    2                    January 11, 2005


If you have any questions, please do not hesitate to call me.


                                    Respectfully submitted,


                                    James P. Rouhandeh
                                    COUNSEL FOR PFIZER INC, WARNER-
                                    LAMBERT COMPANY, AND PARKE-
                                    DAVIS, A DIVISION OF WARNER-
                                    LAMBERT COMPANY


Enclosures

cc:     Counsel for Plaintiffs of Above-Noted Potential Tag-Along Actions
        (without enclosures; via U.S. Mail)

**SERVICE LIST**
In re Neurontin Marketing and Sales Practices Litigation
(MDL Docket No. 1629)

David J. Novack
BUDD LARNER
150 JFK Parkway
Short Hills, NJ 07078

Annamarie A. Daley
Mark Ireland
Sonya C. Seidl
ROBBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

W. Scott Simmer
Hardy Vieux
ROBBINS, KAPLAN, MILLER & CIRESI L.L.P.
1801 K. Street, N.W. Suite 1200
Washington, D.C. 20006

**Attorneys for Plaintiff Assurant Health Inc, et al.**

Chad P. Hemmat, Esq.
ANDERSON HEMMAT & LEVINE, LLC
1490 Lafayette Street, Suite 307
Denver, CO 80218

**Attorney for Plaintiff Sean McMinn**

# EXHIBIT B

 

## MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
### ATTORNEYS AT LAW

123 SOUTH BROAD STREET
AVENUE OF THE ARTS
PHILADELPHIA, PA 19109
215-772-1500
FAX 215-772-7620

RICHARD G. PLACEY
ADMITTED IN NEW JERSEY, PENNSYLVANIA,
DELAWARE & ILLINOIS

LIBERTYVIEW
457 HADDONFIELD ROAD, SUITE 600
CHERRY HILL, NJ 08002
856-488-7700
FAX 856-488-7720

300 DELAWARE AVENUE
SUITE 750
WILMINGTON, DE 19801
302-504-7800
FAX 302-504-7820



January 5, 2005

**VIA HAND DELIVERY**

United States District Court
District of New Jersey
M.L. King Jr. Federal Building and Courthouse
50 Walnut Street
Newark, NJ 07102

> **Re:   Assurant Health, Inc., et al. v. Pfizer Inc., et al.**

Dear Clerk:

Enclosed herewith for filing is the original and one copy of the Notice of Removal, along with attachments.

Also enclosed are:

1.   the Civil Cover Sheet (certain related cases are noted on the cover sheet)

2.   my firm's check in the amount of $150.00 to cover the filing fee; and

3.   a disk containing a pdf version of the Notice of Removal and supporting documents (the Notice of Removal, the Notice of Filing and Complaint are separate pdf documents on the disk).

I am also enclosing two additional copies of the Notice of Removal and the Notice of Filing. Would you please file stamp the additional two copies of each and return them to me in the enclosed self-addressed stamped envelope.

1121803v1

A LIMITED LIABILITY PARTNERSHIP FORMED IN PENNSYLVANIA
LOUIS A. PETRONI - NEW JERSEY RESPONSIBLE PARTNER



MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

United States District Court
January 5, 2005
Page 2

Thank you for your assistance in this matter.

Respectfully,

Richard G. Placey

RGP:pal
Enclosures

cc:    David J. Novack, Esquire (w/encl.)
       W. Scott Simmer, Esquire (w/encl.)
       Annamarie A. Daley, Esquire (w/encl.)
       Scott A. Edelman, Esquire (w/encl.)
       Paul Corcoran, Esquire (w/encl.)

1121803v1

# EXHIBIT C

FEB-11-2005  14:22                                                    P.05/09

Of Counsel:

Scott A. Edelman, Esq.
Hung G. Ta, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
One Chase Manhattan Plaza
New York, New York 10005

*Attorneys for Defendants*
*Lodewijk J.R. De Vink and Anthony Wild*

Kevin H. Marino (KHM 4941)
John A. Boyle (JAB 1058)
MARINO & ASSOCIATES, P.C.
One Newark Center, 9th Floor
Newark, New Jersey 07102-5211
Tel: (973) 824-9300
Fax: (973) 824-8425

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSURANT HEALTH, INC., et al., | Civil Action No.: 2:05-cv-0095 |
| Plaintiffs, | Honorable Joel A. Pisano, U.S.D.J. |
| -against- | Honorable Madeline C. Arleo, U.S.M.J. |
| PFIZER, INC. et al., | **SUBSTITUTION OF COUNSEL FOR** |
| Defendants. | **DEFENDANTS LODEWIJK J.R. DE VINK AND ANTHONY WILD** |

**PLEASE TAKE NOTICE** that the undersigned hereby consent to the substitution of

Marino & Associates, P.C. (Kevin H. Marino and John A. Boyle, appearing) and the withdrawal

of Montgomery, McCracken, Walker & Rhoads, LLP (John E. Caruso and Richard G. Placey,

appearing) as attorneys for the defendants Lodewijk J.R. De Vink and Anthony Wild in the

above-captioned matter.

MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
A Pennsylvania LLP
Withdrawing Counsel for Lodewijk
J.R. De Vink and Anthony Wild

By: _____
        JOHN E. CARUSO (JC-9283)

Dated: February 11, 2005

MARINO & ASSOCIATES, P.C.
Superseding Counsel for Lodewijk
J.R. De Vink and Anthony Wild

By: _____
        JOHN A. BOYLE

FEB-11-2005  14:23                                                                    P.06/09

Of Counsel:                              Kevin H. Marino (KHM 4941)
                                         John A. Boyle (JAB 1058)
Scott A. Edelman, Esq.                   MARINO & ASSOCIATES, P.C.
Hung G. Ta, Esq.                         One Newark Center, 9th Floor
Milbank, Tweed, Hadley & McCloy, LLP     Newark, New Jersey 07102-5211
One Chase Manhattan Plaza                Tel: (973) 824-9300
New York, New York 10005                 Fax: (973) 824-8425

*Attorneys for Defendants*
*Lodewijk J.R. De Vink and Anthony Wild*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSURANT HEALTH, INC., et al.,<br><br>               Plaintiffs,<br><br>-against-<br><br>PFIZER, INC. et al.,<br><br>               Defendants. | Civil Action No.: 2:05-cv-0095<br><br>Honorable Joel A. Pisano, U.S.D.J.<br><br>Honorable Madeline C. Arleo, U.S.M.J.<br><br>**CERTIFICATE OF SERVICE** |

JOHN A. BOYLE, of full age, hereby certifies as follows:

    1.     I am an associate at the law firm of Marino & Associates, P.C., attorneys for Defendants Lodewijk J.R. De Vink and Anthony Wild.

    2.     On February 11, 2005, I caused to be electronically filed with Mr. William T. Walsh, Clerk of the Court, United States District Court, District of New Jersey, Martin Luther King, Jr. Federal Building & Courthouse, 50 Walnut Street, Newark, New Jersey 07101, the originals of (1) the Substitution of Counsel for Defendants Lodewijk J.R. De Vink and Anthony Wild; and (2) this Certificate of Service.

    3.     On February 11, 2005, I caused to be sent, via Federal Express, to the Honorable Joel A. Pisano, U.S.D.J., United States District Court for the District of New Jersey, Martin

Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, a

courtesy copy of each of the documents described in paragraph 2.

    3.      On February 11, 2005, I caused to be sent, via Federal Express, to the Honorable

Madeline C. Arleo, U.S.M.J., United States District Court for the District of New Jersey, Martin

Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, a

courtesy copy of each of the documents described in paragraph 2.

    4.      On February 11, 2004, I caused one copy of each of the documents described in

paragraph 2 to be sent via facsimile and regular mail to all counsel on the attached list.

    I hereby certify that the foregoing statements are true.  I am aware that if any of the

foregoing statements are knowingly false, I am subject to punishment.

Dated:  February 11, 2005

                                        JOHN A. BOYLE

PAGE 7/9 * RCVD AT 2/11/2005 1:21:19 PM [Central Standard Time] * SVR:MP-RIGHTFAX/5 * DNIS:812 * CSID: * DURATION (mm-ss):01-46

*Assurant Health Inc., et al. v.*
*Pfizer, et al.*

James P. Rouhandeh
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Tel: 212 450 4000
Fax: 212 450 3800

Paul F. Corcoran
Neal H. Klausner
DAVIS & GILBERT LLP
1740 Broadway
New York, NY 10019
Tel:   (212) 468-4800
Fax:   (212) 468-4888

David J. Novack
BUDD LARNER
150 JFK Parkway
Short Hills, NJ 07078
Tel:   (973) 379-4800
Fax:   (973) 379-7734

Annamarie A. Daley
Mark Ireland
Sonya C. Seidl
ROBINS, KAPLAN, MILLER & CIRESI, LLP
 2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel:   (612) 349-8500
Fax:   (612) 339-4181

W. Scott Simmer
Hardy Vieux
ROBINS, KAPLAN, MILLER & CIRESI, LLP
1801 K Street, N.W.
Suite 1200
Washington, D.C. 20006
Tel:   (202) 775-0725
Fax:   (202) 223-8604

John E. Caruso
MONTGOMERY, McCRACKEN WALKER &  RHOADS, LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109
Tel:    215-772-7539
Fax:    215-772-7620

Richard G. Placey
MONTGOMERY, McCRACKEN WALKER &  RHOADS, LLP
Liberty View, Suite 600
457 Haddonfield Road
Cherry Hill, NJ  08002
Tel:    856-488-7700
Fax:    856-488-7720

# EXHIBIT D

I HEREBY ATTEST AND CERTIFY ON 10/20/04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
By _____ DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 26 2004

FILED
CLERK'S OFFICE

CIV 04-2935

*RELEASED FOR PUBLICATION*

**DOCKET NO. 1629**

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### TRANSFER ORDER

Now before the Panel are three separate motions encompassing a total of 27 actions that are listed on the attached Schedule A and are pending in sixteen districts as follows: six actions in the Eastern District of Louisiana; four actions in the District of Massachusetts; two actions each in the Eastern District of Arkansas, the Northern District of Florida, and the District of New Jersey; and one action each in the Southern District of Alabama, the Northern District of Georgia, the Southern District of Illinois, the Southern District of Indiana, the Western District of Louisiana, the District of Minnesota, the Southern District of Mississippi, the Southern District of New York, the Northern District of Ohio, the Western District of Tennessee, and the Northern District of Texas.[1] Pursuant to 28 U.S.C. § 1407, i) plaintiffs in one District of New Jersey action that originally moved for centralization in the District of New Jersey now move for centralization in the District of Massachusetts; ii) plaintiffs in two Eastern District of Louisiana actions move for centralization in their Louisiana district; and iii) common defendants Pfizer, Inc., Warner-Lambert Co., and Parke-Davis move for centralization in the Southern District of New York. No responding party opposes centralization, though respondents continue and expand upon the disagreement among movants regarding the appropriate choice for transferee district. Thus, some respondents support one of the forums suggested in the three Section 1407 motions, while other respondents have expressed support for one of four other potential transferee districts: the Northern District of Illinois, the Southern District of Illinois, the District of New Jersey, and the Northern District of Ohio.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are purported class actions involving

---

[1] The Panel has been notified of additional related actions recently filed in the Middle and Southern Districts of Alabama, the Southern District of Florida, the Northern and Southern Districts of Illinois, the Eastern District of Louisiana, the Eastern District of Missouri, the District of New Jersey, and the Eastern District of Texas. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

allegations that common defendants have engaged in the illegal promotion and sale of the drug Neurontin for "off-label" use. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

In concluding that the District of Massachusetts is an appropriate forum for this docket, we note that i) the district is where a False Claims Act *qui tam* action predicated on the same facts as those at issue in the MDL-1629 actions had been pending for eight years and had proceeded to a very advanced stage before being settled; and ii) the judge assigned to the constituent MDL-1629 Massachusetts actions is the same judge who presided over the *qui tam* action and is thus already thoroughly familiar with the issues of fact and law raised in the MDL-1629 actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to that district and, with the consent of that court, assigned to the Honorable Patti B. Saris for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

### MDL-1629 -- In re Neurontin Marketing and Sales Practices Litigation

#### Southern District of Alabama

*Gulf Distributing Holdings, LLC v. Pfizer, Inc.*, C.A. No. 1:04-403

#### Eastern District of Arkansas

*Claudia Lang v. Pfizer, Inc., et al.*, C.A. No. 5:04-234
*James Hope v. Pfizer, Inc., et al.*, C.A. No. 5:04-248

#### Northern District of Florida

*Sylvia G. Hyman v. Pfizer, Inc., et al.*, C.A. No. 3:04-215
*Clifford Eckenrode v. Pfizer, Inc., et al.*, C.A. No. 3:04-240

#### Northern District of Georgia

*Johnny Ray Meeks, et al. v. Pfizer, Inc., et al.*, C.A. No. 1:04-1781

#### Southern District of Illinois

*Brenda Straddeck v. Pfizer, Inc., et al.*, C.A. No. 4:04-4106

#### Southern District of Indiana

*Gerald Smith v. Pfizer, Inc., et al.*, C.A. No. 1:04-1052

#### Eastern District of Louisiana

*Emma B. Christina v. Pfizer, Inc., et al.*, C.A. No. 2:04-1450
*Debra Mull, etc. v. Pfizer, Inc., et al.*, C.A. No. 2:04-1489
*Maggie Dorty, et al. v. Pfizer, Inc., et al.*, C.A. No. 2:04-1547
*Dianne Irene Hood v. Pfizer, Inc., et al.*, C.A. No. 2:04-1575
*Joyce B. Duhe v. Pfizer, Inc., et al.*, C.A. No. 2:04-1591
*Patricia Ann White v. Pfizer, Inc.*, C.A. No. 2:04-1712

#### Western District of Louisiana

*Annie D. Blevins v. Pfizer, Inc.*, C.A. No. 6:04-1162

- 2 -

**MDL-1629 Schedule A (Continued)**

District of Massachusetts

*The Guardian Life Insurance Co. of America v. Pfizer, Inc., et al.,* C.A. No. 1:04-10739
*Aetna, Inc. v. Pfizer, Inc., et al.,* C.A. No. 1:04-10958
*Harden Manufacturing Corp. v. Pfizer, Inc., et al.,* C.A. No. 1:04-10981
*Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Pfizer Inc., et al.,*
   C.A. No. 1:04-10984

District of Minnesota

*John Lerch v. Pfizer, Inc., et al.,* C.A. No. 0:04-3021

Southern District of Mississippi

*Mary Jane Gordon, et al. v. Pfizer, Inc., et al.,* C.A. No. 1:04-552

District of New Jersey

*ASEA/AFSCME Local 52 Health Benefits Trust, et al. v. Pfizer, Inc., et al.,*
   C.A. No. 2:04-2577
*Julie K. Bakle v. Pfizer, Inc., et al.,* C.A. No. 2:04-2935

Southern District of New York

*Lorraine Kopa v. Pfizer, Inc., et al.,* C.A. No. 1:04-4593

Northern District of Ohio

*Mary Lou Lienerth v. Pfizer, Inc., et al.,* C.A. No. 1:04-1161

Western District of Tennessee

*James Doyle v. Pfizer, Inc., et al.,* C.A. No. 2:04-2509

Northern District of Texas

*Tammylee Willoz v. Pfizer, Inc., et al.,* C.A. No. 3:04-1234




ATTESTED COPY
U.S. DISTRICT COURT

NOV  *-3 P 4: 16

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY
BOSTON, MASSACHUSETTS 02210
TELEPHONE: 617-748-9152



RECEIVED

NOV 0 3 2004

AT 6:30
CLERK'S OFFICE PBS

TONY ANASTAS
CLERK

KIMBERLY M. ABAID
DEPUTY CLERK

October 28, 2004

Mr. William T. Walsh, Clerk
United States District Court
Fourth Floor, 50 Walnut Street
Newark, NJ  07102

IN RE: MDL DOCKET No. 1692   In Re: Neurontin Marketing and Sales Practices
USDC - Massachusetts Lead Case No. 1:04CV10739-PBS
Your Case: Civil Action No. 2:04-cv-02935-JAP-MCA Baldo v. Pfizer, Inc. et al
District of MA No. 1:04cv12286 PBS

Dear Mr. Walsh:

Enclosed is a certified copy of the Order of the Judicial Panel on Multi-District Litigation, transferring the cases on the attached listing to the U.S. District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to Title 28 United States Code Section 1407. These cases have been assigned to the Honorable Patti B. Saris.

In accordance with the Rules concerning Multi-District Litigation, please forward the original case file, along with a certified copy of the docket entries and a copy of the transfer order for the case now pending in your district as indicated above. Also include a copy of this letter when transmitting your records to the above address.

Your prompt attention to this matter is greatly appreciated. If you should have any questions, please do not hesitate to contact the undersigned at 617-748-9113, Robert Alba, Courtroom Clerk for Judge Saris at 617-748-9175 or Christine Patch, Docket Clerk for Judge Saris, at 617-748-9178.

Sincerely,

Kimberly M. Abaid

Kimberly M. Abaid
Deputy Clerk

Information Copy to:      Michael Beck, Clerk of the Panel
                         Counsel of Record
                         Robert Alba
                         Christine Patch

# EXHIBIT E

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**
Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone:   [202] 502-2800
Fax:            [202] 502-2888

http://www.jpml.uscourts.gov

February 8, 2005

TO INVOLVED COUNSEL

Re: MDL-1629 -- In re Neurontin Marketing and Sales Practices Litigation

RECEIVED
FEB 1 [ 2005
BY:

(See Attached Schedule CTO-3)

Dear Counsel:

Attached is a copy of a conditional transfer order filed today by the Judicial Panel on Multidistrict Litigation involving the above matter. The actions are transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: February 23, 2005** (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition. Please file one Notice of Opposition (with an attached schedule of actions, if necessary) if you are opposing the transfer of more than one action. A consolidated Motion and Brief to Vacate the CTO, with attached schedule of actions, is acceptable and encouraged.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By *Dana L. Stewart*
Deputy Clerk

Attachments

JPML Form 39A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 8 2005

FILED
CLERK'S OFFICE

### DOCKET NO. 1629

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-3)

On October 26, 2004, the Panel transferred 23 civil actions to the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 12 additional actions have been transferred to the District of Massachusetts. With the consent of that court, all such actions have been assigned to the Honorable Patti B. Saris.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the District of Massachusetts and assigned to Judge Saris.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of Massachusetts for the reasons stated in the order of October 26, 2004, 342 F.Supp.2d 1350 (J.P.M.L. 2004), and, with the consent of that court, assigned to the Honorable Patti B. Saris.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Massachusetts. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck

Michael J. Beck
Clerk of the Panel

## SCHEDULE CTO-3 - TAG ALONG ACTIONS
## DOCKET NO. 1629
## IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION

DISTRICT  DIV. C.A.#

**COLORADO**
| | | | |
|---|---|---|---|
| CO | 1 | 04-2690 | Sean McMinn v. Pfizer, Inc., et al. |

**NEW JERSEY**
| | | | |
|---|---|---|---|
| NJ | 2 | 05-95 | Assurant Health, Inc., et al. v. Pfizer, Inc., et al. |

**NEW YORK SOUTHERN**
| | | | |
|---|---|---|---|
| NYS | 1 | 04-7960 | Stephen Brodsky v. Pfizer, Inc., et al. |
| NYS | 1 | 04-7961 | Dan Huffman, etc. v. Pfizer, Inc., et al. |
| NYS | 1 | 04-8464 | Patti Paulsen, etc. v. Pfizer, Inc., et al. |
| NYS | 1 | 04-8719 | Rosalia Sumait, et al. v. Pfizer, Inc., et al. |
| NYS | 1 | 04-8720 | Monica Smith, etc. v. Pfizer, Inc., et al. |

**INVOLVED COUNSEL FOR SCHEDULE CTO-3
DOCKET NO. 1629
IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION**

Chad P. Hemmat
Anderson, Hemmat & Levine, LLC
1490 Lafayette Street
Suite 203
Denver, CO 80218

Neal H. Klausner
Davis & Gilbert
74 Sherwood Road
Tenafly, NJ 07670

Craig Ruvel May
Wheeler, Trigg, & Kennedy, LLP
1801 California Street
Suite 3600
Denver, CO 80202

James E. Murray
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

David J. Novack
Budd Larner, P.C.
150 John F. Kennedy Parkway
CN1000
Short Hills, NJ 07078-0999

Richard G. Placey
Montgomery, McCracken, Walker & Rhoads
Liberty View, 6th Floor
457 Haddonfield Road
Cherry Hill, NJ 08002

Eleanor Louise Polimeni
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY 12550

James P. Rouhandeh
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Erik M. Zissu
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

**RULE 5.2:     SERVICE OF PAPERS FILED**

(a)     All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation.  Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure.  The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each.  If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address.  The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading.  The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service.  After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings.  In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion.  The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation.  Only one attorney shall be designated for each party.  Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address.  Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel.  After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel.  Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

**RULE 7.4:**   **CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"**

(a)   Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)   Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)   Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)   Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)   Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)   Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

**RULE 7.5:**   **MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"**

(a)   Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)   Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)   Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)   A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)   Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which at

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY CLARK, individually and on          :
behalf of others similarly situated,        :
      Plaintiffs,                           :          CIVIL ACTION
                                            :
         v.                              :
                                            :
PFIZER INC. and WARNER-LAMBERT          :
COMPANY LLC,                                :
      Defendants.                           :          No.  04-3354

## MEMORANDUM AND ORDER

**Schiller, J.**                                            **September 7, 2004**

On July 16, 2004, pursuant to 28 U.S.C. § 1441, Defendants Pfizer Inc. and Warner-Lambert

Co. LLC removed this case from the Court of Common Pleas of Philadelphia County, Pennsylvania

to this Court asserting federal diversity jurisdiction under 28 U.S.C § 1332.  Presently before this

Court is Plaintiff's motion to remand and Defendants' motion to stay pending transfer by the Judicial

Panel on Multidistrict Litigation ("JPML").[1]  For the following reasons, Plaintiff's motion is granted

and Defendants' motion is denied as moot.

I.      **BACKGROUND**

Plaintiff filed this action on behalf of himself and others similarly situated alleging that

Defendants violated various state laws by improperly marketing the prescription drug Neurontin.

---

[1] There are currently at least thirty-one cases in seventeen federal districts asserting claims
against Defendants for improper marketing and sales of Neurontin.  Motions to transfer and
consolidate the pending Neurontin litigation are pending before the JPML and a hearing is
expected to be held in September 2004.  Defendants represent that the instant action has been
identified as a "related action" and may be subject to a transfer motion if the actions before the
JPML are consolidated and transferred to one MDL court. (Defs.' Mot. to Stay at 2, 5.)

In his jurisdictional allegations, Plaintiff avers that:

> Plaintiff and the class members do not assert any federal claims in the prosecution of this litigation. Plaintiff and the class members seek relief as provided by Pennsylvania, and not federal, law. Plaintiff and each member of the class have individually incurred damages under the laws of Pennsylvania in an amount less than $75,000. Neither the plaintiff, nor any member of the class, seeks damages exceeding $75,000, nor do their damages individually exceed $75,000, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder. Neither Plaintiff, nor any of the class members, seeks any form of 'common' recovery, but rather individual recoveries not to exceed $75,000 for any class member, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder. Plaintiff and the class members voluntarily limit their claims to less than $75,000 each.

(Compl. ¶ 10.)


## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant in state court may remove the action to a federal

forum if "the district courts of the United States have original jurisdiction" over the action. 28

U.S.C. § 1441(a) (2004). Federal district courts have original jurisdiction over all civil actions

between citizens of different states if the amount in controversy exceeds $75,000, exclusive of

interest and costs. 28 U.S.C. § 1332(a)(1) (2004). The burden of demonstrating the existence of

federal jurisdiction rests with the defendant, *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d

Cir. 1990), and the defendant's right to remove is determined according to the plaintiff's pleading

at the time of the petition for removal, *Angus v. Shiley*, 989 F.2d 142, 145 (3d Cir. 1993).

In considering a motion to remand, "28 U.S.C. § 1441 is to be strictly construed against

removal so that the Congressional intent to restrict federal diversity jurisdiction is honored."

*Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (internal citation omitted);

*see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of

2

jurisdiction would make any decree in the case void and the continuation of the litigation in federal

court futile, the removal statute should be strictly construed and all doubts should be resolved in

favor of remand."). "This policy 'has always been rigorously enforced by the courts.'" *Samuel-*

*Bassett*, 357 F.3d at 396 (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288

(1938)). Therefore, if the court determines that federal subject matter does not exist, the case must

be remanded. 28 U.S.C. § 1447(c) (2004).

## III.    DISCUSSION

This Court begins with the threshold issue of its own jurisdiction, the resolution of which

obviates the need to consider Defendants' motion for a stay. *See Steel Co. v. Citizens for a Better*

*Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.

Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to

the court is that of announcing the fact and dismissing the cause.") (*citing Ex parte McCardle*, 74

U.S. 506, 514 (1868)); *Craft v. United Ins. Co. of Am.*, No. Civ. A. 4:01CV339LN, 2002 WL

32509283, at *1 (S.D. Miss. Jan. 17, 2002) (noting that most often "motions to remand are [to] be

considered prior to disposing of motions to stay pending MDL transfer"); *cf. Meyers v. Bayer AG*,

143 F. Supp. 2d 1044, 1047 (E.D. Wis. 2001) (choosing to address jurisdiction before motion to stay

but noting that "[n]either *McCardle* nor *Steel Co.* requires resolving jurisdictional matters before

considering whether to grant a stay motion"). The parties agree that diversity of citizenship is

present and that the action was timely removed. Therefore, the only dispute concerns the required

amount in controversy. Plaintiff argues that because the Complaint explicitly limits damages below

the jurisdictional threshold, the case should be remanded. Defendants respond that jurisdiction is

3

present because Plaintiffs may nonetheless recover more than $75,000.00.

The rule for determining if a case meets the amount in controversy requirement is whether "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *Samuel-Bassett*, 357 F.3d at 397 (*citing St. Paul Mercury*, 303 U.S. at 289). The court must resolve any factual disputes that are involved in this determination by a preponderance of the evidence standard. *Id.* at 398. Thus, Defendant must show to a legal certainty that the amount in controversy exceeds the statutory minimum.[2] *See id.* ("We recognize that requiring a defendant to show to a legal certainty that the amount in controversy exceeds the statutory minimum may lead to somewhat bizarre situations.")

The principle that a plaintiff may avoid federal jurisdiction by limiting his damage claim follows from dictum in the Supreme Court case *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). In *St. Paul Mercury*, the plaintiff sought remand after amending his complaint to allege damages below the federal jurisdictional amount. The Supreme Court held that the jurisdictional amount is determined from the face of the complaint at the time of removal. *Id.* at 291. Therefore, the plaintiff could not attempt to defeat jurisdiction by amending his pleadings post-removal. Importantly, however, the Supreme Court noted: "If [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *Id.* at 294; *see also* 46 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL

---

[2] For purposes of diversity jurisdiction, individual class members' damages are not aggregated. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002).

4

PRACTICE AND PROCEDURE § 3702 (3d ed. 2004) ("Under well-settled principles, the plaintiff is the master of his or her claim; if the plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.").

The Third Circuit's discussion of this precise issue is also limited to dicta. In *Angus v. Shiley*, the Third Circuit held that the plaintiff's complaint, which sought damages of "at least $40,000," was properly removed based upon the district court's independent assessment that the amount in controversy in fact exceeded the jurisdictional requirement, which was $50,000 at the time. 989 F.2d 142, 146 (3d Cir. 1993). In so holding, the Third Circuit explicitly noted that "the complaint does not limit its request for damages to a precise monetary amount." *Id*. at 146. In a footnote, the Third Circuit stated that such a situation would present a different legal issue and noted that "[i]t is possible that the determination of whether remand would be appropriate when damages of $50,000 or less are demanded would depend in part on whether under state law the plaintiff is limited to the damages claimed." *Id*. at 146 n.4.

In the wake of *Angus*, there is some disagreement among the federal district courts regarding the import of a plaintiff's limitations on damages in a diversity case arising under Pennsylvania law. A review of the cases suggests that the source of this disagreement concerns whether the plaintiff is bound by his self-limitation. Under Pennsylvania state court procedural rules, a plaintiff is not limited to the amount of damages pled in the ad damnum clause of his complaint. *See Feldman v. N.Y. Life Ins. Co.*, No. Civ. A. 97-4684, 1998 WL 94800, at *6, 1998 U.S. Dist. LEXIS 2302, at *15 (E.D. Pa. Mar. 4, 1998) ("Pennsylvania . . . procedural rules . . . permit a plaintiff to receive whatever amount of damages justice requires, rendering such self-limitation a mere formality of pleading."). Accordingly, some lower courts have held that a plaintiff's ad damnum clause which requests

damages "not in excess of $75,000" would not, in itself, necessitate remand. *Id.*; *see also Chaparro v. State Farm Ins. Co.*, Civ. A. No. 99-2063, 1999 WL 961035, at \*2, 1999 U.S. Dist. LEXIS 16428, at \*6 (E.D. Pa. Oct. 12, 1999) ("[B]ecause the ad damnum clause is not binding, it is not obvious whether the suit involves the threshold amount."). Other courts, however, have held that if the plaintiff is bound by his self-limitation, remand is appropriate. *See James v. Elec. Data Sys. Corp.*, No. Civ. A. 98-1583, 1998 WL 404817, at \*4, 1998 U.S. Dist. LEXIS 10456, at \*10 (E.D. Pa. July 16, 1998) ("Plaintiff is estopped from claiming upon remand that her damages exceed the jurisdictional limit."); *see also Corwin Jeep Sales & Serv., Inc. v. Am. Motors Sales Corp.*, 670 F. Supp. 591, 596 (M.D. Pa. 1986) ("As the plaintiff is considered to be 'the master of his or her claim,' he may insulate a case from removal by waiving a portion of his damages and asking for less than the jurisdictional amount.") (*citing* WRIGHT, MILLER & COOPER).

In the instant case, Plaintiff's limitation of damages is not a mere formality of pleading. Plaintiff has stipulated, on behalf of himself and the uncertified class, that he will "voluntarily limit" his recovery to under $75,000. Furthermore, on August 12, 2004, Plaintiff's counsel orally represented to this Court that Plaintiff will not accept any recovery above $75,000. Upon remand, Plaintiff will be held to this voluntary limitation. *See Nasim v. Shamrock Welding Supply Co.*, 563 A.2d 1266, 1267 (Pa. Super. Ct. 1989) ("A principal element of a judicial admission is that the fact has been admitted for the advantage of the admitting party, and consequently, a judicial admission cannot be subsequently contradicted by the party that made it."). Accordingly, given Plaintiff's binding limitation, and the fact that § 1441 is to be "strictly construed against removal," this Court finds that there is no federal subject matter jurisdiction over this action. *Samuel-Bassett*, 357 F.3d at 396.

6

**IV.   CONCLUSION**

Because this Court has determined that federal subject matter jurisdiction is lacking, Defendant's motion to stay proceedings pending transfer by the JPML is denied as moot.  This case is remanded to the Court of Common Pleas of Philadelphia County, Pennsylvania.  An appropriate Order follows.

7

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY CLARK, individually and on behalf of others similarly situated, | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PFIZER INC. and WARNER-LAMBERT | : | |
| COMPANY LLC, | : | |
| Defendants. | : | No. 04-3354 |

### ORDER

AND NOW, this 7th day of **September, 2004**, upon consideration of Plaintiff Gregory Clark's Motion to Remand, Defendants' Motion to Stay Pending Transfer by the Judicial Panel on Multidistrict Litigation, all responses thereto and replies thereon, and for the foregoing reasons, it is hereby **ORDERED** that:

1.  Plaintiff's Motion to Remand (Document No. 2) is **GRANTED**.  Accordingly, this case is **REMANDED** to the Philadelphia County Court of Common Pleas.

2.  Defendants' Motion to Stay Pending Transfer by the Judicial Panel on Multidistrict Litigation (Document No. 4) is **DENIED** as moot.

3.  The Clerk of Court is directed to close this case for statistical purposes.

**BY THE COURT:**

_____

**Berle M. Schiller, J.**

# EXHIBIT G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALAN PIERSON, individually and<br>on behalf of others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>PFIZER, INC., and<br>WARNER-LAMBERT COMPANY,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)        Case No. 04-cv-0478-MJR<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

In June 2004, Alan Pierson filed a putative class action suit in Madison County (Illinois) Circuit Court against two Defendants – (1) Warner-Lambert Company, and (2) Warner-Lambert's successor in interest, Pfizer, Inc. Pierson alleged that he took the prescription drug "Neurontin," that Defendants manufactured Neurontin (which the Food and Drug Administration or "FDA" approved in 1993 for the treatment of epileptic seizures), that Defendants unlawfully marketed Neurontin for off-label uses despite the fact they knew the drug was ineffective for those uses, and that Defendants charged excessive prices for Neurontin.

Pierson seeks to represent a class of all persons in the United States who purchased Neurontin, other than persons with claims for personal injury or wrongful death. Count I of the complaint alleges that Defendants violated the Illinois Consumer Fraud Act, "as well as consumer protection statutes throughout the country" (*Id.*, p. 10). Count II alleges that Defendants violated the New Jersey Consumer Fraud Act by charging exorbitant prices for Neurontin (*Id.*, p. 11).

Each count prays for damages "in amount less than $75,000 per Plaintiff or Class

Member." Specifically, each count seeks damages "in an amount equal to the difference between the price charged for Neurontin and the fair market value which Neurontin would have had but for Defendants' misrepresentations and omissions" (*Id.*, p. 11). An affidavit accompanying the state court complaint attests that "the Plaintiff has expressly disclaimed individual damages for himself and each class member in excess of $74,999.00" (*see* attachments to removal notice, Doc. 1).

      Defendants removed the action to this United States District Court in July 2004, invoking subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331. Specifically, Defendants contend that Pierson's complaint actually asserts causes of action for violations of *federal* law, because (a) "the acceptable parameters for marking Neurontin were established by the FDA, which enforces a host of regulations governing off-label promotion of prescription medications" (Doc. 1, p. 3); (b) the resolution of Pierson's allegations "necessarily turns on the construction of federal law: namely, whether Defendants violated FDA regulations" (Doc. 1, p. 4); and (c) "it will not be possible to determine whether plaintiff may prevail on his state law claims without first resolving ... intricate issues of federal administrative law" (Doc. 1, pp. 4-5).

      On threshold review of the file, the Court expressed concern whether Pierson's claims actually arise under federal law (Doc. 13, pp. 3-4):

> Pierson's complaint alleges violations of Illinois and New Jersey state law. It is axiomatic that a federal *defense* to a claim arising under state law does not create jurisdiction "and therefore does not authorize removal." *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 967 (7th Cir. 2000). Similarly insufficient is the fact that a federal question may be *implicit* in the plaintiff's claim. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Indeed a plaintiff who has both federal and state causes of action may ignore the federal claims and pursue only the state claims in state court. *Illinois v. Kerr-McGee Chem. Co.*, 677 F.2d 571, 575 (7th Cir.),

-2-

*cert. denied*, **459 U.S. 1049 (1982).**

Thus, the undersigned Judge asked the parties to file jurisdictional briefs addressing these concerns, by September 13th and September 27th, respectively.  In their brief, Defendants continue to emphasize that "a substantial federal question lies at the heart of this action" (Doc. 19, p.2).  They add that "regulation of prescription drug marketing is a matter of ongoing, intense federal interest" (*id*.).  In his brief, Pierson points out that Defendants previously (and unsuccessfully) tried to remove a nearly identical consumer fraud case.  That case, strikingly similar to the one now before this Court, bears note.

In 2003, the United States District Court for the Northern District of Illinois rejected an attempt by Defendants Pfizer and Warner-Lambert to remove an Illinois consumer fraud act case (a putative class action, like the case at bar) alleging that Defendants had improperly marketed Neurontin for off-label uses.  United States District Judge Gettleman remanded the case to Illinois state court, concluding that the complaint supported the exercise of neither diversity jurisdiction nor federal question jurisdiction.  *Rubel v. Pfizer, Inc.*, **276 F. Supp. 2d 904 (N.D. Ill. 2003).**

In *Rubel*, the District Court started with the well-established proposition that the burden of establishing federal subject matter jurisdiction falls on the party seeking removal.  *Id.* at 906. *See also Chase v. Shop 'N Save Warehouse Foods, Inc.*, **110 F.3d 424, 427 (7th Cir. 1997).**  Next, the Court quoted the well-pleaded complaint rule, which governs the presence or absence of federal question jurisdiction.

Then, the Court quoted a United States Supreme Court case which clarifies that a state claim may be removed to federal court (on federal question grounds) in two circumstances only: (1) when Congress explicitly so provides, and (2) when a federal statute wholly displaces the

-3-

state-law cause of action through complete preemption. *Rubel* at 907, *citing Beneficial Nat'l Bank v. Anderson*, 123 S.Ct. 2058, 2063 (2003). Finally, the District Court referenced Seventh Circuit precedent holding that "if federal law does not provide a private right of action, then a state law action based on its violation ... does not raise a 'substantial federal question.'" *Rubel* at 907, *quoting Seinfeld v. Austen*, 39 F.3d 761, 764 (7th Cir. 1994), *cert. denied*, 514 U.S. 1126 (1995).

Pierson relies heavily on the latter point in his jurisdictional brief and remand motion (Doc. 17). He cites *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), a case in which the plaintiffs sued a drug manufacturer in state court alleging that pregnant mothers' ingestion of the prescription drug "Bendectin" had caused birth defects in children. In *Merrell Dow*, the United States Supreme Court concluded that federal jurisdiction did *not* lie where a complaint alleged a violation of a federal statute as an element of a state cause of action, but the statute in question (the federal Food, Drug, and Cosmetic Act) did not permit or create a private, federal cause of action for violation of the statute.

"In *Merrell Dow*, ... the plaintiffs' success depended on a favorable interpretation of federal drug-safety laws; but the Court observed that state law supplied the right to recover damages for torts and held that the presence of a federal issue in a claim that depended on state law did not make the claim one 'arising under' federal law." *Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915 (7th Cir. 2001). In the case at bar, Pierson stresses that the federal laws in question (the Food, Drug, and Cosmetic Act as well as FDA regulations) do not provide a private cause of action for unlawful conduct associated with off-label uses of prescription drugs. Therefore, Pierson argues, his claims do not support the exercise of federal jurisdiction.

Countering this argument, Defendants argue: "the absence of a private right of action

-4-

does not bar federal jurisdiction," because "federal jurisdiction is not subject to an 'automatic test,'" and "demands a flexible analysis" (Doc. 19, pp. 12-13). In analyzing jurisdiction, however, the Seventh Circuit closely scrutinizes whether the federal statute in question furnishes a private right of action, a lesson this Court learned the hard way in finding jurisdiction to lie in a case, despite the fact that the federal statute in question did *not* provide a private right of action.

In *Rogers v. Tyson Foods, Inc.,* 308 F.3d 785 (7th Cir. 2002), the Seventh Circuit decisively reversed this Court's finding that jurisdiction lay under the federal question statute. Based on the absence of a private right of action in the federal law at issue, the Seventh Circuit concluded that the plaintiffs' state law claims were not preempted by federal law, that removal to federal court was improper, and that the case must be remanded to state court for lack of federal subject matter jurisdiction. *Id.* at 790.

Stated simply, Pierson's complaint (based on alleged violations of state consumer fraud statutes) does not state a claim "arising under the Constitution, laws, or treaties of the United States," and Defendants have not carried their burden of demonstrating that this case arises under federal law. Defendants removed this case based on the federal question statute alone; they do not contend that jurisdiction lies under the federal diversity statute (*see* Doc. 19, p. 14). Moreover, this Court finds that the amount in controversy does not suffice to support diversity jurisdiction.

Because it lacks subject matter jurisdiction, the Court **GRANTS** Pierson's motion to remand (contained within Doc. 17) and **REMANDS** this case to the Circuit Court of Madison County, Illinois. This ruling results in the **DENIAL AS MOOT** of Defendants' July 19, 2004 request (contained within Doc. 4) that this case be transferred to the Honorable J. Phil Gilbert to be handled with *Straddeck v. Pfizer, et al.,*Case No. 04-4106-JPG, and Defendants' September 3,

2004 motion to stay all proceedings herein pending action by the MDL Panel (Doc. 15).

Finally, Pierson seeks his fees and costs of removal. The Court **ORDERS** Defendants to pay Pierson his "costs and actual expenses, including attorney fees, incurred as a result of the removal," under **28 U.S.C. § 1447(c)**.

The Seventh Circuit has emphasized that § 1447(c) is a fee-shifting statute, "entitling the district court to make whole the victorious party," *Garbie v. DaimlerChrysler Corp.*, **211 F.3d 407, 410 (7th Cir. 2000)**, and District Courts should award costs and expenses under § 1447(c) as "normal incidents of remand for lack of jurisdiction." *Citizens for a Better Environment v. Steel Co.*, **230 F.3d 923, 927 (7th Cir. 2000)**, *cert. denied*, **532 U.S. 994 (2001)**.

By <u>October 22, 2004,</u> Pierson's counsel should furnish to defense counsel a statement reflecting the costs and actual expenses *incurred as a result of removal*. Defendants have until <u>November 30, 2004</u> to pay those costs and expenses. This Court retains the inherent power to enforce its own Orders. So, if any disputes requiring Court intervention arise regarding the amount and payment of these costs and expenses, the undersigned District Judge **WILL REFER** such issues to the United States Magistrate Judge assigned to this case.

**IT IS SO ORDERED.**

**DATED this 1st day of October, 2004.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**

-6-