UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| LAURA ALLEN, ADMINISTRATIX OF THE ESTATE OF THE LATE DANIEL ALLEN, TIMOTHY BRIDGES, and ALFRED MORABITO, individually and on behalf of themselves and all others similarly situated, | Judge Patti B. Saris |
| | Civil Action No. 05-10797 |
| Plaintiffs, | |
| v. | |
| PFIZER, INC. and PARKE-DAVIS, a division of Warner-Lambert Company | |
| Defendants. | |

## PLAINTIFFS' MOTION TO REMAND

Plaintiffs, Laura Allen, Administratix of the Estate of the Late Daniel Allen, Timothy Bridges and Alfred Morabito (hereinafter "Plaintiffs"), by and through their undersigned counsel, move this Court, pursuant to 28 U.S.C., §1447(c), for an order remanding this consumer class action against the defendants, Pfizer Inc. and Parke-Davis, a division of Warner-Lambert Company (hereinafter "Defendants"), to the Suffolk Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.

As grounds therefore Plaintiffs state as follows:

1

1.  This action was initially commenced on December 23, 2004 when Plaintiffs filed a Class Action Complaint in the Suffolk Superior Court Department. On March 21, 2005, Plaintiffs, by right and as a matter of course, filed a First Amended Class Action Complaint (hereinafter "Complaint") pursuant to Mass. R. Civ. P. 15(a). On April 20, 2005, Defendants filed a Notice of Removal and removed the action to this Court. This Court lacks subject matter jurisdiction of this case, and removal was therefore improper.

2.  There is no basis for subject matter jurisdiction under 28 U.S.C. §1332(d)(2) because the action was **commenced** prior to the enactment of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (February 18, 2005)(hereinafter "CAFA") and CAFA does not apply retroactively. See 119 Stat 4, § 9 (Copy attached to Memorandum in Support of Plaintiffs' Motion to Remand as Ex. 1).

3.  There is no subject matter jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1338(a) because Plaintiffs have not raised any claim under the laws of the United States and there is no federal question. In fact, Plaintiffs expressly waive and disavow any federal claims. The Complaint alleges two counts for violation of the Massachusetts Consumer Protection Statute (G.L. c. 93A) and (940 CMR § 3.02). (Complaint, ¶¶ 332-353).

In support of this Motion, Plaintiffs submit the accompanying Memorandum in Support of Motion to Remand.

WHEREFORE, Plaintiffs respectfully request that this action be remanded to the Suffolk Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

The undersigned hereby certifies that counsel for Plaintiffs have conferred with counsel for the Defendants in a good faith attempt to resolve or narrow the issues raised by this Motion without Court intervention, but have been unable to do so.

DATED: May 19, 2005

/s/ *Daniel D'Angelo*
Robert J. Bonsignore, BBO# 547880
Daniel D'Angelo, BBO# 630321
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Tel: (781) 391-9400
Fax: (781) 391-9496

ATTORNEYS FOR PLAINTIFFS