# EXHIBIT 2

108TH CONGRESS
1ST SESSION

# H. R. 1115

---

# AN ACT

To amend the procedures that apply to consideration of
interstate class actions to assure fairer outcomes for
class members and defendants, to outlaw certain prac-
tices that provide inadequate settlements for class mem-
bers, to assure that attorneys do not receive a dispropor-
tionate amount of settlements at the expense of class
members, to provide for clearer and simpler information
in class action settlement notices, to assure prompt con-
sideration of interstate class actions, to amend title 28,
United States Code, to allow the application of the prin-
ciples of Federal diversity jurisdiction to interstate class
actions, and for other purposes.

2

1    *Be it enacted by the Senate and House of Representa-*

2    *tives of the United States of America in Congress assembled,*

3    **SECTION 1. SHORT TITLE; REFERENCE; TABLE OF CON-**

4                        **TENTS.**

5        (a) SHORT TITLE.—This Act may be cited as the

6    "Class Action Fairness Act of 2003".

7        (b) REFERENCE.—Whenever in this Act reference is

8    made to an amendment to, or repeal of, a section or other

9    provision, the reference shall be considered to be made to

10   a section or other provision of title 28, United States

11   Code.

12       (c) TABLE OF CONTENTS.—The table of contents for

13   this Act is as follows:

Sec. 1. Short title; reference; table of contents.
Sec. 2. Findings and purposes.
Sec. 3. Consumer class action bill of rights and improved procedures for inter-
       state class actions.
Sec. 4. Federal district court jurisdiction of interstate class actions.
Sec. 5. Removal of interstate class actions to Federal district court.
Sec. 6. Appeals of class action certification orders.
Sec. 7. Enactment of Judicial Conference recommendations.
Sec. 8. Effective date.

14   **SEC. 2. FINDINGS AND PURPOSES.**

15       (a) FINDINGS.—The Congress finds as follows:

16           (1) Class action lawsuits are an important and

17       valuable part of our legal system when they permit

18       the fair and efficient resolution of legitimate claims

19       of numerous parties by allowing the claims to be ag-

20       gregated into a single action against a defendant

21       that has allegedly caused harm.

3

1    (2) Over the past decade, there have been

2    abuses of the class action device that have—

3        (A) harmed class members with legitimate

4        claims and defendants that have acted respon-

5        sibly;

6        (B) adversely affected interstate commerce;

7        and

8        (C) undermined public respect for the judi-

9        cial system in the United States.

10    (3) Class members have been harmed by a

11    number of actions taken by plaintiffs' lawyers, which

12    provide little or no benefit to class members as a

13    whole, including—

14        (A) plaintiffs' lawyers receiving large fees,

15        while class members are left with coupons or

16        other awards of little or no value;

17        (B) unjustified rewards being made to cer-

18        tain plaintiffs at the expense of other class

19        members; and

20        (C) the publication of confusing notices

21        that prevent class members from being able to

22        fully understand and effectively exercise their

23        rights.

24    (4) Through the use of artful pleading, plain-

25    tiffs are able to avoid litigating class actions in Fed-

4

1    eral court, forcing businesses and other organiza-
2    tions to defend interstate class action lawsuits in
3    county and State courts where—

4        (A) the lawyers, rather than the claimants,
5        are likely to receive the maximum benefit;

6        (B) less scrutiny may be given to the mer-
7        its of the case; and

8        (C) defendants are effectively forced into
9        settlements, in order to avoid the possibility of
10       huge judgments that could destabilize their
11       companies.

12   (5) These abuses undermine the Federal judi-
13   cial system, the free flow of interstate commerce,
14   and the intent of the framers of the Constitution in
15   creating diversity jurisdiction, in that county and
16   State courts are—

17       (A) handling interstate class actions that
18       affect parties from many States;

19       (B) sometimes acting in ways that dem-
20       onstrate bias against out-of-State defendants;
21       and

22       (C) making judgments that impose their
23       view of the law on other States and bind the
24       rights of the residents of those States.

5

1     "(6) Abusive interstate class actions have
2     harmed society as a whole by forcing innocent par-
3     ties to settle cases rather than risk a huge judgment
4     by a local jury, thereby costing consumers billions of
5     dollars in increased costs to pay for forced settle-
6     ments and excessive judgments.

7     (b) PURPOSES.—The purposes of this Act are—

8     (1) to assure fair and prompt recoveries for
9     class members with legitimate claims;

10    (2) to protect responsible companies and other
11    institutions against interstate class actions in State
12    courts;

13    (3) to restore the intent of the framers of the
14    Constitution by providing for Federal court consider-
15    ation of interstate class actions; and

16    (4) to benefit society by encouraging innovation
17    and lowering consumer prices.

18    **SEC. 3. CONSUMER CLASS ACTION BILL OF RIGHTS AND IM-**
19          **PROVED PROCEDURES FOR INTERSTATE**
20          **CLASS ACTIONS.**

21    (a) IN GENERAL.—Part V is amended by inserting
22    after chapter 113 the following:

23    **"CHAPTER 114—CLASS ACTIONS**

"Sec.
"1711. Judicial scrutiny of coupon and other noncash settlements.
"1712. Protection against loss by class members.
"1713. Protection against discrimination based on geographic location.

6

"1714. Prohibition on the payment of bounties.
"1715. Definitions.

1 "§ 1711.  Judicial  scrutiny  of  coupon  and  other
2                noncash settlements

3      "The court may approve a proposed settlement under
4 which the class members would receive noncash benefits
5 or would otherwise be required to expend funds in order
6 to obtain part or all of the proposed benefits only after
7 a hearing to determine whether, and making a written
8 finding that, the settlement is fair, reasonable, and ade-
9 quate for class members.

10 "§ 1712. Protection against loss by class members

11      "The court may approve a proposed settlement under
12 which any class member is obligated to pay sums to class
13 counsel that would result in a net loss to the class member
14 only if the court makes a written finding that nonmone-
15 tary benefits to the class member outweigh the monetary
16 loss.

17 "§ 1713.  Protection  against  discrimination  based  on
18                geographic location

19      "The court may not approve a proposed settlement
20 that provides for the payment of greater sums to some
21 class members than to others solely on the basis that the
22 class members to whom the greater sums are to be paid
23 are located in closer geographic proximity to the court.

7

1 **"§ 1714. Prohibition on the payment of bounties**

2    "(a) IN GENERAL.—The court may not approve a

3 proposed settlement that provides for the payment of a

4 greater share of the award to a class representative serv-

5 ing on behalf of a class, on the basis of the formula for

6 distribution to all other class members, than that awarded

7 to the other class members.

8    "(b) RULE OF CONSTRUCTION.—The limitation in

9 subsection (a) shall not be construed to prohibit any pay-

10 ment approved by the court for reasonable time or costs

11 that a person was required to expend in fulfilling his or

12 her obligations as a class representative.

13 **"§ 1715. Definitions**

14    "In this chapter—

15    "(1) CLASS ACTION.—The term 'class action'

16    means any civil action filed in a district court of the

17    United States pursuant to rule 23 of the Federal

18    Rules of Civil Procedure or any civil action that is

19    removed to a district court of the United States that

20    was originally filed pursuant to a State statute or

21    rule of judicial procedure authorizing an action to be

22    brought by one or more representatives on behalf of

23    a class.

24    "(2) CLASS COUNSEL.—The term 'class coun-

25    sel' means the persons who serve as the attorneys

8

1    for the class members in a proposed or certified

2    class action.

3        "(3) CLASS MEMBERS.—The term 'class mem-

4    bers' means the persons who fall within the defini-

5    tion of the proposed or certified class in a class ac-

6    tion.

7        "(4) PLAINTIFF CLASS ACTION.—The term

8    'plaintiff class action' means a class action in which

9    class members are plaintiffs.

10       "(5) PROPOSED SETTLEMENT.—The term 'pro-

11   posed settlement' means an agreement that resolves

12   claims in a class action, that is subject to court ap-

13   proval, and that, if approved, would be binding on

14   the class members.".

15   (b) TECHNICAL AND CONFORMING AMENDMENT.—

16   The table of chapters for part V is amended by inserting

17   after the item relating to chapter 113 the following:

"114. Class Actions ............................................................................ 1711".

18   SEC. 4. FEDERAL DISTRICT COURT JURISDICTION OF

19           INTERSTATE CLASS ACTIONS.

20   (a) APPLICATION OF FEDERAL DIVERSITY JURISDIC-

21   TION.—Section 1332 is amended—

22       (1) by redesignating subsection (d) as sub-

23   section (e); and

24       (2) by inserting after subsection (e) the fol-

25   lowing:

9

1    "(d)(1) In this subsection—

2        "(A) the term 'class' means all of the class

3    members in a class action;

4        "(B) the term 'class action' means any civil ac-

5    tion filed pursuant to rule 23 of the Federal Rules

6    of Civil Procedure or similar State statute or rule of

7    judicial procedure authorizing an action to be

8    brought by one or more representative persons on

9    behalf of a class;

10       "(C) the term 'class certification order' means

11   an order issued by a court approving the treatment

12   of a civil action as a class action; and

13       "(D) the term 'class members' means the per-

14   sons who fall within the definition of the proposed

15   or certified class in a class action.

16   "(2) The district courts shall have original jurisdic-

17  tion of any civil action in which the matter in controversy

18  exceeds the sum or value of $5,000,000, exclusive of inter-

19  est and costs, and is a class action in which—

20       "(A) any member of a class of plaintiffs is a

21   citizen of a State different from any defendant;

22       "(B) any member of a class of plaintiffs is a

23   foreign state or a citizen or subject of a foreign state

24   and any defendant is a citizen of a State; or

10

1  "(C) any member of a class of plaintiffs is a

2  citizen of a State and any defendant is a foreign

3  state or a citizen or subject of a foreign state.

4 "(3) A district court may, in the interests of justice,

5 decline to exercise jurisdiction under paragraph (2) over

6 a class action in which greater than one-third but less than

7 two-thirds of the members of all proposed plaintiff classes

8 in the aggregate and the primary defendants are citizens

9 of the State in which the action was originally filed based

10 on consideration of the following factors:

11  "(A) Whether the claims asserted involve mat-

12  ters of national or interstate interest.

13  "(B) Whether the claims asserted will be gov-

14  erned by laws other than those of the State in which

15  the action was originally filed.

16  "(C) In the case of a class action originally

17  filed in a State court, whether the class action has

18  been pleaded in a manner that seeks to avoid Fed-

19  eral jurisdiction.

20  "(D) Whether the number of citizens of the

21  State in which the action was originally filed in all

22  proposed plaintiff classes in the aggregate is sub-

23  stantially larger than the number of citizens from

24  any other State, and the citizenship of the other

11

1    members of the proposed class is dispersed among a
2    substantial number of States.

3        "(E) Whether 1 or more class actions asserting
4    the same or similar claims on behalf of the same or
5    other persons have been or may be filed.

6        "(4) Paragraph (2) shall not apply to any class action
7    in which—

8        "(A) two-thirds or more of the members of all
9    proposed plaintiff classes in the aggregate and the
10    primary defendants are citizens of the State in
11    which the action was originally filed;

12        "(B) the primary defendants are States, State
13    officials, or other governmental entities against
14    whom the district court may be foreclosed from or-
15    dering relief; or

16        "(C) the number of members of all proposed
17    plaintiff classes in the aggregate is less than 100.

18        "(5) In any class action, the claims of the individual
19    class members shall be aggregated to determine whether
20    the matter in controversy exceeds the sum or value of
21    $5,000,000, exclusive of interest and costs.

22        "(6) This subsection shall apply to any class action
23    before or after the entry of a class certification order by
24    the court with respect to that action.

12

1    "(7)(A) A district court shall dismiss any civil action

2    that is subject to the jurisdiction of the court solely under

3    this subsection if the court determines the action may not

4    proceed as a class action based on a failure to satisfy the

5    requirements of rule 23 of the Federal Rules of Civil Pro-

6    cedure.

7    "(B) Nothing in subparagraph (A) shall prohibit

8    plaintiffs from filing an amended class action in Federal

9    court or filing an action in State court, except that any

10   such action filed in State court may be removed to the

11   appropriate district court if it is an action of which the

12   district courts of the United States have original jurisdic-

13   tion.

14   "(C) In any action that is dismissed under this para-

15   graph and is filed by any of the original named plaintiffs

16   therein in the same State court venue in which the dis-

17   missed action was originally filed, the limitations periods

18   on all reasserted claims shall be deemed tolled for the pe-

19   riod during which the dismissed class action was pending.

20   The limitations periods on any claims that were asserted

21   in a class action dismissed under this paragraph that are

22   subsequently asserted in an individual action shall be

23   deemed tolled for the period during which the dismissed

24   action was pending.

13

1    "(8) Paragraph (2) shall not apply to any class action

2  brought by shareholders that solely involves a claim that

3  relates to—

4        "(A) a claim concerning a covered security as

5        defined under section 16(f)(3) of the Securities Act

6        of 1933 and section 28(f)(5)(E) of the Securities

7        Exchange Act of 1934;

8        "(B) the internal affairs or governance of a cor-

9        poration or other form of business enterprise and

10       arises under or by virtue of the laws of the State in

11       which such corporation or business enterprise is in-

12       corporated or organized; or

13       "(C) the rights, duties (including fiduciary du-

14       ties), and obligations relating to or created by or

15       pursuant to any security (as defined under section

16       2(a)(1) of the Securities Act of 1933 and the regula-

17       tions issued thereunder).

18   "(9) For purposes of this subsection and section

19  1453 of this title, an unincorporated association shall be

20  deemed to be a citizen of the State where it has its prin-

21  cipal place of business and the State under whose laws

22  it is organized.

23   "(10) For purposes of this section and section 1453

24  of this title, a civil action that is not otherwise a class

14

1 action as defined in paragraph (1)(B) of this subsection

2 shall nevertheless be deemed a class action if—

3       "(A) the named plaintiff purports to act for the

4       interests of its members (who are not named parties

5       to the action) or for the interests of the general pub-

6       lic, seeks a remedy of damages, restitution,

7       disgorgement, or any other form of monetary relief,

8       and is not a State attorney general; or

9       "(B) monetary relief claims in the action are

10       proposed to be tried jointly in any respect with the

11       claims of 100 or more other persons on the ground

12       that the claims involve common questions of law or

13       fact.

14 In any such case, the persons who allegedly were injured

15 shall be treated as members of a proposed plaintiff class

16 and the monetary relief that is sought shall be treated as

17 the claims of individual class members. The provisions of

18 paragraph (7) of this subsection and subsections (b)(2)

19 and (d) of section 1453 shall not apply to civil actions

20 described under subparagraph (A). The provisions of para-

21 graph (7) of this subsection, and subsections (b)(2) and

22 (d) of section 1453 shall not apply to civil actions de-

23 scribed under subparagraph (B).".

24       (b) CONFORMING AMENDMENTS.—

15

1       "(1) Section 1335(a)(1) is amended by inserting

2       "(a) or (d)" after "1332".

3       (2) Section 1603(b)(3) is amended by striking

4       "(d)" and inserting "(e)".

**5 SEC. 5. REMOVAL OF INTERSTATE CLASS ACTIONS TO FED-**

**6                  ERAL DISTRICT COURT.**

7       (a) IN GENERAL.—Chapter 89 is amended by adding

8 after section 1452 the following:

**9 "§ 1453. Removal of class actions**

10      "(a) DEFINITIONS.—In this section, the terms 'class',

11 'class action', 'class certification order', and 'class mem-

12 ber' have the meanings given these terms in section

13 1332(d)(1).

14      "(b) IN GENERAL.—A class action may be removed

15 to a district court of the United States in accordance with

16 this chapter, without regard to whether any defendant is

17 a citizen of the State in which the action is brought, except

18 that such action may be removed—

19      "(1) by any defendant without the consent of

20      all defendants; or

21      "(2) by any plaintiff class member who is not

22      a named or representative class member without the

23      consent of all members of such class.

24      "(c) WHEN REMOVABLE.—This section shall apply to

25 any class action before or after the entry of a class certifi-

16

1 cation order in the action, except that a plaintiff class

2 member who is not a named or representative class mem-

3 ber of the action may not seek removal of the action before

4 an order certifying a class of which the plaintiff is a class

5 member has been entered.

6     "(d) PROCEDURE FOR REMOVAL.—The provisions of

7 section 1446 relating to a defendant removing a case shall

8 apply to a plaintiff removing a case under this section,

9 except that in the application of subsection (b) of such

10 section the requirement relating to the 30-day filing period

11 shall be met if a plaintiff class member files notice of re-

12 moval within 30 days after receipt by such class member,

13 through service or otherwise, of the initial written notice

14 of the class action.

15     "(e) REVIEW OF ORDERS REMANDING CLASS AC-

16 TIONS TO STATE COURTS.—The provisions of section

17 1447 shall apply to any removal of a case under this sec-

18 tion, except that, notwithstanding the provisions of section

19 1447(d), an order remanding a class action to the State

20 court from which it was removed shall be reviewable by

21 appeal or otherwise.

22     "(f) EXCEPTION.—This section shall not apply to any

23 class action brought by shareholders that solely involves—

24         "(1) a claim concerning a covered security as

25         defined under section 16(f)(3) of the Securities Act

17

1  of 1933 and section 28(f)(5)(E) of the Securities

2  Exchange Act of 1934;

3      "(2) a claim that relates to the internal affairs

4  or governance of a corporation or other form of busi-

5  ness enterprise and arises under or by virtue of the

6  laws of the State in which such corporation or busi-

7  ness enterprise is incorporated or organized; or

8      "(3) a claim that relates to the rights, duties

9  (including fiduciary duties), and obligations relating

10  to or created by or pursuant to any security (as de-

11  fined under section 2(a)(1) of the Securities Act of

12  1933 and the regulations issued thereunder).".

13  (b) REMOVAL LIMITATION.—Section 1446(b) is

14  amended in the second sentence by inserting "(a)" after

15  "section 1332".

16  (c) TECHNICAL AND CONFORMING AMENDMENTS.—

17  The table of sections for chapter 89 is amended by adding

18  after the item relating to section 1452 the following:

"1453. Removal of class actions.".

19  **SEC. 6. APPEALS OF CLASS ACTION CERTIFICATION OR-**

20  **        DERS.**

21  (a) IN GENERAL.—Section 1292(a) is amended by in-

22  serting after paragraph (3) the following:

23      "(4) Orders of the district courts of the United

24  States granting or denying class certification under

25  rule 23 of the Federal Rules of Civil Procedure, if

18

1      notice of appeal is filed within 10 days after entry

2      of the order.''.

3      (b) DISCOVERY STAY.—All discovery and other pro-

4 ceedings shall be stayed during the pendency of any appeal

5 taken pursuant to the amendment made by subsection (a),

6 unless the court finds upon the motion of any party that

7 specific discovery is necessary to preserve evidence or to

8 prevent undue prejudice to that party.

9 **SEC. 7. ENACTMENT OF JUDICIAL CONFERENCE REC-**

10              **OMMENDATIONS.**

11      Notwithstanding any other provision of law, the

12 amendments to Rule 23 of the Federal Rules of Civil Pro-

13 cedure which are embraced by the order entered by the

14 Supreme Court of the United States on March 27, 2003,

15 shall take effect on the date of the enactment of this Act

16 or on December 1, 2003 (as specified in that order),

17 whichever occurs first.

18 **SEC. 8. EFFECTIVE DATE.**

19      (a) IN GENERAL.—The amendments made by this

20 Act shall apply to—

21             (1) any civil action commenced on or after the

22             date of the enactment of this Act; and

23             (2) any civil action commenced before such date

24             of enactment in which a class certification order (as

25             defined in section 1332(d)(1)(C) of title 28, United

19

1    States Code, as amended by section 4 of this Act)

2    is entered on or after such date of enactment.

3    (b) FILING OF NOTICE OF REMOVAL.—In the case

4    of any civil action to which subsection (a)(2) applies, the

5    requirement relating to the 30-day period for the filing

6    of a notice of removal under section 1446(b) and section

7    1453(d) of title 28, United States Code, shall be met if

8    the notice of removal is filed within 30 days after the date

9    on which the class certification order referred to in sub-

10   section (a)(2) is entered.

Passed the House of Representatives June 12, 2003.

Attest:


*Clerk.*


•HR 1115 EH