# EXHIBIT 3

I

109TH CONGRESS
1ST SESSION

# H. R. 516

To amend the procedures that apply to consideration of interstate class
actions to assure fairer outcomes for class members and defendants,
to outlaw certain practices that provide inadequate settlements for class
members, to assure that attorneys do not receive a disproportionate
amount of settlements at the expense of class members, to assure prompt
consideration of interstate class actions, to amend title 28, United States
Code, to allow the application of the principles of Federal diversity
jurisdiction to interstate class actions, and for other purposes.

---

## IN THE HOUSE OF REPRESENTATIVES

FEBRUARY 2, 2005

Mr. GOODLATTE (for himself, Mr. BOUCHER, Mr. SENSENBRENNER, Mr.
SMITH of Texas, Mr. DELAY, Mr. BLUNT, Mr. CANTOR, Ms. PRYCE of
Ohio, Mr. DREIER, Mr. MANZULLO, Mr. KINGSTON, Mr. FEENEY, Mr.
COBLE, Mr. CHABOT, Mr. FORBES, Mr. PENCE, Mr. ISSA, Mr. KELLER,
Mr. BACHUS, Mr. HOSTETTLER, Mr. GALLEGLY, Mr. DANIEL E. LUN-
GREN of California, Mr. FLAKE, Mr. BRADLEY of New Hampshire, Mr.
CARTER, Mr. SESSIONS, Mr. ROGERS of Michigan, Mr. KUHL of New
York, Ms. HART, Mr. NORWOOD, Mr. PEARCE, Mr. GILCHREST, Mr.
CHOCOLA, Mr. HENSARLING, Mr. BAKER, Mrs. BIGGERT, Mr. KENNEDY
of Minnesota, Mr. BURGESS, Mr. GINGREY, Mr. COX, Mr. DENT, Mr.
WICKER, Mr. CANNON, Mr. CUNNINGHAM, Mr. MILLER of Florida, Mr.
FITZPATRICK of Pennsylvania, Mr. MCCRERY, Mr. STEARNS, Ms. FOXX,
Mr. CONAWAY, Mr. MORAN of Virginia, Mr. MATHESON, Mr. HOLDEN,
Mr. BOYD, Mr. TANNER, Mr. COOPER, Mr. CRAMER, Mr. SCOTT of Geor-
gia, Mr. DAVIS of Tennessee, Mr. MOORE of Kansas, Ms. GINNY BROWN-
WAITE of Florida, and Mr. BOREN) introduced the following bill; which
was referred to the Committee on the Judiciary

---

# A BILL

To amend the procedures that apply to consideration of
interstate class actions to assure fairer outcomes for

2

class members and defendants, to outlaw certain practices that provide inadequate settlements for class members, to assure that attorneys do not receive a disproportionate amount of settlements at the expense of class members, to assure prompt consideration of interstate class actions, to amend title 28, United States Code, to allow the application of the principles of Federal diversity jurisdiction to interstate class actions, and for other purposes.

1    *Be it enacted by the Senate and House of Representa-*
2    *tives of the United States of America in Congress assembled,*
3    **SECTION 1. SHORT TITLE; REFERENCE; TABLE OF CON-**
4                    **TENTS.**
5        (a) SHORT TITLE.—This Act may be cited as the
6    "Class Action Fairness Act of 2005".
7        (b) REFERENCE.—Whenever in this Act reference is
8    made to an amendment to, or repeal of, a section or other
9    provision, the reference shall be considered to be made to
10   a section or other provision of title 28, United States
11   Code.
12       (c) TABLE OF CONTENTS.—The table of contents for
13   this Act is as follows:

Sec. 1. Short title; reference; table of contents.
Sec. 2. Findings and purposes.
Sec. 3. Consumer class action bill of rights and improved procedures for interstate class actions.
Sec. 4. Federal district court jurisdiction of interstate class actions.
Sec. 5. Removal of interstate class actions to Federal district court.
Sec. 6. Appeals of class action certification orders.
Sec. 7. Effective date.

3

**SEC. 2. FINDINGS AND PURPOSES.**

(a) FINDINGS.—The Congress finds as follows:

(1) Class action lawsuits are an important and valuable part of our legal system when they permit the fair and efficient resolution of legitimate claims of numerous parties by allowing the claims to be aggregated into a single action against a defendant that has allegedly caused harm.

(2) For many years there have been abuses of the class action device that have—

(A) harmed class members with legitimate claims and defendants that have acted responsibly;

(B) adversely affected interstate commerce; and

(C) undermined public respect for the judicial system in the United States.

(3) Class members have been harmed by a number of actions taken by plaintiffs' lawyers, which provide little or no benefit to class members as a whole, including—

(A) plaintiffs' lawyers receiving large fees, while class members are left with coupons or other awards of little or no value; and

4

1      (B) unjustified rewards being made to cer-
2  tain plaintiffs at the expense of other class
3  members.

4      (4) Through the use of artful pleading, plain-
5  tiffs are able to avoid litigating class actions in Fed-
6  eral court, forcing businesses and other organiza-
7  tions to defend interstate class action lawsuits in
8  county and State courts where—

9      (A) the lawyers, rather than the claimants,
10  are likely to receive the maximum benefit;

11      (B) less scrutiny may be given to the mer-
12  its of the case; and

13      (C) defendants are effectively forced into
14  settlements, in order to avoid the possibility of
15  huge judgments that could destabilize their
16  companies.

17      (5) These abuses undermine the Federal judi-
18  cial system, the free flow of interstate commerce,
19  and the intent of the framers of the Constitution in
20  creating diversity jurisdiction, in that county and
21  State courts are—

22      (A) handling interstate class actions that
23  affect parties from many States;

5

1               (B) sometimes acting in ways that dem-

2       onstrate bias against out-of-State defendants;

3       and

4               (C) making judgments that impose their

5       view of the law on other States and bind the

6       rights of the residents of those States.

7       (6) Abusive interstate class actions have

8     harmed society as a whole by forcing innocent par-

9     ties to settle cases rather than risk a huge judgment

10    by a local jury, thereby costing consumers billions of

11    dollars in increased costs to pay for forced settle-

12    ments and excessive judgments.

13    (b) PURPOSES.—The purposes of this Act are—

14       (1) to assure fair and prompt recoveries for

15    class members with legitimate claims;

16       (2) to protect responsible companies and other

17    institutions against interstate class actions in State

18    courts;

19       (3) to restore the intent of the framers of the

20    Constitution by providing for Federal court consider-

21    ation of interstate class actions; and

22       (4) to benefit society by encouraging innovation

23    and lowering consumer prices.

6

1  SEC. 3. CONSUMER CLASS ACTION BILL OF RIGHTS AND IM-

2        PROVED   PROCEDURES   FOR   INTERSTATE

3        CLASS ACTIONS.

4    (a) IN GENERAL.—Part V is amended by inserting

5  after chapter 113 the following:

6        **"CHAPTER 114—CLASS ACTIONS**

"Sec.
"1711. Judicial scrutiny of coupon and other noncash settlements.
"1712. Protection against loss by class members.
"1713. Protection against discrimination based on geographic location.
"1714. Prohibition on the payment of bounties.
"1715. Definitions.

7  **"§ 1711. Judicial   scrutiny   of   coupon   and   other**

8              **noncash settlements**

9    "The court may approve a proposed settlement under

10  which the class members would receive noncash benefits

11  or would otherwise be required to expend funds in order

12  to obtain part or all of the proposed benefits only after

13  a hearing to determine whether, and making a written

14  finding that, the settlement is fair, reasonable, and ade-

15  quate for class members.

16  **"§ 1712. Protection against loss by class members**

17    "The court may approve a proposed settlement under

18  which any class member is obligated to pay sums to class

19  counsel that would result in a net loss to the class member

20  only if the court makes a written finding that nonmone-

21  tary benefits to the class member outweigh the monetary

22  loss.

7

1 **"§ 1713. Protection against discrimination based on**
2 **geographic location**

3     "The court may not approve a proposed settlement
4 that provides for the payment of greater sums to some
5 class members than to others solely on the basis that the
6 class members to whom the greater sums are to be paid
7 are located in closer geographic proximity to the court.

8 **"§ 1714. Prohibition on the payment of bounties**

9     "(a) In General.—The court may not approve a
10 proposed settlement that provides for the payment of a
11 greater share of the award to a class representative serv-
12 ing on behalf of a class, on the basis of the formula for
13 distribution to all other class members, than that awarded
14 to the other class members.

15     "(b) Rule of Construction.—The limitation in
16 subsection (a) shall not be construed to prohibit any pay-
17 ment approved by the court for reasonable time or costs
18 that a person was required to expend in fulfilling his or
19 her obligations as a class representative.

20 **"§ 1715. Definitions**

21     "In this chapter:

22         "(1) Class action.—The term 'class action'
23 means—

24             "(A) any civil action filed in a district
25             court of the United States pursuant to rule 23
26             of the Federal Rules of Civil Procedure; or

8

1          "(B) any civil action that is removed to a
2      district court of the United States and that was
3      originally filed pursuant to a State statute or
4      rule of judicial procedure authorizing an action
5      to be brought by one or more representatives on
6      behalf of a class.

7      "(2) CLASS COUNSEL.—The term 'class coun-
8  sel' means the persons who serve as the attorneys
9  for the class members in a proposed or certified
10 class action.

11     "(3) CLASS MEMBER.—The term 'class mem-
12 ber' means any of the persons who fall within the
13 definition of the proposed or certified class in a class
14 action.

15     "(4) PROPOSED SETTLEMENT.—The term 'pro-
16 posed settlement' means an agreement that resolves
17 claims in a class action, that is subject to court ap-
18 proval, and that, if approved, would be binding on
19 the class members.".

20 (b) TECHNICAL AND CONFORMING AMENDMENT.—
21 The table of chapters for part V is amended by inserting
22 after the item relating to chapter 113 the following:

"**114. Class Actions** ............................................................... **1711**".

9

1 **SEC. 4. FEDERAL DISTRICT COURT JURISDICTION OF**

2 **INTERSTATE CLASS ACTIONS.**

3 (a) APPLICATION OF FEDERAL DIVERSITY JURISDIC-

4 TION.—Section 1332 is amended—

5 (1) by redesignating subsection (d) as sub-

6 section (e); and

7 (2) by inserting after subsection (c) the fol-

8 lowing:

9 "(d)(1) In this subsection—

10 "(A) the term 'class' means all of the class

11 members in a class action;

12 "(B) the term 'class action' means any civil ac-

13 tion filed pursuant to rule 23 of the Federal Rules

14 of Civil Procedure or similar State statute or rule of

15 judicial procedure authorizing an action to be

16 brought by one or more representative persons on

17 behalf of a class;

18 "(C) the term 'class certification order' means

19 an order issued by a court approving the treatment

20 of a civil action as a class action; and

21 "(D) the term 'class member' means any of the

22 persons who fall within the definition of the pro-

23 posed or certified class in a class action.

24 "(2) The district courts shall have original jurisdic-

25 tion of any civil action in which the matter in controversy

10

1    exceeds the sum or value of $5,000,000, exclusive of inter-

2    est and costs, and is a class action in which—

3          "(A) any member of a class of plaintiffs is a

4      citizen of a State different from any defendant;

5          "(B) any member of a class of plaintiffs is a

6      foreign state or a citizen or subject of a foreign state

7      and any defendant is a citizen of a State; or

8          "(C) any member of a class of plaintiffs is a

9      citizen of a State and any defendant is a foreign

10      state or a citizen or subject of a foreign state.

11    "(3) A district court may, in the interests of justice,

12  decline to exercise jurisdiction under paragraph (2) over

13  a class action in which greater than one-third but less than

14  two-thirds of the members of all proposed plaintiff classes

15  in the aggregate and the primary defendants are citizens

16  of the State in which the action was originally filed based

17  on consideration of the following factors:

18          "(A) Whether the claims asserted involve mat-

19      ters of national or interstate interest.

20          "(B) Whether the claims asserted will be gov-

21      erned by laws other than those of the State in which

22      the action was originally filed.

23          "(C) In the case of a class action originally

24      filed in a State court, whether the class action has

11

1　been pleaded in a manner that seeks to avoid Fed-

2　eral jurisdiction.

3　　　"(D) Whether the number of citizens of the

4　State in which the action was originally filed in all

5　proposed plaintiff classes in the aggregate is sub-

6　stantially larger than the number of citizens from

7　any other State, and the citizenship of the other

8　members of the proposed class is dispersed among a

9　substantial number of States.

10　　　"(E) Whether 1 or more class actions asserting

11　the same or similar claims on behalf of the same or

12　other persons have been or may be filed.

13　　"(4) Paragraph (2) shall not apply to any class action

14　in which—

15　　　"(A) two-thirds or more of the members of all

16　proposed plaintiff classes in the aggregate and the

17　primary defendants are citizens of the State in

18　which the action was originally filed;

19　　　"(B) the primary defendants are States, State

20　officials, or other governmental entities against

21　whom the district court may be foreclosed from or-

22　dering relief; or

23　　　"(C) the number of members of all proposed

24　plaintiff classes in the aggregate is less than 100.

12

1    "(5) In any class action, the claims of the individual

2    class members shall be aggregated to determine whether

3    the matter in controversy exceeds the sum or value of

4    $5,000,000, exclusive of interest and costs.

5    "(6) This subsection shall apply to any class action

6    before or after the entry of a class certification order by

7    the court with respect to that action.

8    "(7)(A) A district court shall dismiss any civil action

9    that is subject to the jurisdiction of the court solely under

10   this subsection if the court determines that the action may

11   not proceed as a class action based on a failure to satisfy

12   the requirements of rule 23 of the Federal Rules of Civil

13   Procedure.

14   "(B) Nothing in subparagraph (A) shall prohibit

15   plaintiffs from filing an amended class action in Federal

16   court or filing an action in State court, except that any

17   such action filed in State court may be removed to the

18   appropriate district court if it is an action of which the

19   district courts of the United States have original jurisdic-

20   tion.

21   "(C) In any action that is dismissed under this para-

22   graph and is filed by any of the original named plaintiffs

23   therein in the same State court venue in which the dis-

24   missed action was originally filed, the limitations periods

25   on all reasserted claims shall be deemed tolled for the pe-

13

1  riod during which the dismissed class action was pending.
2  The limitations periods on any claims that were asserted
3  in a class action dismissed under this paragraph that are
4  subsequently asserted in an individual action shall be
5  deemed tolled for the period during which the dismissed
6  action was pending.

7      "(8) Paragraph (2) shall not apply to any class action
8  brought by shareholders that solely involves a claim that
9  relates to—

10          "(A) a claim concerning a covered security as
11      defined under section 16(f)(3) of the Securities Act
12      of 1933 and section 28(f)(5)(E) of the Securities
13      Exchange Act of 1934;

14          "(B) the internal affairs or governance of a cor-
15      poration or other form of business enterprise and
16      arises under or by virtue of the laws of the State in
17      which such corporation or business enterprise is in-
18      corporated or organized; or

19          "(C) the rights, duties (including fiduciary du-
20      ties), and obligations relating to or created by or
21      pursuant to any security (as defined under section
22      2(a)(1) of the Securities Act of 1933 and the regula-
23      tions issued thereunder).

24      "(9) For purposes of this subsection and section
25  1453 of this title, an unincorporated association shall be

14

1  deemed to be a citizen of the State where it has its prin-

2  cipal place of business and the State under whose laws

3  it is organized.

4      "(10) For purposes of this section and section 1453

5  of this title, a civil action that is not otherwise a class

6  action as defined in paragraph (1)(B) of this subsection

7  shall nevertheless be deemed a class action if—

8          "(A) the named plaintiff purports to act for the

9      interests of its members (who are not named parties

10     to the action) or for the interests of the general pub-

11     lic,  seeks  a  remedy  of  damages,  restitution,

12     disgorgement, or any other form of monetary relief,

13     and is not a State attorney general; or

14         "(B) monetary relief claims in the action are

15     proposed to be tried jointly in any respect with the

16     claims of 100 or more other persons on the ground

17     that the claims involve common questions of law or

18     fact.

19  In any such case, the persons who allegedly were injured

20  shall be treated as members of a proposed plaintiff class

21  and the monetary relief that is sought shall be treated as

22  the claims of individual class members. The provisions of

23  paragraph (7) of this subsection and subsections (b)(2)

24  and (d) of section 1453 shall not apply to civil actions

25  described under subparagraph (A). The provisions of para-

15

1 graph (7) of this subsection, and subsections (b)(2) and

2 (d) of section 1453 shall not apply to civil actions de-

3 scribed under subparagraph (B).".

4    (b) CONFORMING AMENDMENTS.—

5        (1) Section 1335(a)(1) is amended by inserting

6    "(a) or (d)" after "1332".

7        (2) Section 1603(b)(3) is amended by striking

8    "(d)" and inserting "(e)".

9 **SEC. 5. REMOVAL OF INTERSTATE CLASS ACTIONS TO FED-**

10            **ERAL DISTRICT COURT.**

11    (a) IN GENERAL.—Chapter 89 is amended by adding

12 after section 1452 the following:

13 **"§ 1453. Removal of class actions**

14    "(a) DEFINITIONS.—In this section, the terms 'class',

15 'class action', 'class certification order', and 'class mem-

16 ber' have the meanings given these terms in section

17 1332(d)(1).

18    "(b) IN GENERAL.—A class action may be removed

19 to a district court of the United States in accordance with

20 this chapter, without regard to whether any defendant is

21 a citizen of the State in which the action is brought, except

22 that such action may be removed—

23        "(1) by any defendant without the consent of

24    all defendants; or

16

1       "(2) by any plaintiff class member who is not

2   a named or representative class member without the

3   consent of all members of such class.

4       "(c) WHEN REMOVABLE.—This section shall apply to

5   any class action before or after the entry of a class certifi-

6   cation order in the action, except that a plaintiff class

7   member who is not a named or representative class mem-

8   ber of the action may not seek removal of the action before

9   an order certifying a class of which the plaintiff is a class

10  member has been entered.

11      "(d) PROCEDURE FOR REMOVAL.—The provisions of

12  section 1446 relating to a defendant removing a case shall

13  apply to a plaintiff removing a case under this section,

14  except that, in the application of subsection (b) of such

15  section, the requirement relating to the 30-day filing pe-

16  riod shall be met if a plaintiff class member files notice

17  of removal within 30 days after receipt by such class mem-

18  ber, through service or otherwise, of the initial written no-

19  tice of the class action.

20      "(e) REVIEW OF ORDERS REMANDING CLASS AC-

21  TIONS TO STATE COURTS.—The provisions of section

22  1447 shall apply to any removal of a case under this sec-

23  tion, except that, notwithstanding the provisions of section

24  1447(d), an order remanding a class action to the State

17

1    court from which it was removed shall be reviewable by

2    appeal or otherwise.

3        "(f) EXCEPTION.—This section shall not apply to any

4    class action brought by shareholders that solely involves—

5            "(1) a claim concerning a covered security as

6        defined under section 16(f)(3) of the Securities Act

7        of 1933 and section 28(f)(5)(E) of the Securities

8        Exchange Act of 1934;

9            "(2) a claim that relates to the internal affairs

10       or governance of a corporation or other form of busi-

11       ness enterprise and arises under or by virtue of the

12       laws of the State in which such corporation or busi-

13       ness enterprise is incorporated or organized; or

14           "(3) a claim that relates to the rights, duties

15       (including fiduciary duties), and obligations relating

16       to or created by or pursuant to any security (as de-

17       fined under section 2(a)(1) of the Securities Act of

18       1933 and the regulations issued thereunder).".

19       (b)  REMOVAL  LIMITATION.—Section  1446(b)  is

20   amended in the second sentence by inserting "(a)" after

21   "section 1332".

22       (c) TECHNICAL AND CONFORMING AMENDMENTS.—

23   The table of sections for chapter 89 is amended by adding

24   after the item relating to section 1452 the following:

"1453. Removal of class actions.".

18

1    **SEC. 6. APPEALS OF CLASS ACTION CERTIFICATION OR-**
2           **DERS.**

3        (a) IN GENERAL.—Section 1292(a) is amended by in-
4    serting after paragraph (3) the following:

5           "(4) Orders of the district courts of the United
6           States granting or denying class certification under
7           rule 23 of the Federal Rules of Civil Procedure, if
8           notice of appeal is filed within 10 days after entry
9           of the order.".

10       (b) DISCOVERY STAY.—All discovery and other pro-
11   ceedings shall be stayed during the pendency of any appeal
12   taken pursuant to the amendment made by subsection (a),
13   unless the court finds upon the motion of any party that
14   specific discovery is necessary to preserve evidence or to
15   prevent undue prejudice to that party.

16   **SEC. 7. EFFECTIVE DATE.**

17       (a) IN GENERAL.—The amendments made by this
18   Act shall apply to—

19          (1) any civil action commenced on or after the
20          date of the enactment of this Act; and

21          (2) any civil action commenced before such date
22          of enactment in which a class certification order (as
23          defined in section 1332(d)(1)(C) of title 28, United
24          States Code, as amended by section 4 of this Act)
25          is entered on or after such date of enactment.

19

1    (b) FILING OF NOTICE OF REMOVAL.—In the case
2  of any civil action to which subsection (a)(2) applies, the
3  requirement relating to the 30-day period for the filing
4  of a notice of removal under section 1446(b) and section
5  1453(d) of title 28, United States Code, shall be met if
6  the notice of removal is filed within 30 days after the date
7  on which the class certification order referred to in sub-
8  section (a)(2) is entered.

○