# EXHIBIT 9

In section 1332(d)(1)(B) of title 28, United States Code, as amended by section 4(a)(2) of the bill, insert before the semicolon the following ", except that the term 'class action' does not include any action arising by reason of the use of the drug Vioxx".

The SPEAKER pro tempore. Pursuant to the rule, the gentleman from Ohio (Mr. BROWN) is recognized for 5 minutes in support of his motion.

Mr. BROWN of Ohio. Mr. Speaker, Janet Huggins died last September. She was 39 years old. She had a 9-year-old son.

She had no personal or family history of heart problems, but she suffered a fatal heart attack just a month after she began taking a new medicine for her early-onset arthritis.

That medicine she took was Merck's anti-inflammatory drug, Vioxx. Cardiologist, Dr. Eric Topol, and other researchers at the Cleveland Clinic sounded the alarm in August of 2001.

Their article in the Journal of the American Medical Association pointed to increased occurrence of heart problems in patients taking Vioxx and similar Cox-II anti-inflammatory drugs. Dr. Topol even called Merck's CEO and research director to talk about his concerns. His calls went unanswered. His warnings went unheeded.

Instead, Merck continued to sell Vioxx, continued to spend $100 million a year on direct-to-consumer advertising, encouraging more and more Americans to buy Vioxx. That is what Ms. Huggins did. She was buried the same day that Merck finally took Vioxx off the market.

Her husband Monty has filed suit against Merck. His suit will be captured, along with thousands of other Vioxx suits, under the mass actions provisions of S. 5. This bill is designed to make it more difficult for Monty Huggins and others to pursue their claims that companies like Merck will never be held accountable.

S. 5 will make it more expensive for him and much harder for him to travel for court proceedings. It may even dead-end Monty Huggins' claim entirely.

Federal Courts have repeatedly refused to certify multistate class actions because they found them too complex to choose one State law over the other. So Monty Huggins may arrive in Federal Court only to find that is the end of the line.

The bitter irony here is that Vioxx claims are not really class actions at all.

Here is a good example of the sort of things settled by class action lawsuits. This iPod portable music player is all the rage. There are some people out there who thought the batteries on these things run out too quickly. They have filed a class action lawsuit against the manufacturer. If they win, everybody in the class probably gets a few bucks and the whole thing is done.

That is what class action lawsuits are about. They do not generally involve personal injuries. They do not generally involve huge losses. There is a world of difference, Mr. Speaker, between a faulty battery in this, and the death of a 39-year-old wife and mother.

Perhaps the worst aspect of this bill is that it treats these suits the same. We should strip out the whole class action, the mass action provision, but that is not realistic in this political environment.

My motion to commit prevents harm so obvious it cannot be ignored by specifically exempting Vioxx lawsuits.

Dr. Topol at the Cleveland Clinic, who I mentioned earlier wrote, "Neither of the two major forces in this 5-and-a-half year affair, neither Merck nor the FDA, fulfilled its responsibilities to the public."

This motion to commit offers an opportunity for someone at last to act responsibly.

If we adopt this motion to commit, Monty Huggins will have a fighting chance for justice. If we do not, the U.S. House of Representatives will join the list of those who betrayed the public's trust.

Mr. Speaker, I yield the reminder of my time to my friend, the gentleman from Arkansas (Mr. ROSS).

Mr. ROSS. Mr. Speaker, the Class Action Fairness Act could not be more inappropriately named, and this motion to commit shows why.

Since 1999, Merck has spent over $100 million a year to advertise Vioxx. More than 80 million people took Vioxx, and the drug generated sales of $2.5 billion for Merck.

Merck should take responsibility for the harm their products may cause. Thousands, literally thousands of American families believe they lost a loved one or suffered personal harm because Vioxx was unsafe.

These families believe Merck knew of the danger Vioxx was causing, but allowed the drug to remain on the market anyway. Maybe they are right. Maybe they are not. But the point is that the so-called Class Action Fairness Act does not give them a fair chance to make their case before a jury of their peers.

The Class Action Fairness Act makes it very difficult for those who feel they were harmed by drugs like Vioxx from getting the justice they deserve. We should adopt this motion to commit and pass a Class Action Fairness Act worthy of the name.

Mr. GOODLATTE. Mr. Speaker, I rise in opposition to the motion to commit.

The SPEAKER pro tempore. The gentleman from Virginia (Mr. GOODLATTE) is recognized for 5 minutes.

Mr. GOODLATTE. Mr. Speaker, first let me thank Chairman SENSENBRENNER for his leadership in bringing us to this historic point. He and I have been working on this for over 6 years. It has passed the House of Representatives three times before.

Due to his good work, it has now passed the Senate and we have the opportunity to send it to the President. He is waiting to sign it and we shouldn't waste any more time.

☐ 1315

Now the truth about class action fairness and Vioxx. Critics have been arguing in the press that S. 5 should be rejected because it will hurt consumers bringing Vioxx cases against Merck. The truth is, however, that this legislation will have absolutely no effect on Vioxx suits, and here is why. The majority of personal injury cases brought against Merck are individual cases that would not be affected by the bill in any manner whatsoever. These include more than 400 personal injury cases that are part of a coordinated proceeding in New Jersey State Court. None of these cases will be affected by the bill because they are neither class actions nor mass actions.

Merck has been named in more than 75 statewide and nationwide class actions involving Vioxx, but only a small percentage are personal injury class actions. To the extent these cases do involve personal injury, most were already brought in or removed to Federal Court because each potential class member's claims exceeds $75,000. Thus, these cases are removable to Federal Court under the old rules.

There are a few cases which plaintiffs have joined together in mass action-type cases against Merck. However, not a single Vioxx case has been brought against Merck in State court by more than 100 plaintiffs, one of the requirements for removal to Federal Court under the class action legislation. Thus, there is no reason to believe that the mass action provision would affect any Vioxx-related cases whatsoever.

Most of the class actions have been brought against Merck. Since the legislation is not retroactive, it would absolutely have no effect on the 75 class actions already filed against Merck in the wake of the Vioxx withdrawal.

Mr. BROWN of Ohio. Mr. Speaker, I have a parliamentary inquiry.

The SPEAKER pro tempore (Mr. COLE of Oklahoma). Does the gentleman from Virginia yield to the gentleman from Ohio for a parliamentary inquiry?

Mr. GOODLATTE. Mr. Speaker, I do not yield.

The SPEAKER pro tempore. The gentleman from Virginia (Mr. GOODLATTE) may continue.

Mr. GOODLATTE. Mr. Speaker, given the large number of suits already filed and the fact that every former Vioxx taker in America is already a proposed class member in numerous class actions, it is unlikely there will be many more class actions after the legislation is enacted.

It is bad legislation to have something pass that covers all class actions in the country for all time and name one specific product or one specific company in the legislation. It is irrelevant anyway.

Now, let me tell you the kinds of cases that are affected by this legislation. Take a look at the "Class Action Wheel of Fortune" on this chart. It will tell you what we are doing here today.