UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR INCLUSION IN CASE MANAGEMENT ORDER NO. 4 OF PROVISION PREVENTING REDUNDANT PROSECUTION OF CLAIMS**

Defendants Pfizer Inc. and Warner-Lambert Company (collectively "Defendants") submit this memorandum in support of their motion for inclusion in Case Management Order No. 4 (Relating to Products Liability Litigation) of language that would prevent redundant prosecution of claims that are asserted in the coordinated and consolidated complaints that were filed months ago and that are being vigorously litigated.

**INTRODUCTION**

The parties – now a larger group given the addition of products liability and personal injury cases – have once again attempted to agree on the terms of a case management order. The product of this effort, "[PROPOSED] CASE MANAGEMENT ORDER NO. 4 (RELATING TO PRODUCTS LIABILITY LITIGATION)" ("CMO4"), is attached hereto as Exhibit A. As the Court instructed, and as before, the disputed language is bracketed.

Fortunately, as the exhibit indicates, there is only one issue in dispute – whether to include Section IV.A. Unfortunately, the proposed case management order does not cover as

much ground as its predecessors do because, as the parties agree, some issues must await the arrival of the cases that are en route and the appointment of a products liability plaintiffs' steering committee and liaison counsel.

## ARGUMENT

### SECTION IV.A. SHOULD BE INCLUDED IN CMO4 TO AVOID REDUNDANT PROSECUTION OF PREVIOUSLY-ASSERTED CLAIMS

Defendants request that the Court include the following language in CMO4:

> All claims asserted in the Products Liability Cases other than those related to personal injury or products liability shall be prosecuted on behalf of plaintiffs by and at the direction of the Class Plaintiffs' Steering Committee established by this Court pursuant to Case Management Order No. 1. All non-personal injury and non-products liability claims asserted in the Products Liability Cases are subject to the Amended Class Complaint filed on February 1, 2005.

(Ex. A at 6.) If the language is familiar, it is because it was included in the proposed case management order for the products liability cases that Plaintiffs submitted in advance of and for the Scheduling Conference on May 13. (See Exhibit B hereto (Docket # 113, Ex. C) at 5.) Plaintiffs have reversed field and no longer want the language included. They were right the first time.

In the absence of the above-quoted language, the products liability plaintiffs would be free to prosecute the same non-personal injury and non-products liability claims that already are at issue in the coordinated complaints filed in February. The result would be at best a wasteful and expensive duplication of effort. A great deal of progress has been made toward coordinating and consolidating this complex case. That progress already is being threatened by the *Assurant* Plaintiffs; another threat should not be permitted. Like the *Assurant* Plaintiffs, the products liability plaintiffs are asking this Court to allow every new plaintiff that comes along to litigate

2

separately claims that fall within the definition of the class.

Inclusion of the language quoted above would not prejudice the products liability plaintiffs one whit. Discovery is just beginning, and, to put it mildly, the non-products liability plaintiffs are pursuing the non-products liability and non-personal injury claims vigorously. They have served 261 document requests and 36 interrogatories that request – in every possible way and iteration – documents and information concerning marketing and promotion, sales, FDA submissions, patents, forecasts, budgets, and clinical and anecdotal evidence of efficacy and safety relating to Neurontin. It is hard to imagine that there is any aspect of discovery concerning the off-label uses of Neurontin that the non-product liability plaintiffs have not and will not pursue. The language Defendants propose will not prevent the products liability plaintiffs from providing their advice and input as to the non-products liability plaintiffs' efforts, or deny them access to the fruits of the non-products liability plaintiffs' labors. The products liability plaintiffs' interests with respect to claims other than products liability claims and personal injury claims are and will be fully protected. Therefore, there is no need to permit them to pursue such claims on their own, and Defendants' proposed language should be included in CMO4.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court include in CMO4 the bracketed language that appears on page 6 of Exhibit A hereto.

Dated: May 27, 2005                                     PFIZER INC., et uno,

                                                        By their attorneys,

                                                        s/James P. Rouhandeh
                                                        James P. Rouhandeh
                                                        James E. Murray
                                                        DAVIS POLK & WARDWELL
                                                        450 Lexington Avenue
                                                        New York, New York 10017
                                                        (212) 450-4000

                                                        -and-

                                                        s/David B.Chaffin
                                                        David B. Chaffin
                                                        BBO No. 549245
                                                        HARE & CHAFFIN
                                                        160 Federal Street
                                                        Boston, Massachusetts 02110
                                                        (617) 330-5000

# EXHIBIT A

Case 1:04-cv-10981-PBS   Document 138   Filed 05/27/2005   Page 5 of 20

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | Civil Action No. 04-10981 |

**[PROPOSED] CASE MANAGEMENT ORDER NO. 4**
**(RELATING TO PRODUCTS LIABILITY LITIGATION)**

WHEREAS, by Order dated April 20, 2005 the Judicial Panel on MultiDistrict Litigation: a) transferred to this Court five (5) product liability actions involving both allegations with respect to the marketing and sales practices related to Neurontin as well as allegations related to the safety of Neurontin and claims that Neurontin caused personal injury to plaintiffs; and b) renamed MDL 1629 as *In re Neurontin Marketing, Sales Practices and Products Liability Litigation*; and

WHEREAS, on May 11, 2005, twenty-one (21) additional actions involving marketing and sales practices, personal injury, and products liability allegations were transferred to MDL 1629;

WHEREAS, on May 20, 2005, eight (8) actions involving marketing and sales practices, personal injury, and products liability allegations were conditionally transferred to MDL 1629; and

WHEREAS, in order to promote judicial economy and avoid undue delay, the Court finds that it would be appropriate to provide for case management of all transferred cases

alleging personal injury and product liability claims, separate and apart from that provided for the originally transferred cases involving claims related exclusively to marketing and sales practices and to appoint a separate committee of counsel to act for and on behalf of plaintiffs with claims of personal injury.  Accordingly,

IT IS HEREBY ORDERED as follows:

I. **PRETRIAL CONSOLIDATION AND COORDINATION**

1. By order of the Judicial Panel on Multidistrict Litigation ("MDL Panel"), the actions listed on Exhibit A have been transferred to this Court for coordinated pretrial proceedings. Additional cases, identified on Exhibit B, have been identified as Tag-Along Actions and await transfer by the MDL Panel to this Court for coordinated pretrial proceedings.

2. These cases, and any other cases involving claims of personal injury or products liability that are subsequently filed in, transferred to or removed to this proceeding are referred to as the "Products Liability Cases."

3. This Order does not constitute a determination that actions consolidated for pretrial purposes should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he/she has not been named, served or added in accordance with the Federal Rules of Civil Procedure.  No party, by agreeing to this Order, waives any defense of lack of personal jurisdiction or insufficiency of service of process.

A. **Applicability of Order**

The terms of this Order shall apply automatically to all products liability and personal injury cases transferred into MDL 1629 and to all other products liability and personal injury cases that become a part of this proceeding by virtue of being filed in, removed to, or transferred to this Court (including cases transferred pursuant to Local Rules, 28 U.S.C. § 1404(a), or 28 U.S.C. § 1407).  Case Management Orders Nos. 1-3 shall also apply to the Products Liability

2

Cases to the extent the Court does not make alternative provisions related to the Products Liability Cases in this Order or in subsequent case management orders.

### B.  Dissemination of Order

Within five (5) days of the date of this Order, Plaintiffs' Liaison Counsel (designated in Case Management Order 1) shall send a copy of this Order by overnight delivery, hand delivery or telecopy to all counsel in Products Liability Cases to which this Order applies. When an action that properly belongs as part of this proceeding and which alleges personal injury or asserts products liability claims is hereinafter filed before this Court or transferred or removed to the Court from another forum, Plaintiffs' Liaison Counsel shall immediately send a copy of this Order by overnight delivery, hand delivery, or telecopy to plaintiffs' counsel in that action. After the appointment of liaison counsel for the Products Liability Cases it shall be the responsibility of the designated liaison counsel to disseminate this Order to plaintiffs' counsel in actions filed in, transferred to or removed to this Court that are properly part of this proceeding and which allege personal injury or products liability claims. Objections to the terms of this Order must be filed by parties or their counsel within fifteen (15) days of receipt of the Order.

## II.  CASE IDENTIFICATION

This case shall be styled "*In re Neurontin Marketing, Sales Practices and Products Liability Litigation*", and all provisions of all prior Case Management Orders are hereby concerning the case title are hereby amended accordingly.

## III.  ORGANIZATION OF PRODUCTS LIABILITY COUNSEL

### A.  Designation

The Court intends to appoint a steering committee and liaison counsel for the Products Liability Cases, to be referred to as the Products Liability Plaintiffs' Steering Committee and the Products Liability Plaintiffs' Liaison Counsel respectively. Currently there are three different

3

attorneys and/or firms representing plaintiffs in the Products Liability Cases and, based on the Conditional Transfer Order of May 20, 2005, it is possible that additional plaintiffs' counsel will be involved in the Products Liability Cases. Accordingly, to give counsel in the conditionally transferred actions an opportunity to petition for appointment to the steering committee or to act as liaison counsel, the Court orders plaintiffs' counsel to submit motions for appointment to the Products Liability Steering Committee and as liaison counsel by June 17, 2005. The motions shall include declarations of support as well as materials demonstrating counsels' qualifications for appointment.

      **B.**      **Products Liability Plaintiffs' Steering Committee Responsibilities**

      1.      Counsel appointed as members of the steering committee above shall be referred to collectively as the Products Liability Plaintiffs' Steering Committee of "PLPSC" or "PL Plaintiffs' Steering Committee."

      2.      PL Plaintiffs' Steering Committee shall have sole authority over the following matters on behalf of the Products Liability Plaintiffs in their respective cases: (a) the establishment of working committees for the efficient prosecution of the Products Liability Cases and appointment of chair persons and members of such committees; (b) the initiation, response, scheduling, briefing and argument of all motions related to the Products Liability Cases; (c) the scope, order and conduct of all discovery proceedings in the Products Liability Cases; (d) such work assignments to other Plaintiffs' counsel in the Products Liability Cases as they may deem appropriate; (e) the retention of experts in the furtherance of the Products Liability Cases; (f) designation of which attorneys may appear at hearings, depositions and conferences with the Court related to the Products Liability Cases; (g) the timing and substance of any settlement negotiations with Defendants related to the Products Liability Cases; and (h) other matters concerning the prosecution and resolution of their respective cases.

3. No motion shall be initiated or filed on behalf of any Products Liability Class Plaintiff except through Products Liability Plaintiffs' Steering Committee.

4. Products Liability Plaintiffs' Steering Committee shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Products Liability Plaintiffs, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely upon all agreements made with Products Liability Plaintiffs' Steering Committee.

**C.  Products Liability Plaintiffs' Liaison Counsel Responsibilities**

1. Upon appointment, Products Liability Plaintiffs' Liaison Counsel shall (a) maintain and distribute to all counsel an up-to-date service list; (b) receive and, as appropriate, distribute to plaintiffs' counsel orders from the Court and materials served by Defendants' counsel; (c) communicate with plaintiffs' counsel information concerning the status of and developments in this proceeding.

2. Upon appointment, Products Liability Plaintiffs' Liaison Counsel will be designated as the counsel for plaintiffs upon whom all notices, orders, pleadings, motions, discovery and memoranda are to be served, except for case-specific matters, which shall be served on Products Liability Plaintiffs' Liaison Counsel as well as on the attorneys of record in that particular case.

**D.  Further Orders**

Upon application of Products Liability Plaintiffs' Steering Committee, or of by the Court *sua sponte*, further organizational order(s), including orders under Fed. R. Civ. 23(g)(2)(a), will be considered.

IV.  **COORDINATION OF PROCEEDINGS BETWEEN MARKETING AND SALES CASES AND PRODUCTS LIABILITY CASES**

**Defendants' Proposal:**

[A.  **Claims Other Than Personal Injury and Products Liability Claims**

All claims asserted in the Products Liability Cases other than those related to personal injury or products liability shall be prosecuted on behalf of plaintiffs by and at the direction of the Class Plaintiffs' Steering Committee established by this Court pursuant to Case Management Order No. 1. All non-personal injury and non-products liability claims asserted in the Products Liability Cases are subject to the Amended Class Complaint filed on February 1, 2005.]

**Plaintiffs' Proposal:**

[Omit paragraph IV. A. above]

B.  **Coordination**

Despite the separate steering committees appointed to represent, respectively, the interests of Plaintiffs with personal injury or product liability claims and those with claims related to the marketing and sales practices of Neurontin, and despite the separate case schedule that may be established as between the two types of cases or claims, the Court expects Plaintiffs, through the respective steering committees, to the extent possible, to coordinate the prosecution of these matters so as to avoid undue waste of time, duplication of effort or undue expense on behalf of the Court and all parties involved.

V.  **FURTHER CASE SCHEDULE**

Within fourteen (14) days of an Order appointing the Products Liability Plaintiff Steering Committee and liaison counsel, Defendants and Products Liability Plaintiff Steering Committee shall confer and provide the Court with a Proposed Stipulated Case Schedule to govern the remainder of the pre-trial activities related to the Products Liability Cases. If the parties are unable to agree on such a schedule they shall provide the Court with a single

6

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

statement identifying all areas of agreement and any areas on which agreement could not be reached.

## VI. ATTORNEYS' TIME AND EXPENSE RECORDS

### A. Maintenance of Contemporaneous Records

Any counsel who may seek an award (or approval) of a fee (or expenses) by the Court in connection with this proceeding shall keep a daily record of his/her time spent and expenses incurred regarding this proceeding, including a specific record of the hours, location, and particular activity. The failure to maintain such records will be grounds for denying court-awarded attorneys' fees, as will insufficient description of the activity.

### B. Filing

Each counsel (or each firm) who may seek an award (or approval) of a fee (or expenses) by the Court shall file quarterly with Product Liability Plaintiffs' Liaison Counsel a report summarizing according to each separate activity the time and reasonable and necessary expenses spent during the preceding quarter (and the ordinary billing rates of such attorneys in effect during such quarter) and the accumulated total of counsel's time, hourly rates, and expenses to date.

By: _____

By: _____

**SO ORDERED:**

_____
United States District Judge

Dated: _____

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | Civil Action No. 04-10981 |

**[PROPOSED] CASE MANAGEMENT ORDER NO. 4
(RELATING TO PRODUCTS LIABILITY LITIGATION)**

WHEREAS, by Order dated April 20, 2005 the Judicial Panel on MultiDistrict Litigation transferred to this Court five (5) product liability actions involving both allegations with respect to the marketing and sales practices related to Neurontin as well as allegations related to the safety of Neurontin and claims that Neurontin caused personal injury to plaintiffs; and

WHEREAS, by Order dated April 19, 2005, the Judicial Panel renamed MDL 1629 to *In re Neurontin Marketing, Sales Practices and Products Liability Litigation*; and

WHEREAS, an additional twenty-six (26) actions involving claims of personal injury and products liability have been conditionally transferred pursuant to the Judicial Panel's CTO Nos. 4-7; and

WHEREAS, in order to promote judicial economy and avoid undue delay, the Court finds that it would be appropriate to provide for case management of all transferred cases alleging personal injury and product liability claims, separate and apart from that provided for the originally transferred cases with claims related exclusively to marketing and sales and to

appoint a separate committee of counsel to act for and on behalf of plaintiffs with claims of personal injury; and

WHEREAS, in order to promote unnecessary duplication of effort on behalf of the parties and the Court, the Court finds that, to the extent possible, it would be appropriate to provide for coordination of all actions filed in or transferred to this District, whether they involve allegations of personal injury or allegations related to the sales and marketing of Neurontin. Accordingly,

IT IS HEREBY ORDERED as follows:

## I.     PRETRIAL CONSOLIDATION AND COORDINATION

1.     By order of the Judicial Panel on Multidistrict Litigation ("MDL Panel"), the actions listed on <u>Exhibit A</u> have been transferred to this Court for coordinated pretrial proceedings. Additional cases, identified on <u>Exhibit B</u>, have been identified as Tag-Along Actions and await transfer by the MDL Panel to this Court for coordinated pretrial proceedings.

2.     These cases, and any other cases involving claims of personal injury or products liability that are subsequently filed in, transferred to or removed to this proceeding are referred to as the "Products Liability Cases."

3.     This Order does not constitute a determination that actions consolidated for pretrial purposes should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he/she has not been named, served or added in accordance with the Federal Rules of Civil Procedure. No party, by agreeing to this Order, waives any defense of lack of personal jurisdiction or insufficiency of service of process.

### A.     Applicability of Order

The terms of this Order shall apply automatically to all products liability cases transferred into MDL 1629 and to all other products liability cases that become a part of this proceeding by virtue of being filed in, removed to, or transferred to this Court (including cases transferred

pursuant to Local Rules 28 U.S.C. § 1404(a), or 28 U.S.C. § 1407). Case Management Orders Nos. 1-3 shall also apply to the Products Liability Cases to the extent the Court does not make alternative provisions related to the Products Liability Cases in this Order or in subsequent case management orders.

### B.   Dissemination of Order

Within five (5) days of the date of this Order, Plaintiffs' Liaison Counsel (designated in Case Management Order 1) shall send a copy of this Order by overnight delivery, hand delivery or telecopy to all counsel in Products Liability Cases to which this Order applies. When an action that properly belongs as part of this proceeding and which alleges personal injury or products liability claims is hereinafter filed before this Court or transferred to the Court from another forum, Plaintiffs' Liaison Counsel shall immediately send a copy of this Order by overnight delivery, hand delivery, or telecopy to plaintiffs' counsel in that action. Objections to the terms of this Order must be filed by parties or their counsel within fifteen (15) days of receipt of the Order.

## II.   CASE IDENTIFICATION

This case shall be styled "*In re Neurontin Marketing, Sales Practices and Products Liability Litigation*", and all applicable provisions of all prior Case Management Orders are hereby amended accordingly.

## III.   ORGANIZATION OF PRODUCTS LIABILITY COUNSEL

### A.   Designation

Pending further order of this Court, the Court designates under Rule 23(g)(2)(a) the following firms to act on behalf of Products Liability Plaintiffs with responsibilities hereinafter described:

1.   As Products Liability Plaintiffs' Steering Committee:

3

> Andrew G. Finkelstein
> Finkelstein & Partners
> 436 Robinson Avenue
> Newburgh, NY 12550

**B.     Products Liability Plaintiffs' Steering Committee Responsibilities**

1. Plaintiffs' counsel appointed as members of the steering committee above shall be referred to collectively as the Products Liability Plaintiffs' Steering Committee of "PLPSC" or "PL Plaintiffs' Steering Committee."

2. PL Plaintiffs' Steering Committee shall have sole authority over the following matters on behalf of the Products Liability Plaintiffs in their respective cases: (a) the establishment of working committees for the efficient prosecution of the Products Liability Cases and appointment of chair persons and members of such committees; (b) the initiation, response, scheduling, briefing and argument of all motions related to the Products Liability Cases; (c) the scope, order and conduct of all discovery proceedings in the Products Liability Cases; (d) such work assignments to other Plaintiffs' counsel in the Products Liability Cases as they may deem appropriate; (e) the retention of experts in the furtherance of the Products Liability Cases; (f) designation of which attorneys may appear at hearings, depositions and conferences with the Court related to the Products Liability Cases; (g) the timing and substance of any settlement negotiations with Defendants related to the Products Liability Cases; and (h) other matters concerning the prosecution and resolution of their respective cases.

3. No motion shall be initiated or filed on behalf of any Products Liability Class Plaintiff except through Products Liability Plaintiffs' Steering Committee.

4. Products Liability Plaintiffs' Steering Committee shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Products Liability

4

Plaintiffs, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely upon all agreements made with Products Liability Plaintiffs' Steering Committee.

### C.     Further Orders

Upon application of Products Liability Plaintiffs' Steering Committee, or of by the Court *sua sponte*, further organizational order(s), including orders under Fed. R. Civ. 23(g)(2)(a), will be considered.

## IV.    COORDINATION OF PROCEEDINGS BETWEEN MARKETING AND SALES CASES AND PRODUCTS LIABILITY CASES

### A.     Allegations Unrelated to Personal Injury or Products Liability

All class claims other than those related to personal injury or products liability, whether or not asserted in the Products Liability Cases, shall be prosecuted on behalf of Plaintiffs by and at the direction of the Class Plaintiffs' Steering Committee established by this Court pursuant to Case Management Order No. 1. All such claims, even if asserted in the Products Liability Cases, are subject to the Amended Class Action Complaint filed on February 1, 2005.

### B.     Coordination

Despite the separate steering committees appointed to represent the interests of Plaintiffs with personal injury or product liability claims and those with claims related to the marketing and sales practices of Neurontin, and despite the separate case schedule that may be established as between the two types of cases or claims, the Court expects Plaintiffs, through the respective steering committees, to the extent possible, to coordinate the prosecution of these matters so as to avoid undue waste of time, duplication of effort or undue expense on behalf of the Court and all parties involved.

## V.     FURTHER CASE SCHEDULE

Within fourteen (14) days of this Order, the Products Liability Plaintiff Steering Committee and Defendants shall confer and provide the Court with a Proposed Stipulated Case

5

Schedule to govern the remainder of the pre-trial activates related to the Products Liability Cases. If the parties are unable to agree on such a schedule they shall provide the Court with a single statement identifying all areas of agreement and any areas on which agreement could not be reached.

## VI. ATTORNEYS' TIME AND EXPENSE RECORDS

### A. Maintenance of Contemporaneous Records

Any counsel who may seek an award (or approval) of a fee (or expenses) by the Court in connection with this proceeding shall keep a daily record of his/her time spent and expenses incurred regarding this proceeding, including a specific record of the hours, location, and particular activity. The failure to maintain such records will be grounds for denying court-awarded attorneys' fees, as will insufficient description of the activity.

### B. Filing

Each counsel (or each firm) who may seek an award (or approval) of a fee (or expenses) by the Court shall file quarterly with Product Liability Plaintiffs' Liaison Counsel a report summarizing according to each separate activity the time and reasonable and necessary expenses spent during the preceding quarter (and the ordinary billing rates of such attorneys in effect during such quarter) and the accumulated total of counsel's time, hourly rates, and expenses to date.

**SO ORDERED:**

_____
United States District Judge

Dated: _____