UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                )
IN RE NEURONTIN MARKETING,                      )    MDL Docket No. 1629
SALES PRACTICES AND PRODUCTS                    )
LIABILITY LITIGATION                            )    Judge Patti B. Saris
_____)
                                                )
THIS DOCUMENT RELATES TO:                       )
                                                )    Civil Action No. 04-10981
ALL ACTIONS                                     )
_____)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY
OF CASE MANAGEMENT ORDER NO. 4 AND IN RESPONSE TO
DEFENDANTS' MOTION FOR INCLUSION OF CERTAIN
PROVISIONS IN CASE MANAGEMENT ORDER NO. 4**

As directed by the Court in the recent status conference on May 13, 2005, the

parties have negotiated a proposed Case Management Order No. 4 (Relating to Products

Liability Litigation) ("CMO 4").  A copy of the proposed CMO 4, with alternative

proposals from both Defendants and Plaintiffs, as requested by the Court, is attached as

Exhibit A to Defendants' Memorandum In Support of Motion for Inclusion in Case

Management Order No. 4 of Provision Preventing Redundant Prosecution of Claims

("Defendants' Memo").

The only remaining disagreement between the parties concerning CMO 4 relates

to the inclusion of Paragraph IV. A.  The disputed paragraph reads as follows:

> All claims asserted in the Products Liability Cases other than those
> related to personal injury or products liability shall be prosecuted on
> behalf of plaintiffs by and at the direction of the Class Plaintiffs' Steering
> Committee established by this Court pursuant to Case Management Order
> No. 1.   All non-personal injury and non-products liability claims asserted
> in the Products Liability Cases are subject to the Amended Class
> Complaint filed on February 1, 2005.

Defendants have argued that the language should be included, while Plaintiffs, including both the Plaintiffs' Steering Committee and counsel representing plaintiffs in most, but not all, of the personal injury cases that have recently been transferred to MDL 1629,[1] argue that it should be omitted from the final CMO.

## ARGUMENT

While Defendants argue that Plaintiffs have "reversed field and no longer want the language included," in fact, there now exist multiple firms representing personal injury/product liability plaintiffs.  Some of those firms have raised concerns with the proposed language. In fact, the proposed order allows for objections to be filed within fifteen (15) days of its receipt.  The Plaintiffs Steering Committee are informed by counsel for personal injury plaintiffs of their objection to the paragraph, and so common sense dictates that it be brought to the Court's attention now, rather then wait for its service upon them.

Any agreement that deprives products liability plaintiffs the right to prosecute a claim at the direction of their own counsel that relates directly to their personal injury/products liability actions is premature.  To include such language before the appointment of a Plaintiffs' Products Liability Steering Committee ("PPLSC") deprives counsel for product liability/personal injury plaintiffs the right to address the substantive nature or consequences of the paragraph.  To do so is inconsistent with the purpose of the proposed order.  Indeed, the proposed order outlines the Court's intention to allow attorneys to seek appointment to the PPLSC so that certain responsibilities can be met on

---

[1] As requested at the recent status conference, counsel from Finkelstein and Partners have been attempting to coordinate with counsel for the personal injury plaintiffs whose cases have been recently transferred to this Court.  The Class Plaintiffs Steering Committee has been working with counsel from Finkelstein and Partners on this matter until such time as the Court can appoint a separate steering committee for those cases.

behalf of the interests of plaintiffs claiming personal injuries or death as a result of the Defendants' actions.

The inclusion of the proposed paragraph is also objectionable at this stage because there has been no determination or agreement as to what if any overlap exists between the personal injury/product liability claims and sales/marketing claims. At first glance, it may appear that the intent of the language is to merely separate product liability claims from those of the marketing/sales claims, and to allow the Class Plaintiffs' Steering Committee the right to prosecute and direct marketing/sales claims for <u>all</u> plaintiffs. However, without an ability of the parties to agreed upon which claims are clearly non-personal injury or non-product liability, it is unreasonable to include the paragraph in the proposed order. That discussion cannot take place and no agreement can be reached on that front until the Court appoints counsel to speak on behalf of all plaintiffs in the personal injury cases. That is the purpose of the rest of the proposed CMO 4.

Finally, from a practical standpoint, the paragraph at issue is unnecessary given the inclusion of Paragraph IV(B) which clearly sets forth that the parties are to "coordinate the prosecution of these matters so as to avoid undue waste of time, duplication of effort or undue expense on behalf of the Court and all parties involved." The respective steering committees will work together to prosecute and direct both personal injury/product liability and sales/marketing claims and will avoid the "wasteful and expensive duplication of effort" that Defendants warn would result without the proposed language.

## <u>CONCLUSION</u>

For the reasons set forth above, the Class Plaintiffs' Steering Committee requests that this Court reject paragraph IV(A) of proposed CMO 4.

Dated:  May 27, 2005                          Respectfully Submitted,

By:     **/s/ Thomas M. Sobol**
        Thomas M. Sobol
        Hagens Berman Sobol Shapiro LLP
        One Main Street, 4th Floor
        Cambridge, MA 02142

        ***Plaintiffs' Liaison Counsel***

By:     **/s/ Don Barrett**

        Don Barrett, Esquire
        Barrett Law Office
        404 Court Square North
        P.O. Box 987
        Lexington, MS 39095

By:     **/s/ Daniel Becnel**
        Daniel Becnel, Jr., Esquire
        Law Offices of Daniel Becnel, Jr.
        106 W. Seventh Street
        P.O. Drawer H
        Reserve, LA 70084

By:     **/s/ James Dugan**

        James Dugan, Esquire
        Dugan & Browne
        650 Poydras St., Suite 2150
        New Orleans, LA 70130

By:     **/s/ Thomas Greene**
        Thomas Greene Esquire
        Greene & Hoffman
        125 Summer Street
        Boston, MA 02110

By:     **/s/ Barry Himmelstein**
        Barry Himmelstein, Esquire
        Lieff Cabraser Heimann & Bernstein
        Embarcadero Center West
        275 Battery Street, 30th Floor
        San Francisco, CA 94111-3339

*Members of the Class Plaintiffs'*
*Steering Committee*


By:     **/s/ Richard Cohen**
        Richard Cohen, Esquire
        Lowey Dannenberg Bemporad
        & Selinger, P.C.
        The Gateway
        One North Lexington Avenue
        White Plains, NY 10601

By:     **/s/ Linda P. Nussbaum**
        Linda P. Nussbaum, Esquire
        Cohen Milstein Hausfeld & Toll
        150 East 52nd Street
        Thirteenth Floor
        New York, NY 10022

*Members of the Plaintiffs' Non-Class*
*Steering Committee*