UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
)
IN RE NEURONTIN MARKETING,              )          MDL Docket No. 1629
SALES PRACTICES LITIGATION AND          )
PRODUCTS LIABILITY LITIGATION           )          Master File No. 04-10981
_____)          *Assurant* File No. 05-10535
THIS DOCUMENT RELATES TO:               )
ASSURANT HEALTH, INC., ET AL. v.        )          Judge Patti B. Saris
PFIZER, INC., ET AL., NO. 05-10535      )
_____)          Magistrate Judge Leo T. Sorokin

### MDL PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO THE *ASSURANT* PLAINTIFFS' SUGGESTION OF REMAND TO THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION

The MDL Plaintiffs respectfully submit this memorandum of law in response to the

*Assurant* Plaintiffs' Request that this Court issue a suggestion of remand to the Judicial Panel on

Multidistrict Litigation ("JPML").

The *Assurant* Plaintiffs' claims comingle elements of the claims asserted by plaintiffs in

two different MDL proceedings – this proceeding, and MDL Docket No. 1479, *In re Neurontin*

*Antitrust Litigation*.[1] On February 8, 2005, the JPML issued a Conditional Transfer Order

("CTO") transferring the *Assurant* Plaintiffs' claims to this proceeding (then known as the

*Neurontin Marketing and Sales Practices Litigation*), because of the substantial overlap between

the *Assurant* Plaintiffs' claims and the claims asserted by the other Plaintiffs in this proceeding.

The *Assurant* Plaintiffs initially objected to the CTO, then withdrew their objection, and now

have reversed course yet again, requesting that this Court suggest that the JPML transfer their

---

[1] There are currently three separate MDLs concerning Neurontin.  MDL Docket No. 1384, *In re Gabapentin Patent Litigation*, and MDL Docket No. 1479, the *Neurontin Antitrust Litigation*, are both pending in the District of New Jersey before the Honorable John C. Lifland.

cases back to the District of New Jersey – an argument they could easily have made to the JPML

directly, had they not voluntarily withdrawn their opposition to the CTO.

Dispositive motions are pending in both MDL transferee courts, impacting the two

different species of claims that the *Assurant* Plaintiffs have alleged – a motion for summary

judgment pending before Judge Lifland,[2] and motions to dismiss pending before this Court,

which will be heard by Magistrate Judge Sorokin on July 14, 2005.  As the Court appeared to

agree at the most recent status conference, the goals of judicial economy and consistency would

best be served if two MDL transferee judges, in two different circuits, were not issuing

potentially inconsistent rulings on the same issues.

While MDL Plaintiffs are confident that their claims will survive the pending motions to

dismiss, the opinion rendered here, and Judge Lifland's opinion on the patent issues (*see* n.2,

*supra*), will undoubtedly provide valuable guidance to whichever judge is called upon to address

the *Assurant* Plaintiffs' "hybrid" claims.  MDL Plaintiffs respectfully submit that the twin goals

of judicial economy and consistency, which are the very foundation of the MDL procedure,

outweigh any slight prejudice the *Assurant* Plaintiffs' might suffer from a small delay in having

challenges to their own pleadings resolved.  Indeed, the *Assurant* Plaintiffs will benefit from

access to the fruits of the massive discovery effort being taken by the MDL Plaintiffs.

Accordingly, if the *Assurant* Plaintiffs' motion to remand their case to New Jersey state

court is denied, the MDL Plaintiffs respectfully request that the Court stay consideration of the

*Assurant* Plaintiffs' alternative suggestion that the JPML transfer their case back to the District

of New Jersey until these pending motions have been decided, and invite further briefing on the

suggestion of remand at that time.

---

[2] Judge Lifland has stayed the proceedings in the *Neurontin Antitrust Litigation* pending the resolution of motions
for summary judgment in the *In re Gabapentin Patent Litigation*.  The summary judgment motion pending in the
District of New Jersey has been fully briefed and is currently awaiting a decision.

Dated: June 6, 2005                    Respectfully Submitted,

By:    **/s/ Barry Himmelstein**
Barry Himmelstein, Esquire
Lieff Cabraser Heimann &
Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By:    **/s/ Don Barrett**
Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By:    **/s/ Daniel Becnel**
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By:    **/s/ James Dugan**
James Dugan, Esquire
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130

By:    **/s/ Thomas Greene**
Thomas Greene Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

*Members of the Class Plaintiffs'*
*Steering Committee*

448867.1

By:     /s/ **Thomas M. Sobol**
        Thomas M. Sobol
        Hagens Berman Sobol Shapiro LLP
        One Main Street, 4th Floor
        Cambridge, MA 02142

*Plaintiffs' Liaison Counsel*


By:     /s/ **Richard Cohen**
        Richard Cohen, Esquire
        Lowey Dannenberg Bemporad
        & Selinger, P.C.
        The Gateway
        One North Lexington Avenue
        White Plains, NY 10601

By:     /s/ **Linda P. Nussbaum**
        Linda P. Nussbaum, Esquire
        Cohen Milstein Hausfeld & Toll
        150 East 52nd Street
        Thirteenth Floor
        New York, NY 10022

*Members of the Plaintiffs' Non-Class
Steering Committee*

448867.1