UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

## DECLARATION OF DEBORAH L. MACGREGOR

I, Deborah L. MacGregor, state, under the penalties of perjury, the following:

1. I am a member of the bar of the State of New York and of the United States District Courts for the Southern District of New York and the Eastern District of New York. I am an associate at Davis Polk & Wardwell, counsel to Defendants Pfizer Inc. and Warner-Lambert Company ("Defendants").

2. On Thursday, June 09, 2005, David Chaffin and I called Barry Himmelstein of Lief Cabraser to discuss the Request for Admissions (the "Request") served by Plaintiffs, purportedly pursuant to Rule 36. The responses to the requests are due Monday June 13th.

3. The purpose of our call was to confer with Mr. Himmelstein pursuant to Local Rule 37.1 before, if necessary, filing Defendant's Motion for a Protective Order with respect to the Request.

4. Mr. Chaffin and I explained to Mr. Himmelstein that his more than 44,000 requests were overly burdensome, unprecedented, and contrary to practice norms. We requested

that he withdraw the requests. We advised him that short of the withdrawal or some alternative acceptable approach, we would be forced to move for a protective order.

5. Mr. Himmelstein indicated that he would not withdraw the Request. He stated that he did not want to be in the position of having to spend 50,000 attorney hours deposing people and laying foundation for documents. He said that Plaintiffs are not in a position at this point to know what documents they plan to use at trial, particularly in light of the massive number of documents in this case they feel are potentially useful. We suggested to him that in light of, for example, Mr. Greene's years of experience with this matter, he would have a subset of the total production that they anticipate will or might be used as exhibits, but Mr. Himmelstein denied that this is so.

6. Mr. Himmelstein noted that he wants to shift the costs of laying foundations to us, and that Plaintiffs do not want to take on the burden of laying foundations. When we inquired as to whether he had some precedent for requesting admissions as to the entire production, or this volume, he stated he did not have any precedent. He later repeated this assertion, and then said that he had not looked for any precedent, and that he felt he did not need any because he has the Rule and there are no limits in the Rule.

7. We inquired as to what was meant and intended by the requests that we admit that each document is genuine. He said that the admission would be equivalent to an admission of authenticity under Federal Rule of Evidence 901. We explained that it would be extraordinarily burdensome for us to make the authenticity determination with respect to every document produced because it would require us to determine with respect to each and every document that it is what Plaintiffs claim it to be. We explained that documents had been produced in the usual

2

way, i.e., by pulling responsive materials from numerous files; that there had not been discussions with the persons from whose files the documents had been produced concerning the documents; and that, even assuming that we know what Plaintiffs claim each document is, which we do not, making the determinations would require that we discuss the documents with producing personnel. This would be, we explained, an enormous undertaking. Mr. Chaffin suggested that Mr. Himmelstein "do the math."

8. Mr. Himmelstein professed interest in a creative solution but offered none. Mr. Chaffin noted that in his experience, the approach with admissions is to isolate the documents of genuine interest and to craft a request for admissions accordingly. We suggested that Plaintiffs consider taking that approach. Mr. Himmelstein indicated that this approach would not be acceptable.

9. We advised Mr. Himmelstein that given Plaintiffs' insistence on attempting to obtain through a request for admissions the foundation for every document produced by Defendants, there appeared to be no way to bridge the gap. We advised him that we planned to file a motion on Monday, but would not do anything prior to that. We invited Mr. Himmelstein to contact us if he had a proposal for avoiding the motion. Mr. Himmelstein did not contact us.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS 13TH DAY OF JUNE 2005

*Deborah A. MacGregor*
Deborah L. MacGregor

3