UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| LAURA ALLEN, ADMINISTRATIX OF THE ESTATE OF THE LATE DANIEL ALLEN, TIMOTHY BRIDGES, and ALFRED MORABITO, individually and on behalf of themselves and all others similarly situated, | Judge Patti B. Saris<br><br>Civil Action No. 05-10797 |
| Plaintiffs, | |
| v. | |
| PFIZER, INC. and PARKE-DAVIS, a division of Warner-Lambert Company | |
| Defendants. | |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO REMAND**

Unable to respond to the Massachusetts authorities cited by plaintiffs that define and interpret "commencement", defendants simply ignore them. Unable to address the exhibits provided by plaintiffs that demonstrate the explicit limitation of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (February 18, 2005) (hereinafter "CAFA") and Congress' clear intent, defendants overlook them. Unable to rebut the decisions by the multiple courts that decided this very same jurisdictional issue, defendants simply aver that the courts are wrong.

In opposition, defendants offer a few inapposite cases from foreign jurisdictions

1

addressing completely different statutes and hold them out as the "majority". At the same time, defendants make a desperate plea upon the Court for judicial economy. Failing to cite one single Massachusetts case, let alone one decision from the First Circuit, defendants cannot and have not met their burden of establishing that this Court has subject matter jurisdiction over this action. Therefore, removal was improper and the case should be remanded to Suffolk Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.

1.  **Massachusetts Law is Clear that Commencement of an Action is the Date of Filing in State Court**

Massachusetts law is clear that an action is commenced by the mailing or filing of the complaint. *See* Mass. R. Civ. P. 3. Massachusetts law is also clear that an amendment to a complaint relates back to the date of original pleading. *See* Mass. R. Civ. P. 15(c). Judge Woodlock when faced with the question, when is an action commenced, held that the court must look to applicable state law and that Mass. R. Civ. P. 3 makes clear that an action is commenced by "mailing to the clerk of the proper court via certified or registered mail a complaint and an entry fee prescribed by law, or (2) filing such complaint and entry fee with such clerk." *Santiago v. Barre National, Inc.*, 795 F. Supp. 508, 510 (D. Mass. 1992) (quoting Mass. R. Civ. P. 3). *See also, Nett ex rel. Nett v. Belluci*, 269 F.3d 1, 7 (1st Cir. 2001) (citations omitted) ("[T]he Federal Rules of Civil Procedure determine the date from which various timing requirements begin to run. They do not, however, affect the commencement of a lawsuit. Rather, state commencement rules apply.").

The Massachusetts Supreme Judicial Court also recognized that courts must look to the rules of civil procedure to determine the commencement date. *Nett v. Belluci*, 437 Mass. 630, 635 (2002). "Ordinarily, we would look to our rules of civil procedure to determine the date on

which an action is 'commenced,' and, under the straightforward provisions of those rules, we would find that amended pleadings adding or substituting a party, where the claims asserted against the new party arise out of the same conduct, transaction, or occurrence set forth in the original pleading, 'relate[ ] back' to the date of the original pleading. Thus, under the rules, an action against such a party added by amendment is 'commenced' on the date that the original complaint was filed." *Id.*

Unable to provide a single case reputing unambiguous Massachusetts authority, Defendants cite to a number of foreign cases for the proposition that courts look to the date of removal in determining subject matter jurisdiction.[1] Beyond the obvious, that not one single case is from Massachusetts or the First Circuit, defendants look for guidance from a line of cases addressing amendments to completely different statutes.

Defendants rely upon *Abernathy v. Consolidated Cab Company*, 169 F. Supp. 831 (D. Kan. 1959), a foreign district court opinion that adopts a broader view of an effective date. In *Abernathy*, after the court found that no history existed for the meaning of "commenced" in the 1958 amendment to 28 U.S.C. §1332(a), it simply followed the rationale of a previous decision in *Lorraine Motors, Inc. v. Aetna Cas. & Sur. Co.*, 166 F. Supp. 319 (E.D.N.Y. 1958). *Abernathy*, 169 F. Supp. at 834. The *Abernathy* action does not deal with CAFA. *Abernathy*, is a 1959 decision involving a statute that attempts to restrict federal court jurisdiction by increasing the amount in controversy. *Id.* at 833. Moreover, there are other courts that had different views of the very same statute. *See Lomax v. Duchow*, 163 F. Supp. 873, 874 (D. Neb. 1958) and *Kieffer v. Travelers Fire Ins. Co.*, 167 F. Supp. 398 (D.Md. 1958). Thus, the decision

---

[1] Defendants also cite a number of holdings from other states that contradict defendants' seminal cases.

3

is not controlling and offers little value.

As noted by the Tenth Circuit Court of Appeals, *Lorraine Motors* [and *Abernathy*] "actually supported [its] interpretation of the term commenced and that the cases "rely heavily upon the principle that removal statutes are to be strictly construed, with all doubts resolved against removal." *Pritchett v. Office Depot*, 404 F.3d 1232, 1237 (10th Cir. April 11, 2005). "[T]here is a major difference between a statute that defines additional circumstances in which diversity of citizenship exists (such as the Class Action Fairness Act) and a statute that increases the amount in controversy requirement." *Id*. *Abernathy* and *Lorraine Motors* rely heavily upon the principle that removal statutes are to be strictly construed, with all doubts resolved against removal. *Id*. Thus, in those cases, interpreting the term commenced as to the filing of the removal petition would serve that aim by restricting the number of preexisting state claims that could be removed. *Id*. In contrast, such an interpretation here would actually permit broader federal court jurisdiction by increasing the number of removable actions. *Id*.

For additional reasons, *Cedillo v. Valcar*, 773 F. Supp. 932 (N.D. Tex. 1991), does not support defendants' position here. The *Cedillo* court found, with very little discussion, that the Judicial Improvements Act of 1990, codified as 28 U.S.C. § 1367, applied to a case that was filed in state court prior to the effective date of the statute but removed after the effective date. *Id*. at 939. The court does this without any discussion, much less any analysis, of the legislative history or purpose of §1367. In fact, *Cedillo* was distinguished and overruled on other grounds by holdings within its own district and circuit. In addition, the court makes the following statement, its only discussion on the issue, without any citation or supporting authority: "the pertinent time to review federal jurisdiction is when such jurisdiction is invoked." *Id*. at 939.

4

There is also another significant difference between *Cedillo* and the other cases cited by the parties addressing the applicability of federal jurisdiction statutes. In most of the other cases, the result was directly dependent on whether or not a specific jurisdictional provision applied to that case. In *Cedillo*, by contrast, the result may very well have been affected by the court's application of § 1367, and it is entirely possible that the court may have found federal jurisdiction over the plaintiff's state law claim under the prior governing principles of pendent jurisdiction. In fact, the *Cedillo* court expressly noted that § 1367 "ratifies and incorporates the constitutional analysis [with regard to pendent jurisdiction] the Supreme Court made in the *Gibbs* case." *Id.* at 939. And when the court analyzed whether or not supplemental jurisdiction under § 1367 was present, it performed the analysis with reference to the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *Id.* at 940, 942.

The *Lomax* decision cited by defendants actually supports plaintiffs' arguments. *Lomax v. Duchow*, 163 F. Supp. 873, 874 (D. Neb. 1958). The *Lomax* Court, in determining whether the action met the jurisdictional requisites of U.S.C. §1332, held that the court must look to the date of commencement of the action, which is the date the case was filed in state court and not when it was removed. *Id.*

In addition, there are other foreign cases that contradict the reasoning of the cases provided by defendants. In *Rhinehart v. Cincinnati Inc.*, 716 F. Supp. 7, 8 (E.D. Mich. 1989), the defendants removed the action relying upon a recent amendment of 28 U.S.C. §1332 which increased the amount in controversy requirements from $10,000 to $50,000. The Act stated: "The amendments made by this section shall apply to any civil action commenced on or after the 180th day after the date of enactment of this title." The court, like this Court, was called upon to

5

determine the meaning of "commenced." In doing so, the court turned to the Federal Rules of Civil Procedure which defined commencement of a civil action as follows:

> Rule 3. Commencement of Action
> A civil action is commenced by filing a complaint with the court.

*Id.* at 8. The court also noted that when Congress intended removal to be a trigger, it expressly stated its intent to do so.

> "Commencement" of an action is a procedure clearly distinct from "removal" of an action. It is evident that Congress was aware of this distinction because in other sections of the Act, Congress refers to civil actions "commenced in or removed". In fact, in the sections immediately following section 201, namely 202(b) and 203(b), Congress expressly stated: "the amendments made ... shall apply to ... civil actions commenced in or removed ... after the 180th day after the date of enactment of this title." The fact that Congress made this distinction in sections 202 and 203 clearly informs this Court that Congress intended that section 201 only apply to the date a civil action was "commenced" *i.e.*, the date it was initially filed.

*Id.* The court held that since the action was filed, *i.e.*, commenced, in state court before the effective date of the Act, the increased amount in controversy requirements did not apply. *Id.*

Similarly, in *Kieffer v. Travelers Fire Ins. Co.,* 167 F. Supp. 398, 401 (D. Md. 1958), the court ruled that the term "commenced" refers to the date the action is originally filed in state court, as opposed to the date the action is removed. The court reasoned that had Congress intended the new act apply to cases "commenced in state court before the date of its enactment, but removed to federal court thereafter" it easily could have done so by using language from which that conclusion necessarily follows. *Id. See also,* 14B CHARLES A WRIGHT, ET AL, Federal Practice & Procedure § 3721, at 302 (3d ed. 1998) (removal jurisdiction is unique because it allows a federal court to hear a claim over which it has no original subject matter jurisdiction and therefore to adjudicate a suit that could never have been commenced there).

Many of the same cases advanced by defendants here, were reviewed and rejected in the

*Pritchett* actions. *See Pritchett v. Office Depot*, 360 F. Supp. 2d 1176 (D. Colo. March 9, 2005); *Pritchett*, 404 F.3d 1232. The Tenth Circuit Court of Appeals noted that defendants' decisions in question "are relevant only by analogy" – and then proceeded to emphasize that "their persuasive value is diluted ... by the presence of contemporaneous contrary authority from other federal courts. *Pritchett*, 404 F.3d at 1237.

Because this Court did not have original jurisdiction over this case at the time it was commenced in Suffolk Superior Court, it must be remanded to state court.

### 2. Defendants Reading of Congress' Intent in Enacting CAFA Overlooks the Explicit Language of the Act

Defendants cite various passages from CAFA for the proposition that Congress intended to expand federal jurisdiction and encourage removal of class actions to federal court. (Def Opp. at 8-9). Plaintiffs do not dispute Congress' intent with regard to the Act and its purposes. What is at issue and what defendants continue to skirt around, is the express language of CAFA pertaining to the effective date, the deletion of retroactive language from prior pending legislation, and the clear intent of Congress that CAFA would not apply retroactively to pending state court class actions. The language and intent cannot be any clearer.

First, CAFA states: "[T]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." 119 Stat. 4, §9. (Plfs. Mem. Ex. 1).

Second, earlier versions of the Act, H.R. 1115 and H.R. 516, included retroactive language that was removed from the final version of CAFA. (Plfs. Mem. Exs. 2 & 3). When the Act was originally introduced in the House, the removal provision applied both to cases "commenced on or after the date of enactment" and to cases "commenced before such date of enactment in which a class certification order ... in entered on or after such date of enactment." *See* H.R. 1115, 108th

Cong. §8 and H.R. 516, 109th Cong. §7.

Third, Congressional supporters and opponents of CAFA all stated that the Act will not affect cases filed before the date of enactment. (Plfs Mem. Exs. 4-9). In fact, there is not a single "statement of contrary intent by any legislator evincing an intention that the Act permit removal of presently-pending cases." *Pritchett*, 360 F. Supp.2d at 1180.

Defendants' statements to the contrary are simply musings.

### 3.  As a Matter of Law, the Present Action was Commenced Prior to the Enactment of CAFA

Unable to provide authority to contradict the holdings in *Pritchett*, defendants submit that the District of Colorado decision and Tenth Circuit decision in *Pritchett* are wrong. However, four other decisions addressing the commencement issue of CAFA have similarly held that commencement begins when the action is filed in state court.[2] *See Lander v. Berkowitz, P.C. v. Transfirst Health Services, Inc.*, case No. 4:04CV527 RWS at 3(E.D. Mo., May 19, 2005) (state court complaint filed on February 17, 2005, one day prior to enactment of CAFA- court declared "[i]t is clear that this Court does not have jurisdiction to hear this case.") (attached hereto as Ex. 1); *Hankins v. Pfizer, Inc.*, CV05-1797 ABC (RZx) at 3 (C.D. Cal. March 25, 2005) ("[r]emoving defendants cannot rely on diversity conferred by CAFA, which was not enacted at the time the state action was filed.") (attached hereto as Ex. 2); *Smith v. Pfizer, Inc.*, Case No. 05-CV-0112-MJR at 9 (S.D. Ill. March 24, 2005) ([t]his Court rejects Pfizer's argument that 'commenced' means the date the case reached federal courts (*i.e.*, the date the case was removed)

---

[2] Defendants cite to three of the decisions in a footnote. (Def. Opp. at 12 n.2). Of no surprise, defendant Pfizer, Inc. was the removing party for three of the four actions. Pfizer's argument that "commenced" means the date the case reached federal court (*i.e.*, the date the case was removed) rather than the date the complaint was filed has been rejected by all four courts. *Lander* at 3; *Hankins* at 3; *Smith* at 9; *Lott* at 4; *Hankins* at 3.

8

rather than the date the complaint was filed.") (attached hereto as Ex. 3); *Lott v. Pfizer, Inc.*, Case No. 05-CV-0230 –MJR at 4 (S.D. Ill. April 7, 2005) (same) (attached hereto as Ex. 4). Of course, defendants submit that those courts were wrong in their analysis as well.

Defendant makes an effort to distinguish this action from the *Pritchett* decisions, the same decisions the defendants maintain are incorrect as a matter of law, by averring that plaintiffs' amendment to and/or service of the complaint somehow changes the commencement date of the action. Such a contention, unsupported by law, flies in the face of Massachusetts Rules of Civil Procedure and case law. In a telling sign of defendants' complete failure to meet their burden of establishing jurisdiction, defendants neglect to cite one Massachusetts or First Circuit court case in either their removal petition or opposition papers.

As stated by the district court in *Pritchett*, "the most natural reading to the plain meaning of the term 'commenced,'" and in view of Congressional intent and public policy considerations, the term 'commenced' in CAFA "does not apply to cases, such as this one, commenced [in state court] prior to February 18, 2005." *Pritchett*, 360 F. Supp.2d at 1180-81. *See also*, Mass. R. Civ. P. 3 and Mass. R. Civ. P. 15(c).

### 4.   Judicial Economy Is Not a Ground for Diversity Jurisdiction

Defendants, in a desperate attempt to elicit the compassion of the Court, aver that judicial economy dictates that this action be heard in federal court. Plaintiffs, however, have made very clear in their complaint that this case involves state law claims solely under the laws of Massachusetts. In fact, plaintiffs, as masters of their complaint, specifically deny any attempt to state a federal cause of action under the laws of the United States of America. (Complaint, ¶ 20).

The threshold issue to be decided by this Court is jurisdiction. "For purposes of judicial

economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended." *Aetna v. U.S. Healthcare, Inc.*, 54 F. Supp.2d 1042, 1047-48 (D.Kan. 1999). *See also, Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) (judicial economy best served by addressing the remand issue).

Judicial economy is not a reason to confer diversity jurisdiction and as such, the Motion to Remand should be granted.

## CONCLUSION

Defendants have failed to meet their burden in establishing the jurisdiction of this Court. As such removal was improper and the case should be remanded to Suffolk Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.


DATED: June 16, 2005            /s/ Daniel D'Angelo
                                Robert J. Bonsignore, BBO# 547880
                                Daniel D'Angelo, BBO# 630321
                                BONSIGNORE & BREWER
                                23 Forest Street
                                Medford, MA 02155
                                Tel: (781) 391-9400
                                Fax: (781) 391-9496

                                ATTORNEYS FOR PLAINTIFFS