# EXHIBIT 2

**PLAINTIFFS' REPLY MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO REMAND**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

ENTERED
CLERK. U.S. DISTRICT COURT

MAR 29 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILED
CLERK, U S DISTRICT COURT

MAR 2 5 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MONICA HANKINS,<br><br>                    Plaintiff<br><br>          v.<br><br>PFIZER, INC., et al.,<br><br>                    Defendants. | CV 05-1797 ABC (RZx)<br><br>ORDER REMANDING CASE TO STATE<br>COURT<br><br>*BC327641* |

On January 24, 2005, Plaintiff filed a complaint in Los Angeles
County Superior Court against Pfizer, Inc., Pharmacia & Upjohn, Inc.
(a/k/a Pharamacia & Upjohn Co.), and McKesson Corp.  Plaintiff's
complaint alleges a single cause of action, namely, state law unfair
competition.  On March 11, 2005, Pfizer, Inc., Pharmacia & Upjohn,
Inc. (a/k/a Pharamacia & Upjohn Co.) (together, "Removing Defendants")
removed the action to this Court on the basis of diversity
jurisdiction.[1]

_____

[1] Removing Defendants do not assert that the Court has federal
question jurisdiction, as Plaintiff's complaint involves a single
state law claim.

1    Federal courts have jurisdiction under 28 U.S.C. § 1332(a) where
2  an action is between citizens of different states and the amount in
3  controversy exceeds $75,000.  The removal statutes are to be strictly
4  construed; there is an inherent "'strong presumption' against
5  removal jurisdiction."  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir.
6  1992)(quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S.
7  283, 288-89 (1938)).  On February 18, 2005, the Class Action Fairness
8  Act ("CAFA") was passed creating federal diversity jurisdiction where
9  "the matter in controversy exceeds the sum or value of $5,000,000,
10  exclusive of interests and costs, and is a class action in which . .
11  .(A) any member of a class of plaintiffs is a citizen of a State
12  different from any defendant . . . ."  28 U.S.C. § 1332(d)(2).

13    Although Plaintiff initiated this action on January 24, 2005,
14  well before the enactment of CAFA on February 18, 2005, Removing
15  Defendants assert that CAFA governs.  In support of this argument,
16  Removing Defendants cite Hunt v. Transport Indemnity Ins., Co., 1990
17  U.S. Dist. LEXIS 16555 (D. Haw. July 30, 1990) as authority that the
18  date of commencement of an action is determined by the date an action
19  is removed to federal court.  See Notice of Removal ¶ 2.

20    Hunt involved the 1988 amendment to 28 U.S.C. § 1332, which
21  raised the jurisdictional amount in controversy required for diversity
22  from $10,000 to $50,000.  The Hunt court remanded a state action
23  seeking an amount in controversy more than $10,000, but less than
24  $50,000.  The state action was commenced before, but removed after,
25  the effective date of the jurisdictional increase.  In remanding, the
26  Hunt court construed the date of removal as controlling because of the
27  Ninth Circuit's clear preference for construction of removal statutes
28  against removal.

1   <u>Hunt</u> is not controlling authority.  In any event, if this Court

2   were to adopt similar reasoning, this Court would construe CAFA

3   against removal such that the date of filing in state court controls,

4   given the strong presumption against removal.  <u>See</u> <u>Gaus</u>, 980 F.2d at

5   566 (quoting <u>St. Paul Mercury Indem. Co.</u>, 303 U.S. at 288-89).[2]

6       Because the Removing Defendants cannot rely on diversity

7   conferred by CAFA, which was not enacted at the time the state action

8   was filed, Removing Defendants must demonstrate diversity jurisdiction

9   according to 28 U.S.C. § 1332(a).  However, Removing Defendants cannot

10  show that the amount in controversy exceeds $75,000, as Plaintiff

11  specifically alleges that the amount in controversy is less than

12  $75,000.  <u>See</u> Complaint at 12-13.

13      Therefore, on the Court's own motion, on the basis of the lack of

14  either federal question or diversity jurisdiction, the case is

15  REMANDED to state court.[3]

16

17      SO ORDERED.

18  DATED:     _March 25, 2005_

19

20                                   _Audrey B. Collins_

20                                   **AUDREY B. COLLINS**

21                                   **UNITED STATES DISTRICT JUDGE**

22  _____

23      [2]  The Court notes that CAFA specifically provides that the
    citizenship of class members shall be determined as of the date of

24  filing of the complaint.  <u>See</u> 28 U.S.C. 1332(d)(7).

25      [3]  The Notice of Removal contained several procedural defects,
    including the failure of all defendants to join in the removal and

26  Removing Defendants' failure to establish that the case was removed
    thirty (30) days from when the <u>first</u> defendant was served.  However,

27  given that the Court bases its remand on the lack of jurisdiction,
    these procedural defects are moot.

28