UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ASSURANT HEALTH, INC., ET AL. v. PFIZER, INC., ET AL., NO. 05-10535 | MDL Docket No. 1629<br><br>Master File No. 04-10981<br>*Assurant* File No. 05-10535<br><br>Judge Patti B. Saris |

**ASSURANT PLAINTIFFS' REPLY TO DEFENDANT PFIZER AND CLASS PLAINTIFFS' RESPONSE TO THE STATUS REPORT SUBMITTED BY ASSURANT PLAINTIFFS REGARDING CERTAIN PRETRIAL MANAGEMENT ISSUES**

Defendants Pfizer Inc. and Warner-Lambert Company ("Defendant Pfizer") and Class Plaintiffs' submitted memoranda in response to *Assurant* Plaintiffs' status report and request to return *Assurant* Plaintiffs' civil action to the transferor court if their motion to remand to New Jersey state court is denied. Both Defendant Pfizer and Class Plaintiffs oppose such an action, but their opposition is based on three erroneous contentions. First, Defendant Pfizer and Class Plaintiffs have wrongly construed *Assurant* Plaintiffs' position regarding MDL 1629, and then claimed that *Assurant* Plaintiffs waived their right to oppose severing and staying their claims. Second, Defendant Pfizer and Class Plaintiffs argue that severing *Assurant* Plaintiffs' antitrust claims will eliminate the need for discovery related to anticompetitive conduct. Third, Defendant Pfizer and Class Plaintiffs claim that returning *Assurant* Plaintiffs' civil action to the transferor court is inconsistent with the purposes underlying multidistrict litigation. If *Assurant* Plaintiffs' civil action is not remanded to New Jersey state court and their discovery needs cannot be integrated into MDL 1629, *Assurant* Plaintiffs should be returned to the transferor court.

20137206-1

EXHIBIT A

I. ***ASSURANT* PLAINTIFFS HAVE A RIGHT TO OPPOSE SEVERING AND STAYING THEIR CLAIMS AND SUGGEST ALTERNATIVES TO SUCH AN ACTION.**

*Assurant* Plaintiffs have a right to oppose severing and staying their claims, and have not waived that right by withdrawing their opposition to the Judicial Panel on Multidistrict Litigation's ("the Panel") Conditional Transfer Order. It is well-settled that a waiver may only exist when there has been an intentional and voluntary relinquishment of a known right, or some conduct that suggests the repudiation, abandonment or surrender of a right. *See* Henry Campbell Black, *Black's Law Dictionary* 1580 (6th ed. 1990). In this case, *Assurant* Plaintiffs have not intentionally or voluntarily relinquished their right to oppose severing and staying their civil action or waived their right to suggest alternatives.

When the Panel issued the Conditional Transfer Order related to *Assurant* Plaintiffs' civil action, there was nothing in that order that suggested that *Assurant* Plaintiffs' would be prevented from pursuing their theory of the case and actively participating in discovery. There was also nothing in the Conditional Transfer Order or existing Case Management Orders in MDL 1629 that stated, directly or indirectly, that *Assurant* Plaintiffs would have to sever or stay their claims. Therefore, *Assurant* Plaintiffs could not have intentionally or voluntarily conceded these issues when these issues were never presented. The only issue that had been presented to *Assurant* Plaintiffs was whether they would oppose the initial transfer to MDL 1629, which *Assurant* Plaintiffs chose not to oppose because there are some common issues of fact and *Assurant* Plaintiffs assumed that they, like all non-class plaintiffs, would be allowed to pursue their theory of the case if their motion to remand to New Jersey state court was denied.

*Assurant* Plaintiffs' withdrawal of opposition to the Conditional Transfer Order was also not an implied repudiation, abandonment or surrender of their right to oppose severing and staying their civil action and to suggest alternatives to the Court. Whether there is an implied

20137206-1

waiver depends upon the circumstances of each case, particularly whether there was sufficient incentive to raise or oppose the issue in the prior proceedings. *See* U.S. v. *Ticchiarelli,* 171 F.3d 24, 32 (1st Cir. 1999) ("Whether there is a waiver depends not, as the government suggests, on counting the number of missed opportunities (hearings, motions, etc.) to raise an issue, but on whether the party had sufficient incentive to raise the issue in the prior proceedings." (citations omitted)).

*Assurant* Plaintiffs had no incentive to raise the issue of severing and staying their claims before the Panel, because Defendant Pfizer had not requested such a sever and stay until after *Assurant* Plaintiffs withdrew their opposition to the transfer to MDL 1629. As described above, the circumstances of the case, at that time, provided no reason for *Assurant* Plaintiffs to make such an objection. *Assurant* Plaintiffs also had no incentive to raise the issue, because the relinquishment of a transferee court's subject-matter jurisdiction over a transferred action may occur at "any time" and subject-matter jurisdiction cannot be waived or consented to by either party. *See* R.P.J.P.M.L. 7.6; *Quinn v. City of Boston,* 325 F.3d 18, 26 (1st Cir. 2003); *In re Swine Flu Immunization Products Liability Litig.,* 464 F.Supp. 949, 953 (J.P.M.L. 1979). Therefore, *Assurant* Plaintiffs' right to oppose severing and staying their claims was not expressly or implicitly waived, and *Assurant* Plaintiffs' request to return their civil action to the transferor court is proper.

II. **SEVERING *ASSURANT* PLAINTIFFS' ANTITRUST CLAIMS WILL NOT ELIMINATE THE NEED FOR DISCOVERY RELATED TO DEFENDANT PFIZER'S ANTICOMPETITIVE CONDUCT.**

Counts 1 through 24, which expressly allege violations of state antitrust laws, are not the only counts in *Assurant* Plaintiffs' Complaint that require discovery and further inquiry into Defendant Pfizer's anticompetitive conduct. A person's anticompetitive conduct may violate *both* antitrust laws and deceptive trade practice statutes. *See, e.g., Ciardi v. L. Hoffman La-*

*Roche, Ltd.*, 762 N.E.2d 303, 308-09 (Mass. 2002) (citations omitted) (holding that anticompetitive conduct is an unfair business practice that may violate Massachusetts' deceptive trade practices statute); *Mack v. Bristol-Myers Squibb Co.*, 673 So.2d 100, 107 (Fla. App. 1996) (holding that anticompetitive conduct is an unfair business practice that may violate Florida's deceptive trade practices statute).[1] Therefore, the severing or staying of *Assurant* Plaintiffs' specific antitrust counts will not eliminate the need for discovery related to the anticompetitive conduct that is the bases of alleged violations of deceptive trade practices statutes.

In this case, *Assurant* Plaintiffs have alleged that Defendant Pfizer's illegal scheme violated **both** the state antitrust laws and the deceptive trade practices statutes, as well as the common law. The facts underlying each of the various theories in *Assurant* Plaintiffs' Complaint are closely intertwined and often overlap. Therefore, simply staying or severing Counts 1 through 24 (*Assurant* Plaintiffs' antitrust counts) does not actually separate the different issues within *Assurant* Plaintiffs' theory of the case. As stated in *Assurant* Plaintiffs' status report, severing particular causes of action does not separate sales and marketing issues that are *within* the antitrust claims or the antitrust issues that are *within* the deceptive trade practices claims.

Defendant Pfizer wrongly asserts that discovery related to *Assurant* Plaintiffs' deceptive trade practices claims would "be the same" as the discovery that will be conducted by Class Plaintiffs in MDL 1629. As stated above and in *Assurant* Plaintiffs' original request, the anticompetitive conduct---whether it is leveraging market power in one market to gain an

---

[1] Conversely, Defendant Pfizer's false, deceptive, and misleading statements may also implicate state antitrust laws. *See National Association of Pharmaceutical Manufacturers, Inc. v. Ayerst Laboratories*, 850 F.2d 904, 916 (2d Cir. 1988) (holding that false and deceptive letter allegedly sent by pharmaceutical company may be a violation of antitrust laws, in addition to laws prohibiting false and misleading statements); *International Travel Arrangers, Inc. v. Western Airlines, Inc.*, 623 F.2d 1255, 1268 (8th Cir. 1980) (affirming antitrust violations based on false, deceptive and misleading marketing campaign).

advantage in another, anticompetitive agreements with advertising companies and doctors, or other illegal methods to undermine generic competition--- may violate state deceptive trade practices statutes as well as state antitrust laws. Therefore, the need for discovery regarding this anticompetitive conduct will exist regardless of whether the specific claims of violations of state antitrust laws are severed or stayed.

### III. RETURNING *ASSURANT* PLAINTIFFS' CIVIL ACTION TO THE TRANSFEROR COURT IS CONSISTENT WITH THE PURPOSES UNDERLYING MULTIDISTRICT LITIGATION.

*Assurant* Plaintiffs' request is appropriate and recognizes the concern expressed by this Court regarding the potential disruption that *Assurant* Plaintiffs may have on the Court's existing case management decisions. The Panel has recognized not every civil action that has common facts with another civil action should necessarily be consolidated or be transferred to an MDL proceeding. *See In re Deering Milliken Patent Litig.*, 476 F.Supp. 461, 464 (J.P.M.L. 1979). Consistent with that position, *The Manual For Complex Litigation* sets forth a variety of tools to eliminate the duplication of discovery and lessen the burden on both the parties and the courts when there are two or more civil actions that have overlapping issues or facts. *See Manual for Complex Litigation* § 11.421 (4th ed. 2004). For example, a court may recognize the discovery already commenced in another action. *Id.* A court may also coordinate "common" discovery and scheduling orders with other actions to eliminate duplication or conflicts. *Id.*

In this case, returning *Assurant* Plaintiffs' civil action to the transferor court would relieve this Court of the need to modify existing Case Management Orders to accommodate *Assurant* Plaintiffs' theory of liability. By returning *Assurant* Plaintiffs' civil action to the transferor court, *Assurant* Plaintiffs' right to pursue discovery of facts necessary to support their theory of the case will be preserved and all parties would be prepared for trial in a timely and efficient manner. *Assurant* Plaintiffs would not have to wait for class certification issues to be

20137206-1

resolved, nor would *Assurant* Plaintiffs have to participate in the discovery and litigation of RICO claims, which they do not assert.

Although both Defendant Pfizer and Class Plaintiffs alluded to the potential for inconsistent rulings, neither provided any specific examples to support such a view or demonstrate the legitimate potential for inconsistent rulings. It is certainly within the power of any court to recognize the rulings that have been issued by other courts, and it is within the discretion of that court to analyze whether the case before it presents different issues. The increased burden on the parties and the court system is also minimal. In fact, Defendant Pfizer is already litigating or has litigated at least five other Neurontin cases elsewhere in the country that were remanded to state court. *See Burgess v. Pfizer, Inc.*, No. 04-CV-00479-GPM (S.D. Ill. Oct. 21, 2004); *Congress of California Seniors, et al. v. Pfizer, Inc. and Parke-Davis*, CV-03-1564-SVW (C.D. Cal. April 25, 2003); *Clark v. Pfizer Inc. and Warner-Lambert Company LLC*, No. 04-3354 (E.D. Pa. Sept. 7, 2004); *Pierson v. Pfizer Inc.*, No. 04-CV-0478-MJR (S.D. Ill. Aug. 24, 2004); *Rubel v. Pfizer Inc.*, No. 03-c-2674 (N.D. Ill. Aug. 12, 2003)[2]. Therefore, the likelihood of inconsistent rulings and the burden on Defendant Pfizer is not significant, and *Assurant* Plaintiffs' alternative request should be granted. Specifically, the Court should issue a suggestion to the Panel to return *Assurant* Plaintiffs' civil action to the transferor court, if their motion to remand to New Jersey state court is denied.

DATED: _____.

                ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                By: _____
                    Annamarie A. Daley (#158112)

---

[2] Copies of these decisions were previously provided to the Court in support of *Assurant* Plaintiffs' Motion to Remand. *See* Campione Affidavit, Exs. F-J; Novack Affidavit, Ex. F.

20137206-1

Mark Ireland (#0303690)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel.: (612) 349-8500
Fax: (612) 339-4181

James S. Harrington (# 543744)
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel.: 617.267-2300
Fax: 617.267.8288

***Attorneys for Assurant Plaintiffs***