UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PERSONAL INJURY LITIGATION | ) )<br>)MDL Docket No. 1629<br>)<br>)Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | )<br>)<br>)Judge Patti B. Saris<br>)<br>)Magistrate Judge Leo T. Sorokin |

**PERSONAL INJURY PLAINTIFFS' MEMORANDUM IN RESPONSE TO THE MAGISTRATE'S ORDER OF JUNE 10, 2005 CONCERNING CASE MANAGEMENT ORDER NO. 4**

Plaintiffs in the product liability, personal injury cases, by and through the law firm of Finkelstein & Partners, hereby oppose Defendants' request for inclusion of Paragraph IV. A in the text of Case Management Order No. 4 ("CMO 4"). Magistrate Sorokin's electronic Order of July 10, 2005 requires the Plaintiffs' Product Liability Steering Committee (PPLSC) to respond to Defendants' proposed language by June 24, 2005. As of this writing, there has been no appointment of said Committee; however, in light of the application for appointment by the law firm of Finkelstein & Partners, submitted on June 17, 2005, this memorandum is provided for the benefit of the Court's evaluation.

It is respectfully brought to the Court's attention that Finkelstein & Partners, after conferring with Liaison Counsel, adopts those arguments set forth in the Marketing and Sales Practices Plaintiffs' Steering Committee memoranda, dated May 27, 2005.

Finkelstein & Partners opposes Defendants' requests for inclusion of Paragraph IV. A in the text of Case Management Order No. 4 ("CMO 4").

The disputed paragraph reads as follows:

> All claims asserted in the Products Liability Cases other than those related to personal injury or products liability shall be prosecuted on behalf of Plaintiffs by and at the direction of the Class Plaintiffs' Steering Committee established by this Court pursuant to Case Management Order No. 1. All non-personal injury and non-products liability claims asserted in the Products Liability Cases are subject to the Amended Class Complaint filed on February 1, 2005.

It is impossible to draw a bright line as to where each and every personal injury/product liability claim can be separated from those sales/marketing claims brought by the Class plaintiffs. Traditional Product Liability theories involve (a) defective design, (b) defective manufacturing, or (c) failure to warn. Traditional personal injury/negligence theories are based upon a defendant's actions or inactions. Product liability plaintiffs' failure to warn claim is central to their causes of action, yet might only be tangentially related to the Class plaintiffs' sales/marketing claims; overlap may or may not exist. The Class plaintiffs' claims may require different direct proof of conduct by Defendants than must be demonstrated by personal injury/product liability plaintiffs. As such, the Class Plaintiffs' Steering Committee may not seek discovery of all material that the PPLSC deems necessary and relevant to a product liability/personal injury claim.

If anything, this is an issue for the appointed PPLSC to address with the already existing Class Plaintiffs' Steering Committee in terms of coordinating and directing the prosecution. As an illustration, consider whether Defendants' alleged fraud or "off-label promotion" is part of a personal injury or non-personal injury claim. Personal injury

plaintiffs maintain that such claims are personal injury claims; these claims are inextricably intertwined with the personal injury/product liability theories and are central to plaintiffs' causes of action. These claims should not be <u>solely</u> prosecuted at the direction of the Class Plaintiffs' Steering Committee, but should be prosecuted in <u>coordination</u> with the appointed PPLSC. The respective plaintiffs' steering committees shall work <u>together</u> to prosecute and direct both personal injury/product liability and sales/marketing claims.

To include the disputed paragraph actually causes confusion in prosecuting this action. Consider the situation where Class Plaintiffs and Personal Injury Plaintiffs agree that a claim is a products liability claim to be prosecuted by the PPLSC, but Defendants disagree and claim there is some overlap that requires prosecution be done at the sole direction of the Class Plaintiffs' Steering Committee. This would result in an unnecessary dispute between the parties that never existed between the appointed Steering Committees in the first place. It is simply more reasonable to rely upon paragraph IV.B. Coordination, which requires the separate steering committees to "avoid undue waste of time, duplication of efforts or undue expense."

Finally, the proposed paragraph calls for claims brought by product liability plaintiffs to be subject to the Amended Class Complaint filed by sales/marketing plaintiffs. As the Court is aware, current motion practice to dismiss the Amended Class Complaint is pending. Certainly, product liability plaintiffs' claims should not be subject to a motion their counsel had no opportunity to oppose, no opportunity to differentiate their claims from those of the Class Plaintiffs, and which involves pleadings not filed on their behalf.

## CONCLUSION

For the reasons set forth above, Plaintiffs in the product liability, personal injury cases, by and through the law firm of Finkelstein & Partners, request that this Court reject the proposed language of paragraph IV.A of CMO 4.

Dated: July 5, 2005                                         Respectfully Submitted,

                                        By:     /s/ Kenneth B. Fromson
                                                   Kenneth B. Fromson (KF8086)
                                                   Finkelstein & Partners
                                                   436 Robinson Avenue
                                                   Newburgh, NY 12550
                                                   (845) 562-0203