UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | |
| THIS DOCUMENT RELATES TO: ) ) ALL MARKETING AND ) SALES PRACTICES ACTIONS ) ) | MDL Docket No. 1629<br>Master File No. 04-10981<br>Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**DECLARATION OF BARRY HIMMELSTEIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER WITH RESPECT TO PLAINTIFFS' REQUESTS FOR ADMISSION**

I, BARRY HIMMELSTEIN, declare and state:

1. I am a member in good standing of the bar of the State of California, and a partner in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP, one of the co-lead counsel for the Class Plaintiffs in this proceeding. I have personal knowledge of the facts set forth herein, and could and would testify competently thereto if called upon to do so.

2. During the telephone call I received from Mr. Chaffin and Ms. MacGregor on June 9, 2005, I offered to stipulate that Defendants would not have to respond to Plaintiffs' Requests for Admission ("RFAs") or file a motion for a protective order on July 13, 2005, to give the parties an opportunity to develop an acceptable compromise. This offer was declined, and defense counsel stated that they saw no point in discussing the matter further.

3. On June 24, 2005, I spoke with Mr. Chaffin, and offered a compromise resolution of the dispute regarding the RFAs. Mr. Chaffin expressed interest in the offer, but

-1-

stated that he would have to confer with Mr. Rouhandeh before responding.  I put the terms of the offer into an email message, which I sent to Mr. Rouhandeh, Mr. Chaffin, and Ms. MacGregor on June 24, 2005.  A true and correct copy of this email message is attached hereto as Exhibit 1.

4.  Having received no response, on June 30, 2005, I telephoned Mr. Rouhandeh to discuss the matter.  Mr. Rouhandeh informed me that Defendants rejected Plaintiffs' proposed compromise, and took the position that Plaintiffs should authenticate all documents through deposition testimony, and that Plaintiffs should not begin taking depositions until Defendants had completed their document production.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 8th day of July, 2005, at San Francisco, California.

/s/ Barry Himmelstein_____
Barry Himmelstein

# EXHIBIT 1

455851.1

| | |
|---|---|
| **From:** | Himmelstein, Barry R. |
| **Sent:** | Friday, June 24, 2005 1:27 PM |
| **To:** | 'dchaffin@hare-chaffin.com'; 'Debbie MacGregor'; 'rouhandeh@dpw.com' |
| **Subject:** | Proposal re RFAs |

The meet and confer on our RFAs was perfunctory at best, and it should come as no surprise that we intend to challenge its sufficiency, especially as I offered to stipulate that defendants need not respond to the RFAs as scheduled, so that we could actually attempt to resolve the issues. We would be willing to withdraw the requests (without prejudice to serving a narrower set at a later date), provided that:

On the RFAs related to authenticity, Defendants stipulate to the authenticity of documents generated by Pfizer or Warner-Lambert, as opposed to third parties.

On the RFAs relating to the business records exception, Defendants stipulate that if necessary, Plaintiffs may recall already-deposed witnesses to lay foundation for documents, irrespective of discovery cutoff dates, or the two-day per witness limit on depositions.

I think this proposal fairly addresses Plaintiffs' concern that they will be unable to lay foundation for documents, and Defendants' concern that the RFAs include documents which will never be introduced as evidence so that foundation will be unnecessary. As our response to your motion is due on Monday, if there is any interest in discussing the matter further, we propose that we stipulate to put the briefing on hold for a short time while we have those discussions.