UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, ) <br> SALES PRACTICES AND ) <br> PRODUCTS LIABILITY LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ALL ACTIONS ) <br> _____ ) | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Magistrate Judge Leo T. Sorokin |

### REPLY OF IRENE BARLOW TO DEFENDANTS' RESPONSE TO MOTION FOR APPOINTMENT OF JACK W. LONDON, ESQ. TO PRODUCTS, LIABILITY PLAINTIFFS' STEERING COMMITTEE

Irene Barlow respectfully submits this brief reply memorandum in response to Defendants' Pfizer Inc. and Warner-Lambert Company's response to the Motion for Appointment of Jack W. London to the Plaintiffs' Products Liability Steering Committee.

1. While defendants claimed hesitancy about weighing in on the subject, they proceeded to overcome their hesitancy by declaring their desire to ensure that the court makes steering committee appointments with all pertinent information.

2. Defendants' suggestions to the Court consist of three complaints.

   A. That Mrs. Barlow and her counsel 'vigorously oppose' transfer of her case by the MDL panel to this Court:

   Defendants neglected to advise the Court that Mrs. Barlow, through her counsel, had already withdrawn her opposition and the MDL panel had already transferred her case to this Court.

   B. That while the Defendants will be required to work cooperatively with steering committee members, 'unfortunately, there is substantial doubt that Mr. London has this capacity.'

   It is unclear why Defendants think this is an obstacle since, as they admit, Mr. London

has initiated attorney conferences, attended personal conferences initiated by Pfizer's Texas counsel, and participated in both scheduled and impromptu conferences initiated by both sides of the *Barlow* litigation. These conferences have resulted in agreements on discovery, on expert witnesses, on medical records, and in agreements on what the parties disagree about in order to reduce the list of items requiring judicial intervention.

        C.        That rather than having worked zealously to prevent discovery of relevant facts, Defendants have provided extensive discovery.

While the Defendants detail their side of the ongoing discovery dispute, they fail to bring the whole story forward. First, Defendants have not provided Rule 34(b) responses to Plaintiff's Request for Production. Instead, Defendants represented to two courts, the Western District of Texas and the 200th District Court of Travis County, Texas, that it would provide documents responsive to specified numbered requests[1]. Instead, Defendants have filed no pleading providing responses organized or labeled to correspond with the request but, rather, have dumped 15,000 pages of unsorted documents in six boxes on one disclosure and 165,000 unindexed pages of documents stored in TIFF format in CD-ROMS in another disclosure. When asked at one of the attorney conferences if Defendants could explain what any of the documents were or to which Requests they were apparent responses, defense counsel said they could not. Despite Defendants repeated assertion claim of diversity jurisdiction based on the supposed diverse residence of co-Defendant Seastrunk (pp.3-4 of Response), Defendants neglect to tell this

---

[1] On October 25, 2004, Pfizer responded to the Requests for Discovery in part by stating that it would provided documents responsive to Requests 1, 2, 9, 10, 33, 34, 43, 44, 46, 47, 49, and 55. It incorporated this response in subsequent replies to discovery motions in the Western District of Texas. On February 10, 2005, it responded to the discovery motion pending in the 200th District Court of Travis County, Texas that the Court should 'strike' the pending Motion for Discovery because Pfizer proposed to serve responses not later than February 17, 2005. Plaintiff can provide these documents to the Court but they are somewhat tangential to the issue at hand and it seems a disservice to the efforts of the US Forest Service to threaten more trees

Court that Defendants waived diversity jurisdiction by waiting for almost seven months until March 2005 to remove the case based on Seastrunk's residence. Contrary to Defendants' assertion that it learned shortly before its second removal that Seastrunk was a California resident (and hence a diverse citizen), their own records which they turned over some seventy days before the second removal showed that Defendants had been doing business with Seastrunk at his California address since 1998.

The point is not which side is going to prevail in the discovery dispute or in the jurisdiction dispute. Those are issues about which the parties have agreed to disagree and on which the presiding court will have to rule. The point is that Plaintiffs' counsel has worked both vigorously and cooperatively on Mrs. Barlow's behalf. To the extent that Defendants' counsel doubt that they would work cooperatively in the future with Mrs. Barlow's counsel if he is appointed to the Steering Committee, that is a matter only they can control. Mrs. Barlow should not be deprived of participation simply because her counsel has declined to assume the role of being a bug on Pfizer's windshield in this litigation.

WHEREFORE, PREMISES CONSIDERED, Irene Barlow moves the Court to appoint Jack W. London to the Products Liability Plaintiffs' Liability Steering Committee.

Dated: July 13, 2005                                       Respectfully submitted,

                                                  LAW OFFICES OF JACK W. LONDON
                                                  & ASSOCIATES


By: _/s/Jack W. London_____
     Jack W. London
     State Bar No.   12512500

---

over proving who said what when until / unless the Court feels compelled to read them.

106 E. 6th Street, Suite 700
Austin, Texas  78701
(512) 478-5858 (telephone)
(512) 478-1120 (facsimile)

Archie Carl Pierce
State Bar No. 15991500
WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701
(512) 476-4600 (telephone)
(512) 476-5382 (facsimile)

ATTORNEYS FOR PLAINTIFF
IRENE BARLOW