UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | |
| THIS DOCUMENT RELATES TO: ) ) ALL MARKETING AND ) SALES PRACTICES ACTIONS ) ) | MDL Docket No. 1629 Master File No. 04-10981 Judge Patti B. Saris Mag. Judge Leo T. Sorokin |

**CLASS PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Class Plaintiffs BlueCross/Blue Shield of Louisiana ("BCBSLA"); Union of Operating Engineers, Local No. 68 Welfare Fund ("Local 68"); ASEA/AFSCME Local 52 Health Benefits Trust ("ASEA"); Harden Manufacturing Corporation ("Harden"); Gerald Smith; and Lorraine Kopa hereby move for certification of a Class and two Subclasses. The proposed Class is defined as:

> All individuals and entities in the United States and its territories who, for purposes other than resale, purchased, reimbursed and/or paid for Neurontin for indications not approved by the FDA during the period from January 1, 1994, through the present. For purposes of the Class definition, individuals and entities "purchased" Neurontin if they paid some or all of the purchase price.

Plaintiffs also seek certification of two Subclasses, which together comprise the Class. The first is a Third Party Payer Subclass ("TPP Subclass"), defined as:

> All private, non-governmental entities in the United States and its territories that are at risk, pursuant to a contract, policy, or plan, to

465012.1

>pay or reimburse all or part of the cost of Neurontin prescribed, provided, or administered to natural persons covered by such contract, policy, or plan for indications not approved by the FDA during the period from January 1, 1994 to the present. Such entities include, but are not limited to, insurance companies, union health and welfare benefit plans, entities with self-funded plans that contract with a health insurance company or other entity to serve as a third-party claims administrator to administer their prescription drug benefits, private entities paid by any governmental entity (including a state Medicaid program), and other organizations that paid for all or part of a Neurontin prescription since January 1, 1994.

The second subclass is a Consumer Subclass (together with the TPP Subclass, the "Subclasses") defined as:

>All individuals in the United States and its territories who, for purposes other than resale, purchased, reimbursed, or paid for some or all of the price of Neurontin, for indications not approved by the FDA during the period from January 1, 1994 to the present.

Excluded from the Class and the Subclasses are Defendants and any entity in which any Defendant has a controlling interest, and their legal representatives, officers, directors, assignees and successors and any co-conspirators. Also excluded from the Class and the Subclasses are any judge or justice to whom this case is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person. The proposed Class and Subclasses also do not include individuals or entities who purchased, reimbursed and/or paid for Neurontin prescribed for adjunctive treatment for epilepsy or for the treatment of postherpetic neuralgia. Finally, excluded from the Class and the Consumer Subclass are any individuals (or their estates) who have filed actions for personal injuries resulting from taking Neurontin.

Plaintiffs seek certification of their First and Second Claims for Relief, for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"); their Third Claim for Relief, for violation of the New Jersey Consumer Fraud Act,

N.J.S.A. 56:8-1 et seq. ("NJCFA"); their Fourth Claim for Relief, for Common Law Fraud; and their Fifth Claim for Relief, for Unjust Enrichment.  Certification is sought in *Harden Manufacturing Corp., et al. v. Pfizer, Inc., et al.*, D. Mass. C.A. No. 04-10981.  In the alternative, should the Court find that Massachusetts' choice of law rules would not permit application of New Jersey law to the claims of a national class, Plaintiffs move for certification in *ASEA/AFSCME Local 52 Health Benefits Trust and Brian Krah v. Pfizer, Inc., et al.*, D. N.J. C.A. No. 04-02577.

Class Plaintiffs also move for designation of the named Plaintiffs as Class representatives:  BCBSLA, Local 68, ASEA, Harden, Gerald Smith, and Lorraine Kopa.  Class Plaintiffs request the Court designate the named third party payer Plaintiffs (BCBSLA, Local 68, ASEA, and Harden) as TPP Subclass Representatives, and designate the named consumer Plaintiffs (Gerald Smith and Lorraine Kopa) as Consumer Subclass representatives.

Class Plaintiffs further move for appointment of the following attorneys and their law firms as Class Counsel, pursuant to Fed. R. Civ. P. 23(g):  Thomas Greene, Greene & Hoffman; Thomas M. Sobol, Hagens Berman Sobol Shapiro LLP; Barry Himmelstein, Lieff, Cabraser, Heimann & Bernstein LLP; Don Barrett, Barrett Law Office; Daniel Becnel, Law Offices of Daniel Becnel, Jr.; and James Dugan, Dugan & Browne.  Class Plaintiffs also move for appointment of Messrs. Sobol, Himmelstein and Dugan and their respective firms as counsel for the TPP Subclass, and Messrs. Greene, Barrett, and Becnel and their firms as counsel for the Consumer Subclass.

The grounds for this motion are set forth in the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Class Certification.  This motion is supported by the Amended Class Action Complaint filed in the above-referenced action, the accompanying

Memorandum of Law in Support of Plaintiffs' Motion for Class Certification, the Declarations of Professor Meredith Rosenthal and Raymond S. Hartman, and such other and further documents or evidence as may be filed or submitted in connection with the determination of this motion.

Dated: August 8, 2005                                   Respectfully Submitted,

By:   **/s/ Barry Himmelstein**
Barry Himmelstein, Esquire
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By:   **/s/ Thomas Greene**
Thomas Greene Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

By:   **/s/ Don Barrett**
Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By:   **/s/ Daniel Becnel**
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By:   **/s/ James Dugan**
James Dugan, Esquire
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130

*Members of the Class Plaintiffs' Steering Committee*

|  |  |
|---|---|
| By: | /s/ Thomas M. Sobol |
|  | Thomas M. Sobol |
|  | Hagens Berman Sobol Shapiro LLP |
|  | One Main Street, 4th Floor |
|  | Cambridge, MA 02142 |

*Plaintiffs' Liaison Counsel and Member of the Class Plaintiffs' Steering Committee*