UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------- x
:
In re: NEURONTIN MARKETING, SALES :
PRACTICES AND PRODUCTS LIABILITY :
LITIGATION :
: MDL Docket No. 1629
THIS DOCUMENT RELATES TO: : Master File No. 04-10981
: Judge Patti B. Saris
LAUREN ALLEN, et al. v. PFIZER INC, et al., : Mag. Judge Leo T. Sorokin
:
Docket No. 05-10797-PBS :
:
:
------------------------------- x

**DEFENDANTS' NOTICE OF ADDITIONAL AUTHORITY**

Defendants Pfizer Inc. and Parke-Davis, a division of Warner-Lambert Company, (together the Defendants) by and through their counsel, hereby submit the following Notice of Additional Authority in connection with their opposition to Plaintiffs' motion to remand this case to the Superior Court of the Commonwealth of Massachusetts.

First, in connection with their argument regarding the impact of Plaintiffs' amended complaint, Defendants call the Court's attention to the Seventh Circuit's recent decision in Schorsch v. Hewlett-Packard Co., __ F.3d __, 2005 WL 1863412 (7th Cir. Aug. 8, 2005) (attached as Exhibit A), and Knudsen v. Liberty Mut. Ins. Co., 411 F.3d 805 (7th Cir. 2005) (attached as Exhibit B).

Second, in connection with their argument regarding the date of removal and the proper interpretation of the word "commenced" and CAFA's effective date, Defendants call the Court's attention to the Supreme Court's recent decision in Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S. Ct. 2611 (2005) (attached as Exhibit C).

Third, Defendants also bring to the Court's attention certain developments in the District of Massachusetts and the First Circuit and in particular Defendants' pending appeal in an unrelated matter of the issue of the proper interpretation of the word "commenced" in CAFA in the First Circuit and Chief Judge Young's recent certification of that question to the First Circuit. See Natale v. Pfizer Inc., Nos. 05-2203, 05-8806 (1st Cir. Aug. 8, 2005) (setting briefing schedule and oral argument for September 7, 2005); Natale v. Pfizer, __ F. Supp. 2d __, 2005 WL 1793451 (D. Mass. July 28, 2005) (attached as Exhibit D).

I.   The Seventh Circuit's Decisions in Schorsch and Knudsen

Defendants first note that, after Defendants submitted their opposition to Plaintiffs' motion, the Seventh Circuit handed down two decisions interpreting CAFA that suggest that a post-CAFA amended complaint would subject an action to federal jurisdiction under CAFA if the amended complaint represents a significant change in the action or adds a new claim for relief. See Knudsen, 411 F.3d at 807 ("[A] new claim for relief (a new 'cause of action' in state practice) . . . could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes."); Schorsch, 2005 WL 1863412, at *3 ("We can imagine amendments that kick off wholly distinct claims . . . .").

In this case, not only was Plaintiffs' amended complaint filed after CAFA's effective date and the only complaint served on Defendants, but Plaintiffs' post-CAFA amended complaint also represents a significant change in the action against Defendants and adds an entirely new claim for relief. See Blackline Comparison of Plaintiffs' Complaints (attached as Exhibit E). Plaintiffs' pre-CAFA, un-served, un-amended

complaint raised one, generic and general unfair practices claim against Defendants for the off-label promotion of Neurontin in alleged contravention of federal regulations, an action that duplicated the *qui tam* claim against Defendants and that was arguably removable under federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs' post-CAFA amended complaint, and again the only complaint served on Defendants, presents an entirely new theory of the case artfully pleaded to sound entirely in state tort law and adds an entirely new claim for relief. Plaintiffs now claim Defendants fraudulently and misleadingly misrepresented the information regarding Neurontin's safety and efficacy for certain and specific medical treatments. See, e.g., Am. Compl. at ¶¶ 1, 2, 7, 14; ¶¶ 332-344. Moreover, and in recognition of this fundamental change in the action, Plaintiffs added an entirely new and novel "false advertising" claim for relief based on the alleged materials supplied by Defendants. See Am. Compl. at ¶¶ 345-53.

This fundamental change in the theory of the case and the addition of the new claim for relief is sufficient to commence a new action for purposes of CAFA. See Knudsen, 411 F.3d at 807 (noting that "a new claim for relief (a new 'cause of action' in state practice) . . . could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes" and drawing analogy to "removal practice" which "recognizes [that] an amendment to the pleadings that adds a claim under federal law (where only state claims had been framed before) . . . opens a new window of removal"); Schorsch, 2005 WL 1863412, at *3 (noting that "[a]mendments to class definitions do not commence new suits" but "imagin[ing] amendments that kick off wholly distinct claims" would); see also Johnson v. Heublein Inc., 227 F.3d 236, 242 (5th Cir. 2000) (noting exception in removal practice that allows

3

defendant to remove if "complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit" to prevent prejudice and limitation on defendant's right to remove); Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 965 (7th Cir. 1982) (same). At a minimum, federal jurisdiction exists over the new false advertising claim which is brought on behalf of a purported class and was asserted for the first time after the effective date of CAFA. In fact, the action itself was not effectively commenced against Defendants until after CAFA's effective date with the filing and service of Plaintiffs' amended complaint.

II. The Supreme Court's Decision in Exxon

Defendants also call the Court's attention to the Supreme Court's recent decision in Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S. Ct. 2611 (2005). In Exxon, the Supreme Court interpreted the scope of a jurisdictional statute, 28 U.S.C. § 1367, that – just like CAFA – expanded the subject matter jurisdiction of the federal courts.[1] The Supreme Court's approach to interpreting the meaning and scope of § 1367 demonstrates that CAFA should be interpreted to provide jurisdiction here and further that Plaintiffs' interpretation of CAFA and the Tenth Circuit's decision in Pritchett v. Office Depot, Inc., 404 F.3d 1232 (10th Cir. 2005), are incorrect.[2]

---

[1] In Exxon the Supreme Court held that, for purposes of traditional diversity jurisdiction, a court may exercise supplemental jurisdiction under § 1367 "over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount" where there is complete diversity and at least one named plaintiff satisfies the amount-in-controversy requirement. Id. at 2615.

[2] Defendants note that the Seventh Circuit's decisions in Schorsch, 2005 WL 1863412, at *1; Pfizer Inc. v. Lott, __ F.3d __, 2005 WL 1840046 (7th Cir. Aug. 4, 2005); and Knudsen, 411 F.3d at 805, have aligned that court with the Tenth Circuit's interpretation of CAFA's effective date in Pritchett, 404 F.3d at 1232.

4

At the outset, the Supreme Court in Exxon stated that while "[w]e must not give jurisdictional statutes a more expansive interpretation than their text warrants, . . . *it is just as important not to adopt an artificial construction that is narrower than what the text provides.*" 125 S. Ct. at 2620 (emphasis added). Importantly, the Supreme Court did not recognize any presumption against removal jurisdiction.[3] Thus, in resolving the split in the courts of appeal regarding the proper interpretation of § 1367, the Supreme Court did not even hint that the scope of a jurisdictional grant was narrower for cases removed from state court,[4] as opposed to cases initially filed in federal court.[5]

The Supreme Court's analysis on both issues – the breadth of federal jurisdiction and the insignificance of removal – is directly contrary to Plaintiffs' claims. See, e.g., Mem. in Supp. of Pls.' Mot. to Remand (Pls.' Mem.) at 5-6 & 15-16. It also eviscerates the Tenth Circuit's analysis in Pritchett that courts "look to presumptions" and, in particular, to a presumption that "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals" and that a court should "approach cautiously" when interpreting a statute expanding federal jurisdiction. 404 F.3d at 1235, 1237 n.6.[6]

---

[3] In fact, the Supreme Court observed that it had previously "emphasized that 'whatever we say regarding the scope of jurisdiction conferred by a particular statute can of course be changed by Congress.'" Id. at 2619 (quoting Finley v. United States, 490 U.S. 545, 556 (1989)).

[4] See id. at 2616, citing Rosmer v. Pfizer Inc., 263 F.3d 110 (4th Cir. 2001); In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599 (7th Cir. 1997); In re Abbott Labs., 51 F.3d 524 (1995); Gibson v. Chrysler Corp., 261 F.3d 927 (9th Cir. 1001).

[5] See id. at 2616, citing Allapattah Servs., Inc. v. Exxon Corp., 333 F.3d 1248 (11th Cir. 2003); Olden v. LaFarge Corp., 383 F.3d 495 (6th Cir. 2004); Stromberg Metal Works, Inc. v. Press Mech., Inc., 77 F.3d 928 (7th Cir. 1996); Star-Kist Foods, Inc. v. Ortega, 370 F.3d 124 (1st Cir. 2004); Trimble v. Asarco, Inc., 232 F.3d 946 (8th Cir. 2000); Leonhardt v. Western Sugar Co., 160 F.3d 631 (10th Cir. 1998).

[6] The Pritchett court's analysis actually tracks the analysis of the Exxon *dissenters*. See, e.g., Exxon, 125 S. Ct. 2630 (Stevens, J., dissenting) (contending that "our cases have never recognized a presumption in *favor* of expansive diversity jurisdiction) (emphasis in original); id. at 2632 (Ginsburg, J.,

The Supreme Court in <u>Exxon</u> also observed, consistent with its rejection of the view that jurisdictional statutes should be interpreted narrowly, that "[o]rdinary principles of statutory construction apply." 125 S. Ct. at 2620. In particular, the Supreme Court stated that "[i]n order to determine the scope of supplemental jurisdiction authorized by § 1367, . . . we must examine the statute's text in light of context, structure, and related statutory provisions" and "our established jurisprudence." <u>Id.</u> at 2620, 2625.

The Supreme Court's reasoning in <u>Exxon</u> is particularly illuminating in terms of the issue as to when this action was commenced. Plaintiffs' argument that this action was commenced when the original, un-served, un-amended complaint was filed in state court fails to take into account that:

(i) the "clear majority" of prior decisions interpreting jurisdictional statutes containing the same "commencement" provision as CAFA – in sum, the "established jurisprudence" – concludes "that a court must look to the date of removal, not the date that the plaintiff filed his original petition;"[7]

(ii) the official U.S.C.A. Commentary unequivocally concludes that this majority view is the "sounder" view;[8]

(iii) only the "clear majority" view provides a consistent, principled interpretation to identical statutory language regardless of whether Congress intends to expand or contract federal jurisdiction, whereas under Plaintiffs' proposed interpretation of CAFA, the "identical phrase" –

---

dissenting). Moreover, it is significant that in a decision a few days before <u>Exxon</u>, the Supreme Court, in expansively interpreting § 1331's grant of federal question jurisdiction, made no reference to any presumption against federal jurisdiction. <u>Grable & Sons Metal Prod., Inc. v. Darue Eng'r & Mfg</u>, 125 S. Ct. 2363 (2005) (attached as Exhibit F). Although <u>Grable</u> casts into serious doubt First Circuit precedent on the need for a federal private right of action in order for a court to find federal question jurisdiction, <u>see, e.g.</u>, <u>Templeton Bd. of Sewer Comm'rs v. American Tissue Mills of Mass., Inc.</u>, 352 F.3d 33, 35 (1st Cir. 2003), Defendants did not assert federal question jurisdiction as a basis for the removal of this action in their removal notice but the Court can still find federal jurisdiction is present here.

[7] <u>Lindsey v. Meisenheimer</u>, 1997 U.S. Dist. LEXIS 17784, *3 (D. Kan. Sept. 24, 1997).

[8] U.S.C.A. Commentary to 1988 amendments to 28 U.S.C. § 1332.

     "commenced on or after" – would "mean[ ] one thing" in CAFA and "something else" in virtually identical statutes amending § 1332,[9]

(iv) CAFA was enacted in the context of a nationwide debate over the proper forum for class actions, a debate that Congress decisively resolved in favor of federal jurisdiction by expressly stating that CAFA's purpose was to "provid[e] for Federal court consideration of interstate cases of national importance under diversity jurisdiction" and by eliminating various prior hurdles to removal (anti-aggregation, complete diversity, the consent of all defendants) in order to encourage the removal of class actions to federal court and the exercise of federal jurisdiction over class actions;[10]

(v) within the structure of CAFA itself, *each* time Congress referred to the filing of the action in state court, it used the phrase "the State in which the action *was originally filed*," whereas when Congress set the effective date of the Act, it used the phrase "shall apply to any civil action *commenced* on or after the date of enactment of this Act," which is the *only* time CAFA used the word "commenced," a fact that strongly suggests that Congress did *not* mean for the word "commenced" in CAFA's effective date to mean the date the action was originally filed in state court;[11] and

(vi) when Congress amended the removal statute in 1986 to permit removal of an action containing state and federal claims – a closely "related statutory provision" – Congress provided that the amendment would "apply with respect to claims in civil actions commenced *in State courts* on or after the date of the enactment," whereas Congress did *not* include this modifying phrase in CAFA."[12]

  Finally, the Supreme Court in Exxon made clear that, in interpreting § 1367, "the authoritative statement is the statutory text, not the legislative history or any other extrinsic material." 125 S. Ct. at 2626. Accordingly, the Court interpreted the statute "in light of other statutory provisions and our established jurisprudence," and not with

---

[9] The Supreme Court in Exxon rejected the view that an "identical phrase means one thing . . . in § 1331 and something else . . . in § 1332." 125 S. Ct. at 2622; see Defs.' Mem. of Law in Opp'n to Pls.' Mot. to Remand (Defs.' Opp'n) at 10-11.

[10] CAFA § 2(b)(2); see CAFA §§ 4(a), 5(a).

[11] Compare CAFA § 3(a) § 1711(2), § 4(a)(3), § 4(a)(3)(B), § 4(a)(3)(E) with CAFA § 9 (emphasis added).

[12] See Defs.' Opp'n at 10.

reference to the statute's legislative history. Id. at 2620.  By contrast, Plaintiffs and the Pritchett court rely heavily on inapposite legislative history relating to a prior version of the House bill that had an express provision for CAFA's application to actions already pending and actively litigated in state court.  See Pls.' Mem. at 7-8; Pritchett, 404 F.3d at 1235-37.  This reliance is even less proper because it also ignores the fact that when Congress deleted the provision providing for CAFA's retroactive application, it *retained* the identical language providing for CAFA's applicability to actions "commenced" on or after CAFA's date of enactment.  Compare H.R. 1115 § 8(a) (108th Cong. 1st Sess. ) (attached as Ex. 2 to Mem. in Supp. of Pls.' Mot. to Remand) with CAFA § 9.

While the Court in Exxon acknowledged that CAFA "is not retroactive," 125 S. Ct. at 2628, Defendants are not suggesting that CAFA is retroactive or that the statute in any way repealed the initial 30-day deadline for removal in 28 U.S.C. § 1446(b).  See Defs.' Opp'n at 11-12.  Moreover, CAFA's grant of federal jurisdiction here is a prospective, not retroactive, application of CAFA:  CAFA applies to class actions timely removed to federal court on or after February 18, 2005.  CAFA meanwhile does not permit the removal of long pending actions like Pritchett where – because of the 30-day removal deadline – the right to remove expired before February 18, 2005.  Here the action was removed within 30 days of Defendants' receipt through service of the only complaint that has ever been served in this action.

In short, CAFA, just like § 1367, "is a broad jurisdictional grant." Exxon, 125 S. Ct. at 2621.  And, as in Exxon, when properly interpreted in light of its "context, structure, and related statutory provisions," CAFA provides this Court subject matter

jurisdiction over this putative class action. Id. at 2620. Moreover, and in any event, the operative complaint here was filed and served after CAFA's effective date.

III.     Developments in the District of Massachusetts

Defendants also bring to the Court's attention Defendants' pending appeal in the First Circuit on the issue of the proper interpretation of the word "commenced" in CAFA and Chief Judge Young's recent certification of that question to that court. See Natale v. Pfizer Inc., Nos. 05-2203, 05-8806 (1st Cir. Aug. 8, 2005) (setting briefing schedule and oral argument for September 7, 2005); Natale v. Pfizer, __ F. Supp. 2d __, 2005 WL 1793451 (D. Mass. July 28, 2005). Based on these developments, Judge Woodlock has recently postponed a hearing on a similar remand motion involving the proper interpretation of the word "commenced" in CAFA until November 2005. See Thompson v. Wyeth Inc., No. 1:05-cv-11169 (DPW) (Aug. 1, 2005).

## CONCLUSION

For the foregoing reasons, Defendants' respectfully request that Plaintiffs' motion to remand be denied.

Date: August 12, 2005

**DEFENDANTS PFIZER INC. and PARKE-DAVIS, a DIVISION of WARNER-LAMBERT COMPANY,**

/s/ James P. Rounhandeh
James P. Rouhandeh, Esq.
Carter H. Burwell, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

/s/ David B. Chaffin
David B. Chaffin
BBO #549245
Hare & Chaffin
160 Federal Street, 23rd Floor
Boston, MA 02110
(617) 330-5000