UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEURONTIN MARKETING )    IN RE: MDL DOCKET NO. 1629
AND SALES PRACTICES )    Lead Case No.: 04-cv-10981

---

### MOTION REQUSTING A "SUGGESTION OF REMAND" FOR THE CONDITIONALLY-TRANSFERRED *MEDERO V. PFIZER* ACTION PURSUANT TO MULTIDISTRIT LITIGATION RULE 7.6, AND NOTICE OF APPEARANCE OF THE *MEDERO* PLAINTIFFS' COUNSEL IN THESE PROCEEDINGS

Plaintiffs Ana Medero and Shirley Levin, through their counsel[1] and in connection with the conditionally-transferred case *Medero et al. v. Pfizer, Inc.*, (collectively, the "Medero plaintiffs"), pursuant to Multidistrict Litigation Rule ("MDL") Rules 7.6(c) and (d), respectfully move this Transferee Court for a "suggestion of remand," a process specifically provided for by those MDL Rules.

No basis for federal jurisdiction exists for the claims asserted in the Medero Complaint. The Medero plaintiffs request this relief so that they can subsequently seek from the MDL Judicial Panel a definitive Order remanding their case back to Florida state court, on the basis that no federal claims appear in their lawsuit, and because no federal court has jurisdiction over their state law claims. The Medero plaintiffs' counsel also file their Notice of Appearance as counsel in this action, because despite the transfer of this case to this Transferee Court, the undersigned are not included in the Court's records as counsel.[2]

---

[1] Pursuant to MDL Rule 1.4, the Medero plaintiffs' counsel may continue to represent them in this Transferee Court, and do not need to obtain local counsel or otherwise seek special admission.

[2] The Medero plaintiffs' counsel verified with this Court's clerks, on August 9, 2005, that while the Court had received the Medero case from the Southern District of Florida, the Mederos plaintiffs'

## OVERVIEW OF MOTION

The Medero plaintiffs' motion for a "suggestion of remand" should be granted because no basis for federal jurisdiction exists as to these claims and their September 10, 2004 Motion to Remand to State Court, which was filed with the United States District Court for the Southern District of Florida, was never ruled upon -- by either that Court, by the MDL, or this Transferee Court. The Medero plaintiffs have only recently learned that more than two months **after** their Motion to Remand was filed in the Southern District of Florida, the MDL issued a Conditional Order of Transfer dated November 19, 2004. It was only following that Condition Transfer Order that the Clerk of the Southern District of Florida transferred the file to this Transferee Court. That occurred on February 10, 2005.

*Both events occurred without the Medero plaintiffs' knowledge. The Medero plaintiffs never received noticed of either of these events from either the MDL or the Southern District of Florida. The Medero plaintiffs' counsel only learned of those actions recently while checking on the status of their long-pending Motion to Remand, and have swiftly acted to seek a remand which is long overdue.*

The Medero plaintiffs now seek the "suggestion of remand" from this Court which is the process provided by MDL Rule 7.6 as a condition precedent to MDL action. The Medero plaintiffs have not waived any rights to seek a remand of

---

counsel were, for some unexplained reason, not included in the Court's records. This omission is particularly odd since undersigned counsel's names and addresses clearly appear in transferred pleadings this Court has received from the Southern District of Florida.

their claims back to Florida state court because they were previously unaware of any conditional transfer.[3] Remand of this action is fully justified, as set forth more fully below.

## MEMORANDUM IN SUPPORT OF MOTION

1. The Medero plaintiffs' action against Pfizer was filed on August 4, 2005 in the Dade County, Florida Circuit Court, and assigned Case No. 04-17021-CA-32. A copy of the Medero plaintiffs' Florida Complaint is attached as Exhibit 1.

2. No basis for federal court jurisdiction exists as to the claims asserted in the Medero Complaint filed in Florida state court on behalf of a putative class of only Florida residents, seeking reimbursement for amounts of less than $75,000 expended for the prescription drug Neurontin. See Exh. 1 at p. 47, ¶95(a). Only state court causes of action are alleged. See Exh. 1 at pp. 52-54 (Count I: Violation of the Florida Deceptive and Unfair Trade Practices Act); p. 55-56 (Counts II and III: common law Unjust Enrichment, and common law Negligence); pp. 56-57 (Count IV: Breach of Implied Warranty of Merchantability); and pp. 57-59 (Count V: Breach of Implied Warranty of Fitness for a Particular Purpose).

3. The Medero Complaint which was filed in Florida state court specifically alleges, at pp. 8-9, in ¶18, that federal jurisdiction does **not** exist:

> **18. Federal court subject matter jurisdiction over this class action and representative action does**

---

[3] Waiver requires the voluntary relinquishment of a known right, and since the Medero plaintiffs were never notified of the Conditional Transfer Order or the transfer of their case, they cannot have "waived" the right to challenge jurisdiction in an improper forum.

3

> **not exist. Plaintiffs and the Class members do not assert any federal claims in the prosecution of this litigation. Plaintiffs and the Class Members seek relief as provided by Florida only. Plaintiffs and each member of the Class have individually incurred damages under the laws of Florida in an amount less than $75,000.** Neither the Plaintiffs, nor any members of the Class, seeks damages exceeding $75,000, nor do their damages individually exceed $75,000, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder. Neither Plaintiffs, nor any of the Class members, seeks any form of "common" recovery, but rather individual recoveries not to exceed $75,000 for any Class member, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder. **Plaintiffs and the Class members voluntarily limit their claims to less than $75,000 each. Under applicable federal law, counterclaims, damages, punitive damages, attorneys' fees and costs cannot be aggregated to meet the minimum jurisdictional amount for federal court subject matter jurisdiction. Plaintiff [sic] asserts no federal question and/or violations of federal law.**

4. Instead of answering the Complaint within the twenty-day time period prescribed by Fla.R.Civ.P. 1.140(a)(1), Pfizer instead filed (with the Southern District of Florida) a "Notice of Removal" dated September 7, 2004. A copy of Pfizer's removal notice is attached as Exhibit 2. The Southern District of Florida then assigned Case No. 04-22228-civ-Seitz to the federal action.

5. The Medero plaintiffs promptly filed (again, with the Southern District of Florida) a Motion to Remand to State Court dated September 10, 2004. This occurred a mere three days after Pfizer's Notice of Removal was filed, and the matter was therefore squarely before the Southern District of Florida last September. A copy of the Medero plaintiff's Motion for Remand is attached as Exhibit 3.

6. The Southern District of Florida never ruled on the Medero plaintiffs' Motion for Remand. More than two months after the Motion to Remand was already on file and pending, the Clerk of the MDL Panel issued a Conditional Order of Transfer dated November 19, 2004 instructing (in a cover letter accompanying the Conditional Order) the Clerk of the Southern District of Florida to forward the Medero plaintiffs' case to this Transferee Court. A copy of the MDL Conditional Transfer Order and the MDL Clerk's cover letter is attached as Composite Exhibit 4.[4]

7. **The Medero's plaintiffs' counsel never received a copy of the MDL Conditional Transfer Order or the MDL Clerk's letter.** See Affidavit of T. Omar Malone, Esq., Exh. 8. Since they were unaware of any conditional transfer until recently, the Medero plaintiffs were never given an opportunity to challenge that conditional transfer with the 15 day time frame ordinarily prescribed by MDL Rule 7.4(c) and (d).

8. The Clerk of the Southern District of Florida – *again, without any notice whatsoever to Medero's counsel* – then forwarded the Medero plaintiffs' file to this Transferee Court. That apparently occurred back on February 10, 2005, based on a cover letter from the Southern District of Florida Clerk that the Medero plaintiffs obtained in the course of researching the status of their long-pending Motion to Transfer. See Exhibit 5.

---

[4] The docket sheet the Medero plaintiffs have received from this Transferee Court does not list their action as part of the transferred cases, and it does not list the Plaintiffs' attorneys as counsel of record. The Medero plaintiffs are unable to explain this failure. Had they been given notice of the Conditional Transfer Order, they would have acted sooner.

9. The Medero plaintiffs' counsel did not learn of the Conditional Transfer Order, or the transfer of their case from the Southern District of Florida to this Transferee Court, until July 23, 2005. The Medero plaintiffs, only in the course of checking the status of the pending Motion to Remand with the Southern District of Florida, learned that the case had been transferred pursuant to the MDL's Conditional Transfer Order (which the Medero plaintiffs never received).

10. The Medero plaintiffs are entitled to have their Motion to Remand heard and decided by a Court. The MDL Rules specifically provide for a remand motion to be filed with the MDL, but this process first requires that this Transferee Court consider and rule upon the Medero plaintiffs' request for a "suggestion of remand" from this Transferee Court.

11. MDL Rule 7.6 in particular provides that the MDL Panel can grant remand requests upon the motion of any interested party so long as application is *first* made to the Transferee Court for a "suggestion of remand." MDL Rule 7.6(d) states, in pertinent part:

> (d) The Panel is reluctant to order remand absent a suggestion of remand from the transferee district court. If remand is sought [from the MDL] by motion of a party, the motion shall be accompanied by:
>
> (i) an affidavit reciting
>
> (A) whether the movant has requested a suggestion of remand from the transferee district court, how the court responded to any request, and, if no such request was made, why....

12. The Medero plaintiffs are following this MDL Rule-required process in this Transferee Court, by requesting a "suggestion of remand" from this Court so that the issue can then be presented to the MDL.

13. This Transferee Court should issue the requested "suggestion of remand" to the Medero plaintiffs so that the Medero plaintiffs can then bring this situation to the MDL Panel's attention, so the MDL can make the ultimate decision on remanding Medero's case.

14. Remand is amply supported by the facts and the law, for all the reasons set forth in the Medero plaintiffs' pending Motion to Remand, attached as Exhibit 3.

15. Without unduly burdening this Transferee Court with a repetition of all the points made in that Motion to Remand, the Court is respectfully requested to bear in mind the following legal issues:

- Removal, under United States Supreme Court precedent, is strictly construed and all doubts should be resolved in favor of remand. This Transferee Court should issue the requested "suggestion of remand" so that the MDL can then take up the issue, the process provided for by MDL Rule 7.6(d).

- No federal court has jurisdiction over this case under the Supreme Court's "well-pleaded complaint" rule; Medero's Complaint alleges state law causes of action only. Defenses based on federal law are not to be considered in determining whether removal is proper.

- Other courts have refused removal in the context of drug manufacturer lawsuits, and Pfizer, specifically, has lost disputed remand contests. Merrill Dow

Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986) (remanding an action to state court despite the drug manufacture's argument that a federal standard was implicated in a state law claim); *see also*, Memorandum and Order (granting remand and rejecting Pfizer's motion for a stay) in Clark v. Pfizer, Inc., Case No. 04-3354 (E.D. Pa., Sept. 7, 2004). A copy of the Clark Order granting remand back to state court is attached as Exhibit 6.

- Diversity jurisdiction is lacking. As alleged in ¶¶13 and 15 of Medero's Florida Complaint, Plaintiff Ana Medero is a resident of Dade County, Florida, Plaintiff Shirley Levin is a resident of Palm Beach County, Florida, while in contrast, Defendant Pfizer is a Delaware corporation with its principal place of business in New York, N.Y.[5]

16. The lack of jurisdiction by any federal court over the Medero plaintiffs' claims is unaffected by the "Class Action Fairness Act" of 2005, Pub. L. 109-2, 119 Stat. 4. In fact, in a decision involving Pfizer itself by the Seventh Circuit Court of Appeals, dated August 4, 2005, that Appellate Court ruled that the Class Action Fairness Act does *not* affect cases filed prior to the effective date of that Act. Pfizer, Inc. v. Lott, et al., Case No. 05-cv-230-MJR (7th Cir. 8/4/05). The Lott case, attached as Exhibit 7, expressly holds that when a complaint contains no federal claims, the only possible basis for federal jurisdiction is diversity. Id. The Medero plaintiffs are completely diverse from

---

[5] The Motion to Remand was filed before the effective date of the Class Action Fairness Act; because that Act is not retrospective in application, any changes to diversity jurisdiction in putative class actions should not apply to Medero's Complaint.

Pfizer, as alleged in their complaint, and diversity jurisdiction is therefore lacking, requiring remand to state court.

17. This case should be remanded back to Dade County, Florida Circuit Court and this Transferee Court should issue the "suggestion of remand" required by MDL Rule 7.6(d) so that the Medero plaintiffs can present remand to the MDL panel.

18. Simple and basic fairness require that the Medero plaintiffs be given an opportunity to seek remand from the MDL, as the MDL rules allow.

WHEREFORE, Plaintiffs Ana Medero and Shirley Levin respectfully request that this Court immediately issue a "suggestion of remand" as provided in MDL Rule 7.6(d).

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided both electronically, per the Court's CM/ECF system, and via regular U.S. Mail this 19th day of August, 2005 to:

Kenneth J. Reilly, Esquire
Frank Cruz-Alvarez, Esquire
Shook, Hardy & Bacon, L.L.P.
Miami Center
201 South Biscayne Blvd.
Miami, FL  33131-4332
E-mail:  kreilly@shb.com
and skoch@shb.com

James P. Rouhandeh, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017
E-mail:  jim.rouhandeh.dpw.com
Counsel for Pfizer, Inc.

By: /S/ JONATHAN S. COLEMAN
Guy M. Burns, Esq.
FBN: 160901
Jonathan S. Coleman, Esq.
FBN: 797480
**JOHNSON, POPE, BOKOR,**
**RUPPEL & BURNS, L.L.P.**
403 East Madison Street
Suite 400
Tampa, FL 33602
Telephone: (813) 225-2500
Facsimile: (813) 223-7118

Philip Freidin, Esq.
FBN: 118519
T. Omar Malone, Esq.
FBN: 697796
**FREIDIN & BROWN, P.A.**
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3100
Miami, Florida 33131
Telephone: (305) 371-3666
Facsimile: (305) 371-6725

Randy Rosenblum, Esq.
**ROSENBLUM & ROSENBLUM, P.A.**
700 S. Andrews Avenue, Ste. 200
Ft. Lauderdale, FL 33316
Telephone: (954) 524-9944
Facsimile: (954) 524-6664

and

Andrew B. Sacks, Esq.
John K. Weston, Esq.
Julie C. Parker, Esq.
**SACKS & WESTON**
510 Walnut Street, Ste. 400
Philadelphia, PA 19106
Telephone: (215) 925-8200

Counsel for Plaintiffs

96290v1