THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

ANA MEDERO AND SHIRLEY LEVIN on )
behalf of themselves and all persons similarly )
situated, )
)
                 Plaintiffs, )
)
vs. )
)
PFIZER INC., WARNER LAMBERT )
COMPANY and PARKE-DAVIS, a division )
of Warner-Lambert-Company, )
)
                 Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Pfizer Inc, Warner-Lambert Company, LLC and Parke-Davis (Defendants), by and through their respective counsel, and pursuant to 28 U.S.C. §§ 1441(a) and (b) and 28 U.S.C. § 1446, file this Notice of Removal of this cause from the Circuit Court of the 11th Judicial Circuit for Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division.

### Background

1.     Plaintiffs commenced this action on or about August 5, 2004, by filing a Complaint in the Circuit Court of the 11th Judicial District in and for Dade County, Florida styled *Ana Medero and Shirley Levin on behalf of themselves and all persons similarly situated v. Pfizer, Inc., Warner-Lambert Company, LLC and Parke-Davis*, a division of Warner-Lambert Company, Case No. 04-17021 CA 32.

**EXHIBIT 2**

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171

1497321v1

2. Plaintiffs served a copy of the Summons and Complaint on Defendants on August 6, 2004. A copy of the Complaint and the Summons are attached as Exhibit A.

3. Pursuant to 28 U.S.C. § 1446 (b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading." Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

4. Plaintiffs filed this action on behalf of themselves and all others similarly situated who purchased the prescription drug Neurontin for "off-label" uses.

### Allegations of the Complaint

5. Plaintiff's assert claims for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 *et seq.*, negligence, unjust enrichment, breach of implied warranty for fitness for a particular purpose and breach of implied warranty of merchantability. The Plaintiffs generally allege damages as a result of Defendants' "off-label" marketing promotion of the prescription medication Neurontin.

6. Specifically, Plaintiffs assert,

- "Under applicable statutes and regulations, the manufacturer of a prescription drug regulated by the FDA may not promote or market the use of the drug for purposes or in doses other than those approved by the FDA. . . . Promotion by a drug manufacturer of off-label uses of prescription drugs is strictly illegal and contrary to the explicit policies and regulations of the United States Government." Compl. ¶ 25.

- "There are strict federal regulations about what form the promotion can take. . . . But drug makers can get around the rules and this case arises from one company's widespread scheme designed to unlawfully promote the sale of the anti-epilepsy drug Neurontin for non-FDA approved uses." Compl. ¶ 2.

- "The decision was made [by Parke-Davis] to completely avoid the normal regulatory process of the FDA pertaining to the marketing of a new use of a drug and to proceed in an illegal fashion." Compl. ¶ 3.

2

- "Defendants "engaged in or caused the deliberate avoidance of the FDA's classification of Neurontin as to its therapeutic equivalency," "used or caused the use of active concealment to avoid the FDA's enforcement mechanisms", and "engaged in or caused the systemic avoidance of filing requirements with the FDA. Compl. ¶ 34g-i."

7. Both of the named Plaintiffs allege that they were prescribed and purchased Neurontin for the treatment of Neuropathy, an "off label" use. Compl. at ¶ 13. The proposed class would consist of "all persons and entities in Florida that have purchased the prescription medication Neurontin after being prescribed said medication for medical conditions other than those approved by the Food and Drug Administration. . . from 1995 to the present." Compl. at ¶ ¶'s 14, 95(a).

## Diversity Jurisdiction

8. Removal of this action is proper under diversity jurisdiction. Diversity jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332(A)(1) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and because this action is between citizens of different states.

9. The named Plaintiffs purport to be citizens of Florida. Compl. at ¶ 13.

10. Warner-Lambert Company, LLC ("Warner Lambert") is a Delaware limited liability company and is the successor in interest to Warner Lambert Company. Warner Lambert's sole shareholder (member) is Pfizer Inc, and is deemed to be a citizen of the States of New York and Delaware. Parke-Davis is an unincorporated division of Warner-Lambert and is not a separate legal entity.

11. Pfizer Inc, is and was when Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware, with its principal place of business located in the State of New York.

12. Based on the citizenship of the parties to this action, complete diversity exists pursuant to 28 U.S.C. §§ 1332 and 1331.

13. Although Plaintiffs claim to limit their damages to less than $75,000, this Court still has diversity jurisdiction if Defendants can show to a legal certainty that Plaintiff's claims are actually worth more than $75,000. Compl. at ¶ 18; *Burns v. Windsor Co.*, 31 F.3d 1092, 1095-96 (11th Cir. 1994) (in order to disregard plaintiff's claim, "defendant must prove to a legal certainty that plaintiff's claim must exceed [the jurisdictional amount] based on an objective assessment by the court").

14. In this case, there are putative class members whose alleged damages exceed $75,000. For example, there are two similar Neurontin class actions that are currently pending in the Northern District of Florida, Pensacola Division. Both of the federal cases are based upon the same factual allegations as this action and are filed on behalf of the same putative class as in this case. *See* Complaint in *Hyman v. Pfizer, Inc. et al*, Civil No. 3:04CV215/RV/M,[1] and *Eckenrode v. Pfizer, Inc, et al.*, Civil No. 3:04-cv-00240-MCR-MD,[2] Attached as Exhibit B and C. Given that these two federal actions have claims in excess of $75,000, reason would hold that damages in this action (same class) are in excess of $75,000.

15. In addition to the two cases involving this same putative class currently pending in the Northern District of Florida, there are a vast number of similar Neurontin class actions currently pending in federal courts throughout the country, each of which asserts

---

[1] The *Hyman* Complaint has since been amended, *see* Plaintiff's Second Amended Complaint, Attached as Exhibit D. The only change between the original Complaint and the Second Amended Complaint was the deletion of two paragraphs (the assertion that damages exceed $75,000 and the assertion that supplemental jurisdiction applies to remaining common law and state claims pursuant to 28 U.S.C. § 1367. Significantly, however, Ms. Hyman did not amend her Complaint to limit her damages to less than $75,000.

[2] The *Eckenrode* action was removed to the Northern District of Florida, Pensacola Division based on both diversity and federal question jurisdiction.

4

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
1497321v1

damages in excess of $75,000. At least one of these cases is brought on behalf of a nationwide class. *See Lerch v. Pfizer, Inc., et al.*, filed in the United States District Court, District of Minnesota, Case File No., 04:302/JMR/FLN at ¶¶'s 22, 142. Attached as Exhibit E.

16. Moreover, based on the face of Plaintiff's Complaint, Plaintiff's alleged damages far exceed $75,000. Plaintiffs assert damages in excess of $15,000 under each of their five claims, making a total of over $75,000 fro all of their claims. They further seek treble damages under the FDUTPA, along with punitive damages, attorney fees, and all other relief the Court deems just and proper. If successful on their claims, each individual Plaintiff would be awarded $45,000 under the FDUTPA and an additional $60,000 under their remaining claims, for a total of $95,000, not including punitive damages, attorney fees and further relief. If successful on their claims, the individual plaintiffs would be awarded over $45,000 under the FDUTPA and over $60,000 in additional damages under the remaining claims for a total of over $95,000, not including punitive damages, attorney's fees and other relief.

17. This Court can look to unnamed class members to satisfy the amount in controversy. *See Morrison v Allstate Indemnity Company*, 228 F.3d 1255, 1272-73 (11th Cir. 2000); *Kirkland v. Midland Mortgage Company*, 243 F.3d 1277, 1280 (11th Cir. 2001); *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 974 (11th Cir. 2002); *see also Forest v. Penn Treaty American Corporation*, 270 F. Supp. 2d 1357 (M.D. Fla. 2003); *Chapman Funeral Home v. National Linen Service*, 178 F. Supp. 2d 1247, 1250, n.2 (M.D. Ala. 2002).

18. The Court's jurisdiction is further supported by supplemental jurisdiction conferred by 28 U.S.C. § 1367; *see also Allapattah Services v. Exxon Corporation*, 333 F.3d 1248, 1254 (11th Cir. 2003).

### Federal Question Jurisdiction

19.     The Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States. Although Plaintiffs purport to limit their claims to those arising under state law (Compl. at ¶ 18), their claims are so intertwined with federal law governing the regulation of prescription drugs and related marketing and advertising that they cannot possibly be resolved without deciding matters of federal law within the exclusive jurisdiction of the federal courts. As part of its responsibility for determining the safety and efficacy of drugs under the Federal Drug and Cosmetic Act ("FDCA"), the federal Food and Drug Administration ("FDA") is responsible for the regulation and approval of prescription drug labeling and advertising of the drug. *See* 21 U.S.C. § 393(b)(2)(B). In fact, drug labeling includes "all written, printed, or graphic matter" regarding the drug, 21 C.F.R. § 1.3(a), and the FDA regulations include detailed requirements for the contents of advertising for prescription drugs. *See* 21 C.F.R. §§ 202, 203; 21 U.S.C. § 321(m)(1)-(2).

20.     The heart of Plaintiffs' claims—"off-label promotion"--raises substantial questions of federal law in that this Court will be required to review and analyze federal law in determining the liability or non-liability of Defendants. Thus, the state law claims brought by Plaintiffs, purportedly on behalf of all others similarly situated (those who purchased Neurontin for an off-label use), raise substantial federal questions in that they require resolution of issues of federal law relating the FDCA, 21 U.S.C. § 301 et seq. *See Franchise Tax Bd. v. Construction. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983) (holding that federal question jurisdiction exists whenever "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
1497321v1

21. Specifically, Plaintiffs' Complaint contains allegations concerning both the FDA approval to market drugs as well as FDA approved uses of drugs. *See*, e.g., Compl. ¶¶'s 2, 25, 3, 34. The Complaint also alleges that Defendants' "gave kickbacks to physicians who prescribed large amounts of Neurontin for "off-label" purposes to patients," which implicates the Federal Anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(1). *Id.* at 34(a).

22. Allowing individual state courts to make determinations as to the alleged deceptiveness, unfairness, or fraudulent nature of a pharmaceutical manufacturer's marketing of prescription drugs, which are heavily regulated by the FDCA, would disrupt the federal regulatory scheme. There is a risk that jurisdiction-by-jurisdiction decisions could result in inconsistent rulings that would impact the FDA's governance over prescription drugs. As explained by the Fourth Circuit in *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996) (citing *Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat) 304, 347-48 (1816)), the "need for uniformity" with respect to a federal statutory regime "becomes a substantial federal interest, justifying the exercise of jurisdiction by federal courts" in circumstances "[w]here the resolution of a federal issue in a state law cause of action could, because of different approaches and inconsistency, undermine the stability and efficiency of a federal statutory regime." Under the artful pleading doctrine, Plaintiffs cannot prevent removal by casting their claims as arising under state law when, as here, substantial questions of federal law apply to this action. *See Franchise Tax Bd.*, 463 U.S. at 22.

### All Other Requirements For Removal Have Been Met

23. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Southern District of Florida, Miami Division is the appropriate court, to which this

case, filed in the Circuit Court of the 11th Judicial Circuit for Dade County, Florida, should be removed.

24.  Copies of all pleadings, process and orders served upon Defendants in this action are attached as Exhibits A in accordance with 28 U.S.C. § 1446(a).

25.  Promptly after filing this Notice of Removal, Defendants will file a Notice of Removal with the Clerk of the Circuit Court of the 11th Judicial Circuit for Dade County, Florida, and will serve written notice of the same on counsel for Plaintiffs, all in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendants give notice that this action is removed from the Circuit Court of the 11th Judicial Circuit for Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division.

SHOOK, HARDY & BACON, L.L.P.

By _____
Kenneth J. Reilly
Fla. Bar. No. 0157082
E-mail: kreilly@shb.com
Frank Cruz-Alvarez
Fla. Bar. No. 0499803
E-mail: falvarez@shb.com
Shook, Hardy & Bacon, L.L.P.
Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4332
Telephone (305) 358-5171
Facsimile (305) 358-7470

ATTORNEY FOR DEFENDANTS

Of Counsel:
James P. Rouhandeh
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Telephone (212) 450-4000
Facsimile (212) 450-3800

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2004 a copy of the foregoing was mailed by United States Postal Service to the following counsel:

Philip Freidin, Esq.
Omar Malone, Esq.
Freidin & Brown, P.A.
One Biscayne Tower, Suite 3100
2 South Biscayne Boulevard
Miami, Florida  33131

Rosenblum & Rosenblum, P.A.
700 South Andrews Avenue, Suite 200
Fort Lauderdale, Florida  33316

_____
Kenneth J. Reilly
Frank Cruz-Alvarez

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
1497321v1