# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 04-CV-22228-GOLD

ANN MEDERO and SHIRLEY LEVIN,
**On behalf of themselves and all
persons similarly situated,**

     **Plaintiffs,**

**v.**

**PFIZER, INC., WARNER LAMBERT
COMPANY, L.L.C., and PARKE-
DAVIS, a Division of Warner-Lambert
Company,**

     **Defendants.**
_____/



RECEIVED
SEP 1 4 2004
By 108943

## <u>PLAINTIFF'S MOTION TO REMAND TO STATE COURT, AND REQUEST FOR COSTS AND FEES, PURSUANT TO 28 U.S.C.§1447(c)</u>

1

EXHIBIT
exhibit 3

# TABLE OF CONTENTS

MOTION TO REMAND ........................................................................ 5

MEMORANDUM IN SUPPORT OF MOTION TO REMAND ..................... 6

I.   PFIZER, THE PARTY SEEKING REMOVAL, CANNOT SATISFY ITS
     HEAVY BURDEN OF DEMONSTRATING THAT REMOVAL IS
     APPROPRIATE SINCE THE REMOVAL STATUTES ARE STRICTLY
     CONSTRUED AND ANY DOUBTS MUST BE RESOLVED IN FAVOR OF
     REMAND. ............................................................................... 6

II.  THIS COURT LACKS FEDERAL QUESTION JURISDICTION BECAUSE
     THE COMPLAINT ALLEGES ONLY STATE LAW CAUSES OF ACTION. . 8

     A.   Under the Supreme Court's "Well-Pleaded Complaint" rule, federal
          jurisdiction only exists when a federal question appears on the face of the
          complaint, a requirement that is not met in this case. .................... 8

     B.   There is no federal preemption here because -- as a variety of courts have
          held -- the Federal Food, Drug and Cosmetic Act (FDCA) does *not* preempt
          state law causes of action or otherwise provide for a defense of federal
          question jurisdiction. ............................................................ 10

     C.   Pfizer has already lost this exact same removal argument in a district court in
          Illinois, based on Supreme Court precedent holding that actions against drug
          manufacturers do not raise "federal questions" for removal purposes simply
          because federal guidelines are implicated in those state court cases .......... 13

III. DIVERSITY JURISDICTION DOES NOT EXIST BECAUSE THE AMOUNT
     IN CONTROVERSY IS LACKING. ................................................ 15

IV.  THE PLAINTIFFS SHOULD BE AWARDED THEIR FEES AND COSTS. .. 17

CONCLUSION ................................................................................ 18

FREIDIN & BROWN, P.A., *One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, fax: 305.371.6725*

# TABLE OF AUTHORITIES

**Cases**

*Allapattah Serv., Inc. v. Exxon Corp.*, 333 F.3d 1248 (11th Cir. 2003), *reh. denied* 362 F.3d 739 (11th Cir. 2004) ........................................................................... 17

*Bosdorf v. Sinnamon*, 804 So.2d 510 (Fla. 3d DCA 2001) ............................................. 10

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) ................................................... 6,9,14

*Chase v. Walgreen Corp.*, 750 So.2d 93 (Fla. 5th DCA 1999) ....................................... 10

*Engle Homes, Inc. v. Krasner*, 766 So.2d 311 (Fla. 4th DCA 2000) .............................. 10

*Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1 (1983) .................. 6,8,9,13,14

*Gibson v. Tinkey*, 822 F.Supp. 347 (S.D. W.Va. 1993) ................................................. 18

*Hernandez v. Coopervision, Inc.*, 691 So.2d 639 (Fla. 2d DCA 1997) .......................... 12

*Howard v. Globe Life Ins. Co.*, 973 F.Supp. 1412 (N.D. Fla. 1996) ......................... 16,17

*Hurley v. Lederle Lab. Div. of American Cyanamid*, 863 F.2d 1173 (5th Cir. 1988) .... 12

*Leonard v. Enterprise Rent-a-Car*, 279 F.2d 967 (11th Cir. 2002) ........................... 6, 16

*Liebig v. DeJoy*, 814 F.Supp. 1074 (M.D. Fla. 1993) .................................................... 18

*Little v. Purdue Pharma., L.P.*, 227 F.Supp.2d 838 (S.D. Oh. 2002) ............................ 12

*Malloy v. Gunster, Yoakley, et al.*, 850 So.2d 578 (Fla. 2d DCA 2003) ....................... 13

*Martinkovic v. Wyeth Labs., Inc.*, 669 F.Supp. 212 (N.D. Ill. 1987) ............................ 12

*McCallister v. Purdue Pharma. L.P.*, 164 F.Supp.2d 783 (S.D. W.Va. 2001) ............... 11

*Mehlenbacher v. Akzo Novel Salt, Inc.*, 216 F.3d 291 (2nd Cir. 2000) ........................ 17

*Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986) .............................. 6, 13,14

*Pharmaceutical Soc. Of State of N.Y. v. Lefkowitz*, 586 F.2d 953 (2nd Cir. 1978) ........ 12

*Rubel v. Pfizer Inc.*, 276 F.S.2d 904 (N.D. Ill. 2003) ........................................ 6, 7,14, 18

FREIDIN & BROWN, P.A., *One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, fax: 305.371.6725*

*Savalle v. Nestle Waters North America, Inc.*, 289 F.2d 31 (D. Conn. 2003) ................ 11

*Shooster v. BT Orlando Ltd. Partnership*, 766 So.2d 1114 (Fla. 5th DCA 2000) .......... 13

*Snyder v. Harris*, 394 U.S. 332 (1969) ........................................................................ 15

*Univ. of South Ala. v. American Tobacco Co.*, 168 F.3d 405 (11th Cir. 1999) ................ 7

*Woods v. Firestone Tire & Rubber Co.*, 560 F.Supp. 588 (S.D. Fla. 1983) .................... 7

*Zahn v. Int'l Paper Co.*, 414 U.S. 21 (1973) ................................................................. 17

**Statutes**

28 U.S.C. §1332 ........................................................................................................... 5

28 U.S.C. §1447 ........................................................................................................... 5

4

## MOTION TO REMAND

Defendant Pfizer Inc. ("Pfizer") has filed a notice of removal, attempting to remove this state court action to federal court. There are two fatal problems with Pfizer's removal effort, both relating to federal court jurisdiction.

*First*, the Plaintiffs' complaint does not seek recovery under any federal statute or theory. It is grounded in five state law counts. Since federal question jurisdiction under 28 U.S.C. §1331[1] does not exist, this Court cannot exercise supplemental jurisdiction over those (exclusively) state court claims.

*Second*, the complaint specifically alleges, at paragraph 18, that no named representative or class member seeks damages in excess of $75,000, which is the minimum amount required under the diversity statute, 28 U.S.C. §1332(a). Pfizer cannot obtain federal jurisdiction under a diversity theory either.

It is clear, based on the analysis of United States Supreme Court and Eleventh Circuit precedent set forth below, that Pfizer's removal effort cannot succeed. The Plaintiffs therefore seek immediate remand of this state court action back to state court. They also seek from this Court an award reimbursing them for their costs and fees, as provided by 28 U.S.C. §1447(c).[2]

---

[1]

Federal question jurisdiction requires that the civil action in question arise under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This action, grounded exclusively in state law causes of action, does not satisfy any of those essential requirements for federal jurisdiction.

[2]

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c).

FREIDIN & BROWN, P.A., *One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, fax: 305.371.6725*

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

This action must be remanded back to state court because:

- The Eleventh Circuit, following United States Supreme Court precedent, recognizes that as courts of limited jurisdiction, federal courts must strictly construe the removal statutes, and resolve any doubts in favor of remand. *See e.g., Leonard v. Enterprise Rent-a-Car*, 279 F.2d 967, 972 (11th Cir. 2002). This defendant has failed to meet its heavy burden of demonstrating that removal of this state court case is even an option, let alone required.

- Under the United States Supreme Court's "well-pleaded complaint" rule, the plaintiff is "master of the claim [and] he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). This complaint relies exclusively on state law causes of action and removal is inappropriate because the complaint does not "arise under" federal law. Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 10 (1983).

- Cases against drug manufacturers like this one--contending in part that the manufacturer violated federal guidelines or regulations--do **not** present federal questions for removal purposes. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986) (citing *Franchise Tax Bd., supra*). In fact, a federal district court in 2003 already rejected Pfizer's removal attempt in a different case brought under a state's unfair and deceptive trade practice statute. *Rubel v. Pfizer Inc.*, 276 F.S.2d 904 (N.D. Ill. 2003), appeal dismissed 361 F.3d 1016 (7th Cir. 2004). This Court should be guided by the result in *Rubel.*

- Neither the Plaintiffs nor any class members seek damages exceeding $75,000, as set forth in paragraph 18 of the Complaint. Diversity jurisdiction, like federal question jurisdiction, does not exist because the $75,000 jurisdictional threshold set forth in 28 U.S.C. §1332(a) has not been satisfied as to any plaintiff.

## I.   PFIZER, THE PARTY SEEKING REMOVAL, CANNOT SATISFY ITS HEAVY BURDEN OF DEMONSTRATING THAT REMOVAL IS APPROPRIATE SINCE THE REMOVAL STATUTES ARE STRICTLY CONSTRUED AND ANY DOUBTS MUST BE RESOLVED IN FAVOR OF REMAND.

The burden of justifying removal lies with Pfizer. It is clearly settled that the

6

removal statutes are strictly construed and any doubts are resolved against removal. The standard, as applied in the Eleventh Circuit and mandated by United States Supreme Court precedent is set forth in *Univ. of South Ala. v. American Tobacco Co.*, 168 F.3d 405 (11th Cir. 1999) as follows:

> Because removal jurisdiction raises significant federalism concerns, **federal courts are directed to construe removal statutes strictly**. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109-09 (1941). Indeed, **all doubts about jurisdiction should be resolved in favor of remand** to state court. **A presumption in favor of remand is necessary** because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts."

Id. at 411 (citations omitted, emphasis supplied). *See also, Woods v. Firestone Tire & Rubber Co.*, 560 F.Supp. 588, 590 (S.D. Fla. 1983) ("the burden of proof is on the Defendants, as the removing parties, to show that this action was properly removed [and] where there is any substantial doubt concerning jurisdiction of the federal court on removal, the case should be remanded....")

This Court lacks both federal question and diversity jurisdiction, as explained more fully in Sections II and III below. Federal question jurisdiction is lacking because the Plaintiffs seek relief under state law theories of recovery. Pfizer cannot turn this state law case into a federal one (even though that result would serve Pfizer's defensive strategy) because federal courts considering that argument -- including a federal court ruling against Pfizer on this very issue (*Rubel*) -- have rejected Pfizer's argument. *See* Section II. Diversity jurisdiction does not exist either, because no single plaintiff satisfies the statutory amount in controversy requirement of $75,000, and the Plaintiffs'

7

claims cannot otherwise be aggregated. *See* Section III.

## II.     THIS COURT LACKS FEDERAL QUESTION JURISDICTION BECAUSE THE COMPLAINT ALLEGES ONLY STATE LAW CAUSES OF ACTION.

### A.     Under the Supreme Court's "Well-Pleaded Complaint" rule, federal jurisdiction only exists when a federal question appears on the face of the complaint, a requirement not met in this case.

The complaint alleges five state law causes of action:  violations of the Florida Deceptive and Unfair Trade Practices Act (Count I); unjust enrichment (Count II); negligence (Count III); breach of implied warranty of merchantability (Count IV); and breach of implied warranty of fitness for a particular purpose (Count V). *No* count exists for *any* federal cause of action. There is no federal question jurisdiction.

In *Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust etc.*, 463 U.S. 1 (1983), the Supreme Court set forth the basis of the "well-pleaded complaint" rule, which "as a practical matter severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." *Id.* at 9.  "For better or worse," a defendant may not remove a case to federal court "unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Id.* at 10 (original italics).  Otherwise stated:  "federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Id.* at 13.  Likewise, a federal defense does not justify removal, "even if the defense is anticipated in the plaintiff's complaint." *Id.* at 14.[3]

---

[3]

In *Franchise Tax Bd.*, the Supreme Court held that despite the existence of ERISA, a suit against a trust seeking to collect unpaid tax money held for the benefit of union members was not removable, as the claim

8

The Supreme Court reaffirmed the "well-pleaded complaint" rule (set forth in *Franchise Tax Board*) and elaborated upon that reasoning in *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). In *Caterpillar*, the Supreme Court rejected Caterpillar's arguments that since federal labor law might be implicated in a state court lawsuit arising of employment contracts, it could be removed. The mere presence of a federal element in a state court suit is inadequate to justify removal, as explained in *Caterpillar*:

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal court jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Id. at 392 (citations omitted). The plaintiffs in *Caterpillar* "could have brought suit under" a federal employment statute, in which case federal question jurisdiction would have been appropriate. However, as masters of their complaint, the Plaintiff "chose not to." *Id.* at 395. This decision to rely on state law causes of action, rather than federal ones, prevented Caterpillar from removing the case under a federal question theory. *Id.*

The Plaintiffs in this case -- like those in *Franchise Tax Bd.* and *Caterpillar*, have relied exclusively on state law causes of action. Pfizer cannot convert their state law claims into federal claims under a bogus "federal question" defensive theory. As the Supreme Court has made clear, simply because a federal statutory scheme may be related somehow to the state law cause of action, the state law case is **not** automatically converted into a "federal question" for removal purposes. *Franchise Tax Bd.; Caterpillar; supra.* If it were, the limited jurisdiction of the federal courts would be

---

itself did not "arise under" ERISA. *Id.* at 25-26

9

vastly (and inappropriately) expanded because it is difficult to imagine a cause of action involving a product that is not related, in some manner, to some sort of federal statutory scheme.

Several examples easily illustrate why Pfizer's removal theory is off-target. Plaintiffs in Florida's state courts may elect to sue on investment-related problems under Chap. 517 *Fla. Stat.*, the Florida Securities and Investor Protection Act -- even though brokers and securities are also subject to a variety of federal statutory schemes (such as the Securities Act of 1933, the Securities Exchange Act of 1934, and the 1940 Investment Advisors' Act). As a further example, Florida's consumers are protected from faulty automobiles by a state "Motor Vehicle Warranty Enforcement Act," Chap. 681 *Fla. Stat.* Just as it would be absurd for "lemon law" defendants to suggest that every Florida lawsuit could automatically be removed to federal court since automobiles are subject to federal oversight, it is likewise wrong for Pfizer to suggest that removal of this case is appropriate simply because drugs are federally regulated.

**B.**    **There is no federal preemption here because -- as a variety of courts have held -- the Federal Food, Drug and Cosmetic Act (FDCA) does *not* preempt state law causes of action or otherwise provide for a defense of federal question jurisdiction.**

The FDCA, the federal statute on which Pfizer relies as the bedrock of its federal question preemption position, does not provide for exclusive federal court jurisdiction, nor does it create a private right of action. *See* 21 U.S.C. §301 *et seq.*[4] It is this failure of

---

[4]

Florida's state courts do not lack jurisdiction over Florida law claims, of course. Even some federal statutes provide for concurrent jurisdiction of the state counts. *See e.g., Bosdorf v. Sinnamon,* 804 So.2d 510 (Fla. 3d DCA 2001) (concurrent jurisdiction over Death on the High Seas Act, 26 U.S.C. §761 et seq.); *Engle Homes, Inc. v. Krasner,* 766 So.2d 311 (Fla. 4th DCA 2000) (Interstate Land Sales Full Disclosure Act, 15 U.S.C. §1719); *Chase v. Walgreen Corp.,* 750 So.2d 93 (Fla. 5th DCA 1999) (concurrent state jurisdiction

10

the FDCA to provide a private right of action that caused a federal court to grant a motion to remand in *Savalle v. Nestle Waters North America, Inc.*, 289 F.2d 31 (D. Conn. 2003).

*Savalle* involved relief concerning Nestle's advertising, promotion and sale of Poland Springs bottled water. The suit was brought in Connecticut State Court under Connecticut's Unfair Trade Practices Act, and alleged exclusively state law causes of action. *Id.* at 32. This fact pattern is factually identical to this case: the plaintiffs allege a FDUPTA violation and Pfizer argues that the FDCA mandates federal jurisdiction. Nestle unsuccessfully sought removal, arguing that an essential element of the claims was whether the water met the requirements of the FDCA. *Id.* The district court, citing the "well-pleaded complaint" rule and noting that the FDCA provided no private remedy, held that the federal statute merely incorporated a standard of conduct, but "borrowing or importing a standard from a federal statute or regulation does not make a state action removable." *Id.* at 34. Nestle therefore failed to establish federal question jurisdiction, despite its defense that water bottling was governed by the FDCA. *Id.*

The lack of a private remedy under the FDCA, and Congress's failure to provide for preemption in the Act, led to a similar remand decision in *McCallister v. Purdue Pharma. L.P.*, 164 F.Supp.2d 783 (S.D. W.Va. 2001). There, as in *Savalle*, the drug manufacturer argued that federal jurisdiction was required under a preemption theory because its product, Oxycontin, was subject to the FDCA. *Id.* at 792-793. The district

---

over 28 U.S.C. §1875, a federal jury service statute). Since the Plaintiffs' Complaint does not bring a FDCA count, and since even if they had, FDCA is not restricted to federal courts for dispute resolution, no federal question jurisdiction exists.

11

court concluded that the FDCA did not support a removal defense and "none of Plaintiff's state law claims are completely preempted by federal law so as to create federal jurisdiction and permit removal." *See also, Little v. Purdue Pharma., L.P.*, 227 F.Supp.2d 838, 857-858 (S.D. Oh. 2002) (defendant drug manufacturer's preemption and federal question removal arguments rejected; FDCA did not create rights plaintiffs sought to enforce: "It is not enough to merely argue, as Defendants do, that Congress intended to preempt state law claims touching on matters of pharmaceutical regulation.")

Significantly, federal appellate courts have reversed district courts which improvidently accept a defendant's flawed argument that "preemption" of state law claims is compelled by the existence of the FDCA (or other federal statutes governing public health). *Hurley v. Lederle Lab. Div. of American Cyanamid*, 863 F.2d 1173 (5th Cir. 1988) is one such case. There, the district court held that the FDCA and Public Health Service Act ("PHSA") preempted any state law claims based on the design or adequacy of warning relating to a vaccine. Citing the "great majority of United States district courts which have addressed this issue," the Fifth Circuit reversed preemption. Neither the FDCA nor the PHSA explicitly preempt state law, and "courts should be reluctant to find that federal law implicitly preempts state law." *Id.* at 1176. *See also, Pharmaceutical Soc. Of State of N.Y. v. Lefkowitz*, 586 F.2d 953, 958 (2nd Cir. 1978) (FDCA does not remove field of drug regulation from states; no federal preemption); *Martinkovic v. Wyeth Labs., Inc.*, 669 F.Supp. 212, 215 (N.D. Ill. 1987) (existence of federal Childhood Vaccine Injury Act does not preempt state tort claims against vaccine manufacturers); *Hernandez v. Coopervision, Inc.*, 691 So.2d 639 (Fla. 2d DCA 1997) (Florida appellate court holding that federal Medical Device Act did not preclude state

12

law tort claims arising out of defective contact lenses).[5]

### C.   Pfizer has already lost this exact same removal argument in a district court in Illinois, based on Supreme Court precedent holding that actions against drug manufacturers do not raise "federal questions" for removal purposes simply because federal guidelines are implicated in those state court cases.

In *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), consumers sued the drug manufacturer Merrell Dow on the theory that its violations of the FDCA constituted state law negligence. The manufacturer sought removal to federal court, and the "question presented" was whether the incorporation of a federal standard in a state law action converted the state law claim into a federal one. Id. at 805. The Supreme Court's answer to that question was a resounding "no." *Id.* The manufacturer's argument that the action was "founded, in part, on an alleged claim arising under the laws of the United States" was rejected. *Id.* at 806. Citing its prior ruling in *Franchise Tax Board*, the Supreme Court in *Merrell Dow* held that "jurisdiction may not be sustained on a theory that the plaintiff has not advanced. The party who brings a suit is master to decide what law he will rely upon." *Id.* at 809, n. 6.[6]

---

[5]

Even if the FDCA provided for a private cause of action or for concurrent jurisdiction (but it does not), removal would still be inappropriate. "When a state and federal court have concurrent [jurisdiction ]over the same parties and the same subject matter, the court in which jurisdiction first attached should determine the controversy and decide every issue properly raised in the case before it. ... Allowing [the defendants] to manipulate the state and federal courts' concurrent[ jurisdiction] to deny Petitioners a timely trial on the merits of their state court action constitutes a miscarriage of justice." *Malloy v. Gunster, Yoakley, et al.*, 850 So.2d 578, 851 (Fla. 2d DCA 2003) (citations omitted). *See also, Shooster v. BT Orlando Ltd. Partnership*, 766 So.2d 1114, 1116 (Fla. 5th DCA 2000) ("Where a state and federal court have concurrent jurisdiction over the same parties or privies and the same subject matter, the tribunal where jurisdiction first attaches retains jurisdiction exclusively and will be left to determine the controversy and to fully perform and exhaust its jurisdiction and to decide every issue or question properly arising in the case.")

[6]

It was for that reason that federal jurisdiction was lacking in *Franchise Tax Board* even though "the central issue presented in that case turned on the meaning of [an ERISA provision]". *Id.* at 809, citing 463 U.S. at 9.

13

This Court's decision should be guided by the Supreme Court's ruling in *Merrell Dow*, and by the ruling in the Northern District of Illinois in *Rubel v. Pfizer, Inc.*, 276 F.Supp.2d 904 (N.D. Ill. 2003), appeal dismissed 361 F.3d 1016 (7th Cir. 2004). There, Pfizer's removal effort in a Neurontin-based case also failed. The facts are similar to this case.

In *Rubel*, the plaintiff sued Pfizer under the Illinois Consumer Fraud and Deceptive Businesses Practices Act, arising out of "off-label" uses of the drug Neurontin. 276 F.Supp.2d at 905. In this case, the Plaintiff has also sued Pfizer under Florida's Unfair and Deceptive Trade Practices Act, for "off-label" promotion of Neurontin. *See generally* complaint, esp. paragraphs 105-116 (FDUTPA allegations).

Pfizer argued in *Rubel*, as it posits here, that federal question and diversity jurisdiction existed. The district court in *Rubel* disagreed and remanded the action, citing both *Merrell Dow* and *Caterpillar's* "well-pleaded complaint" rule, rejecting Pfizer's "federal question" and "diversity jurisdiction" arguments. *Id.* at 906-908. That decision was left intact by a 7th Circuit decision earlier in 2004, despite Pfizer's attempt to appeal the remand ruling. 361 F.3d 1016.

This Court should do as the Supreme Court did in *Merrell Dow* and as the district court did in *Rubel, supra,* and reject Pfizer's federal question and diversity jurisdiction arguments.

## III.    **DIVERSITY JURISDICTION DOES NOT EXIST BECAUSE THE AMOUNT IN CONTROVERSY IS LACKING.**

The Plaintiffs, exercising their rights under the Supreme Court's "well-pleaded

14

complaint" rule, included the following allegation in their Complaint:

> 18. Federal court subject matter jurisdiction over this class action and representative action does not exist. Plaintiffs and Class members do not assert any federal claims in the prosecution of this lawsuit. Plaintiffs and the Class members seek relief as provided by Florida law only. Plaintiffs and each member of the Class have individually incurred damages under the laws of Florida in an amount less than $75,000. Neither the Plaintiffs, nor any member of the Class, seeks damages exceeding $75,000, nor do their damages individually exceed $75,000, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder. Neither Plaintiffs, nor any of the Class members, seeks any form of "common" recovery, but rather individual recoveries not to exceed $75,000 for any Class member, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder. Plaintiffs and the Class members voluntarily limit their claims to less than $75,000 each. Under applicable federal law, counterclaims, damages, punitive damages, attorneys' fees and costs cannot be aggregated to meet the minimum jurisdictional amount for federal court subject matter jurisdiction. Plaintiff asserts no federal question and/or violations of federal law.

The Supreme Court has held that separate and distinct claims raised by different plaintiffs may <u>not</u> be aggregated to satisfy the jurisdictional amount in controversy, a rule that applies to class action cases. *Snyder v. Harris*, 394 U.S. 332, 338 (1969). As alleged in paragraph 18 of the complaint, <u>none</u> of the Plaintiffs in this case meets the required $75,000 threshold for diversity jurisdiction. That is because the relief sought is the money the Plaintiffs have paid for off-label uses of Neurontin -- money they would not have spent but for the conduct complained of. *See, e.g.*, Complaint at paragraphs 113 and 118. Not surprisingly, no individual plaintiff paid more than $75,000 for their Neurontin prescription. Consequently, none of the plaintiffs seek recovery in excess of $75,000.[7]

---

[7]

The relief sought in this case is therefore unlike a scenario where, for instance, a plaintiff might claim personal injury arising out of the use of Neurontin, which could conceivably lead to damages in excess of

15

A defendant seeking removal bears the burden of proving that the amount sought exceeds the jurisdictional requirement for diversity. As stated in *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002): "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *See also, Howard v. Globe Life Ins. Co.*, 973 F.Supp. 1412, 1415 (N.D. Fla. 1996) (same). In cases where no single plaintiff's claim meets that jurisdictional threshold, the non-aggregation rule still applies. A federal court (which must narrowly construe the removal statutes, *Leonard v. Enterprise Rent-a-Car*, 279 F.2d 967, 972 (11th Cir. 2002)), cannot assert diversity jurisdiction over any plaintiff's claims if at least one plaintiff does not meet the threshold amount. *Howard* at 1416.

The Court would be faced with a different question if any single Plaintiff met the $75,000 in damages requirement. That situation that does not exist here. Because no single Plaintiff seeks in excess of the jurisdictional threshold (*See* Complaint Paragraph at 18), the Court need not enter into a hypothetical and unnecessary analysis of supplemental jurisdiction under 28 U.S.C. 1367. [8]

---

$75,000. These Plaintiffs merely seek restoration of their money spent on prescriptions. What any other named plaintiff in any other suit against Pfizer is seeking, moreover, is irrelevant; by filing a separate action, those other plaintiffs have effectively opted out of this case by pursuing their own remedies, and because a double recovery would not be permitted.

[8]

Prior to the 1990 enactment of the supplemental jurisdiction statute, the Supreme Court had held that jurisdiction could <u>not</u> be exercised over the claims of any class members not satisfying the statutory amount in controversy. *Zahn v. Int'l Paper Co.*, 414 U.S. 21 (1973). The Circuit Courts subsequently split on the issue of whether the statute implicitly overruled *Zahn*, and in 2003, the Eleventh Circuit held that it did. *Allapattah Serv., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1254 (11th Cir. 2003), reh. denied 362 F.3d 739 (11th Cir. 2004). The fact remains, however, that for original diversity jurisdiction to exist, at least one individual class member must still first satisfy the amount in controversy requirement. 333 F.3d at 1255.

16

Any suggestion by Pfizer that the $75,000 jurisdictional minimum no longer exists is unsupported in the law. Seventy five thousand (75,000) plaintiffs with a claim of $1 each, for instance, could not "aggregate" their collective claims to bypass the jurisdictional threshold.[9] *Howard, supra; See also, Mehlenbacher v. Akzo Novel Salt, Inc.,* 216 F.3d 291, 298 (2nd Cir. 2000) (at least one plaintiff would have to satisfy the jurisdictional amount in controversy required for diversity; "absent such a threshold showing, no issue of supplemental jurisdiction is currently presented.")

The amount in controversy is not satisfied in this case for any plaintiff. Because no diversity jurisdiction exists, no supplemental jurisdiction can exist either.

## IV.    THE PLAINTIFFS SHOULD BE AWARDED THEIR FEES AND COSTS.

An order remanding a case back to state court may award payment of costs and expenses, which includes attorneys' fees, to the party objecting to removal. 28 U.S.C. §1447(c). The Plaintiffs should be awarded their costs and fees because Pfizer's removal effort was clearly unsupported by the removal statutes and the case law interpreting those

---

That requirement is not met here because no named representative, and no absent class member, seeks damages in excess of $75,000. Even if diversity jurisdiction existed (but it does not, because the $75,000 amount in controversy is not met for any individual plaintiff, as set forth in the Complaint) the Court could still decline to exercise it if the claims raised a "novel or complex issue of State law" or if "the [state law] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *See* 28 U.S.C. §1367(c)(1) and (2).

[9]

Allowing the amount in controversy to be bypassed in that way would lead to a vast and unwarranted expansion of federal jurisdiction over class actions. If Pfizer's suggestion that the amount in controversy could be satisfied through mere aggregation were correct, federal jurisdiction could be forced over a state court plaintiff through removal any time the collective claims of all plaintiffs totaled $75,000. This is not the law, nor should it be; it would render the $75,000 threshold moot in class claims, while individual claims on identical theories would have to remain in state court, an arbitrary result.

17

statutes, such as *Rubel*, *supra*.

An award of costs does not, significantly, require the Court to find that Pfizer acted improperly. In *Liebig v. DeJoy*, 814 F.Supp. 1074, 1077 (M.D. Fla. 1993) a district court interpreted this statute to conclude that a finding of bad faith was <u>not</u> a prerequisite to a fee and cost award. Rather, the intent of the statute is to reimburse plaintiffs who have incurred expenses in attacking improperly-filed removal applications. *See also*, *Gibson v. Tinkey*, 822 F.Supp. 347 (S.D. W.Va. 1993) (awarding the party seeking remand its fees, where the basis for removal was contrary to well-settled authority). The Plaintiffs should similarly be awarded their costs and fees based on *Rubel* and the other cases cited in this Motion.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that this Court issue an Order:

1.    GRANTING their Motion to Remand; and

2.    GRANTING their request for fees and costs against Pfizer and/or Pfizer's counsel in an amount to be determined.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided via regular U.S. Mail this 10th day of September 2004 to: Kenneth J. Reilly, Esq., Shook, Hardy & Bacon, Miami Center, Suite 2400, 201 South Biscayne Boulevard, Miami, Florida 33131-4332.

18

Respectfully submitted,

By: _____

Philip Freidin, Esq.
Fla. Bar No. 118519
T. Omar Malone, Esq.
Fla. Bar No. 697796
**FREIDIN & BROWN, P.A.**
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3100
Miami, Florida 33131
Telephone: (305) 371-3666
Facsimile: (305) 371-6725

Guy M. Burns, Esq.
Fla. Bar No. 160901
Jonathan S. Coleman, Esq.
Fla. Bar No. 797480
**JOHNSON, POPE, BOKOR,**
**RUPPEL & BURNS, L.L.P.**
100 N. Tampa Street, Suite 1800
Tampa, FL 33601-1100
Telephone: (813) 225-2500
Facsimile: (813) 223-7118

Randy Rosenblum, Esq.
Fla. Bar No. 0983527
**ROSENBLUM & ROSENBLUM, P.A.**
700 South Andrews Avenue, Suite 200
Fort Lauderdale, Florida 33316
Telephone: (954) 524.9944
Facsimile: (954) 524-6664

Andrew B. Sacks, Esquire
John K. Weston, Esquire
Julie C. Parker, Esquire
**SACKS & WESTON**
510 Walnut Street, Suite 400
Philadelphia, Pennsylvania 19106
Telephone:(215) 925-8200

Counsel for Plaintiffs

19