IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY CLARK, individually and on behalf of others similarly situated, | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PFIZER INC. and WARNER-LAMBERT COMPANY LLC, | : | |
| Defendants. | : | No. 04-3354 |

### MEMORANDUM AND ORDER

**Schiller, J.**                                                                                                                   **September 7, 2004**

On July 16, 2004, pursuant to 28 U.S.C. § 1441, Defendants Pfizer Inc. and Warner-Lambert Co. LLC removed this case from the Court of Common Pleas of Philadelphia County, Pennsylvania to this Court asserting federal diversity jurisdiction under 28 U.S.C § 1332. Presently before this Court is Plaintiff's motion to remand and Defendants' motion to stay pending transfer by the Judicial Panel on Multidistrict Litigation ("JPML").[1] For the following reasons, Plaintiff's motion is granted and Defendants' motion is denied as moot.

### I.   BACKGROUND

Plaintiff filed this action on behalf of himself and others similarly situated alleging that Defendants violated various state laws by improperly marketing the prescription drug Neurontin. In

---

[1] There are currently at least thirty-one cases in seventeen federal districts asserting claims against Defendants for improper marketing and sales of Neurontin. Motions to transfer and consolidate the pending Neurontin litigation are pending before the JPML and a hearing is expected to be held in September 2004. Defendants represent that the instant action has been identified as a "related action" and may be subject to a transfer motion if the actions before the JPML are consolidated and transferred to one MDL court. (Defs.' Mot. to Stay at 2, 5.)



his jurisdictional allegations, Plaintiff avers that:

> Plaintiff and the class members do not assert any federal claims in the prosecution of this litigation. Plaintiff and the class members seek relief as provided by Pennsylvania, and not federal, law. Plaintiff and each member of the class have individually incurred damages under the laws of Pennsylvania in an amount less than $75,000. Neither the plaintiff, nor any member of the class, seeks damages exceeding $75,000, nor do their damages individually exceed $75,000, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder. Neither Plaintiff, nor any of the class members, seeks any form of 'common' recovery, but rather individual recoveries not to exceed $75,000 for any class member, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder. Plaintiff and the class members voluntarily limit their claims to less than $75,000 each.

(Compl. ¶ 10.)

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant in state court may remove the action to a federal forum if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a) (2004). Federal district courts have original jurisdiction over all civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1) (2004). The burden of demonstrating the existence of federal jurisdiction rests with the defendant, *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), and the defendant's right to remove is determined according to the plaintiff's pleading at the time of the petition for removal, *Angus v. Shiley*, 989 F.2d 142, 145 (3d Cir. 1993).

In considering a motion to remand, "28 U.S.C. § 1441 is to be strictly construed against removal so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (internal citation omitted); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of

jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). "This policy 'has always been rigorously enforced by the courts.'" *Samuel-Bassett*, 357 F.3d at 396 (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Therefore, if the court determines that federal subject matter does not exist, the case must be remanded. 28 U.S.C. § 1447(c) (2004).

## III. DISCUSSION

This Court begins with the threshold issue of its own jurisdiction, the resolution of which obviates the need to consider Defendants' motion for a stay. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (*citing Ex parte McCardle*, 74 U.S. 506, 514 (1868)); *Craft v. United Ins. Co. of Am.*, No. Civ. A. 4:01CV339LN, 2002 WL 32509283, at *1 (S.D. Miss. Jan. 17, 2002) (noting that most often "motions to remand are [to] be considered prior to disposing of motions to stay pending MDL transfer"); *cf. Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1047 (E.D. Wis. 2001) (choosing to address jurisdiction before motion to stay but noting that "[n]either *McCardle* nor *Steel Co.* requires resolving jurisdictional matters before considering whether to grant a stay motion"). The parties agree that diversity of citizenship is present and that the action was timely removed. Therefore, the only dispute concerns the required amount in controversy. Plaintiff argues that because the Complaint explicitly limits damages below the jurisdictional threshold, the case should be remanded. Defendants respond that jurisdiction is present

because Plaintiffs may nonetheless recover more than $75,000.00.

The rule for determining if a case meets the amount in controversy requirement is whether "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *Samuel-Bassett*, 357 F.3d at 397 (*citing St. Paul Mercury*, 303 U.S. at 289). The court must resolve any factual disputes that are involved in this determination by a preponderance of the evidence standard. *Id.* at 398. Thus, Defendant must show to a legal certainty that the amount in controversy exceeds the statutory minimum.[2] *See id.* ("We recognize that requiring a defendant to show to a legal certainty that the amount in controversy exceeds the statutory minimum may lead to somewhat bizarre situations.")

The principle that a plaintiff may avoid federal jurisdiction by limiting his damage claim follows from dictum in the Supreme Court case *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). In *St. Paul Mercury*, the plaintiff sought remand after amending his complaint to allege damages below the federal jurisdictional amount. The Supreme Court held that the jurisdictional amount is determined from the face of the complaint at the time of removal. *Id.* at 291. Therefore, the plaintiff could not attempt to defeat jurisdiction by amending his pleadings post-removal. Importantly, however, the Supreme Court noted: "If [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *Id.* at 294; *see also* 46 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE

---

[2] For purposes of diversity jurisdiction, individual class members' damages are not aggregated. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002).

AND PROCEDURE § 3702 (3d ed. 2004) ("Under well-settled principles, the plaintiff is the master of his or her claim; if the plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.").

The Third Circuit's discussion of this precise issue is also limited to dicta. In *Angus v. Shiley*, the Third Circuit held that the plaintiff's complaint, which sought damages of "at least $40,000," was properly removed based upon the district court's independent assessment that the amount in controversy in fact exceeded the jurisdictional requirement, which was $50,000 at the time. 989 F.2d 142, 146 (3d Cir. 1993). In so holding, the Third Circuit explicitly noted that "the complaint does not limit its request for damages to a precise monetary amount." *Id.* at 146. In a footnote, the Third Circuit stated that such a situation would present a different legal issue and noted that "[i]t is possible that the determination of whether remand would be appropriate when damages of $50,000 or less are demanded would depend in part on whether under state law the plaintiff is limited to the damages claimed." *Id.* at 146 n.4.

In the wake of *Angus*, there is some disagreement among the federal district courts regarding the import of a plaintiff's limitations on damages in a diversity case arising under Pennsylvania law. A review of the cases suggests that the source of this disagreement concerns whether the plaintiff is bound by his self-limitation. Under Pennsylvania state court procedural rules, a plaintiff is not limited to the amount of damages pled in the ad damnum clause of his complaint. *See Feldman v. N.Y. Life Ins. Co.*, No. Civ. A. 97-4684, 1998 WL 94800, at *6, 1998 U.S. Dist. LEXIS 2302, at *15 (E.D. Pa. Mar. 4, 1998) ("Pennsylvania . . . procedural rules . . . permit a plaintiff to receive whatever amount of damages justice requires, rendering such self-limitation a mere formality of pleading."). Accordingly, some lower courts have held that a plaintiff's ad damnum clause which requests

5

damages "not in excess of $75,000" would not, in itself, necessitate remand. *Id.; see also Chaparro v. State Farm Ins. Co.*, Civ. A. No. 99-2063, 1999 WL 961035, at *2, 1999 U.S. Dist. LEXIS 16428, at *6 (E.D. Pa. Oct. 12, 1999) ("[B]ecause the ad damnum clause is not binding, it is not obvious whether the suit involves the threshold amount."). Other courts, however, have held that if the plaintiff is bound by his self-limitation, remand is appropriate. *See James v. Elec. Data Sys. Corp.*, No. Civ. A. 98-1583, 1998 WL 404817, at *4, 1998 U.S. Dist. LEXIS 10456, at *10 (E.D. Pa. July 16, 1998) ("Plaintiff is estopped from claiming upon remand that her damages exceed the jurisdictional limit."); *see also Corwin Jeep Sales & Serv., Inc. v. Am. Motors Sales Corp.*, 670 F. Supp. 591, 596 (M.D. Pa. 1986) ("As the plaintiff is considered to be 'the master of his or her claim,' he may insulate a case from removal by waiving a portion of his damages and asking for less than the jurisdictional amount.") (*citing* WRIGHT, MILLER & COOPER).

In the instant case, Plaintiff's limitation of damages is not a mere formality of pleading. Plaintiff has stipulated, on behalf of himself and the uncertified class, that he will "voluntarily limit" his recovery to under $75,000. Furthermore, on August 12, 2004, Plaintiff's counsel orally represented to this Court that Plaintiff will not accept any recovery above $75,000. Upon remand, Plaintiff will be held to this voluntary limitation. *See Nasim v. Shamrock Welding Supply Co.*, 563 A.2d 1266, 1267 (Pa. Super. Ct. 1989) ("A principal element of a judicial admission is that the fact has been admitted for the advantage of the admitting party, and consequently, a judicial admission cannot be subsequently contradicted by the party that made it."). Accordingly, given Plaintiff's binding limitation, and the fact that § 1441 is to be "strictly construed against removal," this Court finds that there is no federal subject matter jurisdiction over this action. *Samuel-Bassett*, 357 F.3d at 396.

## IV.  CONCLUSION

Because this Court has determined that federal subject matter jurisdiction is lacking, Defendant's motion to stay proceedings pending transfer by the JPML is denied as moot. This case is remanded to the Court of Common Pleas of Philadelphia County, Pennsylvania. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY CLARK, individually and on behalf of others similarly situated,<br>   Plaintiffs, | : <br> : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| PFIZER INC. and WARNER-LAMBERT COMPANY LLC,<br>   Defendants. | : <br> : <br> : | No. 04-3354 |

## ORDER

AND NOW, this 7th day of September, 2004, upon consideration of Plaintiff Gregory Clark's Motion to Remand, Defendants' Motion to Stay Pending Transfer by the Judicial Panel on Multidistrict Litigation, all responses thereto and replies thereon, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Remand (Document No. 2) is **GRANTED**. Accordingly, this case is **REMANDED** to the Philadelphia County Court of Common Pleas.

2. Defendants' Motion to Stay Pending Transfer by the Judicial Panel on Multidistrict Litigation (Document No. 4) is **DENIED** as **moot**.

3. The Clerk of Court is directed to close this case for statistical purposes.

BY THE COURT:

_____
Berle M. Schiller, J.