# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-8013

PFIZER, INC.,

*Petitioner,*

v.

RICKY LOTT, *et al.*, individually and
on behalf of all others similarly situated,

*Respondents.*

Petition for Leave to Appeal from the
United States District Court for
the Southern District of Illinois.
No. 05-cv-230-MJR—**Michael J. Reagan**, *Judge.*

SUBMITTED JULY 14, 2005—DECIDED AUGUST 4, 2005

Before BAUER, POSNER, and WOOD, *Circuit Judges.*

POSNER, *Circuit Judge.* Pfizer, sued in a class action in an Illinois state court, removed the suit to federal district court, which remanded it to the state court on the ground that there was no federal jurisdiction. The suit charged Pfizer with having overcharged for two drugs in violation of state consumer-protection law. There was no federal claim, and so the only possible basis of federal jurisdiction was diver-

EXHIBIT 7

2                                                                                    No. 05-8013

sity of citizenship. The named plaintiffs stipulated that they would not seek or even accept damages in excess of $75,000, and while the stipulation would not bind the other members of the class, *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002), the likelihood that any purchaser of either drug had damages in excess of $75,000 was sufficiently remote (*In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir. 1997); see also *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000)) to cast on Pfizer the burden of presenting some evidence or argument to establish the plausibility of an inference that at least one member of the class could cross the $75,000 threshold, *American Bankers Life Assurance Co. v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003), which would establish jurisdiction over the entire class. *Exxon Mobil Corp. v. Allapattah Service, Inc.*, 125 S. Ct. 2611 (2005).

But Pfizer had another string to its bow. The Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4, provides that the minimum amount in controversy is satisfied if the *aggregate* stakes in a class action exceed $5 million, as it plainly does in this case. The rub is that the suit was filed in the state court the day before the Act was enacted, although the complaint was served afterwards and the suit was removed to the federal district court within the 30 days that are permitted for removing from state court a suit that is within the jurisdiction of the federal courts. 28 U.S.C. § 1446(b). The Class Action Fairness Act is applicable only to suits "commenced on or after" the date of enactment, and the district judge ruled that this meant the date on which the suit was filed in the state court, not the date of removal. Pfizer asks us to permit it to appeal from this determination. Fed. R. App. P. 5, 27. Although remands to state court are ordinarily nonappealable, the new Act makes an exception for remands of suits removed under it. 28 U.S.C. § 1453(c).

No. 05-8013 3

We are tempted to deny the petition with just a citation to *Knudsen v. Liberty Mutual Ins. Co.*, 411 F.3d 805 (7th Cir. 2005), which holds (following *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232 (10th Cir. 2005), the only other appellate case to address the issue), that "commenced" indeed means "filed" rather than "removed." But as Pfizer points out, there is a difference between the present case on the one hand and *Knudsen* and *Pritchett* on the other. In *Knudsen* the suit had been filed five years, and in *Pritchett* two years, before removal. The ordinary deadline for removal is 30 days, as we said, though there is an exception for cases in which removal doesn't become possible until later, 28 U.S.C. § 1446(b); *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782 (7th Cir. 1999), and the defendants pointed out that removal first became possible when the Class Action Fairness Act was passed. If that argument for removal prevailed, then as we noted in *Knudsen* the Act would have a dramatic retroactive effect. In contrast, removal here occurred within the 30-day deadline.

Nevertheless we think *Knudsen* and *Pritchett* should govern this case as well. While it is true that the proceeding in federal court was "commenced" by the filing of the removal petition, that filing was not the beginning of the suit. For what was removed was the suit that had been brought in the Illinois state court, and under Illinois law the filing of the complaint had "commenced" the suit. 735 ILCS 5/2-201; *Kohlhaas v. Morse*, 183 N.E.2d 16, 19 (Ill. App. 1962). Nothing changed except the forum. The principle is recognized in decisions involving the transfer of cases that were filed in the wrong forum initially; the transfer does not commence a new suit for purposes of deciding whether the suit is timely. E.g., *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). Moreover, were Pfizer's reading adopted, we would have to rewrite the statute in order to create an exception for

4                                          No. 05-8013

cases such as *Knudsen* and *Pritchett* in which the removed suit had been filed more than 30 days before removal. That necessity suggests that Pfizer's reading is incorrect. The injustice of which it complains is not so great as to justify radical judicial surgery on the statute.

This is not to belittle Pfizer's indignation at the plaintiffs' having beat the statute by one day, but their gamesmanship actually hurts its argument. Pharmaceutical and other companies that pressed for the enactment of the Class Action Fairness Act were doubtless acutely aware, as the bill that became the statute was wending its way through Congress en route to enactment, that the prospect of its enactment would spur the class action bar to accelerate the filing of state-law class actions in state courts. Doubtless the companies made their concerns known to Congress. The fact that Congress did not respond by writing "removed" (or "removed after the date of enactment but within 30 days of the original filing") instead of "commenced" is telling.

The petition to appeal is

                                                                 DENIED.

No. 05-8013 5

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*

6                            No. 05-8013