UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: NEURONTIN MARKETING    )
AND SALES PRACTICES           )    **IN RE: MDL DOCKET NO. 1629**
                              )    Lead Case No.: 04-cv-10981
_____/

### DECLARATION OF T. OMAR MALONE, ESQ.

1          My name is T. Omar Malone. I am an attorney licensed to practice law in the State of Florida. The statements made in this Declaration are of my own personal knowledge.

2          I am one of the Plaintiffs' lead counsel in a case filed on August 4, 2005 in Dade County, Florida Circuit Court, styled <u>Medero et al. v. Pfizer, Inc.</u>, which was assigned Case No. 04-17021-CA-32. The <u>Medero</u> complaint is based exclusively on Florida law, it reflects complete diversity between the parties, and it contains no federal causes of action giving rise to federal question jurisdiction.

3          The <u>Medero</u> complaint is filed on behalf of a class consisting of all persons and entities in Florida who purchased the prescription drug Neurontin. It specifically alleges, at ¶18, that federal jurisdiction does not exist, and that each class member seeks damages of *less* than $75,000.

4          Defendant Pfizer, on September 7, 2004, filed a Notice of Removal with the United States District Court for the Southern District of Florida, where the case was assigned Case No. 04-22228-civ-Seitz.

5          The plaintiffs promptly filed, on September 10, 2004, a Motion to Remand the <u>Medero</u> action back to Florida state court, on the basis that federal jurisdiction is lacking.

6        The Southern District of Florida never ruled on the Plaintiffs' September 10, 2004 Motion to Remand.

7        The Medero plaintiffs, after waiting months for the Southern District of Florida to rule on their long-pending Motion to Remand, investigated the status of the case. I personally did a "PACER" search during the month of July, 2005, and learned that a Multi-District Litigation Panel Conditional Transfer Order was issued in the Fall, 2004, following which the Southern District Clerk transferred the case file to the District of Masachussetts.

8        I have personally reviewed and investigated the files of the Medero lead Plaintiffs' counsel, and I can represent that we were never served with the MDL Conditional Transfer Order, never served with any correspondence between the clerk's office of the tranferee and tranferor Courts and never notified of the subsequent transfer of the case from the Southern District of Florida to the District of Massachussetts (which also occurred in the Fall of 2004).

I declare under penalty of perjury that the foregoing statements are true.


Dated: AUGUST 12, 2005

/S/ T. OMAR MALONE
T. OMAR MALONE, ESQ.

96372v1