UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: MEDERO et al. v. PFIZER INC., et al., No. 1:04-cv-12616-PBS | Judge Patti B. Saris Magistrate Judge Leo T. Sorokin |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION REQUESTING A "SUGGESTION OF REMAND" IN MEDERO V. PFIZER**

**INTRODUCTION**

Plaintiffs Ana Medero and Shirley Levin (collectively "plaintiffs") move for a "suggestion of remand" on the grounds that (i) they did not receive notice of the conditional transfer of this action from the Judicial Panel on Multidistrict Litigation, and (ii) this Court does not have subject matter jurisdiction of their claims. Neither of these arguments has any merit or is procedurally appropriate for resolution by this Court at this time.

Plaintiffs ask the Court to enter an order that would, in effect, reverse the November 19, 2004 order of the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") transferring their case from the United States District Court for the Southern District of Florida to this Court. The purported reason plaintiffs proffer for this extraordinary and unprecedented relief is that they say they were not given notice by the Panel in time to object to the Panel's conditional transfer order. This argument should be addressed to the Panel (at least in the first instance) and not this Court. In any event, the lack of notice argument is meritless in light of the fact that the docket

sheet in the U.S. District Court in the Southern District of Florida clearly indicated eight months before plaintiffs brought their motion that (i) the MDL Panel had ordered transfer of the action to this Court and (ii) the case was closed in the Southern District of Florida. Plaintiffs' counsel had an obvious obligation to check the docket and their failure to do so is inexcusable. This is especially true given that numerous filings of which they were indisputably aware indicated that transfer to the MDL was imminent. Among those filings was a joint motion in which plaintiffs and defendants asked, *inter alia*, that the Southern District of Florida stay the action pending transfer to the MDL or remand.

Even if this Court were to address the underlying issue of whether transfer by the Panel was appropriate, it is clear that the Panel properly transferred the action. In fact, plaintiffs do not and cannot identify a single reason why the Panel's transfer of plaintiffs' complaint – whose allegations mirrored those of actions already in the MDL – lacked an adequate basis.

Plaintiffs also argue that this Court should issue a "suggestion of remand" "so that they can subsequently seek from the MDL Judicial Panel a definitive order remanding their case back to Florida state court." Plaintiffs' Motion Requesting a "Suggestion of Remand" (hereafter "Pls. Mot.") at 1. This argument is also improper procedurally. Panel Rule 7.6 has nothing to do with remand based on subject matter jurisdiction; it relates to remands when pretrial proceedings in the transferee court have been completed and a case is ripe for remand to the transferor court for trial. In fact, the Panel does not make determinations as to subject matter jurisdiction as requested by plaintiffs.

To the extent plaintiffs seek a jurisdictional determination from this Court – an issue that is not ripe for resolution – they are ignoring the fact that by operation of this Court's case management order, plaintiffs' action is governed by the Amended Class Action Complaint.

There can be no question that federal subject matter jurisdiction exists with respect to that complaint. (There is also federal jurisdiction over plaintiffs' superseded initial complaint.)

For these reasons, and as set forth more fully below, plaintiffs' motion should be denied.

## PROCEDURAL BACKGROUND

Plaintiffs filed their class action complaint on August 5, 2004 in state court in Florida. Defendants timely removed the action on September 7, 2004 to the Southern District of Florida on the grounds of federal question and diversity jurisdiction. Plaintiffs filed a motion to remand on September 10, 2004. On September 14, 2004, the parties jointly submitted a motion to stay the action pending either transfer to the MDL or remand to state court. On October 6, 2004, defendants filed an opposition to the motion to remand and, at the same time, filed a stay of any decision on the remand motion pending transfer to the MDL. On October 27, 2004, defendants sent a letter to the JPML identifying plaintiffs' action as a potential tag-along action and requesting transfer to the MDL. Plaintiffs were notified of each of these developments, and they do not argue otherwise. See Defendants' Motion to Stay, dated Oct. 6, 2004, attached hereto as Exhibit ("Ex.") A; Letter from James P. Rouhadeh to Michael Beck, Clerk of the Panel, dated Oct. 27, 2004, at Exhibit B to Defendants' Notice of Entry of Transfer Order, dated Nov. 18, 2004, attached hereto as Ex. B.

Plaintiffs were also provided notice of defendants' November 18, 2004 Notice of Entry of Transfer Order which was submitted to the Southern District of Florida. That notice stated that plaintiffs' action was "identified as a tag-along in correspondence to the Judicial Panel on Multidistrict Litigation." Ex. B. Attached to the Notice of Entry was the Panel's order establishing In re Neurontin Marketing and Sales Practice Litigation, MDL 1629. Within that order, the Panel noted that it had been notified of "additional related actions" recently filed in

several district courts, including the Southern District of Florida. Transfer Order, dated Oct. 26, 2004, at Exhibit A to Defendants' Notice of Entry, attached hereto as Ex. B. The order stated: "In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions." Id.

The Panel's Conditional Transfer Order 1, dated November 19, 2004, listed plaintiffs' action as a tag-along and ordered that it be conditionally transferred to this Court.[1] That order was entered on the docket in the Southern District of Florida on December 13, 2004. See Civil Docket for Case No. 04-CV-22228, Southern District of Florida, as of Feb. 19, 2005, attached hereto as Ex. C. The Southern District of Florida also noted on the docket that the case was "closed" on December 13, 2004. Id.

On December 16, 2004 Judge Saris issued a Case Management Order ("CMO") directing the incorporation of tag-along actions into the consolidated proceeding. The December CMO also authorized the filing of an amended consolidated class action complaint which would become the operative complaint for any and all actions previously or subsequently transferred to the District of Massachusetts. An Amended Class Action Complaint was filed on February 1, 2005 alleging claims, *inter alia*, under the federal Racketeer Influenced and Corrupt Organizations Act.

## ARGUMENT

### A.   Plaintiffs' Notice Argument is Fatally Flawed

Plaintiffs argue that transfer to the MDL was improper because their counsel received neither the November 19 Conditional Transfer Order ("CTO") nor notice that the case file had

---

[1] Conditional transfer orders are issued for tag-along actions (defined by Panel Rule 1.1 as those actions "involving common questions of fact with actions previously transferred") by the Panel in accordance with Panel Rule 7.4. These orders are stayed for 15 days to allow for opposition, after which time they become effective when filed by the clerk of the transferee court. See Panel Rule 7.4(a)(f).

been transferred to this Court. Pls. Mot. at 2. As an initial matter, plaintiffs do not attempt, however, to establish grounds that the Panel's transfer order was flawed and requires reversal. Plaintiffs do not devote a single sentence to arguing that their action was not a proper candidate for transfer to the MDL. The explanation for this is simple enough: there is no reason why plaintiffs' original complaint – which contained allegations virtually identical to those made in many of the actions that had preceded it in the MDL – should not have been transferred. Even a cursory glance at plaintiffs' complaint reveals the extensive similarities to the allegations of any number of other complaints in the MDL. Given that all of these cases grew out of a prior litigation, namely <u>Franklin ex rel. United States v. Parke-Davis</u>, No. 96-11651-PBS (D. Mass.), this is hardly surprising. The basis for transfer by the Panel was sound and, therefore, the relief sought by plaintiffs is not merited.

Undaunted by the lack of any substantive argument regarding the propriety of the Panel's transfer of this action to the MDL, plaintiffs hang their hat on a tenuous procedural argument. Plaintiffs argue for a suggestion of remand because their counsel "only recently learned" that they had not been served with the CTO. Pls. Mot. at 2. This argument borders on the frivolous and should be rejected.

First, although not mentioned by plaintiffs in their motion, plaintiffs' counsel had ample notice that defendants intended to seek transfer to the MDL. Indeed, plaintiffs submitted a joint motion to stay the case – which is inexplicably omitted from plaintiffs' numerous exhibits – requesting that the Southern District of Florida stay the action pending one of two events: transfer to the MDL or remand to state court. <u>See</u> Joint Motion to Stay, dated Sept. 14, 2004, attached hereto as Ex. D. Second, plaintiffs did not provide the Court with defendants' October 27, 2004 tag-along letter (sent to plaintiffs' counsel) requesting transfer of the action to the

5

MDL. See Letter from James P. Rouhandeh to Michael J. Beck, Clerk of the Panel, at Exhibit B to Defendants' Notice of Entry of Transfer Order, dated Nov. 18, 2004, attached hereto as Ex. B. Third, plaintiffs fail to mention or include defendants' November 18, 2004 Notice of Entry of a Panel order, which noted that a Neurontin-related action had been filed in the Southern District of Florida and would be treated as a tag-along action. See Ex. B. Finally, the docket of the Southern District of Florida shows that plaintiffs' action was transferred to the MDL and had been "closed" as of December 13, 2004. See Ex. C.

Plaintiffs' counsel should not be rewarded for their laxity. Plaintiffs' counsel has admitted to neither lifting a finger to prosecute the action for more than eight months nor monitoring the case by checking the docket or placing a telephone call to chambers or the Panel.[2] Such conduct in no way affords plaintiffs a basis to reverse the Panel's transfer order.

### B. Plaintiffs' Jurisdictional Argument is Neither Procedurally Proper Nor Substantively Correct

Plaintiffs' request for a suggestion of remand is improper. Panel Rule 7.6 has nothing to do with remand to state court based on a contention that subject matter jurisdiction does not exist. The rule establishes the procedure by which some actions are returned to the transferor court for trial after the MDL court has completed pretrial proceedings. See In re Nat'l Centruy Fin. Enter., Inc. Fin. Inv. Litig., No. 2:03-md-1565, 2004 U.S. Dist. LEXIS 10605, * 6 (S.D. Ohio, March 25, 2004) ("Remand is inappropriate when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'") (quoting In re Heritage Bonds Litig., 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)). Where a case "will benefit from further coordinated proceedings

---

[2] Meanwhile, plaintiffs' interests have been diligently advanced in the MDL and plaintiffs have suffered no prejudice in having their action transferred by the Panel.

as part of the MDL," remand is not warranted. In re Bridgestone/Firestone, Inc., 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 1997). Pretrial litigation and discovery are not complete in this Court. In short, plaintiffs' jurisdictional argument regarding remand to state court has nothing to do with Rule 7.6. Moreover, even the type of remand actually contemplated by Rule 7.6 would not be proper here.

Plaintiffs' jurisdictional argument, to the extent they make one, also ignores the fact that their action is subject to the initial CMO in this action listing this case on Exhibit B as a case transferred subsequent to the establishment of the MDL. The Court ordered that the CMO "shall apply automatically to the MDL 1629 Cases and to all other cases that become part of this proceeding by virtue of being filed in, removed to, or transferred to this Court." CMO at 4-5. Taking into account the eventuality of a revised pleading, the Court ordered that "[a]ny consolidated class action complaint in the Class Action Cases shall apply to all pending class action cases and to any other cases subsequently filed, removed, or transferred to this Court as part of this proceeding." Id. at 10.

The operative complaint governing plaintiffs' claims is the Amended Class Action Complaint filed in the MDL on February 1, 2005. That complaint contains, *inter alia*, a claim under the federal RICO statute. That claim satisfied the Court's subject matter jurisdiction as it "arises from federal law." 28 U.S.C. § 1331. Plaintiffs are a party to the amended consolidated complaint. Therefore, this Court's jurisdiction over the case is not seriously in doubt.

Although the issue is not properly before the Court, there is also subject matter jurisdiction over this action on the basis of plaintiffs' original complaint. Defendants' opposition to plaintiffs' motion to remand was not even included as an exhibit to plaintiffs' motion for a "Suggestion of Remand." That opposition amply demonstrates that federal jurisdiction exists.

See Defendants' Opposition, dated Sept. 7, 2004, attached hereto at Ex. E. Defendants further note that were the Court to decide to review these briefs and to hear the prior motion to remand, notwithstanding the numerous procedural and substantive problems with plaintiffs' current motion, additional briefing would be necessary given, in part, the significant developments in the relevant case law in the last year.

## CONCLUSION

For all of the foregoing reasons, the Court should deny plaintiffs' motion.

Dated: September 16, 2005

DAVIS POLK & WARDWELL

By:   s/James P. Rouhandeh
      James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

HARE & CHAFFIN

By:   s/David B. Chaffin
      David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*
