# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 04-CV-22228-GOLD

FILED BY_____D.C.

2004 SEP 27 PM 3:53

CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

ANA MEDERO AND SHIRLEY LEVIN on )
behalf of themselves and all persons similarly )
situated, )
)
Plaintiffs, )
)
vs. )
)
PFIZER INC., WARNER LAMBERT )
COMPANY, LLC and PARKE-DAVIS, a )
division of Warner-Lambert-Company, )
)
Defendants. )
_____)

## DEFENDANTS' MOTION TO STAY CONSIDERATION OF MOTION TO REMAND PENDING TRANSFER TO MULTIDISTRICT PROCEEDING

Defendants Pfizer Inc and Warner-Lambert Company, LLC on its own behalf and on behalf of its unincorporated division Parke-Davis (collectively referred to hereinafter as "Defendants"), for the reasons set forth in the attached Memorandum of Law, respectfully request that the Court enter an Order staying any hearing or ruling on Plaintiffs' remand motion until the Judicial Panel on Multidistrict Litigation ("JPML") assigns a Court to oversee the *In re Neurontin Marketing and Sales Practice Litigation*, MDL Docket No. 1629, and determines whether this action should be transferred for consolidated or coordinated proceedings. (Attached as **Exhibit A**) The parties have already filed a joint motion to stay all other pretrial proceedings. *See* Joint Motion by the Parties to Stay Pleading & Discovery Deadlines Pending Transfer to MDL Court, or Alternatively, Pending Remand of Case to State Court. (Attached as **Exhibit B**)

1510400v1

The stay requested in this Motion will further promote judicial economy and uniformity. A proposed Order for the Court's consideration is attached as **Exhibit C**.

Pursuant to Local Rule 7.1(a)(3) of the Southern District of Florida Rules, the undersigned counsel certifies that he has conferred with Plaintiffs' counsel in a good faith attempt to resolve by agreement the issues raised by this motion, but was unsuccessful.

## MEMORANDUM OF LAW IN SUPPORT

Plaintiffs brought this action in the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida on or about August 5, 2004. Defendants timely removed the case on September 7, 2004. On September 14, 2004, the parties filed a joint motion to stay all pretrial proceedings, except with regard to consideration of the motion to remand, pending transfer to the MDL Court or remand to state court. Accordingly, the only pretrial matter that the parties have not agreed to stay is the Court's consideration of Plaintiffs' remand motion.[1]

This action is one of forty-one class actions filed during the past four months against Defendants alleging "off-label" marketing of the brand name prescription drug Neurontin.[2] These cases are pending in twenty-two federal districts asserting consumer-related causes of action. Eleven of these cases, including this case, were removed to federal, six of which, are currently subject to a motion to remand. The remaining thirty cases were originally filed in federal courts, including two cases currently pending in the Northern District of Florida, Pensacola Division, one of which was originally filed there. *See Hyman v. Pfizer, Inc., et al.,* Case No. 3:04-cv-00215-RV-MD (originally filed in federal court and assigned to Judge Vinson); *see also Eckenrode v. Pfizer Inc, et al,* Case No. 30:04-cv-00240-MCR-MD (removed

---

[1] Simultaneously with filing this motion to stay, Defendants are filing their brief in opposition to Plaintiffs' remand motion.
[2] Pfizer Inc acquired Warner-Lambert in 2000.

2

1510400v1

to federal court and assigned to Judge M. Casey Rodgers).[3] (Collectively attached as **Exhibit D**) To date, the *Eckenrode* court has stayed any ruling on Plaintiff's Motion to Remand.

Pursuant to 28 U.S.C. §1407, different groups of plaintiffs have filed several motions with the JPML requesting the JPML to transfer the Neurontin marketing actions to a transferee forum for coordinated and consolidated pretrial proceedings. *Id.* Neither Defendants nor any plaintiffs have opposed such motions. The JPML is scheduled to hear motions for centralization on September 30, 2004, and it is anticipated that an MDL Court will soon be established. *See* JPML Notice of 9/30/04 Hearing.[4]  (**Exhibit E**)

To insure consistency and uniformity as well as to conserve judicial resources, remand motions filed in the Neurontin actions should be decided at one time, in the single forum to be designated by the JPML. At present, more than thirty-five complaints have been filed against Defendants raising claims similar to those alleged by Plaintiff in this case. The remand motions filed in this and other cases are premised on largely identical legal arguments. Accordingly, Defendants respectfully request that the Court stay this action, including any ruling

---

[3] Both the *Hyman* and *Eckenrode* lawsuits raise similar factual allegations as the plaintiffs in this case. With the exception of the class period starting one year later than the *Hyman* and *Eckenrode* actions, this case seeks to certify an identical class as plaintiffs in the other two actions seek-- consisting of all persons and entities in Florida who purchased Neurontin after being prescribe the drug for off-label uses. *Hyman*, Second Am. Compl., ¶ 69; *Eckenrode*, First Am. Compl., ¶19; *Medero* Compl. ¶ 95. (Collectively attached as **Exhibit D**).

[4] On June 3 and 10, 2004, two motions were filed before the JPML to consolidate and transfer those actions involving Warner-Lambert's marketing of Neurontin. *ASEA/AFSCME Local 52 Health Benefits Trust and Brian Krah v. Pfizer, Inc.* and Warner-Lambert Company, No. 2:04-CV-02935-JAP-MCA, D.N.J.; *Emma Christina v. Pfizer, Inc.*, No. 04. Civ. 1450, (E.D. La.). The JPML titled the potential consolidated action *In re Neurontin Marketing and Sales Practices Litigation*, MDL Docket No. 1629. On July 12, 2004, Defendants filed a response to these motions and cross-moved for transfer to the United States District Court for the Southern District of New York, where Defendant Pfizer Inc. has its principal place of business. To date, 17 parties in separate actions have submitted responses to the JPML, all favoring consolidation of the Neurontin cases. Although the responses by these parties diverge as to their preferred location for the MDL, they are unanimous in their support of a single forum for the adjudication of proceedings for the Neurontin class actions.

3

1510400v1

on the remand motion pending transfer of this action so the MDL Court may decide this and other remand motions.

## ARGUMENT

The authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). It is well-established that the JPML has authority to transfer a case to an MDL Court despite the pendency of a motion to remand. *See Ivy*, 901 F.2d at 9. Furthermore, where similar jurisdictional issues have been raised in a number of actions subject to an MDL, courts have routinely stayed ruling on motions to remand so that the MDL Court can decide the motions on a consistent and uniform basis. *Id.*; *Jackson v. Johnson & Johnson, Inc.*, 2001 WL 34048067, at *2 (W.D. Tenn. Apr. 3, 2001) ("[f]ederal courts routinely defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case to the MDL Court"); *Johnson v. AMR Corp.*, 1996 WL 164415, at *4 (N.D. Ill. Apr. 3, 1996) (concluding that it is far better for the MDL Court, which has the advantage of "looking at the forest as well as the trees," to decide a jurisdictional question); *Tench*, 1999 WL 1044923, at *2 (granting stay notwithstanding a pending remand motion because the issue might arise again in other actions against the same defendant and "resolution . . . in a single forum will ensure consistency and avoid duplicative efforts"); *Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788, at *2 (E.D. La. Feb. 24, 1995) (granting a stay where a threshold issue of timeliness in bringing a products liability case involving asbestos "arises frequently" and "is likely to be common to other transferred cases").

In determining whether a stay is appropriate, courts consider judicial economy and efficiency as well as the risk of "inconsistent pretrial rulings." *See Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. Apr. 3, 1996). The courts also balance the relative hardships to each party in the event a stay is granted or denied. *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001.) These factors clearly support staying a decision on Plaintiffs' motion to remand pending transfer and consolidation of this case in an MDL forum.

A.   **A Stay Will Conserve the Resources of the Court and Litigants**

A stay pending transfer for consolidated or coordinated pretrial proceedings is warranted as a matter of judicial efficiency. Particularly when considered in the context of the JPML and the "multidistrict statutory scheme" created by Section 1407, a stay can avoid costly and duplicative efforts by courts and the parties. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *see also Rosenfeld v. Hartford Fire Ins. Co.*, 1988 WL 49065, at *1, 2 (S.D.N.Y. May 12, 1988) (granting stay).

The fact that an MDL court has not yet been selected does not detract from the appropriateness of a stay, especially where, as here, all of the relevant parties support the establishment of an MDL Court and is expected that an MDL Court will soon be established as the hearing will take place in just three days from filing of this motion. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (granting stay pending a motion to remand where an MDL court had not yet been designated).

A stay pending the designation of and transfer to the MDL court is likewise needed here. Similar motions to remand have been filed in several putative class action cases raising nearly identical claims in various jurisdictions. Consolidating a consideration of these motions before one court obviously would avoid the expense of duplicative judicial labor by

5

each of these courts to familiarize itself with the files, review the motions and briefs and address the complex jurisdictional issues raised by these motions.[5]

### B. A Stay Will Preserve Consistency in Rulings in the MDL

Aside from avoiding costly and duplicative litigation, courts routinely grant stays pending transfer to an MDL to promote consistency in rulings. *Ivy*, 901 F.2d at 9; *see also Falgoust v. Microsoft Corp.*, 2000 WL 462919, at *1 (E.D. La. Mar. 24, 2000) ("the purpose of the JPML is to promote judicial economy and prevent inconsistent rulings"); *Aikins*, 2000 WL 310391, at *1 (same).

This Court and other federal district courts in the Eleventh Circuit have granted numerous similar motions to stay pretrial proceedings and deferred ruling on motions to remand pending transfer to MDL courts. *See, e.g., Young v. Warner-Lambert Co.*, No. 01-319/LAC (N.D. Fla. Oct. 9, 2001) (Collier, J.) (noting that "the transferee judge has already decided a number of motions to remand that are substantially similar to the one submitted by Plaintiff"); *Atkins v. Warner-Lambert Co.*, No. 02-2001 (M.D. Fla. Dec. 9, 2002) (holding "that the Plaintiffs' Motion to Remand should be resolved by the transferee court in order to promote consistency in rulings and judicial economy"); *DeAngelo v. Warner-Lambert Co.*, No. 02-1980 (M.D. Fla. Dec. 9, 2002) (same); *Alexander v. Warner-Lambert Co.*, No. 02-61510 (S.D. Fla. Jan. 31, 2003) (staying all proceedings pending resolution by MDL court); *Clow v. Warner-Lambert Co.*, No. 01-1101-CIV-SEITZ (S.D. Fla. Apr. 24, 2001); *Boyer v. Warner-Lambert Co.*,

---

[5] Indeed, in *Hyman v. Pfizer, Inc., et al.*, Case No. 3:04-cv-00215-RV-MD, the companion putative Neurontin class action before Judge Vinson, the parties jointly moved for a stay of all proceedings pending transfer of the case to the MDL Court. Among the reasons the parties cited was that "it would be wasteful, costly, and duplicative for the parties to proceed at this time with discovery and pretrial proceedings, including pretrial pleading or motion practice, before this Court." Joint Mot. to Stay Proceedings Pending Transf. To MDL Court at 3. Judge Vinson granted the parties' joint motion on July 23, 2004. The same reasons support a stay of this Court's consideration of Plaintiffs' motion to remand in this case.

No. 02-483-NE (N.D. Ala. Mar 21, 2002) (deferring ruling on motion to remand pending MDL transfer); *Floyd v. Warner-Lambert Co.*, No. 00-A-1237-N (M.D. Ala. Nov. 22, 2000) (same). (Attached collectively as **Exhibit F**). Defendants face similar remand motions by plaintiffs in **five** other Neurontin marketing practices putative class actions. Other like cases and motions to remand may follow. The plaintiffs' claims in these cases all raise similar claims implicating the complex and intertwined federal regulatory scheme governing the prescription drug industry. A uniform and consistent treatment of these motions by a single MDL Court makes more sense than piecemeal consideration, and potentially inconsistent rulings, by many different district courts across the country.

C.   **The Balance of Benefits and Harms Favors a Stay**

A court may weigh the relative benefit and harm to litigants in deciding whether to grant a stay of all proceedings. *See Portnoy v. Zenith Labs.*, 1987 WL 10236 (D.D.C. April 21, 1987); *Falgoust*, 2000 WL 462919, at *2; *Egon v. Del-Val Fin. Corp.*, Civ. A. No. 90-4338, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991); *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). In contrast to the burdens and risk of inconsistent treatment imposed upon Defendants by withholding a stay, the potential harm to Plaintiff here is minimal. *See Rosenfeld*, 1988 WL 49065, at *2 (in granting stay where the prospective harm to the plaintiffs was delay of time, court found that "[w]hile they may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost.").

Any delay that Plaintiffs may experience will be minimal. The JPML is scheduled to hear these motions to transfer the Neurontin marketing actions on September 30, 2004, and the only contested issue before the panel relates to where – not whether – an MDL

Court will be impaneled. Furthermore, in light of the parties joint motion to stay pleadings and discovery, it is difficult to imagine any prejudice that would result from deferring ruling on the Plaintiffs' motion to remand. Clearly, in this case, the benefits to be achieved from a stay of ruling on Plaintiffs' motion to remand outweigh any harm.

## **CONCLUSION**

For all of these reasons, Defendants respectfully request that the Court grant their Motion to Stay and enter an Order staying any hearing or ruling on Plaintiffs' remand motion until the JPML assigns a court to oversee the Neurontin Multidistrict litigation, and determines whether this action should be transferred for consolidated or coordinated proceedings.

Respectfully submitted,

By /s/ Kenneth J. Reilly

Kenneth J. Reilly, Fla. Bar. No. 0157082
Stacey Koch, Fla. Bar No. 091472
SHOOK, HARDY & BACON, L.L.P.
Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4332
Telephone (305) 358-5171
Facsimile (305) 358-7470
E-mail Address(es): kreilly@shb.com
 skoch@shb.com

Of Counsel:
James P. Rouhandeh
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Telephone (212) 450-4000
Facsimile (212) 450-3800
E-mail Address:
jim.rouhandeh@dpw.com

ATTORNEYS FOR DEFENDANTS

9

1510400v1

## Certificate of Service

I hereby certify that on September 27, 2004, a copy of the foregoing was mailed by United States Postal Service and, for those registered to receive electronic service through the ECF system, was sent by electronic service to the following counsel:

Philip Freidin, Esq.
Omar Malone, Esq.
Freidin & Brown, P.A.
One Biscayne Tower, Suite 3100
2 South Biscayne Boulevard
Miami, Florida 33131

Rosenblum & Rosenblum, P.A.
700 South Andrews Avenue, Suite 200
Fort Lauderdale, Florida 33316

By _____
Kenneth J. Reilly