**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | |
| IN RE NEURONTIN MARKETING AND ) | MDL Docket No. 1629 |
| SALES PRACTICES LITIGATION ) | |
| ) | Master File No. 04-10981 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| ALL ACTIONS ) | |
| ) | |

## [PLAINTIFFS' PROPOSED] CASE MANAGEMENT ORDER # 2

Pursuant to the Federal Rules of Civil Procedure, the Court finds that entry of this Order

is necessary for the just and efficient resolution of the above-captioned cases, MDL 1629, *In Re*

*Neurontin Marketing and Sales Practices Litigation*. This order shall also apply to related cases

later filed in, removed to, or transferred to this Court.

## I.    SCHEDULE

The litigation shall be conducted according to the schedule of events set forth herein[1]:

| Date | Event |
|---|---|
| 03-01-2005 | Fact Discovery Commences |
| 03-17-2005 | Filing of Motions to Dismiss Complaints |
| 03-31-2005 | Service of Initial Disclosures Pursuant to FRCP 26(a)(1) |
| 04-15-2005 | Filing of Oppositions to Motions to Dismiss |
| 05-02-2005 | Filing of Replies to Oppositions to Motions to Dismiss |
| 05-16-2005 | Filing of Sur-replies (if any) to Defendants' Replies on Motions to Dismiss |
| 07-01-2005 | Deadline for Filing of Motion for Class Certification |

---

[1] The Court has already ordered the dates for the briefing of the motions to dismiss. The dates are included herein
for ease of reference.

| | |
|---|---|
| 08-01-2005 | Filing of Opposition to Motion for Class Certification |
| 08-16-2005 | Filing of Reply to Opposition to Motion for Class Certification |
| 02-01-2006 | Fact Discovery Ends |
| 03-01-2006 | Plaintiffs' Disclosure of Expert Witnesses and Reports Pursuant to FRCP 26(a)(2) |
| 03-15-2006 | Depositions of Expert Witnesses May Commence |
| 03-31-2006 | Defendants' Disclosure of Expert Witnesses and Reports Pursuant to FRCP 26(a)(2) |
| 05-01-2006 | Plaintiffs' Disclosure of Any Rebuttal Experts and Reports Pursuant to FRCP 26(a)(2) |
| 06-01-2006 | Fact and Expert Discovery Ends |
| 07-01-2006 | Filing of Motions for Summary Judgment |
| 08-01-2006 | Filing of Oppositions to Motions for Summary Judgment |
| 08-15-2006 | Filing of Replies to Oppositions to Motions for Summary Judgment |
| 09-01-2006 | Filing of Joint Pre-trial Order |
| 09-15-2006 | Pre-Trial Conference |
| 10-01-2006 | Trial Begins |

## II.    FILING AND SERVICE OF DOCUMENTS

Within ten (10) days of the date of this order, counsel for any party desiring to receive service of documents filed with the Court shall register for participation in the Court's Internet-based Electronic Case Files (ECF) system. Unless otherwise directed by the Court, all documents required to be filed with the Court shall be filed and served exclusively through the ECF system, in accordance with the Court's Electronic Case Filing Administrative Procedures. Except as the parties may otherwise agree among themselves, paper copies of documents filed with the Court need not be served on any party. Discovery requests, responses thereto, and other pleadings not required to be filed with the Court shall be served on Defendant's counsel,

Plaintiffs' Liaison Counsel, and any other party entitled to service pursuant to Section III.C.2. of the Court's December 16, 2004 Corrected Case Management Order by overnight delivery, or such other method(s) of service as the affected parties may agree among themselves.

## III.    DISCOVERY AND DOCUMENTS

### A.    Preservation of Evidence

#### 1.    Scope

During the pendency of this litigation, and for 60 days after entry of a final order closing all cases, each of the parties herein and their respective officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from altering, interlining, destroying, or permitting the destruction of any "document" in the actual or constructive care, custody or control of such person, wherever such document is physically located. This order applies to tangible things and documents containing information potentially relevant to the subject matter of this litigation. Any tangible thing, document, or information described or referred to in any discovery request or response made during this litigation shall, from the time of the request or response be treated for purposes of this order as containing potentially relevant information unless and until the court rules such information to be irrelevant.

"Document" shall mean any writing, drawing, film, videotape, chart, photograph, phonograph record, tape record, retrievable date (whether carded, taped, coded, electrostatically or electromagnetically recorded, or otherwise), or other date compilation from which information can be obtained, including but not limited to, notices, memoranda, diaries, minutes, purchase records, purchase invoices, market data, correspondence, emails, computer storage tapes,

computer storage cards or discs, books, journals, ledgers, statements, reports, invoices, bills, vouchers, worksheets, jottings, notes, letters, abstracts, audits, charts, checks, diagrams, drafts, recordings, instructions, lists, logs, orders, recitals, transcripts, telegram messages, telephone bills and logs, resumes, summaries, compilations, computations, and other formal and informal writings or tangible preservations of information.

### 2.    Preservation

Each party and their respective officers, agents, servants, employees, attorneys and others in active concert or participation with the parties shall preserve all devices, tangible things, documents, and other records.  Preservation includes the obligation not to alter any such thing as to its form, content, manner of filing, or location, except to facilitate compilation, review, or production pursuant to court ordered discovery.

Before any potentially relevant devices, tangible things, documents, and other records are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved.  If counsel are unable to agree, any party may apply to the court for clarification or relief from this order upon reasonable notice.  A party, which, within 10 days after receiving written notice from another party that specified tangible things or documents will be destroyed, lost, or otherwise altered pursuant to routine policies and programs, fails to indicate in writing its objection shall be deemed to have agreed to such destruction.

### B.    Documents

### 1.    Indexing

Each producing party shall prepare an inventory covering all of the documents produced. The inventory shall reasonably describe, given the time constraints and the volume of documents to be inventoried, the contents of each banker's box or similar unit of documents.  If the

producing party already has an index or inventory to some or all of the documents produced (an "existing index"), the inventory may consist (in whole or in part) of this existing index so long as it meets the criteria described in this paragraph. The inventory shall include any identifying number already on such box or similar unit. Each inventory shall also list the persons responsible for the preparation of the inventory.

The inventories are intended to permit the parties to make a general determination of the existence or location of particular categories of documents. Each inventory shall contain a statement, under penalty of perjury, that the party has made a good faith effort to assure that the inventory matches the documents delivered by that party.

### 2. Legibility of Documents

Each producing party shall take reasonable steps to assure that the copies of the documents it produces are legible. To the extent a producing party cannot or does not produce a legible copy, it shall make the original document(s) available for inspection and copying.

### 3. Authentication

Documents produced whether as part of the initial disclosures, in response to formal document requests, or by agreement, shall by reason of such production be deemed to be authentic documents under Federal Rule of Civil Procedure 901 and to qualify as records of regularly conducted business activities under Federal Rule of Civil Procedure 803(5) unless at the time of production, or within fifteen days thereafter, the producing party specifies that a document is or may not be authentic or is or may not be a record of regularly conducted business activity. All such specifications shall identify the document with particularity and briefly indicate the basis or reason for the belief that the document is or may not be authentic or a business record.

4.   **Electronic Format**

Any document available in an electronic format shall be so provided in that format, i.e. in an identical, usable electronic format. If issues regarding compatibility of computer systems and software arise, the producing parties shall confer to resolve the issues.

5.   **Documents Produced In *Qui Tam* Action**

A party will not be required to produce in its initial disclosures or in response to any document request any document produced in the civil action *United States of America ex rel. David Franklin v. Parke-Davis, et al.*, C.A. No. 96-11651-PBS (D. Mass.).

C.   **Limits On Discovery**

The Discovery Event Limitations set forth in Local Rule 26.1 shall not apply. The limit on the number of interrogatories set forth in Federal Rule of Civil Procedure 33(a) shall not apply. While interrogatories seeking the identity of potential fact witnesses may be served, contention interrogatories shall not be served.

The limit on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2)(A) shall not apply. Unless otherwise authorized by the Court or stipulated by the parties, depositions shall be limited to two (2) business days of seven (7) hours each, except for depositions of entities taken pursuant to Rule 30(b)(6), which shall not be subject to any prior limitation.

D.   **Supplementation of Responses**

The supplementation of responses required by Federal Rule of Civil Procedure 26(e) shall be made by the parties ninety days from the date of the initial disclosures, and every ninety days thereafter.

E.   **Assertion of Privilege**

1.    **Attorney-Client Privilege**

A party who invokes the attorney-client privilege also must provide to the opposing party the following information for each document or communication not disclosed, to the extent that providing this information will not destroy the privilege:

(a)    The name and job title or capacity of the author(s) originator(s);

(b)    The name and job title or capacity of every person who received the document or a copy of it, or who was present when the communication was made or who overheard it;

(c)    The relationship between the author(s)/originator(s) and each person who received the document or a copy of it, or who was present when the communication was made or who overheard it;

(d)    whether the primary purpose of the document or communication was to seek or provide legal advice or services;

(e)    The date of the document or communication;

(f)    The subject matter(s) addressed in the document or communication;

(g)    Whether the document or communication was transmitted in confidence; and

(h)    A brief statement as to why, under the law, the document or communication is protected by the attorney-client privilege.

2.    **Attorney Work Product Doctrine and Other Privileges**

A party who invokes the attorney work product doctrine or a privilege other than the attorney-client privilege must provide to the opposing party the following information for

each document or communication not disclosed, to the extent that providing this information will not destroy the privilege:

    (a)    Which doctrine or privilege the party is relying on;

    (b)    Whether federal or state law of privilege applies to the documents or communications in question, and, if state law applies, which state;

    (c)    A list of every requirement or element that must be satisfied in order to assert successfully the privilege or doctrine, with citation to legal authorities supporting the list of elements presented; and

    (d)    With respect to each document or communication for which the doctrine or privilege is invoked, information that shows that each element of the doctrine or privilege is satisfied.

**3.    Timing**

The information specified in subsections 1 and 2 above shall be provided contemporaneously with the service of the response to the discovery probe or the production of documents.

**4.    Exempted Documents**

Documents which were created or generated subsequent to April 13, 2004 and which are privileged as communications or work product relating directly to this litigation need not be identified under this section.

**5.    Prior Production**

If any court presiding over related litigation pending in another jurisdiction has ordered the production of any document initially withheld as privileged and/or protected by the attorney

work product doctrine, the document shall not be withheld on the same ground(s) in these proceedings.

**F.    Failure to Disclose**

A party's failure to either produce or identify as withheld pursuant to privilege a relevant document will be viewed by the court as a serious infraction of its orders, justifying appropriate sanctions unless exceptional circumstances justify its failure.  Upon learning that there are any additional relevant documents which have not been produced or identified, a party is under an obligation to promptly make known the existence of the documents, including the reason for its failure, and submit the documents to the opposing party, or if withheld under a claim of privilege or protection, identify the documents.


Dated: February 18, 2005                    Respectfully Submitted,

                                            By:    **/s/ Thomas M. Sobol**
                                                   Thomas M. Sobol
                                                   Hagens Berman, LLP
                                                   One Main Street, 4th Floor
                                                   Cambridge, MA 02142

                                            **Plaintiffs' Liaison Counsel**

                                            By:    **/s/ Don Barrett**
                                                   Don Barrett, Esquire
                                                   Barrett Law Office
                                                   404 Court Square North
                                                   P.O. Box 987
                                                   Lexington, MS 39095

                                            By:    **/s/ Daniel Becnel**
                                                   Daniel Becnel, Jr., Esquire
                                                   Law Offices of Daniel Becnel, Jr.
                                                   106 W. Seventh Street
                                                   P.O. Drawer H
                                                   Reserve, LA 70084

By:     **/s/ James R. Dugan, II**
        James R. Dugan, II, Esquire
        Dugan & Browne, PLC
        650 Poydras Street, Suite 2150
        New Orleans, LA 70130

By:     **/s/ Thomas Greene**
        Thomas Greene, Esquire
        Greene & Hoffman
        125 Summer Street
        Boston, MA 02110

By:     **/s/ Barry Himmelstein**
        Barry Himmelstein, Esquire
        Lieff Cabraser Heimann & Bernstein
        Embarcadero Center West
        275 Battery Street, 30th Floor
        San Francisco, CA 94111-3339

**Members of the Class Plaintiffs'
Steering Committee**

By:     **/s/ Richard Cohen**
        Richard Cohen, Esquire
        Lowey Dannenberg Bemporad
        & Selinger, P.C.
        The Gateway
        One North Lexington Avenue
        White Plains, NY 10601

By:     **/s/ Linda P. Nussbaum**
        Linda P. Nussbaum, Esquire
        Cohen Milstein Hausfeld & Toll
        150 East 52nd Street
        Thirteenth Floor
        New York, NY 10022

**Members of the Plaintiffs' Non-Class
Steering Committee**

382866.1                                   10

**SO ORDERED:**

_____
Hon. Patti B. Saris
United States District Judge

Dated: _____

11

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| IN RE NEURONTIN MARKETING AND | ) | MDL Docket No. 1629 |
| SALES PRACTICES LITIGATION | ) | |
| | ) | Master File No. 04-10981 |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | Judge Patti B. Saris |
| ALL ACTIONS | ) | |
| | ) | |

## PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT

The Plaintiffs' Steering Committee respectfully submits this Case Management Conference Statement in support of Plaintiffs' Proposed Case Management Order #2. Several telephone conferences have been held between Plaintiffs and Defendants in an effort to reach agreement on the terms of a scheduling order and related matters. While the parties have narrowed their differences substantially, they have not been able to reach complete agreement on a schedule, or on a number of other matters, making the filing of a joint proposed order impracticable. Accordingly, the parties have agreed to submit separate orders for the Court's consideration at the February 24, 2005 case management conference. The areas of disagreement are identified and discussed briefly below.

## I.    SCHEDULE

In keeping with the Court's statement at the November 23, 2004 case management conference that discovery would not be stayed pending motions to dismiss, Plaintiffs propose that fact discovery commence on March 1, 2005, with initial disclosures due on March 31, 2005 (*i.e.*, at the same time as responses to any document requests served on March 1). Defendants

1

propose that no discovery or initial disclosures take place until after their motions to dismiss are fully-briefed on May 16, 2005, so that the parties may focus exclusively on the briefing.

Plaintiffs propose to file their class certification motion on or before July 1, 2005, with opposition thereto due 30 days thereafter. Defendants propose that plaintiffs be required to defer filing their class certification motion until August 1, 2005, and that Defendants be given two and a half months thereafter to conduct additional class discovery, and three months to file their opposition.

Under Plaintiffs' proposal, Defendants would have five months to conduct class discovery -- from the commencement of discovery on March 1, 2005 until the filing of their opposition to class certification on August 1, 2005. Defendants propose that they be given approximately the same five month period to conduct class discovery, but that discovery not begin until May 16, and continue for two-and-a-half months after the class certification motion is filed. Defendants' proposal turns standard practice on its head. Class discovery should ordinarily be completed before the motion is filed, not begin in earnest thereafter.

Defendants would prefer that the Court not set a trial date at this time. Plaintiffs believe that a trial date of October 1, 2006 is reasonable and should also be set at this time, with associated deadlines for a pre-trial order and a pre-trial conference.[1]

## II.    OTHER MATTERS

In addition to a proposed schedule, Plaintiffs respectfully request that the Court make certain additional orders to facilitate the orderly conduct of the litigation.

---

[1] Plaintiffs reserve the right to seek an earlier trial, should discovery be completed ahead of schedule.

### A.    Preservation of Evidence

The parties agree that they have a duty to preserve potentially relevant evidence. Defendants prefer a simple statement of this fact, without elaboration, while Plaintiffs propose a more detailed provision.

### B.    Indexing of Documents

Plaintiffs anticipate that Defendants' document production(s) will be voluminous, comprising dozens, if not hundreds, of boxes.[2] Plaintiffs do not propose that Defendants be required to provide them with a document-by-document index, but with a simple listing of the source and type of documents contained in each box, so that Plaintiffs do not find themselves in a room full of identical looking boxes with no guide. This would impose no burden at all on the Defendants, who will undoubtedly produce a more detailed index for their own use prior to making the production.

### C.    Authentication of Documents

Plaintiffs respectfully submit that any document produced by a party should be deemed authentic and a record of regularly conducted business activity, absent a statement by the producing party articulating a good faith basis for the belief that the document is not authentic and/or a business record. It would consume an enormous amount of deposition time to lay foundation for the hundreds of thousands (or millions) of documents produced by Defendants in *Franklin* and in this proceeding. Nor is it reasonable to expect the parties to be able to determine at the outset of the case which subset of documents they may wish to use at trial or summary judgment. It would be an enormous waste of attorney and witness time, and expense, to require

---

[2] As discussed with the Court at the November 23, 2004 case management conference, Defendants' production of documents in the *Franklin* case was limited in both time (1998 and earlier) and geographic scope (including only one of Defendants' five regional Customer Business Units, or "CBUs").

the parties to lay foundation for every document they *may* wish to use at trial as witnesses are deposed, and any oversight (or sparing of the witness) in this regard would invite a strategic objection by the opposing party, after the deposition is concluded or discovery is closed, without any good faith basis for the objection. The producing party is in the best position to know whether there is any good faith basis for such an objection, and they should be required to articulate that objection to preserve it, placing the receiving party on notice that foundation must be laid, so that this can be done in a timely and efficient manner.

### D.   Limits on Discovery

Defendants propose that depositions be limited to a single day. Given the complexity of the case, and the number of documents involved, Plaintiffs propose that depositions be limited to two days, absent an order of the Court, and that depositions of corporate parties pursuant to Rule 30(b)(6) not be subject to any prior limitation.

Plaintiffs further propose that no party be required to produce in its initial disclosures or in response to any document request documents already produced in the related *qui tam* action. While Plaintiffs agree that interrogatories seeking the identity of witnesses are proper, Plaintiffs propose that contention interrogatories not be served, as they are generally unproductive.

### E.   Supplementation of Responses

Federal Rule of Civil Procedure 26(e) requires that initial disclosures and responses to discovery requests be supplemented "at appropriate intervals." Plaintiffs respectfully request that this interval be fixed at every 90 days.

### F.   Assertion of Privilege

While Federal Rule of Civil Procedure 26(b)(5) requires parties claiming a privilege to provide a factual basis therefore, it provides little guidance as to what constitutes sufficient information. Plaintiffs' proposal describes with particularity the required contents of an acceptable privilege log. Plaintiffs would also prohibit a party from withholding on privilege grounds any document determined to be non-privileged in related litigation.

**G.    Appointment of Magistrate Judge or Special Master**

Finally, at the November 23, 2004 case management conference, the Court indicated that it would appoint a Magistrate Judge or Special Master to handle discovery disputes in these cases. With discovery hopefully about to commence, Plaintiffs respectfully suggest that the Court may wish to take this matter up at the forthcoming case management conference.

Dated: February 18, 2005                    Respectfully Submitted,

By:    **/s/ Thomas M. Sobol**
       Thomas M. Sobol
       Hagens Berman, LLP
       One Main Street, 4th Floor
       Cambridge, MA 02142

**Plaintiffs' Liaison Counsel**

By:    **/s/ Don Barrett**
       Don Barrett, Esquire
       Barrett Law Office
       404 Court Square North
       P.O. Box 987
       Lexington, MS 39095

By:    **/s/ Daniel Becnel**
       Daniel Becnel, Jr., Esquire
       Law Offices of Daniel Becnel, Jr.
       106 W. Seventh Street
       P.O. Drawer H
       Reserve, LA 70084

By:   **/s/ James R. Dugan, II**
      James R. Dugan, II, Esquire
      Dugan & Browne, PLC
      650 Poydras Street, Suite 2150
      New Orleans, LA 70130

By:   **/s/ Thomas Greene**
      Thomas Greene, Esquire
      Greene & Hoffman
      125 Summer Street
      Boston, MA 02110

By:   **/s/ Barry Himmelstein**
      Barry Himmelstein, Esquire
      Lieff Cabraser Heimann & Bernstein
      Embarcadero Center West
      275 Battery Street, 30th Floor
      San Francisco, CA 94111-3339


**Members of the Class Plaintiffs'
Steering Committee**

By:   **/s/ Richard Cohen**
      Richard Cohen, Esquire
      Lowey Dannenberg Bemporad
      & Selinger, P.C.
      The Gateway
      One North Lexington Avenue
      White Plains, NY 10601

By:   **/s/ Linda P. Nussbaum**
      Linda P. Nussbaum, Esquire
      Cohen Milstein Hausfeld & Toll
      150 East 52nd Street
      Thirteenth Floor
      New York, NY 10022


**Members of the Plaintiffs' Non-Class
Steering Committee**

**EXHIBIT 3**

1

1            UNITED STATES DISTRICT COURT

2              DISTRICT OF MASSACHUSETTS

3

4

5

6   IN RE:  NEURONTIN MARKETING    )
    AND SALES PRACTICES            )  MDL Docket No. 1629
7   LITIGATION                     )

8

9

10

11  BEFORE:   The Honorable Patti Saris

12

13

14                 Case Management Conference

15

16

17

18                          United States District Court
                            Courtroom No. 19
19                          1 Courthouse Way
                            Boston, Massachusetts
20                          February 24, 2005
                            11:00 a.m.

21

22

23              Marianne Kusa-Ryll, RMR, CRR
                   Official Court Reporter
24              United States District Court
                 595 Main Street, Room 514A
25                Worcester, MA 01608-2093
            Mechanical Steno - Transcript by Computer

2

```
1    APPEARANCES:

2    Loeff, Cabraser, Heimann & Bernstein, LLP
     By Barry R. Himmelstein, Esquire
3    Embarcadero Center West
     275 Battery Street, 30th Floor
4    San Francisco, California 94111-3339
     For the Plaintiffs
5
     Hagens, Berman, Sobol, Shapiro, LLP
6    By Thomas M. Sobol, Esquire and
     Edward Notargiacomo, Esquire
7    One Main Street, 4th Floor
     Cambridge, Massachusetts 02142
8    For the Plaintiffs

9    Greene & Hoffman, P.C.
     By Thomas M. Greene, Esquire
10   125 Summer Street, Suite 1410
     Boston, Massachusetts 02110
11   For the Plaintiffs

12   Shapiro, Haber & Urmy, LLP
     By Thomas G. Shapiro, Esquire
13   75 State Street
     Boston, Massachusetts 02109
14   For the Plaintiffs

15   James R. Dugan, II, Esquire
     650 Poydras Street, Suite 2150
16   New Orleans, Louisiana 70130
     for the Plaintiffs
17
     Barrett Law Office
18   By Don Barrett, Esquire
     404 Court Square North
19   P.O. Box 987
     Lexington, Mississippi 39095
20   for the Plaintiffs

21   Law Offices of Daniel E. Becnel, Jr.
     By Daniel E. Becnel, Jr., Esquire
22   106 W. Seventh Street
     P.O. Drawer H
23   Reserve, Louisiana 70084
     for the Plaintiffs

24

25
```

3

1
   APPEARANCES: (Continued)
2

3
   Murray Law Firm
   By Gano D. Lemoine, III, Esquire
   909 Poydras Street, Suite 2550 LL&E Tower
4
   New Orleans, Louisiana 70112
   for the Plaintiffs
5

   Joseph M. Bruno, Esquire
6
   855 Baronne Street
   New Orleans, Louisiana 70113
7
   for the Plaintiffs

8
   Hare & Chaffin
   By David B. Chaffin, Esquire
9
   160 Federal Street
   Boston, Massachusetts 02110-1701
10
   for the Defendant

11
   Davis, Polk & Wardwell
   by James P. Rouhandeh, Esquire and
12
   Deborah L. MacGregor, Esquire
   450 Lexington Avenue
13
   New York, New York 10017
   for the Defendant
14

15

16

17

18

19

20

21

22

23

24

25

4

1                        P R O C E E D I N G S

2

3              THE CLERK:  All rise.  The United States District

4       Court for the District of Massachusetts is now in session.

5       Please be seated.

6              In re:  Neurontin Marketing and Sales Practices

7       Litigation, No. 04-10981 will now be heard before this court.

8              Will counsel please identify themselves for the

9       record.

10             MR. SOBOL:  Good morning, your Honor.  Tom Sobol,

11      Hagens, Berman, Sobol and Shapiro, for the plaintiffs.

12             THE COURT:  Mr. Alba noticed that right away.

13      Congratulations.

14             MR. GREENE:  Good morning, your Honor, Thomas Greene.

15             MR. HIMMELSTEIN:  Good morning, your Honor, Barry

16      Himmelstein from Lieff, Cabraser, Heimann & Bernstein for the

17      plaintiffs.

18             MR. SHAPIRO:  Good morning.  Tom Shapiro, your Honor.

19             THE COURT:  Good morning.

20             MR. DUGAN:  Good morning, your Honor.  James Dugan

21      with the Dugan and Brown law firm in New Orleans.

22             MR. BARRETT:  Don Barrett, Barrett Law Offices,

23      Lexington, Mississippi.

24             THE COURT:  Welcome.

25             MR. BECNEL:  Daniel Becnel, Becnel Law Offices