**EXHIBIT 16**



HAGENS BERMAN
SOBOL SHAPIRO LLP

EDWARD NOTARGIACOMO
(617) 482-3700 Ext. 1960
ed@hbsslaw.com

August 25, 2005

**Via Overnight Mail**

James P. Rouhandeh
**Davis Polk & Wardwell**
450 Lexington Avenue
New York, NY 10017

    Re:   *In re Neurontin Marketing and Sales Practices Litigation; MDL No. 1629*

Dear Jim,

    Enclosed please find two additional CD's of BlueCross BlueShield of Louisiana's discovery production.

    You should communicate directly with Douglas Plymale or Jim Dugan if you have questions concerning the above.

                    Sincerely,

                    Edward Notargiacomo

EN/cr

Enclosures

cc:  Douglas Plymale (w/o enclosures)
      Jim Dugan (w/o enclosures)

ATTORNEYS AT LAW          SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
T 617.482.3700    F 617.482.3003
ONE MAIN STREET - FOURTH FLOOR - CAMBRIDGE MASSACHUSETTS 02142
www.hbsslaw.com

**EXHIBIT 17**

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

JAMES P. ROUHANDEH
212 450 4835
james.rouhandeh@dpw.com

August 4, 2005

Re:     **In re Neurontin Marketing and Sales Practices Litigation,
MDL No. 1629**

Douglas Plymale, Esq.
Dugan & Browne, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

Dear Mr. Plymale:

By a letter dated July 26, 2005, I asked James R. Dugan II, Esq. of your firm to inform us by July 29, 2005 when your client, Louisiana Health Service Indemnity Company ("Louisiana Health"), intends to produce documents to which it does not object to disclosure. During the meet-and-confer session on July 29, you responded by stating that Louisiana Health will make its first production of documents on August 12, 2005. When defendants pressed for an earlier production, you stated that August 12 had been selected because Louisiana Health wanted to produce all of its documents at once.

This is unacceptable. As my July 26 letter indicated, Louisiana Health has been obligated to produce documents since June 3, 2005. Moreover, over one month has elapsed since July 1, 2005 – the date on which plaintiffs stated that they would begin producing documents. Under your proposed schedule, Louisiana Health will not produce any documents – even those to which it does not object to disclosure – until two and a half months into the four-month period for class discovery.

Douglas Plymale, Esq.                    2                    August 4, 2005

    Louisiana Health's document production is already long over due.  There is no reason for your client to be holding back documents to which it does not object to producing.  Please produce any such documents as soon as they are available for production.

                    Sincerely yours,

                    James P. Rouhandeh

cc:   James R. Dugan II, Esq.
      Tom Sobol, Esq.

By Facsimile & Mail

# EXHIBIT 18

# DAVIS POLK & WARDWELL

<table>
<tr><td>1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005</td><td rowspan="5">450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017<br>212 450 4000<br>FAX 212 450 3800<br><br>WRITER'S DIRECT<br><br>212 450 4252</td><td>MESSETURM<br>60308 FRANKFURT AM MAIN</td></tr>
<tr><td>1600 EL CAMINO REAL<br>MENLO PARK, CA 94025</td><td>MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID</td></tr>
<tr><td>99 GRESHAM STREET<br>LONDON EC2V 7NG</td><td>1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033</td></tr>
<tr><td>15, AVENUE MATIGNON<br>75008 PARIS</td><td>3A CHATER ROAD<br>HONG KONG</td></tr>
</table>

August 15, 2005

Re:     **In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629**

Ronald J. Aranoff, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 28th Floor
New York, New York 10016

Dear Ron:

As you know, the third-party payor plaintiffs agreed weeks ago to explain the basis for their burdensomeness objections to defendants. Defendants have been waiting for some of those explanations for a full month and all of them for more than two weeks. During the meet-and-confer session on July 29, 2005, the third-party payor plaintiffs committed to providing explanations of their burdensomeness objections no later than August 12, 2005. Defendants requested that the third-party payors provide any explanation as soon as they had it and not wait to provide all explanations for all third-party payors on August 12.

On August 12, not only did we not receive a complete set of explanations from all third-party payors, but we did not receive any explanations whatsoever with respect to objections on the ground of burdensomeness. Please advise as soon as possible when and how the third-party payor plaintiffs intend to meet their outstanding commitment.

Sincerely yours,

Patrick J. Murray

<u>By Facsimile & Mail</u>

**EXHIBIT 19**

# BERNSTEIN LIEBHARD & LIFSHITZ, LLP

ATTORNEYS AT LAW
IO EAST 40TH STREET
NEW YORK, NEW YORK 10016

(212) 779-1414
FAX: (212) 779-3218
www.bernlieb.com

August 26, 2005

STANLEY D. BERNSTEIN
SANDY A. LIEBHARD
MEL E. LIFSHITZ
KEITH M. FLEISCHMAN
JEFFREY M. HABER
ROBERT J. BERG*
FRANCIS P. KARAM▼
REBECCA M. KATZ
U. SETH OTTENSOSER

SENIOR COUNSEL
WILLIAM A. K. TITELMAN▲

OF COUNSEL
TIMOTHY J. MacFALL
MARK T. MILLKEY

ABRAHAM I. KATSMAN*
MICHAEL S. EGAN*
MARY U. HOOVER
ANNE W. SALISBURY
FELECIA L. STERN
RONALD J. ARANOFF
DANIELLE MAZZINI-DALY
BRIAN S. COHEN
GREGORY M. EGLESTON
JOSEPH R. SEIDMAN, JR.
ALDEN W. VEDDER
MICHAEL S. BIGIN
STEPHANIE M. BEIGE
ANDREA H. WILLIAMS*
JESSICA L. FRANCISCO
THERESA A. VITELLO***
BRETT M. LOGAN
RUSSELL M. IGER

*ALSO ADMITTED IN NJ
▼ALSO ADMITTED IN PA
▲ADMITTED ONLY IN PA
***ADMITTED ONLY IN NJ & PA

<u>VIA FACSIMILE</u>

Patrick J. Murray, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

RE:    *In re Neurontin Marketing & Sales Practices Litigation*; MDL No. 1629

Dear Patrick:

As promised, I am writing to follow up with you regarding the burdensomeness objections raised by the Third Party Payor ("TPP") plaintiffs in the above-referenced matter. Counsel for plaintiffs Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and ASEA/AFSCME Local 52 Health Benefits Trust inform me that they have contacted you directly regarding the basis of their clients' burdensomeness objections (copies of the August 22, 2005 letter from ASEA's counsel to you and the August 24, 2005 letter from Kaiser's counsel to you are attached to this letter). The remaining TPPs respond as follows:

Plaintiffs Harden Manufacturing Corporation, Guardian Life Insurance, Inc., and International Union of Operating Engineers Local 68 Welfare Fund are not withholding any documents, nor limiting their search for documents, based on their burdensomeness objections.

Counsel for Plaintiff Louisiana Health Service Indemnity Company, d/b/a Bluecross/ Blueshield of Louisiana, will communicate with you directly in short order and in writing regarding the nature of their clients' burdensomeness objections.

Very truly yours,

Ronald J. Aranoff

Attachments

cc:    Thomas Greene, Esq.
        Richard Shevitz, Esq.



NANCY A. PACHARZINA
npacharzina@tousley.com

OUR FILE NO:
N-4126-001.L1D

August 22, 2005

*VIA FACSIMILE AND U.S. MAIL*

Patrick J. Murray
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017

Re:     *In re Neurontin Marketing and Sales Practices Litigation*
        MDL Docket No. 1629
        U.S. District Court for the District of Massachusetts Master File No. 04-10981

Dear Mr. Murray:

This letter addresses several discovery matters we have previously addressed on the phone.

First, enclosed please find ASI's responses and objections to Defendants' subpoena.

Second, yesterday I sent you a copy by e mail of ASI's contract with Caremark. This document will also be produced on disc through the ordinary course of ASEA's continuing production.

Third, as I explained on the phone and as noted in ASI's objections to the subpoena, both ASI and ASEA are standing on their "overly burdensome" and "burden outweighs the benefit" objections with respect to the following categories of documents:

1.      Medical records of ASEA's members that have made claims for Neurontin

ASI does not yet know how many or which of ASEA's Plan members have made claims for Neurontin. Caremark is generating that information for both ASI and Defendants. Until ASI has that information, it cannot determine whether it is possible, or the extent of the burden associated with attempting, to produce all medical records for each claimant in a sanitized form such that neither ASI nor ASEA would violate the Health Information Portability and Accountability Act of 1996,

Patrick J. Murray
DAVIS POLK & WARDWELL
August 22, 2005
Page 2

29 U.S.C. §§ 1181 *et seq.* ("HIPAA") or other applicable privilege protection.  ASI will continue to
investigate to determine the extent of the burden.

    2.    Transaction-level Neurontin claims records for claims processed by ASI as opposed to
Caremark

    The vast majority of all transaction-level records for any claim for Neurontin made to the
ASEA Health Plan are maintained by Caremark, the ASEA Health Plan's Prescription Benefits
Manager.  Both ASEA and Caremark are working with Defendants to provide that information
pursuant to discovery served on ASEA and Caremark.

    ASEA and ASI do have in their possession, however, some records of prescription drug claims
made to the ASEA Health Plan during the time period from July 1, 2001 (the Plan's inception) to June
30, 2003.  During this time, ASI instead of Caremark processed prescription drug claims in cases
where the prescription was filled by a pharmacy out of Caremark's network.  The electronic records
ASI maintains for these claims, however, do not include the drug name.  There were approximately
44,916 claims processed by ASI that may or may not be for Neurontin.  To determine if a given claim
was for Neurontin, each original claim would have to be located and retrieved from a warehouse of
documents, reviewed to identify the drug name, and if the claim was for Neurontin, redacted to
sanitize all member-identifying information before it could be produced.  The burden to ASI of
attempting to produce this information would far outweigh any potential benefit to Defendants.

    3.    Transaction level records or other documents regarding drugs other than Neurontin

    This has been discussed in numerous discovery conferences.

    4.    Exemplar documents

    ASEA has provided Defendants exemplars of certain documents, even though the documents
contain no relevant information or information that will assist Defendants to discover relevant
information.  Should Defendants request production of all such records despite their limited
usefulness, ASI and ASEA reserve their right to assert "overly burdensome" and "burden outweighs
the benefit" objections in addition to other objections previously asserted.

Patrick J. Murray
DAVIS POLK & WARDWELL
August 22, 2005
Page 3


    Both ASEA and ASI are continuing to search for and identify any records that may be responsive to your requests. Their responses will be supplemented accordingly.

                                         Regards,

                              TOUSLEY BRAIN STEPHENS PLLC



                                     Nancy A. Pacharzina

NAP/jka
Enclosure
cc:    Barry Himmelstein (via facsimile only, with enclosure)
        Ed Notargiacomo (via facsimile only, with enclosure)
        Ken Hearron (via facsimile only, with enclosure)
        Mary L. Stoll (via facsimile only, with enclosure)
        Christopher I. Brain (with enclosure)
        Kim D. Stephens (with enclosure)

//.0



**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**

WASHINGTON • NEW YORK • PHILADELPHIA • CHICAGO

August 24, 2005

*Via Facsimile*

Patrick J. Murray
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017

Re:   *In re Neurontin Marketing and Sales Practices Litigation*, MDL No. 1629 (PBS)

Dear Patrick:

This letter follows up to our recent conversation on August 16 regarding the burdensomeness objections of Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively "Kaiser") and your subsequent letter dated August 17, 2005.

**1.   Burdensomeness Objections**

<u>Document Request Nos. 3, 10, 11, 25</u>

Kaiser's objections set forth in response to Document Request Nos. 3, 10, 11 and 25 remain (including Kaiser's general objection concerning documents other than Neurontin), however, Kaiser no longer objects to these requests on burdensomeness grounds. Kaiser will produce relevant documents in response to these requests to the extent they exist.

<u>Document Request Nos. 12, 15 & Interrogatory Nos. 10, 11, 12</u>

Kaiser's burdensomeness objections remain as to Document Request Nos. 12 and 15 and Interrogatory Nos. 10, 11 and 12. With that in mind, Kaiser is continuing to conduct a reasonable search for documents and information and will continue to produce relevant documents in response to these requests to the extent they exist.

---

1100 New York Avenue, N.W. • Suite 500, West Tower • Washington, D.C. 20005
Phone (202) 408-4600 • Fax (202) 408-4699 • www.cmht.com

AFFILIATED OFFICES:  UNITED KINGDOM • ITALY • SOUTH AFRICA • PANAMA • AUSTRALIA

Patrick Murray, Esquire
August 24, 2005
Page 2

**2.    Supplemental Responses**

Document Request Nos. 32 and 36

Document Request No. 32 requests all documents addressing claims for reimbursement or provision of Neurontin that identify the indications for which Neurontin was prescribed or reflect Neurontin prescriptions by indication or use. Document Request No. 36 asks for all documents comparing the level, cost, type or number of Neurontin claims to those of other anti-epileptic drugs or other drugs in general. As we discussed, Kaiser is unable to correlate in any meaningful way the indication for which Neurontin was prescribed to a particular claim. Kaiser will, however, produce relevant documents in response to these requests to the extent they exist.

Document Request No. 46

The objections set forth in response to Document Request No. 46 remain. In addition, Kaiser supplements this response by stating that it does not have any contracts with its in-house pharmacies.

Document Request No. 92

The objections set forth in response to Document Request No. 92 remain, and in addition Kaiser supplements this response by stating that it has no policies or requirements regarding the treatment of off-label prescription claims.

**3.    Data Dictionaries**

Kaiser has confirmed that it does not in fact have any data dictionaries or lists of fields for the database(s) it will use to generate the Report regarding claims data.

Finally, Kaiser's rolling production of documents is continuing.

Sincerely,

Justine J. Kaiser

cc:     Linda P. Nussbaum
        Thomas M. Sobol
        Ronald J. Aranoff



**EXHIBIT 20**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
In re: NEURONTIN MARKETING AND                            :
SALES PRACTICES LITIGATION                                :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :   MDL Docket No. 1629
THIS DOCUMENT RELATES TO:                                 :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   Master File No. 04-10981
                                                          :
HARDEN MANUFACTURING                                      :
CORPORATION; LOUISIANA HEALTH                             :   Judge Patti B. Saris
SERVICE INDEMNITY COMPANY, dba                            :
BLUECROSS/BLUESHIELD OF                                   :
LOUISIANA; INTERNATIONAL UNION                            :
OF OPERATING ENGINEERS, LOCAL NO.                         :
68 WELFARE FUND; ASEA/AFSCME                              :
LOCAL 52 HEALTH BENEFITS TRUST;                           :
GERALD SMITH; and LORRAINE KOPA,                          :
on behalf of themselves and all others similarly          :
situated, v. PFIZER INC. and WARNER-                      :
LAMBERT COMPANY.                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
THE GUARDIAN LIFE INSURANCE                               :
COMPANY OF AMERICA v. PFIZER INC.                         :
and                                                       :
                                                          :
AETNA, INC. v. PFIZER INC.                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DEFENDANTS' NOTICE OF DEPOSITION OF
## ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure, Defendants, by and through their counsel, will take

deposition upon oral examination, before a person authorized to administer oaths,

of Plaintiff ASEA/AFSCME Local 52 Health Benefits Trust ("ASEA") on

September 26, 2005, commencing at 10:00 a.m., at the offices of Hare & Chaffin,

160 Federal Street, Boston, Massachusetts 02110. The deposition will continue from day to day thereafter until completion. Pursuant to Federal Rule of Civil Procedure 30(b)(6), ASEA shall designate one or more officers, employees, trustees, or other person or persons who consent to testify on its behalf, who are most knowledgeable about and will testify to the topics set forth in Schedule A.

Dated: September 9, 2005

PFIZER INC., et uno,

By their attorneys,

James P. Rouhandeh
James E. Murray
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

2

## SCHEDULE A

A.    DEFINITIONS AND INSTRUCTIONS

All of the definitions from Defendants' First Request for Production of Documents to Plaintiff ASEA/AFSCME Local 52 Health Benefits Trust (the Requests"), dated May 2, 2005, are incorporated herein by reference.

Each of the Topics encompasses the years 1990 through the present.

B.    TOPICS

1.    Your policies and practices concerning payment or reimbursement of claims for drug prescriptions generally, including: (a) claims processing and payment; (b) plan administration; (c) the use and content of formularies; (d) network contracting; (e) prior authorization; (f) drug utilization review and disease management; (g) academic detailing; and (h) claims for drug prescriptions for an off-label use.

2.    Your policies and practices concerning Neurontin, including: (a) payment or reimbursement of claims for Neurontin for off-label uses; (b) payment or reimbursement of claims for Neurontin for particular off-label uses; (c) the inclusion, maintenance, and removal of Neurontin on any formulary used, including any limits on Neurontin's coverage; (d) disease management and drug utilization review relating to Neurontin; (e) prior authorization programs relating to Neurontin; and (f) academic detailing relating to Neurontin.

3

3.    The names of all persons, business units, or entities (including third parties) that were responsible for supervising or implementing the policies and practices discussed in Topics 1 and 2.

4.    Your record retention policies and systems for hard copy and electronic documents relating to the policies and practices discussed in Topics 1 and 2.

5.    Any policies or practices that you had, and any determinations or efforts that you made, not to pay or reimburse for, or to limit payment or reimbursement of, claims for drug prescriptions for off-label uses generally and Neurontin specifically.

6.    Any analysis that you or your representatives or agents, including your third-party administrator(s) and pharmacy benefit manager(s), performed regarding whether Neurontin provides a medical benefit to patients who take it at off-label dosages or for pain, post-herpetic neuralgia, restless leg syndrome, diabetic peripheral neuropathy, social phobia, panic disorder, migraine headache, monotherapy for epilepsy, bipolar disorder, or any other off-label uses.

7.    Any conclusions or views that you or your representatives or agents, including your third-party administrator(s) and pharmacy benefit manager(s), have or had regarding whether Neurontin provides a medical benefit to, and may appropriately be prescribed by physicians for, patients who take it at off-label dosages or for pain, post-herpetic neuralgia, restless leg syndrome,

4

diabetic peripheral neuropathy, social phobia, panic disorder, migraine headache, monotherapy for epilepsy, bipolar disorder, or any other off-label uses.

8.      Any information that you have or had regarding whether any of your Members who took Neurontin for an off-label use or at an off-label dosage received or failed to receive any benefit from the drug.

9.      Any communications that you had with your third-party administrator(s), your pharmacy benefit manager(s), or any other persons or entities regarding Neurontin.

10.     Any communications that you had with your Members regarding Neurontin or off-label uses of medications.

11.     Any information that you have regarding what the uses were for Neurontin prescriptions for which you are seeking recovery.

12.     Any communications that you or any entity on your behalf had with Defendants regarding Neurontin or other prescription drugs.

13.     Any information that you have regarding whether the Neurontin prescriptions for which you are seeking recovery were written as a result of the alleged off-label promotion.

14.     Any information that you have regarding whether the alleged off-label promotion of Neurontin was fraudulent.

15.     Any information that you have regarding each of the allegations in the Amended Class Action Complaint.

5

16.     When and how you first learned the alleged facts set forth in the Amended Class Action Complaint and any efforts that you undertook, before you learned about these supposed facts, that would have led to their discovery.

17.     The composition of the three classes which you and the other class plaintiffs are seeking to represent.

18.     Your role as a class representative.

19.     The damages that you are seeking in this action and the basis for your calculation of those damages.

20.     All efforts that you have taken to mitigate your damages, including any new procedures or practices that you adopted.

21.     Any information that you have regarding the civil action *United States of America ex rel. David Franklin v. Parke-Davis, et al.*, C.A. No. 96-11651-PBS (D. Mass.) or any government investigation into the off-label use or promotion of Neurontin.

22.     Your organizational structure.

23.     All efforts that you made to identify and produce documents responsive to each numbered request in the Requests.

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of September 2005, I caused to be served a true and correct copy of the foregoing Notice of Deposition of ASEA/AFSCME Local 52 Health Benefits Trust by email PDF and first class U.S. Mail, postage prepaid, to:

Barry R. Himmelstein, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111

Nancy A. Pacharzina, Esq.
Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332

*Attorneys for ASEA/AFSCME Local 52 Health Benefits Trust*

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

*Attorneys for Plaintiff Harden Manufacturing*
*Corporation and Plaintiffs' Liaison Counsel*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, Texas 78701

*Members of the Product Liabilities Plaintiffs'*
*Steering Committee*

Patrick J. Murray

7

**EXHIBIT 21**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                        :
In re: NEURONTIN MARKETING AND                          :
SALES PRACTICES LITIGATION                              :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                        :    MDL Docket No. 1629
THIS DOCUMENT RELATES TO:                               :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x    Master File No. 04-10981
                                                        :
HARDEN MANUFACTURING                                    :
CORPORATION; LOUISIANA HEALTH                           :    Judge Patti B. Saris
SERVICE INDEMNITY COMPANY, dba                          :
BLUECROSS/BLUESHIELD OF                                 :
LOUISIANA; INTERNATIONAL UNION                          :
OF OPERATING ENGINEERS, LOCAL NO.                       :
68 WELFARE FUND; ASEA/AFSCME                            :
LOCAL 52 HEALTH BENEFITS TRUST;                         :
GERALD SMITH; and LORRAINE KOPA,                        :
on behalf of themselves and all others similarly        :
situated, v. PFIZER INC. and WARNER-                    :
LAMBERT COMPANY.                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                        :
THE GUARDIAN LIFE INSURANCE                             :
COMPANY OF AMERICA v. PFIZER INC.                       :
and                                                     :
                                                        :
                                                        :
AETNA, INC. v. PFIZER INC.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

## DEFENDANTS' NOTICE OF DEPOSITION OF
## HARDEN MANUFACTURING CORPORATION

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure, Defendants, by and through their counsel, will take

deposition upon oral examination, before a person authorized to administer oaths,

of Plaintiff Harden Manufacturing Corporation ("Harden") on September 28,

2005, commencing at 10:00 a.m., at the offices of Hare & Chaffin, 160 Federal

Street, Boston, Massachusetts 02110.  The deposition will continue from day to

day thereafter until completion.  Pursuant to Federal Rule of Civil Procedure

30(b)(6), Harden shall designate one or more officers, directors, managing agents,

or other person or persons who consent to testify on its behalf, who are most

knowledgeable about and will testify to the topics set forth in Schedule A.

Dated: September 9, 2005                         PFIZER INC., et uno,

                                                 By their attorneys,


                                                 James P. Rouhandeh
                                                 James E. Murray
                                                 DAVIS POLK & WARDWELL
                                                 450 Lexington Avenue
                                                 New York, New York 10017
                                                 (212) 450-4000

                                                 -and-

                                                 David B. Chaffin
                                                 BBO No. 549245
                                                 HARE & CHAFFIN
                                                 160 Federal Street
                                                 Boston, Massachusetts 02110
                                                 (617) 330-5000

2