**EXHIBIT 25**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------- x
                                :
In re:   NEURONTIN MARKETING AND              :
         SALES PRACTICES LITIGATION           :
                                :
------------------------------- x
                                :
THIS DOCUMENT RELATES TO:       :
                                : MDL Docket No. 1629
------------------------------- x
                                : Master File No. 04-10981
HARDEN MANUFACTURING            :
CORPORATION, et al. v. PFIZER INC. and        : Judge Patti D. Saris
WARNER-LAMBERT COMPANY.         :
                                : NOTICE OF DEPOSITION
------------------------------- x
                                :
THE GUARDIAN LIFE INSURANCE     :
COMPANY OF AMERICA v. PFIZER INC. and   :
                                :
AETNA, INC. v. PFIZER INC.      :
                                :
------------------------------- x

            PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure

30, Defendants in the above-referenced action, by their counsel, will take the deposition

upon oral examination of plaintiff Gerald Smith, whose address is 1711 W. State Road

236, Roachdale, IN 46172, before a Notary Public or other person authorized to

administer oaths at Hare & Chaffin, 160 Federal Street, Boston, Massachusetts 02110, on

the 14th day of September 2005, at 10:00 a.m. and continuing day to day thereafter until

completion. The testimony shall be recorded by sound-and-visual and stenographic

means.

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

Dated: August 17, 2005

PFIZER INC., et uno,

By their attorneys,

_____

James P. Rouhandeh
James E. Murray
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of August 2005, I caused to be served a true and correct copy of the foregoing Notice of Deposition of Gerald Smith by email PDF and first class U.S. Mail, postage prepaid, to:

Richard Shevitz, Esq.
Cohen & Malad
One Indiana Square, Suite 1400
Indianapolis, IN 46204

*Attorneys for Gerald Smith*

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

*Attorneys for Plaintiff Harden Manufacturing Corporation and Plaintiffs' Liaison Counsel*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, Texas 78701

*Members of the Product Liabilities Plaintiffs' Steering Committee*

Patrick J. Murray

3

**EXHIBIT 26**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------ x
                                     :
In re:  NEURONTIN MARKETING AND      :
        SALES PRACTICES LITIGATION   :
                                     :
------------------------------------ x
                                     :
THIS DOCUMENT RELATES TO:            :     MDL Docket No. 1629
                                     :
------------------------------------ x     Master File No. 04-10981 [D.
                                     :     Mass.]
HARDEN MANUFACTURING                 :
CORPORATION, et al. v. PFIZER INC. and :   Judge Patti D. Saris
WARNER-LAMBERT COMPANY.              :
                                     :     NOTICE OF DEPOSITION
------------------------------------ x
                                     :
THE GUARDIAN LIFE INSURANCE          :
COMPANY OF AMERICA v. PFIZER INC. and :
                                     :
AETNA, INC. v. PFIZER INC.           :
                                     :
------------------------------------ x

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, Defendants in the above-referenced action, by their counsel, will take the deposition upon oral examination of Dr. V.D. Dhaduk whose address is 141 Salem Avenue, Carbondale, PA 18407, before a Notary Public or other person authorized to administer oaths at the Radisson Lackawanna Station Hotel Scranton, 700 Lackawanna Avenue, Scranton, PA 18503, on the 13th day of September 2005, at 10:00 a.m. and continuing day to day thereafter until completion.  The testimony shall be recorded by stenographic means.

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

Dated: August 18, 2005

PFIZER INC., et uno,

By their attorneys,

James P. Rouhandeh
James E. Murray
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2005, I caused to be served a true and correct copy of the foregoing Notice of Deposition of Dr. V.D. Dhaduk by email PDF and first class U.S. Mail, postage prepaid, to:

Ronald J. Aranoff, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY 10016

*Attorneys for Lorraine Kopa*

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

*Attorneys for Plaintiff Harden Manufacturing Corporation and Plaintiffs' Liaison Counsel*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, Texas 78701

*Members of the Product Liabilities Plaintiffs' Steering Committee*

Patrick J. Murray

3

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

IN RE NEURONTIN MARKETING AND
SALES PRACTICE LITIGATION

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No.  04-10981 (D. Mass.)

TO:    Dr. V.D. Dhaduk
     141 Salem Avenue
     Carbondale, PA 18407

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION <br> Radisson Lackawanna Station Hotel Scranton <br> 700 Lackawanna Avenue <br> Scranton, PA 18503 | DATE AND TIME <br> September 13, 2005 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br><br> Attorney for Defendants | DATE <br><br> August 18, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James E. Murray, Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017
(212) 450 - 4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT 27**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - x
                           :
In re:  NEURONTIN MARKETING AND    :
        SALES PRACTICES LITIGATION   :
                           :

- - - - - - - - - - - - - - - - - - - - - - - - - x
                           :
THIS DOCUMENT RELATES TO:       :    MDL Docket No. 1629
                           :

- - - - - - - - - - - - - - - - - - - - - - - - - x    Master File No. 04-10981 [D.
                           :    Mass.]
HARDEN MANUFACTURING       :
CORPORATION, et al. v. PFIZER INC. and :    Judge Patti D. Saris
WARNER-LAMBERT COMPANY.   :
                           :    NOTICE OF DEPOSITION

- - - - - - - - - - - - - - - - - - - - - - - - - x
                           :
THE GUARDIAN LIFE INSURANCE   :
COMPANY OF AMERICA v. PFIZER INC. and :
                           :
AETNA, INC. v. PFIZER INC.       :
                           :

- - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, Defendants in the above-referenced action, by their counsel, will take the deposition upon oral examination of Dr. Thomas Craparo whose address is 110 Dundaff Street, Carbondale, PA 18407, before a Notary Public or other person authorized to administer oaths at the Radisson Lackawanna Station Hotel Scranton, 700 Lackawanna Avenue, Scranton, PA 18503, on the 12th day of September 2005, at 10:00 a.m. and continuing day to day thereafter until completion. The testimony shall be recorded by stenographic means.

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

Dated: August 18, 2005

PFIZER INC., et uno,

By their attorneys,

James P. Rouhandeh
James E. Murray
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August 2005, I caused to be served a true and correct copy of the foregoing Notice of Deposition of Dr. Thomas Craparo by email PDF and first class U.S. Mail, postage prepaid, to:

Ronald J. Aranoff, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY 10016

*Attorneys for Lorraine Kopa*

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

*Attorneys for Plaintiff Harden Manufacturing*
*Corporation and Plaintiffs' Liaison Counsel*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, Texas 78701

*Members of the Product Liabilities Plaintiffs'*
*Steering Committee*

Patrick J. Murray

3

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

**IN RE NEURONTIN MARKETING AND
SALES PRACTICE LITIGATION**

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No. 04-10981 (D. Mass.)

TO:    Dr. Thomas Craparo
       110 Dundaff Street
       Carbondale, PA 18407

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Radisson Lackawanna Station Hotel Scranton<br>700 Lackawanna Avenue<br>Scranton, PA 18503 | DATE AND TIME<br>September 12, 2005 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*/s/ J E Murray*<br><br>Attorney for Defendants | DATE<br><br>August 18, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James E. Murray, Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017
(212) 450 - 4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | MANNER OF SERVICE |
|---|---|---|
| SERVED ON (PRINT NAME) | | |

| | | TITLE |
|---|---|---|
| SERVED BY (PRINT NAME) | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____            _____
                        DATE                            SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT 28**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

```
- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
In re:  NEURONTIN MARKETING AND                   :
        SALES PRACTICES LITIGATION                :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
THIS DOCUMENT RELATES TO:                         :   MDL Docket No. 1629
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - x   Master File No. 04-10981
                                                  :   (D. Mass.)
HARDEN MANUFACTURING                              :
CORPORATION, et al. v. PFIZER INC. and            :   Judge Patti D. Saris
WARNER-LAMBERT COMPANY.                           :
                                                  :   NOTICE OF DEPOSITION
- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
THE GUARDIAN LIFE INSURANCE                       :
COMPANY OF AMERICA v. PFIZER INC. and             :
                                                  :
AETNA, INC. v. PFIZER INC.                        :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - x
```

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30,

Defendants in the above-referenced action, by their counsel, will take the deposition upon

oral examination of Dr. Kylene Huler, whose address is 5250 E. U.S. 36, Suite 210, Avon,

IN 46123, before a Notary Public or other person authorized to administer oaths at Ice

Miller, One American Square, Indianapolis, IN 46282, on the 13th day of September

2005, at 10:00 a.m. and continuing day to day thereafter until completion. The testimony

shall be recorded by stenographic means.

You are invited to attend and to participate in the manner provided for in the

Federal Rules of Civil Procedure.

Dated: August 17, 2005

PFIZER INC., et uno,

By their attorneys,

James P. Rouhandeh
James E. Murray
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of August 2005, I caused to be served a true and correct copy of the foregoing Notice of Deposition of Dr. Kylene Huler by email PDF and first class U.S. Mail, postage prepaid, to:

Richard Shevitz, Esq.
Cohen & Malad
One Indiana Square, Suite 1400
Indianapolis, IN 46204

*Attorneys for Gerald Smith*

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

*Attorneys for Plaintiff Harden Manufacturing
Corporation and Plaintiffs' Liaison Counsel*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, Texas 78701

*Members of the Product Liabilities Plaintiffs'
Steering Committee*

Patrick J. Murray

3

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

**IN RE NEURONTIN MARKETING AND
SALES PRACTICE LITIGATION**

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No. 04-10981 (D. Mass.)

TO:     Dr. Kylene Huler
        5250 E. U.S. 36, Suite 210
        Avon, IN 46123

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ice Miller<br>One American Square<br>Indianapolis, IN 46282 | September 13, 2005 at 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants | August 17, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James Rouhandeh, Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017
(212) 450 - 4835

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| | | |
|---|---|---|
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT 29**

# BERNSTEIN LIEBHARD & LIFSHITZ, LLP
### ATTORNEYS AT LAW
### 10 EAST 40TH STREET
### NEW YORK, NEW YORK 10016

---

(212) 779-1414

FAX: (212) 779-3218

www.bernlieb.com

August 25, 2005

TANLEY D. BERNSTEIN
ANDY A. LIEBHARD
EL E. LIFSHITZ
EITH M. FLEISCHMAN
EFFREY M. HABER
OBERT J. BERG*
RANCIS P. KARAM*
EBECCA M. KATZ
. SETH OTTENSOSER
ILLIAM A. K. TITELMAN^

OF COUNSEL
IMOTHY J. MacFALL
IARK T. MILLKEY
ELECIA L. STERN

ABRAHAM I. KATSMAN*
MICHAEL S. EGAN*
MARY U. HOOVER
RONALD J. ARANOFF
DANIELLE MAZZINI-DALY
BRIAN G. COHEN
GREGORY M. EGLESTON
JOSEPH R. SEIDMAN, JR.
ALDEN W. VEDDER
MICHAEL G. BIGIN
STEPHANIE M. BEIGE
ANDREA H. WILLIAMS*
JESSICA L. FRANCISCO
THERESA A. VITELLO***
BRETT M. LOGAN
RUSSELL M. IGER
ALIXANDRA R. BLITZ*
JEFFREY D. LERNER***

*ALSO ADMITTED IN NJ
*ALSO ADMITTED IN PA
^ADMITTED ONLY IN PA
***ADMITTED ONLY IN NJ & PA

## VIA FACSIMILE

James E. Murray, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

    **Re:**    *In Re Neurontin Marketing and Sales Practices Litigation*
          *MDL No. 1629*

Dear James:

    I am in receipt of a Notice of Deposition in the above-referenced matter for my client, Lorraine Kopa, as well as Notices of Depositions for Dr. V.D. Dhaduk and Dr. Thomas Craparo, Ms. Kopa's physicians. I write to ask that you to please reschedule these depositions for dates and locations that are convenient for all parties to this action.

    With respect to Ms. Kopa, neither she, nor me or my colleagues, are available for a deposition on September 14, 2005. We are in the process of getting convenient dates from Ms. Kopa and we will advise you of those dates in the near future. In addition, we would appreciate it if you would consider deposing Ms. Kopa in Scranton, Pennsylvania, where she resides, as opposed to in Boston, Massachusetts. Should you consent to deposing Ms. Kopa in Scranton, we would be happy to arrange for an appropriate site for the deposition.

    With respect to Dr. Dhaduk and Dr. Craparo, we do not represent them so we have no idea whether the dates you chose for their depositions are acceptable to them or their attorneys. I can tell you, however, that we are not available to attend depositions on either September 12th or 13th. In addition, to the best of my knowledge, you still have not provided us with any "call notes" for these doctors despite the fact that we requested the call notes in our document requests.

BERNSTEIN LIEBHARD & LIFSHITZ, LLP

James Murray, Esq.
August 25, 2005
Page 2

Please let me know promptly whether you will voluntarily consent to change the dates for these depositions, whether you will agree to depose Ms. Kopa in Scranton and when we can expect to receive the "call notes" pertaining to Dr. Dhaduk and Dr. Craparo.

Very truly yours,

Ronald J. Aranoff

cc: Tom Greene, Esq (via facsimile)
    Richard Shevitz, Esq. (via facsimile)