**EXHIBIT 30**

# COHEN & MALAD, LLP
### ATTORNEYS

Louis F. Cohen (1936-1992)
Richard M. Malad
Irwin B. Levin
Richard N. Bell
David J. Cutshaw
Gregory L. Laker
Thomas L. Blackburn
Richard E. Shevitz
Donald D. Levenhagen
Arend J. Abel
Shakrina Radpour Beering
Brian K. Zoeller*

*Certified Family Law
Specialist

Michael C. Adley
Laura C. Jeffs
Scott D. Gilchrist
Eric S. Pavlack
Jeff S. Gibson
Elizabeth J. Doepken
Julie Andrews
Philip D. Sever**
Katherine A. Harmon

**also admitted in Ohio

August 30, 2005

## VIA FACSIMILE

James E. Murray, Esq.
Patrick J. Murray, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017

      RE:   *In re Neurontin Marketing & Sales Practices Litigation*
            MDL No. 1629

Dear James and Patrick:

We are writing regarding the depositions you recently noticed of consumer Plaintiff class representatives Gerald Smith and Loraine Kopa and their treating physicians, Drs. Huler, Dhaduk, and Craparo.

As noted in Ron Aranoff's letter of August 25, 2005, we oppose going forward with treating doctors' depositions until defendants have produced their complete physician sales call database and clinical communications database. These databases are likely to contain information highly relevant to the class representatives' treating physicians' (and their colleagues') knowledge of Neurontin for off-label uses, and it would not make sense conduct those depositions before we have that information.

As you know, these databases were specifically requested in Plaintiffs' March 11, 2005, First Request for Production of Documents, Nos. 33, 55, and 56. It is our understanding that, while defendants have produced what was represented to be the clinical communications database, that database did not work properly and needs to be reproduced to us in a useable form. In addition, we understand that defendants redacted physicians' names from that database. When you re-produce that database in useable form, we ask at a minimum that you include the names of Drs. Huler, Dhaduk, and Craparo, as well as the names of Dr. Huler's past and current partners, who we have preliminarily identified to include Mark Muckaway, Oldrich J. Kolar, Jay A. Bauerle, José Arbona, Margaret Frazer, Heidi Lee, and Clare Braun-Hashemi.

James E. Murray, Esq.
Patrick J. Murray, Esq.
DAVIS POLK & WARDWELL
August 30, 2005
Page 2

Turning next to the physician call note database, we understand that defendants have agreed to produce this database, but have not yet done so. It is our further understanding that defendants intend to initially produce the entire database other than the "notes" section, which purportedly will require a time consuming and detailed review and possible cell-by-cell redaction. To be clear, we expect to receive the entire sales call database, including "notes," before going forward with the depositions of Plaintiffs' physicians.

Please notify us of your position with respect to producing the sales call and clinical communications databases prior to the depositions of Drs. Huler, Dhaduk, and Craparo. If you are not agreeable to postponing these physician depositions pending full production of the clinical communications and sales call databases, we will have no choice but to seek a court order. Moreover, if against our wishes any of these doctor's depositions occurs before those databases are produced, we fully intend to reconvene those depositions once that production has occurred, a right we specifically reserve. We suspect that these busy doctors would not appreciate having to sit for depositions more than once, so hopefully this can be avoided.

The above document-related timing issues aside, we also have scheduling problems with the dates you unilaterally chose for the depositions of Mr. Smith, Ms. Kopa, and Drs. Huler, Dhaduk, and Craparo. Ron Aranoff already notified you of scheduling conflicts regarding Ms. Kopa and Drs. Dhaduk and Craparo in his letter of August 25, 2005.

With regard to Dr. Huler and Mr. Smith, you issued Notices of Deposition for September 13 and 14, respectively. It is our understanding that you subsequently—and again without our input—rescheduled Dr. Huler's deposition for September 12, 2005, a date on which we are not available. Turning to Mr. Smith, neither Mr. Smith nor the counsel that will be defending his deposition are available on your chosen deposition date of September 14. We propose instead conducting that deposition on October 10, 2005, at our offices in Indianapolis. It is well settled that plaintiffs are entitled to have their depositions conducted in the district where they reside and filed suit. We trust that the location of this deposition will not be a point of contention. Please let us know if you are agreeable to conducting Mr. Smith's deposition on October 10, 2005, in Indianapolis.

Very truly yours,

Richard E. Shevitz
Eric S. Pavlack

cc:    Thomas M. Sobol, Esq. *(Via Facsimile)*
       Thomas M. Greene, Esq. *(Via Facsimile)*
       Ronald J. Aranoff, Esq. *(Via Facsimile)*

# EXHIBIT 31

# BERNSTEIN LIEBHARD & LIFSHITZ, LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

———

(212) 779-1414

FAX: (212) 779-3218

www.bernlieb.com

STANLEY D. BERNSTEIN
SANDY A. LIEBHARD
MEL E. LIFSHITZ
KEITH M. FLEISCHMAN
JEFFREY M. HABER
ROBERT J. BERG*
FRANCIS P. KARAM▼
REBECCA M. KATZ
U. SETH OTTENSOSER

SENIOR COUNSEL
WILLIAM A. K. TITELMAN▲

———

OF COUNSEL
TIMOTHY J. MacFALL
MARK T. MILLKEY

ABRAHAM I. KATSMAN*
MICHAEL G. EGAN*
MARY U. HOOVER
ANNE W. SALISBURY
FELECIA L. STERN
RONALD J. ARANOFF
DANIELLE MAZZINI-DALY
BRIAN S. COHEN
GREGORY M. EGLESTON
JOSEPH R. SEIDMAN, JR.
ALDEN W. VEDDER
MICHAEL S. BIGIN
STEPHANIE M. BEIGE
ANDREA H. WILLIAMS*
JESSICA L. FRANCISCO
THERESA A. VITELLO***
BRETT M. LOGAN
RUSSELL M. IGER

*ALSO ADMITTED IN NJ
▼ALSO ADMITTED IN PA
▲ADMITTED ONLY IN PA
***ADMITTED ONLY IN NJ & PA

September 9, 2005

**VIA FACSIMILE**
Patrick J. Murray, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re:   *In Re Neurontin Marketing and Sales Practices Litigation*
*MDL No. 1629*

Dear Patrick:

I am in receipt of your September 7, 2005 letter to Richard Shevitz and Eric Pavlack regarding the depositions of the individual plaintiffs and their physicians in the above-referenced matter. We are currently contemplating the proposals outlined in your letter and we will get back to you with our positions next week.

It is my current understanding that the class discovery cut-off date might be extended in some form. Once we know definitively whether the class discovery cut-off is indeed extended, we will be able to provide you with available and acceptable dates for the depositions of Lorraine Kopa, Dr. V.D. Dhaduk, and Dr. Thomas Craparo, as well as for Gerry Smith and Dr. Kylene Huler. In the meantime, please be advised that it is our understanding that the above-mentioned depositions will not take place on the original dates that you noticed. Please let me know immediately if you have a contrary understanding so that we can move for an appropriate protective order.

On a separate note, we accept your proposal to take plaintiffs' depositions in their respective hometowns. We will be happy to arrange for appropriate locations for the depositions if you so choose. In return, we agree to take the depositions of defendants' witnesses in New York City.

Very truly yours,

Ronald J. Aranoff

cc:   Thomas Greene, Esq.
      Barry Himmelstein, Esq.
      Richard Shevitz, Esq.

**EXHIBIT 32**

# DAVIS POLK & WARDWELL

300 1 STREET. N.W.
IINGTON. D.C. 20005

DO EL CAMINO REAL
LO PARK, CA 94025

9 GRESHAM STREET
ONDON EC2V 7NG

. AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4252

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

September 7, 2005

Re:    **In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629**

Richard Shevitz, Esq.
Eric Pavlack, Esq.
Cohen & Malad
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204

Dear Richard and Eric:

I write in response to your August 30, 2005 letter regarding the depositions of your client Gerald Smith, class plaintiff Lorraine Kopa, Dr. Kylene Huler, Dr. V.D. Dhaduk, and Dr. Thomas Craparo and to follow up on my telephone conversation yesterday with Eric.

As an initial matter, I was extremely surprised by the complaints in your August 30 letter that the dates for these depositions were chosen "unilaterally." At the beginning of August, I contacted your colleague Jeff Gibson, Esq. and specifically asked for dates upon which Mr. Smith was available for deposition in September and early October 2005. I made the same request of Ronald Aranoff, Esq. with respect to Ms. Kopa's availability. During both of these conversations, I also asked whether your firms would be able to accept service on behalf of your clients' treating physicians. When two weeks passed and I did not hear back from either Mr. Gibson or Mr. Aranoff, I sent out the notices of deposition that you received. Under these circumstances, I think that it is quite understandable that the dates were selected without your input.[1]

_____

[1] In your August 30 letter, you also complain that the deposition of Dr. Huler was rescheduled "without [y]our input." Nothing could be further from the truth. Upon discovering that Dr. Huler was not available on the dated noticed, September 13, 2005, her deposition was tentatively scheduled for September 12, pending confirmation of the availability of someone from your firm. As you know, when Eric informed us that no one from your firm could be available on September 12 for the deposition, we agreed not to proceed on that date.

Richard Shevitz, Esq.                    2                    September 7, 2005
Eric Pavlack, Esq.

Nonetheless, we continue to be willing to schedule these depositions at times convenient to all parties, understanding of course that class discovery is scheduled to close on October 10, 2005. We cannot, however, accept the date that you propose – October 10 – as this is the final day of the class discovery period and we may need additional time after Mr. Smith's deposition to pursue topics raised in that deposition. Accordingly, please provide us, no later than September 12, 2005, with at least three dates during September upon which we will be able to take the deposition of Mr. Smith. In addition, please identify as many dates as possible upon which someone from your firm is available to attend the deposition of Dr. Huler.

Regarding Mr. Smith's deposition, we are willing to take it at your offices in Indianapolis as you propose. With respect to the other party depositions to be noticed and scheduled, defendants propose the following arrangement: the depositions of plaintiffs' witnesses will occur where they reside or where the plaintiff originally filed his, her, or its case, and the depositions of defendants' witnesses will occur at our offices in New York, New York or where the deponent resides or works. Please advise us whether this is acceptable.

With respect to your request for the production of certain databases, defendants will produce the portions of the sales call database and the medical communications databases relating to Drs. Huler, Muckaway, Kolar, Bauerle, Arbona, Frazer, Lee, and Braun-Hashemi before the deposition of Dr. Huler and will produce the same portions of these databases relating to Drs. Dhaduk and Craparo before their respective depositions. This production will include the "call notes" section of the sales call database relating to these physicians, as well as entries in the medical communications databases for these physicians.[2] We have not agreed to produce the entirety of the sales call database as your letter suggests.

During my telephone with Eric yesterday, he indicated that the individual plaintiffs are no longer insisting (as they had in your August 30 letter) that the issue as to whether the entirety of these databases should be produced must be resolved before the depositions of Drs. Huler, Dhaduk, and Craparo take place. He explained, however, that the individual plaintiffs will not proceed with these depositions until defendants identify all events sponsored by defendants that Drs. Huler, Muckaway, Kolar, Bauerle, Arbona, Frazer, Lee, Braun-Hashemi, Dhaduk, and Craparo attended. We cannot accept your proposal. The identification of all

---

[2] Your August 30 letter states that the medical communications databases "did not work properly." We have heard that the products liability plaintiffs are also having difficulty with these databases. We are working on this issue and will be providing them with an improved version as soon as the problems can be corrected. Please explain the nature of the problems that you are encountering so that we can confirm that our present efforts will address your problems, as well as those of the products liability plaintiffs.

Richard Shevitz, Esq.                    3                September 7, 2005
Eric Pavlack, Esq.

of the events that these physicians attended would impose upon defendants the same burdens from which defendants are seeking relief through their motion for a protective order. To identify the events that these physicians attended after 1998 would require defendants to collect and search the files of numerous sales and marketing employees.[3] The burdens of such a search have been described in detail in the papers that defendants filed in support of their motion for a protective order.

Although defendants cannot accept your proposal, we would be willing to consider conducting a targeted search for this information if the depositions of Drs. Huler, Dhaduk, and Craparo reveal that they in fact attended any events sponsored by defendants and if the witnesses are able to identify any such meetings with some specificity.

Please let us know if this proposal is acceptable to you.

Sincerely yours,

Patrick J. Murray

cc:    Thomas Sobol, Esq.
       Ronald Aranoff, Esq.
       Barry Himmelstein, Esq.

By Facsimile

---

[3] To the extent that the individual plaintiffs are seeking to determine which Neurontin-related events sponsored by defendants these physicians attended before 1999, defendants have already produced the documents that would contain this information. These documents, which were produced in electronic form, can be searched by the individual plaintiffs just as easily as by defendants.

**EXHIBIT 33**

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

BARRY R. HIMMELSTEIN
PARTNER

EMBARCADERO CENTER WEST
275 BATTERY STREET, 30TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3339
TELEPHONE: (415) 956-1000
FACSIMILE: (415) 956-1008
mail@lchb.com
www.lchb.com

NEW YORK
WASHINGTON, D.C.
BEVERLY HILLS
NASHVILLE

September 14, 2005

VIA FACSIMILE
(212) 450-3800

James P. Rouhandeh
DAVIS POLK & WARDWELL
450 Lexington Ave.
New York, NY 10017

Re:  In re Neurontin Marketing, Sales Practices, and Products Liability
     Litigation
     MDL Docket No. 1629
     Client-Matter No. 9082-0003

Dear Jim:

    We are entitled to obtain *all* documents pertaining to Neurontin "events" attended by the class representatives' prescribing physicians (and their close colleagues) before those depositions are taken. We requested these documents in our first RFP served back in March. As you know, the consumer class representatives did not begin taking Neurontin until October 1999 (Smith) and November 2003 (Kopa), respectively. Accordingly, even you have not disputed the relevance of these documents, whether or not they were generated after 1998.

    Your proposal for a 120-day extension of class discovery does nothing to address our concern, as you have stated that Pfizer is not even going to start looking for those documents unless and until Magistrate Judge Sorokin rules against it on the pending motion re scope of discovery, and that this search and subsequent production, once begun, will take far more than 120 days to complete. You have also frustrated our attempts to get these documents from the third-party medical marketing firms via subpoena, by instructing them not to produce them until your motion (which addresses only Pfizer's supposed burden, not theirs) is ruled upon.

    We are willing to waive the class discovery cutoff with respect to the depositions of the consumer class representatives' physicians, so that a fair and meaningful deposition can be taken, and taken only once, after the foregoing documents have been produced. We do not have the same concerns or impediments with respect to the depositions of the consumer and TPP class

James Rouhandeh
September 14, 2005
Page 2

representatives.  We remain willing to waive the cutoff as necessary to accommodate scheduling difficulties with respect to any of these depositions, which should proceed forthwith.

Very truly yours,

Barry R. Himmelstein

BRH/tks

473379.1

**EXHIBIT 34**

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

.MES P. ROUHANDEH
212 450 4835
es.rouhandeh@dpw.com

September 16, 2005

Re:     **In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629**

Barry R. Himmelstein, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111

Dear Barry:

Your letter of yesterday mischaracterizes defendants' position. We are not refusing to search for documents concerning events attended by plaintiffs Smith and Kopa's physicians and their partners. As we explained in a September 7, 2005 letter to Messrs. Shevitz and Pavlack, in order for defendants to conduct a search, plaintiffs or their physicians must identify events that these physicians attended. Without some indication of events attended by these physicians you are asking us to look for a needle in a haystack. Your proposal would require defendants to collect and review *all* of their post-1998 sales and marketing documents, without any evidence that these physicians attended any events. As you know, plaintiffs' demand that defendants collect and review such documents is subject to defendants' motion for a protective order. If plaintiffs have some basis for believing that these physicians attended particular events, please let us know. If plaintiffs have no such information now, plaintiffs will be able to ask these physicians at their depositions if they attended any events. If the physicians indicate what events they attended, if any, defendants will be in a much better position to locate the documents that plaintiffs seek.

Your letter of yesterday also makes a false assertion concerning our conduct with respect to third-party medical marketing firms. We have not given these firms (or any other third parties) such instructions. As you know, however,

Barry R. Himmelstein, Esq.                    2                    September 16, 2005

the Court made clear that any ruling on defendants' motion for a protective order will apply to the scope of third-party discovery.

Finally, you indicate that the class plaintiffs are prepared to proceed with depositions. As we are still waiting for the individual plaintiffs to propose dates upon which they are available for deposition (since they were unwilling to proceed on the dates noticed), let this serve as a re-iteration of our request for their available dates. With respect to your client, ASEA, Nancy Pacharzina has informed us that while ASEA's two representatives are not available for deposition on the date noticed, they are available during the week of October 3, 2005. Accordingly, please ask them to reserve October 4 and 5 for deposition although our willingness to go forward on those dates depends on the status of document production by both ASEA and relevant third parties.

Sincerely yours,

James P. Rouhandeh

cc:    Thomas Sobol, Esq.

By Facsimile & Mail

**EXHIBIT 35**

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>.SHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017<br>212 450 4000<br>FAX 212 450 3800 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| .1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID ESPAÑA |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT<br><br>212 450 4252 | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | | 3A CHATER ROAD<br>HONG KONG |

July 19, 2005

Re:    **In re Neurontin Marketing and Sales Practices Litigation,
       MDL No. 1629**

Ronald J. Aranoff, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 28th Floor
New York, New York 10016

Dear Ron:

You indicated in our telephone call earlier this morning that plaintiffs are unable to provide any dates for a further meet-and-confer this week other than possibly this Friday, July 22. If plaintiffs are available on that date, we will certainly meet then, however, as I mentioned, we would like to meet with any subsets of plaintiffs before then. As I indicated in my earlier email, we were available to meet as early as this afternoon.

In that email, I proposed the following meetings this week at any of the following times:

1)     Meeting or call with counsel for the individual plaintiffs to discuss
       document requests.

Tuesday, July 19, 2 p.m. to 8 p.m.

Wednesday, July 20, 8 a.m. to 8 p.m.

Thursday, July 21, 8 a.m. to 8 p.m.

Friday, July 22, 8 a.m. to 8 p.m.

(We are also available to meet individually with counsel for either Mr. Smith and Ms. Kopa at any of these times. Further, if counsel for the individual plaintiffs are not available at any of these times, we are available next week to meet at any time from 8 a.m. to 8 p.m.)

Ronald J. Aranoff, Esq.                    2                    July 19, 2005

2)   <u>Meeting or call with counsel for Harden, Local 68, and ASEA to discuss
     the remaining documents requests.</u>

• Harden (Reqs. Nos. 89 to end)

• Local 68 (Reqs. Nos. 1 - 21 and 78 to end)

• ASEA (Reqs. Nos. 78 to end)

Tuesday, July 19, 2 p.m. to 8 p.m.

Wednesday, July 20, 8 a.m. to 8 p.m.

Thursday, July 21, 8 a.m. to 8 p.m.

Friday, July 22, 8 a.m. to 8 p.m.

(Again, we are available to meet individually with counsel for Harden,
Local 68, and ASEA at any of these times. Further, if counsel for these
plaintiffs are not available at any of these times, we are available next
week to meet at any time from 8 a.m. to 8 p.m.)

3)   <u>Meeting or call with counsel for Aetna, Guardian Life, and Kaiser to
     discuss their proposed reports.</u>

Tuesday, July 19, 2 p.m. to 8 p.m.

Wednesday, July 20, 8 a.m. to 8 p.m.

Thursday, July 21, 8 a.m. to 8 p.m.

Friday, July 22, 8 a.m. to 8 p.m.

(We are available to meet individually with counsel for Aetna, Guardian
Life, and Kaiser at any of these times. Further, if counsel for these
plaintiffs are not available at any of these times, we are available next
week to meet at any time from 8 a.m. to 8 p.m.)

Please contact us as soon as possible regarding the dates and times that
plaintiffs are available to meet. We will also need to meet and confer regarding
plaintiffs' responses to defendants' interrogatories. While we are happy to cover
these with counsel for a single plaintiff or a group of plaintiffs, you have indicated
that plaintiffs would prefer to cover the interrogatories as a group. You also
indicated that Friday is the first possible date that plaintiffs' counsel could meet as
a group. Please alert me as soon as you know that plaintiffs' counsel are able to

Ronald J. Aranoff, Esq.                    3                        July 19, 2005

meet on this date. If plaintiffs' counsel cannot meet Friday, July 22, please propose the first alternative date.

I look forward to hearing from you or any subset of plaintiffs as soon as they are able to alert us regarding their availability.

Very truly yours,

Patrick J. Murray

By Facsimile & Mail

cc:    Thomas M. Sobol, Esq.
       Linda Nussbaum, Esq.
       Richard Bemporad, Esq.
       Thomas M. Greene, Esq.
       James Dugan, Esq.
       Christopher A. Seeger, Esq.
       Kim D. Stephens, Esq.
       Barry Himmelstein, Esq.
       Johnathan W. Lowe, Esq.
       Irwin B. Levin, Esq.
       Keith M. Fleischman, Esq.

**EXHIBIT 36**

# DAVIS POLK & WARDWELL

### 450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

I-6-I ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

JAMES P. ROUHANDEH
212 450 4835
james.rouhandeh@dpw.com

212 450 4835

July 26, 2005

Re:    **In re Neurontin Marketing and Sales Practices Litigation, MDL No.
       1629**

Ronald Aranoff
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 28th Floor
New York, New York 10016

Richard Shevitz
Cohen & Malad, LLP
One Indiana Square
Suite 1400
Indiana, IN 46204

Dear Ron and Richard:

Individual plaintiffs Lorraine Kopa and Gerald Smith have produced 64 and 141 pages of documents in response to defendants' document requests, respectively.

At the outset of our meet-and-confer session last Friday, July 22, 2005, you informed us that you thought that the document productions for Kopa and Smith were complete. During the course of that session, you agreed to consider supplementing your production with respect to a number of requests. Please confirm by this Friday, July 29, 2005, whether you will be producing any additional documents on behalf of these plaintiffs.

Please feel free to contact me if you have any questions.

Sincerely yours,

James P. Rouhandeh

cc:    Tom Sobol

**EXHIBIT 37**

# COHEN & MALAD, LLP
## ATTORNEYS

Louis F. Cohen (1936-1992)
Richard M. Malad
Irwin B. Levin
Richard N. Bell
David J. Cutshaw
Gregory L. Laker
Thomas L. Blackburn
Richard E. Shevitz
Donald D. Levenhagen
Arend J. Abel
Shokrina Radpour Beering
Brian K. Zoeller*

*Certified Family Law
Specialist

Michael C. Adley
Laura C. Jeffs
Scott D. Gilchrist
Eric S. Pavlack
Jeff S. Gibson
Elizabeth J. Doepken
Julie Andrews
Philip D. Sever**

**Not admitted in Indiana,
admitted in Ohio

July 28, 2005

*VIA FACSIMILE and
FIRST CLASS MAIL*

James P. Rouhandeh, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017

RE:    In Re: Neurontin Marketing and Sales Practice Litigation
         MDL No. 1629

Dear Jim:

I received yesterday your letter of July 26, 2005 asking that Ron Aranoff and I confirm by July 29 whether our clients will be producing any additional documents as a result of the discussions that were conducted on July 22. As you may be aware, at the meet and confer that Ron and I conducted with Patrick Murray, we agreed to consider supplementing certain of our clients' discovery responses after we have an opportunity to give further thought to the substantive reasons underlying the requests for such additional information and after consulting with our clients and reviewing their records to see if any such additional information might be available.

Your letter of July 26 essentially asks us to complete the process within a one week period. It does not appear that we will be able to complete that process within that 7 day time frame. During that week, I have been traveling out of the country, and it is my understanding that Ron is involved in depositions outside of New York, and will not be back in his office for the rest of this week.

James P. Rouhandeh, Esq.
Page 2
July 28, 2005


     Accordingly, we are simply not in a position to complete the analysis and provide you with a response by July 29.  Of course, Ron and I will follow up with Patrick Murray regarding these issues in a reasonable amount of time.

               Very truly yours,

               Richard E. Shevitz

RES:csc

cc:    Thomas M. Sobol, Esq. (via facsimile)
       Thomas M. Greene, Esq. (via facsimile)
       Ronald J. Aranoff, Esq. (via facsimile)

**EXHIBIT 38**