UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION ) ) ) ) | MDL Docket No. 1629 |
|  | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS ) ) ) | Judge Patti B. Saris |

### PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 68 WELFARE FUND'S OBJECTIONS AND RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Now comes Plaintiff International Union of Operating Engineers Local No. 68 Welfare Fund ("Plaintiff") and responds to Defendant Pfizer, Inc. and Warner-Lambert Company's ("Defendants'") First Set of Interrogatories as follows:

### I.    PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Interrogatories are made for the sole purpose of this litigation. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response. Plaintiffs' response to all or any part of the Interrogatories should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Interrogatories; or (2) Plaintiff has in his/her possession, custody or control documents responsive to that Interrogatory; or (3) documents responsive to that Interrogatory exists. Plaintiff's response to all or any part of

any Interrogatory is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of his/her objection(s) to that Interrogatory.

Plaintiff and his/her counsel have not completed (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1.    Plaintiff objects to these Interrogatories to the extent they are inconsistent with, or seek to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts or any applicable scheduling order, case management order or other ruling of the Court.

2.    Plaintiff objects to these Interrogatories to the extent that they seek information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff will not produce such information.

3.    Plaintiff objects to these Interrogatories to the extent they seek information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the

2

patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

4.     Plaintiff objects to these Interrogatories to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information.

5.     Plaintiff objects to these Interrogatories to the extent they seek information not available or known to Plaintiff.

6.     Plaintiff objects to these Interrogatories to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

7.     Plaintiff objects to these Interrogatories to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiff or others.

8.     Plaintiff objects to these Interrogatories to the extent they are vague, ambiguous, or incomprehensible, requiring Plaintiff to engage in conjecture as to their meaning.

9.     Plaintiff objects to these Interrogatories to the extent that they seek information and documents from a time period that is overly broad.

10.     Plaintiff objects to these Interrogatories to the extent they seek information or documents regarding drugs other than Neurontin. As such, these requests are overly broad, unduly burdensome and seek information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff will only produce documents or information regarding Neurontin.

3

11.    Plaintiff objects to these Interrogatories to the extent that they seek information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

12.    Plaintiff objects to these requests to the extent they seek information that contains proprietary or confidential business information.

13.    Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Interrogatories. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in Defendant's Interrogatories is accurate or complete.

14.    Plaintiff objects to the Interrogatories to the extent they purport to require Plaintiffs to disclose or produce documents concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiff as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Ruled of Civil Procedure.

15.    Plaintiff reserves its right to make additional objections to these Interrogatories and to supplement them and amend them as discovery continues.

16.    All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

17.    Plaintiff objects to these Interrogatories to the extent they constitute premature contention interrogatories. Production of such information, at this time, could irreparably

4

prejudice Plaintiff's further investigation, development and prosecution of this litigation and serves no purpose other than to harass and burden Plaintiff and to unnecessarily delay and needlessly increase the cost of this litigation to all parties.

## RESPONSE TO INTERROGATORIES

Interrogatory No. 1

Identify all individuals who are likely to have discoverable information that the Plaintiff may use to support its claims, each person who has knowledge or information regarding the allegations of the Complaint, including allegations regarding Plaintiff's alleged damages, and identify the Paragraph(s) of the Complaint as to which the person has knowledge or information.

Response No. 1

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this Interrogatory on the grounds that it is premature at this stage of the litigation. To date, Plaintiff has not identified any witnesses. Plaintiff will respond to this request in accordance with the Court's scheduling order concerning the disclosure of witnesses. Plaintiff further objects to this Interrogatory to the extent it calls for legal conclusions.

Subject to and without waiving the foregoing objections, Plaintiff is in the process of answering defendant's interrogatory and will provide a response as soon as possible.

Interrogatory No. 2:

Identify from January 1, 1994 to the present (a) all of Plaintiff's named fiduciaries, trustees, directors, executives, and officers, or those in similar positions; and (b) each of Plaintiff's current and former trustees, officers, employees, non-employee agents, and fiduciaries

5

with responsibility for the administration and/or payment of health benefit claims by Plaintiff, including, but not limited to, such administration and/or payment related to Neurontin; reimbursements, co-payments or deductibles to providers, pharmacies, or Members; and health benefits or health insurance provided by or through Plaintiff to Members, and indicate the area for which each such trustee, officer, employee, agent, directory, officer or fiduciary had and/or has responsibility.

Response No. 2

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff is in the process of answering defendant's interrogatory and will provide a response as soon as possible.

Interrogatory No. 3

Describe in detail Plaintiff's organizational structure and area of business, including but not limited to the identification of all departments and divisions within Plaintiff, and a description of the responsibilities of each of those departments.

Response No. 3

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff is in the process of answering defendant's interrogatory and will provide a response as soon as possible.

Interrogatory No. 4

Identify all committees, teams, councils, or other groups of employees that discussed, recommended, approved or were otherwise involved in or concerned with coverage of claims concerning Neurontin, including but not limited to those groups that considered the inclusion of Neurontin in Plaintiff's formulary, groups responsible for the assessment or payment of claims concerning Neurontin, and groups responsible for communicating with Members, providers, pharmacies, or Defendants concerning Neurontin.

Response No. 4

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff is in the process of answering defendant's interrogatory and will provide a response as soon as possible.

Interrogatory No. 5:

Describe Plaintiff's policies for covering costs relating to prescription medications by identifying whether Plaintiff reimburses expenses incurred by Members, provides the drugs directly to Members, reimburses pharmacies, or takes any other approach to such costs. If policies differ between drugs, identify the reasons for differences, and explain in detail the policy that applies to Neurontin.

Response No. 5

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff is in the process of answering defendant's interrogatory and will provide a response as soon as possible.

Interrogatory No. 6:

From January 1, 1994 to the present, identify all Members of Plaintiff who were prescribed and/or administered Neurontin, and indicate:

      (a)    the dose of Neurontin received by the Member;

      (b)    the reason(s) for the Member's treatment with Neurontin;

      (c)    who wrote the prescription for the Member's Neurontin;

      (d)    who filled the prescription for the Member's Neurontin;

      (e)    whether any Members who were prescribed and/or administered Neurontin are/were covered by Medicare or any other federal health care plan or eligible for Medicare or any other federal health benefits and, for each Member, whether the Plaintiff's plan is primary or secondary coverage to Medicare or any other federal health care plan;

Response No. 6

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or

doctrine. Plaintiff further objects to this Interrogatory to the extent it seeks information not available or known to Plaintiff.

Subject to and without waiving the foregoing objections, the information requested by Interrogatory No. 6 will be produced as part of Plaintiff's Response to Defendant's Request for the Production of Documents.

<u>Interrogatory No. 7:</u>

Identify each occasion since January 1, 1994 on which Plaintiff paid for all or part of the costs of Neurontin, including but not limited to, any form of payment, reimbursement, co-payment, or coinsurance, and for each such payment provide:

    (a)    the dollar amount of the payment;

    (b)    the dollar amount that the Plaintiff contends should have been paid if it differs from the amount actually paid;

    (c)    the date the payment was made;

    (d)    the person or entity to whom the payment was made;

    (e)    other sources that paid part of the price for Neurontin (such as Medicare, Medicaid, federal health care plan, private insurance, any other employee benefit plan, or out of pocket by the Member);

    (f)    the dollar amount paid by other sources for Neurontin (such as Medicare, Medicaid, federal health care plan, private insurance, any other employee benefit plan, or out of pocket by the Member);

    (g)    the date of the medical service for which payment was made by Plaintiff;

    (h)    the Member on whose behalf the payment was made, and whether the Member was an employee under the Plaintiff's plan, a dependent, or a retiree;

    (i)     the indication for which Neurontin was prescribed;

    (j)     the health care provider(s) who prescribed and/or administered the drug;

    (k)    the pharmacy or other entity that filled the prescription; and

    (l)     the state(s) where the Member and health care provider were located.

<u>Response No. 7</u>

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this Interrogatory to the extent it seeks information not available or known to Plaintiff.

Subject to and without waiving the foregoing objections, the information requested by Interrogatory No. 7 will be produced as part of Plaintiff's Response to Defendant's Request for the Production of Documents.

<u>Interrogatory No. 8</u>

State the number of prescriptions for off-label uses for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements for off-label prescriptions.

<u>Response No. 8</u>

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, the information requested by Interrogatory No. 8 will be produced as part of Plaintiff's Response to Defendant's Request for the Production of Documents.

Interrogatory No. 9

State the number of prescriptions for Neurontin for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements, broken down into (a) off-label prescriptions for Neurontin; and (b) prescriptions of Neurontin for approved indications.

Response No. 9

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this Interrogatory to the extent it seeks information not

available or known to Plaintiff. Plaintiff further objects on the ground that this Interrogatory is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, the information requested by Interrogatory No. 9 will be produced as part of Plaintiff's Response to Defendant's Request for the Production of Documents.

Interrogatory No. 10

If Plaintiff requires pharmacies or providers to provide any directions, instructions or warnings concerning proper use of Neurontin to prescription takers, or if Plaintiff itself provides such materials, state: (a) the exact contents of such instructions or warning; (b) the place and manner in which such directions, instructions or warnings were to be given to Neurontin takers; and (c) the person or person who was to provide such directions, instructions or warnings.

Response No. 10

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff is in the process of answering defendant's interrogatory and will provide a response as soon as possible.

Interrogatory No. 11

State whether a representative of Defendant ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

12

Response No. 11

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that it is

premature and discovery is ongoing.

Subject to and without waiving the foregoing objections, Plaintiff is in the process of

answering defendant's interrogatory and will provide a response as soon as possible.

Interrogatory No. 12

State whether providers who prescribed Neurontin to Plaintiff's Members ever made any

statement about Neurontin to Plaintiff, and if so, describe in detail the content of those

statements, when they were made, who made them, and the circumstances under which they

were made.

Response No. 12

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks

information not available or known to Plaintiff. Plaintiff further objects to this Interrogatory on

the grounds that it is premature and discovery is ongoing.

Subject to and without waiving the foregoing objections, Plaintiff is in the process of

answering defendant's interrogatory and will provide a response as soon as possible.

Interrogatory No. 13

State whether Plaintiff or any representative of Plaintiff ever attended any seminars,

meetings or events at which the use of Neurontin for any off-label use was discussed; and if so,

state the name of the person(s) who attended, the date(s) of the event(s), the location of the event(s), the title of the event(s), and the subject matter discussed.

Response No. 13

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff is in the process of answering defendant's interrogatory and will provide a response as soon as possible.

Interrogatory No. 14

Describe in detail Plaintiff's knowledge of off-label uses of Neurontin by its Members, including (a) when Plaintiff first learned that Neurontin was being prescribed for off-label uses; (b) how Plaintiff learned this fact; (c) who told Plaintiff this fact; (d) and what, if anything, Plaintiff did upon learning this fact.

Response No. 14

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Su Subject to and without waiving the foregoing objections, Plaintiff is in the process of answering defendant's interrogatory and will provide a response as soon as possible.

Interrogatory No. 15

State whether you have had any communications with Parke-Davis, Warner-Lambert, or Pfizer, including but not limited to online, phoned, mailed or faxed communications, regarding Neurontin, including the dates of any such communications.

14

Response No. 15

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this Interrogatory to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Su Subject to and without waiving the foregoing objections, Plaintiff is in the process of answering defendant's interrogatory and will provide a response as soon as possible.

Interrogatory No. 16

Itemize all damages you claim to have incurred, directly or indirectly, as a result of the allegations in your Complaint, including, but not limited to, all pharmaceutical expenses, and the address of each person who provided goods or services in connection with each such expense, the nature of the goods or services provided, the dates of all services rendered to you or provision of goods to you, the monetary amount of each such expense or item of damages, and the name and address of the person or entity paying such obligation.

Response No. 16

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiffs refer to the documents produced in Response to Request for Production Nos. 49 and 53.

Interrogatory No. 17

State the amount of money you paid, by month, year, and state, in paying or reimbursing claims for Neurontin or in purchasing Neurontin for distribution to members.

Response No. 17

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiffs refer to the documents produced in Response to Request for Production Nos. 1 and 2.

Interrogatory No. 18

State whether Members were required to identify Neurontin as being used for an off-label use on any forms or in any correspondence with Plaintiff for any costs associated with Members' ingestion of Neurontin.

Response No. 18

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff is in the process of answering defendant's interrogatory and will provide a response as soon as possible.

Interrogatory No. 19

Describe every instance in which you refused to pay for or reimburse the costs of a drug because it had been prescribed for an off-label use.

<u>Response No. 19</u>

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff is in the process of answering defendant's interrogatory and will provide a response as soon as possible.

A signed Verification by Plaintiff will follow under separate cover.

Dated: New York, New York
       June 2, 2005

SEEGER WEISS LLP

By: _____
    Christopher A. Seeger
    David R. Buchanan
    Seth A. Katz
    One William Street
    New York, New York 10004
    (212) 584-0700

By:    /s/ Thomas M. Sobol
       Thomas M. Sobol
       Hagens Berman LLP
       One Main Street, 4th Floor
       Cambridge, MA 02142
       (617) 482-8200
       (617) 482-3003 (fax)

       **Plaintiffs' Liaison Counsel**


By:    /s/ Barry Himmelstein
       Barry Himmelstein, Esquire
       Lieff Cabraser Heimann & Bernstein
       Embarcadero Center West
       275 Battery Street, 30th Floor
       San Francisco, CA 94111-3339


By:    /s/ Don Barrett
       Don Barrett, Esquire
       Barrett Law Office
       404 Court Square North
       P.O. Box 987
       Lexington, MS 39095


By:    /s/ Daniel Becnel, Jr.
       Daniel Becnel, Jr., Esquire
       Law Offices of Daniel Becnel, Jr.
       106 W. Seventh Street
       P.O. Drawer H
       Reserve, LA 70084


By:    /s/ James Dugan
       James Dugan, Esquire
       Dugan & Browne
       650 Poydras St., Suite 2150
       New Orleans, LA 70130


By:    /s/ Thomas Greene
       Thomas Greene Esquire
       Greene & Hoffman
       125 Summer Street
       Boston, MA 02110

       **Members of the Class Plaintiffs'
       Steering Committee**

**EXHIBIT 45**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| IN RE NEURONTIN MARKETING AND ) | MDL Docket No. 1629 |
| SALES PRACTICES LITIGATION ) | |
| ) | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ) | |
| ALL CLASS ACTIONS ) | Judge Patti B. Saris |
| ) | |

## PLAINTIFF LOUISIANA HEALTH SERVICE INDEMNITY COMPANY D/B/A BLUECROSS/BLUESHIELD OF LOUISIANA'S OBJECTIONS AND RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Now comes Plaintiff Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana ("Plaintiff") and responds to Defendant Pfizer, Inc. and Warner-Lambert Company's ("Defendants'") First Set of Interrogatories as follows:

## I.     PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Interrogatories are made for the sole purpose of this litigation. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response. Plaintiffs' response to all or any part of the Interrogatories should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Interrogatories; or (2) Plaintiff has in his/her possession, custody or control documents responsive to that Interrogatory; or (3) documents responsive to that Interrogatory exists. Plaintiff's response to all or any part of

1

any Interrogatory is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of his/her objection(s) to that Interrogatory.

Plaintiff and his/her counsel have not completed (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1.    Plaintiff objects to these Interrogatories to the extent they are inconsistent with, or seek to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts or any applicable scheduling order, case management order or other ruling of the Court.

2.    Plaintiff objects to these Interrogatories to the extent that they seek information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff will not produce such information.

3.    Plaintiff objects to these Interrogatories to the extent they seek information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the

2

patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

4.    Plaintiff objects to these Interrogatories to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information.

5.    Plaintiff objects to these Interrogatories to the extent they seek information not available or known to Plaintiff.

6.    Plaintiff objects to these Interrogatories to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

7.    Plaintiff objects to these Interrogatories to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiff or others.

8.    Plaintiff objects to these Interrogatories to the extent they are vague, ambiguous, or incomprehensible, requiring Plaintiff to engage in conjecture as to their meaning.

9.    Plaintiff objects to these Interrogatories to the extent that they seek information and documents from a time period that is overly broad.

10.    Plaintiff objects to these Interrogatories to the extent they seek information or documents regarding drugs other than Neurontin.  As such, these requests are overly broad, unduly burdensome and seek information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.  Plaintiff will only produce documents or information regarding Neurontin.

3

11.     Plaintiff objects to these Interrogatories to the extent that they seek information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

12.     Plaintiff objects to these requests to the extent they seek information that contains proprietary or confidential business information.

13.     Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Interrogatories. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in Defendant's Interrogatories is accurate or complete.

14.     Plaintiff objects to the Interrogatories to the extent they purport to require Plaintiffs to disclose or produce documents concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiff as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Ruled of Civil Procedure.

15.     Plaintiff reserves its right to make additional objections to these Interrogatories and to supplement them and amend them as discovery continues.

16.     All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

17.     Plaintiff objects to these Interrogatories to the extent they constitute premature contention interrogatories. Production of such information, at this time, could irreparably

4

prejudice Plaintiff's further investigation, development and prosecution of this litigation and serves no purpose other than to harass and burden Plaintiff and to unnecessarily delay and needlessly increase the cost of this litigation to all parties.

## RESPONSE TO INTERROGATORIES

Interrogatory No. 1

Identify all individuals who are likely to have discoverable information that the Plaintiff may use to support its claims, each person who has knowledge or information regarding the allegations of the Complaint, including allegations regarding Plaintiff's alleged damages, and identify the Paragraph(s) of the Complaint as to which the person has knowledge or information.

Response No. 1

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this Interrogatory on the grounds that it is premature at this stage of the litigation. To date, Plaintiff has not identified any witnesses. Plaintiff will respond to this request in accordance with the Court's scheduling order concerning the disclosure of witnesses. Plaintiff further objects to this Interrogatory to the extent it calls for legal conclusions.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Please refer to this Plaintiff's Automatic Required Disclosures.

Interrogatory No. 2:

Identify from January 1, 1994 to the present (a) all of Plaintiff's named fiduciaries, trustees, directors, executives, and officers, or those in similar positions; and (b) each of Plaintiff's current and former trustees, officers, employees, non-employee agents, and fiduciaries

5

with responsibility for the administration and/or payment of health benefit claims by Plaintiff,
including, but not limited to, such administration and/or payment related to Neurontin;
reimbursements, co-payments or deductibles to providers, pharmacies, or Members; and health
benefits or health insurance provided by or through Plaintiff to Members, and indicate the area
for which each such trustee, officer, employee, agent, directory, officer or fiduciary had and/or
has responsibility.

Response No. 2

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly
burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of
admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce
documents that contain information responsive to this Interrogatory, to the extent it exists.

Interrogatory No. 3

Identify all committees, teams, councils, or other groups of employees that discussed,
recommended, approved or were otherwise involved in or concerned with coverage of claims
concerning Neurontin, including but not limited to those groups that considered the inclusion of
Neurontin in Plaintiff's formulary, groups responsible for the assessment or payment of claims
concerning Neurontin, and groups responsible for communicating with Members, providers,
pharmacies, or Defendants concerning Neurontin.

Response No. 3

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly
burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of
admissible evidence.

6