Subject to and without waiving the foregoing objections, Plaintiff will produce documents that contain information responsive to this Interrogatory, to the extent it exists.

Interrogatory No. 4:

Describe Plaintiff's policies for covering costs relating to prescription medications by identifying whether Plaintiff reimburses expenses incurred by Members, provides the drugs directly to Members, reimburses pharmacies, or takes any other approach to such costs. If policies differ between drugs, identify the reasons for differences, and explain in detail the policy that applies to Neurontin.

Response No. 4

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff's business model is that it's pharmacy benefits manager ("PBM") pays the pharmacy their negotiated rate for prescriptions, the pharmacy collects the co-pay from the member, and plaintiff reimburses the PBM on a regular basis for amounts the PBM has paid to the pharmacy. The policy would be essentially the same for most drugs including Neurontin, although certain injectibles may be handled differently as those are sometimes purchased by the member or are supplied by a doctor who administers them but that is immaterial to Neurontin. It is possible that, under rare circumstances, Plaintiff has reimbursed a member directly for a drug, for example if the member filled a prescription at a pharmacy that did not deal at all with Plaintiff's PBM then the member would pay full price for the prescription and then plaintiff might reimburse the member for the allowable price, but this would be a very rare occurrence and plaintiff knows of no such circumstance.

7

Interrogatory No. 5:

From January 1, 1994 to the present, identify all Members of Plaintiff who were prescribed and/or administered Neurontin, and indicate:

(a)    the dose of Neurontin received by the Member;

(b)    the reason(s) for the Member's treatment with Neurontin;

(c)    who wrote the prescription for the Member's Neurontin;

(d)    who filled the prescription for the Member's Neurontin;

(e)    whether any Members who were prescribed and/or administered Neurontin are/were covered by Medicare or any other federal health care plan or eligible for Medicare or any other federal health benefits and, for each Member, whether the Plaintiff's plan is primary or secondary coverage to Medicare or any other federal health care plan;

Response No. 5

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this Interrogatory to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects on the ground that this Interrogatory is

unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that contain information responsive to this Interrogatory, to the extent it exists.

Interrogatory No. 6:

Identify each occasion since January 1, 1994 on which Plaintiff paid for all or part of the costs of Neurontin, including but not limited to, any form of payment, reimbursement, co-payment, or coinsurance, and for each such payment provide:

(a)    the dollar amount of the payment;

(b)    the dollar amount that the Plaintiff contends should have been paid if it differs from the amount actually paid;

(c)    the date the payment was made;

(d)    the person or entity to whom the payment was made;

(e)    other sources that paid part of the price for Neurontin (such as Medicare, Medicaid, federal health care plan, private insurance, any other employee benefit plan, or out of pocket by the Member);

(f)    the dollar amount paid by other sources for Neurontin (such as Medicare, Medicaid, federal health care plan, private insurance, any other employee benefit plan, or out of pocket by the Member);

(g)    the date of the medical service for which payment was made by Plaintiff;

(h)    the Member on whose behalf the payment was made, and whether the Member was an employee under the Plaintiff's plan, a dependent, or a retiree;

(i)    the indication for which Neurontin was prescribed;

9

       (j)      the health care provider(s) who prescribed and/or administered the drug;

       (k)      the pharmacy or other entity that filled the prescription; and

       (l)      the state(s) where the Member and health care provider were located.

<u>Response No. 6</u>

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this Interrogatory to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects on the ground that this Interrogatory is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that contain information responsive to this Interrogatory, to the extent it exists.

<u>Interrogatory No. 7</u>

State the number of prescriptions for off-label uses for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements for off-label prescriptions.

Response No. 7

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects on the ground that this Interrogatory is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that contain information responsive to this Interrogatory, to the extent it exists.

Interrogatory No. 8

State the number of prescriptions for Neurontin for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements, broken down into (a) off-label prescriptions for Neurontin; and (b) prescriptions of Neurontin for approved indications.

Response No. 8

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160,

164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this Interrogatory to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects on the ground that this Interrogatory is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that contain information responsive to this Interrogatory, to the extent it exists.

Interrogatory No. 9

If Plaintiff requires pharmacies or providers to provide any directions, instructions or warnings concerning proper use of Neurontin to prescription takers, or if Plaintiff itself provides such materials, state: (a) the exact contents of such instructions or warning; (b) the place and manner in which such directions, instructions or warnings were to be given to Neurontin takers; and (c) the person or person who was to provide such directions, instructions or warnings.

Response No. 9

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff does not provide instructions to pharmacies or providers nor does Plaintiff require pharmacies to provide such information. Plaintiff believes that most pharmacies provide some information to customers about the prescriptions they fill.

12

Interrogatory No. 10

State whether a representative of Defendant ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

Response No. 10

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that it is premature and discovery is ongoing.

Subject to and without waiving the foregoing objections, Plaintiff is unaware of any such statement at this time, but reserves the right to supplement this response.

Interrogatory No. 11

State whether providers who prescribed Neurontin to Plaintiff's Members ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

Response No. 11

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this Interrogatory on the grounds that it is premature and discovery is ongoing.

Subject to and without waiving the foregoing objections, Plaintiff is unaware of any such statement at this time, but reserves the right to supplement this response.

13

Interrogatory No. 12

State whether Plaintiff or any representative of Plaintiff ever attended any seminars, meetings or events at which the use of Neurontin for any off-label use was discussed; and if so, state the name of the person(s) who attended, the date(s) of the event(s), the location of the event(s), the title of the event(s), and the subject matter discussed.

Response No. 12

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, no current employees of plaintiff recalls such a seminar, plaintiff is searching through warehoused files of former employees to locate any such material. Plaintiff reserves the right to supplement this response.

Interrogatory No. 13

Describe in detail Plaintiff's knowledge of off-label uses of Neurontin by its Members, including (a) when Plaintiff first learned that Neurontin was being prescribed for off-label uses; (b) how Plaintiff learned this fact; (c) who told Plaintiff this fact; (d) and what, if anything, Plaintiff did upon learning this fact.

Response No. 13

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff became aware of Neurontin being prescribed for off-label uses when various lawsuits appeared in the press.

14

Plaintiff is unable to supply an exact date. Plaintiff does not normally know the condition for which a covered drug is prescribed.

Interrogatory No. 14

State whether you have had any communications with Parke-Davis, Warner-Lambert, or Pfizer, including but not limited to online, phoned, mailed or faxed communications, regarding Neurontin, including the dates of any such communications.

Response No. 14

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this Interrogatory to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff is unaware of any such communications at this time, but reserves the right to supplement this response.

Interrogatory No. 15

Itemize all damages you claim to have incurred, directly or indirectly, as a result of the allegations in your Complaint, including, but not limited to, all pharmaceutical expenses, and the address of each person who provided goods or services in connection with each such expense, the nature of the goods or services provided, the dates of all services rendered to you or provision of goods to you, the monetary amount of each such expense or item of damages, and the name and address of the person or entity paying such obligation.

15

Response No. 15

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiffs refer to the documents produced in Response to Request for Production Nos. 49 and 53.

Interrogatory No. 16

State the amount of money you paid, by month, year, and state, in paying or reimbursing claims for Neurontin or in purchasing Neurontin for distribution to members.

Response No. 16

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiffs refer to the documents produced in Response to Request for Production Nos. 1 and 2.

Interrogatory No. 17

State the amount of money you received, by month, year, and state, in the form of rebates, discounts, or other price adjustments, concerning Neurontin from any pharmaceutical provider, wholesaler, retailer, or other entity, and identify the entities from which such rebates, discounts, or other price adjustments was received.

Response No. 17

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Interrogatory to the extent that it seeks

information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiffs refer to the documents produced in Response to Request for Production No. 47.

Interrogatory No. 18

State whether Members were required to identify Neurontin as being used for an off-label use on any forms or in any correspondence with Plaintiff for any costs associated with Members' ingestion of Neurontin.

Response No. 18

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections:  no.

Interrogatory No. 19

Describe every instance in which you refused to pay for or reimburse the costs of a drug because it had been prescribed for an off-label use.

Response No. 19

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Interrogatory to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering  this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.  Plaintiff further objects to this

17

Interrogatory on the grounds that it is not limited in time, rendering the request overly broad and

unduly burdensome.

Dated: June 3, 2005

By:     /s/ James Dugan
        James Dugan, Esquire
        Dugan & Browne
        650 Poydras St., Suite 2150
        New Orleans, LA 70130

        **Plaintiffs' Counsel**

By:    /s/ Thomas M. Sobol
        Thomas M. Sobol
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142
(617) 482-8200
(617) 482-3003 (fax)

**Plaintiffs' Liaison Counsel**


By:    /s/ Barry Himmelstein
Barry Himmelstein, Esquire
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By:    /s/ Don Barrett
Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By:    /s/ Daniel Becnel, Jr.
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By:    /s/ Thomas Greene
Thomas Greene Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

**Members of the Class Plaintiffs'
Steering Committee**

The undersigned, Charles A. O'Brien, counsel for Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana, hereby certify that the facts set forth in the foregoing responses to Defendants' First Set of Interrogatories are true, and correct to the best of my knowledge and belief. As to the assertion of objections, Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana has relied on the advice of counsel.

Dated: June 3, 2005

Charles A. O'Brian
Counsel for Louisiana Health
Service & Indemnity Company d/b/a
Blue Cross and Blue Shield of
Louisiana

20

**EXHIBIT 46**



**Dugan&Browne**
A Professional Law Corporation

Douglas R. Plymale, Ph.D.
Attorney at Law
(504) 648-0180
doug@duganbrowne.com

August 26, 2005

**Via U.S. Mail and Facsimile to: (212) 450-3800**

Patrick J. Murray, Esq.
450 Lexington Avenue
New York, NY 10017

Re: In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629

Dear Mr. Murray:

By now you should have received four CD's from Ed Notargiacomo that contain Blue Cross/Blue Shield of Louisiana's ("BCBSLA") document production. If not, please contact me immediately. All of those documents should be considered "Confidential." Please find enclosed the following supplemental information:

1) Index of Requests for Production to which the documents produced are responsive
2) Field codes for both claims databases
3) A list of provider names and addresses (on disk)
4) Summary of whether my client is withholding or limiting the search for documents based on an objection as discussed in our Meet and Confers
5) List of BCBSLA "decision makers" regarding Neurontin

The organizational charts for January through May 1999 were created by BCBSLA's Human Resources Department with Org Plus software. These files are in ".OPX" format. BCBSLA no longer owns a copy of the Org Plus software, BCBSLA's Human Resources Department did not retain hard copies of these charts, and BCBSLA has not been able to locate hard copies of these charts from any other sources. Please note that there are other organizational charts for April and May 1999 that are in Power Point or MS Word format which duplicate the information in those charts in the .OPX format.

BCBSLA is withholding its pharmacy agreements due to confidentiality clauses within those agreements. However, BCBSLA is willing to produce the pharmacy agreements only if they are limited to the 'eyes only' of defendant's experts and outside counsel.

In response to Requests for Production (RFP) numbers 25 and 30, BCBSLA does have a copy of the Physician's Desk Reference that it will make available for review.

**Dugan&Browne**
A Professional Law Corporation

In response to RFP numbers 4, 20, 21 & 22, BCBSLA searched for responsive documents (particularly its Network News, which are newsletters sent to providers) and found no responsive documents.

Finally, BCBSLA does not have any responsive documents for the following RFP's: 3, 4, 8, 9, 11, 12, 14, 15, 16, 17, 20, 21, 22, 23, 28, 29, 33, 34, 36, 38, 42, 43, 47, 61, 64, 65, 67, 75, 76, 77, 83, 84, 85 & 91.

If you have any questions, please do not hesitate to call. I am,

Very truly yours,

Douglas R. Plymale, Ph.D.

Enclosures

Master List – Neurontin Documents

## DOCUMENT                                                  RESPONSIVE TO RFP #:

<u>Organizational Charts</u>                                    RFP #39

**1994**
　　Officers 11/94

**1995**
　　Officers 12/95

**1996**
　　Benefits Services & Managed Care Division – Benefits Administration 10/96
　　Benefits Services & Managed Care Division – Managed Care Services 10/96
　　Benefits Services & Managed Care Division – Management 10/96
　　Officers 12/96

**1997**
　　Benefits Services & Managed Care Division – Management 2/97
　　Officers 12/97

**1998**
　　Officers 4/98
　　Officers 6/98
　　Officers 10/98

**1999**
　　Officers 1-99
　　President - VPs – 2/99
　　President - VPs – 3/99
　　President - VPs – 4/99
　　Officers 6/99
　　Officer 7/99
　　Officers 8/99
　　Officers 8/99
　　Officers 10/99
　　Officers 11/99
　　Benefits Administration 11/99
　　Managed Care – 11/99

**2000**
　　Officers 1/00
　　Officers 2/00
　　Officers 3/00
　　Officers 5/00
　　Officers 6/00
　　Officers 8/00

Officers 9/00
Officers 10/00
Officers 11/00
Officers 12/00
Benefits Administration Management 12/00
Medical Economics Management – 12/00
Medical Management 12/00

2001

Officers 1/01
Officers 2/01
Officers 3/01
Officers 6/01
Officers 9/01
Officers 11/01
Benefits Administration Management 11/01
Managed Care 11/01
Medical Economics Management 11/01

2002

Officers 1/02
Officers 3/02
Officers 6/02
Officers 9/02
Benefits Administration Management 6/02
Managed Care 6/02
Medical Economics Management 6/02

2003

Officers 1/03
Officers 11/03
Benefits Administration Management 6/03
Medical Management 12/03
Medical Economics Management 6/03
Coding Claims 6/03
Coding Claims II 6/03

2004

Benefits Administration 10/04
Officers and Key Management 4/04

2005

Benefits Administration 4/05
Provider Reimbursement 4/05
Medical Economics 3/1/05
Medical Economics Management 3/15/05
Medical Economics Division 4/05

2

Pharmacy Agreements--**Withheld due to confidentiality**     RFP #S 6, 7, 10, 37, 40, 45, 63 68, 72 73, 74, 82 & 87

PCS Agreements
Medco Agreements
Express Scripts Agreements
Community Pharmacy Agreements
Specialty Pharmacy Agreements


Annual reports     RFP #s 56 &62

1994 – 2003


Names & addresses of trustees, fiduciaries, and officers 1/1/1994 to present

List of members of the Board of Directors – 1993 - 2004
List of officers 1994 – 1999
List of Officers of the Board of Directors and Offices of the Corporation 2000 – 2005.


Names and addresses of all Plan Administrators from 1/1/1994 to present

PCS Health Systems, Inc.
P. O. Box 52115
Phoenix, AZ  85072-2115

Paid Prescriptions, Inc.
1900 Pollitt Drive
Fair Lawn, NJ  07410

National RX Services of Texas, Inc.
15001 Trinity Boulevard
Fort Worth, TX 76115

Merck-Medco Rx Services of Texas, Inc.
100 Summit Avenue
Montvale, NJ  07054

Express Scripts, Inc.
6625 West 78th Street
Bloomington, MN  55439-0842

3

Organizational Charts                                    RFP #s 39, 40 & 59

Annual Reports                                           RFP #s 56 & 62

2004

Pharmacy Agreements                                      RFP #S 6, 7, 10, 37, 40, 45,
                                                         63 68, 72 73, 74, 82 & 87
Centocor Agreement 4/1/2003

Miscellaneous                                            RFP # 68

1995 Pharmacy Request for Proposal
2001 Request for Information/Request for Proposal/Pharmacy Benefits Management
2004 Pharmacy Request for Proposal

Understanding Treatment Decision Criteria for Multimodal Therapy 4/26/04

LHSIC Article of Incorporation                           RFP #s 58 & 62
LHSIC BY-Laws

Prescription Claim Form                                  RFP # 86

Sample Provider Contracts                                RFP #s19, 66, 68, & 92

Sample Member Health Contracts                           RFP #s 6, 57, 60, 66, 74, 79,
                                                         80, 87, 88 & 92

Formularies                                              RFP #S 6, 7, 10, 37, 40, 45,
                                                         63 68, 72 73, 74, 82 & 87
Preferred Prescription Formulary – 1997
Preferred Prescriptions Formulary 1998
Client Formulary Design Form 3/1999
Blue Selections Preferred Rx Member Guide – 1999
Three-Tier Formulary 2005
Five-Tier Formulary 2005
1999 Blue Selections Preferred Rx Physician's Guide

Newspapers Articles                                      RFP #s 13, 26, & 27

10/19/02 – "Pfizer to settle Medicaid Allegations" – *The Advocate* – Baton Rouge, La.

11/8/02 – "Ad Agency Helped Push Neurontin, Documents Show" from the *Wall Street Journal* (Eastern Edition)

8/9/03 – "Drug firms accused of unlawful marketing" – *The times Picayune* – New Orleans, La.

4

## For BCBSLA claims system database, the fields are as follows:

Masked Contract – Encrypted Subscriber ID.
Masked Claim – Encrypted Claim Number
Age – Age of the member
DOS – Date of Service
Dt Paid – Date Paid
Charge – Amount Billed
Paid – Amount Paid
Co-Pay – member co-payment
Deduct – member deductible
Coins – member coinsurance
Diag13 – Diagnosis Code
DX1 – Diagnosis Code
CPT4 – CPT4 Code
HCPCS – HCPCS Code
NDC – National Drug Code
Pre DEA – Prescriber DEA Code
Reg Prov No – BCBSLA Regional Provider Number
Disp – BCBSLA Claim Disposition Code
1 First payment for each claim
2 Replaces a payment which has been cancelled (used after code 3)
3 Cancels a payment
4 Voids a payment (used after codes 1 or 2)
5 Rejected claim, no payment
State – State of Pharmacy


## For the PBM Claims Data:

Masked Contract – Encrypted Subscriber ID.
Masked Claim – Encrypted Claim Number
DOS - Date of Service
DOP - Date of Payment
Billed Amount – the amount BCBSLA paid
Co-Pay Amount – member co-payment
Calc Ingred Cost – Calculated Ingredient Cost - the cost of the drug dispensed based on the
        participating pharmacy contract as calculated by the PBM
Dispensing Fee – prescription dispensing fee
Tax Amount – amount of the tax on the prescription
NDC - National Drug Code
Physician Number – the physician's DEA number
Pharmacy Number - the pharmacy's NCPDP or NABP number
Dispensing State - State of Pharmacy

1.  Not withholding.
2.  Not withholding.
3.  Limiting search.
4.  Not withholding, but may produce exemplar documents due to burden.
5.  Limiting search
6.  Not withholding.
7.  Not withholding
8.  Not withholding
9.  Not withholding
10. Not withholding
11. Not withholding
12. Not withholding
13. Limiting search based on burden
14. Limiting search based on burden
15. Not withholding
16. Limiting search
17. Not withholding
18. Not withholding
19. Not withholding
20. Not withholding
21. Not withholding
22. Not withholding
23. Not withholding
24. Limiting search based on burden
25. Not withholding—will provide list
26. Limiting search
27. Limiting search
28. response pending resolution of terms "efficacy" and "inefficacy"
29. Not withholding
30. Not withholding, except for documents re "efficacy," see #28.
31. Not withholding
32. Not withholding
33. Not withholding
34. Not withholding
35. Not withholding
36. Not withholding
37. Not withholding
38. Not withholding
39. Not withholding
40. Not withholding
41. Not withholding
42. Not withholding
43. Not withholding
44. Not withholding
45. Not withholding
46. Not withholding

1

47. Not withholding
48. Not withholding
49. Not withholding
50. Not withholding
51. Not withholding
52. Not withholding
53. Not withholding
54. Not withholding
55. Plaintiffs to exchange Bates numbered list
56. Not withholding
57. Not withholding
58. Not withholding
59. Not withholding
60. Not withholding
61. Not withholding
62. Not withholding
63. Not withholding
64. Not withholding
65. Response pending Defendants defining "adoption agreements"
66. Not withholding
67. Response pending Defendants defining "adoption agreements"
68. Limiting search
69. Withholding based on relevance and burden.
70. Withholding based on relevance and burden.
71. a) not withholding
    b) withholding based on confidentiality
    c) not withholding
72. Limiting search
73. Limiting search
74. Not withholding
75. Not withholding
76. Not withholding
77. Limiting search
78. Withholding based on equal availability.
79. Not withholding
80. Not withholding
81. Not withholding
82. Not withholding
83. Not withholding
84. Not withholding
85. Not withholding
86. Not withholding
87. Not withholding
88. Not withholding
89. Not withholding.
90. Not withholding.

2

91. Not withholding.
92. Not withholding.
93. Not withholding.
94. N/A
95. through 105 Withholding premature.
106. and 110-126  Withholding premature.

3