## BCBSLA Decision Makers re Neurontin

James G. Gengelbach, D. O.
Vice President, Managed Care and Medical Director
Louisiana Health Service & Indemnity Company,
D/b/a Blue Cross and Blue Shield of Louisiana
5145 Bluebonnet Boulevard
Baton Rouge, LA 70809
(225) 408-1422
2/1993 to 1/2003


R. Dwight Brower, M. D.
Medical Director, Health & Quality Management
Louisiana Health Service & Indemnity Company,
D/b/a Blue Cross and Blue Shield of Louisiana
5525 Reitz Avenue (70809)
P. O. Box 98029
Baton Rouge, LA 70898-9029
(225) 295-3307
1997 to the present


Milam W. Ford, R. Ph., M. B. A., M. P. H.
Director of Pharmacy Services
Louisiana Health Service & Indemnity Company,
D/b/a Blue Cross and Blue Shield of Louisiana
5525 Reitz Avenue (70809)
P. O. Box 98029
Baton Rouge, LA 70898-9029
(225) 295-3307
6/2002 to the present


Armand Ramirez, Jr.
Director of Pharmacy Services
Address unknown
2/1999 to 2/2002

1

Imelda C. Coleman, PharmD
Manager, Commercial Pharmacy Operations
Louisiana Health Service & Indemnity Company,
D/b/a Blue Cross and Blue Shield of Louisiana
5525 Reitz Avenue (70809)
P. O. Box 98029
Baton Rouge, LA  70898-9029
(225) 295-3307
March 2003 to the present


J. Richard Williams
Corporate Vice President of Network Administration
Louisiana Health Service & Indemnity Company,
D/b/a Blue Cross and Blue Shield of Louisiana
5525 Reitz Avenue (70809)
P. O. Box 98029
Baton Rouge, LA  70898-9029
(225) 295-3307
1974 to the present


Katherine P. Crosby
Director, Professional Reimbursement
Louisiana Health Service & Indemnity Company,
D/b/a Blue Cross and Blue Shield of Louisiana
5525 Reitz Avenue (70809)
P. O. Box 98029
Baton Rouge, LA  70898-9029
(225) 295-3307
1989 to the present


Sabrina Heltz
Corporate Vice President, Medical Economics
Louisiana Health Service & Indemnity Company,
D/b/a Blue Cross and Blue Shield of Louisiana
5525 Reitz Avenue (70809)
P. O. Box 98029
Baton Rouge, LA  70898-9029
(225) 295-3307
1985 to the present

**EXHIBIT 47**

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | 212 450 4000<br>FAX 212 450 3800 | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | 212 450 4252 | 3A CHATER ROAD<br>HONG KONG |

August 12, 2005

Re:    **In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629**

Richard Shevitz, Esq.
Cohen & Malad
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204

Dear Richard:

I write to memorialize the numerous deficiencies of your client Gerald Smith's responses to defendants' interrogatories in the above-referenced litigation. During the July 22 meet-and-confer session, we discussed some of these deficiencies specifically, but others were not covered because of the limited time available for the session. In this letter, we have attempted to catalogue all of the deficiencies in Mr. Smith's responses, but we reserve our right to identify additional deficiencies. We ask that Mr. Smith supplement his responses and thereby remedy these deficiencies by August 24, 2005. If Mr. Smith refuses to remedy these deficiencies based upon any objections that he is asserting, please set those forth in detail.

Interrogatory No. 2

State Plaintiff's full name and any nicknames or aliases by which Plaintiff has ever been known; Plaintiff's present address, date of birth, and social security number; whether Plaintiff has ever been married, and, if so, the date of each marriage and the name and address of each spouse; and the name, address and birth dates of any children.

Deficiency in Response to Interrogatory No. 2

Mr. Smith has not provided his social security number. In addition, he has not stated whether he was ever married and if so, the additional requested information regarding the marriage(s). Finally, Mr. Smith has not provided the addresses and birth dates of his children.

Richard Shevitz, Esq.                    2                    August 12, 2005

Interrogatory No. 3

List the address(es) that Plaintiff resided at during the ten years prior to the matters alleged in the Complaint. As to each, state (a) the dates when Plaintiff resided at the address; and (b) the name and present address of each individual that resided with Plaintiff.

Deficiency in Response to Interrogatory No. 3

First, although Mr. Smith provides what is apparently his current address, he does not state how long he has lived there. As a result, it is unclear from his answer whether he lived at his current address from ten years prior to the matters alleged in the Complaint until the present. To provide a complete answer, Mr. Smith must state each address at which he has resided during this time period, as well as the dates when he resided at each. Second, while Mr. Smith's answer lists his children (presumably because they lived with him at his current address at some point), he has neither provided their current addresses nor made clear that they were the only people who resided with him during this period.

Interrogatory No. 5

State the name and address of each of Plaintiff's employers. As to each job Plaintiff has held, state: (a) a description of the job; (b) Plaintiff's immediate supervisor; (c) the dates each employment commenced and ended; and (d) the reasons the employment ended.

Deficiency in Response to Interrogatory No. 5

Mr. Smith has not provided the dates upon which the jobs he has listed commenced and ended. As a result, it is not clear whether he has provided his entire employment history. Furthermore, he has not provided the names of his immediate supervisors and the reasons why his employment with his employers ended. Finally, he has not provided a description of his job with Roachdale Building Supplies.

Interrogatory No. 7

If Plaintiff has ever been convicted of a criminal offense, state: (a) the nature of the offense; (b) the name of the court in which each such matter or proceeding was filed or prosecuted; (c) each judgment or plea entered in connection with each such offense; (d) the sentence or other punishment imposed for each such offense; and (e) the name and address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with such offense.

Richard Shevitz, Esq.                    3                    August 12, 2005

Deficiency in Response to Interrogatory No. 7

     Mr. Smith did not provide a substantive answer to Interrogatory No. 7. In the July 22 session, you represented that Mr. Smith has not been convicted of any criminal offense. Notify us if this representation was mistaken.

Interrogatory No. 8

State, through the date of answering these interrogatories, (a) the name and address of each physician or other health care professional who has treated or examined Plaintiff and set forth the purpose or purposes of such treatment or examination; and (b) the name and address of any hospital or other medical facility to which Plaintiff was admitted, the date of admission and date of discharge, the reasons for admission, and the nature of treatment rendered.

Deficiency in Response to Interrogatory No. 8

     We understand that Mr. Smith intends to limit his response to Interrogatory No. 8 based upon his general objection to producing information about drugs other than Neurontin. Accordingly, we have limited our identification of deficiencies based upon that objection even though we do not agree with it. Even taking into account this general objection, Mr. Smith has not provided a complete response.

     First, he has not stated the purpose of the treatment rendered by Dr. Huler. Second, the scope of Mr. Smith's answer is unclear. It is our understanding that Mr. Smith is only providing information regarding the physicians or health care professionals who prescribed him Neurontin, and is refusing to produce information regarding other physicians or health care professionals who may have treated or examined him while he was taking Neurontin or who may have treated or examined him in connection with the accident that caused his pain before he started taking Neurontin. Similarly, it is our understanding that Mr. Smith is only providing information regarding the hospitals or medical facilities to which he was admitted for medical care or treatment that resulted in the prescription of Neurontin, and not information regarding other admissions that may have occurred while he was taking Neurontin or that may have occurred in connection with the accident that caused his pain before he started taking Neurontin. Notify us if our understanding is mistaken.

Interrogatory No. 9

If Plaintiff has ever consulted a psychiatrist, psychologist or other mental health professional, including, but not limited to, an individual with a Masters of Social Work ("MSW"), or undergone psychiatric or psychological examination or treatment, state: (a) the date(s) upon which the consultation, examination or

Richard Shevitz, Esq.                      4                      August 12, 2005

treatment was given; (b) the name, address and specialty of the person performing the consultation, examination or treatment; and (c) the reason for the consultation, examination or treatment.

Deficiency in Response to Interrogatory No. 9

        Mr. Smith has not provided a substantive answer to Interrogatory No. 9. Please answer the question and provide the information requested in subsections (a), (b), and (c) if the answer is affirmative.

Interrogatory No. 10

Identify any and all medications (whether prescription or not) or drugs (whether prescription or not) which Plaintiff took orally, by injection, through ingestion, by suppository or by external application, at any time prior to the service of the response to these interrogatories. As to each, state: (a) the brand or generic name; (b) the date or dates taken; (c) the dosage taken; (d) the nature of any reaction or side effect; (e) whether Plaintiff took the medication according to a prescription by a licensed physician or other health care professional or not; (f) the name, address and occupation of the person who prescribed the substance if applicable; (g) the reason or reasons for which the substance was prescribed or taken; (h) whether the medication was prescribed for an indication not approved by the United States Food and Drug Administration ("FDA"); and (i) if any of the medications identified were prescribed for an indication not approved by the FDA, state whether the person who prescribed the substance informed the Plaintiff that the drug was for an indication not approved by the FDA.

Deficiency in Response to Interrogatory No. 10

        Again, we recognize that Mr. Smith has limited his response based upon his general objections with which we disagree. Accordingly, we have only identified deficiencies based upon these objections. Taking his general objections into account, Mr. Smith still has not provided a complete response to Interrogatory No. 10 because he has not produced information or documents to answer subsections (d), (e), and (i).

Interrogatory No. 11

Describe in detail the nature of Plaintiff's headaches and neuropathic pain and the medical care that he has received from any physician, psychiatrist, psychologist or other mental health professional to treat these conditions, including, but not limited to: (a) the date on which Plaintiff first learned that he suffered from headaches and neuropathic pain; (b) the name and current address of each physician, psychiatrist, psychologist or other mental health professional from

Richard Shevitz, Esq.                     5                    August 12, 2005

whom he has received treatment; (c) the date of treatment; and (d) a description of the treatment (whether it be through surgery, prescription drug, or otherwise).

<u>Deficiency in Response to Interrogatory No. 11</u>

Because Mr. Smith has limited his response to Interrogatory No. 11 based upon his general objections (which are not well taken), we have only identified deficiencies based upon these objections. Taking his general objections into account, Mr. Smith has not described in detail (a) the nature of his headaches and/or neuropathic pain or (b) the medical care that he received to treat these conditions. Furthermore, he has not stated the date on which he first learned that he suffered from headaches and/or neuropathic pain.

Finally, it is not clear from Mr. Smith's answer what the scope of his response is. It is our understanding that the only physician, psychiatrist, psychologist, or other mental health professional from whom Mr. Smith received treatment for his headaches and pain was Dr. Huler. Notify us if this is incorrect. Furthermore, if we are incorrect, provide (i) the names and current addresses of each physician (besides Dr. Huler), psychiatrist, psychologist, or other mental health professional from whom he has received treatment, (ii) the dates upon which Mr. Smith received such treatment, and (iii) a description of these treatments.

<u>Interrogatory No. 12</u>

Identify each medication or drug prescribed or ingested by Plaintiff to treat his headaches and/or neuropathic pain, and for each describe in detail: (a) the dates the medication was taken; (b) the dosage taken; (c) whether the medication was effective for treating Plaintiff's headaches and or neuropathic pain; (d) whether Plaintiff experienced any side effects while taking the medication; (e) when Plaintiff stopped taking the medication; and (f) why Plaintiff stopped taking the medication.

<u>Deficiency in Response to Interrogatory No. 12</u>

We recognize that Mr. Smith has limited his response to Interrogatory No. 12 based upon his improper general objections. We have, however, only identified deficiencies based upon these objections. Taking his general objections into account, Mr. Smith has failed to state the dosages of Neurontin actually taken and whether he experienced any side effects.

<u>Interrogatory No. 13</u>

Identify which, if any, of the medications identified in the response to Interrogatory No. 12 were taken by Plaintiff for an off-label use, and for those

Richard Shevitz, Esq.                    6                    August 12, 2005

medicines state (a) whether Plaintiff was aware that he was taking the drug for an off-label use; (b) how Plaintiff became aware he was taking a drug for an off-label use; and (c) when Plaintiff became aware he was taking the drug for an off-label use.

## Deficiency in Response to Interrogatory No. 13

As with Interrogatory No. 12, we recognize that Mr. Smith has limited his response to Interrogatory No. 13 based upon his unfounded general objections, and so we have only identified deficiencies based upon these objections. Taking his general objections into account, Mr. Smith's answer is incomplete because he has provided no responsive information. Confirm that Mr. Smith took Neurontin for an off-label use and state whether he was aware that he was taking the drug for an off-label use, how he became aware that he was taking the drug for an off-label use, and when he became aware that he was taking the drug for an off-label use.

## Interrogatory No. 15

If there were any directions, instructions or warnings concerning proper use of Neurontin provided to Plaintiff at any time, state: (a) the exact contents of such instruction or warning; (b) the place and manner in which such directions, instructions or warnings were given to Plaintiff; and (c) the person or persons who provided such directions, instructions or warnings.

## Deficiency in Response to Interrogatory No. 15

Mr. Smith has not provided a substantive answer to Interrogatory No. 15. Confirm that no such directions, instructions, or warnings concerning proper use of Neurontin were provided to Mr. Smith or, if they were provided, state the information requested in subsections (a), (b), and (c).

## Interrogatory No. 16

Describe in detail (a) any reasons expressed by the physician who prescribed Neurontin to Plaintiffs for writing the prescription; and (b) the information, if any, the Plaintiff's physician gave to Plaintiff when he or she prescribed Neurontin to Plaintiff, whether delivered orally or in writing, including but not limited to the package insert for Neurontin.

## Deficiency in Response to Interrogatory No. 16

Mr. Smith has not provided a substantive answer to Interrogatory No. 16. Confirm that none of the physicians or other health care professionals who prescribed Neurontin to Mr. Smith expressed any reasons for writing the prescription. Also confirm that no information was provided to Mr. Smith by his

Richard Shevitz, Esq.                    7                    August 12, 2005

physicians or other health care professionals when Neurontin was prescribed. If such reasons or information were provided, describe them in detail.

Interrogatory No. 17

State whether Plaintiff or anyone Plaintiff knew, including but not limited to Plaintiff's physician(s), believed Neurontin was effective in treating Plaintiff's headaches and / or neuropathic pain at any time, and if so, describe in detail how Neurontin was perceived to have helped, who believed Neurontin was helping, and when the person or persons had this belief.

Deficiency in Response to Interrogatory No. 17

Mr. Smith has not stated whether, at any time, he believed that Neurontin was effective in treating his headaches and/or neuropathic pain. In addition, he has not stated whether he was aware that anyone believed that Neurontin was effective in treating his headaches and/or neuropathic pain.

Interrogatory No. 20

Describe in detail Plaintiff's knowledge that he was taking Neurontin for an off-label use, including (a) when Plaintiff first learned the use of Neurontin for headaches and/or neuropathic pain was an off-label use; (b) how Plaintiff learned this fact; (c) who told Plaintiff this fact; (d) what, if anything, Plaintiff did upon learning this fact; and (e) whether Plaintiff identified Neurontin as being used for an off-label use on any forms or in any correspondence with any entity or person who reimbursed or was requested to reimburse Plaintiff for any costs associated with Plaintiff's ingestion of Neurontin.

Deficiency in Response to Interrogatory No. 20

Mr. Smith has not provided a substantive answer to Interrogatory No. 20. Confirm that all information responsive to this request is protected from disclosure pursuant to the attorney client privilege or the work product doctrine. If any information is not so protected, provide that information.

Interrogatory No. 21

State whether the physician who prescribed Neurontin to Plaintiff (a) ever attended any seminars or events at which the use of Neurontin to treat headaches and/or neuropathic pain, or any other off-label use, was discussed; and if so, state the date(s) of the event(s), the location of the event(s), the title of the event(s), and the subject matter discussed; and (b) ever received a grant or participated in a study whose purpose was to explore the use of Neurontin to treat headaches and/or neuropathic pain, or any other off-label use; and if so, describe the amount of the grant, the entity who gave the grant or sponsored the study, the purpose of

Richard Shevitz, Esq.                    8                    August 12, 2005

the grant or study, the name of the person who received the grant or took part in the study, and the results of the grant or study.

Deficiency in Response to Interrogatory No. 21

     Mr. Smith has not provided a substantive answer to Interrogatory No. 21. If Mr. Smith does not know whether his prescribing physician participated in these activities, state this. If Mr. Smith does know such information, provide it.

Interrogatory No. 23

Identify with specificity each injury that you contend or allege Defendants caused in any way and, if Plaintiff is still receiving treatment for injuries arising out of the matters alleged in the Complaint, state (a) the nature of such treatments; (b) the frequency of such treatments; and (c) each physician and/or health care professional who is conducting or prescribing such treatments.

Deficiency in Response to Interrogatory No. 23

     Mr. Smith's response to Interrogatory No. 23 is unclear because it merely references produced documents and answers to other interrogatories, but does not specify what elements in these sources are the injuries that defendants allegedly caused. Clearly state each injury that Mr. Smith suffered as a result of defendants' conduct. In addition, answer subsections (a), (b), and (c), if applicable.

Interrogatory No. 24

Itemize all damages you claim to have incurred, directly or indirectly, as a result of the allegations in your Complaint, including, but not limited to, (a) any time from work that is alleged to have been lost as a result of the matters alleged in the Complaint (and if so, each date on which time was lost and the amount of time lost; Plaintiff's wage on each such date; and the total amount of wages allegedly lost); and (b) all medical and pharmaceutical expenses, nursing expenses, and therapy and counseling expenses, including the name and address of each person who provided goods or services in connection with each such expense, the nature of the goods or services provided, the dates of all services rendered to you or provision of goods to you, the monetary amount of each such expense or item of damages, and the name and address of the person or entity paying such obligation.

Deficiency in Response to Interrogatory No. 24

     Mr. Smith has not provided a substantive answer to Interrogatory No. 24. Set forth the damages that Mr. Smith claims he incurred.

Richard Shevitz, Esq.                    9                    August 12, 2005

Interrogatory No. 25

Describe in detail (a) the amount of money you paid for Neurontin, and describe any reimbursements by insurers, health care plans, or any other entity made to Plaintiff or directly to the physician and/or pharmacy for the costs of Neurontin; and (b) any health, medical, or other policy or policies of insurance under which you are currently covered or were covered at the time that you received Neurontin, including the nature and type of the policy; the name, address, and telephone number of the entity or plan that sponsors the policy; the amount and type of coverage provided by each policy (including information related to co-pays, coinsurance, and deductibles); the entity providing the coverage and the policy number; the effective period of the policy; and whether the coverage is provided by or through your employer, former employer, a labor organization, or otherwise.

Deficiency in Response to Interrogatory No. 25

Mr. Smith has provided an extremely limited answer to Interrogatory No. 25. For example, he has not described any reimbursements that he received for the costs of Neurontin or the insurance policies under which he was covered at the time that he received Neurontin. Set forth in detail the money that was contributed by any third-party payor and the details of his policy or plan.

*          *          *          *

This letter also serves to confirm your representation that Mr. Smith's answers to Interrogatories Nos. 18, 19, and 22 mean "No."

Finally, it does not appear that Mr. Smith signed his responses to defendants' interrogatories. Please provide us with a copy of that document signed by Mr. Smith.

Sincerely yours,

Patrick J. Murray

By Facsimile & Mail

**EXHIBIT 48**

# DAVIS POLK & WARDWELL

1300 I STREET. N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4252

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

August 12, 2005

Re:     **In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629**

Ronald J. Aranoff, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 28th Floor
New York, New York 10016

Dear Ron:

I write to memorialize the numerous deficiencies of your client Lorraine Kopa's responses to defendants' interrogatories in the above-referenced litigation. During the July 22 meet-and-confer session, we discussed some of these deficiencies specifically, but others were not covered because of the limited time available for the session. In this letter, we have attempted to catalogue all of the deficiencies in Ms. Kopa's responses, but we reserve our right to identify additional deficiencies. We ask that Ms. Kopa supplement her responses and thereby remedy these deficiencies by August 24, 2005. If Ms. Kopa refuses to remedy these deficiencies based upon any objections that she is asserting, please set those forth in detail.

Interrogatory No. 2

State Plaintiff's full name and any nicknames or aliases by which Plaintiff has ever been known; Plaintiff's present address, date of birth, and social security number; whether Plaintiff has ever been married, and, if so, the date of each marriage and the name and address of each spouse; and the name, address and birth dates of any children.

Deficiency in Response to Interrogatory No. 2

Ms. Kopa has not provided her social security number. In addition, she has not stated whether she was ever married and if so, the additional requested information regarding the marriage(s). Finally, Ms. Kopa has not provided the addresses and birth dates of her child.

Ronald J. Aranoff, Esq.                    2                    August 12, 2005

Interrogatory No. 3

List the address(es) that Plaintiff resided at during the ten years prior to the
matters alleged in the Complaint. As to each, state (a) the dates when Plaintiff
resided at the address; and (b) the name and present address of each individual
that resided with Plaintiff.

Deficiency in Response to Interrogatory No. 3

    While Ms. Kopa stated that she resides at her present address alone, she
has not stated whether anyone else resided at that address with her during the past
ten years and if so, the names and current addresses of those individuals.

Interrogatory No. 5

State the name and address of each of Plaintiff's employers. As to each job
Plaintiff has held, state: (a) a description of the job; (b) Plaintiff's immediate
supervisor; (c) the dates each employment commenced and ended; and (d) the
reasons the employment ended.

Deficiency in Response to Interrogatory No. 5

    Ms. Kopa has apparently not provided her entire employment history.
Confirm whether her answer contains her entire employment history. In addition,
Ms. Kopa has not provided the addresses of her employers. Finally, she has not
provided the names of her immediate supervisors and the reasons why her
employment with her employers ended.

Interrogatory No. 8

State, through the date of answering these interrogatories, (a) the name and
address of each physician or other health care professional who has treated or
examined Plaintiff and set forth the purpose or purposes of such treatment or
examination; and (b) the name and address of any hospital or other medical
facility to which Plaintiff was admitted, the date of admission and date of
discharge, the reasons for admission, and the nature of treatment rendered.

Deficiency in Response to Interrogatory No. 8

    We understand that Ms. Kopa intends to limit her response to
Interrogatory No. 8 based upon her general objection to producing information
about drugs other than Neurontin. Accordingly, we have limited our
identification of deficiencies based upon that objection even though we do not

Ronald J. Aranoff, Esq.                    3                    August 12, 2005

agree with it. Even taking into account this general objection, Ms. Kopa has not
provided a complete response.

First, she has not stated the purpose of the treatment rendered by Dr.
Dhaduk or Dr. Craparo. Second, the scope of Ms. Kopa's answer is unclear. It is
our understanding that Ms. Kopa is only providing information regarding the
physicians or health care professionals who prescribed her Neurontin or who
treated or examined her while she was taking Neurontin, and is refusing to
produce information regarding other physicians or health care professionals who
may have treated or examined her in connection with the accident that caused her
pain before she started taking Neurontin. Similarly, it is our understanding that
Ms. Kopa is only providing information regarding the hospitals or medical
facilities to which she was admitted for medical care or treatment that resulted in
the prescription of Neurontin or that occurred in connection with the accident that
caused her pain before she started taking Neurontin, and not information
regarding other admissions that may have occurred while she was taking
Neurontin. Notify us if our understanding is mistaken.

Interrogatory No. 9

If Plaintiff has ever consulted a psychiatrist, psychologist or other mental health
professional, including, but not limited to, an individual with a Masters of Social
Work ("MSW"), or undergone psychiatric or psychological examination or
treatment, state: (a) the date(s) upon which the consultation, examination or
treatment was given; (b) the name, address and specialty of the person performing
the consultation, examination or treatment; and (c) the reason for the consultation,
examination or treatment.

Deficiency in Response to Interrogatory No. 9

Ms. Kopa has not provided a substantive answer to Interrogatory No. 9.
Please answer the question and provide the information requested in subsections
(a), (b), and (c) if the answer is affirmative.

Interrogatory No. 10

Identify any and all medications (whether prescription or not) or drugs (whether
prescription or not) which Plaintiff took orally, by injection, through ingestion, by
suppository or by external application, at any time prior to the service of the
response to these interrogatories. As to each, state: (a) the brand or generic name;
(b) the date or dates taken; (c) the dosage taken; (d) the nature of any reaction or
side effect; (e) whether Plaintiff took the medication according to a prescription
by a licensed physician or other health care professional or not; (f) the name,
address and occupation of the person who prescribed the substance if applicable;

Ronald J. Aranoff, Esq.                    4                    August 12, 2005

(g) the reason or reasons for which the substance was prescribed or taken;
(h) whether the medication was prescribed for an indication not approved by the
United States Food and Drug Administration ("FDA"); and (i) if any of the
medications identified were prescribed for an indication not approved by the
FDA, state whether the person who prescribed the substance informed the
Plaintiff that the drug was for an indication not approved by the FDA.

<u>Deficiency in Response to Interrogatory No. 10</u>

       Again, we recognize that Ms. Kopa has limited her response based upon
her general objections with which we disagree. Accordingly, we have only
identified deficiencies based upon these objections. Taking her general objections
into account, Ms. Kopa still has not provided a complete response to Interrogatory
No. 10 because she has not produced information or documents to answer
subsections (d), (e), and (i).

<u>Interrogatory No. 11</u>

Describe in detail the nature of Plaintiff's pain and the medical care that she has
received from any physician, psychiatrist, psychologist or other mental health
professional to treat her pain, including, but not limited to: (a) the date on which
Plaintiff first learned that she suffered from pain; (b) the name and current address
of each physician, psychiatrist, psychologist or other mental health professional
from whom she has received treatment; (c) the date of treatment; and (d) a
description of the treatment (whether it be through surgery, prescription drug, or
otherwise).

<u>Deficiency in Response to Interrogatory No. 11</u>

       Because Ms. Kopa has limited her response to Interrogatory No. 11 based
upon her general objections (which are not well taken), we have only identified
deficiencies based upon these objections. Taking her general objections into
account, Ms. Kopa has not described in detail (a) the nature of her pain or (b) the
medical care that she received to treat her pain. Furthermore, she has not stated
the date on which she first learned that she suffered from pain.

       Finally, it is not clear from Ms. Kopa's answer what the scope of her
response is. It is our understanding that the only physician, psychiatrist,
psychologist, or other mental health professional from whom Ms. Kopa received
treatment for her pain was Dr. Dhaduk. Notify us if this is incorrect.
Furthermore, if we are incorrect, provide (i) the names and current addresses of
each physician (besides Dr. Dhaduk), psychiatrist, psychologist, or other mental
health professional from whom she has received treatment, (ii) the dates upon

Ronald J. Aranoff, Esq.                    5                    August 12, 2005

which Ms. Kopa received such treatment, and (iii) a description of these treatments.

Interrogatory No. 12

Identify each medication or drug prescribed or ingested by Plaintiff to treat her pain, and for each describe in detail: (a) the dates the medication was taken; (b) the dosage taken; (c) whether the medication was effective for treating Plaintiff's pain; (d) whether Plaintiff experienced any side effects while taking the medication; (e) when Plaintiff stopped taking the medication; and (f) why Plaintiff stopped taking the medication.

Deficiency in Response to Interrogatory No. 12

We recognize that Ms. Kopa has limited her response to Interrogatory No. 12 based upon her improper general objections. We have, however, only identified deficiencies based upon these objections. Taking her general objections into account, Ms. Kopa has failed to state the dosages of Neurontin actually taken, whether Neurontin was effective for treating her pain, whether she experienced any side effects, and why she stopped taking Neurontin.

Interrogatory No. 13

Identify which, if any, of the medications identified in the response to Interrogatory No. 12 were taken by Plaintiff for an off-label use, and for those medicines state (a) whether Plaintiff was aware that she was taking the drug for an off-label use; (b) how Plaintiff became aware she was taking a drug for an off-label use; and (c) when Plaintiff became aware she was taking the drug for an off-label use.

Deficiency in Response to Interrogatory No. 13

As with Interrogatory No. 12, we recognize that Ms. Kopa has limited her response to Interrogatory No. 13 based upon her unfounded general objections, and so we have only identified deficiencies based upon these objections. Taking her general objections into account, Ms. Kopa's answer is incomplete because she has provided no responsive information. Confirm that Ms. Kopa took Neurontin for an off-label use and state whether she was aware that she was taking the drug for an off-label use, how she became aware that she was taking the drug for an off-label use, and when she became aware that she was taking the drug for an off-label use.

Ronald J. Aranoff, Esq.                    6                    August 12, 2005

Interrogatory No. 15

If there were any directions, instructions or warnings concerning proper use of
Neurontin provided to Plaintiff at any time, state: (a) the exact contents of such
instruction or warning; (b) the place and manner in which such directions,
instructions or warnings were given to Plaintiff; and (c) the person or persons who
provided such directions, instructions or warnings.

Deficiency in Response to Interrogatory No. 15

Confirm that these were the only directions, instructions, or warnings
concerning proper use of Neurontin provided to Ms. Kopa or, if others were
provided, state the information requested in subsections (a), (b), and (c) in detail.

Interrogatory No. 16

Describe in detail (a) any reasons expressed by the physician who prescribed
Neurontin to Plaintiffs for writing the prescription; and (b) the information, if any,
the Plaintiff's physician gave to Plaintiff when he or she prescribed Neurontin to
Plaintiff, whether delivered orally or in writing, including but not limited to the
package insert for Neurontin.

Deficiency in Response to Interrogatory No. 16

Ms. Kopa has not provided a substantive answer to Interrogatory No.
16(b). Confirm that no information was provided to Ms. Kopa by her physicians
or other health care professionals when Neurontin was prescribed. If such reasons
or information were provided, describe them in detail.

Interrogatory No. 17

State whether Plaintiff or anyone Plaintiff knew, including but not limited to
Plaintiff's physician(s), believed Neurontin was effective in treating Plaintiff's
pain at any time, and if so, describe in detail how Neurontin was perceived to
have helped, who believed Neurontin was helping, and when the person or
persons had this belief.

Deficiency in Response to Interrogatory No. 17

Ms. Kopa has not stated whether, at any time, she believed that Neurontin
was effective in treating her pain. In addition, she has not stated whether she was
aware that anyone believed that Neurontin was effective in treating her pain.

Ronald J. Aranoff, Esq.                    7                        August 12, 2005

Interrogatory No. 19

State whether a representative of Defendant ever made any statement about
Neurontin to Plaintiff or to the physician who prescribed Neurontin to Plaintiff,
and if so, describe in detail the content of those statements, when they were made,
who made them, and the circumstances under which they were made.

Deficiency in Response to Interrogatory No. 19

       Ms. Kopa has not answered whether, to her knowledge, a representative of
defendants ever made any statement about Neurontin to the physician who
prescribed Neurontin to her and if so, the additional requested information
regarding such statement(s).

Interrogatory No. 20

Describe in detail Plaintiff's knowledge that she was taking Neurontin for an off-
label use, including (a) when Plaintiff first learned the use of Neurontin for pain
was an off-label use; (b) how Plaintiff learned this fact; (c) who told Plaintiff this
fact; (d) what, if anything, Plaintiff did upon learning this fact; and (e) whether
Plaintiff identified Neurontin as being used for an off-label use on any forms or in
any correspondence with any entity or person who reimbursed or was requested to
reimburse Plaintiff for any costs associated with Plaintiff's ingestion of
Neurontin.

Deficiency in Response to Interrogatory No. 20

       Ms. Kopa has not provided a substantive answer to Interrogatory No. 20.
Confirm that all information responsive to this request is protected from
disclosure pursuant to the attorney client privilege or the work product doctrine.
If any information is not so protected, provide that information.

Interrogatory No. 21

State whether the physician who prescribed Neurontin to Plaintiff (a) ever
attended any seminars or events at which the use of Neurontin to treat pain, or any
other off-label use, was discussed; and if so, state the date(s) of the event(s), the
location of the event(s), the title of the event(s), and the subject matter discussed;
and (b) ever received a grant or participated in a study whose purpose was to
explore the use of Neurontin to treat pain, or any other off-label use; and if so,
describe the amount of the grant, the entity who gave the grant or sponsored the
study, the purpose of the grant or study, the name of the person who received the
grant or took part in the study, and the results of the grant or study.

Ronald J. Aranoff, Esq.                    8                    August 12, 2005

Deficiency in Response to Interrogatory No. 21

    Ms. Kopa has not provided a substantive answer to Interrogatory No. 21. If Ms. Kopa does not know whether her prescribing physician participated in these activities, state this. If Ms. Kopa does know such information, provide it.

Interrogatory No. 23

Identify with specificity each injury that you contend or allege Defendants caused in any way and, if Plaintiff is still receiving treatment for injuries arising out of the matters alleged in the Complaint, state (a) the nature of such treatments; (b) the frequency of such treatments; and (c) each physician and/or health care professional who is conducting or prescribing such treatments.

Deficiency in Response to Interrogatory No. 23

    Ms. Kopa's response to Interrogatory No. 23 is unclear because it merely references produced documents, but does not specify what elements in these documents are the injuries that defendants allegedly caused. Clearly state each injury that Ms. Kopa suffered as a result of defendants' conduct. In addition, answer subsections (a), (b), and (c), if applicable.

Interrogatory No. 24

Itemize all damages you claim to have incurred, directly or indirectly, as a result of the allegations in your Complaint, including, but not limited to, (a) any time from work that is alleged to have been lost as a result of the matters alleged in the Complaint (and if so, each date on which time was lost and the amount of time lost; Plaintiff's wage on each such date; and the total amount of wages allegedly lost); and (b) all medical and pharmaceutical expenses, nursing expenses, and therapy and counseling expenses, including the name and address of each person who provided goods or services in connection with each such expense, the nature of the goods or services provided, the dates of all services rendered to you or provision of goods to you, the monetary amount of each such expense or item of damages, and the name and address of the person or entity paying such obligation.

Deficiency in Response to Interrogatory No. 24

    Ms. Kopa has only provided an estimate of her "out-of-pocket damages" and has failed to itemize any damages associated with the "missed days of work due to headaches and fatigue caused by Neurontin." Set forth in detail the damages that Ms. Kopa claims that she suffered.

Ronald J. Aranoff, Esq.                    9                    August 12, 2005

Interrogatory No. 25

Describe in detail (a) the amount of money you paid for Neurontin, and describe any reimbursements by insurers, health care plans, or any other entity made to Plaintiff or directly to the physician and/or pharmacy for the costs of Neurontin; and (b) any health, medical, or other policy or policies of insurance under which you are currently covered or were covered at the time that you received Neurontin, including the nature and type of the policy; the name, address, and telephone number of the entity or plan that sponsors the policy; the amount and type of coverage provided by each policy (including information related to co-pays, coinsurance, and deductibles); the entity providing the coverage and the policy number; the effective period of the policy; and whether the coverage is provided by or through your employer, former employer, a labor organization, or otherwise.

Deficiency in Response to Interrogatory No. 25

Ms. Kopa has provided an extremely limited answer to Interrogatory No. 25. For example, she has not described any reimbursements that she received for the costs of Neurontin or the insurance policies under which she was covered at the time that she received Neurontin. Set forth in detail the money that was contributed by any third-party payor and the details of his policy or plan.

Sincerely yours,

Patrick J. Murray

By Facsimile & Mail

**EXHIBIT 49**

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4252

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

August 24, 2005

Re:     **In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629**

Stephen A. Weiss, Esq.
Seeger Weiss LLP
One William Street
New York, NY 10004

Dear Mr. Weiss:

        I write to memorialize the numerous deficiencies of the responses of your client, International Union of Operating Engineers, Local No. 68 Welfare Fund ("Local 68"), to defendants' interrogatories in the above-referenced litigation (the "Responses"). During the parties' July 29, 2005 meet-and-confer session, we discussed with your colleague some of these deficiencies specifically, but others were not covered because of the limited time available for the session or your firm's inability to attend the entire session. In this letter, we have attempted to catalogue all of the deficiencies in Local 68's responses, but we reserve our right to identify additional deficiencies. We ask that Local 68 supplement its responses and thereby remedy these deficiencies as soon as possible. If Local 68 refuses to remedy these deficiencies based upon any objections that it is asserting, please provide a detailed explanation of those objections in writing.

        As a general matter, Local 68's Responses do not appear to be a good faith effort to answer defendants' interrogatories. In response to defendants' nineteen interrogatories, Local 68 answered thirteen without providing any responsive information or asserting any objections to excuse its failure to respond. Int. Resps. 1-5, 10-15, 18-19. Instead, Local 68 stated in this document dated June 3, 2005 that it was "in the process of answering defendant's interrogator[ies] and w[ould] provide a response as soon as possible." Id. Almost three months have passed, and Local 68 has not yet answered one of these thirteen interrogatories. Local 68's responses to defendants' six other interrogatories are similarly deficient. Local 68 answered these interrogatories by stating that the information requested would be produced or has already been produced in documentary form. Id. Nos. 6-9, 16-17. Defendants, however, have been unable to identify any such documents in Local 68's production to date. In light of its prolonged failure to

Stephen A. Weiss, Esq.                    2                    August 24, 2005

provide this discovery, we urge Local 68 to remedy its interrogatory responses
immediately.

Interrogatory No. 1

Identify all individuals who are likely to have discoverable information that the
Plaintiff may use to support its claims, each person who has knowledge or
information regarding the allegations of the Complaint, including allegations
regarding Plaintiff's alleged damages, and identify the Paragraph(s) of the
Complaint as to which the person has knowledge or information.

Deficiency in Response to Interrogatory No. 1

        Local 68 has not provided any information responsive to Interrogatory No.
1. Instead, Local 68 has stated that it is in the process of answering this
interrogatory and will provide a response as soon as possible. During the parties'
July 29 meet-and-confer session, Local 68's counsel stated that Horizon Blue
Cross/Blue Shield ("Horizon") is the only outside party that is likely to have
discoverable information. While helpful, this statement did not answer
Interrogatory No. 1, which asked Local 68 to identify all *individuals* who are
likely to have discoverable information that Local 68 may use to support its
claims or who have knowledge or information regarding the allegations in the
Class Complaint. Accordingly, a complete answer to this interrogatory, which
was due June 3, 2005, is still outstanding. This answer should include not only all
relevant individuals at Local 68 and Horizon, but also relevant individuals at
Local 68's pharmacy benefit manager(s).[1] Moreover, this answer should identify
the paragraphs of the Amended Class Complaint as to which such individuals
have knowledge or information.

Interrogatory No. 2

Identify from January 1, 1994 to the present (a) all of Plaintiff's named
fiduciaries, trustees, directors, executives, and officers, or those in similar
positions; and (b) each of Plaintiff's current and former trustees, officers,
employees, non-employee agents, and fiduciaries with responsibility for the
administration and/or payment of health benefit claims by Plaintiff, including, but
not limited to, such administration and/or payment related to Neurontin;
reimbursements, co-payments or deductibles to providers, pharmacies, or
Members; and health benefits or health insurance provided by or through Plaintiff

---

[1] Local 68 has not yet identified its pharmacy benefit manager(s) for the relevant time
period. This information should have been disclosed on June 3, 2005 as part of Local 68's initial
disclosures. Please identify which entities served as Local 68's pharmacy benefit manager from
1994 to the present. In particular, confirm whether Pain Prescriptions, Inc., Advance PCS, and/or
Medco served as Local 68's pharmacy benefit manager and over what period.