Stephen A. Weiss, Esq.                    3                    August 24, 2005

to Members, and indicate the area for which each such trustee, officer, employee, agent, directory, officer or fiduciary had and/or has responsibility.

Deficiency in Response to Interrogatory No. 2

Local 68 has not provided any information responsive to Interrogatory No. 2. Instead, Local 68 has stated that it is in the process of answering this interrogatory and will provide a response as soon as possible. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 3

Describe in detail Plaintiff's organizational structure and area of business, including but not limited to the identification of all departments and divisions within Plaintiff, and a description of the responsibilities of those departments.

Deficiency in Response to Interrogatory No. 3

Local 68 has not provided any information responsive to Interrogatory No. 3. Instead, Local 68 has stated that it is in the process of answering this interrogatory and will provide a response as soon as possible. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 4

Identify all committees, teams, councils, or other groups of employees that discussed, recommended, approved or were otherwise involved in or concerned with coverage of claims concerning Neurontin, including but not limited to those groups that considered the inclusion of Neurontin in Plaintiff's formulary, groups responsible for the assessment or payment of claims concerning Neurontin, and groups responsible for communicating with Members, providers, pharmacies, or Defendants concerning Neurontin.

Deficiency in Response to Interrogatory No. 4

Local 68 has not provided any information responsive to Interrogatory No. 4. Instead, Local 68 has stated that it is in the process of answering this interrogatory and will provide a response as soon as possible. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Stephen A. Weiss, Esq.                4                August 24, 2005

Interrogatory No. 5:

Describe Plaintiff's policies for covering costs relating to prescription
medications by identifying whether Plaintiff reimburses expenses incurred by
Members, provides the drugs directly to Members, reimburses pharmacies, or
takes any other approach to such costs. If policies differ between drugs, identify
the reasons for differences, and explain in detail the policy that applies to
Neurontin.

Deficiency in Response to Interrogatory No. 5

        Local 68 has not provided any information responsive to Interrogatory No.
5. Instead, Local 68 has stated that it is in the process of answering this
interrogatory and will provide a response as soon as possible. Accordingly, a
complete answer to this interrogatory, which was due June 3, 2005, is still
outstanding.

Interrogatory No. 6:

From January 1, 1994 to the present, identify all Members of Plaintiff who were
prescribed and/or administered Neurontin, and indicate:

        (a)    the dose of Neurontin received by the Member;
        (b)    the reason(s) for the Member's treatment with Neurontin;
        (c)    who wrote the prescription for the Member's Neurontin;
        (d)    who filled the prescription for the Member's Neurontin;
        (e)    whether any Members who were prescribed and/or administered
               Neurontin are/were covered by Medicare or any other federal
               health care plan or eligible for Medicare or any other federal health
               benefits and, for each Member, whether the Plaintiff's plan is
               primary or secondary coverage to Medicare or any other federal
               health care plan;

Deficiency in Response to Interrogatory No. 6

        In response to Interrogatory No. 6, Local 68 stated that the information
requested by this interrogatory will be produced as part of its document
production. Such information has not yet been produced.

Interrogatory No. 7:

Identify each occasion since January 1, 1994 on which Plaintiff paid for all or part
of the costs of Neurontin, including but not limited to, any form of payment,
reimbursement, co-payment, or coinsurance, and for each such payment provide:

(a)   the dollar amount of the payment;

(b)   the dollar amount that the Plaintiff contends should have been paid if it differs from the amount actually paid;

(c)   the date the payment was made;

(d)   the person or entity to whom the payment was made;

(e)   other sources that paid part of the price for Neurontin (such as Medicare, Medicaid, federal health care plan, private insurance, any other employee benefit plan, or out of pocket by the Member);

(f)   the dollar amount paid by other sources for Neurontin (such as Medicare, Medicaid, federal health care plan, private insurance, any other employee benefit plan, or out of pocket by the Member);

(g)   the date of the medical service for which payment was made by Plaintiff;

(h)   the Member on whose behalf the payment was made, and whether the Member was an employee under the Plaintiff's plan, a dependent, or a retiree;

(i)   the indication for which Neurontin was prescribed;

(j)   the health care provider(s) who prescribed and/or administered the drug;

(k)   the pharmacy or other entity that filled the prescription; and

(l)   the state(s) where the Member and health care provider were located.

## Deficiency in Response to Interrogatory No. 7

In response to Interrogatory No. 7, Local 68 stated that the information requested by this interrogatory will be produced as part of its document production. Such information has not yet been produced.

## Interrogatory No. 8

State the number of prescriptions for off-label uses for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements for off-label prescriptions.

## Deficiency in Response to Interrogatory No. 8

In response to Interrogatory No. 8, Local 68 stated that the information requested by this interrogatory will be produced as part of its document production. Such information has not yet been produced. If Local 68 is not able to provide such information, state this and explain why.

Stephen A. Weiss, Esq.                          6                    August 24, 2005

## Interrogatory No. 9

State the number of prescriptions for Neurontin for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements, broken down into (a) off-label prescriptions for Neurontin; and (b) prescriptions of Neurontin for approved indications.

## Deficiency in Response to Interrogatory No. 9

In response to Interrogatory No. 9, Local 68 stated that the information requested by this interrogatory will be produced as part of its document production. Such information has not yet been produced. If Local 68 is not able to provide such information, state this and explain why.

## Interrogatory No. 10:

If Plaintiff requires pharmacies or providers to provide any directions, instructions or warnings concerning proper use of Neurontin to prescription takers, or if Plaintiff itself provides such materials, state: (a) the exact contents of such instructions or warning; (b) the place and manner in which such directions, instructions or warnings were to be given to Neurontin takers; and (c) the person or person who was to provide such directions, instructions or warnings.

## Deficiency in Response to Interrogatory No. 10

Local 68 has not provided any information responsive to Interrogatory No. 10. Instead, Local 68 has stated that it is in the process of answering this interrogatory and will provide a response as soon as possible. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

## Interrogatory No. 11

State whether a representative of Defendants ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

## Deficiency in Response to Interrogatory No. 11

Local 68 has not provided any information responsive to Interrogatory No. 11. Instead, Local 68 has stated that it is in the process of answering this interrogatory and will provide a response as soon as possible. Accordingly, a

complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 12

State whether providers who prescribed Neurontin to Plaintiff's Members ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

Deficiency in Response to Interrogatory No. 12

Local 68 has not provided any information responsive to Interrogatory No. 12. Instead, Local 68 has stated that it is in the process of answering this interrogatory and will provide a response as soon as possible. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 13

State whether Plaintiff or any representative of Plaintiff ever attended any seminars, meetings or events at which the use of Neurontin for any off-label use was discussed; and if so, state the name of the person(s) who attended, the date(s) of the event(s), the location of the event(s), the title of the event(s), and the subject matter discussed.

Deficiency in Response to Interrogatory No. 13

Local 68 has not provided any information responsive to Interrogatory No. 13. Instead, Local 68 has stated that it is in the process of answering this interrogatory and will provide a response as soon as possible. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 14

Describe in detail Plaintiff's knowledge of off-label uses of Neurontin by its Members, including (a) when Plaintiff first learned that Neurontin was being prescribed for off-label uses; (b) how Plaintiff learned this fact; (c) who told Plaintiff this fact; (d) and what, if anything, Plaintiff did upon learning this fact.

Deficiency in Response to Interrogatory No. 14

Local 68 has not provided any information responsive to Interrogatory No. 14. Instead, Local 68 has stated that it is in the process of answering this

Stephen A. Weiss, Esq.                    8                    August 24, 2005

interrogatory and will provide a response as soon as possible. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 15

State whether you have had any communications with Parke-Davis, Warner-Lambert, or Pfizer, including but not limited to online, phoned, mailed or faxed communications, regarding Neurontin, including the dates of any such communications.

Deficiency in Response to Interrogatory No. 15

Local 68 has not provided any information responsive to Interrogatory No. 15. Instead, Local 68 has stated that it is in the process of answering this interrogatory and will provide a response as soon as possible. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 16

Itemize all damages you claim to have incurred, directly or indirectly, as a result of the allegations in your Complaint, including but not limited to, all pharmaceutical expenses, and the address of each person who provided goods or services in connection with such expense, the nature of the goods or services provided, the dates of all services rendered to you or provision of goods to you, the monetary amount of each such expense or item of damages, and the name and address of the person or entity paying such obligation.

Deficiency in Response to Interrogatory No. 16

In response to Interrogatory No. 16, Local 68 referred defendants to the documents produced in response to defendants' Document Requests Nos. 49 and 53. Defendants have been unable able to identify any documents responsive to this interrogatory or to Document Requests Nos. 49 and 53 in Local 68's production. Identify the production numbers of any such documents and confirm that these documents itemize *all* damages that Local 68 claims it incurred as a result of the allegations in the Amended Class Complaint. If these documents do not itemize all of Local 68's damages, itemize those damages not set forth in those documents.

Stephen A. Weiss, Esq.                 9                 August 24, 2005

<u>Interrogatory No. 17</u>

State the amount of money you paid, by month, year, and state, in paying or reimbursing claims for Neurontin or in purchasing Neurontin for distribution to members.

<u>Deficiency in Response to Interrogatory No. 17</u>

In response to Interrogatory No. 17, Local 68 referred defendants to the documents produced in response to defendants' Document Requests Nos. 1 and 2. Defendants have been unable able to identify any documents responsive to this interrogatory or to Document Requests Nos. 1 and 2 in Local 68's production. Identify the production numbers of any such documents and confirm that these documents provide a complete response to Interrogatory No. 17. If these documents do not provide a complete response, provide the information not set forth in those documents.

<u>Interrogatory No. 18</u>

State whether members were required to identify Neurontin as being used for an off-label use on any forms or in any correspondence with Plaintiff for any costs associated with Members' ingestion of Neurontin.

<u>Deficiency in Response to Interrogatory No. 18</u>

Local 68 has not provided any information responsive to Interrogatory No. 18. Instead, Local 68 has stated that it is in the process of answering this interrogatory and will provide a response as soon as possible. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

<u>Interrogatory No. 19</u>

Describe every instance in which you refused to pay for or reimburse the costs of a drug because it had been prescribed for an off-label use.

<u>Deficiency in Response to Interrogatory No. 19</u>

Local 68 has not provided any information responsive to Interrogatory No. 19. Instead, Local 68 has stated that it is in the process of answering this interrogatory and will provide a response as soon as possible. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

\*          \*          \*          \*

Stephen A. Weiss, Esq.                    10                    August 24, 2005

     Finally, Local 68's Responses stated that a signed verification will follow under a separate cover.  We have not received such a verification yet.  Please send one as soon as it is available.

                            Sincerely yours,

                            Patrick J. Murray

cc:    Michael Farkas, Esq.

<u>By Facsimile</u>

**EXHIBIT 50**

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4252

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

August 25, 2005

Re:    **In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629**

Nancy A. Pacharzina, Esq.
Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332

Dear Ms. Pacharzina:

I write to memorialize the deficiencies of the responses of your client, ASEA/AFSCME Local 52 Health Benefits Trust ("ASEA"), to defendants' interrogatories in the above-referenced litigation (the "Responses"). During the parties' July 29, 2005 meet-and-confer session, we discussed with you some of these deficiencies specifically, but others were not covered because of the limited time available for the session. In this letter, we have attempted to catalogue all of the deficiencies in ASEA's responses, but we reserve our right to identify additional deficiencies. We ask that ASEA supplement its responses and thereby remedy these deficiencies as soon as possible. If ASEA refuses to remedy these deficiencies based upon any objections that it is asserting, please provide a detailed explanation of those objections in writing.

Interrogatory No. 2

Identify from January 1, 1994 to the present (a) all of Plaintiff's named fiduciaries, trustees, directors, executives, and officers, or those in similar positions; and (b) each of Plaintiff's current and former trustees, officers, employees, non-employee agents, and fiduciaries with responsibility for the administration and/or payment of health benefit claims by Plaintiff, including, but not limited to, such administration and/or payment related to Neurontin; reimbursements, co-payments or deductibles to providers, pharmacies, or Members; and health benefits or health insurance provided by or through Plaintiff to Members, and indicate the area for which each such trustee, officer, employee, agent, directory, officer or fiduciary had and/or has responsibility.

Nancy A. Pacharzina, Esq.                    2                    August 25, 2005

Deficiency in Response to Interrogatory No. 2

Instead of answering this interrogatory, ASEA refers defendants to its response to Interrogatory No. 1, which does not "indicate the area for which each such trustee, officer, employee, agent, directory, officer or fiduciary had and/or has responsibility" for the administration and/or payment of health benefit claims by ASEA.

Interrogatory No. 5

Describe Plaintiff's policies for covering costs relating to prescription medications by identifying whether Plaintiff reimburses expenses incurred by Members, provides the drugs directly to Members, reimburses pharmacies, or takes any other approach to such costs. If policies differ between drugs, identify the reasons for differences, and explain in detail the policy that applies to Neurontin.

Deficiency in Response to Interrogatory No. 5

In its response to Interrogatory No. 5, ASEA has stated that its policies for covering costs relating to prescription medications are described in its plan documents and other business records and that such documents will be produced. To the extent that these documents describe all of ASEA's policies for covering costs relating to prescription medications, confirm this and provide the production numbers of these documents. To the extent that they do not, describe ASEA's additional policies.

Interrogatory No. 8

State the number of prescriptions for off-label uses for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements for off-label prescriptions.

Deficiency in Response to Interrogatory No. 8

We recognize that ASEA has limited its response to Interrogatory No. 8 based upon its general objection to producing information about drugs other than Neurontin. Accordingly, we have only identified deficiencies based upon this objection even thought we do not agree with it. Even taking this general objection into account, ASEA has not provided a complete response.

In response to Interrogatory No. 8, ASEA referred defendants to the answer to Interrogatory No. 5, which stated that the requested information would be produced as part of ASEA's document production. Information responsive to Interrogatory No. 8 has not yet been produced. ASEA's counsel has represented

Nancy A. Pacharzina, Esq.                   3                    August 25, 2005

that ASEA cannot identify the Neurontin prescriptions for off-label uses for which it paid or reimbursed, or the dollar amounts of such prescriptions. Confirm this.

Interrogatory No. 9

State the number of prescriptions for Neurontin for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements, broken down into (a) off-label prescriptions for Neurontin; and (b) prescriptions of Neurontin for approved indications.

Deficiency in Response to Interrogatory No. 9

        In response to Interrogatory No. 9, ASEA referred defendants to its answer to Interrogatory No. 5, which stated that the requested information would be produced as part of ASEA's document production. Information responsive to Interrogatory No. 9 has not yet been produced.

Interrogatory No. 10

If Plaintiff requires pharmacies or providers to provide any directions, instructions or warnings concerning proper use of Neurontin to prescription takers, or if Plaintiff itself provides such materials, state: (a) the exact contents of such instructions or warning; (b) the place and manner in which such directions, instructions or warnings were to be given to Neurontin takers; and (c) the person or person who was to provide such directions, instructions or warnings.

Deficiency in Response to Interrogatory No. 10

        In response to Interrogatory No. 10, ASEA has provided an incomplete answer. ASEA stated that if its pharmacy benefit manager (on ASEA's behalf) requires pharmacies or providers to provide any directions, instructions, or warnings concerning proper use of Neurontin to prescription takers, those requirements would be described in plan documents that will be produced in ASEA's document production. Defendants have been unable to identify any such documents in ASEA's production. To the extent that the requested information is in these documents, provide their production numbers. If these documents do not provide a complete response, provide the information not set forth in those documents.

Interrogatory No. 11

State whether a representative of Defendants ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements,

Nancy A. Pacharzina, Esq.                4                    August 25, 2005

when they were made, who made them, and the circumstances under which they were made.

## Deficiency in Response to Interrogatory No. 11

ASEA stated, on information and belief, that no representative of defendants ever made any statement about Neurontin to ASEA, but ASEA indicated that its investigation was ongoing. ASEA reiterated at the July 29 meet-and-confer session that its investigation was ongoing. State whether ASEA's investigation remains ongoing and if any additional information has been discovered, provide it.

## Interrogatory No. 12

State whether providers who prescribed Neurontin to Plaintiff's Members ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

## Deficiency in Response to Interrogatory No. 12

ASEA stated, on information and belief, that no providers ever made any statement about Neurontin to ASEA, but ASEA indicated that its investigation was ongoing. At the July 29 meet-and-confer session, ASEA reiterated that its investigation was ongoing and stated that no one at ASEA recollected hearing or receiving such statements. State whether ASEA's investigation remains ongoing and if any additional information has been discovered, provide it.

## Interrogatory No. 13

State whether Plaintiff or any representative of Plaintiff ever attended any seminars, meetings or events at which the use of Neurontin for any off-label use was discussed; and if so, state the name of the person(s) who attended, the date(s) of the event(s), the location of the event(s), the title of the event(s), and the subject matter discussed.

## Deficiency in Response to Interrogatory No. 13

ASEA stated, on information and belief, that no one at ASEA attended such seminars, but ASEA indicated that its investigation was ongoing. At the July 29 session, ASEA's counsel stated that its investigation of this interrogatory was complete. Confirm that ASEA's investigation is complete, notify us if this investigation revealed any additional information, and if so, provide such information.

Nancy A. Pacharzina, Esq.                5                August 25, 2005

Interrogatory No. 14

Describe in detail Plaintiff's knowledge of off-label uses of Neurontin by its Members, including (a) when Plaintiff first learned that Neurontin was being prescribed for off-label uses; (b) how Plaintiff learned this fact; (c) who told Plaintiff this fact; (d) and what, if anything, Plaintiff did upon learning this fact.

Deficiency in Response to Interrogatory No. 14

ASEA has not provided any information responsive to Interrogatory No. 14. Confirm that all information responsive to this request is protected from disclosure pursuant to the attorney-client privilege or the work product doctrine. If any information is not so protected, provide that information.

Interrogatory No. 16

Itemize all damages you claim to have incurred, directly or indirectly, as a result of the allegations in your Complaint, including but not limited to, all pharmaceutical expenses, and the address of each person who provided goods or services in connection with such expense, the nature of the goods or services provided, the dates of all services rendered to you or provision of goods to you, the monetary amount of each such expense or item of damages, and the name and address of the person or entity paying such obligation.

Deficiency in Response to Interrogatory No. 16

In response to Interrogatory No. 16, ASEA referred defendants to its answer to Interrogatory No. 5, which stated that the requested information would be produced as part of its document production. Defendants have been unable able to identify any documents responsive to this interrogatory. Identify the production numbers of the documents responsive to this interrogatory and confirm that these documents itemize *all* damages that ASEA claims it incurred as a result of the allegations in the Amended Class Complaint. If these documents do not itemize all of ASEA's damages, itemize those damages not set forth in those documents.

Interrogatory No. 17

State the amount of money you paid, by month, year, and state, in paying or reimbursing claims for Neurontin or in purchasing Neurontin for distribution to members.

Nancy A. Pacharzina, Esq.            6            August 25, 2005

Deficiency in Response to Interrogatory No. 17

In response to Interrogatory No. 17, ASEA referred defendants to its answer to Interrogatory No. 5, which stated that the requested information would be produced as part of its document production. Information responsive to Interrogatory No. 17 has not yet been produced.

Interrogatory No. 18

State the amount of money you received, by month, year, and state, in the form of rebates, discounts, or other price adjustments, concerning Neurontin from any pharmaceutical provider, wholesaler, retailer, or other entity, and identify the entities from which such rebates, discounts, or other price adjustments was received.

Deficiency in Response to Interrogatory No. 18

In response to Interrogatory No. 18, ASEA stated that it has no knowledge regarding rebates, discounts, or other price adjustments concerning Neurontin. At the July 29, 2005 meet-and-confer session, ASEA qualified this answer by stating that it did not yet know if it could determine the amount of the rebates provided for Neurontin from the aggregate amount. State whether ASEA can make this determination and if so, provide the amount.

Interrogatory No. 19

State whether members were required to identify Neurontin as being used for an off-label use on any forms or in any correspondence with Plaintiff for any costs associated with Members' ingestion of Neurontin.

Deficiency in Response to Interrogatory No. 19

ASEA has not provided any information responsive to Interrogatory No. 19. Instead, ASEA has once again referred defendants to its anticipated document production. The documents in ASEA's document production do not address this issue. Provide a responsive answer.

Interrogatory No. 20

Describe every instance in which you refused to pay for or reimburse the costs of a drug because it had been prescribed for an off-label use.

Nancy A. Pacharzina, Esq.                    7                    August 25, 2005

Deficiency in Response to Interrogatory No. 20

We recognize that ASEA has limited its response to Interrogatory No. 20 based upon its general objection to producing information about drugs other than Neurontin. Accordingly, we have only identified deficiencies based upon this objection even though we do not agree with it. Even taking this general objection into account, ASEA has not provided a complete response.

In response to Interrogatory No. 20, ASEA has referred defendants to its document production. Information responsive to Interrogatory No. 20 has not yet been produced. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

*    *    *    *

Note that in this letter we have not specifically addressed ASEA's failure to produce information responsive to Interrogatories Nos. 6 and 7 because even though defendants have not yet received the requested information, defendants, ASEA, and ASEA's pharmacy benefits manager are engaged in ongoing discussions regarding the production of this information.

Finally, it does not appear that you have provided us with a signed verification. Please send one as soon as it is available.

Sincerely yours,

Patrick J. Murray

cc:    Barry Himmelstein, Esq.

By Facsimile

**EXHIBIT 51**

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | 212 450 4000<br>FAX 212 450 3800 | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | 212 450 4252 | 3A CHATER ROAD<br>HONG KONG |

August 25, 2005

Re:    **In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629**

Edward Notargiacomo, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Dear Mr. Notargiacomo:

I write to memorialize the numerous deficiencies of the responses of your client, Harden Manufacturing Corporation ("Harden"), to defendants' interrogatories in the above-referenced litigation (the "Responses"). During the parties' July 29, 2005 meet-and-confer session, we discussed some of these deficiencies specifically, but others were not covered because of the limited time available for the session. In this letter, we have attempted to catalogue all of the deficiencies in Harden's responses, but we reserve our right to identify additional deficiencies. We ask that Harden supplement its responses and thereby remedy these deficiencies as soon as possible. If Harden refuses to remedy these deficiencies based upon any objections that it is asserting, please provide a detailed explanation of those objections in writing.

Interrogatory No. 1

Identify all individuals who are likely to have discoverable information that the Plaintiff may use to support its claims, each person who has knowledge or information regarding the allegations of the Complaint, including allegations regarding Plaintiff's alleged damages, and identify the Paragraph(s) of the Complaint as to which the person has knowledge or information.

Deficiency in Response to Interrogatory No. 1

Harden has not identified individuals at Blue Cross/Blue Shield of Alabama or JRH Risk Services, Inc. It also has not identified the paragraphs of the Amended Class Complaint as to which each person listed in its response has knowledge or information.

Edward Notargiacomo, Esq.                  2                    August 25, 2005

Interrogatory No. 2

Identify from January 1, 1994 to the present (a) all of Plaintiff's named
fiduciaries, trustees, directors, executives, and officers, or those in similar
positions; and (b) each of Plaintiff's current and former trustees, officers,
employees, non-employee agents, and fiduciaries with responsibilities for the
administration and/or payment of health benefit claims by Plaintiff, including, but
not limited to, such administration and/or payment related to Neurontin;
reimbursements, co-payments or deductibles to providers, pharmacies, or
Members; and health benefits or health insurance provided by or through Plaintiff
to Members, and indicate the area for which each such trustee, officer, employee,
agent, directory, officer or fiduciary had and/or has responsibility.

Deficiency in Response to Interrogatory No. 2

Harden has not provided the names of its directors for the period from
January 1, 1994 to the present. In addition, it has not indicated whether the listed
officers represent all of its officers from this period. Finally, Harden has not
provided each individual's area of responsibility for the administration and/or
payment of health benefit claims.

Interrogatory No. 3

Describe in detail Plaintiff's organizational structure and area of business,
including but not limited to the identification of all departments and divisions
within Plaintiff, and a description of the responsibilities of those departments.

Deficiency in Response to Interrogatory No. 3

In response to Interrogatory No. 3, Harden has stated that to the extent that
the requested information is available from documents within its possession and
control, such documents will be produced to defendants. Such information has
not yet been produced. Accordingly, a complete answer to this interrogatory,
which was due June 3, 2005, is still outstanding.

Interrogatory No. 4

Identify all committees, teams, councils, or other groups of employees that
discussed, recommended, approved or were otherwise involved in or concerned
with coverage of claims concerning Neurontin, including but not limited to those
groups that considered the inclusion of Neurontin in Plaintiff's formulary, groups
responsible for the assessment or payment of claims concerning Neurontin, and
groups responsible for communicating with Members, providers, pharmacies, or
Defendants concerning Neurontin.

Edward Notargiacomo, Esq.                 3                    August 25, 2005

<u>Deficiency in Response to Interrogatory No. 4</u>

     Harden informed defendants at the July 29, 2005 meet-and-confer session that it has no documents responsive to Interrogatory No. 4. Clarify whether this response meant that no such groups existed or simply that Harden does not have any documents identifying such groups. To the extent that the latter is the case, identify such groups.

<u>Interrogatory No. 5</u>

Describe Plaintiff's policies for covering costs relating to prescription medications by identifying whether Plaintiff reimburses expenses incurred by Members, provides the drugs directly to Members, reimburses pharmacies, or takes any other approach to such costs. If policies differ between drugs, identify the reasons for differences, and explain in detail the policy that applies to Neurontin.

<u>Deficiency in Response to Interrogatory No. 5</u>

     In response to Interrogatory No. 5, Harden stated that to the extent that the requested information is available from documents within its possession and control, such documents will be produced to defendants. Identify the production numbers of such documents. Moreover, to the extent that these documents do not describe all of Harden's policies for covering costs relating to prescription medications, describe those policies in writing.

<u>Interrogatory No. 6</u>

From January 1, 1994 to the present, identify all Members of Plaintiff who were prescribed and/or administered Neurontin, and indicate:

     (a)    the dose of Neurontin received by the Member;
     (b)    the reason(s) for the Member's treatment with Neurontin;
     (c)    who wrote the prescription for the Member's Neurontin;
     (d)    who filled the prescription for the Member's Neurontin;
     (e)    whether any Members who were prescribed and/or administered Neurontin are/were covered by Medicare or any other federal health care plan or eligible for Medicare or any other federal health benefits and, for each Member, whether the Plaintiff's plan is primary or secondary coverage to Medicare or any other federal health care plan;

Edward Notargiacomo, Esq.                4                August 25, 2005

<u>Deficiency in Response to Interrogatory No. 6</u>

In response to Interrogatory No. 6, Harden has stated that to the extent that the requested information is available from documents within its possession and control, such documents will be produced to defendants. Such information has not yet been produced. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

<u>Interrogatory No. 7</u>

Identify each occasion since January 1, 1994 on which Plaintiff paid for all or part of the costs of Neurontin, including but not limited to, any form of payment, reimbursement, co-payment, or coinsurance, and for each such payment provide:

    (a)    the dollar amount of the payment;

    (b)    the dollar amount that the Plaintiff contends should have been paid if it differs from the amount actually paid;

    (c)    the date the payment was made;

    (d)    the person or entity to whom the payment was made;

    (e)    other sources that paid part of the price for Neurontin (such as Medicare, Medicaid, federal health care plan, private insurance, any other employee benefit plan, or out of pocket by the Member);

    (f)    the dollar amount paid by other sources for Neurontin (such as Medicare, Medicaid, federal health care plan, private insurance, any other employee benefit plan, or out of pocket by the Member);

    (g)    the date of the medical service for which payment was made by Plaintiff;

    (h)    the Member on whose behalf the payment was made, and whether the Member was an employee under the Plaintiff's plan, a dependent, or a retiree;

    (i)    the indication for which Neurontin was prescribed;

    (j)    the health care provider(s) who prescribed and/or administered the drug;

    (k)    the pharmacy or other entity that filled the prescription; and

    (l)    the state(s) where the Member and health care provider were located.

<u>Deficiency in Response to Interrogatory No. 7</u>

In response to Interrogatory No. 7, Harden has stated that to the extent that the requested information is available from documents within its possession and control, such documents will be produced to defendants. Such information has not yet been produced. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Edward Notargiacomo, Esq.                 5                 August 25, 2005

Interrogatory No. 8

State the number of prescriptions for off-label uses for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements for off-label prescriptions.

Deficiency in Response to Interrogatory No. 8

We understand that Harden intends to limit its response to Interrogatory No. 8 based upon its general objection to producing information about drugs other than Neurontin. Accordingly, we have limited our identification of deficiencies based upon that objection even though we do not agree with it. Even taking into account this general objection, Harden has not provided a complete response.

In response to Interrogatory No. 8, Harden has stated that to the extent that the requested information is available from documents within its possession and control, such documents will be produced to defendants. Such information has not yet been produced. If Harden is not able to provide such information, state this and explain why.

Interrogatory No. 9

State the number of prescriptions for Neurontin for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements, broken down into (a) off-label prescriptions for Neurontin; and (b) prescriptions of Neurontin for approved indications.

Deficiency in Response to Interrogatory No. 9

In response to Interrogatory No. 9, Harden has stated that to the extent that the requested information is available from documents within its possession and control, such documents will be produced to defendants. Such information has not yet been produced. If Harden is not able to provide such information, state this and explain why.

Interrogatory No. 10

If Plaintiff requires pharmacies or providers to provide any directions, instructions or warnings concerning proper use of Neurontin to prescription takers, or if Plaintiff itself provides such materials, state: (a) the exact contents of such instructions or warning; (b) the place and manner in which such directions, instructions or warnings were to be given to Neurontin takers; and (c) the person or person who was to provide such directions, instructions or warnings.

Edward Notargiacomo, Esq.                    6                    August 25, 2005

Deficiency in Response to Interrogatory No. 10

     In response to Interrogatory No. 10, Harden has stated that to the extent that the requested information is available from documents within its possession and control, such documents will be produced to defendants. Such information has not yet been produced. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 11

State whether a representative of Defendants ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

Deficiency in Response to Interrogatory No. 11

     In response to Interrogatory No. 11, Harden has stated that to the extent that the requested information is available from documents within its possession and control, such documents will be produced to defendants. Such information has not yet been produced. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 12

State whether providers who prescribed Neurontin to Plaintiff's Members ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

Deficiency in Response to Interrogatory No. 12

     In response to Interrogatory No. 12, Harden has stated that to the extent that the requested information is available from documents within its possession and control, such documents will be produced to defendants. Such information has not yet been produced. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 14

Describe in detail Plaintiff's knowledge of off-label uses of Neurontin by its Members, including (a) when Plaintiff first learned that Neurontin was being prescribed for off-label uses; (b) how Plaintiff learned this fact; (c) who told Plaintiff this fact; (d) and what, if anything, Plaintiff did upon learning this fact.

Edward Notargiacomo, Esq.                7                    August 25, 2005

Deficiency in Response to Interrogatory No. 14

In response to Interrogatory No. 14, Harden has stated that to the extent that the requested information is available from documents within its possession and control, such documents will be produced to defendants. Such information has not yet been produced. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 15

State whether you have had any communications with Parke-Davis, Warner-Lambert, or Pfizer, including but not limited to online, phoned, mailed or faxed communications, regarding Neurontin, including the dates of any such communications.

Deficiency in Response to Interrogatory No. 15

In response to Interrogatory No. 15, Harden has stated that to the extent that the requested information is available from documents within its possession and control, such documents will be produced to defendants. Such information has not yet been produced. At the July 29, 2005 meet-and-confer session, Harden reported that it had not yet found any responsive documents. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 16

Itemize all damages you claim to have incurred, directly or indirectly, as a result of the allegations in your Complaint, including but not limited to, all pharmaceutical expenses, and the address of each person who provided goods or services in connection with such expense, the nature of the goods or services provided, the dates of all services rendered to you or provision of goods to you, the monetary amount of each such expense or item of damages, and the name and address of the person or entity paying such obligation.

Deficiency in Response to Interrogatory No. 16

In response to Interrogatory No. 16, Harden referred defendants to the documents produced in response to defendants' Document Requests Nos. 49 and 53. Defendants have been unable able to identify any documents responsive to this interrogatory and Document Requests Nos. 49 and 53 in Harden's production. Identify the production numbers of such documents and confirm that these documents itemize *all* damages that Harden claims it incurred as a result of the allegations in the Amended Class Complaint. If these documents do not itemize all of Harden damages, itemize those damages not set forth in those documents.

Edward Notargiacomo, Esq.          8          August 25, 2005

During the July 29 session, Harden suggested that it would be providing a report of Neurontin claims data. If this is the case, explain how this report would respond to this interrogatory.

Interrogatory No. 17

State the amount of money you paid, by month, year, and state, in paying or reimbursing claims for Neurontin or in purchasing Neurontin for distribution to members.

Deficiency in Response to Interrogatory No. 17

In response to Interrogatory No. 17, Harden referred defendants to the documents produced in response to defendants' Document Requests Nos. 1 and 2. Defendants have been unable able to identify any documents responsive to this interrogatory and Document Requests Nos. 1 and 2 in Harden's production. Identify the production numbers of such documents and confirm that these documents provide a complete response to Interrogatory No. 17. If these documents do not provide a complete response, provide the information not set forth in those documents.

Interrogatory No. 18

State the amount of money you received, by month, year, and state, in the form of rebates, discounts, or other price adjustments, concerning Neurontin from any pharmaceutical provider, wholesaler, retailer, or other entity, and identify the entities from which such rebates, discounts, other price adjustments was received.

Deficiency in Response to Interrogatory No. 18

In response to Interrogatory No. 18, Harden refers defendants to documents produced in response to defendants' Document Request No. 47. Defendants have been unable able to identify any documents responsive to this interrogatory and Document Request No. 47 in Harden's production. Identify the production numbers of such documents and confirm that these documents provide a complete response to Interrogatory No. 18. If these documents do not provide a complete response, provide the information not set forth in those documents.

Interrogatory No. 19

State whether members were required to identify Neurontin as being used for an off-label use on any forms or in any correspondence with Plaintiff for any costs associated with Members' ingestion of Neurontin.