Edward Notargiacomo, Esq.                    9                    August 25, 2005

Deficiency in Response to Interrogatory No. 19

      In response to Interrogatory No. 19, Harden has stated that to the extent that the requested information is available from documents within its possession and control, such documents will be produced to defendants. Such documents have not yet been produced. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding.

Interrogatory No. 20

Describe every instance in which you refused to pay for or reimburse the costs of a drug because it had been prescribed for an off-label use.

Deficiency in Response to Interrogatory No. 20

      We understand that Harden intends to limit its response to Interrogatory No. 20 based upon its general objection to producing information about drugs other than Neurontin. Accordingly, we have limited our identification of deficiencies based upon that objection even though we do not agree with it. Even taking into account this general objection, Harden has not provided a complete response.

      Instead, Harden has stated that to the extent that the requested information is available from documents with its possession and control, such documents will be produced to defendants. Such information has not yet been produced. If Harden is not able to provide such information, state this and explain why.

Sincerely yours,

Patrick J. Murray

cc:   Thomas M. Sobol, Esq.

By Facsimile

**EXHIBIT 52**



EDWARD NOTARGIACOMO
ED@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

September 16, 2005

*Via Facsimile and*
*First Class Mail*

Patrick J. Murray
Reema Abdelhamid
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
**Fax: 212-450-3800**

> Re:    In re Neurontin Marketing and Sales Practices Litigation, MDL No. 1629

Dear Patrick and Reema,

I write on behalf of Harden Manufacturing Corporation ("Harden") in response to your August 25, 2005 letter detailing claimed "deficiencies" in Harden's interrogatory responses. I have set out a supplemental response to each of your inquiries.

Response to Claimed Deficiency in Response to Interrogatory No. 1

Blue Cross / Blue Shield of Alabama: Harden's contact at Blue Cross Blue Shield of Alabama is Lee Darrill, Account Executive.

JRH Risk Services, Inc.: Harden's contact at JRH Services was Lawrence Mathis, Birmingham, Alabama.

The individuals listed in response to Interrogatory No. 1, Joe Mac Smith, Kenneth Joe Smith, Gene Mathews, Timothy Craig Smith, Ron Trousdale, Jerry Howell, and Kimeral Wilson would have knowledge concerning the process by which Harden makes payments for pharmaceutical benefits provided to Harden employees and the process by which Harden contracts with third parties to provide health benefits to its employees.

Response to Claimed Deficiency in Response to Interrogatory No. 2

Harden has produced to Defendants an organizational chart which identifies all current members of the Board of Directors as well as all other officers and management personnel. The individuals listed on that organizational chart have been the members of the Board of Directors from 1994 until the present.

Response to Claimed Deficiency in Response to Interrogatory No. 3

Harden has produced to Defendants an organizational chart which identifies Plaintiff's organizational structure and areas of businesses, including all departments and divisions.

Response to Claimed Deficiency in Response to Interrogatory No. 4

Harden is a manufacturing company and as previously indicated it contracts with third-parties to administer health benefits to its employees. As such Harden itself does not have any committees, teams, councils, or other groups of employees that discussed, recommended, approved or were otherwise involved in or concerned with coverage of claims concerning Neurontin.

Response to Claimed Deficiency in Response to Interrogatory No. 5

Harden has produced copies of the plan documents that describe the medical benefits provided to Harden employees from 1994 to the present. Harden is responsible for payment of all costs associated with those medical benefits. Harden's third-party administrator, currently Blue Cross / Blue Shield of Alabama, provides a bi-monthly non-detailed invoice informing Harden of the amount of funds needed to pay all medical claims, including costs associated with pharmaceutical benefits, for the preceding period. Harden then makes those funds available to its third-party administrator for payment of such claims.

Response to Claimed Deficiency in Response to Interrogatory No. 6

As previously discussed with Defense counsel, Harden does not maintain the information called for in Interrogatory No. 6. Harden will provide Defendants with claims data concerning Neurontin to the extent such claims data exists and can be obtained from Harden's third-party administrator. It is not clear at this time whether the information requested in interrogatory No. 6 is available as part of that claims data. To the extent such information is available, Harden objects to the production, and will not produce any information to Defendants that would allow for the identification of individual patients or for information not related to Neurontin.

Response to Claimed Deficiency in Response to Interrogatory No. 7

See Response to Claimed Deficiency In Response to Interrogatory No. 6 above.

Response to Claimed Deficiency in Response to Interrogatory No. 8

See Response to Claimed Deficiency In Response to Interrogatory No. 6 above.

2

Response to Claimed Deficiency in Response to Interrogatory No. 9

See Response to Claimed Deficiency In Response to Interrogatory No. 6 above. It is not clear whether the claims data available includes data sufficient to determine whether the prescriptions were for off-label or approved indications. Harden will supplement this response when that information is available.

Response to Claimed Deficiency in Response to Interrogatory No. 10

Harden is a manufacturing company and as previously indicated it contracts with third-parties to administer health benefits to its employees. As such Harden itself does not have the ability to provide any directions, instructions or warnings concerning proper use of Neurontin to prescription takers.

Response to Claimed Deficiency in Response to Interrogatory No. 11

Harden is a manufacturing company and as previously indicated it contracts with third-parties to administer health benefits to its employees. As such Harden itself does not communicate with, nor does it receive communications from, pharmaceutical manufacturers such as Defendant.

Response to Claimed Deficiency in Response to Interrogatory No. 12

Harden is a manufacturing company and as previously indicated it contracts with third-parties to administer health benefits to its employees. As such Harden itself does not communicate with, nor does it receive communications from, physicians treating individuals covered under Harden's medical or pharmaceutical benefit.

Response to Claimed Deficiency in Response to Interrogatory No. 14

Plaintiff became aware of Neurontin being prescribed for off-label uses in discussions with its counsel concerning various lawsuits filed concerning Neurontin's off-label uses. Plaintiff is unable to supply an exact date. Harden is a manufacturing company and as previously indicated it contracts with third-parties to administer health benefits to its employees. As such Harden itself does not normally know the condition for which a covered drug is prescribed to its employees.

Response to Claimed Deficiency in Response to Interrogatory No. 15

See Response to Claimed Deficiency in Response to Interrogatory No. 11 above.

3

Response to Claimed Deficiency in Response to Interrogatory No. 16

Harden's claims data will identify the amounts paid by Harden for Neurontin in accordance with the medical and pharmaceutical benefits provided to employees and dependants by Harden related to Neurontin. Harden objects to any further analysis or itemization of damages claimed by Harden at this time as premature. Harden will provide damage reports and analysis in accordance with the expert disclosure and report schedule set by the Court in this case.

Response to Claimed Deficiency in Response to Interrogatory No. 17

Harden's claims data will identify the amounts paid by Harden for Neurontin in accordance with the medical and pharmaceutical benefits provided to employees and their dependants by Harden.

Response to Claimed Deficiency in Response to Interrogatory No. 18

Harden is a manufacturing company and as previously indicated it contracts with third-parties to administer health benefits to its employees. As such Harden itself does not receive rebates, discounts, or other price adjustments concerning Neurontin from any pharmaceutical provider, wholesaler, retailer or any other entity.

Response to Claimed Deficiency in Response to Interrogatory No. 19

Harden is a manufacturing company and as previously indicated it contracts with third-parties to administer health benefits to its employees. As such Harden itself does not receive, and did not receive, forms or correspondence from members about Neurontin.

Response to Claimed Deficiency in Response to Interrogatory No. 20

Harden is a manufacturing company and as previously indicated it contracts with third-parties to administer health benefits to its employees. As such Harden itself does not evaluate claims for prescriptions issued to the members of its benefit plan unless there is a dispute concerning coverage. No such dispute arose concerning coverage for Neurontin during the applicable time period.

In addition to responding to your letter, I wanted also to begin to address the scheduling and location of the deposition of Harden Manufacturing in response to the 30(b)(6) notice dated September 9, 2005. As to the location of that deposition, Harden objects to the deposition being scheduled to take place in Boston. We would insist that the deposition take place in a mutually convenient location closer to Harden in Alabama. I understand that Defendants have reached an accommodation on the location of depositions with counsel for personal injury plaintiffs to take the deposition of named plaintiffs in the location of the plaintiff. If Defendants will not agree to this with respect to Harden, please advise so I can seek a protective order if necessary.

The deponent for Harden will be Gene Mathews, Vice President and Chief Financial Officer for Harden. Unfortunately Mr. Mathews will be out of the office and unavailable from September 26-28. He will also be unavailable due to previous commitments from September 29th through October 11th. I would attempt to schedule the deposition as early as next week, but I will be on vacation myself and I suspect Defendants wish to wait until they have received Harden's claim data related to Neurontin in any event.

With respect to claims data, I have been in communication with Kim West who, as you know, represents Blue Cross/Blue Shield of Alabama, Harden's current TPA. She indicates to me that her client may be in a position by the first week in October to produce claims data related to Harden's payment for Neurontin.

Given the scheduling difficulties with Mr. Mathews and the timing of the production of the claims data, I am attempting to get dates from Mr. Mathews for a deposition on either October 13 or 14, 2005. I understand this is beyond the date for the class discovery cutoff of October 10, 2005, but we would be willing to allow this deposition to go forward after that date. I have not yet been able to confirm these dates with Mr. Mathews, but will do so as soon as possible and let you know. If these dates would not work for Defendant's counsel please advise so we can find a mutually agreeable date.

Sincerely,

Edward Notargiacomo

cc:    Jonathan Lowe
       Garve Ivey
       Thomas M. Sobol

5

**EXHIBIT 53**

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

JAMES P. ROUHANDEH
212 450 4835
james.rouhandeh@dpw.com

September 13, 2005

Re:    **In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629**

Barry R. Himmelstein, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111

Dear Barry:

Last Wednesday, September 7, 2005, you contacted me and proposed that the class discovery period be extended by thirty days so that certain tasks could be completed within that period. I responded that while defendants agreed that an extension was necessary, a 120-day extension would be more appropriate since so much class discovery remains outstanding. At that time, I asked you to let us know whether a 120-day extension was acceptable to plaintiffs. Almost a week has passed and we have not heard back from you. Given that the current close of class discovery is October 10, 2005, please respond by the close of business tomorrow, Wednesday, September 14, 2005.

Sincerely yours,

James P. Rouhandeh

cc:    Thomas Sobol, Esq.

<u>By Facsimile & Mail</u>

**EXHIBIT 54**

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3600

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

JAMES P. ROUHANDEH
212 450 4835
james.rouhandeh@dpw.com

September 15, 2005

Re:    **In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629**

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Dear Tom:

As you must know, defendants are seeking a 120-day extension of the deadline for class discovery. We raised this issue with Barry Himmelstein last week. In his letter of today he neither consented to our request nor indicated whether he was speaking on behalf of the consumer class plaintiffs' steering committee. As liaison counsel for that committee, please provide us with class plaintiffs' response to our request as soon as possible. If we do not hear from you by the close of business Monday, September 19, 2005, we will assume that class plaintiffs oppose this extension.

Sincerely yours,

James P. Rouhandeh

cc:    James Dugan, Esq.
       Christopher A. Seeger, Esq.
       Kim D. Stephens, Esq.
       Barry Himmelstein, Esq.
       Johnathan W. Lowe, Esq.
       Irwin B. Levin, Esq.
       Keith M. Fleischman, Esq.

By Facsimile

**EXHIBIT 55**



## HAGENS BERMAN
### SOBOL SHAPIRO LLP

September 16, 2005

VIA FIRST CLASS MAIL

James P. Rouhandeh, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

In re: Neurontin Marketing & Sales Practices Litigation, MDL No. 1629

Jim:

I am in receipt of your letter of yesterday September 15, 2005, concerning Defendant's request for a 120-day extension of the deadline for class discovery. I thought Barry Himlestein's letter of even date made clear that the consumer class plaintiffs' steering committee opposes 120-day extension of that deadline. However, as Barry's letter indicates, we would be willing to be reasonable and agree to extend Defendant's ability to take depositions beyond the October 10, 2005 cut off in order to accommodate individual schedules or individual issues as necessary on a case-by-case basis.

I hope this clears up any confusion concerning the consumer class plaintiff's position with respect to the requested 120-day extension.

Very truly yours,

Thomas M. Sobol