UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION ) ) ) | **MDL DOCKET NO. 1629** MASTER FILE NO. 04-10981 |
| ) | |
| THIS DOCUMENT RELATES TO: ) MEDERO et al. v. PFIZER INC., et al., ) No. 1:04-cv-12616-PBS ) ) | Judge Patti B. Saris Magistrate Judge Leo T. Sorokin |

**PLAINTIFFS' REPLY TO: DEFENDANTS' "OPPOSITION TO PLAINTIFFS' MOTION REQUESTING A 'SUGGESTION OF REMAND'"**

Defendant Pfizer, Inc. has filed an Opposition to the Plaintiffs' August 19, 2005 "Motion Requesting A 'Suggestion of Remand,'" which was made pursuant to Multidistrict Litigation Rule 7.6(d). This Reply is necessary to correct arguments made by Pfizer which are confusing or risk misleading the Court.[1]

**SUMMARY**

Pfizer's arguments and the Plaintiffs' replies are summarized below:

1. "Plaintiffs ask the Court to enter an order that would, in effect, reverse the November 19, 2004 order of the Judicial Panel on Multidistrict Litigation [which] argument should be addressed to the Panel (at least in the first instance) and not this Court."[2]

   *A "suggestion of remand" from this Court is the first of two steps expressly anticipated by MDL Rule 7.6(d); the MDL Panel will act on a remand request only **following** the transferee court's action on a requested "suggestion of*

---

[1] The Plaintiffs' August 19, 2005 motion was made pursuant to MDL Rule 7.6(d). Under MDL Rule 7.2(d), a movant has five days following the filing of a responsive brief to file a single brief in reply. Because the motion is made under the MDL Rules, it appears that LR, D. Mass. 7.1(b)(2) (which generally prevents replies, absent leave of court), would not apply. In the event the Court deems LR 7.1 applicable, despite the MDL nature of the motion in question, the Plaintiffs expressly request that this Court, in the interests of justice and because correction needed to clarify Pfizer's arguments, accept this Reply.

[2] *See* Pfizer's Opposition at 1.

1

*remand."*³  *The Plaintiffs' motion complies exactly with the process set forth in MDL Rule 7.6(d), and the Plaintiffs cannot take their remand request to the MDL Panel until this Court addresses their request.*

2. Plaintiffs' "lack of notice argument is meritless in light of the fact that the docket sheet in the U.S. District Court for the Southern District of Florida indicated eight months before plaintiffs brought their motion that (i) the MDL panel had ordered transfer of the action to this Court and (ii) the case was closed in the Southern District of Florida." ⁴

   *This argument ignores unrefuted and sworn declaration by Plaintiffs' counsel, attached to their motion as Exhibit 8, that the* **_Plaintiffs "were never served with the MDL Conditional Transfer Order [and] never notified of the subsequent transfer of this case."_** ⁵

3. Plaintiffs' "do not and cannot identify a single reason why the Panel's transfer of plaintiffs' complaint ... lacked an adequate basis." ⁶

   **_There is no federal subject matter jurisdiction over the Plaintiffs' case, and subject matter jurisdiction cannot be created by court fiat or waived by the parties._**  *Pfizer has long been aware of the Plaintiffs' jurisdictional challenges, which are set out in the September 10, 2004 19-page "Motion to Remand to State Court" attached as Exhibit 3 to the Plaintiffs' motion. The Court should issue the "suggestion of remand" so that the MDL Panel can take up the issue.*

4. "To the extent plaintiffs seek a jurisdictional determination from this Court – an issue that is not ripe for resolution – they are ignoring the fact that by operation of the Court's case management order, plaintiffs' action is governed by the Amended Class Action Complaint."⁷

   *Subject matter jurisdiction does not exist. The Amended and original Complaints expressly allege that federal jurisdiction does not exist.*

---

³ Pfizer's assertion that "Panel Rule 7.6 has nothing to do with remand based on subject matter jurisdiction," Opposition at p. 2, is unsupported by the language of the Rule. Pfizer's unsubstantiated argument completely ignores the continuing obligation of federal courts to review the basis for subject matter jurisdiction, which exists independent of Rule MDL 7.6.

⁴ *See* Pfizer's Opposition at pp. 1-2.

⁵ *See* Exh. 9 to Plaintiffs' motion, esp. ¶8; *see also* motion at p. 2, stating: "The Medero plaintiffs never received notice of either of these events [the MDL transfer order or subsequent transfer of their case] from either the MDL or the Southern District of Florida."

⁶ *See* Pfizer's Opposition at p 2.

⁷ *See* Pfizer's Opposition at p 2.

**I.     A "SUGGESTION OF REMAND" FROM THIS COURT IS THE PROCESS SET FORTH BY MDL RULE 7.6(d) AS A CONDITION PRECEDENT TO MDL PANEL CONSIDERATION.**

MDL Rule 7.4(d) normally allows litigants a 15-day window to challenge a conditional transfer order.  Through no fault of their own, ***because the Plaintiffs received no notice from either the MDL OR elsewhere that such an order had been entered***, the Plaintiffs missed that 15-day deadline.  The Plaintiffs are therefore following the alternative process provided by MDL Rule 7.6(d), which contains no time restriction.  They request that the Court issue the "suggestion of remand" required by Rule 7.6(d) so that the MDL can take up the issue.  Pfizer (Opposition pp. 4-6) challenges the Plaintiffs' efforts as "fatally flawed."

The Plaintiffs' consistent attempts to have this case remanded are not "tenuous" or "premature," as Pfizer argues in its Opposition, nor is the Plaintiffs' request an attempt to circumvent or override the MDL in any way.  MDL Rule 7.6 requires that this transferee Court **first** rule on a suggestion of remand **before** the MDL Panel takes up the issue.  MDL Rule 7.6(d) provides:

> The Panel is reluctant to order remand absent a suggestion of remand from the transferee district court.  If remand is sought [from the MDL Panel] by motion of a party, the motion shall be accompanied by:  (i) an affidavit reciting (A) whether the movant has requested a suggestion of transfer from the transferee district court, how the court responded to any such request, and, if no such request was made, why....

Pfizer unfairly attacks the Plaintiffs for doing exactly what MDL Rule 7.6(d) anticipates.  Even following this Court's action on the request for a suggestion of remand, the Plaintiffs will still have to take the matter to the MDL Panel, and that Panel has the final word.  Pfizer's argument that this process is an attempt to

3

somehow "reverse" any Panel action is incorrect at best and deliberately misleading at worst.

II. **PFIZER'S ARGUMENTS (A JURISDICTIONAL DETERMINATION IS "NOT RIPE FOR RESOLUTION"[8] AND THAT "THERE CAN BE NO QUESTION THAT FEDERAL SUBJECT MATTER JURISDICTION EXISTS")[9] ARE WRONG UNDER SUPREME COURT PRECEDENT.**

Pfizer argues, on pp. 6-7 of its Opposition, that "Plaintiffs' jurisdictional argument is neither procedurally proper nor substantively correct." Pfizer is simply wrong. The Supreme Court has summarized its jurisdictional mandates in Ins. Corp. v. Compagnie des Bauxites, 456 U.S. 694 (1982) as follows:

> Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power.... Certain legal consequences directly follow from this. For example, **no action of the parties can confer subject matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.** Similarly, **a court, including an appellate court, will raise lack of subject matter jurisdiction on its own motion.**

Id. at 702 (citations omitted, emphasis added).

This District Court must apply those mandates. It should also review the Plaintiffs' long-pending (but never acted upon) Motion to Remand, which is Exhibit 3 to the motion. The Plaintiffs have consistently argued that their Complaint alleges only state law causes of action (Exh. 3 at pp. 8-10); that a FDCA defense does not create federal jurisdiction (Exh. 3 at pp. 10-14); and that

---

[8] See Pfizer's Opposition at p. 1.

[9] See Pfizer's Opposition at p2.

4

diversity jurisdiction does not exist because the amount in controversy is lacking (Exh. 3 at pp. 14-17). The Complaint specifically alleges, at ¶18, that federal jurisdiction does not exist for the reasons set forth above. *See also,* Exh. 8 to motion, Declaration of Omar Malone, Esq., ¶3. *See also*, Clark v. Pfizer, Inc., (September 7, 2004 order from E.D. Pa. granting plaintiff's motion over Pfizer's objections, pending transfer by MDL Panel).

## CONCLUSION

The Plaintiffs' lack of notice in no way precludes this Court's ability to consider their application for a MDL Rule 7.6(d) "suggestion of remand" and even absent Rule 7.6, the Court must, under Ins. Corp. v. Compagnie des Bauxites, *supra*, examine whether federal jurisdiction is appropriate. It is not. The Court should issue the requested suggestion of remand so that the MDL Panel can further consider the Plaintiff's position.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided both electronically, per the Court's CM/ECF system, and via regular U.S. Mail this 22nd day of September, 2005 to:

Kenneth J. Reilly, Esquire
Frank Cruz-Alvarez, Esquire
Shook, Hardy & Bacon, L.L.P.
Miami Center
201 South Biscayne Blvd.
Miami, FL  33131-4332
E-mail:  kreilly@shb.com
and skoch@shb.com

James P. Rouhandeh, Esquire
Reema Abdelhamid, Esquire
Davis Polk & Wardwell

5

450 Lexington Avenue
New York, NY  10017
E-mail:  jim.rouhandeh@dpw.com
abdelham@dpw.com
Counsel for Defendants Pfizer, Inc.
and Warner- Lambert Company

David B. Chaffin, Esquire
Hare & Chaffin
160 Federal Street
Boston, MA  02110
E-mail:  dchaffin@hare-!chaffin.com
Counsel for Defendants Pfizer, Inc.
and Warner- Lambert Company

Patrick J. Murray, Esquire
Neal A. Potischman, Esquire
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY  10017
E-mail:  pmurray@dpw.com
neal.potischman@dpw.com
Counsel for Defendants Pfizer, Inc.,
Parke-Davis, Division of Warner-Lambert
Company, Warner-Lambert Company,
and Warner-Lambert Company, LLC


By: /s/  Jonathan S. Coleman
Guy M. Burns, Esq.
FBN:  160901
Jonathan S. Coleman, Esq.
FBN:  797480
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, L.L.P.
403 East Madison Street
Suite 400
Tampa, FL  33602
Telephone:    (813) 225-2500
Facsimile:    (813) 223-7118

6

Philip Freidin, Esq.
FBN: 118519
T. Omar Malone, Esq.
FBN: 697796
FREIDIN & BROWN, P.A.
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3100
Miami, Florida  33131
Telephone: (305) 371-3666
Facsimile: (305) 371-6725

Randy Rosenblum, Esq.
ROSENBLUM & ROSENBLUM, P.A.
700 S. Andrews Avenue, Ste. 200
Ft. Lauderdale, FL  33316
Telephone: (954) 524-9944
Facsimile:  (954) 524-6664

and

Andrew B. Sacks, Esq.
John K. Weston, Esq.
Julie C. Parker, Esq.
SACKS & WESTON
510 Walnut Street, Ste. 400
Philadelphia, PA  19106
Telephone: (215) 925-8200
Counsel for Plaintiffs

#97318V1