UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| LAURA ALLEN, ADMINISTRATRIX OF THE ESTATE OF THE LATE DANIEL ALLEN, TIMOTHY BRIDGES, and ALFRED MORABITO, individually and on behalf of themselves and all others similarly situated, | Judge Patti B. Saris |
| | Civil Action No. 05-10797 |
| Plaintiffs, | |
| v. | |
| PFIZER, INC. and PARKE-DAVIS, a division of Warner-Lambert Company | |
| Defendants. | |

**PLAINTIFFS' NOTICE OF ADDITIONAL RELEVANT
AUTHORITY IN SUPPORT OF MOTION TO REMAND**

Plaintiffs Laura Allen, Administratrix of the Estate of the Late Daniel Allen, Timothy Bridges and Alfred Morabito ("Plaintiffs") submit this Notice to bring to the Court's attention the recent decision by the First Circuit affirming the decision of Chief Judge Young regarding the proper interpretation of "commenced" in the Class Action Fairness Act. *Natale v. Pfizer, Inc.*, __F.3d__, 2005 WL 2253622 (1st Cir. September 16, 2005) (Attached as Exhibit 1). In *Natale*, the First Circuit held that the term "commenced" in the Class Action Fairness Act referred to the date the action was first filed in state court and not when it was removed to federal court. *Id.* at *1. This decision reconfirms that under Massachusetts law, a civil action is commenced by the

filing of a complaint and not by removal or any other subsequent act. *See id.*

The First Circuit opinion submitted herewith, together with Defendants' failure to cite a single Massachusetts or First Circuit case that counters Plaintiffs' unambiguous Massachusetts authority in any of their papers[1] renders oral argument unnecessary. Plaintiffs respectfully request that this action be remanded to the Suffolk Superior Court Department of the Trial Court of the Commonwealth of Massachusetts. However, if the Court believes that this action warrants a hearing and/or supplemental briefing, Plaintiffs respectfully request that the Court provide an expedited schedule.

Respectfully submitted,

DATED: October 12, 2005

/s/ *Daniel D'Angelo*
Robert J. Bonsignore, BBO# 547880
Daniel D'Angelo, BBO# 630321
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Tel: (781) 391-9400
Fax: (781) 391-9496

ATTORNEYS FOR PLAINTIFFS

---

[1] Defendants filed a Notice of Removal on April 20, 2005, a Memorandum of Law in Opposition to Plaintiffs' Motion to Remand on June 2, 2005, and a Notice of Additional Authority on August 12, 2005, all of which fail to cite any Massachusetts or First Circuit authority. In contrast, Plaintiffs have submitted comprehensive papers consisting of a Memorandum of Law in Support of Motion to Remand filed on May 19, 2005, Plaintiffs' Reply Memorandum of Law in Support of Motion to Remand filed on June 16, 2005, and a Notice of Additional Relevant Authority in Support of Motion to Remand filed on August 12, 2005, all of which provide this Court with the controlling authority and law in the Commonwealth.