# EXHIBIT 1

Westlaw.

2005 WL 2253622                                                                                                Page 1

--- F.3d ----, 2005 WL 2253622 (1st Cir.(Mass.))

(Cite as: 2005 WL 2253622 (1st Cir.(Mass.)))

**H**

**Briefs and Other Related Documents**

Only the Westlaw citation is currently available.

United States Court of Appeals,
First Circuit.
Jerry NATALE, on behalf of himself and all others similarly situated; Sherry
Kwaak, on behalf of herself and all others similarly situated, Plaintiffs,
Appellees,
v.
PFIZER, INC., Defendant, Appellant.
No. 05-2203.

Heard Sept. 7, 2005.
Decided Sept. 16, 2005.

**Background:** Consumers brought state-court class actions against pharmaceutical company, asserting state-law claims for fraud, unjust enrichment and violation of consumer protection statute in connection with over-the-counter product. Company removed actions pursuant to Class Action Fairness Act. Consumers moved to remand. The United States District Court for the District of Massachusetts, William G. Young, J., 379 F.Supp.2d 161, remanded and certified question.

**Holdings:** The Court of Appeals held that:
(1) removal provision of Class Action Fairness Act did not apply, and
(2) term commenced in Class Action Fairness Act referred to date the action was first filed in state court.
Affirmed.

**[1] Removal of Cases** ☞2

334k2 Most Cited Cases

Removal provision of Class Action Fairness Act did not provide a basis for removal of state court class action against pharmaceutical company which was filed in state court before the effective date of the Act, even though case was removed to federal court after effective date of Act and within 30 days of filing of action. 28 U.S.C.A. § 1332(d)(2).

**[2] Removal of Cases** ☞2
334k2 Most Cited Cases
Term "commenced" in provision of the Class Action Fairness Act making Act applicable to any civil action commenced on or after Act's effective date referred to the date the action was first filed in state court, not the date that it was removed to federal court. 28 U.S.C.A. § 1332(d)(2).
Appeal from the United States District Court for the District of Massachusetts, William G. Young, U.S. District Judge.

Thomas A. Smart with whom Richard A. De Sovo, Robert Grass and Alan E. Rothman, Kaye Scholer LLP, Andrew N. Nathanson, William M. Cowan, Dora Kripapuri and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. were on brief for appellant.

David Pastor and Kenneth D. Quat with whom Douglas J. Hoffman and Gilman and Pastor, LLP were on brief for appellees.

Before BOUDIN, Chief Judge, LYNCH, Circuit Judge, and SCHWARZER, [FN*] Senior District Judge.

PER CURIAM.

*1 Pfizer, sued in two class actions in Massachusetts state court, removed these actions to the United States District Court for the District of Massachusetts pursuant to the Class Action Fairness Act of 2005, Pub.L. No. 109-2, 119 Stat. 4 (to be codified at 28 U.S.C. § 1332(d)(2)) ("CAFA"). The

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 2253622                                                                                                    Page 2

--- F.3d ----, 2005 WL 2253622 (1st Cir.(Mass.))

**(Cite as: 2005 WL 2253622 (1st Cir.(Mass.)))**

District Court remanded the actions but certified its ruling for an interlocutory appeal, and this court accepted Pfizer's appeal from the remand order pursuant to CAFA § 5, 119 Stat. 12 (to be codified at 28 U.S.C. § 1453(c)(1)).

Plaintiffs filed their actions in state court, Natale on February 11, and Kwaak on January 13, 2005. Section 9 of CAFA provides that "this Act shall apply to any civil action commenced on or after the date of enactment of this Act." CAFA's date of enactment was February 18, 2005. Pfizer filed a notice of removal in the District Court on March 25, 2005, within 30 days of the filing of the Natale action. 28 U.S.C. § 1446(b).

[1] Pfizer contends that the actions were commenced on the date they were removed. The two circuits to have addressed the issue have rejected this contention, having held that "commenced" means "filed" rather than "removed." *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 806 (7th Cir.2005), following *Pritchett v. Office Depot, Inc.*, No. 05-0501, 2005 WL 1994020 (10th Cir. Aug.18, 2005), *amending and superceding* 404 F.3d 1232 (10th Cir.2005). Pfizer argues that these actions are different in that removal occurred within the statutory thirty-day period from service of the complaint, rather than after the action had been pending for some years. But that argument runs squarely into the statutory provision that the Act is to apply only to actions commenced on or after the date of enactment. We agree with the Seventh Circuit's decision in *Pfizer, Inc. v. Lott*, 417 F.3d 725 (7th Cir.2005), rejecting this argument. To accept it would have us rewrite the statute by carving out a class of late-filed actions.

[2] Thus, Pfizer is left with its argument that "commenced" means "removed." As Judge Posner points out in *Lott*,

> While it is true that the proceeding in federal court was "commenced" by the filing of the removal petition, that filing was not the beginning of the suit. For what was removed was the suit that had been brought in the Illinois state court, and under Illinois law the filing of the complaint had "commenced" the suit.

*Id.* at 726. The same is true under Massachusetts law. Mass. R. Civ. P. 3 (stating that a civil action is commenced by filing of a complaint); *Big D Carpets, Inc. v. The Welch Group, Inc.*, 37 Mass.App.Ct. 312, 315, 639 N.E.2d 1085 (Mass.App.1994).

Finally, we are unpersuaded by Pfizer's reliance on a line of district court decisions following *Lorraine Motors, Inc. v. Aetna Cas. & Sur. Co.*, 166 F.Supp. 319 (E.D.N.Y.1958). Those cases involved legislation increasing the amount in controversy requirement and rest on the rationale that an action should not be removable from state court when that action could not have been originally instituted in federal court on the day it was removed because the jurisdictional amount had been raised. *See Lorraine Motors*, 166 F.Supp. at 323. They have no relevance here.

*2 The remand order is *affirmed.*

> FN* Of the Northern District of California, sitting by designation.

--- F.3d ----, 2005 WL 2253622 (1st Cir.(Mass.))

**Briefs and Other Related Documents (Back to top)**

• 05-2203 (Docket)
                    (Aug. 05, 2005)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.