UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO: ) ) MARKETING AND SALES PRACTICES ) ACTIONS. ) ) | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Leo T. Sorokin |

### SECOND STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Second Stipulated Protective Order (the "Order") limiting the disclosure of certain nonpublic information regarding current or future pricing of products and services and limiting the use of such information as hereinafter provided. IT IS HEREBY STIPULATED AND ORDERED THAT:

1. This Order is intended to supplement, but not to replace, the Stipulated Protective Order entered by the Court, dated January 10, 2005 (the "First Protective Order"). This Order shall govern the treatment of "Discovery Materials" as defined in paragraph 1 of the First Protective Order.

2. Definitions: Terms defined in paragraph 2 of the First Protective Order shall have the same meaning when used herein. As used herein the following terms shall have the following meanings:

"Health Plan" shall refer to any person or entity engaged in the business of providing health insurance or health care benefits.

"PBM" shall refer to any person or entity engaged in the business of providing pharmacy benefits management services.

3. Scope.

(a) All documents and information furnished to a party in conjunction with this litigation that contain nonpublic information regarding a Health Plan's or a PBM's current or future pricing of its products or services and that the producing party determines in good faith will harm the competitive position of a Health Plan or a PBM if disclosed to a competitor of same, may be designated HIGHLY CONFIDENTIAL by the producing party and furnished to the other parties pursuant to the terms of this Order.

(b) The party receiving documents or information designated HIGHLY CONFIDENTIAL (i) shall treat it as CONFIDENTIAL pursuant to the terms of the First Protective Order and (ii) shall not use or disclose the documents and information except in compliance with the terms of this Order or such orders as may be issued by the Court during the course of this litigation. The provisions of this Order extend to all documents or information designated HIGHLY CONFIDENTIAL regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any other discovery materials produced by a party in response to or in connection with any discovery in this lawsuit, and any copies, notes, abstracts, or summaries of the foregoing materials.

(c) The designation of information as "HIGHLY CONFIDENTIAL" shall constitute a representation in accordance with Federal Rule of Civil Procedure 11 that such

document, material, or information has been reviewed and that there is a good faith basis for such designation.

4.  No Disclosure to Health Plans or PBMs. Notwithstanding any other provision of this Order or of the First Protective Order, no party or other person or entity receiving Highly Confidential documents or information shall reveal, disclose, or produce said documents or any information derived therefrom to Defendants or any Health Plan or PBM (whether such entity be a plaintiff or non-party), including any employee, officer, director, or agent of same (other than outside counsel or in-house counsel for a party supervising this litigation to the extent that those individuals' responsibilities do not involve the relationship between their employer and the party whose information has been designated HIGHLY CONFIDENTIAL). Notwithstanding this or any other provision of this Order, this Order does not provide any party or other person or entity with a basis not to produce documents to any party's outside counsel.

5.  Designation of High Confidentiality. The terms of paragraphs 4 through 17 of the First Protective Order shall apply to designations of Highly Confidential materials under this Order.

6.  Disclosure of Highly Confidential Information. Access to information designated HIGHLY CONFIDENTIAL pursuant to this Order may be granted pursuant to the terms of paragraph 6 of the First Protective Order, except that access shall be prohibited to the extent that it would violate paragraph 4 of this Order. For the purposes of disclosing Highly Confidential Information to any person described in paragraphs 6(c), 6(f), 6(g), or 6(i) of the First Protective Order, the reference to the form attached as Exhibit A is deemed to refer instead to the form attached to this Order as Exhibit A.

7.  This Order is binding on all parties to this litigation and on all non-parties who have been served a copy of this Order and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court.

8.  This Order and the First Protective Order are intended to function as a "qualified protective order" under the Health Insurance Portability and Accountability Act, as that term is used in 45 C.F.R. § 164.512(e)(1)(i)(B) and defined in 45 C.F.R. § 164.512(e)(1)(v).

*Plaintiffs' Liaison Counsel*

By:  /s/ Thomas M. Sobol
     Thomas M. Sobol
     Hagens Berman LLP
     One Main Street, 4th Floor
     Cambridge, MA 02142

*Members of the Class Plaintiffs' Steering Committee*

By:  /s/ Don Barrett
     Don Barrett, Esq.
     Barrett Law Office
     404 Court Square North
     P.O. Box 987
     Lexington, MS 39095

By:  /s/ Daniel Becnel, Jr.
     Daniel Becnel, Jr., Esq.
     Law Offices of Daniel Becnel, Jr.
     106 W. Seventh Street
     P.O. Drawer H
     Reserve, LA 70084

By:  /s/ James Dugan
     James Dugan, Esq.
     Dugan & Browne
     1181 W. Tunnel Blvd., Suite A
     Houma, LA 70360

By:  /s/ Thomas Greene
     Thomas Greene, Esq.
     Greene & Hoffman
     125 Summer Street
     Boston, MA 02110

By:  /s/ Barry Himmelstein, Esq.
     Barry Himmelstein, Esq.
     Lieff Cabraser Heimann & Bernstein
     Embarcadero Center West
     275 Battery Street, 30th Floor
     San Francisco, CA 94111-3339

*Members of the Plaintiffs' Non-Class Steering Committee*

By:     /s/ Richard Cohen
        Richard Cohen, Esq.
        Lowey Dannenberg Bemporad &
          Selinger, P.C.
        The Gateway
        One North Lexington Avenue
        White Plains, NY 10601

By:     /s/ Linda P. Nussbaum
        Linda P. Nussbaum, Esq.
        Cohen Milstein Hausfeld & Toll
        150 East 52nd Street
        Thirteenth Floor
        New York, NY 10022

By:     /s/ Mark Sandmann
        Mark Sandmann, Esq.
        Rawlings & Associates
        325 West Main Street
        Suite 1700
        Louisville, KY 40202

*Counsel for Defendants, Pfizer Inc., et al.*

By: /s/ David B. Chaffin
David B. Chaffin, Esq.
Hare & Chaffin
160 Federal Street, 23rd Floor
Boston, MA 02110

By: /s/ James P. Rouhandeh
James P. Rouhandeh, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

*Counsel for BlueCross and Blue Shield of Alabama, Inc.*

By: /s/ Kimberly R. West
Kimberly R. West, Esq.
Wallace, Jordan, Ratliff & Brandt LLC
P.O. Box 530910
Birmingham, AL 35253

*Counsel for Non-party Caremark Rx, Inc.*

By: /s/ Theodore Harman
Theodore Harman, Esq.
Ungaretti & Harris
3500 Three First National Plaza
Chicago, IL 60602

*Counsel for Non-party Medco*

By: /s/ Kara B. Larsen
Kara B. Larsen, Esq.
Medco Health Solutions, Inc.
100 Parsons Pond Drive
Franklin Lakes, NJ 07417

**SO ORDERED:**



Hon. Leo T. Sorokin
United States Magistrate Judge

Dated: Dec. 16 2005