pharmaceutical provider, wholesaler, retailer, or other entity, and identify the entities

from which such rebates, discounts, or other price adjustments was received.

Interrogatory No. 18

State whether Members were required to identify Neurontin as being used for an

off-label use on any forms or in any correspondence with Plaintiff for any costs

associated with Members' ingestion of Neurontin.

Interrogatory No. 19

Describe every instance in which you refused to pay for or reimburse the costs of

a drug because it had been prescribed for an off-label use.

Dated:  New York, New York
        May 2, 2005

DAVIS POLK & WARDWELL

By: _____

James P. Rouhandeh
James E. Murray

450 Lexington Avenue
New York, New York  10017
(212) 450-4000

HARE & CHAFFIN

By: _____

David B. Chaffin
BBO No. 549245

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

Attorneys For Defendants Pfizer Inc. and
Warner-Lambert Company.

12

# EXHIBIT 3

# BERNSTEIN LIEBHARD & LIFSHITZ, LLP

ATTORNEYS AT LAW

**10 EAST 40TH STREET**

**NEW YORK, NEW YORK 10016**

(212) 779-1414

FAX: (212) 779-3218

www.bernlieb.com

STANLEY D. BERNSTEIN
SANDY A. LIEBHARD
MEL E. LIFSHITZ
KEITH M. FLEISCHMAN
JEFFREY M. HABER
ROBERT J. BERG▼
FRANCIS P. KARAM▼
REBECCA M. KATZ
U. SETH OTTENSOSER

SENIOR COUNSEL
WILLIAM A. K. TITELMAN▲

OF COUNSEL
TIMOTHY J. MacFALL
MARK T. MILLKEY

ABRAHAM I. KATSMAN*
MICHAEL S. EGAN*
MARY U. HOOVER
ANNE W. SALISBURY
FELECIA L. STERN
RONALD J. ARANOFF
DANIELLE MAZZINI-DALY
BRIAN S. COHEN
GREGORY M. EGLESTON
JOSEPH R. SEIDMAN, JR.
ALDEN W. VEDDER
MICHAEL S. BIGIN
STEPHANIE M. BEIGE
ANDREA H. WILLIAMS*
JESSICA L. FRANCISCO
THERESA A. VITELLO***
BRETT M. LOGAN
RUSSELL M. IGER

*ALSO ADMITTED IN NJ
▼ALSO ADMITTED IN PA
▲ADMITTED ONLY IN PA
***ADMITTED ONLY IN NJ & PA

July 6, 2005

**BY HAND**

James Murray, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

     Re:   *In Re Neurontin Marketing and Sales Practices Litigation*
          *MDL No. 1629*

Dear Jim:

I am writing to follow up on some of the issues that were raised at the June 29, 2005 meet and confer in the above-referenced matter.

First, with respect to documents unrelated to Neurontin, the Third Party Payor Plaintiffs ("TPPs") will not produce such documents. Individual Plaintiffs will produce documents unrelated to Neurontin to the extent they have documents that relate to a chronic or pre-existing medical condition for which the individual was prescribed Neurontin.

Second, with respect to time period, the TPPs will not produce documents created prior to January 1, 1994. TPPs will produce, however, responsive, relevant documents through the present. Individual Plaintiffs will produce pre-1994 documents to the extent they have documents that relate to a chronic or pre-existing medical condition for which the individual was prescribed Neurontin. Individual Plaintiffs will also produce responsive, relevant documents through the present.

Third, with respect to the Plaintiffs' confidentiality objections, we confirm that Plaintiffs have not withheld any documents solely on the basis of confidentiality.

Fourth, with respect to the Plaintiffs' objections on the grounds that responsive documents are already in Defendants' possession, custody or control, Plaintiffs will not produce any documents that were produced by the Defendants in the *Franklin Qui Tam* action. Plaintiffs

BERNSTEIN LIEBHARD & LIFSHITZ, LLP

James Murray, Esq.
July 6, 2005
Page 2 of 2

will agree to a mutual exchange of documents that were produced or received pursuant to third party subpoenas served by any party in *Franklin*. Subject to these limitations, Plaintiffs will not withhold any other responsive, relevant documents solely on the grounds that such documents are already in Defendants' possession, custody or control.

Fifth, with respect to Plaintiffs' objections that Defendants' contention requests and requests for documents and information relating to experts are premature, we are willing to discuss a mutual exchange date for expert discovery. For now, however, Plaintiffs have not withheld any responsive, relevant documents solely on the basis that Defendants' requests are premature.

Sixth, Plaintiffs confirm that they are not withholding any responsive, relevant documents solely on the basis that such documents are in electronic form. To the extent that it takes longer to find such documents and/or convert them into a readable format, Plaintiffs will continue to produce electronic documents on a rolling basis.

Seventh, we are in receipt of Patrick Murray's email from yesterday insisting that we provide medical authorizations for the end-payor Plaintiffs. Please be advised that Plaintiffs will not voluntarily provide medical authorizations in this matter.

Finally, I am mindful that issues raised at the June 29th meet and confer are not addressed in this letter. Plaintiffs' counsel are in the process of conferring with each other and our respective clients. Depending on the availability of our clients, we hope to respond to the other open issues from the June 29th meet and confer by July 13, 2005.

Very truly yours,

Ronald J. Aranoff

# EXHIBIT 4

*2994/1697*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION ) ) ) | MDL Docket No. 1629 |
| ) | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS ) ) | Judge Patti B. Saris |

### PLAINTIFF LOUISIANA HEALTH SERVICE INDEMNITY COMPANY D/B/A BLUECROSS/BLUESHIELD OF LOUISIANA'S OBJECTIONS AND RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Now comes Plaintiff Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana ("Plaintiff") and responds to Defendant Pfizer, Inc. and Warner-Lambert Company's ("Defendants'") First Request for Production of Documents as follows:

## I.    PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Document Requests are made for the sole purpose of this litigation. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response. Plaintiffs' response to all or any part of the Document Requests should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Document Request; or (2) Plaintiff has in his/her possession, custody or control documents responsive to that

*6/3/05*

Document Request; or (3) documents responsive to that Documents Request exists. Plaintiff's response to all or any part of any Document Request is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of his/her objection(s) to that Document Request.

Plaintiff and his/her counsel have not completed (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

<u>GENERAL OBJECTIONS</u>

1.    Plaintiff objects to these requests to the extent they are inconsistent with, or seek to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts or any applicable scheduling order, case management order or other ruling of the Court.

2.    Plaintiff objects to these requests to the extent that they seek information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff will not produce such information.

3.    Plaintiff objects to these requests to the extent they seek information that is confidential or private in nature, that is covered by third-party confidentiality agreements or

2

protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

4.    Plaintiff objects to these requests to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information.

5.    Plaintiff objects to these requests to the extent they seek information not available or known to Plaintiff.

6.    Plaintiff objects to these requests to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

7.    Plaintiff objects to these requests to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiff or others.

8.    Plaintiff objects to these requests to the extent they are vague, ambiguous, or incomprehensible, requiring Plaintiff to engage in conjecture as to their meaning.

9.    Plaintiff objects to these requests to the extent that they seek documents from a time period that is overly broad.

10.    Plaintiff objects to these requests to the extent they seek information or documents regarding drugs other than Neurontin. As such, these requests are over broad, unduly burdensome and seek information or documents that are neither relevant to this action nor likely

3

to lead to discovery of admissible evidence. Plaintiff will only produce documents or information regarding Neurontin.

11.    Plaintiff objects to these requests to the extent they call for the production of documents in a mutually agreeable place. Plaintiff reserves the right to produce all documents kept in its ordinary course of business.

12.    Plaintiff objects to these requests to the extent that they seek information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

13.    Plaintiff objects to these requests to the extent they seek information that contains proprietary or confidential business information.

14.    Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to this request. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in Defendant's requests is accurate or complete.

15.    Plaintiff objects to the Document Requests to the extent they purport to require Plaintiffs to disclose or produce documents concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiff as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Ruled of Civil Procedure.

16.    Plaintiff reserves its right to make additional objections to these requests and to supplement them and amend them as discovery continues.

17.    All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

18.    A response by Plaintiff that it "will produce documents responsive to this request" means that Plaintiff will produce those documents in its possession, custody, or control, but does not constitute statements that (a) Plaintiff has completed its review of documents; (b) Plaintiff has the documents in its possession, custody, or control; or (c) any such documents exist.

## DOCUMENT REQUESTS

Request No. 1

Provide all documents concerning the number of prescriptions for off-label uses for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements for off-label prescriptions.

Response No. 1

Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects on the ground that this

5

request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, relating to the number of prescriptions for Neurontin and the dollar amounts of all payments and reimbursements that Plaintiff paid for these prescriptions.

Request No. 2

Provide all documents concerning the number of prescriptions for Neurontin for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements, broken down into (a) off-label prescriptions for Neurontin; and (b) prescriptions of Neurontin for approved indications.

Response No. 2

Please see Response No. 1.

Request No. 3

All marketing materials, marketing information, and related documents received from any manufacturer or supplier of prescription drugs or prescription drug benefits concerning Neurontin.

Response No. 3

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request on the grounds that the term "related documents" is vague and ambiguous. Plaintiff further objects to

6

this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Request No. 4

All documents concerning any communication between Plaintiff, any third-party Plan Administrator or Preferred Provider, including insurance companies, Plaintiff's Members or anyone acting on their behalf, and any provider or pharmacy relating to Neurontin, including but not limited to payments, prior authorizations, pre-approvals, or coverage of claims.

Response No. 4

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to these requests to the extent they seek information not available or known to Plaintiff. Plaintiff further objects to these requests to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 5

All invoices, advertisements, catalogs or industry publications concerning Neurontin.

7

<u>Response No. 5</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

<u>Request No. 6</u>

All documents concerning claims, coverage, benefits, pricing, or reimbursement for Neurontin.

<u>Response No. 6</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

8

Request No. 7

All formulary documents concerning Neurontin.

Response No. 7

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 8

All documents from any formulary committee, or any other committee with similar functions, concerning Neurontin, including but not limited to presentations, meeting minutes, and evaluations of Neurontin.

Response No. 8

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 9

All documents concerning Neurontin from any committee, team, council, or other group of employees, that discussed, recommended, approved, denied, or otherwise considered the

9

inclusion of Neurontin in Plaintiff's formulary, the payment or denial of Neurontin claims, the

payment of denial of off-label uses of Neurontin, or otherwise addressed Neurontin.

Response No. 9

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, Plaintiff will produce

documents responsive to this request, to the extent they exist.

Request No. 10

All documents concerning any communication or interaction between Plaintiff, any third-

party Plan Administrator or Preferred Provider, including insurance companies, Plaintiff's

Members or anyone acting on their behalf, and any Defendant.

Response No. 10

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome.  Plaintiff further objects to this request on the

grounds that the term "interaction" is vague and ambiguous.  Plaintiff further objects to this

request to the extent it seeks information that is confidential or private in nature, that is covered

by third-party confidentiality agreements or protective orders, the medical records privileges of

Massachusetts or the state in which the patients and records are located, the Health Information

Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal

10

Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 11

All documents concerning any statements obtained by the Plaintiff from any person having, or purporting to have, knowledge or information pertaining to Neurontin.

Response No. 11

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 12:

All documents concerning any opinion by any person with an M.D., Ph.D., D.O., M.P.H., or D. Sc., pharmacy degree, or by any similarly trained or educated health care professional or scientist, concerning Neurontin.

Response No. 12

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 13

Copies of all newspaper, magazine or medical journal articles which discuss, refer or relate to the use of Neurontin for off-label uses.

Response No.13

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

12

Request No. 14:

Copies of all promotional or marketing materials or other documents regarding the use of Neurontin.

Response No. 14

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Request No. 15

Copies of all promotional or marketing materials or other documents regarding the use of Neurontin that Plaintiff alleges were provided by Defendants to any physician who prescribed Neurontin to Plaintiff's Members.

Response No. 15

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client

13

privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Request No. 16:

Copies of each medical article, treatise, research study, publication, or other document regarding the use of Neurontin for the treatment of off-label uses.

Response No. 16

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Request No. 17

Copies of all documents that provide information about the approved indications for Neurontin or that indicate that Neurontin was not approved by the FDA for certain uses.

Response No. 17

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the

14

extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 18

All records showing the dollar amounts for reimbursements or payments of prescriptions or costs of drugs prescribed for off-label uses from the period 1994 through the present, and the percentage the off-label payments represent of total reimbursements and costs for all claims during that period.

Response No. 18

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 19

One representative copy of each document sent to Members, physicians, pharmacies, medical centers, hospitals, the government, or any other entities in which Plaintiff expresses its policy towards or information about payment for off-label prescriptions.

Response No. 19

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.  Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 20

One representative copy of each document sent to Members, physicians, pharmacies, medical centers, hospitals, the government, or any other entities in which Plaintiff expresses its policy towards or information about payment for anti-epileptic drugs, whether for on-label or off-label indications.

16

Response No. 20

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 21

One representative copy of each document sent to Members, providers, pharmacies, medical centers, hospitals, the government, or any other entities in which Plaintiff expresses its policy towards or information about payment for Neurontin, whether for on-label or off-label indications.

Response No. 21

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

17

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.  Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 22

All newspaper articles, magazine articles, articles from the internet, reimbursement newsletters, or other published or printed material concerning the off-label use of Neurontin.

Response No. 22

Please see Response No. 13.

Request No. 23

All statements or other documents disseminated by or on behalf of any Defendant to Plaintiff and/or the public concerning Neurontin.

Response No. 23

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.  Plaintiff further objects to this request to the

18

extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Request No. 24

All correspondence or communications with any federal or state government entity or agency regarding Neurontin, reimbursement for off-label uses of medications, and/or any of the claims raised in the Complaint.

Response No. 24

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

19

<u>Request No. 25</u>

All documents concerning medical compendia, listings, or other similar types of documents, including but not limited to DRUGDEX, that include information about off-label uses of drugs.

<u>Response No. 25</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

<u>Request No. 26</u>

All documents referring to any investigation, lawsuit, or other examination into the off-label use of Neurontin.

<u>Response No. 26</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material

prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 27

All information received from any source about the use of Neurontin off-label.

Response No. 27

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Request No. 28

All documents concerning the efficacy or inefficacy of Neurontin for off-label uses.

Response No. 28

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

21

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to the use of the terms "efficacy" and "inefficacy." Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Request No. 29

All documents concerning any budgetary plans and/or budgetary discussions about the costs and issues surrounding coverage of off-label uses for medications.

Response No. 29

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located; the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq.

22

("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent it seeks information that contains proprietary or confidential business information.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 30

All documents concerning the benefits, risks, safety, efficacy or cost or benefits of Neurontin.

Response No. 30

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time. rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or

23

documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 31

Records of all claims or requests for payment or reimbursement received concerning Neurontin.

Response No. 31

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it requires Plaintiff to engage in conjecture as to its meaning. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

24

Request No. 32

All documents addressing claims for reimbursement or provision of Neurontin that identify the indications for which Neurontin was prescribed or reflect Neurontin prescriptions by indication or use.

Response No. 32

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects on the ground that this request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 33

All records, emails, correspondence, memorandum and documents of any kind in which the indications of Neurontin are discussed.

Response No. 33

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 34

All documents concerning Neurontin's package insert, Neurontin's label, and the indications for which Neurontin was approved.

Response No. 34

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it

26

seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 35

All documents in which Plaintiff addresses, questions, identifies or analyzes the level, cost, type or number of Neurontin claims received by Plaintiff.

Response No. 35

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 36

All documents comparing the level, cost, type or number of Neurontin claims to those of other anti-epileptic drugs or other drugs in general.

Response No. 36

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

27

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

<u>Request No. 37</u>

All protocols, procedures, or requirements – whether formal or informal – for the processing of Neurontin claims.

<u>Response No. 37</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

<u>Request No. 38</u>

All documents related to any analysis of potential, expected or actual costs of paying for or reimbursing Members for Neurontin for any use other than as an adjunctive therapy in the treatment of epilepsy.

Response No. 38

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request on the ground that this request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 39

Copies of organization charts which reflect the structure and composition of any department within Plaintiff whose responsibilities included the assessment, payment, rejection of payment, or tracking of Neurontin claims.

Response No. 39

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

29

Request No. 40

Documents sufficient to identify all persons who had responsibilities concerning the review, consideration, analysis, recommendations, or approval of any aspect of the reimbursement of costs of Neurontin.

Response No. 40

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it requires Plaintiff to engage in conjecture as to its meaning.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 41

All documents or records in Plaintiff's databases that concern requests for reimbursement of the costs of Neurontin. The response to this request should include all fields of any database whose records are produced.

Response No. 41

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it requires Plaintiff to engage in conjecture as to its meaning.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 42

All documents concerning any efforts by Plaintiff to track the off-label prescriptions of medications, including but not limited to Neurontin.

Response No. 42

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request on the grounds that the terms "all documents concerning any efforts by plaintiff" is overbroad, vague, and ambiguous. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects on the ground that this request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

31

Request No. 43

All documents which discuss or reflect the dollar amount, numeric amount, or rate of change of Neurontin prescriptions to Members.

Response No. 43

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 44

All documents concerning any disapproval of coverage or reimbursement by Plaintiff for any Neurontin prescription for an off-label use.

Response No. 44

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.   Plaintiff further objects to this request to the extent it seeks

32

information not available or known to Plaintiff. Plaintiff further objects on the ground that this request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 45

All documents concerning any contract or agreement between any pharmacy, provider, or other entity regarding Neurontin or payment or reimbursement of the cost of prescribing Neurontin.

Response No. 45

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

33

<u>Request No. 46</u>

Each document concerning the payment, pass-on or reimbursement of costs associated with Neurontin by any pharmacy, employer, company, sponsor, insurer, or third party payor.

<u>Response No. 46</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

<u>Request No. 47</u>

Each document concerning rebates or other payments requested by or paid to Plaintiff regarding Neurontin.

<u>Response No. 47</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the

34

extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 48

Documents sufficient to show, by month, year, and state, the number and dollar amount of payments made by Plaintiff concerning Neurontin on behalf of Members.

Response No. 48

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

35

Request No. 49:

All documents that state, record, list, or refer to any fee, expense, cost, or item of pecuniary expense or loss of any kind for which you seek to recover compensatory damages in this action, including administrative, travel, and other costs, damages, or expenses.

Response No. 49

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request on the ground that it is premature at this stage of the litigation.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 50

All documents, including any in an electronic data format, showing individual claims submitted to and payments made by Plaintiff for Neurontin to Members or to providers or other parties on behalf of any Member. For each transaction, data should include information regarding the type of contract and funding methodology between the parties. These documents or databases should include all information or all fields necessary to adjudicate claims, including but not limited to the following: encrypted member i.d., member age, date of service, date of payment, amount billed, amount paid by plan, co-pay, deductible, coinsurance, third party

36

liability, ICD-9 code, CPT, HCPCS, NDC or local code used by the plan, physician i.d., and claim status/adjudication code. If fields containing confidential information (e.g., member name, social security number) are encrypted, they should be encrypted so as to allow the tracking of an individual Member over time.

Response No. 50

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 51

For each Member's claim or payment identified in Plaintiff's response to Request No. 50, provide documents, including any in an electronic data format, showing all individual claims submitted to and payments made by Plaintiff for any prescription drug to those Members or to providers or other parties on behalf of those Members. For each transaction, data should include all information necessary to adjudicate claims, including but not limited to the following:

37

encrypted member i.d., member age, name of drug, reason drug was prescribed to Member, date of service, date of payment, amount billed, amount paid by plan, co-pay, deductible, coinsurance, third party liability, ICD-9 code, CPT, HCPCS, NDC or local code used by the plan, physician i.d., and claim status/adjudication code. If fields containing confidential information (e.g., member name, social security number) are encrypted, they should be encrypted so as to allow the tracking of an individual Member over time (including tracking the Member against the information provided in response to Request No. 50).

Response No. 51

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

38

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 52

All documents concerning Plaintiff's payment of all or part of the purchase price for Neurontin, including co-payment or deductible amounts, on behalf of any Member of Plaintiff. This request includes, but is not limited to, documents sufficient to identify the date the payment was made; the person or entity to whom the payment was made; the name of the Member on whose behalf the payment was made and whether the Member is covered by Medicare or eligible for Medicare benefits; the dosage of Neurontin purchased; the name, address, and telephone number of the health care provider or pharmacy providing Neurontin; and the dollar amount of the payment, as well as statements, invoices, bills, receipts, cancelled checks, credit card statements, or other proof of payment.

Response No. 52

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 53

All documents concerning any damages that Plaintiff contends were sustained from Defendants' alleged conduct or otherwise supporting Plaintiffs' claim for damages or other relief in this case.

Response No. 53

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request on the ground that it is premature at this stage of the litigation.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 54

All documents, including medical records, concerning Plaintiff's Members' treatment with Neurontin.

Response No. 54

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to these requests to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

Request No. 55

All documents in the possession of Plaintiff or Plaintiff's attorneys related to Neurontin that were provided by non-parties to any of the parties in the civil action *United States of America ex rel. David Franklin v. Parke-Davis, et al.,* C.A. No. 96-11651-PBS (D. Mass.).

Response No. 55

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

41

Plaintiff further responds that to the extent such documents were subject to an agreement between counsel, such documents will be or have been produced to Defendants.

Request No. 56

All of Plaintiff's summary annual reports, annual reports, and state and federal tax filings for the years 1994 through the present.

Response No. 56

Subject to and without waiving the foregoing general objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 57

All documents filed with any federal or state government entity, including the Department of Health and Human Services, Centers for Medicare and Medicaid Services, and any State Department of Insurance, relating to medical benefits concerning Neurontin or concerning the off-label use of any drug.

Response No. 57

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the

42

Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 58

Copies of all articles of incorporation, by-laws, charters, agreements, or other documents under which Plaintiff was created or organized, which describe Plaintiff's corporate governance, organizational structure, and/or which identify Plaintiff's purposes or operations.

Response No. 58

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 59

Copies of organization charts which reflect Plaintiff's structure.

43

Response No. 59

Subject to and without waiving the foregoing general objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 60

All documents submitted to any government entity or agency since January 1, 1994 relating to Plaintiff which discussed or addressed the off-label use of medications.

Response No. 60

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

44

Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 61

All minutes of meetings of Plaintiff's trustees, fiduciaries, or officers, notices regarding such meetings, and all documents distributed before, during, or as result of such meetings, including all documents reflecting a decision of the trustees, fiduciaries, or officers in lieu of a meeting, in which the off-label use of medications was discussed.

Response No. 61

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the