attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 62

Documents sufficient to identify the names and addresses of Plaintiff's trustees, fiduciaries, and officers since January 1, 1994.

Response No. 62

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 63

Documents sufficient to identify the names and addresses of all individuals and entities providing administrative services to Plaintiff, including the Plan Administrator(s), since January 1, 1994.

Response No. 63

Subject to and without waiving the foregoing general objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 64

Plaintiff's Plan and trust documents and documents reflecting amendments thereto since January 1, 1994.

46

Response No. 64

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 65

Adoption agreements and documents reflecting amendments thereto since January 1, 1994.

Response No. 65

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it requires Plaintiff to engage in conjecture as to its meaning.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 66

One representative copy of all communications since January 1, 1994 with Plaintiff's Members and providers relating to anti-epileptic drugs or to off-label uses, including, but not limited to, summary plan descriptions and summaries of material modifications.

Response No. 66

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the

47

extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 67

Participation agreements and documents reflecting amendments thereto since January 1, 1994.

Response No. 67

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it requires Plaintiff to engage in conjecture as to its meaning.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 68

All documents concerning communications between Plaintiff, any third-party plan administrator or Preferred Provider, including insurance companies, and/or consultant of any

48

type since January 1, 1994 relating to coverage for drugs, payment for drugs, drug formularies, off-label usage of drugs, and methodologies for reimbursing third-parties or Members for drugs.

Response No. 68

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 69

All documents concerning the type and terms of all health benefits Plaintiff provides that relate in any way to pharmaceutical drugs including, but not limited to, documents concerning prescription drug benefits, hospital benefits, physician services benefits, medical testing benefits, and any other benefits related to medical care, as well as documents reflecting premiums paid and the methodology used for calculating premiums.

49

Response No. 69

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 70

All documents concerning pricing and marketing of prescription drugs and pharmaceutical benefits, including pricing and underwriting guidelines, pricing and underwriting policies and procedures, marketing guidelines, and marketing policies and procedures. Produce separately, or identify within this production, those documents responsive to Request No. 70 that relate to off-label uses of drugs.

Response No. 70

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

50

request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 71

Documents sufficient to show (a) all drugs for which Plaintiff provides coverage; (b) the amount Plaintiff has paid for each drug, both brand name and generics, for each year since January 1, 1994, including but not limited to any pricing lists and contracts with pharmaceutical manufacturers; and (c) the amount, if applicable, Plaintiff charges to its Members for Neurontin.

Response No. 71

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in

51

nature, that is covered by third-party confidentiality agreements or protective orders, the medical

records privileges of Massachusetts or the state in which the patients and records are located, the

Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq.

("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine.

<u>Request No. 72</u>:

 All documents regarding Plaintiff's policies and procedures since 1994 with respect to

the reimbursement of, or payment for, the costs of medications prescribed to Plaintiff's

Members.

<u>Response No. 72</u>

 Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome.  Plaintiff further objects to this request to the

extent that it seeks information or documents regarding drugs other than Neurontin, rendering

this request overly broad, unduly burdensome and seeking information or documents that are

neither relevant to this action nor likely to lead to discovery of admissible evidence.  Plaintiff

further objects to this request to the extent it seeks information that is confidential or private in

nature, that is covered by third-party confidentiality agreements or protective orders, the medical

records privileges of Massachusetts or the state in which the patients and records are located, the

Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq.

("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 73:

All documents regarding Plaintiff's policies and procedures since 1994 with respect to the off-label use of medications, including but not limited to documents addressing policies for reimbursing Members for off-label medications.

Response No. 73

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 74

All documents concerning Plaintiff's standard operating procedures or claims handling practices and procedures regarding payment of claims related to off-label uses.

Response No. 74

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects on the ground that this request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 75:

All documents relating or referring to, or embodying, minutes of meetings, agendas, dossiers, internal memoranda regarding strategies and issues, Questions and Answers, scheduling, or any other documents concerning meetings at which off-label prescribing of medicines was discussed.

Response No. 75

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

54

request overly broad and unduly burdensome. Plaintiff further objects to this request to the
extent that it seeks information or documents regarding drugs other than Neurontin, rendering
this request overly broad, unduly burdensome and seeking information or documents that are
neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff
further objects on the ground that this request is unduly burdensome in calling for information
regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce
documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 76:

Copies of all presentations, internal memoranda, or other documents that include any
reference to off-label prescribing of medicines, including but not limited to references about
Plaintiff's practices with respect to off-label prescriptions.

Response No. 76

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,
vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.
Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the
request overly broad and unduly burdensome. Plaintiff further objects to this request to the
extent that it seeks information or documents regarding drugs other than Neurontin, rendering
this request overly broad, unduly burdensome and seeking information or documents that are
neither relevant to this action nor likely to discovery of admissible evidence. Plaintiff
further objects on the ground that this request is unduly burdensome in calling for information
regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce
documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 77

Copies of any industry newsletters or publications, trade publications, articles, or similar documents addressing in any way how insurance companies or third party payors are to handle claims for off-label prescriptions, including but not limited to documents discussing company approaches or best practices, government or industry regulations or requirements, and evolutions in the industry with respect to off-label prescriptions and off-label use of medications.

Response No. 77

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Request No. 78

Copies of any federal, state or local laws or regulations addressing the reimbursement by insurers of off-label prescriptions.

Response No. 78

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Request No. 79

All documents concerning Plaintiff's obligation, or lack of obligation, under any internal or external policy, rule, regulation, or case law to pay for, reimburse, or cover the costs – in full or in part – of off-label uses of drugs and medications.

Response No. 79

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 80

All documents referencing Plaintiff's compliance (or lack of compliance) with internal or external rules, regulations, and policies pertaining to reimbursement for off-label prescriptions.

Response No. 80

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the

57

extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it

seeks information which is protected from disclosure by the attorney-client privilege, work

product doctrine or other applicable privilege, that otherwise constitute material prepared for or

in anticipation of litigation, or are protected from disclosure by any other applicable privilege or

protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce

documents responsive to this request, to the extent they exist.

Request No. 81

All records reflecting the resolution of claims related to an off-label prescription.

Response No. 81

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome. Plaintiff further objects to this request on the

grounds that it requires Plaintiff to engage in conjecture as to its meaning. Plaintiff further

objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this

request to the extent that it seeks information which is protected from disclosure by the attorney-

client privilege, work product doctrine or other applicable privilege, that otherwise constitute

material prepared for or in anticipation of litigation, or are protected from disclosure by any other

applicable privilege or protection. Plaintiff further objects to this request to the extent that it

seeks information or documents regarding drugs other than Neurontin, rendering this request

overly broad, unduly burdensome and seeking information or documents that are neither relevant

to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 82

All documents addressing how Plaintiff determines whether a claim is for a medication used for an off-label use.

Response No. 82

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects on the ground that this request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 83

All documents showing that Plaintiff refused payment, either in whole or in part, for a claim involving an off-label prescription, and all documents related to, discussing or analyzing that refusal.

Response No. 83

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects on the ground that this request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

60

Request No. 84

Any correspondence to or from Members, providers, hospitals, pharmacies, or any other individual, organization, or institution addressing a claim involving an off-label prescription.

Response No. 84

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects on the ground that this request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 85

All documents concerning any review, consideration, analysis, recommendation or approval of payment for or reimbursement of some or all of the costs of medications prescribed for an off-label use.

Response No. 85

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects on the ground that this request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

62

Request No. 86

All documents concerning any requirement (or lack of requirement) that Members, pharmacies, providers, or any other person or entity identify the indication for which a drug was prescribed when submitting a claim to Plaintiff for reimbursement of the costs of that drug.

Response No. 86

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects on the ground that this request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

63

Request No. 87

All documents concerning any requirement (or lack of requirement) that Members, pharmacies, providers, or any other person or entity identify whether a drug was prescribed for an off-label use when submitting a claim to Plaintiff for reimbursement of the costs of that drug.

Response No. 87

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome.  Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff.  Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering  this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.  Plaintiff further objects on the ground that this request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 88

All documents concerning any discussion about or decision by Plaintiff to inform Members that it would not pay for the off-label uses of drugs.

Response No. 88

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects on the ground that this request is unduly burdensome in calling for information regarding prescriptions for Neurontin categorized by off-label and approved indications.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

<u>Request No. 89</u>

All documents concerning communications by Plaintiff to pharmaceutical manufacturers, including but not limited to Parke Davis, Warner Lambert, and Pfizer Inc., concerning the off-label use of drugs.

<u>Response No. 89</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 90

All documents concerning communications by Plaintiff to pharmaceutical manufacturers, including but not limited to Parke Davis, Warner Lambert, and Pfizer Inc., not provided in response to Request No. 89.

Response No. 90

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome.  Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.  Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 91

All documents concerning Plaintiff's internal communications concerning the review, design, analysis, write up, or proposal for reimbursement of medications for off-label uses.

Response No. 91

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request on the grounds that the term "all documents concerning Plaintiff's internal communications" is overbroad. Plaintiff further objects to this request on the grounds that the terms "review, design, analysis, write up, or proposal for reimbursement" are vague, and ambiguous. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

68

Request No. 92

All requests, letters, inquiries, disputes, clarifications, emails, or logs of telephone calls from Members or providers referencing Plaintiff's policies, requirements, or treatment of off-label prescriptions.

Response No. 92

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome.  Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering  this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 93

All records in any database maintained by Plaintiff or documents which contain information regarding claims for reimbursement for off-label uses of medications, whether such

records were generated by Plaintiff or purchased from third parties. The response to this request should include for any database all fields of the database for every record produced.

Response No. 93

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 94

All documents in the possession of Plaintiff or Plaintiff's attorneys concerning or discussing the civil action *United States of America ex rel. David Franklin v. Parke-Davis, et al.,* C.A. No. 96-11651-PBS (D. Mass.).