Response No. 94

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Plaintiff further responds that to the extent such documents were subject to an agreement between counsel, such documents will be or have been produced to Defendants.

Request No. 95

All documents reviewed by any expert retained by Plaintiff to testify at trial in this Action.

Response No. 95

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally

available to Defendant.    Plaintiff further objects to this response on the grounds that it is

premature at this stage of the litigation.  To date, Plaintiff has not identified any expert witnesses.

Request No. 96

All documents prepared by any expert retained by Plaintiff to testify at trial in this

Action.

Response No. 96

Plaintiff objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

admissible evidence.  Plaintiff further objects to this response on the grounds that it is premature

at this stage of the litigation.   Plaintiff further objects to this request to the extent that it seeks

information which is protected from disclosure by the attorney-client privilege, work product

doctrine or other applicable privilege, that otherwise constitute material prepared for or in

anticipation of litigation, or are protected from disclosure by any other applicable privilege or

protection.  Plaintiff further objects to this request to the extent that it seeks information or

documents that are already in Defendant's possession, custody or control, or are equally

available to Defendant.  Plaintiff further objects to this response on the grounds that it is

premature at this stage of the litigation.  To date, Plaintiff has not identified any expert witnesses.

Request No. 97

The complete file and/or working papers of any expert whom Plaintiff intends to call as a

witness at trial.

Response No. 97

Plaintiff objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

admissible evidence.  Plaintiff further objects to this request to the extent that it seeks

72

information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this response on the grounds that it is premature at this stage of the litigation. To date, Plaintiff has not identified any expert witnesses.

Request No. 98

The current resume or curriculum vitae of any expert whom Plaintiff intends to call as a witness at trial.

Response No. 98

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this response on the grounds that it is premature at this stage of the litigation. To date, Plaintiff has not identified any expert witnesses.

Request No. 99

All reports of any expert whom Plaintiff intends to call as a witness at trial.

Response No. 99

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects

73

to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this response on the grounds that it is premature at this stage of the litigation. To date, Plaintiff has not identified any expert witnesses.

Request No. 100

All drafts of all reports of any expert whom Plaintiff intends to call as a witness at trial.

Response No. 100

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this response on the grounds that it is premature at this stage of the litigation. To date, Plaintiff has not identified any witnesses.

Request No. 101

All notes prepared by any expert whom Plaintiff intends to call as a witness at trial.

Response No. 101

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this response on the grounds that it is premature at this stage of the litigation. To date, Plaintiff has not identified any expert witnesses.

74

Request No. 102

All documents that you provided to any expert whom Plaintiff intends to call as a witness at trial.

Response No.102

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this response on the grounds that it is premature at this stage of the litigation. To date, Plaintiff has not identified any expert witnesses.

Request No. 103

All documents concerning communications between Plaintiff and any expert whom Plaintiff intends to call as a witness at trial.

Response No. 103

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff

further objects to this response on the grounds that it is premature at this stage of the litigation. To date, Plaintiff has not identified any expert witnesses.

<u>Request No. 104</u>

All documents reviewed by any expert whom Plaintiff intends to call as a witness at trial.

<u>Response No. 104</u>

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this response on the grounds that it is premature at this stage of the litigation. To date, Plaintiff has not identified any expert witnesses.

<u>Request No. 105</u>

All documents relied upon by any expert whom Plaintiffs intend to call as a witness at trial.

<u>Response No. 105</u>

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request to the extent that it seeks information or documents that are already

76

in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this response on the grounds that it is premature at this stage of the litigation. To date, Plaintiff has not identified any expert witnesses.

Request No. 106

All documents supporting, rebutting, or otherwise relating in any way to the allegations of the Complaint, including but not limited to all documents reviewed in advance of, or relied on in, drafting the Complaint.

Response No. 106

Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff.

Request No. 107

All documents Plaintiff intends to introduce or rely upon at any hearing, trial, or in connection with any dispositive motion.

Response No.107

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information not available or known to Plaintiff. Plaintiff further objects to this request on the grounds that it is premature, discovery has only just begun

and plaintiff will comply with the deadlines set forth in the Case Management Orders in this case.

Request No. 108

All internal investigations or reports performed or prepared by Plaintiff, or on its behalf, concerning the allegations in the Complaint.

Response No. 108

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Request No. 109

All documents concerning any alleged misrepresentation(s) or any false, fraudulent, misleading, or deceptive statements allegedly made by or on behalf of any Defendant concerning Neurontin.

Response No. 109

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or

78

documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 110

All documents that you contend provide support or evidence of the allegation in paragraph 22 of the Complaint that "Parke-Davis knew there was no scientific rationale for Neurontin being effective for bipolar disorder, acute mania, social phobia and panic disorder."

Response No. 110

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 111

All documents that you contend provide support or evidence of the allegation in paragraph 29 of the Complaint that "Parke-Davis only intended to publish studies that generated positive results."

Response No. 111

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 112

All documents that you contend provide support or evidence of the allegation in paragraph 31 of the Complaint that "the marketing enterprises Parke-Davis conducted routinely engaged in acts of mail fraud, wire fraud, commercial bribery, unfair and deceptive trade practices and other unlawful conduct."

Response No.112

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 113

All documents that you contend provide support or evidence of the allegation in paragraph 42 of the Complaint that "Defendants hid their involvement in the promotion of off-label information and mislead physicians into believing that the physicians who promoted Neurontin were independent or not otherwise part of the enterprise Parke-Davis created to market Neurontin off-label."

Response No. 113

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

81

request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 114:

All documents that you contend provide support or evidence of the allegation in paragraph 44 of the Complaint that "physicians who attended these events were deceived into thinking that the events were educational in nature and independent from the control of the Defendants."

Response No. 114

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or

82

documents that are already in Defendant's possession, custody or control, or are equally

available to Defendant. Plaintiff further objects to this request on the grounds that it is

premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 115

All documents that you contend provide support or evidence of the allegations in

paragraph 45 of the Complaint that Defendants engaged in practices of "(a) deliberately

misrepresenting the safety and medical efficacy of Neurontin for a variety of off-label uses; (b)

knowingly misrepresenting the existence and findings of scientific data, studies, reports and

clinical trials concerning the safety and medical efficacy of Neurontin for a variety of off-label

uses; (c) deliberately concealing negative findings or the absence of positive findings ... (d)

misrepresenting the credentials and qualifications of certain of Defendants' employees ... (e)

wrongfully and illegally compensating physicians for prescribing Neurontin for various off-label

uses; (f) knowingly publishing articles, studies and reports misrepresenting the scientific

credibility of data and touting the medical efficacy of Neurontin for off-label uses; (i)

intentionally misrepresenting and concealing Defendants' role and participation [in various

events and publications]; and (j) intentionally misrepresenting and concealing the financial ties

between the Defendants and other participants in the Enterprise."

Response No. 115

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome. Plaintiff further objects to this request to the

extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it

seeks information which is protected from disclosure by the attorney-client privilege, work

product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 116

All documents that you contend provide support or evidence of the allegation in paragraph 53 of the Complaint that unrestricted grants in support of medical education events "were expressly provided for the purpose of obtaining a program that extolled the use of Neurontin for unapproved indications."

Response No. 116

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

84

Request No. 117

All documents that you contend provide support or evidence of the allegation in paragraph 55 of the Complaint that "the real purpose of [Consultants' Meetings] was to expose the attendees to Neurontin's uses for non-epilepsy treatment."

Response No. 117

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 118

All documents that you contend provide support or evidence of the allegation in paragraph 56 of the Complaint that "the vendor participants (with the assistance of the participating physicians and the Defendants) intentionally designed the programs so that the attendee physicians would not receive fair and balanced information."

85

Response No. 118

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 119

All documents identifying each study Plaintiff claims contains "negative clinical trial results that demonstrated that Neurontin was no more effective than a placebo for several off-label conditions," as referenced in paragraph 56 of the Complaint; and for each such study provide all documents showing the date the study was undertaken, whether it was sponsored by Defendants, and the date the results of the study were released.

Response No. 119

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the

86

extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 120

All documents that you contend provide support or evidence of the allegation in paragraph 115 of the Complaint that "Publications that Defendants distributed as part of their 'publication strategy' intentionally misrepresented Defendants' role in the creation and sponsorship of the publications."

Response No.120

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally

87

available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 121

All documents that you contend provide support or evidence of the allegation in paragraph 128 of the Complaint that "the Off-Label Promotion Enterprise routinely and knowingly provided false, inaccurate, misleading, distorted, unfair and unbalanced information about Neurontin's use for unapproved indications."

Response No. 121

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 122

All documents that you contend provide support or evidence of the allegation in paragraph 132 of the Complaint that "Defendants ... deliberately suppressed negative studies" about pain.

88

Response No. 122

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 123

All documents that you contend provide support or evidence of the allegation in paragraph 210 of the Complaint that "Defendants elected to pay kickbacks and otherwise provide participant and attendee physicians with items of substantial value to induce them to listen to the off-label marketing pitch, to prescribe Neurontin, and to recommend Neurontin to other physicians."

Response No. 123

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the

89

extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 124

All documents that you contend provide support or evidence of the allegation in paragraph 235 of the Complaint that "Pfizer has routinely marketed Neurontin for off-label indications up until May of 2004."

Response No. 124

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request on the grounds that

90

it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 125

All documents that reflect Plaintiff's total revenues, income and/or profit generated directly or indirectly from Plaintiff's provision of prescription drug coverage, including without limitation financial statements, internal reports, memoranda and correspondence by year for the period from January 1, 1994 through the present.

Response No. 125

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

<u>Request No. 126</u>

All documents reflecting the total volume of premiums received for prescription drug coverage (in dollars and in terms of numbers of policyholders) by year for the period from January 1, 1994 through the present.

<u>Response No. 126</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. . Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

92

Request No. 127

All contracts and documents concerning such contracts between Plaintiff and Defendants for the period from January 1, 1994 through the present.

Response No. 127

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request on the grounds that the term "documents concerning such contracts" overbroad, vague, and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

93

Request No. 128

All documents concerning Neurontin that have not been provided in response to any other Request.

Response No. 128

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff has responded fully and completely to the other requests, and there are no responsive documents to this request.

Request No. 129

All documents concerning communications between Plaintiff and Pfizer, Warner-Lambert-Company, or Parke-Davis that have not been provided in response to any other Request.

94

Response No. 129

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff has responded fully and completely to the other requests, and there are no responsive documents to this request.

By:    /s/ James Dugan
           James Dugan, Esquire
           Dugan & Browne
           650 Poydras St., Suite 2150
           New Orleans, LA 70130

**Plaintiffs' Counsel**

By:    /s/ Thomas M. Sobol
           Thomas M. Sobol
           Hagens Berman LLP
           One Main Street, 4th Floor
           Cambridge, MA 02142
           (617) 482-8200
           (617) 482-3003 (fax)

**Plaintiffs' Liaison Counsel**

By:    /s/ Barry Himmelstein
           Barry Himmelstein, Esquire
           Lieff Cabraser Heimann & Bernstein
           Embarcadero Center West
           275 Battery Street, 30th Floor
           San Francisco, CA 94111-3339

By:    /s/ Don Barrett
           Don Barrett, Esquire
           Barrett Law Office
           404 Court Square North
           P.O. Box 987
           Lexington, MS 39095

By:    /s/ Daniel Becnel, Jr.
           Daniel Becnel, Jr., Esquire
           Law Offices of Daniel Becnel, Jr.
           106 W. Seventh Street
           P.O. Drawer H
           Reserve, LA 70084

By:    /s/ Thomas Greene
           Thomas Greene Esquire
           Greene & Hoffman
           125 Summer Street
           Boston, MA 02110

96