By:     /s/ James Dugan
        James Dugan, Esquire
        Dugan & Browne
        650 Poydras St., Suite 2150
        New Orleans, LA 70130

**Plaintiffs' Counsel**

By:     /s/ Thomas M. Sobol
        Thomas M. Sobol
        Hagens Berman LLP
        One Main Street, 4th Floor
        Cambridge, MA 02142
        (617) 482-8200
        (617) 482-3003 (fax)

**Plaintiffs' Liaison Counsel**

By:     /s/ Barry Himmelstein
        Barry Himmelstein, Esquire
        Lieff Cabraser Heimann & Bernstein
        Embarcadero Center West
        275 Battery Street, 30th Floor
        San Francisco, CA 94111-3339

By:     /s/ Don Barrett
        Don Barrett, Esquire
        Barrett Law Office
        404 Court Square North
        P.O. Box 987
        Lexington, MS 39095

By:     /s/ Daniel Becnel, Jr.
        Daniel Becnel, Jr., Esquire
        Law Offices of Daniel Becnel, Jr.
        106 W. Seventh Street
        P.O. Drawer H
        Reserve, LA 70084

By:     /s/ Thomas Greene
        Thomas Greene Esquire
        Greene & Hoffman
        125 Summer Street
        Boston, MA 02110

**Members of the Class Plaintiffs'
Steering Committee**

# EXHIBIT 5

*2994/1.124*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| AETNA, INC. v. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris |

### PLAINTIFF AETNA, INC'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Aetna, Inc. (hereinafter "Plaintiff" or "Aetna") responds and, by and through its attorneys, objects to Defendants Pfizer Inc. and Warner-Lambert Company's First Request for Production of Documents as follows:

### PRELIMINARY STATEMENT

1. Aetna's responses are subject to all objections as to competence, relevance, materiality, admissibility, privilege, and privacy, and any and all other objections on grounds that would require exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

2. Aetna's responses to all or any part of the Request for Production of Documents ("Document Requests") should not be taken as an admission that: (1) Aetna has documents responsive to the requests; or (2) documents responsive to a particular request exist. Aetna's

{1825 / INT / 00073016.DOC v1}                    1

*6/3/05*

response to all or any part of any request is not intended to be, and shall not be, a waiver by Aetna of all or any part of its objection(s) to that request.

3. The following responses are based upon information known at the time these objections are served and are given without prejudice to Aetna's rights to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Aetna's responses are based upon, and therefore are limited by, Aetna's present knowledge, and consequently, Aetna reserves the rights to make any changes in these response if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1. Aetna incorporates each and every general objection set forth below into the responses to each Document Request as if they were fully set forth in the response to each request. For emphasis, in connection with certain Document Requests, Aetna may reiterate a general objection set forth below in the specific response to that request. Such reiteration shall in no way be deemed a waiver of other general objections not specifically set forth in connection with any Document Request.

2. Aetna objects to the volume of Document Requests as vexatious, oppressive and unduly burdensome.

3. Aetna objects to each of the Document Requests to the extent it is inconsistent with, or seeks to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules") or any applicable scheduling order, case management order, or other ruling of the Court.

{1825 / INT / 00073016.DOC v1}                    2

4. Aetna objects to the Document Requests to the extent that they seek documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, physician/patient privilege, pharmacist/patient privilege, and/or any other applicable privilege or exemption. Aetna will not produce such documents. Any inadvertent production of any privileged or protected document will not constitute a waiver of any privilege or protection.

5. Aetna objects to the Document Requests insofar as they seek documents that are confidential or private in nature, that are covered by third-party confidentiality agreements or that are insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to, the provisions of the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPAA"), the Federal Privacy Rule governing Standards for Privacy of Individually Identifiable Health Insurance, 45 CFR Parts 160 and 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

6. Aetna objects to the Document Requests insofar as they seek documents disclosing trade secrets, proprietary business information, and/or competitively sensitive information.

7. Aetna objects to the Document Requests to the extent they call for production of documents which are protected from disclosure by any individual's or Aetna's right(s) to privacy or seek information protected from disclosure by Section 7216 of the Internal Revenue Code.

8. Aetna objects to each of the Document Requests as overly broad to the extent they seek documents relating to pharmaceutical products other than Neurontin, or seeks documents and other information having nothing to do with the subject matter of the Complaint on the ground that such requests purport to call for documents and information that are neither relevant

MA044600000016

to this action nor likely to lead to the discovery of admissible evidence. Plaintiff will only produce documents regarding Neurontin.

9. Aetna objects to each Document Request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, and vexatious, does not specify the documents requested with sufficient particularity, or seeks documents that are not relevant to the claim or defense of any party.

10. Aetna objects to the Document Requests to the extent that they seek production of materials from persons or entities who or which are not parties to these actions and which materials are not now and never have been in the possession, custody or control of Aetna.

11. Aetna objects to the Document Requests insofar as the documents sought are obtainable from Defendants' own records or publicly available sources, and that obtaining the documents from these sources is more convenient, less burdensome and less expensive than seeking the materials from Aetna.

12. Aetna objects to these Document Requests to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

13. Aetna objects to the "Definitions" and "Instructions" in Defendants' Document Requests to the extent they exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, or any applicable scheduling order, case management order, or other ruling of the Court. Aetna also objections to the "Definitions" to the extent they are inconsistent with normal and customary usage.

14. Aetna objects to the definition of "Person" or "Persons" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from third parties over

MA044600000016

whom Aetna has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

15. Aetna objects to the definition of "Plaintiff" or "Aetna" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from persons over whom Aetna has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

16. Aetna objects to the Document Requests to the extent that they purport to require Aetna to disclose information or produce documents concerning any expert or other person or entity retained by counsel for Aetna to assist in the preparation of Aetna's case: (a) to the extent any such person or entity will not be designated by Aetna as a trial witness on the ground that such disclosure is not relevant and (b) on grounds that any such disclosure is prejudicial to Aetna's preparation of this case and is not required by the Federal Rules of Civil Procedure.

17. Aetna's decision, now or in the future, to provide information or documents notwithstanding the objectionable nature of any of the definitions or instructions, or the Request itself, should not be construed as: (a) a stipulation that the material is relevant or admissible, (b) a waiver of Aetna's general objections or the objections asserted in response to specific document requests, or (c) an agreement that requests for similar information will be treated in a similar manner.

18. In the event that Aetna is required to produce documents in response to Defendants' requests, Aetna will produce such documents on a rolling basis in as timely a fashion as Aetna can locate and process them, without sacrificing a meaningful review for responsiveness, privilege and confidentiality.  In the event that even some of the documents called for are

{1825 / INT / 00073016.DOC v1}                    5

required to be produced, a rolling production is the only feasible and physically possible method given the scope and breadth of Defendants' requests.

19. A response by Aetna that it "will produce documents responsive to this request" means that Aetna will produce these documents in its possession, custody or control, but does not constitute statements that (a) Plaintiff has completed its review of documents; (b) Plaintiff has the documents in its possession, custody or control; or any (c) any such document exists.

## DOCUMENT REQUESTS

Request No. 1

Provide all documents concerning the number of prescriptions for off-label uses for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements for off-label prescriptions.

Response No. 1

Aetna objects to this request on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Aetna further objects to this request insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

MA044600000016

Request No. 2

Provide all documents concerning the number of prescriptions for Neurontin for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements, broken down into (a) off-label prescriptions for Neurontin; and (b) prescriptions of Neurontin for approved indications.

Response No. 2

Please see Response No. 1.

Request No. 3

All marketing materials, marketing information, and related documents received from any manufacturer or supplier of prescription drugs or prescription drug benefits concerning Neurontin.

Response No. 3

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Request No. 4

All documents concerning any communication between Plaintiff, any third-party Plan Administrator or Preferred Provider, including insurance companies, Plaintiff's Members or

{1825 / INT / 00073016.DOC v1}                    7

anyone acting on their behalf, and any provider or pharmacy relating to Neurontin, including but not limited to payments, prior authorizations, pre-approvals, or coverage of claims.

Response No. 4

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.   Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.  Plaintiff further objects to this request to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.  In addition, Plaintiff will provide exemplar communications.

Request No. 5

All invoices, advertisements, catalogs or industry publications concerning Neurontin.

Response No. 5

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

{1825 / INT / 00073016.DOC v1}                    8

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

<u>Request No. 6</u>

All documents concerning claims, coverage, benefits, pricing, or reimbursement for Neurontin.

<u>Response No. 6</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Aetna objects to this request to the extent it seeks information containing sensitive commercial or proprietary information, information protected from disclosure by law, or information protected from disclosure by the attorney-client privilege, the

MA044600000016

work product doctrine or any other privilege or immunity to which Aetna is entitled under statutory or common law.

Subject to and without waiving the foregoing objections, Plaintiff will produce representative samples of documents responsive to this request, to the extent they exist.

Request No. 7

All formulary documents concerning Neurontin.

Response No. 7

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, Plaintiff will produce a representative sample of its formularies relating to Neurontin.

Request No. 8

All documents from any formulary committee, or any other committee with similar functions, concerning Neurontin, including but not limited to presentations, meeting minutes, and evaluations of Neurontin.

Response No. 8

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.

{1825 / INT / 00073016.DOC v1}                    10

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 9

All documents concerning Neurontin from any committee, team, council, or other group of employees, that discussed, recommended, approved, denied, or otherwise considered the inclusion of Neurontin in Plaintiff's formulary, the payment or denial of Neurontin claims, the payment of denial of off-label uses of Neurontin, or otherwise addressed Neurontin.

Response No. 9

Please see Response No. 8.

Request No. 10

All documents concerning any communication or interaction between Plaintiff, any third-party Plan Administrator or Preferred Provider, including insurance companies, Plaintiff's Members or anyone acting on their behalf, and any Defendant.

Response No. 10

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable

{1825 / INT / 00073016.DOC v1}                     11

privilege, rule or doctrine. Aetna objects to this request to the extent it seeks information that relates to prescription drugs other than Neurontin on the grounds that the request is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 11

All documents concerning any statements obtained by the Plaintiff from any person having, or purporting to have, knowledge or information pertaining to Neurontin.

Response No. 11

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

MA044600000016

Request No. 12:

All documents concerning any opinion by any person with an M.D., Ph.D., D.O., M.P.H., or D. Sc., pharmacy degree, or by any similarly trained or educated health care professional or scientist, concerning Neurontin.

Response No. 12

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 13

Copies of all newspaper, magazine or medical journal articles which discuss, refer or relate to the use of Neurontin for off-label uses.

Response No.13

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

{1825 / INT / 00073016.DOC v1}                 13

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 14:

Copies of all promotional or marketing materials or other documents regarding the use of Neurontin.

Response No. 14

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

MA044600000016

Request No. 15

Copies of all promotional or marketing materials or other documents regarding the use of Neurontin that Plaintiff alleges were provided by Defendants to any physician who prescribed Neurontin to Plaintiff's Members.

Response No. 15

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Request No. 16:

Copies of each medical article, treatise, research study, publication, or other document regarding the use of Neurontin for the treatment of off-label uses.

Response No. 16

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the

{1825 / INT / 00073016.DOC v1}                    15

extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 17

Copies of all documents that provide information about the approved indications for Neurontin or that indicate that Neurontin was not approved by the FDA for certain uses.

Response No. 17

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 18

All records showing the dollar amounts for reimbursements or payments of prescriptions or costs of drugs prescribed for off-label uses from the period 1994 through the present, and the percentage the off-label payments represent of total reimbursements and costs for all claims during that period.

Response No. 18

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 19

One representative copy of each document sent to Members, physicians, pharmacies, medical centers, hospitals, the government, or any other entities in which Plaintiff expresses its policy towards or information about payment for off-label prescriptions.

Response No. 19

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the

MA044600000016                                              17

extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce a representative sample of documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 20

One representative copy of each document sent to Members, physicians, pharmacies, medical centers, hospitals, the government, or any other entities in which Plaintiff expresses its policy towards or information about payment for anti-epileptic drugs, whether for on-label or off-label indications.

Response No. 20

Please see Response No. 19.

Request No. 21

One representative copy of each document sent to Members, providers, pharmacies, medical centers, hospitals, the government, or any other entities in which Plaintiff expresses its

{1825 / INT / 00073016.DOC v1}                    18

policy towards or information about payment for Neurontin, whether for on-label or off-label indications.

Response No. 21

Please see Response No. 19.

Request No. 22

All newspaper articles, magazine articles, articles from the internet, reimbursement newsletters, or other published or printed material concerning the off-label use of Neurontin.

Response No. 22

Please see Response No. 13.

Request No. 23

All statements or other documents disseminated by or on behalf of any Defendant to Plaintiff and/or the public concerning Neurontin.

Response No. 23

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

{1825 / INT / 00073016.DOC v1}    19

Request No. 24

All correspondence or communications with any federal or state government entity or agency regarding Neurontin, reimbursement for off-label uses of medications, and/or any of the claims raised in the Complaint.

Response No. 24

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Plaintiff is unaware of any responsive documents at this time.

Request No. 25

All documents concerning medical compendia, listings, or other similar types of documents, including but not limited to DRUGDEX, that include information about off-label uses of drugs.

Response No. 25

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 26

All documents referring to any investigation, lawsuit, or other examination into the off-label use of Neurontin.

Response No. 26

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

{1825 / INT / 00073016.DOC v1}                    21

Request No. 27

All information received from any source about the use of Neurontin off-label.

Response No. 27

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 28

All documents concerning the efficacy or inefficacy of Neurontin for off-label uses.

Response No. 28

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client

{1825 / INT / 00073016.DOC v1}                    22

privilege, work product doctrine or other applicable privilege, that otherwise constitute material

prepared for or in anticipation of litigation, or are protected from disclosure by any other

applicable privilege or protection. Plaintiff further objects to this request to the extent that it

seeks information or documents that are already in Defendants' possession, custody or control,

or are equally available to Defendants.

<u>Request No. 29</u>

All documents concerning any budgetary plans and/or budgetary discussions about the

costs and issues surrounding coverage of off-label uses for medications.

<u>Response No. 29</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome. Plaintiff further objects to this request to the

extent that it seeks information or documents regarding drugs other than Neurontin, rendering

this request overly broad, unduly burdensome and seeking information or documents that are

neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff

further objects to this request to the extent it seeks information that is confidential or private in

nature, that is covered by third-party confidentiality agreements or protective orders, the medical

records privileges of Massachusetts or the state in which the patients and records are located, the

Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq.

("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to

MA044600000016

this request to the extent it seeks information that contains proprietary or confidential business information.

Request No. 30

All documents concerning the benefits, risks, safety, efficacy or cost or benefits of Neurontin.

Response No. 30

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.  Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.  Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.  Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

{1825 / INT / 00073016.DOC v1}                24

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

<u>Request No. 31</u>

Records of all claims or requests for payment or reimbursement received concerning Neurontin.

<u>Response No. 31</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.  Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

<u>Request No. 32</u>

All documents addressing claims for reimbursement or provision of Neurontin that identify the indications for which Neurontin was prescribed or reflect Neurontin prescriptions by indication or use.

{1825 / INT / 00073016.DOC v1}                25

Response No. 32

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 33

All records, emails, correspondence, memorandum and documents of any kind in which the indications of Neurontin are discussed.

Response No. 33

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

{1825 / INT / 00073016.DOC v1}                26

Subject to and without waiving the foregoing objections, Plaintiff will produce

documents responsive to this request, to the extent they exist.

Request No. 34

All documents concerning Neurontin's package insert, Neurontin's label, and the

indications for which Neurontin was approved.

Response No. 34

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome. Plaintiff further objects to this request to the

extent that it seeks information which is protected from disclosure by the attorney-client

privilege, work product doctrine or other applicable privilege, that otherwise constitute material

prepared for or in anticipation of litigation, or are protected from disclosure by any other

applicable privilege or protection.    Plaintiff further objects to this request to the extent that it

seeks information or documents that are already in Defendants' possession, custody or control,

or are equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff will produce

documents responsive to this request, to the extent they exist.

Request No. 35

All documents in which Plaintiff addresses, questions, identifies or analyzes the level,

cost, type or number of Neurontin claims received by Plaintiff.

Response No. 35

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 36

All documents comparing the level, cost, type or number of Neurontin claims to those of other anti-epileptic drugs or other drugs in general.

Response No. 36

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.    Aetna objects to this request to the extent it seeks

{1825 / INT / 00073016.DOC v1}                28

information that relates to prescription drugs other than Neurontin on the grounds that the request
is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead
to the discovery of admissible evidence.

<u>Request No. 37</u>

All protocols, procedures, or requirements – whether formal or informal – for the
processing of Neurontin claims.

<u>Response No. 37</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,
vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.
Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the
request overly broad and unduly burdensome.

<u>Request No. 38</u>

All documents related to any analysis of potential, expected or actual costs of paying for
or reimbursing Members for Neurontin for any use other than as an adjunctive therapy in the
treatment of epilepsy.

<u>Response No. 38</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,
vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.
Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the
request overly broad and unduly burdensome. Plaintiff further objects to this request to the
extent that it seeks information which is protected from disclosure by the attorney-client
privilege, work product doctrine or other applicable privilege, that otherwise constitute material

{1825 / INT / 00073016.DOC v1}                29

prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

<u>Request No. 39</u>

Copies of organization charts which reflect the structure and composition of any department within Plaintiff whose responsibilities included the assessment, payment, rejection of payment, or tracking of Neurontin claims.

<u>Response No. 39</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

<u>Request No. 40</u>

Documents sufficient to identify all persons who had responsibilities concerning the review, consideration, analysis, recommendations, or approval of any aspect of the reimbursement of costs of Neurontin.

<u>Response No. 40</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.

{1825 / INT / 00073016.DOC v1}          30

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist.

Request No. 41

All documents or records in Plaintiff's databases that concern requests for reimbursement of the costs of Neurontin. The response to this request should include all fields of any database whose records are produced.

Response No. 41

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Request No. 42

All documents concerning any efforts by Plaintiff to track the off-label prescriptions of medications, including but not limited to Neurontin.

Response No. 42

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering

{1825 / INT / 00073016.DOC v1}                31

this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 43

All documents which discuss or reflect the dollar amount, numeric amount, or rate of change of Neurontin prescriptions to Members.

Response No. 43

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Request No. 44

All documents concerning any disapproval of coverage or reimbursement by Plaintiff for any Neurontin prescription for an off-label use.

Response No. 44

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Request No. 45

All documents concerning any contract or agreement between any pharmacy, provider, or other entity regarding Neurontin or payment or reimbursement of the cost of prescribing Neurontin.

Response No. 45

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce a representative sample of documents responsive to this request, to the extent they exist.

Request No. 46

Each document concerning the payment, pass-on or reimbursement of costs associated with Neurontin by any pharmacy, employer, company, sponsor, insurer, or third party payor.

Response No. 46

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts

{1825 / INT / 00073016.DOC v1}                 34

or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 47

Each document concerning rebates or other payments requested by or paid to Plaintiff regarding Neurontin.

Response No. 47

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Request No. 48

Documents sufficient to show, by month, year, and state, the number and dollar amount of payments made by Plaintiff concerning Neurontin on behalf of Members.

{1825 / INT / 00073016.DOC v1}                35

Response No. 48

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Request No. 49:

All documents that state, record, list, or refer to any fee, expense, cost, or item of pecuniary expense or loss of any kind for which you seek to recover compensatory damages in this action, including administrative, travel, and other costs, damages, or expenses.

Response No. 49

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request on the ground that it is premature at this stage of the litigation.

{1825 / INT / 00073016.DOC v1}                36

Request No. 50

All documents, including any in an electronic data format, showing individual claims submitted to and payments made by Plaintiff for Neurontin to Members or to providers or other parties on behalf of any Member. For each transaction, data should include information regarding the type of contract and funding methodology between the parties. These documents or databases should include all information or all fields necessary to adjudicate claims, including but not limited to the following: encrypted member i.d., member age, date of service, date of payment, amount billed, amount paid by plan, co-pay, deductible, coinsurance, third party liability, ICD-9 code, CPT, HCPCS, NDC or local code used by the plan, physician i.d., and claim status/adjudication code. If fields containing confidential information (e.g., member name, social security number) are encrypted, they should be encrypted so as to allow the tracking of an individual Member over time.

Response No. 50

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

{1825 / INT / 00073016.DOC v1}                    37

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Request No. 51

For each Member's claim or payment identified in Plaintiff's response to Request No. 50, provide documents, including any in an electronic data format, showing all individual claims submitted to and payments made by Plaintiff for any prescription drug to those Members or to providers or other parties on behalf of those Members. For each transaction, data should include all information necessary to adjudicate claims, including but not limited to the following: encrypted member i.d., member age, name of drug, reason drug was prescribed to Member, date of service, date of payment, amount billed, amount paid by plan, co-pay, deductible, coinsurance, third party liability, ICD-9 code, CPT, HCPCS, NDC or local code used by the plan, physician i.d., and claim status/adjudication code. If fields containing confidential information (e.g., member name, social security number) are encrypted, they should be encrypted so as to allow the tracking of an individual Member over time (including tracking the Member against the information provided in response to Request No. 50).

Response No. 51

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts

MA044600000016

or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Request No. 52

All documents concerning Plaintiff's payment of all or part of the purchase price for Neurontin, including co-payment or deductible amounts, on behalf of any Member of Plaintiff. This request includes, but is not limited to, documents sufficient to identify the date the payment was made; the person or entity to whom the payment was made; the name of the Member on whose behalf the payment was made and whether the Member is covered by Medicare or eligible for Medicare benefits; the dosage of Neurontin purchased; the name, address, and telephone number of the health care provider or pharmacy providing Neurontin; and the dollar amount of the payment, as well as statements, invoices, bills, receipts, cancelled checks, credit card statements, or other proof of payment.

Response No. 52

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party

confidentiality agreements or protective orders, the medical records privileges of Massachusetts

or the state in which the patients and records are located, the Health Insurance Portability and

Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45

C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable

privilege, rule or doctrine.

      Without waiver of the foregoing objections, Aetna will provide Defendants a Report

identifying all claims data for Neurontin for the relevant time period, in scope and form to be

determined after meeting and conferring.

Request No. 53

      All documents concerning any damages that Plaintiff contends were sustained from

Defendants' alleged conduct or otherwise supporting Plaintiffs' claim for damages or other relief

in this case.

Response No. 53

      Please see Response No. 49

Request No. 54

      All documents, including medical records, concerning Plaintiff's Members' treatment

with Neurontin.

Response No. 54

      Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome.  Plaintiff further objects to this request to the

extent it seeks information that is confidential or private in nature, that is covered by third-party

{1825 / INT / 00073016.DOC v1}      40

confidentiality agreements or protective orders, the medical records privileges of Massachusetts

or the state in which the patients and records are located, the Health Insurance Portability and

Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45

C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable

privilege, rule or doctrine. Plaintiff further objects to these requests to the extent the burden or

expense of the proposed discovery outweighs its likely benefit.

<u>Request No. 55</u>

All documents in the possession of Plaintiff or Plaintiff's attorneys related to Neurontin

that were provided by non-parties to any of the parties in the civil action *United States of*

*America ex rel. David Franklin v. Parke-Davis, et al.*, C.A. No. 96-11651-PBS (D. Mass.).

<u>Response No. 55</u>

Plaintiff further objects to this request to the extent that it seeks information or documents

that are already in Defendants' possession, custody or control, or are equally available to

Defendants. Plaintiff objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff further objects to this request to the extent that it seeks

information which is protected from disclosure by the attorney-client privilege, work product

doctrine or other applicable privilege, that otherwise constitute material prepared for or in

anticipation of litigation, or are protected from disclosure by any other applicable privilege or

protection.

<u>Request No. 56</u>

All of Plaintiff's summary annual reports, annual reports, and state and federal tax filings

for the years 1994 through the present.

Response No. 56

Aetna objects to the request to the extent it seeks discovery of documents or information which are publicly available or equally available to Defendants and/or already in Defendants' possession or obtainable from another source that is more convenient, less burdensome, or less expensive. Aetna further objects to this request to the extent it calls for production of information which is protected from disclosure by any individual's or Aetna's right(s) to privacy or seeks information protected from disclosure by Section 7216 of the Internal Revenue Code.

Request No. 57

All documents filed with any federal or state government entity, including the Department of Health and Human Services, Centers for Medicare and Medicaid Services, and any State Department of Insurance, relating to medical benefits concerning Neurontin or concerning the off-label use of any drug.

Response No. 57

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the

{1825 / INT / 00073016.DOC v1}                42

Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq.

("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to

this request to the extent that it seeks information which is protected from disclosure by the

attorney-client privilege, work product doctrine or other applicable privilege, that otherwise

constitute material prepared for or in anticipation of litigation, or are protected from disclosure

by any other applicable privilege or protection. Plaintiff further objects to this request to the

extent that it seeks information or documents that are already in Defendants' possession, custody

or control, or are equally available to Defendants.

Request No. 58

Copies of all articles of incorporation, by-laws, charters, agreements, or other documents

under which Plaintiff was created or organized, which describe Plaintiff's corporate governance,

organizational structure, and/or which identify Plaintiff's purposes or operations.

Response No. 58

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and seeks documents which are not relevant nor reasonably calculated to lead

to the discovery of admissible evidence.

Request No. 59

Copies of organization charts which reflect Plaintiff's structure.

Response No. 59

Subject to and without waiving the foregoing general objections, Plaintiff will produce

documents responsive to this request, to the extent they exist.

<u>Request No. 60</u>

All documents submitted to any government entity or agency since January 1, 1994 relating to Plaintiff which discussed or addressed the off-label use of medications.

<u>Response No. 60</u>

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

MA044600000016

Request No. 61

All minutes of meetings of Plaintiff's trustees, fiduciaries, or officers, notices regarding

such meetings, and all documents distributed before, during, or as result of such meetings,

including all documents reflecting a decision of the trustees, fiduciaries, or officers in lieu of a

meeting, in which the off-label use of medications was discussed.

Response No. 61

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome. Plaintiff further objects to this request to the

extent that it seeks information or documents regarding drugs other than Neurontin, rendering

this request overly broad, unduly burdensome and seeking information or documents that are

neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff

further objects to this request to the extent it seeks information that is confidential or private in

nature, that is covered by third-party confidentiality agreements or protective orders, the medical

records privileges of Massachusetts or the state in which the patients and records are located, the

Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq.

("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to

this request to the extent that it seeks information which is protected from disclosure by the

attorney-client privilege, work product doctrine or other applicable privilege, that otherwise

constitute material prepared for or in anticipation of litigation, or are protected from disclosure

by any other applicable privilege or protection.

{1825 / INT / 00073016.DOC v1}                45

Subject to and without waiving the foregoing objections, Plaintiff will produce

documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 62

Documents sufficient to identify the names and addresses of Plaintiff's trustees,

fiduciaries, and officers since January 1, 1994.

Response No. 62

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Aetna further objects on the grounds that the request calls for a legal conclusion.

Request No. 63

Documents sufficient to identify the names and addresses of all individuals and entities

providing administrative services to Plaintiff, including the Plan Administrator(s), since January

1, 1994.

Response No. 63

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Aetna further objects on the grounds that the request calls for a legal conclusion.

Request No. 64

Plaintiff's Plan and trust documents and documents reflecting amendments thereto since

January 1, 1994.


Response No. 64

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce a representative sample of documents responsive to this request, to the extent they exist.

Request No. 65

Adoption agreements and documents reflecting amendments thereto since January 1, 1994.

Response No. 65

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 66

One representative copy of all communications since January 1, 1994 with Plaintiff's Members and providers relating to anti-epileptic drugs or to off-label uses, including, but not limited to, summary plan descriptions and summaries of material modifications.

Response No. 66

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in

MA044600000016