nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce a representative sample of documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 67

Participation agreements and documents reflecting amendments thereto since January 1, 1994.

Response No. 67

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce a representative sample of documents responsive to this request, to the extent they exist.

Request No. 68

All documents concerning communications between Plaintiff, any third-party plan administrator or Preferred Provider, including insurance companies, and/or consultant of any type since January 1, 1994 relating to coverage for drugs, payment for drugs, drug formularies, off-label usage of drugs, and methodologies for reimbursing third-parties or Members for drugs.

Response No. 68

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 69

All documents concerning the type and terms of all health benefits Plaintiff provides that relate in any way to pharmaceutical drugs including, but not limited to, documents concerning prescription drug benefits, hospital benefits, physician services benefits, medical testing benefits, and any other benefits related to medical care, as well as documents reflecting premiums paid and the methodology used for calculating premiums.

Response No. 69

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 70

All documents concerning pricing and marketing of prescription drugs and pharmaceutical benefits, including pricing and underwriting guidelines, pricing and underwriting policies and procedures, marketing guidelines, and marketing policies and procedures. Produce separately, or identify within this production, those documents responsive to Request No. 70 that relate to off-label uses of drugs.

Response No. 70

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are

neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 71

Documents sufficient to show (a) all drugs for which Plaintiff provides coverage; (b) the amount Plaintiff has paid for each drug, both brand name and generics, for each year since January 1, 1994, including but not limited to any pricing lists and contracts with pharmaceutical manufacturers; and (c) the amount, if applicable, Plaintiff charges to its Members for Neurontin.

Response No. 71

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the

Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 72:

All documents regarding Plaintiff's policies and procedures since 1994 with respect to the reimbursement of, or payment for, the costs of medications prescribed to Plaintiff's Members.

Response No. 72

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 73:

All documents regarding Plaintiff's policies and procedures since 1994 with respect to the off-label use of medications, including but not limited to documents addressing policies for reimbursing Members for off-label medications.

Response No. 73

Please see Response No. 19.

Request No. 74

All documents concerning Plaintiff's standard operating procedures or claims handling practices and procedures regarding payment of claims related to off-label uses.

Response No. 74

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 75:

All documents relating or referring to, or embodying, minutes of meetings, agendas, dossiers, internal memoranda regarding strategies and issues, Questions and Answers, scheduling, or any other documents concerning meetings at which off-label prescribing of medicines was discussed.

Response No. 75

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 76:

Copies of all presentations, internal memoranda, or other documents that include any reference to off-label prescribing of medicines, including but not limited to references about Plaintiff's practices with respect to off-label prescriptions.

Response No. 76

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 77

Copies of any industry newsletters or publications, trade publications, articles, or similar documents addressing in any way how insurance companies or third party payors are to handle claims for off-label prescriptions, including but not limited to documents discussing company approaches or best practices, government or industry regulations or requirements, and evolutions in the industry with respect to off-label prescriptions and off-label use of medications.

Response No. 77

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Request No. 78

Copies of any federal, state or local laws or regulations addressing the reimbursement by insurers of off-label prescriptions.

Response No. 78

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Request No. 79

All documents concerning Plaintiff's obligation, or lack of obligation, under any internal or external policy, rule, regulation, or case law to pay for, reimburse, or cover the costs – in full or in part – of off-label uses of drugs and medications.

Response No. 79

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Aetna objects to this request to the extent it seeks information that relates to prescription drugs other than Neurontin on the grounds that the request is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that

it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 80

All documents referencing Plaintiff's compliance (or lack of compliance) with internal or external rules, regulations, and policies pertaining to reimbursement for off-label prescriptions.

Response No. 80

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Aetna objects to this request to the extent it seeks information that relates to prescription drugs other than Neurontin on the grounds that the request is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Request No. 81

All records reflecting the resolution of claims related to an off-label prescription.

Response No. 81

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Aetna objects to this request to the extent it seeks information that relates to prescription drugs other than Neurontin on the grounds that the request is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Request No. 82

All documents addressing how Plaintiff determines whether a claim is for a medication used for an off-label use.

Response No. 82

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Aetna objects to this request to the extent it seeks information that relates to prescription drugs other than Neurontin on the grounds that the request is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce representative samples of documents responsive to this request, to the extent they exist, limited to Neurontin.

Request No. 83

All documents showing that Plaintiff refused payment, either in whole or in part, for a claim involving an off-label prescription, and all documents related to, discussing or analyzing that refusal.

Response No. 83

Please see Response No. 82.

Request No. 84

Any correspondence to or from Members, providers, hospitals, pharmacies, or any other individual, organization, or institution addressing a claim involving an off-label prescription.

Response No. 84

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Request No. 85

All documents concerning any review, consideration, analysis, recommendation or approval of payment for or reimbursement of some or all of the costs of medications prescribed for an off-label use.

Response No. 85

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 86

All documents concerning any requirement (or lack of requirement) that Members, pharmacies, providers, or any other person or entity identify the indication for which a drug was prescribed when submitting a claim to Plaintiff for reimbursement of the costs of that drug.

Response No. 86

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 87

All documents concerning any requirement (or lack of requirement) that Members, pharmacies, providers, or any other person or entity identify whether a drug was prescribed for an off-label use when submitting a claim to Plaintiff for reimbursement of the costs of that drug.

Response No. 87

Please see Response No. 86.

Request No. 88

All documents concerning any discussion about or decision by Plaintiff to inform Members that it would not pay for the off-label uses of drugs.

Response No. 88

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 89

All documents concerning communications by Plaintiff to pharmaceutical manufacturers, including but not limited to Parke Davis, Warner Lambert, and Pfizer Inc., concerning the off-label use of drugs.

Response No. 89

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 90

All documents concerning communications by Plaintiff to pharmaceutical manufacturers, including but not limited to Parke Davis, Warner Lambert, and Pfizer Inc., not provided in response to Request No. 89.

Response No. 90

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in

nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Request No. 91

All documents concerning Plaintiff's internal communications concerning the review, design, analysis, write up, or proposal for reimbursement of medications for off-label uses.

Response No. 91

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 92

All requests, letters, inquiries, disputes, clarifications, emails, or logs of telephone calls from Members or providers referencing Plaintiff's policies, requirements, or treatment of off-label prescriptions.

Response No. 92

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information

or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Request No. 93

All records in any database maintained by Plaintiff or documents which contain information regarding claims for reimbursement for off-label uses of medications, whether such records were generated by Plaintiff or purchased from third parties. The response to this request should include for any database all fields of the database for every record produced.

Response No. 93

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Request No. 94

All documents in the possession of Plaintiff or Plaintiff's attorneys concerning or discussing the civil action *United States of America ex rel. David Franklin v. Parke-Davis, et al.*, C.A. No. 96-11651-PBS (D. Mass.).

Response No. 94

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Request No. 95

All documents reviewed by any expert retained by Plaintiff to testify at trial in this Action.

Response No. 95

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks

information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this response on the grounds that it is premature at this stage of the litigation. Plaintiff will respond to this request in accordance with the Court's scheduling order concerning the disclosure of expert witnesses.

Request No. 96

All documents prepared by any expert retained by Plaintiff to testify at trial in this Action.

Response No. 96

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this response on the grounds that it is premature at this stage of the litigation. Plaintiff will respond to this request in accordance with the Court's scheduling order concerning the disclosure of expert witnesses and in accordance with the Federal Rules of Civil Procedure.

Request No. 97

The complete file and/or working papers of any expert whom Plaintiff intends to call as a witness at trial.

Response No. 97

See Response No. 96.

Request No. 98

The current resume or curriculum vitae of any expert whom Plaintiff intends to call as a witness at trial.

Response No. 98

Plaintiff objects to this response on the grounds that it is premature at this stage of the litigation. Plaintiff will respond to this request in accordance with the Court's scheduling order concerning the disclosure of expert witnesses and in accordance with the Federal Rules of Civil Procedure.

Request No. 99

All reports of any expert whom Plaintiff intends to call as a witness at trial.

Response No. 99

See Response No. 98

Request No. 100

All drafts of all reports of any expert whom Plaintiff intends to call as a witness at trial.

Response No. 100

See Response No. 98.

Request No. 101

All notes prepared by any expert whom Plaintiff intends to call as a witness at trial.

Response No. 101

See Response No. 98.

Request No. 102

All documents that you provided to any expert whom Plaintiff intends to call as a witness at trial.

Response No.102

See Response No. 98.

Request No. 103

All documents concerning communications between Plaintiff and any expert whom Plaintiff intends to call as a witness at trial.

Response No. 103

See Response No. 98.

Request No. 104

All documents reviewed by any expert whom Plaintiff intends to call as a witness at trial.

Response No. 104

See Response No. 98.

Request No. 105

All documents relied upon by any expert whom Plaintiffs intend to call as a witness at trial.

Response No. 105

See Response No. 98.

Request No. 106

All documents supporting, rebutting, or otherwise relating in any way to the allegations of the Complaint, including but not limited to all documents reviewed in advance of, or relied on in, drafting the Complaint.

Response No. 106

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Request No. 107

All documents Plaintiff intends to introduce or rely upon at any hearing, trial, or in connection with any dispositive motion.

Response No.107

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff also objects to this request on the grounds that it is premature, discovery has only just begun and plaintiff will comply with the deadlines set forth in the case management orders entered in this case.

Request No. 108

All internal investigations or reports performed or prepared by Plaintiff, or on its behalf, concerning the allegations in the Complaint.