Response No. 108

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Request No. 109

All documents concerning any alleged misrepresentation(s) or any false, fraudulent, misleading, or deceptive statements allegedly made by or on behalf of any Defendant concerning Neurontin.

Response No. 109

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

{1825 / INT / 00073016.DOC v1}            73

Request No. 110

All documents that you contend provide support or evidence of the allegation in paragraph 19 of the Complaint that "Parke-Davis knew... that there was no scientific rationale supporting Neurontin's safety of effectiveness for ... psychiatric uses....."

Response No. 110

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 111

All documents that you contend provide support or evidence of the allegation in paragraph 28 of the Complaint that "The object of Defendants' publication strategy was to disseminate false and misleading information regarding these off-label uses for Neurontin as widely as possible through seminars, events, presentations and medical literature."

Response No. 111

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 112

All documents that you contend provide support or evidence of the allegations in paragraph 31 of the Complaint that "The Promotion Enterprise also caused numerous articles and promotional pieces to be published in medical literature throughout the county misrepresenting the safety, efficacy, effectiveness and usefulness of Neurontin to treat a variety of all-label conditions."

Response No. 112

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 113

All documents that you contend provide support or evidence of the allegation in paragraph 37 of the Complaint that "the Promotion Enterprise . . . [employed] improper and unlawful sales and marketing practice."

Response No. 113

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or

{1825 / INT / 00073016.DOC v1}    76

documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 114

All documents that you contend provide support or evidence of the allegation in paragraph 37 of the Complaint that practices of the "Promotion Enterprise" included "knowingly misrepresenting the existence and findings of scientific data, studies, reports and clinical trials," including all documents identifying the alleged data, studies, reports and clinical trials, and provide all documents showing the date the study was undertaken, whether it was sponsored by Defendants, and the date the results of the study were released.

Response No. 114

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

{1825 / INT / 00073016.DOC v1}    77

MA044600000016

Request No. 115

All documents that you contend provide support or evidence of the allegation in paragraph 87 of the Complaint that "These doctors promoted Neurontin to their peers through peer selling programs by (i) misrepresenting Neurontin's safety, medical efficacy, effectiveness and usefulness for off-label uses; (ii) claiming that Neurontin was being widely prescribed by other physicians for off-label uses without disclosing the deception that drove these prescriptions; (iii) suggesting possible mechanisms of action that could explain Neurontin's supposed efficacy in off-label areas, even though they knew the mechanism of action was not and still is not understood; and (iv) misrepresenting that they were privy to the latest clinical data that would support off-label uses, but which had not yet been released."

Response No. 115

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

{1825 / INT / 00073016.DOC v1}    78

MA044600000016

Request No. 116

All documents that you contend provide support or evidence of the allegation in paragraph 96 of the Complaint that "Cline Davis, Physicians World, Sudler & Hennessey, MEDED/MEDON, MES and AMM/Adelphi each worked with the Defendants and the physician participants, for a common purpose, and as a continuing unit to perpetrate the fraudulent scheme. . . ."

Response No. 116

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 117

All documents that you contend provide support or evidence of the allegation in paragraph 105 of the Complaint that "unfavorable anecdotal evidence was not disclosed even though Defendants were aware of such evidence."

{1825 / INT / 00073016.DOC v1}                           79

Response No. 117

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 118

All documents that you contend provide support or evidence of the allegations in paragraph 171 of the Complaint that "Pfizer has routinely marketed Neurontin for off-label indications up until May of 2004."

Response No. 118

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it

{1825 / INT / 00073016.DOC v1}        80

seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 119

All documents that you contend provide support or evidence of the allegation in paragraph 174 of the Complaint that "As of the third quarter of 2002, there was no basis in the published scientific literature for the use of Neurontin to treat" the conditions listed in paragraph 174 of the Complaint.

Response No. 119

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally

available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 120

All documents that reflect Plaintiff's total revenues, income and/or profit generated directly or indirectly from Plaintiff's provision of prescription drug coverage, including without limitation financial statements, internal reports, memoranda and correspondence by year for the period from January 1, 1994 through the present.

Response No. 120

Aetna does not maintain any such records. Aetna is unable to provide the requested pharmacy only revenue data. Because of internal accounting practices, pharmacy revenues are not separately tracked. Aetna provides of a broad range of integrated healthcare benefits and does not maintain and cannot provide the pharmacy only revenues. Specifically, Aetna does not apportion premiums or other revenues received for its health benefits back to the individual components of the benefit plan such as the pharmacy business. Similarly, with respect to Aetna's self insured customers generally pay on per member per month basis or a flat fee and these revenues are not tracked back to pharmacy claims administered. Accordingly, Aetna does not maintain a separate profit and loss financial statement for its pharmacy business.

Request No. 121

All documents reflecting the total volume of premiums received from prescription drug coverage (in dollars and in terms of numbers of policyholders) by year for the period from January 1, 1994 through the present.

Response No. 121

Aetna does not maintain any such records. Aetna is unable to provide the requested pharmacy only revenue data. Because of internal accounting practices, pharmacy revenues are not separately tracked. Aetna provides of a broad range of integrated healthcare benefits and does not maintain and cannot provide the pharmacy only revenues. Specifically, Aetna does not apportion premiums or other revenues received for its health benefits back to the individual components of the benefit plan such as the pharmacy business. Similarly, with respect to Aetna's self insured customers generally pay on per member per month basis or a flat fee and these revenues are not tracked back to pharmacy claims administered. Accordingly, Aetna does not maintain a separate profit and loss financial statement for its pharmacy business.

Request No. 122

All contracts and documents concerning such contracts between Plaintiff and Defendants for the period from January 1, 1994 through the present.

Response No. 122

Aetna objects to the request to the extent it seeks discovery of documents available to Defendants and/or already in Defendants' possession or obtainable from another source that is more convenient, less burdensome, or less expensive.

Request No. 123

All documents concerning Neurontin that have not been provided in response to any other Request.

Response No. 123

None exist.

MA044600000016

Request No. 124

All documents concerning communications between Plaintiff and Pfizer, Warner-Lambert-Company, or Parke-Davis that have not been provided in response to any other Request.

Response No. 124

None exist.

Dated: White Plains
June 3, 2005

LOWEY DANNENBERG BEMPORAD
& SELINGER, P.C.

By: *Richard Bemporad*
Richard Bemporad
Peter D. St. Phillip, Jr.
The Gateway Building
11 North Lexington Avenue
White Plains, New York 10601
Telephone: (914) 997-0500

- and -

Gerald Lawrence
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428

*Counsel for Aetna, Inc.*

# EXHIBIT 6

**<u>REDACTED – CONFIDENTIAL</u>**