# REDACTED – CONFIDENTIAL

# EXHIBIT 10

2994/1.57

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | Master File No. 04-10981 |
|  | Judge Patti B. Saris |

### DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF LORRAINE KOPA

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Pfizer Inc. and Warner-Lambert Company (hereinafter "Defendants"), hereby demand that in accordance with the Definitions and Instructions set forth below, Plaintiff Lorraine Kopa produce all documents requested herein for inspection and copying at the offices of Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, within thirty (30) days of the date of service hereof.

### DEFINITIONS

1.     The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference. Additionally, the following definitions apply.

2.     "Plaintiff" shall mean the Plaintiff Lorraine Kopa.

3.     "You" or "your" means Lorraine Kopa.

4.     "Pfizer" shall mean Defendant Pfizer Inc. and any of its predecessors, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers,

executives, trustees, and employees, including, but not limited to, Warner-Lambert and Parke-Davis, as a division of Warner-Lambert Company.

5.     "Warner-Lambert" shall mean Defendant Warner-Lambert Company and any of its predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, and employees, including, but not limited to, Parke-Davis, as a division of Warner-Lambert Company.

6.     "Parke-Davis" shall mean Parke-Davis, a division of Warner-Lambert Company, and any of its predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, and employees.

7.     "Complaint" shall mean the Amended Class Action Complaint, filed on February 1, 2005 in connection with MDL Docket No. 1629, Civil Action No. 04-10981-PBS, in the United States District Court for the District of Massachusetts.

8.     "Action" shall mean the proceeding pending in the United States District Court for the District of Massachusetts captioned *In re: Neurontin Marketing and Sales Practices Litigation*, 04-10981-PBS.

9.     "Pain," unless otherwise indicated, shall refer to all pain that is similar to that for which Plaintiff was prescribed Neurontin, including but not limited to pain that is similar in type, intensity, cause, or treatment.

10.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2

11.    The term "drug, " unless otherwise indicated, shall mean a substance used in the diagnosis, treatment, or prevention or a disease or as a component of a medication, and shall include both prescription and non-prescription drugs.

12.    The term "off-label" shall mean the prescription or use of a drug for indications or at dosages different from those set forth in a drug's labeling.

13.    "Any" includes the word "all" and vice-versa.

14.    "Communication" shall have the meaning set forth in Local Rule 26.5

15.    "Concerning" shall have the meaning set forth in Local Rule 26.5.

16.    "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, and includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence.

17.    "Meeting" shall mean any formal or informal assembly, convocation, encounter or contemporaneous presence of two or more Persons for any purpose and shall include telephone conferences and calls.

18.    "Person" or "Persons" shall mean any individual, corporation, organization, association, partnership, limited partnership, firm, joint venture, trustee, governmental body, agency, governing board, department or division, or any other entity.

19.    "Relating to" shall have the same meaning as concerning.

## INSTRUCTIONS

1.    The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun

3

shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

2.      This request is intended to cover all documents in your possession or subject to your custody or control. This request is also intended to cover any and all documents you are authorized to retrieve.

3.      Each request for a document contemplates production of the document in its entirety, without abbreviation or expurgation.

4.      If any requested documents cannot be produced in full, produce them to the extent possible, specifying each reason for your inability to produce the remainder thereof and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

5.      If any document is no longer in your possession, custody, or control and cannot be retrieved by you, identify the document in detail and state with specificity the location(s) of the document.

6.      This request is of continuing effect, and to the extent that any time after the production of documents called for by this request, you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

7.      If Plaintiff knows of information responsive to any of these requests that is in the custody, possession or control of a third person, identify the information and the person(s) possessing it.

8.      If Plaintiff claims that any document to be produced is privileged or constitutes attorneys' work product, Plaintiff is requested to submit a written statement that describes the nature of the documents not produced as required under the Federal Rules of Civil Procedure.

9.      In the event that any information is redacted from a Document produced pursuant to this Document Request, that information is to be identified and the basis upon which such information is redacted should be fully stated.

10.     Documents shall be produced as they are or have been kept in the ordinary course, including the original file folder and label or other similar identification devices.

11.     To the extent that you view any document request as vague or imprecise, counsel for Defendants offers to confer with counsel for Plaintiff as to the intended scope of such document request.

## DOCUMENT REQUESTS

Request No. 1

Documents sufficient to identify whether Plaintiff has ever been previously married, the date of each marriage, the name and address of each spouse and the name, address and birth dates of any children.

Request No. 2:

Documents sufficient to identify schools the Plaintiff has attended, the years attended, whether Plaintiff graduated, and whether Plaintiff obtained any degrees.

Request No. 3:

Documents sufficient to show Plaintiff's employment through the present, and with regard to each job Plaintiff has held: (a) a description of the job; (b) Plaintiff's

5

immediate supervisor; (c) the dates each employment commenced and ended; and (d) the reasons the employment ended.

Request No. 4:

All documents concerning any legal proceeding (whether civil, criminal, or administrative, including, but not limited to, any criminal indictment or conviction, petition for protective order, petition for restraining order, commitment proceeding, divorce proceeding, separation proceeding, juvenile court proceeding, or guardianship proceeding) in which Plaintiff has ever been named a party, a deponent, a testifying witness, an affiant, or a declarant under penalty of perjury.

Request No. 5:

All documents concerning any counseling, recommendation for counseling, arrest, prosecution, conviction, or treatment of Plaintiff for any use of, possession of, addiction to, intoxication with, or abuse of any form of alcohol, controlled substance, mind-altering substance, illegal drug, or medication.

Request No. 6:

All documents that describe, refer to, were filed in, or were produced by or provided to Plaintiff in connection with, any claim or suit for personal injury or disability filed by Plaintiff, including, but not limited to, all documents that identify the court in which each such claim or suit was filed, the nature and extent of the injuries for which damages were sought, the identities of all parties to each such claim or suit, and the disposition of each such claim or suit.

Request No. 7:

All documents concerning any conviction of Plaintiff for committing any violation of any criminal or juvenile law, code, or statute, including, but not limited to, all records revealing the nature of each such offense, the name of the court in which each such matter or proceeding was filed or prosecuted, each judgment or plea entered in connection with each such offense, the sentence or other punishment imposed for each such offense, the name and address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with each such offense, or the name and last known address of any probation, parole, or juvenile officer assigned to any such case.

Request No. 8:

All medical records, surgical records, mental/emotional health records, x-rays, radiographic films, pathology materials, including but not limited to slides and other tissue samples, or any other records or materials related to any diagnostic or treatment tests or procedures, financial records, bills, invoices, writings, notes or memoranda relating to all of the Plaintiff's physical, medical or mental/emotional conditions, illnesses or disabilities, including but not limited to those of doctors, nurses, practitioners, hospitals, clinics, institutions or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the Plaintiff's contention that such physical, medical or mental conditions, illnesses, or disabilities were caused in any way by the Defendants or any agent or employee of the Defendants.

Request No. 9:

With regard to any medical or hospital records of the Plaintiff referred to in Request No. 8 above which are in existence but are not physically in the possession or custody of the Plaintiff or the Plaintiff's attorney, but which are in the Plaintiff's control, the Defendants request that the Plaintiff execute authorizations to each doctor, health care professional or hospital where records exist, to allow the Defendant to obtain and examine copies of such records. (To facilitate your compliance with this request, copies of the required authorization forms are attached hereto).

Request No. 10:

All documents concerning any medical test, psychological test, psychiatric test, intelligence test, mental health test, or standardized test of any kind ever taken by or administered to Plaintiff.

Request No. 11

All documents concerning any drug or medication of any kind that was prescribed for, administered to, obtained by, provided to, or made available to Plaintiff.

Request No. 12

All documents in which Plaintiff or any other person described or referred to Plaintiff's use of any medication other than Neurontin, described or referred to any adverse event or "side effect" experienced by Plaintiff as a result of ingesting any medication other than Neurontin, described or referred to the effectiveness or ineffectiveness for Plaintiff of any medication other than Neurontin, or described or referred to any injury, damage, or harm that resulted from Plaintiff's ingesting any medication other than Neurontin.

8

<u>Request No. 13:</u>

All documents concerning any medical insurance which Plaintiff has or had in effect.

<u>Request No. 14:</u>

Each bottle and label in Plaintiff's possession, custody or control of any product, drug or device referred to in the Complaint or other drug (whether prescription or otherwise) taken by Plaintiff.

<u>Request No. 15:</u>

All calendars or diaries prepared by Plaintiff covering any portion of time of the matters alleged in the Complaint.

<u>Request No. 16</u>

Documents sufficient to show when Plaintiff first began suffering from pain.

<u>Request No. 17</u>

Documents sufficient to identify each occasion that Plaintiff suffered from pain.

<u>Request No. 18</u>

All references to Neurontin or Plaintiff's pain in calendars or diaries prepared by or pertaining to Plaintiff.

<u>Request No. 19</u>

Documents sufficient to identify each and every medical practitioner, health care practitioner, or professional of any kind whom Plaintiff visited for treatment for or help with her pain.

9

Request No. 20

Documents sufficient to show any medications, prescription or otherwise, that Plaintiff was prescribed, purchased, or otherwise received, the purpose of which was to help treat Plaintiff's pain, and the time period(s) in which Plaintiff ingested each medication.

Request No. 21

All documents concerning whether any of the medications identified in the response to Request No. 20 were prescribed or purchased by Plaintiff, and used by Plaintiff, for an off-label use.

Request No. 22

All documents concerning whether any of the medications identified in the response to Request No. 20 were effective in treating Plaintiff's pain.

Request No. 23

All documents concerning whether Plaintiff experienced any adverse effects or health concerns while she was ingesting any of the medications identified in the response to Request No. 20.

Request No. 24

All documents concerning when and why Plaintiff stopped taking each of the medications identified in the response to Request No. 20.

Request No. 25

Each and every prescription or record thereof which shows that Neurontin® ("Neurontin") was prescribed to Plaintiff.

10