UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | MDL Docket No. 1629 |
| IN RE NEURONTIN MARKETING AND ) | |
| SALES PRACTICES LITIGATION ) | Master File No. 04-10981 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| ) | |
| ALL ACTIONS ) | Magistrate Leo T. Sorokin |
| ) | |

**DECLARATION OF EDWARD NOTARGIACOMO
IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
<u>DEFENDANTS' MOTION TO COMPEL DISCOVERY</u>**

The undersigned declarant, Edward Notargiacomo, deposes and states as follows:

1. I am an attorney with the law firm of Hagens Berman Sobol Shapiro LLP, in Cambridge, MA, and I am an attorney of record for the Class Plaintiffs in this action.

2. I have personal knowledge regarding the matters stated below and would testify to the same if called upon to do so.

3. Each of the issues raised by Defendants' Motion, and many others, were the subject of conversations between counsel at some point since July, 2005 when the parties first began discussions regarding Plaintiffs' document production. I was personally involved in many, but not all, of these discussions.

4. At no point did defense counsel contact me or anyone on the Class Plaintiffs Steering Committee to hold a conference under Local Rule 37.1 or indicate they would be seeking to compel any category of documents or information.

5. In addition to my role as one of the lead counsel for the purported class, I also represent Harding Manufacturing, Inc ("Harden"). As such I have had various conversations

with defense counsel concerning the production of documents by Harden.  In the last such conversation defense counsel asked for the production of invoices received by Harden from their third party administrator, Blue Cross and Blue Shield of Alabama ("BCBS of Alabama").

6. As Defendants state in their Motion to Compel, the purpose for which Defendants sought copies of these invoices was to establish the date when Harden began underwriting the cost of the health benefits it provides to its employees.  For this reason I suggested that defense counsel accept the production of the very first of these invoices, in order to establish the date at issue.

7. Defense counsel indicated they would consider this suggestion but expressed a preference for all of the invoices.  No other conversations were initiated with me or any other counsel for Plaintiffs prior to the filing of Defendants' motion.

8. In order to remove this issue as a source of contention between the parties, Harden produced electronic copies of each of the invoices in question to Defendants on January 24, 2006.

9. Defendants' Motion also complains that Harden has refused to produce the medical claims data and medical records of Harden employees who were prescribed Neurontin. Harden is a self-insured employer in the business of manufacturing furniture.  Harden does not possess the medical claims data of its employees.  This data is maintained by its third-party administrator BCBS of Alabama.  In addition, Harden does not possess nor could it expect to obtain the medical records of its employees, regardless of how many or how few employees' medical records are at issue.  Harden simply does not have access to these records.

10. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Declaration of Richard E. Shevitz in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Discovery dated January 26, 2006.

11. Attached hereto as <u>Exhibit B</u> is a true and correct copy of the Declaration of Ronald J. Aranoff in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Discovery dated January 26, 2006.

12. Attached hereto as <u>Exhibit C</u> is a true and correct copy of the Declaration of Valera Kingsley in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Discovery dated January 19, 2006.

13. Attached hereto as <u>Exhibit D</u> is a true and correct copy of the Declaration of Justine J. Kaiser dated January 20, 2006.

14. Attached hereto as <u>Exhibit E</u> is a true and correct copy of Memorandum of Decision on Plaintiff's Motion for Class Certification, *International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co., Inc.*, Docket No. ATL-L-3015-03-MT (N.J. Super. L. June 30, 2005).

15. Attached hereto as <u>Exhibit F</u> is a true and correct copy of the Notices of Depositions and Subpoenas to Dr. Kylene Huler, Dr. Thaddaeus M. Poe, Dr. Thomas Craparo and Dr. V.D. Dhaduk.

16. Attached hereto as <u>Exhibit G</u> is a true and correct copy of select pages of Plaintiff Lorraine Kopa's Objections and Responses to Defendants' First Set of Interrogatories dated June 2, 2005.

17.    Attached hereto as <u>Exhibit H</u> is a true and correct copy of Answers and Objections to Defendants' First Set of Interrogatories to Plaintiff Gerald Smith dated June 2, 2005.

18.    Attached here to as <u>Exhibit I</u> is a true and correct copy of the Discovery Order dated Feb. 6, 2002 in *United States ex rel. David Franklin v. Parke-Davis*, No. 96 Civ. 11651 (PBS) (D. Mass.).

I declare under penalty of perjury that the foregoing representations are true and accurate to the best of my personal knowledge and belief.

Dated: January 27, 2006                    */s/ Edward Notargiacomo*

                                                            HAGENS BERMAN SOBOL SHAPIRO, LLP
                                                            One Main Street, 4th Floor
                                                            Cambridge, MA 02142
                                                            Telephone:  (617) 482-3700
                                                            Facsimile:  (617) 482-3003