# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :

In re:  NEURONTIN MARKETING AND        :
        SALES PRACTICES LITIGATION     :
                                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:        :  MDL Docket No. 1629
                                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - x  Master File No. 04-10981
                                                  :  (D. Mass.)

HARDEN MANUFACTURING          :
CORPORATION, et al. v. PFIZER INC. and  :  Judge Patti D. Saris
WARNER-LAMBERT COMPANY.     :

                                                  :  <u>AMENDED NOTICE OF</u>

- - - - - - - - - - - - - - - - - - - - - - - - - - x  <u>DEPOSITION</u>

THE GUARDIAN LIFE INSURANCE     :
COMPANY OF AMERICA v. PFIZER INC. and  :

AETNA, INC. v. PFIZER INC.        :
                                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30,

Defendants in the above-referenced action, by their counsel, will take the deposition upon

oral examination of Dr. Kylene Huler, whose address is 5250 E. U.S. 36, Suite 210, Avon,

IN 46123, before a Notary Public or other person authorized to administer oaths at the

offices of Dr. Thaddaeus Poe, at 5250 East U.S. 36, Suite 610, Avon, IN 46123, on the

8th day of February 2006, at 3:00 p.m. and continuing day to day thereafter until

completion.  The testimony shall be recorded by stenographic means.

You are invited to attend and to participate in the manner provided for in the

Federal Rules of Civil Procedure.

Dated: January 19, 2006                    PFIZER INC., et uno,

                                           By their attorneys,

                                           James P. Rouhandeh
                                           Carter Burwell
                                           DAVIS POLK & WARDWELL
                                           450 Lexington Avenue
                                           New York, New York 10017
                                           (212) 450-4000

                                           -and-

                                           David B. Chaffin
                                           BBO No. 549245
                                           HARE & CHAFFIN
                                           160 Federal Street
                                           Boston, Massachusetts 02110
                                           (617) 330-5000

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January 2006, I caused to be served a true and correct copy of the foregoing Amended Notice of Deposition of Dr. Kylene Huler by email PDF and first class U.S. Mail, postage prepaid, to:

Richard Shevitz, Esq.
Cohen & Malad
One Indiana Square, Suite 1400
Indianapolis, IN 46204

*Attorneys for Gerald Smith*

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

*Attorneys for Plaintiff Harden Manufacturing*
*Corporation and Plaintiffs' Liaison Counsel*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, Texas 78701

*Members of the Product Liabilities Plaintiffs'*
*Steering Committee*

Carter Burwell

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                :

In re: NEURONTIN MARKETING AND   :
SALES PRACTICES LITIGATION       :
                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                :   MDL Docket No. 1629

THIS DOCUMENT RELATES TO:    :
                :   Master File No. 04-10981

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                :

HARDEN MANUFACTURING      :
CORPORATION; LOUISIANA HEALTH  :   Judge Patti B. Saris
SERVICE INDEMNITY COMPANY, dba   :
BLUECROSS/BLUESHIELD OF      :   Magistrate Leo T. Sorokin
LOUISIANA; INTERNATIONAL UNION  :
OF OPERATING ENGINEERS, LOCAL NO. :
68 WELFARE FUND; ASEA/AFSCME   :
LOCAL 52 HEALTH BENEFITS TRUST;  :
GERALD SMITH; and LORRAINE KOPA, :
on behalf of themselves and all others similarly :
situated, v. PFIZER INC. and WARNER- :
LAMBERT COMPANY.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                :

THE GUARDIAN LIFE INSURANCE   :
COMPANY OF AMERICA v. PFIZER INC. :
and               :
                :

AETNA, INC. v. PFIZER INC.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal

Rules of Civil Procedure, Defendants Pfizer Inc. and Warner-Lambert Company,

by their counsel, will take the deposition of Dr. Thaddaeus M. Poe, whose address

is 5250 East U.S. 36, Suite 610, Avon, IN 46123, before a Notary Public or other

person authorized to administer oaths at 5250 East U.S. 36, Suite 610, Avon, IN

46123, on the 8th day of February 2006, at 9:00 a.m., and continuing day-to-day

thereafter until completion.  The testimony shall be recorded by stenographic means.

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

Dated: January 17, 2006

New York, New York

PFIZER INC., et uno,

By their attorneys,

James P. Rouhandeh
Patrick J. Murray
Carter H. Burwell
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January 2006, I caused to be served a true and correct copy of the foregoing Notice of Deposition of Dr. Thaddaeus M. Poe by email PDF and first class U.S. Mail, postage prepaid, to:

Richard Shevitz, Esq.
Cohen & Malad
One Indiana Square, Suite 1400
Indianapolis, IN 46204

*Attorneys for Gerald Smith*

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street, 4th Floor
Cambridge, MA 02142

*Attorneys for Plaintiff Harden Manufacturing Corporation and Plaintiffs' Liaison Counsel*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, NY 12550

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, TX 78701

*Members of the Products Liability Plaintiffs' Steering Committee*

Carter H. Burwell

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re: NEURONTIN MARKETING AND                              :
SALES PRACTICES LITIGATION                                  :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
THIS DOCUMENT RELATES TO:                                   :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HARDEN MANUFACTURING                                        :
CORPORATION; LOUISIANA HEALTH                               :
SERVICE INDEMNITY COMPANY, dba                              :
BLUECROSS/BLUESHIELD OF                                     :
LOUISIANA; INTERNATIONAL UNION                              :
OF OPERATING ENGINEERS, LOCAL NO.                           :
68 WELFARE FUND; ASEA/AFSCME                                :
LOCAL 52 HEALTH BENEFITS TRUST;                             :
GERALD SMITH; and LORRAINE KOPA,                            :
on behalf of themselves and all others similarly           :
situated, v. PFIZER INC. and WARNER-                        :
LAMBERT COMPANY.                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE GUARDIAN LIFE INSURANCE                                 :
COMPANY OF AMERICA v. PFIZER INC.                           :
and                                                         :
                                                            :
AETNA, INC. v. PFIZER INC.                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Leo T. Sorokin

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE THAT Defendants Pfizer Inc. and

Warner-Lambert Company, by their attorneys, Davis Polk & Wardwell, will

cause the attached subpoena to be served on the person identified in the subpoena.

Dated: January 17, 2006        PFIZER INC., et uno,
      New York, New York

By their attorneys,

James P. Rouhandeh
Patrick J. Murray
Carter H. Burwell
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January 2006, I caused to be served a true and correct copy of the foregoing Notice of Service of Subpoena by email PDF and first class U.S. Mail, postage prepaid, to:

Richard Shevitz, Esq.
Cohen & Malad
One Indiana Square, Suite 1400
Indianapolis, IN 46204

*Attorneys for Gerald Smith*

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street, 4th Floor
Cambridge, MA 02142

*Attorneys for Plaintiff Harden Manufacturing Corporation and Plaintiffs' Liaison Counsel*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, NY 12550

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, TX 78701

*Members of the Products Liability Plaintiffs' Steering Committee*

Carter H. Burwell

3

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### SUBPOENA IN A CIVIL CASE

In re NEURONTIN MARKETING AND
SALES PRACTICES LITIGATION

MDL No. 1629
Master File No. 04-10981 [D. Mass.]

TO:    Dr. Thaddaeus M. Poe
      5250 East U.S. 36
      Suite 610
      Avon, IN 46123

☐ **YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time
specified below to testify in the above case.**

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of
a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 5250 East U.S. 36<br>Suite 610<br>Avon, IN 46123 | February 8, 2006 at 9:00 a.m. |

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or
objects at the place, date, and time specified below (list documents or objects):**
    See Schedule A, attached hereto.

| PLACE<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017 | DATE AND TIME<br>February 3, 2006 at 9:00 a.m. |
|---|---|

☐ **YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified
below.**

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall
designate one or more officers, directors, or managing agents, or other persons who consent to testify on its
behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal
Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR<br>DEFENDANT)<br><br>Carter Burwell    Attorney for Defendant<br>Attorney for Pfizer Inc. and Warner-Lambert Company | DATE<br>January 17, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Carter H. Burwell
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
(212) 450 4252.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i)   fails to allow reasonable time for compliance;
   (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv)  subjects a person to undue burden.

(B) If a subpoena
   (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

(Schedule of Documents to be Produced)

## DEFINITIONS

1.    "You" or "your" shall mean Thaddaeus M. Poe M.D. and any of his present or former employees, partners, agents, representatives, or other persons acting or purporting to act on his behalf.

2.    "Pfizer" shall mean defendant Pfizer Inc. and any of its predecessors in interest, divisions, departments, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, or employees, including but not limited to Parke-Davis, as a division of Warner-Lambert.

3.    "Warner-Lambert" shall mean defendant Warner-Lambert Company and any of its predecessors or successors in interest, divisions, departments, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, or employees, including but not limited to Parke-Davis, as a division of Warner-Lambert.

4.    "Parke-Davis" shall mean Parke-Davis, a division of Warner-Lambert, and any of its predecessors or successors in interest, divisions, departments, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, or employees.

5.    "Defendants" shall mean Pfizer, Warner-Lambert, and Parke-Davis.

6.    "Third-party payor" shall mean a non-governmental entity that provides prescription drug coverage to natural persons or processes claims or administers health benefits pursuant to a contract, policy, or benefit plan.

7.    "Person" shall mean any individual, corporation, organization, association, partnership, limited partnership, firm, joint venture, trustee, governmental body, agency, governing board, department or division, or any other entity.

3

8.    "Neurontin" shall mean the drug with the chemical name gabapentin, marketed under the name Neurontin, and includes all uses or indications thereof.

9.    The term "drug," unless otherwise indicated, shall mean a substance used in the diagnosis, treatment, or prevention of a disease or as a component of a medication, and shall include both prescription and non-prescription drugs.

10.    The term "off-label" shall mean prescription, use, or promotion of a drug for indications or at dosages different from those set forth in a drug's labeling.

11.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

12.    "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located. "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile reproductions (faxes), factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions.  This definition shall

4

apply to all documents in the possession, custody, or control of the person identified in the subpoena or that of his attorneys, agents, employees, or representatives, irrespective of who generated, prepared, or signed the documents.

13.    "Concerning" shall mean referring to, describing, evidencing, or constituting.

14.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1.    The document requests below refer to the period from January 1, 1994 to the present.

2.    The documents to be produced will be inspected and may be copied at the time specified in the subpoena. You will not be required to surrender original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on the date specified for production.

3.    You are subpoenaed by the attorney whose name appears on this subpoena and unless excused from your duties under the subpoena by the attorney or the Court, you shall respond to this subpoena as directed under penalty of contempt of court.

4.    The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

5.    Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part;

5

(b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

6.    If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

7.    Documents should be produced in the manner in which they are maintained in the ordinary course of business. All documents that are physically attached to each other, whether stapled, clipped, or otherwise fastened, shall be produced in that manner. Documents that are segregated from other documents, whether by inclusion in binders, files, or sub-files or by the use of dividers, tabs or any other method, shall be produced in that form with the corresponding file name or label attached.

8.    If any portion of a document is responsive to a request, the entire document should be produced.

9.    If any requested documents cannot be produced in full, produce them to the extent possible, specifying each reason for your inability to produce the remainder thereof and stating whatever information, knowledge, or belief that you have concerning the unproduced portion.

10.    Provide the following information for each document withheld on the grounds of privilege:

(a)    its date;

(b)    its title;

6

(c)     its author;

(d)     its addressee;

(e)     copies;

(f)     the specific privilege under which it is withheld;

(g)     its general subject matter; and

(h)     a description of it that you contend is adequate to support your contention that it is privileged.

11.     If a portion of an otherwise responsive document contains information that you claim is subject to a claim of privilege, then such portions shall be redacted from the document, with such redacted material to be described in the same manner as set forth in the preceding instruction, and the rest of the document shall be produced.

12.     These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the end of trial.

13.     To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

## DOCUMENTS TO BE PRODUCED

1.     All documents, including but not limited to medical records, concerning Gerald Smith.

2.     All documents concerning Neurontin or its generic equivalent provided to you or your employees at any time by Defendants or any party acting on behalf of Defendants,

7

including but not limited to those supplied by sales representatives, medical liaisons, or medical education vendors.

3. All documents concerning communications with Defendants, or any party acting on behalf of Defendants, concerning the use of Neurontin or its generic equivalent.

4. All documents or communications concerning off-label use of Neurontin, its generic equivalent, or any other anti-epileptic drugs, or any drug that you normally prescribe in the course of your practice.

5. All documents, studies, investigations, clinical trials, papers, manuscripts, articles, abstracts, or letters to the editor, whether published or unpublished, concerning the use, safety, efficacy, or mechanism of action of Neurontin or its generic equivalent that you relied on or reviewed in connection with prescribing Neurontin or its generic equivalent for any indication.

6. All documents, studies, investigations, clinical trials, papers, manuscripts, articles, abstracts, or letters to the editor, whether published or unpublished, concerning the use, safety, efficacy, or mechanism of action of anti-epileptic drugs that you relied on or reviewed in connection with prescribing Neurontin or its generic equivalent for any indication..

7. All documents concerning continuing medical education programs, advisory boards, consultants meetings, or other events that you attended concerning the use of Neurontin, its generic equivalent, or anti-epileptic drugs.

8. All documents describing or concerning payments made to you or your employees by Defendants or their agents, including but not limited to expenses for events that you attended.

9. All documents describing or concerning payments made to you or your employees by pharmaceutical drug manufacturers other than Defendants or their agents, including but not limited to expenses for events that you attended.

10.    All documents concerning communications with third-party payors relating to off-label use of Neurontin, its generic equivalent, or anti-epileptic drugs.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE NEURONTIN MARKETING AND
SALES PRACTICE LITIGATION

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No. 04-10981 (D. Mass.)

TO:    Dr. V.D. Dhaduk
       141 Salem Avenue
       Carbondale, PA 18407

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Radisson Lackawanna Station Hotel Scranton<br>700 Lackawanna Avenue<br>Scranton, PA 18503 | DATE AND TIME<br>September 13, 2005 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br><br>Attorney for Defendants | DATE<br><br>August 18, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James E. Murray, Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017
(212) 450 - 4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

8/18/05

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

IN RE NEURONTIN MARKETING AND
SALES PRACTICE LITIGATION

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No. 04-10981 (D. Mass.)

TO:    Dr. Thomas Craparo
       110 Dundaff Street
       Carbondale, PA 18407

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Radisson Lackawanna Station Hotel Scranton<br>700 Lackawanna Avenue<br>Scranton, PA 18503 | September 12, 2005 at 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendants | August 18, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James E. Murray, Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017
(212) 450 - 4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT G

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | ) ) ) | MDL Docket No. 1629 |
|  | ) | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) ) ) | Judge Patti B. Saris |

### PLAINTIFF LORRAINE KOPA'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Now comes Plaintiff Lorraine Kopa ("Plaintiff") and responds to Defendants Pfizer, Inc. and Warner-Lambert Company's ("Defendants'") First Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Interrogatories are made for the sole purpose of this litigation. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response. Plaintiff's response to all or any part of these Interrogatories should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Interrogatories; or (2) Plaintiff has in her possession, custody or control documents responsive to that Interrogatory; or (3) documents responsive to that Interrogatory exist.

Plaintiff's response to all or any part of any Interrogatories is not intended to be, and shall

not be, a waiver by Plaintiff of all or any part of her objection(s) to that Interrogatory.

Plaintiff and her counsel have not completed (1) investigation of the facts relating

to this case, (2) discovery in this action, or (3) preparation for trial. The following

responses are based upon information known at this time and are given without prejudice

to Plaintiff's right to supplement these responses prior to trial or to produce evidence

based on subsequently discovered information. Plaintiff's responses are based upon, and

therefore are limited by, Plaintiff's present knowledge and recollection, and

consequently, Plaintiff reserves the right to make any changes in these responses if it

appears at any time that inadvertent errors or omissions have been made.

## **GENERAL OBJECTIONS**

1.     Plaintiff objects to these requests to the extent they are inconsistent with,

or seek to impose obligations in excess of, the Federal Rules of Civil Procedure or the

Local Rules of the United States District Court for the District of Massachusetts or any

applicable scheduling order, case management order or other ruling of the Court.

2.     Plaintiff objects to these Interrogatories to the extent that they seek

information which is protected from disclosure by the attorney-client privilege, work

product doctrine or other applicable privilege, that otherwise constitute material prepared

for or in anticipation of litigation, or are protected from disclosure by any other

applicable privilege or protection. Plaintiff will not produce such information.

3.     Plaintiff objects to these Interrogatories to the extent they seek information

that is confidential or private in nature, that is covered by third-party confidentiality

agreements or protective orders, the medical records privileges of Massachusetts or the

2

state in which the patients and records are located, the Health Information Portability and

Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy

Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any

other applicable privilege, rule or doctrine.

      4.     Plaintiff objects to these Interrogatories to the extent they purport to

request information that is not relevant to the claims or defenses of the parties, nor

reasonably calculated to lead to the discovery of admissible information.

      5.     Plaintiff objects to these Interrogatories to the extent they seek information

not available or known to Plaintiff.

      6.     Plaintiff objects to these Interrogatories to the extent the burden or

expense of the proposed discovery outweighs its likely benefit.

      7.     Plaintiff objects to these Interrogatories to the extent they seek information

that would cause unreasonable annoyance, embarrassment, oppression, burden or expense

to the Plaintiff or others.

      8.     Plaintiff objects to these Interrogatories to the extent they are vague,

ambiguous, or overbroad.

      9.     Plaintiff objects to these Interrogatories to the extent they constitute

premature contention interrogatories. Production of such information, at this time, could

irreparably prejudice Plaintiff's further investigation, development and prosecution of

this litigation and serves no purpose other than to harass and burden Plaintiff and to

unnecessarily delay and needlessly increase the cost of this litigation to all parties.

      10.    Plaintiff reserves until the time of trial all objections as to the relevance or

admissibility of any information provided in response to these Interrogatories. The

supplying of any information contained herein does not constitute an admission by
Plaintiff that such document or information is relevant or admissible or that any statement
or characterization in Defendants' Interrogatory is accurate or complete.

11.    Plaintiff objects to the Interrogatories to the extent they purport to require
Plaintiffs to disclose information concerning any expert or other person or entity retained
by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any
such person or entity will not be designated by Plaintiff as a trial witness on the grounds
that such disclosure is neither relevant nor reasonably calculated to lead to the discovery
of admissible evidence; and (b) on the grounds that any such present disclosure is
prejudicial to Plaintiff's preparation of this case and is not required by the Federal Rules
of Civil Procedure.

12.    Plaintiff reserves the right to make additional objections to these
Interrogatories and to supplement and/or amend her responses to them as discovery
continues.

13.    All responses given below incorporate the above General Objections and
no response given by Plaintiff shall be deemed to constitute a waiver of any such
objections.

## RESPONSES TO INTERROGATORIES

Interrogatory No. 1:

Provide the identity and title of all persons who participated in the preparation of
these Interrogatory responses, excluding counsel.

Response No. 1:

Plaintiff incorporates her General Objections by reference and, in addition,
objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad,

unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

Lorraine Kopa.

Interrogatory No. 2:

State Plaintiff's full name and any nicknames or aliases by which Plaintiff has ever been known; Plaintiff's present address, date of birth, and social security number; whether Plaintiff has ever been married, and, if so, the date of each marriage and the name and address of each spouse; and the name, address and birth dates of any children.

Response No. 2:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

| | |
|---|---|
| Full Name: | Lorraine Mary Kopa. |
| Current Address: | 190 Gordon Avenue, Carbondale, Pennsylvania 18407. |
| Date of Birth: | August 6, 1939. |
| Children: | Walter C. Loomis, III. |
| Marital Status: | Plaintiff is not currently married. |

Interrogatory No. 3:

List the address(es) that Plaintiff resided at during the ten years prior to the matters alleged in the Complaint. As to each, state (a) the dates when Plaintiff resided at the address; and (b) the name and present address of each individual that resided with Plaintiff.

5

Response No. 3:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

    a.    Plaintiff has resided at 190 Gordon Avenue, Carbondale, Pennsylvania for over ten years.

    b.    Plaintiff resides alone.

Interrogatory No. 4:

List the schools Plaintiff has attended, the years attended, and indicate for each school (a) whether Plaintiff graduated; and (b) whether Plaintiff obtained any degrees, and if so, the name of each degree obtained and the year in which it was obtained.

Response No. 4:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

    1.    Carbondale High School.
        a.    Yes.
        b.    1959.
    2.    Eastern Vocational Technical School.
        a.    Yes.
        b.    LPN 1974.

Interrogatory No. 5:

State the name and address of each of Plaintiff's employers. As to each job

Plaintiff has held, state: (a) a description of the job; (b) Plaintiff's immediate supervisor;

(c) the dates each employment commenced and ended; and (d) the reasons the

employment ended.

Response No. 5:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence.  Subject to, as limited by, and without

prejudice to these objections, Plaintiff responds as follows:

      1.       Moses Taylor Hospital.
            a.      Emergency Room Nurse.
            c.      1998 to present.
      2.       Allied Services.
            a.      Nurse.
            c.      1995 to 1998.
      3.       Lackawanna Health Care Center.
            a.      Nurse.
            c.      1992-1998.

Interrogatory No. 6:

If Plaintiff has ever been involved in any other legal action, state: (a) the nature of

the action; (b) the date, place and court in which it was filed; (c) the names of the parties

involved; (d) the nature of Plaintiff's involvement; (e) the result of any judgment or

award; and (f) if the action was a class action, also state whether the class was certified

and whether Plaintiff was and remained the named Plaintiff or class representative.

Response No. 6:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

    a.    Personal injury (automobile accident).
    b.    Pennsylvania Court of Common Pleas, Lackawanna County.
    c.    Lorraine Kopa (Plaintiff), Eugene Schreiber (Defendant).
    d.    Plaintiff.
    e.    Settled for $65,000.
    f.    Not a class action.

Interrogatory No. 7:

If Plaintiff has ever been convicted of a criminal offense, state: (a) the nature of the offense; (b) the name of the court in which each such matter or proceeding was filed or prosecuted; (c) each judgment or plea entered in connection with each such offense; (d) the sentence or other punishment imposed for each such offense; and (e) the name and address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with each such offense.

Response No. 7:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

Plaintiff has never been convicted of any criminal offense.

8

Interrogatory No. 8:

State, through the date of answering these interrogatories, (a) the name and address of each physician or other health care professional who has treated or examined Plaintiff and set forth the purpose or purposes of such treatment or examination; and (b) the name and address of any hospital or other medical facility to which Plaintiff was admitted, the date of admission and date of discharge, the reasons for admission, and the nature of treatment rendered.

Response No. 8:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, and to the extent this request relates to treatment for Plaintiff's medical condition as set forth in the Complaint, Plaintiff responds:

a.    Dr. V.D. Dhaduk, 141 Salem Avenue, Carbondale, Pennsylvania;
      Dr. Thomas J. Craparo, 10 Dundaff Street, Carbondale, Pennsylvania.
b.    Moses Taylor Hospital, 700 Quincy Avenue, Scranton Pennsylvania,
      admitted April 22, 2003 for injuries received in an automobile accident.

Interrogatory No. 9:

If Plaintiff has ever consulted a psychiatrist, psychologist or other mental health professional, including, but not limited to, an individual with a Masters of Social Work ("MSW"), or undergone psychiatric or psychological examination or treatment, state: (a) the date(s) upon which the consultation, examination or treatment was given; (b) the name, address and specialty of the person performing the consultation, examination or treatment; and (c) the reason for the consultation, examination or treatment.

Response No. 9:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 10:

Identify any and all medications (whether prescription or not) or drugs (whether prescription or not) which Plaintiff took orally, by injection, through ingestion, by suppository or by external application, at any time prior to the service of the response to these interrogatories. As to each, state: (a) the brand or generic name; (b) the date or dates taken; (c) the dosage taken; (d) the nature of any reaction or side effect; (e) whether Plaintiff took the medication according to a prescription by a licensed physician or other health care professional or not; (f) the name, address and occupation of the person who prescribed the substance if applicable; (g) the reason or reasons for which the substance was prescribed or taken; (h) whether the medication was prescribed for an indication not approved by the United States Food and Drug Administration ("FDA"); and (i) if any of the medications identified were prescribed for an indication not approved by the FDA, state whether the person who prescribed the substance informed the Plaintiff that the drug was for an indication not approved by the FDA.

Response No. 10:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without

10

prejudice to these objections, and to the extent this request relates to treatment for

Plaintiff's medical condition as set forth in the Complaint, Plaintiff responds:

      a.      Neurontin.

      b-i.    Plaintiff responds that to the extent that the requested information is
available from documents within Plaintiff's possession and control, such
documents, as they relate to treatment for Plaintiff's medical condition as
set forth in the Complaint, will be produced to Defendants.

Interrogatory No. 11:

Describe in detail the nature of Plaintiff's pain and the medical care that she has

received from any physician, psychiatrist, psychologist or other mental health

professional to treat her pain, including, but not limited to: (a) the date on which Plaintiff

first learned that she suffered from pain; (b) the name and current address of each

physician, psychiatrist, psychologist or other mental health professional from whom she

has received treatment; (c) the date of each treatment; and (d) a description of the

treatment (whether it be through surgery, prescription drug, or otherwise).

Response No. 11:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to, as limited by, and without

prejudice to these objections, Plaintiff responds that to the extent that the requested

information is available from documents within Plaintiff's possession and control, such

documents, as they relate to treatment for Plaintiff's medical condition as set forth in the

Complaint, will be produced to Defendants.

11

Interrogatory No. 12

Identify each medication or drug prescribed or ingested by Plaintiff to treat her

pain, and for each describe in detail: (a) the dates the medication was taken; (b) the

dosage taken; (c) whether the medication was effective for treating Plaintiff's pain; (d)

whether Plaintiff experienced any side effects while taking the medication; (e) when

Plaintiff stopped taking the medication; and (f) why Plaintiff stopped taking the

medication.

Response No. 12:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to, as limited by, and without

prejudice to these objections, and to the extent this request relates to treatment for

Plaintiff's medical condition as set forth in the Complaint, Plaintiff responds:

> Neurontin.
> a-f.    Plaintiff responds that to the extent that the requested information is
>        available from documents within Plaintiff's possession and control, such
>        documents, as they relate to treatment for Plaintiff's medical condition as
>        set forth in the Complaint, will be produced to Defendants.

Interrogatory No. 13

Identify which, if any, of the medications identified in the response to

Interrogatory No. 12 were taken by Plaintiff for an off-label use, and for those medicines

state (a) whether Plaintiff was aware that she was taking the drug for an off-label use; (b)

how Plaintiff became aware she was taking a drug for an off-label use; and (c) when

Plaintiff became aware she was taking the drug for an off-label use.

Response No. 13:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, calls for a legal conclusion, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 14:

State whether Plaintiff ingested Neurontin, and if so identify: (a) the date on which Plaintiff started using Neurontin; (b) the date on which Plaintiff stopped using Neurontin; (c) the name of the individual(s) who prescribed the Neurontin to you, including the individual(s) current and known past business addresses and any hospital or medical group affiliation(s); (d) the date or dates on which Neurontin was prescribed to Plaintiff; (e) the indication for which the individual(s) prescribed Neurontin to Plaintiff; (f) the dosage(s) at which Neurontin was prescribed; (g) the individual(s) who dispensed Neurontin to you, including the name and address of each pharmacy, clinic or other source from which Plaintiff obtained Neurontin; (h) the dosage of Neurontin dispensed by these individual(s); and (i) the dates on which the Neurontin was dispensed to Plaintiff. The answer to this interrogatory should reflect all uses for which Plaintiff has ever been prescribed or ingested Neurontin.

Response No. 14:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without

13

prejudice to these objections, and to the extent this request relates to treatment for

Plaintiff's medical condition as set forth in the Complaint, Plaintiff responds:

Yes.
a.  Approximately October 2003.
b.  Approximately May 2004.
c.  Dr. V.D. Dhaduk, 141 Salem Avenue, Carbondale, Pennsylvania.
d.  October 23, 2003; November 11, 2003; December 29, 2003; January 25, 2004; February 23, 2004; March 17, 2004; April 25, 2004.
e.  Pain and inflammation.
f.  300 mg.
g.  CVS Pharmacy, Westside Shopping Mall, Carbondale, Pennsylvania.
h.  300 mg.
i.  October 23, 2003; November 11, 2003; December 29, 2003; January 25, 2004; February 23, 2004; March 17, 2004; April 25, 2004.

Interrogatory No. 15:

If there were any directions, instructions or warnings concerning proper use of

Neurontin provided to Plaintiff at any time, state: (a) the exact contents of such

instructions or warning; (b) the place and manner in which such directions, instructions or

warnings were given to Plaintiff; and (c) the person or person who provided such

directions, instructions or warnings.

Response No. 15:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to, as limited by, and without

prejudice to these objections, Plaintiff responds:

a.  Take one capsule at bedtime.
b.  On the prescription label.
c.  Plaintiff's pharmacist.

14

Interrogatory No. 16:

Describe in detail (a) any reasons expressed by the physician who prescribed Neurontin to Plaintiff for writing the prescription; and (b) the information, if any, the Plaintiff's physician gave to Plaintiff when he or she prescribed Neurontin to Plaintiff, whether delivered orally or in writing, including but not limited to the package insert for Neurontin.

Response No. 16:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds that to the extent that the requested information is available from documents within Plaintiff's possession and control, such documents, as they relate to treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to Defendants. Plaintiff further responds:

    a.    To relieve pain.

Interrogatory No. 17:

State whether Plaintiff or anyone Plaintiff knew, including but not limited to Plaintiff's physician(s), believed Neurontin was effective in treating Plaintiff's pain at any time, and if so, describe in detail how Neurontin was perceived to have helped, who believed Neurontin was helping, and when the person or persons had this belief.

Response No. 17:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Furthermore, Plaintiff objects to this

Interrogatory on the grounds that it seeks information not in Plaintiff's knowledge,

possession or control.

Interrogatory No. 18:

State whether you received or viewed any advertising regarding Neurontin, and if

so, describe the type and content of the advertising, the name of the advertiser, and the

dates that you viewed or heard the advertising.

Response No. 18:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to, as limited by, and without

prejudice to these objections, Plaintiff responds as follows:

No.

Interrogatory No. 19

State whether a representative of Defendant ever made any statement about

Neurontin to Plaintiff or to the physician who prescribed Neurontin to Plaintiff, and if so,

describe in detail the content of those statements, when they were made, who made them,

and the circumstances under which they were made.

Response No. 19:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

16

lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

> No representative of Defendant ever made any statement about Neurontin to Plaintiff.

Interrogatory No. 20

Describe in detail Plaintiff's knowledge that she was taking Neurontin for an off-label use, including (a) when Plaintiff first learned the use of Neurontin for pain was an off-label use; (b) how Plaintiff learned this fact; (c) who told Plaintiff this fact; (d) what, if anything, Plaintiff did upon learning this fact; and (e) whether Plaintiff identified Neurontin as being used for an off-label use on any forms or in any correspondence with any entity or person who reimbursed or was requested to reimburse Plaintiff for any costs associated with Plaintiff's ingestion of Neurontin.

Response No. 20:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, calls for a legal conclusion, seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected by the attorney-client privilege and work product doctrine.

Interrogatory No. 21

State whether the physician who prescribed Neurontin to Plaintiff (a) ever attended any seminars or events at which the use of Neurontin to treat pain, or any other off-label use, was discussed; and if so, state the date(s) of the event(s), the location of the event(s), the title of the event(s), and the subject matter discussed; and (b) ever received a grant or participated in a study whose purpose was to explore the use of Neurontin to

treat pain, or any other off-label use; and if so, describe the amount of the grant, the entity who gave the grant or sponsored the study, the purpose of the grant or study, the name of the person who received the grant or took part in the study, and the results of the grant or study.

Response No. 21:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Plaintiff objects to this Interrogatory on the grounds that it seeks information not in Plaintiff's knowledge, possession or control.

Interrogatory No. 22:

State whether there have been any communications between Plaintiff and Parke-Davis, Warner-Lambert, or Pfizer, including but not limited to online, phoned, mailed or faxed communications, including the dates of any such communications.

Response No. 22:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

No.

18

Interrogatory No. 23

Identify with specificity each injury that you contend or allege Defendants caused in any way and, if Plaintiff is still receiving treatment for injuries arising out of the matters alleged in the Complaint, state (a) the nature of such treatments; (b) the frequency of such treatments; and (c) each physician and/or health care professional who is conducting or prescribing such treatments.

Response No. 23:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds that to the extent that the requested information is available from documents within Plaintiff's possession and control, such documents, as they relate to treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to Defendants.

Interrogatory No. 24:

Itemize all damages you claim to have incurred, directly or indirectly, as a result of the allegations in your Complaint, including, but not limited to, (a) any time from work that is alleged to have been lost as a result of the matters alleged in the Complaint (and if so, each date on which time was lost and the amount of time lost; Plaintiff's wage on each such date; and the total amount of wages allegedly lost); and (b) all medical and pharmaceutical expenses, nursing expenses, and therapy and counseling expenses, including the name and address of each person who provided goods or services in connection with each such expense, the nature of the goods or services provided, the

dates of all services rendered to you or provision of goods to you, the monetary amount of each such expense or item of damages, and the name and address of the person or entity paying such obligation.

<u>Response No. 24</u>:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

> Plaintiff estimates that her out-of-pocket damages are approximately $130.93. Additionally, Plaintiff missed days of work due to headaches and fatigue caused by Neurontin.

<u>Interrogatory No. 25</u>

Describe in detail (a) the amount of money you paid for Neurontin, and describe any reimbursements by insurers, health care plans, or any other entity made to Plaintiff or directly to the physician and / or pharmacy for the costs of Neurontin; and (b) any health, medical, or other policy or policies of insurance under which you are currently covered or were covered at the time that you received Neurontin, including the nature and type of the policy; the name, address, and telephone number of the entity or plan that sponsors the policy; the amount and type of coverage provided by each policy (including information related to co-pays, coinsurance, and deductibles); the entity providing the coverage and the policy number; the effective period of the policy; and whether the coverage is provided by or through your employer, former employer, a labor organization, or otherwise.

Response No. 25:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds that to the extent that the requested information is available from documents within Plaintiff's possession and control, such documents, as they relate to treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to Defendants. Plaintiff further responds as follows:

> Plaintiff estimates that she paid $130.93 for Neurontin. Most of the cost of Neurontin was covered by Plaintiff's health insurance, but Plaintiff is unable at this time to determine the exact dollar amount that her insurance contributed towards the purchase of Neurontin.

Dated: New York, New York
June 2, 2005

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**

By: _____
Keith M. Fleischman
Ronald J. Aranoff
Jeffrey D. Lerner
10 East 40th Street, 22nd Floor
New York, NY 10016
(212) 779-1414

**Counsel for Plaintiffs**

By: /s/ Thomas M. Sobol
Thomas M. Sobol
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142
(617) 482-8200
(617) 482-3003 (fax)

**Plaintiffs' Liaison Counsel**


By: /s/ Barry Himmelstein
Barry Himmelstein, Esquire
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339


By: /s/ Don Barrett
Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095


By: /s/ Daniel Becnel, Jr.
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084


By: /s/ James Dugan
James Dugan, Esquire
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130


By: /s/ Thomas Greene
Thomas Greene Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

**Members of the Class Plaintiffs'
Steering Committee**

## CERTIFICATION OF PLAINTIFF LORRAINE KOPA

I, LORRAINE KOPA, of full age, hereby certify that the facts set forth in the foregoing responses to Defendants' First Set of Interrogatories are true.  I am aware that if any of the foregoing factual statements made by me are willfully false, I am subject to punishment.

Dated: June 2, 2005

LORRAINE KOPA