UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ) ) ALL ACTIONS ) ) ) | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

**PRODUCTS LIABILITY PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE SOROKIN'S JANUARY 31, 2006 ORDER STAYING DISCOVERY**

Products Liability Plaintiffs respectfully object to the Order Staying Discovery by Magistrate Judge Leo T. Sorokin, dated, entered and served by electronic means on January 31, 2006.

A.   **Plaintiffs' Objections Are Timely**

Plaintiffs' Objections have been timely served and filed. Objections to a magistrate judge's order concerning non-dispositive pretrial matters must be served and filed within 10 days after being served with a copy of the order. See Fed. R. Civ. P. 72(a); Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts. When the period of time prescribed or allowed by Rule 72(a) and Rule 2(b) is less than 11 days, intermediate Saturdays, Sundays and legal holidays are excluded from the computation. Fed. R. Civ. P. 6(a); see Dreyer v. Ryder Automotive Carrier Group, Inc., 367 F. Supp. 2d 413, 415 (W.D.N.Y. 2005). Service of the Order by electronic means under Rule 5(b)(2)(D) further extends the period of time by an additional three days, for a total of 17

calendar days, to February 17, 2006. See Fed. R. Civ. P. 6(e); Dixon v. Sullivan, 28 Fed. Appx. 810, 812, 2001 U.S. App. LEXIS 24844 (10th Cir. 2001); Berman v. Congressional Towers Ltd. Partnership - Section 1, 325 F. Supp. 2d 590, 593 (D. Md. 2004); Crust v. Barnhart, 2004 U.S. Dist. LEXIS 7855 (D. Kan. 2004).

B.  **Standard of Review**

A district court may modify or set aside any portion of a magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); Rule 2(b) of the Rules for U.S. Magistrate Judges in the U.S. District Court for the District of Massachusetts; In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc., 400 F. Supp. 2d 386, 2005 U.S. Dist. LEXIS 29846 at *3 (D. Mass. 2005); VLT, Inc. v. Lucent Techs., Inc., 2003 U.S. Dist. LEXIS 723 at *3, 54 Fed. R. Serv. 3d 1319 (D. Mass. 2003).

C.  **This Court Should Reverse the Order Staying Discovery**

Although a magistrate judge has discretion to stay discovery in an appropriate case, such a stay is neither automatic nor routine. Digital Equip. Corp. v. Currie Enters., 1992 U.S. Dist. LEXIS 17718 at *2 (D. Mass. 1992).

Magistrate Judge Sorokin's Order Staying Discovery is brief and states in full:

> The Court has issued its Report and Recommendation on Defendants' Motions to Dismiss the Class and Coordinated Complaints. In light of my recommendations, I hereby STAY all discovery, except the individualized discovery in the personal injury actions, pending Judge Saris' ruling on the Motion to Dismiss.
>
> Accordingly, I DENY as moot at this time Defendants' Motion for Protective Order Concerning Scope of Discovery (Docket #161), Plaintiffs' Motion to Compel Production of Documents Created After December 31, 1998 (Docket #172), and Defendants' Motion to Compel (Docket #261).

2

Products Liability Plaintiffs object to Magistrate Judge Sorokin's Order denying as moot at this time Defendants' motion for a protective order concerning the scope of discovery, and Plaintiffs' motion to compel production of documents created after December 31, 1998. Products Liability Plaintiffs were included in these discovery motions. Plaintiffs' counsel submitted opposition papers and was present for oral argument on August 1, 2005. However, the Magistrate Judge did not render a substantive decision as to the issues in dispute to the extent they affected the Product Liability Plaintiffs. This is inconsistent with counsel's understanding of the guidance provided at the oral argument on August 1, 2005, when Magistrate Judge Sorokin stated the following regarding his intentions to coordinate litigation and resolve discovery issues at one time:

> If it's a discovery motion, if they file a discovery motion, either you're going to tell them that plaintiffs' class steering committee, if you say you have common interests, you say fine, then they say in their motion, your steering committee joins in it and that's done, or if you have something that you want to address that's a wrinkle in it, then you can address it at the same time it's being briefed. <u>When I issue a decision, I'll issue a decision that encompasses your input on the issue</u> . . . it gives them the opportunity to voice the potentially differing interests but <u>we're only dealing with it once</u>. [Tr. p. 86 (emphasis added) (Docket #229).]
>
> <u>There's simply one decision and one time period for filing for anything</u>. [Tr. p. 89) (emphasis added).]
>
> [I]f there is an issue about the scope of the discovery and say it relates to sales and marketing, I'm not going to preclude them on weighing [in] at the time as to a motion to compel or what have you, whatever the perspective, vis-à-vis that affects sales and marketing. [Tr. p. 90.]
>
> [I]n part I understand what they're saying, they're seeking some of that discovery vis-à-vis personal injury claims . . . and rather than waiting until the quagmire . . . <u>I'll issue one order</u>. [Tr. p. 91) (emphasis added).]

Given the above statements, Products Liability Plaintiffs object to the Magistrate Judge's denial of the aforementioned discovery motions as "moot". These issues were — and continue to be — ripe for review.

Products Liability Plaintiffs further object as ambiguous and prejudicial to Plaintiffs, Magistrate Judge Sorokin's directive that "I hereby STAY all discovery, except the individualized discovery in the personal injury actions." Since July 23, 2005, Plaintiffs have been working in accordance with the Magistrate Judge's Order that each case was stayed except for automatic disclosure, and discovery would pertain to common matters while individual discovery was stayed. Now, Magistrate Judge Sorokin has ordered that all discovery is stayed, except for the individualized discovery of personal injury cases. At this time, and after conferring with Defendants' counsel, the parties do not understand the scope of discovery contemplated by this ambiguous language. Plaintiffs interpret this language to require all parties to engage in discovery for each individual personal injury plaintiff's action. This requires Plaintiffs to provide discovery to Defendants and Defendants to provide discovery to Plaintiffs. Thus, if each plaintiff must now provide individual responses to interrogatories and document requests propounded by Defendants, then Defendants should now provide meaningful responses to interrogatories and document requests served by Plaintiffs. Unfortunately, because Magistrate Judge Sorokin has denied as moot the above-referenced discovery motions, the parties have little guidance as to the scope of discovery, and the parties are essentially left in the same position they were in as of the date of oral argument on August 1, 2005, more than six months ago.

In denying defendant's motion for a stay of discovery in Digital Equip. Corp. v. Currie Enters., 1992 U.S. Dist. LEXIS 17718, Magistrate Judge Marianne B. Bowler noted: "Fairness to all parties involved as well as the possible prejudice to the plaintiff dictates that discovery

4

proceed in an efficient and expeditious manner in this complicated civil RICO suit involving allegations dating back to 1984." Id. at *2. Similarly, the instant complex litigation involves allegations of fraudulent conduct by Defendants dating back to 1995, and one of the "moot" motions involves production of documents created after December 31, 1998.

We also note that in view of the tight discovery schedule and the extended time that the discovery motions were pending before Magistrate Judge Sorokin issued his recent Orders on January 31, 2006, the Class and Coordinated Plaintiffs felt compelled to file an Emergency Motion for Protective Order Concerning Depositions of Consumer Class Representatives' Treating Physicians was filed coincidentally that same day, January 31, 2006 (Document #267). The next day, Magistrate Judge Sorokin issued an electronic order denying the Emergency Motion, also as moot, in light of the Order Staying Discovery entered the previous day. (See Docket Entry on 02/01/2006.)

### Conclusion

Products Liability Plaintiffs will be substantially prejudiced if full discovery is further delayed and limited in the ambiguous manner directed by Magistrate Judge Sorokin in the Order Staying Discovery. Accordingly, it is submitted that the Order Staying Discovery is clearly erroneous and should be reversed.

## REQUEST FOR ORAL ARGUMENT

Products Liability Plaintiffs believe that oral argument may assist the Court and wish to be heard. Therefore, they respectfully request a hearing on these objections.

Dated: February 15, 2006

Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By: **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY 12550

By: **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
& Associates
106 E. 6th Street, Suite 700
Austin, TX 78701