UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ) ) ALL ACTIONS ) ) ) | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

**PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO MAGISTRATE JUDGE SOROKIN FOR RECONSIDERATION OF ORDER STAYING DISCOVERY**

This memorandum is respectfully submitted in support of Products Liability Plaintiffs' motion for reconsideration of the Order Staying Discovery, by Magistrate Judge Leo T. Sorokin, dated and entered on January 31, 2006.

A. **This Court May Reconsider Its Order Staying Discovery**

A magistrate judge has the inherent power to reconsider its own interlocutory order. Kelly v. Keystone Shipping Co., 281 F. Supp. 2d 313, 318 (D. Mass. 2003); see also In re Villa Marina Yacht Harbor, Inc., 984 F.2d 546, 548 (1st Cir. 1993) (a district court possesses the inherent power, not governed by rule or statute, to reconsider its orders). Indeed, it has been noted that: "Not only is a motion to reconsider an allowable method of reviewing a prior order, it is the most appropriate and advantageous method of seeking relief from an interlocutory order for a party to pursue." Fisher v. National R.R. Passenger Corp., 152 F.R.D. 145, 149 (S.D. Ind. 1993).

B.  **Standard of Review**

"Ordinarily, when faced with a motion to reconsider, the court applies an interest of justice analysis." Shabazz v. Cole, 69 F. Supp. 2d 210, 226 (D. Mass. 1999).

C.  **This Court Should Reconsider the Order Staying Discovery, And, Upon Reconsideration, Grant Further Broader Discovery**

Although a magistrate judge has discretion to stay discovery in an appropriate case, such a stay is neither automatic nor routine. Digital Equip. Corp. v. Currie Enters., 1992 U.S. Dist. LEXIS 17718 at *2 (D. Mass. 1992).

The Court's Order Staying Discovery is brief and states in full:

> The Court has issued its Report and Recommendation on Defendants' Motions to Dismiss the Class and Coordinated Complaints. In light of my recommendations, I hereby STAY all discovery, except the individualized discovery in the personal injury actions, pending Judge Saris' ruling on the Motion to Dismiss.
>
> Accordingly, I DENY as moot at this time Defendants' Motion for Protective Order Concerning Scope of Discovery (Docket #161), Plaintiffs' Motion to Compel Production of Documents Created After December 31, 1998 (Docket #172), and Defendants' Motion to Compel (Docket #261).

Products Liability Plaintiffs object to this Court's Order denying as moot at this time, Defendants' motion for a protective order concerning the scope of discovery, and Plaintiffs' motion to compel production of documents created after December 31, 1998. Products Liability Plaintiffs were included in these discovery motions. Plaintiffs' counsel submitted opposition papers and were present for oral argument on August 1, 2005. However, the Court did not render a substantive decision as to the issues in dispute to the extent they affected the Product Liability Plaintiffs. This is inconsistent with counsel's understanding of the guidance provided at

2

the oral argument on August 1, 2005, when the Court stated the following regarding this Court's intentions to coordinate litigation and resolve discovery issues at one time:

> If it's a discovery motion, if they file a discovery motion, either you're going to tell them that plaintiffs' class steering committee, if you say you have common interests, you say fine, then they say in their motion, your steering committee joins in it and that's done, or if you have something that you want to address that's a wrinkle in it, then you can address it at the same time it's being briefed. <u>When I issue a decision, I'll issue a decision that encompasses your input on the issue</u> . . . it gives them the opportunity to voice the potentially differing interests but <u>we're only dealing with it once</u>. [Tr. p. 86 (emphasis added) (Docket #229).]
>
> <u>There's simply one decision and one time period for filing for anything</u>. [Tr. p. 89) (emphasis added).]
>
> [I]f there is an issue about the scope of the discovery and say it relates to sales and marketing, I'm not going to preclude them on weighing [in] at the time as to a motion to compel or what have you, whatever the perspective, vis-à-vis that affects sales and marketing. [Tr. p. 90.]
>
> [I]n part I understand what they're saying, they're seeking some of that discovery vis-à-vis personal injury claims . . . and rather than waiting until the quagmire . . . <u>I'll issue one order</u>. [Tr. p. 91) (emphasis added).]

Given the above statements, Products Liability Plaintiffs request reconsideration of this Court's denial of the aforementioned discovery motions as "moot". These issues were — and continue to be — ripe for review.

Products Liability Plaintiffs further seek reconsideration as ambiguous and prejudicial to Plaintiffs, this Court's directive that "I hereby STAY all discovery, except the individualized discovery in the personal injury actions," and Plaintiffs request clarification of this ruling. Since July 23, 2005, Plaintiffs have been working in accordance with the Court's Order that each case was stayed except for automatic disclosure, and discovery would pertain to common matters while individual discovery was stayed. Now, the Court has ordered that all discovery is stayed,

3

except for the individualized discovery of personal injury cases. At this time, and after conferring with Defendants' counsel, the parties do not understand the scope of discovery contemplated by this ambiguous language. Plaintiffs interpret this language to require all parties to engage in discovery for each individual personal injury plaintiff's action. This requires Plaintiffs to provide discovery to Defendants and Defendants to provide discovery to Plaintiffs. Thus, if each Plaintiff must now provide individual responses to interrogatories and document requests propounded by Defendants, then Defendants should now provide meaningful responses to interrogatories and document requests served by Plaintiffs. Unfortunately, because the Court has denied as moot the above-referenced discovery motions, the parties have little guidance as to the scope of discovery, and the parties are essentially left in the same position they were in as of the date of oral argument on August 1, 2005, more than six months ago.

In Digital Equip. Corp. v. Currie Enters., 1992 U.S. Dist. LEXIS 17718, Magistrate Judge Marianne B. Bowler denied defendant's motion for a stay of discovery, and noted that: "Fairness to all parties involved as well as the possible prejudice to the plaintiff dictates that discovery proceed in an efficient and expeditious manner in this complicated civil RICO suit involving allegations dating back to 1984." Id. at *2. Similarly, the instant complex litigation involves allegations of fraudulent conduct by Defendants dating back to 1995, and one of the "moot" motions involves production of documents created after December 31, 1998.

We also note that in view of the tight discovery schedule and the extended time that the discovery motions were pending before this Court issued its recent Orders on January 31, 2006, the Class and Coordinated Plaintiffs felt compelled to file an Emergency Motion for Protective Order Concerning Depositions of Consumer Class Representatives' Treating Physicians, coincidentally that same day, January 31, 2006 (Document #267). The next day, this Court

4

issued an electronic order denying the Emergency Motion, also as moot, in light of the Order Staying Discovery entered the previous day. (See Docket Entry on 02/01/2006.)

### Conclusion

Products Liability Plaintiffs will be substantially prejudiced if full discovery is further delayed and limited in the ambiguous manner directed by this Court in the Order Staying Discovery. Accordingly, it is requested that, in the interests of justice this Court reconsider the Order Staying Discovery, and grant further broader discovery.

Dated: February 15, 2006            Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*

By:    /s/ **Andrew G. Finkelstein**
            Andrew G. Finkelstein, Esquire
            Finkelstein & Partners, LLP
            436 Robinson Avenue
            Newburgh, NY 12550

By:    /s/ **Jack W. London**
            Jack W. London, Esquire
            Law Offices of Jack W. London
               & Associates
            106 E. 6th Street, Suite 700
            Austin, TX 78701