UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ) ) ALL ACTIONS ) ) | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

**PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF CASE MANAGEMENT ORDER NO. 5**

This memorandum is respectfully submitted in support of Products Liability Plaintiffs' motion for entry of Case Management Order No. 5 ("CMO5") (see proposed CMO5, attached hereto as Exhibit A), providing for an additional provision, under "V. Further Case Schedule" of Case Management Order No. 4 ("CMO4"), directing establishment of a Defendants' Case Profile Form (attached to proposed CMO5 as Exhibit A), to be completed by Defendants for each individual Products Liability Plaintiff's action. The addition of this provision would streamline discovery and promote judicial economy.

Following the oral argument before the Court on August 1, 2005, the parties have continued to engage in global discovery, with the exception of those materials that were the subject of the parties' disputes over the production of sales and marketing documents created after December 31, 1998.[1] Counsel for Products Liability Plaintiffs and Defendants have conferred on a particularized discovery schedule as well as a Defendants' Case Profile. The

---

[1] This Court, on January 31, 2006, in the Order Staying Discovery, denied as moot the aforementioned motions, and so the disputes have not been resolved; Products Liability Plaintiffs have filed objections to the Court's order on the grounds that the substantive issues of the motions are ripe for a substantive decision by the Court.

parties have been unable to reach agreement, not only as to the scope of discovery, but to the timing of discovery as well. On January 31, 2006, the Court ordered that Products Liability Plaintiffs could proceed with individualized discovery. (See Order, Docket #270.) Thereafter, counsel for Products Liability Plaintiffs and Defendants again conferred regarding Plaintiffs' pursuit of a particularized discovery schedule and a Defendants' Case Profile for each Products Liability Plaintiff's action. Unfortunately, counsel have been unable to reach an agreement.

## Defendants' Case Profile

The proposed Defendants' Case Profile is consistent with the discovery required of Defendants under the general provisions of Rule 26 of the Federal Rules of Civil Procedure. The language for the requested provision establishing a Defendants' Case Profile is as follows:

> Defendants shall provide to Products Liability Plaintiffs via supplemental disclosure pursuant to Rule 26(a), <u>within 60 days</u> from service of an individual Plaintiff's automatic disclosure, a completed Defendants' Case Profile, a sample of which is attached hereto as Exhibit A. For those cases where a Plaintiff's automatic disclosure has been previously served upon Defendants, Defendants <u>shall have 30 days</u> from entry of this Case Management Order to make such disclosure.

The Defendants' Case Profile reflects the Court's order to proceed with individualized discovery until such time as the Court resolves the parties' disputes over global discovery issues. It is submitted that the Defendants' Case Profile will facilitate discovery in an efficient manner and will streamline the discovery sought by individual Plaintiffs.

Noteworthy, such Case Profile Forms are not uncommon in mass torts litigation. Most recently, in the Vioxx Mass Tort Litigation venued in New Jersey state court, the Court ordered the establishment of a Case Profile Form substantially similar to the form proposed here. (See Exhibit B, attached hereto) Moreover, Plaintiffs have invited defense counsel to propose a

2

Plaintiffs' Fact Sheet with the hope that they too would streamline discovery in this action for the benefit of all parties involved.

## Conclusion

For the reasons set forth above, Products liability Plaintiffs request that this Court approve and enter CMO5 and establish the Defendants' Case Profile Form, attached hereto as Exhibit A, to be completed by Defendants for each individual Products Liability Plaintiff's action.

Dated: February 15, 2006

Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By: __/s/ Andrew G. Finkelstein__
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY 12550

By: __/s/ Jack W. London__
Jack W. London, Esquire
Law Offices of Jack W. London
  & Associates
106 E. 6th Street, Suite 700
Austin, TX 78701

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

### [PROPOSED] CASE MANAGEMENT ORDER NO. 5 RELATING TO PRODUCTS LIABILITY PLAINTIFFS

WHEREAS, on January 31, 2006, the Court ordered a stay of all discovery except the individualized discovery in the personal injury actions; and

WHEREAS, in order to provide for the efficient pursuit of individualized discovery by Products Liability Plaintiffs and Defendants, the Court finds that it would be appropriate to add a provision, under "V. Further Case Schedule" of Case Management Order No. 4, so as to establish the use of a Defendants' Case Profile Form (attached hereto as Exhibit A). Accordingly,

IT IS HEREBY ORDERED, that the following provision be added to Case Management Order No. 4:

> Defendants shall provide to Products Liability Plaintiffs via supplemental disclosure pursuant to Rule 26(a), <u>within 60 days</u> from service of an individual Plaintiff's automatic disclosure, a completed Defendants' Case Profile, a sample of which is attached hereto as Exhibit A. For those cases where a Plaintiff's automatic disclosure has been previously served upon Defendants, Defendants <u>shall have 30 days</u> from entry of this Case Management Order to make such disclosure.

**SO ORDERED:**

                                                                           LEO T. SOROKIN
                                                                           United States Magistrate Judge

Dated: _____