**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

## DEFENDANTS' CASE PROFILE

For each case, Defendants must provide responses to the questions below and serve said responses on all counsel in the action identified in Section A below. This must be answered and served no later than 60 days after the date that Plaintiff's Rule 26(a) automatic disclosure has been served on Defendants.

A.    Case Information

    This Case Profile pertains to the following action:

    Case Caption: _____

    Civil Action Number: _____

    Court in which action was originally filed: _____

B.    Name and Address of all person(s) who provided information responsive to the questions posed in this Case Profile Form:

    _____
    (Name)

    _____
    (Address)

    _____

C.  <u>Contacts With Dispensing Healthcare Provider</u>

For each healthcare provider who prescribed or dispensed Neurontin to Plaintiff (hereinafter "Prescribing Healthcare Provider"), please state and, where requested, provide the following:

1.  Dear Doctor or Dear Healthcare Provider Letters.

   a.  For each "Dear Doctor" or "Dear Healthcare Provider" letter that was sent to Plaintiff's prescribing healthcare provider:

      i.    attach a copy of each letter;
      ii.   attach a copy of each non-privileged draft of each letter;
      iii.  identify the database or location in which each letter is maintained;
      iv.   identify the individual(s) responsible for drafting and approving each letter and the department(s) in which they were employed;
      v.    attach a copy of any attachment that was provided with each letter.

2.  Other Contact with the Prescribing Healthcare Provider(s)

   a.  For each prescribing healthcare provider previously identified by Plaintiff, please identify all contacts between Defendants' sales representatives and that provider as follows:

      i.    Identity and last known address of Defendants' sale representative;
      ii.   The current employment position, if any, of said sales representative;
      iii.  Produce that portion of the sales call database(s) that reflect the contacts by Defendants' sales representatives with Plaintiff's prescribing healthcare providers;

   b.  For each prescribing healthcare provider previously identified by Plaintiff, please identify all contacts between Defendants' medical liaisons, if any, and that provider as follows:

      i.    Identity and last known address of Defendants' medical liaisons;
      ii.   The current employment position, if any, of said medical liaison;
      iii.  Produce documents sufficient to show the date(s) of contact, if any.

   c.  For each Defendants' sales representative and medical liaison identified above, please identify and produce his/her custodial files, including all traditional "paper" documents, and computer files pertaining to Neurontin.

2

d.  For each Defendants' sales representative and medical liaison identified above, please identify and produce any and all sales call notes or other documents that reflect or refer to any communications with any of Plaintiff's prescribing healthcare providers.

e.  For each Defendants' sales representative and medical liaison identified above, please identify and produce all documents regarding Neurontin that were discussed with or provided to Plaintiff's prescribing healthcare provider, if any.

f.  For each Defendants' sales representative and medical liaison identified above, please state whether he/she has been investigated and/or reprimanded for his/her marketing practices pertaining to Neurontin either by Defendants or any governmental agency. If your answer is "yes," please state whether the investigation is complete and the results of the investigation; identify and produce all documents which refer to the investigation or reprimand.

g.  For each Defendants' sales representative and medical liaison identified above, please identify and produce all documents reflecting said individuals' earnings related to the sales and marketing of Neurontin.

h.  For each prescribing healthcare provider, please state whether Defendants or their representatives ever provided the healthcare provider (or anyone in the practice) Neurontin samples. If the answer is "yes," please state the following:

i.    The number of sample packets provided and the dosages provided;
ii.   The dates that they were shipped and/or provided;
iii.  The identity of the person or persons who provided the samples.
Note: Please attach hereto any copy or copies of the packaging and package inserts, if any, that correspond to the samples that were provided.

C.  <u>Consulting With Plaintiff's Dispensing Healthcare Provider</u>

1.  If you have retained any of Plaintiff's prescribing healthcare providers as a member of Defendants' speaker program, clinical investigator, or consultant relating to Neurontin and either its approved indications or "off label" uses, please state the following:

a.  The identity of the healthcare provider;
b.  The dates that the healthcare provider was retained;
c.  Any materials prepared by the defendants addressed to or for use by the healthcare provider (letters,

3

outlines, journal articles, studies, marketing materials);

    d.    The compensation provided by Defendants to the healthcare consultant (expenses, honoraria, or fees of any kind).

2.    Please state whether any of Plaintiff's prescribing healthcare providers were ever invited to attend and/or did in fact attend any consultant meetings, CMEs, or promotional events sponsored by Defendants pertaining to Neurontin. If your answer is "yes," please state the following:

    a.    The identity of the healthcare provider;

    b.    The title, location and date of the meeting/event attended;

    c.    The topic of the meeting/event;

    d.    Please provide or identify the agenda/brochure, if any, for the meeting/event;

    e.    Please provide a copy or duplicate of any promotional or written materials that were distributed at the meeting/event.

3.    Has Plaintiff's prescribing healthcare provider ever contacted Defendants to request information concerning Neurontin?

If the answer is "yes," please identify and attach any document which refers to Defendants' communications with Plaintiff's prescribing healthcare provider.

D.    <u>Plaintiff's Prescribing Healthcare Provider's Prescribing Practices</u>

1.    Do you have or have you had access to any database or information which purports to track any of Plaintiff's prescribing healthcare provider's prescribing practices with respect to Neurontin (including, but not limited to the number of prescriptions, the number of refills, and the timeframe when these products were prescribed or (re)filled?
If your answer is "yes," please identify and produce the database of documents which reflects this information.

E.    <u>Plaintiff's Medical Condition</u>

1.    Have you been contacted by Plaintiff, any of his/her healthcare providers, or any other individual or entity on behalf of or concerning Plaintiff?
If your answer is "yes," please provide the following information:

    a.    name of the person(s) who contacted you;

4

b.   the person(s) who were contacted including their name, employment position with Defendants, or if no longer employed then their last known address and telephone number; and

c.   identify and produce all documents which reflect any communication between any person or entity and you concerning the Plaintiff.

2.   Please provide a copy of any MedWatch form which refers or relates to Plaintiff.

3.   Please provide records, relating to Plaintiff, from Defendants' adverse event database pertaining to Neurontin, as well as relevant supporting documents reflecting the entry of such records into the database, to the extent such records can be identified.

F.   <u>Advertising</u>

1.   Did Defendants ever advertise Neurontin to the Plaintiff's physician by virtue of print ads, dear doctor letters, or physician oriented "leave behinds" at any timeframe before or during Plaintiff's prescription period for Neurontin?

2.   If your answer to the preceding question is "yes," please identify and produce the document(s) reflecting such advertisement, the media outlet (i.e., medical journal, direct mailing, etc.), the dates that the advertisements ran, and the cost of the advertising campaign.

3.   If your answer to question F,1 above is "yes," please provide true and accurate copies of any advertisement identified above.

## **CERTIFICATION**

I hereby certify that the foregoing responses provided in this Defendant Case Profile Form are true and correct to the best of my knowledge and recollection and that I have supplied all requested documents to the extent that such documents are in my possession, custody and control (including the custody and control of my lawyers). I am aware that if any of the foregoing is willfully false, I may be subject to punishment.

_____          _____          _____

Signature                                      Print Name                                      Date

# EXHIBIT B

# LexisNexis

P.O. Box 4655
Portland, OR 97208-4655

*10271803*31485+11*
0002207 0190404

Finkelstein & Partners LLP
50 Park Place 10th Fl
Newark, NJ 07102

A registered user of LexisNexis® File & Serve has instructed us
to deliver the attached documents to you.

If you believe you have received this letter in error, please
contact LexisNexis Customer Service at 1-888-529-7587.

For written inquiries: File & Serve Business Operations, 13427
NE 16th St, Bellevue, WA 98005

---

To:  Kenneth Fromson Esq
From:  LexisNexis File & Serve
Subject: Service of Documents in Vioxx Master Case

Please distribute this notice to the attorneys in your firm indicated in the "To:" line above.

You are being served documents that have been electronically submitted in Vioxx Master Case through
LexisNexis File & Serve. The details for this transaction are listed below.

Court:     NJ Superior Court E-Service-Vioxx
Case Name:  Vioxx Master Case
Case Number:  MC
Transaction ID:  10271803
Document Title(s):
 Proposed Order Reflecting the Rulings Made at the December 15, 2005 Case Management Conference. (12
pages)
Authorized Date/Time:  Jan 17 2006  4:38PM EST
Authorizing Attorney:  Michelle Yeary
Authorizing Attorney Firm: Dechert LLP
Sending Parties:
 14 parties
Served Parties:
 Plaintiff

Check for additional details (and view the documents) online at:
https://fileandserve.lexisnexis.com/Login/Login.aspx?FI=10271803 (subscriber login required)

You are not currently a subscriber to the LexisNexis File & Serve Service. Subscribing to LexisNexis
File & Serve allows you to file and serve in Vioxx Master Case electronically. Signing up is fast and
easy. Visit us at http://www.LexisNexis.com/FileAndServe and click "Sign Up" to begin.

If you have not received all documents (1) for this transaction or believe you have received this
message in error, please contact LexisNexis Customer Service by phone at 1-888-529-7587.



**Dechert**
LLP

Princeton Pike Corporate Center
P.O. Box 5218
Princeton, NJ 08543-5218
+1 609 620 3200 Main
+1 609 620 3259 Fax
www.dechert.com

Delivery Address:
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Suite 210
Lawrenceville, NJ 08648-2317



Jan 17 2006
4:38PM

MICHELLE HART YEARY

michelle.yeary@dechert.com
+1 609 620 3277 Direct
+1 215 761 0672 Fax

January 17, 2006

**VIA LEXIS-NEXIS FILE & SERVE AND FEDERAL EXPRESS**

Honorable Carol E. Higbee, P.J.Cv.
Atlantic County Superior Court
Civil Courthouse, Chambers 339E
1201 Bacharach Boulevard
Atlantic City, NJ 08401

Re: VIOXX® Litigation

Dear Judge Higbee:

I have prepared a proposed Order reflecting the rulings made at the December 15, 2005 case management conference.

Merck hereby submits this proposed Order under the Five Day Rule. If no objection is received within that time, Merck requests that Your Honor sign and enter the Order as proposed.

Respectfully submitted,

Michelle Hart Yeary

Enclosures

A Pennsylvania Limited Liability Partnership

Boston Charlotte Harrisburg Hartford New York Newport Beach Palo Alto Philadelphia Princeton San Francisco Washington DC
Brussels Frankfurt London Luxembourg Munich Paris

LAW OFFICES
**DECHERT LLP**
A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
PRINCETON PIKE CORPORATE CENTER
(MAIL TO)         P.O. BOX 5218, PRINCETON, NEW JERSEY 08543-5218
(DELIVER TO)      997 LENOX DRIVE, BUILDING THREE, SUITE 210
                  LAWRENCEVILLE, NEW JERSEY 08648
                  (609) 620-3200

**HUGHES HUBBARD & REED LLP**
A NEW YORK LIMITED LIABILITY PARTNERSHIP
101 HUDSON STREET, SUITE 3601
JERSEY CITY, NEW JERSEY 07302-3918
(201) 536-9220

ATTORNEYS FOR DEFENDANT MERCK & CO., INC.

| | |
|---|---|
| In re: VIOXX® LITIGATION | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, ATLANTIC CO. |
| | CASE CODE 619 |
| | CIVIL ACTION |
| APPLICABLE TO ALL CASES | ORDER |

**THIS MATTER** having been brought before the Court at a case management conference on December 15, 2005, and counsel for plaintiffs and counsel for defendant having been present and for good cause shown,

IT IS on this ___ day of _____, 2006,

**ORDERED** as follows:

1.   Oral argument on Defendants' Motion to Stay in *Pearlstein v. Gilmartin and Stein v. Gilmartin* is set for January 19, 2006 at 10:00 am.

2.   The Merck Profile Form, a defendant's fact sheet implemented in the MDL, is hereby approved for use in all New Jersey Vioxx actions and attached hereto as Exhibit "A."

The form and content of the Merck Profile Form shall track that which is used in MDL. For cases in which a Plaintiff Fact Sheet is served after entry of this Order, Defendant shall be required to provide a Merck Profile Form within 90 days of receipt of a materially complete and verified Plaintiff's Fact Sheet. For cases served prior to the entry of this Order, the parties shall meet and confer regarding a staggered production schedule.

3.    With respect to *Cona v. Merck & Co., Inc.*, ATL-L-403-05 and *McDarby v. Merck & Co., Inc.*, ATL-L-1296-05, Merck shall provide the types of information sought by the Merck Profile Form by January 13, 2006. With respect to *Doherty v. Merck & Co., Inc.*, ATL-L-638-05; *Hatch v. Merck & Co., Inc.*, ATL-L-403-05; *Klug v. Merck & Co., Inc.*, ATL-L-633-05; *LoPresti v. Merck & Co., Inc.*, ATL-L-5960-05 and *McFarland v. Merck & Co., Inc.*, ATL-L-199-04, Merck shall provide the types of information sought by the Merck Profile Form by January 31, 2006.

4.    In those actions filed in the name of a proposed administrator, an amended complaint naming the administrator of the decedent's estate (or other legally cognizable parties) shall be filed within 60 days of the entry of this Order, or, with respect to any such actions which may be filed after the entry of this Order, within sixty days of filing. If an amended complaint on behalf of proper parties is not filed within this time frame, Merck may submit an order to dismiss said action without prejudice, which shall be granted if the Plaintiff fails to respond within five days. The order of dismissal without prejudice shall indicate that the actions are subject to dismissal with prejudice if an amended complaint is not filed in the name of a proper party within 90 days of the entry of dismissal without prejudice. If an amended complaint is not filed within 90 days of the entry of dismissal without prejudice, Merck may submit an order to

2

dismiss said action with prejudice, which shall be granted if the Plaintiff fails to respond within five days.

5.      To the extent difficulties are encountered collecting medical records from particular medical providers, the Court pre-authorizes the use of records subpoenas returnable in five days.

_____
Honorable Carol E. Higbee, P.J.Cv.

# EXHIBIT A

In Re: VIOXX® LITIGATION

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ATLANTIC COUNTY

Case Code No. 619

**DEFENDANT MERCK CASE PROFILE FORM**

For each case, Defendant Merck must complete this Case Profile Form. This Case Profile Form must be completed and served on all counsel in the action identified in Section I below.

You should attach additional sheets of paper if that is necessary to completely answer the following questions.

I.    **CASE INFORMATION**

This defendant fact sheet pertains to the following case:

Case caption:                    _____

Docket No.:                      _____

Name and Address of all person(s) who provided information responsive to the questions posed in this fact sheet:

A:

_____
(Name)

_____
(Address)

_____

## II.    CONTACTS WITH DISPENSING HEALTH CARE PROVIDER

In Section II(A) of the Amended Plaintiff's Fact Sheet, plaintiff identified persons or entities who prescribed or dispensed Vioxx to plaintiff (hereinafter "Prescribing Health Care Provider"). For each prescribing health care provider identified, please state and, where requested, provide the following:

### A.    DEAR DOCTOR OR DEAR HEALTHCARE PROVIDER LETTERS

1. For each "Dear Doctor" or "Dear Healthcare Provider" letter that you contend was *actually sent* to plaintiff's prescribing health care provider, please: a.) identify the letter sent; b.) state the date that each letter was actually sent to plaintiff's dispensing health care provider; c.) state the person to whom each letter was actually sent; d.) state the address where it was sent; e.) identify the database or documents that demonstrate these facts; and f.) identify the persons who provided information responsive to this request.

---

*NOTE: Please attach hereto a copy of each letter allegedly sent to plaintiff's dispensing health care provider.*

2. In addition, Merck will identify any Professional Information Request letters that Merck contends or believes were actually sent to the Plaintiff's Prescribing Health Care Provider identified in Section II(A) of the Amended Plaintiff's Fact Sheet within the relevant time period set forth above. Merck will also identify: (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

### B.    OTHER CONTACTS

1. For each prescribing health care provider identified, please identify all contacts between Merck sales representatives and that provider please produce the following information:

| Plaintiff's Dispensing Health Care Provider | Identity and last known address and telephone number Merck representative | The current relationship, if any, between Merck and the sales representative | Date(s) of Contact |
|---|---|---|---|
|  |  |  |  |

2.    For each prescribing health care provider, please state whether Merck or its representatives ever provided him or her (or anyone in their practice) Vioxx samples. If the answer is "yes" please state:

    A)    <u>The number or sample packets provided and the dosages provided;</u>

    B)    <u>The dates that they were shipped and/or provided;</u>

    C)    <u>The lot numbers for the samples provided on each date identified;</u>

    D)    <u>The identity of the person or persons who provided the samples.</u>

3.    Please identify the person or persons who provided information responsive to Section II or any of its subparts.

C.    <u>Consulting With Plaintiff's Dispensing Health Care Provider</u>

1.    In Section II(A) of the Amended Plaintiff's Fact Sheet, plaintiff identified his/her prescribing health care provider(s). If you have ever retained any of plaintiff's prescribing health care providers as a "thought leader," a member of Merck's Speaker Program, a Merck Clinical Investigator, or a consultant in any other capacity on the subject of pain medications (including Vioxx, Celebrex, Bextra or any other NSAID) or cardiovascular risk, please state:

    A)    <u>The identity of the heath care provider consultant;</u>

        _____

    B)    <u>The dates they were affiliated with Merck;</u>

        _____

    C)    <u>The amount of money Merck paid in expenses, honoraria and fees, per calendar year;</u>

        _____

    D)    <u>Please identify or produce all consulting agreements and contracts.</u>

        _____

2.    For each of plaintiff's prescribing healthcare providers identified in Section II(A) above, please state whether they were ever invited to attend and/or did in fact attend any Merck sponsored conferences or events. If your answer is "yes", please state:

- 3 -

A)   The identity of the heath care provider consultant;

_____

B)   The title, location and date of the speaker's program attended;

_____

C)   The topic of the speaker's program;

_____

D)   All speakers at the speaker's program;

_____

E)   Please provide or identify the agenda/brochure for the conference or program.

_____

3.   Has plaintiff's Prescribing healthcare provider ever contacted you to request information concerning Vioxx, its indications, its effects and/or its risks?

_____   _____
   Yes        No

If your answer is "yes," please identify and attach any document which refers to your communication with plaintiff's prescribing healthcare provider.

4.   Please identify the person or persons who provided information responsive to Section II or any of its subparts, giving their name, address, telephone number indicating whether said person is currently an employee of Merck and the dates of employment.

## III.   PLAINTIFF'S PRESCRIBING HEALTH CARE PROVIDER'S PRESCRIBING PRACTICES

In Section II(A) of the Amended Plaintiff's Fact Sheet, plaintiff identified his/her prescribing health care provider(s). For each listed provider, please state and produce the following:

1.   Do you have or have you had access to any database or information which purports to track any of plaintiff's prescribing healthcare provider's

- 4 -

prescribing practices with respect to Vioxx prescribed, the number of prescriptions, the number of refills and the time frame when these products were prescribed or (re)filled?

      _____      _____
       Yes        No

If your answer is "yes," please produce or identify the database or document which captures that information.

## IV.  PLAINTIFF'S MEDICAL CONDITION

1.  Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of plaintiff concerning plaintiff?

      _____      _____
       Yes        No

If your answer is "yes," please state:  a.) the name of the person(s) who contacted you; b.) state the person(s) who were contacted including their name, address and telephone number and; c.) produce or identify any and all documents which reflect any communication between any person and you concerning plaintiff.

2.  Please produce a copy of any MedWatch form which refers or relates to plaintiff, including back-up documentation concerning plaintiff and any evaluation you did concerning the plaintiff.

3.  Please identify the person or persons who provided information responsive to Section IV or any of its subparts.

## V.  ADVERTISING

1.  Did you advertise Vioxx in the Media Market that Plaintiff lived at the time that he/she took Vioxx?

      _____      _____
       Yes        No

2.  If your answer to the preceding question is "yes", please identify the identity of the media outlet, and the dates that the advertisements ran.

| Identity of the Advertisement and intended media marketplace | Nature of media (Print or Television) | Identity of the media outlet | Dates that advertisements ran |
|---|---|---|---|
|  |  |  |  |

*Please provide or identify true and accurate copies of any advertisement identified above*

3. Did you advertise Vioxx in the Media Market that plaintiff's prescribing healthcare provider's office was located in at the time that Plaintiff took Vioxx?

        _____ Yes       _____ No

4. If your answer to the preceding question is "yes", please identify the identity of the media outlet and the dates that the advertisement ran.

| Identity of the Advertisement and intended media marketplace | Nature of media (Print or Television) | Identity of the media outlet | Dates that advertisements ran |
|---|---|---|---|
|  |  |  |  |

*Please provide copies of true and accurate copies of any advertisement identified above*

## VI.   DOCUMENTS

To the extent you have not already done so, please produce a copy of all documents and things that fall into the categories listed below. These include documents in the possession of any of your present and former employees, including information provided to your attorneys:

1. Any document which relates to or refers to plaintiff.

2. Any document sent to or received from any of plaintiff's prescribing physicians.

3.    Any document reflecting any actual communication between you and plaintiff's prescribing physician's concerning the cardiovascular risks associated with Vioxx.

4.    Any document which purports to describe the prescribing practices of any of plaintiff's prescribing physicians.

## CERTIFICATION

I hereby certify that the foregoing responses provided in this Defendant Merck Profile Form are true and correct to the best of my knowledge and recollection and that I have supplied all requested documents to the extent that such documents are in my possession, custody and control (including the custody and control of my lawyers). I am aware that if any of the foregoing is willfully false, I may be subject to punishment.

_____       _____       _____
*Signature*                                      *Print Name*                                        *Date*

- 7 -