UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981<br>Judge Patti B. Saris |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. v PFIZER INC., 04 CV 10958 (PBS) | |

## MOTION FOR CLARIFICATION AND/OR AMENDMENT OF THE COURT'S FEBRUARY 8, 2006 ELECTRONIC ORDER

Coordinated Plaintiffs respectfully request clarification and/or amendment of the Court's February 8, 2006 Electronic Order, to permit Coordinated Plaintiffs to file a brief of no more than twenty pages limited to specific issues concerning their complaint arising from the Magistrate Judge's January 31, 2006 Report and Recommendation (hereafter, "Report").

Coordinated Plaintiffs The Guardian Life Insurance Company of America, Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Aetna, Inc. filed their First Coordinated Amended Complaint on February 1, 2005, asserting thirteen claims for relief. On January 31, 2006, Magistrate Judge Sorokin recommended that the Court dismiss twelve of the thirteen claims. (The Magistrate in the same Report recommended dismissing three of the Class Plaintiffs' five claims.) On February 8, 2006, the Court entered an electronic order extending the parties' deadlines for filing objections to the Magistrate's Report and limiting "plaintiffs'"

objection to a brief of thirty pages. Coordinated Plaintiffs are unclear whether the Court intended to limit the Class Plaintiffs and Coordinated Plaintiffs together to thirty pages or to allow each set of plaintiffs thirty pages. Coordinated Plaintiffs submit that one brief of thirty pages would not be sufficient for these two different groups of plaintiffs – who filed separate complaints alleging some different legal theories – to address all of the issues raised by the Report. *See* Fed. R. Civ. P. 72.

Coordinated Plaintiffs intend to work with the Class Plaintiffs, as they have in the past, to avoid duplicative briefing on common issues arising from the Magistrate's Report. However, the Magistrate's Report raises many issues particular only to the Coordinated Plaintiffs, including the Magistrate's analysis of whether the Coordinated Plaintiffs adequately pleaded a "cognizable injury" and the Magistrate's analysis of distinct state-law claims. Coordinated Plaintiffs will need to address the Magistrate's Report with respect to these issues individually and could conceivably be required to take positions that differ from those of the Class Plaintiffs. Moreover, although Class and Coordinated Plaintiffs counsel have made every effort to work together, each group filed its own different complaint, and a single combined brief risks creating intractable allocation problems.

The parties' counsel have conferred. Defendants do not oppose the motion, but defer entirely to the Court. Defendants respectfully request, however, that if the Coordinated Plaintiffs' motion is granted, Defendants be permitted to file a responsive brief of the same number of pages as Plaintiffs have been permitted in total for their initial briefs.

WHEREFORE, Coordinated Plaintiffs respectfully request that the Court permit the filing of a brief of not more than twenty pages, solely addressing issues unique to the Coordinated Plaintiffs arising from the Magistrate's Report. This would supplement a brief of

thirty pages on the issues common to both sets of plaintiffs and specific to the Class Plaintiffs' Complaint.

Dated: February 17, 2006

By their attorneys,

**/s/Theodore M. Hess-Mahan**
Theodore M. Hess-Mahan BBO #557109
Shapiro Haber & Urmy LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel: (617) 439-3939

**COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC**
Linda P. Nussbaum, Esq.
Steig D. Olson, Esq.
150 East 52nd Street, 30th Floor
New York, NY 10022
Telephone: (212) 838-7797

Attorneys for Plaintiffs Guardian Life Insurance Company of America, Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7/1(A)(2)

I hereby certify that the parties' counsel have conferred in a good faith effort to narrow or resolve the issues raised in this motion. Defendants, through their counsel, do not oppose the motion, but defer entirely to the Court. Defendants respectfully request, however, that if the Coordinated Plaintiffs' motion is granted, Defendants be permitted to file a responsive brief of the same number of pages as Plaintiffs have been permitted in total for their initial briefs.

**/s/Theodore M. Hess-Mahan**
Theodore M. Hess-Mahan

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 17, 2006.

**/s/Theodore M. Hess-Mahan**
Theodore M. Hess-Mahan