UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING,
        SALES PRACTICES AND PRODUCTS
        LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:


        PRODUCTS LIABILITY ACTIONS


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## DEFENDANTS' OPPOSITION TO PRODUCTS PLAINTIFFS' MOTION TO MAGISTRATE JUDGE SOROKIN FOR RECONSIDERATION OF ORDER STAYING DISCOVERY

Defendants Pfizer Inc. and Warner-Lambert Company (collectively,

"defendants") by and through their attorneys, submit this Opposition to Products

Plaintiffs' Motion for Reconsideration.

### INTRODUCTION

Products Liability Plaintiffs ("products plaintiffs") move for reconsideration of

the Court's January 31, 2006 Order Staying Discovery (hereinafter "January 31 Order")

on the grounds that it is ambiguous and prejudicial.  The Order, however, is clear on its

face and does not permit, as products plaintiffs assert, large scale discovery in the

products liability cases.[1]

---

[1] Attached hereto as Exhibit A is a true and correct copy of Magistrate Judge Sorokin's July 20, 2005 Order of Consolidation.

Products plaintiffs further object to the January 31 Order to the extent it denies as moot defendants' motion for a protective order concerning the scope of discovery and plaintiffs' cross motion to compel production of documents created after December 31, 1998. (January 31 Order at 2). This objection is without merit. First, the stay is proper in light of the Court's January 31, 2006 Report and Recommendation (hereinafter "Report") granting in substantial part defendants' motion to dismiss. Second, allowing products plaintiffs to pursue broad discovery would lead to enormous inefficiencies and burdens on defendants. That is because products plaintiffs seek discovery that is expressly denied by the stay to other subsets of plaintiffs in the MDL litigation. Such an incongruous result would not be fair or efficient.

For these reasons, and the reasons that follow below, products plaintiffs' motion should be denied.

## ARGUMENT

A magistrate judge is afforded broad discretion in determining whether to order a stay. Digital Equip. Corp. v. Currie Enters., 1992 U.S. Dist. LEXIS 17718 at *2 (D. Mass. 1992); Save on Surplus Pension Plan v. United Saver's Bancorp, Inc., 1990 U.S. Dist. LEXIS 17227 at *2 (D.N.H. 1990). Because the Court was well within its discretion when it ordered a stay of discovery in this matter, products plaintiffs' motion for reconsideration should be denied.

Products plaintiffs argue that the Court's January 31 Order staying all discovery except the individualized discovery in the personal injury actions (i) requires the parties to engage in discovery for each individual personal injury plaintiff's action or (ii) is ambiguous and needs clarification. These arguments, however, ignore the procedural

2

history of the case.  Specifically, products plaintiffs disregard the July 20 Order in which

Magistrate Sorokin stayed discovery in the consolidated actions "with the exception of

the underline automatic discovery contemplated by [Rule 26 of ] the Federal Rules of Civil

Procedure" and further ordered that the only other discovery permitted "will pertain to

common matters as the individual cases are stayed." See Order of July 20, 2005, attached

hereto at Exhibit A at ¶ 3) (emphasis added).

Contrary to products plaintiffs' interpretation, the January 31 Order did not

expand the discovery permitted under the July 20 Order, but indeed limited it.  The

January 31 Order further restricted discovery by staying "all" discovery, including

discovery of so-called common matters, but continued to allow automatic discovery in

the individual products liability cases.  In asserting that they are now allowed to engage

in full-blown discovery of defendants in the individual products liability actions, products

plaintiffs are taking a position that is contrary to both the July 20 and January 31 Orders.

Products plaintiffs' motion for reconsideration is little more than an attempt to evade the

Court's prior restrictions on discovery by creating ambiguity where none exists.

Products plaintiffs further assert that the Court has not resolved earlier-filed

discovery motions "to the extent they affected Product Liability Plaintiffs" and thus

remain "ripe for review."  Mot. at 2, 3.  This view ignores the fact that the January 31

Order stemmed from, and was issued on the same day as, the Court's Report dismissing

15 of 18 claims alleged in the class and coordinated complaints.  The Court's Report

logically affects the products actions as well, because the complaint in each individual

products action contains many of the same allegations and claims as those in the amended

class and coordinated complaints. Products plaintiffs' contention that they be allowed free rein to conduct wide-ranging discovery simply ignores the Court's Report.

Likewise unavailing is products plaintiffs' claim of undue prejudice as a result of the Court's stay. Given the similarity of allegations and certain claims in the complaints of all plaintiffs, the appropriateness of the stay cannot be disputed. Allowing the broader discovery requested by products plaintiffs would prejudice defendants. Defendants would be forced to engage in document and deposition discovery in one set of cases with no guarantee that they would not have to repeat that same discovery later.

Finally, products plaintiffs' argument of prejudice is belied by the fact that they have not sought any discovery in the MDL since the July 20 Order.

## CONCLUSION

For all of the foregoing reasons, the Court should deny products plaintiffs' motion.

Dated: March 1, 2006

DAVIS POLK & WARDWELL
By:   /s/ James P. Rouhandeh
      James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -
HARE & CHAFFIN
By:   /s/ David B. Chaffin
      David B. Chaffin
      160 Federal Street
      Boston, Massachusetts 02110
      (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and*
*Warner-Lambert Company*

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE NEURONTIN

Civil Action No. 04-10981-PBS
MDL No. 1629

ORDER OF CONSOLIDATION

July 20, 2005

SOROKIN, M.J.

In order to facilitate the orderly management of the Neurontin related litigation the Court enters the following Order.

1. All cases presently pending in this Court that were transferred by the MDL to this Court under MDL Docket Number 1629 are hereby consolidated into In Re Neurontin, C.A. No. 04-10981-PBS.

2. All cases transferred to this Court in the future under MDL Docket Number 1629 are to be consolidated into In Re Neurontin, C.A. No. 04-10981-PBS without further order of this Court.

3. Each case consolidated into In Re Neurontin is thereafter STAYED, with the exception of the automatic discovery contemplated by the Federal Rules of Civil Procedure. The parties shall complete this individual automatic discovery within three months of date the ORDER is docketed in the individual case.

4. All discovery and motion practice will take place only in In Re Neurontin C.A. No. 04-10981 as set forth in the Case Management Orders. The Court contemplates that this discovery and motion practice will pertain to the common matters as the individual cases are stayed. Parties must seek leave of court, with a filing in C.A. No. 04-10981, before proceeding in the individual cases.

5. At the conclusion of the consolidated proceedings in In Re Neurontin, C.A. No. 04-10981 counsel for the parties in each individual case must prepare, in paper or electronic format, depending upon the requirements of the transferor court, the applicable record of the proceedings in the case and provide that record to the Clerk's Office for transmission to the transferor court.

6. The Clerk's Office shall docket this Order in each and every case consolidated now or in the future with In Re Neurontin C.A. No. 04-10981-PBS.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE