UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>PRODUCTS LIABILITY ACTIONS | Magistrate Judge Leo T. Sorokin |

## DEFENDANTS' OPPOSITION TO PRODUCTS PLAINTIFFS' MOTION FOR ENTRY OF CASE MANAGEMENT ORDER NO. 5

Defendants Pfizer Inc. and Warner-Lambert Company (collectively "defendants") by and through their attorneys, submit this Opposition to Products Plaintiffs' Motion for Entry of Case Management Order No. 5.

### INTRODUCTION

Products Liability Plaintiffs ("products plaintiffs") move for the entry of Case Management Order No. 5 ("CMO 5") on the grounds that it would result in "judicial efficiency" and would streamline discovery. The core of CMO 5 is a blanket discovery demand accompanied by an onerous and unrealistic schedule for compliance. CMO 5 not only is an attempt to end run the Court's January 31, 2006 Order Staying Discovery (hereinafter "January 31 Order"), but also seeks to impose extraordinary discovery obligations without having previously served any such demands.

As an initial matter, products plaintiffs misinterpret the January 31 Order as permitting the detailed discovery envisioned by their proposed case profile form, which is

attached to their proposed CMO 5. They ignore that the case profile form would require defendants to produce information and documents that other plaintiffs in this litigation, namely the consumer class and coordinated plaintiffs, may not seek. In addition, the case profile form, if permitted, would require defendants to produce many documents that post-date December 31, 1998, despite the Court's decision that issues surrounding the production of documents from this time period are stayed pending Judge Saris's review of the Court's January 31 Report & Recommendation. CMO 5, therefore, runs counter to the Court's January 31 Order.

Second, CMO 5 is premature and at odds with the rules and procedures of discovery. Normally, a party seeking such information utilizes the mechanisms of Rules 33 and 34, the recipient has an opportunity to object, and the objections are addressed in one way or another. Products plaintiffs would have the Court re-write the rules in their favor: Instead of the procedures and protections the rules afford, they want the Court to impose on defendants a requirement that they simply disgorge massive amounts of information. Further, CMO 5 relies entirely on products plaintiffs' Rule 26(a) disclosures, which to date have been woefully deficient and clearly inadequate to support the breadth of discovery demanded.

For these reasons, and as set forth more fully below, plaintiffs' motion should be denied.

**ARGUMENT**

A. **CMO 5 Would Conflict with the Court's Stay**

Products plaintiffs assert that "particularized" and "individualized" discovery in the product liability cases may proceed consistent with the January 31 Order, in which

the Court instructed that "all discovery, except the individualized discovery in the personal injury actions, pending Judge Saris' ruling on the Motion to Dismiss." Products Liability Plaintiffs' Memorandum in Support of Motion for Entry of Case Management Order No. 5 (hereafter "CMO 5 Mot.") at 1, 2; January 31 Order at 1, 2. As defendants explain in their Opposition to Products Liability Plaintiffs' Motion to Magistrate Judge Sorokin for Reconsideration of Order Staying Discovery, however, the Court's January 31 Order did not trigger large scale discovery in the products cases. See Defendants' Opposition at 2-3. Moreover, CMO 5 would render the stay meaningless and lead to contradictory and inconsistent results.

In addition, the case profile form seeks discovery that is not permitted under the Court's July 20 Order, which provided only for automatic disclosure under Rule 26(a) in the products liability actions and discovery of "common matters." See July 20, 2005 Order. Although products plaintiffs previously provided defendants with a draft case profile form, the stay prohibited propounding this discovery request. CMO 5, thus, improperly circumvents the Court's stay.

    **B.**    **Seeking Discovery Through the Case Profile Form is Inappropriate and Would Impose Tremendous Burdens on Defendants**

Products plaintiffs assert that the case profile form attached to CMO 5 would streamline discovery and conserve resources. They say that such forms are commonly used in mass tort litigation. CMO 5 Mot. at 2. They further assert that they have conferred with defendants regarding the case profile form and the discovery schedule proposed by CMO 5. But products plaintiffs ignore that they never propounded this discovery in the form of a document request in the MDL litigation. Accordingly,

defendants have not provided request-by-request objections to the broad discovery requests embodied in the proposed case profile form. Meaningful discussions of relevancy, materiality, and burdensomeness in the products cases are necessary steps and prerequisites to the logical and practical progress of discovery and to the avoidance of discovery motion practice. Instead, CMO 5 is an effort to short circuit the time-honored process. It is an extra-rule effort to force defendants to provide masses of information in a short time. CMO 5 would impose tremendous burdens on defendants. It would require substantial effort and expense to collect, review, and produce documents responsive to products plaintiffs' demands. Moreover, under proposed CMO 5, defendants would have only either 30 or 60 days to complete the tasks it would require.

### C.   The Case Profile Form is Premature

The case profile form presupposes that defendants have certain information that has been supplied by products plaintiffs. In fact, with the exception of questions related to the docket numbers and captions of the individual products actions, the case profile form requires knowledge of plaintiffs' prescribing and treating physicians. Products plaintiffs assert that this information is contained in their Rule 26(a) disclosures. See CMO 5 Mot. at 2. Yet, to date, counsel for products plaintiffs have failed to provide complete medical records for even a single plaintiff. Products plaintiffs also have failed to provide defendants with patient authorizations that would allow them to ensure that they have obtained complete information as to plaintiffs' medical history, including the identity of all doctors who treated them. As a result, requiring the completion of the discovery contemplated by CMO 5 now would inevitably lead to duplicative efforts later.

## **CONCLUSION**

For the foregoing reasons, the Court should deny plaintiffs' motion.

Dated: March 1, 2006

                                        DAVIS POLK & WARDWELL

                                        By:   s/James P. Rouhandeh
                                                 James P. Rouhandeh

                                      450 Lexington Avenue
                                      New York, New York 10017
                                      (212) 450-4000

                                               - and -

                                      HARE & CHAFFIN

                                      By:   s/David B. Chaffin
                                                 David B. Chaffin

                                      160 Federal Street
                                      Boston, Massachusetts 02110
                                      (617) 330-5000

                                      *Attorneys for Defendants Pfizer Inc. and*
                                      *Warner-Lambert Company*