UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                                    :
In re:   NEURONTIN MARKETING AND                                                    :
         SALES PRACTICES LITIGATION                                                 :
                                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   MDL Docket No. 1629
                                                                                    :
THIS DOCUMENT RELATES TO:                                                           :   Master File No. 04-10981
                                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   Judge Patti B. Saris
                                                                                    :
HARDEN MANUFACTURING CORPORATION;                                                   :   Magistrate Judge Leo T.
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,                                         :   Sorokin
dba BLUECROSS/BLUESHIELD OF LOUISIANA;                                              :
INTERNATIONAL UNION OF OPERATING ENGINEERS,                                         :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL                                        :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and                                         :
LORRAINE KOPA, on behalf of themselves and all others                               :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT                               :
COMPANY.                                                                            :
                                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                                    :
THE GUARDIAN LIFE INSURANCE COMPANY OF                                              :
AMERICA v. PFIZER INC. and                                                          :
                                                                                    :
AETNA, INC. v. PFIZER INC.                                                          :
                                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**OBJECTIONS OF DEFENDANTS PFIZER INC. AND
WARNER-LAMBERT COMPANY TO REPORT AND RECOMMENDATION OF
<u>MAGISTRATE JUDGE LEO T. SOROKIN DATED JANUARY 31, 2006</u>**

Defendants Pfizer Inc. and Warner-Lambert Company object on the following grounds to the Report and Recommendation of Magistrate Judge Leo T. Sorokin, dated January 31, 2006 (the "Report"). A memorandum of law is submitted in support of defendants' objections.

1. Defendants object to the Report's statement that in 2000, Pfizer Inc. pled guilty to illegal off-label marketing and paid criminal and civil settlements of $430 million. Report at 2 n.3. In 2004, Warner-Lambert Company LLC pled guilty to non-fraudulent violations of the Food, Drug & Cosmetic Act and paid a fine and civil penalties totaling $430 million.

2. Defendants object to the Report's finding that Pfizer is based in New Jersey. Id. at 3. As the plaintiffs have alleged, Pfizer is headquartered in New York City.

3. Defendants object to the Report's finding that "adjunctive therapy" means that the drug cannot be prescribed by itself. Id. Used in this context, "adjunctive therapy" means the use of Neurontin in combination with another treatment. Approval of Neurontin for adjunctive therapy, however, has no impact on the ability of doctors to prescribe the drug by itself.

4. Defendants object to the Report's finding that Pfizer's sales representatives are also known as medical liaisons. Id. at 12. Medical liaisons are separate, and serve a purpose distinct, from sales representatives.

5. Defendants object to the Report's summary of the grounds upon which defendants moved for dismissal of plaintiffs' RICO claims. Id. at 15. Defendants also moved for dismissal of these claims on the following grounds: (1) plaintiffs failed to allege any false statements; (2) third-party payor plaintiffs failed to plead facts establishing causation under the heightened causation requirements of the RICO statute; and (3) plaintiffs' RICO claims are time-barred. See Defendants' Memorandum of Law in Support of Their Motions To Dismiss, dated Mar. 17, 2005 ("Defs.' Mem.") at 6-11, 13-16, 35-39; Defendants' Reply Memorandum of Law in Further Support of Motions To Dismiss, dated May 16, 2005 ("Defs.' Reply") at 4-6, 11-15, 35-39.

6. Defendants object to the Report's conclusion that plaintiffs have adequately alleged that defendants acted with scienter. Report at 15-16. This conclusion should be rejected because plaintiffs have only made conclusory allegations of scienter. See Defs.' Mem. at 6-11; Defs.' Reply at 3-5.

7. Defendants object to the Report's conclusion that plaintiffs have adequately pled causation. Report at 17-20. This conclusion should be rejected because plaintiffs have failed to allege facts demonstrating that they paid for Neurontin as a result of defendants' alleged misconduct. See Defs.' Mem. at 11-13; Defs.' Reply at 8-11.

8. Defendants object to the Report's rejection of their argument that the third-party payor plaintiffs have failed to plead causation under RICO. Report at 20. These plaintiffs' RICO claim failed to plead causation because any injury suffered by them is too remote. See Defs.' Mem. at 13-14; Defs.' Reply at 11-12.

2

9. Defendants object to the Report's conclusion that plaintiffs have sufficiently pled "systematic linkages" between defendants and Physicians World. Report at 25-26. This conclusion should be rejected because plaintiffs have only alleged discrete instances of legitimate business interaction, not an ongoing and established mechanism for decision-making and direction. See Defs.' Mem. at 20.

10. Defendants object to the Report's conclusion that plaintiffs have adequately alleged that defendants controlled the purported RICO enterprises. Report at 26-27. This conclusion should be rejected because plaintiffs have only made conclusory, factually insufficient allegations of control. See Defs.' Mem. at 21-22; Defs.' Reply at 19-20.

11. Defendants object to the Report's recommendation that plaintiffs should be permitted to obtain additional discovery from defendants and then provided with another opportunity to plead mail and wire fraud with specificity, as well as the Report's conjecture that plaintiffs can cure the acknowledged deficiency in pleading. Report at 27-29. This recommendation should be rejected because defendants have already provided plaintiffs with substantial discovery, and plaintiffs had ample opportunity to conduct, and did conduct, substantial third-party discovery (including discovery of other alleged members of the purported enterprises) before filing their complaints, but despite all of this, plaintiffs have not satisfied Rule 9(b)'s pleading standards. Given the history of this case and its ancestor, Franklin, this is not a situation in which a "*second* determination" should be permitted.

12. Defendants object to the Report's conclusion that only some of plaintiffs' state law claims are preempted. Report at 30-37. All of plaintiffs' state law claims should be preempted because permitting these claims would interfere with the Food & Drug Administration's complicated role of policing pharmaceutical manufacturers and because all of these claims are predicated on violations of the Food, Drug & Cosmetic Act. See Defs.' Mem. at 31-35; Defs.' Reply at 30-35.

13. Defendants object to the Report's conclusion that alleged misrepresentations by certain physicians can be imputed to defendants. Report at 38-39. This conclusion should be rejected, *inter alia*, because plaintiffs have not adequately alleged that defendants controlled, or were entangled with, these physicians. See Defendants' Memorandum of Law in Support of Objections to Report and Recommendation of Magistrate Judge Leo T. Sorokin Dated January 31, 2006, dated Mar. 3, 2006 ("Defs.' Objs. Mem.") at 16-18, 21, 23-24, 27.

14. Defendants object to the Report's conclusion that the allegations involving statements made about pain, dose dependency, diabetic neuropathy, monotherapy, restless leg syndrome, bipolar disorder, and panic disorder satisfy Rule 9(b)'s pleading requirements. Report at 39-41. This conclusion should be rejected because the Report erroneously assumes that defendants have transcripts of seminars and meetings that plaintiffs do not and that this assumed fact excuses

      plaintiffs from pleading the alleged fraudulent statements with particularity. Id. at 40-41.

15. Defendants object to the Report's assumption that defendants have transcripts of all of the seminars referenced in the complaints. Id. at 40-41. Although defendants possess transcripts from some seminars, they do not possess transcripts from many others. Many of the transcripts that defendants do possess have been provided to plaintiffs. Thus, where transcripts are available, plaintiffs should be required to identify the alleged misrepresentations contained within them with specificity. Where transcripts are not available, plaintiffs' allegations should be dismissed for failure to plead with specificity.

16. Defendants object to the Report's statement in footnote 20 that plaintiffs have alleged that Neurontin was ineffective for the conditions for which it was allegedly touted. Id. at 42-43 n.20. The Coordinated Plaintiffs have not made this allegation, which was recognized earlier in the Report. Id. at 22.

17. Defendants object to the Report's conclusion that plaintiffs have pled sufficient facts under their theory that defendants misrepresented the results of scientific studies. Id. at 46-47. This conclusion should be rejected for the reasons discussed in Defendants' Memorandum of Law in Support of Objections to Report and Recommendation of Magistrate Judge Leo T. Sorokin Dated January 31, 2006, dated March 3, 2006 ("Defendants' Objections Memorandum"). Defs.' Objs. Mem. at 15-16, 18-20.

18. Defendants object to the Report's conclusion that plaintiffs have pled sufficient facts under their theory that defendants fraudulently failed to disclose existing negative clinical evidence regarding Neurontin's efficacy for bipolar disorder, panic disorder, diabetic neuropathy, and migraine. Report at 49. This conclusion should be rejected for the reasons discussed in Defendants' Objections Memorandum. Defs.' Objs. Mem. at 20-27.

19. Defendants object to the Report's conclusion that the issue of whether the plaintiffs have pled a claim, or have standing, under the New Jersey Consumer Fraud Act should be deferred to either the class certification or summary judgment stage. Report at 53. This conclusion should be rejected for the reasons discussed in Defendants' Objections Memorandum. Defs.' Objs. Mem. at 4-9.

20. Defendants object to the Report's conclusion that the issue of whether the third-party payor plaintiffs have standing to bring a claim under the New Jersey Consumer Fraud Act should be deferred to either the class certification or summary judgment stage. Report at 53 n.23. This conclusion should be rejected for the reasons discussed in Defendants' Objections Memorandum. Defs.' Objs. Mem. at 4-5, 10-12.

21. Defendants object to the Report's failure to address whether the plaintiffs adequately pled reliance in connection with their claim for common law fraud. Report at 53. This conclusion should be rejected for the reasons discussed in Defendants' Objections Memorandum. Defs.' Objs. Mem. at 12-14.

22. Defendants object to the Report's conclusion that the Coordinated Plaintiffs have sufficiently pled a claim for unjust enrichment. Report at 54, 57. This conclusion should be rejected for the reasons discussed in Defendants' Objections Memorandum. Defs.' Objs. Mem. at 3-4.

23. Defendants object to the Report's conclusion that the issue of whether certain of plaintiffs' claims are barred by the statute of limitations should be left to the jury. Report at 56. This conclusion should be rejected because courts frequently dismiss complaints on statute of limitations grounds pursuant to Rule 12(b)(6) where, as here, the claims are patently time-barred. See Defs.' Reply at 36.

24. Defendants object to the Report's failure to address whether fraudulent concealment was adequately pled. Report at 55 n.25. As defendants' briefing on the motion to dismiss explained, plaintiffs have failed to plead the elements of fraudulent concealment with particularity. See Defs.' Mem. at 35-39; Defs.' Reply at 37-38.

25. Defendants object to the Report's failure to address the alternate bases for dismissal raised in defendants' motion to dismiss the Coordinated Complaint's claims under the consumer fraud statutes of every state, Puerto Rico, and the District of Columbia, as well as its claim under the Pennsylvania Insurance Fraud Statute. Report at 30-56, 57 n.26. The bases were raised in defendants' briefing of the motion to dismiss. Defs.' Mem. at 7 n.3, 11, 25-27, 39 n.20; Defs.' Reply at 25-26.

26. Defendants reserve the right to assert additional objections based on plaintiffs' anticipated objections to the Report.

WHEREFORE, defendants respectfully request that the Court find that their objections are meritorious and dismiss the Amended Class Action Complaint and the First Coordinated Amended Complaint with prejudice.

Dated: March 3, 2006

                          DAVIS POLK & WARDWELL

                          By:   /s/ James P. Rouhandeh
                                  James P. Rouhandeh

                        450 Lexington Avenue
                        New York, New York 10017
                        (212) 450-4000

                            - and -

                        HARE & CHAFFIN

                        By:   /s/ David B. Chaffin
                                  David B. Chaffin

                        160 Federal Street
                        Boston, Massachusetts 02110
                        (617) 330-5000

                        *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*