UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ASSURANT HEALTH, INC., et al. v PFIZER INC., et al., No. 05-10535-PBS | MDL Docket No. 1629<br><br>Master File No. 04-10981<br>Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

### *ASSURANT* PLAINTIFFS' OBJECTIONS TO ORDER STAYING REMAND DETERMINATION OF THEIR REMAND MOTION

### INTRODUCTION

The *Assurant* Plaintiffs[1] object to the Order of Magistrate Judge Sorokin, dated February 17, 2006, staying the *Assurant* Plaintiffs' remand motion pending resolution of class certification as clearly erroneous or contrary to law for at least three reasons. First, the Assurant plaintiffs' case is not a class case which apparently is the premise for the Court's general stay order on all remand motions. Second, the *Assurant* plaintiffs' remand motion is based on a lack of subject matter jurisdiction—an issue that should be decided before a court determines dispositive issues. Third, the delay imposed on the non-class *Assurant* Plaintiffs case is unduly prejudicial. As a

---

[1] The *Assurant* Plaintiffs include the following health benefit payors: ASSURANT HEALTH, INC., and its subsidiaries and affiliates and their self-funded plans; BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. and its subsidiaries and affiliates and their self-funded plans; LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY and its subsidiaries and affiliates and their self-funded plans; BLUE CROSS BLUE SHIELD OF MASSACHUSETTS and its self-funded plans; BLUE CROSS BLUE SHIELD OF MICHIGAN and its subsidiaries and affiliates and their self-funded plans; BLUE CROSS BLUE SHIELD OF MINNESOTA and its subsidiaries and affiliates and their self-funded plans; GROUP HEALTH SERVICE OF OKLAHOMA, INC. and its subsidiaries and affiliates; CAREFIRST, INC. and its subsidiaries and affiliates and their self-funded plans; EXCELLUS HEALTH PLAN, INC. and its subsidiaries and affiliates and their self-funded plans; FEDERATED MUTUAL INSURANCE COMPANY, and its subsidiaries and affiliates and their self-funded plans; HEALTH CARE SERVICE CORPORATION, on behalf of itself and its Illinois, New Mexico and Texas Divisions and their self-funded plans; MUTUAL OF OMAHA INSURANCE COMPANY, and its subsidiaries and affiliates and their self-funded plans; TRUSTMARK INSURANCE COMPANY, and its subsidiaries and affiliates and their self-funded plans; and WELLCHOICE, INC., and its subsidiaries and affiliates and their self-funded plans.

result, the stay order should be modified and the reference to the *Assurant* plaintiffs' case should be deleted so that the Court can proceed with its determination of their remand motions.

### STATEMENT OF RELEVANT PROCEDURAL HISTORY

On November 24, 2004, the *Assurant* Plaintiffs filed their action in New Jersey state court. That complaint is filed on behalf of 15 different groups of health benefit plans. It contains only state law causes of action including antitrust claims. On January 5, 2005, Defendant Pfizer removed the case from New Jersey state court to New Jersey federal court. In their Notice of Removal, Defendant Pfizer claimed that the *Assurant* plaintiffs' complaint required resolution of substantial questions of federal law. (Dkt. No. 125, Notice of Removal at p. 9). On January 27, 2005, the *Assurant* Plaintiffs filed their remand motion asking the New Jersey federal court to return the case to New Jersey state court on the grounds that resolution of their case did not require resolution of substantial questions of federal law. The parties proceeded to complete briefing on the remand motion in the New Jersey federal court. (Dkt. No. 125).

On January 31, 2005, Defendant Pfizer notified the Judicial Panel on Multidistrict Litigation ("JPML") that the *Assurant* Plaintiffs' action should be transferred to this MDL. The JPML transferred the *Assurant* Plaintiffs' matter to this MDL Court on March 15, 2005 (although the record apparently was not transferred). On May 19, 2005, at the request of this Court, the *Assurant* Plaintiffs filed copies of all previously filed remand papers with this MDL court. (Dkt. No. 125--Notice of Motion to Remand to the Superior Court of New Jersey). At the same time, the *Assurant* Plaintiffs filed a separate statement requesting that this Court, as an alternative to the remand motion, issue a suggestion to the JPML that the *Assurant* Plaintiffs' case be remanded to the New Jersey federal court. (Dkt. Nos. 126 and 156). The *Assurant* Plaintiffs' motion filed at Dkt. No. 156 is entitled *Assurant* Plaintiffs' Notice of Motion and

Motion for Court to Issue a Suggestion to the Panel to Return *Assurant* Plaintiffs' Civil Action to the Transferor Court.

On August 1, 2005, after this Court's referral of various matters to Magistrate Judge Leo Sorokin, he scheduled a hearing on both of the Assurant Plaintiffs' motions. A hearing on both of those motions was held on August 18, 2005. No substantive ruling or report or recommendation on those motions has been issued. On February 17, 2006, Magistrate Judge Sorokin issued his Order staying "all of the pending Motions for Remand" pending resolution of class certification.[2]

## LEGAL ARGUMENT

As applied to the *Assurant* plaintiffs' pending remand motions, the Order staying a determination until resolution of class certification in this case should be modified to eliminate their motions. Under 28 U.S.C. § 636(b)(1)(A), objections to a Magistrate's Order are proper if the Order is clearly erroneous or contrary to law. Here, as discussed below, the stay Order is clearly erroneous and contrary to the law. A determination should be made regarding the *Assurant* plaintiffs' remand motions and the stay should be lifted as applied to their case.

1. **A Stay Order Pending Resolution of the Class Certification Issue Is Not Appropriate When Applied to the *Assurant* Plaintiffs' Non-Class Case.**

The *Assurant* case is not a class case, and, therefore, their remand motions should not be tied to resolution of class certification. The difference between the non-class cases and the class cases has been previously been acknowledged by this Court. "The consolidated class action complaint shall not apply to the Private Non-Class Cases." Corrected Case Management Order,

---

[2] The February 17, 2006 Order is somewhat confusing since it states that "all of the pending Motions for Remand" are stayed but then, with respect to the *Assurant* plaintiffs, references only the motion at Docket No. 156, the alternative motion of suggestion to the JPML for remand to the New Jersey federal district court. The stay Order does not specifically reference the *Assurant* plaintiffs' original remand motion seeking a return of their case to New Jersey state court.

§ IV at 10, dated Dec. 16, 2004 (Dkt. No. 15). In the actual management of this MDL proceeding, the Court has further recognized the distinction between class and non-class cases. The Court created a Plaintiffs' Non-Class Steering Committee "(i) to prosecute the interest of the Private Non-Class cases, and (ii) to seek the joint and efficient prosecution of the Private Non-Class Cases with the Class Action Cases." (Dkt. No. 15--Corrected Case Management Order, § III, B (5) at 9). Because there is no relationship between the issues of class certification and the non-class *Assurant* plaintiffs' remand motion, the Court should not stay its determination on those remand motions until after resolution of the class certification issues.

> 2. **The *Assurant* Plaintiffs' Motions Raise Subject Matter Jurisdiction Questions That Should Be Resolved Prior To Dispositive Motions.**

The *Assurant* plaintiffs' remand motion is based on the premise that this MDL Court lacks subject matter jurisdiction over their case. Subject matter jurisdiction is a threshold issue. In an analogous situation, the First Circuit recognized that a federal court is "obliged to address the propriety of removal as a threshold matter . . . ." *Am. Policyholders Ins. Co. v. Nyacol Prods., Inc.*, 989 F.2d 1256, 1258 (1st Cir. 1993).

The removal statute directs district courts to remand any case removed from state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Further, resolution of subject matter jurisdiction should precede a court's determination of other substantive issues such as class certification. *See, e.g., Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 970 (11th Cir. 2002) (vacating district court's judgment to dismiss conditional class case on the merits and directing the district court to remand the putative class case to state court). Otherwise, subsequent rulings on class certification or other related dispositive issues can be rendered moot by a later remand. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284 (10th Cir. 2001) (remanding putative class case

MP3 20170036.1                                      4

to state court after district court denied class certification and granted defendant's motion to dismiss). As a result, a Court should determine the scope of its jurisdiction first before ruling on other motions such as class certification or other dispositive issues.

### 3. The Stay Pending Resolution Of Class Certification Unduly Prejudices The Non-Class *Assurant* Plaintiffs.

Finally, the stay unduly prejudices the *Assurant* plaintiffs, who are not part of any class action. The class certification hearing has been postponed. If a determination is made on the class certification issue, the potential also exists that an interlocutory appeal of a class certification decision could occur. As a result, the *Assurant* plaintiffs' case could be stayed for a very long time. Additionally, the *Assurant* Plaintiffs, as non-class Plaintiffs, lack representation on any of this MDL's steering committees, despite the fact that the *Assurant* Plaintiffs constitute about 85% of the health benefit plans in the MDL.[3]

A stay of a remand motion should not be granted lightly. The Judicial Panel on Multidistrict Litigation has emphasized that remand should not be delayed based on pending dispositive motions, even when the motions actually apply to the named plaintiffs' individual complaint. *See, e.g., In re King Resources Co. Securities Litig.*, 458 F. Supp. 220, 222 (J.P.M.L. 1978) (declining to defer remand decision [to federal court] while a petition for certiorari to the U.S. Supreme Court in a related case was pending). The Judicial Panel on Multidistrict Litigation has emphasized that Section 1407 should protect plaintiffs from having their cases "enter[] in a 'black hole' never to be seen again." *In re Asbestos Prod. Liability Litig.*, 771 F. Supp. 415, 423 (J.P.M.L. 1991). Delaying resolution of the non-class plaintiffs' remand motion

---

[3] The *Assurant* plaintiffs, who assert antitrust claims as well as sales and marketing claims, have no representation on the current Non-Class Steering Committee, or Plaintiffs' Steering Committee, and the current Committee is ill-equipped to address specific issues related to the *Assurant* Plaintiffs' specific claims.

until class certification is resolved would allow Defendant Pfizer to place the *Assurant* plaintiffs in the litigation equivalent of a black hole –a result that should not be allowed.

## CONCLUSION

In light of the above objections, the Court should modify the stay Order and eliminate its reference to the pending remand motions of the non-class *Assurant* Plaintiffs.

DATE: March 6, 2006.

                                                      s/Annamarie A. Daley
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Annamarie A. Daley
Jeffrey R. Vesel
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Tel.: 612.349.8500
Fax: 202.223.8604

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
W. Scott Simmer
1801 K Street, N.W., Suite 1200
Washington, DC 20006
Tel.: 202.775.0725
Fax: 612.339.4181

*Attorneys for Assurant Plaintiffs*