UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | |
| THIS ORDER RELATES TO: | MDL Docket No. 1629<br>Master File No. 04-10981<br>Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, dba BLUECROSS/BLUESHIELD OF LOUISIANA; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO.68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated, v. PFIZER INC. and WARNER-LAMBERT COMPANY. | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>THIS DOCUMENT RELATES TO ALL ACTIONS | |

ORDER ON PRODUCTS LIABILITY PLAINTIFFS' MOTIONS

SOROKIN, M.J.

The Products Liability Plaintiffs have moved for reconsideration (Docket #276) of the January 31, 2006 Order Staying Discovery.

The Court stayed common discovery and denied as moot the outstanding discovery motions pending Judge Saris' ruling on the Report and Recommendation on the Motions to

1

Dismiss because the Court cannot reasonably resolve the discovery disputes until the question of which claims and/or theories survive the Motion to Dismiss has been settled.  Thus, the stay remains in effect.  While the products liability cases may, as counsel asserts, present somewhat different issues or nuances than the general class discovery in the marketing cases, the differences counsel identifies are insufficient to warrant lifting the stay and will be considered when the discovery issues are resolved.

As for the products liability or personal injury actions, the Court originally stayed those actions, except for automatic discovery, on July 20, 2005.  The intent of the Court's January 31, 2006 Order, while using different language than the July 20, 2005 Order, was to reiterate that the general stay imposed on January 31, 2006 does not relieve the parties of the automatic discovery obligations described in paragraph 3 of the July 20, 2005 Order.  If, notwithstanding the unobjected to stay in place since July 20, 2005, products liability plaintiffs believe that discovery with respect to their non-marketing claims should commence, that is an issue that should be raised at the scheduling conference the Court anticipates holding  promptly after Judge Saris' ruling on the Motions to Dismiss.

For the foregoing reasons, the Products Liability Plaintiffs' Motion for Reconsideration of the Order Staying Discovery (Docket #276) is DENIED and Products Liability Plaintiffs' Motion for Entry of Case Management Order No. 5 (Docket #277), which essentially requests discovery in the products liability actions, is DENIED WITHOUT PREJUDICE as premature at this time.

/s/ Leo T. Sorokin
LEO T. SOROKIN
March 14, 2006                                        United States Magistrate Judge