UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | |
| ASSURANT HEALTH, INC., et al. v. PFIZER INC., et al. | |

**MEMORANDUM IN OPPOSITION TO ASSURANT PLAINTIFFS'**
**OBJECTIONS TO ORDER STAYING REMAND DETERMINATION**

Defendants Pfizer Inc. and Warner-Lambert Company ("defendants") submit this memorandum in opposition to the Assurant plaintiffs' Objections to Order Staying Remand Determination of Their Remand Motion ("Assurant Objections" or "Assurant Obj.").

**PRELIMINARY STATEMENT**

Magistrate Judge Sorokin, in staying the motions to remand in this Multi-District Litigation ("MDL"), has properly utilized his discretion to manage this litigation in a manner that best serves the needs of the litigation and the parties. His order staying the motions is neither clearly erroneous nor contrary to law, and plaintiffs fail to cite to a single case to the contrary. In fact, it is common for courts to stay tagalong cases that are transferred to an MDL that is already in progress. Accordingly, the Assurant Objections should be rejected and the stay should be upheld.

In a brief that relies on rhetoric rather than relevant law, the Assurant plaintiffs miss the mark. They argue that the remand motions should not be held in abeyance until resolution of class certification because (a) theirs is not a class case; (b) jurisdictional issues must be reached before dispositive motions are decided; and (c) they will be unduly prejudiced as a result of the stay. The first two points are irrelevant, and the third inaccurate.

The Magistrate Judge's choice to stay the remand motions until after resolving class certification is both practical and judicially efficient. The current focus in the MDL is on reaching resolution on the motions to dismiss. If any claims survive those motions, the class certification issue will then be addressed. Deciding the class certification issue first will allow the claims of similarly situated plaintiffs to proceed on the same track. In addition, the principle that jurisdictional issues should be decided before dispositive motions has no application here because defendants have not moved to dismiss the Assurant complaint.

The Assurant plaintiffs also will not suffer undue prejudice as a result of the stay. As an initial matter, the MDL cases may be dismissed in their entirety after Judge Saris rules on the parties' Objections to the Magistrate Judge's Report and Recommendation, in which case the stay may be relatively short. If one or more claims survive, continuing the stay until class certification is decided also would not prejudice the Assurant plaintiffs. The claims in Assurant will proceed on the same timetable as those of the named plaintiffs in the class action and the coordinated plaintiffs. In fact, Assurant is being treated similarly to the coordinated third-party payor plaintiffs' action. The coordinated complaint is, like the Assurant complaint, not a class complaint, yet it has

been on the same case schedule as the class action complaint since the entry of the first case management order. This scheduling approach reflects the Court's understandable desire to keep the MDL litigation on one cohesive track. The stay furthers this goal without unduly prejudicing any plaintiff and, accordingly, the Court should uphold the stay of the remand motions.

## BACKGROUND AND FACTS

The plaintiffs in <u>Assurant</u> are insurance companies and other entities that allegedly have purchased Neurontin or that are pursuing claims on behalf of entities that allegedly have purchased Neurontin. The plaintiffs allege, as do all of the other plaintiffs in this case, that defendants engaged in a "false, deceptive, and misleading" off-label marketing program for Neurontin. They also allege that defendants engaged in anticompetitive behavior with respect to Neurontin, consisting primarily of the pursuit of allegedly meritless litigation based on the patents on Neurontin. Defendants removed <u>Assurant</u> to the United States District Court for the District of New Jersey and the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") issued a Conditional Transfer Order ("CTO") transferring <u>Assurant</u> to this Court.

The first Case Management Order ("CMO") in the MDL established the procedure and schedule pursuant to which all plaintiffs were to re-plead on a consolidated and/or amended basis, defendants were to move to dismiss the amended and consolidated complaints, and the parties were to brief the motions. Pursuant to the first CMO, a First Coordinated Amended Complaint by multiple insurers and an Amended Class Action Complaint on behalf of putative classes of individuals and third-party payors, including insurers, were filed. The case schedule for these two complaints was identical, despite

the fact that one complaint was a class action and the other was not. Defendants moved to dismiss both amended complaints. Magistrate Judge Sorokin issued a Report and Recommendation on January 31, 2006 (the "Report"), granting Defendants' Motion to Dismiss in part and denying it in part. Objections to the Report were filed on March 3, 2006, and responses are due April 10, 2006.

On January 31, 2006, Magistrate Judge Sorokin issued an order staying all discovery in the MDL. (Docket # 270.) On February 17, 2006, Magistrate Judge Sorokin issued an Order (the "Stay Order") stating that "all of the pending Motions for Remand … are stayed pending resolution of class certification." (Docket # 279.)[1]

## ARGUMENT

The Court should uphold Magistrate Judge Sorokin's Stay Order because it is neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1)(A); F.R.Civ.P. 72(a). It is well within the Court's power to issue such a stay, which is a commonplace approach in MDL proceedings. Moreover, the majority of the concerns expressed in the Assurant Objections are irrelevant to an assessment of the propriety of the stay. Finally, plaintiffs will not suffer undue prejudice as a result of the stay.

**I.    The Stay Order Reflects an Appropriate Exercise of the Court's Power**

Magistrate Judge Sorokin, in staying the pending remand motions, has appropriately exercised the Court's inherent powers and acted well within his discretion.

---

[1] As pointed out by the Assurant plaintiffs, the Order staying the pending remand motions specifically referenced only one of the Assurant remand motions. Assurant Obj. at 3 n.2; February 17, 2006 Order Staying Discovery ("Stay Order"). That motion, found at Docket No. 156, was for the Court to issue a suggestion to the Panel to remand Assurant to the transferor federal court. Because the language of the Stay Order stated that "all of the pending Motions for Remand" are stayed, the Stay Order also encompasses the Assurant plaintiffs' motion to remand found at Docket No. 125 (the motion to remand to state court that the Assurant plaintiffs re-filed in this Court at the request of Judge Saris).

As Judge Selya has put it, "it is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004).  Indeed, a court's authority to, "in its sound discretion, … stay any case pending before it as an exercise of its inherent power to control its own docket" is "well established within the First Circuit." Bowlby v. Carter Mfg. Corp., 138 F. Supp. 2d 182, 188 (D. Mass. 2001) (internal citations omitted).  See, e.g., In re Atlantic Pipe Corp., 304 F.3d 135, 143 (1st Cir. 2002) (courts have inherent powers "to manage and control their calendars"); In re Columbia University Patent Litig., 330 F. Supp. 2d 12, 15 (D. Mass. 2004) (recognizing court's inherent power to stay proceedings).  The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).  A common use of this power is to stay tagalong cases transferred to MDL proceedings.

A court's inherent powers are appropriately exercised so long as they (a) are "used in a way reasonably suited to the enhancement of the court's processes, including the orderly and expeditious disposition of pending cases;" (b) are not exercised contrary to statute or rule; (c) "comport with procedural fairness;" and (d) are "'exercised with restraint and discretion.'" In re Atlantic Pipe Corp., 304 F.3d at 143 (internal citations omitted).  All of these requirements are met here.

First, Magistrate Judge Sorokin's decision to stay resolution of the pending remand motions furthers the orderly disposition of the MDL litigation as a whole.  While the Assurant plaintiffs focus solely upon the impact to their case, the Court is well within

5

the bounds of its discretion in deciding how the litigation as a whole is best served. Accordingly, the choice to focus on the motions to dismiss (and, if necessary, the class certification motion) prior to expending the Court's resources on the <u>Assurant</u> remand motions is appropriate. Second, there is no statute, rule or practice that suggests the Court should rule on remand motions in an MDL in advance of other motions brought in earlier filed actions. Third, the Stay Order comports with procedural fairness. Magistrate Judge Sorokin has stayed a decision on all remand motions until a decision is reached on class certification, and the stay does not single out <u>Assurant</u> for delay. Finally, the Court has exercised its powers with restraint and discretion.

Magistrate Judge Sorokin has done what many other judges managing an MDL have done, as staying tag-along actions is recognized as a necessary and effective tool in the administration of multi-district litigation:

> The addition of tag-along actions following the initiation of core MDL proceedings poses an administrative problem inasmuch as the tag-along plaintiffs are thrown into ongoing proceedings and must attempt to catch up . . .. To ameliorate such problems, I have found it beneficial in other multidistrict litigation to stay proceedings related to tag-along actions until the core proceedings have been completed. In all other respects, scheduling and pretrial orders entered in the captioned litigation apply to the tag-along actions as well as to the core proceedings. Moreover, although proceedings are stayed in the tag-along actions, I permit counsel for the tag-along plaintiffs to participate in the core discovery and exercise my discretion in deciding whether to rule on motions filed in the tag-along actions prior to consolidation (e.g., motions to remand).

<u>In re Ford Motor Co. Bronco II Prod. Liab. Litig.</u>, No. Civ. A. 95-1966, MDL 991, 1996 WL 148294 at *2 (E.D.La. April 1, 1996). It is thus appropriate to stay a tag-along action in its entirety, and it is certainly appropriate to stay temporarily the consideration of a motion to remand in such an action. The Magistrate Judge has suitably exercised his

discretion here in deciding the point at which the Court will reach a decision on pending remand motions.

The stay the Magistrate Judge has ordered promotes the disposition of this case with "economy of time and effort for [the Court], for counsel, and for [the] litigants." Landis, 299 U.S. at 254. The Court and the parties are faced with competing demands on their time. The decision to take up the remand motions at a later juncture is neither clearly erroneous nor contrary to law, and plaintiffs have not cited a single case suggesting the contrary. The Stay Order should therefore be upheld.

**II.    The Assurant Plaintiffs' Arguments Regarding the Nature of Their Case and the Need to Decide Jurisdiction Before Dispositive Matters are Irrelevant**

Plaintiffs argue that the Stay Order is inappropriate for their case because (a) theirs is not a class case, and (b) the Court must determine subject matter jurisdiction prior to a determination regarding the disposition of the case. Assurant Obj. at 4. These arguments completely miss the point, as they do not relate to the evaluation of the appropriateness of the stay.

The Stay Order does not suggest that the rulings relating to class certification will affect the outcome of the Assurant motions to remand. Accordingly, the fact that Assurant is not a class case, and the argument that a court must resolve jurisdictional issues prior to reaching disposition of a case, are beside the point. Indeed, the cases that Assurant cites relating to dispositive motions, see Assurant Obj. at 4, are inapposite because no motion to dismiss has been filed in connection with the Assurant action. See Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1264 (1st Cir. 1993) (vacating dismissal order because district court erred in dismissing a defendant from the case before determining whether it had subject matter jurisdiction); Leonard v. Enterprise

7

Rent-A-Car, 279 F.3d 967, 970 (11th Cir. 2002) (holding that district court should have dismissed the case for lack of subject matter jurisdiction instead of on the merits); Martin v. Franklin Capital Corp., 251 F.3d 1284 (10th Cir. 2001) (vacating district court's denial of class certification and dismissal of the case due to court's lack of subject matter jurisdiction).

Magistrate Judge Sorokin is not attempting to dispose of Assurant on the merits before determining whether the Court has subject matter jurisdiction over the case, nor would resolution of the class certification issues in the MDL dispose of the Assurant matter. Instead, the Magistrate Judge's order simply allows all the pending cases to remain on the same track, which furthers judicial economy and the interests of all of the litigants.

### III.    The Assurant Plaintiffs Will Not Be Unduly Prejudiced by a Stay

The Assurant plaintiffs' argument that they will be unduly prejudiced by the stay is erroneous. The delay in a decision on the Assurant remand motions is not unduly prejudicial, particularly when viewed in relation to the need for the Court and the parties to efficiently utilize time and resources.

Staying the Assurant remand motions comports with the approach the Court has taken, largely with the assent of most of the parties, to the MDL as a whole. The provisions of CMO 1 concerning re-pleading obviously were designed to coordinate and consolidate the dozens of actions that had been and could thereafter be transferred to this Court. To further this goal, the CMO 1 schedule placed the non-class and the class complaints on the same schedule, which allowed the case to proceed in an orderly and sensible fashion. Staying pending remand motions is consistent with this approach.

The cases cited by the Assurant plaintiffs do not support its claim of undue prejudice. In one, the Panel declined to delay remand when the judge of the transferee court recommended that the Panel remand a case because he saw "his role as a transferee judge at an end." In re King Resources Co. Securities Litig., 458 F. Supp. 220, 221-22 (J.P.M.L. 1978). In choosing to remand the case over the opposition of one of the parties, the Panel stated that it "has consistently given great weight to the transferee judge's determination that remand of an action is appropriate." Id. at 222. This case is irrelevant to the circumstances at hand, as the Court has not yet determined whether Assurant should be remanded.

Finally, the Assurant plaintiffs complain that they face prejudice because they lack representation on the Plaintiffs' Steering Committees. Assurant Obj. at 5. To defendants' knowledge, the Assurant plaintiffs have never attempted to take part in one of the steering committees. While this choice may reflect a hope that Assurant will be remanded, their own choice cannot now be utilized as support for their claim of undue prejudice.

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court reject the Assurant Objections and uphold the Stay Order, staying all pending remand motions until resolution of class certification.

Dated: March 20, 2006

DAVIS POLK & WARDWELL

By: /s/ James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

HARE & CHAFFIN

By: /s/ David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 20, 2006.

/s/David B. Chaffin
David B. Chaffin