UNITED STATES DISTRICT COURT
DISTRICT OF MASSASCHUSETTS

In Re: NEURONTIN MARKETING SALES
PRACTICES AND PRODUCTS LIABILITY
LITIGATION

MDL Docket No. 1629

Master File No. 04-10981
THIS DOCUMENT RELATES TO:  Judge Patti B. Saris

ELMENIA JOHNSON, individually and as
Tutor For CAMERON JOHNSON AND LAURYN
JOHNSON v. PFIZER, INC., et al.
EDLA NO. 04-10981

Mag. Judge Leo T. Sorokin

*********************************************

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

This case involves a suicide caused by dangerous side effects of the drug Neurontin, which was consumed by Yashiki Johnson, mother of Cameron and Lauryn Johnson, and daughter of Elmenia Johnson. Plaintiffs have filed state tort claims including wrongful death and survival action claims against both Pfizer, Inc. and Lanita Smith, the Louisiana drug representative of Neurontin for the sale, marketing and/or distribution of Neurontin.

Pfizer, Inc., (without Lanita Smith), petitioned for the removal of this action from state court in Assumption Parish alleging diversity jurisdiction and federal question jurisdiction. This case lacks federal subject matter jurisdiction and removal by Pfizer, Inc. alone was technically improper as Lanita Smith did not join in the removal. Therefore, for the following reasons set forth in this Memorandum, this case should be remanded.

## I. THE PARTIES ARE NOT DIVERSE

Defendant, Pfizer, Inc., claims that this case falls under the diversity jurisdiction of Federal Court of 28 U.S.C. § 1332. However, to meet the diversity and removal requirements of 28 U.S.C. § 1332 and § 1441, respectively, ALL defendants must be diverse at the time of removal. In the original petition served by Plaintiffs on Defendant, Pfizer, Inc., on July 27, 2005, the Louisiana Neurontin drug representative and distributor was named as a Defendant under the fictitious name, John Doe, until such Defendant's name became available through discovery.

Plaintiffs served a supplemental petition on Defendant, Pfizer, Inc. on August 4, 2005, naming Lanita Smith as at least one of Neurontin's Louisiana drug representatives, formerly referred to by Plaintiffs as John Doe. Lanita Smith is a citizen of Louisiana, as are Plaintiffs. Subsequently, Pfizer, Inc. filed for removal on August 9, 2005, erroneously alleging 28 U.S.C. § 1332 diversity jurisdiction. Accordingly, complete diversity did not exist between Plaintiffs and all Defendants on the date Defendant, Pfizer, Inc. filed for removal due to Defendant Lanita Smith's Louisiana citizenship.

## II. PLAINTIFFS HAVE A VALID CAUSE OF ACTION AGAINST LANITA SMITH AND THEREFORE MS. SMITH WAS PROPERLY JOINED

Pfizer, Inc. alleges that Lanita Smith, who was earlier referred to as John Doe, was fraudulently joined. In Pfizer, Inc.'s Notice to Remove, Pfizer, Inc. cites *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) where the Court established a very high burden on the defendant in order to prove fraudulent joinder:

> To establish that nondiverse defendant has been fraudulently joined to defeat diversity jurisdiction, removing party must prove that there has been outright fraud in plaintiff's pleading of jurisdictional facts, or that

> there is absolutely no possibility that plaintiff will be able to establish cause of action against nondiverse defendant in state court.

Pfizer has failed to even come close to meeting the high burden set forth in *Griggs* of proving outright fraud by Plaintiffs or that "no possibility" exists for Plaintiffs to establish a cause of action against Ms. Smith. Pfizer, Inc. makes no showing at all that a tort claim could not be made against the Louisiana drug representative of Neurontin.

Furthermore, in *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), the second case cited by Pfizer, Inc., the Court again places a very high threshold on the finding of fraudulent joinder:

> After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of nonremoving party, court must determine whether that party has any possibility of recovery against the party whose joinder is questioned, when ruling on claim that nondiverse party was fraudulently joined to defeat federal jurisdiction.

Lanita Smith was the Louisiana drug representative and salesperson for Neurontin, the drug from which Plaintiffs' injuries derive. Therefore, Plaintiffs maintain a cause of action in tort for the negligent sales, marketing, and/or distribution of Neurontin within Louisiana. There has been significant media attention and reporting on Neurontin, some of which indicates drug representatives were aware of the unapproved sales and specifically trained how to side-step the inquiries from doctors regarding unapproved usages. Clearly such conduct supports a state law negligence claim. Plaintiffs joinder of Lanita Smith is proper.

### III. THE CLAIMS ASSERTED AGAINST DEFENDANTS DO NOT ARISE UNDER 28 U.S.C. § 1331 FEDERAL QUESTION JURISDICTION

All claims asserted by Plaintiffs against Defendants arise solely under La. C.C. 2315 et. seq. Defendant's violation of FDA regulations is not asserted as a cause of

action but as evidence of negligence. Furthermore, whether or not Pfizer, Inc. violated these FDA regulations is not even a question at issue. Pfizer, Inc. has already plead guilty to charges leveed by the FDA in connection with the sale, marketing and/or distribution of Nuerotin for uses not approved by the FDA. Therefore, there is no issue of federal law or interpretation of federal law in proving Plaintiffs' state law negligence claims.

In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, consumers brought an action against a drug manufacturer in state court, alleging that ingestion of drug resulted in birth defects. After actions were removed to federal court, the United States District Court for the Southern District ot Ohio, Carl B. Rubin, Chief Judge, granted manufacturer's motion to dismiss on forum non conveniens grounds, and consumers appealed. The Court of Appeals, 766 F.2d 1005, reversed and remanded with instructions. After granting certiorari, the Supreme Court, Justice Stevens, held that consumers' state court action against drug manufacturer, based in part on theory that manufacturer's alleged violation of Federal Food, Drug, and Cosmetic Act constituted negligence, did not present a federal question and that removal of the action to federal court was improper. The Court stated that it would "undermine congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of ... federal statute[s] solely because the violation of the federal statute is said to be a 'rebuttable presumption' or a 'proximate cause' under state law, rather than a federal action under federal law." (*Merrel Dow Pharmaceuticals Inc.*)

In Pfizer, Inc.'s Notice to Remove they cited *In re Zyprexa Products Liability Litig.*, 2005 US Dist. Lexis 13204, in effort to support their case for removal. However, in *In re Zyprexa Products Liability,* the core of Plaintiff's claim was for reimbursement of federal and state funds procured from its Medicaid programs stemming from violations of FDA regulations. *In re Zyprexa Products Liability* involved substantially different causes of action and *Merrel Dow Pharmaceuticals Inc.* is directly on point to our present case. Therefore, this case should be remanded for lack of federal question subject matter jurisdiction.

## IV. ALL DEFENDANTS DID NOT JOIN IN REMOVAL

To remove under 28 U.S.C. § 1441, if there is more than one defendant, all defendants must join in the removal. Thus if some defendants are precluded from removing, removal is not authorized. In Pfizer's Notice to Remove, which was filed after Lanita Smith was joined as a Defendant, Ms. Smith did not join in the Notice to Remove and therefore the removal petition is procedurally defective and this matter should be remanded.

## V. PRAYER FOR REMAND AND ATTORNEY'S FEES

Plaintiffs pray that this Honorable Court remand the case to state court due to procedural and substantive defects in the removal pleadings and award "any actual expenses, including attorneys fees, incurred as a result of the removal…" in accordance

with 28 U.S.C. § 1447 and/or Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted:

ROBERT L. MANARD, PLC

BY: _____
Paul E. Mayeaux, Bar #21750
Robert L. Manard Bar # 9076
1100 Poydras Street, Suite 2610
New Orleans, LA 70160
Telephone: (504) 585-7777

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 16th day of March, 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by placing a copy of same in the U.S. Mail, properly addressed and first-class postage prepaid.

_____
PAUL E. MAYEAUX