UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES ) <br> PRACTICES, AND PRODUCTS ) <br> LIABILITY LITIGATION ) <br> ) | MDL Docket No. 1629 <br> Master File No. 04-10981 <br> Judge Patti B. Saris <br> Mag. Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO: ) <br> ) <br> HARDEN MANUFACTURING ) <br> CORPORATION; LOUISIANA HEALTH ) <br> SERVICE INDEMNITY COMPANY, dba ) <br> BLUECROSS/BLUESHIELD OF ) <br> LOUISIANA; INTERNATIONAL UNION ) <br> OF OPERATING ENGINEERS, LOCAL ) <br> NO. 68 WELFARE FUND; ASEA/AFSCME ) <br> LOCAL 52 HEALTH BENEFITS TRUST; ) <br> GERALD SMITH; and LORRAINE KOPA, ) <br> on behalf of themselves and all others ) <br> similarly situated, v. PFIZER INC. and ) <br> WARNER-LAMBERT COMPANY ) | |
| THE GUARDIAN LIFE INSURANCE CO. ) <br> OF AMERICA v. PFIZER, INC. and ) <br> AETNA, INC. v. PFIZER, INC. ) <br> ) | |

**PLAINTIFFS' POST-HEARING SUBMISSION REGARDING FDA RULE**

536457.1

At the May 3, 2006 hearing on Defendants' motion to dismiss, in lieu of oral argument on the point, the Court invited Plaintiffs to submit a written response to Defendants' citation to the Food and Drug Administration's ("FDA's") recent comments regarding preemption contained in <u>Requirements on Content and Format of Labeling for Human Prescription Drug and Biological Products</u>, 71 Fed. Reg. 3922, 3933-36, 2006 WL 160271 (Jan. 24, 2006). <u>See</u> Memorandum of Law of Pfizer Inc. and Warner-Lambert Company In Opposition to Plaintiffs' Joint Objections and Coordinated Plaintiffs' Objections to Report and Recommendation of Magistrate Judge Leo T. Sorokin dated January 31, 2006, at 13, 16 (filed April 10, 2006). Contary to Defendants' argument, the FDA's statements firmly establish that in the agency's own view, Plaintiffs' claims, which are based on fraudulent marketing of Neurontin for *un*approved uses, are *not* preempted.

Two parts of the document are relevant – Part VI-D, Comments on Product Liability Implications of the Proposed Rule (pages 3933-36), and Part X, Executive Order 13132: Federalism (pages 3967-69).[1] The FDA summarized the rule change as follows:

> The final rule revises current regulations to require that the labeling of new and recently approved products include highlights of prescribing information and a table of contents. The final rule also reorders certain sections, requires minor content changes, and sets minimum graphical requirements.

<u>Id</u>. at 3922.

In Part VI-D, the FDA expresses its opinion that state law product liability claims based on a manufacturer's failure to provide warnings beyond the product's FDA-

---

[1] As the FDA explains, "Section 4(c) of Executive Order 13132 instructs us to restrict any Federal preemption of State law to the 'minimum level necessary to achieve the objectives of the statute pursuant to which the regulations are promulgated.'" <u>Id</u>. at 3969.

1

approved labeling are preempted, arguing, in substance, that compliance with the FDA requirements provides a "safe harbor" defense with respect to such claims.[2] Id. at 3933-36 (explaining rationale and providing examples). Immediately following these comments, the agency hastens to add:

> FDA recognizes that FDA's regulation of drug labeling will not preempt all State law actions. The Supreme Court has held that certain State law requirements that parallel FDA requirements may not be preempted (Medtronic, Inc. v. Lohr, 518 U.S. 470, 495 (1996) (holding that the presence of a State law damages remedy for violations of FDA requirements does not impose an additional requirement upon medical device manufacturers but "merely provides another reason for manufacturers to comply with * * * federal law"); id. at 513 (O'Connor, J., concurring in part and dissenting in part); id)).

Id. at 3936 (citations omitted).

In Part X, the FDA further explains that the concerns underlying the FDA's preemption argument are *not* implicated where, as in this case, state law claims are based on alleged misrepresentations and nondisclosures concerning *un*approved uses:

> If State authorities, including judges and juries applying State law, were permitted to reach conclusions about *the safety and effectiveness information disseminated with respect to drugs for which FDA has already made a series of regulatory determinations* based on its considerable institutional expertise and comprehensive statutory authority, the federal system for regulation of drugs would be disrupted. *Where a drug has not been reviewed by FDA and decisions with respect to safety, effectiveness, and labeling have not been made by the agency, expert determinations would not yet have been made by FDA, and such disruption would not occur.*

Id. at 3969 (emphasis added).

---

[2] Plaintiffs do not necessarily subscribe to this conclusion, which, in any event, is irrelevant to the pending motions to dismiss.

536457.1

2

That is precisely the situation here.  By definition, the FDA has *not* approved Neurontin for any "off label" uses, nor has it approved the dissemination of any specific information in connection with those uses.  Because no such "expert determinations" have been made by the FDA, Plaintiffs' claims threaten "no disruption" of the federal regulatory scheme, and are not preempted.  Id.

Dated:  May 12, 2006

Respectfully submitted,

**For the Class:**

 /s/ Barry Himmelstein
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
Barry Himmelstein, Esq.
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339

**GREENE & HOFFMAN**
Thomas Greene, Esq.
125 Summer Street
Boston, MA  02110

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Thomas M. Sobol, Esq.
One Main Street, 4th Floor
Cambridge, MA  02142

**DUGAN & BROWNE**
James Dugan, Esq.
650 Poydras Street, Suite 2150
New Orleans, LA  70130

**BARRETT LAW OFFICE**
Don Barrett, Esq.
404 Court Square North
P.O. Box 987
Lexington, MS  39095

**LAW OFFICES OF DANIEL BECNEL, JR.**
Daniel Becnel, Jr., Esq.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA  70084

**Co-Lead Counsel for Plaintiffs and the Class**

**For Plaintiff Aetna, Inc.:**

*/s/  Peter A. Pease*
    Peter A. Pease, Esq. (BBO #392880)

**BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO**
One Liberty Square
Boston, MA  02109
Telephone:  (617) 542-8300
Facsimile:  (617) 542-1194

**OF COUNSEL:**

**LOWEY DANNENBERG
BEMPORAD & SELINGER, P.C.**
Richard Bemporad, Esq.
Richard W. Cohen, Esq.
Gerald Lawrence, Esq.
Peter St. Phillip, Jr., Esq.
The Gateway – 11th Floor
One North Lexington Avenue
White Plains, NY  10601 – 1714
Telephone:  (914) 997-0500
Facsimile:  (914) 997-0035

**BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO**
Joseph J. Tabacco, Jr., Esq.
425 California Street, Suite 2025
San Francisco, CA  94104-2205
Telephone:  (415) 433-3200
Facsimile:  (415) 433-6382

**JOHN F. INNELLI, LLC**
John F. Innelli, Esq.
1818 Market Street, Suite 3620
Philadelphia, PA  19103
Telephone:  (215) 561-1011
Facsimile:  (215) 561-0012

**For Plaintiffs Guardian Life Insurance Co. of America, Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals:**

*/s/ Thomas G. Shapiro*
   Thomas G. Shapiro (BBO #454680)

Theodore Hess-Mahan (BBO #557109)
**SHAPIRO HABER & URMY LLP**
53 State Street
Boston, MA  02109
Telephone:  (617) 439-3939
Facsimile:  (617) 439-0134

**OF COUNSEL:**
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
Linda P. Nussbaum, Esq.
150 East 52nd Street, 30th Floor
New York, NY  10022
Telephone:  (212) 838-7797
Facsimile:  (212) 8383-7745

-and-

**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
Michael D. Hausfeld, Esq.
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC  20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

**RAWLINGS & ASSOCIATES, PLLC**
Mark D. Fischer, Esq.
Mark Sandmann, Esq.
325 W. Main Street
Louisville, KY  40202
Telephone:  (502) 587-1279
Facsimile:  (502) 584-8580

**JOEL Z. EIGERMAN, ESQ.**
50 Congress Street, Suite 200
Boston, MA  012109
Telephone:  (617) 367-0014
Facsimile:  (617) 523-5612

536457.1                                     6