# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| | Mag. Judge Leo T. Sorokin |
| ASSURANT HEALTH, INC., et al. v PFIZER INC., et al., No. 05-10535-PBS | |

### *ASSURANT* PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO LIFT STAY OF REMAND

The *Assurant* Plaintiffs[1] move this Court to lift the stay of determination of their remand motion since the Court has lifted its stay of its determination of the remand motion in the products liability cases. *See* Order Regarding Products Liability Actions, May 4, 2006 at 2 (Doc. No. 309) ("Products Liability Order"). On February 17, 2006, the Court had previously ruled that "all of the pending Motions for Remand . . . are stayed pending resolution of class certification." Order Staying Remand Motions, Feb. 17, 2006 (Doc. No. 279). On May 3, 2006, the Court amended its Feb. 17, 2006 Order "by lifting the stay as to Motions to Remand in the Products Liability Actions." Products Liability Order at 2. One of the cases specifically

---

[1] The *Assurant* Plaintiffs include the following health benefit payors: ASSURANT HEALTH, INC., and its subsidiaries and affiliates and their self-funded plans; BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. and its subsidiaries and affiliates and their self-funded plans; LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY and its subsidiaries and affiliates and their self-funded plans; BLUE CROSS BLUE SHIELD OF MASSACHUSETTS and its self-funded plans; BLUE CROSS BLUE SHIELD OF MICHIGAN and its subsidiaries and affiliates and their self-funded plans; BLUE CROSS BLUE SHIELD OF MINNESOTA and its subsidiaries and affiliates and their self-funded plans; GROUP HEALTH SERVICE OF OKLAHOMA, INC. and its subsidiaries and affiliates; CAREFIRST, INC. and its subsidiaries and affiliates and their self-funded plans; EXCELLUS HEALTH PLAN, INC. and its subsidiaries and affiliates and their self-funded plans; FEDERATED MUTUAL INSURANCE COMPANY, and its subsidiaries and affiliates and their self-funded plans; HEALTH CARE SERVICE CORPORATION, on behalf of itself and its Illinois, New Mexico and Texas Divisions and their self-funded plans; MUTUAL OF OMAHA INSURANCE COMPANY, and its subsidiaries and affiliates and their self-funded plans; TRUSTMARK INSURANCE COMPANY, and its subsidiaries and affiliates and their self-funded plans; and WELLCHOICE, INC., and its subsidiaries and affiliates and their self-funded plans.

identified by the Court's May 3, 2006 Order is *Johnson v. Pfizer*.  That case is a nonclass case that asserts only state-law claims, and no RICO claims at issue in Pfizer's Rule 12 motion currently pending before Judge Saris.   Similarly, the Court should lift the stay of its determination of remand in the *Assurant* case, which is also a nonclass case asserting only state-law claims and no RICO claims.

The Court has broad discretion to lift the stay of its determination of remand.  The district courts "retain the inherent power to do what is necessary and proper to conduct judicial business in a satisfactory manner."  *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir. 1989).  The Court may exercise its power to treat similarly situated parties alike in order "to process litigation to a just and equitable conclusion."  *Aoude*, 892 F.2d at 1119, quoting *HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 915 (1st. Cir. 1988).

It is even more appropriate for the Court to lift the stay of determination of remand for *Assurant* than it was for the product liability cases.  In *Assurant*, the remand motion has been fully briefed since February 25, 2005.[2] This Court already conducted a hearing on the *Assurant* remand motion on August 18, 2005.   As a result, remand in the *Assurant* case is ripe for resolution by the Court.

Finally, the *Assurant* Plaintiffs will be prejudiced if their remand motion is stayed indefinitely, particularly since subject matter jurisdiction is a threshold issue.  The First Circuit has recognized that a federal court "is obliged to address the propriety of removal as a threshold matter . . . ." *Am. Policyholders Ins. Co. v. Nyacol Prods., Inc.*, 989 F.2d 1256, 1258 (1st Cir. 1993).   The Judicial Panel on Multipanel Litigation has emphasized that the multidistrict litigation statute, 28 U.S.C.  § 1407, should protect plaintiffs from having their cases "enter [] in a 'black hole' never to be seen again."  *In re Asbestos Prod. Liability Litig.*, 771 F. Supp. 415,

---

[2] *See Assurant* Plaintiffs' Status Report Regarding Motion To Remand, May 19, 2005 (Doc. No. 125).

423 (J.P.M.L. 1991).   Without a resolution of their pending remand motion, the *Assurant* plaintiffs have been left in a state of judicial limbo, without the ability to participate in the MDL proceedings, or to move forward with their claims in state court.   As a result, the Court should lift its stay of determination of remand for the *Assurant* plaintiffs.


DATE:  May 17, 2006.


<div style="margin-left:40%">

s/Jeffrey R. Vesel

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Annamarie A. Daley
Jeffrey R. Vesel
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Tel.: 612.349.8500
Fax: 202.223.8604

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
W. Scott Simmer
1801 K Street, N.W., Suite 1200
Washington, DC 20006
Tel.: 202.775.0725
Fax: 612.339.4181

*Attorneys for Assurant Plaintiffs*

</div>