UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING,
       SALES PRACTICES AND
       PRODUCTS LIABILITY LITIGATION

MDL Docket No. 1629

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

Master File No. 04-10981

Judge Patti B. Saris

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Magistrate Judge Leo T. Sorokin

HARDEN MANUFACTURING CORPORATION;
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,
dba BLUECROSS/BLUESHIELD OF LOUISIANA;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL
52 HEALTH BENEFITS TRUST; GERALD SMITH; and
LORRAINE KOPA, on behalf of themselves and all others
similarly situated, v. PFIZER INC. and WARNER-LAMBERT
COMPANY.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC. and

AETNA, INC. v. PFIZER INC.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSE OF PFIZER INC. AND WARNER-LAMBERT COMPANY TO
PLAINTIFFS' POST-HEARING SUBMISSION REGARDING FDA RULE**

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Defendants Pfizer Inc.
and Warner-Lambert Company*

In connection with the Court's deliberations concerning the parties' objections to Magistrate Judge Sorokin's January 31, 2006 Report and Recommendation on Defendants' Motions To Dismiss the Amended Class Complaint and the First Coordinated Amended Complaint (the "Report"), defendants respectfully submit this response to the post-hearing submission, filed on May 12, 2006, of the Class Plaintiffs and the Coordinated Plaintiffs regarding the magistrate judge's recommendation on preemption (the "Submission").

In the Report, the magistrate judge correctly concluded that plaintiffs' "fraud claims based upon the structure of the off-label marketing campaign 'exist *solely by virtue* of the FDCA disclosure requirements, <u>Buckman</u>, 531 U.S. at 353 (emphasis added), and accordingly are preempted." Report 34-35. Plaintiffs' Submission – which includes selected quotations from the Food and Drug Administration's official statement on preemption of state law claims accompanying its Final Rule on Requirements on Content & Format of Labeling for Human Prescription Drug and Biological Products, 71 Fed. Reg. 3922 (Jan. 24, 2006) (the "Final Rule") – does not even attempt to challenge the Report's holding.

The quotations in plaintiffs' Submission do not in any way address the central preemption issue before the Court: whether plaintiffs' claims based on the FDCA's misbranding provisions, i.e., the federal statutory provisions that prohibit off-label promotion, are preempted. In this way, plaintiffs do not – either in their Submission or in their prior briefing – take issue with the Report's conclusion that claims based upon off-label marketing are preempted. <u>See</u> Plaintiffs' Joint Objections to Report and Recommendation on Defendants' Motions To Dismiss the Amended Class Complaint and the First Coordinated Amended Complaint, dated Mar. 3, 2006, at 18-20; Joint Memorandum Law of the Class and Coordinated Plaintiffs in Opposition to Motions To Dismiss, dated Apr. 29, 2005, at 31-35. Thus, the Court should accept the Report's conclusion on this point.

Indeed, far from undermining the Report's conclusion, the FDA's official statement accompanying the Final Rule supports a broad application of preemption principles in pharmaceutical cases.  As plaintiffs concede in their Submission, the FDA clearly states that "state law product liability claims based on a manufacturer's failure to provide warnings beyond the product's FDA-approved labeling are preempted."  Submission at 1-2 (citing Final Rule at 3933-36).  In addition, the agency's reasoning directly supports the logic underlying Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341, 349-353 (2001).  As the agency makes clear, civil claims that call for courts to interpret FDA regulations interfere with the agency's difficult task of balancing competing interests and accordingly are preempted.  71 Fed. Reg. at 3935 ("State law actions can rely on and propagate interpretations of the act and FDA regulations that conflict with the agency's own interpretations and frustrate the agency's implementation of its statutory mandate."); cf. id. at 3936 (citing Buckman).

Plaintiffs' sole contention in their Submission is more narrow and is consistent with the Report's conclusion at 35-37:  that their claims "based on alleged misrepresentations and nondisclosures" are not preempted.  Submission at 2.  Whether or not the Report's conclusion on this point is correct as a matter of preemption law,[1] plaintiffs have failed after repeated opportunities to plead an actionable fraudulent statement or omission with particularity.  See Response by Pfizer Inc. and Warner-Lambert Company to Plaintiffs' Post-Hearing Submission on Chart Identifying False Statements and Materials Omissions Alleged in Complaints, filed

---

[1] See Objections of Pfizer Inc. and Warner-Lambert Company to Report and Recommendation of Magistrate Judge Leo T. Sorokin Dated January 31, 2006, dated Mar. 3, 2006, at 3, no. 12 (objecting to this recommendation); see also Memorandum of Pfizer Inc. and Warner-Lambert Company in Support of Their Motions To Dismiss the Amended Class Action Complaint and the First Coordinated Amended Complaint, dated Mar. 17, 2005, at 31-35; Reply Memorandum of Pfizer Inc. and Warner-Lambert Company in Further Support of Their Motions To Dismiss the Amended Class Action Complaint and the First Coordinated Amended Complaint, dated May 16, 2005, at 30-35.

May 19, 2006.  Accordingly, even if plaintiffs' claims based on alleged misrepresentations or

omissions are not preempted, they must still be dismissed.

Dated:  May 26, 2006

                              DAVIS POLK & WARDWELL

                              By:  /s/ James P. Rouhandeh
                                   James P. Rouhandeh

                              450 Lexington Avenue
                              New York, New York 10017
                              (212) 450-4000

                                   - and -

                              HARE & CHAFFIN

                              By:  /s/ David B. Chaffin
                                   David B. Chaffin

                              160 Federal Street
                              Boston, Massachusetts 02110
                              (617) 330-5000

                              *Attorneys for Defendants Pfizer Inc. and
                              Warner-Lambert Company*


### CERTIFICATE OF SERVICE

       I hereby certify that this document filed through the ECF system has been served
pursuant to Case Management #3 on May 26, 2006.

                              /s/David B. Chaffin