# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

JAMES P. ROUHANDEH
212 450 4835
james.rouhandeh@dpw.com

May 3, 2005

Re:   **In re Neurontin, 04-CV-6704**

Kenneth Fromson, Esq.
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, New York 12550

Dear Ken:

     I write to follow up on our telephone conference of May 2 at which we discussed our letter to you of April 29. I now write confirm our understanding of various issues raised during and following the conference with Judge Rakoff in the above-referenced action on April 14, 2005. Aside from the agreement of a new case management schedule which the judge ordered, each party listed issues to present to the Court for resolution. The following memorializes the agreements among the parties regarding those issues.

     Defendants requested that Plaintiffs cure the deficiencies to authorizations that are preventing Defendants from obtaining documents from health care providers and others. Defendants also requested that Plaintiffs produce all medical and other documents regarding individual Plaintiffs and health care providers in possession of Plaintiffs' counsel. The judge ordered Plaintiffs' compliance with these requests within 30 days or by Monday, May 16, 2005.

     Plaintiffs requested supplemental Rule 26(a) disclosures that contain, specifically, the names of relevant employees. The parties agreed to supplement their respective Rule 26(a) disclosures by May 16, 2005. In this regard, Defendants have agreed to refer to Plaintiffs' Interrogatory 19 for examples of the types of areas in which Plaintiffs would like identification of witnesses.

Kenneth Fromson, Esq.  2  May 3, 2005

    Plaintiffs further seek production of the following databases: Adverse Events, Medical Communications, Sales and Marketing, Visitor Speakers' Bureau and other, unnamed databases that were apparently discussed at a meet-and-confer in 2004. With respect to the issue of database disclosure, Defendants agreed to provide, by May 4, 2005, the Adverse Events database, consistent with the schedule in the Young state court action. Plaintiffs agreed to extend that deadline to May 6, 2005. The Court has now ruled on the scope of production for the Medical Communications and Sales and Marketing databases. Defendants have agreed to produce those databases without imposing any geographic restriction and consistent with the Court's Order.

    Plaintiffs requested the complete Franklin production. Defendants agreed to produce the remaining documents from that production, as well as the remaining depositions from the Franklin matter.

    The parties conferred at length regarding responses to Plaintiffs' Interrogatories. Without waiver of Defendants' objections, the parties reached the agreements set forth below with respect to each Interrogatory.

1. Plaintiffs agreed to withdraw Interrogatory No. 1.

2. The parties agreed that Interrogatory No. 2 would be satisfied by Defendants' agreement to provide the annual reports publicly filed with the SEC for the years Neurontin has been marketed and sold by May 16, 2005. Defendants provided such documents to Plaintiffs on April 15, 2005.

3. The parties agreed that Interrogatory No. 3 would be satisfied by Defendants' agreement to provide annual dollar sales figures, and, if available, profit figures, for Neurontin by May 16, 2005, without limitation as to geographic region or time period. The parties agreed to discuss the availability of profit information on or before June 1, 2005.

4. The parties agreed that Interrogatory No. 4 has been and should be satisfied by Defendants' production of the NDA.

5. The parties agreed to discuss further Interrogatory No. 5.

6. The parties agreed that Interrogatory No. 6 has been and should be satisfied by Defendants' production of the NDA.

7. The parties agreed that Interrogatory No. 7 has been and should be satisfied by Defendants' production of the NDA and the research reports.

Kenneth Fromson, Esq.                      3                      May 3, 2005

8. The parties agreed that Interrogatory No. 8 would be satisfied by Defendants' production of the Adverse Event Reports and in light of the fact that additional information may be contained in documents produced from employee or departmental files.

9. The parties agreed that Interrogatory No. 9 has been and should be satisfied by Defendants' production of the NDA and the Neurontin research reports.

10. The parties agreed that Interrogatory No. 10 has been and should be satisfied by Defendants' production of the NDA.

11. The parties agreed that additional discussions with Laura Kibbe would be necessary with regard to Interrogatory No. 11.

12. The parties agreed that Interrogatory No. 12 would be satisfied by Defendants agreement to identify those persons with knowledge of the label and labeling information regarding Neurontin in Defendants' supplemental Rule 26(a) disclosures.

13. The parties agreed that Interrogatory No. 13 would be satisfied by Defendants' agreement to produce any "Dear Doctor" letters relating to Neurontin in response to Request for Production No. 16.

14. The parties agreed that Interrogatory No. 14 would be satisfied by Defendants' agreement to produce any statement by Company employees to the press regarding the adverse effects of Neurontin, not limited to suicide, in response to Request for Production No. 17.

15. The parties agreed that Interrogatory No. 15 is premature at this stage of the litigation.

16. Plaintiffs agreed to withdraw Interrogatory No. 16.

17. The parties agreed to discuss Interrogatory No. 17 at a later date.

18. The parties agreed that Interrogatory No. 18 has been and should be satisfied by Defendants' production of the research reports and in light of the fact that additional information may be contained in documents produced from employee or departmental files.

19. The parties agreed that Interrogatory No. 19 would be satisfied by Defendants' agreement to provide supplemental Rule 26(a) disclosures and in light of the fact that additional information may

Kenneth Fromson, Esq.                          4                           May 3, 2005

           be contained in documents produced from employee or departmental files.

     In addition, the parties agreed that database documents should be produced first, and that documents from employee or any departmental files would commence in a rolling production thereafter. While a firm date has not been determined, the parties have tentatively agreed that beginning in the end of May a rolling production of responsive documents would be provided on the last day of every month (i.e., May 31, 2005, June 30, 2005, July 31, 2005, etc.).

     The parties conferred at length regarding responses to Plaintiffs' Requests for Production. Without waiver of Defendants' objections, the parties reached the agreements set forth below with respect to each Request for Production.

1. The parties agreed that Request No. 1 would be satisfied by Defendants' agreement to produce documents sufficient to identify the full corporate name, date and place of incorporation of Defendants and any division or subsidiary of Defendants which is or was responsible for the design or marketing of Neurontin by May 16, 2005.

2. The parties agreed that Request No. 2 would be satisfied by Defendants' agreement to produce documents sufficient to identify the persons who have been and will be primarily responsible for responding to the Requests for Production by May 16, 2005.

3. The parties agreed that Request No. 3 would be satisfied by Defendants' agreement to produce documents sufficient to show the NDC codes of each formulation and dose of Neurontin, and the dates upon which those formulations became available, by May 16, 2005. Defendants believe that this request has been satisfied by Defendants' production of the NDA.

4. The parties agreed that Request No. 4 has been and should be satisfied by Defendants' production of the NDA and the research reports, and in light of the fact that additional information may be contained in documents produced from employee or departmental files.

5. The parties agreed that Request No. 5 has been and should be satisfied by Defendants' production of the NDA and the research reports, and in light of the fact that additional information may be contained in documents produced from employee or departmental files.

Kenneth Fromson, Esq.                    5                        May 3, 2005

6. The parties agreed that Request No. 6 would be satisfied by Defendants' agreement to produce documents containing any statement that the Neurontin label was inaccurate or incomplete, not limited to suicide, after the production of databases. To the extent that such documents are also found in employee or departmental files, Defendants agree to produce such documents after production of the databases.

7. The parties agreed that Request No. 7 would be satisfied by Defendants' agreement to produce the Neurontin labels by May 16, 2005. Defendants believe such documents for the United States were provided to Plaintiffs on April 15, 2005.

8. The parties agreed that Defendants could not attempt to identify documents responsive to Request No. 8 until Plaintiffs provide responses to written discovery previously propounded by Defendants listing the names of Plaintiffs' physicians. The parties agreed to discuss Plaintiff's request for databases relating to samples on May 9, 2005.

9. The parties agreed that Defendants could not attempt to identify documents responsive to Request No. 9 until Plaintiffs provide responses to written discovery previously propounded by Defendants. Defendants agreed to provide such responses within 30 days of receipt from Plaintiffs of such information.

10. The parties agreed that Defendants could not attempt to identify documents responsive to Request No. 10 until Plaintiffs provide responses to written discovery previously propounded by Defendants listing the names of Plaintiffs' physicians. Defendants agreed to provide such responses within 60 days of receipt from Plaintiffs of such information.

11. The parties agreed that Request No. 11 has been and will be satisfied by Defendants' production of the NDA and the research reports. To the extent that such documents are also found in employee or departmental files, Defendants agree to produce such documents after production of the databases.

12. The parties agreed that Request No. 12 was not formulated properly. The parties agreed that Request No. 12 would be satisfied by Defendants' agreement to provide supplemental Rule 26(a) disclosures.

Kenneth Fromson, Esq.                    6                          May 3, 2005

13. The parties agreed that Request No. 13 has been or will be satisfied by Defendants' production of databases.

14. The parties agreed that this request has been withdrawn without prejudice and that Plaintiffs acknowledge that they do not require production of MedWatch forms. Defendants agreed to provide sample MedWatch forms.

15. The parties agreed that Request No. 15 would be satisfied by Defendants' agreement to provide documents from the regulatory affairs department relating to any changes to the Neurontin label, not limited to suicide, after the production of databases. To the extent that such documents are also found in employee or departmental files, Defendants agree to produce such documents after production of the databases.

16. The parties agreed that Request No. 16 would be satisfied by Defendants' agreement to produce any "Dear Doctor" letters relating to Neurontin, not limited to suicide, by May 16, 2005, and by Defendants' production of databases.

17. The parties agreed that Request No. 17 would be satisfied by Defendants' agreement to produce any statement by Company employees to the press regarding the adverse effects of Neurontin, not limited to suicide, by May 16, 2005.

18. Plaintiffs agreed to withdraw Request No. 18.

19. The parties agreed that Request No. 19 would be satisfied by Defendants' agreement to produce, subject to confirmation by Pfizer, U.K. labels for Neurontin, to the extent they are readily accessible in the United States. The parties agreed to discuss the accessibility of U.K. labels on May 9, 2005.

20. The parties agreed that Request No. 20 would be satisfied by Defendants' agreement to provide supplemental Rule 26(a) disclosures.

Kenneth Fromson, Esq.                  7                          May 3, 2005

      Please let me know if the foregoing is not consistent with your understanding of the agreements the parties reached on April 14.

Very truly yours,

James P. Rouhandeh

<u>By Facsimile, Electronic Mail & Mail</u>