UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
In re: NEURONTIN MARKETING,
SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
---------------------------------------------------------x
THIS DOCUMENT RELATES TO:

PRODUCTS LIABILITY ACTIONS


---------------------------------------------------------x

: MDL Docket No. 1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T.
: Sorokin

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
CONCERNING SCHEDULING OF RULE 30(B)(6) DEPOSITION**

Defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants") submit this memorandum in support of their motion for the entry of a protective order that the Rule 30(b)(6) deposition of Defendants shall not occur before July 18, 2006.

### BACKGROUND

Products Liability Plaintiffs have noticed for June 13, 2006, a Rule 30(b)(6) deposition of Defendants concerning 20 separate topics related to a document entitled "Research Report No.: RR-REG 720-02957, Title: Integrated Summary of Safety Information of Gabapentin Capsules" (the "Integrated Summary"). (Zissu Dec., Ex. A.) The Integrated Summary is a 1,000+-page, dense, technical document that summarizes extensive data concerning the safety of Neurontin. (Zissu Dec., ¶ 3.)

Defendants recently identified a designee for the deposition. The designee is a high-level, very busy employee of Pfizer. He has other commitments in June and early July. Were he

forced to sit for the deposition in June or early July, it would prevent him from attending to other important business. (Zissu Dec., ¶ 4.)

Even if the designee were available, short of a monumental effort, he would not be ready to testify. Under Rule 30(b)(6), the production of a thoroughly-prepared witness is required. See, e.g., Berwind Property Group Inc. v. Environmental Management Group, Inc., 233 F.R.D. 62, 66 (D. Mass. 2005) (corporation has obligation to educate Rule 30(b)(6) designee). The topics as to which Products Liability Plaintiffs seek testimony are broad and technical. The designee will be required to testify concerning the extensive body of data regarding the safety of Neurontin, a critical subject. Preparing the designee will take a great deal of time and effort. To complete the preparation before mid-July, if possible at all, would require Defendants to disrupt significantly the designee's schedule. (Zissu Dec., ¶ 5.)

In view of the foregoing, Defendants proposed an alternative date, July 18, for the deposition. The designee is available on July 18, and postponing the deposition until then would allow Defendants sufficient time to prepare him adequately. Products Liability Plaintiffs rejected the proposal. (Zissu Dec., ¶ 6.) Counsel explained that the basis for rejecting the proposal was that Plaintiffs do not want to consent to any discovery continuances because they do not want to bear any responsibility for any possible extensions of the discovery cut-off date. (Zissu Dec. ¶ 6.) Plaintiffs' counsel offered no other basis for rejecting the July 18, 2006 deposition date offered by Defendants. (Zissu Dec. ¶6.)

### ARGUMENT

Rule 26(c) of Federal Rules of Civil Procedure provides that "upon motion by a party or by the person from whom discovery is sought . . . the Court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or

expense . . ..” Fed. R. Civ. P. 26(c); see also Gill v. Gulfstream Park Racing Assoc., Inc., 399 F.3d 391, 402 (1st Cir. 2005) (noting that Rule 26(c) is "highly flexible" and "requires an individualized balancing of the many interests that may be present in a particular case") (citation omitted); accord 8 C.A. Wright, A.R. Miller & R.L. Marcus, Federal Practice and Procedure, § 2036 (2d ed. 1994) (with respect to Rule 26(c), "a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule"). A protective order may be issued pursuant to Rule 26(c) where there is a failure to accommodate reasonable deposition scheduling requests, especially where the deponent is a high ranking employee of the party being deposed. See, e.g., Hauser v. Farrell, 14 F.3d 1338, 1344 (9th Cir.) (affirming grant of protective order and order of payment of costs related thereto where plaintiff failed to accommodate alternative deposition dates, and stressing that "[o]bstructive refusal to make reasonable accommodation, such as plaintiff exhibited, not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients"), overruled on other grounds by Central Bank v. First Interstate Bank, 511 U.S. 164, 173 (1994); Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc., 1997 WL 53184 at *6 (S.D.N.Y.) (directing parties to schedule plaintiff's CEO's deposition "so as to minimize the disruption of his schedule"); Rhodeman v. Robertson and Penn, Inc., 141 F.R.D. 514, 515-16 (D. Kan. 1992) (finding good cause shown to quash deposition where failure to accommodate good faith effort to schedule deposition).

Requiring Defendants to proceed with the Rule 30(b)(6) before July 18 would be oppressive and unduly burdensome and expensive. The designee would be prevented from attending to other important business, which would be prejudicial to Pfizer. Further, it would force Defendants to choose between diverting otherwise-occupied personnel to preparing for the

3

deposition and producing an unprepared designee. The former course would be inefficient and expensive and would needlessly slow progress on other aspects of the case. The latter would be wasteful because it inevitably would prolong the deposition, increasing the costs to all parties.

Accordingly, Defendants respectfully request that the Court enter a protective order that the deposition not be held before July 18. No prejudice to Products Liability Plaintiffs will result. There will be plenty of time for them to complete the Rule 30(b)(6) deposition. In fact, the postponement may inure to their advantage, for it will ensure that they have an adequately-prepared witness.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter a protective order that the Rule 30(b)(6) deposition of Defendants not occur before July 18, 2006.

Dated: June 6, 2006

                        DAVIS POLK & WARDWELL

                        By:  /s/ James P. Rouhandeh
                              James P. Rouhandeh

                        450 Lexington Avenue
                        New York, New York 10017
                        (212) 450-4000

                              - and -

HARE & CHAFFIN

By:   /s/ David B. Chaffin
      David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company*

### CERTIFICATION OF COMPLIANCE

     Pursuant to Local Rule 37.1, I certify that I conferred with opposing counsel in good faith to narrow the areas of disagreement to the greatest extent possible. The conference consisted of a telephone conference with Mr. Fromson on June 3, 2006.

/s/Erik M. Zissu

### CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 6, 2006.

/s/David B. Chaffin