UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------x
                                          :  MDL Docket No. 1629
In re:  NEURONTIN MARKETING,              :
        SALES PRACTICES AND                :  Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION      :
------------------------------------------x  Judge Patti B. Saris
                                          :
THIS DOCUMENT RELATES TO:                 :  Magistrate Judge Leo T.
                                          :  Sorokin
        PRODUCTS LIABILITY ACTIONS         :
                                          :
                                          :
                                          :
------------------------------------------x
```

## DECLARATION OF ERIK M. ZISSU

I, Erik M. Zissu, state, under the penalties of perjury, the following:

1. I am an associate at Davis Polk & Wardwell, counsel to defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants").

2. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3. The document entitled "Research Report No.: RR-REG 720-02957, Title: Integrated Summary of Safety Information of Gabapentin Capsules" is a 1,000+-page, dense, technical document that summarizes extensive data concerning the safety of Neurontin.

4. Defendants recently identified a designee for the Rule 30(b)(6) deposition. The designee is a high-level, very busy employee of Pfizer. He has other commitments in June and early July. Were he forced to sit for the deposition in June or early July, it would prevent him from attending to other important business.

5. The topics as to which Products Liability Plaintiffs seek testimony are broad and technical. The designee will be required to testify concerning the extensive body of data regarding the safety of Neurontin, a critical subject. Preparing the designee will take a great deal of time and effort. To complete the preparation before mid-July, if possible at all, would require Defendants to disrupt significantly the designee's schedule.

6. In view of the foregoing, Defendants proposed an alternative date, July 18, for the deposition. The designee is available on July 18, and postponing the deposition until then would allow Defendants sufficient time to prepare him adequately. Products Liability Plaintiffs rejected the proposal. Plaintiffs' counsel explained that the basis for rejecting the proposal was that Plaintiffs do not want to consent to any discovery continuances because they do not want to bear any responsibility for any possible extension of the discovery cut-off date. Plaintiffs' counsel offered no other basis for rejecting the July 18 deposition date offered by Defendants.

SIGNED UNDER THE PENALTIES OF PERJURY<br>THIS 6th DAY OF JUNE 2006.

/s/Erik M. Zissu
Erik M. Zissu

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 6, 2006.

/s/David B. Chaffin