UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING,
       SALES PRACTICES AND PRODUCTS
       LIABILITY LITIGATION

: MDL Docket No. 1629

:

: Master File No. 04-10981

Judge Patti B. Saris

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:


PRODUCTS LIABILITY ACTIONS

: Magistrate Judge Leo T. Sorokin
:
:
:
:
:
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## TEMPLATE DISCOVERY: DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS DIRECTED TO PRODUCTS LIABILITY PLAINTIFFS

As per Magistrate Sorokin's request, set forth below is Defendants'

Request for Production of Documents and Things, Product Plaintiffs'

corresponding objections, and the agreement reached among the parties.  To the

extent there is a disagreement among the parties, the respective parties' position is

located immediately after that section styled, "Agreement as to Request" and is

highlighted for your Honor's consideration.  On or before June 9, 2006, the

parties will set forth arguments in support of their respective positions.

      Plaintiffs' counsel and defense counsel have met and conferred regarding

Defendants' First Request for Production of Documents and Things and

Plaintiffs' Responses thereto.

## DEFENDANTS' DEFINITIONS

1.      As used herein, the terms "plaintiff", "you" and "your" shall refer

to the plaintiff or plaintiffs of each individual action consolidated in the above-

captioned MDL proceeding, the person allegedly harmed by his/her ingestion of the prescription medication Neurontin, and their agents and/or attorneys acting in their capacities for plaintiff.

2.      As used herein, the terms "Complaint" shall refer to each individual Complaint filed on behalf of each plaintiff in the above captioned matter.

3.      As used herein, the term "document" means any writing (whether printed, typed, photocopied, handwritten, recorded, stored, or produced, or reproduced by any other process), drafts and final versions, and all originals as well as copies that differ from originals in any respect (including, but not limited to, differences due to handwritten notes, editing, interlineations, blind copies or any other alterations), or any other computation of information that is in the possession, custody or control of you or your attorneys or agents, and includes, without limitation, any and all: appointment books, articles, brochures, bulletins, calendars, charts, communications (intra-office, inter-office, external and other), computer memory and printouts, correspondence, desk-pads, diaries, drafts, electronic mail messages, forecasts, graphs, letters, memoranda, microfiche, microfilm, minutes of meetings, newspaper clippings, notebooks, notes, periodicals, projections, recordings, records, reports, statements, studies, summaries, tapes, telecopies, telegrams, telephone messages, videotapes and voice mail messages.

4.      The term "communication" means any transfer of information, whether external or internal, by any written, oral, electronic or other means

2

including, but not limited to, meetings, discussions, telephone conversations, voice mail, contracts, letters, memoranda, electronic mail, correspondence, reports, statements, consultations and negotiations.

5.    The terms "concerning" or "relating to" mean directly or indirectly, referring to, reflecting, describing, evidencing, memorializing or constituting.

6.    "Identify", when used with respect to a person, means to give the person's full name, present or last known home address and business address and home and business telephone numbers, e-mail address, the present or last known position and business affiliation of the person, and the position and business affiliation of the person at the time of his actions in connection with the matters alleged in each action.

7.    "Identify", when used with respect to a document or a writing, means to give the type of document or writing (e.g., letter, memorandum, telegram, chart, report), date, file and/or identifying symbol, its subject matter, the total number of pages thereof, its present location and custodian (or its disposition if no location or custodian is specified), and to identify the author, addressee and each recipient of such document.

8.    "Identify", when used with respect to a communication, means to state the date and place where the communication occurred, the type of communication (e.g., letter, telegram, conference, telephone call), the identity of each person who made, received or otherwise observed, heard or witnessed such communication, the general subject matter thereof and, for all alleged

misrepresentations, the specific content thereof, and the identity of each document referring or relating to such communication.

9.     The term "health care provider" includes physicians, medical doctors, chiropractors, internists, osteopaths, psychologists, psychiatrists, therapists, counselors, social workers, nurses, pharmacists, social workers, or any individual who provided any care, treatment, diagnosis, test, therapy, counseling or advice.

10.     The term "private payor" includes any non-government entity or program that reimburses you or provides you with prescription drug benefits or health care services, including but not limited to health insurance companies, Medigap insurers, health maintenance organizations, preferred provider organizations, self-insurance plans, health plans, insurance indemnity plans, unions, and welfare and benefit funds.

11. The term "government payor" includes any federal or state government entity or program that provides you with health care services, including but not limited to the Centers for Medicare and Medicaid Services, Medicare, and Medicaid.

12.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the response all information that would be excluded if such words were not so construed.

13.     The term "each" includes "all" and "every". Whenever a request calls for documents with respect to "each" one of a particular type of occurrence, communication or other matter of which more than one exists, identify separately,

4

and in chronological order, each instance of the occurrences, communications or other matters referred to, and provide for each such instance all of the documents called for immediately following such identification.

14.    The use of the plural shall include the singular and the use of the singular shall include the plural.

15.    The word "including" means "including without limitation".

16.    The use of the masculine gender includes the feminine gender.

## DEFENDANTS' INSTRUCTIONS

1.    These requests are intended to cover all documents in your possession or subject to your custody or control, including documents in the possession, custody or control of your agents or attorneys acting in their capacities for you. These requests are also intended to cover any and all documents you are authorized to retrieve.

2.    Each request for a document contemplates production of the document in its entirety, without abbreviation or expurgation.

3.    If any requested documents cannot be produced in full, please produce them to the extent possible, specifying each reason for your inability to produce the remainder thereof and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

4.    If any document is no longer in your possession, custody, or control and cannot be retrieved by you, please identify the document in detail and state with specificity the location(s) of the document.

5

5.      Unless otherwise indicated, responses shall include any documents relating to each plaintiff for a period of twenty years preceding the date of this request.

6.      If any document responsive to this request was formerly in your possession, custody, or control and has been lost or destroyed, please identify that document with reasonable particularity, specifying (if lost) the circumstances under which the document was lost or (if destroyed) the date of destruction, manner of destruction, reason for destruction, the person who authorized destruction, and the person who destroyed the document and stating whatever information, knowledge, or belief you have concerning its contents.

7.      These requests are of continuing effect, and to the extent that any time after the production of documents called for by this request, you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

8.      All documents requested are to be produced if they are in Plaintiff's custody, possession or control, and are available or accessible to them.

9.      If Plaintiffs claim that any document to be produced is privileged or constitutes attorney work product, Plaintiffs are requested to submit a written statement that:

a.      identifies the person with knowledge of the information or the author of the document and, if applicable, the persons with whom the information was shared or to whom the document was sent;

6

      b.      specifies the date on which the document was prepared or transmitted;

      c.      describes the nature of the document (*e.g.*, letter, interoffice memorandum, telegram, notes, etc.), the subject matter of the document, the number of pages of the document with attachments, if any, and its present custodian;

      d.      states briefly the factual basis for the privilege asserted; and

      e.      provides the number of document requests to which such information or documents is responsive.

10.    If any of the documents or communications requested herein have been destroyed, Plaintiffs are requested to submit a written statement that:

      a.      identifies the person who prepared or authored the documents and, if applicable, the persons to whom the documents were sent;

      b.      specifies the date on which the documents were prepared or transmitted;

      c.      describes the nature of the documents (*e.g.*, letter, interoffice memorandum, telegram, notes, etc.), the subject matter, and the total number of pages thereof; and

      d.      states the date upon which the documents were destroyed and the reason they were destroyed.

11.    Documents shall be produced as they are or have been kept in the ordinary course, including the original file folder and label or other similar identification devices.

12.    To the extent that you view any document request as vague or imprecise, counsel for Defendants offers to confer with Plaintiffs' counsel as to the intended scope of such document request *prior* to your response hereto.


## OBJECTIONS PERTAINING TO ALL REQUESTS
## (GENERAL OBJECTIONS)

1.    Plaintiff, by his/her attorneys, hereby objects and responds to Defendants' First Request for Production of Documents and Things dated May 8, 2006. These responses and objections are made without in any way waiving or intending to waive, but on the contrary reserving and intending to reserve, the right to object on any additional ground at any time to a demand for further response, and the right at any time to revise, supplement, correct, or add to these responses and objections.

2.    Plaintiff objects to the Requests to the extent they seek Production of documents protected from disclosure by various privileges or immunities, including attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity. To the extent that such documents are inadvertently produced in response to the document requests, the production of such documents shall not constitute a waiver of the Plaintiff's right to assert the applicability of any privilege or immunity to the documents, and any such document will be subject to return on demand.

8

3.    Plaintiff objects to the Requests to the extent that they seek "all" documents that relate to the information sought in a particular request, on the ground that such requests fail to describe the document with reasonable particularity and therefore are overly broad and burdensome.

4.    Plaintiff objects to the Requests to the extent that they seek to impose discovery obligations on the broader than, or inconsistent with, those set forth in the Federal and Local Rules of Civil Procedure or any other applicable rules.

5.    Any use of the Definitions contained in the Request or the individual requests by the Plaintiff for the purposes of responding to the Request does not constitute a waiver of any objection.

6.    Any statement by the Plaintiff to the effect that the Plaintiff will produce documents responsive to any individual Request should not be construed to mean that any responsive documents exist. The Plaintiff does not concede that any of the documents provided in response to these Requests are relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence. The Plaintiff reserves the right to object to the admissibility at trial of any of the information provided in response to these Requests.

7.    The Plaintiff objects to the Requests to the extent they call for the production of documents that are neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

9

8.     The Plaintiff objects to the Requests to the extent that they are not limited to a particular time period, but instead seek information for an unlimited, 20 year or 10 year time frame. As such, the Requests are overly broad, unduly burdensome and seek the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

9.     The Plaintiff objects to the Requests to the extent that they are vague, ambiguous, and/or incomprehensible, requiring the [Plaintiffs] to engage in conjecture as to their meaning.

10.     All General Objections apply to each individual Request without reiteration in the response thereto. Reference to a General Objection is a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any Request.

11.     In providing these responses, the Plaintiff specifically does not intend to stipulate to the admissibility of any statement or subject matter contained or referenced to in any request or response. Rather, the Plaintiff expressly reserves and does not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any further proceeding in this action.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

All medical records, surgical records, mental/emotional health records, x-rays, radiographic films, pathology materials, including but not limited to slides and other tissue samples, or any other records or materials related to any diagnostic or treatment tests or procedures, financial records, bills, invoices, writings, notes or memoranda relating to all of the plaintiff's physical, medical or mental/emotional conditions, illnesses or disabilities, including but not limited to

those of doctors, nurses, practitioners, hospitals, clinics, institutions or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the plaintiff's contention that such physical, medical or mental conditions, illnesses, or disabilities were caused in any way by the defendants or any agent or employee of the defendants:

   (a)   for a period of 20 years before and up to the date of the first occurrence alleged in the Complaint.

      (b)   for a period of time commencing on the date of the first occurrence alleged in the Complaint up to and including the present date.

## OBJECTION AS TO REQUEST NO. 1

In addition to the General Objections, the Plaintiff objects to Request No. 1 on the ground that it is overly broad in seeking records "for a period of 20 years." The Plaintiff further objects to the Request on the ground that it is unduly burdensome, oppressive and, to the extent that it seeks records concerning any and all medical treatment of any kind and is remote in time, irrelevant to this action. The Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the Plaintiff.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 1

Subject to and without waiving the General Objections and the foregoing specific objections, the plaintiff will provide under separate cover medical records in his/her possession or in the possession of counsel and authorizations to obtain the requested records and materials to the extent Plaintiff can do so, after using reasonable diligence to identify responsive materials or sources, sought in the Request for the time period since five (5) years before Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier. See also medical records annexed to plaintiff's Rule 26(a)(1) Disclosures and subsequent medical exchanges.

11

**POSITION OF PARTIES AS TO REQUEST NO. 1**
**Defendants:**
Plaintiff should be required to produce all records in his or her possession, custody or control.  Plaintiff's objection and agreement, which attempt to limit responsive documents to only those that are in the plaintiff's "possession" or in the "possession" of plaintiff's counsel violates the Federal Rules of Civil Procedure.  Further, it is defendants' position that records within the physical possession of plaintiff's health-care providers are within the custody and control of plaintiff and should be produced.  Production of authorizations is insufficient, and impermissibly shifts the burdens and costs of production to defendants.

In addition to the foregoing, plaintiff should be required to produce all documents relating to the condition for which Neurontin was prescribed, irrespective of the date of those documents.  A uniform time limitation is not appropriate. Defendants further believe plaintiff should be required to produce all records in his or her possession, custody or control that relate to suicide, suicide attempt, other psychiatric conditions and/or any other alleged condition that is the subject of plaintiff's lawsuit.

**REQUEST NO. 2:**

Plaintiff's state and federal tax returns from January 1, 1995 through the date of this notice.

**OBJECTION AS TO REQUEST NO. 2**

In addition to the General Objections, the plaintiff objects to Request No.

2 on the ground that it seeks the production of tax returns for the entire period

from January 1, 1995 through the date this notice.  The plaintiff further objects to

Request No. 2 on the ground that it seeks irrelevant information that is not

reasonably calculated to lead to the discovery of admissible evidence and invades

plaintiff's personal privacy rights.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 2**

Subject to and without waiving the General Objections and the foregoing

specific objections, the plaintiff will provide plaintiff's W-2s for the five (5) years

immediately preceding the injury complained of.

**POSITION OF PARTIES AS TO REQUEST NO. 2**

**Defendants:**

Plaintiff should be required to produce tax returns for the 5 years immediately preceding the injury alleged in the complaint through the present.

## REQUEST NO. 3:

Any document relating to any medical or accident insurance which plaintiff had in effect from January 1, 1995 through the date of this notice.
**OBJECTION AS TO REQUEST NO. 3**

In addition to the General Objections, plaintiff objects to Request No. 3 on

the ground that it is overly broad and unduly burdensome in that it seeks the

production of documents relating to medical or accident insurance for the entire

period from January 1, 1995 through the date of this notice.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 3**

Subject to and without waiving the General Objections and the foregoing specific objections, plaintiff will provide documents in his/her possession concerning any government payor or private payor that has provided medical, prescription, disability, accidental or life insurance on plaintiff, either individually or as a member of an insured family, including the group insurance coverage and coverage under policies of insurance issued to or on behalf of parents and/or spouses during the five (5) year period immediately preceding the injury complained of.

**POSITION OF PARTIES AS TO REQUEST NO. 3**
**Defendants:**
Plaintiff appears to resist production of documents sufficient to show whether he/she received any payments under any medical or accident insurance. In addition to those documents plaintiff has agreed to furnish, defendants seek documents sufficient to show whether plaintiff received any payments from any such government or private payor. Additionally, plaintiff should be required to produce all records in his or her possession, custody or control. Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure.

13

## REQUEST NO. 4:

Each bottle and label in plaintiff's possession, custody or control of any product, drug or device referred to in the Complaint or other drug (whether prescription or otherwise) taken by plaintiff during the pertinent time of the matters alleged in the Complaint.

## OBJECTION AS TO REQUEST NO. 4

In addition to the General Objections, the plaintiff objects to Request No. 4 on the ground that it is overly broad, unduly burdensome, oppressive and vague in that it is unclear as to what is meant by "the pertinent time".

## AGREEMENT OF PARTIES AS TO REQUEST NO. 4

Subject to and without waiving the General Objections and the foregoing specific objections, plaintiff will provide photocopies of labels of the prescription or over-the-counter drugs that were in his/her possession as of the date of the incident complained of, to the extent that plaintiff is currently in possession of same. Plaintiff will make available for inspection, viewing and photographing of any Neurontin bottle, at a mutually convenient location, to the extent that plaintiff, or plaintiff's counsel, is currently in possession of same.

## POSITION OF PARTIES AS TO REQUEST NO. 4

### Defendants:

Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" or the possession of plaintiff's counsel violates the Federal Rules of Civil Procedure. Plaintiff should make available for inspection, viewing and photographing any Neurontin bottle to the extent the same is in plaintiff's possession, custody or control.

## REQUEST NO. 5:

Each and every prescription or record thereof which shows that Neurontin® ("Neurontin") was prescribed to plaintiff.

## OBJECTION AS TO REQUEST NO. 5

## AGREEMENT OF PARTIES AS TO REQUEST NO. 5

Subject to and without waiving the General Objections, defendants are referred to medical records annexed to plaintiff's Rule 26(a)(1) Disclosures and subsequent medical exchanges. Plaintiff will provide medical records in his/her possession, or in the possession of counsel and will supply authorizations to obtain records which show that Neurontin was prescribed to plaintiff under separate cover.

## POSITION OF PARTIES AS TO REQUEST NO. 5

### Defendants:

Defendants believe plaintiff should be required to produce prescription information. Plaintiff's agreement, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" or the possession of plaintiff's counsel violates the Federal Rules of Civil Procedure. The production of partial medical records, in the form of Rule 26 disclosures, which to date have been deficient, is inadequate, as it merely shifts the burdens and costs to defendants and fails to include all responsive documents in plaintiff's possession, custody or control. Production of authorizations is insufficient, as it, impermissibly shifts the burdens and costs of production to defendants.

## REQUEST NO. 6:

Any and all calendars or diaries prepared by plaintiff covering any portion of the pertinent time of the matters alleged in the Complaint.

## OBJECTION AS TO REQUEST NO. 6

In addition to the General Objections, plaintiff objects to Request No. 6 on the ground that it is overly broad, unduly burdensome, oppressive and vague in that it is unclear as to what is meant by "the pertinent time". The plaintiff further objects to the Request on the ground that, to the extent that any such calendars or

diaries relate to matters other than those that are the subject of this litigation, the

information sought is irrelevant.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 6

Subject to and without waiving the General Objections, the plaintiff will

provide copies of calendars or diaries prepared by plaintiff, if any, that include

statements or information that relate to the matters alleged in the Complaint.

## POSITION OF PARTIES AS TO REQUEST NO. 6
### Defendants:

"[I]nformation that relate to the matters alleged in the Complaint" is subjective,
vague and ambiguous. Calendars and diaries should be produced wholesale as
they are directly relevant to plaintiff's mental state, and physical abilities. For
example, a number of the cases before the Court put into issue the plaintiff's
in/ability to engage in meaningful work, and many of the cases put the respective
plaintiff's mental condition in issue. As such, material that may not explicitly
"relate to the matters alleged in the Complaint" should be produced if it relates
plaintiff's mental state or physical abilities.


## REQUEST NO. 7:

Copies of all newspaper, magazine or medical journal articles which
discuss, refer or relate to the use of Neurontin and the risk of suicide ideation.

## OBJECTION AS TO REQUEST NO. 7

In addition to the General Objections, the plaintiff objects to Request No.

7 on the ground that it is overly broad, unduly burdensome and oppressive and not

limited in time. The plaintiff further objects to the Request on the ground that

plaintiff would not have knowledge of the existence of all such documents, nor is

he/she capable of locating and amassing same. Plaintiff further objects to this

Request on the ground that the records requested are within the public domain and

equally available to the defendants. The plaintiff further objects to this Request to

the extent that it seeks materials that are not in the possession of the plaintiff. The

plaintiff further objects to this Request on the ground that it is not the most

efficient discovery method to obtain the information requested.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 7

The plaintiff will provide under separate cover responsive documents in his/her

possession, if any, or in the possession of counsel, if any, that do not constitute

protected work product or are otherwise protected by privilege.

## POSITION OF PARTIES AS TO REQUEST NO. 7

**Defendants:**
Plaintiff's objection and agreement, which attempt to limit responsive documents
to only those that are in the plaintiff's "possession" or the possession of plaintiff's
counsel violates the Federal Rules of Civil Procedure. Plaintiff should be
required to produce copies of newspapers, magazines or medical journal articles,
in his or her possession, custody or control, which discuss, refer or relate to the
use of Neurontin and the risk of suicide ideation. Should plaintiff believe there is
another more efficient method or discovery device to seek responsive
information, defendants believe plaintiff should set forth his or her position.

## REQUEST NO. 8:

Copies of any and all promotional or marketing materials or other
documents regarding the use of Neurontin in the treatment of the condition for
which plaintiff was prescribed Neurontin or at higher dosages than recommended
on the label, that plaintiff alleges were improperly provided by defendants to
plaintiff's physician.

## OBJECTION AS TO REQUEST NO. 8

In addition to the General Objections, the plaintiff objects to Request No.

8 on the ground that it is overly broad, unduly burdensome, oppressive and not

limited in time. The plaintiff further objects to the Request on the ground that

plaintiff would not have personal knowledge of what materials were provided by

the defendants to the plaintiff's physician and that this information is within the

purview of the defendants. The plaintiff further objects to this Request to the

17

extent that it seeks materials that are not in the possession of the plaintiff. The

plaintiff further objects to this Request on the ground that it is not the most

efficient discovery method to obtain the information requested.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 8

The plaintiff will provide under separate cover responsive documents in his/her

possession, if any, or in the possession of counsel, if any, that do not constitute

protected work product or are otherwise protected by privilege.


## POSITION OF PARTIES AS TO REQUEST NO. 8
### Defendants:
Plaintiff should be required to produce all records in his or her possession,
custody or control. Plaintiff's objection and agreement, which attempt to limit
responsive documents to only those that are in the plaintiff's "possession" or the
"possession of counsel" violates the Federal Rules of Civil Procedure. Plaintiff's
objection appears to indicate that he or she is operating under a mistaken belief
that defendants are requesting that plaintiff collect responsive documents that are
not in his or her possession, custody or control. To be sure, defendants are
seeking only responsive documents in plaintiff's possession custody or control.


## REQUEST NO. 9:

Copies of each and every medical article, treatise, research study,
publication, or other document regarding the use of Neurontin for the treatment of
plaintiff's condition that was reviewed or relied upon by plaintiff's physician in
formulating the clinical judgment to prescribe Neurontin to plaintiff.

## OBJECTION AS TO REQUEST NO. 9

In addition to the General Objections, the plaintiff objects to Request No.

9 on the ground that it is overly broad, unduly burdensome and oppressive and not

limited in time. The plaintiff further objects to the Request on the ground that

plaintiff would not have personal knowledge of what materials were reviewed or

relied upon by the plaintiff's physician in formulating the clinical judgment to

prescribe Neurontin to plaintiff. The plaintiff further objects to this Request to the

18

extent that it seeks materials that are not in the possession of the plaintiff. The

plaintiff further objects to this Request on the ground that it is not the most

efficient discovery method to obtain the information requested.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 9

The plaintiff will provide under separate cover responsive documents in his/her

possession, if any, or in the possession of counsel, if any, that do not constitute

protected work product or are otherwise protected by privilege.

## POSITION OF PARTIES AS TO REQUEST NO. 9
### Defendants:
To be sure, defendants are not seeking materials that plaintiff does not have
possession, custody or control of. Rather defendants believe plaintiff should be
required to produce responsive documents in his or her possession, custody or
control in accordance with the Federal Rules of Civil Procedure. Plaintiff's
objection and agreement, which attempt to limit responsive documents to only
those that are in the plaintiff's "possession" or the "possession of counsel"
violates the Federal Rules of Civil Procedure. Should plaintiff believe there is
another more efficient method or discovery device to seek responsive
information, defendants believe plaintiff should set forth his or her position.

## REQUEST NO. 10:

All documents relating to any statements obtained by the plaintiff from
any person having, or purporting to have, knowledge or information pertaining to
Neurontin.

## OBJECTION AS TO REQUEST NO. 10

In addition to the General Objections, the plaintiff objects to Request No.

10 on the ground that it is overly broad, unduly burdensome, oppressive and not

limited in time. The plaintiff further objects to the Request on the ground that

plaintiff would not have knowledge of the existence of all such documents, nor is

he/she capable of locating and amassing same. Plaintiff further objects to this

Request on the ground that, to the extent that such statements are contained in medical journals or other publications, the records requested are within the public domain and equally available to the defendants.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 10**

Subject to and without waiving the General Objections and the foregoing specific objection, with respect to statements by the defendants, defendants are referred to the Information, Sentencing Memorandum and Plea in <u>United States of America v. Warner-Lambert Company LLC</u>, Criminal No. 04-10150 (RGS) and deposition testimony, affidavits, and discovery documents filed in <u>United States of America v. Pfizer, Inc. and Parke-Davis, Division of Warner-Lambert Company</u>, Civil Action No. 96-11651-PBS and in the course of discovery in this litigation.

Plaintiff will provide under separate cover responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

**POSITION OF PARTIES AS TO REQUEST NO. 10**
**Defendants:**
Plaintiff should be required to produce responsive documents in his or her possession, custody or control in accordance with the Federal Rules of Civil Procedure. Plaintiff's objection and agreement, which attempt to limit responsive documents to only those that are in the plaintiff's "possession" or the "possession of counsel" violates the Federal Rules of Civil Procedure.

**REQUEST NO. 11:**

All documents relating to any opinion by any person with an M.D., Ph.D., D.O., M.P.H., D. Sc., M.D., pharmacy degree or by any similarly trained or educated health care professional or scientist concerning Neurontin.

20

**OBJECTION AS TO REQUEST NO. 11**

In addition to the General Objections, the plaintiff objects to Request No. 11 on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. Plaintiff further objects to the Request on the ground that plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. Plaintiff further objects to the Request on the ground that, to the extent that the information sought is contained in medical journals or other publications, such documents are in the public domain and are equally available to the defendants. The plaintiff further objects to this Request to the extent that it seeks materials that are not in the possession of the plaintiff. Plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested. The plaintiff further objects to Request No. 11 on the ground that it is premature at this stage in the litigation. In addition, to the extent that defendants are seeking expert opinions, plaintiff objects to the disclosure of same at this time, as plaintiff will make his/her expert disclosures in accordance with the time frames set forth in the Federal Rules and in the scheduling order set by the Court. To the extent that the requested documents are in the possession of the defendants, the same are within the purview of the defendants.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 11**

Plaintiff will provide under separate cover responsive documents in his/her

21

possession, if any, or in the possession of counsel, if any, that do not constitute

protected work product or are otherwise protected by privilege.

## POSITION OF PARTIES AS TO REQUEST NO. 11
### Defendants:
Plaintiff should be required to produce all records in his or her possession,
custody or control. Plaintiff's objection and agreement, which attempt to limit
responsive documents to only those that are in the plaintiff's "possession" or the
"possession of counsel" violates the Federal Rules of Civil Procedure.

## REQUEST NO. 12:

All documents relating to any communication by any person, including
your attorneys, to or from the Food and Drug Administration ("FDA"), including
but not limited to online, phoned, mailed or faxed communications to the FDA's
MedWatch program, regarding Neurontin, including the dates of any such
communications.

## OBJECTION AS TO REQUEST NO. 12

In addition to the General Objections, plaintiff objects to Request No. 12

on the ground that it is overly broad, unduly burdensome, oppressive and not

limited in time in seeking "all documents relating to any communication by any

person . . . to or from the Food and Drug Administration ("FDA")". Plaintiff

further objects to the Request on the ground that plaintiff would not have

knowledge of such communications, nor is he/she capable of locating and

amassing same. The plaintiff further objects to this Request to the extent that is

seeks materials that are not in the possession of the plaintiff. Plaintiff further

objects to this Request on the ground that it is not the most efficient discovery

method to obtain the information requested.

22

**AGREEMENT OF PARTIES AS TO REQUEST NO. 12**

Subject to and without waiving the General Objections, plaintiff will

respond to this request insofar as it relates to the plaintiff and plaintiff's attorneys.

Plaintiff will provide under separate cover responsive documents in his/her

possession, if any, or in the possession of counsel, if any, that do not constitute

protected work product or are otherwise protected by privilege.

**POSITION OF PARTIES AS TO REQUEST NO. 12**
**Defendants:**
Plaintiff's proposed limitation – offering a response insofar as it relates to the
plaintiff and plaintiff's attorneys – is far too narrow. Plaintiff should be required
to produce responsive documents in his or her possession, custody or control in
accordance with the Federal Rules of Civil Procedure. Plaintiff's objection and
agreement, which attempt to limit responsive documents to only those that are in
the plaintiff's "possession" or the "possession of counsel" violates the Federal
Rules of Civil Procedure. If plaintiff has documents in his / her possession,
custody or control, relating to communications by any person to or from the FDA
regarding Neurontin, defendants are entitled to those documents. Plaintiff's
objection appears to indicate that he or she is operating under a mistaken belief
that defendants are requesting plaintiff collect responsive documents that are
neither in his or her possession, custody or control. To be sure, defendants are
seeking only responsive documents in the plaintiff's possession custody or
control.

**REQUEST NO. 13:**

All documents relating to any communication posted on any Internet web
site or message board, including, but not limited to, www.legalnewswatch.com,
concerning Neurontin, Pfizer, Warner-Lambert, or Parke-Davis.

**OBJECTION AS TO REQUEST NO. 13**

In addition to the General Objections, the plaintiff objects to Request No.

13 on the ground that it is overly broad, unduly burdensome, oppressive and not

limited in time in seeking "all documents relating to any communication posted

on any internet web site message board." The plaintiff further objects to the

Request on the ground that, without undertaking an independent search, plaintiff would not have knowledge of any communication posted on any Internet web site message board, including but not limited to www.legalnewswatch.com, concerning Neurontin, Pfizer, Warner-Lambert, or Parke-Davis, if any. To the extent such documents exist, they are equally available to the defendants. The plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 13**

Subject to and without waiving the General Objections and the foregoing specific objections, plaintiff will respond to this request insofar as it relates to the plaintiff. Plaintiff will provide under separate cover responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

**POSITION OF PARTIES AS TO REQUEST NO. 13**
**Defendants:**
Plaintiff's knowledge of Neurontin is clearly relevant to the issues in this litigation. If plaintiff has information about Neurontin in his or her possession, custody or control that he or she obtained from the world wide web it should be produced irrespective of whether it relates to plaintiff. To be sure, defendants are not requesting that plaintiff execute searches on the worldwide web to locate responsive documents but rather are seeking responsive documents in the plaintiff's possession, custody or control. Plaintiff should be required to produce responsive documents in his or her possession, custody or control in accordance with the Federal Rules of Civil Procedure. Plaintiff's objection and agreement, which attempt to limit responsive documents to only those that are in the plaintiff's "possession" or the "possession of counsel" violates the Federal Rules of Civil Procedure.

**REQUEST NO. 14:**

All documents relating to any communication by any person about reporting adverse reactions to Neurontin to the FDA or to Pfizer.

**OBJECTION AS TO REQUEST NO. 14**

In addition to the General Objections, plaintiff objects to Request No. 14 on the ground that it is overly broad, unduly burdensome and oppressive and not limited in time in seeking "any communication by any person about reporting adverse reactions to Neurontin to the FDA or to Pfizer." Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. Plaintiff further objects to this Request to the extent that it seeks materials that are not in the possession of the plaintiff. Plaintiff further objects to this Request on the ground that it is not the most efficient discovery method to obtain the information requested. Plaintiff further objects to this Request on the ground that the information sought is within the purview of the defendants.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 14**

Plaintiff will provide under separate cover responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.


**POSITION OF PARTIES AS TO REQUEST NO. 14**
**Defendants:**
Plaintiff's objection appears to indicate that he or she is operating under a mistaken belief that defendants are requesting plaintiff collect responsive documents that are neither in his or her possession, custody or control. To be sure, defendants are seeking only responsive documents in the plaintiff's possession custody or control. Plaintiff should be required to produce responsive documents in his or her possession, custody or control in accordance with the Federal Rules of Civil Procedure. Plaintiff's objection and agreement, which attempt to limit responsive documents to only those that are in the plaintiff's "possession" or the "possession of counsel" violates the Federal Rules of Civil Procedure.

### REQUEST NO. 15:

All documents relating to any advertisements, including but not limited to print, television, and radio media, concerning reporting adverse reactions to Neurontin to Pfizer, to the FDA, or to other regulatory bodies, or concerning bringing a lawsuit relating to Neurontin.

### OBJECTION AS TO REQUEST NO. 15

In addition to the General Objections, plaintiff objects to Request No. 15

on the ground that it is overly broad, unduly burdensome, oppressive and not

limited in time.  Plaintiff further objects to the Request on the ground that plaintiff

would not have knowledge of the existence of all such documents, nor is he/she

capable of locating and amassing same.  Plaintiff further objects to this Request

on the ground that the records requested are within the public domain and equally

available to the defendants.  The plaintiff further objects to this Request to the

extent that it seeks materials that are not in the possession of the plaintiff.

Plaintiff further objects to this Request on the ground that it is not the most

efficient discovery method to obtain the information requested.

### AGREEMENT OF PARTIES AS TO REQUEST NO. 15

The plaintiff will provide under separate cover responsive documents, if any, that

are in his/her possession.


### POSITION OF PARTIES AS TO REQUEST NO. 15
#### Defendants:
Plaintiff should be required to produce all records in his or her possession, custody or control.  Plaintiff's objection and agreement, which attempt to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure.  Plaintiff's objection appears to indicate that he or she is operating under a mistaken belief that defendants are requesting plaintiff collect responsive documents that are neither in his or her possession,

26

custody or control. To be sure, defendants are seeking only responsive documents in the plaintiff's possession custody or control.

### REQUEST NO. 16:

All documents that record, describe, or refer to any incidence, diagnosis, or history of mental illness in any of plaintiff's natural grandparents, natural parents, natural aunts and uncles, or natural siblings.

### OBJECTION AS TO REQUEST NO. 16

In addition to the General Objections, plaintiff objects to Request No. 16

on the ground that it seeks information that is overly broad, ambiguous, unduly

burdensome, oppressive and unlimited in time. Plaintiff further objects to this

Request in that the disclosure of the information sought would result in the

invasion of privacy of the respective individuals. In addition, plaintiff has no

authority to release such documents in that to do so would constitute a violation of

HIPAA.

### AGREEMENT OF PARTIES AS TO REQUEST NO. 16


### POSITION OF PARTIES AS TO REQUEST NO. 16
**Defendants:**
It appears that plaintiff is improperly seeking to avoid discovery by refusing to produce any documents responsive to this Request. If plaintiff has in his / her possession, custody or control documents sufficient to show whether there is any incidence, diagnosis, or history of mental illness in any of plaintiff's immediate family, plaintiff should be required to produce the same. While plaintiff claims to lack the authority to release such information, on the basis of privacy laws, defendants are not seeking the medical files of said individual, but rather are seeking responsive documents that may be in plaintiff's possession, custody or control (including, but not limited to, a suicide note, a death certificate, a diary entry, a denial of life insurance benefits because of death by suicide letter, etc.).

### REQUEST NO. 17:

All documents that record, describe, or refer to any drug or medication of any kind that was prescribed for, administered to, obtained by, provided to, or

made available to plaintiff at any time during the three years immediately preceding the injurious event alleged in the complaint.

## OBJECTION AS TO REQUEST NO. 17

In addition to the General Objections, plaintiff objects to Request No. 17 on the ground that it is duplicative of Request No. 1 in that the documents requested would be contained in plaintiff's medical records. Plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the plaintiff.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 17

Subject to and without waiving the General Objections and the foregoing specific objections, defendants are referred to medical annexed to plaintiff's Rule 26(a)(1) Disclosures and subsequent medical exchanges. In addition, plaintiff will produce medical records in his/her possession or in the possession of counsel and authorizations to obtain plaintiff's medical records will be provided under separate cover.

## POSITION OF PARTIES AS TO REQUEST NO. 17
### Defendants:
Plaintiff should be required to produce all records in his or her possession, custody or control. Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure. Plaintiff attempts to limit production to medical records annexed to Rule 26 disclosures and subsequent medical exchanges, but to the extent other responsive documents exist (i.e., labels from medications, medication bottles, lists of medications) they should also be produced.

In addition to the foregoing, plaintiff should be required to produce all documents relating to the condition for which Neurontin was prescribed, irrespective of the location of such documents. Production of authorizations is insufficient, as it impermissibly shifts the burdens and costs to defendants. Moreover, the

28

production of partial medical records, in the form of Rule 26 disclosures, which to date have been deficient, is inadequate, as it fails to include all responsive documents in plaintiff's possession, custody or control.

## REQUEST NO. 18:

All documents that state, describe, or refer to any benefit, efficacy, physical or chemical property, indication, contraindication, "side effect," adverse reaction, warning, precaution, or recommendation of or for Neurontin that plaintiff read or viewed before plaintiff's suicide / suicide attempt.

## OBJECTION AS TO REQUEST NO. 18

## AGREEMENT OF PARTIES AS TO REQUEST NO. 18

Subject to and without waiving the General Objections, plaintiff will

provide any materials responsive to this Request as are in the possession of the

plaintiff.

## POSITION OF PARTIES AS TO REQUEST NO. 18
### Defendants:
Plaintiff should be required to produce all records in his or her possession, custody or control. Plaintiff's proposal, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure.

## REQUEST NO. 19:

All documents that state, describe, discuss, mention, evaluate, determine, or refer to any event, occurrence, effect, substance or condition that any person has suspected, investigated, evaluated, considered, accepted, rejected, or discussed as a hypothetical, potential, possible, probable, contributing, or actual cause of or reason for any suicidal thought, attempt, or act by plaintiff at any time during his /her life.

## OBJECTION AS TO REQUEST NO. 19

In addition to the General Objections, plaintiff objects to Request No. 19

on the ground that it is overly broad, ambiguous, unduly burdensome, oppressive

and unlimited in time. Plaintiff would not have knowledge of the existence of all

such documents, nor is he/she capable of locating and amassing same. Plaintiff

further objects to this Request to the extent that it seeks records and materials that

are not in the possession of the plaintiff.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 19

Subject to and without waiving the General Objections and the foregoing

specific objections, to the extent to which such documents may be contained in

plaintiff's medical records, defendants are referred to medical records annexed to

plaintiff's Rule 26(a)(1) Disclosures and subsequent medical exchanges. In

addition, plaintiff will produce responsive records in his/her possession, or in

possession of counsel and authorizations to obtain records responsive to this

request for the time period since five (5) years before plaintiff started taking

Neurontin OR since ten (10) years before the occurrence of the incident alleged in

the Complaint, whichever date is earlier.

## POSITION OF PARTIES AS TO REQUEST NO. 19
### Defendants:
Plaintiff should be required to produce all records in his or her possession,
custody or control. Plaintiff's objection, which attempts to limit responsive
documents to only those that are in the plaintiff's "possession" violates the
Federal Rules of Civil Procedure. Plaintiff's objection appears to indicate that he
or she is operating under a mistaken belief that defendants are requesting plaintiff
collect responsive documents that are neither in his or her possession, custody or
control. To be sure, defendants are seeking only responsive documents in the
plaintiff's possession custody or control. Production of authorizations is
insufficient, as it impermissibly shifts the burdens and costs to defendants.
Moreover, the production of partial medical records, in the form of Rule 26
disclosures, which to date have been deficient, fails to include all responsive
documents in plaintiff's possession, custody or control. Moreover, a uniform time
limitation is unreasonable and inappropriate given the divergent factual issues at
play with regard to each plaintiff.

According to the agreement as presently written, if plaintiff were to have written a suicide note or a letter to a friend or relative regarding reasons for plaintiff's suicidal thoughts or behavior, which was not included in medical records, plaintiff would be unwilling to produce the same. Plaintiff should produce documents responsive to Request No. 19 as written.

Plaintiffs:
Plaintiff has agreed to provide a suicide note, if any exists in plaintiff's possession, as set forth in plaintiff's response to Request 35.

## REQUEST NO. 20:

All documents proposing, recommending, or in anyway suggesting that Pfizer should add to or change the warnings and Definitions provided to physicians or consumers about Neurontin.

## OBJECTION AS TO REQUEST NO. 20

In addition to the General Objections, the plaintiff objects to Request No. 20 on the ground that it is premature at this stage in the litigation. In addition, to the extent that defendants are seeking expert opinions, plaintiff objects to the disclosure of same at this time, as plaintiff will make his/her expert disclosures in accordance with the time frames set forth in the Federal Rules and in the scheduling order set by the Court. Plaintiff further objects to the Request on the ground that plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the plaintiff. To the extent that the requested documents are in the possession of the defendants, the same are within the purview of the defendants.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 20

Plaintiff will provide under separate cover responsive documents in his/her

31

possession, if any, or in the possession of counsel, if any, that do not constitute

protected work product or are otherwise protected by privilege.


**POSITION OF PARTIES AS TO REQUEST NO. 20**
**Defendants:**
Plaintiff should be required to produce all responsive records in his or her
possession, custody or control.  Plaintiff's objection and agreement, which
attempt to limit responsive documents to only those that are in the plaintiff's
"possession" or in the "possession of counsel" violates the Federal Rules of Civil
Procedure.  Plaintiff's objection appears to indicate that he or she is operating
under a mistaken belief that defendants are requesting plaintiff collect responsive
documents that are neither in his or her possession, custody or control.  To be
sure, defendants are specifically seeking only responsive documents in the
plaintiff's possession custody or control.


**REQUEST NO. 21:**

All documents in which plaintiff or any other person described or referred
to plaintiff's use of Neurontin, described or referred to any adverse event or "side
effect" experienced by plaintiff as a result of ingesting Neurontin, or described or
referred to any injury, damage, or harm that resulted from plaintiff's ingesting
Neurontin.

**OBJECTION AS TO REQUEST NO. 21**

In addition to the General Objections, plaintiff objects to Request No. 21

on the ground that it seeks information that is overly broad, ambiguous, unduly

burdensome, oppressive and unlimited in time.  Plaintiff would not have

knowledge of the existence of all such documents, nor is he/she capable of

locating and amassing same.  The plaintiff further objects to this Request to the

extent that it seeks records and materials that are not in the possession of the

plaintiff.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 21

Subject to and without waiving the General Objections and the foregoing specific objections, to the extent to which such documents may be contained in plaintiff's medical records, defendants are referred to plaintiff's medical records annexed to plaintiff's Rule 26(a)(1) Disclosures and subsequent medical exchanges. In addition, plaintiff will produce responsive records in his/her possession, or in possession of counsel and authorizations to obtain records responsive to this request for the time period since five (5) years before plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier.

## POSITION OF PARTIES AS TO REQUEST NO. 21
### Defendants:

Plaintiff should be required to produce all documents in his or her possession, custody or control. Plaintiff's objection and agreement, which attempt to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure. Plaintiff's objection appears to indicate that he or she is operating under a mistaken belief that defendants are requesting plaintiff collect responsive documents that are neither in his or her possession, custody or control. To be sure, defendants are specifically seeking responsive documents in the plaintiff's possession custody or control. Production of authorizations is insufficient, as it impermissibly shifts the burdens and costs to defendants. Plaintiff appears to limit the agreement to the production of medical records but to the extent other responsive documents exist, they should also be produced. Specifically, any materials such as notes, documents, or correspondence relating to or describing any adverse event or "side effect" experienced by plaintiff as a result of ingesting Neurontin, or relating to or describing any injury, damage or harm that resulted from plaintiff's ingesting Neurontin should be produced. The production of medical records in inadequate, as it fails to include all responsive documents in plaintiff's possession, custody or control. Moreover, a uniform time limitation is unreasonable and inappropriate given the divergent factual issues at play with regard to each plaintiff.

## REQUEST NO. 22:

All documents in which plaintiff or any other person described or referred to plaintiff's use of any medication other than Neurontin, described or referred to any adverse event or "side effect" experienced by plaintiff as a result of ingesting