any medication other than Neurontin, or described or referred to any injury, damage, or harm that resulted from plaintiff's ingesting any medication other than Neurontin.

## OBJECTION AS TO REQUEST NO. 22

In addition to the General Objections, the plaintiff objects to Request No. 22 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. The plaintiff further objects to the Request on the ground that plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the plaintiff.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 22

Subject to and without waiving the General Objections and the foregoing specific objections, plaintiff will provide any such documents as are in the possession of the plaintiff.

## POSITION OF PARTIES AS TO REQUEST NO. 22
### Defendants:

Plaintiff should be required to produce all records in his or her possession, custody or control. Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure. Plaintiff's objection appears to indicate that he or she is operating under a mistaken belief that defendants are requesting plaintiff collect responsive documents that are neither in his or her possession, custody or control. To be sure, defendants are specifically seeking responsive documents in the plaintiff's possession custody or control. Plaintiff should be required to produce all non-privileged records in his or her possession, custody or control, which are responsive to Request No. 22.

## REQUEST NO. 23:

All documents that describe or refer to any legal proceeding (whether civil, criminal, or administrative, including, but not limited to, any criminal indictment or conviction, petition for protective order, petition for restraining

order, commitment proceeding, divorce proceeding, separation proceeding, juvenile court proceeding, or guardianship proceeding) in which plaintiff has ever been named a party, a deponent, a testifying witness, an affiant, or a declarant under penalty of perjury.

## OBJECTION AS TO REQUEST NO. 23

In addition to the General Objections, insofar as the demand relates to the plaintiff, the plaintiff objects to Request No. 23 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. The plaintiff further objects to the Request on the ground that plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the plaintiff. The plaintiff further objects to the Request on the ground that to the degree that it requests information regarding legal proceedings concerning persons other than the plaintiff, it is patently irrelevant to this proceeding. Plaintiff further objects to the Request insofar as it seeks documents regarding any criminal indictment and/or juvenile court proceeding.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 23

Subject to and without waiving the General Objections and the foregoing specific objections, plaintiff will provide any such documents as are in the possession of the plaintiff for the time period since five (5) years before plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the injury alleged in the Complaint, whichever date is earlier.

## POSITION OF PARTIES AS TO REQUEST NO. 23
### Defendants:

Plaintiff should be required to produce all records in his or her possession, custody or control. Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure. Plaintiff's objection appears to indicate that he or she is operating under a mistaken belief that defendants are requesting plaintiff collect responsive documents that are neither in his or her possession, custody or control. To be sure, defendants are specifically seeking responsive documents in the plaintiff's possession custody or control. Moreover, the plaintiff's proposed time limitation is inappropriate and unreasonable in light of the fact that proceedings that occurred outside of the proposed temporal limits, would clearly be relevant to the allegations in the complaint and relevant to plaintiff's condition.

## REQUEST NO. 24:

All documents that describe or refer to any counseling, recommendation for counseling, arrest, prosecution, conviction, or treatment of plaintiff for any use of, possession of, addiction to, intoxication with, or abuse of any form of alcohol, controlled substance, mind-altering substance, illegal drug, or medication.

## OBJECTION AS TO REQUEST NO. 24

In addition to the General Objections, plaintiff objects to Request No. 24

on the ground that it is overly broad, unduly burdensome, oppressive, vague,

ambiguous and not limited in time. Plaintiff further objects to the Request insofar

as it seeks documents regarding arrest and prosecution.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 24

Plaintiff will produce responsive records in his/her possession, or in

possession of counsel, and authorizations to obtain records responsive to this

request for the time period since five (5) years before plaintiff started taking

Neurontin OR since ten (10) years before the occurrence of the incident alleged in

the Complaint, whichever date is earlier.

36

**POSITION OF PARTIES AS TO REQUEST NO. 24**
**Defendants:**
The uniform time period limitation is neither appropriate nor reasonable especially where, as here, many plaintiffs suffer from the disease of addiction and have been afflicted by the disease for a period of time predating "the period since five (5) years before plaintiff started taking Neurontin or since ten (10) years before the occurrence of the injury alleged in the Complaint." Moreover, plaintiff should be required to produce all records in his or her possession, custody or control. Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" or the "possession of counsel" violates the Federal Rules of Civil Procedure. Moreover, production of authorizations is insufficient, as it impermissibly shifts the burdens and costs to defendants.

## REQUEST NO. 25:

All documents that describe, refer to, were filed in, or were produced by or provided to you in connection with, any claim or suit for personal injury or disability filed by plaintiff, including, but not limited to, all documents that identify the court in which each such claim or suit was filed, the nature and extent of the injuries for which damages were sought, the identities of all parties to each such claim or suit, and the disposition of each such claim or suit.

**OBJECTION AS TO REQUEST NO. 25**

In addition to the General Objections, plaintiff objects to Request No. 25

on the ground that it is overly broad, unduly burdensome, oppressive, vague,

ambiguous, irrelevant and not limited in time.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 25**

Subject to and without waiving the General Objections and the foregoing

specific objections, plaintiff will produce responsive records in his/her possession,

or in possession of counsel and authorizations to obtain records responsive to this

request for the time period since five (5) years before plaintiff started taking

Neurontin OR since ten (10) years before the occurrence of the incident alleged in

the Complaint, whichever date is earlier.

**POSITION OF PARTIES AS TO REQUEST NO. 25**
**Defendants:**
Plaintiff should be required to produce all records in his or her possession, custody or control. Plaintiff's objection and agreement, which attempt to limit responsive documents to only those that are in the plaintiff's "possession" or the "possession of counsel" violates the Federal Rules of Civil Procedure. The uniform time period limitation is neither appropriate nor reasonable especially where, as here, there are plaintiffs who have filed multiple claims for disability and who have done so over a period of time that predates that proposed by plaintiff. Production of authorizations is insufficient, as it impermissibly shifts the burdens and costs to defendants.

## REQUEST NO. 26:

All documents that describe, record, or refer to any misdemeanor, felony, juvenile offense, act of violence, civil assault, civil battery, act of cruelty, spousal abuse, child abuse, fighting, suicide attempt, or disturbance of the peace in which plaintiff ever has been or was involved, or for which plaintiff ever has been or was accused, sued, arrested, prosecuted, investigated, convicted, enjoined, or subjected to restraint by court order.

## OBJECTION AS TO REQUEST NO. 26

In addition to the General Objections, plaintiff objects to Request No. 26 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. The plaintiff further objects to the Request on the ground that plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the plaintiff. The plaintiff further objects to the Request on the ground that to the degree that it requests information regarding legal proceedings concerning persons other than the plaintiff, it is patently irrelevant to this proceeding. Plaintiff further objects to the Request insofar as it seeks documents regarding any juvenile offense or wherein plaintiff ever has been or was accused, arrested, prosecuted or investigated.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 26

Subject to and without waiving the General Objections and the foregoing specific objections, plaintiff will produce responsive records in his/her possession, or in possession of counsel and authorizations to obtain records responsive to this request for the time period since five (5) years before plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier.

## POSITION OF PARTIES AS TO REQUEST NO. 26
### Defendants:

Plaintiff's objection appears to indicate that he or she is operating under a mistaken belief that defendants are requesting that plaintiff collect responsive documents that are not in his or her possession, custody or control. To be sure, defendants are seeking only responsive documents in the plaintiff's possession custody or control. The uniform time period limitation is neither appropriate nor reasonable especially where, as here, there are plaintiffs who may have been the subject of, involved in, accused, sued, arrested, prosecuted, investigated, convicted, enjoined, or subjected to restraint by court order because of misdemeanors, felonies, juvenile offenses, acts of violence, civil assaults, civil batteries, acts of cruelty, spousal abuse, child abuse, fights, suicide attempts, or disturbances of the peace multiple times over a period of time that predates "the earlier of five (5) years before plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the injury alleged in the Complaint."

Plaintiff's agreement, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" or the "possession of counsel" violates the Federal Rules of Civil Procedure and plaintiff should have to produce responsive documents in his or her possession, custody or control. Moreover, production of authorizations is insufficient, as it impermissibly shifts the burdens and costs to defendants.

## REQUEST NO. 27:

All documents showing that plaintiff was suspected of, charged with, or convicted of committing any violation of any criminal or juvenile law, code, or statute, including, but not limited to, all records revealing the nature of each such offense, the name of the court in which each such matter or proceeding was filed or prosecuted, each judgment or plea entered in connection with each such offense, the sentence or other punishment imposed for each such offense, the name and address of each institution in which plaintiff was confined or referred

for treatment or counseling in connection with each such offense, or the name and last known address of any probation, parole, or juvenile officer assigned to any such case.

## OBJECTION AS TO REQUEST NO. 27

In addition to the General Objections, the plaintiff objects to Request No. 27 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time.  The plaintiff further objects to the Request on the ground that plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same.  The plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the plaintiff.  The plaintiff further objects to the Request on the ground that to the degree that it requests information regarding legal proceedings concerning persons other than the plaintiff, it is patently irrelevant to this proceeding.  Plaintiff further objects to the Request insofar as it seeks documents regarding violation of any juvenile law, code or statute and the name and last known address of any juvenile officer, and insofar as it seeks documents wherein plaintiff was suspected of, or charged with committing any violation.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 27

Subject to and without waiving the General Objections and the foregoing specific objections, plaintiff will produce responsive records in his/her possession, or in possession of counsel and authorizations to obtain records responsive to this request for the time period since five (5) years before plaintiff started taking

Neurontin OR since ten (10) years before the occurrence of the incident alleged in

the Complaint, whichever date is earlier.

## POSITION OF PARTIES AS TO REQUEST NO. 27
### Defendants:

Plaintiff's objection appears to indicate that he or she is operating under a
mistaken belief that defendants are requesting plaintiff collect responsive
documents that are neither in his or her possession, custody or control. To be
sure, defendants are seeking only responsive documents in the plaintiff's
possession custody or control. Plaintiff's objection, which attempts to limit
responsive documents to only those that are in the plaintiff's "possession" or the
"possession of counsel" violates the Federal Rules of Civil Procedure. The
uniform time period limitation is neither appropriate nor reasonable where, as
here, there may be plaintiffs who have been suspected of, charged with, or
convicted of committing violations of criminal or juvenile law, code, or statute,
over a period of time that predates "the earlier of five (5) years before plaintiff
started taking Neurontin or since ten (10) years before the occurrence of the injury
alleged in the Complaint." Provision of authorizations is insufficient, as it
impermissibly shifts the burdens and costs to defendants.

## REQUEST NO. 28:

All documents that describe, record, or refer to any investigation,
prosecution, claim, charge, report, accusation, disciplinary action, or incident of
any kind in which any person asserted that plaintiff committed, or was injured as
a result of, any misdemeanor, felony, act of violence, civil assault, civil battery,
act of cruelty, spousal abuse, child abuse, fight, suicide attempt, or disturbance of
the peace.

## OBJECTION AS TO REQUEST NO. 28

In addition to the General Objections, the plaintiff objects to Request No.

28 on the ground that it is overly broad, unduly burdensome, oppressive, vague,

ambiguous, irrelevant and not limited in time. The plaintiff further objects to the

Request on the ground that plaintiff would not have knowledge of the existence of

all such documents, nor is he/she capable of locating and amassing same. The

plaintiff further objects to this Request to the extent that it seeks records and

materials that are not in the possession of the plaintiff. Plaintiff further objects to

the Request insofar as it seeks documents regarding any investigation,

prosecution, claim, charge, report, accusation.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 28

Subject to and without waiving the General Objections and the foregoing

specific objections.  In addition, plaintiff will produce responsive records in

his/her possession, or in possession of counsel and authorizations to obtain

records responsive to this request for the time period since five (5) years before

plaintiff started taking Neurontin OR since ten (10) years before the occurrence of

the incident alleged in the Complaint, whichever date is earlier.

## POSITION OF PARTIES AS TO REQUEST NO. 28
### Defendants:
Plaintiff's objection appears to indicate that he or she is operating under a
mistaken belief that defendants are requesting plaintiff collect responsive
documents that are not in his or her possession, custody or control.  To be sure,
defendants are seeking only responsive documents in the plaintiff's possession
custody or control.  Plaintiff's objection and agreement, which attempt to limit
responsive documents to only those that are in the plaintiff's "possession" or
"possession of counsel" violates the Federal Rules of Civil Procedure.  The
uniform time period limitation is neither appropriate nor reasonable.  Moreover,
production of authorizations is insufficient, as it impermissibly shifts the burdens
and costs to defendants.

## REQUEST NO. 29:

All documents in which you or any other person described or referred in
any way to the subject incidents or any aspect of them in any manner or for any
purpose.

## OBJECTION AS TO REQUEST NO. 29

In addition to the General Objections, the plaintiff objects to Request No.

29 on the ground that it is overly broad, unduly burdensome, oppressive and

duplicative of other Requests and Interrogatories.  Plaintiff further objects to this

Request on the ground that it is unlimited in time and scope.  The plaintiff further

objects to this Request on the ground that plaintiff would not have knowledge of

the existence of all such documents, nor is he/she capable of locating and

amassing same. The plaintiff further objects to the Request to the extent that it

seeks records and materials that are not in the possession of the plaintiff.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 29

Subject to and without waiving the General Objections and the foregoing

specific objections, see documents annexed to plaintiff's Rule 26(a)(1)

Disclosures and subsequent exchanges. The plaintiff will provide under separate

cover responsive documents in his/her possession, if any, or in the possession of

counsel, if any, that do not constitute protected work product or are otherwise

protected by privilege.

## POSITION OF PARTIES AS TO REQUEST NO. 29
### Defendants:

Plaintiff should be required to produce all records in his or her possession,
custody or control. Plaintiff's objection and agreement, which attempt to limit
responsive documents to only those that are in the plaintiff's "possession" or the
"possession of counsel" violates the Federal Rules of Civil Procedure. Production
of partial medical records, in the form of Rule 26 disclosures, which to date have
been deficient, is inadequate, as it fails to include all responsive documents in
plaintiff's possession, custody or control.

## REQUEST NO. 30:

All documents in which you or any other person stated or opined that
plaintiff had, or seemed to have, manifested anger, aggressiveness, suicidal
expression, suicidal thought, suicidal behavior, violent expression, violent
thought, or violent behavior at any time.

## OBJECTION AS TO REQUEST NO. 30

In addition to the General Objections, the plaintiff objects to Request No.

30 on the ground that it is overly broad, unduly burdensome, oppressive, vague,

ambiguous, irrelevant and not limited in time. Plaintiff would not have

knowledge of the existence of all such documents, nor is he/she capable of

locating and amassing same. The plaintiff further objects to the Request to the

extent that it seeks records and materials that are not in the possession of the

plaintiff.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 30

Subject to and without waiving the General Objections and the foregoing

specific objections, to the extent to which such documents may be contained in

plaintiff's medical records, defendants are referred to medical records annexed to

plaintiff's Rule 26(a)(1) Disclosures and subsequent medical exchanges. In

addition, plaintiff has agreed to supply authorizations to obtain plaintiff's medical

records for the time period since five (5) years before plaintiff started taking

Neurontin OR since ten (10) years before the occurrence of the injury alleged in

the Complaint, whichever date is earlier.


## POSITION OF PARTIES AS TO REQUEST NO. 30
### Defendants:

Plaintiff's objection appears to indicate that he or she is operating under a
mistaken belief that defendants are requesting plaintiff collect responsive
documents that are neither in his or her possession, custody or control. To be
sure, defendants are not requesting that plaintiff locate all responsive documents,
but rather are seeking responsive documents in the plaintiff's possession custody
or control. Plaintiff's objection, which attempts to limit responsive documents to
only those that are in the plaintiff's "possession" violates the Federal Rules of
Civil Procedure. Production of partial medical records, in the form of Rule 26
disclosures, which to date have been deficient, is inadequate, as it fails to include
all responsive documents in plaintiff's possession, custody or control. The
provision of medical authorizations to enable defendants to attempt to obtain the
requested records and materials sought in the Request is an unreasonable
limitation, and shifts the associated burdens to defendant. Moreover, a uniform
time limitation is unreasonable and inappropriate given the divergent factual
issues at play with regard to each plaintiff.

## REQUEST NO. 31:

All documents in which you or any other person described or referred to any behavioral problem, disciplinary problem, social problem, adjustment problem, stress, anger problem, or interpersonal problem that you ever experienced, or that any person ever believed, reported, or suggested you experienced, at any time.

## OBJECTION AS TO REQUEST NO. 31

In addition to the General Objections, the plaintiff objects to Request No. 31 on the ground that it is overly broad, unduly burdensome, oppressive, vague, ambiguous, irrelevant and not limited in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the plaintiff. Subject to and without waiving the General Objections and the foregoing specific objections, to the extent to which such documents may be contained in plaintiff's medical records, defendants are referred to plaintiff's medical records annexed to plaintiff's Rule 26(a)(1) Disclosures and subsequent exchanges. In addition, plaintiff has agreed to supply authorizations to obtain plaintiff's medical records for the time period since five (5) years before plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the injury alleged in the Complaint, whichever date is earlier.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 31

## POSITION OF PARTIES AS TO REQUEST NO. 31
### Defendants:
Plaintiff's objection appears to indicate that he or she is operating under a mistaken belief that defendants are requesting plaintiff collect responsive documents that are neither in his or her possession, custody or control. To be

sure, defendants are specifically seeking responsive documents in the plaintiff's possession custody or control. Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure. Production of partial medical records, in the form of Rule 26 disclosures, which to date have been deficient, is inadequate, as it fails to include all responsive documents in plaintiff's possession, custody or control. The provision of medical authorizations to enable defendants to attempt to obtain the requested records and materials sought in the Request is impermissibly shifts the associated burdens to defendant. Moreover, a uniform time limitation is unreasonable and inappropriate given the divergent factual issues at play with regard to each plaintiff.

## REQUEST NO. 32:

All documents constituting, reporting, summarizing, or referring to any medical test, psychological test, psychiatric test, intelligence test, mental health test, or standardized test of any kind ever taken by or administered to plaintiff.

## OBJECTION AS TO REQUEST NO. 32

In addition to the General Objections, the plaintiff objects to Request No. 32 on the ground that it is overly broad, unduly burdensome and not limited in time. The plaintiff further objects to Request No. 32 in that it seeks information that is remote in time and is irrelevant.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 32

Subject to and without waiving the General Objections and the foregoing specific objections, to the extent to which such documents may be contained in plaintiff's medical records, defendants are referred to plaintiff's medical records annexed to plaintiff's Rule 26(a)(1) Disclosures and subsequent exchanges. In addition, plaintiff has agreed to supply authorizations to obtain records responsive to this Request for the time period since five (5) years before plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the injury alleged in the Complaint, whichever date is earlier.

46

**POSITION OF PARTIES AS TO REQUEST NO. 32**
**Defendants:**

Plaintiff's objection appears to indicate that he or she is operating under a mistaken belief that defendants are requesting plaintiff collect responsive documents that are neither in his or her possession, custody or control. To be sure, defendants are seeking only responsive documents in the plaintiff's possession custody or control. Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure. Production of partial medical records, in the form of Rule 26 disclosures, which to date have been deficient, is inadequate, as it fails to include all responsive documents in plaintiff's possession, custody or control. The provision of medical authorizations to enable defendants to attempt to obtain the requested records and materials sought in the Request impermissibly shifts the associated burdens to defendant. Moreover, a uniform time limitation is unreasonable and inappropriate given the divergent factual issues at play with regard to each plaintiff.

## REQUEST NO. 33:

All documents that state, record, list, or refer to any fee, expense, cost, or item of pecuniary expense or loss of any kind for which you seek to recover compensatory damages in this action, including medical, legal, counseling, administrative, travel, and other costs, damages, or expenses.

## OBJECTION AS TO REQUEST NO. 33

In addition to the General Objections, plaintiff will provide any such

documents as are in the possession of the plaintiff.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 33

**POSITION OF PARTIES AS TO REQUEST NO. 33**
**Defendants:**

Plaintiff should be required to produce all records in his or her possession, custody or control. Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure.

## REQUEST NO. 34:

All documents, including, but not limited to, correspondence between plaintiff and any of his / her family members or friends, that mention or refer in any way to any depression, grief, unhappiness, anxiety, suicidal thought, suicidal expression, hostility, troubled behavior, anger, fear, hyperactivity, agitation, violent act, threat, restlessness, need for help, or helplessness by or on the part of plaintiff.

47

**OBJECTION AS TO REQUEST NO. 34**

In addition to the General Objections, the plaintiff objects to Request No.

34 on the ground that it is overly broad, unduly burdensome, oppressive, vague,

ambiguous, irrelevant and not limited in time.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 34**

Subject to and without waiving the General Objections, plaintiff will

provide any such documents as are in the possession of the plaintiff.

**POSITION OF PARTIES AS TO REQUEST NO. 34**
**Defendants:**
Plaintiff should be required to produce all records in his or her possession,
custody or control. Plaintiff's objection, which attempts to limit responsive
documents to only those that are in the plaintiff's "possession" violates the
Federal Rules of Civil Procedure.

**REQUEST NO. 35:**

All documents written or prepared by plaintiff that mention, discuss, or
refer to any thought, expression, or act of suicide, including, but not limited to,
any suicide note connected with the subject incidents.

**OBJECTION AS TO REQUEST NO. 35**

In addition to the General Objections, the plaintiff objects to Request No.

35 on the ground that it is overly broad, unduly burdensome, oppressive, vague,

ambiguous, irrelevant and not limited in time.  The plaintiff further objects to

Request No. 35 in that it is duplicative in part to Request No. 6.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 35**

Subject to and without waiving the General Objections and the foregoing

specific objections, plaintiff will provide any such documents as are in the

possession of the plaintiff.

**POSITION OF PARTIES AS TO REQUEST NO. 35**
**Defendants:**
Plaintiff should be required to produce all records in  his or her possession,
custody or control.  Plaintiff's objection, which attempts to limit responsive
documents to only those that are in the plaintiff's "possession" violates the
Federal Rules of Civil Procedure.

## REQUEST NO. 36:

All documents that refer or pertain to any investigation of any incident or
matter referred to in the Complaint, including any investigation of any aspect of
the subject incident by any law enforcement organization, governmental agency,
or insurance company.

**OBJECTION AS TO REQUEST NO. 36**

In addition to the General Objections, the plaintiff objects to Request No.

36, to the extent that defendants are seeking any investigation by plaintiff's

counsel and/or agents thereof on the grounds that such investigation constitutes

attorney work product.  Plaintiff further objects to this Request on the ground that

plaintiff would not have knowledge of the existence of all such documents, nor is

he/she capable of locating and amassing same.  The plaintiff further objects to this

Request to the extent that it seeks records and materials that are not in the

possession of the plaintiff.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 36**

Subject to and without waiving the General Objections and the foregoing

specific objection, plaintiff will provide any such documents as are in the

possession of the plaintiff.

**POSITION OF PARTIES AS TO REQUEST NO. 36**
**Defendants:**
Plaintiff should be required to produce all records in his or her possession,
custody or control.  Plaintiff's objection, which attempts to limit responsive
documents to only those that are in the plaintiff's "possession" violates the
Federal Rules of Civil Procedure.

## REQUEST NO. 37:

All medical or scientific writings in which any person purports to have found, determined, or confirmed a causal relationship between Neurontin and any specific incident of suicide or attempted suicide.

## OBJECTION AS TO REQUEST NO. 37

In addition to the General Objections, the plaintiff objects to Request No. 37 on the ground that it is premature at this stage in the litigation. In addition, the plaintiff further objects to Request No. 37 on the ground that it is overly broad, unduly burdensome, oppressive, and not limited in time. Plaintiff further objects to this Request on the ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the defendants. Plaintiff further objects to this Request on the ground that plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the plaintiff. To the extent that the requested documents are in the possession of the defendants, the same are within the purview of the defendants.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 37

The plaintiff will provide under separate cover responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

## POSITION OF PARTIES AS TO REQUEST NO. 37
### Defendants:

The documents sought in response to Request No. 37 go to the very heart of the litigation and plaintiff should produce documents responsive to the Request as

written to the extent such documents are in plaintiff's possession, custody or control.

Plaintiff's objection appears to indicate that he or she is operating under a mistaken belief that defendants are requesting plaintiff collect responsive documents that are neither in his or her possession, custody or control. To be sure, defendants are seeking only responsive documents in the plaintiff's possession custody or control. Plaintiff's objection and agreement, which attempt to limit responsive documents to only those that are in the plaintiff's "possession" or the "possession of counsel" violates the Federal Rules of Civil Procedure.

## REQUEST NO. 38:

All medical or scientific writings in which any person purports to have found, determined, or confirmed a causal relationship between Neurontin and suicidal ideation.

## OBJECTION AS TO REQUEST NO. 38

In addition to the General Objections, the plaintiff objects to Request No. 38 on the ground that it is premature at this stage in the litigation. In addition, the plaintiff further objects to Request No. 38 on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. Plaintiff further objects to this Request on the ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the defendants. Plaintiff further objects to this Request on the ground that plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the plaintiff. To the extent that the requested documents are in the possession of the defendants, the same are within the purview of the defendants.

51

## AGREEMENT OF PARTIES AS TO REQUEST NO. 38

The plaintiff will provide under separate cover responsive documents in his/her

possession, if any, or in the possession of counsel, if any, that do not constitute

protected work product or are otherwise protected by privilege.

## POSITION OF PARTIES AS TO REQUEST NO. 38
### Defendants:

Plaintiff's objection and agreement, which attempt to limit responsive documents
to only those that are in the plaintiff's "possession" or the "possession of counsel"
violates the Federal Rules of Civil Procedure.  The documents sought in response
to Request No. 38 go to the very heart of the litigation and plaintiff should
produce documents responsive to the Request as written to the extent such
documents are in plaintiff's possession, custody or control.

Plaintiff's objection appears to indicate that he or she is operating under a
mistaken belief that defendants are requesting plaintiff collect responsive
documents that are neither in his or her possession, custody or control.  To be
sure, defendants are not requesting that plaintiff locate all responsive documents,
but rather are seeking only responsive documents in the plaintiff's possession
custody or control.

### REQUEST NO. 39:

All medical or scientific writings in which any person purports to have
found a causal relationship between Neurontin and any specific incident of
suicide or attempted suicide by a person with no prior history of attempted suicide
or suicidal ideation.

## OBJECTION AS TO REQUEST NO. 39

In addition to the General Objections, the plaintiff objects to Request No.

39 on the ground that it is premature at this stage in the litigation.  In addition, the

plaintiff further objects to Request No. 39 on the ground that it is on the ground

that it is overly broad, unduly burdensome, oppressive and not limited in time.

Plaintiff further objects to this Request on the ground that, to the extent that such

writings are contained in medical journals or other publications, the documents

requested are within the public domain and equally available to the defendants.

52

Plaintiff further objects to this Request on the ground that plaintiff would not have

knowledge of the existence of all such documents, nor is he/she capable of

locating and amassing same.  The plaintiff further objects to this Request to the

extent that it seeks records and materials that are not in the possession of the

plaintiff.  To the extent that the requested documents are in the possession of the

defendants, the same are within the purview of the defendants.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 39**

The plaintiff will provide under separate cover responsive documents in his/her

possession, if any, or in the possession of counsel, if any, that do not constitute

protected work product or are otherwise protected by privilege.

**POSITION OF PARTIES AS TO REQUEST NO. 39**
**Defendants:**
Plaintiff's objection and agreement, which attempt to limit responsive documents
to only those that are in the plaintiff's "possession" or the "possession of counsel"
violates the Federal Rules of Civil Procedure.  The documents sought in response
to Request No. 39 go to the very heart of the litigation and plaintiff should
produce documents responsive to the Request as written to the extent such
documents are in plaintiff's possession, custody or control.

Plaintiff's objection appears to indicate that he or she is operating under a
mistaken belief that defendants are requesting plaintiff collect responsive
documents that are neither in his or her possession, custody or control.  To be
sure, defendants are seeking only responsive documents in the plaintiff's
possession custody or control.


**REQUEST NO. 40:**

All medical or scientific writings in which any person purports to have
found a causal relationship between any anti-epileptic drug ("AED") and any
specific incident of suicide or attempted suicide.

**OBJECTION AS TO REQUEST NO. 40**

In addition to the General Objections, the plaintiff objects to Request No.

40 on the ground that it is premature at this stage in the litigation.  In addition, the

53

plaintiff further objects to Request No. 40 on the ground that it is on the ground

that it is overly broad, unduly burdensome, oppressive and not limited in time.

Plaintiff further objects to this Request on the ground that, to the extent that such

writings are contained in medical journals or other publications, the documents

requested are within the public domain and equally available to the defendants.

Plaintiff further objects to this Request on the ground that plaintiff would not have

knowledge of the existence of all such documents, nor is he/she capable of

locating and amassing same. The plaintiff further objects to this Request to the

extent that it seeks records and materials that are not in the possession of the

plaintiff. To the extent that the requested documents are in the possession of the

defendants, the same are within the purview of the defendants.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 40

The plaintiff will provide under separate cover responsive documents in his/her

possession, if any, or in the possession of counsel, if any, that do not constitute

protected work product or are otherwise protected by privilege.

## POSITION OF PARTIES AS TO REQUEST NO. 40
### Defendants:
Plaintiff's objection and agreement, which attempt to limit responsive documents
to only those that are in the plaintiff's "possession" or the "possession of counsel"
violates the Federal Rules of Civil Procedure. The documents sought in response
to Request No. 40 go to the very heart of the litigation and plaintiff should
produce documents responsive to the Request as written to the extent such
documents are in plaintiff's possession, custody or control.

Plaintiff's objection appears to indicate that he or she is operating under a
mistaken belief that defendants are requesting plaintiff collect responsive
documents that are neither in his or her possession, custody or control. To be
sure, defendants are seeking only responsive documents in the plaintiff's
possession custody or control.

54

## REQUEST NO. 41:

All medical or scientific writings in which any person purports to have found a causal relationship between any AED and any specific incident of suicide or attempted suicide by a person with no prior history of attempted suicide or suicidal ideation.

## OBJECTION AS TO REQUEST NO. 41

In addition to the General Objections, the plaintiff objects to Request No. 41 on the ground that it is premature at this stage in the litigation. In addition, the plaintiff further objects to Request No. 41 on the ground that it is on the ground that it is overly broad, unduly burdensome, oppressive and not limited in time. Plaintiff further objects to this Request on the ground that, to the extent that such writings are contained in medical journals or other publications, the documents requested are within the public domain and equally available to the defendants. Plaintiff further objects to this Request on the ground that plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the plaintiff. To the extent that the requested documents are in the possession of the defendants, the same are within the purview of the defendants.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 41

The plaintiff will provide under separate cover responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

## POSITION OF PARTIES AS TO REQUEST NO. 41
### Defendants:
Plaintiff's objection and agreement, which attempt to limit responsive documents to only those that are in the plaintiff's "possession" or the "possession of counsel"

55

violates the Federal Rules of Civil Procedure. The documents sought in response
to Request No. 41 go to the very heart of the litigation and plaintiff should
produce documents responsive to the Request as written to the extent such
documents are in plaintiff's possession, custody or control.

Plaintiff's objection appears to indicate that he or she is operating under a
mistaken belief that defendants are requesting plaintiff collect responsive
documents that are neither in his or her possession, custody or control. To be
sure, defendants are seeking only responsive documents in the plaintiff's
possession custody or control.

### REQUEST NO. 42:

All notes, reports, recommendations, memoranda, and other documents in
which any person, including, but not limited to, school administrators, counselors,
providers, friends, relatives, and law enforcement personnel, described, warned
about, opined on, or in any way referred to any actual, observed, or possible
behavioral problem, deportment problem, psychological or psychiatric problem,
mental problem, mental illness, alcohol problem, or substance-abuse problem of
or with respect to plaintiff.

### OBJECTION AS TO REQUEST NO. 42

In addition to the General Objections, the plaintiff objects to Request No.

42 on the ground that it is overly broad, unduly burdensome, oppressive, vague,

ambiguous, irrelevant and not limited in time. Plaintiff would not have

knowledge of the existence of all such documents, nor is he/she capable of

locating and amassing same. The plaintiff further objects to this Request to the

extent that it seeks records and materials that are not in the possession of the

plaintiff.

### AGREEMENT OF PARTIES AS TO REQUEST NO. 42

Subject to and without waiving the General Objections and the foregoing

specific objections, to the extent to which such documents may be contained in

plaintiff's medical records, defendants are referred to medical records annexed to

plaintiff's Rule 26(a)(1) Disclosures and subsequent medical exchanges. In

addition, plaintiff has agreed to supply authorizations to obtain records responsive

to this Request for the time period since five (5) years before plaintiff started

taking Neurontin OR since ten (10) years before the occurrence of the injury

alleged in the Complaint, whichever date is earlier.

## POSITION OF PARTIES AS TO REQUEST NO. 42
**Defendants:**

Plaintiff's objection appears to indicate that he or she is operating under a mistaken belief that defendants are requesting that plaintiff collect responsive documents that are neither in his or her possession, custody or control. To be sure, defendants are not requesting that plaintiff locate all responsive documents, but rather are seeking only responsive documents in the plaintiff's possession custody or control. Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure. Production of partial medical records, in the form of Rule 26 disclosures, which to date have been deficient, is inadequate, as it fails to include all responsive documents in plaintiff's possession, custody or control. For example, according to the agreement as presently written, if plaintiff's family were to have received a letter concerning plaintiff's disturbing behavior, plaintiff would be unwilling to produce the same. Moreover, where as here, there are many plaintiffs with diverse medical histories, the uniform time period limitation is neither appropriate nor reasonable. Production of authorizations is insufficient, as it impermissibly shifts the burdens and costs to defendants.

## REQUEST NO. 43:

Please produce complete copies of the following documents:

        a.     Any petition or complaint to compromise any claim against any person or organization, arising out of the allegations that form the basis of this lawsuit, and all supporting papers submitted in conjunction with any such petition or complaint;

        b.     Any release executed by you or any person authorized to act in your behalf in connection with the allegations that form the basis of this lawsuit;

        c.     Any covenant not to sue, stipulation of dismissal or compromise, or similar document executed by you, any attorney representing you or any personal representative or guardian acting on your behalf, in connection with the allegations that form the basis of this lawsuit;

        d.      Any Order authorizing the compromise of any claim against any person, entity or organization arising out of the allegations that form the basis of this lawsuit; and

        e.      Any Order with respect to the distribution of the proceeds of any compromise of any claim against any person or organization, arising out of the allegations that form the basis of this lawsuit.

## OBJECTION AS TO REQUEST NO. 43

In addition to the General Objections, plaintiff will provide any such documents as are in the possession of the plaintiff.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 43

## POSITION OF PARTIES AS TO REQUEST NO. 43
### Defendants:
Plaintiff should be required to produce all records in his or her possession, custody or control. Plaintiff's proposal, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure.

## REQUEST NO. 44:

Please produce a copy of each informed consent form or consent to treatment form plaintiff/Decedent signed in connection with treatment by a health care professional and/or institution who prescribed him/her Neurontin®.

## OBJECTION AS TO REQUEST NO. 44

## AGREEMENT OF PARTIES AS TO REQUEST NO. 44

Subject to and without waiving the General Objections, to the extent to which such documents may be contained in plaintiff's medical records, defendants are referred to plaintiff's Rule 26(a)(1) Disclosures and subsequent medical exchanges. In addition, plaintiff has agreed to supply authorizations to obtain plaintiff's medical records. Plaintiff will provide any such documents as are in the possession of the plaintiff.

58

## POSITION OF PARTIES AS TO REQUEST NO. 44
### Defendants:

Plaintiff should be required to produce all records in his or her possession, custody or control. Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure. Production of partial medical records, in the form of Rule 26 disclosures, which to date have been deficient, is inadequate, as it fails to include all responsive documents in plaintiff's possession, custody or control. Moreover, production of authorizations is insufficient, as it impermissibly shifts the burdens and costs to defendants.

### REQUEST NO. 45:

Please produce any and all photographs, X-rays, drawings, slides, movies, videotapes, or other visual reproduction of any type in your possession, the possession of your attorneys, or any other person acting on your behalf, relating to the allegations that form the basis of this lawsuit, alleged injuries, or any other facts associated with any of the claims in this suit, whether or not the item is expected to be introduced into evidence at trial.

## OBJECTION AS TO REQUEST NO. 45

## AGREEMENT OF PARTIES AS TO REQUEST NO. 45

Subject to and without waiving the General Objections, plaintiff will

provide any such materials as are in the possession of the plaintiff or his/her

attorneys.

## POSITION OF PARTIES AS TO REQUEST NO. 45
### Defendants:

Plaintiff should be required to produce all records in his or her possession, custody or control. Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure.

### REQUEST NO. 46:

Please produce all documents concerning any oral or written communications between defendants, or their agents, servants, or employees and the health care professional(s) who prescribed Neurontin® for plaintiff/Decedent.

## OBJECTION AS TO REQUEST NO. 46

In addition to the General Objections, the plaintiff objects to Request No. 46 on the ground that it is overly broad, unduly burdensome and not limited in time. The plaintiff further objects to Request 46 in that it seeks information that is remote in time. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the plaintiff. The plaintiff further objects to this Request on the ground that plaintiff would not have personal knowledge of what communications took place between the defendants and the health care professional(s) who prescribed Neurontin for plaintiff/decedent and that this information is within the purview of the defendants.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 46**

The plaintiff will provide under separate cover responsive documents in his/her possession, if any, or in the possession of counsel, if any, that do not constitute protected work product or are otherwise protected by privilege.

**POSITION OF PARTIES AS TO REQUEST NO. 46**
**Defendants:**
Plaintiff's objection appears to indicate that he or she is operating under a mistaken belief that defendants are requesting plaintiff collect responsive documents that are neither in his or her possession, custody or control. To be sure, defendants are seeking only responsive documents in the plaintiff's possession custody or control. Plaintiff's objection and agreement, which attempt to limit responsive documents to only those that are in the plaintiff's "possession" or the "possession of counsel" violates the Federal Rules of Civil Procedure.

**REQUEST NO. 47:**

Please produce all documents that refer or relate to any communication (whether oral or written) between you, or a person acting on your or plaintiff's behalf, and any health care professionals and/or institutions by whom or at which plaintiff was seen, evaluated, or treated concerning Neurontin®, or any act,

omission, or conduct of defendants, including, without limitation, any notes, correspondence or recordings of such communications.

## OBJECTION AS TO REQUEST NO. 47

In addition to the General Objections, the plaintiff objects to Request No. 47 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome and oppressive. Plaintiff would not have knowledge of the existence of all such documents, nor is he/she capable of locating and amassing same. The plaintiff further objects to this Request to the extent that it seeks records and materials that are not in the possession of the plaintiff.

## AGREEMENT OF PARTIES AS TO REQUEST NO. 47

Subject to and without waiving the General Objections and the foregoing specific objections, to the extent to which such documents may be contained in plaintiff's medical records, defendants are referred to medical records annexed to plaintiff's Rule 26(a)(1) Disclosures and subsequent medical exchanges. In addition, plaintiff has agreed to supply authorizations to obtain records responsive to this Request for the time period since five (5) years before plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the injury alleged in the Complaint, whichever date is earlier.

## POSITION OF PARTIES AS TO REQUEST NO. 47
### Defendants:
Plaintiff's objection appears to indicate that he or she is operating under a mistaken belief that defendants are requesting plaintiff collect responsive documents that are neither in his or her possession, custody or control. To be sure, defendants are seeking responsive documents in the plaintiff's possession custody or control. Plaintiff's objection, which attempts to limit responsive documents to only those that are in the plaintiff's "possession" violates the Federal Rules of Civil Procedure. Moreover, production of authorizations is insufficient, as it impermissibly shifts the burdens and costs to defendants. The production of partial medical records, in the form of Rule 26 disclosures, which to

date have been deficient, is similarly inadequate, as it, too, merely shifts the burdens and costs to defendants and fails to include all responsive documents in plaintiff's possession, custody or control.

### REQUEST NO. 48:

Please produce all reports prepared in whole or in part by each expert retained by you in connection with each of the subject matters about which the expert is expected to testify.

### OBJECTION AS TO REQUEST NO. 48

In addition to General Objections, the plaintiff objects to Request No. 48

on the ground that it is premature. Plaintiff will make his/her expert disclosures

in accordance with the time frames set forth in the Federal Rules and in the

scheduling order set by the Court.

### AGREEMENT OF PARTIES AS TO REQUEST NO. 48

### POSITION OF PARTIES AS TO REQUEST NO. 48
**Defendants:**
Defendants are not at present seeking production of documents in response to Request No. 48.

### REQUEST NO. 49:

Please produce all documents and tangible things, including all tangible reports, draft reports, physical models, compilations of data, and other materials prepared in whole or in part by your expert witness(es) or for your expert witness(es) in anticipation of the experts' trial and deposition testimony in this case.

### OBJECTION AS TO REQUEST NO. 49

In addition to General Objections, the plaintiff objects to Request No. 49

on the ground that it is premature. Plaintiff will make his/her expert disclosures

in accordance with the time frames set forth in the Federal Rules and in the

scheduling order set by the Court.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 49**

**POSITION OF PARTIES AS TO REQUEST NO. 49**
**Defendants:**
Defendants are not at present seeking production of documents in responsive to
Request No. 49.

**REQUEST NO. 50:**

Please produce all records in plaintiff's possession, custody or control that relate
to suicide, suicide attempt, other psychiatric conditions and/or any other alleged
condition that is the subject of plaintiff's lawsuit.

**OBJECTION AS TO REQUEST NO. 50**

In addition to the General Objections, the plaintiff objects to Request No.

50 on the ground that it seeks information that is overly broad, ambiguous, unduly

burdensome and oppressive.  Plaintiff would not have knowledge of the existence

of all such documents, nor is he/she capable of locating and amassing same.  The

plaintiff further objects to this Request to the extent that it seeks records and

materials that are not in the possession of the plaintiff.

**AGREEMENT OF PARTIES AS TO REQUEST NO. 50**

Subject to and without waiving the General Objections and the foregoing specific

objections, to the extent to which such documents may be contained in plaintiff's

medical records, defendants are referred to medical records annexed to plaintiff's

Rule 26(a)(1) Disclosures and subsequent medical exchanges.  In addition,

plaintiff has agreed to supply authorizations to obtain  records responsive to this

Request for the time period since five (5) years before plaintiff started taking

Neurontin OR since ten (10) years before the occurrence of the injury alleged in

the Complaint, whichever date is earlier.

63

**POSITION OF PARTIES AS TO REQUEST NO. 50**
**Defendants:**

The documents sought in response to Request No. 50 go to the very heart of the litigation and plaintiff should produce documents responsive to the Request as written to the extent such documents are in plaintiff's possession, custody or control. The production of partial medical records, in the form of Rule 26 disclosures, which to date have been deficient, is inadequate, as it merely shifts the burdens and costs to defendants and fails to include all responsive documents in plaintiff's possession, custody or control. Production of authorizations is also insufficient, as it, too, impermissibly shifts the burdens and costs of production to defendants.

## REQUEST NO. 51:

Please produce signed original authorizations so that defendants may ensure that complete productions have been made. By requesting an authorization, defendants do not intend to relieve plaintiff of their obligation to produce any documents in your possession, custody or control, including medical records.

**OBJECTION AS TO REQUEST NO. 51**

**AGREEMENT OF PARTIES AS TO REQUEST NO. 51**

Subject to and without waiving the General Objections and specific objections to specific requests herein, authorizations to obtain records responsive to these demands will be provided under separate cover.

Dated:   New York, New York
         June 6, 2006

                                DAVIS POLK & WARDWELL


                                By:   /s/ James P. Rouhandeh
                                      James P. Rouhandeh

                                450 Lexington Avenue
                                New York, New York  10017
                                (212) 450-4000

                                HARE & CHAFFIN

                                By: /s/ David B. Chaffin

                                160 Federal Street
                                Boston, MA 02110
                                (617) 330-5000

                                *Attorneys For Defendants Pfizer Inc,
                                Parke-Davis, a division of Warner-
                                Lambert Company, and Warner-
                                Lambert Company*


                                FINKELSTEIN & PARTNERS

                                By:  /s/ Kenneth B. Fromson

                                436 Robinson Avenue
                                Newburgh, New York 12550
                                1-800-529-2676

                                *Attorney For Products Plaintiffs*


By: Electronic Mail and Overnight Courier