UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING,
        SALES PRACTICES AND PRODUCTS
        LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

PRODUCTS LIABILITY ACTIONS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:  MDL Docket No. 1629
:
:  Master File No. 04-10981
:
Judge Patti B. Saris
:
:  Magistrate Judge Leo T.
:  Sorokin
:
:
:
:

**TEMPLATE DISCOVERY: DEFENDANTS'
FIRST SET OF INTERROGATORIES
DIRECTED TO PRODUCTS PLAINTIFFS**

As per Magistrate Sorokin's request, set forth below is Defendants' Template

First Interrogatories, Product Plaintiffs' corresponding objections, and the agreement

reached among the parties.  To the extent there is a disagreement among the parties, the

respective parties' position is located immediately after that section styled, "Agreement

as to Interrogatory" and is highlighted for your Honor's consideration.  On or before June

9, 2006, the parties will set forth arguments in support of their respective positions.

Plaintiff's counsel and defense counsel have met and conferred regarding

Plaintiff's objections to the Interrogatories and the scope of the individual Interrogatories.

**DEFENDANTS' DEFINITIONS**

1.      As used herein, the terms "plaintiff", "you" and "your" shall refer to the

plaintiff or plaintiffs of each individual action consolidated in the above-captioned MDL

proceeding, the person allegedly harmed by his/her ingestion of the prescription

medication Neurontin, and their agents and/or attorneys acting in their capacities for plaintiff.

2.      As used herein, the terms "Complaint" shall refer to each individual Complaint filed on behalf of plaintiff in the above captioned matter.

3.      As used herein, the term "document" means any writing (whether printed, typed, photocopied, handwritten, recorded, stored, or produced, or reproduced by any other process), drafts and final versions, and all originals as well as copies that differ from originals in any respect (including, but not limited to, differences due to handwritten notes, editing, interlineations, blind copies or any other alterations), or any other computation of information that is in the possession, custody or control of you or your attorneys or agents, and includes, without limitation, any and all: appointment books, articles, brochures, bulletins, calendars, charts, communications (intra-office, inter-office, external and other), computer memory and printouts, correspondence, desk-pads, diaries, drafts, electronic mail messages, forecasts, graphs, letters, memoranda, microfiche, microfilm, minutes of meetings, newspaper clippings, notebooks, notes, periodicals, projections, recordings, records, reports, statements, studies, summaries, tapes, telecopies, telegrams, telephone messages, videotapes and voice mail messages.

4.      The term "communication" means any transfer of information, whether external or internal, by any written, oral, electronic or other means including, but not limited to, meetings, discussions, telephone conversations, voice mail, contracts, letters, memoranda, electronic mail, correspondence, reports, statements, consultations and negotiations.

5.    The terms "concerning" or "relating to" mean directly or indirectly, referring to, reflecting, describing, evidencing, memorializing or constituting.

6.    "Identify", when used with respect to a person, means to give the person's full name, present or last known home address and business address and home and business telephone numbers, e-mail address, the present or last known position and business affiliation of the person, and the position and business affiliation of the person at the time of his actions in connection with the matters alleged in each action.

7.    "Identify", when used with respect to a document or a writing, means to give the type of document or writing (e.g., letter, memorandum, telegram, chart, report), date, file and/or identifying symbol, its subject matter, the total number of pages thereof, its present location and custodian (or its disposition if no location or custodian is specified), and to identify the author, addressee and each recipient of such document.

8.    "Identify", when used with respect to a communication, means to state the date and place where the communication occurred, the type of communication (e.g., letter, telegram, conference, telephone call), the identity of each person who made, received or otherwise observed, heard or witnessed such communication, the general subject matter thereof and, for all alleged misrepresentations, the specific content thereof, and the identity of each document referring or relating to such communication.

9.    The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the response all information that would be excluded if such words were not so construed.

10.    The term "each" includes "all" and "every". Whenever a request calls for documents with respect to "each" one of a particular type of occurrence, communication

3

or other matter of which more than one exists, identify separately, and in chronological order, each instance of the occurrences, communications or other matters referred to, and provide for each such instance all of the documents called for immediately following such identification.

      11.     The use of the plural shall include the singular and the use of the singular shall include the plural.

      12.     The word "including" means "including without limitation".

      13.     The use of the masculine gender includes the feminine gender.

## DEFENDANTS' INSTRUCTIONS

      1.     Answer each Interrogatory separately.  When an Interrogatory has several parts, answer each part separately.

      2.     If any Interrogatory cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unanswered portion.

      3.     If an objection is made to an Interrogatory, or any portion thereof, specify the precise ground of the objection and respond to that portion of the Interrogatory to which there is no objection.

      4.     If all or any part of any Interrogatory is objected to on the grounds that it seeks privileged information or all or any part of any response thereto is withheld under any claim of privilege (including work product), for each such objection or claim plaintiff shall identify the nature of the privilege that is being claimed, and provide as to each communication for which the privilege is invoked sufficient information to enable

4

defendants to assess the applicability of the asserted privilege or protection. Such information shall include (i) the name of the person(s) making the communication and the names of the person(s) present while the communication was made (or the recipients of the communication) and, where not apparent, the relationship of the person(s) present to the person making the communication; (ii) the date and place of the communication; (iii) the type of communication (e.g., letter, conversation, voice mail message, electronic mail, etc.); and (iv) the general subject matter of the communication.

5.      Information requested in these interrogatories shall include information within the knowledge or possession of any of plaintiff's agents and any other entity directly or indirectly subject to plaintiff's control in any way whatsoever.

6.      To the extent that you view any Interrogatory as vague or imprecise, counsel for defendants offers to confer with counsel for plaintiff as to the intended scope of such Interrogatory prior to your response hereto.

7.      These interrogatories are of continuing effect, and if at any time after the responses are submitted, you discover, obtain or otherwise become aware of additional information responsive to any of these interrogatories, such information is to be furnished promptly.

8.      These interrogatories are intended to cover all information and/or documents in your possession or subject to your custody or control. This request is also intended to cover any and all documents you are authorized to retrieve.

## OBJECTIONS PERTAINING TO ALL INTERROGATORIES

### (GENERAL OBJECTIONS)

1.     Plaintiff, by his/her attorneys, FINKELSTEIN & PARTNERS, LLP, hereby responds and objects to Defendants' First Set of Interrogatories dated May 8, 2006. These responses and objections are made without in any way waiving or intending to waive, but on the contrary reserving and intending to reserve, the right to object on any additional ground at any time to a demand for further response, and the right at anytime to revise, supplement, correct, or add to these responses and objections.

2.     Plaintiff objects to the definitions and instructions set forth in the Interrogatories propounded by Defendants. Plaintiffs object to the instructions on the ground that the relevant provisions of the Federal Rules of Civil Procedure provide all instructions recognized under Federal law with respect to answering or responding to Interrogatories. Plaintiffs object to the definitions because they are superfluous, overly broad, cause the scope of the discovery requests to be expanded to such an extent that they exceed the scope of discovery and the number of interrogatories permitted under the Federal Rules of Civil Procedure 26 and 33, and sweep within their scope information which would otherwise be privileged under all subparts of Federal Rules of Civil Procedure 26(b)(2), (3), (4) and the relevant provisions of Federal Rules of Evidence 501. In answers to these Interrogatories, all words have been defined pursuant to their common English definition. These Interrogatories will be responded to pursuant to the instructions set forth by the Federal Rules of Civil Procedure.

3.     Plaintiff objects to the Interrogatories to the extent they seek witnesses and/or information that is protected from disclosure by various privileges or immunities,

6

including attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity.

  4.  Plaintiff objects to the Interrogatories to the extent that they seek to impose discovery obligations on the Plaintiff broader than, or inconsistent with, those set forth in the Federal and Local Rules of Civil Procedure or any other applicable rules.

  5.  Any statement by the Plaintiff to the effect that the Plaintiff will provide information responsive to any individual Interrogatory should not be construed to mean that any responsive information exists. The Plaintiff does not concede that any of the witnesses named in response to these Interrogatories have information that is relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence. The Plaintiff reserves the right to object to the admissibility at trial of any of the information provided in response to these Interrogatories.

  6.  The Plaintiff objects to the Interrogatories to the extent they call for witnesses and/or information that is neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

  7.  The Plaintiff objects to the Interrogatories to the extent that they are not limited to a particular time period, but instead seek information for an unlimited, 20-year or 10-year time frame. As such, the Interrogatories are overly broad, unduly burdensome and seek information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

8.      The Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, and/or incomprehensible, requiring the Plaintiff to engage in conjecture as to their meaning.

9.      All General Objections apply to each individual Interrogatory without reiteration in the response thereto.  Reference to a General Objection in a response, is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any Interrogatory.

10.      In providing these responses, the Plaintiff specifically does not intend to stipulate to the admissibility of any statement or subject matter contained or referenced to in any request or response.  Rather, the Plaintiff expressly reserves and does not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

Please state each Plaintiff's date of birth, present address, social security number, full name and any other names that he/she has used or was known by, including the inclusive dates during which he or she was known by such other names, and if married at any time, for each marriage state the name and address of each Plaintiff's spouse, the date and place of the marriage, the date, place and manner of the termination of the marriage including the name and location of the Court entering the divorce (if applicable), and the name, sex and birth date of each child from the marriage.  If any Plaintiff has a child(ren) outside of marriage or through adoption, please also state the name, sex and birth date of each child(ren).

### OBJECTION AS TO INTERROGATORY NO. 1:

No objection.

### INTERROGATORY NO. 2:

Please list in chronological order all residences at which each Plaintiff lived for a period of more than thirty (30) days, including the date each residency was commenced and terminated and any individuals with whom he or she resided at such address(es) and the relationship to the Plaintiff.

### OBJECTION AS TO INTERROGATORY NO. 2:

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 2

on the ground that it seeks information that is overly broad in that the request is

unreasonable, unduly burdensome and unlimited in time.  Plaintiff further objects to this

request because it seeks, in part, irrelevant information that is not reasonably calculated

to lead to the discovery of admissible evidence and that the burden or expense of the

proposed discovery outweighs its likely benefit.

9

**AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 2:**

Without waiving the foregoing objections, Plaintiff agrees to provide the

information requested for the ten-(10) year period immediately preceding the incident

complained of.

### INTERROGATORY NO. 3:

Identify the name and address of each of Plaintiff's employers for the twenty years
preceding commencement of this suit, the inclusive dates of each, the nature of his or her
work with each employer, and the reason for the termination of the employment. Also
identify Plaintiff's supervisors, bosses, co-workers and any other employees that he
worked closely with for each of his prior places of employment.

**OBJECTION AS TO INTERROGATORY NO. 3:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 3

on the ground that it seeks information that is unduly burdensome, that the request for

past employers for 20 years is not a reasonable time limit, and that the request to identify

"supervisors, bosses, co-workers, and other employees that work closely" with Plaintiff is

overly broad. Plaintiff further objects to this request because it seeks, in part, irrelevant

information that is not reasonably calculated to lead to the discovery of admissible

evidence and that the burden or expense of the proposed discovery outweighs its likely

benefit.

**AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 3:**

Without waiving the foregoing objections, Plaintiff agrees to identify the name

and address of Plaintiff's employers, the inclusive dates of each period of employment,

the nature of his or her work with each employer, the reason for the termination of the

employment, and his/her immediate supervisors for the ten-(10) year period immediately

preceding the incident complained of.

## POSITION OF PARTIES:

### Defendants:
In addition to identifying plaintiff's "immediate supervisor", defendants believe plaintiff
should also identify co-workers and other employees with whom plaintiff works or
worked closely.

### INTERROGATORY NO. 4:

Please identify the ten persons that Plaintiff was closest to over the last ten years of
his/her life, including but not limited to, siblings, boyfriends/girlfriends, roommates, etc.
and include the relevant time period involved and the nature of the relationship with these
individuals.

## OBJECTION AS TO INTERROGATORY NO. 4:

In addition to the General Objections, Plaintiff objects to this Interrogatory

because it assumes each Plaintiff would identify at least 10 persons that meet the criteria

of "closest."

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 4:

Without waiving the foregoing objections, Plaintiff agrees to provide the

requested information up to a maximum of 10 persons.

## INTERROGATORY NO. 5:

Please state what Plaintiff liked to do in his/her spare time and identify, including dates of membership, all social, fraternal, religious, business and/or service organizations to which he/she has ever belonged.

## OBJECTION AS TO INTERROGATORY NO. 5:

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 5 on the ground that it is unreasonable, unduly burdensome and is not reasonably limited in time. Plaintiff further objects to this request because seeks, in part, irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the burden or expense of the proposed discovery outweighs its likely benefit.

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 5:

Without waiving the foregoing objections, Plaintiff agrees to provide the requested information for the ten-(10) year period immediately preceding the incident complained of.

12

## INTERROGATORY NO. 6:

Please state whether Plaintiff ever consumed alcoholic beverages, and if so the amount, frequency and type of beverage consumed, and state whether Plaintiff ever took any illegal drugs ("street drugs") and/or prescriptions drugs that were not originally prescribed to him/her, and if so, state the name of the prescription or the drug and the dosage and the frequency of his/her use and if Plaintiff ever sought any type of treatment or counseling for any issue related to his alcohol use or his/her use of prescription or illegal drugs, identify the health-care professional involved, the nature of the treatment, the dates of the treatment, the location of the treatment and the outcome of the treatment.

## OBJECTION AS TO INTERROGATORY NO. 6:

In addition to the General Objections, Plaintiff objects to Interrogatory No. 6

because it is not reasonably limited in time or scope and seeks, in part, irrelevant

information that is not reasonably calculated to lead to the discovery of admissible

evidence.

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 6:

Without waiving the foregoing objections, Plaintiff agrees to provide information

as to treatment or counseling related to alcohol abuse or abuse of prescription or illegal

drugs for the time period since five (5) years before Plaintiff started taking Neurontin OR

since ten (10) years before the occurrence of the incident alleged in the Complaint,

whichever date is earlier.

## POSITION OF PARTIES:
### Defendants:
Interrogatory seeks information regarding plaintiff's use, if any, of alcohol, illicit drugs, and prescription pharmaceuticals, including prescriptions prescribed to someone other than plaintiff. Plaintiff unreasonably limits his or her response to information about treatment or counseling related to substance abuse. Defendants believe this position is far too narrow given that many plaintiffs have substance abuse problems, but not all of those plaintiffs sought or received treatment for the problem. Additionally, the proposed time limitation is unreasonable where, as here, numerous plaintiffs may have had substance abuse problems that predate "a period of time exceeding the earlier of five (5) years before plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint."

13

## INTERROGATORY NO. 7:

Identify each person known to Plaintiff or Plaintiff's counsel who has knowledge of any facts relevant to this case, specifying as to each person the nature and extent of the personal knowledge that you claim they have concerning the facts of this case.

## OBJECTION AS TO INTERROGATORY NO. 7:

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 7 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome, oppressive and unlimited in time.  Plaintiff further objects to this Interrogatory insofar as it can be construed to require Plaintiff to produce matters exempt from discovery pursuant to Rules 26(b)(3) and (4) of the Federal Rules of Civil Procedure, including attorney work product, the identity, mental impressions and opinions of a purely consulting expert, party communications made subsequent to the occurrence upon which the suit is based and in anticipation of the defense of the claims made a part of the pending litigation, and any matter protected by the attorney-client privilege.

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 7:

Without waiving the foregoing objections, Plaintiff agrees to identify by name and address, each individual likely to have discoverable information that Plaintiff may use to support its claims, unless solely for impeachment and will identify the subject of the information generally.

## POSITION OF PARTIES:
### Defendants:
Plaintiff's proposal is unreasonable in that he or she seeks to limit the individuals that he or she will identify to only those with discoverable information that plaintiff may use to

14

support his or her claims. Defendants believe plaintiff should be required to identify all individuals that he or she knows to have relevant facts and knowledge about the case and the issues therein, rather than only those that he or she may call as witnesses.

## INTERROGATORY NO. 8:

Identify and list all bank, savings or credit union accounts that were maintained by Plaintiff, or upon which he/she had power to draw, during the five years prior to his/her suicide attempt or death, listing with respect to each such account: the identity of the institution where the account is/was maintained and the account number; the name(s) in which it is/was maintained; the inclusive dates said account was maintained; and the identity of the person who has (or last had) possession of any of the statements and/or canceled checks relating to said account.

## OBJECTION AS TO INTERROGATORY NO. 8:

Subject to and without waiving the General Objections, Plaintiff objects to Interrogatory No. 8 on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and invades Plaintiff's personal privacy rights. The Plaintiff further objects to this request on the ground that it is not the most efficient discovery method to obtain the information requested.

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 8:

## POSITION OF PARTIES:
### Defendants:
Plaintiff refuses to provide any information in response to defendants' Interrogatory No. 8 and appears to be improperly seeking to avoid discovery. Should plaintiff believe there is another more efficient method or discovery device to seek responsive information, defendants believe plaintiff should set forth his or her position rather than refusing to produce any relevant information in response to defendants' Interrogatory.

15

## INTERROGATORY NO. 9:

Please list any and all debts owed by or on behalf of Plaintiff at the time of his suicide attempt or death, and for each such debt, state the amount, date incurred, creditor and identity of any document relating to any such debt.

## OBJECTION AS TO INTERROGATORY NO. 9:

Plaintiff objects to this request on the grounds that it seeks irrelevant information

that is not reasonably calculated to lead to the discovery of admissible evidence and

invades Plaintiff's personal privacy rights.  The Plaintiff further objects to this request on

the ground that it is not the most efficient discovery method to obtain the information

requested.

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 9:

## POSITION OF PARTIES:
### Defendants:
Plaintiff refuses to provide any information in response to defendants' Interrogatory and appears to be improperly seeking to avoid discovery.  Should plaintiff believe there is another more efficient method or discovery device to seek responsive information, defendants believe plaintiff should set forth his or her position rather than refusing to produce any relevant information in response to defendants' Interrogatory.

## INTERROGATORY NO. 10:

If at any time Plaintiff ever consulted a psychiatrist, psychologist, therapist, counselor, or other mental health professional of any sort, including but not limited to, an individual with a social work degree, school counselors, counselors at work, counselors at church, etc., or if Plaintiff underwent psychiatric or psychological examination or treatment of any kind, please state the name, address and specialty of the person performing the consultation or treatment, the name and location of the facility where it took place, the nature of the therapy received and the dates the therapy was received.

## OBJECTION AS TO INTERROGATORY NO. 10:

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 10 on the ground that it seeks information that is overly broad in that the request is unlimited in scope and time.

The Plaintiff further objects on the ground that Interrogatory No. 10 seeks information largely duplicative of that sought in Document Request No. 1 of Defendants' First Request for Production of Documents and Things, and that the Plaintiff has agreed to respond to Document Request No. 1 as set forth in Plaintiff's Response and Objections to Defendants' First Request for Production of Documents and Things, rendering this Interrogatory largely duplicative and unnecessary.

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 10:

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff will provide the name and address of psychiatrist, psychologist, therapist, counselor, or other mental health professional who provided psychiatric or psychological counseling or treatment to the Plaintiff for the time period since five (5) years before Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint, whichever date is earlier.

17

**POSITION OF PARTIES:**
**Defendants:**
Plaintiff's proposed time limitation is unreasonable and inappropriate in light of the fact that many plaintiffs suffered mental health problems during a period predating "the earlier of five (5) years before plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the incident alleged in the Complaint." Defendants further believe that plaintiff should have to provide information about the nature of therapy and treatment rendered and the dates of that therapy and treatment.

Defendants further take issue with plaintiff's reference to "Plaintiff's Response and Objection to Document Request No. 1" as plaintiff's response was inadequate and incomplete.  Defendants incorporate by reference herein that portion of Document Request No. 1 that reflects "Defendants' Position."

<strong>INTERROGATORY NO. 11:</strong>

Please describe any instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by Plaintiff or any of Plaintiff's family members including, but not limited to, his parents, siblings, grandparents, aunts, uncles, and cousins and, for each such instance, identify the person; the person's relationship to Plaintiff; the nature of the person's illness or behavior and identify the individuals that might have knowledge of these incidents.

**OBJECTION AS TO INTERROGATORY NO. 11:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 11

on the ground that it seeks information that is overly broad, ambiguous, unduly

burdensome, oppressive and unlimited in time.  Plaintiff further objects to this

Interrogatory insofar as it relates to persons other than the Plaintiff in that the disclosure

of the information sought would result in the invasion of privacy of the respective

individuals. In addition the Plaintiff is not capable of determining "the individual who

might have knowledge of these incidents" as set forth in the Interrogatory.

**AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 11:**

Subject to and without waiving the General Objections and the foregoing specific

objections, Plaintiff will respond to this Interrogatory as it relates to the Plaintiff, and to

18

the extent that it seeks instances of psychiatric or mental illness, suicide or attempted

suicide by Plaintiff's family members.

### INTERROGATORY NO. 12:

Identify every health-care professional or facility that provided any type of consultation
or care whatsoever to Plaintiff (whether mental or physical) over the last twenty years
and identify the location where such consultation and/or treatment was rendered. Also
state whether Plaintiff at any time was treated in any manner or suffered any illness,
disease, injury, condition or affliction (either medical or psychiatric). If so, state for each
such illness, injury, disease, or affliction, the name of the illness, injury, disease or
affliction; the date and circumstances of each such injury, illness, disease, or affliction;
the name and address of each physician, surgeon, nurse, or other person who attended or
treated him/her; the dates of such treatment; the name and address of each hospital or
clinic where he/she was confined, treated or examined; the dates he/she was confined,
treated, or examined in each such hospital or clinic; and names and addresses of
witnesses with knowledge of any of the above and the treatment rendered.

### OBJECTION AS TO INTERROGATORY NO. 12:

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 12

on the ground that it seeks information that is overly broad and burdensome and in that

the request is unlimited in scope and time. The Plaintiff further objects on the ground

that Interrogatory No. 12 seeks information largely duplicative of that sought in

Document Request No. 1 of Defendants' First Request for Production of Documents and

Things, and that the Plaintiff has agreed to respond to Document Request No. 1 as set

forth in Plaintiff's Response and Objections to Defendants' First Request for Production

of Documents and Things, rendering this Interrogatory largely duplicative and

unnecessary.

19

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 12:

Subject to and without waiving the General Objections and the foregoing specific

objections, Plaintiff will provide the name and address of the medical providers that

provided medical care to the Plaintiff for the time period since five (5) years before

Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the

incident alleged in the Complaint, whichever date is earlier.

## POSITION OF PARTIES:
### Defendants:
Plaintiff's proposed time limitation is unreasonable and inappropriate in light of the fact
that many plaintiffs suffered from ongoing health problems during a period that predates
"the earlier of five (5) years before plaintiff started taking Neurontin OR since ten (10)
years before the occurrence of the incident alleged in the Complaint." Indeed, under
plaintiff's proposal, if plaintiff were hospitalized, treated or counseled for suicide attempt
earlier than a decade before the incident alleged in the Complaint, defendants would not
receive such responsive information.

Defendants further take issue with plaintiff's reference to Plaintiff's Response and
Objection to Document Request No. 1 as plaintiff's response was inadequate and
incomplete. Defendants incorporate by reference herein that portion of Document
Request No. 1 that reflects "Defendants' Position."

## INTERROGATORY NO. 13:

State whether Plaintiff was ever charged with, or convicted of committing any violation
of any criminal or juvenile law, code, or statute and for each state the nature of each such
offense, the name of the court in which each such matter or proceeding was filed or
prosecuted, each judgment or plea entered in connection with each such offense, the
sentence or other punishment imposed for each such offense, the name and address of
each institution in which Plaintiff was confined or referred for treatment or counseling in
connection with each such offense, and/or the name and the last known address of any
probation, parole, or juvenile officer assigned to any such case.

## OBJECTION AS TO INTERROGATORY NO. 13:

Subject to and without waiving the General Objections, Plaintiff objects to

Interrogatory No. 13 to the extent it exceeds the requirements of Rule 609 of the Federal

Rules of Evidence on the grounds that it exceeds the scope of discovery, seeks irrelevant

information not reasonably calculated to lead to the discovery of admissible evidence,

and that the burden or expense of the proposed discovery outweighs its likely benefit.

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 13:

Subject to and without waiving the General Objections and the foregoing specific

objections, Plaintiff will provide information as required by Rule 609, Federal Rules of

Evidence for the time period since five (5) years before Plaintiff started taking Neurontin

OR since ten (10) years before the occurrence of the incident alleged in the Complaint,

whichever date is earlier.

## POSITION OF PARTIES:
### Defendants:
The uniform time period limitation is neither appropriate nor reasonable given there are
plaintiffs who may have been charged with, and/or convicted of, committing a violation
of a criminal or juvenile law, code or statute during a period of time predating the earlier
of five (5) years before plaintiff started taking Neurontin OR since ten (10) years before
the occurrence of the injury alleged in the Complaint.

## INTERROGATORY NO. 14:

State the name and addresses of witnesses with knowledge of any and all medications
(whether prescription or not) or drugs (whether prescription or not) which Plaintiff took
orally, by injection, through ingestion, by suppository or by external application at any
time during a twenty-year period prior to his/her death.  For each prescription, please also
state the name of the prescribing health-care professional, the name of the prescription,
the prescription dosage, each date that the prescription was prescribed, where the
prescription was filled, the reason for the prescription and whether it was effective at
treating the condition for which it was prescribed.

## OBJECTION AS TO INTERROGATORY NO. 14:

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 14

on the ground that it seeks information that is overly broad in seeking information

regarding medications taken by the Plaintiff "at any time during a twenty year period

prior to his/her death." The Plaintiff further objects on the ground that the request for "the

names and addresses of witnesses with knowledge of any and all medications" taken by

the Plaintiff over the past 20 years is overly broad, unduly burdensome and not capable of

being determined. The Plaintiff further objects on the ground that the request seeks

information not relevant to this action. The Plaintiff further objects on the ground that

Interrogatory No. 14 seeks information largely duplicative of that sought in Document

Request No. 1 of Defendants' First Request for Production of Documents and Things

since the names and addresses of the health-care professionals who prescribed medication

to the Plaintiff will likely be contained in Plaintiff's medical and hospital records, and

that the Plaintiff has agreed to respond to Document Request No. 1 as set forth in

Plaintiff's Response and Objections to Defendants' First Request for Production of

Documents and Things, rendering this Interrogatory largely duplicative and unnecessary.

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 14:

Subject to and without waiving the General Objections and the foregoing specific

objections, Plaintiff will provide the name and address of the health-care professionals

who prescribed medication to the Plaintiff for the time period since five (5) years before

Plaintiff started taking Neurontin OR since ten (10) years before the occurrence of the

incident alleged in the Complaint, whichever date is earlier.

## POSITION OF PARTIES:
### Defendants:
The uniform time limitation is not appropriate. If plaintiff took an antipsychotic more
than ten (10) years before the occurrence of the incident alleged in the complaint because
of a previous suicide attempt, it appears that plaintiff would withhold that information.

22

## INTERROGATORY NO. 15:

Identify by name, location and dates of attendance, the schools, educational institutions or other learning facilities attended by Plaintiff and for each identify any type of certificate, diploma or degree received and the graduation date from each school.  If Plaintiff did not graduate or otherwise receive a certificate, diploma or degree for a certain educational institution, please state why.

## OBJECTION AS TO INTERROGATORY NO. 15:

Subject to and without waiving the General Objections, Plaintiff will respond to

this Interrogatory.

## INTERROGATORY NO. 16:

Please state whether Plaintiff or Plaintiff's counsel has or possesses knowledge of any written or oral statement made by Pfizer Inc. and/or Warner-Lambert Company LLC or their agents concerning this action or the subject matter of this action.  If so, and if the statement is written, identify each statement by date(s) and author, the custodian, and, if oral, state by whom the statement was made, to whom it was made, the date(s) and substance thereof.

## OBJECTION AS TO INTERROGATORY NO. 16:

Subject to and without waiving the General Objections, Defendant is referred to

records obtained from the United States of America vs. Warner- Lambert Company LLC

litigation, including but not limited to, the global criminal and civil settlement agreement

resolving Warner-Lambert's criminal and civil liability regarding the marketing of the

drug Neurontin for uses not approved by the United States Food and Drug

Administration, and records and deposition testimony obtained from the Defendant in the

course of discovery.

23

**AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 16:**

**POSITION OF PARTIES:**
**Defendants:**
Plaintiff refuses to provide any information, beyond that which is available in the Information, in response to defendants' Interrogatory and appears to be improperly seeking to avoid discovery.

## INTERROGATORY NO. 17:

Please state whether Plaintiff ever had: (1) any communications with any individual at the Food and Drug Administration ("FDA") or (2) any communications with any individual at Pfizer Inc. or Warner-Lambert Company LLC or their affiliates or agents regarding Neurontin, including but limited to online, phone, mailed or faxed communications, and if so, please state the names and addresses of individuals who would have knowledge of the communication and state the substance of the communication.

**OBJECTION AS TO INTERROGATORY NO. 17:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 18 on the ground that to the extent Defendants would have been notified by the FDA of any such communications, such information is within the purview of the Defendants.

**AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 17:**

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff will respond to this Interrogatory.

## INTERROGATORY NO. 18:

Please identify all individuals, other than your attorney, who was consulted or participated in the preparation of the answers to these Interrogatories, and indicate the numbers of the specific Interrogatories for which each such person participated in preparing answers.

## OBJECTION AS TO INTERROGATORY NO. 18:

No objection.

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 18:

The parties are in agreement.

## INTERROGATORY NO. 19:

Provide a computation of any category of damages claimed by Plaintiff.

## OBJECTION AS TO INTERROGATORY NO. 19:

Subject to and without waiving the General Objections, Plaintiff objects to this

Interrogatory in that it seeks information that is duplicative of the information required by

Rule 26(a)(1). Defendant is referred to Plaintiff's Rule 26(a)(1) Disclosures.

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 19:

## POSITION OF PARTIES:
## Defendants:
Simple production of records, in the form of Rule 26 disclosures, which to date have been deficient and have not included damage computations, is inadequate.  It appears that plaintiff is improperly seeking to avoid discovery by refusing to provide information in response to this Interrogatory.

**INTERROGATORY NO. 20:** Identify each person that you expect to testify at the trial

of this action as an expert witness and, with respect to each such person, provide all

information required by Federal Rule of Civil Procedure 26(a)(2).

**OBJECTION AS TO INTERROGATORY NO. 20:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 20

on the ground that it is premature at this stage in the litigation. Plaintiff will make his/her

expert disclosures in accordance with the time frames and requisites set forth in the

Federal Rules and in the scheduling order set by the Court.

**AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 20:**


**POSITION OF PARTIES:**
**Defendants:**
At present, defendants are not seeking information in response to Interrogatory No. 20.

**INTERROGATORY NO. 21:**

Identify every item of tangible and/or documentary evidence which you may use at the
time of trial to establish or prove any part of your case and which you may introduce into
evidence for any purpose whatsoever at the time of trial.  With respect to each item of
tangible evidence, identify any person who has custody of such item and the present
location where such item may be inspected.

**OBJECTION AS TO INTERROGATORY NO. 21:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 21

on the ground that it is premature at this stage in the litigation. Plaintiff will make his/her

pre-trial disclosures in accordance with the time frames and requisites set forth in the

Federal Rules and in the scheduling order set by the Court.

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 21:

### POSITION OF PARTIES:
#### Defendants:
At the present, defendants are not seeking information in response to Interrogatory No. 21.

## INTERROGATORY NO. 22:

Please state the name and address of any individuals who may have had contact with Plaintiff, or would have knowledge of his/her behavior or mental state, in the 72 hours immediately preceding his/her suicide attempt or death.

## OBJECTION AS TO INTERROGATORY NO. 22:

No objection.

## AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 22:

The parties are in agreement with respect to Interrogatory No. 22.

## INTERROGATORY NO. 23:

Please state whether Plaintiff ever posted, filed or reported information on any Internet websites or message boards regarding Neurontin, this litigation, Pfizer Inc., Warner-Lambert Company LLC, or the filing of adverse event reports relating to Neurontin and if so, please state the names and addresses of the individuals who would have knowledge of these postings and whether Plaintiff was ever contacted by anyone regarding adverse events relating to Neurontin and if so, state the name and address of these individuals.

## OBJECTION AS TO INTERROGATORY NO. 23:

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 23

on the ground that it is overly broad and vague in that Defendant has not sufficiently

defined the term "adverse events". Plaintiff further objects to this Interrogatory on the

ground that it is unlimited in time and scope. Plaintiff further objects to this Interrogatory

27

to the extent that it seeks "the names and addresses of the individuals who would have

knowledge of these postings" since this information would not be known to the Plaintiff,

but is within the purview of the Defendants.

### AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 23:

Subject to and without waiving the General Objections and the foregoing specific

objections, Plaintiff will respond to the Interrogatory.

### INTERROGATORY NO. 24:

Identify each government payor or private payor (as defined above) that has provided
medical, prescription, disability, accidental or life insurance on Plaintiff during the past
20 years, either individually or as a member of an insured family, including the group
insurance coverage and coverage under policies of insurance issued to or on behalf of
parents and/or spouses. For each such payor identified in response to this Interrogatory,
state the name and address of the carrier, the name of the group coverage, the name of the
primary insured individual under the policy, including the primary insured's Social
Security number and/or membership number and the inclusive dates you were insured
under the policy; and identify, if any, which polices provided for prescription benefits
and which government payor or private payor policies provided prescription coverage to
you at the time you were prescribed, dispensed, distributed or administered Neurontin.

### OBJECTION AS TO INTERROGATORY NO. 24:

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 24

on the ground that it is overly broad in seeking records "for a period of 20 years." The

Plaintiff further objects to the request on the ground that it is unduly burdensome,

oppressive and, to the extent that it seeks records concerning any and all medical

treatment of any kind and is remote in time, irrelevant to this action. The Plaintiff further

objects to this request to the extent that it seeks records that are not in the possession of

the Plaintiff.

28

**AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 24:**

Subject to and without waiving the General Objections and the foregoing specific objections, the Plaintiff will provide the requested information for the 5-year period immediately preceding the incident complained of.

**POSITION OF PARTIES:**
**Defendants:**
Plaintiff should be required to provide responsive information for a period of time that is consistent with the period of time for which medical records must be furnished by plaintiff. Defendants believe this should be a period of twenty years given the long and diverse medical histories of the plaintiffs for whom limited discovery has been provided.

**INTERROGATORY NO. 25:**

Identify every person, law enforcement organization, governmental agency, and/or insurance company that was present at the scene of Plaintiff's suicide attempt or death and/or preformed any type of investigation regarding Plaintiff's suicide attempt or death, and state the purpose of the investigation, the type of investigation done, the content of the investigation, who did the investigation and the outcome of the investigation.

**OBJECTION AS TO INTERROGATORY NO. 25:**

No objection.

**AGREEMENT OF THE PARTIES AS TO INTERROGATORY NO. 25:**

The parties are in agreement with regard to Interrogatory No. 25.

Dated:   New York, New York
       June 6, 2006

                    DAVIS POLK & WARDWELL

                    By:   /s/ James P. Rouhandeh
                         James P. Rouhandeh

                    450 Lexington Avenue
                    New York, New York  10017
                    (212) 450-4000

                    HARE & CHAFFIN

                    By: /s/ David B. Chaffin

                    160 Federal Street
                    Boston, MA 02110
                    (617) 330-5000

                    *Attorneys For Defendants Pfizer Inc,*
                    *Parke-Davis, a division of Warner-*
                    *Lambert Company, and Warner-*
                    *Lambert Company*

                    FINKELSTEIN & PARTNERS

                    By:  /s/ Kenneth B. Fromson

                    436 Robinson Avenue
                    Newburgh, New York 12550
                    1-800-529-2676

                    *Attorney For Products Plaintiffs*