UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE NEURONTIN MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) |

MDL Docket No. 1629

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Judge Patti B. Saris
Mag. Judge Leo T. Sorokin

THIS DOCUMENT RELATES TO:

PRODUCTS LIABILITY LITIGATION

Civil Action No. 04-10981

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## TEMPLATE DISCOVERY: PRODUCT LIABILITY PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS DIRECTED TO DEFENDANTS

As per Magistrate Sorokin's request, set forth below is Product Plaintiffs' Template Request for Production of Documents and Things, Defendants' corresponding objections, and the agreement reached among the parties. To the extent there is a disagreement among the parties, the respective parties' position is located immediately after that section styled, "Agreement as to Request" and is highlighted for your Honor's consideration. On or before June 9, 2006, the parties will set forth arguments in support of their respective positions.

Plaintiff's counsel and defense counsel have met and conferred regarding Plaintiffs' Request for Production of Documents and Things and Defendants' responses thereto.

## PLAINTIFFS' INSTRUCTIONS

1.     Each Request refers to documents in the custody, control, and possession of Defendants, or known to Defendants, as well as in the custody, control, and possession

of or known to Defendants' counsel, representatives, agents, servants, investigators, and consultants, and unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators and consultants.

2.      Each Request pertains to the plaintiff or plaintiffs of each individual action consolidated in the above-referenced MDL proceeding.

3.      If any requested document is unavailable, because it was lost or destroyed by Defendants or its agents, or for any other reason, the Defendants shall, after fully identifying the document, state:

(a)      When and where it was destroyed, or why it is otherwise unavailable;

(b)      The name and address of each person who destroyed it;

(c)      The name and address of each person who directed, approved, or knew of its destruction; and,

(d)      The name and address of each person who has knowledge of such document.

4.      If there is a claim of privilege with respect to any document requested, the Defendants shall:

(a)      Identify in its Answer each document for which a privilege is claimed;

(b)      A description of the document;

(c)     The date of the document;

(d)     The names of the addressees and addressors;

(e)     The identity and address of every person to whom a copy was given or communicated;

(f)     The general subject matter of the document;

(g)     A statement of the facts constituting the basis for any claim of privilege; and,

(h)     The specific basis on which the privilege is claimed.

5.     If you cannot produce documents for any other reason, respond to the extent possible, stating your reasons for your inability to respond in full.

6.     When producing documents, if maintained in an electronic format or presently in an electronic format, these shall be produced in electronic format. This includes producing documents that were provided to outside entities, outside persons or internally in electronic format. Electronic information should be produced in commonly available PC format such as Microsoft Office Suite. If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained. For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft PowerPoint or comparable format. Because of variables which may exist in

3

electronic production, we remain willing to and specifically request a "meet and confer" take place to work out the protocols and variables between those responsible for electronic production and a representative of the Plaintiffs.

7.    These Requests shall be deemed continuing, to the full extent required or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when Defendants obtains access, custody, possession or control of any document not previously produced, which is responsive to any of these Requests.

8.    Unless otherwise set forth the relevant time is from the beginning of time until the present.

### PLAINTIFFS DEFINITIONS

1.    "Defendants", "You" and "Your" refers to every corporation, person, or entity upon which Plaintiffs serve these discovery requests, (including, but not limited to, every manufacturer, marketer, distributor or developer of Neurontin). "Defendants", "You" and "Your" includes every predecessor in interest of each such company, each of its successors in interest, and every company affiliated with each such company by common ownership or control.

2.    As used throughout this Request for Production of Documents, the term "Document" or any similar term refers in the broadest possible sense meaning anything which may be considered to be a document and includes, without limitations, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures,

4

sound or symbols, or any combination thereof.  This definition includes copies of

duplicated of documents contemporaneously or subsequently created that have any

nonconforming notes or other markings.  Without limiting the generality of the foregoing,

the term "Document" includes, but is not limited to, correspondence, memoranda, notes,

records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements,

working papers, summaries, statistical statements, financial statements, work papers,

accounts, local records, reports and/or summaries of investigation, trade letters, press

releases, comparisons, books, calendars, diaries, articles, magazines, newspapers,

booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams,

instructions, notes or minutes of meeting, or other communications of any type, including

inter-office and intra office communication, questionnaires, surveys, charts, graph,

photographs, recordings, tapes, back-up tapes, discs, data cells, printouts, databases, all

other data compilations from which information can be obtained (translated, if necessary,

into usable form), and any preliminary versions, drafts or revisions of any of the

foregoing and shall also include electronic communications, whether maintained

presently in the normal course of business or available in back-up or legacy data formats,

wherever found or maintained, including all servers, hard drives, lap tops, and firewalls.

## DEFENDANTS' OBJECTIONS TO DEFINITIONS

1.      Defendants object to the definition of "document" to the extent it is meant

to be used in its "broadest possible sense and shall include, but not be limited to any

original, reproduction or copy, and non-identical copy (i.e., copy with marginal notes,

deletions, etc.) of any kind of written, printed, typed, electronically created or stored, or

other graphic matter of any type, documentary material, or drafts thereof, including, but not limited to, any correspondence, memoranda, interoffice or intra-office communications, notes, diaries, journals, calendars, contract documents, publications, calculations, estimates, vouchers, minutes of meetings, invoices, reports, studies, computer tapes, computer disks, computer cards, computer files, e-mails, photographs, negatives, slides, dictation belts, voice tapes, telegrams, notes of telephone conversations and notes of any oral communications." Such a definition is overly broad, unduly burdensome and ambiguous.

## DEFENDANTS' OBJECTIONS PERTAINING TO ALL REQUESTS ("GENERAL OBJECTIONS")

1.      Defendants object to the Request on the grounds that it is overly broad and would impose extraordinary burden on defendants if required to respond to the Request as written.  In addition, the majority of the Requests overlap with and are duplicative of other discovery Requests.

2.      Defendants object to the Request to the extent it calls for the production of documents protected from disclosure by various privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity.  To the extent that such documents are inadvertently produced in response to the document Requests, the production of such documents shall not constitute a waiver of defendants' right to assert the applicability of any privilege or immunity to the documents, and any such document will be subject to return on demand.

3.      Defendants object to the Request to the extent it seeks "all" documents that relate to the information sought in the particular request, on the grounds that such a

6

request fails to describe the documents with reasonable particularity and are overly broad and burdensome.

4.      Defendants object to the Request to the extent it calls for documents that are not within defendants' possession, custody or control, or are more appropriately sought from third parties, or are publicly available. Defendants object to the Request to the extent it seeks documents that are already in plaintiffs' possession, custody, or control, or are equally available to plaintiffs.

5.      Defendants object to the Request to the extent it calls for the production of proprietary, commercially sensitive or other confidential documents, the probative value of which is outweighed by defendants' interest in preserving their confidentiality.

6.      Any use of the Definitions contained in the Request or the individual Requests by defendants for the purposes of responding to the Request does not constitute a waiver of any objection.

7.      Any statement by defendants to the effect that it will produce documents responsive to any individual Request should not be construed to mean that any responsive documents exist. Defendants do not concede that any of the information provided in response to these Requests is relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence. Defendants reserve the right to object to the admissibility at trial of any of the information provided in response to the Request.

8.      Defendants object to the Request to the extent it calls for the production of documents which are neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

9.      Defendants object to the Request to the extent it seeks documents regarding products other than Neurontin. As such, the Requests are overly broad, unduly burdensome and seek documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Defendants will only produce documents or information regarding Neurontin.

10.     Defendants object to the Request to the extent that it seeks documents from a time period that is overly broad. Defendants will only produce documents / information up through the last date of the Neurontin prescription(s) to the respective plaintiff(s) by the respective physician(s).

11.     Defendants object to the Request to the extent it is vague, ambiguous, and / or incomprehensible, requiring defendants to engage in conjecture as to the meaning of a Request.

12.     All General Objections apply to each individual Request without reiteration in the response thereto. Reference to a General Objection in a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any request.

13.     In providing these responses, defendants specifically do not intend to stipulate to the admissibility of any statement or subject matter contained or referred to in any Request or response. Rather, defendants expressly reserve and do not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.

8

14.    Defendants object to the Request to the extent that it seeks to impose discovery obligations on defendants broader than, or inconsistent with the applicable rules.

15.    Defendants object to providing documents pursuant to overly broad Requests that seek unrelated documents, and on a schedule 30 days from May 10, 2006. Defendants will respond to appropriate document Requests on a mutually agreeable schedule.

16.    Defendants object to the Request to the extent that it seeks documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

17.    Defendants reserve the right to make additional objections and to supplement its responses as may be deemed appropriate.

## DOCUMENT REQUESTS

### REQUEST NO. 1

1.    <u>Contacts With Dispensing Healthcare Provider</u>:  For each healthcare provider who prescribed or dispenses Neurontin to Plaintiff (hereinafter "Prescribing Healthcare Provider"), please state and, where requested, provide the following:
    a.    Dear Doctor or Dear Healthcare Provider Letters.
        i.    For each "Dear Doctor" or "Dear Healthcare Provider" letter that was sent to Plaintiff's prescribing healthcare provider:
            1.    attach a copy of each letter;
            2.    attach a copy of each non-privileged draft of each letter;
            3.    identify the database or location in which each letter is maintained;
            4.    attach a copy of any attachment that was provided with each letter.

## DEFENDANTS' OBJECTION TO REQUEST NO. 1

In addition to the General Objections, defendants object to Request No. 1 on the grounds that the phrase "dispenses Neurontin" is vague and ambiguous as written. Defendants further object to Request No. 1 on the ground that Request No. 1 seeks information from outside of the relevant time period. Defendants further object to Request No. 1 on the grounds that it is not limited to Neurontin and seeks documents that are neither relevant to this action nor likely to lead to the discovery of admissible evidence. Defendants further object to Request No. 1 on the grounds that subsection (a)(i)(3) is not the proper subject of a request for production but is better sought through a different discovery device. Defendants further object to Request No. 1 to the extent it seeks documents that are already in plaintiffs' possession, custody, or control, or are equally available to plaintiffs. Defendants further object on the grounds that Request No. 1 is duplicative of other Requests that have been the subject of discussion and agreement between the parties and to the extent the relevant databases which house responsive documents, if any, have previously been produced to plaintiffs' counsel.

## AGREEMENT AS TO REQUEST NO. 1

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants inform plaintiffs that responsive documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") which have previously been produced. Defendants further agree to conduct a reasonable search of centrally located files, if any, for "Dear Doctor" or "Dear Healthcare Professional" letters, such as that attached hereto as Exhibit A, that were provided to plaintiffs' prescribing physician(s), on an unsolicited basis, if any, during the relevant time period.

**POSITION OF PARTIES AS TO REQUEST NO. 1**
**Plaintiffs' Position:**
Defendants should identify or otherwise define the "centrally located files" they intend to search for documents responsive to this Request.

**Defendants' Position:**
Defendants are at this time unable to determine whether centrally located files exist and, therefore, cannot identify them.

**REQUEST NO. 2**

2.     Sales Representative Contact with the Prescribing Healthcare Provider(s):  For each prescribing healthcare provider previously identified by Plaintiff, please identify all contacts between Defendants' sales representatives and that provider as follows:

    a.     Produce that portion of the sales call database(s) that reflect the contacts by Defendants' sales representatives with Plaintiff's prescribing healthcare providers;

    b.     Produce documents that identify the last known address of Defendants' sales representative;

    c.     Product [sic] documents that identify the current employment position, if any, of said sales representative.

**DEFENDANTS' OBJECTION TO REQUEST NO. 2**

In addition to the General Objections, defendants object to Request No. 2 on the grounds that it is unduly burdensome and overly broad as written in seeking information about "all" contacts and fails to describe the documents with reasonable particularity. Defendants further object to Request No. 2 to the extent it seeks information not limited to Neurontin and therefore seeks information that is not relevant to this litigation nor reasonably likely to lead to the discovery of admissible evidence.  Defendants further object to Request No. 2 on the grounds that it seeks information from outside of the relevant time period.  Defendants further object to Request No. 2 on the grounds that subsections 2(b) and (c) are not the proper subject of a request for production but seek information that is better sought through different discovery devices.  Defendants further

11

object to Request No. 2(b) on the grounds that it is neither relevant to this litigation nor is it reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that Request No. 2 is duplicative of other requests that have been the subject of discussion and agreement between the parties and to the extent defendants have already produced portions of defendants' sales databases ("CMS" and "CMMS") to plaintiffs' counsel and as such is seeking documents already in plaintiffs' possession or which are equally available to plaintiffs.

## AGREEMENT AS TO REQUEST NO. 2

Subject to and without waiving the General Objections and the foregoing Specific Objections, after plaintiffs' counsel specifically identifies in plaintiffs' Rule 26 disclosures and / or plaintiffs' responses to defendants' interrogatories, the respective prescribing physician(s), and date of Neurontin prescriptions, defendants will produce, at a mutually convenient time and location, documents, if any, from sales-call databases containing contacts between the sales representative(s) and plaintiffs' prescribing physician(s) relating to Neurontin during the period that the sales representative(s) detailed plaintiffs' prescribing physician(s), but in no event beyond the last date of the Neurontin prescription to the respective plaintiff by the respective physician. With regard to Request 2(b) and 2(c), defendants direct plaintiffs' attention to defendants' response to Interrogatory No. 1.

## POSITION OF PARTIES AS TO REQUEST NO. 2
### Plaintiffs' Position:
Plaintiffs will provide all medical and pharmacy records reflecting Neurontin prescriptions that they have in their possession, or in the possession of counsel, along with authorizations to obtain medical and pharmacy records reflecting Neurontin prescriptions.

Defendants should provide documents consistent with subheading (b) that identify the last known address of defendants' sales representative, as well as documents consistent with subheading (c) that identify the current employment position, if any, of said sales representative.

The beginning time frame for responsive documents is the first date the representative and/or liaison ever detailed the prescribing health-care provider whether or not it was during the prescribing period for the individual plaintiff.

**Defendants' Position:**
Defendants believe that plaintiffs should be required to identify, in Rule 26 disclosures and / or in Plaintiffs' Responses to Interrogatories, plaintiffs' prescribing physician(s) and the date of the Neurontin prescriptions. In order to obtain such crucial information, defendants should not have to comb through pharmaceutical and medical records, which, impermissibly shifts the burden to defendants and will result in unnecessary delay of discovery. Defendants believe plaintiff should be required to undertake reasonable diligence to identify responsive information. Moreover, if defendants are charged with the duty of identifying prescribing physicians and prescription dates, it will inevitably lead to disputes among the parties as to whether the proper physician(s) and dates were identified. Plaintiffs are in the better position to identify prescribing physicians and prescription dates and doing so will ensure the proper physicians and dates are identified at the outset.

Defendants believe that rather than producing documents in response to Request No. 2 subheading (b) and (c) — regarding the last known address of defendants' sales representatives and the employment position of current sales representatives — defendants agreement to provide the same information in response to Plaintiffs' Interrogatory No. 1 should be sufficient.

Defendants have agreed to produce responsive documents "during the period that the sales representative(s) detailed plaintiffs' prescribing physician(s), but in no event beyond the last date of the Neurontin prescription to the respective plaintiff by the respective physician." Requiring defendants to produce documents for as long as a decade or more prior to contact with plaintiffs' physician is overly broad and unduly burdensome.

## REQUEST NO. 3

3.  Medical Liaison Contact with the Prescribing Healthcare Provider(s): For each prescribing healthcare provider previously identified by Plaintiff, please identify all contacts between Defendants' medical liaisons, if any, and that provider as follows:
    a.  Produce documents sufficient to show the date(s) of contact, if any;
    b.  Produce documents that identify the last known address of said medical liaison;

c.     Produce documents that show the current employment position, if any, of said medical liaison.

## DEFENDANTS' OBJECTION TO REQUEST NO. 3

In addition to the General Objections, defendants object to Request No. 3 on the grounds that it is overly broad as written in seeking information about "all contacts" and fails to describe the documents with reasonable particularity. Defendants further object to Request No. 3 to the extent it seeks information not limited to Neurontin and therefore seeks information that is not relevant to this litigation nor likely to lead to the discovery of admissible evidence. Defendants further object to Request No. 3 on the grounds that it seeks information from outside of the relevant time period. Defendants further object to Request No. 3 on the grounds that subsections 3 (b) and (c) are not the proper subject of a request for production but seek information that is better sought through different discovery devices. Defendants further object to Request No. 3(b) on the grounds that it is neither relevant to this litigation nor is it reasonably calculated to lead to the discovery of admissible evidence.

## AGREEMENT AS TO REQUEST NO. 3

Subject to and without waiving the General Objections and the foregoing Specific Objections, with regard to Request 3(b) and 3(c), defendants direct plaintiffs' attention to Defendants' Response to Interrogatory No. 1.

Defendants are at present unaware of any medical liaison database. The parties agree to revisit this issue if, during the course of discovery, it is determined that such a database exists. Should such a database be determined to exist, defendants will produce, at a mutually convenient time and location, documents, if any, from such medical liaison

14

database, containing contacts between the identified medical liaison(s) and plaintiffs'

prescribing physician(s) relating to Neurontin during the period that the medical

liaison(s) contacted plaintiffs' prescribing physician(s), but in no event beyond the date

of the last prescription to the respective plaintiff by the respective physician.

## POSITION OF PARTIES AS TO REQUEST NO. 3
### Plaintiffs' Position:

Defendants' response should not be limited solely to documents that may be derived from "a medical liaison database." Rather, defendants should produce documents reflecting contacts between defendants' medical liaisons, if any, and an individual plaintiff's prescribing healthcare provider.

Defendants' reference to their response to Interrogatory No. 1 is misleading to the extent that they have not indicated the manner in which the information will be provided. Consequently, plaintiffs do not know whether defendants intend to provide a specific response to the Interrogatory or whether defendants intend to provide a bulk production of documents through which plaintiffs must "fish" for the information.

### Defendants' Position:
Plaintiffs are requesting that defendants collect records from all medical liaisons who ever had any involvement with Neurontin, for a period of greater than ten years, and to search all of their files for the names of plaintiffs' prescribing physicians in order to determine whether any medical liaisons had contact with plaintiffs' prescribing providers. This is a classic example of a fishing expedition that is both exceptionally burdensome and costly.

## REQUEST NO. 4

4.    Custodial Files: For each Defendants' sales representative and medical liaison identified above, please identify and produce his/her custodial files, including all traditional "paper" documents, and computer files pertaining to Neurontin.

## DEFENDANTS' OBJECTION TO REQUEST NO. 4

In addition to the General Objections, Defendants object to Request No. 4 on the

grounds that it is overly broad as written in seeking information about "all traditional"

paper documents and computer files pertaining to Neurontin and fails to identify the

requested documents with reasonable particularity. Defendants further object to Request

No. 4 to the extent it seeks information from outside of the relevant time period and seeks documents not limited to the off-label uses of Neurontin.

## AGREEMENT AS TO REQUEST NO. 4

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants will produce documents from the files of sales representatives who detailed, and medical liaisons who contacted, the physician(s) who prescribed Neurontin to plaintiffs, dated through the last date of the Neurontin prescription to the respective plaintiff by the respective physician containing reference to: (i) adverse events of suicidal behavior, depression and other psychobiological events agreed upon by the parties;[1] (ii) off-label uses of bipolar disorder, peripheral neuropathy, diabetic neuropathy, reflex sympathetic dystrophy, attention deficit disorder, trigeminal neuralgia, restless leg syndrome, essential tremor periodic limb movement disorder, migraines and drug and alcohol withdrawal seizures; and (iii) contacts with the plaintiffs' prescribing physician(s), if any, through the date of such physician's last prescription of Neurontin to such plaintiff. Defendants further agree to produce documents from the files of sales representatives who detailed, and medical liaisons who contacted the physician(s) who prescribed Neurontin to plaintiffs, dated through the last date of the Neurontin prescription to the respective plaintiff by the respective physician, if any, that contain or reflect communications with the respective prescribing physician.

---

[1] At the request of Plaintiffs the defendants added "depression and other psychobiological events" to the above list.

16

**POSITION OF PARTIES AS TO REQUEST NO. 4**
**Plaintiffs' Position:**
Defendants' response should <u>not</u> be limited to documents containing reference solely to
"(i) adverse events of suicidal behavior or depression and other psychobiological events;
and (ii) off-label uses of bipolar disorder, peripheral neuropathy, diabetic  neuropathy . . .
alcohol withdrawal seizures" as proposed by defendants.

Plaintiffs believe they are entitled to all references to Neurontin, from within the above-
mentioned custodial files, that pertain to safety, efficacy, sales and marketing.  In the
pending New York State action, <u>Young v. Pfizer</u>, Defendants previously agreed to
produce "all traditional 'paper' documents, and computer files, if any[,] regarding sales,
marketing, safety and efficacy of Neurontin." Attached hereto as Exhibit A, the Court's
attention is referenced to Agreements in that action, dated October 19, 2005, at Exhibit 8,
Response to Request #A2.

Plaintiffs believe defendants should also produce documents from the files of the <u>district</u>
<u>managers</u> that correspond to those sales safety set forth in Request No. 4.  In the
pending New York State action, <u>Young v. Pfizer</u>, Defendants previously agreed to
produce documents from said district managers.  Attached hereto as Exhibit A, the
Court's attention is referenced to Agreements in that action, dated October 19, 2005, at
Exhibit 1, Agreement #104.

Plaintiffs do not require that defendants produce generic training manuals provided by
defendants to each representative or liaison, so long as defendants produce an exemplary
training manual and confirm that said representative or liaison possessed same. However,
in the event that a representative or liaison entered notes in such a manual, then plaintiffs
request a copy of said manual.

**Defendants' Position:**
Plaintiffs have continually changed their position with regard to Request No. 4.
Defendants believe it has proposed a fair and targeted method to capture responsive
documents from the above-mentioned custodial files.  To do as plaintiffs suggest — to
search for all documents that contain any reference to Neurontin — would be a massive
undertaking.  Indeed, assuming each of the products plaintiffs in the Multidistrict
Litigation has only one prescribing physician, defendants would be required to collect
and review the files of 114 sales representatives for every single reference to Neurontin.
The result would be a discovery exercise requiring far more time than currently
scheduled for discovery.  Indeed, plaintiffs' position sweeps far too broadly, as it would,
for example, require the production of on-label information and materials, which are not
relevant to this litigation.  Defendants' proposal is reasonable; defendants have agreed to
search the custodial files for the issues in these cases — all documents related to the
alleged injury of plaintiffs, all documents relating to the off-label uses the plaintiffs allege
defendants promoted and all contacts with plaintiffs' prescribing physicians.  Defendants
further believe that what may have been feasible in the <u>Young v. Pfizer</u> matter — a case
involving only a single individual plaintiff —does not set the standard for what would be

appropriate or reasonable here. Moreover, defendants agreed to produce documents in the Young v. Pfizer matter subject to, and without waiving, defendants' objections.

Additionally, only now after multiple exchanges to reach agreement, do plaintiffs raise, for the first time, the issue of district managers.

## REQUEST NO. 5

5.    For each Defendants' sales representative and medical liaison identified above, please identify and produce any and all sales call notes or other documents that reflect or refer to any communications with any of Plaintiff's prescribing healthcare providers.

## DEFENDANTS' OBJECTION TO REQUEST NO. 5

In addition to the General Objections, Defendants object to Request No. 5 on the grounds that it is overly broad and unduly burdensome as written in seeking information about "any and all" sales-call notes or "other documents" that reflect or refer to "any" communications with "any" of plaintiffs' prescribing health-care providers and fails to identify the documents with reasonable particularity. Defendants further object to Request No. 5 on the grounds that the phrase "reflect or refer to" is vague and ambiguous as written. Defendants further object to Request No. 5 to the extent it seeks information from outside of the relevant time period. Defendants further object to Request No. 5 on the grounds that it seeks information not limited to Neurontin and seeks documents that are neither relevant to this action nor likely to lead to the discovery of admissible evidence.

## AGREEMENT AS TO REQUEST NO. 5

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants will produce, at a mutually convenient time and location, those portions of the sales-call database, if any, containing notes of any communication

18

between (i) the sales representative(s) identified in response to Request No. 2 or the

medical liaison(s) identified in response to Request No. 3 and (ii) plaintiffs' prescribing

physician(s), relating to Neurontin, if any, during the period that the sales

representative(s) detailed plaintiffs' prescribing physician(s) or the medical liaisons

contacted plaintiffs' prescribing physician(s), but in no event beyond the last date of the

Neurontin prescription to the respective plaintiff by the respective physician.

Defendants are at present unaware of any medical liaison database.  The parties

agree to revisit this issue if, during the course of discovery, it is determined that such a

database exists.

## POSITION OF PARTIES AS TO REQUEST NO. 5
### Plaintiffs' Position:
Defendants' response should <u>not</u> be limited solely to "those portions of the sales call database" that contain documents responsive to the request.  Defendants should produce documents that may not be within the sales call database.

The beginning time frame for responsive documents is the first date the representative and/or liaison ever detailed the prescribing health-care provider whether or not it was during the prescribing period for the individual plaintiff.

### Defendants' Position:
Plaintiffs' position fails to take into account that defendants have not limited the documents agreed to be produced to those found in "portions of the sales call database." In response to Request No. 4, defendants agreed to produce documents from the files of sales representatives who detailed, and medical liaisons who contacted the physician(s) who prescribed Neurontin to plaintiffs, dated through the last date of the Neurontin prescription to the respective plaintiff by the respective physician, if any, that contain or reflect communications with the respective prescribing physician.

Defendants have agreed to produce responsive documents "during the period that the sales representative(s) detailed plaintiffs' prescribing physician(s) or the medical liaisons contacted plaintiffs' prescribing physician(s), but in no event beyond the last date of the Neurontin prescription to the respective plaintiff by the respective physician." Requiring defendants to produce documents for as long as a decade or more prior to contact with plaintiffs' prescribing physician is overly broad and unduly burdensome.

## REQUEST NO. 6

6.    For each Defendants; [sic] sales representative and medical liaison identified above, please identify and produce all documents regarding Neurontin that were discussed with or provided to Plaintiff's prescribing healthcare provider, if any.

## DEFENDANTS' OBJECTION TO REQUEST NO. 6

In addition to the General Objections, Defendants object to Request No. 6 on the grounds that is overly broad and unduly burdensome as written in seeking information about "all" documents and fails to identify the documents with reasonable particularity. Defendants further object to Request No. 6 to the extent it seeks information from outside of the relevant time period and is not limited to off-label uses of Neurontin. Defendants further object to Request No. 6 on the grounds that it is not the proper subject of a request for production but seeks information that is better sought through a different discovery device. Defendants further object to Request No. 6 to the extent it is duplicative of and subsumed by Request Nos. 4 and 5.

## AGREEMENT AS TO REQUEST NO. 6

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants will produce, at a mutually convenient time and location, documents, if any, from the files of sales representatives who detailed, and medical liaisons who contacted, plaintiffs' prescribing physician(s) that relate to Neurontin and that were discussed with or provided to plaintiffs' prescribing physician(s) during the period that the sales representative(s) detailed or the medical liaisons contacted, plaintiffs' prescribing physician(s) but in no event beyond the last date of the Neurontin prescription to the respective plaintiff by the respective physician.

20

**POSITION OF PARTIES AS TO REQUEST NO. 6**
**Plaintiffs' Position:**
The beginning time frame for responsive documents is the first date the representative and/or liaison ever detailed the prescribing health-care provider whether or not it was during the prescribing period for the individual Plaintiff.

**Defendants' Position:**
Defendants have agreed to produce responsive documents "during the period that the sales representative(s) detailed plaintiffs' or the medical liaisons contacted, plaintiffs' prescribing physician(s) but in no event beyond the last date of the Neurontin prescription to the respective plaintiff by the respective physician." Requiring defendants to produce documents for as long as a decade or more prior to contact with plaintiffs' prescribing physician is overly broad and unduly burdensome.

## REQUEST NO. 7

7.      For each Defendants' sales representative and medical liaison identified above, please produce all documents, if any, reflecting whether he/she has been investigated and/or reprimanded for his/her marketing practices pertaining to Neurontin either by Defendants or any governmental agency.

**DEFENDANTS' OBJECTION TO REQUEST NO. 7**

In addition to the General Objections, defendants object to Request No. 7 on the ground that the phrase "investigated and/or reprimanded" is vague and ambiguous as written. Defendants further object to Request No. 7 on the grounds that is overly broad and unduly burdensome in seeking information about "all" documents and fails to describe the documents with reasonable particularity. Defendants further object to Request No. 7 to the extent it seeks information from outside of the relevant time period. Defendants further object to Request No. 7 on the grounds that it is not the proper subject of a request for production but seeks information that is better sought through a different discovery device and to the extent it seeks confidential information.

21

**AGREEMENT AS TO REQUEST NO. 7**

Subject to and without waiving the General Objections and foregoing Specific

Objections, defendants will identify whether the sales representatives and medical

liaisons identified in response to Request Nos. 2 and 3 were ever reprimanded and / or

sanctioned for marketing practices relating to Neurontin. To the extent any individuals

are identified, defendants further agree to engage in discussions with plaintiffs to

determine what, if any, documents should be produced at that time.

**POSITION OF PARTIES AS TO NO. 7**
**Plaintiffs' Position:**
Defendants should define the scope of "centrally located employment files."

**Defendants' Position:**
Defendants' agreement no longer references "centrally located employment files."

**REQUEST NO. 8**

8.     For each Defendants' sales representative and medical liaison identified above,
       please identify and produce all documents reflecting said individuals' earnings
       related to the sales and marketing of Neurontin.

**DEFENDANTS' OBJECTION TO REQUEST NO. 8**

In addition to the General Objections, Defendants object to Request No. 8 on the

grounds that it is neither relevant to this litigation nor is it reasonably calculated to lead to

the discovery of admissible evidence. Defendants further object on the grounds that the

request is overly broad and unduly burdensome in seeking information about "all"

documents and fails to identify the documents with reasonable particularity. Defendants

further object on the grounds that Request No. 8 seeks information from outside of the

relevant time period. Defendants further object to Request No. 8 on the grounds that it is

not the proper subject of a request for production but seeks information that is better

sought through a different discovery device.

## AGREEMENT AS TO REQUEST NO. 8

Subject to and without waiving the General Objections and the foregoing Specific

Objections, defendants are at present unaware of any method to identify earnings related

specifically to the sales and marketing of Neurontin. The parties agree to revisit this

issue if, during the course of discovery, it is determined that a method to identify earnings

related specifically to the sales and marketing of Neurontin exists and if Magistrate Judge

Sorokin determines that earning data is relevant to this products liability Multidistrict

Litigation.

## POSITION OF PARTIES AS TO REQUEST NO. 8
### Plaintiffs' Position:
In the pending New York State action, Young v. Pfizer, defendants previously agreed to "provide documents sufficient to show . . . compensation related to sales of Neurontin compared to sales of other pharmaceuticals sold on behalf of defendants, if any exist." Attached hereto as Exhibit A, the Court's attention is referenced to Agreements in that action, dated October 19, 2005, at Exhibit 8, Response to Request #A2. Plaintiffs believe that Defendants should identify whether such documents exist and if, yes, Defendants should produce documents responsive to this request.

### Defendants' Position:
The agreement reached between the parties in Young, referenced above, is not relevant to the documents requested here but rather addresses an altogether different issue.

## REQUEST NO. 9

9.    For each prescribing healthcare provider, please produce all documents reflecting whether Defendants or their representatives ever provided the healthcare provider (or anyone in the practice) Neurontin samples including the following information:
   a.    The number of sample packets provided and the dosages provided;
   b.    The dates that they were shipped and/or provided;
   c.    The identity of the person or persons who provided the samples;
   d.    Copy or copies of the packaging and package inserts, if any, that corresponded to the samples that were provided.

**DEFENDANTS' OBJECTION TO REQUEST NO. 9**

In addition to the General Objections, defendants object to Request No. 9 on the grounds that it is overly broad and unduly burdensome in seeking information about "all" documents and fails to identify the documents with reasonable particularity. Defendants further object on the ground that Request No. 9 seeks information from outside of the relevant time period. Defendants further object to Request No. 9 on the grounds that the phrase "or anyone in the practice" fails to identify with sufficient particularity about whom plaintiff wishes to receive information. Defendants further object to the extent Request No. 9 is duplicative of other requests that have been the subject of discussion and agreement between the parties and to the extent documents responsive to this request have previously been produced to plaintiffs' counsel. Defendants further object to the request to the extent it seeks documents that are already in plaintiffs' possession or which are equally available to plaintiffs. Defendants further object to Request No. 9 subsection (c) on the ground that it is not the proper subject of a request for production but seeks information that is better sought through a different discovery device.

**AGREEMENT AS TO REQUEST NO. 9**

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants agree to produce, at a mutually convenient time and location, entries from an appropriate database, if any, that contain information regarding samples provided to plaintiffs' prescribing physician(s) through the date of the last prescription of Neurontin to the respective plaintiff by the respective physician.

**POSITION OF PARTIES AS TO REQUEST NO. 9**
**Plaintiffs:**
Defendants should produce responsive documents consistent with the subheading (d) of the is [sic] request.

The beginning timeframe for which responsive documents is the first date that samples were provided to the prescribing healthcare provider whether or not it was during the prescribing period for the individual plaintiff.

**Defendants' Position:**
Defendants have already provided the Neurontin package inserts of the relevant period.

## REQUEST NO. 10

10.  Consulting With Plaintiff's Dispensing Healthcare Provider:  If you have retained any of Plaintiff's prescribing healthcare providers as a member of Defendants' speaker program, clinical investigator, or consultant relating to Neurontin and either its approved indications or "off label' uses, please produce documents sufficient to show the following information:
    a.    The identity of the healthcare provider;
    b.    The dates that the healthcare provider was retained;
    c.    Any materials prepared by the Defendants addressed to or for use by the healthcare provider (letters, outlines, journal articles, studies, marketing materials);
    d.    The compensation provided by Defendants to the healthcare consultant (expenses, honoraria, or fees of any kind).

## DEFENDANTS' OBJECTION TO REQUEST NO. 10

In addition to the General Objections, defendants object to Request No. 10 on the

grounds that it is overly broad and unduly burdensome in seeking information about

"any" of plaintiffs' prescribing health-care providers and fails to identify the individuals

from whom information is sought with reasonable particularity.  Defendants further

object on the grounds that Request No. 10 is not limited to the relevant period of time and

to the extent that subsections (a) and (b) are better suited to different discovery requests.

**AGREEMENT AS TO REQUEST NO. 10**

Subject to and without waiving the General Objections and the foregoing Specific

Objections, defendants agree to produce entries from a database of speakers, if any,

indicating whether plaintiffs' prescribing physician(s) was retained as a speaker regarding

Neurontin and the related amount of compensation paid for speaking events relating to

Neurontin through the date of the last prescription of Neurontin to the respective plaintiff

by the respective physician. Defendants further agree to produce entries from a database

of payments, if any, reflecting payments, if any, made to plaintiffs' prescribing

physician(s), as a member in defendants' speaker program, as a clinical investigator or as

a consultant relating to Neurontin prior to the time the respective plaintiff was last

prescribed Neurontin by his or her respective physician.

**POSITION OF PARTIES AS TO REQUEST NO. 10**
**Plaintiffs' Position:**
Defendants should produce documents consistent with those set forth in subheading (c) of
this request. In the pending New York State action Young v. Pfizer, defendants
previously agreed to produce "[m]aterials prepared by Defendants addressed to or for the
use by the healthcare provider (letter, outlines, journal articles, studies, marketing
materials)". Additionally, defendants previously agreed to produce "documents relating
to the events for which the healthcare provider received payment, such as agendas,
brochures, promotional material and written material distributed at said events."
Attached hereto as Exhibit A, the Court's attention is referenced to Agreements in that
action, dated October 19, 2005, at Exhibit 8, Response to Request #B1.

**Defendants' Position:**
Other than searching the available databases, defendants have no way to determine, short
of collecting and reviewing every single document that references Neurontin, whether
plaintiffs' prescribing health-care providers were members of defendants' speaker
program, or were retained as clinical investigators, or as consultants relating to
Neurontin. Defendants agree to employ the same methodologies to locate responsive
materials as were employed in the Young v. Pfizer matter referenced by plaintiffs.

## REQUEST NO. 11

11.  Please produce documents sufficient to show whether any of Plaintiff's
     prescribing healthcare providers were ever invited to attend and/or did in fact
     attend any consultant meetings, CMEs, or promotional events sponsored by
     Defendants pertaining to Neurontin, including the following:
     a.  The identity of the healthcare provider;
     b.  The title, location and date of the meeting/event attended;
     c.  The topic of the meeting/event;
     d.  Please provide or identify the agenda/brochure, if any, for the
         meeting/event;
     e.  Please provide a copy or duplicate of any promotional or written materials
         that were distributed at the meeting/event.

## DEFENDANTS' OBJECTION TO REQUEST NO. 11

In addition to the General Objections, Defendants further object to Request No.

11 on the grounds that the request is not limited to the relevant period of time and is

overly broad and unduly burdensome to the extent it seeks information as to whether

prescribing physicians were "ever" attendees at "any" consultant meetings, CMEs or

promotional events. Defendants further object to the Request on the grounds that

subsections (a), (b) and (c) are better suited to different discovery requests.

## AGREEMENT AS TO REQUEST NO. 11

Subject to and without waiving the General Objections and the foregoing Specific

Objections, defendants agree to produce entries from a database of meetings, if any, or

similar medium, if any, that identifies plaintiffs' prescribing physicians who attended

meetings or events related to Neurontin.

## POSITION OF PARTIES AS TO REQUEST NO. 11
### Plaintiffs' Position:
Defendants are in fact aware of databases or files that identify physicians who attended
meetings or events related to Neurontin. Attached hereto as Exhibit B is defense
counsel's correspondence, dated February 28, 2006, in which attorney James Murray
references "documents that reflect Neurontin-related meetings held in New York and

Neurontin-related payments to physicians" and documents that reflect "New York physicians who spoke at speakers' bureau meetings."

Additionally, in the New York State action, Young v. Pfizer, defendants previously agreed to produce "documents relating to the events for which the healthcare provider received payment, such as agendas, brochures, promotional material and written material distributed at said events." Attached hereto as Exhibit A, the Court's attention is referenced to Agreements in that action, dated October 19, 2005, at Exhibit 8, Response to Request #B1. Plaintiffs believe Defendants should produce documents consistent with this request.

Defendants previously required that plaintiffs should have to establish as a prerequisite to disclosure of responsive documents that his or her prescribing physician(s) was an attendee; this pre-requisite has now been removed from the agreement herein.

Defendants' proposal fails to specifically identify physicians corresponding to individual plaintiffs; rather defendants seek to generally identify physicians who attended meetings or events related to Neurontin.

**Defendants' Position:**
Defendants agree to employ the same methodologies to locate responsive materials as were employed in the Young v. Pfizer matter referenced by plaintiffs. Defendants will execute such searches once plaintiff identifies, in Rule 26 disclosures and/or in Plaintiff's Responses to Interrogatories, plaintiffs' prescribing physician(s).

## REQUEST NO. 12

12.    Please produce any document demonstrating [whether] Plaintiff's prescribing healthcare provider ever contacted Defendants to request information concerning Neurontin, including any document that refers to Defendants' communications with Plaintiff's prescribing healthcare provider.

## DEFENDANTS' OBJECTION TO REQUEST NO. 12

In addition to the General Objections, defendants object to Request No. 12 on the grounds that the request is overly broad and unduly burdensome, including by requesting information as to whether plaintiffs' prescribing physician(s) "ever" contacted defendants. Defendants further object to the request on the grounds that it is not limited to documents from the relevant time period and is duplicative of other requests that have been the subject of discussion and agreement between the parties and to the extent the

relevant databases ("Merlin/Pfoenix") which house responsive documents to this Request, if any, have previously been produced to plaintiffs' counsel and as such plaintiffs seek documents that are already in plaintiffs' possession or which are equally available to plaintiffs.

## AGREEMENT AS TO REQUEST NO. 12

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants inform plaintiffs that responsive documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") which have previously been produced.

## REQUEST NO. 13

13.    Plaintiff's Prescribing Healthcare Provider's Prescribing Practices:  Produce documents that purport to track any of Plaintiff's prescribing healthcare provider's prescribing practices with respect to Neurontin (including, but not limited to the number of prescriptions, the number of refills, and the timeframe when these products were prescribed or (re)filled).

## DEFENDANTS' OBJECTION TO REQUEST NO. 13

In addition to the General Objections, defendants object to Request No. 13 on the grounds that the request seeks information from outside of the relevant time period and is overly broad and unduly burdensome to the extent it uses the term "any".  Defendants further object to the use of the phrase "purport to track" as vague and ambiguous. Defendants further object to Request No. 13 on the grounds that it is not relevant or material to the subject matter of this litigation, nor reasonably calculated to lead to discovery of admissible evidence.

**AGREEMENT AS TO REQUEST NO. 13**

Subject to and without waiving the General Objections and the foregoing Specific

Objections, defendants agree to produce, at a mutually convenient time and location,

prescription data, if any, for each of the plaintiffs' prescribing physician(s) who plaintiffs

provides defendants with an "ME" (Medical Examiner) number for or the name and

complete address for, through the date of the last Neurontin prescription to the respective

plaintiff by the respective physician.

**POSITION OF PARTIES AS TO REQUEST NO. 13**
**Plaintiffs' Position:**
Plaintiff should not be required to provide Defendants with an ME number for each
Plaintiff's prescribing physician(s).

**Defendants' Position:**
At plaintiffs' option, plaintiffs may provide to defendants the name and address of each
of plaintiffs' prescribing physicians.

## REQUEST NO. 14

14.    Plaintiff's Medical Condition:  Produce documents sufficient to show whether
       you have been contacted by Plaintiff, any of his/her healthcare providers, or any
       other individual or entity on behalf of or concerning Plaintiff, including the
       following information:
       a.    Name of the person(s) who contacted you;
       b.    The person(s) who were contacted including their name, employment
             position with Defendants, or if no longer employed then their last known
             address and telephone number; and
       c.    Identify and produce all documents which reflect any communication
             between any person or entity and you concerning the Plaintiff.

**DEFENDANTS' OBJECTION TO REQUEST NO. 14**

In addition to the General Objections, defendants object to Request No. 14 on the

grounds that the request seeks information from outside of the relevant time period and is

overly broad and unduly burdensome to the extent it uses the terms "any" and "all".

Defendants further object to the use of the term "all" because it fails to identify the

documents sought with reasonable particularity. Defendants further object to Request No. 14 on the grounds that it is not limited to Neurontin and seeks information that is not relevant to this litigation nor likely to lead to the discovery of admissible evidence. Defendants further object to Request No. 14 on the grounds that it is not limited to the physicians who prescribed Neurontin to plaintiff. Defendants further object to Request No. 14 on the grounds that the word "concerning" is vague and ambiguous as written and would require defendants to engage in conjecture as to its meaning. Defendants further object to Request No. 14 subsection (c) on the grounds that it is not the proper subject of a request for production but seeks information that is better sought through a different discovery device.

**AGREEMENT AS TO REQUEST NO. 14**

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants inform plaintiffs that responsive documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") which have previously been produced.

**REQUEST NO. 15**

15.    Please provide a copy of any MedWatch form which refers or relates to Plaintiff.

**DEFENDANTS' OBJECTION TO REQUEST NO. 15**

In addition to the General Objections, defendants object to Request No. 15 on the ground that the request is overly broad and unduly burdensome to the extent it uses the word "any". Defendants further object to Request No. 15 on the grounds that the phrase "refers or relates" is vague and ambiguous and would require defendants to engage in conjecture as to its meaning. Defendants further object to Request No. 15 on the grounds

that it is duplicative of other requests that have been the subject of discussion and

agreement between the parties and to the extent the relevant databases which house

responsive documents, if any, have previously been produced to plaintiffs' counsel and

are already in plaintiffs' possession or which are equally available to plaintiff.

Defendants further object to the extent Request No. 15 is not limited to Neurontin and

therefore seeks information that is neither relevant to this litigation nor likely to lead to

the discovery of admissible evidence.

## AGREEMENT AS TO REQUEST NO. 15

Subject to and without waiving the General Objections and the foregoing Specific

Objections, defendants will endeavor to produce, at a mutually convenient time and

location, the Adverse Event number, if any, that corresponds to each plaintiff's event

concerning Neurontin.. This will enable plaintiffs' counsel to search the Adverse Events

database, which has already been produced to plaintiffs' counsel.

## REQUEST NO. 16

16.     Please provide records, relating to Plaintiff, from Defendants' adverse event
        database pertaining to Neurontin, as well as relevant supporting documents
        reflecting the entry of such records into the database, to the extent such records
        can be identified.

## DEFENDANTS' OBJECTION TO REQUEST NO. 16

In addition to the General Objections, Defendants object to Request No. 16 on the

ground that the request is not limited to the relevant time period. Defendants further

object to Request No. 16 to the extent it is duplicative of Request No. 15. Defendants

further object to Request No. 16 to the extent the relevant databases which house

32

responsive documents, if any, have previously been produced to plaintiffs' counsel and are already in plaintiffs' possession or which are equally available to plaintiffs.

## AGREEMENT AS TO REQUEST NO. 16

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants will endeavor to produce, at a mutually convenient time and location, the Adverse Event Number that corresponds to each plaintiff's event concerning Neurontin. This will enable plaintiffs' counsel to search the Adverse Events database, which has already been produced to plaintiffs' counsel.

## REQUEST NO. 17

17.     Advertising: Produce documents reflecting any advertisements by Defendants pertaining to Neurontin to the Plaintiff's healthcare provider(s) by virtue of print ads, dear doctor letters, or physician oriented "leave behinds" at any timeframe before or during Plaintiff's prescription period for Neurontin, including the following:

## DEFENDANTS' OBJECTION TO REQUEST NO. 17

In addition to the General Objections, defendants object to Request No. 17 to the extent it uses the word "any" and fails to describe the documents sought with reasonable particularity. Defendants further object to Request No. 17 on the grounds that is unduly burdensome and overly broad as written in that it seeks advertisement materials from "any timeframe before or during Plaintiff's prescription period for Neurontin" and is not limited to the relevant time period. Defendants further object to Request No. 17 to the extent documents responsive to this Request have already been produced to or have been made available to plaintiffs' counsel. Defendants further object to the extent Request No. 17 is duplicative of Requests No. 5 and 6.

**AGREEMENT AS TO REQUEST NO. 17**

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants agree to produce, at a mutually convenient time and location, "Dear Doctor" letters and leave behinds, if any, from the files of sales representatives identified in response to Request No. 2 who detailed plaintiffs' prescribing physician(s) regarding Neurontin that were discussed with or provided to plaintiffs' prescribing physician(s) through the date of the last Neurontin prescription to the respective plaintiff by the respective physician.

**POSITION OF PARTIES AS TO REQUEST NO. 17**
**Plaintiffs' Position:**
Documents responsive to this demand include not only "advertisements," but should include print ads, dear doctor letters, or physician oriented "leave behinds".

**Defendants' Position:**
Plaintiffs' concern is moot. In addition, the files of sales representatives would not be expected to contain print ads.

Dated:   New York, New York
         June 6, 2006

DAVIS POLK & WARDWELL

By:   /s/ James P. Rouhandeh
      James P. Rouhandeh

450 Lexington Avenue
New York, New York  10017
(212) 450-4000

HARE & CHAFFIN

By: /s/ David B. Chaffin

160 Federal Street
Boston, MA 02110
(617) 330-5000

*Attorneys For Defendants Pfizer Inc,
Parke-Davis, a division of Warner-
Lambert Company, and Warner-
Lambert Company*

FINKELSTEIN & PARTNERS

By:  /s/ Kenneth B. Fromson

436 Robinson Avenue
Newburgh, New York 12550
1-800-529-2676

*Attorney For Products Plaintiffs*