# PLAINTIFFS' EXHIBIT A:

## Agreements in Pending New York State Action, Young v. Pfizer dated October 19, 2005

**RESPONSES AND OBJECTIONS TO
PLAINTIFF'S REQUEST TO PRODUCE
DATED AUGUST 18, 2005**

---

**Request:**

A.   <u>Contacts With Dispensing Healthcare Provider</u>

For each persons or entities who prescribed or dispensed Neurontin to Plaintiff (hereinafter "Prescribing Healthcare Provider"), please state and, where requested, provide the following:

1.   Dear Doctor or Dear Healthcare Provider Letters.

   i.   For each "Dear Doctor" or "Dear Healthcare Provider" letter that was sent to Plaintiff's prescribing healthcare provider,
      a)   attach a copy of each letter;
      b)   identify the title or name of the letter sent;
      c)   state the date that each letter was sent;
      d)   identify the person to whom each letter was sent;
      e)   state the address where it was sent;
      f)   identify the database or documents that demonstrate or contain these facts;
      g)   identify the individuals or group responsible for drafting the letter;
      h)   attach a copy of each draft of the letter;
      i)   identify the individuals or group responsible for approving the letter and;
      j)   identify the person(s) who provided information responsive to this request by name, position and employer.

---

**Response to Request No. A and A1:**

      In addition to the General Objections, Defendants object to the request as vague and ambiguous to the extent it seeks information about "entities who prescribed" Neurontin.  Defendants further object to the request's subparts (b), (c), (d) and (e) on the grounds that the information requested can easily be obtained from the documents themselves.  Defendants further object to subpart (f) as vague and ambiguous to the extent it requests defendants to identify the database or documents that "demonstrate or contain these facts."  Defendants further object to subpart (f) as overly broad, unduly burdensome and duplicative of other documents that have or will be produced.  Defendants further object to subparts (g) and (i) as overly broad and unduly burdensome.  Defendants further object to subpart (j) as neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to the request on the grounds that it purports to require defendants in subparts (f), (g), (i) and (j) "to identify" individuals, on the grounds that such requests are inappropriate for this discovery device.

Subject to and without waiving the general objections and foregoing specific objections, defendants will, at a mutually convenient time, produce Dear Doctor letter(s), if any, and non-privileged drafts of the same, if any, that were sent to plaintiff's prescribing physicians. Also subject to and without waiving the general objections and foregoing specific objections, defendants will, at a mutually convenient time, produce documents sufficient to show the department(s) responsible for drafting and approving the Dear Doctor letter(s), if any.

Agreement[1]:

For each "Dear Doctor" or "Dear Healthcare Provider" letter that was sent to Plaintiff's prescribing healthcare provider, Defendants will produce

a) a copy of each letter;
b) a copy of each non-privileged draft of each letter;
c) documents sufficient to show the department(s) responsible for drafting and approving each letter.

This agreement satisfies this request.[2]

Defendant Position:

---

[1] The positions reflected herein are subject to final confirmation by the parties. The parties' agreement, as well as the statements made as to plaintiff's and defendants' positions, do not operate as a waiver of their requests or objections.

[2] For all requests other than C1, Defendants agree to produce the document described herein on or before November 16, 2005.

(NY) 16590/008/NEW.YORK/DISCOVERY/chart.9.12.05.young.RFP.responses.doc

**Request:**

2. Other Contact with the Prescribing Healthcare Provider(s)

    i. For each prescribing healthcare provider previously identified by Plaintiff, please identify all contacts between Defendants' sales representatives and that provider as follows:

        a. Identity and last known address of defendant's sales representative;
        b. The current employment position, if any, of said medical liaison [sic];
        c. Date(s) of Contact.

    ii. For each prescribing healthcare provider previously identified by Plaintiff, please identify all contacts between Defendants' medical liaisons and that provider as follows:

        a. Identity and last known address of Defendants' sales representative [sic];
        b. The current employment position, if any, of said sales representative [sic];
        c. Date(s) of Contact.

    iii. For each Defendant sales representative and medical liaison identified above, please identify and produce his/her custodial files, including all traditional "paper" documents, and computer files pertaining to Neurontin.

    iv. For each Defendant sales representative and medical liaison identified above, please identify and produce any and all sales call notes or other documents that reflect or refer to any communications with any of Plaintiff's prescribing healthcare providers.

    v. For each Defendant sales representative and medical liaison identified above, please identify and produce documents, including journal articles, slim jims, information material or promotional information that the Defendant sales representative and medical liaison distributed to or discussed with Plaintiff's prescribing healthcare provider.

    vi. For each Defendant sales representative and medical liaison identified above, please identify and produce all documents, including journal articles, slim jims, informational material or promotional information intended to be distributed to the patient that the Defendant sales representative and medical liaison distributed to or discussed with Plaintiff's prescribing healthcare provider.

3

vii.    For each Defendant sales representative and medical liaison identified above, please state whether he/she has been investigated and/or reprimanded for his/her marketing practices pertaining to Neurontin either by Defendants or any governmental agency. If your answer is "yes," please state whether the investigation is complete and the results of the investigation; identify and produce all documents which refer to the investigation or reprimand.

viii.   For each Defendant sales representative and medical liaison identified above, please state whether he/she has been evaluated and rewarded (bonus, promotion, etc), for his/her marketing practices pertaining to Neurontin either by Defendants or any other entity. If your answer is "yes," please identify and produce all documents which refer to the evaluation and reward.

ix.     For each prescribing healthcare provider, please state whether Defendants or their representatives ever provided the healthcare provider (or anyone in the practice) Neurontin samples. If the answer is "yes," please state the following:

    a)  The number of sample packets provided and the dosages provided;
    b)  The dates that they were shipped and/or provided;
    c)  The lot numbers for the samples provided on each date identified;
    d)  The identity of the person or persons who provided the samples.
    Note: Please attach hereto any copy or copies of the packaging and package inserts, if any, that correspond to the samples that were provided.

x.      Identify the person(s) who provided information responsive to Section A or any or its subparts, by name, position and employer.

## Response to Request No. A2:

In addition to the General Objections, defendants object to subpart (ii) as overly broad and unduly burdensome.

Defendants further object to subpart (iii) as overly broad, unduly burdensome, and not limited to the relevant time period. Defendants further object to subpart (iii) on the grounds that it seeks documents that are neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to subpart (iii) on the grounds that it fails to identify with sufficient particularity the documents requested.

Defendants further object to subpart (iv) as overly broad and unduly burdensome,

(NY) 16590/008/NEW.YORK/DISCOVERY/chart.9.12.05.young.RFP.responses.doc

and not limited to the relevant time period.

Defendants further object to subpart (vi) on the ground that the phrase "intended to be distributed to the patient" is vague and ambiguous.

Defendants further object to subpart (vii) on the grounds that it seeks documents that are neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to subpart (vii) on the grounds that the term "investigated" is vague and ambiguous in this context. Additionally, defendants object to subpart (vii) on the ground that it calls for documents protected by the attorney-client privilege.

Defendants further object to subpart (viii) on the grounds that is confusing, vague and ambiguous, and is overly broad, unduly burdensome, and seeks documents that are neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to subpart (ix) to the extent it seeks information that is not available from the database(s) used by defendants to track samples, on the grounds that it is therefore unduly burdensome. Defendants further object to the Note to subpart (ix) on the grounds that it is unduly burdensome and seeks information that is duplicative of other documents that have or will be produced.

Defendants further object to subpart (x) on the grounds that it seeks information that is neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to the request on the grounds that it purports to require defendants in subparts (i), (ii), (iii), (iv), (v), (vi), (x) "to identify" individuals and documents and in subparts (vii), (viii), (ix) to "state" the requested information, on the grounds that such requests are inappropriate for this discovery device.

Subject to and without waiving the general objections and foregoing specific objections, defendants will, at a mutually convenient time, produce the following documents:

(iv) that portion of the sales call database(s) that reflect the contacts by defendants' sales representatives with plaintiff's prescribing physicians;

(iv) documents sufficient to show the medical liaison(s), if any, who had contact with plaintiff's prescribing physicians;

(v) the documents that were discussed with or provided to plaintiff's prescribing physicians by defendants' sales representatives, if any;

5

(vii) non-privileged documents reflecting any reprimand of any sales representative relating to Neurontin who contacted plaintiff's prescribing physicians; and

(ix) that portion of the relevant database(s) that reflect information regarding samples provided by defendants' sales representatives to plaintiff's prescribing physicians.

Agreement:

Defendants agree to produce:

2. For sales representatives who called on Plaintiff's prescribing physicians:
   b) that portion of the sales call database(s) that reflects or refers to communications by Defendants' sales representatives regarding sales and marketing through October 9, 2002;
   c) that portion of the sales call database(s) that reflects or refers to communications by Defendants' sales representatives regarding safety and efficacy;
   d) provide the last known address of Defendants' sales representatives if no longer employed by Defendants;
   e) if still employed by Defendants, provide the current employment position/title of said representative.

3. For medical liaisons who contacted Plaintiff's prescribing physicians:
   a) documents sufficient to show the date(s) of contact, if any;
   b) documents, if any, that reflect or refer to any communications with any of Plaintiff's prescribing healthcare providers regarding sales and marketing through October 9, 2002;
   c) documents, if any, that reflect or refer to any communications with any of Plaintiff's prescribing healthcare providers regarding safety and efficacy;
   d) provide the last known address of Defendants' medical liaisons, if no longer employed by Defendants;
   e) if still employed by Defendants, provide the current employment position/title of said liaison.

3a. Defendants will produce documents regarding any investigation and/or reprimand regarding Neurontin of any sales reps or medical liaison, if any, who called on prescribing physicians.

4. For each of Defendants' sales representatives and medical liaison identified above, Defendants will produce those portions of his/her custodial files, including all traditional "paper" documents, and computer files, if any, regarding sales, marketing, safety and efficacy of Neurontin.

5. For each of Defendants' sales representatives and medical liaison identified

6

above, Defendants will produce all documents that were discussed with or provided to, Plaintiff's prescribing healthcare provider, if any, if not provided in response to 4.

6.  For each Defendants' sales representatives identified above, Defendants will provide documents sufficient to show his/her compensation related to sales of Neurontin compared to sales of other pharmaceuticals sold on behalf of Defendants, if any exist.

7.  For each medical liaison identified above, Defendants will produce documents sufficient to show his/her compensation during the timeframe he/she had contact with Plaintiff's prescribing healthcare provider.

8.  For each prescribing healthcare provider, Defendants will provide that portion of the relevant database(s) and documents reflecting whether Defendants or their representatives ever provided the healthcare provider (or anyone in the practice) the following regarding Neurontin samples:

    a)  The number of sample packets provided and the dosages provided;
    b)  The dates that they were provided;
    c)  The identity of the person or persons who provided the samples.

This agreement satisfies this request.

---

Plaintiff Position:

---

Defendant Position:

---

**Request:**

B.    Consulting With Plaintiff's Dispensing Healthcare Provider

1.    If you have retained any of Plaintiff's prescribing healthcare providers as a "thought leader," a member of Defendants' Speaker Program, a Clinical Investigator, or a consultant in any other capacity on the subject of Neurontin and either its approved indications or "off label" uses, please state the following:

   i.    The identity of the healthcare provider consultant;
   ii.   The dates they were affiliated with Defendants;
   iii.  Any materials prepared by the defendants addressed to or for use by the healthcare provider consultant (letters, outlines, journal articles, studies, marketing materials);
   iv.   The compensation provided by Defendants to the healthcare consultant (expenses, honoraria, or fees of any kind).

**Response to Request No. B1:**

Defendants object to the request on the grounds that it is not limited to the relevant time period. Defendants further object to the request as it relates to the phrase "thought leader" as unduly burdensome and unworkable. Defendants further object to the request as vague and ambiguous to the extent that it refers to "a consultant in any other capacity." Defendants further object to the request on the grounds that subpart (i) purports to require defendants "to state [t]he identity of the healthcare provider consultant" and the "dates they were affiliated with Defendants," on the grounds that such requests are inappropriate for this discovery device. Defendants further object to request subpart (ii) on the grounds that it is vague and ambiguous to the extent it refers to healthcare providers being "affiliated" with defendants. Defendants further object on the ground that the request is overly broad and unduly burdensome to the extent that subpart (iii) seeks "any" materials.

Subject to and without waiving the general objections and foregoing specific objections, defendants will produce, at a mutually convenient time, documents sufficient to show payments made by defendants to plaintiff's prescribing healthcare providers, if any, in their capacity as a member of defendants' speaker program, clinical investigator, or consultant relating to Neurontin, if any.

8

Agreement:

B.    Consulting With Plaintiff's Dispensing Healthcare Provider

    1.    If Defendants have retained any of Plaintiff's prescribing healthcare providers as a member of Defendants' speaker program, clinical investigator, or consultant relating to Neurontin and either its approved indications or "off label" uses, Defendants shall provide the following documentation pertaining to said healthcare providers

        i.    Materials prepared by Defendants addressed to or for use by the healthcare provider (letters, outlines, journal articles, studies, marketing materials) through 10/9/02;

        ii.    Documents sufficient to show payments made by Defendants to said healthcare providers through 10/9/02;

        iii.    To the extent any such payments were made, as indicated in B(1)(ii) above, Defendants shall produce documents relating to the events for which the healthcare provider received payment, such as agendas, brochures, promotional material and written material distributed at said events.

This agreement satisfies this request.

Plaintiff Position:

Defendant Position:

9

**Request:**

2.    Please state whether any of Plaintiff's prescribing healthcare providers were ever invited to attend and/or did in fact attend any Defendant sponsored conferences or events. If your answer is "yes," please state the following:

    i.     The identity of the healthcare provider attendee;

    ii.    The title, location and ate of the speaker's program attended;

    iii.   The topic of the speaker's program;

    iv.   Please provide or identify the agenda/brochure for the conference or program;

    v.    Please provide a copy or duplicate of of [sic] any promotional or written materials that were distributed at the conference or program.

**Response to Request No. B2:**

Defendants object to the request on the grounds that it is overly broad, unduly burdensome, and not limited to the relevant time period. Defendants further object to the request for information regarding whether plaintiff's prescribing healthcare providers were "invited" to attend the described events, on the grounds that such a request is overly broad, unduly burdensome and unworkable. Defendants further object to the phrase "Defendant sponsored conferences or events" as vague and ambiguous in this context.

Defendants further object to the request on the grounds that it purports to require defendants to "state" and "to identify" the requested information, on the grounds that such requests are inappropriate for this discovery device.

Subject to and without waiving the general objections and foregoing specific objections, defendants will, at a mutually convenient time, produce documents, if any, sufficient to show payments, if any, made to plaintiff's prescribing healthcare providers for attendance at consultants meetings, CMEs, or promotional events sponsored by defendants, if any. To the extent any such payments exist, defendants will contact plaintiff regarding the request for documents relating to the events relating to such payments.

**Agreement:**

Defendants will agree to produce documents from the files of any sales rep who called on Plaintiff's prescribing doctor relating to any invitation or attendance at any Defendant-sponsored event regarding Neurontin.

Defendants will also search the speaker event database to determine if the prescribing doctor attended any Defendants-sponsored event regarding Neurontin.

(NY) 16590/008/NEW.YORK/DISCOVERY/chart.9.12.05.young.RFP.responses.doc

Plaintiff Position:

       If Plaintiff's prescribing healthcare providers ever attended any Defendant-sponsored conferences or events, Defendants shall produce documents requested in 2ii-2v.

Defendant Position:

(NY) 16590/008/NEW.YORK/DISCOVERY/chart.9.12.05.young.RFP.responses.doc

**Request:**

3.   Has Plaintiff's prescribing healthcare provider ever contacted Defendants to request information concerning Neurontin?

If the answer is "yes," please identify and attach any document which refers to Defendants' communications with Plaintiff's prescribing healthcare provider:

**Response to Request No. B3:**

Defendants object to the request to the extent it seeks "any document which refers" to the subject communications as overly broad and unduly burdensome. Defendants further object to the request on the grounds that it seeks information beyond what is appropriate for this discovery device. Defendants further object to the request to the extent that it overlaps with and is duplicative of other discovery requests. Defendants further object on the grounds that the request is overly broad in that it is not limited to the relevant time period.

Subject to and without waiving the general objections and foregoing specific objections, defendants will, at a mutually convenient time, produce that portion of the Merlin and Pfoenix database(s) that reflect any request by plaintiff's prescribing healthcare provider for information regarding Neurontin, if any.

**Agreement:**

If Plaintiff's prescribing healthcare provider ever contacted Defendants to request information concerning Neurontin, then Defendants shall produce that portion of the Merlin and Pfoenix database(s) that reflect any request by Plaintiff's prescribing healthcare provider.

**Plaintiff Position:**

Defendants shall produce any documentation generate by Defendants that refers to the Physician's contact. The documentation produced by Defendant should not be limited to the subject database or the contact from the healthcare provider.

13

**Request:**

    4.    Identify the person(s) who provided information responsive to Section B or any of its subparts, by name, position and employer.

**Response to Request No. B4:**

Defendants object to the request on the grounds that it seeks information that is neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the request on the grounds that it seeks information beyond what is appropriate for this discovery device.

Agreement:

    This request has been withdrawn

Plaintiff Position:

Defendant Position:

**Request:**

C.    Plaintiff's Prescribing Healthcare Provider's Prescribing Practices

1.    Do you have or have you had access to any database or information which purports to track any of Plaintiff's prescribing healthcare provider's prescribing practices with respect to Neurontin (including, but not limited to the number of prescriptions, the number of refills, and the timeframe when these products were prescribed or (re)filled?

If you answer is "yes," please identify and produce the database of documents which reflects this information.

**Response to Request No. C1:**

Defendants object to the request on the grounds that it is duplicative of prior discovery requests. Defendants further object to the request on the grounds that it seeks information beyond what is appropriate for this discovery device. Defendants further object on the grounds that it is overly broad in that it is not limited to the relevant time period.

Subject to and without waiving the general objections and foregoing specific objections, defendants will, at a mutually convenient time, produce those portions of the database(s) in defendants' possession, if any, that reflect plaintiff's prescribing healthcare provider's prescriptions for Neurontin for the relevant period of time.

**Agreement:**

Defendants shall produce those documents or portions of the database(s) in Defendants' possession, if any, that reflect Plaintiff's prescribing healthcare provider's prescriptions for Neurontin through the date of Plaintiff's last Neurontin prescription.

**Plaintiff Position:**

Plaintiffs want a date certain for this production, no more than 60 days hence.

15

<u>Defendant Position</u>:

      Defendants' production depends on Defendants' ability to find past data, and Defendants cannot provide a date at this time

      Defendants will attempt to produce within 30 days.

**Request:**

    2.    Please identify the person(s) who provided information responsive to Section C, by name, position and employer.

**Response to Request No. C2:**

    Defendants object to the request on the grounds that it seeks information that is neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the request on the grounds that it seeks information beyond what is appropriate for this discovery device.

Agreement:

    This request has been withdrawn.

Plaintiff Position:

Defendant Position:

(NY) 16590/008/NEW.YORK/DISCOVERY/chart.9.12.05.young.RFP.responses.doc

**Request:**

D.  Plaintiff's Medical Condition

    1.    Have you been contacted by Plaintiff, any of his/her healthcare providers, or any other individual or entity on behalf of or concerning Plaintiff? If your answer is "yes," please provide the following information:

        i.    name of the person(s) who contacted you;

        ii.    the person(s) who were contacted including their name, address and telephone number, and

        iii.    identify and produce all documents which reflect any communication between any person or entity and you concerning the Plaintiff.

    2.    Please provide a copy of any MedWatch form which refers or relates to Plaintiff.

    3.    Please identify the person or persons who provided information responsive to section D or any of its subparts by name, title and employer.

**Response to Request No. D:**

    Defendants object to Request No. D1 on the grounds that it is vague and ambiguous and confusing. Defendants object to Request Nos. D1 and D3 on the grounds that it seeks information beyond what is appropriate for this discovery device. Defendants further object to the request on the grounds that it is overly broad and unduly burdensome, and not limited to the relevant time period or to the drug Neurontin. Defendants object to Request No. D3 on the grounds that it seeks information that is neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

    Subject to and without waiving the general objections and foregoing specific objection, defendants will produce, at a mutually agreeable time, records from defendants' adverse event database regarding Neurontin relating to plaintiff, as well as relevant supporting documents reflecting the entry of such records into the database, to the extent such records can be identified.

**Agreement:**

    Defendants will product the unredacted portion of the adverse event database relating to Plaintiff, the source file for that adverse event report, and the Medwatch form for that adverse event report.

    This agreement satisfies this request.

Plaintiff Position:

Defendant Position:

(NY) 16590/008/NEW.YORK/DISCOVERY/chart.9.12.05.young.RFP.responses.doc

**Request:**

E.    Advertising

    1.    Did Defendants advertise Neurontin in the Media Market in which Plaintiff's prescribing healthcare provider's office was located at that time Plaintiff took Neurontin?

    2.    If your answer to the preceding questions is "yes," please identify the advertisement, the media outlet, the nature of the media outlet (ie, print, tv), the dates that the advertisements ran, and the cost of the advertising campaign.

    3.    If your answer to question E, 1 above is "yes," please provide true and accurate copies of any advertisement identified above.

**Response to Request No. E:**

    Defendants object to Request No. E1 and E2 on the grounds that it seeks information beyond what is appropriate for this discovery device. Defendants further object to the request on the grounds that the use of the terms "advertise" and "Media Market in which Plaintiff's prescribing health care provider's office was located" are vague and ambiguous in this context, and fail to describe the documents sought with sufficient particularity.

    Subject to and without waiving the general objections and foregoing specific objection, defendants state that there was no consumer advertising relating to Neurontin during the relevant time period.

**Agreement:**

    This request has been withdrawn.

**Plaintiff Position:**

(NY) 16590/008/NEW.YORK/DISCOVERY/chart.9.12.05.young.RFP.responses.doc

Defendant Position:

(NY) 16590/008/NEW.YORK/DISCOVERY/chart.9.12.05.young.RFP.responses.doc

Request No. 104:

Internal documents regarding the promotion of Neurontin for off-label uses.

Response to Request No. 104:

In addition to the General Objections, the Company objects to Request No. 104 on the grounds that it is argumentative and is unworkable as a request for the production of documents. The Company further objects on the grounds that it is duplicative of other requests, and it is overly broad because it is not limited to the physician who prescribed Neurontin to Plaintiff, to the time period before Neurontin was prescribed to Plaintiff, nor to the use of Neurontin for bipolar disorder.

Agreement

Defendants will produce any documents relating to off-label uses of Neurontin from the files of sales representatives, district managers, and medical liaisons as set forth in the response to the Aug. 18 Request.

Plaintiff Position

Plaintiff believes Defendant should produce all documents relating to off-label uses of Neurontin, with no limitations, through October 9, 2002.

Defendant Position

Defendant does not believe Plaintiff should be able to compel Defendants to search for all internal documents relating to off-label uses of Neurontin, having no connection to Plaintiff, from the files of hundreds, if not thousands, or employees.

(NY) 16590/008/NEW.YORK/DISCOVERY/chart.Young.First.Request.Response.doc