UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          )
IN RE NEURONTIN MARKETING,                                )
SALES PRACTICES AND PRODUCTS                              )   MDL Docket No. 1629
LIABILITY LITIGATION                                      )
                                                          )
                                                          )   Judge Patti B. Saris
                                                          )   Magistrate Judge Leo T. Sorokin
                                                          )
THIS DOCUMENT RELATES TO                                  )
                                                          )   Civil Action No. 04-10981
PRODUCT LIABILITY LITIGATION                              )
                                                          )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**TEMPLATE DISCOVERY: PRODUCT LIABILITY PLAINTIFFS' FIRST
INTERROGATORIES DIRECTED TO DEFENDANTS**

As per Magistrate Sorokin's request, set forth below is Product Plaintiffs' Template First Interrogatories, Defendants' corresponding objections, and the agreement reached among the parties. To the extent there is a disagreement among the parties, the respective parties' position is located immediately after that section styled, "Agreement as to Interrogatory" and is highlighted for your Honor's consideration. On or before June 9, 2006, the parties will set forth arguments in support of their respective positions.

**PLAINTIFFS' DEFINITIONS**

1. "Defendants", "You" and "Your" refer to every corporation, person, or entity upon which Plaintiffs serve these discovery requests, (including, but not limited to every manufacturer, marketer, distributor or developer of Neurontin). "Defendants", "You" and "Your" includes every predecessor in interest of each such company, each of

its successors in interest, and every company affiliated with each such company by common ownership or control.

2. As used throughout these Interrogatories, the term "Document" or any similar term refers in the broadest possible sense meaning anything which may be considered to be a document and includes, without limitations, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings. Without limiting the generality of the foregoing, the term "Document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra office communication, questionnaires, surveys, charts, graph, photographs, recordings, tapes, back-up tapes, discs, data cells, printouts, databases, all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing and shall also include electronic communications, whether maintained presently in the

normal course of business or available in back-up or legacy data formats, wherever found or maintained, including all servers, hard drives, lap tops and firewalls.

## DEFENDANTS' OBJECTIONS TO DEFINITIONS

1. Defendants object to the definition of "Defendants", "You" and "Your" to the extent it is intended to apply to "every corporation, person or entity" including "every predecessor in interest…successors in interest, and every company affiliated with each such company." Such a definition is overly broad, unduly burdensome and ambiguous.

2. Defendants object to the definition of "document" to the extent it is meant to be used in its "broadest possible sense and shall include, but not be limited to any original, reproduction or copy, and non-identical copy (i.e., copy with marginal notes, deletions, etc.) of any kind of written, printed, typed, electronically created or stored, or other graphic matter of any type, documentary material, or drafts thereof, including, but not limited to, any correspondence, memoranda, interoffice or intra-office communications, notes, diaries, journals, calendars, contract documents, publications, calculations, estimates, vouchers, minutes of meetings, invoices, reports, studies, computer tapes, computer disks, computer cards, computer files, e-mails, photographs, negatives, slides, dictation belts, voice tapes, telegrams, notes of telephone conversations and notes of any oral communications." Such a definition is overly broad, unduly burdensome and ambiguous.

# DEFENDANTS' OBJECTIONS PERTAINING TO ALL INTERROGATORIES ("GENERAL OBJECTIONS")

1. The Company objects to the Interrogatories to the extent they seek witnesses with information that is protected from disclosure by various privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity.

2. The Company objects to the Interrogatories to the extent they seek witnesses with information that is proprietary, commercially sensitive, or otherwise confidential, the probative value of which is outweighed by the Company's interest in preserving its confidentiality. The Company objects to discussing such information to the extent it is not covered by the parties' November 29, 2004 confidentiality stipulation.

3. The Company objects to the Interrogatories to the extent that they seek to impose discovery obligations on defendants broader than, or inconsistent with, those set forth in the Federal and Local Rules of Civil Procedure or any other applicable rules.

4. Any statement by the Company to the effect that it will provide information responsive to any individual Interrogatory should not be construed to mean that any responsive information exists. The Company does not concede that any of the witnesses named in response to these Interrogatories have information that is relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence. The Company reserves the right to object to the admissibility at trial of any of the information provided in response to these Interrogatories.

5.  The Company objects to the Interrogatories to the extent they call for witnesses with information that is neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6.  The Company objects to the Interrogatories to the extent they seek witnesses with information regarding products other than Neurontin. As such, the Interrogatories are overly broad, unduly burdensome and seek information that is neither relevant to this action nor likely to lead to discovery of admissible evidence.

7.  The Company objects to the Interrogatories to the extent they seek witnesses with information relating to indications of Neurontin other than the indications for which Neurontin was allegedly prescribed to each plaintiff or decedent.

8.  The Company objects to the Interrogatories to the extent they seek witnesses with information regarding alleged adverse events or adverse reactions to Neurontin other than suicide, suicide ideation, and suicide gesture — the adverse events related to those allegedly suffered by each plaintiff or decedent and that serve as the sole basis for claims asserted in the Complaints.

9.  The Company objects to the Interrogatories to the extent they seek witnesses with information relating to the marketing, advertising, and/or promotion of Neurontin other than that relating to the physicians who prescribed Neurontin to each Plaintiff or decedent. Plaintiffs do not allege any facts in their Complaints that would suggest — let alone demonstrate — that any such activity was in any way related to plaintiffs or their claimed injury. Indeed, using plaintiff Cascio as an example, plaintiff's only claims in this regard are that "upon information and belief, in reliance upon defendants' direct and indirect advertising, marketing and promoting of Neurontin as

being safe and effective for the treatment of bipolar disorder," that "plaintiff's physician prescribed Neurontin to treat plaintiff's bipolar disorder" (Cascio Comp. ¶ 119). Plaintiff alleges no facts in support of these statements, nor do they even provide the physicians' names. Absent such allegations, any request for information concerning the marketing, advertising and promotion of Neurontin is overly broad, unduly burdensome, and is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

10. The Company objects to the Interrogatories to the extent that they are not limited to any geographic area, but instead seek information on a nationwide basis. As such, the Interrogatories are overly broad, unduly burdensome and seek information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. The allegations in the Complaints are based solely on the ingestion of Neurontin by particular plaintiffs as a result of prescriptions written by particular physicians in particular locations.

11. The Company objects to the Interrogatories to the extent that they are not limited to a particular time period. As such, the Interrogatories are overly broad, unduly burdensome and seek information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. The allegations in the Complaint are based solely on the ingestion of Neurontin by particular plaintiffs as a result of prescriptions written by particular physicians at particular points in time, and documents sought after a particular plaintiff's last prescription was written are irrelevant.

12. The Company objects to the Interrogatories to the extent that they request witnesses with information that has no relation to plaintiffs' alleged injuries, to the

unapproved indication for which Neurontin was allegedly prescribed to plaintiffs, or to the physicians that prescribed Neurontin to plaintiffs.

13. The Company objects to the Interrogatories to the extent that they are vague, ambiguous, and/or incomprehensible, requiring the Company to engage in conjecture as to their meaning.

14. All General Objections apply to each individual Interrogatory without reiteration in the response thereto. Reference to a General Objection in a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any Interrogatory.

15. In providing these responses, the Company specifically does not intend to stipulate to the admissibility of any statement or subject matter contained or referred to in any request or response. Rather, the Company expressly reserves and does not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.

16. Although each Complaint in this consolidated action seeks damages for a particular adverse event suffered by an individual plaintiff who was prescribed Neurontin for a specific indication at a specific point in time, the Interrogatories seek witnesses with information relating to Neurontin that is not limited in any way by geography, time period, adverse event, or indication.

17. As of the date of these responses, discovery into the claims, legal theories, damages or the facts and circumstances giving rise to these actions is ongoing and incomplete. Each plaintiff's Complaint alleges ingestion of Neurontin by each plaintiff or decedent, but fails to mention the time periods in which they ingested Neurontin, who

prescribed it to them, the dosage they were prescribed, or the dosage they ingested. The Company reserves the right to revise or supplement these responses and objections once this and other relevant information is provided by plaintiffs or obtained in discovery.

18. Pfizer entered into a merger with Warner-Lambert in June, 2000. To the extent the Interrogatories concern information or documents created prior to the merger of Pfizer and Warner-Lambert, each of the Company's responses constitutes or is based upon information ascertained by Pfizer after a duly diligent inquiry completed through the date of these responses, and is limited by and to the information known or reasonably available to Pfizer at this time. Although the Company undertakes no obligation to supplement any of its responses beyond that provided by applicable law, the Company reserves the right to amend or supplement its responses prior to the time of trial and introduce additional evidence at trial.

## INTERROGATORIES

## INTERROGATORY NO. 1

With respect to each Plaintiff for whom a Complaint has been filed in the above entitled action, identify the last known address of each of Defendants' medical liaison and sales representative who had contact with each individual Plaintiff's prescribing health-care provider, as well as said sales representative's district manager, and identify the current employment position, if any, of said medical liaison, sales representative and district manager.

## DEFENDANTS' OBJECTION TO INTERROGATORY NO. 1

In addition to the General Objections, defendants object to Interrogatory No. 1 on the ground that it seeks information without regard for a temporal limitation. Defendants further object to Interrogatory No. 1 on the grounds that it is not limited to Neurontin and seeks information that is neither relevant to this action nor likely to lead to the discovery

of admissible evidence. Defendants further object to the extent the Interrogatory seeks information about "the district manager" on the grounds that it seeks information that is overly broad, unduly burdensome and fails to identify with sufficient particularity the identity of the individual. Defendants further object on the grounds that Interrogatory No. 1 is duplicative of Document Request Nos. 2 and 3, which have been the subject of discussion and agreement between the parties.

**AGREEMENT AS TO INTERROGATORY NO. 1**

Subject to and without waiving the General Objections and the foregoing Specific Objections, after plaintiffs' counsel specifically identifies in plaintiffs' Rule 26 disclosures and/or plaintiffs' responses to defendants' interrogatories, the respective prescribing physician(s), and date of Neurontin prescriptions, such that defendants are able to identify, if any, the sales representatives and medical liaisons who had contact with or detailed plaintiffs' prescribing physician(s) with regard to Neurontin, through the last date of the Neurontin prescription to the respective plaintiff by the respective physician, defendants agree to: (i) identify the last known address for the identified sales representatives and medical liaisons who are no longer employed by defendants; and (ii) identify the current employment position of the identified sales representatives and medical liaisons who are currently employed by the Company.

**POSITION OF PARTIES AS TO INTERROGATORY NO. 1**
**Plaintiff:**
With respect to the identification of Neurontin prescriptions, plaintiff will provide all medical and pharmacy records reflecting Neurontin prescriptions that he or she has in his or her possession, or in the possession of counsel, along with authorizations to obtain medical and pharmacy records reflecting Neurontin prescriptions.

**Defendants:**

The only matter plaintiffs appear to take issue with is having to identify for defendants the dates of the respective Neurontin prescriptions. The actual dates of the Neurontin prescriptions for each plaintiff is essential as defendants will only produce documents / information up through the last date of the Neurontin prescription(s) to the respective plaintiff(s) by the respective physician(s). In order to obtain such crucial information, defendants should not have to comb through pharmaceutical and medical records, which, impermissibly shifts the burden to defendants. Defendants believe plaintiff should be required to undertake reasonable diligence to identify responsive information. Moreover, if defendants are charged with the duty of identifying prescribing physicians and prescription dates, it will inevitably lead to disputes among the parties as to whether the proper physician(s) and dates were identified. Plaintiffs are in the better position to identify responsive information, and doing so will ensure that the relevant physicians and dates are identified at the outset.

## INTERROGATORY NO. 2

With respect to each Plaintiff for whom a Complaint has been filed in the above entitled action, if you have retained any of Plaintiff's prescribing health-care providers as a member of Defendant's speaker program, clinical investigator, or consultant relating to Neurontin and either its approved indications or "off label" uses, then identify each such health-care provider, the dates that the health-care provider was retained, identify any materials prepared by you addressed to or for use by the health-care provider, and state the compensation provided by you to the health-care provider.

## DEFENDANTS' OBJECTION TO INTERROGATORY NO. 2

In addition to the General Objections, defendants object to Interrogatory No. 2 on the ground that it seeks information without regard for a temporal limitation. Defendants further object to Interrogatory No. 2 on the grounds that it is not expressly limited to those physicians who prescribed Neurontin to plaintiffs and seeks information that is neither relevant to this action nor likely to lead to the discovery of admissible evidence. Defendants further object to Interrogatory No. 2 on the grounds that it is overly broad and unduly burdensome in seeking information about "any" of plaintiff's prescribing health-care providers and fails to identify the individuals from whom information is sought with reasonable particularity. Defendants further object on the grounds that Interrogatory No.

2 is duplicative of Document Request No. 10, which has been the subject of discussion and agreement between the parties.

**AGREEMENT AS TO INTERROGATORY NO. 2**

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants agree to produce entries from a database of speakers, if any, indicating whether plaintiffs' prescribing physician(s) was retained as a speaker regarding Neurontin and the related amount of compensation paid for speaking events through the date of the last prescription of Neurontin to the respective plaintiff by the respective physician. Defendants further agree to produce entries from a database of payments, if any, reflecting payments made to plaintiffs' prescribing physician(s), if any, as a member in defendants' speaker program, as a clinical investigator or as a consultant relating to Neurontin.

**POSITION OF PARTIES AS TO INTERROGATORY NO. 2**
**Plaintiff:**
Defendants' proposal to "produce entries from a database" is not consistent with Plaintiffs' Request that defendants specifically identify responses to interrogatories; rather defendants' manner of response is more appropriate for a Request for Production of Documents.

**Defendants:**
Defendants will, consistent with Federal Rule of Civil Procedure 33(d), either specify records from which an answer can be derived or ascertained, or will answer the interrogatory using such database(s).

**INTERROGATORY NO. 3**

With respect to each Plaintiff for whom a Complaint has been filed in the above entitled action, please state whether any of Plaintiff's prescribing health-care providers were ever invited to attend and/or did in fact attend any consultant meetings, CMEs, or promotional events sponsored by Defendants pertaining to Neurontin, and if your answer is "yes,"

please state the identity of the health-care provider; the title, location and date of the meeting/event attended; and the topic of the meeting/event.

**DEFENDANTS' OBJECTION TO INTERROGATORY NO. 3**

In addition to the General Objections, Defendants object to Interrogatory No. 3 on the ground that it seeks information without regard for a temporal limitation. Defendants further object to Interrogatory No. 3 on the grounds that it is not expressly limited to those physicians who prescribed Neurontin to plaintiffs and seeks information that is neither relevant to this action nor likely to lead to the discovery of admissible evidence. Defendants further object to Interrogatory No. 3 on the grounds that it is overly broad and unduly burdensome in seeking information about "any" of plaintiffs' prescribing health-care providers and fails to identify the individuals from whom information is sought with reasonable particularity. Defendants further object on the grounds that Interrogatory No. 3 is duplicative of Document Request No. 11, which has been the subject of discussion and agreement between the parties.

**AGREEMENT AS TO INTERROGATORY NO. 3**

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants direct plaintiffs' attention to Defendants' Response to Document Request No. 11, in which defendants agreed, subject to and without waiving the General Objections and the itemized Specific Objections, to produce entries from a database of meetings, if any, or similar medium, if any, that identifies physicians who attended meetings or events related to Neurontin.

**POSITION OF PARTIES AS TO INTERROGATORY NO. 3**
**Plaintiff:**

Defendants' proposal to "produce entries from a database" is not consistent with plaintiff's request that defendants specifically identify responses to interrogatories; rather defendants' manner of response is more appropriate for a Request for Production of Documents.

**<u>Defendants:</u>**
Defendants will, consistent with Federal Rule of Civil Procedure 33(d), either specify records from which an answer can be derived or ascertained, or will answer the interrogatory using such database(s).

Dated: New York, New York
June 6, 2006

        DAVIS POLK & WARDWELL

        By: /s/ James P. Rouhandeh
            James P. Rouhandeh

        450 Lexington Avenue
        New York, New York 10017
        (212) 450-4000

        HARE & CHAFFIN

        By: /s/ David B. Chaffin

        160 Federal Street
        Boston, MA 02110
        (617) 330-5000

        *Attorneys For Defendants Pfizer Inc, Parke-Davis, a division of Warner-Lambert Company, and Warner-Lambert Company*

        FINKELSTEIN & PARTNERS

        By: /s/ Kenneth B. Fromson

        436 Robinson Avenue
        Newburgh, New York 12550
        1-800-529-2676

        *Attorney For Products Plaintiffs*