UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:  MDL Docket No. 1629
:
In re:   NEURONTIN MARKETING,          :
         SALES PRACTICES AND           :  Master File No. 04-10981
         PRODUCTS LIABILITY LITIGATION :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO:              :
                                       :  Magistrate Judge Leo T.
     PRODUCTS LIABILITY ACTIONS        :  Sorokin
                                       :
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE "PRODUCTS LIABILITY PLAINTIFFS POSITIONS AS TO OUTSTANDING DISCOVERY: AGREEMENTS AND DISPUTES" (DOCKET # 330)

Defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants") submit this memorandum in support of their motion to strike the document entitled "Products Liability Plaintiffs [sic] Positions as to Outstanding Discovery: Agreements and Disputes" (the "Positions Statement") (Docket # 330).

## BACKGROUND

On May 18, the Court held a status conference concerning discovery in the Products Liability Actions. The Court instructed the parties to attempt to agree on forms of template discovery requests. The parties worked very hard on this assignment and have submitted the templates, which are annotated to indicate areas of disagreement. (Docket ## 333-36.)

Products Liability Plaintiffs' counsel mentioned during the conference that there were, in their view, other discovery-related issues arising out of or related to other litigation. Defendants' counsel's recollection is that the Court instructed the parties to confer and attempt to resolve any

such issues and indicated that any unresolved issues should be brought to the Court's attention via a motion to compel to be heard during the July 11 conference.

On May 31, Products Liability Plaintiffs' counsel provided to Defendants' counsel a draft of the Positions Statement.  On June 1, Defendants' counsel offered to meet and confer with Products Liability Plaintiffs' counsel regarding the issues in that document on June 12, 13, and/or 14.  Products Liability Plaintiffs' counsel declined those dates and filed the Positions Statement on June 6.  (Docket # 330.)  The parties have not met and conferred concerning the other issues that Products Liability Plaintiffs contend are in dispute.

The Positions Statement begins with the claims that it is a "template on outstanding discovery" and that it was submitted "as directed by the Court . . . on May 18, 2006."  (The Positions Statement is not a template, and Defendants' counsel do not recall the Court directing the parties to submit anything like the Positions Statement.)  The Positions Statement contains a preliminary section entitled "Background of the Case," which purports to describe certain events in this case and in two others.  One of the two (the consolidated proceedings in the Southern District of New York) was transferred to this Court.  The other is pending in New York State court.  The "Background of the Case" section concludes,

> Although the agreements and positions below do not reflect each and every agreement or dispute between the parties, **they are meant to bring to light those issues that require the Court's immediate attention** so as to facilitate discovery in an efficient manner.

Clearly, Products Liability Plaintiffs are seeking Court action on the issues purportedly identified in the Positions Statement.

In the 26 pages that follow the purported background statement, Products Liability Plaintiffs quote dozens of individual interrogatories and requests for production from the two other cases and, as to each, set forth the purported "agreements and positions" they claim were

made or taken as to each.  Most of the interrogatories and requests were propounded or made in

the New York state litigation, and they are discussed, Products Liability Plaintiffs explain,

because they "believe [the agreements and positions] should be binding upon the Defendants

herein."  Insofar as it articulates Products Liability Plaintiffs' positions with respect to these

interrogatories and requests, the Positions Statement represents a wish list for additional

discovery of Defendants.

## ARGUMENT

## THE POSITIONS STATEMENT SHOULD BE STRICKEN

Products Liability Plaintiffs' purpose in filing the Positions Statement undoubtedly is to

obtain an order or orders requiring Defendants to provide the additional discovery purportedly

identified therein.  The Positions Statement is, in substance, if not in form, a motion.  Rules

govern the form and content of, and the procedures for, motions, particularly discovery motions.

Products Liability Plaintiffs have ignored these rules.

Rule 37 of the Federal Rules of Civil Procedure provides the mechanism for compelling

parties to provide additional discovery.  Fed. R. Civ. P. 37.  It reads, in relevant part:

> A party, upon reasonable notice to other parties and all persons affected thereby,
> may apply for an order compelling disclosure or discovery as follows:
>
> * * *
>
> (2) Motion.
>
> * * *
>
> (B) If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a
> party, in response to a request for inspection submitted under Rule 34, fails to
> respond that inspection will be permitted as requested or fails to permit
> inspection as requested, the discovering party may move for an order
> compelling an answer, . . . or an order compelling inspection in accordance
> with the request.  The motion must include a certification that the movant has
> in good faith conferred or attempted to confer with the person or party failing

3

> to make the discovery in an effort to secure the information or material
> without court action.

Fed. R. Civ. P. 37(a).  Under Rule 37, a party seeking an order requiring responses or

supplemental responses to interrogatories or the production of documents must (a) proceed by

motion, (b) confer with its opponent in advance of the filing of the motion, and (c) certify in the

motion papers that the conference has occurred.

Local Rule 37.1 imposes additional requirements.  It requires a pre-motion conference for

the purpose of "narrow[ing] the areas of disagreement to the greatest possible extent."  It also

requires that the movant include in its "motion" a certificate of compliance with the rule and in

its "memorandum" either a statement explaining why a conference was not held or a description

of the details of the conference.  Local Rule 37.1.

Because a party seeking a discovery order is, by definition, applying for an order, and

because Rule 37 and Local Rule 37.1 direct that a party seeking a discovery order proceed by

motion, a party seeking a discovery order must also comply with Rule 7(b)(1) of the Federal

Rules of Civil Procedure.  Rule 7(b)(1) provides that an application for an order "shall be by

motion, . . . shall be made in writing, and shall state with particularity the grounds therefore, and

shall set forth the relief or order sought."  Fed. R. Civ. P. 7(b)(1).  To be sufficiently particular

under Rule 7(b)(1), a motion must afford "notice of the grounds and prayer of the motion to both

the court and to the opposing party, providing that party with a meaningful opportunity to

respond and the court with enough information to process the motion correctly."  Registration

Control Systems, Inc. v. Compusystems, Inc., 922 F.2d 805, 807 (Fed. Cir. 1990); see also

Cambridge Plating Co. v. Napco, Inc., 85 F.3d 752, 760-61 (1st Cir. 1996).  A motion that does

not comply with Rule 7(b)(1) is improper and ineffective.  See, e.g., Riley v. Northwestern Bell

Telephone Co., 1 F.3d 725, 726-27 (8th Cir. 1993); Martinez v. Trainor, 556 F.2d 818, 819-20 (7th Cir. 1977).

The Local Rules set forth additional requirements concerning motions.  Under Local Rule 7.1 and Rule 3:01(b) of the Court's Expense and Delay Reduction Plan, a moving party is required to certify that it conferred in advance and attempted in good faith to resolve or narrow the issues the motion presents.  In addition, the party is required to submit with its motion "a memorandum of reasons, including citation of supporting authorities, why the motion should be granted."  Local Rule 7.1; Expense and Delay Reduction Plan, Rule 3:01.

Products Liability Plaintiffs are seeking by the Positions Statement an order or orders requiring Defendants to provide additional or supplemental responses to interrogatories and additional documents.  They were required, therefore, to proceed via the rules governing all motion procedure, form, and content, and the rules governing discovery motions in particular.  But they ignored them.  They did not follow the mandatory pre-motion procedures.  They did not submit a motion.  They submitted a document that, even assuming it is a motion, meets none of the requirements concerning the form and content of motions.  It is insufficiently particular.  The grounds and the relief sought are not particularized, and it fails, substantively and procedurally, to afford Defendants an opportunity to respond in a meaningful way.  It lacks the required certifications.  And it was not accompanied by a supporting memorandum with citations to authority.[1]

In a case of this magnitude, compliance with the rules is a necessity.  In filing the Positions Statement, Products Liability Plaintiffs flouted the rules.  Therefore, the Positions

---

[1]     Assuming the Positions Statement is a memorandum, which it is not, Products Liability Plaintiffs also violated Local Rule 7.1(B)(4) and the Court's express instruction on May 18 because the Positions Statement is over 28 pages long.

Statement should be stricken.  Permitting it to stand would set a precedent that could jeopardize the orderliness of these proceedings.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike the Positions Statement.

Dated: June 7, 2006

DAVIS POLK & WARDWELL


By:   /s/ James P. Rouhandeh
         James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

HARE & CHAFFIN


By:   /s/ David B. Chaffin
         David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 7, 2006.


/s/David B. Chaffin