# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>PRODUCTS LIABILITY ACTIONS | Magistrate Judge Leo T. Sorokin |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION

Defendants Pfizer Inc ("Pfizer"), Parke-Davis, Warner-Lambert Company, and Warner-Lambert Company LLC (collectively, "Defendants"), by their undersigned counsel, hereby respond and object to the Plaintiffs' Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6), dated May 6, 2006 (the "Notice") in the above-captioned action. Defendants reserve the right to make additional objections and to supplement its responses as may be deemed appropriate.

Defendants, through their counsel, are ready and willing to meet and confer with plaintiffs' counsel regarding defendants' objections to the Notice and the scope of the individual requests contained in the Notice.

Defendants are prepared to produce a company witness, subject to the objections below, on July 18, 2006 at 10 a.m. at the offices of Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York, 10017.

## OBJECTIONS PERTAINING TO ALL REQUESTS ("GENERAL OBJECTIONS")

1. Defendants object to the Notice to the extent it sets June 13, 2006 at 9:00 am as the starting time for the deposition. Plaintiffs have expressly designated the "person Most Knowledgeable." Defendants will therefore provide the witness(es) according to a mutually agreeable schedule.

2. Defendants object to the Notice as requiring Defendants to produce the "person Most Knowledgeable." Rule 30(b)(6) of the Federal Rules of Civil Procedure does not require production of the "most knowledgeable" witness as to any given topic(s).

3. Defendants object to the location designated in the Notice. Defendants will make witnesses available at a mutually agreeable location.

4. Defendants object to the Notice to the extent it seeks testimony regarding subject matters as to which a deposition pursuant to Rule 30(b)(6) is not the best or most efficient means to conduct discovery.

5. Defendants object to the Notice to the extent that the subject matters designated for examination and the categories of documents requested are unduly burdensome, overly broad, and/or seek information neither relevant to the claim or defense of either party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the notice to the extent that the subject matters designated for examination and/or categories of documents requested are vague or ambiguous.

6. Defendants object to the Notice to the extent it seeks testimony regarding information that is protected by various privileges or immunities, including the attorney-

client privilege, the attorney work product doctrine or any other legally recognized privilege and/or immunity. The inadvertent disclosure of privileged information by Defendants shall not be deemed to constitute any waiver of any privilege pertaining to such information.

7. Defendants object to the Notice to the extent that it seeks to impose discovery obligations on Defendants broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure, the Local Rules or any other applicable rules.

8. Defendants object to the Notice as unduly burdensome to the extent that it seeks information with regard to a document that was assembled approximately 14 years ago by various individuals, some whom are no longer employed by Defendants. Defendants further object to the Notice as unduly burdensome to the extent that it seeks information with regard to a document that required contributions by individuals with different roles, responsibilities, knowledge and background..

9. Defendants object to the Notice to the extent that it seeks information with regard to clinical trial data that has already been produced to plaintiffs and which requires knowledge beyond the contents of the Integrated Summary of Safety.

## SPECIFIC RESPONSES AND OBJECTIONS

Each of the foregoing General Objections is expressly incorporated into each of the specific objections and responses set forth below. Subject to and without waiving the General Objections and specific objections and responses set forth below, Defendants will designate a witness or witnesses to testify regarding the subject matters designated for examination in the Notice, consistent with these Responses and Objections.

The topics of inquiry requested by plaintiffs relate to Research Report No.: RR-REG 720-02957, Title: Integrated Summary of Safety Information of Gabapentin Capsules (Item 8.6 of the Gabapentin NDA) (hereafter "ISS"):

Topic 1

The accuracy, and/or inaccuracy, of the statements and representations set forth.

Response

Defendants object to Topic 1, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the grounds that the document speaks for itself.

Given that the document is approximately 1000 pages long and includes data from 35 pharmacology trials and 35 clinical trials involving 1,797 participants, plaintiffs' request for a witness to testify as to the "accuracy and/or inaccuracy of the statements and representations set forth" in the ISS is unreasonable. Plaintiffs should specify the statements or representations that they have a basis for questioning a company witness about.

Subject to and without waiving the General Objections and the foregoing specific objections, Defendants will make a witness available, on a mutually agreeable schedule, to testify to the statements and representations in the ISS relating to suicidal, suicide gesture and suicide.

Topic 2

The design, goals, purposes, protocols and methodologies pertaining to the formation of Research Report No.: RR-REG 720-02957

Response

Defendants object to Topic 2, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the use of the word "formation" is vague. Defendants further object on the ground that the information sought is better sought through a different discovery device.

Subject to and without waiving the General Objections and the foregoing specific objections, Defendants will make a witness available, on a mutually agreeable schedule, to discuss the goals and general purposes of the ISS.

Topic 3

Identification of clinical trial names or numbers.

Response

Defendants object to Topic 3, on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks information not relevant and unlikely to lead to discoverable information. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that this information has already been produced to plaintiffs and is equally available to them as to defendants.

The ISS, which contains clinical trial names and numbers, speaks for itself.

Topic 4

The design, goals, purposes, protocols and methodologies pertaining to clinical trials.

Response

Defendants object to Topic 4, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the

5

information sought is better sought through a different discovery device. Defendants further object that this information has already been produced to plaintiffs. Defendants further object on the grounds that the topic is not limited in terms of time.

The deposition notice pertains to the ISS which contains data from 35 pharmacology trials and 35 clinical trials; the ISS contains limited information as to the underlying protocols of the clinical trials. Plaintiffs should inform defendants of particular clinical trials so that a company witness might be prepared and produced to testify to the information summarized in the ISS as relates to this topic.

Topic 5

Exclusion and/or inclusion criteria for prospective clinical trial participants.

Response

Defendants object to Topic 5, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that this information has already been produced to plaintiffs. Defendants further object on the grounds that the information sought is unrelated to the ISS. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking.

The deposition notice pertains to the ISS which contains data from 35 pharmacology trials and 35 clinical trials; the ISS contains limited information as to the underlying protocols of the clinical trials. Plaintiffs should inform defendants of particular clinical trials so that a company witness might be prepared and produced to testify to the information summarized in the ISS as relates to this topic.

6

Topic 6

Procedures for recruitment of site investigators.

Response

Defendants object to Topic 6, on the grounds that it is vague, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object on the grounds that the information sought is unrelated to the ISS. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking.

The ISS does not appear to contain information as described in this topic.

Topic 7

Training of site investigators.

Response

Defendants object to Topic 7, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object on the grounds that the information sought is unrelated to the contents of the ISS. Defendants further object on the grounds that it fails to state with sufficient particularity what Plaintiffs are seeking.

The ISS does not appear to contain information as described in this topic.

Topic 8

The funding source for clinical trials, budgets, and the amount spent.

Response

Defendants object to Topic 8, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that this information has already been produced to plaintiffs. Defendants further object on the grounds that the information sought is unrelated to the ISS. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking.

The ISS does not appear to contain information as described in this topic.

Topic 9

All adverse events or "study events" experienced by any clinical trial participant who experienced an adverse event or study event in clinical trials.

Response

Defendants object to Topic 9, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that this information has already been produced to plaintiffs. Defendants further object on the ground that the use of the word "all" is overly broad. Defendants further object on the grounds that the topic is not limited in terms of time. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking.

8

If plaintiffs wish to question a company witness about particular adverse events they should provide specific requests. It is unreasonable to prepare a witness to answer all questions related to the topic as stated in the deposition notice.

Subject to and without waiving the General Objections and the foregoing specific objections, defendants will make a witness available, on a mutually agreeable schedule, to testify to the information summarized in the ISS as relates to adverse events of suicidal, suicide gesture and suicide.

Topic 10

All follow-up investigation or further testing done on any clinical trial participant who experienced an adverse event or study event in clinical trials.

Response

Defendants object to Topic 10, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that this information has already been produced to plaintiffs. Defendants further object on the ground that the use of the word "all follow-up investigations" is overly broad. Defendants further object on the grounds that the topic is not limited in terms of time. Defendants further object on the grounds that the information sought is unrelated to the ISS. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking.

If plaintiffs wish to question a company witness about specific adverse events of suicidal, suicide gesture or suicide they should provide specific requests.

9

Topic 11

All study data including raw data, final study data, computations, statistics or graphs generated for clinical studies.

Response

Defendants object to Topic 11, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the grounds that the use of the word "all study data" is overly broad. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that information has already been offered to plaintiffs. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking.

The deposition notice pertains to the ISS which contains data from 35 pharmacology trials and 35 clinical trials; the ISS does not contain information as to the underlying operations of the trials themselves. Moreover, the New Drug Application, which contains a wealth of data regarding the clinical trials for Neurontin and was filed with the Food and Drug Administration and has been produced to plaintiffs, contains more than 250 boxes of materials. If plaintiffs wish to question a company witness about particular clinical trials, they should provide specific requests. It is plainly unreasonable for plaintiffs to expect a witness prepared to discuss "all study data."

Topic 12

The title and location of any final or interim reports associated with clinical trials.

Response

Defendants object to Topic 12, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that this information has already been produced to plaintiffs. Defendants further object on the grounds that the topic is not limited in terms of time. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking.

The ISS does not appear to contain information as described in this topic.

Topic 13

Final study reports filed with the FDA concerning clinical trials.

Response

Defendants object to Topic 13, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that this information has already been produced to plaintiffs. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking.

The ISS does not appear to contain information as described in this topic.

Topic 14

Follow-up or supplemental study reports filed with the FDA concerning clinical trials.

Response

Defendants object to Topic 14, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that this information has already been produced to plaintiffs. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking. Defendants further object on the grounds that the information sought goes well beyond the scope of the ISS.

The ISS does not appear to contain information as described in this topic.

Topic 15

Any site investigations conducted on any site involved with clinical trials.

Response

Defendants object to Topic 15, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome and not likely to lead to the discovery of information relevant to these actions. Defendants further object on the grounds that "[a]ny site investigations" is vague and ambiguous, overly broad and not limited in terms of time. impossibly broad and vague. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking. Defendants further object on the grounds that the information sought goes well beyond the scope of the ISS.

The ISS does not appear to contain information as described in this topic.

Topic 16

    The identity of defendants' personnel principally involved with clinical trials (and, if known, the Bates Ranges of their files)..

Response

    Defendants object to Topic 16, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that research reports related to Neurontin have already been produced to plaintiffs. Defendants further object on the grounds that the topic is not limited in terms of time. Defendants further object on the grounds that the information sought is unrelated to the ISS. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking. Defendants further object on the grounds that the information sought goes well beyond the scope of the ISS.

    The ISS does not appear to contain information as described in this topic.

Topic 17

    The identity of non-defendant personnel principally involved with clinical trials.

Response

    Defendants object to Topic 17, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object to this topic on the grounds that providing the "identity of non-defendant personnel" is overly broad and unduly burdensome. Defendants further object on the grounds that the topic is not limited in terms of time. Defendants further object on the

13

grounds that it fails to state with sufficient particularity what plaintiffs are seeking. Defendants further object on the grounds that the information sought goes well beyond the scope of the ISS.

The ISS does not appear to contain information as described in this topic.

Topic 18

Where records regarding clinical trials can be found (and the Bates Number ranges for these).

Response

Defendants object to Topic 18, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that this information has already been produced to plaintiffs. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking. Defendants further object on the grounds that the information sought goes well beyond the scope of the ISS.

The ISS does not appear to contain information as described in this topic.

Topic 19

The date clinical trials started and the date they were completed.

Response

Defendants object to Topic 19, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that this information has already been produced to plaintiffs. Defendants

14

further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking.

The deposition notice pertains to the ISS which contains data from 35 pharmacology trials and 35 clinical trials; the ISS does not contain information as to the underlying protocols of the trials themselves. Plaintiffs are seeking a witness who can testify for the company as to trials that were conducted more than 14 years ago. [If plaintiffs are seeking to discover the date specific clinical trials started and date they were completed, they should provide specific requests.

Topic 20

Any publication of any data or results or conclusions from the clinical trials.

Response

Defendants object to Topic 20, on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Defendants further object on the ground that the information sought is better sought through a different discovery device. Defendants further object that research reports have already been produced to plaintiffs. Defendants further object on the ground that the use of the word "any" is overly broad. Defendants further object on the grounds that the information sought in this topic is publicly available. Defendants further object on the grounds that it fails to state with sufficient particularity what plaintiffs are seeking. Defendants further object on the grounds that the information sought goes well beyond the scope of the ISS.

The ISS does not appear to contain information as described in this topic.

15

Dated: New York, New York
June 2, 2006

DAVIS POLK & WARDWELL

By: _____
James P. Rouhandeh (JR-2251)

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Attorneys For Defendants Pfizer Inc,
Parke-Davis, a division of Warner-
Lambert Company and Warner-Lambert
LLC, Warner-Lambert Company, and
Warner-Lambert Company LLC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on plaintiffs' liaison counsel and counsel for the relevant party by mail and electronic mail this 2nd day of June 2006

_____
Erik M. Zissu