UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
                      :

In re:  NEURONTIN MARKETING,      :
        SALES PRACTICES AND        :
        PRODUCTS LIABILITY LITIGATION  :
                      :

------------------------------------------------------------x
                      :

THIS DOCUMENT RELATES TO:     :
                      :
      PRODUCTS LIABILITY ACTIONS   :
                      :

------------------------------------------------------------x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING SCHEDULING OF RULE 30(B)(6) DEPOSITION

Products Liability Plaintiffs submit this memorandum in opposition to Defendants'
motion for entry of a protective order that the Rule 30(b)(6) deposition of Defendants shall not
occur before July 18, 2006.

The Products Liability Plaintiffs' litigation against Defendants began in February 2004,
but due to Defendants' continuous delaying tactics, Plaintiffs still have not been able to obtain
much needed meaningful discovery from Defendants.

Defendants are less than genuine in their assertion that Plaintiffs did not want to consent
to any discovery continuances. When Plaintiffs recently noticed Defendants for the deposition of
Leslie Tive on June 6, 2006, Defendants requested an adjournment of the deposition to June 27,
2006, and Plaintiffs consented to the adjournment.

The fact of the matter is that Defendants' motion for a protective order appears to be
simply another delaying tactic in this litigation. Defendants have neither disclosed the identity of

the proposed deponent, nor submitted an affidavit from the witness indicating his or her unavailability. Defendants' assertions that the witness in question is a busy executive who will be testifying at the deposition concerning a 1000-page plus document and requires an additional month to prepare for testifying concerning same is contrary to the statements contained in Defendants' Responses and Objections to Plaintiffs' Notice of Deposition (annexed to Declaration of Kenneth B. Fromson as Exhibit A).

Furthermore, while Plaintiffs agree that Rule 30(b)(6) implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition, and that it is defendant's responsibility to prepare its Rule 30(b)(6) designee to the extent the matters are reasonably available, whether from documents, past employees, or other sources, *see Berwind Prop. Group, Inc. v. Environmental Management Group, Inc.*, 233 F.R.D. 62, 65 (D. Mass. 2005), Defendants do not adequately explain why this witness could not have began preparing for his deposition a month ago when the Notice of Deposition was served.

In addition, Defendants cite *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, 1997 WL 53184 at *6, 1997 U.S. Dist. LEXIS 1272 at * 17 (S.D.N.Y.), where the parties were directed to schedule the deposition of plaintiff's Chief Executive Officer and Chairman of the Board "so as to minimize the disruption of his schedule." In contrast, Defendants have merely indicated that their proposed witness is "a high-level, very busy employee of Pfizer." Obviously, this witness's absence from work at Pfizer to attend his deposition would in no way be as disruptive as the absence at work of Pfizer's Chief Executive Officer and/or Chairman of the Board.

2

In view of Defendants' Responses and Objections to Plaintiffs' Notice of Deposition, it appears that Defendants do not intend on producing someone who will testify to any significant extent concerning any substantive issues.

Moreover, although Plaintiffs noticed the deposition to be held at 222 Broadway, New York, New York, Defendants state in the Objections that they are only prepared to produce the witness at defense counsel's offices at 450 Lexington Avenue, New York, New York.

As another example of Defendants' delaying tactics, subsequent to filing their motion for a protective order, defense counsel telephoned Plaintiffs' attorney and advised that they would produce Martin Teicher, whom Plaintiffs had noticed for deposition on June 14, 2006, on June 28, 2006. This request exceeds the directive under Case Management Order No. 3 that: "A responding party may suggest an alternative date no later than seven more working days from the original date."

In that same telephone conversation, defense counsel proposed producing witness Mi Dong, who was noticed by Plaintiffs for deposition in New York County on June 16, 2006, for deposition in Ann Arbor, Michigan, on June 26, 2006, notwithstanding that Defendant Pfizer maintains its headquarters in New York County, and there are more than 225 Neurontin products liability actions coordinated for litigation in New York County Supreme Court. Plaintiffs object to holding this deposition in Michigan, which would require several Plaintiffs' and Defendants' attorneys to travel to Michigan, and lose extensive time from work, not to mention the added expenses for travel and lodging. On the other hand, holding the deposition in New York would only require the single deponent to be absent from work and travel from Michigan to New York.

Defendants have demonstrated little regard for the Case Management Orders of this Court. It appears that Defendants are engaging in a pattern whereby they are intent of adjourning

each of the depositions in an effort to delay this case as long as possible. It is telling that during the last conference in this case on May 18, 2006, when the Court inquired of defense counsel concerning the scheduling of depositions that had been noticed, counsel saw fit to advise that they had no comments concerning the scheduling and would reserve their rights to seek a protective order as per the Federal Rules.

## CONCLUSION

In view of the above, Products Liability Plaintiffs respectfully request that the Court deny Defendants' motion for a protective order that the Rule 30(b)(6) deposition of Defendants not occur before July 18, 2006.

Dated: June 8, 2006

Respectfully submitted,

FINKELSTEIN & PARTNERS, LLP

By:    /s/ Kenneth B. Fromson
          Kenneth B. Fromson

436 Robinson Avenue
Newburgh, NY  12550
(800) 634-1212

*Attorneys for Products
Liability Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on June 8, 2006.

Dated: June 8, 2006

/s/ Kenneth B. Fromson
     Kenneth B. Fromson