UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
In re: NEURONTIN MARKETING,
       SALES PRACTICES AND
       PRODUCTS LIABILITY LITIGATION
------------------------------------------------ x

THIS DOCUMENT RELATES TO:

PRODUCTS LIABILITY ACTIONS

------------------------------------------------ x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## MEMORANDUM IN SUPPORT OF MOTION
## FOR PROTECTIVE ORDER CONCERNING SCHEDULING
## OF MARTIN TEICHER'S DEPOSITION

Defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants") submit this memorandum in support of their motion for the entry of a protective order that the deposition of Martin Teicher, Esq., shall not occur before June 28, 2006.

### PRELIMINARY STATEMENT

The consolidated Products Liability Actions comprise approximately 114 individual personal injury cases that require an immense amount of discovery. Accordingly, there is a premium on the parties' ability and willingness to agree and accommodate wherever possible, especially with respect to peripheral matters such as scheduling. Plaintiffs' counsel, however, have rejected – and state that they will continue to reject without exception – alternative deposition dates that are not within seven days of the deposition notice date. This blanket refusal ignores the difficulties associated with

scheduling full-day depositions for Defendants' executives and employees and prompts unnecessary motion practice. Moreover, this rigid position undermines the requirement that the parties confer in good faith; Plaintiffs' statements signal that future meet and confers as to scheduling of depositions will be nothing but empty, formalistic exercises.

This unnecessary wrangling concerning the deposition of Teicher is illustrative of Plaintiffs' flawed approach to meaningful accommodation in pursuing discovery. Plaintiffs requested a deposition of Teicher, a high-level Pfizer executive, and Defendants agreed. Owing to Teicher's schedule and responsibilities, Defendants proposed an alternative date two weeks after the date provided in the notice. Plaintiffs, in accordance with their stated inflexible position, rejected the proposed date.

For these reasons, and as discussed more fully below, Defendants respectfully request the Court to grant their motion for a protective order to alter the schedule of Teicher's deposition.

## BACKGROUND

Products Liability Plaintiffs noticed a deposition for Teicher, for June 14, 2006. Teicher is a high-level, very busy executive of Pfizer. He has other commitments until late June. Were he forced to sit for the deposition on June 14, it would prevent him from attending to other important business. Further, Defendants would not have had an opportunity adequately to prepare him for his deposition. Indeed, in view of all else that is occurring in this case at this time, there simply is not sufficient time between now and June 14 to ready Teicher for his deposition. (Carney Cole Dec., ¶¶ 2-5.)

Accordingly, Defendants proposed an alternative date, June 28, for the deposition. Teicher is available on June 28, and postponing the deposition until then would allow

2

Defendants sufficient time to prepare him. (Carney Cole Dec., ¶ 6.) Initially, Plaintiffs' counsel did not make themselves available to meet and confer regarding Defendants' proposed alternative date. (Carney Cole Dec. ¶ 7). Eleanor Polimeni, Esq., a partner at the law firm of Finkelstein & Partners and a member of the Products Liability Steering Committee, stated on June 7, 2006, that she could neither agree nor disagree with the proposed date of June 28. (Carney Cole Dec. ¶ 7). Polimeni explained that she was unable to reach either of her fellow partners – Kenneth B. Fromson, Esq., or Andrew G. Finkelstein, Esq. – and as such could not consent to the postponement. Fromson, in California on a related matter, acknowledged that he had received Defendants' proposed alternative date but was not prepared to consent to the date change. (Carney Cole Dec., ¶¶ 7, 8.)

On June 8, 2006, Fromson rejected any change in deposition dates except within seven days of the date provided in Plaintiffs' deposition notices, including the proposal to depose Teicher on June 28.[1] (Carney Cole Dec. ¶ 9). Plaintiffs' counsel previously rejected Defendants' proposal to an alternative date for the deposition of a Rule 30(b)(6) witness on the basis that Plaintiffs refused to bear any responsibility for any delay in the discovery schedule (Memorandum in Support of Defendants Motion for Protective Order Concerning Scheduling of Rule 30(b)(6) Deposition, Docket # 331, at 2). Fromson did not state that he was unavailable to depose Teicher on June 28. Instead, he said that Plaintiffs have noticed the deposition of a different witness in the Neurontin litigation for the same day. (Carney Cole Dec., ¶ 9.) But, applying Plaintiffs' own position

---

[1] Fromson referenced CMO-3 which was entered prior to the inclusion of any individual products liability actions in this proceeding.

concerning when requests for postponements must be made, Defendants have plenty of time to adjourn the latter deposition, so the date for that deposition is not firm. Fromson's purported conflict is not a conflict.

## ARGUMENT

Rule 26(c) of Federal Rules of Civil Procedure provides that "upon motion by a party or by the person from whom discovery is sought . . . the Court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c); see also Gill v. Gulfstream Park Racing Assoc., Inc., 399 F.3d 391, 402 (1st Cir. 2005) (noting that Rule 26(c) is "highly flexible" and "requires an individualized balancing of the many interests that may be present in a particular case") (citation omitted); accord 8 C.A. Wright, A.R. Miller & R.L. Marcus, Federal Practice and Procedure, § 2036 (2d ed. 1994) (with respect to Rule 26(c), "a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule"). A protective order may be issued pursuant to Rule 26(c) where there is a failure to accommodate reasonable deposition scheduling requests, especially where the deponent is a high ranking employee of the party being deposed. See, e.g., Hauser v. Farrell, 14 F.3d 1338, 1344 (9th Cir.) (affirming grant of protective order and order of payment of costs related thereto where plaintiff failed to accommodate alternative deposition dates, and stressing that "[o]bstructive refusal to make reasonable accommodation, such as plaintiff exhibited, not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients"), overruled on other grounds by Central Bank v. First

Interstate Bank, 511 U.S. 164, 173 (1994); Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc., 1997 WL 53184 at *6 (S.D.N.Y.) (directing parties to schedule plaintiff's CEO's deposition "so as to minimize the disruption of his schedule"); Rhodeman v. Robertson and Penn, Inc., 141 F.R.D. 514, 515-16 (D. Kan. 1992) (finding good cause shown to quash deposition where failure to accommodate good faith effort to schedule deposition).

Requiring Defendants to proceed with Teicher's deposition before June 28 would be oppressive and unduly burdensome and expensive. Teicher would be prevented from attending to other important business, which would be prejudicial and costly to Pfizer. Further, it would not be possible, given the competing obligations on the witness and counsel, adequately to prepare him for the deposition, adding to the prejudice.

Accordingly, Defendants respectfully request that the Court enter a protective order that Teicher's deposition not be held before June 28. No prejudice to Products Liability Plaintiffs will result. There will be plenty of time for them to complete the deposition.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter a protective order that the deposition of Martin Teicher not occur before June 28, 2006.

Dated: June 8, 2006

                    DAVIS POLK & WARDWELL

                    By:  /s/ James P. Rouhandeh
                          James P. Rouhandeh

                    450 Lexington Avenue
                    New York, New York 10017
                    (212) 450-4000

                    - and -

                    HARE & CHAFFIN

                    By:  /s/ David B. Chaffin
                          David B. Chaffin

                    160 Federal Street
                    Boston, Massachusetts 02110
                    (617) 330-5000

                    *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 37.1, I certify that I conferred with opposing counsel in good faith to narrow the areas of disagreement to the greatest extent possible. The conference consisted of telephone conferences with Eleanor Polimeni, Esq. and Kenneth Fromson, Esq. on June 7, 2006 and an email communication from Kenneth Fromson, Esq. on June 8, 2006.

                                    /s/Kathryn M. Carney Cole

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 8, 2006.

                                      /s/David B. Chaffin