UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

In re: NEURONTIN MARKETING,
SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

---

THIS DOCUMENT RELATES TO:

PRODUCTS LIABILITY ACTIONS

Magistrate Judge Leo T. Sorokin

---

## DECLARATION OF KENNETH B. FROMSON IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING SCHEDULING OF RULE 30(B)(6) DEPOSITION

I, Kenneth B. Fromson, deposes and states as follows:

1. I am a partner with the law firm of Finkelstein & Partners, LLP, counsel for most of the Products Liability Plaintiffs in this matter, and I have full knowledge of the matters stated herein.

2. I have personally conferred with counsel for Defendants concerning the scheduling of Rule 30(B)(6) depositions in this matter.

3. The Products Liability Plaintiffs' litigation against Defendants began in February 2004, but Plaintiffs still have not been able to obtain much needed meaningful discovery from Defendants.

4. Plaintiffs recently noticed Defendants for the deposition of Leslie Tive on June 6, 2006, Defendants requested an adjournment of the deposition to June 27, 2006, and Plaintiffs consented to the adjournment.

5.  Defendants have neither disclosed the identity of the proposed deponent, nor submitted an affidavit from the witness indicating his unavailability. Furthermore, Defendants do not explain why this witness could not have began preparing for his deposition a month ago when the Notice of Deposition was served. Moreover, although Plaintiffs noticed the deposition to be held at 222 Broadway, New York, New York, Defendants state in Defendants' Responses and Objections to Plaintiffs' Notice of Deposition, (annexed hereto as Exhibit A), that they are only prepared to produce the witness at defense counsel's offices at 450 Lexington Avenue, New York, New York.

6.  It should be noted that subsequent to filing their motion for a protective order, defense counsel telephoned the undersigned and advised that they would produce Martin Teicher, whom Plaintiffs had noticed for deposition on June 14, 2006, on June 28, 2006. This request exceeds the directive under Case Management Order No. 3 that: "A responding party may suggest an alternative date no later than seven more working days from the original date."

7.  In that same telephone conversation, defense counsel proposed producing witness Mi Dong, who was noticed by Plaintiffs for deposition in New York, New York, on June 16, 2006, for deposition in Ann Arbor, Michigan, on June 26, 2006, notwithstanding that Defendant Pfizer maintains its headquarters in New York County, and there are more than 225 Neurontin products liability actions being coordinated in New York County Supreme Court. Holding this deposition in Michigan would require several Plaintiffs' and Defendants' attorneys traveling to Michigan, and losing extensive time from work not to mention the added expenses for travel and possibly lodging. On

the other hand, if the deposition is held in New York City, only the single deponent will need to be absent from work and travel from Michigan to New York City.

8. It should be further noted that during the last conference in this case on May 18, 2006, when the Court inquired of defense counsel concerning the scheduling of depositions that had been noticed, counsel saw fit to advise that they had no comments concerning the scheduling and would reserve their rights to seek a protective order as per the Federal Rules.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 8, 2006

/s/ Kenneth B. Fromson
Kenneth B. Fromson

Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY 12550
(800) 634-1212

*Attorneys for Products
Liability Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on June 8, 2006.

Dated: June 8, 2006

/s/ Kenneth B. Fromson
Kenneth B. Fromson

3