# EXHIBIT A

(Declaration of Laura Kibbe, Exhibit A to Docket # 162)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------ x
In re:  NEURONTIN MARKETING AND                              :
        SALES PRACTICES LITIGATION                           :
                                                             :
------------------------------------------------------------ x  MDL Docket No. 1629
                                                             :
THIS DOCUMENT RELATES TO:                                    :  Master File No. 04-10981
                                                             :
------------------------------------------------------------ x  Judge Patti B. Saris
                                                             :
HARDEN MANUFACTURING CORPORATION;                            :
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,                  :
dba BLUECROSS/BLUESHIELD OF LOUISIANA; UNION                 :
OF OPERATING, LOCAL NO. 68 WELFARE FUND;                     :
ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST;                  :
GERALD SMITH; and LORRAINE KOPA, on behalf of                :
themselves and all others similarly situated, v. PFIZER INC. and :
WARNER-LAMBERT COMPANY.                                      :
                                                             :
                                                             :
------------------------------------------------------------ x
                                                             :
THE GUARDIAN LIFE INSURANCE COMPANY OF                       :
AMERICA v. PFIZER INC. and                                   :
                                                             :
AETNA, INC. v. PFIZER INC.                                   :
                                                             :
                                                             :
------------------------------------------------------------ x

**DECLARATION OF LAURA KIBBE**

I, Laura Kibbe, hereby declare as follows:

1.   I am a Senior Corporate Counsel at Pfizer Inc ("Pfizer"), one of the defendants in the above-captioned matter.

2.   As part of my responsibilities, I coordinate discovery protocols and procedures, as well as respond to discovery requests. I have been responsible for managing and coordinating large scale document productions since the early 1990s.

3. The information contained in this declaration is based on my general knowledge of Pfizer's business operations, and the magnitude of the efforts that would be necessary to locate and review information sought by the Plaintiffs in their discovery requests.

4. After reviewing Plaintiffs' requests for post December 31, 1998 documents from Warner-Lambert and Pfizer-era custodians, I estimate that the documents from a minimum of well over 100 custodians would need to be collected in order to provide those documents. This number does not include personnel based in the field, as addressed below. I further estimate that it would take tens of thousands of hours to collect and review for responsiveness, confidentiality and privilege all documents necessary, including millions of e-mails, to respond to Plaintiffs' requests. In addition, Pfizer would incur costs for lost productivity and other business costs, such as training and contracting non-Pfizer personnel to conduct such a review.

5. Based upon my experience conducting Pfizer discovery, I also estimate that the majority of the more than 100 potential custodians of documents will have multiple gigabytes of electronic data to be searched and culled, resulting in "reviewable" information in excess of 10 million pages in total. I also estimate that the cost for processing the electronic information, which excludes the cost for reviewing documents, would exceed $1.7 million dollars. When the costs of review are added, I estimate that it would take approximately 40 temporary workers, working 40 hours per week, almost 10 months to review 10 million pages. At the estimated hourly rates of $40 -$60 per hour for temporary workers, which is at the low end of the range of the likely cost, the magnitude of that review would require Pfizer to spend anywhere between $2.9 and $4.3 million in review costs, for a total of $4.6 to $6 million when the processing and initial review of documents for responsiveness is completed, excluding the costs of second

2

review by Pfizer's attorneys for privileged, confidentiality, and responsiveness. This estimate does not include the costs that would be incurred if documents needed to be collected from field sales personnel and field medical liaisons, of which there are hundreds.

6. This estimate also does not include time and expense for review of documents by Pfizer's firm attorneys for responsiveness, privilege and confidentiality. Even assuming merely 25% of the documents initially reviewed for responsiveness, or approximately 2.5 million pages, are deemed responsive and in need of second review, the completion of this review by Pfizer's firm attorneys would add another one to two months to the total review time. The privilege and confidentiality check would also result in substantial additional costs, which would likely equal or exceed the expense incurred in conducting the initial review. The combined expense incurred in the search, collection, and production of documents in response to Plaintiffs' requests for documents after Dec. 31 1998 is therefore likely to exceed $10 million.

I declare under penalty of perjury under the law of the state of New York that the foregoing is true and correct, and that this declaration executed on 17th day of June 2005 at Waterbury, Connecticut.

Laura Kibbe

3