UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                          :    MDL Docket No. 1629
                                                                          :
In re:  NEURONTIN MARKETING,                                              :
        SALES PRACTICES AND                                               :    Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    Judge Patti B. Saris
                                                                          :
THIS DOCUMENT RELATES TO:                                                 :    Magistrate Judge Leo T.
                                                                          :    Sorokin
                                                                          :
        PRODUCTS LIABILITY ACTIONS                                        :
                                                                          :
                                                                          :
                                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM IN SUPPORT OF MOTION
## FOR PROTECTIVE ORDER CONCERNING
## <u>MI DONG'S DEPOSITION</u>

Defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants")

submit this memorandum in support of their motion for the entry of a protective order

concerning the deposition of Mi Dong.

## <u>PRELIMINARY STATEMENT</u>

On May 6, 2006, Plaintiffs served notices on Defendants requiring that nine

individuals provide deposition testimony.  These notices, however, are facially deficient

as to certain individual witnesses, including Mi Dong, for two reasons.  First, Plaintiffs

disregard the restrictions on obtaining testimony of company party employees other than

directors, officers and managing agents.  Mere employees may not be required to testify

absent subpoenas.  Without a subpoena, Dong cannot be compelled to provide testimony

pursuant to Plaintiffs' deposition notice.

Second, it is axiomatic that company party employees cannot be forced to travel significant distances to provide deposition testimony.  Accordingly, forcing Dong, who lives and works in Ann Arbor, Michigan, to travel to New York for a deposition both runs counter to the rules and would cause considerable disruption to her work and personal life.

For these reasons, and as discussed more fully below, Defendants respectfully request that the Court grant their motion for a protective order concerning the Mi Dong's deposition.

## BACKGROUND

On May 6, 2006, Products Liability Plaintiffs noticed the depositions of nine individuals, including Mi Dong.  Dong who lives and works in Ann Arbor, Michigan, was noticed for a deposition on June 16, 2006.  Plaintiffs' notice indicated that the location of the deposition would be at the office of Jacoby & Meyers, 222 Broadway, 18th floor, New York, New York 10038.  On June 7, 2006, Defendants provided an alternate date to Plaintiffs and indicated that Dong could be made available for a deposition on June 26, which is a date within seven business days of the notice date. Defendants also informed Plaintiffs that Dong would be made available in Ann Arbor, where she lives and works.

On June 8, 2006 Plaintiffs' counsel, Kenneth Fromson, Esq., sent an email to Defendants' counsel in which he stated that he would not consent to changes in locations of depositions for those individuals subject to the notice.  On June 9, 2006, on a telephonic conference, Fromson reiterated that he would not agree to depose Dong in Ann Arbor.  Fromson said that Dong is a party to the litigation and is subject to be

2

deposed in New York, where her employer is located.  Fromson did not state that he was

unavailable to depose Dong on June 26 or unable to travel to Ann Arbor to do so.  Rather,

he explained that it will be a burden to travel to Ann Arbor to conduct the deposition.

## ARGUMENT

### A.     Plaintiffs' Deposition Notice Is Deficient Because Dong is Not a Director, Officer or Managing Agent

Rule 30 of the Federal Rules of Civil Procedure provides that a notice of

deposition is sufficient to require a deposition of any person.  See F.R.C.P. 30(b)(1).

"Under the Federal Rules of Civil Procedure, however, there is a distinction between

agents or officers of a corporate party who may be compelled to attend a deposition based

on notice only, and employees who are not officers, directors or managing agents of the

corporate party and who must be served with a subpoena to compel their testimony."

Rapoca Energy Co., L.P. v. AMCI Export Corp., 199 F.R.D. 191, 192 (W.D. Va. 2001).

"[A] corporate employee or agent who does not qualify as an officer, director, or

managing agent is not subject to deposition by notice. . . . Such an employee is treated as

any other non-party witness, and must be subpoenaed pursuant to Rule 45 of the Federal

Rules of Civil Procedure."  U.S. Fidelity & Guaranty Co. v. Braspetro Oil Servs. Co., 97

Civ 6124 (JGK) (THK), 2001 U.S. Dist. LEXIS 373, *5 (S.D.N.Y. Jan. 17, 2001).

Courts have found that the "examining party bears the burden of establishing the status of

the witness."  Id.

Dong is neither a director, officer nor managing agent of Defendant Pfizer, and it

is undisputed that Plaintiffs have not provided any allegations to the contrary.  Dong is

not named or identified in Plaintiffs' complaints and there are no allegations against her.

She is, instead, a mere employee. As a result, Plaintiffs' deposition notice is insufficient to obtain her testimony, and Plaintiffs should be required to seek her testimony by subpoena.

### B. Dong Cannot Be Forced to Travel to New York For a Deposition

It is well settled that witnesses employed by party corporations who are not themselves officers or directors of the corporation cannot be forced to travel to provide deposition testimony. See Smith v. Shoe Show of Rocky Mount, Inc., Civil Action No. 00-30141-MAP, 2001 U.S. Dist. LEXIS 8618, *1 (D. Mass., April 26, 2001); Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (finding that "absent special circumstances, a party seeking discovery must go where the desired witnesses are normally located."). One court has noted that the rationale of the rule:

> Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise first choice as to the forum. The defendants, on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum.

Fraquhar, 116 F.R.D. at 72; see also Bank of New York v. Meridien Biao Bank Tranz., 171 F.R.D. 135, 155 (S.D.N.Y. 1997) ("There is a general presumption that a non-resident defendant's deposition will be held where he or she resides or works."). Expense, indeed claims of "financial hardship," are insufficient to alter this rule. Farquhar, 116 F.R.D. at  72 (citing General Leasing Co. v. Lawrence Photo-Graphic Supply, 84 F.R.D. 130 (W.D. Mo. 1979).

Dong lives and works in Ann Arbor. She is neither a director nor an officer of Defendants, and Plaintiffs have not alleged or otherwise demonstrated that Dong is a director or officer of Defendants. She is also hardly central to these actions, as her name

nowhere appears in Plaintiffs' approximately 114 complaints. To minimize the disruption of Dong's work and personal life, Defendants agreed to produce her for a deposition on a date acceptable to Plaintiffs' counsel and in a location most convenient for the witness. Were she forced to travel to New York for the deposition, it would cause even greater disruptions to her work than simply being deposed at a location near her office and home. Dong would also have to undertake further arrangements regarding her work and personal life because of the greater time commitment of traveling to and from New York. Unlike counsel, who reasonably expect that they must travel for depositions, Dong should not be forced to travel to New York for a deposition thereby causing disruption to her personal and work life.

Despite the case law, Plaintiffs assert that they should not have to travel to take depositions in this action. In their recent submission to the Court, Products Liability Plaintiffs' Memorandum in Opposition to Defendants' Motion for Protective Order Concerning Scheduling of Rule 30(b)(6) Deposition (Docket # 342), Plaintiffs asserted that they "object to holding [the Dong] deposition in Michigan, which would require several Plaintiffs' and Defendants' attorneys to travel to Michigan, and lose extensive time from work, not to mention the added expenses for travel and lodging." And on June 9, 2006, Fromson stated that Dong is a party to this proceeding and that Pfizer is located in New York. (Zissu Dec. ¶ 8).

These arguments are unavailing. Plaintiffs have brought approximately 114 personal injury lawsuits in this proceeding against corporate entities that have offices in many different locations. These plaintiffs are represented by a handful of counsel, who cannot reasonably have expected that discovery costs would be small and who understand

that their principal duties include deposing witnesses in a variety of potential places. Indeed, Plaintiffs' counsel are likely going to be called on to defend depositions of approximately 114 plaintiffs and physicians in the locations where they, and not Pfizer, reside. These are reasonably expected facts in a litigation of this scale. Even when legitimate claims of financial hardship can be made, forcing a non-officer corporation witness to the travel elsewhere for a deposition is not countenanced. See Farquhar, 116 F.R.D. at 72. In addition, Plaintiffs' complaint about travel expenses and time lost due to traveling should fall on deaf ears; during the week of June 5, 2006, Fromson traveled to California to attend a deposition in a related state court action involving allegations that Neurontin caused an individual to commit suicide despite having co-counsel in California.

Accordingly, Defendants respectfully request that the Court find that the deposition notice as to Dong is facially deficient and that Plaintiffs should seek a subpoena pursuant to Rule 45 in the event they wish to depose her. Defendants further respectfully request that the Court enter a protective order that, if and when Dong is subpoenaed, she cannot be forced to travel to New York to provide deposition testimony. No prejudice to Products Liability Plaintiffs will result, as Plaintiffs' counsel is accustomed to traveling to attend depositions in the Neurontin personal injury litigation.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter the protective order described above.

Dated:  June 9, 2006

DAVIS POLK & WARDWELL

By:    /s/ James P. Rouhandeh
        James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

HARE & CHAFFIN

By:    /s/ David B. Chaffin
        David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company*

### CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 37.1, I certify that I conferred with opposing counsel in good faith to narrow the areas of disagreement to the greatest extent possible.  The conference consisted of a telephone conference Kenneth Fromson, Esq. on June 9, 2006.

/s/Erik M. Zissu

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 9, 2006.

/s/David B. Chaffin