UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------- x
In re:  NEURONTIN MARKETING,
        SALES PRACTICES AND
        PRODUCTS LIABILITY LITIGATION
------------------------------------------------- x

THIS DOCUMENT RELATES TO:

   PRODUCTS LIABILITY ACTIONS

------------------------------------------------- x

: MDL Docket No. 1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T.
: Sorokin

## DECLARATION OF ERIK M. ZISSU

I, Erik M. Zissu, state, under the penalties of perjury, the following:

1.      I am an associate at Davis Polk & Wardwell, counsel to defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants").

2.      Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Notice of Deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure.

3.      This Deposition Notice is deficient for two reasons.

4.      First, the proposed deponent, Mi Dong, is an employee of Pfizer Inc. Mere employees of party corporations may not be required to testify absent a subpoena, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

5.      Second, party corporation employees who are not officers or directors of the defendant corporation cannot be forced to travel significant distances to provide deposition testimony, according to applicable case law. Under case law, absent special circumstances, the party seeking discovery must travel to the location of the desired witness.

6.  Forcing Ms. Dong, who lives and works in Ann Arbor, Michigan, to travel to New York for a deposition would cause considerable disruption to her work and to her personal life.

7.  On June 8, 2006 Plaintiffs' counsel, Kenneth Fromson, Esq., sent an email to Defendants' counsel in which he stated that he would not consent to changes in locations of depositions for those individuals subject to the Deposition Notice.

8.  On June 9, 2006, on a telephonic conference, Mr. Fromson reiterated that he would not agree to depose Dong in Ann Arbor. Fromson said that Dong is a party to the litigation and is subject to be deposed in New York, where her employer is located. Fromson did not state that he was unavailable to depose Dong on June 26 or unable to travel to Ann Arbor to do so. Rather, he explained that it will be a burden to travel to Ann Arbor to conduct the deposition.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS 9th DAY OF JUNE 2006.

   /s/ Erik M. Zissu
Erik M. Zissu

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 9, 2006.

/s/David B. Chaffin