UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------- x
In re:  NEURONTIN MARKETING,
        SALES PRACTICES AND
        PRODUCTS LIABILITY LITIGATION
------------------------------------------------- x
THIS DOCUMENT RELATES TO:

  PRODUCTS LIABILITY ACTIONS

------------------------------------------------- x

: MDL Docket No. 1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T. Sorokin

### DEFENDANTS' REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING SCHEDULING OF RULE 30(B)(6) DEPOSITION

Defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants") submit this memorandum in reply to Product Liability plaintiffs' opposition to defendants' motion for the entry of a protective order that the Rule 30(b)(6) deposition of defendants shall not occur before July 18, 2006 ("Defendants' Motion," or "Def. Mot.").

Product Liability plaintiffs' opposition to defendants' motion ("Plaintiffs' Opposition," or "Pl. Opp.") is filled with inflammatory and incorrect characterizations of defendants' motives. The opposition fails, however, to provide any relevant argument explaining why defendants should be denied the opportunity to prepare the appropriate 30(b)(6) witness for a deposition on a date on which he is available.

### ARGUMENT

In the portion of plaintiffs' opposition that actually responds to the issues raised by defendants' motion, plaintiffs take a position that would establish an unfortunate precedent and

inevitably lead to unnecessary and cumbersome effort at almost every point of the discovery process in this litigation. In short, plaintiffs argue that defendants' assertion regarding a deponent's schedule and availability to prepare for and attend a deposition is insufficient justification for a change to a noticed deposition date. Instead, plaintiffs suggest that such an assertion must be supported by an affidavit from the deponent explaining why he is unavailable before the date proposed by defendants. See Pl. Opp. at 2. The suggestion that defendants should have to obtain such an affidavit regarding the deponent's schedule for every day of the next few weeks in order to justify his lack of availability is unreasonable; if adopted, it would waste party resources and unnecessarily distract the employee and counsel. That being said, defendants will prepare and submit a declaration from the deponent in this instance if necessary.

If scheduling difficulties were likely to arise only occasionally in the discovery process, providing evidentiary support might be justified and manageable, but plaintiffs' counsel have stated that they will refuse to accommodate any requests for discovery continuances.[1] (Declaration of Erik Zissu, Docket No. 332, ¶ 6.) This position has left defendants with no choice but to move for protective orders related to the 30(b)(6) deposition, as well as to the noticed depositions of Martin Teicher and Mi Dong.[2] These three motions would have been unnecessary had plaintiffs' counsel been willing to cooperate in the scheduling of depositions. If this pattern were to continue, there will be even more wasting of party and judicial resources.

Plaintiffs argue that defendants' responses and objections to the 30(b)(6) deposition notice somehow suggest that defendants should need little time to prepare the deponent. See Pl.

---

[1] Plaintiffs state that "Defendants are less than genuine in their assertion that Plaintiffs did not want to consent to any discovery continuances." Pl. Opp. at 1. While plaintiffs did agree to an extension to the deposition date for Leslie Tive, when defendants then sought to discuss an extension of other dates in order to accommodate the deponents' schedules (among other reasons), plaintiffs stated that they will not consent to any additional discovery continuances.

[2] The discussion in plaintiffs' opposition regarding the scheduling of the depositions of Mr. Teicher and Ms. Dong, see Plaintiffs' Opposition at 3, is irrelevant to defendants' motion. Defendants have filed motions for protective orders that address the Teicher and Dong depositions. See Docket Nos. 343 and 350.

Opp. at 2. Defendants have objected to preparing a deponent to talk about items beyond the document entitled "Research Report No.: RR-REG- 720-02957, Title: Integrated Summary of Safety Information of Gabapentin Capsules" (the "Integrated Summary"). These objections do not change the fact that the Integrated Summary is a 1000+ page technical document summarizing extensive data concerning the safety of Neurontin. (Zissu Dec., ¶ 3.) Accordingly, extensive time will be required to prepare properly for this deposition.

The remainder of plaintiffs' opposition is filled with rhetoric irrelevant to defendants' motion. Plaintiffs' reference to "Defendants' continuous delaying tactics," Pl. Opp. at 1, is unjustified and misleading. Plaintiffs apparently believe the creation of this MDL, transfer of product liability cases to this Court, and the Court's entry of a stay of proceedings in the product liability cases are all delaying tactics by defendants. This is obviously not correct. The stay of the product liability cases in this Court was lifted on May 4, 2006, just over one month ago, and the parties are just now beginning to engage in discovery in these cases. Plaintiffs state that their litigation began in February 2004, id., but they fail to explain that the only case they filed at that time is pending in New York State court.

## CONCLUSION

For the foregoing reasons and as discussed further in the memorandum in support of defendants' motion, defendants respectfully request that the Court enter a protective order that the Rule 30(b)(6) deposition of defendants not occur before July 18, 2006.

Dated: June 12, 2006

                    DAVIS POLK & WARDWELL

                    By: /s/ James P. Rouhandeh
                          James P. Rouhandeh

                    450 Lexington Avenue
                    New York, New York 10017
                    (212) 450-4000

                    - and -

                    HARE & CHAFFIN

                    By: /s/ David B. Chaffin
                          David B. Chaffin

                    160 Federal Street
                    Boston, Massachusetts 02110
                    (617) 330-5000

                    *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 12, 2006.

                    /s/David B. Chaffin