UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
                                                               :    MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                                   :
        SALES PRACTICES AND                                    :    Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                          :
                                                               :    Judge Patti B. Saris
---------------------------------------------------------------x
                                                               :    Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                                      :
                                                               :
        PRODUCTS LIABILITY ACTIONS                             :
                                                               :
---------------------------------------------------------------x

## PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING SCHEDULING OF MARTIN TEICHER'S DEPOSITION

Products Liability Plaintiffs submit this memorandum in opposition to Defendants' motion for entry of a protective order that the deposition of Martin Teicher, Esq., shall not occur before July 18, 2006.

The Products Liability Plaintiffs' litigation against Defendants began in February 2004, but due to Defendants' continuous delaying tactics, Plaintiffs still have not been able to obtain much needed meaningful discovery from Defendants. Defendants' motion for a protective order appears to be simply another delaying tactic in this litigation.

Defendants assert that the witness in question is a high-level, busy executive who has other commitments until late June, and that Defendants will not have had an opportunity adequately to prepare him for his scheduled deposition on June 14, 2006. However, on May 6, 2006, Plaintiffs served a notice to take the deposition of this witness on June 14, 2006. Nevertheless, it was not until June 7, 2006, a month later, that Defendants' counsel requested an

adjournment of the deposition to June 28, 2006. Defendants do not adequately explain why this witness could not have began preparing for his deposition a month ago when the Notice of Deposition was served.

Further, Defendants' request that the witness's deposition noticed for June 14, 2006, be adjourned to June 28, 2006, exceeds the directive under Case Management Order No. 3 that: "A responding party may suggest an alternative date no later than seven more working days from the original date."

In addition, Defendants cite *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, 1997 WL 53184 at *6, 1997 U.S. Dist. LEXIS 1272 at * 17 (S.D.N.Y.), where the parties were directed to schedule the deposition of plaintiff's Chief Executive Officer and Chairman of the Board "so as to minimize the disruption of his schedule." In contrast, Defendants have merely indicated that their proposed witness is "a high-level, very busy employee of Pfizer." Obviously, this witness's absence from work at Pfizer to attend his deposition would in no way be as disruptive as the absence at work of Pfizer's Chief Executive Officer and/or Chairman of the Board.

Defendants have demonstrated little regard for the Case Management Orders of this Court. It appears that Defendants are engaging in a pattern whereby they are intent of adjourning each of the depositions in an effort to delay this case as long as possible. It is telling that during the last conference in this case on May 18, 2006, when the Court inquired of defense counsel concerning the scheduling of depositions that had been noticed, counsel saw fit to advise that they had no comments concerning the scheduling and would reserve their rights to seek a protective order as per the Federal Rules.

## CONCLUSION

In view of the above, Products Liability Plaintiffs respectfully request that the Court deny Defendants' motion for a protective order that the deposition of Martin Teicher, Esq., shall not occur before June 28, 2006.

Dated:  June 12, 2006                            Respectfully submitted,

FINKELSTEIN & PARTNERS, LLP


By:     /s/ Kenneth B. Fromson
             Kenneth B. Fromson


By:     /s/ Andrew G. Finkelstein
             Andrew G. Finkelstein, Esquire

436 Robinson Avenue
Newburgh, NY  12550
(800) 634-1212

*Attorneys for Products
Liability Plaintiffs*


## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on June 12, 2006.

Dated:  June 12, 2006

                                  /s/ Kenneth B. Fromson
                                  Kenneth B. Fromson

3