UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
: MDL Docket No. 1629
In re: NEURONTIN MARKETING, :
SALES PRACTICES AND : Master File No. 04-10981
PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
---------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
PRODUCTS LIABILITY ACTIONS :
:
---------------------------------------------------------------x

**PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION FOR
PROTECTIVE ORDER CONCERNING MI DONG'S DEPOSITION**

Products Liability Plaintiffs submit this memorandum in opposition to Defendants' motion for entry of a protective order concerning the deposition of Mi Dong.

The Products Liability Plaintiffs' litigation against Defendants began in February 2004, but due to Defendants' continuous delaying tactics, Plaintiffs still have not been able to obtain much needed meaningful discovery from Defendants. Defendants' motion for a protective order appears to be simply another of Defendants' continuing delaying tactics in this litigation.

As set forth in the Declaration of Kenneth B. Fromson, Esq., submitted herewith, on May 6, 2006, Plaintiffs served two Notices of Deposition, a Notice of Deposition of Defendants by the "Person Most Knowledgeable", pursuant to Rule 30(b)(6), and a Notice of Deposition of nine named individuals believed to be employed by Defendants.

As of today, only one of the ten persons noticed for deposition by Plaintiffs is still scheduled to be deposed on the date and at the location set forth in the Notice. Plaintiffs agreed

to adjourn the deposition of one of the nine named individuals. A month after the Notices of Deposition were served, Defendants filed a motion for a protective order concerning the Rule 30(b)(6) deposition. Defendants subsequently filed two motions for protective orders concerning the depositions of two of the nine named individuals, including the motion at bar. Finally, Defendants advised Plaintiffs just today that five of the remaining six named individuals are former employees of either Warner-Lambert Company or Pfizer Inc., and that, accordingly, the deposition notice is insufficient to compel the testimony of these individuals. Defendants pattern and practice concerning the avoidance of timely depositions of knowledgeable witnesses speaks for itself.

Plaintiffs do not dispute that only directors, officers or managing agents of a corporate party may be compelled to attend a deposition based on notice only, and that mere employees ordinarily must be served with a subpoena to compel their testimony. Defendants claim that Mi Dong is neither a director, officer nor managing director of Defendant Pfizer, that Plaintiffs deposition notice is insufficient to obtain her testimony, and that Plaintiffs should be required to seek her testimony by subpoena. However, Plaintiffs do not have sufficient information at this time to determine whether Mi Dong may be considered a managing agent of Defendants.

"Where a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business." *Buzzeo v. Board of Educ.*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998); *see also Smith v. Shoe Show of Rocky Mount, Inc.*, 2001 U.S. Dist. LEXIS 8618 at *6 (D. Mass. 2001). It is undisputed that Defendant Pfizer maintains its principal place of business in New York County.

Notwithstanding the presumption, "[t]he place to conduct the deposition of a corporate defendant and its agents depends upon an analysis of three factors: cost, convenience and

2

litigation efficiency." *Buzzeo*, 178 F.R.D. at 392. The location of the parties' attorneys is also a relevant consideration. *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987). Holding Mi Dong's deposition in Michigan rather than in New York would require several Plaintiffs' and Defendants' attorneys traveling from New York to Michigan, and losing extensive time from work not to mention the added expenses for travel and possibly lodging. On the other hand, if the deposition is held in New York County, only the single deponent, Mi Dong, will need to be absent from work and travel from Michigan to New York County. Moreover, Mi Dong's deposition testimony may also be useful in the more than 225 Neurontin products liability actions being coordinated in New York County Supreme Court, where all parties are represented by New York State attorneys.

In *Boston Diagnostics Devel. Corp., Inc. v. Kollsman Mfg. Co.*, 123 F.R.D. 415, 416 (D. Mass. 1988), Magistrate Judge Collings noted that: "Cases have held that whether a witness is expected to identify himself with the interests of his principal rather than those of the other party is the 'paramount test' for determining whether an employee is a 'managing agent.'" That Defendants have already indicated a willingness to produce Mi Dong for deposition, albeit in Ann Arbor, Michigan, strongly suggests that the Mi Dong may be expected to identify herself with the interests of her employer, the Defendants.

Moreover, Defendants have not submitted any Affidavit from Mi Dong explaining the extent to which her work and personal life might be disrupted by traveling to New York County for her deposition. There is no indication that Mi Dong refuses to appear for any deposition in New York County. *Cf. JSC Foreign Economic Ass'n Technostroyexport v. International Devel. & Trade Servs., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004) (fact that alleged managing agents made it clear that they refused to appear for any depositions in this case, voluntarily or by order,

3

even at the expense of possible sanctions against the corporate defendants, indicated that proposed deponents were beyond corporation's control). Nor is there any indication that the witness would not be fully compensated by her employer for her lost work time, and for any expenses associated with traveling to New York County for her deposition.

Even assuming for the sake of argument that the Court finds that Mi Dong is a non-party witness and a mere employee of Defendants, and not a managing agent, and that Mi Dong cannot be compelled to appear for deposition in New York County, it is submitted that the Court should strongly encourage Defendants' counsel to take steps that would expedite discovery, including the assistance of non-party witnesses. *See United States v. Afram Lines (USA), Ltd*, 159 F.R.D. 408, 412 (S.D.N.Y. 1994). "[S]ince a current employee of a party is within that party's practical control, it is often sensible to require the employee to appear pursuant to notice while deferring the question of whether his testimony will bind his employer." *Id.* at 414.

It appears that Defendants' stated concern regarding possible disruption of the witness's work and personal life is disingenuous. Mi Dong has not submitted an Affidavit explaining the extent to which her work and personal life might be disrupted, she has not refused to appear for deposition in New York, and there is no indication but that the witness would be fully compensated by her employer for her lost work time, and for any expenses associated with traveling to New York County for her deposition.

Defendants have demonstrated little regard for the Case Management Orders of this Court. It appears that Defendants are engaging in a pattern whereby they are intent of adjourning each of the depositions in an effort to delay this case as long as possible. It is telling that during the last conference in this case on May 18, 2006, when the Court inquired of defense counsel concerning the scheduling of depositions that had been noticed, counsel saw fit to advise that

they had no comments concerning the scheduling and would reserve their rights to seek a protective order as per the Federal Rules. This latest motion for a protective order is only the latest effort in Defendants' continuing pattern of delay.

## CONCLUSION

In view of the above, Products Liability Plaintiffs respectfully request that the Court deny Defendants' motion for a protective order concerning the deposition of Mi Dong, and that the deposition be permitted to be held, as noticed by Plaintiffs, in New York County.

Dated:  June 13, 2006                           Respectfully submitted,

FINKELSTEIN & PARTNERS, LLP


By:    /s/ Kenneth B. Fromson
         Kenneth B. Fromson


By:    /s/ Andrew G. Finkelstein
         Andrew G. Finkelstein

436 Robinson Avenue
Newburgh, NY  12550
(800) 634-1212

*Attorneys for Products
Liability Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on June 13, 2006.

Dated:  June 13, 2006

/s/ Kenneth B. Fromson
Kenneth B. Fromson