UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------x
                                          :
In re: NEURONTIN MARKETING,               :
       SALES PRACTICES AND                :
       PRODUCTS LIABILITY LITIGATION      :   MDL Docket No. 1629
                                          :
------------------------------------------x   Master File No. 04-10981
                                          :
THIS DOCUMENT RELATES TO:                 :   Judge Patti B. Saris
                                          :
------------------------------------------x   Magistrate Judge Leo T.
                                          :   Sorokin
PRODUCTS LIABILITY CASES.                 :
                                          :
------------------------------------------x
```

**DECLARATION OF PATRICK J. MURRAY**

PATRICK J. MURRAY declares upon penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1.   I am an attorney associated with the law firm Davis Polk & Wardwell, counsel for Defendants Pfizer Inc. and Warner-Lambert Company in this action.

2.   I submit this declaration in support of Defendants' Motion to Dismiss the Personal Injury Plaintiffs' Claims Based upon Allegedly Improper Marketing Practices, filed on June 14, 2006.

3.   Attached at Exhibit 1 is a true and correct copy of the slip opinion issued in Baron v. Pfizer, Inc., Index No. 6429-04 (N.Y. Sup. Ct. May 2, 2006).

Dated: New York, New York
       June 14, 2006

/s/ Patrick J. Murray
Patrick J. Murray

# EXHIBIT 1

STATE OF NEW YORK
SUPREME COURT            COUNTY OF ALBANY
---

STEPHANIE BARON, on behalf of herself
and all other similarly situated New York
residents,

                Plaintiff,

                **DECISION AND ORDER**

   -against-

                Index No. 6429-04
                RJI No. 01-05-081926

PFIZER, INC.,

                Defendant.

---

(Supreme Court, Albany County, All Purpose Term)

APPEARANCES:

                DILLON & DILLON, LLC
                Attorneys for Plaintiff and the Class
                (John M. Dillon, Esq., of counsel)
                100 Mamaroneck Ave.
                Mamaroneck, New York   10543

                JAMES, HOYER, NEWCOMER, &
                SIMILJANICH, P.A.
                Attorneys for Plaintiff and the Class
                (John A. Yanchunis, Esq., and Jill Bowman, Esq.,
                of counsel)
                One Urban Centre, Suite 550
                4830 W. Kennedy Blvd.
                Tampa, Florida   33609

                DAVIS POLK & WARDWELL
                Attorneys for Defendant
                (James P. Rouhandeh, Esq., of counsel)
                450 Lexington Avenue
                New York, New York   10017

                WHITEMAN OSTERMAN & HANNA, LLP
                Attorneys for Defendant
                (Neil L. Levine, Esq., of counsel)
                One Commerce Plaza
                Albany, New York   12260

McCarthy, J.:

After joinder of issue but prior to class certification, defendant Pfizer, Inc. moves to dismiss the proposed class-action complaint in its entirety pursuant to CPLR 3211 (a) (7) and 3016 (b). Plaintiff Stephanie Baron – the sole class representative – opposes this motion.

CPLR 3211 (a) (7) provides: "A party may move for judgment dismissing one or more causes of action asserted against him on the ground that the pleading fails to state a cause of action." In determining a motion to dismiss premised on CPLR 3211 (a) (7), this Court "'must afford [plaintiff's] complaint a liberal construction, accept as true the allegations contained therein, accord . . . plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory'" (*Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [3d Dept 2004] [quoted case omitted]; *see Frank v DaimierChrysler Corp.*, 292 AD2d 118, 120-121 [1st Dept 2002]). "Stated another way, the court's role in a motion to dismiss is limited to determining whether a cause of action is stated within the four corners of the complaint, and not, whether there is evidentiary support for the complaint" (*Frank*, 292 AD2d at 121).

In October 2004, plaintiff commenced this proposed-class action, seeking certification of a statewide class of all New York residents who purchased Neurontin for an "off-label" use – a use of a drug that is not approved by the Federal Drug Administration (FDA) (*see Caggiano v Pfizer, Inc.*, 384 F Supp 2d 698, 690 [SDNY 2005]; *Coram Healthcare Corp. v Wal-Mart Stores, Inc.*, 238 F Supp 2d 586, 587 [SDNY 2002]). According to the complaint, the FDA approved Neurontin for the treatment of epilepsy (*see* Complaint, ¶ 3). However, plaintiff alleges that, starting in 1995, defendant and its predecessor – Parke-Davis Division of Warner-Lambert Company – developed a

2

scheme to market Neurotin for "off-label" use to realize the profits from such marketing (*see id.*).[1] Further, plaintiff alleges that the "principal component of the scheme was the hiring and deployment in the field of approximately 60 'medical liaisons,' whose real function was to actively solicit physicians to promote 'off-label' uses of Neurontin, using cash payments as a reward and incentive" (*id.*). The complaint also alleges that these medical liaisons "were trained to use knowingly false information to persuade physicians to use Neurontin for 'off-label' uses" (*id.* at ¶ 6). According to the complaint, defendant "did this with the combined motives of increasing sales, generating a body of 'medical practice,' and generating case reports which could later be used for further 'off-label' promotion with other physicians" (*id.* at ¶ 8). The complaint further alleges that the scheme "focused in particular on the market for bipolar disorders. It did so by a variety of methods, including sponsoring inexpensive studies, later published in scientific journals, which purported to show a favorable results in using Neurontin for non-approved uses" (*id.*). Plaintiff contends that defendant urged physicians to use Neurontin for treatment of bipolar disorder and, based on defendant's deceptive practices, "tens of thousands of bipolar disorder patients are now treated with Neurontin" (*id.* at ¶ 11). However, the complaint states that

> a scientifically valid study conducted at the Harvard Bipolar Research Program found that patients <u>did worse on Neurontin than those who were on a sugar pill</u>. [Defendant] sponsored this 1998 study, was aware of the results, but did not publish the results until two years later. By that time, Neurontin accounted for $1.3 billion in sales, with over 80% of its use coming from non-approved uses, such as treatment for bipolar disorder (*id.* [emphasis in original]).

Specifically as to plaintiff, the complaint alleges that "[s]he was prescribed and purchased Neurontin for the treatment of severe neck pain, an off-label use for which Neurontin is not

---

[1] Although many of the allegations in the complaint concern Parke-Davis, this Court will refer to both Pfizer and Parke-Davis as defendant for purposes of convenience.

3

approved" (*id.* at ¶ 13). The complaint fails to allege a time period in which plaintiff was prescribed and purchased Neurontin.[2] Otherwise, the complaint generally alleges that potentially thousand of New York residents took Nerontin for varying off-label uses during an unspecified time duration -- which, following discovery, will be further defined. (*see id.* at ¶17). The complaint alleges that defendant (1) violated General Business Law § 349, (2) committed common law fraud, and (3) was unjustly enriched by its actions (*see id.* at ¶¶ 27-45).

As to the first cause of action, the complaint alleges that defendant "engaged in deceptive acts and practices in violation of General Business Law § 349" and that, "[a]s a result of [d]efendant's deceptive acts and practices, [p]laintiff and Class Members suffered damages in an amount to be determined at trial" (*id.* at ¶¶ 28-29). Further, the complaint alleges that "[a]s a further result of [d]efendant's deceptive acts and practices, defendant is liable to [p]laintiff and Class Members for their costs of suit, including attorneys' fees and experts' fees" (*id.* at 30).

Defendant contends that the cause of action premised on General Business Law § 349 should be dismissed because plaintiff fails to establish that she suffered an actual injury. Similarly, defendant argues that plaintiff fails to allege that defendant's action caused in any cognizable injury. For instance, defendant asserts that the complaint lacks any factual connection between plaintiff's prescription for Neurontin and the deception alleged in the complaint. Thus, defendant contends that "plaintiff is unable to point to any causal relationship between her generalized allegations and the actions of her own doctor" (Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Class Action Complaint, at 8).

---

[2] A copy of plaintiff's affidavit from her class certification motion presented by defendant in support of this motion states that plaintiff was prescribed Neurontin in 2003.

4

In pertinent part, "General Business Law § 349 is a consumer protection statute designed to protect against 'deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this State'" (*Blue Cross and Blue Shield of New Jersey v Philip Morris USA Inc.*, 3 NY3d 200, 205 [2004] [quoting General Business Law § 349 (a)]). In 1980, the Legislature amended the statute to provide for a private right of action (*see id.*). That "amendment was intended to afford additional protection for consumers, allowing them to bring suit on their own behalf without relying on the attorney general for enforcement" (*id.*). Specifically, the relevant portion of section 349 (h) provides that

> any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

To plead a cause of action pursuant to this provision, a plaintiff must allege that (1) "the challenged act or practice was consumer-oriented," (2) "it was misleading in a material way," and (3) "the plaintiff suffered injury as a result of the deceptive act" (*Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]; *see Blue Cross and Blue Shield of New Jersey*, 3 NY3d at 205-206; *Small v Lorillard Tobacco Co.*, 94 NY2d 43, 55 [1999]). With regard to an alleged deceptive practice, that "practice must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances'" (*Stutman*, 95 NY2d at 29 [quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 26 (1995)]). Additionally, "a plaintiff must prove 'actual' injury to recover under the statute, though not necessarily pecuniary harm" (*id.*; *see Small*, 94 AD2d at 56 [noting that

5

"proof that 'a material deceptive act or practice *caused actual, although not necessarily pecuniary harm,*' is required to impose compensatory damages" (emphasis in original)]).

Plaintiff argues that she has alleged a cognizable injury – namely, that she paid money for Neurontin, which, in her brief in opposition to defendant's motion to dismiss, she alleges to be an ineffective treatment for neck pain that was prescribed to her as an off-label use.[3] Here, this Court disagrees. Simply, plaintiff's complaint fails to state a cause of action premised on General Business Law § 349. First, this Court notes that a physician's discretionary use of an approved drug for off-label use is not restricted by the FDA, "is widespread in the medical community[,] and often is essential to giving patient's optimal medical care" (Beck and Azari, "FDA, Off-Label Use, and Informed Consent: Debunking Myths and Misconceptions," 53 Food Drug L.J. 71, 72 [1998]; *see* O'Reilly and Dalal, "Off-Label Or Out of Bounds? Prescriber and Marketer Liability for Unapproved Uses of FDA-Approved Drugs," 12 Ann Health L. 295, 296 [2003]). Thus, here, for plaintiff to state a cause of action under General Business Law § 349, plaintiff needs to allege more than being prescribed a medication for off-label use and paying for such medication since prescribing FDA-approved medications for off-label uses appears to be a common practice in the medical community.

In response, plaintiff asserts that her allegations with respect to section 349 are adequate "as she has alleged [d]efendant's deceptive conduct distorted and resulted in unwarranted prescriptions for Neurontin for off-label uses and particularly injured her because she was prescribed and paid for Neurontin as a result of the [d]efendant's conduct" (Plaintiff's Memorandum of Law in Opposition

---

[3] In a footnote in her Memorandum of Law in Opposition to Defendant's Motion to Dismiss, plaintiff suggests that any inadequacy in her pleadings could be remedied by this Court allowing further discovery and by granting leave for the amendment of her pleadings. However, plaintiff neither relies on CPLR 3211 (d) in opposing this motion nor cross-moves for leave to amend her pleadings.

to Defendant's Motion to Dismiss, at 12). However, as defendant notes, in her complaint, plaintiff has failed to connect the allegations regarding defendant's deceptive conduct to any actions taken with regard to plaintiff. For instance, plaintiff alleges that defendant knew of negative study results with regard to the effectiveness of Neurontin in treating bipolar disorder but failed to release that study for two years. Even if true, plaintiff fails to relate these allegations to the Neurontin prescription she received for neck pain – a prescription that was given to her after defendant released those study results. In other words, there are simply no allegations relating defendant's alleged deceptive practice of encouraging physicians to prescribe Neurontin for off-label use to plaintiff's physician prescribing Neurontin for plaintiff. For that matter, plaintiff fails to even allege in her complaint that the Neurontin prescribed to her for neck pain was ineffective.

As the Court in *Solomon v Bell Atlantic Corp.* held:

> A deceptive act or practice is not 'the mere invention of a scheme or marketing strategy but the actual misrepresentation or omission to a consumer,' by which the consumer is 'caused actual, although not necessarily pecuniary harm.' Thus to prevail in a cause of action under [General Business Law § 349], the plaintiff must [allege] that the defendant made representations or omissions that were likely to mislead a reasonable consumer in the plaintiff's circumstances, that the plaintiff was deceived by those misrepresentations or omissions and that as result the plaintiff suffered injury (9 AD3d 49, 55 [1st Dept 2004] [quoting *Oswego Laborer's Local 214 Pension Fund v Marine Midland Bank*, 85 Ny2d 20, 25 (1995), *supra]*).

In this instance, plaintiff has failed to include in her complaint any allegations regarding how the defendant's alleged deceptive acts or practices mislead her or her physician, resulting in actual harm to plaintiff (*see id.*; *Small*, 94 NY2d at 55-59). Stated another way, nothing within the four corners of the complaint alleges that the deceptive conduct in which defendant supposedly engaged concerned the off-label use of Neurontin for neck pain, such conduct caused plaintiff's physician to prescribe Neurontin for her, and such conduct resulted in actual injury to plaintiff.

7

In that regard, the situation here appears similar to that in *Small v Lorillard Tobacco Company, Inc.*, 94 NY2d 43, 55 [1999], *supra*. There, consumer plaintiffs in a proposed class action alleged that defendant cigarette manufacturers deceived them about the addictive properties of cigarettes. In addressing plaintiffs' General Business Law § 349 cause of action, the Court of Appeals noted that "[p]laintiffs' definition of injury [was] legally flawed" (94 NY2d at 56). The Court explained that, in confining the relief plaintiffs "sought solely to monetary recoupment of the purchase price of cigarettes," they are arguing that the deception is both the act and the injury (*id.*). Thus, the Court concluded that the plaintiffs were unable to demonstrate any connection between the alleged misrepresentation and any harm from it (*see id.*). Similarly here, plaintiff's complaint fails to allege any connection between defendant's alleged deceptive acts and any harm to plaintiff from that alleged deception. Accordingly, this Court dismisses the first cause of action in plaintiff's complaint that is premised on General Business Law § 349 (*see id.; Gale v International Business Machines, Inc.*, 9 AD3d 446, 447 [2d Dept 2004]).

In the second cause of action, plaintiff asserts a claim premised on common law fraud. "To make out a prima facie case of fraud, the complaint must contain allegations of a representation of material fact, falsity, scienter, reliance and injury" (*Small*, 94 NY2d at 57 [citing *Vermeer Owners v Guterman*, 78 NY2d 1114, 1116]; *see Gaidon v Guardian Life Ins. Co.*, 94 NY2d 330, 348-349 [1999]). Further, the "circumstances constituting the fraud must be stated in detail" (*Small*, 94 NY2d at 57; *see* CPLR 3016 [b] [providing: "Where a cause of action or defense is based upon misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail."]; *Dowdell v Greene County*, 14 AD3d 750, 751 [3d Dept 2005]).

8

Here, this Court agrees with defendant that the cause of action for common law fraud lacks sufficient detail to withstand its dismissal (*see* CPLR 3016 [b]; *Rotterdam Ventures, Inc. v Ernst & Young, LLP*, 300 AD2d 963, 964-965 [3d Dept 2002]; *Mountain Lion Baseball v Gaiman*, 263 AD2d 636, 638 [3d Dept 1999]). As discussed above, the complaint fails to detail the circumstances surrounding plaintiff's prescription for Neurontin. For instance, the complaint lacks specific allegations regarding whether plaintiff's physician either received or relied upon any information from defendant in prescribing Neutron for plaintiff. Accordingly, this Court dismisses the second cause of action in plaintiff's complaint.

The final cause of action in the complaint is for unjust enrichment. To sustain a cause of action based on unjust enrichment, a plaintiff must allege "(1) the other party was enriched, (2) at that party's expense, and (3) that 'it is against equity and good conscience to permit the other party to retain what is sought to be recovered'" (*Citibank v Walker*, 12 AD3d 480, 481 [2d Dept 2004] [quoting *Paramount Film Distr. Corp. v State of New York*, 30 NY2d 415, 421]). This "remedy is available 'if one man [or woman] has obtained money from another through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass'" (*Parsa v State of New York*, 64 NY2d 143, 148 [1984]; *see Mente v Wenzel*, 178 AD2d 705, 706 [3d Dept 1991] [citing *Parsa*, 64 NY2d at 148]; *see also Strong v Strong*, 277 AD2d 533, 534 [3d Dept 2000]).

Plaintiff's complaint fails to state a cause of action for unjust enrichment. As noted before, the complaint fails to link the alleged deceitful conduct by defendant to the alleged harm suffered by plaintiff. Accordingly, the cause of action for unjust enrichment must fail because no allegations exist in the complaint that defendant obtained money from plaintiff based on defendant's alleged deceit (*see Parsa*, 64 NY2d at 148; *Mente* 178 AD2d at 706).

Moreover, based on the Court's decision with regard to defendant's motion to dismiss, this Court dismisses, as academic, plaintiff's pending motion to compel discovery. Similarly, the pending class certification motion must be dismissed as academic since plaintiff must possess a valid cause of action in order to represent the class (*Rapp v Dime Sav. Bank of N.Y.*, 64 AD2d 964, 965 [2d Dept 1978]). Here, plaintiff does not have a valid cause of action, and, therefore, cannot represent the class. Accordingly, it is

**ORDERED** that defendant's motion to dismiss is granted; and it is further

**ORDERED** that the complaint is dismissed in its entirety; and it is further

**ORDERED** that the pending motions by plaintiff to compel discovery and for class certification are rendered academic.

This shall constitute both the decision and order of the Court. All papers, including this decision and order, are being returned to defendant. The signing of this decision and order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that section relating to filing, entry and notice of entry.

SO ORDERED!

ENTER.

Dated: MAY 2, 2006
Albany, New York

William E. McCarthy, J.S.C.

10

Papers Considered:

1. Notice of Motion dated November 10, 2005;
2. Affirmation of James P. Rouhandeh, Esq., affirmed November 10, 2005, with accompanying Exhibits A-B;
3. Affirmation of John M. Dillon, Esq., affirmed January 19, 2006 with accompanying Exhibits A-D;
4. Affirmation of James P. Rouhandeh, Esq., affirmed February 17, 2006, with accompanying Exhibit A.