UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------- x
In re: NEURONTIN MARKETING,
SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
------------------------------------------------- x
THIS DOCUMENT RELATES TO:

PRODUCTS LIABILITY ACTIONS

------------------------------------------------- x

: MDL Docket No. 1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T.
: Sorokin

**MEMORANDUM IN FURTHER SUPPORT OF MOTION
FOR PROTECTIVE ORDER CONCERNING MI DONG'S DEPOSITION**

Defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants") submit this memorandum in further support of their motion for a protective order concerning the deposition of Mi Dong.

Stripped of its inaccurate characterizations of Defendants' motives and conduct, Plaintiffs' brief asserts that Mi Dong's employment by Defendants is sufficient basis for (i) obtaining her testimony with a deposition notice and not a subpoena and (ii) forcing her to travel to New York from her home in Michigan. Plaintiffs are wrong on both points, and despite Defendants' production of documents from Dong's files in February, 2006, Plaintiffs acknowledge that they cannot meet their burden in showing that she is anything more than an employee. Accordingly, Dong cannot be compelled to sit for a deposition in New York.

## ARGUMENT

### A. Plaintiffs Fail to Assert That Dong is a Director, Officer or Managing Agent

"The examining party bears the burden of establishing the status of the witness." U.S. Fidelity & Guaranty Co. v. Braspetro Oil Servs. Co., 97 Civ. 6124 (JGK)(THK), 2001 U.S. Dist. LEXIS 373, *8 (S.D.N.Y. Jan. 17, 2001); see also United States v. Afram Lines, Ltd., 159 F.R.D. 408, 413 (S.D.N.Y. 1994) (finding that the examining party failed to provide sufficient evidence that witnesses functioned as managing agents); JSC Foreign Econ. Assoc. Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 220 F.R.D. 235, 237 (S.D.N.Y. 2004). In February 2006, Defendants produced documents from Dong's files pursuant to Plaintiffs' document requests. Nonetheless, Plaintiffs acknowledge that they lack information as to whether Dong may be considered a "managing agent" and thus subject to a deposition notice served on her corporate employer. Products Liability Plaintiffs' Memorandum in Opposition to Defendants' Motion for Protective Order Concerning Mi Dong's Deposition (hereafter "Pls. Opp.") at 2. In addition, it is undisputed that Dong does not figure in any of the 114 complaints filed by Plaintiffs in this proceeding; there is not a single allegation as to her in any complaint. As a result, Plaintiffs completely fail to bear their burden to provide even minimal support for characterizing Dong as a "managing agent" of Defendants or her role in the litigation.

Plaintiffs cite Boston Diagnostics Dev. Corp. v. Kollsman Mfg. Co., 123 F.R.D. 415, 416 (D. Mass. 1988), for the proposition "that whether a witness is expected to identify himself with the interests of his principal rather than those of the other party is

2

the 'paramount' test' for determining whether an employee is a managing agent." Plaintiffs neglect, however, to describe the court's analysis of the sought-after witness, who was described in numerous documents of the corporate party as taking a leading role in company projects and negotiations. See id. at 416-17.  In addition, the court found that the witness was "invested . . . with general powers to exercise his judgment and discretion in dealing with [the plaintiff's] matters *with respect to the subject matter of the litigation*." Id. at 417 (emphasis in original).  Indeed, the witness was "in charge of the *particular* matter" at the center of the lawsuit. Id. (emphasis in original).  Accordingly, the court deemed the witness to be a managing agent.[1]

In contrast to Boston Diagnostics, Plaintiffs here have provided no allegation, much less any evidence, that Dong is anything more than an employee.  Despite having Dong's documents, Plaintiffs would ask the Court to simply take their word that she is a managing agent.  But Plaintiffs' argument blurs the distinction between "directors, officers and managing agents" on the one hand and employees on the other.  If Dong is a managing agent, virtually every corporate employee can be so designated, thereby rendering the deliberately selected language of the Federal Rules mere surplusage, a result not favored by courts.  See, e.g., U.S. v. Commonwealth Energy Sys., 235 F.3d 11, 15-16 (1st Cir. 2000).

---

[1] Another case cited by Plaintiffs, United States v. Afram Lines, Ltd., 159 F.R.D. 408 (S.D.N.Y. 1994), fails to support their position as the court in that case found that the examining party failed to show that the witnesses were managing agents.

3

### B.     Dong Cannot Be Compelled to Come to New York

Plaintiffs concede that only directors, officers and managing agents can be compelled to testify at a deposition without a subpoena.  See Pls. Opp. at 2.  This language, however, is derived from Rule 30(b)(6) of the Federal Rules of Civil Procedure and addresses testimony that may be sought from a corporate representative on the basis of a deposition notice.  See Rule 30(b)(6).  But Plaintiffs have not provided notice for Dong's testimony as a corporate representative and Defendants have not offered to produce her in response to a proper Rule 30(b)(6) notice.  Therefore, Dong is not a corporate representative who can be compelled to travel to Defendants' headquarters in New York.  In fact, case law cited in Plaintiffs' brief supports the rule that only corporate representatives, not any and all employees, may be subject to deposition notices requiring them to provide testimony at the corporation's principal place of business.  See Smith v. Shoe Show of Rocky Mount, Inc., Civil Action No. 00-30141-MAP, 2001 U.S. Dist. LEXIS 8618, (D. Mass. April 26, 2001) (noting presumption that depositions of corporate agents should be taken at the corporation's principal place of business); JSC Foreign Econ. Assoc., 220 F.R.D. at 237 ("A corporate employee or agent who does not qualify as an officer, director or managing agent is not subject to deposition by notice.").

Dong's deposition should go forward on a mutually convenient date in Michigan, along with the depositions of the other witnesses who live and work in Michigan.

### C.     Plaintiffs' Assertion that Defendants Delayed Informing Them With Respect to Former Employees Is Baseless

Plaintiffs assert that Defendants waited until June 12, 2006 to inform them that five of the individuals listed in their May 6, 2006 deposition notice are former employees

4

and thus non-parties.  See Pls. Opp. at 2.  But Plaintiffs point an accusatory finger at the wrong party.  In March and May 2005, Defendants produced deposition transcripts from a related Neurontin matter that make clear that each of these individuals had left Defendants' employ prior to 2002.  Before serving deposition notices and burdening Defendants and the Court with unnecessary motion practice, Plaintiffs should review the documents Defendants have been producing for the past year.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter a protective order concerning Mi Dong's deposition.

Dated: June 15, 2006

>DAVIS POLK & WARDWELL
>
>By:   /s/ James P. Rouhandeh
>         James P. Rouhandeh
>
>450 Lexington Avenue
>New York, New York 10017
>(212) 450-4000
>
>- and -

HARE & CHAFFIN

By: /s/ David B. Chaffin
   David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 15, 2006.

/s/David B. Chaffin