UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------- x
In re: NEURONTIN MARKETING,
SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
------------------------------------------------- x

THIS DOCUMENT RELATES TO:

PRODUCTS LIABILITY ACTIONS

------------------------------------------------- x

: MDL Docket No. 1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T.
: Sorokin

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY CASE MANAGEMENT ORDER NO. 3

Defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants") submit this memorandum in support of their motion to modify Section II.C. of Case Management Order No. 3 (Docket No. 62) insofar as it relates to the Products Liability Actions.

### PRELIMINARY STATEMENT

The consolidated Products Liability Actions comprise approximately 114 individual personal injury cases that require an immense amount of discovery. It is likely that there will be significant overlap in various discovery events and that the preparation for and scheduling of depositions will require significant effort and coordination by the parties and their counsel. Given the complexity and scope of discovery, it is crucial that counsel act responsibly and in good faith to coordinate the scheduling and location of depositions.

Plaintiffs' counsel, however, have rejected, and said that they will continue to reject without exception, alternative deposition dates that are not within seven days of the deposition notice date. (In one instance, an alternative date just three days beyond the seven day period was rejected.) In doing so, they rely on Section II.C. of Case Management Order No. 3 (Docket # 62), which was negotiated and entered by Judge Saris before plaintiffs were parties to this consolidated action and before, therefore, the action had mushroomed and changed character entirely.[1]

Positions such as these serve only to increase costs, delay discovery, and undermine the Court's directive that the parties confer in good faith on scheduling matters. Accordingly, Defendants respectfully request that the Court enter an Order that insofar as it relates to the Products Liability Actions, Section II.C. of Case Management Order No. 3 is replaced with a provision that imposes on the parties an affirmative obligation to cooperate in good faith as to the schedule and location of depositions.

## BACKGROUND

Case Management Order No. 3 was entered following negotiations between Defendants' counsel and counsel for the plaintiffs in the Sales and Marketing Actions. The negotiation and entry of the order pre-dated the addition of any products liability actions to this multidistrict proceeding. The order did not contemplate and was not designed to address full-blown discovery in well over 100 individual products liability cases.

---

[1] This motion points up the need for the parties and the Court to address whether the provisions of the case management orders that were entered before the Products Liability Actions were transferred to this Court apply to such actions.

Section II.C. of Case Management Order No. 3 provides, in pertinent part, that a party responding to a deposition notice "may suggest an alternative date no later than seven more working days from the original date." (Docket # 62 at 5.) This provision is proving unworkable. Defendants recently were forced to file two motions for protective orders as a result of plaintiffs' counsel's refusal to accommodate proposals for alternative dates outside the seven-day window. See Memorandum in Support of Defendants Motion for Protective Order Concerning Scheduling of Martin Teicher's Deposition (Docket # 344) at 2-3; Memorandum in Support of Defendants Motion for Protective Order Concerning Scheduling of Rule 30(b)(6) Deposition (Docket # 331) at 2. Indeed, plaintiffs' counsel rejected an alternative date for the deposition of Mr. Teicher that was only ten working days after the date originally noticed by plaintiffs. See Memorandum in Support of Defendants Motion for Protective Order Concerning Scheduling of Martin Teicher's Deposition (Docket # 344) at 2-3.

## ARGUMENT

A Case Management Order may be modified where cause is shown. See In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1020 (1st Cir. 1988) (order "susceptible to modification in specific instances, for cause shown"); Fed. R. Civ. P. 16(b) (scheduling order may be modified upon showing of good cause); Fed. R. Civ. P. 16(e) (pretrial orders subject to modification).

There is "cause" to modify Section II.C. of Case Management Order No. 3 insofar as it relates to the Products Liability Actions. Plaintiffs' counsel's refusal to accommodate reasonable scheduling changes has created difficulties for Defendants in

3

their efforts to arrange and to prepare for numerous contemporaneous discovery events, and it has forced Defendants to file multiple motions on issues that would have been better resolved without judicial intervention. If Case Management Order No. 3 is not modified in the manner requested, the difficulties will continue, and there will be further expensive and wasteful motion practice.

Already plaintiffs' counsel have refused to reschedule a deposition to a date that is a mere three days beyond the period purportedly dictated by Section II.C., forcing Defendants to move. There should be no need for judicial intervention in such routine scheduling matters. Plaintiffs' counsel's inflexibility is inconsistent with their overriding obligation to confer in good faith and with the overriding goal of securing "the just, speedy, and inexpensive determination" of these 114 consolidated actions. Fed. R. Civ. P. 1. Positions such as plaintiffs' are disfavored. As one court put it:

> The discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of civil adjudication would be ground virtually to a halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

In re Convergent Technologies Securities Litigation, 108 F.R.D. 328, 331 (N.D. Cal. 1985) (stating further that pre-trial discovery largely should be a "self-executing system"); accord In re MBTE Products Liability Litigation, 415 F.Supp.2d 261, 280, n.1 (S.D.N.Y. 2005) (while not imposing sanctions, reminding parties embroiled in discovery

disputes of obligation to cooperate and quoting <u>Convergent Technologies</u>); <u>Travelers Rental Co., Inc. v. Ford Motor Co.</u>, 116 F.R.D. 140, 146 (D. Mass. 1987) (noting that in <u>Convergent Technologies</u> "Magistrate Brazil writes a superb explication of counsel's responsibilities under Rule 26").

Deleting Section II.C. insofar as it applies to the Products Liability Actions and imposing an affirmative obligation on the parties thereto to cooperate in good faith would interfere not a whit with plaintiffs' (or Defendants') discovery efforts, would avoid further undue burden and expense, and would relieve the Court of involvement in further unnecessary motion practice.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an Order that insofar as it applies to the Products Liability Actions, Section II.C. of Case Management Order No. 3 is replaced with a provision that imposes on the parties thereto an affirmative obligation to cooperate in good faith as to the scheduling and location of depositions.

Dated: June 16, 2006

DAVIS POLK & WARDWELL

By:  /s/ James P. Rouhandeh
James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

HARE & CHAFFIN

By:  /s/ David B. Chaffin
David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on June 16, 2006.

/s/David B. Chaffin