UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
IN RE NEURONTIN MARKETING, SALES  )
PRACTICES, AND PRODUCTS LIABILITY )
LITIGATION                                   )    MDL Docket No. 1629
_____)    Master File No. 04-10981
                                            )
THIS ORDER RELATES TO:            )    Judge Patti B. Saris
                                            )    Mag. Judge Leo T. Sorokin
ALL ACTIONS                              )
_____)

Discovery Order No. 2

June 19, 2006

SOROKIN, M.J.

1. Sales and Marketing Stay.

The stay of discovery in the sales and marketing cases (Docket No. 270) is hereby VACATED. Discovery may proceed. Counsel shall confer and file a joint scheduling order by July 7, 2006.[1]

2. Stay of Remand Motions.

The order staying the remand motions (Docket No. 279) is hereby VACATED IN PART. Assurant's Motion to Lift the Stay (Docket No. 318) as to its remand motion is ALLOWED. The stay is also vacated as it applies to motions for remand filed by personal injury Plaintiffs. In all other respects the stay remains in effect.

3. Monthly Discovery Hearings

---

[1] As a result, Docket #275 is TERMINATED as moot.

1

The previously scheduled monthly discovery hearings will now encompass both the Products Liability Cases and the Sales and Marketing cases. The hearing dates remain as previously stated. The briefing schedule is <u>modified as follows:</u>

| <u>Hearing Date</u> | <u>Motion(s) & Memoranda Due</u> | <u>Opposition Due</u> | <u>Replies Due</u> |
|---|---|---|---|
| 7/11/06 | 6/26/06 | 7/5/06 | 7/7/06 |
| 8/15/06 | 7/27/06 | 8/7/06 | 8/11/06 |
| 9/12/06 | 8/31/06 | 9/5/06 | 9/8/06 |
| 10/17/06 | 9/28/06 | 10/10/06 | 10/13/06 |
| 11/14/06 | 10/31/06 | 11/06/06 | 11/10/06 |
| 12/12/06 | 11/30/06 | 12/4/06 | 12/8/06 |

By agreement, the parties may continue the date for filing a motion, as long as notice is provided to the Court. However, the deadlines for Oppositions and Replies will not be extended without leave of Court. The Court will not entertain any briefing submitted after the "Replies Due" deadlines indicated above.

Memoranda in support of motions are limited to a maximum of 20 pages. Leave to file a reply is automatically granted; replies are limited to a maximum of 7 pages. Counsel shall file with the clerk's office a courtesy hard copy of any lengthy exhibits.

4. Pending Discovery Motions in the Sales and Marketing Cases

Due to the imposition of a stay, I previously denied as moot three pending discovery motions: Defendants' Motion for Protective Order Concerning Scope of Discovery (Docket #161), Plaintiffs' Motion to Compel Production of Documents Created After December 31, 1998 (Docket #172), and Defendants' Motion to Compel (Docket #261). The parties may revive these

motions by filing a new motion without an accompanying memorandum. The motion should simply indicate that counsel intends to rely upon the papers previously filed in relation to the original motion. If counsel believe that new briefing is warranted, they may file new motions with supporting memoranda in compliance with the schedule set forth above.

With regard to the time period dispute, counsel are reminded that the Court does not invite duplicate briefing.

     5. Products Liability Template Discovery

     A.     Defendants' Document Requests

Regarding Defendants' Template First Request for Production of Documents (Docket No. 333), Plaintiffs shall produce responsive documents that are within their "custody or control," Fed. R. Civ. P. 34(a), in addition to responsive documents within their possession. Rulings made in relation to specific requests are set forth below.

          i. Medical Records

Plaintiffs shall produce copies of all of the medical records currently in their possession and they shall supplement the production as they receive medical records in the future. Each Plaintiff shall also produce a list identifying (1) his or her psychiatric medical providers for the twenty years preceding the date of the alleged incident; (2) his or her non-psychiatric medical providers for the ten/five year period defined in Plaintiffs' papers; and (3) each medical provider (doctors, social workers, psychologists, hospitals, etc.) from whom he or she has sought medical records, regardless of whether the requested records have been received.

     Plaintiffs shall provide to Defendants appropriate medical release forms which allow Defendants to seek the records without time limitation. Plaintiffs' counsel shall ensure that each

release form is complete and in proper form. Plaintiffs shall execute either multiple original duplicate release forms and/or multiple different release forms to the extent reasonably necessary. Plaintiffs satisfy Fed.R.Civ.P 34 by executing releases to authorize Defendants' access to the pertinent medical records. See Greenberg v. United States, 1990 U.S. Dist. LEXIS 12091 * 9 (District of Massachusetts, September 7, 1990); Fleming v. Gardner, 84 F.R.D. 217, 218 (E.D. Tenn., 1979).

Prescription records, to the extent they differ from medical records, shall be handled in the same way as medical records. In addition, Plaintiffs shall identify the physicians who prescribed Neurontin to them, as well as the date range(s) of each prescription period.

Substance abuse treatment (or use) records, to the extent they differ from medical records, shall be handled in the same way as the medical records.

    ii. Specific Requests[2]

Regarding Request No. 2, Plaintiffs shall produce their individual tax returns filed during the time period from five years immediately preceding the injury complained of through the present. In the case of a jointly filed return, Plaintiffs' counsel may redact the data not pertaining to the Plaintiffs.

Regarding Request No. 6, Plaintiffs shall produce the responsive documents called for by

---

[2] Relevant documents that are in the possession of educational or governmental entities shall be handled in the same way as the medical records. For example, Plaintiffs shall: (1) produce those documents in their possession that are responsive to Defendants' requests, as established by the Court's rulings below, (2) provide to Defendants a list that identifies all of the entities that are, or were, in possession of such documents, to the best of Plaintiffs' knowledge; and (3) produce appropriate release forms to the Defendants. Any documents that are in the possession of a Plaintiff's counsel or former counsel shall be produced to the Defendants directly by Plaintiff, rather than by way of a release.

the request from January 1, 1994 to the date of the filing of the applicable complaint.

Regarding Request No. 16, Plaintiffs shall produce the responsive documents, if they have any such documents.

Regarding Request Nos. 19 and 21, Plaintiffs shall produce responsive documents without limitation as to the time period. Responsive documents in the possession of medical providers or other third parties are to be handled as described above.

Regarding Request Nos. 23, 25, 31, 32, 42, Plaintiffs shall produce all documents responsive to the Request without any limitation as to time. Documents in the possession of the third parties are to be handled as described above.

Regarding Request 26, the following words are stricken: "misdemeanors", "juvenile offenses", "ever has been or was involved."

Regarding Request 27, the five/ten year time period proposed by Plaintiffs is the temporal scope of the narrowed request except as to convictions. The reference to "juvenile law" is stricken. Subject to these limitations and the procedures described above, Plaintiffs shall produce the responsive documents.

Regarding Request 28, the word "misdemeanor" is stricken. The five/ten year time period proposed by Plaintiffs is the temporal scope of the narrowed requests except as to convictions and/or suicide attempts. Subject to these limitations and the procedures described above, Plaintiffs shall produce the responsive documents.

B.  Defendants' Interrogatories

Regarding Interrogatory No. 3, Plaintiffs shall identify the names of up to three persons with whom they worked closely at each job, to the extent Plaintiffs recall.

Regarding Interrogatory No. 6, Plaintiffs shall also respond regarding use, if any, of alcohol or illegal drugs or prescription drugs that were not originally prescribed to him/her. The Court adopts Plaintiffs' proposed time period.

Regarding Interrogatory No. 7, Plaintiffs shall respond to the interrogatory as propounded.

Regarding Interrogatory Nos. 8 & 9, Plaintiffs shall respond to the interrogatory as propounded.

Regarding Interrogatory Nos. 10 and 12, Plaintiffs' time period limitation is OVERRULED.

Regarding Interrogatory No. 13, Plaintiffs shall respond to the Interrogatory as propounded except as to juvenile matters.

Regarding Interrogatory No. 14, Plaintiffs' time period limitation is OVERRULED. However, Plaintiffs may respond with date ranges for prescriptions of specific drugs rather than the date of each and every prescription.

Regarding Interrogatory No. 16, Plaintiffs shall also respond regarding information other than that set forth in the records obtained from the litigation referred to in their objection.

Regarding Interrogatory No. 19, Plaintiffs shall respond to this interrogatory.

Regarding Interrogatory No. 24, Plaintiffs' time period objection is OVERRULED.

C. Plaintiffs' Request for Production of Documents

Regarding Request No. 1, Defendants shall identify what they mean by "centrally located files."

Regarding Request No. 2, Defendants' interrogatory response suffices regarding

subheadings (b) and (c). The start date for the subheading (a) is January 1, 1994.

Regarding Request No. 3, Defendants must review the medical liaison files for the period beginning January 1, 1994. Defendants' interrogatory response suffices regarding subheadings (b) and (c).

Regarding Request No. 4, while Defendants need not produce all documents mentioning Neurontin, they shall also produce, from the files being reviewed in response to this Request, documents pertaining to the safety and efficacy of Neurontin. In addition, they shall produce any documents related to the marketing of Neurontin to the plaintiff's prescribing physician.

Regarding Request No. 5, 6 & 9, the responsive period begins on January 1, 1994.

Regarding Request No. 8, Defendants shall provide responsive documents explaining the compensation method for sales representatives.

Regarding Request No. 10, for those dispensing healthcare providers that Defendants identify as having been a part of the Defendants' speaker program etc, Defendants shall provide documents responsive to subheading (c).

Regarding Request No. 13, Plaintiffs may produce either name and address or the name and ME number.

Regarding Request No. 17, Defendants' response describes a satisfactory response to the request for ads specifically directed to the prescribing physician, e.g. leave behinds or dear doctor letters.

D.    Plaintiffs' Interrogatories

Regarding Interrogatory No. 1, the Court has resolved this dispute with the procedures for handling the medical and prescription records.

Regarding Interrogatory Nos. 2 & 3, Defendants shall respond either with an answer, or with documents as provided by Fed. R. Civ. P. 33(d). They are reminded that they must meet their obligation to respond.

6.    Motion for Protective Order: Teicher (Docket No. 343)

This Motion is denied as MOOT as the parties have reached an agreement as to the date of Mr. Teicher's deposition.

7.    Motion for Protective Order: Dong (Docket No. 350)

This Motion is DENIED as premature in light of the Court's ruling below regarding depositions.

8.    Motion for Protective Order: 30(b)(6) (Docket No. 329)

This Motion is ALLOWED in that the deposition may not proceed before July 18, 2006.

9.    Motion to Strike (Docket No. 339)

The Motion to Strike is DENIED as moot. The filing that the Defendants move to strike, Product's Liability Plaintiff's Positions as to Outstanding Discovery: Agreements and Disputes (Docket No. 330), is neither styled as a motion, nor is the Court treating it as such. It was not filed in support of or in opposition to any pending motion and, accordingly, was not considered with respect to any of the pending motions.

10.    Depositions Generally

Counsel shall confer regarding the scheduling of all depositions that are presently anticipated by all parties. Such conference shall include the exchange of lists of the deponents and proposed dates. Counsel shall then, paying heed both to the rules governing the location of depositions and practical scheduling considerations, resolve the timing and location of the

depositions.

In addition, Counsel shall confer regarding a possible revision to the CMO regarding depositions to establish a procedure to facilitate the convenient scheduling of these matters, and report to the Court on the status of their agreement for implementing such procedure.

11.     Form of Template Responses

Defendants may produce any documents that are common to each of the personal injury Plaintiffs in each of the Products Liability cases one-time only to the Products Liability Steering Committee. Any such documents must be clearly identified as "common documents" and must also specify the request number(s) to which they respond.

SO ORDERED.

/s/ Leo T. Sorokin
_____
United States Magistrate Judge