UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
In re:  NEURONTIN MARKETING,             :   MDL Docket No. 1629
        SALES PRACTICES AND              :
        PRODUCTS LIABILITY LITIGATION    :   Master File No. 04-10981
                                         :
                                         :   Judge Patti B. Saris
------------------------------------------------x
                                         :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                :
                                         :
    PRODUCTS LIABILITY ACTIONS           :
                                         :
                                         :
------------------------------------------------x

## PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CASE MANAGEMENT ORDER NO. 3

Products Liability Plaintiffs submit this memorandum in opposition to Defendants' motion to modify Section II.C. of Case Management Order No. 3 (Docket No. 62) insofar as it relates to the Products Liability Actions.

Section II.C. provides:

> A party shall provide a "three week deposition notice" under which such party provides at least 21 days notice for a proposed deposition. A responding party may suggest an alternative date no later than seven more working days from the original date. *The parties shall confer in good faith.* Any motion for a protective order shall be filed at least five working days before the scheduled deposition; any response shall be filed within two working days. [Emphasis added.]

Defendants are now requesting

an Order that insofar as it relates to the Products Liability Actions, Section II.C. of Case Management Order No. 3 is *replaced* with a provision that imposes on the parties an affirmative obligation to cooperate in good faith as to the schedule and location of depositions. [Emphasis added.]

In short, Defendants seek to replace the existing Section II.C., which not only provides a firm schedule and concrete procedural guidelines for scheduling and resolving disputes concerning depositions, but also already imposes on the parties an affirmative obligation that "[t]he parties *shall* confer in good faith" (emphasis added), with a similar "provision that imposes on the parties an affirmative obligation to cooperate in good faith as to the schedule and location of depositions," but otherwise provides no schedules or procedural guidelines whatsoever for noticing and resolving disputes relating to a depositions.

Further, the existing Rules already require that counsel confer in good faith to resolve discovery disputes. Rule 26(c) of the Federal Rules of Civil Procedure already provides in relevant part that a motion for a protective order concerning a discovery deposition must be:

> accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

Similarly, Local Rule 26.2(C) already states in relevant part:

> (C) *Certification of Discovery Motions.* The judicial officer shall not consider any discovery motion that is not accompanied by a certification, as required by LR 7.1(a)(2) and LR 37.1(b), that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Local Rule 7.1(a)(2) already provides:

> (2) *Motion Practice.* No motion shall be filed unless counsel certify that they have conferred and have attempted to resolve or narrow the issue.

And Local Rule 37.1(a) already requires that:

> (a) Before filing a discovery motion, including any motion for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent.

Thus, Defendants' proposal to replace existing Section II.C. with an overly broad and entirely open-ended good faith provision would add absolutely nothing to the existing Rules.

2

After Defendants filed their motion to modify CMO-3, the Court issued Discovery Order No. 2 on June 19, 2006, providing with respect to Depositions Generally:

> Counsel shall confer regarding the scheduling of all depositions that are presently anticipated by all parties. Such conference shall include the exchange of lists of the deponents and proposed dates. Counsel shall then, paying heed both to the rules governing the location of depositions and practical scheduling considerations, resolve the timing and location of the depositions.
>
> In addition, Counsel shall confer regarding a possible revision to the CMO regarding depositions *to establish a procedure* to facilitate the convenient scheduling of these matters, and report to the Court on the status of their agreement for implementing such procedure. [Emphasis added.]

Clearly, the Court is expecting more from Counsel than merely to "to cooperate in good faith", as Defendants propose, but, rather, has expressly directed Counsel to confer to attempt "to establish a procedure" regarding the scheduling of all depositions.

Products Liability Plaintiffs believe that the schedules and procedures regarding depositions that are currently in place, as set forth in Section II.C. of CMO-3, are adequate and should remain as is. However, in response to Discovery Order No. 2, Plaintiffs propose that, in the alternative, Section II.C. may be modified to provide as follows:

> A party shall provide a "four week deposition notice" under which such party provides at least 28 days notice for a proposed deposition. A responding party may suggest an alternative date no later than ten more working days from the original date. The parties shall confer in good faith. Any motion for a protective order shall be filed at least eight working days before the scheduled deposition; any response shall be filed within five working days.

The extra week's notice would provide the proposed deponent an additional week to handle pressing commitments and clear his schedule in order to prepare for and attend the deposition. The additional three days to file a motion for a protective order would afford the Court more time to rule upon the application and for the parties to arrange for the preparation, as well as administrative and travel arrangements, necessary to go forward with the deposition.

3

Pursuant to the Court's directive in Discovery Order No. 2, Counsel shall confer regarding a possible revision to the CMO regarding depositions to establish a procedure to facilitate the convenient scheduling of these matters, and will report to the Court on the status of any agreement for implementing such procedure prior to the next scheduled hearing date on July 11, 2006.

## CONCLUSION

In view of the above, Products Liability Plaintiffs respectfully request that the Court deny Defendants' motion to modify, in the manner requested by Defendants, Section II.C. of Case Management Order No. 3 (Docket No. 62) insofar as it relates to the Products Liability Actions.

Dated: July 5, 2006

Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By: /s/ **Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY 12550

By: /s/ **Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
 & Associates
106 E. 6th Street, Suite 700
Austin, TX 78701

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3, and Discovery Order No. 2, on July 5, 2006.

/s/ **Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire