UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
In re:  NEURONTIN MARKETING, SALES PRACTICES            : MDL Docket No. 1629
        AND PRODUCTS LIABILITY LITIGATION               :
                                                        : Master File No. 04-10981
                                                        :
------------------------------------------------x       : Judge Patti B. Saris
                                                        :
THIS DOCUMENT RELATES TO:                               : Magistrate Judge Leo T.
                                                        : Sorokin
------------------------------------------------x       :
                                                        :
HARDEN MANUFACTURING CORP., v.                          :
PFIZER INC., et uno.                                    :
                                                        :
------------------------------------------------x       :
                                                        :
THE GUARDIAN LIFE INSURANCE COMPANY OF                  :
AMERICA v. PFIZER INC. and                              :
                                                        :
AETNA, INC. v. PFIZER INC.                              :
                                                        :
------------------------------------------------x

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

Defendants Pfizer Inc. and Warner-Lambert Company ("defendants") respectfully submit this memorandum in support of their motion to strike plaintiffs' Motion to Compel Production of Documents Created After December 31, 1998 (Docket # 383).

During the June 15 hearing, the Court provided instructions concerning the pending discovery motions in the Sales and Marketing Cases, including the cross-motions concerning the scope of discovery (Docket ## 161 and 172). The Court indicated that the motions could be revived and that the parties could either rely on previously-filed briefs or submit new briefs. Because defendants' motion for a protective order and plaintiffs' motion to compel are mirror images, the Court directed that there be coordinated briefing on the cross-motions, advising that

it would not consider "six briefs." The parties agreed and a schedule was set whereby defendants' brief was due on June 23, 2006, plaintiffs' response was due July 5, 2006, and defendants' reply was due July 7, 2006.

Four days later, the Court issued Discovery Order No. 2 (Docket # 372). It set June 26 as the deadline for the filing of motions for the July 11 hearing. Oppositions to motions filed on or before June 26 were due on July 5, and replies are due today. Docket # 372 at 2. The order states that "the deadlines for Oppositions and Replies will not be extended without leave of Court." Id.

Consistent with the Court's instructions during the June 15 hearing, Discovery Order No. 2 also provides that the pending discovery motions in the Sales and Marketing Cases could be revived either "by filing a new motion without an accompanying memorandum [that indicates that] counsel intends to rely upon the papers previously filed in relation to the original motion . . .," or by filing "new motions with supporting memoranda in compliance with the schedule set forth above." Id. at 2-3. The order also provides that "[w]ith respect to the time period dispute, counsel are reminded that the Court does not invite duplicate briefing." Id. at 3. The order also limits supporting and opposing memoranda to 20 pages and replies to 7 pages. Id. at 2.

On June 23, defendants filed a "Motion for Protective Order Concerning Scope of Discovery" (Docket # 375) ("Defendants' Discovery Scope Motion"), with a 17-page supporting memorandum (Docket # 376). The motion seeks a protective order that defendants are required to produce only those Neurontin sales and marketing documents relating to plaintiffs' surviving claims and allegations. Id.

Under Discovery Order No. 2 and the schedule agreed upon in open Court on June 15, 2006, plaintiffs' opposition to Defendants' Discovery Scope Motion was due on July 5. At 6:44

2

p.m. on July 5, plaintiffs filed their opposition to Defendants' Discovery Scope Motion (Docket # 384).[1]

At 6:39 p.m. on July 5, plaintiffs also filed a "Motion to Compel Production of Documents Created After December 31, 1998" ("Plaintiffs' Motion to Compel"). Plaintiffs' Motion to Compel seeks the production of all Neurontin sales and marketing documents created between January 1, 1999 and December 31, 2004, and asserts that the grounds for the relief sought are "set forth in the Memorandum in Opposition to Motion for Protective Order Concerning Scope of Discovery and in Support of Motion to Compel Production of Documents Created After December 31, 1998 (Docket Number 170), the Declaration of Rebecca J. Poate and attached exhibits (Docket Number 171), Plaintiffs' Reply in support of the motion (Docket Number 189), and the Affidavit of Thomas Greene (Docket Numbers 190 and 191)."

## ARGUMENT

## PLAINTIFFS' MOTION TO COMPEL SHOULD BE STRICKEN

Plaintiffs' Motion to Compel, which was filed at 6:39 p.m. on July 5, should be stricken because it flouts the Court's instructions. Plaintiffs are attempting to undermine the Court's instructions concerning briefing. The Court instructed the parties to limit the briefing on "the time period dispute . . ." and to rely on prior **or** new briefs. (See Exhibit A hereto). It also re-affirmed the 20-page limit. Nevertheless, with respect to the dispute as to the scope of discovery, plaintiffs have filed a 17-page **Supplemental** (i.e., non-standalone) Memorandum, **and** invoked two prior briefs and multiple declarations. One of the prior briefs is 21 pages long (Docket # 170). The other is 16 pages long (and is not, plaintiffs' claim to the contrary

---

[1] Discovery Order No. 2 clearly and unambiguously required plaintiffs to file their opposition to Defendants' Discovery Scope Motion on or before July 5. Section G of the CM/ECF Administrative Procedures clearly and unambiguously required the opposition to be filed before 6:00 p.m. that day. Plaintiffs filed the Supplemental Memorandum after 6:00 p.m. on July 5. It was untimely. (And, because defendants' reply is due today, the late filing was prejudicial.)

3

notwithstanding, a "reply") (Docket # 189). Plaintiffs have read the Court's "or" as an "and," and have exceeded the 20-page limit by a country mile.

The Court was very clear that the parties must choose between filing new briefs or relying on the old. Plaintiffs attempt to do both. Therefore, the Motion to Compel should be stricken.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court strike plaintiffs' Motion to Compel Production of Documents Created After December 31, 1998 (Docket # 383). If the Court determines not to strike plaintiffs' motion, defendants respectfully submit that, as a matter of fairness and due process, the Court should also revisit defendants' briefing from 2005 on this issue, set forth in defendants' Memorandum in Opposition to Motion to Compel Production of Documents Created After December 31, 1998 (Docket No. 184).

Dated:   July 7, 2006          PFIZER INC., et uno,

                               By their attorneys,


                               s/ James P. Rouhandeh
                               James P. Rouhandeh

                               DAVIS POLK & WARDWELL
                               450 Lexington Avenue
                               New York, New York  10017
                               (212) 450-4000

                               -and-

                               s/ David B. Chaffin
                               David B. Chaffin
                               BBO # 549245
                               HARE & CHAFFIN
                               160 Federal Street
                               Boston, Massachusetts 02110
                               (617) 330-5000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on July 7, 2006.

/s/David B. Chaffin

# EXHIBIT A

061506HH.txt

1

```
 1                   UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
 2

 3

 4    HARDEN MANUFACTURING           )
      CORPORATION,                   )
 5                    Plaintiff,     )
                                     )
 6                                   ) CA No. 04-10981-PBS
      vs.                            )
 7                                   )
                                     )
 8    PFIZER, INC., et al,           )
                      Defendants.    )
 9

10
      BEFORE:  THE HONORABLE LEO T. SOROKIN, M.J.
11

12
                       STATUS CONFERENCE
13

14

15
              John Joseph Moakley United States Courthouse
16                        Courtroom No. 14
                          One Courthouse Way
17                         Boston, MA 02210
                        Thursday, June 15, 2006
18                            3:00 P.M.

19

20

21                      Cheryl Dahlstrom, RMR
                        Official Court Reporter
22          John Joseph Moakley United States Courthouse
                  One Courthouse Way, Room 3209
23                         Boston, MA 02210
             Mechanical Steno - Transcript by Computer
24

25
```

2

```
                          061506HH.txt
 1    the stay.
 2              MR. TABB:  Your Honor, while you're vacating the
 3    stay -- I know this is not on the list of matters.  You may
 4    recall, many, many moons ago --
 5              THE COURT:  The motions.
 6              MR. TABB:  -- we discussed the motions to compel and
 7    for protective order relating to time which, in effect, really,
 8    even if the stay is lifted, has become a stay of its own
 9    because on many --
10              THE COURT:  This is what I'm going to do on that,
11    addressing that as well.  It's my intention to tell you all
12    that -- there are three, if I recall, motions that are pending
13    in the sales and marketing case, discovery motions.  Basically,
14    that they're the two cross-motions that are the same motion
15    with respect to time and there was one other.
16              It was my intention to tell you in this order that you
17    can either file something and say we're just reviving that
18    motion and we rely -- just file the motion, the motion to
19    compel or protective order, one or two pages, and these are the
20    docket numbers of pleadings that we rely on in support of it.
21    Then I'll have a piece of paper to act upon.
22              Or you might -- I don't know.  I don't know if you all
23    think that as a result of whatever Judge Saris' ruling that in
24    some way the issues changed or they didn't change.  That's up
25    to you.  If you think they did, then I give you the option and
                                                                   84


 1    state upon that piece of paper to file a fresh motion on the
 2    topic with fresh briefing.  It's one or the other.  I either
 3    read the new papers or you tell me to look at the old papers.
 4    I'll do either one.  And I'll address the matter.
                              Page 74
```