UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br>ALL SALES AND MARKETING ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

<u>Discovery Order No. 3</u>

July 18, 2006

SOROKIN, M.J.

Before the Court are Defendants' Motion to Modify Case Management Order No. 3 (Docket # 369); Defendants' Motion for Protective Order Concerning Scope of Discovery (Docket # 375); Plaintiffs' Motion to Compel Production of Documents Created After December 31, 1998 (Docket # 383); Defendants' Motion to Strike Plaintiffs' Motion to Compel Production of Documents Created After December 31, 1998 (Docket # 387) and the Joint Notice of Filling Proposed Case Schedules (Docket # 391).

In her Memorandum and Order dated June 12, 2006 (Docket #356), partially adopting the Report and Recommendation (the "Report," Docket # 269), Judge Saris concluded that (1) Plaintiffs had satisfied their burdens under Fed.R.Civ.P. (9)(b) and 12(b)(6) with regard to claims involving bipolar disorder, monotherapy, migraine, dose dependency, diabetic neuropathy, and panic disorder; (2) that the only viable theories of fraud are (a) that Defendants misrepresented the results of scientific studies; and/or (b) that Defendants fraudulently failed to disclose the existence of negative clinical evidence with regard to a particular indication; (3) that while

Plaintiffs satisfied Rule 9(b) with respect to pain and restless leg syndrome, they failed to state a claim with respect to these two indications because they did not allege facts related to either one of the two acceptable theories of fraud; (4) that Plaintiffs failed to meet the obligations of Rule 9(b) and 12(b)(6) with regard to social phobia;[1] and (5) that Plaintiffs had pled separate RICO enterprises between defendants and each of the medical marketing firms.

Defendants now move to limit the scope of discovery to encompass only (1) the two alleged misrepresentations made by Doctors Harden and LeRoy; (2) the Defendants' alleged misrepresentations with regard to Dr. Gorson's study; and (3) those specific meetings at which doctors related positive anecdotal experiences with Neurontin despite the existence of negative clinical studies. In other words, defendants seek to limit discovery to the specific facts alleged in the complaints in support of the specific theories of fraud surviving the motion to dismiss.

Federal Rule of Civil Procedure 26 allows, as a matter of right, discovery not only into the facts alleged in the complaints, but also allows discovery into the claims and defenses of the parties. Fed. R. Civ. P. 26(b)(2). Under that standard, the proper scope of discovery is not as narrow as Defendants suggest. The complaints allege an organized ongoing campaign to market Neurontin by way of RICO enterprises committing mail and wire fraud in connection with fraudulent, false and deceptive statements. The complaints support the foregoing allegations

---

[1]In their Opposition, Plaintiffs contend that they have corrected their pleading deficiencies with respect to pain, restless leg syndrome, and social phobia. Plaintiffs appear to have corrected their pleading deficiencies with regard to restless leg syndrome (RLS) and pain. Plaintiffs amended to allege that Dr. Ehrenberg's study on restless leg syndrome was negative. ¶ 164. The Second Amended Class Action Complaint contains allegations of that Defendants failed to disclose negative studies on pain. ¶¶ 146-152. It is not as clear that the allegations with respect to social phobia are sufficiently amended. For present purposes, however, it is assumed that they can proceed.¶¶ 177-181.

with some specific allegedly fraudulent statements and some specific allegations that similar statements were made at other specified meetings or during other specified time periods.  In addition, the Report relied upon the allegations that similar statements were made at other meetings, Report at 40, a point adopted by Judge Saris, Order at 21.  Accordingly, Plaintiffs are entitled to discovery related to the indications for which they have sufficiently pled fraud.  That discovery is not limited to the specific meetings and misrepresentations cited by Defendants.  Therefore, Defendant's Motion for a Protective Order is DENIED.

Plaintiffs' Motion to Compel Production of Documents After December 31, 1998 and up to May 31, 2004 can be resolved in conjunction with Defendant's Motion.  While Defendants appear to agree that there should not be an arbitrary cut off date for discovery, the Court does not understand them to concede that the allegations are sufficiently pled to allow discovery through May 31, 2004.  Defendants are correct that the allegations in the Complaints, i.e. the claims and defenses, are the touchstone for determining the scope of discovery under Rule 26.  The claims in the complaints arise out of meetings or conferences promoting Neurontin fraudulently, according to plaintiffs.  The last meeting identified in the Complaints occurred on May 19, 2001.  Thus, as a temporal matter, marketing discovery may run through May 31, 2001.

Accordingly, the Defendants' Motion for a Protective Order is <u>DENIED</u> and Plaintiffs' Motion to Compel is <u>ALLOWED</u> in part and <u>DENIED</u> in part.[2]

At the status conference on July 11, 2006, counsel represented that they had reached agreement with regard to Case Management Order No. 3.  Accordingly, the motion is <u>DENIED</u>

---

[2] Plaintiffs refer to 40 boxes of documents relating to Cline Davis & Mann and Sudler & Hennessy, and demand that they be produced immediately.  These documents are subject to the scope of discovery set forth in this Order.

3

as moot.  Defendants' Motion to Strike is <u>DENIED</u> as moot.

Regarding the Joint Schedule the parties proposed, the Court invites the parties to explain briefly their respective positions regarding whether expert discovery should occur prior to the filing of summary judgment motions, as defendants propose, or after the filing of summary judgment motions as plaintiffs propose.

The Court recognizes that the parties presented for resolution only the most general discovery issues in these Motions.  Underlying the parties dispute are plaintiffs 252 individual documents requests contained in their First Request for Production of Documents.  With regard to disputes over specific document requests that remain after the conferral process, the parties are instructed to file a joint report that delineates the specific request for production, the defendants' response, and each parties' respective position thereto.  The twenty page limit does not apply to that filing.

SO ORDERED.<br>
/s/ Leo T. Sorokin<br>
_____<br>
United States Magistrate Judge