HARE & CHAFFIN
ATTORNEYS AT LAW
160 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1701
(617) 330-5000
TELECOPIER (617) 330-1996

July 21, 2006

BY HAND

The Honorable Leo T. Sorokin
United States Magistrate Judge
United States District Court
  for the District of Massachusetts
One Courthouse Way
Boston, Massachusetts 02110

> Re:  In re Neurontin Marketing, Sales Practices, and Products Liability Litigation,
> MDL Docket No. 1629; Master File No. 04-10981
>
> Johnson v. Pfizer, Inc. and John Doe, D. Mass. Civil Action No. 06-10309-PBS

Dear Magistrate Judge Sorokin:

Pursuant to Ms. Simeone's request, I enclose copies of the Petition for Damages and Notice of Removal in Johnson v. Pfizer, Inc. and John Doe, D. Mass. Civil Action No. 06-10309-PBS.

Thank you.

Very truly yours,

David B. Chaffin

DBC:kgg
354008.0721
Enclosures



DIVISION D

23rd JUDICIAL DISTRICT COURT FOR THE PARISH OF ASSUMPTION

STATE OF LOUISIANA

NO. 29,107        DIVISION                DOCKET

ELMENIA JOHNSON, Individually and as Tutor for
CAMERON JOHNSON AND LAURYN JOHNSON

VERSUS

PFIZER, INC.
and JOHN DOE

FILED: _____JUL 2 0 2005_____        _____
                                        DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Elmenia Johnson,
Individually and as the Tutor of Cameron Johnson and Lauryn Johnson, who avers as follows:

1.

Made defendant herein is Pfizer, Inc., upon information and belief, a foreign corporation
authorized to do and doing business in the Parish of Assumption, State of Louisiana.

2.

Made defendant herein is John Doe, upon information and belief, a person of the full age
of majority and a resident of Louisiana, who at all times pertinent hereto sold, distributed,
marketed the drug, Neurontin on behalf of Pfizer, Inc., one of its subsidiaries and/or a
predecessor company subsequently purchased by Pfizer, Inc.

3.

Cameron Johnson and Lauryn Johnson are the minor children of Yashiki Johnson.

4.

Venue is appropriate in Assumption Parish under La. C.C.P. Art. 74 because Yashiki
Johnson resided in Assumption Parish when she committed suicide and Cameron and Lauryn,
her minor children, resided and continue to reside in Assumption Parish since their mother's
death. Accordingly, petitioners' damages were sustained in Assumption Parish.

5.

Petitioners hereby assert survival action and wrongful death claims against Pfizer, Inc. and John Doe in connection with the death Yashiki Johnson on August 6, 2004.

6.

Prior to her death on August 6, 2004, Yashiki Johnson was prescribed Neurontin for ailments or conditions the treatment of which Neurontin was not approved for by the FDA.

7.

Pfizer, Inc. and John Doe knew or should have known that the sale, distribution and/or marketing of Neurontin for uses not approved by the FDA presented an unreasonable risk that petitioners' mother, Yashiki Johnson would commit suicide while taking the drug for an unapproved use.

8.

Pfizer, Inc., its predecessor-in-interest and/or its subsidiaries knowingly marketed Neurontin for the unapproved uses for which it was prescribed to Yashiki Johnson.

9.

Pfizer, Inc., its predecessor-in-interest and/or its subsidiaries have plead guilty to charges leveed by the FDA in connection with the sale, marketing and/or distribution of Neurontin for uses not approved by the FDA.

10.

The conduct of Pfizer, Inc. and John Doe were the legal causes of Yashiki Johnson's death.

11.

The minor children of Yashiki Johnson, Cameron Johnson and Lauryn Johnson, are entitled to prosecute the survival action claim associated with the pre-death pain and suffering of Yashiki Johnson associated with her taking her own life.

12.

As the minor children of Yashiki Johnson, Cameron Johnson and Lauryn Johnson are entitled to prosecute wrongful death claims for the loss of love, support, society and affection in connection with their mother's death.

WHEREFORE, petitioners request that defendants be duly cited and served with a copy of the Petition and after due proceedings are had, that there be judgment rendered in favor of Elmenia Johnson, as the tutor of Cameron and Lauryn Johnson, for all survival and wrongful death damages to Elmenia Johnnson, as the Legal Tutor of Cameron and Lauryn Johnson, against Pfizer, Inc. and John Doe for all survival action, wrongful death damages to which they are entitled along with legal interest, expert witness fees, court costs and all other relief to which petitioners are entitled.

Respectfully submitted:

ROBERT L. MANARD, PLC.

ROBERT L. MANARD, #9076
PAUL E. MAYEAUX, #21750
1100 Poydras Street, Suite 2610
New Orleans, LA 70163-2610
Telephone: (504)585-7777

**PLEASE SERVE:**

PFIZER, INC.
Through their registered agent for service:
C T Corporation System
8550 United Plaza Boulevard
Baton Rouge, LA  70809

JOHN DOE – **PLEASE WITHHOLD SERVICE**

A TRUE COPY
CLERK OF COURT'S OFFICE
NAPOLEONVILLE LA

23rd JUDICIAL DISTRICT COURT FOR THE PARISH OF ASSUMPTION

STATE OF LOUISIANA

NO. 29,107         DIVISION                    DOCKET

ELMENIA JOHNSON, Individually and as Tutor for
CAMERON JOHNSON AND LAURYN JOHNSON

VERSUS

PFIZER, INC.
and JOHN DOE

FILED: __JUL 2 0 2005__         DEPUTY CLERK:_____ /s/ Annada Joseph

### REQUEST FOR NOTICE

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, we hereby request

written notice of the date set for trial of the above numbered and entitled cause, or of the date set

for trial or hearing of any pleadings or motions herein, at least ten (10) days before any trial or

hearing date.

We also request notice of the signing of any final judgment or of the rendition of any

interlocutory order or judgment in said cause as provided by Articles 1913 and 1914 of the

Louisiana Code of Civil Procedure.

Respectfully submitted:


BY: _____

ROBERT L. MANARD #9076
PAUL E. MAYEAUX #21750
A PROFESSIONAL LAW CORPORATION
1100 Poydras Street
Energy Centre, Suite 2610
New Orleans, LA 70163
(504) 585-7777

RECEIVED
U.S. DISTRICT COURT
EAST DISTRICT OF LA

2005 AUG -4  PM 4: 2o

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELMENIA JOHNSON, individually and as Tutor for CAMERON JOHNSON AND LAURYN JOHNSON** | * | **CIVIL ACTION NO.** |
| | * | |
| | * | **05-3688** |
| | * | |
| **Plaintiffs,** | * | **JUDGE** |
| | * | |
| **VERSUS** | * | **SECT. R MAG. 3** |
| | * | |
| | * | **MAGISTRATE** |
| **PFIZER, INC. AND JOHN DOE** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, Pfizer Inc, to submit this Notice of Removal of the above-captioned case, on the following bases:

### 1.

Pfizer Inc bases this removal on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 *et seq.* Removal under 28 U.S.C. §§ 1332, 1441 is appropriate because there is complete diversity of citizenship between plaintiffs and the defendant, and the amount in controversy exceeds $75,000. Pfizer further bases removal on 28 U.S.C. §§ 1331 and 1441 *et seq.* This additional ground for removal is appropriate because this is a civil action "of which the district courts have

original jurisdiction" and it is an action "founded on a claim or right arising under . . . the laws of the United States." 28 U.S.C. § 1441(a)-(h); 28 U.S.C. § 1331.

2.

Removal venue exists in the United States District Court for the Eastern District of Louisiana because the 23rd Judicial District Court, Parish of Assumption, State of Louisiana is within the Eastern District of Louisiana. Pfizer Inc is filing this Notice of Removal within 30 days of receipt of the initial pleading by the defendant, and within one year of the commencement of this action as mandated by 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Accordingly, removal of this action is timely.

3.

On July 20, 2005 plaintiffs, Elmenia Johnson, individually and as Tutor for Cameron Johnson and Lauryn Johnson, filed this action asserting claims against Pfizer Inc in the 23rd Judicial District Court, Assumption Parish, State of Louisiana, in the proceeding entitled *Elmenia Johnson, Individually and as Tutor for Cameron Johnson and Lauryn Johnson*, bearing Docket No. 29,107 on the general civil docket of that court. A copy of the Petition for Damages is attached as Exhibit A to this Notice of Removal.

## Diversity Jurisdiction

4.

Removal of this action is appropriate under the diversity jurisdiction and removal statutes, 28 U.S.C. §§ 1332, 1441 *et seq.* The defendant is diverse from the plaintiffs, and the amount in controversy exceeds $75,000.

**5.**

Plaintiffs assert that they are citizens of Assumption Parish. *See* Exhibit A, ¶ 4. Yashiki Johnson resided in Assumption Parish and her minor children, Cameron and Lauryn, reside and will continue to reside in Assumption Parish. *See* Exhibit A, ¶ 4. Accordingly, at the time plaintiffs commenced this action and at the time of filing this Notice of Removal, plaintiffs are citizens of Louisiana for purposes of removal.

**6.**

Pfizer Inc is a Delaware corporation with its principal place of business in New York. Thus, Pfizer Inc is not a citizen of Louisiana and is diverse from plaintiffs.

**7.**

The Petition For Damages also names "John Doe" who allegedly sold, distributed and marketed the drug Neurontin. Pursuant to 28 U.S.C. §1441(a), the citizenship of a defendant sued under a fictitious name, John Doe, must be disregarded for purposes of this removal.

**Amount in Controversy**

**8.**

Although the Petition for Damages seeks an unspecified amount of compensatory damages, it is facially apparent from the Petition that the amount in controversy between plaintiffs and the defendant exceeds the sum or value of $75,000. Plaintiffs assert wrongful death claims and survival action claims against Pfizer Inc in connection with the death of Yashiki Johnson on August 6, 2004. *See* Petition, ¶ 5. Cameron Johnson and Lauryn Johnson, the minor children of Yashiki Johnson, seek to recover damages for the pre-death pain and suffering of Yashiki Johnson and for the loss of love, support, society and affection in connection with Yashiki Johnson's death. *See* Petition, ¶¶ 11, 12. Based on these allegations,

- 3 -

plaintiffs' demand exceeds the sum or value of $75,000, and the amount in controversy is satisfied. Therefore all requirements are met for removal under 28 U.S.C. §§ 1342, 1441.

### Fraudulent Joinder

**9.**

In the alternative and irrespective of its citizenship, John Doe has been fraudulently joined in this action, therefore its citizenship must be disregarded for purposes of determining diversity jurisdiction. *See, e.g., Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999); *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Removal under the doctrine of fraudulent joinder does not require a showing of fraud. *See Griggs*, 181 F.3d at 699. Rather, a defendant claiming fraudulent joinder need only show that plaintiff cannot establish the alleged cause or causes of action against the non-diverse defendant. *See id.*

### Federal Question

**10.**

In asserting survival and wrongful death claims under Louisiana state law, plaintiffs have made issues involving the FDCA and FDA regulations essential to the resolution of the causes of action.

**11.**

This Court has removal jurisdiction because this is a civil action "of which the district courts have original jurisdiction" and an action "founded on a claim or right arising under the Constitution ... or laws of the United States." 28 U.S.C. § 1441(a),(b); 28 U.S.C. § 1331.

**12.**

Federal question jurisdiction exists because these plaintiffs' claims arise out of Defendants' failure to market Neurontin in accordance with the FDA's permission granted under

- 4 -

the provisions of the Federal Food Drug and Cosmetic Act., 21 U.S.C. § 301 et. seq., and the dissemination of information to physicians.

### 13.

The interpretation of the federal statutes and regulations regarding the promotion of a prescription pharmaceutical drug is a substantial question that is pivotal to the plaintiffs' claims. 21 U.S.C. § 301 *et. seq.*

### 14.

The resolution of plaintiffs' allegations necessarily turns on the construction of federal law, namely whether Defendants violated the FDCA or FDA regulations. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 1463 U.S. 1, 28 (1983) (holding that federal question jurisdiction exists whenever "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"); *City of Chicago v. Int'l Coll. Of Surgeons, Inc.* 522 U.S. 156, 164 (1997) ("[E]ven though state law creates [a party's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires the resolution of a substantial question of federal law." (internal quotation marks omitted)); *Grable & Sons Metal Products, Inc. v. Daure Eng'g & Mfg.*, 125 S.Ct. 2363, 2367 (2005) ("The [substantial federal question] doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."); *see also In re Zyprexa Products Liability Litig.*, 2005 US Dist. Lexis 13204, at *14 (E.D.N.Y. July 1, 2005) (denying remand and finding federal jurisdiction based, in part, on allegations regarding violations of federal law through improper off-label marketing of subject prescription drug).

-5-

Plaintiffs' allegations of wrongful conduct in "knowingly market[ing] Neurontin for the unapproved uses for which it was prescribed to Yashiki Johnson" (Petition ¶ 8) may be deemed wrongful only so far as it runs counter to FDA regulations. The gravamen of the Petition is based on allegations of Defendant's failure to conform its actions to federal law.

### 15.

There is currently a multidistrict litigation ("MDL") proceeding entitled In Re: Neurontin Marketing, Sales Practices, and Products Liability Litigation, MDL No. 1629, that was established by the Judicial Panel on Multidistrict Litigation ("Judicial Panel") for the efficient handling of related cases from all over the country arising out of the same set of operative facts as this action filed by plaintiffs. Defendant intends to notify the Judicial Panel, that this action is a "tag-along" case that should be transferred to the MDL proceeding.

### 16.

Written notice of the filing of this Notice of Removal is being delivered to all parties through their counsel of record. A copy of the Notice To Adverse Parties and State Court will be filed with the Clerk of Court for the 23rd Judicial District Court for the Parish of Assumption, State of Louisiana and is attached as Exhibit B.

WHEREFORE, Pfizer Inc prays that the above entitled state court action, now pending in the 23rd Judicial District Court for the Parish of Assumption, State of Louisiana, be removed to the United States District Court for the Eastern District of Louisiana.

- 6 -

Respectfully submitted,

**HENRI WOLBRETTE, III (LBN 13631)**
**KATHLEEN A. MANNING   (LBN 9101)**
**ANNE L. POINTER (LBN 27607)**
**McGlinchey Stafford, PLLC**
643 Magazine Street
New Orleans, Louisiana   70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
**ATTORNEYS FOR DEFENDANT,**
**PFIZER INC**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all

counsel of record by placing a copy of same in the United States mail, postage prepaid and

properly addressed, this _____ day of August, 2005.

- 7 -

**DIVISION D**

23rd JUDICIAL DISTRICT COURT FOR THE PARISH OF ASSUMPTION

STATE OF LOUISIANA

NO. 29,107          DIVISION                    DOCKET

ELMENIA JOHNSON, Individually and as Tutor for
CAMERON JOHNSON AND LAURYN JOHNSON

VERSUS

PFIZER, INC.
and JOHN DOE

FILED: ___JUL 2 6 2005___        _____
                                          DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Elmenia Johnson, Individually and as the Tutor of Cameron Johnson and Lauryn Johnson, who avers as follows:

1.

Made defendant herein is Pfizer, Inc., upon information and belief, a foreign corporation authorized to do and doing business in the Parish of Assumption, State of Louisiana.

2.

Made defendant herein is John Doe, upon information and belief, a person of the full age of majority and a resident of Louisiana, who at all times pertinent hereto sold, distributed, marketed the drug, Neurontin on behalf of Pfizer, Inc., one of its subsidiaries and/or a predecessor company subsequently purchased by Pfizer, Inc.

3.

Cameron Johnson and Lauryn Johnson are the minor children of Yashiki Johnson.

4.

Venue is appropriate in Assumption Parish under La. C.C.P. Art. 74 because Yashiki Johnson resided in Assumption Parish when she committed suicide and Cameron and Lauryn, her minor children, resided and continue to reside in Assumption Parish since their mother's death. Accordingly, petitioners' damages were sustained in Assumption Parish.



DEFENDANT'S EXHIBIT

5.

Petitioners hereby assert survival action and wrongful death claims against Pfizer, Inc. and John Doe in connection with the death Yashiki Johnson on August 6, 2004.

6.

Prior to her death on August 6, 2004, Yashiki Johnson was prescribed Neurontin for ailments or conditions the treatment of which Neurontin was not approved for by the FDA.

7.

Pfizer, Inc. and John Doe knew or should have known that the sale, distribution and/or marketing of Neurontin for uses not approved by the FDA presented an unreasonable risk that petitioners' mother, Yashiki Johnson would commit suicide while taking the drug for an unapproved use.

8.

Pfizer, Inc., its predecessor-in-interest and/or its subsidiaries knowingly marketed Neurontin for the unapproved uses for which it was prescribed to Yashiki Johnson.

9.

Pfizer, Inc., its predecessor-in-interest and/or its subsidiaries have plead guilty to charges leveed by the FDA in connection with the sale, marketing and/or distribution of Neurontin for uses not approved by the FDA.

10.

The conduct of Pfizer, Inc. and John Doe were the legal causes of Yashiki Johnson's death.

11.

The minor children of Yashiki Johnson, Cameron Johnson and Lauryn Johnson, are entitled to prosecute the survival action claim associated with the pre-death pain and suffering of Yashiki Johnson associated with her taking her own life.

12.

As the minor children of Yashiki Johnson, Cameron Johnson and Lauryn Johnson are entitled to prosecute wrongful death claims for the loss of love, support, society and affection in connection with their mother's death.

WHEREFORE, petitioners request that defendants be duly cited and served with a copy of the Petition and after due proceedings are had, that there be judgment rendered in favor of Elmenia Johnson, as the tutor of Cameron and Lauryn Johnson, for all survival and wrongful death damages to Elmenia Johnnson, as the Legal Tutor of Cameron and Lauryn Johnson, against Pfizer, Inc. and John Doe for all survival action, wrongful death damages to which they are entitled along with legal interest, expert witness fees, court costs and all other relief to which petitioners are entitled.

Respectfully submitted:

ROBERT L. MANARD, PLC.

ROBERT L. MANARD, #9076
PAUL E. MAYEAUX, #21750
1100 Poydras Street, Suite 2610
New Orleans, LA 70163-2610
Telephone: (504)585-7777

PLEASE SERVE:

PFIZER, INC.
Through their registered agent for service:
C T Corporation System
8550 United Plaza Boulevard
Baton Rouge, LA 70809

JOHN DOE – PLEASE WITHHOLD SERVICE

A TRUE CO
CLERK OF COURT
NAPOLEONVILLE, LA

| | | |
|---|---|---|
| ELMENIA JOHNSON, Individually and as | * | 23rd JUDICIAL DISTRICT |
| Tutor for CAMERON JOHNSON AND | * | COURT |
| LAURYN JOHNSON | * | |
| | * | |
| Plaintiffs, | * | PARISH OF ASSUMPTION |
| | * | |
| VERSUS | * | |
| | * | |
| PFIZER, INC. and JOHN DOE | * | STATE OF LOUISIANA |
| | * | |
| Defendants. | * | NO. 29,107 |
| | * | |

*********************************************

### NOTICE TO ADVERSE PARTIES AND STATE COURT

To:    Plaintiffs, Elmenia Johnson, Individually
and as Tutor for Cameron Johnson and
Lauryn Johnson
Through Their Attorney of Record
Robert L. Manard
1100 Poydras Street, Suite 2610
New Orleans, LA 70163
(504) 585-7777

Clerk of Court
Darlene D. Landry
23rd Judicial District Court
Parish of Assumption
4809 Hwy. I
P.O. Box 249
Napoleonville, LA 70390

**NOW INTO COURT**, through undersigned counsel, comes defendant, Pfizer Inc. to

provide notice of the removal of the above-captioned civil action commenced in the 23rd Judicial

District Court for the Parish of Assumption to the United States District Court for the Eastern

District of Louisiana on the 4th day of August 2005. The action will be captioned *"Elmenia

Johnson, Individually and as Tutor for Cameron Johnson and Lauryn Johnson"* on the federal

docket. A copy of the Notice of Removal is attached hereto.



Respectfully submitted,

_____
**HENRI WOLBRETTE, III (LBN 13631)**
**KATHLEEN A. MANNING (LBN 9101)**
**ANNE L. POINTER (LBN 27607)**
McGLINCHEY STAFFORD, PLLC
643 Magazine Street
New Orleans, Louisiana  70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
**ATTORNEYS FOR DEFENDANT, PFIZER**
**INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served

upon all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly

addressed, this _____ day of _____, 2005.

_____

WHEREFORE, petitioners request that defendants be duly cited and served with a copy of the Petition and after due proceedings are had, that there be judgment rendered in favor of Elmenia Johnson, as the tutor of Cameron and Lauryn Johnson, for all survival and wrongful death damages to Elmenia Johnnson, as the Legal Tutor of Cameron and Lauryn Johnson, against Pfizer, Inc. and John Doe for all survival action, wrongful death damages to which they are entitled along with legal interest, expert witness fees, court costs and all other relief to which petitioners are entitled.

Respectfully submitted:

ROBERT L. MANARD, PLC.

ROBERT L. MANARD, #9076
PAUL E. MAYEAUX, #21750
1100 Poydras Street, Suite 2610
New Orleans, LA 70163-2610
Telephone: (504)585-7777

**PLEASE SERVE:**

PFIZER, INC.
Through their registered agent for service:
C T Corporation System
8550 United Plaza Boulevard
Baton Rouge, LA 70809

**JOHN DOE – PLEASE WITHHOLD SERVICE**

A TRUE COPY
CLERK OF COURT'S O
NAPOLEONVILLE, LA
Deborah D. Landry