**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

———————————————————  )
                                                          )
                                                          )
In re:  NEURONTIN MARKETING,           )    MDL DOCKET NO. 1629
SALES PRACTICES, AND PRODUCTS         )
LIABILITY LITIGATION                          )    Master File No.: 1:04-cv-10981-PBS
                                                          )
———————————————————  )    Judge Patti B. Saris
                                                          )    Mag. Judge Leo T. Sorokin
                                                          )
THIS DOCUMENT RELATES TO:            )
ALL MARKETING AND SALES                 )
PRACTICES ACTIONS                            )
                                                          )
———————————————————  )

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' COMPLIANCE WITH CASE MANAGEMENT ORDER NO. 3
AND FOR ORDER CONCERNING CONTENT OF PRIVILEGE LOGS**

On March 18, 2005, Judge Saris issued Case Management Order No. 3 ("CMO No. 3"),

which, among other things, ordered that "[p]rivilege logs shall be provided 14 days after *a*

*production*."  CMO No. 3, § II.F (emphasis added).  Certainly, this clear directive means that the

parties must provide a privilege log *each time* they produce documents.  However, Defendants

have taken the position that a privilege log is not required until *all documents* responsive to a

given document request have been produced.  Because Defendants are in the process of

producing documents on a "rolling" basis over the course of an unknown number of months and

possibly years, Defendants claim that no privilege log is currently due for the millions of pages

of documents they have already produced, and that no log will be due until their rolling

production is completed at some yet-unspecified future date.

In addition to being in direct contravention of CMO No. 3, Defendants' position would

result in a completely unworkable framework, cause needless delays, and likely require

consistent and protracted motion practice.  For the reasons set forth below, Plaintiffs respectfully

request that the Court compel Defendants (i) to comply with CMO No. 3's requirement that a privilege log be provided to Plaintiffs 14 days after *each production* of documents; and (ii) to provide a privilege log within 30 days for documents previously withheld in this litigation and in *Franklin*.[1]

Plaintiffs also ask that at the August 15, 2006 Discovery Hearing, the Court address the required content of privilege logs in this case. Consistent with F.R.C.P 26(b)(5), Plaintiffs propose, at a minimum, that for each document withheld on the basis of privilege, the withholding party identify the date, type, author, recipient, number of pages, title, and a specific explanation of why the document is privileged.

Finally, Plaintiffs request an Order requiring that any party making a production in which no documents have been redacted or withheld on the basis of privilege, provide the other party with a letter indicating that no documents have been redacted or withheld on the basis of any privilege.

## FACTUAL AND PROCEDURAL BACKGROUND

Judge Saris' March 18, 2005, CMO No. 3 orders that "[p]rivilege log*s shall* be provided 14 days after *a production*, and shall provide reasons for each document withheld from production, as well as for each redaction from a document." (emphasis added). This unambiguous language clearly requires the parties to provide privilege logs *each time* they withhold or redact documents on the basis of a claimed privilege as part of a document production.

---

[1] Plaintiffs are filing this motion on the deadline for filing motions for the August 15, 2006, Discovery Hearing in order to preserve their right to raise this issue during that hearing. Plaintiffs alerted the Defendants at the last hearing to their desire to have this issue raised at the August 15 hearing. Defendants have so far been unable to provide a date certain by which privilege logs will be produced. Should Defendants offer an acceptable proposal prior to the hearing, Plaintiffs will withdraw this motion.

The parties have previously produced documents to one another in this litigation, and Defendants continue to produce documents sporadically on a rolling basis. Declaration of Ronald J. Aranoff in Support of Motion to Compel Compliance with Case Management Order No. 3 ("Aranoff Decl."), Exhibit A hereto, ¶ 3. Despite repeated requests both prior to the January 31, 2006 Stay of Discovery in this action and recently, Defendants have been unable to provide Plaintiffs with a date certain by which they will complete this rolling production. Aranoff Decl., ¶ 4. Moreover, in addition to the documents produced since this case was filed, Defendants have referenced the documents they previously produced in *Franklin* as being responsive to Plaintiffs' document requests in the present case. Aranoff Decl., ¶ 5. Similarly, Defendants have taken the position, and the Sales and Marketing Plaintiffs agree, that responsive documents produced by the Defendants in the related personal injury cases can be shared with the Class Plaintiffs and that Pfizer's obligation to produce such documents in this litigation is discharged upon production in the personal injury cases. Thus, not counting the *Franklin* documents, the bulk of documents received by Class Plaintiffs in this litigation to date have been produced through the personal injury plaintiffs.

There can be little doubt that Defendants have withheld documents and/or redacted information on the basis of privilege. For example, Defendants asserted an objection to producing privileged documents in response to each of Plaintiffs' 252 Request for Production of Documents.[2] Aranoff Decl., ¶ 6. In addition, hundreds of pages of documents produced by Defendants thus far in this case bear significant redactions, indicating their withholding of privileged materials. Aranoff Decl., ¶ 6. In some cases, entire documents have been redacted. Aranoff Decl., ¶ 6.

---

[2] In accordance with Discovery Order Number 3, the parties hope to shortly file a joint report that delineates the specific requests for production upon which they cannot come to a consensus so that the Court can rule on each of the requests individually.

Yet no log of any sort has been provided to the Plaintiffs that would explain why materials have been withheld or would allow Plaintiffs to challenge any improper privilege assertion. Aranoff Decl., ¶ 7. Instead, notwithstanding the unambiguous language of CMO No. 3, Defendants assert that even though they began responsive document production more than a year ago, production of a log describing what they have deliberately withheld is premature. Aranoff Decl., ¶ 7. With regard to the *Franklin* documents, which were originally produced three to five years ago by the same counsel who represent the Defendants in this action, Defendants assert that they are still unsure whether any privileged documents were withheld from the *Franklin* production.[3] Aranoff Decl., ¶ 8.

To date, the Sales and Marketing Plaintiffs have not produced a privilege log for the documents they have produced in response to the Defendants' document requests. Aranoff Decl., ¶ 9. In order to remedy this issue, Plaintiffs have committed—consistent with CMO No. 3—to provide Defendants with a privilege log within 14 days of any future document production and that they will provide a privilege log for documents previously withheld within 30 days of the filing of this motion. Aranoff Decl., ¶ 9. Plaintiffs have asked for a mutual commitment from the Defendants. To date, they have been unwilling or unable to do so. Aranoff Decl., ¶ 9.

Defendants have taken the position that CMO No. 3's directive that the parties provide a privilege log "14 days after a production" only requires a privilege log after *all documents* have been produced responsive to a given document request. Aranoff Decl., ¶ 10. Because Defendants are still in the process of producing documents as part of their open-ended, rolling production, Defendants claim that they do not owe Plaintiffs a privilege log for all of the reams of pages they have already produced. Aranoff Decl., ¶ 10. Defendants further claim that they

---

[3] No privilege log was ever provided by Pfizer to the Relator in *Franklin*, and to this day, Plaintiffs have no idea how many documents were withheld from the *Franklin* production on the basis of privilege.

are not required to provide a privilege log for documents produced in the future unless they are

the final documents produced in response to a given document request.[4]  Aranoff Decl., ¶ 11.

Accordingly, Defendants have refused to agree with Plaintiffs upon a date for the exchange of

privilege logs for previously-produced documents (including *Franklin* documents) and will not

commit to providing a privilege log with future installments of their rolling production.  Aranoff

Decl., ¶ 11.

### ARGUMENT

Plaintiffs respectfully request that Defendants be compelled: (i) to comply with CMO No.

3's requirement that a privilege log be provided to Plaintiffs 14 days after *each production* of

documents; and (ii) to provide a privilege log within 30 days for documents previously withheld

in this litigation and in *Franklin*.  If they are allowed to delay production of privilege logs based

on their reading of CMO No. 3, prolonged and unnecessary discovery delays, and the

unnecessary expenditure of significant resources, will result.

Privilege logs insure that litigants do not abuse the narrow exceptions for withholding

relevant documents and that parties receive the complete production of relevant information they

are entitled to receive under the Rules of Civil Procedure.  It is no secret that documents withheld

under an assertion of privilege are frequently the most sensitive documents in the litigation, and

the improper assertion of a privilege, even if such an assertion is not malevolent, deprives the

requesting party of highly relevant material the party is entitled to obtain.

Moreover, at the last status conference the Court acknowledged that the Sales and

Marketing Plaintiffs' plan of assembling and reviewing all relevant paper discovery prior to

---

[4] This position is particularly untenable because Defendants have not specifically categorized documents as being responsive to particular document requests.  They also refuse to commit in advance to a date certain by which they will complete production of documents. Thus, until Defendants have produced every single document they intend to produce in this litigation in response to *all* document requests, they will likely take the position that no privilege log is due.

5

taking depositions was legitimate and appropriate. By delaying the production of a privilege log, and, consequently, the process for obtaining highly relevant documents that were withheld from the original production, Defendants unduly prolong the paper discovery in this action. Moreover, where the Court has set a limited time for the completion of paper and deposition discovery—here the parties only have one year—extending paper discovery by delaying the production of a privilege log severely cuts into the time for conducting deposition discovery.[5] Plaintiffs should not be given the *Hobson's Choice* of conducting depositions before they have had the opportunity to collect and review the most relevant documents or wait months to obtain such documents at the risk of not concluding the depositions they require before the discovery deadline. Such a choice is particularly unfair since CMO No. 3 was created to avoid any undue delays.

Such delays are also prejudicial to the Class Plaintiffs because they limit and potentially eliminate the time necessary to perform follow-up discovery. Even assuming that there were sufficient time left before the fact discovery deadline to successfully challenge specific items in a belated privilege log, once such challenged documents were produced, there would be little or no time remaining to serve additional document requests or subpoenas. Similarly, to the extent that the successfully challenged documents identified new witnesses, there would be little or no time left to notice the additional witnesses and conduct meaningful depositions.

A hypothetical example illustrates why the Class Plaintiffs cannot agree with the Defendants' interpretation of CMO No. 3. Suppose that Defendants produced 1,900,000 pages

---

[5] Even if CMO No. 3 was followed to the letter and privilege logs were produced within fourteen days of initial production, between reviewing the logs, meeting and conferring with the opposite side, briefing motions and getting them placed on the Court's calendar, it realistically takes two months from the date of production to get a ruling on an assertion of privilege, probably longer. Obviously, if the log is not produced until the conclusion of the rolling production, the time it takes to get a ruling on the completeness of the production could easily take the bulk of the discovery period.

of a total of 2 million pages of responsive, non-privileged documents over the next six months,

and set aside 100,000 pages of documents for an unspecified period of time, earmarking those

documents for "additional review." Under Defendants' reading of CMO No. 3, they would not

be required to identify documents they had deliberately withheld from production because

production was not complete. They could stall production of these 100,000 pages for months in

order to avoid providing a privilege log. In the meantime, Plaintiffs would have no way of

knowing what Defendants had refused to produce on the basis of privilege, and thus Plaintiffs

could not challenge any asserted privilege until the final page was produced. When, months

from now, the Defendants finally produced a privilege log the Plaintiffs would only have a few

months left to challenge any items in the privilege log, and almost no time to conduct additional

discovery relating to the fruits of any successful challenges.

This needless delay can be avoided if Defendants simply comply with CMO No. 3 and

provide privilege logs as they produce documents on a rolling basis.[6] If the parties rectify their

previous failure to provide privilege logs and adhere to CMO No. 3's 14-day requirement on a

going-forward basis, the parties will be able to review and, if necessary challenge, each others'

claims of privilege on a continuing basis. This approach will facilitate prompt resolution of

disputed claims of privilege and avoid the potential for abusive discovery practices such as those

described in the above hypothetical.[7]

---

[6] As a corollary to this request, Plaintiffs think it advisable that if the parties produce documents from which no privileged materials have been withheld, they be required to provide written confirmation that no privileged documents have been withheld and thus no privilege log is necessary with respect to that particular production.

[7] If, in the alternative, Defendants will commit to complete their entire production of documents by a date certain in the near future, this issue will be moot, as a privilege log would be due under either party's reading of CMO No. 3.

## **FORMAT OF THE REQUESTED PRIVILEGE LOG**

In order to avoid unnecessary disputes regarding the content of any privilege logs in this case, Plaintiffs request that at the August 15, 2006 Discovery Hearing, the Court and parties discuss form and content of privilege logs in this case. F.R.C.P. 26(b)(5) requires that when a party withholds privileged or trial preparation materials, they "shall make the claim expressly and shall describe the nature of the documents … not produced in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Accordingly, privilege logs routinely include, at a minimum, the date, type, author, recipient, number of pages, and a specific explanation of why the document is privileged. *See, e.g., Gloves, Inc. v. Berger*, 198 F.R.D. 6, 7 (D. Mass 2000); *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992) (privilege log should provide "a specific explanation of why the document is privileged"). At a minimum the parties should be required to provide this information for each withheld document.

Additionally, Plaintiffs propose that each side also include in their logs the title of the withheld document (or the "Re:" line in the case of correspondence and e-mail). This will allow the parties to have some idea of the relevance of the document to the critical issues in the case. This information will allow parties to forego challenging a document where the privilege assertion appears suspect, but the document is only tangential to the issues that concern a party. In the case of redactions, the log should also contain the bates stamp of the document so all parties can definitively identify the specific document at issue.

**CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Court:

1.      Order Defendants to comply with CMO No. 3's requirement that a privilege log be provided to Plaintiffs 14 days after *each production* of documents;

2.      Order Defendants to provide a privilege log within 30 days for documents previously withheld or redacted in this litigation, including any documents withheld in the *Franklin* litigation, as well as any documents which the Defendants have produced to the personal injury plaintiffs with the understanding that they would be provided to the Class Plaintiffs;

3.      Require that for each document withheld or redacted on the basis of privilege, the withholding party identify the date, type, title, author, recipient, number of pages, a specific explanation of why the document is privileged, and in the case of redacted documents, the bates number(s) of the page(s) that have been redacted; and

4.      Order that any party making a production in which no documents have been redacted or withheld on the basis of privilege, provide the other party with a letter indicating that no documents have been redacted or withheld on the basis of any privilege.


Dated:  July 27, 2006                          Respectfully Submitted,

                                               By:     **/s/ Thomas M. Sobol**
                                                       Thomas M. Sobol
                                                       Hagens Berman Sobol Shapiro LLP
                                                       One Main Street, 4th Floor
                                                       Cambridge, MA 02142

                                                       *Plaintiffs' Liaison Counsel and Member of*
                                                       *the Class Plaintiffs' Steering Committee*

By:    **/s/Barry Himmelstein**
Barry Himmelstein, Esquire
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By:    **/s/Don Barrett**
Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By:    **/s/Daniel Becnel, Jr.**
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By:    **/s/James Dugan**
James R. Dugan, II, Esquire
Dugan & Browne, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

By:    **/s/Thomas Greene**
Thomas Greene, Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

*Members of the Class Plaintiffs'*
*Steering Committee*

By:    **/s/Richard Cohen**
Richard Cohen, Esquire
Lowey Dannenberg Bemporad
& Selinger, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY 10601

10

By:    **/s/Linda P. Nussbaum**
Linda P. Nussbaum, Esquire
Cohen Milstein Hausfeld & Toll
150 East 52nd Street
Thirteenth Floor
New York, NY 10022

*Members of the Plaintiffs' Non-Class*
*Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on July 27, 2006.

/s/Edward Notargiacomo

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

————————————————— )
)
In re: NEURONTIN MARKETING, )    MDL DOCKET NO. 1629
SALES PRACTICES, AND PRODUCTS )
LIABILITY LITIGATION )    Master File No.: 1:04-cv-10981-PBS
)
————————————————— )    Judge Patti B. Saris
)    Mag. Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: )
ALL MARKETING AND SALES )
PRACTICES ACTIONS )
)

**DECLARATION OF RONALD J. ARANOFF
IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' COMPLIANCE WITH CASE MANAGEMENT ORDER
NO. 3 AND FOR ORDER CONCERNING CONTENT OF PRIVILEGE LOGS**

Comes now the undersigned declarant, Ronald J. Aranoff, who deposes and states as follows:

1.      I am of counsel at the New York law firm of Bernstein Liebhard & Lifshitz, LLP, and am an attorney of record for the Plaintiffs in this action.

2.      I have personal knowledge regarding the matters stated below and would testify to the same.

3.      The parties have previously produced documents to one another in this litigation, and Defendants continue to produce documents sporadically on a rolling basis.

4.      Despite repeated requests both prior to the January 31, 2006 Stay of Discovery in this action and recently, Defendants have been unable to provide Plaintiffs with a date certain by which they will complete this rolling production.

5.      In addition to the documents produced since this case was filed, Defendants have referenced the documents they previously produced in *Franklin* as being responsive to Plaintiffs'

document requests in the present case.  Similarly, Defendants have taken the position, and the

Sales and Marketing Plaintiffs agree, that responsive documents produced by the Defendants in

the related personal injury cases can be shared with the Class Plaintiffs and that Pfizer's

obligation to produce such documents in this litigation is discharged upon production in the

personal injury cases.

6.      Defendants asserted an objection to producing privileged documents in response

to each of Plaintiffs' 252 Request for Production of Documents.  In addition, hundreds of pages

of documents produced by Defendants thus far in this case bear significant redactions, indicating

their withholding of privileged materials.  In some cases, entire documents have been redacted.

7.      Defendants have not provided Plaintiffs with a log of any sort that would explain

why materials have been withheld or would allow Plaintiffs to challenge any improper privilege

assertion.  Instead, Defendants assert that even though they began responsive document

production more than a year ago, production of a log describing what they have deliberately

withheld is premature.

8.      With regard to the *Franklin* documents, which were originally produced three to

five years ago by the same counsel who represent the Defendants in this action, Defendants

assert that they are still unsure whether any privileged documents were withheld from the

*Franklin* production.

9.      To date, the Sales and Marketing Plaintiffs have not produced a privilege log for

the documents they have produced in response to the Defendants' document requests.  In order

to remedy this issue, Plaintiffs have committed to provide Defendants with a privilege log within

14 days of any future document production and that they will provide a privilege log for

documents previously withheld within 30 days of the filing of this motion.  Plaintiffs have asked

2

for a mutual commitment from the Defendants. To date, they have been unwilling or unable to do so.

10.     Defendants have taken the position that CMO No. 3's directive that the parties provide a privilege log "14 days after a production" only requires a privilege log after *all documents* have been produced responsive to a given document request. Because Defendants are still in the process of producing documents as part of their open-ended, rolling production, Defendants claim that they do not owe Plaintiffs a privilege log for all of the reams of pages they have already produced.

11.     Defendants further claim that they are not required to provide a privilege log for documents produced in the future unless they are the final documents produced in response to a given document request. Accordingly, Defendants have refused to agree with Plaintiffs upon a date for the exchange of privilege logs for previously-produced documents (including *Franklin* documents) and will not commit to providing a privilege log with future installments of their rolling production.

I declare under penalty of perjury that the foregoing representations are true and accurate to the best of my personal knowledge and belief.

July 27, 2006                                                        s/ Ronald A. Aranoff
Dated                                                                  Ronald A. Aranoff

3