prescription drugs is between manufacturers such as Warner-Lambert and HBPs; and (2) that Warner-Lambert deceptively marketed Rezulin to HBPs and that HBPs paid $1.4 billion to purchase Rezulin, the HBPs have stated a claim for unjust enrichment.[6] *See In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d at 668-671 (denying Rule 12(b)(6) motion to dismiss HPB unjust enrichment claims against pharmaceutical manufacturers seeking restitution of revenue received as a result of overpayments for Cardizem CD).

### 3. The HBPs Adequately Pleaded "Ascertainable Loss," Not "Proximate Cause" For Their Claim Under The New Jersey Consumer Fraud Act.

The Complaint adequately pleads facts sufficient to state a claim under the necessary elements for recovery under the New Jersey Consumer Fraud Act (the "Act"). Specifically, Section 56:8-2 of the Act, N.J.S.A. § 56:8-1 *et seq.*, provides:

---

[6] The Court in *Laborers Local 17* did not have unjust enrichment claims before it. 191 F.3d at 233. The unjust enrichment claims asserted by the funds were dismissed previously for a reason not applicable here - the claimed benefit (payments made to health services providers such as doctors and hospitals) did not enrich the tobacco companies. *Laborers Local 17 v. Philip Morris, Inc.*, 7 F. Supp. 2d 277, 294 (S.D.N.Y. 1998). As a result, no benefit was conferred upon the defendant which in equity could be disgorged. Here, HBPs allege that without HBP payment for Rezulin, Warner-Lambert would not have received nearly $2.1 billion in Rezulin revenue from 1997 to 2000. [A-44].

-22-

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale ... or with the subsequent performance of such person as aforesaid, whether or not any person in fact has been misled, deceived or damaged thereby, is declared to be an unlawful practice.

To recover under the Act, plaintiffs must show that they have suffered an "ascertainable loss" as a result of the use of an "unlawful practice" as defined in the legislation. *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 17, 647 A.2d 454, 461-2 (1994). Contractual privity is not required. *Perth Amboy Iron Works, Inc. v. Am. Home Assurance Co.*, 226 N.J. Super. 200, 211, 543 A.2d 1020, 1026 (App. Div. 1988), *aff'd*, 118 N.J. 249, 571 A.2d 294 (1990) (the Consumer Fraud Act encompasses "the acts of remote suppliers ... whose products are passed on to a buyer and whose representations are made to or intended to be conveyed to the buyer").

By dismissing the HPBs' action with prejudice for failure to plead facts sufficient to establish proximate causation, the District court implicitly concluded -- without hearing any evidence -- that HBPs did not suffer an "ascertainable loss." This contradicts the clear allegations set forth in the complaint. Specifically, the complaint alleges that:

- "[HBPs] were compelled to pay for their plan participants' use of Rezulin between February 1997 through March 2000, because of the

-23-

    effectiveness of Warner-Lambert's deceptive, but successful, marketing of the drug . . . [HBPs] paid approximately $1,400,000,000 over 38 months for a drug that was unsafe. [A-46];

- "HBPs, directly or indirectly through contractual pharmacy benefit managers ("PBMs") keep extensive and detailed data on their pharmaceutical purchases" [A-48]; and

- "[V]irtually no HBP would knowingly support a plan member's use of a prescription drug which it believes is unacceptably dangerous to the health of a member." [A-48].

The Complaint thus states a claim for damages and/or equitable relief under the New Jersey Consumer Fraud Act.

  **C. The District Court Presumed Facts That Contradicted Those Pleaded in the Complaint.**

  The standard on a Rule 12(b)(6) motion is that dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, __, 122 S. Ct. 992, 998 (2002). The district court must accept as true all facts pleaded in the Complaint. *United States v. Gaubert*, 499 U.S. 315, 327 (1991).

  The district court persistently substituted its own version of the facts for the factual allegations of the Complaint. The district court assumed that: (1) it was "common ground" that Rezulin was safe and effective and benefitted most users; (2) HBPs are merely "indemnitors," and not purchasers of Rezulin; and (3) any damages

-24-

HBPs suffered were "passed on" to non-parties. [A-89-90]. The district court necessarily relied upon these substitute facts to justify the draconian sanction of dismissal with prejudice under Fed. R. Civ. P. 12(b)(6). This constitutes reversible error.

## CONCLUSION

For the foregoing reasons, the district court's decision to grant the motion to dismiss should be reversed, and the case remanded for further proceedings.

                LOWEY DANNENBERG BEMPORAD
                & SELINGER, P.C.

BY: _____
       Stephen Lowey
       Richard W. Cohen
       Peter D. St. Phillip, Jr.
       One North Lexington Avenue,
       White Plains, NY 10601-1714
       Telephone: (914) 997-0500
       Facsimile: (914) 997-0035
       E-mail: pstphillip@ldbs.com

*Attorneys for Plaintiffs*
*Eastern States Health & Welfare Fund and*
*Louisiana Health Service Indemnity*
*Company, d/b/a Blue Cross/Blue Shield*
*of Louisiana*

RAWLINGS & ASSOCIATES
Mark D. Fischer, Esq
Mark M. Sandmann, Esq
1700 Waterfront Plaza
325 West Main Street
Louisville, KY  40201-7427
(502) 587-1279

*Attorneys for Plaintiff Louisiana Health Service Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana*

N.J. STAT. § 56:8-200i00i' printed in FULL format.

NEW JERSEY STATUTES
Copyright (c) 2002 by Matthew Bender & Company, Inc.,
a member of the LexisNexis Group.
All rights reserved.

\*\*\* THIS SECTION IS CURRENT THROUGH P.A. 2001, CHAPTER 457 \*\*\*
\*\*\* NEW JERSEY 209TH LEGISLATURE, SECOND ANNUAL SESSION (2001) \*\*\*

TITLE 56.  TRADE NAMES, TRADE-MARKS AND UNFAIR TRADE PRACTICES
CHAPTER 8.  FRAUDS, ETC., IN SALES OR ADVERTISEMENTS OR MERCHANDISE

N.J. Stat. § 56:8-2   (2001)

§ 56:8-2. Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice

   The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser.