UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- x
:
In re:  NEURONTIN MARKETING, SALES PRACTICES,  :
AND PRODUCTS LIABILITY LITIGATION  :
: MDL Docket No. 1629
---------------------------------------------------------------- x
: Master File No. 04-10981
THIS DOCUMENT RELATES TO:  :
: Judge Patti B. Saris
---------------------------------------------------------------- x
: Magistrate Judge Leo T.
HARDEN MANUFACTURING CORPORATION;  : Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,  :
dba BLUECROSS/BLUESHIELD OF LOUISIANA;  :
INTERNATIONAL UNION OF OPERATING ENGINEERS,  :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL  :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and  :
LORRAINE KOPA, on behalf of themselves and all others  :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT  :
COMPANY.  :
:
---------------------------------------------------------------- x
:
THE GUARDIAN LIFE INSURANCE COMPANY OF  :
AMERICA v. PFIZER INC. and  :
:
AETNA, INC. v. PFIZER INC.  :
:
---------------------------------------------------------------- x

**DECLARATION OF PATRICK J. MURRAY**

PATRICK J. MURRAY declares upon penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1.   I am an attorney associated with the law firm Davis Polk & Wardwell, counsel for Defendants Pfizer Inc. and Warner-Lambert Company in this action.

2.   I submit this declaration in support of Defendants' Motion To Compel Discovery from Plaintiffs, filed July 27, 2006.

3. I have personal knowledge of the matters stated herein.

4. I have been involved in the process of obtaining discovery materials from plaintiffs.[1] During that process, I have participated in multiple meet-and-confer sessions with plaintiffs' counsel. I or my colleagues have reviewed the plaintiffs' productions and have discussed numerous issues regarding the adequacy, completeness, and scope of these productions with plaintiffs' counsel. We have repeatedly contacted plaintiffs' counsel by letter, telephone, and email, in attempts to resolve outstanding issues and to expedite the production schedule.

5. During these meet-and-confer sessions, coordinated plaintiffs Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc. (together, "Kaiser") have refused to conduct a thorough search for responsive documents in regions outside of California, even though their claims are not limited to Kaiser's business in California. Counsel for Kaiser has stated that, outside of California, Kaiser will neither search any of its facilities nor speak with any of its employees, except for Continuing Medical Education Coordinators.

6. Kaiser has also refused to produce documents from all but a few of its physicians who it claims were defrauded despite seeking recovery for all off-label Neurontin prescriptions by these physicians. Kaiser has instead unilaterally limited its production to its physicians who Kaiser asserts may have been high Neurontin prescribers or showed "strong interest" in Neurontin. During a teleconference on August 16, 2005, Kaiser's counsel stated that she was not

---

[1] The class plaintiffs are two individuals, Gerald Smith and Lorraine Kopa, and four third-party payors, Harden Manufacturing Corporation, Louisiana Health Services Indemnity Company, International Union of Operating Engineers, Local No. 68 Welfare Fund, and ASEA/AFSCME Local 52 Health Benefits Trust. The coordinated plaintiffs are four third-party payors, The Guardian Life Insurance Company of America, Aetna, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan, Inc.

aware of any systematic way in which these physician providers were being selected and that the collection was being performed by Kaiser's in-house counsel.

7. Attached at Exhibit 1 is a true and correct copy of Defendants' First Request for Production of Document to Plaintiff Louisiana Health Service Indemnity Company dba BlueCross/BlueShield of Louisiana.

8. Attached at Exhibit 2 is a true and correct copy of Defendants' Second Request for Production of Document to Plaintiff Louisiana Health Service Indemnity Company dba BlueCross/BlueShield of Louisiana.

9. Attached at Exhibit 3 is a true and correct copy of a letter from Ronald Aranoff, Esq. to James Murray, Esq., dated July 6, 2005.

10. Attached at Exhibit 4 are true and correct copies of documents produced by Dr. Carl Bazil, bates stamped BAZIL 0000024-34 and BAZIL 0000042-62.

11. Attached at Exhibit 5 are true and correct copies of documents produced by Kaiser, bates stamped KAIS-001063, KAIS-001231, and KAIS-001233.

12. Attached at Exhibit 6 is a true and correct copy of Defendants' First Request for Production of Documents to Plaintiff Lorraine Kopa.

13. Attached at Exhibit 7 is a true and correct copy of Defendants' First Set of Interrogatories to Plaintiff Lorraine Kopa.

14. Attached at Exhibit 8 is a true and correct copy of an email from Eric S. Pavlack, Esq. to Patrick J. Murray, Esq., dated October 4, 2005.

15. Attached at Exhibit 9 are true and correct copies of medical records produced by plaintiff Gerald Smith, stamped Smith_0000113; Smith_0000025; Smith_0000013-15; and Smith_0000063-64.

16. Attached at Exhibit 10 is a true and correct copy of Defendants' First Request for Production of Documents to Plaintiff ASEA/AFSCME Local 52 Health Benefits Trust.

17. Attached at Exhibit 11 is a true and correct copy of an email from Nancy Pacharzina, Esq. to Reema S. Abdelhamid, Esq., dated September 12, 2005.

18. Attached at Exhibit 12 is a true and correct copy of Kaiser Permanente's webpage, located at http://prospectivemembers.kaiserpermanente.org/kpweb/structurekp/entrypage.do.

Dated: New York, New York
      July 27, 2006

_____
Patrick J. Murray