# EXHIBIT 2

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CLASS ACTIONS | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris |

**DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF LOUISIANA HEALTH SERVICE INDEMNITY COMPANY dba BLUECROSS/BLUESHIELD OF LOUISIANA**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Pfizer Inc. and Warner-Lambert Company hereby demand that in accordance with the Definitions and Instructions set forth below, Plaintiff Louisiana Health Service Indemnity Company dba BlueCross/BlueShield of Louisiana produce all documents requested herein for inspection and copying at the offices of Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, within thirty (30) days of the date of service hereof.

**DEFINITIONS**

1. The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference. Additionally, the following definitions apply.

2. "Plaintiff" or "Louisiana Health" shall mean Louisiana Health Service Indemnity Company dba BlueCross/BlueShield of Louisiana and any of its past or present trustees, officials, officers, fiduciaries, representatives, assigns, employees,

divisions, departments, directors, executives, predecessors or successors in interest, offices, subsidiaries, and affiliates.

3. "You" or "your" means Louisiana Health Service Indemnity Company dba Blue Cross/Blue Shield of Louisiana.

4. The term "covered person" shall mean a person for whom Plaintiff provides health care benefits, health insurance coverage, and/or prescription drug benefits, including any covered dependents or household members of such persons.

5. The term "provider" shall mean any physician, hospital, medical or health professional, pharmacy, or other person or entity that provides medical care.

6. The term "medical record" shall mean a provider's chronological account of the pertinent facts, findings, and observations about an individual's health history, including past and present illnesses, examinations, tests, treatments, and outcomes. This term includes the documentation for each encounter with a provider, including (a) the reason for the encounter and relevant history; (b) physical examination findings; (c) prior diagnostic test results; (d) assessment, clinical impression, or diagnosis; (e) the plan for care; (f) the date of the encounter; and (g) the identity of the provider. Consistent with American Medical Association ("AMA") and Centers for Medicare and Medicaid Services ("CMS") guidelines, the medical record should include the rationale for ordering diagnostic and other ancillary services. This term also includes (i) any past and present diagnoses; (ii) any discussion of appropriate health risk factors; (iii) the patient's progress of, response to, and changes in treatment; and (iv) any revision of the diagnosis.

7. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

8. "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, and includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence.

## INSTRUCTIONS

1. The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

2. This request is intended to cover all documents in your possession or subject to your custody or control. This request is also intended to cover any and all documents you are authorized to retrieve.

3. Each request for a document contemplates production of the document in its entirety, without abbreviation or expurgation.

4. If any requested documents cannot be produced in full, produce them to the extent possible, specifying each reason for your inability to produce the remainder thereof and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

5. If any document is no longer in your possession, custody, or control and cannot be retrieved by you, identify the document in detail and state with specificity the location(s) of the document.

6. This request is of continuing effect, and to the extent that any time after the production of documents called for by this request, you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

7. If Plaintiff knows of information responsive to any of these requests that is in the custody, possession or control of a third person, identify the information and the person(s) possessing it.

8. If Plaintiff claims that any document to be produced is privileged or constitutes attorneys' work product, Plaintiff is requested to submit a written statement that describes the nature of the documents not produced as required under the Federal Rules of Civil Procedure.

9. In the event that any information is redacted from a document produced pursuant to this Document Request, that information is to be identified and the basis upon which such information is redacted should be fully stated.

10. Documents shall be produced as they are or have been kept in the ordinary course, including the original file folder and label or other similar identification devices, or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.

11. To the extent that you view any document request as vague or imprecise, counsel for Defendants offer to confer with counsel for Plaintiff as to the intended scope of such document request.

12. The relevant time period for this request shall be from December 1, 1993 to the present.

## DOCUMENT REQUESTS

Request No. 1

All medical records from the prescribing provider for each of Plaintiff's covered persons who were prescribed Neurontin for an off-label use for which Plaintiff claims damages.

Dated: November 15, 2005        PFIZER INC., et uno,

By their attorneys,

_____
James P. Rouhandeh
James E. Murray
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing document was served on plaintiffs' liaison counsel and counsel for the relevant party by mail and email this 15th day of November 2005.

                                                          _____
                                                               Patrick J. Murray

# EXHIBIT 3

## BERNSTEIN LIEBHARD & LIFSHITZ, LLP
ATTORNEYS AT LAW
10 EAST 40TH STREET
NEW YORK, NEW YORK 10016

(212) 779-1414

FAX: (212) 779-3218

www.bernlieb.com

STANLEY D. BERNSTEIN
SANDY A. LIEBHARD
MEL E. LIFSHITZ
KEITH M. FLEISCHMAN
JEFFREY M. HABER
ROBERT J. BERG*
FRANCIS P. KARAM▼
REBECCA M. KATZ
U. SETH OTTENSOSER

SENIOR COUNSEL
WILLIAM A. K. TITELMAN▲

OF COUNSEL
TIMOTHY J. MACFALL
MARK T. MILLKEY

ABRAHAM I. KATSMAN*
MICHAEL S. EGAN*
MARY U. HOOVER
ANNE W. SALISBURY
FELECIA L. STERN
RONALD J. ARANOFF
DANIELLE MAZZINI-DALY
BRIAN S. COHEN
GREGORY M. EGLESTON
JOSEPH R. SEIDMAN, JR.
ALDEN W. VEDDER
MICHAEL S. BIGIN
STEPHANIE M. BEIGE
ANDREA H. WILLIAMS*
JESSICA L. FRANCISCO
THERESA A. VITELLO***
BRETT M. LOGAN
RUSSELL M. IGER

*ALSO ADMITTED IN NJ
▼ALSO ADMITTED IN PA
▲ADMITTED ONLY IN PA
***ADMITTED ONLY IN NJ & PA

July 6, 2005

**BY HAND**

James Murray, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

  Re: *In Re Neurontin Marketing and Sales Practices Litigation*
     *MDL No. 1629*

Dear Jim:

  I am writing to follow up on some of the issues that were raised at the June 29, 2005 meet and confer in the above-referenced matter.

  First, with respect to documents unrelated to Neurontin, the Third Party Payor Plaintiffs ("TPPs") will not produce such documents. Individual Plaintiffs will produce documents unrelated to Neurontin to the extent they have documents that relate to a chronic or pre-existing medical condition for which the individual was prescribed Neurontin.

  Second, with respect to time period, the TPPs will not produce documents created prior to January 1, 1994. TPPs will produce, however, responsive, relevant documents through the present. Individual Plaintiffs will produce pre-1994 documents to the extent they have documents that relate to a chronic or pre-existing medical condition for which the individual was prescribed Neurontin. Individual Plaintiffs will also produce responsive, relevant documents through the present.

  Third, with respect to the Plaintiffs' confidentiality objections, we confirm that Plaintiffs have not withheld any documents solely on the basis of confidentiality.

  Fourth, with respect to the Plaintiffs' objections on the grounds that responsive documents are already in Defendants' possession, custody or control, Plaintiffs will not produce any documents that were produced by the Defendants in the *Franklin Qui Tam* action. Plaintiffs

BERNSTEIN LIEBHARD & LIFSHITZ, LLP

James Murray, Esq.
July 6, 2005
Page 2 of 2

will agree to a mutual exchange of documents that were produced or received pursuant to third party subpoenas served by any party in *Franklin*. Subject to these limitations, Plaintiffs will not withhold any other responsive, relevant documents solely on the grounds that such documents are already in Defendants' possession, custody or control.

Fifth, with respect to Plaintiffs' objections that Defendants' contention requests and requests for documents and information relating to experts are premature, we are willing to discuss a mutual exchange date for expert discovery. For now, however, Plaintiffs have not withheld any responsive, relevant documents solely on the basis that Defendants' requests are premature.

Sixth, Plaintiffs confirm that they are not withholding any responsive, relevant documents solely on the basis that such documents are in electronic form. To the extent that it takes longer to find such documents and/or convert them into a readable format, Plaintiffs will continue to produce electronic documents on a rolling basis.

Seventh, we are in receipt of Patrick Murray's email from yesterday insisting that we provide medical authorizations for the end-payor Plaintiffs. Please be advised that Plaintiffs will not voluntarily provide medical authorizations in this matter.

Finally, I am mindful that issues raised at the June 29th meet and confer are not addressed in this letter. Plaintiffs' counsel are in the process of conferring with each other and our respective clients. Depending on the availability of our clients, we hope to respond to the other open issues from the June 29th meet and confer by July 13, 2005.

Very truly yours,

Ronald J. Aranoff