# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

--------------------------------------------------)
                                                  )
                                                  )    MDL Docket No. 1629
IN RE NEURONTIN MARKETING                         )
SALES PRACTICES AND PRODUCTS                      )
LIABILITY LITIGATION                              )    Judge Patti B. Saris
                                                  )    Magistrate Judge Leo T. Sorokin
--------------------------------------------------)
                                                  )
THIS DOCUMENT RELATES TO:                         )
                                                  )
PRODUCTS LIABILITY LITIGATION                     )    Civil Action No. 04-10981
                                                  )
--------------------------------------------------)

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PRODUCT LIABILITY PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendants Pfizer Inc. ("Pfizer"), Parke-Davis, Warner-Lambert Company, and Warner-Lambert Company LLC (collectively, "Defendants"), by their undersigned counsel, hereby respond and object to Plaintiff's Request for Production of Documents and Things (hereinafter "the Request"), dated July 1, 2006, in the above-captioned matter. Defendants reserve the right to make additional objections and to supplement their responses as may be deemed appropriate.

Defendants, through their counsel, are ready and willing to meet and confer with plaintiffs' counsel regarding defendants' objections to the Request and the scope of the individual requests contained therein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Defendants object to the definition of "Defendants" to the extent it includes any "predecessors or successors in interest, divisions, officers, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf" on the grounds that the definition is overly

1

broad, unduly burdensome, and includes entities over which Defendants had or have no control or relationship.

     2.     Defendants object to the definition of "Document" to the extent it includes "any reduction to tangible form, whether written, recorded, taped, filmed, videotaped or in computer, digital or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts and non-identical copies, wherever located" and insofar as it includes, "but [is not] limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, telecopies, facsimile reproductions, or 'faxes,' factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions," as overly broad, unduly burdensome, vague, and ambiguous. Defendants further objection to the definition of "Document" to the extent it includes "all Documents in the possession, custody or control of the Defendants herein, or that of their attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared or signed the Documents" insofar as it includes entities over which Defendants had or have no control or relationship.

     3.     Defendants object to plaintiffs' Request to the extent it contains requests that are "unlimited in temporal scope" on the grounds that such requests are overly broad and unduly burdensome.

4.    Defendants object to the definition of "internal" to the extent it includes "communications by and between employees, agents or representatives of Defendants" on the grounds that the definition is overly broad, unduly burdensome, vague, ambiguous, and includes entities over which Defendants had or have no control or relationship.

## OBJECTIONS PERTAINING TO ALL REQUESTS ("GENERAL OBJECTIONS")

1.    Defendants object to the Request on the grounds that it is overly broad and would impose extraordinary burden on defendants if required to respond to the Request as written. In addition, many of the requests overlap with and are duplicative of other discovery requests.

2.    Defendants object to the Request to the extent it calls for the production of documents protected from disclosure by various privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity. To the extent that such documents are inadvertently produced in response to the document requests, the production of such documents shall not constitute a waiver of defendants' right to assert the applicability of any privilege or immunity to the documents, and any such document will be subject to return on demand.

3.    Defendants object to the Request to the extent it seeks "all" documents that relate to the information sought in the particular request, on the grounds that such a request fails to describe the documents with reasonable particularity and are overly broad and burdensome.

4.    Defendants object to the Request to the extent it calls for documents that are not within defendants' possession, custody or control, or are more appropriately sought from third parties, or are publicly available. Defendants object to the Request to the extent it seeks documents that are already in plaintiff's possession, custody, or control, or are equally available to plaintiff.

3

5.      Defendants object to the Request to the extent it calls for the production of proprietary, commercially sensitive, or other confidential documents, the probative value of which is outweighed by defendants' interest in preserving their confidentiality.

6.      Any use of the Definitions contained in the Request or the individual requests by defendants for the purposes of responding to the Request does not constitute a waiver of any objection.

7.      Any statement by defendants to the effect that it will produce documents responsive to any individual request should not be construed to mean that any responsive documents exist. Defendants do not concede that any of the information provided in response to these requests is relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence. Defendants reserve the right to object to the admissibility at trial of any of the information provided in response to the Request.

8.      Defendants object to the Request to the extent it calls for the production of documents which are neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

9.      Defendants object to the Request to the extent it seeks documents regarding products other than Neurontin. As such, the requests are overly broad, unduly burdensome and seek documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Defendants will only produce documents or information regarding Neurontin.

10.     Defendants object to the Request to the extent that it seeks documents from a time period that is overly broad.

11.     Defendants object to the Request to the extent it is vague, ambiguous, and/or incomprehensible, requiring defendants to engage in conjecture as to the meaning of a request.

4

12.     In providing these responses, defendants specifically do not intend to stipulate to the admissibility of any statement or subject matter contained or referred to in any request or response. Rather, defendants expressly reserve and do not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.

13.     Defendants object to the Request to the extent that it seeks to impose discovery obligations on defendants broader than, or inconsistent with the applicable rules.

14.     All General Objections apply to each individual request without reiteration in the response thereto. Reference to a General Objection in a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any request.

15.     Defendants object to providing documents pursuant to overly broad requests that seek unrelated documents, and on a schedule 30 days from July 1, 2006. Defendants will respond to appropriate document requests on a mutually agreeable schedule.

## DOCUMENT REQUESTS

### REQUEST NO. 1

1.  Produce the custodial files of the following individuals, to include all documents pertaining to the safety, efficacy, sales and marketing of Neurontin (including emails and electronic communications) authored by, created by, edited by, received by, reviewed, read, or copied on by the following individuals:

    Attias-Yon, Elizabeth
    Batesko, Susan
    Blanckmeister, Carolyn
    Brody, Bob
    Brown, Judy
    Campbell, Michael
    Crespo, Angela
    Dickens, Annette
    Doft Suzanne
    Fannon, Allison
    Fogleman, LeeAnne

5

Gasparella, Doreen
Glanzman, Robert
Gracon, Stephen
Hauben, Manfred
Holley, Preston
Hylan, Tim
Johansen, Joel
Kerrick-Walker, Jill
Marino, John
Magnus-Miller, Leslie
Pacella, Chris
Panek, Diana
Parsons, Bruce
Patel, Manini
Perlow, Larry
Pomerantz, Steve
Pritts, Jill
Probert, David
Reich, Lester
Rocchi, John
Sigmund, William
Teicher, Martin
Vega, Adrian
Williams, Barbara
Womer, Dan
Yoder, Meg

## RESPONSE

In addition to the General Objections, defendants object to Request No. 1 on the ground that it is overly broad and unduly burdensome, including insofar as it requests "the custodial files . . . to include all documents pertaining to the safety, efficacy, sales and marketing of Neurontin (including emails and electronic communications) authored by, created by, edited by, received by, reviewed, read, or copied on by" the thirty-seven listed individuals. Defendants further object to Request No. 1 on the ground that it fails to describe the documents sought with sufficient particularity. Defendants further object to Request No. 1 on the ground that it is duplicative of other requests that have been the subject of discussion and agreement between the parties and/or seeks documents which defendants have already produced to plaintiffs. Defendants further object to Request No. 1

on the ground that it seeks documents that have no connection to plaintiffs' personal injury claims.

Defendants further object to Request No. 1 on the ground that it cannot be satisfied prior to the

current discovery deadline in this matter.

## REQUEST NO. 2

2.  The database that maintains the listing of approved speakers that a representative can use for a promotional talk, as described by Suzanne Doft during her examination under oath on March 29, 2005:

*A. For speakers bureau participants, there is an approved database of speakers that a representative can use." (p.127).*

## RESPONSE

In addition to the General Objections, defendants object to Request No. 2 to the extent it is

not limited to Neurontin or off-label uses of Neurontin and is neither relevant to this action nor

likely to lead to the discovery of admissible evidence. Defendants further object to Request No. 2

on the ground that it is overly broad and unduly burdensome insofar as fails to set forth any time

limitation. Defendants further object to Request No. 2 on the ground that it is duplicative of other

requests that have been the subject of discussion and agreement between the parties and/or seeks

documents which defendants have already produced to plaintiffs.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, defendants agree to produce the entries from the described database, if any, identifying

plaintiffs' prescribing physicians who are Neurontin speakers. Defendants will execute such

searches once plaintiffs identify, in Rule 26 disclosures and/or in plaintiffs' Responses to

Interrogatories, plaintiffs' prescribing physicians.

7

## REQUEST NO. 4[1]

4.    Documents reflecting Neurontin-related meetings held in all states in the United States and
Neurontin-related payments to physicians, institutions, or investigators, including, but not
limited to the following: physicians who attended Neurontin meetings, physicians who
spoke at speakers' bureau meetings.

### RESPONSE

In addition to the General Objections, defendants object to Request No. 4 on the grounds

that it is overly broad and unduly burdensome insofar as it seeks documents that are not related to

off-label uses of Neurontin and insofar as it seeks documents that are not limited to the physicians

who prescribed Neurontin to plaintiffs. Request No. 4 therefore is neither relevant to this litigation

nor likely to lead to the discovery of admissible evidence. Defendants further object to Request No.

4 on the ground that it fails to describe the documents sought with sufficient particularity because

the terms "physicians," "institutions," and "investigators" are vague and ambiguous. Defendants

further object to Request No. 4 on the ground that it is duplicative of other requests that have been

the subject of discussion and agreement between the parties and/or seeks documents which

defendants have already produced to plaintiffs.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, defendants agree to produce the entries from a database of meetings, if any, or similar

medium, if any, indicating whether plaintiffs' prescribing physician(s) was retained as a speaker

regarding Neurontin and the related amount of compensation paid for speaking events relating to

Neurontin through the date of the last prescription of Neurontin to the respective plaintiff by the

respective physician. Defendants further agree to produce entries from a database of payments, if

any, or similar medium, if any, reflecting payments, if any, made to plaintiffs' prescribing

---

[1] Plaintiffs' requests are not sequentially numbered. To avoid confusion, defendants' Responses and
Objections adopts plaintiffs' numbering.

8

physician(s), as a clinical investigator, or as a consultant relating to Neurontin prior to the time the respective plaintiff was last prescribed Neurontin by his or her respective physician. Defendants will execute such searches once plaintiffs identify, in Rule 26 disclosures and/or in plaintiffs' responses to defendants' interrogatories, plaintiffs' prescribing physicians.

### REQUEST NO. 5

5.      All documents relating to marketing, sales or prescribing data regarding Neurontin Defendants have received from IMS Health.

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 5 on the grounds that it is overly broad and unduly burdensome insofar as it seeks "all" documents. Defendants further object to Request No. 5 on the grounds that it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because it is not limited to off-label uses of Neurontin and because it is not limited to the physicians who prescribed Neurontin to plaintiffs. Defendants further object to Request No. 5 on the ground that the phrase "relating to" is vague and ambiguous as used in this request. Defendants further object to Request No. 5 on the ground that it is duplicative of other requests that have been the subject of discussion and agreement between the parties. Defendants further object to Request No. 5 on the ground that they do not receive data described in Request No. 5 from the vendor plaintiffs identify in Request No. 5.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants state that they receive data from a different vendor than the vendor plaintiffs identify in Request No. 5 and that that vendor requires any party receiving its data to enter into a contract prior to receipt. Defendants further state that they are ready and willing to meet and confer with plaintiffs' counsel regarding data they have received from that vendor, if any, that reflect plaintiffs' prescribing physicians' Neurontin prescriptions.

9

## REQUEST NO. 6

6.    All documents relating to any review, analysis or critique of data Defendants received from
IMS Health relating to Neurontin.

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 6 on the grounds

that it is overly broad and unduly burdensome insofar as it seeks "all" documents. Defendants

further object to Request No. 6 on the grounds that it is overly broad, unduly burdensome, and not

likely to lead to the discovery of admissible evidence because it is not limited to off-label uses of

Neurontin and because it is not limited to the physicians who prescribed Neurontin to plaintiffs.

Defendants further object to Request No. 6 on the ground that the phrase "relating to" and the term

"critique" are vague and ambiguous as used in this request. Defendants further object to Request

No. 6 on the ground that it is partially duplicative of Request Nos. 5 and 7. Defendants further

object to Request No. 6 on the ground that they do not receive data from the vendor plaintiffs

identify in Request No. 6.

## REQUEST NO. 7

7.    The IMS data used by the Marketing Analytics Department, to the extent it involves
Neurontin, as described by Suzanne Doft during her examination under oath on March 29,
2005.

> *A. Marketing Analytics would use most of our databases to generate data.
> ... A. IMS... What do they utilize that for? A. To track product, new
> prescriptions, total prescriptions. (p.174-5).*

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 7 on the grounds

that it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible

evidence because it is not limited to off-label uses of Neurontin and because it is not limited to the

physicians who prescribed Neurontin to plaintiffs. Defendants further object to Request No. 7 on

10

the grounds that the term "involves" is vague and ambiguous as used in this request. Defendants

further object to Request No. 7 on the ground that it is partially duplicative of Request Nos. 5 and 6.

Defendants further object to Request No. 7 on the ground that they do not receive data from the

vendor plaintiffs identify in Request No. 7.

**REQUEST NO. 8**

8.  Documents, if any exist, authored by, created by, edited by, received by, reviewed, read,
    copied on, or in the custodial file of Pfizer spokesman Paul Fitzhenry that formed the basis
    for his statement published in the U.S.A. Today on April 21, 2005:

> *"Pfizer spokesman Paul Fitzhenry says Neurontin adverse event reports
> over the past decade 'show no link between Neurontin and suicidal thoughts
> or behavior.'"*

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 8 on the grounds

that it is overly broad and unduly burdensome, including by requesting documents "authored by,

created by, edited by, received by, reviewed, read, copied on, or in the custodial file" of Paul

Fitzhenry. Defendants further object to Request No. 8 on the ground that it fails to describe the

documents sought with sufficient particularity. Defendants further object to Request No. 8 on the

ground that the phrase "formed the basis of his statement" is vague and ambiguous. Defendants

further object to Request No. 8 to the extent it seeks documents that have already been produced to

plaintiffs.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, defendants will search for and produce documents, if any, responsive to Request No. 8.

**REQUEST NO. 9**

9.  Documents, if any exist, authored by, created by, edited by, received by, reviewed, read,
    copied on, or in the custodial file of Pfizer spokesman, Bryant Haskins that formed the basis
    for his statement published in the San Francisco Chronicle on April 21, 2005:

11

> *"'Pfizer maintains an extensive program for tracking and reporting medical events associated with the use of Neurontin, as we do for all our medicines.... The comprehensive data --- including clinical trial results--- that we've submitted to the FDA over the past decade refute any suggestion that Neurontin causes depression, suicidal thoughts or suicidal behavior.... Haskins, the company spokesman, said the data don't support Finkelstein's demand for a prominent 'black box' warning on Neurontin's label —the FDA's most stringent enforcement action short of banning a drug. 'It's simply irresponsible to promote the false impression that a causal link exists between the use of Neurontin and suicide,' said Haskins.'"*

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 9 on the grounds

that the request is overly broad and unduly burdensome, including by requesting documents

"authored by, created by, edited by, received by, reviewed, read, copied on, or in the custodial file"

of Bryant Haskins. Defendants further object to Request No. 9 on the ground that it fails to describe

the documents sought with sufficient particularity. Defendants further object to Request No. 9 on

the ground that the phrase "formed the basis of his statement" is vague and ambiguous. Defendants

further object to Request No. 9 to the extent it seeks documents that have already been produced to

plaintiffs.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, defendants will search for and produce documents, if any, responsive to Request No. 9.

## REQUEST NO. 10

10.     Documents, if any, reflecting the subject matter of the consulting assignment for Pfizer performed by Dr. Cynthia McCormick as described in the San Francisco Chronicle on April 21, 2005: *"This is not an unexpected event in the population it was approved for,' said McCormick, who did a brief consulting assignment for Pfizer about a year ago."*

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 10 to the extent it

seeks information that is better obtained through a different discovery device. Defendants further

12

object to Request No. 10 on the ground that it is not limited to Neurontin and therefore is neither

relevant to this litigation nor likely to lead to the discovery of admissible evidence. Defendants

further object to Request No. 10 on the ground that Pfizer did not retain Dr. McCormick as a

consultant in connection with Neurontin.

## REQUEST NO. 11

11.    Copies of each Label and Summary of Product Characteristics pertaining to Defendants'
       Neurontin in the United Kingdom for each year that Neurontin has been approved for
       distribution in the United Kingdom.

### RESPONSE

In addition to the General Objections, defendants object to Request No. 11 on the ground

that it is overly broad and unduly burdensome insofar as it seeks documents for each year that

Neurontin has been approved for distribution in the United Kingdom. Defendants further object to

Request No. 11 on the ground that it is not relevant to this action. Defendants further object to

Request No. 11 on the ground that the parties have previously conferred and reached agreements

concerning the production of labels and defendants have satisfied those agreements.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, defendants will search for and produce documents, if any, responsive to Request No.

11.

## REQUEST NO. 12

12.    Copies of each Label and Summary of Product Characteristics pertaining to Defendants'
       Neurontin in Ireland for each year that Neurontin has been approved for distribution in
       Ireland.

### RESPONSE

In addition to the General Objections, defendants object to Request No. 12 on the ground

that it is overly broad and unduly burdensome insofar as it seeks documents for each year that

Neurontin has been approved for distribution in Ireland. Defendants further object to Request No.

12 on the ground that it is not relevant to this action. Defendants further object to Request No. 12

on the ground that the parties have previously conferred and reached agreements concerning the

production of labels and defendants have satisfied those agreements.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, defendants will search for and produce documents, if any, responsive to Request No.

12.

## REQUEST NO. 13

13.    Produce all internal documents relating to Neurontin that identify or discuss the following
       language, as set forth in Defendants' labeling or Summary of Product Characteristics in
       Ireland:

> *"Patients with epilepsy can be the subject of mood and behavioural
> disturbances. Such reports have been noted in patients on Neurontin
> although a causal link has not been established."*

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 13 on the ground it

is not relevant to this action. Defendants further object to Request No. 13 on the grounds that it is

overly broad as written and fails to describe the documents sought with sufficient particularity.

Defendants further object to Request No. 13 on the grounds that it is overly broad and unduly

burdensome insofar as it seeks "all" internal documents. Defendants further object to Request No.

13 on the ground that the phrase "identify or discuss" is vague and ambiguous as used in this

request.

## REQUEST NO. 11

11.    Produce all documents pertaining to Neurontin, whether internal or otherwise, that reflect
       the basis of Defendants' decision to utilize the following language in Defendants' labeling
       or Summary of Product Characteristics in Ireland:

14

> *"Patients with epilepsy can be the subject of mood and behavioural disturbances. Such reports have been noted in patients on Neurontin although a causal link has not been established."*

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 11 on the ground that it is overly broad and unduly burdensome, including insofar as it seeks "all" documents and to the extent it seeks documents that are not in defendants' possession, custody, or control. Defendants further object to Request No. 11 on the ground that the phrases "internal or otherwise" and "reflect the basis" are vague and ambiguous as used in this request. Defendants further object to Request No. 11 on the ground that it fails to describe the documents sought with sufficient particularity.

## REQUEST NO. 12

12. Produce all internal documents relating to Neurontin that identify or discuss the following language, as set forth in Defendants' labeling or Summary of Product Characteristics in the United Kingdom:

> *"Patients taking Neurontin can be the subject of mood and behavioural disturbances. Such reports have been noted in patients on Neurontin although a causal link has not been established.... Caution is recommended in patients with a history of psychotic illness. On commencing Neurontin therapy, psychotic episodes have been reported in some patients with, and rarely without, a history of psychotic illness. Most of these events resolved when Neurontin was discontinued or the dosage was reduced."*

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 12 on the ground that it is overly broad and unduly burdensome, including insofar as it seeks "all" internal documents. Defendants further object to Request No. 12 on the ground that the phrase "identify or discuss" is vague and ambiguous as used in this request. Defendants further object to Request No. 12 on the ground that it fails to describe the documents sought with sufficient particularity.

15

Defendants further object to Request No. 12 to the extent it seeks documents that have already been produced to plaintiffs.

## REQUEST NO. 13

13.  Produce all documents pertaining to Neurontin, whether internal or otherwise, that reflect the basis of Defendants' decision to utilize the following language in Defendants' labeling or Summary of Product Characteristics in the United Kingdom:

> *"Patients taking Neurontin can be the subject of mood and behavioural disturbances. Such reports have been noted in patients on Neurontin although a causal link has not been established. ... Caution is recommended in patients with a history of psychotic illness. On commencing Neurontin therapy, psychotic episodes have been reported in some patients with, and rarely without, a history of psychotic illness. Most of these events resolved when Neurontin was discontinued or the dosage was reduced."*

## RESPONSE

In addition to the General Objections, defendants object to Request No. 13 on the ground that it is overly broad and unduly burdensome, including insofar as it seeks "all" documents and to the extent it seeks documents that are not in defendants' possession, custody, or control. Defendants further object to Request No. 13 on the ground that the phrases "internal or otherwise" and "reflect the basis" are vague and ambiguous as used in this request. Defendants further object to Request No. 13 on the ground that it fails to describe the documents sought with sufficient particularity. Defendants further object to Request No. 13 to the extent it seeks documents that have already been produced to plaintiffs.

## REQUEST NO. 14

14.  Produce all internal documents pertaining to Neurontin that identify or discuss whether the United States labeling or package insert should include language, either specifically, or in sum and substance, that caution is recommended in patients with a history of depression or psychotic illness.

16

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 14 on the ground

that it is overly broad, including insofar as it seeks "all" internal documents. Defendants further

object to Request No. 14 on the ground that it fails to describe the documents sought with sufficient

particularity. Defendants further object to Request No. 14 on the ground that the phrases "identify

or discuss" and "in sum and substance" are vague and ambiguous as used in this request.

Defendants further object to Request No. 14 to the extent it seeks documents that have already been

produced to plaintiffs.

## REQUEST NO. 15

15.     CMMS Database: Produce an electronic copy of sales tracking data from Defendants'
        database (with all data inputted pertaining to Neurontin) relating to Defendants' Neurontin
        from January 1, 1994 through June 30, 2006.

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 15 on the ground

that it is overly broad and unduly burdensome to the extent it seeks "all data inputted" and insofar

as it is not limited to the physicians who prescribed Neurontin to plaintiffs. Defendants further

object to Request No. 15 on the ground that it fails to describe the documents sought with sufficient

particularity. Defendants further object to Request No. 15 on the grounds that it is neither relevant

to this action nor likely to lead to the discovery of admissible evidence. Defendants further object

to Request No. 15 on the ground that it is duplicative of other requests that have been the subject of

discussion and agreement between the parties.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, after plaintiffs' counsel specifically identifies in plaintiffs' Rule 26 disclosures and/or

plaintiffs' responses to defendants' interrogatories, the respective prescribing physician(s) and the

17

dates of Neurontin prescriptions, defendants will produce, at a mutually convenient time and

location, documents, if any, from sales-call databases containing contacts between the sales

representative(s) and plaintiffs' prescribing physician(s) relating to Neurontin during the period that

the sales representative(s) detailed plaintiffs' prescribing physician(s), but in no event beyond the

last date of the Neurontin prescription to the respective plaintiff by the respective physician.

## REQUEST NO. 16

16.    All correspondence, e-mails, memorandum, minutes of meetings, documents or materials
reflecting contact or communication between any employee or agent of the Defendants
pertaining to Neurontin, as to the following:

a.    Teleconferences in which a physician or scientist who was identified by
members of the Parke-Davis Department of Medical and Scientific Affairs
as being knowledgeable about Neurontin could answer questions regarding
Neurontin.
b.    The prohibition by Defendant Parke-Davis of members of the Department
of Medical and Scientific Affairs from organizing or participating in group
meetings or teleconferences held to respond to questions concerning off
label uses of products marketed by Parke-Davis.
c.    The selection of physicians and scientists who would respond to questions
posed by participants.

## RESPONSE

In addition to the General Objections, defendants object to Request No. 16 on the ground

that it is overly broad and unduly burdensome, including insofar as it requests "all correspondence,

e-mails, memorandum [sic], minutes of meetings, documents or materials." Defendants further

object to Request No. 16 on the ground that the phrase "reflecting contact or communication

between any employee or agent of the Defendants pertaining to Neurontin" is vague and ambiguous

as used in this request. Defendants further object to Request No. 16 on the grounds that the term

"teleconferences" as used in subsection (a), the phrase "group meetings or teleconferences" as used

in subsection (b), and the term "participants" as used in subsection (c) are vague and ambiguous.

Defendants further object to Request No. 16 on the ground that subsections (b) and (c) are overly

18

broad to the extent they are not limited to Neurontin. Defendants further object to Request No. 16

on the grounds that it is neither relevant to this action nor likely to lead to the discovery of

admissible evidence.

**REQUEST NO. 17**

17.    For the time period since Neurontin's introduction to the market through June 30, 2006,
       Plaintiff requests production (in electronic, searchable format) of information from
       Defendants' electronic database used by Defendants to collect all information, names,
       addresses, dates, locations, details, budgets, money spent or other information on any
       presentation, lecture, continuing medical education program made by any physician on
       behalf of Defendants or (as a member of Defendants' Speakers Bureau or expert group)
       regarding Defendants' Neurontin.

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 17 on the grounds

that it is neither relevant to this action nor likely to lead to the discovery of admissible evidence.

Defendants further object to Request No. 17 on the ground that it is vague and ambiguous as written

and fails to set forth the documents sought with sufficient particularity. Defendants further object to

Request No. 17 as overly broad to the extent it seeks production of "*all* information, names,

addresses, dates, locations, details, budgets, money spent or other information on *any* presentation,

lecture, continuing medical education program made by *any* physician on behalf of Defendants or

[*sic*] (as a member of Defendants' Speakers Bureau or expert group) regarding Defendants'

Neurontin." (Emphasis added.) Defendants further object to Request No. 17 on the grounds that it

is overly broad insofar as it is not limited to off-label uses of Neurontin. Defendants further object

to Request No. 17 on the ground that the terms "presentation" and "lecture" and the phrases "on

behalf of" and "expert group" are vague and ambiguous. Defendants further object to Request No.

17 to the extent it seeks production of documents in a form different from that in which responsive

documents, if any, are maintained. Defendants further object to Request No. 17 on the grounds that

19

it is duplicative of other requests, including but not limited to, Request No. 2, and/or seeks

documents that have already been produced to plaintiffs.

## REQUEST NO. 18

18. Based upon Defendants' correspondence to the FDA, Center for Drug Evaluation and
Research, dated June 9, 1997, attached hereto as EXHIBIT A, Plaintiff requests the
following production with respect to Defendants' Neurontin, and limited to the safety,
efficacy, sale and marketing of Neurontin:

   a. All documents produced by Defendants to the FDA referenced in the
   abovementioned correspondence, dated June 9, 1997;

   b. All documents (including all emails and electronic communications) created
   by, edited by, received by, reviewed, read, copied on, or in the custodial
   files of the Area Business Manager (ABM), relating to the implementing of
   Defendants' sales plan, hiring, training, conducting performance reviews,
   making salary and promotion recommendations of Defendants' territory
   managers and sales representatives.

## RESPONSE

In addition to the General Objections, defendants object to Request No. 18 on the grounds

that it is neither relevant to this action nor likely to lead to the discovery of admissible evidence.

Defendants further object to Request No. 18 on the grounds that it is overly broad and unduly

burdensome, including insofar as subsections (a) and (b) seek "all documents." Defendants further

object to Request No. 18 on the ground that it fails to identify the documents sought with sufficient

particularity. Defendants further object to Request No. 18 on the ground that defendants have

previously produced all documents responsive to the request contained in subsection (a).

Defendants further object to Request No. 18 on the ground subsection (b) is overly broad.

Defendants further object to Request No. 18 on the ground that the term "the Area Business

Manager" is vague and ambiguous as used in subsection (b).

## REQUEST NO. 19

19.   With respect to correspondence, dated July 19, 1996, from the FDA Department of Health and Human Services, attached hereto as EXHIBIT B, Plaintiff requests production of the following:

    a. All correspondence, e-mails, memorandum, minutes of meetings, documents or materials reflecting contact or communication between any employee or agent of the Defendants pertaining to Neurontin and the subject matter set forth in the above referenced correspondence, dated July 19, 1996, from the FDA Department of Health and Human Services, attached hereto as EXHIBIT B.

    b. All documents submitted to the FDA in response to said correspondence, dated July 19, 1996.

    c. A copy of all non-privileged drafts of any document submitted to the FDA in response to said correspondence, dated July 19, 1996.

### RESPONSE

In addition to the General Objections, defendants object to Request No. 19. on the grounds that it is neither relevant to this action nor likely to lead to the discovery of admissible evidence. Defendants further object to Request No. 19 on the ground that subsection (a) is overly broad and unduly burdensome insofar as it seeks "[a]ll correspondence, e-mails, memorandum [*sic*], minutes of meetings, documents or materials." Defendants further object to Request No. 19 on the ground that the phrases "reflecting contact or communication between any employee or agent of the Defendants" and "subject matter" are vague and ambiguous as used in subsection (a). Defendants further object to Request No. 19 on the ground that defendants have previously produced all documents responsive to the request contained in subsection (b).

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants state that there are no non-privileged documents responsive to the request contained in subsection (a). Defendants further state that there are no documents responsive to the request contained in subsection (c).

21

## REQUEST NO. 20

20.    With respect to correspondence, dated March 16, 2005, from the FDA Department of Health and Human Services, attached hereto as EXHIBIT C, Plaintiffs request production of the following:

> a.  All correspondence, e-mails, memorandum, minutes of meetings, documents or materials reflecting contact or communication between any employee or agent of the Defendants pertaining to Neurontin and the subject matter set forth in the above referenced correspondence, dated March 16, 2005, from the FDA Department of Health and Human Services, attached hereto as EXHIBIT C.

> b.  All documents submitted to the FDA in response to said correspondence, dated March 16, 2005.

> c.  A copy of all non-privileged drafts of any document submitted to the FDA in response to said correspondence, dated March 16, 2005.

> d.  all documents reflecting research that formed the basis of Defendants' response to the FDA's correspondence.

### RESPONSE

In addition to the General Objections, defendants object to Request No. 20 on the ground that subsection (a) is overly broad and unduly burdensome insofar as it seeks "[a]ll correspondence, e-mails, memorandum [*sic*], minutes of meetings, documents or materials." Defendants further object to Request No. 20 on the ground that the phrases "reflecting contact or communication between any employee or agent of the Defendants" and "subject matter" are vague and ambiguous as used in subsection (a). Defendants further object to Request No. 20 on the ground that the phrases "reflecting research" and "formed the basis" are vague and ambiguous as used in subsection (d). Defendants further object to Request No. 20 on the ground that subsection (d) is overly broad. Defendants further object to Request 20 to the extent it seeks documents that have already been produced to plaintiffs.

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants will search for and produce documents, if any, responsive to the requests

22

contained in subsections (a) and (b). Defendants further state that there are no documents

responsive to the request contained in subsection (c).

### REQUEST NO. 21

21.    With respect to documents, dated December 21, 2005, submitted by Defendants to the FDA
as a "Changes Being Effected" supplemental new drug application, pertaining to Neurontin,
in which Defendants' Neurontin label added the terms suicide attempt and suicide in the
label section entitled "Other Adverse Events Observed During All Clinical Trials", Plaintiffs
request production of the following:

    a.    All correspondence, e-mails, memorandum, minutes of meetings,
documents or materials reflecting contact or communication between any
employee or agent of the Defendants pertaining to Neurontin and the subject
matter set forth in the above referenced documents, dated December 21,
2005.

    b.    All documents submitted to the FDA pertaining to said documents, dated
December 21, 2005.

    c.    A copy of all non-privileged drafts of any document submitted to the FDA
pertaining to the above referenced "Changes Being Effected" supplemental
new drug application.

    d.    All documents reflecting research that formed the basis of Defendants'
response to the FDA's correspondence.

### RESPONSE

In addition to the General Objections, defendants object to Request No. 21 on the ground

that subsection (a) is overly broad and unduly burdensome insofar as it seeks "[a]ll correspondence,

e-mails, memorandum [*sic*], minutes of meetings, documents or materials." Defendants further

object to Request No. 21 on the ground that the phrases "reflecting contact or communication

between any employee or agent of the Defendants" and "subject matter" are vague and ambiguous

as used in subsection (a). Defendants further object to Request No. 21 on the ground that the

phrases "reflecting research" and "formed the basis" are vague and ambiguous as used in subsection

(d). Defendants further object to Request No. 21 on the ground that subsection (d) is overly broad.

Defendants further object to Request No. 21 to the extent it seeks documents that have already been produced to plaintiffs.

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants will search for and produce documents, if any, responsive to the requests contained in subsections (a) and (b). Defendants further state that there are no documents responsive to the request contained in subsection (c).

## REQUEST NO. 22

22.    With respect to correspondence, dated May 3, 2006, from the FDA Department of Health and Human Services, attached hereto as EXHIBIT D, Plaintiffs request production of the following:

> a.    All correspondence, e-mails, memorandum, minutes of meetings, documents or materials reflecting contact or communication between any employee or agent of the Defendants pertaining to Neurontin and the subject matter set forth in the above referenced correspondence, dated May 3, 2006, from the FDA Department of Health and Human Services, attached hereto as EXHIBIT D.

## RESPONSE

In addition to the General Objections, defendants object to Request No. 22 on the ground that subsection (a) is overly broad and unduly burdensome insofar as it seeks "[a]ll correspondence, e-mails, memorandum [sic], minutes of meetings, documents or materials." Defendants further object to Request No. 22 on the ground that the phrases "reflecting contact or communication between any employee or agent of the Defendants" and "subject matter" are vague and ambiguous as used in subsection (a). Defendants further object to Request No. 22 to the extent it seeks documents that have already been produced to plaintiffs.

Subject to and without waiving the General Objections and the foregoing Specific Objections, defendants will search for and produce documents, if any, responsive to Request No. 22.

24

## REQUEST NO. 23

23.    Sales Data: Documents sufficient to identify and reflect gross and net sales information for
Defendants' Neurontin, for each year of sales since entry of Defendants' Neurontin to the
market through June 30, 2006.

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 23 on the grounds

that it is neither relevant to this action nor likely to lead to the discovery of admissible evidence.

Defendants further object to Request No. 23 on the grounds that it is duplicative of other requests

that have been the subject of discussion and agreement between the parties and/or seeks documents

that have already been produced to plaintiffs.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, defendants will search for and produce documents, if any, sufficient to identify annual

sales of Neurontin in the United States for the time period specified in Request No. 23.

## REQUEST NO. 24

24.    All records, emails, drafts, proposals, databases, and documents of every kind and character
regarding clinical trial 945-209, including but not limited to all reports, studies, letters,
anecdotes, file reviews, case reviews, retrospective reviews, announcements, solicitations,
protocols, budget allocations, invitations to physicians to participate, patient evaluations,
tests, measurements, observations, conclusions, articles, publications, drafts, and
announcements regarding clinical trial 945-209.

**RESPONSE**

In addition to the General Objections, defendants object to Request No. 24 on the grounds

that it is neither relevant to this action nor likely to lead to the discovery of admissible evidence.

Defendants further object to Request No. 24 on the grounds that it is overly broad and unduly

burdensome, including insofar as it seeks "[a]ll records, emails, drafts, proposals, databases, and

documents of every kind and character regarding clinical trial 945-209, including but not limited to

all reports, studies, letters, anecdotes, file review, cases reviews, retrospective reviews,

25

announcements, solicitations, protocols, budget allocations, invitations to physicians to participate, patient evaluations, test, measurements, observations, conclusions, articles, publications, drafts, and announcements." Defendants further object to Request No. 24 to the extent it seeks documents that have already been produced to plaintiffs and to the extent it seeks documents that are already in plaintiffs' possession, custody, or control, or are equally available to plaintiffs. Defendants therefore further object to Request No. 24 on the ground that it fails to describe the documents plaintiffs seek in addition to what has already been produced to plaintiffs with sufficient particularity.

Dated: July 31, 2006

DAVIS POLK & WARDWELL

By: _____
James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000