# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING AND
        SALES PRACTICES LITIGATION

               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:         :  MDL Docket No. 1629

- - - - - - - - - - - - - - - - - - - - - - - - - - - x  Master File No. 04-10981
               :  (D. Mass.)

HARDEN MANUFACTURING
CORPORATION, et al. v. PFIZER INC. and  :  Judge Patti D. Saris
WARNER-LAMBERT COMPANY.

               :  AMENDED NOTICE OF
- - - - - - - - - - - - - - - - - - - - - - - - - - - x  DEPOSITION

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA v. PFIZER INC. and  :

AETNA, INC. v. PFIZER INC.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30,

Defendants in the above-referenced action, by their counsel, will take the deposition upon

oral examination of Dr. Kylene Huler, whose address is 5250 E. U.S. 36, Suite 210, Avon,

IN 46123, before a Notary Public or other person authorized to administer oaths at the

offices of Dr. Thaddaeus Poe, at 5250 East U.S. 36, Suite 610, Avon, IN 46123, on the

8th day of February 2006, at 3:00 p.m. and continuing day to day thereafter until

completion.  The testimony shall be recorded by stenographic means.

You are invited to attend and to participate in the manner provided for in the

Federal Rules of Civil Procedure.

Dated: January 19, 2006

PFIZER INC., et uno,

By their attorneys,

*Carter Burwell*

James P. Rouhandeh
Carter Burwell
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

2

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January 2006, I caused to be served a true and correct copy of the foregoing Amended Notice of Deposition of Dr. Kylene Huler by email PDF and first class U.S. Mail, postage prepaid, to:

Richard Shevitz, Esq.
Cohen & Malad
One Indiana Square, Suite 1400
Indianapolis, IN 46204

*Attorneys for Gerald Smith*

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

*Attorneys for Plaintiff Harden Manufacturing Corporation and Plaintiffs' Liaison Counsel*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, Texas 78701

*Members of the Product Liabilities Plaintiffs' Steering Committee*

Carter Burwell

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
In re: NEURONTIN MARKETING AND                          :
SALES PRACTICES LITIGATION                              :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :       MDL Docket No. 1629
THIS DOCUMENT RELATES TO:                               :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x       Master File No. 04-10981
HARDEN MANUFACTURING                                    :
CORPORATION; LOUISIANA HEALTH                           :       Judge Patti B. Saris
SERVICE INDEMNITY COMPANY, dba                          :
BLUECROSS/BLUESHIELD OF                                 :       Magistrate Leo T. Sorokin
LOUISIANA; INTERNATIONAL UNION                          :
OF OPERATING ENGINEERS, LOCAL NO.                       :
68 WELFARE FUND; ASEA/AFSCME                            :
LOCAL 52 HEALTH BENEFITS TRUST;                         :
GERALD SMITH; and LORRAINE KOPA,                        :
on behalf of themselves and all others similarly        :
situated, v. PFIZER INC. and WARNER-                    :
LAMBERT COMPANY.                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE GUARDIAN LIFE INSURANCE                             :
COMPANY OF AMERICA v. PFIZER INC.                       :
and                                                     :
                                                        :
AETNA, INC. v. PFIZER INC.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal

Rules of Civil Procedure, Defendants Pfizer Inc. and Warner-Lambert Company,

by their counsel, will take the deposition of Dr. Thaddaeus M. Poe, whose address

is 5250 East U.S. 36, Suite 610, Avon, IN 46123, before a Notary Public or other

person authorized to administer oaths at 5250 East U.S. 36, Suite 610, Avon, IN

46123, on the 8th day of February 2006, at 9:00 a.m., and continuing day-to-day

thereafter until completion. The testimony shall be recorded by stenographic means.

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

Dated: January 17, 2006          PFIZER INC., et uno,

New York, New York

By their attorneys,

James P. Rouhandeh
Patrick J. Murray
Carter H. Burwell
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January 2006, I caused to be served a true and correct copy of the foregoing Notice of Deposition of Dr. Thaddaeus M. Poe by email PDF and first class U.S. Mail, postage prepaid, to:

Richard Shevitz, Esq.
Cohen & Malad
One Indiana Square, Suite 1400
Indianapolis, IN 46204

*Attorneys for Gerald Smith*

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street, 4th Floor
Cambridge, MA 02142

*Attorneys for Plaintiff Harden Manufacturing*
*Corporation and Plaintiffs' Liaison Counsel*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, NY 12550

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, TX 78701

*Members of the Products Liability Plaintiffs'*
*Steering Committee*

Carter H. Burwell

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
In re: NEURONTIN MARKETING AND          :
SALES PRACTICES LITIGATION              :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                        :   MDL Docket No. 1629
THIS DOCUMENT RELATES TO:               :
                                        :   Master File No. 04-10981
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
HARDEN MANUFACTURING                    :
CORPORATION; LOUISIANA HEALTH           :   Judge Patti B. Saris
SERVICE INDEMNITY COMPANY, dba          :
BLUECROSS/BLUESHIELD OF                 :   Magistrate Leo T. Sorokin
LOUISIANA; INTERNATIONAL UNION          :
OF OPERATING ENGINEERS, LOCAL NO.       :
68 WELFARE FUND; ASEA/AFSCME            :
LOCAL 52 HEALTH BENEFITS TRUST;         :
GERALD SMITH; and LORRAINE KOPA,        :
on behalf of themselves and all others similarly  :
situated, v. PFIZER INC. and WARNER-    :
LAMBERT COMPANY.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
THE GUARDIAN LIFE INSURANCE             :
COMPANY OF AMERICA v. PFIZER INC.       :
and                                     :
                                        :
                                        :
AETNA, INC. v. PFIZER INC.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

### NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE THAT Defendants Pfizer Inc. and

Warner-Lambert Company, by their attorneys, Davis Polk & Wardwell, will

cause the attached subpoena to be served on the person identified in the subpoena.

Dated: January 17, 2006
     New York, New York

PFIZER INC., et uno,

By their attorneys,

James P. Rouhandeh
Patrick J. Murray
Carter H. Burwell
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January 2006, I caused to be served a true and correct copy of the foregoing Notice of Service of Subpoena by email PDF and first class U.S. Mail, postage prepaid, to:

Richard Shevitz, Esq.
Cohen & Malad
One Indiana Square, Suite 1400
Indianapolis, IN 46204

*Attorneys for Gerald Smith*

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street, 4th Floor
Cambridge, MA 02142

*Attorneys for Plaintiff Harden Manufacturing
Corporation and Plaintiffs' Liaison Counsel*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, NY 12550

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, TX 78701

*Members of the Products Liability Plaintiffs'
Steering Committee*

Carter H. Burwell

3

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### SUBPOENA IN A CIVIL CASE

In re NEURONTIN MARKETING AND
SALES PRACTICES LITIGATION

MDL No. 1629
Master File No. 04-10981 [D. Mass.]

TO:   Dr. Thaddaeus M. Poe
      5250 East U.S. 36
      Suite 610
      Avon, IN 46123

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 5250 East U.S. 36<br>Suite 610<br>Avon, IN 46123 | February 8, 2006 at 9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
  See Schedule A, attached hereto.

| PLACE<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017 | DATE AND TIME<br>February 3, 2006 at 9:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Carter Burwell* Atty for Defendant<br>Attorney for Pfizer Inc. and Warner-Lambert Company | DATE<br>January 17, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Carter H. Burwell
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
(212) 450 4252.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                      DATE                                                    SIGNATURE OF SERVER

                                                                                _____
                                                                                ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i)   fails to allow reasonable time for compliance;
   (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.

(B) If a subpoena
   (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

(Schedule of Documents to be Produced)

### DEFINITIONS

1.    "You" or "your" shall mean Thaddaeus M. Poe M.D. and any of his present or former employees, partners, agents, representatives, or other persons acting or purporting to act on his behalf.

2.    "Pfizer" shall mean defendant Pfizer Inc. and any of its predecessors in interest, divisions, departments, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, or employees, including but not limited to Parke-Davis, as a division of Warner-Lambert.

3.    "Warner-Lambert" shall mean defendant Warner-Lambert Company and any of its predecessors or successors in interest, divisions, departments, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, or employees, including but not limited to Parke-Davis, as a division of Warner-Lambert.

4.    "Parke-Davis" shall mean Parke-Davis, a division of Warner-Lambert, and any of its predecessors or successors in interest, divisions, departments, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, or employees.

5.    "Defendants" shall mean Pfizer, Warner-Lambert, and Parke-Davis.

6.    "Third-party payor" shall mean a non-governmental entity that provides prescription drug coverage to natural persons or processes claims or administers health benefits pursuant to a contract, policy, or benefit plan.

7.    "Person" shall mean any individual, corporation, organization, association, partnership, limited partnership, firm, joint venture, trustee, governmental body, agency, governing board, department or division, or any other entity.

3

8.    "Neurontin" shall mean the drug with the chemical name gabapentin, marketed under the name Neurontin, and includes all uses or indications thereof.

9.    The term "drug," unless otherwise indicated, shall mean a substance used in the diagnosis, treatment, or prevention of a disease or as a component of a medication, and shall include both prescription and non-prescription drugs.

10.    The term "off-label" shall mean prescription, use, or promotion of a drug for indications or at dosages different from those set forth in a drug's labeling.

11.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

12.    "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located. "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile reproductions (faxes), factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions. This definition shall

4

apply to all documents in the possession, custody, or control of the person identified in the subpoena or that of his attorneys, agents, employees, or representatives, irrespective of who generated, prepared, or signed the documents.

13.    "Concerning" shall mean referring to, describing, evidencing, or constituting.

14.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1.    The document requests below refer to the period from January 1, 1994 to the present.

2.    The documents to be produced will be inspected and may be copied at the time specified in the subpoena. You will not be required to surrender original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on the date specified for production.

3.    You are subpoenaed by the attorney whose name appears on this subpoena and unless excused from your duties under the subpoena by the attorney or the Court, you shall respond to this subpoena as directed under penalty of contempt of court.

4.    The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

5.    Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part;

5

(b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

6.    If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

7.    Documents should be produced in the manner in which they are maintained in the ordinary course of business. All documents that are physically attached to each other, whether stapled, clipped, or otherwise fastened, shall be produced in that manner. Documents that are segregated from other documents, whether by inclusion in binders, files, or sub-files or by the use of dividers, tabs or any other method, shall be produced in that form with the corresponding file name or label attached.

8.    If any portion of a document is responsive to a request, the entire document should be produced.

9.    If any requested documents cannot be produced in full, produce them to the extent possible, specifying each reason for your inability to produce the remainder thereof and stating whatever information, knowledge, or belief that you have concerning the unproduced portion.

10.    Provide the following information for each document withheld on the grounds of privilege:

(a)    its date;

(b)    its title;

6

(c)     its author;

(d)     its addressee;

(e)     copies;

(f)     the specific privilege under which it is withheld;

(g)     its general subject matter; and

(h)     a description of it that you contend is adequate to support your contention that it is

privileged.

11.     If a portion of an otherwise responsive document contains information that you

claim is subject to a claim of privilege, then such portions shall be redacted from the document,

with such redacted material to be described in the same manner as set forth in the preceding

instruction, and the rest of the document shall be produced.

12.     These requests for production of documents are continuing in nature pursuant to

Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing

production and supplementation of responses between the initial date for production set forth

above and the end of trial.

13.     To the extent that you consider any of the following requests for production of

documents objectionable, please respond to the remainder of the production request, and

separately state the part of each request to which you object and each ground for each objection.


## DOCUMENTS TO BE PRODUCED

1.     All documents, including but not limited to medical records, concerning Gerald

Smith.

2.     All documents concerning Neurontin or its generic equivalent provided to you or

your employees at any time by Defendants or any party acting on behalf of Defendants,

7

including but not limited to those supplied by sales representatives, medical liaisons, or medical education vendors.

3.    All documents concerning communications with Defendants, or any party acting on behalf of Defendants, concerning the use of Neurontin or its generic equivalent.

4.    All documents or communications concerning off-label use of Neurontin, its generic equivalent, or any other anti-epileptic drugs, or any drug that you normally prescribe in the course of your practice.

5.    All documents, studies, investigations, clinical trials, papers, manuscripts, articles, abstracts, or letters to the editor, whether published or unpublished, concerning the use, safety, efficacy, or mechanism of action of Neurontin or its generic equivalent that you relied on or reviewed in connection with prescribing Neurontin or its generic equivalent for any indication.

6.    All documents, studies, investigations, clinical trials, papers, manuscripts, articles, abstracts, or letters to the editor, whether published or unpublished, concerning the use, safety, efficacy, or mechanism of action of anti-epileptic drugs that you relied on or reviewed in connection with prescribing Neurontin or its generic equivalent for any indication..

7.    All documents concerning continuing medical education programs, advisory boards, consultants meetings, or other events that you attended concerning the use of Neurontin, its generic equivalent, or anti-epileptic drugs.

8.    All documents describing or concerning payments made to you or your employees by Defendants or their agents, including but not limited to expenses for events that you attended.

9.    All documents describing or concerning payments made to you or your employees by pharmaceutical drug manufacturers other than Defendants or their agents, including but not limited to expenses for events that you attended.

10.    All documents concerning communications with third-party payors relating to off-label use of Neurontin, its generic equivalent, or anti-epileptic drugs.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

IN RE NEURONTIN MARKETING AND
SALES PRACTICE LITIGATION

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No. 04-10981 (D. Mass.)

TO:    Dr. V.D. Dhaduk
       141 Salem Avenue
       Carbondale, PA 18407

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Radisson Lackawanna Station Hotel Scranton<br>700 Lackawanna Avenue<br>Scranton, PA 18503 | DATE AND TIME<br>September 13, 2005 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | August 18, 2005 |
| Attorney for Defendants |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James E. Murray, Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017
(212) 450 - 4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

IN RE NEURONTIN MARKETING AND
SALES PRACTICE LITIGATION

### SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No. 04-10981 (D. Mass.)

TO:    Dr. Thomas Craparo
       110 Dundaff Street
       Carbondale, PA 18407

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Radisson Lackawanna Station Hotel Scranton<br>700 Lackawanna Avenue<br>Scranton, PA 18503 | DATE AND TIME<br>September 12, 2005 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br><br>Attorney for Defendants | DATE<br>August 18, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James E. Murray, Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017
(212) 450 - 4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.