# EXHIBIT 2

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) | MDL Docket No. 1629 Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) ) ) ) | Judge Patti B. Saris |

### PLAINTIFF LORRAINE KOPA'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Now comes Plaintiff Lorraine Kopa ("Plaintiff") and responds to Defendants Pfizer, Inc. and Warner-Lambert Company's ("Defendants'") First Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Interrogatories are made for the sole purpose of this litigation. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response. Plaintiff's response to all or any part of these Interrogatories should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Interrogatories; or (2) Plaintiff has in her possession, custody or control documents responsive to that Interrogatory; or (3) documents responsive to that Interrogatory exist.

Plaintiff's response to all or any part of any Interrogatories is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of her objection(s) to that Interrogatory.

Plaintiff and her counsel have not completed (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1.      Plaintiff objects to these requests to the extent they are inconsistent with, or seek to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts or any applicable scheduling order, case management order or other ruling of the Court.

2.      Plaintiff objects to these Interrogatories to the extent that they seek information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff will not produce such information.

3.      Plaintiff objects to these Interrogatories to the extent they seek information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the

state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

4.     Plaintiff objects to these Interrogatories to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information.

5.     Plaintiff objects to these Interrogatories to the extent they seek information not available or known to Plaintiff.

6.     Plaintiff objects to these Interrogatories to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

7.     Plaintiff objects to these Interrogatories to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiff or others.

8.     Plaintiff objects to these Interrogatories to the extent they are vague, ambiguous, or overbroad.

9.     Plaintiff objects to these Interrogatories to the extent they constitute premature contention interrogatories. Production of such information, at this time, could irreparably prejudice Plaintiff's further investigation, development and prosecution of this litigation and serves no purpose other than to harass and burden Plaintiff and to unnecessarily delay and needlessly increase the cost of this litigation to all parties.

10.    Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Interrogatories. The

supplying of any information contained herein does not constitute an admission by
Plaintiff that such document or information is relevant or admissible or that any statement
or characterization in Defendants' Interrogatory is accurate or complete.

11.    Plaintiff objects to the Interrogatories to the extent they purport to require
Plaintiffs to disclose information concerning any expert or other person or entity retained
by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any
such person or entity will not be designated by Plaintiff as a trial witness on the grounds
that such disclosure is neither relevant nor reasonably calculated to lead to the discovery
of admissible evidence; and (b) on the grounds that any such present disclosure is
prejudicial to Plaintiff's preparation of this case and is not required by the Federal Rules
of Civil Procedure.

12.    Plaintiff reserves the right to make additional objections to these
Interrogatories and to supplement and/or amend her responses to them as discovery
continues.

13.    All responses given below incorporate the above General Objections and
no response given by Plaintiff shall be deemed to constitute a waiver of any such
objections.

## RESPONSES TO INTERROGATORIES

Interrogatory No. 1:

Provide the identity and title of all persons who participated in the preparation of
these Interrogatory responses, excluding counsel.

Response No. 1:

Plaintiff incorporates her General Objections by reference and, in addition,
objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad,

4

unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

Lorraine Kopa.

Interrogatory No. 2:

State Plaintiff's full name and any nicknames or aliases by which Plaintiff has ever been known; Plaintiff's present address, date of birth, and social security number; whether Plaintiff has ever been married, and, if so, the date of each marriage and the name and address of each spouse; and the name, address and birth dates of any children.

Response No. 2:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

| | |
|---|---|
| Full Name: | Lorraine Mary Kopa. |
| Current Address: | 190 Gordon Avenue, Carbondale, Pennsylvania 18407. |
| Date of Birth: | August 6, 1939. |
| Children: | Walter C. Loomis, III. |
| Marital Status: | Plaintiff is not currently married. |

Interrogatory No. 3:

List the address(es) that Plaintiff resided at during the ten years prior to the matters alleged in the Complaint. As to each, state (a) the dates when Plaintiff resided at the address; and (b) the name and present address of each individual that resided with Plaintiff.

5

Response No. 3:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to, as limited by, and without

prejudice to these objections, Plaintiff responds as follows:

      a.     Plaintiff has resided at 190 Gordon Avenue, Carbondale, Pennsylvania for over ten years.
      b.     Plaintiff resides alone.

Interrogatory No. 4:

List the schools Plaintiff has attended, the years attended, and indicate for each

school (a) whether Plaintiff graduated; and (b) whether Plaintiff obtained any degrees,

and if so, the name of each degree obtained and the year in which it was obtained.

Response No. 4:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to, as limited by, and without

prejudice to these objections, Plaintiff responds as follows:

      1.     Carbondale High School.
            a.     Yes.
            b.     1959.
      2.     Eastern Vocational Technical School.
            a.     Yes.
            b.     LPN 1974.

Interrogatory No. 5:

State the name and address of each of Plaintiff's employers. As to each job

Plaintiff has held, state: (a) a description of the job; (b) Plaintiff's immediate supervisor;

(c) the dates each employment commenced and ended; and (d) the reasons the

employment ended.

Response No. 5:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to, as limited by, and without

prejudice to these objections, Plaintiff responds as follows:

1.  Moses Taylor Hospital.
    a.  Emergency Room Nurse.
    c.  1998 to present.
2.  Allied Services.
    a.  Nurse.
    c.  1995 to 1998.
3.  Lackawanna Health Care Center.
    a.  Nurse.
    c.  1992-1998.

Interrogatory No. 6:

If Plaintiff has ever been involved in any other legal action, state: (a) the nature of

the action; (b) the date, place and court in which it was filed; (c) the names of the parties

involved; (d) the nature of Plaintiff's involvement; (e) the result of any judgment or

award; and (f) if the action was a class action, also state whether the class was certified

and whether Plaintiff was and remained the named Plaintiff or class representative.

Response No. 6:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

      a.    Personal injury (automobile accident).
      b.    Pennsylvania Court of Common Pleas, Lackawanna County.
      c.    Lorraine Kopa (Plaintiff), Eugene Schreiber (Defendant).
      d.    Plaintiff.
      e.    Settled for $65,000.
      f.    Not a class action.

Interrogatory No. 7:

If Plaintiff has ever been convicted of a criminal offense, state: (a) the nature of the offense; (b) the name of the court in which each such matter or proceeding was filed or prosecuted; (c) each judgment or plea entered in connection with each such offense; (d) the sentence or other punishment imposed for each such offense; and (e) the name and address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with each such offense.

Response No. 7:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

Plaintiff has never been convicted of any criminal offense.

Interrogatory No. 8:

State, through the date of answering these interrogatories, (a) the name and address of each physician or other health care professional who has treated or examined Plaintiff and set forth the purpose or purposes of such treatment or examination; and (b) the name and address of any hospital or other medical facility to which Plaintiff was admitted, the date of admission and date of discharge, the reasons for admission, and the nature of treatment rendered.

Response No. 8:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, and to the extent this request relates to treatment for Plaintiff's medical condition as set forth in the Complaint, Plaintiff responds:

a. Dr. V.D. Dhaduk, 141 Salem Avenue, Carbondale, Pennsylvania;
   Dr. Thomas J. Craparo, 10 Dundaff Street, Carbondale, Pennsylvania.
b. Moses Taylor Hospital, 700 Quincy Avenue, Scranton Pennsylvania,
   admitted April 22, 2003 for injuries received in an automobile accident.

Interrogatory No. 9:

If Plaintiff has ever consulted a psychiatrist, psychologist or other mental health professional, including, but not limited to, an individual with a Masters of Social Work ("MSW"), or undergone psychiatric or psychological examination or treatment, state: (a) the date(s) upon which the consultation, examination or treatment was given; (b) the name, address and specialty of the person performing the consultation, examination or treatment; and (c) the reason for the consultation, examination or treatment.

Response No. 9:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 10:

Identify any and all medications (whether prescription or not) or drugs (whether prescription or not) which Plaintiff took orally, by injection, through ingestion, by suppository or by external application, at any time prior to the service of the response to these interrogatories. As to each, state: (a) the brand or generic name; (b) the date or dates taken; (c) the dosage taken; (d) the nature of any reaction or side effect; (e) whether Plaintiff took the medication according to a prescription by a licensed physician or other health care professional or not; (f) the name, address and occupation of the person who prescribed the substance if applicable; (g) the reason or reasons for which the substance was prescribed or taken; (h) whether the medication was prescribed for an indication not approved by the United States Food and Drug Administration ("FDA"); and (i) if any of the medications identified were prescribed for an indication not approved by the FDA, state whether the person who prescribed the substance informed the Plaintiff that the drug was for an indication not approved by the FDA.

Response No. 10:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without

10

prejudice to these objections, and to the extent this request relates to treatment for

Plaintiff's medical condition as set forth in the Complaint, Plaintiff responds:

     a.     Neurontin.

     b-i.    Plaintiff responds that to the extent that the requested information is available from documents within Plaintiff's possession and control, such documents, as they relate to treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to Defendants.

Interrogatory No. 11:

Describe in detail the nature of Plaintiff's pain and the medical care that she has

received from any physician, psychiatrist, psychologist or other mental health

professional to treat her pain, including, but not limited to: (a) the date on which Plaintiff

first learned that she suffered from pain; (b) the name and current address of each

physician, psychiatrist, psychologist or other mental health professional from whom she

has received treatment; (c) the date of each treatment; and (d) a description of the

treatment (whether it be through surgery, prescription drug, or otherwise).

Response No. 11:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to, as limited by, and without

prejudice to these objections, Plaintiff responds that to the extent that the requested

information is available from documents within Plaintiff's possession and control, such

documents, as they relate to treatment for Plaintiff's medical condition as set forth in the

Complaint, will be produced to Defendants.

Interrogatory No. 12

      Identify each medication or drug prescribed or ingested by Plaintiff to treat her

pain, and for each describe in detail: (a) the dates the medication was taken; (b) the

dosage taken; (c) whether the medication was effective for treating Plaintiff's pain; (d)

whether Plaintiff experienced any side effects while taking the medication; (e) when

Plaintiff stopped taking the medication; and (f) why Plaintiff stopped taking the

medication.

Response No. 12:

      Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence.  Subject to, as limited by, and without

prejudice to these objections, and to the extent this request relates to treatment for

Plaintiff's medical condition as set forth in the Complaint, Plaintiff responds:

      Neurontin.

a-f.    Plaintiff responds that to the extent that the requested information is
available from documents within Plaintiff's possession and control, such
documents, as they relate to treatment for Plaintiff's medical condition as
set forth in the Complaint, will be produced to Defendants.

Interrogatory No. 13

      Identify which, if any, of the medications identified in the response to

Interrogatory No. 12 were taken by Plaintiff for an off-label use, and for those medicines

state (a) whether Plaintiff was aware that she was taking the drug for an off-label use; (b)

how Plaintiff became aware she was taking a drug for an off-label use; and (c) when

Plaintiff became aware she was taking the drug for an off-label use.

Response No. 13:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, calls for a legal conclusion, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 14:

State whether Plaintiff ingested Neurontin, and if so identify: (a) the date on which Plaintiff started using Neurontin; (b) the date on which Plaintiff stopped using Neurontin; (c) the name of the individual(s) who prescribed the Neurontin to you, including the individual(s) current and known past business addresses and any hospital or medical group affiliation(s); (d) the date or dates on which Neurontin was prescribed to Plaintiff; (e) the indication for which the individual(s) prescribed Neurontin to Plaintiff; (f) the dosage(s) at which Neurontin was prescribed; (g) the individual(s) who dispensed Neurontin to you, including the name and address of each pharmacy, clinic or other source from which Plaintiff obtained Neurontin; (h) the dosage of Neurontin dispensed by these individual(s); and (i) the dates on which the Neurontin was dispensed to Plaintiff. The answer to this interrogatory should reflect all uses for which Plaintiff has ever been prescribed or ingested Neurontin.

Response No. 14:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without

prejudice to these objections, and to the extent this request relates to treatment for

Plaintiff's medical condition as set forth in the Complaint, Plaintiff responds:

> Yes.
> a.    Approximately October 2003.
> b.    Approximately May 2004.
> c.    Dr. V.D. Dhaduk, 141 Salem Avenue, Carbondale, Pennsylvania.
> d.    October 23, 2003; November 11, 2003; December 29, 2003; January 25, 2004; February 23, 2004; March 17, 2004; April 25, 2004.
> e.    Pain and inflammation.
> f.    300 mg.
> g.    CVS Pharmacy, Westside Shopping Mall, Carbondale, Pennsylvania.
> h.    300 mg.
> i.    October 23, 2003; November 11, 2003; December 29, 2003; January 25, 2004; February 23, 2004; March 17, 2004; April 25, 2004.

Interrogatory No. 15:

If there were any directions, instructions or warnings concerning proper use of

Neurontin provided to Plaintiff at any time, state: (a) the exact contents of such

instructions or warning; (b) the place and manner in which such directions, instructions or

warnings were given to Plaintiff; and (c) the person or person who provided such

directions, instructions or warnings.

Response No. 15:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to, as limited by, and without

prejudice to these objections, Plaintiff responds:

> a.    Take one capsule at bedtime.
> b.    On the prescription label.
> c.    Plaintiff's pharmacist.

<u>Interrogatory No. 16</u>:

Describe in detail (a) any reasons expressed by the physician who prescribed Neurontin to Plaintiff for writing the prescription; and (b) the information, if any, the Plaintiff's physician gave to Plaintiff when he or she prescribed Neurontin to Plaintiff, whether delivered orally or in writing, including but not limited to the package insert for Neurontin.

<u>Response No. 16</u>:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds that to the extent that the requested information is available from documents within Plaintiff's possession and control, such documents, as they relate to treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to Defendants. Plaintiff further responds:

    a.    To relieve pain.

<u>Interrogatory No. 17</u>:

State whether Plaintiff or anyone Plaintiff knew, including but not limited to Plaintiff's physician(s), believed Neurontin was effective in treating Plaintiff's pain at any time, and if so, describe in detail how Neurontin was perceived to have helped, who believed Neurontin was helping, and when the person or persons had this belief.

<u>Response No. 17</u>:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Plaintiff objects to this Interrogatory on the grounds that it seeks information not in Plaintiff's knowledge, possession or control.

Interrogatory No. 18:

State whether you received or viewed any advertising regarding Neurontin, and if so, describe the type and content of the advertising, the name of the advertiser, and the dates that you viewed or heard the advertising.

Response No. 18:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

No.

Interrogatory No. 19

State whether a representative of Defendant ever made any statement about Neurontin to Plaintiff or to the physician who prescribed Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

Response No. 19:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds as follows:

> No representative of Defendant ever made any statement about Neurontin to Plaintiff.

Interrogatory No. 20

Describe in detail Plaintiff's knowledge that she was taking Neurontin for an off-label use, including (a) when Plaintiff first learned the use of Neurontin for pain was an off-label use; (b) how Plaintiff learned this fact; (c) who told Plaintiff this fact; (d) what, if anything, Plaintiff did upon learning this fact; and (e) whether Plaintiff identified Neurontin as being used for an off-label use on any forms or in any correspondence with any entity or person who reimbursed or was requested to reimburse Plaintiff for any costs associated with Plaintiff's ingestion of Neurontin.

Response No. 20:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, calls for a legal conclusion, seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected by the attorney-client privilege and work product doctrine.

Interrogatory No. 21

State whether the physician who prescribed Neurontin to Plaintiff (a) ever attended any seminars or events at which the use of Neurontin to treat pain, or any other off-label use, was discussed; and if so, state the date(s) of the event(s), the location of the event(s), the title of the event(s), and the subject matter discussed; and (b) ever received a grant or participated in a study whose purpose was to explore the use of Neurontin to

17

treat pain, or any other off-label use; and if so, describe the amount of the grant, the entity

who gave the grant or sponsored the study, the purpose of the grant or study, the name of

the person who received the grant or took part in the study, and the results of the grant or

study.

Response No. 21:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence.  Furthermore, Plaintiff objects to this

Interrogatory on the grounds that it seeks information not in Plaintiff's knowledge,

possession or control.

Interrogatory No. 22:

State whether there have been any communications between Plaintiff and Parke-

Davis, Warner-Lambert, or Pfizer, including but not limited to online, phoned, mailed or

faxed communications, including the dates of any such communications.

Response No. 22:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence.  Subject to, as limited by, and without

prejudice to these objections, Plaintiff responds as follows:

No.

Interrogatory No. 23

Identify with specificity each injury that you contend or allege Defendants caused in any way and, if Plaintiff is still receiving treatment for injuries arising out of the matters alleged in the Complaint, state (a) the nature of such treatments; (b) the frequency of such treatments; and (c) each physician and/or health care professional who is conducting or prescribing such treatments.

Response No. 23:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds that to the extent that the requested information is available from documents within Plaintiff's possession and control, such documents, as they relate to treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to Defendants.

Interrogatory No. 24:

Itemize all damages you claim to have incurred, directly or indirectly, as a result of the allegations in your Complaint, including, but not limited to, (a) any time from work that is alleged to have been lost as a result of the matters alleged in the Complaint (and if so, each date on which time was lost and the amount of time lost; Plaintiff's wage on each such date; and the total amount of wages allegedly lost); and (b) all medical and pharmaceutical expenses, nursing expenses, and therapy and counseling expenses, including the name and address of each person who provided goods or services in connection with each such expense, the nature of the goods or services provided, the

dates of all services rendered to you or provision of goods to you, the monetary amount

of each such expense or item of damages, and the name and address of the person or

entity paying such obligation.

Response No. 24:

Plaintiff incorporates her General Objections by reference and, in addition,

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to, as limited by, and without

prejudice to these objections, Plaintiff responds as follows:

> Plaintiff estimates that her out-of-pocket damages are approximately $130.93.
> Additionally, Plaintiff missed days of work due to headaches and fatigue caused
> by Neurontin.

Interrogatory No. 25

Describe in detail (a) the amount of money you paid for Neurontin, and describe

any reimbursements by insurers, health care plans, or any other entity made to Plaintiff or

directly to the physician and / or pharmacy for the costs of Neurontin; and (b) any health,

medical, or other policy or policies of insurance under which you are currently covered or

were covered at the time that you received Neurontin, including the nature and type of the

policy; the name, address, and telephone number of the entity or plan that sponsors the

policy; the amount and type of coverage provided by each policy (including information

related to co-pays, coinsurance, and deductibles); the entity providing the coverage and

the policy number; the effective period of the policy; and whether the coverage is

provided by or through your employer, former employer, a labor organization, or

otherwise.

<u>Response No. 25</u>:

Plaintiff incorporates her General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiff responds that to the extent that the requested information is available from documents within Plaintiff's possession and control, such documents, as they relate to treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to Defendants. Plaintiff further responds as follows:

> Plaintiff estimates that she paid $130.93 for Neurontin. Most of the cost of Neurontin was covered by Plaintiff's health insurance, but Plaintiff is unable at this time to determine the exact dollar amount that her insurance contributed towards the purchase of Neurontin.

Dated: New York, New York
      June 2, 2005

                    **BERNSTEIN LIEBHARD & LIFSHITZ, LLP**

      By:

                    Keith M. Fleischman
                    Ronald J. Aranoff
                    Jeffrey D. Lerner
                    10 East 40th Street, 22nd Floor
                    New York, NY 10016
                    (212) 779-1414

                    **Counsel for Plaintiffs**

21

By:     /s/ Thomas M. Sobol
        Thomas M. Sobol
        Hagens Berman LLP
        One Main Street, 4th Floor
        Cambridge, MA 02142
        (617) 482-8200
        (617) 482-3003 (fax)

        **Plaintiffs' Liaison Counsel**


By:     /s/ Barry Himmelstein
        Barry Himmelstein, Esquire
        Lieff Cabraser Heimann & Bernstein
        Embarcadero Center West
        275 Battery Street, 30th Floor
        San Francisco, CA 94111-3339


By:     /s/ Don Barrett
        Don Barrett, Esquire
        Barrett Law Office
        404 Court Square North
        P.O. Box 987
        Lexington, MS 39095


By:     /s/ Daniel Becnel, Jr.
        Daniel Becnel, Jr., Esquire
        Law Offices of Daniel Becnel, Jr.
        106 W. Seventh Street
        P.O. Drawer H
        Reserve, LA 70084


By:     /s/ James Dugan
        James Dugan, Esquire
        Dugan & Browne
        650 Poydras St., Suite 2150
        New Orleans, LA 70130


By:     /s/ Thomas Greene
        Thomas Greene Esquire
        Greene & Hoffman
        125 Summer Street
        Boston, MA 02110

        **Members of the Class Plaintiffs'
        Steering Committee**

## CERTIFICATION OF PLAINTIFF LORRAINE KOPA

I, LORRAINE KOPA, of full age, hereby certify that the facts set forth in the foregoing responses to Defendants' First Set of Interrogatories are true. I am aware that if any of the foregoing factual statements made by me are willfully false, I am subject to punishment.

Dated: June 2, 2005

_LORRAINE KOPA_