# EXHIBIT 3

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | MDL DOCKET NO. 1629 |
| | ) | |
| In re: NEURONTIN MARKETING AND | ) | Lead Docket No.: 1:04-cv-10981-PBS |
| SALES PRACTICES LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| ALL CLASS ACTIONS: | ) | |
| | ) | Judge Patti B. Saris |

_____

### ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF GERALD SMITH

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Gerald

Smith (hereinafter "Smith"), by his undersigned attorneys, hereby responds to Defendants Pfizer,

Inc., and Warner-Lambert Company's (hereinafter, "Defendants") First Set Of Interrogatories To

Plaintiff Gerald Smith ("Interrogatories"). All answers refer to the interrogatories unless

otherwise noted.

### PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Interrogatories are made for the sole purpose

of this litigation. Each response is subject to all objections as to competence, relevance,

materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on

grounds that would require the exclusion of any response herein if such were offered in Court,

which objections are reserved and may be interposed at the time of trail.

No incidental or implied admissions are intended in this response. Plaintiffs' response to

all or any part of these Interrogatories should not be taken as an admission that: (1) Plaintiff

1

accepts or admits the existence of any fact(s) set forth in or assumed by the Interrogatories; or (2) Plaintiff has in his/her possession, custody or control documents responsive to that Interrogatory; or (3) documents responsive to that Interrogatory exists. Plaintiff's response to all or any part of any Interrogatories is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of his/her objection(s) to that Interrogatory.

Plaintiff and his/her counsel have not completed (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trail. The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1.    Plaintiff objects to these requests to the extent they are inconsistent with, or seek to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts or any applicable scheduling order, case management order or other ruling of the Court.

2.    Plaintiff objects to these Interrogatories to the extent that they seek information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff will not produce such information.

2

3.    Plaintiff objects to these Interrogatories to the extent they seek information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

4.    Plaintiff objects to these Interrogatories to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information.

5.    Plaintiff objects to these Interrogatories to the extent they seek information not available or known to Plaintiff.

6.    Plaintiff objects to these Interrogatories to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

7.    Plaintiff objects to these Interrogatories to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiff or others.

8.    Plaintiff objects to these Interrogatories to the extent they are vague, ambiguous, or overbroad.

9.    Plaintiff objects to these requests to the extent they call for the production of documents in a mutually agreeable place. Plaintiff reserves the right to produce all documents kept in its ordinary course of business.

10.     Plaintiff objects to these Interrogatories to the extent they constitute premature contention interrogatories.  Production of such information, at this time, could irreparably prejudice Plaintiff's further investigation, development and prosecution of this litigation and serves no purpose other than to harass and burden Plaintiff and to unnecessarily delay and needlessly increase the cost of this litigation to all parties.

11.     Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Interrogatories. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in Defendant's Interrogatory is accurate or complete.

12.     Plaintiff objects to the Interrogatories to the extent they purport to require Plaintiffs to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiff as a trail witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Ruled of Civil Procedure.

13.     Plaintiff reserves its right to make additional objections to these Interrogatories and to supplement them and amend them as discovery continues.

14.     All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

4

## INTERROGATORIES

INTERROGATORY NO. 1:

Provide the identity and title of all persons who participated in the preparation of these Interrogatory responses, excluding counsel.

**ANSWER TO INTERROGATORY NO. 1:**  Gerald Smith

INTERROGATORY NO. 2:

State Plaintiff's full name and any nicknames or aliases by which Plaintiff has ever been known; Plaintiff's present address, date of birth, and social security number; whether Plaintiff has ever been married, and, if so, the date of each marriage and the name and address of each spouse; and the name, address and birth dates of any children.

**ANSWER TO INTERROGATORY NO. 2:**

Plaintiff objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Plaintiff states that Gerald E. Smith resides at 1711 W. State Road 236, Roachdale, IN 46172. He was born on 5/7/66. He has two children, Cole B. Smith and Briana N. Smith.

INTERROGATORY NO. 3:

List the address(es) that Plaintiff resided at during the ten years prior to the matters alleged in the Complaint. As to each, state (a) the dates when Plaintiff resided at the address; and (b) the name and present address of each individual that resided with Plaintiff.

5

**ANSWER TO INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory on the grounds that seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and as limited by, the foregoing objections, Plaintiff further responds: 1711 W. State Road 236, Roachdale, IN 46172; Cole and Briana Smith, children.

INTERROGATORY NO. 4:

List the schools Plaintiff has attended, the years attended, and indicate for each school (a) whether Plaintiff graduated; and (b) whether Plaintiff obtained any degrees, and if so, the name of each degree obtained and the year in which it was obtained.

**ANSWER TO INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Plaintiff states that he graduated from North Putnam High School in 1984.

INTERROGATORY NO. 5:

State the name and address of each of Plaintiff's employers. As to each job Plaintiff has held, state: (a) a description of the job; (b) Plaintiff's immediate supervisor; (c) the dates each employment commenced and ended; and (d) the reasons the employment ended.

**ANSWER TO INTERROGATORY NO. 5:**

Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Plaintiff states that he has worked for the following employers: 1.    Abe Hodgen, 1970 W SR 236, Roachdale, IN 46172, Farm Labor;

2.    McFarland Construction, R.R.2 Box F 108, Booneville, KY 41314, Carpenter;

3.    Nucor Steel, Route 2, Box 311, Crawfordsville, IN 47933, Crane Operator;

4.    Roachdale Building Supplies, P.O. Box 315 Roachdale, IN 46172;

5.    Wurster Construction, 8463 Castlewood Dr. Indianapolis, IN, Carpenter.

INTERROGATORY NO. 6:

If Plaintiff has ever been involved in any other legal action, state: (a) the nature of the action; (b) the date, place and court in which it was filed; (c) the names of the parties involved; (d) the nature of Plaintiff's involvement; (e) the result of any judgment or award; and (f) if the action was a class action, also state whether the class was certified and whether Plaintiff was and remained the named Plaintiff or class representative.

**ANSWER TO INTERROGATORY NO. 6:**

Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Plaintiff states that he has been involved in the following individual litigation: (1) Gerald Smith and Ronda Smith v. Michael Jones and Raleigh Norris; Case No. 54D01-0010-CT- 0319; Montgomery Superior Court, Montgomery County, Indiana, filed October 17, 2000: personal injury action filed by Plaintiff and former spouse to recover damages arising out of an automobile accident, resolved December, 2002 for total recovery of $225,000.00.

(2) Gerald Smith v. Ronda Smith; divorce proceeding.

7

INTERROGATORY NO. 7:

If Plaintiff has ever been convicted of a criminal offense, state: (a) the nature of the offense; (b) the name of the court in which each such matter or proceeding was filed or prosecuted; (c) each judgment or plea entered in connection with each such offense; (d) the sentence or other punishment imposed for each such offense; and (e) the name and address of each institution in which Plaintiff was confined or referred for treatment or counseling in connection with each such offense.

**ANSWER TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 8:

State, through the date of answering these interrogatories, (a) the name and address of each physician or other health care professional who has treated or examined Plaintiff and set forth the purpose or purposes of such treatment or examination; and (b) the name and address of any hospital or other medical facility to which Plaintiff was admitted, the date of admission and date of discharge, the reasons for admission, and the nature of treatment rendered.

**ANSWER TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to the medical care or treatment that did not involve the prescription of Neurontin. Without waiving such objection, Plaintiff has been treated Dr. Kulene Huler, 5250 East US 36, Ste. 610, Avon, IN  46123.

INTERROGATORY NO. 9:

If Plaintiff has ever consulted a psychiatrist, psychologist or other mental health professional, including, but not limited to, an individual with a Masters of Social Work ("MSW"), or undergone psychiatric or psychological examination or treatment, state: (a) the date(s) upon which the consultation, examination or treatment was given; (b) the name, address and speciality of the person performing the consulting, examination or treatment; and (c) the reason for the consultation, examination or treatment.

**ANSWER TO INTERROGATORY NO. 9:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 10:

Identify any and all medications (whether prescription or not) or drugs (whether prescription or not) which Plaintiff took orally, by injection, through ingestion, by suppository of by external application, at any time prior to the service of the response to these interrogatories. As to each state: (a) the brand or generic name; (b) the date or dates taken; (c) the dosage taken; (d) the nature of any reaction or side effect; (e) whether Plaintiff took the medication according to a prescription by a licensed physician or other health care professional or not; (f) the name, address and occupation of the person who prescribed the substance if applicable; (g) the reason or reasons for which the substance was prescribed or taken; (h) whether the medication was prescribed for an indication not approved by the United States Food and Drug Administration ("FDA"); and (i) if any of the medications identified were prescribed for an indication not

approved by the FDA, state whether the person who prescribed the substance informed the Plaintiff that the drug was for an indication not approved by the FDA.

**ANSWER TO INTERROGATORY NO. 10:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to the medical care or treatment that did not involve the prescription of Neurontin, and on the additional grounds that it seeks information that is not in the possession or control of the Plaintiff.

Subject to, and as limited by, and without prejudice to the foregoing objections, and to the extent this request relates to treatment for Plaintiff's medical condition as set forth in the Complaint, Plaintiff further responds that Plaintiff was prescribed Neurontin by Dr. Kulene Huler and took Neurontin for headache/pain management purposes in doses of ranging from 600 mg. per day 1800 mg per day during the period from October, 1999 through April, 2001.

INTERROGATORY NO. 11:

Describe in detail the nature of Plaintiff's headaches and neuropathic pain and the medical care that he has received from any physician, psychiatrist, psychologist or other mental health professional to treat these conditions, including, but not limited to: (a) the date on which Plaintiff first learned that he suffered from headaches and neuropathic pain; (b) the name and current address of each physician, psychiatrist, psychologist or other mental health professional from whom he has received treatment; (c) the date of treatment; and (d) a description of the treatment (whether it be through surgery, prescription drug, or otherwise).

**ANSWER TO INTERROGATORY NO. 11:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to the medical care or treatment that did not involve the prescription of Neurontin, and on the additional grounds that it seeks information that is not in the possession or control of the Plaintiff.

Subject to, and as limited by, and without prejudice to the foregoing objections, and to the extent this request relates to treatment for Plaintiff's medical condition as set forth in the Complaint, Plaintiff further responds that Plaintiff suffered severe headaches and pain as a result of an auto accident in March 15, 1999. See Answers to Interrogatories 8 and 10. Plaintiff further responds that to the extent that the requested information is available from documents within Plaintiffs' possession and control, such documents, as they relate to treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to Defendants.

INTERROGATORY NO. 12:

Identify each medication or drug prescribed or ingested by Plaintiff to treat his headaches and/or neuropathic pain, and for each describe in detail: (a) the dates the medication was taken; (b) the dosage taken; (c) whether the medication was effective for treating Plaintiff's headaches and/or neuropathic pain; (d) whether Plaintiff experienced any side effects while taking the medication; (e) when Plaintiff stopped taking the medication; and (f) why Plaintiff stopped taking the medication.

**ANSWER TO INTERROGATORY NO. 12:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to

11

the discovery of admissible evidence insofar as it relates to the medical care or treatment that did

not involve the prescription of Neurontin, and on the additional grounds that it seeks information

that is not in the possession or control of the Plaintiff.

Subject to, and as limited by, and without prejudice to the foregoing objections, and to

the extent this request relates to treatment for Plaintiff's medical condition as set forth in the

Complaint, Plaintiff further responds that Neurontin was ineffective for pain and headache

treatment. Plaintiff discontinued Neurontin in April, 2001 because it was not effective. See

Answers to Interrogatories 8, 10 and 11. Plaintiff further responds that to the extent that the

requested information is available from documents within Plaintiffs' possession and control,

such documents, as they relate to treatment for Plaintiff's medical condition as set forth in the

Complaint, will be produced to Defendants.

INTERROGATORY NO. 13:

Identify which, if any, of the medications identified in the response to Interrogatory No.

12 were taken by Plaintiff for an off-label use, and for those medicines state (a) whether Plaintiff

was aware that he was taking the drug for an off-label use; (b) how Plaintiff became aware he

was taking a drug for an off-label use; and (c) when Plaintiff became aware he was taking the

drug for an off-label use.

**ANSWER TO INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly

burdensome, calls for a legal conclusion and seeks information that is not relevant and not

reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to the

medical care or treatment that did not involve the prescription of Neurontin. Plaintiff further

12

objects to the interrogatory on the grounds that it seeks information that falls within the scope of

the attorney client privilege.

INTERROGATORY NO. 14:

State whether Plaintiff ingested Neurontin, and if so identify: (a) the date on which

Plaintiff started using Neurontin; (b) the date on which Plaintiff stopped using Neurontin; (c) the

name of the individual(s) who prescribed the Neurontin to you, including the individual(s)

current and known past business addresses and any hospital or medical group affiliation(s); (d)

the date or dates on which Neurontin was prescribed to Plaintiff; (e) the indication for which the

individual(s) prescribed Neurontin to Plaintiff; (f) the dosage(s) at which Neurontin was

prescribed; (g) the individual(s) who dispensed Neurontin to you, including the name and

address of each pharmacy, clinic or other source from which Plaintiff obtained Neurontin; (h) the

dosage of Neurontin dispensed by these individual(s); and (i) the dates on which the Neurontin

was dispensed to Plaintiff. The answer to this interrogatory should reflect all uses for which

Plaintiff has ever been prescribed or ingested Neurontin.

**ANSWER TO INTERROGATORY NO. 14:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly

burdensome and seeks information that is not relevant and not reasonably calculated to lead to

the discovery of admissible evidence and on the additional grounds that it seeks information that

is not in the possession or control of the Plaintiff.

Subject to, and as limited by, and without prejudice to the foregoing objections,

and to the extent this request relates to treatment for Plaintiff's medical condition as set forth in

the Complaint, Plaintiff further responds: see Answers to Interrogatories 8, 10, and 11. Plaintiff

further responds that to the extent that the requested information is available from documents

13

within Plaintiffs' possession and control, such documents, as they relate to treatment for

Plaintiff's medical condition as set forth in the Complaint, will be produced to Defendants.


INTERROGATORY NO. 15:

　　　If there were any directions, instructions or warnings concerning proper use of Neurontin

provided to Plaintiff at any time, state:  (a) the exact contents of such instructions or warning; (b)

the place and manner in which such directions, instructions or warnings were given to Plaintiff;

and (c) the person or person who provided such directions, instructions or warnings.

**ANSWER TO INTERROGATORY NO. 15:**

　　　Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly

burdensome and seeks information that is not relevant and not reasonably calculated to lead to

the discovery of admissible evidence insofar as it relates to the medical care or treatment that did

not involve the prescription of Neurontin, and on the additional grounds that it seeks information

that is not in the possession or control of the Plaintiff.

　　　Subject to, and as limited by, and without prejudice to the foregoing objections, and to

the extent this request relates to treatment for Plaintiff's medical condition as set forth in the

Complaint, Plaintiff further responds that to the extent that the requested information is available

from documents within Plaintiffs' possession and control, such documents, as they relate to

treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to

Defendants.

INTERROGATORY NO. 16:

　　　Describe in detail (a) any reasons expressed by the physician who prescribed Neurontin

to Plaintiff for writing the prescription; and (b) the information, if any, the Plaintiff's physician

gave to Plaintiff when he or she prescribed Neurontin to Plaintiff, whether delivered orally or in

writing, including but not limited to the package insert for Neurontin.

**ANSWER TO INTERROGATORY NO. 16:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly

burdensome and seeks information that is not relevant and not reasonably calculated to lead to

the discovery of admissible evidence insofar as it relates to the medical care or treatment that did

not involve the prescription of Neurontin, and on the additional grounds that it seeks information

that is not in the possession or control of the Plaintiff.

Subject to, and as limited by, and without prejudice to the foregoing objections, and to

the extent this request relates to treatment for Plaintiff's medical condition as set forth in the

Complaint, Plaintiff further responds that to the extent that the requested information is available

from documents within Plaintiffs' possession and control, such documents, as they relate to

treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to

Defendants.  Plaintiff further responds: see Answers to Interrogatories 8, 10, 11 and 15.

INTERROGATORY NO. 17:

State whether Plaintiff or anyone Plaintiff knew, including but not limited to Plaintiff's

physician(s), believed Neurontin was effective in treating Plaintiff's headaches and/or

neuropathic pain at any time, and if so, describe in detail how Neurontin was perceived to have

helped, who believed Neurontin was helping, and when the person or persons had this belief.

**ANSWER TO INTERROGATORY NO. 17:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly

burdensome and seeks information that is not relevant and not reasonably calculated to lead to

the discovery of admissible evidence and on the additional grounds that it seeks information that is not in the possession or control of the Plaintiff.

Subject to, and as limited by, and without prejudice to the foregoing objections, and to the extent this request relates to treatment for Plaintiff's medical condition as set forth in the Complaint, Plaintiff further responds: see Answers to Interrogatories 8, 10, 11 and 15.

INTERROGATORY NO. 18:

State whether you received or viewed any advertising regarding Neurontin, and if so, describe the type and content of the advertising, the name of the advertiser, and the dates that you viewed or heard the advertising.

**ANSWER TO INTERROGATORY NO. 18:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, calls for a legal conclusion and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to the medical care or treatment that did not involve the prescription of Neurontin. Without waiving such objection, Plaintiff has no information responsive to this interrogatory.

INTERROGATORY NO. 19:

State whether a representative of Defendant ever made any statement about Neurontin to Plaintiff or to the physician who prescribed Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

**ANSWER TO INTERROGATORY NO. 19:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, calls for a legal conclusion and seeks information that is not relevant and not

16

reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to the medical care or treatment that did not involve the prescription of Neurontin. Without waiving such objection, Plaintiff has no information responsive to this interrogatory.

INTERROGATORY NO. 20:

Describe in detail Plaintiff's knowledge that he was taking Neurontin for an off-label use, including (a) when Plaintiff first learned the use of Neurontin for headaches and/or neuropathic pain was an off-label use; (b) how Plaintiff learned this fact; (c) who told Plaintiff this fact; (d) what, if anything, Plaintiff did upon learning this fact; and (e) whether Plaintiff identified Neurontin as being used for an off-label use on any forms or in any correspondence with any entity or person who reimbursed or was requested to reimburse Plaintiff for any costs associated with Plaintiff's ingestion of Neurontin.

**ANSWER TO INTERROGATORY NO. 20:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the interrogatory on the grounds that it seeks information that falls within the scope of the attorney client privilege and is protected from disclosure pursuant to the work product doctrine.

INTERROGATORY NO. 21:

State whether the physician who prescribed Neurontin to Plaintiff (a) ever attended any seminars or events at which the use of Neurontin to treat headaches and/or neuropathic pain, or any other off-label use, was discussed; and if so, state the date(s) of the event(s), the location of the event(s), the title of the event(s), and the subject matter discussed; and (b) ever received a grant or participated in a study whose purpose was to explore the use of Neurontin to treat

headaches and/or neuropathic pain, or any other off-label use; and if so, describe the amount of the grant, the entity who gave the grant or sponsored the study, the purpose of the grant or study, the name of the person who received the grant or took part in the study, and the results of the grant or study.

**ANSWER TO INTERROGATORY NO. 21:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that is seeks information that is not within his possession or control.

INTERROGATORY NO. 22:

State whether there have been any communications between Plaintiff and Parke-Davis, Warner-Lambert, or Pfizer, including but not limited to online, phoned, mailed or faxed communications, including the dates of any such communications.

**ANSWER TO INTERROGATORY NO. 22:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that is seeks information that is not within his possession or control. Without waiving such objection, Plaintiff states that he has no information responsive to this interrogatory

INTERROGATORY NO. 23:

Identify with specificity each injury that you contend or allege Defendants caused in any way and, if Plaintiff is still receiving treatment for injuries arising out of the matters alleged in the Complaint, state (a) the nature of such treatments; (b) the frequency of such treatments; and

18

(c) each physician and/or health care professional who is conducting or prescribing such treatments.

**ANSWER TO INTERROGATORY NO. 23:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the additional grounds that it seeks information that is not in the possession or control of the Plaintiff.

Subject to, and as limited by, and without prejudice to the foregoing objections, and to the extent this request relates to treatment for Plaintiff's medical condition as set forth in the Complaint, Plaintiff further responds that to the extent that the requested information is available from documents within Plaintiffs' possession and control, such documents, as they relate to treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to Defendants. Plaintiff further responds: see Answers to Interrogatories 8, 10, 11 and 15.

INTERROGATORY NO. 24:

Itemize all damages you claim to have incurred, directly or indirectly, as a result of the allegations in your Complaint, including, but not limited to, (a) any time from work that is alleged to have been lost as a result of the matters alleged in the Complaint (and if so, each date on which time was lost and the amount of time lost; Plaintiff's wage on each such date; and the total amount of wages allegedly lost); and (b) all medical and pharmaceutical expenses, nursing expenses, and therapy and counseling expenses, including the name and address of each person who provided goods or services in connection with each such expense, the nature of the goods or services provided, the dates of all services rendered to you or provision of goods to you, the

19

monetary amount of each such expense or item of damages, and the name and address of the person or entity paying such obligation.

**ANSWER TO INTERROGATORY NO. 24:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the additional grounds that it seeks information that is not in the possession or control of the Plaintiff.

Subject to, and as limited by, and without prejudice to the foregoing objections, and to the extent this request relates to treatment for Plaintiff's medical condition as set forth in the Complaint, Plaintiff further responds that to the extent that the requested information is available from documents within Plaintiffs' possession and control, such documents, as they relate to treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to Defendants. Plaintiff further responds: see Answers to Interrogatories 8, 10, 11 and 15.

INTERROGATORY NO. 25:

Describe in detail (a) the amount of money you paid for Neurontin, and describe any reimbursements by insurers, health care plans, or any other entity made to Plaintiff or directly to the physician and/or pharmacy for the costs of Neurontin; and (b) any health, medical, or other policy or policies of insurance under which you are currently covered or were covered at the time that you received Neurontin, including the nature and type of the policy; the name, address, and telephone number of the entity or plan that sponsors the policy; the amount and type of coverage provided by each policy (including information related to co-pays, coinsurance, and deductibles); the entity providing the coverage and the policy number; the effective period of the policy; and

whether the coverage is provided by or through your employer, former employer, a labor organization, or otherwise.

**ANSWER TO INTERROGATORY NO. 25:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the additional grounds that it seeks information that is not in the possession or control of the Plaintiff.

Subject to, and as limited by, and without prejudice to the foregoing objections, and to the extent this request relates to treatment for Plaintiff's medical condition as set forth in the Complaint, Plaintiff further responds that to the extent that the requested information is available from documents within Plaintiffs' possession and control, such documents, as they relate to treatment for Plaintiff's medical condition as set forth in the Complaint, will be produced to Defendants. Plaintiff further responds: see Answers to Interrogatories 8, 10, 11 and 15. Plaintiff further responds that Plaintiff expended approximately $194.00 to purchase Neurontin.

I affirm under penalties for perjury that the foregoing statements are true and correct to the best of my knowledge and belief:

_____

Gerald Smith

As to objections:

COHEN & MALAD, LLP

By: _____ /s/ Irqin B. Levin _____
Irwin B. Levin
Richard E. Shevitz

21

By:     /s/ Thomas M. Sobol
        Thomas M. Sobol
        Hagens Berman LLP
        One Main Street, 4th Floor
        Cambridge, MA 02142
        (617) 482-8200
        (617) 482-3003 (fax)

**Plaintiffs' Liaison Counsel**

By:     /s/ Barry Himmelstein
        Barry Himmelstein, Esquire
        Lieff Cabraser Heimann & Bernstein
        Embarcadero Center West
        275 Battery Street, 30th Floor
        San Francisco, CA 94111-3339

By:     /s/ Don Barrett
        Don Barrett, Esquire
        Barrett Law Office
        404 Court Square North
        P.O. Box 987
        Lexington, MS 39095

By:     /s/ Daniel Becnel, Jr.
        Daniel Becnel, Jr., Esquire
        Law Offices of Daniel Becnel, Jr.
        106 W. Seventh Street
        P.O. Drawer H
        Reserve, LA 70084

By:     /s/ James Dugan
        James Dugan, Esquire
        Dugan & Browne
        650 Poydras St., Suite 2150
        New Orleans, LA 70130

By:     /s/ Thomas Greene
        Thomas Greene Esquire
        Greene & Hoffman
        125 Summer Street
        Boston, MA 02110

**Members of the Class Plaintiffs'
Steering Committee**