UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------x
:
In re: NEURONTIN MARKETING,         :  MDL Docket No. 1629
      SALES PRACTICES, AND          :
      PRODUCTS LIABILITY LITIGATION :  Master File No. 04-10981
:
------------------------------------x  Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO:           :  Magistrate Judge Leo T. Sorokin
:
ALL MARKETING AND                   :
SALES PRACTICES ACTIONS             :
:
------------------------------------x

**DEFENDANTS' SUBMISSION IN SUPPORT OF**
**<u>PROPOSED CASE SCHEDULE</u>**

In Discovery Order No. 3, dated July 16, 2006, this Court invited "the parties to explain briefly their respective positions regarding whether expert discovery should occur prior to the filing of summary judgment motions, as defendants propose, or after the filing of summary judgment motions as plaintiffs propose." On August 1, 2006, Plaintiffs submitted arguments in favor of their proposed schedule allowing expert discovery to conclude after the filing of summary judgment motions. Defendants Pfizer Inc. and Warner-Lambert Company now take this opportunity to explain why expert discovery should occur prior to the filing of summary judgment motions in order to avoid prejudice to defendants and to maintain the logical progression of discovery.

**<u>ARGUMENT</u>**

Defendants' proposed case schedule calls for expert discovery to follow fact discovery and to precede the filing of summary judgment motions. In contrast, plaintiffs propose that after fact discovery, expert discovery and the briefing of summary judgment motions occur

simultaneously. This makes no sense and is virtually unheard of. Defendants have every right to submit expert testimony in support of a motion for summary judgment if they so choose and to hear what plaintiffs' experts have to say before making their motion. Accepting plaintiffs' proposal will deny these rights and materially prejudice defendants. There is no reason that the appropriate and logical schedule should not be set now.

Plaintiffs' sole justification for their illogical proposal is misplaced. Plaintiffs argue that their proposed case schedule should be adopted because in the Franklin qui tam action, Judge Saris ruled on defendants' summary judgment motion "before turning to expert-related issues." Docket # 407 at 2 (citing United States ex rel. Franklin v. Parke-Davis, No. Civ. A. 96-11651-PBS, 2003 WL 22048255, at *5 (D. Mass. Aug. 22, 2003)). Plaintiffs mischaracterize the sequence of events in the Franklin action. In that action, the parties completed expert discovery before summary judgment motions were made. The court then considered expert testimony when deciding these motions. Although Judge Saris ultimately ruled that there were genuine issues of material fact regarding certain subjects addressed by expert testimony, Franklin, 2003 WL 22048255, at *4-5, the court's administration of the Franklin action demonstrates that expert discovery should be considered prior to the filing of summary judgment motions.

Plaintiffs' suggestion that their schedule would be more efficient should also be rejected. Efficiency cannot trump a parties' right to present all relevant and admissible evidence to the Court. While it might be faster to bar defendants from presenting information obtained during fact discovery to the Court in connection with a summary judgment motion, such an expedient scenario could not be countenanced. Similarly, there is no justification for barring defendants from presenting another type of relevant, admissible evidence – expert testimony – in support of

their summary judgment motion(s). Plaintiffs' proposal, however, would have exactly that effect. It must therefore be rejected.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court enter the case schedule previously proposed by Defendants.

Dated: August 9, 2006

                                                      DAVIS POLK & WARDWELL

                                                      By:   /s/ James P. Rouhandeh
                                                             James P. Rouhandeh

                                                      450 Lexington Avenue
                                                      New York, New York 10017
                                                      (212) 450-4000

                                                             - and -

                                                     HARE & CHAFFIN

                                                      By:   /s/ David B. Chaffin
                                                             David B. Chaffin

                                                      160 Federal Street
                                                      Boston, Massachusetts 02110
                                                      (617) 330-5000

                                                      *Attorneys for Defendants Pfizer Inc. and*
                                                      *Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 9, 2006.

                                                                 /s/David B. Chaffin