# BERNSTEIN LIEBHARD & LIFSHITZ, LLP
### ATTORNEYS AT LAW
10 EAST 40TH STREET
NEW YORK, NEW YORK 10016

(212) 779-1414
FAX: (212) 779-3218
www.bernlieb.com

July 24, 2006

**VIA FACSIMILE**
Patrick Murray, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

    Re:   *In Re Neurontin Marketing and Sales Practices Litigation*
            *MDL No. 1629*

Dear Patrick:

    This will confirm our understanding of the meet and confer session that was held this past Friday, July 21, 2006.

    It is Plaintiffs' understanding that a privilege log must be provided fourteen (14) days after any document production. It is also our understanding that the privilege log must contain ample information so as to allow the non-producing party the opportunity to contest any claim of privilege. (CMO #3 § F). You indicated that Defendants' understanding of CMO #3 was such that no privilege log was required until a party completed its entire production of documents in this case. While we disagree with your position, we suggested that, in an effort to avoid unnecessary motion practice, the parties agree to exchange privilege logs in thirty (30) days for all documents that have been withheld or, where applicable, redacted, to date and that, at the very least, the privilege log contain: 1) the specific nature of the document; 2) the author(s); 3) the recipient(s); 4) the date; 5) the title of the document and 6) the privilege asserted. You told us that you would talk to your colleagues and get back to us regarding this proposal. We agreed, as long as you did so expeditiously so as to allow us ample time to draft and file a motion for the next discovery hearing (July 27, 2006), should we be unable to reach an accord on this issue. Towards that end, please let me know by noon Eastern tomorrow (July 25, 2006) what your position is on this. If we do not hear from you, we will deem the issue ripe for adjudication.

    In addition, you indicated that you are close to producing documents relating to Mr. Smith and Ms. Kopa's Neurontin treating physicians. While we did not discuss or specify the type of documents that you are planning to produce when we spoke last Friday, prior to the stay of discovery in this case there was an abundant amount of discussion on the scope of the materials we expect to receive. So that there is no misunderstanding, please be advised that we expect to receive: (1) the complete, unredacted physician sales call databases for the Neurontin

NEW YORK    ◆    PENNSYLVANIA



BERNSTEIN LIEBHARD & LIFSHITZ, LLP

Patrick Murray, Esq.
July 24, 2006
Page 2

treating physicians, as well as for Dr. Huler and Dr. Dhaduk's past and current partners, including, but not limited to, Drs. Mark Muckaway, Oldrich J. Kolar, Jay A. Bauerle, José Arbona, Margaret Frazer, Heidi Lee, and Clare Braun-Hashemi; (2) the complete, unredacted clinical/medical communications databases for each of those physicians; and (3) any and all information related to those physicians' attendance at Neurontin events that are in the possession of Defendants or the medical marketing firms that arranged and/or hosted those events. Please let us know promptly the scope of your production. Please also let us know when you plan to make your production and to whom you will be producing the documents. We told you that we would require these documents and an appropriate privilege log with ample time to review the documents and challenge any claims of privilege, before we would agree to the deposition of any of these doctors. You indicated that you understood our position.

Next, we inquired as to when we would get the Sudler Hennessey and Cline Davis & Mann documents (the 40 boxes) that were ordered to be produced in the most recent discovery order from Magistrate Sorokin. (Discovery Order #3, fn 2). You said you would check with your colleagues and get back to us on a production date. Please get back to us on a production date by the middle of this week.

We next asked for a date to meet and confer to prepare a joint submission to Magistrate Sorokin regarding Plaintiffs' requests for production upon which the parties are still unable to agree. We are available to meet and confer on this issue on August 1st. We will try and budget one full day for this meet and confer. Please let us know promptly if that date works for you. Please also be prepared to address the topics that your colleague, James Murray, said he would get back to us on last year, but never did.

Finally, we discussed scheduling a meet and confer regarding the redacted documents that Defendants produced pertaining to Dr. Leslie Tive. We are available for a meet and confer on this issue on August 9th. Please let us know promptly if this date works for you.

If you have any questions about the foregoing, please do not hesitate to contact me.

Very truly yours,

Ronald J. Aranoff

cc: Thomas Greene, Esq.
　　Kenneth Fromson, Esq.
　　Irwin Levin, Esq.
　　Edward Notargiacomo, Esq.
　　Mark Sandmann, Esq.
　　Linda Nussbaum, Esq.
　　Gerald Lawrence, Esq.