UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL Docket No. 1629 Master File No. 04-10981 |
| THIS ORDER RELATES TO: ALL ACTIONS | ) ) ) ) ) | Judge Patti B. Saris Mag. Judge Leo T. Sorokin |

Discovery Order No. 4

August 17, 2006

SOROKIN, M.J.

Before the Court are the Sales and Marketing parties' competing scheduling proposals, the Sales and Marketing Plaintiffs' Motion to Compel (#397), the Defendants' Motion to Compel (#402) and the Products Liability Plaintiffs' Motion to Compel (#405). All documents produced pursuant to this Order, or otherwise, must comply with all applicable HIPPA requirements and, if necessary, the party producing the document must redact it to achieve HIPPA compliance.

1.   Pretrial Schedule

Expert discovery, including the disclosure of expert reports, shall precede the filing of Summary Judgment Motions, as Defendants propose, rather than follow the filing of the motions, as Plaintiffs propose. An Order will issue separately setting forth the schedule.

2.     <u>Plaintiffs' Motion to Compel Defendants' Compliance with CMO#3 (Dkt#397)</u>

The Motion to Compel is DENIED except as noted below.

All parties must produce privilege logs within thirty days of the production of the documents, CMO #3 is amended in this regard.  Defendants shall produce privilege logs for the documents already produced from twenty-eight custodians within ninety days of the date of this Order.  Regarding the <u>Franklin</u> privilege log issue, defense counsel shall send a letter to Plaintiffs' counsel explaining whether any documents were withheld and, if so, a proposed date for producing a privilege log.

3.     <u>Defendants' Motion to Compel Documents from Plaintiffs' (#402)</u>

The Motion to Compel is DENIED except as noted below.

Plaintiffs shall produce the non-Neurontin prescription drug claims for those persons prescribed Neurontin for the period one year before the first Neurontin prescription for the person to one year after the last Neurontin prescription for the person.  Plaintiff Kaiser shall provide the name of the doctor rather than the DEA number of the doctor.  Defendants may use the doctors' names for litigation purposes only.

Each Third Party Payor ("TPP") Plaintiff shall produce the medical claims data for each person prescribed Neurontin for the period one year before the first Neurontin prescription to one year after the last Neurontin prescription for that person.

Defendants' request for the medical records for all of the persons prescribed Neurontin and insured by the named TPP Plaintiffs presents an obvious burden and expense.  The parties have staked out diametrically opposing positions at the edges of the continuum of approaches to

this issue, e.g. Defendants seek at least the medical records of all such persons while Plaintiffs contend defendants should receive not a single document. Neither of these positions are persuasive. Whether or not these documents are ultimately relevant and admissible, the "discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). That said, the breadth of the discovery that Defendants seek would impose an "undue burden or expense," Fed. R. Civ. P. 26(c), on the TPP Plaintiffs as well as on the individual medical providers forced to find the documents. Accordingly, the Court orders the following:

    Each TPP Plaintiff shall produce the medical records in its possession, custody or control for a random selection of two percent of all persons for whom the TPP Plaintiff paid for Neurontin prescriptions for off-label uses at issue in this case, or for one hundred such persons, whichever number is greater. For each insured for whom a TPP must produce medical records, the TPP shall produce the medical records from the physician prescribing Neurontin to the insured for the period beginning one year prior to the insured's first Neurontin prescription and ending one year after the date of the last Neurontin prescription for that insured.

    The named individual plaintiffs must produce either all of their medical records for the period beginning one year prior to his or her first Neurontin prescription and ending one year after the date of his or her last Neurontin prescription, or a medical release authorizing Defendants to obtain the same.

    The Motion to Compel ASEA to review one million individual paper records to find the 136,000 out of network prescription claims to then review these 136,000 documents to find the subset of Neurontin prescriptions, if any, is DENIED. However, the question of whether ASEA

may obtain recovery for the Neurontin prescriptions within the foregoing records, absent such discovery, is not now before the undersigned.

Kaiser's obligation to produce documents is not limited to documents located in California. Kaiser's opposition indicates that in fact it has sought documents from outside California. Kaiser shall produce to defendants a list of Kaiser doctors that have prescribed Neurontin for the off-label uses at issue in this case.

4.   Products Liability Plaintiffs' Motion to Compel (#405)

The Motion to Compel is DENIED except as noted below.

Defendants shall produce the CMMS database and the Visitors Speakers database in their entirety rather than limited, as Defendants propose, to the individual Plaintiffs' prescribing physicians. While this discovery goes beyond the scope of the template discovery, it does not render the template discovery "futile." The template discovery served to resolve plaintiff specific discovery issues raised by the products liability actions.

Defendants' obligation to produce the so-called visitor speakers documents is not limited to the documents pertaining to the individual Plaintiffs' prescribing physicians. The parties shall confer in an effort to resolve the breadth and details of this request.

The confidentiality and contractual issues regarding the IMS (or related vendor) data shall be resolved by counsel through the existing confidentiality orders in place and any additional appropriate protections that may be necessary due to the nature of this information. Again, Defendants' obligation to produce the data is not limited to the data pertaining to the individual Plaintiffs' prescribing physicians. Accordingly, the parties shall confer to resolve the breadth and

details of this issue.

The Plaintiffs' requests regarding the media statements is moot in light of Defendants' response that they are producing the responsive documents, if any.

Plaintiffs' request for the United Kingdom and Ireland labels is moot in light of Defendants' response that they are producing these labels. Defendants shall clarify for Plaintiffs as to whether they are also producing the product summary information. The documents Plaintiffs refer to as "internal" or "basis" documents are relevant and material to the Plaintiffs' claims. The parties shall meet and confer to resolve the breadth and details of these requests.

In the future, the parties shall not file a discovery motion until the discovery responses are served and the meet and confer process, as to the subjects of the motion, concludes. All counsel are also reminded of the requirements of Local Rule 37.1(B)(2), (4) & (5).

SO ORDERED.

/s/ LEO T. SOROKIN
United States Magistrate Judge