UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1629 <br><br> Master File No.: 1:04-cv-10981-PBS <br><br> Judge Patti B. Saris <br> Mag. Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO: ALL MARKETING AND SALES PRACTICES ACTIONS | |

**MEMORANDUM IN SUPPORT OF SALES AND MARKETING PLAINTIFFS'
MOTION TO COMPEL DEFENDANTS TO COMPLY
WITH THE STIPULATED PROTECTIVE ORDER AND CMO #3**

Sales and Marketing Plaintiffs seek an order compelling Defendants to produce specific documents that Defendants admit are responsive and non-privileged but have nevertheless produced with extensive redactions based on a dubious claim of confidentiality. Even if the claim of confidentiality were meritorious (and it doesn't appear that it is), Case Management Order #3 simply does not permit such information to be redacted on the grounds of confidentiality. Moreover, the Stipulated Protective Order in this case, which is attached as Exhibit A, does not permit confidential information to be redacted; rather, it only permits Defendants to designate the information as being "confidential" and requires that the Plaintiffs take specific measures to preserve the confidentiality of the information. Defendants have now decided that they need not comply with either CMO #3 or the Stipulated Protective Order and can redact words, phrases and, in some cases, entire documents, that they would rather the Plaintiffs not see. Because the redacted information is non-privileged and relevant, and because the parties have already begun the process of deposing Pfizer employees—including various

3020v1

high-level scientists—Defendants' continual refusal to produce unredacted documents is highly prejudicial to the Plaintiffs.

As set forth below, Defendants have produced a significant amount of information in <u>Young v. Pfizer Inc. et al.</u>, 1062/2004, which is pending in New York state court. In producing these documents, Defendants liberally redacted portions of documents or entire documents, claiming that they are permitted to do so in the <u>Young</u> case. Even if they were permitted to make such redactions in the <u>Young</u> case (and the plaintiff in that case disputes this contention), they are simply not permitted to do so in the MDL. Defendants have not offered any good reason for the redactions. First, their claim that the redacted information is "sensitive" or "highly confidential" ignores the fact that the precise purpose of the Stipulated Protective Order is to protect such confidential information; the parties do not get to pick and choose when they comply with the Protective Order and when they do not. Moreover, their claim that it would be burdensome to re-produce these documents is undercut by their admission that they are not certain if there would even be any burden and that they would refuse to produce unredacted copies of the documents even if there were <u>no</u> burden. By this motion, Plaintiffs seek to enforce the Stipulated Protective Order and CMO #3 and have all redactions, except those based on privilege or HIPAA, removed.

## BACKGROUND OF THIS MOTION

Beginning in late 2005, and continuing through the middle of this year, Defendants have produced certain custodial files pertaining to 28 Pfizer employees in the <u>Young</u> case. The Parties have agreed that in order to alleviate Defendants' burden from having to separately produce documents in both this case and the <u>Young</u> case, Defendants could produce documents to the

plaintiff in the Young case, who would then relay them to the Consumer Plaintiffs, and those documents would be deemed as having been produced in the MDL.

The process seemed to be working smoothly until Sales and Marketing Plaintiffs determined that there were significant redactions in the documents being produced and that the overwhelming majority of these redactions appeared to have nothing to do with privileged communications or patient names. Sales and Marketing Plaintiffs had no immediate basis to challenge the redactions, since—as this Court is aware—Defendants had not produced privilege logs. However, it became clear that most of the redactions had to do with Pfizer's successor drug to Neurontin—pregabalin (Lyrica ®). When confronted with this information, Defendants conceded that the redacted information was mostly related to pregabalin and was not privileged or HIPAA-protected.

Prior to the deposition of Leslie Tive, Pfizer's head of the Medical Team for Neurontin, Sales and Marketing Plaintiffs asked Defendants to produce un-redacted copies of just the documents within Ms. Tive's custodial file. Defendants refused, and Ms. Tive was deposed without the benefit of un-redacted documents for one of the two allotted days on July 19, 2006. In a further effort to compromise, and to prevent delays of the depositions of other Pfizer custodians, Sales and Marketing Plaintiffs proposed that Defendants re-produce unredacted copies of only the redacted documents, rather than a new production of the 28 custodial files in their entirety. In a meet-and-confer conference on August 16, 2006, Defendants refused to produce corrected copies and instructed the Plaintiffs to file this motion.

**ARGUMENT**

Defendants cannot have their cake and eat it too—either documents produced in the Young case satisfy their discovery obligations in the MDL, or they don't. But Defendants

cannot be relieved of the burden of producing documents in the MDL on one hand by producing documents that are impermissibly redacted on the other. Short of ordering the Defendants to produce the custodial files twice—once in the Young case, and again in the MDL—the only solution is to have Defendants produce un-redacted copies of the documents that they have either partially or completely redacted. For the reasons set forth below, Defendants should be ordered to produce un-redacted copies of impermissibly redacted documents.

        A.        **Plaintiffs Are Entitled to Non-privileged, Responsive Custodial Information**

Defendants' position on redacting information contained in the Young custodial document production is baseless. First, Defendants claim that the information, even though it is not protected by any privilege or HIPAA, should remain redacted because they have confidentiality concerns. Second, Defendants have refused to provide the requested information free from redactions, claiming that it would be too burdensome to do so. For the following reasons, neither position is justified.

        1.        **Defendants Are Violating the Terms of the Protective Order**

On January 10, 2005, the Court issued a Stipulated Protective Order in this case to protect the parties respective confidentiality interests. See Stipulated Protective Order, attached hereto as Exhibit A. The Stipulated Protective Order governs all discovery materials in this case, including trade secrets, commercial information and other confidential documents. The purpose of the Protective Order is to protect such information from disclosure and the Order provides specific guidelines on how any materials deemed "confidential" are to be filed under seal. In fact, the Protective Order is the only means for the parties to protect confidential information. Allowing parties to pick and choose which information is governed by the Protective Order and which information is not renders the Protective Order meaningless. If the information that is

redacted is truly confidential, Defendants must designate the document as such and produce it free of redaction. The Protective Order simply allows for no other mechanism.

There is simply no reason why these documents, which supposedly contain trade secrets or highly confidential information, cannot be shown to the Plaintiffs pursuant to the Protective Order. Plaintiffs are not competitors of Pfizer, nor do they intend to enter the pharmaceutical business. Under the clear terms of the negotiated Protective Order, trade secrets and other confidential information are protected from disclosure by a carefully tailored arrangement governing, inter alia, how the parties are to designate, seal, use and return such information. If these documents are designated confidential, they will not be made public under the terms of the Order.[1] These provisions were negotiated and agreed upon by the parties and Ordered by the Court for the very purpose of protecting the parties' confidentiality. Defendants have not argued for any modification of the Protective Order. Thus, the information must be produced, confidential or otherwise.

Moreover, it seems clear that the information redacted is not even confidential. Defendants have conceded that most of the improper redactions relate to pregabalin, the successor drug to Neurontin. Pregabalin, of course, is directly relevant to this case, as is explained in the following passage from the complaint:

> Not only did Pfizer continue the promotion of the off-label promotional programs initially established by Parke-Davis, but it deliberately expanded the promotion of off-label uses in order to set up sales of its planned successor to Neurontin, pregabalin, which was introduced at the start of 2005 under the trade name Lyrica. Pregabalin's chemical composition was closely related to Neurontin, and Pfizer intended to have it approved for the off-label uses that Neurontin was

---

[1] Contrary to the Defendants unsupported citation, there are no exceptions to the Stipulated Protective Order, which governs "the treatment of pleadings, correspondence, legal memoranda, documents and other discovery materials, and any other information or written materials which have been filed, exchanged, served, produced or received by they parties during pre-trial proceedings in the actions that have been assigned to the above captioned multi-district litigation, as well as any and all copies, abstracts and summaries (the 'Discovery Materials')." The scope of the Order includes "trade secrets or other confidential research, development, or commercial information." This is precisely the information that Defendants now seek to withhold, in violation of the Protective Order.

> marketed for. In essence, Pfizer's marketing program was to introduce pregabalin as a "new improved" version of Neurontin. Thus, between 2000 and the end of 2004, Pfizer intentionally sought to have physicians use Neurontin for the pain and psychiatric indications it anticipated for pregabalin, and then switch physicians to its newer, "improved" drug once that drug was actually approved for use by the FDA. Pfizer anticipated pregabalin would be approved just about the time that Neurontin's patent expired, and accordingly the off-label marketing of Neurontin was closely coordinated with Pfizer's pre-marketing of pregabalin. Pfizer intended the off-label marketing campaigns described below to continue through the introduction of pregabalin at the end of 2004.

Second Amended Class Action Complaint, ¶ 44 (emphasis added).[2] Plaintiffs are not aware of any other drug being redacted. It would be quite a coincidence that the only drug product whose name is being redacted happens to be the only drug whose connection to Neurontin is discussed in the complaint.[3] Clearly, the attempt to hide their tracks with respect to pregabalin negatively impacts that Sales and Marketing Plaintiffs' ability to prove a key element of their case against Defendants, and thus is highly prejudicial.

### 2. Defendants' Claim of Burden Is Without Merit

Defendants have not shown that there will be anything more than a minimal burden to produce unredacted copies of these documents. Defendants admit that the redactions were performed electronically by their vendor, Amici LLC. Like all vendors, Amici LLC is required[4] to keep a separate, "clean" electronic copy of documents, which were scanned copies of the paper originals made prior to the redactions. These documents have already been segregated and reviewed. Unredacted copies could easily be produced electronically be producing the "clean" copy of the files in questions. In fact, the printing or electronic copying process is as simple as the push of a button. Somewhat surprisingly, between the three lawyers participating at the

---

[2] Defendants have not moved to dismiss these allegations.

[3] There is a lone reference to Viagra, anther Pfizer product; this reference is unrelated to any of the claims asserted in the complaint.

[4] Otherwise, redactions would be an alteration of an original, which could lead to spoliation of evidence claims.

3020v1                                     6

August 16th meet-and-confer for the Defendants, none could state whether there would in fact be any burden on the Defendants.  Counsel agreed to investigate the idea of producing the clean copies and report back to the Plaintiffs; two weeks have gone by, and Sales and Marketing Plaintiffs have still not heard back from Pfizer's counsel.

Worse, Defendants' counsel stated that they would refuse to re-produce the redacted documents no matter how <u>little</u> the burden.  Perhaps this is an admission that there really is no burden.  Defendants would not need to repeat their efforts in reviewing the production for privilege since, with the case of Leslie Tive and a few other custodians, they have <u>already</u> created a privilege log; moreover, they have been ordered to produce a privilege log for the remainder of the custodial files.  Thus, all Defendants would need to do is produce unredacted copies of the documents which do not appear on any privilege log. Therefore, determining which documents are not subject to a claim of privilege should take little time. For this reason, Defendants should be ordered to immediately begin supplementing their production in the <u>Young</u> case by producing unredacted copies of all documents that have been redacted on grounds other than a valid privilege or for HIPAA-protection , beginning with the custodial file of Leslie Tive.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request this Court: (1) grant Sales and Marketing Plaintiffs' Motion to Compel Defendants' Compliance with the Stipulated Protective Order and CMO #3; (2)  produce unredacted copies of all custodial file documents thus far produced with the exception of those redactions that are permitted by CMO #3; and (3) any other relief that may be justified.

Dated:  August 31, 2006  By their attorneys,

*Members of the Class Plaintiffs' Steering Committee*

By:  **/s/ Thomas M. Greene**

Thomas Greene, Esquire, BBO # 210020
Greene & Hoffman
125 Summer Street
Boston, MA 02110

By:  **/s/ Don Barrett**

Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By:  **/s/ Daniel Becnel, Jr.**

Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By:  **/s/ James Dugan**

James Dugan, Esquire
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130

By: **/s/ Barry Himmelstein**

Barry Himmelstein, Esquire
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By: **/s/ Thomas M. Sobol**

Thomas M. Sobol, Esquire
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

*Members of the Plaintiffs' Non-Class Steering Committee*

By: **/s/ Richard Bemporad**

Richard Bemporad, Esquire
Lowey Dannenberg Bemporad & Selinger, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY  10601

By: **/s/ Linda P. Nussbaum**

Linda P. Nussbaum, Esquire
Cohen Milstein Hausfeld & Toll
150 East 52nd Street, 13th Floor
New York, NY 10022