UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| ALL MARKETING AND SALES PRACTICES ACTIONS | Magistrate Judge Leo T. Sorokin |

---

**DECLARATION OF KATHRYN M. CARNEY COLE**

KATHRYN M. CARNEY COLE declares upon penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1. I am an attorney associated with the law firm Davis Polk & Wardwell, counsel for Defendants Pfizer Inc. and Warner-Lambert Company in this action.

2. I submit this declaration in support of Defendants' Opposition to Sales and Marketing Plaintiffs' Motion To Compel, filed September 5, 2006.

3. I have personal knowledge of the matters stated herein.

4. Defendants have produced certain documents in the case captioned Young v. Pfizer Inc., et al., pending in New York State Court, to counsel for plaintiff, Finkelstein & Partners ("Finkelstein"). Defendants produced documents from twenty-eight custodians, totaling 62,359 documents in the amount of 919,596 pages. The bulk of these materials were created in the period after Pfizer's merger with Warner-Lambert in June 2000, and many of the documents

produced were created after May 31, 2001. Over 15,000 of the documents produced, consisting of over 380,000 total pages, were produced, pursuant to an agreement between defense counsel and Kenneth B. Fromson, Esq. of Finkelstein, bearing redactions of information relating to drugs other than Neurontin. Defendants spent thousands of attorney hours redacting these documents and conducting second review to ensure the redactions were appropriate. These materials were produced between January 13, 2006 and June 5, 2006.

     5.     During a teleconference I participated in on February 24, 2006, defense counsel and Mr. Fromson, Esq., further agreed that defendants would provide plaintiff with privilege logs corresponding to the custodial files but would not be required to produce a similar log to correspond to redactions made on the basis of other drugs.

     6.     On August 16, 2006, counsel for sales and marketing plaintiffs and counsel for defendants engaged in a meet-and-confer session regarding plaintiffs' outstanding document requests and other discovery issues, including the issue regarding redactions to the documents produced in <u>Young</u>. During that meet-and-confer session, counsel for defendants stated that if plaintiffs were particularly concerned about redactions made to certain documents that they felt were of importance, plaintiffs could identify those documents and defendants would consider un-redacting them. Plaintiffs informed defendants that they intended to make a motion to compel the production of the custodial files previously produced in <u>Young</u> in un-redacted form.

     7.     At the meet-and-confer session and in a subsequent telephone call, counsel for defendants expressed their intention to move to modify CMO 3 to allow redactions of sensitive information relating to non-responsive drugs contained in documents produced in the MDL. The parties agreed that such a request to modify CMO 3 could be included in the opposition to

plaintiffs' motion to compel these materials, rather than providing the Court with multiple briefs addressing largely identical issues.

8. At the August 16, 2006 meet-and-confer session, counsel for defendants also explained that privileged documents had been inadvertently produced by defendants in another Neurontin matter.

9. Attached at Exhibit A is a true and correct copy of a letter from Deborah MacGregor, Esq. to Susan Collyer, Esq., dated August 24, 2006.

10. Attached at Exhibit B is a true and correct copy of a letter from Kenneth B. Fromson, Esq. to Kathryn Carney Cole, Esq., dated July 12, 2006.

Dated: New York, New York
September 5, 2006

s/ Kathryn M. Carney Cole_____
Kathryn M. Carney Cole

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 1, 2006.

/s/David B. Chaffin_____