## <u>MEMORANDUM IN SUPPORT OF DEFENDANT JAMES P. HALL, D.O.'S MOTION FOR REMAND</u>

### 1.

### <u>INTRODUCTION</u>

On December 22, 2005, Plaintiffs Jennifer Mecija, Jhoanne Mecija, and Jeffrey Mecija, all individually and as successors-in-interest to the estate of Henry C. Mecija (collectively the "plaintiffs"), filed a wrongful death/products liability complaint in the Superior Court of the State of California in and for the County of Orange (Case No. 05CC13416) against Defendants Pfizer, Inc., Parke-Davis, Warner-Lambert Company, Warner-Lambert Company LLC, James P. Hall, D.O. ("Dr. Hall"), and Does 1-100. (Declaration of Byron J. Beam ("Beam decl.") at para. 2) On March 16, 2006, Defendants Pfizer, Inc., Parke-Davis, Warner-Lambert Company and Warner-Lambert LLC (collectively, "Pfizer") removed this action from the California Superior Court in Orange County to the United States District Court, Central District of California, claiming that the Federal Court had original jurisdiction over the case based on diversity of citizenship. (Beam decl. at para. 3)  Specifically, Pfizer claimed that defendant Dr. Hall, a California resident and non-diverse defendant is a "sham" or "fraudulent" defendant, and that the plaintiffs' cause of action against California defendant Dr. Hall is barred by the statute of limitations set forth in California Code of Civil Procedure section 340.5.

On March 30, 2006, Dr. Hall filed his Motion for Remand to the California

**NOTICE OF MTN. AND MTN. OF DEFENDANT JAMES P. HALL, D.O.  FOR REMAND TO ORANGE COUNTY SUPERIOR COURT; MEMO.  IN SUPPORT OF MOTION**

Superior Court in Orange County where the case was originally filed on the basis that the statute of limitations did not run against plaintiffs' claim against the doctor pursuant to California Code of Civil Procedure section 364, therefore Dr. Hall is not a "sham" defendant as claimed by Pfizer, Inc.  The hearing for Dr. Hall's Motion for Remand was set for April 24, 2006.  (Beam decl. at para. 4)

Thereafter, on or about April 12, 2006, a Conditional Transfer Order (CTO-21) was issued, notifying all parties of the intended transfer of the above-captioned action to the United States District Court for the District of Massachusetts. This transfer is proposed pursuant to 28 U.S.C. §1407.

On April 19, 2006, the Honorable David O. Carter of the United States District Court, Central District of California, upon receiving the April 12, 2006 Condition Transfer Order issued by the U.S. Judicial Panel on Multidistrict Litigation, took the April 24, 2006 hearing off calendar and decided to stay his decision on Dr. Hall's Motion for Remand until the Conditional Transfer Order becomes final or is otherwise disposed of by the U.S. Judicial Panel on Multidistrict Litigation.  (Beam decl. at para. 5) On April 22, 2006, Dr. Hall timely filed his Notice of Opposition to the Conditional Transfer Order with the U.S. Judicial Panel on Multidistrict Litigation.  Thereafter, Dr. Hall filed his Motion to Vacate Transfer Order on May 26, 2004. (Beam decl. at para. 6) On August 9, 2006, the U.S. Judicial Panel on Multidistrict Litigation issued an Order to Transfer the above-captioned action to the United States District Court for the District of

Massachusetts before the Honorable Patti B. Saris. (Beam decl. at para. 7)

Dr. Hall urges this Court to remand the case back to the state court due to the lack of diversity jurisdiction. Pfizer is wrong and its removal process that initiated the above chain of events was improper because Dr. Hall is not a "sham" or "fraudulent" defendant. The plaintiffs' claim against Dr. Hall is not barred by the statute of limitations contained in California Code of Civil Procedure section 340.5 because the plaintiffs' medical negligence cause of action was tolled by California Code of Civil Procedure section 364.

**2.**

## LEGAL ARGUMENT

### A.    Standard of Review Upon A Motion For Remand

The removal statutes are strictly construed so as to limit removal jurisdiction. Doubts as to removability are resolved in favor of remanding the case to the state court. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941). Indeed, there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Pfizer alleges that this Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. §1332. An action can be removed for reasons of diversity of citizenship only if no defendant is a citizen of the State in which the action is brought. *28 U.S.C. §1441(b).* However, in the instant action, Dr. Hall is a California citizen,

and the plaintiffs are California citizens as Pfizer also admits in its Notice of Removal. Therefore, this Court does not have subject matter jurisdiction over this action based upon diversity of citizenship.

On March 30, 2006, Dr. Hall filed with the United States District Court, Central District of California, his Motion for Remanding case back to the California Superior Court in Orange County. However, his Motion was not ruled on before the case is transferred to this present Court. According to *In re Ivy*, 901 F. 2d 7 (2nd Cir. 1990) and *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001), issues regarding remanding case to state court, if not resolved in transferor courts by the time of the Section 1407 transfer, can be presented to and decided by the transferee judge. Hence, this Court has the authority to hear and decide on Dr. Hall's Motion.

## B.     California Defendant James P. Hall, D.O. Is Not A "Sham" Defendant.

A non-diverse, fraudulently joined, or "sham," defendant does not destroy diversity jurisdiction when that defendant cannot be liable under any theory of recovery. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998); *McCape v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). However, "[t]he burden of proving fraudulent joinder is a heavy one." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the instate defendant in state court, or that there has

7

NOTICE OF MTN. AND MTN. OF DEFENDANT JAMES P. HALL, D.O. FOR REMAND TO ORANGE COUNTY SUPERIOR COURT; MEMO. IN SUPPORT OF MOTION
131598.1

been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.*

The inquiry is not whether the plaintiff will actually prevail on the merits, but whether there is a possibility that she may do so. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *Ritchey v. Upjohn Drug Co.*, supra, 139 F.3d at 1318-1319 (9th Cir. 1998); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999) ("slight" possibility of recovery ends jurisdictional inquiry). Furthermore, in evaluating sham defendant claims, the Court "must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Dodson*, 951 F.2d at 42.

Finally, courts do not find a defendant to be fraudulently joined if the complaint otherwise alleges sufficient facts to state a claim against that defendant but relies upon a legal theory or requests relief that is not available. *Air Line Pilots Association v. Transamerica Airlines, Inc.*, 817 F.2d 510, 516 (9th Cir. 1987) ("a complaint is not to be dismissed because the plaintiff's lawyer has misconceived the proper legal theory of its claim, but is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, regardless of whether it has asked for the proper relief.")

For the reasons stated below, Pfizer has not meet its burden of proving that Dr. Hall is a "sham" defendant, and its removal of this action is improper.   As such, remand is required.

///

///

1. The Statute of Limitations Contained in California Code of Civil Procedure Section 340.5 Does Not Bar Plaintiffs' Claim Against California Defendant James P. Hall, D.O. Because Plaintiffs' Medical Negligence Cause of Action Was Tolled by California Code of Civil Procedure Section 364.

Defendant Dr. Hall is not barred by the statute of limitations set forth in California *Code of Civil Procedure* section 340.5. California *Code of Civil Procedure* section 340.5 provides in pertinent part that "[i]n an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." *California Code of Civil Procedure section 340.5*

According to the Complaint, the Plaintiffs' decedent died on September 30, 2004. Thus, the Plaintiffs had one year, or until September 30, 2005, to file their suit. However, even though the Plaintiffs' suit was not filed until December 22, 2005, almost three months after the date the statute of limitations would have otherwise expired, their action against Dr. Hall is not barred by the statute of limitations. Rather, because the plaintiffs' attorney sent a Notice of Intention to Bring Suit upon Dr. Hall pursuant to California *Code of Civil Procedure* section 364 on September 29, 2005, the statute of limitations was tolled. (Beam decl. at para. 8)

California *Code of Civil Procedure* section 364(a) provides that "[n]o action based

upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action."  California *Code of Civil Procedure* section 364(d) provides that "[i]f the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice." *California Code of Civil Procedure section 364(a) and (d).*

The California Supreme Court clearly ruled that the timely service of a notice of intent to sue pursuant to *Code of Civil Procedure section 364(d)* within the last ninety (90) days of the one-year limitations period of *Code of Civil Procedure section 340.5* allows the plaintiff a period of one year and ninety days in which to file suit.  *Woods v. Young,* supra at 325 and 328.  This holding was reaffirmed in *Russell v. Stanford University Hospital,* 15 Cal 4th 783, 785 (1997) and *Davis v. Marin,* 80 Cal. App. 4th 380, 385-386 (2000) .  The tolling effect of the timely service of a notice of intention to sue pursuant to *Code of Civil Procedure section 364(d)* applies to the one year period to file suit as well as to the outside three year period. *Woods*, supra at 328; *Silver v. McNamee* 69 Cal. App. 4th 269, 278 (1999) .

Furthermore, *Code of Civil Procedure section 364(b)* states in substance that no particular form of notice is required and *Code of Civil Procedure section 364(c)* states that, "notice may be served in the manner prescribed in Chapter 5 (commencing with Section 1010) of Title 14 of Part 2." *Code of Civil Procedure section 1012* allows service of the notice upon the addressee at either the addressee's residence or office.  Exhibit 7 attached

to the Declaration of Byron J. Beam in support of defendant Hall's Motion for Remand reveals that the Notice of Intent to Commence Action pursuant to *Code of Civil Procedure section 364* was served upon Dr. Hall by depositing the Notice with the United States Postal Overnight Mail Courier on September 29, 2005, addressed to Dr. Hall' s medical offices, including his Cypress, California, office where the decedent was treated.

Plaintiffs' decedent is alleged in the complaint to have died by suicide on September 30, 2004.   The timely service of the *Code of Civil Procedure section 364* Notice on September 29, 2005, tolled the running of the one year limitation period to December 28, 2005, leaving one day left of the one year.  Plaintiffs had up to and including December 29, 2005, to timely file suit.  They actually filed suit on December 22, 2005, within the ninety day tolling period.  But to quote the *Woods* court, "Section 365 [*Code of Civil Procedure section 365*] states that a medical malpractice plaintiff's failure to comply with the 90-day notice requirement of section 364(a) does <u>not</u> invalidate court proceedings and is <u>not</u> jurisdictional, although failure to comply may subject the plaintiff's attorney to State Bar disciplinary proceedings... ." *Woods*, supra, at 324.  Therefore,  the fact that plaintiffs did not wait until the full ninety-day notice period had expired before filing suit does not invalidate the suit.

Defendant Hall is not defending the Sixth Cause of Action for Medical Malpractice on the basis the complaint was not timely filed, since there is no legal or factual support for that defense.   Here, Defendant Pfizer cannot meet its burden of showing that there is

absolutely no possibility that the plaintiffs can defeat a statute of limitations defense. Accordingly, the United States District Court does not have subject matter jurisdiction of the above-captioned action.

Once it is determined that there is no federal jurisdiction, remand is mandatory. *Insinga v. Labella*, 485 F.2d 249 (11th Cir. 1988); *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Covington v. Indemnity Ins. Co., 251 F.2d 390 (5th Cir. 1958); Chevron USA. Inc. v. Aguillard*, 296 F. Supp. 1030 (D.C. La. 1980). In light of defendant Pfizer's improper removal, this action should be remanded.

///

///

///

///

///

///

///

///

///

///

///

///

**NOTICE OF MTN. AND MTN. OF DEFENDANT JAMES P. HALL, D.O.  FOR REMAND TO ORANGE COUNTY SUPERIOR COURT; MEMO.  IN SUPPORT OF MOTION**

3.

<u>CONCLUSION</u>

Pfizer improperly  removed this action.  The plaintiff have timely filed a claim for

wrongful death due to medical negligence against nondiverse California defendant James P.

Hall, D.O. Pfizer has not meet its burden on removal of proving that Dr. Hall is a "sham"

defendant.  Accordingly, Defendant JAMES P. HALL, D.O., requests that. this action be

promptly remanded  to the California Superior Court in Orange County

where it was originally filed.

DATED: September 15, 2006___        ***/s/ Julia P. Cheng***
                                    **Attorneys for Defendant James P. Hall, D.O.**
                                    BYRON J. BEAM, Bar No.: 35825
                                    JULIA P. CHENG, Bar No.: 219771
                                    **BEAM BROBECK WEST BORGES & ROSA
                                    LLP**
                                    600 West Santa Ana Boulevard
                                    Suite 1000
                                    Santa Ana, California 92701-4586
                                    (714) 558-3944
                                    (714) 568-0129
                                    bbeam@bbwbrlawfirm.com
                                    jcheng@bbwbrlawfirm.com

## DECLARATION OF BYRON BEAM, ESQ.

1.      I am a partner in the law firm of Beam, Brobeck, West, Borges & Rosa

LLP, attorneys of record for defendant JAMES P. HALL, O.D..  The matters stated herein

are within my own personal knowledge and if called as a witness I could and would

competently testify thereto.

2.      Plaintiffs filed their Complaint with the California Superior Court

in Orange County (Case No. 05CC13416) on December 22, 2005, a copy of which is on

already on file with this Court.

3.      On March 16, 2006, defendant Pfizer filed its Notice of Removal of Action

under 28 U.S.C.§1441(b), a copy of which is on already on file with this Court.

4.      Defendant Hall filed his Motion for Remand on March 30, 2006, a copy of

which is on already on file with this Court.

 5.      An order taking defendant Hall's Motion for Remand under submission was

issued by the Honorable David O. Carter of the United States District Court, Central District

of California on April 19, 2006, a copy of which is on already on file with this Court.

6.      Defendant Hall filed his Motion to Vacate Transfer Order on May 26, 2006, a

copy of which is on already on file with this Court.

7.      Transfer Order for Docket No. 1629 In Re Neurontin Marketing, Sales Practices

and Products Liability Litigation was issued by the U.S. Judicial Panel on Multidistrict

Litigation on August 9, 2006, a copy of which is on already on file with this Court.

8.    Plaintiffs' Notice of Intention to Bring Suit upon Dr. Hall pursuant to California *Code of Civil Procedure* section 364, is dated September 29, 2005, a copy of which is on already on file with this Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Santa Ana, California on September 15, 2006.

*/s/ Byron J. Beam*
Byron J. Beam, Declarant

**NOTICE OF MTN. AND MTN. OF DEFENDANT JAMES P. HALL, D.O.  FOR REMAND TO ORANGE COUNTY SUPERIOR COURT; MEMO.  IN SUPPORT OF MOTION**
131598.1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 15, 2006.

DATED: September 15, 2006   */s/ Julia P. Cheng*

> **Attorneys for Defendant James P. Hall, D.O.**
> BYRON J. BEAM, Bar No.: 35825
> JULIA P. CHENG, Bar No.: 219771
> **BEAM BROBECK WEST BORGES & ROSA LLP**
> 600 West Santa Ana Boulevard
> Suite 1000
> Santa Ana, California 92701-4586
> (714) 558-3944
> (714) 568-0129
> bbeam@bbwbrlawfirm.com
> jcheng@bbwbrlawfirm.com

## SERVICE LIST

Donald S. Edgar, Esq.
Jeremy R. Fietz, Esq.
Edgar Law Firm
408 College Avenue
Santa Rosa, CA 95401
Telephone Number:          (707) 545-3200
Fax Number:                    (707) 578-3040
***Attorneys for Plaintiffs Jennifer Mecija, individually and as guardian ad litem for Jhoanne Mecija, a minor, and Jeffrey Mecija, all individually and as successors in interest to Estate of Henry C. Mecija***

Thomas P. Hanrahan
Rebecca G. Goldstein
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone Number:            (213) 896-6000
Fax Number:                       (213) 896-6600
**Attorneys for Defendants Pfizer Inc., Parke-Davis, Warner-Lambert Company and Warner-lambert Company LLC**

Of Counsel:
Scott W. Sayler
Douglas B. Maddock, Jr.
Shook, Hardy & Bacon L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone Number:            (816) 474-6550
Facsimile:                           (816) 421-5547
**Attorneys for Defendants Pfizer Inc., Parke-Davis, Warner-Lambert Company and Warner-lambert Company LLC**

Tobias L. Millrood
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087

Eleanor Louise Poliemeni
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY 12550

James P. Rouhandeh
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Thomas M. Sobol
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

**NOTICE OF MTN. AND MTN. OF DEFENDANT JAMES P. HALL, D.O.  FOR REMAND TO ORANGE**
131598.1                         **COUNTY SUPERIOR COURT; MEMO.  IN SUPPORT OF MOTION**

Adam S. Tolin
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808

**NOTICE OF MTN. AND MTN. OF DEFENDANT JAMES P. HALL, D.O.  FOR REMAND TO ORANGE**
**COUNTY SUPERIOR COURT; MEMO.  IN SUPPORT OF MOTION**

131598.1