(3) Where privilege is claimed for a document referred to in subrule (1), or where the court is uncertain of the relevance of or necessity for discovery of the document, the court may inspect the document to determine the issue.

### Preparation of Certified Copy

(4) The court may give directions respecting the preparation of a certified copy of a document referred to in subrule (1) and the certified copy may be used for all purposes in place of the original.

O. Reg. 560/84, r. 30.10.

### DOCUMENT DEPOSITED FOR SAFE KEEPING -- s. 30.11

**30.11** The court may order that a relevant document be deposited for safe keeping with the registrar and thereafter the document shall not be inspected by any person except with leave of the court. O. Reg. 560/84, r. 30.11.

C

# Regulation 194 --- RULES OF CIVIL PROCEDURE

## RULE 31 EXAMINATION FOR DISCOVERY -- ss. 31.01 to 31.11

### DEFINITION -- s. 31.01

**31.01** In rules 31.02 to 31.11, "document" has the same meaning as in clause 30.01(1)(a). O. Reg. 560/84, r. 31.01.

### FORM OF EXAMINATION -- s. 31.02

**31.02** (1) Subject to subrule (2), an examination for discovery may take the form of an oral examination or, at the option of the examining party, an examination by written questions and answers, but the examining party is not entitled to subject a person to both forms of examination except with leave of the court.

(2) Where more than one party is entitled to examine a person, the examination for discovery shall take the form of an oral examination, unless all the parties entitled to examine the person agree otherwise.

O. Reg. 560/84, r. 31.02.

### WHO MAY EXAMINE AND BE EXAMINED -- s. 31.03

#### Generally

**31.03** (1) A party to an action may examine for discovery any other party adverse in interest, once, and may examine that party more than once only with leave of the court, but a party may examine more than one person as permitted by subrules (3) to (8).

#### On Behalf of Corporation

(2) Where a corporation may be examined for discovery, the examining party may examine any officer, director or employee on behalf of the corporation, but the court on motion of the corporation before the examination may order the examining party to examine another officer, director or employee.

(3) Where an officer, director or employee of a corporation has been examined, no other officer, director or employee of the corporation may be examined without leave of the court.

### On Behalf of Partnership or Sole Proprietorship

(4) Where an action is brought by or against a partnership or a sole proprietorship using the firm name, each person who was, or is alleged to have been, a partner or the sole proprietor, as the case may be, at a material time, may be examined on behalf of the partnership or sole proprietorship.

### In Place of Person under Disability

(5) Where an action is brought by or against a party under disability,

(a) the litigation guardian may be examined in place of the person under disability; or

(b) at the option of the examining party, the person under disability may be examined if he or she is competent to give evidence,

but where the litigation guardian is the Children's Lawyer or the Public Guardian and Trustee, the litigation guardian may be examined only with leave of the court.

### Assignee

(6) Where an action is brought by or against an assignee, the assignor may be examined in addition to the assignee.

### Trustee in Bankruptcy

(7) Where an action is brought by or against a trustee of the estate of a bankrupt, the bankrupt may be examined in addition to the trustee.

### Nominal Party

(8) Where an action is brought or defended for the immediate benefit of a person who is not a party, the person may be examined in addition to the party bringing or defending the action.

### Limiting Multiple Examinations

(9) Where a party is entitled to examine for discovery,

(a) more than one person under this rule; or

(b) multiple parties who are in the same interest,

but the court is satisfied that multiple examinations would be oppressive, vexatious or unnecessary, the court may impose such limits on the right of discovery as are

just. O. Reg. 560/84, r. 31.03; O. Reg. 69/95, ss. 18, 19 and 20, parts.

## WHEN EXAMINATION MAY BE INITIATED -- s. 31.04

### Examination of Plaintiff

**31.04** (1) A party who seeks to examine a plaintiff for discovery may serve a notice of examination under rule 34.04 or written questions under rule 35.01 only after delivering a statement of defence and, unless the parties agree otherwise, serving an affidavit of documents.

### Examination of Defendant

(2) A party who seeks to examine a defendant for discovery may serve a notice of examination under rule 34.04 or written questions under rule 35.01 only after,

(a) the defendant has delivered a statement of defence and, unless the parties agree otherwise, the examining party has served an affidavit of documents; or

(b) the defendant has been noted in default.

### Completion of Examination

(3) The party who first serves on another party a notice of examination under rule 34.04 or written questions under rule 35.01 may examine first and may complete the examination before being examined by another party, unless the court orders otherwise.

O. Reg. 560/84, r. 31.04.

## ORAL EXAMINATION BY MORE THAN ONE PARTY -- s. 31.05

**31.05** Unless the court orders or the parties agree otherwise, where more than one party is entitled to examine a party or person for discovery without leave, there shall be only one oral examination, which may be initiated by any party adverse to the party,

(a) who is to be examined; or

(b) on behalf or in place of whom, or in addition to whom, a person is to be examined.

O. Reg. 560/84, r. 31.05.

## SCOPE OF EXAMINATION -- s. 31.06

General

**31.06** (1) A person examined for discovery shall answer, to the best of his or her knowledge, information and belief, any proper question relating to any matter in issue in the action or to any matter made discoverable by subrules (2) to (4) and no question may be objected to on the ground that,

(a) the information sought is evidence;

(b) the question constitutes cross-examination, unless the question is directed solely to the credibility of the witness; or

(c) the question constitutes cross-examination on the affidavit of documents of the party being examined.

Identity of Persons Having Knowledge

(2) A party may on an examination for discovery obtain disclosure of the names and addresses of persons who might reasonably be expected to have knowledge of transactions or occurrences in issue in the action, unless the court orders otherwise.

Expert Opinions

(3) A party may on an examination for discovery obtain disclosure of the findings, opinions and conclusions of an expert engaged by or on behalf of the party being examined that relate to a matter in issue in the action and of the expert's name and address, but the party being examined need not disclose the information or the name and address of the expert where,

(a) the findings, opinions and conclusions of the expert relating to any matter in issue in the action were made or formed in preparation for contemplated or pending litigation and for no other purpose; and

(b) the party being examined undertakes not to call the expert as a witness at the trial.

O. Reg. 560/84, r. 31.06(1-3).

Insurance Policies

(4) A party may on an examination for discovery obtain disclosure of,

(a) the existence and contents of any insurance policy under which an insurer may be liable to satisfy all or part of a judgment in the action or to indemnify or reimburse a party for money paid in satisfaction of all or part of the judgment; and

(b) the amount of money available under the policy, and any conditions affecting its availability.

(5) No information concerning the insurance policy is admissible in evidence unless it is relevant to an issue in the action. O. Reg. 441/90, s. 7.

### Divided Discovery

(6) Where information may become relevant only after the determination of an issue in the action and the disclosure of the information before the issue is determined would seriously prejudice a party, the court on the party's motion may grant leave to withhold the information until after the issue has been determined. O. Reg. 560/84, r. 31.06(5).

## REFUSAL OR FAILURE TO ANSWER -- s. 31.07

### Effect of Refusal to Answer

**31.07** (1) Where a party, or a person examined for discovery on behalf of or in place of a party, has refused to answer a proper question or to answer a question on the ground of privilege, and has failed to furnish the information in writing not later than 60 days before the trial begins, the party may not introduce the information at trial except with leave of the trial judge.

### Effect of Failure to Answer in Accordance with undertaking

(2) Where a party, or a person examined for discovery on behalf of or in place of a party, has undertaken to answer a question but has failed to furnish the information in writing not later than 60 days before the trial begins, the party may not introduce the information at trial except with leave of the trial judge.

### Additional Sanction

(3) The sanction provided by subrules (1) and (2) is in addition to the sanctions provided by rule 34.15 (sanctions for default in examination).

O. Reg. 560/84, r. 31.07; O. Reg. 504/00, s. 4.

## EFFECT OF COUNSEL ANSWERING -- s. 31.08

**31.08** Questions on an oral examination for discovery shall be answered by the person being examined but, where there is no objection, the question may be answered by his or her counsel and the answer shall be deemed to be the answer of the person being examined unless, before the conclusion of the examination, the person repudiates, contradicts or qualifies the answer. O. Reg. 560/84, r. 31.08.

INFORMATION SUBSEQUENTLY OBTAINED -- s. 31.09

Duty to Correct Answers

**31.09** (1) Where a party has been examined for discovery or a person has been examined for discovery on behalf or in place of, or in addition to the party, and the party subsequently discovers that the answer to a question on the examination,

(a) was incorrect or incomplete when made; or

(b) is no longer correct and complete,

the party shall forthwith provide the information in writing to every other party.


Consequences of Correcting Answers

(2) Where a party provides information in writing under subrule (1),

(a) the writing may be treated at a hearing as if it formed part of the original examination of the person examined; and

(b) any adverse party may require that the information be verified by affidavit of the party or be the subject of further examination for discovery.

Sanction for Failing to Correct Answers

(3) Where a party has failed to comply with subrule (1) or a requirement under clause (2)(b), and the information subsequently discovered is,

(a) favourable to the party's case, the party may not introduce the information at the trial, except with leave of the trial judge; or

(b) not favourable to the party's case, the court may make such order as is just.

O. Reg. 560/84, r. 31.09.

DISCOVERY OF NON-PARTIES WITH LEAVE -- s. 31.10

General

**31.10** (1) The court may grant leave, on such terms respecting costs and other matters as are just, to examine for discovery any person who there is reason to believe has information relevant to a material issue in the action, other than an expert engaged by or on behalf of a party in preparation for contemplated or pending litigation.

### Test for Granting Leave

(2) An order under subrule (1) shall not be made unless the court is satisfied that,

(a) the moving party has been unable to obtain the information from other persons whom the moving party is entitled to examine for discovery, or from the person the party seeks to examine;

(b) it would be unfair to require the moving party to proceed to trial without having the opportunity of examining the person; and

(c) the examination will not,

(i) unduly delay the commencement of the trial of the action,

(ii) entail unreasonable expense for other parties, or

(iii) result in unfairness to the person the moving party seeks to examine.

### Costs Consequences for Examining Party

(3) A party who examines a person orally under this rule shall serve every party who attended or was represented on the examination with the transcript free of charge, unless the court orders otherwise.

(4) The examining party is not entitled to recover the costs of the examination from another party unless the court expressly orders otherwise.

### Limitation on Use at Trial

(5) The evidence of a person examined under this rule may not be read into evidence at trial under subrule 31.11(1).

O. Reg. 560/84, r. 31.10.

### USE OF EXAMINATION FOR DISCOVERY AT TRIAL -- s. 31.11

### Reading in Examination of Party

**31.11** (1) At the trial of an action, a party may read into evidence as part of the party's own case against an adverse party any part of the evidence given on the examination for discovery of,

(a) the adverse party; or

(b) a person examined for discovery on behalf or in place of, or in addition to the adverse party, unless the trial judge orders otherwise,

if the evidence is otherwise admissible, whether the party or person has already given evidence or not.

### Impeachment

(2) The evidence given on an examination for discovery may be used for the purpose of impeaching the testimony of the deponent as a witness in the same manner as any previous inconsistent statement by that witness.

### Qualifying Answers

(3) Where only part of the evidence given on an examination for discovery is read into or used in evidence, at the request of an adverse party the trial judge may direct the introduction of any other part of the evidence that qualifies or explains the part first introduced.

### Rebuttal

(4) A party who reads into evidence as part of the party's own case evidence given on an examination for discovery of an adverse party, or a person examined for discovery on behalf or in place of or in addition to an adverse party, may rebut that evidence by introducing any other admissible evidence.

### Party under Disability

(5) The evidence given on the examination for discovery of a party under disability may be read into or used in evidence at the trial only with leave of the trial judge.

### Unavailability of Deponent

(6) Where a person examined for discovery,

    (a) has died;

    (b) is unable to testify because of infirmity or illness;

    (c) for any other sufficient reason cannot be compelled to attend at the trial; or

    (d) refuses to take an oath or make an affirmation or to answer any proper question,

any party may, with leave of the trial judge, read into evidence all or part of the evidence given on the examination for discovery as the evidence of the person examined, to the extent that it would be admissible if the person were testifying in court.

(7) In deciding whether to grant leave under subrule (6), the trial judge shall consider,

    (a) the extent to which the person was cross-examined on the examination for discovery;

    (b) the importance of the evidence in the proceeding;

    (c) the general principle that evidence should be presented orally in court; and

    (d) any other relevant factor.

Subsequent Action

(8) Where an action has been discontinued or dismissed and another action involving the same subject matter is subsequently brought between the same parties or their representatives or successors in interest, the evidence given on an examination for discovery taken in the former action may be read into or used in evidence at the trial of the subsequent action as if it had been taken in the subsequent action.

O. Reg. 560/84, r. 31.11.

D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris<br>Magistrate Leo T. Sorokin |

CERTIFICATION

1.  My name is ___Matthew Baer___. I reside at ___London, Ontario___. I am employed as a partner/attorney by ___Siskinds law firm___, with offices at ___London, ON___.

2.  I have read the Protective Order (the "Order") that has been entered in this litigation, and a copy of it has been given to me. I understand the provisions of the Order, and agree to comply with and to be bound by its provisions.

3.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of February, 2006

Signature:

___Matthew Baer___

Print:

___Matthew Baer___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| ALL ACTIONS | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Protective Order ("Order") limiting the disclosure of discovered information and limiting the use of such information as hereinafter provided. IT IS HEREBY STIPULATED AND ORDERED THAT:

1. This Order shall govern the treatment of pleadings, correspondence, legal memoranda, documents and other discovery materials, and any other information or written materials which have been or will be filed, exchanged, served, produced or received by the parties during pre-trial proceedings in the actions that have been assigned to the above captioned multi-district litigation, as well as any and all copies, abstracts and summaries (the "Discovery Materials").

2. Definitions: As used herein, the following terms shall have the following meanings:

"The litigation" and "this litigation" shall refer to all actions that have been assigned to the above captioned Multi-District Litigation proceeding.

1

"The parties" shall refer to all of the parties in all of the actions that have been assigned to

the above captioned Multi-District Litigation proceeding.

"Trade secrets" and "other confidential research, development, or commercial

information" shall have the same meanings as such terms have been found to have in

Fed.R.Civ.P. 26(c)(7).

"Individually identifiable health information" shall have the same definition as set forth

in 42 U.S.C. § 1320d(6).

3.    Scope.

(a)    All documents and information furnished by a party in conjunction with

this litigation which contain (i) trade secrets or other confidential research, development, or

commercial information, or (ii) individually identifiable health information ("Confidential

Information") may be designated CONFIDENTIAL by said party and furnished to the other

parties pursuant to the terms of this Order. The party receiving designated Confidential

Information shall treat it as proprietary information and shall not use or disclose the information

except for the purposes set forth in this Order or such orders as may be issued by the Court

during the course of this litigation. The provisions of this Order extend to all designated

Confidential Information regardless of the manner in which it is disclosed, including but not

limited to documents, interrogatory answers, responses to requests for admissions, deposition

transcripts, deposition exhibits, and any other discovery materials produced by a party in

response to or in connection with any discovery conducted in this litigation, and any copies,

notes, abstracts or summaries of the foregoing materials.

2

(b)     The designation of information as "Confidential" shall constitute a

representation in accordance with Fed. R. Civ. P. 11 that such document, material or information

has been reviewed and that there is a good faith basis for such designation. The provisions of

Fed. R. Civ. P. 11 shall apply to any "Confidential" designation.

(c)     A party may not designate as "Confidential" information contained in

documents which are already in the possession of a third party even if the documents contain

information which would otherwise constitute Confidential Information, unless such documents

were provided to the third party subject to the terms of a protective order entered by a court of

competent jurisdiction. *pursuant to a writing requiring the information to be maintained in a confidential manner, or pursuant to statute.*

4.   <u>Designation of Confidentiality</u>.  Pursuant to paragraph 3 above, documents or

information may be designated CONFIDENTIAL within the meaning of this Order in the

following ways:

(a)     In the case of documents and the information contained therein,

designation shall be made by means of the following legend placed on each page of any such

document: "CONFIDENTIAL" or "CONFIDENTIAL PURSUANT TO COURT ORDER."

(b)     In the case of interrogatory answers, responses to request for admissions

and the information contained therein, designation shall be made by means of a statement in the

answers or responses specifying that the answers or responses or specific parts thereof are

designated CONFIDENTIAL.  The following legend shall be placed on the front of any set of

interrogatory answers or responses to requests for admission containing Confidential

Information: "CONTAINS CONFIDENTIAL INFORMATION."

3

(c)    In the case of depositions and the information contained in depositions
(including exhibits), designation of the portions of the transcript (including exhibits) which
contain Confidential Information shall be made by a letter setting forth the specific pages and
lines which disclose Confidential Information from counsel for the party or witness producing
such information within thirty (30) days of receipt of the deposition transcript or copy thereof (or
written notification that the transcript is available). During the deposition if such counsel makes
a statement to the effect that the witness is disclosing Confidential Information the entire
deposition transcript (including exhibits) shall be treated as Confidential under this Order until
the expiration of the above-referenced thirty-day period for designation by letter, except that the
deponent may review the transcript of his or other own deposition during this thirty-day period.
The following legend shall appear on the first page of the transcript and each copy of the
transcript containing Confidential Information: "CONTAINS CONFIDENTIAL
INFORMATION." If part of a videotaped deposition is designated as CONFIDENTIAL, the
videocassette or other videotape container shall be labeled with the legend provided for in
paragraph 3(a) above.

(d)    To the extent that matter stored or recorded in the form of electronic or
magnetic media (including information, files, databases or programs stored on any digital or
analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material")
is produced by any party in such form, the producing party may designate such matters as
CONFIDENTIAL by cover letter referring generally to such matter. Whenever any party to
whom Computerized Material designated as CONFIDENTIAL is produced reduces such material

4

to hardcopy form, such party shall mark such hardcopy form with the legend provided for in paragraph 4 (a) above.

(e)     To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated CONFIDENTIAL, that party and/or its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information.

(f)     All documents and materials filed with the Court containing or reflecting the contents of Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption to the Litigation, a generic designation of the contents, the words CONFIDENTIAL INFORMATION - SUBJECT TO COURT ORDER and words in substantially the following form:

> This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated ___, 200_, shall not-be opened nor, the contents displayed or revealed except as provided in that order of by further order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only whose portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential and may be disclosed only in accordance with this Order. Where possible, only those portions of such filings which are Confidential Information shall be filed under seal. No party or other person may have access to

any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding District Judge, the Judge's law clerks and other Court personnel without further order of the Court. Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the party which filed a sealed document fails to remove the document within the appropriate time frame, the document may be destroyed by the Clerk. Regardless of any provision in this Order to the contrary, a party does not have to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party, however, any such filing shall constitute a waiver of confidentiality for any documents, material or information contained in such a filing.

5. Use of [Discovery Materials] / [Confidential Information]. Any [Discovery Materials] / [Confidential Information] received by a party shall be used by that party solely for the purpose of conducting this litigation and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law. If the use of [Discovery Materials] / [Confidential Information] is required by law, the person using such information shall give notice to counsel for the producing party in accordance with paragraph 14 below. In no event shall any disclosure of Confidential Information be made to any competitor of any party, or to any person who, upon reasonable and good faith inquiry, could be determined to be an employee of any competitor of any party, irrespective of whether they are retained as an expert in this action.

6

6. <u>Disclosure of Confidential Information.</u>   Access to information designated
CONFIDENTIAL pursuant to this Order shall be limited to:

      (a)     counsel for the parties (including members or associates of such counsel's
firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and
clerical personnel who are engaged in assisting such counsel in this litigation;

      (b)     outside photocopying, data processing or graphic production services
employed by the parties or their counsel to assist in this litigation;

      (c)     any outside expert, consultant or investigator who is not employed by or
affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of
consulting, and/or testifying in this litigation, provided that paragraph 7 of this Confidentiality
Order has been complied with;

      (d)     any party or any director, officer or employee of a party charged with the
responsibility for making business decisions dealing directly with the resolution of this action;

      (e)     any person who authored or received the particular material sought to be
disclosed to that person;

      (f)     any person currently or formerly employed by the producing or receiving
party if that person had regular access to the information contained in the particular confidential
material sought to be disclosed to that person during the term of that person's employment with
the party that produced or received the Confidential Material, provided that paragraph 7 of this
Order has been complied with;

(g)     deponents, trial or hearing witnesses and their counsel in preparation for

and/or during deposition, trial or hearings, provided that paragraph 7 of this Order has been

complied with;

(h)     any Court exercising jurisdiction with respect to this litigation, Court

personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel)

recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal

in this litigation;

(i)     any other person to whom the party producing the information agrees in

writing or on the record in advance of the disclosure, provided that paragraph 7 of this Order has

been complied with.

7.  <u>Notification Of Protective Order</u>.  Confidential Information shall not be disclosed

to any person described in paragraphs 6(c), 6(f), 6(g), or 6(i) unless and until such person has

executed an Agreement of Confidentiality ("Agreement") in substantially the form attached

hereto as Exhibit A.  The originals of such Agreements shall be maintained by counsel for the

party who obtained them until the final resolution of the litigation.  Agreements shall not be

subject to discovery except upon agreement of the parties or further order of the Court after

application upon notice and good cause shown.

8.  <u>Objections to Designations</u>.  A party shall not be obligated to challenge the

propriety of a Confidential Information designation at the time made, and a failure to do so shall

not preclude a subsequent challenge thereto.  The objection to the designation of information as

"Confidential" shall constitute a representation in accordance with Fed. R. Civ. P. 11 that the

objecting party has reviewed such document, material or information and that there is a good

8

faith basis for such an objection. The provisions of Fed. R. Civ. P. 11 shall apply to any such objection. Prior to applying to the Court for any relief, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the Court for a ruling that, the material shall not be so treated, giving notice to the party which has designated the material. If such a motion is made, the designating party would have the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated Confidential shall be treated as Confidential until such time as the Court or any magistrate to whom this matter is assigned rules that such material should not be treated as Confidential.

9. <u>Use of Confidential Information at Trial or Hearing</u>. Unless otherwise directed by the Court, a party may, subject to the rules of evidence and further orders of the Court, use any Confidential Information for any purpose at trial or at any hearing before a judicial officer in this litigation.

10. <u>Preservation of Rights and Privileges</u>. Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for productions of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information, or of any right which any party may have to assert such privilege at any state of this litigation.

9

11.  Return of Materials.  Within forty-five (45) days after the final resolution of this litigation, all Confidential Information, including all copies, abstracts and/or summaries, shall be returned to counsel for the party that produced it or, if the producing party's counsel so requests, destroyed.  As to those materials that contain or reflect Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to the Protective Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information, so long as such Confidential Information, in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to a Protective Order.

12.  The inadvertent or unintentional disclosure by the producing party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the producing party shall within thirty (30) days designate such information as Confidential.  The obligation to treat such information as Confidential shall run prospectively from the date of designation.  Nothing contained within this paragraph prevents a party from challenging such a designation of documents or information pursuant to the procedures contained in paragraph 8.

10

13.  A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

14.  Any party or person who has been furnished with documents designated Confidential Information pursuant to this Order who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks productions or other disclosure of such Confidential Information, shall promptly and in any case by the close of the next business day give telephonic notice and written notice by overnight delivery or facsimile to counsel for the party who produced or designated the materials as confidential, identifying the material sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information that such Information is subject to this Order.  No production or other disclosure of such information pursuant to the subpoena or other process shall occur before (a) ten (10) days following the date on which notice is given or (b) the return date of the subpoena. Notwithstanding this provision or any of the provisions herein, Defendants may disclose information contained in discovery materials that they receive in connection with this litigation consistent with their obligations to report adverse drug experiences pursuant to 21 C.F.R. 314.80.

15.  Non-parties who are obliged in this litigation to provide discovery by deposition, production of documents or otherwise, may request the protection of this Order as to said non-party's own Confidential Information.  The provisions of this Order shall be binding on the non-party requesting the protection of this Order.

11

Case 1:04-cv-10981-PBS    Document 27    Filed 01/10/2005    Page 12 of 14

16.  Upon the final resolution of this litigation and/or each of the actions that comprise this litigation, the provision of this Order shall continue to be binding.  This Court expressly retains jurisdiction over each of the actions that comprise this litigation for the purpose of enforcing the provisions of this Order following the final resolution of this litigation.

17.  Documents, material and information designated as "Confidential" pursuant to the Protective Order entered in <u>United States ex. rel. Franklin v. Parke-Davis</u>, C.A. No. 96-11651-PBS (United States District Court for the District of Massachusetts)(the "Franklin Protective Order") may be disclosed to the persons identified in paragraph 6 of this Protective Order, subject to the terms and conditions provided herein.  Paragraph 11 of the Franklin Protective Order, which provides that Confidential Information produced therein must be returned or destroyed within 45 days of the final resolution of that litigation, is superseded by Paragraph 11 of this Protective Order.

18.     This Order is binding on all parties to this litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

*Proposed Plaintiffs' Liaison counsel*

*Counsel for Defendants, Pfizer Inc., et al.*

By: _____
      Thomas M. Sobol
      Hagens Berman LLP
      One Main Street, 4th Floor
      Cambridge, MA 02142

By:   /s/ David B. Chaffin
      David B. Chaffin, Esquire
      Hare & Chaffin
      160 Federal Street, 23rd Floor
      Boston, MA 02110

*Proposed Members of the*
*Class Plaintiffs' Steering Committee*

By: _____
      Don Barrett, Esquire
      Barrett Law Office
      404 Court Square North
      P.O. Box 987
      Lexington, MS 39095

By:   /s/ James P. Rouhandeh
      James P. Rouhandeh, Esquire
      Davis Polk & Wardwell
      450 Lexington Avenue
      New York, NY 10017

By: _____
      Daniel Becnel, Jr., Esquire
      Law Offices of Daniel Becnel, Jr.
      106 W. Seventh Street
      P.O. Drawer H
      Reserve, LA 70084

By: _____
      James Dugan, Esquire
      Dugan & Browne
      650 Poydras St., Suite 2150
      New Orleans, LA 70130

By: _____
      Thomas Greene Esquire
      Greene & Hoffman
      125 Summer Street
      Boston, MA 02110

By: _____
      Barry Himmelstein, Esquire
      Lieff Cabraser Heimann & Bernstein
      Embarcadero Center West
      275 Battery Street, 30th Floor
      San Francisco, CA 94111-3339

***Proposed Members of the***
***Plaintiffs' Non-Class Steering Committee***

By: _____
      Richard Cohen, Esquire
      Lowey Dannenberg Bemporad
      & Selinger, P.C.
      The Gateway
      One North Lexington Avenue
      White Plains, NY 10601

By: _____
      Linda P. Nussbaum, Esquire
      Cohen Milstein Hausfeld & Toll
      150 East 52nd Street
      Thirteenth Floor
      New York, NY 10022

**SO ORDERED:**

                                  Hon. Patti B. Saris
                                  United States District Judge

Dated: _____

14

Exhibit B

## CERTIFICATION

1.     My name is _Matthew Baer_.
I live at _London, Ontario_. I am employed by _Siskinds,_
_Law firm_. My position there is _Associate lawyer_. My
business address is _680 Waterloo Street_, and my telephone number is
_519-672-2121 ext.405_

2.     I have read and understand the Confidentiality Agreement, dated
_Nov 29_, 2004.

3.     I understand that I may be receiving confidential information as
described in the Agreement.  I agree to be bound by all provisions of the
Agreement.  I agree not to disclose confidential information as described in the
Agreement to any person not entitled to receive it and agree not to use such
information except in connection with this action.

4.     I consent to an accept, generally and unconditionally, the
jurisdiction of the Court in these Actions for the enforcement of the provisions of
said Agreement.

5.     I declare under penalty of perjury under the laws of the United
States of America that the foregoing is true and correct.

Executed this _27_ day of _February_, 2006.

_Matthew Baer_

## Confidentiality Agreement

The following will set forth the agreement of the parties (the "Agreement") governing the exchange of discovery and the treatment of confidential information in the actions consolidated as In re Neurontin (04 CV 6704) and the actions listed in Exhibit A to this Agreement (the "Actions").

1.      This Agreement shall govern the treatment of pleadings, correspondence, legal memoranda, documents (as defined by the applicable rules) and all other discovery materials which have been or will be filed, exchanged, served, produced or received by the parties during pre-trial proceedings in these Actions, as well as any and all copies, abstracts and summaries (the "Discovery Materials"). Any person, other than the producing party, who shall obtain access to Discovery Materials, shall use such Discovery Materials only in connection with the prosecution or defense of these Actions and for no other purpose whatsoever.

2.      All documents and information furnished by a party in conjunction with these Actions which contain or disclose trade secrets or other confidential research, development, or commercial information ("Confidential Information") may be designated "Confidential" by said party. The party receiving designated Confidential Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in the Agreement or such orders as may be issued by the court during the course of this litigation. The provisions of this Agreement extend to all designated Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to request for admissions, deposition transcripts, deposition exhibits, and any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing materials.

3.      The designation of information as "Confidential" shall constitute a representation that such document, material or information has been reviewed and that there is a good faith basis for such designation. If upon review any party reasonably and in good faith believes that any documents or information designated by a party are not "Confidential," then the party may challenge such designation under the procedures set forth by this Agreement.

4.      A party may designate documents or information as "Confidential" by explicitly identifying such documents or information and informing the other party in writing of such designation. The designation of material as "Confidential" may be made prior to reproduction of any such material selected on behalf of a requesting party for copying and before distribution of such

reproduced material to the requesting party. A party shall not be deemed to have waived any right to designate materials as "Confidential" by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

     5.     Documents or information may also be designated as "Confidential" in the following ways:

     (a)     In the case of documents and the information contained therein, designation shall be made by means of the legend "Confidential" placed on each page of any such document.

     (b)     In the case of interrogatory answers, responses to request for admissions and the information contained therein, designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "Confidential." The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information: "Contains Confidential Information."

     (c)     In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Confidential until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or other own deposition during this thirty-day period. The following legend shall be noted on any transcript and each copy of the transcript containing Confidential Information: "Contains Confidential Information." If all or part of a videotaped deposition is designated as "Confidential," the videocassette or other videotape container shall be labeled with the legend provided for in paragraph 2 above.

     (d)     To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the producing party may designate such matters as "Confidential" by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as "Confidential" is produced reduces such