material to hardcopy form, such party shall mark such hardcopy form with the legend provided for in paragraph 5(a) above.

(e)    To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated "Confidential," that party and/or its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those person who, by the terms of this Agreement, may have access to Confidential Information.

(f)    All documents and materials filed with the court containing or reflecting the contents of Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption to the Litigation, a generic designation of the contents, the words Confidential Information Subject to Confidentiality Agreement and words in substantially the following form:

This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated ___, 200_, shall not be opened nor the contents displayed or revealed except as provided in that order or by further order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential and may be disclosed only in accordance with this Agreement. Where possible, only those portions of such filings which are Confidential Information shall be filed under seal. No party or other person may have access to any sealed document from the files of the court without an order of the court. The "Judge's Copy" of a sealed document may be opened by the presiding judge, his law clerks and other court personnel without further order of the court. Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the party which filed a sealed document fails to remove the document within the appropriate time frame, the document may be destroyed by the clerk of the court. Regardless of any provision in this Agreement to the contrary, a party does not have to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

6.    Materials and information subject to this Agreement shall be revealed only to the following persons ("qualified persons"):

(a).    the court and the court's staff including the clerk's office and any court reporter who transcribes the proceedings in this matter;

(b).    counsel of record for the parties and to their direct employees who are operating under the direct supervision of counsel;

(c).    any party, or to any officer, director, or employee of any party;

(d).    outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in the litigation;

(e).    independent experts, contractors or consultants working on behalf of a party for purposes of this litigation who have agreed in advance and in writing to abide by the terms of this Agreement and who have agreed to the jurisdiction of this court in the event of any violation of this Agreement;

(f).    any person who authored or received the document in question may be shown the document authored or received by the person, but may not be given or allowed to retain the document or a copy of the document and may not be allowed to make notes or otherwise preserve in writing the information contained therein;

(g).    any witness testifying in this case in trial or deposition or otherwise retained by a party as either a consultant or expert witness;

(h).    any person mutually agreed upon in writing between the parties; and

(i).    any attorney who represents a party and who has agreed in advance and in writing to abide by the terms of this Agreement and who has agreed to the jurisdiction of this court in the event of any violation of this Agreement

7.    In no event shall any disclosure of protected documents or confidential information be made to any competitor of Pfizer, or to any person who, upon reasonable and good faith inquiry, could be determined to be an employee of any competitor of Pfizer, irrespective of whether they are retained as an expert by plaintiffs in this action.

8(a).    Before being given access to any protected document or confidential information, each qualified person who falls within paragraphs 6(e), 6(f), 6(g), 6(h) or 6(i) shall be advised of the terms of this Agreement, shall be given a copy of this Agreement, and shall agree to be bound by the terms of this

Agreement, by executing an Agreement of Confidentiality in substantially the form attached hereto as Exhibit B. Counsel for each party shall maintain a list of all qualified persons to whom they or their client have provided any protected document or confidential information, and that list shall be available for inspection by the Court, *in camera*.

8(b).    Prior to giving access to any protected document or confidential information to any "attorney" who falls within paragraph 6(i), counsel for the party intending to provide such access must inform counsel for the producing party, in writing, of the name and firm of the attorney to whom access is intended to be given. Such notification must occur at least ten (10) days prior to the attorney receiving access to the protected document or confidential information. In the event a party objects to the provision of the protected document or confidential information to an attorney who falls within paragraph 6(i), the parties shall consult in a good faith attempt to resolve any dispute. If the parties are unable to reach an accord, the party seeking to provide access to an attorney under paragraph 6(i) may apply to the court for a ruling that the attorney shall be provided access.

9.    In the event a party objects to the designation under this Agreement by another party of any material, the objecting party shall consult with the designating party in good faith in an attempt to resolve any dispute. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the court for a ruling that the material shall not be so treated, giving notice to the party which has designated the material. If such a motion is made, the designating party would have the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated Confidential shall be treated as Confidential until such time as the court rules that such material should not be treated as Confidential.

10.    The inadvertent or unintentional disclosure by the producing party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the producing party shall within thirty (30) days designate such information as Confidential. The obligation to treat such information as Confidential shall run prospectively from the date of designation. Nothing contained within this paragraph prevents a party from challenging such a designation of documents or information pursuant to the procedures contained in paragraph 9.

11.     By producing in this litigation for initial inspection, and prior to copying for Plaintiffs' counsel, documents that contain the names of patients or physicians, Pfizer does not waive or violate any duty of Pfizer to protect the identity of physicians and patients. It is further agreed that neither Plaintiffs' counsel, nor any employee of Plaintiffs' counsel, or consultant or expert employed by Plaintiffs' counsel, who participate in the initial document review, shall write down, record, or in any way document for later use in this litigation or otherwise, the name of any patient or physician contained in such documents, or any other identifying information. Pfizer shall have the right to redact from copies of materials reproduced for use in this case at the request of Plaintiffs the name of any patient, or that patient's treating physician when provided in the context of the physician-patient relationship.

12.     A party's compliance with the terms of this Agreement shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

13.     Any party or person who has been furnished with documents designated Confidential Information pursuant to this Agreement who receives a subpoena (or other process) from any person (including natural persons, coronations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Agreement, which subpoena seeks productions or disclosure of such Confidential Information, shall promptly and in any case by the close of the next business day, give telephonic notice and written notice by overnight delivery or facsimile to counsel for the party who produced or designated the materials as confidential, identifying the material sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information that such Information is subject to the Agreement. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before (a) ten (10) days following the date on which notice is given or (b) the return date of the subpoena. Notwithstanding this provision or any of the provisions herein, Defendants may disclose information contained in discovery materials that they receive in connection with this litigation consistent with their obligations to report adverse drug experiences pursuant to 21 C.F.R. 314.80.

14.     Unless otherwise directed by the court, a party may, subject to the rules of evidence and further orders from the court, use any Confidential Information for any purpose at trial or at any hearing before a judicial officer in this litigation.

15.     Nothing contained in this Agreement shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other

response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for productions of documents or questions at a deposition. Nor shall this Agreement be construed as a waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, physician-patient privilege, work product doctrine, or other applicable privilege, protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to such privilege.

16.     Nothing in this Agreement shall limit a party's right to disclose to any person, or use, for any purpose, its own information and documents.

17.     Within forty-five (45) days after the final resolution of the Actions, all Confidential Information, including all copies, abstracts and/or summaries, shall be returned to counsel for the party that produced it or, if the producing party's counsel so requests, destroyed. As to those materials that contain or reflect Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files, so long as it is clearly marked to reflect that it contains information subject to this Agreement. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information, so long as such Confidential Information are clearly marked to reflect that they contain information subject to this Agreement

18.     This Agreement shall be binding upon the parties, their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors and other persons or organizations over whom or which the subject parties have control. The parties, their attorneys, and employees of such attorneys each expressly stipulates to the personal jurisdiction of the court in which this action proceeds for purposes of any proceeding brought by a party to this action to enforce this Agreement. The parties agree that this Agreement is and shall be deemed to be enforceable, and the parties agree that the terms of the Agreement may be enforced by specific performance in any court of competent jurisdiction.

19.     Upon final resolution of the Actions, this Agreement shall continue to be binding. The parties expressly agree to submit to the jurisdiction of the court for enforcement of the provisions of this Agreement following the final resolution of this litigation.

20.     This Agreement may be modified, superseded or terminated by consent of the parties or by court order.

21.     The parties agree to submit this Agreement as soon as practicable to the court that retains jurisdiction over the Actions and submit a joint motion that the court adopt and "so order" this Agreement as a binding order governing the litigation.

Agreed to on the 29th day of November, 2004.

Finkelstein & PARTNERS
436 Robinson Avenue
Newburgh, NY 12550
(845) 562-0203
Counsel for Plaintiffs

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
Counsel for Defendants

Exhibit A

1.    Avrill C. Aronson, as Personal Representative of the Estate of Rhonda Hilda Cohen, Deceased v. Pfizer Inc., Parke-Davis, Warner-Lambert Company and Warner-Lambert Co. LLC (04-111907)

2.    Joy Dodson, an Infant by her Mother and Natural Guardian, Tammy Dodson, and Tammy Dodson, Individually v. Pfizer Inc., Parke-Davis, Warner-Lambert Co., and Warner-Lambert Co. LLC (114028/04)

3.    Patti Paulsen, as Administratix of the Estate of Frederic L. Paulson, deceased, v. Pfizer Inc., Parke-Davis, Warner-Lambert Co. LLC, and Warner-Lambert Co. (04 CV 8464)

4.    Timothy P. Scott, as Administrator of the Estate of Ellem Marie Capune v. Pfizer Inc., Parke-Davis, Warner-Lambert Co. and Warner-Lambert Co. LLC (04-7096)

5.    Monica Smith, as Administratix of the Estate of Kenneth Christopher Smith, Deceased, v. Pfizer Inc., Parke-Davis, Warner-Lambert Co. LLC, and Warner-Lambert Co. (111431/04)

6.    Rosalie Sumait et al, Individually and as successors in interest to state of Manuel Sumait v. Pfizer Inc, Parke-Davis, Warner-Lambert Co., and Warner-Lambert Co. LLC (04 CV 8719)

7.    Young v. Pfizer Inc, Parke-Davis, and Warner-Lambert (04 CV 6609)

8.    Nicolette Crone et al. v. Pfizer Inc, Parke-Davis, Warner-Lambert Co., & Raymond Jennings, M.D., and Does 1-100 (CV-400432)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |
| | Magistrate Leo T. Sorokin |

CERTIFICATION

1.  My name is _Michael Peerless_. I reside at _10 Havenwood Way, London, ONT_ . I am employed as a partner/attorney by _Giskinos LLP_, with offices at _680 Waterloo St, London, ON_.

2.  I have read the Protective Order (the "Order") that has been entered in this litigation, and a copy of it has been given to me. I understand the provisions of the Order, and agree to comply with and to be bound by its provisions.

3.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of February, 2006

Signature: _____

Print:

_Michael J. Peerless_

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re:  NEURONTIN MARKETING AND
         SALES PRACTICES LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Judge Patti B. Saris

STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the

following Protective Order ("Order") limiting the disclosure of discovered information and

limiting the use of such information as hereinafter provided.  IT IS HEREBY STIPULATED

AND ORDERED THAT:

1.      This Order shall govern the treatment of pleadings, correspondence, legal

memoranda, documents and other discovery materials, and any other information or written

materials which have been or will be filed, exchanged, served, produced or received by the

parties during pre-trial proceedings in the actions that have been assigned to the above captioned

multi-district litigation, as well as any and all copies, abstracts and summaries (the "Discovery

Materials").

2.      Definitions: As used herein, the following terms shall have the following meanings:

"The litigation" and "this litigation" shall refer to all actions that have been assigned to

the above captioned Multi-District Litigation proceeding.

"The parties" shall refer to all of the parties in all of the actions that have been assigned to the above captioned Multi-District Litigation proceeding.

"Trade secrets" and "other confidential research, development, or commercial information" shall have the same meanings as such terms have been found to have in Fed.R.Civ.P. 26(c)(7).

"Individually identifiable health information" shall have the same definition as set forth in 42 U.S.C. § 1320d(6).

3.      Scope.

(a)      All documents and information furnished by a party in conjunction with this litigation which contain (i) trade secrets or other confidential research, development, or commercial information, or (ii) individually identifiable health information ("Confidential Information") may be designated CONFIDENTIAL by said party and furnished to the other parties pursuant to the terms of this Order. The party receiving designated Confidential Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or such orders as may be issued by the Court during the course of this litigation. The provisions of this Order extend to all designated Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing materials.

2

(b)     The designation of information as "Confidential" shall constitute a representation in accordance with Fed. R. Civ. P. 11 that such document, material or information has been reviewed and that there is a good faith basis for such designation. The provisions of Fed. R. Civ. P. 11 shall apply to any "Confidential" designation.

(c)     A party may not designate as "Confidential" information contained in documents which are already in the possession of a third party even if the documents contain information which would otherwise constitute Confidential Information, unless such documents were provided to the third party subject to the terms of a protective order entered by a court of competent jurisdiction. *pursuant to a writing requiring the information to be maintained in a confidential manner, or pursuant to statute.*

4.     <u>Designation of Confidentiality</u>.  Pursuant to paragraph 3 above, documents or information may be designated CONFIDENTIAL within the meaning of this Order in the following ways:

(a)     In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on each page of any such document: "CONFIDENTIAL" or "CONFIDENTIAL PURSUANT TO COURT ORDER."

(b)     In the case of interrogatory answers, responses to request for admissions and the information contained therein, designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated CONFIDENTIAL. The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION."

3

(c)    In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a letter setting forth the specific pages and lines which disclose Confidential Information from counsel for the party or witness producing such information within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). During the deposition if such counsel makes a statement to the effect that the witness is disclosing Confidential Information the entire deposition transcript (including exhibits) shall be treated as Confidential under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or other own deposition during this thirty-day period. The following legend shall appear on the first page of the transcript and each copy of the transcript containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION." If part of a videotaped deposition is designated as CONFIDENTIAL, the videocassette or other videotape container shall be labeled with the legend provided for in paragraph 3(a) above.

(d)    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the producing party may designate such matters as CONFIDENTIAL by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as CONFIDENTIAL is produced reduces such material

4

to hardcopy form, such party shall mark such hardcopy form with the legend provided for in paragraph 4 (a) above.

       (e)    To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated CONFIDENTIAL, that party and/or its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information.

       (f)    All documents and materials filed with the Court containing or reflecting the contents of Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption to the Litigation, a generic designation of the contents, the words CONFIDENTIAL INFORMATION - SUBJECT TO COURT ORDER and words in substantially the following form:

> This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated ___, 200_, shall not-be opened nor, the contents displayed or revealed except as provided in that order of by further order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only whose portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential and may be disclosed only in accordance with this Order. Where possible, only those portions of such filings which are Confidential Information shall be filed under seal. No party or other person may have access to

any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding District Judge, the Judge's law clerks and other Court personnel without further order of the Court. Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the party which filed a sealed document fails to remove the document within the appropriate time frame, the document may be destroyed by the Clerk. Regardless of any provision in this Order to the contrary, a party does not have to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party, however, any such filing shall constitute a waiver of confidentiality for any documents, material or information contained in such a filing.

5. Use of [Discovery Materials] / [Confidential Information]. Any [Discovery-Materials] / [Confidential Information] received by a party shall be used by that party solely for the purpose of conducting this litigation and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law. If the use of [Discovery Materials] / [Confidential Information] is required by law, the person using such information shall give notice to counsel for the producing party in accordance with paragraph 14 below. In no event shall any disclosure of Confidential Information be made to any competitor of any party, or to any person who, upon reasonable and good faith inquiry, could be determined to be an employee of any competitor of any party, irrespective of whether they are retained as an expert in this action.

6

6. <u>Disclosure of Confidential Information</u>.    Access to information designated
CONFIDENTIAL pursuant to this Order shall be limited to:

(a)    counsel for the parties (including members or associates of such counsel's
firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and
clerical personnel who are engaged in assisting such counsel in this litigation;

(b)    outside photocopying, data processing or graphic production services
employed by the parties or their counsel to assist in this litigation;

(c)    any outside expert, consultant or investigator who is not employed by or
affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of
consulting, and/or testifying in this litigation, provided that paragraph 7 of this Confidentiality
Order has been complied with;

(d)    any party or any director, officer or employee of a party charged with the
responsibility for making business decisions dealing directly with the resolution of this action;

(e)    any person who authored or received the particular material sought to be
disclosed to that person;

(f)    any person currently or formerly employed by the producing or receiving
party if that person had regular access to the information contained in the particular confidential
material sought to be disclosed to that person during the term of that person's employment with
the party that produced or received the Confidential Material, provided that paragraph 7 of this
Order has been complied with;

7

(g)    deponents, trial or hearing witnesses and their counsel in preparation for and/or during deposition, trial or hearings, provided that paragraph 7 of this Order has been complied with;

(h)    any Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(i)    any other person to whom the party producing the information agrees in writing or on the record in advance of the disclosure, provided that paragraph 7 of this Order has been complied with.

7.    <u>Notification Of Protective Order</u>.  Confidential Information shall not be disclosed to any person described in paragraphs 6(c), 6(f), 6(g), or 6(i) unless and until such person has executed an Agreement of Confidentiality ("Agreement") in substantially the form attached hereto as Exhibit A.  The originals of such Agreements shall be maintained by counsel for the party who obtained them until the final resolution of the litigation.  Agreements shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

8.    <u>Objections to Designations</u>.  A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The objection to the designation of information as "Confidential" shall constitute a representation in accordance with Fed. R. Civ. P. 11 that the objecting party has reviewed such document, material or information and that there is a good

8

faith basis for such an objection. The provisions of Fed. R. Civ. P. 11 shall apply to any such objection. Prior to applying to the Court for any relief, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the Court for a ruling that, the material shall not be so treated, giving notice to the party which has designated the material. If such a motion is made, the designating party would have the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated Confidential shall be treated as Confidential until such time as the Court or any magistrate to whom this matter is assigned rules that such material should not be treated as Confidential.

9. <u>Use of Confidential Information at Trial or Hearing</u>. Unless otherwise directed by the Court, a party may, subject to the rules of evidence and further orders of the Court, use any Confidential Information for any purpose at trial or at any hearing before a judicial officer in this litigation.

10. <u>Preservation of Rights and Privileges</u>. Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for productions of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information, or of any right which any party may have to assert such privilege at any state of this litigation.

11.  <u>Return of Materials</u>.  Within forty-five (45) days after the final resolution of this litigation, all Confidential Information, including all copies, abstracts and/or summaries, shall be returned to counsel for the party that produced it or, if the producing party's counsel so requests, destroyed.  As to those materials that contain or reflect Confidential Information, but that constitute or reflect  counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to the Protective Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information, so long as such Confidential Information, in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to a Protective Order.

12.  The inadvertent or unintentional disclosure by the producing party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the producing party shall within thirty (30) days designate such information as Confidential.  The obligation to treat such information as Confidential shall run prospectively from the date of designation.  Nothing contained within this paragraph prevents a party from challenging such a designation of documents or information pursuant to the procedures contained in paragraph 8.

10

13.  A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

14.  Any party or person who has been furnished with documents designated Confidential Information pursuant to this Order who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks productions or other disclosure of such Confidential Information, shall promptly and in any case by the close of the next business day give telephonic notice and written notice by overnight delivery or facsimile to counsel for the party who produced or designated the materials as confidential, identifying the material sought and enclosing a copy of the subpoena or other process.  The party or person receiving the subpoena shall also inform the person seeking the Confidential Information that such Information is subject to this Order.  No production or other disclosure of such information pursuant to the subpoena or other process shall occur before (a) ten (10) days following the date on which notice is given or (b) the return date of the subpoena. Notwithstanding this provision or any of the provisions herein, Defendants may disclose information contained in discovery materials that they receive in connection with this litigation consistent with their obligations to report adverse drug experiences pursuant to 21 C.F.R. 314.80.

15.  Non-parties who are obliged in this litigation to provide discovery by deposition, production of documents or otherwise, may request the protection of this Order as to said non-party's own Confidential Information.  The provisions of this Order shall be binding on the non-party requesting the protection of this Order.

11

16.    Upon the final resolution of this litigation and/or each of the actions that comprise this litigation, the provision of this Order shall continue to be binding.  This Court expressly retains jurisdiction over each of the actions that comprise this litigation for the purpose of enforcing the provisions of this Order following the final resolution of this litigation.

17.    Documents, material and information designated as "Confidential" pursuant to the Protective Order entered in <u>United States ex. rel. Franklin v. Parke-Davis</u>, C.A. No. 96-11651-PBS (United States District Court for the District of Massachusetts)(the "Franklin Protective Order") may be disclosed to the persons identified in paragraph 6 of this Protective Order, subject to the terms and conditions provided herein.  Paragraph 11 of the Franklin Protective Order, which provides that Confidential Information produced therein must be returned or destroyed within 45 days of the final resolution of that litigation, is superseded by Paragraph 11 of this Protective Order.

18.    This Order is binding on all parties to this litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

12

*Proposed Plaintiffs' Liaison counsel*                    *Counsel for Defendants, Pfizer Inc., et al.*

By: _____          By:    /s/ David B. Chaffin
    Thomas M. Sobol                          David B. Chaffin, Esquire
    Hagens Berman LLP                        Hare & Chaffin
    One Main Street, 4th Floor               160 Federal Street, 23rd Floor
    Cambridge, MA 02142                      Boston, MA 02110

*Proposed Members of the*            By:    /s/ James P. Rouhandeh
*Class Plaintiffs' Steering Committee*       James P. Rouhandeh, Esquire
                                             Davis Polk & Wardwell
By: _____                   450 Lexington Avenue
    Don Barrett, Esquire                     New York, NY 10017
    Barrett Law Office
    404 Court Square North
    P.O. Box 987
    Lexington, MS 39095

By: _____
    Daniel Becnel, Jr., Esquire
    Law Offices of Daniel Becnel, Jr.
    106 W. Seventh Street
    P.O. Drawer H
    Reserve, LA 70084

By: _____
    James Dugan, Esquire
    Dugan & Browne
    650 Poydras St., Suite 2150
    New Orleans, LA 70130

By: _____
    Thomas Greene Esquire
    Greene & Hoffman
    125 Summer Street
    Boston, MA 02110

By: _____
    Barry Himmelstein, Esquire
    Lieff Cabraser Heimann & Bernstein
    Embarcadero Center West
    275 Battery Street, 30th Floor
    San Francisco, CA 94111-3339

*Proposed Members of the*
*Plaintiffs' Non-Class Steering Committee*

By: _____
    Richard Cohen, Esquire
    Lowey Dannenberg Bemporad
    & Selinger, P.C.
    The Gateway
    One North Lexington Avenue
    White Plains, NY 10601

By: _____
    Linda P. Nussbaum, Esquire
    Cohen Milstein Hausfeld & Toll
    150 East 52nd Street
    Thirteenth Floor
    New York, NY 10022

**SO ORDERED:**

Hon. Patti B. Saris
United States District Judge

Dated: _____

14

Exhibit B

## CERTIFICATION

1.     My name is _MICHAEL PESECOFF_ .
I live at _16 HAVENWOOD WAY_ . I am employed by _SISKINDS LLP_
_____ . My position there is _PARTNER_ . My
business address is _680 WATERLOO ST_ , and my telephone number is
_519 672 2121_ .

2.     I have read and understand the Confidentiality Agreement, dated
_Nov 29_ , 2004.

3.     I understand that I may be receiving confidential information as
described in the Agreement. I agree to be bound by all provisions of the
Agreement. I agree not to disclose confidential information as described in the
Agreement to any person not entitled to receive it and agree not to use such
information except in connection with this action.

4.     I consent to an accept, generally and unconditionally, the
jurisdiction of the Court in these Actions for the enforcement of the provisions of
said Agreement.

5.     I declare under penalty of perjury under the laws of the United
States of America that the foregoing is true and correct.

Executed this _27_ day of _February_ , 2006.

## Confidentiality Agreement

The following will set forth the agreement of the parties (the "Agreement") governing the exchange of discovery and the treatment of confidential information in the actions consolidated as In re Neurontin (04 CV 6704) and the actions listed in Exhibit A to this Agreement (the "Actions").

1.      This Agreement shall govern the treatment of pleadings, correspondence, legal memoranda, documents (as defined by the applicable rules) and all other discovery materials which have been or will be filed, exchanged, served, produced or received by the parties during pre-trial proceedings in these Actions, as well as any and all copies, abstracts and summaries (the "Discovery Materials"). Any person, other than the producing party, who shall obtain access to Discovery Materials, shall use such Discovery Materials only in connection with the prosecution or defense of these Actions and for no other purpose whatsoever.

2.      All documents and information furnished by a party in conjunction with these Actions which contain or disclose trade secrets or other confidential research, development, or commercial information ("Confidential Information") may be designated "Confidential" by said party. The party receiving designated Confidential Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in the Agreement or such orders as may be issued by the court during the course of this litigation. The provisions of this Agreement extend to all designated Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to request for admissions, deposition transcripts, deposition exhibits, and any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing materials.

3.      The designation of information as "Confidential" shall constitute a representation that such document, material or information has been reviewed and that there is a good faith basis for such designation. If upon review any party reasonably and in good faith believes that any documents or information designated by a party are not "Confidential," then the party may challenge such designation under the procedures set forth by this Agreement.

4.      A party may designate documents or information as "Confidential" by explicitly identifying such documents or information and informing the other party in writing of such designation. The designation of material as "Confidential" may be made prior to reproduction of any such material selected on behalf of a requesting party for copying and before distribution of such

reproduced material to the requesting party. A party shall not be deemed to have waived any right to designate materials as "Confidential" by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

5.    Documents or information may also be designated as "Confidential" in the following ways:

(a)    In the case of documents and the information contained therein, designation shall be made by means of the legend "Confidential" placed on each page of any such document.

(b)    In the case of interrogatory answers, responses to request for admissions and the information contained therein, designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "Confidential." The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information: "Contains Confidential Information."

(c)    In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Confidential until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or other own deposition during this thirty-day period. The following legend shall be noted on any transcript and each copy of the transcript containing Confidential Information: "Contains Confidential Information." If all or part of a videotaped deposition is designated as "Confidential," the videocassette or other videotape container shall be labeled with the legend provided for in paragraph 2 above.

(d)    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the producing party may designate such matters as "Confidential" by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as "Confidential" is produced reduces such

material to hardcopy form, such party shall mark such hardcopy form with the legend provided for in paragraph 5(a) above.

(e)     To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated "Confidential," that party and/or its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those person who, by the terms of this Agreement, may have access to Confidential Information.

(f)     All documents and materials filed with the court containing or reflecting the contents of Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption to the Litigation, a generic designation of the contents, the words Confidential Information Subject to Confidentiality Agreement and words in substantially the following form:

This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated ___, 200_, shall not be opened nor the contents displayed or revealed except as provided in that order or by further order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential and may be disclosed only in accordance with this Agreement. Where possible, only those portions of such filings which are Confidential Information shall be filed under seal. No party or other person may have access to any sealed document from the files of the court without an order of the court. The "Judge's Copy" of a sealed document may be opened by the presiding judge, his law clerks and other court personnel without further order of the court. Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the party which filed a sealed document fails to remove the document within the appropriate time frame, the document may be destroyed by the clerk of the court. Regardless of any provision in this Agreement to the contrary, a party does not have to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

6.      Materials and information subject to this Agreement shall be revealed only to the following persons ("qualified persons"):

(a).      the court and the court's staff including the clerk's office and any court reporter who transcribes the proceedings in this matter;

(b).      counsel of record for the parties and to their direct employees who are operating under the direct supervision of counsel;

(c).      any party, or to any officer, director, or employee of any party;

(d).      outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in the litigation;

(e).      independent experts, contractors or consultants working on behalf of a party for purposes of this litigation who have agreed in advance and in writing to abide by the terms of this Agreement and who have agreed to the jurisdiction of this court in the event of any violation of this Agreement;

(f).      any person who authored or received the document in question may be shown the document authored or received by the person, but may not be given or allowed to retain the document or a copy of the document and may not be allowed to make notes or otherwise preserve in writing the information contained therein;

(g).      any witness testifying in this case in trial or deposition or otherwise retained by a party as either a consultant or expert witness;

(h).      any person mutually agreed upon in writing between the parties; and

(i).      any attorney who represents a party and who has agreed in advance and in writing to abide by the terms of this Agreement and who has agreed to the jurisdiction of this court in the event of any violation of this Agreement

7.      In no event shall any disclosure of protected documents or confidential information be made to any competitor of Pfizer, or to any person who, upon reasonable and good faith inquiry, could be determined to be an employee of any competitor of Pfizer, irrespective of whether they are retained as an expert by plaintiffs in this action.

8(a).      Before being given access to any protected document or confidential information, each qualified person who falls within paragraphs 6(e), 6(f), 6(g), 6(h) or 6(i) shall be advised of the terms of this Agreement, shall be given a copy of this Agreement, and shall agree to be bound by the terms of this

Agreement, by executing an Agreement of Confidentiality in substantially the form attached hereto as Exhibit B. Counsel for each party shall maintain a list of all qualified persons to whom they or their client have provided any protected document or confidential information, and that list shall be available for inspection by the Court, *in camera*.

8(b).    Prior to giving access to any protected document or confidential information to any "attorney" who falls within paragraph 6(i), counsel for the party intending to provide such access must inform counsel for the producing party, in writing, of the name and firm of the attorney to whom access is intended to be given. Such notification must occur at least ten (10) days prior to the attorney receiving access to the protected document or confidential information. In the event a party objects to the provision of the protected document or confidential information to an attorney who falls within paragraph 6(i), the parties shall consult in a good faith attempt to resolve any dispute. If the parties are unable to reach an accord, the party seeking to provide access to an attorney under paragraph 6(i) may apply to the court for a ruling that the attorney shall be provided access.

9.    In the event a party objects to the designation under this Agreement by another party of any material, the objecting party shall consult with the designating party in good faith in an attempt to resolve any dispute. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the court for a ruling that the material shall not be so treated, giving notice to the party which has designated the material. If such a motion is made, the designating party would have the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated Confidential shall be treated as Confidential until such time as the court rules that such material should not be treated as Confidential.

10.    The inadvertent or unintentional disclosure by the producing party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the producing party shall within thirty (30) days designate such information as Confidential. The obligation to treat such information as Confidential shall run prospectively from the date of designation. Nothing contained within this paragraph prevents a party from challenging such a designation of documents or information pursuant to the procedures contained in paragraph 9.

11.    By producing in this litigation for initial inspection, and prior to copying for Plaintiffs' counsel, documents that contain the names of patients or physicians, Pfizer does not waive or violate any duty of Pfizer to protect the identity of physicians and patients. It is further agreed that neither Plaintiffs' counsel, nor any employee of Plaintiffs' counsel, or consultant or expert employed by Plaintiffs' counsel, who participate in the initial document review, shall write down, record, or in any way document for later use in this litigation or otherwise, the name of any patient or physician contained in such documents, or any other identifying information. Pfizer shall have the right to redact from copies of materials reproduced for use in this case at the request of Plaintiffs the name of any patient, or that patient's treating physician when provided in the context of the physician-patient relationship.

12.    A party's compliance with the terms of this Agreement shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

13.    Any party or person who has been furnished with documents designated Confidential Information pursuant to this Agreement who receives a subpoena (or other process) from any person (including natural persons, coronations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Agreement, which subpoena seeks productions or disclosure of such Confidential Information, shall promptly and in any case by the close of the next business day, give telephonic notice and written notice by overnight delivery or facsimile to counsel for the party who produced or designated the materials as confidential, identifying the material sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information that such Information is subject to the Agreement. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before (a) ten (10) days following the date on which notice is given or (b) the return date of the subpoena. Notwithstanding this provision or any of the provisions herein, Defendants may disclose information contained in discovery materials that they receive in connection with this litigation consistent with their obligations to report adverse drug experiences pursuant to 21 C.F.R. 314.80.

14.    Unless otherwise directed by the court, a party may, subject to the rules of evidence and further orders from the court, use any Confidential Information for any purpose at trial or at any hearing before a judicial officer in this litigation.

15.    Nothing contained in this Agreement shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other