[**14] jurors and alternate jurors, if any;

(vi) other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the producing Party or Parties.

Order of Dec. 14, 2000 P3.

## III. STANDARDS FOR PERMISSIVE INTERVENTION

Federal Rule of Civil Procedure 24(b) provides, that "upon timely intervention anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Such a grant of so-called "permissive intervention" is a matter of discretion for a the trial court. Harris v. Pernsley, 820 F.2d 592, 597 (3d Cir. 1987). The Third Circuit has ruled that "the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994) (citations omitted).

The requirements for permissive intervention are: (1) an independent basis of subject matter jurisdiction; (2) a timely motion; [**15] and (3) a claim or defense that has a question of law or fact in common with [*339] the main action. EEOC v. National Children's Ctr., 331 U.S. App. D.C. 101, 146 F.3d 1042, 1046 (D.C. Cir. 1998) ("EEOC"); see also Beckman Indus. v. International Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992) cert denied 506 U.S. 868.

These requirements have been interpreted flexibly when a non-part seeks intervention for the limited purpose of modifying a protective order. First, the intervener need not demonstrate an independent basis of subject matter jurisdiction. Pansy, 23 F.3d at 778, n.3. This is because "such intervenors do not ask the district court to exercise jurisdiction over an additional claim on the merits, but rather to exercise a power that it already has, namely the power to modify a previously entered confidentiality order." EEOC, 146 F.3d at 1047; In re "Agent Orange" Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987).

Second, the requirement that a claim or defense present "common legal or factual issues" to the main action is interpreted with "considerable breadth." EEOC, 146 F.2d at 1046; [**16] Pansy, 23 F.3d at 778. Courts have regularly held this requirement satisfied if the movant raises a common question in a suit in another jurisdiction. EEOC, 146 F.2d at 1047; Meyer Goldberg, Inc. v. Fisher Foods, Inc., 823 F.2d 159, 162 (6th Cir. 1987); Kerasotes Michigan Theaters, Inc. v. National Amusements, Inc., 139 F.R.D. 102, 103-4 (E.D. Mich. 1991).

Third, the requirement of a "timely" motion has also been interpreted broadly in the context of modifying protective orders. In Pansy, the Third Circuit noted a "growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated." 23 F.3d at 779 (citing Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157 (3d Cir. 1993)).

In sum, "courts have been willing to adopt generous interpretations of Rule 24(b)" to facilitate an "effective mechanism for third-party claims of access to information generated through judicial proceedings." EEOC, 146 F.3d at 1045.

## IV. DISCUSSION

Movant McCormick meets the requirements for [**17] permissive intervention. First, movant asserts jurisdiction based on this Court's authority to modify a previously-entered protective order, this Court's Confidentiality Order of December 14, 2000. Second, movant's request is timely, filed less than 6 months after the settlement of this action and commencement of movant's collateral litigation in Canada. Third, movant meets the requirement that the collateral case present common facts or legal issues to those presented in this case.

In addition to these elements, the Motion to Intervene satisfies a number of other requirements that courts have imposed on parties seeking to modify a confidentiality order to share discovery. First, before allowing discovery to be shared the Seventh Circuit in Wilk v. American Medical Ass'n, 635 F.2d 1295, 1300 (7th Cir. 1980), ruled that the court must first determine whether the collateral litigation is bona fide. Here there is no question that movant is a bona fide litigant.

Second, in cases in which the public or the press have sought access to discovery materials for their own uses, the party that seeks to protect materials from disclosure has borne the burden of demonstrating [**18] prejudice. Upon such a showing, courts have then balanced the interests of disclosure and secrecy, mindful of the principle that "the general public must be afforded [*340] access to discovery material whenever possible." Agent Orange, 821 F.2d at 146. Where collateral litigants are concerned, however, the court need not balance prejudice against secrecy because secrecy can be preserved by subjecting the intervenor to the provisions of a protective order. Kerasotes, 139 F.R.D. at 106; Meyer Goldberg, 823 F.2d at 163. When this is the case access should be granted "even if the need for the protected materials is minimal." Id. This is the procedure that movant proposes in the instant case. Specifically, movant has, in its filings in this Court, expressly submitted to the personal jurisdiction of this Court for the purpose of enforcement of the Confidentiality Order. McCormick's Mem. of Points and Auth. 9.

Defendants argue that the relief movant seeks under Rule 24(b) is improper and argue that McCormick should have invoked 28 U.S.C. § 1782. Def.'s Opp. 4. Section 1782 provides:

> The district court of the [**19] district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782 [**20] (a).

Defendants also argue that McCormick moved under Rule 24(b) rather than § 1782 so as to avoid an inquiry under § 1782(a) into foreign proof-gathering restrictions or other policies of foreign tribunals limiting discovery. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 159 L. Ed. 2d 355, 124 S. Ct. 2466, 2004 U.S. LEXIS 4570 at *10 (2004). Specifically, defendants assert movant is attempting to "circumvent the proof-gathering restrictions or other policies" of Canada in two respects. First, defendants argue that under Ontario Rules of Civil Procedure, plaintiffs are not entitled to discovery until after class certification has been decided and point to the fact that the class certification hearing on movant's case is not yet scheduled but is not expected to occur until 2005. Second, defendants argue that movant would not be entitled under Ontario Rules of Civil Procedure to all the discovery that plaintiffs in this case have received.

Defendants cite no authority for the proposition that a litigant before a foreign tribunal may not invoke Rule 24(b) to access discovery materials in the United States. Moreover, § 1782(b) specifically provides:

> This chapter does [**21] not preclude a person within the United States from voluntarily giving his testimony or statement, or producing a document or other thing, for use in a proceeding in a foreign or international tribunal before any person and in any manner acceptable to him.

[*341] 28 U.S.C. § 1782(b). That is precisely what movant seeks--the voluntary production by plaintiffs, not defendants, of the discovery documents and deposition transcripts in their possession. Only the Court's confidentiality order prevents plaintiffs from providing movant with these materials.

As for defendants' argument that moving under Rule 24(b) is a "novel" or "unconventional" approach under the circumstances, the Court notes that Canadian plaintiffs have sought similar relief under Rule 24(b) in both the Vitamins Antitrust Litigation in the United States District Court for the District of Columbia and the Baycol Products Litigation in the United States District Court for the District of Minnesota. In re Vitamins Antitrust Litig., MDL No. 1285, 2001 U.S. Dist. LEXIS 25068 (D.D.C. Mar. 19, 2001); In re: Baycol Prods. Litig., MDL No. 1431, Pretrial Order No. 77 (D.Minn. [**22] May 6, 2003). In Vitamins, the District Court found the criteria for intervention had been met but deferred ruling on movants' request to modify the protective order pending the outcome of proceedings in Canada that could moot the need for the materials. 2001 U.S. Dist. LEXIS 25068 at *4. In Baycol, the District Court allowed Canadian plaintiffs to intervene under Rule 24(b) and modified the protective order covering the litigation to allow the Canadian intervenors to access discovery. MDL No. 1431, Pretrial Order No. 77 (D.Minn. May 6, 2003). Thus, defendants assertions that Rule 24(b) is an improper vehicle for the relief movant seeks are rejected.

As to their argument regarding circumvention of Canadian law, McCormick does not dispute that the Ontario Rules of Civil Procedure do not permit a plaintiff to seek discovery from a defendant until after class certification. However, McCormick argues, citing a recent decision by the Ontario Superior Court in the Canadian vitamins antitrust litigation, Vitapharm Canada Ltd. v. F. Hoffman-Laroche, Ltd., No. 99-GD-46719 (Ont. Sup.Cit. January 26, 2001), that its motion does not attempt to circumvent this rule. Although [**23] based on foreign law, the Court may consider this argument under Third Circuit precedent. See In Bayer AG, 146 F.3d 188, 195 (3d Cir. 1998) ( "in determining whether the foreign tribunal would take offense, the district court would be free, in the exercise of its direction, to consider any materials, typically statutes or case law from the foreign jurisdiction, that may be presented by the parties").

In Vitapharm, the Canadian plaintiffs moved to intervene in the vitamins litigation in the United States for the purpose of seeking a modification of a protective order entered by the United States District Court for the District of Columbia. In the Canadian vitamins litigation, the defendants moved to enjoin the plaintiffs from seeking access to discovery in the American action. The Canadian lower court denied the injunction, stating:

> The plaintiffs are not seeking discovery in the U.S. through their U.S. Motion. Rather, they are only seeking access to the discovery of the litigants in the U.S. Litigation. From a legal standpoint, the U.S. Motion is only necessary because of the Protective Order.

> If there was no Protective Order and [**24] the plaintiffs were simply given access to discovery documents and depositions generated in the U.S. Litigation, the defendants could not take objection. It is only Judge Hogan [in the U.S. Vitamins antitrust litigation] who has jurisdiction to vary the terms of the Protective Order.

[*342] Vitapharm at 11. Recognizing that American courts have found that discovery under § 1782 should not be granted if such discovery will offend the foreign tribunal, the lower court stated:

> A Canadian court generally will be reluctant to prevent someone from gathering evidence extraterritorially, as its ultimate admissibility in a Canadian proceeding will be determined by the Canadian courts.

Id. at 13 (citations omitted). In conclusion, the lower court held that:

> The plaintiffs request for access to discovery evidence which they believe necessary to prepare their

case in Canada, a request made through means lawful in the United States, does not violate the rules and procedure of this court. There is no consequential unfairness to the defendants in the Canadian class proceedings.

Id. at 14.

On appeal to the Ontario intermediate appellate court in [**25] Vitapharm, the principal issue was whether the lower court was correct in characterizing plaintiffs' efforts in the United States as seeking access to the fruits of discovery, rather than seeking to conduct discovery. Finding that the lower court was correct, the appellate court dismissed the appeal. Vitapharm Canada Ltd. v. F. Hoffman-LaRoche Ltd., No. 82/2001 (Ont. Sup. Ct. (Division Court) April 10, 2002). One judge (Farley, J.) concurred, but would have held otherwise had it appeared that plaintiffs were intending to actively participate in discovery in the United States, as opposed to passively receiving discovery materials. Concurring Opinion at 9-10. No such issue is presented in this case since movant only seeks access to discovery already completed.

In addition, like the lower court in Vitapharm, this Court concludes defendants will suffer no prejudice from granting movant access to materials that have already been produced to plaintiffs in MDL 1261. United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1428 ("defendants desire to make it more burdensome for intervenors to pursue their collateral litigation is not legitimate prejudice"); Wilk, 635 F.R.D. at 1301 [**26] (there is "no reason to erect gratuitous roadblocks in the path of a litigant who finds a trail blazed by another").

Finally, the Court notes that although McCormick has not moved pursuant to Section 1782, one of the goals of that legislation is to provide "efficient means of assistance to participants in international litigation in our federal courts and encourage foreign countries by example to provide similar means of assistance to our courts . . ." In the matter of the Application of Euromepa v. Esmerian, Inc., 51 F.3d 1095, 1097 (2d Cir. 1995). The Court concludes that granting McCormick's motion promotes that end. As the Seventh Circuit explained in Wilk:

access in such cases materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process. Particularly in litigation of this magnitude, we . . . are impressed with the wastefulness of requiring the [collateral litigant] to duplicate discovery already made.

635 F.2d at 1299. Having managed the discovery process in the instant case, this Court is similarly "impressed with the wastefulness to all parties including defendants of requiring the [**27] [movant] to duplicate discovery already made."

IV. CONCLUSION

The Court concludes that Rule 24(b) is the appropriate vehicle for the relief movant seeks and that movant has satisfied the requirements for permissive intervention. The Court grants McCormick's Motion to Intervene and amends the Confidentiality [*343] Order of December 14, 2000 as provided in the attached Order.

BY THE COURT:

JAN E. DUBOIS, J.

K

Court File No. 43669 CP

*ONTARIO*
SUPERIOR COURT OF JUSTICE

| | | |
|---|---|---|
| The Honourable Madam | ) | *Thursday* the 22 day |
| | ) | |
| Justice Macdonald | ) | of *December*, 2005 |

B E T W E E N :

LA CIE MCCORMICK CANADA CO.

Plaintiff

- and -

STONE CONTAINER CORP., JEFFERSON SMURFIT CORP., SMURFIT-STONE CONTAINER CORP., SMURFIT-MBI, formerly known as MACMILLAN BATHURST, UNION CAMP CORP., INTERNATIONAL PAPER CO., INTERNATIONAL PAPER CANADA, INC., also known as INTERNATIONAL PAPER LTD – CANADA, GEORGIA PACIFIC CORP., GEORGIA-PACIFIC CANADA, INC., WEYERHAEUSER PAPER CO., WEYERHAEUSER COMPANY, WEYERHAEUSER COMPANY LIMITED, formerly known as WEYERHAEUSER CANADA LTD., TEMPLE-INLAND INC., INLAND PAPERBOARD AND PACKAGING, INC, GAYLORD CONTAINER CORP., TENNECO, INC., TENNECO PACKAGING, and PACKAGING CORPORATION OF AMERICA

Defendants

*Let this issue in the order in the form of ... forthwith and Ecen placed*
*Dec 22 2005*

Proceeding under the *Class Proceedings Act, 1992*

ORDER

**THIS MOTION** made by the Plaintiff, for an Order that

1. the affidavit of Dr. Beyer, including exhibits,

2. the transcript of the cross-examination of Dr. Beyer on his affidavit, and

3. those portions of the plaintiffs factum on the motion for certification, if any, which refer to the confidential material relied upon by Dr. Beyer

be treated as confidential, sealed and not form part of the public record was heard this day at the Court House, 361 University Avenue, Toronto, Ontario

720036v1

On reading the materials filed and hearing the submissions of counsel for the Plaintiff and counsel for the Defendants:

1.      THIS COURT ORDERS that the affidavit of Dr. Beyer, including exhibits, be treated as confidential, sealed and not form part of the public record; and

2.      THIS COURT ORDERS that the transcript of the cross-examination of Dr. Beyer on his affidavit, including exhibits, be treated as confidential, sealed and not form part of the public record;

3.      THIS COURT ORDERS those portions of the plaintiff's certification factum, if any, which refer to the confidential material relied on by Dr. Beyer be treated as confidential, sealed and not form part of the public record.

Date:   22 December 2005          Ellen Macdonald J

_____
(Signature of judge, officer or registrar)

ORDER ENTERED
77-72
DEC 2 9 2005

La Cie McCormick Co. v. Stone Container Corp et al.

Court File No: 43669

*ONTARIO*
SUPERIOR COURT OF JUSTICE

Proceeding commenced at London

ORDER

Siskind, Cromarty, Ivey & Dowler LLP
Barristers & Solicitors
680 Waterloo Street
P.O. Box 2520
London, ON  N6A 3V8

Michael G. Robb  LSUC #45787G
Tel: (519) 672-2121
Fax: (519) 672-6065

Solicitors for the Plaintiff