UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION ) | |
| THIS DOCUMENT RELATES TO: ) | MDL Docket No. 1629 |
| ) | Master File No. 04-10981 |
| ) | Judge Patti B. Saris |
| ALL MARKETING AND ) | Mag. Judge Leo T. Sorokin |
| SALES PRACTICES ACTIONS ) | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF DISCOVERY ORDER NO. 4, OR, IN THE ALTERNATIVE, MOTION TO SUPPLEMENT THE RECORD**

563558.1

I.   **PROCEDURAL HISTORY**

On July 27, 2006, Defendants filed their motion to compel discovery from the Class Plaintiffs and the Coordinated Plaintiffs (Dkt. No. 402), seeking, *inter alia*, the production of medical records, and medical and pharmaceutical claims data. Plaintiffs filed their opposition (Dkt. No. 422) only seven court days later, arguing, *inter alia*, that the requested documents and information would not enable Defendants to determine whether Neurontin was effective in treating individual patients, and that the number and cost of Neurontin prescriptions written for each off-label condition could be determined on an aggregate basis by reference to readily available sources of information. *Id*. at 3-5.

On August 11, 2006 – two court days before the hearing – Defendants filed their reply brief in support of the motion (Dkt. No. 429), as well as the declaration of a purported expert, Keith E. Argenbright, M.D. (Dkt. No. 430), in support of their arguments regarding the relevance of the requested records and information. At the August 15, 2006 hearing on the motion, Plaintiffs noted that they had not had an opportunity to respond to Dr. Argenbright's declaration in writing, but the Magistrate Judge was not receptive to further briefing on the matter. *See* Transcript (Dkt. No. 461) at 27:20-23. Accordingly, Plaintiffs did their best to respond to the Argenbright declaration at the hearing, amplifying their relevance arguments, and submitting several exhibits for the Magistrate Judge's consideration. *Id*. at 19:24-20:14, 22:23-32:14

On August 25, 2006, the Magisttrate Judge entered Discovery Order No. 4 (Dkt. No. 445),[1] granting in part the relief sought by Defendants. *Id*. at 2-4. Constrained by the ten day time limit imposed by Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Local Rules for United States Magistrates Judges, Plaintiffs filed their objections to Discovery

---

[1] Although the Order is dated August 17, 2006, as shown on the docket, it was not entered or served on the parties until August 25, 2006.

-1-

563558.1

Order No. 4 (Dkt. No. 462), as well as several supporting declarations, on September 14, 2006.[2]

The Declaration of Barry Himmelstein (Dkt. No. 466) merely authenticated and attached copies of two exhibits presented to the Magistrate Judge at the hearing. *See* Transcript at 29:18-30:25, 31:8-23. The declaration of Plaintiffs' expert, Professor Meredith Rosenthal of the Harvard School of Public Health (Dkt. No. 463), addressed the flaws in Dr. Argenbright's declaration, many of which Plaintiffs had addressed orally at the hearing. *See* Transcript at 19:24-20:14, 22:23-32:14. The declaration of JoBeth Levy (Dkt. No. 465), Aetna's Business Systems Manager, provided a range of estimates of the number of Aetna's health plan subscribers who were prescribed Neurontin during the time period 1999-2001, and described the technological difficulty of providing the medical and pharmaceutical claims data required by Discovery Order No. 4, estimating that it will take five months of programming work to generate the data. The declaration of Elizabeth F. Villaluz (Dkt. No. 464), a Kaiser employee, estimated that 200,0000 members of Kaiser had been prescribed Neurontin since 1998, and confirmed that the medical records of these individuals were scattered among over 400 facilities nationwide. *See also* Plaintiffs' Opposition (Dkt. No. 422) at 16. Each of these declarations were signed and dated September 14, 2006, which was the soonest that counsel for Plaintiffs were able to obtain them.

---

[2] Rule 72(a) provides that a party may file objections "[w]ithin 10 days after being *served* with a copy of the magistrate judge's order" (emphasis added). Rule 5(b)(2)(D) governs service via the Court's CM/ECF e-filing system. Effective December 1, 2005, Rule 6(e) was amended to provide that "[w]henever a party must act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added *after* the prescribed period which would otherwise expire under subdivision (a)." Rule 6(a) provides that "when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Applying these rules, the 10 day period allowed by Rule 72(a) would have expired on September 11, 2006, due to the exclusion of Labor Day; adding three days to that period, objections to the Order must be filed by September 14, 2006. Accordingly, Plaintiffs' objections are timely.

-2-

563558.1

## II.  THE COURT SHOULD GRANT RECONSIDERATION OR SUPPLEMENT THE RECORD

Plaintiffs seek a final resolution of Defendants' motion to compel as efficiently and expeditiously as possible, but find themselves in a procedural quagmire in attempting to do so. Under Rule 72, when ruling on an objection, the district judge is not required to consider matters not presented to the magistrate judge below. *See Crooker v. Van Higgins*, 682 F. Supp. 1274, 1281 (D. Mass. 1988) ("while district courts have the option to ignore arguments not made before the magistrate regarding dispositive motions, they are not required to do so"). Indeed, the Court has previously declined to consider new issues raised by Defendants in connection with their objections to the Magistrate Judge's report and recommendation on Defendants' motion to dismiss, which Defendants had *many months* to raise before the Magistrate Judge, but neglected to do so (as opposed to the seven business days Plaintiffs had to oppose Defendants' motion to compel, and Plaintiffs' rebuffed suggestion that they be allowed to respond to Dr. Argenbright's declaration in writing). *See* Memorandum and Order (Dkt. No. 356) at 2.

Obviously, Plaintiffs do not know if the declarations submitted with their objections to Discovery Order No. 4 may cause the Magistrate Judge to reconsider any of the rulings to which Plaintiffs have objected. For example, much of the *substance* of Professor Rosenthal's criticism of Dr. Argenbright's declaration was presented by Plaintiffs' counsel orally at the hearing, but it may not have been apparent to the Magistrate Judge just how "entirely unscientific" Dr. Argenbrights's approach was. *See* Rosenthal Declaration (Dkt. No. 463) at 1 ("His reasoning . . . ignores basic principles of research design and standards of clinical evidence that are widely accepted in the pharmaceutical industry."), ¶ 6 ("Dr. Argenbright's repeated assertion that examination of medical records can yield information on the effectiveness of Neurontin is entirely unscientific."), ¶ 15 ("Dr. Argenbright demonstrates his complete disregard for the

-3-

563558.1

scientific method in asserting that Plaintiffs' claims data can similarly produce valid information about Neurontin's effectiveness"). Similarly, Plaintiffs do not know if the revelation in Ms. Villaluz' declaration that Discovery Order No. 4 would require Kaiser to obtain and produce the redacted medical records of approximately 4,000 individuals (*i.e.*, 2% of 200,000) would lead to a different result. Nor could Plaintiffs provide these declarations -- which they were unable to obtain until September 14 -- to the Magistrate Judge and await a ruling on a motion for reconsideration *before* filing their objections, as no controlling authority holds that the filing of a motion for reconsideration extends the ten day appellate period set forth in Rule 72(a) until the reconsideration motion is ruled upon. *See, e.g., Norex Petroleum Ltd. v. Access Industries, Inc.*, 2003 WL 21872389, *1 (S.D.N.Y. 2003) ("While *the Federal Rules do not directly address this question*, courts *in this District* have found that, during the pendency of a motion for reconsideration before a magistrate judge, the time for filing an objection to the District Court is tolled." (emphasis added)).

Accordingly, Plaintiffs filed their objections to Discovery Order No. 4, and, by this motion, seek either (1) reconsideration of the objected-to portions of Discovery Order No. 4,[3] or, if the Magistrate Judge is not inclined to grant reconsideration, (2) an order supplementing the

\\
\\

---

[3] The basis for reconsideration – the lack of relevance of the requested discovery balanced against the privacy interests of non-parties and the extreme burden of production – is no different than the basis for Plaintiffs' objections as set forth in Dkt. No. 462.

-4-

record so that Judge Saris may consider the declarations proffered by Plaintiffs in connection with their objections, without further litigation over the propriety of doing so.

Dated:  September 19, 2006          By their attorneys,

*Members of the Class Plaintiffs' Steering Committee*

By:  **/s/ Thomas M. Greene**

Thomas Greene, Esquire, BBO # 210020
Greene & Hoffman
125 Summer Street
Boston, MA 02110

By:  **/s/ Don Barrett**

Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By:  **/s/ Daniel Becnel, Jr.**

Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By:  **/s/ James Dugan**

James Dugan, Esquire
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130

By: **/s/ Barry Himmelstein**

Barry Himmelstein, Esquire
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By: **/s/ Thomas M. Sobol**

Thomas M. Sobol, Esquire
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

*Members of the Plaintiffs' Non-Class Steering Committee*

By: **/s/ Richard Bemporad**

Richard Bemporad, Esquire
Lowey Dannenberg Bemporad & Selinger, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY 10601

By: **/s/ Linda P. Nussbaum**

Linda P. Nussbaum, Esquire
Cohen Milstein Hausfeld & Toll
150 East 52nd Street, 13th Floor
New York, NY 10022

## CERTIFICATION PURSUANT TO L.R. 7.1

The undersigned, counsel for Class Plaintiffs in the above-reference matter, hereby certifies that I conferred with Neal A. Potischman, counsel for Defendants, regarding the relief requested herein, and Defendants stated their intention to oppose the motion.

    **/s/ Barry Himmelstein**
Barry Himmelstein, Esquire
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

-6-

563558.1