UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

Discovery Order No. 5

September 14, 2006

SOROKIN, M.J.

Before the Court is the Sales and Marketing parties' Motion To Compel Defendants to Comply with the Stipulated Protective Order and CMO #3 (Docket #451). The Defendants oppose and, alternatively, request that the Court modify CMO #3 to authorize the redaction of confidential non-responsive information contained within responsive documents. The parties dispute raises two questions: first, and primarily, must the parties disclose non-responsive confidential information contained within documents also containing discoverable information; and second, how should the foregoing rule apply to one set of 65,000 documents already produced outside of this MDL. Neither side brought to the Court's attention that the first and most important issue, the dispute over the terms of CMO #3, had been litigated previously in this case.

On March 10, 2005, defendants filed a Motion for Entry of Proposed Case Management Order #3. (Docket #50). Defendants submitted both a proposed order and an order reflecting

language the parties disputed. Defendants' proposed version included language authorizing the redaction of non-responsive confidential material contained within documents produced in discovery, the very change Defendants now propose. In a supporting memorandum, defendants explained, briefly, the justification for this proposal. Docket #51. Plaintiffs filed a memorandum explaining their position on the various contested issues; they specifically opposed the redaction language Defendants proposed. Docket #52 at 4. On March 18, 2005, Judge Saris entered Case Management Order # 3 (Docket #62) in which she rejected the language authorizing redaction proposed by Defendants and modified other agreed and proposed terms. Because the redaction issue was litigated and resolved before Judge Saris at the outset of discovery, I decline to revisit it.[1] Accordingly, Defendants' request to modify CMO#3 is denied.

Plaintiffs' Motion to Compel concerns documents that do not appear to have been produced in this litigation. Defendants produced 65,000 documents totaling almost a million pages from the files of twenty-eight custodians in a Neurontin case pending in the courts of the state of New York (this case is not part of this MDL). Defendants' redacted from within these documents non-responsive confidential information. According to defendants, this information concerns other Pfizer drugs, chiefly pregablin. Personal Injury Plaintiff's counsel in that case, without objection from defense counsel, has used the documents in his Neurontin cases pending in this court and shared the documents with the Sales and Marketing plaintiffs in this case. Now, the Sales and Marketing Plaintiffs request that the Court apply CMO #3 to these documents and thus require Defendants to produce unredacted copies. Personal Injury Plaintiff's counsel

---

[1] There is no dispute that the plain terms of CMO #3 prohibit the redaction of non-responsive confidential information contained within documents produced in discovery. There is, however, a confidentiality order in place in this case protecting that information.

supports the request. This Motion is DENIED because CMO #3 governs only this MDL and, to date, the defendants have not produced the documents in this MDL.

                                                    SO ORDERED.
                                                  /s/ Leo T. Sorokin
                                            _____
                                            United States Magistrate Judge