# EXHIBIT G

2994/1392

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND ) <br> SALES PRACTICES LITIGATION ) <br> _____ ) <br> THIS DOCUMENT RELATES TO: ) <br> _____ ) <br> THE GUARDIAN LIFE INSURANCE ) <br> COMPANY OF AMERICA ) <br>   v. PFIZER, INC., ) <br> 04 CV 10739 (PBS) ) <br> _____ ) | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris |

### PLAINTIFFS KAISER FOUNDATION HEALTH PLAN, INC. AND KAISER FOUNDATION HOSPITALS RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (hereinafter "Plaintiff" or "Kaiser") responds and, by and through its attorneys, objects to Defendants Pfizer Inc. and Warner-Lambert Company's Second Request for Production of Documents as follows:

### PRELIMINARY STATEMENT

1. Kaiser's responses are subject to all objections as to competence, relevance, materiality, admissibility, privilege, and privacy, and any and all other objections on grounds that would require exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

2. Kaiser's responses to the Request for Production of Documents ("Document Requests") should not be taken as an admission that: (1) Kaiser has documents responsive to the request; or (2) documents responsive to a particular request exist. Kaiser's response to the request is not intended to be, and shall not be, a waiver by Kaiser of all or any part of its objection(s) to that request.

sbm 12/14/05

3. The following responses are based upon information known at the time these objections are served and are given without prejudice to Kaiser's rights to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Kaiser's responses are based upon, and therefore are limited by, Kaiser's present knowledge, and consequently, Kaiser reserves the rights to make any changes in these response if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1. Kaiser incorporates each and every general objection set forth below into the responses to the Document Request as if they were fully set forth in the response the request.

2. Kaiser objects to the Document Request to the extent it is inconsistent with, or seeks to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts or any applicable scheduling order, case management order, or other ruling of the Court.

3. Kaiser objects to the Document Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, physician/patient privilege, pharmacist/patient privilege, and/or any other applicable privilege or exemption. Kaiser will not produce such documents. Any inadvertent production of any privileged or protected document will not constitute a waiver of any privilege or protection.

4. Kaiser objects to the Document Request insofar as it seeks documents that are confidential or private in nature, that are covered by third-party confidentiality agreements or that are insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to, the provisions of the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPAA"), the Federal Privacy Rule governing Standards for Privacy of Individually

2

Identifiable Health Insurance, 45 CFR Parts 160 and 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

5. Kaiser objects to the Document Request insofar as it seeks documents disclosing trade secrets, proprietary business information, and/or competitively sensitive information.

6. Kaiser objects to the Document Request to the extent it calls for production of documents which are protected from disclosure by any individual's or Kaiser's right(s) to privacy or seek information protected from disclosure by Section 7216 of the Internal Revenue Code.

7. Kaiser objects to the Document Request as overly broad to the extent it seeks documents relating to pharmaceutical products other than Neurontin, or seeks documents and other information having nothing to do with the subject matter of the Complaint on the ground that such requests purport to call for documents and information that are neither relevant to this action nor likely to lead to the discovery of admissible evidence. Plaintiff will only produce documents regarding Neurontin.

8. Kaiser objects to the Document Request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, and vexatious, does not specify the documents requested with sufficient particularity, or seeks documents that are not relevant to the claim or defense of any party.

9. Kaiser objects to the Document Request to the extent it seeks production of materials from persons or entities who or which are not parties to these actions and which materials are not now and never have been in the possession, custody or control of Kaiser.

10. Kaiser objects to the Document Request to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

11. Kaiser objects to the "Definitions" and "Instructions" in Defendants' Document Requests to the extent they exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, or any applicable scheduling order, case management order, or other ruling of the Court. Kaiser also objections to the "Definitions" to the extent they are inconsistent with normal and customary usage.

12. Kaiser objects to the definition of "Person" or "Persons" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from third parties over whom Kaiser has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

13. Kaiser objects to the definition of "Plaintiff" or "Kaiser" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from persons over whom Kaiser has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

14. Kaiser's decision, now or in the future, to provide information or documents notwithstanding the objectionable nature of any of the Definitions or Instructions, or the Request itself, should not be construed as: (a) a stipulation that the material is relevant or admissible, (b) a waiver of Kaiser's general objections or the objections asserted in response to specific document requests, or (c) an agreement that requests for similar information will be treated in a similar manner.

15. In the event that Kaiser is required to produce documents in response to Defendants' requests, Kaiser will produce such documents on a rolling basis in as timely a fashion as Kaiser can locate and process them, without sacrificing a meaningful review for responsiveness, privilege and confidentiality. In the event that even some of the documents

called for are required to be produced, a rolling production is the only feasible and physically possible method given the scope and breadth of Defendants' requests.

## DOCUMENT REQUESTS

Request No. 1

All medical records from the prescribing provider for each of Plaintiff's covered persons who were prescribed Neurontin for an off-label use for which Plaintiff claims damages.

Response No. 1

Kaiser objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Kaiser further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Kaiser further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPAA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Dated: December 14, 2005

For Kaiser Foundation Health Plan, Inc.
& Kaiser Foundation Hospitals:

_/s/ Linda P. Nussbaum_

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Linda P. Nussbaum
150 East 52nd Street, 30th Floor
New York, NY 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

**Cohen, Milstein, Hausfeld & Toll, P.L.L.C.**
Michael D. Hausfeld
Justine J. Kaiser
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

- and -

Thomas G.  Shapiro
**SHAPIRO HABER & URMY LLP**
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2005 a copy of the foregoing Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals Responses and Objections to Defendants' Second Request for Production of Documents was served on the following:

<u>VIA OVERNIGHT COURIER</u>

Patrick J. Murray
Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017

*Counsel for Pfizer Inc. and Warner-Lambert Company*

<u>VIA U.S. MAIL</u>

Thomas M. Sobol
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142

*Liaison Counsel for Plaintiffs*

_____
Debbie T. Vanzego