# EXHIBIT F

LEXSEE 2000 U.S. DIST. LEXIS 15263

**ABBOTT LABORATORIES, Plaintiff v. SELFCARE, INC. and PRINCETON BIOMEDITECH CORPORATION, Defendants; ABBOTT LABORATORIES, Plaintiff v. SELFCARE, INC., PRINCETON BIOMEDITECH CORPORATION, and PBM-SELFCARE LLC, Defendants**

**CIVIL ACTION NO. 98-10674-GAO, CIVIL ACTION NO. 99-10753-GAO**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

*2000 U.S. Dist. LEXIS 15263*

**September 29, 2000, Decided**

**SUBSEQUENT HISTORY:** Summary judgment granted, in part, summary judgment denied, in part by *Abbott Labs. v. Selfcare, Inc., 2000 U.S. Dist. LEXIS 22436* (D. Mass., Sept. 29, 2000)

**PRIOR HISTORY:** *Abbott Labs. v. Selfcare, Inc., 17 F. Supp. 2d 43, 1998 U.S. Dist. LEXIS 12895* (D. Mass., 1998)

**DISPOSITION:** [*1] Abbott's motion in Civil Action No. 98-10674-GAO (the "infringement action") to sever or bifurcate the defendants' second amended counterclaims DENIED. Defendants' motion in Civil Action No. 99-10753-GAO to dismiss GRANTED. Civil Action No. 99-10753-GAO DISMISSED WITHOUT PREJUDICE.

**COUNSEL:** For ABBOTT LABORATORIES, Plaintiff: Jose E. Rivera, Jr., Regina M. Anderson, Office of the General Counsel, Abbott Park, IL. Mary Kay Martire, Hopkins & Sutter, Chicago, IL.

For SELFCARE INC, PBM-SELFCARE, L.L.C., Defendants: Peter B. Ellis, Foley, Hoag & Eliot, Boston, MA. Elisha S. Rosenblum, Michael T. Trucco, Stamos & Trucco, Chicago, IL. Michael A. Albert, Wolf, Greenfield & Sacks, Boston, MA.

For PRINCETON BIOMEDITECH CORPORATION, Defendant: Elisha S. Rosenblum, Michael T. Trucco, Stamos & Trucco, Chicago, IL.

**JUDGES:** George A. O'Toole, Jr., District Judge.

**OPINION BY:** George A. O'Toole, Jr.

**OPINION:**

MEMORANDUM AND ORDER

September 29, 2000

O'TOOLE, D.J.

Pending before this Court is Abbott's motion in Civil Action No. 98-10674-GAO (the "infringement action") to sever or bifurcate the defendants' second amended counterclaims concerning United States Patent Nos. *5,559,041* and *5,728,587*, both [*2] issued to Kang et al. (the "Kang patents"), as well as the motion of defendants in Civil Action No. 99-10753-GAO (the "declaratory judgment action") to dismiss. n1 The respective motions have been fully briefed, n2 and oral argument is unnecessary.

> n1 The declaratory judgment action contains an additional defendant, PBM Selfcare LLC, not named in the infringement action. PBM Selfcare is a subsidiary of Princeton Biomeditech and Selfcare.

> n2 See Docket Nos. 104 and 107 of the infringement action and Docket Nos. 4 and 5 of the declaratory judgment action.

A brief history of these coordinate civil actions is in order. Abbott filed suit in the infringement action on April 17, 1998. Abbott shortly thereafter moved for a preliminary injunction, which I denied on August 5, 1998. On October 23, 1998, the defendants in the infringement action filed a motion to amend their complaint, adding counterclaims which asserted that Abbott infringed the Kang patents, which (like the patents as-

serted by Abbott) concern [*3] rapid immunoassay technology. Over Abbott's opposition, I granted the motion to amend on March 31, 1999.

Meanwhile, on November 5, 1998, one day before filing its opposition to the defendants' motion to amend in the infringement action, Abbott filed suit in the Northern District of Illinois, praying for a declaratory judgment that the Kang patents were invalid or unenforceable and not infringed. On December 7, 1998, the defendants in the declaratory action moved to dismiss or, in the alternative, to transfer the case to this district, where the infringement action was pending. Judge Grady of the Northern District ruled on March 11, 1999, that transfer was appropriate due to the related nature of the infringement action and the similarity and complexity of the technological issues involved. The case arrived here and was assigned to my docket as a related case on April 21, 1999.

Having granted the motion to amend, which was filed prior to the institution of the declaratory judgment action, I first consider Abbott's motion in the infringement case to sever or bifurcate the counterclaims under *Federal Rules of Civil Procedure 21* and *42(b)*.

Rule 18 provides the parties with "great freedom [*4] in the joinder of claims," Wright, Miller & Kane, Federal Practice and Procedure § 1689 at 476 (2d ed. 1986), and here the counterclaims were filed prior to the institution of the declaratory judgment action. Compare *Salomon S.A. v. Scott USA Ltd., 117 F.R.D. 320, 321 (D.Mass. 1987)* (severing and staying infringement counterclaims filed subsequent to declaratory judgment actions for invalidity). I do not, therefore, find that the counterclaims should be severed under Rule 21.

Bifurcation is a decision that is "committed to the sound discretion of the court," *Data Gen. Corp. v. Grumman Sys. Support Corp., 795 F. Supp. 501, 503 (D.Mass. 1992),* and is made by weighing the relevant efficiencies to be gained (or lost) through bifurcation as well as considerations of fairness and prejudice to the parties. Abbott's arguments in favor of bifurcation are not persuasive. Counterclaims aside, the Kang patents are likely to appear in the infringement action in rebuttal to anticipated evidence from Abbott regarding commercial success (and hence nonobviousness), as well as to claims of infringement by equivalents. The jury for the infringement action, familiar [*5] with the Kang patents and with the concepts of validity and infringement necessary to decide the claims, would be in a good position to decide the counterclaims as well. Furthermore, both the claims and the counterclaims require an understanding of the same technological field and the same class of immunoassay test devices. Educating two separate juries on the complexities of immunoassay technology would be duplicative, and would prove far more taxing for the litigants and the court than conducting a single, albeit longer, jury trial. Abbott also echoes several of the arguments made (successfully) by the infringement action defendants in a separate motion, which I granted, to bifurcate the liability and damages issues, but that decision involved quite different considerations, since the resolution of the liability issue could obviate the need to explore damages. Were it the case that there was a similar relationship linking the claims and counterclaims, bifurcation might well be in order. See, e.g., *Hewlett-Packard Co. v. Genrad, Inc., 882 F. Supp. 1141, 1157 (D.Mass. 1995)* (bifurcating patent and antitrust claims where patent claims were less complex and their resolution [*6] might render antitrust claims moot). The claims and counterclaims, however, are not in such a conjunctive position. Nor am I persuaded that litigating the Kang patents will require such lengthy additional discovery that Abbott's ability to proceed on its infringement claims would be unreasonably delayed.

Since neither severance nor bifurcation is in order, I now address the motion to dismiss in the declaratory judgment action. Both parties appear to agree that the questions raised by the declaratory judgment action are duplicative of those found in the counterclaims. Dismissal without prejudice is in order.

In sum, Abbott's motion in Civil Action No. 98-10674-GAO (the "infringement action") to sever or bifurcate the defendants' second amended counterclaims is DENIED, the defendants' motion in Civil Action No. 99-10753-GAO to dismiss is GRANTED, and Civil Action No. 99-10753-GAO is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

George A. O'Toole, Jr.

District Judge

September 29, 2000

DATE

ORDER OF DISMISSAL

O'TOOLE, District Judge

In accordance with this Court's Memorandum and Order issued September 29, 2000 ( # 6), is hereby ORDERED that the above-entitled action be [*7] and it hereby is, DISMISSED without prejudice.

DATED: October 3, 2000