UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL No. 1629 |
| This document relates to: | ) ) | Master File No. 1:04-10981-PBS |
| ALL ACTIONS | ) ) | |

**PROPOSED REPLY OF RHONDA GAYLE GOODRIDGE *et al.*
TO DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE FOR THE
LIMITED PURPOSE OF SEEKING MODIFICATION TO PROTECTIVE ORDER**

I.     INTRODUCTORY STATEMENT

Movants Rhonda Gayle Goodridge, Susan Dudley and Mark Dudley (collectively "Movants") Claim") respectfully submit this reply memorandum to Defendants' Opposition to Motion to Intervene for the Limited Purpose of Seeking Modification to Protective Order ("Defts.Opp").

At the outset, Movants note that Defendants take no position as to the propriety of Movants' motion to intervene. *See* Defts. Opp. at 5. Accordingly, Movants submit that the Court should grant their motion to the extent it seeks intervention for the stated limited purpose.

In a desperate attempt to stave off modification of the Protective Order in order to hamstring Movants' Canadian litigation, Defendants misstate the applicable standard of review, make baseless accusations of violation of the Protective Order and raise fanciful claims of prejudice. When the proper standard is applied, it is clear that Movants' request is a reasonable one and should be granted. Moreover, it is clear that there has been no violation of the Protective Order. And finally,

Defendants cannot legitimately claim prejudice if the motion were to be granted. At most they will lose an illegitimate procedural advantage gained from a protective order entered for an entirely different – and legitimate – purpose. Accordingly, as Movants show below, the motion to modify the Protective Order should be granted as requested.

## II.     ARGUMENT

### A.     Defendants Rely on the Wrong Standard

Defendants argue that Movants must show, at a minimum, "good cause" for modification of the Protective Order, and imply that the even more stringent standard of "extraordinary circumstances or compelling need" may apply. Defts. Opp. at 5-9. Defendants are wrong. Neither of these standards applies to Movants' request to modify the Protective Order.

Defendants cite two cases in support of their argument that Movants must show "good cause": *Cordis Corp. v. SciMed Life Systems, Inc.*, 177 F.R.D. 651 (D.Minn. 1997); *Bayer AG and Miles, Inc. v. Barr Labs*, 162 F.R.D. 456 (S.D.N.Y. 1995). Defts. Opp. at 5. Neither of these cases is from the First Circuit and thus are not controlling on this Court, nor are they persuasive. Indeed, *Cordis* does not even stand for the proposition for which it is cited. Rather, it indicates that the proper standard is "intervening circumstances." 177 F.R.D. at 654. It makes no mention of a supposed "good cause" standard, which, in fact, is the Rule 26(c) standard for obtaining a protective order in the first place. *Bayer*, a case from the Second Circuit, does posit a "good cause" standard for private parties seeking modification of a protective order. The reasoning of that case, however, has been expressly disapproved by the Second Circuit, which continues to adhere to its "extraordinary circumstances" rule. *See Securities and Exchange Commission v. The Street.com*,

2

273 F.3d 222, 230, n.7.

The First Circuit, however, contrary to Defendants' suggestion, has rejected the "extraordinary circumstances" rule and strongly suggested that the proper rule is a more lenient "changed circumstances" standard. In *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 791 (1st Cir. 1988), the court said:

> While we need not decide the matter definitively, we reject the "extraordinary circumstances" standard. In a case such as this, where the party seeking modification has pointed to some relevant change in the circumstances under which the protective order was entered, we think that a standard less restrictive than "extraordinary circumstances is appropriate. We need not define how "less restrictive" the standard should be ....

### B. Movants' Show Changed Circumstances Warranting Modification

Applying the proper "changed circumstances" rule, it is apparent that Movants' motion should be granted. First, Movants, who were not before the Court when the Protective Order was entered, had no input into the terms of the order, nor could they be made parties to the order. They are now before the Court. They have shown a legitimate need for the requested modification. They wish to use certain relevant Confidential materials in support of their class certification motion, a proper purpose under Canadian procedure, but which they are prevented from doing only because of the Protective Order. *See* Supplemental Declaration of Matthew Baer ("Baer Supp.Decl.") at ¶¶ V, VI. And most importantly, the scope of the requested modification is slight. They do not seek to make the discovery materials public as, for example, in *Public Citizen*. Rather they merely seek to utilize the materials in their litigation in Canada under all the strictures of the Protective Order. Thus any legitimate interests Defendants have in maintenance of the Protective Order – protecting their

confidential trade secrets and other confidential information from public disclosure1 – would continue to be protected by Movants' requested modification. *Cf. Pharmachemie, B.V. v. Pharmacia, Inc.*, 1998 U.S.Dist.LEXIS 2192 (D.Mass. January 30, 1998) (holding that defendant had not shown "good cause" for preventing use of confidential materials by litigants in related foreign litigation where proposed protective order provided mechanism for maintaining confidentiality of materials in foreign proceeding).

C.  **Movants Have Not Violated the Protective Order**

Notwithstanding Defendants' feigned incredulity regarding Movants' role as consultants under the Protective Order (Defts. Opp. at 10), Movants have in no way violated the Protective Order. First, they have not violated the letter of the order because they are not parties to the order.[2] More importantly, neither have they violated the spirit of the order. They were first shown Confidential materials as consultants to the Finkelstein firm. Contrary to Defendants' sarcastic insinuations, nothing in the Protective Order prevents a law firm, even a foreign law firm, from acting as a consultant, and Movants' Canadian counsel did in fact consult with the Finkelstein firm. Baer Supp. Decl. at ¶¶ III, IV. Having concluded that certain of the materials were relevant to their action in Canada and would be helpful to their motion for class certification, they then sought, through the Finkelstein firm, to receive the materials in their capacity as attorneys for use in the Canadian litigation pursuant to ¶ 6(i) of the Protective Order. *Id.* at ¶¶ V, VI. Defendants objected

---

1  The Court at least implicitly recognized that this was the only legitimate purpose for the Protective Order when it rejected Defendants' more expansive proposed order and limited the scope of the Protective Order to Confidential materials.

2  Their counsel have indeed signed Certifications pursuant to ¶ 7 of the Protective Order by which they agreed to abide by its terms. And they have continued, and will continue, to abide by its terms, irrespective of the outcome of their motion.

4

to Movants' counsels' receipt of the materials and suggested that the proper procedure would be to bring a motion before this Court. Baer Decl., Ex. H. Movants here are merely following Defendants' own suggestion.

D.  **Defendants Will Not Be Prejudiced by the Proposed Modification**

Defendants assert that they will be prejudiced in several ways if Movants' proposed modification to the Protective Order is granted. None of their claims of prejudice holds up to scrutiny.

First, they claim that Movants will receive an unfair procedural advantage because Defendants will not be able to engage in parallel discovery in Canada prior to class certification. Defts. Opp. at 11. This is not correct for several reasons. Defendants are under a fundamental misapprehension as to the nature of what Movants seek to do here. They do not seek to conduct discovery here. Rather, they only seek to access passively the fruits of discovery conducted here by others. In other words, they seek merely to gather evidence and were it not for the Protective Order there would be nothing to prevent them from obtaining the materials covered by the order from other parties to this litigation. Defendants recognize this when they point out that Movants are able to obtain all non-Confidential materials produced in this litigation. Defts. Opp. at 8-9. Thus modifying the order would not give Movants an advantage, but would simply remove a disadvantage they currently labor under due to the Protective Order. Putting litigants in related proceedings under a disadvantage is not a legitimate purpose for a protective order, *i.e.*, it is not "good cause," and therefore cannot be a legitimate reason to refuse modification.

Moreover, Movants have the burden in the Canadian class certification proceedings.

5

Defendants have no burden and hence have no need of discovery. And, of course, they have access to their own materials subject to the Protective Order and are not precluded by the order from using them in any manner they see fit in Canada to refute, explain or otherwise respond to any materials Movants might proffer.

Next, Movants assert they will be prejudiced because they will lose the opportunity to address the proper scope of discovery in Canada at the appropriate time. Defts. Opp. at 11-12. This too is not legitimate prejudice. As pointed above, what Movants seek to do here has nothing to do with discovery in Canada, except to the extent it may obviate duplicative discovery once discovery begins in Canada. This has been recognized by the courts of Ontario where the Canadian action is pending. *See generally* Baer Decl., Exhibit I.

Even if it were true that Defendants might make it more difficult or expensive, or even impossible, to obtain some of these materials through discovery procedures in Canada, the same does not mean that they will be prejudiced by Movants obtaining the materials in the United States. Certainly that would be the case if there were no protective order and Movants simply obtained the materials in the United States. Indeed, even Defendants admit this when they concede that Movants are free to obtain and use any non-Confidential documents produced in discovery in this litigation. Defts. Opp. at 8-9. But the only reason for the Protective Order is to protect Defendants' business secrets and other legitimately confidential materials, not to place roadblocks in the way of litigants in other jurisdictions. Indeed, to the contrary, it has been held that sharing discovery materials pursuant to a protective order with litigants in other jurisdictions is consistent with the purposes of the Federal Rules of Civil Procedure. *See, e.g., Baker v. Liggett Group, Inc.*, 132 F.R.D. 123, 125-

26 (D. Mass. 1990).

Finally, Defendants assert they will be prejudiced because, even if Movants abide by the Protective Order, there is no guarantee that the Canadian court will consent to sealing any Confidential materials Movants seek to use there. Defts. Opp. at 12-13. This purported fear is simply too speculative to amount to prejudice. Movants counsel have agreed to subject themselves to the Protective Order and to the jurisdiction of this Court to enforce their compliance with the order. Moreover, they have proffered evidence that in a past situation where they had obtained materials subject to a United States court's protective order they submitted, and the Canadian court agreed to receive, the materials under seal. Baer Decl., ¶¶ VI, VIII. Nevertheless, out of an abundance of caution and to address any possible concerns Defendants might have, Movants Canadian counsel have now committed that in the unlikely event the Canadian court were to refuse to seal any Confidential materials, they will not submit the materials to the court. Baer Supp. Decl., ¶ VII. Thus any conceivable prejudice Defendants might otherwise undergo on this score is completely obviated.

Wherefore, for all the foregoing reasons, Movants respectfully request that the Court grant their motion to intervene and, further, grant their motion to modify the Protective Order.

Respectfully submitted,

/s/ Seth J. Robbins

Christopher Weld, Jr. (BBO# 522230)
Cweld@toddweld.com
Seth J. Robbins (BBO# 655146)
srobbins@toddweld.com
TODD & WELD LLP
28 State Street
Boston, MA 02109
(617) 227-2626

Of Counsel:

Jonathan W. Cuneo
David W. Stanley
CUNEO GILBERT & LaDUCA, LLP
507 C Street, NE
Washington, DC 20002
(202) 789-3960

October 10, 2006

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Fling (NEF) and paper copies will be sent to those indicated as non registered participants on October 11, 2006.

/s/ Seth J. Robbins

Seth J. Robbins

Date: October 10, 2006