# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

**IN RE:**

**NEURONTIN MARKETING AND SALES PRACTICES LITIGATION**

---

This Document Relates To:

ALL ACTIONS

---

**SUPPLEMENTAL DECLARATION OF MATTHEW BAER IN SUPPORT OF THE MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING MODIFICATION TO PROTECTIVE ORDER**

I.      I am an associate with Siskinds LLP ("Siskinds"), counsel for the Movants Rhonda Gayle Goodridge, Susan Dudley and Mark Dudley.

II.     I submit this declaration in reply to the Defendants' Opposition to Motion to Intervene for the Limited Purpose of Seeking Modification to Protective Order.

III.    The Defendants characterize Siskinds access to documents subject to the protective order as being in violation of the protective order and that is untrue. On February 27, 2006, Michael Peerless and myself, both counsel for the Movants, met with counsel from Finkelstein & Partners in order to consult on the ongoing Neurontin litigation in the United States. Prior to reviewing any of the documents subject to the protective order, Michael Peerless and myself both entered into confidentiality agreements allowing us to review the documents subject to the protective order in our capacity as consultants, pursuant to paragraph 6(c) of the protective order.

IV.    Both Michael Peerless and I understood that we were only able to review the protected documents subject to the consulting agreement and that such access would not be sufficient to use documents subject to the protective order in Canadian litigation.  In our role as consultants to Finkelstein & Partners, Michael Peerless and I were very helpful to Finkelstein & Partners and new and relevant information was discovered which could prove to be of great value in this litigation generally.

V.    Although most of the documents subject to the protective order do not specifically relate to Canada, there are a number of documents which are specifically relevant to Canada.  The defendants' assertion that the documents have nothing to do with Canada is completely untrue. In preparing materials for the certification motion in the Movants Ontario action, counsel for the Movants wish to use several of the documents subject to the protective order which are specifically relevant to Canada.  In order that Movants' counsel be able to use such documents in their litigation, it was then necessary to write to defendants' counsel informing them that access to the documents was to be given for that purpose.  Finkelstein & Partners so wrote to defendants' counsel on May 30, 2006.  When defendants' counsel refused to allow Movants' counsel access to the documents for that purpose, it became necessary to file the within motion to vary the protective order.

VI.    Not only are the documents which Movants' counsel wish to use in their litigation in Canada relevant to and specifically apply to Canada, such documents are permissible to be used, under Canadian law, in Canada as part of the Movants' certification record.  This is not discovery and cannot be characterized as such.

VII.    In order to ensure that the confidentiality of the documents is preserved, Movants' counsel will ask that the Ontario court keep the documents under seal, and if such a request is not granted by the Ontario court, Movants' counsel will not submit the confidential materials to

the Ontario court as part of the Movants certification record.  No prejudice can possibly result to the defendants.


Sworn to before me this 5th day of October, 2006.


_____
MATTHEW BAER

_____
JOHN NORTON