UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | |
| THIS ORDER RELATES TO:<br><br>ALL ACTIONS | MDL Docket No. 1629<br>Master File No. 04-10981<br>Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

ORDER ON MOTION TO INTERVENE

October 13, 2006

SOROKIN, M.J.

Before the Court is the motion to intervene (Docket # 476) filed by plaintiffs in a Canadian lawsuit (hereinafter, "movants")[1], and defendants' opposition thereto.

Like the case at bar, movant's Canadian lawsuit is a putative class-action in which plaintiffs seek damages from Pfizer for its promotion of Neurontin for off-label uses. Canadian procedural rules prohibit discovery until after the Court rules on plaintiffs' motion for class certification. As the Canadian Court has not yet ruled on class certification, movants at this time are barred from seeking discovery from defendants in Canada. They seek leave to intervene for the limited purpose of modifying the Protective Order entered by this Court (Docket # 27) so that

---

[1] Movants Rhonda Gayle Goodridge, Susan Dudley and Mark Dudley are plaintiffs in the matter of Goodridge et al v. Pfizer Candada Inc. et al, currently pending in the Superior Court of Justice, Ontario, Canada (File No. 06cv307728CP).

they may obtain access to the confidential discovery material produced in this action, which they intend to use in their Canadian lawsuit, subject to all of the other terms of the Protective Order.

The Protective Order provides that the parties are prohibited from sharing information designated as confidential, except in limited circumstances.[2] In addition, confidential information may be used only for the purpose of conducting the instant litigation.[3]

---

[2] Pursuant to Section 6 of the Protective Order, access to confidential information is limited to:

- (a) counsel for the parties (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;
- (b) outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation;
- (c) any outside expert, consultant or investigator who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting, and/or testifying in this litigation . . .;
- (d) any party or any director, officer or employee of a party charged with the responsibility of making business decisions dealing directly with the resolution of this action;
- (e) any person who authored or received the particular material sought to be disclosed to that person;
- (f) any person currently or formerly employed by the producing or receiving party if that person had regular access to the information contained in the particular confidential material sought to be disclosed to that person during the term of that person's employment with the party that produced or received the Confidential Material . . . ;
- (g) deponents, trial or hearing witnesses and their counsel in preparation for and/or during deposition, trial or hearings . . . ;
- (h) any Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;
- (i) any other person to whom the party producing the information agrees in writing or on the record in advance of the disclosure . . .

[3] Pursuant to Section 5 of the Protective Order, "Any Confidential Information received by a party shall be used by that party solely for the purpose of conducting this litigation and shall in no event be used for any business, competitive, personal, private, public or other purpose,

Applicable Law

Fed. R. Civ. P.24(b) provides, in pertinent part, that:

[u]pon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"Courts have been willing to adopt generous interpretations of Rule 24(b) to facilitate an effective mechanism for third-party claims of access to information generated through judicial proceedings." In re Linerboard Antitrust Litig., 333 F.Supp.2d 333, 339 (E.D.PA 2004), citing Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C.Cir. 1998)(internal quotations omitted).

Under the standards set forth in Rule 24(b)(2), movants' application is certainly timely, as discovery in this MDL is ongoing. In addition, the Canadian lawsuit is very similar to the case at bar, and shares common questions of law and/or fact. The motion to intervene should therefore be granted unless the defendants would suffer undue prejudice.

As an initial matter, defendants argue that movants cannot demonstrate good cause to modify the Protective Order, nor have they demonstrated "extraordinary circumstances" or a "compelling need" to disturb the expectations of defendants, who have relied on the Protective Order. The First Circuit has explicitly rejected the "extraordinary circumstances" standard, but it

---

except as required by law. If the use of Confidential Information is required by law, the person using such information shall give notice to counsel for the producing party in accordance with paragraph 14 below. In no event shall any disclosure of Confidential Information be made to any competitor of any party, or to any person who, upon reasonable and good faith inquiry, could be determined to be an employee of any competitor of any party, irrespective of whether they are retained as an expert in this action."

3

has not squarely decided what standard courts should apply.  See Public Citizen v. Liggett Group, Inc., 858 F.2d 775 (1st Cir. 1988).  In Public Citizen, the First Circuit affirmed the district court's modification of a protective order where the party seeking modification had shown "some relevant change in circumstances under which the protective order was entered." Id. at 791.

Movants argue that circumstances have changed because they were not before the Court when the Protective Order was issued, and therefore had no input into the terms of the Order.  Now that movants are before the Court, they wish to use the confidential materials in support of their Canadian class certification motion.  This Court understands that the laws and/or procedures of Canada do not prohibit counsel from obtaining information outside of the formal discovery process that is subject to the coercive power of the Canadian courts.  Therefore, movants would be entitled to seek and receive the confidential documents at issue were it not for the existence of the Protective Order.

Defendants maintain that they will suffer substantial prejudice if the motion is granted.  First, defendants argue that they will be placed at a disadvantage in the Canadian litigation, because movants will have access to extensive materials to use in support of their motion for class certification, while defendants will not have equal access to movants' documents for use in their opposition filings.  In addition, defendants argue that the scope of discovery in the Canadian lawsuit is properly addressed by the Canadian court.  Finally, defendants are concerned about the potential that the confidentiality of the documents may be compromised if the documents are used in the Canadian litigation.[4]

---

[4] In addition, defendants contend that counsel for plaintiffs in the instant action, Finkelstein & Partners, have already provided movants with access to the confidential documents in violation of the Protective Order.  Defendants claim that counsel did so "under the guise" that

The court does not share the first two concerns raised by defendants. As noted in In re Linerboard, 333. F.Supp.2d at 341, the Canadian courts have found that it is appropriate for Canadian plaintiffs to intervene in a parallel lawsuit in the United States for the purpose of seeking a modification of the protective order. See id., citing In re Vitamins Antitrust Litig., 2001 WL 34088808 at *7 (D.D.C. 2001). In In re Vitamins, the District Court found that the movants were entitled to intervene, but deferred a ruling on movants' request to modify the protective order. Id. Defendants in the Canadian litigation moved to enjoin the plaintiffs from seeking access to discovery in the American action, but the Canadian court denied the injunction. It stated, "The plaintiffs' request for access to discovery evidence which they believe necessary to prepare their case in Canada, a request made through means lawful in the United States, does not violate the rules and procedure of this court. There is no consequential unfairness to the defendants in the Canadian class proceedings." In re Linerboard, 333 F.Supp.2d at 342, citing Vitapharm Canada Ltd. v. F. Hoffman-Laroche, Ltd., No. 99-GD-46719 (Ont.Sup.Ct. January 26, 2001). The appellate court affirmed the lower court. In re Linerboard, 333 F.Supp.2d at 342, citing Vitapharm Canada Ltd. v. F. Hoffman-Laroche, Ltd., No. 82/2001 (Ont.Sup.Ct. (Division Court) April 10, 2002).

While the first two arguments are not compelling, there is genuine cause to be concerned that the confidentiality (which the parties previously agreed to) might be compromised. However, in their Reply, movants have responded to this concern by stating (1) that they will

---

movants were "consultants," and they argue that movants should not be rewarded for this improper conduct. The Court declines to take a position on this issue. Section 6(c) of the Protective Order expressly allows consultants access to confidential material. In their Reply, movants maintain that they were first shown confidential materials as consultants to the Finkelstein firm. Baer Supplemental Declaration at ¶¶ III and IV.

request the Canadian court to seal any confidential discovery that they file in Canada; and (2) that, if the Canadian Court declines to seal the confidential discovery, the movants will not file the material with the Court.  <u>See</u> movant's Proposed Modifications (Docket # 499); Supplemental Declaration of Matthew Baer at ¶ 507 (Docket #507).

The representations and assurances that movants provide with regard to their intention to protect the confidentiality of all materials sufficiently alleviates any concern.  Movants have agreed to subject themselves to the jurisdiction of this Court, and they have agreed to abide by the terms of the Protective Order.  Making available to the movants the confidential discovery produced in the instant litigation will promote the speedy and just resolution of disputes arising out of the same or similar facts.  "Where an appropriate modification of a protective order can place private litigants in a position they would have otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification."  <u>Baker v. Liggett Group, Inc.</u>, 132 F.R.D. 123, 126 (D.Mass. 1990)(Wolf, J.), quoting <u>Wilk v. American Medical Association</u>, 635 F.2d 1295, 1299 (7th Cir. 1980).

CONCLUSION

For the foregoing reasons, the Motion is <u>ALLOWED</u>.  Counsel for the movants shall file an Amended Protective Order within ten days of this Order.

SO ORDERED.

/s/ Leo T. Sorokin
_____
UNITED STATES MAGISTRATE JUDGE