UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------- x

In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY
LITIGATION

THIS DOCUMENT RELATES TO:

ASSURANT HEALTH, INC., et al. v. PFIZER
INC., et al.,

Docket No. 05-10535-PBS

: MDL Docket No. 1629
: Master File No. 04-10981
: Judge Patti B. Saris
: Mag. Judge Leo T. Sorokin

---------------------------------------- x

## DEFENDANTS' MOTION FOR LEAVE TO FILE
## RESPONSE TO SUR-REPLY OF *ASSURANT* PLAINTIFFS

Defendants Pfizer Inc. and Warner-Lambert Company ("defendants") respectfully move, pursuant to Local Rule 7.1(B)(3), for leave to file the attached, very short Response of Defendants Pfizer Inc. and Warner-Lambert Company to Sur-reply of *Assurant* Plaintiffs (the "Response"). The grounds for this motion are:

1.  On September 27, 2006, the Court heard argument on defendants' objections to the Memorandum and Order of Magistrate Judge Leo T. Sorokin, dated August 4, 2006 (the "Order"), which recommended that plaintiffs' motion to remand be allowed.

2.  During the argument, the Court expressed certain issues with respect to the Order. The Court also granted plaintiffs' request for leave to file a post-hearing memorandum.

3.  Plaintiffs filed their post-hearing, sur-reply memorandum (the "Post-hearing Memorandum") on October 4, 2006.

4.  The Post-hearing Memorandum, presumably in response to an issue raised by the Court during oral argument, raises an argument that plaintiffs had never raised before.

5.   Defendants would like an opportunity to respond to Plaintiffs' new argument, which is erroneous.

6.   The Response addresses the new, erroneous argument as well as other errors in the Post-hearing Memorandum.

7.   Defendants believe the Response will assist the Court in its consideration of defendants' objections to the Order.

WHEREFORE, defendants respectfully request leave to file the attached Response.

Dated: October 13, 2006

DAVIS POLK & WARDWELL

By:  /s/ James P. Rouhandeh
     James P. Rouhandeh
     Carter H. Burwell
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

HARE & CHAFFIN

By:  /s/ David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF CONSULTATION

I certify that I attempted to confer with plaintiffs' counsel in advance of the filing of this motion but was unable to do so. I called lead counsel for plaintiffs. Her voicemail message indicated that she was unavailable. I spoke with co-counsel for plaintiffs. He indicated that the decision was not his and that he would attempt to reach lead counsel and get back to me. He has not called me back.

/s/David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document has been served pursuant to Case Management Order No. 3.

/s/David B. Chaffin

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------- x
                                                     :
In re: NEURONTIN MARKETING, SALES                    :
PRACTICES AND PRODUCTS LIABILITY                     :
LITIGATION                                           :
                                                     :
                                                     :  MDL Docket No. 1629
THIS DOCUMENT RELATES TO:                            :  Master File No. 04-10981
                                                     :  Judge Patti B. Saris
ASSURANT HEALTH, INC., et al. v. PFIZER              :  Mag. Judge Leo T. Sorokin
INC., et al.,                                        :
                                                     :
Docket No. 05-10535-PBS                              :
                                                     :
                                                     :
---------------------------------------------------- x

**PROPOSED RESPONSE OF PFIZER INC. AND WARNER-LAMBERT
COMPANY TO SUR-REPLY OF *ASSURANT* PLAINTIFFS**

Defendants submit this brief to address an argument raised for the first time in Assurant's sur-reply. Presumably in response to an issued raised by the Court at oral argument, plaintiffs argue that "this MDL Court will lose subject matter jurisdiction over plaintiffs' remaining state law claims" if the Court severs plaintiffs' antitrust claims and transfers them to Judge Lifland and the Neurontin Antitrust MDL. Pls.' Sur-Reply at 13. This is incorrect. Even if the Court severs those claims, this Court can exercise supplemental jurisdiction over plaintiffs' consumer protection claims pursuant to 28 U.S.C. § 1367.

Pursuant to section 1367, a district court "may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims" and "must take into account concerns of comity, judicial economy, convenience, fairness, and the like" "[i]n deciding whether or not to retain jurisdiction." Roche v. John Hancock Mut. Life Ins., 81 F.3d 249, 257 (1st Cir. 1996). Here these factors all weigh heavily in favor of maintaining jurisdiction in light

of the two ongoing Neurontin MDLs. See In re Ford Motor Co. Ignition Switch Prods. Liab. Litig., 39 F. Supp. 2d 458, 464-65 (D.N.J. 1999).

Assuming the Court concludes that it has jurisdiction over plaintiffs' case, the Court should either sever plaintiffs' antitrust claims or stay them until Judge Lifland resolves the patent and antitrust claims pending before him and otherwise allow the *Assurant* plaintiffs to proceed with their consumer protection claims by participating in discovery in the Neurontin MDL. See Defs.' Response to Assurant Plaintiffs' Request that Court Issue a Suggestion of Remand (Docket No. 136) at 6-8 (filed on May 27, 2006).

Plaintiffs' sur-reply also advances yet another theory for their antitrust claims in an effort to defeat federal jurisdiction: that defendants engaged in an "overarching anticompetitive scheme to increase Neurontin®'s sales" based on both improper off-label marketing and generic preclusion via sham litigation. Pls.' Sur-Reply at 1-2.[1] But this theory again misses defendants' point: plaintiffs *unlawful monopolization* claims are inextricably tied to the market for gabapentin and the viability of defendants' patents for Neurontin and seek damages based on a difference in price between Neurontin and generics. See, e.g., Compl. at Count XIII & ¶¶ 156-159. Because plaintiffs have no non-federal alternative theory for their *unlawful monopolization* claims, this Court has jurisdiction over their case.

Plaintiffs' argument also relies on a misreading of the Supreme Court's holdings in Christianson v. Colt Industries Operating Corp., 486 U.S. 800 (1988) and Professional Real Estate Investors Inc. v. Columbia Pictures Industries, Inc., 508 U.S. 49 (1993). In Christianson, the Supreme Court stated that to defeat federal jurisdiction, the plaintiff must provide an

---

[1] It is noteworthy that plaintiffs do not embrace the non-federal basis for jurisdiction identified in the Magistrate's Order: that plaintiffs had somehow alleged a viable, state-law theory for their unlawful monopolization claims because defendants paid doctors to prescribe Neurontin for off-label uses. See Order at 12.

2

alternative state-law theory that is "*completely unrelated* to the provisions and purposes of the patent laws" and that shows "why the plaintiff may or may not be *entitled to the relief it seeks*." Id. at 810 (emphasis added and internal brackets omitted); compare Pls.' Sur-Reply at 6 with id. at 7. Plaintiffs' off-label marketing theory cannot provide the same relief that plaintiffs seek pursuant to their unlawful monopolization claims. Those claims seek recovery for preclusion of generic completion through sham litigation. It is for this reason -- and not based on any parsing of the allegations in the complaint, see Pls.' Sur-Reply at 5 -- that Judge Lifland correctly concluded in Sall/Zafarana that any purported antitrust theory based on off-label promotion of Neurontin was "qualitatively distinct" from the antitrust claims involving alleged preclusion of generic competition and thus could not "create an alternative theory of recovery" for such claims. In re Neurontin Antitrust MDL: Sall/Zafarana Decision Denying Remand, MDL Docket No. 1479, at 18 (Jan. 7, 2005) (attached as Ex. A to Defs.' Mem.).

Moreover, contrary to plaintiffs' suggestion at pages 4-5 of their sur-reply, there has been no finding at any level in any case that Warner-Lambert's patent infringement claims, under any of the three patents at issue, were "sham."[2] Instead, and according to the United States Supreme Court, this Court (or Judge Lifland if the claims are severed) will have to apply federal patent law in order to determine, inter alia, whether defendants' patent claims were "objectively baseless" in the sense that "no reasonable litigant could realistically expect success on the merits" in those actions. Professional Real Estate Investors, Inc. v. Columbia Pictures Indus.,

---

[2] Plaintiffs' suggestion that the majority of courts that have considered the issue of whether there is federal jurisdiction over sham patent litigation claims have remanded those cases to state court is also untrue. See Pls.' Sur-Reply at 8-10. As Judge Mays recognized in Stuart v. Pfizer, No. 02-2511-Ma/Bre, at 15 (W.D. Tenn. 2002) (attached as Exhibit C to Defs.' Mem.), in those cases the plaintiffs had alleged viable, alternative, state-based theories for their unlawful monopolization claims by, for instance, claiming that defendants had entered into anticompetitive agreements with generic competitors. Plaintiffs have no such viable, alternative, state-law theory for their unlawful monopolization claims here.

3

Inc., 508 U.S. 49, 60 (1993) ("Professional Real Estate"). Although a panel of the Federal Circuit affirmed summary judgment of non-infringement with respect to Warner-Lambert's claims under U.S. Patent No. 5,084,479 ("the '479 patent"), another panel of that same court subsequently concluded that those claims were objectively reasonable. Compare Warner-Lambert v. Apotex, 316 F.3d 1348, 1353-54 (Fed. Cir. 2003) (holding, on "a matter of first impression," that Warner Warner-Lambert could not assert a claim under the Hatch-Waxman Act for infringement of a patent that did not claim an FDA-approved use) with Allergan, Inc. v. Alcon Labs., 324 F.3d 1322 (Fed. Cir. 2003) (recognizing in separate and concurring opinions the reasonableness of Warner-Lambert's position and disagreeing with the court's previous construction of the Hatch-Waxman Act in the Warner-Lambert case).

In fact, after the Federal Circuit's decisions, in opinions denying Apotex's motion for attorneys' fees and Rule 11 sanctions, both the magistrate judge and the district court judge in the patent litigation recognized that Warner-Lambert's construction of the Hatch-Waxman Act had merit. Magistrate Judge Keys held that "[t]he question of whether infringement occurs if the ANDA discloses a use different from the use covered in the patent was an open one when Warner-Lambert filed its complaint." Warner-Lambert v. Apotex, No. 98 C. 4293 (N.D. Ill. July 25, 2003) at 14 (Report and Recommendation by Magistrate Judge Keys on motion for attorneys' fees) (citing Warner-Lambert, 316 F. 3d at 1354) (attached as Ex. A). He found that "[i]f three judges of the Federal Circuit [in Allergan]" thought Warner Lambert's infringement theory was legitimate, "the Court cannot say that Warner-Lambert was unreasonable for thinking the same thing." Id. at 15, 16. Judge Plunkett agreed, holding that "[i]t is clear that this suit involved a claim under section 271(e)(2) as well as under traditional inducement of infringement theory and that the claim had a reasonable basis in law and in fact." Warner-Lambert v. Apotex

4

No. 98 C. 4293 (N.D. Ill. Dec. 3, 2003) at 14 (Order by Judge Plunkett on objection to Magistrate Judge Key's recommendation on attorneys' fees) (attached as Ex. B). He found that "[t]he suit involved novel issues of statutory construction," and that the Allergan decision "suggests that a decision in TorPharm's [the defendant's] favor was not so predictable." Id. at 14, 15. In sum, no court has made any findings of "sham" patent litigation against Warner-Lambert and Pfizer.

For the reasons stated above and in defendants' prior submissions, defendants again respectfully submit that this Court should conclude, as did Judge Lifland in Sall/Zafarana, that plaintiffs' off-label marketing allegations cannot defeat federal jurisdiction here because those allegations do not provide a viable, alternative, state-law theory for the unlawful monopolization claims.

Dated: October 13, 2006

                                        DAVIS POLK & WARDWELL

                        By:  /s/ James P. Rouhandeh
                              James P. Rouhandeh
                              Carter H. Burwell
                      450 Lexington Avenue
                      New York, New York 10017
                      (212) 450-4000

                                    - and -

HARE & CHAFFIN

By: /s/ David B. Chaffin
David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*