UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | Mag. Judge Leo T. Sorokin |
| ELMENIA JOHNSON, individually and as Tutor for CAMERON JOHNSON AND LAURYN JOHNSON V. PFIZER, INC., et al., No. 06-10309 | |

REPORT AND RECOMMENDATION
ON JOHNSON PLAINTIFFS' MOTION TO REMAND (DOCKET #296)

October 16, 2006

SOROKIN, M.J.

This lawsuit arises out of the death of Yashiki Johnson ("Johnson"). Plaintiffs filed suit against Pfizer and an unnamed employee of Pfizer identified as the Louisiana Neurontin sales representative for Pfizer. Pfizer removed the suit. Plaintiffs have moved to remand this matter to the courts of Louisiana.

DISCUSSION

The removal statute should be strictly construed and any doubts about the propriety of removal should be resolved against the removal of an action. In re Pharm. Indus. Average Wholesale Price Litig., 431 F.Supp.2d 98, 105 (D.Mass. 2006) (citing Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir.1999)). The remand motion raises a procedural and a substantive issue.

Plaintiffs object to the Removal on the grounds that Pfizer's co-defendant, Lanita[1] Smith ("Smith"), did not join in the removal of the action to federal court. Pfizer represents, however, that Smith had not been served at the time Pfizer filed either its Notice of Removal or its Amended Notice of Removal. (Pfizer's Mem. Opp'n Mot. Remand 2-3, Docket # 349-1.) According to Pfizer, Smith still has not been served. (Id. at 3.) Plaintiffs have not disputed this point. Thus, Smith's joinder was not required. See In re Pharm. Indus. Average Wholesale Price Litig., 431 F.Supp.2d 109, 113 (D.Mass. 2006).

On the merits, Pfizer maintains that Plaintiffs fraudulently named Smith, and therefore contends that the Court may ignore the failure to join Smith and find that diversity exists. "When a plaintiff fraudulently joins a defendant to destroy removability, a federal court may ignore the lack of consent from that defendant and permit the removal of the case." Id. at 117. The question then is whether Plaintiffs fraudulently joined Smith.

The original petition makes limited allegations against Pfizer and a sales representative identified as John Doe. Plaintiffs subsequently filed a First Supplemental and Amending Petition naming Smith as the John Doe sales representative in the original petition. (Am. Pet. ¶ 2(a)., C.A. No. 06cv10309, Dkt# 14-3 at 7-8) The amendment also adds a new paragraph 2(b) stating "All allegations herein against Pfizer, Inc. and John Doe are hereby made against Lanita Smith." (Id. at ¶ 2(b).)

Plaintiffs allege that Johnson was prescribed Neurontin for uses for which it was not approved by the FDA. (Pet. ¶ 6, C.A. No. 06cv10309, Dkt# 14-2) While taking the drug for an

---

[1] In fact Smith's first name is Lynnita, however, since the Supplemental Petition names her as Lanita, for simplicity's sake, I refer to her by this incorrect first name.

2

unapproved use, Johnson committed suicide.  (Id. at ¶ 7.)  According to the petition, John Doe "sold, distributed, [and] marketed the drug" Neurontin on behalf of Pfizer.  (Id. at ¶ 2.)  Plaintiffs also allege that John Doe (and Pfizer) "knew or should have known that the sale, distribution and/or marketing of Neurontin for uses not approved by the FDA presented an unreasonable risk that" Johnson "would commit suicide while taking the drug."  (Id. at ¶ 7.)  Pfizer (but not John Doe) is alleged to have "knowingly marketed Neurontin for the unapproved uses for which it was prescribed to Yashiki Johnson."  (Id. at ¶ 8.)  However, because the First Supplemental and Amending Petition asserted that all allegations made against Pfizer, Inc. and John Doe in the original petition "are hereby made against Lanita Smith," the Court understands that Plaintiffs now contend that in addition to Pfizer, Smith is also alleged to have "knowingly marketed Neurontin for the unapproved uses . . . ."  The petition asserts that John Doe's conduct was a legal cause of Johnson's death.  (Id. at ¶ 10.)

In "order to establish fraudulent joinder, a removing defendant must establish that a plaintiff either (1) has committed fraud or (2) cannot establish the possibility of a cause of action against the joined party.  The latter defines 'fraudulent joinder' as a 'term of art that does not necessarily reflect on the integrity of plaintiff or plaintiff's counsel.'"  In re Pharm. Indus. Average Wholesale Price Litig., 431 F.Supp.2d at 118 (quoting Simpson v. Union Pac. R.R. Co., 282 F.Supp.2d 1151, 1154-55 (N.D.Cal. 2003)).

Plaintiffs cannot establish a cause of action against Smith under the allegations set forth in the Petition and Amendment thereto.  No allegation connects Smith's actions – negligently marketing of Neurontin and/or knowingly marketing Neurontin for unapproved uses – to Johnson's death.  There is no allegation that Smith marketed Neurontin for unapproved uses to

3

Johnson's physician or made negligent or knowing misrepresentations to Johnson's physician (or to Johnson, for that matter). There are not even any allegations contending that Smith had <u>any</u> connection to Johnson, to Johnson's physician, or to anyone connected to Johnson or Johnson's physician. The Petition does allege that Smith was the "legal cause" of Johnson's death. Without further allegations, however, based upon the pleadings in this petition, that is insufficient to state a cause of action. Plaintiffs cannot establish the possibility of a cause of action against Smith.

Moreover, while Plaintiffs assert Smith knowingly marketed Neurontin for unapproved uses, Smith submitted an uncontradicted affidavit stating that she has "never discussed any unapproved use of Neurontin with any of the physicians [she has] visited." (Smith Aff. ¶ 8, Pfizer's Mem. Opp'n Mot. Remand Ex. B, Docket # 349-3.) "To determine whether a party has been fraudulently joined to defeat diversity jurisdiction, a court starts with the parties' pleadings but may also consider summary judgment type evidence, such as affidavits, transcripts, and exhibits." <u>In re Mass. Diet Drug Litig.</u>, 338 F.Supp.2d 198, 202 (D.Mass. 2004) (citing <u>Mills v. Allegiance Healthcare Corp.</u>, 178 F.Supp.2d 1, 5-6 (D.Mass. 2001)). Thus, the unrebutted affidavit carries weight. In short, the mere fact that Smith was a Pfizer drug representative for Neurontin in Louisiana, (Pls.' Mem. Supp. Mot. Remand 3, Docket # 297 at 2), is insufficient to state a claim against her for Johnson's death.

Accordingly, Plaintiffs fraudulently (as that term is used in this area of the law) joined Smith. In this circumstance, the Court may disregard her residence in Louisiana in determining whether diversity exists. The parties agree that, absent Smith, complete diversity exists with the requisite amount in controversy at issue.

4

CONCLUSION

For the foregoing reasons, I recommend that the Court DENY the Motion to Remand (Docket # 296).[2]

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge

---

[2] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).