Case 1:04-cv-10981-PBS    Document 517    Filed 10/19/2006    Page 1 of 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) ) | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br><br>ALL ACTIONS ) ) ) ) ) ) | Judge Patti B. Saris<br><br>Mag. Judge Leo T. Sarokin |

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters

the following Supplemental Protective Order, which supplements and incorporates the

Court's Stipulated Protective Order, entered January 10, 2005 [Dkt. No. 27] (the

"Protective Order"), limiting the disclosure of Confidential discovery materials (as

defined therein) and limiting the use of such materials as therein provided.  IT IS

HEREBY ORDERED

1.     Intervenors Rhonda Gayle Goodridge, Susan Dudley and Mark Dudley

(collectively "Intervenors") shall be granted access (at their own expense) by the parties

in this action to Confidential documents, interrogatory responses, response to requests

for admission, deposition transcripts, expert reports and other discovery papers

produced, or to be produced,  by the Defendants, as if they were parties in this

litigation; and

2.     Intervenors shall be permitted to use such Confidential discovery

materials in their Canadian action (*Rhonda Gayle Goodridge et al. v. Pfizer Canada Inc.*

*et al.*, Court File No. 06-CV-307728CP (Superior Court of Justice, Ontario, Canada), ~~or any successor case)~~ in any manner and for any purpose permitted by the court in which that case is pending, subject to the requirements of ¶ 4(f) of the Protective Order. Intervenors shall be bound by all the terms of the Protective Order not to use such materials for any purpose other than for the prosecution of their own litigation, and shall be bound to abide by the non-disclosure provisions of the Protective Order except as modified herein. Should the Canadian court decline to accept filing of any Confidential materials under seal, Intervenors shall not file such materials with the Canadian court.

3.      Intervenors and their Canadian counsel, Michael J. Peerless and Matthew Baer of Siskinds LLP, London, Ontario, Canada have submitted to, and shall be subject to, the jurisdiction of this Court for purposes of enforcing the Protective Order and this Supplemental Protective Order.

~~Hon. Patti B. Saris~~
~~United States District Judge~~
Lee T. Serokin
United States Magistrate Judge

Dated: *October 20, 2006*