UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981<br>Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>PRODUCTS LIABILITY ACTIONS | |

**PROPOSED SCHEDULE IN THE PRODUCTS LIABILITY ACTIONS**

**I.     INTRODUCTION**

Pursuant to the Court's November 1, 2006 Order, Defendants submit the following proposed schedule in the Products Liability Actions:

**November 30, 2006**: Deadline for plaintiffs to respond to template discovery and to provide medical and other authorizations

**August 15, 2007**: Close of fact discovery of defendants; last date for depositions of plaintiff, plaintiff's/decedent's spouse and plaintiff's prescribing physician(s) in suicide related cases filed by Finkelstein & Partners as of October 27, 2006

**September 30, 2007**: Plaintiffs' expert reports due

**October 30, 2007**: Defendants' expert reports due

**November 21, 2007**: Any rebuttal expert reports due

**January 21, 2008**: Close of expert discovery

**February 21, 2008**: Motions for summary judgment due

**March 21, 2008**: Briefs in opposition to motions for summary judgment due

  **April 5, 2008**:  Reply briefs in support of motions for summary judgment due

  **April 19, 2008**:  Sur-reply briefs in opposition to motions for summary judgment due

  **TBD**:  Hearing on summary judgment motions

## II. ARGUMENT

  Defendants' proposed schedule serves two purposes. First, it aligns the schedules of the Products Liability Actions with that governing the Sales & Marketing Actions. <u>See</u> Sales and Marketing Scheduling Order, dated Aug. 17, 2006, Docket No. 446. The Court previously consolidated proceedings in both the Sales & Marketing Actions and Products Liability Actions "[i]n order to facilitate the orderly management of the Neurontin related litigation." Order of Consolidation, dated July 20, 2005. Defendants' proposed schedule promotes the efficient conduct of the litigation because it allows both the Sales & Marketing Actions and the Products Liability Actions – all of which share common questions of fact – to move forward uniformly.

  Second, defendants' proposal takes into consideration the fact that the present schedule and its discovery cut-off of December 31, 2006 is unworkable. There are now 140 individual personal injury actions in the MDL and that number continues to rise as plaintiffs file new lawsuits. Discovery of both plaintiffs and defendants cannot be completed before the end of the year. In addition, the large and growing number of products liability cases makes discovery of each case time-consuming. Because of these obstacles, defendants propose to conduct threshold discovery for the cases in the MDL in which plaintiff is represented by Finkelstein & Partners and which involve allegations of suicide attempt or completed suicide. Finkelstein & Partners represents the vast majority of products liability plaintiffs in the MDL, and the vast majority of those plaintiffs allege similar injuries.

  The threshold discovery in these cases will include depositions of plaintiff, plaintiff's or decedent's spouse, and plaintiff's or decedent's prescribing physician. Additional depositions

2

would be permitted in those actions but their completion would not be required by the August 15, 2007 deadline.  The discovery contemplated in the individual products cases cannot be completed unless plaintiffs meet the November 30, 2006 deadline for document discovery.  At the suggestion of plaintiffs' counsel, that completion date would apply to all cases that were on file as of September 30, 2006.  Cases filed thereafter, as well as newly filed cases, would be subject to a 60 day deadline to provide discovery responses and authorizations from the date of transfer.  Defendants believe that failure to meet the deadline should have consequences in terms of meeting the August 15 deadline and may warrant dismissal of the individual action.

### III.    CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court to enter the Defendants' proposed case schedule.


Dated: November 6, 2006

                                      DAVIS POLK & WARDWELL

                                      By:   /s/ James P. Rouhandeh
                                               James P. Rouhandeh

                                      450 Lexington Avenue
                                      New York, New York 10017
                                      (212) 450-4000

                                               - and -

HARE & CHAFFIN

By:  /s/ David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF CONSULTATION

I certify that counsel have conferred and have attempted in good faith to resolve or narrow the issue presented by this motion.

    /s/David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on November 6, 2006.

    /s/David B. Chaffin

4