UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------------x
                                           :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,               :
        SALES PRACTICES AND                :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION      :
                                           :   Judge Patti B. Saris
-------------------------------------------------------------x
                                           :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                  :
                                           :
        PRODUCTS LIABILITY ACTIONS         :
                                           :
-------------------------------------------------------------x
```

**PRODUCTS LIABILITY PLAINTIFFS' RESPONSE TO DEFENDANTS'
PROPOSED SCHEDULE IN THE PRODUCTS LIABILITY ACTIONS**

Pursuant to the Court's Electronic Order entered November 1, 2006, granting Defendants' Motion to Be Heard Regarding the Entry of a New Case Schedule in the Products Liability Actions (ECF Doc. # 524), Products Liability Plaintiffs, by their undersigned counsel, hereby respond and object to Defendants' Proposed Schedule in the Products Liability Actions (ECF Doc. # 534). As discussed in detail below, it is submitted that the current schedule set forth in the Products Liability Cases Scheduling Order dated May 4, 2006, should not be disturbed.

**A.    The December 31, 2006 Deadline for Fact Discovery Should Be Retained**

Most importantly, the current December 31, 2006 deadline for fact discovery should not be extended. The proposed discovery extension is completely at odds with Plaintiffs' pending motion to compel itemized discovery from Defendants by a date certain. Although Defendants have indicated that the present December 31, 2006 cut-off date for fact discovery is unworkable, Defendants must shoulder their responsibility for the delays in providing discovery. Neurontin products liability litigation has been ongoing in the Federal courts since 2004, and Defendants

can show little, if any, discovery that they have produced in Federal court litigation. Indeed, any reliance by Defendants on the discovery they have produced in other Neurontin litigation is misplaced. Such other discovery was produced in State litigation and was produced in a manner wholly inconsistent with Case Management Order No. 3. The fact discovery deadline in the instant litigation was set long ago by Judge Saris, and neither party objected to the schedule at that time. Defendants were well aware of Plaintiffs' discovery demands and their obligations to provide discovery consistent with those demands. Prior attempts by Plaintiffs' counsel to address potential discovery extensions fell on deaf ears. Prior attempts to have an agreed upon, itemized discovery schedule similarly failed to reach a resolution. Defendants' actions in delaying discovery should not be rewarded by extending their time to provide it. Fact discovery should come to an end by December 31, 2006.

### B.    Defendants' Proposed Schedule Is Unreasonable

Alternatively, even if the Court were inclined to extend the current fact discovery deadline, Defendants have failed to proffer a reasonable schedule. The proposed August 15, 2007 date for "Close of fact discovery of defendants" offers absolutely no commitment as to WHAT discovery Defendants will be providing, or WHEN they will be providing same before the deadline. In fact, it leaves open the possibility that Defendants can wait until August 15, 2007, and dump mass discovery on Plaintiffs at the last minute, and Plaintiffs would have only until September 30, 2007, to review and acquire expert reports. For this reason, the Defendants should itemize all of the outstanding discovery and propose specific dates by which discovery will be completed for any given item. Defendants should specifically delineate the scope of the discovery that is associated with a given item, inasmuch as Defendants have seen fit to distinguish the scope of discovery they intend to provide to Products Liability Plaintiffs, as

opposed to Sales/Marketing Plaintiffs. To date, the parties have been unable to agree upon the time or scope of discovery; the Court is respectfully reminded of Defendants' October 24, 2006 correspondence in which Defendants attempted to extend discovery with a purported itemized list of discovery. Unfortunately, this purported schedule is unacceptable as it is deficient as to the scope of discovery, as well as to the timeframe by which the discovery was to be provided.

Importantly, Plaintiffs cannot be expected to propose production dates on behalf of Defendants for such itemized discovery. Defendants have sole control over the discovery to be produced and the resources they may utilize to meet discovery deadlines. Defendants' only offer to itemize discovery was in the form of correspondence dated October 24, 2006, in which they provided a tentative schedule of production within a timeframe that is well beyond the Court-ordered discovery deadline of December 31, 2006. This tentative schedule and the scope of discovery encompassed by the schedule was too little and too late.

Furthermore, the proposed discovery extension fails to provide any penalty for Defendants' failure to produce discovery in a timely fashion. To the extent that Plaintiffs' cases are subject to dismissal for failure to comply with discovery deadlines, so too should Defendants' failure to provide discovery bring a heavy penalty, to wit, preclusion of evidence at trial, or the striking of Defendants' Answer.

C.      **Provision Should Be Made for Individual Template Discovery**

With respect to individual template discovery, Product Liability Plaintiffs propose that an individual plaintiff have 60 days to provide a response to the individual template discovery as follows: Plaintiffs propose that Defendants notify counsel for any new plaintiff's case that is finally—not conditionally—transferred to the MDL that said plaintiff has 60 days from the date of such notice to complete the individual template discovery; Defendants should attach the

template discovery demands previously evaluated by this Court as well as this Court's Order, dated June 19, 2006 (ECF Doc. # 372). A given plaintiff would then have 60 days from the date of such notice to complete the individual template discovery. Similarly, Defendants should thereafter be allotted 60 days to complete their individual template discovery that coincides in response to the individual plaintiff's discovery.

### D. Generic Discovery from Defendants Must Take Precedence Over Discovery as to Individual Plaintiffs

Defendants propose to conduct "threshold" discovery as to individual Plaintiffs' cases, but only "those cases in the MDL in which a plaintiff is represented by Finkelstein & Partners and which involve allegations of suicide attempt or completed suicide." The Court should reject such a proposal. First, Plaintiffs not encompassed by Defendants' "threshold" discovery are simply ignored for an unspecified timeframe, and Defendants' proposed schedule does not provide any schedule for discovery in such Plaintiffs' cases; this renders Defendants' discovery proposal defective on its face. Second, the MDL should not be guided primarily by discovery in individual Plaintiffs' cases; rather the emphasis should be on generic discovery to be produced by Defendants. The practice in the MDL advanced by Defendants would unfairly serve "as a 'delaying tactic used by defendants' which 'consume a great deal of time.'" *See Delaventura v. Columbia Acorn Trust*, 417 F. Supp. 2d 147, 150, 151, 155, 156 (D. Mass. 2006) (insightful discussion by Judge William G. Young concerning why defendants favor transfer of federal actions to multidistrict litigation, where "MDL practice is slow, very slow" and a "settlement culture" prevails, with attendant delays and avoidance of jury trials, though noting that the "District of Massachusetts is called a 'pocket[] of resistance' to the settlement culture").

The Court should reject Defendants' proposal for a fact discovery deadline to be dependent in any way on the progress of individual Plaintiffs' discovery. A primary purpose of

4

multidistrict litigation is to proceed in an efficient fashion with generic discovery so as to avoid parties having to produce duplicative discovery in numerous jurisdictions. Individual Plaintiffs' cases will no doubt continue to be filed well after any MDL discovery deadline. Essentially, the two areas of discovery are separate and distinct for purposes of setting forth a discovery schedule. From a practical perspective, at the end of the current December 31, 2006 fact discovery deadline, or whatever date is hereafter ordered, all individual Plaintiffs' cases may be remanded to the original transferor district courts for trial. There, the local Federal court can address the applicable individual discovery issues that remain outstanding. This may include Plaintiffs' depositions, individual expert depositions, as well as motion practice. In the meanwhile, prior to remand, Defendants are free to seek depositions of individual Plaintiffs, Plaintiffs' decedents' spouses or nearest next of kin, or their medical providers and prescribers.

## Conclusion

Products Liability Plaintiffs therefore request that the Court reject Defendants' proposed new schedule, and retain the current schedule set forth in the Products Liability Cases Scheduling Order dated May 4, 2006. Alternatively, this Court should set forth a new discovery schedule with specific, itemized discovery dates far more stringent in both time and detail than the schedule proffered by Defendants and consistent with the issues raised herein.

Dated: November 9, 2006                                          Respectfully submitted,

*Members of Products Liability*
*Plaintiffs' Steering Committee*

By:     /s/ Andrew G. Finkelstein
          Andrew G. Finkelstein, Esquire
          Finkelstein & Partners, LLP
          436 Robinson Avenue
          Newburgh, NY  12550

By:   **/s/ Jack W. London**
      Jack W. London, Esquire
      Law Offices of Jack W. London
        & Associates
      106 E. 6th Street, Suite 700
      Austin, TX  78701

### CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on November 9, 2006.

Dated: November 9, 2006

      **/s/ Andrew G. Finkelstein**
      Andrew G. Finkelstein