UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------- x
       :
In re:  NEURONTIN MARKETING,       :
      SALES PRACTICES AND       :
      PRODUCTS LIABILITY LITIGATION       :  MDL Docket No. 1629
------------------------------------------------- x
       :  Master File No. 04-10981
THIS DOCUMENT RELATES TO:       :
       :  Judge Patti B. Saris
HARDEN MANUFACTURING CORPORATION;       :
LOUISIANA HEALTH SERVICE INDEMNITY       :  Magistrate Judge Leo T.
COMPANY, dba BLUECROSS/BLUESHIELD OF       :  Sorokin
LOUISIANA; INTERNATIONAL UNION OF       :
OPERATING ENGINEERS, LOCAL NO. 68       :
WELFARE FUND; ASEA/AFSCME LOCAL 52       :
HEALTH BENEFITS TRUST; GERALD SMITH; and       :
LORRAINE KOPA, on behalf of themselves and all       :
others similarly situated, v. PFIZER INC. and       :
WARNER-LAMBERT COMPANY.       :
       :
------------------------------------------------- x

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR RELIEF PURSUANT TO RULE 37(d)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants") submit this memorandum of law in support of their motion for relief, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, against plaintiff International Union of Operating Engineers Local 68 Welfare Fund (the "Fund") for Dennis J. Giblin's failure to appear for a scheduled and properly noticed deposition.

After repeated efforts by defendants – and agreements by plaintiffs – to schedule the deposition of Mr. Giblin, President/Fund Administrator of the Fund, the clock finally ran out at 10:30 a.m. on November 10, 2006. At that time Mr. Giblin failed to appear to

provide testimony at his scheduled deposition as required by a properly served notice. With less than a week remaining in the class discovery period, and having accommodated Mr. Giblin on numerous occasions, defendants now seek relief against the Fund as provided by Rule 37(d). Defendants request dismissal of the Fund's claims in light of the discovery abuses further described below. In the alternative, defendants request an order permitting them to take the deposition of Mr. Giblin after the current class certification discovery cut-off of November 15, 2006, and adjourning the deadline to file their opposition to plaintiffs' motion for class certification until 20 days after Mr. Giblin's deposition occurs.

## BACKGROUND

On January 12, 2006, defendants conducted a Rule 30(b)(6) deposition of the Fund. The Fund's designated representative, Theresa A. Rowan, was not prepared to testify about a number of topics, could not testify about a number of topics, and identified Mr. Giblin as the individual at the Fund who was most likely to have knowledge of a number of topics. (See Deposition of Theresa A. Rowan, attached at Exhibit B to the Declaration of Rajesh S. James (hereafter "James Dec."), at 92, 96, 108, 121–22, 137–38, 143, 146–47, 151–57, 172–73, 197, 213–29.)[1] This failure to produce a witness prepared

---

[1] The noticed topics about which Ms. Rowan was unprepared to testify included Topic 1, the Fund's policies and practices concerning payment or reimbursement of prescription drug claims (see id. at 136); Topic 2, the Fund's policies and practices concerning payment or reimbursement of claims for Neurontin (see id. at 229 ("Q. Do you know if the Fund pays for off-label prescriptions of Neurontin currently? A. I don't know.")); Topic 3, the entities responsible for supervising or implementing the policies and practices discussed in Topics 1 and 2 (see id. at 121–22); Topic 5, any policies or practices the Fund had to limit payment of claims for drug prescriptions for off-label uses (see id. at 92, 96, 151–54); Topic 11, information regarding what the uses were for the Neurontin prescriptions for which the Fund is seeking recovery (see id. at 159); Topic 13, information regarding whether the Neurontin prescriptions for which the Fund is seeking recovery were written as a result of the alleged off-label promotion (see id. at 211, 224); Topic 15, information regarding the allegations in the Amended Class Action Complaint (see id. at 212, 217–23); Topic 16, when and how the Fund first learned the alleged facts set forth in the complaint

2

to address each of the topics specified in the Rule 30(b)(6) notice constituted a violation of Rule 30(b)(6).

More than two months ago, defendants sought either to re-open the Rule 30(b)(6) deposition of Ms. Rowan or to schedule the deposition of Mr. Giblin, the Fund's President/Fund Administrator. (James Dec. at ¶ 6.) On September 6, 2006, counsel for the Fund informed defendants that he was attempting to coordinate with his client dates on which a deposition of Mr. Giblin could be scheduled. (James Dec. at ¶ 7.) The Fund, however, failed to supply defendants with a date on which Mr. Giblin would be available. (James Dec. at ¶ 8.) On October 9, 2006, the Fund for the first time objected to scheduling a deposition of Mr. Giblin, on the ground that it failed to see the need for a continued 30(b)(6) deposition. (James Dec. at ¶ 9.) Counsel for the defendants left voice messages for counsel for the Fund on October 11 and 13, 2006, explaining the need for a continued 30(b)(6) deposition and citing the various topics on which Ms. Rowan had been unprepared as a 30(b)(6) witness. (James Dec. at ¶ 10.) These messages went unreturned. (James Dec. ¶ 10.) Further efforts the week of October 16 to reach counsel for the Fund likewise proved unavailing. (James Dec. at ¶ 11.)

In light of the November 15 class discovery cut-off, on October 20, defendants served a notice of deposition on the Fund seeking Mr. Giblin's appearance on November 6, 2006. (James Dec. at ¶ 11.) On October 23, counsel for the Fund informed defendants that Mr. Giblin would appear on November 6. (James Dec. at ¶ 12.) On November 2,

---

(see id. at 213, 214, 216); Topic 18, the Fund's role as class representative (see id. at 231 ("Q. Is it your testimony that you don't know if the Fund is seeking to represent any of the classes outlined here? A. . . . I don't know. I thought it was just Local 68 subscribers.")); and Topic No. 19, the damages sought by the Fund in this action and the basis for its calculation of those damages (see id. at 215 ("Q. What is the Fund seeking this lawsuit? A. I don't know.")).

however, counsel requested a postponement to accommodate unspecified complications in Mr. Giblin's schedule, and said that he would soon provide an alternative date. (James Dec. at ¶¶ 13, 14.) As a courtesy, defendants agreed and during a telephone call on November 3, counsel settled on November 10, 2006 for Mr. Giblin's deposition. (James Dec. at ¶¶ 14, 15.)

On the afternoon of November 8, counsel for the Fund again telephoned defendants' counsel to request a further postponement to an unspecified date in the future, again citing unspecified business commitments of Mr. Giblin. (James Dec. at ¶ 16.) Defendants informed the Fund's counsel that additional delays were unreasonable in light of the incipient end of the class discovery period. (James Dec. at ¶ 17.) The Fund's counsel replied that Mr. Giblin might simply refuse to appear at his deposition on November 10. (James Dec. at ¶ 17.) Defendants responded in a letter that they would seek appropriate relief, including dismissal of the Fund's claims, in the event Mr. Giblin failed to appear. (James Dec. at ¶ 18.) In a letter to defendants, counsel for the Fund advised that Mr. Giblin simply would not appear on November 10, 2006. (Exhibit F, attached to the James Dec.) At 10:30 a.m. on November 10, 2006, Mr. Giblin did not appear for his deposition.

## ARGUMENT

Failure to appear for a deposition by "a party or an officer, director or managing agent of a party" is subject to sanctions under Rule 37(d). See Fed. R. Civ. P. 37(d). The First Circuit, among others, "strictly construes" the rule. R.W. Int'l Corp. V. Welch Foods, Inc., 937 F.2d 11, 15 n.2 (1st Cir. 1991); see also Guex v. Allmerica Fin. Life Ins. Annuity Co., 146 F.3d 40, 44 (1st Cir. 1998) (dismissing complaint in part because party

4

failed to appear for his deposition); Black Horse Lane Assoc., L.P. v. Dow Chemical Corp., 228 F.3d 275, 302 (3d Cir. 2000) (noting that party may seek sanctions without a prior order of the court and need not certify that they endeavored in good faith to meet and confer prior to filing motion after deponent failed to appear).

Here, it is indisputable that Mr. Giblin, who serves as President/Fund Administrator of plaintiff Fund and is thus an "officer" of that entity, failed to appear for his deposition in violation of the Rule 37(d). This failure is particularly glaring given the full context of defendants' efforts to schedule Mr. Giblin's deposition during the past two months. Indeed, defendants reluctantly served a deposition notice for Mr. Giblin's testimony and only when it became apparent that Mr. Giblin was avoiding his discovery obligations. As the end of the class discovery period neared, and as available dates dwindled, defendants nevertheless continued to confer with the Fund's counsel to re-schedule the deposition. Accommodation, however, yielded only further excuses, culminating in counsel's November 8 telephone call to defendants requesting an eleventh-hour delay without even a proposal for an alternative date prior to the close of class discovery. During this time period, the Fund's counsel provided only vague reasons for Mr. Giblin's unavailability.

Rule 37 authorizes a court to craft a broad range of remedies to address a deponent's failure to appear. These remedies include, but are not limited to, dismissal of a party's claims. Indeed, the First Circuit has found dismissal an appropriate remedy where, as here, the deponent fails to provide sound bases for his failure to appear. See Guex, 146 F.3d 40 at 43 (noting that deponent's failure to appear for his deposition contributed to a "troubling lack of respect for the judicial process" and dismissing

5

complaint).  Here, this failure followed the Fund's failure to produce a witness prepared to address the topics specified in the Rule 30(b)(6) notice.  See generally Calzaturficio S.C.A.R.P.A., s.p.a. v. Fabiano Shoe Co., 201 F.R.D. 33, 39 (D. Mass. 2001) ("Producing an unprepared witness is tantamount to a failure to appear at a deposition." (internal quotation marks omitted)).

      While Rule 37 also authorizes a court to award monetary relief, see Fed. R. Civ. P. 37(a)(4)(A), (d), monetary relief is plainly inadequate in the present circumstances, given the imminent class certification discovery cut-off and given defendants' need to complete Mr. Giblin's deposition prior to that cut-off in order to have adequate time, once all depositions have been taken, to prepare their memorandum of law opposing class certification.  Defendants accordingly request that the Fund's claims be dismissed.  In the alternative, defendants request an order permitting them to take the deposition of Mr. Giblin after the current class certification discovery cut-off of November 15, 2006, and adjourning the deadline to file their opposition to plaintiffs' motion for class certification until 20 days after Mr. Giblin's deposition occurs.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their motion for relief pursuant to Rule 37(d) against the Fund for Dennis J. Giblin's failure to appear at his deposition.

Dated: November 10, 2006

                              DAVIS POLK & WARDWELL

                              By:  /s/ James P. Rouhandeh
                                     James P. Rouhandeh

                              450 Lexington Avenue
                              New York, New York 10017
                              (212) 450-4000

                                  - and -

                              HARE & CHAFFIN

                              By:  /s/ David B. Chaffin
                                     David B. Chaffin

                              160 Federal Street
                              Boston, Massachusetts 02110
                              (617) 330-5000

                              *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on November 10, 2006.

      /s/David B. Chaffin