UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :

In re:  NEURONTIN MARKETING,        :
         SALES PRACTICES, AND        :
         PRODUCTS LIABILITY LITIGATION  :
                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :

THIS DOCUMENT RELATES TO:      :

         HARDEN MANUFACTURING     :    MDL Docket No. 1629
         CORPORATION; LOUISIANA      :
         HEALTH SERVICE INDEMNITY  :    Master File No. 04-10981
         COMPANY, dba                :
         BLUECROSS/BLUESHIELD OF   :    Judge Patti B. Saris
         LOUISIANA; INTERNATIONAL   :
         UNION OF OPERATING ENGINEERS, :
         LOCAL NO. 68 WELFARE FUND;  :
         ASEA/AFSCME LOCAL 52 HEALTH :
         BENEFITS TRUST; GERALD SMITH; :
         and LORRAINE KOPA, on behalf of  :
         themselves and all others similarly  :
         situated, v. PFIZER INC. and WARNER- :
         LAMBERT COMPANY.       :
                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF RAJESH S. JAMES

RAJESH S. JAMES declares upon penalty of perjury in accordance with 28 U.S.C.

§ 1746 as follows:

      1.     I am an attorney associated with the law firm Davis Polk & Wardwell, counsel for

Defendants Pfizer Inc. and Warner-Lambert Company in this action.

      2.     I submit this declaration in support of Defendants' Motion For Relief Pursuant to

Rule 37(d), filed on November 10, 2006.

3.    The International Union of Operating Engineers, Local No. 68 Welfare Fund (the "Fund") is a named plaintiff in these proceedings.

4.    On January 6, 2006, Defendants served a deposition notice on the Fund pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Attached at Exhibit A is a true and correct copy of the 30(b)(6) notice Defendants served on the Fund on January 6, 2006.

5.    Attached at Exhibit B is a true and correct copy of the transcript of the deposition of Theresa A. Rowan, 30(b)(6) designee of the Fund, taken January 12, 2006.  As set forth in the transcript, Ms. Rowan had not been prepared to testify on a number of noticed topics, was unable to answer questions about a number of noticed topics, and identified Dennis J. Giblin, the Fund's President/Fund Administrator, as the individual most likely to have knowledge about a number of the noticed topics.

6.    On or about September 1, 2006, I left a voice message for Michael Farkas, an attorney associated with the law firm Seeger & Weiss, counsel for the Fund, about reopening the deposition of Ms. Rowan or, in the alternative, scheduling the deposition of Mr. Giblin.

7.    On September 6, 2006, I spoke with Mr. Farkas, who told me that he was attempting to coordinate with his client dates on which a deposition of Mr. Giblin could be scheduled.

8.    Counsel for the Fund, however, failed to supply Defendants with a date on which Mr. Giblin would be available.

9.    On October 9, 2006, I telephoned Mr. Farkas, who told me that the Fund now objected to scheduling a deposition of Mr. Giblin on the ground that the Fund failed to see the need for a continued 30(b)(6) deposition.

10.     I left voice messages for Mr. Farkas on October 11 and 13, 2006, explaining the need for a continued 30(b)(6) deposition and citing the various topics on which Ms. Rowan had proven unprepared as a 30(b)(6) witness. These messages went unreturned.

11.     Following additional unsuccessful efforts to reach Mr. Farkas during the week of October 16, 2006, Defendants served a notice on the Fund on October 20, 2006, noticing Mr. Giblin's deposition for November 6, 2006 in New York City. Attached at Exhibit C is a true and correct copy of the notice of deposition of Mr. Giblin, served October 20, 2006.

12.     On October 23, 2006, Mr. Farkas telephoned me and confirmed that Mr. Giblin would appear for his deposition on November 6, 2006.

13.     On November 2 , 2006, however, two business days before the scheduled deposition, Mr. Farkas telephoned me to request that the deposition be postponed to accommodate unspecified conflicts in Mr. Giblin's schedule.

14.     Mr. Farkas promised to provide me with a new date convenient for Mr. Giblin, and on November 3, 2006, Defendants—as a courtesy to the Fund—agreed to adjourn Mr. Giblin's deposition until 10:30 a.m. on November 10, 2006.

15.     Attached at Exhibit D is a true and correct copy of a November 3, 2006 letter from Defendants' counsel to counsel for the Fund memorializing the adjournment of Mr. Giblin's deposition.

16.     On the afternoon of November 8, 2006, fewer than 48 hours before the deposition was scheduled to begin, Mr. Farkas telephoned me and requested that Mr. Giblin's deposition be postponed further. Mr. Farkas again cited unspecified business commitments of Mr. Giblin.

3

17.     I explained to Mr. Farkas that further postponing the deposition would be impossible given that the class discovery period is scheduled to end on November 15, 2006.  Mr. Farkas raised the possibility that Mr. Giblin might simply refuse to appear for the scheduled deposition.

18.     On the same day, I sent a letter to Mr. Farkas indicating that, while Defendants "ha[d] made every effort over the past two months to accommodate Mr. Giblin's schedule," Defendants "s[aw] no alternative but to go forward with testimony on November 10, 2006, at 10:30 a.m., as previously agreed," given that the parties were only "days from the conclusion of the class discovery period."  Referencing the fact that counsel to the Fund had "raised the possibility that Mr. Giblin might simply refuse to appear for this deposition," Defendants stated that, "[s]hould that occur, we will seek such relief as we believe is appropriate, including dismissal of Local 68's claims in this case.  In this regard, defendants specifically reserve all of their rights."  Attached at Exhibit E is a true and correct copy of the letter I sent to Mr. Farkas on November 8, 2006.

19.     On November 9, 2006, I received a letter from Mr. Farkas indicating that unspecified "changes to Mr. Giblin's schedule ha[d] made him unavailable for a deposition on Friday, November 10," and indicating that Mr. Farkas "w[ould] provide a list of alternate dates as soon as they become available."  Attached at Exhibit F is a true and correct copy of the letter I received from Mr. Farkas on November 9, 2006.

20.     Mr. Giblin failed to appear for his deposition at 10:30 a.m. on November 10, 2006.

4

21.     At no time has the Fund moved for a protective order or any other relief with respect to Mr. Giblin's deposition.

Dated: New York, New York
        November 10, 2006

                                        /s/ Rajesh S. James
                                        Rajesh S. James

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on November 10, 2006.

/s/ David B. Chaffin