# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

In re: NEURONTIN MARKETING AND    :
SALES PRACTICES LITIGATION    :
    :
    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

THIS DOCUMENT RELATES TO:    :   MDL Docket No. 1629
    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x   Master File No. 04-10981

HARDEN MANUFACTURING    :
CORPORATION; LOUISIANA HEALTH    :   Judge Patti B. Saris
SERVICE INDEMNITY COMPANY, dba    :
BLUECROSS/BLUESHIELD OF    :
LOUISIANA; INTERNATIONAL UNION    :
OF OPERATING ENGINEERS, LOCAL NO.    :
68 WELFARE FUND; ASEA/AFSCME    :
LOCAL 52 HEALTH BENEFITS TRUST;    :
GERALD SMITH; and LORRAINE KOPA,    :
on behalf of themselves and all others similarly    :
situated, v. PFIZER INC. and WARNER-    :
LAMBERT COMPANY.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

THE GUARDIAN LIFE INSURANCE    :
COMPANY OF AMERICA v. PFIZER INC.    :
and    :
    :
    :
AETNA, INC. v. PFIZER INC.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

<u>AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION</u>

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure, Defendants, by and through their counsel, will take

deposition upon oral examination, before a person authorized to administer oaths,

of Plaintiff International Union of Operating Engineers, Local No. 68 Welfare

Fund ("Local 68") on January 12, 2006, commencing at 10:00 a.m., at the offices

of Davis Polk & Wardwell, 450 Lexington Avenue, NY, NY 10017.  The

deposition will continue from day to day thereafter until completion.  Pursuant to

Federal Rule of Civil Procedure 30(b)(6), Local 68 shall designate one or more

officers, employees, trustees, or other person or persons who consent to testify on

its behalf, who are most knowledgeable about and will testify to the topics set

forth in Schedule A.

Dated: January 6, 2006                    PFIZER INC., et uno,

                                          By their attorneys,

                                          _Reema Abdelhamid_
                                          James P. Rouhandeh
                                          James E. Murray
                                          Reema Abdelhamid
                                          DAVIS POLK & WARDWELL
                                          450 Lexington Avenue
                                          New York, New York 10017
                                          (212) 450-4000

                                          -and-

                                          David B. Chaffin
                                          BBO No. 549245
                                          HARE & CHAFFIN
                                          160 Federal Street
                                          Boston, Massachusetts 02110
                                          (617) 330-5000

2

SCHEDULE A

A.    DEFINITIONS AND INSTRUCTIONS

All of the definitions from Defendants' First Request for Production of Documents to Plaintiff International Union of Operating Engineers, Local No. 68 Welfare Fund (the Requests"), dated May 2, 2005, are incorporated herein by reference.

Each of the Topics encompasses the years 1990 through the present.

B.    TOPICS

1.    Your policies and practices concerning payment or reimbursement of claims for drug prescriptions generally, including: (a) claims processing and payment; (b) plan administration; (c) the use and content of formularies; (d) network contracting; (e) prior authorization; (f) drug utilization review and disease management; (g) academic detailing; and (h) claims for drug prescriptions for an off-label use.

2.    Your policies and practices concerning Neurontin, including: (a) payment or reimbursement of claims for Neurontin for off-label uses; (b) payment or reimbursement of claims for Neurontin for particular off-label uses; (c) the inclusion, maintenance, and removal of Neurontin on any formulary used, including any limits on Neurontin's coverage; (d) disease management and drug utilization review relating to Neurontin; (e) prior authorization programs relating to Neurontin; and (f) academic detailing relating to Neurontin.

3

3. The names of all persons, business units, or entities (including third parties) that were responsible for supervising or implementing the policies and practices discussed in Topics 1 and 2.

4. Your record retention policies and systems for hard copy and electronic documents relating to the policies and practices discussed in Topics 1 and 2.

5. Any policies or practices that you had, and any determinations or efforts that you made, not to pay or reimburse for, or to limit payment or reimbursement of, claims for drug prescriptions for off-label uses generally and Neurontin specifically.

6. Any analysis that you or your representatives or agents, including your third-party administrator(s) and pharmacy benefit manager(s), performed regarding whether Neurontin provides a medical benefit to patients who take it at off-label dosages or for pain, post-herpetic neuralgia, restless leg syndrome, diabetic peripheral neuropathy, social phobia, panic disorder, migraine headache, monotherapy for epilepsy, bipolar disorder, or any other off-label uses.

7. Any conclusions or views that you or your representatives or agents, including your third-party administrator(s) and pharmacy benefit manager(s), have or had regarding whether Neurontin provides a medical benefit to, and may appropriately be prescribed by physicians for, patients who take it at off-label dosages or for pain, post-herpetic neuralgia, restless leg syndrome,

diabetic peripheral neuropathy, social phobia, panic disorder, migraine headache, monotherapy for epilepsy, bipolar disorder, or any other off-label uses.

8.    Any information that you have or had regarding whether any of your Members who took Neurontin for an off-label use or at an off-label dosage received or failed to receive any benefit from the drug.

9.    Any communications that you had with your third-party administrator(s), your pharmacy benefit manager(s), or any other persons or entities regarding Neurontin.

10.    Any communications that you had with your Members regarding Neurontin or off-label uses of medications.

11.    Any information that you have regarding what the uses were for Neurontin prescriptions for which you are seeking recovery.

12.    Any communications that you or any entity on your behalf had with Defendants regarding Neurontin or other prescription drugs.

13.    Any information that you have regarding whether the Neurontin prescriptions for which you are seeking recovery were written as a result of the alleged off-label promotion.

14.    Any information that you have regarding whether the alleged off-label promotion of Neurontin was fraudulent.

15.    Any information that you have regarding each of the allegations in the Amended Class Action Complaint.

16.     When and how you first learned the alleged facts set forth in the Amended Class Action Complaint and any efforts that you undertook, before you learned about these supposed facts, that would have led to their discovery.

17.     The composition of the three classes which you and the other class plaintiffs are seeking to represent.

18.     Your role as a class representative.

19.     The damages that you are seeking in this action and the basis for your calculation of those damages.

20.     All efforts that you have taken to mitigate your damages, including any new procedures or practices that you adopted.

21.     Any information that you have regarding the civil action *United States of America ex rel. David Franklin v. Parke-Davis, et al.*, C.A. No. 96-11651-PBS (D. Mass.) or any government investigation into the off-label use or promotion of Neurontin.

22.     Your organizational structure.

23.     All efforts that you made to identify and produce documents responsive to each numbered request in the Requests.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January 2006, I caused to be served a true and correct copy of the foregoing Amended Notice of Deposition of International Union of Operating Engineers, Local No. 68 Welfare Fund by email PDF and first class U.S. Mail, postage prepaid, to:

Stephen A. Weiss, Esq.
Seeger Weiss LLP
One William Street
New York, NY 10004

*Attorneys for International Union of Operating Engineers, Local No. 68 Welfare Fund*

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

*Attorneys for Plaintiff Harden Manufacturing Corporation and Plaintiffs' Liaison Counsel*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, Texas 78701

*Members of the Product Liabilities Plaintiffs' Steering Committee*

Reema Abdelhamid

7