# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x

In re: NEURONTIN MARKETING AND
SALES PRACTICES LITIGATION

------------------------------------------------------------x  MDL Docket No. 1629

THIS DOCUMENT RELATES TO:                                       Master File No. 04-10981

------------------------------------------------------------x  Judge Patti B. Saris

HARDEN MANUFACTURING CORPORATION;
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,
dba BLUECROSS/BLUESHIELD OF LOUISIANA; UNION
OF OPERATING, LOCAL NO. 68 WELFARE FUND;
ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST;
GERALD SMITH; and LORRAINE KOPA, on behalf of
themselves and all others similarly situated, v. PFIZER INC. and
WARNER-LAMBERT COMPANY.

------------------------------------------------------------x

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC. and

AETNA, INC. v. PFIZER INC.

------------------------------------------------------------x

## DECLARATION OF LAURA KIBBE

I, Laura Kibbe, hereby declare as follows:

1.  I am a Senior Corporate Counsel at Pfizer Inc ("Pfizer"), one of the defendants in the above-captioned matter.

2.  As part of my responsibilities, I coordinate discovery protocols and procedures, as well as respond to discovery requests. I have been responsible for managing and coordinating large scale document productions since the early 1990s.

3. The information contained in this declaration is based on my general knowledge of Pfizer's business operations, and the magnitude of the efforts that would be necessary to locate and review information sought by the Plaintiffs in their discovery requests.

4. After reviewing Plaintiffs' requests for post December 31, 1998 documents from Warner-Lambert and Pfizer-era custodians, I estimate that the documents from a minimum of well over 100 custodians would need to be collected in order to provide those documents. This number does not include personnel based in the field, as addressed below. I further estimate that it would take tens of thousands of hours to collect and review for responsiveness, confidentiality and privilege all documents necessary, including millions of e-mails, to respond to Plaintiffs' requests. In addition, Pfizer would incur costs for lost productivity and other business costs, such as training and contracting non-Pfizer personnel to conduct such a review.

5. Based upon my experience conducting Pfizer discovery, I also estimate that the majority of the more than 100 potential custodians of documents will have multiple gigabytes of electronic data to be searched and culled, resulting in "reviewable" information in excess of 10 million pages in total. I also estimate that the cost for processing the electronic information, which excludes the cost for reviewing documents, would exceed $1.7 million dollars. When the costs of review are added, I estimate that it would take approximately 40 temporary workers, working 40 hours per week, almost 10 months to review 10 million pages. At the estimated hourly rates of $40 -$60 per hour for temporary workers, which is at the low end of the range of the likely cost, the magnitude of that review would require Pfizer to spend anywhere between $2.9 and $4.3 million in review costs, for a total of $4.6 to $6 million when the processing and initial review of documents for responsiveness is completed, excluding the costs of second

review by Pfizer's attorneys for privileged, confidentiality, and responsiveness. This estimate does not include the costs that would be incurred if documents needed to be collected from field sales personnel and field medical liaisons, of which there are hundreds.

6. This estimate also does not include time and expense for review of documents by Pfizer's firm attorneys for responsiveness, privilege and confidentiality. Even assuming merely 25% of the documents initially reviewed for responsiveness, or approximately 2.5 million pages, are deemed responsive and in need of second review, the completion of this review by Pfizer's firm attorneys would add another one to two months to the total review time. The privilege and confidentiality check would also result in substantial additional costs, which would likely equal or exceed the expense incurred in conducting the initial review. The combined expense incurred in the search, collection, and production of documents in response to Plaintiffs' requests for documents after Dec. 31 1998 is therefore likely to exceed $10 million.

I declare under penalty of perjury under the law of the state of New York that the foregoing is true and correct, and that this declaration executed on 17th day of June 2005 at Waterbury, Connecticut.

*Laura M. Kibbe*
Laura Kibbe

3

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------- x
:
In re: NEURONTIN MARKETING, :
SALES PRACTICES AND : MDL Docket No. 1629
PRODUCTS LIABILITY LITIGATION :
: Master File No. 04-10981
---------------------------------------- x
: Judge Patti B. Saris
THIS DOCUMENT RELATES TO: : Magistrate Judge Leo T. Sorokin
:
ALL ACTIONS :
:
---------------------------------------- x

## SECOND DECLARATION OF LAURA KIBBE

I, Laura Kibbe, hereby declare as follows:

1. I am a Senior Corporate Counsel at Pfizer Inc. ("Pfizer"), one of the defendants in the above-captioned matter.

2. As part of my responsibilities, I coordinate discovery protocols and procedures, as well as respond to discovery requests. I have been responsible for managing and coordinating large scale document productions since the early 1990s.

3. The information contained in this declaration is based on my knowledge of Pfizer's business operations, and the magnitude of the efforts that would be necessary to locate and review information sought by the Plaintiffs in their discovery requests.

4. Historically, Pfizer collects 7.5 gigabytes of non-system files for each custodian during the course of a litigation. Non-system files are the actual data pulled from the laptops and the company's network, not program data such as Microsoft Word, Excel, or other word processing files. 7.5 gigabytes equals roughly 675,000 pages or 7500 megabytes. Pfizer's vendor charges $2 per megabyte to index and search.

Therefore, the processing costs alone are on average $15,000 per custodian. Notably, this does not take into consideration the paper documents that the custodians are likely to have. After removing all duplicates and filtering out documents that do not contain certain carefully crafted key works, Pfizer historically ends up with a reviewable set of documents reflecting 15% of the overall collected documents. Further, because of the redaction needs and the unproven nature of the technology for redacting native files, that 15% must be converted to a tiff images. Pfizer pays approximately 8 cents per page to convert native files into tiff images. That is on average $8100 per custodian for the tiff process. Accordingly, with 100 custodians, in addition to the processing costs, the "reviewable" number of pages in electronic form would equal just over 10 million pages.

5. In the Provera litigation, as the collection is complete, the actual size of the average custodians' non-system files is far less than 7.5 gigabytes. This number reflects the fact that unlike Neurontin, Provera has not been actively promoted for years. Therefore, in the Provera litigation many custodians had virtually no responsive documents.

6. In the Rezulin litigation in 2000, the volume of information for that product was far less than what one would expect to find for sales and marketing of Neurontin post-1998 because Rezulin was only on the market for three years (March 1997 through 2000). In addition, with advances in technology, electronic document collection efforts in 2005 are more complex and costly – and yield far greater volumes of electronic documents – than electronic document collection efforts in even as recently as 2000, when the Rezulin collection was conducted.

2

I declare under penalty of perjury under the law of the state of New York that the foregoing is true and correct, and that this declaration executed on 28th day of July 2005 at New York, New York.

*Laura M. Kibbe*
Laura Kibbe

3

# EXHIBIT C

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005<br><br>1600 EL CAMINO REAL<br>MENLO PARK, CA 94025<br><br>99 GRESHAM STREET<br>LONDON EC2V 7NG<br><br>15, AVENUE MATIGNON<br>75008 PARIS | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017<br>212 450 4000<br>FAX 212 450 3800<br><br>WRITER'S DIRECT<br><br>March 24, 2006 | MESSETURM<br>60308 FRANKFURT AM MAIN<br><br>MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID<br><br>1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033<br><br>3A CHATER ROAD<br>HONG KONG |

Re:   Young v. Pfizer Inc., et al., 1062/2004

Kenneth B. Fromson, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Dear Ken:

    Pursuant to our discussions and agreements in the above-captioned matter and Defendants' Responses and Objections to Plaintiff's Discovery Requests, we are producing on behalf of Defendants in the above referenced matter (by a copy of this letter to Keith Altman) a hard drive containing documents from the files of the following Pfizer employees: Rudi Altevogt and Charles Taylor. For your convenience, set forth below is a chart containing details about the documents included in today's production.

| Bates Stamp Number(s) | Description |
|---|---|
| Pfizer_RAltevogt_00000 01-0002258 | Documents from the Files of Rudi Altevogt, Regulatory |
| Pfizer_CTaylor_000000 1-0022456 | Documents from the Files of Charles Taylor, Ph.D., Global Research & Development |

    Documents on the hard drive have been designated as "Confidential," and should be treated as confidential pursuant to the Confidentiality Agreement executed by the parties dated November 29, 2004.

    Please call me if you have any questions regarding the foregoing.

Very truly yours,

*Kathryn Carney Cole*

Kathryn Carney Cole

By Facsimile

cc w/ enc:    Mr. Keith Altman

Kenneth B. Fromson, Esq.　　　　　2　　　　　　　　　March 24, 2006

(by overnight courier)  26 Willow Drive
　　　　　　　　　　　Massapequa Park, NY 11762

# EXHIBIT D

## DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017<br>212 450 4000<br>FAX 212 450 3800 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | 212-450-4228 | 3A CHATER ROAD<br>HONG KONG |

April 10, 2006

Re:   Young v. Pfizer Inc., et al., 1062/2004

Kenneth B. Fromson, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Dear Ken:

      Pursuant to our discussions and agreements in the above-captioned matter and Defendants' Responses and Objections to Plaintiff's Discovery Requests, we are producing on behalf of Defendants in the above referenced matter (by a copy of this letter to Keith Altman) one Hard Drive which contain documents from the files of the following Pfizer employees: Leslie Tive, Linda LaMoreaux, Lloyd Knapp and Atul Pande. We are also producing two CD-ROMs. The first CD-ROM contains documents bearing bates stamp numbers Pfizer_InRe_0002694 – 0005122. The second CD-ROM is intended to replace and supplement the data from the CMS database that was produced to you on November 15, 2005. For your convenience, set forth below is a chart containing details about the documents included in today's production.

| Bates Stamp Number(s) | Description |
|---|---|
| Pfizer_LTive_0000001-0022746 | Documents from the Files of Leslie Tive, Medical |
| Pfizer_LLaMoreaux_0000001-0031650 | Documents from the Files of Linda LaMoreaux, Clinical Development |
| Pfizer_LKnapp_0000001-0129533 | Documents from the Files of Lloyd Knapp, Clinical Development |
| Pfizer_APande_0000001-0004288 | Documents from the Files of Atul Pande, Clinical Development |
| Pfizer_InRe_0002694 - 0005122 | (1) Labeling SOP that was in existence prior to the implementation of the interim policy that was previously produced on February 28, 2006; (2) |

Kenneth B. Fromson, Esq.                2                    April 10, 2006

| Bates Stamp Number(s) | Description |
|---|---|
|  | Patents filed by Parke-Davis relating to (a) Neurontin and neurogenerative disease and (b) Neurontin and depression; (3) Adverse event report source file for plaintiff, William T. Young |
| Produced without Bates Stamp | CD labeled "CMS-New York" which contains, in Microsoft Access format, portions of the CMS sales call database reflecting calls on physicians in New York state relating to Neurontin |

Documents on the Hard Drive and CD-ROMs have been designated as "Confidential," and should be treated as confidential pursuant to the Confidentiality Agreement executed by the parties dated November 29, 2004.

Please call me at 212-450-4228 should you have any questions regarding the foregoing.

Very truly yours,

Kathryn Carney Cole

By Facsimile

cc w/ enc:              Mr. Keith Altman
(by overnight courier)  26 Willow Drive
                        Massapequa Park, NY 11762