# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | Jude Patti B. Saris |

## PLAINTIFFS' SECOND REQUEST
## FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiffs hereby request Defendants Pfizer, Inc. and Warner-Lambert Company produce for inspection and copying the documents and materials described below at the offices of Greene & Hoffman, 125 Summer Street, Suite 1410, Boston, MA 02110 within thirty (30) days of the date of the service of this request. Plaintiffs further request that such production be made in accordance with the Definitions and Instructions set forth below.

### Definitions

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference. Additionally, the following definitions apply to this Document Request:

"Defendants" shall mean "Pfizer" and "Warner-Lambert" and any of their predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representative and any other Person acting or purporting to act on its behalf, including, but not limited to, Parke-Davis.

"Parke-Davis" shall mean Parke-Davis, a division of Warner-Lambert Company, and any of its predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf.

"Pfizer" shall mean Defendant Pfizer, Inc. and any of its predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives any another Person acting or purporting to act on its behalf, including, but not limited to, Parke-Davis.

"Warner-Lambert" shall mean Warner-Lambert Company an any of its predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf, including Parke-Davis.

### Instructions

1.    In the event that any Document called for by this Document Request is withheld on the basis of a claim of privilege, that Document is to be identified as follows: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, number of pages, attachments or appendicies, all persons to whom distributed, shown or explained, the present custodian, and the nature of the privilege asserted.

2.    In the event that any Document called for by this Document Request has been destroyed, discarded, otherwise disposed of, or no longer exists, the Document is to be identified as completely as possible, including, without limitation, the following information: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, date of disposal, reason

for disposal, Person authorizing the disposal, the Person disposing of the Document, and identify its last known location and the reason it is no longer in existence.

3.    In the event that any information is redacted from a Document produced pursuant to this Document Request, the information is to be identified and the basis upon which such information is redacted be fully stated.

4.    In construing this Document Request, the singular shall include the plural and the plural shall include the singular.

5.    These Document Requests are continuing requests which require supplemental responses if a Defendant, or any Person acting on its behalf, obtains additional information called for by a request. Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of the further information, and in no event shall any supplemental response be served later than the date for submission of a pre-trial memorandum.

6.    In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

7.    Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records. These requests include shall be deemed to include a request by the Plaintiffs to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests have maintained at the time of the inspection of such documents.

8.      Documents attached to each other should not be separated.

9.      Unless otherwise stated, the time period for this Document Request shall be from January 1, 1994 to May 2004.

10.     The geographic scope of this Document Request is the United States; however, all requests for documents and other materials which relate to the safety or efficacy of Neurontin, or medical research and study relating to Neurontin are not limited to the United States.

11.     When a request calls for the production of electronic database file or Data File, this file must be produced in a form compatible with Microsoft Access, or in any other format agreed to by the parties.

12.     If a request calls for the production of database records or database files that no longer exist in electronic form, all hard copies of the requested records and files, even if not entirely complete, should be provided.

### Document Requests

1.      Please produce the complete custodial files of the following current and/or former employees of Pfizer, Warner-Lambert, and/or Parke-Davis:

       a.      Lucy Castro

       b.      Michelle Clausen

       c.      Mi Dong

       d.      Elizabeth Garofalo

       e.      Andrea Garrity

       f.      Atul Pande

       g.      Jim Parker

       h.      Mark Pierce

i.    Charlie Taylor

j.    Leslie Tive

k.    Susanne Batesko

l.    Carolyn Blanckmeister

m.    Stephen Brigandi

n.    Suzan Carrington

o.    Angela Crespo

p.    Suzanne Doft

q.    Ellen Dukes

r.    Allison Fannon

s.    Valerie Flapan

t.    Marino Garcia

u.    Doreen Gasparella

v.    Robert Glanzman

w.    Craig Glover

x.    Tina Grogan

y.    Wilma Harrison

z.    Sue Huang

aa.    Tim Hylan

bb.    Joan Kaplan

cc.    Karen Katen

dd.    Jill Kerrick Walker

ee.    John Krayacich

ff.    Nancy Mancini

gg.    John Marino

hh.    David Murphy

ii.    Elizabeth Mutisya

jj.    Mannini Patel

kk.    Steve Piron

ll.    Steve Pomerantz

mm.    David Probert

nn.    John Rocchi

oo.    Jon Sloss

pp.    Paula Smith

qq.    Anna Tallman

rr.    Kirk Taylor

ss.    Adrian Vega

tt.    Dan Womer

uu.    Meg Yoder

Dated: October 13, 2006

Respectfully Submitted,

Irwin B. Levin
Richard E. Shevitz
Eric S. Pavlack
COHEN AND MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204

Thomas Greene, Esquire
GREENE & HOFFMAN
125 Summer Street
Boston, MA 02110

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Barry Himmelstein, Esquire
LIEFF CABRASER HEIMANN & BERNSTEIN
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Don Barrett, Esquire
BARRETT LAW OFFICE
404 Court Square North
P.O. Box 987
Lexington, MS 39095

Daniel Becnel, Jr., Esquire
LAW OFFICES OF DANIEL BECNEL, JR.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

James R. Dugan, II, Esquire
DUGAN & BROWNE, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

*Members of the Class Plaintiffs'
Steering Committee*

Richard Cohen, Esquire
LOWEY DANNENBERG BEMPORAD
& SELINGER, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY 10601

Linda P. Nussbaum, Esquire
COHEN MILSTEIN HAUSFELD & TOLL

150 East 52nd Street
Thirteenth Floor
New York, NY 10022

*Members of the Plaintiffs' Non-Class*
*Steering Committee*

# CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following counsel for defendants

via United State First Class Mail on October 13, 2006.

James P. Rouhandeh
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017

Irwin B. Levin
Richard E. Shevitz
Eric S. Pavlack
COHEN AND MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204

# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | Jude Patti B. Saris |

## PLAINTIFFS' THIRD REQUEST
## FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiffs hereby request Defendants Pfizer, Inc. and Warner-Lambert Company produce for inspection and copying the documents and materials described below at the offices of Greene & Hoffman, 125 Summer Street, Suite 1410, Boston, MA  02110 within thirty (30) days of the date of the service of this request.   Plaintiffs further request that such production be made in accordance with the Definitions and Instructions set forth below.

### Definitions

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.  Additionally, the following definitions apply to this Document Request:

"Defendants" shall mean "Pfizer" and "Warner-Lambert" and any of their predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representative and any other Person acting or purporting to act on its behalf, including, but not limited to, Parke-Davis.

"Parke-Davis" shall mean Parke-Davis, a division of Warner-Lambert Company, and any of its predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf.

"Pfizer" shall mean Defendant Pfizer, Inc. and any of its predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives any another Person acting or purporting to act on its behalf, including, but not limited to, Parke-Davis.

"Warner-Lambert" shall mean Warner-Lambert Company an any of its predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf, including Parke-Davis.

## Instructions

1.     In the event that any Document called for by this Document Request is withheld on the basis of a claim of privilege, that Document is to be identified as follows: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, number of pages, attachments or appendicies, all persons to whom distributed, shown or explained, the present custodian, and the nature of the privilege asserted.

2.     In the event that any Document called for by this Document Request has been destroyed, discarded, otherwise disposed of, or no longer exists, the Document is to be identified as completely as possible, including, without limitation, the following information: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, date of disposal, reason

for disposal, Person authorizing the disposal, the Person disposing of the Document, and identify its last known location and the reason it is no longer in existence.

3.    In the event that any information is redacted from a Document produced pursuant to this Document Request, the information is to be identified and the basis upon which such information is redacted be fully stated.

4.    In construing this Document Request, the singular shall include the plural and the plural shall include the singular.

5.    These Document Requests are continuing requests which require supplemental responses if a Defendant, or any Person acting on its behalf, obtains additional information called for by a request.  Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of the further information, and in no event shall any supplemental response be served later than the date for submission of a pre-trial memorandum.

6.    In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

7.    Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.  These requests include shall be deemed to include a request by the Plaintiffs to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests have maintained at the time of the inspection of such documents.

8.    Documents attached to each other should not be separated.

9.    Unless otherwise stated, the time period for this Document Request shall be from January 1, 1994 to May 2004.

10.    The geographic scope of this Document Request is the United States; however, all requests for documents and other materials which relate to the safety or efficacy of Neurontin, or medical research and study relating to Neurontin are not limited to the United States.

11.    When a request calls for the production of electronic database file or Data File, this file must be produced in a form compatible with Microsoft Access, or in any other format agreed to by the parties.

12.    If a request calls for the production of database records or database files that no longer exist in electronic form, all hard copies of the requested records and files, even if not entirely complete, should be provided.

## Document Requests

1.    Please produce the complete custodial files of the following current and/or former employees of Pfizer, Warner-Lambert, and/or Parke-Davis:

    a.    John Boris

    b.    Oliver Brandicourt

    c.    Vic Delimata

    d.    Carol Eck

    e.    Elizabeth Garafalo

    f.    Francie Kivel

    g.    Leslie Magnus-Miller

    h.    Larry Perlow

       i.      Joseph Pieroni

      j.      Janeth Turner

Dated: October __19__, 2006              Respectfully Submitted,


_____
Irwin B. Levin
Richard E. Shevitz
Eric S. Pavlack
COHEN AND MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204

Thomas Greene, Esquire
GREENE & HOFFMAN
125 Summer Street
Boston, MA 02110

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Barry Himmelstein, Esquire
LIEFF CABRASER HEIMANN & BERNSTEIN
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Don Barrett, Esquire
BARRETT LAW OFFICE
404 Court Square North
P.O. Box 987
Lexington, MS 39095

Daniel Becnel, Jr., Esquire
LAW OFFICES OF DANIEL BECNEL, JR.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

James R. Dugan, II, Esquire
DUGAN & BROWNE, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

*Members of the Class Plaintiffs'*
*Steering Committee*

Richard Cohen, Esquire
LOWEY DANNENBERG BEMPORAD
& SELINGER, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY 10601

Linda P. Nussbaum, Esquire
COHEN MILSTEIN HAUSFELD & TOLL
150 East 52nd Street
Thirteenth Floor
New York, NY 10022

*Members of the Plaintiffs' Non-Class*
*Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following counsel for defendants via United State First Class Mail on October __14__, 2006.

James P. Rouhandeh
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017

_____
Irwin B. Levin
Richard E. Shevitz
Eric S. Pavlack
COHEN AND MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204