UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARILYN LEWIS, ET AL<br>Plaintiffs<br><br>v.<br><br>JOHN BARRETT, ET AL<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.: 1:06-cv-11392-PBS<br>(MDL No.: 1629)<br><br>Master Docket No.: 1:04-10981-PBS |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS, JOHN BARRETT AND THE HERTZ CORPORATION, TO SEVER AND TRANSFER PLAINTIFFS, MARILYN LEWIS AND HARRY LEWIS' FIRST CAUSE OF ACTION OF PLAINTIFFS' COMPLAINT TO THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

The defendants, John Barrett ("Mr. Barrett") and The Hertz Corporation ("Hertz"), submit this Memorandum of Law in Support of their Motion to Sever and Transfer Venue pursuant to Fed. R. Civ. P. 21 and 28 U.S.C.S. § 1404. In support of their Motion, the defendants state:

### FACTS

This is an action for negligence against Mr. Barrett and Hertz in which the plaintiffs, Marilyn Lewis ("Marilyn") and Harry Lewis ("Harry") allege they sustained personal injuries during a motor vehicle accident with Mr. Barrett in which he was operating a motor vehicle owned by Hertz. Harry and Marilyn, husband and wife, reside in Los Angeles, California. Mr. Barrett resides in New York, New York. Hertz is incorporated in Delaware and has a principal place of business in Los Angeles, California.

On February 28, 2004, near the intersection of Wilshire Boulevard and Santa Monica Boulevard in Beverly Hills, California, Plaintiffs allege Mr. Barrett negligently collided with their motor vehicle resulting in injuries to each of them. Both Harry and Marilyn treated for their

injuries in and around Beverly Hills, California.    As part of her treatment, Marilyn was prescribed Neurontin.  Marilyn claims she has suffered additional injuries because she took Neurontin.

## PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on February 27, 2006, in the Superior Court of the State of California for the County of Los Angeles.  Plaintiffs' Complaint contains five causes of action: 1) negligence by Marilyn and Harry as to Mr. Barrett and Hertz, 2) negligence to Marilyn by Pfizer, Inc., 3) strict liability by Marilyn as to Pfizer, Inc., 4) express warranty by Marilyn as to Pfizer, Inc., and 5) implied warranty by Marilyn as to Pfizer, Inc.  (See Plaintiffs' Complaint, attached as Exhibit A).  On June 14, 2006, Pfizer, Inc. filed a Notice of Removal of Action Pursuant to 28 U.S.C. § 1441(a) in the United States District Court, Central District of California, Western Division.  (See, Notice of Removal, attached as Exhibit B).  On August 10, 2006, the Order of Consolidation was filed in the United States District Court, District of Massachusetts, consolidating this case with *In Re Neurontin*, C.A. No. 04-10981-PBS.  (See Order of Consolidation, attached as Exhibit C)  This case is presently pending in the United States District Court of Massachusetts, consolidated with the products liability class action related to Neurontin manufactured by Pfizer, Inc.

## ARGUMENT

"Any claim against a party may be severed and proceeded with separately."  Fed. R. Civ. P. 21.  Claims against defendants unrelated to a class action may be severed and tried separately. See Wicks v. Putnam Investment Management, LLC et al., 2005 U.S. Dist. LEXIS 4892 (2005). In this case, prior to the Order of Consolidation, Mr. Barrett and Hertz were not defendants in *In Re Neurontin*.  Plaintiffs' claim against Mr. Barrett and Hertz is unrelated to *In Re Neurontin* and should be severed.

2

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.S. § 1404(a).  The District Court weighs a number of case specific factors in analyzing a motion to transfer.  Royal Bed and Spring Co., v. Famossul Industria E. Comercio De Moveis LTDA., 906 F.2d 45, 51 (1st Cir. 1990).  These factors include: (1) the relative convenience of the parties; (2) the convenience of the witnesses and location of documents; (3) any connection between the forum and the issues; (4) the law to be applied; and (5) the state or public interest at stake.  However, when the plaintiff chooses the home forum, it is given great deference based on the assumption that the plaintiff choose a convenient forum.  Royal Bed and Spring Co., v. Famossul Industria E. Comercio De Moveis LTDA., 906 F.2d 45, 52 (1st Cir. 1990).

Clearly, it is in the interest of justice and more convenient for the parties and witnesses to return Plaintiffs' First Cause of Action to the United States District Court, Central District of California, Western Division.  Plaintiffs' negligence action against Mr. Barrett and Hertz is unrelated to the class action involving Neurontin pending in the United States District Court, District of Massachusetts.  Evidence presented, witnesses called to testify and laws applied are separate and distinct in each of these actions.  The incident motor vehicle accident occurred in California.  Marilyn, Lewis and Hertz reside in California and will be inconvenienced if this action continues in Massachusetts.  All of the witnesses, consisting of police officers, physicians who provided medial treatment to Plaintiffs, and those that observed the accident are located in California.  All documentary evidence consisting of medical records, accident reports and rental agreements, are located in California.  California law applies to this negligence action and the United States District Court, Central District of California, Western Division is more familiar with its application.  California has interests in seeing its residents who are injured receive

3

compensation for their injuries as well as seeing those who traverse on its roadways held liable for negligent actions.

Under 1404(a), this action could have been brought in the United States District Court, Central District of California, Western Division as evidenced by the transfer there from the Superior Court of the State of California. Therefore, Plaintiffs' First Cause of Action of Plaintiffs' Complaint, alleging negligence against Mr. Barrett and Hertz should be transferred back to the Superior Court of the State of California for the County of Los Angeles.

## CONCLUSION

For these reasons, the defendants, John Barrett and Hertz Rental Company, pursuant to 28 U.S.C.S. § 1404, request this Honorable Court transfer Plaintiffs, Marilyn Lewis and Harry Lewis' First Cause of Action of Plaintiffs' Complaint to the Superior Court of the State of California for the County of Los Angeles.

The Defendants,
**John Barrett and**
**The Hertz Corporation,**
By their attorneys,


_/s/ Gareth W. Notis_
Gareth W. Notis- BBO # 637814
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210
(617) 439-7500

## Certificate of Service

I certify that this document has been served upon all counsel of records in compliance with the F.R.C.P. this 20th day of November, 2006.

/s/ Gareth W. Notis
Gareth W. Notis

4

5