| | |
|---|---|
| 1 | MICHAEL A. K. DAN (SBN 46383) |
| 2 | DOUGLAS A. ROTHSCHILD (SBN 207333) |
|   | MICHAEL A. K. DAN, A PROFESSIONAL CORPORATION |
| 3 | 1990 S. Bundy Drive, Suite 540 |
|   | Los Angeles, CA 90025 |
| 4 | Telephone (310) 979-0325 |
| 5 | Facsimile (310) 979-7329 |
| 6 | MICHAEL W. WEINSTOCK (SBN 56217) |
|   | LAW OFFICE OF MICHAEL W. WEINSTOCK |
| 7 | 9107 Wilshire Blvd., Suite 275 |
|   | Beverly Hills, California 90210 |
| 8 | Telephone:  (310) 275-1212 |
| 9 | Facsimile:  (310) 275-6776 |
| 10 | Attorneys for Plaintiff(s) |

**CONFORMED COPY** OF ORIGINAL FILED
Los Angeles Superior Court

FEB 2 7 2006

John A. Clarke, Executive Officer/Clerk

By J. Gipson, Deputy

DATE OF HEARING
JUN 1 9 2006

IN DEPT. WE _____

VALERIE BAKER
8:30 am

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

MARILYN LEWIS, HARRY LEWIS,

    Plaintiffs,

vs.

JOHN BARRETT; THE HERTZ CORPORATION; PFIZER, INC; and DOES 1-300, Inclusive,

    Defendants.

CASE NO: SC088778

COMPLAINT FOR DAMAGES

1. NEGLIGENCE - Auto v. Auto
2. NEGLIGENCE - Prod. Liability
3. STRICT LIABILITY
4. BREACH OF EXPRESS WARRANTY
5. BREACH OF IMPLIED WARRANTY

DEMAND FOR JURY TRIAL

DEMAND EXCEEDS $25,000

[DAILY INTAKE / MAY 17 2006 / PFIZER LITIGATION GROUP stamp]

MARILYN LEWIS and HARRY LEWIS ("Plaintiffs") allege:

- 1 -

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

**(Negligence by all Plaintiffs as to JOHN BARRETT, THE HERTZ CORPORATION and DOES 1 through 175)**

1. Plaintiffs Marilyn Lewis and Harry Lewis were injured in Los Angeles County and are husband and wife.

2. True name and capacity, whether individual, associate, corporate, governmental, or otherwise of DOES 1 through 300, inclusive, are unknown to Plaintiff, who sues said Defendants by fictitious names. When true names and capacities are ascertained, Plaintiffs will amend.

3. Plaintiffs are informed and believe Defendant(s), whether DOE or NAMED, is negligently, intentionally, strictly, or otherwise responsible for events and happenings and caused Plaintiffs' injuries by such conduct.

4. Defendant(s), whether DOE or NAMED, was a principal and/or agent, and/or servant, and/or employee of principal. All acts performed by Defendant(s) were within the course and scope and/or authority, ostensible or actual, of agency and/or employment and with permission/consent of each co-Defendant.

5. Defendant(s), does business and/or resides in this County and Judicial District.

6. Plaintiffs are informed and believes and thereon alleges that Defendant(s) JOHN BARRETT and DOES 1-25 is/are, and at all times mentioned herein was/were, (a) resident(s) of the city of New York, State of New York.

7. Plaintiffs are informed and believes and thereon alleges that Defendant(s) THE HERTZ CORPORATION and DOES 26-50 is/are, and at all times mentioned herein was/were, (a) incorporated in the state of Delaware; with a principal place of business at 9000 Airport Blvd., Los Angeles, California 90045

8. Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned, Defendant(s) and DOES 20 through 75, inclusive, and each of them, were the owners of, or had an ownership interest in, the motor vehicle generally referred to and described as a grey Jaguar sedan, license plate number 5FDJ640, which caused injury and damage to Plaintiffs.

COMPLAINT FOR DAMAGES

9. Plaintiffs are informed and believe, and thereon alleges that at all times herein mentioned, Defendant BARRETT and DOES 1 through 100, inclusive, and each of them, operated the said motor vehicle with the express or implied consent, permission and knowledge of the remaining Defendants, and each of them.

10. Defendant(s) and DOES 1 through 100, operated said motor vehicle with the express or implied consent, permission and knowledge of co-Defendants.

11. Defendant(s) DOES 101 through 125, are manufacturers, wholesalers, distributors, retailers, sellers, developers, suppliers, designers, testers, promoters, assemblers, maintenance personnel, and other involved in design, manufacture, testing, distribution, sale, marketing, and maintenance of products involved in subject accident.

12. Defendant(s) Does 126-150 are public entities, government subdivisions, or others, who owned, repaired, maintained streets, highways, roads, without limitation thereto, in this state of California.

13. On February 28, 2004, Plaintiffs were passengers in their Lincoln Town Car bearing California license plate number 4FVB648 on Wilshire Boulevard at or near its intersection with Santa Monica Boulevard, in the city of Beverly Hills, in the County of Los Angeles, State of California.

14. At all times herein mentioned, the intersection of Wilshire Boulevard at or near its intersection with Santa Monica Boulevard were public street(s) or thoroughfare(s), and are located within the County of Los Angeles, State of California.

15. Defendants, whether Named as DOE(s), negligently entrusted, owned, managed, maintained, supervised, acted, conducted, drove and operated without limitation thereto their vehicle so as to cause said collision with the vehicle in which Plaintiffs were located.

16. As a result of negligence, carelessness, and conduct of Defendant(s), Plaintiffs have been injured in health, strength, activity, body and mind. Plaintiffs are permanently sick, and disabled, internally and externally; personal injuries include, without limitation thereto. These injuries cause Plaintiffs anxiety, mental distress, fear, pain, suffering, apprehension, and other

- 3 -

**COMPLAINT FOR DAMAGES**

distress secondary thereto. Plaintiffs have suffered other injuries, the exact nature and extent not known. These injuries have generally damaged Plaintiffs in a sum above the Jurisdictional minimum of this Court.

17. As a result of negligence, carelessness and conduct of Defendant(s), and by reason of injury Plaintiffs have, are, and will be prevented from following an occupation/ business and have loss of earning and diminution of earning capacity. The exact amount of such loss is presently unknown.

18. As a result of negligence, carelessness and conduct of Defendant(s), and by reason of injury Plaintiffs have, are, and will require reasonable and necessary medical/hospital/health care, attention and services and incurred expenses; there will be future medical/hospital/ health care, attention and services. The exact amount is presently unknown.

19. As a result of negligence, carelessness and conduct of Defendant(s), Plaintiffs further sustained damages and loss of use of Plaintiffs' personal property, according to proof. The exact amount is presently unknown.

20. Plaintiffs request PreJudgment and Post-Judgment Interest, as provided by law.

## SECOND CAUSE OF ACTION

(Negligence to Marilyn Lewis by Pfizer, Inc. and DOES 176 through 275)

21. Plaintiff incorporates paragraphs 1 - 20.

22. Plaintiff, MARILYN LEWIS, was injured by Defendants' product.

23. True name and capacity, whether individual, associate, corporate, governmental, or otherwise of DOES 176 through 275, inclusive, are unknown to Plaintiff, who sues Defendant(s) by fictitious name. When true name and capacity are ascertained Plaintiff will amend.

24. Defendants, PFIZER, INC. and DOES 176 through 200, are corporations registered to do business and doing business in the State of California, this County, and judicial district.

25. Neurontin is a prescription medication approved by the U.S. Food and Drug Administration (FDA) for treatment of epilepsy and post-herpetic neuralgia.

///

COMPLAINT FOR DAMAGES

26. Plaintiff is informed and believes, and based thereon alleges that Defendants marketed and promoted Neurontin for off-label use. Methods used by Defendants to deceptively promote Neurontin for off-label indications included: continuing medical education (CME) classes that lacked balance, misrepresented the nature of the CME and provided expensive "perks" to attending physicians; a "publication strategy" that subsidized the production and dissemination of anecdotal reports favorable to off-label use of Neurontin, but which had no scientific value; and providing incomplete information about Neurontin to the drug reference compendium "Drugdex."

27. Federal and state governments agreed to a $430 million settlement with said Defendants to resolve state and federal allegations of deceptive marketing, Medicaid fraud and illegal kickbacks in the promotion and sale of Neurontin.

28. At all times relevant, Defendant(s) and DOES 176 - 275 prepared, tested, promoted, manufactured, designed, and sold, without limitation thereto, its product, Neurontin, a prescription drug preparation made available to the general public with a representation it was effective for the management of pain in adults. In reliance upon these and other representations, Plaintiff ingested Defendant's(s') Neurontin. Said product was taken in the manner recommended and promoted by Defendant(s). Subject product had been created, designed, tested, assembled, manufactured, labeled, distributed, marketed, sold and advertised, warned and failed to be warned, and otherwise distributed in interstate commerce in its prescribed form by Defendant(s) and DOES 176 - 275.

29. Neurontin is a drug, sold by prescription to the public. The packaging <u>information contains no warning concerning dermatologic, immune, or allergic reactions and/or side effects</u>, nor does the label warn against use of the drug if one has had prior similar complaints.

30. Notwithstanding the promotion and marketing by Defendant(s), the product is unsafe and can cause serious dermatologic, immune, or allergic reactions and/or other serious medical conditions. Plaintiff purchased, by prescription, subject product at her local pharmacy for pain relief following an automobile accident. Confident the product was safe for use, Plaintiff took the drug in the amounts prescribed by her doctor.

///

- 5 -

**COMPLAINT FOR DAMAGES**

*[Handwritten margin note: "Pf INJURY"]*

31.  Plaintiff, who is unskilled in the medical or health sciences, purchased and took subject drug, unaware of the possible side effects listed above and in reliance it would not cause same.

32.  On or about March 16, 2004, Plaintiff began to evidence maculopapular eruption, erythematous in appearance, on the lower extremities. She presented to her physician for treatment.

33.  At all times relevant, and despite the representations made by Named and DOE Defendants, Defendant(s) did negligently and carelessly research, design, manufacture, assemble, distribute, test, study, label, and promote its product, without limitation thereto, so as to cause injury and damage to Plaintiff.

34.  As a result of the negligence, carelessness, and conduct of Defendant(s), Plaintiff has been injured in health, strength, activity, body, and mind. Plaintiff is permanently sick and disabled, and has suffered personal injuries including, without limitation, dermatologic, immune, and allergic reactions. These injuries caused Plaintiff anxiety and mental distress, fear, pain, suffering, apprehension, and other distress secondary thereto. Plaintiff has suffered other injuries, the exact nature and extent of which are not known. These injuries have generally damaged Plaintiff in a sum above the jurisdictional minimum of this Court.

## THIRD CAUSE OF ACTION

**(Strict Liability By Marilyn Lewis as to Pfizer, Inc. and DOES 176 through 275)**

35.  Plaintiff incorporates paragraphs 1 - 34.

36.  Plaintiff seeks to recover damages based upon a claim of defective product. The product is defective by way of manufacture, design, and failure to give adequate warning to the consumer, i.e. Plaintiff, of a hazard involved in the foreseeable use of the product.

*[Handwritten margin note: "NO DUTY!"]*

37.  At all times relevant hereto, each Defendant was the manufacturer, supplier, or seller of the product, Neurontin, without limitation thereto.

38.  Plaintiff seeks compensation for a <u>manufacturing defect</u>.

39.  The product possessed a defect in its manufacture which existed when the product left Defendant's(s') possession. Subject defect in manufacture was a cause of injury to Plaintiff and

COMPLAINT FOR DAMAGES

Plaintiff's injury resulted from a use of the product that was reasonably foreseeable to Defendant(s).

40. The defect in the manufacture of the product existed in that the product differed from the manufacturer's intended result.

41. The defect in manufacture existed in that the product differed from apparently identical products from the same manufacturer.

42. Plaintiff additionally seeks compensation for <u>design defect</u>.

43. Subject product possessed a defect in its design which existed at the time it left Defendant's(s') possession and subject defect was a cause of injury to Plaintiff. Plaintiff's injury resulted from the use of the product that was reasonably foreseeable by Defendant(s).

44. Defendant's(s') product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner. In regard to subject product, there was a risk of danger inherent in the design which outweighed the benefit of that design.

45. Subject product was <u>not</u> inherently unsafe and the product was not known to be unsafe by an ordinary consumer with ordinary knowledge common to the community who would consume such a product.

46. Plaintiff additionally seeks compensation for a <u>warning defect</u>.

47. This product was defective as a result of failure to warn.

48. The product was defective and was a cause of injury to Plaintiff in that Plaintiff's injury resulted from a use of the product that was reasonably foreseeable to Defendant(s); it involved a substantial danger that would not be readily recognized by the ordinary user of the product. The danger was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacturer and distribution; yet, Defendant(s) failed to give adequate warning of that danger.

49. Defendant(s) breached its duty to provide adequate warning to Plaintiff as to how to use the product since a reasonably foreseeable use of the product involved a substantial danger, of which Defendant(s) were either aware or should have been aware, and that would not be readily

[handwritten margin notes: "RECUUDED IV BROWN"; "NO DUTY TO WARN TJ → CARLIN"]

- 7 -

**COMPLAINT FOR DAMAGES**

1  recognizable by the ordinary user, i.e. Plaintiff.  *NO DUTY TO CONSUMER*

2  50. Defendant(s) breached its duty to provide adequate warning to the consumer of the product of potential risks or side effects which may follow the use of the product and which are known or knowable in light of generally recognized and prevailing best scientific and medical knowledge at the time of manufacture and distribution.

6  51. As a result of the defect of subject product, Plaintiff has been injured and damaged.

### FOURTH CAUSE OF ACTION

(Express Warranty By Marilyn Lewis as to Pfizer, Inc. and DOES 176 through 275)

52. Plaintiff incorporates paragraphs 1 - 51.

53. Plaintiff seeks to recover damages based upon a claim of <u>breach of express warranty</u>.

54. At all times relevant, there was a sale of goods wherein Defendant(s) were the seller and Plaintiff the buyer. Defendant(s) expressly warranted the goods; there was breach of warranty which caused Plaintiff to suffer injury, damage, loss, or harm.

55. At all times relevant, affirmations of fact or promises were made by Defendant(s) to Plaintiff which related to the sale and was part of the basis of the bargain created.

56. At all times relevant, Defendant(s) expressly warranted said product would be safe and effective if used in the manner in which it was to be taken and without mention of any side effects which are relevant to the issues in this litigation.

57. There was a breach of subject express warranty since the product sold did not reasonably conform to expressly warranted or promised quality characteristics of performance of subject product.

58. Plaintiff relied upon the express warranties of Defendant(s), to her injury and damage.

59. As a result of the breach of the express warranty by Defendant(s), Plaintiff has been injured and damaged.

### FIFTH CAUSE OF ACTION

(Implied Warranty By Marilyn Lewis as to Pfizer, Inc. and DOES 176 through 275)

60. Plaintiff incorporates by reference paragraphs 1 - 59.

- 8 -

COMPLAINT FOR DAMAGES

*[handwritten margin note: PRIVITY WANTS]*

61. Plaintiff seeks to recover damages based upon a claim of <u>implied warranty</u>.

62. At all times relevant, there was a sale of goods with Defendant(s) being the seller and Plaintiff the buyer. Defendants <u>impliedly warranted</u> the goods sold; there was a breach of implied warranty which caused Plaintiff to suffer injury, damage, loss, or harm.

63. At the time of sale, the seller had reason to know the <u>particular purpose</u> for which the product was required and Plaintiff relied on Defendant's(s') skill or judgment to select or furnish a suitable product so that there would be an implied warranty that the goods would be fit for such purpose, i.e. an implied warranty of fitness.

64. For a product such as this, i.e. a medication to be taken internally for a purported health benefit, there was an implied warranty that it be reasonably fit for <u>human consumption</u>.

65. The sale of a product, as there was herein, is an implied warranty the <u>goods shall be merchantable</u>, i.e. the product is at least as fit for the ordinary purposes for which such products are used and shall at least conform to the promises or affirmations of fact made on the container, labeling, or packaging, i.e. there is implied warranty of merchantability.

66. At all times relevant, there was a breach of the implied warranty of fitness in that the goods sold were not reasonably fit for the purpose for which they were sold. There was a breach of the implied warranty of fitness for subject product in that it was not reasonably fit for human consumption. There was a breach of the implied warranty of merchantability since the product sold was not reasonably suitable for the ordinary purpose for which it was to be used. There was a breach of implied warranty of merchantability since the product did not reasonably conform to the promises or affirmations made on the container, label, or packaging.

67. As a result of the breach of the implied warranty, Plaintiff has been injured and damaged.

Plaintiff(s) pray(s) for Judgment against Defendant(s):

1. General damages in a sum above the Jurisdictional minimum of this Court;
2. Loss of earnings and diminution of earning capacity, according to proof;
3. Medical/hospital/health expenses, according to proof;

COMPLAINT FOR DAMAGES

4. Costs of suit;

5. PreJudgment and PostJudgment Interest provided by law;

6. Damages for loss of use of Plaintiff's personal property, according to proof; and

7. Such other and further relief as just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

DATED: February 27, 2006

MICHAEL A.K. DAN
A Professional Corporation

By: _____
MICHAEL A.K. DAN
DOUGLAS R. ROTHSCHILD
Attorneys for Plaintiffs

- 10 -

COMPLAINT FOR DAMAGES