Michelle M. Fujimoto, SBN 125462
Darolyn Y. Hamada, SBN 192334
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949-475-1500
Facsimile: 949-475-0016
dhamada@shb.com

Attorneys for Defendant
Pfizer Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARILYN LEWIS, HARRY LEWIS,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN BARRETT; THE HERTZ CORPORATION; PFIZER, INC.; AND DOES 1-300, Inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(a)**<br><br>[Filed Concurrently With Notice Of Related Cases, Certification As To Interested Parties, Notice Of Pendency Of Other Actions Or Proceedings And Disclosure Statement]<br><br>Complaint filed: 2/27/06 |

Pursuant to provisions of 28 U.S.C. §§ 1441(a) and 1446, defendant Pfizer Inc. ("Pfizer") files this Notice of Removal of this case from the Superior Court of the State of California, County of Los Angeles, West Judicial District, to the United States District Court for the Central District of California, Western Division. In support of this Notice of Removal, Pfizer states the following:

I. **INTRODUCTION**

1. The removed case is a civil action filed on or about February 27, 2006, in the Superior Court of the State of California, County of Los Angeles, West Judicial District, styled, *Marilyn Lewis, Harry Lewis v. John Barrett; The Hertz Corporation; Pfizer, Inc.; and Does 1-300, Inclusive*, Case No. SC088776. Plaintiffs allege that they were involved in an automobile accident with defendant John Barrett

1  ("Barrett") who was driving a vehicle owned by defendant The Hertz Corporation
2  ("Hertz"). Compl. ¶¶ 1-20. Plaintiffs also allege that after the accident, Marilyn
3  Lewis obtained Neurontin® ("Neurontin"), a prescription drug manufactured by
4  Pfizer, and that as a result of ingesting Neurontin she was injured weeks later.
5  Plaintiffs allege negligence against Barrett and Hertz and strict liability, negligence
6  and breach of warranty against Pfizer. A true and correct copy of the Complaint for
7  Damages is attached as Exhibit A.
8      2.   Pfizer was served with a Summons and copy of the Complaint on
9  May 15, 2006.
10      3.   Pfizer filed its Answer on June 12, 2006.
11      4.   Upon information and belief, Hertz was served with a Summons
12  and copy of the Complaint on May 15, 2006.
13      5.   On June 7, 2006, Hertz filed its Answer and a Cross-Complaint
14  against Barrett.
15      6.   Upon information and belief, defendant John Barrett has not been
16  served in this action.
17      7.   Under 28 U.S.C. § 1446(b), this removal is timely. This Notice of
18  Removal is being filed within 30 days of service of the Complaint upon Pfizer and
19  Hertz.
20      8.   As set forth *infra*, plaintiffs' claims against defendants Hertz and
21  Barrett are wholly unrelated to plaintiff Marilyn Lewis's claims against Pfizer. As
22  such, plaintiffs' claims against defendants Hertz and Barrett are misjoined in this
23  action and should be severed pursuant to Rule 21 of the Federal Rules of Civil
24  Procedure. Under Federal Rule of Civil Procedure 20, defendants may be joined in a
25  single action only "if there is asserted against them jointly, severally, or in the
26  alternative, any right to relief in respect of or arising out of the same transaction,
27
28

occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

9. The negligence claims against defendants Barrett and Hertz arise out of a completely separate transaction or occurrence from the products liability claims against Pfizer. Specifically, plaintiffs allege that on February 28, 2004, they were involved in an automobile accident with a vehicle driven by defendant Barrett and owned by defendant Hertz. As a result of the accident, plaintiffs allege they suffered injuries. Compl. ¶¶ 1-20.

10. In an unrelated claim, plaintiff Marilyn Lewis alleges that she was injured as a result of ingesting Neurontin, a drug she was allegedly prescribed for pain following the automobile accident. Plaintiff alleges that her injury from Neurontin manifested on or about March 16, 2004 – more than two weeks after the accident. Compl. ¶¶ 30-32.

11. The alleged claims against Barrett and Hertz do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as plaintiff Marilyn Lewis's claims against Pfizer; Pfizer is not jointly, severally, or alternatively liable for these claims; and these claims do not involve any common questions of law or fact with the claims against Pfizer. *See* Fed. R. Civ. P. 20. The strict liability, negligence and breach of warranty claims against Pfizer are based on alleged defects in the design, manufacture and warnings related to the prescription drug, Neurontin. Compl. ¶¶ 21-67. On the other hand, the negligence claims against Barrett and Hertz arise out of a two-vehicle automobile accident. Compl. ¶¶ 1-20. Accordingly, the claims against defendants Barrett and Hertz have been misjoined with the claims against Pfizer. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (finding misjoinder when plaintiffs' claims failed to arise out of or relate to the same transaction or occurrence and failed to present common questions of law or fact).

35995V1                                                                 NOTICE OF REMOVAL OF ACTION

12. Plaintiff Marilyn Lewis's claims against Pfizer derive from the alleged conduct of Pfizer in marketing the prescription drug Neurontin for so-called "off-label" uses, or uses not specifically approved by the United States Food and Drug Administration. Actions in a number of federal jurisdictions – all arising out of a common core of factual allegations relating to the marketing of Neurontin – have been filed against Pfizer. On October 26, 2004, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the cases consolidated and transferred to the District of Massachusetts as part of MDL No. 1629, *In re Neurontin Marketing and Sales Practices Litigation*. The JPML expanded the multidistrict litigation on April 19, 2005 to include personal injury cases brought by individual plaintiffs and renamed the matter, *In re Neurontin Marketing, Sales Practices and Product Liability Litigation*, MDL No. 1629. Because the claims asserted against Pfizer in this case are very similar to claims asserted in the other cases consolidated before the JPML, Pfizer intends to notify the JPML that this case is a potential "tag-along" action and it is expected that the JPML will issue an order transferring this case to the District of Massachusetts within a few weeks.

13. In light of the misjoinder of the claims against Barrett and Hertz, this Court should sever the claims against them pursuant to Federal Rule of Civil Procedure 21. Under that rule, misjoined "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. To promote judicial efficiency and economy and advance the objectives of the MDL, the claims against Pfizer should be consolidated with similar Neurontin claims in the Neurontin MDL proceeding in the District of Massachusetts, while the negligence claims arising out of the motor vehicle accident go forward separately in this Court.

## II. JURISDICTIONAL BASIS FOR REMOVAL

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441 because: (1) there is complete diversity of citizenship between plaintiffs and the defendants; (2) no defendant is a California citizen; and (3) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. Diversity of Citizenship Exists Between the Parties

15. Upon information and belief, plaintiffs Marilyn Lewis and Harry Lewis are, and at the time of the filing of this action were, citizens of the State of California. Compl. ¶ 1.

16. Defendant Pfizer is, and at the time of the filing of this action was, a corporation existing under the laws of the State of Delaware, having its headquarters in the State of New York.

17. Upon information and belief, defendant Hertz is, and at the time of the filing of this action was, a corporation existing under the laws of the State of Delaware, having its headquarters in the State of New Jersey.[1]

18. Upon information and belief, defendant Barrett is, and at the time of the filing of this action was, a citizen of the State of New York. Compl. ¶ 6.

19. The fictitious defendants named in the complaint as Does 1-300 are disregarded for purposes of assessing diversity of citizenship. *See* 28 U.S.C. § 1441(a).

---

[1] Plaintiffs allege that defendant The Hertz Corporation is a Delaware corporation with a principal place of business in California. *See* Compl. ¶ 7.

35995V1                                                                 NOTICE OF REMOVAL OF ACTION

20.     Pursuant to paragraphs 15-19 there is complete diversity among the parties.[2]

### B. The Amount In Controversy Requirement Is Satisfied

21.     Plaintiff Marilyn Lewis alleges that as a result of ingesting Neurontin she has sustained injuries to her "health, strength, activity, body, and mind," including "dermatologic, immune and allergic reactions," and that she is "permanently sick and disabled." Compl. ¶ 34. Further, plaintiff alleges that these injuries have caused her "anxiety and mental distress, fear, pain, suffering, apprehension, and other distress." *Id.* In addition, plaintiff claims loss of earnings and diminution of earning capacity, and medical, hospital, and health expenses. Compl. (Prayer).

22.     Given the foregoing, the face of the Complaint makes clear that plaintiff Marilyn Lewis seeks in excess of $75,000, exclusive of interest and costs. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

### III. OTHER PROCEDURAL MATTERS

23.     Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California, Western Division, is the appropriate court for filing a Notice of Removal from the Superior Court of the State of California, County of Los Angeles, West Judicial District. *See* 28 U.S.C. § 84(c)(2).

24.     The consent of Barrett and Hertz to this removal is not required because only properly joined parties need consent to removal. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996), *abrogated on other*

---

[2]  Though defendants Hertz and Barrett are diverse from plaintiffs, the citizenship of Hertz and Barrett is not considered because the claims against them have been misjoined with the claims against Pfizer. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 780-81 (S.D. Miss. 2003). *See also* 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3723, at 657 (3d ed. 1998) ("misjoined parties need not join [in the removal] and their presence is not considered").

1  grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 780-81 (S.D. Miss. 2003). *See also* 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3723, at 657 (3d ed. 1998) ("misjoined parties need not join [in the removal] and their presence is not considered"). In addition to not being a properly joined party, defendant Barrett has not been served. A party not served need not join in the removal. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

25. Pursuant to 28 U.S.C. § 1446(a), Pfizer has attached hereto copies of all process, pleadings, and orders served upon and by Pfizer. *See* Exhibit B.

26. Pursuant to 28 U.S.C. § 1446(d), Pfizer shall give plaintiffs written notice of the filing of this Notice of Removal, and Pfizer shall file the written notice of having filed this Notice of Removal with the clerk of the Superior Court of the State of California, County of Los Angeles, West Judicial District, attaching thereto a copy of this Notice of Removal.

WHEREFORE, Pfizer gives notice that the matter styled as *Marilyn Lewis, Harry Lewis v. John Barrett; The Hertz Corporation; Pfizer, Inc.; and Does 1-300, Inclusive*, Case No. SC088776, which was filed on or about February 27, 2006, in the Superior Court of the State of California, County of Los Angeles, West Judicial District, is removed to the United States District Court for the Central District of California, Western Division.

Dated: June 14, 2006

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _____
Darolyn Y. Hamada
Attorneys for Defendant
Pfizer Inc.

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

On June 14, 2006, I served on the interested parties in said action the within:

## NOTICE OF REMOVAL

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

☒ **(MAIL)** I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(FAX)** I caused such document(s) to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission, a copy of which is attached to the original of this declaration.

☐ **(HAND DELIVERY)** By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered by hand to the addressee(s) designated.

☐ **(ELECTRONIC FILING)** I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Eastern District of California.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 14, 2006, at Irvine, California.

_____    _____
(Rose Featherstone)                            (Signature)

-1-

Proof of Service

## SERVICE LIST

Michael A.K. Dan
Douglas A. Rothschild
Michael A. K. Dan, A Professional Corp.
1990 S. Bundy Drive, Suite 540
Los Angeles, CA 90025

Tel: (310) 979-0325
Fax: (310) 979-7329
**Attorneys for Plaintiffs**

Daniel Lalafarian, Esq.
MESSINA, LALAFARIAN, MENDEL & RYAN
550 N. Brand Blvd., Suite 1670
Glendale, CA 91203

Tel: (818) 242-5250
Fax: (818) 242-4828
**Attorneys for Defendant,
The Hertz Corporation**

Michael W. Weinstock
LAW OFFICE OF MICHAEL W. WEINSTOCK
9107 Wilshire Blvd., Suite 275
Beverly Hills, CA 90210

Tel: (310) 275-1212
Fax: (310) 275-6776
**Attorneys for Plaintiffs
Marilyn Lewis, Harry Lewis**

-2-