UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
IN RE NEURONTIN MARKETING, SALES    )
PRACTICES, AND PRODUCTS LIABILITY   )
LITIGATION                          )   MDL Docket No. 1629
_____)   Master File No. 04-10981
                                    )
THIS ORDER RELATES TO:              )   Judge Patti B. Saris
                                    )   Mag. Judge Leo T. Sorokin
ALL ACTIONS                         )
_____)

Discovery Order No. 6

November 30, 2006

SOROKIN, M.J.

The Court hereby makes the following rulings and orders on the matters before the Court at the November 14, 2006 Motion Hearing.

The Joint Motion for Entry of Case Management Order No. 4 Governing Products Liability Actions (Docket #521) is ALLOWED.

The Defendants' Motion for Relief Under Rule 37(d) (Docket #538) has been withdrawn (Docket #547).

The Scheduling Orders governing both the Products Liability and Sales and Marketing Actions are hereby amended as follows. Fact discovery shall close in both the Sales and Marketing and Products Liability Actions on **June 30, 2007**. This date will facilitate the coordination of the discovery between both the New York state actions and the actions in this Court as well as the Products Liability and Sales and Marketing litigation. The expert discovery and summary judgment deadlines in the Sales and Marketing litigation shall remain unchanged. The parties shall confer and propose, individually or jointly, deadlines prior to this end date for

the responses to the outstanding paper discovery such that sufficient time thereafter is left for the deposition of witnesses. The parties may include other subsidiary dates that they deem appropriate. The proposal(s) are due **December 8, 2006**. In addition, the proposals shall propose adjustments to the deadlines governing experts and summary judgment, for the Products Liability actions, in light of the revised fact discovery date. The parties should attempt to coordinate the foregoing dates with the similar deadlines in the New York cases.

All parties have had ample time to serve interrogatories and requests for the production of documents in the course of the litigation to date. Accordingly, during the remaining discovery period, the parties shall not serve additional interrogatories or requests for the production of documents (excluding the template discovery in the products liability actions) absent a motion supported by good cause. Any discovery requests made in Products Liability Actions prior to their transfer to this District are subject to the discovery procedures and rules as set forth by the Court. Plaintiffs must identify any such requests on or before **December 5, 2006**.

The foregoing procedures and deadlines will facilitate the efficient and fair resolution of the pending matters. They will also minimize the inherent difficulties that arise from numerous cases pending in two jurisdictions involving common issues.

Regarding the Products Liability Actions, the deadline for production of template discovery in any action pending before this Court as of November 30, 2006 shall be **January 15, 2007**. For all matters transferred to this Court after November 30, 2006, production must be completed within sixty days of the transfer date.

Products Liability Plaintiffs' Motion to Compel (Docket #522) is DENIED AS MOOT in light of the above rulings except as noted below. The parties shall conclude the meet and confers regarding the matters set forth in the Court's Discovery Order No. 4 no later than **December 8,**

**2006.** In light of Plaintiffs' showing, some Pregabalin documents, but certainly not every Pregabalin document, appear relevant. The parties' submissions, which addressed the topic generally, do not provide a sufficient basis upon which the Court can render a more specific ruling at this time. The parties shall meet and confer regarding the scope of Plaintiffs' request by **December 15, 2006.** If the parties do not reach agreement as to all items, they shall present the specific disputes to the Court at the January Discovery Hearing by briefing the issues according to the briefing schedule the Court will set when establishing the date of the January hearing. The parties shall consider this discovery in the course of making their proposals to the Court regarding the subsidiary discovery dates.

On December 12, 2006 at 10:00 a.m., the Court will hold oral argument regarding defendant Hall's requests to remand to California State Court the case in which he is a defendant. The Clerk shall issue separate notice of this Motion Hearing to all counsel in the Hall action. The monthly Discovery Hearing will proceed as scheduled on December 12, 2006 at 2:00 p.m. unless the parties request otherwise. The Products Liability Plaintiffs and Defendants shall propose in advance of the December 12th hearing joint or separate proposals regarding the handling of case specific discovery in the individual products liability actions as well as the disposition of the cases after summary judgment. These proposals are due by **December 8, 2006**.

SO ORDERED.
/s/ Leo T. Sorokin
_____
United States Magistrate Judge