UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :  MDL Docket No. 1629
                                   :
In re:  NEURONTIN MARKETING,         :
        SALES PRACTICES AND        :  Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  Judge Patti B. Saris
                                   :
THIS DOCUMENT RELATES TO:       :  Magistrate Judge Leo T.
                                   :  Sorokin
        PRODUCTS LIABILITY ACTIONS   :
                                   :
                                   :
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' RESPONSE TO PRODUCTS LIABILITY PLAINTIFFS' PROPOSED SCHEDULE IN THE PRODUCTS LIABILITY ACTIONS

Defendants Pfizer Inc., Parke-Davis, a division of and Warner-Lambert Company,

Warner-Lambert Company, and Warner-Lambert Company LLC (collectively

"defendants") respectfully submit this proposed schedule in the product liability actions.

## SCHEDULE

Defendants propose a schedule that will assist in streamlining the pretrial

proceedings in this litigation.  This schedule will also aid coordination among Neurontin-

related product liability actions pending both in the MDL Court and in New York State

Court.  Defendants' proposal provides:

**December 29, 2006**:  Deadline for all plaintiffs to correct deficiencies with respect to template discovery and to provide complete and proper medical and other authorizations

**December 29, 2006:**  Deadline for service of written discovery by plaintiffs

**April 30, 2007:**       Deadline for defendants to produce documents, answer
                          interrogatories, and respond to other written discovery

**May 1-**
**June 30, 2007:**        Depositions of defendants

**June 30, 2007:**        Deadline for plaintiffs to complete all fact discovery

**August 15, 2007:**      Last date for depositions of plaintiff, plaintiff's/decedent's
                          spouse and plaintiff's prescribing physician(s) in no more
                          than 40 suicide-related cases that were filed as of October
                          27, 2006 and in which plaintiffs provided medical
                          authorizations and template discovery as of October 27,
                          2006 and to the extent plaintiffs corrected deficiencies in
                          their template discovery responses and provided complete
                          and proper medical and other authorizations by December
                          29, 2006

**August 20, 2007:**      Plaintiffs' expert report(s) regarding general causation due

**September 20, 2007:**   Deadline for plaintiffs to produce plaintiffs' expert(s) for
                          deposition(s) and completion of such deposition(s)

**September 29, 2007:**   Defendants' expert report(s) regarding general causation
                          due

**October 27, 2007:**     Deadline for defendants to produce defendants' expert(s)
                          for deposition(s) and completion of such deposition(s)

**November 30, 2007**:    Motions for summary judgment on general causation and
                          <u>Daubert</u> motions due

**December 21, 2007**:    Briefs in opposition to motions due

**January 15, 2008**:     Reply briefs in support of motions due

**TBD**:                  Hearing on summary judgment motions

**A.      Defendants' Proposed Schedule Allows Coordination With New York
          State Court**

Defendants' proposed schedule provides deadlines that are in keeping with those

adopted on November 28, 2006 by Justice Marcy S. Friedman, of New York State

Supreme Court.  During a conference before Justice Friedman, she ordered plaintiffs to produce Fact Sheet discovery (similar to template discovery here) and medical and other authorizations by December 31, 2006, with extensions only for good cause shown and a representation as to adequate due diligence and best efforts.  Justice Friedman also ordered an end to fact discovery of defendants and defendants' discovery of approximately 20 "Track One" plaintiffs (limited to certain key depositions in those cases) on June 30, 2007, with extensions for good cause shown and a representation as to adequate due diligence and best efforts.  In addition, Justice Friedman ordered that any summary judgment motion be fully briefed by January 15, 2008.

Defendants' proposal here differs from the New York State Court in three principal respects.  First, it provides certain interim deadlines that Justice Friedman considered better handled by the MDL Court because it is this Court in which the parties anticipate litigating discovery disputes.[1]  Second, defendants propose an August 15, 2007 deadline for certain discovery of plaintiffs, as opposed to the June 30, 2007 deadline for certain discovery in the New York cases.  Third, defendants propose to conduct a minimum of three depositions for no more than 40 plaintiffs who provided template discovery and medical and other authorizations as of October 27, 2006, as opposed to the 20 plaintiffs to be selected in the New York cases.  In both proceedings, the depositions required to be completed by the deadline will be of the plaintiff, plaintiff's/decedent's spouse, and the prescribing physician.  In order to complete the 60 or so depositions in the New York cases and the 120 more in these actions, defendants request an additional

---

[1] The exception to this will be issues that arise that are specific to the plaintiffs in the New York actions.

45 days (beyond the June 30, 2007 discovery end-date ordered in the New York action) in order to complete these depositions.

Regardless of the schedule this Court ultimately adopts, defendants request that several points be made clear in any Order entered by this Court. First, the deadlines for defendants to conduct fact discovery of plaintiffs will apply to a substantial number of plaintiffs, but less than all of the plaintiffs whose cases are before this Court. It is critical that a balance be struck between, on the one hand, the need for some plaintiff-specific discovery in order to aid the Court in its consideration of summary judgment motions directed to general causation and, on the other hand, the practical reality that it would be impossible for defendants to complete all fact discovery that they need of plaintiffs and third parties in all cases by even the end of next year. Second, no matter the number of cases in which plaintiff-specific discovery is conducted, defendants should not be required to complete all discovery in the reduced number of cases proposed by defendants. It is not necessary to complete all of the third-party discovery in such cases, which would be extraordinarily time consuming, because such discovery is not as critical to the resolution of summary judgment and Daubert motions contemplated by the schedule. Third, defendants should not be restricted from taking additional discovery in any or all of the product liability cases before this Court. To the extent more progress can be made in terms of plaintiff-specific discovery, there is no reason to restrict defendants from taking such discovery and the schedule should explicitly permit defendants to do so.

### B.     Plaintiffs' Proposed Schedule is Not Practical

In contrast to defendants' proposal, plaintiffs' proposed schedule submitted on November 20, 2006 is not practical. Plaintiffs insist on an accelerated timetable for the

4

production of specific categories of documents and databases even as they continue to issue new document requests that threaten to increase exponentially the volume of discovery and to place undue burdens on defendants. The problems with plaintiffs' proposed schedule is compounded by the inclusion in it of incorrect assumptions as to the scope of discovery in these cases.

      1.      **Plaintiffs' Proposed Schedule Provides for Production of Documents Defendants Are Not Required to Produce**

Plaintiffs' proposed schedule assumes a breadth of discovery that does not comport with prior agreements between the parties or orders of the Court. First, plaintiffs propose that documents pertaining to the medication pregabalin be produced by January 14, 2007. See Products Liability Plaintiffs' Proposed Schedule in the Products Liability Actions (hereinafter "Pls. Proposed Schedule") at 3. But the Court has not ruled whether defendants will be required to produce any documents related to pregabalin, a medication that is nowhere mentioned in plaintiffs' complaints. Plaintiffs first requested pregabalin documents on September 11, 2006 and made these documents the subject of a motion to compel filed on October 31, 2006.

In addition, plaintiffs' proposal ignores the immense burden of producing pregabalin documents. Plaintiffs' proposal states that defendants must produce the pregabalin New Drug Application "as well as those documents and data reflecting psychiatric (or psychobiological adverse events)." Pls. Proposed Schedule at 3. Plaintiffs' demand for "documents and data reflecting psychiatric (or psychobiological adverse events)" encompasses a number of their individual requests related to pregabalin. Production of these documents would entail substantial expense, time and effort,

5

constituting an undue burden on defendants.  It should also be noted that production of

pregabalin documents would necessitate an extension of the discovery deadlines.

(The parties have been discussing a possible compromise regarding a limited

production of documents pertaining to pregabalin.  A resolution of this issue would moot

that portion of plaintiffs' motion to compel relating to pregabalin, and defendants will

report the results of these discussions to the Court by 2 p.m. Friday December 1, 2006.)

Second, plaintiffs propose that defendants produce custodial files for

approximately 70 individuals by December 31, 2006.  See Pls. Proposed Schedule at 2.

This has nowhere been agreed to by the parties nor ordered by the Court.  Plaintiffs do

not bother to establish any basis for demanding the production of these individuals'

documents other than noting that their names appear on a now-outdated Rule 26

disclosure.  As defendants have informed plaintiffs' counsel, defendants are in the

process of revising the Rule 26 disclosure which was prepared at a much earlier point in

time in New York federal court.  Moreover, as with plaintiffs' requests for pregabalin

documents, the production of custodial files for 70 or more individuals poses a

tremendous burden on defendants, who have reviewed and are producing the custodial

files for more than 30 employees at a substantial cost of time and money.  Production of

such a volume of custodial files will render the proposed discovery cut-off unreasonable

and impractical.  Defendants believe that the production of relevant documents from the

members of the Neurontin national marketing team (and from a few additional

individuals whom the parties have discussed) will complete the production from so-called custodians.[2]

### 2.     Plaintiffs Wrongly Impose Obligations on Defendants

Plaintiffs' proposal seeks to impose on defendants responsibility for notifying plaintiffs when tag-along cases are finally transferred to the MDL and for then providing plaintiffs with template discovery.  See Pls. Proposed Schedule at 4.  Aside from the fact that there is no formal notification from the Court as to the date of final transfer, all parties are notified by the Judicial Panel on Multidistrict Litigation of conditional transfer and are given the opportunity to oppose such transfer.  And once transferred, plaintiffs' liaison committee is required to contact plaintiffs' counsel in newly filed cases in order to provide them with the case management order in the MDL.  Plaintiffs' liaison counsel should obviously be required to notify defendants of newly filed actions and to request discovery by a date certain.

Plaintiffs' proposal also ignores the fact that plaintiffs frequently notice their own cases as potential tag-alongs to the MDL.  Plaintiffs offer no reason for imposing on defendants the obligation of notifying plaintiffs that their actions have been transferred to the MDL when plaintiffs themselves seek transfer in the first place.  Indeed, the unreasonableness of plaintiffs' proposal is evident when plaintiffs file cases in federal court and then tag those cases to the MDL without even serving defendants, as happened

---

[2] Plaintiffs propose production of custodial files by December 31, 2006 and also by January 14, 2006.  Either date, however, is unreasonable.  Defendants will complete the production of relevant documents from the members of the national marketing team on or before April 15, 2007.

recently in a case brought by counsel who is himself a member of the products liability

plaintiffs steering committee.[3]

### 3.    Additional Problems With Plaintiffs' Proposed Schedule

Plaintiffs' proposal glosses over defendants' commitment to produce documents

on a reasonable timetable.  On October 24, 2006, defendants informed plaintiffs' counsel

in writing as to defendants' position with respect to each item contained in plaintiffs'

prioritized list of discovery demands.  In that letter, defendants offered to produce the

BETSY and CMMS databases on January 15, 2007.  (Plaintiffs' proposed schedule

suggests, without explanation, that this production should be completed by December 31,

2006.)  At the same time, plaintiffs include in their proposal production dates for

documents that defendants' have already produced.  For example, plaintiffs propose that

defendants produce documents from Cline Davis & Mann and Sudler & Hennessy (third

party vendors) by November 28, 2006.  These documents were produced one month ago.

In addition, plaintiffs suggest that defendants' profit and loss statements be produced by

January 14, 2007, but defendants produced those documents on November 21, 2006.

So as not to burden the Court with extensive briefing, defendants have attached a

chart responding point by point to plaintiffs' requested deadline for the production of

specific categories of documents.  Rather than adopt the dates proposed by plaintiffs,

defendants request that the Court set a deadline for all document production by

defendants and require the parties to continue to meet and confer regarding priority items

so that document discovery can be completed in an orderly fashion by April 30, 2007, as

---

[3] Jeffrey Farris, et al. v. Pfizer Inc., et al., D. Minn., C.A. No. 0:06-3975.

8

defendants' schedule proposes.  Defendants' ability to meet that deadline is directly

dependent upon reasonable limitations being placed on the scope of discovery in these

actions.  Defendants reserve all of their rights to seek to extend that schedule as

necessary.

## CONCLUSION

For the reasons set forth above, defendants respectfully request the Court to enter

their proposed schedule.


Dated:  November 30, 2006

DAVIS POLK & WARDWELL


By:   /s/ James P. Rouhandeh
        James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

HARE & CHAFFIN


By:   /s/ David B. Chaffin
        David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on November 6, 2006.

/s/David B. Chaffin_____