UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND ) <br> SALES PRACTICES LITIGATION ) <br> _____ ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> ALL ACTIONS ) <br> _____ ) | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris <br><br> Magistrate Leo T. Sorokin |

**DECLARATION OF JEFF S. GIBSON
IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS FROM NON-PARTIES SUDLER & HENNESSEY, CLINE DAVIS
& MANN, FERGUSON, ADELPHI, INC., CURRENT MEDICAL DIRECTIONS,
INC., FALLON MEDICA, AND THE IMPACT GROUP**

The undersigned declarant, Jeff S. Gibson, who deposes and states as follows:

1. I am an associate at the Indianapolis law firm of Cohen & Malad, LLP, and am an attorney for the Plaintiffs in this action, including Plaintiff and proposed class representative Gerald Smith ("Smith").

2. I have personal knowledge regarding the matters stated below and would testify to the same.

3. On May 10, 2005, I issued a subpoena in the above-entitled litigation on behalf of the Consumer Class Plaintiffs pursuant to Rule 45 of the Federal Rules of Civil Procedure to Sudler & Hennessey, Cline Davis & Mann, Inc., and Ferguson (a division of Common Health). The Subpoenas seek documents during the time period from January 1, 1994 to the present. True and accurate copies of the subpoenas are attached as Exhibits A, B, and C respectively.

4.  On June 15, 2005, Sudler & Hennessey, Cline Davis & Mann, and Ferguson responded to the above referenced Subpoenas in three identical letters from their counsel, Davis & Gilbert, LLP, which raised objections to the Subpoenas. [hereinafter referred to as the "First Objections"]. True and accurate copies of the First Objections are attached hereto as Exhibits D, E, and F respectively.

5.  In the First Objections, Sudler & Hennessey, Cline Davis & Mann, and Ferguson only agreed to produce documents through December 31, 1998.

6.  After receiving the objections, I contacted counsel for Sudler & Hennessey, Cline Davis & Mann, and Ferguson, Scott Walker on July 5, 2005 to discuss the appropriateness of the time limitation. During the conversation, Mr. Walker represented that the objection as to the time frame was based upon pending motions in which the Defendants in the above entitled matter were seeking an order from the Court limiting the scope of their discovery responses up to 1998. Mr. Walker further represented that Sudler & Hennessey, Cline Davis & Mann, and Ferguson was prepared to gather documentation up to 1998; however, Sudler & Hennessey, Cline Davis & Mann, and Ferguson would not produce the documents because Sudler & Hennessey, Cline Davis & Mann, and Ferguson would incur burdensome costs as a result of being required to retrieve documentation for a second time.

7.  On July 18, 2005, I sent a letter to Mr. Walker to further discuss the time limitation. The letter states that any alleged additional costs would be caused not by the Plaintiffs in this matter, but rather Sudler & Hennessey, Cline Davis & Mann, and Ferguson's failure to fully comply with the Subpoena. A true and accurate copy of the July 18, 2005 correspondence is attached hereto as Exhibit G.

8. The non-parties reiterated their position in a July 22, 2005 letter with respect to their claim of undue burden in refusing to produce documents responsive to the subpoena. A true and accurate copy of the July 22, 2005 correspondence is attached hereto as Exhibit H

9. On September 6, 2005, I sent a second letter outlining the flaws in the non-parties' position. I again stated that the any alleged burden was created by the non-parties refusal to fully comply with the subpoena. A true and accurate copy of the September 6, 2005 correspondence is attached hereto as Exhibit I

10. On September 8, 2006, I issued a subpoena in the above-entitled litigation pursuant to Rule 45 of the Federal Rules of Civil Procedure to Adelphi, Inc, Current Medical Directions, Inc, Fallon Medica, and The Impact Group. The Subpoenas seek documents during the time period from January 1, 1994 to the present. True and accurate copies of the subpoenas are attached as Exhibits J, K, L, and M.

11. On September 22, 2006, Adelphi, Inc, Current Medical Directions, Inc, Fallon Medica, and The Impact Group responded to the above referenced Subpoenas in four identical letters from their counsel, Davis & Gilbert, LLP, which raised objections to the Subpoenas. [hereinafter referred to as the "Second Objections"]. True and accurate copies of the Second Objections are attached as Exhibits N, O, P, and Q.

12. In the Second Objections, Adelphi, Inc, Current Medical Directions, Inc, Fallon Medica, and The Impact Group stated that they were "not currently inclined" to produce documents because they did not believe the time limitation for discovery was fully established. Adelphi, Inc, Current Medical Directions, Inc, Fallon Medica, and The Impact Group stated that they would not produce the documents until the time limitation

3

was completely resolved because they would incur burdensome costs as a result of being required to retrieve documentation for a second time.

13. On September 7, 2006, I sent a letter to Mr. Walker requesting the immediate production of all relevant documentation in light of the Court's July 18, 2006 Order which established a time limitation of discovery up to an including May 31, 2001 A true and accurate copy of the September 7, 2006 letter is attached hereto as Exhibit R.

14. On September 12, 2006, Mr. Walker sent a letter stating that Sudler & Hennessey, Cline Davis & Mann, and Ferguson would not produce documents within the new discovery scope of May 31, 2001 if Plaintiffs intended to file an Amended Complaint that would alter the scope of the discovery time limitation. Mr. Walker again stated that his client would incur burdensome costs as a result of being required to retrieve documentation for a second time if the time limitation of discovery was altered. A true and accurate copy of the September 12, 2006 correspondence is attached hereto as Exhibit S.

15. On November 3, 2006, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint. Specifically, Plaintiffs included allegations of Defendants' continuation of their deceptive off-label marketing through December 2004. The allegations of the continuing deception included allegations of dozens of marketing events relating to off-label uses held around the country as well as publication of numerous journal articles touting off-label uses. The Motion to Amend is currently pending before this Court.

16. On November 21, 2006, I contacted Mr. Walker to discuss document production and time limitation. I offered to limit the scope of production to January 1,

4

1994 to December 31, 2004 in light of the additional allegations. Mr. Walker again refused to produce documents based on the possibility that the Defendants could contest the new date of production set forth in the Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in Indianapolis, Indiana on November 29, 2006.

/s/ Jeff S. Gibson
Jeff S. Gibson

COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593
rshevitz@cohenandmalad.com