# EXHIBIT E

**DAVIS & GILBERT LLP**

1740 BROADWAY

NEW YORK, NEW YORK 10019

(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4975
EMAIL ADDRESS
swalker@dglaw.com

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
212-974-6941

June 15, 2005

**BY FACSIMILE AND UPS**

Jeff S. Gibson, Esq.
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
317-636-6481

> Re:   Subpoena issued to Cline Davis & Mann, Inc. in connection with *In re Neurontin Marketing & Sales Practices Litigation*, MDL Docket No. 04-MDL-1629, Master File No. 04-10981 (D. Mass)

Dear Mr. Gibson:

We write as counsel for Cline Davis & Mann, Inc. ("Cline") regarding the above referenced subpoena (the "Subpoena") to register Cline's objections to the Subpoena.

Cline submits the following objections to the Subpoena:

**Objections to Definitions & Instructions**

1.     Cline objects to the definitions and instructions to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

2.     Cline objects to the definition of "Cline Davis" to the extent that it defines the term to include "any predecessor or successor in interest, division, office, subsidiary, and affiliate thereof, or any present or former director, officer, partner, executive, trustee, employee, agent, attorney, representative, and any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad, unduly burdensome, includes entities over which Cline had no control or relationship during the relevant time period, and attempts to impose obligations beyond those imposed by the Federal Rules of Civil Procedure. Cline further objects to the inclusion in that definition of "any other Person ... purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

DAVIS & GILBERT LLP

Page 2

3.    Cline objects to the definition of "Event" to the extent that it defines the term to include "any conference, symposium, seminar, dinner meeting, dinner meal, advisory board meeting consultant meeting, speaker bureau, speaker event, speaker training, CME, conference call, teleconference, trip, vacation, or weekend getaway attended by physicians" on the grounds that such a definition is overly broad, vague, and ambiguous.

4.    Cline objects to the definition of "Neurontin" to the extent that it is defined to include "all uses or indications thereof," on the grounds that such a definition is overly broad.

5.    Cline objects to the definition of the term "Parke-Davis" to the extent that it is defined to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, and any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules. Cline further objects to the inclusion in that definition of "any other Person ... purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

6.    Cline objects to the definition of the term "Pfizer" to the extent that it is defined to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, and any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules. Cline further objects to the inclusion in that definition of "any other Person ... purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

7.    Cline objects to the definition of the term "Warner-Lambert" to the extent that it is defined to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, and any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules. Cline further objects to the inclusion in that definition of "any other Person ... purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

### General Objections

1.    Cline objects to the Requests on the grounds that, by serving 28 individual requests, Plaintiffs intend to harass and impose undue burdens on Cline. Most of the requests are overly broad and would impose extraordinary burden on Cline if they were to respond to the requests as written. In addition, the majority of the 28 Requests overlap with and are duplicative of many of the other requests.

DAVIS & GILBERT LLP

Page 3

2.    Cline objects to the Requests to the extent they call for the production of documents protected from disclosure by various privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity. To the extent that such documents are inadvertently produced in response to the document requests, the production of such documents shall not constitute a waiver of Cline's right to assert the applicability of any privilege or immunity to the documents, and any such document will be subject to return on demand.

3.    Cline objects to the Requests to the extent they seek "all" documents that relate to the information sought in the particular request, on the grounds that such requests fail to describe the documents with reasonable particularity and are overly broad and burdensome.

4.    Cline objects to the Requests to the extent that they call for documents that are not within Cline's possession, custody or control, or are more appropriately sought from parties to the litigation, other third parties, or are publicly available. Cline objects to the Requests to the extent they seek documents that are already in Plaintiffs' possession, custody, or control, or are equally available to Plaintiffs.

5.    Cline objects to the document requests to the extent they call for the production of proprietary, commercially sensitive, or other confidential documents, the probative value of which is outweighed by Cline's interest in preserving their confidentiality. Cline will require the execution of an appropriate confidentiality order prior to production of any responsive, non-objectionable, non-privileged documents.

6.    Cline objects to the Requests to the extent that they seek to impose discovery obligations on broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure or any other applicable rules.

7.    Any use of the Definitions contained in the Request or the individual requests by Cline for the purposes of responding to the Request does not constitute a waiver of any objection.

8.    Any statement by Cline to the effect that it will produce documents responsive to any individual request should not be construed to mean that any responsive documents exist. Cline does not concede that any of the information provided in response to these Requests is relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence. Cline reserves the right to object to the admissibility at trial of any of the information provided in response to these Requests.

9.    Cline objects to the document requests to the extent they call for the production of documents which are neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

DAVIS & GILBERT LLP

Page 4

10.     Cline objects to the Requests to the extent they seek documents regarding products other than Neurontin. As such, the Requests are overly broad, unduly burdensome and seek documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Cline will only produce documents or information regarding Neurontin.

11.     Cline objects to the Requests to the extent that they seek documents from a time period that is overly broad.

12.     Cline objects to the Requests to the extent that they are vague, ambiguous, and/or incomprehensible, requiring Cline to engage in conjecture as to their meaning.

13.     All General Objections apply to each individual Request without reiteration in the response thereto. Reference to a General Objection in a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any Request.

14.     In providing these responses, Cline specifically do not intend to stipulate to the admissibility of any statement or subject matter contained or referred to in any request or response. Rather, Cline expressly reserves and does not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.

Without assuming any obligation to do so, and without waiving the objections asserted herein, Cline reserves the right to amend and/or supplement these objections as and when additional facts are discovered or ascertained. The following responses are based upon the information and documents which Cline has identified as of the date hereof through the exercise of reasonable diligence, and does not preclude Cline from later relying upon facts or documents discovered or generated pursuant to further investigation or discovery which may be conducted subsequent to the date of these responses. Furthermore, Cline's objections to the Subpoena do not necessarily reflect the existence of requested documents, things or testimony.

DAVIS & GILBERT LLP

Page 5

## Specific Objections

### Request 1

A copy of all documents that were produced either directly or indirectly to the United States Attorneys Office in Boston, MA and which are referred to in the Letter from Eric T. Gordon to Sara Bloom dated April 17, 2003 and again in the Letter from Eric T. Gordon to Sara Bloom dated June 4, 2003. See Exhibit 1, attached hereto.

### Response to Request 1

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents protected by the attorney-client privilege and attorney work-product protection, containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

### Request 2

To the extent not requested in Request No. 1, a copy of all documents produced to any party in connection with Neurontin Litigation.

### Response to Request 2

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents protected by the attorney-client privilege and attorney work-product protection, containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

DAVIS & GILBERT LLP

Page 6

### Request 3

Each engagement letter, letter agreement, memorandum of understanding, letter of intent, or contract, whether executed or otherwise, including any proposal, draft or addendum thereof, which creates, modifies, refers to, describes, or terminates the rights, duties, or services to be performed between Cline Davis on one hand and either Warner-Lambert or Pfizer, on the other hand, concerning Cline Davis's furnishing of goods or services in connection with marketing, advertising, promotion, medical education, employee training, physician communication, direct mail, speakers bureau/speakers training, consulting, advisory boards, dissemination of information, strategic services, or management services relating to Neurontin.

### Response to Request 3

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist.

### Request 4

Documents sufficient to show each payment to Cline Davis from Pfizer or Warner-Lambert concerning, whether in whole or in part, Cline Davis's furnishing of goods or services in connection with marketing, advertising, promotion, medical education, employee training, physician communication, direct mail, speakers bureau/speakers training, consulting, advisory boards, dissemination of information, strategic services, or management services relating to Neurontin.

### Response to Request 4

Cline further objects to this request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

DAVIS & GILBERT LLP

Page 7

**Request 5**

Copies of each invoice submitted by Cline Davis to Warner-Lambert or Pfizer concerning Cline Davis's furnishing of goods or services in connection with marketing, advertising, promotion, medical education, employee training, physician communication, direct mail, speakers bureau/speakers training, consulting, advisory boards, dissemination of information, strategic services, or management services relating to Neurontin.

**Response to Request 5**

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

**Request 6**

Copies of each budget estimate, proposal or grant request submitted by Cline Davis to Warner-Lambert or Pfizer concerning Cline Davis's furnishing of goods or services in connection with marketing, advertising, promotion, medical education, employee training, physician communication, direct mail, speakers bureau/speakers training, consulting, advisory boards, dissemination of information, strategic services, or management services relating to Neurontin.

**Response to Request 6**

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

DAVIS & GILBERT LLP

Page 8

**Request 7**

Documents sufficient to show each payment made by Cline Davis to any Person on behalf of, at the direction of, for, or for the benefit of Pfizer or Warner-Lambert concerning Cline Davis's furnishing of goods or services in connection with marketing, advertising, promotion, medical education, employee training, physician communication, direct mail, speakers bureau/speakers training, consulting, advisory boards, dissemination of information, strategic services, or management services relating to Neurontin.

**Response to Request 7**

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

**Request 8**

All correspondence or communications between Cline Davis and any Person concerning Cline Davis's furnishing of goods or services in connection with marketing, advertising, promotion, medical education, employee training, physician communication, direct mail, speakers bureau/speakers training, consulting, advisory boards, dissemination of information, strategic services, or management services relating to Neurontin.

**Response to Request 8**

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents protected by the attorney-client privilege and attorney work-product protection, documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

DAVIS & GILBERT LLP

Page 9

**Request 9**

Documents sufficient to show each Event, which was coordinated, prepared, managed, arranged, coordinated, sponsored, or hosted by Cline Davis, where Neurontin was discussed.

**Response to Request 9**

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

**Request 10**

Documents sufficient to show each non-CME Event, which was coordinated, prepared managed, arranged, coordinated, sponsored, or hosted by Cline Davis, where Neurontin was discussed.

**Response to Request 10**

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

DAVIS & GILBERT LLP

Page 10

### Request 11

Documents to show each CME, which was coordinated, prepared, managed, arranged, coordinated, sponsored, or hosted by Cline Davis and which was sponsored in whole or in part by Pfizer or Warner-Lambert, where Neurontin or AED's were discussed.

### Response to Request 11

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

### Request 12

All documents that discuss Neurontin's use, efficacy or mechanism of action for any indication, which were drafted, edited, written or prepared by Cline Davis or any technical or medical writers working for or retained by Cline Davis or any technical or medical writers working for or retained by Cline Davis, including but not limited to journal articles, letters to the editors, manuscripts, abstracts, syllabi, presentation slides, workbooks, telephone or teleconference scripts, monographs, or posters.

### Response to Request 12

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

DAVIS & GILBERT LLP

Page 11

## Request 13

All documents that discuss, summarize, track, monitor, record, or reflect actual or estimated amount, number or volume Neurontin prescriptions written by physicians.

## Response to Request 13

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

## Request 14

All documents received from Pfizer or Warner-Lambert relative to or concerning Neurontin's use, efficacy or mechanism of action.

## Response to Request 14

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

## Request 15

All documents received from Pfizer or Warner-Lambert relative to or concerning Neurontin or the marketing, advertising, promotion, medical education, or dissemination of information relating to Neurontin.

DAVIS & GILBERT LLP

Page 12

### Response to Request 15

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

### Request 16

All documents that describe, reflect, or refer to the labeling of Neurontin, or any stated, suggested, intended, off-label, emerging or investigational use thereof.

### Response to Request 16

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

### Request 17

Copes of all videotapes, audiotapes, transcripts, discussion notes, invitations, brochures, agendas, speaker lists, attendee lists, physician, completed attendee or participant feedback forms, completed attendee evaluation forms, and consultant agreements, for each Event, funded in whole or in part by Pfizer or Warner-Lambert, were [sic] Neurontin was discussed

DAVIS & GILBERT LLP

Page 13

## Response to Request 17

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

## Request 18

For each Event funded or sponsored, whether in whole or in part, by Pfizer or Warner-Lambert where Neurontin or other AEDS were discussed, all documents concerning or discussing faculty recruitment, speaker selection, speaker identification, speaker interest, or speaker availability for the Event.

## Response to Request 18

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

## Request 19

For each Event funded or sponsored, whether in whole or in part, by Pfizer or Warner-Lambert where Neurontin or other AEDS were discussed, all documents concerning or describing the planning, scheduling, logistical planning, organization, preparation, critique, or review of the Event.

DAVIS & GILBERT LLP

Page 14

## Response to Request 19

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

## Request 20

All documents concerning studies, investigations, retrospective reviews, preceptorships, clinical trials, papers, manuscripts, articles, abstracts or letters to the editor, whether published or unpublished, relating to Neurontin.

## Response to Request 20

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

## Request 21

All documents that reference, or were received, collected, or prepared in connection with Neurontin Litigation.

## Response to Request 21

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents protected by the attorney-client privilege

DAVIS & GILBERT LLP

Page 15

and attorney work-product protection, containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 22

All documents that reference, or were received, collected, or prepared in connection with, an audit or investigation into the actions of Pfizer and/or Warner-Lambert relating to the marketing of Neurontin, including but not limited to investigations by any government entity, whether state or federal, investigations by Pfizer and/or Warner-Lambert, or investigations by any other person or entity.

## Response to Request 22

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents protected by the attorney-client privilege and attorney work-product protection, containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

## Request 23

All document-retention and electronic file retention policies.

## Response to Request 23

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist.

DAVIS & GILBERT LLP

Page 16

## Request 24

Documents sufficient to show the identity of all Cline Davis account group supervisors, account managers, account executives and other employees who worked on the Neurontin account or in connection with each Event funded or sponsored, whether in whole or in part, by Pfizer or Warner-Lambert, where Neurontin was discussed.

## Response to Request 24

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

## Request 25

Documents sufficient to show the identity of all Cline Davis account group supervisors, account managers, account executives and other employees who were members of the Neurontin Extended Disease Team, Epilepsy Disease Team, or Extended Neurontin Disease Team, or who were regularly copies on internal Warner-Lambert or Pfizer communications.

## Response to Request 25

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

DAVIS & GILBERT LLP

Page 17

**Request 26**

Copies of all client memos sent by Cline Davis to Warner-Lambert or Pfizer relating to Neurontin.

**Response to Request 26**

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

**Request 27**

Copies of all marketing strategies, marketing plans, or strategic marketing plans prepared by Cline Davis for Warner-Lambert or Pfizer relating to Neurontin.

**Response to Request 27**

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

**Request 28**

Copies of all tactical marketing plans prepared for Warner-Lambert or Pfizer relating to Neurontin.

DAVIS & GILBERT LLP

Page 18

## Response to Request 28

Cline further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Cline also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Cline will produce non-privileged documents, to the extent they exist and to the extent that such documents relate to Cline's furnishing of goods or services related to Neurontin through December 31, 1998.

Cline reserves its rights to supplement the objections to the Subpoena set forth herein.

Please do not hesitate to contact me with any questions.

Very truly yours,

Scott L. Walker

cc:    Paul F. Corcoran, Esq.