# EXHIBIT Q

**DAVIS & GILBERT LLP**

1740 BROADWAY

NEW YORK, NEW YORK 10019

(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4975
EMAIL ADDRESS
gwalker@dglaw.com

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
212-974-8941

September 22, 2006

**BY FACSIMILE AND OVERNIGHT MAIL**

Jeff S. Gibson, Esq.
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Fax. 317-636-2593

Re:   Subpoena issued to non-party The Impact Group in connection with *In re Neurontin Marketing & Sales Practices Litigation*, MDL Docket No. 04-MDL-1629, Master File No. 04-10981 (D. Mass)

Dear Mr. Gibson:

We write as counsel for non-party Impact Group Holdings, Inc. dba The Impact Group ("Impact") regarding the above referenced subpoena (the "Subpoena") served on Impact in connection with the above-referenced litigation (the "Litigation").

Impact submits the following objections to the Subpoena:

**Objections to Definitions & Instructions**

1.   Impact objects to the definitions and instructions to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

2.   Impact objects to the definition of "The Impact Group" to the extent that it defines the term to include "any predecessor or successor in interest, division, office, subsidiary, and affiliate thereof, or any present or former director, officer, partner, executive, trustee, employee, agent, attorney, representative, and any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad, unduly burdensome, includes entities over which Impact had no control or relationship during the relevant time period, and attempts to impose obligations beyond those imposed by the Federal Rules of Civil Procedure. Impact further objects to the inclusion in that definition of "any other Person ... purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

DAVIS & GILBERT LLP

Page 2

3.      Impact objects to the definition of "Event" to the extent that it defines the term to
include "any conference, symposium, seminar, dinner meeting, dinner meal, advisory board
meeting consultant meeting, speaker bureau, speaker event, speaker training, CME, conference
call, teleconference, trip, vacation, or weekend getaway attended by physicians" on the grounds
that such a definition is overly broad, vague, and ambiguous.

4.      Impact objects to the definition of "Neurontin" to the extent that it is defined to
include "all uses or indications thereof," on the grounds that such a definition is overly broad.

5.      Impact objects to the definition of the term "Parke-Davis" to the extent that it is
defined to include "predecessors or successors in interest, divisions, offices, subsidiaries,
affiliates, and any present or former directors, officers, executives, trustees, employees, agents,
attorneys, representatives, and any other Person acting or purporting to act on its behalf" on the
grounds that such a definition is overly broad and unduly burdensome, and seeks to impose
obligations beyond those imposed by the Federal Rules of Civil Procedure or any other
applicable rules.  Impact further objects to the inclusion in that definition of "any other Person ...
purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

6.      Impact objects to the definition of the term "Pfizer" to the extent that it is defined
to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and
any present or former directors, officers, executives, trustees, employees, agents, attorneys,
representatives, and any other Person acting or purporting to act on its behalf" on the grounds
that such a definition is overly broad and unduly burdensome, and seeks to impose obligations
beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.
Impact further objects to the inclusion in that definition of "any other Person ... purporting to act
on its behalf" on the ground that such definition is vague and ambiguous.

7.      Impact objects to the definition of the term "Warner-Lambert" to the extent that it
is defined to include "predecessors or successors in interest, divisions, offices, subsidiaries,
affiliates, and any present or former directors, officers, executives, trustees, employees, agents,
attorneys, representatives, and any other Person acting or purporting to act on its behalf" on the
grounds that such a definition is overly broad and unduly burdensome, and seeks to impose
obligations beyond those imposed by the Federal Rules of Civil Procedure or any other
applicable rules.  Impact further objects to the inclusion in that definition of "any other Person ...
purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

Page 3

## General Objections

    1.    Impact objects to the Requests on the grounds that, by serving 27 individual requests, Plaintiffs intend to harass and impose undue burdens on Impact. Most of the requests are overly broad and would impose extraordinary burden on Impact if they were to respond to the requests as written. In addition, the majority of the 28 Requests overlap with and are duplicative of many of the other requests.

    2.    Impact objects to the Requests to the extent they call for the production of documents protected from disclosure by various privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity. To the extent that such documents are inadvertently produced in response to the document requests, the production of such documents shall not constitute a waiver of Impact's right to assert the applicability of any privilege or immunity to the documents, and any such document will be subject to return on demand.

    3.    Impact objects to the Requests to the extent they seek "all" documents that relate to the information sought in the particular request, on the grounds that such requests fail to describe the documents with reasonable particularity and are overly broad and burdensome.

    4.    Impact objects to the Requests to the extent that they call for documents that are not within Impact's possession, custody or control, or are more appropriately sought from parties to the litigation, other third parties, or are publicly available. Impact objects to the Requests to the extent they seek documents that are already in Plaintiffs' possession, custody, or control, or are equally available to Plaintiffs.

    5.    Impact objects to the document requests to the extent they call for the production of proprietary, commercially sensitive, or other confidential documents, the probative value of which is outweighed by Impact's interest in preserving their confidentiality. Impact will require the execution of an appropriate confidentiality order prior to production of any responsive, non-objectionable, non-privileged documents.

    6.    Impact objects to the Requests to the extent that they seek to impose discovery obligations on broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure or any other applicable rules.

    7.    Any use of the Definitions contained in the Request or the individual requests by Impact for the purposes of responding to the Request does not constitute a waiver of any objection.

    8.    Any statement by Impact to the effect that it will produce documents responsive to any individual request should not be construed to mean that any responsive documents exist. Impact does not concede that any of the information provided in response to these Requests is

DAVIS & GILBERT LLP

Page 4

relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence. Impact reserves the right to object to the admissibility at trial of any of the information provided in response to these Requests.

9.    Impact objects to the document requests to the extent they call for the production of documents which are neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10.    Impact objects to the Requests to the extent they seek documents regarding products other than Neurontin. As such, the Requests are overly broad, unduly burdensome and seek documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Impact will only produce documents or information regarding Neurontin.

11.    Impact objects to the Requests to the extent that they seek documents from a time period that is overly broad.

12.    Impact objects to the Subpoena in its entirety to the extent it fails to allow Impact a reasonable amount of time for compliance.

13.    Impact objects to the Requests to the extent that they are vague, ambiguous, and/or incomprehensible, requiring Impact to engage in conjecture as to their meaning.

14.    All General Objections apply to each individual Request without reiteration in the response thereto. Reference to a General Objection in a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any Request.

15.    In providing these responses, Impact specifically does not intend to stipulate to the admissibility of any statement or subject matter contained or referred to in any request or response. Rather, Impact expressly reserves and does not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.

Without assuming any obligation to do so, and without waiving the objections asserted herein, Impact reserves the right to amend and/or supplement these objections as and when additional facts are discovered or ascertained. The following responses are based upon the information and documents which Impact has identified as of the date hereof through the exercise of reasonable diligence, and does not preclude Impact from later relying upon facts or documents discovered or generated pursuant to further investigation or discovery which may be conducted subsequent to the date of these responses. Furthermore, Impact's objections to the Subpoena do not necessarily reflect the existence of requested documents or things.

DAVIS & GILBERT LLP

Page 5

## Specific Objections

### Request 1

A copy of all documents produced to any party in connection with Neurontin Litigation.

### Response to Request 1

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents protected by the attorney-client privilege and attorney work-product protection, containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

### Request 2

Each engagement letter, letter agreement, memorandum of understanding, letter of intent, or contract, whether executed or otherwise, including any proposal, draft or addendum thereof, which creates, modifies, refers to, describes, or terminates the rights, duties, or services to be performed between The Impact Group on one hand and either Warner-Lambert or Pfizer, on the other hand, concerning The Impact Group's furnishing of goods or services in connection with marketing, advertising, promotion, medical education, employee training, physician communication, direct mail, speakers bureau/speakers training, consulting, advisory boards, dissemination of information, strategic services, or management services relating to Neurontin.

### Response to Request 2

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence.

### Request 3

Documents sufficient to show each payment to The Impact Group from Pfizer or Warner-Lambert concerning, whether in whole or in part, The Impact Group's furnishing of goods or services in connection with marketing, advertising, promotion, medical education, employee training, physician communication, direct mail, speakers bureau/speakers training, consulting, advisory boards, dissemination of information, strategic services, or management services relating to Neurontin.

DAVIS & GILBERT LLP

Page 6

## Response to Request 3

Impact further objects to this request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 4

Copies of each invoice submitted by The Impact Group to Warner-Lambert or Pfizer concerning The Impact Group's furnishing of goods or services in connection with marketing, advertising, promotion, medical education, employee training, physician communication, direct mail, speakers bureau/speakers training, consulting, advisory boards, dissemination of information, strategic services, or management services relating to Neurontin.

## Response to Request 4

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 5

Copies of each budget estimate, proposal or grant request submitted by The Impact Group to Warner-Lambert or Pfizer concerning The Impact Group's furnishing of goods or services in connection with marketing, advertising, promotion, medical education, employee training, physician communication, direct mail, speakers bureau/speakers training, consulting, advisory boards, dissemination of information, strategic services, or management services relating to Neurontin.

## Response to Request 5

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

DAVIS & GILBERT LLP

Page 7

## Request 6

Documents sufficient to show each payment made by The Impact Group to any Person on behalf of, at the direction of, for, or for the benefit of Pfizer or Warner-Lambert concerning The Impact Group's furnishing of goods or services in connection with marketing, advertising, promotion, medical education, employee training, physician communication, direct mail, speakers bureau/speakers training, consulting, advisory boards, dissemination of information, strategic services, or management services relating to Neurontin.

## Response to Request 6

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 7

All correspondence or communications between The Impact Group and any Person concerning The Impact Group's furnishing of goods or services in connection with marketing, advertising, promotion, medical education, employee training, physician communication, direct mail, speakers bureau/speakers training, consulting, advisory boards, dissemination of information, strategic services, or management services relating to Neurontin.

## Response to Request 7

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents protected by the attorney-client privilege and attorney work-product protection, documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 8

Documents sufficient to show each Event, which was coordinated, prepared, managed, arranged, coordinated, sponsored, or hosted by The Impact Group, where Neurontin was discussed.

DAVIS & GILBERT LLP

Page 8

## Response to Request 8

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 9

Documents sufficient to show each non-CME Event, which was coordinated, prepared managed, arranged, coordinated, sponsored, or hosted by The Impact Group, where Neurontin was discussed.

## Response to Request 9

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 10

Documents to show each CME, which was coordinated, prepared, managed, arranged, coordinated, sponsored, or hosted by The Impact Group and which was sponsored in whole or in part by Pfizer or Warner-Lambert, where Neurontin or AED's were discussed.

## Response to Request 10

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 11

All documents that discuss Neurontin's use, efficacy or mechanism of action for any indication, which were drafted, edited, written or prepared by The Impact Group or any technical or medical writers working for or retained by The Impact Group or any technical or medical writers working for or retained by The Impact Group, including but not limited to journal

DAVIS & GILBERT LLP

Page 9

articles, letters to the editors, manuscripts, abstracts, syllabi, presentation slides, workbooks, telephone or teleconference scripts, monographs, or posters.

## Response to Request 11

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 12

All documents that discuss, summarize, track, monitor, record, or reflect actual or estimated amount, number or volume Neurontin prescriptions written by physicians.

## Response to Request 12

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 13

All documents received from Pfizer or Warner-Lambert relative to or concerning Neurontin's use, efficacy or mechanism of action.

## Response to Request 13

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

DAVIS & GILBERT LLP

Page 10

## Request 14

All documents received from Pfizer or Warner-Lambert relative to or concerning Neurontin or the marketing, advertising, promotion, medical education, or dissemination of information relating to Neurontin.

## Response to Request 14

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 15

All documents that describe, reflect, or refer to the labeling of Neurontin, or any stated, suggested, intended, off-label, emerging or investigational use thereof.

## Response to Request 15

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 16

Copes of all videotapes, audiotapes, transcripts, discussion notes, invitations, brochures, agendas, speaker lists, attendee lists, physician, completed attendee or participant feedback forms, completed attendee evaluation forms, and consultant agreements, for each Event, funded in whole or in part by Pfizer or Warner-Lambert, were [sic] Neurontin was discussed.

## Response to Request 16

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents

DAVIS & GILBERT LLP

Page 11

and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

**Request 17**

For each Event funded or sponsored, whether in whole or in part, by Pfizer or Warner-Lambert where Neurontin or other AEDS were discussed, all documents concerning or discussing faculty recruitment, speaker selection, speaker identification, speaker interest, or speaker availability for the Event.

**Response to Request 17**

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

**Request 18**

For each Event funded or sponsored, whether in whole or in part, by Pfizer or Warner-Lambert where Neurontin or other AEDS were discussed, all documents concerning or describing the planning, scheduling, logistical planning, organization, preparation, critique, or review of the Event.

**Response to Request 18**

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

**Request 19**

All documents concerning studies, investigations, retrospective reviews, preceptorships, clinical trials, papers, manuscripts, articles, abstracts or letters to the editor, whether published or unpublished, relating to Neurontin.

DAVIS & GILBERT LLP

Page 12

## Response to Request 19

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 20

All documents that reference, or were received, collected, or prepared in connection with Neurontin Litigation.

## Response to Request 20

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents protected by the attorney-client privilege and attorney work-product protection, containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 21

All documents that reference, or were received, collected, or prepared in connection with, an audit or investigation into the actions of Pfizer and/or Warner-Lambert relating to the marketing of Neurontin, including but not limited to investigations by any government entity, whether state or federal, investigations by Pfizer and/or Warner-Lambert, or investigations by any other person or entity.

## Response to Request 21

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents protected by the attorney-client privilege and attorney work-product protection, containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence and seeks documents and things more readily obtainable through other sources party to this action. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

DAVIS & GILBERT LLP

Page 13

## Request 22

All document-retention and electronic file retention policies.

## Response to Request 22

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 23

Documents sufficient to show the identity of all The Impact Group account group supervisors, account managers, account executives and other employees who worked on the Neurontin account or in connection with each Event funded or sponsored, whether in whole or in part, by Pfizer or Warner-Lambert, where Neurontin was discussed.

## Response to Request 23

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 24

Documents sufficient to show the identity of all The Impact Group account group supervisors, account managers, account executives and other employees who were members of the Neurontin Extended Disease Team, Epilepsy Disease Team, or Extended Neurontin Disease Team, or who were regularly copies on internal Warner-Lambert or Pfizer communications.

## Response to Request 24

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

DAVIS & GILBERT LLP

Page 14

## Request 25

Copies of all client memos sent by The Impact Group to Warner-Lambert or Pfizer relating to Neurontin.

## Response to Request 25

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 26

Copies of all marketing strategies, marketing plans, or strategic marketing plans prepared by The Impact Group for Warner-Lambert or Pfizer relating to Neurontin.

## Response to Request 26

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

## Request 27

Copies of all tactical marketing plans prepared for Warner-Lambert or Pfizer relating to Neurontin.

## Response to Request 27

Impact further objects to this Request on the grounds that it is overly broad, unduly burdensome; it calls for the production of documents containing confidential and/or proprietary information; it seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence. Impact also objects to this Request to the extent it calls for documents unrelated to the relevant time period.

Impact reserves its rights to supplement the objections to the Subpoena set forth herein.

DAVIS & GILBERT LLP

Page 15

    We are aware that the Magistrate Judge in the Litigation recently issued a report and recommendation that limited party discovery to certain, specific topics and that imposed a May 31, 2001 date cut-off (the "Discovery Scope Order"). Moreover, as you well know, the Magistrate Judge has indicated that the scope of party and non-party discovery in the Litigation should be consistent. We also understand that by order dated September 11, 2006, the District Court Judge in the Litigation refused your client's objections to the Discovery Scope Order, but gave your clients an opportunity to further amend their complaint to make particularized allegations regarding events after the 2001 date cut-off. The possibility therefore remains that the scope of discovery will be significantly different than that set forth in the Discovery Scope Order.

    Given these developments, we are happy to discuss with you the possibility of Impact producing documents responsive to the Subpoena that are consistent with the Discovery Scope Order. But you should also understand that—as I noted in my September 12, 2006 letter to you regarding your subpoenas to our clients Cline Davis & Mann, Sudler & Hennessey, and CommonHealth—it is our desire to avoid having our non-party clients incur unnecessary costs in identifying, segregating out and producing documents that fall within the current scope of permissible discovery if that scope is ultimately determined to be inappropriate. Accordingly, please be advised that Impact is not currently inclined to discuss producing documents responsive to the Subpoena that fall within the Discovery Scope Order if your clients—pursuant to the District Court Judge's invitation—intend to further amend their complaint in order to add allegations designed to significantly alter the scope of discovery in the Litigation. We therefore ask that you please advise us regarding your clients' intentions as to further amending their complaint.

    We look forward to speaking to you regarding these scope issues and regarding a more reasonable time for the production of responsive documents. Please do not hesitate to contact me with any questions.

                                        Very truly yours,

                                        Scott L. Walker

# EXHIBIT R

# COHEN & MALAD, LLP
## ATTORNEYS

Louis F. Cohen (1936-1992)
Richard M. Malad
Irwin B. Levin
Richard N. Bell
David J. Cutshaw
Gregory L. Laker
Thomas L. Blackburn
Richard E. Shevitz
Donald D. Levenhagen
Arend J. Abel
Shokrina Radpour Beering
Brian K. Zoeller*

*Certified Family Law Specialist

Michael C. Adley
Laura C. Jeffs
Scott D. Gilchrist
Eric S. Pavlack
Jeff S. Gibson
Elizabeth J. Doepken
Julie Andrews
Katherine A. Harmon
Kelley J. Johnson
Amanda L. Yonally

September 7, 2006

Scott L. Walker
Davis & Gilbert LLP
1740 Broadway
New York, New York 10019

> *In re: Neurontin Marketing and Sales Practice Litigation*
> *MDL Docket No. 04-MDL-1629*

Dear Mr. Walker:

I am writing with respect to the subpoenas I issued to your clients Sudler & Hennessy, Cline Davis & Mann, and CommonHealth in the aforementioned litigation. On June 15, 2005, you provided your clients' responses to the subpoenas. At the time of the response, there was a Motion pending before the MDL Court regarding the time frame of relevant production. You requested that the document production be delayed until that issue was resolved.

The Court has now ruled on the Motion, and held the relevant time period to be from 1994 to May 31, 2001. Accordingly, please produce all responsive documents by September 21, 2006.

Thank you for your attention to this matter.

Very truly yours,

COHEN & MALAD, LLP

Jeff S. Gibson

# EXHIBIT S

## DAVIS & GILBERT LLP

1740 BROADWAY

NEW YORK, NEW YORK 10019

(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4825
EMAIL ADDRESS
pcorcoran@dglaw.com

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
212-974-7037

September 12, 2006

**BY FACSIMILE AND REGULAR MAIL**

Jeff S. Gibson, Esq.
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Fax. 317-636-6481

Re:   Subpoenas issued to Cline Davis & Mann, Inc., Sudler & Hennessy, LLC,
       and CommonHealth in connection with *In re Neurontin Marketing &
       Sales Practices Litigation*, MDL Docket No. 04-MDL-1629, Master File
       No. 04-10981 (D. Mass)

Dear Mr. Gibson:

          We received today your September 7, 2006 letter regarding the above-referenced
subpoenas issued by you to our clients Cline Davis & Mann, Inc. ("Cline"), Sudler & Hennessy,
LLC ("S&H"), and CommonHealth, (the "Subpoenas").

          As we have indicated repeatedly, it is our desire simply to avoid having our
clients—none of whom are currently parties to the MDL proceeding—incur unnecessary costs in
segregating out and producing documents during specific date ranges if it is ultimately
determined that such a production is inappropriate.

          Although we are aware that the Magistrate Judge decided that a 2001 cut-off for
discovery was appropriate, we are also aware that your clients objected to that decision. We
understand that by order dated September 11, 2006 the District Court Judge refused those
objections but gave your clients an opportunity to replead the complaint to make particularized
allegations regarding events after the date cut-off.

          If you represent to us that your clients do not intend to replead their complaint to
add particularized allegations beyond the 2001 date cut-off, then we will gladly begin the process
of culling our clients' documents in order to produce materials that fall within the ordered date
range. However, we will not produce those documents by your arbitrary and unreasonable
September 21, 2006 deadline. We will need until at least the end of October, if not longer, to
complete our review and production.

DAVIS & GILBERT LLP

Jeff S. Gibson, Esq.
September 12, 2006
Page 2

But if your clients do, in fact, intend to replead the complaint to allege facts after the Court's 2001 cut-off, then our clients will not produce documents until after those allegations have been made and the Court has set a revised date range for discovery.

We look forward to hearing from you further on this matter.  Please do not hesitate to contact me with any questions.

Very truly yours,

Scott L. Walker

cc:  Paul F. Corcoran, Esq.
     Marc J. Rachman, Esq.