UNITED STATES DISTRICT COURT
MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - x

In re: NEURONTIN MARKETING AND
SALES PRACTICES LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS,

- - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

## DEFENDANTS' RESPONSES AND OBJECTIONS TO CLASS AND NON-CLASS PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company ("Warner-Lambert") (collectively, "Defendants"), by their undersigned counsel, hereby object and respond to the Class and Non-Class Plaintiffs' First Set of Interrogatories (the "Interrogatories"). These responses and objections are made without in any way waiving or intending to waive, but on the contrary reserving and intending to reserve, the right to object on any additional ground at any time to a demand for further response or document production, and the right at any time to revise, supplement, correct, or add to these responses and objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants' objections to the definitions and instructions set forth in the Class and Non-Class Plaintiffs' First Request for Production of Documents are incorporated herein by reference and shall be deemed as objections to those definitions and instructions for purposes of responding to Plaintiffs' Interrogatories. Additionally, the following objections to definitions apply to the Interrogatories:

1.    Defendants object to the definition of "Article" to the extent that it defines the term to include "writing of any description" and "whether published or not," on the grounds that such a definition is overly broad, vague, and ambiguous.

2.    Defendants object to the definition of "Payment" to the extent that it defines the term to include "any form of remuneration, grant, honorarium, speaker fee, gift, free travel or accommodation, compensation or other benefit" on the grounds that such a definition in overly broad and unduly burdensome.  Defendants further object to the definition to the extent that it includes "Indirect Payments and Indirect Funding," on the grounds that such a definition is vague and ambiguous.

3.    Defendants object to the time period called for in the Instructions, on the grounds that January 1, 1994 to May 14, 2004 is overly broad.

## GENERAL OBJECTIONS

1.    Defendants object to the Interrogatories on the grounds that, by serving 36 Interrogatories with sub-parts and appending a Schedule consisting of over 450 individual indications, Plaintiffs have exceeded the number of interrogatories they are entitled to serve under Federal Rule of Civil Procedure 33.  This limit was expressly adopted by the Court in Case Management Order # 3 ("CMO 3").

2.    Defendants object to the Interrogatories to the extent they call for the production of information or documents protected from disclosure by various privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity.  To the extent that such documents are inadvertently produced in response to the interrogatories, the production of such documents shall not constitute a waiver of Defendants' right to assert the applicability of

13.    All General Objections apply to each individual interrogatory without reiteration in the response thereto.  Reference to a General Objection in a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any interrogatory.

14.    In providing these responses, Defendants specifically do not intend to stipulate to the admissibility of any statement or subject matter contained or referred to in any interrogatory or response.  Rather, Defendants expressly reserve and do not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.

## SPECIFIC RESPONSES AND OBJECTIONS

Interrogatory No. 1:

Please state the total amount of your Neurontin sales, in both number of scripts and in gross dollar amounts, for each quarter and year during the relevant time period.

Response to 1:

In addition to the General Objections, Defendants object to Interrogatory No. 1 on the grounds that it calls for information from a time period that is overly broad. Defendants further object on the grounds that it has already offered to produce documents responsive to this request in its response to Plaintiffs' Document Request No. 240, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to the General Objections and the foregoing Specific Objections, and in accordance with Fed. R. Civ. P. 33(d), Defendants will produce documents, to the extent

5

they exist, from which Neurontin sales information can be derived or ascertained through

December 31, 1998, at a mutually convenient time and location.

Interrogatory No. 2:

Please state the amount of Neurontin sales, in both number of scripts and in gross dollar amounts, whether actual, partial, estimated or derived from data received from a third party that sells or otherwise makes such data available in the ordinary course of its business, broken down by indication and corresponding ICD-9 Code for each quarter and year during the relevant time period, identifying the source of such sales data and form (i.e. electronic, hardcopy, etc.) in which it was retrieved.

Response to Interrogatory No. 2:

In addition to the General Objections, Defendants object to Interrogatory No. 2 on

the grounds that it calls for information from a time period that is overly broad.

Defendants further object on the grounds that the interrogatory seeks information that is

available from third parties. Defendants further object on the grounds that the

interrogatory is unduly burdensome in calling for information "broken down by

indication and corresponding ICD-9 Code."

Interrogatory No. 3:

With respect to each indication listed in Schedule A, please state the amount of your Neurontin sales, in both number of scripts and in gross dollar amounts, whether actual, partial, estimated or derived from data received from a third party that sells or otherwise makes such data available in the ordinary course of its business, for each quarter and year during the relevant time period, identifying the source of such sales data and form (i.e. electronic, hardcopy, etc.) in which it was retrieved.

Response to Interrogatory No. 3:

In addition to the General Objections, Defendants object to Interrogatory No. 3 on

the grounds that it is overly broad and unduly burdensome. In requesting a breakdown by

each indication listed in Schedule A (which consists of over 450 individual and unrelated

indications), Plaintiffs have far exceeded the limit on the number of Interrogatories a

6

party can serve on another party under Federal Rule of Civil Procedure 33, and seek a response that would subject Defendants to undue burden and expense. Defendants further object on the grounds that the interrogatory calls for information from a time period that is overly broad. Defendants further object to this interrogatory to the extent that it calls for information available from third parties.

Interrogatory No. 4:

With respect to each indication listed in Schedule A, identify all Clinical Trials, Medical Studies or Case Reports relating to the use of Neurontin for said indications, regardless of whether the results of said Clinical Trials, Medical Studies or Case Reports were published or not, and regardless of whether said Clinical Trials, Medical Studies or Case Reports were conducted inside or outside the United States, and regardless of whether the Clinical Trials, or Medical Studies were suspended or terminated. For each Clinical Trial, Medical Study or Case Report identified, please set forth:

(a) the indication reviewed, studied or analyzed;

(b) the name and number (if any) of the protocol;

(c) the name(s) and address(es) and hospital and/or university affiliation of the investigator(s) or physician conducting the Clinical Trial, Medical Study or making the Case Report;

(d) whether the Clinical Trials, Medical Studies or Case Reports were double-blind, open-label or otherwise;

(e) whether the Clinical Trials, Medical Studies or Case Reports were placebo-controlled or otherwise;

(f) the duration prior to completion, suspension, or termination of the Clinical Trials, Medical Studies or Case Reports;

(g) the number of subjects involved in the Clinical Trials, Medical Studies or Case Reports;

(h) the results of the Clinical Trials, Medical Studies or Case Reports;

(i) the statistical significance of the results of the Clinical Trials, medical Studies or Case Reports;

7

(j)   the date upon which Defendants became aware of the completion, suspension, or termination of the Clinical Trials, Medical Studies or Case Reports;

(k)   the date upon which the Defendants became aware of the results of the Clinical Trials, Medical Studies or Case Reports; and

(l)   identification of the documents which contain the design of the Clinical Trials, Medical Studies or Case Reports, the data results, as well as any publications that summarize, discuss or contain the date of said Clinical Trials, Medical Studies or Case Reports.

Response to Interrogatory No. 4:

In addition to the General Objections, Defendants object to Interrogatory No. 4 on the grounds that it is overly broad and unduly burdensome. In requesting a breakdown by each indication listed in Schedule A (consisting of over 450 individual and unrelated indications), Plaintiffs have far exceeded the limit on the number of Interrogatories a party can serve on another party under Federal Rule of Civil Procedure 33, and seek a response that would subject Defendants to undue burden and expense. The interrogatory is also overly broad and burdensome in calling for information about all Medical Studies and Case Reports. Defendants further object on the grounds that it has already offered to produce documents responsive to this request in its response to Plaintiffs' Document Request Nos. 3-15, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants state that extensive clinical studies were submitted to the FDA in support of the NDA for Neurontin, and Defendants will produce for inspection and copying, at a mutually convenient time and location, the Neurontin NDA, from which the

8

answer to this interrogatory can be derived. Defendants will also produce, at a mutually convenient time and location, research reports relating to Neurontin. Other Case Reports and Medical Studies are reported in the scientific literature and are available to Plaintiffs in the public domain.

Interrogatory No. 5:

With respect to each indication listed in Schedule A, please state whether Neurontin is an effective, ineffective, or possibly effective treatment, identifying all publications, Clinical Trials, Medical Studies, and/or Case Reports which support Neurontin's classification as an effective, ineffective, or possibly effective treatment for said indication, regardless of whether the results of said Clinical Trials, Medical Studies or Case Reports were published or not, and regardless whether said Clinical Trials, Medical Studies or Case Reports were conducted in the United States or otherwise, and identifying further the earliest date upon which such a classification was made.

Response to Interrogatory No. 5:

In addition to the General Objections, Defendants object to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome, and oppressive. In requesting a breakdown by each indication listed in Schedule A (consisting of over 450 individual and unrelated indications), Plaintiffs have far exceeded the limit on the number of Interrogatories a party can serve on another party under Federal Rule of Civil Procedure 33, and seek a response that would subject Defendants to undue burden and expense. The interrogatory is also overly broad and burdensome in calling for information about all Medical Studies and Case Reports. Defendants further object on the grounds that it has already offered to produce documents responsive to this request in its response to Plaintiffs' Document Request Nos. 3 - 15, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the

Plaintiffs as for the Defendants. Defendants further object on the grounds that the phrases "effective, ineffective, or possibly effective" are vague and ambiguous.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants state that extensive clinical studies were submitted to the FDA in support of the NDA for Neurontin, and Defendants will produce for inspection and copying, at a mutually convenient time and location, the Neurontin NDA, from which the answer to this interrogatory can be derived. Defendants will also produce, at a mutually convenient time and location, research reports relating to Neurontin. Other Case Reports and Medical Studies are reported in the scientific literature and are available to Plaintiffs in the public domain.

Interrogatory No. 6.

Please identify every Event between January 1, 1993 and May 14, 2004 sponsored or funded by the Defendants, whether in whole or in part, and whether directly or indirectly, where the use of Neurontin for one or more Off-Label Uses was discussed. For each Event, please set forth:

(a)     the name of the Event;

(b)     the type of Event;

(c)     the location of the Event;

(d)     the date of the Event;

(e)     the identity of the accrediting or sponsoring CME Provider, if any, for the Event;

(f)     the identity of the Third Party Vendor(s) who organized or logistically planned or managed the Event;

(g)     the identity of all speakers or moderators of the Event;

(h)     the identity of all physicians who were invited to the event;

(i)     the identity of all physicians who attended the Event;

10

(j)     the topics discussed at the Event;

(k)     the content of the discussions and/or presentations, including any slides, syllabi, abstracts, posters or articles that were presented at the Event, and including an audio recording, video recording, or transcription of statements made at the Event; and

(l)     the feedback, statements or comments received by Defendants from physicians who attended or otherwise participated in the Event relating to discussions and/or presentations relating to Neurontin, including but not limited to any feedback, statements or comments made by physicians who were consultants or advisory board members for the Event.

Response to Interrogatory No. 6:

In addition to the General Objections, Defendants further object to Interrogatory No. 6 on the grounds that it seeks information from a time period that is overly broad. Defendants further object on the grounds that the interrogatory in unworkable to the extent it calls for information about Events "where the use of Neurontin for one or more Off-Label Uses was discussed." Defendants further object on the grounds that it has already produced documents containing information responsive to this interrogatory, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998, from which the response to this interrogatory may be derived.

Interrogatory No. 7:

Please identify each Speakers Bureau or Speakers Training meeting or session between January 1, 1993 and May 14, 2004 sponsored or funded by Pfizer or

11

Warner-Lambert, whether in whole or in part, and whether directly or indirectly, where Neurontin was discussed. For each Event, please set forth:

(a) the name of the Speakers Bureau or Speakers Training meeting or session;

(b) the location of the Speakers Bureau or Speakers Training meeting or session;

(c) the date of the Speakers Bureau or Speakers Training meeting or session;

(d) the identity of the Third Party Vendor(s) who organized or logistically planned or managed the Speakers Bureau or Speakers Training meeting or session;

(e) the identity of all speakers or moderators of the Speakers Bureau or Speakers Training meeting or session;

(f) the identity of all physicians who were invited to the Speakers Bureau or Speakers Training meeting or session;

(g) the identity of all physicians who attended the Speakers Bureau or Speakers Training meeting or session;

(h) the topics discussed at the Speakers Bureau or Speakers Training meeting or session;

(i) the content of the discussions and/or presentations, including any slides, syllabi, abstracts, posters or articles that were presented at the Speakers Bureau or Speakers Training meeting or session, and including any audio recordings, video recordings, or transcriptions of statements made at the Speakers Bureau or Speakers Training meeting or session; and

(j) the feedback, statements or comments received by Defendants from physicians relating to the discussions and/or presentations relating to Neurontin, including but not limited to any feedback, statements or comments made by physicians who were consultants or advisory board members for the Speakers Bureau or Speakers Training meeting or session.

Response to Interrogatory No. 7:

In addition to the General Objections, Defendants further object to Interrogatory No. 7 on the grounds that it seeks information from a time period that is overly broad. Defendants further object on the grounds that the interrogatory is not limited to the off-

12

label uses of Neurontin. Defendants further object on the grounds that it has already produced documents containing information responsive to this interrogatory, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998, from which the response to this interrogatory may be derived.

Interrogatory No. 8:

Please identify all Vendors, including but not limited to the Identified Vendors, which were retained by or which received payments, directly or indirectly, from Pfizer or Warner-Lambert between January 1, 1993 and May 14, 2004 to organize or logistically manage an Event where the use of Neurontin for one or more Off-Label Uses was discussed. For each Vendor, please set forth:

    (a)    the name of each Event organized or logistically managed by the Vendor;

    (b)    the type of each Event (i.e. consultants meeting, advisory board, speakers bureau, dinner meeting, etc.);

    (c)    the location of each Event;

    (d)    the date of each Event; and

    (e)    the amounts paid to the Vendor in connection with each Event.

Response to Interrogatory No. 8:

In addition to the General Objections, Defendants further object to Interrogatory No. 8 on the grounds that it seeks information from a time period that is overly broad. Defendants further object on the grounds that the interrogatory in unworkable to the extent it calls for information about Events "where the use of Neurontin for one or more

13

Off-Label Uses was discussed." Defendants further object on the grounds that it has already produced documents containing information responsive to this interrogatory, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998, from which the response to this interrogatory may be derived.

Interrogatory No. 9:

Please identify all CME Providers that received a grant or Payment from Pfizer or Warner-Lambert between January 1, 1993 and May 14, 2004 to sponsor or host an Event where the use of Neurontin for one or more Off-Label Uses was discussed. For each CME Provider, please set forth:

    (a)    the name of each Event sponsored or hosted;

    (b)    the location of each Event;

    (c)    the date of each Event;

    (d)    the amount of the grant paid to the CME Providers in connection with each Event; and

    (e)    the name of the Vendor that was used by the CME Provider to manage or otherwise coordinate each event.

Response to Interrogatory No. 9:

In addition to the General Objections, Defendants further object to Interrogatory No. 9 on the grounds that it seeks information from a time period that is overly broad. Defendants further object on the grounds that the interrogatory in unworkable to the extent it calls for information about Events "where the use of Neurontin for one or more

14

Off-Label Uses was discussed." Defendants further object on the grounds that it has already produced documents containing information responsive to this interrogatory, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998, from which the response to this interrogatory may be derived.

Interrogatory No. 10:

Please identify each Article, written Case Report, or letter to the editor, published between January 1, 1994 and May 14, 2004, which discusses the use of Neurontin for Off-Label Uses, where the preparation or technical writing of said journal article, case report, or letter to the editor, or the research underlying the results, was funded or otherwise paid for, whether in whole or in part, by a grant or Payment, including any Indirect Payments and Indirect Funding, by Pfizer or Warner-Lambert. For each Article, written Case Report, or letter to the editor, please set forth:

(a)　　the title;

(b)　　author(s) and citation of the article;

(c)　　the amount of the grant or Payment;

(d)　　the recipient of the grant or Payment; and

(e)　　the identity of any Vendor or third party, including but not limited to the Identified Vendors, which assisted in the preparation or technical writing of the Article, written Case Report or letter to the editor.

Response to Interrogatory No. 10:

In addition to the General Objections, Defendants further object to Interrogatory No. 10 on the grounds that it seeks information from a time period that is overly broad.

15

Defendants further object on the grounds that the phrase "Indirect Payments and Indirect Funding" is vague and ambiguous. Defendants further object on the grounds that the interrogatory calls for information available from third parties. Defendants further object on the grounds that it has already produced documents containing information responsive to this interrogatory, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998, from which the response to this interrogatory may be derived.

Interrogatory No. 11:

Please identify all Articles, written Case Reports, or letters to the editor published during the relevant time period, concerning or relating to an Off-Label Use of Neurontin, which were obtained, reviewed, or edited by the Defendants prior to publication, either directly or indirectly through a Vendor retained to assist in the drafting, editing or technical writing process, in any form including drafts, manuscripts, abstracts, or Case Reports.

Response to Interrogatory No. 11:

In addition to the General Objections, Defendants further object to Interrogatory No. 11 on the grounds that it seeks information from a time period that is overly broad. Defendants further object on the grounds that the phrase "indirectly through a Vendor retained to assist in the drafting, editing or technical writing process" is vague and ambiguous. Defendants further object on the grounds that the interrogatory calls for

16

information available from third parties. Defendants further object on the grounds that it has already produced documents containing information responsive to this interrogatory, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998, from which the response to this interrogatory may be derived.

Interrogatory No. 12:

Please identify all Vendors, including but not limited to the Identified Vendors, which were retained by or which received payments, directly or indirectly, from Pfizer or Warner-Lambert between during the relevant time period to prepare, write, draft, edit, perform or manage technical writing services in connection with a journal article, abstract, case report, or letter to the editor, published during the relevant time period, which discusses the use of Neurontin for Off-Label Indications, setting forth the title, author(s) and citation of each journal article, abstract, case report, or letter to the editor, the amount of any Payments received by the Vendor in connection therewith, and the amount of any Payments received by the author(s).

Response to Interrogatory No. 12:

In addition to the General Objections, Defendants further object to Interrogatory No. 12 on the grounds that it seeks information from a time period that is overly broad. Defendants further object on the grounds that the phrase "directly or indirectly" is vague and ambiguous. Defendants further object on the grounds that the interrogatory calls for information available from third parties. Defendants further object on the grounds that it has already produced documents containing information responsive to this interrogatory,

and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998, from which the response to this interrogatory may be derived.

Interrogatory No. 13:

Please identify each committee, board, council, team, group, working group, or other collection of employees which between June 2000 and present, whether in whole or in part, was charged with the responsibility of or was authorized to engage in, formulating marketing plans, marketing strategies, marketing tactics, marketing development strategies, conducting indication decision analysis, making recommendations whether to seek regulatory approval, and setting or allocating marketing budgets for Neurontin, setting forth the name of said committee, board, council, team, group, working group, or other collection of employees, the identity of each person who was a member thereof, and the location of the meeting minutes, reports, analyses, marketing plans, and/or budgetary plans which were produced thereby.

Response to Interrogatory No. 13:

In addition to the General Objections, Defendants further object to Interrogatory No. 13 on the grounds that it seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information from a time period that is overly broad. Defendants further object on the grounds that the Complaint has made no allegations concerning Pfizer personnel and this interrogatory therefore seeks information that is not relevant to this action.

Interrogatory No. 14:

Please identify each database that records, maintains or stores data relating to sales calls, sales visits or detailing of physicians relating to Neurontin, setting forth the

18

name of the database, the fields of data stored in the database, the fields of data stored in the database, and the manner in which an electronic copy can be obtained.

Response to Interrogatory No. 14:

In addition to the General Objections, Defendants further object to Interrogatory No. 14 on the grounds that it seeks information from a time period that is overly broad.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce from the CMMS database information relating to sales visits during the period ending December 31, 1998.

Interrogatory No. 15:

Please identify each database that records, maintains or stores data relating to communications between Defendants and physicians (whether during sales calls, sales visits, detailing or otherwise) relating to Neurontin, setting forth the name of the database, the fields of data stored in the database, and the manner in which an electronic copy can be obtained.

Response to Interrogatory No. 15:

In addition to the General Objections, Defendants further object to Interrogatory No. 15 on the grounds that it seeks information from outside the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce information from the Merlin database relating to inquiries from health care providers and consumers, and the company's responses thereto, during the period ending December 31, 1998.

Interrogatory No. 16:

Please identify each database that records, maintains or stores data relating to payments to physicians relating to Neurontin, setting forth the name of the database, the fields of data stored in the database, and the manner in which an electronic copy can be obtained.

19

Response to Interrogatory No. 16:

In addition to the General Objections, Defendants further object to Interrogatory No. 16 on the grounds that it seeks information from outside the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce information from the APT database relating to payments to physicians during the period ending December 31, 1998.

Interrogatory No. 17:

Please identify each database that records, maintains or stores data relating to Neurontin prescription data, tracking data, or trending data, setting forth the name of the database, the fields of data stored in the database, and the manner in which an electronic copy can be obtained.

Response to Interrogatory No. 17:

In addition to the General Objections, Defendants further object to Interrogatory No. 17 on the grounds that it seeks information from outside the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants state that Neurontin prescription data is available for purchase from IMS.

Interrogatory No. 18:

Please identify all national marketing strategies adopted, pursued, formulated, planned, and/or implemented by Defendants for Neurontin between January 1, 1998 and June 19, 2000, setting forth:

    (a)    the title of each strategy;

    (b)    a description of the goals of each strategy;

    (c)    the expected, estimated or forecasted cost of implementing each strategy;

    (d)    the expected, estimated or forecasted profit for implementing each strategy; and

(e)     the amounts budgeted at the national, CBU and regional levels to pursue each strategy.

Response to Interrogatory No. 18:

In addition to the General Objections, Defendants further object to Interrogatory No. 18 on the grounds that it is vague and ambiguous and require Defendants to engage in conjecture as to its meaning. Defendants further object on the grounds that the interrogatory is not confined to off-label uses of Neurontin. Defendants further object on the grounds that the interrogatory calls for information from a time period that is overly broad.

Interrogatory No. 19:

With respect to each marketing strategy identified in response to Interrogatory No. 18 ("Identified Strategy"), please identify all national, CBU or regional marketing strategies and tactics adopted, pursued, formulated, planned, and/or implemented by Defendants between January 1, 1998 and June 19, 2000 in order to execute, pursue or implement said Identified Strategy, setting forth:

(a)     the title of the marketing strategies and tactics;

(b)     a description of the goals of the marketing strategies and tactics;

(c)     the expected, estimated or forecasted cost of implementing the marketing strategies and tactics;

(d)     the expected, estimated or forecasted profit for implementing the marketing strategies and tactics; and

(e)     the amounts budgeted at the national, CBU and regional levels to pursue the marketing strategies and tactics.

Response to Interrogatory No. 19:

In addition to the General Objections, Defendants further object to Interrogatory No. 19 on the grounds that it is vague and ambiguous and require Defendants to engage in conjecture as to its meaning. Defendants further object on the grounds that the

21

interrogatory is not confined to off-label uses of Neurontin. Defendants further object on the grounds that the interrogatory calls for information from a time period that is overly broad.

<u>Interrogatory No. 20</u>:

Please identify all national marketing strategies adopted, pursued, formulated, planned, and/or implemented by Defendants for Neurontin between June 20, 2000 and May 14, 2004, setting forth:

(a)   the title of each strategy;

(b)   a description of the goals of each strategy;

(c)   the expected, estimated or forecasted cost of implementing each strategy;

(d)   the expected, estimated or forecasted profit for implementing each strategy; and

(e)   the amounts budgeted at the national, CBU and regional levels to pursue each strategy.

<u>Response to Interrogatory No. 20</u>:

In addition to the General Objections, Defendants further object to Interrogatory No. 20 on the grounds that it is vague and ambiguous and require Defendants to engage in conjecture as to its meaning. Defendants further object on the grounds that the interrogatory is not confined to off-label uses of Neurontin. Defendants further object on the grounds that it is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information from a time period that is overly broad.

<u>Interrogatory No. 21</u>:

With respect to each marketing strategy identified in response to Interrogatory No. 20 ("Identified Strategy"), please identify all national, CBU or regional marketing strategies and tactics adopted, pursued, formulated, planned, and/or implemented by

22

Defendants between June 20, 2000 and May 14, 2004 in order to execute, pursue or implement said Identified Strategy, setting forth:

(a)   the title of the marketing strategies and tactics;

(b)   a description of the goals of the marketing strategies and tactics;

(c)   the expected, estimated or forecasted cost of implementing the marketing strategies and tactics;

(d)   the expected, estimated or forecasted profit for implementing the marketing strategies and tactics; and

(e)   the amounts budgeted at the national, CBU and regional levels to pursue the marketing strategies and tactics.

Response to Interrogatory No. 21:

In addition to the General Objections, Defendants further object to Interrogatory No. 21 on the grounds that it is vague and ambiguous and require Defendants to engage in conjecture as to its meaning.  Defendants further object on the grounds that the interrogatory is not confined to off-label uses of Neurontin, and that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information from a time period that is overly broad.

Interrogatory No. 22:

For each committee, team, or group of Warner-Lambert set forth below ("Listed Committees"), please identify the committee, team, or group within Pfizer which, with respect to Neurontin, assumed or possessed some or all of the same or similar duties, functions, or roles of the Listed Committees between June 20, 2000 and May 14, 2004, setting forth the name of said committee, team, or group, and the identity and title of each person who was a member thereof:

(a)   New Product Committee;

(b)   Epilepsy Disease Team;

(c)   Neurontin Extended Disease Team;

23

(d)    Neurontin Development Team;

(e)    Core Marketing Team;

(f)    Indication Decision Analysis Group;

(g)    Marketing Council;

(h)    Portfolio Management;

(i)    Parke-Davis Management Team; and

(j)    OOC

Response to Interrogatory No. 22:

In addition to the General Objections, Defendants further object to Interrogatory No. 22 on the grounds that it is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information from a time period that is overly broad and not relevant. Defendants further object on the grounds that the request is vague, ambiguous and confusing in requesting information concerning groups that "assumed or possessed some or all of the same or similar duties, functions, or roles" as groups from prior years. Defendants further object on the grounds that the Complaint has made no allegations concerning Pfizer personnel and this interrogatory therefore seeks information that is not relevant to this action.

Interrogatory No. 23:

Please identify each employee, executive, or officer of Pfizer who directed, managed, supervised, reviewed, assessed, or had authority or managerial responsibility over the development, design, formulation, creation or review of Pfizer's national marketing strategy for Neurontin, or the creation, allocation, determination or forecasting of budgeting in connection therewith, setting forth the full name and title of said employee, executive, or officer, his or her residential and business addresses, and the department he or she worked in.

24

Response to Interrogatory No. 23:

In addition to the General Objections, Defendants further object to Interrogatory No. 23 on the grounds that it is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information from a time period that is overly broad and not relevant. Defendants further object on the grounds that the Complaint has made no allegations concerning Pfizer personnel and this interrogatory therefore seeks information that is not relevant to this action.

Interrogatory No. 24:

Please identify each employee, executive, or officer of Pfizer who directed, managed, supervised, reviewed, assessed, or had authority or managerial responsibility over the decision whether or seek FDA approval for Off-Label Uses of Neurontin, setting forth the full name and title of said employee, executive, or officer, his or her residential and business addresses, and the department he or she worked in.

Response to Interrogatory No. 24:

In addition to the General Objections, Defendants further object to Interrogatory No. 24 on the grounds that it is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information from a time period that is overly broad and not relevant. Defendants further object on the grounds that the Complaint has made no allegations concerning Pfizer personnel and this interrogatory therefore seeks information that is not relevant to this action.

Interrogatory No. 25:

Please identify each employee, executive, or officer of Pfizer who directed, managed, supervised, reviewed, assessed, or had authority or managerial responsibility over Neurontin's development, portfolio management, portfolio development, life-cycle management, life-cycle maintenance, or defense from generic competition, setting forth the full name and title of said employee, executive, or officer, his or her residential and business addresses, and the department he or she worked in.

<u>Response to Interrogatory No. 25</u>:

In addition to the General Objections, Defendants further object to Interrogatory No. 25 on the grounds that it is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information from a time period that is overly broad and not relevant. Defendants further object on the grounds that the Complaint has made no allegations concerning Pfizer personnel and this interrogatory therefore seeks information that is not relevant to this action.

<u>Interrogatory No. 26</u>:

Please identify each employee, executive, or officer of Pfizer who directed, managed, supervised, reviewed, assessed, or had authority or managerial responsibility over Pfizer's due diligence, review, or assessment of Neurontin's marketing, development, portfolio management, portfolio development, life-cycle management, life-cycle maintenance, defense from generic competition, or net present value, either prior to, during, or in connection with the merger between Pfizer and Warner-Lambert, or as part of any prospective or subsequent transition or integration effort between the companies, setting forth the full name and title of said employee, executive, or officer, his or her residential and business addresses, and the department he or she worked in.

<u>Response to Interrogatory No. 26</u>:

In addition to the General Objections, Defendants further object to Interrogatory No. 26 on the grounds that it is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information from a time period that is overly broad and not relevant. Defendants further object on the grounds that the Complaint has made no allegations concerning Pfizer personnel and this interrogatory therefore seeks information that is not relevant to this action.

<u>Interrogatory No. 27</u>:

Please identify all policies, procedures, steps, rules, guidelines or practices implemented by Pfizer which terminated, abandoned, caused to be discontinued, or materially altered or modified any policies, procedures, steps, rules, guidelines or

26

practices of Warner-Lambert which related to the manner in which Neurontin was marketed, sold, advertised, or promoted, the manner in which Events were conducted, authorized, or approved, the manner in which medical or scientific information concerning Off-Label Uses was disseminated to physicians, and/or the manner in which grants and funding relating to Clinical Trials, Medical Studies, Case Reports, or the publication of articles were approved.

Response to Interrogatory No. 27:

In addition to the General Objections, Defendants further object to Interrogatory No. 27 on the grounds that it is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information from a time period that is overly broad and not relevant. Defendants further object on the grounds that the interrogatory is vague and ambiguous and requires Defendants to engage in conjecture as to its meaning.

Interrogatory No. 28:

Please identify all Warner-Lambert employees who were sales representatives, territory managers, medical liaisons, or who worked within a CBU, who were involved in the marketing, sales, advertising, promotion, development, communications with physicians, or dissemination of medical information relating to Neurontin, and who were terminated or laid off as a result of, or ceased to be employed for any reason within 12-months before or after, the merger with Pfizer, setting forth the full name and title of said employees, their residential and business addresses, and the CBU they worked in.

Response to Interrogatory No. 28:

In addition to the General Objections, Defendants further object to Interrogatory No. 28 on the grounds that the request is overly broad, oppressive, unduly burdensome, and completely irrelevant. There were thousands of employees who may have turned over in this time period. Defendants further object on the grounds that it seeks information from a time period that is overly broad. Defendants further object on the

27

grounds that the interrogatory seeks personal information of individuals formerly employed for no purpose whatsoever.

Interrogatory No. 29:

Please identify all Warner-Lambert employees who worked within the Strategic Planning/Information Management, Neurontin Marketing, Portfolio Management, Parke-Davis Management Team, Advertising and Promotion, Product Planning, Medical and Scientific Affairs, Forecasting, Training and Development, Healthcare Management, or Public Relations departments, who were involved in the marketing, sales, advertising, promotion, development, communications with physicians, or dissemination of medical information relating to Neurontin, and who were terminated or laid off as a result of, or ceased to be employed for any reason within 12-months before or after, the merger with Pfizer, setting forth the full name and title of said employees, their residential and business addresses, and the CBU they worked in.

Response to Interrogatory No. 29:

In addition to the General Objections, Defendants further object to Interrogatory No. 29 on the grounds that the request is overly broad, oppressive, unduly burdensome, and completely irrelevant. There were thousands of employees who may have turned over in this time period. Defendants further object on the grounds that it seeks information from a time period that is overly broad. Defendants further object on the grounds that the interrogatory seeks personal information of individuals formerly employed for no purpose whatsoever.

Interrogatory No. 30:

Please identify all physicians, physician's offices, hospitals, practice groups, or health care providers, including but not limited to the Identified Physicians, who received a Payment during the relevant time period, to write, edit, or contribute to an Article, which discussed or was expected to discuss the Off-Label Use of Neurontin, setting forth the name and business address of the physician, physician's office, hospital, practice group, or health care provider and the date and amount of each instance of Payment.

28

Response to Interrogatory No. 30:

In addition to the General Objections, Defendants further object to Interrogatory No. 30 on the grounds that the phrase "was expected to discuss" is vague and ambiguous. Defendants further object on the grounds that the interrogatory seeks information from a time period that is overly broad. Defendants further object on the grounds that it has already produced documents, to the extent they exist, containing information responsive to this interrogatory, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents or information, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998, from which the response to this interrogatory may be derived.

Interrogatory No. 31:

Please identify all physicians, including but not limited to the Identified Physicians, who received a Payment during the relevant time period to speak at or moderate an Event where the Off-Label Use of Neurontin was discussed, setting forth the name and business address of the physician, physician's office, hospital, practice group, or health care provider, the date and amount of each instance of Payment, the name of the Event, the location of the Event, and the date of the Event.

Response to Interrogatory No. 31:

In addition to the General Objections, Defendants further object to Interrogatory No. 31 on the grounds that it is unworkable in calling for information about Events

"where the Off-Label Use of Neurontin was discussed." Defendants further object on the grounds that the interrogatory seeks information from a time period that is overly broad. Defendants further object on the grounds that it has already produced documents, to the extent they exist, containing information responsive to this interrogatory, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents or information, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998, from which the response to this interrogatory may be derived.

Interrogatory No. 32:

Please identify all physicians, including but not limited to the Identified Physicians, who received a Payment during the relevant time period, to attend or participate in an Event where the Off-Label Use of Neurontin was discussed, setting forth the name and business address of the physician, physician's office, hospital, practice group, or health care provider, the date and amount of each instance of Payment, the name of the Event, the location of the Event, and the date of the Event.

Response to Interrogatory No. 32:

In addition to the General Objections, Defendants further object to Interrogatory No. 32 on the grounds that it is unworkable in calling for information about Events "where the Off-Label Use of Neurontin was discussed." Defendants further object on the grounds that the interrogatory seeks information from a time period that is overly broad. Defendants further object on the grounds that it has already produced documents, to the

extent they exist, containing information responsive to this interrogatory, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents or information, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998, from which the response to this interrogatory may be derived.

Interrogatory No. 33:

Please identify all physicians, physician's offices, hospitals, practice groups, or health care providers, including but not limited to the Identified Physicians, who received a Payment during the relevant time period, to investigate, study, research, review, or to participate or prepare a Clinical Trial, Medical Study or Case Report relating to an Off-Label Use of Neurontin, setting forth the name and business address of the physician, physician's office, hospital, practice group, or health care provider, the date and amount of each instance of Payment, the title and or protocol number, if any, of the investigation, Clinical Trial, Medical Study or Case Report, the Off-Label Use that was the subject of the investigation, Clinical Trial, Medical Study or Case Report, the identity of the person or person employed by the Defendants who approved the Payment, and the departmental or CBU budget from which the Payment came or against which the Payment was counted.

Response to Interrogatory No. 33:

In addition to the General Objections, Defendants further object to Interrogatory No. 33 on the grounds that it is unworkable in calling for information about Events "where the Off-Label Use of Neurontin was discussed." Defendants further object on the grounds that the interrogatory seeks information from a time period that is overly broad. Defendants further object on the grounds that it has already produced documents, to the

31

extent they exist, containing information responsive to this interrogatory, and the burden of deriving or ascertaining the answer to this interrogatory from the documents is substantially the same for the Plaintiffs as for the Defendants.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce for inspection and copying, at a mutually convenient time and location, the NDA. Defendants will also produce, at a mutually convenient time and location, research reports relating to Neurontin, as well as additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998, from which the response to this interrogatory may be derived. Defendants further state that there may be documents in the public domain relating to Case Reports and Medical Studies from which the answer to this interrogatory may be derived.

Interrogatory No. 34:

Please identify each Article or other document relating to Neurontin submitted by Defendants to the FDA in accordance with, to comply with, or seeking the protections or advantages of the FDA Modernization Act of 1997 ("FDAMA"), including but not limited to all applications, certifications, articles, or semiannual lists of articles, setting forth the date that each Article or document was submitted, and the Off-Label Use(s) addressed or discussed therein.

Response to Interrogatory No. 34:

In addition to the General Objections, Defendants further object to Interrogatory No. 34 on the grounds that the interrogatory seeks information from a time period that is overly broad. Defendants further object on the grounds that it has already offered to produce documents containing information responsive to this interrogatory in its response to Plaintiffs' Document Request No. 248, and the burden of deriving or ascertaining the

32

answer to this interrogatory is substantially the same for the Plaintiffs as for the

Defendants.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants state that they will produce documents related to Neurontin

submitted by Defendants to the FDA prior to December 31, 1998 pursuant to FDAMA, or

information sufficient to identify such documents.

Interrogatory No. 35:

Please identify every case, lawsuit, or legal proceeding since June 28, 1993 in which any of the Defendants have filed a motion (including but not limited to a motion to dismiss, motion for summary judgment, motion in limine, so-called "Daubert" motion, or any other motion seeking to strike expert testimony) asserting that an opposing party's evidence that any of the Defendant's drugs caused a medical condition or result was not sufficient or admissible due to the opposing party's failure to present sufficient "scientific" evidence, such as clinical studies, by providing:

(a)   the name of the parties and the caption to the case, lawsuit, or legal proceeding;

(b)   the Court in which the case, lawsuit, or legal proceeding was pending; and

(c)   the docket number of the case, lawsuit, or legal proceeding.

Response to Interrogatory No. 35:

In addition to the General Objections, Defendants further object to Interrogatory No. 35 on the grounds that it seeks information that is not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that the interrogatory is not confined to Neurontin. Defendants further object on the grounds that the request is vague, ambiguous, and confusing.

Interrogatory No. 36:

For each case, lawsuit, or legal proceeding identified in response to Interrogatory No. 36, please provide:

33

(a)  the title of the motion which challenged the opposing party's evidence that any of the Defendant's drugs caused a medical condition or result;

(b)  the court's ruling on the motion (e.g. granted, denied, granted in part, etc);

(c)  the date the motion was acted upon;

(d)  the date and result of any appellate ruling based on the motion, if any; and

(e)  the citation of any published opinion which relates to the motion or any appeal of a ruling on the motion.

<u>Response to Interrogatory No. 36</u>:

In addition to the General Objections, Defendants further object to Interrogatory No. 36 on the grounds that it seeks information that is not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that the interrogatory is not confined to Neurontin. Defendants further object on the grounds that the request is vague, ambiguous, and confusing.

34

Dated: New York, New York
May 6, 2005

DAVIS POLK & WARDWELL

By: _James Rouhandeh/dlm_

James P. Rouhandeh
James E. Murray

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

HARE & CHAFFIN

By: _David Chaffin/dlm_

David B. Chaffin
BBO No. 549245

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

Attorneys For Defendants Pfizer Inc. and
Warner-Lambert Company.

35