# GREENE & HOFFMAN

PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

FACSIMILE
(617) 261-3558
EMAIL
office@greenehoffman.com

125 SUMMER STREET, SUITE 1410
BOSTON, MASSACHUSETTS 02110
(617) 261-0040
www.greenehoffman.com

July 8, 2005

James P. Rouhandeh, Esq.
James E. Murray, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re:   *In Re Neurontin Marketing and Sales Practices Litigation*
      *MDL No. 1629*

Dear Counsel:

I am writing to follow up with you on the issues that remain unresolved from the meet and confer sessions regarding Defendants' responses to Plaintiffs' document requests and interrogatories in the above-referenced matter.

As you are undoubtedly aware, several issues remain unresolved from the meet and confer sessions that took place on May 17th, May 24th, June 6th and June 16th, 2005. For each of the following issues, you promised that you would get back to us after consulting with your client and/or after you had a chance to conduct further investigation. To date, we are still awaiting responses from you. The following is a list of the remaining open issues:

1.  You agreed to tell us whether or not you would produce a copy of the Cline, Davis, Mann/Sudler Hennessey documents that were produced to the government in the Franklin case (a copy set of which was made by your firm).

2.  You agreed to inform us whether the Gideon database (containing, in part, payments to physicians to conduct medical studies) exists and identify the fields of data in this database, and whether you will produce it.

3.  You agreed to inform us of the types of documents that exist that relate to Neurontin clinical trials.

4.  You agreed to inform us whether the defendants would provide us with all drafts of research reports and clinical design documents regarding the Neurontin clinical trials.

James E. Murray, Esq.
July 8, 2005
Page 2

5. With respect to the approximately 1,000 boxes of documents in Ann Arbor, although you agreed to produce an index, we have not received it.

6. Will you permit Plaintiffs' counsel to inspect the 1,000 boxes of documents in Ann Arbor, and if so, when?

7. With respect to Document Request No. 53, whether the medical liaison database existed prior to December 31, 1998, and if it did, what fields were part of that database.

8. With respect to Document Request Nos. 105 and 121-122, whether you will produce documents concerning the "Identified Doctors."

9. Whether a database exists concerning payments for clinical trials.

10. Whether Defendants communicated directly with Micromedex.

11. When you will provide Plaintiffs with a copy of the index for the Ann Arbor boxes.

12. Whether documents relating to clinical trials that were conducted outside of Ann Arbor have been sent to Ann Arbor for storage.

13. What data the Defendants have from the IMS database (the "snapshot").

14. With respect to Document Request Nos. 172-173:
    a. Whether Defendants made any public statements regarding the FDA's denial of Defendants' application for approval of Neurontin as monotherapy for epilepsy.
    b. If they did, whether you will produce responsive documents.

15. With respect to Document Request Nos. 174-175, whether you will look in the finance department for these documents.

16. With respect to Document Request No. 208, whether you will produce documents created as part of Pfizer's due diligence.

17. With respect to Document Request No. 240, whether you have found profit and loss statements, and if so, when you will produce them. (On June 16, 2005, you represented that you thought that hard copy profit and loss statements had been found, and that you would produce them within two weeks).

18. With respect to Document Request Nos. 246-249, whether you will search for and produce documents related to FDAMA filings.

James E. Murray, Esq.
July 8, 2005
Page 3

19. With respect to Document Request No. 250, whether you will search the finance department for responsive documents.

20. With respect to Interrogatory No. 4, whether you will provide us with a list of Clinical Trials, Medical Studies, and Case Reports that Defendants funded, and if so, whether you will respond to Interrogatory No. 4 with respect to at least those studies.

21. Whether you will stipulate to the authenticity of the documents that you have produced.

22. With respect to Interrogatory No. 5, whether you are willing to discuss a mutually acceptable definition of "effective," and then respond to the interrogatory on the bases of such a definition.

23. With respect to Interrogatory Nos. 18 and 19, whether you will respond to the extent the interrogatory calls for the identification of all marketing strategies adopted, pursued, formulated, planned, and/or implemented by Defendants for Neurontin prior to January 1, 1999.

24. With respect to Interrogatory No. 28, whether you will provide a list of all Warner-Lambert sales representatives.

25. With respect to Interrogatory No. 34, whether you will respond.

Note that we produced Plaintiffs' first wave of documents within 30 days of receiving Defendants' document requests and responded within a week to the vast majority of issues raised by counsel at the June 29, 2005 meet and confer regarding Plaintiffs' responses to Defendants' document requests and interrogatories. So that there is no misunderstanding, if we do not receive a substantive response to each of these issues within seven (7) days we will consider the remaining unresolved issues to be ripe for a motion to compel.

Very truly yours,

Thomas M. Greene

TMG/sc

James E. Murray, Esq.
July 8, 2005
Page 4

cc:  Don Barrett, Esq.
 Daniel E. Becnel, Jr., Esq.
 James R. Dugan, Esq.
 Barry Himmelstein, Esq.
 Thomas Sobol, Esq.
 Linda P. Nussbaum, Esq.
 Richard Shevitz, Esq.
 Ronald Aranoff, Esq. ✓