BERNSTEIN LIEBHARD & LIFSHITZ, LLP
ATTORNEYS AT LAW
10 EAST 40TH STREET
NEW YORK, NEW YORK 10016

---

(212) 779-1414
FAX: (212) 779-3218
www.bernlieb.com

October 30, 2006

**VIA FACSIMILE**

Debbie MacGregor, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

      RE:   *In re Neurontin Marketing and Sales Practices Litigation*
              *MDL No. 1629*

Dear Debbie:

      I am writing to address the status of defendants' responses to plaintiffs' interrogatories. As you may know, plaintiffs served Class and Non Class Plaintiffs' First Set of Interrogatories (the "Interrogatories") upon defendants on March 11, 2005. On May 6, 2005, defendants served their Responses and Objections to Class and Non Class Plaintiffs' First Set of Interrogatories (the "Responses"), in which defendants objected to providing the majority of information requested by plaintiffs. On June 16, 2005, counsel for the parties engaged in a meet and confer (the "Meet and Confer") pursuant to Fed. R. Civ. P. 37(a)(2)(B) at Davis Polk in an effort to resolve their disputes regarding defendants' Responses.

      The result of the Meet and Confer was that, as to the majority of the Interrogatories, defendants' counsel refused to provide more complete answers without intervention of the Court. As to a handful of other Interrogatories, defendants agreed to provide additional information. On July 8, 2005, Thomas Greene sent a letter to James Rouhandeh and James Murray requesting that defendants follow up on the unresolved issues from the meet and confer. On July 19, 2005, James Murray responded in a letter (the "July 19th letter") to Thomas Greene regarding these unresolved issues.

      Based upon the Responses, counsel's discussions at the Meet and Confer, and the July 19th letter, below is a summary of plaintiffs' understanding of defendants' positions with respect to each of the disputed Interrogatories.

BERNSTEIN LIEBHARD & LIFSHITZ, LLP

Debbie MacGregor, Esq.
October 30, 2006
Page 2

| **Interrogatory No.** | **Defendants' Position** |
|---|---|
| 2-3. | At the Meet and Confer, James Murray represented that defendants lacked information regarding the total number of prescriptions and total sales for Neurontin. Mr. Murray agreed to produce "tabulations" as part of defendants' document production, but otherwise refused to respond substantively to this Interrogatory. |
| 4. | At the Meet and Confer, Mr. Murray reiterated defendants' objection to Interrogatory No. 4 on the grounds that it was overly burdensome to identify all the requested studies in light of the fact that over 7,000 articles have been published on the topic of Neurontin. Plaintiffs requested that, as a starting point, defendants identify the studies that were funded by defendants. Mr. Murray agreed to get back to us regarding whether defendants would provide that information. In the July 19th letter, Mr. Murray represented that defendants "have had some meetings and have scheduled additional meetings this week with personnel in clinical affairs, and should be able to provide information relating to these issues following those meetings." To date, defendants have yet to provide any information responsive to this Interrogatory. |
| 5. | In the July 19th letter, Mr. Murray reiterated defendants' position from the Meet and Confer that defendants would not respond to this Interrogatory because it was premature to answer whether Neurontin is effective for various indications without the benefit of expert testimony. |
| 6-12. | Defendants provided no substantive responses to Interrogatories 6-12. At the Meet and Confer, defendants reiterated their position that they would not provide information responsive to these Interrogatories. |
| 13-17. | At the Meet and Confer, Mr. Murray agreed to provide responsive information for the time period up through December 31, 1998. |
| 18-19. | In the July 19th letter, Mr. Murray refused to respond to Interrogatories 18 and 19 on the grounds that the requests were burdensome and that defendants already produced documents relating to marketing. |
| 20-26. | At the Meet and Confer, Mr. Murray reiterated defendants' position that they would not respond to these Interrogatories because they seek information from a time period after December 31, 1998. |
| 28. | In the July 19th letter, Mr. Murray wrote that defendants were "in the process of determining whether this information is available within one accessible location, |

BERNSTEIN LIEBHARD & LIFSHITZ, LLP

Debbie MacGregor, Esq.
October 30, 2006
Page 3

      and will let [plaintiffs] know once [defendants] find out." To date, defendants have not provided information responsive to this Interrogatory.

30-33.  At the Meet and Confer, Mr. Murray reiterated defendants' position that they will not respond to these Interrogatories because they are duplicative of document requests.

35-36.  At the Meet and Confer, Mr. Murray reiterated defendants' position that they will not respond to these Interrogatories because they are irrelevant.

Based on the foregoing, we believe that we have completed our meet and confer obligations under Rule 37(a)(2)(B). With respect to Interrogatories Nos. 2-3, 5-12, 18-19, and 30-36, for which defendants have refused to respond, we feel that those issues are ripe for a motion to compel, as they were last July. If defendants' positions with respect to any of these interrogatories have changed, please let me know by November 6, 2006 which interrogatories you intend to respond to and when we can expect those responses. If I have not heard from you by close of business on November 6, 2006, I will assume that your position continues to be that defendants will not respond substantively to these interrogatories.

With respect to Interrogatories Nos. 4 and 28, for which defendants have promised a follow-up, please provide me with a status update by November 6, 2006 letting me know when we can expect to receive defendants' substantive responses.

With respect to Interrogatories Nos. 13-17 and 20-26, to which defendants objected on the grounds that information was sought beyond December 31, 1998, please let me know by November 6, 2006 whether defendants intend to supplement their responses given Magistrate Sorokin's August 17, 2006 discovery order to produce documents through May 31, 2001.

                                              Very truly yours,

                                              Ronald J. Aranoff

cc:    Thomas Greene, Esq.
        Richard Shevitz, Esq.