# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4853

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

November 27, 2006

Re: In re Neurontin Marketing, Sales Practices and Products Liability Litigation, MDL No. 1629

Mr. Ronald J. Aranoff, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, New York 10016

Dear Ron:

I write to follow-up on the issues raised during our November 22, 2006 telephonic meet-and-confer session concerning plaintiffs' interrogatories (the "meet-and-confer session"). As we discussed, defendants have made our best efforts to gather the information you requested since October 30, 2006, when plaintiffs raised the issue of the interrogatories for the first time since July 2005. While we understand that you had hoped to receive our response by today in order to meet your deadline to file a motion in advance of the December discovery conference, please note that it will take more time for us definitively to determine the responses to certain of these issues. The following is subject to, and without waiving, defendants' responses and objections to plaintiffs' interrogatories.

Interrogatories 2 and 3: As we discussed at the meet-and-confer session, defendants will produce relevant information responsive to these requests, to the extent it exists, by providing documents. As defendants have stated in the past, prescription-level data does not reflect diagnosis information. To the extent the company has collected and maintained from third-parties sample data reflecting diagnosis information, defendants will provide relevant information.

Interrogatory 4: You requested that defendants identify the date on which they produced documents containing information responsive to this request. Defendants produced Neurontin-related research reports to Thomas Sobol on May 20, 2005. Defendants produced a database of articles relating to Neurontin to Thomas Sobol on September 1, 2005.

Interrogatory 5: As stated at the meet-and-confer session, defendants believe that this interrogatory is premature.

Interrogatories 6 – 12: As you know, defendants are producing relevant information relating to the speakers bureau for Neurontin. Defendants continue to

Mr. Ronald J. Aranoff, Esq.    2    November 27, 2006

investigate whether the company maintained central depositories of information about other relevant Neurontin-related meetings, to the extent they occurred (including consultants meetings, advisory board meetings, and continuing medical education), grants, or the funding or review of articles relating to Neurontin and the relevant off-label uses. We note that information responsive to these interrogatories relating to the relevant off-label uses can be derived, to the extent it exists, from the files of the marketing team for Neurontin.

Interrogatory 13: We will provide the names of the Pfizer employees who made up the national marketing team for Neurontin during the relevant time period by December 15, 2006. The names of relevant Pfizer committees or groups with responsibility for the marketing or promotion of Neurontin can be derived from the documents defendants are producing from the files of the Neurontin marketing team.

Interrogatories 14, 15 and 17: As discussed at the meet-and-confer session, defendants are producing the CMMS and Sherlock databases on January 15, 2007. You requested that defendants identify the date on which they produced the Merlin and Pfoenix databases. Defendants produced these databases to Thomas Sobol on July 8, 2005. Defendants are still verifying the time frame for which these databases were provided. Defendants have also agreed to produce relevant IMS data relating to Neurontin, subject to a determination of the proper scope of that production. Defendants are in the process of determining other databases, if any, that track relevant information responsive to interrogatory number 17.

Interrogatory 16: To be clear, defendants will provide from the accounts payable database information about Neurontin-related payments, if any, made to the 75 Identified Physicians after plaintiffs provide additional identifying information about these physicians (such as their address or state of residence). As previously described, this is an extremely time-consuming process. Defendants will also consider identifying other payments, if any, made to other relevant physicians or entities, if and when such physicians and entities are identified by plaintiffs.

Interrogatories 18 through 21: As discussed during the meet-and-confer session, defendants are producing relevant documents from the files of the marketing team for Neurontin, and documents containing information responsive to these interrogatories, if any, will be provided in the course of that production.

Interrogatory Number 22: The parties agreed at the meet-and-confer session that this interrogatory is duplicative of interrogatory number 13, and therefore no separate response is required. To the extent plaintiffs require a response, please refer to interrogatory number 13 above.

Interrogatory Numbers 23 – 26: Defendants will provide the names of the Pfizer employees who made up the national marketing team for Neurontin during the relevant time period by December 15, 2006.

Mr. Ronald J. Aranoff, Esq.　　　　3　　　　November 27, 2006

　　　Interrogatory Number 27: Defendants will produce relevant documents containing standard operating procedures relating to relevant codes of conduct on December 4, 2006.

　　　Interrogatory Number 28: Defendants articulated their position with respect to this request at the meet-and-confer session.

　　　Interrogatories 30 through 33: As explained at the meet-and-confer session, defendants are producing information about payments to Neurontin speakers. Defendants have also agreed to produce information about payments, if any, to the 75 Identified Physicians once plaintiffs provide additional identifying information relating to these physicians (such as their addresses or state of residence).

　　　Interrogatories 35 and 36: Defendants stand by their objections relating to, *inter alia*, relevance and burden.

　　　Plaintiffs also requested defendants to provide dates for a possible meet-and-confer session to discuss certain materials defendants produced in redacted form in the New York state case captioned *Young v. Pfizer Inc.* Defendants currently are available during the morning of December 7, 2006, or on December 8, 2006.

　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　*Debbie MacGregor*

　　　　　　　　　　　　　　　　　　Debbie MacGregor

cc:　　　Thomas Greene, Esq.
　　　　　Richard Shevitz, Esq.
　　　　　Kenneth Fromson, Esq.

By Facsimile