UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | MDL Docket No. 1629 |
| IN RE NEURONTIN MARKETING AND | ) | |
| SALES PRACTICES LITIGATION | ) | Master File No. 04-10981 |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | Judge Patti B. Saris |
| | ) | |
| ALL SALES AND MARKETING ACTIONS | ) | Magistrate Leo T. Sorokin |
| | ) | |

**MEMORANDUM IN SUPPORT OF SALES AND MARKETING
PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
FROM NON-PARTIES SUDLER & HENNESSEY, CLINE DAVIS & MANN,
FERGUSON, ADELPHI, INC., CURRENT MEDICAL DIRECTIONS, INC.,
<u>FALLON MEDICA, AND THE IMPACT GROUP</u>**

Sales and Marketing Plaintiffs, by counsel, respectfully request that the Court Order that

Sudler & Hennessey, Cline Davis & Mann, Inc., Ferguson (a division of Common Health),

Adelphi, Inc., Current Medical Directions, Inc., Fallon Medica, and the Impact Group

(collectively "Non-Parties"), immediately comply with the properly issued subpoenas and

compel production of the documents requested therein by a date certain set by the Court.[1]  In the

alternative, Sales and Marketing Plaintiffs request that the Court compel the Non-Parties to

produce all responsive documentation up to and including May 31, 2001, pursuant to this Court's

June 19, 2006 Discovery Order, by a date certain; and supplement the documentation through

2004 if Plaintiffs' Motion for Leave to File Third Amended Complaint is approved by the Court.

---

[1] All of the non-parties that are the subject of this Motion to Compel are represented by the law
firm of Davis & Gilbert, LLP.

## I.  Background

**A.    Sudler & Hennessey, Cline Davis & Mann, Inc., and Ferguson**

On May 10, 2005, Plaintiffs issued a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure to Sudler & Hennessey, Cline Davis & Mann, Inc., and Ferguson (a division of Common Health), all three of which are medical marketing firms located in either New York or New Jersey.  See Exhibits A, B, and C to Declaration of Jeff S. Gibson in Support of Plaintiffs' Motion to Compel Production of Documents from Non-Parties Sudler & Hennessey, Cline Davis & Mann, Ferguson, Adelphi, Inc., Current Medical Directions, Inc., Fallon Medica, and The Impact Group ("Gibson Decl.").  Plaintiffs issued the subpoenas because these three entities are healthcare communication companies that were retained by the Defendants to assist in the marketing and promotion of Neurontin.  On June 15, 2005, Sudler & Hennessey, Cline Davis & Mann, and Ferguson responded through their attorneys, the New York law firm Davis & Gilbert, LLP, with their objections to the Subpoenas. See Exhibits D, E, and F to the Gibson Decl.  In their responses, Sudler & Hennessey, Cline Davis & Mann, and Ferguson arbitrarily limited the time parameters of the subpoena.  While each subpoena requested documents from 1994 through the present, Sudler & Hennessey, Cline Davis & Mann, and Ferguson initially agreed only to produce documents through December 31, 1998. See Exhibits D, E, and F to Gibson Decl.

After receiving the responses, counsel for Plaintiffs contacted counsel for Sudler & Hennessey, Cline Davis & Mann, and Ferguson on July 5, 2005 to discuss the appropriateness of the time limitation.  In addition, counsel for Plaintiffs sent a letter to counsel for Sudler & Hennessey, Cline Davis & Mann, and Ferguson on July 18, 2005 to further discuss the arbitrary time limitation. See Exhibit G to Gibson Decl.

During the telephonic communication of July 5, 2005, counsel for Sudler & Hennessey, Cline Davis & Mann, and Ferguson stated that the time limitation arbitrarily imposed stemmed from pending motions in which the Defendants in the above-entitled matter were seeking an order from the Court limiting the scope of their discovery responses up to 1998.   Counsel for Sudler & Hennessey, Cline Davis & Mann, and Ferguson stated that their client could gather the documentation up to 1998; however, he expressed concern that if the Court ordered the time frame of relevant production extend through the present, then Sudler & Hennessey, Cline Davis & Mann, and Ferguson would incur burdensome costs as a result of being required to retrieve documentation for a second time.

The non-parties reiterated their position in a July 22, 2005 letter with respect to their claim of undue burden in refusing to produce documents responsive to the subpoena. See Exhibit H to Gibson Decl.  On September 6, 2005, counsel for Plaintiffs sent a second letter to counsel for Sudler & Hennessey, Cline Davis & Mann, and Ferguson outlining the inherent flaws in their position. See Exhibit I to Gibson Decl.

### B.    Adelphi, Inc., Current Medical Directions, Inc., Fallon Medica, The Impact Group

On September 8, 2006, Plaintiffs issued subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure to Adelphi, Inc., Current Medical Directions, Inc., Fallon Medica, and The Impact Group.  See Exhibits J, K, L, and M to Gibson Decl.  These third parties are also medical marketing firms, located primarily in New York as well.  Plaintiffs issued the subpoenas because these entities are additional healthcare communication companies that were retained by the Defendants to assist in the marketing and promotion of Neurontin.  On September 22, 2006, Adelphi, Inc., Current Medical Directions, Inc., Fallon Medica, and The Impact Group, responded through their attorneys, Davis & Gilbert, LLP, with their objections to the Subpoenas.

3

See Exhibits N, O, P, and Q to Gibson Decl.  In their responses, Adelphi, Inc., Current Medical Directions, Inc., Fallon Medica, and The Impact Group stated that they were not inclined to produce documents because they did not believe the time limitation for discovery was fully established.  Adelphi, Inc., Current Medical Directions, Inc., Fallon Medica, and The Impact Group stated that they would not produce the documents until the time limitation was completely resolved because they would incur burdensome costs as a result of being required to retrieve documentation for a second time.  See Exhibits N, O, P, and Q to Gibson Decl.

### C.  The Dispute

Prior to resolving the dispute over time limitations with respect to Sudler & Hennessey, Cline Davis & Mann, and Ferguson, Magistrate Judge Leo T. Sorokin issued a Report and Recommendation for approval of Defendants' Motion to Dismiss on January 31, 2006.  On the same date the Magistrate Judge issued an Order staying all discovery.

On June 19, 2006, the Court lifted the discovery stay.  Moreover, the Court issued an Order that imposed a May 31, 2001 cut-off for discovery ("the Discovery Order").  On September 11, 2006, the District Court Judge denied the Plaintiffs' objection to the Magistrate's Discovery Order, but did so without prejudice to the Plaintiffs, allowing them to amend their Complaint to make particularized allegations of events and conduct that occurred after May 31, 2001.  Based on the lifting of the discovery stay and the imposition of a May 31, 2001 discovery cut-off, counsel for Plaintiffs contacted counsel for Sudler & Hennessey, Cline Davis & Mann, and Ferguson on September 7, 2006 requesting the immediate production of all relevant documentation.  See Exhibit R to Gibson Decl.  In response, Sudler & Hennessey, Cline Davis & Mann, and Ferguson stated that they would not produce documents within the new discovery scope of May 31, 2001 if Plaintiffs intended to file an Amended Complaint that would alter the

scope of the discovery time limitation. See Exhibit S to Gibson Decl.  Sudler & Hennessey, Cline Davis & Mann, and Ferguson again refused to produce documents on the basis that they would incur burdensome costs as a result of being required to retrieve documentation for a second time if the time limitation of discovery was altered.  See Exhibit S to Gibson Decl.

On November 3, 2006, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint ("Motion to Amend").  Specifically, Plaintiffs included allegations of Defendants' continuation of their deceptive off-label marketing through December 2004.  The allegations of the continuing deception included allegations of dozens of marketing events relating to off-label uses held around the country as well as publication of numerous journal articles touting off-label uses. The Motion to Amend is currently pending before this Court.

On November 21, 2006, counsel for Plaintiffs contacted counsel for the non-parties to discuss document production and time limitation.  Plaintiffs offered to limit the scope of production to January 1, 1994 to December 31, 2004 in light of the additional allegations. Counsel for the non-parties again balked at production based on the possibility that the Defendants could contest the new date of production set forth in the Amended Complaint.  In sum, the non-parties maintain that they will not produce any documentation until the exact scope of production is completely resolved.

The non-parties' position suffers from one monumental flaw.  The purported burden they are claiming is self-imposed and not the result of the subpoena.  The non-parties are choosing to create a burden by refusing to fully comply with the subpoena.   As a result, the non-parties have continuously refused to produce any documents for well over a year.  Accordingly, Plaintiffs request that the Court Order the non-parties to immediately comply with the subpoena and produce all documentation from 1994 to 2004.

## II.  Legal Argument

### A.  The MDL Court has Jurisdiction to Resolve the Discovery Disputes with the Non-Parties

"Pretrial proceedings in MDL cases operate pursuant to both Section 1407 and the Federal Rules of Civil Procedure."  U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc., 444 F.3d 462, 466 (6th Cir. 2006).  Generally, "any disputes that arise over the subpoena of a nonparty are decided by the court that issued the subpoena. See Fed. R. Civ. P. 45(c)(2)(B) ("If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued")." Id.  However, the powers of an MDL Court are unique.

An MDL Court is assigned with the responsibility of handling all pretrial proceedings, and the rules could hamper the Court's authority and duty to conduct pretrial proceedings with the consolidated cases. Id.  Accordingly, "the MDL statute empowers an MDL judge to act as a judge of the deposition or discovery district.  See 28 U.S.C. § 1407(b) ("The judge or judges to whom such [MDL] actions are assigned ⋯ may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings"). A judge presiding over an MDL case therefore can compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted." Id. at 469.

In the present matter, the subpoenas sent to the non-parties were issued out of various district courts.  However, pursuant to 28 U.S.C. §1407(b) and in the interest of just and efficient resolution, this Court has the authority to enforce compliance with the subpoenas.

**B.      Production of the Documents from 1994 to 2004 Does Not Place an Undue Burden on the Non-Parties**

In response to the subpoenas, the non-parties set forth the typical objections permitted under Federal Rule of Civil Procedure 45.  On each occasion, their counsel, Davis & Gilbert, LLP indicated an ability to produce documents, but an unwillingness to gather the documents until the time limitation for discovery is fully established.  In doing so, the non-parties claim that they will incur burdensome costs as a result of being required to retrieve documentation for a second time.  However, the non-parties fail to acknowledge that the alleged "burden" is not being placed on them by the Plaintiffs, but rather they are creating the burden by refusing to fully comply with the subpoena.

"Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation."  Wiwa v. Royal Dutch Petroleum Co. 392 F.3d 812, (5th Cir.2004).[2]  "Factors considered in determining whether subpoena duces tecum presents an undue burden are: (1) relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed; furthermore, if the person to whom the document request is made is a non-party, court may also consider the expense and inconvenience to the non-party." Fed. R. Civ. P. Rule 45. Id. at 818.

Within the standard set forth in Wiwa, the subpoenas do not impose an undue burden on the non-parties.  First, the documents requested are highly relevant because the non-party

---

[2] The factors set forth in Wiwa in determining burden, have been adopted by the First Circuit. See United States v. Concemi, 957 F.2d 942, 949 (1st Cir.1992), and Demers v. LaMontagne, 1999 WL 1627978, D. Mass., May 5, 1999.

medical communication and marketing firms assisted the Defendants with their promotion and marketing of Neurontin for both FDA approved and off-label uses.  Such documents go to the heart of Plaintiffs' case and are necessary for Plaintiffs' prosecution of this matter. Secondly, the time period and scope of the requests are reasonable.  Plaintiffs are not requesting documents from the non-parties dating back several years; they are requesting documents from 1994 to 2004.  Moreover, Plaintiffs have tried to be narrow in their requests.  Indeed, Plaintiffs are willing to discuss narrowing the scope of the requests.  Finally, Plaintiffs are required to reimburse Defendants for the copying expense of the documents.  However, the Non-Parties are refusing to take any action until the time limitation is resolved.  [Exhibits H, N, O, P, Q and S] As such, the non-parties are avoiding their obligation to comply with the subpoena by relying on a frivolous argument that is creating a discovery quagmire.[3]

The burden claimed by the non-parties is self-imposed.  The non-parties are choosing to create this burden by refusing to fully comply with the subpoena. Nowhere do the non-parties claim that merely producing all documents from the 1998 – 2004 period is in and of itself unduly burdensome.  Rather, they claim that the burden would result from having to produce documents twice — the first production being a narrow subset of the documents from the 1994 – 2001 period, and the second production being whatever post-2001 documents would have to be produced to supplement production up to the discovery endpoint established by the Amended Complaint.[4]  Of course, this dilemma could be avoided if the Non-Parties simply complied with the subpoena and produced all documents as specified, i.e. from 1994 – 2004.

---

[3] Based on the non-parties conduct it seems apparent that they are following the guidance of the Defendants in handling the discovery disputes.

[4] To date, the non-parties have not identified the time frame in which they worked with the Defendants and thus have responsive documents.  Conceivably, some of the non-parties may

Moreover, any inquiry into the manner in which marketing vendors organize their files completely topples the supposed claim of burden. Medical marketing firms organize their files by event. Thus, for example, a pain event in Chicago on March 20, 2003 would be labeled as such, to distinguish it from the sleep event held in Chicago on June 3, 2003. This observation—that Non-Parties keep organized files that are segregated by event that are clearly labeled, to show date and location—has been repeatedly confirmed by attorneys involved in Neurontin litigation when they reviewed the files of medical marketing firms. By now, these medical marketing firms could have reviewed their files, and determined which files are from before May 31, 2001, and which are from after. They could have already produced the files relating to pre-2001 events, and kept the remaining files segregated pending resolution of the discovery cut-off issue. Even if the discovery cut-off were to change, there would be no duplication of effort. For this reason, the Court should set aside the non-parties' objections based on their own self-imposed and unsupported claim of burden.

### III.    Conclusion

For the reasons set forth above, the Plaintiffs respectfully request that the Court Compel the Non-Parties, Sudler & Hennessey, Cline Davis & Mann, Inc., Ferguson (a division of Common Health), Adelphi, Inc., Current Medical Directions, Inc., Fallon Medica, and the Impact Group, to immediately comply with the subpoena and produce the requested documentation from 1994 to 2004. In the alternative, Plaintiffs request that the Court:

(a) compel the Non-Parties to produce all responsive documentation up to and including May 31, 2001, pursuant to this Court's June 19, 2006 Discovery Order, by a date certain; and

---

only have documents between 1994 and 2001. Under these circumstances, the undue burden argument is moot and there is no basis for withholding production.

(b) supplement the documentation through 2004 if Plaintiffs' Motion for Leave to File Third

Amended Complaint is approved by the Court.

Dated:  November 30, 2006                                  Respectfully Submitted,

By:     **/s/ Thomas Greene**
        Thomas Greene Esquire
        Greene & Hoffman
        125 Summer Street
        Boston, MA 02110

By:     **/s/ Barry Himmelstein**
        Barry Himmelstein, Esquire
        Lieff Cabraser Heimann &
        Bernstein, LLP
        Embarcadero Center West
        275 Battery Street, 30th Floor
        San Francisco, CA 94111-3339

By:     **/s/ Don Barrett**
        Don Barrett, Esquire
        Barrett Law Office
        404 Court Square North
        P.O. Box 987
        Lexington, MS 39095

By:     **/s/ Daniel Becnel**
        Daniel Becnel, Jr., Esquire
        Law Offices of Daniel Becnel, Jr.
        106 W. Seventh Street
        P.O. Drawer H
        Reserve, LA 70084

By:     **/s/ James Dugan**
        James Dugan, Esquire
        Dugan & Browne
        650 Poydras St., Suite 2150
        New Orleans, LA 70130

        ***Members of the Class Plaintiffs' Steering
        Committee***

By:    /s/ **Thomas M. Sobol**
   Thomas M. Sobol
   Hagens Berman Sobol Shapiro LLP
   One Main Street, 4th Floor
   Cambridge, MA 02142

***Plaintiffs' Liaison Counsel and Member of
the Class Plaintiffs' Steering Committee***

By:    /s/ **Richard Cohen**
   Richard Cohen, Esquire
   Lowey Dannenberg Bemporad
   & Selinger, P.C.
   The Gateway
   One North Lexington Avenue
   White Plains, NY 10601

By:    /s/ **Linda P. Nussbaum**
   Linda P. Nussbaum, Esquire
   Cohen Milstein Hausfeld & Toll
   150 East 52nd Street
   Thirteenth Floor

***Members of the Plaintiffs' Non-Class
Steering Committee***