UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | |
| THIS DOCUMENT RELATES TO: ) ) ) ALL MARKETING AND ) SALES PRACTICES ACTIONS ) ) | MDL Docket No. 1629 Master File No. 04-10981 Judge Patti B. Saris Mag. Judge Leo T. Sorokin |

### DECLARATION OF ELIZABETH F. VILLALUZ

I, ELIZABETH F. VILLALUZ, declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

1. I am a paralegal employed by Kaiser Foundation Health Plan, Inc. ("Kaiser"), in the Legal and Governmental Relations Department. I have held this position for two years.

2. I submit this declaration in support of Plaintiffs' Objections to Discovery Order No. 4.

3. I have personal knowledge of the matters stated herein.

4. The collection, review, and production of the medical records of a random selection of two percent of persons for whom Kaiser paid for Neurontin prescriptions, beginning one year prior to the insured's first Neurontin prescription and ending one year after the date of

1

the last Neurontin prescription from 1994 to the present, would impose a significant burden on Kaiser.

5. Kaiser's 11,000 physician providers have prescribed Neurontin in great numbers. Based on the data available to me, for example, in California alone, Kaiser's physician providers prescribed Neurontin over 800,000 times from 1998 to July of this year. During this period, approximately 200,000 members of Kaiser were prescribed Neurontin nationwide.

6. Medical records for Kaiser members are not kept in a central location; instead they are maintained at the individual facilities at which the patient received medical care and in long-term storage facilities. Kaiser currently has over four hundred (400) medical facilities, located in the regions served by Kaiser throughout the country. Nearly all of these medical records are only available in hard copy. Thus, Kaiser's collection of these records would be extremely labor intensive, potentially requiring Kaiser personnel to travel to hundreds of medical offices around the country to locate and obtain individual medical records within paper files.

7. It is my understanding that the review of these individual medical records would also raise serious privacy concerns. Kaiser makes every effort to safeguard the privacy of individual medical records, as required by law and expected by Kaiser's members. Even if individual medical records were redacted to remove highly sensitive and personal medical information – such as the results of blood testing for antibodies to human immunodeficiency virus (HIV) – the process of redaction would require non-medical personnel to have access to this information.

Executed on: September 14, 2006

*Elizabeth F. Villaluz*
Elizabeth F. Villaluz