UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING,
         SALES PRACTICES AND
         PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:


    ALL SALES AND MARKETING ACTIONS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:  MDL Docket No. 1629
:
:
:  Master File No. 04-10981
:
:  Judge Patti B. Saris
:
:  Magistrate Judge Leo T.
:  Sorokin
:
:
:
:
:

**CLASS PLAINTIFFS' PROPOSED ORDER REGARDING THE
DISCOVERY SCHEDULE IN THE SALES AND MARKETING ACTIONS**

Pursuant to Discovery Order No. 6, dated November 30, 2006, Class Plaintiffs

respectfully submit this proposal regarding the schedule for fact discovery in the sales

and marketing actions.

**Background**

In Discovery Order No. 6, the Court ordered that the deadline for completion of

fact discovery for both the Sales and Marketing and Products Liability Actions be moved

to June 30, 2007.  (Discovery Order No. 6 dated November 30, 2006, Docket No. 550 at

1).  With respect to the Sales and Marketing Plaintiffs, this new deadline for fact

discovery represented an acceleration by six (6) weeks of the prior deadline of August 15,

2007, set by the Court on August 17, 2006.  (Sales and Marketing Scheduling Order

dated August 17, 2006, Docket No. 446, at 1).  In Discovery Order No. 6, the Court also

ordered the parties to "confer and propose, individually or jointly, deadlines prior to June

580741.1

30, 2007 for the responses to the outstanding paper discovery such that sufficient time thereafter is left for the deposition of witnesses." (Discovery Order No. 6 at 1-2). The Court further ordered the proposal(s) to be submitted no later than December 8, 2006. (Id. at 2).

### Summary of Plaintiffs' Perspective

The current deadline of June 30, 2007 leaves the Class Plaintiffs less than seven (7) months to do the following: (i) conduct meet-and-confers on three of Plaintiffs' separate outstanding requests for production of documents to Defendants, in response to which no documents have yet been produced; (ii) serve and enforce various document subpoenas on third parties; (iii) review all of the sales and marketing documents produced by Defendants, production of which has yet to commence, and under Defendants' proposal, may be concluded as late as April 16, 2007; (iv) prepare for and take a comprehensive 30(b)(6) deposition of Defendants, which will likely entail numerous deponents; (v) determine which of Defendants' employees should be deposed; (vi) serve notices of depositions and/or subpoenas related to Defendants' current and former employees; and (vii) prepare for and take multiple depositions of Defendants' current and former employees.

Plaintiffs are concerned that the current discovery deadline of June 30, 2007, and any subsidiary deadlines that may be proposed in the interim, may be unrealistic given the current state of document discovery. In support thereof, Plaintiffs call to the Court's attention the following:

580741.1

- On August 17, 2006, at the time the Court ordered that fact discovery be completed by August 15, 2007 (Sales and Marketing Scheduling Order dated August 17, 2006, Docket No. 446, at 1), Sales and Marketing Plaintiffs were much more optimistic that fact discovery could be completed by that time. This was in large part because Plaintiffs had been receiving copies of documents Defendants had produced in the Young case, which—even though improperly redacted—seemingly represented a sign of significant progress in terms of receipt of documents from Defendants. One month later, after Class Plaintiffs attempted to obtain un-redacted copies of the Young documents, they were informed that "to date, the defendants have not produced the [Young] documents in this MDL." (Discovery Order No. 5 dated September 14, 2006, Docket No. 484).

- To date, Class Plaintiffs have no idea—and Defendants have provided no information—as to when the Young documents will be produced in an un-redacted form in the MDL. Defendants have stated that the Young documents will be re-reviewed to determine whether they are discoverable in the MDL, and will, at a date still unknown, produce those documents *they* deem discoverable.

- To date, Class Plaintiffs have no idea—and Defendants even today can provide no estimate—of the overall volume of documents that will be produced in this action.

- To date, despite having received repeated promises from the Defendants as early as April 11, 2005 that the Class Plaintiffs will receive documents "from the files of those persons responsible for marketing Neurontin," Class Plaintiffs have received no such documents nor any estimate of their volume.

3

580741.1

- To date, Defendants have not identified any marketing employees in response to interrogatories, thus preventing Class Plaintiffs from even considering which employees should be deposed.

- Plaintiffs have alleged since the very inception of this litigation that Defendants' misconduct continued well into 2004, but were denied this discovery because their complaints did not allege specific Neurontin "events" after May 2001. Plaintiffs have recently identified dozens of such events out of the limited <u>Young</u> production, and Plaintiffs' motion to amend their complaints to allege these events and obtain more recent discovery is under submission. Should Plaintiffs prevail in this regard, Defendants will further delay completing their production of documents.

Plaintiffs believe that notwithstanding a diligent – even Herculean – effort on their part, it will almost certainly be impossible to meet the Court's deadline of June 30, 2007 for the completion of fact discovery, unless Plaintiffs abandon any hope of doing a professional and competent job preparing this mega-case for trial. This would obviously please Defendants a great deal, but would effectively deny Plaintiffs and the classes they represent due process.

Obviously, Defendants' document production should be completed many months ahead of the fact discovery cutoff date, in order to allow Plaintiffs time to review, code, and organize what could be millions of pages of documents; identify and prioritize the employees to be deposed; create witness files and deposition outlines; and schedule and take their depositions. In order to accomplish this by June 30, 2007, Defendants' and the

580741.1

medical marketing firms' document productions would have to *already have been*

*completed*.  While this is obviously impossible, Plaintiffs can only propose a deadline for

Defendants to complete their production of documents as soon as possible, and suggest

the following dates:

      **January 1, 2007:**    Deadline for the parties to provide answers to
                                     interrogatories

      **February 1, 2007:**    Deadline for the parties to produce all documents, whether
                                       paper or electronic

Respectfully submitted,

**For the Plaintiffs:**

/s/ Thomas M. Sobol, Esq.                Dated: December 8, 2006
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Thomas M. Sobol, Esq. (BBO #471770)
Ed Notargiacomo, Esq. (BBO#567636)
One Main Street, 4th Floor
Cambridge, MA 02142

**LIEFF, CABRASER, HEIMANN &**
**BERNSTEIN, LLP**
Barry Himmelstein, Esq.
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

**GREENE & HOFFMAN**
Thomas Greene, Esq.
125 Summer Street
Boston, MA 02110

**DUGAN & BROWNE**
James Dugan, Esq.
650 Poydras Street, Suite 2150
New Orleans, LA 70130

**BARRETT LAW OFFICE**
Don Barrett, Esq.
404 Court Square North
P.O. Box 987
Lexington, MS 39095

**LAW OFFICES OF DANIEL BECNEL, JR.**
Daniel Becnel, Jr., Esq.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

580741.1