UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

Discovery Order No. 7

December 20, 2006

SOROKIN, M.J.

The Court hereby makes the following rulings and orders on the matters before the Court at the December 12, 2006 Motion Hearing.

1. Schedule for Discovery Motion Hearings in 2007 (All Actions)

All hearings are set for 2:00 p.m. on the following dates.

| Hearing Date | Motion(s) & Memoranda Due | Opposition Due | Replies Due |
|---|---|---|---|
| 1/16/07 | 1/4/07 | 1/9/07 | 1/12/07 |
| 2/8/07 | 1/28/07 | 2/1/07 | 2/5/07 |
| 3/13/07 | 3/1/07 | 3/5/07 | 3/9/07 |
| 4/17/07 | 4/5/07 | 4/9/07 | 4/13/07 |
| 5/15/07 | 5/3/07 | 5/7/07 | 5/11/07 |
| 6/12/07 | 5/30/07 | 6/4/07 | 6/8/07 |
| 7/17/07 | 7/5/07 | 7/9/07 | 7/13/07 |

2.   <u>Stipulation and Joint Order in Products Liability Actions (#576)</u>

The Stipulation and Joint Order is adopted as an Order of the Court with one addition. No later than March 19, 2007, the parties shall agree upon a method for selecting the ten and two designated "Track One" cases. Absent an agreement, the parties shall submit their respective proposals to the Court by the same date. In addition, the Court makes the following changes to the proposed schedule.

| | |
|---|---|
| September 15, 2007 | Deadline for Fact Discovery in the two designated Track One Cases. |
| October 1, 2007 | Plaintiffs' Expert reports on general causation and the two designated Track One Cases. |
| October 21, 2007 | Deadline for plaintiffs to produce for deposition their designated experts. |
| November 7, 2007 | Deadline for defendants' expert reports regarding general causation and all remaining experts in the two designated Track One cases. |
| November 30, 2007 | Deadline for defendants to produce for deposition their designated experts. |
| December 15, 2007 | Motions for summary judgment on general causation and preemption, <u>Daubert</u> motions, and other dispositive motions pertaining to the two and ten designated Track One cases. |
| January 15, 2008 | Briefs in opposition due. |
| February 7, 2008 | Reply briefs due. |
| February 15, 2008 | Sur-Reply briefs due. |
| TBD | Hearing on summary judgment and <u>Daubert</u> motions. |

While the parties may conduct individualized discovery in any (or all) of the individual actions during the discovery periods set forth above, the foregoing deadlines do not close the

individual discovery in the individual cases.  At a later date, the Court will address the issue of further discovery if necessary.

    3.    <u>Sales and Marketing Schedule (#557 & #558)</u>

The Court has set a deadline for fact discovery of June 29, 2007.  Expert discovery is to take place from August 15, 2007 until January 21, 2008.  In response to the Court's suggestion that the parties propose subsidiary dates to ensure compliance with the deadlines, plaintiffs proposed January 1, 2007 as the deadline for interrogatory responses and February 1, 2007 as the deadline for document production.  Defendant proposed April 15, 2007 for both the interrogatory responses and the production of documents.

The Court adopts the April 15, 2007 deadline for all interrogatory responses and production of documents.  In addition, the subsidiary dates established in the Products Liability Actions for the period through June 29, 2007 shall apply to the Sales and Marketing Actions.  The Court imposes the following additional deadlines:

| | |
|---|---|
| December 28, 2006 | Defendants shall provide appropriate confidentiality agreements to plaintiffs' counsel regarding the IMS data.  Within seven days after receipt of the signed confidentiality agreements or January 5, 2007, whichever date is later, defendants shall produce the underlying IMS data. |
| January 15, 2007 | Production of Documents from the National Marketing Team. |
| February 15, 2007 | Production of the so-called <u>Young</u> documents. |
| March 1, 2007 | Production of all remaining marketing documents.[1] |

---

[1] Based upon statements of counsel at the December hearing, the Court understands that the Neurontin Marketing Team is comprised of approximately ten employees from the Pfizer-era, but that the marketing documents defendants are producing go beyond the documents from these ten employees.

    4.    <u>Motion to Compel from Non-Parties (#549) (Sales and Marketing Actions)</u>

Plaintiffs have moved to compel non-party medical marketing firms to respond to duly issued subpoenas. The Court ORDERS that the non-party medical marketing firms shall produce the documents sought by the subpoenas no later than February 1, 2007. I note that in light of the Court's recent ruling extending the relevant time period through May of 2004, the non-parties' objections are moot. <u>See</u> Electronic Order of December 12, 2006.

    5.    <u>Joint Report on Discovery Disputes (#557) (Sales and Marketing Actions)</u>

A. Defendants shall produce records, within thirty days of this Order, reflecting all payments to any author of an article, published letter or abstract concerning the off-label uses of Neurontin at issue in this litigation, as well as the same regarding the seventy-five physicians identified by the plaintiffs. For example, defendants need not produce the payments to persons paid to write articles only regarding uses of Neurontin not at issue in this case, but as to authors paid to write at least one article regarding the off-label uses at issue in this litigation, defendants shall produce all the payments to such a person. This discovery is relevant to the degree of control or influence defendants may have exercised over these authors.

Plaintiffs shall produce to defendants the address of each of the seventy-five physicians, if known, no later than January 2, 2006.

B. Plaintiffs seek each and every request made for reimbursement of funds spent purchasing Neurontin and every document reflecting a response to these requests. Defendants object to any discovery on the topic of refunds. Defendants shall produce, by April 15, 2007, the total dollar amount of reimbursements paid, the number of requests received and the number of

requests honored as well as copies of the documents reflecting or describing the policy or standard(s) applied in determining whether to honor such requests. Finally, defendants shall produce the name(s) of the employee(s) responsible for supervising the Neurontin reimbursements. Defendants may report the foregoing by calendar year or by fiscal year, whichever method they prefer.

    C.  Physician Tracking Reports

Counsel for defendants have stated that they have agreed to produce the IMS data in their possession once the Plaintiffs execute the appropriate confidentiality agreements.  The Court has already set a schedule for the tendering of the agreements and the production of the underlying data.  In addition, plaintiffs also seek the so-called "cuts" or reports prepared at various times from the foregoing underlying data.  Defendants shall produce those cuts, as they have already agreed, that are within the files for the Neurontin Marketing Team.

    D.  Internal Neurontin Web Site

Plaintiffs believe that defendants have (or had) an internal Neurontin web site containing journal articles, research reports and internal reports pertaining to Neurontin for the use of defendants' employees in the marketing and promotion of Neurontin. Marketing type documents within such a website would also appear likely.  Whether such a web site exists is unclear. Plaintiffs are proceeding on "information and belief" in asserting the existence of the site and defendants, while not categorically disputing the existence of some sort of internal Neurontin website, do state to date they have not located the "described website."  Obviously journal articles and research reports are responsive to Plaintiffs' efficacy requests and shall be produced whether or not they exist within an internal Neurontin website.   An internal Neurontin website,

if it exists, appears likely to be responsive to various of plaintiffs' document requests pertaining to efficacy and marketing, accordingly it shall be produced.

  E. Operating Plans.  Plaintiffs seek operating plans and minutes for all operating meetings within each department of the Defendants.  Defendants have agreed to produce operating plans found in the files of the Neurontin marketing team.  They further assert that operating plans that relate to the marketing of Neurontin will be found in the Neurontin Marketing Team's files regardless of the source of the plan.  This suffices.

  6. <u>Motion to Compel Interrogatory Answers</u> (Docket #554)

  At the outset, a fundamental dispute divides the parties – whether defendants may answers the interrogatories by reference to documents and, if so, under what circumstances and with what level of specificity.  Plainly the Rules permit, under appropriate circumstances, answering by reference to documents with the appropriate specification described in Rule 33.  On the other hand, the Rules do not permit defendants to answer the interrogatories by a general reference to millions of pages of documents.  To date, Defendants have not produced the documents from which the interrogatory answers may be derived nor have they supplemented their answers with their Rule 33 specifications.  I note that, as a general matter, defendants are obviously more familiar with their documents than plaintiffs.  In addition, defendants are understandably undertaking a careful search for and review of possibly responsive documents in advance of the production of any documents.  Accordingly, the Court expects that the defendants' Rule 33 specification, if defendants answer by reference to documents, would reasonably direct the plaintiffs to the relevant documents from which the interrogatory answer may be derived.

A. Neurontin Events and Articles.  What was said about Neurontin for off-label uses at issue in this litigation, and the defendant's degree of control or involvement in these statements form core issues in this case.  Plaintiffs argue that Defendants must produce this type of discovery regarding every "Event" and "Article" which terms Plaintiffs have defined broadly. Defendants have agreed to produce discovery in response to these requests from the files of the persons "responsible for the marketing of Neurontin." However, defendants complain that plaintiffs seek a "litany of information about each event." Plaintiffs are plainly entitled to this information both from the medical liaison and regarding the organized seminars, continuing medical education programs, consultants meetings, advisory board meetings, published articles or materials published at, for example, the CMEs, i.e. the various parts of the organized marketing program alleged in the complaints.

Defendants shall explain how they propose to search for and produce the responsive information called for by these interrogatories with specific information regarding what will be searched and why these searches are reasonably likely to produce all of the responsive information.   For example, it does not appear to the Court that the files of the national Neurontin marketing team would likely have all of the responsive information possessed by the defendants. Defendants shall file this explanation by the date for filing motions for the January hearing. Plaintiffs shall respond by the date for filing oppositions.

B. Defendants' Employees.

 In addition to the formal team discovery defendants offered in their opposition, Defendants shall produce, for the relevant time period, the identities of the employees who had responsibility for deciding whether to seek approval by the FDA for the off-label indications at

issue in this litigation. Likewise, Defendants shall produce the identities of the employees creating the marketing budget(s).

    C. Databases.

In light of the response of the Defendants and the commitments contained therein, Plaintiffs' Motion in this respect is DENIED.

    D. Marketing Strategies.

Interrogatories 18 and 20 concern national marketing plans for different time periods and, accordingly, defendants' response, searching within and answering from the national Neurontin marketing team files, appears sufficient. Interrogatories 19 and 21 concern the implementation on the regional or local level of the national strategies for each of the respective time periods. Searching within and answering from the national Neurontin marketing team files does not appear sufficient for a response to these two interrogatories. At least during some periods of time, regional offices engaged in marketing of Neurontin for off-label uses at issue in this litigation. Defendants shall propose how they intend to search for and answer these two interrogatories at the time for filing motions for the January hearing. Plaintiffs may respond at the time for oppositions. Counsel must meet and confer prior to the filing dates.

    E. Warner-Lambert Employees.

Defendants shall produce the identities of any Warner-Lambert sales representatives, territory managers, medical liaisons or marketing department employees whose employment ended within one year before or after the June 2000 merger of Warner-Lambert and Pfizer. Defendants may further limit the foregoing response to those persons involved in the sales or marketing of Neurontin.

F.  Legal Proceedings.  These requests for the case citations and pleadings in every case in which defendants' challenged the admissibility or sufficiency of the opposing party's scientific evidence of causation are DENIED.  The discovery is irrelevant and unduly burdensome regarding the scientific standard by which efficacy is determined.  Insofar as Plaintiffs also seek the discovery to assist in their cross-examination of defendants' experts, the blanket requests are overly broad and unnecessary at this time.

IV.  Other (All Actions)

The temporal end date for fact discovery in all actions is May 31, 2004, in light of Judge Saris' December 12, 2006 ruling.

## CONCLUSION

For the foregoing reasons, the parties' Stipulation and Joint Order in Products Liability Actions (Docket #576) is ADOPTED in part, with additions and changes noted above.  The Motion to Compel Non-Parties to Respond to Subpoenas (Docket #549) is ALLOWED in part and DENIED in part. The plaintiffs' Motion to Compel Answers to Interrogatories (Docket #555) is ALLOWED in part and DENIED in part.

SO ORDERED.

/s/ Leo T. Sorokin
_____
United States Magistrate Judge