UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                      )
IN RE: NEURONTIN                           )
MARKETING, SALES PRACTICES        )
AND PRODUCTS LIABILITY                )
LITIGATION                                      )
                                                      )          MDL Docket No. 1629
THIS ORDER RELATES TO:               )          Master File No. 04-10981-PBS
                                                      )          Mag. Judge Leo T. Sorokin
JENNIFER MECIJA, ET AL. v.            )
PFIZER, INC., ET AL.                         )
                                                      )
C.A. No. 06-11445-PBS                      )
_____)

## REPORT AND RECOMMENDATION
## ON DEFENDANT JAMES P. HALL, D.O.'S MOTION TO REMAND
## TO CALIFORNIA SUPERIOR COURT (DOCKET # 468)

SOROKIN, M.J.


        Defendant James P. Hall, D.O. (Hall) has filed a motion seeking remand of this action to

the California Superior Court, Orange County. (Docket # 468).  I recommend that this motion be

DENIED and that Defendant Hall be DISMISSED.


## PROCEDURAL HISTORY

        The Plaintiffs filed their Complaint in the California Superior Court, Orange County, on

December 22, 2005, alleging that the Plaintiffs' decedent committed suicide on September 30,

2004, while being treated for anxiety with the drug Neurontin.  C.A. 06-11445, Docket #32-4, at

19.  The Complaint brings a single cause of action against Hall (who was Plaintiffs' decedent's

physician) for wrongful death due to medical negligence.  Id., at 30-31.  The Complaint also

1

asserts ten claims against Defendant Pfizer, Inc. (Pfizer) arising primarily from allegedly unlawful marketing of Neurontin.  Id., at 19-41.  Hall and all of the Plaintiffs are California citizens.  Pfizer is not.

On March 16, 2006, Pfizer removed this action to the United States District Court, Central District of California, based solely on diversity of citizenship and pursuant to 28 U.S.C. §1441(b).  C.A. 06-11445, Docket #32-3.  Pfizer alleged in its Notice of Removal that Hall had been fraudulently joined by the Plaintiffs for the purpose of defeating diversity, that the claim against Hall was insufficiently pleaded, and that the action was also time barred under California law.  Id.

Surprisingly, on March 30, 2006, Dr. Hall filed a Motion to Remand in which he insisted in carefully researched papers that the Plaintiffs had stated a claim against him and that the Plaintiffs had filed the suit within the time permitted under applicable law.  C.A. 06-11445, Docket #32-26.  On April 10, 2006, the Plaintiffs joined in Hall's Motion for Remand.  C.A. 06-11445, Docket #32-34.  Prior to decision on the remand motion, the case was transferred to this district as part of the Neurontin multidistrict litigation (MDL) pending here.  C.A. 06-11445, Docket #32-49.  Hall renewed his Motion to Remand before this Court. C.A. 04-10981, Docket #468.   The Plaintiffs have neither joined nor opposed the remand motion in this forum.   On December 12, 2006, the Court held oral argument.   Despite receiving notice from the Court, the Plaintiffs' counsel neither appeared nor requested a continuance.  Dr. Hall's counsel confirmed that Plaintiffs' counsel had notice of the hearing.   At the hearing, Dr. Hall's counsel denied any collusion with the plaintiff.  Counsel further explained that the papers were filed in an effort to clarify or correct perceived inaccuracies in Pfizer's analysis of applicable law.

2

## DISCUSSION

Certain facts are plain. In the face of a removal by Pfizer which would result in the (at least de facto) dismissal of Dr. Hall from this case, Dr. Hall's counsel filed a motion to remand the matter to state court when the Plaintiffs had not yet done so. In support of this motion, Hall's counsel has argued that contrary to the co-defendant's arguments, the Plaintiffs did indeed state a claim against her client and did file suit within the statute of limitations period. A defendant's lawyer affirmatively filing a motion to argue in favor of the validity and timeliness of the claim made against her client is, at best, unusual. When the motion was not resolved prior to transfer to the MDL, Dr. Hall's counsel filed another motion to remand in this Court. Plaintiff did nothing. Dr. Hall's counsel appeared for oral argument, while Plaintiffs' counsel did not.

No apparent harm flows to Dr. Hall from Pfizer's removal because if Pfizer's removal stands, Dr. Hall is dismissed. In addition, counsel for Dr. Hall identify any potential harm. Such a dismissal may operate to bar the Plaintiffs from refiling the malpractice claim in state court (though I do not resolve this question, as it is not before the Court). Dr. Hall's counsel stated on the record at oral argument that if a dismissal in this Court does not bar a renewed state claim (and counsel thought it would) and if a newly-filed malpractice action were somehow deemed timely,[1] the result – *i.e.*, Dr. Hall defending the Plaintiffs' malpractice claim alone in California state court without the presence of the co-defendants or the claims lodged against them – is preferable to defending the malpractice claim in state court as part of the larger case the Plaintiffs have advanced in the Complaint. In addition, although the cost of defending a suit in a

---

[1] Even by Dr. Hall's calculations, only a few days remained under the statute of limitations when this suit was filed in 2005.

3

distant forum might pose various concerns to Dr. Hall, should Pfizer's removal stand, Hall will

not confront those concerns because he would not be in the case.

Applicable Standard

Removal of an action from a state court to the United States District Court on the basis of

diversity of citizenship is governed by 28 U.S.C. § 1441(b), which provides that cases not

involving a federal question "shall be removable only if none of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought."

28 U.S.C. § 1441(b). The removal statute should be strictly construed and any doubts about the

propriety of removal should be resolved against the removal of an action. In re Pharm. Indus.

Average Wholesale Price Litig., 431 F.Supp.2d 98, 105 (D.Mass.2006) (Saris, J.) (citing Danca

v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir.1999)). The removal of an action does

not in itself create jurisdiction and a removing defendant faces the burden of demonstrating the

federal court's jurisdiction. See, BIW Deceived v. Local S6, Industrial Union of Marine and

Shipbuilding Workers of America, 132 F.3d 824, 831 (1st Cir.1997).

Because Hall, like the Plaintiffs, is a citizen of California, Pfizer's removal is improper

unless it meets its burden of demonstrating that Hall was fraudulently joined. The doctrine of

fraudulent joinder provides an exception to the requirement of complete diversity where a

plaintiff has joined a non-diverse defendant in bad faith, in order to defeat removal. See, In Re

Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp.2d 109, 117 (D. Mass.2006) (Saris,

J.) (and cases cited therein); see also, 14B Wright, Miller & Cooper, Federal Practice &

4

Procedure § 3723 (3d ed.1998).[2]

Questions of federal law in MDL-transferred cases are governed by the law of the transferee circuit.  See, In Re New England Mut. Life Ins. Co. Sales, 324 F.Supp. 2d 288, 297-298 (D.Mass.2004) (Keeton, J.).  In the First Circuit,[3] a removing defendant asserting fraudulent joinder must demonstrate, by clear and convincing evidence, either (1) that there has been outright fraud committed in the Plaintiff's pleadings, or (2) that there is no possibility, based on the pleadings, that the Plaintiff can state a cause of action against the non-diverse defendant in state court.  In Re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp.2d, at 117-118.  The latter possibility defines "fraudulent joinder" as a term of art that does not necessarily reflect upon the integrity of a plaintiff or a plaintiff's counsel.   Id., quoting, Simpson v. Union Pac. R.R. Co., 282 F.Supp.2d 1151, 1154-55 (N.D.Cal.2003).  To meet its burden, a defendant need not prove that plaintiffs intended to mislead or deceive.  Mills v. Allegiance Healthcare Corp., 178 F.Supp.2d 1 (D.Mass.,2001)(Saris, J.), citing,  Coughlin v. Nationwide Mut. Ins. Co., 776 F.Supp. 626, 628 n.3 (D.Mass.1991)(Caffrey, J.).  Rather, the primary concern is whether plaintiffs' claim was brought in good faith.  Id., citing, Coventry Sewage Assocs. v. Dworkin

---

[2] A successful assertion of fraudulent joinder also overcomes the requirement of unanimity, in that a federal court may ignore a lack of consent for removal from a fraudulently-joined defendant and permit the removal of the case.  See, In re Diet Drugs, 220 F.Supp.2d 414, 422 (E.D.Pa.2002).  There has been no suggestion that this case involves a federal question.

[3] The First Circuit Court of Appeals has not articulated a standard for evaluating assertions of fraudulent joinder.  District Courts in this circuit have followed the standard and rationale of the Second Circuit articulated in Whitaker v. Am. Telecasting, Inc., 261 F.3d 196 (2d Cir.2001). See, e.g., Mills v. Allegiance Healthcare Corp., 178 F.Supp.2d 1, 4 (D.Mass.2001) (Saris, J.);  In Re New England Mut. Life Ins. Co. Sales, 324 F.Supp. 2d 288, 297-298 (D.Mass.2004) (Keeton, J.); In Re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp.2d 109, 117-118 (D. Mass.2006) (Saris, J.).

Realty Co., 71 F.3d 1, 6 (1st Cir.1995).

Pfizer's only contention is that there is no possibility, based upon the pleadings, that the Plaintiffs can state a cause of action against Hall in California's courts (1) because the Plaintiffs' Complaint alleges that the risks concerning Neurontin were concealed from Hall by the manufacturer defendants and does not allege that Hall knew or should have known of Neurontin's dangers, and, (2) because the Plaintiffs' claim against Hall is barred by the applicable statute of limitation (and that Plaintiffs' acts were insufficient to toll the limitation period).

This Court finds, on the basis of the unusual procedural posture described above, that Dr. Hall was not joined in good faith, but rather for the purpose of defeating diversity. See, pp. 1-4, supra. In addition to the facts previously recited, one would expect that if the Plaintiffs had a sincere interest in maintaining their claim against Dr. Hall, they would take steps both in this Court and in state court to insure its continued vitality. For example, Plaintiffs' counsel presumably comprehends that should Pfizer's removal stand, Dr. Hall would be effectively removed from the case. Plaintiffs' counsel nevertheless did not independently challenge the removal in the Central District of California, has taken no position in this District on the pending motion to remand, and did not appear at the hearing of that motion. Nor does it appear that Plaintiffs' counsel made any filing in state court to preserve the claim against Hall against any further statute of limitations challenges that might arise upon a refiling in state court of the claim against Dr. Hall, in the event the removal stands.

Moreover, as Pfizer points out, the general tenor of the Complaint is that the manufacturer defendants failed to warn physicians such as Hall about Neurontin's risks, which is

6

inconsistent with the allegations against Hall.  C.A. 04-10981, Docket No. 492-1, at 3-7.  The situation presented here is closely analogous to that presented in In Re Rezulin, 2002 WL 31852826 (S.D.N.Y.), in which diabetes patients brought claims against the manufacturers of the drug Rezulin and also against physicians and pharmacists.   In considering motions to remand by physician defendants, the Court noted in addressing the sufficiency of pleadings against the physicians that, "[i]n these cases, and hundreds of others like them that have been consolidated here for pretrial proceedings by the Judicial Panel on Multidistrict Litigation, the main tenor of plaintiffs' complaints is that Rezulin was an unsafe drug and that the manufacturer concealed its risks from the public, physicians and others.  In this context, an entirely conclusory allegation that the physicians failed to warn of the risks of Rezulin is insufficient."  Id., at *3.  Such is the precise situation here.  The Plaintiffs' Complaint asserts ten claims against "manufacturing defendants" in addition to the malpractice claim against Hall and unnamed "medical defendants" and contains specific allegations that the manufacturing defendants intentionally and fraudulently withheld from the medical defendants information concerning the risks of Neurontin.  See, e.g., Civil Action 06-11445-PBS, Docket #32 at ¶¶56, 59, 81, 107, 129.  The conclusory allegation that Hall negligently breached his duty to warn the decedent of the risks of Neurontin, when paired with the myriad of contradictory allegations against Pfizer and particularly when viewed in the context of this multidistrict litigation, is insufficient.  In light of the foregoing, resolution of the statute of limitations issue is unnecessary.


CONCLUSION

WHEREFORE, I recommend that The Motion to Remand (Docket # 468) be DENIED

and that Defendant Hall be DISMISSED due to fraudulent joinder.[4]


_____/s / Leo T. Sorokin_____

UNITED STATES MAGISTRATE JUDGE


Date: December 22, 2006

---

[4] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).