UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
:
In re:  NEURONTIN MARKETING, SALES PRACTICES,   :
        AND PRODUCTS LIABILITY LITIGATION        :
                                                 :
------------------------------------------------ x   MDL Docket No. 1629
                                                 :
THIS DOCUMENT RELATES TO:                        :   Master File No. 04-10981
                                                 :
ALL CLASS ACTIONS                                :
                                                 :   Judge Patti B. Saris
                                                 :
------------------------------------------------ x   Magistrate Judge Leo T.
                                                 :   Sorokin
HARDEN MANUFACTURING CORPORATION;                :
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,      :
dba BLUECROSS/BLUESHIELD OF LOUISIANA;           :
INTERNATIONAL UNION OF OPERATING ENGINEERS,      :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL     :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and      :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY.                                         :
                                                 :
------------------------------------------------ x

## DECLARATION OF MATTHEW B. ROWLAND

MATTHEW B. ROWLAND declares upon penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1. I am an attorney associated with the law firm Davis Polk & Wardwell, counsel for Defendants Pfizer Inc. and Warner-Lambert Company in this action.

2. I submit this declaration in support of Defendants' Opposition to the Class Plaintiffs' Motion for Class Certification, filed on December 22, 2006.

**Deposition Transcripts**

3. Attached at Exhibit 1 is a true and correct copy of the transcript of the deposition of Dr. Kylene Huler, taken November 1, 2006.

4. Attached at Exhibit 2 is a true and correct copy of the transcript of the deposition of Gerald Smith, taken October 9, 2006.

5. Attached at Exhibit 3 is a true and correct copy of the transcript of the deposition of Dr. Thaddeus Poe, taken November 1, 2006.

6. Attached at Exhibit 4 is a true and correct copy of the transcript of the deposition of Dr. Vithal Dhaduk, taken November 12, 2006.

7. Attached at Exhibit 5 is a true and correct copy of the transcript of the deposition of Lorraine Mary Kopa, taken January 10, 2006.

8. Attached at Exhibit 6 is a true and correct copy of the transcript of the deposition of the Rule 30(b)(6) designee of ASEA, Fred Grant Brown, taken October 19 and 20, 2005.

9. Attached at Exhibit 7 is a true and correct copy of the transcript of the deposition of Colleen Savoie, taken January 16, 2006.

10. Attached at Exhibit 8 is a true and correct copy of the transcript of the deposition of the Rule 30(b)(6) designee of  ASI, Valera M. Kingsley, taken on January 12 and 13, 2006.

11. Attached at Exhibit 9 is a true and correct copy of the transcript of the deposition of the Rule 30(b)(6) designee of BlueCross BlueShield of Alabama, Lee Dorrill, taken January 26, 2006.

12. Attached at Exhibit 10 is a true and correct copy of the transcript of the deposition of the Rule 30(b)(6) designee of Harden, Walter Eugene Matthews, taken December 15, 2005.

13. Attached at Exhibit 11 is a true and correct copy of the transcript of the deposition of the Rule 30(b)(6) designee of BCBSLA, Milam W. Ford, taken January 19 and 20, 2006.

14. Attached at Exhibit 12 is a true and correct copy of the transcript of the deposition of the Rule 30(b)(6) designee of Medco Health Solutions, Inc., Susan Hoomaian, taken November 15, 2006.

15. Attached at Exhibit 13 is a true and correct copy of the transcript of the deposition of the Rule 30(b)(6) designee of Horizon Blue Cross Blue Shield of New Jersey, Dr. Saira Jan, taken November 2, 2006.

16. Attached at Exhibit 14 is a true and correct copy of the transcript of the deposition of Dr. Michael Okin, taken August 30, 2005 in *Clark v. Pfizer, Inc.*, No. 01819 (Pa. Ct. Common Pleas).

17. Attached at Exhibit 15 is a true and correct copy of the transcript of the deposition of Dr. Douglass Barrett, taken December 4, 2004 in *Santullo v. Pfizer, Inc.*, CV-03-03177 (N.M. 1st Jud. Dist., County of Santa Fe).

18. Attached at Exhibit 16 is a true and correct copy of the transcript of the deposition of Dr. Meredith B. Rosenthal, taken October 24 and 25, 2006.

19. Attached at Exhibit 17 is a true and correct copy of the transcript of the deposition of Dr. Raymond S. Hartman, taken December 13, 2006.

**Expert Reports**

20. Attached at Exhibit 18 is a true and correct copy of the expert report of Dr. Pradeep K. Chintagunta, dated December 20, 2006.

21. Attached at Exhibit 19 is a true and correct copy of the expert report of Dr. Michael C. Keeley, dated December 21, 2006.

22. Attached at Exhibit 20 is a true and correct copy of the expert report of Dr. Fiona Scott Morton, dated December 21, 2006.

23. Attached at Exhibit 21 is a true and correct copy of the expert report of Dr. Shawn Bird, dated November 29, 2006.

24. Attached at Exhibit 22 is a true and correct copy of the expert report of Dr. Samuel J. Potolicchio, dated December 8, 2006.

25. Attached at Exhibit 23 is a true and correct copy of the expert report of Dr. Alan M. Rapoport, dated December 1, 2006.

26. Attached at Exhibit 24 is a true and correct copy of the expert report of Dr. Andrew E. Slaby.

### Correspondence Relating to Plaintiff Gerald Smith

27. Attached at Exhibit 25 is a true and correct copy of a letter from Dr. Kylene Huler to Dr. Thaddeus Poe, dated December 20, 1999.

28. Attached at Exhibit 26 is a true and correct copy of a letter from Dr. Kylene Huler to Dr. Thaddeus Poe, dated October 12, 1999.

29. Attached at Exhibit 27 is a true and correct copy of a letter from Dr. Kylene Huler to Dr. Thaddeus Poe, dated October 21, 1999.

30. Attached at Exhibit 28 is a true and correct copy of a letter from Dr. Kylene Huler to Dr. Thaddeus Poe, dated November 17, 1999.

31.     Attached at Exhibit 29 is a true and correct copy of a letter from Dr. Kylene Huler to Dr. Thaddeus Poe, dated April 17, 2000.

32.     Attached at Exhibit 30 is a true and correct copy of phone note messages, dated December 14, 1999 and December 27, 1999.

33.     Attached at Exhibit 31 is a true and correct copy of a letter from Dr. Kylene Huler to Dr. Thaddeus Poe, dated January 10, 2000.

34.     Attached at Exhibit 32 is a true and correct copy of a letter from Dr. Kylene Huler to Dr. Thaddeus Poe, dated January 28, 2000.

35.     Attached at Exhibit 33 is a true and correct copy of a letter from Dr. Kylene Huler to Dr. Thaddeus Poe, dated August 14, 2001.

36.     Attached at Exhibit 34 is a true and correct copy of a letter from Carter Burwell to Eric Pavlack, dated November 2, 2006.

37.     Attached at Exhibit 35 is a true and correct copy of a letter from Eric Pavlack to Carter Burwell, dated November 3, 2006.

38.     Attached at Exhibit 36 is a true and correct copy of a letter from Carter Burwell to Eric Pavlack, dated November 10, 2006.

### Correspondence Relating to Plaintiff Lorraine Kopa

39.     Attached at Exhibit 37 is a true and correct copy of a letter from Dr. Dhaduk to Dr. Craparo, dated Sept. 23, 2003.

40.     Attached at Exhibit 38 is a true and correct copy of a letter from Dr. Dhaduk to Dr. Craparo, dated October 23, 2003.

41.     Attached at Exhibit 39 is a true and correct copy of a letter from Dr. Dhaduk to Dr. Craparo, dated November 11, 2003.

42.     Attached at Exhibit 40 is a true and correct copy of a letter from Dr. Dhaduk to Dr. Craparo, dated February 26, 2004.

43.     Attached at Exhibit 41 is a true and correct copy of a letter from Dr. Dhaduk to Dr. Mulloth, dated April 13, 2004.

### Affidavits and Declarations

44.     Attached at Exhibit 42 is a true and correct copy of an affidavit of Dr. Michael Sermersheim, dated January 26, 2006.

45.     Attached at Exhibit 43 is a true and correct copy of an affidavit of Edward J. Liptak, dated October 30, 2006, with attached exhibits A-C.

46.     Attached at Exhibit 44 is a true and correct copy of declaration of Dr. Thomas Craparo, dated November 14, 2006.

### Third-Party Payor Documents

47.     Attached at Exhibit 45 is a true and correct copy of a letter from ASEA to its members, dated May 2001, regarding open enrollment, which was produced by plaintiff ASEA with the bates number ASEA/ASI 00287.

48.     Attached at Exhibit 46 is a true and correct copy of a plan booklet, dated July 1, 2003, produced by plaintiff ASEA with the bates range ASEA/ASI 00045-00096.

49.     Attached at Exhibit 47 is a true and correct copy of a summary plan description, effective July 1, 1994, produced by plaintiff Harden with the bates number HAR00246-00284.

50. Attached at Exhibit 48 is a true and correct copy of a spreadsheet, titled *Harden Manufacturing Neurontin Claims from 01/01/1994 through 08/31/2005*, produced by non-party Blue Cross Blue Shield of Alabama with the bates range ALA0785-ALA0799.

**Plaintiffs' Individual Complaints**

51. Attached at Exhibit 49 is a true and correct copy of the complaint filed in *Harden Manufacturing Corp. v. Pfizer, Inc. and Parke-Davis* in the United States District Court for the District of Massachusetts on May 14, 2004 (note that page forty-eight of this document is missing, from both the copy in the possession of defendants as well as the one filed with the Court).

52. Attached at Exhibit 50 is a true and correct copy of the complaint filed in *Kopa v. Pfizer Inc. and Warner Lambert Company* in the United States District Court for the Southern District of New York on June 18, 2004.

53. Attached at Exhibit 51 is a true and correct copy of the complaint filed in *Smith v. Pfizer, Inc. and Warner Lambert Company* in the United States District Court for the Southern District of Indiana on June 21, 2004.

54. Attached at Exhibit 52 is a true and correct copy of the complaint filed in *Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana v. Pfizer, Inc. and Warner Lambert Company* in the United States District Court for the Eastern District of Louisiana on September 3, 2004.

55. Attached at Exhibit 53 is a true and correct copy of the complaint filed in *ASEA/AFSCME Local 52 Health Benefits Trust v. Pfizer Inc. and Warner-Lambert Company* in the United States District Court for the District of New Jersey on June 2, 2004.

### Unpublished Cases

56. Attached at Exhibit 54 is a true and correct copy of *In re Rezulin Litig.*, Judicial Council Coordination Proceeding No. 4122 (Cal. Sup. Ct. filed April 29, 2003).

57. Attached at Exhibit 55 is a true and correct copy of *International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, No. ATL-L-3015 04 (N.J. Super. Ct. Law Div. July 8, 2004).

### Surveys of the Relevant Law

58. Attached at Exhibit 56 is a survey of unjust enrichment law prepared by Davis Polk & Wardwell, titled *Variations in Unjust Enrichment Law: Fifty-Two Jurisdiction Survey*.

59. Attached at Exhibit 57 is part one of a survey of state consumer protection statutes prepared by Davis Polk & Wardwell, titled *Variations in State Consumer Protection Acts: Fifty-Two Jurisdiction Survey, Part 1*.

60. Attached at Exhibit 58 is part two of a survey of state consumer protection statutes prepared by Davis Polk & Wardwell, titled *Variations in State Consumer Protection Acts: Fifty-Two Jurisdiction Survey, Part 2*.

61. Attached at Exhibit 59 is a survey of common law fraud prepared by Davis Polk & Wardwell, titled *Variations in Fraud Law: Fifty-Two Jurisdiction Survey*.

### Lyrica Prior Authorization Exhibits

62. Lyrica is a Pfizer-marketed drug approved for adjunctive treatment of partial seizures, for treating post-herpetic neuralgia, and for treating diabetic peripheral neuropathy. Of these three approved uses, two are the same as the approved uses for Neurontin, but treatment of diabetic peripheral neuropathy is an off-label use of Neurontin.

63. Gabapentin is the generic name for Neurontin.

64. Attached at Exhibit 60 is a true and correct copy of Pennsylvania Department of Public Welfare, *Medical Assistance Handbook: Requirements for Prior Authorization of Oral Anticonvulsants*, http://www.dpw.state.pa.us/Health/MAPharmProg/003675193.htm (last modified on August 22, 2006). This document states at page one that the determination of whether a requested Lyrica prescription is medically necessary for treatment of postherpetic neuropathy or diabetic neuropathy will take into account whether the patient has a history of therapeutic failure of gabapentin.

65. Attached at Exhibit 61 is a true and correct copy of Blue Shield of California, *Provider Communication Bulletin*, https://www.blueshieldca.com/provider/downloads/A12121_4-6.pdf, at 3 (Spring 2006). This document states at page three that Lyrica will only be covered for treating neuropathic pain associated with diabetic peripheral neuropathy and postherpetic neuralgia after prior therapy with gabapentin. Gabapentin is also listed as a formulary alternative in treating neuropathic pain.

66. Attached at Exhibit 62 is a true and correct copy of Health New England, *Excluded Medications*, http://www.hne.com/HNE_pharmacy/ht/formulary3.html (September 13, 2006). This document states at page seven that Lyrica will only be covered after trial of, *inter alia*, gabapentin or Neurontin.

67. Attached at Exhibit 63 is a true and correct copy of Express Scripts, Inc., *Step Therapy Programs for ELCA Board of Pensions*, https://www.elcabop.org/upload/documents/steptherapylist.pdf (last visited December 20, 2006).

This document states at page four that Lyrica, as a treatment for neuropathic pain, will only be covered after trial of gabapentin.

68. Attached at Exhibit 64 is a true and correct copy of HealthPartners, *January 2006 Preferred Drug List Updates*, http://www.healthpartners.com/portal/487/11.html.  This document states at page two that Lyrica is reserved for diabetic peripheral neuropathic pain for patients who have tried and failed a tricyclic antidepressant and gabapentin.

69. Attached at Exhibit 65 is a true and correct copy of Blue Care Network of Michigan, *Quality Interchange Program July 2006*, http://www.bcbsm.com/pdf/bcn_quality_interchange.pdf, at 3.  This document states at page three that Lyrica will only be covered for neuropathic pain associated with either diabetic peripheral neuropathy or post-herpetic neuralgia after at least a more than thirty day trial with gabapentin ($\geq$ 1,200 mg/day).

70. Attached at Exhibit 66 is a true and correct copy of Aetna, Inc., *Pharmacy Clinical Policy Bulletins*, http://www.aetna.com/products/rx/data/anticonvulsantscpb.html (January 1, 2006).  This document states at page three that Lyrica will only be covered for diabetic neuropathy when a patient is currently taking or has failed a one month trial of, *inter alia*, gabapentin.

71. Attached at Exhibit 67 is a true and correct copy of Physicians Plus Insurance Corporation, Provider Newsletter, http://www.pplusic.com/uploads/media/06_spring_news.pdf, at 3 (Spring 2006, Ed. 29).  This document states at page three that Lyrica will only be covered for diabetic peripheral neuropathy/post-herpetic neuralgia after a failed therapeutic trial of, *inter alia*, gabapentin.

72. Attached at Exhibit 68 is a true and correct copy of Coventry Health Care, Inc., *Lyrica (pregabalin) Prior Authorization Form*, http://www.cvty.com/content/items/7190/Lyrica.pdf (December 2005). This document states that Lyrica will only be covered for members with diabetic peripheral neuropathy after documented failure with*, inter alia*, gabapentin.

73. Attached at Exhibit 69 is a true and correct copy of Tricare Management Activity, *Uniform Formulary Medical Necessity Criteria for Lyrica (Pregabalin)*, http://www.tricare.mil/pharmacy/GABA_criteria.cfm (June 28, 2006). This document states at page one that Lyrica will only be covered for neuropathic pain after the patient has failed an adequate trial of gabapentin.

74. Attached at Exhibit 70 is a true and correct copy of Medimpact, *Medcare Plus: Medicare Part D Formulary: Step Edit Restrictions*, http://www.uhphealthcare.com/pdf/Step%20Edit%20Restrictions.pdf, at 4 (March 2006). This document states at page four that Lyrica will only be covered if a patient has a prior claim for gabapentin within the past 120 days.

75. Attached at Exhibit 71 is a true and correct copy of WellPoint Pharmacy Management, *Outpatient Medications Requiring Health Services Review*, https://www.wellpointrx.com/member/noapplication/f0/s0/t0/pw_041288.pdf, at 3 (October 1, 2006). This document states at page three that Lyrica will only be covered for diabetic peripheral neuropathy and post-herpetic neuralgia following a trial of gabapentin.

76. Attached at Exhibit 72 is a true and correct copy of Rocky Mountain Health Plans, *Pregabalin (Lyrica®) Prior Authorization Form*,

http://www.rmhp.org/pdf//rx/preauthforms/Lyrica.pdf (January 4, 2006). This document states that Lyrica will only be covered for neuropathic pain after a previous trial of Neurontin.

77. Attached at Exhibit 73 is a true and correct copy of Children's Community Health Plan™, *Prior Authorization Form (PA Form 9845) Lyrica (pregabalin)*, http://www.childrenschp.com/display/displayFile.asp?docid=34541&filename=/Groups/CCHP/LyricaPA9845.pdf (August 10, 2005). This document states that Lyrica will only be covered for the treatment of diabetic peripheral neuropathic pain or post-herpetic neuralgia in patients who have failed Neurontin at $\geq$ 2,400 mg/day for $\geq$ 4 weeks.

78. Attached at Exhibit 74 is a true and correct copy of PriorityHealth, *Pharmacy Prior Authorization Form: Lyrica (pregabalin)*, http://www.priorityhealth.com/pdfs/drug/Lyrica.pdf (November 2005). This document states that Lyrica will only be covered after documentation that the patient has used gabapentin for at least two months at a dose greater than or equal to 2,400 mg/day.

79. Attached at Exhibit 75 is a true and correct copy of Dean Health Plan, *Drug Prior Authorization Guideline: PA 9845: Pregabalin (Lyrica)*, http://deancare.com/healthplan_docs/policies/drugpolicies/pregabalin%209845.pdf (April 4, 2006). This document states that Lyrica will only be covered for the treatment of diabetic peripheral neuropathic pain or post-herpetic neuralgia in patients who have failed Neurontin at $\geq$ 2,400 mg/day for $\geq$ 4 weeks.

**MediMedia Declaration Regarding the Formulary Status of Neurontin**

80. Attached at Exhibit 76 is a true and correct copy of the declaration of Martin Caron, Executive Vice President of Sales & Marketing at MediMedia USA, Inc, dated December 21, 2006, with attached exhibit A.

Dated:  New York, New York
        December 22, 2006

                                        /s/ Matthew B. Rowland_____
                                        Matthew B. Rowland


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3.

                                        /s/David B. Chaffin