# EXHIBIT 35

Case 1:04-cv-10981-PBS    Document 586-36    Filed 12/22/2006    Page 1 of 3

# COHEN & MALAD, LLP
## ATTORNEYS

Louis F. Cohen (1936-1992)
Richard M. Malad
Irwin B. Levin
Richard N. Bell
David J. Cutshaw
Gregory L. Laker
Thomas L. Blackburn
Richard E. Shevitz
Donald D. Levenhagen
Arend J. Abel
Shokrina Radpour Beering
Brian K. Zoeller*

*Certified Family Law Specialist

Michael C. Adley
Laura C. Jeffs
Scott D. Gilchrist
Eric S. Pavlack
Jeff S. Gibson
Elizabeth J. Doepken
Julie Andrews
Katherine A. Harmon
Kelley J. Johnson
Amanda L. Yonally

November 3, 2006

*VIA FACSIMILE 212-450-3800*
*AND U.S. MAIL*

Carter H. Burwell, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017

RE: *In re Neurontin Marketing & Sales Practices Litigation*
MDL No. 1629

Dear Carter:

    I am writing in response to your letter of November 2, 2006, regarding Dr. Huler's records. To be clear, and as we discussed at length during Dr. Huler's deposition, any failure on the part of Plaintiffs' counsel to provide Dr. Huler's complete file was completely inadvertent. Gerry Smith's complete file was produced to us by fax today, and al of these records are enclosed.

    In your letter, you also ask that we advise you of all specific steps that were taken to collect Mr. Smith's medical records. Considering that we have acknowledged the incomplete production, gone on the record during Dr. Huler's deposition to explain that this was through inadvertence and was in no way deliberate, obtained copies during Dr. Huler's deposition of the 5-6 pages of records that Dr. Huler identified as most important and allowed you to question her on those records during her deposition, and have taken steps to obtain the missing records on an expedited basis, we see little point in revisiting the past. I also note in this regard that your firm has refused to describe its efforts to obtain documents responsive to Plaintiff's document requests in this matter. Indeed, James Murray invoked the work product doctrine as the basis for declining to provide such information.

Carter H. Burwell, Esq.
DAVIS POLK & WARDWELL
November 3, 2006
Page 2

    I should also point out that Plaintiff's counsel did not "review" Dr. Huler's files when I met with her in 2005, as suggested in your letter. Moreover, Dr. Huler did not testify that we "reviewed" her file at that meeting.

                        Very truly yours,

                        COHEN & MALAD, LLP

                        Eric S. Pavlack

cc:    Ronald J. Aranoff (via facsimile)

ESP/trl/Neurontin.2759.001/1661