# EXHIBIT 36

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4732

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

November 10, 2006

Re:   **In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629**

Eric S. Pavlack, Esq.
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204

Dear Eric:

I am writing in response to your November 3, 2006 letter.

First, your letter attempts to excuse plaintiffs' failure to produce Dr. Huler's complete medical file by stating that "any failure" was "through inadvertence." It is unclear what, in this context, "inadvertence" means. On September 14, 2006, plaintiffs specifically represented that Mr. Smith's production regarding Dr. Huler's treatment of Mr. Smith was complete. Plainly, it was not, as even a cursory review of Dr. Huler's file could have revealed. Moreover, Dr. Huler testified at her deposition that she leafed through Mr. Smith's medical file with plaintiffs' counsel when plaintiffs' counsel visited her office in October 2005, and explained to plaintiffs' counsel during this visit that Mr. Smith's medical records demonstrated that Neurontin was an effective treatment for Mr. Smith's conditions.

On these facts, your failure to provide any explanation for the basis of your prior representation that Mr. Smith's production was complete – a statement upon which defendants specifically relied in going forward with Mr. Smith's deposition in early October and the deposition of his physicians on November 1 – raises a host of questions. Specifically, we continue to be concerned whether an affirmative decision was made not to collect Dr. Huler's records from Dr. Huler, not to provide defendants with a medical authorization to do so themselves, and not to take any steps to verify the completeness of Mr. Smith's production in response to the Magistrate Judge's discovery order. This concern is heightened by the fact that the previously unproduced medical records further confirm that (contrary to what Mr. Smith has claimed) Neurontin was an effective treatment for Mr. Smith's medical conditions.

Eric S. Pavlack, Esq.                    2                    November 10, 2006

       Second, your letter makes no attempt to address the obvious harm resulting from plaintiffs' failure to produce these records in advance of Mr. Smith's own deposition or the depositions of his physicians. Plaintiffs' position here – that the failure to produce these materials in advance of Mr. Smith's or Dr. Poe's depositions is somehow acceptable and that defendants suffered no prejudice because they received *some* of them *during* Dr. Huler's deposition – is particularly puzzling in light of plaintiffs' repeated requests that defendants produce documents at least one week in advance of depositions. The suggestion that plaintiffs can produce documents on the eve of depositions (Lorraine Kopa), in the middle of depositions (Dr. Huler), or after they are completed (Lorraine Kopa, Gerry Smith, and Dr. Poe), while insisting on production of documents from defendants a week in advance of depositions is patently unreasonable.

       Third, your letter appears to suggest that Dr. Huler's identification of portions of those unproduced medical records that she believes are "most important" is somehow relevant to plaintiffs' obligation to produce Mr. Smith's complete medical file. While defendants generally place great stock in Dr. Huler's opinions – including her opinion that Neurontin effectively treated Mr. Smith's conditions – we fail to see how her assessment of what may be "important" bears on defendants' right to review all responsive documents.

       Fourth, please note that defendants did not receive your November 3 letter and Dr. Huler's accompanying medical records via facsimile and did not receive those materials until Tuesday, November 7 via regular mail. If you sent them by facsimile as your letter indicates, please confirm that your letter and Dr. Huler's voluminous medical file were successfully transmitted to defendants via facsimile by providing us the number to which they were transmitted and the confirmation so that we can take further steps to locate them.

       Finally, please note that defendants continue to reserve all their rights regarding any action related to plaintiffs' failure to produce all of Mr. Smith's medical records.

                                   Very truly yours,

                                    Carter Burwell

cc:     Ronald J. Aranoff, Esq. (via facsimile)

<u>By Facsimile</u>

# DAVIS POLK & WARDWELL

| Fax Transmittal | Sender | | Sender E-mail Address | |
|---|---|---|---|---|
| 450 Lexington Avenue<br>New York, New York 10017<br>(212) 450-4000 | **Carter Burwell** | | **carter.burwell@dpw.com** | |
| | Date | | Number of Pages (this page included) | |
| | **November 10, 2006** | | 3 | |
| | Sender Voice Number | | If problems receiving this fax, call | |
| | 212 450 4732 | | 212 450 5277 | |
| | Sender Fax Number | | Reference | |
| | 212 450 3732 | | | |
| To | Fax Number | Company | Recipient Phone Number |
| **Eric Pavlack** | 317-636-2593 | **Cohen & Malad** | 317-636-6481 |
| **Ronald Aranoff** | 212-779-3218 | **Bernstein Liebhard** | 212-779-1414 |

**Message:**



To ensure compliance with requirements imposed by the IRS, we inform you that, unless explicitly provided otherwise, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Confidentiality Note:** This facsimile is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this facsimile or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the facsimile by mail.

Confirmation Report

```
                                    Page      : 001
                                    Date & Time: Nov-10-06  06:36pm
                                    Line 1    : 2124505046
                                    Line 2    :
                                    E-mail    : flowport@dpw.com
                                    Machine ID: room 2714
```

| Nbr | Job | Date | Time | Duration | pgs | To | Dept.nbr | Account | Comm. code | Status |
|---|---|---|---|---|---|---|---|---|---|---|
| 148 | 279 | Nov-10 | 06:35pm | 00/56 | 003 | 912127793218 | | | EC 613 | OK |

Confirmation Report

```
                                      Page       : 001
                                      Date & Time: Nov-10-06  06:34pm
                                      Line 1     : 2124505046
                                      Line 2     :
                                      E-mail     : flowport@dpw.com
                                      Machine ID : room 2714
```

| Nbr | Job | Date | Time | Duration | pgs | To | Dept.nbr | Account | Comm. code | Status |
|---|---|---|---|---|---|---|---|---|---|---|
| 147 | 277 | Nov-10 | 06:33pm | 00/50 | 003 | 16590014913176362593 | | | EC 612 | OK |