EXHIBIT 56

**VARIATIONS IN UNJUST ENRICHMENT LAW: FIFTY-TWO JURISDICTION SURVEY**

**(Definition, Equitable or Legal Action, Permissibility Where Legal Remedies Available,
Availability of Unclean Hands Defense, and Elements of Unclean Hands Defense)**

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| ALABAMA | "To prevail on a claim of unjust enrichment, the plaintiff must show that the defendant holds money which, in equity and good conscience, belongs to the plaintiff or holds money which was improperly paid to defendant because of mistake or fraud." *Scrushy v. Tucker*, No. 1050564, 2006 Ala. LEXIS 230, at *29 (Aug. 25, 2006) (internal citations and quotations omitted). <br><br> "Because unjust-enrichment claims are fact specific to each case, this Court has repeatedly held that such claims are unsuitable for class-action treatment." *Avis Rent-A-Car Systems, Inc. v. Heilman*, 876 So. 2d 1111, 1123 (Ala. 2003). | Equitable. *See Scrushy*, 2006 Ala. LEXIS at *29 ("The doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another.") (internal citations and quotations omitted). | No. *See Teleprompter of Mobile, Inc. v. Bayou Cable TV*, 428 So. 2d 17, 20 (Ala. 1983) ("[E]quitable remed[ies] will only issue where there is no adequate remedy at law."). | Yes. *J & M Bail Bonding Co., Inc. v. Hayes*, 748 So. 2d 198, 199 (Ala. 1999). | "[O]ne who seeks equity must do equity and one that comes into equity must come with clean hands." *Id.* (internal citation and quotations omitted). |

[1] Courts differ in their characterizations of unjust enrichment; some describe it as a remedy, some describe it as a cause of action, and some describe it as a principle. *See, e.g.*, *In re Estate of Elliott*, 149 Vt. 248, 253 n.2 (1988) (noting that among courts there is "much confusion over the proper uses and definitions of the terms restitution, unjust enrichment and quantum meruit").

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| ALASKA | "In order to sustain a claim of unjust enrichment, the plaintiff must show that the defendant received a benefit from the plaintiff and that defendant's retention of the benefit without compensating the plaintiff for its value would be inequitable." *Lakosh v. Alaska. Dep't of Environmental Conservation, Nos. S-11014 & S-1191*, 2004 Alas. LEXIS 134, at *14-*15 (Nov. 10, 2004). | Equitable. *See Peter v. Progressive Corp.*, Nos. S-11416 & S-11445, 2006 Alas. LEXIS 27, at *23 (Feb. 22, 2006). | No. *See id.* ("We have held that equitable relief is available only when there is no adequate remedy at law."). | Yes. *See Hoffman Construction Co. of Alaska v. U.S. Fabrication & Erection, Inc.*, 32 P.3d 346, 360 (Alas. 2001). | "[U]nclean hands is an equitable defense that requires a showing of wrongdoing by the other party:  In order to successfully raise the defense of unclean hands, the defendant must show:  (1) that the plaintiff perpetrated some wrongdoing; and (2) that the wrongful act related to the action being litigated." *Id.* |
| ARIZONA | "To establish a claim for unjust enrichment, a party must show:  (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment; and (5) the absence of a legal remedy." *Trustmark Insurance Co. v. Bank One Arizona*, 202 Ariz. 535, 541 (Ariz. Ct. App. 2002). | Equitable. *See State v. Arizona Pension Planning*, 154 Ariz. 56, 58 (1987). | No. *See Trustmark Insurance Co,*, 202 Ariz. at 541. | Yes. *See Tripati v. State*, 199 Ariz. 222, 225 (Ariz. Ct. App. 2000). | No case setting  forth what is required to assert the defense. |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| ARKANSAS | "To find unjust enrichment, a party must have received something of value, to which he or she is not entitled and which he or she must restore." *Hatchell v. Wren*, No. 0-5-91, 2005 Ark. LEXIS, 441, *12-*13 (June 30, 2005). | Unclear. *See First National Bank of Dewitt v. Cruthis*, 360 Ark. 528, 535 (2005) ("[E]ven though the doctrine is equitable, the issue of unjust enrichment has been submitted to the jury in circuit court where the assertion is wrongful retention of money because the cause of action is one corresponding with the common law action of assumpsit for money had and received.") | Unclear because it is not clear if unjust enrichment is a legal or an equitable remedy. *See Cruthis,* 360 Ark. at 535. | Yes. *Wilson v. Brown*, 320 Ark. 240, 247 (1995). | "The clean hands maxim bars relief to those guilty of improper conduct in the matter as to which they seek relief. Equity will not intervene on behalf of a plaintiff whose conduct in connection with the same matter has been unconscientious or unjust." *Id.* |
| CALIFORNIA | "Unjust enrichment is not a cause of action . . . or even a remedy, but rather a general principle, underlying various legal doctrines and remedies. It is synonymous with restitution." *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) (internal citations and quotations omitted). | Equitable. *Id.* | No. *See Gama v. County of Kern*, 179 Cal. App. 2d 1, 4 (1960). | Yes. *See Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton, LLP*, 133 Cal. App. 4th 658, 680 (2005). | "[T]he misconduct asserted in an unclean hands defense must be sufficiently related to the matter currently before the court. . . . The misconduct which brings the clean hands doctrine into operation must relate directly to the transaction concerning which the complaint is made, i.e., it must pertain to the very subject matter involved and affect the equitable relations between the litigants." *Id.* (internal citation and quotations omitted). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| COLORADO | In order to recover on an unjust enrichment claim, a plaintiff must prove the following: "(1) at plaintiff's expense; (2) defendant received a benefit; (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Dudding v. Norton Frickey & Associates*, 11 P.3d 441, 445 (Colo. 2000). | Equitable. *See id.* | No. *See Hoery v. United States*, 64 P.3d 214, 226-227 (Colo. 2003). | Yes. *See Colorado Korean Association v. Korean Senior Association of Colorado*, No. 05-CA-0145, 2006 Colo. App. LEXIS 1916, at *8 (Col. Ct. App. Nov. 16, 2006). | "The doctrine of unclean hands is an equitable defense to proceedings in equity and is premised on the theory that one who requests equity must do so with clean hands. Thus, a court will not consider a request for equitable relief under circumstances where the acts of the party requesting equitable relief offend the sense of equity to which the party appeals. Nevertheless, in order for the doctrine to apply, the allegedly improper conduct must have an immediate and necessary relation to the claim under which relief is sought." *Id.* |
| CONNECTICUT | "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." *Vertex, Inc. v. City of Waterbury*, 278 Conn. 557, 573 (2006) (internal citation and quotations omitted).<br><br>"[I]t becomes necessary in any case where the benefit of the [unjust enrichment] doctrine is claimed, to examine the circumstances and the conduct of the parties." *Id.* (internal citation and quotations omitted). | Equitable. *Id.* | No. *Id.* | Yes. *See Isola v. MacKenzie*, No. CV 920307875, 1997 Conn. Super. LEXIS 1511, at *42 (Super. Ct. May 30, 1997). | "[W]here a plaintiff seeks equitable relief, he must show that his conduct has been fair, equitable and honest as to the particular controversy in issue." *Bauer v. Waste Management of Connecticut, Inc.*, 239 Conn. 515, 525 (1996). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| DELAWARE | "Unjust enrichment is defined as the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience. To obtain restitution, the plaintiffs were required to show that the defendants were unjustly enriched, that the defendants secured a benefit, and that it would be unconscionable to allow them to retain that benefit. Restitution is permitted even when the defendant retaining the benefit is not a wrongdoer." *Schock v. Nash*, 732 A.2d 217, 232 (Del. 1999) (internal citation and quotations omitted). | Equitable. *See Cantor Fitzgerald, LP v. Cantor*, No. 16297, 1998 Del. Ch. LEXIS 97, at *23 (Del. Ch. June 16, 1998). | Yes. *See id.* (permitting an equitable remedy claim to be brought along with legal claims). | Yes. *See In re Healthsouth Corp. Shareholders Litigation*, 845 A.2d 1096, 1107 (Del. Ch. 2003). | The doctrine of unclean hands applies "when a party, who seeks relief in this Court has violated conscience or good faith or other equitable principles in his conduct, then the doors of the Court of Equity should be shut against him." *Smithkline Beecham Pharmaceuticals, Co. v. Merck & Co., Inc.*, 766 A.2d 442, 449 (Del. 2000). |
| DISTRICT OF COLUMBIA | "Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." *News World Communications, Inc. v. Thompse*n, 878 A.2d 1218, 1222 (D.C. 2005). | Equitable. *See Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Insurance Co*., 870 A.2d 58, 64 (D.C. 2005) (holding that "the claim of unjust enrichment asserted by [plaintiff] is based on equitable principles, and it is not contingent upon the niceties of the law of contracts"). | No. *See Threatt v. Winston*, 907 A.2d 780, 785-786 (D.C. 2006) ("[I]t is axiomatic that equitable relief will not be granted where the plaintiff has a complete and adequate remedy at law." (internal citation and quotations omitted)). | Yes. *See International Tours & Travel, Inc. v. Khalil*, 491 A.2d 1149, 1155 (D.C. 1985). | "The equitable doctrine of unclean hands only applies where there is misconduct by the plaintiff in the same transaction that is the subject of his claim." *Id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| FLORIDA | "The elements of an unjust enrichment claim are a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Florida Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1242 n.4 (Fla. 2004). | Equitable. *See id.* | Unclear. *Compare Bowleg v. Bowe*, 502 So. 2d 71, 72 (Fla. Ct. App. 1987) ("[T]he theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy") *with Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. Ct. App. 1998) ("There is no dispute that under Florida law, the general rule is that if the complaint on its face shows that adequate legal remedies exist, equitable remedies are not available. However, this doctrine does not apply to claims for unjust enrichment." (citation omitted)). | Yes. *See Cohen v. Kravit Estate Buyers, Inc.*, 843 So. 2d 989, 991-92 (Fla. Ct. App. 2003). | "The fact that a party's conduct is disreputable would be entirely irrelevant in those cases where the party asserting unclean hands has taken no action in reliance on that conduct, however disdainful of that conduct a court may be." *McIntosh v. Hough*, 601 So. 2d 1170, 1172-1173 (Fla. 1992). |
| GEORGIA | "Unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract . . . but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for." *St. Paul Mercury Insurance Co. v. Cona Britt Meeks*, 270 Ga. 136, 138 (Ga. 1998) (internal citation and quotations omitted). | Equitable. *See id.* | Yes. *See Whiten v. Murray*, 267 Ga. App. 417, 424 (2004) (permitting an unjust enrichment claim even where there is a legal remedy). | Yes. *See id.* at 423. | "The unclean-hands maxim which bars a complainant in equity from obtaining relief has reference to an inequity which infects the cause of action so that to entertain it would be violative of conscience. It must relate directly to the transaction concerning which complaint is made. The rule refers to equitable rights respecting the subject-matter of the action. It does not embrace outside matters." *Id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| HAWAII | Unclear. *See Durette v. Aloha Plastic Recycling, Inc.*, 105 Haw. 490, 502-03 (2004) ("We realize unjust enrichment is a broad and imprecise term defying definition. t in deciding whether there should be restitution here, we are guided by the underlying conception of restitution, the prevention of injustice." (internal citation and quotations omitted)). | Equitable. *See Tatibouet v. Ellsworth*, 99 Haw. 226, 232 (2002). | No. *See Uyehara v. Uyehara*, 101 Haw. 370, 374 (Haw. Ct. App. 2003) ("Equity will not grant relief where the movant had an adequate remedy at law . . . ."). | Yes. *See Shinn v. Edwin Yee, Ltd.*, 57 Haw. 215, 230 (1976). | "The doctrine [of unclean hands] is not one of absolutes, and each case must be judged on its particular facts and circumstances." *Id.* |
| IDAHO | The following elements are required for an unjust enrichment claim: "(1) a benefit is conferred upon defendant by plaintiff, (2) appreciation by the defendant of the benefit, and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment of the value thereof." *BHA Investments, Inc. v. State of Idaho*, 138 Idaho 348, 355 (2003). | Equitable. *See Aberdeen-Springfield Canal Co. v. Peiper*, 133 Idaho 82, 88 (1999). | No. *See id.* ("Since there are adequate legal remedies available to the [defendants], there is no need to employ the equitable doctrine of unjust enrichment."). | Yes. *See Campbell v. Kildew*, 141 Idaho 640, 648 (2005). | "The doctrine of unclean hands allows a court to deny equitable relief to a litigant on the ground that his conduct has been inequitable, unfair and dishonest, or fraudulent and deceitful as to the controversy at issue." *Id.* (internal citation and quotations omitted). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| ILLINOIS | To succeed on an unjust enrichment claim, "the plaintiff must show that valuable services or materials were furnished by the plaintiff, received by the defendant, under circumstances which would make it unjust for the defendant to retain the benefit without paying." *Hayes Mechanical, Inc. v. First Industrial, LP*, 351 Ill. App. 3d 1, 9 (2004).<br><br>"Notably, even when a person has received a benefit from another, he is liable for payment only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it. The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor." *Id.* (internal citation and quotations omitted). | Equitable. *See Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 604 (2005). | No. "Because it is an equitable remedy, unjust enrichment is only available when there is no adequate remedy at law." *Id.* (internal citation and quotations omitted). | Yes. *See Schivarelli v. Chicago Transit Authority*, 355 Ill. App. 3d 93, 103 (2005). | "In determining whether a party acted with unclean hands, the court will look to the intent of the party, not the effect of its actions, and will only find unclean hands present if there has been fraud or bad faith." *Id.* |
| INDIANA | "To prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991). | Equitable. *See Town of New Ross v. Ferretti*, 815 N.E.2d 162, 168 (Ind. Ct. App. 2004). | No. *See id.* ("[A] plaintiff may not pursue an equitable remedy when there is a remedy at law."). | Yes. *See In re Estate of Jonhson*, 855 N.E.2d 686, 701 (Ind. Ct. App. 2006). | "The unclean hands doctrine is an equitable tenet that demands one who seeks equitable relief to be free of wrongdoing in the matter before the court. The alleged wrongdoing must have an immediate and necessary relation to the matter being litigated. For the doctrine of unclean hands to apply, the misconduct must be intentional." *Id.* (internal citation omitted). |

8

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| IOWA | "Recovery based on unjust enrichment can be distilled into three basic elements of recovery.  They are: (1) defendant was enriched by the receipt of a benefit; (2) the enrichment was at the expense of the plaintiff; and (3) it is unjust to allow the defendant to retain the benefit under the circumstances."  *State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154-155 (Iowa 2001). | Equitable.  *See id.* | Unclear.  *See id. at* 155 ("The court of appeals recently identified four elements of recovery on the basis of unjust enrichment, including the element that there be no at-law remedy available to the plaintiff.  The adequacy of a legal remedy is a general limitation on the exercise of equity jurisdiction and is properly considered when restitution is sought in equity, but no independent principle exists that restricts restitution to cases where alternative remedies are inadequate.") | Yes.  *See Summers v. Summers*, No. 1-470, 2001 Iowa App. LEXIS 664, *7 (Iowa Ct. App. 2001). | "Under the unclean hands doctrine a court in equity may deny relief based on a party's inequitable, unfair, dishonest, fraudulent, or deceitful conduct."  *Id.* |
| KANSAS | "The basic elements of a claim based on a theory of unjust enrichment are threefold:  (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value."  *Haz-Mat Response v. Certified Waste Servs.*, 259 Kan. 166, 177 (1996) (internal citation and quotations omitted). | Equitable.  *See Dawson v. Fairmont Dairy Co.*, No. 60-718, 1988 Kan. App. LEXIS 151, at *4-*5 (Kan. Ct. App. 1988). | No.  *See Smith v. State*, 264 Kan. 348, 355 (Kan. 1998) (stating that, before a party can seek equitable relief, it must first make "a showing of an inadequate remedy at law"). | Yes.  *See Goben v. Barry*, 234 Kan. 721, 727 (1984). | "This fundamental maxim of equity [the doctrine of unclean hands] signifies that a litigant may be denied relief by a court of equity on the ground that his conduct has been inequitable, unfair and dishonest, or fraudulent and deceitful as to the controversy in issue."  *Id.* (internal citation and quotations omitted). |

9

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| KENTUCKY | "The doctrine of unjust enrichment, an equitable one, is applicable as a basis of restitution to prevent one person from keeping money or benefits belonging to another." *Citizens Bank of Northern Kentucky,, Inc. v. PBNK, Inc.*, No. 2004-CA-001351-MR, 2006 Ky. App. LEXIS 48, at *14 (Ky. Ct. App. 2006). | Equitable. *See id.* | No. *See Porter v. Bolen*, 169 S.W.3d 59, 65 (Ky. Ct. App. 2005) (holding that "a court should not resort to equitable remedies when adequate legal remedies are available"). | Yes. See *Eline Realty Co. v. Foeman*, 252 S.W.2d 15, 19 (Ky. 1952). | "The transaction with respect to which there was misconduct must be connected with the matter in litigation in order for the doctrine of unclean hands to apply." *Id.* |
| LOUISIANA | "[The five] required elements for a showing of unjust enrichment . . . are: 1) an enrichment on the part of the defendant; 2) an impoverishment on the part of the plaintiff; 3) a causal relationship between the enrichment and the impoverishment; 4) an absence of justification or cause for the enrichment or impoverishment; and 5) no other remedy at law. *J.J.C., Inc. v. Edwards*, 636 So. 2d 901, 907 (La. 1994). | Equitable. *See Miller v. Housing Authority of New Orleans*, 249 La. 623, 640 (La. 1966). | No. *See Edwards*, 636 So. 2d at 907. | Yes. *See Carter v. Flanagan*, 455 So. 2d 689, 693 (La. Ct. App. 1984). | Intentional conduct may be required on the part of the party against whom the doctrine is invoked. *See id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| MAINE | To prevail on an unjust enrichment claim, the defendant "must show that (1) Defendant [] conferred a benefit on the Plaintiff, (2) the Plaintiff appreciated or knew about the benefit, and (3) it would be inequitable for the Plaintiff to retain the benefit without compensating Defendant." *Rogers v. MacAdam*, No. CV 01-667, 2003 Me. Super. LEXIS 54, at *13 (Me. Super. Ct. 2003). | Equitable. *See id.* | Probably yes. *See Aladdin Electric Associates v. Town of Old Orchard Beach*, 645 A.2d 1142, 1144 (Me. 1994) (rejecting the argument that, because a party has a legal remedy, it may not bring an unjust enrichment claim). | Yes. *See Gillman v. Department of Human Services*, No. 97-704, 1998 ME 122, at*8 (Me. 1998) | Equitable remedies are "unavailable to parties who come in with unclean hands." *Buck v. Yarmouth*, 402 A.2d 860, 865 (Me. 1979). |
| MARYLAND | "This Court has defined unjust enrichment as constituting three elements: 1. A benefit conferred upon the defendant by the plaintiff; 2. An appreciation or knowledge by the defendant of the benefit; and 3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Berry & Gould, P.A. v. Berry*, 360 Md. 142, 151 (2000) (internal citation and quotations omitted). | Legal. *See Alternatives Unlimited, Inc. v. New Baltimore City Board of School Commissioners*, 155 Md. App. 415, 462 (Md. Ct. Spec. App. 2004) ("[R]estitution in the form of a money judgment for unjust enrichment based on quasi-contract is equally clearly a remedy at law."). | Unjust enrichment is a claim brought in law, not equity. *See Mass Transit Admin. v. Granite Construction Co.*, 57 Md. App. 766, 776-80 (Md. Ct. Spec. App. 1984). | Yes. *See Turner v. Turner*, 147 Md. App. 350, 419-420 (Md. Ct. Spec. App. 2002). | To assert the unclean hands doctrine, "there must be a nexus between the misconduct and the transaction, because what is material is not that the plaintiff's hands are dirty, but that [she] dirties them in acquiring the right [she] now asserts." *Id.* (internal citation and quotations omitted). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| MASSACHUSETTS | "To prevail on a claim for unjust enrichment, a plaintiff must show that the defendant retained money or property belonging to him against the fundamental principles of justice or equity and good conscience." *Kasparian v. Santinello*, No. 05-1150, 2006 Mass. Super. LEXIS 535, at *10 (Mass. Super. Ct. 2006).<br><br>A claim for unjust enrichment requires the court to look carefully at the expectations of the parties. *See id.* ("[A]s a basis for restitution, unjust enrichment requires more than *receipt* of benefit; the benefit must be *unjust,* a quality that turns on the reasonable expectation of the parties." (internal citation and quotations omitted)). | Equitable. *See id.* | No. *See id.* | Yes. *See Scattaretico v. Puglisi*, 60 Mass. App. Ct. 138, 143 (2003). | "A person is not to be deprived of civil justice merely because he has sinned in the past; his wrongdoing must have been related directly to the present situation to justify his being barred." *Id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| MICHIGAN | "The essential elements of a quasi contractual obligation [such as unjust enrichment], upon which recovery may be had, are the receipt of a benefit by a defendant from a plaintiff, which benefit it is inequitable that the defendant retain. . . . If the recipient of such a benefit has relied to his detriment on it, the plaintiff would be estopped from demanding reimbursement. The burden of establishing detrimental reliance is on the party opposing the restitution claim." *Michigan Educational Employees Mutual Insurance Co. v. Morris*, 460 Mich. 180, 198-199 (1999) (internal citations and quotations omitted). The question whether it would be "inequitable" for the defendant to retain the benefit the plaintiff conferred is "highly individualized," thus generally making class actions based on unjust enrichment inappropriate. *See Jackson v. Wal-Mart Stores*, No. 258498, 2005 Mich. App. LEXIS 2975, at *15-*19 (Mich. Ct. App. 2005). | Equitable. *See Jackson v. Wal-Mart Stores*, No. 258498, 2005 Mich. App. LEXIS 2975, at *27-*28 (Mich. Ct. App. 2005). | No. *See id.* ("[E]quitable remedies are not appropriate where an adequate remedy at law is available."). | Yes. *See Zboril v. Farkus*, No. 250760, 2005 Mich. App. LEXIS 537, at *4-*5 (Mich. Ct. App. 2005). | The "doctrine of unclean hands bars a party from obtaining equitable relief with regard to a matter in which it has engaged in conduct tainted by inequitableness or bad faith." *Id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| MINNESOTA | "The elements of an unjust enrichment claim include:  (1) a benefit conferred; (2) the defendant's appreciation and knowing acceptance of the benefit; and (3) the defendant's acceptance and retention of the benefit under such circumstances that it would be inequitable for him to retain it without paying for it.  A claim for unjust enrichment does not lie simply because one party benefits from the efforts or obligations of others, but instead it must be shown that a party was unjustly enriched in the sense that the term unjustly could mean illegally or unlawfully." *Fimon v. Kenroc Drywall Supplies*, No. C7-02-1588, 2003 Minn. App. LEXIS 311, at *11-*12 (Minn. Ct. App. 2003) (internal citations and quotations omitted). | Equitable.  *See ServiceMaster of St. Cloud v. GAB Business Services*, 544 N.W.2d 302, 305 (Minn. 1996). | No.  *See id.* | Yes.  *See Heidbreder v. Carton*, 645 N.W.2d 355, 371 (Minn. 2002). | "The doctrine of unclean hands bars a party who acted inequitably from obtaining equitable relief.  It does not bar a party with unclean hands from opposing a request for equitable relief by the other side." *Id.* (internal citation omitted). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| MISSISSIPPI | "Mississippi law provides that, in an action for unjust enrichment, the plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff. The requirements of proof of unjust enrichment are neither technical nor complicated and, [plaintiff] can state a claim against Defendants on the basis that [defendants] were unjustly enriched because they received the profits [which] they should not have been permitted to [receive]." F*ordice Construction Co. v. Central States Dredging Co.*, 631 F. Supp. 1536, 1538-39 (S.D. Miss. 1986) (applying Mississippi law). | Equitable. *See ERA Franchise System v. Mathis*, 931 So. 2d 1278, 1283 (Miss. 2006). | No. *See Everitt v. Lovitt*, 192 So. 2d 422, 426 (Miss. 1966) (holding that "no equitable relief nor any extraordinary legal relief is available where there is an adequate remedy at law"). | Yes. *See Richardson v. Cornes*, 903 So. 2d 51, 55 (Miss. 2005). | The rationale of the unclean hands defense "is to declare that no person as a complaining party can have the aid of a court of equity when his conduct with respect to the transaction in question has been characterized by willful inequity." *Id.* (internal citation and quotations omitted). |
| MISSOURI | "The elements of unjust enrichment are: (a) a benefit conferred by one party on another; (b) appreciation by the receiving party of the fact that what was conferred was a benefit; and (c) acceptance and retention of the benefit that would render that retention inequitable." *Cridlebaugh v. Putnam County State Bank*, 192 S.W.3d 540, 543 (Mo. Ct. App. 2006). | Equitable. *See Webcon Group, Inc. v. S.M. Properties, L.P.*, 1 S.W.3d 538, 542 (Mo. Ct. App. 1999). | Yes. *See id.* ("When a court has concurrent jurisdiction to hear both legal and equitable claims, it may invoke equitable principles despite the existence of an adequate remedy at law." (internal citation and quotations omitted)). | Yes. *See Sangamon Associates v. Carpenter 1985 Family Partnership, Ltd.*, 165 S.W.3d 141, 145-146 (Mo. 2005). | "[T]he doctrine of unclean hands is not one of absolutes and can be used in the discretion of a court of equity." *Id.* (internal citation and quotations omitted). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| MONTANA | "The determination of unjust enrichment is question of law with five elements: (1) an enrichment; (2) an impoverishment; (3) a causal connection or nexus between the enrichment and the impoverishment; (4) an absence of a justification for the enrichment and impoverishment; (5) no adequate remedy at law. Additionally, a Court will look to see if the party seeking restitution under a claim for unjust enrichment has unclean hands. In Montana, no one can take advantage of his own wrong." *Bell Builders v. Bell Enterprises Partnership*, Cause No. DV 00-648, 2002 Mont. Dist. LEXIS 2747, at *15-*16 (Mont. Dist. Ct. Apr. 3, 2002). | Equitable. *See Sebena v. State*, 267 Mont. 359, 367 (1994) ("Unjust enrichment is an equitable doctrine."). | No. See *Bell Builders*, 2002 Mont. Dist. LEXIS at *16. | Yes. *See id.* | "The doctrine of unclean hands prevents a party who acts in bad faith—whose acts are also unclean—from seeking relief in equity." *Ballas v. Missoula City Board of Adjustment*, Cause No. DV 03-867, 2006 Mont. Dist. LEXIS 824, at *17-*18 (Mont. Dist. Ct. Oct. 30, 2006) (internal citation and quotations omitted). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| NEBRASKA | "To recover on such a claim [for unjust enrichment], the plaintiff must show that (1) the defendant received money, (2) the defendant retained possession of the money, and (3) the defendant in justice and fairness ought to pay the money to the plaintiff." *Kanne v. Visa U.S.A. Inc.*, 272 Neb. 489 (2006).<br><br>"The most significant element of the doctrine of unjust enrichment is whether the enrichment of the defendant is unjust. Although unjust enrichment may arise from fraud or several other predicates, the element of fraud or tortious conduct on the part of a defendant is not necessary in an action for unjust enrichment." *Kisicki v. Mid-America Financial. Investment Corp.*, No. A-01-708, 2002 Neb. App. LEXIS 297, at *16 (Neb. Ct. App. Nov. 26, 2002) (internal citation omitted). | Equitable. *See Southwest Trinity Constructors, Inc. v. St. Paul Fire & Marine Insurance Co.*, 243 Neb. 55, 58-59 (1993). | No. *See id.* | Yes. *See State ex rel. Pathammavong v. Pathammavong*, 268 Neb. 1, 7 (2004). | "Whenever a party, who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him in limine; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy." *Id.* (internal citations and quotations omitted). |
| NEVADA | "[T]he essential elements of unjust enrichment are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit." *Topaz Mutual Co. v. Marsh*, 108 Nev. 845, 856 (Nev. 1992) (internal citation and quotations omitted). | Equitable. *See MacDonald v. Krause*, 77 Nev. 312, 318 (1961). | No. *See Harmon v. Tanner Motor Tours*, 79 Nev. 4, 20 (1963) ("We have already held that the necessary prerequisite to the existence of an equitable remedy, the absence of an adequate remedy at law, is present in this case."). | Yes. *See Locken v. Locken*, 98 Nev. 369, 373 (1982). | The doctrine does not apply unless (1) the alleged misconduct is directed at the party seeking to invoke it and (2) the misconduct affected the transaction at issue. *Id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| NEW HAMPSHIRE | "A trial court may require an individual to make restitution for unjust enrichment if he has received a benefit which would be unconscionable for him to retain.  To entitle one to restitution, it must be shown that there was unjust enrichment either through wrongful acts or passive acceptance of a benefit that would be unconscionable to retain."  Kowalski v. Cedars of Portsmouth Condominium Association, 146 N.H. 130, 133 (2001) (internal citations and quotations omitted). | Equitable.  See id. at 131 ("Unjust enrichment is an equitable as opposed to a legal concept."). | No.  See American Board of Trade v. Dun & Bradstreet, Inc., 122 N.H. 344, 347 (1982). | Yes.  See Cornwell v. Cornwell, 116 N.H. 205, 210 (1976). | "The party to a suit, complaining that his opponent is in court with unclean hands because of the latter's conduct . . . must show that he himself has been injured by such conduct, to justify application of the principle to the case.  The wrong must have been done to the defendant himself and not to some third party."  Id. (quoting 2 J. Pomeroy, Equity Jurisprudence § 399, at 99 (1941)). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| NEW JERSEY | "A constructive or quasi-contract is the formula by which a court enforces a duty to prevent unjust enrichment or unconscionable benefit or advantage.  To recover on the theory of quasi-contract, the plaintiff must prove that the defendant received a benefit and that its retention without payment would be unjust." *Shalita v. Township of Washington*, 270 N.J. Super. 84, 90 (App. Div. 1994) (internal citations and quotations omitted).<br><br>In a multi-state class action brought under, *inter alia*, an unjust enrichment claim, the court held that "there exist far too many uncommon issues of significant fact that need to be litigated on an individualized customer basis as opposed to a class-wide basis." *West Morris Pediatrics, P.A. v. Henry Schein, Inc.*, 385 N.J. Super. 581, 608 (2004). | Equitable.  *See Caputo v. Nice-Pak Products*, 300 N.J. Super. 498, 507 (App. Div. 1997). | Yes.  *See id.* at 504 ("We conclude that a plaintiff who has attempted to prove both breach of contract and unjust enrichment need not choose which one will go to the jury, as long as there is sufficient evidence as to both.  Under proper instructions from the judge, the jury may decide which of the two was proved, and plaintiff will be able to recover under one of the theories.  It is only recovery under inconsistent theories that is not permitted."). | Yes.  *See Borough of Princeton v. Board of Chosen Freeholders of Mercer*, 169 N.J. 135, 158 (2001). | "The essence of that doctrine, which is discretionary on the part of the court, is that a suitor in equity must come into court with clean hands and he must keep them clean after his entry and throughout the proceedings." *Id.* (internal citations and quotations omitted). |
| NEW MEXICO | "To prevail on a claim for unjust enrichment, one must show that: (1) another has been knowingly benefited at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *Credit Institute v. Veterinary Nutrition Corp.*, 133 N.M. 248, 253 (N.M. Ct. App. 2002) (internal citation and quotations omitted). | Equitable.  *See Chase Manhattan Bank v. Candelaria*, 135 N.M. 527, 530 (2004). | No.  *See Ontiveros Insulation Co. v. Sanchez*, 3 P.3d 695, 698 (N.M. Ct. App. 2000) | Yes.  *See Mechem v. Santa Fe*, 96 N.M. 668, 670 (1981) | "The key element under this doctrine is that [plaintiff's] misconduct must be related to the transaction giving rise to the claim involved here.  What is material is not that plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts." *Id.* (internal citations and quotations omitted). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| NEW YORK | "[T]o prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered. Unjust enrichment, however, does not require the performance of any wrongful act by the one enriched. Innocent parties may frequently be unjustly enriched." *Cruz v. McAneney*, 31 A.D.3d 54, 59 (N.Y. App. Div. 2006) (internal citations and quotations omitted). | Unclear. *Compare Featherstonhaugh v. Roemer*, 279 A.D.2d 783, 783 (N.Y. App. Div. 2001) (referring to "the equitable remedy of unjust enrichment") *with Bennett v. John*, 151 A.D.2d 711, 711 (N.Y. App. Div. 1989) ("[W]e conclude that the plaintiff has an adequate remedy at law, to wit, monetary damages for unjust enrichment."). | Unclear because unclear whether an unjust enrichment claim seeks equitable or legal relief.  In general, however, New York courts do not permit a party to seek equitable relief if he has an adequate legal remedy.  *See Rosenbach v. Diversified Group, Inc.*, 819 N.Y.S.2d 851, 851 (N.Y. Sup. Ct. 2006). | Yes.  *See Seagirt Realty Corp. v. Chazanof*, 13 N.Y.2d 282, 286 (1963). | "[T]he unclean hands doctrine bars only causes of action founded in illegality or immorality." *Id.* at 285. |
| NORTH CAROLINA | "In order to recover for unjust enrichment, a plaintiff must show: (1) that services were rendered to [the defendant]; (2) that the services were knowingly and voluntarily accepted; and (3) that the services were not given gratuitously." *Builder Mart of America v. First Union Corp.*, No. COA02-446, 2003 N.C. App. LEXIS 517, at *10 (N.C. Ct. App. Mar. 18, 2003) (internal citations and quotations omitted). | Equitable.  *See Peace River Electric Cooperative v. Ward Transformer Co.*, 116 N.C. App. 493, 508 (N.C. Ct. App. 1994). | No.  *See id.* (noting that "it is well-established that if an adequate remedy at law may be sought, the court's equitable intervention is obviated." (internal citation and quotations omitted)). | Yes.  *See Hurston v. Hurston*, 635 S.E.2d 451, 454 (N.C. Ct. App. 2006). | Only "culpable negligence" is required to assert the defense. *See id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| NORTH DAKOTA | "Unjust enrichment requires: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification for the enrichment and impoverishment; and (5) an absence of remedy provided by law." *Ritter, Laber & Associates v. Koch Oil, Inc.*, 680 N.W.2d 634, 642 (N.D. 2004). | Equitable. *See id.* | No. *See id.* | Yes. *See Sand v. Red River National Bank & Trust Co.*, 224 N.W.2d 375, 378 (N.D. 1974). | Under the doctrine of unclean hands, "when a party asks for [equitable relief] he is held to a higher standard than if he merely asks for money damages for breach of the contract." *Id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| OHIO | "[L]iability in quasi-contract arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain. . . . [T]he elements of quasi-contract as follows: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment (unjust enrichment)." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183 (1984) (internal citations and quotations omitted). <br><br> Because an unjust enrichment claim requires an individualized inquiry, in most cases class certification will be inappropriate. *See Linn v. Roto-Rooter, Inc.*, No. 82657, 2004 Ohio App. LEXIS 2274, at *11 (Ohio Ct. App. May 20, 2004) (reversing a decision to grant class certification in a case bringing, *inter alia*, a claim for unjust enrichment, because "[a]bsent an individual analysis . . . there is no way to determine [defendant's] liability under each of the plaintiff's claims. Because these factors require individualized inquiries, the trial court abused its discretion by finding common questions of fact predominate."). | Unclear. *Compare State ex rel. Liberty Mutual Insurance Co. v. Industrial Commission of Ohio*, 18 Ohio St. 3d 290, 292 (1985) ("[W]e find that there is an adequate remedy at law by way of an action for unjust enrichment.") *with Celinski v. Benke*, No. 93-A-1773, 1994 Ohio App. LEXIS 718, at *5 (Ohio Ct. App. Feb. 25, 1994) (holding that "the law recognizes a claim for unjust enrichment, an equitable remedy, only when no other legal remedy is available"). | Unclear because unclear whether an unjust enrichment claim seeks equitable or legal relief. In general, however, Ohio courts do not permit a party to seek equitable relief if he has an adequate legal remedy. See Mid-America Tire, Inc. v. PTZ Trading Ltd., 95 Ohio St. 3d 367, 378-379 (2002). | Yes. *See Seitz v. Kozma*, No. 86922, 2006 Ohio App. LEXIS 3540, at *4-*5 (Ohio Ct. App. July 13, 2006) | "The doctrine of unclean hands states the following: He who seeks equity must come with clean hands. Equity is based upon what is perceived as fair under the circumstances of each case and, when both parties are guilty of injustice, a court of equity will leave them as they are." *Id.* (internal citations and quotations omitted). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| OKLAHOMA | "Before a party may recover unjust enrichment, there must be enrichment to another coupled with a resulting injustice." *Robinson v. Southerland*, 123 P.3d 35, 45 (Okla. Ct. App. 2005).<br><br>"The success of a claim for unjust enrichment depends on the particular facts and circumstances of each case . . . These factual particularities make class certification imprudent because the claims and defenses of each class member involve a specific finding of cost, profit, and equitable unfairness which necessarily requires individualized findings of fact for each member of the class. For all of these reasons, there is a lack of predominance of common legal and factual issues and the trial court abused its discretion in certifying the claim for unjust enrichment." *Harvell v. Goodyear Tire & Rubber Co.*, No. 102,128, 2006 Okla. LEXIS 22, at *23 (Okla. Apr. 25, 2006). | Equitable. *See Morris v. Sanchez*, 746 P.2d 184, 187 (Okla. 1987). | No. *See Hydro Turf, Inc. v. International Fidelity Insurance Co.*, 91 P.3d 667, 673 (Okla. Ct. App. 2004) ("Because an adequate remedy at law is available to [plaintiff] through its negligence claim, it was not necessary for the trial court to invoke its equitable jurisdiction on the unjust enrichment issue."). | Yes. *See Mortgage Electric Registration System v. United States ex rel. IRS*, 134 P.3d 913, 917 (Okla. Ct. App. 2006). | Negligence on the part of one party is sufficient to permit the other party to invoke the unclean hands doctrine. *See id.* |

23

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| OREGON | "[T]he elements of the quasi-contractual claim of unjust enrichment are a benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it." *Summer Oaks Partnership v. McGinley*, 183 Ore. App. 645, 654 (Or. Ct. App. 2002) (internal citations and quotations omitted). | Equitable. *See United States National Bank v. Boge*, 311 Ore. 550, 559 (1991). | No. *See State ex rel. Huddleston v. Sawyer*, 324 Ore. 597, 637 n.1 (1997). | Yes. *See Community Bank v. Jones*, 278 Ore. 647, 672 (1977). | "This court has gone further than most jurisdictions and held that inequitable conduct by plaintiff towards third parties may foreclose equitable recovery." *Id.* |
| PENNSYLVANIA | "The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant and acceptance and retention of such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *In re Pennsylvania Baycol Third-Party Payor Litigation*, No. 1874, 2005 Phila. Ct. Com. Pl. LEXIS 129, at *20 (Phila. Ct. Com. Pl. Apr. 4, 2005) (internal citations and quotations omitted).<br><br>"The application of the doctrine [of unjust enrichment] depends on the particular factual circumstances of the case at issue." *Schenck v. K.E. David, Ltd.*, 446 Pa. Super. 94, 97 (Pa. Super. Ct. 1995). | Equitable. *See In re Pennsylvania Baycol Third-Party Payor Litigation*, 2005 Phila. Ct. Com. Pl. LEXIS at *20. | No. *See Cherry v. City of Philadelphia*, 547 Pa. 679, 683 (1997). | Yes. *See In re Adoption of S.A.J.*, 575 Pa. 624, 640 (2003). | "The doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit as to the controversy at issue." *Id.* (internal citation and quotations omitted). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| PUERTO RICO | "Unjust enrichment is a doctrine based on equity of general application to all situations where its nonapplication would perpetuate the inequity that someone may unjustly enrich himself at the expense of another.  An action brought under the doctrine of unjust enrichment is subsidiary in nature and will only be available in situations where there is no available action to seek relief." *Medina & Medina v. Country Pride Foods, Ltd.*, 631 F. Supp. 293, 302 (D.P.R. 1986) (internal citations and quotations omitted). | Equitable.  *See id.* | No.  *See Brown & Caldwell v. Solid Waste Management Authority*, No. 03-CIV-1261, 2005 U.S. Dist. LEXIS 37125, at *2 (D.P.R. July 22, 2005). | Yes.  *See Vaqueria Tres Monjitas, Inc. v. Laboy*, 448 F. Supp. 2d 340, 350 (D.P.R. 2006). | "[T]he doctrine of unclean hands closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief."  *Id.* (internal citation and quotations omitted). |
| RHODE ISLAND | "To recover under a claim for unjust enrichment, a plaintiff is required to prove three elements:  (1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof." *Narragansett Electric Co. v. Carbone*, 898 A.2d 87, 99 (R.I. 2006) (internal citations and quotations omitted). | Equitable.  *See Cazabat v. Metropolitan Property and Casualty Insurance Co.*, No. 99-KC-0544, 2000 R.I. Super. LEXIS 110, at *20 (R.I. Super. Ct. Apr. 24, 2000). | No.  *See id.* at *20-*21. | Yes.  *See Rodriques v. Santos*, 466 A.2d 306, 311 (R.I. 1983). | "[I]it is only when the plaintiff's improper conduct is the source, or part of the source, of his equitable claim, that he is to be barred because of this conduct."  *Id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| SOUTH CAROLINA | "Restitution is a remedy designed to prevent unjust enrichment.  To recover on a theory of restitution, the plaintiff must show (1) that he conferred a non-gratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value." *Sauner v. Public Service Authority*, 354 S.C. 397, 409 (2003) (internal citations omitted). | Equitable.  *See Barrett v. Miller*, 283 S.C. 262, 264 (S.C. Ct. App. 1984). | No.  *See id.* | Yes.  *See Ingram v. Kasey's Associates*, 340 S.C. 98, 107 n.2 (2000). | "Unclean hands precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant." *Id.* |
| SOUTH DAKOTA | "For [plaintiff] to prevail on his claim of unjust enrichment, he must show: (1) [defendant] received a benefit; (2) [defendant] was aware he was receiving a benefit, and (3) that it is inequitable to allow [defendant] to retain this benefit without paying for it. . . . On the third element, proof of unfairness in retaining the benefit without payment, the relevant inquiry is whether the circumstances are such that equitably the beneficiary should restore to the benefactor the benefit or its value." *Hofeldt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003) (internal citations omitted). | Equitable.  *See Rindal v. Sohler*, 658 N.W.2d 769, 772 (S.D. 2003). | No.  *See id.* | Yes.  *See Halls v. White*, 715 N.W.2d 577, 585 (2006). | "We have recognized the doctrine of unclean hands which requires that a party seeking equity must act fairly and in good faith." *Id.* (internal citation and quotations omitted). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| TENNESSEE | To prevail on a claim for unjust enrichment, a party must show the following five elements: "(1) There is no existing, enforceable contract between the parties covering the same subject matter; (2) The party seeking recovery proves that it provided valuable goods or services; (3) The party to be charged received the goods or services; (4) The circumstances indicate that the parties to the transaction should have reasonably understood that the person providing the goods or services expected to be compensated; and (5) The circumstances demonstrate that it would be unjust for a party to retain the goods or services without payment." *Education Resource Institute v. Moss*, No. M2005-02378-COA-R3-CV, 2006 Tenn. App. LEXIS 497, at *7-*8 (Tenn. Ct. App. July 26, 2006) (internal citations and quotations omitted). | Equitable.  *See Zirkle v. Kingston*, 217 Tenn. 210, 224 (Tenn. 1965). | No.  *See id.* (holding that "if the remedy at law is adequate . . . the chancellor did not err in refusing to take [equitable] jurisdiction"). | Yes.  *See Riverside Surgery Center, LLC v. Methodist Health Systems*, 182 S.W.3d 805, 813 (Tenn. Ct. App. 2005). | "The doctrine of unclean hands has been explained as follows:  A complainant, who has been guilty of unconscientious conduct or bad faith, or has committed any wrong, in reference to a particular transaction, cannot have the aid of a Court of Equity in enforcing any alleged rights growing out of such transaction." *Id.* (internal citations and quotations omitted). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| TEXAS | To prevail on an unjust enrichment claim, the plaintiff must prove the following : "1) valuable services were rendered or materials furnished; 2) for the person sought to be charged; 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged." *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) (internal citations and quotations omitted). | Equitable. *See BMG Direct Marketing v. Peake*, 178 S.W.3d 763, 770 (Tex. 2005). | No. *See id.* (noting that "an adequate legal remedy may render equitable claims of unjust enrichment and equitable defenses of voluntary-payment unavailable"). | Yes. *See Davis v. Grammer*, 750 S.W.2d 766, 768 (Tex. 1988). | The unclean hands doctrine cannot be invoked if the misconduct alleged "is merely collateral" to the cause of action. *Id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| UTAH | Utah courts use a three-element test for unjust enrichment claims. "First, there must be a benefit conferred by one person on another. Second, the conferee must appreciate or have knowledge of the benefit. Third, there must be acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *Allen v. Hall*, 2006 Utah LEXIS 205, No. 20050338, at **16 (Utah Nov. 17, 2006).<br><br>The Utah Supreme Court has observed that, "[t]he facts underlying unjust enrichment claims vary greatly from case to case" and therefore require individualized factual inquiries at the trial level. *Desert Miriah, Inc. v. B&L Auto, Inc.*, 12 P.3d 580, 582 (Utah 2000). | Equitable. *See American Towers Owners Association v. CCI Mechanical, Inc.*, 930 P.2d 1182, 1193 (Utah 1996). | No. *See id.* (noting that, "if a legal remedy is available, such as breach of an express contract, the law will not imply the equitable remedy of unjust enrichment"). | Yes. *See Parduhn v. Bennett*, 112 P.3d 495, 506 (Utah 2005) (The doctrine of unclean hands is recognized in Utah, but we have never held it to be an absolute bar to recovery." (internal citations and quotations omitted)). | "Under Utah law, a plaintiff who has engaged in fraud or deceit in the business under consideration will be denied equitable relief when fairness and good conscience so demand. In other words, a party who seeks an equitable remedy must have acted in good faith and not in violation of equitable principles." *Hone v. Hone*, 95 P.3d 1221, 1223 (Utah Ct. App. 2004) (internal citation and quotations omitted). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| VERMONT | "Under a quasi-contract theory [such as unjust enrichment], the law implies a promise to pay when a party receives a benefit and the retention of the benefit would be inequitable." *In re Estate of Elliott*, 149 Vt. 248, 252 (1988) (internal citations and quotations omitted). The precise elements for a claim are somewhat unclear, and the Vermont Supreme Court has noted that "[t]here has existed much confusion over the proper uses and definitions of the terms restitution, unjust enrichment and quantum meruit." *Id.* at 253 n.2 (internal quotations omitted). | Equitable. *See Brookside Memorials, Inc. v. Barre City*, 167 Vt. 558, 560 (1997). | No.  "Ordinarily, if the law affords a remedy which is adequate, a cause may not be made the basis of a suit in equity." *Smith v. Thibault*, 122 Vt. 256, 259 (1961). | Yes.  *See Starr Farm Beach Campowners Association v. Boylan*, 174 Vt. 503, 506 (2002). | "Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the [doctrine of unclean hands]." *Id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| VIRGINIA | It is not clear if Virginia recognizes unjust enrichment as a cause of action. *Compare Belter v. Norfolk Properties One*, 69 Va. Cir. 13, 14 (Va. Cir. Ct. 2005) ("I need not decide whether Virginia recognizes a cause of action for unjust enrichment in these circumstances or what its elements are.") *with Sevilla v. Del Castillo*, 28 Va. Cir. 164, 166 (Va. Cir. Ct. 1992) (citing a *West Virginia* Supreme Court case setting forth the elements of an unjust enrichment claim as follows: "(1) a benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value."). | The Virginia Supreme Court has referred to unjust enrichment as an equitable doctrine. See *Belcher v. Kirkwood*, 238 Va. 430, 432 (1989). | No. *See Elegant Homes of Virginia, Inc. v. Boberski*, 70 Va. Cir. 377, 379 (Va. Cir. Ct. 2006). | Yes. *See Brown v. Kittle*, 225 Va. 451, 456 (1983). | "Under the equitable doctrine of unclean hands, . . . a party is denied relief because of his own inequitable conduct." *Id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| WASHINGTON | Washington courts require the following two elements to recover on an unjust enrichment claim: "First, the enrichment of the defendant must be unjust; and second, the plaintiff cannot be a mere volunteer." *Lynch v. Deaconess Medical Center*, 776 P.2d 681, 683 (Wash. 1989). | Unclear. *Compare Draper Machinery Works v. Department of Natural Resources*, 815 P.2d 770, 778 (Wash. 1991) (referring to "the equitable doctrine of restitution or unjust enrichment") *with Bort v. Parker*, 42 P.3d 980, 990 (Wash. Ct. App. 2002) ("Although Washington courts have previously characterized unjust enrichment and quantum meruit as equitable forms of recovery, the two doctrines are better viewed as legal remedies in the form of restitution.") | Unclear because it is not clear whether unjust enrichment is properly characterized as equitable or legal. In general, however, "[a] court will grant equitable relief only when there is a showing that a party is entitled to a remedy and the remedy at law is inadequate." *Sorenson v. Pyeatt*, No. 77229-1, 2006 Wash. LEXIS 874, at *10 (Nov. 9, 2006). | Yes. *See Simmonds v. Michael*, No. 55151-5-I, 2005 Wash. App. LEXIS 2766, at *17-*18 (Wash. Ct. App. Oct. 31, 2005). | The unclean hands doctrine can only be invoked by the defendant where the plaintiff has committed "fraud or inequity" against the defendant. *See id.* at *18 ("Fraud or inequity practiced against a third person, who does not complain, does not close the doors of equity to a plaintiff guilty of no inequity as against a defendant." (internal citation and quotations omitted)). |
| WEST VIRGINIA | "[T]o be entitled to equitable relief for unjust enrichment, a party must show that a payee received money to which he was not entitled and that the payment was the result of a mistake. . . . [A] mistake for which equity will give relief is defined as some unintentional act, omission or error arising from unconsciousness, ignorance, forgetfulness, imposition or misplaced confidences." *Absure, Inc. v. Huffman*, 213 W. Va. 651, 654 (2003) (internal citations and quotations omitted). | Equitable. *See id.* | No. *See Page v. Columbia Natural Resources*, 198 W. Va. 378, 392 (1996). | Yes. *See State ex rel. Valley Distributors v. Oakley*, 153 W. Va. 94, 97 (1969). | "[T]he rule is that equity will not entertain persons with unclean hands." *Gardner v. Gardner*, 144 W. Va. 630, 642 (1959). |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| WISCONSIN | "The elements of a claim based on unjust enrichment are: (1) plaintiff conferred benefit on defendant, (2) defendant knew of the benefit, and (3) it is inequitable for defendant to accept or retain the benefit without paying its value." *Ramsey v. Ellis*, 168 Wis. 2d 779, 784-785 (Wis. 1992) (internal citation and quotations omitted). | Equitable. *See Management Computer Services v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 188 (Wis. 1996) | No. *See American Mutual Liability Insurance Co. v. Fisher*, 58 Wis. 2d 299, 305 (Wis. 1973). | Yes. *See Pittman v. Arndt*, 485 N.W.2d 839, 839 (Wis. Ct. App. 1992). | "[E]quity will not aid those with unclean hands." *Id.* |

| STATE | DEFINITION OF UNJUST ENRICHMENT | EQUITABLE OR LEGAL REMEDY/CAUSE OF ACTION/PRINCIPLE?[1] | PERMISSIBLE WHERE A LEGAL REMEDY IS AVAILABLE? | UNCLEAN HANDS DEFENSE AVAILABLE? | ELEMENTS OF UNCLEAN HANDS DEFENSE |
|---|---|---|---|---|---|
| WYOMING | "The elements of an unjust enrichment claim are as follows:  (1) valuable services were rendered, or materials furnished, (2) to the party to be charged, (3) which services or materials were accepted, used and enjoyed by the party to be charged; and (4) that the services or materials were furnished under such circumstances as would reasonably notify the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged.  Without such payment, the party would be unjust enriched." *Jacoby v. Jacoby*, 100 P.3d 852, 855-56 (Wyo. 2004) (internal citations and quotations omitted).<br><br>"Element four is the heart of an unjust enrichment claim.  The receipt of a benefit must be unjust as to the party to be charged.  Unjust enrichment is an equitable remedy that is appropriate only when the party to be charged has received a benefit that in good conscience the party ought not retain without compensation to the party providing the benefit." *Id.* at 856 (internal citations and quotations omitted). | Equitable.  *Id.* at 855. | No.  "Yet another mainstay of equitable relief is that equity will not be invoked if an adequate remedy at law exists." *McNeill Family Trust v. Centura Bank*, 60 P.3d 1277, 1285 (Wyo. 2003). | Yes.  *See Roussalis v. Apollo Electric Co.*, 979 P.2d 493, 496 (Wyo. 1999). | "The doctrine of unclean hands is not generally favored by courts.  Relief may be given to a less than angelic plaintiff while at the same time fashioning a recovery which accounts for the asserted wrong." *Id.* (internal citation omitted). |