EXHIBIT 57

**VARIATIONS IN STATE CONSUMER PROTECTION ACTS:  FIFTY-TWO JURISDICTION SURVEY**

**PART 1 of 2**

**(Private Right of Action, Class Action, Statute of Limitations, Causation, Reliance, Scienter and Damages)**

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| ALABAMA<br><br>Deceptive Trade Practices Act<br><br>Ala. Code § 8-19-1, *et seq.* (2006)<br><br>Statute lists prohibited "deceptive acts" which include, inter alia:<br><br>- misrepresenting the quality of the goods;<br><br>- making false or misleading statements concerning price reductions; or<br><br>- engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce.<br><br>Ala. Code § 8-19-5. | Yes.<br><br>Ala. Code § 8-19-10(f).<br><br>*Ex Parte Exxon Corp.*, 725 So. 2d 930, 933 (Ala. 1998).<br><br>*Univ. Fed. Credit Union v. Grayson*, 2003 Ala. LEXIS 283, at *2, n.2 (Ala. 2003). | No.<br><br>Private action for individual plaintiffs only.<br><br>Ala. Code § 8-19-10(f). | 1 year, with 4 year repose<br><br>"No action may be brought [under the statute] more than one year after the [plaintiff] discovers or reasonably should have discovered the act or practice which is the subject of the action."<br><br>But, "in no event may an action be brought . . . more than four years from date of transaction giving rise to suit . . . ."<br><br>Ala. Code § 8-19-14.<br><br>Neither state law nor statute expressly addresses whether fraudulent concealment tolls the statute of repose. | Yes.<br><br>Misconduct must "cause monetary damage."<br><br>Ala. Code. § 8-19-10(a).<br><br>*Billions v. White and Stafford Furniture Co., Inc.*, 528 So.2d 878, 880 (Ala. Ct. App. 1988). | No law. | Act must be committed "knowingly."<br><br>Ala. Code § 8-19-13. | Greater of actual damages or $100.<br><br>Ala. Code § 8-19-10(a)(1) & (2).<br><br>Treble damages, in court's discretion where court to consider frequency of unlawful practice, number of persons affected and extent to which practice was "intentional."<br><br>Ala. Code § 8-19-10(a)(1) & (2). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| ALASKA<br><br>Unfair Trade Practices and Consumer Protection<br><br>Alaska Stat. § 45.50.471 *et seq.* (2005).<br><br>Statute generally prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce," and further lists specific prohibited acts such as, inter alia:<br><br>- misrepresenting the quality of the goods;<br><br>- engaging in any other conduct creating a likelihood of confusion which misleads, deceives or damages a buyer or competitor in connection with the sale or advertisement of goods or services; or<br><br>- using deception in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged.<br><br>Alaska Stat. § 45.50.471. | Yes.<br><br>Alaska Stat. §45.50.531(a). | No.<br><br>Statute previously allowing class actions was repealed: Alaska Stat. §45.50.531(b). | 2 years<br><br>Person "may not commence an action under [the statute] more than two years after the person discovers or reasonably should have discovered that the loss resulted from an act or practice declared unlawful" under the statute.<br><br>Alaska Stat. §45.50.531(f). | Yes.<br><br>Right of action requires "ascertainable loss" incurred "as a result of" violation.<br><br>Alaska Stat. §45.50.531(a). | Probably no.<br><br>Statute prohibits deceptive acts whether or not person has in fact been misled or deceived.<br><br>Alaska Stat. §45.50.471(a)(12). | Wrongful concealment must be made "knowingly" and with "intent that others rely."<br><br>Alaska Stat. §45.50.471(a)(12). | Greater of 3 times actual damages or $500.<br><br>Alaska Stat. §45.50.531(a).<br><br>50% of any "punitive" damages awarded under the statute are to be deposited in a general state fund.<br><br>Alaska Stat. §45.50.531(i). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| ARIZONA<br><br>Consumer Protection Act<br><br>Ariz. Rev. Stat. § 44-1521 *et seq.* (2006)).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>The "act, use or employment by any person of any deception, deceptive act or practice, fraud . . . misrepresentation, or concealment . . . of any material fact with intent that others rely upon such concealment . . . in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged" is an "unlawful practice" under the act.<br><br>Ariz. Rev. Stat. § 44-1522. | Yes.<br><br>*Sellinger v. Freeway Mobile Home Sales, Inc.*, 521 P.2d 1119, 1122 (Ariz. 1974).<br><br>*Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000). | Yes.<br><br>*Sellinger*, 521 P.2d at 1122; *Haisch*, 5 P.3d at 944. | 1 year<br><br>Action brought under statute must be commenced within 1 year "after the cause of action accrues."<br><br>Ariz. Rev. Stat. §12-541(5); *Murry v. Western Am. Mortgage*, 604 P.2d 651, 654 (Ariz. Ct. App. 1979).<br><br>Case law indicates that discovery rule applies and action does not accrue until plaintiff knows or reasonably should have known of wrongful act.<br><br>*See Alaface v. Nat'l Investment Co.*, 892 P.2d 1375, 1380 (Ariz. Ct. App. 1994); *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (Ariz. 1995). | Yes.<br><br>Proximate causation required.<br><br>*Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992). | Probably.<br><br>"Damage or injury occurs when the consumer relies on the misrepresentation even though the reliance is not reasonable."<br><br>*Holeman*, 803 F. Supp. at 242; *see also Flagstaff Med. Ctr., Inc. v. Sullivan*, 773 F. Supp. 1325, 1362 (D. Ariz. 1991) (holding that reliance was required), *aff'd in part, rev'd in part on other grounds*, 962 F.2d 879 (9th Cir. 1992). | Wrongful concealment must be with "intent that other rely."<br><br>Ariz. Rev. Stat. § 44-1522-A. | Compensatory damages. No multiplier.<br><br>*Holeman*, 803 F. Supp. at 242-43.<br><br>Punitive damages if violation is wanton, reckless, or involves "spite or ill will."<br><br>*Holeman*, 803 F. Supp. at 242-43. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| ARKANSAS<br><br>Deceptive Trade Practices<br><br>Ark. Code Ann. § 4-88-101 *et seq.*; 4-88-201 *et seq.* (2006).<br><br>Statute lists prohibited "deceptive and unconscionable" acts which include, inter alia:<br><br>- knowingly making a false representation as to the characteristics of goods; or<br><br>- engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade.<br><br>Ark. Code Ann. § 4-88-107. | Yes.<br><br>Ark. Code Ann. § 4-88-113(f). | Yes.<br><br>*Lenders Title Co. v. Chandler,* 2004 Ark. LEXIS 399, at *23 (Ark. 2004) (affirming class certification based on deceptive trade practices claims). | 5 years<br><br>Action may be brought 5 years from the date of the violation or from the date upon which "the cause of action arises."<br><br>Ark. Code Ann. §4-88-115.<br><br>Neither case law nor statute expressly addresses when an action "arises" under the statute or if the discovery rule is applicable. | Yes.<br><br>Right of action requires "actual damage or injury" incurred "as a result of" a violation of the act.<br><br>Ark. Code Ann. § 4-88-113(f); Wallis v. Ford Motor Co., No. 04-506, 2005 Ark. LEXIS 301, at *23 (Ark. May 12, 2005). | No law. | Prohibits "knowingly" making false representations of "benefits" of product.<br><br>Ark. Code Ann. § 4-88-107(a)(1).<br><br>Prohibits concealment with "intent that other rely."<br><br>Ark. Code Ann. § 4-88-108. | Compensatory damages. No multiplier.<br><br>Ark. Code Ann. § 4-88-113(f).<br><br>Reasonable attorney fees allowed.<br><br>Ark. Code Ann. § 4-88-113(f).<br><br>Only elderly or disabled plaintiffs may seek punitive damages.<br><br>Ark. Code Ann. §4-88-204. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| CALIFORNIA<br><br>Deceptive Practices<br><br>Cal. Civ. Code 1770 *et seq.* (2006).<br><br>Statute lists prohibited practices which include, inter alia:<br><br>- misrepresenting standard or quality of goods; or<br><br>- making false or misleading statements concerning price reductions; or<br><br>- inserting an unconscionable provision in a sales or leasing contract.<br><br>Cal. Civ. Code § 1770(a). | Yes.<br><br>Cal. Civ. Code §§ 1780, 1781. | Yes.<br><br>Cal. Civ. Code §§ 1780, 1781. | 3 years<br><br>Any action brought under the statute "shall be commenced no more than" 3 years "from the date of the commission of such method, act or practice."<br><br>Cal. Civ. Code § 1783.<br><br>Neither case law nor statute expressly addresses whether the discovery rule is applicable. | Yes.<br><br>Damages must be "as result of" the unlawful practice.<br><br>Cal. Civ. Code § 1780(a); Wilens v. TD Waterhouse Group, Inc., 15 Cal. Rptr. 3d 271, 276 (Cal. Ct. App. 2003). | No.<br><br>Reliance not required. | Violation must be intentional.<br><br>Cal. Civ. Code § 1784. | Greater of actual damages or $1,000 in a class action. No multiplier.<br><br>Cal. Civ. Code § 1780(a).<br><br>Punitive damages allowed upon showing of "malice" or "oppression."<br><br>*See Brockey v. Moore*, 131 Cal. Rptr. 2d 746, 749 (Cal. Ct. App. 2003); Cal. Civ. Code § 1780(a)(4).<br><br>Mandatory reasonable attorney fees to prevailing plaintiff.<br><br>*See Hayward v. Ventura Volvo*, 133 Cal. Rptr. 2d 514, 516 (Cal. Ct. App. 2003).<br><br>Authorizes up to $5,000 more in damages for elderly and disabled persons.<br><br>Cal. Civ. Code § 1780(b). |

5

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| CALIFORNIA (cont'd)<br><br>Unfair Competition<br><br>Cal. Bus. & Prof. Code § 17200 *et seq.* (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair Competition" includes the dissemination to the public of any statement concerning goods or services "which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."<br><br>Cal. Bus. & Prof. Code §§ 17200 & 17500. | Yes.<br><br>Cal. Bus. & Prof. Code § 17203; *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 950 P.2d 1086, 1088 (1998). | Yes.<br><br>Cal. Bus. & Prof. Code § 17203; *Stop Youth Addiction*, 950 P.2d at 1088. | 4 years<br><br>Action must be brought within 4 years "after the cause of action accrued."<br><br>Cal. Bus. & Prof. Code § 17208.<br><br>Discovery rule does not apply to 17200 actions.<br><br>*See Medimatch, Inc. v. Lucent Techs., Inc.*, 120 F. Supp. 2d 842, 861 (N.D. Cal. 2000); *see also Burger v. Kuimelis*, 325 F. Supp. 2d 1026, 1046 (N.D. Cal. 2004).<br><br>Accrual occurs when the cause of action is complete with all of its elements.<br><br>*See River Colony Estates Gen. P'ship v. Bayview Fin. Trading Group*, 2003 U.S. Dist. LEXIS 23555 (N.D. Cal. Aug. 22 2003). | Yes.<br><br>Causation required if seeking monetary restitution, in which case, money sought must have been acquired "by means of" unfair competition.<br><br>Cal. Bus. & Prof. Code §17203; *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 673 P.2d 660, 669-70 (Cal. 1983). | No.<br><br>Reliance not required.<br><br>*Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1052 (D. Cal. 2004) (noting that under a valid § 17200 claim, it is not necessary that plaintiff relied on fraudulent practice). | Plaintiff must show that "members of the public are likely to be deceived." "Allegations of actual deception, reasonable reliance, and damage are unnecessary."<br><br>*Comm. on Children's Television*, 673 P.2d at 668. | Damages not permitted, only equitable relief may be obtained.<br><br>Cal. Bus. & Prof. Code § 17203.; *Indus. Indem. Co. v. Super. Ct.*, 257 Cal. Rptr. 655, 656-57 (Cal. Ct. App. 1989). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| CALIFORNIA (cont'd)<br><br>False Advertising<br><br>Cal. Bus. & Prof. Code § 17500 (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>It is unlawful to disseminate to the public any statement concerning goods or services "which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."<br><br>Cal. Bus. & Prof. Code § 17500. | Yes, through § 17200.<br><br>*See Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 673 P.2d 660, 668 (Cal. 1983) (a private cause of action for violation of § 17500 may be brought under § 17200). | Yes.<br><br>Cal. Bus. & Prof. Code § 17204; *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1182 (N.D. Cal. 2001). | 3 or 4 years.<br><br>Either 4 years under § 17200 (see above) or 3 years under Cal. Civ. Proc. Code § 338(a).<br><br>*See Harshbarger v. Philip Morris, Inc.*, No. 02-05267, 2003 U.S. Dist. LEXIS 25023, at *17 (N.D. Cal. Apr. 1, 2003) (noting that some courts have applied the four-year period of §17200 to §17500 claims while others have applied the three-year period of Cal. Civ. Proc. Code § 338(a)).<br><br>Cal. Civ. Proc. Code provides that an action upon a liability created by statute must be brought "within three years."<br><br>Cal. Civ. Proc. Code § 338(a).<br><br>Neither case law nor statute expressly addresses whether discovery rule applies to claims brought under the statute. | Yes.<br><br>Causation required if seeking monetary restitution, in which case, money sought must have been acquired "by means of" unfair competition.<br><br>Cal. Bus. & Prof. Code § 17203; *Comm. on Children's Television*, 673 P.2d at 669-70.<br><br>*See S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 85 Cal. Rptr. 2d 301, 310 (Cal. Ct. App. 1999) (noting that a violation of § 17500 is a violation of § 17200). | No.<br><br>Reliance not required.<br><br>*Cal. v. Dollar Rent-A-Car Sys., Inc.*, 259 Cal. Rptr. 191, 197 (Cal. Ct. App. 1989) (holding that court may order relief without individualized proof of reliance or deception). | Plaintiff must show that members of public "likely to be deceived." "Allegations of actual deception, reasonable reliance, and danger are unnecessary."<br><br>*Comm. on Children's Television, Inc.*, 673 P.2d at 668; *Dollar Rent-A-Car Sys.*, 211 Cal. App. 3d at 128. | Damages not permitted, only equitable relief may be obtained.<br><br>*See Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998) (noting that claimant under § 17500 must seek equitable relief through § 17200). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| COLORADO<br><br>Consumer Protection Act<br><br>Colo. Rev. Stat. § 6-1-101 *et seq.* (2006).<br><br>Statute lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- knowingly making false representations as to the characteristics of goods or services;<br><br>- making false or misleading statements concerning price reductions; or<br><br>- failing to disclose material information concerning goods or services if such failure to disclose was intended to induce consumer to enter into transaction.<br><br>Colo. Rev. Stat. § 6-1-105. | Yes.<br><br>Colo. Rev. Stat. § 6-1-113(1)(a). | Yes.<br><br>Colo. Rev. Stat. § 6-1-113(1)(a). | 3 years<br><br>Action must be commenced within 3 years after the wrongful act occurred or within 3 years after person discovered or in the exercise of reasonable diligence should have discovered the wrongful act. But, the period may be extended for 1 yr if plaintiff shows that failure to commence the action was caused by defendant's inducing plaintiff to postpone action.<br><br>Colo. Rev. Stat. § 6-1-115. | Yes.<br><br>Requires "that the challenged practice caused the plaintiff's injury."<br><br>*Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998).<br><br>Colo. Rev. Stat. § 6-1-113(1)(a). | No.<br><br>Reliance not required.<br><br>*May Dep't Stores Co. v. State ex rel. Woodard*, 863 P.2d 967, 973 (Colo. 1993). | Certain violations, including, for example, falsely representing "benefits" of a product must be made "knowingly."<br><br>Colo. Rev. Stat. § 6-1-105(1) (e). | In an individual action, there is a statutory minimum of $500. No multiplier unless "bad faith."<br><br>Colo. Rev. Stat. § 6-1-113(2)(a).<br><br>In a class action, only actual damages are permitted.<br><br>Colo. Rev. Stat. § 6-1-113(2)(a).<br><br>Up to 3 times actual damages if "bad faith" is shown.<br><br>Colo. Rev. Stat. § 6-1-113(2)(a). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| CONNECTICUT<br><br>Unfair Trade Practices<br><br>Conn. Gen. Stat. § 42-110a *et seq.* (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."<br><br>Conn. Gen. Stat. § 42-110b(a). | Yes.<br><br>Conn. Gen. Stat. § 42-110g(b). | Yes.<br><br>But only on behalf of state residents or persons injured in state.<br><br>Conn. Gen. Stat. § 42-110g(b). | 3 years.<br><br>Action must be brought within 3 years "after the occurrence of a violation."<br><br>Conn. Gen. Stat. § 42-110g(f).<br><br>"Occurrence" construed as when the unlawful act took place and discovery rule does not apply.<br><br>*See Fichera v. Mine Hill Corp.*, 541 A.2d 472, 476 (Conn. 1988). | Yes.<br><br>Private action limited to persons who suffer ascertainable loss "as a result of" deceptive practice.<br><br>Conn. Gen. Stat. § 42-110g(a). | No.<br><br>Reliance not required.<br><br>*Izzarelli v. R. J. Reynolds Tobacco Co.*, 117 F. Supp. 2d 167, 176 (D. Conn. 2000); *Robichaud v. Hewlett Packard Co.*, 847 A.2d 316, 322 (Conn. Super. Ct. May 29, 2003). | "[A] violation of [the statute] may be established by showing either an actual deceptive practice; or a practice amounting to a violation of public policy. Furthermore, a party need not prove an intent to deceive" where "knowledge of falsity, either constructive or actual, need not be proven to establish" a violation.<br><br>*Cheshire Mortgage Serv., Inc. v. Montes*, 612 A.2d 1130, 1144 (Conn. 1992). (citations omitted). | Actual damages. No multiplier.<br><br>Conn. Gen. Stat. § 42-110g(a).<br><br>Reasonable attorney fees allowed in court's discretion.<br><br>Conn. Gen. Stat § 42-110g<br><br>Punitive damages allowed in court's discretion if there is reckless indifference to another's rights or wanton or intentional violation of such rights.<br><br>Conn. Gen. Stat. § 42-110g(a).<br><br>*Nautilus LLC v. Langello*, 1998 Conn. Super. LEXIS 1801, at *8 (Conn. Super. Ct. 1998). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| DELAWARE<br><br>Consumer Fraud Act<br><br>Del. Code Ann. tit. 6 § 2511 *et seq.* (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"The act . . . by any person of any deception, fraud . . . misrepresentation, or concealment with the intent that others rely upon such concealment. . . in connection with the sale . . . or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged . . . is an unlawful practice."<br><br>Del. Code Ann. tit. 6 § 2513(a). | Yes.<br><br>Del. Code Ann. tit. 6 § 2525.<br><br>*See, e.g., Spark v. MBNA Corp.*, 157 F. Supp. 2d 330 (D. Del. 2001), *aff'd*, 2002 WL 31059202 (3d Cir. Sept. 16, 2002). | Yes.<br><br>Del. Code Ann. tit. 6 § 2525.<br><br>*See, e.g., Spark*, 157 F. Supp. 2d at 330. | 3 years.<br><br>Action must be brought 3 years from date of occurrence of injury or the date of discovery when plaintiff had reason to know a wrong had been committed.<br><br>Del. Code Ann. tit. 6 § 8106. (applying to any action for damages); *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 650 (Del. Super. Ct. 1985). | Yes.<br><br>"A plaintiff, therefore, may recover [for fraud] for any injury resulting from the direct and natural consequences of his acting on the strength of the defendant's statements. A similar principle applies in actions under the [Consumer Fraud Act]." *Stephenson v. Capono Dev., Inc.*, 462 A.2d at 1077; *see also Crowell Corp. v. Himont USA, Inc.*, 1994 WL 762663, at *4 (Del. Super. Ct. Dec. 8, 1994). | No.<br><br>Reliance not required.<br><br>*Pack & Process*, 503 A.2d at 658; *S&R Assocs.*, 725 A.2d at 440. | Intent "to make a deceptive or untrue statement" not required. Only need "intent that consumers rely" on the omission or misrepresentation.<br><br>Del. Code Ann. tit. 6 § 2513(a); *Pack & Process*, 503 A.2d at 658. | Actual damages. No multiplier.<br><br>*Stephenson*, 462 A.2d at 1076-77.<br><br>Punitive damages available under the statute if show practice is gross, oppressive, or aggravated.<br><br>*Stephenson*, 462 A.2d at 1076-77.<br><br>No attorney fees under the statute.<br><br>*Stephenson*, 462 A.2d at 1078. |

10

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| DELAWARE (cont'd)<br><br>Deceptive Trade Practices Act<br><br>Del. Code Ann. tit. 6 § 2531 *et seq.* (2006).<br><br>Statute lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- misrepresentation of the standard or quality of goods or services;<br><br>- making of false or misleading statements concerning price reductions; or<br><br>- engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.<br><br>Del. Code Ann. tit. 6 § 2532. | Yes.<br><br>Del. Code Ann. tit. 6 § 2533. | No law. | 3 years.<br><br>Action must be brought 3 years from date of occurrence of injury or the date of discovery when plaintiff had reason to know a wrong had been committed.<br><br>Del. Code Ann. tit. 10 8106. (applying to any action for damages); *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 650 (Del. Super. Ct. 1985). | No.<br><br>Del. Code Ann. tit. 6 § 2533(a) (providing that a person "likely to be damaged" may bring action where proof of damage, loss of profits, or intent to deceive are not required). | No.<br><br>Del. Code Ann. tit. 6 § 2533(a) (providing that a person "likely to be damaged" may bring action where proof of damage, loss of profits, or intent to deceive are not required). | "Proof of . . . intent to deceive[] is not required."<br><br>Del. Code Ann. tit. 6 § 2533(a).<br><br>Statute prohibits engaging in conduct which "creates a likelihood of confusion or of misunderstanding."<br><br>Del. Code Ann. tit. 6 §2532(a). | Statute itself does not provide for monetary relief; only injunctive relief available.<br><br>Del. Code Ann. tit. 6 § 2533(a).<br><br>But, if damages are awarded to the aggrieved party under the common law or another statute, such damages "shall be treble" the amount of the actual damages proved.<br><br>Del. Code Ann. tit. 6 § 2533(c).<br><br>Court in "exceptional" cases may award attorney fees to the prevailing party only if defendant has "willfully engaged" in a deceptive practice.<br><br>Del. Code Ann. tit. 6 § 2533(b). |

11

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| DISTRICT OF COLUMBIA<br><br>Consumer Protection Procedures Act<br><br>D.C. Code § 28-3901 *et seq.* (2006).<br><br>Statute lists prohibited "unlawful trade practices" which include, inter alia:<br><br>- representing that goods or services are of a particular quality or standard if they are of another;<br><br>- misrepresenting as to a material fact which has tendency to mislead; or<br><br>- failing to state a material fact if such failure tends to mislead.<br><br>D.C. Code Ann. § 28-3904. | Yes.<br><br>D.C. Code Ann. § 28-3905(k)(1). | Yes.<br><br>D.C. Code Ann. § 28-3905(k)(1). | 3 years.<br><br>Action "may not be brought after the expiration [of three years] from the time the right to maintain the action accrues."<br><br>D.C. Code Ann. § 12-301(8).<br><br>Discovery rule applies to claims under the statute where cause of action "accrues when the plaintiff has knowledge of (or by the exercise of reasonable diligence should have knowledge of) (1) the existence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing."<br><br>*Williams v. Central Money Co.*, 974 F. Supp. 22, 26 (D.D.C. 1997) (applying discovery rule to claim brought under the statute), *aff'd, remanded in part on other grounds, sub nom.  Williams v. First Gov't Mortgage & Investors Corp.*, 176 F.3d 497 (D.C. Cir. 1999). | No.<br><br>A merchant may violate the act "whether or not any consumer is in fact misled, deceived or damaged thereby."<br><br>D.C. Code Ann. § 28-3904. | No.<br><br>A merchant may violate the act "whether or not any consumer is in fact misled, deceived or damaged thereby."<br><br>D.C. Code Ann. § 28-3904. | Scienter only required for award of punitive damages.<br><br>*Dist. Cablevision v. Bassin*, 828 A.2d 714, 727-30 (D.C. Ct. App. 2003). | Treble damages, or $1500 per violation, whichever is greater.<br><br>D.C. Code Ann. § 28-3904(k)(1).<br><br>Treble damages available without need to show egregious conduct.<br><br>*Dist. Cablevision*, 828 A.2d at 729 (D.C. 2003).<br><br>Punitives available in addition to treble damages if show egregious conduct.<br><br>*Dist. Cablevision*, 828 A.2d at 726. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| FLORIDA<br><br>Florida Deceptive and Unfair Trade Practices Act<br><br>Florida Stat. 501.201 *et seq.* (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . declared unlawful."<br><br>Fla. Stat. Ann. § 501.204(1). | Yes.<br><br>Fla. Stat. Ann. §501.211.<br><br>*See, e.g., W.S. Badcock Corp. v. Myers,* 696 So.2d 776, 779 (Fla. Ct. App. 1996). | Yes.<br><br>Fla. Stat. Ann. §501.211.<br><br>*See, e.g., W.S. Badcock,* 696 So.2d at 779. | 4 years.<br><br>"An action founded on a statutory liability" must be brought "within 4 years."<br><br>Fla. Stat. Ann. § 95.11 (3)(f).<br><br>Time runs from the time a cause of action "accrues" which is when the last element of the cause of action occurs.<br><br>Fla. Stat. Ann. § 95.031.<br><br>Discovery rule does not apply. *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip. Co.,* 793 So. 2d 1127, 1128 (Fla. Dist. Ct. App. 2001). | Causation not required if not seeking damages.<br><br>*Davis,* 776 So.2d at 973-74.<br><br>But to recover damages, must show a "loss as a result" of violation.<br><br>Fla. Stat. Ann. §501.211(2). | No.<br><br>Reliance not required.<br><br>*Davis,* 776 So.2d at 973-74. | Statute does not "define the elements of" a claim under the statute. Plaintiff must show that conduct is "likely to mislead" consumers.<br><br>*Davis,* 776 So.2d at 973-74. | Actual damages. No multiplier.<br><br>Fla. Stat. Ann. § 501.211(2).<br><br>Attorneys fees & costs allowed.<br><br>Fla. Stat. Ann. § 501.211(2).<br><br>No punitive damages.<br><br>*See Schauer v. GMAC,* 819 So. 2d 809, 813 (Fla. Dist. Ct. App. 2002) (noting no special damages under the statute); *Urling v. Helms Exterminators, Inc.,* 468 So. 2d 451, 454 (Fla. Dist. Ct. App. 1985). |

13

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| GEORGIA<br><br>Uniform Deceptive Trade Practices Act<br><br>Ga. Code Ann. § 10-1-370 *et seq.* (2006).<br><br>Statute lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- misrepresentation of standard or quality of goods or services;<br><br>- making of false or misleading statements concerning price reductions; or<br><br>- engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.<br><br>Ga. Code Ann. § 10-1-372(a). | Yes.<br><br>But, private right of action available for injunctive relief only.<br><br>Ga. Code Ann. § 10-1-373(a). | Yes.<br><br>*Sharple v. Airtouch Cellular of Ga., Inc.*, 551 S.E.2d 87 (Ga. Ct. App. 2001) (regarding class action brought under the statute). | 4 years.<br><br>Action shall be brought within 4 years "after the right of action accrues."<br><br>Ga. Code Ann. § 9-3-31; *Kason Indus. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1204 (11th Cir. 1997).<br><br>Generally, a cause of action "accrues" when "plaintiff could first have maintained his action to a successful result."<br><br>*Worril v. Pitney-Bowes, Inc.*, 197 S.E.2d 848, 850 (Ga. Ct. App. 1973) (citation omitted)<br><br>Neither case law nor statute expressly addresses whether the discovery rule is applicable to claims brought under the statute. | No.<br><br>"Proof of monetary damage, loss of profits . . . is not required." Ga. Code. Ann. § 10-1-373(a). | No law. | "Proof of . . . intent to deceive is not required."<br><br>Ga. Code Ann. § 10-1-373(a).<br><br>Statute prohibits conduct which "creates a likelihood of confusion or of misunderstanding."<br><br>Ga. Code Ann. § 10-1-372. | No "civil damages," only injunctive relief available.<br><br>Ga. Code Ann. § 10-1-373(a); *Lauria v. Ford Motor Co.*, 312 S.E.2d 190, 206 (Ga. Ct. App. 1983) ("While the Act expressly does not preclude other actions based on common law or other statutory authority, the sole remedy provided under this Act is injunctive relief."). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| GEORGIA (cont'd)<br><br>Fair Business Practices Act<br><br>Ga. Code Ann. § 10-1-390 (2006).<br><br>Statute generally prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions," and further lists specific prohibited acts such as, inter alia:<br><br>- misrepresentation of standard or quality of goods or services; or<br><br>- making of false or misleading statements concerning price reductions.<br><br>Ga. Code Ann. § 10-1-393. | Yes.<br><br>Ga. Code Ann. § 10-1-399(a). | No.<br><br>Ga. Code Ann. § 10-1-399(a). | 2 years.<br><br>Action cannot be brought more than 2 years after plaintiff knew or should have known of the occurrence of the alleged violation.<br><br>Ga. Code Ann. § 10-1-401(a)(1).<br><br>Mere ignorance of the facts constituting the cause of action does not prevent the statute from running. Plaintiff must exercise reasonable diligence to learn of the existence of the cause of action.<br><br>*Tiismann v. Linda Martin Homes Corp.*, 2004 Ga. App. LEXIS 934, at *7 (Ga. Ct. App. July 9, 2004). | Yes.<br><br>Causation required because statute incorporates "causation" element of common law fraud.<br><br>Ga. Code Ann. § 10-1-399(1); *Zeeman v. Black*, 273 S.E.2d 910, 916 (Ga. Ct. App. 1980); *Regency Nissan, Inc. v. Taylor*, 391 S.E.2d 467, 470 (Ga. Ct. App. 1990). | Yes.<br><br>Reliance required because statute incorporates the "reliance" element of common law fraud.<br><br>Ga. Code Ann. § 10-1-399(a); *Zeeman*, 273 S.E.2d at 916 (holding that plaintiff must show reliance upon the alleged unlawful practice in order to state a valid claim under statute). | Neither knowledge of deception nor intent to deceive required.<br><br>*Regency Nissan*, 391 S.E.2d at 470. | Actual damages. No multiplier.<br><br>Ga. Code Ann. § 10-1-399(a).<br><br>Punitive damages if specific intent is shown.<br><br>Ga. Code Ann. § 10-1-399(a)-(c)..<br><br>Treble damages are available for an intentional violation.<br><br>Ga. Code Ann. § 10-1-399(c). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| GEORGIA (cont'd)<br><br>False Advertising<br><br>Ga. Code Ann. § 10-1-420 *et seq.* (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>It is unlawful to disseminate before the public "any statement concerning [goods or services] which is untrue or fraudulent and which is known or which by the exercise of reasonable care should be known to be untrue or fraudulent."<br><br>Ga. Code Ann. § 10-1-421. | Yes.<br><br>But, private right of action available for injunctive relief only.<br><br>Ga. Code Ann. § 10-1-423. | Yes.<br><br>But, private right of action available for injunctive relief only.<br><br>Ga. Code Ann. § 10-1-423. | Possibly 4 years.<br><br>Statute has no explicit limitations period, but courts have borrowed the 4 yr period under Georgia's UDTPA.<br><br>*Kason Indus., Inc. v. Component Hardward Group, Inc.*, 120 F.3d 1199, 1203-04 (11th Cir. 1997) (borrowing 4 year period from Georgia's Uniform Deceptive Trade Practices Act). | No.<br><br>Causation not required.<br><br>Can be brought by person who has been aggrieved or "about to be aggrieved" by the false advertising.<br><br>Ga. Code Ann. § 10-1-423. | No.<br><br>Reliance not required.<br><br>Can be brought by person who has been aggrieved or "about to be aggrieved" by the false advertising.<br><br>Ga. Code Ann. § 10-1-423. | Must show that false advertising made with "knowledge" of falsity and with intent to induce consumers to buy.<br><br>Ga. Code Ann. § 10-1-421(a). | Only injunctive relief.<br><br>Ga. Code Ann. § 10-1-423. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| HAWAII<br><br>Unfair Practices<br><br>Haw. Rev. Stat. § 480-1 *et seq.* (2005).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."<br><br>Haw. Rev. Stat. § 480-2(a). | Yes.<br><br>Haw. Rev. Stat. §480-13; *Leibert v. Fin. Factors, Ltd.*, 788 P.2d 833, 837-38 (Haw. 1990). | Yes.<br><br>Haw. Rev. Stat. §480-13; *Leibert*, 788 P.2d at 837-38. | 4 years.<br><br>Any action under the statute "shall be barred unless commenced within [4 years] after the cause of action accrues."<br><br>Haw. Rev. Stat. §480-24.<br><br>Action for a continuing violation is deemed to accrue at any time during the period of violation.<br><br>Haw. Rev. Stat. §480-24.<br><br>Discovery rule applies. Time begins to run "on the date of discovery" of the violation.<br><br>*Leibert*, 788 P.2d at 837. | Yes.<br><br>In a suit for damages, violation must "cause" damage.<br><br>*Sambor v. Omnia Credit Servs., Inc.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); Haw. Rev. Stat. § 480-13. | Yes.<br><br>The deceptive act "induces" action that a consumer would not otherwise engage in.<br><br>*See Zanakis-Pico v. Cutter Dodge, Inc.*, 47 P.3d 1222, 1230 (Haw. 2002). | Unclear.<br><br>*Compare Robert's Waikiki U-Drive, Inc. v. Budget Rent-A-Car Sys., Inc.*, 732 F.2d 1403, 1410 (9th Cir. 1984) (scienter required) *with Ai v. Frank Huff Agency*, 607 P.2d 1304 (Haw. 1980) (scienter not required), *overruled in part on other grounds, Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transp. Co.*, 982 P.2d 853 (Haw. 1999). | Actual damages. Also, greater of $1,000 or 3 times actual damages.<br><br>Haw. Rev. Stat. §480-13(b).<br><br>In addition t actual damages, an "elder" can recover the greater of $5,000 or 3 times damages.<br><br>Haw. Rev. Stat. §480-13(b).<br><br>No recovery of punitive damages in addition to the treble damages.<br><br>*Eastern Star v. Union Bldg. Materials Corp.*, 712 P.2d 1128, 1159-60 (Haw. Ct. App. 1985).<br><br>Attorney fees to prevailing plaintiff are mandatory.<br><br>Haw. Rev. Stat. § 480-13(b)(2) |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| IDAHO<br><br>Consumer Protection Act<br><br>Idaho Code § 48-601 *et seq.* (2006).<br><br>Statute lists prohibited "deceptive acts" which include, inter alia:<br><br>- misrepresentation of standard or quality of goods or services;<br><br>- making of false or misleading statements concerning price reductions; or<br><br>- engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer.<br><br>Idaho Code § 48-603. | Yes.<br><br>Idaho Code §48-608. | Yes.<br><br>Idaho Code §48-608. | 2 years.<br><br>Action cannot be brought more than 2 years after cause of action accrues.<br><br>Idaho Code §48-619.<br><br>Neither case law nor statute expressly addresses when an action "accrues" under the statute or if the discovery rule is applicable. | Yes.<br><br>Ascertainable loss incurred "as a result" of violation.<br><br>Idaho Code §48-608.<br><br>*Jackson v. Wood,* 859 P.2d 378, 380 (Idaho Ct. App. 1993). | Probably no.<br><br>"Actual deception" not required, "tendency to deceive" is enough.<br><br>*State ex rel. Kidwell v. Master Distribs., Inc.,* 615 P.2d 116, 122-23 (Idaho 1980). | "[P]roof of intention to deceive is not required for finding that an act is unfair or deceptive."<br><br>*Master Distribs.,* 615 P.2d at 122-23. | Permits greater of actual damages or $1,000.  No multiplier.<br><br>Idaho Code § 48-608(1).<br><br>Attorneys fees to prevailing plaintiff are mandatory.<br><br>Idaho Code § 48-608(3).<br><br>*Nalen v. Jenkins,* 741 P.2d 366, 369 (Idaho Ct. App. 1987).<br><br>Punitive damages if "repeated" or "flagrant."<br><br>Idaho Code § 48-608(1). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| ILLINOIS<br><br>Consumer Fraud and Deceptive Business Practices Act.<br><br>815 Ill. Comp. Stat. 505/1 *et seq.* (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use . . . of any deception, fraud . . . misrepresentation or the concealment of any material fact with the intent that others rely upon the concealment . . . in the conduct of any trade or commerce . . . are unlawful whether any person has in fact been misled, deceived or damaged thereby."<br><br>815 Ill. Comp. Stat. § 505/2. | Yes.<br><br>815 ILCS 505/10a(a). | Yes.<br><br>*Gredell v. Wyeth Laboratories, Inc.,* 803 N.E.2d 541, 543 (Ill. Ct. App. 2004) (regarding class action brought under the statute). | 3 years.<br><br>Action must be commenced within 3 years after the cause of action accrues.<br><br>815 ILCS 505/10a(e).<br><br>Discovery rule applies where the cause of action accrues when plaintiff knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused.<br><br>*Highsmith v. Chrysler Credit Corp.,* 18 F.3d 434, 441 (7th Cir. 1994); *Gredell,* 803 N.E.2d at 546-47. | Yes.<br><br>Proximate causation required.<br><br>*Oliveira v. Amoco Oil Co.,* 776 N.E.2d 151, 164 (Ill. 2002), *rev'd on other grounds,* 776 N.E.2d 151 (Ill. 2002). | No.<br><br>While reliance is not expressly required under the statute, the Illinois Supreme Court has noted that causation requires proof that the plaintiff was deceived by and changed his behavior as a result of the alleged conduct. *Oliveira,* 776 N.E.2d at 162. | Intent to deceive is not required, but intent that consumer rely on the information is required.<br><br>*Griffin v. Universal Cas. Co.,* 654 N.E.2d 694, 700-01 (Ill. Ct. App. 1995). | Compensatory damages. No multiplier.<br><br>815 Ill. Comp. Stat. 505/10a.<br><br>Punitive damages recoverable if demonstrate fraud, malice or gross negligence.<br><br>815 Ill. Comp. Stat. 505/10a (permitting "any other relief"); *Guess v. Brophy,* 517 N.E.2d 693, 697-698 (Ill. Ct. App. 1987) (noting that no special provision of the statute affords punitive damages other than "any other relief," and to obtain punitive damages plaintiff must demonstrate fraud, malice or gross negligence).<br><br>Court may award reasonable attorneys fees to the "prevailing party."<br><br>815 Ill. Comp. Stat. 505/10a(c). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| INDIANA<br><br>Consumer Sales: Deceptive Practices<br><br>Ind. Code Ann. § 24-5-0.5-1 *et seq.* (2006).<br><br>Statute lists prohibited "deceptive acts" which include, inter alia:<br><br>- that subject of transaction is of a standard or quality if it is not and if supplier knows or should reasonably know that it is not; or<br><br>- that a specific price advantage exists as to the subject of the transaction.<br><br>Ind. Code Ann. § 24-5-0.5-3. | Yes.<br><br>Ind. Code Ann. § 24-5-0.5-4(a). | Yes.<br><br>Ind. Code Ann. § 24-5-0.5-4(b). | 2 years.<br><br>No action may be brought more than 2 years from occurrence of the deceptive act.<br><br>Ind. Code Ann. § 24-5-0.5-5(b).<br><br>Discovery rule does not apply. Statute begins to run on the date of the occurrence of the act not the date of discovery of the act.<br><br>*A. J.'s Auto. Sales v. Freet*, 725 N.E.2d 955, 965 (Ind. Ct. App. 2000) | Yes.<br><br>Proximate causation required.<br><br>Ind. Code Ann. § 24-5-0.5-4(a). | Yes.<br><br>Reliance required.<br><br>Ind. Code Ann. § 24-5-0.5-4(a). | "Incurable" deceptive practices require "knowing violation" and "intent to mislead." Most "uncured" deceptive practices require defendant to have "known or reasonably should have known."<br><br>*McKinney v. State*, 693 N.E.2d 65, 68-69 (Ind. 1998). | Permits only "damages actually suffered." Generally no multiplier (see below).<br><br>Ind. Code Ann. § 24-5-0.5-4(a).<br><br>Treble damages recoverable only for elderly plaintiffs.<br><br>Ind. Code Ann.§ 24-5-0.5-4(i).<br><br>Court may award reasonable attorney fees to the "prevailing party."<br><br>Ind. Code Ann. § 25-5-0.5-4(a). |
| IOWA<br><br>Consumer Frauds<br><br>Iowa Code § 714.16 (2005). | No.<br><br>*Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 228 (Iowa 1998). | N/A | N/A | N/A | N/A | N/A | N/A |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| KANSAS<br><br>Consumer Protection Act<br><br>Kan. Stat. Ann. § 50-623 *et seq.* (2006).<br><br>Statute generally prohibits "any deceptive act or practice in connection with a consumer transaction," and further lists specific prohibited acts such as, inter alia:<br><br>- representations made knowingly or with reason to know that goods or services are of a particular standard or quality when they are not; or<br><br>- the willful use of any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact.<br><br>Kan. Stat. Ann. § 50-626. | Yes.<br><br>Kan. Stat. Ann. § 50-634(a). | Yes.<br><br>Kan. Stat. Ann. § 50-634(c) & (d). | 3 years.<br><br>Action must be brought within 3 years.<br><br>Kan. Stat. Ann. § 60-512(2); *Alexander v. Certified Master Builders Corp.*, 1 P.3d 899, 905 & 908 (Kan. 2000).<br><br>Time begins to run when plaintiff learns of the alleged misconduct. *See Roy v. Young*, 93 P.3d 712, 715-16 (Kan. 2004).<br><br>Uncertain whether discovery rule applies but one court has held that discovery rule is not applicable to actions that are not akin to common law fraud.<br><br>*Perry H. Bacon Trust v. Transition Ptnrs., Ltd.*, 298 F. Supp. 2d 1182, 1190 (D. Kan. 2004). | Yes.<br><br>"Causal connection" required.<br><br>Kan. Stat. Ann. § § 50-626, 50-634(b); *Finstad v. Washburn Univ. of Topeka,* 845 P.2d 685, 690-92 (Kan. 1993). | Yes.<br><br>Reliance required.<br><br>*Finstad*, 845 P.2d at 690-92 (analyzing causal requirement and noting that because plaintiffs did not rely upon the unlawful act, they were not "aggrieved" by it). | Most deceptive acts or practices require willful or knowingly making of (or have reason to know of) misrepresentation or omission.<br><br>Kan. Stat. Ann. § 50-626(b)(2)-(4); *York v. InTrust Bank, N.A.*, 962 P.2d 405, 420-21 (Kan. 1998). | In individual action, plaintiff may recover equitable relief, or the greater of damages or civil penalty of up to $10,000 for each violation. No multiplier.<br><br>Kan. Stat. Ann. § 50-634, 50-636. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| KENTUCKY<br><br>Consumer Protection Act<br><br>Ky. Rev. Stat. Ann. § 367.110 *et seq.* (2005).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."<br><br>Ky. Rev. Stat. Ann. § 367.170. | Yes.<br><br>Ky. Rev. Stat. Ann. § 367.170(1). | Unclear.<br><br>But, likely prohibited.<br><br>*Arnold v. Microsoft*, No. 00-CI-00123, 2001 WL 193765, at *6 (Ky. Cir. Ct., July 21, 2000) ("The Court does not believe that ICRS 367.170 was meant to be a vehicle for class action suits."). | 1 year.<br><br>Action must be brought 1 year after any action brought by Attorney General is terminated or within 2 years after violation of the statute, whichever is later.<br><br>Ky. Rev. Stat. Ann. § 367.220(5).<br><br>Discovery rule does not apply to actions brought under the statute.<br><br>*See Sanderson v. Reassure Am. Life Ins. Co.*, No. 97-276, 1997 U.S. Dist. LEXIS 18250, at *11-12 (D. Ky. Oct. 31, 1997). | Yes.<br><br>Proximate causation or causal relationship between act or practice and injury required.<br><br>*Kentucky Laborers Dist. Council Health and Welfare v. Hill & Knowlton, Inc.*, 24 F. Supp. 2d 755, 774 (W.D. Ky. 1998); *Woods v. Walgreen Co.*, No. 3:01CV-646-S, 2003 WL 1239364, at *3 (Mar. 17, 2003). | No law. | Must show defendant's actions are intentional or grossly negligent.<br><br>*Sparks v. Re/Max Allstar Realty, Inc.*, 55 S.W.3d 343, 348 (Ky. App. 2000); *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 291 (Ky. 1991). | Actual damages and equitable relief.  No multiplier.<br><br>Ky. Rev. Stat. Ann. § 367.220(1)(3).<br><br>Reasonable attorney fees and costs allowed.<br><br>Ky. Rev. Stat. Ann. § 367.220(1)(3).<br><br>No punitives allowed.<br><br>*See Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 487 (Ky. Ct. App. 1978) (noting that statute does not limit availability of punitives which would be otherwise available under other related causes of action). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| LOUISIANA<br><br>Unfair Trade Practices and Consumer Protection Law<br><br>La. Rev. Stat. § 51:1401 (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce are . . . declared unlawful."<br><br>La. Rev. Stat. § 51:1405(A). | Yes.<br><br>La. Rev. Stat. § 51:1409(A). | No.<br><br>La. Rev. Stat. § 51:1409(A). | 1 year.<br><br>Action under statute "shall be prescribed by one year running from the time of the transaction or act which gave rise to" the right of action.<br><br>La. Rev. Stat. § 51:1409(E).<br><br>Statute of limitation is peremptive in nature, meaning any claims under the act involving purchase of goods cease one year later without regard to plaintiff's knowledge of, or inability to act on, any alleged cause of action.<br><br>*Morris v. Sears, Roebuck & Co.*, 765 So. 2d 419, 422 (La. Ct. App. 2000). | Yes.<br><br>Loss must have occurred "as a result of the use or employment by another person of an unfair or deceptive method, act or practice."<br><br>La. Rev. Stat. § 51:1409(A). | No law. | "[D]efendant's motivation is a critical factor; the actions must have been taken with the specific purpose of harming the competition."<br><br>*Nursing Enters., Inc. v. Marr*, 719 So.2d 524, 528 (La. Ct. App 1998).<br><br>Must show that defendant acted "knowingly" to recover treble damages.<br><br>La. Rev. Stat. § 51:1409(A). | Actual damages.<br><br>La. Rev. Stat. § 51:1409(a).<br><br>*Laurents v. Louisiana Mobile Homes, Inc.*, 689 So.2d 536 (La. Ct. App. 1997).<br><br>Treble damages for "knowing" violations, but only if the defendant is "put on notice by the director or attorney general."<br><br>La. Rev. Stat. § 51:1409(a).<br><br>*Laurents*, 689 So.2d at 536. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| MAINE<br><br>Unfair Trade Practices Act<br><br>Me. Rev. Stat. Ann. tit. 5 § 205-A *et seq.* (2005).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful."<br><br>Me. Rev. Stat. Ann. tit. 5 § 207. | Yes.<br><br>Me. Rev. Stat. Ann. tit. 5 § 213(1).<br><br>*Tungate v. MacLean-Stevens Studios, Inc.*, 714 A.2d 792 (Me. 1998). | Yes.<br><br>*Tungate*, 714 A.2d at 792. | 6 years.<br><br>Actions "shall be commenced within 6 years after the cause of action accrues."<br><br>Me. Rev. Stat. Ann. tit. 14 § 752; *State v. Bob Chambers Ford, Inc.*, 522 A.2d 362, 364 (Me. 1987).<br><br>Generally, a cause of action "accrues" when the plaintiff receives a "judicially recognizable injury."<br><br>*Taylor v. Philip Morris, Inc.*, 2001 Me. Super. LEXIS 76, at *9 (Me. Super. Ct. 2001).<br><br>Discovery rule applies. Statute begins to run only when the plaintiff "discovers" or in the exercise of ordinary prudence should have discovered the existence of the cause of action.<br><br>*Taylor*, 2001 Me. Super. LEXIS 76, at *10. | Yes.<br><br>Plaintiff must show that he suffered injury "as a result of" the unlawful practice.<br><br>Me. Rev. Stat. Ann. tit. 5 § 213(1). | No law. | Intent to deceive not required.<br><br>*Courtney v. Bassano*, 733 A.2d 973, 976 (Me. 1999) (noting that misrepresentation made in good faith and without purpose to deceive does not shield from liability). | Actual damages or restitution and equitable relief. No multiplier.<br><br>Me. Rev. Stat. Ann. tit. 5 § 213 (1).<br><br>Reasonable attorney fees and costs are mandatory for successful plaintiff.<br><br>Me. Rev. Stat. Ann. tit. 5 § 213(2). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| MARYLAND<br><br>Maryland Consumer Protection Act<br><br>Md. Code Ann., Com. Law § 13-301, *et seq.* (2006).<br><br>Statute lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- false or misleading oral or written statement, visual description or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers; or<br><br>- failure to state a material fact if the failure deceives or tends to deceive.<br><br>Md. Code Ann., Com. Law § 13-301. | Yes.<br><br>Md. Code Ann., Com. Law § 13-408 (a).<br><br>*Philip Morris, Inc. v. Angeletti*, 752 A.2d 200, 234-236 (Md. 2000). | Yes.<br><br>*Philip Morris*, 752 A.2d at 234-36. | 3 years.<br><br>Action "shall be filed within" 3 years "from the date it accrues."<br><br>Md. Code Cts. & Jud. Proc. § 5-101.<br><br>*Greene Tree Home Owners Ass'n, Inc. v. Greene Tree Assocs.*, 749 A.2d 806, 820-21 (Md. 2000).<br><br>Discovery rule applies providing that the cause of action accrues when the plaintiff "knows or reasonably should have known of the wrong."<br><br>*Cooper v. Berkshire Life Ins. Co.*, 810 A.2d 1045, 1071 (Md. Ct. Spec. App. 2002), *cert. denied* 818 A.2d 1105 (Md. 2003). | Yes.<br><br>Private right of action for damages requires injury or loss "as a result" of unlawful practice.<br><br>Md. Code Ann., Com. Law § 13-408 (a). | Yes.<br><br>Reliance required.<br><br>*Philip Morris*, 752 A.2d at 235 ("Reliance by consumers would also seem to be a necessary precondition to awarding restitution or damages pursuant to the statutory consumer protection provisions…."). | Where allegations fall under § 13-301(1) (which only requires a false or misleading statement), scienter is not required.<br><br>Md. Code Ann., Com. Law § 13-301 (1); *Golt v. Phillips*, 517 A.2d 328, 332-33 (Md. 1986). | Compensatory damages.<br><br>Md. Code Ann., Com. Law § 13-408 (a); *Golt*, 517 A.2d at 333.<br><br>No punitive damages.<br><br>Md. Code Ann., Com. Law § 13-408 (a); *Golt*, 517 A.2d at 333.<br><br>Attorneys' fees may also be recovered.<br><br>Md. Code Ann., Com. Law § 13-408 (b). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| MASSACHUSETTS<br><br>Mass. Gen. Laws ch. 93A § 1 *et seq.* (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . declared unlawful."<br><br>Mass. Gen. Laws ch. 93A § 2. | Yes.<br><br>Mass. Gen. Laws ch. 93A § 9 (1). | Yes.<br><br>Mass. Gen. Laws ch. 93A § 9 (2). | 4 years.<br><br>Actions under statute will be commenced within 4 years "after the cause of action accrues."<br><br>Mass. Gen. Laws ch. 260, § 5A (2006).<br><br>Discovery rule appears to apply where action accrues when the plaintiff knows or reasonably should know that an injury stemming from defendant's acts or omissions had been visited upon it.<br><br>*Paterson-Leitch Co. v. Mass. Municipal Wholesale Elec. Co.*, 840 F.2d 985, 994 (1st Cir. 1988) (holding that claim did not begin to run until Plaintiff knows or reasonably should have known of injury). | Yes.<br><br>Causation required between unfair acts and claimed loss.<br><br>*Mass. Farm Bureau Fed'n, Inc. v. Blue Cross of Mass., Inc.*, 532 N.E.2d 660, 665 (Mass. 1989). | No.<br><br>Proof of actual reliance not required.<br><br>*Slaney v. Westwood Auto, Inc.*, 322 N.E.2d 768, 779 (Mass. 1979).<br><br>"[W]hile [the plaintiff] need not show actual reliance on the misrepresentation, the evidence must warrant a finding that a causal relationship existed between the misrepresentation and the injury." *Heller v. Ins. Co. of N. Am.*, 573 N.E.2d 8, 13 (Mass. 1991). | Defendant need not know representation was false.<br><br>*Slaney*, 322 N.E.2d at 779.<br><br>In actions between commercial entities, the conduct must reach a """a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce."""" *Singh v. Blue Cross/Blue Shield of Mass.*, 308 F.3d 25, 47 (1st Cir. 2002). | Greater of actual damages or $25.<br><br>Mass. Gen. Laws. Ch. 93A § 9(3)(A).<br><br>Double to treble damages for "willful or knowing" violations.<br><br>Mass. Gen. Laws. Ch. 93A § 9(3)(A).<br><br>Attorney fees recoverable.<br><br>Mass. Gen. Laws. Ch. 93A § 9(3)(A). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| MICHIGAN<br><br>Consumer Protection Act<br><br>Mich. Comp. Laws Ann. § 445.901 *et seq.* (2006).<br><br>Statute lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- representing that goods or services are of a particular standard or quality if they are of another;<br><br>- making false or misleading statements concerning price reductions; or<br><br>- failing to reveal a material fact which tends to mislead or deceive a consumer.<br><br>Mich. Comp. Laws Ann. § 445.903. | Yes.<br><br>Mich. Comp. Laws Ann. § 445.911(1) & (2). | Yes.<br><br>Mich. Comp. Laws Ann. § 445.911(3) | 6 years.<br><br>Action under the statute "shall not be brought more than 6 years after the occurrence of the … act or practice which is the subject of the action nor more than 1 year after the last payment in a transaction involving the … act or practice, whichever time period ends at a later date."<br><br>Mich. Comp. Laws Ann. § 445.911(7).<br><br>Time runs from the date that the alleged violation occurred.<br><br>*Snyder v. Boston Whaler*, 892 F. Supp. 955, 959 (D. Mich. 1994).<br><br>Discovery rule does not apply.<br><br>*See Mumrow v. First of Mich. Corp.*, 1997 Mich. App. LEXIS 2095, at *7  (Mich. Ct. App. 1997). | Yes.<br><br>Loss must be "as a result of a violation" of the Act.<br><br>Mich. Comp. Laws Ann. § 445.911(2).<br><br>Misleading acts or practices must be proximate cause of any damages.<br><br>*Zine v. Chrysler, Corp.*, 600 N.W.2d 384, 399 (Mich. Ct. App. 1999). | No.<br><br>Reliance not required. Members of a class action "need not individually prove reliance on the alleged misrepresentations."<br><br>But, must still show that "reasonable person" would have relied on the statement.<br><br>*Dix v. Am. Bankers Life Assur. Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987). | Plaintiff must show Defendant's "intent to deceive through a pattern of misrepresentations."<br><br>*Dix*, 415 N.W.2d at 209. | In individual actions, the greater of actual damages or $250 and attorneys' fees.  No multiplier.<br><br>Mich. Comp. Laws Ann.§ 445.911(2), (3).<br><br>Class actions are limited to actual damages.<br><br>Mich. Comp. Laws Ann.§ 445.911(2), (3).<br><br>Punitive damages are not recoverable.<br><br>*Kubiak v. Heritage Ins. Co.*, 2004 Mich. App. LEXIS 272, at *10 (Mich. Ct. App. 2004) (distinguishing "actual damages" which are explicitly afforded under the statute, from "exemplary" and "punitive" damages).<br><br>Damages limited to actual damages if defendant demonstrates that alleged unlawful act resulted from "bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error."<br><br>Mich. Comp. Laws. Ann. § 445.911(6). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| MINNESOTA<br><br>Uniform Deceptive Trade Practices Act<br><br>Minn. Stat. § 325D.43 *et seq.* (2005).<br><br>Statute lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- representation that goods or services are of a particular standard or quality if they are of another;<br><br>- making of false or misleading statements concerning price reductions; or<br><br>- engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.<br><br>Minn. Stat. § 325D.44. | Yes.<br><br>Minn. Stat. § 325D.45(1). | Yes.<br><br>*Parkhill v. Minn. Mut. Life Ins. Co.,* 188 F.R.D. 332 (D. Minn. 1999) | 6 years.<br><br>Actions will be commenced "within 6 years."<br><br>Minn. Stat. § 541.05(2) (2005).<br><br>Discovery rule does not apply.  The statute begins to run from the date the alleged statutory violations occurred.<br><br>*Tuttle v. Lorillard Tobacco Co.,* 377 F.3d 917, 926 (8th Cir. 2004) (holding that the Minnesota UDTPA, Minnesota Consumer Fraud Act and Minnesota False Advertising Act do "not include a discovery allowance as does the statute of limitations applicable to fraud claims") (citation omitted). | No.<br><br>Person "likely to be damaged" by the deceptive trade practice may bring action.<br><br>Minn. Stat. § 325D.45(1). | No.<br><br>Person "likely to be damaged" by the deceptive trade practice may bring action.<br><br>Minn. Stat. § 325D.45(1). | "Whether Defendants intend to deceive . . . is irrelevant." Plaintiff need only show that practice is likely or tends to deceive.<br><br>Minn. Stat. § 325D.45(1).<br><br>*Minn. State Archery Ass'n I, Inc. v Minn. State Archer Ass'n, Inc.,* Civ. No. 02-4290, 2003 U.S. Dist. LEXIS 4753 (D. Minn. Mar. 20, 2003). | Only injunctive relief available.<br><br>Minn. Stat. § 325D.45(1).<br><br>*Alsides v. Brown Inst., Ltd.,* 592 N.W.2d 468, 475-76 (Minn. Ct. App. 1999). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| MINNESOTA (cont'd)<br><br>Prevention of Consumer Fraud Act<br><br>Minn. Stat. § 325F.68 et seq. (2005).<br><br>Statute lists specific unlawful acts and further provides generally that:<br><br>"The act [or] use . . . by any person of any fraud . . . misrepresentation . . . or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable . . . ."<br><br>Minn. Stat. § 325F. 69(1). | Yes.<br><br>Minn. Stat. § 8.31(3a) (2005).<br><br>*Alsides v. Brown Inst., Ltd.*, 592 N.W.2d 468, 475-76 (Minn. Ct. App. 1999). | Yes.<br><br>Minn. Stat. § 8.31(3a).<br><br>*Alsides*, 592 N.W.2d at 475-76. | 6 years.<br><br>Actions will be commenced "within 6 years."<br><br>Minn. Stat. § 541.05(2) (2005).<br><br>*Estate of Riedel v. Life Care Retirement Communities, Inc.*, 505 N.W.2d 78, 83 (Minn. Ct. App. 1993).<br><br>Discovery rule does not apply.  Statute begins to run from the date the fraudulent act is made.<br><br>*Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 926 (8th Cir. 2004) (holding that the Minnesota Consumer Fraud Act and Minnesota False Advertising Act do "not include a discovery allowance as does the statute of limitations applicable to fraud claims"). | Yes.<br><br>Injury must be "by a violation" of the statute.<br><br>Minn. Stat. § 8.31(3a)<br><br>There must be a "proper legal nexus between the complained of acts and their alleged monetary losses."<br><br>*LeSage v. Norwest Bank Calhoun-Isles, N.A.*, 409 N.W.2d 536, 539 (Minn. Ct. App. 1987). | No.<br><br>Proof of reliance not an element independent of causation.<br><br>"[W]here, as here, the plaintiffs allege that their damages were caused by deceptive, misleading, or fraudulent statements or conduct in violation of [Minnesota's] misrepresentations in sales laws, as a practical matter it is not possible that the damages could becaused by a violation without reliance on the statements or conduct alleged to violate the statutes."<br><br>*Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 13 (Minn. 2001). | May be held liable for negligent and unintentional acts.<br><br>*McNamara v. Nomeco Bldg. Specialties*, 26 F. Supp. 2d 1168, 1171 (D. Minn. 1998).<br><br>But, need to establish that defendant "intended to induce reliance."<br><br>*Thompson v. Am. Tobacco, Co.*, 189 F.R.D. 544, 553 (D. Minn. 1999) (citing *LeSage*). | Actual damages and injunctive relief.  No multiplier.<br><br>Minn. Stat. § 8.31(3a).<br><br>Attorney fees and costs may be awarded.<br><br>Minn. Stat. § 8.31(3a).<br><br>Unclear whether punitive damages are available.<br><br>*Compare Wilson v. Polaris Indus., Inc.*, No. C7-98-676, 1998 WL 779033, at *3 (Minn. Ct. App. 1998) ("Appellant argues that punitive damages are allowed on his consumer fraud claims . . . [but] . . . '[a]bsent personal injury, a party injured by a product may not recover punitive damages'") (citations omitted) *with Wexler v. Bros. Entm't Group, Inc.*, 457 N.W.2d 218, 222 (Minn. Ct. App. 1990) ("The trial court has discretion to allow punitive damages in consumer fraud cases.") |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| MINNESOTA (cont'd)<br><br>False Statement in Advertising<br><br>Minn. Stat. § 325F.67 *et seq.* (2005).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>It is unlawful to disseminate an advertisement of any sort regarding merchandise or services to the public which is untrue, deceptive or misleading.<br><br>Minn. Stat. § 325F.67. | Yes.<br><br>Minn. Stat. § 8.31(3a) (2005).<br><br>*Alsides v. Brown Inst., Ltd.*, 592 N.W.2d 468, 475-76 (Minn. Ct. App. 1999). | Yes.<br><br>Minn. Stat. § 8.31(3a).<br><br>*Alsides*, 592 N.W.2d at 475-76. | 6 years.<br><br>Actions will be commenced "within 6 years."<br><br>Minn. Stat. § 541.05(2) (2005).<br><br>*Estate of Riedel v. Life Care Retirement Communities, Inc.*, 505 N.W.2d 78, 83 (Minn. Ct. App. 1993).<br><br>Discovery rule does not apply.  Statute begins to run from the date the fraudulent act is made.<br><br>*Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 926 (8th Cir. 2004) (holding that the Minnesota Consumer Fraud Act and Minnesota False Advertising Act do "not include a discovery allowance as does the statute of limitations applicable to fraud claims"). | Yes.<br><br>Injury must be "by a violation" of the statute.<br><br>Minn. Stat. § 8.31(3a) | No.<br><br>Proof of reliance not an element independent of causation.<br><br>"[W]here, as here, the plaintiffs allege that their damages were caused by deceptive, misleading, or fraudulent statements or conduct in violation of [Minnesota's] misrepresentations in sales laws, as a practical matter it is not possible that the damages could becaused by a violation without reliance on the statements or conduct alleged to violate the statutes."<br><br>*Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 13 (Minn. 2001). | Need to establish that defendant "intended to induce reliance."<br><br>*Thompson v. Am. Tobacco, Co.*, 189 F.R.D. 544, 553 (D. Minn. 1999) (citing *LeSage*). | Actual damages and injunctive relief.  No multiplier.<br><br>Minn. Stat. § 8.31(3a).<br><br>Attorney fees and costs may be awarded.<br><br>Minn. Stat. § 8.31(3a).<br><br>Unclear whether punitive damages are available.<br><br>*Compare Wilson v. Polaris Indus., Inc.*, No. C7-98-676, 1998 WL 779033, at *3 (Minn. Ct. App. 1998) ("Appellant argues that punitive damages are allowed on his consumer fraud claims . . . [but] . . . '[a]bsent personal injury, a party injured by a product may not recover punitive damages'") (citations omitted) *with Wexler v. Bros. Entm't Group, Inc.*, 457 N.W.2d 218, 222 (Minn. Ct. App. 1990) ("The trial court has discretion to allow punitive damages in consumer fraud cases.") |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| MISSISSIPPI<br><br>Consumer Protection<br><br>Miss. Code Ann. § 75-24-1 *et seq.* (2006).<br><br>Statute generally prohibits "[u]nfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce," and further lists specific prohibited acts such as, inter alia:<br><br>- representing goods or services are of a particular standard or quality if they are of another;<br><br>- misrepresentations concerning price reductions; or<br><br>- advertising goods or services with intent not to sell them as advertised.<br><br>Miss. Code Ann. § 75-24-5. | Yes.<br><br>Miss. Code Ann. § 75-24-15 (1), (4). | No.<br><br>Miss. Code Ann. § 75-24-15 (1), (4). | 3 years.<br><br>Action shall be commenced "within 3 years next after such action accrued."<br><br>Miss. Code Ann. § 15-1-49 (2006).<br><br>Neither case law nor statute expressly addresses when a claim under the statute accrues or whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>"Ascertainable loss" must be "as a result of" unlawful acts.<br><br>Miss. Code Ann. § 75-24-15(1). | No law. | Statute and case law do not provide scienter level, but several enumerated deceptive acts require an "intent" to do an enumerated act.<br><br>See, e.g., Miss. Code Ann. § 75-24-5(k) (prohibiting advertisement of goods with intent not to meet demand). | Compensatory damages only. No multiplier or punitives.<br><br>Miss. Code Ann. § 75-24-15(1). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| **MISSISSIPPI** (cont'd)<br><br>Deceptive Advertising<br><br>Miss. Code Ann. § 97-23-3 (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>It is punishable for a person to disseminate before the public any advertisement which contains any assertion, representation or statement which is untrue, deceptive or misleading.<br><br>Miss. Code Ann. § 97-23-3. | Yes.<br><br>Miss. Code Ann. § 97-23-3. | Yes.<br><br>Miss. Code Ann. § 97-23-3. | 3 years.<br><br>Action shall be commenced "within 3 years next after such action accrued."<br><br>Miss. Code Ann. § 15-1-49.<br><br>Neither case law nor statute expressly addresses when a claim under the statute accrues or whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>Defendant liable for damages "proximately resulting from a violation of this section."<br><br>Miss. Code Ann. § 97-23-3.<br><br>Damages "must be proximately caused by the alleged untrue, deceptive or misleading advertisement."<br><br>*Dixieland Food Stores, Inc. v. Kelly's Big Star, Inc.*, 391 So. 2d 633, 636 (Miss. 1980). | No law. | Requires that the defendant "knew" or should have known through reasonable investigation that the statement was deceptive or misleading.<br><br>Miss. Code Ann. § 97-23-3. | Compensatory damages only. No multiplier or punitives.<br><br>Miss. Code § 97-23-3.<br><br>*See Watson v. First Commonwealth Life Ins. Co.*, 686 F. Supp. 153, 156 (D. Miss. 1988) (noting statute itself only contemplates actual damages and not punitives). |
| **MISSOURI**<br><br>Merchandising Practices Act<br><br>Mo. Ann. Stat. § 407.010 *et seq.* (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"The act, use . . . by any person of any deception, fraud . . . misrepresentation . . .or concealment . . . of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice."<br><br>Mo. Ann. Stat. § 407.020(1). | Yes.<br><br>Mo. Ann. Stat. § 407.025(1). | Yes.<br><br>Mo. Ann. Stat. § 407.025(2) & (3). | 3 years.<br><br>Action must be brought "within 3 years."<br><br>Mo. Ann. Stat. § 516.130(2) (2006).<br><br>Neither case law nor statute expressly addresses when a claim under the statute accrues or whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>"Ascertainable loss" must be "as a result of" unlawful acts.<br><br>Mo. Ann. Stat. § 407.025(1).<br><br>Injury must be "proximately caused by defendant's actions."<br><br>*Willard v. Bic Corp.*, 788 F. Supp. 1059, 1070 (W.D. Mo. 1991). | No.<br><br>Reliance not required.<br><br>*State ex rel. Webster v. Areaco Inv. Co.*, 756 S.W.2d 633, 636 (Mo. Ct. App. 1988) ("We also do not find that proof of reliance by customers is a necessary element of such cases."). | "It is the defendant's conduct, not his intent, which determines whether a violation has occurred."<br><br>*Areaco Inv.*, 756 S.W.2d at 635. | Actual damages. No multiplier.<br><br>Mo. Ann. Stat. § 407.025(1).<br><br>Discretionary punitive damages and attorneys' fees.<br><br>Mo. Ann. Stat. § 407.025(1). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| MONTANA<br><br>Unfair Trade Practices & Consumer Protection<br><br>Mont. Code Ann. § 30-14-101 *et seq.* (2005).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."<br><br>Mont. Code Ann. § 30-14-103. | Yes.<br><br>Mont. Code Ann. § 30-14-133(1). | No.<br><br>Mont. Code Ann. § 30-14-133(1). | 2 years.<br><br>"Within 2 years is the period prescribed for the commencement of an action upon" the statute.<br><br>Mont. Code Ann. § 27-2-211(1) (2005).<br><br>Neither case law nor statute expressly addresses whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>"Ascertainable loss of money or property" must be "as a result of" an unlawful act.<br><br>Mont. Code Ann. § 30-14-133(1).<br><br>Violation must cause the plaintiff's injuries.<br><br>*Cartwright v. Equitable Life Assurance Soc.*, 914 P.2d 976, 997 (Mont. 1996). | No law. | Proof of malice, fraud and oppression not required.<br><br>*Plath v. Schonrock*, 64 P.3d 984, 990 (Mont. 2003). | Greater of actual damages or $500.<br><br>Mont. Code Ann. § 30-14-133(1).<br><br>Discretionary treble damages and attorneys' fees.<br><br>Mont. Code Ann. § 30-14-133(1) & (3).<br><br>No need to show malice, oppression or fraud to obtain treble damages which are at court's discretion.<br><br>*T & W Chevrolet v. Darvial*, 641 P.2d 136 (Mont. 1982). |
| NEBRASKA<br><br>Consumer Protection Act<br><br>Neb. Rev. Stat. Ann. § 59-1601 *et seq.* (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful."<br><br>Neb. Rev. Stat. Ann. § 59-1602. | Yes.<br><br>Neb. Rev. Stat. Ann. § 59-1609; *Raad v. Wal-Mart Stores, Inc.*, 13 F. Supp. 2d 1003, 1010-11 (D. Neb. 1998). | Yes.<br><br>Neb. Rev. Stat. Ann. § 59-1609; *Raad*, 13 F. Supp. 2d at 1010-11. | 4 years.<br><br>Action under the statute "shall be forever barred unless commenced within four years after the cause of action accrues."<br><br>Neb. Rev. Stat. Ann. § 59-1612.<br><br>Generally, a cause of action accrues when the aggrieved party has the right to institute and maintain suit.<br><br>*SID No. 57 v. City of Elkhorn*, 536 N.W.2d 56, 63 (Neb. 1995).<br><br>Neither case law nor statute expressly addresses whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>Plaintiff must be injured "by a violation" of the Act.<br><br>Neb. Rev. Stat. Ann. § 59-1609. | Yes.<br><br>Reliance required.<br><br>*See Raad*, 13 F. Supp. 2d at 1016. | Plaintiff must prove that "the practice possessed the tendency or capacity to mislead, or created the likelihood of deception."<br><br>*Raad*, 13 F. Supp. 2d at 1014. | Actual damages and equitable relief. No multiplier.<br><br>Neb. Rev. Stat. Ann. § 59-1609.<br><br>Discretionary non-pecuniary increase not to exceed $1,000.<br><br>Neb. Rev. Stat. Ann. § 59-1609.<br><br>Attorney fees recoverable.<br><br>Neb. Rev. Stat. Ann. § 59-1609. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| NEVADA<br><br>Deceptive Trade Practices Act<br><br>Nev. Rev. Stat. Ann. § 598.0903 *et seq.* (2005).<br><br>Statute lists prohibited "deceptive trade practices" which include, inter alia:<br><br>- knowingly making a false representation as to the characteristics of goods or services.<br><br>Nev. Rev. Stat. Ann. § 598.0915.<br><br>- employing "bait and switch" advertising.<br><br>Nev. Rev. Stat. Ann. § 598.0917.<br><br>- knowingly failing to disclose a material fact in connection with the sale or lease of goods or services.<br><br>Nev. Rev. Stat. Ann. § 598.0923 | Yes.<br><br>Nev. Rev. Stat. Ann. § 41.600(1). | Yes.<br><br>Nev. Rev. Stat. Ann. § 41.600. | 3 years.<br><br>"[A]ction upon liability created by statute" may only be "commenced" within 3 years.<br><br>Nev. Rev. Stat. Ann. § 11.190.<br><br>Neither case law nor statute expressly addresses when a claim under the statute must be "commenced" or whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>A claim may be brought by "any person who is the victim of consumer fraud."<br><br>Nev. Rev. Stat. Ann. § 41.600(1). | No law. | Requires defendant "knowingly make[]" a "false representation in a transaction."<br><br>Nev. Rev. Stat. Ann. § 598.0915(15). | Actual damages. No multiplier.<br><br>Nev. Rev. Stat. Ann. § 41.600.<br><br>Elderly or disabled may claim punitive damages.<br><br>Nev. Rev. Stat. Ann. § 598.0977.<br><br>Mandatory attorney fees to prevailing plaintiff.<br><br>Nev. Rev. Stat. Ann. § 41.600. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| NEW HAMPSHIRE<br><br>Regulation of Business Practices for Consumer Protection<br><br>N.H. Rev. Stat. Ann. § 358-A:1 *et seq.* (2006).<br><br>Statute generally prohibits "unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce," and further lists specific prohibited acts such as, inter alia:<br><br>- representing that goods or services are of a particular standard or quality if they are of another; or<br><br>- making false or misleading statements concerning price reductions; or<br><br>- pricing of goods or services in a manner that tends to create or maintain a monopoly, or otherwise harm competition.<br><br>N.H. Rev. Stat. Ann. § 358-A:2. | Yes.<br><br>N.H. Rev. Stat. Ann. § 358-A:10. | Yes.<br><br>N.H. Rev. Stat. Ann. § 358-A:10-a. | 3 years.<br><br>Transactions entered into "more than 3 years prior to the time the plaintiff knew, or reasonably should have known, of the conduct alleged to be in violation" of the statute are exempted from the statute.<br><br>N.H. Rev. Stat. Ann. § 358-A:3(IV-a). | Yes.<br><br>Plaintiffs must establish a "causal link" between the unlawful conduct and their injuries.<br><br>*Mulligan v. Choice Mortgage Corp. USA*, 1998 WL 544431, at *11 (D.N.H. Aug. 11, 1998). | No.<br><br>Reliance not required.<br><br>*Mulligan*, 1998 WL 544431, at *7. | "The objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce."<br><br>*Barrows v. Boles*, 687 A.2d 979, 986-987 (N.H. 1996). | In individual actions, greater of actual damages or $1,000.<br><br>N.H. Rev. Stat. Ann. § 358-A:10.<br><br>In individual actions, if the violation was "willful or knowing" court shall award between 2 times and 3 times actual damages.<br><br>N.H. Rev. Stat. Ann. § 358-A:10.<br><br>In individual actions, mandatory attorney fees to prevailing plaintiff.<br><br>N.H. Rev. Stat. Ann. § 358-A:10.<br><br>Class actions damages limited to actual damages, equitable relief and discretionary attorney fees.<br><br>N.H. Rev. Stat. Ann. § 358-A:10a. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| NEW JERSEY<br><br>Consumer Fraud Act<br><br>N.J. Stat. Ann. § 56:8-1 *et seq.* (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"The act, use . . . by any person of any unconscionable commercial practice, deception, fraud . . . misrepresentation, or the knowing, concealment . . . of any material fact with the intent that others rely upon such concealment . . . whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice."<br><br>N.J. Stat. § 56:8-2. | Yes.<br><br>N.J. Stat. Ann. § 56:8-19.<br><br>*Weinberg v. Sprint Corp.*, 801 A.2d 281, 285 (N.J. 2002). | Yes.<br><br>N.J. Stat. Ann. § 56:8-19.<br><br>*Weinberg*, 801 A.2d at 290. | 6 years.<br><br>Action shall be commenced within 6 years after the cause of any such action shall have accrued.<br><br>N.J. Stat. Ann. §2A:14-1; *Mirra v. Holland Am. Line*, 751 A.2d 138, 139 (N.J. Super. Ct. App. Div. 2000).<br><br>Discovery rule applies. Cause of action "accrues" under the statute when the plaintiff "discovers" or through the exercise of reasonable diligence should have discovered the injury.<br><br>*Sangemino v. Money Mailer*, 1997 WL 45229, at *4 (D.N.J. July 25, 1997). | Yes.<br><br>Any person who suffers ascertainable loss of money or property "as a result of" unlawful acts may bring an action.<br><br>N.J. Stat. § 56:8-19.<br><br>This "'causation' provision" requires plaintiff "to prove that the unlawful consumer fraud caused his loss." *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 464 (1994). | No.<br><br>Reliance not required.<br><br>*Gennari v. Weichert Co. Realtors*, 692 A.2d 350, 366 (N.J. 1997).<br><br>"While reliance need not be proven under the NJCFA, plaintiffs must nevertheless demonstrate that each class member read one or more of the advertisements upon which plaintiffs rely and that one or more of the false advertising and material factual concealments which they allege were contained therein constituted a proximate cause of an 'ascertainable loss' of money or property. *Fink v. Ricoh Corp.*, 839 A.2d 942, 958 (N.J. Super. Ct. Law Div. 2003) | Liability for affirmative misrepresentations requires no knowledge of the falsity of the misrepresentation, negligence, or the intent to deceive.<br><br>But, for omissions, "the plaintiff must show that the defendant acted with knowledge," and intent that plaintiff rely upon the omission.<br><br>*Gennari*, 692 A.2d at 365; N.J. Stat. Ann. § 56:8-2. | Actual damages.<br><br>N.J. Stat. Ann. §56:8-19.<br><br>Mandatory treble damages.<br><br>N.J. Stat. Ann. §56:8-19 (providing that the court "shall" award threefold damages).<br><br>Mandatory reasonable attorney fees to prevailing plaintiff.<br><br>N.J. Stat. Ann. §56:8-19 (providing that court "shall" award reasonable attorney fees and costs). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| NEW MEXICO<br><br>Unfair Practices Act<br><br>N.M. Stat. Ann. § 57-12-1 *et seq.* (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful."<br><br>N.M. Stat. Ann. § 57-12-3. | Yes.<br><br>N.M. Stat. Ann. § 57-12-10. | Yes.<br><br>N.M. Stat. Ann. § 57-12-10. | 4 years.<br><br>Actions are to be brought "within four years of accrual."<br><br>*Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996); *see* N.M. Stat. Ann. § 37-1-4.<br><br>Discovery rule applies where statute does not run until the "plaintiff discovers the fraud or when, with reasonable diligence, the plaintiff could have discovered the fraud."<br><br>*Tiberi*, 89 F.3d at 1430 (citation omitted). | Yes.<br><br>Any person who suffers a loss of money or property "as a result of" unlawful acts may bring an action.<br><br>N.M. Stat. Ann.§ 57-12-10(B).<br><br>Plaintiff must show defendant's violation caused plaintiff damages.<br><br>*Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311 (N.M. 1991). | No.<br><br>Reliance not required.<br><br>*Smoot v. Physicians Life Ins. Co.*, 87 P.3d 545, 551 (N.M. Ct. App. 2003). | Need not be intentionally made, but defendant must know or should know that representation is false.<br><br>*Stevenson*, 811 P.2d at 1311.<br><br>N.M. Stat. Ann. § 57-12-2(D). | Actual damages.<br><br>N.M. Stat. Ann. § 57-12-10(B).<br><br>Discretionary treble damages if willful violation.<br><br>N.M. Stat. Ann. § 57-12-10(B).<br><br>No punitive damages under act but if punitive damages allowed by parallel cause of action, then act does not prohibit such punitives.<br><br>*McLelland v. United Wis. Life Ins. Co.*, 980 P.2d 86, 90 (N.M. Ct. App. 1999).<br><br>Mandatory attorneys' fees to successful plaintiff.<br><br>N.M. Stat. Ann.§ 57-12-10(C).<br><br>Unnamed class members limited to actual damages.<br><br>N.M. Stat. Ann.§ 57-12-10(E). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| NEW YORK<br><br>Consumer Protection from Deceptive Acts and Practices<br><br>N.Y. Gen. Bus. Law §§ 349 to 350-e (2006).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."<br><br>N.Y. Gen. Bus. Law § 349(a). | Yes.<br><br>N.Y. Gen. Bus. Law § 349(h).<br><br>*Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 894 n.2 (N.Y. 1999). | Yes.<br><br>N.Y. Gen. Bus. Law § 349(h).<br><br>*Small*, 720 N.E.2d at 895-96. | 3 years.<br><br>Action to "recover upon liability . . . created . . . by statute" "must be commenced within" 3 years.<br><br>N.Y. C.P.L.R. § 214(2); *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1082 (N.Y. 2001).<br><br>Discovery rule does not apply to claims brought under § 349.<br><br>*Wender v. Gilberg Agency*, 716 N.Y.S.2d 40, 41-42 (N.Y. App. Div. 2000) (holding that claims under General Business Law § 349 have the three-year limitations period set forth in CPLR 214 (2) and the date of discovery rule is not applicable and cannot serve to extend that limitations period). | Yes.<br><br>Plaintiff must have suffered injury "as a result of the deceptive act."<br><br>*Stutman v. Chem. Bank*, 731 N.E. 2d 608, 611 (N.Y. 2000). | No.<br><br>Reliance not required.<br><br>*Stutman*, 731 N.E. 2d at 612 ("[A]s we have repeatedly stated, reliance is not an element . . . "). | Intent to defraud is not an element of a claim under the statute.<br><br>*Stutman*, 731 N.E. 2d at 612. | Actual damages.<br><br>N.Y.Gen. Bus. Law § 349(h).<br><br>Discretionary treble damages for willful or knowing violations.<br><br>N.Y.Gen. Bus. Law § 349(h).<br><br>Discretionary attorneys' fees to prevailing party.<br><br>N.Y.Gen. Bus. Law § 349(h). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| NORTH CAROLINA<br><br>Monopolies, Trusts & Consumer Protection<br><br>N.C. Gen. Stat. § 75-1 et seq. (1999).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."<br><br>N.C. Gen. Stat. § 75-1.1(a). | Yes.<br><br>N.C. Gen. Stat. § 75-16.<br><br>*Dash v. FirstPlus Home Loan Owner Trust 1996-2*, 248 F. Supp. 2d 489,505 (M.D. N.C. 2003). | Yes.<br><br>N.C. Gen. Stat. § 75-16.<br><br>*Dash*, 248 F. Supp. 2d at 504-05. | 4 years.<br><br>Action under statute is "barred unless commenced within [4 years] after the cause of action accrues."<br><br>N.C. Gen. Stat. § 75-16.2.<br><br>Generally an action "accrues" under the statute when the violation occurs.<br><br>*U.S. v. Ward*, 618 F. Supp. 884, 902-03 (E.D.N.C. 1985).<br><br>But, discovery rule applies to claims brought under the statute that are based on fraud where cause of action accrues when the plaintiff "discovered or *should have discovered* through the exercise of reasonable diligence" the fraud.<br><br>*Nash v. Motorola Communications & Electronics, Inc.*, 385 S.E.2d 537, 538 (N.C. Ct. App. 1989), *aff'd* 400 S.E.2d 36 (N.C. 1991). | Yes.<br><br>Misrepresentations must have "proximately caused actual injury to plaintiff."<br><br>*Wilson v. Blue Ridge Elec. Membership Corp.*, 578 S.E.2d 692, 694 (N.C. Ct. App. 2003). | Yes.<br><br>Reliance required.<br><br>A plaintiff must show that he detrimentally relied upon a deceptive statement or misrepresentation.<br><br>*Howerton v. Arai Helmet, Ltd.*, 581 S.E.2d 816, 830 (N.C. Ct. App. 2003), *rev'd on other grounds*, 597 S.E.2d 674 (N.C. 2004). | "That defendants may have made these misrepresentations negligently and in good faith, in ignorance of their falsity, and without intent to mislead, affords no defense to an action under [the statute]."<br><br>*Forbes v. Par Ten Group, Inc.*, 394 S.E.2d 643, 651 (N.C. Ct. App. 1990). | Mandatory treble damages.<br><br>N.C. Gen. Stat. § 75-16 (1999).<br><br>Discretionary attorneys' fees upon a finding that defendant's conduct was willful and defendant refused to negotiate settlement.<br><br>N.C. Gen. Stat. § 75-16.1(1). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| NORTH DAKOTA<br><br>Unlawful Sales or Advertising Practices<br><br>N.D. Cent. Code § 51-15-01 *et seq.* (2005).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"The act [or] use . . . by any person of any deceptive act or practice, fraud  . . . or misrepresentation with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice."<br><br>N.D. Cent. Code § 51-15-02. | Yes.<br><br>N.D. Cent. Code § 51-15-09. | Yes.<br><br>N.D. Cent. Code § 51-15-09. | 6 years.<br><br>An action "upon a liability created by [a] statute" must be "commenced within six years after the claim for relief  has accrued."<br><br>N.D. Cent. Code § 28-01-16(2).<br><br>Generally, a cause of action accrues when the right to commence the action comes into existence; ordinarily the limitations period begins to run from the commission of the wrongful act giving rise to the cause of action.<br><br>*Tarnavsky v. McKenzie County Grazing Ass'n*, 665 N.W.2d 18, 22 (N.D. 2003).<br><br>Neither case law nor statute expressly addresses whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>Plaintiff may only sue a "person who has acquired" money or property "by means of" an unlawful practice.<br><br>N.D. Cent. Code§ 51-15-02. | No.<br><br>Reliance not required.<br><br>The statute only requires that defendant intended that plaintiff rely.<br><br>N.D. Cent. Code § 51-15-02 | Deceptive act must be made with the "intent that others rely" upon it.<br><br>N.D. Cent. Code§ 51-15-02. | Actual damages.<br><br>N.D. Cent. Code § 51-15-09.<br><br>If conduct was "knowing" treble damages and attorneys' fees allowed at court's discretion.<br><br>N.D. Cent. Code § 51-15-09. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| NORTH DAKOTA (cont.)<br><br>False Advertising<br><br>N.D. Cent. Code § 51-12-01 *et seq.* (2003).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>No person shall disseminate before the public an advertisement which contains any assertion or representation which is untrue, deceptive, or misleading regarding merchandise or services.<br><br>N.D. Cent. Code § 51-12-01. | Yes.<br><br>N.D. Cent. Code § 51-15-14. | Yes.<br><br>Action can be brought on behalf of public.<br><br>N.D. Cent. Code § 51-12-14. | 6 years.<br><br>An action "upon a liability created by a statute" must be "commenced within six years after the claim for relief  has accrued."<br><br>N.D. Cent. Code § 28-01-16(2).<br><br>Generally, a cause of action accrues when the right to commence the action comes into existence; ordinarily the limitations period begins to run from the commission of the wrongful act giving rise to the cause of action.<br><br>*Tarnavsky v. McKenzie County Grazing Ass'n*, 665 N.W.2d 18, 22 (N.D. 2003).<br><br>Neither case law nor statute expressly addresses whether the discovery rule is applicable to claims brought under the statute. | No.<br><br>But, to have standing to bring claim on behalf of public, must have suffered or been in threat of suffering injury because of the alleged false advertising.<br><br>*Kjolsrud v. MKB Mgmt. Corp.*, 669 N.W.2d 82, 88 (N.D. 2003). | No.<br><br>Reliance not required. Can be brought on behalf of public.<br><br>N.D. Cent. Code § 51-12-14. | Prohibits statement "which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."<br><br>N.D. Cent. Code § 51-12-08. | Injunctive relief only.<br><br>N.D. Cent. Code § 51-12-14. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| OHIO<br><br>Unfair or Deceptive Consumer Sales Practices<br><br>Ohio Rev. Code Ann. § 1345.0 *et seq.* (2006).<br><br>Statute generally prohibits the commission of "an unfair or deceptive act or practice in connection with a consumer transaction," and further lists specific prohibited acts such as, *inter alia*:<br><br>- the representation that the subject of the transaction is of a particular quality or standard if it is not; or<br><br>- the representation that a specific price advantage exists if it does not.<br><br>Ohio Rev. Code Ann. § 1345.02. | Yes.<br><br>Ohio Rev. Code Ann. § 1345.09. | Yes.<br><br>Ohio Rev. Code Ann. § 1345.09. | 2 years.<br><br>Action under statute "may not be brought more than two years after the occurrence of the violation which is the subject of suit, or more than one year after the termination of proceedings by the attorney general with respect to the violation, whichever is later."<br><br>Ohio Rev. Code Ann.§ 1345.10(C).<br><br>Discovery rule does not apply to claims brought under the statute.<br><br>*See Weaver v. Armando's Inc.*, 2003 Ohio App. LEXIS 4273 (Ohio Ct. App. Sep. 3, 2003) (noting that the claims must be brought within two years of the occurrence of the violation and this is an absolute time limit to which the discovery rule does not apply). | No.<br><br>Deceptive act or practice need only be "in connection with" a consumer transaction.<br><br>Ohio Rev. Code Ann. § 1345.02(A). | No.<br><br>Reliance not required.<br><br>*Washington v. Spitzer Mgmt.*, 2003 Ohio App. LEXIS 1640 (Ohio Ct. App. Apr. 3, 2003) (holding that in class actions under consumer protection statute, individual reliance is unnecessary and reliance can be established by inference or presumption). | "Intent to deceive is not an element required for a violation of the deceptive-practices portion of the act."<br><br>*Rose v. Zaring Homes, Inc.*, 702 N.E.2d 952, 745 (Ohio Ct. App. 1997).<br><br>Plaintiff need not prove that defendant intended to commit deceptive act only that act was committed.<br><br>*Colburn v. Baier Realty & Auctioneers*, 2003 Ohio App. LEXIS 5945 (Ohio Ct. App. Dec. 5, 2003). | In individual action, actual damages or rescission.<br><br>Ohio Rev. Code Ann.§ 1345.09(A).<br><br>In an individual action only – plaintiff may recover treble damages or rescind the transaction.<br><br>Ohio Rev. Code Ann.§ 1345.09(B); *Crow v. Fred Martin Motor Co.*, 2003 WL 1240119, at *6 (Ohio Ct. App. 2003) ("A consumer who has been the victim of deceptive acts or practices may choose between rescission [of the transaction] or treble damages.")<br><br>But, to recover treble damages, plaintiff must show that either a prior court opinion or the Attorney General has previously ruled the specific act at issue deceptive and unlawful.<br><br>*Dotson v. Brondes Motor Sales, Inc.*, 628 N.E.2d 137, 139 (Ohio Ct. App. 1993).<br><br>Discretionary attorneys' fees to prevailing plaintiff if defendant intentionally committed deceptive act.<br><br>Ohio Rev. Code Ann.§ 1345.09(F)(1) & (2).<br><br>*Einhorn v. Ford Motor Co.*, 548 N.E.2d 933, 935-36 (Ohio 1990). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| OKLAHOMA<br><br>Consumer Protection Act<br><br>Okla. Stat. Ann. tit. 15 § 751 *et seq.* (2005).<br><br>Statute lists prohibited "unlawful practices" which include, inter alia:<br><br>- representing that the subject of the transaction is of a particular standard when it is of another; or<br><br>- committing a "deceptive trade practice" which is defined as misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive another to their detriment.<br><br>Okla. Stat. Ann. tit. 15 §§ 752, 753. | Yes.<br><br>Okla. Stat. Ann. tit. 15 § 761.1(A).<br><br>*Tibbetts v. Sight 'N Sound Appliance Ctrs., Inc.*, 77 P.3d 1042 (Okla. 2003). | Yes.<br><br>Okla. Stat. Ann. tit. 15 § 761.1(A).<br><br>*Tibbetts*, 77 P.3d at 1042. | 3 years.<br><br>Action may only be brought within 3 years after the cause of action accrues.<br><br>Okla. Stat. Ann. tit. 12 § 95(2); *Fuller v. Sight 'N Sound Appliance Ctrs., Inc.*, 982 P.2d 528, 532 (Okla. Ct. App. 1999).<br><br>Generally, a cause of action accrues when person can maintain the cause to its legal conclusion with the legal authority to demand redress.<br><br>*Loftis v. Multiple Injury Trust Fund*, 67 P.3d 924 (Okla. Ct. App. 2002).<br><br>Neither case law nor statute expressly addresses whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>The unlawful practice must have caused the plaintiff's injuries.<br><br>*Patterson v. Beall*, 19 P.3d 839, 846 (Okla. 2000); Okla. Stat. Ann. tit. 15 § 761.1(A). | No.<br><br>Reliance not required.<br><br>*Murray v. D&J Motor Co.*, 958 P.2d 823, 832 (Okla. Ct. App. 1998) ("The Act does not specify when the representation must take place or that the consumer rely upon the representation."). | Intent to engage in deceptive practice not required.<br><br>*Patterson*, 19 P.3d at 847, n.12 (noting that the "statutory definition does not speak to the necessity of an intent to deceive"); Okla. Stat. Ann. tit. 15 § 752(13). | Actual damages. No multiplier.<br><br>Okla. Stat. Ann. tit. 15§ 761.1(A).<br><br>To obtain reasonable attorney fees, must show actual damages.<br><br>Okla. Stat. Ann. tit. 15§ 761.1(A).<br><br>*Tibbetts*, 77 P.3d at 1062.<br><br>For individual actions only, if a court finds the unlawful acts "unconscionable," the court may additionally award plaintiff up to $2000 per act.<br><br>Okla. Stat. Ann. tit. 15§ 761.1(B). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| OREGON<br><br>Unlawful Trade Practices Act<br><br>Or. Rev. Stat. § 646.605 *et seq.* (2005).<br><br>Statute lists prohibited "unlawful practices" which include, inter alia:<br><br>- representing that goods or services are of a particular standard or quality if they are of another; or<br><br>- engaging in any unfair or deceptive conduct in trade or commerce.<br><br>Or. Rev. Stat. § 646.608. | Yes.<br><br>Or. Rev. Stat. § 646.638(1), (4). | Yes.<br><br>Or. Rev. Stat. § 646.638(1), (4). | "Actions brought under this section shall be commenced within one year from the discovery of the unlawful method, act or practice."<br><br>Or. Rev. Stat. § 646.638(6). | Yes.<br><br>Ascertainable loss must be "as a result of willful use or employment . . . of" an unlawful act or practice.<br><br>Or. Rev. Stat. § 646.638(1). | Yes.<br><br>Reliance required.<br><br>*Feitler v. Animation Celection, Inc.*, 13 P.3d 1044, 1050 (Or. Ct. App. 2000). *But see Sanders v. Francis*, 561 P.2d 1003, 1006 (Or. 1977) (reliance not necessary for omissions). | Must be a "willful" unlawful act.<br><br>Or. Rev. Stat. § 646.638(1).<br><br>However, "willful violation" means only that the actor should have known the act was unlawful.<br><br>Or. Rev. Stat. § 646.605(10). | Actual damages. No multiplier.<br><br>Or. Rev. Stat. § 646.638(1).<br><br>In individual actions, attorneys' fees may be awarded to prevailing party.<br><br>Or. Rev. Stat. § 646.638(3).<br><br>No attorneys' fees allowed in class actions.<br><br>Or. Rev. Stat. § 646.638(4).<br><br>Punitive damages may be awarded to prevailing plaintiff.<br><br>Or. Rev. Stat. § 646.638(1). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| PENNSYLVANIA<br><br>Unfair Competition, Acts or Practices<br><br>73 Pa. Cons. Stat. § 201-1 *et seq.* (2006).<br><br>Statute lists prohibited "deceptive acts or practices" which include, inter alia:<br><br>- representing that goods or services are of a particular standard or quality if they are of another;<br><br>- advertising goods or services with intent not to sell them as advertised; or<br><br>- engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.<br><br>73 Pa. Cons. Stat. § 201-2(4). | Yes.<br><br>73 Pa. Cons. Stat. § 201-9.2.<br><br>*DiLucido v. Terminix Intern., Inc.*, 676 A.2d 1237 (Pa. Super. Ct. 1996). | Yes.<br><br>73 Pa. Cons. Stat. § 201-9.2.<br><br>*DiLucido*, 676 A.2d at 1237. | Action "must be commenced within six years."<br><br>42 Pa. Con. Stat. § 5527.<br><br>*Keller v. Volkswagen of Am., Inc.*, 733 A.2d 642, 646, n.9 (Pa. Super. Ct. 1999); *Gabriel v. O'Hara*, 534 A.2d 488, 495 (Pa. Super. Ct. 1987) (holding that claims under statute fall under the "catch-all" six-year limitations period).<br><br>Cause of action is to be commenced when it "accrues."<br><br>*See Gabriel*, 534 A.2d at 495 (noting point when plaintiffs' claim under the statute "accrued").<br><br>Neither case law nor statute expressly addresses whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>Causal connection between unlawful practices and damages required.<br><br>73 Pa. Cons. Stat. § 201-9.2(a). | Yes.<br><br>Pennsylvania Supreme Court has held that a private plaintiff must show reliance to state a valid claim.<br><br>*Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001) (holding that to state a valid claim under the statute, a private plaintiff must prove actual reliance; i.e., that he heard and believed representation and made purchase as a result); *Booze v. Allstate Ins. Co.*, 750 A.2d 877, 880 (Pa. Super. Ct. 2000) (must plead and prove all elements of common law fraud); *accord Dawson v. Dovenmuehle Mortgage Inc.*, 2002 U.S. Dist. LEXIS 5688, at *19 (E.D. Pa. Mar. 28, 2002). | Unclear.<br><br>But probably need to prove scienter.<br><br>Pennsylvania appellate courts have held that common law fraud elements such as scienter are required to state a valid claim.<br><br>*See Booze*, 750 A.2d at 880 (must plead and prove all elements of common law fraud) *accord Dawson*, 2002 U.S. Dist. LEXIS 5688, at *19.. | Actual damages.<br><br>73 Pa. Cons. Stat. § 201-9.2(a).<br><br>Award of treble damages at court's discretion.<br><br>73 Pa. Cons. Stat. § 201-9.2(a).<br><br>Award of reasonable attorney fees at court's discretion.<br><br>73 Pa. Cons. Stat. § 201-9.2(a).<br><br>Award of punitive damages is at court's discretion.<br><br>*See O'Keefe v. Mercedes-Benz United States, LLC*, 214 F.R.D. 266, 276 (E.D. Pa. 2003). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| PUERTO RICO<br><br>Department of Consumer Affairs<br><br>16 Laws of P.R. Ann. § 341 *et seq.* (2006) | No.<br><br>Only administrative proceedings allowed where a "consumer" may file a complaint with the Department of Consumer Affairs.<br><br>16 Laws of P.R. Ann. § 341n.<br><br>Prohibited acts upon which a complaint may be brought are "every type or kind of act, practice, advertisement . . . which constitutes or tends to constitute fraud . . . ."<br><br>16 Laws of P.R. Ann. § 341r.<br><br>A party may seek reconsideration of the Department of Consumer Affairs' determination and further may request judicial review.<br><br>16 Laws of P.R. Ann. §§ 341o & p. | N/A | N/A | N/A | N/A | N/A | N/A |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| RHODE ISLAND<br><br>R.I. Gen. Laws § 6-13.1-1 *et seq.* (2005).<br><br>Statute lists prohibited "deceptive acts or practices" which include, inter alia:<br><br>- representing that goods or services are of a particular standard or quality if they are of another;<br><br>- advertising goods or services with intent not to sell them as advertised; or<br><br>- using any other methods, acts or practices which mislead or deceive members of the public in a material respect.<br><br>R.I. Gen. Laws § 6-13.1-1(5). | Yes.<br><br>R.I. Gen. Laws § 6-13.1-5.2(a), (b). | Yes.<br><br>R.I. Gen. Laws § 6-13.1-5.2(a), (b). | 10 years.<br><br>"[A]ctions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after."<br><br>R.I. Gen. Laws § 9-1-13.<br><br>Discovery rule does not apply.<br><br>*See Swiss v. Eli Lilly & Co.*, 559 F. Supp. 621, 624 (D.R.I. 1982) (noting that the general rule in Rhode Island is that a plaintiff's claim accrues at the time of injury). | Yes.<br><br>Ascertainable loss must be "as a result of the use or employment . . . of" an unlawful act or practice.<br><br>R.I. Gen. Laws § 6-13.1-5.2(a). | No law. | No law. | Actual damages.  No multiplier.<br><br>R.I. Gen. Laws § 6-13.1-5.2(a)<br><br>Punitive damages recoverable at court's discretion.<br><br>R.I. Gen. Laws § 6-13.1-5.2(a)<br><br>Discretionary reasonable attorney fees to prevailing plaintiff.<br><br>R.I. Gen. Laws § 6-13.1-5.2(d). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| SOUTH CAROLINA<br><br>Unfair Trade Practices<br><br>S.C. Code Ann. § 39-5-10 *et seq.* (2003).<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."<br><br>S.C. Code Ann. § 39-5-20(a). | Yes.<br><br>S.C. Code Ann. § 39-5-140(a). | Yes.<br><br>S.C. Code Ann. § 39-5-140(a).<br><br>*Gentry v. Yonce*, 522 S.E.2d 137, 142 (S.C. 1999). | 3 years.<br><br>"No action may be brought under [statute] more than three years after discovery of the unlawful conduct which is the subject of the suit."<br><br>S.C. Code Ann. § 39-5-150. | Yes.<br><br>Ascertainable loss must be "as a result of the use or employment . . . of an unfair or deceptive act or practice."<br><br>S.C. Code Ann. § 39-5-140(a). | No law. | Violation need not be knowing or willful to recover actual damages.<br><br>But, must be willful for treble damages.<br><br>*Haley Nursery Co. v. Forrest*, 381 S.E.2d 906 (S.C. 1989). | Actual damages.<br><br>S.C. Code Ann.§ 39- 5-140(a).<br><br>Mandatory treble damages for willful violations.<br><br>S.C. Code Ann.§ 39- 5-140(a).<br><br>*Haley Nursery*, 381 S.E.2d at 906.<br><br>Mandatory attorney fees to prevailing plaintiff.<br><br>S.C. Code Ann.§ 39- 5-140(a). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| SOUTH DAKOTA<br><br>Deceptive Trade Practices and Consumer Protection<br><br>S.D. Codified Laws § 37-24-1 *et seq.* (2006).<br><br>Statute generally prohibits the knowing and intentional use of "any deceptive act or practice, fraud . . . or misrepresentation or to conceal . . . any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been mislead, deceived, or damaged," and further lists specific prohibited acts such as, inter alia:<br><br>- advertising price reductions without satisfying certain criteria; or<br><br>- mailing or sending unordered consumer property or service.<br><br>S.D. Codified Laws § 37-24-6. | Yes.<br><br>S.D. Codified Laws § 37-24-31. | Yes.<br><br>S.D. Codified Laws § 37-24-31. | 2 years.<br><br>"No action under [the statute] may be brought more than two years after the occurrence or discovery of the conduct which is subject of the action."<br><br>S.D. Codified Laws § 37-24-33. | Yes.<br><br>Causation link between injury and act required.<br><br>*Northwestern Pub. Serv. v. Union Carbide Corp.*, 236 F. Supp. 2d 966, 973-74 (D.S.D. 2002).<br><br>S.D. Codified Laws§ 37-24-31. | Yes.<br><br>Reliance required.<br><br>*Northwestern Pub. Serv.*, 236 F. Supp. 2d at 973-74 (holding that consumer protection claim requires "proof of an intentional misrepresentation or concealment of a fact on which plaintiff relied….").<br><br>S.D. Codified Laws§ 37-24-31. | A deceptive act is a "knowing[] and intentional[]" deceptive act or misrepresentation.<br><br>S.D. Codified Laws § 37-24-6(1). | Actual damages only.   No multiplier.<br><br>S.D. Codified Laws § 37-24-31.<br><br>No punitive damages.<br><br>*Wyman v. Terry Schulte Chevrolet, Inc.*, 584 N.W.2d 103, 107 (S.D. 1998) (holding no punitive damages under statute). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| TENNESSEE<br><br>Consumer Protection Act of 1977<br><br>Tenn. Code Ann. § 47-18-101 *et seq.* (2005)<br><br>Statute generally prohibits "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce" and further lists specific prohibited acts such as, inter alia:<br><br>- representing that goods or services are of a particular standard or quality if they are of another; or<br><br>- advertising goods or services with intent not to sell them as advertised.<br><br>Tenn. Code Ann. § 47-18-104. | Yes.<br><br>Tenn. Code Ann. § 47-18-109.<br><br>*Owens v. Bristol Motors Speedway, Inc.*, 77 S.W.3d 771, 772 (Tenn. Ct. App. 2001). | Probably.<br><br>The act provides that "[a]ny person who suffers an ascertainable loss . . . may bring an action *individually* to recover actual damages." Tenn. Code Ann. § 47-18-109.  However, prior to 1991, the act read "individually, but not in a representative capacity." The Tennessee Supreme Court has not addressed this issue, but lower and intermediate courts have assumed that class actions could be certified under the act.  *See In re Bridgestone/ Firestone, Inc. Tires Prods. Liab. Litig.*, 205 F.R.D. 503, 514 (S.D. Ind. 2001), *rev'd on other grounds*, 288 F.3d 1012 (7th Cir. 2002). | 1 year with 5 year repose.<br><br>Action "shall be brought within one (1) year from a person's discovery of the unlawful act or practice, but in no event shall an action under [the statute] be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief."<br><br>Tenn. Code Ann. § 47-18-110.<br><br>*See also Penley v. Honda Motor Co.*, 31 S.W.3d 181, 184-85 (Tenn. 2000) (holding that fraudulent concealment does not toll a statute of repose unless the statute expressly so provides). | Yes.<br><br>Requires an "ascertainable loss . . . as a result of the use or employment . . . of an unfair or deceptive act or practice."<br><br>Tenn. Code Ann. § 47-18-109(a)(1).<br><br>*Harvey v. Ford Motor Co.*, 1999 WL 486894, at *2 (Tenn. Ct. App. 1999) (proximate cause required). | Probably not.<br><br>Reliance not required to maintain a cause of action under the statute.<br><br>*Messer Griesheim Indus. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 469 (Tenn. Ct. App. 2003).<br><br>"Regardless of whether reliance is a required element under the T.C.P.A., plaintiffs must at least allege that they were exposed to the offensive conduct." *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 276 (Tenn. Ct. App. 1999). | Unfair or deceptive act "need not be willful or knowingly made to recover actual damages."<br><br>*Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992). | Actual damages.<br><br>Tenn. Code Ann. § 47-18-109(a)(1).<br><br>Discretionary treble damages if "willful" or "knowing" violation where statute sets forth specific factors for court to consider in determining whether treble damages appropriate.<br><br>Tenn. Code Ann. § 47-18-109(a)(3), (4).<br><br>No punitive damages.<br><br>*Paty v. Herb Adcox Chevrolet Co.*, 756 S.W.2d 697, 699 (Tenn. Ct. App. 1988).<br><br>Discretionary attorney fees.<br><br>Tenn. Code Ann. § 47-18-109(e). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| TEXAS<br><br>Deceptive Trade Practices-Consumer Protection Act<br><br>Tex. Bus. & Com. Code Ann. §17.41 *et seq.* (2006).<br><br>Statute generally prohibits "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce," and further lists specific prohibited acts such as, inter alia:<br><br>- representing that goods or services are of a particular quality or standard if they are of another; or<br><br>- making false or misleading statements concerning price reductions.<br><br>Tex. Bus. & Comm. Code Ann. § 17.46.<br><br>Private actions by consumers are limited to the enumerated acts.<br><br>*Id.* § 17.46(d). | Yes.<br><br>Tex. Bus. & Com. Code Ann. §17.50.<br><br>*Mahoney v. Cupp*, 638 S.W.2d 257, 261 (Tex. Ct. App. 1982). | Yes.<br><br>Tex. Bus. & Com. Code Ann. §17.50.<br><br>*Mahoney*, 638 S.W.2d at 261-62. | 2 years.<br><br>Action "must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. The period of limitation . . . may be extended for a period of 180 days if the plaintiff proves that failure timely to commence the action was caused by the defendant's knowingly engaging in conduct solely calculated to induce the plaintiff to refrain from or postpone the commencement of the action."<br><br>Tex. Bus. & Com. Code Ann. §17.565. | Yes.<br><br>Act or practice must be a "producing cause" of damages.<br><br>Tex. Bus. & Com. Code Ann. §17.50(a). | Yes.<br><br>Reliance required where plaintiff must show he detrimentally relied on act.<br><br>Tex. Bus. & Com. Code Ann. §17.50(a). | Intent to misrepresent or knowledge of falsity not required unless specific provision of the statute requires otherwise.<br><br>*Smith v. Herco, Inc.*, 900 S.W.2d 852, 859 (Tex. Ct. App. 1995). | Actual damages for economic loss.<br><br>Tex. Bus. & Com. Code Ann. §17.50(b).<br><br>Damages for mental anguish, if act committed intentionally, as found by trier of fact.<br><br>Tex. Bus. & Com. Code Ann. §17.50(b).<br><br>Plaintiff may recover treble damages as found by the trier of fact.<br><br>Tex. Bus. & Com. Code Ann. §17.50(b).<br><br>Treble damages requires that defendant acted knowingly.<br><br>*Henry Schein v. Stromboe*, 102 S.W.3d 675, 695 (Tex. 2002)<br><br>Mandatory attorney fees to the prevailing plaintiff.<br><br>Tex. Bus. & Com. Code Ann. § 17.50(d). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| UTAH<br><br>Consumer Sales Practices<br><br>Utah Code Ann. § 13-11-1 *et seq.* (2006)<br><br>Statute states generally that "[a] deceptive act or practice by a supplier in connection with a consumer transaction" is prohibited, and further, the statute lists specific unlawful acts such as, inter alia:<br><br>- indicating that the subject of a transaction is of a particular standard or quality if it is not; or<br><br>- indicating that a specific price advantage exists if it does not.<br><br>Utah Code Ann. § 13-11-4. | Yes.<br><br>Utah Code Ann. § 13-11-19(1). | Yes.<br><br>Utah Code Ann.§ 13-11-19(3), (4). | 2 years<br><br>Action "must be brought within two years after occurrence of a violation . . . ."<br><br>Utah Code Ann. § 13-11-19(8).<br><br>Discovery rule likely does not apply unless there is fraudulent concealment.<br><br>*See Sevy v. Security Title Co.*, 902 P.2d 629, 636 (Utah 1995) (holding that "[t]he discovery rule applies in three situations: (1) where it is mandated by statute, (2) where the defendant concealed the facts or misled the claimant and, as a result, the claimant did not become aware of the cause of action until after the limitation period had run, and (3) exceptional circumstances where the application of the general rule would be irrational or unjust"). | Yes.<br><br>Requires plaintiff suffer loss "as a result" of violations of the Act.<br><br>Utah Code Ann. § 13-11-19(2), (4)(a). | No law. | Requires "knowing" or intentional deceptive act or practice.<br><br>Utah Code Ann. § 13-11-4(2).<br><br>*Rawson v. Conover*, 20 P.3d 876, 883 (Utah 2001). | In individual actions, greater of actual damages or $2000.  No multiplier and no punitives.<br><br>Utah Code Ann. § 13-11-19(2).<br><br>Discretionary attorney fees.<br><br>Utah Code Ann. § 13-11-19(5)<br><br>In class actions, equitable relief only unless specific practice previously declared unlawful.<br><br>Utah Code Ann. § 13-11-19(4). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| VERMONT<br><br>Consumer Fraud<br><br>Vt. Stat. Ann. tit. 9 § 2453 *et seq.* (2005)<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful."<br><br>Vt. Stat. Ann. tit. 9 § 2453. | Yes.<br><br>Vt. Stat. Ann. tit. 9 §2461(b).<br><br>*Vermont Mobile Home Owners' Ass'n, Inc. v. Lapierre*, 94 F. Supp. 2d 519 (D. Vt. 2000). | Yes.<br><br>Vt. Stat. Ann. tit. 9 §2461(b).<br><br>*Vermont Mobile Home Owners' Ass'n*, 94 F. Supp. 2d at 519. | 6 years.<br><br>Action "shall be commenced within six years after the cause of action accrues and not thereafter."<br><br>Vt. Stat. Ann. tit. 12 § 511.<br><br>Discovery rule applies where action accrues and time begins to run from the date of discovery of the injury.<br><br>*Univ. of Vermont v. W.R. Grace & Co.*, 565 A.2d 1354, 1357 (Vt. 1989). | Yes.<br><br>Must show injury "as a result" of the act.<br><br>Vt. Stat. Ann. tit. 9 §2461(b). | Unclear.<br><br>Statute has "reliance" language but cases have not expressly addressed issue.<br><br>Vt. Stat. Ann. tit. 9 §2461(b) (providing that consumer who contracts "in reliance" of deceptive act or who is injured as a result of deceptive act may bring action).<br><br>*Lalande Air & Water Corp. v. Pratt*, 795 A.2d 1233, 1235-36 (Vt. 2002) ("We have not had occasion to consider directly whether the Consumer Fraud Act provides a private cause of action for 'unfair' as opposed to deceptive acts, or requires 'reliance' for such a claim. Nor need we do so here."). | Unclear.<br><br>But if defendant knows or should know that omission important, materiality is presumed.<br><br>*Carter v. Gugliuzzi*, 716 A.2d 17, 23 (Vt. 1998). | Actual damages.<br><br>Vt. Stat. Ann. tit. 9 §2461(b).<br><br>Plaintiff "may" recover attorneys' fees.<br><br>Vt. Stat. Ann. tit. 9 §2461(b).<br><br>Exemplary damages (up to 3 times actual) are mandatory upon showing of "actual malice."<br><br>Vt. Stat. Ann. tit. 9 §2461(b).<br><br>*Bruntaeger v. Zeller*, 515 A.2d 123, 127 (Vt. 1986). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| VIRGINIA<br><br>Consumer Protection Act<br><br>Va. Code Ann. § 59.1-196 *et seq.* (2006).<br><br>Statute lists prohibited "practices" which include, inter alia:<br><br>- misrepresenting that goods or services have certain characteristics;<br><br>- advertising goods or services with intent not to sell them as advertised; or<br><br>- using any other deception, fraud, or misrepresentation in connection with a consumer transaction.<br><br>Va. Code Ann. §59.1-200. | Yes.<br><br>Va. Code § 59.1-204(A). | No.<br><br>*WS Carnes, Inc. v. Bd. of Suppliers*, 478 S.E.2d 295, 300 (Va. 1996) ("An individual . . . does not acquire standing to sue in a representative capacity . . . unless authorized by statute to do so."). | 2 years.<br><br>Action "shall be commenced within two years after . . . accrual."<br><br>Va. Code § 59.1-204.1(A).<br><br>Action "accrues" on the date that the injury is sustained.<br><br>Va. Code § 8.01-230.<br><br>Discovery rule does not apply to claims brought under the statute.<br><br>*Chancler v. McCarthy Enters.*, 61 Va. Cir. 697, 699 (Va. Cir. Ct. 2002). | Yes.<br><br>Requires a "loss as the result of a violation" of the statute.<br><br>Va. Code § 59.1-204(A). | Yes.<br><br>Reasonable reliance is necessary to state a claim.<br><br>*Lambert v. Downtown Garage, Inc.*, 553 S.E.2d 714, 717 (Va. 2001). | Misrepresentation by omission of a material fact requires evidence of a "knowing and deliberate decision" to conceal the fact.<br><br>*Lambert*, 553 S.E.2d at 718.<br><br>Bona fide errors or lack of control are defenses.<br><br>Va. Code § 59.1-207. | Greater of actual damages or $500.<br><br>Va. Code § 59.1-204(A).<br><br>Reasonable attorneys fees and costs may be awarded to prevailing party.<br><br>Va. Code § 59.1-204(B).<br><br>If the violation was "willful," discretionary treble damages or $1000, whichever is greater.<br><br>Va. Code § 59.1-204. |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| WASHINGTON<br><br>Consumer Protection Act<br><br>Wash. Rev. Code Ann. § 19.86.010 *et seq.* (2006)<br><br>Statute does not list unlawful acts but rather provides that:<br><br>"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."<br><br>Wash. Rev. Code Ann. § 19.86.020. | Yes.<br><br>Wash. Rev. Code Ann. § 19.86.090.<br><br>*Smith v. Behr Process Corp.*, 54 P.3d 665 (Wash. Ct. App. 2002). | Yes.<br><br>Wash. Rev. Code Ann. § 19.86.090.<br><br>*Smith*, 54 P.3d at 665. | 4 years.<br><br>Action "shall be forever barred unless commenced within four years after the cause of action accrues."<br><br>Wash. Rev. Code Ann § 19.86.120.<br><br>Unclear when action "accrues" under the statute.<br><br>*See Criss v. Ehrsam*, 2002 Wash. App. LEXIS 2220, at *17 (Wash. Ct. App. 2002) (noting lack of case law establishing when a cause of action under the statute "accrues").<br><br>But, discovery rule applies to claims brought under statute where rule postpones running of time when a plaintiff, through the exercise of due diligence, should have discovered the factual basis for the cause of action.<br><br>*See Exeter v. Geico Gen. Ins. Co.*, 2001 Wash. App. LEXIS 2630, at *12-14 (Wash. Ct. App. 2001) (applying discovery rule to claim brought under the statute). | Yes.<br><br>A "causal link" must exist "between the unfair or deceptive act and the injury suffered."<br><br>*Leingang v. Pierce County Med. Bur., Inc.*, 930 P.2d 288, 296 (Wash. 1997). | Yes.<br><br>Plaintiff must show that he "relied upon a misrepresentation of fact."<br><br>*Robinson v. Avis Rent A Car Sys., Inc.*, 22 P.3d 818, 823 (Wash. Ct. App. 2001); see aslo Smith v. Olympic Bank, 693 P.2d 92, 96 (Wash. 1985) (holding that relevant standard is whether defendant's conduct induced plaintiff to act or refrain from acting). | Intent not required "if the [alleged deceptive] action has the capacity to deceive a substantial portion of the purchasing public."<br><br>*Haner v. Quincy Farm Chem., Inc.*, 649 P.2d 828, 831 (Wash. 1982). | Actual damages.<br><br>Wash. Rev. Code Ann § 19.86.090.<br><br>Reasonable attorneys' fees are recoverable but only to the extent attorney time was spent on the consumer protection claim and not on other causes of action.<br><br>Wash. Rev. Code Ann § 19.86.090.<br><br>*Travis v. Wash. Horse Breeders Ass'n*, 749 P.2d 418, 425 (Wash. 1988) (holding that court must segregate attorney time spent on consumer protection claim).<br><br>Treble damages, at court's discretion but not to exceed $10,000.<br><br>Wash. Rev. Code Ann § 19.86.090. |
|  |  |  |  |  |  |  |  |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| WEST VIRGINIA<br><br>Consumer Protection Act<br><br>W.Va. Code 46A-6-101 *et seq.* (2006).<br><br>Statute lists prohibited "deceptive acts or practices" which include, inter alia:<br><br>- representing that goods or services are of a particular quality or standard if they are of another;<br><br>- making false or misleading statements of fact concerning price reductions; or<br><br>- engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.<br><br>W. Va. Code § 46A-6-101. | Yes.<br><br>W. Va. Code 46A-6-106(1). | Yes.<br><br>W. Va. Code 46A-6-106(1). | 2 years.<br><br>Action "shall be brought . . . within two years next after the right to bring the same shall have accrued . . . ."<br><br>W. Va. Code § 55-2-12.<br><br>Neither case law nor statute expressly addresses when an action under the statute "accrues" or whether the discovery rule is applicable to claims brought under the statute. | Yes.<br><br>"Ascertainable loss" must be "as a result of" illegal practices.<br><br>W. Va. Code § 46A-6-106(1). | No.<br><br>Deceptive acts prohibited "whether or not any person misled or damaged."<br><br>W. Va. Code § 46A-6-102(f)(13). | In false advertising claims, the offending misrepresentation must be made "with intent that others rely upon" it.<br><br>W. Va. Code § 46A-6-102(f)(13). | Greater of actual damages or $200.<br><br>W. Va. Code § 46A-6-106(1).<br><br>Punitive damages and attorneys' fees are not allowed.<br><br>*Virden v. Altria Group, Inc.*, 304 F. Supp. 2d 832, 850 (D. W. Va. 2004). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| WISCONSIN<br><br>Deceptive Trade Practices Act<br><br>Wis. Stat. Ann. § 100.18 (2005).<br><br>Statute generally prohibits the dissemination before the public of advertising which is untrue, deceptive or misleading, and also lists specific advertisements which are unlawful and deceptive.<br><br>Wis. Stat. Ann. § 100.18. | Yes.<br><br>Wis. Stat. § 100.18(11)(b).<br><br>*Tietsworth v. Harley-Davidson, Inc.*, 661 N.W.2d 450 (Wis. Ct. App. 2003). | Yes.<br><br>Wis. Stat. § 100.18(11)(b).<br><br>*Tietsworth*, 661 N.W.2d at 450. | 3 years.<br><br>"No action may be commenced under [the statute] more than 3 years after the occurrence of the unlawful act or practice which is the subject of the action."<br><br>Wis. Stat. § 100.18(11)(b)(3).<br><br>Discovery rule does not apply to claims brought under the statute.  Time begins to run from the date of the act.<br><br>*See Skrupky v. Elbert*, 526 N.W.2d 264, 273-74 (Wis. Ct. App. 1994). | Yes.<br><br>Pecuniary loss must be "because of a violation" of § 100.18 in order to state a claim.<br><br>Wis. Stat. § 100.18(b)(2).<br><br>Plaintiffs must "show a causal connection between the defendants' alleged conduct and any pecuniary loss suffered."<br><br>*Valente v. Sofamor, S.N.C.*, 48 F. Supp. 2d 862, 874 (E.D. Wis. 1999). | Yes.<br><br>Plaintiff must rely on the alleged deceptive practice or act.<br><br>*Valenti v. Hewlett-Packard Co.*, 2004 Wisc. App. LEXIS 471, at *3 (Wis. Ct. App. 2004). | "[P]laintiffs must show that the defendants intentionally induced the . . . purchase. . .  by [a] . . . representation containing any assertion, representation or statement of fact which was untrue, deceptive or misleading."<br><br>*Valente*, 48 F. Supp. 2d at 874.<br><br>Omissions or non-disclosures are not covered by the statute.<br><br>*Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 245 (Wis. 2004). | Allows only actual damages, costs & reasonable attorneys' fees.<br><br>Wis. Stat. § 100.18(b)(2). |

| STATE/LEGAL AUTHORITY | PRIVATE ACTION ALLOWED? | CLASS ACTION ALLOWED? | STATUTE OF LIMITATIONS | CAUSATION & INJURY? | RELIANCE? | SCIENTER & LEVEL OF INTENT | DAMAGES |
|---|---|---|---|---|---|---|---|
| WYOMING<br><br>Consumer Protection Act<br><br>Wyo. Stat. Ann. § 40-12-101 *et seq.* (2006).<br><br>Statute lists prohibited "unlawful practices" which include, inter alia:<br><br>- representing that merchandise is of a particular standard if it is not;<br><br>- advertising merchandise with intent not to sell it as advertised; or<br><br>- engaging in unfair or deceptive acts or practices.<br><br>Wyo. Stat. Ann. § 40-12-105. | Yes.<br><br>Wyo. Stat. Ann. § 40-12-108. | Yes.<br><br>Wyo. Stat. Ann. § 40-12-108. | "No action may be brought [under the statute] . . . unless" brought within "one (1) year after the initial discovery of the unlawful deceptive practice" or "within two (2) years following such consumer transaction, whichever occurs first . . . ."<br><br>Wyo. Stat. Ann. § 40-12-109. | Yes.<br><br>Plaintiff may recover damages "actually suffered as a consumer as a result of such unlawful trade practices."<br><br>Wyo. Stat. Ann.§ 40-12-108(a). | No law. | Requires that a defendant "knowingly . . . engages in unfair or deceptive acts or practices."<br><br>Wyo. Stat. Ann. § 40-12-105(a)(xv). | Allows only actual damages and reasonable attorneys' fees. Any monies recovered in a class action which cannot be restored to consumers within one year after final judgment shall be returned to the defendants.<br><br>Wyo. Stat. Ann. § 40-12-108(b). |

58