EXHIBIT 58

**VARIATIONS IN STATE CONSUMER PROTECTION ACTS:  FIFTY-TWO JURISDICTION SURVEY**

**PART 2 of 2**

**(Extra-Territorial Reach, Consumer Standing/Nexus Requirements, Trade or Commerce Nexus,
Materiality, Notice Requirement, Exempted Transactions, and Jury Trial)**

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| ALABAMA<br><br>Deceptive Trade Practices Act<br><br>Ala. Code § 8-19-1 *et seq.* (2006). | Probably no.<br><br>*See Ex parte Green Tree Fin. Corp.*, 723 So.2d 6, 11 (Ala. 1998) (reversing certification of a class based on fact that case would require consideration of "differences in various states' consumer-protection codes").  Also, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.  *Id.* at 11. | Yes.<br><br>Must be a "consumer" to have standing.<br><br>"Consumer" defined as a natural person who buys goods or services for personal, family or household use.<br><br>Ala. § 8-19-3(2); *EPSCO Indus, Inc. v. LMN Enters., Inc.*, 89 F. Supp.2d 1248, 1266 (N. D. Ala. 2000). | Deceptive acts must be in "trade" or "commerce."<br><br>Ala. Code § 8-19-5.<br><br>"Trade or Commerce" defined as "advertising . . . or sale . . . of any service or goods . . . or thing of value and includes any trade or commerce affecting the people or this state."<br><br>Ala. Code § 8-19-3(8). | No law. | Yes.<br><br>Pre-filing demand required (does not apply to defendants who do not maintain in-state address).<br><br>Ala. Code § 8-19-10(e).<br><br>Must waive any other cause of action arising out of transaction to bring action under the act.<br><br>Ala. Code § 8-19-15. | (A) Statute exempts "person or activity which is subject to the provisions of [the Alabama Insurance Code]."<br><br>Ala. Code § 8-19-7(3).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Ford Motor Co. v. Sperau*, 708 So.2d 111 (Ala. 1997). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| ALASKA<br><br>Unfair Trade Practices and Consumer Protection<br><br>Alaska Stat. §45.50.471 *et seq.* (2005). | Unclear.<br><br>*See Swenson Trucking & Excavating, Inc. v. Truckweld Equip. Co.*, 604 P.2d 1113, 1119-20 (Alaska 1980) (refusing to reach question of whether statute applies to acts committed outside of the state and adjudicated under old Alaska Stat. § 45.50.531(a) which permitted actions only in defendant's district of residence). | No.<br><br>Any "person" may bring action.<br><br>Alaska Stat. § 45.50.531(a). | Prima facie claim requires showing of engaging in "trade" or "commerce."<br><br>*State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 534 (Alaska 1980).<br><br>"Trade" or "commerce" not defined in statute. | Prohibits concealment of a "material" fact.<br><br>Alaska Stat. §45.50.471(12). | Yes.<br><br>Written notice prior to action for injunction required.<br><br>Alaska Stat. §45.50.535(b)(1). | (A) Statute exempts "an act or transaction regulated under laws administered by the state, by a regulatory board or commission . . . acting under statutory authority of the state or of the United States . . . ."<br><br>Alaska Stat. § 45.50.481(a)(1).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Advanced, Inc. v. Wilks*, 711 P.2d 524, 525 (Alaska 1985) (upholding jury award under the statute). |
| ARIZONA<br><br>Consumer Protection Act<br><br>Ariz. Rev. Stat. § 44-1521 *et seq.* (2006). | High court has not addressed, but lower courts have held that the statute applies to acts committed within state but victims need not be state residents.<br><br>*See State ex rel. Corbin v. Goodrich*, 726 P.2d 215, 221 (Ariz. Ct. App. 1986); *State ex rel. Woods v. Sgrillo*, 859 P.2d 771, 772 (Ariz. Ct. App. 1993). | No.<br><br>Any "person" may be a victim of the deceptive act.<br><br>*Waste Mfg. & Leasing Corp. v. Hambicki*, 900 P.2d 1220 (Ariz. Ct. App. 1995). | Statute does not use terms "trade" or "commerce."<br><br>But, deceptive act must involve "merchandise" which is defined broadly.<br><br>Ariz. Rev. Stat. §§ 44-1521, 44-1522-A; *Sgrillo*, 859 P.2d at 772. | Prohibits concealment of a "material" fact.<br><br>Ariz. Rev. Stat. §44-1522(A). | No. | (A) No relevant exemptions.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Dunlap v. Jimmy GMC of Tucson, Inc.*, 666 P.2d 83 (Ariz. Ct. App. 1983) (discussing appropriateness of jury instructions as to the consumer fraud claim). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| ARKANSAS<br><br>Deceptive Trade Practices<br><br>Ark. Code Ann. §§ 4-88-101 *et seq.*, 4-88-201 *et seq.* (2006). | No law. | No.<br><br>Any "person" actually injured may bring action.<br><br>Ark. Code Ann. § 44-88-113(f). | No. | Prohibits concealment of a "material" fact.<br><br>Ark. Code Ann. § 4-88-108. | No. | (A) Statute exempts actions "permitted under laws administered by the Insurance Commissioner . . . or other regulatory body or officers acting under statutory authority of this state or the United States . . . ."<br><br>Ark. Code Ann. § 44-88-101(3).<br><br>(B) Claims under statute have been tried/are triable before a jury.<br><br>*See Thomas v. Olson*, No. 05-123, 2005 WL 3436650, at *5 (Ark. Dec. 15, 2005). |
| CALIFORNIA<br><br>Consumers Legal Remedies Act<br><br>Cal. Civ. Code § 1770 *et seq.* (2006). | Intermediate courts have applied statute to consumers in other states if there are sufficient state "contacts."<br><br>*Wershba v. Apple Computer, Inc.*, 110 Cal. Rptr. 2d 145, 160-61 (Cal. Ct. App. 2001); *Clothesrigger, Inc. v. GTE Corp.*, 236 Cal. Rptr. 605, 610 (Cal. Ct. App. 1987). | Yes.<br><br>Must be a "consumer" defined as individual who seeks or acquires by purchase or lease any goods or services for personal, family or household purposes.<br><br>Cal. Civ. Code §§ 1761(d), 1780(a); *Lee v. Gen. Nutrition Cos.*, 2001 U.S. Dist. LEXIS 24739, at *32 (C.D. Cal. Nov. 26, 2001). | Statute does not use terms "trade" or "commerce."<br><br>But, deceptive act must be in a transaction intended to result or which results in sale or lease of goods or services to a "consumer."<br><br>Cal. Civ. Code § 1770(a). | Materiality required.<br><br>*Caro v. Procter & Gamble Co.*, 22 Cal. Rptr. 2d 419, 432 (Cal. Ct. App. 1993). | Yes.<br><br>Requires pre-suit notice and opportunity to cure.<br><br>Cal. Civ. Code § 1782. | (A) No relevant exemptions.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Hayward v. Ventura Volvo*, 132 Cal. Rptr. 24 514 (Cal. Ct. App. 2003). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| CALIFORNIA (cont'd)<br><br>Unfair Competition<br><br>Cal. Bus. & Prof. Code § 17200 *et seq.* (2006). | Intermediate courts have held that nonresidents may bring action under statute if wrongful conduct occurs in state but not if wrongful conduct occurs entirely out-of-state.<br><br>*Norwest Mortgage, Inc. v. Super. Ct.*, 85 Cal. Rptr. 2d 18, 25-26 (Cal. Ct. App. 1999); *Wershba v. Apple Computer, Inc.*, 110 Cal. Rptr. 2d 145, 160-61 (Cal. Ct. App. 2001). | No.<br><br>Any person may bring action.<br><br>*Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (Cal. 2002); *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553 (Cal. 1998). | Statute does not use terms "trade" or "commerce."<br><br>But, statute applies to any "business practice" which courts interpret broadly.<br><br>Cal. Bus. & Prof. § 17200; *People v. Los Angeles Palm, Inc.*, 175 Cal. Rptr. 257, 261 & 263 (Cal. Ct. App. 1981) (holding that improperly crediting employee tips against minimum wage is an unfair business practice). | Materiality required.<br><br>*Caro v. Procter & Gamble Co.*, 22 Cal. Rptr. 2d 419, 432 (Cal. Ct. App. 1993). | No. | (A) No.<br><br>(B) Jury trial not available.<br><br>*See Okura & Co. v. Careau Group*, 783 F. Supp. 482, 491 (C.D. Cal. 1991) (noting no jury trial under § 17200 because available relief is equitable and injunctive in nature). |
| CALIFORNIA (cont'd)<br><br>False Advertising<br><br>Cal. Bus. & Prof. Code § 17500 (2006). | Intermediate courts have held that nonresidents may bring action under statute if wrongful conduct occurs in state but not if wrongful conduct occurs entirely out-of-state.<br><br>*Norwest Mortgage, Inc. v. Super. Ct.*, 85 Cal. Rptr. 2d 18, 25-26 (Cal. Ct. App. 1999); *Wershba v. Apple Computer, Inc.*, 110 Cal. Rptr. 2d 145, 160-61 (Cal. Ct. App. 2001). | No.<br><br>*See Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 673 P.2d 660, 668 (Cal. 1983). | Statute does not use terms "trade" or "commerce."<br><br>Misleading advertising must be with intent to sell real or personal property or to perform services.<br><br>Cal. Bus. & Prof. Code § 17500. | No law. | No. | (A) No.<br><br>(B) Jury trial not available.<br><br>*See Okura & Co. v. Careau Group*, 783 F. Supp. 482, 491 (C.D. Cal. 1991) (noting no jury trial because available relief is equitable and injunctive in nature). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| COLORADO<br><br>Consumer Protection Act<br><br>Colo. Rev. Stat. § 6-1-105 *et seq.* (2006). | No law. | No.<br><br>"Any person" who has been injured has standing to bring action but he must show that deceptive act significantly impacts actual or potential consumers at large.<br><br>*Hall v. Walter,* 969 P.2d 224, 231 & 234. (Colo. 1998). | Trade and commerce nexus flows from requirement that deceptive act must occur in course of defendant's business.<br><br>*Hall,* 969 P.2d at 234. | Prohibits concealment of "material information concerning goods" if such failure to disclose "was intended to induce the consumer to enter into a transaction."<br><br>Colo. Rev. Stat. § 6-1-105(1)(u). | No. | (A) Statute exempts "[c]onduct in compliance with the orders or rules of, or a statute administered by, a federal, state, or local governmental agency."<br><br>Colo. Rev. Stat. § 6-1-106.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Walter v. Hall,* 940 P.2d 991, 994 (Colo. Ct. App. 1996), *aff'd, Hall v. Walter,* 969 P.2d 224 (Colo. 1998). |
| CONNECTICUT<br><br>Unfair Trade Practices<br><br>Conn. Gen. Stat. § 42-110a *et seq.* (2006). | Likely no extra-territorial reach because statute does not apply to nonresidents or persons who were not injured in state.<br><br>Conn. Gen. Stat. § 42-110g(b).<br><br>Also, definition of "trade or commerce" which refers to property in state may be construed as requiring in-state nexus. | No.<br><br>"Any person" who "suffers an ascertainable loss…as a result" of a prohibited act may bring an action.<br><br>Conn. Gen. Stat. § 42-110g(a); *Wagner v. Am. Nat'l Corp.,* 1983 U.S. Dist. LEXIS 10287, at *10 (D. Conn. 1983).<br><br>Proof of "public interest or public injury" explicitly not required to bring action under statute.<br><br>Conn. Gen. Stat. § 42-110g.<br><br>Although privity is not specifically required, an indirect purchaser may be too remote from the alleged conduct to satisfy causation. *See Vacco v. Microsoft Corp.,* 793 A.2d 1048, 1064-65 (Conn. 2002). | Deceptive act must occur in the conduct of "trade or commerce" defined as advertising, sale, rent, or lease, offering for sale or rent or lease, of any property . . . or thing or value in this state.<br><br>Conn. Gen. Stat. § 42-110b; Conn. Gen. Stat. § 42-110a(4).<br><br>"Trade or commerce" is interpreted broadly.<br><br>*Fink v. Golenbock,* 680 A. 2d 1243, 1259-60 (Conn. 1996). | Unclear.<br><br>But, materiality likely not required because misrepresentation need not be part of the basis of the bargain.<br><br>*Izzarelli v. R. J. Reynolds Tobacco Co.,* 117 F. Supp.2d 167, 176 (D. Conn. 2000). | No. | (A) No.<br><br>(B) Right to jury trial in action brought under statute except for award of punitives, attorney fees and injunctive relief.<br><br>Conn. Gen. Stat. § 42-110g(g). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| DELAWARE<br><br>Consumer Fraud Act<br><br>Del. Code Ann. tit. 6 § 2511 *et seq.* (2006). | Unclear.<br><br>One federal district court applied the statute to non-residents in a settlement class and noted that "class members from other states can assert Delaware law in this case, as long as the members' own state consumer fraud statutes do no have materials conflicts with the Delaware statute and Delaware has significant contacts with the asserted claims of these plaintiffs." In re Warfarin Sodium Antitrust Litig., 212 F.R.D. 231, 248 n.15 (D. Del. 2002). | Unclear.<br><br>Purpose of statute is to protect "consumers and legitimate business enterprises" but "consumer" not defined.<br><br>Del. Code Ann. tit. 6 § 2512. | Purpose of statute is to protect consumers from unfair practices "in the conduct of any trade or commerce."<br><br>Statute does not define "trade or commerce."<br><br>Del. Code Ann. tit. 6 § 2512. | Prohibits concealment of a "material" fact.<br><br>Del. Code Ann. tit. 6 § 2513(a). | No. | (A) Statute exempts "matters subject to the jurisdiction of the . . . Insurance Commissioner of this State."<br><br>Del. Code Ann. tit. 6 § 2513(b)(3); *Crowhorn v. Nationwide Mut. Ins. Co.*, 2001 Del. Super. LEXIS 358, at *22 (Del. Super. Ct. 2001).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Young v. Joyce*, 351 A.2d 857 (Del. 1975) (regarding consumer fraud claim submitted to jury). |
| DELAWARE (cont'd)<br><br>Deceptive Trade Practices Act<br><br>Del. Code Ann. tit. 6 § 2531 *et seq.* (2006). | No law. | Consumers do not have standing to bring action under the statute and only "businesses" and "competitors" have standing.<br><br>*Crosse v. BCBSD, Inc.*, 836 A.2d 492, 497 (Del. 2003) (holding that the Deceptive Trade Practices Act only applies to "horizontal relationships" and not "vertical relationships" so that consumers do not have standing to bring actions under the statute); *S&R Assocs., L.P., III v. Shell Oil Co.*, 725 A.2d 431, 440 (Del. Super. Ct. 1998) (holding that consumer did not have standing because only competitors have standing under Deceptive Trade Practices Act). | Deceptive practice must be "in the course of a business, vocation or occupation."<br><br>"business, vocation or occupation" not defined.<br><br>Del. Code Ann. tit. 6 § 2532. | No law. | No. | (A) No.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*Calbert v. Volkswagen of Am.*, 1993 Del. LEXIS 418 (Del. 1993) (upholding without comment the trial court's grant of JNOV of unfair and deceptive trade practices jury verdict). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| DISTRICT OF COLUMBIA<br><br>Consumer Protection Procedures Act<br><br>D.C. Code §28-3901 et seq. (2006). | No law. | Yes.<br><br>Only a "consumer" defined as a person who purchases "consumer goods or services" primarily for "personal, household, or family use" may bring suit.<br><br>D.C. Code § 28-3901(a)(2); *Mazanderan v. Indep. Taxi Owners' Ass'n.*, 700 F. Supp. 588, 591 (D.D.C. 1988) (holding taxi operator not a "consumer"); *Indep. Comms. Network, Inc. v. MCI Telecomms. Corp.*, 657 F. Supp. 785, 787-88 (D.D.C. 1987) (holding merchants are not "consumers"). | Plaintiff may bring action against a person who uses an unlawful "trade practice."<br><br>D.C. Code § 28-3905(k).<br><br>"Trade practice" defined as any act with regard to effectuating sale of "consumer goods or services."<br><br>D.C. Code § 28-3901(a)(6). | Misrepresentation must be material and have a tendency to mislead.<br><br>D.C. Code § 28-3904 (e); *Alicke v. MCI Comms. Corp.*, 111 F.3d 909 (D.C. Cir. 1997) (noting that to state a claim under the statute plaintiff must allege a material misrepresentation or omission that has the tendency to deceive). | No. | (A) No.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Dist. Cablevision L.P. v. Bassin,* 929 A.2d 714, 717-18 (D.C. Ct. App. 2003) (citing jury award on the consumer protection act claim). |
| FLORIDA<br><br>Florida Deceptive and Unfair Trade Practices Act<br><br>Florida Stat. 501.201 et seq. (2006). | Unclear.<br><br>One appellate court has held that only in-state consumers may pursue claims under statute.<br><br>*OCE Printing Sys. USA, Inc. v. Mailers Data Servs., Inc.*, 760 So.2d 1037, 1042 (Fla. Ct. App. 2000); *see also Hutson v. Rexall Sundown, Inc.*, 837 So.2d 1090, 1093-94 (Fla. Ct. App. 2003) (affirming denial of nationwide class, but noting that, in certain cases, if there are sufficient contacts with Fla., court may extend statute to out-of-state residents).. | Unclear.<br><br>In 2001, the statute was amended to provide that a "person" may bring action whereas previously only a "consumer" may bring action.<br><br>Fla. Stat. § 501.211(1) & (2).<br><br>Two federal districts courts have interpreted this substitution as expanding standing beyond "consumers" in the traditional sense.<br><br>*Compare Gritzke v. M.R.A. Holding, LLC,* 2003 U.S. Dist. LEXIS 9307, at *12 (D. Fla. Mar. 16, 2003) (holding non-consumer has standing), *with Jacobs v. Osmose, Inc.*, 2002 U.S. Dist. LEXIS 1926, at *16 (S. D. Fla. Jan. 2, 2002) (noting that Florida courts interpret "consumer" as purchasers of goods or services).<br><br>Fla. state courts have yet to address directly the implication of the amendment to consumer status and standing. | Wrongful act must be committed in the conduct of "trade or commerce" defined as "advertising…sale or rental of any good or service…including nonprofit … activity."<br><br>Fla. Stat. § 501.203(8); Fla. Stat. § 501.204(1); *Shibata v. Lim,* 2000 U.S. Dist. LEXIS 20053, at *12 (M.D. Fla. Nov. 14, 2000). | Materiality not required.<br><br>*Davis v. Powertel, Inc.,* 776 So.2d 971, 973-74 (Fla. Ct. App. 2000). | No. | (A) Statute exempts any "person or activity regulated under laws administered by the . . . Office of Insurance Regulation of the Financial Services Commission . . . ."<br><br>Fla. Stat. § 501.212(4).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Gen. Motors Acceptance Corp.  v. Laesser,* 718 So. 2d 276, 277 (Fla. Dist. Ct. App. 1998). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| GEORGIA<br><br>Uniform Deceptive Trade Practices Act<br><br>Ga. Code Ann. § 10-1-370 (2006). | No law. | No.<br><br>Any "person" who may "likely" be damaged may bring suit.<br><br>Ga. Code Ann. § 10-1-373(a). | Statute does not use terms "trade" or "commerce."<br><br>Defendant's act must be in the course of his "business, vocation or occupation."<br><br>Ga. Code Ann. § 10-1-372(a). | No law. | No. | (A) Statute exempts "[c]onduct in compliance with the orders or rules of or a statute administered by a federal, state, or local governmental agency."<br><br>Ga. Code Ann. § 10-1-374(a)(1).<br><br>(B) Likely no jury trial right because only injunctive relief available under the statute.<br><br>See Ga. Code Ann. § 10-1-373. |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| GEORGIA (cont'd)<br><br>Fair Business Practices Act<br><br>Ga. Code Ann. § 10-1-390 *et seq.* (2006). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effects may be construed as requiring an in-state nexus. | Yes.<br><br>Statute defines "consumers" as natural persons and to have valid claim, plaintiff must show that he has been injured "as a consumer."<br><br>Ga. Code Ann. § 10-1-392(a)(2); *Chancellor v. Gateway Lincoln-Mercury, Inc.*, 502 S.E.2d 799, 805 (Ga. Ct. App. 1998); *see also Friedlander v. PDK Labs, Inc.*, 465 S.E.2d 670, 670 (holding that the statute affords relief to consumers not competitors). *But see Syntex (U.S.A.), Inc. v. Interpharm, Inc.*, 1993 U.S. Dist. LEXIS 10716, at *13 n.7 (N.D. Ga. June 7, 1993) (extending standing to a competitor). | Requires unfair or deceptive acts to occur in conduct of "consumer transactions" or "consumer acts" or "in trade or commerce."<br><br>Ga. Code Ann. § 10-1-393(a).<br><br>"Consumer Transactions" defined as those involving goods for household purposes.<br><br>Ga. Code Ann. §10-1-392 (a)(3).<br><br>"trade or commerce" defined advertising or sale of goods or services or thing of value and shall include trade or commerce directly or indirectly effecting the people of the state.<br><br>Ga. Code Ann. §10-1-392(a)(9).<br><br>Courts infer a "consumer marketplace" requirement into statute where the deceptive act must have a harmful or potentially harmful effect on the general consuming public.<br><br>*See Kason Indus., Inc. v. Component Hardward Group, Inc.*, 120 F.3d 1199, 1203-04 (11th Cir. 1997); *Regency Nissan, Inc. v. Taylor*, 391 S.E.2d 467, 470 (Ga. Ct. App. 1990). | No law. | Yes.<br><br>Requires presuit demand letter.<br><br>Ga. Code Ann. § 10-1-399(b). | (A) Statute exempts actions "specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States."<br><br>Ga. Code Ann. § 10-1-396(1).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Regency Nissan*, 391 S.E.2d at 469 (noting that jury found against the defendant as to the Fair Business Practices Act claim). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| GEORGIA (cont'd)<br><br>False Advertising<br><br>Ga. Code Ann. § 10-1-420 *et seq.* (2006). | No law. | No.<br><br>Any "person" may bring action under the statute.<br><br>Ga. Code Ann. § 10-1-423. | Statute does not use terms "trade" or "commerce."<br><br>Prohibits advertising which induces public to enter into obligations in connection with services or goods. | No law. | No. | (A) No relevant exemptions.<br><br>(B) Likely no jury trial right because only injunctive relief available under the statute.<br><br>*See* Ga. Code Ann. § 10-1-423. |
| HAWAII<br><br>Unfair Practices<br><br>Haw. Rev. Stat. §480-1 *et seq.* (2005). | No law. | Yes.<br><br>Must be a "consumer" defined as a "natural person who primarily for personal, family, or household purposes…purchases, attempts to purchase, or is solicited to purchase goods or services…."<br><br>Haw. Rev. Stat. § 480-1.<br><br>Haw. Rev. Stat. § 480-2(d). | Deceptive acts must be "in the conduct of … trade or commerce."<br><br>Haw. Rev. Stat. § 480-2(a).<br><br>Trade or commerce not defined but interpreted broadly.<br><br>*Hawaii Cmty. Fed. Credit Union v. Keka*, 11 P.3d 1, 16 (Haw. 2000).<br><br>Courts determine on a case-by-case basis whether defendant's act occurred in "business context."<br><br>*Cieri v. Leticia Query Realty*, 905 P.2d 29, 37-40 (Haw. 1995). | No law. | No. | (A) Statute exempts "any transaction in the business of insurance which is in violation of any section of this chapter if the transaction is expressly permitted by the insurance laws of this State. . . . "<br><br>Haw. Rev. Stat. § 480-11(b).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Cieri*, 905 P.2d at 31 (noting jury verdict on consumer protection claim). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| IDAHO<br><br>Consumer Protection Act<br><br>Idaho Code § 48-601 *et seq.* (2006). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>Idaho Code § 48-602(2). | No.<br><br>Any "person" may bring action but damage must arise from purchase or lease of "goods or services."<br><br>"Goods" defined as property, tangible or intangible, real or personal … or anything of value.<br><br>"Services" defined as work, labor or any act performed for a consumer.<br><br>Idaho Code § 48-602(6) & (7). | Deceptive act must be in "conduct of trade or commerce" defined as the advertising . . . or sale . . . of goods or services directly or indirectly attending the people of this state.<br><br>Idaho Code § 48-602(2).<br><br>"Trade or commerce" will be construed liberally in similar manner as the Federal Trade Act.<br><br>*In re Western Acceptance Corp.*, 788 P.2d 214, 216 (Idaho 1990). | No law. | No. | (A) Statute exempts "[p]ersons subject to . . . determination[s] by the director of the department of insurance . . . ."<br><br>Idaho Code § 48-605(3).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Mac Tools v. Griffin*, 879 P.2d 1126, 1128 (Idaho 1994) (noting jury award on consumer protection claim). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| ILLINOIS<br><br>Consumer Fraud and Deceptive Business Practices Act<br><br>815 Ill. Comp. Stat. 505/1 *et seq.* (2006). | Unclear.<br><br>Lower courts have reached conflicting results; issue is currently before the Illinois Supreme Court.<br><br>*Compare Oliveira v. Amoco Oil Co.*, 726 N.E.2d 51, 61-62 (Ill. App. Ct. 2000) (holding that the Consumer Fraud Act did not apply to out-of-state consumers), *rev'd on other grounds*, 776 N.E.2d 151 (Ill. 2002) (vacating as advisory portions addressing class certification), *with Avery v. State Farm Mut. Auto. Ins. Co.*, 746 N.E.2d 1242, 1254 (Ill. App. Ct. 2001) (holding that the Consumer Fraud Act "does not limit its application to resident consumers"), *review granted*, 786 N.E.2d 180 (Ill. 2002)<br><br>Definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus. | No.<br><br>Any "person" may bring suit.<br><br>815 ILCS 505/10a.<br><br>But, if plaintiff is not traditional consumer (e.g., a competitor or nonconsumer business) then must show that there is a "consumer nexus" in order to have standing. "Consumer Nexus" requires that wrongful acts are directed at market generally and implicate consumer protection concerns.<br><br>*Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436 (7th Cir. 1996). | Wrongful acts must be "in the conduct of any trade or commerce."<br><br>815 ILCS 505/2<br><br>*New Freedom Mort. Corp. v. C & R Mortgage Corp.*, 2004 U.S. Dist. LEXIS 537, at *25-26 (D. Ill. Jan. 15, 2004).<br><br>"Trade or commerce" defined as "advertising, offering for sale, sale … of any services or any property, tangible or intangible, real, personal … or thing of value . . . . and includes any trade or commerce affecting the people of this state."<br><br>815 ILCS 505/1.<br><br>Liberal construction applied which is analogous to the Federal Trade Commission Act.<br><br>*See People ex rel. Daley v. Datacom Sys. Corp.*, 585 N.E. 2d 51, 63-66 (Ill. 1991). | Misrepresentations must be material.<br><br>815 ILCS 505/2; *Ryan v. Wersi Electronic GmbH & Co.*, 59 F.3d 52, 53-54 (7th Cir. 1995). | Yes.<br><br>Must give 30 day notice and demand for relief if defendant is vehicle retailer.<br><br>815 ILCS 505/10a(h). | (A) Statute exempts actions "authorized by laws administered by any regulatory body . . . of this State or the United States."<br><br>815 ILCS 505/10b(1).<br><br>The statute exempts "communication of any false . . . information by an insurance producer . . . concerning the sale . . . of any type of insurance . . . unless the insurance producer has actual knowledge of the false . . . information."<br><br>815 ILCS 505/10b(6).<br><br>(B) Jury trial not available.<br><br>*See Martin v. Heinold Commodities*, 643 N.E.2d 734 (Ill. 1994) (holding that because actions brought under the consumer fraud act are statutory proceedings unknown under the common law, there is no right to jury trial under the statute). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| INDIANA<br><br>Consumer Sales: Deceptive Practices<br><br>Ind. Code Ann. § 24-5-0.5-1 *et seq.* (2006). | No law. | Yes.<br><br>Although any "person" may bring action, deceptive act which causes damage must concern subject matter of a "consumer transaction" which is defined as a sale, lease of property …to a person for purposes that are primarily personal…or household.<br><br>Ind. Code Ann. § 24-5-0.5-4.<br><br>Ind. Code. Ann. § 24-5-0.5-2(a). | No reference to "trade or commerce" in statute or case law but deceptive act which causes damage must concern a "consumer transaction."<br><br>Ind. Code Ann. § 24-5-0.5-3.<br><br>Ind. Code Ann. § 24-5-0.5-29(a). | No law. | Yes.<br><br>Must give notice within sooner of 6 months after discovery or 1 year after transaction at issue.<br><br>Ind. Code Ann. § 24-5-0.5-5. | (A) Statute exempts "act or practice required or expressly permitted by federal law, rule or regulation or . . . by state law, rule, regulation, or local ordinance."<br><br>Ind. Code. Ann. § 24-5-0.5-6.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Missi v. CCC Custom Kitchens, Inc.*, 731 N.E.2d 1037, 1038 (Ind. Ct. App. 2000) (noting jury award on deceptive sales practice claim). |
| IOWA<br><br>Consumer Frauds<br><br>Iowa Code § 714.16 (2005). | N/A because no private cause of action.<br><br>But, statute applies to nonresident consumers and court may render judgments to make any person whole regardless of state of residency.<br><br>*State ex rel. Miller v. New Womyn, Inc.*, 679 N.W.2d 593, 593 (Iowa 2004). | N/A | N/A | N/A | N/A | N/A |

13

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| KANSAS<br><br>Consumer Protection Act<br><br>Kan. Stat. Ann. § 50-623 *et seq.* (2006). | No law. | Yes.<br><br>Only a "consumer" who is aggrieved or who suffers a loss may bring action.<br><br>Kan. Stat. Ann. § 50-634(b) & (c).<br><br>"Consumer" defined as an individual, husband & wife, sole proprietor or family partnership who seeks or acquires property or services for personal, family, household, business or agricultural purposes.<br><br>Kan. Stat. Ann. § 50-624(b).<br><br>*See Cit Group/Sales Fin. Inc. v. E-Z Pay Used Cars Inc.*, 32 P. 3d 1197, 1204-05 (Kan. Ct. App. 2001); *Kestrel Holdings I, L.L.C. v. Learjet Inc.*, 2004 U.S. Dist. LEXIS 7906, at *12-14 (D. Kan. Feb. 24, 2004). | No reference to "trade or commerce" in statute or case law but deceptive act must be in connection with a "consumer transaction."<br><br>Kan. Stat. Ann. § 50-626(a).<br><br>"Consumer transaction" defined as a sale, lease … or other disposition for value of property or services … to a consumer.<br><br>Kan. Stat. Ann. § 50-624(c). | Misrepresentation or omission must be of a "material fact."<br><br>Kan. Stat. Ann. § 50-626(b)(2)-(4). | No. | (A) Insurance transactions are exempted because the definition of "consumer transaction" excludes insurance.<br><br>Kan. Stat. Ann. § 50-624(c).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See York v. InTrust Bank, N.A.*, 962 P.2d 405, 412 (Kan. 1998) (noting jury award on the consumer protection cause of action). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| KENTUCKY<br><br>Consumer Protection Act<br><br>Ky. Rev. Stat. Ann. § 367.110 *et seq.* (2005). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>Ky. Rev. Stat. Ann. § 367.110(2). | Yes.<br><br>Only a person who purchases or leases goods or services primarily for personal, family or household purposes may bring suit.<br><br>Ky. Rev. Stat. Ann. § 367.220(1).<br><br>"Goods" and "Services" must be consumer in nature.<br><br>*Cohen v. N. Ridge Farms, Inc.*, 712 F. Supp. 1265, 1271 (D. Ky. 1989) (holding thoroughbred horse is not a consumer good).<br><br>There must be privity of contract between the plaintiff and defendant (i.e., subsequent purchaser does not have standing under the statute).<br><br>*Skilcraft Sheetmetal, Inc. v. Ky. Macho, Inc.*, 836 S.W.2d 907 (Ky. Ct. App. 1992). | Deceptive act must occur "in the conduct of any trade or commerce."<br><br>Ky. Rev. Stat. Ann. § 367.170(1).<br><br>"Trade" and "commerce" defined as advertising, offering for sale … of any services and any property, tangible or intangible, real, personal or mixed … or thing of value and shall include any trade or commerce directly or indirectly affecting the people of this commonwealth.<br><br>Ky. Rev. Stat. Ann. § 367.110(2).<br><br>Activity must have entrepreneurial, commercial, or business aspect.<br><br>*Simmons v. Stephenson*, 84 S.W.3d 926, 928 (Ky. Ct. App. 2002). | No law. | No. | (A) No.<br><br>(B) Jury trial appears to be available.<br><br>*See Telcom Directories, Inc. v. Commonwealth*, 833 S.W. 2d 848, 849 (Ky. Ct. App. 1991) (noting that record of case at bar did not reveal sufficient factual issues to require a jury trial). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| LOUISIANA<br><br>Unfair Trade Practices and Consumer Protection Law<br><br>La. Rev. Stat. § 51:1401 (2006). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>La. Rev. Stat. § 51:1402(9). | No.<br><br>Any "person" may bring action.<br><br>La. Rev. Stat. § 51:1409(A).<br><br>But, to bring an action plaintiff must show that it is either a "direct consumer" or "business competitor" of the defendant.<br><br>*Sportsman's Cove, Inc. v. Brunswick Corp.*, 845 So. 2d 1231, 1232 (La. Ct. App. 2003); *Tubos de Acero de Mex., SA v. Am. Int'l Inv. Corp.*, 292 F.3d 471, 480 (5th Cir. 2002).<br><br>Federal courts interpret statute narrowly as applying only to "consumer" transactions for personal, family or household use.  La. state courts have not passed on this narrow view.<br><br>*KFC Ventures, L.L.C. v. Metairie Med. Equip. Leasing Corp.*, 2000 U.S. Dist. LEXIS 12880, *6-7 (D. La. 2000). | Deceptive act must occur "in the conduct of any trade or commerce."<br><br>La. Rev. Stat. § 51:1405(A).<br><br>"Trade" or "commerce" defined as advertising, offering for sale, or sale…of any services and any property, corporeal or incorporeal, immovable or movable … or thing of value . . . and includes any trade or commerce directly or indirectly affecting the people of the state.<br><br>La. Rev. Stat § 51:1402. | No law. | No. | (A) Statute exempts actions "subject to the jurisdiction of . . . the insurance commissioner . . . and insurance regulators of other states  . . . ."<br><br>La. Rev. Stat. § 51:1406(1).<br><br>*Phillips v. Patterson Ins. Co.*, 813 So. 2d 1191, 1196 (La. Ct. App. 2002).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Nursing Enters., Inc. v. Marr*, 719 So.2d 524, 526 (La. Ct. App. 1998) (noting jury award on the unfair trade practices cause of action). |
| MAINE<br><br>Unfair Trade Practices Act<br><br>Me. Rev. Stat. Ann. tit. 5 § 205-A, *et seq.* (2005). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>Me. Rev. Stat. Ann. tit. 5 § 206(3). | Yes.<br><br>Action limited to person who purchases goods or services "primarily for personal, family or household purposes."<br><br>Me. Rev. Stat. Ann. tit. 5 § 213(1).<br><br>"Trade" and "commerce" defined as advertising … sale … of any services and any property, tangible or intangible, real, personal or mixed … or thing of value . . . and includes any trade or commerce directly or indirectly affecting the people of the state.<br><br>Me. Rev. Stat. Ann. tit. 5 § 206(3). | Deceptive act must occur in the conduct of "trade or commerce."<br><br>Me. Rev. Stat. Ann tit. 5 § 207.<br><br>"Trade" and "commerce" defined as advertising … sale … of any services and any property, tangible or intangible, real, personal or mixed … or thing of value . . . and includes any trade or commerce directly or indirectly affecting the people of the state.<br><br>Me. Rev. Stat. Ann. tit. 5 § 206(3). | No explicit "materiality" requirement.<br><br>But, injury must be one that consumers could not have reasonably avoided.<br><br>*Tungate v. MacLean-Stevens Studios, Inc.*, 174 A.2d 792, 797 (Me. 1998). | Yes.<br><br>Must send pre-suit demand notice 30 days prior to filing of suit.<br><br>Me. Rev. Stat. Ann. tit. 5 § 213(1-A).<br><br>*See Oceanside at Pine Point Condo Ass'n v. Peachtree Doors, Inc.*, 1994 Me. Super. LEXIS 202 (Me. Super. Ct. 1994) (dismissing complaint for failure to comply with notice letter requirement). | (A) Statute exempts "actions otherwise permitted under laws as administered by any regulatory board . . . of the State or of the United States."<br><br>Me. Rev. Stat Ann. tit. 5 § 208.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>Me. Rev. Stat Ann. tit. 5 § 213(1); *Beaulieu v. Dorsey*, 562 A.2d 678 (Me. 1989) (noting jury award on unfair trade practices claim). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| MARYLAND<br><br>Maryland Consumer Protection Act<br><br>Md. Code Ann., Com. Law § 13-301 *et seq.* (2006). | One federal district court has held that whether statute will be applicable depends on sufficient state contacts and the impact on in-state consumers.<br><br>*Attorney Gen. of Maryland v. Dickson*, 717 F. Supp. 1090, 1101 (D. Md. 1989). | Yes.<br><br>Actions limited to "consumers" who purchase "consumer goods or services" primarily for personal, family, household or agricultural purposes.<br><br>*Fare Deals, Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp. 2d 678, 692 (D. Md. 2001).<br><br>Md. Code Ann., Com. Law § 13-101.<br><br>An otherwise "consumer good" will not be considered a consumer good if it is not also used primarily for personal, family, household or agricultural purposes.<br><br>*Boatel Indus., Inc. v. Hester*, 550 A.2d 389, 398-99 (Md. Ct. Spec. App. 1988). | No reference to "trade or commerce" in statute but statute precludes as unlawful "deceptive trade practice" in connection with "consumer goods," "consumer realty" or "consumer services."<br><br>Md. Code Ann., Com. Law § 13-303; *Green v. H & R Block, Inc.*, 735 A.2d 1039, 1058 (Md. 1999) (citing § 13-303). | A deceptive practice must include a material misrepresentation involving information important to consumers, and therefore likely to affect their choice of product.<br><br>*Luskin's, Inc. v. Consumer Prot. Div.*, 726 A.2d 702, 713 (Md. 1999).<br><br>Statute prohibits the failure to state a material fact if the failure deceives or tends to deceive.<br><br>Md. Code Ann., Com. Law § 13-301(3). | No. | (A) No.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Berg v. Byrd*, 720 A.2d 1283, 1284 (Md. Ct. Spec. App. 1998) (noting jury award on the consumer protection act claim). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| MASSACHUSETTS<br><br>Mass. Gen. Laws ch. 93A § 1 *et seq.* (2006). | Lower court has held that statute may extend to non-resident plaintiffs in nationwide class if minimum contacts with Massachusetts.<br><br>*Eldridge v. Provident Cos.*, 11 Mass. L. Rep. 417 (Mass. Super. Ct. 2000).<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>Also, in any action brought by a business under Mass. Gen. Laws ch. 93A § 11, the actions and transactions constituting "the unfair or deceptive act or practice [must have] occurred primarily and substantially within the commonwealth."<br><br>Mass. Gen. Laws ch. 93A § 11. | Yes.<br><br>Any "person" injured by an unlawful act may bring suit *except* persons who are entitled to bring actions under Mass. Gen. Laws ch. 93A § 11 (i.e., persons who are injured in the conduct of any trade or commerce).<br><br>Mass. Gen. Laws ch. 93A § 9(1); Mass Gen. Laws ch. 93A § 11.<br><br>But, persons who, in the conduct of any trade or commerce, suffer a loss as a result of another person who engages in a deceptive trade practice, are entitled to seek injunctive relief or actual damages but must do so through Mass. Gen. Laws ch. 93A § 11.<br><br>Mass. Gen. Laws ch. 93A § 9(1); Mass. Gen. Laws ch. 93A § 11. | Deceptive acts must occur "in the conduct of any trade or commerce."<br><br>Mass. Gen. Laws. Ch. 93A § 2(a).<br><br>"Trade" and "commerce" defined as advertising … sale … of any services or property . . . and includes any trade or commerce directly or indirectly affecting the people of this commonwealth.<br><br>Mass. Gen. Laws. Ch. 93A § 1(b).<br><br>Trade or commerce requires act to occur in "business context."<br><br>*Lantner v. Carson*, 373 N.E.2d 973, 976-77 (Mass. 1978); *see First Enters. v. Cooper*, 680 N.E.2d 1163, 1165 (Mass. 1997) (noting that wrongful acts must occur in business context).<br><br>Definition of "Trade" or "commerce" is open-ended and interpreted as such.<br><br>*Riseman v. Orion Research, Inc.*, 475 N.E.2d 398, 399-400 (Mass. 1985). | Act is deceptive if it could reasonably be found to have caused plaintiff to have acted differently than he otherwise would have.<br><br>*Tagliente v. Himmer*, 949 F.2d 1, 7 (1st Cir. 1991). | Yes.<br><br>Pre-suit demand required at least 30 days prior to filing of action.<br><br>Mass. Gen. Laws ch. 93A § 9(3). | (A) Statute exempts "actions otherwise permitted under laws as administered by any regulatory board . . . of the commonwealth or of the United States."<br><br>Mass. Gen. Laws. Ch. 93A § 3.<br><br>(B) No right to trial by jury but court may commit claim to resolution by jury at its discretion.<br><br>*See Dalis v. Buyer Advertising*, 636 N.E.2d 212, 215-16 & n.7 (Mass. 1994) ("Though a plaintiff has no constitutional right to a trial by jury, the presiding judge may commit the resolution of a G. L. c. 93A claim to a jury as a matter of discretion."). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE-SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| MICHIGAN<br><br>Consumer Protection Act<br><br>Mich. Comp. Laws Ann. § 445.901 *et seq.* (2006). | A class action can only be brought on behalf of persons residing or injured in Michigan.<br><br>Mich. Comp. Laws. Ann. § 445.911(3). | Yes.<br><br>Although any "person" may bring action, wrongful act must involve purchase of service or good primarily for personal, family or household purposes (the "trade" or "commerce" requirement)<br><br>Mich. Comp. Laws Ann. § 445.911.<br><br>Intent is to protect consumers who purchase goods and services for personal use not commercial use.<br><br>*Zine v. Chrysler Corp.*, 600 N.W.2d 384, 392 (Mich. Ct. App. 1999). | Trade or commerce defined as goods or services primarily for personal, family or household purposes.<br><br>Mich. Comp. Laws Ann. § 445.902(d).<br><br>In order to bring action, plaintiff must demonstrate the existence of "trade" or "commerce" as defined under the statute.<br><br>*DIRECTV, Inc. v. Cavanaugh*, 2003 U.S. Dist. LEXIS 24561, *27-28 (E.D. Mich. Nov. 18, 2003).<br><br>Trade or Commerce requirement met if purchase involved goods primarily for "personal, family or household" purposes.<br><br>*Florists' Transworld Delivery, Inc. v. Fleurop-Interflora*, 261 F. Supp. 2d 837, 848 (D. Mich., 2003). | No explicit materiality element.<br><br>But, requires proof that a "reasonable person" would have relied on the representation.<br><br>*Dix v. Am. Bankers Life Assur. Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987). | No. | (A) Statute provides that it "does not apply to or create a cause of action for an unfair, unconscionable, or deceptive method . . . that is made unlawful by . . . the insurance code . . . ."<br><br>Mich. Comp. Laws Ann. § 445.904.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Price v. Long Realty, Inc.*, 502 N.W.2d 337, 339 (Mich. Ct. App. 1993) (noting finding of liability by jury on consumer protection claim). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| MINNESOTA<br><br>Uniform Deceptive Trade Practices Act<br><br>Minn. Stat. § 325D.43 et seq. (2005). | Limited federal district court authority in which courts have applied statute to nonresidents.<br><br>*E.g., In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig.*, 201 F.R.D. 456, 461 (D. Minn. 2001). | No.<br><br>Any person may bring suit.<br><br>Minn. Stat. § 325D.45(1). | Applies to unlawful practices in course of "business, vocation or occupation."<br><br>Minn. Stat. 325D.44.<br><br>"Business," "vocation" or "occupation" not defined in statute. | No law. | No. | (A) Statute exempts "conduct in compliance with the orders or rules of, or a statute administered by, a federal, state, or local governmental agency."<br><br>Minn. Stat. 325D46(1).<br><br>(B) No right to jury trial because relief available is only injunctive / equitable in nature.<br><br>*See State by Humphrey v. Alpine Air Prods. Inc.*, 490 N.W.2d 888, 895 (Minn. Ct. App. 1992) (holding no right to jury trial under statute when seeking only equitable relief). |
| MINNESOTA (cont'd)<br><br>Prevention of Consumer Fraud Act<br><br>Minn. Stat. § 325F.68 et seq. (2005). | Limited federal district court authority in which courts have applied statute to nonresidents.<br><br>*E.g., In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig.*, 201 F.R.D. 456, 461 (D. Minn. 2001). | Yes.<br><br>Although any "person" who is injured may bring action, statute designed to protect consumers in connection with consumer transactions.<br><br>(i.e., corporations, merchants and competitors are not "consumers").<br><br>Minn. Stat. § 8.31(3a).<br><br>*Ly v. Nystrom*, 615 N.W.2d 302, 308 (Minn. 2000) (noting that "consumer" not defined in statute but intent is to protect "consumers"); *Solvay Pharms., Inc. v. Ethex Corp.*, 2004 U.S. Dist. LEXIS 6003, at *15-16 (D. Minn. Mar. 12, 2004) (holding statute does not apply to competitors). | Applies to unlawful practices in "business, commerce, or trade" which are not defined in the statute.<br><br>Minn. Stat. § 8.31(1).<br><br>Unlawful practice must be in connection with sale of "merchandise" defined as any goods or services.<br><br>Minn. Stat. § 325F.68. | Deception must be "material" to the "buying decision" of plaintiffs.<br><br>*Nordale, Inc. v. Samsco, Inc.*, 830 F. Supp. 1263, 1272 (D. Minn. 1987). | No. | (A) No.<br><br>(B) Right to jury trial depends on relief being sought. If seeking monetary relief, jury trial available.<br><br>*See State by Humphrey v. Alpine Air Prods., Inc.*, 490 N.W.2d 888, 895 (Minn. Ct. App. 1992) (holding no right to jury trial under statute when seeking only equitable relief). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| MINNESOTA (cont'd)<br><br>False Statement in Advertising<br><br>Minn. Stat. § 325F.67 *et seq.* (2005). | Limited federal district court authority in which courts have applied statute to nonresidents.<br><br>*E.g., In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig.*, 201 F.R.D. 456, 461 (D. Minn. 2001). | Yes.<br><br>Although any "person" who is injured may bring action, statute designed to protect consumers in connection with consumer transactions.<br><br>(i.e., corporations, merchants and competitors are not "consumers").<br><br>Minn. Stat. § 8.31(3a).<br><br>*Ly v. Nystrom*, 615 N.W.2d 302, 308 (Minn. 2000) (noting that "consumer" not defined in statute but intent is to protect "consumers"); *Solvay Pharms., Inc. v. Ethex Corp.*, 2004 U.S. Dist. LEXIS 6003, at *15-16 (D. Minn. Mar. 12, 2004) (holding statute does not apply to competitors). | Applies to unlawful practices in "business, commerce, or trade" which are not defined in the statute.<br><br>Minn. Stat. § 8.31(1). | Must be "material" misrepresentations.<br><br>Minn. Stat. 325F.67. | No. | (A) No.<br><br>(B) Right to jury trial depends on relief being sought. If seeking monetary relief, jury trial available.<br><br>*See State by Humphrey v. Alpine Air Prods., Inc.*, 490 N.W.2d 888, 895 (Minn. Ct. App. 1992) (holding no right to jury trial under statute when seeking only equitable relief). |
| MISSISSIPPI<br><br>Consumer Protection<br><br>Miss. Code Ann. § 75-24-1 *et seq.* (2006). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>Miss. Code Ann. § 75-24-3(b). | Yes.<br><br>Although any "person" may bring action, injury must arise from purchase of goods or service "primarily for personal, family or household purposes."<br><br>Miss. Code Ann. § 75-24-15(1). | Deceptive practices in conduct of "trade or commerce" are unlawful.<br><br>Miss. Code Ann. § 75-24-5(2).<br><br>"Trade" and "commerce" defined as advertising … sale of services or property … or thing of value and includes any trade or commerce affecting the people of this state.<br><br>Miss. Code Ann. § 75-24-3(b). | No law. | Yes.<br><br>Before private action is filed, plaintiff must attempt to resolve claim through informal settlement program approved by the Attorney General.<br><br>Miss. Code Ann. § 75-24-15(2). | (A) No relevant exemptions.<br><br>(B) No law. |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| MISSISSIPPI (cont'd)

Deceptive Advertising

Miss. Code Ann. § 97-23-3 (2006). | No law. | No.

Any "person" may bring suit if damaged.

Miss. Code Ann. § 97-23-3. | Misleading advertising must be in connection with offer of sale to public.

Miss. Code Ann. § 97-23-3. | Misleading statement in advertising must be material.

*Watson v. First Commonwealth Life Ins. Co.*, 686 F. Supp. 153, 155 (S.D. Miss. 1988). | No. | (A) No.

(B) Claims under statute have been tried / are triable before a jury.

*See Dixieland Food Stores, Inc. v. Kelly's Big Star, Inc.*, 391 So. 2d 633, 633 (Miss. 1980) (noting jury award on false advertising claim). |
| MISSOURI

Merchandising Practices Act

Mo. Ann. Stat. § 407.010 *et seq.* (2006). | One lower state court has held that the statute has extra-territorial application.

*State ex rel. Nixon v. Estes*, 108 S.W.3d 795, 798-801 (Mo. Ct. App. 2003).

But, not wholly extra-territorial reach because of local nexus requirement which limits statute to acts in or from the state.

*Estes*, 108 S.W.3d at 801, n.11

Also, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.

Mo. Ann. Stat. § 407.010(7). | Yes.

Private action available only for person who purchases goods or services primarily for personal, family or household purposes.

Mo. Ann. Stat. § 407.025(1).

*See also Schimmer v. H. W. Freeman Constr. Co.*, 607 S.W.2d 767, 768 (Mo. Ct. App. 1980).

Goods or services must be for personal not commercial use.

*Saey v. CompUSA, Inc.*, 174 F.R.D. 448, 450 (D. Mo. 1997). | Unfair practice must be in connection with sale of merchandise "in trade or commerce."

Mo. Ann. Stat. § 407.020(1).

"Trade" or "commerce" defined as advertising … sale … of services … property … or thing of value.

Mo. Ann. Stat. § 407.010(7).

Trade or commerce narrowly defined to include only acts in or from state.

*Benedetto v. GMAC*, 2001 U.S. Dist. LEXIS 25286, at *17-18 (D. Mo. Apr. 5, 2001). | The statute covers "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact."

Mo. Ann. Stat. § 407.020(1) | No. | (A) Statute exempts any "institution or company that is under the direction and supervision of the director of the department of insurance . . . ."

Mo. Ann. Stat. § 407.20(2)(2)..

(B) Jury trial appears to be available.

See Fielder v. Credit Acceptance Corp., 19 F. Supp. 2d 966, 978 (W.D. Mo. 1998) (noting that "[i]n order for Plaintiffs to recover under section 407.020 they would have to prove fraud or misrepresentation [and that the] elements of fraud in Missouri must be proved by a preponderance of the evidence in a jury tried case") (emphasis added). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE-SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| MONTANA<br><br>Unfair Trade Practices & Consumer Protection<br><br>Mont. Code Ann. § 30-14-101 *et seq.* (2005). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>Mont Code Ann. § 30-14-102(8). | Yes.<br><br>Only a "consumer" defined as a person who purchases goods or services for "personal, family or household purposes" may bring action.<br><br>Mont. Code Ann. § 30-14-102(1).<br><br>Mont. Code Ann. § 30-14-133(1).<br><br>If purchase is for business purposes, no standing as a "consumer."<br><br>*Doll v. Major Muffler Ctrs., Inc.,* 686 P.2d 48, 52-53 (Mont. 1984). | Deceptive acts must be in conduct of "trade or commerce."<br><br>Mont. Code Ann. § 30-14-103.<br><br>"Trade" and "commerce" defined as advertising … sale of services … property … or thing of value and includes any trade or commerce affecting the people of this state.<br><br>Mont Code Ann. § 30-14-102(8).<br><br>*Plath v. Schonrock*, 64 P.3d 984, 995 (Mont. 2003) (holding that homebuilder is engaged in "trade or commerce"); *Baird v. Norwest Bank*, 843 P.2d 327 (Mont. 1992) (holding that consumer loans are "trade or commerce"). | No law. | No. | (A) No relevant exemptions.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Baird*, 843 P.2d at 327 (Mont. 1992) (noting jury award on consumer protection act claim). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| **NEBRASKA**<br><br>Consumer Protection Act<br><br>Neb. Rev. Stat. Ann. § 59-1601 *et seq.* (2006). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>*See* Neb. Rev. Stat. Ann. § 59-1601(2). | No.<br><br>Any "person" who is injured may bring action.<br><br>Neb. Rev. Stat. Ann. § 59-1609.<br><br>Class of persons who may bring action interpreted broadly.<br><br>*Arthur v. Microsoft Corp.*, 676 N.W.2d 29, 34-38 (Neb. 2004). | Deceptive acts that occur "in trade or commerce" are unlawful.<br><br>Neb. Rev. Stat. Ann. § 59-1602.<br><br>"Trade" and "commerce" defined as sale of assets or services and any commerce directly or indirectly affecting the people of the state.<br><br>Neb. Rev. Stat. Ann. § 59-1601(2).<br><br>"Trade or commerce" interpreted as limiting disputes to those practices that affect the public interest.<br><br>*Arthur*, 676 N.W.2d at 36 (Neb. 2004).<br><br>Act does not afford redress for private wrongs; need public interest nexus.<br><br>*Nelson v. Lusterstone Surfacing Co.*, 605 N.W. 2d 136, 142 (Neb. 2000). | No law. | No. | (A) Statute exempts "actions or transactions otherwise permitted, prohibited, or regulated under laws administered by the Director of Insurance . . . ."<br><br>Neb. Rev. Stat Ann. § 59-1617(1); *see* Neb. Rev. Stat Ann. § 59-1617(2) ("Actions and transactions prohibited or regulated under the laws administered by the Director of Insurance shall be subject to [Neb. Rev. Stat Ann. §] 59-1602 and all statutes which provide for [that section's] implementation and enforcement . . . ."<br><br>(B) Jury trial not available.<br><br>*See Raad v. Wal-mart Stores, Inc.*, 13 F. Supp. 2d 1003, 1004 (noting that "the Consumer Protection Act claim is a non-jury matter") |
| **NEVADA**<br><br>Deceptive Trade Practices Act<br><br>Nev. Rev. Stat. Ann. § 598.0903 *et seq.* (2005). | No law. | No.<br><br>Any "victim of consumer fraud" may bring action where "consumer fraud" defined to include deceptive acts and trade practices.<br><br>Nev. Rev. Stat. Ann. § 41.600(1), (2)(d). | Statute does not use terms "trade or commerce."<br><br>Defendant engages in a deceptive trade practice if in the course of his business or occupation…he engages in enumerated unlawful acts.<br><br>Nev. Rev. Stat. Ann. § 598.0915. | Defendant liable under statute if he knowingly fails to disclose a "material" fact.<br><br>Nev. Rev. Stat. Ann. §598.0923(2).. | No. | (A) No.<br><br>(B) No law. |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| NEW HAMPSHIRE<br><br>Regulation of Business Practices for Consumer Protection<br><br>N.H. Rev. Stat. Ann. § 358-A:1 *et seq.* (2006). | Extra-territorial reach unlikely because only residents of state may be part of class.<br><br>N.H. Rev. Stat. Ann. § 358-A-10-a.<br><br>Locality requirement where offending conduct (the deceptive act) must occur in state.<br><br>*Pacamor Bearings v. Minebea Co.*, 918 F. Supp. 491, 504 (D.N.H. 1996).<br><br>Also, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>N.H. Rev. Stat. Ann. § 358-A:1(II). | No.<br><br>Any "person" who is injured may bring suit.<br><br>N.H. Rev. Stat. Ann. § 358-A:10(1).<br><br>Person is defined and interpreted broadly and includes sellers and competitors.<br><br>*Milford Lumber Co. v. RCB Realty*, 780 A.2d 1259, 1260-62 (N.H. 2001); *Pacamor Bearings*, 918 F. Supp. at 504.<br><br>No privity between plaintiff and defendant required where any person who is deceived may bring suit.<br><br>*Remsburg v. Docusearch, Inc.*, 816 A.2d 1001, 1010-11 (N.H. 2003). | Deceptive act must occur in conduct of "trade or commerce."<br><br>N.H. Rev. Stat. Ann. § 358-A:2.<br><br>"Trade" and "commerce." defined as advertising … sale .. of any services … property … or thing of value and includes any trade or commerce affecting the people of this state.<br><br>N.H. Rev. Stat. Ann. § 358-A:1(II).<br><br>"Trade or commerce" language requires that transaction take place in "business context"  and in ordinary course of business where strictly private transactions do not come under ambit of statute.<br><br>*Chase v. Dorais*, 448 A.2d 390, 391-92 (N.H. 1982); *see Hughes v. DiSalvo*, 729 A.2d 422, 424-25 (N.H. 1999) (holding that private leasing of residence not "trade or commerce"). | No law. | No. | (A) Statute exempts "[t]rade or commerce that is subject to the jurisdiction of the  . . . insurance commissioner . . . ."<br><br>N.H. Rev. Stat. Ann. § 358-A:3(I).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Gautschi v. Auto Body Discount Ctr., Inc.*, 660 A.2d 1076, 1077 (noting jury award under the consumer protection act). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| NEW JERSEY<br><br>Consumer Fraud Act<br><br>N.J. Stat. Ann. § 56:8-1 *et seq.* (2006). | One state court recently refused to apply N.J. statute to nationwide class action citing conflict of laws and variances with other 50 state consumer protection acts.<br><br>*See Fink v. Ricoh Corp.*, 839 A.2d 942, 974-91 (N.J. Super. Ct. 2003) (listing myriad of variances in 50 state consumer protection laws and refusing to apply N.J. statute to nationwide action); *see also Kavky v. Herbalife Int'l of Am.*, 820 A.2d 677 (N.J. Super. Ct. App. Div. 2003) (discussing variety in state consumer protection acts and plaintiffs need to offer extensive analysis of same). | No.<br><br>Any "person" who is injured may bring action.<br><br>N.J. Stat. Ann. § 56:8-19.<br><br>Act does not apply solely to goods purchased for home or personal use.  Persons who buy for commercial use have standing.<br><br>*Kavky*, 820 A.2d at 681-82.<br><br>Character of the wrongful act, not the identity of the plaintiff, controls—must be a consumer-oriented transaction to have standing.<br><br>*Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 560 (D.N.J. 2002) (noting that corporation may qualify under the statute as a plaintiff as long as transaction is "consumer-oriented"). | Statute does not require enumerated unlawful acts to occur in "trade or commerce."<br><br>N.J. Stat. Ann. § 56:8-2. | Misrepresentation must be "misleading to the average consumer."<br><br>*Barry v. Arrow Pontiac, Inc.*, 494 A.2d 804, 810 (N.J. 1985). | Must file notice of claim with State Att'y General 10 days after filing of action.<br><br>N.J. Stat. Ann. § 56:8-20. | (A) No relevant exemptions.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 456 (N.J. 1994) (noting jury verdict on consumer fraud act claim). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| NEW MEXICO<br><br>Unfair Practices Act<br><br>N.M. Stat. Ann. § 57-12-1 *et seq.* (2006). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>*See* N.M. Stat. Ann. § 57-12-2(C). | No.<br><br>Any "person" who suffers a loss or is likely to suffer a loss may bring action.<br><br>N.M. Stat. Ann. § 57-12-10(A) & (B). | Unfair practice must be "in the conduct of any trade or commerce."<br><br>N.M. Stat. Ann. § 57-12-3.<br><br>*Saylor v. Valles*, 63 P.3d 1152, 1157 (N.M. Ct. App. 2002) (affirming dismissal of consumer protection claim against non-profit corporations because they were not engaged in "trade or commerce").<br><br>"Trade" or "commerce" defined as advertising … sale … of any services … property … or thing of value and includes any trade or commerce affecting the people of this state.<br><br>N.M. Stat. Ann. § 57-12-2(C).<br><br>Deceptive act must be in "regular course" of defendant's trade or commerce.<br><br>*Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311 (N.M. 1991). | Statute imposes duty of disclosing "material" facts.<br><br>*Smoot v. Physicians Life Ins. Co.*, 87 P.3d 545, 549 (N.M. Ct. App. 2003). | No. | (A) Statute exempts "actions or transactions expressly permitted under laws administered by a regulatory body of New Mexico or the United States, but all actions . . . forbidden by the regulatory body, and about which the regulatory body remains silent, are subject" to the statute.<br><br>N.M. Stat. Ann. § 57-12-7.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Stevenson*, 811 P.2d at 1310-12. |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| NEW YORK<br><br>Consumer Protection from Deceptive Acts and Practices<br><br>N.Y. Gen. Bus. Law §§ 349 to 350-e (2006). | "[T]he transaction in which the consumer is deceived must occur in New York."<br><br>*Goshen v. Mutual Life Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1195 (N.Y. 2002).<br><br>*See also Scott v. Bell Atl. Corp.*, 726 N.Y.S.2d 60 (N.Y. App. Div. 2001) (holding that nonresident consumer protection claims should have been dismissed because plaintiffs did not receive challenged DSL services in state), *aff'd in part, modified in part on other grounds sub nom. Goshen v. Mutual Life Ins. Co.*, 774 N.E.2d 1190 (N.Y. 2002). | No.<br><br>Any "person" may bring action.<br><br>N.Y. Gen. Bus. Law § 349(h).<br><br>*Hart v. Moore*, 587 N.Y.S.2d 477, 478-79 (N.Y. Sup. Ct. 1992).<br><br>But, plaintiff must prove that the challenged act was "consumer-oriented."<br><br>*Stutman v. Chemical Bank*, 731 N.E.2d 608, 611 (N.Y. 2000).<br><br>"Consumer-oriented" means that plaintiff must show that challenged act and practice has broader impact on consumers at large.<br><br>*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N. A.*, 647 N.E.2d 741, 744 (N.Y. 1995); *see also New York Univ. v. Continental Ins. Co.*, 662 N.E.2d 763, 770 –71 (N.Y. 1995) (holding that selling non-standard insurance policy to sophisticated party was not consumer-oriented). | Deceptive acts must be in "conduct of any business, trade or commerce."<br><br>N.Y. Gen. Bus. Law § 349(a).<br><br>Interpreted broadly where statute applies to "virtually all economic activity."<br><br>*Karlin v. IVF Am., Inc.*, 712 N.E.2d 662, 665 (N.Y. 1999). | Must show act was "materially" misleading.<br><br>*Stutman*, 731 N.E.2d at 611; *Oswego Laborers*, 647 N.E.2d at 744-45. | No. | (A) No relevant exemptions..<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*Coty v. Steigerwald*, 692 N.Y.S.2d 556, 556 (N.Y. App. Div. 1999) (noting jury award on consumer protection claim). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| NORTH CAROLINA<br><br>Monopolies, Trusts & Consumer Protection<br><br>N.C. Gen. Stat. § 75-1 *et seq.*  (1999). | Federal courts that have addressed issue have held that there must be an in-state injury.<br><br>*Am. Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*, 640 F. Supp. 1411, 1437-38 (E.D.N.C. 1986) (holding no extra-territorial reach for injury outside of state); *The 'In' Porters, S.A. v. Hanes Printables, Inc.*, 663 F. Supp. 494, 501-02 (M.D.N.C. 1987) (holding that a foreign plaintiff cannot bring an action against a resident defendant under the North Carolina's statute unless "the plaintiff alleges an in-state, injurious effect on his business operations in North Carolina"). | No.<br><br>Act does not apply solely to "consumers"; businesses that have been injured may also bring suit.<br><br>*Olivetti Corp. v. Ames Bus. Sys., Inc.*, 344 S.E.2d 82, 94-95 (N.C. Ct. App. 1986), *aff'd in part and rev'd in part on other grounds*, 356 S.E. 2d 578 (N.C. 1987).<br><br>But, for a business to have standing under the statute, it must be a competitor of or have commercial dealings with the defendant.<br><br>*Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 520 (4th Cir. 1999) (citing *Winston Realty Co. v. G.H.G., Inc.*, 331 S.E.2d 677 (N.C. 1985)). | Deceptive practice must be "in or affecting commerce."<br><br>N.C. Gen. Stat. § 75-1.1(a).<br><br>"Commerce" includes all business activities, however denominated, but does not include professional services by a member of a learned profession.<br><br>N.C. Gen. Stat. § 75-1.1(b).<br><br>*Gaunt v. Pittaway*, 534 S.E.2d 660, 664 (N.C. Ct. App. 2000). | No law. | No. | (A) No.<br><br>(B) Claims under statute have been tried / are triable before a jury.  But, jury determines injury and proximate cause and court determines whether alleged practice is unfair.<br><br>*See Barbee v. Atlantic Marine Sales & Serv.*, 446 S.E.2d 117, 121 (N.C. Ct. App. 1994) (noting that pursuant to a claim under the consumer protection statute, the jury determines whether plaintiff has been injured and whether defendant proximately caused the injury, and the court determines whether the practice is unfair). |
| NORTH DAKOTA<br><br>Unlawful Sales or Advertising Practices<br><br>N.D. Cent. Code § 51-15-01 *et seq.* (2005). | No law. | No.<br><br>Any "person" (natural, corporate, or otherwise) who has been injured may bring an action.<br><br>N.D. Cent. Code. § 51-15-09.<br><br>Actions not limited to "consumers" or "consumer transactions."<br><br>*Jorgenson v. Agway, Inc.*, 627 N.W.2d 391, 394 (N.D. 2001). | Deceptive practice must be "in connection with the sale or advertisement of any merchandise."<br><br>N.D. Cent. Code. § 51-15-02.<br><br>"Merchandise" defined broadly to include "any objects, wares, goods, commodities, intangibles, real estate, charitable contributions or services."<br><br>N.D. Cent. Code. § 51-15-01(3). | No law. | No. | (A) No.<br><br>(B)  No law. |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE-SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| NORTH DAKOTA (cont'd)<br><br>False Advertising<br><br>N.D. Cent. Code § 51-12-01 *et seq.* (2005). | No law. | No.<br><br>Any "person" (natural, corporate or otherwise) with standing may bring an action on behalf of the general public.  To have standing, must have suffered or been in threat of suffering injury because of the alleged false advertising.<br><br>*Kjolsrud v. MKB Mgmt. Corp.*, 669 N.W.2d 82, 88 (N.D. 2003). | Prohibits false advertising in "offers" to the public.<br><br>N.D. Cent. Code § 51-12-01. | No law. | No. | (A) No.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Fargo Women's Health Org. v. FM Women's Help & Caring Connection*, 444 N.W.2d 683, 684 (N.D. 1989) (noting jury verdict on false advertising claim), *overruled on other grounds, Trade 'N Post, L.L.C. v. World Duty Free Ams., Inc.*, 628 N.W.2d 707, 715-16 (N.D. 2001). |
| OHIO<br><br>Unfair or Deceptive Consumer Sales Practices<br><br>Ohio Rev. Code Ann. § 1345.01 *et seq.* (2006). | Unclear.<br><br>*See Linn v. Roto-Rooter, Inc.,* 2004 Ohio App. LEXIS 2274 (Ohio Ct. App. May 20, 2004) (majority overturned a nationwide class brought under statutory consumer fraud claims on the ground that individual issues predominate, and in dissenting opinion, one justice argued that the Ohio statute should not be given extra-territorial reach). | Yes.<br><br>Only a "consumer" may bring an action.<br><br>"Consumer" defined as any person engaged in a "consumer transaction" which means a transaction involving goods or services for "purposes that are primarily for personal, family, or household" use.<br><br>Ohio Rev. Code Ann. § 1345.01(A) & (D).. | Statute does not use terms "trade or commerce."<br><br>Prohibited act must be in connection with a "consumer transaction."<br><br>Ohio Rev. Code Ann. § 1345.02(A). | No law. | No. | (A) Statute exempts "[a]n act or practice required or specifically permitted by or under federal law, or by or under other sections of" the Ohio Code.<br><br>See Ohio Rev. Code Ann. § 1345.01(A).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See White v. Kent*, 547 N.E.2d 386, 387-388 (Ohio Ct. App. 1988) (noting jury award on consumer protection claim). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| OKLAHOMA<br><br>Consumer Protection Act<br><br>Okla. Stat. Ann. tit. 15 § 751 *et seq.* (2005). | High court has not addressed, but see *Lobo Exploration Co. v. Amoco Prod. Co.*, 991 P.2d 1048, 1053-54 (Okla. Ct. App. 1999) (giving extra-territorial reach to statute if state has sufficient interest). | Yes.<br><br>Must be an "aggrieved consumer" and must be in connection with a "consumer transaction" defined as one for purposes of "personal, household or business oriented."<br><br>Okla. Stat. Ann. tit. 15 § 761.1(A); Okla. Stat. Ann. tit. 15 §§ 752(2) & 753.<br><br>*Murray v. D&J Motor Co.*, 958 P.2d 823, 832 (Okla. Ct. App. 1998). | Unlawful practice must be "in the course of " defendant's "business."<br><br>Okla. Stat. Ann. tit. 15 § 753. | Misrepresentation or omission must have "the capacity to deceive the consumer."<br><br>*Patterson v. Beall*, 19 P.3d 839, 847 n.12 (Okla. 2000). | No. | (A) Statute exempts actions "regulated under the laws administered by . . . any . . . regulatory body . . . under statutory authority of this state or the United States."<br><br>Okla. Stat. Ann. tit. 15 § 754(2).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Tibbetts v. Sight 'n Sound Appliance Ctrs., Inc.*, 77 P.3d 1042, 1047-48 (Okla. 2003). |
| OREGON<br><br>Unlawful Trade Practices Act<br><br>Or. Rev. Stat. § 646.605 *et seq.* (2005). | No law. | Yes.<br><br>Must be a "consumer" to bring action under statute.<br><br>*Lanphere Enters. v. Jiffy Lube Int'l, Inc.*, 2003 U.S. Dist. LEXIS 16204, at *2-3 (D. Or. 2003).<br><br>*CollegeNET, Inc. v. Embark.com, Inc.*, 230 F. Supp. 2d 1167, 1174-75 (D. Or. 2001). | Unlawful practice must be "in the course of" defendant's "business, vocation or occupation."<br><br>Or. Rev. Stat. § 646.608.<br><br>Unlawful practice must be at least indirectly connected to the "ordinary" course of defendant's business.<br><br>*Wolverton v. Stanwood*, 563 P.2d 1203, 1205 (Or. 1977). | No law. | Upon commencement of an action, plaintiff must mail a copy of the complaint to the state attorney general.<br><br>Or. Rev. Stat. § 646.683(2). | (A) Statute exempts "[c]onduct in compliance with the orders or rules of, or a statute administered by a federal, state or local governmental agency."<br><br>Ore. Rev. Stat. § 646.612(1).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Wolverton*, 563 P.2d at 1204 (noting jury award under the unlawful trade practices act). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| PENNSYLVANIA<br><br>Unfair Competition, Acts or Practices<br><br>73 Pa. Cons. Stat. Ann. § 201-1 *et seq.* (2006). | Lower state and federal district courts that have addressed the issue have rejected giving nationwide reach to the Pennsylvania statute.<br><br>*See Eisen v. Independence Blue Cross*, 2002 Pa. D. & C. LEXIS 146, at *46 (Pa. Ct. Com. Pl. July 26, 2002) (rejecting plaintiffs' assertion that court could apply Pennsylvania consumer fraud law to all claimants), *aff'd*, 839 A.2d 369 (Pa. Super. Ct. 2003), *appeal denied*, 2004 WL 1765490 (Pa. Aug. 6, 2004); *Waldo v. N. Am. Van Lines, Inc.*, 102 F.R.D. 807, 811 (W.D. Pa. 1984) (same); *see also Debbs v. Chrysler Corp.*, 810 A.2d 137, 159-60 (Pa. Super. Ct. 2002) (noting court cannot sidestep manageability issue by simply stating that Pennsylvania law will apply but rather must still check conflicts with other state laws), *appeal denied*, 829 A.2d 311 (Pa. 2003); *Marino v. The Sports Authority, Brook-Crompton Co.*, 940 F. Supp. 792, 796 (E.D. Pa. 1996) (nationwide action would require the application of consumer protection laws of all fifty-states). Also, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus. | Yes.<br><br>Must be a consumer where statute restricted to those goods and services purchased "primarily for personal, family or household purposes. "<br><br>73 Pa. Cons. Stat. Ann. § 201-9.2(a).<br><br>*Balderston v. Medtronic Sofamor Danek, Inc.*, 285 F.3d 238, 242 (3d Cir. 2002) (noting that "Pennsylvania courts have distinguished purchases made for business reasons, which are not actionable, from those made for 'personal, family or household use'") (citations omitted). | Unfair practice must be in the conduct of "trade or commerce."<br><br>73 Pa. Cons. Stat. Ann. § 201-3.<br><br>"Trade or commerce" defined as advertising … sale … of any services … property … or thing of value and includes any trade or commerce affecting the people of this state.<br><br>73 Pa. Cons. Stat. Ann. § 201-2(3). | Unclear.<br><br>But probably yes.<br><br>Pennsylvania appellate courts have held that common law fraud elements such as "materiality" are required to state a valid claim, but several federal district courts have held that elements of common law fraud are not required.<br><br>*Compare Booze v. Allstate Ins. Co.*, 750 A.2d 877, 880 (Pa. Super. Ct. 2000) (must plead and prove all elements of common law fraud); *Dawson v. Dovenmuehle Mortgage Inc.*, No. 00-6171, 2002 U.S. Dist. LEXIS 5688, at *19 (E.D. Pa. Mar. 28, 2002) *with Flores v. Shapiro*, 246 F. Supp. 2d 427 (E.D.Pa. 2002) (need not plead and prove all elements of common law fraud). *See also Weinberg v. Sun Co.*, 777 A.2d 442, 445 (Pa. 2001) (holding that to state a valid claim under the statute, a private plaintiff must prove actual reliance). | No. | (A) No relevant exemptions.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Rizzo v. Michener*, 584 A.2d 973, 975-76 (Pa. Super. Ct. 1990) (noting claims submitted to jury). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| PUERTO RICO<br><br>Department of Consumer Affairs<br><br>3. P.R. Laws Ann. § 341 *et seq.* (2006). | Only administrative proceedings allowed. | N/A | N/A | N/A | N/A | N/A |
| RHODE ISLAND<br><br>R.I. Gen. Laws § 6-13.1-1 *et seq.* (2005). | No law.<br><br>But, definition of "trade or commerce" which requires an in-state effect may be construed as requiring an in-state nexus.<br><br>See R.I. Gen. Laws §6-13.1-1(4). | Yes.<br><br>Must be a consumer where only person who purchases goods or services primarily for personal, family or household purposes may bring action.<br><br>R.I. Gen. Laws § 6-13.1-5.2.<br><br>*Scully Signal Co. v. Joyal*, 881 F. Supp. 727, 741 (D.R.I. 1995) (noting that corporation or business entities may not bring private action). | Deceptive practice must be in the "conduct of any trade or commerce."<br><br>R.I. Gen. Laws § 6-13.1-2.<br><br>"Trade or commerce" defined as advertising … sale … of any services . . . property … or thing of value and includes any trade or commerce affecting the people of this state.<br><br>R.I. Gen. Laws §6-13.1-1(4). | Statute applies to material misrepresentations.<br><br>*Groff v. Am. Online, Inc.*, 1998 WL 307001, at *5 (R.I. Super. Ct. May 27, 1998).<br><br>Statute prohibits misleading public in a material respect.<br><br>R.I Gen Laws §13.1-1(5). | No. | (A) Statute exempts "actions or transactions permitted under laws administered by the department of business regulation or other regulatory body . . . under statutory authority of this state or the United States."<br><br>R.I. Gen. Laws § 6-13.1-4.<br><br>(B) Unclear.<br><br>*See Fidrych v. Inskip Motors, Inc.*, 1982 WL 604065 (R.I. Super. Ct. Jan. 6, 1982) (noting jury trial waived on claims including deceptive trade practices). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| SOUTH CAROLINA<br><br>Unfair Trade Practices<br><br>S.C. Code Ann. § 39-5-10 *et seq.* (2003). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>*See* S.C. Code Ann. § 39-5-10(b). | No.<br><br>Any "person" who suffers ascertainable loss may bring suit.<br><br>S.C. Code Ann. § 39-5-140(a).<br><br>But, to have an actionable private action, the wrongful act or practice must have an impact on the "public interest."<br><br>*Haley Nursery Co. v. Forrest*, 381 S.E.2d 906, 908-09 (S.C. 1989). | Deceptive practice must be in the "conduct of any trade or commerce."<br><br>S.C. Code Ann. § 39-5-20(a).<br><br>"Trade or commerce" defined as advertising … sale … of any services … property … or thing of value and includes any trade or commerce affecting the people of this state.<br><br>S.C. Code Ann. § 39-5-10(b).<br><br>The provision of any "service" falls within "trade or commerce."<br><br>*Taylor v. Medenica*, 479 S.E.2d 35, 44 (S.C. 1996). | Must be material misrepresentations of fact.<br><br>*Wingard v. Exxon Co., USA*, 819 F. Supp. 497, 506 (D.S.C. 1992); *Clarkson v. Orkin Exterminating Co.*, 761 F.2d 189, 191 (4th Cir. 1985) (puffing not misrepresentation). | No. | (A) Statute exempts actions "permitted under laws administered by any regulatory body . . . acting under statutory authority of this State or the United States . . . . "<br><br>S.C. Code Ann. § 39-5-40(a).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Haley Nursery*, 381 S.E.2d at 907-08 (noting jury verdict on the deceptive trade practices cause of action). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| SOUTH DAKOTA<br><br>Deceptive Trade Practices and Consumer Protection<br><br>S.D. Codified Laws § 37-24-1 *et seq.* (2006). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>*See* S.D. Codified Laws §37-24-1(13). | No.<br><br>Any "person" may bring action.<br><br>*Moss v. Guttormson*, 551 N.W.2d 14, 17 (S.D. 1996). | Deceptive practice must be in connection with sale or advertisement of "merchandise."<br><br>S.D. Codified Laws § 37-24-6(1).<br><br>"Merchandise" defined as any object, wares, goods, commodity . . . or service.<br><br>S.D. Codified Laws § 37-24-1(7).<br><br>"Trade or commerce" defined as the advertising or sale of services or property and shall include any trade or commerce directly or indirectly affecting the people of the state.<br><br>S.D. Codified Laws §37-24-1(13). | Omissions "of material fact" constitute a deceptive act or practice.<br><br>S.D. Codified Laws § 37-24-6(1). | No. | (A) "Nothing in [the statute] shall apply to acts or practices permitted under laws of this state or the United States or under rules, regulations, or decisions interpreting such laws."<br><br>S. D. Codified Laws § 37-24-10.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Wyman v. Terry Schulte Chevrolet, Inc.*, 584 N.W.2d 103, 104 (N.D. 1998) (citing jury verdict on deceptive trade practices claim). |
| TENNESSEE<br><br>Consumer Protection Act of 1977<br><br>Tenn. Code Ann. § 47-18-101 *et seq.* (2005). | Unclear.<br><br>*See Steed Realty v. Oveisi*, 823 S.W.2d 195, 198 (Tenn. Ct. App. 1991) (holding that nothing in the statute prevents non-residents from bringing actions in Tennessee state courts under the act). *But see In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1017-18 (7th Cir. 2002) (holding that Tennessee statute could not be applied to a nationwide class) | No.<br><br>Any "person" who suffers an ascertainable loss may bring action.<br><br>Tenn. Code Ann. § 47-18-109(a)(1). | Deceptive practice must be in the conduct of any "trade or commerce."<br><br>Tenn. Code. Ann. § 47-18-104(a).<br><br>"Trade" or "commerce" defined as advertising . . . or distribution of any goods, services or property … or things of value.<br><br>Tenn. Code. Ann. § 47-18-103(11). | Misrepresentation or omission must be material.<br><br>*Ganzevoort v. Russell*, 949 S.W.2d 293, 299 (Tenn. 1997). | No. | (A) Statute does not apply to "[a]cts . . . required or specifically authorized under the laws administered by, or rules and regulations promulgated by, any regulatory bodies  . . . of this state or of the United States."<br><br>Tenn. Code Ann. § 47-18-111.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Paty v. Herb Adcox Chevrolet Co.*, 756 S.W.2d 697, 698 (Tenn. Ct. App. 1988) (noting jury verdict on consumer protection action). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| TEXAS<br><br>Deceptive Trade Practices-Consumer Protection Act<br><br>Tex. Bus. & Com. Code Ann. §17.41 *et seq.* (2006). | No extra-territorial reach.<br><br>*Henry Schein v. Stromboe*, 102 S.W.3d 675, 695-99 (Tex. 2002) (rejecting application of Texas statute to nationwide class). | Yes.<br><br>A "consumer" may bring action. But, to be a "consumer" plaintiff must have purchased or leased goods or services which form the basis for the complaint.<br><br>Tex. Bus. & Com. Code Ann. § 17.45(4).<br><br>*DaimlerChrysler Corp. v. Inman*, 121 S.W.3d 862, 881 (Tex. Ct. App. 2003).<br><br>Definition of "consumer" excludes "business consumers" with assets of more than $25 million or that are owned by an entity with assets of $25 million or more.<br><br>Tex. Bus. & Com. Code Ann. § 17.45(4). | Deceptive practice must be in the conduct of "trade or commerce."<br><br>Tex. Bus. & Com. Code Ann. § 17.46(a).<br><br>"Trade" or "commerce" defined advertising or sale of goods or services or of any thing of value and includes any trade or commerce affecting the people of the state.<br><br>Tex. Bus. & Com. Code Ann. § 17.45(6). | The misrepresentation must be of a material fact.<br><br>*Church & Dwight Co., Inc. v. Huey*, 961 S.W.2d 560, 567 (Tex. Ct. App. 1997). | Pre-suit notice letter, including specific allegations and all damages sought, required at least 60 days before the complaint is filed.<br><br>Tex. Bus. & Com. Code Ann. § 17.505.<br><br>Each party has right to compel "mediation" 90 days after commencement of the action.<br><br>Tex. Bus. & Com. Ann. Code § 17.505. | (A) No relevant exemptions.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Smith v. Herco, Inc.*, 900 S.W.2d 852, 856 (Tex. Ct. App. 1995) (discussing jury verdict on deceptive trade practices act cause of action). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| UTAH<br><br>Consumer Sales Practices<br><br>Utah Code Ann. § 13-11-1 *et seq.* (2006) | No law. | Yes.<br><br>But statute is broad enough to allow action by non-consumer if ultimate victims are consumers.<br><br>Utah Code Ann. § 13-11-19 (providing that a "consumer" may bring an action).<br><br>*See Utah ex rel Wilkinson v. B & H Auto*, 701 F. Supp. 201, 205 (D. Utah 1988) (holding that intermediate supplier had standing to bring action against manufacturer because ultimate deception was on the "consumer"). | Statute does not use terms "trade or commerce."<br><br>Deceptive practice must be in connection with a "consumer transaction."<br><br>Utah Code Ann. § 13-11-4(1).<br><br>"Consumer transaction" defined as involving goods "primarily for personal, family or household purposes" or personal services business opportunities.<br><br>Utah Code Ann. § 13-11-3(2)(a).<br><br>Transactions covered by statute are narrower than those covered under "trade or commerce" interpretation of statutes based on the Federal Trade Commission Act.<br><br>*Wade v. Jobe*, 818 P.2d 1006, 1015 (Utah 1991). | No law. | Upon commencement of a class action, the representative must serve the State with a copy of the complaint.<br><br>Utah Code Ann. § 13-11-21(2). | (A) Insurance transactions are exempted because the definition of "consumer transaction" excludes insurance.<br><br>Utah Code Ann. § 13-11-3(2)(a).<br><br>Statute exempts "an act or practice required or specifically permitted by or under federal law, or by or under state law."<br><br>Utah Code Ann. § 13-11-22(1)(a).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Schurtz v. BMW of N. Am.*, 814 P.2d 1108, 1111 (Utah 1991) (noting impaneling of jury to hear consumer protection claim). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| VERMONT<br><br>Consumer Fraud<br><br>Vt. Stat. Ann. tit. 9 §2451 *et seq.* (2005) | No law. | Yes.<br><br>Only a "consumer" may bring private action.<br><br>Vt. Stat. Ann. tit. 9 § 2461(b).<br><br>*State v. Int'l Collection Serv.*, 594 A.2d 426, 432 (Vt. 1991) (holding that private remedy is limited to individual consumers).<br><br>"Consumer" defined as person who purchases goods not for resale in course of business but for benefit of his or her household or in connection with operation of farm.<br><br>Vt. Stat. Ann. tit. 9 § 2451a(a). | Unfair method must be "in commerce."<br><br>Vt. Stat. Ann. tit. 9 § 2453. | The misleading effects must be material—that is to say, likely to affect a reasonable consumer's conduct or decision with regard to a product.<br><br>*Carter v. Gugliuzzi*, 716 A.2d 17, 23 (Vt. 1998). | No. | (A) No relevant exemptions.<br><br>(B) Explicit right to trial by jury contained in the statute.<br><br>See Vt. Stat. Ann. tit. 9 § 2561(c) (providing that any "person alleged to have violated the terms of [the statute] shall be entitled to a trial by jury, unless waived according to law"). |
| VIRGINIA<br><br>Consumer Protection Act of 1977<br><br>Va. Code Ann. § 59.1-196 *et seq.* (2006). | No law. | Yes.<br><br>Any "person" who suffers loss may bring action but alleged fraudulent practice must be in connection with a "consumer transaction."<br><br>Va. Code Ann. § 59.1-200.<br><br>Va. Code Ann. § 59.1-204.<br><br>"Consumer transaction" defined as involving purchase primarily for "personal, family or household" or an individual business opportunity that requires personal services by person.<br><br>Va. Code Ann. § 59.1-198.<br><br>*See Chisolm v. TranSouth Fin. Corp.*, 194 F.R.D. 538, 549 (D. Va. 2000) (noting that the transaction must be consumer in nature). | Fraudulent practice must be in connection with a "consumer transaction" defined as one involving "personal, family or household" or an individual business opportunity that requires personal services by person.<br><br>Va. Code Ann. § 59.1-198.<br><br>Va. Code Ann. § 59.1-200. | Need to show misrepresentation of a "material" fact.<br><br>*Weiss v. Cassidy Dev. Corp.*, 2003 Va. Cir. LEXIS 183 (Va. Cir. Ct. 2003).<br><br>"Under Virginia law, a false misrepresentation must be of an existing fact, not a mere expression of an opinion."<br><br>*Graham v. RRR, LLC*, 202 F. Supp. 2d 483, 491 (E. D. Va. 2002); *see also Lambert v. Downtown Garage, Inc.*, 553 S.E.2d 714, 717 (Va. 2001). | No.<br><br>But, if a defendant tenders a cure offer it cannot be liable for attorneys' fees or costs unless actual damages exceed the cure offer.<br><br>Va. Code § 59.1-204(C). | (A) Statute does not apply to "insurance companies regulated and supervised by the State Corporation Commission or a comparable federal regulating body."<br><br>Va. Code Ann. § 59.1-199(D).<br><br>(B) Explicit right to trial by jury contained in the statute.<br><br>*See* Va. Code § 59.1-206(E) (providing that the "right of trial by jury as provided by law shall be preserved un actions brought under" the statute). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| WASHINGTON<br><br>Consumer Protection Act<br><br>Wash. Rev. Code Ann. § 19.86.010 *et seq.* (2006). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>*See* Wash. Rev. Code Ann. § 19.86.010(2). | No.<br><br>Any "person" who is injured may bring action.<br><br>Wash. Rev. Code Ann. § 19.86.090.<br><br>*See State Farm Fire & Cas. Co. v. Huynh*, 962 P.2d 854, 857 (Wash. Ct. App. 1998) (noting no consumer relationship required to bring an action).<br><br>But, to state a valid claim must show an impact on the "public interest."<br><br>*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 532 (Wash. 1986); *Goodyear Tire & Rubber Co. v. Whiteman Tire*, 935 P.2d 628, 635 (Wash. Ct. App. 1997).<br><br>In addition, privity may be required.  *See Blewett v. Abbott Labs.*, 935 P.2d 628, 847 (Wash. Ct. App. 1997). | Deceptive practice must be "in the conduct of any trade or commerce."<br><br>Wash. Rev. Code Ann. § 19.86.020.<br><br>"Trade" or "commerce" defined as the sale of services or assets including any commerce affecting directly or indirectly people of the state.<br><br>Wash. Rev. Code Ann. § 19.86.010(2). | The "knowing failure to reveal something of material importance is 'deceptive' within the [statute]."<br><br>*Robinson v. Avis Rent A Car Sys., Inc.*, 22 P.3d 818, 824 (Was. Ct. App. 2001). | Must serve Attorney General with complaint if seeking injunctive relief.<br><br>Wash. Rev. Code Ann. § 19.86.095. | (A) Statute does not apply to actions otherwise permitted by the insurance commissioner except for acts prohibited by the statute as deceptive and unfair practices.<br><br>Wash. Rev. Code Ann. § 19.86.170<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See State Farm*, 962 P.2d at 856 (noting jury verdict on the consumer protection act cause of action). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| WEST VIRGINIA<br><br>Consumer Protection Act<br><br>W.Va. Code Ann. 46A-6-101 *et seq.* (2006). | No law.<br><br>But, definition of "trade or commerce" which requires in-state effect may be construed as requiring an in-state nexus.<br><br>*See* W. Va. Code Ann. § 46A-6-102(e). | Yes.<br><br>Only "consumers" may bring action.<br><br>*See* W.Va. Code Ann. 46A-6-106(1).<br><br>"Consumer[s]" defined as "natural person[s]" who purchase for "personal, family, household or agricultural" purposes.<br><br>W.Va. Code § 46A-6-102(b).<br><br>*State ex rel. McGraw v. Telecheck Servs.*, 582 S.E.2d 885, 895 (W. Va. 2003) (noting purpose of statute is to protect "consumers"). | Deceptive act must be "in the conduct of any trade or commerce."<br><br>W. Va. Code Ann. 46A-6-104.<br><br>"Trade" or "commerce" defined as the "advertising . . . sale . . . of any goods or services and includes any trade or commerce affecting the people of this state."<br><br>W. Va. Code Ann. § 46A-6-102(e). | In false advertising claims, the offending misrepresentation must be a "material fact."<br><br>W. Va. Code Ann. § 46-6-102(f)(13). | No. | (A)  No relevant exemptions.<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Bowling v. Ansted Chrysler-Plymouth-Dodge*, 425 S.E.2d 144, 147 (W. Va. 1992) (noting jury verdict on consumer protection claim). |
| WISCONSIN<br><br>Deceptive Trade Practices Act<br><br>Wis. Stat. Ann. § 100.18 (2005). | No law. | No.<br><br>Any "person" who suffers a loss may bring an action under the statute.<br><br>Wis. Stat. Ann. § 100.18(11)(b)(2). | Statute does not use terms "trade or commerce."<br><br>Statute generally prohibits fraudulent advertisements and offers to the public.<br><br>Wis. Stat. Ann. § 100.18. | Plaintiff need only show that alleged misrepresentation is untrue, deceptive or misleading.<br><br>*Thermal Design, Inc. v. Indoor Courts of Am., Inc.*, 2004 U.S. Dist. LEXIS 6341, at *35 (W.D. Wis. Apr. 9, 2004). | No. | (A) Statute "does not apply to the insurance business."<br><br>Wis. Stat. Ann. § 100.18(12)(a).<br><br>(B) If seeking money damages, constitutionally protected right to jury trial, but if seeking injunctive relief, no such right.<br><br>*Compare Village Food & Liquor Mart v. H & S Petroleum, Inc.*, 647 N.W.2d 177 (Wis. 2002) (holding that plaintiff seeking money damages under act has constitutionally protected right to jury trial) *with State v. Ameritech Corp.*, 517 N.W.2d 705, 708 (Wis. Ct. App. 1994) (holding that state seeking injunctive relief has no constitutionally protected right to trial by jury), *aff'd mem.*, 532 N.W.2d 449 (Wis. 1995). |

| STATE/LEGAL AUTHORITY | EXTRA-TERRITORIAL REACH? | CONSUMER REQUIREMENT? | TRADE OR COMMERCE NEXUS | MATERIALITY | NOTICE / PRE- SUIT DEMAND? | (A) EXEMPTED TRANSACTIONS? (B) JURY TRIAL |
|---|---|---|---|---|---|---|
| WYOMING<br><br>Consumer Protection Act<br><br>Wyo. Stat. Ann. § 40-12-101 *et seq.* (2006). | No law. | Yes.<br><br>A plaintiff who has suffered injury "as a consumer" may bring suit.<br><br>Wyo. Stat. Ann. § 40-12-108(a).<br><br>Also, the deceptive practice must be in connection with a "consumer transaction" defined as involving sale to an individual primarily for "personal, family or household" purposes.<br><br>Wyo. Stat. Ann. § 40-12-105(a); Wyo. Stat. Ann. § 40-12 102(a)(ii).<br><br>*City of Gillette v. TCI Cablevision, Inc.*, 1991 U.S. Dist. LEXIS 21734, at *28-29 (D. Wyo. Nov. 15, 1991) (noting that only individual consumers and attorney general had standing to bring suit under statute). | Statute does not use terms "trade or commerce."<br><br>Deceptive practice must be in the course of "business" and in connection with a "consumer transaction."<br><br>Wyo. Stat. Ann. § 40-12-105(a).<br><br>"Consumer transaction" defined as involving sale to an individual primarily for "personal, family or household" purposes.<br><br>Wyo. Stat. Ann. § 40-12-102(a)(ii). | No law. | Yes.<br><br>Pre-filing demand requesting cure required within the earlier of one year of discovery or two years following the consumer transaction.<br><br>Wyo. Stat. Ann. §§ 40-12-109; 40-12-102(a)(ix). | (A) Nothing in statute applies to "[a]cts or practices required or permitted by state or federal law, rule or regulation . . . ."<br><br>Wyo. Stat. Ann. § 40-12-110(a).<br><br>(B) Claims under statute have been tried / are triable before a jury.<br><br>*See Big-O Tires v. Santini*, 838 P.2d 1169, 1177 (Wyo. 1992). |