# EXHIBIT 59

**VARIATIONS IN FRAUD LAW:  FIFTY-TWO JURISDICTION SURVEY**

**(Elements, Reliance, Duty to Disclose, Statute of Limitations, and Punitive Damages)**

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| ALABAMA | "The elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *S.B. v. St. James School*, Nos. 1031517 & 1040486, 2006 Ala. LEXIS 336, at *67-*68 (Dec. 8, 2006) (internal citation and quotations omitted). | Reasonable reliance. *See Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 421 (Ala. 1997).<br><br>No fraud on the market theory available.  *See Ex Parte Household Retail Servs.*, 744 So. 2d 871, 880 n.2 (Ala. 1999).<br><br>No presumption of reliance.  *See Delta Health Group, Inc. v. Stafford*, No. 1021675, 2004 WL 40670, at *10 (Ala. Mar. 5, 2004). | "A party's mere silence as to a material fact does not constitute fraud unless that party is under a duty to disclose that fact.  A duty to disclose can arise either from a confidential relationship with the plaintiff or from the particular circumstances of the case." *Keck v. Dryvit Systems, Inc.*, 830 So. 2d 1, 11 (Ala. 2002) (internal citation omitted). | Two years.  *See* Ala. Code § 6-2-3 (2006).<br><br>Discovery rule applies.  *See id.* ("In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."). | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence that (2) "the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff."  Ala. Code § 6-11-20(a) (2006). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| ALASKA | "The elements of a cause of action for knowing misrepresentation or deceit include: a false representation of fact, scienter, intention to induce reliance, justifiable reliance, and damages." *Barber v. National Bank*, 815 P.2d 857, 862 (Alaska 1991). | Justifiable reliance. *See Yoon v. Alaska Real Estate Comm'n*, 17 P.3d 779, 782 (Alaska 2001).<br><br>No law on fraud on the market theory. | "Fraud can be established by silence or non-disclosure when a fiduciary relationship exists between parties . . . . The fiduciary has a duty to fully disclose information which might affect the other person's rights and influence his action." *Henash v. Ipalook*, 985 P.2d 442, 446 (Alaska 1999) (internal citation and quotations omitted). | Two years. *See* Alaska Stat. § 09.10.070(a) (2005); *see also Bauman v. Day*, 892 P.2d 817, 825 (Alaska 1995) ("Claims for fraud and misrepresentation are tort claims, and thus are subject to the two-year statute of limitations provided in AS 09.10.070.").<br><br>Discovery rule applies. *See Palmer v. Borg-Warner Corp.*, 838 P.2d 1243, 1250 (Alaska 1992) ("Under our discovery rule, the statute of limitations begins to run when the 'claimant discovers, or reasonably [through the exercise of due diligence] should have discovered, the existence of all elements essential to the cause of action.'" (alterations in original) (citation omitted)). | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence that (2) "the defendant's conduct . . . was outrageous, including acts done with malice or bad motives; or . . . evidenced reckless indifference to the interest of another person." Alaska Stat. § 09.17.020(b).<br><br>Alaska generally caps punitive damages at three times the amount of compensatory damages or $500,000, whichever is greater. *Id*. at (f) – (h). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| ARIZONA | "A showing of fraud requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury.  Each element must be supported by sufficient evidence.  Fraud may never be established by doubtful, vague, speculative, or inconclusive evidence." *Echols v. Beauty Built Homes*, 132 Ariz. 498, 500 (Ariz. 1982) (internal citations and quotations omitted). | Reasonable or unreasonable reliance. *See Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2004) ("[A]n injury occurs when a consumer relies, even unreasonably, on false or misrepresented information.").  No fraud on the market theory available. *See Hoexter v. Simmons*, 140 F.R.D. 416, 424 (D. Ariz. 1991). | Where there is a "special relationship" between two parties, the failure to disclose a material fact may constitute actionable fraud.  *See Universal Investment Co. v. Sahara Motor Inn*, 127 Ariz. 213, 214-15 (Ariz. Ct. App. 1980). | Three years.  *See* Ariz. Rev. Stat. Ann. § 12-543 (2006).  Discovery rule applies.  *See* Ariz. Rev. Stat. Ann. § 12-543(3) (2006) ("[C]ause of action [for fraud] shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud . . . ."). | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence (2) "the defendant's evil mind."  *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 680-82 (Ariz. 1986) (en banc) ("[I]t is the 'evil mind' that distinguishes action justifying the imposition of punitive damages.  In whatever way the requisite mental state is expressed, the conduct must also be aggravated and outrageous.  It is conscious action of a reprehensible character.  The key is the wrongdoer's intent to injure the plaintiff or his deliberate interference with the rights of others, consciously disregarding the unjustifiably substantial risk of significant harm to them." (internal citation omitted)); *Medasys Acquisition Corp. v. SDMS, P.C.*, 55 P.3d 763, 767 (Ariz. 2002). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| ARKANSAS | "The tort of fraud or deceit consists of five elements that the plaintiff must prove by a preponderance of the evidence:  (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance." *See Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 571 (2002). | Justifiable reliance. *See Allen v. Allison*, No. 03-24, 2004 Ark. LEXIS 157, at *22 (Ark. Mar. 11, 2004).<br><br>No law on fraud on the market theory. | A duty to disclose exists where there is a "special or confidential relationship" between two parties. *See Seeco, Inc. v. Hales*, 341 Ark. 673, 698 (Ark. 2000).<br><br>Whether or not such a relationship exists is a question of fact for the fact finder to decide. *See id.* | Three years. *See Tyson Foods, Inc. v. Davis*, 66 S.W.3d 568, 579 (Ark. 2002) ("The applicable statute of limitations on fraud and deceit is three years.") (citing Ark. Code Ann. § 16-56-105 (Michie 1987)).<br><br>Discovery rule applies. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1017-18 (8th Cir. 2004) (applying Arkansas law) ("[Under Arkansas law,] [w]here affirmative acts of concealment by the person charged with fraud prevent the discovery of that person's misrepresentations, the statute of limitations will be tolled until the fraud is discovered or should have been discovered with exercise of reasonable diligence."). | The burden of proof is unclear.<br><br>*Compare Nat'l Bank of Commerce v. McNeil Trucking Co.*, 828 S.W.2d 584, 591 (Ark. 1992) (Dudley, J., concurring) ("I would hope that the possible changes discussed in this opinion [i.e., the adoption of clear and convincing standard for punitive damages] might be brought before this court in an adversarial manner . . . .  It is a matter which we have never addressed.") *with Edwards v. Stills*, 984 S.W.2d 366, 373 (Ark. 1998) ("An instruction for punitive damages may be given when there is evidence that a party likely 'knew or ought to have known, in the light of the surrounding circumstances, that his conduct would naturally or probably result in injury and that he continued such conduct in reckless disregard of the consequences from which malice could be inferred.'") (citations omitted). |
| CALIFORNIA | "The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (Cal. 2004). | Justifiable reliance. *See Small v. Fritz Cos.*, 65 P.3d 1255, 1258 (Cal. 2003).<br><br>No fraud on the market theory available. *See Mirkin v. Wasserman*, 858 P.2d 568, 584 (Cal. 1993). | "Although material facts are known to one party and not the other, failure to disclose them is ordinarily not actionable fraud unless there is some fiduciary relationship giving rise to a duty to disclose." *Weiner v. Fleischman*, 54 Cal. 3d 476, 483 (Cal. 1991) (internal citation and quotations omitted).<br><br>Whether or not such a relationship exists is a question of fact. *See id.* | Three years. *See* Cal. Civ. Proc. Code § 338(d) (2006).<br><br>Discovery rule applies. *See id.* | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence that (2) "the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a) (2006). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| COLORADO | "The elements of fraud are: (1) a false representation of a material existing fact; (2) knowledge on the part of the one making the representation that it was false; (3) ignorance on the part of the one to whom the representation was made of its falsity; (4) the representation was made with an intention that it be acted on; and (5) the representation resulted in damage." *Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust*, 854 P.2d 167, 172 (Colo. 1993). | Justifiable reliance. *See Boyd v. A.O. Smith Harvestore Prods. Inc.*, 776 P.2d 1125, 1129 (Colo. Ct. App. 1989) ("An essential element of both fraud and negligent misrepresentation is justifiable reliance."). No fraud on the market theory available. *See Rosenthal v. Dean Witter Reynolds*, 908 P.2d 1095, 1106 (Colo. 1995) (disapproving the Colorado Court of Appeals' adoption of the fraud on the market theory). | "[F]raud may be committed by the suppression of truth as well as by the suggestion of falsehood. The test of liability for failure to disclose facts material to the transaction is some duty, legal or equitable, arising from the relation of the parties, such as that of trust or confidence, or superior knowledge or means of knowledge. When in the circumstances of the particular case such duty is present, failure to disclose a material fact with intention to mislead or defraud is equivalent to a fraudulent concealment of the fact, and stands no better than the affirmation of a material misrepresentation." *In re Cisneros*, 163 Colo. 245, 251 (Colo. 1967) (internal citations and quotations omitted). | Three years. *See* Colo. Rev. Stat. Ann. § 13-80-101 (2006). Discovery rule applies. *See* Colo. Rev. Stat. Ann. §13-80-108(3) (2006) ("A cause of action for fraud, misrepresentation, concealment, or deceit shall be considered to accrue on the date such fraud, misrepresentation, concealment, or deceit is discovered or should have been discovered by the exercise of reasonable diligence."). | To obtain punitive damages, plaintiff must prove (1) beyond a reasonable doubt  (2) "a wrong done to the person or to personal or real property, and [that] the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." *See* Colo. Rev. Stat. Ann. § 13-21-102(1)(a) (2006); Colo. Rev. Stat. Ann. § 13-25-127(2) (2006) (requiring proof beyond a reasonable doubt for exemplary damages). Colorado generally caps punitive damages at the amount of actual damages. *See* Colo. Rev. Stat. Ann. § 13-21-102(1)(a) & (3) (2006). |

5

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| CONNECTICUT | "Under the common law . . . it is well settled that the essential elements of fraud are: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." *Leonard v. Commissioner of Revenue Services*, 264 Conn. 286, 296 (Conn. 2003) (internal citations and quotations omitted). | Justifiable reliance. *Maturo v. Gerard*, 494 A.2d 1199, 1200 (Conn. 1985) (concluding that lower court had ample evidence that plaintiffs justifiably relied on defendant's misrepresentations and had therefore met their burden to show that element of fraud). No law on fraud on the market theory. No presumption of reliance. *See Macomber v. Travelers Prop. & Cas.*, No. X03CV990496761S, 2004 WL 1559183, at *10 (Conn. Super. Ct. May 26, 2004) (denying class certification because the court could not presume reliance on a class wide basis). | "To constitute fraud by nondisclosure or suppression, there must be a failure to disclose known facts, and, as well, a request or an occasion or circumstance which imposes a duty to speak." *Ceferatti v. Boisvert*, 137 Conn. 280, 283 (Conn. 1950). | Three years. *See* Conn. Gen. Stat. Ann. § 52-577 (2006). No discovery rule. *Bruno v. BBC Corp.*, No. CV000071634S, 2001 WL 1199062, at *2 (Conn. Super. Ct. Sept. 14, 2001) ("[T]here is no merit to the plaintiff's attempt to engraft a discovery rule onto [Section 52-577]."); *Villa Constr., Inc. v. Southington Sav. Bank*, No. CV-94-0540241S, 1995 WL 491295, at *3 (Conn. Super. Ct. Aug. 3, 1995) ("I do not believe our appellate courts would apply the 'discovery rule' to § 52-577.). | To obtain punitive damages, plaintiff must prove (1) by a preponderance of the evidence (2) "wanton or willful malicious misconduct." *Label Sys. Corp. v. Aghamohammadi*, 852 A.2d 703, 731 (Conn. 2004); *Freeman v. Alamo Mgmt. Co.*, 607 A.2d 370, 373-75 (Conn. 1992) (holding that preponderance standard, rather than clear and convincing standard, ordinarily applies to punitive damages claims). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| DELAWARE | "The elements of fraud under Delaware law are well established. A party claiming fraud must allege:  1) a false representation, usually one of fact, made by the defendant; 2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; 3) an intent to induce the plaintiff to act or to refrain from acting; 4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and 5) damage to the plaintiff as a result of such reliance." *Lord v. Souder*, 748 A.2d 393, 402 (Del. 2000) (internal citations and quotations omitted). | Justifiable reliance.  *See Zirn v. VLI Corp.*, 681 A.2d 1050, 1060 (Del. 1996).<br><br>No fraud on the market theory available.  *See Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 474 (Del. 1992) (rejecting the use of fraud on the market theory in state law).<br><br>No presumption of reliance.  *Glosser v. Cellcor Inc.*, Civ. A. No. 12725, 1995 WL 106527, at *4 (Del. Ch. Ct. Mar. 10, 1995) ("Reliance is not presumed to exist and it may not be proven on a class-wide basis; each plaintiff bears the burden of demonstrating her own reliance."). | "Fraud does not consist merely of overt misrepresentations.  It may also occur through deliberate concealment of material facts, or by silence in the face of a duty to speak.  Thus, one is equally culpable of fraud who by omission fails to reveal that which it is his duty to disclose in order to prevent statements actually made from being misleading." *Matthews Office Designs v. Taub Investments*, No. 430, 1993, 1994 Del. LEXIS 182, at *4 (May 25, 1994). | Three years.  *See* Del. Code Ann. tit. 10 § 8106 (2006); *Staples v. Billing*, Civ. A. No. 11339, 1994 WL 30548, at *7 (Del. Ch. Jan. 31, 1994) ("The statute of limitations in Delaware for fraud [and] conspiracy to defraud . . . is three years dating from the time of discovery.").<br><br>Discovery rule applies.  *See Becker v. Hamada, Inc.*, 455 A.2d 353, 356 (Del. 1982) ("'Even in malpractice and fraud cases where a discovery rule is applied it is not the actual discovery of the reason for the injury which is the criteria. . . . [D]iscovery means discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery.'") (alterations in original) (citations omitted). | To obtain punitive damages, plaintiff must prove (1) by a preponderance of the evidence that (2) "defendant's conduct exhibits a wanton or willful disregard for the rights of plaintiff." *Cloroben Chem. Corp. v. Comegys*, 464 A.2d 887, 891 (Del. 1983) ("For defendant's conduct to be found willful or wanton the conduct must reflect a 'conscious indifference' or 'I don't care' attitude.") (citations omitted); *id*. at 891-92 (rejecting appellant's contention that "the jury improperly awarded punitive damages in that they were not supported by a preponderance of the evidence"). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| DISTRICT OF COLUMBIA | To prevail on a fraud claim a plaintiff must prove the following five elements:  "(1) a false representation; (2) made in reference to a material fact; (3) with knowledge of its falsity; (4) with the intent to deceive; and (5) an action that is taken in reliance upon the representation." *Esteves v. Esteves*, 680 A.2d 398, 401 (D.C. 1996).<br><br>"One of the elements of fraud is that the tortfeasor actually know that the misrepresentations are false, a subjective inquiry requiring the fact-finder to assess the state of mind of the person charged with fraud." *Powell v. D.C. Housing Authority*, 818 A.2d 188, 195 (D.C. 2003). | Justifiable reliance in consumer cases but reasonable reliance in commercial cases. *See Hercules & Co. v. Shama Rest. Corp.*, 613 A.2d 916, 933 n.25 (D.C. 1992) ("[T]here is support for the position that in actions by consumers against entrepreneurs who obtain those consumers' business or money through fraud, the requirement that reliance be reasonable has been eliminated.").<br><br>No law on fraud on the market theory. | "Nondisclosure of material information may constitute fraud, . . . especially where there is a duty to disclose."  Haynes v. Kuder, 591 A.2d 1286, 1290 (D.C. 1991) (internal citation and quotations omitted). | Three years.  *See Morton v. Nat'l Med. Enters.*, 725 A.2d 462, 467 n.18 (D.C. 1999).<br><br>Discovery rule applies.  *See id.* | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence that (2) the act was accompanied by conduct and a state of mind evincing malice or its equivalent.  *See Daka, Inc. v. McCrae*, 839 A.2d 682, 695 n. 14 (D.C. 2003) ("'[T]o sustain an award of punitive damages, the plaintiff must prove . . . by clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent.'") (citation omitted).<br><br>Malicious, wanton, gross fraud, reckless, or willful disregard of another's rights.  I *Chatman v. Lawlor*, 831 A.2d 395, 400 (D.C. 2003) ("When dealing specifically with cases in which the underlying tort is fraud, we have required, for punitive damages, that the tort be accompanied by 'outrageous conduct such as maliciousness, wantonness, gross fraud, recklessness and willful disregard of another's rights.'") (internal citation omitted)). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| FLORIDA | "The elements of fraud are: (1) a false statement of fact; (2) known by the defendant to be false at the time that it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury." *State v. Wolland*, 902 So. 2d 278, 285 (Ct. App. Fl. 2005) (internal citation and quotations omitted). | Justifiable reliance. *See Simon v. Celebration Co.*, No. 5D02-2262, 2004 Fla. App. LEXIS 7942, at *13 (Fla. Dist. Ct. App. June 4, 2004).<br><br>No fraud on the market theory available. *See Palmas Y Bambu, S.A. v. E.I. Dupont De Nemours & Co.*, No. 3D02-1026, 2004 Fla. App. LEXIS 7372, at *17 (Fla. Dist. Ct. App. May 26, 2004); *Tapken v. Brown*, No. 90-691-Civ-Marcuso 1992 (S.D. Fla. March 13, 1992) ("[T]he applicability of the fraud-on-the-market theory to the pendant state claims is, at best, unclear, each plaintiff will most likely be required to demonstrate actual reliance.").<br><br>No presumption of reliance. *See Liggett Group Inc. v. Engle*, 853 So. 2d 434, 446 n.10 (Fla. Dist. Ct. App. 2003) ("There is no legal or factual support for the plaintiff's 'presumed reliance' argument."). | "A fraud is committed for the failure to disclose material information only when there is a duty to disclose such; and such duty arises when one party has information that the other party has a right to know because of a fiduciary or other relation of trust or confidence between them." *State v. Mark Marks, P.A.*, 698 So. 2d 533, 539 (Fla. 1997) (internal citation and quotations omitted). | Four years. *See* Fla. Stat. Ann. § 95.11(3)(p) (2006).<br><br>Discovery rule applies. *See* Fla. Stat. Ann. § 95.031(2)(a) (2006) (statute of limitation for fraud "run[s] from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence"); *Liggett Group Inc. v. Engle*, 853 So. 2d 434, 453 n.23 (Fla. Dist. Ct. App. 2003) (holding that plaintiff's fraud claim and derivative conspiracy claim accrued when he discovered that he was addicted to smoking and that his cancer could have been caused by smoking), *rev'd in part on other grounds*, 2006 Fla. LEXIS 1480 (Fla. July 6, 2006). | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence that (2) "defendant engage[d] in conduct which is fraudulent, malicious, deliberately violent or oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights and safety of others." *Owens-Corning Fiberglas Corp. v. Ballard*, 749 So. 2d 483, 486 (Fla. 1999); Fla. Stat. Ann. § 768.725 (West Supp. 2004) ("In all civil actions, the plaintiff must establish at trial, by clear and convincing evidence, its entitlement to an award of punitive damages.").<br><br>Florida generally caps punitive damages at three times the amount of compensatory damages or $500,000, whichever is greater. *See* Fla. Stat. Ann. § 768.73(1)(a) (2006). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| GEORGIA | "The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff." *City Dodge, Inc. v. Gardner*, 232 Ga. 766, 770 n.1 (Ga. 1974). | Justifiable reliance. *See Stiefel v. Schick*, 398 S.E.2d 194, 195 (Ga. 1990).<br><br>No fraud on the market theory available. *See White v. BDO Seidman, LLP*, 549 S.E.2d 490, 493 (Ga. Ct. App. 2001). | A duty to disclose exists where there is a fiduciary relationship. *See Goldston v. Bank of America Corp.*, 259 Ga. App. 690, 696 (Ga. Ct. App. 2003). | Four years. *See* Ga. Code Ann. § 9-3-31 (2006); *Nash v. Ohio Nat'l Life Ins. Co.*, 597 S.E.2d 512, 515 (Ga. Ct. App. 2004) (citing Ga. Code Ann. § 9-3-31).<br><br>Discovery rule applies. *See* Ga. Code Ann. § 9-3-36 (2006) ("If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud."); *Nash*, 597 S.E.2d at 515 ("When . . . the underlying cause of action is one alleging actual fraud, the statute of limitation 'is tolled until such fraud is discovered, or could have discovered by the exercise of ordinary care and diligence.'") (internal citation omitted). | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence that (2) "the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." Ga. Code Ann. § 51-12-5.1(b) (2006).<br><br>Georgia caps punitive damages in some tort actions at $250,000. *See* Ga. Code Ann. § 51-12-5.1(e) – (g) (2006). |
| HAWAII | Under Hawaii law, the elements of fraud are as follows: "(1) false representations made by the defendant; (2) with knowledge of their falsity (or without knowledge of their truth or falsity); (3) in contemplation of plaintiff's reliance upon them; and (4) plaintiff's detrimental reliance." *Tauese v. State*, Nos. 26389, 26899, 2006 Haw. LEXIS 615, at *104 (Haw. Nov. 20, 2006) (internal citations and quotations omitted). | Reasonable reliance. *See Matsuura v. E.I. du Pont de Nemours & Co.*, 73 P.3d 687, 701 (Haw. 2003).<br><br>No law on fraud on the market theory. | A duty to disclose exists under certain circumstances. *See Pancakes of Hawaii v. Pomare Properties Corp.*, 85 Haw. 300, 318 (Ct. App. 1997). | Six years. *See* Haw. Rev. Stat. § 657-1(4) (2006) (6 year statute of limitations for personal actions not specifically covered elsewhere).<br><br>Discovery rule applies. *See Dunlea v. Dappen*, 924 P.2d 196, 201 (Haw. 1996) ("[A] cause of action accrues when the plaintiff discovers, or reasonably should have discovered, the elements giving rise to the claim."). | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence that (2) "'defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or where there been some willful misconduct or that entire want of care which would raise the presumption of a conscious indifference to the consequences.'" *See Mock v. Castro*, No. 23474, 2004 WL 1977617, at *13 (Haw. Sept. 3, 2004) (quoting *Masaki v. Gen. Motors Corp.*, 780 P.2d 566, 575 (Haw. 1989)). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| IDAHO | To prevail on a fraud claim, the plaintiff must prove the following nine elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Staff of the Idaho Real Estate Commission v. Nordling*, 135 Idaho 630, 635 (2001) (internal citation and quotations omitted). | Justifiable reliance. *See Hayes v. Kingston*, 96 P.3d 652, 656 (Idaho 2004).<br><br>No fraud on the market theory available. *See Gerstein v. Micron Tech.*, Civ. No. 89-1262, 1993 WL 735031, at *9 (D. Idaho Jan. 9, 1993) (declining to utilize fraud on the market theory because the Idaho Supreme Court has yet to accept that method of showing reliance). | "Silence may constitute fraud when a duty to disclose exists. A party may be under a duty to disclose: (1) if there is a fiduciary or other similar relation of trust and confidence between the two parties; (2) in order to prevent a partial statement of the facts from being misleading; or (3) if a fact known by one party and not the other is so vital that if the mistake were mutual the contract would be voidable, and the party knowing the fact also knows that the other does not know it." *Sowards v. Rathbun*, 134 Idaho 702, 707 (Idaho 2000) (internal citations and quotations omitted). | Three years. *See* Idaho Code § 5-218(4) (2006).<br><br>Discovery rule applies. *See* Idaho Code § 5-218(4) (2006) ("The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."). | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence  (2) oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted. *See* Idaho Code § 6-1604(1) (2006).<br><br>No judgment for punitive damages shall exceed the greater of $250,000 or an amount which is three times the compensatory damages contained in such judgment. *See* Idaho Code § 6-1604(3). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|-------|----------|----------|------------------|------------------------|-------------------------------|
| ILLINOIS | "The basic elements of fraud and deceit are: (1) a false representation of a material fact; (2) the defendant must know of the falsity but, nevertheless, makes the statement for the purpose of inducing the plaintiff to rely on it; (3) the plaintiff must justifiably rely on the statement; and (4) the plaintiff must have suffered damages as a consequence." *In re Witt*, 145 Ill. 2d 380, 391 (1991). | Justifiable reliance. *See Soules v. Gen. Motors Corp.*, 402 N.E.2d 599, 601 (Ill. 1980).<br><br>No fraud on the market theory available. *See Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 164 (Ill. 2002) (requiring that a showing of actual causation be made in order to bring a claim under the Illinois Consumer Protection Act); *Perfection Corp. v. Lochinvar Corp.*, 812 N.E.2d 465, 472 (Ill. App. Ct. 2004) (declining to extend fraud on the market theory to contract cases). | The duty to disclose exists "between persons sustaining a fiduciary or trust or other confidential relationship." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 62 (2006) (internal citation and quotation omitted). | Five years. *See* 735 ILL. Comp. Stat. Ann. 5/13-205 (West 2003) ("[A]ll civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."); *See Pavlik v. Kornhaber*, 761 N.E.2d 175, 189 (Ill. App. Ct. 2001) ("[F]raud counts are generally controlled by the residual five-year statute of limitations"). | To obtain punitive damages, plaintiff must prove (1) by a preponderance of the evidence that (2) "a duty based on a relationship of trust is violated, the fraud is gross, or malice or willfulness are shown." *See Illinois Terminal R.R. Co. v. Thompson*, 71 N.E. 328, 333 (Ill. 1904) (approving a jury instruction that "left it to the discretion of the jury to impose whatever damages they might choose, even to the extent of allowing punitive damages" by a preponderance of the evidence); *In re Marriage of Pagano*, 607 N.E.2d 1242, 1250 (Ill. 1992) ("Punitive damages are *permissible* where a duty based on a relationship of trust is violated, the fraud is gross, or malice or willfulness are shown; such an award is not automatic.") |
| INDIANA | "[T]he traditional elements of fraud are a false material representation of past or existing facts, made with knowledge or reckless ignorance of falsity, which causes reliance to the detriment of those relying on the representation." *In re Gerard*, 634 N.E.2d 51, 53 (Ind. 1994). | Justifiable reliance. *See Baxter v. I.S.T.A. Ins. Trust*, 749 N.E.2d 47, 52 (Ind. Ct. App. 2001).<br><br>No law on fraud on the market theory. | A duty to disclose may exist in any relationship in which the parties assume duties of good faith and fair dealing toward each other. *See American United Life Insurance Co. v. Douglas*, 808 N.E.2d 690, 701-02 (Ind. Ct. App. 2004). | Six years. *See* Ind. Code Ann. § 34-11-2-7(4) (2006).<br><br>Discovery rule applies. *See Wilbur v. KeyBank Nat'l Ass'n*, 962 F. Supp. 1122, 1132 (N.D. Ind. 1997) (Indiana law) ("[T]he discovery rule should be applied in all tort cases to determine when the cause of action accrued."). | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence that (2) the defendant "'acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing.'" *USA Life One Ins. Co. v. Nuckolls*, 682 N.E.2d 534, 541 (Ind. 1997) (internal citation omitted). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| IOWA | To prevail on a claim for fraud, the plaintiff must prove the following seven elements: "(1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) reliance, and (7) resulting injury and damage." *Robinson v. Perpetual Services Corp.*, 412 N.W.2d 562, 565 (Iowa 1987). | Justifiable reliance. *See Vos v. Farm Bureau Life Ins. Co.*, 667 N.W.2d 36, 53 (Iowa 2003).<br><br>No law on fraud on the market theory. | "[A] manufacturer has a duty to a consumer under Restatement (Second) of Torts section 551(2)(b) to disclose "matters known to [the manufacturer] that [it] knows to be necessary to prevent [its] partial or ambiguous statement of the facts from being misleading" and under section 551(2)(c) to disclose subsequently acquired information that would prevent a prior statement from being false or misleading." *Wright v. Brooke Group*, 652 N.W.2d 159, 175 (Iowa 2002). | Five years. *See* Iowa Code Ann. § 614.1(4) (2005).<br><br>Discovery rule applies. *See Rieff v. Evans*, 630 N.W.2d 278, 291 (Iowa 2001) ("'In civil cases, under the discovery rule, the statute of limitations begins to run when the injured party has actual or imputed knowledge of the facts that would support a cause of action.") (citation omitted). | To obtain punitive damages, plaintiff must prove by (1) clear, convincing, and satisfactory evidence that (2) the defendant acted with a "'willful and wanton disregard for the rights or safety of another.'" *See Revere Transducers, Inc. v. Deere & Co.*, 595 N.W.2d 751, 771 (Iowa 1999); *see also* Iowa Code Ann. § 668A.1(1)(a) (2005). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| KANSAS | "The elements of fraud in Kansas include an untrue statement of material fact, known to be untrue by the person making it, made with the intent to deceive or recklessly made with disregard for its truthfulness, where another party justifiably relies upon the statement and acts to his injury." *Hanners v. Industrial State Bank*, 791 P.2d 752, 752 (Kan. Ct. App. 1990). | Justifiable reliance. *See Slaymaker v. Westgate State Bank*, 739 P.2d 444, 449 (Kan. 1987). No fraud on the market theory available. *See Antonson v. Robertson*, 141 F.R.D. 501, 508 (D. Kan. 1991) (declining to certify a class with pendant state law fraud claims). | "A party has a duty to disclose material facts if the party knows that the other is about to enter into the transaction under mistake as to such facts, and that the other, because of relationship between them, the customs in trade, or other objective circumstances, would reasonably expect disclosure of such facts." *OMI Holdings v. Howell*, 260 Kan. 305, 347 (Kan. 1996) (internal citation and quotations omitted). | Two years. *See* Kan. Stat. Ann. §60-513(a)(3) (2005). Discovery rule applies. *See* Kan. Stat. Ann. §60-513(a)(3) (2005) ([T]he cause of action [for fraud] shall not be deemed to have accrued until the fraud is discovered."). | To obtain punitive damages, plaintiff must prove by (1) clear and convincing evidence that (2) the defendant "'acted with willful or wanton conduct, fraud, or malice.'" *Mynatt v. Collis*, 57 P.3d 513, 535 (Kan. 2002) (citation omitted). Maximum punitive damages: "[N]o award of exemplary or punitive damages pursuant to this section shall exceed the lesser of: (1)  The annual gross income earned by the defendant, as determined by the court based upon the defendant's highest gross annual income earned for any one of the five years immediately before the act for which such damages are awarded, unless the court determines such amount is clearly inadequate to penalize the defendant, then the court may award up to 50% of the net worth of the defendant, as determined by the court; or (2)  $ 5 million." Kan. Stat. Ann. § 60-3702(e) (2005). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| KENTUCKY | "The party claiming harm must establish six elements of fraud by clear and convincing evidence as follows:  a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." *Ross v. Powell*, No. 2004-SC-0008-DG, 2006 Ky. LEXIS 293, at *8 (Nov. 22, 2006) (internal citation and quotations omitted). | Unmodified reliance. *See UPS Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).<br><br>No law on fraud on the market theory. | "A duty to disclose facts is created only where a confidential or fiduciary relationship between the parties exists, or when a statute imposes such a duty, or when a defendant has partially disclosed material facts to the plaintiff but created the impression of full disclosure." *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.,* 113 S.W.3d 636, 641 (Ky. Ct. App. 2003) (internal citations and quotations omitted). | Five years.  *See* Ky. Rev. Stat. Ann §413.120(12) (2006). | "A plaintiff shall recover punitive damages only upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice." Ky. Rev. Stat. Ann. § 411.184(2) (2006). |
| LOUISIANA | "The two essential elements of fraud are the intent to defraud or gain an unfair advantage and actual or probable damage." *Dutton & Vaughan, Inc. v. Spurney*, 600 So. 2d 693, 698 (La. Ct. App. 1992). | Louisiana courts generally accept the need to prove an element of unmodified reliance. *See Sun Drilling Prods. Corp. v. Rayborn*, 798 So.2d 1141, 1152 (La. Ct. App. 2001). *But See Larimer v. Harper*, 773 So.2d 218, 222 (La. Ct. App. 2000) (Plotkin, J., concurring) (noting that the Fifth Circuit applied a standard of justifiable reliance when applying Louisiana law).<br><br>No law on fraud on the market theory. | "To prove fraud by silence or inaction, the claimant must show there was a duty to disclose information." *Hibernia National Bank v. Antonini*, 862 So. 2d 331, 335 (La. Ct. App. 2003). | The limitations period for "delictual" (tort) actions is one year.  *See* La. Civ. Code Ann. art. 3492 (2006).<br><br>Discovery rule applies.  *See Rajnowski v. St. Patrick's Hosp.*, 564 So. 2d 671, 674 (La. 1990). | Punitive damages are not recoverable in Louisiana except in two inapplicable situations.  *See* Frank L. Maraist & Thomas C. Galligan, Jr., *Louisiana Tort Law* § 7-3 (2001). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| MAINE | "A person is liable for fraud if the person (1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff." *Grover v. Minette-Mills, Inc.*, 638 A.2d 712, 716 (Me. 1994). | Justifiable reliance. *See Brawn v. Oral Surgery Assocs.*, 819 A.2d 1014, 1026 (Me. 2003).<br><br>No fraud on the market theory available. *See Steinkraus v. Ziegler*, Civil Action No. CV-92-207, 1992 Me. Super. LEXIS 284, at *21 (Me. Super. Ct. Dec. 3, 1992). | "Where there is no affirmative misrepresentation by the defendant, in order to prove fraud a plaintiff must demonstrate an active concealment of the truth or a special relationship that imposes a duty to disclose on the defendant." *Kezer v. Mark Stimson Associates*, 742 A.2d 898, 905 (Me. 1999). | Six years. *See* Me. Rev. Stat. Ann. Tit. 14, § 752 (2005).<br><br>Discovery rule applies. *See* Me. Rev. Stat. Ann. Tit. 14, § 859 (2005) ("If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action, except as provided in section 3580."). | To obtain punitive damages, plaintiff must prove by (1) clear and convincing evidence that (2) the defendant "acted with malice." *Tuttle v. Raymond*, 494 A.2d 1353, 1361-63 (Me. 1985). |
| MARYLAND | "The elements of fraud are: (1) a false representation was made by the defendant to the plaintiff; (2) that falsity was known or the misrepresentation was made with reckless indifference to the truth; (3) the misrepresentation was made for the purpose of defrauding the plaintiff; (4) the plaintiff rightfully relied upon the misrepresentation; and (5) the plaintiff suffered actual damages resulting from the misrepresentation." *Son v. Margolius, Mallios, Davis, Rider & Tomar*, 114 Md. App. 190, 221-222 (Md. Ct. Spec. App. 1997), *rev'd on other grounds*, 349 Md. 441 (1998). | Justifiable reliance. *See Nails v. S&R, Inc.*, 639 A.2d 660, 669 (Md. Ct. Spec. App. 1991) (quoting Restatement (Second) of Torts concerning justifiable reliance).<br><br>No fraud on the market theory available. *See In re Medimmune, Inc. Securities Litigation*, 873 F. Supp. 953, 968 (D. Md. 1995) ("Most state courts have rejected the fraud on the market concept in connection with common law fraud claims and there is no reason to suppose that Maryland courts would do otherwise."). | "Typically non-disclosure does not constitute fraud unless a special duty to disclose exists. A duty to disclose arises in certain relationships such as a confidential or fiduciary relationship. Such a confidential relationship exists where confidence is reposed, and in which dominion and influence resulting from such confidence may be exercised by one person over another." *Hogan v. Maryland State Dental Association*, 155 Md. App. 556, 566-567 (Md. Ct. Spec. App. 2004) (internal citations and quotations omitted). | Three years. *See Johnson v. Nadwodny*, 461 A.2d 67, 68 (Md. Ct. Spec. App. 1983); Md. Cts. & Jud. Proc. Code Ann. § 5-101 (2006).<br><br>Discovery rule applies to fraud claims. *See Johnson*, 461 A.2d at 70-71. | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence that (2) the defendant acted with "actual malice." *Darcars Motors of Silver Spring, Inc. v. Borzym*, 841 A.2d 828, 837 (Md. 2004) ("'Maryland law has limited the availability of punitive damages to situations in which the defendant's conduct is characterized by knowing and deliberate wrongdoing.'"). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| MASSACHUSETTS | "To prove fraud, the plaintiff must allege and prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage." *Lisciotti v. Lattanzio*, No. 04-2155, 2006 Mass. Super. LEXIS 450, at *17-*18 (Mass. Super. Ct. Sep. 15, 2006) (internal citation and quotations omitted). | Justifiable reliance. *See Stolzoff v. Waste Sys. Int'l*, 792 N.E.2d 1031, 1041 n.18 (Mass. App. Ct. 2003). <br><br> No fraud on the market theory available. *See Aspinall v. Philip Morris Cos.*, 813 N.E.2d 476, 490 n.23 (Mass. 2004) ("We reject the defendant's mischaracterization of the plaintiff's theory of damages as a novel fraud on the market theory, *a theory we do not adopt today*.") (emphasis added). | "To the extent that the claim involves nondisclosure of a fact, it is actionable as fraud only when there is a duty to disclose. We have recognized a duty to disclose where (i) there is a fiduciary or other similar relation of trust and confidence, (ii) there are matters known to the speaker that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading, or (iii) the nondisclosed fact is basic to, or goes to the essence of, the transaction." *Stolzoff v. Waste System Int'l*, 58 Mass. App. Ct. 747, 763 (Mass. App. Ct. 2003) (internal citations and quotations omitted). | Three years. *See Stolzoff v. Waste Sys. Int'l, Inc.*, 792 N.E.2d 1031, 1038 (Mass. App. Ct. 2003) ("[T]he common-law torts of fraud and misrepresentation are subject to a three-year statute of limitations."). <br><br> Discovery rule applies to fraud claims. *See Howell v. Birnberg*, No. 922842A, 1994 WL 879659, at *2 (Mass. Super. Ct. Feb. 10, 1994) (holding that in fraud actions time begins to run "once the plaintiffs know, or reasonably should know, of the existence of the cause of action"). <br><br> Unclear whether discovery rule applies to civil conspiracy. *Pagliuca*, 626 N.E.2d at 628 (noting that "if the wrong is 'inherently unknowable,' [the action accrues] when the plaintiff knows or should know that she has been injured"). | To obtain punitive damages, plaintiff must prove by a (1) preponderance of the evidence that (2) defendant's conduct was outrageous because of defendant's evil motive and/or because the conduct exhibited a reckless disregard for the rights of others. *See Zimmerman v. Direct Fed. Credit Union*, 121 F. Supp. 2d 133, 137 (D. Mass. 2000) (upholding jury instructions containing preponderance standard for awarding punitive damages); *See Goodrow v. Lane Bryant, Inc.*, 732 N.E.2d 289, 299 (Mass. 2000) ("Punitive damages may be awarded for conduct that is 'outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.'") (citation omitted); *Santos v. Chrysler Corp.*, No. 921039, 1996 WL 1186818, at *3 (Mass. Super. Ct. Sept. 18, 1996) (holding that burden of proof satisfied "by a fair preponderance of the evidence") (citation omitted), *aff'd in part and remanded on other grounds*, 715 N.E.2d 47 (Mass. 1999). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| MICHIGAN | "The elements of fraud are: (1) that the charged party made a material representation; (2) that it was false; (3) that when he or she made it he or she knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he or she made it with the intention that it should be acted upon by the other party; (5) that the other party acted in reliance upon it; and (6) that the other party thereby suffered injury." *City of Novi v. Robert Adell Children's Funded Trust*, 473 Mich. 242, 254 (Mich. 2005). | Split among courts of appeals between unmodified and justifiable reliance. *Compare Gilcreast v. Wilbert Jarrett, & Suntex Auto. Sys.*, No. 178645, 1997 WL 33354310, *at 1 (Mich. Ct. App. Jan. 28, 1997) ("[T]his court has expressly approved the use of the word 'reliance,' unmodified by the adjectives reasonable or justifiable") *with Cormack v. Am. Underwriters Corp.*, 288 N.W.2d 634, 637 (Mich. Ct. App. 1979) (referring to "justifiable reliance")<br><br>No fraud on the market theory available. *See O'Neil v. Appel*, 165 F.R.D. 479, 505 (W.D. Mich. 1995) (Michigan law).<br><br>No presumption of reliance. *See id.* | "In order to have a successful claim of silent fraud, a plaintiff must show that there was a legal or equitable duty of disclosure." *Waun v. Universal Coin Laundry Machine*, No. 267954, 2006 Mich. App. LEXIS 2821, at *45 (Mich. Ct. App. Sep. 26, 2006). | Six years. *See Boyle v. Gen. Motors Corp.*, 661 N.W.2d 557, 560 (Mich. 2003)<br><br>No discovery rule. *See id.* ("The Court of Appeals erred in holding that the discovery rule applies to the accrual of actions for fraud . . . Plaintiffs' cause of action accrued when the wrong was done, and they had six years thereafter to file a complaint."). | To obtain punitive damages plaintiff must prove by a (1) preponderance of the evidence, (2) malice, willful and wanton misconduct or negligence so great as to indicate reckless disregard of the rights of another. *See Poledna v. Bendix Aviation Corp.*, 103 N.W.2d 789, 795 (Mich. 1960) (upholding jury instructions containing preponderance standard for awarding punitive damages); *Green v. Evans*, 401 N.W.2d 250, 252 (Mich. Ct. App. 1985) (same). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| MINNESOTA | "The elements of fraud, under Minnesota law, are a false representation pertaining to a material past or present fact susceptible of human knowledge, knowledge by the person making the representation of its falsity or assertion of it without knowledge of its truth or falsity, an intention that the other person act on it, or circumstances justifying the other person in so acting, and the other person being in fact reasonably induced to act upon the representation, relying upon it and suffering damage attributable to the misrepresentation." *In re Petition for Disciplinary Action Against Strid*, 487 N.W.2d 891, 893-894 (Minn. 1992). | Justifiable reliance. *See Martens v. Minn. Mining & Mfg. Co.*, 616 N.W.2d 732, 747 (Minn. 2000). No law on fraud on the market theory. | "Generally, one party to a transaction does not have a duty to disclose material facts known only to that party. Only where special circumstances exist, does a party have a duty to speak out. Those circumstances include (1) when speaking, a party must say enough to prevent his or her words from misleading the other party; (2) where one party has special knowledge of material facts to which the other party does not have access, he may have a duty to disclose such facts; and (3) where a fiduciary relationship exists, material facts must be divulged." *Erickson v. Horing*, No. C4-02-138, 2002 Minn. App. LEXIS 1137, at *32 (Minn. Ct. App. Oct. 1, 2002). | Six years. *See* Minn. Stat. Ann. § 541.05(1)(6) (2005); *Klehr v. A.O. Smith Corp.*, 87 F.3d 231, 235 (8th Cir. 1996) (noting that Minnesota common law fraud covered by 6-year limitations period), *aff'd*, 521 U.S. 179 (1997). Discovery rule applies. *Id.* at 235 ("'[T]he facts constituting the fraud are deemed to have been discovered when, with reasonable diligence, they could and ought to have been discovered.'") (quoting *Blegen v. Monarch Life Ins. Co.*, 365 N.W.2d 356, 357 (Minn. Ct. App. 1985)). | To obtain punitive damages plaintiff must prove by (1) clear and convincing evidence (2) that defendant's acts "show deliberate disregard for the rights or safety of others." Minn. Stat Ann. § 549.20(1)(a) (2005) (clear and convincing evidence); *Tretter v. Liquipak Int'l., Inc.*, 356 N.W.2d 713, 716 (Minn. Ct. App. 1984) (willful indifference). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| MISSISSIPPI | "This Court has enumerated the elements of fraud: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Hobbs Auto., Inc. v. Dorsey*, 914 So. 2d 148, 152-153 (Miss. 2005) (internal citation and quotations omitted). | Justifiable reliance. *See In re Estate of Law*, 869 So. 2d 1027, 1030 (Miss. 2004).<br><br>No law on fraud on the market theory. | "It is the prevailing rule that, as between persons sustaining a fiduciary or trust or other confidential relationship toward each other, the person occupying the relation of fiduciary or of confidence is under a duty to reveal the facts to the plaintiff (the other party), and that his silence when he ought to speak, or his failure to disclose what he ought to disclose, is as much a fraud at law as an actual affirmative false representation or act; and that mere silence on his part as to a cause of action, the facts giving rise to which it was his duty to disclose, amounts to a fraudulent concealment within the rule under consideration." *Frazier v. Shackelford*, 912 So. 2d 138, 147 (Miss. 2005) (internal citation and quotations omitted). | Three years. *See* Miss. Code Ann. § 15-1-49 (2006) (3 years from time of accrual for any action for which no other limitation period is prescribed); *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So.2d 1196, 1202 (Miss. 2001).<br><br>No law as to whether the discovery rule applies to fraud claims. | To obtain punitive damages plaintiff must prove by (1) clear and convincing evidence (2) that the defendant "acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a) (2006). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| MISSOURI | "The nine essential elements [of fraud] are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity, or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Trimble v. Pracna*, 167 S.W.3d 706, 712 n.5 (Mo. 2005). | Justifiable reliance. *See Wolfson v. Bernstein*, 955 S.W.2d 814, 816 (Mo. Ct. App. 1997).<br><br>No fraud on the market theory available. *See State ex. rel. Leader Motors v. Koehr*, No. 61445, 61454, 1992 WL 151844, at *3 (Mo. Ct. App. July 7, 1992) (distinguishing a federal securities claim from one based on consumer fraud). | "Whether or not a duty to disclose exists and whether or not the circumstances amount to fraud must be determined on the facts of the particular case." *Jones v. Arnold*, 359 Mo. 161, 169-170 (Mo. 1949). | Five years. *See* Mo. Ann. Stat. § 516.120(5) (2005).<br><br>Discovery rule applies. *See* Mo. Ann. Stat. § 516.120(5); *Gilmore v. Chicago Title Ins. Co.*, 926 S.W.2d 695, 698 (Mo. Ct. App. 1996) ("The statute of limitations begins to run at the time a cause of action in fraud accrues which is when plaintiff 'discovered or in the exercise of due diligence, should have discovered the fraud.' Section 516.120(5) gives plaintiff ten years from the commission of the fraudulent act to discover the fraud. Should plaintiff fail to discover the fraud within this ten year period, the five year statute of limitations period begins to run at the expiration of the ten years.") (citations omitted). | To obtain punitive damages plaintiff must prove by (1) clear and convincing evidence, (2) conduct which is outrageous because of defendant's evil motive or reckless indifference to the rights of others. *See Rodriguez v. Suzuki Motor Corp.*, 936 S.W. 2d 104, 111 (Mo. 1996) ("For common law punitive damages claims, the evidence must meet the clear and convincing standard of proof."); *Fierstein v. DePaul Health Ctr.*, 24 S.W.3d 220, 225 (Mo. Ct. App. 2000) ("Punitive damages are appropriate where the conduct of the defendant is outrageous because of defendant's evil motive or reckless indifference to the rights of others."). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| MONTANA | "In order to prove fraud, the plaintiff must establish nine elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be relied on; (6) the hearer's ignorance of falsity of the representation; (7) the hearer must rely on the representation; (8) the hearer's right to rely on the representation; and (9) consequent and proximate injury caused by reliance on the representation." *Bartlett v. Allstate Insurance Co.*, 280 Mont. 63, 71 (Mont. 1996). | Justifiable reliance. *See May v. Era Landmark Real Estate of Bozeman*, 15 P.3d 1179, 1183 (Mont. 2000). No law on fraud on the market theory. | "In order for an omission, rather than an affirmative misrepresentation, to constitute fraud, the plaintiff must first demonstrate that the defendant had a duty to disclose the fact at issue." *Chor v. Piper, Jaffray & Hopwood*, 261 Mont. 143, 151 (1993). | Two years. *See* Mont. Code Ann. § 27-2-203 (2005). Discovery rule applies. *See id.* ("[T]he cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."). | To obtain punitive damages plaintiff must prove by (1) clear and convincing evidence (2) that defendant is guilty of malice or actual fraud. Defendant is guilty of "malice" if he deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff or deliberately proceeds to act with indifference to the high probability of injury to the plaintiff. Defendant is guilty of "actual fraud" if he makes a representation with knowledge of its falsity or conceals a material fact with the purpose of depriving the plaintiff of property or legal rights or otherwise causing injury. Actual fraud exists only when the plaintiff has a right to rely upon the representation of the defendant and suffers injury as a result. *See* Mont. Code Ann. § 27-1-221. |
| NEBRASKA | "The elements of fraud are (1) a false representation of material fact, (2) knowledge that the representation was false or made in reckless disregard as to its truthfulness or falsity, (3) an intent to induce another to act, (4) a justifiable reliance on the representation, and (5) injury or damage resulting from such reliance." *Knoell v. Huff*, 224 Neb. 90, 101 (1986). | Reasonable reliance. *See Cao v. Nguyen*, 607 N.W.2d 528, 532 (Neb. 2000). No law on fraud on the market theory. | "In nondisclosure cases, the law does not attempt to define occasions when the duty to speak arises, but, instead, has adopted the proposition that whether a duty to speak exists is determined by all the circumstances of the case." *Streeks, Inc. v. Diamond Hill Farms*, 258 Neb. 581, 590 (Neb. 2000). | Four years. *See* Neb. Rev. Stat. § 25-207(4) (2006). Discovery rule applies. *See NECO, Inc. v. Larry Price & Assocs., Inc.*, 597 N.W.2d 602, 607 (Neb. 1999) ("[A]n action for fraud . . . does not accrue, however, until there has been a discovery of the facts constituting the fraud, or facts sufficient to put a person of ordinary intelligence and prudence on an inquiry which, if pursued, would lead to such discovery."). | Punitive damages not permitted in Nebraska. *See Distinctive Printing & Packaging Co. v. Cox*, 443 N.W.2d 566, 574 (Neb. 1989) ("[P]unitive, vindictive, or exemplary damages contravene Neb. Const. Art. VII, § 5, and thus are not allowed in this jurisdiction."). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| NEVADA | "[I]n order to prevail on claim alleging common law fraud, each of the following elements must be proven by clear and convincing evidence:  (1) a misrepresentation made by the defendant; (2) defendant's knowledge of the misrepresentation; (3) defendant's intent to defraud the plaintiff (scienter); (4) reliance by the plaintiff; and (5) resulting damage to the plaintiff from such reliance)." *Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 111 (1992). | Justifiable reliance.  *See J.A. Jones Constr. Co. v. Lehrer McGovern Bovis Inc.*, 89 P.3d 1009, 1018 (Nev. 2004).<br><br>No law on fraud on the market theory. | "[I]n ordinary contracts of sale, where no previous fiduciary relation exists, and where no confidence, expressed or implied, growing out of or connected with the very transaction itself, is reposed on the vendor, and the parties are dealing with each other at arm's length, and the purchaser is presumed to have as many reasonable opportunities for ascertaining all the facts as any other person in his place would have had, then the general doctrine already stated applies; no duty to disclose material facts known to himself rests upon the vendor; his failure to disclose is not a fraudulent concealment." *Phillips v. Homestake Consolidated Placer Mines Co.*, 51 Nev. 226, 233-234 (Nev. 1929) (internal citation and quotations omitted). | Three years.  *See* Nev. Rev. Stat. § 11.190(3)(d) (2005).<br><br>Discovery rule applies.  *See* Nev. Rev. Stat. § 11.190(3)(d) ("[T]he cause of action in [a fraud or mistake] case shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake."); *Howard v. Howard*, 239 P.2d 584, 589 (Nev. 1952) (holding that time begins to run when the defrauded person has knowledge of facts "which in the exercise of proper prudence and diligence would enable him to learn of the fraud"). | To obtain punitive damages plaintiff must prove by (1) clear and convincing evidence (2)  that defendant is "guilty of oppression, fraud or malice, express or implied." Nev. Rev. Stat § 42.005(1). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| NEW HAMPSHIRE | "To establish fraud, a plaintiff must prove that the defendant made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it.  In addition, a plaintiff must demonstrate justifiable reliance.  A plaintiff cannot allege fraud in general terms, but must specifically allege the essential details of the fraud and the facts of the defendants' fraudulent conduct."  *Snierson v. Scruton*, 145 N.H. 73, 77 (2000) (internal citations and quotations omitted). | Justifiable reliance.  *See id.*<br><br>No law on fraud on the market theory. | "The duty to speak must arise from the circumstances, or there must be some relation of trust and confidence between the parties upon which to build the duty to disclose, before the failure to disclose can be deemed a fraud, whatever motive led to the concealment."  *Smith v. Pope*, 103 N.H. 555, 558 (N.H. 1961) (internal citation and quotations omitted). | Three years.  *See* N.H. Rev. Stat. Ann. § 508:4 (2006).<br><br>Discovery rule applies.  *See* N.H. Rev. Stat. Ann. § 508:4(I) ("[W]hen the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of."). | Punitive damages are unavailable for civil actions sounding in tort.  *See Vratsenes v. N. H. Auto, Inc.*, 289 A.2d 66, 67 (N.H. 1972) ("[I]n New Hampshire, the punitive function of exemplary damages has been rejected in forceful and colorful language.  'The idea is wrong. It is a monstrous heresy.  It is an unsightly and an unhealthy excrescence, deforming the symmetry of the body of the law' . . . This same principle has been expressed in the following language:  'In a civil action founded on a tort, nothing but compensatory damages can be awarded . . . . '") (citations omitted); *see also* N.H. Rev. Stat. Ann. § 507:16 ("No punitive damages shall be awarded in any action, unless otherwise provided by statute."). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| NEW JERSEY | "Under New Jersey law, the legal elements of fraud include a material representation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by that party to his detriment." *SL Industries v. American Motorists Insurance Co.*, 128 N.J. 188, 208 (1992) (internal citation and quotations omitted). | Unclear.  *See Kauffman v. I-Stat Corp.*, 754 A.2d 1188, 1195 (N.J. 2000) (holding that the element of reliance is the same for negligent misrepresentation and fraud but also stating that reasonable reliance is an element of fraud).<br><br>No fraud on the market theory available.  *See Kauffman v. I-Stat*, 754 A.2d 1188 (N.J. 2000) (limiting fraud on the market theory to cases brought under the federal securities laws).<br><br>No presumption of reliance.<br><br>*Kauffman*, 754 A.2d at 1195 (agreeing with defendants that the standard for reliance "requires that the plaintiff have actually relied on the misstatement"). | "[A] party has no duty to disclose information to another party in a business transaction unless a fiduciary relationship exists between them, unless the transaction itself is fiduciary in nature, or unless one party "expressly reposes a trust and confidence in the other." *N.J. Econ. Dev. Auth. v. Pavonia Rest.*, 319 N.J. Super. 435, 446 (App. Div. 1998) (internal citation and quotations omitted). | Six years.  *See* N.J. Stat. Ann. § 2A:14-1 (2006); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999) (New Jersey law).<br><br>Discovery rule applies.  *See S. Cross Overseas Agencies, Inc.*, 181 F.3d at 425 ("Under New Jersey law, the statute of limitations for fraud is six years, and a cause of action accrues when a plaintiff knows or should know of its existence.  The plaintiff must be aware of an injury and a causal relationship between the injury and an actor, but need not know that the conduct is tortious or legally wrongful.  When the gist of the action is concealed from the plaintiff, the statute begins to run on discovery of the wrong or of facts that reasonably should lead the plaintiff to inquire into the fraud."). | To obtain punitive damages plaintiff must prove by (1) clear and convincing evidence (2)  "that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." N.J. Stat. Ann. § 2A:15-5.12(a). |

25

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| NEW MEXICO | "The essential elements required to sustain an action for fraud, are that a representation was made as a statement of fact which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that the other party did in fact rely on it and was induced thereby to act to his injury or damage." *Prudential Insurance Co. v. Anaya*, 78 N.M. 101, 104 (1967) (internal citation and quotations omitted). | Justifiable reliance. *See Sierra Blanca Sales v. Newco Indus.*, 505 P.2d 867, 882 (N.M. Ct. App. 1972).<br><br>No law on fraud on the market theory. | "Actionable fraud is found if a party to a transaction knows of material facts, has a duty to disclose, and remains silent. A duty to disclose may arise if there is knowledge that the other party to a contemplated transaction is acting under a mistaken belief. A duty to disclose may also arise if one has superior knowledge that is not within the reach of the other party or could not have been discovered by the exercise of reasonable diligence." *Krupiak v. Payton*, 90 N.M. 252, 253 (1977). | Four years. *See* N.M. Stat. Ann § 37-1-4 (2006); *Durham v. Southwest Developers Joint Venture*, 996 P.2d 911, 921 n.3 (N.M. Ct. App. 1999). | To obtain punitive damages plaintiff must prove (1) by a preponderance of evidence that (2) the defendant acted at least with recklessness. *See Gallegos v. Citizens Ins. Agency*, 779 P.2d 99, 104 (N.M. 1989); *Robison v. Katz*, 610 P.2d 201, 208 (N.M. Ct. App. 1980) (stating that a defendant's underlying conduct supporting a punitive award must consist of "malice or of reckless or wanton conduct"). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| NEW YORK | "The elements of fraud that must be pleaded and asserted in detail . . . include a misrepresentation of a material existing fact, falsity, scienter, deception and injury." *Dowdell v. Greene County*, 14 A.D.3d 750, 751 (N.Y. App. Div. 2005) (internal citation and quotations omitted). | Justifiable reliance. *See Tanzman v. La Pietra*, 778 N.Y.S.2d 199, 200 (N.Y. App. Div. 2004). No fraud on the market theory available. *See Wolfson v. Ubile*, 432 N.Y.S.2d 393, 395 (N.Y. App. Div.) (rejecting fraud on the market in common law fraud claims). No presumption of reliance. *See Stellema v. Vantage Press Inc.*, 470 N.Y.S.2d 507, 510 (N.Y. Sup. Ct.) (rejecting notion of presumed reliance). | "[A] fraud cause of action may be predicated on acts of concealment where the defendant had a duty to disclose material information." *Kaufman v. Cohen*, 307 A.D.2d 113, 119-120 (N.Y. App. Div. 2003). | "A cause of action based upon actual fraud must be commenced six years from the date of the fraudulent act or two years from the date the plaintiff discovered the fraud, or could with reasonable diligence have discovered it, whichever is longer." *Schlotthauer v. Sanders*, 153 A.D.2d 729, 731 (2d Dep't 1989) (dismissing as time barred causes of action alleging fraud and conspiracy to commit fraud); *see also* N.Y.C.P.L.R. 213(8) (2006). | It is unsettled whether clear and convincing or preponderance of evidence is required to support a punitive damage award. *Compare Camillo v. Geer*, 185 A.D.2d 192, 194 (1st Dep't 1992) ("An award for punitive damages must be supported by clear, unequivocal and convincing evidence") *with Greenbaum v. Svenska Handelsbanken*, 979 F. Supp. 973, 975-78 (S.D.N.Y. 1997) (applying New York law) (applying a preponderance standard and noting that "'New York law on burden of proof in deciding punitive damages is unclear'") (citation omitted), *amended on other grounds on reconsideration*, 26 F. Supp. 2d 649 (S.D.N.Y. 1998). Reckless or wantonly negligent conduct is sufficient to support a punitive damage award. *See Watson v. Strack*, 5 A.D.3d 1067, 1068 (4th Dep't 2004) (stating that the underlying conduct supporting punitive damages "'need not be intentional and it is sufficient if it is so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others'") (citation omitted). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| NORTH CAROLINA | "The essential elements of fraud are: (1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Rowan County Board of Education v. United States Gypsum Co.*, 332 N.C. 1, 17 (N.C. 1992) (internal citation and quotations omitted). | Blurred standard using both adjectives reasonable and justifiable. *See Helms v. Holland*, 478 S.E.2d 513, 517 (N.C. Ct. App. 1996).<br><br>No law on fraud on the market theory. | "Although a duty to disclose generally arises out of a fiduciary relationship, this Court has recognized that a duty to disclose arises in an arm's length negotiation where one party has taken affirmative steps to conceal material facts from the other." *Godfrey v. Res-Care, Inc.*, 165 N.C. App. 68, 75 (N.C. Ct. App. 2004) (internal citations omitted). | Three years. *See Neugent v. Beroth Oil Co.*, 560 S.E.2d 829, 839 (N.C. Ct. App. 2002), *cert. denied*, 577 S.E.2d 628 (N.C. 2003); N.C. Gen. Stat. § 1-52(9) (2005).<br><br>Discovery rule applies. *See Neugent*, 560 S.E.2d at 839; N.C. Gen. Stat. §1-52(9) (2005). | To obtain punitive damages plaintiff must prove (1) by clear and convincing evidence, (2) fraud, malice, or willful or wanton conduct. *See* N.C. Gen. Stat. § 1D-15 (2005). |
| NORTH DAKOTA | "[T]o constitute actionable fraud, representations must be made with knowledge of their falsity and with the intent to deceive, and that the plaintiff must show that he relied upon the representations made; that fraud is not presumed but must be proved." *Johnson v. Tomlinson*, 160 N.W.2d 49, 57-58 (N.D. 1968). | Reasonable reliance. *See Phoenix Assurance Co. v. Runck*, 366 N.W.2d 788, 793 (N.D. 1985).<br><br>No law on fraud on the market theory. | A duty to disclose exists where there is a fiduciary relationship. "Whether a fiduciary relationship exists is generally a question of fact, dependent upon a showing of special circumstances." *First Nat'l Bank & Trust Co. v. Brakken*, 468 N.W.2d 633, 637 (N.D. 1991). | Six years. *See* N.D. Cent. Code, § 28-01-16(6) (2005).<br><br>Discovery rule applies. *See Rose v. United Equitable Ins. Co.*, 632 N.W.2d 429, 433-34 (N.D. 2001). | To obtain punitive damages plaintiff must prove (1) by clear and convincing evidence, (2) oppression, fraud, or actual malice. *See* N.D. Cent. Code § 32-03.2-11(1) & (5) (2005).<br><br>Recklessness can establish malice for punitive damage purposes. *See Herold v. Burlington Northern, Inc.*, 761 F.2d 1241, 1248 (8th Cir. 1985) (applying North Dakota law). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| OHIO | "The elements of an action in actual fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54, 55 (1987). | Justifiable reliance. *See Doyle v. Fairfiled Mach. Co.*, 697 N.E.2d 667, 676 (Ohio Ct. App. 1997)  No law on fraud on the market theory. | "[T]he duty to disclose arises when one party has information that the other is entitled to know because of a fiduciary or other similar relation of trust and confidence between them." *State v. Warner*, 55 Ohio St. 3d 31 (1990) (internal citation and quotations omitted). | Four years. *See* Ohio Rev. Code. Ann. §2305.09(C) (2006).  Discovery rule applies. *See* Ohio Rev. Code Ann. §2305.09 (2006) (cause of action for fraud "shall not accrue . . . until the fraud is discovered"). | Punitive damages must be established by clear and convincing evidence. *See* Ohio Rev. Code Ann. § 2315.21(C)(2) (2006).  "[P]unitive or exemplary damages are not recoverable from a defendant in question in a tort action unless both of the following apply:  (1) The actions or omissions of that defendant demonstrate malice, aggravated or egregious fraud, oppression, or insult, or that defendant as principal or master authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate.  (2) The plaintiff in question has adduced proof of actual damages that resulted from actions or omissions as described in division (B)(1) of this section."  Ohio Rev. Code. Ann. §2315.21(B) (2006). |
| OKLAHOMA | "The elements of common-law fraud are: 1) a false material misrepresentation; 2) made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth; 3) with the intention that it be acted upon; and 4) which is relied upon by a party to one's detriment." *Gay v. Akin*, 766 P.2d 985, 990 (Okla. 1988). | Justifiable reliance. *See Wheeler v. Purseley*, 210 P. 1019, 1021 (Okla. 1922).  No fraud on the market theory available. *See Bunch v. K-Mart Corp.*, 898 P.2d 170, 172 (Okla. Ct. App. 1995) (citing a federal decision based on a lack of state law basis for fraud on the market theory in order to determine that a class should not be certified). | "[C]oncealment of material facts by a person sustaining a fiduciary relationship to another, which, because of such relationship, it was his duty to disclose, constituted extrinsic fraud." *Crockett v. Root*, 146 P.2d 555, 559 (Okla. 1943). | Two years. *See* Okla. Stat. Ann. tit. 12, § 95(3) (2005).  Discovery rule applies. *See Micco v. Foster*, 80 P.2d 229, 230 (Okla. 1938). | To obtain punitive damages plaintiff must prove (1) by clear and convincing evidence that (2) defendant committed at least recklessness. *See* Okla. Stat. Ann. tit. 23, § 9.1.(B) -.(D) (2005).  Oklahoma caps punitive awards depending on the degree of culpability of the defendant. *Id.* § 9.1(B)(2), (C) (2). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| OREGON | To prevail on a claim of fraud a plaintiff must prove the following elements: "(1) the accused had falsely represented a material fact; (2) the accused knew that the representation was false; (3) the misrepresentation was made with the intent to induce the recipient to act or refrain from acting; (4) the recipient justifiably relied on the misrepresentation; and (5) the recipient was damaged by that reliance." *In re Brown*, 326 Ore. 582, 595 (1998). | Justifiable reliance. *See In re Conduct of Brown*, 956 P.2d 188, 196 (Or. 1998).<br><br>No law on fraud on the market theory. | "Where a duty to disclose exists, nondisclosure will support a theory of fraud, as well." *Oksenholt v. Lederle Laboratories, Div. of American Cyanamid Corp.*, 294 Ore. 213, 222 n.6 (1982). | Two years. *See Compton v. Oregon State Highway Comm'n.*, 571 P.2d 1271, 1272 & n.5 (Or. Ct. App. 1977).<br><br>The discovery rule applies. *See id.* | To obtain punitive damages plaintiff must prove (1) by clear and convincing evidence that (2) "the party against whom punitive damages are sought has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others." *See* Or. Rev. Stat. § 31.730(1) (2006). |

30

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| PENNSYLVANIA | "The elements of fraud, or intentional misrepresentation, are (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." Presbyterian Med. Ctr. v. Budd, 832 A.2d 1066, 1072 (Pa. Super. Ct. 2003). | Blurred standard using both adjectives reasonable and justifiable. See Porreco v. Porreco, 571 Pa. 61, 69 (Pa. 2002) ("[T]o be justifiable, reliance upon the representation of another must be reasonable").<br><br>No fraud on the market theory available. See Weinberg v. Sun Co., Inc., 777 A.2d 442, 444 (Pa. 2001) (requiring individual proof of reliance under Pennsylvania consumer protection act); Eisen v. Independence Blue Cross, 62 Pa. D. & C. 4th 279, 311 n.20 (Pa. Com. Pl. Ct. 2002), aff'd, 839 A.2d 369 (Pa. Super. Ct. 2003).<br><br>No presumption of reliance. See Debbs v. Chrysler Corp., 810 A.2d 137, 157 (Pa. Super. Ct. 2002) (rejecting the theory of classwide presumed reliance). | "[A] duty to disclose exists because of a fiduciary or similar relationship of trust and confidence between the parties." Gibbs v. Ernst, 538 Pa. 193, 215 (Pa. 1994) (internal citation and quotations omitted). | Two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (2006); see also Volpe v. Johns-Manville Corp., 4 Phila. Co. Rptr. 290, 293 (Pa. Ct. Comm. Pleas 1980) ("The statute of limitations for personal injury claims in Pennsylvania is 'two years from the time the injury was done.' This is true whether the theory of liability against defendant is based upon common-law negligence, breach of warranty, or strict liability in tort, or fraud and conspiracy.") (citations omitted).<br><br>Discovery rule applies. See Kingston Coal Co. v. Felton Mining Co., 690 A.2d 284, 288-89 (Pa. Super. Ct. 1997) | To obtain punitive damages plaintiff must prove (1) by a preponderance of evidence, (2) defendant's evil motive or reckless indifference to the rights of others. See Sprague v. Walter, 656 A.2d 890, 923 (Pa. Super. Ct. 1995) ("The standard of proof for punitive damages in Pennsylvania traditionally has been proof by a preponderance of the evidence."); Williams v. Syed, 782 A.2d 1090, 1096 (Pa. Commw. Ct. 2001) ("Assessment of punitive damages is proper 'only in cases of outrageous behavior, where defendant's egregious conduct shows either an evil motive or reckless indifference to the rights of others.'") (citation omitted). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| PUERTO RICO | "[T]here is fraud where there is (1) a false representation of a material fact; (2) knowledge of or belief in the representation's falsity by the person making it; (3) belief in the representation's truth by the person to whom the representation is made; (4) intent that the representation should be acted upon; and (5) detrimental reliance upon the representation by the person claiming to have been deceived." *Generadora de Electricidad del Caribe, Inc. v. Foster* Wheeler Corp., 92 F. Supp. 2d 8, 20 (D.P.R. 2000). | Justifiable reliance. *See F.C. Imports, Inc. v. First Nat'l Bank of Boston*, 816 F. Supp. 78, 87 (D.P.R. 1993). No law on fraud on the market theory. | No law. | One year. *See* 31 P.R. Laws Ann.§ 5298 (2003). Discovery rule applies. *See Ocaso, S.A., Compania de Seguros Y Reaseguros v. Puerto Rico Maritime Shipping Auth.*, 915 F. Supp. 1244, 1259 (D. P.R. 1996) (applying Puerto Rico law) ("In cases of fraud the statute of limitations will commence to run not from the date of the fraud but from the time when the fraud was discovered or when, 'with reasonable diligence might have been discovered.'") (citation omitted). | Punitive damages are not recoverable under Puerto Rico law. *See Clarendon Am. Ins. Co. v. Rodriguez*, No. CIV. 99-1623(JP), 1999 WL 33218159, at *2 (D. P.R. Oct. 4, 1999) ("Therefore, because Puerto Rico law governs the instant counterclaim and punitive damages do not exist in Puerto Rico, the Court hereby STRIKES Defendants' request for punitive damages."). |
| RHODE ISLAND | "To establish a prima facie case of common law fraud in Rhode Island, the plaintiff must prove that the defendant made a false representation intending thereby to induce plaintiff to rely thereon, and that the plaintiff justifiably relied thereon to his or her damage." *Women's Dev. Corp. v. City of Cent. Falls*, 764 A.2d 151, 160 (R.I. 2001) (internal citation and quotations omitted). | Justifiable reliance. *See Zaino v. Zaino*, 818 A.2d 630, 638 (R.I. 2003). No law on fraud on the market theory. | "[F]raud can be established by silence where the business relationship of the parties is such as to create a duty to disclose certain facts." *Cardiovascular & Thoracic Associates, Inc. v. Fingleton*, No. 95-1322, 1995 R.I. Super. LEXIS 26, at *7 (R.I. Super. Ct. Aug. 23, 1995). | Ten years. *See* R.I. Gen. Laws § 9-1-13(a) (2006). Discovery rule applies. *Id.* | Rhode Island has not addressed the burden of proof required to sustain a punitive damage award. Rhode Island requires evidence of willfulness, recklessness or wickedness to support punitive recovery. *See Zarrella v. Minn. Mut. Life Ins.* Co., 824 A.2d 1249, 1262 (R.I. 2003). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| SOUTH CAROLINA | "The elements of fraud are: a representation; its falsity; its materiality; knowledge of its falsity or a reckless disregard of its truth or falsity; intent that the representation be acted upon; hearer's ignorance of its falsity; hearer's reliance on its truth; hearer's right to rely; and hearer's consequent and proximate injury." *First State Savings & Loan v. Phelps*, 299 S.C. 441, 446-47 (1989). | Reliance with the hearer's right to rely. *See Florentine Corp. v. PEDAI, Inc.*, 339 S.E.2d 112, 113 (S.C. 1985). No law on fraud on the market theory. | "Nondisclosure becomes fraudulent concealment only when it is the duty of the party having knowledge of the facts to make them known to the other party to the transaction." *Lawson v. Citizens & Southern Nat'l Bank*, 259 S.C. 477, 481-82 (1972). | Three years. *See Dorman v. Campbell*, 500 S.E.2d 786, 788-89 (S.C. Ct. App. 1998) (applying S.C. Code Ann. § 15-3-530 and finding that plaintiff's claim for fraud and conspiracy to commit fraud was barred by the three year limitations period). Discovery rule applies. *See* S.C. Code Ann. § 15-3-535 (2005). | To obtain punitive damages plaintiff must prove (1) by clear and convincing evidence, (2) willful, wanton or reckless conduct. *See Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 100 (4th Cir. 1991) (applying South Carolina law) ("The law of South Carolina permits a jury to award punitive damages to punish, deter, and vindicate the rights of the plaintiff whenever the conduct of the defendant is willful, wanton or reckless. The plaintiff must prove by clear and convincing evidence that the conduct included a 'consciousness of wrongdoing' at the time of the conduct."); *see also* S.C. Code Ann. § 15-33-135 (2005). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| SOUTH DAKOTA | "The essential elements of fraud are:  That a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he [or she] did in fact rely on it and was induced thereby to act to his [or her] injury or damage." *Paint Brush Corp. v. Neu*, 599 N.W.2d 384, 391 (S.D. 1999) (internal citation and quotations omitted). | Justifiable reliance. *See Schwaiger v. Mitchell Radiology Assocs.*, 652 N.W.2d 372, 377 (S.D. 2002).<br><br>No law on fraud on the market theory. | A duty to disclose does not exist unless there is a special relationship between the parties. *See Sporleder v. Van Liere*, 569 N.W.2d 8, 14 (S.D. 1997) (approving a jury instruction explaining the duty to disclose). | Six years.  *See* S.D. Codified Laws § 15-2-13 (2006).<br><br>Discovery rule applies.  *See* S.D. Codified Laws § 15-2-3 (2006) ("In an action for relief on the ground of fraud the cause of action shall not be deemed to have accrued until the aggrieved party discovers, or has actual or constructive notice of, the facts constituting the fraud."); *see also Delany v. Delany*, 402 N.W.2d 701, 704 (S.D. 1987) (stating that fraudulent concealment tolls statute of limitations). | To obtain punitive damages, plaintiff must prove (1) by a preponderance of the evidence that (2) defendant acted oppressively, fraudulently or maliciously.  *See* S.D. Codified Laws § 21-3-2 (2006) (oppression, fraud or malice); *Vreugdenhil v. First Bank, N.A.*, 467 N.W.2d 756, 759 n.6 (S.D. 1991) (same); *Schaffer v. Edward D. Jones & Co.*, 552 N.W.2d 801, 809 n.6 (S.D. 1996) ("A historical analysis also supports our determination . . . that the correct standard has always been, and continues to be, preponderance of the evidence.").<br><br>Statutory law provides that the judge must make a threshold determination that there is a reasonable basis to award punitive damages based on clear and convincing evidence.  *See* S.D. Codified Laws § 21-1-4.1 (2006). However, the Supreme Court of South Dakota has held that this statute does not alter the standard of proof which applies to the ultimate decision to award punitive damages, and that this standard is preponderance.  *Schaeffer*, 552 N.W.2d at 808-09. |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| TENNESSEE | "[A] common law cause of action for fraud has the following elements:  When a party intentionally misrepresents a material fact or produces a false impression in order to mislead another or to obtain an undue advantage over him, there is a positive fraud. The representation must have been made with knowledge of its falsity and with a fraudulent intent. The representation must have been to an existing fact which is material and the plaintiff must have reasonably relied upon that misrepresentation to his injury." *Black v. Black*, 166 S.W.3d 699, 705 (Tenn. 2005) (internal citation and quotations omitted). | Reasonable reliance. *See Frankenbach v. Rose*, No. M2002-02073-COA-R3-CV, 2004 WL 221319, at *14 (Tenn. Ct. App. Feb. 3, 2004).<br><br>No fraud on the market theory available.  *See Constantine v. Miller Indus., Inc.*, 33 S.W.3d 809, 815 (Tenn. Ct. App. 2000).<br><br>No presumption of reliance. *See id.* (stating that only the Tennessee legislature can remove the requirement to prove reliance). | "Nondisclosure will give rise to a claim for fraud when the defendant has a duty to disclose." *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 67 (Tenn. 2001) (internal citation and quotations omitted). | Four years for sales of goods. *See* Tenn. Code Ann. § 47-2-725 (2006).<br><br>Discovery rule applies.  *See Maestas v. Sofamor Danek Group, Inc.*, No. 02A01-9804-CV-00099, 1999 WL 74212, at * (Tenn. Ct. App. Feb. 16, 1999) ("'A breach of a legally cognizable duty occurs when plaintiff discovers or reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced . . . injury; and (2) the identity of the defendant who breached the duty. Legally cognizable damages occur when plaintiff discovers facts which would support an action for tort against the tortfeasor.'") (citation omitted), *aff'd*, 33 S.W.3d 805 (Tenn. 2000). | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence that (2) defendant acted intentionally, fraudulently, maliciously, or recklessly.  *See Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992) ("Further, because punitive damages are to be awarded only in the most egregious of cases, a plaintiff must prove the defendant's intentional, fraudulent, malicious, or reckless conduct by clear and convincing evidence."). |

35

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| TEXAS | "The elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). | Unmodified reliance set out by Texas Supreme court but a split among Courts of Appeals. *See Johnson v. Brewer & Pritchard*, P.C., 73 S.W.3d 193, 211 n.45 (Tex. 2002); *Wil-Royce Inv. Co. II v. Wash. Mut. Bank*, F.A., No. 08-03-00001-CV, 2004 Tex. App. LEXIS 4982, at *46 (Tex. App. June 3, 2004) (adopting a justifiable reliance standard); *Herod v. Baptist Found. of Tex.*, 89 S.W.3d 689, 695 (Tex. Ct. App. 2002) (adopting a justifiable and reasonable reliance standard); *TCA Bldg. Co. v. Entech, Inc.*, 86 S.W.3d 667, 674 (Tex. App. 2002) (adopting a justifiable or reasonable standard).<br><br>No fraud on the market theory available. *See Prostok v. Browning*, 112 S.W.3d 876,918 (Tex. Ct. App. 2003). | "As a general rule, a failure to disclose information does not constitute fraud unless there is a duty to disclose the information. Thus, silence may be equivalent to a false representation only when the particular circumstances impose a duty on the party to speak and he deliberately remains silent. Whether such a duty exists is a question of law." *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001) (internal citations omitted). | Four years. *See* Tex. Bus. & Com. Code § 2.725 (2006). | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence that (2) the harm with respect to which the claimant seeks recovery of punitive damages results from fraud, malice or gross negligence. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a) (2006).<br><br>Punitive damages are capped by statute. Such damages may not exceed an amount equal to the greater of:<br><br>(1) (A) two times the amount of economic damages; plus (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000.<br><br>Tex. Civ. Prac. & Rem. Code Ann. § 41.008 (2006). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| UTAH | "The elements that a party must allege to bring a claim sounding in fraud are (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage." *Armed Forces Insurance Exchange* v. Harrison, 70 P.3d 35, 40 (Utah 2003) (internal citation and quotations omitted). | Reasonable reliance. *See Gold Standard v. Getty Oil Co.*, 915 P.2d 1060, 1067 (Utah 1996). No law on fraud on the market theory. | "[A]n omission may be actionable as a negligent misrepresentation where the defendant has a duty to disclose." *Smith v. Frandsen*, 94 P.3d 919, 923 (Utah 2004). Whether or not a duty exists is a question of law. *Id.* at 924. | Three years. *See* Utah Code Ann. § 78-12-26(3) (2006). Discovery rule applies. *See id.* | To obtain punitive damages, plaintiff must prove (1) by clear and convincing evidence that (2) the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others. *See* Utah Code Ann. § 78-18-1(1)(a) (2006). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| VERMONT | "Our case law establishes that, in order to state a claim for fraud based on fraudulent concealment, a plaintiff must demonstrate: (1) concealment of facts, (2) affecting the essence of the transaction, (3) not open to the defrauded party's knowledge, (4) by one with knowledge and a duty to disclose, (5) with the intent to mislead, and (6) detrimental reliance by the defrauded party." *Fuller v. Banknorth Mortgage Co.*, 173 Vt. 488, 490 (2001). | Justifiable reliance. *See Sugarline Assocs. v. Alpen Assocs.*, 586 A.2d 1115, 1120 (Vt. 1990).<br><br>No law on fraud on the market theory. | "Under Vermont law, fraud must consist of some affirmative act, or of concealment of facts by one with knowledge and a duty to disclose. Where such duty is present, the failure to disclose a material fact coupled with an intention to mislead or defraud rises to the level of material misrepresentation. . . . Where there is no intent to mislead or defraud, but the other elements of fraud are met, we have held that a seller may be liable for constructive fraud." *Sugarline Associates v. Alpen Associates*, 155 Vt. 437, 444 (Vt. 1990) (internal citations and quotations omitted). | Six years. *See* Vt. Stat. Ann. tit. 12, § 511 (2006); *see also Stevers v. E. T. & H. K. Ide Co.*, 527 A.2d 658, 659 (Vt. 1987).<br><br>Discovery rule applies. *See Galfetti v. Berg, Carmolli & Kent Real Estate Corp.*, 756 A.2d 1229, 1231 (Vt. 2000) ("'[A] cause of action is generally said to accrue upon the "'discovery of facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery.'") (citation omitted). | Probably preponderance. *See Rubin v. Sterling Enters. Inc.*, 674 A.2d 782, 785 (Vt. 1996) (implying that preponderance standard applies to award of punitive damages).<br><br>Actual malice, ill will, or wanton conduct is sufficient to support a punitive damage award. *See id.* ("Punitive damages may be awarded, in the jury's discretion, upon a finding of actual malice rather than implied or constructive malice."); *see also Bruntaeger v. Zeller*, 515 A.2d 123, 127 (Vt. 1986) ("Under our case law, an award of exemplary damages has consistently been predicated on a finding of malice, ill will, or wanton conduct."). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| VIRGINIA | "The elements of actual fraud are: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Winn v. Aleda Construction Co.*, 227 Va. 304, 308 (1984). | Reasonable reliance. *See Evaluation Research Corp. v. Alequin*, 439 S.E.2d 387, 390 (Va. 1994).<br><br>No law on fraud on the market theory. | "[C]oncealment can give rise to constructive fraud only in cases where there is a duty to disclose the concealed fact." *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 367 n.2 (2003). | Two years. *See Bd. of Dirs. of the Lesner Pointe Condo. on the Chesapeake Bay Assoc., Inc.*, 2002 WL 32072394, at *9 (Va. Cir. Ct. 2002); *see also* Va. Code Ann. § 8.01-243 (2006).<br><br>Discovery rule applies. *See* Va. Code Ann. § 8.01-249(1) (2006) ("In actions for fraud or mistake and in actions for rescission of contract for undue influence, when such fraud, mistake, or undue influence is discovered or by the exercise of due diligence reasonably should have been discovered."); *see also Hansen v. Stanley Martin Cos.*, 585 S.E.2d 567, 573 (Va. 2003). | To obtain punitive damages plaintiff must prove (1) by a preponderance of the evidence that (2) the defendant was reckless or grossly negligent. *See Peacock Buick, Inc. v. Durkin*, 277 S.E.2d 225, 227-28 (Va. 1981) (upholding jury instructions containing preponderance standard for awarding punitive damages); *Allstate Ins. Co. v. Wade*, 579 S.E.2d 180, 187 (Va. 2003) ("An award of punitive damages requires a showing that a defendant's 'conduct was of 'such recklessness or negligence as evinces a conscious disregard for the rights of others.'") (citations omitted).<br><br>Punitive damages are capped by statute at $350,000. *See* Va. Code Ann. § 8.01-38.1 (2006). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| WASHINGTON | "The elements of fraud are: (1) representation of an existing fact; (2) materiality of the representation; (3) falsity of the representation; (4) knowledge of the falsity or reckless disregard as to its truth; (5) intent to induce reliance on the representation; (6) ignorance of the falsity; (7) reliance on the truth of the representation; (8) justifiable reliance; and (9) damages." *In re Estate of Lint*, 135 Wn.2d 518, 533 n.4 (Wash. 1998) | Justifiable reliance. *See id.* at 763 n.4.<br><br>No law on fraud on the market theory. | "A party has engaged in fraud or inequitable conduct if it conceals a material fact from the other party.  However, concealment only constitutes fraud or inequitable conduct when the party possessing the knowledge has a duty to disclose that knowledge to the other party." *Washington Mutual Savings Bank v. Hedreen*, 125 Wn.2d 521, 526 (Wash. 1994) (internal citation omitted).<br><br>"In general, some type of special relationship must exist before the duty  will arise.  In those cases where a court has found a duty to disclose, the circumstances surrounding the transaction have created a relationship of trust and confidence upon which the injured party was entitled to rely." *Id.* (internal citation and quotation omitted). | Three years.  *See Criss v. Ehrsam*, No. 26885-0-II, 2002 WL 31045503, at *3 (Wash. Ct. App. 2002).<br><br>Discovery rule applies.  *See id.* ("Washington follows the discovery rule:  A cause of action does not accrue until the plaintiff knew or should have known the essential elements of his or her cause of action."). | To obtain punitive damages, plaintiff must prove her case by a preponderance of the evidence. *See Sintra, Inc. v. City of Seattle*, 935 P.2d 555, 566 (Wash. 1997) (upholding jury instructions containing preponderance standard for awarding punitive damages).<br><br>However, punitive damages are not allowed in civil actions unless expressly authorized by statute. *See Winchester v. Stein*, 959 P.2d 1077, 1088 (Wash. 1998); *Dailey v. North Coast Life Ins. Co.*, 919 P.2d 589, 590 (Wash. 1996).<br><br>Plaintiff cannot recover punitive damages in a claim based on fraud. *See Maki v. Aluminum Bldg. Prods.*, 436 P.2d 186, 187 (Wash. 1968) (upholding trial court decision striking paragraphs of complaint seeking punitive damages based on fraud claim); *see also Kammerer v. Western Gear Corp.*, 618 P.2d 1330, 1337 (Wash. Ct. App. 1980) ("Washington has no statute which authorizes exemplary damages for fraud."). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| WEST VIRGINIA | "[T]he essential elements in an action for fraud are: (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; [3] that plaintiff relied on it and was justified under the circumstances in relying upon it; and (3) [sic] that he was damaged because he relied on it." *Kessel v. Leavitt*, 204 W. Va. 95, 127 (1998) (internal citation and quotations omitted). | Justifiable reliance. *See Kidd v. Mull*, 595 S.E.2d 308, 317 (W. Va. 2004).<br><br>No law on fraud on the market theory. | "In a circumstance in which a person has a duty to speak, his failure to disclose material information is equivalent to a fraudulent concealment." *Pocahontas Mining Co. Limited Partnership v. Oxy USA, Inc.*, 202 W. Va. 169, 175 (1998). | Two years. *See* W. Va. Code § 55-2-12 (2006); *see also Beall Plumbing & Heating Co. v. First Nat'l Bank of Keystone*, 847 F. Supp. 1307, 1311 (S.D. W. Va. 1994).<br><br>Discovery rule applies. *See Stemple v. Dobson*, 400 S.E.2d 561, 565 (W. Va. 1990) ("Accordingly, we conclude that where a cause of action is based on tort or on a claim of fraud, the statute of limitations does not begin to run until the injured person knows, or by the exercise of reasonable diligence should know, of the nature of his injury, and determining that point in time is a question of fact to be answered by the jury."). | To obtain punitive damages plaintiff must prove (1) by a preponderance of the evidence that (2) the defendant's acts were malicious or grossly negligent. *See Goodwin v. Thomas*, 403 S.E.2d 13, 16 (W. Va. 1991) (upholding jury instructions containing preponderance standard for awarding punitive damages); *TXO Prod. Corp. v. Alliance Resources Corp.*, 419 S.E.2d 870, 887 (W. Va. 1992) ("However, the punitive damages definition of malice has grown to include not only mean-spirited conduct, but also extremely negligent conduct that is likely to cause serious harm."), *aff'd*, 509 U.S. 443 (1993). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| WISCONSIN | "The elements of fraud are stated in *Larson v. Splett*, 1954, 267 Wis. 473, 475, 66 N.W.2d 181, 182, thus: 'To be actionable, the false representation must consist, first, of a statement of fact which is untrue; second, that it was made with intent to defraud and for the purpose of inducing the other party to act upon it; third, that he did in fact rely on it and was induced thereby to act, to his injury or damage.' Fraud must be proved by clear and convincing evidence." *Household Finance Corp. v. Christian*, 8 Wis. 2d 53, 55-56 (Wis. 1959). | Justifiable reliance. *See Bender v. Town of Kronenwelter*, 654 N.W.2d 57, 63 (Wis. Ct. App. 2002).<br><br>No law on fraud on the market theory.<br><br>No presumption of reliance. *See Staudt v. Artifex Ltd.*, 16 F. Supp. 2d 1023, 1031 (D. Wis. 1998) (noting that no Wisconsin law supports the proposition of presumed reliance). | "Failure to disclose a fact is not fraud in the absence of a duty to disclose. Whether a duty exists is a question of law." *Ritchie v. Clappier*, 109 Wis. 2d 399, 402-03 (Wis. Ct. App. 1982) (internal citations omitted). | Six years. *See* Wis. Stat. Ann. § 893.93(1)(b) (2006).<br><br>Discovery rule applies. *See Id.* ("The cause of action in such case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud."). | To obtain punitive damages plaintiff must prove by (1) clear and convincing evidence that (2) the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff. *See* Wis. Stat. § 895.85(3) (2006) ("The plaintiff may receive punitive damages if evidence is submitted showing that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff."); *Sharp v. Case Corp.*, 595 N.W.2d 380, 389 (Wis. 1999) (holding that punitive damages must be proven by "clear and convincing evidence"); *Strenke v. Hogner,* 694 N.W.2d 296, 304 (Wis. 2005) (holding that the punitive damages statute's "requirement that the defendant act 'in an intentional disregard of the rights of the plaintiff' necessitates that the defendant act with a purpose to disregard the plaintiff's rights or be aware that his or her conduct is substantially certain to result in the plaintiff's rights being disregarded"). |

| STATE | ELEMENTS | RELIANCE | DUTY TO DISCLOSE | STATUTE OF LIMITATIONS | STANDARD FOR PUNITIVE DAMAGES |
|---|---|---|---|---|---|
| WYOMING | "The elements of fraud are: (1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages. Fraud will not be imputed to any party when the facts and circumstances out of which it is alleged to arise are consistent with honesty and purity of intention. It will never be presumed." *Sherard v. Sherard*, 142 P.3d 673, 677-78 (Wyo. 2006) (internal citations and quotations omitted). | Reasonable reliance. *See Snyder v. Lovercheck*, 992 P.2d 1079, 1084 n.1 (Wyo. 1999).  No law on fraud on the market theory. | "[B]efore nondisclosure or fraudulent concealment can be considered, [the plaintiff] must show that [the defendant] had a duty to disclose the information." *Hulse v. First American Title Co.*, 33 P.3d 122, 137 (Wyo. 2001) (internal citation and quotations omitted). | Four years. *See* Wyo. Stat. § 1-3-105(a)(iv)(d) (2006).  Discovery rule applies. *See* Wyo. Stat. § 1-3-106 (2006) ("A cause of action on the ground of fraud is not deemed to have accrued until the discovery of the fraud."); *see also Corkill v. Knowles*, 955 P.2d 438, 440 (Wyo. 1998) ("Wyoming applies the discovery rule to tort claims. The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence of that cause of action, that is when the injury or its cause becomes apparent."). | To obtain punitive damages plaintiff must prove (1) by a preponderance of the evidence that (2) the defendant engaged in outrageous conduct, malice, or willful and wanton misconduct. *See Campen v. Stone*, 635 P.2d 1121, 1127 (Wyo. 1981) (upholding jury instructions containing preponderance standard for awarding punitive damages); *Alexander v. Meduna*, 47 P.3d 206, 218 (Wyo. 2002) ("Outrageous conduct, malice, and willful and wanton misconduct are sufficient bases to warrant punitive damages."). |