## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARILYN LEWIS, ET AL<br>Plaintiffs | )<br>)<br>)<br>) | CIVIL ACTION NO.: 1:06-cv-11392-PBS |
| v. | )<br>) | (MDL No.: 1629) |
| JOHN BARRETT, ET AL<br>Defendants | )<br>)<br>)<br>) | Master Docket No.: 1:04-10981-PBS |

## MOTION OF DEFENDANTS, JOHN BARRETT AND THE HERTZ CORPORATION, TO SEVER AND TRANSFER PLAINTIFFS, MARILYN LEWIS AND HARRY LEWIS, FIRST CAUSE OF ACTION OF PLAINTIFF'S COMPLAINT TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

Defendants, John Barrett and The Hertz Corporation, pursuant to Fed. R. Civ. P. 21 and

pursuant 28 U.S.C.S. §1404(b) move this Court to sever and transfer Plaintiffs, Marilyn Lewis

and Harry Lewis' First Cause of Action of Plaintiffs' Complaint to the United States District

Court, Central District of California, Western Division, on the grounds that it is more convenient

for the parties and witnesses and is in the interest of justice.

In support of this Motion, defendants submit the accompanying memorandum of law.

Additionally, the defendants, pursuant to Local Rule 7.1 state their:

REQUEST FOR ORAL ARGUMENT.

> The Defendants,
> **John Barrett and**
> **The Hertz Corporation,**
> By their attorneys,

> _/s/ Gareth W. Notis_
> Gareth W. Notis- BBO #637814
> **MORRISON MAHONEY LLP**
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500

1027103v1

1

2

PROOF OF SERVICE BY MAIL
Code of Civil Procedure §§ 1013A, 2015.5

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1990 South Bundy Drive, Suite 540, Los Angeles, California 90025.

6

7

8

On the date below, I served the document described below on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) at Los Angeles, California and addressed as indicated below:

9

10

11

**Document Served:**  **PLAINTIFFS' NOTICE OF JOINING DEFENDANTS' MOTION TO SEVER AND TRANSFER PLAINTIFFS' FIRST CAUSE OF ACTION OF PLAINTIFFS' COMPLAINT TO UNITED STATES DISTRICT COURT/CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

**Counsel Served:**  **SEE ATTACHED LIST**

13

14

15

16

17

__X__  **(By Regular Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepared at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing affidavit.

18

_____  **(By Personal Service)** I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

19

20

__X__  **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

EXECUTED at Los Angeles, California on December 14, 2006.

24

25

26

Judy Evans

27

28

PROOF OF SERVICE

MICHAEL A.K. DAN LAW OFFICE
1990 S. Bundy Drive Suite 540
Los Angeles California 90025
310.979.0325 fax 310.979.7329
E-MAIL:: mdan@maxidlaw.com
A PROFESSIONAL CORPORATION

1

2

3

**SERVICE LIST**
*Lewis v. Barrett, et al.*
Case No. 1:06-cv-11392-PBS

4

5

6

Michael Weinstock                                    Attorney for Plaintiff
LAW OFFICE OF MICHAEL WEINSTOCK
9107 Wilshire Boulevard #275                         **HARRY LEWIS**
Beverly Hills, CA 90210

7

8

Phone:    310/275-1212
Fax:       310/275-6776

9

10

11

Steven Maslauski                                     Attorneys for Defendants
KIRTLAND & PACKARD
2361 Rosecrans Avenue, 4th Fl.                       **JOHN BARRETT; THE HERTZ**
El Segundo, CA 90245                                 **CORPORATION**

12

13

Phone:    310/536-1000
Fax:       310/536-1001

14

15

16

17

18

Michelle Fujimoto                                    Attorneys for Defendant
Darolyn Hamada
SHOOK, HARDY & BACON L.L.P.                          **PFIZER INC.**
Jamboree Center
5 Park Plaza #1600
Irvine, CA 92614-2546

19

20

Telephone:    949/475-1500
Fax:            949/475-0016

21

22

23

Gareth Notis                                         Massachusetts Attorneys for Defendants
MORRISON MAHONEY LLP
250 Summer Street                                    **JOHN BARRETT; THE HERTZ**
Boston, MA 02210                                     **CORPORATION**

24

Telephone:    617-439-7500

25

26

27

28

PROOF OF SERVICE

MICHAEL A.K. DAN LAW OFFICE
1990 S. Bundy Drive Suite 540
Los Angeles California 90025
310.979.0325 fax 310.979.7329
E-MAIL: mdan@makdlaw.com
A PROFESSIONAL CORPORATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MARILYN LEWIS, ET AL
    Plaintiffs

v.

JOHN BARRETT, ET AL
    Defendants

CIVIL ACTION NO.:  1:06-cv-11392-PBS
(MDL No.: 1629)

Master Docket No.:  1:04-10981-PBS

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS, JOHN BARRETT AND THE HERTZ CORPORATION, TO SEVER AND TRANSFER PLAINTIFFS, MARILYN LEWIS AND HARRY LEWIS' FIRST CAUSE OF ACTION OF PLAINTIFFS' COMPLAINT TO THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

The defendants, John Barrett ("Mr. Barrett") and The Hertz Corporation ("Hertz"), submit this Memorandum of Law in Support of their Motion to Sever and Transfer Venue pursuant to Fed. R. Civ. P. 21 and 28 U.S.C.S. § 1404. In support of their Motion, the defendants state:

### FACTS

This is an action for negligence against Mr. Barrett and Hertz in which the plaintiffs, Marilyn Lewis ("Marilyn") and Harry Lewis ("Harry") allege they sustained personal injuries during a motor vehicle accident with Mr. Barrett in which he was operating a motor vehicle owned by Hertz. Harry and Marilyn, husband and wife, reside in Los Angeles, California. Mr. Barrett resides in New York, New York. Hertz is incorporated in Delaware and has a principal place of business in Los Angeles, California.

On February 28, 2004, near the intersection of Wilshire Boulevard and Santa Monica Boulevard in Beverly Hills, California, Plaintiffs allege Mr. Barrett negligently collided with their motor vehicle resulting in injuries to each of them. Both Harry and Marilyn treated for their

injuries in and around Beverly Hills, California. As part of her treatment, Marilyn was prescribed Neurontin. Marilyn claims she has suffered additional injuries because she took Neurontin.

## PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on February 27, 2006, in the Superior Court of the State of California for the County of Los Angeles. Plaintiffs' Complaint contains five causes of action: 1) negligence by Marilyn and Harry as to Mr. Barrett and Hertz, 2) negligence to Marilyn by Pfizer, Inc., 3) strict liability by Marilyn as to Pfizer, Inc., 4) express warranty by Marilyn as to Pfizer, Inc., and 5) implied warranty by Marilyn as to Pfizer, Inc. (See Plaintiffs' Complaint, attached as Exhibit A). On June 14, 2006, Pfizer, Inc. filed a Notice of Removal of Action Pursuant to 28 U.S.C. § 1441(a) in the United States District Court, Central District of California, Western Division. (See, Notice of Removal, attached as Exhibit B). On August 10, 2006, the Order of Consolidation was filed in the United States District Court, District of Massachusetts, consolidating this case with *In Re Neurontin*, C.A. No. 04-10981-PBS. (See Order of Consolidation, attached as Exhibit C) This case is presently pending in the United States District Court of Massachusetts, consolidated with the products liability class action related to Neurontin manufactured by Pfizer, Inc.

## ARGUMENT

"Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Claims against defendants unrelated to a class action may be severed and tried separately. See Wicks v. Putnam Investment Management, LLC et al., 2005 U.S. Dist. LEXIS 4892 (2005). In this case, prior to the Order of Consolidation, Mr. Barrett and Hertz were not defendants in *In Re Neurontin*. Plaintiffs' claim against Mr. Barrett and Hertz is unrelated to *In Re Neurontin* and should be severed.

2

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.S. § 1404(a). The District Court weighs a number of case specific factors in analyzing a motion to transfer. Royal Bed and Spring Co., v. Famossul Industria E. Comercio De Moveis LTDA., 906 F.2d 45, 51 (1st Cir. 1990). These factors include: (1) the relative convenience of the parties; (2) the convenience of the witnesses and location of documents; (3) any connection between the forum and the issues; (4) the law to be applied; and (5) the state or public interest at stake. However, when the plaintiff chooses the home forum, it is given great deference based on the assumption that the plaintiff choose a convenient forum. Royal Bed and Spring Co., v. Famossul Industria E. Comercio De Moveis LTDA., 906 F.2d 45, 52 (1st Cir. 1990).

Clearly, it is in the interest of justice and more convenient for the parties and witnesses to return Plaintiffs' First Cause of Action to the United States District Court, Central District of California, Western Division. Plaintiffs' negligence action against Mr. Barrett and Hertz is unrelated to the class action involving Neurontin pending in the United States District Court, District of Massachusetts. Evidence presented, witnesses called to testify and laws applied are separate and distinct in each of these actions. The incident motor vehicle accident occurred in California. Marilyn, Lewis and Hertz reside in California and will be inconvenienced if this action continues in Massachusetts. All of the witnesses, consisting of police officers, physicians who provided medial treatment to Plaintiffs, and those that observed the accident are located in California. All documentary evidence consisting of medical records, accident reports and rental agreements, are located in California. California law applies to this negligence action and the United States District Court, Central District of California, Western Division is more familiar with its application. California has interests in seeing its residents who are injured receive

3

compensation for their injuries as well as seeing those who traverse on its roadways held liable for negligent actions.

Under 1404(a), this action could have been brought in the United States District Court, Central District of California, Western Division as evidenced by the transfer there from the Superior Court of the State of California.  Therefore, Plaintiffs' First Cause of Action of Plaintiffs' Complaint, alleging negligence against Mr. Barrett and Hertz should be transferred back to the Superior Court of the State of California for the County of Los Angeles.

## CONCLUSION

For these reasons, the defendants, John Barrett and Hertz Rental Company, pursuant to 28 U.S.C.S. § 1404, request this Honorable Court transfer Plaintiffs, Marilyn Lewis and Harry Lewis' First Cause of Action of Plaintiffs' Complaint to the Superior Court of the State of California for the County of Los Angeles.

> The Defendants,
> **John Barrett and**
> **The Hertz Corporation,**
> By their attorneys,
>
> _/s/ Gareth W. Notis_
> Gareth W. Notis- BBO # 637814
> **MORRISON MAHONEY LLP**
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500

## Certificate of Service

I certify that this document has been served upon all counsel of records in compliance with the F.R.C.P. this 20th day of November, 2006.

> /s/ Gareth W. Notis
> Gareth W. Notis

4

i024386v1

1
MICHAEL A. K. DAN (SBN 46383)
2
DOUGLAS A. ROTHSCHILD (SBN 207333)
**CONFORMED COPY**
**MICHAEL A. K. DAN, A PROFESSIONAL CORPORATION** OF ORIGINAL FILED
3
1990 S. Bundy Drive, Suite 540
Los Angeles Superior Court
Los Angeles, CA 90025
4
Telephone (310) 979-0325
FEB 2 7 2006
5
Facsimile (310) 979-7329
John A. Clarke, Executive Officer/Clerk
6
MICHAEL W. WEINSTOCK (SBN 56217)
By J. Gipson, Deputy
**LAW OFFICE OF MICHAEL W. WEINSTOCK**
7
9107 Wilshire Blvd., Suite 275
**DATE OF HEARING**
8
Beverly Hills, California 90210
**JUN 1 9 2006**
Telephone:     (310) 275-1212
9
Facsimile:     (310) 275-6776
IN DEPT. WE
10
Attorneys for Plaintiff(s)
**VALERIE BAKER**
8:30am
11

12
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
13
**FOR THE COUNTY OF LOS ANGELES**
14

15
MARILYN LEWIS, HARRY LEWIS,
CASE NO:  SC088775
16
Plaintiffs,
17
vs.
**COMPLAINT FOR DAMAGES**
18
JOHN BARRETT; THE HERTZ
CORPORATION; PFIZER, INC; and
19
DOES 1-300, Inclusive,
20
Defendants.

| | |
|---|---|
| 1. | **NEGLIGENCE - Auto v. Auto** |
| 2. | **NEGLIGENCE - Prod. Liability** |
| 3. | **STRICT LIABILITY** |
| 4. | **BREACH OF EXPRESS WARRANTY** |
| 5. | **BREACH OF IMPLIED WARRANTY** |

21

22
**DEMAND FOR JURY TRIAL**
23
**DEMAND EXCEEDS $25,000**
24
MAY 17 2006
25
MARILYN LEWIS and HARRY LEWIS ("Plaintiffs") allege:
26
27
28

- 1 -

1

## **FIRST CAUSE OF  ꓔION**

2    **(Negligence by all Plaintiffs as to JOHN BARRETT, THE HERTZ CORPORATION and**

3    **DOES 1 through 175)**

4        1.        Plaintiffs Marilyn Lewis and Harry Lewis were injured in Los Angeles County and

5    are husband and wife.

6        2.        True name and capacity, whether individual, associate, corporate, governmental, or

7    otherwise of DOES 1 through 300, inclusive, are unknown to Plaintiff, who sues said Defendants

8    by fictitious names. When true names and capacities are ascertained, Plaintiffs will amend.

9        3.        Plaintiffs are informed and believe Defendant(s), whether DOE or NAMED, is

10   negligently, intentionally, strictly, or otherwise responsible for events and happenings and caused

11   Plaintiffs' injuries by such conduct.

12       4.        Defendant(s), whether DOE or NAMED, was a principal and/or agent, and/or servant,

13   and/or employee of principal. All acts performed by Defendant(s) were within the course and scope

14   and/or authority, ostensible or actual, of agency and/or employment and with permission/consent of

15   each co-Defendant.

16       5.        Defendant(s), does business and/or resides in this County and Judicial District.

17       6.        Plaintiffs are informed and believes and thereon alleges that Defendant(s) JOHN

18   BARRETT and DOES 1-25 is/are, and at all times mentioned herein was/were, (a) resident(s) of the

19   city of New York, State of New York.

20       7.        Plaintiffs are informed and believes and thereon alleges that Defendant(s) THE

21   HERTZ CORPORATION and DOES 26-50 is/are, and at all times mentioned herein was/were, (a)

22   incorporated in the state of Delaware; with a principal place of business at 9000 Airport Blvd., Los

23   Angeles, California 90045

24       8.        Plaintiffs are informed and believe, and thereon alleges, that at all times herein

25   mentioned, Defendant(s) and DOES 20 through 75, inclusive, and each of them, were the owners

26   of, or had an ownership interest in, the motor vehicle generally referred to and described as a grey

27   Jaguar sedan, license plate number 5FDJ640, which caused injury and damage to Plaintiffs.

28

- 2 -

MICHAEL A.  ꓮ..  LAW OFFICE
1990 S. Bundy Drive, Suite 540
Los Angeles, CA 90025
310. 979.0025 fax 310.979.7239
E-MAIL: mike@mmlaw.com
A PROFESSIONAL CORPORATION

9.    ..aintiffs are informed and believe, al.    .ereon alleges that at all times herein mentioned, Defendant BARRETT and DOES 1 through 100, inclusive, and each of them, operated the said motor vehicle with the express or implied consent, permission and knowledge of the remaining Defendants, and each of them.

10.    Defendant(s) and DOES 1 through 100, operated said motor vehicle with the express or implied consent, permission and knowledge of co-Defendants.

11.    Defendant(s) DOES 101 through 125, are manufacturers, wholesalers, distributors, retailers, sellers, developers, suppliers, designers, testers, promoters, assemblers, maintenance personnel, and other involved in design, manufacture, testing, distribution, sale, marketing, and maintenance of products involved in subject accident.

12.    Defendant(s) Does 126-150 are public entities, government subdivisions, or others, who owned, repaired, maintained streets, highways, roads, without limitation thereto, in this state of California.

13.    On February 28, 2004, Plaintiffs were passengers in their Lincoln Town Car bearing California license plate number 4FVB648 on Wilshire Boulevard at or near its intersection with Santa Monica Boulevard, in the city of Beverly Hills, in the County of Los Angeles, State of California.

14.    At all times herein mentioned, the intersection of Wilshire Boulevard at or near its intersection with Santa Monica Boulevard were public street(s) or thoroughfare(s), and are located within the County of Los Angeles, State of California.

15.    Defendants, whether Named as DOE(s), negligently entrusted, owned, managed, maintained, supervised, acted, conducted, drove and operated without limitation thereto their vehicle so as to cause said collision with the vehicle in which Plaintiffs were located.

16.    As a result of negligence, carelessness, and conduct of Defendant(s), Plaintiffs have been injured in health, strength, activity, body and mind.  Plaintiffs are permanently sick, and disabled, internally and externally; personal injuries include, without limitation thereto. These injuries cause Plaintiffs anxiety, mental distress, fear, pain, suffering, apprehension, and other

- 3 -

1  distress secon ... y thereto. Plaintiffs have suffered oth. .njuries, the exact nature and extent not
2  known. These injuries have generally damaged Plaintiffs in a sum above the Jurisdictional minimum
3  of this Court.

4    17.    As a result of negligence, carelessness and conduct of Defendant(s), and by reason
5  of injury Plaintiffs have, are, and will be prevented from following an occupation/ business and have
6  loss of earning and diminution of earning capacity. The exact amount of such loss is presently
7  unknown.

8    18.    As a result of negligence, carelessness and conduct of Defendant(s), and by reason
9  of injury Plaintiffs have, are, and will require reasonable and necessary medical/hospital/health care,
10  attention and services and incurred expenses; there will be future medical/hospital/ health care,
11  attention and services. The exact amount is presently unknown.

12    19.    As a result of negligence, carelessness and conduct of Defendant(s), Plaintiffs further
13  sustained damages and loss of use of Plaintiffs' personal property, according to proof. The exact
14  amount is presently unknown.

15    20.    Plaintiffs request PreJudgment and Post-Judgment Interest, as provided by law.

16                    ✄    **SECOND CAUSE OF ACTION**

17        **(Negligence to Marilyn Lewis by Pfizer, Inc. and DOES 176 through 275)**

18    21.    Plaintiff incorporates paragraphs 1 - 20.

19    22.    Plaintiff, MARILYN LEWIS, was injured by Defendants' product.

20    23.    True name and capacity, whether individual, associate, corporate, governmental, or
21  otherwise of DOES 176 through 275, inclusive, are unknown to Plaintiff, who sues Defendant(s) by
22  fictitious name. When true name and capacity are ascertained Plaintiff will amend.

23    24.    Defendants, PFIZER, INC. and DOES 176 through 200, are corporations registered
24  to do business and doing business in the State of California, this County, and judicial district.

25    25.    Neurontin is a prescription medication approved by the U.S. Food and Drug
26  Administration (FDA) for treatment of epilepsy and post-herpetic neuralgia.

27  / / /

28

- 4 -

26.    Plaintiff is informed and believes, and based thereon alleges that Defendants marketed and promoted Neurontin for off-label use. Methods used by Defendants to deceptively promote Neurontin for off-label indications included: continuing medical education (CME) classes that lacked balance, misrepresented the nature of the CME and provided expensive "perks" to attending physicians; a "publication strategy" that subsidized the production and dissemination of anecdotal reports favorable to off-label use of Neurontin, but which had no scientific value; and providing incomplete information about Neurontin to the drug reference compendium "Drugdex."

27.    Federal and state governments agreed to a $430 million settlement with said Defendants to resolve state and federal allegations of deceptive marketing, Medicaid fraud and illegal kickbacks in the promotion and sale of Neurontin.

28.    At all times relevant, Defendant(s) and DOES 176 - 275 prepared, tested, promoted, manufactured, designed, and sold, without limitation thereto, its product, Neurontin, a prescription drug preparation made available to the general public with a representation it was effective for the management of pain in adults.  In reliance upon these and other representations, Plaintiff ingested Defendant's(s') Neurontin.  Said product was taken in the manner recommended and promoted by Defendant(s). Subject product had been created, designed, tested, assembled, manufactured, labeled, distributed, marketed, sold and advertised, warned and failed to be warned, and otherwise distributed in interstate commerce in its prescribed form by Defendant(s) and DOES 176 - 275.

29.    Neurontin is a drug, sold by prescription to the public. The packaging information contains no warning concerning dermatologic, immune, or allergic reactions and/or side effects, nor does the label warn against use of the drug if one has had prior similar complaints.

30.    Notwithstanding the promotion and marketing by Defendant(s), the product is unsafe and can cause serious dermatologic, immune, or allergic reactions and/or other serious medical conditions. Plaintiff purchased, by prescription, subject product at her local pharmacy for pain relief following an automobile accident.  Confident the product was safe for use, Plaintiff took the drug in the amounts prescribed by her doctor.

///

- 5 -

COMPLAINT FOR DAMAGES

31.     Plaintiff, who is unskilled in the medical or health sciences, purchased and took subject drug, unaware of the possible side effects listed above and in reliance it would not cause same.

R₂ INJURY

32.     On or about March 16, 2004, Plaintiff began to evidence maculopapular eruption, erythematous in appearance, on the lower extremities. She presented to her physician for treatment.

33.     At all times relevant, and despite the representations made by Named and DOE Defendants, Defendant(s) did negligently and carelessly research, design, manufacture, assemble, distribute, test, study, label, and promote its product, without limitation thereto, so as to cause injury and damage to Plaintiff.

34.     As a result of the negligence, carelessness, and conduct of Defendant(s), Plaintiff has been injured in health, strength, activity, body, and mind. Plaintiff is permanently sick and disabled, and has suffered personal injuries including, without limitation, dermatologic, immune, and allergic reactions.     These injuries caused Plaintiff anxiety and mental distress, fear, pain, suffering, apprehension, and other distress secondary thereto. Plaintiff has suffered other injuries, the exact nature and extent of which are not known. These injuries have generally damaged Plaintiff in a sum above the jurisdictional minimum of this Court.

### THIRD CAUSE OF ACTION

**(Strict Liability By Marilyn Lewis as to Pfizer, Inc. and DOES 176 through 275)**

35.     Plaintiff incorporates paragraphs 1 - 34.

36.     Plaintiff seeks to recover damages based upon a claim of defective product. The product is defective by way of manufacture, design, and failure to give adequate warning to the consumer, i.e. Plaintiff, of a hazard involved in the foreseeable use of the product.

NO DUTY !

37.     At all times relevant hereto, each Defendant was the manufacturer, supplier, or seller of the product, Neurontin, without limitation thereto.

38.     Plaintiff seeks compensation for a <u>manufacturing defect</u>.

39.     The product possessed a defect in its manufacture which existed when the product left Defendant's(s') possession. Subject defect in manufacture was a cause of injury to Plaintiff and

MICHAEL A. R____  ) OFFICE
1990 S. Bundy Drive, Suite 540
Los Angeles, CA 90025
310.479.0211 fax 310.979.7229
E-MAIL: mbl____@____.com
A PROFESSIONAL CORPORATION

- 6 -

1   Plaintiff's injury resulted from a use of the product that was reasonably foreseeable to Defendant(s).

2        40.     The defect in the manufacture of the product existed in that the product differed from

3   the manufacturer's intended result.

4        41.     The defect in manufacture existed in that the product differed from apparently

5   identical products from the same manufacturer.

6        42.     Plaintiff additionally seeks compensation for <u>design defect</u>.

7        43.     Subject product possessed a defect in its design which existed at the time it left

8   Defendant's(s') possession and subject defect was a cause of injury to Plaintiff.

9   Plaintiff's injury resulted from the use of the product that was reasonably foreseeable by

10   Defendant(s).

11        44.     Defendant's(s') product failed to perform as safely as an ordinary consumer would

12   expect when used in an intended or reasonably foreseeable manner. In regard to subject product,

13   there was a risk of danger inherent in the design which outweighed the benefit of that design.

14        45.     Subject product was <u>not</u> inherently unsafe and the product was not known to be

15   unsafe by an ordinary consumer with ordinary knowledge common to the community who would

16   consume such a product.

17        46.     Plaintiff additionally seeks compensation for a <u>warning defect</u>.

18        47.     This product was defective as a result of failure to warn.

19        48.     The product was defective and was a cause of injury to Plaintiff in that Plaintiff's

20   injury resulted from a use of the product that was reasonably foreseeable to Defendant(s); it involved

21   a substantial danger that would not be readily recognized by the ordinary user of the product. The

22   danger was known or knowable in light of the generally recognized and prevailing best scientific and

23   medical knowledge available at the time of manufacturer and distribution; yet, Defendant(s) failed

24   to give adequate warning of that danger.

25        49.     Defendant(s) breached its duty to provide adequate warning to Plaintiff as to how to

26   use the product since a reasonably foreseeable use of the product involved a substantial danger, of

27   which Defendant(s) were either aware or should have been aware, and that would not be readily

28

- 7 -

COMPLAINT FOR DAMAGES

1  recognizable by the ordinary user, i.e. Plaintiff.    *No DUTY TO CONSUMER*

2      50.    Defendant(s) breached its duty to provide adequate warning to the consumer of the

3  product of potential risks or side effects which may follow the use of the product and which are

4  known or knowable in light of generally recognized and prevailing best scientific and medical

5  knowledge at the time of manufacture and distribution.

6      51.    As a result of the defect of subject product, Plaintiff has been injured and damaged.

7                      **FOURTH CAUSE OF ACTION**

8    **(Express Warranty By Marilyn Lewis as to Pfizer, Inc. and DOES 176 through 275)**

9      52.    Plaintiff incorporates paragraphs 1 - 51.

10      53.    Plaintiff seeks to recover damages based upon a claim of <u>breach of express warranty</u>.

11      54.    At all times relevant, there was a sale of goods wherein Defendant(s) were the seller

12  and Plaintiff the buyer.  Defendant(s) expressly warranted the goods; there was breach of warranty

13  which caused Plaintiff to suffer injury, damage, loss, or harm.

14      55.    At all times relevant, affirmations of fact or promises were made by Defendant(s) to

15  Plaintiff which related to the sale and was part of the basis of the bargain created.

16      56.    At all times relevant, Defendant(s) expressly warranted said product would be safe

17  and effective if used in the manner in which it was to be taken and without mention of any side

18  effects which are relevant to the issues in this litigation.

19      57.    There was a breach of subject express warranty since the product sold did not

20  reasonably conform to expressly warranted or promised quality characteristics of performance of

21  subject product.

22      58.    Plaintiff relied upon the express warranties of Defendant(s), to her injury and damage.

23      59.    As a result of the breach of the express warranty by Defendant(s), Plaintiff has been

24  injured and damaged.

25                      **FIFTH CAUSE OF ACTION**

26    **(Implied Warranty By Marilyn Lewis as to Pfizer, Inc. and DOES 176 through 275)**

27      60.    Plaintiff incorporates by reference paragraphs 1 - 59.

28

MICHAEL A. K. [ ] / OFFICE
1990 E. Bundy Drive, Suite 540
Los Angeles, CA 90025
310. 979.0215 fax 310.979.7329
E-MAIL: [ ]
A PROFESSIONAL CORPORATION

- 8 -

PRIVITY
WARTS

61.     Plaintiff seeks to recover damages based upon a claim of implied warranty.

62.     At all times relevant, there was a sale of goods with Defendant(s) being the seller and Plaintiff the buyer. Defendants impliedly warranted the goods sold; there was a breach of implied warranty which caused Plaintiff to suffer injury, damage, loss, or harm.

63.     At the time of sale, the seller had reason to know the particular purpose for which the product was required and Plaintiff relied on Defendant's(s') skill or judgment to select or furnish a suitable product so that there would be an implied warranty that the goods would be fit for such purpose, i.e. an implied warranty of fitness.

64.     For a product such as this, i.e. a medication to be taken internally for a purported health benefit, there was an implied warranty that it be reasonably fit for human consumption.

65.     The sale of a product, as there was herein, is an implied warranty the goods shall be merchantable, i.e. the product is at least as fit for the ordinary purposes for which such products are used and shall at least conform to the promises or affirmations of fact made on the container, labeling, or packaging, i.e. there is implied warranty of merchantability.

66.     At all times relevant, there was a breach of the implied warranty of fitness in that the goods sold were not reasonably fit for the purpose for which they were sold. There was a breach of the implied warranty of fitness for subject product in that it was not reasonably fit for human consumption. There was a breach of the implied warranty of merchantability since the product sold was not reasonably suitable for the ordinary purpose for which it was to be used. There was a breach of implied warranty of merchantability since the product did not reasonably conform to the promises or affirmations made on the container, label, or packaging.

67.     As a result of the breach of the implied warranty, Plaintiff has been injured and damaged.

Plaintiff(s) pray(s) for Judgment against Defendant(s):

1.      General damages in a sum above the Jurisdictional minimum of this Court;

2.      Loss of earnings and diminution of earning capacity, according to proof;

3.      Medical/hospital/health expenses, according to proof;

- 9 -

1    4.      Costs of suit;

2    5.      PreJudgment and PostJudgment Interest provided by law;

3    6.      Damages for loss of use of Plaintiff's personal property, according to proof; and

4    7.      Such other and further relief as just and proper.

5    **PLAINTIFF REQUESTS TRIAL BY JURY.**

6

7    DATED: February 27, 2006            **MICHAEL A.K. DAN**
                                         **A Professional Corporation**

8

9

10                                       By: _____

11                                           MICHAEL A. K. DAN
                                             DOUGLAS R. ROTHSCHILD
                                             **Attorneys for Plaintiffs**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

**COMPLAINT FOR DAMAGES**

1  Michelle M. Fujimoto, SBN 125462
2  Darolyn Y. Hamada, SBN 192334
   SHOOK, HARDY & BACON L.L.P.
   Jamboree Center
3  5 Park Plaza, Suite 1600
   Irvine, California 92614-2546
4  Telephone: 949-475-1500
   Facsimile:  949-475-0016
5  dhamada@shb.com

6  Attorneys for Defendant
   Pfizer Inc.
7

8                  UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11  MARILYN LEWIS, HARRY LEWIS,      )  Case No.
                                     )
12           Plaintiffs,             )  **NOTICE OF REMOVAL OF**
                                     )  **ACTION PURSUANT TO 28 U.S.C. §**
13       vs.                         )  **1441(a)**
                                     )
14  JOHN BARRETT; THE HERTZ          )  [Filed Concurrently With Notice Of
    CORPORATION; PFIZER, INC.; AND   )  Related Cases, Certification As To
15  DOES 1-300, Inclusive,           )  Interested Parties, Notice Of Pendency Of
                                     )  Other Actions Or Proceedings And
16           Defendants.            )  Disclosure Statement]

17                                      Complaint filed:  2/27/06

18          Pursuant to provisions of 28 U.S.C. §§ 1441(a) and 1446, defendant

19  Pfizer Inc. ("Pfizer") files this Notice of Removal of this case from the Superior Court

20  of the State of California, County of Los Angeles, West Judicial District, to the United

21  States District Court for the Central District of California, Western Division.  In

22  support of this Notice of Removal, Pfizer states the following:

23  I.    **INTRODUCTION**

24          1.    The removed case is a civil action filed on or about February 27,

25  2006, in the Superior Court of the State of California, County of Los Angeles, West

26  Judicial District, styled, *Marilyn Lewis, Harry Lewis v. John Barrett; The Hertz*

27  *Corporation; Pfizer, Inc.; and Does 1-300, Inclusive*, Case No. SC088776.  Plaintiffs

28  allege that they were involved in an automobile accident with defendant John Barrett

1  ("Barrett") who was driving a vehicle owned by defendant The Hertz Corporation

2  ("Hertz"). Compl. ¶¶ 1-20. Plaintiffs also allege that after the accident, Marilyn

3  Lewis obtained Neurontin® ("Neurontin"), a prescription drug manufactured by

4  Pfizer, and that as a result of ingesting Neurontin she was injured weeks later.

5  Plaintiffs allege negligence against Barrett and Hertz and strict liability, negligence

6  and breach of warranty against Pfizer. A true and correct copy of the Complaint for

7  Damages is attached as Exhibit A.

8          2.      Pfizer was served with a Summons and copy of the Complaint on

9  May 15, 2006.

10          3.      Pfizer filed its Answer on June 12, 2006.

11          4.      Upon information and belief, Hertz was served with a Summons

12  and copy of the Complaint on May 15, 2006.

13          5.      On June 7, 2006, Hertz filed its Answer and a Cross-Complaint

14  against Barrett.

15          6.      Upon information and belief, defendant John Barrett has not been

16  served in this action.

17          7.      Under 28 U.S.C. § 1446(b), this removal is timely. This Notice of

18  Removal is being filed within 30 days of service of the Complaint upon Pfizer and

19  Hertz.

20          8.      As set forth *infra*, plaintiffs' claims against defendants Hertz and

21  Barrett are wholly unrelated to plaintiff Marilyn Lewis's claims against Pfizer. As

22  such, plaintiffs' claims against defendants Hertz and Barrett are misjoined in this

23  action and should be severed pursuant to Rule 21 of the Federal Rules of Civil

24  Procedure. Under Federal Rule of Civil Procedure 20, defendants may be joined in a

25  single action only "if there is asserted against them jointly, severally, or in the

26  alternative, any right to relief in respect of or arising out of the same transaction,

27

28

2

35995V1

1  occurrence, or series of transactions or occurrences and if any question of law or fact
2  common to all defendants will arise in the action."

3      9.    The negligence claims against defendants Barrett and Hertz arise
4  out of a completely separate transaction or occurrence from the products liability
5  claims against Pfizer. Specifically, plaintiffs allege that on February 28, 2004, they
6  were involved in an automobile accident with a vehicle driven by defendant Barrett
7  and owned by defendant Hertz. As a result of the accident, plaintiffs allege they
8  suffered injuries. Compl. ¶¶ 1-20.

9      10.   In an unrelated claim, plaintiff Marilyn Lewis alleges that she was
10  injured as a result of ingesting Neurontin, a drug she was allegedly prescribed for pain
11  following the automobile accident. Plaintiff alleges that her injury from Neurontin
12  manifested on or about March 16, 2004 – more than two weeks after the accident.
13  Compl. ¶¶ 30-32.

14      11.   The alleged claims against Barrett and Hertz do not "aris[e] out of
15  the same transaction, occurrence, or series of transactions or occurrences" as plaintiff
16  Marilyn Lewis's claims against Pfizer; Pfizer is not jointly, severally, or alternatively
17  liable for these claims; and these claims do not involve any common questions of law
18  or fact with the claims against Pfizer. *See* Fed. R. Civ. P. 20. The strict liability,
19  negligence and breach of warranty claims against Pfizer are based on alleged defects
20  in the design, manufacture and warnings related to the prescription drug, Neurontin.
21  Compl. ¶¶ 21-67. On the other hand, the negligence claims against Barrett and Hertz
22  arise out of a two-vehicle automobile accident. Compl. ¶¶ 1-20. Accordingly, the
23  claims against defendants Barrett and Hertz have been misjoined with the claims
24  against Pfizer. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (finding
25  misjoinder when plaintiffs' claims failed to arise out of or relate to the same
26  transaction or occurrence and failed to present common questions of law or fact).

27
28

3

35995V1

1            12.    Plaintiff Marilyn Lewis's claims against Pfizer derive from the

2  alleged conduct of Pfizer in marketing the prescription drug Neurontin for so-called

3  "off-label" uses, or uses not specifically approved by the United States Food and Drug

4  Administration. Actions in a number of federal jurisdictions – all arising out of a

5  common core of factual allegations relating to the marketing of Neurontin – have been

6  filed against Pfizer. On October 26, 2004, the Judicial Panel on Multidistrict

7  Litigation ("JPML") ordered the cases consolidated and transferred to the District of

8  Massachusetts as part of MDL No. 1629, *In re Neurontin Marketing and Sales*

9  *Practices Litigation.* The JPML expanded the multidistrict litigation on April 19, 2005

10  to include personal injury cases brought by individual plaintiffs and renamed the

11  matter, *In re Neurontin Marketing, Sales Practices and Product Liability Litigation,*

12  MDL No. 1629. Because the claims asserted against Pfizer in this case are very

13  similar to claims asserted in the other cases consolidated before the JPML, Pfizer

14  intends to notify the JPML that this case is a potential "tag-along" action and it is

15  expected that the JPML will issue an order transferring this case to the District of

16  Massachusetts within a few weeks.

17            13.    In light of the misjoinder of the claims against Barrett and Hertz,

18  this Court should sever the claims against them pursuant to Federal Rule of Civil

19  Procedure 21. Under that rule, misjoined "[p]arties may be dropped or added by order

20  of the court on motion of any party or of its own initiative at any stage of the action

21  and on such terms as are just. Any claim against a party may be severed and

22  proceeded with separately." Fed. R. Civ. P. 21. To promote judicial efficiency and

23  economy and advance the objectives of the MDL, the claims against Pfizer should be

24  consolidated with similar Neurontin claims in the Neurontin MDL proceeding in the

25  District of Massachusetts, while the negligence claims arising out of the motor vehicle

26  accident go forward separately in this Court.

27

28

35995V1

1  ## II.    JURISDICTIONAL BASIS FOR REMOVAL

2         14.    This Court has jurisdiction over this action pursuant to 28 U.S.C.

3  §§ 1332 and 1441 because: (1) there is complete diversity of citizenship between

4  plaintiffs and the defendants; (2) no defendant is a California citizen; and (3) the

5  amount in controversy exceeds the sum or value of $75,000, exclusive of interest and

6  costs.

7         ### A.    Diversity of Citizenship Exists Between the Parties

8         15.    Upon information and belief, plaintiffs Marilyn Lewis and Harry

9  Lewis are, and at the time of the filing of this action were, citizens of the State of

10  California. Compl. ¶ 1.

11        16.    Defendant Pfizer is, and at the time of the filing of this action was,

12  a corporation existing under the laws of the State of Delaware, having its headquarters

13  in the State of New York.

14        17.    Upon information and belief, defendant Hertz is, and at the time of

15  the filing of this action was, a corporation existing under the laws of the State of

16  Delaware, having its headquarters in the State of New Jersey.[1]

17        18.    Upon information and belief, defendant Barrett is, and at the time

18  of the filing of this action was, a citizen of the State of New York. Compl. ¶ 6.

19        19.    The fictitious defendants named in the complaint as Does 1-300

20  are disregarded for purposes of assessing diversity of citizenship. *See* 28 U.S.C. §

21  1441(a).

22

23

24

25

26

27  [1]    Plaintiffs allege that defendant The Hertz Corporation is a Delaware corporation with a principal place of business in California. *See* Compl. ¶ 7.

28

NOTICE OF REMOVAL OF ACTION

35995V1

1         20.    Pursuant to paragraphs 15-19 there is complete diversity among

2    the parties.[2]

3        **B.    The Amount In Controversy Requirement Is Satisfied**

4         21.    Plaintiff Marilyn Lewis alleges that as a result of ingesting

5    Neurontin she has sustained injuries to her "health, strength, activity, body, and

6    mind," including "dermatologic, immune and allergic reactions," and that she is

7    "permanently sick and disabled." Compl. ¶ 34. Further, plaintiff alleges that these

8    injuries have caused her "anxiety and mental distress, fear, pain, suffering,

9    apprehension, and other distress." *Id.* In addition, plaintiff claims loss of earnings

10   and diminution of earning capacity, and medical, hospital, and health expenses.

11   Compl. (Prayer).

12        22.    Given the foregoing, the face of the Complaint makes clear that

13   plaintiff Marilyn Lewis seeks in excess of $75,000, exclusive of interest and costs.

14   *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

15   **III.   OTHER PROCEDURAL MATTERS**

16        23.    Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States

17   District Court for the Central District of California, Western Division, is the

18   appropriate court for filing a Notice of Removal from the Superior Court of the State

19   of California, County of Los Angeles, West Judicial District. *See* 28 U.S.C. §

20   84(c)(2).

21        24.    The consent of Barrett and Hertz to this removal is not required

22   because only properly joined parties need consent to removal. *See, e.g., Tapscott v.*

23   *MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996), *abrogated on other*

24       [2]    Though defendants Hertz and Barrett are diverse from plaintiffs, the citizenship of Hertz and

25   Barrett is not considered because the claims against them have been misjoined with the
     claims against Pfizer. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60

26   (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069
     (11th Cir. 2000); *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 780-81 (S.D. Miss.

27   2003). *See also* 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal*
     *Practice and Procedure* § 3723, at 657 (3d ed. 1998) ("misjoined parties need not join [in the

28   removal] and their presence is not considered").

                          6

35995V1

1  *grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Smith v.*

2  *Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 780-81 (S.D. Miss. 2003). *See also*

3  14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice*

4  *and Procedure* § 3723, at 657 (3d ed. 1998) ("misjoined parties need not join [in the

5  removal] and their presence is not considered"). In addition to not being a properly

6  joined party, defendant Barrett has not been served. A party not served need not join

7  in the removal. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429

8  (9th Cir. 1984).

9       25.    Pursuant to 28 U.S.C. § 1446(a), Pfizer has attached hereto copies

10  of all process, pleadings, and orders served upon and by Pfizer. *See* Exhibit B.

11       26.    Pursuant to 28 U.S.C. § 1446(d), Pfizer shall give plaintiffs written

12  notice of the filing of this Notice of Removal, and Pfizer shall file the written notice of

13  having filed this Notice of Removal with the clerk of the Superior Court of the State

14  of California, County of Los Angeles, West Judicial District, attaching thereto a copy

15  of this Notice of Removal.

16       WHEREFORE, Pfizer gives notice that the matter styled as *Marilyn*

17  *Lewis, Harry Lewis v. John Barrett; The Hertz Corporation; Pfizer, Inc.; and Does 1-*

18  *300, Inclusive*, Case No. SC088776, which was filed on or about February 27, 2006,

19  in the Superior Court of the State of California, County of Los Angeles, West Judicial

20  District, is removed to the United States District Court for the Central District of

21  California, Western Division.

22

23  Dated: June 14, 2006                    Respectfully submitted,

24                                           SHOOK, HARDY & BACON L.L.P.

25

26                          By: _____

27                                  Darolyn Y. Hamada
                                    Attorneys for Defendant
28                                  Pfizer Inc.

                                7

35995V1

## PROOF OF SERVICE

1

2

3    I am employed in the County of Orange, State of California. I am over the age of 18
and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine,
4    California 92614.

5    On June 14, 2006, I served on the interested parties in said action the within:

6    **NOTICE OF REMOVAL**

7    by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached
mailing list.
8

9    ☒    (MAIL) I am readily familiar with this firm's practice of collection and processing
correspondence for mailing. Under that practice it would be deposited with the U.S. postal
10    service on that same day in the ordinary course of business. I am aware that on motion of party
served, service is presumed invalid if postal cancellation date or postage meter date is more
11    than 1 day after date of deposit for mailing in affidavit.

12    ☐    (FAX) I caused such document(s) to be served via facsimile on the interested parties at their
facsimile numbers listed above. The facsimile numbers used complied with California Rules of
13    Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of
Court, Rule 2006(d), I caused the machine to print a report of the transmission, a copy of which
14    is attached to the original of this declaration.

15    ☐    (HAND DELIVERY) By placing a true and correct copy of the above document(s) in a sealed
envelope addressed as indicated above and causing such envelope(s) to be delivered by hand to
16    the addressee(s) designated.

17    ☐    (ELECTRONIC FILING) I provided the document(s) listed above electronically through the
CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States
18    District Court for the Eastern District of California.

19    ☒    **(Federal)** I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.
20

21    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

22    Executed on June 14, 2006, at Irvine, California.

23

24

_____          _____
25          (Rose Featherstone)                        (Signature)

26

27

28                                -1-

Proof of Service

SERVICE LIST

Michael A.K. Dan
Douglas A. Rothschild
Michael A. K. Dan, A Professional Corp.
1990 S. Bundy Drive, Suite 540
Los Angeles, CA 90025

Tel: (310) 979-0325
Fax: (310) 979-7329
**Attorneys for Plaintiffs**

Daniel Lalafarian, Esq.
MESSINA, LALAFARIAN, MENDEL
& RYAN
550 N. Brand Blvd., Suite 1670
Glendale, CA 91203

Tel: (818) 242-5250
Fax: (818) 242-4828
**Attorneys for Defendant,**
**The Hertz Corporation**

Michael W. Weinstock
LAW OFFICE OF MICHAEL W. WEINSTOCK
9107 Wilshire Blvd., Suite 275
Beverly Hills, CA 90210

Tel: (310) 275-1212
Fax: (310) 275-6776
**Attorneys for Plaintiffs**
**Marilyn Lewis, Harry Lewis**

-2-

Proof of Service

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE NEURONTIN

Civil Action No. 04-10981-PBS
MDL No. 1629

### ORDER OF CONSOLIDATION

July 20, 2005

SOROKIN, M.J.

In order to facilitate the orderly management of the Neurontin related litigation the Court enters the following Order.

1. All cases presently pending in this Court that were transferred by the MDL to this Court under MDL Docket Number 1629 are hereby consolidated into In Re Neurontin, C.A. No. 04-10981-PBS.

2. All cases transferred to this Court in the future under MDL Docket Number 1629 are to be consolidated into In Re Neurontin, C.A. No. 04-10981-PBS without further order of this Court.

3. Each case consolidated into In Re Neurontin is thereafter STAYED, with the exception of the automatic discovery contemplated by the Federal Rules of Civil Procedure. The parties shall complete this individual automatic discovery within three months of date the ORDER is docketed in the individual case.

4. All discovery and motion practice will take place only in In Re Neurontin C.A. No. 04-10981 as set forth in the Case Management Orders. The Court contemplates that this discovery and motion practice will pertain to the common matters as the individual cases are stayed. Parties must seek leave of court, with a filing in C.A. No. 04-10981, before proceeding in the individual cases.

5. At the conclusion of the consolidated proceedings in In Re Neurontin, C.A. No. 04-10981 counsel for the parties in each individual case must prepare, in paper or electronic format, depending upon the requirements of the transferor court, the applicable record of the proceedings in the case and provide that record to the Clerk's Office for transmission to the transferor court.

6. The Clerk's Office shall docket this Order in each and every case consolidated now or in the future with In Re Neurontin C.A. No. 04-10981-PBS.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE