UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:  NEURONTIN MARKETING,
       SALES PRACTICES AND
       PRODUCTS LIABILITY LITIGATION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

    PRODUCTS LIABILITY ACTIONS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:
:
:
:
:
:
:

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
RANDOM SELECTION OF TRACK ONE PLAINTIFFS**

Defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants")

submit this memorandum in support of their motion for the Court to randomly select, or

direct the parties to randomly select, those personal injury, product liability plaintiffs

denoted as "Track One" plaintiffs in this Court's December 20, 2006 Discovery Order

No. 7.

**PRELIMINARY STATEMENT**

The parties in the above-captioned action, after meeting and conferring, do not

agree on a method for selecting Track One plaintiffs.  The parties do agree, however, that

the large size of the litigation and the present schedule requires selection of these

plaintiffs sooner than the March 19, 2007 deadline provided by the Court in its December

20, 2006 Discovery Order No. 7.  Accordingly, defendants respectfully request that the

Court randomly select, or direct the parties to randomly select, plaintiffs for Track One designation as soon as is reasonably practicable.

It is well-settled that random selection of plaintiffs during mass tort proceedings is preferable to allowing the parties to unilaterally select cases for further pretrial discovery. As the Manual for Complex Litigation explains, random selection of a subset of cases better produces

> reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases. Some judges permit the plaintiffs and defendants to choose which cases to try initially, but this technique may skew the information that is produced. To obtain the most representative cases from the available pool, a judge should direct the parties to select test cases randomly or limit the selection to cases that the parties agree are typical of the mix of cases.

MANUAL FOR COMPLEX LITIGATION (4th Ed. 2004), § 22.315 (emphasis added).

## ARGUMENT

### A.    Random Selection Will Best Advance the Litigation

In mass torts cases, where discovery of large numbers of plaintiffs is unreasonable and overly burdensome, random selection is recognized as the best approach to advancing the litigation and addressing "troubling causation or liability issues common to the universe of claimants." In re Chevron U.S.A., Inc., 109 F.3d 1016, 1019 (5th Cir. 1997); see also MANUAL FOR COMPLEX LITIGATION, § 22.315. The selection process must be immune from the bias that results when the parties choose cases. See id.; see also Chevron, 109 F.3d at 1019 (finding that trial plan approved by the lower court merely permitted the parties to choose the "best" and "worst" cases).

Random selection has been utilized by various courts charged with overseeing large, complex litigations:

- In re Prempro Prod. Liab. Litig., MDL No. 4:03-CV-1507-WRW (E.D. Ark.).  Plaintiffs alleged injuries as a result of ingestion of prescription medication.  After parties failed to agree on a method for assembling a pool of potential cases for trial, court ruled that the pool would consist of plaintiffs who (i) were residents of Arkansas, (ii) included a particular company as a defendant, and (iii) alleged breast cancer as an injury.  From these cases, the court ordered that 15 plaintiffs' names would be randomly drawn "from a hat (literally)."  See Order re Bellwether Trial Selection, dated June 20, 2005, attached at Ex. A (emphasis added).

- In re Baycol Prods. Liab. Litig., MDL No. 1431 (MJD/JGL) (D. Minn.).  Plaintiffs alleged injuries resulting from ingestion of a prescription pharmaceutical.  After the parties failed to reach agreement on selection of individual plaintiffs for discovery and trial, Judge Michael Davis ordered that potentially eligible cases be drawn from a pool consisting of all cases filed in the District of Minnesota plus 200 other actions selected at random.  See Pretrial Order No. 89, dated July 18, 2003, attached at Ex. B.

- In re Paxil Prods. Liab. Litig., MDL No. 1574 (MRP) (C.D. Calif.).  Plaintiffs alleged injuries resulting from ingestion of a prescription pharmaceutical.  The court ordered random selection of cases to be set for trial.  The court provided that cases be selected from a pool of plaintiffs who, *inter alia*, were represented by one of the firms on the plaintiffs' steering committee.  See Case Management Order, dated Aug. 2, 2004, attached at Ex. C.

- In re Norplant Contraceptive Prods. Liab. Litig., MDL No. 1038 (E.D. Tex.).  Plaintiffs alleged injuries as a result of use of contraceptive product.  When parties failed to agree on an approach for choosing plaintiffs for trial, court ordered that individual plaintiffs be randomly selected from a pool consisting of those who, *inter alia*, were represented by one law firm.  See In re Norplant, MDL No. 1038, 1996 WL 571535, *1 (E.D. Tex., Aug. 12, 1996), attached at Ex. D.

Random selection generally occurs within certain parameters set by the court.

Such parameters may require that eligible plaintiffs be represented by particular counsel

or allege similar injuries.  For example, in In re Prempro, Judge Wilson randomly

selected cases drawn from a pool of plaintiffs who sued a particular defendant and

alleged a similar injury.  See Order at Ex. A.  And Chief Judge Schell of the United

States District Court of the Eastern District of Texas ordered that plaintiffs be randomly

selected from a pool of plaintiffs who were represented by the same counsel.  <u>See</u> <u>In re</u>
<u>Norplant</u>, 1996 WL 571535, *1, at Ex. D.

In the above-captioned action, counsel for the parties – and the Court – have
agreed to move ahead with discovery of a small group of Track One plaintiffs of the
approximately 140 pending product liability actions.  The parties, however, have been
unable to agree on a selection process for these plaintiffs.  Defendants suggested random
selection of plaintiffs, but plaintiffs' counsel rejected the idea and suggested that each
side pick a handful of cases.  Such handpicking of plaintiffs, however, is likely only to
yield cases whose facts appear to favor the parties' respective sides without addressing
issues similar to most cases that will assist in resolution of motions for summary
judgment.  Accordingly, the Court should randomly select – or order that the parties
randomly select – Track One plaintiffs with only two general parameters.  First, Track
One plaintiffs must allege suicide-related injury(s).  Second, these plaintiffs must be
represented by Finkelstein & Partners, who are counsel in approximately 80 of the
actions pending here.

Once the pool of potential Track One plaintiffs is determined, the Court – or the
parties – shall randomly assign numbers to each plaintiff before determining a system by
which numbers are drawn at random, i.e., from a "hat."  Order at Ex. A; <u>see also</u> Case
Management Order at Ex. C.

**B.      Track One Plaintiffs Should Be Selected Sooner Than the Present
          March 19, 2007 Deadline**

Owing to the volume of discovery pending in the above-captioned action, the
parties agree that selection of Track One plaintiffs should occur sooner than the March

4

19, 2007 deadline provided in the Court's December 20, 2006 Discovery Order No. 7. Defendants anticipate taking at least three depositions for each plaintiff (including the plaintiff, plaintiff's or decedent's spouse, and plaintiff's or decedent's prescribing physician), and plaintiffs may also undertake case-specific discovery and depositions of sales representatives and others.  Under the present schedule, these depositions must be accomplished by September 15, 2007.  At the same time, fact and expert discovery in other areas of the litigation will be ongoing in anticipation of the filing of dispositive motions.  In light of the schedule, case-specific discovery should begin as soon as possible.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court randomly select, or direct the parties to randomly select, Track One plaintiffs as soon as is reasonably practicable.

Dated: January 4, 2007

DAVIS POLK & WARDWELL

By:   /s/ James P. Rouhandeh
          James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

5

HARE & CHAFFIN

By:  /s/ David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on January 4, 2007.

/s/David B. Chaffin