Exhibit C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| In re PAXIL PRODUCTS LIABILITY LITIGATION | MDL No. 1574 (MRP) |
| | Master File No. CV-01-7937 (MRP) (CWx) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | [PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER |

The Plaintiffs' Steering Committee ("Plaintiffs") and Defendant SmithKline Beecham Corporation d/b/a/ GlaxoSmithKline ("GSK") submit the following proposed Case Management Plan and Scheduling Order:

I. **SCHEDULING ORDER FOR CALIFORNIA CASES TO BE SET FOR TRIAL IN 2005.**

   A. Number of Plaintiffs included in this part of Order: Five (5) Plaintiffs (the "Trial Candidate Plaintiffs") will be randomly selected from the Plaintiffs (1) whose cases were originally filed in this Court; (2) who are represented by one of the firms on the Plaintiffs' Steering Committee; and (3) who reside in the Central District of California. These Plaintiffs' cases will be subject to case-specific discovery. The Court will determine how these cases will be tried.

   B. The Trial Plaintiffs shall be selected using the following process: (1) All Plaintiffs who originally filed cases in this Court shall be randomly and anonymously listed in one document and assigned random numbers by GSK; (2) while in the presence of GSK's counsel, Plaintiffs' counsel shall choose five (5) numbers on the document; and

LAW OFFICES
KING & SPALDING LLP.
Atlanta, Georgia

(3) the parties shall then determine the name of each Plaintiff that coincides with the numbers selected. These five (5) Plaintiffs will be the Trial Candidate Plaintiffs.

C. Schedule and deadlines applicable to the Trial Candidate Plaintiffs:

| | |
|---|---|
| Deadline for Trial Candidate Plaintiffs to submit completed MDL Plaintiff Questionnaire, sign authorizations and provide responsive documents | 30 days from selection on July 28, 2004 (i.e., August 27, 2004) |
| Deadline to serve Written Discovery | August 30, 2004 |
| Deadline to file Joint Stipulation on Discovery Issues | December 8, 2004 |
| Deadline for fact discovery and examinations under F.R.C.P. 35 | December 8, 2004 |
| Deadline for identifying experts and providing description of subject of opinions | December 8, 2004 |
| Exchange of F.R.C.P. 26 Expert Reports | December 30, 2004 |
| Plaintiffs' expert deposed | January 7 – January 28, 2005 |
| GSK's experts deposed | January 29 – February 18, 2005 |
| Deadline for Dispositive Motions and *Daubert* Motions | February 18, 2005 |
| Opposition for Dispositive Motions and *Daubert* Motions | March 25, 2005 |
| Deadline to File Motions in Limine | April 4, 2005 |
| Reply Brief in Support of Dispositive Motions and *Daubert* Motions | April 4, 2005 |
| Deadline to file Oppositions to Motions in Limine | April 11, 2005 |
| Hearing on Dispositive Motions and *Daubert* Motions | April 18, 2005 |
| Final Pre-Trial Conference and Hearing on in Limine Motions | April 25, 2005 |
| Trial | May 2, 2005 |

2    [PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER [MASTER FILE NO.: CV-01-0737 MRP (CSX)]

These deadlines are subject to modification for good cause shown.

D. Pursuant to Fed.R.Civ.Proc. 30, GSK is allowed to take ten (10) depositions per Plaintiff.

## II. SCHEDULING ORDER FOR SAMPLE GROUP PLAINTIFFS.

A. Number of Plaintiffs included in this part of Order: Eighty-five (85) Plaintiffs (the "Sample Group Plaintiffs") will be randomly selected.

B. To be eligible for selection as a Sample Group Plaintiff, a Plaintiff must have a case currently transferred to the In re Paxil Products Liability Litigation (MDL No. 1574) Court or be a Plaintiff in a case on a Conditional Transfer Order as of July 27, 2004. (Plaintiffs in cases that have not been served on GSK are ineligible and excluded.) The Sample Group Plaintiffs shall be selected using the following process: (1) After the Trial Candidate Plaintiffs have been selected, two hundred and sixty (260) of the remaining California plaintiffs will be randomly selected by GSK and these Plaintiffs will be eligible for selection as Sample Group Plaintiffs as set forth herein; (2) GSK will then assign random and anonymous numbers to the two hundred and sixty (260) California Plaintiffs selected and the other eligible Plaintiffs described above and list them in a document; (3) while in the presence of GSK's counsel, Plaintiffs' counsel shall choose eighty-five (85) numbers on the document; and (4) the parties shall then determine the name of each Plaintiff that coincides with the numbers selected. These Plaintiffs will be the Sample Group Plaintiffs.

C. Forty-two (42) of the Sample Group Plaintiffs will provide completed MDL Questionnaires, signed authorizations and responsive documents within forty-five (45) days of selection. The remaining forty-three (43) of the Sample Group Plaintiffs selected will provide completed MDL

Questionnaires, signed authorizations and responsive documents within sixty (60) days of selection.

D. GSK may take four (4) depositions per Plaintiff without prejudice to GSK's right to take additional depositions. After the completion of the four (4) depositions per Plaintiff, the parties will discuss what case-specific fact discovery remains for the eighty-five (85) Plaintiffs prior to remand of these Plaintiffs to the transferor courts. Case-specific expert discovery is deferred as to the Sample Group Plaintiffs.

E. The collection of the medical and other records of the Sample Group Plaintiffs, including the four (4) depositions per Plaintiff referenced in paragraph D, will be completed in nine (9) months from the date of the entry of the Scheduling Order subject to modification for good cause shown.

## III. DEADLINE FOR COMPLETION OF MDL PLAINTIFF QUESTIONNAIRES FOR REMAINING PLAINTIFFS

*All* remaining Plaintiffs (*i.e.*, those Plaintiffs not selected as part of (1) the Trial Candidate Plaintiffs or (2) the Sample Group Plaintiffs; hereafter referred to as the "Remaining Plaintiffs") will serve their completed MDL Questionnaires, signed authorizations and responsive documents no later than November 30, 2004. If a Remaining Plaintiff is a Plaintiff in a case that has not yet been transferred to MDL No. 1574, that Remaining Plaintiff will have sixty (60) days from the date of the MDL Panel's Transfer Order to serve the MDL Plaintiff Questionnaire, signed authorizations and responsive documents.

## IV. REMAINING SCHEDULE FOR MDL NO. 1574 PROCEEDINGS.

A schedule for the completion of the MDL No. 1574 proceedings is deferred at this time.

V. **DISMISSAL PROCEDURES FOR PLAINTIFFS WHO DO NOT TIMELY COMPLETE MDL PLAINTIFF QUESTIONNAIRES.**

A. If a Plaintiff in any of the three groups (the Trial Candidate Plaintiffs, the Sample Group Plaintiffs or the Remaining Plaintiffs) fails to timely complete the MDL Plaintiff Questionnaire on the applicable deadline, that Plaintiff's claims are subject to dismissal WITH PREJUDICE by the Court.

B. For all cases transferred by the MDL Panel to this Court, Plaintiffs' Liaison Counsel shall serve a copy of this Order on all Plaintiffs' counsel with cases pending in MDL No. 1574 (or subsequently transferred to MDL No. 1574) together with a cover letter instructing Plaintiffs' counsel (1) to notify and advise their respective clients of these important deadlines and (2) that their clients' claims are subject to dismissal with prejudice if they do not comply with the respective deadlines for completion of the MDL Plaintiff Questionnaire. This cover letter will be in the form attached as **Exhibit A**. Plaintiffs' Liaison Counsel shall file notice(s) with the Court that he has complied with this Order.

C. If a Trial Candidate Plaintiff fails to complete and serve the completed MDL Plaintiff Questionnaire, executed authorizations, and either responsive documents or a letter advising Defendants that no responsive documents are in the possession of Plaintiff or Plaintiff's counsel, within the deadlines set forth in this Order, GSK shall serve a Notice of Overdue Discovery and Warning of Dismissal with Prejudice, in the form attached as **Exhibit B** to this Order, on counsel for the non-compliant Trial Candidate Plaintiff and the Plaintiffs' Liaison Counsel. The non-compliant Trial Candidate Plaintiff will have twenty (20) days following service of the Notice of Overdue Discovery and Warning of

Dismissal with Prejudice to complete and serve the MDL Plaintiff Questionnaire, executed authorizations, and either responsive documents or a letter advising Defendants that no responsive documents are in the possession of Plaintiff or Plaintiff's counsel.

D. If a Trial Candidate Plaintiff fails to complete and serve the MDL Questionnaire, executed authorizations, and either responsive documents or a letter advising Defendants that no responsive documents are in the possession of Plaintiff or Plaintiff's counsel, within twenty (20) days following service of the Notice of Overdue Discovery and Warning of Dismissal with Prejudice on Plaintiffs' Liaison Counsel, Defendants' counsel shall submit to the Court a dismissal with prejudice in the form attached as **Exhibit C** to this Order. This Notice shall be served on Plaintiffs' Liaison Counsel and the non-compliant Plaintiff's counsel. Upon filing of this Notice, the non-compliant Plaintiff's claims are subject to dismissal with prejudice.

E. If a Sample Group Plaintiff or a Remaining Plaintiff fails to complete and serve the MDL Plaintiff Questionnaire, executed authorizations, and either responsive documents or a letter advising Defendants that no responsive documents are in the possession of Plaintiff or Plaintiff's counsel, within the deadlines set forth in this Order, GSK shall serve a Notice of Overdue Discovery and Warning of Dismissal with Prejudice, in the form attached as **Exhibit B** to this Order, on counsel for the non-compliant Plaintiff and the Plaintiffs' Liaison Counsel. The non-compliant Sample Group Plaintiff or Remaining Plaintiff will have thirty (30) days following service of the Notice of Overdue Discovery and Warning of Dismissal with Prejudice to complete and serve the MDL Plaintiff Questionnaire, executed authorizations, and either responsive documents or a letter advising Defendants that no

SCANNED

responsive documents are in the possession of Plaintiff or Plaintiff's counsel.

F.  If a Sample Group Plaintiff or a Remaining Plaintiff fails to complete and serve the MDL Questionnaire, executed authorizations, and either responsive documents or a letter advising Defendants that no responsive documents are in the possession of Plaintiff or Plaintiff's counsel, within thirty (30) days following service of the Notice of Overdue Discovery and Warning of Dismissal with Prejudice on Plaintiffs' Liaison Counsel, Defendants' counsel shall submit to the Court a dismissal with prejudice in the form attached as Exhibit C to this Order. This Notice shall be served on Plaintiffs' Liaison Counsel and the non-compliant Plaintiff's counsel. Upon filing of this Notice, the non-compliant Plaintiff's claims are subject to dismissal with prejudice. The non-complaint Sample Group Plaintiff or Remaining Plaintiff may seek an extension from Defendants or the Court for good cause shown. Such extensions should not be routinely sought.

VI. **MISCELLANEOUS CASE MANAGEMENT PROVISIONS**

A.  Admission of Counsel, Subsequent Transfers and Communication Among Counsel.

Attorneys admitted to practice and in good standing in any United States District Court are hereby permitted to appear *pro hac vice* in this litigation without need for any motion, order, or payment or fee. Association of local counsel is not required.

This Order shall apply to each subsequently filed case that becomes part of MDL 1574. Each subsequent order entered herein shall also apply to each such subsequently filed case unless said order provides otherwise. Every party to such a subsequently filed case will be bound by this Order and by each such subsequent Order absent an express determination to the contrary by the court, for good cause

1  shown. Such motion must specify the reasons why it would be inappropriate to bind
2  said party this Order or any part hereof.
3        Cooperation by and among counsel is essential for the orderly and expeditious
4  resolution of this litigation. Accordingly, the communication of information among
5  and between any Plaintiffs' Counsel and among and between any Defense Counsel
6  in any of the cases that are part of, become part of, or are related to MDL 1574, and
7  any related state court actions, shall not be deemed a waiver of the attorney-client
8  privilege or the attorney work product doctrine.
9      **B.    Motion Practice.**
10       In addition to exchanging correspondence on issues of dispute, Plaintiffs and
11 Defendants agree to conduct "good faith" discussions either in person or by
12 telephone conference in an effort to resolve disputed issues before filing motions
13 with the Court.
14     **C.    General Discovery Matters.**
15         **1.    Initial Disclosures.**
16       The parties are in agreement that, in light of the discovery plan set forth
17 herein, the parties are relieved from complying with Fed.R.Civ.P. 26(a).
18         **2.    Prior and Concurrent Discovery.**
19       The parties are in agreement that all discovery and depositions taken in the *In*
20 *re Paxil* and *Gallego v. SmithKline Beecham Corporation*, Case No. BC 267 002
21 (Superior Court for Los Angeles County, California) matters shall be deemed as
22 discovery in this MDL, subject to the Protective Order entered in this MDL
23 proceeding.
24         **3.    Attempt to Resolve Disputes.**
25       To avoid unnecessary litigation concerning discovery disputes, counsel are
26 directed to meet and confer before filing a discovery motion. In any motion filed,
27 counsel for the moving party must file a declaration stating that a good faith effort
28

was made to resolve the dispute. Discovery motions shall be presented to the Court for resolution.

4. **Duration of Depositions of Parties and Fact Witnesses.**

Depositions of all parties and fact witnesses shall be limited to seven (7) hours of deposition time, absent agreement of the parties or good cause shown. *See* Fed. R. Civ. P. 30(d)(2). The parties agree that they will negotiate in good faith about any dispute over time limitations for a party's and/or fact witness' deposition.

5. **Expert Depositions.**

Expert depositions shall be limited to two (2) consecutive days and no more than seven (7) hours per day absent stipulation of the parties or order of the Court.

6. **Confidentiality.**

The parties have agreed to adopt for use in MDL 1574 the terms of the Stipulation and Order Regarding Confidentiality ("Order of Confidentiality") signed by Magistrate Judge Carla Woehrle on September 3, 2002, and filed on September 4, 2002, in *In re Paxil Litigation*, CV-01-07937 MRP (CWx). Before providing documents or deposition transcripts designated as confidential to other Plaintiffs' counsel who have cases pending in MDL 1574, Plaintiffs' Liaison Counsel shall (a) provide a copy of the Order of Confidentiality to such Plaintiffs' counsel and (b) obtain a signed copy of the Non-Disclosure Agreement from said Plaintiffs' counsel.

D. **Service of Documents**

1. **Orders.**

A copy of each order will be provided electronically and/or in hard copy by the Court to Counsel listed below:

    a.    For Plaintiffs:

        Karen Barth Menzies

        BAUM HEDLUND, A Law Corporation

        12100 Wilshire Boulevard, Suite 950

        Los Angeles, CA 90025

```
 1    Tel.: (310) 207-3233
 2    Fax: (310) 820-7444
 3
 4    Kevin J. Yourman
 5    WEISS & YOURMAN
 6    10940 Wilshire Boulevard, 24th Floor
 7    Los Angeles, CA 90024
 8    Tel.: (310) 208-2800
 9    Fax: (310) 209-2348
10
11    Christopher L. Coffin
12    PENDLEY LAW FIRM
13    P.O. Drawer 71
14    Plaquemine, LA 70765-0071
15    Tel: (225) 687-6396
16    Fax: (225) 687-6398
17
18    Donald J. Farber
19    LAW OFFICE OF DONALD J. FARBER
20    175 N. Redwood Drive, Suite 130
21    San Rafael, CA 94903
22    Tel.: (415) 472-7181
23    Fax: (415) 472-7182
24
25 b. For Defendants
26    Chilton D. Varner
27    KING & SPALDING LLP
28    191 Peachtree Street
```

KING & SPALDING LLP
Atlanta, Georgia

10   [PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER [MASTER FILE NO.: CV-01-0737 MRP (CSX)]

| | |
|---|---|
| 1 | Atlanta, GA 30303 |
| 2 | Tel.: (404) 572-4600 |
| 3 | Fax: (404) 572-5143 |
| 4 | |
| 5 | David J. Fleming |
| 6 | DRINKER BIDDLE & REATH LLP |
| 7 | 330 South Grand Avenue, Suite 1700 |
| 8 | Los Angeles, CA 90071 |
| 9 | Tel.: (213) 253-2300 |
| 10 | Fax: (213) 253-2301 |

Plaintiffs' Liaison Counsel shall distribute the orders by overnight delivery, facsimile or electronically to other counsel and parties.

2. **Pleadings, Motions and Other Documents.**

The parties shall be served with each pleading, motion or other document filed by a party by (i) hand delivery, (ii) overnight delivery or (iii) facsimile unless the party has, in writing, refused to accept service by facsimile, through the Counsel designated in the previous paragraph.

In addition, all motions and briefs will be served (without attachments) upon the Counsel listed above by electronic mail. Service on Plaintiffs' Liaison Counsel constitutes service on all Plaintiffs Counsel and Plaintiffs who are unrepresented. Service by Plaintiffs' Liaison Counsel to other attorneys of record shall be by overnight courier service, facsimile or electronic mail, reserving to any receiving counsel the right to waive, in writing, such receipt.

3. **Service of Original Complaints; Amendments Adding Parties.**

To reduce disputes over service of process and the expense of such service, Defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GSK") has agreed to waive service of process for MDL 1574 related cases filed in federal court,

KING & SPALDING LLP
Atlanta, Georgia

11 [PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER [MASTER FILE NO.: CV-01-0737 MRP (CSX)]

1 | subject to the provisions of Fed. R. Civ. P. 4(d). The notice required by that rule
2 | shall be provided by service on the following representative of GSK:
3 |     Jean Sherwood
4 |     GlaxoSmithKline
5 |     One Franklin Plaza
6 |     200 North 16th Street (FP2225)
7 |     Philadelphia, PA 19102.
8 |     Plaintiffs shall have 45 days after the date of this Order (or, if later, 30 days
9 | after the date a case is subsequently filed in, removed to or transferred to this Court)
10 | to provide notice pursuant to Rule 4(d) to Defendant GSK.

Dated: August 2, 2004

BY THE COURT:

_Mariana R. Pfaelzer_
Judge Mariana R. Pfaelzer
United States District Court

DATED: July 30, 2004

BAUM HEDLUND

By: _Karen Barth Menzies_
Karen Barth Menzies
12100 Wilshire Boulevard, Suite 950
Los Angeles, CA 90025
Tel: (310) 207-3233
Fax: (310) 820-7444

LAW OFFICES OF DONALD J. FARBER
Donald J. Farber
175 N. Redwood Drive, Suite 130
San Rafael, CA 94903
Tel: (415) 472-7181
Fax: (415) 472-7182

KING & SPALDING LLP
Atlanta, Georgia

12  [PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER [MASTER FILE NO.: CV-01-0737 MRP (CSX)]

07/30/2004 FRI 16:18 [TX/RX NO 8800]

| | |
|---|---|
| 1 | |
| 2 | WEISS & YOURMAN |
| 3 | Kevin J. Yourman |
| | 10940 Wilshire Blvd., 24th Floor |
| 4 | Los Angeles, CA 90024 |
| | Tel: (314) 208-2800 |
| 5 | Fax: (314) 209-2348 |
| 6 | |
| | PENDLEY LAW FIRM |
| 7 | Christopher L. Coffin |
| | P.O. Drawer 71 |
| 8 | Plaquemine, LA 70765-0071 |
| 9 | Tel: (225) 687-6396 |
| | Fax: (225) 687-6398 |
| 10 | |
| 11 | Attorneys for Plaintiffs |
| 12 | |
| 13 | KING & SPALDING, LLP |
| 14 | By: _____ |
| 15 | Chilton Davis Varner |
| | Andrew T. Bayman |
| 16 | Todd P. Davis |
| 17 | 191 Peachtree Street |
| | Atlanta, Georgia 30303-1763 |
| 18 | Tel: (404) 572-4600 |
| 19 | Fax: (404) 572-5143 |
| 20 | |
| | DRINKER, BIDDLE & REATH LLP |
| 21 | David J. Fleming |
| 22 | 333 South Grand Avenue, Suite 1700 |
| | Los Angeles, CA 90071-1504 |
| 23 | Tel: (213) 253-2300 |
| | Fax: (213) 253-2301 |
| 24 | |
| 25 | Attorneys for Defendants |
| 26 | SMITHKLINE BEECHAM |
| | CORPORATION d/b/a |
| 27 | GLAXOSMITHKLINE and |
| 28 | GLAXOSMITHKLINE PLC |

KING & SPALDING LLP
Atlanta, Georgia

13   [PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER [MASTER FILE NO.: CV-01-0737 MRP (CSX)]