# EXHIBIT A

**SEEGER WEISS LLP**
550 Broad Street, Suite 920
Newark, New Jersey 07102
(973) 639-9100
**Attorneys for Plaintiff**

**FILED**

OCT 11 2006

Carol E. Higbee, P.J.Cv.

---

```
                                           x
                                           :
In Re: VIOXX LITIGATION                    :    SUPERIOR COURT OF NEW JERSEY
                                           :    LAW DIVISION: ATLANTIC COUNTY
                                           :
                                           :    CASE CODE 619
                                           :
                                           :    CIVIL ACTION
                                           :
                                           :    ORDER
                                           :
                                           x
```

---

THIS MATTER having come before the Court on October 5, 2006 and counsel for plaintiffs and counsel for defendant having been present and for good cause shown,

IT IS on this 11 day of October, 2006,

ORDERED as follows:

1.     By October 12, 2006, Plaintiffs shall submit a list of cases they propose to try in the January 2007 trial setting. These cases should be selected from the 39 cases identified in the August 9, 2006 Amended Scheduling Order.

2.     By October 17, 2006, Defendant shall submit all objections to the cases identified by Plaintiffs for trial, other than those premised on conflicts of law.

3.     By October 19, 2006, Defendant shall submit a motion addressing their objections and any prejudices it contends it will incur as a result of the Court's proposed trial plan for the January 2007 trial setting.

4.     Within 14 days of the date upon which the Court enters an Order identifying the individual cases to be consolidated for trial in the January 2007 trial setting, Defendant shall submit a motion in opposition to the consolidation plan premised on conflicts of law.

_____
Hon. Carol E. Higbee, P.J.C.v.

# EXHIBIT B

IN RE:   PPA
(Phenylpropanolamine)

SUPERIOR COURT OF NEW JERSEY
MIDDLESEX COUNTY
LAW DIVISION
CASE CODE NO. 264

CASE MANAGEMENT ORDER NO. 6

THE COURT, having conducted a conference on August 21, 2002, with James Pettit, Law Offices of Gene Locks, LLC, Liaison Counsel on behalf of plaintiffs and Kevin R. Gardner, Law Offices of Connell Foley LLP, Liaison Counsel on behalf of defendants,

IT IS on this   4th   day of September 2002, ORDERED:

1.      On or before September 20, 2002 all plaintiffs that have filed a complaint in these matters on or before July 22, 2002 shall serve upon defendants fully completed fact sheets, together with copies of any medical records in plaintiffs' possession, as well as duly executed authorizations for the release of medical records, employment records and social security information in the form approved by Case Management Order No. 5;

2.      Any plaintiff who has commenced an action within the scope of the New Jersey Supreme Court's Order of September 17, 2001 assigning these matters to this Court for case management, but has not filed a short form complaint pursuant to Case Management Order No. 3, shall file a short form complaint on or before September 20, 2002;

3.      In such matters wherein plaintiffs have failed to comply with the directives set forth in paragraphs one or two of this Order, defendants are hereby authorized to seek orders of dismissal in such matters by way of order to show cause;

4.      By September 30, 2002 plaintiffs, through their Liaison Counsel, shall designate to the Court and defendants ten (10) actions that the plaintiffs propose to be among the cases from which the initial matters for trial may be selected.

5.      The Court shall conduct a conference with Liaison Counsel in these matters on September 26, 2002 at 10:00 a.m.

_Marina Corodemus_

_____
HON. MARINA CORODEMUS, J.S.C.

The undersigned hereby agree to the form and substance of this order.

_____
James J. Pettit, Esq.
Liaison Counsel for Plaintiffs

_____
Kevin R. Gardner, Esq.
Liaison Counsel for Defendants

EXHIBIT C

FILED

JAN 1 6 2003

JUDGE MARINA CORODEMUS

IN RE:  PPA
. (Phenylpropanolamine)

:  SUPERIOR COURT OF NEW JERSEY
:  MIDDLESEX COUNTY
:  LAW DIVISION
:  CASE CODE NO. 264
:
:  CASE MANAGEMENT ORDER NO. 7 .

THE COURT, having conducted a conference on January 6, 2003, with James Pettit, Law

Offices of Gene Locks, LLC, Liaison Counsel for Plaintiffs and Kevin R. Gardner, Connell

Foley, LLP, Liaison Counsel for Defendants,

IT IS on this _16th_ day of January 2003, ORDERED:

1.      No later than January 21, 2003, Plaintiffs' Liaison Counsel shall provide the

Court and Defendants' Liaison Counsel with a list that identifies each New Jersey Plaintiff who

intends to rely upon the opinion(s) stated in the previously served reports of Dr. Levine, Dr. Wax

and/or Dr. Pray, or of any generic expert(s) designated in the MDL including, but not limited to,

MDL experts on general causation and the name(s) of the MDL generic expert upon whose

opinion(s) each Plaintiff intends to rely.  Other than Doctors Levine, Wax and Pray, and the

MDL experts whom Plaintiffs may identify as set forth above, no Plaintiff may designate any

other generic experts or generic expert opinions under paragraph 1 of the January 6, 2003

Consent Order in this matter.  The deadline for the service of reports under paragraph 4 of the

January 6, 2003 Consent Order in these matters is hereby modified to permit Defendants to serve

supplemental responses, if any, as to the opinions of Paul Wax on or before February 10, 2003.

2.      Plaintiffs and Defendants shall confer and seek to submit a Consent Order for a

schedule for the submission of briefs and all other materials by the parties in connection with any

Rule 104/Rubanick challenges to the opinions of Plaintiffs' and Defendants' generic experts whose reports have been served and/or to any MDL generic expert opinions that have been identified by Plaintiffs in this litigation under Paragraph 1 above.

3.    Through arrangements to be made by this Court, Defendants participating in the Daubert hearings to be conducted in the MDL as to Plaintiffs' generic experts shall be permitted to question Plaintiffs' experts during such hearings with reference to the standards for admissibility of expert opinion testimony under New Jersey law.  The Court shall consider in connection with any Rule 104/Rubanick challenges in this litigation such portions of the record from the MDL Daubert proceedings that concern any MDL generic expert(s) whose opinion(s) have been identified by any Plaintiff in this litigation under Paragraph 1 hereof.

4.    The proponents of Dr. Wax, Dr. Pray and Dr. Levine as expert witnesses may present videotape deposition testimony from those individuals  in connection with any Rule 104/Rubanick proceeding at which their opinions are subject to challenge.  The examination of said witnesses shall consist of no more than seven (7) hours of actual examination time. No more than two (2) counsel for Plaintiffs and three (3) counsel for Defendants shall participate in conducting the examination of such witnesses.

5.    In connection with any Rule 104/Rubanick motions to be filed with the Court, the parties shall file briefs and any supporting materials.

6.    The service of expert reports in all actions in which psychosis claims or cardiac injuries, including heart attacks, cardiac arrhythmia and/or seizures, are alleged, as well as the discovery and motion practice as to such experts, shall be stayed pending further Order of the Court.

7.    On or before January 21, 2003, all Plaintiffs who have filed a complaint in these

matters shall serve upon Defendants reasonably completed fact sheets, together with copies of any medical records presently in Plaintiffs' possession, as well as duly executed authorizations for the release of medical records, employment records and social security information in the form approved by Case Management Order No. 5. If any Plaintiffs fail to comply with the directives set forth in this paragraph, Defendants are hereby authorized to seek orders of dismissal by way of order to show cause upon notice to adverse parties.

8.     Counsel for Plaintiffs and counsel for Defendants shall cooperate to coordinate a reasonable schedule for Plaintiffs to submit to medical and/or vocational examinations in New Jersey. To the extent reasonably possible, Defendants shall try to schedule such examinations of Plaintiffs in conjunction with other proceedings in this litigation that require Plaintiffs to be physically present in New Jersey. In no event shall the inability of Defendants to accommodate Plaintiffs' schedule preclude Defendants from obtaining such examinations of Plaintiffs.

9.     Plaintiffs and Defendants shall work toward developing a total pool of forty (40) cases, comprised of twenty (20) cases selected by Plaintiffs and twenty (20) cases selected by Defendants.

A.     By March 7, 2003, Plaintiffs, through their Liaison Counsel, shall designate to the Court and Defendants ten (10) actions, in addition to the ten (10) actions previously designated by Plaintiffs, that the Plaintiffs propose to be among the cases from which the initial matters for trial may be selected.  The ten (10) designations made by March 7, 2003, together with Plaintiffs' ten (10) prior case designations, shall constitute Plaintiffs' twenty (20) cases.

B.     By March 7, 2003, Defendants, through their Liaison Counsel, shall designate to the Court and Plaintiffs twenty (20) actions that the Defendants propose to be among the cases from which the initial matters for trial may be selected.

1338514-02

3

10. Defendants shall immediately begin to schedule the depositions of Plaintiffs ten (10) cases previously identified by Plaintiffs. Defendants shall complete such depositic February 5, 2003, in those cases in which Plaintiffs have supplied reasonably fully com' fact sheets and Defendants have received all reasonably necessary medical, psych employment, IRS and social security records required to complete such depositions, ' records Defendants shall pursue with reasonable diligence.

11. Defendants may immediately begin to take depositions of Plaintiffs for pur of Plaintiffs for purposes of evaluating cases they wish to select for their list of twenty cases. Defendants shall complete such depositions of Plaintiffs by March 7, 2003, providec Plaintiffs have supplied reasonably fully completed fact sheets and Defendants have receive necessary medical, psychiatric, employment, IRS and social security records require complete such depositions, which records Defendants shall pursue with reasonable diligence

12. All depositions of Plaintiffs in these matters shall be conducted in New Jersey Depositions of each Plaintiff shall be limited to one (1) day, consisting of seven (7) hour actual examination time, without further Order of the Court.

13. By a process to be determined, five (5) initial trial cases shall be selected from combined group of forty (40) cases designated by Plaintiffs and Defendants. The C anticipates that the first trials will be in June 2003.

14. Orders for deposition commissions shall be submitted directly to the Court on reasonable notice to adverse parties.

15. The parties shall confer and submit to the Court a Consent Order setting forth t protocol for the production of psychiatric, psychological, emotional and mental he counseling or treatment records of the Plaintiffs by February 6, 2003.

:338514-02

4

16.    Plaintiffs' Liaison Counsel shall furnish Defendants' Liaison Counsel with [the list] of Defendants from which Plaintiffs request "prior litigation" documents.  Any disputes [that] cannot be resolved by the parties shall be brought to the attention of the Court for fur[ther] instruction as to how such issues shall be resolved.

17.    Defendants' Liaison Counsel shall advise the Court and Plaintiffs' Lia[ison] Counsel of the identity of any new lawyer/law firm that files and serves a new complaint in [this] litigation.

18.    On or before January 21, 2003, Plaintiffs and Defendants shall separately sub[mit] to the Court the names of three (3) individuals who might be appointed to serve as a mediat[or in] these matters.

19.    The Court shall conduct a conference with Liaison Counsel in these matter[s on] February 11, 2003 at 11:30 a.m.


_Marina Corodemus_
HON. MARINA CORODEMUS, J.S.C.


The undersigned hereby agree to the form and substance of this order.


_____
James J. Pettit, Esq.
Liaison Counsel for Plaintiffs

_____
Kevin R. Gardner, Esq.
Liaison Counsel for Defendants

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE: GUIDANT
DEFIBRILLATORS PRODUCTS
LIABILITY LITIGATION

This Document Relates to All Actions

MDL No. 05-1708 (DWF/AJB)

**PRETRIAL ORDER NO. 9**

### BELLWETHER CASE SELECTION PLAN

On January 31, 2006, and March 23, 2006, the Court entered Orders addressing the issue of so-called representative, instructive, or bellwether cases. The parties have since come up with a schedule for selecting the bellwether cases. Two issues remain to be decided by the Court. First, the parties dispute whether the pool from which representative cases are selected should be limited to those cases already filed in or transferred to this MDL. Second, the parties have been unable to reach agreement as to whether each party should be allowed to select an equal number of potential bellwether cases, or if Plaintiffs should be allowed to select a greater portion of the cases that will be the subject of targeted discovery.

Based upon the additional presentations, proposals, and submissions of the parties, and the Court having reviewed the contents of the file in this matter, and being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.      Except to the extent modified herein, all existing case management orders of this Court shall remain in full force and effect.

2.      The parties will be allowed to select representative cases from the pool of the MDL cases that were filed as of March 23, 2006.

3.      Plaintiffs and Defendants will each be allowed to select twenty (20) potential bellwether cases.


Dated:  May 3, 2006                    s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       Judge of United States District Court


## MEMORANDUM

The Court has considered the issues raised by the parties regarding the selection of potential bellwether cases.  First, the Court sees no logical reason to allow Plaintiffs to select a disproportionate amount of the potential bellwether pool of forty cases.  Thus, each side will be allowed to select twenty potential bellwether cases according to the timetable that the parties have mutually agreed on.  Second, the Court finds that the pool from which potential bellwether cases may be selected should be limited to those cases that were already filed in or transferred to this MDL as of March 23, 2006, the date on which the Court issued its key order on the bellwether selection process.  The Court finds that it would be unfair to Defendants to allow Plaintiffs to select from a pool that includes

2

the Plaintiffs' unfiled case inventory.  Moreover, the Master Complaint has already been submitted and does not include this unfiled inventory.

The Court commends the parties for coming up with the joint proposed pretrial schedule for representative trials to commence in March 2007, as well as the categories from which to select cases.

The Court remains confident that the parties will work with one another and the Court, and come up with truly representative cases in the interests of all parties.  The Court accepts that it has the responsibility to carefully review the selection process and the pool of cases as the pool is narrowed to ensure that the cases selected are indeed representative cases.

D.W.F.

EXHIBIT E

<table>
<tr><td></td><td>:</td><td>COURT OF COMMON PLEAS</td></tr>
<tr><td>IN RE</td><td>:</td><td>PHILADELPHIA COUNTY</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Hormone Therapy ("HT")</td><td>:</td><td>NOVEMBER TERM, 2003</td></tr>
<tr><td>LITIGATION</td><td>:</td><td>NO. 0001</td></tr>
</table>

DOCKETED
COMPLEX LIT CENTER

SEP 2 6 2005

J. STEWART

### CASE MANAGEMENT ORDER NO. 3
### TRIAL SCHEDULING EXPERT DISCOVERY AND PRETRIAL PROCEEDINGS

**I.      SCOPE OF THIS ORDER**

This order applies to expert discovery, trial scheduling and other pretrial issues in the coordinated program established for Hormone Therapy drugs in the Philadelphia Court of Common Pleas. This Order supplements and amends any prior Case Management or Discovery Orders to the extent they are inconsistent with it.

**II.     TRIAL SCHEDULING**

**A.     Trial Scheduling** – Eight initial cases to be selected in accordance with the provisions of this Order will be scheduled for trial according to the following schedule:

One case – to be tried starting on September 11, 2006

One case – to be tried starting on October 23, 2006

Two cases – to be tried starting on December 4, 2006

Two cases – to be tried starting on January 16, 2007

Two cases – to be tried starting on February 12, 2007

COPIES SENT
PURSUANT TO Pa.R.C.P. 236(b)

SEP 2 7 2005

FIRST JUDICIAL DISTRICT OF PA
USER I.D.:

The scheduling of trials in other cases will be the subject of further order of the Court with the expectation that no case will be scheduled before March 2007.

**B.     Selection Of Initial Trial Cases** – The initial trial cases shall be representative of the cases in the program and they shall be selected from the inventory of filed cases where breast cancer is the claimed injury. Plaintiffs will identify 12 proposed test cases by

M0082676

PHLLIT-833029.2-AJTREVEL 9/21/05 10:22 AM

June 1, 2005.  Defendants will identify their 12 proposed test cases by June 22, 2005.  After identification of the initial trial cases, the parties will conduct core discovery in these 24 cases during the period ending on November 18, 2005, which will be directed at information necessary to select 8 of the 24 cases as the initial trial cases.  After conclusion of this discovery, the 8 initial trial cases will be identified on or before November 21, 2005.  The method of selecting the 8 initial trial cases will be the subject of a future Order.

### III.    FACT DISCOVERY

A.    **Case-Specific Fact Discovery** — the deadline for completion of case specific fact discovery for the initial trial cases and all other cases in this Hormone Therapy Litigation shall be 90 days prior to the scheduled trial date.

B.    **Global Discovery Of Defendants** – The deadline for completion of global discovery of the defendants shall be June 30, 2006.

### IV.    EXPERT DISCOVERY AND FRYE MOTIONS

A.    **Initial Trial Cases** – In connection with the initial trial cases, the Court will entertain Frye challenges as to both generic issues and case specific issues in the initial trial cases.  Generic issues will be those that arise in the initial trial cases but which affect multiple cases involving the defendants in the initial trial cases.  In order to accomplish that the following schedule shall apply.

1.    **Generic Expert Discovery** - the following expert schedule shall apply with respect to issues of general causation and other generic issues in connection with the initial trial cases.

a)    Generic Science Experts

Generic Science Experts are those experts with medical or scientific qualifications who are opining on matters related to medical issues; scientific, biological or physiological causation;

-2-

| | |
|---|---|
| Plaintiffs' designation of generic experts, and service of reports and curriculum vitae complete by | November 21, 2005 |
| Depositions of Plaintiffs' generic experts complete by | January 20, 2006 |
| Defendants' designation of generic experts, and service of reports and curriculum vitae complete by | February 10, 2006 |
| Depositions of Defendants' generic experts complete by | April 10, 2006 |

b)    Generic Liability Experts

Generic Liability/Conduct Experts are those experts who may or may not have medical qualifications who are opining on matters related to the business activities, knowledge and conduct of a party.

| | |
|---|---|
| Plaintiffs' designation of generic liability experts and service of reports and curriculum vitae complete by | February 6, 2006 |
| Depositions of Plaintiffs' generic liability experts complete by | April 6, 2006 |
| Defendants' designation of generic liability experts and service of reports and curriculum vitae complete by | April 10, 2006 |
| Depositions of Defendants' generic liability experts complete by | June 9, 2006 |

(i)    After an expert report is served in connection with the initial trial cases, absent agreement of the parties, any supplemental report must be served no later than 14 days prior to the expert's deposition. Absent agreement, any party serving a supplemental report beyond this deadline must file a motion to show cause why the supplemental report should be allowed. The Court may deem the following to constitute "cause": the account of newly published scientific literature, newly disclosed documents, or the expert report or deposition of an opposing party.

(ii)    Subject to IV A 1 (i), the designation of Generic Experts does not preclude the parties from calling the same or other experts on generic issues at trial, provided that the opinions and basis for the opinions offered by those experts are consistent with the opinions offered by the originally designated experts. Such re-designation shall occur, in the case of plaintiffs, no later than 135 days

-3-

before the scheduled trial date of a specific case and in the case of defendants, no later than 75 days before the scheduled trial date of a specific case. No supplemental Generic Expert designated pursuant to the foregoing shall be impeached for adopting the opinion of the originally designated expert. No new opinion or basis for the opinion may be expressed by such expert except upon good cause shown that the proffered new opinion or basis for the opinion could not have been offered at the time that generic experts were designated as provided in paragraph IV.A. above. If such new opinion or basis for opinion is allowed, the opposing party may depose that witness limited to questions concerning the additional basis for the opinion or new opinion. The designation of a Generic Expert does not obligate such witness to testify in any case in which he or she has not been specifically retained. The designation of a Generic Expert does not preclude the parties from calling that person as expert on the same issues at the time of trial of an individual case.

      2.    **Case Specific Expert Discovery** – In addition to generic expert discovery, case specific expert discovery in the initial trial cases will proceed as follows:

| | |
|---|---|
| Plaintiffs' designation of case-specific experts and service of reports and curriculum vitae complete by | February 6, 2006 |
| Depositions of Plaintiffs' case-specific experts complete by | April 6, 2006 |
| Defendants' designation of case-specific experts and service of reports and curriculum vitae complete by | April 10, 2006 |
| Depositions of Defendants' case-specific experts complete by | June 9, 2006 |

      3.    **Frye Motions** – Frye motions in the initial trial cases will be filed in accordance with the following schedule:

| | |
|---|---|
| All Frye motions filed by | June 15, 2006 |
| All oppositions to Frye filed by | July 18, 2006 |
| Hearings on Frye motions on or after | July 30, 2006 |

### B. All Other Cases In The Program

It is anticipated that not all issues subject to Frye motions will be dealt with in connection with the initial trial cases. Issues that are not addressed in connection with the initial trial cases including but not limited to those that are case specific, product specific, defendant specific or affect a small number of cases are preserved and may be submitted to the Court as case specific Frye motions at the time a case is scheduled for trial. The parties retain the right to move pursuant to the Pennsylvania Rules of Civil Procedure for depositions of experts in cases other than the initial trial cases.

#### 1. Expert Reports

Plaintiffs' expert reports will be due 135 days prior to the trial date and defendants' expert reports will be due 75 days prior to the trial date.

#### 2. Frye Motions

Case specific Frye Motions will be due in accordance with the schedule set forth in Section VI A.

### C. Contents of Expert Submissions - In each case, the curriculum vitae and

signed written report submitted by plaintiffs or defendants experts must include: (i) a complete statement of all opinions to be expressed and the basis and reasons therefore; (ii) the data or other information considered by the expert in forming the opinions; (iii) any exhibits the expert intends to use as a summary of or in support of the opinions; (iv) the qualifications of the witness, including a list of all publications authored by the witness; (v) the compensation to be paid for the report and testimony; and (vi) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

## V. DISCLOSURE OF FACT WITNESSES

### A. Plaintiffs shall disclose the identity of all fact witnesses they intend to call

in plaintiffs' case in chief at trial sixty (60) days before the close of fact discovery. Defendants shall disclose the identity of all fact witnesses they intend to call in defendants' case in chief at

trial forty-five (45) days before the close of fact discovery. The disclosure shall specifically identify witnesses by name and include their addresses. With the exception of case specific witnesses such as treating doctors, this disclosure shall not entitle any party to re-depose any witness whose deposition has previously been taken in connection with the In Re: Philadelphia HT Litigation and/or the MDL, without good cause shown on motion to the Court.

        **B.**    For those non-medical witnesses who have not been deposed or are not scheduled to be deposed in the particular cases or in the In Re: Philadelphia HT Litigation the disclosure shall state whether the witness will be offered as to liability or damages. The parties are expected to act in good faith in this disclosure process.

## VI.    MOTION PRACTICE

### A.    Dispositive Motions and Case-Specific Frye Motions

Notwithstanding the scheduling deadlines for Initial Cases in IV.A above, all dispositive motions and Frye motions other than those submitted in connection with the initial cases are to be filed no later than 60 days before the scheduled trial date. Oppositions to dispositive motions and case-specific Frye motions are due no later than 40 days before the scheduled trial date.

### B.    Motions in Limine

Any party that desires a pre-trial evidentiary ruling from the Court pursuant to Pa.R.Evid. 103 shall file its in limine motion no later than 25 days before the scheduled trial date. Oppositions thereto shall be filed no later than 15 days before the scheduled trial date.

        **1.**    <u>Single Issue Per Motion in Limine</u> - A Motion in Limine shall be limited to <u>one</u> evidentiary issue per motion. Multiple evidentiary issues shall <u>not</u> be grouped into a single motion. A party filing multiple Motion(s) in Limine shall identify the motion by separate number or letter, *i.e.*, "Defendant X's Motion in Limine Number 1;" Defendant X's

Motion in Limine Number 2;"  "Plaintiff's Motion in Limine A;" Plaintiff's Motion in Limine
"B."

      2.    <u>Multiple Motions in Limine</u> - All parties filing more than one
Motion in Limine shall submit to the Court and to the opposing party an "Index to Motions in
Limine" similar to the format attached hereto as Exhibit "A."  The opposing party shall file, and
provide to its opponent, along with its Response Brief a copy of the "Index to Motions in
Limine" indicating in the third column whether the Motion is Opposed or Un-Opposed.

      3.    <u>Attachments to Motions in Limine</u> – Any party filing a Motion
in Limine seeking an evidentiary ruling on a document or testimony shall attach to the Motion in
Limine the document(s) or testimony that it seeks a pre-trial ruling on.  A party responding shall
attach any document or testimony that it deems is necessary for the Court to fully consider the
evidentiary issue presented.

      4.    <u>Pre-Trial Rulings on Exhibits / Documents Must Be Sought As
In Limine Motions</u> - If a party has an objection to an Exhibit or Document identified by the
other party, and desires a pre-trial ruling on the admissibility of that Exhibit / Document, the
objecting party must file an in limine motion under the time frame set forth above, in order to
have the evidentiary issue ruled on before trial.  In other words, all pre-trial objections to
documents / exhibits must be made the form of a motion in limine.  A party's failure to file a
motion in limine objecting to an exhibit or document prior to trial is not a waiver of the right to
object to a document, or to seek a ruling from the Court, at the time of trial;

**VII.**    <u>PRETRIAL PROCEEDINGS</u>

    A.    <u>Exhibits</u>

      1.    Plaintiffs shall serve Defendants with a list of all exhibits to be
used in their case in chief at trial 60 days prior to the trial date along with copies of the exhibits
or, if exhibits are in possession of Defendants, a list of exhibits with specific identifying
information.  Defendants shall serve Plaintiffs with a list of all exhibits to be used in their case in

chief at trial 45 days before the trial date along with a copy of the exhibits or, if exhibits are in possession of Plaintiffs, a list of exhibits with specific identifying information. No party is required to produce in advance any document that they intend to use to impeach a witness. The parties shall serve each other with any objections as to the authenticity of exhibits or to the admissibility under Pa. R. Evid. 803(6) of medical, employment, Social Security or tax records no later than 30 days prior to trial. To the extent that record custodian depositions are required by reason of a party's objections to authenticity or admissibility, the parties shall cooperate in the scheduling of such depositions and shall cooperate in the obtaining and serving of commissions or process required to complete those depositions. Counsel should expect any exhibit not listed to be precluded at trial.

        2.      As for demonstrative exhibits to be used by a party in their case in chief during the course of trial and any exhibit a party intends to use in opening statements, the parties shall disclose the exhibit to the other parties prior to its use in Court and the Trial Judge will address any objections to such exhibits at that time.

        **B.**    <u>Witnesses</u>

        1      Plaintiffs shall state which of the previously identified fact and expert witnesses they intend to call at trial and whether each of those witnesses will be called live or by deposition 20 days prior to trial. Plaintiffs are not required to identify any rebuttal witnesses at this time and specifically reserve their right to call any witnesses necessary at the time of rebuttal. Defendants shall state which of the previously identified fact and expert witnesses they intend to call at trial and whether each of those witnesses will be called live or by deposition 10 days prior to trial. Counsel should expect any witness not listed to be precluded at trial.

2.    For any witness that plaintiff intends to call live at trial who is subject to Pa. Rule of Civil Procedure 234.3, plaintiffs may serve a Notice to Attend complying with and pursuant to Pa. Rule of Civil Procedure 234.3 no later than 15 days prior to the trial date upon the defendant   If a defendant objects to said notice the defendant shall file a motion for Protective Order in accordance with applicable Pa. Rules of Civil Procedure no later than 5 days prior to the trial date.  If a plaintiff seeks to serve a Notice to Attend less than 15 days prior to the trial date, absent agreement of the parties, it can only be done by filing a motion with the Court and a showing of good cause.

C.    **Deposition Designations**

1.    The Plaintiffs shall serve any designations of deposition testimony that they intend to offer into evidence at trial no later than 45 days prior to the trial date.

2.    The Defendants shall serve any designations of deposition testimony that they intend to offer into evidence, as well as any counter-designations and objections to Plaintiffs' designations no later than 30 days before trial. Plaintiffs shall serve any counterdesignations and objections to the defendants' designations no later than 15 days prior to trial.

3.    The Defendants shall serve their objections to Plaintiffs-counter-designations no later than 7 days before trial.

4.    Parties who propose to introduce deposition testimony into evidence at trial via videotape or reading to the jury shall designate only the particular excerpts of the depositions that they intend to actually offer at trial.

D.    **Proposed Voir Dire**

The parties shall submit proposed voir dire to the Court 10 days prior to the trial date.

**E.**   **Pretrial Conference**

A Pretrial Conference shall be held with the assigned Trial Judge prior to jury selection at which time the Court will either hear pending motions and any objections to exhibits, witnesses and deposition designations or schedule a hearing on these matters prior to commencement of trial.

**F.**   **Meet and Confer**

The parties shall meet and confer prior to trial for the purpose of resolving as many objections to exhibits and deposition designations as possible.

**G.**   **Rebuttal and Sur-Rebuttal – Cases**

Nothing in this Order is intended to preclude any party from introducing any evidence, either document or witness testimony, either live or by some other means, in its rebuttal or sur-rebuttal case.

BY THE COURT:

Honorable Norman Ackerman

9/23/05

-10-