GREENE & HOFFMAN

PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

FACSIMILE
(617) 261-3558
EMAIL
office@greenehoffman.com

125 SUMMER STREET, SUITE 1410
BOSTON, MASSACHUSETTS 02110
(617) 261-0040
www.greenehoffman.com

January 12, 2007

**VIA ELECTRONIC FILING**

The Honorable Patti B. Saris
United States District Judge
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

RE:    *In re: Neurontin Marketing, Sales Practice Litigation and Products
       Liability Litigation*, MDL Docket No. 1629, Master Docket No. 04-10981

Dear Judge Saris:

I am respectfully submitting this letter on behalf of the Members of the Class
Plaintiffs' Steering Committee in response to the January 5, 2007 letter from counsel for
Sudler & Hennessey, Cline Davis & Mann, Inc., Ferguson (a division of Common
Health), Adelphi, Inc., Current Medical Directions, Inc., Fallon Medica, and the Impact
Group (collectively, the "Non-Parties"), which the Non-Parties asked to be considered as
their objections to paragraph 4 of Discovery Order No. 7 issued by Magistrate Judge
Sorokin on December 20, 2006 in the above-referenced matter.  To the extent that the
Non-Parties' January 5, 2007 letter constitutes a timely and properly filed objection to
Discovery Order No. 7 within the meaning of Fed. R. Civ. P. 72, the objection should not
be sustained because Non-Parties do not argue that Discovery Order No. 7 is "clearly
erroneous or contrary to law."

**I.     Procedural History**

A.     The Subpoenas to the Non-Parties

On May 10, 2005, Class Plaintiffs served subpoenas pursuant to Fed. R. Civ. P.
45 upon Sudler & Hennessey, Cline Davis & Mann, Inc., and Ferguson (a division of
Common Health).  These Non-Parties are medical marketing firms located in New York
and New Jersey.   The subpoenas requested relevant documents for the time period from
1994 through the present.

The Honorable Patti B. Saris
United States District Judge
January 12, 2007
Page 2

On September 8, 2006, Plaintiffs served similar subpoenas upon the remaining Non-Parties, Adelphi, Inc., Current Medical Directions, Inc., Fallon Medica, and The Impact Group, which are medical marketing firms located primarily in New York as well.

### B.    The Non-Parties' Responses to the Subpoenas

On June 15, 2005, Sudler & Hennessey, Cline Davis & Mann, and Ferguson responded to the subpoenas through their attorneys, Davis & Gilbert, LLP.  On September 22, 2006, Davis & Gilbert responded to the subpoenas served upon the remaining Non-Parties.  In those responses, the Non-Parties raised generic objections to the individual requests, and objected to producing any documents on the grounds that the Court had not yet determined whether the time frame of this litigation extended beyond 1998.  Even though all of the Non-Parties had no objection to producing the documents from the pre-1998 time period, the Non-Parties refused to produce any documents until the issue relating to the relevant time period had been resolved because they felt it would be unduly burdensome for them to subsequently engage in a second round of production relating to post-1998 documents.

The Plaintiffs believed and continue to believe that they were unduly prejudiced by the Non-Parties' refusal to produce any documents.

### C.    The Plaintiff's Motion to Compel, and the Entry of Discovery Order No. 7

As a result of the Non-Parties' refusal to comply with the subpoenas, the Plaintiffs filed a Motion to Compel Production of Documents from Non-Parties on November 30, 2006, prior to the discovery conference before Magistrate Judge Sorokin scheduled for December 12, 2006.  The Non-Parties were served with a copy of the motion and filed their opposition on December 8th, which was received by Plaintiffs' counsel on December 11th, one day before the hearing.

Counsel for the Non-Parties was also notified of the hearing date in advance of the hearing.  Counsel for the Non-Parties declined to appear before Magistrate Judge Sorokin at the hearing on December 12, 2006, despite recognizing that Magistrate Judge Sorokin would likely address the Plaintiffs' Motion to Compel at that time.  *See* Exhibit A.  At the December 12th hearing, Magistrate Judge Sorokin made some inquiries of Plaintiffs' counsel as to certain procedural matters relating to the Motion to Compel and indicated that he would proceed to address the motion without further argument.

On December 20, 2006, Magistrate Judge Sorokin granted the Motion to Compel. Paragraph 4 of Discovery Order No. 7 noted that the Non-Parties' objections to the time-frame of the subpoenas had been rendered moot by this Court's "ruling extending the relevant time period [of this litigation] through May of 2004," and ordered the Non-Parties to produce the requested documents by February 1, 2007.

The Honorable Patti B. Saris
United States District Judge
January 12, 2007
Page 3

## II.    The Court Should Not Disturb Paragraph 4 of Discovery Order No. 7.

The Non-Parties' objection to Discovery Order No. 7 must fail because they are unable to identify even a single aspect of the Order as being "clearly erroneous or contrary to law," which is the applicable standard of review under Fed. R. Civ. P 72 (a). Furthermore, the Non-Parties cite to no legal authority that would even suggest a finding that the Magistrate's ruling was "clearly erroneous or contrary to law."

Even if the Court were to entertain Non-Parties' request for essentially *de novo* review, the objection does not raise any grounds to modify or set aside Discovery Order No. 7. First, the Non-Parties' suggestion that this Court does not have jurisdiction to enforce the subpoenas is without merit. A transferee court in a multidistrict litigation proceeding possesses extraordinary jurisdiction over pretrial proceedings and discovery pursuant to 28 U.S.C. § 1407. The "power to act as the judge of any district for pretrial depositions includes as an incident the power to enforce subpoenas duces tecum." *See* United States *ex rel.* Pogue v. Diabetes Treatment Centers of America, Inc., 238 F. Supp.2d 270, 276 (D.D.C. 2002). The power to enforce subpoenas duces tecum includes the power to adjudicate motions to compel. *See* In re Uranium Antitrust Litigation, 503 F. Supp. 33, 35 (N.D. Ill. 1980). *See also* In re Corrugated Container Anti-Trust Litigation, 620 F.2d 1086, 1090-91 (5th Cir. 1980)*, reh. denied,* 625 F.2d 1016 (5th Cir. 1980)*, cert. denied sub nom.* Adams Extract Co. v. Franey, 449 U.S. 1102, 101 S. Ct. 897, 66 L. Ed.2d 827 (1981). Accordingly, there is no merit to the legal issues raised by the Non-Parties' as to Discovery Order No. 7.

Second, the Court also should reject the Non-Parties' concerns for practical reasons. As the Non-Parties concede in their January 5th letter, the Court's December 18th order "effectively resolved the date range for discovery considerations, thereby alleviating the Non-Parties' concerns regarding the potential multiplication of their burden and expense in responding to the Subpoenas." The January 5th letter then goes on to describe the Non-Parties' current efforts to produce the requested materials as follows: "Since this recent determination of the discovery cut-off dates, the Non-Parties have been proceeding with collection and review of potentially responsive documents, and intend to prepare the documents for production as expeditiously as possible." It appears, therefore, that Non-Parties' concerns do not involve the substance of the requirement in Discovery Order No. 7—which requires them to produce the requested documents. Rather, that it seems that the Non-Parties are primarily concerned with whether they can meet the February 1, 2007 deadline to complete that production.

Ordinarily, Plaintiffs would not object to a reasonable extension of a deadline and of course are prepared to discuss that issue with counsel for the Non-Parties. In this case, however, Class Plaintiffs have reservations about allowing for any further delay. Non-Parties have so far not produced any documents, despite the fact that for more than a year, several of the marketing firms had *no* objections to producing documents from the

The Honorable Patti B. Saris
United States District Judge
January 12, 2007
Page 4

1994-1998 time period, and that for almost half a year, these same firms had *no* objections to producing documents from 1998-2001.  Given that most of the documents in question could already have been produced, why should further extensions be granted?  Moreover, Plaintiffs wish to make the Court aware that the Non-Parties have indicated that they might allow Defendant Pfizer, Inc. ("Pfizer") an opportunity to review the documents before the Non-Parties produce them to the Plaintiffs.  Of course, there is absolutely no basis for Pfizer to prescreen the documents that the Non-Parties are required to produce, and Class Plaintiffs will not agree to an extension if the only reason is to give Pfizer—who did not issue the subpoenas in question—a "sneak preview" of the documents that will further delay their production to the Plaintiffs.  Moreover, Class Plaintiffs are concerned that Pfizer will use such an opportunity to determine which documents should be produced and which should be withheld.

### III      Conclusion

More than a year has passed since the first subpoenas were served upon the Non-Parties, and they have not yet produced a single document.  As there are no grounds to find that Discovery Order No. 7 is "clearly erroneous or contrary to law," the Class Plaintiffs respectfully urge the Court not to disturb Discovery Order No. 7 as issued by Magistrate Judge Sorokin in this matter.

Respectfully submitted,


/s/ Thomas M. Greene
Thomas M. Greene


TMG/

cc:    Paul Corcoran, Esq.
       James Rouhandeh, Esq.
       Jeff Gibson, Esq.
       Ronald Aranoff, Esq.