UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:  MDL Docket No. 1629
In re:  NEURONTIN MARKETING,       :
      SALES PRACTICES AND        :  Master File No. 04-10981
      PRODUCTS LIABILITY LITIGATION   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO:          :  Magistrate Judge Leo T.
                                       :  Sorokin
      PRODUCTS LIABILITY ACTIONS   :
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR RANDOM SELECTION OF TRACK ONE PLAINTIFFS

Defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants") submit this memorandum in further support of their motion for the Court to randomly select, or direct the parties to randomly select, those personal injury, product liability plaintiffs denoted as "Track One" plaintiffs in this Court's December 20, 2006 Discovery Order No. 7.

### PRELIMINARY STATEMENT

A random selection process is the only fair method of selecting Track One cases. A random approach is recommended by the MANUAL FOR COMPLEX LITIGATION and has been utilized recently by several courts in mass pharmaceutical litigation. The reason is simple. Random selection is the best way to obtain "representative" cases and "reliable information," which can ultimately lead to an efficient resolution of the litigation. *See* MANUAL FOR COMPLEX LITIGATION at § 22.315.

In contrast, plaintiffs argue for an approach that would merely advance those cases deemed desirable by each side, ignoring notions of fairness and representativeness. The admission by plaintiffs' counsel that they are "the most familiar with" the plaintiffs demonstrates their intent to take advantage of an uneven playing field that would result if the selection of plaintiffs were made by the parties. Accordingly, defendants' motion for random selection of Track One plaintiffs provides the only appropriate and fair method in this litigation.

## ARGUMENT

### A.    Plaintiffs' Request to Select All Plaintiffs is Unreasonable

Plaintiffs now propose – for the first time – that they select all ten Track One Plaintiffs. See Product Liability Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Random Selection of Track One Plaintiffs' Cases (hereafter "Pls. Opp.") at 2. This proposal was not made in the discussions between the parties.

Plaintiffs argue that they should select all of the Track One plaintiffs despite the fact that none of the court orders that they attach as exhibits to their opposition support unilateral selection of cases for accelerated pretrial discovery. In fact, one of the orders upon which plaintiffs rely states that there is "no logical reason to allow Plaintiffs to select a disproportionate amount" of cases. Pretrial Order No. 9, In re Guidant Defibrilators Prods. Liab. Litig., MDL No. 05-1708 (DWF/AJB), dated May 3, 2006, attached at Ex. D to Pls. Opp. (emphasis added). Aside from the baselessness of plaintiffs' proposal, it is clear that this method is a thinly disguised attempt to make their alternative proposal ("you select five"/"we select five") appear more palatable.

2

**B.     A Random Selection Process Will Level The Playing Field**

Plaintiffs' alternative proposal is no more reasonable than the suggestion that plaintiffs alone should select all Track One cases. This proposal completely ignores the advice of the MANUAL FOR COMPLEX LITIGATION and likewise fails to address the many recent examples of using random selection employed by other courts (*e.g.,* Prempro, Baycol, Paxil, and Norplant). *See* Memorandum in Support of Defendants' Motion for Random Selection of Track One Plaintiffs at pp. 2-4. Instead, plaintiffs boldly invite the precise result the Manual guards against -- namely, that the information derived from cases selected by the parties will be "skew[ed]" by allowing plaintiffs to select their "best" cases. Given the importance of the Track One cases on the remaining cases, a premium should not be placed on certain self selected cases with facts that appear most or least favorable to the parties. Such cases without doubt will be "outliers," and thus, litigating them does little to advance resolution of the litigation as a whole. To the contrary, an even-handed process of random selection has the benefit of favoring neither side and producing sample cases that arguably will be more representative of the remainder.

Given the importance of the Track One cases and the ramifications they will have for other actions, a premium should not be placed on those cases with facts that appear most or least favorable to the parties. Rather, an even-handed process of selection has the benefit of favoring neither side.[1] As plaintiffs' counsel admit, they are "most

---

[1] While plaintiffs attempt to distinguish In re Chevron U.S.A., Inc., 109 F.3d 1016, 1019 (5th Cir. 1997), they overlook the Fifth Circuit's admonition in that case that a lower court's trial plan providing for the selection of "best" and "worst" cases was improper.

3

familiar" with the product liability actions, thereby granting them unfair advantage and skewing the impact on the litigation were they to select all or half of the Track One plaintiffs. Pls. Opp. at 2.

Finally, plaintiffs are unable to find fault with random selection. In fact, they concede that every case filed contains the "core issue" of this litigation: "whether ingestion of Neurontin" caused plaintiffs' alleged injuries. Pls. Opp. at 2. As for plaintiffs' concern that certain cases with "collateral issues" might be chosen if random selection is used, such vague references fail to specify what those issues might be. And even if a case with, for example, a unique legal defense were selected, the Court could always randomly select a replacement. Nowhere do plaintiffs explain how the random selection of 10 cases from a pool of 80 eligible actions, as proposed by defendants, is in any way unfair or would fail to create a suitable pool of Track One plaintiffs whose actions all share the same "core" issue.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court randomly select, or direct the parties to randomly select, Track One plaintiffs as soon as is reasonably practicable.[2]

---

[2] It is worth noting that plaintiffs do not dispute the need for selection of Track One plaintiffs in advance of March 19, 2007, as ordered by the Court.

4

Dated: January 12, 2007

DAVIS POLK & WARDWELL

By:   /s/ James P. Rouhandeh
      James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

HARE & CHAFFIN

By:   /s/ David B. Chaffin
      David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on January 12, 2007.

/s/David B. Chaffin