**DAVIS & GILBERT LLP**
1740 BROADWAY
NEW YORK, NEW YORK 10019
(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4825
EMAIL ADDRESS
pcorcoran@dglaw.com

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
(212) 974-7037

January 5, 2007

**VIA FACSIMILE & OVERNIGHT MAIL**

Chambers of the Honorable Patti Saris
United States District Judge
United States District Court
For the District of Massachusetts
One Courthouse Way
Boston, MA 02210

       Re:    *In Re: Neurontin Marketing And Sales Practices Litigation*, MDL Docket No. 1629, Master Docket No. 04-10981 (D. Mass) (PBS) (LTS)

Dear Judge Saris:

       We represent seven non-parties with regard to documents-only subpoenas issued by Plaintiffs in the above-referenced matter (the "Subpoenas"): Cline Davis & Mann, Inc., Sudler & Hennessy, LLC, CommonHealth, Fallon Medica, Adelphi, Inc., The Impact Group, and Current Medical Directions, Inc. (collectively, the "Non-Parties"). Five of the Subpoenas issued from the United States District Court for the Southern District of New York and the other two issued from the United States District Court for the District of New Jersey (the "Issuing Districts").

       We respectfully submit this letter to register our timely objections to Discovery Order No. 7 issued on December 20, 2006 by Magistrate Judge Sorokin in the above-referenced matter (the "Order") to the extent that the Order purports to order the Non-Parties to complete production of documents responsive to the Subpoenas by February 1, 2007. A copy of the Order is attached hereto as Exhibit A. The Non-Parties' object to the Order on the grounds that: (1) the United States District Court for the District of Massachusetts is not an Issuing District and therefore lacks jurisdiction over the Non-Parties; and (2) the February 1, 2007 date set in the Order for production of responsive documents by the Non-Parties provides inadequate notice in light of the number of Subpoenas and the volume of documents to be gathered, reviewed and produced.

       On November 30, 2006 Plaintiffs moved —not in the Issuing Districts but in the District of Massachusetts under the caption of the MDL proceeding — to compel production by the Non-Parties of documents responsive to the Subpoenas (the "Motion"). By papers dated

DAVIS & GILBERT LLP

Hon. Patti B. Saris
January 5, 2007
Page 2

December 8, 2006, the Non-Parties opposed the Motion on the grounds, *inter alia*, that the Motion was in violation of Rule 45, and that the United States Court for the District of Massachusetts lacks personal jurisdiction over both the Non-Parties and the subject Subpoenas. A copy of the Non-Parties' brief in opposition to the Motion is attached as Exhibit B to this letter for the Court's convenience.

Rule 45 plainly requires that motions to compel related to third-party subpoenas be made to – and any resulting compulsion orders must come from – the district court that issued the subpoena. *See* Fed. R. Civ. Pr. 45(c)(2)(B) (providing for motions to and compulsion orders from "the court by which the subpoena was issued.") This is not a trivial procedural requirement, and is necessary to protect the appellate rights of non-parties in the jurisdictions in which they reside. It also has significant due process implications, as this MDL Court only has jurisdiction over out-of-state non-party subpoena recipients when sitting as a Judge of the District Courts which issued the subpoenas. In the instant case, the Non-Parties were not able to be heard properly on the Motion, as it was not brought in the Issuing Districts, and will be unable to appeal the Order, should they desire to do so, in their respective Circuit Courts. Plaintiffs' Motion to this Court under the MDL caption was clearly improper, as it was not brought in the Issuing Districts. Moreover, Magistrate Judge Sorokin, who was sitting as a Magistrate Judge of the District of Massachusetts in issuing the Order and not as a judge of the Issuing Districts, lacked authority to issue a compulsion order concerning the Subpoenas. Therefore, the Non-Parties respectfully request that the Order be withdrawn as improvidently granted insofar as it sought to compel production by the Non-Parties, who are not subject to the jurisdiction of the United States District Court for the District of Massachusetts.

Additionally, as noted above, the February 1, 2007 date for production by the Non-Parties set forth in the Order is inherently unreasonable. The discovery cut-off date has been the subject of a heated dispute between the parties for over a year and a half. During the August 1, 2005 oral argument on the parties' respective motions regarding the scope of discovery, this Court indicated that any ruling regarding the Discovery motions should guide the parties with respect to the scope of third-party discovery. In accordance with this direction from the Court, as Plaintiffs are well aware, the Non-Parties have been awaiting a final determination of the scope of discovery since the Subpoenas were issued before engaging in the time-consuming and costly process of reviewing and producing documents responsive to the seven Subpoenas. The Non-Parties have taken this position consistently in a good faith effort to avoid incurring unnecessary burden and expense from duplicative reviews and segregation of documents that shifting discovery date cut-offs would have entailed.

On December 18, 2006, just two days before the Order setting February 1, 2007 as the date for production of responsive documents by the Non-Parties, Your Honor granted Plaintiffs permission to file a Third Amended Complaint,, which pleading was filed later on December 18. This order effectively resolved the date range for discovery, thereby alleviating

Davis & Gilbert LLP

Hon. Patti B. Saris
January 5, 2007
Page 3

the Non-Parties' concerns regarding the potential for multiplication of their burden and expense in responding to the Subpoenas. Since this recent determination of the discovery cut-off dates, the Non-Parties have been proceeding with collection and review of potentially responsive documents, and intend to prepare the documents for production as expeditiously as possible. The documents to be reviewed and prepared are voluminous. We learned only this week that the United States Attorney for the District of Massachusetts is about to return between 25 and 50 boxes of potentially responsive original documents to one of the Non-Parties, Sudler & Hennessey, which will also have to be reviewed and prepared for production. Even assuming *arguendo* that this Court has jurisdiction to issue a compulsion order to the Non-Parties, a period of less than six weeks as provided in the Order is clearly inadequate to allow the Non-Parties to complete their collection, review and preparation of documents for production.

The Non-Parties are willing, as they have been since the Subpoenas were served, to produce documents responsive to the Subpoenas, subject to the objections raised in their respective Rule 45 letters. We respectfully request that the Order be withdrawn insofar as it purports to compel the Non-Parties to produce documents responsive to the Subpoenas by February 1, 2007 for the jurisdictional reasons outlined above. Of course, in the event that Plaintiffs are not satisfied by the Non-Parties' plans concerning review and production of documents responsive to the Subpoenas as set forth herein, Plaintiffs have the option of bringing motions to compel in the Issuing Districts in accordance with Rule 45, affording the Non-Parties a proper opportunity to be heard and preserving the Non-Parties' appellate rights.

Thank you for your consideration of this matter.

Very truly yours,

Paul F. Corcoran

Enclosures

cc:   Jeff S. Gibson, Esq. (via overnight mail)
      Cheryl Plambeck, Esq. (w/out enclosures)