UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

<u>Discovery Order No. 8</u>

January 17, 2007

SOROKIN, M.J.

      The Court hereby makes the following rulings and orders on the matters before the Court at the January 16, 2007 Motion Hearing.

      1.      <u>Motion for Random Selection of Track One Plaintiffs (Docket #591)</u>

      Defendants request that the Court order that the ten Track One cases be selected randomly. Plaintiffs request that the Court permit them to select the ten cases or, alternatively, authorize each side to select five cases. In this MDL, the Track One cases will provide a context and record for some of the summary judgment issues. The parties agree that a core issue for summary judgment in the Products Liability cases is whether Neurontin can cause the symptoms or effects of which Plaintiffs complain. Individual discovery in the Track One cases is not necessary for resolution of this issue. It is, however, relevant to other issues, including whether in a particular case Neurontin was in fact the cause of the Plaintiff's harm or whether the Plaintiff's prescription was the result of the fraudulent marketing alleged in the complaints.

The ten Track One cases will be selected as follows. The Court will select six cases at random from the eighty cases brought by the Finkelstein law firm. Thereafter, Plaintiffs shall select two cases and then Defendants shall select two cases. This process will enable each side to put its best cases forward, while the random selection will ensure a range of cases as well as mitigate any information disadvantage under which Defendants may labor at this point.

I reject the Plaintiffs' Steering Committee's suggestion to pick from the universe of all of the approximate 140 cases pending. Some of those cases concern a type of harm that is truly individualized. In addition, selecting only from the Finkelstein firm cases will promote efficient adjudication and coordination with the other aspects of this litigation.

2.  Follow Up to Discovery Order No. 7

Last month's discovery order required Defendants to file additional information with the Court regarding their responses to Plaintiffs' marketing strategies interrogatories and Plaintiffs' events and publications interrogatories. Discovery Order No. 7 at pages 7-8 (Docket # 582). The question now presented is what must the Defendants do in order to respond to these interrogatories. For the marketing strategies interrogatories, Defendants propose also searching the files of the Vice President of Sales and the Regional Sales Managers files during the Pfizer era. Of course, they should also conduct equivalent searches for the Warner-Lambert time period.

For the events and publications interrogatories, the Defendants identified with some specificity various persons outside of the marketing department or team whose files are being search ed for responsive information. These locations are appropriate to search. While the core of the complaints make allegations concerning Defendants' marketing of Neurontin, by the terms

of the complaints, the case is not one focused only on or limited to the "marketing" department, i.e.. Defendants may not artificially limit their discovery responses to marketing files. The search terms Defendants propose in their reply, supplemented by the "emerging trends" term identified by Plaintiffs' counsel are terms Defendants should employ in their searches.

## CONCLUSION

The Motion for Random Selection (Docket #591) is ALLOWED IN PART AND DENIED IN PART. The parties shall submit a numbered list of all of the Finkelstein Products Liability cases no later than January 24, 2007. The Court will randomly select six cases, then issue an order identifying the cases and setting dates for the parties to make their selections.

SO ORDERED.

/s/ Leo T. Sorokin
_____
United States Magistrate Judge