DAVIS & GILBERT LLP
1740 BROADWAY
NEW YORK, NEW YORK 10019
(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4825
EMAIL ADDRESS
pcorcoran@dglaw.com

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
(212) 974-7037

January 16, 2007

**VIA OVERNIGHT MAIL**

Chambers of the Honorable Patti Saris
United States District Judge
United States District Court
For the District of Massachusetts
One Courthouse Way
Boston, MA 02210

    Re:    *In Re: Neurontin Marketing And Sales Practices Litigation*, MDL Docket No. 1629, Master Docket No. 04-10981 (D. Mass) (PBS) (LTS)

Dear Judge Saris:

    We represent seven non-parties with regard to documents-only subpoenas issued by Plaintiffs in the above-referenced matter (the "Subpoenas"): Cline Davis & Mann, Inc., Sudler & Hennessy, LLC, CommonHealth, Fallon Medica, Adelphi, Inc., The Impact Group, and Current Medical Directions, Inc. (collectively, the "Non-Parties").

    By our letter dated January 5, 2007, we registered our timely objections to Discovery Order No. 7 issued on December 20, 2006 by Magistrate Judge Sorokin in the above-referenced matter (the "Order") to the extent that the Order purports to order the Non-Parties to complete production of documents responsive to the Subpoenas by February 1, 2007. We respectfully submit this letter in response to and to clarify certain inaccuracies in the letter submitted by Plaintiffs to the Court on January 12, 2006, which we received today.

    First, the Non-Parties are not appealing the Order under Rule 72 and have not requested *de novo* review. The Non-Parties are simply requesting that the Court withdraw that portion of the Order that purports to compel the Non-Parties to produce documents responsive to the Subpoenas by February 1, 2007 on the grounds that this Court lacks jurisdiction over the Non-Parties. As noted in our January 5, 2007 letter to the Court, the Subpoenas issued out of the District Courts for the Southern District of New York and for the District of New Jersey (the "Issuing Districts"). Plaintiffs did not bring their motion to compel in the Issuing Districts as required by Rule 45, and Magistrate Judge Sorokin was sitting as a judge of the United States District Court for the District of Massachusetts – not of the Issuing Districts – when he issued the Order. Plaintiffs could have brought their motions in the Issuing Districts and requested that the Issuing Districts transfer the motions to Your Honor to decide them sitting as a judge of the

Davis & Gilbert LLP

Hon. Patti B. Saris
January 16, 2007
Page 2

Issuing Districts. However, Plaintiffs valued their own convenience over the due process rights and the convenience of the Non-Parties, resulting in the Order and the instant request by the Non-Parties for withdrawal of same to the extent that it addresses the Subpoenas.

Contrary to Plaintiffs' assertions, and as set forth in the Non-Parties' opposition to Plaintiffs' motion to compel, 28 U.S.C. § 1407 does not operate to force non-parties to appear initially in a transferee district (as Plaintiffs attempted to do), or to confer jurisdiction over such non-parties on the transferee district on documents-only subpoenas such as those at issue here. The pertinent part of that statute, 28 U.S.C. § 1407(b), provides only that "[t]he judge or judges to whom such actions are assigned . . . may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions." Even if—contrary to its plain language— § 1407(b) gives a transferee judge the power to compel non-parties to comply with documents-only subpoenas, that judge may only do so while sitting as a judge of the issuing district, subject to the rules and law of that district. (*See* Exhibit B to the January 5 Letter, pp. 8-10)[1] At most, this statute would permit a transferee court to decide a motion to compel an out-of-district non-party to comply with a documents-only subpoena provided that the motion has been brought properly, in accordance with Rule 45, as a special proceeding in the district in which the subpoena was issued. *See, e.g., In Re Welding Rod Products Liability Litigation*, 406 F. Supp. 2d 1064 (N.D. Cal. 2005) (transferring a motion concerning a non-party subpoena to the MDL-transferee court). Thus, the Non-Parties respectfully request that the Order be withdrawn as improvidently granted insofar as it sought to compel production by the Non-Parties.

Second, even if this Court had personal jurisdiction over the Non-Parties, the February 1, 2007 deadline for production is impossible to meet. Plaintiffs state that they would not object to a reasonable extension of a deadline and are prepared to discuss that issue with counsel for the Non-Parties. Plaintiffs present no reason why this deadline should not be extended. Discovery is ongoing, and the Order sets a September 15, 2007 deadline for fact discovery in "Track One" cases. Plaintiffs have not been and will not be prejudiced if production by the Non-Parties is not completed by February 1. Moreover, Plaintiffs themselves are responsible for much of any purported delay, inasmuch as Plaintiffs failed to take steps to resolve the issue of discovery cut-off dates for over a year after the first of the Subpoenas were issued. For almost a year, Plaintiffs tacitly agreed that the Non-Parties could await the determination of the timeframe for discovery during this time period before conducting a search for responsive documents. Clearly, Plaintiffs' allegation that "most" of the documents "could

---

[1] Plaintiffs cite *In Re Uranium Antitrust Litigation*, 503 F. Supp. 33, 35 (N.D. Ill. 1980), but fail to note that the court in that case held that 28 U.S.C. §1407(b) did not permit it to reach out and assert jurisdiction over an out-of-district non-party, as Plaintiffs seek of this Court. The District Court explained: "Thus, the statute clearly authorizes us as transferee judge to journey to another district to hear a discovery dispute *in that district*, but we may lack the authority to exercise the judicial power of a judge of the other district from our present forum, i.e., reach out, assert jurisdiction, and compel the non-party disputants to the out-of-district controversy to appear initially in this district. It is our judgment that if the district court in which the non-party dispute arises is unwilling (or perceives itself as unable) to transfer the dispute here we cannot compel it to do so."

DAVIS & GILBERT LLP

Hon. Patti B. Saris
January 16, 2007
Page 3

have been produced" is incorrect. The indeterminate scope of the search was the very issue delaying the production of any documents. The time frame for discovery was finally determined only a few weeks ago, and it is unreasonable to expect that the search for and review of documents from a period at least three years longer than originally requested can be completed by February 1.

Plaintiffs' assertion that some of the Non-Parties had no objection to the production of documents from 1994-2001 is simply untrue. The only one of the many objections raised by the Non-Parties to be addressed so far was their concern regarding the burden and expense of piecemeal reviews. This objection was resolved finally on December 18, 2006 when Plaintiffs filed a Third Amended Complaint and the date range for discovery was effectively resolved. The Non-Parties' objections to the Subpoenas as set forth in their respective Rule 45 letters – including, *inter alia*, that the twenty-seven to twenty-eight separate document requests impose an undue burden on the Non-Parties - have never been addressed by this or any court. Notably, Plaintiffs have failed to take any steps to date to resolve the many other objections raised by the Non-Parties, to minimize the burden the Subpoenas impose on the Non-Parties, or to narrow any of the requests in their outrageously overbroad Subpoenas.

Finally, Plaintiffs' complaint concerning any review of their documents by Pfizer prior to production is a red herring. We do not anticipate that Pfizer's review would significantly delay production and this is not a factor in the Non-Parties' determination that, practically speaking, it will be impossible to complete the collection, review and preparation of documents by February 1, 2007. Additionally, Plaintiffs' purported fear that Pfizer would be determining which documents should be produced and which should be withheld is unfounded. The Non-Parties will be conducting their own reviews and making their own determinations regarding responsiveness and privilege issues. To the extent that the Non-Parties permit Pfizer to see documents before production, they will do so out of respect for their client relationships with Pfizer, and to ensure that they are complying with any agreements they may have with Pfizer regarding confidentiality of documents generated in the course of those relationships.

Therefore, for the reasons set forth above and in our January 5, 2007 letter, we respectfully request that the Order be withdrawn, on the grounds that the Magistrate Judge in issuing the Order from the United States District Court for the District of Massachusetts lacked personal jurisdiction over the New York and New Jersey subpoena recipients.

Thank you for your consideration of this matter.

Very truly yours,

Paul F. Corcoran

DAVIS & GILBERT LLP

Hon. Patti B. Saris
January 16, 2007
Page 4


cc:     Jeff S. Gibson, Esq. (via overnight mail)
        Cheryl Plambeck, Esq. (w/out enclosures)