UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris |

STIPULATION AND ORDER CONCERNING USE OF THIRD PARTY DATA

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties in this Action, which include the Sales and Marketing Plaintiffs, Products Liability Plaintiffs, and Defendants (the "Parties"), through their undersigned counsel, agree and stipulate to follow and abide by the terms of the Stipulated Protective Order signed by Judge Saris on or about January 10, 2005 ("Stipulated Protective Order," a copy of which is attached as Exhibit A), limiting the use and disclosure of certain third party data and limiting as hereinafter provided, except as noted below.

IT IS HEREBY AGREED, STIPULATED, AND, FOR GOOD CAUSE SHOWN, ORDERED THAT:

1. This Stipulation shall govern the treatment of certain third party data and any other information or written materials which exchanged, produced or received by the Parties from Source Healthcare Analytics, Inc., IMS Health, Inc., Verispan LLC, and _____ ("Third Party Data Providers") during pre-trial proceedings in the actions that have been assigned to the above captioned multi-district litigation, as well as any and all copies, abstracts and summaries (the "Third Party Data").

1

2. <u>Scope</u>: All Third Party Data furnished by Third Party Data Providers in conjunction with actions that have been assigned to the above captioned Multi-District Litigation proceeding which contain trade secrets or other confidential research, development, or commercial information ("Confidential Third Party Information") may be designated CONFIDENTIAL by said Third Party Data Providers and furnished to the Parties pursuant to the terms of the Stipulated Protective Order. The Parties receiving designated Confidential Third Party Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in the Stipulated Protective Order or such orders as may be issued by the Court during the course of this litigation. The provisions of the Stipulated Protective Order extend to all designated Confidential Third Party Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any other discovery materials produced by or provided by Third Party Data Providers in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing materials.

3. <u>Designation of Confidentiality</u>. Pursuant to the terms of the Stipulated Protective Order, documents or information may be designated CONFIDENTIAL within the meaning of this Order in the following ways:

(a) In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on each page of any such document: "CONFIDENTIAL" or "CONFIDENTIAL PURSUANT TO COURT ORDER."

(b) In the case of interrogatory answers, responses to request for admissions and the information contained therein, designation shall be made by means of a statement in the

answers or responses specifying that the answers or responses or specific parts thereof are designated CONFIDENTIAL. The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Third Party Information: "CONTAINS CONFIDENTIAL INFORMATION."

    (c) In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Third Party Information shall be made by a letter setting forth the specific pages and lines which disclose Confidential Third Party Information from counsel for the Party or witness producing such information within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). During the deposition if such counsel makes a statement to the effect that the witness is disclosing Confidential Third Party Information the entire deposition transcript (including exhibits) shall be treated as Confidential under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or other own deposition during this thirty-day period. The following legend shall appear on the first page of the transcript and each copy of the transcript containing Confidential Third Party Information: "CONTAINS CONFIDENTIAL INFORMATION." If part of a videotaped deposition is designated as CONFIDENTIAL, the videocassette or other videotape container shall be labeled with the legend provided for in paragraph 3(a) above.

    (d) To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any Party in such form, the producing Party may designate such

matters as CONFIDENTIAL by cover letter referring generally to such matter. Whenever any Party to whom Computerized Material designated as CONFIDENTIAL is produced reduces such material to hardcopy form, such Party shall mark such hardcopy form with the legend provided for in paragraph 4 (a) above.

(e)     To the extent that any Party or counsel for any Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated CONFIDENTIAL, that Party and/or its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Third Party Information.

(f)     All documents and materials filed with the Court containing or reflecting the contents of Confidential Third Party Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption to the Litigation, a generic designation of the contents, the words CONFIDENTIAL INFORMATION - SUBJECT TO COURT ORDER and words in substantially the following form:

> This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated ___, 200_, shall not-be opened nor, the contents displayed or revealed except as provided in that order of by further order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only whose portions of such documents and materials containing or reflecting Confidential Third Party Information shall be considered Confidential and may be disclosed only

in accordance with this Order. Where possible, only those portions of such filings which are Confidential Third Party Information shall be filed under seal. No Party or other person may have access to any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding District Judge, the Judge's law clerks and other Court personnel without further order of the Court. Each document filed under seal may be returned to the Party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the Party which filed a sealed document fails to remove the document within the appropriate time frame, the document may be destroyed by the Clerk. Regardless of any provision in this Order to the contrary, a Party does not have to file a document under seal if the Confidential Third Party Information contained or reflected in the document was so designated solely by that Party, however, any such filing shall constitute a waiver of confidentiality for any documents, material or information contained in such a filing.

      4.    <u>Use of Confidential Third Party Information</u>. Any Confidential Third Party Information received by a Party shall be used by that Party solely for the purpose of conducting this litigation and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law. If the use of Confidential Third Party Information is required by law, the person using such information shall give notice to counsel for the producing Party in accordance with paragraph 14 of the Stipulated Protective Order.

      5.    <u>Disclosure of Confidential Third Party Information</u>. Access to information designated CONFIDENTIAL shall be limited in accordance with the terms of Section 6 of the Stipulated Protective Order. Confidential Third Party Information shall not be disclosed to any

person described in paragraphs 6(c), 6(f), 6(g), or 6(i) of the Stipulated Protective Order unless and until such person has executed a Certification in substantially the form attached hereto as <u>Exhibit B</u>.  The originals of such Certifications shall be maintained by counsel for the Party who obtained them until the final resolution of the litigation.  Certifications shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

      6.      <u>Objections to Designations</u>.  A Party shall not be obligated to challenge the propriety of a Confidential Third Party Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event a Party objects to the designation under this Order by another Party of any material, said Party (hereinafter referred to as the "Objecting Party") shall consult with the Third Party Data Provider who made the challenged designations ("Designating Party") to attempt to resolve their differences.  If the Objecting Party and Designating Party are unable to reach an accord as to the proper designation of the material, the Objecting Party may apply to the Court for a ruling that, the material shall not be so treated, giving notice to Designating Party.  If such a motion is made, the Designating Party would have the burden to establish that the designation is proper.  If no such motion is made, the material will remain as designated.  Any documents or other materials that have been designated Confidential shall be treated as Confidential until such time as the Court or any magistrate to whom this matter is assigned rules that such material should not be treated as Confidential.

      7.      <u>Use of Confidential Third Party Information at Trial or Hearing</u>.  Unless otherwise directed by the Court, a Party may, subject to the rules of evidence and further orders

of the Court, use any Confidential Third Party Information for any purpose at trial or at any hearing before a judicial officer in this litigation.

8. <u>Preservation of Rights and Privileges</u>.  Nothing contained in this Order shall affect the right, if any, of any Party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for productions of documents or questions at a deposition.  Nor shall this Order be construed as a waiver by any Party of any legally cognizable privilege to withhold any Confidential Third Party Information, or of any right which any Party may have to assert such privilege at any state of this litigation.

9. <u>Return of Materials</u>.  Within forty-five (45) days after the final resolution of this litigation, all Confidential Third Party Information, including all copies, abstracts and/or summaries, shall be returned to Third Party Data Provider that produced it or, if the Third Party Data Provider so requests, destroyed.  As to those materials that contain or reflect Confidential Third Party Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to the Protective Order.  Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Third Party Information, so long as such Confidential Third Party Information, in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to a Protective Order.

10. A Party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

11. The Stipulated Protective Order is binding on all Parties to this litigation and on a Third Party Data Providers who have been served with a copy of the Stipulated Protective Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

12. Upon the final resolution of this litigation and/or each of the actions that comprise this litigation, the provisions of this Stipulation and the Stipulated Protective Order shall continue to be binding. This Court expressly retains jurisdiction over each of the actions that comprise this litigation for the purpose of enforcing the provisions of this Order following the final resolution of this litigation.

Dated: January __, 2007     PLAINTIFFS HARDEN MANUFACTURING CORPORATION, LOUISIANA HEALTH SERVICE INDEMNITY COMPANY dba BLUECROSS/BLUESHIELD OF LOUISIANA, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND, ASEA/AFSCME LOCAL, 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated,

By their attorneys,

By: **/s/ Thomas M. Greene**

Thomas Greene, Esquire,
Greene & Hoffman
125 Summer Street
Boston, MA 02110

By: **/s/ Don Barrett**

Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By: **/s/ Daniel Becnel, Jr.**

Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By: **/s/ James Dugan**

James Dugan, Esquire
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130

By: **/s/ Barry Himmelstein**

Barry Himmelstein, Esquire
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By: **/s/ Thomas M. Sobol**

Thomas M. Sobol, Esquire
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

*Members of the Class Plaintiffs' Steering Committee*

PLAINTIFFS AETNA, INC., GUARDIAN LIFE INSURANCE CO. OF AMERICA, KAISER FOUNDATION HEALTH PLAN, INC. AND KAISER FOUNDATION HOSPITALS,

By their attorneys,

Dated:  January __, 2007       By:  **/s/ Richard Bemporad**

Richard Bemporad, Esquire
Lowey Dannenberg Bemporad & Selinger, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY  10601

By:  **/s/ Linda P. Nussbaum**

Linda P. Nussbaum, Esquire
Cohen Milstein Hausfeld & Toll
150 East 52nd Street, 13th Floor
New York, NY 10022

*Members of the Plaintiffs' Non-Class Steering Committee*

PRODUCTS LIABILITY PLAINTIFFS

By their attorneys,

By:  **/s/ Andrew G. Finkelstein**

Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY 12550

*Members of Products Liability Plaintiffs' Steering Committee*

|  |  |
|---|---|
|  | DEFENDANTS PFIZER INC. AND WARNER-LAMBERT COMPANY, |
|  | By their attorneys, |
| Dated:  January __, 2007 | By:  **/s/ James P. Rouhandeh** |
|  | James P. Rouhandeh, Esquire<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017<br>(212) 450-4000 |
|  | By:  **/s/ David B. Chaffin** |
|  | David B. Chaffin, Esquire<br>Hare & Chaffin<br>160 Federal Street<br>Boston, Massachusetts 02110<br>(617) 330-5000 |

| | |
|---|---|
| SO ORDERED: | HON. PATTI B. SARIS |
| | |
| Dated: January __, 2007 | _____<br>United States District Judge |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:   NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

## CERTIFICATION

1. My name is _____. I live at

_____. I am employed as

(state position) _____ by (state name and address of

employer)_____.

2. I have read the Protective Order (the "Order") that has been entered in this litigation, and a copy of it has been given to me. I understand the provisions of the Order, and agree to comply with and to be bound by its provisions.

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

 Executed this ___ day of _____, _____.


 _____