UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Civil Action No. 04-10981 |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company ("Warner-Lambert") (collectively, "Defendants"), by their undersigned counsel, hereby respond and object to Plaintiffs' Second Request for Production of Documents (hereinafter "the Request"), dated October 13, 2006, in the above-captioned matter. Defendants reserve the right to make additional objections and to supplement their responses as may be deemed appropriate.

Defendants, through their counsel, are ready and willing to meet and confer with Plaintiffs' counsel regarding Defendants' objections to the Request and the scope of the individual requests contained therein.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.  Defendants object to the definitions and instructions to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

2. Defendants object to the definition of "Defendants" to the extent that it defines the term to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, representative and any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad, unduly burdensome, includes entities over which Defendants had no control or relationship during the relevant time period, and attempts to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules. Defendants further object to the inclusion in that definition of "any other Person . . . purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

3. Defendants object to the definition of the term "Parke-Davis" to the extent that it is defined to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf" on the grounds that it is overly broad and unduly burdensome, and seek to impose obligation beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules. Defendants further object to the inclusion in that definition of "any other Person . . . purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

4. Defendants object to the definition of the term "Pfizer" to the extent that it is defined to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf" on the grounds that it is overly broad and unduly burdensome, and seek to impose obligation beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules. Defendants further object to the

inclusion in that definition of "any other Person . . . purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

5. Defendants object to the definition of the term "Warner-Lambert" to the extent that it is defined to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf" on the grounds that it is overly broad and unduly burdensome, and seek to impose obligation beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules. Defendants further object to the inclusion in that definition of "any other Person . . . purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

### OBJECTIONS PERTAINING TO ALL REQUESTS ("GENERAL OBJECTIONS")

1. Defendants object to the Request on the grounds that it is overly broad and would impose extraordinary burden on defendants if required to respond to the Request as written.

2. Defendants object to the Request on the ground that it calls for the production of documents which are not relevant to the claim or defense of any party.

3. Defendants object to the Request on the ground that it calls for the production of documents which are neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to the Request to the extent it seeks documents regarding products other than Neurontin. As such, the requests are overly broad, unduly burdensome and seek documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

5.      Defendants object to the Request to the extent it calls for the production of documents protected from disclosure by various privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity. To the extent that such documents are inadvertently produced in response to the document requests, the production of such documents shall not constitute a waiver of Defendants' right to assert the applicability of any privilege or immunity to the documents, and any such document will be subject to return on demand.

6.      Defendants object to the Request to the extent it calls for documents that are not within Defendants' possession, custody or control, or are more appropriately sought from third parties, or are publicly available. Defendants object to the Request to the extent it seeks documents that are already in plaintiffs' possession, custody, or control, or are equally available to plaintiffs.

7.      Defendants object to the Request to the extent it calls for the production of proprietary, commercially sensitive, or other confidential documents, the probative value of which is outweighed by Defendants' interest in preserving their confidentiality.

8.      Any use of the Definitions contained in the Request or the individual requests by Defendants for the purposes of responding to the Request does not constitute a waiver of any objection.

9.      Any statement by Defendants to the effect that they will produce documents responsive to the Request should not be construed to mean that any responsive documents exist. Defendants do not concede that any of the information provided in response to the Request is relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence. Defendants reserve the right to object to the admissibility at trial of any of the information provided in response to the Request.

10. Defendants object to the Request on the ground that it seeks documents from a time period that is overly broad.

11. Defendants object to the Request to the extent it is vague, ambiguous, and/or incomprehensible, requiring Defendants to engage in conjecture as to the meaning of any particular request.

12. In providing these responses, Defendants specifically do not intend to stipulate to the admissibility of any statement or subject matter contained or referred to in any request or response. Rather, Defendants expressly reserve and do not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.

13. Defendants object to the Request to the extent that it seeks to impose discovery obligations on Defendants broader than or inconsistent with the applicable rules.

14. All General Objections apply to the individual request without reiteration in the response thereto. Reference to a General Objection in a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any request.

15. Defendants object to providing documents pursuant to overly broad requests and on a schedule 30 days from October 13, 2006. Defendants will respond to any appropriate request on a mutually agreeable schedule.

## DOCUMENT REQUESTS

### REQUEST NO. 1

1.  Please produce the complete custodial files of the following current and/or former employees of Pfizer, Warner-Lambert, and/or Parke-Davis:

    a. Lucy Castro

    b. Michelle Clausen

    c. Mi Dong

    d. Elizabeth Garofalo

    e. Andrea Garrity

    f. Atul Pande

    g. Jim Parker

    h. Mark Pierce

    i. Charlie Taylor

    j. Leslie Tive

    k. Susanne Batesko

    l. Carolyn Blanckmeister

    m. Stephen Brigandi

    n. Suzan Carrington

    o. Angela Crespo

    p. Suzanne Crespo

    q. Ellen Dukes

    r. Allison Fannon

    s. Valerie Flapan

    t. Marino Garcia

u.    Doreen Gasparella

v.    Robert Glanzman

w.    Craig Glover

x.    Tina Grogen

y.    Wilma Harrison

z.    Sue Huang

aa.    Tim Hylan

bb.    Joan Kaplan

cc.    Karen Katen

dd.    Jill Kerrick Walker

ee.    John Krayacich

ff.    Nancy Mancini

gg.    John Marino

hh.    David Murphy

ii.    Elizabeth Mutisya

jj.    Mannini Patel

kk.    Steve Piron

ll.    Steve Pomerantz

mm.    David Probert

nn.    John Rocchi

oo.    Jon Sloss

pp.    Paula Smith

qq.    Anna Tallman

  rr. Kirk Taylor

  ss. Adrian Vega

  tt. Dan Womer

  uu. Meg Yoder

**RESPONSE**

  In addition to the General Objections, Defendants object to Request No. 1 on the ground that it is patently abusive and harassing for Plaintiffs to request "the complete custodial files" of the forty-seven individuals identified in the request. Plaintiffs' demand for the "complete custodial files" of those individuals is grossly overbroad and unduly burdensome. Request No. 1 fails to describe the documents sought with any particularity. The use of the phrase "custodial file" in Request No. 1 is vague and ambiguous. Plaintiffs appear to be seeking, without limitation, every document within the custody of forty-seven individuals. Plaintiffs have made no attempt to limit the discovery sought to documents that are relevant to any claim or defense in this case. Indeed, Plaintiffs fail even to confine their request to documents related to Neurontin. Plaintiffs also fail to identify any basis whatsoever for believing that the individuals identified in the request possess documents relevant to this litigation.

  Defendants further object to Request No. 1 to the extent that it is duplicative of other requests that have been the subject of discussion and agreement between the parties, seeks documents which Defendants have already produced to Plaintiffs, and/or seeks documents that are in Plaintiffs' possession, custody or control. Defendants also object to Request No. 1 to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine, including documents from the files of Defendants' legal counsel. Defendants also object to Request No. 1 on the ground that it seeks documents from a time period that is overly broad, as the Request

fails to acknowledge that discovery regarding sales and marketing of Neurontin is confined to the period prior to May 31, 2001. Defendants further object to Request No. 1 on the ground that it cannot be satisfied prior to the current discovery deadline in this matter.

Dated: New York, New York
November 13, 2006

                DAVIS POLK & WARDWELL

                By: *Deborah L. MacGregor* (signature)
                    James P. Rouhandeh
                    Deborah L. MacGregor

                450 Lexington Avenue
                New York, New York 10017
                (212) 450-4000

                David B. Chaffin
                HARE & CHAFFIN
                160 Federal Street
                Boston, Massachusetts 02110
                (617) 330-5000

                Attorneys For Defendants Pfizer Inc. and
                Warner-Lambert Company.