UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re: NEURONTIN MARKETING, SALES
PRACTICES, and PRODUCTS LIABILITY
LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

:
:
:  MDL Docket No. 1629
:
:  Master File No. 04-10981
:
:  Judge Patti B. Saris
:
:
:
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSES AND OBJECTIONS OF PFIZER INC. AND WARNER-LAMBERT
COMPANY TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION**

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company ("Warner-

Lambert") (collectively, "Defendants"), by their undersigned counsel, hereby object and

respond to the Plaintiffs' Third Request for Production of Documents[1] (the "Request" or

"Requests"). These responses and objections are made without in any way waiving or

intending to waive, but on the contrary reserving and intending to reserve, the right to

object on any additional ground at any time to a demand for further response or document

production, and the right at any time to revise, supplement, correct, or add to these

responses and objections. Defendants are ready and willing to meet and confer regarding

the below responses and objections.

---

[1] On October 19, 2006, plaintiffs served two separate and distinct documents entitled Plaintiffs'
Third Request for Production of Documents.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Defendants object to the definitions and instructions to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

2.    Defendants object to the definition of "Defendants" to the extent that it defines the term to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, or any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad, unduly burdensome, includes entities over which Defendants had no control or relationship during the relevant time period, and attempts to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.  Defendants further object to the inclusion in that definition of "any other Person ... purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

3.    Defendants object to the definition of "Event" to the extent that it defines the term to include "any conference, seminar, gathering, dinner meeting, dinner, meal, advisory board meeting, consultant meeting, speaker event, speaker training, CME, conference call, teleconference, trip, vacation, or weekend getaway attended by physicians, funded, sponsored, or paid for in whole or in part by Defendants, whether directly or through a third party which received money from Defendants which was intended to be applied to any of the costs of the Event" on the grounds that such a definition is overly broad, vague, and ambiguous.

2

4.    Defendants object to the definition of "Neurontin" to the extent that it is defined to include "all uses or indications thereof," on the grounds that such a definition is overly broad.

5.    Defendants object to the definition of the term "Parke-Davis" to the extent that it is defined to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, and any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.  Defendants further object to the inclusion in that definition of "any other Person ... purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

6.    Defendants object to the definition of the term "Person" or "Persons" to the extent that it is defined to include "any individual, corporation, organization, association, partnership, limited partnership, firm, joint venture, trustee, governmental body, agency, governing board, department or division, or any other entity" on the ground that such a definition is overly broad and unduly burdensome.

7.    Defendants object to the definition of the term "Pfizer" to the extent that it is defined to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, and any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules

of Civil Procedure or any other applicable rules. Defendants further object to the inclusion in that definition of "any other Person … purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

8.      Defendants object to the definition of the term "Warner-Lambert" to the extent that it is defined to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, and any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules. Defendants further object to the inclusion in that definition of "any other Person … purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

## GENERAL OBJECTIONS

1.      Defendants object to the Requests on the grounds that almost every request is duplicative of one or more of the 252 individual requests served in Class and Non-Class Plaintiffs' First Request for the Production of Documents, to which Defendants responded on April 11, 2005 and which were the subject of three days of meet-and-confer sessions. By serving these new requests without reference to or recognition of the previous requests, responses, and meetings, Plaintiffs intend to harass and impose undue burden on Defendants.

2.      Defendants object to the Requests to the extent they call for the production of documents protected from disclosure by various privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized

4

privilege and/or immunity. To the extent that such documents are inadvertently produced in response to the document requests, the production of such documents shall not constitute a waiver of Defendants right to assert the applicability of any privilege or immunity to the documents, and any such document will be subject to return on demand.

3.      Defendants object to the Requests to the extent they seek "all" documents that relate to the information sought in any particular request, on the grounds that such requests fail to describe the documents with reasonable particularity and are overly broad and burdensome.

4.      Defendants object to the Requests to the extent that they call for documents that are not within Defendants' possession, custody or control, or are more appropriately sought from third parties, or are publicly available. Defendants object to the Requests to the extent they seek documents that are already in Plaintiffs' possession, custody, or control, or are equally available to Plaintiffs.

5.      Defendants object to the document requests to the extent they call for the production of proprietary, commercially sensitive, or other confidential documents, the probative value of which is outweighed by Defendants' interest in preserving their confidentiality. Defendants will produce documents pursuant to the Protective Order entered by Judge Saris on January 10, 2005.

6.      Defendants object to the Requests to the extent that they seek to impose discovery obligations on Defendants broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure or any other applicable rules.

7.    Any use of the Definitions contained in the Request or the individual requests by Defendants for the purposes of responding to the Request does not constitute a waiver of any objection.

8.    Any statement by Defendants to the effect that they will produce documents responsive to any individual request should not be construed to mean that any responsive documents exist.  Defendants do not concede that any of the information provided in response to these Requests is relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence. Defendants reserve the right to object to the admissibility at trial of any of the information provided in response to these Requests.

9.    Defendants object to the document requests to the extent they call for the production of documents which are neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10.    Defendants object to the Requests to the extent they seek documents regarding products other than Neurontin.  As such, the Requests are overly broad, unduly burdensome and seek documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.  Defendants will only produce documents or information regarding Neurontin.

11.    Defendants object to the Requests to the extent that they seek documents from a time period that is overly broad.

12.    Defendants object to the Requests to the extent that they are vague, ambiguous, and/or incomprehensible, requiring Defendants to engage in conjecture as to their meaning.

6

13.     All General Objections apply to each individual Request without reiteration in the response thereto.  Reference to a General Objection in a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any Request.

14.     In providing these responses, Defendants specifically do not intend to stipulate to the admissibility of any statement or subject matter contained or referred to in any request or response.  Rather, Defendants expressly reserve and do not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.

## SPECIFIC RESPONSES AND OBJECTIONS

Request No. 1:

All invoice level data and/or periodic summaries of such data quantifying unit sales of all formulations of Neurontin differentiated by dosage and delivery form.  To the extent such data is available in a form disaggregated by indication, it should be produced in such form.

Response to Request No. 1:

In addition to the General Objections, Defendants object to Request No. 1 on the grounds that it is overly broad and unduly burdensome, including by requesting "all" such documents.  Defendants further object on the grounds that the request is duplicative of other requests included in Class and Non-Class Plaintiffs' First Request for the Production of Documents, to which Defendants responded and objected on April 11, 2005, and which were discussed at meet-and-confer sessions in May and June, 2005.  Defendants further object on the grounds that the request is not limited to the appropriate

7

time period. Defendants further object on the grounds that they have already produced

documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location, data

received from IMS that relates to Neurontin for the relevant time period; pursuant to the

Court's August 17, 2006 Discovery Order, Defendants will confer with plaintiffs

regarding the scope of such production.

Request No. 2:

All invoice level data, accounting data and/or periodic summaries of such data
quantifying the number of samples of all formulations of Neurontin provided to
physicians, differentiated by dosage and delivery form. To the extent such data is
available in a form disaggregated by indication, it should be produced in such form.

Response to Request No. 2:

In addition to the General Objections, Defendants object to Request No. 2 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object on the grounds that the request is not limited

to the appropriate time period. Defendants further object on the grounds that they have

already produced documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location, the

CMS databases, which include information responsive to this request.

Request No. 3:

All documents and data reflecting the gross sale prices for unit sales of Neurontin
including list price and gross invoiced sale price by dosage and delivery form. To the
extent such data is available in a form disaggregated by indication, it should be produced
in such form.

Response to Request No. 3:

In addition to the General Objections, Defendants object to Request No. 3 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object on the grounds that the request is duplicative

of other requests included in Class and Non-Class Plaintiffs' First Request for the

Production of Documents, to which Defendants responded and objected on April 11,

2005, and which were discussed at meet-and-confer sessions in May and June, 2005.

Defendants further object on the grounds that the request is not limited to the appropriate

time period. Defendants further object on the grounds that the request calls for

documents that are not relevant to the present litigation and are not reasonably calculated

to lead to the discovery of admissible evidence.

Request No. 4:

All documents and data reflecting net sales and the net sale prices for unit sales of
Neurontin including net invoiced sale price by dosage and delivery form. To the extent
such data is available in a form disaggregated by indication, it should be produced in such
form.

Response to Request No. 4:

In addition to the General Objections, Defendants object to Request No. 4 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object on the grounds that the request is duplicative

of other requests included in Class and Non-Class Plaintiffs' First Request for the

Production of Documents, to which Defendants responded and objected on April 11,

2005, and which were discussed at meet-and-confer sessions in May and June, 2005.

Defendants further object on the grounds that the request is not limited to the appropriate

time period. Defendants further object on the grounds that the request calls for

documents that are not relevant to the present litigation and are not reasonably calculated

to lead to the discovery of admissible evidence.

Request No. 5:

      All documents and data reflecting any invoiced price offsets to gross sale prices
by dosage and delivery form including, but not limited to, credits, discounts, rebates,
chargebacks, and returns. To the extent such data is available in a form disaggregated by
indication, it should be produced in such form.

Response to Request No. 5:

      In addition to the General Objections, Defendants object to Request No. 5 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object on the grounds that the request is duplicative

of other requests included in Class and Non-Class Plaintiffs' First Request for the

Production of Documents, to which Defendants responded and objected on April 11,

2005, and which were discussed at meet-and-confer sessions in May and June, 2005.

Defendants further object on the grounds that the request is not limited to the appropriate

time period. Defendants further object on the grounds that the request calls for

documents that are not relevant to the present litigation and are not reasonably calculated

to lead to the discovery of admissible evidence.

Request No. 6:

      All documents and data reflecting any non-invoiced price offsets to gross sale
prices by dosage and delivery form, including, but not limited to, credits, discounts,
rebates, chargebacks, and returns. To the extent such data is available in a form
disaggregated by indication, it should be produced in such form.

Response to Request No. 6:

      In addition to the General Objections, Defendants object to Request No. 6 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object on the grounds that the request is duplicative

of other requests included in Class and Non-Class Plaintiffs' First Request for the

Production of Documents, to which Defendants responded and objected on April 11,

2005, and which were discussed at meet-and-confer sessions in May and June, 2005.

Defendants further object on the grounds that the request is not limited to the appropriate

time period. Defendants further object on the grounds that the request calls for

documents that are not relevant to the present litigation and are not reasonably calculated

to lead to the discovery of admissible evidence.

Request No. 7:

      All documents and data which refer or relate to IMS Health services and products
purchased and/or received from IMS Health Services including, but not limited to, any
and all data analysis for Neurontin and/or its competitor drugs, related to any and all
indications. Such products should include, but are not limited to, National Disease and
Therapeutic Index, National Prescription Audit, Retail Method of Payment Report,
M.S.A. Reports, National Sales Perspective, and all promotional spending reports.

Response to Request No. 7:

      In addition to the General Objections, Defendants object to Request No. 7 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

documents and data. Defendants further object on the grounds that the request seeks

documents relating to drugs other than Neurontin. Defendants further object on the

grounds that documents relating to services and products purchased or received from IMS

Health Services as a general matter are not relevant to this litigation or reasonably

calculated to lead to the discovery of admissible evidence. Defendants further object to

the request on the grounds that the phrase "competitor drugs" is vague and ambiguous.

Defendants further object on the grounds that the request is duplicative of other requests

included in Class and Non-Class Plaintiffs' First Request for the Production of

Documents, to which Defendants responded and objected on April 11, 2005, and which

were discussed at meet-and-confer sessions in May and June, 2005. Defendants further

object on the grounds that the request is not limited to the appropriate time period.

Defendants further object to the request to the extent it calls for information not in their

custody or control.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location, data

received from IMS that relates to Neurontin for the relevant time period; pursuant to the

Court's August 17, 2006 Discovery Order Defendants will confer with plaintiffs

regarding the scope of such production.

Request No. 8:

All documents and data referring to or relating to any analysis of the cost of goods
sold (COGS) with respect to Neurontin.

Response to Request No. 8:

In addition to the General Objections, Defendants object to Request No. 8 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents "relating to any analysis." Defendants further object on the grounds that

the request is duplicative of other requests included in Class and Non-Class Plaintiffs'

First Request for the Production of Documents, to which Defendants responded and

12

objected on April 11, 2005, and which were discussed at meet-and-confer sessions in May and June, 2005. Defendants further object on the grounds that the request is not limited to the appropriate time period. Defendants further object on the grounds that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 9:

All documents and data which compare, refer or relate to competing, competitor or competitive drugs to Neurontin for on or off-label purposes, including, but not limited to all documents relating to "Project Competitive Intelligence" which reference Neurontin.

Response to Request No. 9:

In addition to the General Objections, Defendants object to Request No. 9 on the grounds that it is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrases "competing, competitor or competitive drugs to Neurontin" and "Project Competitive Intelligence" are vague and ambiguous. Defendants further object on the grounds that the request is not limited to the appropriate time period. Defendants further object on the grounds that the request is not limited to documents relating to Neurontin, much less to the relevant off-label uses of Neurontin, and therefore seeks documents that are not relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that they have already produced documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of the marketing team for

Neurontin that relate to the use of Neurontin for relevant off-label indications through

May 31, 2001.

<u>Request No. 10</u>:

      All documents, software and data purchased and/or received from data gathering firms (i.e. Scott Levin/Verispan, Competitive Media Reporting) including but not limited to any and all data analysis for Neurontin and/or its competitor drugs, related to any and all indications.

<u>Response to Request No. 10</u>:

      In addition to the General Objections, Defendants object to Request No. 10 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object on the grounds that the phrases "data

gathering firms" and "competitor drugs" are vague and ambiguous. Defendants further

object on the grounds that the request is duplicative of other requests included in Class

and Non-Class Plaintiffs' First Request for the Production of Documents, to which

Defendants responded and objected on April 11, 2005, and which were discussed at

meet-and-confer sessions in May and June, 2005. Defendants further object on the

grounds that the request is not limited to the appropriate time period. Defendants further

object on the grounds that the request is not limited to documents relating to the relevant

off-label uses of Neurontin, and therefore seeks documents that are not relevant to the

litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object on the grounds that they have already produced documents

responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

information received from Scott Levin that relates to the use of Neurontin for relevant

off-label indications through May 31, 2001.

Request No. 11:

    All documents and data regarding the prescribing patterns for Neurontin of
specific physicians or group of physicians.

Response to Request No. 11:

    In addition to the General Objections, Defendants object to Request No. 11 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object to the request on the grounds that the phrase

"specific physicians or group of physicians" is vague and ambiguous and that the request

is incomprehensible as written. Defendants further object on the grounds that the request

is duplicative of other requests included in Class and Non-Class Plaintiffs' First Request

for the Production of Documents, to which Defendants responded and objected on April

11, 2005, and which were discussed at meet-and-confer sessions in May and June, 2005.

Defendants further object on the grounds that the request is not limited to the appropriate

time period. Defendants further object on the grounds that the request is not limited to

documents relating to the relevant off-label uses of Neurontin, and therefore seeks

documents that are not relevant to the litigation nor reasonably calculated to lead to the

discovery of admissible evidence. Defendants further object on the grounds that they

have already produced documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of the marketing team for

Neurontin that relate to the use of Neurontin for relevant off-label indications through

May 31, 2001.

Request No. 12:

All financial and/or accounting documents and data relating to the promotion and
marketing of Neurontin. Such data should be produced at the occurrence level, including,
but not limited to, date, amounts, payee, location of payee and purpose of payment. To
the extent such data is available in a form disaggregated by indication, it should be
produced in such form.

Response to Request No. 12:

In addition to the General Objections, Defendants object to Request No. 12 on the

grounds that it the request is overly broad and unduly burdensome, including by

requesting "all" such documents and data. Defendants further object to the request on the

grounds that the phrase "promotion and marketing of Neurontin" is vague and

ambiguous. Defendants further object on the grounds that the request is duplicative of

other requests included in Class and Non-Class Plaintiffs' First Request for the

Production of Documents, to which Defendants responded and objected on April 11,

2005, and which were discussed at meet-and-confer sessions in May and June, 2005.

Defendants further object on the grounds that the request is not limited to the appropriate

time period. Defendants further object on the grounds that the request is not limited to

documents relating to the relevant off-label uses of Neurontin, and therefore seeks

documents that are not relevant to the litigation nor reasonably calculated to lead to the

16

discovery of admissible evidence. Defendants further object on the grounds that they

have already produced documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of the marketing team for

Neurontin that relate to the use of Neurontin for relevant off-label indications through

May 31, 2001.

Request No. 13:

All financial and/or accounting documents and data reflecting profitability
analyses and/or forecasts related to Neurontin. To the extent such data is available in a
form disaggregated by indication, it should be produced in such form.

Response to Request No. 13:

In addition to the General Objections, Defendants object to Request No. 13 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents and data. Defendants further object on the grounds that the request is

duplicative of other requests included in Class and Non-Class Plaintiffs' First Request for

the Production of Documents, to which Defendants responded and objected on April 11,

2005, and which were discussed at meet-and-confer sessions in May and June, 2005.

Defendants further object on the grounds that the request is not limited to the appropriate

time period. Defendants further object on the grounds that the request is not limited to

documents relating to the relevant off-label uses of Neurontin. Defendants further object

on the grounds that the request seeks documents that are not relevant to the litigation nor

reasonably calculated to lead to the discovery of admissible evidence. Defendants further

object on the grounds that they have already produced documents responsive to this

request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of the marketing team for

Neurontin that relate to the use of Neurontin for relevant off-label indications through

May 31, 2001.

Request No. 14:

All financial and/or accounting documents and data relating to research and
development performed in connection with Neurontin, including documents detailing the
allocation of overhead and related expenditures in connection with research and
development of Neurontin.

Response to Request No. 14:

In addition to the General Objections, Defendants object to Request No. 14 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object on the grounds that the request is duplicative

of other requests included in Class and Non-Class Plaintiffs' First Request for the

Production of Documents, to which Defendants responded and objected on April 11,

2005, and which were discussed at meet-and-confer sessions in May and June, 2005.

Defendants further object to the request on the grounds that it is seeking documents not

relevant to the litigation and not reasonably calculated to lead to the discovery of

admissible evidence. Defendants further object on the grounds that the request is not

limited to the appropriate time period. Defendants further object on the grounds that the

request is not limited to documents relating to the relevant off-label uses of Neurontin,

18

and therefore seeks documents that are not relevant to the litigation nor reasonably

calculated to lead to the discovery of admissible evidence.

Request No. 15:

      All financial and/or accounting documents and data reflecting payments made to
consultants or consulting firms in connection with Neurontin including, but not limited
to, consulting physicians, conference planners and continuing medical education
providers.

Response to Request No. 15:

      In addition to the General Objections, Defendants object to Request No. 15 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents and data. Defendants further object on the grounds that the request is

duplicative of other requests included in Class and Non-Class Plaintiffs' First Request for

the Production of Documents, to which Defendants responded and objected on April 11,

2005, and which were discussed at meet-and-confer sessions in May and June, 2005.

Defendants further object on the grounds that the request is not limited to the appropriate

time period. Defendants further object on the grounds that the request is not limited to

documents relating to the relevant off-label uses of Neurontin, and therefore seeks

documents that are not relevant to the litigation nor reasonably calculated to lead to the

discovery of admissible evidence. Defendants further object on the grounds that they

have already produced documents responsive to this request.

      Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of the marketing team for

Neurontin that relate to the use of Neurontin for relevant off-label indications through

May 31, 2001.

Request No. 16:

All documents relating to the FDA approval of Neurontin including
documentation relating to the packaging, labeling and draft submissions.

Response to Request No. 16:

In addition to the General Objections, Defendants object to Request No. 16 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object on the grounds that the request is duplicative

of other requests included in Class and Non-Class Plaintiffs' First Request for the

Production of Documents, to which Defendants responded and objected on April 11,

2005, and which were discussed at meet-and-confer sessions in May and June, 2005.

Defendants further object on the grounds that the request is not limited to the appropriate

time period. Defendants further object on the grounds that they have already produced

documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce for inspection and copying, at a mutually convenient

time and location, the Neurontin New Drug Applications ("NDA") and Investigational

New Drug Applications ("IND").

Request No. 17:

All committee and advisory board minutes and reports relating to FDA approval
of Neurontin.

Response to Request No. 17:

 In addition to the General Objections, Defendants object to Request No. 17 on the grounds that it is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is duplicative of other requests included in Class and Non-Class Plaintiffs' First Request for the Production of Documents, to which Defendants responded and objected on April 11, 2005, and which were discussed at meet-and-confer sessions in May and June, 2005. Defendants further object on the grounds that the request is not limited to the appropriate time period. Defendants further object on the grounds that they have already produced documents responsive to this request.

 Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce for inspection and copying, at a mutually convenient time and location, the Neurontin NDAs and INDs.

Request No. 18:

 All documents relating to indications and/or product uses considered by Defendants for Neurontin, including but not limited to any written verifications, agendas and meeting minutes in connection with "Consultant Meetings" as described in document V000003.

Response to Request No. 18:

 In addition to the General Objections, Defendants object to Request No. 18 on the grounds that it is overly broad and unduly burdensome, including by requesting "all" such documents "relating to" a number of topics. Defendants further object on the grounds that the request is duplicative of other requests included in Class and Non-Class Plaintiffs' First Request for the Production of Documents, to which Defendants

21

responded and objected on April 11, 2005, and which were discussed at meet-and-confer

sessions in May and June, 2005. Defendants further object on the grounds that the

request is not limited to the appropriate time period. Defendants further object on the

grounds that the request is not limited to documents relating to the relevant off-label uses

of Neurontin, and therefore seeks documents that are not relevant to the litigation nor

reasonably calculated to lead to the discovery of admissible evidence. Defendants further

object on the grounds that they have already produced documents responsive to this

request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of the marketing team for

Neurontin that relate to the use of Neurontin for relevant off-label indications through

May 31, 2001.

Request No. 19:

All documents supporting value analyses for marketing Neurontin to providers,
health plans and/or other payers.

Response to Request No. 19:

In addition to the General Objections, Defendants object to Request No. 19 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object to the request on the grounds that the phrases

"value analyses" and "providers, health plans and/or other payers" are vague and

ambiguous. Defendants further object on the grounds that the request is not limited to the

appropriate time period. Defendants further object on the grounds that the request is not

limited to documents relating to the relevant off-label uses of Neurontin, and therefore

seeks documents that are not relevant to the litigation nor reasonably calculated to lead to

the discovery of admissible evidence.

<u>Request No. 20</u>:

All documents generated, reviewed, considered, analyzed or communicated by
Defendants which announce or summarize drug indications for Neurontin.

<u>Response to Request No. 20</u>:

In addition to the General Objections, Defendants object to Request No. 20 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object on the grounds that the request is vague,

ambiguous and incomprehensible. Defendants further object on the grounds that the

request is not limited to the appropriate time period. Defendants further object on the

grounds that the request is not limited to documents relating to the relevant off-label uses

of Neurontin, and therefore seeks documents that are not relevant to the litigation nor

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce for inspection and copying, at a mutually convenient

time and location, the Neurontin NDAs and INDs.

<u>Request No. 21</u>:

All documents regarding market trends, anticipated and actual effects of generic
entry and/or product goals for Neurontin, including but not limited to, short and long-
range forecasts for Neurontin, market share analysis and tracking, product planning and
development and price launch or price change market analysis.

Response to Request No. 21:

In addition to the General Objections, Defendants object to Request No. 21 on the grounds that it is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is duplicative of other requests included in Class and Non-Class Plaintiffs' First Request for the Production of Documents, to which Defendants responded and objected on April 11, 2005, and which were discussed at meet-and-confer sessions in May and June, 2005. Defendants further object on the grounds that the request is not limited to the appropriate time period. Defendants further object on the grounds that the request is not limited to documents relating to the relevant off-label uses of Neurontin. Defendants further object on the grounds that the request seeks documents that are not relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that they have already produced documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of the marketing team for Neurontin that relate to the use of Neurontin for relevant off-label indications through May 31, 2001.

Request No. 22:

All in-house agendas, summaries, minutes, correspondence, presentations and other documents related to Neurontin, including but not limited to those created by or in connection with the following:

- Neurontin Accounting Team

24

- Marketing Council Meetings

- Power Hour Teleconferences/Meetings

- Core Marketing Team Meetings

- Marketing Task Forces

- Publication Sub-Committee

- Worldwide Marketing Team

- Worldwide Medical Team

- Major Markets Team

- Product Managers/Product Physicians (PMPP)

Response to Request No. 22:

In addition to the General Objections, Defendants object to Request No. 22 on the grounds that it is patently overly broad, unduly burdensome, harassing and oppressive, particularly insofar as it seeks every document in Defendants' possession that mentions Neurontin. Defendants further object on the grounds that the request is vague and ambiguous. Defendants further object on the grounds that the request seeks information that is duplicative of information sought by other requests included in Class and Non-Class Plaintiffs' First Request for the Production of Documents, to which Defendants responded and objected on April 11, 2005, and which were discussed at meet-and-confer sessions in May and June, 2005. Defendants further object on the grounds that the request is not limited to the appropriate time period. Defendants further object on the grounds that the request is not limited to documents relating to the relevant off-label uses of Neurontin, and therefore seeks documents that are not relevant to the litigation nor

25

reasonably calculated to lead to the discovery of admissible evidence. Defendants further

object on the grounds that they have already produced documents responsive to this

request.

Request No. 23:

All internal and external marketing studies and/or surveys related to Neurontin,
including group discussions/focus groups, intercepts, personal interviews, telephone
surveys, mail surveys, internet surveys, test markets, perceptual maps, product
positioning analyses, SWOT (Strength, Weaknesses, Opportunities and Threats) analyses,
product development, line extensions, market and sales forecasts, segmentation and target
market analyses, usage analyses and competitive analyses.

Response to Request No. 23:

In addition to the General Objections, Defendants object to Request No. 23 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

studies and/or surveys. Defendants further object on the grounds that the request is not

limited to the appropriate time period. Defendants further object on the grounds that the

request is not limited to documents relating to the relevant off-label uses of Neurontin,

and therefore seeks documents that are not relevant to the litigation nor reasonably

calculated to lead to the discovery of admissible evidence. Defendants further object on

the grounds that they have already produced documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of the marketing team for

Neurontin that relate to the use of Neurontin for relevant off-label indications through

May 31, 2001.

26

<u>Request No. 24</u>:

All documents relating to analyses of financial returns to promotional activities related to Neurontin, including but not limited to those derived from Promotrak and/or the internal "Promotional Effectiveness System" referenced on documents V040153-156, V040172-175.

<u>Response to Request No. 24</u>:

In addition to the General Objections, Defendants object to Request No. 24 on the grounds that it is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is duplicative of other requests included in Class and Non-Class Plaintiffs' First Request for the Production of Documents, to which Defendants responded and objected on April 11, 2005, and which were discussed at meet-and-confer sessions in May and June, 2005. Defendants further object on the grounds that the request is not limited to the appropriate time period. Defendants further object on the grounds that the request is not limited to documents relating to the relevant off-label uses of Neurontin, and therefore seeks documents that are not relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that they have already produced documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of the marketing team for Neurontin that relate to the use of Neurontin for relevant off-label indications through May 31, 2001.

Request No. 25:

All documents relating to the training and communications materials furnished to Defendants' sales force (internal or external), including but not limited to, presentation materials, sales aids, talking points, priorities, posters and scripts, reviewed, considered, analyzed, recommended, or approved or maintained by Defendants for any aspect of Neurontin's sales and marketing within the United States.

Response to Request No. 25:

In addition to the General Objections, Defendants object to Request No. 25 on the grounds that it is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is vague, ambiguous and incomprehensible. Defendants further object on the grounds that the request is not limited to the appropriate time period. Defendants further object on the grounds that the request is not limited to documents relating to the relevant off-label uses of Neurontin, and therefore seeks documents that are not relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that they have already produced documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of the marketing team for Neurontin that relate to the use of Neurontin for relevant off-label indications through May 31, 2001.

Request No. 26:

All documents generated, reviewed, considered, analyzed or communicated by Defendants related to advertising, direct marketing, sales promotion, publicity/public

relations, personal selling, interactive marketing (including Internet), sampling, direct mail and journal advertising.

Response to Request No. 26:

      In addition to the General Objections, Defendants object to Request No. 26 on the grounds that it is patently overly broad, unduly burdensome, harassing and oppressive, particularly insofar as it seeks every document in Defendants' possession in these subject areas without limit to Neurontin. Defendants further object on the grounds that the request seeks documents that are not relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that the request seeks information that is duplicative of information sought by other requests included in Class and Non-Class Plaintiffs' First Request for the Production of Documents, to which Defendants responded and objected on April 11, 2005, and which were discussed at meet-and-confer sessions in May and June, 2005. Defendants further object on the grounds that the request is not limited to the appropriate time period. Defendants further object on the grounds that they have already produced documents responsive to this request.

Request No. 27:

      All documents reflecting communications among Defendants' sales force and detailing personnel regarding Neurontin sales or promotion.

Response to Request No. 27:

      In addition to the General Objections, Defendants object to Request No. 27 on the grounds that it is patently overly broad, unduly burdensome, harassing and oppressive, particularly by requesting "all" such documents from "Defendants' sales force and detailing personnel." Defendants further object on the grounds that the request is not

limited to the appropriate time period. Defendants further object on the grounds that the

request is not limited to documents relating to the relevant off-label uses of Neurontin,

and therefore seeks documents that are not relevant to the litigation nor reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of the marketing team for

Neurontin that relate to the use of Neurontin for relevant off-label indications through

May 31, 2001.

<u>Request No. 28</u>:

All documents reflecting the number and location of detailing visits and Events
related to Neurontin.

<u>Response to Request No. 28</u>:

In addition to the General Objections, Defendants object to Request No. 28 on the

grounds that it is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object on the grounds that the request is duplicative

of other requests included in Class and Non-Class Plaintiffs' First Request for the

Production of Documents, to which Defendants responded and objected on April 11,

2005, and which were discussed at meet-and-confer sessions in May and June, 2005.

Defendants further object on the grounds that the request is not limited to the appropriate

time period. Defendants further object on the grounds that the request is not limited to

documents relating to the relevant off-label uses of Neurontin, and therefore seeks

documents that are not relevant to the litigation nor reasonably calculated to lead to the

discovery of admissible evidence.  Defendants further object on the grounds that they have already produced documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of the marketing team for Neurontin that relate to the use of Neurontin for relevant off-label indications through May 31, 2001.  By way of further response, Defendants will produce the CMMS and Sherlock databases.

Request No. 29:

All documents reflecting the number and location of Events related to Neurontin.

Response to Request No. 29:

In addition to the General Objections, Defendants object to Request No. 29 on the grounds that it is overly broad and unduly burdensome, including by requesting "all" such documents.  Defendants further object on the grounds that the request is duplicative of Request No. 28, as well as of other requests included in Class and Non-Class Plaintiffs' First Request for the Production of Documents, to which Defendants responded and objected on April 11, 2005, and which were discussed at meet-and-confer sessions in May and June, 2005.  Defendants further object on the grounds that the request is not limited to the appropriate time period.  Defendants further object on the grounds that the request is not limited to documents relating to the relevant off-label uses of Neurontin, and therefore seeks documents that are not relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further

object on the grounds that they have already produced documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of the marketing team for Neurontin that relate to the use of Neurontin for relevant off-label indications through May 31, 2001.

Request No. 30:

All documents reflecting communications, reports or correspondence between Defendants and marketing or advertising agencies concerning Neurontin.

Response to Request No. 30:

In addition to the General Objections, Defendants object to Request No. 30 on the grounds that it is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is duplicative of other requests included in Class and Non-Class Plaintiffs' First Request for the Production of Documents, to which Defendants responded and objected on April 11, 2005, and which were discussed at meet-and-confer sessions in May and June, 2005. Defendants further object on the grounds that the request is not limited to the appropriate time period. Defendants further object on the grounds that the request is not limited to documents relating to the relevant off-label uses of Neurontin, and therefore seeks documents that are not relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that they have already produced documents responsive to this request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of the marketing team for

Neurontin that relate to the use of Neurontin for relevant off-label indications through

May 31, 2001.

Dated:  New York, New York
    November 20, 2006

        DAVIS POLK & WARDWELL

        By: *Deborah L. MacGregor*

          James P. Rouhandeh
          Deborah L. MacGregor

        450 Lexington Avenue
        New York, New York  10017
        (212) 450-4000

        David B. Chaffin
        HARE & CHAFFIN

        160 Federal Street
        Boston, Massachusetts 02110
        (617) 330-5000

        Attorneys For Defendants Pfizer Inc. and
        Warner-Lambert Company