UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
----------------------------------------- x
In re:  NEURONTIN MARKETING, SALES PRACTICES    :  MDL Docket No. 1629
        AND PRODUCTS LIABILITY LITIGATION       :
                                                :  Master File No. 04-10981
----------------------------------------- x
                                                :  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                       :
                                                :  Magistrate Judge Leo T.
ALL MARKETING AND SALES PRACTICES ACTIONS       :  Sorokin
                                                :
----------------------------------------- x
```

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY
OF AN ORDER GOVERNING THIRD-PARTY DISCOVERY**

Defendants Pfizer Inc. and Warner-Lambert Company (together, "defendants") respectfully submit this opposition to Plaintiffs' Motion for Entry of an Order Governing Third-Party Discovery.

**PRELIMINARY STATEMENT**

Plaintiffs' motion to compel is premature, procedurally improper and factually inaccurate. First, to the extent that plaintiffs seek the right to challenge the confidentiality of data provided to defendants by IMS Health, Walters Kluwer and Verispan, the motion is premature. In order to avoid motion practice, defendants offered plaintiffs the opportunity to review all or a portion of the vendor data on an attorneys'- and experts'-eyes-only basis so that plaintiffs could determine whether they would agree to treat the data as confidential under the governing protective order in these cases. Agreement by the plaintiffs to forego a challenge to the confidentiality designation would allay the concerns of defendants (and third-party vendors) while allowing plaintiffs to use

the data pursuant to the protective order for purposes of this litigation but not for any other reason. Accordingly, defendants request that the Court decline plaintiffs' invitation to enter the proposed order at this time.

Second, plaintiffs' request is procedurally improper. By asking the Court for an order "compelling IMS to produce the names of all doctors as they appear in IMS' responsive data," plaintiffs ignore the fact that IMS is a non-party and has not been served with a subpoena. Plaintiffs also ignore the fact that defendants should not be compelled to produce documents that defendants are contractually prohibited from disclosing without consent.

Third, plaintiffs' assertion that defendants "arbitrarily seek to limit Plaintiffs' ability to use confidential information from the Third Party Vendors for the sole purpose of 'refreshing a witness' recollection and not as an affirmative proof of fact'" is factually inaccurate. Defendants (at the request of plaintiffs) have simply conveyed IMS' position on the permissible use of the data. It was plaintiffs who asked that defendants obtain comments from the third-party vendors on the draft agreement governing the production of the documents. Plaintiffs now wish to attribute those comments to defendants. While the comments were not from defendants, defendants are not free to ignore the restrictions that a vendor wishes to place on the use of the documents as a condition of permitting defendants to produce these documents to plaintiffs.

For the foregoing reasons, and as set forth more fully below, plaintiffs' motion should be denied.

## ARGUMENT

### A.  Plaintiffs Prematurely Seek Court Intervention Regarding Confidentiality Of Third-Parties' Proprietary and Commercial Documents

Plaintiffs wrongly assert that defendants "seek to completely deny Plaintiffs their right to challenge the Third Party Vendors' designation of documents and information as 'confidential.'" Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Entry of an Order Governing Third Party Discovery (hereafter "Pls. Mem.") at 4. In fact – and as plaintiffs concede – defendants offered plaintiffs the opportunity to review the documents prior to finalizing an appropriate agreement in an effort to narrow and resolve the outstanding issues concerning confidentiality. See Pls. Mem. at 3.[1] Instead of motion practice, plaintiffs' counsel and experts should review and evaluate the IMS, Walters Kluwer (formerly NDC) and Verispan (formerly Scott Levin) data and form a view as to whether they wish to challenge the confidentiality designation.

Defendants expect that (after reviewing the data) plaintiffs will have no basis to challenge the confidential nature of the documents sought from third-party vendors. Indeed, other Courts have ordered that documents similar to those at issue here and from these same vendors receive wholesale confidential designation. See, e.g., In re Vioxx Litig., Order, dated July 21, 2006, and related materials, attached hereto as Exhibit A. The confidentiality of the requested documents is apparent because they contain "trade secrets or other confidential research, development, or commercial information" as defined in the protective order governing this litigation. See Stipulated Protective Order,

---

[1] Defendants offered to provide documents on an attorneys' and experts' eyes only basis and requested that any expert sign a certification. See Certification attached hereto as Exhibit B.

dated January 10, 2005, attached as Exhibit 1 to Declaration of Jeffrey D. Lerner in Support of Plaintiffs' Motion for Entry of an Order Governing Third Party Discovery (hereafter "Lerner Dec."). Plaintiffs' unwillingness to commit to treating the data as confidential is only serving to delay their access to the information.

Defendants themselves purchase data from IMS, Walters Kluwer and Verispan pursuant to restrictive confidentiality agreements and at significant expense. Defendants' contract with NDC, for example, states that "any information, data or software supplied by NDC to [Pfizer] is proprietary and confidential to NDC." Pfizer, Inc. Contract, dated June 5, 2000, attached hereto as Exhibit C. Verispan and IMS similarly restrict defendants' right to disclose such information. See Verispan Professional Services Agreement, dated Jan. 1, 2005 attached hereto as Exhibit D; IMS Health Amendment No. 3 to Information Services Agreement, dated Jan. 1, 2002, attached hereto as Exhibit E. Accordingly, defendants require the agreement of plaintiffs to treat the data as confidential before turning over the data for use in this litigation.

### B. Plaintiffs Failed to Serve a Subpoena on Third Parties and Now Improperly Seek An Order Compelling Production From Those Third Parties

Plaintiffs request that the Court compel IMS to produce the names of physicians contained in IMS data. See Pls. Mem. at 3, 6.[2] This request is patently improper. First, plaintiffs have not served a subpoena on IMS requesting documents. It is black-letter law that non-parties cannot be ordered to produce documents in a litigation in the absence of

---

[2] Plaintiffs assert that IMS documents should be produced with all physician-level data included, as opposed to restricting specific doctors' names to those "identified" in the pleadings. See Pls. Mem. at 2, n. 3. Plaintiffs' criticism of the term "identified" is disingenuous, as that term has been used by the parties and the Court.

4

a properly issued subpoena. See Fed. R. Civ. P. Rule 34(c) (providing that a non-party may be compelled to produce documents pursuant to the issuance of a subpoena as provided in Rule 45); Ratzel v. Sidel, No. 05-C-1236, 2006 U.S. Dist. LEXIS 73323, *2 (E.D. Wis. Oct. 6, 2006) (Discovery of a non-party may only be compelled pursuant to Rule 45.); Boukadoum v. Hubanks, No. PJM 06-737, 2006 U.S. Dist. LEXIS 94595, at *10 (D. Md. Nov. 28, 2006) (finding that the Rules of Civil Procedure implicitly require that the party seeking discovery from a non-party by means of a subpoena make a good faith effort to confer with the non-party and resolve issues before making a motion to compel).

Second, plaintiffs may not request an order compelling defendants to produce documents that defendants are prohibited from disclosing. Defendants license information from IMS pursuant to an agreement that forbids disclosure. See IMS Health Amendment No. 3 at section 8(d), attached hereto as Exhibit E. The validity of these contractual obligations is not disputed here.

### C.   Plaintiffs Wrongly Fault Defendants for Conveying Vendors' Conditions to Producing Documents

Plaintiffs assert that defendants themselves seek to limit the use of the data to refreshing a witness's recollection. See Pls. Mem. at 3, 4. This is not the case. As plaintiffs well know, defendants merely conveyed IMS' position to plaintiffs. Accordingly, plaintiffs are mistaken in asserting that defendants have "arbitrarily" sought to limit the use to which confidential IMS data may be put in this proceeding.[3]

---

[3] Defendants' redlined version of plaintiffs' proposed Stipulation and Order Concerning Use of Third Party Data did not, as plaintiffs assert, reflect "Defendants' suggested changes." See Exhibit 3 of Lerner Dec. This redlined version transmitted the comments of certain vendors to defendants at plaintiffs'

5

Pursuant to agreements with IMS, defendants are not free to ignore the restrictions IMS seeks to place on the use of its data as a condition of permitting defendants to produce the data to plaintiffs. If plaintiffs wish to litigate the issue, they should serve a subpoena on IMS for the data.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny plaintiffs' motion for entry of an Order governing third party discovery.

Dated: February 2, 2007

                                            DAVIS POLK & WARDWELL

                                            By:   /s/ James P. Rouhandeh
                                                    James P. Rouhandeh

                                            450 Lexington Avenue
                                            New York, New York 10017
                                            (212) 450-4000

                                                 - and -

request.

HARE & CHAFFIN

By:   /s/ David B. Chaffin
      David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on February 2, 2007.

/s/ David B. Chaffin