UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                         :
        SALES PRACTICES AND                          :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   Judge Patti B. Saris
                                                     :
THIS DOCUMENT RELATES TO:                            :   Magistrate Judge Leo T.
                                                     :   Sorokin
        ALL ACTIONS                                  :
                                                     :
                                                     :
                                                     :
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## NOTICE OF EXHIBIT

PLEASE TAKE NOTICE THAT, pursuant to Magistrate Judge Sorokin's instructions

during the conference on February 8, 2007, an exhibit discussed during the conference is filed

herewith.

Dated: February 9, 2007

DAVIS POLK & WARDWELL

By:   /s/ James P. Rouhandeh
      James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

HARE & CHAFFIN

By:   /s/ David B. Chaffin
         David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on February 9, 2007.

/s/David B. Chaffin

EXHIBIT

# WILLKIE FARR & GALLAGHER LLP

1875 K Street, NW
Washington, DC 20006

Tel: 202 303 1000
Fax: 202 303 2000

December 19, 2006

**VIA U.S. MAIL**

Philip N. Yannella, Esquire
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808

Re:    Nationwide Vioxx® Tort Litigation

Dear Phil:

I write on behalf of IMS Health Incorporated ("IMS"). This letter concerns plaintiffs' pending or future requests for certain IMS data in Merck's possession in the various Vioxx® litigations throughout the country. Plaintiffs have requested production of "doctor-level" data derived from IMS's Xponent® service and in Merck's possession. This data from IMS's U.S. syndicated sub-national services is in Merck's possession and is licensed to Merck, but remains proprietary to IMS and Merck may not voluntarily produce IMS doctor-level data to plaintiffs absent IMS consent.

IMS hereby consents to production of the doctor-level data in the Vioxx® litigation according to the terms and conditions set out below:

A. SCOPE AND TIMING OF PRODUCTION

1. IMS consents to the production of relevant doctor-level data pertaining to the prescribing of Vioxx® to a plaintiff (i.e., only for physicians that prescribed Vioxx® to plaintiffs in *that* litigation).

2. In jurisdictions that use the Merck Profile Form for discovery, the production shall take place as part of the production of the Merck Profile Form.

3. In all cases selected for trial, IMS consents to the production of relevant doctor-level data pertaining to the prescribing of Vioxx® for treating physicians (i.e., only for physicians that treated plaintiffs in *that* litigation).

Philip N. Yannella, Esquire
Dechert LLP
Page 2

      4.  In all cases selected for trial, IMS consents to the production of relevant doctor-level data regarding the Vioxx® prescribing habits of plaintiffs' and Merck's experts.

B.  USE OF IMS CONFIDENTIAL DATA

1.  Production is in all cases contingent upon the agreement of plaintiffs and Merck that they shall not use the doctor-level data for affirmative proof of any fact. Plaintiffs and Merck are, however, permitted to use doctor-level data for the purposes of impeachment or to refresh a witness's recollection. Additional questions about the appropriate use of doctor-level data may be directed to the Vice President of IMS's law department located at 660 West Germantown Pike, Plymouth Meeting, Pennsylvania 19462, fax number 610-260-6640 for guidance.

2.  Production is in all cases further contingent upon the agreement of plaintiffs and Merck that they will enter an appropriate protective order governing the confidential IMS data that provides (1) IMS data shall be marked "IMS Confidential" by the producing party, (2) IMS data shall be treated as "CONFIDENTIAL" or the highest level of protection under any existing protective order, (3) counsel and parties will take reasonable measures to protect the confidentiality of the data, (4) IMS data shall not be disclosed to a competitor of IMS, and (5) IMS data shall not be disclosed to any person who is not either subject to the protective order or agrees to be bound by the protective order. The "IMS Protective Order" entered in New Jersey and attached to this letter is an example of an appropriate order.

Thank you for your cooperation and for agreeing to the above terms and conditions. These terms and conditions are important to IMS's sensitive commercial interests. Doctor-level data should be treated with special care because it is susceptible to error and variance for various reasons that cannot be quantified for an individual doctor due to its sampling, editing, bridging, projection and production techniques, and there is no independent source to verify or contradict the data or any indication the estimate may be wrong. While doctor-level data across a group of doctors is accurate and reliable, the data with respect to any particular physician is an estimate susceptible to error or variance. The Xponent®service is appropriate for its intended use – as a marketing and sales tool – but is not appropriate as proof of any fact.

Any party may contact IMS's Law Department Vice President for further information regarding IMS products and IMS's position regarding use of its proprietary information.

Sincerely yours,

Lucy G. Carlson

Enclosure

IN RE VIOXX® LITIGATION

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ATLANTIC COUNTY

CASE NO. 619

CIVIL ACTION

**ADDENDUM TO THE PROTECTIVE
ORDER GOVERNING THE
PRODUCTION OF INFORMATION
PROPRIETARY TO IMS HEALTH
INCORPORATED**

IT IS HEREBY STIPULATED AND AGREED, AND FOR GOOD CAUSE SHOWN, AND ORDERED THAT:

1.  This order is an addendum to the Court's Amended Stipulation and Protective Order Regarding Confidential Information, dated December 16, 2004 ("Protective Order").

2.  "IMS Information" shall mean any data or information licensed by IMS or any of its affiliated companies to the Defendant or any other party from whom such data are sought by Plaintiffs, including but not limited to data from any of the following information services: DDD™ suite of services, Xponent® suite of services, National Prescription Audit™, National Disease and Therapeutic Index™, and National Sales Perspectives™, "IMS Information" shall also include any data derived in whole or in part from any of the IMS Information.

3.  Defendant shall designate all Documents (as defined in the Protective Order) it produces that contain IMS Information as "IMS Confidential," using the procedures set out in paragraph 6 of the Protective Order, and marking the pages, or production media in the case of electronic information, "IMS CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

4.  All provisions of the Protective Order shall apply to documents designated "IMS Confidential" to the same extent as to documents designated "Confidential" under that order.

5.  Consistent with the provisions of the Protective Order, all counsel and all parties shall undertake appropriate measures to take all steps reasonably required to protect the confidentiality of IMS Information when using it for any purpose related to this litigation, including use of IMS Information in motion practice, depositions and trial, including narrowly tailoring exhibits and using only those portions of IMS Information (e.g. select pages, tables or data) reasonably required rather than a large document when practical.

1225385.1

6.    Absent further order of the Court and prior notice to IMS, no party shall disclose documents designated "IMS Confidential" to a competitor of IMS, whether or not such competitor is a party or a consultant or expert for a party in the proceeding. For purposes of this paragraph the following entities shall be deemed competitors of IMS: (a) Dendrite International, Inc., (b) Verispan, LLC, (c) Source Healthcare Analytics, Inc., (d) Health Products Research, Inc., (e) Health Market Sciences, Inc., (f) Cegedim, S.A., (g) Taylor Nelson Sofres plc, (h) NFO WorldGroup, Inc., and (i) Gfk NOP Inc., and each of their respective employees, affiliates, subsidiaries, successors and assigns.

7.    For documents designated "IMS Confidential," disclosure under paragraphs 10(a) and 10(f) of the Protective Order is limited to attorneys for claimants in pending U.S. litigation alleging personal injury or economic loss arising from the alleged use, purchase, or payment of Vioxx®, who (a) are bound by this order or a substantially similar order entered in another U.S. court, or (b) agree to be bound by this order and sign a certification to that effect.

DONE this ___ day of _____, 2006.

_____
Carol E. Higbee, J.S.C.