UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
IN RE NEURONTIN MARKETING, SALES            )
PRACTICES, AND PRODUCTS LIABILITY           )
LITIGATION                                  )    MDL Docket No. 1629
_____)    Master File No. 04-10981
                                            )
THIS ORDER RELATES TO:                      )    Judge Patti B. Saris
                                            )    Mag. Judge Leo T. Sorokin
ALL ACTIONS                                 )
_____)

Discovery Order No. 9

February 12, 2007

SOROKIN, M.J.

The Court hereby makes the following rulings and orders on the matters before the Court at the February 8, 2007 Motion Hearing.

1.      Motion for Entry of Order Governing Third-Party Discovery (Docket #614)

In dispute are three matters arising out of data defendants have purchased from third parties during the relevant time period of this litigation. First, there is the question of the confidentiality of the data, all of which is, as a matter of contract, treated as confidential. At least one of the third parties has taken the position that it will authorize defendants to release its information only if plaintiffs agree the data shall remain confidential. At the outset of this MDL the parties negotiated a comprehensive confidentiality order governing all discovery in this matter which the Court approved. This Order provides substantial and meaningful protection for confidential data; it does provide a means by which a party may challenge a confidentiality designation. Whether a party, in this case plaintiffs, elect to give up the right to challenge a

1

designation is for that party to decide.

Second, one of the third parties demands that its data must be used only for refreshing the recollection of witnesses, but not substantive evidence. Apparently the third party takes this position because in its view, for a variety of different reasons, the data may not be sufficiently reliable for use in litigation. Whether the data satisfies the standards governing admissibility of evidence and, if so, the weight, if any, to be given the data as evidence are determinations to be made at a later stage of this case by the presiding judge and the finder of fact.

Third, one of the third parties has objected to producing prescriber level data. This information is relevant and material to this litigation. Defendants contend that plaintiffs must prove as to each prescription of Neurontin that the alleged fraudulent statements caused the prescriber to issue the prescriptions.

Plaintiffs' Motion (Docket #614) is ALLOWED IN PART AND DENIED IN PART. The Court ORDERS defendants to produce, no later than **February 20, 2007**, all the third party data in their possession, custody or control, in electronic format, for the time period of this litigation. Nothing in this Order shall prevent the defendants from invoking the protections of the Protective Order governing this MDL. When defendants produce the data, they shall provide Plaintiffs a service address for each of the third parties. In the event plaintiffs seek to lift any confidentiality designations, they shall provide notice to the appropriate third party as well as the defendants. Although this Order requires defendants to produce the data notwithstanding any limitations found in defendants' contracts with the third parties that would otherwise prevent defendants from producing the data, the confidentiality provisions of the Protective Order provide sufficient protection to the data.   In all other respects, the Motion is DENIED.

2.   Motion to Compel Defendants' Production of Documents (Docket# 617)

Plaintiffs seek further documents pursuant to five documents requests and the custodial files of seven of defendants' employees.

A. The Requests for Production of Documents.

Request 18 seeks documents regarding the indication and product uses for Neurontin, because Plaintiffs assert such documents will show whether defendants based their decision to market Neurontin for an indication on its market potential or supporting scientific evidence. Defendants have not only agreed to produce responsive documents from the marketing files, but also from the files of each custodian from whom defendants are producing documents.  Counsel for the defendants has also represented, based upon inquiry with defendants, that the marketing team, during the Pfizer era, was responsible, with input from others (e.g. medical or regulatory personnel) for deciding whether to market Neurontin for particular indications.  Request 21 seeks all documents regarding market trends, anticipated and actual effects of generics and/or product goals for Neurontin.  Defendants have agreed to produce responsive documents from the marketing team files and the vice presidents and regional managers bearing responsibility for the detailing of Neurontin.  As to Requests 18 and 21 the Motion is ALLOWED to the extent of the defendants' response and otherwise DENIED.

Request 27 seeks all documents reflecting communications among defendants' sales force and detailing personnel regarding Neurontin sales or promotion.  Defendants have agreed to produce responsive documents from the files of the vice presidents and regional managers bearing responsibility for Neurontin as well as responsive documents from the files of the sales representatives who called on plaintiffs' prescribing physicians in the ten Track One product

liability cases. Defendants shall also produce responsive documents from the files of the Vice President of Sales (to the extent the person is not already encompassed within the files defendants are reviewing in response to this request). As to Request 27 the Motion is ALLOWED to the extent of the defendants' response as amended herein and otherwise DENIED.

Request 19 seeks all documents supporting value analysis for marketing Neurontin to providers, health plans and/or other payers. Defendants have represented that insofar as value analysis statements were made to third party payors or pharmacy benefit managers, they are producing the documents containing such statements in the course of their production of other documents. As to Request 19 the Motion is DENIED in light of defendants' response.

Request 20 seeks all documents which announce or summarize drug indications for Neurontin i.e. "Basic documentation that reflects the indications of Neurontin from Defendants' perspective." Plaintiffs' Memorandum (Docket #618) at 8. Defendants are producing documents filed with the FDA regarding approved uses for Neurontin, the internal Neurontin web site if located and responsive documents from the custodial files of various employees. Request 20 is ALLOWED to the extent of defendants' response and otherwise DENIED. In addition, defendants shall report to the Court by **February 20, 2007**, the status of their efforts to locate the internal Neurontin web site.

    B.    Custodial Files of Individual Employees

Plaintiffs request that the Court order defendants to search the custodial files of certain of defendants' employees.

The Motion is DENIED as to Kirk Taylor.

The Motion is DENIED as to Paula Smith in light of defendants' agreement at the hearing that they will produce the database or other central files documenting what marketing materials were sent to whom.

The Motion is DENIED as MOOT as to John Marino because the defendants have agreed to search his files.

The Motion is DENIED WITHOUT PREJUDICE as to Joan Kaplan. Defendants indicated that no equivalent position to Ms. Kaplan's existed in the United States. Accordingly, defendants shall identify, by **February 23, 2007**, the department(s) or team(s) responsible for Professional Relations in the United States as well as the manager(s) responsible for this area of activity.

The Motion is ALLOWED as to Marino Garcia and Suzan Carrington.

## CONCLUSION

The Motion for Entry of Order Governing Third-Party Discovery (Docket #614) is ALLOWED IN PART AND DENIED IN PART. The Motion to Compel Defendants' Production of Documents (Docket# 617) is ALLOWED IN PART AND DENIED IN PART.

SO ORDERED.

/s/ Leo T. Sorokin

United States Magistrate Judge