UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorotin |

ORDER CONCERNING USE OF THIRD PARTY DATA

IMS Health Incorporated ("IMS Health") has moved for leave to intervene for the purpose of requesting modification of the Court's protection orders.

IT IS HEREBY ORDERED THAT:

1.  IMS Health is granted leave to intervene for the purpose of requesting modification of the Court's previously entered protective orders.

2.  This Order shall govern the treatment of certain third party data and any other information or written materials which exchanged, produced or received by the Parties from IMS Health Incorporated and other ("Third Party Data Providers") during pre-trial proceedings in the actions that have been assigned to the above captioned multi-district litigation, as well as any and all copies, abstracts and summaries (the "Third Party Data").

3.  Scope: All Third Party Data furnished by Third Party Data Providers in conjunction with actions that have been assigned to the above captioned Multi-District Litigation proceeding which contain trade secrets or other confidential research, development, or commercial information ("Confidential Third Party Information") may be designated as CONFIDENTIAL INFORMATION by said Third Party Data Providers and furnished to the

Parties pursuant to the terms of the Stipulated Protective Order. The Parties receiving designated Confidential Third Party Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in the Stipulated Protective Order or such orders as may be issued by the Court during the course of this litigation. The provisions of the Stipulated Protective Order extend to all designated Confidential Third Party Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any other discovery materials produced by or provided by Third Party Data Providers in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing materials.

4.  Defendants shall produce only such Third Party Data that is relevant to Neutrontin and the prescribers of Neutrontin that are involved in this Multi-District Litigation proceeding.

5.  To the extent that any Party or counsel for any Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated CONFIDENTIAL, that Party and/or its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Third Party Information.

6.  All documents and materials filed with the Court containing or reflecting the contents of Confidential Third Party Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption to the Litigation, a generic

designation of the contents, the words CONFIDENTIAL INFORMATION - SUBJECT TO COURT ORDER and words in substantially the following form:

> This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated ___, 200_, shall not-be opened nor, the contents displayed or revealed except as provided in that order of by further order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only whose portions of such documents and materials containing or reflecting Confidential Third Party Information shall be considered Confidential and may be disclosed only in accordance with this Order. Where possible, only those portions of such filings which are Confidential Third Party Information shall be filed under seal. No Party or other person may have access to any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding District Judge, the Judge's law clerks and other Court personnel without further order of the Court. Each document filed under seal may be returned to the Party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the Party which filed a sealed document fails to remove the document within the appropriate time frame, the document may be destroyed by the Clerk. Regardless of any provision in this Order to the contrary, a Party does not have to file a document under seal if the Confidential Third Party Information contained or reflected in the document was so designated solely by that Party, however, any such filing shall constitute a waiver of confidentiality for any documents, material or information contained in such a filing.

7.  Use of Confidential Third Party Information. Any Confidential Third Party Information received by a Party shall be used by that Party solely for the purpose of conducting this litigation and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law. The Parties are permitted to use doctor-level data from IMS Health Incorporated's Xponent® service only for the purpose of refreshing a witness' recollection and may not use such data for any other purpose. If the use of Confidential Third Party Information is required by law, the person using such information shall give notice to counsel for the producing Third Party Data Provider in accordance with paragraph 14 of the Stipulated Protective Order.

8.  <u>Disclosure of Confidential Third Party Information</u>. Access to information designated CONFIDENTIAL shall be limited in accordance with the terms of Section 6 of the Stipulated Protective Order. Confidential Third Party Information shall not be disclosed to any person described in paragraphs 6(c), 6(f), 6(g), or 6(i) of the Stipulated Protective Order unless and until such person has executed a Certification in substantially the form attached hereto as <u>Exhibit B</u>. The originals of such Certifications shall be maintained by counsel for the Party who obtained them until the final resolution of the litigation. Certifications shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

9.  <u>Objections to Designations</u>. A Party shall not be obligated to challenge the propriety of a Confidential Third Party Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a Party objects to the designation under this Order by another Party of any material, said Party (hereinafter referred to as the "Objecting Party") shall consult with the Third Party Data Provider who made the

challenged designations ("Designating Party") to attempt to resolve their differences. If the Objecting Party and Designating Party are unable to reach an accord as to the proper designation of the material, the Objecting Party may apply to the Court for a ruling that, the material shall not be so treated, giving notice to Designating Party. If such a motion is made, the Designating Party would have the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated Confidential shall be treated as Confidential until such time as the Court or any magistrate to whom this matter is assigned rules that such material should not be treated as Confidential.

    10.    <u>Use of Confidential Third Party Information at Trial or Hearing</u>. Unless otherwise directed by the Court, a Party may, subject to the rules of evidence and further orders of the Court, use any Confidential Third Party Information for any purpose at trial or at any hearing before a judicial officer in this litigation.

    11.    In no event shall any disclosure of Third Party Data Provider Confidential Information be made to any competitor of the Third Party Data Provider, or to any person who, upon reasonable and good faith inquiry, could be determined to be an employee of any competitor of the Third Party Data Provider, irrespective of whether they are retained as an expert in this action.

    12.    <u>Preservation of Rights and Privileges</u>. Nothing contained in this Order shall affect the right, if any, of any Party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for productions of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any Party of any legally cognizable privilege to withhold any

Confidential Third Party Information, or of any right which any Party may have to assert such privilege at any state of this litigation.

13. <u>Return of Materials</u>. Within forty-five (45) days after the final resolution of this litigation, all Confidential Third Party Information, including all copies, abstracts and/or summaries, shall be returned to Third Party Data Provider that produced it or, if the Third Party Data Provider so requests, destroyed. As to those materials that contain or reflect Confidential Third Party Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to the Protective Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Third Party Information, so long as such Confidential Third Party Information, in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to a Protective Order.

14. A Party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

15. The Stipulated Protective Order is binding on all Parties to this litigation and on a Third Party Data Providers who have been served with a copy of the Stipulated Protective Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

16. Upon the final resolution of this litigation and/or each of the actions that comprise this litigation, the provisions of this Stipulation and the Stipulated Protective Order shall

continue to be binding. This Court expressly retains jurisdiction over each of the actions that comprise this litigation for the purpose of enforcing the provisions of this Order following the final resolution of this litigation.

SO ORDERED:

Dated: February __, 2007                                              _____