```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


                                    )
IN RE NEURONTIN MARKETING AND       )
SALES PRACTICES LITIGATION          )
                                    )   MDL Docket No. 1629
                                    )   Civil Action No. 04-10981
THIS DOCUMENT RELATES TO:           )
PRODUCTS LIABILITY CASES            )
06-10912-PBS                        )
06-11024-PBS                        )
06-11022-PBS                        )
06-11023-PBS                        )
                                    )
                                    )
```

**MEMORANDUM AND ORDER**

February 23, 2007

SARIS, U.S.D.J.

In these product liability cases, plaintiffs allege that they were injured when their doctors prescribed the drug Neurontin, manufactured by defendant Pfizer, for off-label uses. They assert state law causes of action alleging (1) negligence, (2) breach of warranty, (3) strict liability, (4) fraud and (5) violations of various consumer protection laws.

Defendant Pfizer has moved to dismiss the fraud claims under Fed. R. Civ. P. 9(b) and the negligence, breach of warranty, and consumer protection counts for failure to state a claim upon which relief can be granted. The cases have been consolidated as part of the multi-district litigation before me. Also pending are cases involving non-diverse parties in the New York State Supreme Court. Justice Friedman of that court and I held a joint

hearing.

Defendant contends that the fraud claims must be dismissed because plaintiffs have not alleged with particularity the allegedly fraudulent statement made by defendant which the plaintiff's doctor relied on when prescribing Neurontin. While plaintiffs do allege causation in a conclusory fashion, they admit they did not allege fraud with particularity, arguing that the prescribing doctors would not talk to them, and that they did not have defendant's documents necessary to take a deposition.

The background of the claims is set forth in In re Neurontin Marketing, Sales Practices & Products Liability Litigation, 433 F. Supp. 2d 172 (D. Mass. 2006). The factual allegations will not be repeated here.

Fed. R. Civ. P. 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This rule is not ironclad. In certain circumstances, plaintiffs can plead based on information and belief. See United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 228-29 (1st Cir. 2004) (explaining that pleading on "information and belief" under Rule 9(b) provides "an opportunity for the plaintiff to plead generally at the outset and then later amend the complaint, filling in the blanks through discovery"). This approach is appropriate when defendants have sole control over the

2

information.  Id. at 229 (relaxed pleading standard appropriate "'when the opposing party is the only practical source for discovering the specific facts supporting a pleader's conclusion'" (quoting Boston & Maine Corp. v. Hampton, 987 F.2d 855, 866 (1st Cir. 1993))).

However, in this case, doctors who are not parties to the litigation have control over the information as to whether there is a nexus between any misrepresentation made by defendant as part of a general marketing campaign and the decision to prescribe Neurontin for off-label conditions, including mood and anxiety disorders like bipolar.  Courts have refused to relax the requirements of Rule 9(b) when the information necessary to plead with particularity is within the control of a third party.  See Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003)(emphasizing that Rule 9(b) "may be relaxed where information is only within the opposing party's knowledge," not where third parties also possess the information (citation omitted)); United States ex rel. Russel v. Epic Healthcare Mgm't Group, 193 F.3d 304, 308 (5th Cir. 1999) (plaintiff not entitled to relaxed pleading standard where "documents containing the requisite information were possessed by other entities" besides defendants); Jepson, Inc. v. Makida Corp., 34 F.3d 1321, 1328 (7th Cir. 1994) (relaxation of heightened pleading requirements inappropriate in RICO case where plaintiffs "have as much access

3

as defendants" to third parties in possession of the necessary information).

Plaintiffs correctly point out that there is ample information that Pfizer launched an illegal national campaign to market for off-label uses; indeed, Pfizer entered into a guilty plea for improper off-label marketing. However, there is no allegation that each doctor in the approximately 140 cases met with a medical liaison from Pfizer, attended a conference, or otherwise received the material misrepresentation which she then relied on. Rule 9(b) does not permit a pure fishing expedition, and these complaints are clearly deficient. See, e.g., Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985) (Rule 9(b) "'does not permit a complainant to file suit first, and subsequently to search for a cause of action'" (quoting Lopez v. Bulova Watch Co., Inc., 582 F. Supp. 755, 766 (D.R.I. 1984))).

The pragmatic solution is straightforward. Because there are other pending causes of action under state law, which are valid under a notice pleading regime, plaintiffs will have the opportunity to conduct additional discovery with respect to contacts between Pfizer's sales team and the doctors who prescribed the medication; in addition, plaintiffs will be able to depose the doctors and evaluate relevant sales documentation from Pfizer which has been recently produced. Accordingly, in the interest of justice, the court will allow the plaintiffs to

4

amend the complaint to allege fraud with particularity, including specific misrepresentations that the plaintiffs' doctors allegedly relied upon.  I understand that the parties have agreed to undertake discovery in ten pilot cases to vet issues of general and individual causation.  That sounds like a sensible alternative to requiring depositions of individual doctors and motions to amend in all the cases.  Once I determine whether there are viable claims in these ten pilot cases, I will address whether the other fraud claims in the remaining cases can be pled based on "information and belief," and when individualized discovery should occur.

## ORDER

Defendant's motion to dismiss plaintiffs' fraud claims is **ALLOWED** without prejudice to replead the fraud allegations. Defendants' motion to dismiss all other claims is **DENIED**.

 /s/ Patti B. Saris 
PATTI B. SARIS
United States District Judge