

U.S. Department of Justice

**Michael J. Sullivan**
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

May 13, 2004

Robert B. Fiske, Jr., Esq.
James P. Rouhandeh, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re: Warner-Lambert Company LLC

Dear Messrs. Fiske and Rouhandeh:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Warner-Lambert Company LLC, a Delaware company ("Warner-Lambert")(collectively, "the Parties"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

On or before May 13, 2004, or such other date as the Court may set, Warner-Lambert shall waive indictment and plead guilty to all counts in the Information, a copy of which is attached hereto as Exhibit A, which Information charges Warner-Lambert with violations of Title 21 United States Code Sections 331(a), 331(d), 333(a), 352(f)(1) and 355. Warner-Lambert expressly waives any statute of limitations defense that it may have in connection with these crimes. Warner-Lambert expressly and unequivocally admits that it committed the crimes charged in the Information. Warner-Lambert agrees that the facts set forth in the Information are true.

2. Sentencing Guidelines

The United States and Warner-Lambert agree that the following provisions of the United States Sentencing Guidelines ("U.S.S.G.") will govern sentencing of Warner-Lambert with respect to the Information:

(a) as indicated at the end of this section on the Sentencing Guidelines, pursuant to U.S.S.G. § 8C2.4(a)(2) and 18 U.S.C. § 3571(d) the parties agree that the pecuniary gain to Warner-Lambert derived from this offense for criminal sentencing purposes is $150,000,000;

(b) pursuant to U.S.S.G. § 8C2.6, the parties agree that the appropriate multiplier to be applied as to Warner-Lambert is 1.6, reaching that figure through the following means:

    i. pursuant to U.S.S.G. § 8C2.5, the culpability score is calculated as follows:

        (A) the parties agree that the base score is 5 pursuant to § 8C2.5(a);

        (B) the parties agree that 2 points should be dedeucted pursuant to § 8C2.5(g)(2); and

        (C) the United States contends that 5 points should be added pursuant to U.S.S.G. § 8C2.5(b)(1)(A)(i) and/or (ii); but Warner-Lambert contends that 3 points should be added pursuant to § 8C2.5(b)(3)(B)(i).

    ii. pursuant to § 8C2.6, the applicable range for a multiplier is 1.6 to 3.2 according to the United States and 1.2 to 2.4 according to Warner-Lambert. The parties agree that the appropriate multiplier to be applied as to Warner-Lambert is 1.6.

(c) the Parties agree that there is no basis for a departure under the Sentencing Guidelines, either upward or downward.

The United States represents and for purposes of this Plea Agreement, Warner-Lambert does not object that, pursuant to U.S.S.G. § 8C2.4(a) and 18 U.S.C. § 3571(d), the gain to Warner-Lambert from this offense for criminal sentencing purposes is $150,000,000. Warner-Lambert and the United States both acknowledge that the gain figure cannot be determined with precision and that the gain figure of $150,000,000 for criminal sentencing purposes is an estimate. The United States and Warner-Lambert further agree that calculation of the criminal fine under U.S.S.G. §8C2.4(a)(2) is appropriate under the circumstances of this case.

3. <u>Agreed Disposition</u>

The United States and Warner-Lambert agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following sentence is the appropriate disposition of the Information:

2

(a) a criminal fine in the amount of two hundred forty million dollars, ($240,000,000), to be paid within fourteen days of sentencing; and

(b) a mandatory special assessment of $800 pursuant to 18 U.S.C. § 3013, which shall be paid to the Clerk of Court on or before the date of sentencing.

In light of the pending civil action, United States ex rel. David Franklin v. Parke-Davis, Division of Warner-Lambert and Pfizer Inc, Civil Action No. 96-11651-PBS (D. Mass.), and the Civil Settlement Agreement between Warner-Lambert and others and the United States relating to the civil action which is being signed contemporaneous with this Plea Agreement (the "Civil Settlement Agreement," a copy of which is attached hereto as Exhibit B), the parties agree that the appropriate disposition of this case does not include a restitution order because the losses suffered here, if any, will be recompensed fully from amounts paid as part of the Civil Settlement Agreement, and because the process of fashioning a restitution order would unduly complicate and prolong the sentencing process. See 18 U.S.C. § 3663(a)(1)(B)(ii). Therefore, the United States agrees that it will not seek a separate restitution order as to Warner-Lambert as part of the resolution of the Information and the Parties agree that the appropriate disposition of this case does not include a restitution order.

4. No Further Prosecution of Warner-Lambert

Except as set forth below and other than as set forth in the Information, a copy of which is attached hereto as Exhibit A, the United States agrees that it shall not further prosecute Warner-Lambert or Pfizer Inc for: (i) any conduct within the scope of the grand jury investigation by the United States Attorney for the District of Massachusetts related to Warner-Lambert's product Neurontin; and (ii) any conduct related to Neurontin which is presently known to the United States Attorney for the District of Massachusetts.

The United States does not decline criminal prosecution of Warner-Lambert, Pfizer Inc, Pharmacia, or any related entity for conduct relating to products other than Neurontin.

The U.S. Attorney expressly reserves the right to prosecute any individual, including but not limited to present and former officers, directors, employees and agents of Warner-Lambert, in connection with the conduct encompassed by this Plea Agreement or within the scope of the grand jury investigation.

This declination is contingent upon: (1) the guilty plea of Warner-Lambert to the Information, attached hereto as Exhibit A, being accepted by the Court and not withdrawn; (2) Warner-Lambert entering into, simultaneously with this agreement, and completing its obligations under, the Civil Settlement Agreement between Warner-Lambert and the United States, Exhibit B hereto; and (3) the completion of Warner-Lambert's obligations under this Agreement.

3

5.  <u>Corporate Integrity Agreement</u>

Contemporaneous with the execution of this agreement, Warner-Lambert shall enter into a Corporate Integrity Agreement ("CIA") with the Office of Inspector General ("Inspector General") for the United States Department of Health and Human Services. A breach of the Corporate Integrity Agreement, incorporated by reference in the Civil Settlement Agreement, does not constitute a breach of this Plea Agreement, and any disputes arising under the CIA shall be resolved exclusively through the dispute resolution provisions of the CIA.

6.  <u>Sentencing</u>

Warner-Lambert acknowledges that it has been previously convicted under Title 21 United States Code section 333. As a result of this prior conviction, Warner-Lambert acknowledges and agrees that, pursuant to Title 21 United States Code Section 333(a)(2), Warner-Lambert is pleading to charges which constitute felony offenses.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Warner-Lambert:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit its conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Warner-Lambert is accountable under U.S.S.G. § 1B1.3;

(d) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Warner-Lambert is accountable under U.S.S.G. § 1B1.3; or

(e) Engages in acts which form a basis for finding that Warner-Lambert has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1.

Warner-Lambert expressly understands that it may not withdraw its plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5). If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Warner-Lambert. In this regard, Warner-Lambert hereby waives any defense to any charges which it might otherwise have under the Speedy Trial Act and tolls any applicable statute of limitations until 60 days after this Agreement is no longer in full force and effect.

7. <u>Payment of Mandatory Special Assessment</u>

Warner-Lambert agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing.

8. <u>Cooperation</u>

Warner-Lambert agrees to cooperate completely and truthfully with the U.S. Attorney in connection with his on-going investigation and prosecution of others for alleged violations of federal criminal law arising out of his investigation. Warner-Lambert understands and agrees that such cooperation shall include the following, if requested by the U.S. Attorney:

(a) prompt production to the U.S. Attorney of any document or record in the possession, custody or control of Warner-Lambert relating to the subject matter of the investigation;

(b) taking all reasonable measures available to Warner-Lambert to ensure that present and former officers, directors, agents and employees of Warner-Lambert cooperate truthfully and completely with the U.S. Attorney in connection with his on-going investigation and prosecutions; and

(c) taking all reasonable measures available to Warner-Lambert to make all present and former officers and employees of Warner-Lambert or Pfizer Inc available for interviews by federal law enforcement personnel, upon reasonable notice.

Provided, however, notwithstanding any provision of this agreement, that: (1) Warner-Lambert is not required to request of its present or former officers, directors, employees or agents that they forego seeking the advice of an attorney nor that they act contrary to that advice; (2) Warner-Lambert is not required to take any action against their officers, directors, employees, or agents for following their attorney's advice; and (3) Warner-Lambert is not required to waive any privilege or claim of work product.

9. <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

Warner-Lambert and the United States Attorney's Office agree to seek a sentencing by the District Court immediately following the Rule 11 plea hearing and do not object to the Court proceeding to sentence Warner-Lambert in the absence of a Presentence Report in this case. Warner-Lambert understands that the decision whether to proceed immediately following the plea hearing with the sentencing proceeding, and to do so without a Presentence Report, is exclusively that of the United States District Court.

10. <u>Civil Liability</u>

Warner-Lambert's alleged civil liability to the United States in connection with the matters under investigation by the United States, as set forth in paragraph 4 of this agreement, is resolved as set forth in the Civil Settlement Agreement, attached hereto as Exhibit B, according to the terms set forth in that agreement.

11. <u>Breach of Agreement</u>

If the U.S. Attorney for the District of Massachusetts determines that Warner-Lambert has failed to comply with any material provision of this Agreement, the United States may, at its sole option, be released from its commitments under this Agreement in their entirety by notifying Warner-Lambert, through counsel or otherwise, in writing. The United States may also pursue all remedies available to it under the law, irrespective of whether it elects to be released from its commitments under this Agreement. Warner-Lambert recognizes that no such breach by it of an obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea. Warner-Lambert understands that, should it breach any material provision of this agreement, the U.S. Attorney will have the right to use against Warner-Lambert before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by it and any information, materials, documents or objects which may be provided by it to the government subsequent to this Agreement, without any limitation.

Warner-Lambert understands and agrees that this 11(c)(1)(C) plea agreement and its agreed upon criminal disposition:

(1) are wholly dependent upon Warner-Lambert's entering into, simultaneously with this agreement, and completing its obligations under, the attached Civil Settlement Agreement, including the requirement in that agreement that Warner-Lambert pay to the United States and to Medicaid Participating States and Consumer Participating States the amount of one hundred ninety million dollars ($190,000,000) in accordance with the terms of the Civil Settlement Agreement; and that

(2) failure by Warner-Lambert to comply with the material terms of either this agreement or the attached Civil Settlement Agreement will constitute a breach of this plea agreement.

In the event that Warner-Lambert at any time hereafter breaches any material provision of this plea agreement, Warner-Lambert understands that (1) the United States will as of the date of that breach be relieved of any obligations it may have in this agreement and the attached Civil Settlement Agreement, including but not limited to the promise not to further prosecute Warner-Lambert, as set forth in paragraph 4 of this plea agreement; and (2) Warner-Lambert will not be relieved of its obligations to make the payments set forth in this plea agreement and in the attached Civil Settlement Agreement, nor will it be entitled to any return of any monies already paid. Nothing in

this Agreement would preclude Warner-Lambert from contesting whether a breach had occurred if a subsequent Indictment were brought.

12. Corporate Authorization

Warner-Lambert shall provide to the U.S. Attorney and the Court a certified copy of a resolution of the Board of Directors of Warner-Lambert, affirming that the Board of Directors of Warner-Lambert has authority to enter into the Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Warner-Lambert to plead guilty to the charges specified in the Plea Agreement; and (5) voted to authorize the individual identified below to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement.

Warner-Lambert agrees that a duly authorized corporate officer or member of the board of directors will appear on behalf of Warner-Lambert and will enter the guilty plea and will also appear for the imposition of sentence.

13. Who is Bound by Agreement

This Agreement is binding upon the Attorney General of the United States, the Department of Justice, and all United States Attorneys on the matters as set forth in paragraph 4 but cannot and does not bind the Tax Division of the U.S. Department of Justice or the Internal Revenue Service of the U.S. Department of the Treasury. Warner-Lambert also understands that this agreement does not bind any state or local prosecutive authorities.

14. Complete Agreement

This letter, together with the attached Information, Civil Settlement Agreement and the United States Attorney's Side Letter to Warner-Lambert of May 12, 2004, set forth the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter, and the three attached and referenced documents. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the exception of those promises and representations set forth in the attached documents. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Warner-Lambert, please have Warner-Lambert sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Thomas E. Kanwit of the District of Massachusetts.

7

Very truly yours,

_____
MICHAEL J. SULLIVAN
United States Attorney

_____
THOMAS E. KANWIT
Assistant U.S. Attorney

### Corporate Acknowledgment of Plea Agreement

The Board of Directors has authorized me to execute this Plea Agreement and the attached Civil Settlement Agreement on behalf of Warner-Lambert Company. The Board has been well informed regarding these documents in their entirety and has discussed them fully with Warner-Lambert's attorneys. The Board acknowledges that these documents fully set forth Warner-Lambert's agreements with the United States. The Board further states that no additional promises or representations have been made to the Board by any officials of the United States in connection with this matter, other than those set forth in this plea agreement and in the attached Civil Settlement Agreement.

Dated: 5/11/04

_____
MARTIN TEICHER
Vice President
Warner-Lambert Company LLC

Dated: 5/11/04

_____
ROBERT B. FISKE, JR. ESQUIRE
Davis Polk & Wardwell

Dated: 5/11/04

_____
JAMES P. ROUHANDEH, ESQUIRE
Davis Polk & Wardwell