UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING, SALES PRACTICES,
        AND PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HARDEN MANUFACTURING CORPORATION;
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,
dba BLUECROSS/BLUESHIELD OF LOUISIANA;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL
52 HEALTH BENEFITS TRUST; GERALD SMITH; and
LORRAINE KOPA, on behalf of themselves and all others
similarly situated, v. PFIZER INC. and WARNER-LAMBERT
COMPANY.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC. and

AETNA, INC. v. PFIZER INC.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T.
Sorokin

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO SERVE SUPPLEMENTAL INTERROGATORIES TO THE THIRD-PARTY PAYOR PLAINTIFFS

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Defendants Pfizer Inc.
and Warner-Lambert Company*

Defendants Pfizer Inc. and Warner-Lambert Company submit this memorandum in support of their motion for leave to serve the attached supplemental interrogatories to the third-party payor plaintiffs regarding their theory of damages based on the putative existence of "cheaper and more optimal" alternatives to Neurontin for treating the conditions of their insured members (Third Amended Class Action Complaint ("TACAC") (Docket # 580) ¶¶ 308-09; Third Coordinated Amended Complaint ("TCAC") (Docket # 583) ¶¶ 173-76) and regarding their claim that studies were suppressed by defendants (*see, e.g.*, TACAC ¶¶ 57, 99-100, 136, 146, 149, 152, 182, 199, 256, 261; TCAC ¶¶ 2, 129, 136, 140, 142, 178, 183, 237,250, 263, 276, 289, 302, 315, 328, 341). *See* Defendants' Supplemental Interrogatories ("Defs.' Supp. Interrogs.") (attached as Ex. A).

## ARGUMENT

The third-party payor plaintiffs argue that they can recover where defendants' allegedly fraudulent conduct caused them to pay for Neurontin instead of unspecified alternative drugs that plaintiffs allege would have been "cheaper and more optimal" than Neurontin.[1]  (TACAC ¶¶ 308-09; TCAC ¶¶ 173-76.)  These plaintiffs have not identified alternative drugs that they argue should have been prescribed instead of Neurontin.  (*Cf.* TCAC ¶ 173 (providing a partial list of allegedly "cheaper or more desirable" alternative FDA-approved drugs for five indications).)  Interrogatories 1 and 2 seek specific information regarding these alleged alternative for each of

---

[1] Notably, this theory of damages represents the coordinated plaintiffs primary basis for recovery.  (*See* TCAC ¶¶ 173-76, 371.)  In their motions to dismiss the first amended complaints, defendants argued that the coordinated plaintiffs had failed adequately to allege cognizable injury.  (Docket # 60 at 14-16; Docket # 122 at 13-15.)  In its June 12, 2006 Order on defendants' motions to dismiss, the Court agreed that, unlike the class plaintiffs, the coordinated plaintiffs had failed to allege injury under a theory that Neurontin was ineffective for their covered individuals.  (Docket # 356 at 23-24.)  The Court allowed the coordinated plaintiffs leave to amend their complaint to assert additional allegations as to a "cheaper alternatives" theory (*id.* at 24-25), which they did in their Second Coordinated Amended Complaint (Docket # 380 ¶¶ 173-76).  Defendants must be provided with answers to their supplemental interrogatories in order to respond to these allegations.

1

the relevant off-label uses of Neurontin at issue in these cases. *See* Interrogs. Nos. 1-2 (Ex. A at 5). Interrogatories 3 to 8 seek information regarding whether the alleged alternatives were prescribed to the third-party payors' members. *See* Interrogs. Nos. 3-8 (Ex. A at 5-6). Together, these supplemental interrogatories will allow defendants to investigate the drugs that plaintiffs contend are "cheaper and more optimal" alternatives to Neurontin for the off-label indications at issue in this case. They will also provide defendants with information necessary to determine which allegedly alternative drugs, if any, plaintiffs' members took.

Plaintiffs have also alleged that defendants suppressed various studies of Neurontin as part of a "publication strategy" because the results of the studies were purportedly negative. (*See* TACAC ¶¶ 39, 100, 132, 136, 137, 152, 156; TCAC ¶¶ 2, 103, 117, 183, 237.) Defendants are entitled to know what studies plaintiffs contend defendants suppressed. *See* Interrogatory No. 9 (Ex. A at 6).

The information sought by these supplemental interrogatories is crucial to establishing the viability of plaintiffs' theory of damages. Accordingly, defendants have shown good cause for the filing of these interrogatories, as required by this Court. (November 30, 2006 Order (Docket # 550) at 2.)

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request that their motion for leave to serve supplemental interrogatories to the third-party payor plaintiffs be granted.

Dated: February 28, 2007

DAVIS POLK & WARDWELL

By:    /s/ James P. Rouhandeh
         James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

HARE & CHAFFIN

By:    /s/ David B. Chaffin
         David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 28, 2007.

/s/David B. Chaffin

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING, SALES PRACTICES,
           AND PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HARDEN MANUFACTURING CORPORATION;
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,
dba BLUECROSS/BLUESHIELD OF LOUISIANA;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL
52 HEALTH BENEFITS TRUST; GERALD SMITH; and
LORRAINE KOPA, on behalf of themselves and all others
similarly situated, v. PFIZER INC. and WARNER-LAMBERT
COMPANY.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC. and

AETNA, INC. v. PFIZER INC.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T.
Sorokin

**DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFF
[__]**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Pfizer

Inc. and Warner-Lambert Company LLC (hereinafter "Defendants"), hereby request that in

accordance with the Definitions and Instructions set forth, Plaintiff [__] answer the

interrogatories listed below within thirty (30) days of the date of service hereof.

## **DEFINITIONS**

1.      The definitions contained in Rule 26.5 of the Local Rules of the United States

District Court for the District of Massachusetts are incorporated herein by reference.

Additionally, the following definitions apply.

2.      "Plaintiff" or "[__]" shall mean [__] and any of its past or present trustees,

officials, officers, fiduciaries, third-party administrators, representatives, assigns, employees,

divisions, departments, directors, executives, predecessors or successors in interest, offices,

subsidiaries, and affiliates.

3.      "You" or "your" means [__].

4.      The term "Member" shall include the terms "participant," "beneficiary," "covered

individual" and "policy holder," and means persons for whom the Plaintiff provides health care

benefits, health insurance coverage and/or provides prescription drug benefits, including the

dependents of such persons.

5.      The term "drug, " unless otherwise indicated, shall mean a substance used in the

diagnosis, treatment, or prevention or a disease or as a component of a medication, and shall

include both prescription and non-prescription drugs.

6.      The term "off-label" shall mean the prescription or use of a drug for indications or

at dosages different from those set forth in a drug's labeling.

7.      The term "claim" shall mean notification to an insurance company or third party

payor requesting payment of an amount due under the terms of the policy.

8.      "And" and "or" shall be construed either disjunctively or conjunctively as

necessary to bring within the scope of the request any information that might otherwise be

construed to be outside its scope.

9.    "Any" includes the word "all" and vice-versa:

10.    "Communication" shall have the meaning set forth in Local Rule 26.5

11.    "Concerning" shall have the meaning set forth in Local Rule 26.5.

12.    "Identify," as defined in Local Rule 26.5,

      (a)    When used with reference to an individual person, means to state his full name, present or last known address, and present or last known place of employment;

      (b)    When used with reference to an entity, means to state the entity's full name, present and last known address and telephone number(s), and organizational form (e.g., corporation, sole proprietorship, partnership, joint venture, etc.); and

      (c)    When used with reference to a document, means to state the type of document (e.g., memorandum, letter, notes, etc.), its general subject matter, date of the document, and its author(s), address(es), and recipient(s).

13.    "State the basis," as defined in Local Rule 26.5, means:

      (a)    Identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

      (b)    Identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

      (c)    State separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory;

      (d)    State separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

14.    "Person" or "Persons" shall mean any individual, corporation, organization, association, partnership, limited partnership, firm, joint venture, trustee, governmental body, agency, governing board, department or division, or any other entity.

15.    "Relating to" shall have the same meaning as concerning.

2

## <u>INSTRUCTIONS</u>

1.      The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

2.      These interrogatories are continuing in nature and require you to provide prompt supplements or revisions to your answers whenever additional information becomes available.

3.      In the event you assert any form of objection or privilege as a ground for refusing to answer an interrogatory or any part of an interrogatory, set forth the legal grounds for the objection or privilege and the facts upon which the objection or privilege is based.  If the objection or privilege related to only part of an interrogatory, the balance of the interrogatory must be answered in full.

4.      With respect to any conversation for which a privilege is being asserted, provide the following information:

       (a)      When and where the conversation occurred;

       (b)      The name, title, and job or position or each person who was present at or during the conversation, whether or not such conversation was in person or by telephone;

       (c)      A brief description of the conversation's subject matter;

       (d)      The statute, rule, or decision that is claimed to give rise to the privilege; and

       (e)      The name, title, and job or position of all persons on whose behalf the privilege is asserted.

5.      If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect.

3

6.      To the extent that you view any interrogatory as vague or imprecise, counsel for defendants offers to confer with counsel for Plaintiff as to the intended scope of such interrogatory.

## <u>INTERROGATORIES</u>

<u>Interrogatory No. 1</u>

Identify each off-label use of Neurontin as to which you are seeking recovery.

<u>Interrogatory No. 2</u>

For each off-label use identified in response to Interrogatory No. 1, state, for each calendar year of the proposed Class Period, the name, dosage, NDC number, and cost to you of each drug that you contend would have been cheaper and more optimal than Neurontin in treating that condition.  Describe how you identified these alternative drugs and how you arrived at these figures.

<u>Interrogatory No. 3</u>

For each of your Members who were prescribed Neurontin, state whether s/he also received one or more of the drugs identified in response to Interrogatory No. 2 and state which drug(s) each such Member received.  State the dosage and number of prescriptions filled for each alternative drug prescribed to each such Member.  Describe how you arrived at these figures.

<u>Interrogatory No. 4</u>

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed at least one of the drugs identified in response to Interrogatory No. 2.  Describe how you arrived at this figure.

<u>Interrogatory No. 5</u>

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat any aspect of bipolar disorder or depression.

Interrogatory No. 6

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat any type of neuropathic pain.

Interrogatory No. 7

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed concurrently any other drug approved or commonly used to treat epilepsy.

Interrogatory No. 8

For each calendar year of the proposed Class Period, state the number and percentage of your Members whom you identified in response to more than one of Interrogatories Nos. 5, 6, and 7.

Interrogatory No. 9

Identify all studies of Neurontin that you allege were suppressed by defendants.

Dated:  New York, New York
        February 28, 2007

                              DAVIS POLK & WARDWELL

                              By:    /s/ James P. Rouhandeh

                                   James P. Rouhandeh
                                   Neal A. Potischman

                              450 Lexington Avenue
                              New York, New York  10017
                              (212) 450-4000

                              HARE & CHAFFIN

                              By:    /s/ David B. Chaffin

                                   David B. Chaffin
                                   BBO No. 549245

                              160 Federal Street
                              Boston, Massachusetts 02110
                              (617) 330-5000

                              Attorneys For Defendants Pfizer Inc. and
                              Warner-Lambert Company.

7