IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 JUN 13 P 3: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF ALABAMA; MUNICIPAL WORKERS COMPENSATION FUND, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER, INC., WARNER-LAMBERT COMPANY LLC; WARNER-LAMBERT COMPANY; PARKE-DAVIS, A DIVISION OF WARNER-LAMBERT COMPANY AND WARNER-LAMBERT COMPANY LLC; DAVID LONGMIRE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. 2:06CV524-F |

## NOTICE OF REMOVAL

COME NOW Pfizer Inc. (incorrectly identified in the complaint as "Pfizer, Inc."), Warner-Lambert Company, Warner-Lambert Company LLC and Park-Davis, a division of Warner Lambert Company LLC and Warner-Lambert Company (collectively, the "Removing Defendants"), the only parties properly joined and aligned as defendants in the above-styled cause, and give notice, with full reservation of all defenses, that this case is hereby removed from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. As and for their Notice of Removal, the Removing Defendants show unto the Court as follows:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases. See 28 U.S.C. §§ 1441(b), 1446(b).

1

2. Plaintiffs instituted this civil action in the Circuit Court of Montgomery County, Alabama on May 12, 2006, against the Removing Defendants and David Longmire ("Longmire"), said case number being CV-2006-1349 in said court. Plaintiffs allege that they have suffered damages as a direct result of the Removing Defendants' allegedly unlawful and fraudulent marketing scheme designed to promote "off-label" uses of the prescription medication Neurontin®. See, e.g., Compl. ¶ 5. A true and correct copy of all process and pleadings served on the Removing Defendants as well as copies of all documents contained in the Circuit Court of Montgomery County's clerk's office file as of the afternoon of June 13, 2006 are attached hereto as Exhibit A as required by Local Rule 81.1 and are incorporated by reference herein.

3. This removal is filed within thirty (30) days of initial service on any defendant and is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

4. This action originally could have been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the properly joined and aligned parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

I. **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFFS AND THE REMOVING DEFENDANTS**

5. Plaintiffs are all residents and citizens of the State of Alabama. Compl. ¶¶ 13-14.

6. Pfizer Inc. is and was at the time of the institution of this civil action a corporation organized under and by virtue of the laws of the state of Delaware, having its headquarters in the State of New York.

7. Warner-Lambert Company is now, and was at the time of the filing of this action, known as Warner-Lambert Company LLC, and is not a separate or other legal entity.

8. Warner-Lambert Company LLC is now, and was at the time of the filing of this action, a Delaware limited liability company with Pfizer Inc. as its sole shareholder. Limited liability companies are citizens of the states of which their individual shareholders are citizens. See Ketterson v. Wolf, No. 99-689-JJF, 2001 U.S. Dist. LEXIS 12535, at *8 (D. Del. Aug. 14, 2001); Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000). Accordingly, Warner-Lambert Company LLC is deemed a citizen of the same states as Pfizer Inc., which was organized under the laws of Delaware and has its headquarters in New York.

9. Parke-Davis is, and was at the time of the filing of this action, an unincorporated division of Warner-Lambert, and is not a separate corporation or other legal entity.

10. Longmire is a resident and citizen of the State of Alabama who has been improperly aligned and fraudulently joined as a defendant in this action. See infra Section III.

## II. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

11. The amount-in-controversy requirement is clearly satisfied in this case. Among other things, Plaintiffs assert claims for violation of the Alabama Deceptive Trade Practices Act ("ADTPA"), unjust enrichment, negligence, wantonness, conspiracy and every conceivable variety of fraud. Compl. ¶¶ 170-204. In their Complaint, Plaintiffs allege that the Removing Defendants' intentional, fraudulent and illegal conduct resulted in unspecified damages to Plaintiffs. Id. ¶¶ 5, 13, 173, 176, 181, 189, 194, 200-01, 204. In addition to seeking unlimited compensatory damages, Plaintiffs request treble damages pursuant to the ADTPA as well as "wrongful profits." Id. ¶¶ 176, 181, 189, 194, 201, 204. Plaintiffs further demand unspecified punitive damages. Id. ¶¶ 189, 194, 201, 204.

12. When, as here, plaintiffs make an unspecified claim for damages, the removing party need only show by a preponderance of the evidence that the amount in controversy exceeds

the jurisdictional limit. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2001). Moreover, "[w]hen determining the jurisdictional amount in diversity cases, punitive damages must be considered." Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987); see Swafford v. Transit Cas. Co., 486 F. Supp. 175, 177 (N.D. Ga. 1980) ("It is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted." (citing Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238 (1943)). This case involves third-party payors suing to recover payments made for Neurontin® over almost a decade. These plaintiffs are also seeking treble damages, wrongful profits and punitive damages. Accordingly, in these circumstances, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III. THE REMOVING DEFENDANTS MAY PROPERLY REMOVE THIS CASE WITHOUT THE CONSENT OF LONGMIRE

13. Removal without the consent of Longmire is appropriate in this case because (1) he should be a realigned as a plaintiff; and (2) he has been fraudulently joined as a defendant.

#### A. Longmire Should Be Realigned as a Plaintiff

14. Longmire has been improperly named as a defendant in this case for the sole purpose of defeating the Removing Defendants' right to remove this action to federal court. Such practice is not appropriate under federal law. Indeed, "no policy is served by allowing a mislabeled 'defendant' to defeat the true defendants' right to remove the case by withholding its consent." Premier Holidays Int'l, Inc. v. Actrade Capital, Inc., 105 F. Supp. 2d 1336, 1340 (N.D. Ga. 2000), aff'd, 2002 WL 3179469 (11th Cir. 2002).

15. The Court is, of course, not bound by the manner in which the Complaint characterizes the parties, but is duty bound to "look beyond the pleadings and arrange the parties

4

according to their sides in the dispute." City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941); see also Boland v. State Auto Mut. Ins. Co., 144 F. Supp 2d 1282, 1284 (M.D. Ala. 2001) ("It is the court's responsibility to align the parties according to their interests in litigation and, if interests of a party named as defendant coincide with those of plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as plaintiff for jurisdictional purposes." (citation and internal quotation marks omitted)). "Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interest exists, is therefore not to be determined by mechanical rules. It must be ascertained from the *principal purpose of the suit and the primary and controlling matter in dispute*." City of Indianapolis, 314 U.S. at 69 (emphasis added).

16. On the *same day* the Complaint in this matter was filed, Longmire filed a separate complaint against the removing Defendants in Franklin County Circuit Court. See Exhibit B. Longmire's core allegations against the Removing Defendants in that matter track the core allegations of Plaintiffs in this matter, i.e., that the Removing Defendants created an unlawful and fraudulent marketing scheme designed to promote "off-label" use of the prescription drug Neurontin® to their detriment. Compare Exh. B at 3, ¶ 8 with Compl. at 2, ¶ 1.

17. The obvious "primary and controlling matter" in this case is a determination as to whether the Removing Defendants created and/or orchestrated any such fraudulent and illegal marketing scheme and whether Plaintiffs or Longmire suffered any resulting damage. All parties except the Removing Defendants desire to prove that such a marketing scheme existed, and the Removing Defendants will endeavor to refute this primary allegation. While there may be secondary disputes, alignment for jurisdictional purposes should be based upon the primary dispute in the lawsuit. See U.S. Fidelity & Guar. Co. v. Algernon-Blair, Inc., 705 F. Supp. 1507,

5

1513 (M.D. Ala. 1988) ("[T]he court concludes that the true interests of USF&G and Algernon-Blair coincide as to the primary dispute in this lawsuit. Despite the fact that their interests may collide in a contingent secondary dispute, they are properly co-plaintiffs for purposes of this lawsuit.").

### B. Longmire Has Been Fraudulently Joined

18. Moreover, there is no reasonable possibility that Plaintiffs will prevail on their various causes of action against Longmire, all predicated on alleged fraudulent acts or omissions, because Plaintiffs have failed to plead these claims with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Alabama Rules of Civil Procedure, both of which call for dismissal if averments of fraud are not stated "with particularity." See Wakeland v. Brown & Williamson Tobacco Corp., 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) (failure to alleged particular facts supporting claims against in-state defendants violated Rule 9(b) and supported finding of fraudulent joinder); see also Legg v. Wyeth, 428 F.3d 1317 (11th Cir. 2005) (articulating fraudulent joinder standard).

19. Here, Plaintiffs fail to plead the "time, place and purported contents of the false representations" allegedly made by Longmire. Estate of Scott v. Scott, 907 F. Supp. 1495, 1498 (M.D. Ala. 1995); see Ala. R. Civ. P. 9(b) (Committee Comments on 1973 Adoption, subdivision (b)) (stating that plaintiff's allegations must show the "time, place and the content or substance of the false representations, the fact misrepresented, and an identification of what has been obtained"). Similarly, Plaintiffs fail to allege with particularity how they relied on any fraudulent statements by Longmire.

20. Finally, Plaintiffs have no reasonable possibility of prevailing on any of their claims against Longmire as they have failed to allege a causal link (an essential element of all of

6

their claims) between Longmire's alleged fraudulent and unlawful behavior and their purported payments for Neurontin® prescribed for "off-label" uses.

## IV. ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

21. As set forth above, this Notice of Removal is timely filed.

22. Because Longmire is improperly aligned and fraudulently joined, his consent to removal is unnecessary.

23. Pursuant to 28 U.S.C. §§ 81(b)(1) and 1446(a), the United States District Court for the Middle District of Alabama, Northern Division is the proper court for removal of this action being the district and division of said Court for the County in which said action is pending.

24. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

25. If any question arises as to the propriety of the removal of this action, the Removing Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, the Removing Defendants, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of said Court for the County in which said action is pending pray that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing of Notice of Removal with the Clerk of the Court of Montgomery County, Alabama shall effect the removal of said suit to this Court.

DATED this 13th day of June 2006.

Respectfully submitted,

*[signature]*

Brian A. Wahl (WAH003)
One of the Attorneys for Pfizer Inc.

**OF COUNSEL:**

Fred M. Haston III (HAS012)
Andrew B. Johnson (JOH168)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing Notice of Removal on:

**COUNSEL FOR BLUE CROSS AND BLUE SHIELD OF ALABAMA**
Kimberly Redman West
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
P.O. Box 530910
Birmingham, Alabama  35253-0910

Pamela Beard Slate
SLATE KENNEDY LLC
166 Commerce Street, Suite 350
Montgomery, Alabama  36104-2560

**COUNSEL FOR MUNICIPAL WORKERS COMPENSATION FUND, INC.**
Josh J. Wright
HOLLIS & WRIGHT, P.C.
505 North 20th Street
Suite 1750
Birmingham, Alabama  35203

**DAVID REYNOLDS LONGMIRE, M.D.**
13150 Highway 43
Russellville, Alabama  35653

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his/her regular mailing address, on this ___ day of June 2006.

OF COUNSEL

9