UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                       :  MDL DOCKET NO:  1629
In re:  NEURONTIN MARKETING, SALES                     :
        PRACTICES, AND PRODUCTS                        :  Master File No. 04-10981
        LIABILITY LITIGATION                           :
                                                       :  Judge Patti B. Saris
                                                       :
                                                       :  Magistrate Judge Leo T. Sorokin
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                       :
THIS DOCUMENT RELATES TO:                              :
                                                       :
        Briggs v. Pfizer Inc., et al.,                 :
        1:07-cv-10327-PBS                               :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## ANSWER

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiff's Complaint in the above-captioned action (the "Complaint") as follows:

## AS TO STATEMENT OF THE CASE

1.      Deny the allegations in paragraph 1, except admit that the United States Food and Drug Administration ("FDA") has approved Neurontin® ("Neurontin"), the brand name for gabapentin, for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

## AS TO PARTIES AND SERVICE OF PROCESS

2.     Paragraph 2 and its subparts assert legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 2 and its subparts, except admit: (1) that Pfizer is a corporation organized under the laws of the State of Delaware and has its headquarters in the State of New York; (2) that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002, when it was converted into a Delaware limited liability company known as Warner-Lambert Company LLC with Pfizer as its sole member; (3) that Parke-Davis is an unincorporated division of Warner-Lambert Company LLC; and (4) upon information and belief, that the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. The allegations in paragraph 2 directed at Teva Pharmaceuticals USA, Inc. are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants state, upon information and belief, that Teva Pharmaceuticals USA, Inc. is a Delaware corporation having its headquarters in the Commonwealth of Pennsylvania.

3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny same.

4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore deny same.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore deny same.

6.     Admit the allegations in paragraph 6.

7.     Admit the allegations in paragraph 7.

2354778v1
2363787v1

8.    Admit the allegations in paragraph 8.

9.    Deny the allegations in paragraph 9, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

10.    Deny the allegations in paragraph 10.

11.    Deny the allegations in paragraph 11.

12.    Deny the allegations in paragraph 12, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

13.    Deny the allegations in paragraph 13, except admit that Warner-Lambert Company was authorized to do business in the State of New York until December 31, 2002.

14.    Deny the allegations in paragraph 14, except admit that Warner-Lambert Company was a business entity actually doing business in the State of New York until December 31, 2002.

15.    Deny the allegations in paragraph 15, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

16.    Deny the allegations in paragraph 16.

17.    Deny the allegations in paragraph 17, except admit that from December 31, 2002 to the present Warner-Lambert Company LLC has been a Delaware limited liability company.

18.    Deny the allegations in paragraph 18, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the State of New York since December 31, 2002.

2354778v1
2363787v1

19.     Deny the allegations in paragraph 19, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the State of New York since December 31, 2002.

20.     The allegations in paragraph 20 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is a Delaware corporation.

21.     The allegations in paragraph 21 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore deny same.

22.     The allegations in paragraph 22 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny same.

23.     The allegations in paragraph 23 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is a corporation having its headquarters in the Commonwealth of Pennsylvania.

2354778v1
2363787v1

24.     Deny the allegations in paragraph 24, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

25.     Deny the allegations in paragraph 25.

26.     Deny the allegations in paragraph 26.

27.     Deny the allegations in paragraph 27.

28.     Deny the allegations in paragraph 28, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

29.     Paragraph 29 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 29.

30.     Deny the allegations in paragraph 30.

31.     Deny the allegations in paragraph 31, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

32.     Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

33.     Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.     Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.     Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.     Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

2354778v1
2363787v1

37.     Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.     Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.     Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

40.     Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

41.     Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.     Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.     Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.     Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.     Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.     Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

47.     Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

2354778v1
2363787v1

48.    Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.    Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.    Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

51.    Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

52.    Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.    Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.    Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.    Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.    Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.    Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.    Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

2354778v1
2363787v1

59.     Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.     Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.     Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

62.     Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.     Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.     Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.     Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.     Paragraph 66 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 66.

67.     Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.     Paragraph 68 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 68.

69.     Paragraph 69 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 69.

2354778v1
2363787v1

70.   Paragraph 70 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 70.

71.   Paragraph 71 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 71.

72.   Paragraph 72 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 72.

73.   Deny the allegations in paragraph 73, except admit that Pfizer's headquarters are in New York.

74.   Paragraph 74 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 74.

75.   Paragraph 75 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 75.

76.   Paragraph 76 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 76.

77.   Deny the allegations in paragraph 77, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin.

78.   Deny the allegations in paragraph 78, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

79.   Deny the allegations in paragraph 79, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the State of New York and contracts to provide goods in the State of New York.

-9-

80.    Deny the allegations in paragraph 80.

81.    Deny the allegations in paragraph 81.

82.    Admit the allegations in paragraph 82.

83.    Deny the allegations in paragraph 83.

84.    Deny the allegations in paragraph 84.

85.    Deny the allegations in paragraph 85, except admit that Parke-Davis marketed Neurontin on a date prior to December 25, 2004.

86.    Deny the allegations in paragraph 86, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the State of New York and contracted to provide goods in the State of New York.

87.    Deny the allegations in paragraph 87.

88.    Deny the allegations in paragraph 88.

89.    Deny the allegations in paragraph 89, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until June 2000 and that until June 2000, Parke-Davis directly or indirectly did and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

90.    Deny the allegations in paragraph 90.

91.    Deny the allegations in paragraph 91.

-10-

92.    Deny the allegations in paragraph 92, except admit that Warner-Lambert Company marketed and sold Neurontin until June 2000.

93.    Deny the allegations in paragraph 93, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the State of New York and contracted to provide goods in the State of New York.

94.    Deny the allegations in paragraph 94.

95.    Deny the allegations in paragraph 95.

96.    Deny the allegations in paragraph 96, except admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

97.    Deny the allegations in paragraph 97.

98.    Deny the allegations in paragraph 98.

99.    Deny the allegations in paragraph 99.

100.    Deny the allegations in paragraph 100.

101.    Deny the allegations in paragraph 101.

102.    Deny the allegations in paragraph 102.

103.    Deny the allegations in paragraph 103, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

2354778v1
2363787v1

104.    Deny the allegations in paragraph 104.

105.    The allegations in paragraph 105 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, and therefore deny same.

106.    The allegations in paragraph 106 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and therefore deny same.

107.    The allegations in paragraph 107 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, and therefore deny same.

108.    The allegations in paragraph 108 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 108.

109.    The allegations in paragraph 109 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 109.

110.    The allegations in paragraph 110 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary,

2354778v1
2363787v1

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and therefore deny same.

111.    The allegations in paragraph 111 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, and therefore deny same.

## AS TO BACKGROUND

112.    Paragraph 112 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 112.

113.    Paragraph 113 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 113.

114.    Paragraph 114 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 114.

115.    Paragraph 115 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 115.

116.    Paragraph 116 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 116.

117.    Paragraph 117 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 117.

2354778v1
2363787v1

118.    Deny the allegations in paragraph 118, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

119.    Deny the allegations in paragraph 119, except admit that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

120.    Deny the allegations in paragraph 120.

121.    Deny the allegations in paragraph 121.

122.    Deny the allegations in paragraph 122.

123.    Deny the allegations in paragraph 123.

124.    Deny the allegations in paragraph 124.

125.    Deny the allegations in paragraph 125.

126.    Deny the allegations in paragraph 126, except admit that Neurontin was approved as adjunctive therapy for the treatment of epilepsy.

127.    Deny the allegations in paragraph 127.

128.    Deny the allegations in paragraph 128.

129.    Deny the allegations in paragraph 129, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

130.    Deny the allegations in paragraph 130.

131.    The allegations in paragraph 131 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary,

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131, and therefore deny same.

132.    The allegations in paragraph 132 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132, and therefore deny same.

133.    The allegations in paragraph 133 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

134.    The allegations in paragraph 134 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

135.    The allegations in paragraph 135 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

136.    The allegations in paragraph 136 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 136, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 regarding the

contents of the press release posted on the website of Teva Pharmaceuticals Industries Ltd., and therefore deny same.

137.    The allegations in paragraph 137 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 137, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 regarding Teva's knowledge of Neurontin studies and off-label usage.

138.    Deny the allegations in paragraph 138.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139, and therefore deny same.

140.    Deny the allegations in paragraph 140, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Decedent's physician prescribed Neurontin to treat Decedent's pain, and therefore deny same.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141, and therefore deny same.

142.    The allegations in paragraph 142 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142, and therefore deny same.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143, and therefore deny same.

144.    Deny the allegations in paragraph 144.

2354778v1
2363787v1

145.    Deny the allegations in paragraph 145.

146.    Deny the allegations in paragraph 146.

147.    Deny the allegations in paragraph 147.

## AS TO FIRST CAUSE OF ACTION

148.    Repeat each and every response to the allegations in paragraphs 1 through 147.

149.    Deny the allegations in paragraph 149.

150.    Deny the allegations in paragraph 150.

151.    Deny the allegations in paragraph 151.

152.    Deny the allegations in paragraph 152.

153.    Deny the allegations in paragraph 153.

154.    Deny the allegations in paragraph 154.

155.    Deny the allegations in paragraph 155.

156.    Deny the allegations in paragraph 156, except admit that Plaintiff seeks the relief stated in paragraph 156, but deny that Plaintiff is entitled to such relief.

## AS TO SECOND CAUSE OF ACTION

157.    Repeat each and every response to the allegations in paragraphs 1 through 156.

158.    Deny the allegations in paragraph 158.

159.    Deny the allegations in paragraph 159.

160.    Deny the allegations in paragraph 160.

161.    Deny the allegations in paragraph 161.

162.    Deny the allegations in paragraph 162.

163.    Deny the allegations in paragraph 163.

2354778v1
2363787v1

164.    Deny the allegations in paragraph 164, except admit that Plaintiff seeks the relief stated in paragraph 164, but deny that Plaintiff is entitled to such relief.

## AS TO THIRD CAUSE OF ACTION

165.    Repeat each and every response to the allegations in paragraphs 1 through 164.

166.    Deny the allegations in paragraph 166.

167.    Deny the allegations in paragraph 167.

168.    Deny the allegations in paragraph 168.

169.    Deny the allegations in paragraph 169, except admit that Plaintiff seeks the relief stated in paragraph 169, but deny that Plaintiff is entitled to such relief.

## AS TO FOURTH CAUSE OF ACTION

170.    Repeat each and every response to the allegations in paragraphs 1 through 169.

171.    Deny the allegations in paragraph 171.

172.    Deny the allegations in paragraph 172.

173.    Deny the allegations in paragraph 173, except refer to the Information for its contents.

174.    Deny the allegations in paragraph 174, except refer to the Information for its contents.

175.    Deny the allegations in paragraph 175, except refer to the Information for its contents.

176.    Deny the allegations in paragraph 176, except refer to the Information for its contents.

2354778v1
2363787v1

177.    Deny the allegations in paragraph 177, except refer to the Information for its contents.

178.    Deny the allegations in paragraph 178, except refer to the Information for its contents.

179.    Deny the allegations in paragraph 179, except refer to the Information for its contents.

180.    Deny the allegations in paragraph 180, except refer to the Information for its contents.

181.    Deny the allegations in paragraph 181, except refer to the Information for its contents.

182.    Deny the allegations in paragraph 182, except refer to the Information for its contents.

183.    Deny the allegations in paragraph 183, except refer to the Information for its contents.

184.    Deny the allegations in paragraph 184, except refer to the Information for its contents.

185.    Deny the allegations in paragraph 185, except refer to the Information for its contents.

186.    Deny the allegations in paragraph 186, except refer to the Information for its contents.

187.    Deny the allegations in paragraph 187, except refer to the Information for its contents.

2354778v1
2363787v1

188.    Deny the allegations in paragraph 188 and all of its subparts, except refer to the Information for its contents.

189.    Deny the allegations in paragraph 189, except refer to the Information for its contents.

190.    Deny the allegations in paragraph 190, except refer to the Information for its contents.

191.    Deny the allegations in paragraph 191, except refer to the Information for its contents.

192.    Deny the allegations in paragraph 192, except refer to the Information for its contents.

193.    Deny the allegations in paragraph 193, except refer to the Information for its contents.

194.    Deny the allegations in paragraph 194, except refer to the Information for its contents.

195.    Deny the allegations in paragraph 195, except refer to the Information for its contents.

196.    Deny the allegations in paragraph 196, except refer to the Information for its contents.

197.    Deny the allegations in paragraph 197, except refer to the Information for its contents.

198.    Deny the allegations in paragraph 198, except refer to the Information for its contents.

2354778v1
2363787v1

199.  Deny the allegations in paragraph 199.

200.  Deny the allegations in paragraph 200.

201.  Deny the allegations in paragraph 201.

202.  Deny the allegations in paragraph 202.

203.  Deny the allegations in paragraph 203, and all of its subparts.

204.  Deny the allegations in paragraph 204.

205.  Deny the allegations in paragraph 205.

206.  Deny the allegations in paragraph 206.

207.  Deny the allegations in paragraph 207.

208.  Deny the allegations in paragraph 208.

209.  Deny the allegations in paragraph 209.

210.  Deny the allegations in paragraph 210, except refer to the supplemental NDA and the letter dated August 26, 1997 referenced in paragraph 210 for their contents.

211.  Deny the allegations in paragraph 211.

212.  Deny the allegations in paragraph 212.

213.  Deny the allegations in paragraph 213, except refer to the letter dated June 29, 2001 for its contents.

214.  Deny the allegations in paragraph 214, except refer to the letter dated July 1, 2002 for its contents.

215.  Deny the allegations in paragraph 215.

216.  Deny the allegations in paragraph 216.

217.  Deny the allegations in paragraph 217.

2354778v1
2363787v1

218.    Deny the allegations in paragraph 218.

219.    Deny the allegations in paragraph 219.

220.    Deny the allegations in paragraph 220.

221.    Deny the allegations in paragraph 221, except refer to the article referenced in paragraph 221 for its contents.

222.    Deny the allegations in paragraph 222.

223.    Deny the allegations in paragraph 223.

224.    Deny the allegations in paragraph 224.

225.    Deny the allegations in paragraph 225, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

226.    Deny the allegations in paragraph 226.

227.    Deny the allegations in paragraph 227.

228.    Deny the allegations in paragraph 228.

229.    Deny the allegations in paragraph 229.

230.    Deny the allegations in paragraph 230.

231.    Deny the allegations in paragraph 231, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

232.    Deny the allegations in paragraph 232.

233.    Deny the allegations in paragraph 233.

234.    Deny the allegations in paragraph 234.

235.  Deny the allegations in paragraph 235.

236.  Deny the allegations in paragraph 236.

237.  Deny the allegations in paragraph 237.

238.  Deny the allegations in paragraph 238.

239.  Deny the allegations in paragraph 239, except admit that Plaintiff seeks the relief stated in paragraph 239, but deny that Plaintiff is entitled to such relief.

## AS TO FIFTH CAUSE OF ACTION

240.  Repeat each and every response to the allegations in paragraphs 1 through 239.

241.  Deny the allegations in paragraph 241.

242.  Deny the allegations in paragraph 242.

243.  Deny the allegations in paragraph 243, except admit that Plaintiff seeks the relief stated in paragraph 243, but deny that Plaintiff is entitled to such relief.

## AS TO SIXTH CAUSE OF ACTION

244.  Repeat each and every response to the allegations in paragraphs 1 through 243.

245.  Deny the allegations in paragraph 245.

246.  Deny the allegations in paragraph 246.

247.  Deny the allegations in paragraph 247, except admit that Plaintiff seeks the relief stated in paragraph 247, but deny that Plaintiff is entitled to such relief.

## AS TO SEVENTH CAUSE OF ACTION

248.  Repeat each and every response to the allegations in paragraphs 1 through 247.

2354778v1
2363787v1

249.    The allegations in paragraph 249 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that paragraph 249 asserts a legal conclusion to which no response is required.

250.    The allegations in paragraph 250 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 250.

251.    The allegations in paragraph 251 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 251.

252.    The allegations in paragraph 252 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 252.

253.    The allegations in paragraph 253 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 253.

254.    The allegations in paragraph 254 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 254.

255.    Paragraph 255 is directed at a defendant other than the Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 255, except admit that Plaintiff seeks the relief stated in paragraph 255, but deny that Plaintiff is entitled to such relief.

2354778v1
2363787v1

## AS TO EIGHTH CAUSE OF ACTION

256.    Repeat each and every response to the allegations in paragraphs 1 through 255.

257.    The allegations in paragraph 257 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 257.

258.    The allegations in paragraph 258 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 258.

259.    The allegations in paragraph 259 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 259.

260.    The allegations in paragraph 260 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 260.

261.    The allegations in paragraph 261 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 261.

262.    The allegations in paragraph 262 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 262.

263.    Paragraph 263 is directed at a defendant other than the Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the

allegations in paragraph 263, except admit that Plaintiff seeks the relief stated in paragraph 263, but deny that Plaintiff is entitled to such relief.

## AS TO NINTH CAUSE OF ACTION

264.    Repeat each and every response to the allegations in paragraphs 1 through 263.

265.    The allegations in paragraph 265 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 265.

266.    The allegations in paragraph 266 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 266.

267.    The allegations in paragraph 267 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 267.

268.    Paragraph 268 is directed at a defendant other than the Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 268, except admit that Plaintiff seeks the relief stated in paragraph 268, but deny that Plaintiff is entitled to such relief.

## AS TO TENTH CAUSE OF ACTION

269.    Repeat each and every response to the allegations in paragraphs 1 through 268.

270.    The allegations in paragraph 270 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 270.

271.    The allegations in paragraph 271 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 271.

272.    The allegations in paragraph 272 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 272. Admit that Plaintiff seeks the relief set forth in the WHEREFORE paragraph following paragraph 272, and all of its subparts, but deny that Plaintiff is entitled to such relief.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

2354778v1
2363787v1

### THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Decedent's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

### FOURTH AFFIRMATIVE DEFENSE

Decedent's injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

### SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment K.

### EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use

conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

### NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Decedent's alleged injuries and damages, if any, were caused by Decedent's misuse of Neurontin.

### TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

### TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Decedent.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by Plaintiff's and Decedent's failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants' liability for non-economic damages is several rather than joint and should be prorated.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Decedent's alleged injuries and damages.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

2354778v1
2363787v1

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because Plaintiff failed to give Defendants timely notice of those claims.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case. Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1.    Enter judgment in their favor on all claims alleged in the Complaint;

2.    Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.    Grant Defendants such other and further relief as the Court may deem just and proper.


Dated:  March 7, 2007                     Respectfully submitted,


                                          DAVIS POLK & WARDWELL

                                          By:    /s/ James P. Rouhandeh
                                                 James P. Rouhandeh

-32-

2354778v1
2363787v1

450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000

-and-

HARE & CHAFFIN

By:      /s/ David B. Chaffin
          David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company LLC*

2354778v1
2363787v1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 7, 2007.


/s/David B. Chaffin

**Error! Unknown document property name.**