# EXHIBIT J

1

2

3

4

5

6

7

8

9

10

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

ENDORSED
FILED
San Francisco County Superior Court

FEB 2 0 2007

GORDON PARK-LI, Clerk
BY: _____VERA MU_____
Deputy Clerk

ELIZABETH ANN CONTE,

        Plaintiff,

  vs.

WYETH, INC., d/b/a WYETH, et al.,

        Defendant

) Case No.: 437382
)
) RULING ON DEFENDANT TEVA
) PHARMACEUTICAL USA, INC.and DEFENDANT
) PLIVA, INC., MOTIONS FOR SUMMARY
) JUDGMENT
)
)
)
)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

      This Court has previously ruled on defendant Purepac and defendant Wyeth's Motion for

Summary Judgment. The Court now addresses the application by defendants Teva and Pliva for

Summary Judgment. The Court concludes for reasons similar to those discussed in the Purepac

matter, that summary judgment is proper in the cases against Teva and Pliva. The Court has

concluded that federal regulations and standards trigger a preemption of this case involving

alleged mislabeling of generic pharmaceuticals, and the effort to apply the law of California to

the labeling of defendants' generic product.

      The lead California case on this issue is *Dowhal v. SmithKline Beecham Consumer*

*Healthcare* (2004) 32 Cal.4[th] 910, where the Supreme Court recognized the limitations of State

law in areas where the Food and Drug Act involved the extension by Congress of oversight to

the Food and Drug Administration in matters involving the issues of this case. This Court

presented a more thorough analysis of its views in the original Purepac decision. However, it is

important to restate the clear intentions of the Food and Drug Administration in this area.

"Another misunderstanding of the act encouraged by the State law actions is that FDA labeling

1 requirements represent a minimum safety standard.  According to many courts, State law serves

2 as an appropriate source of supplementary safety regulation for drugs by encouraging or

3 requiring manufacturers to disseminate risk information beyond that required by the FDA under

4 the act. . . [I]n fact, FDA interprets the act to establish both a 'floor' and a 'ceiling,' such that

5 additional disclosures of risk information can expose a manufacturer to liability under the act if

6 the additional statement is unsubstantiated or otherwise false or misleading.  Given the

7 comprehensiveness of FDA regulation of drug safety, effectiveness, and labeling under the act,

8 additional requirements for the disclosure of risk information are not necessarily more protective

9 of patients." 71 C.F.R. 3934-3935.

10

11          Other courts determining State law claims for fraud or misrepresentation are precluded

12 under the doctrine of preemption have used this "floor-ceiling" position claimed by the FDA.

13 See *Colacicco v. Apotex Inc.* (E.D. Pa. 2006) 432 F.Supp.2d 514, and *In re Bextra and Celebrex*

14 *Marketing Sales Practices and Products Liability Litigation* (N.D. Ca. 2006) 2006 WL 2374742.

15 The reasoning of the cases is persuasive to this Court on the issue of the FDA's intentions with

16 the above-cited regulations and adopted.

17          The Court grants defendant Pliva and defendant Teva Pharmaceutical's Motion for

18 Summary Judgment on the issue of federal preemption.

19 DATE: February 20, 2007

20

                                        _____
21                                      ROBERT L. DONDERO
                                        Superior Court Judge
22

23

24

25

## Superior Court of California
County of San Francisco

ELIZABETH ANN CONTE,

Plaintiff(s)

vs.

WYETH, INC., et al.,

Defendant(s)

Case Number: 437382

**CERTIFICATE OF SERVICE BY MAIL**
(CCP 1013a (4) )

I, VERA MU, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On February 20, 2007 I served the attached RULING ON DEFENDANT TEVA PHARMACEUTICAL USA, INC. AND DEFENDANT PLIVA, INC., MOTIONS FOR SUMMARY JUDGMENT by placing a copy thereof in a sealed envelope, addressed as follows:

RALPH D. PITTLE, Esq.
Medical Legal Consultants of Washington
14205 S.E. 36th St., Suite 100
Bellevue, WA 98006-1553

FLETCHER C. ALFORD, Esq.
JAMES R. REILLY, Esq.
Gordon & Rees LLP
275 Battery St., Suite 2000
San Francisco, CA. 94111

MERTON A. HOWARD, Esq.
Hanson Bridgett Marcus Vlahos & Rudy LLP
333 Market St., 21st Fl.
San Francisco, CA. 94105-2173

RALPH SMITH, Esq.
Donnelly & Nelson LLP
2401 Shadelands Dr., Suite 120
Walnut Creek, CA. 94598

JONATHAN I. PRICE, Esq.
Goodwin Procter LLP
101 California St.
San Francisco, CA. 94111

and, I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco, CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practices.

Dated: February 20, 2007

GORDON PARK-LI, Clerk

By: _____
VERA MU, Deputy Clerk

CERTIFICATE OF SERVICE BY MAIL