UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                           )
IN RE NEURONTIN MARKETING, SALES           )
PRACTICES, AND PRODUCTS LIABILITY          )
LITIGATION                                 )    MDL Docket No. 1629
_____)    Master File No. 04-10981
                                           )
THIS ORDER RELATES TO:                     )    Judge Patti B. Saris
                                           )    Mag. Judge Leo T. Sorokin
ALL ACTIONS                                )
_____)

Discovery Order No. 10

March 15, 2007

SOROKIN, M.J.

The Court hereby makes the following rulings and orders on the matters before the Court at the March 13, 2007 Motion Hearing.

1.  Defendants' Motion for Leave to Serve Supplemental Interrogatories to the Third-Party Payor Plaintiffs (Docket #657)

Defendants' timely unopposed motion to serve 9 interrogatories is ALLOWED. Plaintiffs shall respond to the interrogatories by April 14, 2007.

2.  Third Party Motion to Intervene and for Protective Order (Docket #637)

IMS Health Incorporated seeks permission to intervene in this action to seek modification of the protective order regarding confidential information it has licensed to defendants which is the subject of discovery. This Motion is ALLOWED IN PART AND DENIED IN PART.

IMS's unopposed request to intervene for purposes of seeking modification of the Protective Order is ALLOWED. IMS Health's request for an order to enter now limiting the

1

substantive evidentiary uses of its data during motion practice or trial is DENIED. While the Court appreciates the business harm IMS Health anticipates the use of its data may cause, the terms of the Protective Order afford its information, which is of relevance to this MDL, substantial protections. Its related request that counsel only receive the prescriber level data for the prescribers at issue in a particular counsel's case is impractical. Given the scope of the proposed class complaint and the marketing allegations within the personal plaintiffs' complaints, prescriber level data is relevant to all counsel. In addition, given the apparent coordination among counsel, the line proposed is not likely not easily drawn or applied.

IMS' request to modify the protective order is ALLOWED only as set forth below.

1. The Protective Order is modified by adding a paragraph 19 stating:

Any party producing IMS confidential information shall designate and mark the documents as "IMS HEALTH Confidential Documents" in lieu of designating it Confidential or Highly Confidential under the existing terms of the Protective Order. The portions of any deposition transcript which contain a discussion of documents designated "IMS Health Confidential Documents" or a discussion of IMS Health Confidential information shall be designated as containing "IMS Health Confidential Information." The lawyer and party asking the question(s) containing IMS Health Confidential Information or eliciting testimony concerning the same or offering IMS Health Confidential Documents shall designate the relevant portions of the transcript as containing IMS Health Confidential Information within the time provided under this order for making confidential designations after a deposition. All of the provisions of this Order governing Confidential Information apply to IMS Confidential information except as noted herein. When applying the objection provisions of paragraph 8 of the Protective Order to IMS information, the following is also required: the objecting party must confer with IMS Health and serve any objection on IMS Health.

2. Paragraph 5 of the Protective Order is modified by inserting the words "or any competitor of IMS Health listed on Attachment A" after the phrase "an employee of any competitor of any party." IMS Health shall prepare an Attachment A listing its competitors.

3. All counsel or persons obtaining IMS Confidential Information shall sign an Amended

2

Protective Order containing these additional provisions.

    4.  Counsel for IMS Health shall prepare an Amended Protective Order reflecting these changes and circulate it to plaintiffs and defense counsel before filing with the Court for entry.

    Class Plaintiffs' oral request at the hearing that the Court order IMS Health to produce its data is DENIED as there is neither a subpoena outstanding nor a discovery motion filed as to IMS Health.

                                  SO ORDERED.

                                  /s/ Leo T. Sorokin
                                _____
                                United States Magistrate Judge