UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING, SALES
   PRACTICES, AND PRODUCTS
   LIABILITY LITIGATION

: MDL DOCKET NO:  1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T. Sorokin
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

*Fonseca, et al. v. Pfizer Inc., et al.,*
1:06-cv-10311-PBS

:
:
:
:
:
:
:
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER OF DEFENDANT ANDREW WALLACE

COMES NOW Defendant Andrew Wallace and files the following answer to Plaintiffs'
Complaint.

## AS TO STATEMENT OF THE CASE

1.  Denies the allegations in paragraph 1, except admits that the United States Food
and Drug Administration ("FDA") has approved Neurontin® ("Neurontin"), the brand name for
gabapentin, for labeling as safe and effective only as adjunctive therapy in the treatment of
partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

## AS TO PARTIES

2.  Denies knowledge or information sufficient to form a belief as to the truth of the
allegations in paragraph 2, and therefore denies same.

3.  The allegations in paragraph 3 are directed at defendant other than Defendant, and
and therefore no response is required.

1

4.      The allegations in paragraph 4 are directed at a defendant other than Defendant, and therefore no response is required.

5.      The allegations in paragraph 5 are directed at a defendant other than Defendant, and therefore no response is required.

6.      The allegations in paragraph 6 are directed at a defendant other than Defendant, and therefore no response is required.

7.      The allegations in paragraph 7 are directed at a defendant other than Defendant, and therefore no response is required.

8.      The allegations in paragraph 8 are directed at a defendant other than Defendant, and therefore no response is required.

9.      The allegations in paragraph 9 are directed at a defendant other than Defendant, and therefore no response is required.

10.      The allegations in paragraph 10 are directed at a defendant other than Defendant, and therefore no response is required.

11.      The allegations in paragraph 11 are directed at a defendant other than Defendant, and therefore no response is required.

12.      The allegations in paragraph 12 are directed at a defendant other than Defendant, and therefore no response is required.

13.      The allegations in paragraph 13 are directed at a defendant other than Defendant, and therefore no response is required.

14.      The allegations in paragraph 14 are directed at a defendant other than Defendant, and therefore no response is required.

2355693v5

15.     The allegations in paragraph 15 are directed at a defendant other than Defendant, and therefore no response is required.

16.     The allegations in paragraph 16 are directed at a defendant other than Defendant, and therefore no response is required.

17.     The allegations in paragraph 17 are directed at defendants other than Defendant, and therefore no response is required.

18.     The allegations in paragraph 18 are directed at defendants other than Defendant, and therefore no response is required.

19.     The allegations in paragraph 19 are directed at defendants other than Defendant, and therefore no response is required.

20.     The allegations in paragraph 20 are directed at defendants other than Defendant, and therefore no response is required.

21.     The allegations in paragraph 21 are directed at defendants other than Defendant, and therefore no response is required.

22.     The allegations in paragraph 22 are directed at defendants other than Defendant, and therefore no response is required.

23.     The allegations in paragraph 23 are directed at defendants other than Defendant, and therefore no response is required.

24.     The allegations in paragraph 24 are directed at defendants other than Defendant, and therefore no response is required.

25.     The allegations in paragraph 25 are directed at defendants other than Defendant, and therefore no response is required.

26.    The allegations in paragraph 26 are directed at defendants other than Defendant, and therefore no response is required.

27.    The allegations in paragraph 27 are directed at defendants other than Defendant, and therefore no response is required.

28.    The allegations in paragraph 28 are directed at defendants other than Defendant, and therefore no response is required.

29.    The allegations in paragraph 29 are directed at defendants other than Defendant, and therefore no response is required.

30.    The allegations in paragraph 30 are directed at defendants other than Defendant, and therefore no response is required.

31.    The allegations in paragraph 31 are directed at defendants other than Defendant, and therefore no response is required.

32.    The allegations in paragraph 32 are directed at defendants other than Defendant, and therefore no response is required.

33.    The allegations in paragraph 33 are directed at defendants other than Defendant, and therefore no response is required.

34.    The allegations in paragraph 34 are directed at defendants other than Defendant, and therefore no response is required.

35.    The allegations in paragraph 35 are directed at defendants other than Defendant, and therefore no response is required.

36.    The allegations in paragraph 36 are directed at defendants other than Defendant, and therefore no response is required.

37.     The allegations in paragraph 37 are directed at defendants other than Defendant, and therefore no response is required.

38.     The allegations in paragraph 38 are directed at defendants other than Defendant, and therefore no response is required.

39.     The allegations in paragraph 39 are directed at defendants other than Defendant, and therefore no response is required.

40.     The allegations in paragraph 40 are directed at defendants other than Defendant, and therefore no response is required.

41.     The allegations in paragraph 41 are directed at defendants other than Defendant, and therefore no response is required.

42.     The allegations in paragraph 42 are directed at defendants other than Defendant, and therefore no response is required.

43.     The allegations in paragraph 43 are directed at defendants other than Defendant, and therefore no response is required.

44.     The allegations in paragraph 44 are directed at defendants other than Defendant, and therefore no response is required.

45.     The allegations in paragraph 45 are directed at defendants other than Defendant, and therefore no response is required.

46.     The allegations in paragraph 46 are directed at defendants other than Defendant, and therefore no response is required.

47.     The allegations in paragraph 47 are directed at defendants other than Defendant, and therefore no response is required.

48.     The allegations in paragraph 48 are directed at defendants other than Defendant, and therefore no response is required.

49.     The allegations in paragraph 49 are directed at defendants other than Defendant, and therefore no response is required.

50.     The allegations in paragraph 50 are directed at defendants other than Defendant, and therefore no response is required.

51.     The allegations in paragraph 51 are directed at defendants other than Defendant, and therefore no response is required.

52.     The allegations in paragraph 52 are directed at defendants other than Defendant, and therefore no response is required.

53.     The allegations in paragraph 53 are directed at defendants other than Defendant, and therefore no response is required.

54.     The allegations in paragraph 54 are directed at defendants other than Defendant, and therefore no response is required.

55.     The allegations in paragraph 55 are directed at defendants other than Defendant, and therefore no response is required.

56.     The allegations in paragraph 56 are directed at defendants other than Defendant, and therefore no response is required.

57.     The allegations in paragraph 57 are directed at defendants other than Defendant, and therefore no response is required.

58.     The allegations in paragraph 58 are directed at defendants other than Defendant, and therefore no response is required.

59.     The allegations in paragraph 59 are directed at defendants other than Defendant, and therefore no response is required.

60.     The allegations in paragraph 60 are directed at defendants other than Defendant, and therefore no response is required.

61.     The allegations in paragraph 61 are directed at defendants other than Defendant, and therefore no response is required.

62.     The allegations in paragraph 62 are directed at defendants other than Defendant, and therefore no response is required.

63.     The allegations in paragraph 63 are directed at defendants other than Defendant, and therefore no response is required.

64.     The allegations in paragraph 64 are directed at defendants other than Defendant, and therefore no response is required.

65.     The allegations in paragraph 65 are directed at defendants other than Defendant, and therefore no response is required.

[67.][1]     The allegations in paragraph 67 are directed at defendants other than Defendant, and therefore no response is required.

68.     The allegations in paragraph 68 are directed at defendants other than Defendant, and therefore no response is required.

69.     The allegations in paragraph 69 are directed at defendants other than Defendant, and therefore no response is required.

70.     The allegations in paragraph 70 are directed at a defendant other than Defendant, and therefore no response is required.

---

[1]     Plaintiffs' Complaint omits a Paragraph 66; instead, it directly proceeds from Paragraph 65 to Paragraph 67.  For clarity, Defendant retains Plaintiffs' numbering system.

2355693v5

71.     The allegations in paragraph 71 are directed at a defendant other than Defendant, and therefore no response is required.

72.     The allegations in paragraph 72 are directed at a defendant other than Defendant, and therefore no response is required.

73.     The allegations in paragraph 73 are directed at a defendant other than Defendant, and therefore no response is required.

74.     The allegations in paragraph 74 are directed at a defendant other than Defendant, and therefore no response is required.

75.     The allegations in paragraph 75 are directed at a defendant other than Defendant, and therefore no response is required.

76.     The allegations in paragraph 76 are directed at a defendant other than Defendant, and therefore no response is required.

77.     The allegations in paragraph 77 are directed at a defendant other than Defendant, and therefore no response is required.

78.     The allegations in paragraph 78 are directed at a defendant other than Defendant, and therefore no response is required.

79.     The allegations in paragraph 79 are directed at a defendant other than Defendant, and therefore no response is required.

80.     The allegations in paragraph 80 are directed at a defendant other than Defendant, and therefore no response is required.

81.     The allegations in paragraph 81 are directed at a defendant other than Defendant, and therefore no response is required.

2355693v5

82.     The allegations in paragraph 82 are directed at a defendant other than Defendant, and therefore no response is required.

83.     The allegations in paragraph 83 are directed at a defendant other than Defendant, and therefore no response is required.

84.     The allegations in paragraph 84 are directed at a defendant other than Defendant, and therefore no response is required.

85.     The allegations in paragraph 85 are directed at a defendant other than Defendant, and therefore no response is required.

86.     The allegations in paragraph 85 are directed at a defendant other than Defendant, and therefore no response is required.

87.     The allegations in paragraph 87 are directed at a defendant other than Defendant, and therefore no response is required.

88.     The allegations in paragraph 88 are directed at a defendant other than Defendant, and therefore no response is required.

89.     The allegations in paragraph 89 are directed at a defendant other than Defendant, and therefore no response is required.

90.     The allegations in paragraph 90 are directed at a defendant other than Defendant, and therefore no response is required.

91.     The allegations in paragraph 91 are directed at a defendant other than Defendant, and therefore no response is required.

92.     The allegations in paragraph 92 are directed at a defendant other than Defendant, and therefore no response is required.

2355693v5

93.     The allegations in paragraph 93 are directed at a defendant other than Defendant, and therefore no response is required.

94.     The allegations in paragraph 94 are directed at a defendant other than Defendant, and therefore no response is required.

95.     The allegations in paragraph 95 are directed at a defendant other than Defendant, and therefore no response is required.

96.     The allegations in paragraph 96 are directed at a defendant other than Defendant, and therefore no response is required.

97.     The allegations in paragraph 97 are directed at a defendant other than Defendant, and therefore no response is required.

98.     Denies the allegations in paragraph 98.

99.     The allegations in paragraph 99 are directed at a defendant other than Defendant, and therefore no response is required.

100.    Denies the allegations in paragraph 100, except admits that Defendant has been employed as a field sales representative by Pfizer since 1997.

101.    Paragraph 101 asserts legal conclusions to which no response is required, and therefore Defendant denies the allegations in paragraph 101.

102.    Denies the allegations in paragraph 102.

103.    Denies the allegations in paragraph 103.

104.    Denies the allegations in paragraph 104.

105.    Denies the allegations in paragraph 105.

106.    Denies the allegations in paragraph 106.

107.    The allegations in paragraph 107 are directed at a defendant other than Defendant, and therefore no response is required.

108.    The allegations in paragraph 108 are directed at a defendant other than Defendant, and therefore no response is required.

109.    The allegations in paragraph 109 are directed at a defendant other than Defendant, and therefore no response is required.

110.    The allegations in paragraph 110 are not directed to Defendant and therefore no response by Defendant is required.

111.    The allegations in paragraph 111 are not directed to Defendant and therefore no response by Defendant is required.

112.    The allegations in paragraph 112 are not directed to Defendant and therefore no response by Defendant is required.

113.    The allegations in paragraph 113 are not directed to Defendant and therefore no response by Defendant is required.

114.    The allegations in paragraph 114 are not directed to Defendant and therefore no response by Defendant is required.

## AS TO FACTS

115.    Paragraph 115 does not allege facts to which a response is required, and Defendant therefore denies the allegations in paragraph 115.

116.    Paragraph 116 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendant admits the allegations in paragraph 116.

11

117.    Paragraph 117 does not allege facts to which a response is required, and Defendant therefore denies the allegations in paragraph 117.

118.    Paragraph 118 does not allege facts to which a response is required, and Defendant therefore denies the allegations in paragraph 118.

119.    Paragraph 119 does not allege facts to which a response is required, and Defendant therefore denies the allegations in paragraph 119.

120.    Paragraph 120 does not allege facts to which a response is required, and Defendant therefore denies the allegations in paragraph 120.

121.    The allegations in paragraph 121 are directed at defendants other than Defendant, no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 121, except admits that the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

122.    To the extent the allegations in paragraph 122 are directed at defendants other than Defendant, no response is required.  To the extent the allegations in paragraph 122 are directed at Defendant, Defendant denies the allegations in paragraph 122, except admits that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

123.    To the extent the allegations in paragraph 123 are directed at defendants other than Defendant, no response is required.  To the extent the allegations in paragraph 123 are directed at Defendant, Defendant denies the allegations in paragraph 123.

12

124.    To the extent the allegations in paragraph 124 are directed at defendants other than Defendant, no response is required.  To the extent the allegations in paragraph 124 are directed at Defendant, Defendant denies the allegations in paragraph 124.

125.    To the extent the allegations in paragraph 125 are directed at defendants other than Defendant, no response is required.  To the extent the allegations in paragraph 125 are directed at Defendant, Defendant denies the allegations in paragraph 125.

126.    To the extent the allegations in paragraph 126 are directed at defendants other than Defendant, no response is required.  To the extent the allegations in paragraph 126 are directed at Defendant, Defendant denies the allegations in paragraph 126.

127.    To the extent the allegations in paragraph 127 are directed at defendants other than Defendant, no response is required.  To the extent the allegations in paragraph 127 are directed at Defendant, Defendant denies the allegations in paragraph 127.

128.    To the extent the allegations in paragraph 128 are directed at defendants other than Defendant, no response is required.  To the extent the allegations in paragraph 128 are directed at Defendant, Defendant denies the allegations in paragraph 128.

129.    To the extent the allegations in paragraph 129 are directed at defendants other than Defendant, no response is required.  To the extent the allegations in paragraph 129 are directed at Defendant, Defendant denies the allegations in paragraph 129, except admits that Neurontin has been approved for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

13

130.    To the extent the allegations in paragraph 130 are directed at defendants other than Defendant, no response is required.  To the extent the allegations in paragraph 130 are directed at Defendant, Defendant denies the allegations in paragraph 130.

131.    To the extent the allegations in paragraph 131 are directed at defendants other than Defendant, no response is required.  To the extent the allegations in paragraph 131 are directed at Defendant, Defendant denies the allegations in paragraph 131.

132.    The allegations in paragraph 132 are directed at a defendant other than Defendant, and therefore no response is required.

133.    The allegations in paragraph 133 are directed at a defendant other than Defendant, and therefore no response is required.

134.    Denies the allegations in paragraph 134.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135, and therefore denies same.

136.    To the extent the allegations in paragraph 136 are directed at defendants other than Defendant, no response is required.  To the extent the allegations in paragraph 136 are directed at Defendant, Defendant denies the allegations in paragraph 136, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that Decedent's physician prescribed Neurontin to treat Decedent's pain and depression, and therefore denies same.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, and therefore denies same.

138.    Denies the allegations in paragraph 138.

139.    Denies the allegations in paragraph 139.

14

140.     Denies the allegations in paragraph 140.

141.     Denies the allegations in paragraph 142.

### AS TO COUNT ONE

142.     Repeat each and every response to the allegations in paragraphs 1 through 141.

143.     Denies the allegations in paragraph 143.

144.     Denies the allegations in paragraph 144.

145.     Denies the allegations in paragraph 145.

146.     Denies the allegations in paragraph 146.

147.     Denies the allegations in paragraph 147.

148.     Denies the allegations in paragraph 148.

149.     Denies the allegations in paragraph 149.

150.     Denies the allegations in paragraph 150, except admits that Plaintiffs seek the relief stated in paragraph 150, but denies that Plaintiffs are entitled to such relief.

### AS TO COUNT TWO

151.     Repeat each and every response to the allegations in paragraphs 1 through 150.

152.     Denies the allegations in paragraph 152.

153.     Denies the allegations in paragraph 153.

154.     Denies the allegations in paragraph 154.

155.     Denies the allegations in paragraph 155.

156.     Denies the allegations in paragraph 156.

157.     Denies the allegations in paragraph 157.

158.     Denies the allegations in paragraph 158, except admits that Plaintiff seeks the relief stated in paragraph 158, but denies that Plaintiff is entitled to such relief.

## AS TO COUNT THREE

159.    Repeat each and every response to the allegations in paragraphs 1 through 158.

160.    Denies the allegations in paragraph 160.

161.    Denies the allegations in paragraph 161.

162.    Denies the allegations in paragraph 162.

163.    Denies the allegations in paragraph 163, except admits that Plaintiff seeks the relief stated in paragraph 163, but denies that Plaintiff is entitled to such relief.

## AS TO COUNT FOUR

164.    Repeat each and every response to the allegations in paragraphs 1 through 163.

165.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 165 do not require a response.  To the extent any remaining allegations in paragraph 165 are directed at Defendant, Defendant denies such allegations.

166.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 166 do not require a response.  To the extent any remaining allegations in paragraph 166 are directed at Defendant, Defendant denies such allegations.

167.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 167 do not require a response.  To the extent any remaining allegations in paragraph 167 are directed at Defendant, Defendant denies such allegations.

168.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 168 do not require a

response.  To the extent any remaining allegations in paragraph 168 are directed at Defendant, Defendant denies such allegations.

169.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 169 do not require a response.  To the extent any remaining allegations in paragraph 169 are directed at Defendant, Defendant denies such allegations.

170.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 170 do not require a response.  To the extent any remaining allegations in paragraph 170 are directed at Defendant, Defendant denies such allegations.

171.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 171 do not require a response.  To the extent any remaining allegations in paragraph 171 are directed at Defendant, Defendant denies such allegations.

172.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 172 do not require a response.  To the extent any remaining allegations in paragraph 172 are directed at Defendant, Defendant denies such allegations.

173.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 173 do not require a response.  To the extent any remaining allegations in paragraph 173 are directed at Defendant, Defendant denies such allegations.

174.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 174 do not require a response.  To the extent any remaining allegations in paragraph 174 are directed at Defendant, Defendant denies such allegations.

175.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 175 do not require a response.  To the extent any remaining allegations in paragraph 175 are directed at Defendant, Defendant denies such allegations.

176.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 176 do not require a response.  To the extent any remaining allegations in paragraph 176 are directed at Defendant, Defendant denies such allegations.

177.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 177 do not require a response.  To the extent any remaining allegations in paragraph 177 are directed at Defendant, Defendant denies such allegations.

178.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 178 do not require a response.  To the extent any remaining allegations in paragraph 178 are directed at Defendant, Defendant denies such allegations.

179.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 179 do not require a

2355693v5

response. To the extent any remaining allegations in paragraph 179 are directed at Defendant, Defendant denies such allegations.

180.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 180 do not require a response. To the extent any remaining allegations in paragraph 180 are directed at Defendant, Defendant denies such allegations.

181.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 181 do not require a response. To the extent any remaining allegations in paragraph 181 are directed at Defendant, Defendant denies such allegations.

182.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 182, and all of its subparts, do not require a response. To the extent any remaining allegations in paragraph 182, and all of its subparts, are directed at Defendant, Defendant denies such allegations.

183.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 183 do not require a response. To the extent any remaining allegations in paragraph 183 are directed at Defendant, Defendant denies such allegations.

184.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 184 do not require a response. To the extent any remaining allegations in paragraph 184 are directed at Defendant, Defendant denies such allegations.

185.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 185 do not require a response.  To the extent any remaining allegations in paragraph 185 are directed at Defendant, Defendant denies such allegations.

[185.][2]    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 185 do not require a response.  To the extent any remaining allegations in paragraph 185 are directed at Defendant, Defendant denies such allegations.

186.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 186 do not require a response.  To the extent any remaining allegations in paragraph 186 are directed at Defendant, Defendant denies such allegations.

187.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 187 do not require a response.  To the extent any remaining allegations in paragraph 187 are directed at Defendant, Defendant denies such allegations.

188.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 188 do not require a response.  To the extent any remaining allegations in paragraph 188 are directed at Defendant, Defendant denies such allegations.

189.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 189 do not require a

---

[2]    Plaintiffs' Complaint contains two consecutive Paragraphs 185.  For clarity, Defendant retains Plaintiffs' numbering system.

response.  To the extent any remaining allegations in paragraph 189 are directed at Defendant, Defendant denies such allegations.

190.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 190 do not require a response.  To the extent any remaining allegations in paragraph 190 are directed at Defendant, Defendant denies such allegations.

191.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 191 do not require a response.  To the extent any remaining allegations in paragraph 191 are directed at Defendant, Defendant denies such allegations.

192.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 192 do not require a response.  To the extent any remaining allegations in paragraph 192 are directed at Defendant, Defendant denies such allegations.

[177.][3]    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 177 do not require a response.  To the extent any remaining allegations in paragraph 177 are directed at Defendant, Defendant denies such allegations.

[178.][4]    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 178 do not require a

---

[3]    The paragraph after Paragraph 192 is designated Paragraph 177 in Plaintiffs' Complaint.  For clarity, Defendant retains Plaintiffs' numbering system.
[4]    This paragraph is designated Paragraph 178 in Plaintiffs' Complaint.  For clarity, Defendant retains Plaintiffs' numbering system.

response.  To the extent any remaining allegations in paragraph 178 are directed at Defendant, Defendant denies such allegations.

193.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 193 do not require a response.  To the extent any remaining allegations in paragraph 193 are directed at Defendant, Defendant denies such allegations.

194.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 194, and all of its subparts, do not require a response.  To the extent any remaining allegations in paragraph 194, and all of its subparts, are directed at Defendant, Defendant denies such allegations.

195.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 195 do not require a response.  To the extent any remaining allegations in paragraph 195 are directed at Defendant, Defendant denies such allegations.

196.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 196 do not require a response.  To the extent any remaining allegations in paragraph 196 are directed at Defendant, Defendant denies such allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 that relate to communications between the FDA and Pfizer, and therefore denies same.

197.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 197 do not require a response.  To the extent any remaining allegations in paragraph 197 are directed at Defendant,

2355693v5

Defendant denies such allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 that relate to communications between the FDA and Pfizer, and therefore denies same.

198.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 198 do not require a response.  To the extent any remaining allegations in paragraph 198 are directed at Defendant, Defendant denies such allegations.

199.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 199 do not require a response.  To the extent any remaining allegations in paragraph 199 are directed at Defendant, Defendant denies such allegations.

200.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 200 do not require a response.  To the extent any remaining allegations in paragraph 200 are directed at Defendant, Defendant denies such allegations, except refer to the article referenced in paragraph 200 for its contents.

201.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 201 do not require a response.  To the extent any remaining allegations in paragraph 201 are directed at Defendant, Defendant denies such allegations.

202.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 202 do not require a

response. To the extent any remaining allegations in paragraph 202 are directed at Defendant, Defendant denies such allegations.

203. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 203 do not require a response. To the extent any remaining allegations in paragraph 203 are directed at Defendant, Defendant denies such allegations.

204. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 204 do not require a response. To the extent any remaining allegations in paragraph 204 are directed at Defendant, Defendant denies such allegations, except denies knowledge or information sufficient to form a belief as to whether sales of Neurontin have increased since 1999 and as to the percentage of Neurontin prescribed for off-label uses.

205. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 205 do not require a response. To the extent any remaining allegations in paragraph 205 are directed at Defendant, Defendant denies such allegations.

206. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 206 do not require a response. To the extent any remaining allegations in paragraph 206 are directed at Defendant, Defendant denies such allegations.

207. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 207 do not require a

response.  To the extent any remaining allegations in paragraph 207 are directed at Defendant, Defendant denies such allegations.

208.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 208 do not require a response.  To the extent any remaining allegations in paragraph 208 are directed at Defendant, Defendant denies such allegations.

209.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 209 do not require a response.  To the extent any remaining allegations in paragraph 209 are directed at Defendant, Defendant denies such allegations.

210.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 210 do not require a response.  To the extent any remaining allegations in paragraph 210 are directed at Defendant, Defendant denies such allegations, except denies knowledge or information sufficient to form a belief as to whether sales of Neurontin have increased since 1998 and as to the percentage of Neurontin prescribed for off-label uses.

211.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 211 do not require a response.  To the extent any remaining allegations in paragraph 211 are directed at Defendant, Defendant denies such allegations.

212.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 212 do not require a

response.  To the extent any remaining allegations in paragraph 212 are directed at Defendant, Defendant denies such allegations.

213.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 213 do not require a response.  To the extent any remaining allegations in paragraph 213 are directed at Defendant, Defendant denies such allegations.

214.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 214 do not require a response.  To the extent any remaining allegations in paragraph 214 are directed at Defendant, Defendant denies such allegations.

215.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 215 do not require a response.  To the extent any remaining allegations in paragraph 215 are directed at Defendant, Defendant denies such allegations.

216.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 216 do not require a response.  To the extent any remaining allegations in paragraph 216 are directed at Defendant, Defendant denies such allegations.

217.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 217 do not require a response.  To the extent any remaining allegations in paragraph 217 are directed at Defendant, Defendant denies such allegations.

2355693v5

218.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 218 do not require a response.  To the extent any remaining allegations in paragraph 218 are directed at Defendant, Defendant denies such allegations.

**AS TO COUNT FIVE**

219.    Repeat each and every response to the allegations in paragraphs 1 through 218.

220.    Denies the allegations in paragraph 220.

221.    Denies the allegations in paragraph 221.

222.    Denies the allegations in paragraph 222.  Admits that Plaintiffs seek the relief set forth in the WHEREFORE paragraph following paragraph 222, and all of its subparts, but denies that Plaintiffs are entitled to such relief.

**AFFIRMATIVE DEFENSES**

**A.    General Denial**

Defendant denies all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been specifically admitted, denied, or explained.

**B.    Affirmative Defenses**

Without assuming the burden of proof of such defenses that he would not otherwise have, Defendant affirmatively asserts the following defenses:

1.    Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

2.    Plaintiffs' causes of action are barred in whole or in part by the applicable statute of limitations and/or statute of repose.

27

3.   Plaintiffs' causes of action are barred by Chapter 82 of the Texas Civil Practice & Remedies Code, including but not limited to §§ 82.001, 82.003, and 82.007.

4.   Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

5.   Plaintiffs' causes of action are barred in whole or in part by the doctrines of laches, waiver, ratification, estoppel and unclean hands and any other related doctrines and principles, or any one of them, and by Plaintiffs' inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

6.   Defendant affirmatively denies he violated any duty owed to Plaintiffs.  Without waiving said defense, Plaintiffs cannot recover on their claims against Defendant because Defendant was acting within the scope of his employment, and thus owed no duty independent of that owed by his employer.

7.   Plaintiffs' recovery, if any, is barred entirely, or should be reduced, by comparative negligence.

8.   The damages alleged by Plaintiffs were caused, solely or partially, or proximately caused by some person or third party for whom Defendant is not legally responsible.

9.   This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

10.     If Plaintiffs settle with any other person or entity, then Defendant reserves the right to make a written election of credit for settlements under § 33.012 of the Texas Civil Practice and Remedies Code.

11.     Plaintiffs' alleged damages resulted from new and independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of Defendant.

12.     Plaintiffs' alleged damages were not proximately caused by any act or omission of Defendant.

13.     The producing causes of the damages Plaintiffs allegedly suffered were acts or omissions of some person, cause, or entity other than Defendant.

14.     Plaintiffs' alleged damages were the result of pre-existing and/or unrelated conditions that were independent of, or far removed from, any conduct of Defendant.

15.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue.  Without waiving said defense, Plaintiffs' damages, if any, were caused by changes and/or alterations to the product at issue made by persons not within Defendant's control.

16.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue.  Without waiving said defense, the methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of the Neurontin, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed

29

to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

17.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue.  Without waiving said defense, Plaintiffs' claims are barred because Neurontin was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

18.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue.  Without waiving said defense, Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendant.

19.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue.   Without waiving said defense, any claims by Plaintiffs for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

20.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue.   Without waiving said defense, based on the state of scientific, medical, and technological knowledge at the time that Neurontin was marketed, Neurontin was reasonably safe for its normal and foreseeable use at all relevant times.

21.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any

30

product at issue. Without waiving said defense, Plaintiffs' claims are governed, in whole or in part, by Sections 2 and 4 of the Restatement (Third) of Torts (including the comments thereto) because Defendant complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

22.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims against Defendant are barred under Section 402A, comments j and/or k of the Restatement (Second) of Torts.

23.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims against Defendant are barred under Sections 2, 4, and 6 *et seq.* of the Restatement (Third) of Torts: Product Liability. Alternatively, Plaintiffs' claims are barred because the product's benefits outweighed its risks.

24.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred in whole or in part because Neurontin "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

25.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

31

26.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

27.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

28.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

29.     The damages, if any, recoverable by Plaintiffs must be reduced by any amount of damages legally caused by Plaintiffs' failure to mitigate such damages in whole or in part.

30.     Plaintiffs' claims are barred in whole or in part by the unforeseeable product misuse and/or abnormal or unintended use of the product.

31.     Plaintiffs' claims are barred by the failure to comply with conditions precedent to the right to recover.

32.     Plaintiffs' claims are barred because Defendant's conduct is not the producing cause, a proximate cause, or a cause-in-fact of Decedent's alleged injuries.

33.     Plaintiffs' claims must be dismissed because Decedent would have taken Neurontin even if the product labeling contained the information that Plaintiffs contend should have been provided.

34. Plaintiffs' claims are barred in whole or in part by intervening and/or superseding acts.

35. Plaintiffs' claims are barred in whole or in part by the assumption of the risk associated with the purchase and/or use of the product.

36. Plaintiffs' claims are barred in whole or in part by the failure to heed warnings and/or failure to follow instructions.

37. Plaintiffs' claims are barred in whole or in part by the doctrine of informed consent. Decedent was informed of the risks associated with treatment and willingly consented to treatment despite those risks. Specifically, Decedent gave informed consent to the prescribing physician(s) before taking Neurontin, alone or in combination with any other drug(s).

38. Decedent's injuries, if any, were caused by an idiosyncratic reaction to the product for which Defendant cannot be held responsible.

39. The duty to obtain Maria Del Socorro Fonseca's informed consent prior to prescribing Neurontin, alone or in combination with any other drug(s), rested solely with the prescribing physician(s).

40. Plaintiffs' fraud claims are barred because Plaintiffs have failed to plead the elements of and the alleged circumstances underlying the fraud claims with sufficient particularity.

41. Plaintiffs may not assert a claim for negligent misrepresentation because Defendant made no representations of any kind to Decedent or her prescribing physician(s). Without waiving said defense, any negligent misrepresentation claim fails as

Plaintiffs did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendant.

42.     Plaintiffs may not assert a claim for negligent misrepresentation because Defendant made no representations of any kind to Decedent or her prescribing physician(s). Without waiving said defense, any claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendant.

43.     Plaintiffs may not assert a claim for negligent misrepresentation because Defendant made no representations of any kind to Decedent or her prescribing physician(s). Without waiving said defense, any claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiffs relied did not constitute a misrepresentation of material facts.

44.     Plaintiffs may not assert a claim against Defendant for breach of express or implied warranty because he did not manufacture, assemble, sell, or distribute any product at issue, and made no representations of any kind to Decedent or her prescribing physician(s) regarding any product at issue.  Without waiving said defense, Plaintiffs did not rely on any alleged express or implied warranty.

45.     Plaintiffs may not assert a claim against Defendant for breach of express or implied warranty because he did not manufacture, assemble, sell, or distribute any product at issue, and made no representations of any kind to Decedent or her prescribing physician(s) regarding any product at issue.  Without waiving said defense, Plaintiffs failed to notify Defendant of any alleged breach of warranty within a reasonable time after Plaintiffs discovered or should have discovered any such alleged breach and are, therefore, barred from any recovery for such claims.

46.     Plaintiffs may not assert a claim against Defendant for breach of express or implied warranty because he did not manufacture, assemble, sell, or distribute any product at issue, and made no representations of any kind to Decedent or her prescribing physician(s) regarding any product at issue.   Without waiving said defense, Defendant specifically denies that he received any notice of any alleged breach of warranty from Plaintiffs within a reasonable time after Plaintiffs discovered or should have discovered any such alleged breach and Plaintiffs are, therefore, barred from any recovery for such claims.

47.     Plaintiffs may not assert a claim against Defendant for breach of express or implied warranty because he did not manufacture, assemble, sell, or distribute any product at issue, and made no representations of any kind to Decedent or her prescribing physician(s) regarding any product at issue.   Without waiving said defense, any claims for breach of warranty are barred in whole or in part by the disclaimers.

48.     Plaintiffs may not assert a claim against Defendant for breach of express or implied warranty because he did not manufacture, assemble, sell, or distribute any product at issue, and made no representations of any kind to Decedent or her prescribing physician(s) regarding any product at issue.   Without waiving said defense, any claims for breach of warranty are barred in whole or in part because she is not in privity with Defendant.

49.     Plaintiffs may not assert a claim against Defendant for breach of express or implied warranty because he did not manufacture, assemble, sell, or distribute any product at issue, and made no representations of any kind to Decedent or her prescribing physician(s) regarding any product at issue.   Without waiving said defense,

35

Defendant asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

50.    Plaintiffs may not assert a claim against Defendant for breach of express or implied warranty because he did not manufacture, assemble, sell, or distribute any product at issue, and made no representations of any kind to Decedent or her prescribing physician(s) regarding any product at issue.  Without waiving said defense, any warranty claims are barred in whole or in part because the warranties, if made, were excluded through course of dealing, course of performance and/or usage of trade.

51.    Plaintiffs may not assert a claim against Defendant for breach of express or implied warranty because he did not manufacture, assemble, sell, or distribute any product at issue, and made no representations of any kind to Decedent or her prescribing physician(s) regarding any product at issue.  Without waiving said defense, Defendant breached no warranty, express or implied, to Plaintiffs.

52.    Defendant specifically denies that he received notice of violations of the Texas Deceptive Trade Practices Act ("DTPA") as required by the terms of § 17.505 of the Texas Business & Commerce Code and Plaintiffs' claim should be abated in its entirety until such notice is received.

53.    Defendant expressly denies that any third party engaging in the acts alleged by Plaintiffs was acting as Defendant's agent or servant, at the instruction of Defendant, or within Defendant's control.  Therefore, Plaintiffs claims, to the extent Plaintiffs seek recovery for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

36

54.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue.  Without waiving said defense, Plaintiffs' claims are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

55.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue.  Without waiving said defense, Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Neurontin were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

56.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue.  Without waiving said defense, Plaintiffs' claims are barred in whole or in part by the doctrine of federal preemption.  The manufacture, marketing, and labeling of Neurontin was and is controlled by federal law.  If Plaintiffs' causes of action against Defendant are permitted and allowed, they would impede, impair, interfere with, frustrate and/or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article I, Section 8, respectively, as set forth

in *Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001). Plaintiffs' claims, in whole or in part, are preempted, or barred by applicable federal law, including any claim based in whole or in part on:

(a)    any allegation of negligence *per se* or that Defendant violated federal regulations, including any regulations promulgated or enforced by the Food and Drug Administration;

(b)    any allegation Defendant committed "fraud" on, or otherwise misled, made misrepresentations to, concealed material information from, or violated reporting requirements imposed by any agency of the federal government, including the Food and Drug Administration;

(c)    any allegation Neurontin was not "safe and effective" or that the risks of the drug outweighed its benefits;

(d)    any allegation Defendant failed to give Decedent's healthcare provider(s) adequate warnings concerning the risks associated with Neurontin; and/or

(e)    any allegation that, if accepted, would impose standards of care in addition to, or different from, those imposed by federal law, including federal regulations promulgated by the Food and Drug Administration.

57.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

58.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of

administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

59. The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

60. Plaintiffs' claims for non-pecuniary damages are unconstitutionally vague and/or overbroad, and are in contravention of Defendant' rights under each of the following constitutional provisions:

   (a)   the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

   (b)   the Takings Clause of the Fifth Amendment of the United States Constitution;

   (c)   the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

   (d)   the Equal Protection Clause of the Fourteenth Amendment; as well as the various provisions of the Texas Constitution, including but not limited to art. I §§ 3, 13, 14, 16 and 19.

61. As set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), the Due Process Clause of the United States Constitution protects Defendant from any award of damages that:

   (a)   is based, in whole or in part, on conduct which did not harm the Plaintiffs;

   (b)   is based, in whole or in part, on conduct and/or harm that occurred wholly outside Texas;

(c) is based, in whole or in part, on conduct that is the exclusive province of federal law;

(d) is based, in whole or in part, on comparisons of the relative wealth of Defendant and Plaintiffs; or

(e) is grossly disproportionate to the harm suffered by Plaintiffs.

Because the standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, they are inadequate to ensure that such awards are not based on impermissible considerations. Any award of non-pecuniary damages in this case would therefore be in contravention of the Due Process standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

62. Plaintiffs' claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

63. Plaintiffs' claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

(a) the Commerce Clause of Article I, Section 8 of the United States Constitution;

(b) the Contracts Clause of Article I, Section 10 of the United States Constitution;

(c) the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

(d) the Supremacy Clause of Article VI of the United States Constitution;

(e) the Free Speech Clause of the First Amendment of the United States Constitution;

40

      (f)     the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

      (g)     the Takings Clause of the Fifth Amendment of the United States Constitution;

      (h)     the Right to Counsel of the Sixth Amendment of the United States Constitution;

      (i)     the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

      (j)     the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

      (k)     the Equal Protection Clause of the Fourteenth Amendment;

      (l)     as well as the various provisions of the Texas Constitution, including but not limited to Art. I. §§ 3, 13, 14, 16, and 19.

64.     Because of the lack of clear standards, the imposition of punitive damages against Defendant is unconstitutionally vague and/or overbroad.

65.     No act or omission of Defendant was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

66.     To the extent Plaintiffs' claim for punitive damages is premised on alleged violations of FDA regulations, such claim is preempted by federal law and by the authority set out in *Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).

67.     With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

41

68.   The Complaint fails to state facts sufficient to sustain a claim for, or recover of, punitive damages.

69.   To the extent applicable, Plaintiffs' claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

70.   Defendant hereby gives notice that he intends to rely upon such other defenses as may become available or apparent during discovery proceedings.  Defendant reserves the right to amend his answer and to further assert affirmative defenses.

71.   Plaintiffs' claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

72.   Plaintiffs have failed to sufficiently serve Defendant with process.  Plaintiffs served Defendant with the Hidalgo County, Texas state court Citation and Petition on December 17, 2005, more than three months after this case had been removed to the United States District Court for the Southern District of Texas on September 13, 2005.   Plaintiffs' service of process on Defendant is insufficient and defective because the state court's jurisdiction was extinguished upon removal of this case to federal court and only federal service of process may subject Defendant to this Court's jurisdiction.  *See Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967); *Allman v. Hanley*, 302 F.2d 559 (5th Cir. 1962); *Alexander Tech., Inc. v. Int'l Frontier Forwarders, Inc.*, No. H-05-2598, 2006 WL 3694517 (S.D. Tex. Dec. 14, 2006).

## **JURY DEMAND**

Defendant demands a trial by jury.

42

## **PRAYER**

WHEREFORE, Defendant respectfully requests that the Court:

1. Enter judgment in his favor on all claims alleged in the Complaint;

2. Award Defendant the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3. Grant Defendant such other and further relief as the Court may deem just and proper.

Dated: March 19, 2007                    Respectfully submitted,


DAVIS POLK & WARDWELL

By:        /s/ James P. Rouhandeh
           James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000

           -and-

HARE & CHAFFIN

By:        /s/ David B. Chaffin
           David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company LLC*

2355693v5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 19, 2007.


/s/David B. Chaffin

David B. Chaffin

44