UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------x
                                                       :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                           :
        SALES PRACTICES AND                            :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                  :
                                                       :   Judge Patti B. Saris
-------------------------------------------------------x
                                                       :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                              :
                                                       :
        PRODUCTS LIABILITY ACTIONS                     :
                                                       :
-------------------------------------------------------x
```

**MEMORANDUM IN SUPPORT OF PRODUCTS LIABILITY
PLAINTIFFS' PROPOSAL THAT PRODUCTS LIABILITY
PLAINTIFFS SELECT THE TWO TRACK ONE CASES FOR TRIAL**

Products Liability Plaintiffs, (hereinafter referred to as "PL Plaintiffs"), submit this memorandum in support of PL Plaintiffs' proposal that PL Plaintiffs select the two (2) designated Track One cases for trial from the original ten (10) cases which were designated as Track One cases for discovery. PL Plaintiffs and Defendants are unable to agree on the method of selection. Defendants have proposed to PL Plaintiffs that the Court randomly select two (2) cases from only the six (6) cases already randomly selected by the Court. PL Plaintiffs propose that the two (2) Track One trial cases be selected from the entire pool of ten (10) Track One cases, and PL Plaintiffs propose that the two (2) trial cases be selected by PL Plaintiffs, who, as a matter of general principle, should be entitled to select which of their cases will first proceed to trial. It is, after all, the PL Plaintiffs who brought these cases at the outset, and the Plaintiffs who have the burden of proof.

If the Court desires that the selection be addressed by other means, in the alternative, PL Plaintiffs propose that PL Plaintiffs select the first case, and Defendants then select the second case for trial out of the original ten (10) cases which were designated as Track One cases for discovery.

## PRELIMINARY STATEMENT

PL Plaintiffs previously submitted a proposal on January 9, 2007 (ECF Doc. # 599) in which PL Plaintiffs outlined a manner of selection for both the entire ten (10) Track One cases, as well as the two(2) cases for trial. Subsequently, this Court issued Discovery Order 8. Although Discovery Order No. 8 addressed the manner in which the original ten Track One cases for discovery would be selected; it was silent on the manner in which the two of the original Track One cases would be selected for trial. PL Plaintiffs respectfully reference the Court's attention to the arguments set forth in said previous submission and again propose that PL Plaintiffs select the two cases for trial from the ten Track One cases.

The goal of this Court and the parties in this litigation should be to efficiently bring the litigation to a resolution, either by trial, settlement or dismissal. It is in the best interests of the parties and the Court to try cases that are without collateral issues. Common sense dictates that a Track One case selected for trial should be one where a jury can properly focus upon the core issue: whether ingestion of Neurontin was a proximate cause of the injury claimed by Plaintiff. The parties are in the best position to select the most representative cases for this purpose. The parties are actively engaged in core discovery regarding the Track One cases. Depositions of plaintiffs, prescribers and sales representatives are to be taken. Case-specific document review is underway.

Consequently, there will be no informational disadvantage to either party by the date the two Track One trial cases are to be selected on July 23, 2007. PL Plaintiffs therefore respectfully request that this Court order PL Plaintiffs to select the two cases to be selected for trial from of the original ten Track One cases. Alternatively, PL Plaintiffs propose that PL Plaintiffs select the first case and Defendants select the second case for trial out of the original ten (10) cases which were designated as Track One cases for discovery.

## ARGUMENT

In Discovery Order No. 8, this Court noted that the selection process for the original ten Track One cases "will enable each side to put its best cases forward, while the random selection will ensure a range of cases as well as mitigate any information disadvantage under which Defendants may labor at this point."

By the time the two cases for trial are due for selection, neither party to the litigation should be at any information disadvantage as to any of the ten Track One cases thus making unnecessary any type of random selection. PL Plaintiffs therefore propose that the two Track One trial cases be selected by PL Plaintiffs, who as a matter of general principle, should be entitled to select which of their cases will first proceed to trial. It is, after all, the PL Plaintiffs who brought these cases at the outset, and the Plaintiffs who have the burden of proof.

Alternatively, PL Plaintiffs propose that PL Plaintiffs select the first case and Defendants select the second case for trial out of the original ten (10) cases which were designated as Track One cases for discovery.

PL Plaintiffs are opposed to the Court making a random selection of the two trial cases from the original ten Track One cases because this would defeat the goal of this Court and the parties in this litigation to efficiently bringing the litigation to a resolution, either by trial, settlement or dismissal.  Once discovery is completed, the parties will know whether there are cases with collateral issues which should not be selected as trial cases.  Common sense dictates that a Track One case selected for trial should be one where a jury can properly focus upon the core issue:  whether ingestion of Neurontin was a proximate cause of the injury claimed by Plaintiff.  The parties are in the best position to select the most representative cases for this purpose.

PL Plaintiffs are adamantly against, and do not believe it would be appropriate, that the two cases for trial be selected solely from the six Track One cases previously selected at random by the Court.  PL Plaintiffs believe such a selection would be an exercise in futility and that it would not accomplish anything in terms of moving this litigation towards resolution.  Moreover, to outright exclude from the selection process the four (4) cases previously selected by PL Plaintiffs and Defendants would be inconsistent with this Court's language in Discovery Order 8 that each side be able to "put its best cases forward."

**CONCLUSION**

PL Plaintiffs therefore respectfully request that this Court issue an order that PL Plaintiffs select the two (2) Track One cases for trial; or, alternatively, that PL Plaintiffs select the first case and Defendants select the second case for trial out of the original ten (10) cases which were designated as Track One cases for discovery.

Dated:  March 19, 2007                                  Respectfully submitted,

*Members of Products Liability*
*Plaintiffs' Steering Committee*

By:   **/s/ Andrew G. Finkelstein**
      Andrew G. Finkelstein, Esquire
      Finkelstein & Partners, LLP
      436 Robinson Avenue
      Newburgh, NY  12550


By:   **/s/ Jack W. London**
      Jack W. London, Esquire
      Law Offices of Jack W. London
        & Associates
      106 E. 6th Street, Suite 700
      Austin, TX  78701


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on March 19, 2007.

   **/s/ Andrew G. Finkelstein**
   Andrew G. Finkelstein, Esquire