UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                         :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                             :
        SALES PRACTICES AND                              :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X   Judge Patti B. Saris
                                                         :
THIS DOCUMENT RELATES TO:                                :
                                                         :   Magistrate Judge Leo T.
                                                         :   Sorokin
        PRODUCTS LIABILITY ACTIONS                       :
                                                         :
                                                         :
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
RANDOM SELECTION OF TWO TRACK ONE PLAINTIFFS**

Defendants Pfizer Inc. and Warner-Lambert Company submit this memorandum in support of their motion, pursuant to Section 2 of Discovery Order No. 7 (Docket # 582), requesting that the Court randomly select the two designated Track One cases from the six cases that the Court identified on January 31, 2007.

**BACKGROUND/PRELIMINARY STATEMENT**

On December 8, 2006, the parties in the products liability action submitted a "Stipulation and Proposed Order regarding the Schedule in the Product Liability Actions" (the "Stipulation"). (Docket # 576.) The Stipulation called for the identification of ten Track One plaintiffs alleging suicide-related injuries, for certain discovery as to the ten Track One plaintiffs, for the identification of two cases for trial (if any) from the previously-identified ten Track One plaintiffs, and for a November 16, 2007 discovery cut-off with respect to the cases of the two designated Track One plaintiffs.

In Discovery Order No. 7, the Court adopted the Stipulation, with "one addition." The Court directed that by March 19, 2007, the parties were to "agree upon a method for selecting the ten and two designated 'Track One' case." (Discovery Order No. 7 at 2.) The Court also indicated that "[a]bsent an agreement, the parties shall submit their respective proposals to the Court by the same date." (Id.)

Because they were unable to agree, in January the parties made submissions concerning the method for selecting the ten Track One plaintiffs. (Docket ## 591, 592, 599, 606.) Defendants requested that the Track One cases be selected at random from the product liability actions pending in the MDL. (Docket ## 591, 592.) The Court ruled on these submissions on January 17, 2007. (Discovery Order No. 8, Docket # 609, at 1-2.) On January 31, 2007, the Court issued an order randomly selecting six of the ten Track One cases, with plaintiffs and defendants' each selecting two actions. (Docket # 620.) The Court did not address the method for selecting the two Track One cases.

The parties have met and conferred concerning the method for selecting the two Track One cases, but they do not agree. Defendants propose random selection from the six Track One cases that were randomly selected by the Court. Alternatively, defendants propose that the Court randomly select the two cases from the ten Track One cases previously identified by the Court and the parties. Plaintiffs previously requested in their January 9, 2007 submission that they be permitted to select both trial-ready cases. (Products Liability Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Random Selection of Track One Plaintiffs' Cases, Docket # 599 at 1.) Earlier today, plaintiffs suggested, in the alternative, that plaintiffs select one case and then defendants

select the other. (Memorandum in Support of Products Liability Plaintiffs' Proposal That Products Liability Plaintiffs Select the Two Track One Cases for Trial, Docket # 680.)

## ARGUMENT

### THE TWO CASES THAT WILL BE TRIED FIRST SHOULD BE RANDOMLY SELECTED

The Manual for Complex Litigation favors random designation of cases in the mass tort context because they produce

> reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases. Some judges permit the plaintiffs and defendants to choose which cases to try initially, but this technique may skew the information that is produced. To obtain the most representative cases from the available pool, a judge should direct the parties to select test cases randomly or limit the selection to cases that the parties agree are typical of the mix of cases.

MANUAL FOR COMPLEX LITIGATION (4th Ed. 2004), § 22.315 (emphasis added); see also In re Chevron U.S.A., Inc., 109 F.3d 1016, 1019 (5th Cir. 1997) (random selection is recognized as the best approach to advancing the litigation and addressing "troubling causation or liability issues common to the universe of claimants").

Random designation affords the best way to obtain "representative" cases and "reliable information," which can ultimately lead to an efficient resolution of the litigation. MANUAL FOR COMPLEX LITIGATION, § 22.315. Random designation avoids efforts to skew the selection process and ensures that the critical decision identifying the two cases that will be tried first be made on an entirely even-handed basis.

In contrast, permitting the parties to select the two trial-ready cases merely pushes ahead those cases with facts that each side considers most favorable at the expense of fairness and representativeness. Allowing the parties to designate trial-ready cases

invites the precise result the Manual guards against – namely, that the information derived from cases selected by the parties will be "skew[ed]" by allowing plaintiffs to select their "best" case and defendants to do the same.  MANUAL FOR COMPLEX LITIGATION, § 22.315.[1]

The concerns previously articulated by defendants with respect to the selection of the ten Track One case apply a fortiori to the process for selecting the two Track One cases.  In the event any of these cases survive summary judgment and Daubert motions, the two Track One cases are to be tried first.  They are to be test cases.  Given this critical role of the two Track One cases, they should not be selected via a process that is susceptible to bias or gamesmanship.  A premium should not be placed on certain self-selected cases with facts that appear most or least favorable to the parties.  Such cases without doubt will be "outliers," and, thus, litigating them would do little to advance the resolution of the litigation as a whole.  An even-handed process of selection has the benefit of favoring neither side.

In addition, as plaintiffs' counsel have admitted, they are "most familiar" with the product liability actions, thereby granting them an unfair advantage and skewing the impact on the litigation were they to select even one of the two Track One cases.  A random selection process would neutralize this advantage in respect to the critical decision as to the identity of the two cases.

---

[1] Several MDLs have adopted random selection during pretrial discovery in mass torts. (Memorandum in Support of Defendants' Motion for Random Selection of Track One Plaintiffs, Docket # 592) (citing In re Prempro Prod. Liab. Litig., MDL No. 4:03-CV-1507-WRW (E.D. Ark.); In re Baycol Prods. Liab. Litig., MDL No. 1431 (MJD/JGL) (D. Minn.); In re Paxil Prods. Liab. Litig., MDL No. 1574 (MRP) (C.D. Calif.); In re Norplant Contraceptive Prods. Liab. Litig., MDL No. 1038 (E.D. Tex.).

Plaintiffs argue that because the two Track One cases will not be selected until July 23, 2007, selection of those cases is not yet required. (Memorandum in Support of Products Liability Plaintiffs' Proposal That Products Liability Plaintiffs Select the Two Track One Cases for Trial, Docket # 680 at 2, 3.) Plaintiffs further assert that there will be no informational disadvantage to defendants at that time because of ongoing discovery of the 10 Track One cases. But plaintiffs neglect to point out that the end of fact discovery in the two Track One cases is set to end on September 15, 2007, leaving precious little time to conduct the discovery needed to make the two Track One cases trial ready. (Discovery Order No. 7, Docket # 582 at 2.) Accordingly, defendants request that the Court randomly select the two Track One cases as soon as practicable in order to allow sufficient time to conduct discovery in those two cases.[2]

Finally, even as to the selection of the ten Track One plaintiffs, plaintiffs were unable to find fault with random selection. In fact, they conceded that every case filed contains the "core issue" of this litigation: "whether ingestion of Neurontin" caused plaintiffs' alleged injuries. (Docket # 599 at 2.)

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court randomly select the two Track One plaintiffs from the six plaintiffs that the Court identified on January 31, 2007.

Dated: March 19, 2007

---

[2] It should be noted that the parties recommended the July 23, 2007 selection date for the two Track One cases based on a fact discovery end date in those two cases of November 16, 2007. (Stipulation and Proposed Order Regarding the Schedule in the Product Liability Actions, Docket # 576.) The Court's Discovery Order No. 7 cuts off discovery on September 15, thereby eliminating two months of anticipated discovery.

DAVIS POLK & WARDWELL

By: /s/ James P. Rouhandeh
    James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

HARE & CHAFFIN

By: /s/ David B. Chaffin
    David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on March 19, 2007.

/s/David B. Chaffin