UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------- x
:
In re:   NEURONTIN MARKETING, SALES PRACTICES,   :
         AND PRODUCTS LIABILITY LITIGATION       :
                                                 :
                                                 :
---------------------------------------------- x  MDL Docket No. 1629
                                                 :
THIS DOCUMENT RELATES TO:                        :  Master File No. 04-10981
                                                 :
ALL CLASS ACTIONS                                :
                                                 :  Judge Patti B. Saris
                                                 :
---------------------------------------------- x  Magistrate Judge Leo T.
                                                 :  Sorokin
HARDEN MANUFACTURING CORPORATION;                :
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,      :
dba BLUECROSS/BLUESHIELD OF LOUISIANA;           :
INTERNATIONAL UNION OF OPERATING ENGINEERS,      :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL    :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and      :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY.                                         :
                                                 :
---------------------------------------------- x

**MOTION FOR EXTENSION OF DEADLINE TO FILE DEFENDANTS' SUR-REPLY
IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendants respectfully request that the Court extend the deadline for defendants to file their sur-reply papers in further opposition to plaintiffs' motion for class certification to April 25, 2007.  Defendants do not believe that the instant request will require any adjournment of the class certification hearing, which is scheduled for May 4, 2007.  Plaintiffs have inexplicably refused to consent to the extension despite the fact that: (i) plaintiffs have had three months to prepare their reply brief, having been served with defendants' opposition papers on December 22, 2006; (ii) defendants' need for additional time was prompted by plaintiffs' filing of a "supersized and excessive" reply brief that it took them two months to write and three more weeks to shorten to an appropriate length (Electronic Order dated February 27, 2007); and (iii)

1

defendants' principle reason for seeking an extension is to accommodate long-planned vacations of defendants' counsel around which the prior schedule was based.

Plaintiffs' reply papers, with which defendants were finally served yesterday, were initially due on January 5, 2007. Defendants twice agreed to extend plaintiffs' time to file their reply brief, first from January 5 to January 26, 2007, and then from January 26 to February 21, 2007. The Court granted both extensions. Docket Nos. 546 & 610. On February 21, 2007, plaintiffs served what the Court characterized as a "supersized and excessive" reply brief (Electronic Order dated February 27, 2007). On February 27, 2007, the Court rejected that brief due to its length. On March 19, 2007, nearly three weeks later and just two days before the deadline for defendants to file their sur-reply, plaintiffs filed a revised, 40-page reply brief. On March 16, 19, and 20, 2007, the parties conferred with respect to the schedule for defendants to file their sur-reply papers, but were unable to reach agreement. Plaintiffs agree only to adjourn the briefing deadline to April 16, 2007.

As plaintiffs are fully aware, senior members of the defense team, including lead counsel, will be taking vacation during the next two weeks, which correspond to the spring break period for New York-area schools. Defendants agreed to the prior briefing schedule with those vacation dates in mind. Indeed, it was because of those vacation schedules that the parties originally requested that defendants' sur-reply papers be due during the week of March 19 (before vacations were set to begin) and that oral argument not be held before the week of April 16 (after those vacations are set to conclude).

Plaintiffs' unwillingness to consent to a reasonable extension in these circumstances is surprising, especially given that defendants have willingly consented to plaintiffs' extension requests in the past and given that plaintiffs will not be prejudiced by the extension. Plaintiffs' position is even more remarkable because plaintiffs bear sole responsibility for the instant

2

situation, having filed a brief that was more than three times longer than the rules allowed and then having unilaterally granted themselves nearly three weeks to revise and shorten it. In all, plaintiffs had <u>three months</u> to file their final reply; it is demonstrably unreasonable that they will not consent to defendants' request for sufficient time to accommodate long-planned family vacations, especially when defendants' proposed due date would not disturb the hearing date and would still leave defendants with a substantially shorter period to prepare their sur-reply.

Although portions of plaintiffs' newly-filed 40-page brief are similar to material in plaintiffs' original reply, a number of sections have, needless to say, been revised considerably. Defendants wish to provide the Court with the most succinct and helpful sur-reply possible, squarely addressing plaintiffs' key points as they are articulated in plaintiffs' brief, which defendants received only yesterday. To do so requires that defendants have a reasonable amount of time with the brief to which they are responding.

For all the foregoing reasons, defendants respectfully request that the Court adjourn the date for defendants to file their sur-reply papers from March 21, 2007 to April 25, 2007.

Dated: March 20, 2007

DAVIS POLK & WARDWELL

By: /s/James P. Rouhandeh
James P. Rouhandeh
Neal A. Potischman
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

HARE & CHAFFIN

By: /s/David B. Chaffin
David B. Chaffin
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

**CERTIFICATE OF CONSULTATION**

I certify that counsel have conferred and have attempted in good faith to resolve or narrow the issue presented by this motion.

/s/David B. Chaffin

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on March 20, 2007.

/s/David B. Chaffin