UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                :

In re:   NEURONTIN MARKETING, SALES PRACTICES,      :
        AND PRODUCTS LIABILITY LITIGATION     :
                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  MDL Docket No. 1629
                :

THIS DOCUMENT RELATES TO:            :  Master File No. 04-10981

ALL CLASS ACTIONS               :  Judge Patti B. Saris
                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  Magistrate Judge Leo T.
                :  Sorokin

HARDEN MANUFACTURING CORPORATION;     :
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, :
dba BLUECROSS/BLUESHIELD OF LOUISIANA;   :
INTERNATIONAL UNION OF OPERATING ENGINEERS, :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and  :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY.                :
                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF DEADLINE TO FILE DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Defendants' application to extend the deadline to file sur-reply papers to April 25, 2007 should be granted.

On or about February 21, 2007, plaintiffs, for reasons known only to them, elected to file a reply brief that was more than three times the length permitted by the rules, without ever having sought consent of the defendants, much less prior permission of the Court.  Upon being directed by the Court to file a 40-page brief, plaintiffs (again without ever having sought consent of the defendants, much less permission of the Court) spent approximately three weeks making substantial revisions that they now seek to trivialize.

From their papers and the self-serving e-mail appended thereto, plaintiffs apparently believe that when the Court rejects a litigant's filing, the rejection is tantamount to accepting it— triggering an immediate obligation on the part of the adverse party to prepare a response to the non-filing.  Plaintiffs' view is that although they actually filed their reply brief nearly one month late, defendants should have acted as though they had filed it on time and should have shouldered the burden associated with responding to the "supersized" non-brief that the Court had expressly rejected and had directed plaintiffs to modify.

Plaintiffs' corresponding suggestion that defendants' time to prepare a sur-reply should be compressed to 11 days—as compared to the three months that plaintiffs took to prepare their reply brief—is not only nonsensical but is so frivolous as to be sanctionable.  Having served their reply only two days before the deadline for defendants' sur-reply, following two lengthy prior extensions granted to them, plaintiffs now purport to jealously guard the schedule for the Court's consideration of this motion.  Without any hint of irony, plaintiffs insist that defendants file their papers immediately "so that the Court has sufficient time to prepare for the May 4 hearing." (Opp'n at 2.)  Although defendants do not believe that the May 4 hearing is in any jeopardy, to the extent that the Court and the parties have less available preparation time, there can be no doubt that plaintiffs bear complete responsibility for that result and that the solution is not to truncate defendants' time to file their sur-reply.

In any event, both in discussions with plaintiffs and in their application to the Court, defendants requested until April 25, noting that the time afforded would allow defendants to focus their briefing on the most salient issues without interfering with the May 4 hearing date and without causing undue interference with long-planned vacations that end on or about April 9, and around which no one disputes that the original briefing and argument schedule were

2

structured.[1]   Three days ago, plaintiffs suggested a deadline of April 16 instead.  Yesterday, in an obvious attempt to stake out a new position that would make April 16 seem reasonable, plaintiffs suggested a filing deadline of March 30.  In today's climate of declining civility in litigation, it is important that this type of sharp practice be firmly rejected.

If the Court grants defendants' application, plaintiffs will suffer no prejudice.  Plaintiffs do not contend otherwise.  In reality then, plaintiffs' unstated objection to defendants' proposed schedule is that if defendants are given until April 25 to submit their sur-reply, defendants' papers are likely to be clearer and more persuasive.  That is not a valid ground for objecting to a proposed schedule.  It is particularly baseless where, as here, plaintiffs' own conduct has occasioned the need for the schedule adjustment in the first place.  Simply put, plaintiffs offer no justification whatsoever for denying defendants' motion.

For the foregoing reasons and those previously stated in defendants' motion, defendants respectfully request that the Court extend the deadline to file their sur-reply papers from March 21, 2007 to April 25, 2007.

Dated: March 23, 2007                              DAVIS POLK & WARDWELL

                                                   By:  /s/James P. Rouhandeh
                                                        James P. Rouhandeh
                                                        Neal A. Potischman
                                                   450 Lexington Avenue
                                                   New York, New York 10017
                                                   (212) 450-4000

---

[1] We note that while some schools in the New York area have one week spring breaks (and one week vacations in February), the schools to which lead counsel and other senior members of the defense team send their children have instead two week spring breaks, from March 23 through April 9—a fact that plaintiffs' counsel would have known if they had simply picked up the phone and called defense counsel before baselessly questioning the honesty of defense counsel in a submission to this Court.  Mr. Rouhandeh will, in fact, be out of the country with his family from March 23 through April 6, returning to the office on April 9.  Defense counsel can submit sworn declarations on this issue, if that would be helpful.  We do not otherwise respond herein to plaintiffs' misguided effort to dispute defense counsels' vacation schedule.

HARE & CHAFFIN

By: /s/David B. Chaffin
        David B. Chaffin
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on March 23, 2007.

/s/David B. Chaffin