UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :  MDL DOCKET NO:  1629
In re:  NEURONTIN MARKETING, SALES                 :
        PRACTICES, AND PRODUCTS                     :  Master File No. 04-10981
        LIABILITY LITIGATION                        :
                                                   :  Judge Patti B. Saris
                                                   :
                                                   :  Magistrate Judge Leo T. Sorokin
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :
THIS DOCUMENT RELATES TO:                          :
                                                   :
     *Accettullo, et al. v. Pfizer Inc., et al.,*  :
     1:06-cv-10912-PBS                              :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiffs' First Amended Complaint in the above-captioned action (the "Complaint") as follows:

### AS TO STATEMENT OF THE CASE

1.      Deny the allegations in paragraph 1, except admit that the United States Food and Drug Administration ("FDA") has approved Neurontin® ("Neurontin"), the brand name for gabapentin, for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

### AS TO PARTIES AND JURISDICTION

2.      Paragraph 2, and its subparts, assert legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 2, and its subparts, except

admit: (1) that Pfizer is a corporation organized under the laws of the State of Delaware and has its headquarters in the State of New York; (2) that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002, when it was converted into a Delaware limited liability company known as Warner-Lambert Company LLC with Pfizer as its sole member; and (3) that Parke-Davis is an unincorporated division of Warner-Lambert Company LLC.

3.      Admit the allegations in paragraph 3.

4.      Admit the allegations in paragraph 4.

5.      Admit the allegations in paragraph 5.

6.      Deny the allegations in paragraph 6, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

7.      Deny the allegations in paragraph 7.

8.      Deny the allegations in paragraph 8.

9.      Deny the allegations in paragraph 9, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

10.      Deny the allegations in paragraph 10, except admit that Warner-Lambert Company was authorized to do business in the State of New York until December 31, 2002.

11.      Deny the allegations in paragraph 11, except admit that Warner-Lambert Company was a business entity actually doing business in the State of New York until December 31, 2002.

12.      Deny the allegations in paragraph 12, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

13.     Deny the allegations in paragraph 13.

14.     Deny the allegations in paragraph 14, except admit that from December 31, 2002 to the present Warner-Lambert Company LLC has been a Delaware limited liability company.

15.     Deny the allegations in paragraph 15, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the State of New York since December 31, 2002.

16.     Deny the allegations in paragraph 16, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the State of New York since December 31, 2002.

17.     Deny the allegations in paragraph 17, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

18.     Deny the allegations in paragraph 18.

19.     Deny the allegations in paragraph 19.

20.     Deny the allegations in paragraph 20.

21.     Deny the allegations in paragraph 21, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

22.     Paragraph 22 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 22.

23.     Deny the allegations in paragraph 23.

24.     Deny the allegations in paragraph 24, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

25.     Paragraph 25 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 25.

2388879v1

26.     Paragraph 26 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 26.

27.     Paragraph 27 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 27.

28.     Paragraph 28 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 28.

29.     Paragraph 29 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 29.

30.     Paragraph 30 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 30.

31.     Paragraph 31 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 31.

32.     Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

33.     Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.     Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.     Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.     Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

2388879v1

37.    Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.    Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.    Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

40.    Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

41.    Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.    Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.    Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.    Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.    Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.    Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

47.    Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

2388879v1

48.     Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.     Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.     Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

51.     Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

52.     Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.     Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.     Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.     Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.     Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.     Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.     Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

59.    Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.    Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.    Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

62.    Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.    Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.    Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.    Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.    Deny the allegations in paragraph 66, except admit that Pfizer's headquarters are in New York.

67.    Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.    Paragraph 68 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 68.

69.    Paragraph 69 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 69.

2388879v1

70.    Deny the allegations in paragraph 70, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin.

71.    Deny the allegations in paragraph 71, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

72.    Deny the allegations in paragraph 72, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the State of New York and contracts to provide goods in the State of New York.

73.    Deny the allegations in paragraph 73.

74.    Deny the allegations in paragraph 74.

75.    Admit the allegations in paragraph 75.

76.    Deny the allegations in paragraph 76.

77.    Deny the allegations in paragraph 77.

78.    Deny the allegations in paragraph 78, except admit that Parke-Davis marketed Neurontin on a date prior to June 4, 2004.

79.    Deny the allegations in paragraph 79, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the State of New York and contracted to provide goods in the State of New York.

80.    Deny the allegations in paragraph 80.

81.    Deny the allegations in paragraph 81.

2388879v1

82.     Deny the allegations in paragraph 82, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until June 2000 and that until June 2000, Parke-Davis directly or indirectly did and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

83.     Deny the allegations in paragraph 83.

84.     Deny the allegations in paragraph 84.

85.     Deny the allegations in paragraph 85, except admit that Warner-Lambert Company marketed and sold Neurontin until June 2000.

86.     Deny the allegations in paragraph 86, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the State of New York and contracted to provide goods in the State of New York.

87.     Deny the allegations in paragraph 87.

88.     Deny the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89, except admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

2388879v1

94. Deny the allegations in paragraph 94.

95. Deny the allegations in paragraph 95.

96. Deny the allegations in paragraph 96, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

97. Deny the allegations in paragraph 97, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from interstate commerce.

**AS TO BACKGROUND**

98. Paragraph 98 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 98.

99. Paragraph 99 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 99.

100. Paragraph 100 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 100.

101. Paragraph 101 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 101.

102. Paragraph 102 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 102.

103. Paragraph 103 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 103.

10

104.    Deny the allegations in paragraph 104, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

105.    Deny the allegations in paragraph 105, except admit that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

106.    Deny the allegations in paragraph 106.

107.    Deny the allegations in paragraph 107.

108.    Deny the allegations in paragraph 108.

109.    Deny the allegations in paragraph 109.

110.    Deny the allegations in paragraph 110.

111.    Deny the allegations in paragraph 111.

112.    Deny the allegations in paragraph 112, except admit that Neurontin was approved as adjunctive therapy for the treatment of epilepsy at dosages of 900 to 1800 milligrams per day.

113.    Deny the allegations in paragraph 113.

114.    Deny the allegations in paragraph 114.

115.    Deny the allegations in paragraph 115, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

116.    Deny the allegations in paragraph 116.

117.    Deny the allegations in paragraph 117.

118.    Deny the allegations in paragraph 118, except admit that Plaintiffs have previously provided some medical records to Defendants for Plaintiffs, which medical records

11

speak for themselves, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs' physicians prescribed Neurontin to treat Plaintiffs' conditions.

119.    Deny the allegations in paragraph 119, except admit that Plaintiffs have previously provided some medical records to Defendants for Plaintiffs, which medical records speak for themselves, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs' physicians prescribed Neurontin to treat Plaintiffs' conditions.

120.    Deny the allegations in paragraph 120, except admit that Plaintiffs have previously provided some medical records to Defendants for Plaintiffs, which medical records speak for themselves, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs' physicians prescribed Neurontin to control the effects of Plaintiffs' conditions.

121.    Deny the allegations in paragraph 121.

122.    Deny the allegations in paragraph 122.

123.    Deny the allegations in paragraph 123.

124.    Deny the allegations in paragraph 124.

## AS TO FIRST CAUSE OF ACTION

125.    Repeat each and every response to the allegations in paragraphs 1 through 124.

126.    Deny the allegations in paragraph 126.

127.    Deny the allegations in paragraph 127.

128.    Deny the allegations in paragraph 128.

129.    Deny the allegations in paragraph 129.

130.    Deny the allegations in paragraph 130.

12

131.    Deny the allegations in paragraph 131.

132.    Deny the allegations in paragraph 132.

133.    Deny the allegations in paragraph 133.

## AS TO SECOND CAUSE OF ACTION

134.    Repeat each and every response to the allegations in paragraphs 1 through 133.

135.    Deny the allegations in paragraph 135.

136.    Deny the allegations in paragraph 136.

137.    Deny the allegations in paragraph 137.

138.    Deny the allegations in paragraph 138.

139.    Deny the allegations in paragraph 139.

140.    Deny the allegations in paragraph 140.

141.    Deny the allegations in paragraph 141.

## AS TO THIRD CAUSE OF ACTION

142.    Repeat each and every response to the allegations in paragraphs 1 through 141.

143.    Deny the allegations in paragraph 143.

144.    Deny the allegations in paragraph 144.

145.    Deny the allegations in paragraph 145.

146.    Deny the allegations in paragraph 146.

## AS TO FOURTH CAUSE OF ACTION

147.    Repeat each and every response to the allegations in paragraphs 1 through 146.

148.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 148 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 148.

13

149. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 149 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 149.

150. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 150 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 150, except refer to the Information for its contents.

151. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 151 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 151, except refer to the Information for its contents.

152. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 152 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 152.

153. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 153 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 153, except refer to the Information for its contents.

154. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 154 do not require a

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 154, except refer to the Information for its contents.

155.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 155 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 155, except refer to the Information for its contents.

156.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 156 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 156, except refer to the Information for its contents.

157.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 157 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 157, except refer to the Information for its contents.

158.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 158 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 158, except refer to the Information for its contents.

159.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 159 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 159, except refer to the Information for its contents.

2388879v1

160.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 160 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 160, except refer to the Information for its contents.

161.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 161 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 161, except refer to the Information for its contents.

162.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 162 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 162, except refer to the Information for its contents.

163.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 163 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 163, except refer to the Information for its contents.

164.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 164 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 164, except refer to the Information for its contents.

165.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 165, and all of its subparts, do not require a response.  To the extent a response is deemed necessary, Defendants

deny the allegations in paragraph 165, and all subparts thereof, except refer to the Information for its contents.

166.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 166 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 166, except refer to the Information for its contents.

167.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 167 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 167, except refer to the Information for its contents.

168.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 168 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 168, except refer to the Information for its contents.

169.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 169 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 169, except refer to the Information for its contents.

170.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 170 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 170, except refer to the Information for its contents.

171. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 171 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 171, except refer to the Information for its contents.

172. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 172 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 172, except refer to the Information for its contents.

173. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 173 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 173, except refer to the Information for its contents.

174. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 174 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 174, except refer to the Information for its contents.

175. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 175 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 175, except refer to the Information for its contents.

176. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 176 do not require a

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 176.

177. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 177 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 177.

178. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 178 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 178.

179. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 179 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 179.

180. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 180, and all of its subparts, do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 180, and all of its subparts.

181. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 181 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 181.

182.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 182 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 182.

183.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 183 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 183.

184.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 184 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 184.

185.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 185 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 185.

186.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 186 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 186.

187.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 187 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in

2388879v1

paragraph 187, except refer to the supplemental NDA and the letter dated August 26, 1997 referenced in paragraph 187 for their contents.

188.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 188 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 188.

189.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 189 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 189.

190.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 190 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 190, except refer to the letter dated June 29, 2001 for its contents.

191.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 191 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 191, except refer to the letter dated July 1, 2002 for its contents.

192.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 192, and its subparts, do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 192, and its subparts.

2388879v1

193.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 193 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 193.

194.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 194 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 194.

195.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 195 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 195.

196.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 196 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 196.

197.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 197 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 197, except refer to the article referenced in paragraph 197 for its contents.

198.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 198 do not require a

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 198.

199. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 199 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 199.

200. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 200 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 200.

201. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 201 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 201, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

202. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 202 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 202.

203. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 203 do not require a

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 203.

204.  Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 204 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 204.

205.  Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 205 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 205.

206.  Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 206 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 206.

207.  Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 207 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 207, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

208.  Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 208 do not require a

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 208.

209. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 209 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 209.

210. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 210 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 210.

211. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 211 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 211.

212. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 212 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 212.

213. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 213 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 213.

2388879v1

214.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 214 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 214.

215.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 215 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 215.

### AS TO FIFTH CAUSE OF ACTION

216.    Repeat each and every response to the allegations in paragraphs 1 through 215.

217.    Deny the allegations in paragraph 217.

218.    Deny the allegations in paragraph 218.

219.    Deny the allegations in paragraph 219.  Admit that Plaintiffs seek the relief set forth in the WHEREFORE paragraph following paragraph 219, and all of its subparts, but deny that Plaintiffs are entitled to such relief.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

### AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants assert the following affirmative and other defenses:

### First Defense

The Complaint fails to state a claim against Defendants upon which relief can be granted.

2388879v1

### Second Defense

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

### Third Defense

The conduct of Defendants in all activities with respect to Neurontin has been and is under the supervision of the United States Food and Drug Administration and its Division of Drug Marketing, Advertising and Communications, which are charged with regulating prescription drug product labeling, advertising and promotions. Thus, this action is barred by the doctrine of primary jurisdiction.

### Fourth Defense

Plaintiffs' injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

### Fifth Defense

The claims set forth in the Complaint are barred because Plaintiffs' and/or decedents' alleged injuries and damages, if any, were actually or proximately caused or contributed to be caused by an act, omission of fault or by an intervening or superseding act of, some person, entity or third party other than Defendants and/or for whom or which Defendants are not legally responsible.

### Sixth Defense

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions, disease, illness or processes (whether existing or contemporaneous) unrelated to Neurontin.

### Seventh Defense

2388879v1

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formatting Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## Eighth Defense

The claims set forth in the Complaint are barred because Plaintiffs' and/or decedents' alleged injuries and damages, if any, were caused by Plaintiffs' or decedents' misuse of Neurontin.

### Ninth Defense

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

### Tenth Defense

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Plaintiffs.

### Eleventh Defense

Plaintiffs' breach of warranty claims are barred because: (1) Defendants did not make any express warranties to Plaintiffs and/or decedents; (2) Defendants' Neurontin advertisements and promotions were not an affirmation of fact or a promise made by the seller to the buyer that related to the drug Neurontin and became part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiffs and/or decedents; (3) Defendants' Neurontin advertisements and promotions were not a description of the drug included in any contract that was part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiffs and/or decedents, such that a warranty was created that the drug would conform to the description; (4) Plaintiffs and/or decedents did not read, see or hear about the alleged illegal "off-label" promotions; (5) there was a lack of privity between Defendants and Plaintiffs and/or decedents; and (6) notice of an alleged breach was not given to the seller or Defendants.

### Twelfth Defense

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution.

### Thirteenth Defense

The claims set forth in the Complaint are barred under the doctrine of estoppel, waiver, ratification, laches, unclean hands and by the applicable statutes of limitations and/or repose and other related doctrines and principles or any one of them, and by Plaintiffs' inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

### Fourteenth Defense

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk because Plaintiffs and/or decedents knowingly and voluntarily assumed the risk of injury and/or failed to mitigate the alleged damages.

### Fifteenth Defense

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiffs' alleged injuries and damages.

### Sixteenth Defense

To the extent Plaintiffs obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Defendants based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Seventeenth Defense

The acts of Defendants alleged in the Complaint are not the direct and proximate cause of any injury or damage to Plaintiffs or decedents.

### Eighteenth Defense

Plaintiffs have not suffered, and will not suffer, any injury to a legally protected or cognizable interest or any damage by reason of the conduct of Defendants as alleged in the Complaint.

### Nineteenth Defense

Plaintiffs are not entitled to an award of attorney fees and costs under the applicable state law.

### Twentieth Defense

Plaintiffs' claims for damages are barred, in whole or in part: (1) because Plaintiffs failed to mitigate any damages, and such failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Defendants; (2) because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) because the damages sought are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages; and (4) the Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive damages.

### Twenty-First Defense

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Defendants: (1) have no basis in law or fact; (2) cannot be sustained in that the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Defendants; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Defendants prior notice of the conduct for which

punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Defendants' due process rights guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the constitutions of any applicable states; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by applicable state laws or other comparable laws would violate Defendants' due process and equal protection rights guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Defendants for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Defendants' medicines would constitute impermissible multiple punishments for the same wrong, in violation of Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws; and (6) cannot be sustained because any award of punitive damages, which are penal in nature, without according Defendants the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Defendants' rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### Twenty-Second Defense

To the extent punitive damages are sought, Plaintiffs' claims for punitive damages against Defendants cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendants; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### Twenty-Third Defense

To the extent punitive damages are sought, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of

punitive damage awards which arose in the decisions of *BMW of North America Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### Twenty-Fourth Defense

Plaintiffs may not be the real parties in interest who have the right to prosecute these claims.

### Twenty-Fifth Defense

Plaintiffs' claims are barred, in whole or in part, because Defendants did not make any false, misleading, or deceptive statements to Plaintiffs in their advertisements and/or promotional materials concerning Neurontin. As to any statement asserted against Defendants that Plaintiffs allege to be false, misleading, or deceptive, Defendants had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false, misleading, or deceptive.

### Twenty-Sixth Defense

Plaintiffs' claims may be barred, in whole or in part, due to lack of standing.

### Twenty-Seventh Defense

Plaintiffs' claims may be barred, in whole or in part, due to their failure to join indispensable parties and/or bring claims against the real party in interest.

### Twenty-Eighth Defense

Plaintiffs' claims as set forth in the Complaint are barred to the extent that Plaintiffs and/or decedents misused or abused Neurontin, failed to use Neurontin properly, and/or used Neurontin negligently or used Neurontin in any other way except for which it was intended.

2388879v1

### Twenty-Ninth Defense

Plaintiffs' claims are barred because Plaintiffs and/or decedents knew of the alleged risks of Neurontin or because a reasonable purchaser and/or consumer would have been aware of the alleged risks of Neurontin.

### Thirtieth Defense

Plaintiffs' and/or decedents' alleged injuries and damages, if any, were not caused by any failure to warn on the part of Defendants.

### Thirty-First Defense

Plaintiffs' and/or decedents' alleged injuries and damages were not proximately caused by an act or omission of Defendants.

### Thirty-Second Defense

To the extent applicable, Defendants specifically assert the defense of contributory negligence and the doctrine of comparative fault.

### Thirty-Third Defense

Plaintiffs' and/or decedents' alleged injuries and damages, if any, were the result of independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of Defendants or Plaintiffs' or decedents' alleged ingestion of Neurontin.

### Thirty-Fourth Defense

Plaintiffs' and/or decedents' alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiffs, and/or by fault of them, and thus any recovery might be reduced accordingly or eliminated altogether.

2388879v1

### Thirty-Fifth Defense

Based upon the state of the scientific, medical, and technological knowledge at the time Neurontin was distributed and allegedly prescribed to Plaintiffs and/or decedents, Neurontin was reasonably safe for its normal and foreseeable use at all relevant times, or in light of existing reasonably available medical, scientific, and technological knowledge.

### Thirty-Sixth Defense

Plaintiffs' claims against Defendants are barred under Section 402A, comments j and k of the *Restatement (Second) of Torts* and Sections 4 and 6 of the *Restatement (Third) of Torts: Products Liability.*

### Thirty-Seventh Defense

Should Defendants be held liable to Plaintiffs, which liability is specifically denied, Defendants would be entitled to a set off for all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in Plaintiffs' First Amended Complaint.

### Thirty-Eighth Defense

Plaintiffs' cause of action is barred in whole or in part by lack of defect, as any product allegedly ingested by Plaintiffs and/or decedents was properly prepared in accordance with the applicable standard of care.

### Thirty-Ninth Defense

Defendants and Neurontin were in compliance with legislative regulatory standards and/or administrative regulatory safety standards relating to design, performance, warnings and/or instructions and, therefore, Neurontin is deemed not defective.

2388879v1

### Fortieth Defense

Plaintiffs' claims are barred by the "state of the art" defense. Neurontin, when placed into the stream of commerce, was a reasonably safe and effective prescription drug in light of the then existing and reasonably available scientific, medical, and technological knowledge. To the extent that Plaintiffs' claims that Neurontin was dangerous or defective in certain respects, Defendants state that any such risks associated with Neurontin were not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.

### Forty-First Defense

Notwithstanding Plaintiffs' claims and contentions, Plaintiffs and/or decedents received all or substantially all of the benefit of Neurontin that they had intended to receive, and to that extent any damages and/or restitution that Plaintiffs might be entitled to recover from Defendants must be correspondingly reduced.

### Forty-Second Defense

Plaintiffs claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

### Forty-Third Defense

To the extent that Plaintiffs are alleging fraud or similar conduct, Plaintiffs have failed to plead fraud with sufficient particularity.

### Forty-Fourth Defense

Plaintiffs and decedents are from multiple states. Accordingly, Defendants reserve the right to raise any additional affirmative and other defenses available under the applicable state

2388879v1

law for a given plaintiff. Defendants further reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case. Further, Defendants reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

## **JURY TRIAL DEMAND**

Defendants demand a trial by jury of all issues in this case.

2388879v1

**WHEREFORE**, Defendants respectfully request that the Court:

1.      Enter judgment in their favor on all claims alleged in the First Amended Complaint;

2.      Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.      Grant Defendants such other and further relief as the Court may deem just and proper.


Dated: <u>March 26, 2007</u>                    Respectfully submitted,


DAVIS POLK & WARDWELL

                By:        /s/ Neal A. Potischman
                            James P. Rouhandeh
                            Neal A. Potischman

                450 Lexington Avenue
                New York, NY 10017
                Tel:  (212) 450-4000

                -and-

HARE & CHAFFIN

                By:        /s/ David B. Chaffin
                            David B. Chaffin

                160 Federal Street
                Boston, MA 02110
                Tel:  (617) 330-5000

                *Attorneys for Defendants Pfizer Inc. and*
                *Warner-Lambert Company LLC*

2388879v1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 26, 2007.


/s/David B. Chaffin

David B. Chaffin

2388879v1