UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------- x
:
In re:  NEURONTIN MARKETING, SALES PRACTICES, :
        AND PRODUCTS LIABILITY LITIGATION :
: MDL Docket No. 1629
---------------------------------------------- x
: Master File No. 04-10981
THIS DOCUMENT RELATES TO: :
: Judge Patti B. Saris
---------------------------------------------- x
: Magistrate Judge Leo T.
HARDEN MANUFACTURING CORPORATION; : Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, :
dba BLUECROSS/BLUESHIELD OF LOUISIANA; :
INTERNATIONAL UNION OF OPERATING ENGINEERS, :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY. :
:
---------------------------------------------- x
:
THE GUARDIAN LIFE INSURANCE COMPANY OF :
AMERICA v. PFIZER INC. and :
:
AETNA, INC. v. PFIZER INC. :
:
---------------------------------------------- x

**DEFENDANTS' FURTHER RESPONSE TO
PLAINTIFFS' OBJECTIONS TO DISCOVERY ORDER NO. 9**

Defendants Pfizer Inc. and Warner-Lambert Company respectfully submit this further response to Plaintiffs' Reply to Defendants Response to Discovery Order No. 9 ("Pls.' Reply") (Dkt # 690).

For the second time in as many weeks, the sales and marketing plaintiffs baselessly have suggested that defendants' counsel have misrepresented something to the Court. Yet again, plaintiffs are mistaken.

Plaintiffs' original objections to Discovery Order No. 9 sought so-called value analyses from Pfizer. See Plaintiffs' Objections to Discovery Order No. 9 ("Pls.' Objs.") (Dkt # 653) at 2-3 (alleging that Pfizer "launched a campaign," created value analyses, and "made false statements" to third party payors). Accordingly, defendants' response addresses the fact that, based on the diligence conducted to date, we do not believe that Pfizer created analyses such as those plaintiffs identified in their objections. See Declaration of Deborah L. MacGregor, dated March 13, 2007 (Dkt # 675), attached as Exhibit 1 to Defendants' Response to Plaintiffs' Objections to Discovery Order No. 9.

In plaintiffs' reply, plaintiffs – relying almost exclusively on Warner-Lambert documents – assert that defendants' position is false. Pls.' Reply at 3. The single Pfizer document plaintiffs cite does not deal with value analysis, but instead sets forth an overview of how managed care organizations were handling Neurontin at a point in time and how they might handle Neurontin in the future. See Pls.' Reply Exh. 2. To the extent documents relating to the relevant off-label uses are found within the files of the custodians whose documents defendants are reviewing, defendants are producing such documents. That includes documents such as plaintiffs' exhibit 2. Regardless, however, nothing in this document changes defendants' understanding that the value analyses documents plaintiffs seek simply do not exist for the Pfizer era.

Every other document cited in plaintiffs' reply is from the Warner-Lambert period. Defendants did not understand materials from the Warner-Lambert period to be at issue in these objections. Defendants have informed plaintiffs on several separate occasions in the past that defendants have reviewed the documents relating to Neurontin that were gathered and preserved at the time of the merger between Warner-Lambert and Pfizer, and that documents relating to marketing or promotion of Neurontin for off-label uses have been produced. To the extent this

includes documents relating to the off-label uses of Neurontin that reference or were presented to managed care organizations – regardless of whether those documents are so-called value analyses – these documents will be or already have been produced. Accordingly, plaintiffs' objections are moot with respect to the Warner-Lambert period.

For the foregoing reasons and those previously stated in defendants' response, the Court should overrule plaintiffs' objections to Discovery Order No. 9 and adopt the order as entered by the magistrate judge.

Dated: March 28, 2007

DAVIS POLK & WARDWELL

By:   /s/ Neal A. Potischman
      Neal A. Potischman

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

   - and -

HARE & CHAFFIN

By:   /s/ David B. Chaffin
      David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 28, 2007.

                                            /s/ David B. Chaffin