180. Defendants have voluntarily accepted and retained these payments, with full knowledge and awareness that, as a result of their wrongdoing, Plaintiffs paid for Neurontin when they otherwise would not have done so. Defendants have thus been enriched unjustly.

181. Defendants hold moneys that in equity or good conscience belong to Plaintiffs

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request in equity to seek restitution of Defendants' wrongful profits, revenues and benefits to the extent, and in the amount, deemed appropriate by the Court and/or jury; and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

### THIRD CLAIM FOR RELIEF
### FRAUD, DECEIT AND SUPPRESSION
### (Against All Defendants)

182. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

183. As hereinabove noted, Defendants made misrepresentations and omissions or suppressions of facts material to Plaintiffs' decisions to pay for Neurontin by, *inter alia*, (a) deliberately misrepresenting the uses for which Neurontin was safe and effective so that Plaintiffs paid for this drug to treat symptoms for which it was not scientifically proven to be safe and effective, or medically necessary; (b) providing or publishing, or causing to be provided or published, presentations and materials containing false and/or misleading information upon which physicians and Plaintiffs relied when choosing to prescribe or pay for Neurontin; (c) misrepresenting the results of scientific studies and/or fraudulently failed to disclose the existing negative clinical studies known; (d) actively