UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :  MDL DOCKET NO:  1629
In re:  NEURONTIN MARKETING, SALES                :
        PRACTICES, AND PRODUCTS                   :  Master File No. 04-10981
        LIABILITY LITIGATION                      :
                                                  :  Judge Patti B. Saris
                                                  :
                                                  :  Magistrate Judge Leo T. Sorokin
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
THIS DOCUMENT RELATES TO:                         :
                                                  :
    Henderson v. Pfizer Inc., et al.,             :
    1:06-cv-10956-PBS                              :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## ANSWER

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiff's Complaint in the above-captioned action (the "Complaint") as follows:

### AS TO STATEMENT OF THE CASE

1.      Deny the allegations in paragraph 1, except admit that Plaintiff seeks to recover damages from Defendants for alleged personal injuries, but deny Plaintiff is entitled to relief.

## AS TO PARTIES

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny same.

3.      Deny the allegations in paragraph 3, except admit that Pfizer is a Delaware corporation and has its headquarters in New York, New York, and Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of studying, testing, designing, developing, manufacturing, mixing, inspecting, producing, labeling, advertising, marketing, promoting, distributing and selling pharmaceutical drugs throughout the United States and the world and transacts business within the State of Nebraska.  Admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin® ("Neurontin") since June 2000.

4.      Deny the allegations in paragraph 4, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and until approximately June 2000, Parke-Davis directly and/or indirectly engaged in business within the States of New York and Nebraska, and Parke-Davis is an unincorporated division of Warner-Lambert Company LLC.

5.      Deny the allegations in paragraph 5.

6.      Deny the allegations in paragraph 6, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002, and Parke-Davis is an unincorporated division of Warner-Lambert Company LLC, and that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

7.      Paragraph 7 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 7.

8.      Deny the allegations in paragraph 8, except admit that until approximately June 2000, Warner-Lambert Company and Parke-Davis directly and/or indirectly marketed and sold Neurontin in the United States and in the State of Nebraska, and admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin in the United States and in the State of Nebraska since June 2000.

9.      Deny the allegations in paragraph 9, except admit that Defendants directly and/or indirectly have conducted business in the State of Nebraska.

## AS TO JURISDICTION AND VENUE

10.      Paragraph 10 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 10, except admit that Pfizer is a corporation organized under the laws of Delaware whose headquarters are in New York and Warner-Lambert Company LLC is a Delaware limited liability company, and, upon information and belief, the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, but deny that Plaintiff is entitled to such relief.

11.      Paragraph 11 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 11.

## AS TO FACTUAL ALLEGATIONS

12.      Deny the allegations in paragraph 12, except admit that Neurontin is the brand name for gabapentin, and the FDA has approved Neurontin for labeling as safe and effective as

adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

13.     Paragraph 13 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 13, except admit that the Neurontin NDA was submitted to the FDA prior to 1993 and refer to the NDA referenced in paragraph 13 for its contents.

14.     Deny the allegations in paragraph 14, except refer to the NDA referenced in paragraph 14 for its contents.

15.     Deny the allegations in paragraph 15, except admit that on or about December 30, 1993, the FDA approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy.

16.     Deny the allegations in paragraph 16, except refer to the Neurontin label for its contents.

17.     Deny the allegations in paragraph 17.

18.     Deny the allegations in paragraph 18.

19.     Deny the allegations in paragraph 19, except admit that various government agencies have investigated the Defendants' marketing and promotion of Neurontin.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore deny same.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore deny same.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore deny same.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore deny same.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore deny same.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore deny same.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore deny same.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore deny same.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore deny same.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore deny same.

30.     Deny the allegations in paragraph 30.

31.     Deny the allegations in paragraph 31, except deny knowledge or information sufficient to from a belief about when Plaintiff became aware of the report referenced in paragraph 31, and therefore deny same.  Defendants refer to the referenced report for its contents.

32.     Deny the allegations in paragraph 32.

33.     Deny the allegations in paragraph 33.

## AS TO COUNT I

34.     Repeat each and every response to all other paragraphs as if fully set forth herein.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore deny same.

36.     Deny the allegations in paragraph 36.

37.     Deny the allegations in paragraph 37.

38.     Deny the allegations in paragraph 38.

39.     Deny the allegations in paragraph 39.

40.     Deny the allegations in paragraph 40, and all of its subparts.

41.     Deny the allegations in paragraph 41.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore deny same.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore deny same.

44.     Deny the allegations in paragraph 44.

45.     Deny the allegations in paragraph 45.

46.     Deny the allegations in paragraph 46.

47.     Deny the allegations in paragraph 47.

48.     Deny the allegations in paragraph 48, except admit that Plaintiff seeks the relief stated in paragraph 48 and in the WHEREFORE paragraph following paragraph 48, but deny that Plaintiff is entitled to such relief.

2398063v1

## AS TO COUNT II

49.     Repeat each and every response to all other paragraphs as if fully set forth herein.

50.     Deny the allegations in paragraph 50, except admit that Plaintiff seeks relief under the identified statute, but deny Plaintiff is entitled to such relief.

51.     Deny the allegations in paragraph 51, and all of its subparts.

4.[1]     Deny the allegations in paragraph 4.

5.     Deny the allegations in paragraph 5, except admit that Plaintiff seeks the relief stated in paragraph 5 and in the WHEREFORE paragraph following paragraph 5, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT III

6.     Repeat each and every response to all other paragraphs as if fully set forth herein.

7.     Paragraph 7 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 7.

8.     Deny the allegations in paragraph 8.

9.     Deny the allegations in paragraph 9.

10.     Deny the allegations in paragraph 10, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 10, but deny that Plaintiff is entitled to such relief.

---

[1] Plaintiff's Complaint erroneously identifies Paragraph 52 as Paragraph 4. Additionally, the Complaint renumbers the paragraphs from Paragraph 4. For clarity, Defendants retain Plaintiff's numbering system.

2398063v1

**AS TO COUNT IV**

11.    Repeat each and every response to all other paragraphs as if fully set forth herein.

12.    Paragraph 12 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 12.

13.    Deny the allegations in paragraph 13.

14.    Deny the allegations in paragraph 14.

15.    Deny the allegations in paragraph 15, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 15, but deny that Plaintiff is entitled to such relief.

**AS TO COUNT V**

16.    Repeat each and every response to all other paragraphs as if fully set forth herein.

17.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 17 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 17.

18.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 18 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 18.

19.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 19 do not require a

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 19.

20.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 20 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 20.

21.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 21 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 21, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 21, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT VI

22.     Repeat each and every response to all other paragraphs as if fully set forth herein.

23.     Deny the allegations in paragraph 23.

24.     Deny the allegations in paragraph 24.

25.     Deny the allegations in paragraph 25.

26.     Deny the allegations in paragraph 26.

27.     Deny the allegations in paragraph 27.

28.     Deny the allegations in paragraph 28, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 28, but deny that Plaintiff is entitled to such relief.

2398063v1

## AS TO COUNT VII

29.     Repeat each and every response to all other paragraphs as if fully set forth herein.

30.     Deny the allegations in paragraph 30.

31.     Deny the allegations in paragraph 31.

32.     Deny the allegations in paragraph 32, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 32, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT VIII

33.     Repeat each and every response to all other paragraphs as if fully set forth herein.

34.     Deny the allegations in paragraph 34.

35.     Deny the allegations in paragraph 35, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 35, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT IX

36.     Repeat each and every response to all other paragraphs as if fully set forth herein.

37.     Deny the allegations in paragraph 37.

38.     Paragraph 38, and it subparts, assert legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.     Deny the allegations in paragraph 39.

40.     Deny the allegations in paragraph 40, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 40, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT X

41.     Repeat each and every response to all other paragraphs as if fully set forth herein.

42.     Paragraph 42 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.     Deny the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 44, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT XI

45.     Repeat each and every response to all other paragraphs as if fully set forth herein.

46.     Deny the allegations in paragraph 46, and all of its subparts.

47.     Deny the allegations in paragraph 47, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 47, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT XII

48.     Repeat each and every response to all other paragraphs as if fully set forth herein.

49.     Deny the allegations in paragraph 49.

50.     Deny the allegations in paragraph 50.

51.     Deny the allegations in paragraph 51, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 51, but deny that Plaintiff is entitled to such relief.

2398063v1

## AS TO COUNT XIII

52.     Repeat each and every response to all other paragraphs as if fully set forth herein.

53.     Deny the allegations in paragraph 53.

54.     Deny the allegations in paragraph 54.

55.     Deny the allegations in paragraph 55, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 55, but deny that Plaintiff is entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants assert the following affirmative and other defenses:

1.     The Complaint and each count thereof fails to state a claim upon which relief can be granted.

2.     Defendants state that to the best of their knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that the injuries allegedly suffered by decedent may have been caused or proximately caused by some person or third party other than Defendants or entities for whom Defendants are not legally responsible.

3.     Defendants state that to the best of their knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that Plaintiff's claims are barred in whole or in part by the doctrine of assumption of the risk.

-12-

4.      Plaintiff's causes of action are barred because a reasonable purchaser and/or consumer would have been aware of the alleged risks of Neurontin or because decedent knew of the alleged risks of Neurontin.

5.      Defendants state that to the best of their knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that Plaintiff's and decedent's injuries and damages, if any, alleged in the Complaint are the result of independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct or product placed in the stream of commerce by Defendants.

6.      Plaintiff's and decedent's alleged damages were not proximately caused by any act or omission of Defendants.

7.      Defendants state that to the best of their knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that Plaintiff's and decedent's alleged injuries and damages were the result of preexisting or subsequent conditions, which are unrelated to any product that Defendants distributed.

8.      Defendants state that to the best of their knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that decedent's and/or Plaintiff's alleged injuries and/or damages, if any, were not the result of any act or omission on the part of Defendants, but exist by reason of operation of nature or idiosyncratic reaction, over which Defendants had and have no control.

9.      Defendants state that to the best of their knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that Plaintiff's and

decedent's injuries and damages were the result of an unavoidable accident, as that legal term is understood under Nebraska law.

10.     Defendants state that to the best of their knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that the product which is the subject of this lawsuit was put to abnormal and/or unintended use.

11.     Plaintiff's and decedent's alleged injuries and/or damages were not caused by any failure to warn on the part of Defendants.

12.     Defendants state that to the best of their knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that the product at issue in this case may have been altered, modified or otherwise rendered to a form not substantially similar to its form when it left the custody or control of Defendants, by others over whom Defendants had no control and whose conduct Defendants had no reason to anticipate.

13.     Plaintiff's claims are barred by the doctrine of Federal Preemption.

14.     Full and complete information was provided or available to decedent's prescribing physicians, the learned intermediaries, regarding prescription, contraindications, and side effects. Thus, Plaintiff's claims are limited and barred by the Learned Intermediary Doctrine.

15.     Based on the state of scientific, medical, and technological knowledge at the time Neurontin was distributed, Neurontin was reasonably safe for normal and foreseeable use at all relevant times, or in light of existing reasonably available medical, scientific and technological knowledge, Defendants could not have known of: (a) the design characteristics, if any, that allegedly caused the damages complained of herein or the alleged danger of such characteristics; or (b) any alternative design referred to by Plaintiff.

-14-

16.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as any product allegedly ingested by decedent was properly prepared in accordance with the applicable standard of care.

17.     Plaintiff's claims are barred, in whole or in part, because Defendants complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

18.     Based upon the state of scientific skill and knowledge at the time Neurontin was distributed by Defendants, it was reasonably safe and the benefits of the product exceeded any risk associated with the product.  Plaintiff's claims are therefore barred pursuant to Neb. Rev. Stat. § 25-21,182 and other applicable law.

19.     Plaintiff's claims against Defendants are barred under Section 402(a), comment k of the Restatement (Second) of Torts and Section 4, et seq. of the Restatement (Third) of Torts: Product Liability.

20.     Neurontin was not unreasonably dangerous, was suitable for the purposes for which it was intended, and was distributed with adequate and sufficient warnings.

21.     Defendants and Neurontin were in compliance with legislative regulatory standards and/or administrative regulatory safety standards relating to design, performance, warnings and/or instructions and, therefore, Neurontin is deemed not defective.

22.     Should Defendants be held liable to Plaintiff, which liability is specifically denied, Defendants would be entitled to a set off for all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint.

2398063v1

23.     Should Defendants be held liable to Plaintiff, which liability is specifically denied, Defendants would be entitled to a set off for the total of all amounts paid to Plaintiff from all collateral sources.

24.     Defendants state that to the best of their knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that each claim is barred, in whole or in part, because of Plaintiff's and decedent's failure to mitigate damages.

25.     Defendants deny that they are liable for any damages in this case.  Defendants contend, however, that any damage award to Plaintiff that utilizes the Nebraska joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendants' due process and equal protection guarantees under the United States and Nebraska Constitutions.   The Nebraska joint and several liability scheme violates Defendants' due process guarantees because it is supported by no legitimate state interest, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Nebraska joint and several liability scheme.   Additionally, the Nebraska system of assessing joint and several liability violates Defendants' equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law.  The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Nebraska Constitutions.  Thus, the scheme is unconstitutional and should not be applied in this action.

26.     Plaintiff's causes of action are barred in whole or in part by their failure to assert a safer design for Neurontin.

2398063v1

27.     Plaintiff's claims should be dismissed and or transferred due to improper and/or inconvenient venue.

28.     Defendants state that to the best of their knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that Plaintiff's causes of action are barred in whole or in part by the statute of repose, estoppel, laches, and/or other equitable doctrines.

29.     Plaintiff's causes of action are barred in a whole or in part by the applicable statute of limitations.

30.     Plaintiff's claims are barred in whole or in part by the Nebraska Product Liability Act, Neb. Rev. Stat. § 25-21,180, et seq.

31.     Plaintiff's strict liability claims cannot be maintained against a prescription drug manufacturer.

32.     Plaintiff's breach of warranty claims are barred by the Uniform Commercial Code as enacted in Nebraska.

33.     Decedent did not rely on any alleged express or implied warranty.

34.     Plaintiff failed to give adequate or timely notice to Defendants of any alleged breach of warranty after he discovered or should have discovered such alleged breach and is, therefore, barred from any recovery for such claims.

35.     Each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, from collateral sources.

36.     Any claims for damages associated with the loss of enjoyment of life are barred by state law.

37.     Defendants state that to the best of their knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that Plaintiff's claims are barred, in whole or in part, by contributory negligence or by the doctrine of comparative fault. To the extent that Defendants contributed to Plaintiff's and/or decedent's injuries and damages, if any, then Defendants assert the application of the Nebraska Comparative Negligence Act, Neb. Rev. Stat. § 25-21,185 et seq.  In the event that Defendants are found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Defendants reserve their right of contribution to the extent they have to pay more than their pro rata share of the common liability consistent with provisions as set forth in the Nebraska Comparative Negligence Act, Neb. Rev. Stat. § 25-21, 185 et seq.

38.     Plaintiffs' claims of fraud or similar conduct are barred by reason of Plaintiff's failure to allege the factual circumstances constituting that specific claim with particularity.

39.     Plaintiff's claims are barred, in whole or in part, because Defendants did not make any false, misleading, or deceptive statements to Plaintiffs in their advertisements and/or promotional materials concerning Neurontin.  As to any statement asserted against Defendants that Plaintiffs allege to be false, misleading, or deceptive, Defendants had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false, misleading, or deceptive.

40.     Plaintiff is not entitled to punitive, vindictive, or exemplary damages under Neb. Rev. Stat. § 25-21,185.08 and *Miller v. Kingsley*, 230 N.W.2d 472, 474 (1975).

41.     Plaintiff's claims may be barred, in whole or in part, due to lack of standing.

42.    Plaintiff may not be the real party in interest who has the right to prosecute these claims.

43.    To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, Plaintiff is barred from seeking recovery against Defendants based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

44.    Defendants reserve the right to raise such additional affirmative defenses as may be established during discovery and by the evidence in this case.

**JURY TRIAL DEMAND**

Defendants demand a trial by jury of all issues in this case.

**WHEREFORE**, Defendants respectfully request that the Court:

1.    Enter judgment in their favor on all claims alleged in the Complaint;

2.    Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.    Grant Defendants such other and further relief as the Court may deem just and proper.

Dated:  <u>March 30, 2007</u>

Respectfully submitted,


DAVIS POLK & WARDWELL

By:    <u>/s/ Neal A. Potischman</u>
       James P. Rouhandeh
       Neal A. Potischman

450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000

       -and-

HARE & CHAFFIN

By:    <u>/s/ David B. Chaffin</u>
       David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and*
*Warner-Lambert Company LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 30, 2007.


/s/David B. Chaffin
David B. Chaffin