UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: MDL DOCKET NO: 1629
In re:  NEURONTIN MARKETING, SALES    :
PRACTICES, AND PRODUCTS    : Master File No. 04-10981
LIABILITY LITIGATION    :
: Judge Patti B. Saris
:
: Magistrate Judge Leo T. Sorokin
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
THIS DOCUMENT RELATES TO:    :
:
*Ellis, et al. v. Pfizer Inc., et al.,*    :
1:06-cv-10914-PBS    :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiffs' Complaint in the above-captioned action (the "Complaint") as follows:

## AS TO STATEMENT OF THE CASE

1.    Deny the allegations in paragraph 1, except admit that the United States Food and Drug Administration ("FDA") has approved Neurontin® ("Neurontin"), the brand name for gabapentin, for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

## AS TO PARTIES AND SERVICE OF PROCESS

2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny same.

2393256v1

3.     Deny the allegations in paragraph 3, except admit that Pfizer is a Delaware corporation and has its headquarters in New York, New York.

4.     Admit the allegations in paragraph 4.

5.     Admit the allegations in paragraph 5.

6.     Deny the allegations in paragraph 6.

7.     Deny the allegations in paragraph 7.

8.     Deny the allegations in paragraph 8.

9.     Deny the allegations in paragraph 9, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

10.     Deny the allegations in paragraph 10, except admit that Warner-Lambert Company was authorized to do business in the State of Minnesota until December 31, 2002.

11.     Deny the allegations in paragraph 11, except admit that Warner-Lambert Company was a business entity actually doing business in the State of Minnesota until December 31, 2002.

12.     Deny the allegations in paragraph 12, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

13.     Deny the allegations in paragraph 13.

14.     Deny the allegations in paragraph 14, except admit that from December 31, 2002 to the present Warner-Lambert Company LLC has been a Delaware limited liability company.

15.     Deny the allegations in paragraph 15, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the State of Minnesota since December 31, 2002.

2

16.    Deny the allegations in paragraph 16, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the State of Minnesota since December 31, 2002.

17.    Deny the allegations in paragraph 17, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

18.    Deny the allegations in paragraph 18.

19.    Deny the allegations in paragraph 19.

20.    Deny the allegations in paragraph 20.

21.    Deny the allegations in paragraph 21, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

22.    Paragraph 22 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 22.

23.    Deny the allegations in paragraph 23.

24.    Deny the allegations in paragraph 24, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

25.    Paragraph 25 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 25.

26.    Paragraph 26 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 26.

27.    Paragraph 27 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 27.

28.    Paragraph 28 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 28.

2393256v1

29.     Paragraph 29 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 29.

30.     Paragraph 30 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 30.

31.     Paragraph 31 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 31.

32.     Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

33.     Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.     Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.     Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.     Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

37.     Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.     Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.     Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

2393256v1

40.     Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

41.     Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.     Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.     Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.     Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.     Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.     Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

47.     Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

48.     Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.     Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.     Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

2393256v1

51.    Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

52.    Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.    Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.    Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.    Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.    Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.    Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.    Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

59.    Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.    Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.    Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

2393256v1

62.     Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.     Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.     Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.     Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.     Paragraph 66 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 66.

67.     Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.     Paragraph 68 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 68.

69.     Deny the allegations in paragraph 69, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin.

70.     Deny the allegations in paragraph 70, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

71.     Deny the allegations in paragraph 71, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the State of Minnesota and contracts to provide goods in the State of Minnesota.

72.     Deny the allegations in paragraph 72.

7

73.    Deny the allegations in paragraph 73.

74.    Admit the allegations in paragraph 74.

75.    Deny the allegations in paragraph 75.

76.    Deny the allegations in paragraph 76.

77.    Deny the allegations in paragraph 77, except admit that Parke-Davis marketed Neurontin on a date prior to April, 2002.

78.    Deny the allegations in paragraph 78, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the State of Minnesota and contracted to provide goods in the State of Minnesota.

79.    Deny the allegations in paragraph 79.

80.    Deny the allegations in paragraph 80.

81.    Deny the allegations in paragraph 81, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until June 2000 and that until June 2000, Parke-Davis directly or indirectly did and solicited business and engaged in a persistent course of conduct in the State of Minnesota, deriving substantial revenue from goods and products consumed in the State of Minnesota.

82.    Deny the allegations in paragraph 82.

83.    Deny the allegations in paragraph 83.

84.    Deny the allegations in paragraph 84, except admit that Warner-Lambert Company marketed and sold Neurontin until June 2000.

85.     Deny the allegations in paragraph 85, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the State of Minnesota and contracted to provide goods in the State of Minnesota.

86.     Deny the allegations in paragraph 86.

87.     Deny the allegations in paragraph 87.

88.     Deny the allegations in paragraph 88, except admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of Minnesota, deriving substantial revenue from goods and products consumed in the State of Minnesota.

89.     Deny the allegations in paragraph 89.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of Minnesota, deriving substantial revenue from goods and products consumed in the State of Minnesota.

96.     Deny the allegations in paragraph 96, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent

course of conduct in the State of Minnesota, deriving substantial revenue from interstate commerce.

### AS TO JURISDICTION AND VENUE

97.    Paragraph 97, and its subparts, assert legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 97, and its subparts, except admit: (1) that Pfizer is a corporation organized under the laws of the State of Delaware and has its headquarters in the State of New York; (2) that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002, when it was converted into a Delaware limited liability company known as Warner-Lambert Company LLC with Pfizer as its sole member; (3) that Parke-Davis is an unincorporated division of Warner-Lambert Company LLC; and (4) upon information and belief, that the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### AS TO BACKGROUND

98.    Paragraph 98 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 98.

99.    Paragraph 99 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 99.

100.    Paragraph 100 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 100.

101.    Paragraph 101 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 101.

102.    Paragraph 102 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 102.

2393256v1

103.     Paragraph 103 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 103.

104.     Deny the allegations in paragraph 104, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

105.     Deny the allegations in paragraph 105, except admit that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

106.     Deny the allegations in paragraph 106.

107.     Deny the allegations in paragraph 107.

108.     Deny the allegations in paragraph 108.

109.     Deny the allegations in paragraph 109.

110.     Deny the allegations in paragraph 110.

111.     Deny the allegations in paragraph 111.

112.     Deny the allegations in paragraph 112, except admit that Neurontin was approved as adjunctive therapy for the treatment of epilepsy.

113.     Deny the allegations in paragraph 113.

114.     Deny the allegations in paragraph 114.

115.     Deny the allegations in paragraph 115, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

116.     Deny the allegations in paragraph 116.

117.     Deny the allegations in paragraph 117.

2393256v1

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and therefore deny same.

119.    Deny the allegations in paragraph 119, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's physician prescribed Neurontin to treat Plaintiff's pain, and therefore deny same.

120.    Deny the allegations in paragraph 120, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's physician prescribed Neurontin to control the effects of Plaintiff's pain, and therefore deny same.

121.    Deny the allegations in paragraph 121.

122.    Deny the allegations in paragraph 122.

123.    Deny the allegations in paragraph 123.

124.    Deny the allegations in paragraph 124.

## AS TO COUNT I

125.    Repeat each and every response to the allegations in paragraphs 1 through 124.

126.    Deny the allegations in paragraph 126.

127.    Deny the allegations in paragraph 127.

128.    Deny the allegations in paragraph 128.

129.    Deny the allegations in paragraph 129.

130.    Deny the allegations in paragraph 130.

131.    Deny the allegations in paragraph 131.

132.    Deny the allegations in paragraph 132.

## AS TO COUNT II

133.    Repeat each and every response to the allegations in paragraphs 1 through 132.

134.    Deny the allegations in paragraph 134.

2393256v1

135.    Deny the allegations in paragraph 135.

136.    Deny the allegations in paragraph 136.

137.    Deny the allegations in paragraph 137.

138.    Deny the allegations in paragraph 138.

139.    Deny the allegations in paragraph 139.

## AS TO COUNT III

140.    Repeat each and every response to the allegations in paragraphs 1 through 139.

141.    Deny the allegations in paragraph 141.

142.    Deny the allegations in paragraph 142.

143.    Deny the allegations in paragraph 143.

## AS TO COUNT IV

144.    Repeat each and every response to the allegations in paragraphs 1 through 143.

145.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 145 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 145.

146.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 146 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 146.

147.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 147 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 147, except refer to the Information for its contents.

148.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 148 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 148, except refer to the Information for its contents.

149.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 149 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 149, except refer to the Information for its contents.

150.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 150 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 150, except refer to the Information for its contents.

151.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 151 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 151, except refer to the Information for its contents.

152.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 152 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 152, except refer to the Information for its contents.

153.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 153 do not require a

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 153, except refer to the Information for its contents.

154.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 154 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 154, except refer to the Information for its contents.

155.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 155 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 155, except refer to the Information for its contents.

156.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 156 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 156, except refer to the Information for its contents.

157.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 157 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 157, except refer to the Information for its contents.

158.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 158 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 158, except refer to the Information for its contents.

159.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 159 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 159, except refer to the Information for its contents.

160.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 160 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 160, except refer to the Information for its contents.

161.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 161 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 161, except refer to the Information for its contents.

162.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 162 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 162, and all subparts thereof, except refer to the Information for its contents.

163.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 163 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 163, except refer to the Information for its contents.

164.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 164 do not require a

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 164, except refer to the Information for its contents.

165.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 165 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 165, except refer to the Information for its contents.

166.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 166 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 166, except refer to the Information for its contents.

167.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 167 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 167, except refer to the Information for its contents.

168.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 168 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 168, except refer to the Information for its contents.

169.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 169 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 169, except refer to the Information for its contents.

2393256v1

170.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 170 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 170, except refer to the Information for its contents.

171.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 171 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 171, except refer to the Information for its contents.

172.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 172 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 172, except refer to the Information for its contents.

173.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 173 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 173.

174.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 174 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 174.

175.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 175 do not require a

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 175.

176. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 176 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 176.

177. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 177 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 177, and all subparts thereof.

178. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 178 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 178.

179. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 179 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 179.

180. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 180 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 180.

181.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 181 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 181.

182.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 182 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 182.

183.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 183 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 183.

184.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 184 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 184, except refer to the supplemental NDA and the letter dated August 26, 1997 referenced in paragraph 184 for their contents.

185.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 185 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 185.

186.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 186 do not require a

2393256v1

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 186.

187.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 187 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 187, except refer to the letter dated June 29, 2001 for its contents.

188.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 188 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 188, except refer to the letter dated July 1, 2002 for its contents.

189.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 189 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 189.

190.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 190 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 190.

191.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 191 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 191.

192.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 192 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 192.

193.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 193 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 193.

194.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 194 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 194, except refer to the article referenced in paragraph 194 for its contents.

195.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 195 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 195.

196.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 196 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 196.

197.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 197 do not require a

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 197.

198.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 202 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 202, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

199.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 199 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 199.

200.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 200 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 200.

201.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 201do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 201.

202.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 202 do not require a

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 202.

203. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 203 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 203.

204. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 204 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 204, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

205. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 205 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 205.

206. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 206 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 206.

207. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 207 do not require a

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 207.

208. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 208 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 208.

209. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 209 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 209.

210. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 210 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 210.

211. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 211 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 211.

212. Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 212 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 212

## AS TO COUNT FIVE

213. Repeat each and every response to the allegations in paragraphs 1 through 212.

214.    Deny the allegations in paragraph 214.

215.    Deny the allegations in paragraph 215.

216.    Deny the allegations in paragraph 216.

### AS TO COUNT SIX

217.    Repeat each and every response to the allegations in paragraphs 1 through 216.

218.    Deny the allegations in paragraph 218.

218.[1]   Deny the allegations in paragraph 218.

219.    Deny the allegations in paragraph 219.  Defendants admit that Plaintiff seeks the relief stated in the Prayer for Relief, and all of its subparts, following paragraph 219, but deny that Plaintiff is entitled to such relief.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

---

[1] Plaintiff erroneously identified this paragraph as number 218.  Defendants have adopted Plaintiff's paragraph numbering for consistency reasons.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

### THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

### SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment K.

### EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

### NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, were caused by Plaintiff's misuse of Neurontin.

### TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

### TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiffs' inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent applicable, Plaintiffs' claims for damages are barred, in whole or part, by Plaintiffs' failure to mitigate damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiffs' alleged injuries and damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs lacks standing to bring this action.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiff's Legal Committee</u>, 531 U.S. 341 (2001).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs' claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims are barred because Plaintiffs failed to give Defendants timely notice of those claims.

## TWENTY-FORTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants are not subject to the personal jurisdiction of this Court.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants' liability for non-economic damages is several rather than joint and should be prorated.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case. Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

2393256v1

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1.    Enter judgment in their favor on all claims alleged in the Complaint;

2.    Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.    Grant Defendants such other and further relief as the Court may deem just and proper.

Dated: <u>March 30, 2007</u>                Respectfully submitted,


DAVIS POLK & WARDWELL

              By:    <u>/s/ Neal A. Potischman</u>
                     James P. Rouhandeh
                     Neal A. Potischman

450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000


                     -and-


HARE & CHAFFIN

              By:    <u>/s/ David B. Chaffin</u>
                     David B. Chaffin

160 Federal Street
      Boston, MA 02110
      Tel:  (617) 330-5000


      *Attorneys for Defendants Pfizer Inc. and*
      *Warner-Lambert Company LLC*

2393256v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 30, 2007.


/s/David B. Chaffin

David B. Chaffin