UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------ x
                          : MDL DOCKET NO:  1629
In re:  NEURONTIN MARKETING, SALES       :
         PRACTICES, AND PRODUCTS         : Master File No. 04-10981
         LIABILITY LITIGATION               :
                          : Judge Patti B. Saris
                          :
                          : Magistrate Judge Leo T. Sorokin
                          :
------------------------------------ x
                          :
THIS DOCUMENT RELATES TO:         :
                          :
      *Johnson v. Pfizer Inc.,*            :
      1:06-cv-10309-PBS              :
                          :
------------------------------------ x

## ANSWER

        **NOW INTO COURT**, Defendant Pfizer Inc. ("Pfizer"), by its undersigned

counsel, answers Plaintiffs' Original and First Supplemental and Amending Petitions, as follows:

        1.      Denies the allegations in paragraph 1, except admit that Pfizer is a Delaware

corporation and is authorized to do business and transacts business within the State of Louisiana.

        2.      The allegations in paragraph 2 are directed at an unidentified defendant and

therefore no response is required.  To the extent a response is deemed necessary, Defendants

deny knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 2, and therefore deny same.

        2(a).     Defendant denies the allegations in paragraph 2(a), except admits, on information

and belief, that Lynnita Smith is a person of the age of full majority and a resident of Louisiana,

and admit that Lynnita Smith was employed by Pfizer Inc. and/or Warner-Lambert Company since 1998.

2(b).    Paragraph 2(b) does not allege facts to which a response is required.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies same.

4.    Paragraph 4 asserts a legal conclusion to which no response is required, and Defendant therefore denies the allegations in paragraph 4.

5.    Paragraph 5 does not allege facts to which a response is required.  To the extent a response is deemed necessary, Defendant admits that Plaintiffs purport to assert a survival action and wrongful death claims, but denies that Plaintiffs are entitled to any relief.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies same.

7.    Denies the allegations in paragraph 7.

8.    Denies the allegations in paragraph 8.

9.    Denies the allegations in paragraph 9.

10.    Denies the allegations in paragraph 10.

11.    Paragraph 11 asserts a legal conclusion to which no response is required, and Defendant therefore denies the allegations in paragraph 11.

12.    Paragraph 12 asserts a legal conclusion to which no response is required, and Defendant therefore denies the allegations in paragraph 12.  Defendant admits that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 12, but denies that Plaintiffs are entitled to such relief.

## GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendant asserts the following affirmative and other defenses:

### First Defense

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### Second Defense

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

### Third Defense

The conduct of Defendant in all activities with respect to Neurontin has been and is under the supervision of the United States Food and Drug Administration and its Division of Drug Marketing, Advertising and Communications, which are charged with regulating prescription drug product labeling, advertising and promotions.  Thus, this action is barred by the doctrine of primary jurisdiction.

### Fourth Defense

Decedent's injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendant cannot be held responsible.

2358483v1

## **Fifth Defense**

The claims set forth in the Complaint are barred because Decedent's alleged injuries and damages, if any, were actually or proximately caused or contributed to be caused by an act, omission of fault or by an intervening or superseding act of some person, entity or third party other than Defendant and/or for whom Defendant is not legally responsible.

## **Sixth Defense**

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any ,were caused by medical conditions, disease, illness or processes (whether existing or contemporaneous) unrelated to Neurontin.

## **Seventh Defense**

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formatting Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## **Eighth Defense**

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## **Ninth Defense**

To the extent the Plaintiffs' allege breach of warranty, such claims are barred because Defendant breached no warranty, express or implied, to Plaintiffs and/or Decedent.

2358483v1

**Tenth Defense**

To the extent the Plaintiffs' allege breach of warranty, such claims are barred because: (1) Defendant did not make any express warranties to Decedent; (2) Defendant's Neurontin advertisements and promotions were not an affirmation of fact or a promise made by the seller to the buyer that related to the drug Neurontin and became part of the basis of the bargain in connection with purchases of Neurontin made by Decedent; (3) Defendant's Neurontin advertisements and promotions were not a description of the drug included in any contract that was part of the basis of the bargain in connection with purchases of Neurontin made by Decedent, such that a warranty was created that the drug would conform to the description; (4) Decedent did not read, see or hear about the alleged illegal "off-label" promotions; (5) there was a lack of privity between Defendant and Decedent; and (6) notice of an alleged breach was not given to the seller or Defendant.

**Eleventh Defense**

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution.

**Twelfth Defense**

The claims set forth in the Complaint are barred under the doctrine of estoppel, waiver, ratification, laches, unclean hands and by the applicable statutes of limitations and/or repose and other related doctrines and principles or any one of them, and by Plaintiffs' inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

2358483v1

**Thirteenth Defense**

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk because Decedent knowingly and voluntarily assumed the risk of injury.

**Fourteenth Defense**

Alternatively, should Defendant be found liable to plaintiffs, Defendant asks that responsibility for any damages be apportioned among all parties and all relevant non-parties.

**Fifteenth Defense**

To the extent Plaintiffs obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Defendant based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

**Sixteenth Defense**

The acts of Defendant alleged in the Complaint are not the direct and proximate cause of any injury or damage to Decedent and/or Plaintiffs.

**Seventeenth Defense**

Plaintiffs and Decedent have not suffered, and will not suffer, any injury to a legally protected or cognizable interest or any damage by reason of the conduct of Defendant as alleged in the Complaint.

**Eighteenth Defense**

Plaintiffs are not entitled to an award of attorney fees.

2358483v1

**Nineteenth Defense**

Plaintiffs' claims for damages are barred, in whole or in part: (1) because Plaintiffs failed to mitigate any damages, and such failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Defendant; (2) because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; and (3) because the damages sought are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

**Twentieth Defense**

Louisiana law does not authorize any award of punitive or exemplary damages under the circumstances set forth in the Complaint.

**Twenty-First Defense**

To the extent that Plaintiffs are alleging fraud or similar conduct, Plaintiffs have failed to plead fraud with sufficient particularity.

**Twenty-Second Defense**

Plaintiffs may not be the real parties in interest who have the right to prosecute these claims.

**Twenty-Third Defense**

Plaintiffs' claims are barred, in whole or in part, because Defendant did not make any false, misleading, or deceptive statements to Decedent and/or Plaintiffs in their advertisements and/or promotional materials concerning Neurontin. As to any statement asserted against Defendant that Plaintiffs allege to be false, misleading, or deceptive, Defendant had no

reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false, misleading, or deceptive.

### Twenty-Fourth Defense

Plaintiffs' claims may be barred, in whole or in part, due to lack of standing.

### Twenty-Fifth Defense

Plaintiffs' claims may be barred, in whole or in part, due to Plaintiffs failure to join indispensable parties and/or bring claims against the real party in interest.

### Twenty-Sixth Defense

Plaintiffs' claims as set forth in the Complaint are barred to the extent that Decedent misused or abused Neurontin, failed to use Neurontin properly, and/or used Neurontin negligently or used Neurontin in any other way except for which it was intended.

### Twenty-Seventh Defense

Plaintiffs' claims are barred because Decedent knew of the alleged risks of Neurontin or because a reasonable purchaser and/or consumer would have been aware of the alleged risks of Neurontin.

### Twenty-Eighth Defense

Plaintiffs' alleged injuries and damages, if any, were not caused by any failure to warn on the part of Defendant.

### Twenty-Ninth Defense

Plaintiffs' and Decedent's alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiffs and/or Decedent, accordingly any recovery might be reduced or eliminated altogether in accordance with the applicable law.

**Thirtieth Defense**

Based upon the state of the scientific, medical, and technological knowledge at the time Neurontin was distributed and allegedly prescribed to Decedent, Neurontin was reasonably safe for its normal and foreseeable use at all relevant times, or in light of existing reasonably available medical, scientific, and technological knowledge.

**Thirty-First Defense**

Plaintiffs claims against Defendant are barred under Section 402A, comments j and k of the *Restatement (Second) of Torts* and Sections 4 and 6 of the *Restatement (Third) of Torts: Products Liability*.

**Thirty-Second Defense**

Should Defendant be held liable to Plaintiffs, which liability is specifically denied, Defendant would be entitled to a reduction in the recovery based on the allocation of any fault, if any exists, attributable to Defendant.

**Thirty-Third Defense**

Plaintiffs' cause of action is barred in whole or in part by lack of defect, as any product allegedly ingested by Decedent was properly prepared in accordance with the applicable standard of care.

**Thirty-Fourth Defense**

Defendant and Neurontin were in compliance with legislative regulatory standards and/or administrative regulatory safety standards relating to design, performance, warnings and/or instructions and, therefore, Neurontin is deemed not defective.

2358483v1

## **Thirty-Fifth Defense**

Plaintiffs' claims are barred by the "state of the art" defense.  Neurontin, when placed into the stream of commerce, was a reasonably safe and effective prescription drug in light of the then existing and reasonably available scientific, medical, and technological knowledge.  To the extent that Plaintiffs claim that Neurontin was dangerous or defective in certain respects, Defendant states that any such risks associated with Neurontin were not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.  The drug Neurontin was not unreasonably dangerous as that term is defined in the Louisiana Product Liability Act, La. R. S. 9:2800.51 et. seq.  Defendant specifically pleads the benefits of any and all provisions of the LPLA.

## **Thirty-Sixth Defense**

Plaintiffs' claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

## **Thirty-Seventh Defense**

The drug Neurontin is a pharmaceutical product which may be used only on the order of a licensed physician.  At all pertinent times, the prescribing information or labeling which accompanied the product was sufficient to inform physicians of the risk of use of the products as required by Louisiana law.  Plaintiffs' recovery is therefore barred by the learned intermediary doctrine.

**<u>Thirty-Eighth Defense</u>**

Defendant reserves the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case. Defendant further reserves the right to amend its Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

**JURY TRIAL DEMAND**

Defendant demands a trial by jury of all issues in this case.

**WHEREFORE**, Defendant respectfully request that the Court:

1.      Enter judgment in their favor on all claims alleged in the Complaint;

2.      Award Defendant the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.      Grant Defendant such other and further relief as the Court may deem just and proper.

2358483v1

Dated:  March 30, 2007

Respectfully submitted,

DAVIS POLK & WARDWELL

By:      /s/ Neal A. Potischman
        James P. Rouhandeh
        Neal A. Potischman

450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000

        -and-

HARE & CHAFFIN

By:      /s/ David B. Chaffin
        David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendant Pfizer Inc. and
Warner-Lambert Company LLC*

2358483v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 30, 2007.


/s/David B. Chaffin

David B. Chaffin

**Error! Unknown document property name.**