UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- x
In re:  NEURONTIN MARKETING, SALES
PRACTICES, AND PRODUCTS
LIABILITY LITIGATION

------------------------------------- x
THIS DOCUMENT RELATES TO:

*Johnson v. Pfizer Inc., et al.,*
1:05-cv-12073-PBS

------------------------------------- x

MDL DOCKET NO: 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## ANSWER

Defendant Pfizer Inc. ("Pfizer"), by its undersigned counsel, answer Plaintiff's Complaint in the above-captioned action (the "Complaint") as follows:

### AS TO THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies same.

2. Denies the allegations in paragraph 2, except admits that Pfizer is a Delaware corporation, headquartered in New York, and admits that Pfizer is authorized to do business, and does business, in the State of Arizona.

3. Defendant admits that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000 and admits that in 1993 the United States Food and Drug Administration (FDA) approved Neurontin® ("Neurontin") for labeling as

2395396v1

safe and effective as adjunctive therapy in the treatment of partial seizures in patients in epilepsy. The remaining allegations in paragraph 3 are legal conclusions to which no response is required, and Defendant therefore denies the remaining allegations in paragraph 3.

4.   Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 4 regarding the identities of Does 1-100. Denies any remaining allegations in paragraph 4 to the extent they are directed at Defendant.

5.   Paragraph 5 asserts legal conclusions to which no response is required, and Defendant therefore denies the allegations in paragraph 5.

6.   Paragraph 6 asserts legal conclusions to which no response is required, and Defendant therefore denies the allegations in paragraph 6.

7.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at unidentified defendants designated as a "DOE" in paragraph 7, and therefore denies same. To the extent any allegations in paragraph 7 are directed at Defendant, Defendant denies those allegations in paragraph 7.

## AS TO JURISDICTION

8.   Paragraph 8 asserts legal conclusions to which no response is required, and Defendant therefore denies the allegations in paragraph 8.

9.   Paragraph 9 asserts legal conclusions to which no response is required, and Defendant therefore denies the allegations in paragraph 9.

## AS TO GENERAL ALLEGATIONS

10.   Paragraph 10 does not allege facts to which a response is required, and Defendant therefore denies the allegations in paragraph 10.

11. Paragraph 11 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendant admits the allegations in paragraph 11.

12. Paragraph 12 does not allege facts to which a response is required, and Defendant therefore denies the allegations in paragraph 12.

13. Denies the allegations in paragraph 13, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

14. Denies the allegations in paragraph 14, except admits the FDA approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia and refers to the FDA-approved labeling for Neurontin, which speaks for itself.

15. Denies the allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

19. Denies the allegations in paragraph 19.

20. Denies the allegations in paragraph 20.

21. Denies the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. Denies the allegations in paragraph 23.

24. Denies the allegations in paragraph 24.

25. Denies the allegations in paragraph 25.

26. Denies the allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

28. Denies the allegations in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies same.

30. Denies the allegations in paragraph 30, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that decedent's physician prescribed Neurontin to treat decedent's bipolar disorder, and therefore denies same.

31. Denies the allegations in paragraph 31, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to decedent's alleged use of Neurontin to treat bipolar disorder, and therefore denies same.

32. Denies the allegations in paragraph 32, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning decedent's physician's prescribing Neurontin to decedent, and therefore denies same.

33. Denies the allegations in paragraph 33.

34. Denies the allegations in paragraph 34.

## AS TO FIRST CAUSE OF ACTION

35. Repeats each and every response to the allegations in paragraphs 1 through 34.

36. Denies the allegations in paragraph 36.

37. Denies the allegations in paragraph 37, and all subparts thereof.

38. Denies the allegations in paragraph 38.

2395396v1

39. Denies the allegations in paragraph 39.

40. Denies the allegations in paragraph 40.

41. Denies the allegations in paragraph 41.

42. Denies the allegations in paragraph 42.

43. Denies the allegations in paragraph 43. Defendant admits that Plaintiff prays for judgment as stated in the WHEREFORE paragraph, following paragraph 43, but denies that Plaintiff is entitled to judgment.

## AS TO SECOND CAUSE OF ACTION

44. Repeat each and every response to the allegations in paragraphs 1 through 43.

45. Denies the allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48, except admit that Defendant is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, including Neurontin, and transacts business throughout the United States.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies same.

50. Denies the allegations in paragraph 50, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning decedent's use of Neurontin, and therefore denies same.

51. Denies the allegations in paragraph 51.

52. Denies the allegations in paragraph 52.

53. Denies the allegations in paragraph 53.

54. Denies the allegations in paragraph 54, and all subparts thereof.

55. Denies the allegations in paragraph 55.

56. Denies the allegations in paragraph 56.

57. Denies the allegations in paragraph 57. Defendant admits that Plaintiff prays for judgment as stated in the WHEREFORE paragraph, following paragraph 57, but denies that Plaintiff is entitled to judgment.

## AS TO THIRD CAUSE OF ACTION

58. Repeat each and every response to the allegations in paragraphs 1 through 57.

59. Denies the allegations in paragraph 59.

60. Denies the allegations in paragraph 60.

61. Denies the allegations in paragraph 61.

62. Denies the allegations in paragraph 62.

63. Denies the allegations in paragraph 63.

64. Denies the allegations in paragraph 64.

65. Denies the allegations in paragraph 65.

66. Denies the allegations in paragraph 66. Defendant admits that Plaintiff prays for judgment as stated in the WHEREFORE paragraph, following paragraph 66, but denies that Plaintiff is entitled to judgment.

## AS TO FOURTH CAUSE OF ACTION

67. Repeat each and every response to the allegations in paragraphs 1 through 66.

2395396v1

68. Denies the allegations in paragraph 68.

69. Denies the allegations in paragraph 69.

70. Denies the allegations in paragraph 70.

71. Denies the allegations in paragraph 71.

72. Denies the allegations in paragraph 72.

73. Denies the allegations in paragraph 73.

74. To the extent the allegations are directed at Defendant, Defendant denies the allegations in paragraph 74.

75. Denies the allegations in paragraph 75.

76. Denies the allegations in paragraph 76.

77. Denies the allegations in paragraph 77.

78. Denies the allegations in paragraph 78. Defendant admits that Plaintiff prays for judgment as stated in the WHEREFORE paragraph, following paragraph 78, but denies that Plaintiff is entitled to judgment.

## AS TO FIFTH CAUSE OF ACTION

79. Repeat each and every response to the allegations in paragraphs 1 through 78.

80. Denies the allegations in paragraph 80.

81. Denies the allegations in paragraph 81.

82. Denies the allegations in paragraph 82.

83. Denies the allegations in paragraph 83.

84. Denies the allegations in paragraph 84.

85. Denies the allegations in paragraph 85.

2395396v1

86. Denies the allegations in paragraph 86.

87. To the extent the allegations are directed at Defendant, Defendant denies the allegations in paragraph 87.

88. Denies the allegations in paragraph 88.

89. Denies the allegations in paragraph 89.

90. Denies the allegations in paragraph 90.

91. Denies the allegations in paragraph 91.  Defendant admits that Plaintiff prays for judgment as stated in the WHEREFORE paragraph, following paragraph 91, but denies that Plaintiff is entitled to judgment.

## AS TO SIXTH CAUSE OF ACTION

92. Repeat each and every response to the allegations in paragraphs 1 through 91.

93. Denies the allegations in paragraph 93.

94. Denies the allegations in paragraph 94.

95. Denies the allegations in paragraph 95.

96. Denies the allegations in paragraph 96.

97. Denies the allegations in paragraph 97.

98. Denies the allegations in paragraph 98.

99. To the extent the allegations are directed at Defendant, Defendant denies the allegations in paragraph 99.

100. Denies the allegations in paragraph 100.

101. Denies the allegations in paragraph 101.

102. Denies the allegations in paragraph 102.

103. Denies the allegations in paragraph 103. Defendant admits that Plaintiff prays for judgment as stated in the WHEREFORE paragraph, following paragraph 103, but denies that Plaintiff is entitled to judgment.

## AS TO SEVENTH CAUSE OF ACTION

104. Repeat each and every response to the allegations in paragraphs 1 through 104.

105. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 105 do not require a response. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 105.

106. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 106 do not require a response. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 106.

107. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 107 do not require a response. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 107.

108. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 108 do not require a response. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 108.

109. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 109 do not require a response. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 109.

110. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 110 do not require a response. To the extent any remaining allegations are directed at Defendant, and a response is deemed necessary, Defendant denies the remaining allegations in paragraph 110.

111. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 111 do not require a response. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 111.

112. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 112 do not require a response. To the extent a response is deemed necessary, Defendants denies the allegations in paragraph 112.

113. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 113 do not require a response. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 113. Defendant admits that Plaintiff prays for judgment as stated in the WHEREFORE paragraph, following paragraph 113, but denies that Plaintiff is entitled to judgment.

## AS TO EIGHTH CAUSE OF ACTION

114. Repeat each and every response to the allegations in paragraphs 1 through 113.

115. Denies the allegations in paragraph 115.

116. Denies the allegations in paragraph 116.

117. Denies the allegations in paragraph 117.

118. Denies the allegations in paragraph 118.

119. Denies the allegations in paragraph 119.

120. To the extent the allegations are directed at Defendant, Defendant denies the allegations in paragraph 120.

121. Denies the allegations in paragraph 121.

122. Denies the allegations in paragraph 122.

123. Denies the allegations in paragraph 123.  Defendant admits that Plaintiff seeks the relief stated in the Prayer for Relief, and all of its subparts, following paragraph 123, but denies that Plaintiff is entitled to such relief.

## GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendant affirmatively asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

2395396v1

## SECOND AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

## THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Decedent's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

## FOURTH AFFIRMATIVE DEFENSE

Decedent's injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendant cannot be held responsible.

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

## SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment K.

### EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

### NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Decedent's alleged injuries and damages, if any, were caused by Decedent's misuse of Neurontin.

### TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative and/or contributory negligence and comparative assumption of risk.

### TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendant breached no warranty, express or implied, to Decedent.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

2395396v1

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by Plaintiff's failure to mitigate damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendant specifically asserts the defenses of comparative negligence and comparative assumption of risk.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendant's liability for non-economic damages is several rather than joint and should be prorated.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendant is entitled to contribution from any person and/or entity whose negligence or other fault contributed to Decedent's alleged injuries and damages.

### NINETEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

2395396v1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of <u>BMW of North America Inc. v. Gore</u>, 517 U.S. 559 (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group</u>, 532 U.S. 424 (2001), <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003), and <u>Philip Morris USA v. Williams</u>, 127 S. Ct. 1057 (2007).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiff's Legal Committee</u>, 531 U.S. 341 (2001).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because Plaintiff failed to give Defendants timely notice of those claims.

2395396v1

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The plans, specifications, and designs of the product described in plaintiff's Complaint, and the method and techniques of manufacture, inspection, testing, and labeling of the product, conformed with the state of the art at the time the product was first sold, thereby precluding the liability of this answering defendant pursuant to Ariz. Rev. Stat. Section 12-683(1).

### FORTIETH AFFIRMATIVE DEFENSE

The Complaint is barred pursuant to Arizona Revised Statute Section 12-685 because plaintiff has alleged a products liability action but has failed to include a statement reciting that the jurisdictional amount for filing the action is satisfied.

### FORTY-FIRST AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred pursuant to Ariz. Rev. Stat. Section 12-683(1)-(3).

### FORTY-SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case. Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

### DEMAND FOR TRIAL BY JURY

Defendant hereby demands trial by jury.

**WHEREFORE**, Defendant respectfully requests that the Court:

1. Enter judgment in their favor on all claims alleged in the Complaint;

2. Award Defendant the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3. Grant Defendant such other and further relief as the Court may deem just and proper.

Dated:  March 30, 2007                    Respectfully submitted,

                                                    DAVIS POLK & WARDWELL

                                                    By:     /s/ Neal A. Potischman
                                                              James P. Rouhandeh
                                                               Neal A. Potischman

                                                  450 Lexington Avenue
                                                  New York, NY 10017
                                                  Tel:  (212) 450-4000

                                                        -and-

                                                HARE & CHAFFIN

                                                By:     /s/ David B. Chaffin
                                                              David B. Chaffin

                                                  160 Federal Street
                                                  Boston, MA 02110
                                                  Tel:  (617) 330-5000

                                                  *Attorneys for Defendants Pfizer Inc. and*
                                                  *Warner-Lambert Company LLC*

2395396v1

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 30, 2007.

      /s/David B. Chaffin

      David B. Chaffin

Case 1:04-cv-10981-PBS    Document 704    Filed 03/30/2007    Page 19 of 19

**Error! Unknown document property name.**