UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING, SALES
PRACTICES, AND PRODUCTS
LIABILITY LITIGATION

: MDL DOCKET NO:  1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T. Sorokin
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

*McPherson v. Pfizer Inc., et al.,*
1:05-cv-12076-PBS

:
:
:
:
:
:
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, formerly

known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its

unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by

their undersigned counsel, answer Plaintiff's Complaint in the above-captioned action (the

"Complaint") as follows:

### AS TO THE PARTIES

1. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 1, and therefore deny same, except admit that Plaintiff seeks to recover

damages for the personal injury and death of Tamera L. McPherson, but deny Plaintiff is entitled

to such relief.

2. Admit the allegations in paragraph 2.

3.    Deny the allegations in paragraph 3, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

4.    Deny the allegations in paragraph 4, except admit that Warner-Lambert Company was a business entity actually doing business in the State of Ohio until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert LLC.

5.    Deny the allegations in paragraph 5, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

6.    Deny the allegations in paragraph 6, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

7.    Deny the allegations in paragraph 7, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

8.    Paragraph 8 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 8.

9.    Paragraph 9 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 9.

10.    Paragraph 10 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 10.

11.    Paragraph 11 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 11.

12.    Paragraph 12 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 12.

13.    Paragraph 13 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 13.

14.    Paragraph 14 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 14.

15.    Deny the allegations in paragraph 15, except admit that Pfizer's headquarters are in New York.

16.    Deny the allegations in paragraph 16, except admit that:  (1) that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of marketing pharmaceutical drugs, including Neurontin, and transacts business within the State of Ohio and contracts to provide goods in the State of Ohio; (2) that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis, directly and/or indirectly, engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the State of Ohio and contracted to provide goods in the State of Ohio; and (3) that Warner-Lambert Company was, until December 31, 2002, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the State of Ohio and contracted to provide goods in the State of Ohio.

17.    Deny the allegations in paragraph 17.

18.    Deny the allegations in paragraph 18, except admit:  (1) that Pfizer, directly or indirectly, regularly does and solicits business and engages in a persistent course of conduct  in the State of Ohio, deriving substantial revenue from goods and products consumed in the State of Ohio; (2) that Parke-Davis was a division of Warner-Lambert Company from approximately

1978 until June 2000 and that until June 2000, Parke-Davis, directly or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of Ohio, deriving substantial revenue from goods and products consumed in the State of Ohio; (3) that Warner-Lambert Company was, until December 31, 2002, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of Ohio, deriving substantial revenue from goods and products consumed in the State of Ohio; and (4) that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of Ohio, deriving substantial revenue from goods and products consumed in the State of Ohio.

19.    Deny the allegations in paragraph 19.

## AS TO JURISDICTION AND VENUE

20.    Paragraph 20 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 20, except admit that upon information and belief, the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

21.    Paragraph 21 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 21.

## AS TO BACKGROUND

22.    Paragraph 22 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 22.

2359533v1

23.    Paragraph 23 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 23.

24.    Paragraph 24 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 24.

25.    Paragraph 25 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 25.

26.    Paragraph 26 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 26.

27.    Paragraph 27 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 27.

28.    Deny the allegations in paragraph 28, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

29.    Deny the allegations in paragraph 29, except admit that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

30.    Deny the allegations in paragraph 30.

31.    Deny the allegations in paragraph 31.

32.    Deny the allegations in paragraph 32.

33.    Deny the allegations in paragraph 33.

34.    Deny the allegations in paragraph 34.

2359533v1

35.    Deny the allegations in paragraph 35.

36.    Deny the allegations in paragraph 36.

37.    Deny the allegations in paragraph 37.

38.    Deny the allegations in paragraph 38, except admit that on May 13, 2004, an Information ("Information") was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

39.    Deny the allegations in paragraph 39, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that decedent's physician prescribed Neurontin to treat decedent's "conditions," and therefore deny same.

40.    Deny the allegations in paragraph 40.

41.    Deny the allegations in paragraph 41.

42.    Deny the allegations in paragraph 42.

<u>**AS TO COUNT ONE**</u>

43.    Repeat each and every response to the allegations in paragraphs 1 through 42.

44.    Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.    Deny the allegations in paragraph 45.

46.    Deny the allegations in paragraph 46.

47.    Deny the allegations in paragraph 47.

48.    Deny the allegations in paragraph 48.

49.    Deny the allegations in paragraph 49.

<u>**AS TO COUNT TWO**</u>

2359533v1

50.    Repeat each and every response to the allegations in paragraphs 1 through 49.

51.    Deny the allegations in paragraph 51.

52.    Deny the allegations in paragraph 52.

## AS TO COUNT THREE

53.    Deny the allegations in paragraph 53.

54.    Deny the allegations in paragraph 54.

55.    Deny the allegations in paragraph 55.

56.    Deny the allegations in paragraph 56.

57.    Deny the allegations in paragraph 57.

58.    Deny the allegations in paragraph 58.

## AS TO COUNT FOUR

59.    Repeat each and every response to the allegations in paragraphs 1 through 58.

60.    Deny the allegations in paragraph 60.

61.    Deny the allegations in paragraph 61.

## AS TO COUNT FIVE

62.    Repeat each and every response to the allegations in paragraphs 1 through 61.

63.    Deny the allegations in paragraph 63.

64.    Deny the allegations in paragraph 64.

65.    Deny the allegations in paragraph 65.

66.    Deny the allegations in paragraph 66.

67.    Deny the allegations in paragraph 67.

## AS TO COUNT SIX

2359533v1

68.   Repeat each and every response to the allegations in paragraphs 1 through 67.

69.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 69 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 69.

70.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 70 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 70.

71.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 71 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 71, except refer to the Information for its contents.

72.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 72 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 72, except refer to the Information for its contents.

73.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 73 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph73.

74.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 74 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 74, except refer to the Information for its contents.

75.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 75 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 75, except refer to the Information for its contents.

76.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 76 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 76, except refer to the Information for its contents.

77.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 77 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 77, except refer to the Information for its contents.

78.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 78 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 78, except refer to the Information for its contents.

79.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 79 do not require a

2359533v1

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 79, except refer to the Information for its contents.

80.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 80 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 80, except refer to the Information for its contents.

81.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 81 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 81, except refer to the Information for its contents.

82.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 82 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 82, except refer to the Information for its contents.

83.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 83 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 83, except refer to the Information for its contents.

84.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 84 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 84, except refer to the Information for its contents.

2359533v1

85.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 85 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 85, except refer to the Information for its contents.

86.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 86 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 86, and all subparts thereof, except refer to the Information for its contents.

87.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 87 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 87, except refer to the Information for its contents.

88.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 88 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 88, except refer to the Information for its contents.

89.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 89 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 89, except refer to the Information for its contents.

90.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 90 do not require a

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 90, except refer to the Information for its contents.

91.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 91 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 91, except refer to the Information for its contents.

92.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 92 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 92, except refer to the Information for its contents.

93.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 93 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 93, except refer to the Information for its contents.

94.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 94 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 94, except refer to the Information for its contents.

95.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 95 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 95, except refer to the Information for its contents.

2359533v1

96.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 96 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 96, except refer to the Information for its contents.

97.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 97 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 97.

98.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 98 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 98.

99.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 99 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 99.

100.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 100 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 100.

101.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 101, and its subparts, do

not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 101, and all subparts thereof.

102. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 102 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 102.

103. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 103 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 103.

104. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 104 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 104.

105. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 105 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 105.

106. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 106 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 106.

2359533v1

107.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 107 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 107.

108.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 108 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 108.

109.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 109 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 109.

110.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 110 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 110.

111.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 111 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 111.

## AS TO COUNT SEVEN

112.   Repeat each and every response to the allegations in paragraphs 1 through 111.

113.    Repeat each and every response to the allegations in paragraphs 1 through 112.

114.    Deny the allegations in paragraph 114.

115.    Deny the allegations in paragraph 115.

116.    Deny the allegations in paragraph 116.

## AS TO COUNT EIGHT

117.    Repeat each and every response to the allegations in paragraphs 1 through 116.

118.    Deny the allegations in paragraph 118.

119.    Deny the allegations in paragraph 119.

## AS TO COUNT NINE

120.    Repeat each and every response to the allegations in paragraphs 1 through 120.

121.    Paragraph 121 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 121.

122.    Paragraph 122 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 122.

123.    Deny the allegations in paragraph 123.

124.    Deny the allegations in paragraph 124.

## AS TO COUNT TEN

125.    Repeat each and every response to the allegations in paragraphs 1 through 124.

126.    Deny the allegations in paragraph 126. Admit that Plaintiff seeks the relief set forth in the WHEREFORE paragraph following paragraph 126, and all of its subparts, but deny that Plaintiff is entitled to such relief.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

### THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Decedent's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

### FOURTH AFFIRMATIVE DEFENSE

Decedent's injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

2359533v1

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

## SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment K.

## EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiff's and decedent's alleged injuries and damages, if any, were caused by Decedent's misuse of Neurontin.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

2359533v1

### ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

### TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Decedent.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by Plaintiff's and decedent's failure to mitigate damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants' liability for non-economic damages is several rather than joint and should be prorated.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Decedent's alleged injuries and damages.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because Plaintiff failed to give Defendants timely notice of those claims.

2359533v1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff alleges claims based upon oral warranties or representations, Plaintiff's claims are barred, in whole or in part, by the applicable statute of frauds.

## THIRTIETH AFFIRMATIVE DEFENSE

Upon information and belief, Defendants made no representations to Decedent.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant breached no duty allegedly owed to Decedent.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or Plaintiff's Decedent did not sustain any damages as a result of any alleged acts and/or representations of Defendants or their employees and/or agents.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Defendants because Plaintiff's Decedent did not act in reliance on any of the actions or representations of Defendants alleged in the Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary and indispensable parties, as required for a proper adjudication of this matter under Fed. R. Civ. P. 19.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case. Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

2359533v1

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1.     Enter judgment in their favor on all claims alleged in the Complaint;

2.     Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.     Grant Defendants such other and further relief as the Court may deem just and proper.

Dated:  March 30, 2007                     Respectfully submitted,


DAVIS POLK & WARDWELL

By:      /s/ Neal A. Potischman
         James P. Rouhandeh
         Neal A. Potischman

450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000

      -and-

HARE & CHAFFIN

By:      /s/ David B. Chaffin
         David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and*
*Warner-Lambert Company LLC*

2359533v1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 30, 2007.

/s/David B. Chaffin

David B. Chaffin