UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re: NEURONTIN MARKETING, SALES
PRACTICES, AND PRODUCTS
LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

*Cooper, et al. v. Pfizer Inc., et al.,*
1:05-cv-10834-PBS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: MDL DOCKET NO: 1629

: Master File No. 04-10981

: Judge Patti B. Saris

: Magistrate Judge Leo T. Sorokin

## ANSWER

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, formerly

known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its

unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by

their undersigned counsel, answer Plaintiffs' Complaint in the above-captioned action (the

"Complaint") as follows:

### AS TO INTRODUCTION

1.       Defendants deny the allegations in paragraph 1, except admit that the term "off-

label" speaks for itself.

2.       Defendants deny the allegations in paragraph 2, except admit that the federal

regulations governing the marketing of prescription drug products speak for themselves.

3.      Defendants deny the allegations in paragraph 3, except admit that, in December 1993, the FDA approved Neurontin® ("Neurontin") for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

4.      Defendants deny the allegations in paragraph 4, except admit that sales of Neurontin have increased since 1995 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

5.      Defendants deny the allegations in paragraph 5.

6.      Defendants deny the allegations in paragraph 6, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts (the "Information"), which Information speaks for itself; admit that Warner-Lambert Company LLC entered into a plea agreement with the United States Government; and admit that Warner-Lambert Company LLC entered into an Assurance of Voluntary Compliance with the attorneys general of the 50 states, which agreement speaks for itself.

**AS TO JURISDICTION AND VENUE**

7.      Paragraph 7 asserts legal conclusions to which no responses are required.  To the extent a response is deemed necessary, Defendants admit, upon information and belief, that Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Paragraph 8 asserts legal conclusions to which no responses are required, and Defendants therefore deny the allegations in paragraph 8.

2355269v1

9.      Paragraph 9 asserts legal conclusions to which no responses are required, and Defendants therefore deny the allegations in paragraph 9.

## AS TO PARTIES

10.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore deny same.

11.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore deny same.

12.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore deny same.

13.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore deny same.

14.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore deny same.

15.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore deny same.

16.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore deny same.

17.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny same.

18.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore deny same.

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny same.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny same.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore deny same.

22.    Defendants deny the allegations in paragraph 22, except admit that Pfizer is a Delaware corporation whose headquarters are in New York; admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002; admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002; admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000; and admit that Pfizer, directly and/or indirectly through its subsidiaries, has manufactured, marketed and sold Neurontin since June 2000.

23.    Defendants deny the allegations in paragraph 23, except admit that Pfizer is a Delaware corporation whose headquarters are in New York; admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002; admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002; admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000; and admit that Pfizer, directly and/or indirectly through its subsidiaries, has manufactured, marketed and sold Neurontin since June 2000.

## AS TO FACTUAL ALLEGATIONS

24.    Paragraph 24 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 24, except admit that the federal regulations governing prescription drug products speak for themselves.

25.    Paragraph 25 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 25, except admit that physicians may lawfully prescribe drugs for indications not in the FDA-approved labeling, and admit that the term "off-label" and the federal laws and regulations governing prescription drug products speak for themselves.

26.    Paragraph 26 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 26, except admit the federal laws and regulations governing prescription drug products speak for themselves.

27.    Defendants deny the allegations in paragraph 27, except admit that, in December 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

28.    Defendants deny the allegations in paragraph 28, except admit that at the time the FDA approved Neurontin, the patent that had been granted for gabapentin, the scientific name for Neurontin, had been granted for a specific period of time.

29.    Defendants deny the allegations in paragraph 29, except admit that at the time the FDA approved Neurontin, the patent that had been granted for gabapentin, the scientific name for Neurontin, had been granted for a specific period of time.

2355269v1

30.    Defendants deny the allegations in paragraph 30.

31.    Defendants deny the allegations in paragraph 31.

32.    Defendants deny the allegations in paragraph 32.

33.    Defendants deny the allegations in paragraph 33.

34.    Defendants deny the allegations in paragraph 34, except admit that the federal regulations governing prescription drug products speak for themselves.

35.    Defendants deny the allegations in paragraph 35.

36.    Defendants deny the allegations in paragraph 36.

37.    Defendants deny the allegations in paragraph 37, including subparts.

38.    Defendants deny the allegations in the second paragraph 38, including subparts, except admit that the federal regulations governing prescription drug products speak for themselves.

39.    Defendants deny the allegations in paragraph 39, except admit that the content of any slide show presentation speaks for itself.

40.    Defendants deny the allegations in paragraph 40, except admit that any statements made by employees of Warner-Lambert or others speak for themselves.

41.    Defendants deny the allegations in paragraph 41.

42.    Defendants deny the allegations in paragraph 42, including subparts.

43.    Defendants deny the allegations in paragraph 43.

44.    Defendants deny the allegations in paragraph 44, including all subparts.

45.    Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46, except admit that federal laws governing prescription drug products speak for themselves.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50, except refer to the Information for its contents.

51.     Defendants deny the allegations in paragraph 51, except refer to the Information for its contents.

52.     Defendants deny the allegations in paragraph 52, except refer to the Information for its contents.

53.     Defendants deny the allegations in paragraph 53, except refer to the Information for its contents.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60, including all subparts.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.

63.    Defendants deny the allegations in paragraph 63, including all subparts, except refer to the June 1997 letter to FDA for its contents, and admit that in 1995 and 1996 Parke-Davis conducted a Phase IV trial, known as STEPS, that involved titration of Neurontin, and refer to the referenced article in subpart (e) for its contents.

64.    Defendants deny the allegations in paragraph 64, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs purchased Neurontin for an off-label use, and therefore deny same.

65.    Defendants deny the allegations in paragraph 65, including all subparts.

66.    Defendants deny the allegations in paragraph 66.

67.    Defendants deny the allegations in paragraph 67.

68.    Defendants deny the allegations in paragraph 68.

69.    Defendants deny the allegations in paragraph 69.

70.    Defendants deny the allegations in paragraph 70.

71.    Defendants deny the allegations in paragraph 71, including all subparts, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts, which Information speaks for itself.

72.    Defendants deny the allegations in paragraph 72.

73.    Defendants deny the allegations in paragraph 73, including all subparts.

74.    Defendants deny the allegations in paragraph 74.

## AS TO COUNT ONE

2355269v1

75.     Defendants incorporate their responses to paragraphs 1 through 74 as if fully set forth herein.

76.     Defendants deny the allegations in paragraph 76.

77.     Defendants deny the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

81.     Defendants incorporate their responses to paragraphs 1 through 80 as if fully set forth herein.

82.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore deny same.

83.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore deny same.

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants admit that Plaintiffs seek the relief set forth in paragraph 85, but deny that Plaintiffs are entitled to such relief.

### AS TO COUNT TWO

86.     Defendants incorporate their responses to paragraphs 1 through 85 as if fully set forth herein.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants deny  the allegations in paragraph 89.

## AS TO COUNT THREE

90.     Defendants incorporate their responses to paragraphs 1 through 89 as if fully set forth herein.

91.     Defendants deny the allegations in paragraph 91, except admit that until approximately June 2000, Warner-Lambert Company, directly and/or indirectly, manufactured and sold Neurontin; and admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has manufactured and sold Neurontin.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants deny the allegations in paragraph 93.

94.     Defendants deny the allegations in paragraph 94.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants deny the allegations in paragraph 96, including all subparts.

## AS TO COUNT FOUR

97.     Defendants incorporate their responses to paragraphs 1 through 96 as if fully set forth herein.

98.     Deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99, except admit that until approximately June 2000, Warner-Lambert Company, directly and/or indirectly, manufactured and sold Neurontin; and admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has manufactured and sold Neurontin.

100.     Defendants deny the allegations in paragraph 100.

101.     Defendants deny the allegations in paragraph 101.

-10-

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants deny the allegations in paragraph 103, including all subparts.

### AS TO COUNT FIVE

104.    Defendants incorporate their responses to paragraphs 1 through 103 as if fully set forth herein.

105.    Defendants deny the allegations in paragraph 105.

### AS TO COUNT SIX

106.    Defendants incorporate their responses to paragraphs 1 through 105 as if fully set forth herein.

107.    Defendants deny the allegations in paragraph 107, except admit only those duties imposed by law but deny the breach of any applicable duties.

108.    Defendants deny the allegations in paragraph 108.

### AS TO COUNT SEVEN

109.    Defendants deny the allegations in paragraph 109.

### AS TO COUNT VIII

110.    Defendants incorporate their responses to paragraphs 1 through 109 as if fully set forth herein.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants deny the allegations in paragraph 113.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants deny the allegations in paragraph 115.

-11-

116.   Defendants deny the allegations in paragraph 116, including all subparts.

### AS TO FRAUDULENT CONCEALMENT/EQUITABLE TOLLING OF STATUTE OF LIMITATIONS/PRESCRIPTIONS

117.   Defendants deny the allegations in paragraph 117.

118.   Defendants deny the allegations in paragraph 118.

119.   Defendants deny the allegations in paragraph 119.

120.   Defendants deny the allegations in paragraph 120.

121.   Defendants deny the allegations in paragraph 121.

122.   Defendants deny the allegations in paragraph 122.

### AS TO COUNT NINE

123.   Defendants incorporate their responses to paragraphs 1 through 122 as if fully set forth herein.

124.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 124 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 124.

125.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 125 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 125.

2355269v1

## AS TO CAUSATION

126.    Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 126, and its subparts, do not require a response.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 126, and its subparts.

## AS TO COUNT TEN

a.    Defendants incorporate their responses to paragraphs 1 through 126 as if fully set forth herein.

b.    Defendants deny the allegations in paragraph b.

c.    Defendants deny the allegations in paragraph c.

d.    Paragraph d does not allege facts to which a response is required.   Defendants admit that Plaintiffs seek the relief in the "Wherefore" paragraph, and its subparts, following paragraph d, but deny that Plaintiffs are entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

2355269v1

**SECOND AFFIRMATIVE DEFENSE**

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

**THIRD AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

**FIFTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

**SIXTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred by the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment K.

2355269v1

## EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, were caused by Plaintiffs' misuse of Neurontin.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

2355269v1

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiffs' inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs' claims for damages are barred, in whole or part, by Plaintiffs' failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiffs' alleged injuries and damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution.

2355269v1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

With respect to any claims for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003); and Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs' claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims are barred because Plaintiffs failed to give Defendants timely notice of those claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants' liability for non-economic damages is several rather than joint and should be prorated.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case. Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Mississippi Product Liability Act, Miss. Code § 11-1-63, et seq.

2355269v1

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1.     Enter judgment in their favor on all claims alleged in the Complaint;

2.     Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.     Grant Defendants such other and further relief as the Court may deem just and proper.


Dated:  March 30, 2007                    Respectfully submitted,


                                          DAVIS POLK & WARDWELL

                                          By:     /s/ Neal A. Potischman
                                                  James P. Rouhandeh
                                                  Neal A. Potischman

                                          450 Lexington Avenue
                                          New York, NY 10017
                                          Tel:  (212) 450-4000

                                               -and-

                                          HARE & CHAFFIN

                                          By:     /s/ David B. Chaffin
                                                  David B. Chaffin

                                          160 Federal Street
                                          Boston, MA 02110
                                          Tel:  (617) 330-5000

                                          *Attorneys for Defendants Pfizer Inc. and
                                          Warner-Lambert Company LLC*

2355269v1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 30, 2007.

/s/David B. Chaffin

David B. Chaffin

2355269v1