UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :  MDL DOCKET NO: 1629

In re:  NEURONTIN MARKETING, SALES        :
         PRACTICES, AND PRODUCTS         :  Master File No. 04-10981
         LIABILITY LITIGATION               :

                     :  Judge Patti B. Saris

                     :  Magistrate Judge Leo T. Sorokin

                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :

THIS DOCUMENT RELATES TO:       :

    *Smith v. Pfizer Inc., et al.,*      :
    1:05-cv-11515-PBS           :

                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiff's Complaint in the above-captioned action (the "Complaint") as follows:

### AS TO PARTIES

1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny same.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny same.

3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny same.

4.     Admit the allegations in paragraph 4.

5.      Admit the allegations in paragraph 5.

6.      Admit the allegations in paragraph 6.

7.      Deny the allegations in paragraph 7, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

8.      Deny the allegations in paragraph 8.

9.      Deny the allegations in paragraph 9.

10.     Deny the allegations in paragraph 10, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

11.     Deny the allegations in paragraph 11, except admit that Warner-Lambert Company was authorized to do business in the State of Tennessee until December 31, 2002.

12.     Deny the allegations in paragraph 12, except admit that Warner-Lambert Company was a business entity actually doing business in the State of Tennessee until December 31, 2002.

13.     Deny the allegations in paragraph 13, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

14.     Deny the allegations in paragraph 14.

15.     Deny the allegations in paragraph 15, except admit that from December 31, 2002 to the present Warner-Lambert Company LLC has been a Delaware limited liability company.

16.     Deny the allegations in paragraph 16, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the State of Tennessee since December 31, 2002.

2

17.    Deny the allegations in paragraph 17, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the State of Tennessee since December 31, 2002.

18.    Deny the allegations in paragraph 18, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

19.    Deny the allegations in paragraph 19.

20.    Deny the allegations in paragraph 20.

21.    Deny the allegations in paragraph 21.

22.    Deny the allegations in paragraph 22, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

23.    Paragraph 23 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 23.

24.    Deny the allegations in paragraph 24.

25.    Deny the allegations in paragraph 25, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

26.    Paragraph 26 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 26.

27.    Paragraph 27 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 27.

28.    Paragraph 28 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 28.

29.    Paragraph 29 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 29.

2393413v1

30.     Paragraph 30 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 30.

31.     Paragraph 31 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 31.

32.     Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

33.     Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.     Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.     Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.     Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

37.     Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.     Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.     Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

40.     Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

4

41.    Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.    Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.    Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.    Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.    Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.    Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

47.    Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

48.    Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.    Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.    Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

51.    Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

2393413v1

52.    Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.    Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.    Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.    Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.    Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.    Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.    Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

59.    Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.    Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.    Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

62.    Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.     Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.     Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.     Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.     Paragraph 66 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 66.

67.     Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.     Paragraph 68 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 68.

69.     Paragraph 69 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 69.

70.     Deny the allegations in paragraph 70, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin® ("Neurontin").

71.     Deny the allegations in paragraph 71, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

72.     Deny the allegations in paragraph 72, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the State of Tennessee and contracts to provide goods in the State of Tennessee.

7

73.   Deny the allegations in paragraph 73.

74.   Deny the allegations in paragraph 74.

75.   Denies the allegations in paragraph 75, except admits that Pfizer directly or indirectly does and solicits business in the State of Tennessee, deriving substantial revenue from goods and products consumed in the State of Tennessee.

76.   Deny the allegations in paragraph 76.

77.   Deny the allegations in paragraph 77.

78.   Deny the allegations in paragraph 78, except admit that Parke-Davis marketed Neurontin on a date prior to May 13, 2004.

79.   Deny the allegations in paragraph 79, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the State of Tennessee and contracted to provide goods in the State of Tennessee.

80.   Deny the allegations in paragraph 80.

81.   Deny the allegations in paragraph 81.

82.   Deny the allegations in paragraph 82, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until June 2000 and that until June 2000, Parke-Davis directly or indirectly did and solicited business and engaged in a persistent course of conduct in the State of Tennessee, deriving substantial revenue from goods and products consumed in the State of Tennessee.

83.   Deny the allegations in paragraph 83.

84.   Deny the allegations in paragraph 84.

85.     Deny the allegations in paragraph 85, except admit that Warner-Lambert Company marketed and sold Neurontin until June 2000.

86.     Deny the allegations in paragraph 86, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the State of Tennessee and contracted to provide goods in the State of Tennessee.

87.     Deny the allegations in paragraph 87.

88.     Deny the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89, except admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of Tennessee, deriving substantial revenue from goods and products consumed in the State of Tennessee.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of Tennessee, deriving substantial revenue from goods and products consumed in the State of Tennessee.

97.     Deny the allegations in paragraph 97.

2393413v1

98.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, and therefore deny same.

99.    Paragraph 99 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 99.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, and therefore deny same.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, and therefore deny same.

102.    Deny the allegations in paragraph 102, except deny knowledge of information sufficient to form a belief as to the truth of the allegations concerning the identities of John Doe(s) 1-10, and therefore deny same.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, and therefore deny same.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and therefore deny same.

105.    Deny the allegations in paragraph 105, except deny knowledge or information sufficient to form a belief as to the truth of the allegations directly linked to the activities of unidentified defendants, John Doe(s) 1-10, and therefore deny same.

106.    Deny the allegations in paragraph 106, except deny knowledge of information sufficient to form a belief as to the truth of the allegations concerning the identities of John Doe(s) 1-10, and therefore deny same.

## AS TO JURISDICTION AND VENUE

107.    Deny the allegations in paragraph 107, except admit that the FDA has approved Neurontin, the brand name for gabapentin, for labeling as safe and effective only as adjunctive

2393413v1

therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

108.    Paragraph 108 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 108.

### AS TO FACTS

109.    Paragraph 109 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 109.

110.    Paragraph 110 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 110.

111.    Paragraph 111 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 111.

112.    Paragraph 112 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 112.

113.    Paragraph 113 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 113.

114.    Paragraph 114 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 114.

115.    Deny the allegations in paragraph 115, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

116.    Deny the allegations in paragraph 116, except admit that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

2393413v1

117.    Deny the allegations in paragraph 117.

118.    Deny the allegations in paragraph 118.

119.    Deny the allegations in paragraph 119.

120.    Deny the allegations in paragraph 120.

121.    Deny the allegations in paragraph 121.

122.    Deny the allegations in paragraph 122.

123.    Deny the allegations in paragraph 123, except admit that Neurontin was approved as adjunctive therapy for the treatment of epilepsy.

124.    Deny the allegations in paragraph 124.

125.    Deny the allegations in paragraph 125.

126.    Deny the allegations in paragraph 126, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

127.    Deny the allegations in paragraph 127.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128, and therefore deny same.

129.    Deny the allegations in paragraph 129, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that decedent's physician prescribed Neurontin to treat decedent's pain, and therefore deny same.

130.    Deny the allegations in paragraph 130, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that decedent's physician prescribed Neurontin to control the effects of decedent's pain, and therefore deny same.

131.    Deny the allegations in paragraph 131.

2393413v1

132.    Deny the allegations in paragraph 132.

133.    Deny the allegations in paragraph 133.

134.    Deny the allegations in paragraph 134.

## AS TO COUNT ONE

135.    Repeat each and every response to the allegations in paragraphs 1 through 134.

136.    Deny the allegations in paragraph 136.

137.    Deny the allegations in paragraph 137.

138.    Deny the allegations in paragraph 138.

139.    Deny the allegations in paragraph 139.

140.    Deny the allegations in paragraph 140.

141.    Deny the allegations in paragraph 141.

142.    Deny the allegations in paragraph 142.

143.    Deny the allegations in paragraph 143.

## AS TO COUNT TWO

144.    Repeat each and every response to the allegations in paragraphs 1 through 143.

145.    Deny the allegations in paragraph 145.

146.    Deny the allegations in paragraph 146.

147.    Deny the allegations in paragraph 147.

148.    Deny the allegations in paragraph 148.

149.    Deny the allegations in paragraph 149.

150.    Deny the allegations in paragraph 150.

151.    Deny the allegations in paragraph 151.

## AS TO COUNT THREE

152.    Repeat each and every response to the allegations in paragraphs 1 through 151.

2393413v1

153.    Deny the allegations in paragraph 153.

154.    Deny the allegations in paragraph 154.

155.    Deny the allegations in paragraph 155.

156.    Deny the allegations in paragraph 156.

## AS TO COUNT FOUR

157.    Repeat each and every response to the allegations in paragraphs 1 through 156.

158.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 158 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 158.

159.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 159 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 159.

160.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 160 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 160, except refer to the Information for its contents.

161.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 161 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 161, except refer to the Information for its contents.

162.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 162 do not require a

2393413v1

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 162, except refer to the Information for its contents.

163.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 163 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 163, except refer to the Information for its contents.

164.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 164 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 164, except refer to the Information for its contents.

165.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 165 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 165, except refer to the Information for its contents.

166.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 166 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 166, except refer to the Information for its contents.

167.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 167 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 167, except refer to the Information for its contents.

2393413v1

168.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 168 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 168, except refer to the Information for its contents.

169.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 169 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 169, except refer to the Information for its contents.

170.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 170 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 170, except refer to the Information for its contents.

171.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 171 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 171, except refer to the Information for its contents.

172.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 172 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 172, except refer to the Information for its contents.

173.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 173 do not require a

16

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 173, except refer to the Information for its contents.

174. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 174 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 174, except refer to the Information for its contents.

175. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 175 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 175, and all subparts thereof, except refer to the Information for its contents.

176. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 176 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 176, except refer to the Information for its contents.

177. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 177 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 177, except refer to the Information for its contents.

178. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 178 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 178, except refer to the Information for its contents.

17

179.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 179 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 179, except refer to the Information for its contents.

180.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 180 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 180, except refer to the Information for its contents.

181.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 181 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 181, except refer to the Information for its contents.

182.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 182 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 182, except refer to the Information for its contents.

183.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 183 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 183, except refer to the Information for its contents.

184.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 184 do not require a

2393413v1

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 184, except refer to the Information for its contents.

185.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 185 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 185, except refer to the Information for its contents.

186.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 186 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 186.

187.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 187 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 187.

188.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 188 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 188.

189.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 189 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 189.

190.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 190 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 190, and all subparts thereof.

191.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 191 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 191.

192.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 192 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 192.

193.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 193 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 193.

194.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 194 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 194, except refer to the article referenced in paragraph 194 for its contents.

195.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 195 do not require a

2393413v1

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 195.

196.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 196 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 196.

197.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 197 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 197.

198.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 198 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 198, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

199.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 199 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 199.

200.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 200 do not require a

2393413v1

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 200.

201. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 201 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 201.

202. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 202 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 202.

203. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 203 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 203.

204. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 204 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 204, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

205. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 205 do not require a

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 205.

206.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 206 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 206.

207.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 207 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 207.

208.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 208 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 208.

209.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 209 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 209.

210.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 210 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 210.

2393413v1

211.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 211 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 211.

212.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 212 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 212.

## AS TO COUNT FIVE

213.    Repeat each and every response to the allegations in paragraphs 1 through 212.

214.    Deny the allegations in paragraph 214.

215.    Deny the allegations in paragraph 215.

216.    Deny the allegations in paragraph 216.

## AS TO COUNT SIX

217.    Repeat each and every response to the allegations in paragraphs 1 through 216.

218.    Deny the allegations in paragraph 218.

218.[1]    Deny the allegations in paragraph 218.

219.    Deny the allegations in paragraph 219.  Defendants admit that Plaintiff seeks the relief stated in the Prayer for Relief, and all of its subparts, following paragraph 219, but deny that Plaintiff is entitled to such relief.

---

[1] Plaintiff erroneously identified this paragraph as number 218.  Defendants have adopted Plaintiff's paragraph numbering for consistency reasons.

2393413v1

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

## THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Decedent's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

## FOURTH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that any injuries or expenses incurred by Plaintiffs were not caused by Neurontin, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

25

## SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment K.

## EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Decedent's alleged injuries and damages, if any, were caused by Decedent's misuse of Neurontin.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

2393413v1

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Decedent.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by Plaintiff's failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative and/or contributory negligence and comparative assumption of risk.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants' liability for non-economic damages is several rather than joint and should be prorated.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Decedent's alleged injuries and damages.

2393413v1

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007).

2393413v1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiff's Legal Committee</u>, 531 U.S. 341 (2001).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because Plaintiff failed to give Defendants timely notice of those claims.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that the product at issue complied with all government standards as referred to in T.C.A. § 29-28-104 and said product was not then at the time of manufacture and sale and is not now in an unreasonably dangerous condition in regard to matters covered by these standards and Defendants plead the Tennessee Products Liability Act of 1978, T.C.A. § 29-28-101, *et seq.*, in full bar of any liability on the part of Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants affirmatively deny violation of any duty owed to Plaintiff and/or decedent.

29

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants affirmatively aver that Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case.  Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.

2393413v1

**WHEREFORE**, Defendants respectfully request that the Court:

1.    Enter judgment in their favor on all claims alleged in the Complaint;

2.    Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.    Grant Defendants such other and further relief as the Court may deem just and proper.

Dated: <u>March 30, 2007</u>            Respectfully submitted,

DAVIS POLK & WARDWELL

By:    <u>/s/ Neal A. Potischman</u>
       James P. Rouhandeh
       Neal A. Potischman

450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000

-and-

HARE & CHAFFIN

By:    <u>/s/ David B. Chaffin</u>
       David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company LLC*

2393413v1

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 30, 2007.

/s/David B. Chaffin

David B. Chaffin

2393413v1