UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- x
In re: NEURONTIN MARKETING, SALES : MDL DOCKET NO: 1629
PRACTICES, AND PRODUCTS :
LIABILITY LITIGATION : Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T. Sorokin
:
------------------------------------- x
:
THIS DOCUMENT RELATES TO: :
:
*Strickland, et al. v. Pfizer Inc., et al.,* :
1:05-cv-11993-PBS :
:
:
------------------------------------- x

## ANSWER

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), by their undersigned counsel, answer Plaintiffs' Complaint in the above-captioned action (the "Complaint") as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny same.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny same.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny same.

4. Admit that Pfizer is a Delaware corporation with its headquarters in New York. Further, and admit that Pfizer is authorized to do business in the State of Georgia. The

2360911v1

remaining allegations are legal conclusions to which no response, and Defendants therefore deny the remaining allegations in paragraph 4.

5. Admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC. Further admit that Warner-Lambert Company was authorized to do business in the State of Georgia until December 31, 2002. The remaining allegations are legal conclusions to which no response, and Defendants therefore deny the remaining allegations in paragraph 5.

6. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6, and therefore deny same.

7. Paragraph 7 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 7.

8. Paragraph 8 asserts a legal conclusion to which no response is required.

9. Admit the allegations in paragraph 9.

## AS TO STATEMENT OF FACTS

10. Repeat each and every response to the allegations in paragraphs 1 through 9.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore deny same.

12. Deny the allegations in paragraph 12, except admit that Pfizer has, directly and/or indirectly through its subsidiaries, marketed and sold Neurontin® ("Neurontin") since June 2000 and admit that Warner-Lambert Company marketed and sold Neurontin since June 2000.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore deny same.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore deny same.

## AS TO COUNT I

15. Repeat each and every response to the allegations in paragraphs 1 through 14.

16. Deny the allegations in paragraph 16, except admit that Pfizer has been engaged, directly and/or indirectly through its subsidiaries, in the business of manufacturing, advertising, marketing, and selling Neurontin since June 2000, and admit that Warner-Lambert Company marketed and sold Neurontin since June 2000.

17. Deny the allegations in paragraph 17.

18. Deny the allegations in paragraph 18.

19. Deny the allegations in paragraph 19.

20. Deny the allegations in paragraph 20.

21. Paragraph 21 asserts legal conclusions, to which no response is required, and Defendants therefore deny the allegations in paragraph 21.

22. Deny the allegations in paragraph 22, including all subparts.

23. Deny the allegations in paragraph 23.

24. Deny the allegations in paragraph 24.

25. Deny the allegations in paragraph 25.

## AS TO COUNT II

26. Repeat each and every response to the allegations in paragraphs 1 through 25.

27.   Deny the allegations in paragraph 27, except admit that Pfizer has been engaged, directly and/or indirectly through its subsidiaries, in the business of design, testing, labeling, packaging, supplying, marketing, selling, advertising, warning, and distributing Neurontin since June 2000, and admit that Warner-Lambert Company marketed and sold Neurontin since June 2000.

28.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore deny same.

29.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore deny same.

30.   Deny the allegations in paragraph 30.

31.   Deny the allegations in paragraph 31.

32.   Deny the allegations in paragraph 32.

33.   Deny the allegations in paragraph 33.

## AS TO COUNT III

34.   Repeat each and every response to the allegations in paragraphs 1 through 33.

35.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 35 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations.

36.   Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 36 do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 36.

2360911v1

37.     Plaintiff 'fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 37 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 37.

38.     Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 38 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 38.

39.     Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 39 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 39.

40.     Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 40 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 40.

41.     Plaintiffs' fraud claims were dismissed pursuant to the Court's Order, dated February 23, 2007, and thus the allegations related to fraud in paragraph 41 do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 41.

## AS TO COUNT IV

42.     Repeat each and every response to the allegations in paragraphs 1 through 41.

43. Deny the allegations in paragraph 43.

44. Deny the allegations in paragraph 44.

45. Admit that Plaintiffs seek the relief set forth paragraph 45, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT V

46. Repeat each and every response to the allegations in paragraphs 1 through 45.

47. Deny the allegations in paragraph 47.

48. Deny the allegations in paragraph 48.

## AS TO COUNT VI

49. Repeat each and every response to the allegations in paragraphs 1 through 48.

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

54. Deny the allegations in paragraph 54.

55. Deny the allegations in paragraph 55

56. Admit that Plaintiffs seek the relief set forth paragraph 56, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT VII

57. Repeat each and every response to the allegations in paragraphs 1 through 56.

58. Deny the allegations in paragraph 58.

59. Deny the allegations in paragraph 59.

2360911v1

60. Deny the allegations in paragraph 60.

## AS TO COUNT VIII

61. Repeat each and every response to the allegations in paragraphs 1 through 60.

51. Deny the allegations in paragraph 51.[1]  Admit that Plaintiffs seek the relief set forth in the WHEREFORE and FURTHERMORE paragraphs following paragraph 51, but deny that Plaintiffs are entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

## THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

---

[1] Paragraph 51 of Plaintiffs' Complaint is incorrectly numbered. For ease of reference, that numbering system is maintained here.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

### SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment K.

### EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

### NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, were caused by Plaintiffs' misuse of Neurontin.

2360911v1

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiffs' inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs' claims for damages are barred, in whole or part, by Plaintiffs' failure to mitigate damages.

2360911v1

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiffs' alleged injuries and damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

With respect to any claims for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of <u>BMW of North America Inc. v. Gore</u>, 517 U.S. 559 (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group</u>, 532 U.S. 424 (2001), <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003), and <u>Philip Morris USA v. Williams</u>, 127 S. Ct. 1057 (2007).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiff's Legal Committee</u>, 531 U.S. 341 (2001).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs' claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims are barred because Plaintiffs failed to give Defendants timely notice of those claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants are not subject to the personal jurisdiction of this Court.

2360911v1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants' liability for non-economic damages is several rather than joint and should be prorated.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case. Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrines of accord and satisfaction, assumption of the risk and contributory negligence.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the negligence of decedent equaled or preponderated over the acts or omissions of Defendants, if any, in producing and bringing about the injuries and damages which Plaintiffs have alleged, and thus, Plaintiffs' claims are barred by the doctrine of contributory negligence.

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1. Enter judgment in their favor on all claims alleged in the Complaint;

2. Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3. Grant Defendants such other and further relief as the Court may deem just and proper.

Dated: March 30, 2007              Respectfully submitted,

                                   DAVIS POLK & WARDWELL

                                   By:     /s/ Neal A. Potischman
                                           James P. Rouhandeh
                                           Neal A. Potischman

                                   450 Lexington Avenue
                                   New York, NY 10017
                                   Tel: (212) 450-4000

                                   -and-

                                   HARE & CHAFFIN

                                   By:     /s/ David B. Chaffin
                                           David B. Chaffin

                                   160 Federal Street
                                   Boston, MA 02110
                                   Tel: (617) 330-5000

                                   *Attorneys for Defendants Pfizer Inc. and
                                   Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 30, 2007.

/s/David B. Chaffin

David B. Chaffin

**Error! Unknown document property name.**