## BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, New York 10016
Tel: (212) 779-1414
Fax: (212) 779-3218

### FAX TRANSMISSION

| TO: | FIRM | PHONE | FAX |
|---|---|---|---|
| Debbie MacGregor, Esq. | | | (212) 450-3853 |
| Thomas M. Greene, Esq. | | | (617) 261-3558 |
| Richard Shevitz, Esq. | | | (317) 636-2593 |
| Kenneth Fromson, Esq. | | | (845) 562-3492 |

FROM: Ronald J. Aranoff, Esq.

DATE: October 16, 2006

RE: Neurontin Marketing & Sales Practices Litigation, MDL No. 1629

PAGES INCLUDING COVER SHEET: 3

..................................................................................

Comments: Please see attached letter.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE OR IS OTHERWISE PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY READING, DISSEMINATION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE ABOVE BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO THE ABOVE ADDRESS VIA THE UNITED STATES MAIL. THANK YOU.

BERNSTEIN LIEBHARD & LIFSHITZ, LLP
ATTORNEYS AT LAW
10 EAST 40TH STREET
NEW YORK, NEW YORK 10016

(212) 779-1414
FAX: (212) 779-3218
www.bernlieb.com

October 16, 2006

**VIA FACSIMILE**
Debbie MacGregor, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re:   *In Re Neurontin Marketing and Sales Practices Litigation*
      *MDL No. 1629*

Dear Debbie:

I write in order to get a firm commitment from you as to when Plaintiffs can expect to receive: 1) the complete documents that you indicated would be produced in your August 24, 2006 letter; 2) the documents that Magistrate Sorokin ordered be produced in paragraph 4 of his August 17, 2006 Order; and 3) other documents previously discussed with James Murray, but where no agreement has yet been reached about the production of those documents.

In anticipation of your providing the requested documents in a timely and efficient manner, and pursuant to your recent request, I have spoken in detail to Ken Fromson, in an effort to prioritize the order of production for you. So that there is no misunderstanding, I have agreed to coordinate with Ken simply for efficiency sake. We still believe that Defendants should be diligently working on all categories of document production simultaneously so that Plaintiffs get access to the requested documents as soon as practicable. Indeed, that is how Plaintiffs have worked to provide documents to Defendants. We continue to maintain that Defendants' practice of completing one production before moving on to the next is inappropriate because it unnecessarily slows down discovery. Rather, the proper mode of production is for Defendants to be working on multiple productions simultaneously so that the case advances commensurate with Judge Saris' wishes.

Nevertheless, below is a prioritized list of documents that either the Court ordered Defendants to produce, Defendants have agreed to voluntarily produce or Defendants have agreed to get back us to on whether/when they will produce the requested documents. Kindly let me know by no later than the close of business on October 23, 2006, whether/when we can expect to receive each of these categories of documents. If we do not hear from you, or if we are unable to reach an accord on dates for production by October 23rd, we will immediately seek appropriate relief from the Court.

1) CMMS database/documents in their entirety (8/17/06 Order p. 4);

BERNSTEIN LIEBHARD & LIFSHITZ, LLP

Debbie MacGregor, Esq.
October 16, 2006
Page 2

2) Visitors Speakers database/documents in their entirety (8/17/06 Order p. 4);
3) IMS Documents (8/17/06 Order p. 4);
4) The entire Sherlock database, as well as all Post-Call Note Summaries and Weekly Activity Reports;
5) The entire Betsy database;
6) The Thought Leader Database (if different than the Besty Database);
7) Custodial Files of Marketing and Medical Personnel responsible for the marketing of Neurontin (8/24/06 letter p. 3);
8) Identification of Neurontin Marketing Strategies 1998-2001[1] (8/24/06 letter p. 3);
9) Documents relating to the efficacy/inefficacy of Neurontin 1998-2001[1] (8/24/06 letter p. 3);
10) Documents relating to refunds that Pfizer gave to customers for lack of efficacy or side effects;
11) Monthly physician tracking reports;
12) Warner-Lambert Documents from Morris Plains from 1998-2000, including, but not limited to, documents from the Sales and Marketing Department, Market Research Department, Information Management Department and Market Planning Department;
13) Documents relating to the internal Neurontin website, including, but not limited to, all archived materials and all back-up copies;
14) Budgets for Marketing, Advertising, Promotion, Sales, Research and Development of Neurontin for the applicable time period through at least May 31, 2001[1] (8/24/06 letter p. 3);
15) All operating plans for all departments, as well as minutes for all operating meetings;
16) Profit and Loss Statements, if any (8/24/06 letter p. 3).

In addition, on a somewhat separate but related note, you indicated in your August 24th letter that Information Related to Discussions with Micromedex were "produced in *Young* and are now available to Plaintiffs." Plaintiffs do not want to share in the *Young* production of documents. This is the case because, up until this point, redactions in the *Young* case (a case in which we are not a party), appear to be far more expansive than those permitted under Case Management Order ("CMO") No. 3 which governs this action. Thus, we ask that you kindly produce these documents in the MDL action and in accordance with all of the provisions of CMO No. 3.

Very truly yours,

Ronald J. Aranoff

cc: Thomas Greene, Esq.
    Richard Shevitz, Esq.
    Kenneth Fromson, Esq.

---

[1] Should the Court grant Plaintiffs' request and extend the applicable time period, we would expect Defendants to promptly supplement their production to include documents from the additional time period authorized by Judge Saris.