# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | MDL Docket No. 1629 |
|  | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |
|  | Magistrate Judge Leo T. Sorokin |

## [PROPOSED] CASE MANAGEMENT ORDER NO. 5

WHEREAS, these consolidated proceedings comprise actions involving claims for personal injuries allegedly sustained as a result of the ingestion of Neurontin (the "Product Liability Actions") and actions, including purported class actions, involving claims for alleged economic losses arising out of the sales and marketing of Neurontin (the "Sales and Marketing Actions");

WHEREAS, the vast majority of the complaints in the Product Liability Actions and all of the complaints in the Sales and Marketing Actions contain cross-cutting allegations as to an alleged sales and marketing campaign;

WHEREAS, the parties are poised to begin a period of intensive fact witness deposition discovery; and

WHEREAS, the deadline for the completion of fact discovery in the Sales and Marketing Actions is June 29, 2007;

WHEREAS, in order to promote party and judicial economy and to avoid unnecessary duplication of effort, undue delay, and undue burden on deponents, the Court finds that it would

be appropriate to establish mandatory procedures governing the conduct of fact witness depositions. Accordingly,

IT IS HEREBY ORDERED as follows:

## I.  Deposition Notices

Each deposition notice shall include the name, and if known, the general occupational description of each deponent, the expected length of the deposition, and the date, time, and place for the deposition (including address and phone number of a contact). Deposition notices shall also state whether the deposition is to be videotaped and, if so, the business name and address of the videographer. Service upon Liaison Counsel shall be deemed service on all parties. All depositions shall be cross-noticed in, at a minimum, the New York coordinated proceedings

## II.  Scheduling

### A.  Deposition Time

In any week in which depositions will be taken, depositions shall commence no earlier than 9:00 a.m. and end no later than 6:00 p.m. on Monday through Friday, unless by agreement of the parties or court order.

### B.  Number of Depositions of Current and Former Employees

Beyond good cause shown, Plaintiffs shall be limited to twenty (20) non-case specific depositions of Defendants' present and former employees and third-party witnesses. More than one deposition may take place in MDL 1629 at the same time; however, plaintiffs may not take more than two depositions at the same time.

## III.  Locations

Depositions of Plaintiffs shall take place in the district in which Plaintiffs filed their actions unless otherwise agreed by the parties. Plaintiffs/Decedents' physicians shall take place

2

where the physicians reside. Depositions of former or current Pfizer employees shall take place in the employees' home state, unless otherwise agreed by the parties.

## IV. Conduct of Depositions

### A. Selection of Attorneys to Conduct Examination

The Plaintiffs' Steering Committees shall designate: (i) one attorney to conduct the principal examination of the deponent on behalf of the product liability Plaintiffs; and (ii) one attorney to conduct the principal examination of the deponent on behalf of the sales and marketing Plaintiffs. The examiner representing the interests of the product liability Plaintiffs shall confine his or her examination to issues relating to the product liability Plaintiffs. Similarly, the examiner representing the interests of the sales and marketing Plaintiffs shall confine his or her examination to issues relating to the sales and marketing Plaintiffs. In no event shall there be redundant or repetitive questioning by the designated principal examiners. The designated examiners shall coordinate with each other and with other Plaintiffs' counsel reasonably in advance of the date scheduled for the deposition regarding the areas of examination in order to conduct thorough, non-duplicative examinations.

Defendants' shall designate one attorney to conduct the principal examination on behalf of Pfizer.

### B. Sequence of Examination – Non-Case-Specific Depositions Taken by Plaintiffs

Questioning at the depositions to be taken by Plaintiffs shall be conducted in the following sequence:

> (1)  the examiner selected by the Plaintiffs' Steering Committees on behalf of the product liability Plaintiffs;
>
> (2)  the examiner selected by the Plaintiffs' Steering Committees on behalf of the sales and marketing Plaintiffs;

3

    (3)    other MDL 1629 Plaintiffs' attorneys;

    (4)    counsel for state Plaintiffs;

    (5)    the primary examiner selected by Pfizer;

    (6)    counsel for Defendants other than Pfizer and Warner-Lambert;

    (7)    individual counsel for the deponent, if any; and

    (8)    any recross or redirect by 1-7, supra.

**C. Sequence of Examination - Non-Case-Specific Depositions Taken by Pfizer**

Questioning at the depositions to be taken by Defendants shall be conducted in the following sequence:

    (1)    the primary examiner selected by Pfizer;

    (2)    counsel for state Defendants;

    (3)    the examiner selected by the Plaintiffs' Steering Committees on behalf of the product liability Plaintiffs;

    (4)    the examiner selected by the Plaintiffs' Steering Committees on behalf of the sales and marketing Plaintiffs;

    (5)    any other MDL 1629 Plaintiffs' attorney;

    (6)    counsel for state Plaintiffs;

    (7)    individual counsel for the deponent, if any; and

    (8)    any recross and redirect by 1-7, supra;

**V. Documents**

Counsel who notices a deposition of a factual witness shall, forty-eight (48) hours prior to the deposition, furnish a deponent's counsel with a copy of all of the documents he or she, in good faith, expects to question the deponent about during the deposition. In addition to providing documents to deponent's counsel forty-eight (48) hours prior to the deposition, extra copies of documents about which counsel expect to examine the deponent should be provided to

4

the reporter, primary counsel for the parties, and the deponent during the course of the deposition.

## VI.   Supplemental Depositions

Witnesses shall not be subjected to more than one deposition, nor to repetitive and redundant questioning, provided:

>   (1)   A party whose case is transferred to MDL 1629 after a deposition has been taken, and who did not receive service of a cross-notice, may within sixty (60) days of the Transfer Order, and upon a good faith determination that further inquiry of the deponent is necessary, notify the other parties that it will move the this Court for an order seeking resumption of the deposition.
>
>   (2)   The notice shall identify with specificity those areas where the party believes further examination is necessary, state how the MDL 1629 deposition (and other depositions of the witness placed in the depository) was inadequate or incomplete, state whether the movant has conferred with the primary examiners regarding these supplemental areas of examination, and demonstrate that further examination would be relevant and non-redundant.  The parties shall meet and confer in an effort to resolve whether the witness will be made available for a supplemental deposition.
>
>   (3)   If no resolution is reached, the party seeking the supplemental deposition may move the Court for an order allowing resumption.  The motion must be limited to three (3) pages.  Within fourteen (14) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL 1629 deposition (or any other deposition of the witness in the depository) adequately covered the area or areas sought to be explored in the supplemental deposition or that the testimony sought is redundant and/or not relevant, or any other grounds.
>
>   (4)   No further or supplemental deposition will be permitted (i) by any party having received notice in MDL 1629 of the original deposition or (ii) by any party represented by counsel on the Plaintiffs' Steering Committees (where the original deposition was taken by a member of the Committees), except upon order of the MDL 1629 Court on good cause shown or by agreement of the parties.
>
>   (5)   The supplemental deposition shall be treated as the resumption of the deposition originally noticed.  During the resumed deposition, any other party may conduct further examination of the witness only with regard to new subject areas authorized by the order allowing the resumed deposition.  The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and the deponent.

(6)   Nothing herein shall be deemed to limit the right of a party to take the *de bene esse* deposition of a witness whose deposition was previously taken. No party shall object to the taking of such *de bene esse* depositions on the ground that the witness was previously deposed.

## VII.   Continuing Effect of Case Management Orders

Except as expressly indicated, nothing in this case management order shall modify or abridge the limitations, procedures and other provisions relating to depositions set forth in the Court's prior Case Management Orders.

**SO ORDERED:**

_____
United States Magistrate Judge

Dated: April __, 2007