# EXHIBIT C

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 0 3 2003

JAMES W. McCORMACK, CLERK
By: _____
                    DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

In re:                                    :        MDL Docket No. 4:03CV1507 WRW
                                          :
PREMPRO PRODUCTS LIABILITY                :        ALL CASES
LITIGATION                                :

## PRACTICE AND PROCEDURE ORDER NO. 2 (Depositions)

The order proposed by the parties to govern the taking of depositions has been reviewed. Much of the proposal is the Court's Order. This Order contains accepted proposals and those imposed by the Court.

Depositions shall be governed by the following terms:

1.  **Deposition Notices.**

    A.  All depositions in MDL-1507, except pursuant to Court order, will be noticed and conducted pursuant to Fed. R. Civ. P. 30. This Practice and Procedure Order No. 2 (Re: Deposition Guidelines) may be cross-noticed in any Prempro action pending in a state court.

    B.  This Order shall be attached to any party or non-party subpoena or deposition notice.

    C.  Each deposition notice shall include the name, and, if known, the general occupational description of each deponent, the expected length of the deposition, and the date, time, and place for the deposition (including address and phone number of a contact).

    D.  Deposition notices shall state whether the deposition is to be videotaped and, if so, the business name and address of the videotape recorder. All videotape depositions shall proceed pursuant to the provisions of paragraph 10, *infra*.

1

**18**

    E. Counsel in any related federal or state action may suggest matters for inquiry in any deposition noticed in MDL-1507 by providing to the appropriate Liaison Counsel a written list and brief explanation of such matter or matters. Liaison Counsel for plaintiffs: Russell Marlin, Gary Eubanks & Assoc., P.O. Box 3887, Little Rock, AR 72203-3887, (501) 372-0266. Liaison Counsel for defendants: Lyn P. Pruitt, Mitchell, Williams, Selig, Gates & Woodyard, 425 West Capitol Avenue, Suite 1800, Little Rock, AR 72201-3525, (501) 688-8800. Liaison Counsel are responsible for submitting these items to Lead Counsel.

  2. **Cooperation.**

Counsels are expected to cooperate with, and be courteous to, all counsel and deponents. Behavior brought before this Court alleged to be contrary and so found, are subject to sanctions.

  3. **Scheduling.**

    A. Absent extraordinary circumstances, counsel shall consult with opposing counsel and proposed deponents in advance in an effort to schedule depositions at mutually convenient times and places.

    B. More than one deposition may take place in MDL-1507 at the same time; except that no more than two (2) Wyeth employees may be scheduled for deposition on the same day.

    C. Depositions must be noticed under Fed. R. Civ. P. 30 at least thirty (30) calendar days in advance, with notice served upon Liaison Counsel by facsimile and mail. Service upon Liaison Counsel shall be deemed service upon all parties. A continued deposition may be resumed upon ten (10) days' notice.

4. **Locations for Taking Depositions.**

   A. Unless otherwise agreed by Liaison Counsel, depositions of plaintiffs will take place in each plaintiff's home district.

   B. Unless otherwise agreed by Liaison Counsel, depositions of Wyeth employees (past and current) will take place in one of the following locations, as designed by Wyeth:

   - New York, New York;
   - Madison, New Jersey;
   - Philadelphia, Pennsylvania; or
   - Washington, D.C.

   C. Unless otherwise agreed by Liaison Counsel, the deposition of an expert witness shall take place in the expert witness' home district.

5. **Deposition Week.**

   In any week in which depositions will be taken, such depositions shall commence no earlier than 10:00 a.m. on Monday and end no later than 3:00 p.m. on Friday of that week, unless by agreement of the parties or court order.

6. **Deposition Day.**

   Except as stated above, the deposition day shall commence at 9:30 a.m. and terminate no later than 5:30 p.m.

7. **Attendance.**

   A. **Who May be Present.** Unless otherwise agreed to by Liaison Counsel, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in MDL-1507 or state Prempro cases (including any employee or retained consultant of such attorney who is assisting in the litigation and whose presence is reasonably

3

required by the attorney), in-house counsel for Wyeth, the court reporter, and the videographer. Upon motion 20 days prior to the scheduled deposition, and for good cause shown, the Court may permit attendance by a person who does not fall within any of these categories.

        B.    **Use of Confidential Documents.** While a deponent is being examined about any document that is confidential because (i) Liaison Counsel have so agreed, (ii) a party has designated the document confidential pursuant to the Confidentiality Order, or (iii) the Court has so ordered, attendance at that portion of the deposition by persons to whom disclosure is not authorized by agreement of Liaison Counsel, the terms of the Confidentiality Order, or by court order shall be prohibited.

        C.    **Unnecessary Attendance.** Unnecessary attendance by plaintiffs' counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interest to be adequately represented by the Plaintiffs' Steering Committee should not attend.

**8.    Conduct of the Deposition.**

Except by order of the Court, the following provision shall apply at all depositions of fact witnesses:

        A.    **Selection of Attorneys to Conduct Examination.**

                (1)    One attorney will conduct the principal examination of the deponent on behalf of (i) the Plaintiffs' Steering Committee and plaintiffs in state court actions; and (ii) one attorney will conduct the principal examination on behalf of Wyeth. The attorney so designated by the Plaintiffs' Steering Committee will coordinate with other plaintiffs' counsel reasonably in advance of the date scheduled for the deposition regarding the areas of examination in order to conduct a thorough examination.

4

(2) In some depositions there may be sufficient divergence of positions among parties on the same side of the case such that additional examiners may be appropriate on non-redundant (i.e., new) subject matters, in which event other attorneys will be permitted to examine deponents on non-redundant matters. The need for additional examiners and the non-redundant requirement will be strictly construed. The Plaintiffs' Steering Committee shall not be entitled to conduct any additional examination by virtue of the fact that one or more of its members may also represent plaintiffs in state court actions.

B. **Objections.**

(1) All objections as to relevance and admissibility shall be preserved for later ruling by the Court. Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to endorse a limitation on evidence directed by the court, or to present a motion. The Court will meet violations of this Rule with stern measures. See, *Hall v Clifton Prevision*, 150 FRD 525 (E.D. Pa 1993) for "a word to the wise."

(2) Objections to the responsiveness of the answer shall be stated by the examining attorney, or by counsel for parties other than the witness, with the single word "objection" following the answer. Only if the attorney representing the witness requests it shall additional explanation be given.

(3) As soon as any one attorney representing a party to this litigation states the word "objection," all parties shall be deemed to have preserved all possible objections to the form of the question or the responsiveness of the answerer. Counsel for other

parties shall not repeat the objection. Only if an explanation for the basis of the objection is requested may counsel other than the first to object reiterate the objection and explain.

      C.      **Directions Not to Answer; Suspension of a Deposition.**

      (1).    Directions to the deponent not to answer are improper except on the ground of privilege or to enable a party or deponent to present a motion for protective order on the grounds that it is being conducted in bad faith, or in such manner as to unreasonably annoy, embarrass, or oppress the party or the deponent. Such directions shall be kept to the bare minimum. All grounds for an instruction not to answer a question must be stated at the time the instruction is given or may be waived. When a privilege is claimed, the witness must nevertheless answer questions relevant to the basis, or waiver, of the privilege, such as the date of a communication, who made it, to whom and in whose presence, and the identity of other persons to whom the communication may have been disclosed. (*See para. 8.B(1)*)

      (2)    If a party believes a deposition should be suspended on the grounds set forth in (c)(1), the party who desires the suspension, prior to the suspension of the deposition, will contact the Courtroom Deputy, Mary Johnson, for the scheduling of a telephone conference with either Judge Wilson or Magistrate Judge Young. If the telephone conference does not resolve the discovery dispute, the party shall file and serve a motion for protective order under Fed.R.Civ.P.26(c) within ten (10) days of suspension of the deposition. If the motion is not timely filed, a motion to compel and for sanctions may be filed by the examining party under Fed. R. Civ. P. 37.

      D.      **Objections to Documents.** Objections to the admissibility of documents are not waived and are reserved for later ruling by the Court or trial judge.

E. **Sequence of Examination – Depositions Taken by Plaintiffs.**

Questioning at the depositions to be taken by plaintiffs will be conducted in the following sequence:

(1) the primary examiner selected by the Plaintiffs' Steering Committee;

(2) other MDL-1507 plaintiffs' attorneys on non-redundant matters;

(3) the primary examiner selected by Wyeth;

(4) individual counsel for the deponent, if any;

(5) any recross or redirect by 1-4, supra;

(6) examination by plaintiffs' and defense attorneys in cross-noticed state cases in the following order: counsel for state plaintiffs on non-redundant matters; counsel for state defendants on non-redundant matters; counsel for the deponent; any re-cross and redirect.

F. **Sequence of Examination – Depositions Taken by Wyeth.**

Questioning at the depositions to be taken by defendants shall be conducted in the following sequence:

(1) the primary examiner selected by Wyeth;

(2) the primary examiner selected by Plaintiffs' Steering Committee;

(3) any other MDL-1507 plaintiffs' attorney on non-redundant matters;

(4) individual counsel for the deponent, if any;

(5) any recross and redirect by 1-4, supra;

(6) examination by plaintiffs' and defense attorneys in cross-noticed state cases in the following order: counsel for state defendants on non-redundant matters; counsel for state plaintiffs on non-redundant matters; counsel for the deponent; any recross and redirect.

7

G.  **Smoking and Use of Other Tobacco Products.** There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during, or after a deposition, or in the deposition room during deposition recesses.

9.  **Documents.**

A.  **Production of Documents.** Witnesses subpoenaed or noticed to testify and to produce documents shall be noticed and served with the subpoena or deposition notice and document request at least thirty (30) days before the scheduled deposition. This provision shall not supersede any preexisting agreement or order governing which documents should be produced and/or when.

B.  **Copies.** Extra hard copies of documents about which counsel expect to examine the deponent should be provided to the reporter, primary counsel for the parties, the deponent, and deponent's counsel during the course of the deposition.

C.  **Marking of Deposition Exhibits.** The first time a document is marked as a deposition exhibit, it shall be referred to by the Bates number appearing on the document. Documents that have not been previously produced shall be assigned a Bates number from a range of numbers reserved for this purpose. Thereafter, the exhibit shall be referred to by its deposition exhibit number, and plaintiffs' deposition exhibits and defendants' deposition exhibits shall each be numbered sequentially running from deposition to deposition.

10. **Videotaped Depositions.**

The provisions of this order regarding examination of deponents apply to videotaped depositions. Any deposition may be videotaped at the request of a party pursuant to the following terms and conditions:

A. **Stenographic Recording.** A certified court reporter shall simultaneously record stenographically all deposition proceedings and testimony. The court reporter shall administer the oath or affirmation to the deponent on camera. The written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing; exhibits).

B. **Cost of Deposition.** The noticing party shall bear the expense of videotaping and stenographic recording. Requests for taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

C. **Videotape Operator.** The video camera shall be operated by an experienced video camera operator. The operator shall be subject to the provisions of Fed. R. Civ. P. 28(c).

D. **Identification of Persons in Attendance.** Before the deposition commences, each person in attendance shall give the court reporter his or her name, firm or business affiliation, business address, and the name of the client he or she represents. The list of these people shall be included at the beginning of the deposition transcript.

E. **Interruptions.** The video camera operation will be suspended during the deposition only by agreement of counsel examining and defending the deposition, and "off the record" discussions shall not be videotape recorded. The video camera operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

F. **Index.** The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are

identified, and at which any interruption of continuous tape recording occurs, whether for recesses, "off the record" discussion, mechanical failure, or otherwise.

  G. **Filing.** After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter.

  H. **Objections.** Objections and instructions not to answer at videotape depositions are subject to the provisions of paragraph 8(b)-(d) of this Order. If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall be submitted to the Court together with a brief supporting the positions submitted by each party limited to three (3) pages.

  I. **Technical Data.** Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included with copies of the videotapes.

  J. **Video Camera System.** Two or three video cameras may be used. The cameras shall videotape the deponent, questioner, and/or exhibit. The camera(s) on deponent and/or questioner shall be only a "head and shoulders/waist up" shot.

11. **Real-Time Transcription.**

Any party may arrange for "real-time" transcription of a deposition at its cost. Notice to other parties is not required.

12. **Obtaining Copies of Transcripts and Videotapes.**
Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting Liaison Counsel.

13. **Supplemental Depositions.**

Except as provided in sections 13 and 14 of Practice and Procedure Order No. 1,

witnesses shall not be subjected to more than one deposition, nor to repetitive and redundant questioning. To that end:

    A.    A party not present at a deposition may, within ninety (90) business days after the completion of the deposition, upon a good faith determination that further inquiry of the deponent is necessary, notify Liaison Counsel that it will move this Court for an order allowing resumption of the deposition.

    B.    A party whose case is transferred to MDL-1507 after a deposition has been taken, and who did not receive service of a cross-notice, may within sixty (60) days of the Transfer Order, and upon a good faith determination that further inquiry of the deponent is necessary, notify the other parties that it will move the this Court for an order allowing resumption of the deposition.

    C.    The notice shall identify with specificity those areas where the party believes further examination is necessary, state how the MDL-1507 deposition ( and other depositions of the witness placed in the depository) was inadequate or incomplete, state whether the movant has conferred with the primary examiner regarding these supplemental areas of examination, and demonstrate that further examination would be relevant and non-redundant. The parties shall meet and confer in an effort to resolve whether the witness will be made available for a supplemental deposition.

    D.    If no resolution is reached, the party seeking the supplemental deposition may move the Court for an order allowing resumption. The motion must contain the information in paragraph 13 C and be limited to three (3) pages. Within fourteen (14) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL-1507 deposition (or

11

any other deposition of the witness in the depository) adequately covered the area or areas sought to be explored in the supplemental deposition or that the testimony sought is not relevant and non-redundant.

E. No further or supplemental deposition will be permitted (i) by any party having received notice in MDL-1507 of the original deposition or (ii) by any party represented by counsel on the Plaintiffs' Steering Committee (where the original deposition was taken by a member of the Committee), except upon order of the MDL-1507 Court on good cause shown.

F. The supplemental deposition shall be treated as the resumption of the deposition originally noticed. During the resumed deposition, any other party may conduct further examination of the witness only with regard to new subject areas authorized by the order allowing the resumed deposition. The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and the deponent.

G. Nothing herein shall be deemed to limit the right of a defendant to take the *de bene esse* deposition of a witness whose deposition was previously taken by plaintiffs. Plaintiffs shall not object to defendants' taking of such *de bene esse* depositions on the ground that the witness was previously deposed.

14. **Correction and Signing Deposition.**

The transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the completion of the deposition. The deposition may be signed by the deponent before any notary or pursuant to 28 U.S.C. § 1746. If no corrections are made within sixty (60) days after completion of the deposition, the transcript will be deemed accurate.

**15.   Rulings Concerning Disputes at Depositions.**

A.   Disputes arising during depositions that cannot be resolved by agreement and that if not immediately resolved will significantly disrupt the deposition schedule, would require a rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, may be presented to the undersigned or Magistrate Judge H. David Young by telephone. In the first instance, the parties are directed to negotiate such disputes in good faith. In the event agreement cannot be reached after such negotiation, any party seeking a ruling from the Court shall arrange a telephone conference call within the undersigned's or the Magistrate Judge's law clerk at the Court's earliest convenience. Facilities shall be provided so that counsel attending the deposition and the deposition reporter can hear the proceedings. The deposition reporter shall make a transcript of the conference call proceedings, which shall be transcribed immediately and bound separately. During such proceedings, counsel shall have the opportunity to argue to the Court, and the Court will, whenever possible, resolve the dispute during the conference call proceedings.

B.   If the telephone conference does not resolve the discovery dispute, the parties will be requested to present the dispute to the Court in a Motion with supporting authority. The Motion and Brief should be limited to four (4) pages with the summary of its position in short, simple sentences together with the salient authority relevant to the dispute. The Court will issue a prompt ruling, as its schedule permits. The undersigned's telephone and fax numbers are 501-604-5140 and 501-604-5149 respectively, and Magistrate Judge H. David Young, telephone number is 501-604-5184 and 501-604-5187. The fax may be used only with express permission of the respective Judge.

C. In the event the Court is unavailable by telephone or fax to resolve disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

D. The Court will exercise the authority granted under 28 U.S.C. § 1407(b) to act as District Judge in any district in which a deposition is being taken.

16. This Order will be adjusted as necessary to allow for orderly discovery.

IT IS SO ORDERED this 2nd day of July, 2003.

_____
UNITED STATES DISTRICT JUDGE
Wm. R. WILSON, JR.

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 7/3/03 BY _____