# EXHIBIT D

Case 1:04-cv-10981-PBS   Document 716-5   Filed 04/05/2007   Page 1 of 17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
                                                          : Index No. 560001/2005

IN RE: NEW YORK BEXTRA AND CELEBREX     : CASE MANAGEMENT
PRODUCT LIABILITY LITIGATION                       : ORDER NO.

---------------------------------------------------------------x
THIS DOCUMENT APPLIES TO ALL CASES     :
---------------------------------------------------------------x

<u>**Conduct Of Discovery**</u>

**I.**    **<u>Scope Of Order</u>**

     1.   <u>Order Applicable To All Product Liability Plaintiffs In The New York Coordinated Bextra and Celebrex Proceeding</u>. This Order shall apply to all plaintiffs who allegedly suffered personal injury from taking Bextra and/or Celebrex in cases currently pending in the Supreme Court of the State of New York, County of New York, and to all related product liability actions that have been or will be originally filed in, or transferred to, this Court and assigned thereto (collectively, the "Coordinated Proceeding"). This Order is binding on all parties and their counsel in all product liability cases currently pending or subsequently made part of these proceedings. This Order shall apply to all discovery conducted by the New York Plaintiffs' Steering Committee ("New York PSC") on behalf of all Plaintiffs (including any committees or sub-committees specifically authorized by the New York PSC to conduct such discovery) and that conducted by Defendants in these proceedings; neither individual Plaintiff's counsel nor any committees or sub-committees created by the New York PSC shall be entitled to conduct additional non-case-specific discovery in these proceedings other than as permitted by this Order or any subsequent Order of this Court.

**II.**    **<u>Coordination With Other Litigation</u>**

     2.   <u>Coordination With The MDL</u>. In light of the unique issues involved in this litigation, the New York PSC, New York Plaintiffs' Liaison Counsel, Defendants' Liaison Counsel, and all other counsel designated by this Court in prior or subsequent Case Management Orders, have agreed to coordinate discovery with the federal multidistrict litigation entitled <u>In re</u>

Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation (MDL No. 1699) (the "MDL"). Such coordination is intended to conserve judicial resources, eliminate duplicative discovery, serve the convenience of the parties and witnesses, and promote the efficient conduct of this litigation.

3. Coordination By Plaintiffs' Counsel. All discovery directed against Defendants and non-party witnesses on behalf of Plaintiffs shall be undertaken by, or under the direction of, the New York PSC on behalf of all Plaintiffs with cases in these proceedings.

4. Coordination Of Production Of Documents. Defendants Pfizer Inc., Pharmacia & Upjohn Co., Pharmacia & Upjohn LLC, Pharmacia Corporation, and G.D. Searle LLC (formerly known as G.D. Searle & Co.) (collectively, "the Pfizer Entities"), to the extent any such Defendants are properly before this Court, shall produce a common set of documents to the PSC for the specific use of Plaintiffs in the Coordinated Proceeding.

5. Cross-Noticing Of Depositions. The New York PSC, in conjunction with counsel for Defendants, in conjunction with the MDL PSC, and in conjunction with counsel for plaintiffs who have claims relating to Bextra and/or Celebrex pending in any State Court (collectively, "the State Court Plaintiffs' Counsel") have agreed to the cross-noticing of fact witnesses (other than fact witnesses whose testimony is only relevant in an individual case). Once a deposition has been noticed and taken in either the Coordinated Proceeding or the MDL, then the Plaintiffs in the Coordinated Proceeding may not take a subsequent deposition of that witness, except for good cause shown as determined by this Court or upon consent of the parties. In such instances, the subsequent deposition shall be restricted to such additional inquiry permitted by the Court or agreed upon by the parties. The MDL PSC and the State Court Plaintiffs' Counsel, including the New York PSC, will coordinate between themselves as to which deposition will be noticed and when.

6. Coordination Of Depositions. The Pfizer Entities have agreed to produce fact witnesses for depositions which will each last a maximum of two, seven-hour days. The examining attorneys for the MDL PSC and the State Court Plaintiffs' Counsel, including the

2

New York PSC, shall share time at such depositions and shall avoid asking duplicative questions, except for what is necessary to lay a foundation for different questions. As set forth in Paragraph 27(b) below, the MDL PSC and the State Court Plaintiffs' Counsel, including the New York PSC, shall meet and confer with respect to the division of time so as to ensure that the interests of the New York PSC and State Court Plaintiffs' Counsel are adequately addressed.

### III. Production of Documents

7. <u>Preservation</u>. The parties shall maintain and preserve documents produced in response to requests for production of documents in the format in which they were collected so that they shall be available to all attorneys, on reasonable terms and conditions, and to the Court.

8. <u>Depository</u>. The New York PSC shall bear the cost of and administer its own depository. All documents produced by Defendants in this proceeding shall be produced to the New York PSC's designee. This production shall not preclude any party from asserting in any action that such documents are inadmissible at trial, nor shall this provision be construed to supersede or amend any State's law or State Court order pertaining to such documents. A detailed description of the document production to be stored in a New York Depository is outlined in Section IV below.

9. <u>Use Of On-Line Document Depositories</u>. Plaintiffs' and Defendants' counsel shall take all reasonable and necessary steps to assure the security of any confidential information produced pursuant to Case Management Order No. 4, and will limit access to confidential information to those persons covered by Case Management Order No. 4. In particular, if counsel for any party makes documents available via the Internet, such counsel shall take all reasonable and necessary steps to ensure that the Internet site is secure and may not be accessed by individuals who are not authorized to review confidential information. Upon request by any party supplying confidential information, any party using an Internet site must certify to the Court and the supplying party that the Internet site is secure and may only be accessed pursuant to the terms set forth in Case Management Order No. 4 entered by this Court.

10. <u>Format Of Production By Pfizer Entities</u>. The parties shall meet and confer regarding the form of production of documents by the Pfizer Entities, and the details shall be set forth in a future Case Management Order. Coordination on this issue shall occur among the MDL PSC, the New York PSC, and counsel for the Pfizer Entities.

11. <u>Sequence Of Production By Pfizer Entities</u>. The Pfizer Entities shall produce documents on a rolling basis immediately upon entry of this Order. All documents already produced to the MDL PSC prior to this Order shall be produced to the New York PSC no later than ten (10) days after the entry of this Order. Subsequently, all documents delivered to the MDL PSC must simultaneously be delivered to the New York PSC. The sequence in which the documents are produced need not conform to the requirements of CPLR 3120(2). The MDL PSC, New York PSC, and counsel for the Pfizer Entities shall meet and confer in an effort to reach agreement as to the schedule for production.

12. <u>Page Numbering</u>. All documents produced during discovery shall have their pages numbered sequentially by the party producing the documents. The Pfizer Entities' documents shall bear Bates numbers that identify the individual from whom the document was collected, or, where the document was collected from files maintained other than by an individual, with some other Bates number that identifies the file from which the document was collected. (For example, documents collected from the files of an employee named John Smith could be labeled "SMITH J 000001.") New York PSC, MDL PSC, and Defendants' Liaison Counsel or her designee shall meet and confer regarding the production of any documents by Plaintiffs, by other non-Pfizer parties, or by non-parties in response to subpoenas or authorizations to identify an appropriate page numbering system prior to the production of any such documents.

13. <u>Assertion Of Privilege In Response To Production Requests</u>. Any party that withholds the production of requested documents or materials, regardless of the manner in which they are kept or maintained, on the ground of any privilege or application of the work-product doctrine must specify in writing, as to each document or thing not produced, the specific

4

privilege(s) or doctrine(s) it is relying upon to withhold each document ("Privilege Log"). Each Privilege Log shall describe each document or thing for which a privilege or the work-product doctrine is asserted in sufficient detail to reasonably permit the party seeking discovery to assess whether or not to dispute any such assertion of privilege or application of the work-product doctrine. This will include but is not limited to information regarding the document's subject, date, author, and all recipients, the authors' and recipients' titles, the specific privilege asserted, and the factual basis for the privilege. Each party withholding materials shall provide opposing Liaison Counsel a copy of the party's Privilege Log in electronic form contemporaneously with each production whenever possible, and within twenty-one (21) days absent agreement of the parties.

14.  **Inadvertent Production.**  No party that inadvertently produces or discloses a document or information shall be deemed to have waived any privileges or work-product protections that would otherwise apply to such documents or information. The parties shall meet and confer to establish a protocol for addressing the inadvertent production of privileged materials, to the extent such protocol is not addressed in the protective order in this litigation.

15.  **Completion Of Production By Pfizer Entities.**  The New York PSC, MDL PSC and Defendants' Liaison Counsel or her designee shall meet and confer regarding the extent to which, if at all, the Pfizer Entities will be obligated to conduct any ongoing collection and production of the Pfizer Entities' documents. Any such ongoing collection and production shall be the subject of agreement by the New York PSC, MDL PSC and Defendants' Liaison Counsel or by further order of this Court.

16.  **Production To Parties Other Than Plaintiffs.**  The Pfizer Entities shall make documents they produce under this Order available to parties other than Plaintiffs (such as treating physician defendants) in the same manner and on the same terms as such documents are made available to Plaintiffs.

## IV. Written Discovery

17. <u>Master Written Discovery By Pfizer Entities</u>. In addition to the Plaintiff Fact Sheets that are the subject of Case Management Order No. 6, the Pfizer Entities may serve a Master Set of Requests for Production (not to exceed fifty requests), a Master Set of Interrogatories (not to exceed twenty-five interrogatories, including all discrete subparts), and Requests for Admission on each individual Plaintiff once a trial date has been set for that Plaintiff or that Plaintiff is included within a trial pool, which shall be selected in a manner to be discussed between the parties and which shall be the subject of a further Case Management Order. Plaintiffs shall serve written responses, objections, and/or documents within thirty (30) days after receipt of such discovery requests.

18. <u>Master Written Discovery By New York Plaintiffs</u>. In addition to the Defendant Fact Sheets that are the subject of Case Management Order No. 6, the New York PSC may serve Master Set(s) of Requests for Production, Master Set(s) of Interrogatories (not to exceed fifty interrogatories, including all discrete subparts, unless good cause is shown), and Set(s) of Requests for Admission on the Pfizer Entities collectively (*i.e.*, the PSC may not serve master discovery on each Pfizer entity individually). No requests for production, interrogatories, or requests for admission may be propounded on any Pfizer Entity other than the master discovery propounded by the New York PSC.

19. <u>Discovery Involving Non-Pfizer Defendants</u>. This Order shall not apply to Defendants other than the Pfizer Entities or the Pfizer Entities' current or former employees. Discovery to be conducted by and against non-Pfizer Defendants shall be the subject of a further Case Management Order by this Court.

## V. Notices Of Depositions Of Pfizer Entities' Common Fact Witnesses

20. <u>Scope Of Section</u>. This section shall apply to the notices of depositions of any witnesses currently or formerly affiliated with the Pfizer Entities. Notices of the depositions of expert witnesses or case-specific fact witnesses relating to individual Plaintiffs (*e.g.*, health care

6

providers, individual Plaintiffs, Pfizer sales representatives, or other case-specific witnesses) shall be the subject of a further Case Management Order of this Court.

21. <u>Avoidance Of Duplicative Depositions</u>. As a general rule, absent good cause or the agreement of the parties, no witness should be deposed on the same subject more than once in these proceedings. Defendants' Liaison Counsel shall advise the New York PSC of all depositions that have been taken by Plaintiffs in other litigation related to Bextra and Celebrex and shall provide the transcripts of such depositions to the New York PSC.

22. <u>Timely Completion Of Discovery Of Witnesses Currently Or Formerly Affiliated With Pfizer Entities</u>. All depositions of common fact witnesses currently or formerly affiliated with the Pfizer Entities (*i.e.*, with the exception of witnesses or testimony relevant only to individual cases), should be completed at least sixty (60) days in advance of the first trial date set in these proceedings. The parties recognize that the first trial date may be postponed if such discovery is not completed by that deadline. Any depositions of witnesses currently or formerly affiliated with the Pfizer Entities that the New York PSC wishes to conduct after that deadline may only be taken upon good cause shown or agreement of the MDL PSC, and the State Court Plaintiffs' Counsel, including the New York PSC, and Defendants' Liaison Counsel. To ensure that discovery is completed in a timely fashion, the parties shall report to the Court regarding the status of discovery at regularly-scheduled status conferences and, if necessary, at other times ordered by the Court.

23. <u>Scheduling</u>.

    a. <u>Number Of Depositions</u>. No more than five depositions of common fact witnesses currently or formerly employed by any of the Pfizer Entities shall be taken per month, absent agreement of the MDL PSC, the State Court Plaintiffs' Counsel, including the New York PSC, and Defendants' Liaison Counsel.

    b. <u>Parties To Meet And Confer On Scheduling</u>. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and places. Depositions shall

7

be scheduled by agreement of the parties based upon the availability of documents relevant to the specific witness and the availability of the witness and counsel. Depositions of individually-noticed witnesses currently or formerly affiliated with the Pfizer Entities may commence in June 2006. Notices of depositions may be served as of the entry of this Order. The parties shall work cooperatively to ensure a fair and orderly process for the scheduling of depositions.

    c.    Length. All depositions of witnesses currently or formerly affiliated with the Pfizer Entities will be limited to two, seven-hour days, except for good cause shown or agreement of the parties. Questioning by Pfizer and off the record time shall not count against this limit. Sufficient time shall be reserved for all counsel designated pursuant to paragraph 27 of this Order to conduct examinations; no designated counsel shall be denied arbitrarily the opportunity to examine. Counsel designated pursuant to paragraph 27 of this Order need not cross-notice any deposition to be entitled to examination time.

    d.    Postponements. Once a deposition has been mutually scheduled by the State Court Plaintiffs' Counsel, including the New York PSC, MDL PSC, and counsel for the Pfizer Entities, it shall not be taken off the calendar, rescheduled, or relocated less than three calendar days in advance of the date it is scheduled to occur, except upon agreement between all parties noticing the deposition, or by leave of Court for good cause.

    24.    Location. All depositions of persons currently or formerly employed by the Pfizer Entities shall be taken in a place mutually agreed to by Liaison Counsel. All depositions of other witnesses shall be taken at such other locations as shall be agreed upon by the witness and the MDL PSC, the State Court Plaintiffs' Counsel, including the New York PSC, and Defendants' Liaison Counsel.

## VI. Conduct Of Depositions

    25.    Scope of Section. This section shall apply to the depositions of any witnesses currently or formerly affiliated with the Pfizer Entities. Depositions of expert witnesses or case-specific fact witnesses relating to individual Plaintiffs (*e.g.*, health care providers or individual Plaintiffs) shall be the subject of a further Case Management Order of this Court.

8

26. <u>Attendance At Depositions</u>.

 a. <u>Who May Attend</u>. Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the parties' counsel, the deponent, the deponent's attorney, in-house counsel for the parties, representatives of the parties' insurers, court reporters, videographers, and members and/or employees from the law firms of counsel of record. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.

 b. <u>Treatment Of Confidential Documents Or Testimony</u>. While a deponent is being examined about any document that is confidential because (i) the parties have so agreed, (ii) a party has designated the document to be confidential pursuant to the protective order associated with this litigation, or (iii) the Court has so ordered, attendance at that portion of the deposition by persons to whom disclosure is not authorized by agreement of the parties or by order of the Court shall be prohibited. Any portion of the deposition transcript containing confidential information shall be sealed. Sealed portions of deposition transcripts may be opened, read and utilized for all purposes as permitted by the terms of the protective order entered in this litigation or in any applicable protective order entered in any related action.

27. <u>Number Of Examiners</u>.

 a. <u>Designation of Examiners by Plaintiffs</u>. The New York PSC may designate one attorney to examine a deponent. The other State Court Plaintiffs' Counsel may designate one examiner from each State other than New York in which litigation is pending. The MDL PSC may designate no more than two attorneys to examine a deponent. The MDL PSC shall meet and confer with the State Court Plaintiffs' Counsel with respect to such designations.

 b. <u>Sharing of Time</u>. The examining attorneys designated by the MDL PSC and the State Court Plaintiffs' Counsel, including the New York PSC, shall share time at such depositions, which shall be limited to two seven-hour days pursuant to Paragraphs 6 and 23(c) of this Order. The two-day limitation and sharing of time is intended to ensure that the State Court

Plaintiffs' Counsel, including the New York PSC, have an appropriate amount of time to pursue their particular interests. Accordingly, the MDL PSC and the State Court Plaintiffs' Counsel, including the New York PSC, shall meet and confer with respect to the division of time so as to ensure that the interests of the New York PSC and State Court Plaintiffs' Counsel are adequately addressed.

    c.    <u>Coordination with Other Counsel and Avoidance of Duplication Where Practicable</u>. The Plaintiffs' attorney(s) designated to conduct the examination by the MDL PSC, the New York PSC and/or the State Court Plaintiffs' Counsel shall coordinate with each other where practicable so as to conduct as thorough and non-duplicative an examination as is practicable. Any Plaintiffs' counsel in any action subject to this Coordinated Proceeding may suggest matters for inquiry in any deposition noticed in these actions by providing to the New York PSC or its designee(s) a written list and brief explanation of such matters. The examiner(s) designated by the New York PSC and/or the State Court Plaintiffs' Counsel may cover the same topics or issues covered by the examiner designed by the MDL PSC, but the MDL PSC, the New York PSC, and/or the State Court plaintiffs' counsel shall coordinate the conduct of depositions to avoid duplication.

    d.    <u>Designation of Examiners for Defendants</u>. Defendants' Liaison Counsel may select up to two attorneys to examine a deponent, one of whom shall be counsel for a physician or other health care provider Defendant (unless no such counsel wishes to be so designated). Any Defendants' counsel in any related federal or state action who is not so designated may suggest matters for inquiry in any deposition noticed in these actions by providing to Defendants' Liaison Counsel and her designee(s) a written list and brief explanation of such matters.

    e.    <u>Notice of Designees</u>. Each side must identify its designated examiner(s) at the beginning of each deposition.

    f.    <u>Use of Depositions in MDL and State Court Proceedings</u>. Any examination conducted by any examiner may be used in the State Court proceedings, including

10

this Coordinated Proceeding, consistent with the law, rules of procedure and evidence, and orders of this Court.

28.  Sequence Of Examination. Questioning at the depositions will be conducted in the following sequence for depositions noticed by the MDL PSC and/or the State Court Plaintiffs' Counsel, including the New York PSC, unless the MDL PSC, the New York PSC and/or the State Court Plaintiffs' Counsel agree to a different sequence for their examinations for a particular deposition: (1) the examiner designated by the MDL PSC (if any, or an additional examiner designated by the State Court Plaintiffs' Counsel where the MDL PSC does not designate an examiner); (2) the examiner(s) designated by the New York PSC and/or State Court Plaintiffs' Counsel (if any, or an additional examiner designated by the MDL PSC where the State Court Plaintiffs' Counsel do not designate an examiner); (3) the examiner(s) designated by Defendants' Liaison Counsel, in the order designated by Defendants' Liaison Counsel; (4) individual counsel for the deponent, if any; and (5) any re-cross and/or redirect by such counsel, in the same order. Questioning at the depositions will be conducted in the following sequence for depositions noticed by Defendants' Liaison Counsel: (1) the examiner(s) designated by Defendants' Liaison Counsel, in the order designated by Defendants' Liaison Counsel; (2) the examiner designated by the MDL PSC (if any, or an additional examiner designated by the State Court plaintiffs' counsel where the MDL PSC does not designate an examiner); (3) the examiner(s) designated by the State Court Plaintiffs' Counsel, including the New York PSC (if any, or an additional examiner designated by the MDL PSC where the State Court Plaintiffs' Counsel do not designate an examiner); (4) individual counsel for the deponent, if any; and (5) any re-cross and/or redirect by such counsel, in the same order.

29.  Objections.

a.  How Objections Made. Objections shall be made only by the attorneys permitted to examine the deponent, plus individual counsel for the deponent (if any), and shall be made by stating, "Objection" and the basis for the objection in a concise manner. An objection by one party preserves the objection for and inures to the benefit of all parties. No objection

11

shall be expressed in language that suggests an answer to the deponent. Counsel shall refrain from engaging in colloquy during depositions.

        b.        <u>Bases For Objections</u>. No objection shall be made during the taking of a deposition except to assert the following grounds: (1) the form of a question; (2) a privilege; (3) a right to confidentiality; (4) a limitation imposed pursuant to a previously entered court order; or (5) a question is argumentative, harassing or abusive. In connection with an objection to the form of the question, the examiner may inquire as to the grounds for the objection in order to allow the interrogator to amend the question.

        c.        <u>Objections Preserved</u>. All objections, except as to the form of the question, the responsiveness of an answer, or the assertion of a privilege shall be preserved for later ruling by the court(s) in which the deposition testimony is offered and may be asserted at the time the deposition testimony is proffered at trial. Objections as to the admissibility of documents introduced during a deposition are not waived by failure to raise the objection during the deposition, but rather are preserved for later ruling by the Court or by the trial judge.

        d.        <u>No Objection To Evidentiary Form Of Question Or Scope Of Legal Theory</u>. In the event Plaintiffs seek to use at any trial the deposition testimony of any witness offering an opinion, Defendants agree not to raise at such deposition or trial the objection that the deposition questions asked or the answers given regarding such expert opinion do not conform to the evidentiary form typically required by the jurisdiction whose law would control the case being tried. For example, if one jurisdiction requires an opinion to be expressed to a "reasonable degree of certainty," the Defendants shall not object to an opinion given to a "reasonable degree of probability." Further, Defendants agree not to object to the form of the question posed at a deposition or to instruct a witness not to answer on the grounds it seeks testimony in support of a particular legal theory (*e.g.*, negligence or strict liability) that is not being prosecuted in all of the cases for which the deposition is being taken. Defendants, however, reserve the right to seek to exclude any particular deposition testimony at the trial of any individual case on the grounds that such testimony is not relevant to the allegations of that case. Further, the parties do not waive

12

any objection or argument they might have that answers given by a witness are legally insufficient, without factual basis, or otherwise fail to meet applicable substantive or evidentiary standards.

30. <u>Consultation With Witness</u>. A witness may consult with counsel during a deposition. When a question is pending, the witness must first answer the question before consulting with counsel, except that the witness and counsel may consult at any time for the purpose of determining whether a privilege exists or whether the information sought is subject to a protective order in place.

31. <u>Videotaped Depositions</u>.

    a. <u>Right To Videotape Depositions</u>. Any party shall have the right to require that the deposition of any party or witness be recorded on videotape and shall provide written notice of same with the deposition notice or, where the party wishing to videotape did not notice the deposition, no later than five days before the date on which the deposition is scheduled to occur. All videotaped depositions shall be accompanied by a simultaneous audio tape and stenographic transcript.

    b. <u>Equipment And Techniques</u>. The parties shall meet and confer regarding the equipment and techniques to be used to videotape depositions. Provisions relating to such equipment and techniques shall be the subject of a further Case Management Order by this Court and shall be issued prior to any depositions.

    c. <u>Videography Technicians</u>. The party giving notice that the deposition will be videotaped shall assure that all video technicians who record the deposition possess the skills, experience, and equipment necessary to understand and comply with this Order and any further Order relating to the equipment and techniques to be used. Counsel for that party shall provide a copy of this Order and any further Order to the video technicians prior to the deposition.

    d. <u>Deposition Officer's Services Must Be Offered Equally</u>. Services and products offered or provided by the deposition officer or the entity providing the services of the deposition officer to any party or to any party's attorney or non-party who is financing all or part

13

of the deposition shall be offered or provided to all parties or their attorneys attending the deposition. No service or product may be offered or provided by the deposition officer or by the entity providing the services of the deposition officer to any party or any party's attorney or non-party who is financing all or part of the deposition unless the service or product is offered or provided to all parties or their attorneys attending the deposition. All services and products offered or provided shall be made available at the same time and on the same terms to all parties or their attorneys.

e. <u>Deposition Officer Shall Not Comment On Demeanor</u>. The deposition officer and the organization providing the video and audio services shall not provide to any party or any other person or entity any service or product consisting of their notations or comments regarding the demeanor of any witness, attorney, or party present at the deposition. The deposition officer and the organization providing the video and audio services shall not collect any personal identifying information about the witness as a service or product to be provided to any party or non-party.

f. <u>No Distortion</u>. The camera operators shall not distort the appearance or the demeanor of participants in the deposition by the use of camera or sound recording techniques.

g. <u>Oath And Identification Of Attendees</u>. The oath shall be administered to the deponent on camera and on the audio recording.

h. <u>Conclusion Of Deposition</u>. At the conclusion of a deposition, a statement shall be made on camera or on the audio recording that the deposition is ended where agreed to by the parties and shall set forth any stipulations made by counsel concerning the custody of the audio or video recording and the exhibits, or concerning other pertinent matters.

i. <u>Preservation Of Videotapes</u>. The video operator shall preserve custody of the original video medium in its original condition until further order of the Court. No part of the video or audio record of a video deposition shall be released or made available to any member of the public unless authorized by the Court.

*[handwritten annotation: but ~~Any deposition~~ video will be provided to the other parties, prior to trial, for authentication purposes.]*

32. <u>Use of Exhibits</u>.

a. <u>Provision Of Hard Copies Of Exhibits At Deposition</u>. Extra hard copies of documents about which counsel examines the deponent shall be provided to counsel for the deponent and counsel for the other party participants reasonably expected to attend during the course of the deposition. To the extent possible, all exhibits shall have printed Bates numbers affixed.

b. <u>Marking Of Deposition Exhibits</u>. All exhibits will be marked for identification by using the deponent's last name and a sequential number beginning with 1 (e.g., Smith-1). In addition, the exhibit shall be identified on the record by the Bates number of the document. If a document is used in more than one deposition, it will be marked in each deposition. All documents marked as exhibits will be attached to the original transcript and will be retained with the original transcript. Copies of exhibits may be attached to copies of the transcript where the party ordering the transcript pays for the costs of copying those exhibits.

c. <u>Exhibits Without Bates Numbers</u>. Deposition exhibits that have not been previously produced in the litigation shall be assigned a Bates number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates number and shall be placed in the depository at the conclusion of the deposition.

33. <u>Time To Review Transcript</u>. Each deponent has the right to read and sign the deposition transcript within forty-five days after receipt of the transcript from the court reporter. This time period shall not be extended, absent good cause shown. Should the deponent fail to sign the transcript within forty-five days, all parties have the right to use a copy of the transcript in any further proceedings as though the copy were the original transcript. Should the deponent fail to sign the errata sheet within forty-five days, the transcript will be deemed to have been read and approved by the deponent. In the event the original transcript is unsigned, lost, or inadvertently destroyed, a certified copy reflecting any changes made to the original transcript may be used in place of the original.

SO ORDERED.

Dated: 7/31, 2006

SHIRLEY WERNER KORNREICH
J.S.C.

FILED

AUG ...
COUNTY CLERK'S OFFICE
NEW ...

16