# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE DIET DRUGS (Phentermine/ :
Fenfluramine/Dexfenfluramine) :
PRODUCTS LIABILITY LITIGATION : MDL Docket No. 1203
:

PRETRIAL ORDER NO. 2.1

Deposition Guidelines

IT IS ORDERED that all depositions in the above-entitled matter be conducted in accordance with the following rules:

1. **Cooperation.**

Counsel are expected to cooperate with, and be courteous to, each other and deponents.

2. **Attendance.**

(a) Who May Be Present. Unless otherwise ordered under Fed.R.Civ.P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, counsel for the deponent, and potential witnesses. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Confidentiality Order shall be excluded.

(b) Unnecessary Attendance. Unnecessary attendance by counsel is discouraged. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend.

1

3. **Conduct.**

   (a) **Scheduling.** Depositions should ordinarily be noticed 30 calendar days in advance of the date on which the deposition is to take place and counsel shall use their best efforts to cooperate in scheduling depositions.

   (b) **Examination.** In conducting depositions, the parties shall use their best efforts to avoid duplicative examination of the witness and shall cooperate in the allocation of time so that the limits set or expected to be honored by the court are complied with.

   (c) **Objections and Directions Not to Answer.** Counsel shall comply with Fed.R.Civ.P. 30(d)(1). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Any objection made at a deposition shall be deemed to have been made on behalf of all other parties. All objections, except those as to form, are preserved.

   (d) **Private Consultation.** Private conferences between deponents and their attorneys in the course of interrogation are improper except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the court for good cause shown, such conferences may be held during normal recesses and adjournments.

   (e) **Furnishing Documents in Advance of Deposition.** Deposing counsel, shall, ten calendar days prior to the deposition, furnish deponent's counsel with a copy of all of the documents he or she, in good faith, expects to question the deponent about during

the deposition. Where the deponent is an employee of a defendant, the deposing counsel may furnish the deponent's counsel with a list designating the Bates numbers of all the documents he or she expects to question the deponent about during the deposition in lieu of furnishing deponent's counsel with the actual documents. Deponent's counsel may prepare the deponent for the deposition in keeping with all professional and ethical rules of practice (i.e., deponent shall answer all questions fully and truthfully). In addition to providing documents to the deponent's counsel ten days prior to the deposition (or furnishing the deponent's counsel with a list of Bates numbers of documents) pursuant to this paragraph, extra copies of documents about which counsel expect to examine the deponent should ordinarily be provided to the deponent at the deposition.

Pursuant to Rule 30(c), deposing counsel may notify deponent's counsel that he or she is withholding particular documents about which the deponent will be questioned if such documents may be withheld under F.R.E. 613(a).

4. **Documents.**

   (a) **Production of Documents.** Witnesses subpoenaed to produce documents should ordinarily be served at least 30 calendar days before the scheduled deposition. Arrangements should be made to permit inspection of the documents before the interrogation commences.

   (b) **Confidentiality Order.** A copy of the Confidentiality Order shall be provided to the deponent before the deposition commences if the deponent is to produce or may be asked about documents that contain confidential information.

3

(c) **Marking of Deposition Exhibits.** Documents shall be referred to by the Bates-stamp number assigned to the documents in this litigation.

5. **Deposition of Witnesses Who Have No Knowledge of the Facts.** An officer, director, or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such person has no knowledge may submit to the noticing party a reasonable time before the date noticed an affidavit so stating and identifying a person or persons within the corporation or government entity believed to have such knowledge. Notwithstanding such affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order.

6. **Videotaped Depositions.**

By so indicating in its notice of a deposition, a party at its expense may record the deposition by videotape pursuant to Fed.R.Civ.P. 30(b)(2) and (3) subject to the following rules.

(a) *Video Operator.* The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed.R.Civ.P. 28(c). At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

(b) *Attendance.* Each witness, attorney, and other person attending the deposition shall be identified on camera at the commencement of the deposition. Thereafter, only the deponent (and demonstrative materials used during the deposition) will be videotaped.

(c) *Standards.* The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at a trial. Unless physically

4

incapacitated, the deponent shall be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. Eating and smoking by deponents or counsel during the deposition will not be permitted.

(d)  *Filing*.  The operator shall preserve custody of the original videotape in its original condition until further order of the court. No part of the video or audio record of a videotaped deposition shall be released or made available to any member of the public unless authorized by the Court.

7.  **Telephonic Depositions.**  By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed.R.Civ.P. 30(b)(7). Unless an objection is filed and served within ten calendar days after such notice is received, the court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

8. **Use; Supplemental Depositions.**

(a) Depositions may, under the conditions prescribed in Fed.R.Civ.P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation --

    (1) who was present or represented at the deposition;

    (2) who had reasonable notice thereof; or

    (3) who, within 30 calendar days after the transcription of the deposition (or, if later, within 60 calendar days after becoming a party in this court in any action that is a part of this litigation), fails to show just cause why such deposition should not be usable against such party.

(b) **Supplemental Depositions.** Parties added after the date on which a deposition has been taken and parties in cases filed, removed to, or transferred to this Court after the taking of a deposition may, within 30 calendar days after the transcription of the deposition (or, if later, within 60 calendar days after becoming a party in this court in any action that is part of this litigation), request permission from the Court for good cause shown to conduct a supplemental deposition of the deponent, including the right to take such deposition telephonically. If permitted by the Court, the deposition shall be treated as the resumption of the deposition originally noticed. Such examination shall not be repetitive of the prior examination of the witness.

BY THE COURT:

Louis C. Bechtle
Chief Judge Emeritus