# EXHIBIT A

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4853

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

October 24, 2006

Re:  **In re Neurontin Marketing, Sales Practices and Products Liability Litigation, MDL No. 1629**

Mr. Ronald J. Aranoff, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, New York 10016

Dear Ron:

    I write with respect to your October 16, 2006 letter requesting that defendants provide information regarding the time-frame for the production of certain discovery materials.

    Your letter identifies sixteen categories of documents that you state "either the Court ordered Defendants to produce, Defendants have agreed to voluntarily produce or Defendants have agreed to get back to us on whether/when they will produce the requested documents." For a number of the categories, you include a cross-reference to specific Orders or correspondence. Knowing those items that are most important to plaintiffs allows us to better concentrate our discovery efforts. Please note, however, that defendants have been diligently pursuing multiple discovery requests at the same time, and are not completing one production before moving on to the next, as you characterize in your letter.

    Indeed, as you are aware, on September 8, 2006, defendants produced almost 85,000 pages of trial master file and case report forms relating to Neurontin. On September 28, 2006, defendants produced additional Neurontin materials from the period prior to 2000. In addition, plaintiffs insisted on receiving information related to the named plaintiffs' prescribing physicians and their identified current or former partners prior to allowing the depositions of the prescribing physicians to go forward. These materials are being provided to you tomorrow. Defendants will be producing the vendor documents relating to Cline Davis & Mann and Sudler & Hennessy by the end of October. In addition, defendants will be providing, as ordered by the Court, a privilege log relating to the 28 custodians whose materials we produced in the *Young* action. Defendants have also been working on supplementing the productions for these custodians.

Mr. Ronald J. Aranoff, Esq.　　　　　　2　　　　　　　　October 24, 2006

  Below, I provide our best estimate of dates by which defendants can produce certain categories identified in your letter. Defendants recognize that these categories are being used as short-hand to reflect previous discussions, correspondence and Orders, and the scope of the request is defined by those underlying materials and discussions and by the discovery orders in this case, not by the descriptions contained in your letter. Without agreeing to any characterization of the categories provided in the October 16th letter,[1] and reserving all of our rights and objections, defendants expect to produce materials as set forth in greater detail below.

*November 22, 2006:*

- Visitors Speakers documents (category 2): We have not located a database related to the Parke-Davis / Warner-Lambert Speakers Bureau. In response to this request, we will produce, in Excel format, documents identifying payments to physicians who may have acted as speakers for Neurontin during the period 1996 – 2000. To the extent that relevant documents relating to these speakers exist, they will either be contained in materials already produced or will be produced by February 16, 2007 as part of the production of category number 12.

- "Profit and Loss" Statements (category 16)

*December 15, 2006*

- Custodial Files of the Neurontin marketing team and Neurontin Medical Personnel (category 7): Defendants will engage in a rolling productions of responsive documents from custodial files, commencing on December 15, 2006. Given the nature of this request and the lack of visibility regarding the full scope of what will be entailed in responding to it, we cannot at this time provide an accurate estimate of when defendants will complete this production. Defendants will continue to devote substantial resources to the issue, however, and will endeavor to complete this production within 90 days of commencement. If defendants learn that they cannot complete the production on that schedule, defendants will promptly advise plaintiffs of that fact.

---

[1] Defendants also do not agree with the characterizations relating to the scope of production contained in the October 6, 2006 letter from Thomas Greene, which we will respond to separately.

Mr. Ronald J. Aranoff, Esq.          3          October 24, 2006

*January 15, 2006*

- CMMS database (category 1)

- Sherlock database (category 4)

- BETSY database (category 5)

*February 16, 2006*

- Relevant Warner-Lambert Neurontin documents from Morris Plains from 1998 – 2000 (category 12)

*Categories 8, 9 and 14:* Materials called for in these categories either have been produced already or will be included in the production of other categories of documents. Specifically, certain documents relating to Neurontin Marketing Strategies (category 8), budgets for Marketing, Advertising, Promotion, Sales, Research and Development of Neurontin (category 14), and the efficacy or inefficacy of Neurontin (category 9) have already been produced. Indeed, with respect to category 9, defendants have produced hundreds of research reports related Neurontin clinical trials and a bibliography or Neurontin articles. Defendants also have made available for inspection and copying the Neurontin NDAs and INDs, as well as hundreds of boxes containing underlying materials relating to clinical research trials. Additional responsive materials related to these three categories will be produced to the extent they are contained within, and on the production time-frame for, categories 7 and 12.

*Category 3:* With respect to category 3, IMS documents, defendants are unable to provide an estimate at this time due to the need, as recognized by the Court in its August 17, 2006 Order, to work out contractual obligations with the vendor from whom we receive such information. In addition, the Court's Order also stated that the parties should confer to determine the "breadth and details" of the production of such materials. Since the date that Order was entered, plaintiffs have made no effort to schedule a meet and confer session regarding either the contractual issue or the scope of any production. We suggest that the parties schedule a meet and confer session in the near future, as ordered by the Court, to address this issue.

*Categories 6, 10, 11, 13 and 15:* At defendants' request, you provided additional cross-references with respect to categories 6, 10, 11, 13, and 15 on October 20, 2006.. These cross-references relate to Plaintiffs' First Request for Production. I have reviewed the identified requests, defendants' Responses and Objections to these requests, and notes from the various meet-and-confer sessions conducted in 2005 and correspondence exchanged between the parties. With respect to monthly physician tracking reports (category 11), such documents, if

Mr. Ronald J. Aranoff, Esq. 4 October 24, 2006

any, have been produced already or will be produced to the extent they are contained within, and on the production time-frame for, categories 7 and 12.

To my knowledge, the remaining categories (6, 10, 13, and 15) were not identified in the requests or in the meet and confer sessions, nor am I aware that they were raised in the months since those sessions occurred. Several of these categories are vague and ambiguous, and defendants are unable to ascertain their meaning, and/or they appear overly broad on their face. Defendants suggest that the parties meet and confer to discuss these items further.

Finally, please note that there are a number of outstanding discovery items that either the sales and marketing plaintiffs or the products liability plaintiffs owe defendants. We will address these issues under separate cover.

We are available to discuss the above if you have any questions.

Sincerely,

Debbie MacGregor

cc: Thomas Greene, Esq.
Richard Shevitz, Esq.
Kenneth Fromson, Esq.

By Facsimile