## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Master File No. 04-10981 |
| *Blue Cross & Blue Shield of Alabama, et al. v. Pfizer, Inc., et al.*, 1:06-cv-12295-PBS | ) ) ) ) | Judge Patti B. Saris |

### PLAINTIFFS' SUPPLEMENTAL REPLY MEMORANDUM
### IN SUPPORT OF MOTION TO REMAND

Plaintiffs submit this brief in reply to Pfizer's brief filed 4/9/07 (Dkt. 720) ("Pfizer Brf.").[1]

These Alabama Plaintiffs' claims arise from the alleged fraudulent schemes of all Defendants,

including Longmire, an Alabama citizen, to market Neurontin for a variety of uses for which it is not

approved, medically necessary, or medically effective. This case should be remanded to Alabama

state court because Pfizer cannot prove by clear and convincing evidence that Plaintiffs have no

---

[1]

Defendant Longmire also filed on 4/9/07 a "Memorandum Identifying Certain Inaccurate Representations Asserted in Plaintiffs' Supplemental Memorandum in Support of the Motion to Remand," Dkt. 721, but takes no position on remand. *Id.* at 1. Plaintiffs note that Longmire's Complaint (Dkt. 668, Attach. 5), Amended Complaint (Dkt. 712, Attach. 1), and his press release (Dkt. 650, Ex. 13), speak for themselves. Plaintiffs have not misrepresented anything. Moreover, it is noteworthy that Plaintiffs made the same allegations Longmire now finds offensive in the original briefing on remand in the transferor court. Dkt. 650, Ex. 7, 19 n.29, 20. Neither Longmire nor Pfizer objected to the allegations then. Indeed, Pfizer still does not dispute that Longmire made the admissions.

Further, Longmire's submission makes it abundantly clear that he and Plaintiffs are truly adverse, negating Pfizer's realignment argument. *See* Pfizer Brf. at 2. Plaintiffs have alleged that Longmire knowingly made misrepresentations about Neurontin. *See, e.g.*, Complaint, Dkt. 668, Attachs. 3-4, ¶¶ 74, , 79, 183- 185, 187. Longmire disputes Plaintiffs' allegations. No circumstance exists that could make Plaintiffs and Longmire anything but adverse to one another. Clearly, the "primary and controlling" matter in dispute in this case is whether all defendants, including Longmire, are liable to Plaintiffs. There is simply no basis for realigning Longmire as a plaintiff. *See East Tennessee, V&JG R.R. v. Grayson,* 119 U.S. 240 (1886) (claims of conspiracy and collusion between resident and non-resident defendant prevented re-alignment of stockholder with company); *Schetter v. Heim,* 300 F. Supp. 1070 (E.D. Wis. 1969).

possibility of stating a claim under Alabama law against Longmire. *In re Pharm. Indus. Average Wholesale Price Litig.,* 431 F. Supp. 2d at 109, 117 (Saris, J.).[2]

## I.    PFIZER'S NEW ARGUMENTS REGARDING STATUTE OF LIMITATIONS, THE ALABAMA DECEPTIVE TRADE PRACTICES ACT ("ADTPA"), AND FEDERAL PREEMPTION ARE IMPROPER AND INEFFECTIVE.

In the legal equivalent of a Hail Mary pass at the end of a football game, Pfizer now throws

a flurry of new arguments at fraudulent joinder. All of these arguments are conclusively blocked by

this Court's adoption of the common defense rule; all have been waived by Pfizer's failure to raise

them in the Notice of Removal; and none have merit.

In *New England Mut. Life Ins. Co. Sales Practices Litig.,* 324 F. Supp. 2d 288 (D. Mass.

2004), Judge Keeton interpreted the Supreme Court decision of *Chesapeake & Ohio Rwy. Co. v.*

---

[2]    Pfizer's desperation to prevent remand to Alabama is clear. For example, Pfizer accuses Plaintiffs of "cherry-picking" Longmire as a defendant, and ignores that Longmire and Alabama Blue Cross have a long-standing Preferred Medical Doctor ("PMD") relationship under a contract that specifically prohibits prescribing drugs that are investigational, ineffective, or otherwise not medically necessary. Dkt. 650, Ex, 7, at 20-24. Plaintiffs are not cherry-picking. They are suing a doctor they know to be intimately involved in the Neurontin off-label marketing scheme in Alabama and elsewhere, and who clearly knew that the types of uses he promoted violated Blue Cross's PMD Agreements. *See* Dkt. 650, Ex. 11, ¶¶ 5-15. Plaintiffs' allegations regarding Longmire's misrepresentations in promoting Neurontin simply are not in any way equivalent to those of mere prescribing physicians in *Legg v. Wyeth,* 428 F.3d 1317 (11th Cir. 2005), or the products liability cases in this MDL. *See* Dkt 584 at 6 (Defendant Dr. Hall's motion to remand, not joined in by plaintiffs, denied); Dkt. 514 at 347 (wrongful death claim, "not even any allegations that [sales representative] had any connection to [plaintiffs' decedent] Johnson, to Johnson's physician, or to anyone connected to Johnson or Johnson's physician.").

Pfizer also asks this Court not to open a "new front" against it by remanding this case to Alabama, but fails to mention that, having dismissed its removal petition by agreement, it is already litigating this case in the Circuit Court of Montgomery County, Alabama, against other Alabama TPPs. Complaint, *Alabama Assoc. Gen. Contractors, et al. v. Pfizer, Inc., David Longmire,* Ex. A to Notice of Removal, Case No. 2-06cv00523 (M.D. Ala.) (attached hereto as Ex. A); Consent to Removal (attached hereto as Ex. B). The Alabama Neurontin "front" against Pfizer thus is not new and remains open regardless of this Court's actions in this case.

Plaintiffs have no "strategy" to "avoid the Neurontin MDL." Pfizer Brf. at 8. They have sued a defendant who the Massachusetts US Attorney, Dkt. 650, Ex. 7, at 17-19, and this Court, Dkt. 269 at 43-45, have already recognized as a part of the off-label marketing scheme, and who is a citizen of the same state as the Plaintiffs. Filing lawsuits in federal court or participating in MDLs is neither novel nor intimidating to Plaintiffs, *In re Terazosin Hydrochloride Antitrust Litig.,* 200 F.R.D. 72 (S.D. Fla. 2004); *In re Synthroid Marketing Litig.,* 188 F.R.D. 287 (N.D. Ill. 1999). It is simply inappropriate here because this Court has no subject matter jurisdiction to hear this case.

2

*Cockrell,* 232 U.S. 146 (1914) as significantly narrowing the judicial doctrine of fraudulent joinder. "Fraudulent joinder does not exist when an argument offered to prove the fraudulent joinder of non-diverse defendants simultaneously shows that no case exists against the diverse defendant." *Id.* at 300. Here, Pfizer's arguments that Plaintiffs should have discovered the fraudulent scheme earlier than they allege; that Plaintiffs have no claim under the ADTPA; and that Plaintiffs' claims are preempted by federal law would also apply to Plaintiffs' claims against Pfizer. These are summary judgment arguments for the state court to address. Judge Keeton's scholarly analysis answers Pfizer's lament as to this result:

> [Defendant's] resistance to my interpretation of *Cockrell* is understandable. My interpretation of *Cockrell* keeps the doctrine of fraudulent joinder within narrow limits and thus reduces the ability of defendants to escape from state courts. It is important to remember, however, that the doctrine of fraudulent joinder is a judicially-created exception to the complete diversity rule. It is both prudent and appropriate to keep the doctrine within narrow limits rather than to expand it. Expansion of diversity jurisdiction remains the prerogative of Congress.

*Id.* (citation omitted).

Further, Pfizer waived these arguments by not raising them in the Notice of Removal. Even assuming these missing allegations could have been supplied by amendment, the thirty-day window to amend the Notice expired on July 13, 2006. In fact, all of Pfizer's present arguments were raised for the first time in brief to this Court, and are improper. *Bova v. U.S. Bank,* 446 F. Supp. 2d 926 (S.D. Ill. 2006) (applying *Cockrell* common defense rule and remanding case to state court, also noting that "defendants' alternative basis for fraudulent joinder is not properly before this Court because it was not alleged in the notice of removal in this case.").

3

Finally, Pfizer is simply wrong on the merits of Plaintiffs' claims against Longmire.[3] This Court should remand this case, as Pfizer has failed to demonstrate that there is no possibility Plaintiffs can state a cause of action against Longmire in an Alabama state court.[4]  *Mills v. Allegiance HealthCare Corp.,* 178 F. Supp. 2d 1 (D. Mass. 2001) (Saris, J.).[5]

---

[3]     Plaintiffs allege that they had no knowledge of and no reason to know of Pfizer's fraudulent scheme and Longmire's involvement in it until, at the earliest, Pfizer's plea to criminal charges in this Court on May 13, 2004. Dkt. 650, Complaint ¶ 12; Hill Decl. ¶ 15. Plainly, Plaintiffs were not privy to the Boston US Attorneys' investigation and sealed information regarding Pfizer's schemes, and Longmire's participation therein, until the information was unsealed and made public at the time of Pfizer's guilty plea. *Smith v. Nat'l Sec. Ins. Co.,* 860 So. 2d 343 (Ala. 2003), cited by Pfizer, requires no more than that Plaintiffs allege the time and circumstances of their discovery of Pfizer and Longmire's fraudulent scheme and that Plaintiffs reasonably could not have discovered it earlier. While Pfizer argues Plaintiffs should have discovered Longmire's fraud sooner, it is well settled that the issue of when a plaintiff discovered or should have discovered fraud is a fact question for a jury. *Liberty Nat'l Life Ins. Co. v. McAllister,* 675 So. 2d 1292, 1297 (Ala.1995). *See also* Report & Recommendation, Dkt. 269 at 55-56.

As to Plaintiffs' standing to bring an ADTPA claim, Plaintiffs have pled that they are "persons" under the Act, which defines "person" as including "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations and any other legal entity." Ala. Code § 8-19-3(5). A "consumer" is defined in the Act as "[a]ny natural person who buys goods or services for personal, family or household use." Ala. Code § 8-19-3(2). The private right of action allowed under Ala. Code § 8-19-10, provides that if a defendants' practices violate any subdivision of § 8-19-5, and cause monetary damage to at least one consumer (natural person), the Defendants can be held liable to both "consumers *and other persons*." Perhaps due to this language, no Alabama court has held, as Pfizer claims, that corporations cannot bring ADTPA claims for damages to consumers. The federal court in *Meeks v. Xtreme Cycle Supply,* 2006 WL 780580 (M.D. Ala. Mar. 27, 2006), adopted a different interpretation of the Act, noting that § 8-19-3 claims were not relevant to the case before it. *Id.* at *3 n.4.

As to Pfizer's federal preemption argument, this Court and Judge Saris did not rule that all state law fraud claims were preempted, and did not rule on preemption with respect to Longmire at all. "Defendants' contention that federal law preempts all of the state law claims is incorrect. [Fraud] claims based on the statements arise not out of a violation of a federal regulation or law, but from state antifraud statutes or a common-law duty of truthfulness." Report & Recommendation, Dkt. 269 at 35; Order of 12, 2006, Dkt. 356 at 20.

[4]     Once again, Pfizer mischaracterizes Alabama law and this Court's causation decisions in claiming that Plaintiffs state no fraud claim against Longmire. These arguments are addressed at length in Plaintiffs' Reply Brief, Dkt. 650, Ex. 7, at 21-33, and are not repeated here.

[5]     Perplexingly, Pfizer cites *Mills* as precluding this Court's consideration of any evidence of non-fraudulent joinder of Longmire outside of the pleadings. Pfizer Brf. at 2 n. 2. To the contrary, Judge Saris ruled that "in analyzing a claim of fraudulent joinder, a court is not held captive by the allegations in the complaint." 178 F. Supp. 2d at 5. *See* Plaintiffs' Reply Brief and Exhibits thereto, Dkt. 650, Exs. 7-13, Ex. 7 at 18-35 (discussing evidence to be considered in addition to the allegations of their Complaint).

4

Respectfully submitted,


/s/ Kimberly R. West
Kimberly R. West
Wallace, Jordan, Ratliff & Brandt, LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Telephone: (205) 874-0352
Facsimile:  (205) 871-7534
kw@wallacejordan.com

One of the Attorneys for Plaintiff Blue Cross and Blue Shield
of Alabama


Dated: April 13, 2007


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), which includes Plaintiffs' Liaison Counsel and attorneys of record in *Blue Cross & Blue Shield of Alabama, et. al. v. Pfizer, Inc., et al.*, 1:06-cv-12295-PBS, the only attorneys required to receive service of this document pursuant to Case Management Order No. 1, ¶ III(C), Dkt. 15 (12/16/2004).


Dated: April 13, 2007          /s/ Kimberly R. West
                               Kimberly R. West
                               Wallace, Jordan, Ratliff & Brandt, LLC
                               800 Shades Creek Parkway, Suite 400
                               Birmingham, Alabama 35209
                               Telephone: (205) 874-0352
                               Facsimile:  (205) 871-7534
                               kw@wallacejordan.com


5