# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to All Actions | PRETRIAL ORDER NO. 3 |

## DEPOSITION GUIDELINES

The Court finds that the parties have met and conferred with regard to deposition protocol. Based upon the presentations of the parties and the Court being otherwise duly advised in the premises,

**IT IS ORDERED** that all depositions in the above-entitled matter be conducted in accordance with the following rules, absent further order of the Court:

1. **Cooperation.**

Counsel are expected to cooperate with, and be courteous to, each other and deponents. The scheduling and conduct of depositions, including the resolution of any disputes arising during depositions, shall be governed by the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota.

2. **Coordination.**

Counsel designated as questioning a deponent shall make reasonable efforts to coordinate with all other counsel whose interests they represent and to represent the areas of examination and specific questions suggested. Non-questioning counsel are encouraged to coordinate with questioning counsel in advance and to submit proposed questions or lines of questioning in advance.

3.   **Cross Notices Between State Court Cases and These Proceedings.**

In order to avoid duplicative discovery and to prevent the unnecessary expenditure of judicial resources and the resources of the parties, steps should be taken to encourage counsel in related state court proceedings to coordinate their depositions with MDL No. 05-1708 (DWF/AJB) depositions. A Plaintiffs' State Liaison Counsel should be designated who shall then copy all known Plaintiffs' counsel (by mail, courier, facsimile, or electronic mail) on all deposition notices filed by Plaintiffs in MDL No. 05-1708 (DWF/AJB). Defendants' Liaison Counsel shall provide Plaintiffs' Liaison Counsel and Plaintiffs' known state court counsel with at least 10 days notice of any cross notice in these proceedings by Defendants of a deposition originally noticed in a state court. In the event any state court counsel participates in a joint deposition, questioning by state court counsel will not be counted against the time permitted for questioning pursuant to this MDL proceeding as described below. Nothing in this provision shall be construed as an injunctive or equitable order affecting state court proceedings. Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

4.   **Supplemental Depositions.**

Each party who did not have reasonable notice of a deposition and who was not present or represented at the deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty (30) days after filing of the deposition (or, if later, within sixty (60) days after becoming a party in any action which is a part of this litigation), file a motion to conduct a supplemental deposition of the deponent. Within ten (10) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL No. 05-1708 (DWF/AJB) deposition fully covered the area or areas sought to be explored in the supplemental deposition or that the testimony is not relevant.

No further deposition by any party having received notice of the original deposition will be permitted, except upon order of the MDL No. 05-1708 (DWF/AJB) Court on good cause shown. A showing by the moving party that a supplemental deposition is reasonably calculated to lead to the discovery of admissible evidence necessary to protect the interests of the moving party shall constitute good cause.

Assuming the movant has met this burden, and if no opposition or motion for a protective order is filed, or if the opposition or motion for a protective order is denied, the supplemental deposition may be taken within such time as may be authorized by the Court.

The supplemental deposition shall be treated as the resumption of the deposition originally noticed. During the resumed deposition, any other party may conduct further examination of the witness only with regard to new subject areas authorized by the order allowing the resumed deposition. The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and the deponent.

5.  **Number of Depositions of Current and Former Employees.**

Defendants shall make available for deposition all present employees requested by Plaintiffs, subject to the Defendants' right to object to the taking of any particular employee's deposition for good cause shown. Defendants shall take reasonable steps to make available requested former employees, to the extent possible. If Defendants are unable, despite their best good faith efforts, to produce a former employee, then Defendants shall provide the former employee's last known address and shall cooperate in any effort to obtain this Court's or another court's assistance to compel the former employee's attendance at the deposition.

Excluding Rule 30(b)(6) depositions, Plaintiffs shall be limited at this time to twenty (20) depositions of defendants' present and former employees and third-party witnesses. In addition, plaintiffs may notice up to five (5) depositions pursuant to Federal Rules of Civil Procedure

30(b)(6), regardless of the number of deponents produced by the Defendants in response to each such deposition notice, **provided** that the particular matters identified in the notice on which examination is requested do not duplicate any matters identified in connection with a prior Rule 30(b)(6) deposition.

The party wishing to take the Rule 30(b)(6) deposition will in good faith describe with reasonable particularity the categories for which the party is requesting examination. Within a reasonable period of time after receiving the notice, the party to be deposed will in good faith attempt to inform the discovering party if the party to be deposed believes that multiple witnesses will be necessary to respond to the requested categories of information and for which category each witness will be produced to respond.

Absent agreement by the Defendants, Plaintiffs may apply to the Court to conduct further depositions only upon a showing of good cause and the specific identification of individuals sought to be deposed. The Court expects the parties to utilize their best efforts to resolve these matters. However, in the event that the parties are unable to resolve them, the Court will expeditiously handle such requests to expedite discovery.

6.      **Length of Direct Examination.**

Examination by the party noticing the deposition of a present or former employee of Defendant shall be no more than seven (7) hours of actual examination, absent agreement or further order of this Court upon a showing of good cause. However, the Court expects that if a deposition requires additional time, the parties will make a good faith effort to agree on an extension before coming to the Court for resolution. Direct examinations that are reasonably believed to require more than seven (7) hours to complete shall be scheduled, to the extent possible, consistent with the witness's schedule, for sufficient consecutive days for completion.

7. **Attendance.**

(a) **Who May Be Present.** Unless otherwise ordered under Federal Rules of Civil Procedure 26(c), depositions may be attended by counsel of record, members and employees of their firms, counsel for the deponent, the parties or the representative of a party, court reporters, videographer, deponent, and counsel for the deponent. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Protective Order shall be excluded from the deposition.

(b) **Unnecessary Attendance.** Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend.

(c) **Notice of Intent to Attend a Deposition.** In order for counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition noticed in MDL No. 05-1708 (DWF/AJB) should advise **Local Liaison Counsel** for the noticing party not fewer than three business days prior to the deposition, whenever feasible.

8. **Conduct.**

(a) **Examination.** Questioning should ordinarily be performed by only one attorney for all Plaintiffs in MDL No. 05-1708 (DWF/AJB), designated by Plaintiffs' Co-Lead Counsel, and one attorney for each Defendant. Counsel for Plaintiffs who have individual or divergent positions that cannot be resolved by good faith negotiations with Plaintiffs' Co-Lead Counsel may examine a deponent. Such examination shall be limited to matters not previously covered.

Once the witness has answered a question, that same question or substantially the same questions shall not be asked again. Counsel should cooperate so that examinations by multiple attorneys do not result in a deposition exceeding the allotted time. Counsel should consult prior to a deposition to agree upon the time likely to be required to depose a particular witness. Absent agreement of the parties or Order of this Court, based on a showing of good cause, the length of depositions shall be controlled by Federal Rules of Civil Procedure 30(d)(2). It should be the rare case indeed when counsel has to approach the Court due to an issue relating to the allotted time for a deposition. Given the able and experienced counsel involved on both sides of this case, the parties should be able to resolve issues that are reasonably believed to require more than seven hours in advance of any deposition.

(b) **Scheduling.** Depositions should ordinarily be noticed thirty (30) calendar days in advance of the date on which the deposition is to take place. Counsel shall use their best efforts to cooperate in scheduling depositions at mutually convenient times and places. The parties shall schedule all depositions at a time and place reasonably convenient to the deponent. The burden of preparing witnesses for deposition during a given calendar month shall not unreasonably fall upon a particular party.

(c) **Location.** The location of the deposition shall be as consistent as possible within each city, so the videotape equipment, if being used, can be left in place.

(d) **Postponements.** Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled, or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between the primary examiner designated by the party noticing the deposition and the attorney representing the witness (if the witness is a party or a present or former employee or an expert designated by a party) or the Defendants (if the witness is not a party or a present or former employee or an expert designated by a party) or by

leave of the Court for good cause.

(e) **Objections and Directions Not to Answer.** All objections are preserved except for objections to the form of the question and foundation and responsiveness of the answer. No other speaking objections will be allowed. Counsel shall otherwise comply with all aspects of Federal Rules of Civil Procedure 30(d) regarding the posing of objections. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Any objection made at a deposition shall be deemed to have been made on behalf of all other parties.

(f) **Private Consultation.** Private conferences between deponents and their attorneys are improper while a question is pending, except for the purpose of determining whether a privilege should be asserted.

9. **Disputes During Depositions.**

Disputes between the parties should be addressed to this Court rather than the District Court in which the deposition is being conducted. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court by calling the Court's chambers. In the event the Court is not available, the deposition shall continue with full reservation of rights of the interrogation for a ruling at the earliest possible time. None of the provisions of this section shall deny counsel the right to suspend a deposition pursuant to Federal

Rules of Civil Procedure 30(d)(4), to file an appropriate motion with the Court at the conclusion of the deposition, and/or to appear personally before the Court.

**10.   Documents.**

   (a)   **Production of Documents.** Witnesses subpoenaed to produce documents should ordinarily be served at least thirty (30) calendar days before the date the witness is scheduled to produce such documents. Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the interrogation commences, and therefore the production of documents should occur at least seven (7) calendar days prior to the scheduled deposition.

   (b)   **Protective Order.** A copy of the Stipulated Protective Order shall be provided to the deponent before the deposition commences if the deponent is to produce or may be asked about documents that may contain confidential information.

   (c)   **Copies.** To the extent practicable, copies of documents about which counsel expect to examine a deponent shall be provided to opposing counsel in advance on the day of the deposition. Extra copies of documents about which deposing counsel expects to examine a deponent should ordinarily be provided to opposing counsel and the deponent at the deposition. Deponents and their counsel should be shown a copy of the document at the deposition before being examined about it, except when counsel seek to impeach or test the deponent's recollection.

   (d)   **Marking of Deposition Exhibits.** To the extent feasible, Lead Counsel shall establish a Master Deposition Document List identifying each document to be used in the direct examination of deponents by standardized numbering. All copies of the same document used as deposition exhibits should ordinarily be referred to by this standard identification system.

**11.   Deposition of Witnesses Who Have No Personal Knowledge of Relevant Facts.**

A witness served with a notice of a deposition or subpoena regarding a matter about which such person has no personal knowledge may submit to the noticing party an affidavit so stating and identifying a person or persons believed to have such knowledge. Such affidavit shall be submitted a reasonable time before the date noticed. Notwithstanding such affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order. The party noticing the deposition of the witness must notify the witness of this provision.

**12.   Videotaped Depositions.**

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape pursuant to Federal Rules of Civil Procedure 30(b)(2) and (3) subject to the following rules:

(a)   **Real-time Feed.** All videotaped depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

(b)   **Video Operator.** The operator(s) of the videotape recording equipment shall be subject to the provisions of Federal Rules of Civil Procedure 28(c). At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

(c)   **Attendance.** Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition. Only the deponent (and demonstrative materials or other exhibits used during the deposition) will be videotaped.

(d)   **Standards.** Unless physically incapacitated, the deponent shall be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate

video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. Smoking by deponents or counsel during the deposition will not be permitted.

(e)     **Filing.**  The operator shall preserve custody of the original videotape in its original condition until further order of the Court. No part of the video or audio record of a videotaped deposition shall be released or made available to any member of the public unless authorized by the Court.

Dated:  January 6, 2006                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           Judge of United States District Court