UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
IN RE NEURONTIN MARKETING, SALES )
PRACTICES, AND PRODUCTS LIABILITY )
LITIGATION                        )        MDL Docket No. 1629
                                  )        Master File No. 04-10981
                                  )
THIS ORDER RELATES TO:            )        Judge Patti B. Saris
                                  )        Mag. Judge Leo T. Sorokin
ALL ACTIONS                       )
                                  )

## CASE MANAGEMENT ORDER NO. 5

WHEREAS, these consolidated proceedings comprise actions involving claims

for personal injuries allegedly sustained as a result of the ingestion of Neurontin (the

"Product Liability Actions") and actions, including purported class actions, involving

claims for alleged economic losses arising out of the sales and marketing of Neurontin

(the "Sales and Marketing Actions");

WHEREAS, the vast majority of the complaints in the Product Liability Actions

and all of the complaints in the Sales and Marketing Actions contain cross-cutting

allegations as to an alleged sales and marketing campaign;

WHEREAS, the parties are poised to begin a period of intensive fact witness

deposition discovery;

WHEREAS, the deadline for the completion of fact discovery in the Sales and

Marketing Actions is July 14, 2007; and

WHEREAS, in order to promote party and judicial economy and to avoid

unnecessary duplication of effort, undue delay, and undue burden on deponents, the

Court finds that it would be appropriate to establish mandatory procedures governing the

conduct of fact witness depositions.

IT IS HEREBY ORDERED as follows. All counsel shall cooperate in the deposition process.

## I.    Deposition Notices

Each deposition notice shall include the name and, if known, the general occupational description of each deponent, the expected length of the deposition, and the date, time, and place for the deposition (including address and phone number of a contact). Deposition notices shall also state whether the deposition is to be videotaped and, if so, the business name and address of the videographer. Service upon Liaison Counsel shall be deemed service upon all parties. All depositions shall be cross-noticed in, at a minimum, the New York coordinated proceedings

## II.    Scheduling

### A.    Deposition Time

In any week in which depositions will be taken, depositions shall commence no earlier than 9:00 a.m. and end no later than 6:00 p.m. on Monday through Friday, unless by agreement of the parties or court order.

### B.    Number of Depositions of Current and Former Employees

Beyond good cause shown and excluding Rule 30(b)(6) depositions, Plaintiffs shall be limited to thirty (30) non-case specific depositions of Defendants' present and former employees. More than one deposition may take place in MDL 1629 at the same time; however, absent agreement of the parties or order of this Court, no party may take more than two depositions at the same time.

## III.    Locations

Depositions of Plaintiffs shall take place in the district in which Plaintiffs filed
their actions unless otherwise agreed by the parties. Depositions of Plaintiffs/Decedents'
physicians shall take place where the physicians reside. Depositions of Defendants'
Officers, Directors or Managing Agents within the meaning of Rule 30 shall occur in
New York City. The information before the Court suggests that most or all of the likely
other deponent employees of Defendants reside within a reasonable distance of New
York City or Ann Arbor, therefore the depositions of all other current employees of
Defendants shall occur in New York City or Ann Arbor with the witness appearing at the
location closer to his/her residence. Former employees of the Defendants shall be
deposed in the state in which they reside. All counsel shall work cooperatively in an
effort to schedule the depositions in an efficient and convenient manner, e.g. grouping
multiple depositions serially in a single out of town location or, if possible, encouraging a
single witness from a remote location to travel for deposition to New York, Ann Arbor or
Boston. By agreement among the Plaintiffs' Steering Committees, Defense Counsel and
the counsel for the witness, if any, the location of a deposition may be altered.

## IV.    Conduct of Depositions

A.    Selection of Attorneys to Conduct Examination

The Plaintiffs' Steering Committees shall designate: (I) up to two attorneys to
conduct the principal examination of the deponent on behalf of the product liability
Plaintiffs; and (ii) up to two attorneys to conduct the principal examination of the
deponent on behalf of the sales and marketing Plaintiffs. The examiner representing the
interests of the product liability Plaintiffs shall confine his or her examination to issues
relating to the product liability Plaintiffs. Similarly, the examiner representing the

interests of the sales and marketing Plaintiffs shall confine his or her examination to issues relating to the sales and marketing Plaintiffs. In no event shall there be duplicative questioning. The designated examiners shall coordinate with each other and with other Plaintiffs' counsel reasonably in advance of the date scheduled for the deposition regarding the areas of examination in order to conduct thorough, non-duplicative examinations.

Defendants shall designate one attorney to conduct the principal examination on behalf of Pfizer.

B.    Sequence of Examination –

The following sequences may be altered provided that counsel provide 48 hours advance notice of the revised sequence. For Defendants, Pfizer's counsel shall provide the notice. For the Plaintiffs the notice shall come from the Plaintiffs' Steering Committees.

### 1. Non-Case-Specific Depositions Taken by Plaintiffs

Questioning at the depositions to be taken by Plaintiffs shall be conducted in the following sequence:

> (1)    **the examiner(s)** selected by the Plaintiffs' Steering Committees on behalf of the product liability Plaintiffs;
>
> (2)    **the examiner(s)** selected by the Plaintiffs' Steering Committees on behalf of the sales and marketing Plaintiffs;
>
> (3)    other MDL 1629 Plaintiffs' attorneys;
>
> (4)    counsel for state Plaintiffs;
>
> (5)    the primary examiner selected by Pfizer;
>
> (6)    counsel for Defendants other than Pfizer and Warner-Lambert;

(7)     individual counsel for the deponent, if any; and

(8)     any recross or redirect by 1-7, supra.

## 2.     Sequence of Examination - Non-Case-Specific Depositions Taken by Pfizer

Questioning at the depositions to be taken by Defendants shall be conducted in

the following sequence:

(1)     the primary examiner selected by Pfizer;

(2)     counsel for state Defendants;

(3)     the examiner selected by the Plaintiffs' Steering Committees on behalf of the product liability Plaintiffs;

(4)     the examiner selected by the Plaintiffs' Steering Committees on behalf of the sales and marketing Plaintiffs;

(5)     any other MDL 1629 Plaintiffs' attorney;

(6)     counsel for state Plaintiffs;

(7)     individual counsel for the deponent, if any; and

(8)     any recross and redirect by 1-7, supra;

## V.     Documents

### A.     Copies

Extra copies of documents about which counsel expect to examine the deponent

should be provided to the reporter, primary counsel for the parties, and the deponent

during the course of the deposition.

### B.     Marking of Deposition Exhibits

Documents shall be marked within each depositon using the last name of the

deponent as a prefix.  Depositions of a deponent that are suspended and resumed at a

later date may be marked serially from the last exhibit of the previous day of that

deponent's deposition.

## VI.    Supplemental Depositions

Witnesses shall not be subjected to more than one deposition, nor to repetitive

and redundant questioning, provided:

(1)    A party whose case is transferred to MDL 1629 after a deposition has been taken, and who did not receive service of a cross-notice, may within sixty (60) days of the Transfer Order, and upon a good faith determination that further inquiry of the deponent is necessary, notify the other parties that it will move the this Court for an order seeking resumption of the deposition.

(2)    The notice shall identify with specificity those areas where the party believes further examination is necessary, state how the MDL 1629 deposition (and other depositions of the witness placed in the depository) was inadequate or incomplete, state whether the movant has conferred with the primary examiners regarding these supplemental areas of examination, and demonstrate that further examination would be relevant and non-redundant. The parties shall meet and confer in an effort to resolve whether the witness will be made available for a supplemental deposition.

(3)    If no resolution is reached, the party seeking the supplemental deposition may move the Court for an order allowing resumption. The motion must be limited to three (3) pages. Within fourteen (14) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL 1629 deposition (or any other deposition of the witness in the depository) adequately covered the area or areas sought to be explored in the supplemental deposition or that the testimony sought is redundant and/or not relevant, or any other grounds.

(4)    No further or supplemental deposition will be permitted (I) by any party having received notice in MDL 1629 of the original deposition or (ii) by any party represented by counsel on the Plaintiffs' Steering Committees (where the original deposition was taken by a member of the Committees), except upon agreement of the parties or upon order of the MDL 1629 Court on good cause shown. Nothing herein shall be deemed to limit the right of any party to take the *de bene esse* deposition of a witness whose deposition was previously taken upon agreement of the parties or upon a showing to this Court of good cause

shown for such deposition. Nor shall anything herein limit any right of any party, upon good cause shown, to take the *de bene esse* deposition of any witness not previously deposed.

(5)    The supplemental deposition shall be treated as the resumption of the deposition originally noticed. During the resumed deposition, any other party may conduct further examination of the witness only with regard to new subject areas authorized by the order allowing the resumed deposition. The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and the deponent.

## VII.    Continuing Effect of Case Management Orders

Except as expressly indicated, nothing in this case management order shall

modify or abridge the limitations, procedures and other provisions relating to depositions

set forth in the Court's prior Case Management Orders.

**SO ORDERED:**

United States Magistrate Judge

Dated: April 20, 2007