UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 <br> Master File No. 04-10981 <br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: <br> ALL ACTIONS | Mag. Judge Leo T. Sorokin |

**CLASS PLAINTIFFS' POST-ARGUMENT SUBMISSION
IN SUPPORT OF CLASS CERTIFICATION**

Pursuant to the Court's request at oral argument on May 4, 2007 on Plaintiffs' Motion for Class Certification, the Class Plaintiffs hereby submit brief summaries of their claims regarding Defendants' marketing of Neurontin for eight off-label conditions through false and/or misleading statements. Because the Court requested "one page" summaries, the synopses provided herein are of necessity quite brief. The one page summaries are attached hereto as Exhibit A. The purpose of these summaries is to illustrate to the Court that common issues of law and fact regarding such marketing exist and that the Defendants' pervasively disseminated, false and misleading marketing "messages" caused damages to the class members.

For each of eight conditions the Class Plaintiffs allege were the subject of a false and/or misleading marketing campaign, the Class Plaintiffs have provided one or more uniform messages that were provided to physicians by Defendants, a very brief description of the efforts made by the Defendants to disseminate those messages, a brief explanation of why the messages given to physicians were false and/or misleading and

some evidence of the increase of sales of Neurontin as a result of Defendants' false and misleading statements.[1]

Because it is virtually impossible to capture the breadth and depth of Defendants' eight-year long misleading marketing campaigns in the one page summaries, Plaintiffs wish to provide the Court with an example of some of the more detailed facts concerning Defendants' fraudulent marketing activities. Mindful that the Court has expressed a desire to keep pleadings in this case at a manageable length, Plaintiffs have provided examples of more detailed factual summaries for only two indications: bipolar disorder (and other mood disorders) and neuropathic pain. Plaintiffs respectfully request that the Court review these longer summaries, attached hereto as <u>Exhibit B, which will give the Court a much better idea of the pervasive scope and undeniable impact of Defendants' misleading marketing efforts</u>. Plaintiffs could provide comparable detail for the other indications if requested.[2]

| | | |
|---|---|---|
| Dated: May 25, 2007 | By: | **/s/ Thomas M. Sobol** |
| | | Thomas M. Sobol |
| | | Edward Notargiacomo |
| | | Hagens Berman Sobol Shapiro LLP |
| | | One Main Street, 4th Floor |
| | | Cambridge, MA 02142 |
| | | |
| | | *Plaintiffs' Liaison Counsel and Member of the Class Plaintiffs' Steering Committee* |

---

[1] Although Defendants were ordered to produce all of the IMS data in their possession, they still have not done so. Plaintiffs anticipate being able to provide the Court with additional relevant statistical information (e.g., sales of comparable drugs for the same off-label indications) as discovery progresses.

[2] Class Plaintiffs, however, may require additional time to provide such data. Specific information regarding what statements were made at which presentations has only been recently made available. Although Plaintiffs served their requests for production of documents over two years ago, Defendants have produced most of the documents responsive to those requests in the last three months. Defendants have produced over 200,000 documents comprising more than 3 million pages, in the course of this litigation, but only 35% of them (72,540 out of 205,154 documents) were produced before February 15, 2007, and almost half of these were scientific studies which did not provide any detail on Defendants' multi-faceted marketing efforts. Despite the fact that the Class Plaintiffs have had more than a score of lawyers reviewing the document productions, they have simply not been able to digest in its entirety the massive amount of material that has been provided in the last several weeks. Moreover, many of the medical marketing firms, who have the best records regarding what was actually presented at the various events, have still not responded to the Class Plaintiffs' subpoenas.

By: **/s/Barry Himmelstein**
Barry Himmelstein
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By: **/s/Don Barrett**
Don Barrett
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By: **/s/Daniel Becnel, Jr.**
Daniel Becnel, Jr.,
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By: **/s/James Dugan**
James R. Dugan, II
Dugan & Browne, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

By: **/s/Thomas Greene**
Thomas Greene
Greene & Hoffman
125 Summer Street
Boston, MA 02110

*Members of the Class Plaintiffs'*
*Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on May 25, 2007.

/s/Edward Notargiacomo