# EXHIBIT F

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| AETNA, INC. v. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris |

## PLAINTIFF AETNA, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Aetna, Inc. (hereinafter "Plaintiff" or "Aetna"), responds to Defendants Pfizer Inc. and Warner-Lambert Company's Second Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

1.     Aetna's responses are subject to all objections as to competence, relevance, materiality, admissibility, privilege, and privacy, and any and all other objections on grounds that would require exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

2.     No incidental or implied admissions may be inferred from Plaintiff's responses or objections. Aetna's response to all or any part of the Interrogatories should not be taken as an admission that: (1) Aetna accepts or admits the existence of any fact(s) set forth in or assumed by the Interrogatory; or (2) Aetna has in its possession, custody or control information responsive to that Interrogatory. Aetna's response to all or any part of any Interrogatory is not intended to be, and shall not be, a waiver by Aetna of all or any part of its objection(s) to that Interrogatory.

3.     Aetna's responses are based upon information known at this time and are made without prejudice to Aetna's right to supplement its responses prior to trial or to produce evidence based on subsequently discovered information. Aetna's responses are based upon, and therefore are limited by, Aetna's present knowledge and recollection, and consequently, Aetna reserves the right to make any changes in its responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1.     Aetna incorporates each and every general objection set forth below into the responses to each Interrogatory as if they were fully set forth in the response to each Interrogatory. For emphasis, in connection with certain Interrogatories, Aetna may reiterate a general objection set forth below in the specific response to that Interrogatory. Such reiteration shall in no way be deemed a waiver of other general objections not specifically set forth in connection with any Interrogatory.

2.      Aetna objects to each of the Interrogatories to the extent it is inconsistent with, or seeks to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules") or any applicable scheduling order, case management order, or other ruling of the Court.

3.      Aetna objects to the Interrogatories insofar as they seek information that is protected by the attorney-client privilege, the attorney work product doctrine, the physician/patient privilege, the pharmacist/patient privilege, and/or any other applicable privilege or exemption. Aetna will not produce such information. Any inadvertent disclosure of privileged information is not intended and should not be construed to constitute a waiver, either generally or specifically, with respect to such material or the subject matter thereof.

4.      Aetna objects to the Interrogatories insofar as they seek information that is confidential or private in nature, that is covered by third-party confidentiality agreements or that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to, the provisions of the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPAA"), the Federal Privacy Rule governing Standards for Privacy of Individually Identifiable Health Information, 45 CFR Parts 160 and 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

5.      Aetna objects to the Interrogatories insofar as they seek trade secrets, proprietary business information, and/or competitively sensitive information. Aetna will not disclose such information until an appropriate protective order limiting access is in place.

- 3 -

6.      Aetna objects to the Interrogatories to the extent they call for production of information which is protected from disclosure by any individual's or Aetna's right(s) to privacy or seek information protected from disclosure by Section 7216 of the Internal Revenue Code

7.      Aetna objects to each of the Interrogatories as overly broad to the extent it seeks information relating to pharmaceutical products other than Neurontin, or seeks other information having nothing to do with the subject matter of the Complaint on the ground that such requests purport to call for information that is neither relevant to this action nor likely to lead to the discovery of admissible evidence.  Plaintiff will only disclose information regarding Neurontin.

8.      Aetna objects to the Interrogatories insofar as they are vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, do not specify the information requested with sufficient particularity or seek information not reasonably calculated to lead to the discovery of admissible evidence.

9.      Aetna objects to each of the Interrogatories to the extent it calls for information from persons or entities who are not parties to this action and which information is not now and never has been in the possession, custody, or control of Aetna.

10.      Aetna objects to each of the Interrogatories to the extent it seeks information which is publicly available or equally available to Defendants and/or already in Defendants' possession or obtainable from another source that is more convenient, less burdensome, or less expensive.

11.      Aetna objects to these Interrogatories to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

12.      Aetna objects to the Interrogatories to the extent they assume the existence of facts which do not exist or events which did not occur.

- 4 -

13.    Aetna objects to these Interrogatories to the extent they constitute premature contention interrogatories.

14.    Aetna objects to the "Definitions" and "Instructions" in Defendants' Interrogatories to the extent they exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, or any applicable scheduling order, case management order, or other ruling of the Court.  Aetna also objections to the "Definitions" to the extent they are inconsistent with normal and customary usage.

15.    Aetna objects to the definition of "Person" or "Persons" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from third parties over whom Aetna has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

16.    Aetna objects to the definition of "Plaintiff" or "Aetna" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from persons over whom Aetna has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

17.    Aetna objects to the Interrogatories to the extent they purport to require Plaintiffs to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case to the extent any such person or entity will not be designated by Plaintiff as a trail witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

18.    Aetna reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Interrogatories. The supplying of any information contained herein does not constitute an admission by Plaintiff that such

- 5 -

information is relevant or admissible or that any statement or characterization in Defendant's
Interrogatory is accurate or complete.

19.    Aetna's decision, now or in the future, to provide information or documents
notwithstanding the objectionable nature of any of the definitions or instructions, or the Request
itself, should not be construed as: (a) a stipulation that the material is relevant or admissible, (b)
a waiver of Aetna's general objections or the objections asserted in response to specific
document requests, or (c) an agreement that requests for similar information will be treated in a
similar manner.

## RESPONSES TO INTERROGATORIES

Interrogatory No. 1

Identify each off-label use of Neurontin as to which you are seeking recovery.

Response:

Aetna objects to the extent that the Interrogatory seeks information protected by the
attorney/client privilege and the privilege protecting attorney work product information from
disclosure in litigation.  Aetna further objects on the grounds that the Interrogatory is premature
inasmuch as it purports to call for information that could be uncovered as discovery proceeds.

Without waiver of the foregoing objections, the off-label uses of Neurontin for which
Aetna seeks recovery, are set forth in the Complaint and  include but are not limited to the
following: pain, diabetic peripheral neuropathy, restless leg syndrome, bipolar disorder, social
phobia, panic disorder, migraine, monotherapy for epilepsy, and dosages of Neurontin above the
FDA-approved maximum.

Interrogatory No. 2

For each off-label use identified in response to Interrogatory No. 1, state, for each calendar year of the proposed Class Period, the name, dosage, NDC number, and cost to you of each drug that you contend would have been cheaper and more optimal than Neurontin in treating that condition. Describe how you identified these alternative drugs and how you arrived at these figures.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has ruled Aetna is not required to produce such information. In addition, Aetna objects to this Interrogatory to the extent that it calls for expert testimony.

Interrogatory No. 3

For each of your Members who were prescribed Neurontin, state whether s/he also received one or more of the drugs identified in response to Interrogatory No. 2 and state which drug(s) each such Member received. State the dosage and number of prescriptions filled for each alternative drug prescribed to each such Member. Describe how you arrived at these figures.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

- 7 -

further objects to this Interrogatory insofar as it seeks protected health information that is

insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Aetna is not required to produce such information. In addition, Aetna objects to this

Interrogatory to the extent that it calls for expert testimony.


Interrogatory No. 4

     For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed at least one of the drugs identified in response to Interrogatory No. 2. Describe how you arrived at this figure.

Response:

     Aetna objects to this Interrogatory on grounds that it is overly broad, unduly

burdensome, vague, ambiguous and seeks information that is neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Aetna is not required to produce such information. In addition, Aetna objects to this

Interrogatory to the extent that it calls for expert testimony.

Interrogatory No. 5

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat any aspect of bipolar disorder or depression.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

vague, ambiguous and seeks information that is neither relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff

further objects to this Interrogatory insofar as it seeks protected health information that is

insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA.  Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Aetna is not required to produce such information.  In addition, Aetna objects to this

Interrogatory to the extent that it calls for expert testimony.


Interrogatory No. 6

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat any type of neuropathic pain.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

vague, ambiguous and seeks information that is neither relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff

further objects to this Interrogatory insofar as it seeks protected health information that is

insulated from disclosure by federal, state or local law governing disclosure of confidential

- 9 -

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Aetna is not required to produce such information. In addition, Aetna objects to this

Interrogatory to the extent that it calls for expert testimony.

Interrogatory No. 7

      For each calendar year of the proposed Class Period, state the number and percentage of
your Members who were prescribed Neurontin and who also were prescribed any other drug
approved or commonly used to treat epilepsy.

Response:

      Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

vague, ambiguous and seeks information that is neither relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

further objects to this Interrogatory insofar as it seeks protected health information that is

insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Aetna is not required to produce such information. In addition, Aetna objects to this

Interrogatory to the extent that it calls for expert testimony.

Interrogatory No. 8

For each calendar year of the proposed Class Period, state the number and percentage of your Members whom you identified in response to more than one of Interrogatories Nos. 5, 6, and 7.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

vague, ambiguous and seeks information that is neither relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff

further objects to this Interrogatory insofar as it seeks protected health information that is

insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA.   Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Aetna is not required to produce such information.   In addition, Aetna objects to this

Interrogatory to the extent that it calls for expert testimony.


Interrogatory No. 9

Identify all studies of Neurontin that you allege were suppressed by defendants.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

vague, ambiguous and seeks information that is neither relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence.  In addition,

Aetna objects to the Interrogatory to the extent it seeks discovery information which is equally

available to Defendants and/or already in Defendants' possession or obtainable from another

source that is more convenient, less burdensome, or less expensive.  Aetna further objects on the

grounds that the Interrogatory is premature inasmuch as it purports to call for information that could be uncovered as discovery proceeds.

Without waiver of the foregoing objections, the studies of Neurontin which Aetna alleges were suppressed by defendants, include but are not limited to the following:

(1)     Atul Pande et. al., Gabpentin in bipolar disorder: a placebo-controlled trial of adjunctive therapy, *Bipolar Disorders* 249-55 (2000) [Pfizer_LAlphs_0009020-26];

(2)     G.V. Obrocea et. al., Clinical Predictors of Response to Lamotrigine and Gabapentin Monotherapy in Refractory Affective Disorders, *Biol. Psychiatry* 51:253-260 (2002) [Pfizer_CTaylor_0007298-305];

(3)     Mark A. Frye et. al., A Placebo Controlled Study of Lamotrigine and Gabapentin Monotherapy in Refractory Mood Disorders, *J. Clin. Pychopharmacol.* 20: 607-14 (2000) [Pfizer_JSu_0022605-13];

(4)     Robillard & Conn, Gabapentin use in geriatric patients with depression and bipolar disorder, *Can J Psychiatry* 46 (8): 764 (2001) [Pfizer_DProbert_0019940];

(5)     J.R. Calabrese et. al., Bipolar disorders and the effectiveness of novel anticonvulsants, *J. Clin Psychiatry* 63:5-9 (2002) [Pfizer_LKnapp_0090263];

(6)     Lopes da Silva et. al. "Evaluation and prediction of effects of antiepileptic drugs in a variety of other CNS disorders" *Epilepsy Research* 50:191-193 (2002) [Pfizer_LeslieTive_0027430];

(7)     Ian Maidment, Gabapentin Treatment for Bipolar Disorder, *The Annals of Pharmacotherapy*, 2001 October, Volume 35 [Pfizer_LKnapp_0025005-10];

(8)     Robillard & Conn, Gabapentin use in geriatric patients with depression and bipolar illness, *Can J Psychiatry* 46 (8): 746 (2001) [RGlanzman_0078356];

(9)     M.P. Freeman et. al., Mood Stabilizer Combinations: A Review of Safety and Efficacy, *Am. J. Psychiatry* (1998) [WLC_ CBU_ 009487 - 96]; and

(10)    Laura Letterman et. al., A review of published experience in the treatment of bipolar disorder and other psychiatric conditions, *Pharmacotherapy* 19: 565-72 (1999) [WLC_CBU_033333)].

- 12 -

Dated: April 11, 2007

LOWEY DANNENBERG BEMPORAD
& SELINGER, P.C.

By: _____
Richard W. Cohen
Gerald Lawrence
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA  19428

- 13 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date, a true and correct copy of the foregoing

Plaintiff Aetna, Inc.'s Responses and Objections to Defendants' Defendants Pfizer Inc. and

Warner-Lambert Company's Second Set of Interrogatories was served on the person below by

first class mail:

Matthew B. Rowland, Esq.
Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017

Attorney for Defendants

Dated: April 11, 2007

LOWEY DANNENBERG BEMPORAD
& SELINGER, P.C.

By: _____
Gerald Lawrence
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428

- 14 -

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE NEURONTIN MARKETING AND )
SALES PRACTICES LITIGATION )
                           )
THIS DOCUMENT RELATES TO: )
                           )
THE GUARDIAN LIFE INSURANCE )
COMPANY OF AMERICA )
     v. PFIZER, INC. )
04CV 10739 (PBS) )
                           )

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## PLAINTIFF THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff The Guardian Life Insurance Company of America (hereinafter "Plaintiff" or "Guardian"), responds to Defendants Pfizer, Inc. and Warner-Lambert Company's Second Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

1.     Guardian's responses are subject to all objections as to competence, relevance, materiality, admissibility, privilege, and privacy, and any and all other objections on grounds that would require exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

2.     No incidental or implied admissions may be inferred from Plaintiff's responses or objections. Guardian's response to all or any part of the Interrogatories should not be taken as an admission that: (1) Guardian accepts or admits the existence of any fact(s) set forth in or assumed by the Interrogatory; or (2) Guardian has in its possession, custody or control

information responsive to that Interrogatory. Guardian's response to all or any part of any Interrogatory is not intended to be, and shall not be, a waiver by Guardian of all or any part of its objection(s) to that Interrogatory.

3.      Guardian's responses are based upon information known at this time and are made without prejudice to Guardian's right to supplement its responses prior to trial or to produce evidence based on subsequently discovered information. Guardian's responses are based upon, and therefore are limited by, Guardian's present knowledge and recollection, and consequently, Guardian reserves the right to make any changes in its response if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1.      Guardian incorporates each and every general objection set forth below into the responses to each Interrogatory as if they were fully set forth in the response to each Interrogatory. For emphasis, in connection with certain Interrogatories, Guardian may reiterate a general objection set forth below in the specific response to that Interrogatory. Such reiteration shall in no way be deemed a waiver of other general objections not specifically set forth in connection with any Interrogatory.

2.      Guardian objects to each of the Interrogatories to the extent it is inconsistent with, or seeks to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules") or any applicable scheduling order, case management order, or other ruling of the Court.

3.      Guardian objects to the Interrogatories insofar as they seek information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or exemption. Guardian will not produce such information. Any

2

inadvertent disclosure of privileged information is not intended and should not be construed to constitute a waiver, either generally or specifically, with respect to such material or the subject matter thereof.

4.     Guardian objects to the Interrogatories insofar as they seek information that is confidential or private in nature, that is covered by third-party confidentiality agreements or that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to, the provisions of the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPAA"), the Federal Privacy Rule governing Standards for Privacy of Individually Identifiable Health Information, 45 CFR Parts 160 and 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

5.     Guardian objects to the Interrogatories insofar as they seek trade secrets, proprietary business information, and/or competitively sensitive information.

6.     Guardian objects to the Interrogatories to the extent they call for production of information which is protected from disclosure by any individual's or Guardian's right(s) to privacy or seek information protected from disclosure by Section 7216 of the Internal Revenue Code.

7.     Guardian objects to each of the Interrogatories as overly broad to the extent it seeks information relating to the pharmaceutical products other than Neurontin, or seeks other information having nothing to do with the subject matter of the Complaint on the ground that such requests purport to call for information that is neither relevant to this action nor likely to lead to the discovery of admissible evidence.  Plaintiff will only disclose information regarding Neurontin.

8.     Guardian objects to the Interrogatories insofar as they are vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, do not specify the information requested with sufficient particularity or seek information not reasonably calculated to lead to the discovery of admissible evidence.

9.     Guardian objects to each of the Interrogatories to the extent it calls for information from persons or entities who are not parties to this action and which information is not now and never has been in the possession, custody, or control of Guardian.

10.     Guardian objects to these Interrogatories to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

11.     Guardian objects to the Interrogatories to the extent they assume the existence of facts which do not exist or events which did not occur.

12.     Guardian objects to these Interrogatories to the extent they constitute premature contention interrogatories.

13.     Guardian objects to the "Definitions" and "Instructions" in Defendants' Interrogatories to the extent they exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, or any applicable scheduling order, case management order, or other ruling of the Court. Guardian also objects to the "Definitions" to the extent they are inconsistent with normal and customary usage.

14.     Guardian objects to the definition of "Person" or "Persons" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from third parties over whom Guardian has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

15.    Guardian objects to the definition "Plaintiff" or "Guardian" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from persons over whom Guardian has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

16.    Guardian objects to the Interrogatories to the extent they purport to require Plaintiffs to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case to the extent any such person or entity will not be designated by Plaintiff as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17.    Guardian reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Interrogatories. The supplying of any information contained herein does not constitute an admission by Plaintiff that such information is relevant or admissible or that any statement or characterization in Defendant's Interrogatory is accurate or complete.

18.    Guardian's decision, now or in the future, to provide information or documents notwithstanding the objectionable nature of any of the definitions or instructions, or the Request itself, should not be construed as: (a) a stipulation that the material is relevant or admissible, (b) a waiver of Guardian's general objections or the objections asserted in response to specific document requests, or (c) an agreement that requests for similar information will be treated in a similar manner.

## RESPONSES TO INTERROGATORIES

Interrogatory No. 1

Identify each off-label use of Neurontin as to which you are seeking recovery.

Response:

Guardian objects to the extent that the Interrogatory seeks information protected by the attorney/client privilege and the privilege protecting attorney work product information from disclosure in litigation.    Guardian further objects on the grounds that the Interrogatory is premature inasmuch as it purports to call for information that could be uncovered as discovery proceeds.

Without waiver of the foregoing objections, the off-label uses of Neurontin for which Guardian seeks recovery, include but are not limited to the following:  pain, diabetic peripheral neuropathy, restless leg syndrome, bipolar disorder, social phobia, panic disorder, migraine, monotherapy for epilepsy, and dosages of Neurontin above the FDA-approved maximum.

Interrogatory No. 2

For each off-label use identified in response to Interrogatory No. 1, state, for each calendar year of the proposed Class Period, the name, dosage, NDC number, and cost to you of each drug that you contend would have been cheaper and more optimal than Neurontin in treating that condition. Describe how you identified these alternative drugs and how you arrived at these figures.

Response:

Guardian objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA. In addition to the extent this Interrogatory calls for medical records, Plaintiff objects on the grounds that the court has

ruled Guardian is under no obligation to produce such information and further objects to the

extent it calls for expert testimony.

Interrogatory No. 3

For each of your Members who were prescribed Neurontin, state whether s/he also
received one or more drugs identified in response to Interrogatory No. 2 and state which drug(s)
each such Member received. State the dosage and number of prescriptions filled for each
alternative drug prescribed to each such Member. Describe how you arrived at these figures.

Response:

Guardian objects to this Interrogatory on grounds that it is overly broad, unduly

burdensome, vague, ambiguous and seeks information that is neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but are not limited to HIPAA. In addition to the

extent this Interrogatory calls for medical records, Plaintiff objects on the grounds that the court

has ruled Guardian is under no obligation to produce such information and further objects to the

extent it calls for expert testimony.

Interrogatory No. 4

For each calendar year of the proposed Class Period, state the number and percentage of
your Members who were prescribed Neurontin and who also were prescribed at least one of the
drugs identified in response to Interrogatory No. 2. Describe how you arrived at this figure.

Response:

Guardian objects to this Interrogatory on grounds that it is overly broad, unduly

burdensome, vague, ambiguous and seeks information that is neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. In addition to the extent

this Interrogatory calls for medical records, Plaintiff objects on the grounds that the court has

ruled Guardian is under no obligation to produce such information and further objects to the

extent it calls for expert testimony.

Interrogatory No. 5

For each calendar year of the proposed Class Period, state the number and percentage of
your Members who were prescribed Neurontin and who also were prescribed any other drug
approved or commonly used to treat any aspect of bipolar disorder or depression.

Response:

Guardian objects to this Interrogatory on grounds that it is overly broad, unduly

burdensome, vague, ambiguous and seeks information that is neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. In addition to the extent

this Interrogatory calls for medical records, Plaintiff objects on the grounds that the court has

ruled Guardian is under no obligation to produce such information and further objects to the

extent it calls for expert testimony.

Interrogatory No. 6

For each calendar year of the proposed Class Period, state the number and percentage of
your Members who were prescribed Neurontin and who also were prescribed any other drug
approved or commonly used to treat any type of neuropathic pain.

Response:

Guardian objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA. In addition to the extent this Interrogatory calls for medical records, Plaintiff objects on the grounds that the court has ruled Guardian is under no obligation to produce such information and further objects to the extent it calls for expert testimony.

Interrogatory No. 7

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat epilepsy.

Response:

Guardian objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA. In addition to the extent this Interrogatory calls for medical records, Plaintiff objects on the grounds that the court has ruled Guardian is under no obligation to produce such information and further objects to the extent it calls for expert testimony.

Interrogatory No. 8

For each calendar year of the proposed Class Period, state the number and percentage of your Members whom you identified in response to more than one of Interrogatories Nos. 5, 6, and 7.

Response:

Guardian objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA. In addition to the extent this Interrogatory calls for medical records, Plaintiff objects on the grounds that the court has ruled Guardian is under no obligation to produce such information and further objects to the extent it calls for expert testimony.

Interrogatory No. 9:

Identify all studies of Neurontin that you allege were suppressed by defendants.

Response:

Guardian objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Guardian objects to the Interrogatory to the extent it seeks discovery information which is equally available to Defendants and/or already in Defendants' possession or obtainable from another source that is more convenient, less burdensome, or less expensive. Guardian further objects on the grounds that the Interrogatory is premature inasmuch as it purports to call

10

for information that could be uncovered as discovery proceeds. Without waiving that objection, Guardian provides the following:

(1)    Atul Pande et. al., Gabpentin in bipolar disorder: a placebo-controlled trial of adjunctive therapy, *Bipolar Disorders* 249-55 (2000) [Pfizer_LAlphs_0009020-26];

(2)    G.V. Obrocea et. al., Clinical Predictors of Response to Lamotrigine and Gabapentin Monotherapy in Refractory Affective Disorders, *Biol. Psychiatry* 51:253-260 (2002) [Pfizer_CTaylor_0007298-305];

(3)    Mark A. Frye et. al., A Placebo Controlled Study of Lamotrigine and Gabapentin Monotherapy in Refractory Mood Disorders, *J. Clin. Pychopharmacol.* 20: 607-14 (2000) [Pfizer_JSu_0022605-13];

(4)    Robillard & Conn, Gabapentin use in geriatric patients with depression and bipolar disorder, *Can J Psychiatry* 46 (8): 764 (2001) [Pfizer_DProbert_0019940];

(5)    J.R. Calabrese et. al., Bipolar disorders and the effectiveness of novel anticonvulsants, *J. Clin Psychiatry* 63:5-9 (2002) [Pfizer_LKnapp_0090263];

(6)    Lopes da Silva et. al. "Evaluation and prediction of effects of antiepileptic drugs in a variety of other CNS disorders" *Epilepsy Research* 50:191-193 (2002) [Pfizer_LeslieTive_0027430];

(7)    Ian Maidment, Gabapentin Treatment for Bipolar Disorder, *The Annals of Pharmacotherapy*, 2001 October, Volume 35 [Pfizer_LKnapp_0025005-10];

(8)    Robillard & Conn, Gabapentin use in geriatric patients with depression and bipolar illness, *Can J Psychiatry* 46 (8): 746 (2001) [RGlanzman_0078356];

(9)    M.P. Freeman et. al., Mood Stabilizer Combinations: A Review of Safety and Efficacy, *Am. J. Psychiatry* (1998) [WLC_ CBU_ 009487 - 96]; and

(10)   Laura Letterman et. al., A review of published experience in the treatment of bipolar disorder and other psychiatric conditions, *Pharmacotherapy* 19: 565-72 (1999) [WLC_CBU_033333)].

Dated:  April 13th, 2007

**For The Guardian Life Insurance Company of America**

Mark M. Sandmann
Rawlings & Associates, PLLC
325 W. Main Street, Suite 1700
Louisville, KY 40202
Telephone:  (502) 814-2157
Fax:  (502) 584-8580


## CERTIFICATE OF SERVICE

The undersigned certifies that on this date, a true and correct copy of the foregoing Plaintiff's The Guardian Life Insurance Company's Responses and Objections to Defendants' Pfizer Inc. and Warner-Lambert Company's Second Set of Interrogatories was served on the person below by UPS:

Matthew Rowland, Esq.
Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017

Attorney for Defendants

Dated:  April 13th, 2007

RAWLINGS & ASSOCIATES, PLLC

By: Mark M. Sandmann
325 W. Main Street
Suite 1700
Louisville, KY 40202