# EXHIBIT H

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | ) ) ) | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | ) ) | Master File No. 04-10981 |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA   v. PFIZER, INC., 04 CV 10739 (PBS) | ) ) ) ) ) ) | Judge Patti B. Saris  Magistrate Judge Leo T. Sorokin |

### PLAINTIFFS KAISER FOUNDATION HEALTH PLAN, INC. AND KAISER FOUNDATION HOSPITALS RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (hereinafter "Plaintiff" or "Kaiser"), responds to Defendants Pfizer Inc. and Warner-Lambert Company's Second Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

1.     Kaiser's responses are subject to all objections as to competence, relevance, materiality, admissibility, privilege, and privacy, and any and all other objections on grounds that would require exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

2.      No incidental or implied admissions may be inferred from Plaintiff's responses or objections. Kaiser's response to all or any part of the Interrogatories should not be taken as an admission that: (1) Kaiser accepts or admits the existence of any fact(s) set forth in or assumed by the Interrogatory; or (2) Kaiser has in its possession, custody or control information responsive to that Interrogatory. Kaiser's response to all or any part of any Interrogatory is not intended to be, and shall not be, a waiver by Kaiser of all or any part of its objection(s) to that Interrogatory.

3.      Kaiser's responses are based upon information known at this time and are made without prejudice to Kaiser's right to supplement its responses prior to trial or to produce evidence based on subsequently discovered information. Kaiser's responses are based upon, and therefore are limited by, Kaiser's present knowledge and recollection, and consequently, Kaiser reserves the right to make any changes in its responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1.      Kaiser incorporates each and every general objection set forth below into the responses to each Interrogatory as if they were fully set forth in the response to each Interrogatory. For emphasis, in connection with certain Interrogatories, Kaiser may reiterate a general objection set forth below in the specific response to that Interrogatory. Such reiteration shall in no way be deemed a waiver of other general objections not specifically set forth in connection with any Interrogatory.

2.      Kaiser objects to each of the Interrogatories to the extent it is inconsistent with, or seeks to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules

of the United States District Court for the District of Massachusetts ("Local Rules") or any applicable scheduling order, case management order, or other ruling of the Court.

     3.    Kaiser objects to the Interrogatories insofar as they seek information that is protected by the attorney-client privilege, the attorney work product doctrine, the physician/patient privilege, the pharmacist/patient privilege, and/or any other applicable privilege or exemption. Kaiser will not produce such information. Any inadvertent disclosure of privileged information is not intended and should not be construed to constitute a waiver, either generally or specifically, with respect to such material or the subject matter thereof.

     4.    Kaiser objects to the Interrogatories insofar as they seek information that is confidential or private in nature, that is covered by third-party confidentiality agreements or that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to, the provisions of the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPAA"), the Federal Privacy Rule governing Standards for Privacy of Individually Identifiable Health Information, 45 CFR Parts 160 and 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

     5.    Kaiser objects to the Interrogatories insofar as they seek trade secrets, proprietary business information, and/or competitively sensitive information.

     6.    Kaiser objects to the Interrogatories to the extent they call for production of information which is protected from disclosure by any individual's or Kaiser's right(s) to privacy or seek information protected from disclosure by Section 7216 of the Internal Revenue Code.

     7.    Kaiser objects to each of the Interrogatories as overly broad to the extent it seeks information relating to pharmaceutical products other than Neurontin, or seeks other information

- 3 -

having nothing to do with the subject matter of the Complaint on the ground that such requests purport to call for information that is neither relevant to this action nor likely to lead to the discovery of admissible evidence. Plaintiff will only disclose information regarding Neurontin.

8.       Kaiser objects to the Interrogatories insofar as they are vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, do not specify the information requested with sufficient particularity or seek information not reasonably calculated to lead to the discovery of admissible evidence.

9.       Kaiser objects to each of the Interrogatories to the extent it calls for information from persons or entities who are not parties to this action and which information is not now and never has been in the possession, custody, or control of Kaiser.

10.       Kaiser objects to these Interrogatories to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

11.       Kaiser objects to the Interrogatories to the extent they assume the existence of facts which do not exist or events which did not occur.

12.       Kaiser objects to these Interrogatories to the extent they constitute premature contention interrogatories.

13.       Kaiser objects to the "Definitions" and "Instructions" in Defendants' Interrogatories to the extent they exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, or any applicable scheduling order, case management order, or other ruling of the Court. Kaiser also objections to the "Definitions" to the extent they are inconsistent with normal and customary usage.

14.       Kaiser objects to the definition of "Person" or "Persons" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from third parties over

- 4 -

whom Kaiser has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

15.    Kaiser objects to the definition of "Plaintiff" or "Kaiser" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from persons over whom Kaiser has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

16.    Kaiser objects to the Interrogatories to the extent they purport to require Plaintiffs to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case to the extent any such person or entity will not be designated by Plaintiff as a trail witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17.    Kaiser reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Interrogatories. The supplying of any information contained herein does not constitute an admission by Plaintiff that such information is relevant or admissible or that any statement or characterization in Defendant's Interrogatory is accurate or complete.

18.    Kaiser's decision, now or in the future, to provide information or documents notwithstanding the objectionable nature of any of the definitions or instructions, or the Request itself, should not be construed as: (a) a stipulation that the material is relevant or admissible, (b) a waiver of Kaiser's general objections or the objections asserted in response to specific document requests, or (c) an agreement that requests for similar information will be treated in a similar manner.

- 5 -

## RESPONSES TO INTERROGATORIES

Interrogatory No. 1

Identify each off-label use of Neurontin as to which you are seeking recovery.

Response:

Kaiser objects to the extent that the Interrogatory seeks information protected by the

attorney/client privilege and the privilege protecting attorney work product information from

disclosure in litigation. Kaiser further objects on the grounds that the Interrogatory is premature

inasmuch as it purports to call for information that could be uncovered as discovery proceeds.

Without waiver of the foregoing objections, the off-label uses of Neurontin for which

Kaiser seeks recovery, include but are not limited to the following: pain, diabetic peripheral

neuropathy, restless leg syndrome, bipolar disorder, social phobia, panic disorder, migraine,

monotherapy for epilepsy, and dosages of Neurontin above the FDA-approved maximum.

Interrogatory No. 2

For each off-label use identified in response to Interrogatory No. 1, state, for each
calendar year of the proposed Class Period, the name, dosage, NDC number, and cost to you of
each drug that you contend would have been cheaper and more optimal than Neurontin in
treating that condition. Describe how you identified these alternative drugs and how you arrived
at these figures.

Response:

Kaiser objects to this Interrogatory on grounds that it is overly broad, unduly

burdensome, vague, ambiguous and seeks information that is neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

- 6 -

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Kaiser is not required to produce such information. In addition, Kaiser objects to this

Interrogatory to the extent that it calls for expert testimony.

Interrogatory No. 3

        For each of your Members who were prescribed Neurontin, state whether s/he also
received one or more of the drugs identified in response to Interrogatory No. 2 and state which
drug(s) each such Member received. State the dosage and number of prescriptions filled for each
alternative drug prescribed to each such Member. Describe how you arrived at these figures.

Response:

        Kaiser objects to this Interrogatory on grounds that it is overly broad, unduly

burdensome, vague, ambiguous and seeks information that is neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Kaiser is not required to produce such information. In addition, Kaiser objects to this

Interrogatory to the extent that it calls for expert testimony.

Interrogatory No. 4

        For each calendar year of the proposed Class Period, state the number and percentage of
your Members who were prescribed Neurontin and who also were prescribed at least one of the
drugs identified in response to Interrogatory No. 2. Describe how you arrived at this figure.

Response:

        Kaiser objects to this Interrogatory on grounds that it is overly broad, unduly

burdensome, vague, ambiguous and seeks information that is neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Kaiser is not required to produce such information. In addition, Kaiser objects to this

Interrogatory to the extent that it calls for expert testimony.

<u>Interrogatory No. 5</u>

For each calendar year of the proposed Class Period, state the number and percentage of
your Members who were prescribed Neurontin and who also were prescribed any other drug
approved or commonly used to treat any aspect of bipolar disorder or depression.

<u>Response:</u>

Kaiser objects to this Interrogatory on grounds that it is overly broad, unduly

burdensome, vague, ambiguous and seeks information that is neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Kaiser is not required to produce such information. In addition, Kaiser objects to this

Interrogatory to the extent that it calls for expert testimony.

<u>Interrogatory No. 6</u>

For each calendar year of the proposed Class Period, state the number and percentage of
your Members who were prescribed Neurontin and who also were prescribed any other drug
approved or commonly used to treat any type of neuropathic pain.

- 8 -

Response:

Kaiser objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has ruled Kaiser is not required to produce such information. In addition, Kaiser objects to this Interrogatory to the extent that it calls for expert testimony.

Interrogatory No. 7

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat epilepsy.

Response:

Kaiser objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has ruled Kaiser is not required to produce such information. In addition, Kaiser objects to this Interrogatory to the extent that it calls for expert testimony.

Interrogatory No. 8

For each calendar year of the proposed Class Period, state the number and percentage of your Members whom you identified in response to more than one of Interrogatories Nos. 5, 6, and 7.

Response:

Kaiser objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has ruled Kaiser is not required to produce such information. In addition, Kaiser objects to this Interrogatory to the extent that it calls for expert testimony.

Interrogatory No. 9

Identify all studies of Neurontin that you allege were suppressed by defendants.

Response:

Kaiser objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Kaiser objects to the Interrogatory to the extent it seeks discovery information which is equally available to Defendants and/or already in Defendants' possession or obtainable from another source that is more convenient, less burdensome, or less expensive. Kaiser further

- 10 -

objects on the grounds that the Interrogatory is premature inasmuch as it purports to call for information that could be uncovered as discovery proceeds.

Without waiver of the foregoing objections, the studies of Neurontin which Kaiser alleges were suppressed by defendants, include but are not limited to the following:

(1)    Robillard & Conn, Gabapentin use in geriatric patients with depression and bipolar disorder, *Can J Psychiatry* 46 (8): 764 (2001) [Pfizer_DProbert_0019940];

(2)    J.R. Calabrese et. al., Bipolar disorders and the effectiveness of novel anticonvulsants, *J. Clin Psychiatry* 63:5-9 (2002) [Pfizer_LKnapp_0090263];

(3)    Lopes da Silva et. al. "Evaluation and prediction of effects of antiepileptic drugs in a variety of other CNS disorders" *Epilepsy Research* 50:191-193 (2002) [Pfizer_LeslieTive_0027430];

(4)    Robillard & Conn, Gabapentin use in geriatric patients with depression and bipolar illness, *Can J Psychiatry* 46 (8): 746 (2001) [RGlanzman_0078356];

(5)    M.P. Freeman et. al., Mood Stabilizer Combinations: A Review of Safety and Efficacy, *Am. J. Psychiatry* (1998) [WLC_ CBU_ 009487 - 96]; and

(6)    Laura Letterman et. al., Gabapentin: A review of published experience in the treatment of bipolar disorder and other psychiatric conditions, *Pharmacotherapy* 19: 565-72 (1999) [WLC_CBU_033333)].

Dated: April 12, 2007

**For Kaiser Foundation Health Plan, Inc. and
Kaiser Foundation Hospitals:**

Linda P. Nussbaum
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue
22nd Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

- and -

Thomas G. Shapiro
**SHAPIRO HABER & URMY LLP**
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

- 12 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date, a true and correct copy of the foregoing

Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals Responses and

Objections to Defendants' Pfizer Inc. and Warner-Lambert Company's Second Set of

Interrogatories was served on the person below by federal express:

Matthew Rowland, Esq.
Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017

Attorney for Defendants

Dated: April 12, 2007

KAPLAN FOX & KILSHEIMER LLP

By: _____
Linda P. Nussbaum
805 Third Avenue
22nd Floor
New York, NY 10022

# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | |
| THIS DOCUMENT RELATES TO: | ) ) ) | MDL Docket No. 1629 Master File No. 04-10981 Judge Patti B. Saris |
| ALL MARKETING AND SALES PRACTICES ACTIONS | ) ) ) ) | Mag. Judge Leo T. Sorokin |

### PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFF ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST

Plaintiffs Louisiana Health Service Indemnity Company dba BlueCross/BlueShield of Louisiana ("BCBSLA"); ASEA/AFSCME Local 52 Health Benefits Trust ("ASEA"); and Harden Manufacturing Corporation ("Harden") each respond to Defendants' Second Set of Interrogatories as follows.

**INTERROGATORY NO. 1:**

Identify each off label use of Neurontin as to which you are seeking recovery.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs seek recovery for each off-label use for which Neurontin was unlawfully marketed by Defendants, including, without limitation, the following uses identified in the Third Amended Class Action Complaint: neuropathic pain (including, without limitation, diabetic peripheral neuropathy), nociceptive pain (including, without limitation, surgical pain), bipolar and other mood disorders, headache (including, without limitation, various forms of migraine), anxiety disorders (including, without limitation, panic disorder, social phobia, and generalized

anxiety disorder), restless leg syndrome/periodic limb movement disorder, epilepsy

monotherapy, and dosages in excess of 1800 mg/day.

**INTERROGATORY NO. 2:**

For each off-label use identified in response to Interrogatory No. 1, state, for each

calendar year of the proposed Class Period, the name, dosage, NDC number, and cost to you of

each drug that you contend would have been cheaper and more optimal than Neurontin in

treating that condition. Describe how you identified these alternative drugs and how you arrived

at these figures.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs object to this interrogatory as prematurely calling for expert testimony.  Subject

to and without waiving this objection, Plaintiffs state that information concerning alternative

drugs approved to treat the off-label conditions at issue in this case, and their proper dosage, is

readily available from a variety of publications, including the Physician's Desk Reference, and

information concerning the retail cost of those drugs and their relative market share during the

class period is available from a variety of sources, including IMS Health's National Prescription

Audit, Verispan, and Wolters Kluwer (formerly NDC Health).

**INTERROGATORY NO. 3:**

For each of your Members who were prescribed Neurontin, state whether s/he also

received one or more of the drugs identified in response to Interrogatory No. 2 and state which

drug(s) each such Member received. State the dosage and number of prescriptions filled for each

alternative drug prescribed to each such Member. Describe how you arrived at these figures.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs object to this interrogatory as overly broad, unduly burdensome, vague and

ambiguous, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the interrogatory insofar as it seeks medical information protected from disclosure by federal, state, or local laws governing the disclosure of confidential patient prescription information, including but not limited to HIPAA. Plaintiffs further object to the interrogatory as contrary to the Court's September 27, 2006 Electronic Order ruling that Plaintiffs are not required to produce individual member or subscriber records. Plaintiffs further object to the interrogatory as prematurely calling for expert testimony.

**INTERROGATORY NO. 4:**

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed at least one of the drugs identified in response to Interrogatory No. 2. Describe how you arrived at this figure.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs object to this interrogatory as overly broad, unduly burdensome, vague and ambiguous, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the interrogatory insofar as it seeks medical information protected from disclosure by federal, state, or local laws governing the disclosure of confidential patient prescription information, including but not limited to HIPAA. Plaintiffs further object to the interrogatory as contrary to the Court's September 27, 2006 Electronic Order ruling that Plaintiffs are not required to produce individual member or subscriber records. Plaintiffs further object to the interrogatory as prematurely calling for expert testimony.

**INTERROGATORY NO. 5:**

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug

approved or commonly used to treat any aspect of bipolar disorder or depression.

**RESPONSE TO INTERROGATORY NO. 5:**

      Plaintiffs object to this interrogatory as overly broad, unduly burdensome, vague and ambiguous, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the interrogatory insofar as it seeks medical information protected from disclosure by federal, state, or local laws governing the disclosure of confidential patient prescription information, including but not limited to HIPAA. Plaintiffs further object to the interrogatory as contrary to the Court's September 27, 2006 Electronic Order ruling that Plaintiffs are not required to produce individual member or subscriber records. Plaintiffs further object to the interrogatory as prematurely calling for expert testimony.

**INTERROGATORY NO. 6:**

      For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat any type of neuropathic pain.

**RESPONSE TO INTERROGATORY NO. 6:**

      Plaintiffs object to this interrogatory as overly broad, unduly burdensome, vague and ambiguous, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the interrogatory insofar as it seeks medical information protected from disclosure by federal, state, or local laws governing the disclosure of confidential patient prescription information, including but not limited to HIPAA. Plaintiffs further object to the interrogatory as contrary to the Court's September 27, 2006 Electronic Order ruling that Plaintiffs are not required to produce individual member or subscriber records. Plaintiffs further object to the interrogatory as prematurely calling for expert testimony.

**INTERROGATORY NO. 7:**

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed concurrently any other drug approved or commonly used to treat epilepsy.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs object to this interrogatory as overly broad, unduly burdensome, vague and ambiguous, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the interrogatory insofar as it seeks medical information protected from disclosure by federal, state, or local laws governing the disclosure of confidential patient prescription information, including but not limited to HIPAA. Plaintiffs further object to the interrogatory as contrary to the Court's September 27, 2006 Electronic Order ruling that Plaintiffs are not required to produce individual member or subscriber records. Plaintiffs further object to the interrogatory as prematurely calling for expert testimony.

**INTERROGATORY NO. 8:**

For each calendar year of the proposed Class Period, state the number and percentage of your Members whom you identified in response to more than one of Interrogatories Nos. 5, 6, and 7.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs object to this interrogatory as overly broad, unduly burdensome, vague and ambiguous, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the interrogatory insofar as it seeks medical information protected from disclosure by federal, state, or local laws governing the disclosure of confidential patient prescription information, including but not limited to HIPAA. Plaintiffs

further object to the interrogatory as contrary to the Court's September 27, 2006 Electronic Order ruling that Plaintiffs are not required to produce individual member or subscriber records. Plaintiffs further object to the interrogatory as prematurely calling for expert testimony.

**INTERROGATORY NO. 9**:

Identify all studies of Neurontin that you allege were suppressed by defendants.

**RESPONSE TO INTERROGATORY NO. 9**:

Plaintiffs object to this interrogatory as vague and ambiguous. Specifically, Plaintiffs object to the use of the term "suppressed" to the extent that such term is used in a manner different than its plain meaning. Plaintiffs further object to the interrogatory as prematurely calling for expert testimony. Plaintiffs further object that discovery is continuing, and Defendants have recently produced a large quantity of documents which Plaintiffs have not yet had an opportunity to review and digest. Accordingly, it is likely that the list of studies below is incomplete, even with respect to the documents presently in Plaintiffs' possession. Subject to and without waiving these objections, Plaintiffs state that the following is a list of Neurontin clinical trials that Plaintiffs have alleged were suppressed by Defendants:

| INDICATION | Study No. | Reference |
|---|---|---|
| Anxiety Disorders | 945-204 | (TACAC, ¶ 182) |
| Bipolar & Mood Disorders | 945-209 (Pande Study) | (TACAC, ¶ 173) |
| Bipolar & Mood Disorders | (Frye Study) | (TACAC, ¶ 172) |
| Doses Above 1800 mg/day | (Stewart Study) | (TACAC, ¶ 206) |
| Doses Above 1800 mg/day | 945-82 | (TACAC, ¶¶ 189, 207, 218) |

| **INDICATION** | **Study No.** | **Reference** |
| --- | --- | --- |
| Doses Above 1800 mg/day | 945-77/945-177 | (TACAC, ¶¶ 190, 209, 218) |
| Doses Above 1800 mg/day | 945-224 | (TACAC, ¶¶ 148, 219, 261) |
| Doses Above 1800 mg/day | 945-295 | (TACAC, ¶ 219) |
| Doses Above 1800 mg/day | 945-306 | (TACAC, ¶ 219) |
| Migraine & Headache | 879-201, 879-205, 879-206, 879-207, 879-209 (European Study) | (TACAC, ¶ 195) |
| Epilepsy Monotherapy | 945-177 (Eastern European Study) | (TACAC, ¶ 190) |
| Neuropathic Pain — Diabetic Peripheral Neuropathy | (Gorson Study) | (TACAC, ¶¶ 146 – 47, 156) |
| Neuropathic Pain — Diabetic Peripheral Neuropathy | 945-224 (Reckless Study) | (TACAC, ¶¶ 148 – 49, 156) |
| Nociceptive Pain | 1032-001 (Postoperative Dental Pain) | (TACAC, ¶ 152) |
| Nociceptive Pain | 1035-001 (Postoperative Dental Pain) | (TACAC, ¶ 153) |
| Restless Leg Syndrome/Periodic Limb Movement Disorder | (Ehrenberg Study) | (TACAC, ¶ 165 – 66) |

Dated: May 1, 2007

Respectfully Submitted,

By:    **/s/Barry Himmelstein**
Barry Himmelstein, Esquire
Lieff Cabraser Heimann &
Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By:    **/s/Thomas Greene**
Thomas Greene, Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

By:    **/s/Thomas M. Sobol**
Thomas M. Sobol, Esquire
Edward Notargiacomo, Esquire
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Boston, MA 02110

By:    **/s/Don Barrett**
Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By:    **/s/Daniel Becnel, Jr.**
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By:    **/s/James Dugan**
James Dugan, Esquire
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130

***Members of the Class Plaintiffs'
Steering Committee***

616226.1