UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | |
| ) THIS DOCUMENT RELATES TO: ) ) *Harden Manufacturing Corp., et al. v.* ) *Pfizer, Inc., et al.* ) ) | MDL Docket No. 1629 Master File No. 04-10981 Judge Patti B. Saris Mag. Judge Leo T. Sorokin |

**CLASS PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS**

The Class Plaintiffs join in the Coordinated Plaintiffs' Opposition to Defendants' Motion to Compel Discovery From Plaintiffs. In addition, Class Plaintiffs note the following.

Defendants filed this motion against Class Plaintiffs prematurely. While an initial telephonic meet-and-confer session was held on May 29, 2007, due to the unavailability of several of Class Plaintiffs' counsel, a further meet-and-confer session was scheduled for May 31, 2007. Apparently there was some miscommunication on this point, as Defendants filed their motion on May 30, 2007. In any event, Class Plaintiffs agree to provide a substantive response to Interrogatory No. 2 which will identify less expensive drugs that could have been used to treat the conditions at issue for which Neurontin was prescribed off-label.

Interrogatories No. 4-8 seek information on the numbers and percentages of insureds who were prescribed any of these alternative drugs in addition to Neurontin, while Interrogatory No. 3 seeks this information on a patient-by-patient basis. Plaintiff ASEA has

628089.1

already provided Defendants with all of the prescription records of its insureds who were prescribed Neurontin (absent individually identifiable information).  Accordingly, once Class Plaintiffs have provided Defendants with a list of alternative medications, Defendants will be able to make the requested calculations themselves.  Rule 33(d) of the Federal Rules of Civil Procedure expressly provides that in such circumstances, "it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained . . . ."  ASEA will amend its responses to make such specification.

BCBSLA's pharmacy claims data for the class period, 1994 through 2004, is stored in four separate databases:  one database for each of BCBSLA's three pharmacy benefits managers ("PBM"), PCS/Caremark, Medco, and Express Scripts, and the in-house BCBSLA medical claims database that was used to process pharmacy claims during a brief period when BCBSLA did not use a PBM.  Declaration of Gayle M. Carpenter ¶ 4.

Each of these databases is stored on a different platform and operating system.  *Id*. ¶ 5.  Matching up the pharmacy claims data for each BCBSLA insured that took Neurontin with the insured's pharmacy claims for other drugs would require the cross-referencing of the claims data among the four different databases, which would require the development of a custom data mining algorithm.  *Id*. ¶ 9.[1]  During the class period, in order to comply with HIPAA regulations, contract numbers were changed from a social security number based system to random numbering, further complicating this task.  BCBSLA estimates that it would take at least six months to perform the requested calculations.[2]  *Id*. ¶¶ 10-12.  Class Plaintiffs respectfully suggest

---

[1] BCBSLA processes approximately 7 million pharmacy claims per year, or about 35-40 million claims during the class period.  Declaration of Gayle M. Carpenter ¶ 3.

[2] BCBSLA and Harden stand on their objection to Interrogatory No. 3, which seeks information on a patient-by-patient basis, as violative of the Health Insurance Portability and Accountability

that in light of the minimal probative value of this information, and the ready availability of aggregate data from other reliable sources, such as IMS and Verispan, it would be unduly burdensome to require BCBSLA to perform the requested calculations.

Lastly, Harden Manufacturing's Neurontin claims data was not produced to Defendants by Harden, but by its PBM, Blue Cross and Blue Shield of Alabama ("BCBSAL"), which has filed its own case and is separately represented in this proceeding, *Blue Cross & Blue Shield of Alabama, et. al. v. Pfizer, Inc., et al.*, D. Mass. No. 06-12295-PBS. Class Plaintiffs respectfully submit that if Defendants wish to obtain the additional data requested, which does not already exist in the form requested, but would have to be extracted by BCBSAL, they should obtain it directly from BCBSAL, as they did the Neurontin claims data. At present, BCBSAL has no information on the possibility, difficulty, or expense of such an operation, which would have to be undertaken entirely by BCBSAL.


Dated: June 4, 2007                                Respectfully Submitted,

                                                   By:   */s/ Barry Himmelstein*
                                                         Barry Himmelstein, Esquire
                                                         Lieff Cabraser Heimann &
                                                         Bernstein, LLP
                                                         Embarcadero Center West
                                                         275 Battery Street, 30th Floor
                                                         San Francisco, CA 94111-3339

                                                   By:   */s/ Thomas Greene*
                                                         Thomas Greene Esquire
                                                         Greene & Hoffman
                                                         125 Summer Street

---

Act of 1996, Pub. L. 104-191, 110 Stat. 1936 ("HIPAA"). *See Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 929 (7th Cir. 2004) (even with personally identifying information removed, provision of longitudinal patient information "in the cumulative can make the possibility of recognition very high").

                          Boston, MA 02110

By:   /s/ Don Barrett
       Don Barrett, Esquire
       Barrett Law Office
       404 Court Square North
       P.O. Box 987
       Lexington, MS 39095

By:   /s/ Daniel Becnel
       Daniel Becnel, Jr., Esquire
       Law Offices of Daniel Becnel, Jr.
       106 W. Seventh Street
       P.O. Drawer H
       Reserve, LA 70084

By:   /s/ James Dugan
       James Dugan, Esquire
       Dugan & Browne
       650 Poydras St., Suite 2150
       New Orleans, LA 70130

By:   /s/ Thomas M. Sobol
       Hagens Berman Sobol Shapiro LLP
       One Main Street, 4th Floor
       Cambridge, MA  02142
       Boston, MA 02110

*Members of the Class Plaintiffs'*
***Steering Committee***