UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- x
                                                                 :  MDL Docket No. 1629
In re: NEURONTIN MARKETING,                                      :
       SALES PRACTICES AND                                       :  Master File No. 04-10981
       PRODUCTS LIABILITY LITIGATION                             :
---------------------------------------------------------------- x  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                                        :
                                                                 :  Magistrate Judge Leo T.
THE GUARDIAN LIFE INSURANCE COMPANY OF                           :  Sorokin
AMERICA v. PFIZER INC., et al., 04 CV 10739 (PBS) and            :
                                                                 :
AETNA, INC. v. PFIZER INC., et al., 04-CV-10958 (PBS)            :
                                                                 :
---------------------------------------------------------------- x

## MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO COMPEL COORDINATED PLAINTIFFS TO APPEAR FOR DEPOSITIONS

Defendants Pfizer Inc. and Warner-Lambert Company ("Defendants") submit this memorandum in support of their motion to compel The Guardian Life Insurance Company of America ("Guardian"), Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (together, "Kaiser"), and Aetna, Inc. ("Aetna") (collectively, "Coordinated Plaintiffs") to appear for Rule 30(b)(6) depositions on or before June 22, 2007, and for an order permitting Defendants to provide seven (7) days' notice of depositions that they deem necessary as follow-up on testimony provided during the Rule 30(b)(6) depositions.

### BACKGROUND

As the Court is aware, all depositions in the sales and marketing cases must be completed by July 14.

On May 4, Defendants served notices of deposition of Coordinated Plaintiffs pursuant to Rule 30(b)(6). The notices identify multiple topics for examination.

The notices scheduled the depositions to begin on May 25 but Defendants knew this date would not hold and told Coordinated Plaintiffs as much. Defendants commenced the process on May 4 so that there would be enough time to address any objections to the scope of the examinations, to conduct the depositions, and to conduct follow-up depositions. If past experience is any guide, there is a high likelihood that the Rule 30(b)(6) depositions will require Defendants to conduct follow-up depositions of Coordinated Plaintiffs.

On May 14, Defendants received a letter from Coordinated Plaintiffs. The letter indicated that Coordinated Plaintiffs objected to some, but not all, of the topics listed in the notices of deposition. The letter closed with a request for a meet-and-confer to discuss limiting the scope of the notices.

On May 14, Defendants contacted Coordinated Plaintiffs to schedule the meet-and-confer session. Defendants proposed that the session take place on May 21 or 22. Coordinated Plaintiffs indicated that they could not meet and confer on either of those days.

On May 23, the parties agreed to hold the meet-and-confer session on May 25. Defendants confirmed these arrangements by letter dated May 23. The May 23 letter also stated:

> Given the necessity to schedule these depositions in advance of the July 14, 2007 close of fact discovery, as well as to coordinate the schedules of the various counsel involved, we ask that you be prepared to offer proposed dates for these 30(b)(6) depositions in advance of or during our meet-and-confer session.

Coordinated Plaintiffs did not offer proposed dates for the depositions before the May 25 meet-and-confer session.

During the May 25 session, the parties made substantial progress. Despite Coordinated Plaintiffs' lack of objection to many topics of examination and despite Defendants' specific

2

request for dates, Coordinated Plaintiffs did not offer proposed dates for the depositions during the May 25 session. Defendants repeated the request for proposed dates and explained the urgency of the situation.

A second meet-and-confer session was held on May 31. During this session, Coordinated Plaintiffs continued to decline to provide proposed dates for the depositions. Defendants pressed Coordinated Plaintiffs for at least a date by which proposed dates would be provided. Coordinated Plaintiffs indicated that they thought they "certainly" would be in a position to propose dates on or before Monday, June 4.

Defendants called Coordinated Plaintiffs on June 4, following up on the promise to provide proposed dates. Coordinated Plaintiffs once again failed to provide proposed dates.

June 5 came and went with no word from Coordinated Plaintiffs.

On June 6, Coordinated Plaintiffs finally called Defendants and followed up with a letter at the close of business. Coordinated Plaintiffs advised Defendants that they still have no proposed dates for the depositions of Aetna or Kaiser, although they are "looking at" the week of July 9 (the last week during which depositions may be conducted) for the deposition of Kaiser. They offered to produce Guardian's designee(s) on either, but not both, of June 28 or July 9. This offer of one day ignores that the one-day limit on the duration of depositions in the federal rules does not apply. (Docket # 62 at 5.) It also ignores that June 28 and July 9 also are dangerously close to the cut-off.

## ARGUMENT

### COORDINATED PLAINTIFFS SHOULD BE COMPELLED TO APPEAR PROMPTLY

There can be no dispute that Coordinated Plaintiffs are in clear violation of Rule 30 and that the Court has plenary power to fashion the relief requested. Fed. R. Civ. P. 30(a) (right to

3

take deposition); Fed. R. Civ. P. 30(b)(1) (date for deposition); Fed. R. Civ. P. 30(b)(6) (organization's obligation to designate witness); Fed. R. Civ. P. 37(a) (right to move to compel and Court's authority).

Technically, Coordinated Plaintiffs should already have produced designees as to the topics as to which they had no objection. They have not done so. But Defendants have not stood on ceremony. Instead, after having given Coordinated Plaintiffs three weeks' notice of the depositions, Defendants worked with Coordinated Plaintiffs on their objections and on scheduling. In this connection, Defendants repeatedly asked Coordinated Plaintiffs for proposed dates for the depositions, repeatedly expressing the need to conduct these depositions well in advance of July 14.

In exchange, Defendants have gotten the run-around. Coordinated Plaintiffs have yet to propose dates for the depositions of Aetna and Kaiser, and the dates that have been proposed for Guardian are too few and too late.

Coordinated Plaintiffs obviously are steering Defendants toward, at best, conducting the depositions during the closing days of the discovery period. This will not do (and it is a result that Defendants carefully sought to avoid by noticing the depositions over a month ago). As has happened before in this case, a designee may be poorly-chosen or ill-prepared. (Docket # 539 at 2-4.) More likely, designees may lead Defendants to other witnesses whom Defendants would want to depose. In either event, Defendants will want to conduct follow-up depositions. But if the Rule 30(b)(6) depositions do not go forward very soon, there will be insufficient time to conduct the necessary follow-up. Coordinated Plaintiffs' refusal to propose dates threatens to deny Defendants critical discovery. Relief is warranted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an order compelling Coordinated Plaintiffs to appear for Rule 30(b)(6) depositions on or before June 22, 2007, and permitting Defendants to provide seven (7) days' notice of depositions that they deem necessary as follow-up on testimony provided during the Rule 30(b)(6) depositions.

Dated: June 6, 2007

                        DAVIS POLK & WARDWELL

                        By:   /s/ James P. Rouhandeh
                               James P. Rouhandeh

                        450 Lexington Avenue
                        New York, New York 10017
                        (212) 450-4000

                        SHOOK, HARDY & BACON L.L.P.

                        By:   /s/ Scott W. Sayler
                               Scott W. Sayler

                        2555 Grand Boulevard
                        Kansas City, Missouri 64108
                        (816) 474-6550

                            - and -

HARE & CHAFFIN

By: /s/ David B. Chaffin
David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 6, 2007.

/s/David B. Chaffin