UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------- x
In re: NEURONTIN MARKETING,          : MDL Docket No. 1629
SALES PRACTICES AND                  :
PRODUCTS LIABILITY LITIGATION        : Master File No. 04-10981
                                     :
---------------------------------------------------------- x Judge Patti B. Saris
THIS DOCUMENT RELATES TO:            :
                                     : Magistrate Judge Leo T.
THE GUARDIAN LIFE INSURANCE COMPANY OF : Sorokin
AMERICA v. PFIZER INC., et al., 04 CV 10739 (PBS) and :
                                     :
AETNA, INC. v. PFIZER INC., et al., 04-CV-10958 (PBS) :
                                     :
                                     :
---------------------------------------------------------- x

**DECLARATION OF MATHEW B. ROWLAND IN SUPPORT
OF EMERGENCY MOTION TO COMPEL COORDINATED
PLAINTIFFS TO APPEAR FOR DEPOSITIONS**

I, Mathew B. Rowland, declare:

1. I am an associate with Davis Polk & Wardwell.

2. I make this declaration in support of the motion of Defendants Pfizer Inc. and Warner-Lambert Company ("Defendants") to compel The Guardian Life Insurance Company of America ("Guardian"), Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (together, "Kaiser"), and Aetna, Inc. ("Aetna") (collectively, "Coordinated Plaintiffs") to appear for Rule 30(b)(6) depositions on or before June 22, 2007, and for an order permitting Defendants to provide seven (7) days' notice of depositions that they deem necessary as follow-up on testimony provided during the Rule 30(b)(6) depositions.

3. I have personal knowledge of the matters stated herein.

4. On May 4, Defendants served notices of deposition of Coordinated Plaintiffs pursuant to Rule 30(b)(6). The notices identify multiple topics for examination.

5. The notices scheduled the depositions to begin on May 25, but we knew this date would not hold and told Coordinated Plaintiffs as much. We commenced the process on May 4 to ensure that there would be enough time to address any objections to the scope of the examinations, to conduct the depositions, and to conduct follow-up depositions.

6. If past experience is any guide, there is a high likelihood that the Rule 30(b)(6) depositions will require Defendants to conduct follow-up depositions of Coordinated Plaintiffs.

7. On May 14, we received a letter from Coordinated Plaintiffs. The letter indicated that Coordinated Plaintiffs objected to some, but not all, of the topics listed in the notices of deposition. The letter closed with a request for a meet-and-confer to discuss limiting the scope of the notices.

8. On May 14, I contacted Coordinated Plaintiffs to schedule the meet-and-confer session. I proposed that the session take place on May 21 or 22. Coordinated Plaintiffs indicated that they could not meet and confer on either of those days.

9. On May 23, the parties agreed to hold the meet-and-confer session on May 25. I confirmed these arrangements by letter dated May 23. My May 23 letter also stated:

> Given the necessity to schedule these depositions in advance of the July 14, 2007 close of fact discovery, as well as to coordinate the schedules of the various counsel involved, we ask that you be prepared to offer proposed dates for these 30(b)(6) depositions in advance of or during our meet-and-confer session.

10. Coordinated Plaintiffs did not offer proposed dates for the depositions before the May 25 meet-and-confer session.

11. During the May 25 session, the parties made substantial progress. Despite Coordinated Plaintiffs' lack of objection to many topics of examination and despite my specific request for dates, Coordinated Plaintiffs did not offer proposed dates for the depositions during

the May 25 session. We repeated our request for proposed dates and explained the urgency of the situation.

12. A second meet-and-confer session was held on May 31. During this session, Coordinated Plaintiffs continued to decline to provide proposed dates for the depositions. We pressed Coordinated Plaintiffs for at least a date by which proposed dates would be provided. Coordinated Plaintiffs indicated that they thought they "certainly" would be in a position to propose dates on or before Monday, June 4.

13. We called Coordinated Plaintiffs on June 4, following up on the promise to provide proposed dates. Coordinated Plaintiffs once again failed to provide proposed dates.

14. June 5 came and went with no word from Coordinated Plaintiffs.

15. On June 6, Coordinated Plaintiffs called and followed up with a letter at the close of business. Coordinated Plaintiffs advised us that they still have no proposed dates for the depositions of Aetna or Kaiser, although they are "looking at" the week of July 9 (the last week during which depositions may be conducted) for the deposition of Kaiser. They offered to produce Guardian's designee(s) on either, but not both, of June 28 or July 9.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS 6TH DAY OF JUNE, 2007

/s/Mathew B. Rowland

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 6, 2007.

/s/David B. Chaffin