UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND ) <br> SALES PRACTICES LITIGATION ) <br> _____ ) <br> THIS DOCUMENT RELATES TO: ) <br> _____ ) <br> THE GUARDIAN LIFE INSURANCE ) <br> COMPANY OF AMERICA ) <br>   v. PFIZER, INC., ) <br> 04 CV 10739 (PBS) ) <br> _____ ) | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris <br><br> Magistrate Judge Leo T. Sorokin |

**MEMORANDUM IN SUPPORT OF COORDINATED PLAINTIFFS'
OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL
COORDINATED PLAINTIFFS TO APPEAR FOR DEPOSITIONS**

**I.      INTRODUCTION**

Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (together, "Kaiser"), The Guardian Life Insurance Company of America ("Guardian") and Aetna, Inc. ("Aetna") (collectively, the "Coordinated Plaintiffs") submit this opposition to Defendants' Emergency Motion to Compel Coordinated Plaintiffs to Appear for Depositions (Dkt # 759).

**II.     FACTUAL BACKGROUND**

On May 4, defendants served the Coordinated Plaintiffs with 30(b)(6) deposition notices consisting of 23 topics, most of which were exceedingly broad. *See* Exh. 1 attached hereto. On that same day, defendants stated that the date set forth in these deposition notices, May 25, was merely meant to serve as a placeholder, and that the parties would discuss the scheduling of these depositions once the scope had been determined.

1

On May 14, the Coordinated Plaintiffs sent defendants a letter objecting to and seeking clarification of several of the topics included in the 30(b)(6) deposition notices. In that letter, the Coordinated Plaintiffs also requested a meet-and-confer to discuss the 30(b)(6) deposition notices. *See* Exh. 2 attached hereto. Counsel for Kaiser also requested that the 30(b)(6) deposition of Kaiser go forward in California. In the meantime, counsel for each of the Coordinated Plaintiffs began initial discussions with their clients regarding the 30(b)(6) depositions.

The Coordinated Plaintiffs then initiated and participated in meet-and-confer discussions with defendants in an attempt to narrow the scope of the impermissibly broad 30(b)(6) deposition notices. Specifically, the Coordinated Plaintiffs participated in two such discussions, one on May 25 and the other on May 31.

Shortly after the May 31 meet-and-confer, the Coordinated Plaintiffs advised defendants that now that the scope of the 30(b)(6) depositions had been agreed to, they could identify an appropriate 30(b)(6) witness and would send proposed dates for these depositions as quickly as possible, hopefully in the next day or two.

On June 6, the Coordinated Plaintiffs provided dates for the 30(b)(6) deposition of Guardian (June 28 or July 9) and Kaiser (the week of July 9) in California.

On June 7, Kaiser and Guardian each agreed to make its 30(b)(6) witness available for an additional day of deposition if necessary. Kaiser agreed that it would produce its 30(b)(6) witness for deposition on July 12 and 13 in California. Guardian agreed that in addition to July 9, it would make its 30(b)(6) witness available on July 10.

On June 7, defendants served additional deposition notices for specific individuals on the Coordinated Plaintiffs. Two such deposition notices were served on Kaiser, three

2

were served on Aetna and one was served on Guardian. These depositions were scheduled by defendants for the last week of June.

On June 8, in response to the defendants' concern that the 30(b)(6) depositions would occur just prior to the close of fact discovery, Kaiser agreed to make an effort to produce its 30(b)(6) witness on June 27 and 28 in California. Kaiser's counsel also reiterated that it was endeavoring to produce a person knowledgeable on each of the appropriate topics in the 30(b)(6) deposition notice.

### III. ARGUMENT

The Coordinated Plaintiffs have certainly complied with Rule 30 of the Federal Rules of Civil Procedure. Promptly upon receipt of the 30(b)(6) deposition notices, the Coordinated Plaintiffs made substantial efforts, in good faith, to meet-and-confer with defendants regarding the 30(b)(6) deposition notices. Most of the Coordinated Plaintiffs have already provided defendants with dates for these 30(b)(6) depositions. The parties have made progress in the scheduling of these 30(b)(6) depositions and therefore, defendants' Emergency Motion to Compel the Coordinated Plaintiffs to Appear for Deposition should be denied.

The 30(b)(6) deposition notices served on the Coordinated Plaintiffs consisted of

many extremely broad deposition topics.[1]  Accordingly, the Coordinated Plaintiffs objected to the breadth and scope of several such topics.  Certain topics call for information regarding <u>any</u> information, analyses, conclusions, views or communications held by the Coordinated Plaintiffs regarding various issues related to Neurontin.  As the Coordinated Plaintiffs advised defendants during their meet-and-confer discussions and in correspondence, these plaintiffs are large institutions employing tens of thousands of people throughout the country.  Nevertheless, the Coordinated Plaintiffs stated that they would produce an appropriate 30(b)(6) witness to knowledgably testify regarding the appropriate topics.

During the May 31 meet-and-confer, defendants stated that the Coordinated Plaintiffs had the burden and obligation to determine to what extent any individual at these companies possessed information responsive to these topics.  In response, the Coordinated Plaintiffs stated that due to the breadth of several of these topics, such an extensive discovery obligation was not contemplated under the Federal Rules of Civil Procedure, and that a 30(b)(6) deposition not be an efficient means of obtaining otherwise discoverable information.[2]  *See SmithKline Beecham Corp. v. Apotex Corp.,* No. 98 C 3952, 2000 WL 116082, at *9-10 (N.D. Ill. Jan. 24, 2000) (stating that the Federal Rules

---

[1] For example, Topic 8 in defendants' 30(b)(6) deposition notices requires a designee to testify regarding:  "*Any conclusions or views* that you or your representatives or agents, including your third-party administrator(s) and pharmacy benefit manager(s), have or had regarding whether Neurontin provides a medical benefit to, and may appropriately be prescribed by physicians for, parties who take it at off-label dosages or for pain, post-herpetic neuralgia, restless leg syndrome, diabetic peripheral neuropathy, social phobia, panic disorder, migraine headache, monotherapy for epilepsy, bipolar disorder, or any other off-label uses." (Emphasis added).  Similarly, Topic 9 states:  "*Any information* that you have or had regarding whether any of your Members who took Neurontin for an off-label use or at an off-label dosage received or failed to receive any benefit from the drug." (Emphasis added).  Finally, Topic 10 states:  "*Any communications* that you had with your third-party administrator(s), your pharmacy benefit manager(s), or any other persons or entities regarding Neurontin." (Emphasis added).

[2]   Furthermore, each Coordinated Plaintiff produced documents to defendants many months ago and defendants have their own documents with respect to dealings with the Coordinated Plaintiffs.

"preclude proponents of discovery from wielding the discovery process as a club by propounding requests compelling the recipient to assume an excessive burden"); *See also In re Indep. Serv. Org. Antitrust Org.,* 168 F.R.D. 651,654 (D.Kan. 1996) (stating that the recipient of a 30(b)(6) request is not "required to have counsel 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or counterclaim.")

While the Coordinated Plaintiffs engaged in meet-and-confer discussions regarding these topics in good faith, they continued to discuss the 30(b)(6) depositions with their clients. Nevertheless, the Coordinated Plaintiffs could not identify the appropriate knowledgeable deponent and therefore could not provide dates for these depositions until the parties had agreed which topics would be covered during the 30(b)(6) and the scope of those topics. It would have been inefficient and unreasonable to agree to produce designees to certain topics before the scope of these depositions had been agreed to. Now that the parties have agreed to the scope of the 30(b)(6) deposition, most of the Coordinated Plaintiffs have provided defendants with several proposed dates to conduct these depositions. We note that these dates are within the same period of time that defendants themselves have noticed depositions of Coordinated Plaintiffs and further that it is within the same time period that Coordinated Plaintiffs noticed 30(b)(6) depositions of the defendants.

In their Motion to Compel the Coordinated Plaintiffs to Appear for Depositions, the defendants seek an order requiring these plaintiffs to appear for their 30(b)(6) depositions on or before June 22, 2007. Since most of the Coordinated Plaintiffs have already provided definitive dates for these depositions, ordering these plaintiffs to appear for deposition on or before June 22 is unnecessary. Two of the Coordinated Plaintiffs

5

have provided dates for these depositions. Guardian has provided two proposed dates: July 9 and 10. Kaiser has in fact provided four proposed dates: June 27 and 28, or July 12 and 13, in California.[3]

## IV.     CONCLUSION

For the foregoing reasons, the Coordinated Plaintiffs respectfully request that the Court deny the Defendants' Emergency Motion to Compel Coordinated Plaintiffs to Appear for Depositions.


Dated: June 11, 2007


**For Plaintiff Guardian Life Insurance Co. Of America:**

/s/ Thomas G. Shapiro
Thomas G. Shapiro (BBO # 454680)
Theodore Hess-Mahan (BBO # 557109)
**SHAPIRO HABER & URMY LLP**
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

**OF COUNSEL:**

**KAPLAN FOX & KILSHEIMER LLP**
Linda P. Nussbaum, Esq.
150 East 52nd Street, 30th Floor
New York, NY 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

**RAWLINGS & ASSOCIATES, PLLC**
Mark D. Fischer, Esq.
Mark Sandmann, Esq.

---

[3] Kaiser's offices and 30(b)(6) designee are located in California. Accordingly, it would be much more convenient for Kaiser to proceed with its 30(b)(6) deposition in California. Defendants initially stated that they would be amenable to having this deposition proceed in California, however now will not confirm this location. We note that most (if not all) of defendants' depositions are going forward in New York because that is a more convenient location for the defendants. Therefore, the 30(b)(6) deposition of Kaiser should proceed in the more convenient location for this Coordinated Plaintiff, which is California.

325 W. Main Street
Louisville, KY 40202
Telephone: (502) 587-1279
Facsimile: (502) 584-8580


**For Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals:**

/s/ Thomas G. Shapiro
Thomas G. Shapiro (BBO # 454680)
Theodore Hess-Mahan (BBO # 557109)
**SHAPIRO HABER & URMY LLP**
53 State Street
Boston, MA 02109
Telephone: 617-439-3939
Facsimile: 617-439-0134

**OF COUNSEL:**

**KAPLAN FOX & KILSHEIMER LLP**
Linda P. Nussbaum, Esq.
150 East 52nd Street, 30th Floor
New York, NY 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745


**For Plaintiff Aetna, Inc.:**

/s/ Peter A. Pease
Peter A. Pease, Esq. (BBO # 392880)
**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

**OF COUNSEL:**

**LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.**
Richard Bemporad, Esq.
Richard W. Cohen, Esq.
Gerald Lawrence, Esq.
Peter St. Phillip Jr., Esq.
Todd S. Garber, Esq.

White Plains Plaza - - 5th Floor
One North Broadway
White Plains, NY 10601-2310
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**
Joseph J. Tabacco, Jr., Esq.
425 California Street, Suite 2025
San Francisco, CA 94104-2205
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

**JOHN F. INNELLI, LLC**
John F. Innelli, Esq.
1818 Market Street, Suite 3620
Philadelphia, PA 19103
Telephone: (215) 5612-1011
Facsimile: (215) 561-0012

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3.

ATTORNEY FOR PLAINTIFFS


/s/ Linda P. Nussbaum_____
LINDA P. NUSSBAUM