UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
In re:  NEURONTIN MARKETING, SALES PRACTICES,
        AND PRODUCTS LIABILITY LITIGATION
------------------------------------------------ x

THIS DOCUMENT RELATES TO:

------------------------------------------------ x

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC. and

AETNA, INC. v. PFIZER INC.
------------------------------------------------ x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**DECLARATION OF MATTHEW B. ROWLAND**

MATTHEW B. ROWLAND declares upon penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1. I am an attorney associated with the law firm Davis Polk & Wardwell, counsel for Defendants Pfizer Inc. and Warner-Lambert Company in this action.

2. I submit this declaration in support of Defendants' Motion To Compel Coordinated Plaintiffs To Appear for Depositions, filed on June 7, 2007.

3. I have personal knowledge of the matters stated below and would testify to the same.

4. On May 4, 2007, I served Rule 30(b)(6) deposition notices on each of the Coordinated Plaintiffs.

5.      Between May 4, 2007 and June 12, 2007 I had multiple conversations with plaintiffs' counsel regarding, among other things, the scheduling of the noticed depositions. Among these conversations were numerous phone calls and email exchanges with Aviah Cohen Pierson of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), counsel for Coordinated Plaintiff Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (together, "Kaiser").  At no point during these discussions did I agree that Kaiser's deposition would occur in California.

6.      Specifically, on May 14, 2007, Aviah Cohen Pierson of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), counsel for Coordinated Plaintiff Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (together, "Kaiser") called me and asked whether it would be possible to hold the depositions of Kaiser in San Francisco, California.  I replied that defendants would consider the request, and asked that Kaiser propose dates for the deposition.

7.      During a call in which I participated on May 25, 2007, Linda Nussbaum of Kaplan Fox asserted that defendants had agreed to hold the depositions of Kaiser in California. James P. Rouhandeh of Davis Polk & Wardwell responded that defendants had not so agreed. Ms. Nussbaum said that she had relied on that purported promise in attempting to schedule the deposition of her client in California.  When asked what dates her client was available, Ms. Nussbaum responded that she actually had no dates at that time, but was still trying to obtain dates from her client.

8.      On June 6, 2007, defendants filed their Motion To Compel Coordinated Plaintiffs To Appear for Depositions.

9.      Also, on June 6, 2007, I received another letter from Ms. Cohen Pierson that, among other things, asserted that Kaiser would produce its witness in California.

10.     Over the next several days I engaged in a series of telephone conversations and emails with Ms. Cohen Pierson and Ms. Nussbaum regarding the scheduling of plaintiffs' depositions. At no time did I agree that Kaiser's deposition would occur in California.

11.     On June 11, 2007, I wrote an email to Ms. Cohen Pierson that, among other things, reiterated that defendants had never agreed to a California location for the deposition of her client.

Dated:  New York, New York
        June 13, 2007

/s/ Matthew B. Rowland
Matthew B. Rowland

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 13, 2007.

/s/Matthew B. Rowland