UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING AND ) <br> SALES PRACTICES LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> ALL SALES AND MARKETING ACTIONS ) <br> ) | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br><br> Judge Patti B. Saris <br><br> Magistrate Leo T. Sorokin |

**PLAINTIFFS' EMERGENCY MOTION FOR ORDER TO SHOW CAUSE
WHY SUDLER & HENNESSEY AND CLINE DAVIS & MANN SHOULD
NOT BE SANCTIONED FOR THEIR FAILURE TO COMPLY WITH THIS
COURT'S DECEMBER 20, 2006 ORDER**

Plaintiffs, by counsel, respectfully request an Order to Show Cause why Sudler & Hennessey and Cline Davis & Mann, Inc. (collectively "Non-Parties"), should not be sanctioned for their refusal to comply with a documents only subpoena properly issued over two years ago on May 10, 2005 and subsequent violation of this Court's December 20, 2006 Order requiring Non-Parties to fully comply with the subpoena no later than February 1, 2007.  In addition, Plaintiffs respectfully request that that Court again Order the Non-Parties to immediately comply with the subpoena by a date certain determined by the Court.  In support of their request, Plaintiffs state as follows:

1.  Plaintiffs seek an emergency Order by this Court to Show Cause why Non-Parties should not be sanctioned for their refusal to comply with a properly issued subpoena and corresponding Court Order compelling document production, as the Non-Parties have refused to comply with a properly issued subpoena for over two years.

2. On May 10, 2005, Plaintiffs issued a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure to Sudler & Hennessey and Cline Davis & Mann, Inc., all three of which are medical marketing firms located in either New York.

3. In responding, Sudler & Hennessey and Cline Davis & Mann arbitrarily limited the time parameters of the subpoena.

4. After receiving the responses, counsel for Plaintiffs contacted counsel for Sudler & Hennessey and Cline Davis & Mann on July 5, 2005 and sent a letter to counsel for Sudler & Hennessey and Cline Davis & Mann on July 18, 2005 to discuss the arbitrary time limitation.

5. Counsel for Sudler & Hennessey and Cline Davis & Mann stated that their client could gather the documentation, however, he expressed concern that if the Court ordered the time frame of relevant production extend through the present, then Sudler & Hennessey and Cline Davis & Mann would incur burdensome costs as a result of being required to retrieve documentation for a second time.

6. On September 6, 2005, counsel for Plaintiffs sent letter to counsel for Sudler & Hennessey and Cline Davis & Mann outlining the inherent flaws in their position regarding production of the documents.

7. On November 21, 2006, counsel for Plaintiffs contacted counsel for the non-parties to discuss document production and time limitation. Plaintiffs offered to limit the scope of production to January 1, 1994 to December 31, 2004 in light of the additional allegations.

8. Based on the non-parties' refusal to comply with the subpoena, Plaintiffs filed a Motion to Compel on November 30, 2006, requesting the Court Order the Non-Parties to

immediately comply with the May 2005 subpoena. The Court granted Plaintiffs' Motion on December 20, 2006, and ordered the Non-Parties to produce the requested documentation no later than February 1, 2007.

9. Following the issuance of the Court's December 20, 2006 Order, counsel for Non-Parties, Cheryl Plambeck of Davis & Gilbert, contacted Plaintiffs' counsel, Jeff Gibson, to discuss production of the documents. Ms. Plambeck stated that the Non-Parties did not have the responsive documents in their possession or control at that time, as all documents responsive to Plaintiffs' subpoena had been provided to the U.S. Attorney's Office.

10. On June 12, 2007, Ms. Plambeck contacted Mr. Gibson and notified him that the U.S. Attorney's Office had returned forty-one boxes of documents to the custody of the Non-Parties. Mr. Gibson requested immediate access to the documents, to which, Ms. Plambeck responded that she intended to review the documents and then permit Defendant Pfizer's counsel to review the documents prior to production.

11. On June 13, 2007, Plaintiffs' counsel sent a letter to the Non-Parties requesting access to the responsive documents no later than Monday, June 18, 2007. On June 15, 2007, Ms. Plambeck responded that Defendant's counsel would be given the opportunity to review the documents prior to production and she further refused to commit to a date certain that Plaintiffs would have access to the documents.

12. On June 26, 2007, Ms. Plambeck sent a letter stating that she had completed her preliminary review of Non-Parties' documents. However, Ms. Plambeck again would not commit to a date for complete production. Rather, she stated that the documents would be available for inspection on a rolling basis as early as the week of July 2, 2007.

13. In further support of Plaintiffs' Motion, Plaintiffs are contemporaneously filing a Memorandum in Support of Motion for Order to Show Cause Why Sudler & Hennessey and Cline Davis & Mann should not be Sanctioned for Their Failure to Comply with this Court's December 20, 2006 Order.

Wherefore, Plaintiffs, by counsel, respectfully request an Order to Show Cause why Sudler & Hennessey and Cline Davis & Mann, Inc. should not be sanctioned for their refusal to comply with a documents only subpoena properly issued over two years ago on May 10, 2005 and subsequent violation of this Court's December 20, 2006 Order requiring Non-Parties to fully comply with the subpoena no later than February 1, 2007. In addition, Plaintiffs respectfully request that that Court again Order the Non-Parties to immediately comply with the subpoena by a date certain determined by the Court.

Dated: June 29th, 2007

Respectfully Submitted,

By: */s/ Thomas Greene*
Thomas Greene, Esquire
Michael A. Tabb, Esquire
GREENE & HOFFMAN
125 Summer Street
Boston, MA 02110

By: */s/ Thomas M. Sobol*
Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142

By: */s/ Barry Himmelstein*
Barry Himmelstein, Esquire
LIEFF CABRASER HEIMANN & BERNSTEIN
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By: */s/ Don Barrett*
Don Barrett, Esquire

        BARRETT LAW OFFICE
        404 Court Square North
        P.O. Box 987
        Lexington, MS 39095

        By: */s/ Daniel Becnel, Jr.*
        Daniel Becnel, Jr., Esquire
        LAW OFFICES OF DANIEL BECNEL, JR.
        106 W. Seventh Street
        P.O. Drawer H
        Reserve, LA 70084

        By: */s/ James Dugan*
        James R. Dugan, II, Esquire
        DUGAN & BROWNE, PLC
        650 Poydras Street, Suite 2150
        New Orleans, LA 70130

        ***Members of the Class Plaintiffs'***
        ***Steering Committee***

        By: */s/ Richard Cohen*
        Richard Cohen, Esquire
        LOWEY DANNENBERG BEMPORAD
        & SELINGER, P.C.
        The Gateway
        One North Lexington Avenue
        White Plains, NY 10601

        By: */s/ Linda P. Nussbaum*
        Linda P. Nussbaum, Esquire
        COHEN MILSTEIN HAUSFELD & TOLL
        150 East 52nd Street
        Thirteenth Floor
        New York, NY 10022

        ***Members of the Plaintiffs' Non-Class***
        ***Steering Committee***

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 29th, 2007.

/s/ Richard Shevitz