UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION ) ) ) ) | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ) ) | Judge Patti B. Saris |
| ALL ACTIONS ) ) ) | Magistrate Leo T. Sorokin |

**DECLARATION OF JEFF S. GIBSON
IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS FROM NON-PARTIES SUDLER & HENNESSEY AND CLINE
DAVIS & MANN**

The undersigned declarant, Jeff S. Gibson , who deposes and states as follows:

1. I am an associate at the Indianapolis law firm of Cohen & Malad, LLP, and am an attorney for the Plaintiffs in this action, including Plaintiff and proposed class representative Gerald Smith ("Smith").

2. I have personal knowledge regarding the matters stated below and would testify to the same.

3. On May 10, 2005, I issued a subpoena in the above-entitled litigation on behalf of the Consumer Class Plaintiffs pursuant to Rule 45 of the Federal Rules of Civil Procedure to Sudler & Hennessey and Cline Davis & Mann, Inc. The Subpoenas seek documents during the time period from January 1, 1994 to the present. True and accurate copies of the subpoenas are attached as Exhibits A & B respectively.

4. On June 15, 2005, Sudler & Hennessey and Cline Davis & Mann responded to the above referenced Subpoenas in two identical letters from their counsel,

Davis & Gilbert, LLP, which raised objections to the Subpoenas. [hereinafter referred to as the "First Objections"]. True and accurate copies of the First Objections are attached hereto as Exhibits C and D respectively.

5. In the First Objections, Sudler & Hennessey and Cline Davis & Mann only agreed to produce documents through December 31, 1998.

6. After receiving the objections, I contacted counsel for Sudler & Hennessey and Cline Davis & Mann Scott Walker on July 5, 2005 to discuss the appropriateness of the time limitation. During the conversation, Mr. Walker represented that the objection as to the time frame was based upon pending motions in which the Defendants in the above entitled matter were seeking an order from the Court limiting the scope of their discovery responses up to 1998. Mr. Walker further represented that Sudler & Hennessey and Cline Davis & Mann was prepared to gather documentation up to 1998; however, Sudler & Hennessey and Cline Davis & Mann would not produce the documents because Sudler & Hennessey and Cline Davis & Mann would incur burdensome costs as a result of being required to retrieve documentation for a second time.

7. On July 18, 2005, I sent a letter to Mr. Walker to further discuss the time limitation. The letter states that any alleged additional costs would be caused not by the Plaintiffs in this matter, but rather Sudler & Hennessey and Cline Davis & Mann's failure to fully comply with the Subpoena. A true and accurate copy of the July 18, 2005 correspondence is attached hereto as Exhibit E.

8. The non-parties reiterated their position in a July 22, 2005 letter with respect to their claim of undue burden in refusing to produce documents responsive to the

subpoena. A true and accurate copy of the July 22, 2005 correspondence is attached hereto as Exhibit F

9.     On September 6, 2005, I sent a second letter outlining the flaws in the non-parties' position. I again stated that the any alleged burden was created by the non-parties refusal to fully comply with the subpoena. A true and accurate copy of the September 6, 2005 correspondence is attached hereto as Exhibit G.

10.    On September 7, 2006, I sent a letter to Mr. Walker requesting the immediate production of all relevant documentation in light of the Court's July 18, 2006 Order which established a time limitation of discovery up to an including May 31, 2001 A true and accurate copy of the September 7, 2006 letter is attached hereto as Exhibit H.

11.    On September 12, 2006, Mr. Walker sent a letter stating that Sudler & Hennessey and Cline Davis & Mann would not produce documents within the new discovery scope of May 31, 2001 if Plaintiffs intended to file an Amended Complaint that would alter the scope of the discovery time limitation. Mr. Walker again stated that his client would incur burdensome costs as a result of being required to retrieve documentation for a second time if the time limitation of discovery was altered. A true and accurate copy of the September 12, 2006 correspondence is attached hereto as Exhibit I.

12.    On November 3, 2006, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint. Specifically, Plaintiffs included allegations of Defendants' continuation of their deceptive off-label marketing through December 2004. The allegations of the continuing deception included allegations of dozens of marketing

3

events relating to off-label uses held around the country as well as publication of numerous journal articles touting off-label uses.

13. On November 21, 2006, I contacted Mr. Walker to discuss document production and time limitation. I offered to limit the scope of production to January 1, 1994 to December 31, 2004 in light of the additional allegations. Mr. Walker again refused to produce documents based on the possibility that the Defendants could contest the new date of production set forth in the Amended Complaint.

14. Based on Sudler & Hennessey and Cline Davis & Mann's refusal to comply with the subpoena, Plaintiffs filed a Motion to Compel Production of Documents from Sudler & Hennessey and Cline Davis & Mann, requesting the Court Order the Non-Parties to immediately comply with the May 2005 subpoena. The Court granted Plaintiffs' Motion on December 20, 2006, and ordered the Non-Parties to produce the requested documentation no later than February 1, 2007. A true and accurate copy of the Court's December 20, 2006 Order is attached hereto as Exhibit J.

15. On January 5, 2007, following the issuance of the Court's December 20, 2006 Order, counsel for Non-Parties submitted a letter to this Court stating <u>for the first time</u> that the Non-Parties did not have responsive documents in their possession or control at that time, as all documents potentially responsive to Plaintiffs' subpoena had been provided to the U.S. Attorney's Office. A true and accurate copy of the January 5, 2007 correspondence is attached hereto as Exhibit K.

16. On June 12, 2007, Ms. Plambeck contacted me and notified me that the U.S. Attorney's Office had returned forty-one boxes of documents to the custody of the Non-Parties. During this conversation, I requested immediate access to the documents.

Ms. Plambeck refused my request and stated that she intended to review the documents and permit Defendant Pfizer's counsel to review the documents prior to production.

17. On June 13, 2007, I sent a letter to Ms. Plambeck, requesting access to the responsive documents no later than June 18, 2007. A true and accurate copy of the June 13, 2007 correspondence is attached hereto as Exhibit L.

18. On June 15, 2007, Ms. Plambeck responded that Defendant's counsel would be given the opportunity to review the documents prior to production and she further refused to commit to a date certain that Plaintiffs would have access to the documents. A true and accurate copy of the June 15, 2007 correspondence is attached hereto as Exhibit M.

19. On June 26, 2007, Ms. Plambeck sent a letter stating that she had completed her initial review of the forty-one boxes and that the documents would be available for inspection on a rolling basis the week of July 2, 2007. A true and accurate copy of the June 26, 2007, 2006 correspondence is attached hereto as Exhibit N.

20. To this date, the Non-Parties still have not produced documents in response to the Plaintiffs' subpoena issued May 10, 2005.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in Indianapolis, Indiana on June 29 2007.

/s/ Jeff S. Gibson
Jeff S. Gibson

COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593