UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Patti B. Saris |
| ALL SALES AND MARKETING ACTIONS | ) ) ) | Magistrate Leo T. Sorokin |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE WHY SUDLER & HENNESSEY AND CLINE DAVIS & MANN SHOULD NOT BE SANCTIONED FOR THEIR FAILURE TO COMPLY WITH THIS COURT'S DECEMBER 20, 2006 ORDER**

Plaintiffs, by counsel, respectfully request an Order to Show Cause why Sudler & Hennessey and Cline Davis & Mann, Inc. (collectively "Non-Parties"), should not be sanctioned for their refusal to comply with documents-only subpoenas properly issued over two years ago on May 10, 2005 and subsequent violation of this Court's December 20, 2006 Order requiring Non-Parties to fully comply with these subpoenas no later than February 1, 2007. In addition, Plaintiffs respectfully request that that Court Order the Non-Parties to comply with its December 20, 2006 Order by producing all documents responsive to the subpoenas by a date certain determined by the Court.

### I. PROCEDURAL HISTORY

On May 10, 2005, Plaintiffs issued subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure to Sudler & Hennessey and Cline Davis & Mann, Inc. ("Subpoenas"), both of which are medical marketing firms located in either New York. [Exhibits A and B] Plaintiffs issued the Subpoenas because these entities are healthcare

communication companies that were retained by the Defendants to assist in the marketing and promotion of Neurontin. On June 15, 2005, the Non-Parties responded through their attorneys, the New York law firm Davis & Gilbert, LLP, with objections to the Subpoenas. [Exhibits C and D] In the responses, the Non-Parties arbitrarily limited the time parameters of the Subpoenas. While Plaintiffs' Subpoenas requested documents from 1994 through the present, the Non-Parties agreed to produce documents through December 31, 1998. [Exhibits C & D]

After receiving the responses, counsel for Plaintiffs contacted counsel for the Non-Parties on July 5, 2005 to discuss the appropriateness of the time limitation. In addition, counsel for Plaintiffs sent a letter to counsel for the Non-Parties on July 18, 2005 to further discuss the arbitrary time limitation. [Exhibit E].

During the telephonic conference, the Non-Parties stated that the time limitation stemmed from Defendants' pending motions seeking an order from the Court limiting the scope of their discovery responses up to 1998. Counsel for the Non-Parties stated that their client could gather the documentation up to 1998; however, he expressed concern that if the Court ordered the time frame of relevant production extend through the present, then the Non-Parties would incur burdensome costs as a result of being required to retrieve documentation for a second time.

The Non-Parties reiterated their position in a July 22, 2005 letter with respect to their claim of undue burden in refusing to produce documents responsive to the subpoena. [Exhibit F] On September 6, 2005, counsel for Plaintiffs sent a second letter to counsel for the Non-Parties outlining the inherent flaws in their position. [Exhibit G]. Plaintiffs' counsel explained that any perceived burden or costs resulting from retrieving

documents twice was the direct result of the Non-Parties insistence on imposing the arbitrary time limitation, and that any burden would be self-imposed. That is, the Non-Parties could avoid this burden simply by producing all responsive documents without culling them based on their dates.

Prior to resolving the dispute over time limitations with respect to the Non-Parties, Magistrate Judge Leo T. Sorokin issued a Report and Recommendation for approval of Defendants' Motion to Dismiss on January 31, 2006. On the same date the Magistrate Judge issued an Order staying all discovery.

On June 19, 2006, the Court lifted the discovery stay. Moreover, the Court issued an Order that imposed a May 31, 2001 cut-off for discovery ("the Discovery Order"). On September 11, 2006, the District Court Judge denied the Plaintiffs' objection to the Magistrate's Discovery Order, but did so without prejudice to the Plaintiffs, allowing them to amend their Complaint to make particularized allegations of events and conduct that occurred after May 31, 2001. Based on the lifting of the discovery stay and the imposition of a May 31, 2001 discovery cut-off, counsel for Plaintiffs contacted counsel for the Non-Parties on September 7, 2006 requesting the immediate production of all relevant documentation. [Exhibit H] In response, the Non-Parties stated that they would not produce documents within the new discovery scope of May 31, 2001 if Plaintiffs intended to file an Amended Complaint that would alter the scope of the discovery time limitation. [Exhibit I] The Non-Parties again refused to produce documents on the basis that they would incur burdensome costs as a result of being required to retrieve documentation for a second time if the time limitation of discovery was altered. [Exhibit I]

On November 3, 2006, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint ("Motion to Amend"). The Amended Complaint included allegations of Defendants' continuation of their deceptive off-label marketing through December 2004, including allegations of dozens of marketing events relating to off-label uses held around the country as well as publication of numerous journal articles touting off-label uses.

On November 21, 2006, counsel for Plaintiffs contacted counsel for the Non-Parties to discuss document production and time limitations. Plaintiffs offered to limit the scope of production to January 1, 1994 to December 31, 2004 in light of the additional allegations. Counsel for the Non-Parties again balked at production based on the possibility that the Defendants could contest the new date of production set forth in the Amended Complaint.

Based on the Non-Parties' refusal to comply with the subpoena, Plaintiffs filed a Motion to Compel Production of Documents from Non-Parties Sudler & Hennessey and Cline Davis & Mann, requesting the Court Order the Non-Parties to immediately comply with the May 2005 subpoena. The Court granted Plaintiffs' Motion on December 20, 2006, and ordered the Non-Parties to produce the requested documentation no later than February 1, 2007. [Exhibit J]

On January 5, 2007, following the issuance of the Court's December 20, 2006 Order, counsel for Non-Parties submitted a letter to this Court stating <u>for the first time</u> that the Non-Parties did not have responsive documents in their possession or control at that time, as all documents potentially responsive to Plaintiffs' subpoena had been provided to the U.S. Attorney's Office. [Exhibit K] During a subsequent conversation

counsel for the Non-Parties, Cheryl Plambeck, stated that the responsive documents of both Cline Davis & Mann and Sudler & Hennessey had been in the possession of the U.S. Attorney's Office prior to the issuance of Plaintiffs' subpoenas. For the next six months, Plaintiffs' waited for the U.S. Attorney's Office to return the documents to the Non-Parties.

On June 12, 2007, Ms. Plambeck contacted counsel for the Plaintiffs, Jeff Gibson, and notified him that the U.S. Attorney's Office had returned forty-one boxes of documents to the custody of the Non-Parties. During that conversation, Mr. Gibson requested that Plaintiffs have immediate access to the documents. Ms. Plambeck refused and indicated she intended to review the documents and permit Defendant Pfizer's counsel to review the documents prior to production.

On June 13, 2007, Plaintiffs' counsel sent a letter to the Non-Parties requesting access to the responsive documents no later than Monday, June 18, 2007. [Exhibit L] On June 15, 2007, Ms. Plambeck responded that Defendant's counsel would be given the opportunity to review the documents prior to production and she further refused to commit to a date certain that Plaintiffs would have access to the documents. [Exhibit M]

On June 26, 2007, Ms. Plambeck sent a letter stating that she had completed her preliminary review of the Non-Parties' documents. However, Ms. Plambeck again would not commit to a date for complete production. Rather, she stated that the documents would be available for inspection on a rolling basis as early as the week of July 2, 2007. [Exhibit N]

The Non-Parties have refused to comply with a properly issued subpoena for the last two years. The sole basis of the Non-Parties' refusal to produce documents during to

two-year period was an alleged burden that would be created if the relevant time period for discovery was extended, thus requiring the Non-Parties to supplement their production at a later date. Regardless of the validity of this alleged burden, at a minimum, the Non-Parties had the ability to request that the U.S. Attorney's Office return the documents in order that they be in the Non-Parties' possession and control pending the resolution of the relevant period for discovery. Based on the Non-Parties' conduct and continued refusal to comply with Plaintiffs' subpoena and this Court's Order, Plaintiffs' request that the Court enter an Order for the Non-Parties to show cause why they should not be sanctioned for their conduct.

## II.     LEGAL ARGUMENT

**The Non-Parties' Should be Sanctioned for their Failure to Comply with Plaintiffs' Subpoenas and Violation of the Court Order Requiring Them to do so**

Federal Rule of Civil Procedure 45(e) grants the Court authority to impose sanctions against a non-party for failure to comply with a subpoena *duces tecum*. Painewebber, Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002). Federal Rule of Civil Procedure 45(e) provides, in relevant part, "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court from which the subpoena issued." Fed. R. Civ. Proc. 45(e). See also Painewebber, Inc., 211 F.R.D. at 249. Under Rule 45(e), the Court has power to impose contempt simply on the basis of failure to comply with a subpoena. Painewebber, Inc., 211 F.R.D. at 249.

The Court in Painewebber, Inc. discussed the application of Rule 45(e) where the non-parties not only failed to comply with a subpoena *duces tecum* but also corresponding court order requiring them to do. Id. at 249. In doing so, the court

rejected the non-parties' arguments that their failure was excusable due to their beliefs that attorneys for third-party defendants in the action were complying with the subpoena on their behalf.  Id.  The court instead focused on the fact that the non-parties were aware of the request for production of documents and simply failed to make the documents available.  All excuses aside, the court held that "where a party fails to object to a subpoena and also fails to comply, "'it may be held in contempt pursuant to Rule 45, and sanctions may therefore be imposed.'"  Id. (quoting Application of Sumar, 123 F.R.D. 467, 473 (S.D.N.Y 1988)).  See also Bender v. Del Valle, 2007 WL 1686322, *2 (S.D.N.Y. 2007) (holding that violation of a court order is generally required to justify the imposition of sanctions on a non-party)).  Cruz v. Meachum, 159 F.R.D. 366, 368 (D.Conn. 1994) (holding that "[b]efore sanctions can be imposed under [Rule 45(e)], there must be a court order compelling discovery").

In the present case, not only have the Non-Parties failed to comply with Plaintiffs' properly issued subpoena for over two years, but they have also violated the Court's Order requiring compliance with the subpoena by February 1, 2007.  For two years after issuance of the May 5, 2005 subpoena, the Non-Parties refused to comply with the subpoena by arguing that it created an undue burden under Federal Rule of Civil Procedure 45.  However, the Non-Parties would not have experienced any burden by simply requesting that the U.S. Attorney's Office return the documents.  Instead, the Non-Parties waited until this Court's Order compelled them to produce the documents to request the documents returned from the U.S. Attorney's Office, resulting in an additional six month delay in production.

Now, two years after the subpoena was issued and six months after this Court's Order compelled the Non-Parties to produce the documents, the Non-Parties seek to further delay the production of the responsive documents to allow them the opportunity to review the contents of the forty-one boxes and to allow Defense counsel to review the documents prior to their production. For the last six months, the Non-Parties have represented that the documents in the possession of the U.S. Attorney's Office were the only documents responsive to Plaintiffs' subpoena. However, now that the documents have been returned, the Non-Parties request additional time to review the documents to determine whether they are responsive to the subpoena. Any review of the documents at this stage is superfluous and will result in unnecessary delay, as Non-Parties have continuously represented that all responsive documents are contained in the forty-one boxes returned by the U.S. Attorney's Office. To the extent that the Non-Parties claim that the boxes contain unrelated products and/or work performed by the Non-Parties, there is a protective order in place that would address any concern of the Non-Parties. Moreover, any concern with respect to unrelated products and/or work performed by the Non-Parties is clearly outweighed by the prejudice to Plaintiffs' caused by the Non-Parties' complete refusal to comply with the subpoena and this Court's Order.

The Non-Parties seek to further delay production to allow Defense counsel to review the documents prior to production. Plaintiffs' counsel is unable to locate any authority in support of the Non-Parties' assertion that Defense counsel has a right to review the documents prior to production. In fact, a principal reason for non-party requests is to allow parties to access documents that would be otherwise undiscoverable. Moreover, such requests are commonly used to confirm that documents produced by

opposing parties are complete and unaltered. This protects the integrity of the discovery process. In the present case, permitting Defendant to review the Non-Party documents prior to production to Plaintiffs suggests that Defendant has some control over which documents will be produced. This is an abuse of the discovery process and is patently unfair.

To the extent that the Non-Parties are now suggesting that the documents might be available for inspection on a rolling basis, their offer continues to ignore this Court's Order. The Non-Parties have had over two years to collect the requested documents. This Court ordered full compliance with the Subpoena by February 1, 2007. The Order does not contemplate production on a rolling basis, yet the Non-Parties continue to flaunt this Court's Order and delay production. Plaintiffs are entitled to immediate access to all of the documents.

### III.  CONCLUSION

Plaintiffs, by counsel, respectfully request an Order to Show Cause why Sudler & Hennessey and Cline Davis & Mann, Inc., should not be sanctioned for their refusal to comply with a documents only subpoena properly issued over two years ago on May 10, 2005 and subsequent violation of this Court's December 20, 2006 Order requiring Non-Parties to fully comply with the subpoena no later than February 1, 2007. In addition, Plaintiffs respectfully request that that Court Order the Non-Parties to comply with its December 20, 2006 Order by producing all documents responsive to the Subpoenas by a date certain determined by the Court.

Dated: June 29, 2007

Respectfully Submitted,

By: */s/ Thomas Greene*
Thomas Greene, Esquire
Michael A. Tabb, Esquire
GREENE & HOFFMAN
125 Summer Street
Boston, MA 02110

By: */s/ Thomas M. Sobol*
Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142

By: */s/ Barry Himmelstein*
Barry Himmelstein, Esquire
LIEFF CABRASER HEIMANN & BERNSTEIN
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By: */s/ Don Barrett*
Don Barrett, Esquire
BARRETT LAW OFFICE
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By: */s/ Daniel Becnel, Jr.*
Daniel Becnel, Jr., Esquire
LAW OFFICES OF DANIEL BECNEL, JR.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By: */s/ James Dugan*
James R. Dugan, II, Esquire
DUGAN & BROWNE, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

***Members of the Class Plaintiffs'***
***Steering Committee***

By: */s/ Richard Cohen*
Richard Cohen, Esquire
LOWEY DANNENBERG BEMPORAD
& SELINGER, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY 10601

By: */s/ Linda P. Nussbaum*
Linda P. Nussbaum, Esquire
COHEN MILSTEIN HAUSFELD & TOLL
150 East 52nd Street
Thirteenth Floor
New York, NY 10022

*Members of the Plaintiffs' Non-Class Steering Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 29, 2007.

/s/ Richard Shevitz