# EXHIBIT E

# COHEN & MALAD, LLP
## ATTORNEYS

Louis F. Cohen (1936-1992)
Richard M. Malad
Irwin B. Levin
Richard N. Bell
David J. Cutshaw
Gregory L. Laker
Thomas L. Blackburn
Richard E. Shevitz
Donald D. Levenhagen
Arend J. Abel
Shokrina Radpour Beering
Brian K. Zoeller*

*Certified Family Law
Specialist

Michael C. Adley
Laura C. Jeffs
Scott D. Gilchrist
Eric S. Pavlack
Jeff S. Gibson
Elizabeth J. Doepken
Julie Andrews
Philip D. Sever**
Katherine A. Harmon

**also admitted in Ohio

July 18, 2005

Scott L. Walker
Davis & Gilbert LLP
1740 Broadway
New York, New York 10019

*In re: Neurontin Marketing and Sales Practice Litigation*
*MDL Docket No. 04-MDL-1629*

Dear Mr. Walker:

I am writing with respect to the subpoenas I issued to your clients Sudler & Hennessy, Cline Davis & Mann, and CommonHealth in the aforementioned litigation. On June 15, 2005, you provided your clients' responses to the subpoenas. In the response, you arbitrarily limited the time parameters of the subpoena. While the subpoena I sent your clients requested documents from 1994 through the present, you only agreed to produce documents through December 31, 1998.

After receiving your client's responses, we talked on the phone to further discuss the matter. It is my understanding that the limitation you have arbitrarily imposed stems from pending motions in which the Defendants in the above entitled matter are seeking an order from the Court limiting the scope of their responses up to 1998. You stated that your client could gather the documentation up to 1998. However, you stated that your concern is that if the Court orders the time frame of relevant production extend through the present, then your client would incur burdensome costs as a result of being required to retrieve documentation for a second time.

Your clients' position on document production is flawed for multiple reasons. First, a pending motion, to which you are not even a party, does not relieve your clients of their obligation to produce documents in a timely manner under the subpoena. Secondly, it is improper for you to arbitrarily limit the time parameters of the response. While you have set forth the typical objections permitted under Federal Rule of Civil Procedure 45, there is simply no legitimate basis for your client not to produce documents for the time perimeter set forth in the subpoena. Any alleged additional costs would be caused not by the Plaintiffs in this matter, but rather your clients' failure to fully comply with the Subpoena. Finally, at least two of your clients, Sudler & Hennessy

*July 18, 2005*
*Page Two*

and Cline Davis & Mann, previously produced documentation, which is responsive to the subpoena, to the United States Attorney's Office. There would be no burden to your client in providing these documents, as they have already been retrieved and produced.

Please contact me within seven (7) days to further discuss this matter. If I do not hear from you, I will have no choice but to seek court intervention.

Thank you for your attention to this matter.

Very truly yours,

COHEN & MALAD, LLP

Jeff S. Gibson