# EXHIBIT G



# COHEN & MALAD, LLP
## ATTORNEYS

Louis F. Cohen (1936-1992)
Richard M. Malad
Irwin B. Levin
Richard N. Bell
David J. Cutshaw
Gregory L. Laker
Thomas L. Blackburn
Richard E. Shevitz
Donald D. Levenhagen
Arend J. Abel
Shokrina Radpour Beering
Brian K. Zoeller*

*Certified Family Law Specialist

Michael C. Adley
Laura C. Jeffs
Scott D. Gilchrist
Eric S. Pavlack
Jeff S. Gibson
Elizabeth J. Doepken
Julie Andrews
Philip D. Sever**
Katherine A. Harmon

**also admitted in Ohio

September 6, 2005

Scott L. Walker
Davis & Gilbert LLP
1740 Broadway
New York, New York 10019

   *In re: Neurontin Marketing and Sales Practice Litigation*
   *MDL Docket No. 04-MDL-1629*

Dear Mr. Walker:

   I am writing with respect to the subpoenas I issued to your clients Sudler & Hennessy, Cline Davis & Mann, and CommonHealth in the aforementioned litigation. On June 15, 2005, you provided your clients' responses to the subpoenas. In the response, you arbitrarily limited the time parameters of the subpoena. While the subpoena I sent your clients requested documents from 1994 through the present, you only agreed to produce documents through December 31, 1998.

   On July 18, 2005, I sent you correspondence explaining how your client's position on the document production is inherently flawed. Mr. Paul Corcoran of your office responded by again stating that the concern is that if the Court orders the time frame of relevant production extend through the present, then your client would incur burdensome costs as a result of being required to retrieve documentation for a second time. Mr. Corcoran requested that the document production be delayed until this issue was resolved.

   Your position suffers from one monumental flaw. The supposed burden you are claiming is self-imposed and not the result of the subpoena. Nowhere do you claim that merely producing all documents from the 1998 – 2004 period is in and of itself unduly burdensome. Rather, you claim that the burden would result from having to produce documents twice — the first production being a narrow subset of the documents from the 1994 – 1998 period (the period of relevance claimed by Pfizer and now apparently adopted by you after discussing the matter with counsel for Pfizer), and the second production being whatever post-1998 documents would have to be produced to supplement production up to the discovery endpoint established by the Magistrate Judge.

September 6, 2005
Page Two

    Of course, this dilemma could be avoided if you simply complied with the subpoena and produced all documents as specified, i.e. from 1998 – 2004.

    If it is your position producing documents from the 1998 – 2004 period is somehow unduly burdensome, the proper remedy is to seek a court order either quashing the subpoena. I would point out, however, that your client bears the burden of demonstrating the undue burden of producing post-1998 documents; claims of burden that are unsupported and based upon idle speculation of how a Magistrate Judge may rule are insufficient to meet this burden. Lacking any demonstration that complying with the subpoena is unduly burdensome, and lacking any motion to quash the subpoena or for a protective order on file, we cannot countenance any further delay.

    Accordingly, we respectfully ask that you produce all documents from the time period requested (1998 – 2004) immediately. If you do not produce these documents as requested, we will have no choice but to seek attorney's fees and costs for the unnecessary time spent in trying to obtain these documents.

    Thank you for your attention to this matter.

                         Very truly yours,

                         COHEN & MALAD, LLP

                         Jeff S. Gibson