# EXHIBIT I

**DAVIS & GILBERT LLP**
1740 BROADWAY
NEW YORK, NEW YORK 10019
(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4825
EMAIL ADDRESS
pcorcoran@dglaw.com

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
212-974-7037

September 12, 2006

**BY FACSIMILE AND REGULAR MAIL**

Jeff S. Gibson, Esq.
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Fax. 317-636-6481

Re: Subpoenas issued to Cline Davis & Mann, Inc., Sudler & Hennessy, LLC, and CommonHealth in connection with *In re Neurontin Marketing & Sales Practices Litigation*, MDL Docket No. 04-MDL-1629, Master File No. 04-10981 (D. Mass)

Dear Mr. Gibson:

We received today your September 7, 2006 letter regarding the above-referenced subpoenas issued by you to our clients Cline Davis & Mann, Inc. ("Cline"), Sudler & Hennessy, LLC ("S&H"), and CommonHealth, (the "Subpoenas").

As we have indicated repeatedly, it is our desire simply to avoid having our clients—none of whom are currently parties to the MDL proceeding—incur unnecessary costs in segregating out and producing documents during specific date ranges if it is ultimately determined that such a production is inappropriate.

Although we are aware that the Magistrate Judge decided that a 2001 cut-off for discovery was appropriate, we are also aware that your clients objected to that decision. We understand that by order dated September 11, 2006 the District Court Judge refused those objections but gave your clients an opportunity to replead the complaint to make particularized allegations regarding events after the date cut-off.

If you represent to us that your clients do not intend to replead their complaint to add particularized allegations beyond the 2001 date cut-off, then we will gladly begin the process of culling our clients' documents in order to produce materials that fall within the ordered date range. However, we will not produce those documents by your arbitrary and unreasonable September 21, 2006 deadline. We will need until at least the end of October, if not longer, to complete our review and production.

DAVIS & GILBERT LLP

Jeff S. Gibson, Esq.
September 12, 2006
Page 2

   But if your clients do, in fact, intend to replead the complaint to allege facts after the Court's 2001 cut-off, then our clients will not produce documents until after those allegations have been made and the Court has set a revised date range for discovery.

   We look forward to hearing from you further on this matter. Please do not hesitate to contact me with any questions.

                Very truly yours,

                Scott L. Walker

cc: Paul F. Corcoran, Esq.
   Marc J. Rachman, Esq.