# EXHIBIT K

**DAVIS & GILBERT LLP**
1740 BROADWAY
NEW YORK, NEW YORK 10019
(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4825
EMAIL ADDRESS
pcorcoran@dglaw.com

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
(212) 974-7037

January 5, 2007

**VIA FACSIMILE & OVERNIGHT MAIL**

Chambers of the Honorable Patti Saris
United States District Judge
United States District Court
For the District of Massachusetts
One Courthouse Way
Boston, MA 02210

      Re:    *In Re: Neurontin Marketing And Sales Practices Litigation*, MDL Docket No. 1629, Master Docket No. 04-10981 (D. Mass) (PBS) (LTS)

Dear Judge Saris:

      We represent seven non-parties with regard to documents-only subpoenas issued by Plaintiffs in the above-referenced matter (the "Subpoenas"): Cline Davis & Mann, Inc., Sudler & Hennessy, LLC, CommonHealth, Fallon Medica, Adelphi, Inc., The Impact Group, and Current Medical Directions, Inc. (collectively, the "Non-Parties"). Five of the Subpoenas issued from the United States District Court for the Southern District of New York and the other two issued from the United States District Court for the District of New Jersey (the "Issuing Districts").

      We respectfully submit this letter to register our timely objections to Discovery Order No. 7 issued on December 20, 2006 by Magistrate Judge Sorokin in the above-referenced matter (the "Order") to the extent that the Order purports to order the Non-Parties to complete production of documents responsive to the Subpoenas by February 1, 2007. A copy of the Order is attached hereto as Exhibit A. The Non-Parties' object to the Order on the grounds that: (1) the United States District Court for the District of Massachusetts is not an Issuing District and therefore lacks jurisdiction over the Non-Parties; and (2) the February 1, 2007 date set in the Order for production of responsive documents by the Non-Parties provides inadequate notice in light of the number of Subpoenas and the volume of documents to be gathered, reviewed and produced.

      On November 30, 2006 Plaintiffs moved —not in the Issuing Districts but in the District of Massachusetts under the caption of the MDL proceeding — to compel production by the Non-Parties of documents responsive to the Subpoenas (the "Motion"). By papers dated

DAVIS & GILBERT LLP

Hon. Patti B. Saris
January 5, 2007
Page 2


December 8, 2006, the Non-Parties opposed the Motion on the grounds, *inter alia*, that the Motion was in violation of Rule 45, and that the United States Court for the District of Massachusetts lacks personal jurisdiction over both the Non-Parties and the subject Subpoenas. A copy of the Non-Parties' brief in opposition to the Motion is attached as Exhibit B to this letter for the Court's convenience.

Rule 45 plainly requires that motions to compel related to third-party subpoenas be made to – and any resulting compulsion orders must come from – the district court that issued the subpoena. *See* Fed. R. Civ. Pr. 45(c)(2)(B) (providing for motions to and compulsion orders from "the court by which the subpoena was issued.") This is not a trivial procedural requirement, and is necessary to protect the appellate rights of non-parties in the jurisdictions in which they reside. It also has significant due process implications, as this MDL Court only has jurisdiction over out-of-state non-party subpoena recipients when sitting as a Judge of the District Courts which issued the subpoenas. In the instant case, the Non-Parties were not able to be heard properly on the Motion, as it was not brought in the Issuing Districts, and will be unable to appeal the Order, should they desire to do so, in their respective Circuit Courts. Plaintiffs' Motion to this Court under the MDL caption was clearly improper, as it was not brought in the Issuing Districts. Moreover, Magistrate Judge Sorokin, who was sitting as a Magistrate Judge of the District of Massachusetts in issuing the Order and not as a judge of the Issuing Districts, lacked authority to issue a compulsion order concerning the Subpoenas. Therefore, the Non-Parties respectfully request that the Order be withdrawn as improvidently granted insofar as it sought to compel production by the Non-Parties, who are not subject to the jurisdiction of the United States District Court for the District of Massachusetts.

Additionally, as noted above, the February 1, 2007 date for production by the Non-Parties set forth in the Order is inherently unreasonable. The discovery cut-off date has been the subject of a heated dispute between the parties for over a year and a half. During the August 1, 2005 oral argument on the parties' respective motions regarding the scope of discovery, this Court indicated that any ruling regarding the Discovery motions should guide the parties with respect to the scope of third-party discovery. In accordance with this direction from the Court, as Plaintiffs are well aware, the Non-Parties have been awaiting a final determination of the scope of discovery since the Subpoenas were issued before engaging in the time-consuming and costly process of reviewing and producing documents responsive to the seven Subpoenas. The Non-Parties have taken this position consistently in a good faith effort to avoid incurring unnecessary burden and expense from duplicative reviews and segregation of documents that shifting discovery date cut-offs would have entailed.

On December 18, 2006, just two days before the Order setting February 1, 2007 as the date for production of responsive documents by the Non-Parties, Your Honor granted Plaintiffs permission to file a Third Amended Complaint,, which pleading was filed later on December 18. This order effectively resolved the date range for discovery, thereby alleviating