# EXHIBIT L

# COHEN & MALAD, LLP
## ATTORNEYS

Louis F. Cohen (1936-1992)
Richard M. Malad
Irwin B. Levin
Richard N. Bell
David J. Cutshaw
Gregory L. Laker
Richard E. Shevitz
Shokrina Radpour Beering
Donald D. Levenhagen
Arend J. Abel
Brian K. Zoeller*

*Certified Family Law Specialist

Michael C. Adley
Scott D. Gilchrist
Eric S. Pavlack
Jeff S. Gibson
Elizabeth J. Doepken
Julie Andrews
Katherine A. Harmon
Kelley J. Johnson
Amanda L. Yonally
Vess A. Miller
Jere A. Rosebrock
Gabriel A. Hawkins

June 13, 2007

Cheryl Plambeck
Davis & Gilbert LLP
1740 Broadway
New York, New York 10019

*In re: Neurontin Marketing and Sales Practice Litigation*
*MDL Docket No. 04-MDL-1629*

Dear Ms. Plambeck:

This letter will confirm our conversation this morning regarding the document production of your clients Cline Davis & Mann and Sudler & Hennessey ("Medical Marketing Firms"). You stated that forty-one (41) boxes of the Medical Marketing Firms' documents were returned from the US Attorney's office to you this week. You stated that you are going to review the documents and determine the full scope of the documents by this Friday, June 15, 2007. I asked if I could have a date certain by which we could review the documents to which you responded that you could not provide such a date. Moreover, you stated that your clients have a "duty to Pfizer" prior to production.

Plaintiffs originally served a subpoena on the non-parties in May of 2005. For the next two years, your office refused to produce the responsive documents out of a concern that if the Court ordered the time frame of relevant production to be extended, your client would incur burdensome costs as a result of being required to retrieve documentation for a second time. Plaintiffs explained the inherent flaw with this self-imposed burden in multiple correspondences. However, your office refused to comply with the subpoena.

On November 21, 2006, I communicated with Scott Walker of your office regarding the discovery limitation issue in light of Plaintiffs' Third Amended Complaint. Mr. Walker stated the result of Motion for Leave File a Third Amended Complaint would not resolve the dispute because the Defendants could contest the new date of production set forth in the Third Amended Complaint. As a result of your continued refusal to comply with the subpoena, Plaintiffs filed a Motion to Compel, which the Court granted and ordered production of the documents by January 16, 2007.

Following the Court's Order, you disclosed to me that the Medical Marketing Firms were not in possession of the documents as the documents had been turned over to the US Attorney's Office pursuant to a prior investigation. For the next five months, Plaintiffs were forced to wait for the US Attorney's Office to return the documents. While the most recent delay in production was not directly in the control of the medical marketing firms, the fact that your office waited two years to even request the documents back from the US Attorney's Office has directly caused the delay.

Finally, your statement that your clients have a "duty to Pfizer" is both troubling and perplexing. The duty to which you refer is not clear. In light of the protective order in this matter, there is no valid concern with respect to confidentiality. There is also no claim of attorney-client privilege as any such privilege was destroyed when the documents were given to a third party. In sum, there is no reason why Plaintiffs cannot have immediate access to the documents.

Plaintiffs demand that the Medical Marketing Firms immediately provide access to the 41 boxes of the responsive documents in your possession. If you do not comply by Monday, June 18, 2007, Plaintiffs will file a second Motion to Compel with the Court and seek all appropriate relief.

If you have any questions, please feel free to contact me.

Thank you for your attention to this matter.

Very truly yours,

COHEN & MALAD, LLP

Jeff S. Gibson