# EXHIBIT M

**DAVIS & GILBERT LLP**

1740 BROADWAY

NEW YORK, NEW YORK 10019

(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4985
EMAIL ADDRESS
CPLAMBECK@DGLAW.COM

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
(212) 621-0924

June 15, 2007

**BY FACSIMILE**

Jeff S. Gibson, Esq.
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204

      Re:    *In Re: Neurontin Marketing And Sales Practices Litigation*, MDL Docket No. 1629, Master Docket No. 04-10981 (D. Mass) (PBS) (LTS)

Dear Jeff:

      As you know, we represent Sudler & Hennessey ("Sudler") and Cline Davis & Mann, Inc. ("CDM") (collectively, the "Non-Parties") with regard to the documents-only subpoenas (the "Subpoenas") issued by Plaintiffs in the above-referenced matter (the "Litigation").

      We are in receipt of your letter dated June 13, 2007. We take issue with your self-serving mischaracterization of and omissions from the procedural history concerning the Subpoenas. We also note that the conduct of Plaintiffs' counsel to date – including this latest threat of unnecessary motion practice - is inconsistent with Rule 45, which requires that Plaintiffs' counsel take reasonable steps to avoid imposing undue burden or expense on the Non-Parties.

      We will now clarify the current state of affairs concerning the potentially responsive documents that were returned to our offices by the U.S. Attorney's Office ("USAO") on Monday and Tuesday of this week:

      *First*, as I informed you in our telephone call on Wednesday, June 12, we are in the process of reviewing 41 boxes (including a large number of transfile boxes) of documents to determine what the boxes contain, to whom the original documents belong, and whether the documents are responsive to the requests in the Subpoenas. Our review to this point has confirmed that we have documents belonging to each of the Non-Parties as well and that the

J. Gibson, Esq.             DAVIS & GILBERT LLP
June 15, 2007
Page 2

boxes contain documents concerning unrelated products and/or work performed by the Non-Parties. Also, some of the documents sent by the USAO do not belong to either of the Non-Parties and appear to have been sent in error. I also told you on Wednesday that we hoped to have finished this broad, initial review of the boxes by the end of this week. However, contrary to your letter, I did not tell you that we would have completed this review by Friday. It now appears that this review will take at least another week due to the volume of the documents.

Second, contrary to your suggestion, this burden of reviewing the documents before production is not "self-imposed". We are certain that neither Plaintiffs nor Pfizer produced documents in this action before they were reviewed by their respective attorneys, and your suggestion that the Non-Parties do so is patently unreasonable.

Third, it should neither trouble nor perplex you that agencies such as the Non-Parties may have certain duties to their clients. It is, however, troubling to the Non-Parties that you have not copied Pfizer's counsel on your correspondence – particularly in light of the fact that Pfizer has already produced responsive documents concerning the work performed by third party vendors such as the Non-Parties. We request that you do so in the future. The Non-Parties intend to fulfill any contractual duties they may have to Pfizer. As is our practice in circumstances such as these, we have advised Pfizer that we have received potentially responsive documents and have asked Pfizer's counsel whether they intend to review the documents prior to their production. We are awaiting a response to our inquiry.

Fourth, your accusation that the "delay" in the return of the documents was caused by our office is spurious. The USAO delayed the return of the documents for months. Obviously, we have no control over the USAO. Furthermore, in light of your failure to make any attempt to contact the USAO or make any other effort to expedite the return of the Non-Parties' documents, it is disingenuous for you to suggest that our office is directly responsible for the delay. I gave you the contact information for Sara Bloom, Esq. of the USAO, on the understanding that you intended to try to persuade the USAO expedite the return of the Non-Parties' documents. Based upon our telephone conversation yesterday and the tone of your June 13 letter, it is clear that you never did so.

We will advise you and Pfizer's counsel by letter next week of the results of our review. Assuming the documents are ready for production then, you will need to determine whether you wish to come to New York to view the documents or purchase copies of them.

Very truly yours,

Cheryl Plambeck

cc:    Paul Corcoran, Esq.
        Reid Skibell, Esq.