UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                         )
IN RE NEURONTIN MARKETING,          )       MDL Docket No. 1629
SALES PRACTICES AND                      )
PRODUCTS LIABILITY LITIGATION       )       Master File No. 04-10981
_____)
                                                         )       Judge Patti B. Saris
THIS DOCUMENT RELATES TO:           )
                                                         )       Magistrate Judge Leo T. Sorokin
ALL ACTIONS                                     )
_____)


SALES AND MARKETING PLAINTIFFS' MOTION FOR EXTENSION OF FACT
DISCOVERY DEADLINE AND FOR LEAVE TO TAKE ADDITIONAL WRITTEN
AND DEPOSITION FACT DISCOVERY


    The current Case Management Order in the above-referenced matter contemplates that

fact discovery will close on July 14, 2007. See Case Management Order No. 5 (Docket No. 736).

As Sales and Marketing Plaintiffs (hereinafter "Plaintiffs") have made the Court aware on a

number of occasions - in the context of both regularly scheduled monthly conferences with

Magistrate Sorokin[1] as well as in front of Judge Saris in the context of the recent argument on

class certification[2], Plaintiffs have a need for additional time to complete the depositions

currently scheduled under the terms of Case Management Order No. 5 ("CMO 5") as amended

by Discovery Order No. 11 (Docket No. 735), complete document discovery on Defendants and

relevant third parties, as well as schedule and take the depositions of relevant third parties.

Plaintiffs also seek 8-10 additional depositions of Defendants' current and former employees in

addition to the thirty already allowed by the Court in CMO 5.

_____
[1] See transcript of June 12, 2004 Hearing (not available as of July 2, 2007)
[2] See May 4, 2007 Hearing Transcript at 67:25 – 68:11.

Plaintiffs have been diligent and have attempted to use the time allotted under the current case schedule efficiently to complete the review of documents produced by Defendants, follow up on document requests to ensure Defendants have produced all responsive documents and complete the depositions of all relevant current and former employees of Defendants and of important third parties.  However, a number of factors necessitates the instant request that the Court extend the fact discovery deadline in this case by four (4) months, until November 15, 2007.  These are 1) the timing and volume of Defendants' document production; 2) the number of fact depositions that need to be completed to properly create a record in this case; 3) the fact that Plaintiffs' document review and the already scheduled depositions of Defendants employees have yielded the need for follow up depositions of individuals not previously identified; and 4) the fact that Plaintiffs have not yet received the lion's share of third-party documents.  Under Plaintiffs' request, all of the remaining dates in the current schedule would be extended four months as well.

Plaintiffs have conferred at length with Defendants, the Products Liability and Coordinated Plaintiffs.  Defendants would not oppose an extension of the July 15, 2007 deadline for two and one-half months, until September 30, 2007 and to a commensurate extension of the dates in the remainder of the MDL schedule.  Defendants agree that this additional time could be used to finish all of the depositions currently noticed by all parties, but do not consent to allow Plaintiffs to conduct any additional document discovery or notice any additional depositions of Defendants' current and former employees absent an order of the Court.  Defendants indicated a willingness to discuss an additional extension beyond September 30, 2007 for the limited purposes outlined above, if the Products Liability Plaintiffs would agree to a commensurate extension of the dates, including expert discovery and dispositive motions, in the two Track I

cases.  For their part, Products Liability Plaintiffs are amendable to an extension of the discovery

deadline until November 15, 2007 and an extension of all commensurate dates, for all cases,

*except* the two Track I cases.[3]   Products Liability Plaintiffs proposal would allow fact discovery

to continue for the purposes of all products liability and sales and marketing claims while the

Defendants and Products Liability Plaintiffs conducted expert discovery and dispositive motions

with respect to the two Track I cases in accordance with the schedule currently contemplated in

Discovery Order No. 7 (Docket No. 582).

PROCEDURAL HISTORY

A.    12(b)(6) Motion Practice and Defendant's Document Production

The Amended Complaint was filed by Plaintiffs on February 1, 2005.  Shortly thereafter,

on March 11, 2005 Plaintiffs propounded their first set of document and interrogatory requests

upon Defendants.  Defendants moved to dismiss on March 17, 2005.  Before producing any

significant amount of documents, Defendants moved to limit the time period through which they

would need to produce documents to the four year period between 1994 and 1998.  Almost

contemporaneously, Plaintiffs filed a motion to compel discovery by Defendants of all

documents through May 2004.  On January 31, 2006, this Court issued both its Report and

Recommendation on Defendants' Motion to Dismiss the Complaint and a stay of all discovery in

the case.  Up to that point in the litigation, other than the documents produced in the *Franklin*

litigation,[4] Defendants had produced only the custodial files of approximately five individual

employees and a handful of other documents.  Most of these documents were produced not to all

of the Plaintiffs directly, but to the Products Liability Plaintiffs who later shared those documents

---

[3] September 15, 2007 is the date by which all discovery in the Track I products liability cases must be complete
under the current schedule that applies to those cases.  *See* Discovery Order No. 4 (Docket No. 482).
[4] The Court will recall that the documents produced in *Franklin* by Defendants were limited in both geographic
scope (consisting primarily of documents from the Northeast CBU) and temporally (consisting of documents created
up to and including 1998).

with the rest of the Plaintiffs in the MDL action.  On June 12, 2006, Judge Saris affirmed in part and overruled in part this Court's Report and Recommendation and on June 19, 2006,  lifted the discovery stay.. On June 30, 2006 Plaintiffs filed the Second Amended Complaint in accordance with the Court's ruling on the Motion to Dismiss.

Despite the fact that the discovery stay had been lifted, no documents were immediately forthcoming from Defendants purportedly due to the disagreement over the date through which discovery should be produced.  On July 18, 2006 the Court ruled that discovery in the case should be limited to the time period up to, but not beyond, May 2001.  See Discovery Order No. 3 (Docket No. 393).  Plaintiffs filed a timely objection to this Court's decision limiting Defendants' obligation to produce documents that relate to the "Pfizer era" – the time after 2001 when Pfizer had taken over Warner Lambert / Parke Davis.  Plaintiffs claim that the off-label marketing of which they complain continued during this time period.  Defendants did not produce documents responsive to Plaintiffs' requests while the issue of the date through which discovery should be produced was still pending.

On September 29, 2006 Judge Saris denied Plaintiffs' objections to the discovery time limitation but granted Plaintiffs leave to amend their complaint in order to allege sufficient off label marketing during the 2001 – 2004 time period to justify such additional discovery.  On November 2, 2006 Plaintiffs filed their Third Amended Complaint alleging in detail the continued fraudulent off-label marketing of Neurontin by Defendants during the Pfizer era.  On December 18, 2006 Judge Saris allowed the Third Amended Complaint and ruled that discovery be produced covering the time period up to May, 2004.

As is illustrated in the charts attached hereto as Exhibit A, despite the fact that Defendants had just short of two years from the filing of the Amended Complaint in which to

gather and produce documents, the bulk of Defendants' document production did not start until January 2007.   In addition, despite an agreement by the parties embodied in Discovery Order No. 7 that Defendants would complete the production of documents they deemed responsive by April 16, 2007[5], Defendants continued to produce documents as late as June 22, 2007.[6]  See e.g. letters dated April 30, 2007, June 7, 2007 and June 22, 2007 enclosing various documents including custodial files of more than 80 employees attached hereto as <u>Exhibit B</u>.

     B.    <u>Third Party Document Production</u>

Understanding that discovery obtained from third party vendors who Plaintiffs' allege were an integral part of the marketing scheme of Defendants and who comprise part of the enterprises alleged by Plaintiffs pursuant to RICO would be crucial to proof in its case, Plaintiffs issued subpoenas to major third party vendors such as Cline Davis & Mann and Sudler & Hennessey in May 2005.  Plaintiffs also subpoenaed  other important third party vendors such as Medical Action Communications, Fallon Medica and Vox Medica in September 2006.  Other than documents received from Vox Medica in November 2006, most third party vendors have still not produced any documents to Plaintiffs whatsoever.  On Plaintiffs' urging, pursuant to CMO 7 issued in December 2006, the Court ordered that all third-party documents be produced by February 1, 2007.  That date came and went without document production from most third parties.  In the interim, Plaintiffs attempted, unsuccessfully, to obtain these vital documents from the third parties absent judicial intervention. On Friday, June 29, 2007 Plaintiffs filed Plaintiffs' Memorandum in Support of Motion for Order to Show Cause Why Sudler & Hennessey and Cline Davis & Mann should not be sanctioned for their failure to comply with this Court's December 20, 2006 Order (the "Third Party Motion") (Docket No. 774).  That motion, seeks

---

[5] This date was later modified  to April 30, 2007 at the Defendants' request.
[6] As depicted in the chart entitled "Pfizer Productions – Pages per Month" attached in <u>Exhibit A</u>, Defendants produced more than 50% of the total volume of documents produced in the month of February 2007.

*inter alia*, an order for the immediate production of all documents responsive to Plaintiffs' non-party subpoenas.   The procedural history related to the lack of production from these two important third parties is detailed in the memorandum in support of the Third-Party Motion (Docket No. 774) and will not be repeated here.

       C.    <u>Case Schedule</u>

Case Management Order No. 2 entered in February 2005 contemplated that fact discovery would continue from March 1, 2005 through October 1, 2005 or a total of seven months.  After the motions to dismiss the Complaint was denied and the stay of discovery outlined above was lifted, the case schedule was modified by the schedule set forth in the Sales and Marketing Scheduling Order dated August 17, 2006. (Docket No. 446).  That order contemplated that fact discovery would commence at the end of Class Discovery on November 15, 2006 and end on August 15, 2007.  Under that schedule Plaintiffs had a total of nine months to complete all written and deposition fact discovery.  In Discovery Order No. 6 dated November 30, 2006 (Docket No. 550) the Court amended the then current case schedule and ordered that fact discovery would end on June 30, 2007 for both the sales and marketing claims and the products liability claims.  This was done in order "to facilitate the coordination of the discovery between both the New York state actions and the actions in this Court. . . ."  In Discovery Order No. 6 the Court invited the parties to propose subsidiary dates for the completion of certain items of fact discovery within the timeframe already adopted by the Court.  The parties entered a stipulated schedule on December 8, 2006 (Docket No. 576) which was adopted, with some modification, by the Court in Discovery Order No. 7 (Docket No. 582).  Under that schedule Defendants were to produce all responsive documents as of April 16, 2007 and depositions were to commence on May 1, 2007 and be completed by June 29, 2007.  All fact discovery was to be

completed by June 29, 2007.  On the eve of April 16, 2007, Defendants obtained an extension to

complete their document production to April 30, 2007.  As a result, the Court modified the

deposition period and ruled that depositions should take place between May 29, 2007 and July

13, 2007.  (Discovery Order No. 11)  Defendants have also produced additional piecemeal

documents between April 30, 2007 and mid-June 2007-some of which pertained to witnesses

who have already been deposed.

       D.     <u>Depositions</u>

      Pursuant to Case Management Order No. 5, Section II.B., all plaintiffs including Sales

and Marketing Plaintiffs, Coordinated Plaintiffs and Products Liability Plaintiffs were allowed

30 non-case specific depositions of Defendants' current and former employees.  As noted above,

depositions were to commence on May 29, 2007 and were to be completed by July 13, 2007.

The chart attached hereto as <u>Exhibit C</u> depicts the name of each current or former employee of

Defendants noticed by the Plaintiffs and the date of the completed or proposed deposition.  The

chart also depicts non-case specific depositions noticed by Defendants related to either Plaintiffs

or Coordinated Plaintiffs and the case-specific depositions noticed related to products liability

claims.  As the Court can clearly see from the schedule, there were more then 80 depositions

noticed in the six week period allotted by Discovery Order No. 11.  To date approximately 34

depositions have been completed and many more are scheduled either before July 13, 2007 or

with the consent of the parties, after that date.  Many of the noticed depositions are scheduled in

the final week of the period currently allowed for depositions.  It should be noted that because

significant document production from important third parties is either just now beginning or has

yet to begin, Plaintiffs have not yet noticed any depositions related to third parties such as Cline

Davis & Mann or Sudler & Hennessey. Plaintiffs anticipate that they will need a reasonable

amount of time to receive the documents in question and review them prior to noticing any third party depositions.

I.    ARGUMENT

    A.    <u>Additional Time for Currently Noticed Depositions</u>

More time is clearly needed in which to complete the depositions currently noticed. Despite the parties' best efforts, and even conducting two, and at times, three or more depositions on any given day it is simply not possible to complete the currently noticed depositions in the period of time allowed under the current schedule. The disagreement among the parties as to this part of Plaintiffs' motion is a matter of how much additional time is needed. Defendants would not oppose an extension, for purposes of conducting the currently noticed depositions only, until September 30, 2007. In addition, Defendants would not oppose Plaintiffs' request for an extension to November 15, 2007 if Products Liability Plaintiffs were to agree to a commensurate rescheduling of all relevant dates related to the Products Liability Track I cases, including dates for expert discovery and dispositive motions – essentially agreeing to put off trial of the Track I cases, something the Products Liability Plaintiffs steadfastly refuse to consent to. Products Liability Plaintiffs would agree to an extension of all dates for the four months requested by Plaintiffs for all cases *except* the Track I cases. Products Liability Plaintiffs will state their position in a separate pleading but, as the Sales and Marketing Plaintiffs understand it, Products Liability Plaintiffs propose that the individual Track I cases proceed to expert discovery and dispositive motions while fact discovery on all remaining claims continues- something that happens regularly in mass tort cases.

B.    Additional Time To Complete Document Discovery and Depositions

Given the timeliness of Defendants' document production in this case and the lack of production (meaningful or otherwise) from many important third parties to date, Plaintiffs need at least an additional four months in the case schedule to 1) review and follow up on document discovery from Defendants to ensure complete production of all relevant documents; 2) receive, review and follow up on documents produced by third parties to ensure complete production of all relevant third party documents; 3) notice and take the depositions of important third parties which can only occur after Plaintiffs receive and review the responsive documents that the third parties produce; and 4) follow up with additional, necessary and critical depositions of both third parties and Defendants' current and former employees (in addition to those currently noticed) based upon information obtained during the course of depositions taken thus far and in third party documents yet to be produced.

Importantly, Plaintiffs have been exceedingly diligent in seeking documents from Defendants and third parties in this action and have invested significant time and resources in reviewing the over 3 million pages produced by Defendants to date.  Plaintiffs have had teams of attorneys in more than one state reviewing and coding the documents produced in the case. However, despite their best efforts, the fact that Defendants produced a significant number of documents just prior to the April 30, 2007 deadline, and produced a fair number of documents subsequent to that date, means Plaintiffs still cannot be sure that they have received all relevant requested documents from Defendants.  Moreover, Plaintiffs still have not had sufficient time to review all of the documents that Defendants produced to date, particularly those produced in June 2007.

Plaintiffs do not seek leave at this time to propound additional written document discovery, they do however need additional time to confer with Defendants over the completeness of Defendants' response to requests already propounded and, if necessary, to move to compel documents not yet produced. Similarly, because third party documents are only now being produced by some, and will be produced in response to Plaintiffs recently filed motion, Plaintiffs need additional time to digest these documents, follow up to ensure a complete production, and schedule depositions of these important third parties.

Finally Plaintiffs anticipate that they will need *at least* an additional eight to ten depositions of Defendants current and former employees beyond the thirty depositions allowed by CMO No. 5. The allegations in this case span a period of ten years and encompass two very large companies. Despite Plaintiffs' best efforts to anticipate based on its document review up to May 1, 2007, which current and former employees would have the most relevant information, Plaintiffs' anticipate that review of the remainder of Plaintiffs' documents, the review of third-party documents to be produced and information obtained through the currently scheduled depositions will yield the identities of additional former or current employees with information important to Plaintiffs' claims. Once Plaintiffs identify precisely the names and positions of the additional witnesses that need to be deposed, Plaintiffs plan to meet and confer with Defendants to see if Defendants will produce those witnesses voluntarily absent a court order. If those meet and confer sessions prove unsuccessful, Plaintiffs will move this Court to order that specific witnesses be produced. For the time being, however, Plaintiffs respectfully request that the Court authorize Plaintiffs to conduct depositions of at least an additional eight to ten current and former Pfizer employees.

II.     CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the deadline for fact discovery be extended from July 15, 2007 until November 15, 2007 and that all related MDL case management dates be extended a commensurate four (4) months.

Dated: July 3, 2007                          By:     **/s/ Thomas M. Sobol**
                                                     Thomas M. Sobol
                                                     Edward Notargiacomo
                                                     Hagens Berman Sobol Shapiro LLP
                                                     One Main Street, 4th Floor
                                                     Cambridge, MA 02142

                                                     *Plaintiffs' Liaison Counsel and Member of the*
                                                     *Class Plaintiffs' Steering Committee*

                                             By:     **/s/Barry Himmelstein**
                                                     Barry Himmelstein, Esquire
                                                     Lieff Cabraser Heimann & Bernstein
                                                     Embarcadero Center West
                                                     275 Battery Street, 30th Floor
                                                     San Francisco, CA 94111-3339

                                             By:     **/s/Don Barrett**
                                                     Don Barrett, Esquire
                                                     Barrett Law Office
                                                     404 Court Square North
                                                     P.O. Box 987
                                                     Lexington, MS 39095

                                             By:     **/s/Daniel Becnel, Jr.**
                                                     Daniel Becnel, Jr., Esquire
                                                     Law Offices of Daniel Becnel, Jr.
                                                     106 W. Seventh Street
                                                     P.O. Drawer H
                                                     Reserve, LA 70084

                                             By:     **/s/James Dugan**
                                                     James R. Dugan, II, Esquire
                                                     Dugan & Browne, PLC
                                                     650 Poydras Street, Suite 2150
                                                     New Orleans, LA 70130

By:    **/s/Thomas Greene**
      Thomas Greene, Esquire
      Greene & Hoffman
      125 Summer Street
      Boston, MA 02110

*Members of the Class Plaintiffs'*
*Steering Committee*

By:    **/s/Richard Cohen**
      Richard Cohen, Esquire
      Lowey Dannenberg Bemporad
      & Selinger, P.C.
      The Gateway
      One North Lexington Avenue
      White Plains, NY  10601

By:    **/s/Linda Nussbaum**
      Linda Nussbaum, Esquire
      Kaplan Fox & Kilsheimer LLP
      805 Third Avenue
      New York, NY 10022

*Members of the Non-Class*
*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on July 3, 2007.

           /s/Edward Notargiacomo

# EXHIBIT A





**Pfizer Productions - Pages per Month**

# EXHIBIT B

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT
212 450 4853

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

April 30, 2007

Re:   **In re Neurontin Marketing, Sales Practices and Products Liability
      Litigation, MDL No. 1629**

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

Dear Mr. Sobol:

Pursuant to the Responses and Objections of Pfizer Inc. and Warner-Lambert Company to Class and Non-Class Plaintiffs' First Request for Production of Documents dated April 11, 2005 (the "Responses and Objections"), our discussions during our "meet and confer" sessions, and the Court's Discovery Orders, enclosed please find documents that Defendants are providing to you in connection with the above captioned matter.  A number of the enclosed CDs or documents are marked "Confidential," indicating that the CDs or designated documents contained on the CDs or the enclosed hard drive are to be treated as confidential pursuant to the Protective Order entered by the Court on January 10, 2005.

The enclosed documents are as follows:

1.   Training materials relating to Neurontin, bearing bates numbers Pfizer_MDL_0004326 – 0008083, as well as copies of media-based training materials bearing bates numbers Pfizer_Media_001 through 020.

2.   Documents bearing bates numbers Pfizer_TMartin_0000001 through 0002232.  Defendants are providing these documents in response to plaintiffs' request for replacement images of the documents bearing the same bates numbers that were produced on April 16, 2007.

3.   Documents from various custodians identified in Attachment A.

Thomas M. Sobol, Esq.                    2                    April 30, 2007

4.      Pursuant to Discovery Order No. 11, defendants are providing responsive
        documents that were contained on the backup tape referenced by the
        Court.[1]

        Defendants reserve the right to supplement their production.  Defendants
will provide updated and / or supplemental privilege logs within 30 days of this
production.

        Please contact me if you have any questions about the foregoing or the
enclosed materials.

                                        Sincerely,

                                        *Debbie MacGregor*

                                        Debbie MacGregor

cc via facsimile w/o enc:           Edward Notargiacomo, Esq.
                                    Ronald Aranoff, Esq.
                                    Kenneth Fromson, Esq.

cc via overnight courier w/ enc:    Keith Altman

Enclosures

By Overnight Courier

---

[1] Please note that the CD entitled "Intranet Site" bears the legend "Confidential,"
designating that certain documents on the CD should be treated as confidential pursuant to the
Protective Order entered by the Court on January 10, 2005.  Because defendants are producing the
entire responsive content of the website electronically, it was not possible to only designate certain
documents contained on the CD as confidential.  Defendants agree to discuss the confidential
designation of these materials prior to any use by plaintiffs.

**Attachment A**

| Bates Stamp Number(s) | Description |
|---|---|
| MDL_SM_01208 - 01612 | Pfizer manuals |
| WLC_CBU_175954 – 181673 | Documents from the Warner-Lambert era |
| Pfizer_MDL_0008084 – 0008197 | Documents from the Medical Grant Files |
| Pfizer_JKrayacich_0000001 – 0000557 | Documents from the files of John Krayacich |
| Pfizer_AFannon_0017581 - 0019002 | Documents from the files of Allison Fannon |
| Pfizer_AGarrity_0013330 - 0013360 | Documents from the files of Andrea Garrity |
| Pfizer_AMishra_0008339 - 0008802 | Documents from the files of Avanish Mishra |
| Pfizer_APande_0005072 - 0005080 | Documents from the files of Atul Pande |
| Pfizer_AVega_0001183 - 0001223 | Documents from the files of Adrian Vega |
| Pfizer_AZeuscher_0024423 - 0030031 | Documents from the files of Andrea Zeuscher |
| Pfizer_BFleischman_0000036 - 0000109 | Documents from the files of Bruce Fleischman |
| Pfizer_BParsons_0210269 - 0213839 | Documents from the files of Bruce Parsons |
| Pfizer_CBlankmeister_0000506 - 0000518 | Documents from the files of Carolyn Blankmeister |
| Pfizer_CClary_0004359 - 0005487 | Documents from the files of Cathryn Clary |
| Pfizer_CDowd_0000867 - 0000946 | Documents from the files of Chris Dowd |
| Pfizer_CGish_0000164 - 0000383 | Documents from the files of Christopher Gish |
| Pfizer_CGlover_0003229 - 0003734 | Documents from the files of Craig Glover |
| Pfizer_CGrogan_0026118 - 0028714 | Documents from the files of Christine Grogan |
| Pfizer_CPacella_0061689 - 0063031 | Documents from the files of Chris Pacella |
| Pfizer_CTaylor_0035133 - 0035827 | Documents from the files of Charles Taylor |
| Pfizer_CWohlhuter_0049063 - 0052240 | Documents from the files of Claire Woluhuter |
| Pfizer_DAmmon_0000026 - 0000699 | Documents from the files of Dale Ammon |

| | |
|---|---|
| Pfizer_DKargman_0002946 - 0003264 | Documents from the files of Douglas Kargman |
| Pfizer_DLinden_0003329 - 0004518 | Documents from the files of Dan Linden |
| Pfizer_DProbert_0029257 - 0031019 | Documents from the files of David Probert |
| Pfizer_DTaneja_0001572 - 0001801 | Documents from the files of Deepak Taneja |
| Pfizer_EDukes_0034621 - 0034621 | Documents from the files of Ellen Dukes |
| Pfizer_EGarofalo_0002087 - 0002143 | Documents from the files of Elizabeth Garofalo |
| Pfizer_ELanigan_0004201 - 0004255 | Documents from the files of Emily Lanigan |
| Pfizer_ELuczak_0066649 - 0067013 | Documents from the files of Elizabeth M Luczak |
| Pfizer_EMolina_0001671 - 0002015 | Documents from the files of Esperanza Molina |
| Pfizer_GCohen_0001572 - 0001981 | Documents from the files of Guy Cohen |
| Pfizer_GDieck_0012602 - 0012716 | Documents from the files of Gretchen Dieck |
| Pfizer_GGribko_0019777 - 0025080 | Documents from the files of Gregory Gribko |
| Pfizer_HDuda-Racki_0000830 - 0001237 | Documents from the files of Hellen Duda-Racki |
| Pfizer_JMarino_0003069 - 0004725 | Documents from the files of John Marino |
| Pfizer_JMohan_0000833 - 0000941 | Documents from the files of Jeffrey Mohan |
| Pfizer_JSchultz_0001393 - 0002244 | Documents from the files of James Schulz |
| Pfizer_JSu_0032084 - 0032172 | Documents from the files of Julia Su |
| Pfizer_JTotolis_0000115 - 0000210 | Documents from the files of Jason Totolis |
| Pfizer_KBrett_0000048 - 0003843 | Documents from the files of Kimberly Brett |
| Pfizer_KRivas_0000333 - 0000665 | Documents from the files of Kathy Rivas |
| Pfizer_KSiegler_0005000 - 0005233 | Documents from the files of Kathy Siegler |
| Pfizer_LAiyer_0004304 - 0008069 | Documents from the files of Lalitha Aiyer |
| Pfizer_LAlphs_0103840 - 0103869 | Documents from the files of Larry Alphs |

| | |
|---|---|
| Pfizer_LCastro_0086023 - 0086102 | Documents from the files of Lucy Castro |
| Pfizer_LeslieTive_0091199 - 0091548 | Documents from the files of Leslie Tive |
| Pfizer_LHemenway_0024658 - 0025755 | Documents from the files of Leigh Ann Hemenway |
| Pfizer_LKnapp_0145842 - 0160471 | Documents from the files of Lloyd Knapp |
| Pfizer_LLaMoreaux_0041643 - 0044955 | Documents from the files of Linda LaMoreaux |
| Pfizer_LTive_0052842 - 0052976 | Documents from the files of Leslie Tive |
| Pfizer_MBrown_0002232 - 0002963 | Documents from the files of Mark Brown |
| Pfizer_MClaussen_0012555 - 0012583 | Documents from the files of Michelle Claussen |
| Pfizer_MDana_0003747 - 0003815 | Documents from the files of Melissa Dana |
| Pfizer_MDong_0001185 - 0001331 | Documents from the files of Mi Dong |
| Pfizer_MEvertsz_0013995 - 0131353 | Documents from the files of Mary Ann Evertsz |
| Pfizer_MFox_0000369 - 0000521 | Documents from the files of Michael Fox |
| Pfizer_MGarcia_0006742 - 0007175 | Documents from the files of Marino Garica |
| Pfizer_MHauben_0001342 - 0002194 | Documents from the files of Manfred Hauben |
| Pfizer_MMcCauley_0001046 - 0001690 | Documents from the files of Maria McCauley |
| Pfizer_MPatel_0203826 - 0254519 | Documents from the files of Manini Patel |
| Pfizer_MPierce_0002417 - 0002417 | Documents from the files of Mark Pierce |
| Pfizer_MRomano_0000001 - 0000256 | Documents from the files of Michael Romano |
| Pfizer_MYoder_0002326 - 0002778 | Documents from the files of Meg Yoder |
| Pfizer_NMancini_0026835 - 0026991 | Documents from the files of Nancy Mancini |
| Pfizer_RGlanzman_0162040 - 0167203 | Documents from the files of Robert Glanzman |
| Pfizer_SCarrington_0012053 - 0012121 | Documents from the files of Suzan Carrington |
| Pfizer_SCristo_0002434 - 0002559 | Documents from the files of Stephen Cristo |

3

| Pfizer_SDoft_0063599 - 0069974 | Documents from the files of Suzanne Doft |
|---|---|
| Pfizer_SPiron_0036695 - 0041462 | Documents from the files of Steve Piron |
| Pfizer_TGeorge_0002060 - 0002542 | Documents from the files of Tim George |
| Pfizer_THO_0189443 - 0189828 | Documents from the files of Tina Ho |
| Pfizer_THylan_0003441 - 0003950 | Documents from the files of Tim Hylan |
| Pfizer_WSigmund_0001193 - 0001219 | Documents from the files of William Sigmund |
| WLC_JTurner_0004516 - 0004521 | Documents from the files of Janeth Turner |

4

# DAVIS POLK & WARDWELL

| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017 | MESSETURM<br>60308 FRANKFURT AM MAIN |
|---|---|---|
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | 212 450 4000<br>FAX 212 450 3800 | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | 212 450 4853 | 3A CHATER ROAD<br>HONG KONG |

June 7, 2007

Re:     **In re Neurontin Marketing, Sales Practices and Products Liability Litigation, MDL No. 1629**

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

Dear Mr. Sobol:

Pursuant to the Responses and Objections of Pfizer Inc. and Warner-Lambert Company to Class and Non-Class Plaintiffs' First Request for Production of Documents dated April 11, 2005 (the "Responses and Objections"), our discussions during our "meet and confer" sessions, and the Court's Discovery Orders, enclosed please find approximately 400 documents that Defendants are providing to you in connection with the above captioned matter. A number of the enclosed CDs or documents are marked "Confidential," indicating that the CDs or designated documents contained on the CDs or the enclosed hard drive are to be treated as confidential pursuant to the Protective Order entered by the Court on January 10, 2005. The documents are as follows.

| Bates Stamp Number(s) | Description |
|---|---|
| Pfizer_MBrown_0002964 -<br>Pfizer_MBrown_0002987 | Documents from the files of Mark Brown |
| Pfizer_GCohen_0001982 -<br>Pfizer_GCohen_0001983 | Documents from the files of Guy Cohen |
| Pfizer_SCristo_0002560 -<br>Pfizer_SCristo_0002563 | Documents from the files of Stephen Cristo |
| Pfizer_MEvertsz_0163588 -<br>Pfizer_MEvertsz_0163671 | Documents from the files of Mary Ann Evertsz |

Thomas M. Sobol, Esq.                    2                    June 7, 2007

| Bates Stamp Number(s) | Description |
| --- | --- |
| Pfizer_GDieck_0012717 - Pfizer_GDieck_0012855 | Documents from the files of Gretchen Dieck |
| Pfizer_SDoft_0069975 - Pfizer_SDoft_0070482 | Documents from the files of Suzanne Doft |
| Pfizer_AGarrity_0013361 - Pfizer_AGarrity_0013364 | Documents from the files of Andrea Garrity |
| Pfizer_GGribko_0025081 - Pfizer_GGribko_0025087 | Documents from the files of Gregory Gribko |
| Pfizer_RGlanzman_0167204 - Pfizer_RGlanzman_0167349 | Documents from the files of Robert Glanzman |
| Pfizer_CGrogan_0028715 - Pfizer_CGrogan_0028777 | Documents from the files of Christina Grogan |
| Pfizer_JKerrickWalker_0000439 - Pfizer_JKerrickWalker_0000452 | Documents from the files of Jill Kerrick Walker |
| Pfizer_LKnapp_0172777 - Pfizer_LKnapp_0172893 | Documents from the files of Lloyd Knapp |
| Pfizer_DLinden_0004519 - Pfizer_DLinden_0004520 | Documents from the files of Daniel Linden |
| Pfizer_ELuczak_0067014 - Pfizer_ELuczak_0067292 | Documents from the files of Elizabeth Luczak |
| Pfizer_JMarino_0004726 - Pfizer_JMarino_0004726 | Documents from the files of John Marino |
| Pfizer_MMcCauley_0001691 - Pfizer_MMcCauley_0001987 | Documents from the files of Maria McCauley |
| Pfizer_BParsons_0217497 - Pfizer_BParsons_0217662 | Documents from the files of Bruce Parsons |
| Pfizer_MPatel_0285777 - Pfizer_MPatel_0285799 | Documents from the files of Manini Patel |
| Pfizer_DProbert_0031020 - Pfizer_DProbert_0031060 | Documents from the files of David Probert |
| Pfizer_JSu_0032173 - Pfizer_JSu_0032175 | Documents from the files of Julia Su |

Thomas M. Sobol, Esq.                3                June 7, 2007

| Bates Stamp Number(s) | Description |
|---|---|
| Pfizer_CTaylor_0035828 - Pfizer_CTaylor_0035848 | Documents from the files of Charles Taylor |
| Pfizer_LeslieTive_0091549 - Pfizer_LeslieTive_0091669 | Documents from the files of Leslie Tive |
| Pfizer_CWohlhuter_0052241 - Pfizer_CWohlhuter_0052383 | Documents from the files of Claire Wohlhuter |
| Pfizer_AZeuscher_0030032 - Pfizer_AZeuscher_0030178 | Documents from the files of Andrea Zeuschner |
| WLC_CBU_182203 - WLC_CBU_182272 | Documents from the Morris Plains Office of Warner-Lambert |
| WLC_CBU_182146 - WLC_CBU_182202 | Documents from the North Central Customer Business Unit of Warner-Lambert |
| WLC_CBU_181674 - WLC_CBU_182145 | Documents from the Northeast Customer Business Unit of Warner-Lambert |

Defendants reserve the right to supplement their production. Defendants will provide updated and / or supplemental privilege logs within 30 days of this production.

Please contact me if you have any questions about the foregoing or the enclosed materials.

Sincerely,

Debbie MacGregor

Debbie MacGregor

cc via facsimile w/o enc:        Edward Notargiacomo, Esq.
                                 Ronald Aranoff, Esq.
                                 Kenneth Fromson, Esq.

cc via overnight courier w/ enc:    Keith Altman

Enclosures

By Overnight Courier

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005
—
1600 EL CAMINO REAL
MENLO PARK, CA 94025
—
99 GRESHAM STREET
LONDON EC2V 7NG
—
15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4853

MESSETURM
60308 FRANKFURT AM MAIN
—
MARQUÉS DE LA ENSENADA, 2
28004 MADRID
—
1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033
—
3A CHATER ROAD
HONG KONG

June 22, 2007

Re:     **In re Neurontin Marketing, Sales Practices and Products Liability
        Litigation, MDL No. 1629**

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

Dear Mr. Sobol:

Enclosed please find documents that defendants are producing in
connection with the above captioned matter.  The enclosed CDs are marked
"Confidential," indicating that designated documents contained on the CDs are to
be treated as confidential pursuant to the Protective Order entered by the Court on
January 10, 2005.

The CD labeled "TMF and CRF" contains documents bearing bates
numbers Pfizer_TMF_CRF_094552 through 109292.  These are documents that
plaintiffs selected for scanning during the course of their May 8, 2007 visit to
Pfizer's facility in Kalamazoo, Michigan.  Please note that, upon reviewing for
redaction purposes the materials plaintiffs selected, defendants realized that
certain documents were unrelated to Neurontin or gabapentin.  Defendants
assume that these documents were scanned due to an error in either flagging or
copying.  Because these documents are clearly non-responsive, they are not being
produced.

In addition, defendants are producing a CD labeled "Vendor Documents"
containing documents bearing bates number MDL_Vendors_120833 through
131338.  These documents are part of the so-called "40 box" collection of vendor
documents, the bulk of which were produced to plaintiffs on October 30, 2006.
At that time, the cut-off for discovery in this litigation, pursuant to Discovery
Order No. 3, was May 31, 2001.  After the Court expanded the discovery cut-
off in Discovery Order No. 7, dated December 20, 2007, defendants
supplemented their previous productions with responsive documents from the
time period May 2001 through May 2004.  The documents from the vendor
collection were inadvertently not included in this effort, and defendants now are

Thomas M. Sobol, Esq.                    2                    June 22, 2007

producing responsive documents from the vendor collection from the period after May 31, 2001.

Finally, defendants are producing a CD containing documents bearing bates numbers Pfizer_RGlanzman_0167350 through 0170283, which are additional documents from the custodial file of Robert Glanzman.

Please contact me if you have any questions about the foregoing or the enclosed materials.

Sincerely,

Debbie MacGregor

cc via facsimile w/o enc:        Edward Notargiacomo, Esq.
                                 Ronald Aranoff, Esq.
                                 Kenneth Fromson, Esq.

cc via overnight courier w/ enc:    Keith Altman

Enclosures

By Overnight Courier

# EXHIBIT C

**Table of Neurontin Depositions**
**As of July 2, 2007**

| No. | Deponent | Date | Noticed by Plaintiffs (Sales & Marketing, Coordinated and Product Liability) |
|---|---|---|---|
| 1. | **Pande** | **TBD** | Sales/Marketing |
| 2. | Dowd | **TBD** | Sales/Marketing |
| 3. | **Pacella** | **TBD** | Sales/Marketing |
| 4. | **Richter** | TBD | Coordinated Plaintiffs |
| 5. | Taylor | June 4,5 | Sales/Marketing |
| 6. | Doft | June 12,13 | Sales/Marketing |
| 7. | Fleischmann | June 13,14 | Sales/Marketing |
| 8. | Vega | June 13,14 | Sales/Marketing |
| 9. | Mishra | June 14,15 | Sales/Marketing |
| 10. | Fannon | June 19,20 | Sales/Marketing |
| 11. | Garrity | June 19,20 | Sales/Marketing |
| 12. | Yoder | June 20,21 | Sales/Marketing |
| 13. | George | June 20,21 | Sales/Marketing |
| 14. | Alphs | June 21,22 | Sales/Marketing |
| 15. | Grogan | June 25,26 | Sales/Marketing |
| 16. | Carrington | June 25,26 | Sales/Marketing |
| 17. | Su | June 28 | Sales/Marketing |
| 18. | Dukes | June 28,29 | Sales/Marketing |
| 19. | Knapp | June 28 | Product Liability |
| 20. | Marino | July 2,3 | Sales/Marketing |
| 21. | Piron | July 2 | Coordinated Plaintiffs |
| 22. | Cavic | July 3 | Coordinated Plaintiffs |
| 23. | Desimone | July 5,6 | Coordinated Plaintiffs |
| 24. | Brown | July 9,10 | Sales/Marketing |
| 25. | **Zeuscher** | July 9,10 | Sales/Marketing |
| 26. | Mancini | July 10,11 | Sales/Marketing |
| 27. | Castro | July 10,11 | Sales/Marketing |
| 28. | Kerrick-Walker | July 11,12 | Sales/Marketing |
| 29. | Tive | July 24,25 | Sales/Marketing |
| 30. | Glanzman | August 1,2 | Sales/Marketing |
| 31. | Knapp 30(b)(6) | June 26,27 | Sales/Marketing |
| 32. | Pfizer 30(b)(6) | July 2 | Sales/Marketing |
| 33. | Pfizer 30(b)(6) | July 2 | Sales/Marketing |
| 34. | Pfizer 30(b)(6) | July 2 | Sales/Marketing |
| 35. | Pharmacovigilence 30(b)(6) | July 12,13 | Product Liability |

| No. | Deponent | Date | Noticed by Defendants |
|---|---|---|---|
| 36. | Reed | May 18 | Defendants |
| 37. | Johnson | June 5 | Defendants |
| 38. | Smith | June 6 | Defendants |
| 39. | McConaughey | June 21 | Defendants |
| 40. | Penrod | June 21 | Defendants |
| 41. | Chobot-Sochet | June 22 | Defendants |

| No. | Deponent | Date | Noticed by Defendants |
|---|---|---|---|
| 42. | Turner | June 26 | Defendants |
| 43. | Lief | June 28 | Defendants |
| 44. | Brodeur | June 28 | Defendants |
| 45. | Jackson | June 28 | Defendants |
| 46. | Schied | June 28 | Defendants |
| 47. | Kramer | June 28 | Defendants |
| 48. | Millares | June 28 | Defendants |
| 49. | Sullivan | June 28 | Defendants |
| 50. | Dworkin | June 29 | Defendants |
| 51. | Wilder | June 29 | Defendants |
| 52. | Mattson | July 10 | Defendants |
| 53. | Chandler | July 10 | Defendants |
| 54. | Coco | July 10 | Defendants |
| 55. | Cook | July 10 | Defendants |
| 56. | DeFontes | July 10 | Defendants |
| 57. | Danesh | July 10 | Defendants |
| 58. | Enos | July 10 | Defendants |
| 59. | Fung | July 10 | Defendants |
| 60. | Lieblich | July 10 | Defendants |
| 61. | Moldawsky | July 10 | Defendants |
| 62. | Ziel | July 10 | Defendants |
| 63. | Gutusso | July 11 | Defendants |
| 64. | Guardian 30(b)(6) | July 13 | Defendants |
| 65. | Kaiser Health 30(b)(6) | July 13 | Defendants |
| 66. | Kaiser Hospital 30(b)(6) | July 13 | Defendants |
| 67. | Aetna 30(b)(6) | July 13 | Defendants |
| 68. | Brower | July 13 | Defendants |
| 69. | Coleman | July 13 | Defendants |
| 70. | Crosby | July 13 | Defendants |
| 71. | Heltz | July 13 | Defendants |
| 72. | Williams | July 13 | Defendants |
| 73. | Gengelbach | July 13 | Defendants |
| 74. | Ramirez, Jr. | July 13 | Defendants |
| 75. | Campana | July 13 | Defendants |
| 76. | Smith, Craig | July 13 | Defendants |
| 77. | Smith, Ken | July 13 | Defendants |
| 78. | Wilson | July 13 | Defendants |
| 79. | Sachedo | July 13 | Defendants |
| 80. | **Solomon** | **July 13-Tentative** | Defendants |
| 81. | McCarberg | July 16 | Defendants |
| 82. | Maizels | July 17 | Defendants |
| 83. | Dea | July 18 | Defendants |
| 84. | Burris | July 18 | Defendants |
| 85. | Danielewski | July 19 | Defendants |
| 86. | Hampf | July 30 | Defendants |