# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING, SALES PRACTICES,
        AND PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x          MDL Docket No. 1629

HARDEN MANUFACTURING CORPORATION;                                      Master File No. 04-10981
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,
dba BLUECROSS/BLUESHIELD OF LOUISIANA;                                 Judge Patti B. Saris
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL                           Magistrate Judge Leo T.
52 HEALTH BENEFITS TRUST; GERALD SMITH; and                           Sorokin
LORRAINE KOPA, on behalf of themselves and all others
similarly situated, v. PFIZER INC. and WARNER-LAMBERT
COMPANY.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC. and

AETNA, INC. v. PFIZER INC.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN
        PRODUCT LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x          Index No. 765000/06

THIS DOCUMENT APPLIES TO:                                              Hon. Marcy S. Friedman

        ALL CASES

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' RESPONSES AND OBJECTIONS TO
## PLAINTIFFS' NOTICE OF DEPOSITION

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company (collectively, "Defendants"), by their undersigned counsel, hereby respond and object to Plaintiffs' Notice of Deposition relating to third-party payors (hereinafter "the Notice"), pursuant to Federal Rule of Civil Procedure 30(b)(6), dated June 11, 2007, in the above-captioned matter. Defendants reserve the right to make additional objections and to supplement their responses as may be deemed appropriate.

Defendants, through their counsel, are ready and willing to meet and confer with Plaintiffs' counsel regarding Defendants' objections to the Notice and the scope of the individual requests contained in the Notice.

### GENERAL OBJECTIONS

Defendants make the following General Objections to the Notice and incorporate each of them by reference in each and every Specific Response below:

1.     Defendants object to the Notice to the extent that it sets July 2, 2007, at 10:00 am as the time for the deposition and notes that the deposition "will continue from day to day until completed."

2.     Defendants object to the location designated in the Notice.

3.     Defendants object to the time period designated in the Notice to the extent that it defines the Relevant Period at January 1, 1994 to the present on the grounds that such a definition is overly broad.

4.     Defendants object to the Notice to the extent that it seeks testimony regarding subject matters as to which a deposition pursuant to Rule 30(b)(6) is not the best or most efficient means to conduct discovery.

5.      Defendants object to the Notice to the extent that it fails to describe with reasonable particularity the matters on which examination is requested as required by Rule 30(b)(6). Defendants further object to the Notice to the extent that the subject matters designated for examination and the categories of documents requested seek cumulative or duplicative information and/or seek information neither relevant to the claim or defense of any party.

6.      Defendants object to the Notice to the extent that it seeks testimony and/or documents regarding information from outside of the relevant time period and geographic area; to the extent the Notice seeks testimony and/or documents regarding any product other than Neurontin; to the extent that the Notice seeks testimony and/or documents unrelated to the sales and marketing of Neurontin; and to the extent the Notice seeks testimony and/or documents regarding approved indications for Neurontin.

7.      Defendants object to the Notice to the extent that it seeks testimony and documents regarding information that is protected by various privileges or immunities, including the attorney-client privilege, the attorney work-product doctrine or any other legally recognized privilege and/or immunity. Such testimony and documents will not be provided. The inadvertent disclosure of privileged information by Defendants shall not be deemed to constitute any waiver of any privilege pertaining to such information.

8.      Defendants object to the Notice to the extent that it seeks to impose discovery obligations on Defendants broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure, the Local Rules, orders of the Court, or any other applicable rules and/or orders.

9.      Defendants object to the Notice to the extent that it seeks documents on the grounds that document discovery has already closed and the Notice is not a proper means of discovery for documents. Defendants further object to the Notice to the extent that it seeks

3

documents that are not relevant to the claim or defense of any party. Defendants further object to the Notice to the extent that it seeks documents not within the scope of the prior document requests propounded by Plaintiff. In responding or objecting to the Notice, defendants do not concede that any of the testimony and/or documents sought therein are relevant or material to the claims or defenses of any party or admissible in evidence.

10.     Defendants object to the Notice to the extent that it requests testimony or documents already produced by Defendants to Plaintiffs during discovery or that are otherwise already in Plaintiffs' possession, custody, or control.

11.     These responses and objections are made without in any way waiving or intending to waive:

    i.   any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any testimony or documents offered in response to the Notice or the subject matter thereof;

    ii.  the right to object on any ground to the use of any documents produced in response to the Notice or the subject matter thereof at any trial or hearing; and

    iii. the right at any time to revise, supplement, correct, or add to these responses and objections.

## OBJECTIONS TO DEFINITIONS

1.     Defendants object to the definition of the term "Parke-Davis" to the extent that it is defined to include "predecessors, successors, subsidiaries (foreign or domestic), divisions, employees, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), all joint ventures, limited or general partnerships or other entities operated or controlled directly or indirectly by Parke-Davis," on the grounds that such a definition is

overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

2.      Defendants object to the definition of the term "Pfizer" to the extent that it is defined to include "predecessors, successors, subsidiaries (foreign or domestic), divisions, employees, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), all joint ventures, limited or general partnerships or other entities operated or controlled directly or indirectly by Pfizer, and all entities acquired by Pfizer during the Relevant Period, including but not limited to Warner-Lambert and its Parke-Davis division," on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

3.      Defendants object to the definition of the term "Warner-Lambert" to the extent that it is defined to include "predecessors, successors, subsidiaries (foreign or domestic), divisions, employees, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), all joint ventures, limited or general partnerships or other entities operated or controlled directly or indirectly by Parke-Davis," on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

4.      Defendants object to the definition of the terms "you" and "your" to the extent that those terms are defined to include "the Person which is responding to this discovery request, its predecessors and successors in interest, its present and former subsidiaries, divisions, and affiliates, its present and former officers, directors, employees, agents, attorneys, representatives, and all other persons acting or authorized to act on behalf of that person or entity" on the grounds that such a definition is vague, ambiguous, overly broad, and unduly burdensome, and seeks to

5

impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

5.      Defendants object to the definition of the term "document" on the grounds that the definition is overly broad and unduly burdensome or imposes burdens different than or in addition to those imposed by the Federal Rules of Civil Procedure and Local Rule 26.5(c)(2). Defendants further object to the definition of the term "document" to the extent that it purports to include documents "of which the party or the party's attorneys have knowledge" and that are not in Defendants' possession, custody, or control.

6.      Defendants object to the definition of the term "Third Party Payors" on the grounds that the definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules. Defendants further object to the definition of the term "Third Party Payors" to the extent that it purports to include entities other than Aetna, Inc., ASEA/AFSCME Local 52 Health Benefits Trust, Guardian Life Insurance Company, Inc., Harden Manufacturing Corporation, Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, or Louisiana Health Insurance Indemnity Company d/b/a BlueCross/BlueShield of Louisiana. Defendants further object to the definition of the term "Third Party Payors" on the grounds that such a definition is vague and ambiguous to the extent that it purports to include "predecessors, successors, subsidiaries (foreign or domestic) divisions, employees, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), or Pharmacy Benefit Managers, all joint ventures, limited or general partnerships or other entities operated or controlled directly or indirectly by the Third Party Payors."

## SPECIFIC RESPONSES AND OBJECTIONS

Each of the foregoing General Objections is expressly incorporated into each of the specific objections and responses set forth below.  Subject to and without waiving the General Objections and specific objections and responses set forth below, Defendants will designate a witness or witnesses to testify regarding the Subject Matters designated for examination in the Notice, consistent with these Responses and Objections.

## SUBJECT MATTER 1:

The identification of, and all documents concerning, all individuals at Pfizer, Warner-Lambert and Parke-Davis who had contacts with Third Party Payors concerning Neurontin.

## RESPONSES AND OBJECTIONS TO SUBJECT MATTER 1:

In addition to the foregoing General Objections, Defendants further object to Subject Matter 1 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party, including by seeking information regarding, and documents concerning, individuals who had contacts with Third Party Payors concerning Neurontin that are not relevant to the claims or defenses of any party.  Defendants further object to this Subject Matter to the extent that it seeks information relating to "all individuals" and "all documents" on the grounds that it calls for information that is not related to Neurontin and/or not relevant to the claims or defenses of any party.  Defendants further object to the use of the phrase "contacts with" on the grounds that it is vague and ambiguous. Defendants further object to Subject Matter 1 on the grounds that there are better or more efficient means of discovery with respect to the information sought.

## SUBJECT MATTER 2:

Any information that you have regarding communications you had with Third Party Payors concerning Neurontin.

**RESPONSES AND OBJECTIONS TO SUBJECT MATTER 2:**

In addition to the foregoing General Objections, Defendants further object to Subject Matter 2 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party, including by seeking "Any" information regarding communications with Third Party Payors concerning Neurontin. Defendants further object to Subject Matter 2 on the grounds that there are better or more efficient means of discovery with respect to the information sought.

**SUBJECT MATTER 3:**

Any information that you have regarding the promotion of Neurontin for any off-label uses, including but not limited to pain, diabetic peripheral neuropathy, restless leg syndrome, bipolar disorder, social phobia, panic disorder, migraine, monotherapy for epilepsy, and dosages of Neurontin above the FDA-approved maximum.

**RESPONSES AND OBJECTIONS TO SUBJECT MATTER 3:**

In addition to the foregoing General Objections, Defendants further object to Subject Matter 3 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party. Defendants further object to Subject Matter 3 on the grounds that there are better or more efficient means of discovery with respect to the information sought.

**SUBJECT MATTER 4:**

The identification of, and all documents concerning, employees from the Healthcare Management division, who had any contacts with, or otherwise interacted with Third Party Payors concerning Neurontin.

**RESPONSES AND OBJECTIONS TO SUBJECT MATTER 4:**

In addition to the foregoing General Objections, Defendants further object to Subject Matter 4 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party, including by seeking information regarding contacts with Third Party Payors concerning Neurontin that are not relevant to the claims or defenses of any party. Defendants further object to this Subject Matter to the extent that it seeks the identification of, and "all documents" concerning, certain employees on the grounds that it is overly broad, unduly burdensome, and seeks information not related to Neurontin and/or not relevant to the claims or defenses of any party. Defendants further object to the use of the phrase "contacts with, or otherwise interacted with" on the grounds that it is vague and ambiguous. Defendants further object to Subject Matter 4 on the grounds that there are better or more efficient means of discovery with respect to the information sought.

**SUBJECT MATTER 5:**

Any analysis that you, your agents or representatives performed regarding whether Neurontin provides any medical benefit to patients who take it for any off-label uses, including but not limited to pain, diabetic peripheral neuropathy, restless leg syndrome, bipolar disorder, social phobia, panic disorder, migraine, monotherapy for epilepsy, and dosages of Neurontin above the FDA-approved maximum.

**RESPONSES AND OBJECTIONS TO SUBJECT MATTER 5:**

In addition to the foregoing General Objections, Defendants further object to Subject Matter 5 on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Defendants further object to the extent that Subject Matter 5 seeks cumulative or duplicative information, or information that has already been produced during discovery or is otherwise already within plaintiffs' control.

9

**SUBJECT MATTER 6:**

Any conclusions or views you, your agents or representative held regarding whether Neurontin provides any medical benefit to patients who take it for any off-label uses, including but not limited to pain, diabetic peripheral neuropathy, restless leg syndrome, bipolar disorder, social phobia, panic disorder, migraine, monotherapy for epilepsy, and dosages of Neurontin above the FDA-approved maximum.

**RESPONSES AND OBJECTIONS TO SUBJECT MATTER 6:**

In addition to the foregoing General Objections, Defendants further object to Subject Matter 6 on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Defendants further object to the extent that Subject Matter 6 seeks cumulative or duplicative information, or information that has already been produced during discovery or is otherwise already within plaintiffs' control.

**SUBJECT MATTER 7:**

Any information you have regarding whether Neurontin provides any medical benefit to patients who take it for any off-label uses, including but not limited to pain, diabetic peripheral neuropathy, restless leg syndrome, bipolar disorder, social phobia, panic disorder, migraine, monotherapy for epilepsy, and dosages of Neurontin above the FDA-approved maximum.

**RESPONSES AND OBJECTIONS TO SUBJECT MATTER 7:**

In addition to the foregoing General Objections, Defendants further object to Subject Matter 7 on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Defendants further object to the extent that Subject Matter 7 seeks cumulative or duplicative information, or information that has already been produced during discovery or is otherwise already within plaintiffs' control.

**SUBJECT MATTER 8:**

Any information concerning each medical educational seminar in which:

a. Neurontin was discussed; and

b. At least one Pfizer, Warner-Lambert or Parke-Davis representative attended, organized, participated, or had any involvement.

**RESPONSES AND OBJECTIONS TO SUBJECT MATTER 8:**

In addition to the foregoing General Objections, Defendants further object to Subject Matter 8 on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party, including by seeking information regarding medical educational seminars where Neurontin was discussed that is not relevant to the claims or defenses of any party. Defendants further object to Subject Matter 8 to the extent that it seeks information regarding medical educational seminars that a Pfizer, Warner-Lambert, or Parke-Davis representative "attended," "participated," or "had any involvement" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party. Defendants further object to Subject Matter 8 on the grounds that the use of the word "concerning" is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party. Defendants further object to Subject Matter 8 on the grounds that there are better or more efficient means of discovery with respect to the information sought.

**SUBJECT MATTER 9:**

Any information regarding each third party, who attended medical educational seminars, including but not limited to any physicians, marketing firms, and/or vendors, including but not limited to Healthcare Strategies, Inc., in which:

a. Neurontin was discussed; and

b. At least one Pfizer, Warner-Lambert or Parke-Davis representative attended, organized, participated, or had any involvement.

**RESPONSES AND OBJECTIONS TO SUBJECT MATTER 9:**

In addition to the foregoing General Objections, Defendants further object to Subject Matter 9 on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party, including by seeking information regarding medical educational seminars where Neurontin was discussed that are not relevant to the claims or defenses of any party. Defendants further object to Subject Matter 9 to the extent that it seeks information regarding medical educational seminars that a Pfizer, Warner-Lambert, or Parke-Davis representative "attended," "participated," or "had any involvement" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party. Defendants further object to Subject Matter 9 to the extent it seeks "Any information regarding each third party" on the grounds that it is overly broad and unduly burdensome. Defendants further object to Subject Matter 9 on the grounds that there are better or more efficient means of discovery with respect to the information sought.

**SUBJECT MATTER 10:**

Any information concerning Pfizer's communications, marketing or otherwise, to managed care plans concerning Neurontin, as well as Pfizer's organizational structure used for such efforts, including but not limited to the identification of individuals to describe such communications and all documents concerning such communications.

**RESPONSES AND OBJECTIONS TO SUBJECT MATTER 10:**

In addition to the foregoing General Objections, Defendants further object to this Subject Matter on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party, including by seeking information regarding

12

communications concerning Neurontin that are not relevant to the claims or defenses of any party. Defendants further object to this Subject Matter to the extent it seeks "any information" and "all documents" on the grounds that it overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party. Defendants further object to Subject Matter 10 on the grounds that there are better or more efficient means of discovery with respect to the information sought. Defendants further object to the extent that Subject Matter 10 is duplicative of subject matters in other 30(b)(6) notices served by Plaintiffs on Defendants.

Dated: June 29, 2007
        New York, New York

PFIZER INC., et uno,

By their attorneys,

James P. Rouhandeh
Neal A. Potischman
Matthew B. Rowland

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

13

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
In re:  NEURONTIN MARKETING, SALES       : MDL Docket No. 1629
        PRACTICES, AND PRODUCTS          : Master File No. 04-10981
        LIABILITY LITIGATION             : Judge Patti B. Saris
                                         : Magistrate Judge Leo T. Sorokin
------------------------------------------------x


SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------x
                                         : Case Management Index No.
IN RE: NEW YORK NEURONTIN PRODUCTS       : 765,000/2006
LIABILITY LITIGATION                     : Hon. Marcy S. Friedman
                                         :
                                         :
------------------------------------------------x

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company (collectively, "Defendants"), by their undersigned counsel, hereby respond and object to Plaintiffs' Notice of Deposition relating to documents (hereinafter "the Notice"), pursuant to Fed. R. Civ. P. 30(b)(6), dated June 11, 2007, in the above-captioned matter. Defendants reserve the right to make additional objections and to supplement its responses as may be deemed appropriate.

Defendants, through their counsel, are ready and willing to meet and confer with Plaintiffs' counsel regarding Defendants' objections to the Notice and the scope of the individual requests contained in the Notice.

## OBJECTIONS PERTAINING TO ALL REQUESTS ("GENERAL OBJECTIONS")

1.     Defendants object to the Notice to the extent it sets July 2, 2007, at 9:00 am, and notes that the deposition "will continue from day to day until completed."

2.     Defendants object to the location designated in the Notice.

3.     Defendants object to the time period designated in the Notice to the extent that it defines the Relevant Period at January 1, 1994 to the present on the grounds that such a definition is overly broad.

4.     Defendants object to the Notice to the extent it seeks testimony regarding subject matters as to which a deposition pursuant to Rule 30(b)(6) is not the best or most efficient means to conduct discovery.

5.     Defendants object to the Notice to the extent that it fails to describe with reasonable particularity the matters on which examination is requested as required by Rule 30(b)(6).  Defendants further object to the Notice to the extent that the subject matters designated for examination are unduly burdensome, overly broad, and/or seek information that is not relevant to the claim or defense of either party.  Defendants further object to the notice to the extent that the subject matters designated for examination are vague or ambiguous.

6.     Defendants object to the Notice to the extent it seeks testimony regarding information from outside of the relevant time period and geographic area; to the extent the Notice seeks testimony regarding any product other than Neurontin; to the extent the Notice seeks testimony unrelated to the sales and marketing of Neurontin; and to the extent the Notice seeks testimony regarding approved indications for Neurontin.

7.     Defendants object to the Notice to the extent it seeks testimony regarding information that is protected by various privileges or immunities, including the attorney-client

2

privilege, the attorney work product doctrine or any other legally recognized privilege and/or immunity. The inadvertent disclosure of privileged information by Defendants shall not be deemed to constitute any waiver of any privilege pertaining to such information.

8. Defendants object to the Notice to the extent that it seeks to impose discovery obligations on Defendants broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rules.

9. Defendants object to the Notice to the extent it requests testimony already provided by Defendants to Plaintiffs during discovery.

## OBJECTIONS TO DEFINITIONS

1. Defendants object to the definition of the term "document" on the grounds that the definition is overly broad and unduly burdensome or imposes burdens different than or in addition to those imposed by the Federal Rules of Civil Procedure and Local Rule 26.5(c)(2). Defendants further object to the definition of the term "document" to the extent that it purports to include documents "of which the party or the party's attorneys have knowledge" and that are not in Defendants' possession, custody, or control.

2. Defendants object to the definition of the term "Parke-Davis" to the extent that it is defined to include "predecessors, successors, subsidiaries (foreign or domestic), divisions, employees, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), all joint ventures, limited or general partnerships or other entities operated or controlled directly or indirectly by Parke-Davis," on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

3

3.      Defendants object to the definition of the term "Pfizer" to the extent that it is defined to include "predecessors, successors, subsidiaries (foreign or domestic), divisions, employees, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), all joint ventures, limited or general partnerships or other entities operated or controlled directly or indirectly by Pfizer, and all entities acquired by Pfizer during the Relevant Period, including but not limited to Warner-Lambert and its Parke-Davis division," on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

4.      Defendants object to the definition of the term "Warner-Lambert" to the extent that it is defined to include "predecessors, successors, subsidiaries (foreign or domestic), divisions, employees, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), all joint ventures, limited or general partnerships or other entities operated or controlled directly or indirectly by Parke-Davis," on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

5.      Defendants object to the definition of the terms "you" and "your" to the extent that those terms are defined to include "the Person which is responding to this discovery request, its predecessors and successors in interest, its present and former subsidiaries, divisions, and affiliates, its present and former officers, directors, employees, agents, attorneys, representatives, and all other persons acting or authorized to act on behalf of that person or entity" on the grounds that such a definition is vague, ambiguous, overly broad and unduly burdensome, and seeks to

4

impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

### SPECIFIC RESPONSES AND OBJECTIONS

Each of the foregoing General Objections is expressly incorporated into each of the specific objections and responses set forth below. Subject to and without waiving the General Objections and specific objections and responses set forth below, Defendants will designate a witness or witnesses to testify regarding the subject matters designated for examination in the Notice, consistent with these Responses and Objections.

**Request 1:**

1. Your document retention policies, including, but not limited to the following topics:

   a. The retention and destruction of documents at any division, office or document storage facility;

   b. Any standard operating procedures or policies regarding document retention, collection and management that would encompass documents relating to Neurontin;

   c. The manner in which Defendants have actually retained, collected and managed documents relating to Neurontin;

   d. Any standard operating procedures or policies regarding document retention, collection and management that existed at the time of the merger between Pfizer and Warner Lambert in approximately June, 2000 and which would include documents relating to Neurontin.

   e. The manner in which Defendants actually retained, collected and managed documents relating to Neurontin that existed at the time of the merger between Pfizer and Warner Lambert in approximately June, 2000;

   f. To the extent not already encompassed by issue 1(b), identify and describe in detail (as used by each department or division) the depository, if any, in which Defendants actually retained, collected and managed documents relating to Neurontin;

   g. Any standard operating procedures or policies regarding integration of documents from Warner Lambert to Pfizer resulting from the merger between Pfizer and

5

Warner Lambert in approximately June, 2000 and which would include documents relating to Neurontin; and

h.  The manner in which Defendants have actually integrated documents from Warner Lambert to Pfizer resulting from the merger between Pfizer and Warner Lambert in approximately June, 2000 and which would include documents relating to Neurontin.

**Response and Objections to Request 1:**

In addition to the foregoing General Objections, Defendants object to Plaintiffs' requests relating to document retention policies on the grounds that they are vague, overly broad, unduly burdensome and seek information not relevant to the proceeding, including by seeking information about Neurontin documents that are not relevant to the claims and defenses of the litigation. Defendants further object to Request No. 1(a) to the extent that it seeks information relating to "any division, office or document storage facility" on the grounds that it calls for information that is not related to documents regarding the sales and marketing of Neurontin and therefore is irrelevant to this litigation. Defendants further object on the grounds that the terms "integration" in Request Nos. 1(g) and 1(h), "management" in Request Nos. 1(b) and 1(d), and "managed" in Request Nos. 1(c), 1(d), and 1(e) are vague and ambiguous.

**Request 2:**

2.  The functioning and use of the computer systems, including hardware and software used by Pfizer, for the storage, retrieval, programming, imputing, or formatting of any information in any data base of Pfizer including word processing programs, including but not limited to:

a.  the reports actually generated or capable of being generated from any such data base;

b.  the operations and layout of the electronic data processing system on which it performed all of its electronic data processing functions, including, but not limited to, data bases, data backup, archiving and restoration;

c.  the type, quantity and configuration of all computer hardware and software used, or capable of being used, to process any data, including all devices, programs and equipment used for data creation, entry, reporting, processing, manipulation,

modification, storage, communication, transmission, printing, deletion and all other functions of the computers and computer systems;

d.   all policies, procedures, guidelines, rules and standards for all aspects of handling and storage of electronic media, record retention, backup, archiving and restoration;

e.   all media used for storage in electronic form of information, including magnetic tapes and disks, optical media and other media containing electronic data, including the technical characteristics of such media and the format in which data is stored on such media;

f.   damage to or destruction of media, and deletion, erasure or removal of electronic information;

g.   the functioning and specifications of all data base applications, including the name and version of the data base program and all functions of the data base program, the queries, reports, and other functions, the manner in which data base records are stored, and specifications for the tables, records and fields in the data base;

h.   all other information needed to identify, access, copy and read electronic data;

i.   storage of information, data and e-mail on any hard drives;

j.   Any computer or computer system used by Defendants relating to Neurontin;

k.   Software and database systems used by Defendants relating to Neurontin;

l.   Identify and describe in detail backup procedures used by Defendants to preserve data relating to Neurontin;

m.   Identify and describe in detail computer system upgrades installed by Defendants relating to Neurontin;

n.   Identify and describe in detail the policies and procedures of Defendants for use of e-mail by employees or agents relating to Neurontin; and

o.   Identify and describe in detail computers, laptops and database or software programs used by sales representatives of Defendants to record information about Neurontin.

**Response and Objections to Request 2:**

In addition to the foregoing General Objections, Defendants further object to Plaintiffs' requests regarding Defendants' computer systems on the grounds that they are vague and seek information not relevant to the claims and defenses in the litigation. Defendants further object on the grounds that the requests are extraordinarily overly broad and unduly burdensome because, among other things, they seek testimony for a period of more than 10 years relating to the "functioning and use of the computer systems, including hardware and software used by Pfizer, for the storage, retrieval, programming, imputing, or formatting of any information in any data base of Pfizer," "the operations and layout of the electronic data processing system on which it performed all of its electronic data processing functions," "the type, quantity and configuration of all computer hardware and software used, or capable of being used, to process any data," and "the functioning and specifications of all data base applications." Defendants further object on the grounds that the requests are not limited to the relevant time period or to the sales and marketing of Neurontin. Defendants further object on the grounds that the requests fail to state with sufficient particularity what Plaintiffs are seeking.

**Request 3:**

3.      The Electronic Mail (E-mail) system(s) utilized by or at Pfizer, including, but not limited to:

      a.      How such system functioned or functions; and

      b.      The retention of any disks or tapes containing any E-mail messages.

**Response and Objections to Request 3:**

In addition to the foregoing General Objections, Defendants further object to Plaintiffs' Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to the claims and defenses in the litigation. Defendants further object

8

on the grounds that the requests are not limited to the relevant time period or to the sales and

marketing of Neurontin. Defendants further object on the grounds that the requests fail to state

with sufficient particularity what Plaintiffs are seeking.

## Request 4:

4.    Identify and describe in detail policies or procedures of Defendants to produce documents
      and electronic data in this Multi-District Litigation.

## Response and Objections to Request 4:

In addition to the foregoing General Objections, Defendants further object to Plaintiffs'

Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks

information not relevant to the proceedings. Defendants further object on the grounds that the

Request calls for information that is protected from disclosure by the attorney-client privilege,

the work product doctrine, or any other legally recognized privilege and/or immunity.

## Request 5:

5.    The search for and collection of documents, including but not limited to electronic
      information, responsive to plaintiffs' document requests served in this litigation,
      including, but not limited to:

      a.    Identification of the persons who performed such searches;

      b.    Identification of the facilities that were searched;

      c.    Identification of the employees whose files were searched, including the
            individuals from the marketing and sales departments; and

      d.    Identification by person and/or department of the source of each document
            produced, including but not limited to the identification of the custodian of the
            document MDL_VENDORS_058939.

**Response and Objections to Request 5:**

In addition to the foregoing General Objections, Defendants object to Plaintiffs' Request on the grounds that it is vague, overly broad, unduly burdensome and seeks information not relevant to the proceeding. Defendants further object that Request 5(d) is overly broad in seeking "[i]dentification by person and/or department of the source of each document produced," as Defendants have produced millions of pages of documents in this litigation.

Dated: June 29, 2007                PFIZER INC., et uno,
      New York, New York

                                    By their attorneys,

                                    James P. Rouhandeh
                                    Deborah L. MacGregor

                                    DAVIS POLK & WARDWELL
                                    450 Lexington Avenue
                                    New York, New York 10017
                                    (212) 450-4000

                                    -and-

                                    David B. Chaffin
                                    BBO No. 549245
                                    HARE & CHAFFIN
                                    160 Federal Street
                                    Boston, Massachusetts 02110
                                    (617) 330-5000

10

# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING, SALES PRACTICES,           :
         AND PRODUCTS LIABILITY LITIGATION              :
                                                        :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
THIS DOCUMENT RELATES TO:                               :
                                                        :     MDL Docket No. 1629
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :     Master File No. 04-10981
HARDEN MANUFACTURING CORPORATION;                      :
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,             :     Judge Patti B. Saris
dba BLUECROSS/BLUESHIELD OF LOUISIANA;                  :
INTERNATIONAL UNION OF OPERATING ENGINEERS,            :     Magistrate Judge Leo T.
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL           :     Sorokin
52 HEALTH BENEFITS TRUST; GERALD SMITH; and             :
LORRAINE KOPA, on behalf of themselves and all others   :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT   :
COMPANY.                                                :
                                                        :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
THE GUARDIAN LIFE INSURANCE COMPANY OF                 :
AMERICA v. PFIZER INC. and                              :
                                                        :
AETNA, INC. v. PFIZER INC.                              :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
In re:   NEURONTIN                                      :
         PRODUCT LIABILITY LITIGATION                   :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x     Index No. 765000/06
                                                        :
THIS DOCUMENT APPLIES TO:                               :     Hon. Marcy S. Friedman
                                                        :
      ALL CASES                                         :
                                                        :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' RESPONSES AND OBJECTIONS TO
## PLAINTIFFS' NOTICE OF DEPOSITION

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company (collectively, "Defendants"), by their undersigned counsel, hereby respond and object to Plaintiffs' Notice of Deposition relating to their corporate structure (hereinafter "the Notice"), pursuant to Fed. R. Civ. P. 30(b)(6), dated June 11, 2007, in the above-captioned matter. Defendants reserve the right to make additional objections and to supplement their responses as may be deemed appropriate.

Defendants, through their counsel, are ready and willing to meet and confer with Plaintiffs' counsel regarding Defendants' objections to the Notice and the scope of the individual requests contained in the Notice.

## GENERAL OBJECTIONS

Defendants make the following General Objections to the Notice and incorporate each of them by reference in each and every Specific Response below:

1.     Defendants object to the Notice to the extent it sets July 2, 2007, at 10:00 am as the time for the deposition and notes that the deposition "will continue from day to day until completed."

2.     Defendants object to the location designated in the Notice.

3.     Defendants object to the time period designated in the Notice to the extent that it defines the Relevant Period at January 1, 1994 to the present on the grounds that such a definition is overly broad.

4.     Defendants object to the Notice to the extent it seeks testimony regarding subject matters as to which a deposition pursuant to Rule 30(b)(6) is not the best or most efficient means to conduct discovery.

2

5.     Defendants object to the Notice to the extent it seeks testimony and documents regarding information that is protected by various privileges or immunities, including the attorney-client privilege, the attorney work-product doctrine or any other legally recognized privilege and/or immunity. Such testimony and documents will not be disclosed. The inadvertent disclosure of privileged information by Defendants shall not be deemed to constitute any waiver of any privilege pertaining to such information.

6.     Defendants object to the Notice to the extent that it seeks to impose discovery obligations on Defendants broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure, the Local Rules or any other applicable rules.

7.     Defendants object to the Notice to the extent that it seeks documents on the grounds that document discovery has already closed and the Notice is not a proper means of discovery for documents. Defendants further object to the extent that the Notice seeks documents that are not relevant to the claim or defense of any party. Defendants further object to the Notice to the extent that it seeks documents not within the scope of the prior document requests propounded by Plaintiff. In responding or objecting to the Notice, defendants do not concede that any of the documents sought therein are relevant or material to the claim or defense of any party or admissible in evidence.

8.     Defendants object to the Notice to the extent that it requests testimony or documents already produced by Defendants to Plaintiffs during discovery or that are otherwise already in Plaintiffs' possession, custody, or control.

9.     These responses and objections are made without in any way waiving or intending to waive:

3

i.   any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any testimony or documents offered in response to the Notice or the subject matter thereof;

ii.   the right to object on any ground to the use of the documents produced in response to the Notice or the subject matter thereof at any trial or hearing; and

iii.   the right at any time to revise, supplement, correct, or add to these responses and objections.

## OBJECTIONS TO DEFINITIONS

1.      Defendants object to the definition of the term "Parke-Davis" to the extent that it is defined to include "predecessors, successors, subsidiaries (foreign or domestic), divisions, employees, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), all joint ventures, limited or general partnerships or other entities operated or controlled directly or indirectly by Parke-Davis," on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

2.      Defendants object to the definition of the term "Pfizer" to the extent that it is defined to include "predecessors, successors, subsidiaries (foreign or domestic), divisions, employees, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), all joint ventures, limited or general partnerships or other entities operated or controlled directly or indirectly by Pfizer, and all entities acquired by Pfizer during the Relevant Period, including but not limited to Warner-Lambert and its Parke-Davis division," on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose

4

obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

      3.      Defendants object to the definition of the term "Warner-Lambert" to the extent that it is defined to include "predecessors, successors, subsidiaries (foreign or domestic), divisions, employees, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), all joint ventures, limited or general partnerships or other entities operated or controlled directly or indirectly by Parke-Davis," on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

      4.      Defendants object to the definition of the terms "you" and "your" to the extent that those terms are defined to include "the Person which is responding to this discovery request, its predecessors and successors in interest, its present and former subsidiaries, divisions, and affiliates, its present and former officers, directors, employees, agents, attorneys, representatives, and all other persons acting or authorized to act on behalf of that person or entity" on the grounds that such a definition is vague, ambiguous, overly broad, and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.

      5.      Defendants object to the definition of the term "document" on the ground that the definition is overly broad and unduly burdensome or imposes burdens different than or in addition to those imposed by the Federal Rules of Civil Procedure and Local Rule 26.5(c)(2). Defendants further object to the definition of the term "document" to the extent that it purports to include documents "of which the party or the party's attorneys have knowledge" and that are not in Defendants' possession, custody, or control.

5

## SPECIFIC RESPONSES AND OBJECTIONS

Each of the foregoing General Objections is expressly incorporated into each of the specific objections and responses set forth below. Subject to and without waiving the General Objections and specific objections and responses set forth below, Defendants will designate a witness or witnesses to testify regarding the Subject Matters designated for examination in the Notice, consistent with these Responses and Objections.

## SUBJECT MATTER 1:

Pfizer's corporate structure, and the corporate structure and relationship among you and your subsidiaries, parents, affiliates, divisions, departments, offices, units, or other corporate subdivisions and documents summarizing this information.

## RESPONSES AND OBJECTIONS TO SUBJECT MATTER 1:

In addition to the foregoing General Objections, Defendants further object to Subject Matter 1 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested as required by Rule 30(b)(6). Defendants further object to Subject Matter 1 on the grounds that that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, and seeks cumulative or duplicative information. Defendants further object to Subject Matter 1 to the extent that it seeks information not relevant to the claims or defenses of any party. Defendants further object to Subject Matter 1 to the extent that it seeks testimony and/or documents regarding information from outside of the relevant time period and geographic area; to the extent that Subject Matter 1 seeks testimony and/or documents regarding Pfizer's subsidiaries, parents, affiliates, divisions, departments, offices, units, or other corporate subdivisions not involved in the sales and marketing of Neurontin. Defendants further object to

Subject Matter 1 on the grounds that there are better or more efficient means of discovery with respect to the information sought.

**SUBJECT MATTER 2:**

The identification of each Pfizer facility and office, the function of each facility and office, and the types and locations of documents concerning this information.

**RESPONSES AND OBJECTIONS TO SUBJECT MATTER 2:**

In addition to the foregoing General Objections, Defendants further object to Subject Matter 2 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested as required by Rule 30(b)(6). Defendants further object to Subject Matter 2 on the grounds that that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, and seeks cumulative or duplicative information. Defendants further object to Subject Matter 2 to the extent that it seeks information not relevant to the claims or defenses of any party. Defendants further object to Subject Matter 2 to the extent that it seeks testimony and/or documents regarding information from outside of the relevant time period and geographic area; to the extent that Subject Matter 2 seeks testimony and/or documents regarding Pfizer facilities and offices not related to the sales and marketing of Neurontin. Defendants further object to Subject Matter 2 on the grounds that there are better or more efficient means of discovery with respect to the information sought.

**SUBJECT MATTER 3:**

The acquisition by Pfizer of Warner-Lambert and its Parke-Davis division and the types and locations of documents concerning this acquisition.

7

**RESPONSES AND OBJECTIONS TO SUBJECT MATTER 3:**

In addition to the foregoing General Objections, Defendants further object to Subject Matter 3 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested as required by Rule 30(b)(6). Defendants further object to Subject Matter 3 on the grounds that that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, and seeks cumulative or duplicative information. Defendants further object to Subject Matter 3 to the extent that it seeks information not relevant to the claims or defenses of any party.

**SUBJECT MATTER 4:**

The organizational structure, and the roles and responsibilities of the Health Care Management division at Warner-Lambert and the types of documents created or otherwise maintained at that division.

**RESPONSES AND OBJECTIONS TO SUBJECT MATTER 4:**

In addition to the foregoing General Objections, Defendants further object to Subject Matter 4 on the grounds that that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, and seeks cumulative or duplicative information. Defendants further object to Subject Matter 4 to the extent that it seeks information not relevant to the claims or defenses of any party. Defendants further object to Subject Matter 4 to the extent it seeks testimony and/or documents regarding information from outside of the relevant time period and geographic area; to the extent that Subject Matter 4 seeks testimony and/or documents regarding any product other than Neurontin; to the extent that Subject Matter 4 seeks testimony and/or documents unrelated to the sales and marketing of Neurontin; and to the extent that Subject Matter 4 seeks testimony and/or documents regarding approved indications for Neurontin.

8

## SUBJECT MATTER 5:

The organizational structure, and the roles and responsibilities of your Customer Business Units ("CBUs") and the types of documents created or otherwise maintained at those units.

## RESPONSES AND OBJECTIONS TO SUBJECT MATTER 5:

In addition to the foregoing General Objections, Defendants further object to Subject Matter 5 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested as required by Rule 30(b)(6). Defendants further object to Subject Matter 5 on the grounds that that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, and seeks cumulative or duplicative information. Defendants further object to Subject Matter 5 to the extent that it seeks information not relevant to the claims or defenses of any party. Defendants further object to Subject Matter 5 to the extent it seeks testimony and/or documents regarding information from outside of the relevant time period and geographic area; to the extent that Subject Matter 5 seeks testimony and/or documents regarding any product other than Neurontin; to the extent that Subject Matter 5 seeks testimony and/or documents unrelated to the sales and marketing of Neurontin; and to the extent that Subject Matter 5 seeks testimony and/or documents regarding approved indications for Neurontin.

Dated: June 29, 2007

PFIZER INC., et uno,

By their attorneys,

James P. Rouhandeh
Neal A. Potischman
Matthew B. Rowland

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

9