UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
---------------------------------------------------------x
                                                         :
In re:  NEURONTIN MARKETING,                             :
        SALES PRACTICES AND                              :
        PRODUCTS LIABILITY LITIGATION                    :
                                                         :
---------------------------------------------------------x
                                                         :
THIS DOCUMENT RELATES TO:                                :
                                                         :
        ALL ACTIONS                                      :
                                                         :
                                                         :
---------------------------------------------------------x
```

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## PRODUCT LIABILITY PLAINTIFFS' RESPONSE TO MARKETING AND SALES PRACTICES PLAINTIFFS' MOTION TO EXTEND FACT DISCOVERY OF DEFENDANTS AND OBJECTION TO ANY EXTENSION OF THE PRESENT DEADLINES FOR EXPERT DISCLOSURE AND SUMMARY JUDGMENT MOTIONS IN THE TWO TRACK ONE CASES

Products Liability Plaintiffs, (hereinafter "Plaintiffs"), respectfully submit this response to Marketing and Sales Practices Plaintiffs' motion for an extension of the discovery schedule, and to advise the Court of Plaintiffs' objection to any changes in the expert disclosure and summary judgment motion deadlines with regard to the two Track One cases.

## FACTUAL BACKGROUND

Plaintiffs are still in the process of obtaining discovery from the Pfizer Defendants, (hereinafter "Defendants"), and, with a number of exceptions, discovery in the Track One cases is moving close to schedule. Although the Court's Discovery Order No. 12 mandated that paper discovery be concluded by April 30, 2007, Defendants produced documents to Plaintiffs as recently as in June 2007. Pursuant to Discovery

Order No. 12, the deadline for fact is scheduled to close on July 14, 2007. The majority of depositions in the Track One cases have been conducted. There are a few prescriber depositions in Track Once cases that have been scheduled by the parties to be conducted after the July 14, 2007 deadline. Furthermore, although Defendants agreed, pursuant to a Stipulation dated March 7, 2007, to produce for deposition the sales representatives who called on a given prescriber to any of the Track One Plaintiffs, Defendants to date have not produced any of the sales representatives for deposition. *See* Stipulation, annexed hereto as Exhibit A.

Based upon testimony from depositions of Pfizer witnesses that have been conducted thus far, there are deficiencies in the discovery that Defendants have produced. These deficiencies involve documents and/or information that Plaintiffs require in order to successfully prosecute their claims. Plaintiffs have written to Defendants concerning a few specific post-deposition requests for documents, but, to date, have not received a response. *See* Plaintiffs' counsel's letters to Defendants' counsel dated June 15 2007, in regard to Adrian Vega's testimony; June 21, 2007, in regard to Andrea Garrity's testimony; and June 29, 2007, in regard to Lloyd Knapp's testimony, annexed hereto as Exhibit B. Further, Plaintiffs have written to Defendants questioning whether all of the discoverable data from the Merlin database was produced and are awaiting a response. *See* June 28, 2007 letters, annexed hereto as Exhibit C. Plaintiffs are not at this juncture requesting the Court to compel Defendants to produce the documents and/or information in question, as it is anticipated that Defendants will respond to our requests by correcting the deficiencies. To the extent not resolved by the Court's August 2007 conference,

Plaintiffs anticipate seeking the Court's relief to compel Defendants to cure discovery deficiencies.

Plaintiffs have taken steps to secure their experts' availability for depositions in October 2007 since that is when expert depositions are to take place. Defendants have already agreed to schedule Plaintiffs' generic/specific causation expert for deposition on October 18 and 19, 2007. *See* pertinent correspondence, annexed hereto as Exhibit D. This is an undisclosed expert who has already set aside time, made travel arrangements and incurred expenses in order to come to New York for the scheduled deposition. Plaintiffs do not object to the Marketing and Sales Practices Plaintiffs obtaining an extension to complete their discovery of Defendants. Plaintiffs do, however, strenuously object to any extension and/or change in the discovery schedule for expert disclosure or the summary judgment motions in the two Track One cases, as set forth in Discovery Order No. 7. Any such extension would prejudice Plaintiffs because it may place the availability of their expert witnesses in jeopardy, which would severely inhibit the successful prosecution of these cases.

## ARGUMENT

A District Judge exercises broad discretion when supervising the discovery process. *Arzuaga-Perello v. Shell Co. (Puerto Rico)*, 1999 U.S. App. LEXIS 2162 (1st Cir. Feb. 4, 1999); *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992). The First Circuit has stated that it will intervene concerning the trial court's discretion "'…only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party'" *Arzuaga-Perello* at *2 (citing to *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95

F.3d 86, 91 (1ˢᵗ Cir. 1996)). A trial court may, upon motion, order the sequence and/or grant priority of the discovery process pursuant to Fed. R. Civ. P. 26(d). *Meisch v. Fifth Transoceanic Shipping Co. Ltd.*, 1994 U. S. Dist. LEXIS 14995 at *1 (S.D.N.Y. Oct. 21, 1994) (Court granted defendants' motion requiring, *inter alia,* that plaintiff be deposed by a date certain).

Plaintiffs join in Marketing and Sales Practices Plaintiffs' request for an extension of the fact discovery deadline of Defendants as long as such extension does not affect the deadlines for expert disclosure and summary judgment motions with respect to the two Track One cases. Defendants were well aware of these deadlines at the time the schedule was established and ordered by the Court on December 20, 2006, and Defendants had sufficient time and resources to prepare and take the necessary actions to expedite production of discovery in order to stay on track. Plaintiffs have the burden of proof to demonstrate the merits of their case and are willing to proceed in accordance with the expert disclosure and summary judgment schedule as it now stands. The resolution of Plaintiffs' cases should not be unduly delayed due to Defendants' inability to comply with the discovery schedule established by this Court. Plaintiffs deserve their day in court in accordance with said schedule.

The extension requested by Marketing and Sales Practices Plaintiffs includes discovery that Defendants have been ordered to produce to Plaintiffs or involves discovery from third parties. The extension does not appear to concern discovery that is owed by Plaintiffs. The extension sought will also provide Defendants ample time to confer with Plaintiffs and resolve discovery issues that have arisen during the aforementioned depositions and addressed in Plaintiffs' correspondence to Defendants,

annexed hereto as Exhibits B and C. Plaintiffs do not seek leave at this time to propound additional written document discovery. Plaintiffs do, however, need additional time to confer with Defendants over the completeness of Defendants' responses to requests already propounded and, if necessary, to move to compel documents not yet produced.

Furthermore, as this Court is probably well aware, there are several complex litigations, including *In re Prempro Prods. Liab. Litig.*, pending in the United States District Court for the Eastern District of Arkansas, and *In re Vioxx Litig.*, which is being coordinated in the Superior Court of the State of New Jersey, wherein Track One cases proceed and are tried while generic discovery continues. Case Management Order III, paragraph 2, from *In re Vioxx Litig.*, clearly demonstrates that although fact discovery end dates were established for the initial 15 cases scheduled for trial, there are no limitations on the parties seeking further affirmative discovery from each other. *See* Case Management Order III, annexed hereto as Exhibit E. Similarly, in *In re Prempro Prods. Liab. Litig.*, although several trials already have been held and other bellwether actions are presently scheduled for trial, pursuant to a recent March 23, 2007 Order of Judge Wilson, the plaintiffs are being allowed further depositions of a Wyeth witness regarding sales data. *See* copy of the March 23, 2007 Order, annexed hereto as Exhibit F.

As noted above, the parties already have agreed to the scheduling of a Plaintiffs' expert on generic/specific causation. Travel and other plans to accommodate the schedule for expert disclosure and motions for summary judgment have been solidified in accordance with the present schedule. Any extension would prejudice Plaintiffs because it may place the availability of their expert witnesses in jeopardy and would severely inhibit the successful prosecution of these cases. For all of the reasons elaborated upon

above, Plaintiffs respectfully submit that this Court grant the Plaintiffs' request for an extension of fact discovery of Defendants but that any requests from any other parties in this litigation in regard to any extensions and/or changes in the expert disclosure or summary judgment motion schedules for the two Track One cases be denied.

## CONCLUSION

In view of the above, Products Liability Plaintiffs respectfully request that this Court grant Marketing and Sales Practices Plaintiffs' motion for an extension of fact discovery of Defendants, and deny any requests for extensions and/or changes in the expert disclosure or summary judgment motion schedule for the two Track One cases.

Dated:  July 9, 2007

Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By:    /s/ **Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY  12550

By:    /s/ **Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
& Associates
106 E. 6th Street, Suite 700
Austin, TX  78701

## CERTIFICATION OF GOOD FAITH

I hereby certify that I have conferred in good faith with counsel for Defendants on concerning the issues presented in foregoing motion, and the parties have been unable to resolve the issues without the intervention of this Court.

Dated:  July 9, 2007

/s/ **Kenneth B. Fromson**
Kenneth B. Fromson, Esquire

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 9, 2007.

/s/ Kenneth B. Fromson
Kenneth B. Fromson, Esquire

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------x
                       :    MDL Docket No. 1629

In re:  NEURONTIN MARKETING,     :
        SALES PRACTICES AND       :    Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION  :

                       :    Judge Patti B. Saris
-----------------------------------------------------x
                       :    Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:     :
                       :
      FINKELSTEIN & PARTNERS, LLP    :
      PRODUCTS LIABILITY ACTIONS     :
                       :
-----------------------------------------------------x

## STIPULATION REGARDING DEPOSITIONS IN TRACK ONE CASES

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned

attorneys for the Products Liability Plaintiffs represented by Finkelstein & Partners, LLP, and

attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC (hereinafter

"Defendants") that, as to the ten (10) Track One cases, Defendants shall produce for deposition

the territory representative(s), if any, whom Pfizer's sales call records show called on a given

plaintiff's prescriber regarding Neurontin prior to the date of the injury alleged in the complaint,

and that, to the extent possible, these depositions will be scheduled at a mutually agreeable date

and time within 24 hours of the deposition of plaintiff's prescriber or another local witness

(which deposition also will be scheduled at a mutually agreeable date and time) and at a location

no greater than thirty (30) miles from the location where said prescriber or other local witness is

produced for deposition[1]; and

---

[1] The parties reserve their rights as to any depositions of territory representatives who visited or called on the hospital, clinic, or practice in which the prescribing physician worked.

IT IS FURTHER HEREBY STIPULATED AND AGREED that, to the extent the identities of medical liaisons, if any, who called on a given plaintiff's prescriber regarding Neurontin prior to the date of the injury alleged in the complaint are ascertained during the course of discovery (e.g., through the testimony of a prescriber or territory representative), such medical liaisons will be produced for deposition under the same terms as set forth above regarding territory representatives; and

IT IS FURTHER HEREBY STIPULATED AND AGREED that, in the event that a deposition of a territory representative or medical liaison witness cannot be coordinated by Defendants in the above described manner, then Defendants shall produce the territory representative or medical liaison witness in New York, at the offices of Davis Polk & Wardwell; and

IT IS FURTHER HEREBY STIPULATED AND AGREED that the obligations of Defendants to produce territory representative or medical liaison witnesses for deposition shall apply only to those territory representatives and medical liaisons currently employed by Pfizer, and that, as to territory representatives and medical liaisons not employed by Pfizer, Defendants will use their best efforts to proceed in the same manner described above for the Pfizer territory representatives and medical liaisons; and

IT IS FURTHER HEREBY STIPULATED AND AGREED that in exchange for Defendants' agreement to coordinate depositions of territory representative(s)/medical liaison(s) in the manner set forth above, Finkelstein & Partners, LLP, agrees to produce the plaintiffs in these ten cases for deposition, subject to plaintiffs' health, at mutually agreeable hotel conference room facilities adjacent to Newark International, John F. Kennedy and La Guardia airports.

2

03-07-'07 02:58 FROM-F & P                8453395825                T-349 P004/004 F-252

Dated: March 7, 2007

FINKELSTEIN & PARTNERS, LLP          DAVIS POLK & WARDWELL
Attorneys for Products Liability      Attorneys for Defendants
Plaintiffs represented by             Pfizer Inc. and
Finkelstein & Partners, LLP           Warner-Lambert Company LLC


By: _____         By: _____
      Kenneth B. Fromson                    James P. Rouhandeh
436 Robinson Avenue                   450 Lexington Avenue
Newburgh, NY 12550                    New York, NY 10017
(866) 909-8678                        (212) 450-4000

3

EXHIBIT B



Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Renes (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)

Debra J. Reisenman (NY)
Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)

Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristena M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mezoff (NY)
Christopher T. Millman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Karen M. Queenan (NY & CT)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

Of counsel
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Sheila Rosenrauch (NY)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

*Accredited CLE Provider*

REFER TO OUR FILE #: 200599

June 15, 2007

James Rouhandeh, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Lori McGroder, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand
Kansas City, Missouri 64108

Dear Counsel:

Please consider this correspondence in lieu of a formal request for production arising out of the testimony of defense witness Adrian Vega. I am available to confer on the issues set forth below.

First, Mr. Vega testified that he reviewed certain documents for purposes of refreshing his recollection. Kindly provide those documents to my attention immediately. To the extent you have an objection, please reach out to me so that we can discuss the matter prior to any motion to compel said documentation. As a courtesy, I am setting forth below excerpts of Mr. Vega's testimony from an unofficial copy of the reporter's transcript:

> Q. Have you reviewed prior to your deposition today but for purposes of refreshing your recollection about your involvement in the medical information department any standard response documents that pertain to inquires involving suicide?
> A. I saw several documents.
>
> Q. And what documents did you see that pertain to do suicide and standard response documents if any?
> A. Standard response document?
>
> Q. Are you asking may or telling me?
> A. I'm asking you.
>
> Q. Okay. Yeah. What standard response documents regarding suicide if any did you review to assist in refreshing your recollection about the issues you handle $between 2002 and 2004, that's were I'm try to go determine? MS. McGRODER: Object to the form.
> A. Standard letter, package insert.

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

. . . .

Q.    Well Ms. Line of questioning is solely due to the fact that I asked you
what did you look at to refresh your recollection and in preparation for the
deposition you identified a particular standard response document regarding
suicide. I'm just trying?
A.    No you asked me about that I said I looked at several documents.

. . . .

Q.    My question, Mr. Vega, was: Did you  review prior to your deposition
today but for  purposes of refreshing your recollection about your
involvement in the medical information  department any standard response
documents that pertained to inquires involving suicide, your answer was I aw
several documents. I asked you And what documents did you see that pertained
to suicide and standard response documents if any? Do you recall that line of
questioning or did you  believe I was asking you about something else?
A.    I believe -- I thought you were asking me in general.

Q.    So let's go back?
A.    Sure.

Q.    You said you reviewed several documents can you identify what they were
for us?
A.    The specific titles I don't remember.

Q.    Do you recall what they involved?
A.    They were about Neurontin.

Q.    Did they involve specific adverse event inquiries?
A.    Most the.

Q.    Well they were stand response  documents; right?
A.    Yes, they would include safety information in them.

Q.    And what did you do where I the documents did you keep them or give them
back to your counsel?
A.    No I did not keep them.

Under both the federal rules of civil procedure, as well as the NY CPLR, Plaintiffs' position is that this
testimony would require Defendants to disclose and exchange the documents reviewed by Mr. Vega before his
deposition for the purpose of refreshing his recollection.

Second, Mr. Vega provided testimony regarding *drafts* of standard response documents that may be kept in the
Phoenix database. It is my understanding that defense counsel has provided us with portions of both the Merlin
and Phoenix databases. It is further my understanding that the information within the databases includes the
final versions of the standard response documents. I do not defense counsel has provided Plaintiffs with *drafts*.
Kindly supplement your disclosure immediately so as to include the *drafts* presuming they exist; alternatively, I
would ask that you clarify whether the *drafts* are actually the documents in the Phoenix system as opposed to
the documents being the final versions. Clearly, the documents cannot be both *drafts* and final versions. I am
available to confer on the issue.

Third, Mr. Vega's testimony included an explanation of the approval process regarding standard response documents. In this regard, he was questioned about the whereabouts of documents that would reflect his actual approval of the standard response document so that it could be put into use and disseminated in response to inquiries:

```
Q.    Was there any type of document that would reflect that you approved it?
A.    I believe the process within the system would have a process flow of the
review, the peer review and the approval; yes.

Q.    And where would those documents be kept in a notebook in a database?
A.    They would probably be within the Pfoenix system.
```

I am informed that neither the merlin or phoenix databases provided by defense counsel include documents that reflect any particular defendant employee's review, peer review and/or approval. Kindly provide said documents (presuming they exist) immediately. I am available to confer on the issue.

Fourth, Mr. Vega testified about standard monthly reports. During the course of discovery, defense counsel has provided limited numbers of standard monthly reports since they did exist in certain custodial files of employees. However, Mr. Vega explained that these monthly reports have been stored electronically in one centralized location. Kindly provide a full/complete copy of said reports immediately as they exist in the warehouse described by Mr. Vega:

```
Q.    Right, but the U.S., the report that is are generated where are they
warehoused where are they kept?
A.    The ones they created.
Q.    You said they're warehoused I I'm

A.    They're kept on a database.  The term that we use is the term that the
business intelligence told us.  They call it a data warehouse.  The reports, once
they're completed were put on a share drive.

Q.    How do you get access to that drive?
A.    That shared drive is accessible to the folks in medical information.

Q.    Is there a name for it?
A.    They used to be used in the P drive which was mentioned yesterday.
```

To the extent defense counsel maintains that any of the above information has previously been provided, please provide the courtesy of identifying where in your exchange these documents exist (e.g., bates numbers). I look forward to hearing from you regarding the above.


Very truly,

Kenneth B. Fromson
845-562-0203 x2755



Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)

Debra J. Reisenman (NY)
Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)

Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mezoff (NY)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Karen M. Queenan (NY & CT)
Mario M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

Of Counsel
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Sheila Rosenrauch (NY)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

*Accredited CLE Provider*

REFER TO OUR FILE #: 200599

June 21, 2007

Erik Zissu
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re:    Neurontin Litigation
       Deposition of Andrea Garrity

Dear Erik:

In light of Ms. Andrea Garrity's testimony, I am writing to you to recover certain items of discovery. I am available to confer on the issues set forth below.

First, Ms. Garrity testified that she reviewed certain documents prior to her deposition for purposes of refreshing her recollection. Kindly provide those documents to my attention immediately. To the extent you have an objection, please reach out to me so that we can discuss the matter prior to any motion to compel said documentation. As a courtesy, I am setting forth below excerpts of Ms. Vega's testimony from an unofficial copy of the reporter's transcript:

> Q.  Did you review any materials during those meetings to refresh your recollection of anything?
> A.  Couple of documents.
>
> Q.  What documents?
>
> MR. BARNES:  Objection, I instruct the witness not to answer. That's work product, attorney-client privilege.

Under both the federal rules of civil procedure, as well as the NY CPLR, Plaintiffs' position is that this testimony would require Defendants to disclose and exchange the documents reviewed by Ms. Garrity before her deposition that were used to refresh her recollection of facts pertaining to her involvement with Neurontin.

Second, Ms. Garrity identified a binder of information she received from colleagues with whom she consulted in Ann Arbor to assist her in learning about Neurontin. Kindly produce the binder. To the extent the binder has been previously provided, please provide the courtesy of the bates number corresponding to the documents. Your attention is referenced to Ms. Garrity's testimony as follows:

> Q.  We discussed earlier the very broad topics about which you had responsibilities for Neurontin, right?
> A.  Yes.
>
> Q.  They included a whole bunch of stuff like marketing and safety and promotion and labeling, right?
> A.  Yes.

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

Q.   So given that, what if any concerns did you have with respect to safety issues and   Neurontin during the timeframe where you had responsibilities about Neurontin?

A.   So when I met with my colleagues in Ann Arbor part of the purpose of that was to   understand the issues involved with the product at the time that's why I was working with   filling out that knowledge transfer template. And that was -- one of the underlying purpose was to be a trigger for us to highlight all issues, any issues, and that would include safety.  And, you know, based on that, because, again, we were trying to get up to speed with many products and we felt like this was best way to kind of hone in and figure out what we need to know and then we could take time to learn  about the product obviously as time went on so  between discussions with my colleagues and reviewing -- they put together binders of  information for each of the Warner Lambert products, with reviewed those and it was supposed to contain all information about indications, safety, efficacy, history of labeling, so, yes, I made it a point of reviewing that document.

. . . .

Q.   Did the binder have a name?

A.   I don't remember a name knowledge transfer binder?  I'm not really sure.

Q.   But in any event you recall receiving a binder of information with respect to the various drugs that were involved in the transition?

A.   Yes.

. . . .

Q.   So there should be a binder with  respect to Neurontin that gave you an understanding of the life cycle of the drug, right?

A.   It was a synopsis, hm-hmm.

To the extent defense counsel maintains that any of the above information has previously been provided, please provide the courtesy of identifying where in your exchange these documents exist (e.g., bates numbers).  I look forward to hearing from you regarding the above.

Very truly,

Kenneth Fromson



# Finkelstein & PARTNERS
*Counselors At Law*

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Meson (NY)
Julio E. Urrutia (NY)

Debra J. Reisenman (NY)
Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)

Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mezoff (NY)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Karen M. Queenan (NY & CT)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

*Of Counsel*
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Sheila Rosenrauch (NY)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

*Accredited CLE Provider*

REFER TO OUR FILE #: 200599

June 29, 2007

Jim Rouhandeh
Erik Zissu
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re:    Neurontin Litigation
       Deposition of Lloyd Knapp

Dear Erik:

In light of Mr. Lloyd Knapp's testimony, I am writing to you to recover certain items of discovery. I am available to confer on the issues set forth below.

First, Mr. Knapp testified that he reviewed certain documents prior to his deposition for purposes of preparation of his testimony in the capacity of a witness under Federal Rule 30b6; he also reviewed documents prior to his deposition that refreshed his recollection as to knowledge regarding Neurontin. Kindly provide those documents to my attention immediately. To the extent you have an objection, please reach out to me so that we can discuss the matter. As a courtesy, I am setting forth below excerpts of Mr. Knapp's testimony from an unofficial copy of the reporter's transcript.

For example, during questioning by Mr. Notargiacomo, the following testimony is reflected:

> Q. Okay. What did you do to prepare for today's deposition?
> A. I had several meetings with my attorneys. I reviewed documents that seemed would be appropriate to review for this meeting. And that was about it.
>
> Q. How many meetings did you have with your attorneys? I'm not asking you to discuss anything you -- anything that was said in those meetings. I just want to know how many you had.
> A. It and would be appropriate to discuss what was said at those meetings. But I believe three meetings, something of that order.
>
> Q. And when did those take place -- take place?
> A. I don't remember when the -- when the first one was. Several months ago. And then more recently a couple of meetings within the last couple of weeks.
>
> Q. All told how many times do you think you met with your attorneys to prepare for this deposition?
> A. Probably of the order of seven, eight, nine hours total.

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE                              50 PARK PLACE, 10th FLOOR
NEWBURGH, NY 12550                               NEWARK, NJ 07102

Q. And you said you reviewed documents as appropriate. Do you recall what documents you reviewed?

MR. SAYLER: Objection. Privileged. I instruct you not to answer.

MR. NOTARGIACOMO: His recollection of what documents he reviewed for preparation for this deposition is privileged?

MR. SAYLER: Yes. The documents given do him were all selected by counsel. Reflect our mental impressions and work product.

A further example of the testimony that serves as a basis for the disclosure of the documents in question is reflected in the questions I posed to Mr. Knapp and testimony he provided on June 27, 2007:

Q. Did your review of documents provided to you by counsel refresh your recollection as to any of your knowledge regarding the labeling history of Neurontin.
A. Certainly.

Q. How much time did you spend reviewing those types of documents that actually refreshed your recollection of the labeling history of Neurontin? Just focusing on those.
. . . .
A. Oh, I see. I see. It probably would be included in that estimate of five to ten hours.

Under both the federal rules of civil procedure, as well as the NY CPLR, Plaintiffs' position is that this testimony required Defendants to immediately disclose and exchange the documents reviewed by Mr. Knapp so that Plaintiff's counsel could have an opportunity to review and utilize such depositions during Mr. Knapp's testimony.

Second, Mr. Knapp provided testimony that identified Drusilla Scott, as well as her role and responsibilities with the Neurontin product. Plaintiff's position is that Drusilla Scott is an individual from whose custodial file Plaintiff should have been provided documents responsive to discovery demands served throughout this litigation. Excerpts from the unofficial deposition transcript clearly demonstrate Dr. Scott as a person with knowledge of regulatory affairs issues relevant to Neurontin:

Q. This is a memo it appears from Drusilla L. Scott who is identified as PGRD world wide regulatory affairs Ann Arbor to members of the labeling review committee for U.S. Neurontin neuropathic pain supplemental FDA. Is that accurate?
A. That's what this reads, yes.

Q. Are you were you a member of the labeling subcommittee as identified in this document?
A. Yes, as identified in this document, yes.

Q. Okay. We discussed the various committees that you served on of claims yesterday. We didn't discuss the labeling sub committee. Is that another team or sub committee or committee that you served on?
A. Certainly I would have served on this one, the context of the question yesterday and testimony that was given as I understood it that is the context as I understood it and the response was to standing committees. And I responded to standing committees that meet regularly. This was a committee that is, you know, purpose driven. It's an ad hoc situation and, therefore, wouldn't have been -- wouldn't have met regularly and continuously. It would have met for a purpose and then when that purpose was completed, then the labeling sub committee would not continue to meet. So I think that both are consistent.

Q. What was the purpose of the -- of this labeling sub committee?
A. The purpose was to ensure that proposed labeling was reviewed through all appropriate disciplines required to have technical expertise, regulatory expertise regarding information to be included in the proposed update to the Neurontin label regarding the then-neuropathic pain submission which subsequently, of course, was amended to post-herpetic neuralgia.

. . . .

Q.  Who is in charge of the proposed label?  Is there an individual who headed up that, that piece of the application?
A.  Yes.  That would typically fall to the lead regulatory person who assumes that role of -- of taking the label through its various stages of preparation to its ultimate label that is -- that is approved for submission.  And that would be Dr. Scott.

Q.  Did she also to your recollection head up the effort or the drafting of the labeling when the SNDA was amended to just include PHN?
A.  I don't recall specifically.  The strategic discussion of that I actually led.  The implementation of the agreement to -- to alter our approach would have fallen to Dr. Scott, yes, in terms of -- okay -- what label change are we actually going to make.  There would have -- there would have been some general discussion of that in the strategic discussion around the fact that we had submitted for neuropathic pain and now we felt that it was in the best interest of Pfizer and Neurontin and patients to go with post-herpetic neuralgia.

It is my understanding that Defendants have not produced any documents that would be identified as having been produced from her custodial files, and we believe this deficiency should be resolved by the disclosure of her documents, as well as an explanation as to why no documents have yet been provided.  To the extent documents from Dr. Scott's custodial files have been produced, kindly provide the courtesy of the bates range numbers that correspond accordingly.

Very truly,

Kenneth Fromson

EXHIBIT C



# Finkelstein & PARTNERS
## Counselors At Law

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)

————————
Debra J. Reisenman (NY)
Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)

Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mezoff (NY)
Christopher T. Milliman (NY)
Silvia Farmanan (NY)
Edward M. Steves (NY)
Karen M. Queenan (NY & CT)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

Of Counsel
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Sheila Rosenrauch (NY)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)

Accredited CLE Provider

REFER TO OUR FILE #: 200599

June 28, 2007

Jim Rouhandeh
Erik Zissu
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re: Neurontin Litigation

Counsel:

Attached please find a document disclosed by Defendants during the course of the litigation. The document depicts a chart entitled, "Neurontin Inquiries in USMI (2001 – present)" with bates stamp Pfizer_JSu_0031385. In particular, the chart purportedly depicts the numbers of inquiry responses during the subject time period.

Our review of the data included in the Merlin database previously disclosed by defendants as it pertains to inquiry responses does not equal the figures depicted in the abovementioned chart. While this discrepancy could be for a number of reasons (including a simple typographical error in the chart), we are obviously concerned that we were not provided with all of the discoverable data: the data we received are less than the data expressed in the chart.

Kindly accept this letter as a request to confer on the above issue set forth above. To the extent that the Defendants' disclosure is deficient and the parties are unable to resolve the matter, it is our intention to seek judicial intervention.

Very truly,

Kenneth B. Fromson

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102



# Finkelstein & PARTNERS
*Counselors At Law*

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

Howard S. Finkelstein, P.C. (NY)
Andrew J. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Mason (NY)
Julio E. Urrutia (NY)

_____
Debra J. Reisenman (NY)
Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)

Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mezoff (NY)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Karen M. Queenan (NY & CT)
Mario M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

*Of Counsel*
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Sheila Rosenrauch (NY)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)

*Accredited CLE Provider*

REFER TO OUR FILE #: 200599

June 28, 2007

Jim Rouhandeh
Erik Zissu
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re:    Neurontin Litigation

Counsel:

Please disregard my previous letter of today as it was incomplete. I am providing to you further information that may be useful to you in addressing issues relating to the Merlin data previously disclosed.

Attached please find a document disclosed by Defendants during the course of the litigation. The document depicts a chart entitled, "Neurontin Inquiries in USMI (2001 – present)" with bates stamp Pfizer_JSu_0031385. In particular, the chart purportedly depicts the numbers of inquiry responses during the subject time period.

Our review of the data included in the Merlin database previously disclosed by defendants as it pertains to inquiry responses does not equal the figures depicted in the abovementioned chart. While this discrepancy could be for a number of reasons (including a simple typographical error in the chart), we are obviously concerned that we were not provided with all of the discoverable data: the data we received are less than the data expressed in the chart. I am including as an attachment pertinent data from the Merlin database that was provided to our office.

Kindly accept this letter as a request to confer on the above issue set forth above. To the extent that the Defendants' disclosure is deficient and the parties are unable to resolve the matter, it is our intention to seek judicial intervention.

Very truly,

Kenneth B. Fromson

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

| YMCompleted | Expr1 |
|---|---|
| 1998-12 | 1230 |
| 1999-01 | 1322 |
| 1999-02 | 1734 |
| 1999-03 | 2110 |
| 1999-04 | 1687 |
| 1999-05 | 1184 |
| 1999-06 | 1226 |
| 1999-07 | 1368 |
| 1999-08 | 1638 |
| 1999-09 | 1754 |
| 1999-10 | 1491 |
| 1999-11 | 1407 |
| 1999-12 | 997 |
| 2000-01 | 1201 |
| 2000-02 | 1471 |
| 2000-03 | 1923 |
| 2000-04 | 1277 |
| 2000-05 | 1259 |
| 2000-06 | 1129 |
| 2000-07 | 945 |
| 2000-08 | 1367 |
| 2000-09 | 948 |
| 2000-10 | 779 |
| 2000-11 | 572 |
| 2000-12 | 520 |
| 2001-01 | 925 |
| 2001-02 | 710 |
| 2001-03 | 721 |
| 2001-04 | 724 |
| 2001-05 | 641 |
| 2001-06 | 687 |
| 2001-07 | 611 |
| 2001-08 | 688 |
| 2001-09 | 630 |
| 2001-10 | 642 |
| 2001-11 | 539 |
| 2001-12 | 474 |
| 2002-01 | 770 |
| 2002-02 | 702 |
| 2002-03 | 718 |
| 2002-04 | 773 |
| 2002-05 | 628 |
| 2002-06 | 522 |
| 2002-07 | 517 |
| 2002-08 | 743 |
| 2002-09 | 1152 |
| 2002-10 | 1589 |
| 2002-11 | 1131 |
| 2002-12 | 857 |
| 2003-01 | 982 |
| 2003-02 | 949 |
| 2003-03 | 797 |
| 2003-04 | 841 |
| 2003-05 | 750 |
| 2003-06 | 683 |
| 2003-07 | 857 |
| 2003-08 | 874 |
| 2003-09 | 57 |

EXHIBIT D

# Finkelstein & PARTNERS
## Counselors At Law

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)

Debra J. Reisenman (NY)
Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)

Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mezoff (NY)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Karen M. Queenan (NY & CT)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

Of Counsel
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Sheila Rosenrauch (NY)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)

Accredited CLE Provider

REFER TO OUR FILE #: 200599                    March 7, 2007

Jim Rouhandeh
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re: Neurontin MDL and NY Coordinated Litigation

Dear Jim:

As you know, Plaintiffs' expert reports are due no later than October 1, 2007, and Plaintiffs' experts are to be deposed by October 21, 2007. In this regard, Product Liability Plaintiffs have already been coordinating with experts to confirm their available dates for depositions. I trust that you will find useful the proposed dates I have set forth below so that you can plan your calendar accordingly.

This correspondence does not represent a formal disclosure of Plaintiffs' experts. Obviously, we will disclose experts in the form and fashion required by court rules. Where an expert's identity has not been disclosed, I have indicated "To Be Disclosed", the general subject matter, and I have proposed dates based upon the witness's current availability. As additional experts confirm their availability, I can update this correspondence accordingly. Please consider the following dates for depositions:

| Expert Name | Subject | Proposed Deposition Dates 2007 |
|---|---|---|
| To Be Disclosed | Regulatory | October 10, 11,12 |
| To Be Disclosed | General/Specific Causation | October 10, 11, 12 October 17, 18, 19 |
| To Be Disclosed | General/Specific Causation | October 18, 19 |
| To Be Disclosed | General/Specific Causation | October 11, 12 |
| To Be Disclosed | Sales/Marketing | October 10, 11 |
| To Be Disclosed | Sales/Marketing | October 2, 3 |

Upon review of these dates, please advise accordingly so that we can finalize the logistics for the experts.

Very truly,

Kenneth B. Fromson

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

ERIK M. ZISSU
212 450 4511
ERIK.ZISSU@DPW.COM

May 25, 2007

Re:    *In re Neurontin Marketing, Sales Practices and Products Liability Litigation*, MDL 1629

Kenneth B. Fromson, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Dear Ken:

I write in response to your letter dated May 21, 2007, with respect to scheduling deposition dates for plaintiffs' experts in the MDL and New York Coordinated action. As an initial matter, you may recall that the parties discussed your proposed schedule after receiving your letter of March 7, 2007, and that they agreed at that time that the proposal was premature.

While still premature, your request that defendants now acquiesce to the dates offered in your March 7 letter raises practical concerns. You have put forward October 2 and 3 for the deposition of one of your "Sales/Marketing" experts. Given that plaintiffs are not required to disclose their experts and submit their reports to defendants until October 1, your proposal provides defendants less than 24 hours to review your expert's report and prepare for a deposition. This is unreasonable. Defendants also note that you have not offered any of your experts for a deposition on October 8, 9, 15 or 16, and instead have proposed double- or triple-tracked depositions.

Your proposal to double-track expert depositions of your "General/Specific Causation" experts is particularly problematic and unreasonable. Every effort should be made to ensure that plaintiffs' experts are not deposed on overlapping dates.

Defendants reserve all rights with respect to your proposal. We are

Kenneth B. Fromson, Esq.          2                    May 25, 2007

available to discuss scheduling of plaintiffs' experts.  If you have any questions, please do not hesitate to contact me.

Very truly yours,

Erik M. Zissu

By Facsimile & Mail



# Finkelstein & PARTNERS
## Counselors At Law

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Meson (NY)
Julio E. Urrutia (NY)

Debra J. Reisenman (NY)
Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)

Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mezoff (NY)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Karen M. Queenan (NY & CT)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

Of Counsel
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Shelia Rosenrauch (NY)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

Accredited CLE Provider

REFER TO OUR FILE #: 200599

June 1, 2007

Jim Rouhandeh
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re: Neurontin MDL and NY Coordinated Litigation

Dear Jim:

In furtherance of my attempts to get availability from experts, I have additional dates of availability as it pertains to one of our experts who is anticipated to testify as to general/specific causation in the Track 1 cases. The chart below is modified accordingly. At this point, I have confirmed with each expert their availability for October. Please be guided accordingly. I would appreciate the courtesy of a response by June 11th as I must confirm these dates with the experts so as to preserve their availability.

| Expert Name | Subject | Proposed Deposition Dates 2007 |
|---|---|---|
| To Be Disclosed | Regulatory | October 10, 11,12 |
| To Be Disclosed | General/Specific Causation | October 4, 5<br>October 8, 9, 11, 12<br>October, 15, 16, 17 |
| To Be Disclosed | General/Specific Causation | October 18, 19 |
| To Be Disclosed | General/Specific Causation | October 4 (after 2:30pm), 5<br>October 11 (after 2:30pm), 12<br>October 18 (after 2:30pm), 19 |
| To Be Disclosed | Sales/Marketing | October 8, 9 (until 3pm), 10, 11, 12<br>October 15, 16 (until 3pm), 17 |
| To Be Disclosed | Sales/Marketing | October 2, 3, 16, 17 |

Very truly,

Kenneth B. Fromson

Newburgh · Albany · Binghamton · Kingston · Middletown · Monroe · New Windsor · Newark · Port Jervis · Poughkeepsie · Spring Valley · Syracuse · Troy · Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

EXHIBIT E

HUGHES HUBBARD & REED LLP
A New York Limited Liability Partnership
101 HUDSON STREET, SUITE 3601
JERSEY CITY, NEW JERSEY 07302-3918
Telephone: (201) 536-9220
Telecopy: (201) 536-0799
Attorneys for Defendant Merck & Co., Inc.

RECEIVED AND
FILED

MAY 1 2 2004

ATLANTIC COUNTY
LAW DIVISION

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ATLANTIC COUNTY

CASE NO. 619

CIVIL ACTION
*APPLICABLE TO ALL CASES*

IN RE VIOXX® LITIGATION

CASE MANAGEMENT
ORDER NO. 3

**THIS MATTER** having come before the Court for a case management conference on March 26, 2004, and counsel for plaintiffs and counsel for defendants having been present and for good cause shown,

IT IS on this __12__ day of ___May___, 2004,

**ORDERED** as follows:

1.      The first fifteen (15) cases to be tried are ~~to be selected by agreement of counsel for both plaintiffs and defendant, Merck & Co., Inc. ("Merck"), or~~, absent an agreement, is to be determined from the filing date based on their original county of venue. ~~The Clerk of the Court shall supply~~ a list of all individual filed cases, including their dates of filing and the original county of venue. is attached to this order.

2.      The discovery end date for the first fifteen (15) cases is **April 1, 2005.** The dates set forth below apply only to those fifteen (15) cases, and neither plaintiffs nor defendant are prevented from seeking affirmative discovery from each other in later cases:

a.    Document and database discovery from Merck shall be completed by **July 30, 2004**.

b.    Fact discovery shall be completed by **December 1, 2004**;

c.    Plaintiffs' expert reports shall be served by **January 14, 2005**;

d.    Defendant's expert reports shall be served by **February 15, 2005**;

e.    Depositions of experts shall be conducted between February 15 and April 1, with depositions of plaintiffs' experts first and depositions of defense experts to follow. Depositions of experts shall be completed by **April 1, 2005**;

3.    Defendant Merck is granted permission to file a motion to dismiss for *forum non conveniens* and the following briefing schedule shall apply:

a.    Defendant's brief in support of its motion shall be filed and served by **April 12, 2004**;

b.    Plaintiffs' opposition brief shall be filed and served by **May 12, 2004**;

c.    Defendant's reply brief shall be filed and served by **June 2, 2004**;

d.    Oral argument shall be heard on Friday, **June 11, 2004**.

4.    A case management conference shall be held on **October** _1_, 2004. *at 9; 30.*

5.    A true and exact copy of this Order shall be served on all counsel within seven (7) days of receipt of an executed copy by counsel for Merck.

_____

Honorable Carol E. Higbee, J.S.C.

EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | : | MDL DOCKET NO. 4:03-CV-1507-WRW |
| PREMPRO PRODUCTS LIABILITY | : |  |
| LITIGATION | : | ALL CASES |

### ORDER Re: Rulings from March 23, 2007 Hearing

Based on the findings of fact and conclusions of law made in the March 23, 2007 status conference, the following is ordered:

**1.     Proposed PPO 9**

Wyeth is directed to file a motion regarding its Proposed PPO 9 by 5 p.m., Monday, April 2, 2007. Plaintiffs' response must be filed by 5 p.m., Thursday, April 12, 2007. A telephone conference will be held at 8:30 a.m. on Friday, April 20, 2007.

**2.     Next Bellwether Trials in the Eastern District of Arkansas**

The next two bellwether cases in the Eastern District of Arkansas will commence on Tuesday, December 4, 2007 and Monday, February 4, 2008. I plan on selecting the two cases and entering scheduling orders within the next week or two.

**3.     Wyeth's Motion to Quash 30(b)(6) Notice re Sales Data (Doc. No. 1417)**

Wyeth's Motion is DENIED. Plaintiffs may depose one person on this topic.

**4.     Wyeth's Motion to Quash 30(b)(6) Notice re Aprella (Doc. No. 1415)**

The parties are directed to file follow-up briefs on this issue. Defendant's brief must be filed by 5 p.m., Monday, April 2, 2007 and Plaintiffs' response must be filed by Thursday, April 12, 2007.

IT IS SO ORDERED this 23rd day of March, 2007.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

1