UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
                                                        :   MDL Docket No. 1629
In re:   NEURONTIN MARKETING,                           :
         SALES PRACTICES AND                            :   Master File No. 04-10981
         PRODUCTS LIABILITY LITIGATION                  :
                                                        :   Judge Patti B. Saris
---------------------------------------------------------x
                                                        :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                               :
                                                        :
ALL ACTIONS                                             :
                                                        :
                                                        :
---------------------------------------------------------x

**PRODUCTS LIABILITY PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
CONCERNING RULE 30(b)(6) DEPOSITION NOTICES**

Products Liability Plaintiffs, (hereinafter "PL Plaintiffs"), respectfully submit this response to the motion by Defendants Pfizer Inc. and Warner-Lambert Company, (hereinafter collectively "Defendants"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the entry of a protective order concerning three notices of deposition pursuant to Rule 30(b)(6). In particular, PL Plaintiffs object to that part of Defendants' motion seeking a protective order with regard to Plaintiffs' Notice of Deposition of Defendants by a person or persons knowledgeable with respect to: (1) document retention policies; (2) the functioning and use of the computer systems, including hardware and software used by Defendants, for the storage, retrieval, programming, imputing, or formatting of any information in any data base of Pfizer including word processing programs; (3) the Electronic Mail (E-mail system(s) utilized by or at Pfizer; (4) identifying and describing in detail policies or procedures of Defendants to produce documents and electronic data in this Multi-District Litigation; and (5) the search for and

collection of documents. *See* Plaintiffs' Notice of Deposition, dated June 11, 2007, annexed to Defendants' Motion as Exhibit B.

On or about March 5, 2007, two months before service of Plaintiffs' Notice of Deposition at issue, PL Plaintiffs' counsel provided counsel for Defendants with a similar "proposed" Plaintiffs' Notice of Deposition upon oral examination of the employee, officer or agent of Defendants most knowledgeable regarding: (1) Defendants' document retention policies and procedures; (2) Defendants' design, implementation, and maintenance of computer systems; and (3) the identifying and describing in detail of policies or procedures of Defendants to produce documents and electronic data in this Multi-District Litigation. *See* Plaintiffs' Notice of Deposition, annexed hereto as Exhibit A.

The proposed Notice was provided to counsel for Defendants so as to agree on a date for the deposition as well as to clarify the issues about which the witness was expected to testify. PL Plaintiffs' counsel engaged in meaningful negotiations concerning a meet/confer, and reached an agreement in principle that an in-person conference would be held with Defendants' representative, Laura Kibbe, Esq., in which the topics set forth in the deposition notice could be discussed in an open forum without a stenographer, in the hope that a formal deposition would be unnecessary.

In an email dated June 13, 2007 (annexed hereto as Exhibit B), counsel for Defendants proposed the following:

> Ken [Kenneth B. Fromson, Esq.],
>
> We propose that the interview of Laura Kibbe relating to documents take place on July 13, 2007 at the offices of Davis Polk. We understand that you expect the interview to last 3 - 4 hours. To facilitate the process, we

request that you let us know well in advance of the interview which specific topics you want to cover.

We understand that you may want to seek a 30b6 deposition relating to documents after the interview is concluded if you believe the interview was insufficient. Because the parties are agreeing to conduct the interview on the last day of the deposition period, we will agree, subject to the following four points, that any such deposition can take place after the close of the deposition period. First, defendants would require you to notify us within one week of the completion of the interview if you want to proceed with a deposition. Second, we would require that the deposition itself be completed by the end of July. Third, we reserve the right to designate the witness for such a deposition. Fourth, we reserve the right to object to the deposition happening and/or to move for a protective order if we believe that your needs have been met through the interview.

Please let us know if you agree to this proposal.

Debbie [Deborah L. MacGregor, Esq.]

Thereafter, on June 15, 2007, PL Plaintiffs' counsel responded with the following email (annexed hereto as Exhibit B):

Debbie - Thank you for the email. On behalf of Products Liability Plaintiffs, I am amenable to your four points; I suggest we begin no earlier than 1pm on 7/13. As you may know, Keith and I will be present at the 30b6 pharmacovigilance deposition on 7/12 and 7/13.

At your convenience, please confirm the time, location, etc.

Regards,

Ken

Unfortunately, while counsel for PL Plaintiffs and Defendants were reaching an agreement to resolve the Notice of Deposition, counsel for Coordinated Plaintiffs were also actively negotiating their Notice of Deposition. The inability of counsel for Coordinated Plaintiffs and Defendants to resolve their differences concerning their Notice of Deposition resulted in the pending Defendants' Motion for Protective Order, and the withdrawal by counsel for Defendants of the previous offer to meet/confer with Laura

3

Kibbe discussed above, as shown in the following July 3, 2007 email (annexed hereto as Exhibit C):

> Ken,
>
> Jim asked me to get back to you on this. As you are aware, Cohen and Malad served defendants with a deposition notice on document retention on June 11, 2007. In light of that notice, we asked sales and marketing plaintiffs whether they were amenable to proceeding under the same agreement we had reached with the product liability plaintiffs relating to an interview in this area. Sales and marketing plaintiffs informed us yesterday that they would not agree to this approach, and instead insist on their right to conduct a deposition. In light of this position, defendants cannot proceed with the interview. As you know, however, from yesterday's meet and confer call and the letter we sent to Linda Nussbaum today (copied to you), defendants will provide a 30b6 witness to testify regarding document retention issues once we resolve issues of scope related to plaintiffs' notice.
>
> Please let Jim, Erik or I know if you have any questions.
>
> Debbie MacGregor

Consequently, PL Plaintiffs are left without the previously agreed upon meet/confer with Laura Kibbe, without a formal scheduled deposition, and without 21 days to serve a formal notice of deposition since the discovery deadline will end on July 13, 2007. It appears that Defendants do not object to a deposition of a person knowledgeable concerning the above-mentioned deposition notice, but only seek to limit the scope of that deposition. Inasmuch as the discovery deadline will end on July 13, 2007, PL Plaintiffs will need an extension of that deadline to take such a deposition or to conduct a meet/confer and interview with the proposed witness, Laura Kibbe.

In view of the above, Products Liability Plaintiffs respectfully request an extension of the July 13, 2007 deadline to take the Rule 30(b)(6) deposition of Defendants by a person knowledgeable about: (1) Defendants' document retention

policies and procedures; (2) Defendants' design, implementation, and maintenance of computer systems; and (3) the identifying and describing in detail of policies or procedures of Defendants to produce documents and electronic data in this Multi-District Litigation., or to conduct a meet/confer and interview with the proposed witness, Laura Kibbe.

Dated: July 9, 2007                            Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*

By:   **/s/ Andrew G. Finkelstein**
      Andrew G. Finkelstein, Esquire
      Finkelstein & Partners, LLP
      436 Robinson Avenue
      Newburgh, NY  12550

By:   **/s/ Jack W. London**
      Jack W. London, Esquire
      Law Offices of Jack W. London
          & Associates
      106 E. 6th Street, Suite 700
      Austin, TX  78701

### CERTIFICATION OF GOOD FAITH

I hereby certify that I have conferred in good faith with counsel for Defendants on concerning the issues presented in foregoing motion, and the parties have been unable to resolve the issues without the intervention of this Court.

Dated: July 9, 2007

                            **/s/ Kenneth B. Fromson**
                            Kenneth B. Fromson, Esquire

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 9, 2007.

/s/ **Kenneth B. Fromson**
Kenneth B. Fromson, Esquire

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------x
In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY
LITIGATION                                              MDL Docket No. 1629
------------------------------------------------------x Master File No. 04-10981
THIS DOCUMENT RELATES TO:
PRODUCTS LIABILITY ACTIONS                              Judge Patti B. Saris
                                                        Magistrate Leo T. Sorokin
------------------------------------------------------x

PLAINTIFFS' NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal rules of Civil Procedure, Plaintiffs, by and through their counsel, will take the deposition upon oral examination of the employee, officer or agent ("person most knowledgeable") of defendants PFIZER INC., PARKE-DAVIS, a division of Warner Lambert Company, WARNER LAMBERT COMPANY, WARNER LAMBERT COMPANY, LLC. (hereafter, "Defendants") most knowledgeable regarding the issues described below, whose current addresses are known to Defendants, before a person authorized to administer oaths. The testimony shall be recorded by sound-and-visual and by stenographic means, as indicated below:

| DEPONENT | DATE / TIME | LOCATION |
|---|---|---|
| Person Most Knowledgeable | | Davis Polk & Wardwell 450 Lexington Avenue New York, NY 10017 |

*Definitions:*

The term "document" or any similar term is used in its broadest possible sense and shall include, but not be limited to any original, reproduction or copy, and non-identical copy (i.e., copy with marginal notes, deletions, etc.) of any kind of written, printed, typed, electronically created or stored, or other graphic matter of any type, documentary material, or drafts thereof, including, but not limited to, any correspondence, memoranda, interoffice or intra-office communications, notes, diaries, journals, calendars, contract documents, publications, calculations, estimates, vouchers, minutes of meetings, invoices, reports, studies, computer tapes, computer disks, computer cards, computer files, e-mails, photographs, negatives, slides, dictation belts, voice tapes, telegrams, notes of telephone conversations and notes of any oral communications.

*Issues:*

1. The designated person or persons must be knowledgeable on the Defendants' document retention policies and procedures and be prepared to discuss the following topics:

    a. Identify and describe in detail (as used by each department or division) any standard operating procedures or polices regarding document retention, collection and management that would encompass documents relating to Neurontin;

    b. Identify and describe in detail (as used by each department or division) the manner in which Defendants have actually retained, collected and managed documents relating to Neurontin;

    c. To the extent not already encompassed by issue 1(a), identify and describe in detail (as used by each department or division) any standard operating procedures or policies regarding document retention, collection and management that existed at the time of the merger between Pfizer and Warner Lambert in approximately June, 2000 and which would include documents relating to Neurontin.

    d. To the extent not already encompassed by issue 1(b), identify and describe in detail (as used by each department or division) the manner in which Defendants actually retained, collected and managed documents relating to Neurontin that existed at the time of the merger between Pfizer and Warner Lambert in approximately June, 2000;

    e. To the extent not already encompassed by issue 1(b), identify and describe

      in detail (as used by each department or division) the depository, if any, in which Defendants actually retained, collected and managed documents relating to Neurontin;

  f. To the extent not already encompassed by issue 1(a), identify and describe in detail (as used by each department or division) any standard operating procedures or policies regarding integration of documents from Warner Lambert to Pfizer resulting from the merger between Pfizer and Warner Lambert in approximately June, 2000 and which would include documents relating to Neurontin;

  g. To the extent not already encompassed by issue 1(b), identify and describe in detail (as used by each department or division) the manner in which Defendants have actually integrated documents from Warner Lambert to Pfizer resulting from the merger between Pfizer and Warner Lambert in approximately June, 2000 and which would include documents relating to Neurontin.

2. The designated person or persons must be knowledgeable on the Defendants' design, implementation, and maintenance of computer systems and be prepared to discuss the following topics:

  a. Identify and describe in detail (as used by each department or division) any computer or computer system used by Defendants relating to Neurontin;

  b. Identify and describe in detail software and database systems used by Defendants relating to Neurontin;

  c. Identify and describe in detail backup procedures used by Defendants to preserve data relating to Neurontin;

  d. Identify and describe in detail computer system upgrades installed by Defendants relating to Neurontin;

  e. Identify and describe in detail the policies and procedures of Defendants for use of e-mail by employees or agents relating to Neurontin;

  f. Identify and describe in detail computers, laptops and database or software programs used by sales representatives of Defendants to record information about Neurontin;

3. Identify and describe in detail policies or procedures of Defendants to produce documents and electronic data in this Multi-District Litigation.

Dated: March 5, 2007

            Andrew G. Finkelstein
            FINKELSTEIN & PARTNERS
            *Attorneys for Products Liability Plaintiffs*
            436 Robinson Avenue
            Newburgh, NY 12550
            (845) 562-0203

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___day of March 2007, I caused to be served a true and correct copy of the foregoing Notice of Deposition by email PDF and first class U.S. Mail, postage prepaid, to:

Jim Rouhandeh
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
Rouhandeh@dpw.com


David Chaffin
Hare & Chaffin
160 Federal Street
Boston, MA 02110
(617) 330-5000
dchaffin@hare-chaffin.com

*Attorneys for Defendants Pfizer, et uno*


Thomas M. Sobol
Hagens Berman Sobol Shapiro, LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Tom@hbsslaw.com

*Attorneys for Plaintiff Harden Manufacturing Corporation
and Plaintiffs' Liaison Counsel*


_____
Andrew G. Finkelstein

EXHIBIT B

Kenneth Fromson /FLGP
06/15/2007 02:53 PM

To "MacGregor, Deborah L." <deborah.macgregor@dpw.com>
cc "Rouhandeh, James P." <rouhandeh@dpw.com>, kaltman@lawampmmt.com
Subject RE: Meet/Confer: Laura Kibbe

Debbie - Thank you for the email. On behalf of Products Liability Plaintiffs, I am amenable to your four points; I suggest we begin no earlier than 1pm on 7/13. As you may know, Keith and I will be present at the 30b6 pharmacovigilance deposition on 7/12 and 7/13.

At your convenience, please confirm the time, location, etc.

Regards,

Ken
"MacGregor, Deborah L." <deborah.macgregor@dpw.com>



"MacGregor, Deborah L ."
<deborah.macgregor@dpw.com>
06/13/2007 09:27 PM

To <KennethFromson@lawampm.com>
cc "Rouhandeh, James P." <rouhandeh@dpw.com>
Subject RE: Meet/Confer: Laura Kibbe

Ken,

We propose that the interview of Laura Kibbe relating to documents take place on July 13, 2007 at the offices of Davis Polk. We understand that you expect the interview to last 3 - 4 hours. To facilitate the process, we request that you let us know well in advance of the interview which specific topics you want to cover.

We understand that you may want to seek a 30b6 deposition relating to documents after the interview is concluded if you believe the interview was insufficient. Because the parties are agreeing to conduct the interview on the last day of the deposition period, we will agree, subject to the following four points, that any such deposition can take place after the close of the deposition period. First, defendants would require you to notify us within one week of the completion of the interview if you want to proceed with a deposition. Second, we would require that the deposition itself be completed by the end of July. Third, we reserve the right to designate the witness for such a deposition. Fourth, we reserve the right to object to the deposition happening and /or to move for a protective order if we believe that your needs have been met through the interview.

Please let us know if you agree to this proposal.

Debbie

**From:** KennethFromson@lawampm.com [mailto:KennethFromson@lawampm.com]
**Sent:** Friday, June 08, 2007 12:02 PM
**To:** Rouhandeh, James P.
**Cc:** Kaltman@lawampmmt.com
**Subject:** Meet/Confer: Laura Kibbe

Jim - At your convenience, let us know time and location for 7/13. If there is something in writing you want to propose re the parties reserving rights/objections, etc. to any deposition on records retention, please shoot one my way.

---

This Email has been scanned for all viruses by PAETEC Email Scanning Services, utilizing MessageLabs proprietary SkyScan infrastructure. For more information on a proactive anti-virus service working around the clock, around the globe, visit http://www.paetec.com.

EXHIBIT C

|  |  |
|---|---|
| Kenneth Fromson /FLGP<br>07/03/2007 12:59 PM | To "MacGregor, Deborah L." <deborah.macgregor@dpw.com><br>cc "Zissu, Erik M." <erik.zissu@dpw.com>, "Rouhandeh, James P." <rouhandeh@dpw.com><br>Subject Re: FW: neurontin: conference with Laura Kibbe |

Debbie - I understand. Thank you for the courtesy of the response.

Ken
"MacGregor, Deborah L." <deborah.macgregor@dpw.com>



|  |  |
|---|---|
| "MacGregor, Deborah L ."<br><deborah.macgregor@dpw.com><br>07/03/2007 12:43 PM | To <KennethFromson@lawampm.com><br>cc "Rouhandeh, James P." <rouhandeh@dpw.com>, "Zissu, Erik M." <erik.zissu@dpw.com><br>Subject FW: neurontin: conference with Laura Kibbe |

Ken,

Jim asked me to get back to you on this. As you are aware, Cohen and
Malad served defendants with a deposition notice on document retention
on June 11, 2007. In light of that notice, we asked sales and marketing
plaintiffs whether they were amenable to proceeding under the same
agreement we had reached with the product liability plaintiffs relating
to an interview in this area. Sales and marketing plaintiffs informed
us yesterday that they would not agree to this approach, and instead
insist on their right to conduct a deposition. In light of this
position, defendants cannot proceed with the interview. As you know,
however, from yesterday's meet and confer call and the letter we sent to
Linda Nussbaum today (copied to you), defendants will provide a 30b6
witness to testify regarding document retention issues once we resolve
issues of scope related to plaintiffs' notice.

Please let Jim, Erik or I know if you have any questions.

Debbie MacGregor

----- Original Message -----
From: KennethFromson@lawampm.com <KennethFromson@lawampm.com>
To: Zissu, Erik M.; Rouhandeh, James P.
Sent: Mon Jul 02 12:35:19 2007

Subject: neurontin: conference with Laura Kibbe

Unless I lost the email, I dont recall getting a confirmed date/time to have a meeting regarding records/database retention issues with Laura. I thought we were going to do it on the 13th? Time?

---

This Email has been scanned for all viruses by PAETEC Email Scanning Services, utilizing MessageLabs proprietary SkyScan infrastructure. For more information on a proactive anti-virus service working around the clock, around the globe, visit http://www.paetec.com.