UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

**OPPOSITION TO EMERGENCY MOTION FOR ONE-DAY EXTENSION FOR SALES AND MARKETING PLAINTIFFS TO FILE OPPOSITION TO MOTION OF DEFENDANTS PFIZER INC. AND WARNER-LAMBERT COMPANY FOR PROTECTIVE ORDER CONCERNING RULE 30(b)(6) DEPOSITION NOTICES**

Defendants Pfizer Inc. and Warner-Lambert Company (together, "Defendants") hereby oppose the sales and marketing plaintiffs' emergency motion to file and opposition to Defendants' motion for a protective order concerning three notices of deposition pursuant to Rule 30(b)(6).

The grounds for Defendants' opposition are:

1. Sales and marketing plaintiffs suggest that Defendants acted unfairly in filing the motion for a protective order when they did.

2. This is untrue.

3. Defendants had to file the motion only because plaintiffs refused to narrow the scope of patently improper Rule 30(b)(6) deposition notices. Thus, sales and marketing plaintiffs created the situation in which they find themselves.

4. Defendants only learned that the motion would have to be filed on July 2, 2007, when plaintiffs made it clear that they would not compromise.

5. The schedule for the briefing of motions to be heard on July 17 required that motions be filed on July 5.

6. Plaintiffs have known of the schedule for months.

7. Defendants were left, therefore, with three days within which to prepare the motion for a protective order.

8. One of those days was the Fourth of July.

9. The undersigned worked on the motion the Fourth of July in order to meet the July 5th deadline.

10. The motion was not filed when it was in order to disadvantage plaintiffs. It was filed when it was because it had to be, even though it required Defendants' counsel to pass on some festivities.

11. That sales and marketing plaintiffs have two business days (and four days in total) to respond is a product of the schedule, not of something Defendant did or failed to do.

12. The response time was sufficient: As the Court will notice, the product liability plaintiffs managed to file their response.

13. Sales and marketing plaintiffs' claim to the contrary notwithstanding, last weekend was not a holiday weekend.

14. Defendants are unwilling to assent to the extension because it will shorten the time for them to prepare their reply (which is due on Friday, July 13), inconveniencing them yet again. Enlarging Defendants' time to reply is no solution, for it would mean that the Court would not have the reply until the very eve of the conference.

WHEREFORE, Defendants respectfully request that the "emergency" motion be denied in its entirety or that, in the alternative, the Court require sales and marketing plaintiffs to file their opposition by noon on July 10.

Dated: July 9, 2007

                DAVIS POLK & WARDWELL

                By: /s/ James P. Rouhandeh
                      James P. Rouhandeh

                450 Lexington Avenue
                New York, New York 10017
                (212) 450-4000

                HARE & CHAFFIN

                By: /s/ David B. Chaffin
                      David B. Chaffin

                160 Federal Street
                Boston, Massachusetts 02110
                (617) 330-5000

                *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on July 9, 2007.

                /s/David B. Chaffin
                David B. Chaffin