# Exhibit 3



Kaplan Fox & Kilsheimer LLP
805 Third Avenue
New York, NY  10022
phone  212.687.1980
fax  212.687.7714
email  mail@kaplanfox.com
www.kaplanfox.com

May 14, 2007

**VIA EMAIL AND FEDERAL EXPRESS**

Matthew B. Rowland
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

**Re: In re Neurontin Marketing and Sales Practices Litigation, MDL
No. 1629 (PBS)**

Dear Matt:

On Friday, May 4, 2007, certain coordinated plaintiffs received 30(b)(6)
deposition notices. These plaintiffs included:  Kaiser Foundation Health Plan, Inc.,
Kaiser Foundation Hospitals, Aetna, Inc. and Guardian Life Insurance Company (the
"Coordinated Plaintiffs").  The 30(b)(6) deposition notices listed 23 deposition topics,
most of which were extremely broad.  While some topics included in the 30(b)(6)
deposition notices were appropriate, the Coordinated Plaintiffs object to other topics on
various grounds.

Below are:  (1) a list of topics to which the Coordinated Plaintiffs do not object;
(2) a list of topics to which the Coordinated Plaintiffs will not object, so long as they are
limited to Neurontin; (3) a list of topics to which the Coordinated Plaintiffs object, along
with the basis for these objections; and (4) other objections to the deposition notices:

**I.    Topics To Which the Coordinated Plaintiffs Do Not Object**

Topics 2, 19, 20, 21, 22, and 23 are appropriate 30(b)(6) deposition topics, which
are sufficiently narrow.  The Coordinated Plaintiffs agree to produce the appropriate
30(b)(6) witness to testify regarding these topics.

**II.    Topics To Which the Coordinated Plaintiffs Will Not Object, So Long
As They Are Limited To Neurontin**

The Coordinated Plaintiffs will agree to produce the appropriate 30(b)(6) witness
to testify regarding certain topics, as long as those topics are limited to Neurontin.  This

**KAPLAN*FOX***

lawsuit only pertains to defendants' marketing and sales practices of Neurontin.
Accordingly, Topics 3, 4, 5, and 6 should be limited to Neurontin. If these topics are
sufficiently limited to Neurontin, the Coordinated Plaintiffs will agree to produce
company representatives who can competently testify regarding these topics.

### III.    Other Topics To Which the Coordinated Plaintiffs Object

#### Topic 1

Your policies and practices concerning payment or reimbursement of claims for
drug prescriptions generally, including: (a) payment or reimbursement of claims
for Neurontin for off-label uses; (b) payment or reimbursement of claims for
Neurontin for particular off-label uses; (c) the inclusion, maintenance, and
removal of Neurontin on any formulary used, including any limits on Neurontin's
coverage; (d) disease management and drug utilization review relating to
Neurontin; (e) prior authorization programs relating to Neurontin; and (f)
academic detailing relating to Neurontin.

#### Response to Topic 1

The Coordinated Plaintiffs object to this topic as being overly broad, unduly
burdensome and irrelevant. Topic 2 is a mirror image of Topic 1, except to the extent
that Topic 2 pertains specifically to Neurontin. For this reason, the Coordinated Plaintiffs
do not object to Topic 2, but do object to Topic 1.

#### Topic 7

Any analysis that you or your representatives or agents, including your third-party
administrator(s) and pharmacy benefit manager(s), performed regarding whether
Neurontin provides a medical benefit to patients who take it at off-label dosages
or for pain, post-herpetic neuralgia, restless leg syndrome, diabetic peripheral
neuropathy, social phobia, panic disorder, migraine headache, monotherapy for
epilepsy, bipolar disorder, or any other off-label uses.

#### Response to Topic 7

The Coordinated Plaintiffs object to this topic as calling for information that is
protected by attorney-client privilege and work product. In addition, to the extent this
topic calls for "any analysis", the Coordinated Plaintiffs object to this topic as being
beyond the scope of a 30(b)(6) deposition. The purpose of a 30(b)(6) deposition is to
obtain information regarding the Company's practices, policies, procedures and/or
organizational structure. Accordingly, this topic is inappropriate for a 30(b)(6)
deposition.

2

**KAPLAN*FOX***

### Topic 8

Any conclusions or views that you or your representatives or agents, including your third-party administrator(s) and pharmacy benefit manager(s), have or had regarding whether Neurontin provides a medical benefit to, and may appropriately be prescribed by physicians for, parties who take it at off-label dosages or for pain, post-herpetic neuralgia, restless leg syndrome, diabetic peripheral neuropathy, social phobia, panic disorder, migraine headache, monotherapy for epilepsy, bipolar disorder, or any other off-label uses.

### Response to Topic 8

The Coordinated Plaintiffs object to this topic as being beyond the scope of a 30(b)(6) deposition. *See* Response to Topic 7. To the extent that the topic calls for "conclusions or views" of the Company, it is beyond the scope of a 30(b)(6) deposition.

### Topic 9

Any information that you have or had regarding whether any of your Members who took Neurontin for an off-label use or at an off-label dosage received or failed to receive any benefit from the drug.

### Response to Topic 9

The Coordinated Plaintiffs object to this topic as being beyond the scope of a 30(b)(6) deposition. *See* Response to Topic 7. In addition, the Coordinated Plaintiffs object to this topic as being irrelevant. The Court has already ruled that the Coordinated Plaintiffs are not required to produce medical records, or other information regarding the particular uses of individual prescriptions for Neurontin. Since this topic would require an individual to testify regarding the Coordinated Plaintiffs' individual members taking Neurontin for off-label uses, the topic is irrelevant.

### Topic 10

Any communications that you had with your third-party administrator(s), your pharmacy benefit manager(s), or any other persons or entities regarding Neurontin.

### Response to Topic 10

The Coordinated Plaintiffs object to this topic as being beyond the scope of a 30(b)(6) deposition. *See* Response to Topic 7. To the extent this topic calls for "any communications", and not the policies or procedures regarding contacts between third-party administrators, pharmacy benefit manager(s) or others regarding Neurontin, it is an inappropriate topic for a 30(b)(6) deposition.

# KAPLAN*FOX*

### Topic 11

Any communications that you had with your Members regarding Neurontin or off-label uses of medications.

### Response to Topic 11

The Coordinated Plaintiffs object to this topic as being irrelevant. *See* Response to Topic 9.

### Topic 12

Any information that you have regarding what the uses were for Neurontin prescriptions for which you are seeking recovery.

### Response to Topic 12

The Coordinated Plaintiffs object to this topic as irrelevant. *See* Response to Topic 9.

### Topic 13

Any communications that you or any entity on your behalf had with Defendants regarding Neurontin or other prescription drugs.

### Response to Topic 13

The Coordinated Plaintiffs object to this topic as being overbroad, duplicative of discovery already served upon the Coordinated Plaintiffs, and beyond the scope of a 30(b)(6) deposition. The Coordinated Plaintiffs object that the topic is overbroad to the extent it calls for information not related to Neurontin. Furthermore, the Coordinated Plaintiffs object to the topic as being duplicative of discovery to which they have already responded. In response to Interrogatories 11 and 15 of Defendants' First Set of Interrogatories, the Coordinated Plaintiffs provided information regarding any communications they had with Defendants regarding Neurontin. This topic is also beyond the scope of a 30(b)(6) to the extent it calls for "communications" rather than practices, procedures or other topics that are appropriate for 30(b)(6) depositions. *See* Response to Topic 7.

### Topic 14

Any information that you have regarding whether the Neurontin prescriptions for which you are seeking recovery were written as a result of the alleged off-label promotion.

4

**KAPLAN*FOX***

**Response to Topic 14**

The Coordinated Plaintiffs object to this topic as irrelevant. *See* Response to Topic 9.

**Topic 15**

Any information that you have regarding whether the alleged off-label promotion of Neurontin was fraudulent.

**Response to Topic 15**

The Coordinated Plaintiffs object to this topic as being beyond the scope of a 30(b)(6) deposition. *See* Response to Topic 7. Also, this topic is framed and better suited as a contention interrogatory, since it asks for information regarding the off-label promotion being "fraudulent". Accordingly, this topic is an inappropriate topic to be included in a 30(b)(6) deposition notice.

**Topic 16**

Any information that you have regarding each of the allegations in the Third Amended Complaint.

**Response to Topic 16**

The Coordinated Plaintiffs object to this object on grounds that it calls for information protected by the attorney-client privilege. Furthermore, this topic is beyond the scope of a 30(b)(6) deposition. *See* Response to Topic 7.

**Topic 17**

When and how you first learned the alleged facts set forth in the Third Amended Complaint and any efforts that you undertook, before you learned about these supposed facts, that would have lead to their discovery.

**Response to Topic 17**

The Coordinated Plaintiffs object to this topic on the ground that it is incomprehensive. It is unclear what information this topic is seeking. Defendants should clarify this topic so that the Coordinated Plaintiffs may determine if it is an appropriate topic for a 30(b)(6) deposition.

**Topic 18**

The damages that you are seeking in this action and the basis for your calculation of those damages.

5

**KAPLAN*FOX***

**Response to Topic 18**

The Coordinated Plaintiffs object to this topic on the grounds that it is duplicative of prior discovery and is an inappropriate topic for a 30(b)(6) deposition. Interrogatory No.16, included in Defendants' First Set of Interrogatories, asked the Coordinated Plaintiffs to identify "all damages you claim to have incurred, directly or indirectly, as a result of the allegations in your complaint. . ." In response to this Interrogatory, the Coordinated Plaintiffs stated that damages would be determined and demonstrated by expert testimony in this action. Accordingly, the Coordinated Plaintiffs will provide the basis for damages sought in this matter by way of expert testimony. Furthermore, this topic is inappropriate and beyond the scope of a 30(b)(6) deposition. *See* Response to Topic 7.

## IV.   <u>Other Objections</u>

**Time Period**

The 30(b)(6) deposition notices provide that the Coordinated Plaintiffs produce individuals who can testify regarding the time period 1990 to the present. The Coordinated Plaintiffs object to this extensive time frame on the basis that the allegations in the Third Consolidated Amended Complaint date back <u>only</u> to 1994, not 1990. Thus, there is no basis to provide information dating back to 1990. Furthermore, prior discovery served upon the Coordinated Plaintiffs only dated back to January 1, 1994, and not 1990. Accordingly, the Coordinated Plaintiffs object to the time period set forth in the deposition notices.

**"Most Knowledgeable"**

The 30(b)(6) deposition notices provide that each Coordinated Plaintiff designate the person "most knowledgeable" to testify regarding the topics set forth in the deposition notices. Rule 30(b)(6) of the Federal Rules of Civil Procedure does not require that an entity produce the person "most knowledgeable" to testify on its behalf regarding the topics in the deposition notice since an appropriate 30(b)(6) witness is not required to have direct or personal knowledge regarding these topics. Thus, the Coordinated Plaintiffs also object to producing witnesses who are the "most knowledgeable" about the topics set forth in the deposition notices. Instead, the Coordinated Plaintiffs agree to produce appropriate 30(b)(6) witnesses to testify regarding these topics.

6

# KAPLAN*FOX*

Finally, the Coordinated Plaintiffs request a meet-and-confer this week to discuss limiting the scope of these deposition notices in the ways set forth in this letter.

Very truly yours,

Aviah Cohen Pierson

cc:    Mark Sandmann, Esq.
       Gerald Lawrence, Esq.
       Linda P. Nussbaum, Esq.

7