# Exhibit 4

**KAPLAN**FOX

Kaplan Fox & Kilsheimer LLP
Attorneys at Law
805 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

June 6, 2007

**VIA EMAIL AND FEDERAL EXPRESS**

Matthew B. Rowland
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re: In re Neurontin Marketing and Sales Practices Litigation, MDL No. 1629 (PBS)

Dear Matt:

I write to confirm our understanding regarding the topics to which we agree to produce an appropriate 30(b)(6) witness. Based on our discussions and your clarifications, it is our understanding that we have agreed to narrow the scope of several of these topics. Furthermore, based on discussions with our clients, Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals ("Kaiser"), Aetna, Inc. and Guardian Life Insurance Company ("Coordinated Plaintiffs"), we continue to object to certain topics as being overly broad and burdensome.

I. **Topics to which We Previously Agreed to Produce a 30(b)(6) Witness**

As we previously stated in our May 14, 2007 letter, we agree to produce an appropriate 30(b)(6) witness to testify regarding the following topics: 2, 19, 20, 21, 22, and 23.

II. **General Limitations Agreed to**

It is our understanding that we have agreed to certain general limitations to the 30(b)(6) deposition notices that were served on the Coordinated Plaintiffs. These general limitations are:

   a. *Time Period*

   Based on our objection to the time frame set forth in the 30(b)(6) deposition notices, you have agreed to limit the relevant time frame to: January 1, 1994- Present.

   b. *"Most Knowledgeable" Objection*

# KAPLAN*FOX*

We have agreed to produce an appropriate 30(b)(6) witness, as opposed to the "most knowledgeable" person, as set forth in the deposition notices.

c. *Information regarding Medical Records*

To the extent the interpretation of certain topics appears to include information related to individual medical records, you have agreed to limit the scope of such topics to exclude such information. See Topics 9, 11, 12, and 14.

d. *Drugs other than Neurontin*

To the extent particular topics call for information related to drugs other than Neurontin, we have agreed to produce an appropriate 30(b)(6) witness to testify regarding those topics. However, that individual will only testify regarding general policies, practices and procedures regarding drugs other than Neurontin. The company representative will not, on the other hand, testify regarding further details of drugs other than Neurontin. See Topics 1, 3, 4 5, 6, and 13.

**III.   Topic Specific Objections**

Based on your clarifications, as well as discussions with our clients, we continue to object to certain topics based on their being overly broad and burdensome. The topics to which we object on this basis are: Topics 7, 8, 10, 11, 13, 14 and 15.

These topics call for information regarding any information, analyses, conclusions, views or communications held by the Coordinated Plaintiffs regarding various issues related to Neurontin. These Coordinated Plaintiffs are large institutions covering millions of members throughout the country. As we have stated previously, we do not object to providing an appropriate 30(b)(6) witness to testify generally regarding these topics, including the policies, practices and procedures with respect to these topics. Furthermore, we are prepared to produce such qualified witnesses to identify the individuals who would have the information called for by these topics or documents related to these topics.

Using Kaiser as an example, given its size, the number of physicians it contracts with, and the number of prescriptions that were written for Neurontin during the relevant time period, having one or a few individuals testify substantively regarding all of these topics would be unduly broad and burdensome. Kaiser owns or operates 29 medical centers and more than 400 medical offices nationwide. It contracts with regional Permanente Medical Groups for the services of approximately 11,000 physicians. In California alone, Neurontin was prescribed more than 800,000 times to approximately 200,000 members from 1998 until July 2006. Accordingly, preparing one or a few witnesses from Kaiser to testify regarding all communications, or conclusions or views held by all of its members regarding Neurontin would be impossible. The remaining Coordinated Plaintiffs would face similar such burdens.

# KAPLAN*FOX*

Such an extensive obligation is not contemplated under the Federal Rules, nor would it be an efficient means of obtaining otherwise discoverable information. *See SmithKline Beecham Corp. v. Apotex Corp.,* No. 98 C 3952, 2000 WL 116082, at *9-10 (N.D. Ill. Jan. 24, 2000) (stating that the Federal Rules "preclude proponents of discovery from wielding the discovery process as a club by propounding requests compelling the recipient to assume an excessive burden"); *See also In re Indep. Serv. Org. Antitrust Org.,* 168 F.R.D. 651, 654 (D.Kan. 1996) (stating that the recipient of a 30(b)(6) request is not "required to have counsel 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or counterclaim.")

Subject to these limitations, Kaiser will produce an appropriate 30(b)(6) witness during the second week of July in California. We will provide further details as soon as we receive confirmation from our client. In addition, Guardian Life Insurance Company will produce an appropriate 30(b)(6) witness on one of the following dates: June 28, or July 9. Aetna, Inc. will provide proposed dates as soon as they are available.

If you have any questions please feel free to contact me.

Very truly yours,

Aviah Cohen Pierson

cc: Linda Nussbaum, Esq.
　　Gerald Lawrence, Esq.
　　Mark Sandmann, Esq.