# Exhibit 8

marino0702

| | |
|---|---|
| 8 | the Neurontin State court cases.  Attendance |
| 9 | at this deposition is limited to counsel and |
| 10 | parties who agree to be subject to the |
| 11 | amended stipulated protective order in the |
| 12 | Neurontin MDL counsel and parties who have |
| 13 | executed the agreement of confidentiality |
| 14 | damagesed to the amended stipulate |
| 15 | protective order if they were not previously |
| 16 | subject to this protective intorted counsel |
| 17 | and parties who are subject to protective |
| 18 | order of confidentiality in their respect |
| 19 | Neurontin State court cases for purposes of |
| 20 | this deposition only the amended stipulate |
| 21 | protective order in MDL 1629 is deemed |
| 22 | applicable to Neurontin State court case us |
| 23 | in which though protective order has been |
| 24 | entered.  Subject to this understanding we |
| 25 | are prepared to begin the deposition cap. |

5

| | |
|---|---|
| 1 | ROUGH DRAFT   CONFIDENTIAL   ROUGH DRAFT |
| 2 | MS. DALEY):  I would like to make a |
| 3 | statement on behalf of the plaintiff.  The |
| 4 | first is that to the extent your stipulation |
| 5 | suggests in any way that any examination or |
| 6 | objections made by Pfizer is a valid |
| 7 | objection or valid examination welder object |
| 8 | to that portion of the stipulation, secondly |
| 9 | I would like to note for the record |
| 10 | plaintiffs counsel have all been here since |

marino0702

11  before 9 a.m.  We have had issues with
12  respect to other depositions where the full
13  seven hours has not been allowed during the
14  day and we object to the fact that any
15  deposition is started late.  Finally, with
16  respect to any documents which are used in
17  connection with this deposition, and which
18  were generated and authored by Warner
19  Lambert, Parke Davis or Pfizer employees,
20  and produced to the plaintiffs in connection
21  with this case or in any other case, that we
22  will expect that they are deemed authentic
23  and fall within the business records hearsay
24  objection to the rules of evidence unless
25  otherwise noted by counsel for defendants.

6

1   ROUGH DRAFT   CONFIDENTIAL   ROUGH DRAFT
2         MR. ROUHANDEH:  Obviously we are not
3   going to agree to that in fact I'm not going
4   to agree to anything that you just said, but
5   fine, you can put on it the record, is there
6   anybody else on the phone, did we do that.
7         MR. ROUHANDEH:  Is there anybody on
8   the phone.
9         MR. CULLEN:  Yes.  Tom Cullen for
10  best man for the product liability
11  plaintiffs.
12        MR. ROUHANDEH:  You were kind of
13  cutting out.

Page 5

marino0702

14        MR. CULLEN:  Tom Cullen C ULL n from
15   Westerman Hamilton for the product liability
16   plaintiffs.
17        MR. GOLDMAN:  Alan that gold, law
18   office of Steven Hilliard for Raymond
19   Jennings in the State court.
20        MS. DALEY):  Mr. Rouhandeh, are you
21   expecting to take the deposition that the
22   plaintiffs are obligated to authentic call
23   it every day and assure that the foundation
24   is laid for the business records exception
25   for this deposition.

                                              7
1    ROUGH DRAFT   CONFIDENTIAL   ROUGH DRAFT
2         MR. ROUHANDEH:  You were the one who
3    was complaining about starting late so there
4    is a whole history on that in terms of
5    authentication, then there were motions made
6    I'm not going to assume because the document
7    is used here because it's authenticated cap
8    cap what about with respect to the business
9    records exception.
10        MR. ROUHANDEH:  I'm not going to
11   agree, stipulate on on anything relating to
12   admissibility with with you.
13        MR. GREENE:  Does that apply for all
14   documents for all depositions?
15        MR. ROUHANDEH:  Yes, don't assume
16   simply if you use the document, it is