UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

---

THIS DOCUMENT RELATES TO:

ALL CLASS ACTIONS

---

HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, dba BLUECROSS/BLUESHIELD OF LOUISIANA; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated, v. PFIZER INC. and WARNER-LAMBERT COMPANY.

---

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION

Defendants Pfizer Inc. and Warner-Lambert Company ("defendants") respectfully move, pursuant to Local Rule 7.1(B)(3), for leave to file a very short response to plaintiffs' notice of supplemental authority in support of their motion for class certification. The grounds for this motion are:

1. On July 5, 2007, plaintiffs filed a notice of supplemental authority concerning a recent decision on class certification by the Court of Common Pleas of Philadelphia County.

2. The notice, while brief, attempts to point out the holding of the case.

3. Defendants wish to submit a very short response to plaintiffs' notice that corrects plaintiffs' characterization of the Pennsylvania court's holding and that sets forth the reasons that the decision is not relevant supplemental authority.

4. Defendants believe that their response will assist the Court in its consideration of the issues raised by the pending motion for class certification.

WHEREFORE, defendants respectfully request leave to file the subjoined response.

Dated: July 12, 2007

DAVIS POLK & WARDWELL

By:  /s/ James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

HARE & CHAFFIN

By:  /s/ David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF ATTEMPT TO CONFER

I certify that I attempted to confer with opposing counsel in an attempt to resolve or narrow the issue presented by this motion, but was unable to do so.

s/David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on July 12, 2007.

/s/David B. Chaffin

# EXHIBIT

# PROPOSED RESPONSE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------ x
In re: NEURONTIN MARKETING, SALES PRACTICES,
AND PRODUCTS LIABILITY LITIGATION
:
:
:
------------------------------------------------------------ x   MDL Docket No. 1629
THIS DOCUMENT RELATES TO:
:
:   Master File No. 04-10981
ALL CLASS ACTIONS
:   Judge Patti B. Saris
:
------------------------------------------------------------ x   Magistrate Judge Leo T.
:   Sorokin
HARDEN MANUFACTURING CORPORATION;
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,
dba BLUECROSS/BLUESHIELD OF LOUISIANA;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL
52 HEALTH BENEFITS TRUST; GERALD SMITH; and
LORRAINE KOPA, on behalf of themselves and all others
similarly situated, v. PFIZER INC. and WARNER-LAMBERT
COMPANY.
:
:
:
:
:
:
:
:
:
------------------------------------------------------------ x

### DEFENDANTS' PROPOSED RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION

*Clark v. Pfizer Inc.*, No. 1819 (Pa. Ct. of Common Pleas, Phila. Co., June 29, 2007) is not persuasive authority with regard to the certification issues at bar. In an apparent effort to create the impression that *Clark* and this case are the same, plaintiffs assert that the Court "certified a class composed of all persons who purchased Neurontin for any off-label use from 1995 to the present." Plaintiffs' Notice (Dkt # 779) at 2. The class certified in *Clark*, however, is limited to Pennsylvania consumers, i.e., persons who purchased Neurontin in Pennsylvania solely for personal, family, or household purposes. *Clark*, slip op. at 14, 23. Here, by contrast, plaintiffs

seek to certify a <u>nationwide</u> class of all individuals and entities, <u>including third party payers</u>, who paid for Neurontin for off-label uses. Memorandum of Law in Support of Plaintiffs' Motion for Class Certification (Dkt # 206), at 9.

Moreover, the impression that *Clark* addressed issues similar to those before this Court is not well-founded for at least four reasons. First, the *Clark* opinion simply fails to address what has been identified as the key issue presented by plaintiffs' motion: whether a class may be certified when an indispensable element of each of plaintiffs' asserted claims—causation—cannot be resolved without individual, fact-intensive inquiries. Second, the claims asserted in *Clark* are different than the claims that plaintiffs have asserted here. Third, *Clark* was decided on the basis of class certification standards incompatible with those applicable to plaintiffs' motion. Fourth, the facts upon which the *Clark* Court based its ruling cannot be reconciled with the record before this Court.

First, the *Clark* opinion simply does not speak to a central issue presented by plaintiffs' motion for class certification. The opinion contains no analysis or explanation of how plaintiffs can prove on a class-wide basis that allegedly false statements caused plaintiffs' physicians to prescribe Neurontin. By contrast, the only other opinion to address a motion to certify a class asserting claims for economic losses relating to the off-label use of Neurontin, *Santullo v. Pfizer, Inc.*, No. D-0101-CV-200301377, 2005 WL 4255513 (N.M. Dist. Dec. 9, 2005), squarely addresses this key issue. The *Santullo* Court, applying similar class certification standards, refused to certify a class asserting claims of common law fraud, unfair or deceptive trade practices, and unjust enrichment, all of which have been brought in this action. *See id.* at *6 (concluding that "individual issues would predominate over any common issues of the class" because the resolution of individual class members' claims would require, among other things,

2

consideration of whether class members' physicians were exposed to the promotional activities at issue and whether Neurontin was prescribed based on those representations). For these reasons, *Santullo* is far more pertinent and persuasive authority.[1]

Second, in contrast to *Santullo*, three of the four claims asserted in *Clark* -- claims for "negligence," "negligence per se," and "breach of express warranty,"-- bear no resemblance to the claims asserted here. *Clark*, slip op. at 1. The fourth claim asserted in *Clark*, for "misrepresentation," is predicated on the theory that defendants, because of their alleged "position of superiority," owed certain disclosure obligations to each class member. *See* Complaint, No. 1819, *Clark v. Pfizer Inc.*, ¶¶ 45, 46 (Pa. Ct. of Common Pleas, Phila. Co., June 18, 2004). That theory has been rejected in this case. *See* Report & Recommendation (Dkt # 269) at 50, *adopted in relevant part, In re Neurontin Mktg., Sales Practices & Prods. Liab. Litig.*, 433 F. Supp. 2d 172, 186 (D. Mass. 2006).

Third, the *Clark* opinion declared that a plaintiff's burden on class certification "is not a heavy" one, *Clark*, slip op. at 5; that the plaintiff need only assert a "colorable claim" that the elements of the Pennsylvania class action rule have been satisfied, *id.* at 3; and that "[t]he weight and credibility of the evidence" are immaterial, *id.* at 3. By contrast, the First Circuit has held that "[t]ough questions at [the] class-certification stage must be faced and squarely decided, if necessary by holding evidentiary hearings and choosing between competing perspectives." *In re Polymedica Corp. Sec. Litig.*, 432 F.3d 1, 6 (1st Cir. 2005) (emendations and internal quotation marks omitted). Likewise, the *Clark* opinion does not specify the elements of the plaintiffs'

---

[1] This same issue of causation was very recently addressed, albeit not in the class certification context, by a New York appellate court in another case involving Neurontin. *See Baron v. Pfizer, Inc.*, No. 501904, slip op. at 4 (N.Y. App. Div. 3d Dep't July 5, 2007) (attached as Ex. A to Defendants' Notice of Supplemental Authority (Dkt # 782)) (affirming dismissal of plaintiff's fraud, consumer protection and unjust enrichment claims, explaining that the "plaintiff ma[de] only conclusory allegations that defendant's deceptive acts played a role in her use of Neurontin, without alleging that her physician's decision to prescribe the drug was influenced by defendant").

3

claims or explain how those elements can be proven on a class-wide basis. Indeed, the opinion contains no analysis of the predominance requirement whatsoever except to "adopt[] and incorporate[] its analysis of commonality and conclude[] that the requirement of predominance has been satisfied." *Clark*, slip op. at 20. In sharp contrast, the First Circuit has required district courts to "conduct a rigorous analysis of the prerequisites established by Rule 23 before certifying a class" and has stressed that the predominance requirement of Rule 23(b)(3), "although reminiscent of the commonality requirement of Rule 23(a), is 'far more demanding.'" *Polymedica*, 432 F.3d at 4 n.5 & 5–6 (other internal quotation marks omitted).

Finally, the *Clark* Court stated, that "there has never been a randomized controlled study (RCT) which demonstrated effectiveness [of Neurontin or generic gabapentin] for off-label uses." *Clark*, slip op. at 14. This and other statements in *Clark* simply cannot be squared with the evidentiary record before this Court. *See, e.g.*, Expert Report of Dr. Andrew E. Slaby at 8–13 (attached to the Declaration of Matthew B. Rowland, dated Dec. 22, 2006 (Dkt # 586) ("Rowland Decl.") at Ex. 24); Expert Report of Dr. Shawn Bird at 2 (Rowland Decl. Ex. 21); Expert Report of Dr. Samuel Potolicchio at 2–4 (Rowland Decl. Ex. 22); Expert Report of Dr. Alan Rapoport at 4 (Rowland Decl. Ex. 23). These experts identify and rely upon literally dozens of randomized controlled studies demonstrating Neurontin's effectiveness for various off-label uses.

Dated: July 12, 2007

                         DAVIS POLK & WARDWELL

                         By:   /s/ James P. Rouhandeh
                                 James P. Rouhandeh

                         450 Lexington Avenue
                         New York, New York 10017
                         (212) 450-4000

                             - and -

                         HARE & CHAFFIN

                         By:   /s/ David B. Chaffin
                                 David B. Chaffin

                         160 Federal Street
                         Boston, Massachusetts 02110
                         (617) 330-5000

                         *Attorneys for Defendants Pfizer Inc. and*
                         *Warner-Lambert Company*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on July 12, 2007.

                                             /s/David B. Chaffin