UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: NEURONTIN MARKETING, SALES ) <br>       PRACTICES AND PRODUCT ) <br>       LIABILITY LITIGATION ) <br> _____) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ALL ACTIONS ) <br> _____) | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris <br> Magistrate Judge Leo T. Sorokin |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE
ORDER CONCERNING RULE 30(b)(6) DEPOSITION NOTICES**

Defendants Pfizer Inc. and Warner-Lambert Company (together, "defendants") submit this reply memorandum in further support of their motion for the entry of a protective order concerning Rule 30(b)(6) deposition notices served by plaintiffs on defendants.

**PRELIMINARY STATEMENT**

Conspicuously absent from plaintiffs' opposition is any offer to limit the scope of their exceedingly overbroad and burdensome topics. This unwillingness to tailor the discovery to the legitimate needs of the litigation underscores the need for the entry of a protective order. Plaintiffs persist in their improper effort to pursue new theories of liability and to reopen document discovery with respect to third party payers ("TPPs"), despite the lack of any evidence that defendants had relevant communications with TPPs about Neurontin or that plaintiffs attended any of the three advisory board meetings referenced in the opposition. Plaintiffs also seek to justify the overbroad topics regarding computer systems, email and corporate structure by the incorrect assertion and implication that plaintiffs merely copied the same topics from

defendants' Rule 30(b)(6) notices served on plaintiffs. This is simply not correct. Moreover, defendants, unlike plaintiffs, remain ready to narrow the topics in their notices.

## BACKGROUND

Plaintiffs do not accurately portray the events that led up to this motion. What really happened is as follows:

Defendants served their first Rule 30(b)(6) deposition notice on the coordinated plaintiffs on May 4, 2007. This notice related to substantive issues in the case and was quite similar to the notices served on class representative plaintiffs during the course of discovery related to plaintiffs' motion for class certification. Defendants and plaintiffs met and conferred on the May 4 notice and the depositions of coordinated plaintiffs relating to it are going forward. As the Court will no doubt recall, it took defendants a motion to get plaintiffs to provide dates for those depositions. That notice has nothing to do with this motion.

On June 11, 2007, plaintiffs served the three Rule 30(b)(6) notices (the "Notices") that are the subject of this motion. The Notices relate to communications with TPPs, document production and retention, and corporate structure. On June 22, 2007, the last date to timely notice depositions within the schedule, defendants served two more Rule 30(b)(6) deposition notices on plaintiffs relating to document production and retention and corporate structure. Plaintiffs obviously cannot have modeled their June 11 notices on defendants' notices that were served 11 days later on June 22. Plaintiffs' statement that their document notice is "taken from [defendants'] own notice to plaintiffs"[1] is, therefore, at best misleading.

Moreover, in contrast to plaintiffs' all-or-nothing approach, defendants have consistently been willing to meet and confer to narrow defendants' June 22 notices, a fact that they

---

[1]    Plaintiffs' Opposition at 7.

communicated to plaintiffs orally and in writing prior to this motion. Plaintiffs' brief demonstrates, however, that they refuse to budge.

## ARGUMENT

## A PROTECTIVE ORDER IS WARRANTED

Plaintiffs argue that discovery as to defendants' contacts and communications with the coordinated plaintiffs regarding Neurontin is relevant to their claims, pointing only to (1) four general, introductory allegations in the Third Amended Coordinated Complaint, and (2) three advisory board meetings. The four allegations do not describe any specific communications between defendants and plaintiffs, let alone potentially fraudulent communications regarding Neurontin's efficacy for off-label uses. This case is about statements made to doctors, not the third party payers. In any event, the vague and conclusory allegations that plaintiffs point to did not survive the Court's rulings on defendants' motion to dismiss. (Indeed, the allegations at paragraph 33 relate to the publication strategy and promotion enterprise, yet the claims regarding that enterprise and the alleged sub-enterprises of peer-to-peer selling and publication were dismissed in the Memorandum and Order dated June 12, 2006.[2]) Moreover, the fact that plaintiffs can point to only four out of the more than 300 paragraphs of the amended complaints demonstrates that plaintiffs have not previously alleged any specific fraud involving communications with them. Because fraud must be alleged with particularity, plaintiffs' allegations are insufficient. A party may not file suit without meeting the particularity requirement, and subsequently search for a cause of action, Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985), but that is exactly what the notices attempt to do.

---

[2]    Id. at 16.

Plaintiffs also point to no evidence that there were any allegedly actionable communications between defendants and TPPs concerning Neurontin. Nor have plaintiffs produced any documents in response to defendants' prior requests that demonstrate that such communications occurred. It is quite apparent at this late stage in the case that plaintiffs have no knowledge of any particular alleged fraud with respect to TPPs, and are merely fishing.[3]

Coordinated plaintiffs' references to three advisory board meetings gets them nowhere, for none of them attended any of those meetings. In addition, defendants have produced documents from numerous attendees of each of those meetings. Plaintiffs have deposed, or are scheduled to depose, seven of those attendees, including John Marino, whose email correspondence plaintiffs discuss at length, and Dr. Leslie Tive, whose presentation plaintiffs cite.[4] Plaintiffs thus have received direct testimony from the two individuals that they identify as the most significant with respect to these advisory board meetings. Defendants have obviously produced documents from both of those individuals. Given the extensive amount of discovery concerning these meetings, a Rule 30(b)(6) deposition would be cumulative and unnecessary.

Plaintiffs also argue that the topic of contacts between defendants and TPPs is justified because defendants' first notice included a topic concerning communications that plaintiffs had with defendants regarding Neurontin or other prescription drugs. Plaintiffs fail to mention that they objected to that topic as overbroad, duplicative and not a proper subject for a Rule 30(b)(6) deposition.[5] Putting that objection aside, defendants' exploration of the bases for plaintiffs'

---

[3] If, and only if, plaintiffs were able to identify particular meetings at which they had some reasonable basis to allege that specific fraudulent communications occurred, then a targeted and narrow deposition as to those particular meetings perhaps would be appropriate.

[4] The other deponents include Meg Yoder, Suzanne Doft, Christina Grogan, Allison Fannon, and Robert Glanzman.

[5] A true and correct of a letter from Aviah Cohen Pierson to Matthew Rowland dated May 14, 2007 is attached hereto as Exhibit 1. Plaintiffs' objection appears at page 4, topic 13.

4

complaint is fundamentally different from plaintiffs' attempt to engage in a wide-ranging fishing expedition throughout the Pfizer organization regarding all communications with TPPs about Neurontin, based solely on a handful of immaterial, vague and general allegations.

As to their purported justification for the breadth of their corporate structure notice, plaintiffs point to non-U.S. studies, which, they claim, "were or were not published," and argue that information from those studies, "did or did not become available" in the United States.[6] Nowhere does the corporate structure notice refer to such non-U.S. studies. Detailed information on Pfizer's corporate structure worldwide would not yield answers to the specific issues raised by plaintiffs regarding such purported non-U.S. studies. This is a perfect example of the lack of focus of plaintiffs' topics. Moreover, these are issues that plaintiffs have already explored *ad nauseum* during depositions of multiple current and former employees of defendants.

Plaintiffs fail to respond at all to defendants' legitimate concerns about the enormous breadth of the document notice. They attempt to brush off the far-ranging nature of the computer and email topics as "routine." They are not. Without appropriate narrowing, these topics would result in an unwieldy, unproductive and burdensome deposition. Plaintiffs point to concerns with laying the foundation for documents, and to discussions as to whether certain documents qualify as business records for purposes of the hearsay rule.[7] The breadth of the topics in the document notice is not suited to address these concerns, and a Rule 30(b)(6) deposition is not an efficient vehicle to address the evidentiary concerns that plaintiffs purport to have.

Plaintiffs also claim a need to identify relevant documents and witnesses. Document production is closed, and the identity of the relevant witnesses should have been clear months

---

[6] Plaintiffs' Opposition at 9.

[7] Plaintiffs' Opposition at 8.

ago from the massive volume of documents produced by defendants. Plaintiffs' alleged concern raises once again the specter of a search for new theories of liability and a new round of document production.

Finally, it appears that the product liability plaintiffs' principal concern, as indicated in their response to defendants' motion, relates to the impact of the July 13, 2007 discovery deadline. Defendants do not object to producing a witness after July 13, 2007, to testify as to an appropriately limited notice relating to defendants' document production and retention policies and procedures.

As defendants previously informed plaintiffs, in the interests of resolving the issues at bar, defendants would be willing to produce a witness to testify regarding defendants' procedures to produce documents and electronic data in this litigation and to explain the bates numbering conventions defendants used in the course of document production. Defendants also stand by their previously communicated willingness to produce a witness to testify regarding the structure of Pfizer's sales, marketing and regulatory departments operating in the United States. In addition, defendants have informed plaintiffs that they are willing to produce a witness to testify regarding topics 3 and 5 through 9 of the third party payer notice if those topics can be appropriately narrowed.[8] All things considered, this would be a fair and reasonable approach, yet plaintiffs refuse to agree to accept these limitations to their notices, failed to even respond to defendants' proposal, and now insist that defendants prepare and produce a witness to testify as to the topics in these notices as written. Plaintiffs' unreasonable position not only necessitated this motion, but also provides ample grounds for granting the motion for a protective order.

---

[8] *See* letter from Matthew Rowland to Linda Nussbaum dated July 3, 2007, a true and correct copy of which is attached hereto as Exhibit 2.

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court enter a protective order that the depositions sought via the notices not occur.

Dated: July 13, 2007

        DAVIS POLK & WARDWELL

        By:  /s/ James P. Rouhandeh
              James P. Rouhandeh

        450 Lexington Avenue
        New York, New York 10017
        (212) 450-4000

          - and -

        HARE & CHAFFIN

        By:  /s/ David B. Chaffin
              David B. Chaffin

        160 Federal Street
        Boston, Massachusetts 02110
        (617) 330-5000

        *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on July 13, 2007.

        /s/David B. Chaffin
        David B. Chaffin