# EXHIBIT 2

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

MATTHEW B. ROWLAND
212 450 4912
matthew.rowland@dpw.com

July 3, 2007

**Re:    In re Neurontin Marketing, Sales Practices & Products Liability
Litigation, MDL 1629 (D. Mass.)**

Linda P. Nussbaum, Esq.
Kaplan Fox & Kilsheimer LLP
805 Third Avenue
New York, NY 10022

Dear Linda:

I write further to our July 2, 2007 telephonic meet-and-confer session regarding plaintiffs' three 30(b)(6) notices that were served on June 11, 2007. For ease of reference, I will refer to these notices as relating to (a) document retention; (b) corporate structure; and (c) third party payors.

As you know, defendants believe that the notices you served are objectionable because they are, among other things, patently overly broad. Based on yesterday's meet-and-confer call, however, the topics as to which defendants currently are willing to produce a witness are as follows:

1.    <u>Document Retention</u>:  Defendants are willing to produce a witness to testify regarding defendants' procedures to produce documents and electronic data in this Multi-District Litigation. Defendants are also willing to produce a witness to explain the bates number conventions defendants used when producing documents.

2.    <u>Organizational Structure</u>:  Defendants are willing to produce a witness to testify regarding the structure of Pfizer's sales, marketing, and regulatory departments operating in the United States.

3.    <u>Third-party payors</u>:  Defendants continue to take issue with plaintiffs' attempt to expand the scope of discovery to encompass communications with third-party payors concerning Neurontin, as evidenced by this notice and yesterday's phone call. Accordingly,

Linda P. Nussbaum, Esq.                    2                    July 3, 2007

defendants will not agree to produce a witness to testify as to Subject Matters 1, 2, 4, or 10, and plan to seek a protective order as to these topics.

Defendants are, however, willing to produce a witness to testify regarding other Subject Matters in this notice that do not implicate this concern if they are appropriately narrowed.

Defendants will continue to meet and confer in good faith regarding the remaining Subject Matters in the notices.

Pfizer and Warner-Lambert will agree not to oppose scheduling one or more 30(b)(6) depositions on these limited topics (as well as any other topics the parties agree upon) after the July 13 deadline. This agreement, however, is conditioned upon plaintiffs' agreement not to object to defendants taking after the deadline any of the depositions of plaintiffs that we have noticed to date. In addition, we would expect to continue to meet and confer regarding the scope of plaintiffs' 30(b)(6) deposition notices. If we find additional areas of agreement as we go through this process, we will produce a 30(b)(6) witness on those topics as well. We reserve our rights to seek intervention by the Court to resolve issues of scope with respect to these depositions. Plaintiffs must agree not to argue that motions relating to such issues are barred due to a failure to raise them prior to July 13, 2007.

Please let me know as soon as possible, but in any event no later than 4:00 pm today, whether plaintiffs are amenable to the above proposal. If we do not hear from you, defendants plan to file motions for protective orders with respect to these Notices. Finally, please note that if plaintiffs agree to the above proposal, defendants suggest scheduling the next session in this meet and confer process during the week of July 16, 2007.

Please contact me if you have any questions.

Sincerely,

Matthew Rowland

cc:    Ronald Aranoff, Esq.
       Gerald Lawrence, Esq.
       Mark Sandmann, Esq.
       Kenneth Fromson, Esq.

By Email PDF & Mail