UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
In re:  NEURONTIN MARKETING AND
SALES PRACTICES LITIGATION

------------------------------------------------ x

THIS DOCUMENT RELATES TO:

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC., et al., 04 CV 10739 (PBS) and

AETNA, INC. v. PFIZER INC., et al., 04-CV-10958 (PBS)

------------------------------------------------ x

: MDL Docket No. 1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T.
: Sorokin

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL RESPONSE TO ONE INTERROGATORY**

Defendants Pfizer Inc. and Warner-Lambert Company ("defendants") submit this reply memorandum in further support of their motion to compel Aetna, Inc. ("Aetna"), ASEA/AFSCME Local 52 Health Benefits Trust ("ASEA), Guardian Life Insurance Company of America ("Guardian"), Harden Manufacturing Corporation ("Harden"), Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (together, "Kaiser"), and Louisiana Health Services Indemnity Corporation d/b/a BlueCross/BlueShield of Louisiana ("Louisiana Health") (collectively, "plaintiffs") to provide full and complete responses to a single interrogatory.

**PRELIMINARY STATEMENT**

Plaintiffs continue to resist providing information in response to Interrogatory Number 2 regarding the alleged "cheaper and more optimal" alternatives to Neurontin. Their opposition does little more than reiterate their initial objections to the interrogatory. But at the May 29, 2007 meet-and-confer, coordinated plaintiffs agreed to answer this precise interrogatory. They

have reneged on that agreement twice. First, they provided a purported supplementation that was merely a reiteration of allegations in their amended complaints. Second, they now seek to stand on their initial objections, which are no better now than they were when they were made in April. Plaintiffs should be ordered to provide full and complete responses to this critical interrogatory.

## ARGUMENT

## PLAINTIFFS SHOULD BE COMPELLED TO RESPOND

Coordinated plaintiffs' principal argument is that Pfizer already possesses the information sought, and, therefore, the discovery should not be had because it is readily available from another source that is more convenient and less burdensome, such as Pfizer's internal research and public industry data. This argument ignores the language of the interrogatory. The interrogatory seeks the basis for plaintiffs' contentions. Plaintiffs have made factual allegations that there were numerous alternative medications that were cheaper and more optimal than Neurontin to treat certain conditions. Defendants seek to discover what, <u>according to plaintiffs</u>, those alternatives are.[1] Defendants are not already in possession of the information that forms the basis for plaintiffs' contentions, nor is such information publicly available.

One of the primary purposes of discovery is "to allow the defendant to pin down the plaintiff's theories of liability." <u>O2 Micro Int'l Limited v. Monolithic Power Systems, Inc.</u>, 467 F.3d 1355, 1365 (Fed. Cir. 2006). <u>See also</u> 8 C.A. Wright, A.R. Miller & R.L. Marcus, <u>Federal Practice and Procedure</u>, § 2001 (2d ed. 1994); Advisory Committee Notes to Rule 33 (1970 Amendment) (contentions interrogatories "most useful in narrowing and sharpening the issues,

---

[1] Coordinated plaintiffs incorrectly state that the interrogatory seeks information regarding drugs the plaintiffs contend are "cheaper than Neurontin." Coordinated Plaintiffs' Opposition at 3. Picking up on coordinated plaintiffs' own contentions, the interrogatory in fact seeks information regarding medications that are allegedly cheaper <u>and more optimal</u> than Neurontin in treating each condition.

which is a major purpose of discovery"). The objection that information regarding alternative or competing drugs is generally available to Pfizer, even if true, misses the point. Coordinated plaintiffs cannot evade their duty to set forth the bases, if any, for their contentions.

The only case cited by coordinated plaintiffs, Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323 (2005), concerned a request for production of documents by a party that already had the requested documents. Pacific Gas did not involve a contention interrogatory. It is inapposite. But a case cited in Pacific Gas but ignored by coordinated plaintiffs, Hoffman v. United Telecommunications, Inc., 117 F.R.D. 436 (D. Kan. 1987), is on point. In Hoffman, the court granted a motion to compel, rejecting the plaintiff's argument that the data at issue was equally available to defendant. "The interrogatories seek information about the claims of plaintiff-intervenor in this case. The court will not require defendants to fathom what plaintiff-intervenor may elect to contend as claims from the thousands of documents which have been produced." Id. at 438. Defendants should not be left to guess which particular medications coordinated plaintiffs claim are cheaper and more optimal than Neurontin for each of the particular uses at issue. Only coordinated plaintiffs can provide that information and only they can say how they arrived at their own conclusions. Defendants are not mind readers.

There is no legal support for coordinated plaintiffs' refusal to reveal the bases for their contentions. Nor is there any basis in logic. Plaintiffs identified alleged alternatives for some indications, both in the amended complaints and in the supplemental responses that mimicked the amended complaint, yet they now argue they should not be compelled to identify the other alleged alternatives. They claim that the identity of such alternatives is readily-available, yet

they object that they cannot identify those alternatives without undue burden[2] and without help from an expert. Not only are these objections inconsistent with their argument that the answers to the interrogatories are publicly available, these objections also cannot be squared with the fact that plaintiffs have already identified some alleged alternatives without claiming burden and without revealing their experts. The fact remains that over three years into this litigation, plaintiffs have not identified any allegedly cheaper or more optimal alternatives to Neurontin for many of the off-label uses at issue. Rule 11 required plaintiffs to have that information when they filed their complaints containing the allegation, and the discovery rules require that plaintiffs provide that information to defendants now.

Plaintiffs agreed in a meet-and-confer to provide responses to Interrogatory Number 2, notwithstanding their initial objections, but their purported supplementation merely reiterates the allegations of the amended complaints and, therefore, is neither itself a response nor a supplementation of an earlier response.[3] Having agreed to supplement, plaintiffs have breached that agreement by reverting to the blanket objections that they waived when they agreed to answer the interrogatory. There is no principled or consistent basis for plaintiffs' position.

With respect to coordinated plaintiffs' objections as to individual medical records, little need be said. Defendants are not seeking the production of individual records through an interrogatory. To the extent, however, that coordinated plaintiffs have relied on such records as

---

[2] It is well established that a party resisting discovery has the burden of demonstrating undue burden or other grounds for not responding. Mere conclusory assertions are insufficient. See, e.g., St. Paul Renaissance Co. Ltd v. Commercial Financial Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)(subsequent history omitted). Coordinated plaintiffs rely on unsupported assertions of burden.

[3] Coordinated plaintiffs provided incomplete information as to some indications at issue, and no information at all as to certain other indications at issue. They also provided information, albeit incomplete, regarding certain indications that are not at issue, perhaps in an attempt to appear more responsive than was actually the case.

the basis for any of their allegations, or intend to rely in the future on those records as support for such allegations, they have put the records in issue. Defendants are entitled to know what basis, if any, exists for plaintiffs' "cheaper and more optimal" allegations.

## CONCLUSION

Defendants respectfully request that the Court issue an order (i) requiring plaintiffs to provide full and complete responses to Interrogatory Number 2, and (ii) providing that any failure of plaintiffs to comply with that ruling will result in the preclusion of any argument or evidence that there are "cheaper and more optimal alternatives" to Neurontin for any relevant off-label use.

Dated: July 13 , 2007

                                                DAVIS POLK & WARDWELL

                                                By:  /s/James P. Rouhandeh
                                                      James P. Rouhandeh

                                                450 Lexington Avenue
                                                New York, New York 10017
                                                (212) 450-4000

                                                     - and -

                                                HARE & CHAFFIN

                                                By:  /s/ David B. Chaffin
                                                      David B. Chaffin

                                                160 Federal Street
                                                Boston, Massachusetts 02110
                                                (617) 330-5000

                                                *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on July 13, 2007.

                                            /s/David B. Chaffin