UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS ) ) ) ) ) | Judge Patti B. Saris<br><br>Magistrate Leo T. Sorokin |

### SALES AND MARKETING PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF FACT DISCOVERY DEADLINE AND FOR LEAVE TO TAKE ADDITIONAL WRITTEN AND DEPOSITION FACT DISCOVERY

After belated and incomplete production by the Defendants and non-production by non-parties, the Sales and Marketing Plaintiffs have requested an additional four-month extension to the fact discovery deadline (1) to complete the currently-noticed depositions of Defendants' employees; (2) to ensure complete document production from the Defendants; and (3) to ensure complete document production from non-parties.[1] The Plaintiffs have also requested a limited number of additional depositions of current and former Pfizer employees to follow up on information obtained during the currently-noticed depositions and during the review of Defendants' and non-parties' belated document production. The Defendants oppose Plaintiffs' requests for a four-month extension in all respects other than to complete the currently-noticed depositions, which Defendants oppose only contingently.

As set forth in Plaintiffs' initial motion, the Plaintiffs require additional time to confer with Defendants over the completeness of Defendants responses to discovery because testimony

---

[1] Under Sales and Marketing Plaintiffs' request, all of the remaining fact discovery deadlines in the current schedule would be extended four months as well.

elicited during depositions of Defendants' employees has revealed deficiencies in Defendants' production and Defendants produced a significant amount of documents as recently as three weeks ago, which Plaintiffs must review. Moreover, several non-parties, despite being ordered to produce documents by this Court after Plaintiffs' motion to compel, have yet to do so. Plaintiffs require additional time to ensure that these important non-party documents are produced and to follow up with critical depositions. The Defendants' protestation that Plaintiffs' requested extension would disturb the "orderly progress of the litigation" (Defs.' Mem. at 1) is disingenuous given that this request for an extension is based not upon any lack of diligence by the Plaintiffs, but rather upon Defendants' and non-parties' tardiness in providing complete production of documents. The Court should grant Plaintiffs' request for a four-month extension of time to complete fact discovery.

## ARGUMENT

**I.    The Court Should Grant Plaintiffs' Request for Additional Time to Review and Ensure the Completeness of Defendants' Written Discovery Responses.**

Defendants mischaracterize Plaintiffs' request for additional time "to review and follow up on document discovery from Defendants to ensure complete production" as an attempt to propound additional discovery. (Defs.' Mem. at 4.) This is simply untrue. Based upon testimony from depositions of Pfizer witnesses that have been conducted so far, there are deficiencies in the discovery that Defendants have produced. For example, Pfizer employee Mancini revealed in her deposition that employees in the marketing analytics department had access to third party data through an internal website known as MAWEB and that some of that data may have been stored on the Pfizer system, but Pfizer has yet to produce all versions of MAWEB.

There is also still a dearth in the production of audiotapes, transcripts, slides, and monographs relating to marketing events that Pfizer and Parke-Davis conducted. In a case where

what Defendants and their agents said to doctors and formulary decision makers is of critical importance, the failure to produce direct evidence of such statements represents a major obstruction to the advancement of this litigation.

Additionally, Pfizer employees have testified that, at least every six months, sales VPs or regional sales managers would submit quarterly "Action Plans" to the national marketing team indicating the manner in which the regional sales force planned to execute the strategy that the national marketing team had developed. Presumably, these "Actions Plans" were reviewed for approval. Given the number of regions that Pfizer has—eight major regions, each of which is further subdivided into numerous districts—and the number of years that Pfizer aggressively marketed Neurontin (from 2000 to 2004), one should expect numerous execution plans. So far, Plaintiffs have only been able to locate the plans for late 2003 and 2004. Where are the "Action Plans" for the critical years when Neurontin became a blockbuster drug?

Plaintiffs have also learned that there is detailed customer information in the Sherlock database that was not produced to the Plaintiffs. The missing information is relevant to the issues of causation and damages, and would need to be reviewed by Plaintiffs' experts in those subjects. The Plaintiffs' request for additional time to follow up on these deficiencies is not an attempt to propound *new* requests but is made to permit the Plaintiffs' to obtain discovery that Defendants ought to have already produced.[2]

The Defendants have, moreover, only recently produced a significant number of additional documents that have not yet been sufficiently reviewed because they were produced as

---

[2] Defendants' assertion that Plaintiffs' document requests are overly broad and therefore, that an extension of time to ensure completeness is tantamount to Plaintiffs propounding new discovery, is incorrect. The Plaintiffs have not sought leave to propound additional discovery and any issues regarding the extent to which Defendants current production is deficient may be resolved through the meet and confer process, and failing that, a motion with this Court.

recently as three weeks ago and Plaintiff's have been spending their time diligently engaging in the deposition process to try and complete discovery by the current Court ordered deadline. For example, 76,838 pages of documents were produced on June 22, 2007.[3] The Plaintiffs' request for additional time to review these documents and to meet and confer is not unreasonable given the Defendants' tardy production and the undeniable fact that Defendants' prior document production was woefully incomplete.

II.     **The Court Should Grant Plaintiffs' Request for Additional Time to Review and Ensure the Completeness of Nonparties' Written Discovery Responses.**

The Court should also grant Plaintiffs additional time to review and ensure the completeness of non-parties written discovery because most of the non-parties have yet to produce the documents requested.

The Defendants' claim that Plaintiffs' have failed to pursue discovery from non-parties is simply wrong. In fact, the Plaintiffs' moved for an Order to compel non-parties Sudler & Hennessey and Cline Davis & Mann to comply with Plaintiffs' May 2005 subpoena, and this Court granted Plaintiffs' motion and ordered the non-parties to produce the requested documents no later than February 1, 2007. Despite the Court's Order, however, the non-parties failed to produce documents and refused to cooperate in Plaintiffs' attempts to obtain the documents without judicial intervention. On June 29, 2007, after all attempts to resolve this issue directly with the non-parties failed, Plaintiffs filed an Emergency Motion for Order to Show Cause Why Sudler & Hennessey and Cline Davis & Mann Should Not Be Sanctioned for Their Failure to Comply with This Court's December 20, 2006 Order. That motion is currently pending before the Court. Because production from important third parties has been so delayed through no fault

---

[3] The Plaintiffs' initial motion inadvertently omitted 28,181 pages of documents from the total number produced by Defendants on June 22, 2007.

4

of Plaintiffs, Plaintiffs require an additional four months to receive, review, and follow up on documents yet to be produced by third parties.

**III.     The Court Should Grant Plaintiffs' Leave to Take Eight to Ten Additional Depositions of Defendants.**

Because discovery production from Defendants and non-parties have not been readily forthcoming, have been incomplete, or have just recently been produced, and because the current depositions of Defendants' employees have, and likely will, continue to reveal previously unknown persons with discoverable information, Plaintiffs estimate that they will require at least an additional eight to ten depositions. Once Plaintiffs identify precisely the names and positions of the additional deponents, Plaintiffs will meet and confer with Defendants to arrange such depositions, and attempt to resolve this issue without Court intervention. If those meet and confer sessions are unsuccessful, Plaintiffs will move the Court on good cause shown to order production of specific witnesses. For the time being, however, Plaintiffs respectfully request that the Court authorize Plaintiff to conduct depositions of an additional eight to ten current and former Pfizer employees. Authorizing an additional eight to ten depositions of current and former Pfizer employees now may well save he parties the need for additional motion practice on this issue in the near future.

**IV.     The Court Should Grant Plaintiffs' Request for an Additional Four Months to Complete the Currently-Noticed Depositions of Defendants' Employees.**

Plaintiffs and Defendants agree that additional time is needed to complete the thirty depositions of Defendants' employees that have already been noticed, most of which have already been conducted. Defendants object to the four month extension requested by Plaintiffs, however, unless a four month extension is also granted in the two Track I products liability cases, which the Track I products liability plaintiffs' oppose.

The Defendants contend that generic fact discovery should not be extended to include a period after expert reports in the Track I cases are due. As pointed out by the Track I products liability plaintiffs, however, in complex cases generic discovery often continues in the main litigation while Track I cases proceed to trial. *See* Case Mgmt. Order No. 3, *In re Vioxx Litig.*, No. 619 (Super. Ct. N.J. May 12, 2004); Order re Rulings from March 23, 2007 Hearing, *In re Preempro Prods. Liability Litig.*, No. 4:03-CV-1507-WRW (E.D. Ark. Mar. 23, 2007). There is no reason to prematurely cut short discovery in the rest of the litigation based on an accelerated schedule in the two Track I cases.

## CONCLUSION

Plaintiffs respectfully request that the Court enter an Order extending the deadline for fact discovery from July 15, 2007 to November 15, 2007, that all related MDL case management dates be extended a commensurate four (4) months, and that Plaintiffs be permitted to conduct up to an additional ten depositions of Defendants' employees.

Dated: July 13, 2007                            Respectfully Submitted,

By: */s/ Thomas Greene*
Thomas Greene, Esquire
Michael A. Tabb, Esquire
GREENE & HOFFMAN
125 Summer Street
Boston, MA 02110

By: */s/ Thomas M. Sobol*
Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142

By: */s/ Barry Himmelstein*
Barry Himmelstein, Esquire
LIEFF CABRASER HEIMANN & BERNSTEIN
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

6

By: */s/ Don Barrett*
Don Barrett, Esquire
BARRETT LAW OFFICE
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By: */s/ Daniel Becnel, Jr.*
Daniel Becnel, Jr., Esquire
LAW OFFICES OF DANIEL BECNEL, JR.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By: */s/ James Dugan*
James R. Dugan, II, Esquire
DUGAN & BROWNE, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

*Members of the Class Plaintiffs'
Steering Committee*

By: */s/ Richard Cohen*
Richard Cohen, Esquire
LOWEY DANNENBERG BEMPORAD
& SELINGER, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY 10601

By: */s/ Linda P. Nussbaum*
Linda P. Nussbaum, Esquire
COHEN MILSTEIN HAUSFELD & TOLL
150 East 52nd Street
Thirteenth Floor
New York, NY 10022

*Members of the Plaintiffs' Non-Class
Steering Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on June 29, 2007.

/s/ Richard Shevitz