UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING AND                     :
SALES PRACTICES LITIGATION                          :   Master File No. 04-10981
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   Judge Patti B. Saris
                                                    :
THIS DOCUMENT RELATES TO:                           :   Magistrate Judge Leo T.
                                                    :   Sorokin
ALLAN M. HUBERMAN v. PFIZER, INC. and PARKE-        :
DAVIS, DIVISION OF WARNER-LAMBERT COMPANY,          :
No. 07-CA-11336-PBS                                 :
                                                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## ANSWER

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiff's Complaint in the above-captioned action (the "Complaint") as follows:

## AS TO PARTIES

1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny same.

2.  Paragraph 2 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 2, except admit that Pfizer is a Delaware corporation with its headquarters in New York, New York, and admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of manufacturing and selling pharmaceutical drugs, and transacts business within the Commonwealth of Massachusetts.

      3.      Deny the allegations in paragraph 3, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC, and admit that Warner-Lambert Company was, directly and/or indirectly, engaged in the business of manufacturing pharmaceutical drugs.

      4.      Paragraph 4 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 4, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and admit that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs.

      5.      Deny the allegations in paragraph 5, except state that the last sentence in paragraph 5 asserts a legal conclusion to which no response is required, and therefore deny same, admit that Pfizer, directly and/or indirectly through its subsidiaries, transacts business and sells pharmaceutical drugs within the Commonwealth of Massachusetts, and admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs and transacted business within the Commonwealth of Massachusetts.

**AS TO FACTS**

      6.      Deny the allegations in paragraph 6, except refer to the federal laws and regulations governing prescription drug products for their contents, and admit that physicians may lawfully prescribe drugs for uses and at dosages different than those approved by the FDA.

      7.      Deny the allegations in paragraph 7, except refer to the referenced statutes and regulations for their contents.

8. Deny the allegations in paragraph 8, except admit that, in 1993, the FDA approved Neurontin® ("Neurontin") for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy.

9. Deny the allegations in paragraph 9, except refer to the "Special Fraud Alert" referenced in paragraph 9 for its contents.

10. Deny the allegations in paragraph 10.

11. Deny the allegations in paragraph 11, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 and 1800 milligrams per day.

12. Deny the allegations in paragraph 12, except admit that the FDA approved Neurontin, and admit that the patent that had been granted for Gabapentin, the scientific name for Neurontin, had been granted for a specific period of time.

13. Deny the allegations in paragraph 13, except refer to Warner-Lambert's patent filings for their contents.

14. Deny the allegations in paragraph 14.

15. Deny the allegations in paragraph 15.

16. Deny the allegations in paragraph 16.

17. Deny the allegations in paragraph 17, except refer to the federal regulations governing prescription drug products for their contents.

18. Deny the allegations in paragraph 18.

19. Deny the allegations in paragraph 19.

20. Deny the allegations in paragraph 20.

21. Deny the allegations in paragraph 21.

22. Deny the allegations in paragraph 22.

23. Deny the allegations in paragraph 23.

24. Deny the allegations in paragraph 24.

25. Deny the allegations in paragraph 25.

26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27, except refer to the referenced documents for their contents.

28. Deny the allegations in paragraph 28.

29. Deny the allegations in paragraph 29.

30. Deny the allegations in paragraph 30, except refer to the federal regulations governing prescription drug products for their contents.

31. Deny the allegations in paragraph 31.

32. Deny the allegations in paragraph 32.

33. Deny the allegations in paragraph 33 and all of its subparts.

34. Deny the allegations in paragraph 34.

35. Deny the allegations in paragraph 35.

36. Deny the allegations in paragraph 36.

37. Deny the allegations in paragraph 37, except admit that in 1995 and 1996 Parke-Davis conducted a Phase IV trial, known as STEPS, that involved titration of Neurontin.

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

40. Deny the allegations in paragraph 40.

41. Deny the allegations in paragraph 41, except refer to the referenced article for its contents.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44. Deny the allegations in paragraph 44.

45. Deny the allegations in paragraph 45.

46. Deny the allegations in paragraph 46.

47. Deny the allegations in paragraph 47, except refer to the federal regulations governing prescription drug products for their contents.

48. Deny the allegations in paragraph 48, except admit that David Franklin was a former Parke-Davis employee and Relator in a civil lawsuit in the District of Massachusetts captioned as Franklin v. Parke-Davis, et al., No. 1:96-cv-11651-PBS.

49. Deny the allegations in paragraph 49.

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51.

52. Deny the allegations in paragraph 52 and all of its subparts.

53. Deny the allegations in paragraph 53.

54. Deny the allegations in paragraph 54.

55. Deny the allegations in paragraph 55.

56. Deny the allegations in paragraph 56.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore deny same.

58.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore deny same.

59.   Deny the allegations in paragraph 59, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Dr. Demopoulous' knowledge or belief relating to Neurontin, and therefore deny same.

60.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore deny same.

61.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore deny same.

62.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore deny same.

63.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore deny same.

64.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore deny same.

65.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore deny same.

66.   Deny the allegations in paragraph 66.

67.   Deny the allegations in paragraph 67, except refer to the letter Agreement, dated May 13, 2004, between the United States Attorney for the District of Massachusetts and Warner-Lambert LLC, for its contents.

68.   Deny the allegations in paragraph 68.

69. Deny the allegations in paragraph 69, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge or belief relating to criminal and civil actions involving Neurontin, and therefore deny same.

70. Deny the allegations in paragraph 70, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's and Dr. Demopolous' knowledge or belief relating to Neurontin, and therefore deny same.

71. Deny the allegations in paragraph 71.

72. Deny the allegations in paragraph 72, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's prescription and use of Neurontin, and therefore deny same.

## AS TO COUNT 1

73. Deny the allegations in paragraph 73.  Admit that Plaintiff seeks the relief set forth in the WHEREFORE paragraph following paragraph 73, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT 2

74. Deny the allegations in paragraph 74.  Admit that Plaintiff seeks the relief set forth in the WHEREFORE paragraph following paragraph 74, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT 3

75. Deny the allegations in paragraph 75 and all of its subparts.

76. Paragraph 76 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 76.

77. Deny the allegations in paragraph 77.

78. Deny the allegations in paragraph 78.

79. Deny the allegations in paragraph 79, except admit that a written demand for relief, dated April 6, 2007, was sent by counsel for Plaintiff to Pfizer Inc., but deny that Plaintiff is entitled any relief.

80. Deny the allegations in paragraph 80.

81. Deny the allegations in paragraph 81. Admit that Plaintiff seeks the relief set forth in the WHEREFORE paragraph following paragraph 81, and all of its subparts, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT 4

82. Deny the allegations in paragraph 82.

83. Deny the allegations in paragraph 83.

84. Deny the allegations in paragraph 84.

85. Deny the allegations in paragraph 85.

86. Deny the allegations in paragraph 86. Admit that Plaintiff seeks the relief set forth in the WHEREFORE paragraph following paragraph 86, but deny that Plaintiff is entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is defective for failure to join indispensable parties.

**FOURTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred because Plaintiff's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

**SIXTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's claims are based on the doctrine of strict product liability for a purported design defect and breach of warranty, those claims are barred by the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment K. Further, any strict liability claims are barred because Massachusetts does not recognize the doctrine of strict liability in tort.

**NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff claims a product defect, such claims are or may be barred by the doctrine described in Section 4 of the Restatement Third of Torts: Products Liability, because Defendants complied with applicable product safety statutes and administrative regulations. Neurontin, an FDA-approved prescription drug, was prepared and labeled in accordance with applicable statutes and regulations.

**TENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff claims product liability, Plaintiff's claims are barred by the doctrines described in Sections 6(c) and (d) of the Restatement Third of Torts: Products Liability. Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Neurontin would have prescribed and did prescribe Neurontin for classes of patients. In addition, Defendants provided prescribing physicians with reasonable instructions or warnings regarding foreseeable risks of harm.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff claims a product defect, such claims are barred because, at the time the product left the control of Defendants, a practical and technically feasible alternative design or formulation was not available that would have prevented the alleged damages without substantially impairing the usefulness or intended purpose of the product.

**TWELFTH AFFIRMATIVE DEFENSE**

Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of release, accord, and satisfaction.

### FOURTEENTH AFFIRMATIVE DEFENSE

The product may have been substantially modified and/or altered; therefore, Plaintiff's Complaint is barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiff's alleged injuries and damages, if any, were caused by Plaintiff's misuse of Neurontin.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on a breach of warranty theory, such claims are barred because Defendants breached no warranty, express or implied, to Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by Plaintiff's failure to mitigate damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

To the extent applicable, Defendants' liability for non-economic damages is several rather than joint and should be prorated.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiff's alleged injuries and damages.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Pursuant to Massachusetts and other applicable local rules and case law, if Plaintiff suffered or sustained the loss, damage, injury, harm, expense, diminution, or deprivation alleged, which Defendants deny, the same was caused in whole or in part or was contributed to by the negligence of Plaintiff.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff claims punitive or exemplary damages, the Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's claims are based on fraud, such claims are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

**THIRTIETH AFFIRMATIVE DEFENSE**

To the extent Plaintiff makes a claim for punitive damages or multiples of actual damages, Defendants assert that Plaintiff has not complied with federal or state statutory requirements to recover such damages.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

To the extent Plaintiff makes a claim for punitive damages or multiples of actual damages, Plaintiff's claims for these damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Massachusetts law.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

While Defendants deny that they are liable for any punitive and/or exemplary damages (hereinafter "such damages") in this case, to the extent Plaintiff claims such damages, they cannot be sustained because any award of such damages, which are penal in nature, without according to Defendants the same protections that are accorded to criminal defendants, including the protection against unreasonable searches and seizures, self-incrimination, and the right to

confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Defendants' rights guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and would also violate Massachusetts law.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff makes a claim for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards that arose in the decisions of <u>BMW of North America Inc. v. Gore</u>, 517 U.S. 559 (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group</u>, 532 U.S. 424 (2001), <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003), and <u>Philip Morris USA v. Williams</u>, 127 S. Ct. 1057 (2007).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue or forum.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiff's Legal Committee</u>, 531 U.S. 341 (2001).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because Plaintiff failed to give Defendants timely notice of those claims.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Any and all actions taken by Defendants with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Defendants have complied with all applicable regulations of the federal and state governments.

**FORTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants did not make any false statements to Plaintiff.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's RICO claims are barred, in whole or in part, due to Plaintiff's failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's RICO claims are barred, in whole or in part, due to Plaintiff's failure to plead facts showing that Defendants and the Marketing Firms are ongoing organizations whose members function as a continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's RICO claims are barred, in whole or in part, due to Plaintiff's failure to allege that Defendants conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring his RICO claims because he cannot show Defendants directly caused his alleged injuries as required by 18 U.S.C. § 1964(c); Holmes v. Securities Investor Prot. Corp., 503 U.S. 258, 265-66, 268 (1992); Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 132 (1st Cir. 2006); and George Lussier Enters. v. Subaru of New Eng., Inc., 393 F.3d 36, 51 (1st Cir. 2004).

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under RICO are barred by reason of the Complaint's failure to allege the factual circumstances constituting the elements of those claims with the heightened particularity required under the statute.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recovery against Defendants because the conduct alleged in the Complaint was not the proximate cause of any alleged loss suffered by the Plaintiff.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery because the representations and actions alleged by Plaintiff were not and are not material, in that they were not and are not likely to affect the decisions or conduct of Plaintiff, or to have caused Plaintiff to have chosen differently, but for such alleged representations or actions, and in that the alleged representations and actions were not likely to mislead Plaintiff acting reasonably under the circumstances.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovery because the representations and actions alleged by Plaintiff were not intended to deceive Plaintiff.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any injury or damages compensable at law.

### FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff has valid consumer protection claims under the laws of the Commonwealth of Massachusetts or any other State, Commonwealth or District whose laws are or later become relevant in the course of this multidistrict litigation. However, if such claims are found to exist, Defendants plead all available defenses under the Acts.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims under the consumer fraud statutes of the Commonwealth of Massachusetts are barred in whole or in part by the lack of allegations establishing a sufficient nexus to Commonwealth of Massachusetts and the lack of allegations establishing that Plaintiff suffered any harm.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's allegations do not constitute a violation under the consumer fraud statutes of the Commonwealth of Massachusetts.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative defenses as may be established by the discovery and evidence in the case. Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

## **DEMAND FOR TRIAL BY JURY**

Defendants hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1. Enter judgment in their favor on all claims alleged in the Complaint;

2. Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3. Grant Defendants such other and further relief as the Court may deem just and proper.

Dated: July 27, 2007

DAVIS POLK & WARDWELL

By:  /s/ James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

SHOOK, HARDY & BACON L.L.P.

By:  /s/ Scott W. Sayler
     Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

- and -

        HARE & CHAFFIN

By:   /s/ David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on July 27, 2007.

        /s/David B. Chaffin