UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>PRODUCTS LIABILITY ACTIONS | Magistrate Judge Leo T. Sorokin |

### PRODUCT LIABILITY PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO COMPEL DEFENDANTS TO CONDUCT THE DEPOSITION OF PLAINTIFFS' GENERAL/SPECIFIC CAUSATION EXPERT AS PREVIOUSLY SCHEDULED AND AGREED UPON

Products Liability Plaintiffs, (hereinafter "Plaintiffs"), respectfully submit this Memorandum in support of Plaintiffs' Emergency Motion for an Order compelling Defendants to conduct the deposition of Plaintiffs' general/specific causation expert as originally schedule and agreed upon, on October 18 and 19, 2007, following exchange of Plaintiffs' general/specific causation expert's report by October 1, 2007.

### FACTUAL BACKGROUND

Plaintiffs are moving by Emergency Motion because the next regular monthly discovery motion hearing in this litigation is scheduled to be held on September 20, 2007, and the issue herein involves the scheduling of crucial expert disclosure is time-sensitive and requires the immediate intervention of this Court.

On December 8, 2006, the parties entered into a Stipulation agreeing to, *inter alia*, a November 16, 2007 deadline for completion of fact discovery in the two Track one cases, a December 1, 2007 deadline for disclosure of Plaintiffs' expert reports, and a October 21, 2007

deadline for Plaintiffs' experts' depositions. *See* Stipulation and Proposed Order, ECF Doc. 576. On December 20, 2006, the Court issued Discovery Order No. 7, which, *inter alia*, modified the parties' proposed schedule and established a September 15, 2007 deadline for completion of fact discovery in the two Track One cases, an October 1, 2007 deadline for disclosure of Plaintiffs' expert reports, and an October 21, 2007 deadline for Plaintiffs' experts' depositions. *See* Discovery Order No. 7, ECF Doc. 582. In accordance with Discovery Order No. 7, in January 2007, Plaintiffs' counsel took the appropriate steps to secure the experts' availability for depositions in October 2007. On June 5, 2007, Defendants' counsel agreed to schedule the deposition of Plaintiffs' general/specific causation expert on October 18 and 19, 2007. *See* pertinent correspondence, annexed hereto as Exhibit A.

On July 9, 2007, Plaintiffs responded to the Sales and Marketing Practices Plaintiffs' Motion to Extend Fact Discovery, advised that an undisclosed expert had already set aside time, made travel arrangements and incurred expenses in order to come to New York for the scheduled October 18 and 19, 2007 deposition, and objected to any extension and/or change in the discovery schedule pertaining to expert disclosure or summary judgment motions in the two Track One cases. *See* Products Liability Plaintiffs' Response, ECF Doc. 784.

On the same date, July 9, 2007 Defendants responded to the Sales and Marketing Practices Plaintiffs' Motion for an Extension of Fact Discovery by, *inter alia*, opposing an extension to November 15, 2007, unless Products Liability Plaintiffs consented to extend the expert discovery schedule, and asserting that "plaintiffs proposed schedule would require defendants to depose plaintiffs' experts and produce their own experts while depositions of fact witnesses are still on-going." *See* Defendants' Response, ECF Doc. 787, p. 3.

On July 19, 2007, the Court issued Discovery Order No. 13, which, *inter alia*, revised the Sales and Marketing Practices schedule and directed that the fact discovery period close on October 15, 2007; and revised the Products Liability schedule to provide for disclosure of Plaintiffs' expert reports on general causation and the two Track One cases by October 22, 2007, and for Products Liability Plaintiffs' experts' depositions to be held by November 12, 2007.

Plaintiffs' counsel consulted their experts immediately after the issuance of Discovery Order No. 13, which altered the expert witness disclosure schedule. Plaintiffs' general/specific causation expert, who is obviously a vital expert witness in this case, has advised that due to prior commitments, other than the previously agreed upon October 18 and 19, 2007 dates, the next dates that this expert would be available for deposition are December 5-7, 2007, which are subsequent to the new November 12, 2007 deadline provided in Discovery Order No. 13.[1] Plaintiffs' general/specific causation expert has already made travel arrangements and reservations based upon the fact that Defendants had previously agreed to scheduling the expert's deposition on October 18 and 19, 2007. Plaintiffs' counsel has attempted to confer with Defendants' counsel and has requested that they honor the prior agreement to depose this expert on October 18 and 19, 2007, but Defendants have not responded to this request. *See* E-mail, annexed hereto as Exhibit B.

## ARGUMENT

A District Judge exercises broad discretion when supervising the discovery process. *Arzuaga-Perello v. Shell Co. (Puerto Rico)*, 1999 U.S. App. LEXIS 2162 (1st Cir. Feb. 4, 1999); *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992). The First Circuit has stated that

---

[1] Plaintiffs have not included as an exhibit to this motion any documentation from Plaintiffs' undisclosed general/specific causation expert, concerning the expert's unavailability and prior commitments. If the Court so directs, Plaintiffs will provide such documentation for *in camera* inspection.

3

it will intervene concerning the trial court's discretion "'only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party'" *Arzuaga-Perello* at *2 (citing to *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 91 (1st Cir. 1996)). A trial court may, upon motion, order the sequence and/or grant priority of the discovery process pursuant to Fed. R. Civ. P. 26(d). *Meisch v. Fifth Transoceanic Shipping Co. Ltd.*, 1994 U. S. Dist. LEXIS 14995 at *1 (S.D.N.Y. Oct. 21, 1994) (Court granted defendants' motion requiring, *inter alia*, that plaintiff be deposed by a date certain).

As noted above, prior to the issuance of Discovery Order No. 13, the parties had agreed that the deposition of Plaintiffs' expert on general/specific causation would be conducted on October 18 and 19, 2007. Travel and other plans to accommodate the schedule for expert disclosure and motions for summary judgment were solidified by Plaintiffs' general/specific causation expert in accordance with the schedule articulated by this Court in Discovery Order No. 7. It should be noted that the October 18 and 19, 2007 dates are within the new timetable for expert disclosure. Discovery Order No. 13, which establishes November 12, 2007, as the "Deadline for plaintiffs to produce for deposition their designated experts," does not prohibit the parties from conducting the depositions of these experts at any time prior to the November 12, 2007 date.

The general/specific causation expert is essential to Plaintiffs' successful prosecution of this litigation. Plaintiffs would be severely prejudiced if this expert is unable to testify in support of these cases. In contrast, Defendants recently opposed retaining the original expert disclosure schedule on the grounds that, *inter alia*, "plaintiffs proposed schedule would require defendants to depose plaintiffs' experts and produce their own experts while depositions of fact witnesses

4

are still on-going." Ordering Defendants to depose Plaintiffs' general/specific causation expert on October 18 and 19, 2007, would not prejudice Defendants inasmuch as pursuant to Discovery Order No. 13, fact discovery in both the Products Liability and Sales and Marketing Practices cases will be completed by October 15, 2007. In fact, scheduling the deposition of Plaintiffs' general/specific causation expert on October 18 and 19, 2007, may actually serve to benefit Defendants who would have additional time to prepare their Daubert challenge to the expert's testimony.

## CONCLUSION

In view of the above, Products Liability Plaintiffs respectfully request that this Court grant Plaintiffs' emergency motion and order that Defendants proceed with the deposition of Plaintiffs' general/specific causation expert as originally scheduled and agreed upon, on October 18 and 19, 2007, following the disclosure of Plaintiffs' general/specific causation expert's report by October 1, 2007.

Dated: July 27, 2007                    Respectfully submitted,

*Members of Products Liability*
*Plaintiffs' Steering Committee*


By:   /s/ Andrew G. Finkelstein
      Andrew G. Finkelstein, Esquire
      Finkelstein & Partners, LLP
      436 Robinson Avenue
      Newburgh, NY  12550


By:   /s/ Jack W. London
      Jack W. London, Esquire
      Law Offices of Jack W. London
         & Associates
      106 E. 6th Street, Suite 700
      Austin, TX  78701

5

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 27, 2007.

/s/ Kenneth B. Fromson
Kenneth B. Fromson, Esquire

# EXHIBIT A

**Finkelstein & PARTNERS**
*Counselors At Law*

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)

Debra J. Reisenman (NY)
Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)

Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mezoff (NY)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Karen M. Queenan (NY & CT)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

*Of Counsel*
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Sheila Rosenrauch (NY)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)

*Accredited CLE Provider*

REFER TO OUR FILE #: 200599

March 7, 2007

Jim Rouhandeh
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re: Neurontin MDL and NY Coordinated Litigation

Dear Jim:

    As you know, Plaintiffs' expert reports are due no later than October 1, 2007, and Plaintiffs' experts are to be deposed by October 21, 2007. In this regard, Product Liability Plaintiffs have already been coordinating with experts to confirm their available dates for depositions. I trust that you will find useful the proposed dates I have set forth below so that you can plan your calendar accordingly.

    This correspondence does not represent a formal disclosure of Plaintiffs' experts. Obviously, we will disclose experts in the form and fashion required by court rules. Where an expert's identity has not been disclosed, I have indicated "To Be Disclosed", the general subject matter, and I have proposed dates based upon the witness's current availability. As additional experts confirm their availability, I can update this correspondence accordingly. Please consider the following dates for depositions:

| *Expert Name* | *Subject* | *Proposed Deposition Dates 2007* |
|---|---|---|
| To Be Disclosed | Regulatory | October 10, 11, 12 |
| To Be Disclosed | General/Specific Causation | October 10, 11, 12<br>October 17, 18, 19 |
| To Be Disclosed | General/Specific Causation | October 18, 19 |
| To Be Disclosed | General/Specific Causation | October 11, 12 |
| To Be Disclosed | Sales/Marketing | October 10, 11 |
| To Be Disclosed | Sales/Marketing | October 2, 3 |

Upon review of these dates, please advise accordingly so that we can finalize the logistics for the experts.

Very truly,

*[signature]*

Kenneth B. Fromson

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| | 450 LEXINGTON AVENUE | MENLO PARK |
| | NEW YORK, NY 10017 | WASHINGTON, D.C. |
| | 212 450 4000 | LONDON |
| | FAX 212 450 3800 | PARIS |
| | | FRANKFURT |
| | | MADRID |
| | | TOKYO |
| ERIK M. ZISSU | | BEIJING |
| 212 450 4511 | | HONG KONG |
| ERIK.ZISSU@DPW.COM | | |

May 25, 2007

Re:   *In re Neurontin Marketing, Sales Practices and Products Liability Litigation*, MDL 1629

Kenneth B. Fromson, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Dear Ken:

      I write in response to your letter dated May 21, 2007, with respect to scheduling deposition dates for plaintiffs' experts in the MDL and New York Coordinated action. As an initial matter, you may recall that the parties discussed your proposed schedule after receiving your letter of March 7, 2007, and that they agreed at that time that the proposal was premature.

      While still premature, your request that defendants now acquiesce to the dates offered in your March 7 letter raises practical concerns. You have put forward October 2 and 3 for the deposition of one of your "Sales/Marketing" experts. Given that plaintiffs are not required to disclose their experts and submit their reports to defendants until October 1, your proposal provides defendants less than 24 hours to review your expert's report and prepare for a deposition. This is unreasonable. Defendants also note that you have not offered any of your experts for a deposition on October 8, 9, 15 or 16, and instead have proposed double- or triple-tracked depositions.

      Your proposal to double-track expert depositions of your "General/Specific Causation" experts is particularly problematic and unreasonable. Every effort should be made to ensure that plaintiffs' experts are not deposed on overlapping dates.

      Defendants reserve all rights with respect to your proposal. We are

Kenneth B. Fromson, Esq.                    2                           May 25, 2007

available to discuss scheduling of plaintiffs' experts. If you have any questions, please do not hesitate to contact me.

                                              Very truly yours,

                                              Erik M. Zissu

By Facsimile & Mail



**Finkelstein & PARTNERS**
*Counselors At Law*

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ, MA & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)

Debra J. Reisenman (NY)
Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)

Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mezoff (NY)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Karen M. Queenan (NY & CT)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

*Of Counsel*
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Sheila Rosenrauch (NY)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)

*Accredited CLE Provider*

REFER TO OUR FILE #: 200599

June 1, 2007

Jim Rouhandeh
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re: Neurontin MDL and NY Coordinated Litigation

Dear Jim:

In furtherance of my attempts to get availability from experts, I have additional dates of availability as it pertains to one of our experts who is anticipated to testify as to general/specific causation in the Track 1 cases. The chart below is modified accordingly. At this point, I have confirmed with each expert their availability for October. Please be guided accordingly. I would appreciate the courtesy of a response by June 11th as I must confirm these dates with the experts so as to preserve their availability.

| *Expert Name* | *Subject* | *Proposed Deposition Dates 2007* |
|---|---|---|
| To Be Disclosed | Regulatory | October 10, 11, 12 |
| To Be Disclosed | General/Specific Causation | October 4, 5<br>October 8, 9, 11, 12<br>October, 15, 16, 17 |
| To Be Disclosed | General/Specific Causation | October 18, 19 |
| To Be Disclosed | General/Specific Causation | October 4 (after 2:30pm), 5<br>October 11 (after 2:30pm), 12<br>October 18 (after 2:30pm), 19 |
| To Be Disclosed | Sales/Marketing | October 8, 9 (until 3pm), 10, 11, 12<br>October 15, 16 (until 3pm), 17 |
| To Be Disclosed | Sales/Marketing | October 2, 3, 16, 17 |

Very truly,

Kenneth B. Fromson

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

# EXHIBIT B

Kenneth Fromson /FLGP
07/26/2007 08:00 AM

To  rouhandeh, Erik M. Zissu
cc
Subject  Neurontin: Scheduling Expert depositions

Jim - As we discussed yesterday, I have inquired further into our expert's availability and I have again confirmed that the expert is not available during the current discovery window ordered by the Court in the MDL. The next available date for the expert is not until 12/6 and 12/7 (well outside the court approved discovery schedule). We stand by our position that Defendants should accomodate the expert and go forward with the deposition as originally agreed upon on October 18 and 19. Again, we would exchange the expert's report by 10/1/07. We do not believe that having the deposition in October poses any prejudice to the Defendants. The ongoing discovery, if any, you were concerned about during that timeframe would hardly relate to the issues raised by this expert; such activities would involve your discovery with sales/marketing plaintiffs. Please let me know by end-of-day today whether you will honor the originally agreed upon dates for this expert's deposition (and we would produce the expert in New York). Our intention is to seek relief from the Court with a motion filing as early as tomorrow.

Ken