# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------- x
In re:  NEURONTIN MARKETING, SALES PRACTICES,
AND PRODUCTS LIABILITY LITIGATION
:
: MDL Docket No. 1629
---------------------------------------------------------- x
: Master File No. 04-10981
THIS DOCUMENT RELATES TO:
:
: Judge Patti B. Saris
---------------------------------------------------------- x
: Magistrate Judge Leo T.
HARDEN MANUFACTURING CORPORATION; : Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,
dba BLUECROSS/BLUESHIELD OF LOUISIANA;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL
52 HEALTH BENEFITS TRUST; GERALD SMITH; and
LORRAINE KOPA, on behalf of themselves and all others
similarly situated, v. PFIZER INC. and WARNER-LAMBERT
COMPANY.

---------------------------------------------------------- x

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC. and

AETNA, INC. v. PFIZER INC.

---------------------------------------------------------- x

**DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFF
<u>KAISER FOUNDATION HOSPITALS</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Pfizer Inc. and Warner-Lambert Company LLC (hereinafter "Defendants"), hereby request that in accordance with the Definitions and Instructions set forth, Plaintiff Kaiser Foundation Hospitals ("Kaiser Hospitals") answer the interrogatories listed below within thirty (30) days of the date of service hereof.

## **DEFINITIONS**

1. The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference. Additionally, the following definitions apply.

2. "Plaintiff" or "Kaiser Hospitals" shall mean Kaiser Hospitals and any of its past or present trustees, officials, officers, fiduciaries, third-party administrators, representatives, assigns, employees, divisions, departments, directors, executives, predecessors or successors in interest, offices, subsidiaries, and affiliates.

3. "You" or "your" means Kaiser Hospitals.

4. The term "Member" shall include the terms "participant," "beneficiary," "covered individual" and "policy holder," and means persons for whom the Plaintiff provides health care benefits, health insurance coverage and/or provides prescription drug benefits, including the dependents of such persons.

5. The term "drug," unless otherwise indicated, shall mean a substance used in the diagnosis, treatment, or prevention or a disease or as a component of a medication, and shall include both prescription and non-prescription drugs.

6. The term "off-label" shall mean the prescription or use of a drug for indications or at dosages different from those set forth in a drug's labeling.

7. The term "claim" shall mean notification to an insurance company or third party payor requesting payment of an amount due under the terms of the policy.

8. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

9. "Any" includes the word "all" and vice-versa:

10. "Communication" shall have the meaning set forth in Local Rule 26.5

11. "Concerning" shall have the meaning set forth in Local Rule 26.5.

12. "Identify," as defined in Local Rule 26.5,

(a) When used with reference to an individual person, means to state his full name, present or last known address, and present or last known place of employment;

(b) When used with reference to an entity, means to state the entity's full name, present and last known address and telephone number(s), and organizational form (e.g., corporation, sole proprietorship, partnership, joint venture, etc.); and

(c) When used with reference to a document, means to state the type of document (e.g., memorandum, letter, notes, etc.), its general subject matter, date of the document, and its author(s), address(es), and recipient(s).

13. "State the basis," as defined in Local Rule 26.5, means:

(a) Identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) Identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) State separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory;

(d) State separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

14. "Person" or "Persons" shall mean any individual, corporation, organization, association, partnership, limited partnership, firm, joint venture, trustee, governmental body, agency, governing board, department or division, or any other entity.

15. "Relating to" shall have the same meaning as concerning.

2

## **INSTRUCTIONS**

1. The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

2. These interrogatories are continuing in nature and require you to provide prompt supplements or revisions to your answers whenever additional information becomes available.

3. In the event you assert any form of objection or privilege as a ground for refusing to answer an interrogatory or any part of an interrogatory, set forth the legal grounds for the objection or privilege and the facts upon which the objection or privilege is based. If the objection or privilege related to only part of an interrogatory, the balance of the interrogatory must be answered in full.

4. With respect to any conversation for which a privilege is being asserted, provide the following information:

    (a) When and where the conversation occurred;

    (b) The name, title, and job or position or each person who was present at or during the conversation, whether or not such conversation was in person or by telephone;

    (c) A brief description of the conversation's subject matter;

    (d) The statute, rule, or decision that is claimed to give rise to the privilege; and

    (e) The name, title, and job or position of all persons on whose behalf the privilege is asserted.

5. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect.

3

6. To the extent that you view any interrogatory as vague or imprecise, counsel for defendants offers to confer with counsel for Plaintiff as to the intended scope of such interrogatory.

## INTERROGATORIES

### Interrogatory No. 1

Identify each off-label use of Neurontin as to which you are seeking recovery.

### Interrogatory No. 2

For each off-label use identified in response to Interrogatory No. 1, state, for each calendar year of the proposed Class Period, the name, dosage, NDC number, and cost to you of each drug that you contend would have been cheaper and more optimal than Neurontin in treating that condition. Describe how you identified these alternative drugs and how you arrived at these figures.

### Interrogatory No. 3

For each of your Members who were prescribed Neurontin, state whether s/he also received one or more of the drugs identified in response to Interrogatory No. 2 and state which drug(s) each such Member received. State the dosage and number of prescriptions filled for each alternative drug prescribed to each such Member. Describe how you arrived at these figures.

### Interrogatory No. 4

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed at least one of the drugs identified in response to Interrogatory No. 2. Describe how you arrived at this figure.

4

Interrogatory No. 5

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat any aspect of bipolar disorder or depression.

Interrogatory No. 6

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat any type of neuropathic pain.

Interrogatory No. 7

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed concurrently any other drug approved or commonly used to treat epilepsy.

Interrogatory No. 8

For each calendar year of the proposed Class Period, state the number and percentage of your Members whom you identified in response to more than one of Interrogatories Nos. 5, 6, and 7.

Interrogatory No. 9

Identify all studies of Neurontin that you allege were suppressed by defendants.

5

Dated: New York, New York
March 13, 2007

        DAVIS POLK & WARDWELL

        By: _____

        James P. Rouhandeh
        Neal A. Potischman

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

HARE & CHAFFIN

    David B. Chaffin
    BBO No. 549245

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

Attorneys For Defendants Pfizer Inc. and
Warner-Lambert Company.

6