UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) | MDL Docket No. 1629 |
| | ) | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Judge Patti B. Saris |
| *Johnson v. Pfizer Inc., et al.*, 1:05-cv-12073-PBS | ) ) ) ) ) | Mag. Judge Leo T. Sorokin |

**ASSENTED-TO MOTION TO ESTABLISH DATE FOR
SUBMISSION OF RESPONSE TO MOTION TO REMAND**

Pfizer Inc. ("Pfizer"), Defendant in Johnson v. Pfizer Inc., No. 1:05-cv-12073-PBS, respectfully moves, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and with the assent of plaintiff, to enlarge the date upon which the period for the disclosure or designation of non-parties at fault shall begin to run.

The grounds for this motion are:

1. This product liability action originally was filed in Arizona state court.

2. Pfizer removed the action to the United States District Court for the District of Arizona.

3. The Joint Panel on Multidistrict Litigation later transferred the action to this Court as part of this multidistrict litigation.

4. Pfizer filed an Answer on March 30, 2007.

     5.     Under Arizona law, which arguably applies, a defendant in an action such as this must, within 150 days of the filing of an answer, formally disclose or designate non-parties at fault.

     6.     The case-specific discovery that normally would occur to enable a defendant in an action such as this to identify potential non-parties at fault has not yet begun because discovery in the product liability cases is being conducted on a tracked basis. As a result, Pfizer is not in a position to disclose or designate non-parties at fault, if any.

     7.     Accordingly, the parties have conferred and agreed that, subject to Court approval, Arizona's 150-day presumptive deadline will not begin to run until a date upon which the parties subsequently agree or this matter is remanded to the United States District Court for the District of Arizona, whichever first occurs.

     WHEREFORE, Pfizer respectfully requests that the Court extend the date on which the presumptive 150-day deadline for designation of non-parties at fault begins to run, through, to and including a date upon which the parties subsequently agree or the remand of this action to the United States District Court for the District of Arizona, whichever is earlier.

Dated: August 10, 2007                             PFIZER INC.,

                                                 By its attorneys,

                                               /s/David B. Chaffin  
                                               David B. Chaffin  
                                               BBO No. 549245  
                                               HARE & CHAFFIN  
                                               160 Federal Street  
                                               Boston, Massachusetts 02110  
                                               (617) 330-5000

ASSENTED TO:

s/John Commerford
John Commerford
MICHAEL NAPIER, P.C.
2525 East Arizona Biltmore
Circle, Suite C-130
Phoenix, AZ 85016

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document has been served pursuant to Case Management Order No. 3.

                                                  /s/David B. Chaffin