# EXHIBIT A

**Stevenson, Jennifer M. (SHB)**

| | |
|---|---|
| From: | McGroder, Lori (SHB) |
| Sent: | Tuesday, August 21, 2007 12:08 PM |
| To: | Stevenson, Jennifer M. (SHB) |
| Subject: | FW: Neurontin: Expert and Track 1 case issues. Plaintiff Response |
| Importance: | High |
| Attachments: | Discontinuance-stip.doc |

**From:** KennethFromson@lawampm.com [mailto:KennethFromson@lawampm.com]
**Sent:** Thursday, August 09, 2007 2:27 PM
**To:** McGroder, Lori (SHB)
**Subject:** Neurontin: Expert and Track 1 case issues. Plaintiff Response
**Importance:** High

Lori,

Please accept this communication as a "formal" response to your email in order to further expedite this process so that defense counsel can move forward with the selection of another "defense" Track 1 case.

**The Strickland Case**
I propose the parties should agree via stipulation to dismiss with prejudice the Strickland case without costs to either party. Attached is a proposed formal stipulation of dismissal. Please advise of your position regarding the proposed stipulation of dismissal in the Strickland case as soon as possible. Without an agreed upon stipulation, our intention is to file an application as early as 8/15/07 for an Order discontinuing the case. The sooner the matter is resolved, the sooner Defendants can select another Defendant Track 1 case.

**Application to be Relieved As Counsel**
As discussed during our telephone call, please accept this communication as formal notice of our intention to seek relief from the Court to be relieved as counsel on the following Track 1 cases: Michael Mendoza; Beth Moore (deceased).

**The Existing MDL Schedule**
Without debating the merits of your email in terms of whether our "actions threaten to upset this entire [discovery] process", I am available to further confer on a resolution of your concerns. However, your communication does raise suspicion as to the parties' agreement to depose one of our experts on October 18th and October 19th. Specifically, you indicate the following in your email: "The Court put in place an expert discovery schedule that contemplates a **single round of expert discovery** for both selected cases, and plaintiffs' proposed actions threaten to upset this entire process." (emphasis added). As it is our intention that this expert be produced to provide an opinion on general causation for all cases and specific causation in only the **Smith** case, we believe this deposition should go forward on 10/18 and 10/19 as agreed upon by the parties. Even if the defendants had a Defendant Track 1 case (i.e., Strickland) for which Plaintiffs were required to provide an expert report, it is not our intention to have this expert provide an opinion in the specific Defendant Track 1 case (i.e., Strickland). Consequently, this expert's appearance at a deposition is consistent with your "single round of expert discovery."

Importantly, please confirm that you will honor the October 18 and 19th deposition date for this witness. Travel arrangements have already been made for this witness. **If I do not hear from you (either by voicemail or email) by end of business day tomorrow, then we will again have to (re)file our emergency motion for this witness's deposition to be taken as previously agreed.** Of course, I will make sure to check my voicemail so

8/21/2007

as to avoid any miscommunication that happened a few weeks ago.

Next, Product Liability Plaintiffs oppose any extension of the current MDL expert discovery schedule (e.g., Discovery Order 13) to the extent it delays expert discovery disclosure on general causation for all cases and specific causation in the **Smith** case. Please accept this as a formal proposal that the current expert discovery schedule remain intact: I propose that the parties move forward with general expert discovery and specific expert discovery in the **Smith** case and in a manner consistent with the dates set forth in MDL Discovery Order 13.

I further propose that Defendants select another case Track 1 case as a Defendant Track 1 case and move forward with it in a manner consistent with the current discovery schedule. Alternatively, I propose that Defendants select another Defendant Track 1 case and propose a discovery schedule for that specific Defendant Track 1 case that Defendants believe is appropriate.

Finally, we spent time this morning discussing potential dates for depositions for our other anticipated experts in the litigation. To the extent defendants are unwilling to agree to commit to the various proposed dates for expert depositions, as previously set forth in correspondence to your office, please let me know your position. Much effort has been made in having these witnesses clear their schedules and we have acted in good faith to provide you with the topic of their testimony, and even their identity in certain circumstances.

I look forward to speaking with you further regarding the above issues and I truly hope we can continue to have the same candid discussions: lets use this candor to reach a resolution.

Regards,

Ken

"McGroder, Lori (SHB)" <LMCGRODER@shb.com>

08/09/2007 01:47 PM

To KennethFromson@lawampm.com
cc
Subject Expert and Track 1 case issues

Ken,

Thanks for taking the time to discuss expert and other Track 1 case issues this morning. First, as I said in our conversation, plaintiffs' plan to attempt to dismiss Strickland and be relieved as counsel in Fennelon and Mendoza is problematic from a defense perspective based on the amount of work we have put into these cases under the existing schedule. We have treated Strickland for many months as our likely Track 1 selection, and have put a lot of effort (read: time and money) into working up this case, including expert development.

Second, while I appreciate your candor about plaintiffs' strategy, your approach is nevertheless disruptive of the Court's plan for case selection as well as the MDL scheduling order. It will be impractical and unfair to meet the existing MDL schedule under the current situation when we don't know whether Strickland will be dismissed, the impact of your suggested motions to be relieved as counsel, and how and when new Track One cases will be selected (as you will have deprived defendants of their right to choose two of the ten cases). Nor do we know which of those cases will be the defense selection for full case-specific workup. The Court put in place an expert discovery schedule that contemplates a single round of expert discovery for

both selected cases, and plaintiffs' proposed actions threaten to upset this entire process.

Finally, we are not treating your statements regarding these Track 1 cases as formal notice for purposes of making any response. If it is your intention to seek dismissal by stipulation in Strickland, we are waiting for your proposal.

Ken, thanks again for your candor in our discussion.

Best,
Lori

Mail Gate made the following annotations on Thu Aug 09 2007 12:47:40 CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

---

This Email has been scanned for all viruses by PAETEC Email Scanning Services, utilizing MessageLabs proprietary SkyScan infrastructure. For more information on a proactive anti-virus service working around the clock, around the globe, visit http://www.paetec.com.

8/21/2007

# EXHIBIT B

**Stevenson, Jennifer M. (SHB)**

**From:** McGroder, Lori (SHB)
**Sent:** Monday, August 13, 2007 12:11 PM
**To:** 'KennethFromson@lawampm.com'
**Subject:** Plaintiffs counter-proposal

Ken,

We cannot agree to plaintiffs' proposed stipulated dismissal of Strickland. As I said last week, your proposed dismissal completely disrupts the MDL Track One process. Nor do we agree to your counter-proposal below regarding the Oct 18-19 expert deposition. We anticipate you'll be filing a motion to dismiss Strickland. If you'd like to talk before then, feel free to give me a call. Thanks.

Lori

Lori McGroder
Shook, Hardy & Bacon
816-559-2290
lmcgroder@shb.com

# EXHIBIT C

Stevenson, Jennifer M. (SHB)

**From:** McGroder, Lori (SHB)
**Sent:** Tuesday, August 21, 2007 12:09 PM
**To:** Stevenson, Jennifer M. (SHB)
**Subject:** FW: Plaintiffs counter-proposal

---

**From:** KennethFromson@lawampm.com [mailto:KennethFromson@lawampm.com]
**Sent:** Monday, August 13, 2007 1:00 PM
**To:** McGroder, Lori (SHB)
**Subject:** Re: Plaintiffs counter-proposal

Lori,

It appears we have completed our obligations to confer on the issues. Given the parties are unable to resolve our differences, we will take steps via motion practice with Magistrate Sorokin in time for the September conference/oral argument date. I anticipate we will include at the very least applications to (a) compel the deposition of our expert (general causation for all cases and specific causation in **Smith**) on October 18-19 as we did in our earlier emergency motion; (b) move to dismiss **Strickland** without prejudice and without costs; and (c) a motion to keep in place the current discovery schedule of expert disclosure and dispositive motions.

Given the circumstances involving **Stickland**, I do think it is wise for the parties to address what if any 'defense' Track 1 case you will now pursue. Notwithstanding our differences on the discovery schedule, I would think defendants would want to move forward on a case. In this regard, I am available for discussion.

Ken

"McGroder, Lori (SHB)" <LMCGRODER@shb.com>

08/13/2007 01:10 PM

To KennethFromson@lawampm.com
cc
Subject Plaintiffs counter-proposal

Ken,

We cannot agree to plaintiffs' proposed stipulated dismissal of Strickland. As I said last week, your proposed dismissal completely disrupts the MDL Track One process. Nor do we agree to your counter-proposal below regarding the Oct 18-19 expert deposition. We anticipate you'll be filing a motion to dismiss Strickland. If you'd like to talk before then, feel free to give me a call. Thanks.

Lori

Lori McGroder
Shook, Hardy & Bacon
816-559-2290
lmcgroder@shb.com