**DAVIS POLK & WARDWELL**

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

MATTHEW B. ROWLAND
212 450 4912
matthew.rowland@dpw.com

August 20, 2007

Re:   In re Neurontin Marketing and Sales Practices and Products Liability Litigation, MDL No. 1629

Elana Katcher, Esq.
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022

Dear Elana:

I write in response to your letter of August 9th concerning the scope of the noticed 30(b)(6) depositions of defendants. I address each of the issues you raised in your letter below.

### Document Notice

Your interpretation of the scope of this notice is correct, inasmuch as it relates to potentially responsive Neurontin documents.

### Organizational Structure Notice

Regarding Pfizer's organizational structure, defendants propose to avoid the need for deposition testimony by providing plaintiffs with a copy of a deposition on this topic taken in another Pfizer litigation. Please let us know if you are open to discussing this proposal.

Plaintiffs also request that a witness be prepared to testify as to the types of documents created or maintained at the Warner-Lambert Health Care Management and other Customer Business Units, as well as any group or division that regularly interacted with third-party payors. Defendants will prepare a witness to testify as to the types and categories of documents created or otherwise maintained at each such group or division.

Elana Katcher, Esq.                                    2                        August 20, 2007

    Regarding your final point, defendants will agree to produce a witness to testify regarding due diligence related to off-label marketing with respect to Neurontin.

### Third-Party Payor Notice – Non-TPP Communication Topics

    Plaintiffs state that they cannot accept defendants' proposed scope regarding Subject Matter 6. Plaintiffs have already taken the deposition of numerous individuals with relevant knowledge as to defendants' "conclusions or views . . . whether Neurontin provides any medical benefit to patients who take it for any off-label uses." Furthermore, defendants have produced numerous documents that deal with this subject. Accordingly, production of a witness to testify to more than the "sources and locations of documents," as defendants have proposed, would be cumulative and duplicative. Additionally, it would be highly burdensome, as the individuals at Pfizer with the relevant knowledge have already been deposed by plaintiffs. Defendants will not agree to plaintiffs' proposed scope regarding this subject, and stand by the proposed scope as set forth in the August 3 letter.[1]

    Your proposal regarding Subject Matters 8 and 9 is also unacceptable. Preparing a witness to testify on the topics you propose would not only be cumulative and duplicative of document production and interrogatory responses already made in this litigation, but would also be highly burdensome. Testimony of a company witness on these topics is far from the most efficient discovery technique to learn the information requested. Furthermore, it would require months of preparation to adequately prepare a witness on these topics, if such is even feasible.

### Third-Party Payor Notice – TPP Communication Topics

    Similar to Subject Matters 8 and 9 above, plaintiffs' proposal regarding Subject Matters 2, 3, and 10 is entirely too broad, is extremely burdensome, and is not relevant to the claims or defenses of any party in this litigation. You ask that a company witness be prepared to testify regarding the content of *every* communication and marketing material directed by defendants to any third-party payor. This is impossible. Defendants have offered to produce a witness to testify regarding the identification of employees responsible generally for communications with the named third-party payors, the types and categories of such communications, and to identify any databases that may exist containing the contents of such communications. To the extent that such communications relate to marketing or promotional efforts, defendants have already produced numerous

---

[1] Plaintiffs note that defendants made a similar request in their 30(b)(6) notices to the Coordinated Plaintiffs, but fail to note that none of the company witnesses offered by Coordinated Plaintiffs were prepared on this topic. Instead, each witness denied any knowledge on the subject and stated that it would be later addressed by means of expert testimony.

Elana Katcher, Esq.                        3                        August 20, 2007

documents from the files of the marketing team, and plaintiffs have taken numerous depositions of marketing personnel. This should be sufficient.

Plaintiffs also request that defendants' broaden the scope of their testimony to all third-party payors and their agents, and not just those third-party payors named in this litigation. This represents a dramatic expansion of the scope of this testimony, as there are only six named third-party payor plaintiffs in this litigation, but many more third-party payors who may have received communications from defendants. As we stated on our last phone call, we will reconsider if plaintiffs agree not to oppose discovery by defendants directed to third-party payors not parties to this litigation. If plaintiffs are to obtain discovery from defendants about communications made to these entities, defendants must also be allowed to obtain discovery from these non-parties regarding such communications. This would, of course, require a significant extension of the discovery schedule.

Defendants will agree to include the types and categories of communications with the pharmacy benefit managers of the named third-party payor plaintiffs.

**Conclusion**

Defendants agree that we have sufficiently narrowed our differences regarding the document notice. Accordingly, we are endeavoring to identify a witness and to provide dates on which s/he is available for deposition. As to the organizational structure notice, please let us know if you accept the proposal set forth in this letter, in which case defendants will endeavor to identify a witness and to provide dates on which s/he is available for deposition. As to the third-party payor notice, however, defendants believe there are still significant differences as to the scope of the sought after testimony. We are available to further discuss the scope of the third-party payor notice at your convenience.

We look forward to hearing from you.

Sincerely,

*[signature: Matthew Rowland]*

Matthew Rowland

Elana Katcher, Esq. 4 August 20, 2007

cc: Thomas Sobol, Esq.
Ronald Aranoff, Esq. (by email only)
Annamarie Daley, Esq. (by email only)
Kenneth Fromson, Esq. (by email only)
Thomas Greene, Esq. (by email only)
Gerald Lawrence, Esq. (by email only)
Ed Notargiacomo, Esq. (by email only)
Linda Nussbaum, Esq. (by email only)
Ilyas Rona, Esq. (by email only)
Mark Sandmann, Esq. (by email only)
Daniel Seltz, Esq. (by email only)
Scott Simmer, Esq. (by email only)

<u>By Email PDF & Mail</u>