# Davis Polk & Wardwell

450 Lexington Avenue
New York, NY 10017
212 450 4000
Fax 212 450 3800

Menlo Park
Washington, D.C.
London
Paris
Frankfurt
Madrid
Tokyo
Beijing
Hong Kong

Deborah L. MacGregor
212 450 4853
deborah.macgregor@dpw.com

August 10, 2007

Re:   In re Neurontin Marketing, Sales Practices & Products Liability
      Litigation, MDL 1629 (D. Mass.)

Linda P. Nussbaum, Esq.
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022

Edward Notorgiacomo, Esq.
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Dear Linda and Ed:

     I write in response to your August 3, 2007 letter to Jim Rouhandeh regarding certain requests included in plaintiffs' request for documents. Defendants have completed the production of materials they agreed to produce or were ordered to produce by the Court in this litigation. At no time have defendants agreed to produce all documents "relevant to managed care and/or Third Party Payors." As you know, plaintiffs' First Request for Production of Documents was served on March 11, 2005 and defendants served responses and objections to those requests on April 11, 2005. The parties engaged in extensive meet and confer sessions during May and June 2005 regarding the requests. As a result of those sessions, defendants agreed to produce certain documents in response to some of the requests identified in your letter. Plaintiffs failed to raise any concerns relating to the requests identified in your letter or the documents defendants agreed to produce in response to those requests for over two years and raise those concerns for the first time four months after the close of document discovery in this case. Defendants believe your request is untimely, as well as unjustified.

     As an initial matter, document request numbers 61 and 68 do not make any mention of managed care or third party payers and seem to have no connection to this issue. Moreover, defendants objected to producing documents in response to request number 61. As for request number 68, defendants agreed to produce documents relating to off-label uses of Neurontin from the files of those persons responsible for the marketing of Neurontin. Those documents have been

Linda P. Nussbaum, Esq.                       2                        August 10, 2007
Edward Notorgiacomo, Esq.

produced. With respect to document request numbers 229, 230, 231, 232, 242, 243, and 245, defendants objected to producing documents in response to each of these requests on a number of grounds, including that the requests were overly broad and unduly burdensome. In addition, with the exception of request 245, defendants objected to each of these requests on the grounds that documents responsive to such requests are more appropriately sought from third parties.

Defendants never agreed to produce documents relating to managed care and Neurontin from the files of all employees. Such an approach would have been extraordinarily burdensome. During the 2005 meet and confer sessions, defendants noted in connection with request numbers 229, 230, 231, 232, 242, 243, and 245 that they planned to produce documents relating to off-label uses from the files of custodians responsible for the marketing of Neurontin, and that the production would include such documents that related to third-party payors from those person's files, if any.[1] Defendants also specifically noted that this review would include documents from the Warner-Lambert Managed Care Customer Business Unit (a/k/a the Healthcare Management CBU). Defendants have reviewed those documents, to the extent they exist, and produced any documents relating to off-label uses of Neurontin and managed care / third party payors.

Defendants do not believe the review and production of additional documents, if any, from the files of new custodians at this late date is justified. The burden of such an undertaking strongly outweighs the likely benefits, as plaintiffs have failed utterly to date to provide any evidence that defendants provided any false or misleading information about Neurontin to third party payors.

Sincerely,

*Debbie MacGregor*

Debbie MacGregor

cc:   Ronald Aranoff, Esq.

By Email PDF

---

[1] Since that meet and confer, defendants also have agreed to produce responsive documents from the files of a number of other groups of employees, including certain relevant employees involved in sales, outcomes research, grants, and medical (in addition to those involved in groups most relevant to the product liability cases, such as safety and regulatory).