# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

DEBORAH L. MACGREGOR
212 450 4853
DEBORAH.MACGREGOR@DPW.COM

August 24, 2007

Re: **In re Neurontin Marketing, Sales Practices and Product Liability Litigation, MDL 1629**

Ilyas J. Rona, Esq.
Greene & Hoffman
125 Summer Street, Suite 1410
Boston, MA 02110

Dear Ilyas:

I write in response to your August 20, 2007 letter regarding various categories of documents. There can be no dispute that document discovery has closed. Defendants, however, are amenable to producing certain additional documents to the extent such documents exist and as outlined below. Regarding the specific categories in your letter:

1. As I explained in my August 10, 2007 letter to Linda Nussbaum and Ed Notargiacomo, defendants objected in 2005 to plaintiffs' request for documents concerning communications between Pfizer and third-party payors concerning Neurontin, and it is too late to open such a broad category of discovery at this stage of the litigation. If plaintiffs can identify a more targeted scope of discovery, however, defendants are willing to discuss producing additional documents.

2. Plaintiffs' request for "all versions of Pfizer's internal website known as MAWEB" also is overly broad. The majority of materials on MAWEB are unrelated to Neurontin and therefore are non-responsive to this litigation. Defendants will agree to review the materials residing on MAWEB that relate to Neurontin and to produce any responsive materials.

3. Defendants already have produced a number of so-called "Action Plans." Defendants agree to conduct a reasonable search for additional Action Plans and will produce such documents, if any.

Ilyas Rona, Esq.                    2                    August 24, 2007

    4. I do not know what you are referring to when you request "customer information in the Sherlock database." Please explain what plaintiffs are seeking or provide me with the basis for your request so that we can look into this issue.

    5. Plaintiffs' request for "all agendas and reports indicating what promotional materials concerning Neurontin were approved or rejected by Pfizer's Review Committee" seeks documents that are not relevant to this litigation and were not requested by plaintiffs. Epilepsy detail pieces, for example, have no bearing on this litigation. To the extent that the Neurontin Review Committee reviewed pieces that are responsive to this litigation, however, such materials would be in the custodial files of the members of the Review Committee and would have been produced.

    Defendants are available to meet and confer regarding the above on Monday and it may be most efficient to include a discussion of these items in the course of the meet and confer call regarding the 30b6 notices that is scheduled for 1:30. Please let me know if plaintiffs are amenable to this approach.

                                  Sincerely,

                                  Debbie MacGregor

By Facsimile

cc via facsimile:    Thomas M. Greene, Esq.
                        Ronald J. Aranoff, Esq.
                        Barry Himmelstein, Esq.
                        Ed Notargiacomo, Esq.
                        Linda Nussbaum, Esq.
                        Aviah Cohen, Esq.
                        Daniel Seltz, Esq.
                        Annamarie Daley, Esq.
                        Gerald Lawrence, Esq.
                        Kenneth Fromson, Esq.