UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                            :
In re:  NEURONTIN MARKETING, SALES PRACTICES,                               :
        AND PRODUCTS LIABILITY LITIGATION                                   :
                                                                            :  MDL Docket No. 1629
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                            :  Master File No. 04-10981
THIS DOCUMENT RELATES TO:                                                   :
                                                                            :  Judge Patti B. Saris
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                            :  Magistrate Judge Leo T.
HARDEN MANUFACTURING CORPORATION;                                           :  Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,                                 :
dba BLUECROSS/BLUESHIELD OF LOUISIANA;                                      :
INTERNATIONAL UNION OF OPERATING ENGINEERS,                                 :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL                                :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and                                 :
LORRAINE KOPA, on behalf of themselves and all others                       :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT                       :
COMPANY.                                                                    :
                                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                            :
THE GUARDIAN LIFE INSURANCE COMPANY OF                                      :
AMERICA v. PFIZER INC. and                                                  :
                                                                            :
AETNA, INC. v. PFIZER INC.                                                  :
                                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**DEFENDANTS' OPPOSITION TO EXPEDITED
DETERMINATION OF PLAINTIFFS' MOTION TO COMPEL
DISCOVERY RELATING TO COMMUNICATIONS BETWEEN
DEFENDANTS AND THIRD-PARTY PAYOR PLAINTIFFS**

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Defendants Pfizer Inc.
and Warner-Lambert Company*

Defendants Pfizer Inc. and Warner-Lambert Company submit this opposition to the request of the Sales and Marketing Plaintiffs ("plaintiffs") for expedited treatment of their Motion To Compel Discovery Relating to Communications Between Defendants and Third-Party Payor Plaintiffs, filed on August 30, 2007 (the "Motion"). Defendants respectfully request that the Court reject plaintiffs' request for expedited determination of the Motion and allow defendants to respond on the date set forth for responses to discovery motions in Discovery Order 13, *i.e.*, September 11, 2007. Defendants do not herein address the merits of the Motion, but will do so at an appropriate time.

## ARGUMENT

After the close of business one day prior to the Labor Day weekend—and literally one week before the deadline to file discovery motions set forth in Discovery Order 13—plaintiffs filed a supposedly emergency motion to compel discovery from defendants. Plaintiffs fail to offer a coherent explanation for why the Motion requires expedited treatment, and it is plain that it does not. Accordingly, the request for expedited treatment should be denied.

On July 19, 2007, in Discovery Order 13, the Court set a deadline of September 6 to file discovery motions. (*See* Dkt # 801 at 2, 5.) Plaintiffs concede (as they must) that they are aware of this deadline. They nonetheless argue that "several other impending deadlines make this motion appropriate for expedited resolution." (Dkt # 828 at 2.) Plaintiffs offer absolutely no analysis that supports their assertion that the Motion needs to be decided one week before all other motions that the parties will make next week. Particularly given the intervening Labor Day holiday—around which the Court presumably based the schedule that appears in Discovery Order 13—it would be inappropriate to require defendants to respond to the Motion on an expedited basis.

We note that plaintiffs' reference to the October 15, 2007 fact discovery cut-off does not change the analysis at all. First, and most obviously, the Court set the September 6 motion deadline and the October 15 discovery cut-off in the same Order. If plaintiffs believed that there was insufficient time between September 6 and October 15 to allow the parties to make discovery motions, plaintiffs should have asked the Court to modify Discovery Order 13 when it was entered. Plaintiffs certainly should have raised the issue before 5:30 pm on the Thursday of Labor Day weekend. To argue at this late date that one extra week will make all the difference strains credulity past the breaking point. Moreover, the reasons cited by plaintiffs as support for expedited resolution would apply with equal force to *any* discovery motion made by *any* party—after all, every party wants information sooner rather than later. The critical question is whether plaintiffs have such a critical need to have their motion decided one week earlier than it otherwise would be that it is appropriate to disregard a schedule that has been in place for weeks, and on which the defendants have been relying.

Furthermore, and without reaching the merits of the Motion, we note that plaintiffs have failed utterly to explain why they have waited to this late date in the litigation to file their motion to compel document discovery—especially if the sought after documents are of the clear relevance that they claim. (Dkt # 828 at 7.) In fact, plaintiffs acknowledge that they sought the production of a related category of documents earlier during the course of discovery, at an appropriate time. (*Id.* at 7 n.6.) We note that, since plaintiffs first served their document requests, defendants consistently have objected to those requests that plaintiffs now point to as requiring production.[1] In addition, defendants have met and conferred with plaintiffs on

---

[1] Defendants do not concede that the documents currently sought actually fall within the scope of plaintiffs' document requests.

numerous occasions and at length as to the exact scope of defendants' production, and plaintiffs have long known the identities of the custodial files that defendants planned to—and did—produce. Yet plaintiffs never raised the issues in the instant motion before this summer.

As to the sought after testimony of a company witness, defendants already have offered to produce a witness in response to the 30(b)(6) notice, albeit on topics limited in scope from what plaintiffs have requested. Again putting aside the merits of the parties' respective positions, plaintiffs proffer no reason why issue cannot be joined on that topic on the schedule that appears in Discovery Order 13. Should the Court ultimately order defendants to prepare a witness on additional topics, the extra 1-2 weeks that expedited resolution of plaintiffs' motion might allow will have minimal significance.

Finally, aside from the inefficiency that would result in considering the parties' discovery motions on two tracks approximately one week apart, we note that considering the Motion on an expedited basis would prejudice defendants. Defendants should not be filed to require an opposition at the same time that they are preparing and filing their own discovery motions in accordance with the schedule determined by the Court. Moreover, in light of the long holiday weekend, requiring defendants to respond before September 11, 2007 will obviously inconvenience a number of attorneys without good reason. Plaintiffs' request for expedited determination should be denied.

## **CONCLUSION**

For all the foregoing reasons, defendants respectfully request that the Court reject plaintiffs' request for expedited determination of the Motion and allow defendants to respond on the date set forth for responses to discovery motions in Discovery Order 13: September 11, 2007.

Dated: August 31, 2007

                          DAVIS POLK & WARDWELL

                          By:   /s/ James P. Rouhandeh
                                James P. Rouhandeh
                                Matthew B. Rowland

                        450 Lexington Avenue
                        New York, New York 10017
                        (212) 450-4000

                                - and -

                        HARE & CHAFFIN

                        By:   /s/ David B. Chaffin
                                David B. Chaffin

                        160 Federal Street
                        Boston, Massachusetts 02110
                        (617) 330-5000

                        *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 31, 2007.

                                           /s/ David B. Chaffin