UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: <br><br> PRODUCTS LIABILITY ACTIONS | Magistrate Judge Leo T. Sorokin |

**PRODUCT LIABILITY PLAINTIFFS' MEMORANDUM
IN SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL DEFENDANTS TO CONDUCT THE DEPOSITION
OF PLAINTIFFS' GENERAL/SPECIFIC CAUSATION
EXPERT AS PREVIOUSLY SCHEDULED AND AGREED UPON**

Products Liability Plaintiffs, (hereinafter "Plaintiffs"), respectfully submit this Memorandum in support of Plaintiffs' Motion for an Order compelling Defendants to conduct the deposition of Plaintiffs' general/specific causation expert as originally schedule and agreed upon, on October 18 and 19, 2007, following exchange of Plaintiffs' general/specific causation expert's report by October 1, 2007.

## FACTUAL BACKGROUND

On December 8, 2006, the parties entered into a Stipulation agreeing to, *inter alia*, a November 16, 2007 deadline for completion of fact discovery in the two Track one cases, a December 1, 2007 deadline for disclosure of Plaintiffs' expert reports, and a October 21, 2007 deadline for Plaintiffs' experts' depositions. *See* Stipulation and Proposed Order, ECF Doc. 576. On December 20, 2006, the Court issued Discovery Order No. 7, which, *inter alia*, modified the parties' proposed schedule and established a September 15, 2007 deadline for completion of fact discovery in the two Track One cases, an October 1, 2007 deadline for disclosure of Plaintiffs'

expert reports, and an October 21, 2007 deadline for Plaintiffs' experts' depositions. *See* Discovery Order No. 7, ECF Doc. 582. In accordance with Discovery Order No. 7, in January 2007, Plaintiffs' counsel took the appropriate steps to secure the experts' availability for depositions in October 2007. On June 5, 2007, Defendants' counsel agreed to schedule the deposition of Plaintiffs' general/specific causation expert on October 18 and 19, 2007. *See* pertinent correspondence, annexed hereto as Exhibit A.

On July 9, 2007, Plaintiffs responded to the Sales and Marketing Practices Plaintiffs' Motion to Extend Fact Discovery, advised that an undisclosed expert had already set aside time, made travel arrangements and incurred expenses in order to come to New York for the scheduled October 18 and 19, 2007 deposition, and objected to any extension and/or change in the discovery schedule pertaining to expert disclosure or summary judgment motions in the two Track One cases. *See* Products Liability Plaintiffs' Response, ECF Doc. 784.

On the same date, July 9, 2007 Defendants responded to the Sales and Marketing Practices Plaintiffs' Motion for an Extension of Fact Discovery by, *inter alia*, opposing an extension to November 15, 2007, unless Products Liability Plaintiffs consented to extend the expert discovery schedule, and asserting that "plaintiffs proposed schedule would require defendants to depose plaintiffs' experts and produce their own experts while depositions of fact witnesses are still on-going." *See* Defendants' Response, ECF Doc. 787, p. 3.

On July 19, 2007, the Court issued Discovery Order No. 13, which, *inter alia*, revised the Sales and Marketing Practices schedule and directed that the fact discovery period close on October 15, 2007; and revised the Products Liability schedule to provide for disclosure of Plaintiffs' expert reports on general causation and the two Track One cases by October 22, 2007, and for Products Liability Plaintiffs' experts' depositions to be held by November 12, 2007.

Plaintiffs' counsel consulted their experts immediately after the issuance of Discovery Order No. 13, which altered the expert witness disclosure schedule. Plaintiffs' general/specific causation expert, who is obviously a vital expert witness in this case, has advised that due to prior commitments, other than the previously agreed upon October 18 and 19, 2007 dates, the next dates that this expert would be available for deposition are December 5-7, 2007, which are subsequent to the new November 12, 2007 deadline provided in Discovery Order No. 13.[1] Plaintiffs' general/specific causation expert has already made travel arrangements and reservations based upon the fact that Defendants had previously agreed to scheduling the expert's deposition on October 18 and 19, 2007. Plaintiffs' counsel has attempted to confer with Defendants' counsel and has requested that they honor the prior agreement to depose this expert on October 18 and 19, 2007, but Defendants did not responded to this request during the time period noted therein. *See* E-mail, annexed hereto as Exhibit B. On July 27, 2007, Plaintiffs filed an Emergency Motion for an Order compelling Defendants to conduct the deposition of Plaintiffs' general/specific causation expert as originally schedule and agreed upon, on October 18 and 19, 2007, following exchange of Plaintiffs' general/specific causation expert's report by October 1, 2007. *See* ECF Doc. # 805. On July 30, 2007, after being advised that Pfizer Defendants would agree to the relief sought, Plaintiffs withdrew their Emergency Motion. *See* ECF Doc. # 809. Pfizer Defendants have advised Plaintiffs' counsel that based upon the fact Plaintiffs moved for the dismissal of *Strickland*, they do not intend to abide by their previous agreement to depose Plaintiffs' general/specific causation expert on October 18 and 19, 2007, thus necessitating the filing of the instant motion.

---

[1] Plaintiffs have not included as an exhibit to this motion any documentation from Plaintiffs' undisclosed general/specific causation expert, concerning the expert's unavailability and prior commitments. If the Court so directs, Plaintiffs will provide such documentation for *in camera* inspection.

3

## ARGUMENT

A District Judge exercises broad discretion when supervising the discovery process. *Arzuaga-Perello v. Shell Co. (Puerto Rico)*, 1999 U.S. App. LEXIS 2162 (1st Cir. Feb. 4, 1999); *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992). The First Circuit has stated that it will intervene concerning the trial court's discretion "'only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party'" *Arzuaga-Perello* at *2 (citing to *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 91 (1st Cir. 1996)). A trial court may, upon motion, order the sequence and/or grant priority of the discovery process pursuant to Fed. R. Civ. P. 26(d). *Meisch v. Fifth Transoceanic Shipping Co. Ltd.*, 1994 U. S. Dist. LEXIS 14995 at *1 (S.D.N.Y. Oct. 21, 1994) (court granted defendants' motion requiring, *inter alia*, that plaintiff be deposed by a date certain).

As noted above, prior to the issuance of Discovery Order No. 13, the parties had agreed that the deposition of Plaintiffs' expert on general/specific causation would be conducted on October 18 and 19, 2007. Travel and other plans to accommodate the schedule for expert disclosure and motions for summary judgment were solidified by Plaintiffs' general/specific causation expert in accordance with the schedule articulated by this Court in Discovery Order No. 7. It should be noted that the October 18 and 19, 2007 dates are within the new timetable for expert disclosure. Discovery Order No. 13, which establishes November 12, 2007, as the "Deadline for plaintiffs to produce for deposition their designated experts," does not prohibit the parties from conducting the depositions of these experts at any time prior to the November 12, 2007 date.

4

The general/specific causation expert is essential to Plaintiffs' successful prosecution of this litigation. Plaintiffs would be severely prejudiced if this expert is unable to testify in support of these cases. In contrast, Defendants recently opposed retaining the original expert disclosure schedule on the grounds that, *inter alia*, "plaintiffs proposed schedule would require defendants to depose plaintiffs' experts and produce their own experts while depositions of fact witnesses are still on-going." Ordering Defendants to depose Plaintiffs' general/specific causation expert on October 18 and 19, 2007, would not prejudice Defendants inasmuch as pursuant to Discovery Order No. 13, fact discovery in both the Products Liability and Sales and Marketing Practices cases will be completed by October 15, 2007. In fact, scheduling the deposition of Plaintiffs' general/specific causation expert on October 18 and 19, 2007, may actually serve to benefit Defendants who would have additional time to prepare their Daubert challenge to the expert's testimony.

## CONCLUSION

In view of the above, Products Liability Plaintiffs respectfully request that this Court grant Plaintiffs' motion and order that Defendants proceed with the deposition of Plaintiffs' general/specific causation expert as originally scheduled and agreed upon, on October 18 and 19, 2007, following the disclosure of Plaintiffs' general/specific causation expert's report by October 1, 2007.

Dated: September 6, 2007                     Respectfully submitted,

*Members of Products Liability*
*Plaintiffs' Steering Committee*

By:    /s/ Andrew G. Finkelstein
       Andrew G. Finkelstein, Esquire
       Finkelstein & Partners, LLP
       436 Robinson Avenue
       Newburgh, NY  12550

5

By:   /s/ **Jack W. London**
      Jack W. London, Esquire
      Law Offices of Jack W. London
        & Associates
      106 E. 6th Street, Suite 700
      Austin, TX 78701

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on September 6, 2007.

      /s/ **Kenneth B. Fromson**
      Kenneth B. Fromson, Esquire