EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMIE FENELON, as Proposed
Administratrix of the Estate of BETH
MOORE, Deceased,

        Plaintiff,

    - against -

PFIZER INC., PARKE-DAVIS, a division of
Warner-Lambert Company and Warner-
Lambert Company LLC, WARNER-
LAMBERT COMPANY and WARNER-
LAMBERT COMPANY LLC,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE
Case No: 06 CV 4136 (JSR)

<u>ANSWER</u>

Defendants Pfizer Inc. ("Pfizer"), Parke-Davis, a division of Warner-Lambert

Company and Warner-Lambert Company LLC ("Parke-Davis"), Warner-Lambert

Company ("Warner-Lambert") and Warner-Lambert Company LLC ("Warner-Lambert

LLC" and collectively, "Defendants"), by their undersigned counsel, answer Plaintiff's

Verified Complaint in the above-captioned action (the "Complaint") as follows:

<strong><u>STATEMENT OF THE CASE</u></strong>

    1.    Deny the allegations in paragraph 1, except admit that the United States

Food and Drug Administration ("FDA") has not approved Neurontin® ("Neurontin"), the

brand name for gabapentin, for labeling as safe and effective for the treatment of pain.

## PARTIES AND JURISDICTION

2.      Deny the allegations in paragraph 2, except admit that Pfizer is a foreign corporation organized under the laws of Delaware whose headquarters are in New York; admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC; admit that from December 31, 2002 to the present Warner-Lambert Company LLC has been a Delaware limited liability company; and admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny same.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore deny same.

5.      Admit the allegations in paragraph 5.

6.      Admit the allegations in paragraph 6.

7.      Admit the allegations in paragraph 7.

8.      Deny the allegations in paragraph 8, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

9.      Deny the allegations in paragraph 9.

10.      Deny the allegations in paragraph 10.

11.     Deny the allegations in paragraph 11, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

12.     Deny the allegations in paragraph 12, except admit that Warner-Lambert Company was authorized to do business in the State of New York until December 31, 2002.

13.     Deny the allegations in paragraph 13, except admit that Warner-Lambert Company was a business entity actually doing business in the State of New York until December 31, 2002.

14.     Deny the allegations in paragraph 14, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

15.     Deny the allegations in paragraph 15.

16.     Deny the allegations in paragraph 16, except admit that from December 31, 2002 to the present Warner-Lambert Company LLC has been a Delaware limited liability company.

17.     Deny the allegations in paragraph 17, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the State of New York since December 31, 2002.

18.     Deny the allegations in paragraph 18, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the State of New York since December 31, 2002.

19.     Deny the allegations in paragraph 19, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

20.     Deny the allegations in paragraph 20.

21.     Deny the allegations in paragraph 21.

22.     Deny the allegations in paragraph 22.

23.     Deny the allegations in paragraph 23, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

24.     Paragraph 24 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 24.

25.     Deny the allegations in paragraph 25.

26.     Deny the allegations in paragraph 26, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

27.     Paragraph 27 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 27.

28.     Paragraph 28 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 28.

29.     Paragraph 29 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 29.

30.     Paragraph 30 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 30.

31.     Paragraph 31 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 31.

32.    Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

33.    Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.    Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.    Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.    Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

37.    Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.    Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.    Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

40.    Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

41.    Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.    Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.    Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.    Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.    Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.    Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

47.    Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

48.    Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.    Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.    Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

51.    Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

52.    Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.    Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.     Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.     Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.     Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.     Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.     Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

59.     Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.     Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.     Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

62.     Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.     Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.     Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.     Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.     Paragraph 66 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 66.

67.     Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.     Deny the allegations in paragraph 68, except admit that Pfizer's headquarters are in New York.

69.     Paragraph 69 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 69.

70.     Paragraph 70 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 70.

71.     Paragraph 71 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 71.

72.     Deny the allegations in paragraph 72, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin.

73.     Deny the allegations in paragraph 73, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

74.     Deny the allegations in paragraph 74, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts

business within the State of New York and contracts to provide goods in the State of
New York.

75.    Deny the allegations in paragraph 75.

76.    Deny the allegations in paragraph 76.

77.    Admit the allegations in paragraph 77.

78.    Deny the allegations in paragraph 78.

79.    Deny the allegations in paragraph 79.

80.    Deny the allegations in paragraph 80, except admit that Parke-Davis
marketed Neurontin on a date prior to June 4, 2004.

81.    Deny the allegations in paragraph 81, except admit that Parke-Davis was a
division of Warner-Lambert Company from approximately 1978 until approximately
June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly
engaged in the business of marketing pharmaceutical drugs, including Neurontin, and
transacted business within the State of New York and contracted to provide goods in the
State of New York.

82.    Deny the allegations in paragraph 82.

83.    Deny the allegations in paragraph 83.

84.    Deny the allegations in paragraph 84, except admit that Parke-Davis was a
division of Warner-Lambert Company from approximately 1978 until June 2000 and that
until June 2000, Parke-Davis directly or indirectly did and solicited business and engaged
in a persistent course of conduct in the State of New York, deriving substantial revenue
from goods and products consumed in the State of New York.

85.    Deny the allegations in paragraph 85.

86.     Deny the allegations in paragraph 86.

87.     Deny the allegations in paragraph 87, except admit that Warner-Lambert Company marketed and sold Neurontin until June 2000.

88.     Deny the allegations in paragraph 88, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the State of New York and contracted to provide goods in the State of New York.

89.     Deny the allegations in paragraph 89.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91, except admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96.

97.     Deny the allegations in paragraph 97.

98.     Deny the allegations in paragraph 98, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged

in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

99.    Deny the allegations in paragraph 99, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from interstate commerce.

## BACKGROUND

100.    Paragraph 100 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 100.

101.    Paragraph 101 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 101.

102.    Paragraph 102 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 102.

103.    Paragraph 103 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 103.

104.    Paragraph 104 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 104.

105.    Paragraph 105 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 105.

106.    Deny the allegations in paragraph 106, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the

treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

107.   Deny the allegations in paragraph 107, except admit that the FDA has not approved Neurontin for the treatment of pain.

108.   Deny the allegations in paragraph 108.

109.   Deny the allegations in paragraph 109.

110.   Deny the allegations in paragraph 110.

111.   Deny the allegations in paragraph 111.

112.   Deny the allegations in paragraph 112.

113.   Deny the allegations in paragraph 113.

114.   Deny the allegations in paragraph 114, except admit that Neurontin was approved as adjunctive therapy for the treatment of epilepsy.

115.   Deny the allegations in paragraph 115.

116.   Deny the allegations in paragraph 116.

117.   Deny the allegations in paragraph 117, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

118.   Deny the allegations in paragraph 118.

119.   Deny the allegations in paragraph 119.

120.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and therefore deny same.

121.    Deny the allegations in paragraph 121, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Decedent's physician prescribed Neurontin to treat Decedent's pain, and therefore deny same.

122.    Deny the allegations in paragraph 122, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Decedent's physician prescribed Neurontin to treat Decedent's pain, and therefore deny same.

123.    Deny the allegations in paragraph 123.

124.    Deny the allegations in paragraph 124.

125.    Deny the allegations in paragraph 125.

126.    Deny the allegations in paragraph 126.

## FIRST CAUSE OF ACTION

127.    Repeat each and every response to the allegations in paragraphs 1 through 126.

128.    Deny the allegations in paragraph 128.

129.    Deny the allegations in paragraph 129.

130.    Deny the allegations in paragraph 130.

131.    Deny the allegations in paragraph 131.

132.    Deny the allegations in paragraph 132.

133.    Deny the allegations in paragraph 133.

134.    Deny the allegations in paragraph 134.

135.    Deny the allegations in paragraph 135.

## SECOND CAUSE OF ACTION

136.    Repeat each and every response to the allegations in paragraphs 1 through 135.

137.    Deny the allegations in paragraph 137.

138.    Deny the allegations in paragraph 138.

139.    Deny the allegations in paragraph 139.

140.    Deny the allegations in paragraph 140.

141.    Deny the allegations in paragraph 141.

142.    Deny the allegations in paragraph 142.

143.    Deny the allegations in paragraph 143.

## THIRD CAUSE OF ACTION

144.    Repeat each and every response to the allegations in paragraphs 1 through 143.

145.    Deny the allegations in paragraph 145.

146.    Deny the allegations in paragraph 146.

147.    Deny the allegations in paragraph 147.

148.    Deny the allegations in paragraph 148.

## FOURTH CAUSE OF ACTION

149.    Repeat each and every response to the allegations in paragraphs 1 through 148.

150.    Deny the allegations in paragraph 150.

151.    Deny the allegations in paragraph 151.

152.    Deny the allegations in paragraph 152, except refer to the Information for its contents.

153.    Deny the allegations in paragraph 153, except refer to the Information for its contents.

154.    Deny the allegations in paragraph 154, except refer to the Information for its contents.

155.    Deny the allegations in paragraph 155, except refer to the Information for its contents.

156.    Deny the allegations in paragraph 156, except refer to the Information for its contents.

157.    Deny the allegations in paragraph 157, except refer to the Information for its contents.

158.    Deny the allegations in paragraph 158, except refer to the Information for its contents.

159.    Deny the allegations in paragraph 159, except refer to the Information for its contents.

160.    Deny the allegations in paragraph 160, except refer to the Information for its contents.

161.    Deny the allegations in paragraph 161, except refer to the Information for its contents.

162.    Deny the allegations in paragraph 162, except refer to the Information for its contents.

163.    Deny the allegations in paragraph 163, except refer to the Information for its contents.

164.    Deny the allegations in paragraph 164, except refer to the Information for its contents.

165.    Deny the allegations in paragraph 165, except refer to the Information for its contents.

166.    Deny the allegations in paragraph 166, except refer to the Information for its contents.

167.    Deny the allegations in paragraph 167, except refer to the Information for its contents.

168.    Deny the allegations in paragraph 168, except refer to the Information for its contents.

169.    Deny the allegations in paragraph 169, except refer to the Information for its contents.

170.    Deny the allegations in paragraph 170, except refer to the Information for its contents.

171.    Deny the allegations in paragraph 171, except refer to the Information for its contents.

172.    Deny the allegations in paragraph 172, except refer to the Information for its contents.

173.    Deny the allegations in paragraph 173, except refer to the Information for its contents.

174.   Deny the allegations in paragraph 174, except refer to the Information for its contents.

175.   Deny the allegations in paragraph 175, except refer to the Information for its contents.

176.   Deny the allegations in paragraph 176, except refer to the Information for its contents.

177.   Deny the allegations in paragraph 177, except refer to the Information for its contents.

178.   Deny the allegations in paragraph 178.

179.   Deny the allegations in paragraph 179.

180.   Deny the allegations in paragraph 180.

181.   Deny the allegations in paragraph 181.

182.   Deny the allegations in paragraph 182.

183.   Deny the allegations in paragraph 183.

184.   Deny the allegations in paragraph 184.

185.   Deny the allegations in paragraph 185.

186.   Deny the allegations in paragraph 186.

187.   Deny the allegations in paragraph 187.

188.   Deny the allegations in paragraph 188.

189.   Deny the allegations in paragraph 189, except refer to the supplemental NDA and the letter dated August 26, 1997 referenced in paragraph 189 for their contents.

190.   Deny the allegations in paragraph 190.

191.   Deny the allegations in paragraph 191.

192.    Deny the allegations in paragraph 192, except refer to the letter dated June 29, 2001 for its contents.

193.    Deny the allegations in paragraph 193, except refer to the letter dated July 1, 2002 for its contents.

194.    Deny the allegations in paragraph 194.

195.    Deny the allegations in paragraph 195.

196.    Deny the allegations in paragraph 196.

197.    Deny the allegations in paragraph 197.

198.    Deny the allegations in paragraph 198.

199.    Deny the allegations in paragraph 199.

200.    Deny the allegations in paragraph 200, except refer to the article referenced in paragraph 200 for its contents.

201.    Deny the allegations in paragraph 201.

202.    Deny the allegations in paragraph 202.

203.    Deny the allegations in paragraph 203.

204.    Deny the allegations in paragraph 204, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

205.    Deny the allegations in paragraph 205.

206.    Deny the allegations in paragraph 206.

207.    Deny the allegations in paragraph 207.

208.    Deny the allegations in paragraph 208.

209.    Deny the allegations in paragraph 209.

210.    Deny the allegations in paragraph 210, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

211.    Deny the allegations in paragraph 211.

212.    Deny the allegations in paragraph 212.

213.    Deny the allegations in paragraph 213.

214.    Deny the allegations in paragraph 214.

215.    Deny the allegations in paragraph 215.

216.    Deny the allegations in paragraph 216.

217.    Deny the allegations in paragraph 217.

218.    Deny the allegations in paragraph 218.

## FIFTH CAUSE OF ACTION

219.    Repeat each and every response to the allegations in paragraphs 1 through 218.

220.    Deny the allegations in paragraph 220.

221.    Deny the allegations in paragraph 221.

222.    Deny the allegations in paragraph 222.

## SIXTH CAUSE OF ACTION

223.    Repeat each and every response to the allegations in paragraphs 1 through 222.

224.    Deny the allegations in paragraph 224.

225.    Deny the allegations in paragraph 225.

226.    Deny the allegations in paragraph 226.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

### THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Decedent's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

### FOURTH AFFIRMATIVE DEFENSE

Decedent's injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

### SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment K.

## EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Decedent's alleged injuries and damages, if any, were caused by her misuse of Neurontin.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Decedent.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by Decedent's failure to mitigate damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants' liability for non-economic damages is several rather than joint and should be prorated.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Decedent's alleged injuries and damages.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and exemplary damages are barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

**WHEREFORE**, Defendants respectfully request that the Court:

1.    Enter judgment in their favor on all claims alleged in the Verified Complaint;

2.    Award Defendants the costs, disbursements and reasonable attorneys' fees

associated with these proceedings; and

3.    Grant Defendants such other and further relief as the Court

may deem just and proper.


Dated:    New York, New York
          July 5, 2006

                                  DAVIS POLK & WARDWELL


                                  By:    s/ Erik M. Zissu
                                         James P. Rouhandeh (JR – 2251)
                                         Erik M. Zissu (EZ – 3488)

                                  450 Lexington Avenue
                                  New York, New York  10017
                                  (212) 450-4000

                                  *Attorneys for Defendants Pfizer Inc.,*
                                  *Parke-Davis, a division of Warner-*
                                  *Lambert Company and Warner-Lambert*
                                  *Company LLC, Warner-Lambert*
                                  *Company and Warner-Lambert Company*
                                  *LLC.*

EXHIBIT C

# Finkelstein & PARTNERS
### Counselors At Law

Howard S. Finkelstein (NY & NJ)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)
_____
Debra J. Reisenman (NY)
Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)

Thomas C. Fried (NY & NJ)
Cindy A. Dunham (NY)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mezoff (NY)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Karen M. Queenan (NY & CT)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

Of Counsel
Jules P. Levine, P.C. (NY & NJ)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Sheila Rosenrauch (NY)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

Accredited CLE Provider

REFER TO OUR FILE #: 219482

VIA CERTIFIED MAIL/RRR

August 13, 2007

Jamie Fenelon
222 Lockhart Terrace
Philadelphia, PA 19116

Re:    Neurontin litigation

Dear Jamie:

As we have discussed, issues have arisen concerning the direction of our legal services in the above referenced case. We believe that these differences are irreconcilable and are unable to be repaired. Due to this conflict, we are no longer able to represent you in the litigation case we filed on your behalf against defendants Parke Davis, Warner Lambert and Pfizer, and which is presently venued in the Neurontin Multi-District Litigation in the U.S. District Court of Massachusetts. It is our intention to file with the Court a motion to withdraw as counsel for you in this action immediately.

Our decision in this matter is final. You should immediately begin your search for a new law firm to represent you in this case. We will promptly turn over your file and all discovery materials to you or your new attorney once they appear in the action and their name and address is provided to us. In this regard, please contact me and advise where to send your file information.

Very truly yours,

Ron Rosenkranz
800-634-1212  x9442

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

Please Send All Correspondence to the Address Indicated Above