EXHIBIT B

223149-6

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                :

MICHAEL MENDOZA,               :
                :
        Plaintiff(s),     :
                :
    - against -       :
                :
                :  INDEX NO. 04/116618
PFIZER INC., PARKE-DAVIS, a division of  :
Warner-Lambert Company and Warner-  :  <u>ANSWER</u>
Lambert Company LLC,  WARNER-  :
LAMBERT COMPANY and WARNER-  :
LAMBERT COMPANY LLC,       :
                :
        Defendants.     :
                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendants Pfizer Inc. ("Pfizer"), Parke-Davis, a division of Warner-Lambert

Company and Warner-Lambert Company LLC ("Parke-Davis"), Warner-Lambert

Company ("Warner-Lambert") and Warner-Lambert Company LLC ("Warner-Lambert

LLC" and collectively, "Defendants"), by their undersigned counsel, answer Plaintiff's

Verified Complaint in the above-captioned action (the "Complaint") as follows:

### STATEMENT OF THE CASE

    1.     Deny the allegations in paragraph 1, except admit that the United States

Food and Drug Administration ("FDA") has not approved Neurontin® ("Neurontin"), the

brand name for gabapentin, for labeling as safe and effective for the treatment of post-

traumatic stress disorder.

### PARTIES AND JURISDICTION

    2.     Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 2, and therefore deny same.

3.    Admit the allegations in paragraph 3.

4.    Admit the allegations in paragraph 4.

5.    Admit the allegations in paragraph 5.

6.    Deny the allegations in paragraph 6, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

7.    Deny the allegations in paragraph 7.

8.    Deny the allegations in paragraph 8.

9.    Deny the allegations in paragraph 9, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

10.    Deny the allegations in paragraph 10, except admit that Warner-Lambert Company was authorized to do business in the State of New York until December 31, 2002.

11.    Deny the allegations in paragraph 11, except admit that Warner-Lambert Company was a business entity actually doing business in the State of New York until December 31, 2002.

12.    Deny the allegations in paragraph 12, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

13.    Deny the allegations in paragraph 13.

2

14.    Deny the allegations in paragraph 14, except admit that from December 31, 2002 to the present Warner-Lambert Company LLC has been a Delaware limited liability company.

15.    Deny the allegations in paragraph 15, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the State of New York since December 31, 2002.

16.    Deny the allegations in paragraph 16, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the State of New York since December 31, 2002.

17.    Deny the allegations in paragraph 17, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

18.    Deny the allegations in paragraph 18.

19.    Deny the allegations in paragraph 19.

20.    Deny the allegations in paragraph 20.

21.    Deny the allegations in paragraph 21, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

22.    Paragraph 22 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 22.

23.    Deny the allegations in paragraph 23.

24.    Deny the allegations in paragraph 24, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

3

25.     Paragraph 25 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 25.

26.     Paragraph 26 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 26.

27.     Paragraph 27 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 27.

28.     Paragraph 28 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 28.

29.     Paragraph 29 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 29.

30.     Paragraph 30 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 30.

31.     Paragraph 31 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 31.

32.     Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

33.     Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.     Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.     Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

4

36.     Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

37.     Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.     Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.     Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

40.     Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

41.     Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.     Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.     Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.     Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.     Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.     Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

5

47.     Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

48.     Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.     Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.     Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

51.     Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

52.     Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.     Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.     Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.     Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.     Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.     Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.    Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

59.    Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.    Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.    Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

62.    Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.    Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.    Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.    Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.    Deny the allegations in paragraph 66, except admit that Pfizer's headquarters are in New York.

67.    Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.    Paragraph 68 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 68.

7

69.     Paragraph 69 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 69.

70.     Deny the allegations in paragraph 70, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin.

71.     Deny the allegations in paragraph 71, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

72.     Deny the allegations in paragraph 72, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the State of New York and contracts to provide goods in the State of New York.

73.     Deny the allegations in paragraph 73.

74.     Deny the allegations in paragraph 74.

75.     Admit the allegations in paragraph 75.

76.     Deny the allegations in paragraph 76.

77.     Deny the allegations in paragraph 77.

78.     Deny the allegations in paragraph 78, except admit that Parke-Davis marketed Neurontin on a date prior to October 1, 2002.[1]

---

[1] Plaintiff refers to October 1, 2002 in paragraph 78 as well as in paragraphs 85 and 92. This date, however, has no relevance to this Complaint. Defendants will assume, however, that inclusion of this date is merely a typographical or copying error as a result of cutting and pasting from the Dodson complaint, in which it was alleged that the infant plaintiff unsuccessfully attempted suicide on October 1, 2002. See Dodson v. Pfizer Inc., et al., Index No. 114028/04 at ¶ 121.

79.     Deny the allegations in paragraph 79, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the State of New York and contracted to provide goods in the State of New York.

80.     Deny the allegations in paragraph 80.

81.     Deny the allegations in paragraph 81.

82.     Deny the allegations in paragraph 82, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until June 2000 and that until June 2000, Parke-Davis directly or indirectly did and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

83.     Deny the allegations in paragraph 83.

84.     Deny the allegations in paragraph 84.

85.     Deny the allegations in paragraph 85, except admit that Warner-Lambert Company marketed and sold Neurontin until June 2000.

86.     Deny the allegations in paragraph 86, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the State of New York and contracted to provide goods and services in the State of New York.

87.     Deny the allegations in paragraph 87.

9

88.    Deny the allegations in paragraph 88.

89.    Deny the allegations in paragraph 89, except admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

90.    Deny the allegations in paragraph 90.

91.    Deny the allegations in paragraph 91.

92.    Deny the allegations in paragraph 92.

93.    Deny the allegations in paragraph 93.

94.    Deny the allegations in paragraph 94.

95.    Deny the allegations in paragraph 95.

96.    Deny the allegations in paragraph 96, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

97.    Deny the allegations in paragraph 97.

## BACKGROUND

98.    Paragraph 98 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 98.

99.    Paragraph 99 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 99.

10

100.    Paragraph 100 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 100.

101.    Paragraph 101 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 101.

102.    Paragraph 102 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 102.

103.    Paragraph 103 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 103.

104.    Deny the allegations in paragraph 104, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

105.    Deny the allegations in paragraph 105, except admit that the FDA has not approved Neurontin for the treatment of post-traumatic stress disorder.

106.    Deny the allegations in paragraph 106.

107.    Deny the allegations in paragraph 107.

108.    Deny the allegations in paragraph 108.

109.    Deny the allegations in paragraph 109.

110.    Deny the allegations in paragraph 110.

111.    Deny the allegations in paragraph 111.

112.    Deny the allegations in paragraph 112, except admit that Neurontin was approved as adjunctive therapy for the treatment of epilepsy.

113.    Deny the allegations in paragraph 113.

11

114.    Deny the allegations in paragraph 114.

115.    Deny the allegations in paragraph 115.

116.    Deny the allegations in paragraph 116.

117.    Deny the allegations in paragraph 117, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiffs's physician prescribed Neurontin to treat plaintiff's post-traumatic stress disorder and therefore deny same.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and therefore deny same.

119.    Deny the allegations in paragraph 121, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff's physician prescribed Neurontin to treat plaintiff's post-traumatic stress disorder, and therefore deny same.

120.    Deny the allegations in paragraph 120, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff's physician prescribed Neurontin to treat plaintiff's post-traumatic stress disorder, and therefore deny same.

121.    Deny the allegations in paragraph 121.

122.    Deny the allegations in paragraph 122.

123.    Deny the allegations in paragraph 123.

124.    Deny the allegations in paragraph 124.

12

## FIRST CAUSE OF ACTION

125.    Repeat each and every response to the allegations in paragraphs 1 through 124.

126.    Deny the allegations in paragraph 126.

127.    Deny the allegations in paragraph 127.

128.    Deny the allegations in paragraph 128.

129.    Deny the allegations in paragraph 129.

130.    Deny the allegations in paragraph 130.

131.    Deny the allegations in paragraph 131.

132.    Deny the allegations in paragraph 132.

133.    Deny the allegations in paragraph 133.

## SECOND CAUSE OF ACTION

134.    Repeat each and every response to the allegations in paragraphs 1 through 133.

135.    Deny the allegations in paragraph 135.

136.    Deny the allegations in paragraph 136.

137.    Deny the allegations in paragraph 137.

138.    Deny the allegations in paragraph 138.

139.    Deny the allegations in paragraph 139.

140.    Deny the allegations in paragraph 140.

141.    Deny the allegations in paragraph 141.

## THIRD CAUSE OF ACTION

142.    Repeat each and every response to the allegations in paragraphs 1 through 141.

143.    Deny the allegations in paragraph 143.

144.    Deny the allegations in paragraph 144.

145.    Deny the allegations in paragraph 145.

146.    Deny the allegations in paragraph 146.

## FOURTH CAUSE OF ACTION

147.    Repeat each and every response to the allegations in paragraphs 1 through 146.

148.    Deny the allegations in paragraph 148.

149.    Deny the allegations in paragraph 149.

150.    Deny the allegations in paragraph 150, except refer to the Information for its contents.

151.    Deny the allegations in paragraph 151, except refer to the Information for its contents.

152.    Deny the allegations in paragraph 152, except refer to the Information for its contents.

153.    Deny the allegations in paragraph 153, except refer to the Information for its contents.

154.    Deny the allegations in paragraph 154, except refer to the Information for its contents.

14

155.    Deny the allegations in paragraph 155, except refer to the Information for its contents.

156.    Deny the allegations in paragraph 156, except refer to the Information for its contents.

157.    Deny the allegations in paragraph 157, except refer to the Information for its contents.

158.    Deny the allegations in paragraph 158, except refer to the Information for its contents.

159.    Deny the allegations in paragraph 159, except refer to the Information for its contents.

160.    Deny the allegations in paragraph 160, except refer to the Information for its contents.

161.    Deny the allegations in paragraph 161, except refer to the Information for its contents.

162.    Deny the allegations in paragraph 162, except refer to the Information for its contents.

163.    Deny the allegations in paragraph 163, except refer to the Information for its contents.

164.    Deny the allegations in paragraph 164, except refer to the Information for its contents.

165.    Deny the allegations in paragraph 165, except refer to the Information for its contents.

166.     Deny the allegations in paragraph 166, except refer to the Information for its contents.

167.     Deny the allegations in paragraph 167, except refer to the Information for its contents.

168.     Deny the allegations in paragraph 168, except refer to the Information for its contents.

169.     Deny the allegations in paragraph 169, except refer to the Information for its contents.

170.     Deny the allegations in paragraph 170, except refer to the Information for its contents.

171.     Deny the allegations in paragraph 171, except refer to the Information for its contents.

172.     Deny the allegations in paragraph 172, except refer to the Information for its contents.

173.     Deny the allegations in paragraph 173, except refer to the Information for its contents.

174.     Deny the allegations in paragraph 174, except refer to the Information for its contents.

175.     Deny the allegations in paragraph 175, except refer to the Information for its contents.

176.     Deny the allegations in paragraph 176.

177.     Deny the allegations in paragraph 177.

178.     Deny the allegations in paragraph 178.

179.    Deny the allegations in paragraph 179.

180.    Deny the allegations in paragraph 180.

181.    Deny the allegations in paragraph 181.

182.    Deny the allegations in paragraph 182.

183.    Deny the allegations in paragraph 183.

184.    Deny the allegations in paragraph 184, except refer to the article

referenced in paragraph 184 for its contents.

185.    Deny the allegations in paragraph 185.

186.    Deny the allegations in paragraph 186.

187.    Deny the allegations in paragraph 187.

188.    Deny the allegations in paragraph 188, except admit that sales of

Neurontin have increased since 1999 and deny knowledge or information sufficient to

form a belief as to the percentage of Neurontin prescribed for off-label uses.

189.    Deny the allegations in paragraph 189.

190.    Deny the allegations in paragraph 190.

191.    Deny the allegations in paragraph 191.

192.    Deny the allegations in paragraph 192.

193.    Deny the allegations in paragraph 193.

194.    Deny the allegations in paragraph 194, except admit that sales of

Neurontin have increased since 1998, and deny knowledge or information sufficient to

form a belief as to the percentage of Neurontin prescribed for off-label uses.

195.    Deny the allegations in paragraph 195.

196.    Deny the allegations in paragraph 196.

197.    Deny the allegations in paragraph 197.

198.    Deny the allegations in paragraph 198.

199.    Deny the allegations in paragraph 199.

200.    Deny the allegations in paragraph 200.

201.    Deny the allegations in paragraph 201.

202.    Deny the allegations in paragraph 202.

<u>AFFIRMATIVE DEFENSES</u>

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Complaint fails to state a claim upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The claims set forth in the Complaint are barred because Plaintiff's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

18

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendant cannot be held responsible.

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

## SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment K.

## EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiff's alleged injuries and damages, if any, were caused by his misuse of Neurontin.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by his failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants' liability for non-economic damages is several rather than joint and should be prorated pursuant to CPLR § 1601.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiff's alleged injuries and damages.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

21

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and exemplary damages are barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

22

**WHEREFORE**, Defendants respectfully request that the Court:

1.    Enter judgment in their favor on all claims alleged in the Verified Complaint;

2.    Award Defendants the costs, disbursements and reasonable attorneys' fees

associated with this proceedings; and

3.    Grant Defendants such other and further relief as the Court

may deem just and proper.


Dated: New York, New York
       January 5, 2005

                              DAVIS POLK & WARDWELL

                              By: _____
                                  James P. Rouhandeh
                                  James E. Murray
                                  Kathryn Carney Cole

                              450 Lexington Avenue
                              New York, New York 10017
                              Tel: (212) 450-4000
                              Fax: (212) 450-3800

                              *Attorneys for Defendants Pfizer Inc.,*
                              *Parke-Davis, a division of Warner-*
                              *Lambert Company and Warner-*
                              *Lambert Company LLC, Warner-*
                              *Lambert Company and Warner-*
                              *Lambert Company LLC.*

EXHIBIT C

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHAEL MENDOZA,

          Plaintiff,

     - against -

PFIZER INC., PARKE-DAVIS, a division of
Warner-Lambert Company and Warner-
Lambert Company LLC, WARNER-
LAMBERT COMPANY, and WARNER-
LAMBERT COMPANY LLC,

          Defendants.

      :  Case No. _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF REMOVAL

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441, *et seq.*, Defendants

Pfizer Inc., Parke-Davis, a division of Warner-Lambert Company and Warner-Lambert

Company LLC, Warner-Lambert Company, and Warner-Lambert Company LLC

(collectively, "Defendants") hereby remove the above-entitled action from the Supreme

Court of the State New York, County of New York, to the United States District Court

for the Southern District of New York. This Court has removal jurisdiction because this

is a civil action "of which the district courts have original jurisdiction" and it is an action

"founded on a claim or right arising under . . . the laws of the United States." 28 U.S.C. §

1441(a)-(b); see 28 U.S.C. § 1331. In further support of this Notice of Removal,

Defendants allege as follows:

1.    On November 23, 2004, Plaintiff filed a summons and complaint entitled

<u>Michael Mendoza v. Pfizer Inc., Parke-Davis, a division of Warner-Lambert Company</u>

<u>and Warner-Lambert Company LLC, Warner-Lambert Company and Warner-Lambert</u>

<u>Company LLC</u>, No. 04/116618, in the Supreme Court of the State of New York, County

of New York (the "Complaint" or "Compl.").

2.    On December 6, 2004, Plaintiff served the summons and complaint on the

Secretary of State, thereby effectuating service upon Defendants.

3.    Plaintiff brought an action for negligence, breach of warranty, strict

product liability and fraudulent misrepresentation.

4.    In the Complaint, Plaintiff alleges facts concerning Defendants' allegedly

unlawful conduct in support of his claim of fraudulent misrepresentation.  As a result of

these facts, Plaintiff is premising his fraudulent misrepresentation claim on alleged

violations of federal law, namely the federal Food Drug and Cosmetic Act ("FDCA") and

the regulations thereunder.

5.    Although this Court remanded a case with similar allegations, <u>see</u> <u>Young</u>

<u>v. Pfizer Inc.</u>, No. 04-CV-6609 (JSR), Memorandum dated December 27, 2004 (Attached

as Exhibit A to this Notice of Removal), that decision was based "in express reliance on

[a] binding representation" that plaintiff "would not seek a jury instruction allowing

recovery under any of his state law claims based solely on a finding that defendants

violated federal law." (citing transcript).

6.    Accordingly, the Complaint establishes that this action is removable to

this Court pursuant to 28 U.S.C. § 1446(b).

7.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendants prior to the filing of this Notice of Removal are attached as Exhibit B to this Notice of Removal.

8.     Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after the Defendants were first served with the Complaint.

9.     Pursuant to 28 U.S.C. § 1446(b), Defendants will file a copy of this Notice of Removal with the Clerk of Court for the Supreme Court of the State of New York, County of New York. Defendants will also serve Plaintiff with a copy of this Notice of Removal.

### Allegations of the Complaint

10.     Plaintiff's Complaint alleges that Neurontin has been approved by the Food and Drug Administration ("FDA") as safe and effective for the adjunctive treatment of epilepsy, but is prescribed by physicians for many other non-indicated, or "off-label," uses. (Compl. ¶¶ 98, 99, 104).

11.     Plaintiff alleges that he was diagnosed as suffering from post-traumatic stress disorder and that his physician prescribed Neurontin, off-label, for the treatment of his condition. (Compl. ¶¶ 118, 119)

12.     Plaintiff alleges that Defendants illegally marketed and sold Neurontin for off-label uses, including for the treatment of post-traumatic stress disorder (Compl. ¶ 108), and that Plaintiff consumed Neurontin as prescribed by his physician in an effort to control the effects of his post-traumatic stress disorder. (Compl. ¶ 120).

3

13.     Plaintiff alleges that from 1995 to at least August 5, 2002, Defendants promoted Neurontin to induce physicians to prescribe the drug for off-label uses. (Compl. ¶ 183).  This "program" included allegedly illegal promotion under the FDCA and allegedly illegal remuneration to doctors in violation of the federal Anti-kickback Statute, 42 U.S.C. § 1320a-7b(b).  (Compl. ¶ 183).

14.     Plaintiff alleges that Neurontin was unsafe for the treatment of Plaintiff's condition of post-traumatic stress disorder, and that he "sustained injury and harm by reason of his consumption of Neurontin as prescribed by his physician in an effort to treat his post-traumatic stress disorder."  (Compl. ¶ 122).

15.     Plaintiff alleges that his ingestion of Neurontin caused him to attempt to commit suicide, and Plaintiff seeks damages as a result.  (Compl. ¶¶ 123, 201, 202).

16.     Plaintiff attaches to his Complaint the Information dated May 13, 2004 filed by the United States Attorney for the District of Massachusetts against Warner-Lambert Company LLC charging violations of the Food Drug and Cosmetic Act, 21 U.S.C. §§ 331, et seq.

### Jurisdiction

17.     The Complaint makes clear that Plaintiff's fraudulent misrepresentation claim implicates, indeed turns on, federal issues.  Plaintiff's fraudulent misrepresentation claim is based on allegations that Defendants violated federal laws regarding off-label promotion.  Indeed, the fraudulent misrepresentations that Plaintiff complains of *is* off-label promotion.

4

18.     This Court has removal jurisdiction because this is a civil action "of which

the district courts have original jurisdiction" and an action "founded on a claim or right

arising under . . . the laws of the United States." 28 U.S.C. § 1441 (a), (b); see 28 U.S.C.

§ 1331.

19.     Federal question jurisdiction exists in this action because Plaintiff's

fraudulent misrepresentation claim is not only inextricably intertwined with, but also

arises from, alleged violations of federal statutes and regulations.  The gravaman of the

fraudulent misrepresentation cause of action is Defendants' alleged failure to conform

their actions to federal law.  A substantial federal question unmistakably resides at the

heart of this action.

20.     The interpretation of the federal statutes and regulations regarding the

promotion of pharmaceutical drugs is the central question that is pivotal and essential to

the resolution of Plaintiff's state-law fraudulent misrepresentation claim.  The resolution

of Plaintiff's allegations necessarily turns on the construction of federal law, namely

whether Defendants violated the FDCA and the regulations thereunder or the Federal

False Claims Act.  See Frayler v. New York Stock Exchange, 118 F. Supp. 2d 448, 450

(S.D.N.Y. 2000) (state law claim of fraudulent deceit, among others, deemed to turn on

substantial federal question); West 14th St. Commercial Corp. v. 5 W. 14th Owners

Corp., 815 F.2d 188 (2d Cir. 1987) (finding federal issue "decisive" in determining

vindication of plaintiff's state law claim); see also Franchise Tax Bd. v. Constr. Laborers

Vacation Trust, 463 U.S. 1, 28 (1983) (holding that federal question jurisdiction exists

whenever "the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law"); City of Chicago v. Int'l Coll. of Surgeons, Inc., 522 U.S. 156,

5

164 (1997) ("[E]ven though state law creates [a party's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." (internal quotation marks omitted)). Indeed, it will not be possible to determine whether Plaintiff may prevail on his state law claims without first resolving these intricate issues of federal law.

21.     Because Plaintiff's fraudulent misrepresentation claim relies upon the interpretation and application of the FDCA and regulations thereunder, and given that a plaintiff may not defeat removal by failing to plead necessary federal questions, this Court is the proper forum for addressing these claims.

22.     Further, allowing individual state courts to make determinations as to the alleged deceptiveness, unfairness, or fraudulent nature of a pharmaceutical manufacturer's marketing of prescription drugs, which are heavily regulated by the FDCA, would disrupt the federal regulatory scheme. The need for uniform interpretation and enforcement of the FDCA and the FDA's own regulations underscores the appropriateness of removal of this action.

23.     Moreover, lawsuits alleging similar personal injuries as this case and brought on behalf of purchasers of Neurontin, are presently before this Court. Because a case is properly removable if it could have been filed in the first instance in federal court, it is significant that other lawsuits grounded upon the same set of facts as those alleged here are pending in federal court.

## Intradistrict Assignment

24.     Pursuant to 28 U.S.C. § 1446(a), venue of this action is proper in this

Court as the division within which the state court action was brought.

WHEREFORE, Defendants Pfizer Inc, Parke-Davis, Warner-Lambert Company,

and Warner-Lambert Company LLC notice removal of this case to the United States

District Court for the Southern District of New York.

Dated: New York, New York                    Respectfully submitted,
       January 5, 2005


                                             DAVIS POLK & WARDWELL

                                             By: _____

                                             James P. Rouhandeh (JR 2251)
                                             James E. Murray (JM 4006)
                                             Erik M. Zissu (EZ 3488)

                                             450 Lexington Avenue
                                             New York, New York 10017/
                                             Tel: (212) 450-4000
                                             Fax: (212) 450-4800


                                             Attorneys for Defendants Pfizer Inc.,
                                             for Parke-Davis, a division of
                                             Warner-Lambert Company and
                                             Warner-Lambert Company LLC, for
                                             Warner-Lambert Company, and for
                                             Warner-Lambert Company LLC.

EXHIBIT D



# Finkelstein
# & PARTNERS
*Counselors At Law*

·A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

REFER TO OUR FILE #: 223149

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)

Debra J. Reisenman (NY)
Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)

Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristina M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Christopher T. Milliman (NY)
Silvia Fernanian (NY)
Edward M. Steves (NY)
Karen M. Queenan (NY & CT)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

*Of Counsel*
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)

*Accredited CLE Provider*

August 9, 2007

Michael Mendoza
P.O. Box 3236
Pinellas Park, Florida 33781

Re: Neurontin litigation

Dear Michael:

As we have discussed, issues have arisen concerning the direction of our legal services in the above referenced case. We believe that these differences are irreconcilable and are unable to be repaired. Due to this conflict we are no longer able to represent you in the litigation case we filed on your behalf against defendants Parke Davis, Warner Lambert and Pfizer and which is presently venued in the Neurontin Multi-District Litigation in the U.S. District Court of Massachusetts. It is our intention to file with the Court a motion to withdraw as counsel for you in this action immediately.

Our decision in this matter is final. You should immediately begin your search for a new law firm to represent you in this case. We will promptly turn over your file and all discovery materials to you or new attorney once they appear in the action and their name and address is provided to us. In this regard, please contact me and advise where to send your file information.

Very truly,

Kenneth B. Fromson
845-562-0203 x2755

435 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102