UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------x
: MDL Docket No. 1629
In re:  NEURONTIN MARKETING, :
       SALES PRACTICES AND : Master File No. 04-10981
       PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
----------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
STRICKLAND v. PFIZER INC. : Individual Case No. 06-10778
:
----------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
WITH PREJUDICE THE *STRICKLAND* INDIVIDUAL ACTION**

**PRELIMINARY STATEMENT**

This memorandum is submitted in support of the motion by Plaintiffs Bernard Strickland and Cathy Strickland, (hereinafter "Plaintiffs"), for an order pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, dismissing with prejudice, and without attorneys' fees or costs, the individual action entitled *Strickland v. Pfizer Inc.*, D. Mass. Individual Case No. 06-10778.

**STATEMENT OF FACTS**

This action by Plaintiffs against Defendants Pfizer Inc., Parke-Davis, a division of Warner-Lambert Company and Warner-Lambert Company, LLC, Warner-Lambert Company, Warner-Lambert Company LLC, Purepac Pharmaceutical Co. and Alpharma Inc., was commenced by filing the Summons and Complaint in the Superior Court State of New Jersey, County of Bergen, Docket No. L-8862-05, on December 27, 2005. (*See* Summons and Complaint, annexed to Declaration of Kenneth B. Fromson as Exhibit A.)

On March 16, 2006, the Pfizer Defendants filed a Notice of Removal, removing this action to the United States District Court for the District of New Jersey.  (*See* Notice of Removal, Fromson Decl., Ex. B.)

On March 23, 2006, an Answer was served by the Pfizer Defendants.  (*See* Answer, Fromson Decl., Ex. C.)

On April 25, 2006, Plaintiffs filed a Notice of Voluntary Dismissal, voluntarily dismissing the claims against the non-Pfizer Defendants, Purepac Pharmaceutical Co. and Alpharma Inc.  (*See* Notice of Voluntary Dismissal, D. Mass. Individual Case No. 06-10778, ECF Doc. # 11, Attach. # 10.)

On April 28, 2006, the Judicial Panel on Multidistrict Litigation lifted the stay of the Panel's Conditional Transfer Order and transferred this case to MDL 1629, *In Re Neurontin Marketing, Sales Practices and Products Liability Litigation,* in the United States District Court for the District of Massachusetts, for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  (*See* Conditional Transfer Order and Transfer Order, D. Mass. Individual Case No. 06-10778, ECF Doc. # 9.)

On February 14, 2007, this case was selected by Defendants as one of their two selections for inclusion in the ten Track One cases.  (*See* Defendants' Selection of Two Track One Cases, D. Mass Master File No. 04-10981, ECF Doc. # 633-1.)

On April 16, 2007, Plaintiff Bernard Strickland was deposed in this case; on April 17, 2007, Plaintiff Cathy Strickland was deposed in this case; and on June 11 and 12, 2007, two of Mr. Strickland's treating physicians, Dr. Wolfram Glaser and Sadri M. Avsar, M.D., also were deposed in this case.  (*See* Affidavit of Bernard Strickland, ¶¶ 3, 4; Fromson Decl., Ex. C;

Affidavit of Cathy Strickland, ¶¶ 3, 4; Fromson Decl., Ex. D; cover pages of deposition transcripts, Fromson Decl., Ex. E.)

After the last date for depositions of a plaintiff, plaintiff's/decedent's spouse and plaintiff's prescribing physician(s) in Track One cases, and for depositions of defendants' sales representatives and medical liaisons in Track One cases, on July 23, 2007, Defendants selected this case as their trial workup case. (*See* Defendants' Selection of "Track One" Case for Trial, D. Mass. Master File No. 04-10981, ECF Doc. # 803.)

Upon thoroughly reviewing all fact discovery obtained in this case, Plaintiffs' counsel discussed the case in detail with Plaintiffs, and Plaintiffs have agreed that based upon the deposition testimony and documents which have been produced in this case, Plaintiffs would be unable to prove their claim that Mr. Strickland's injuries were caused by his ingestion of Neurontin. (*See* B. Strickland Aff., ¶ 5; C. Strickland Aff., ¶ 5.)

Plaintiffs are very concerned that they may be personally liable for costs if they lost this case and a potential judgment were to be entered against them. It is Plaintiffs' understanding that if their case is voluntarily discontinued with prejudice, costs will not be assessed against them, and that they will not be able to pursue in the future any claims for injuries alleged to have been caused by Mr. Strickland's ingestion of Neurontin against any of the defendants in this lawsuit. Plaintiffs therefore request that their case be voluntarily dismissed with prejudice. Plaintiffs have been advised that they may seek the opinion of other counsel with regard to this matter, but they have chosen not to do so prior to the discontinuance of this case. (*See* B. Strickland Aff., ¶¶ 6-9; C. Strickland Aff., ¶¶ 6-9.)

On August 9, 2007, Plaintiffs' attorney communicated by telephone and e-mail with counsel for Defendants, advised counsel of Plaintiffs' intention to voluntarily dismiss their action

3

and requested that Defendants stipulate to a dismissal of the *Strickland* individual action. However, counsel for Defendants advised on August 13, 2007, that Defendants could not agree to Plaintiffs' proposed stipulated dismissal. (*See* e-mails exchanged between counsel, Fromson Decl., Ex. F.)

## POINT I

### PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE, AND WITHOUT ATTORNEYS' FEES OR COSTS

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The decision to grant a voluntary dismissal is within the sound discretion of the court. *United States v. Lyman,* 125 F.2d 67, 70 (1st Cir. 1942); *Zagano v. Fordham Univ.,* 900 F.2d 12, 12-13 (2d Cir. 1990). The determination of a district court in granting a motion to dismiss under Rule 41(a)(2) is reviewable only on the grounds of abuse of discretion. *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir.), *cert. denied*, 368 U.S. 831, 82 S. Ct. 53, 7 L. Ed. 2d 33 (1961).

It is well settled that "'(t)he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced.'" *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) (quoting from *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).

Former Chief Judge Freedman has found "highly persuasive" the position that where a plaintiff has moved to dismiss her own claim with prejudice, the court is without discretion and must grant the motion, because "'when a dismissal with prejudice is granted, it does not harm the defendants: The defendant receives all that he would have received had the case been completed.'" *Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass 1990) (citing to *Smoot v. Fox,*

4

340 F.2d 301, 303 (6th Cir. 1964), and quoting from *Schwarz v. Folloder*, 767 F2d 125, 129 (5th Cir. 1985)); *see also Century Mfg. Co., Inc. v. Central Transp. Int'l, Inc.*, 209 F.R.D. 647, 648 (D. Mass 2002).

The general rule is that when a plaintiff moves for voluntary dismissal with prejudice, the defendant is not entitled to attorneys' fees and costs. *See Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 n1 (10th Cir. 1997); *Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985); *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir. 1985); *Smoot v. Fox,* 353 F.2d 830, 833 (6th Cir. 1965); *Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 18 (E.D.N.Y. 1996).

Plaintiffs' counsel promptly and in good faith advised counsel for Defendants that Plaintiffs would be seeking a voluntary discontinuance with prejudice

Upon completion of case-specific depositions in this case, and after thoroughly considering the discovery produced in this case, including Mr. Strickland's medical records and the deposition testimony of Mr. Strickland and his treating physicians, Plaintiffs' counsel discussed the case in detail with Plaintiffs, who agree that based upon the deposition testimony and documents which have been produced in this case, Plaintiffs would be unable to prove their claim that Mr. Strickland's injuries were caused by his ingestion of Neurontin.

Plaintiffs are very concerned that they may be personally liable for costs if they lost this case and a potential judgment were to be entered against the, and it is Plaintiffs' understanding that if their case is voluntarily dismissed with prejudice, costs will not be assessed against them, and that they will not be able to pursue in the future any claims for injuries alleged to have been caused by Mr. Strickland's ingestion of Neurontin against any of the defendants in this lawsuit. Plaintiffs therefore request that their case be voluntarily dismissed with prejudice.

On the other hand, there are no substantial rights of the Defendants that will be prejudiced if this Court grants Plaintiffs' motion for a voluntary dismissal with prejudice against Plaintiffs. On the contrary, Defendants will benefit because they will receive the outcome they desire and at the same time save the cost of retaining expert testimony regarding specific causation and a potentially lengthy trial. Therefore, no conditions should be attached and no attorneys' fees or costs should be awarded.

## CONCLUSION

In view of the above, it is submitted that the individual *Strickland* case should be voluntarily dismissed with prejudice, and without attorneys' fees or costs.

Dated: September 6, 2007

Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By:  **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY  12550

By:  **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
  & Associates
106 E. 6th Street, Suite 700
Austin, TX  78701

6

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on September 6, 2007.

Dated: September 6, 2007

                                             **/s/ Andrew G. Finkelstein**
                                               Andrew G. Finkelstein