UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
In re:  NEURONTIN MARKETING,              : MDL Docket No. 1629
         SALES PRACTICES AND              : Master File No. 04-10981
         PRODUCTS LIABILITY LITIGATION    :
                                          : Judge Patti B. Saris
---------------------------------------------------------------x
                                          : Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                 :
                                          :
PRODUCTS LIABILITY ACTIONS                :
                                          :
---------------------------------------------------------------x

**PRODUCTS LIABILITY PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND EXTEND THE DEADLINES FOR SERVING NOTICES TO ADMIT**

Products Liability Plaintiffs, ("PL Plaintiffs"), hereby move, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an order: (1) granting PL Plaintiffs leave to serve upon Pfizer Defendants a Notice to Admit that is identical to the Requests for Admissions previously served in separate state court litigation inasmuch as the facts at issue are identical (e.g., *Crone v. Pfizer, Inc.* (CV 400432; Lake County, California ); (2) requiring Pfizer Defendants to produce documents utilized by witnesses (e.g., Adrian Vega, Andrea Garrity, Lloyd Knapp, and Manfred Hauben) in preparation for their depositions and/or to refresh their recollections in anticipation of deposition testimony as to facts and circumstances regarding Neurontin; (3) requiring Pfizer Defendants to designate and produce an additional witness, consistent with Fed. R. Civ. P. 30(b)(6), with knowledge and the ability to testify as to pharmacovigilance practices during the Warner Lambert (pre-Pfizer) time period at issue in this litigation; (4) requiring Pfizer Defendants to produce those portions of Pfizer witness Lester Reich's custodial file that pertain to Neurontin; (5) requiring Pfizer Defendants to produce Lester Reich (Medical Director,

Medical Safety Evaluation Department for Pfizer) for a deposition 20 days after production of said custodial file; (6) requiring Pfizer Defendants to produce by a date certain the Standard Operating Procedures (SOPs) within the possession, custody or control of Defendants that pertain to the preparation of Standard Response Documents (e.g., documents used by the Medical Information Department to respond to inquiries about Neurontin); and (7) granting PL Plaintiffs leave to serve Notices to Admit, or otherwise granting a brief discovery extension for the limited purpose of determining whether documents are in fact Defendants' "business records" in a manner consistent with this Court's prior Order of August 9, 2005. This motion is supported by the Memorandum, and the Declaration of Kenneth B. Fromson and attached exhibits, submitted herewith.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs' counsel believes that oral argument may assist the Court and wish to be heard. Therefore, Plaintiff's counsel respectfully requests a hearing on this motion.

Dated: September 6, 2007

Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By:  **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY  12550

By:  **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
 & Associates
106 E. 6th Street, Suite 700
Austin, TX  78701

2

## CERTIFICATION OF GOOD FAITH

I hereby certify that I have conferred in good faith with counsel for Defendants concerning the issues presented in the foregoing motion, and the parties have been unable to resolve the issues without the intervention of this Court.

Dated: September 6, 2007

/s/ Kenneth B. Fromson
Kenneth B. Fromson, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on September 6, 2007.

/s/ Kenneth B. Fromson
Kenneth B. Fromson, Esquire