UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
:
In re: NEURONTIN MARKETING, SALES PRACTICES, :
AND PRODUCTS LIABILITY LITIGATION :
: MDL Docket No. 1629
------------------------------------------------x
: Master File No. 04-10981
THIS DOCUMENT RELATES TO: :
: Judge Patti B. Saris
------------------------------------------------x
: Magistrate Judge Leo T.
HARDEN MANUFACTURING CORPORATION; : Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, :
dba BLUECROSS/BLUESHIELD OF LOUISIANA; :
INTERNATIONAL UNION OF OPERATING ENGINEERS, :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY. :
:
:
------------------------------------------------x
:
THE GUARDIAN LIFE INSURANCE COMPANY OF :
AMERICA v. PFIZER INC. and :
:
AETNA, INC. v. PFIZER INC. :
:
------------------------------------------------x

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
THIRD-PARTY PAYOR PLAINTIFFS TO RESPOND TO INTERROGATORIES**

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Defendants Pfizer Inc.
and Warner-Lambert Company*

Defendants Pfizer Inc. and Warner-Lambert Company submit this memorandum in support of their motion to compel discovery from the third-party payor Class Plaintiffs and the Coordinated Plaintiffs (collectively, "plaintiffs") pursuant to Federal Rule of Civil Procedure 37.[1] Specifically, plaintiffs should be compelled to respond, as previously ordered by this Court, to interrogatories two through eight of defendants' second set of interrogatories, dated March 13, 2007 (the "Interrogatories) (attached as Exs. A-E to Dkt # 754).

## PRELIMINARY STATEMENT

Despite being ordered to answer the Interrogatories as written, plaintiffs have thumbed their noses at both this Court and defendants, by either refusing to answer the Interrogatories at all or answering them only in part and on their own schedule. Remarkably, not a single plaintiff has satisfied its discovery obligations to defendants.

The Coordinated Plaintiffs filed an objection to Discovery Order No. 12 (Dkt # 771, the "Order"), which compelled plaintiffs to respond to the Interrogatories by July 30, 2007. Such objection does not operate to stay the Order. The Class Plaintiffs did not object to the Order, but instead served defendants with supplemental interrogatory responses purporting to provide a response within the time set forth by the Court, but in reality offering nothing but excuses for their failure to provide any meaningful response and attempting to limit any eventual response to a subset of what was requested. (*See* Class Plaintiffs' Corrected Supplemental Responses to Defendants' Second Set of Interrogatories, attached to the Declaration of Matthew B. Rowland,

---

[1] The third-party payor Class Plaintiffs are Harden Manufacturing Corporation ("Harden"), Louisiana Health Services Indemnity Company ("Louisiana Health"), and ASEA/AFSCME Local 52 Health Benefits Trust ("ASEA"). The Coordinated Plaintiffs are four third-party payors, The Guardian Life Insurance Company of America ("Guardian"), Aetna, Inc. ("Aetna"), and Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc. (together, "Kaiser").

dated September 6, 2007, as Exhibit A ("Ex. A").) Defendants request that the Court order plaintiffs to respond to the Interrogatories in full within two weeks.

## ARGUMENT

Defendants originally served the Interrogatories on plaintiffs on March 13, 2007. Today, nearly six months later, defendants still have not received a response to a single one of the Interrogatories, despite having succeeded on a motion to compel more than two months ago. During the course of this dispute with plaintiffs, one plaintiff (ASEA) claimed that it had already provided the requested information. Certain other plaintiffs (Harden and Louisiana Health, and, later ASEA) said they were working on providing a response. The remaining plaintiffs have refused to provide any response, despite being ordered to do so and without moving the Court for a stay of the Order.

It is not necessary to revisit the reasons why plaintiffs should be compelled to provide answers to the Interrogatories, which were set forth in defendants' earlier motion to compel and reply (Dkt ## 754, 762), given that this Court has already granted that motion. Plaintiffs have offered no reason why their failure to comply with the Order should be excused. On the contrary, they have either remained silent or delayed their responses.

Though the Coordinated Plaintiffs objected to the Order, which required them to respond to the Interrogatories, their objections were not ruled on by Judge Saris. The relevant local rule states that "[t]he filing of objections under subsection (b) hereof does not operate as a stay of a magistrate judge's ruling or order unless so ordered by the magistrate judge or a district judge, and then only to the extent specifically ordered." Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, Rule 2. Yet Coordinated Plaintiffs made no effort to seek a stay or otherwise obtain an extension of their time to respond

while awaiting a ruling on their objections. Their failure to do so is a waiver and they are now in contempt of Discovery Order No. 12.

The Class Plaintiffs did serve a "response" on defendants on July 30, 2007, the date ordered by the Court. In that "response," the Class Plaintiffs claim that they have diligently attempted to obtain the claims data sought by defendants. (Ex. A at 2-3.) It is notable, however, that over 60 days have gone by since the Court ordered them to produce the requested information, yet no data has been provided to defendants. Plaintiff ASEA previously argued that it had already provided all of its prescription claims data to defendants, and that defendants could derive the necessary responses themselves from this data. (Dkt # 757 at 2.) This representation turned out to be incorrect; in fact, not only had ASEA not produced its claims data prior to defendants' motion to compel, it still has not done so. Instead, ASEA now states that the requested information is in the possession of its pharmacy benefit manager, Caremark, and from whom it has requested this information, but not yet received it. (Ex. A. at 2-3.) Plaintiff Louisiana Health previously argued that the complexity of its databases meant that it needed at least six months to perform the necessary analysis to provide a response to defendants, yet this Court found that argument unavailing, specifically finding that the "task, however, is not an unusual or particularly burdensome one, especially in a case of this scope and complexity and the absence of any explanation of either the cost of writing the algorithm or the reason the process would take six months." (Dkt # 771 at 4.) In the face of plaintiff Louisiana Health's protestations that it needed at least six months to provide a response to the Interrogatories, the Court instead found that 35 days was a reasonable amount of time for compliance. Rather than objecting to that portion of the Order, Louisiana Health unilaterally decided to ignore it. Instead, in its supplemental response to the Interrogatories, Louisiana Health now asserts that it needs

4

another six months to provide the requested data. (*See* Ex. A at 3.) Finally, plaintiff Harden, similar to ASEA, argues that the necessary claims data is in the possession of its third-party administrator, Blue Cross Blue Shield of Alabama, from which the information has been requested but not yet received. (*Id.*) Neither ASEA nor Harden has explained to defendants why it has been unable to comply with the Court's Order.[2]

Class Plaintiffs have not only failed to provide a response in the time set forth by the Order, but also have further flouted this Court's Order by providing an incomplete response to the Interrogatories. A close reading of Class Plaintiffs' supplemental response, and subsequent conversations with their counsel, makes clear that they intend to limit the requested analysis of their prescription drug claims data to those drugs they identify as "cheaper and more optimal" alternatives to Neurontin, and to exclude any response to defendants' requests for information relating to other drugs "commonly used" to treat neuropathic pain, bipolar disorder or depression, and epilepsy. (*See, e.g.*, Ex. A at 4, Response to Interrogatory No. 3 ("the information requested with respect to drugs identified in response to Interrogatory No. 2 may be derived or ascertained from the information that will be provided to Defendants in response to Interrogatory No. 3"); *see also* Declaration of Matthew B. Rowland, dated September 6, 2007 at 2.) The Court clearly recognized that the Interrogatories called for both categories of information, e.g., "the number and percentage of the Plaintiff Third Party Payors' members ("Members") prescribed Neurontin each year who were also prescribed either (a) an arguably

---

[2] Furthermore, plaintiffs refuse to acknowledge that much of the difficulty involved in providing responses to the Interrogatories arises from the way that they have chosen to provide their responses. Plaintiffs could simply have produced all of their prescription drug claims data for each of their covered individuals who took Neurontin for the relevant period, along with the necessary information to "cross-walk" from one database to the next to match patients with their prescriptions over time. In fact, that is what plaintiff ASEA originally claimed it had done. Such an approach would allow defendants to obtain the necessary information much more quickly. Any concerns regarding privacy already have been dealt with in the Court's order, and are further alleviated by the protective order in this case.

cheaper more optimal drug than Neurontin or (b) one of the drugs *commonly used* to treat certain conditions (e.g., bipolar)." (Dkt # 771 at 2 (emphasis added).) Plaintiffs have taken it upon themselves to rewrite the Order and provide less than what the Court ordered them to provide. This attempt to limit their response is in further violation of the Court's Order.

Plaintiffs' failure to comply with the clear language of the Court's Order obviously prejudices defendants and directly contradicts the. Accordingly, defendants respectfully request that the Court order plaintiffs to comply with Discovery Order No. 12 and provide the requested information within two weeks.

## **CONCLUSION**

For all the foregoing reasons, defendants respectfully request that the Court order plaintiffs to comply with Discovery Order No. 12 and respond to the Interrogatories within two weeks, along with such other relief as may be appropriate.

Dated: September 6, 2007

                        DAVIS POLK & WARDWELL

                        By:   /s/ James P. Rouhandeh
                              James P. Rouhandeh
                              Matthew B. Rowland
                      450 Lexington Avenue
                      New York, New York 10017
                      (212) 450-4000

                            - and -

HARE & CHAFFIN

By:   /s/ David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on September 6, 2007.

                                                                        /s/ David B. Chaffin