UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | |
| HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated, v. PFIZER INC. and WARNER-LAMBERT COMPANY, | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC.<br><br>and<br><br>AETNA, INC. v. PFIZER INC. | |

## MEMORANDUM IN SUPPORT OF SALES & MARKETING PLAINTIFFS' MOTION TO COMPEL 30(B)(6) TESTIMONY AND ELECTRONIC DOCUMENTS FROM CLINE DAVIS & MANN, INC.

Class Plaintiffs and Sales & Marketing Non-Class Plaintiffs (collectively, the "Sales & Marketing Plaintiffs" or "Plaintiffs") respectfully request an Order to Compel Cline Davis & Mann, Inc. ("Cline Davis") to provide the following relief: (1) testimony concerning the topics set forth in a subpoena properly issued and served upon Cline Davis on August 13, 2007 pursuant to Rule 30(b)(6) and Rule 45 of the Federal Rules of Civil Procedure (See Attached as

Exhibit A to the Affidavit of Elana Katcher submitted herewith) ("Katcher Aff.") and (2) electronic documents responsive to a subpoena properly issued and served upon Cline Davis on May 10, 2005 (See Exhibit B to the Katcher Aff.).

Despite a good-faith effort to meet-and-confer on September 6, 2007, the parties have been unable to agree on a mutually acceptable scope or date for Cline Davis's deposition. In addition, counsel for Cline Davis maintained during that meet-and-confer that its client does not have the obligation to search for or produce all electronic documents responsive to a subpoena served on May 10, 2005, despite a Court Order to comply with the subpoena entered by this Court on December 20, 2006. See Exhibit C to Katcher Aff. As the Court is aware, September 6 is the last day for the parties to move to compel in this action and October 15 is the current close of discovery. Thus, although it is Cline Davis's burden to move to quash or modify a subpoena to which it objects, or to seek a protective order, Plaintiffs move to compel to preserve their rights to receive testimony from Cline Davis prior to the close of discovery. In addition, Plaintiffs move to compel Cline Davis to search for and produce all electronic documents responsive to the May 2005 subpoena.

We therefore respectfully request the Court set a date certain by which Cline Davis must designate and produce a witness prepared to testify as to the topics set forth in the August 2007 subpoena. We further request the Court order Cline Davis to search for and produce all electronic documents responsive to the May 2005 subpoena.

## I.    **BACKGROUND**

This motion represents the latest in a lengthy series of efforts to persuade Cline Davis to cooperate with Plaintiffs' discovery requests, and is the second time Plaintiffs have had to turn to the Court when those efforts failed.

### A.    <u>Cline Davis</u>

As the Court may recall from prior motion practice, Cline Davis is a medical marketing firm that was retained by Defendants to assist in the marketing and promotion of Neurontin. The marketing firms who worked on the Neurontin campaign were not mere vendors. Rather, they were critical participants in Defendants' scheme to fraudulently market Neurontin. Third Coordinated Amended Complaint ¶ 44. ("Compl."). Indeed, Cline Davis employees were members of Parke-Davis's high-level, interdisciplinary "Neurontin Extended Disease Team" which helped create the plans that were used to fraudulently market Neurontin for off-label uses. Compl. ¶¶ 44, 49-51. For example, Cline Davis organized a meeting in April 1996 for the purpose of encouraging top prescription writers for antiepileptic drugs to prescribe high doses of Neurontin for epilepsy. Compl. ¶ 52. And In June 1997, Cline Davis was coordinating a medical symposium on behalf of the American Diabetes Association when it learned that a scheduled speaker was planning to describe a negative study of Neurontin's use for an off-label indication. Compl. ¶ 53. It responded by planting an audience member armed with questions designed counteract the negative impression that the attendees would otherwise be left with. <u>Id.</u> It later promised Parke-Davis that it had set guidelines to ensure that a similar situation could not happen again. <u>Id.</u>

### B.    <u>The May 2005 Subpoena and Plaintiffs' First Motion to Compel Cline Davis to Comply with Discovery Obligations</u>

On May 10, 2005, Plaintiffs served Cline Davis with a subpoena for the production of documents pursuant to Rule 45 of the Federal Rules of Civil Procedure. <u>See</u> Exhibit B to Katcher Aff. Counsel for Plaintiffs then proceeded to negotiate with counsel for Cline Davis for over a year and a half regarding the scope of production; negotiations which ultimately led to the production of not a single document. Finally, on November 30, 2006, Plaintiffs filed a Motion to

Compel with the Court. The Court granted Plaintiffs' Motion on December 20, 2006, and ordered Cline Davis to produce "the documents sought by the subpoena[]" by February 1, 2007. See Exhibit C to Katcher Aff. Electronic documents were not excepted from this Order. Id.

Two weeks after the Court's December 20 Order, counsel for Cline Davis, revealed for the first time that the requested documents had been turned over to the U.S. Attorney's Office and were not in the custody or control of Cline Davis. See Exhibit D to Katcher Aff.; Exhibit E to Katcher Aff. at ¶ 15. Counsel later admitted that the documents had been in the possession of the U.S. Attorney's Office prior to the issuance of the subpoena – a fact never revealed during a year and a half of fruitless negotiations. Plaintiffs would be forced to wait an additional six months for the U.S. Attorney's Office to return the documents to Cline Davis. See Exhibit E to Katcher Aff. at ¶ 16.

On June 12, 2007, counsel for Cline Davis notified counsel for Plaintiffs that the requested documents had been returned by the U.S. Attorney's Office, but that both Cline Davis's counsel and Defendant Pfizer would need to review the documents before they would be produced to Plaintiffs. See Exhibit E to Katcher Aff. at ¶ 16. By this time more than two years had passed since Plaintiffs requested documents from Cline Davis, and six months had passed since the Court ordered Cline Davis to comply with that request. Yet Cline Davis's counsel still refused to commit to a production date. See Exhibit E to Katcher Aff. at ¶ 15. It was not until late July that Cline Davis's counsel advised that it would not be searching for electronic documents prior to April 2003. See Exhibit K to Katcher Aff. In the end, no documents were produced until Plaintiffs again sought this Court's intervention via a Motion for Sanctions filed on June 29, 2007. Almost two months later, in late August, Cline Davis made its first production. See Exhibit F to Katcher Aff. Only a limited selection of electronic documents were

included. Id.

### C.    The August 2007 Subpoena

With discovery set to close on October 15, 2007 and no documents yet produced, Plaintiffs served a second subpoena on Cline Davis on August 13, 2007. See Exhibit A to Katcher Aff. The current subpoena seeks testimony pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure. Two years of delays by Cline Davis meant Plaintiffs were forced to seek much of the same information by testimony that they had unsuccessfully sought through documents. Thus, the requested subject-matter topics set forth in the August 2007 subpoena are similar to those requested in the May 2005 subpoena.

On August 23, 2007, a counsel for Coordinated Plaintiffs, contacted counsel for Cline Davis to negotiate a mutually convenient date for a Cline Davis deposition. Cline Davis's counsel advised that she was not prepared to discuss dates because she had not yet been able to find a witness for each of the topics set forth in the subpoena. On August 29, 2007, counsel for Coordinated Plaintiffs again contacted Cline Davis's counsel about her client's deposition. Cline Davis's counsel agreed that a mutually agreeable date should be negotiated; requested a meet-and-confer conference be held regarding the scope of the deposition; but requested an extension of "Cline Davis & Mann's time to respond and/or object to the subpoena to at least Thursday, September 6, 2007." See Exhibit G to Katcher Aff. Because of the rapidly approaching discovery and motion deadlines and Cline Davis's history of delay, Plaintiffs declined the request for an extension, and requested a list of Cline Davis's concerns to help expedite the negotiations and in anticipation of a meet-and-confer call. See Exhibit H to Katcher Aff.

Despite the fact that the majority of topics in the August 2007 subpoena had already withstood this Court's scrutiny of the May 2005 subpoena, Cline Davis's counsel responded to Plaintiffs request with a lengthy list of objections on grounds such as "vagueness" and

"burdensomeness," and even restated the very objection that was at the heart of the prior motion to compel – the time scope of the requests. See Exhibit I to Katcher Aff. Without a touch of irony, Cline Davis's counsel even suggested that Plaintiffs should have used less burdensome methods such as "reviewing the documents produced by CDM" – documents which were produced one day prior to her objection letter. See Exhibit F & I to Katcher Aff. Cline Davis's counsel then requested that the Plaintiffs notify her of their availability to meet-and-confer on September 6. See Exhibit I to Katcher Aff. Coordinated Plaintiffs emailed Cline Davis's counsel on the same day requesting a meet-and-confer at 11:00 am on September 6. See Exhibit J to Katcher Aff.

During the September 6 meet-and-confer, Cline Davis took the position that it was overly burdensome to prepare a 30(b)(6) witness on the noticed topics. Instead of working with Plaintiffs' counsel to narrow the topics, the solution proposed by Cline Davis was for the Plaintiffs to serve individual subpoenas on each of their employees with personal knowledge thereby relieving Cline Davis of the burden of reviewing the documents in their possession to prepare a witness on the noticed topics.[1] Plaintiffs advised Cline Davis later that day that its proposal was unacceptable, as individual employees can too easily disclaim knowledge of information that their employer possesses and with which Plaintiffs may be surprised later in the litigation.

Simply put, Plaintiffs should not be asked to endure yet another round of dilatory tactics as they attempt to obtain information on topics that were vetted by this Court over eight months ago and which they had originally sought over two years ago. Nor should the Plaintiffs bear the

---

[1] Cline Davis claimed that the burden of reviewing documents was compounded by the fact that they had not yet searched for all electronic documents and took the position that they had preserved this objection not withstanding the December 20, 2007 Court Order. Plaintiffs disagree that this objection has been preserved.

risk of finding themselves in contravention of the Court's discovery cut-off because of Cline Davis's propensity for delay. Instead, Plaintiffs respectfully request this Court order Cline Davis to designate and produce a witness for a 30(b)(6) deposition by a date certain in the near future.

## II.    ARGUMENT

### A.    Cline Davis has Failed to Timely Move to Quash or for a Protective Order

As discussed in Section I.C. above, Cline Davis has set forth a list of purported defects and objections pertaining to the subpoena served upon it on August 13. The parties conducted a meet-and-confer session on those objections on September 6. The meet-and-confer ended, however, with no agreement on the part of Cline Davis to produce a witness by a date certain.

Cline Davis may not simply refuse to produce a witness in response to a 30(b)(6) subpoena without first moving to quash or for a protective order. There is no provision in the Federal Rules for a party or nonparty "whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued." New England Carpenters Health Benefits Fund v. First Databank, Inc., 242 F.R.D. 164, 165-66 (D. Mass. 2007). Instead, the onus was on Cline Davis to either: (1) seek protection pursuant to Rule 26(c), seeking an order that " . . . the discovery may be had only on specified terms and conditions, including a designation of the time or place . . . " or that " . . . discovery . . . be had only by a method of discovery other than that selected by the party seeking discovery" or (2) move to quash or modify the subpoena on one or more of the grounds stated in Rule 45(c)(3)(a). First Databank, 242 F.R.D. at 166. They did neither. It is also improper to "refuse to comply with the [subpoena], put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel." Id. at 166. Because its behavior has been improper, as well as prejudicial to the Plaintiffs in light of the upcoming discovery deadlines, this Court should order Cline Davis to produce a witness

prepared to testify on each of the noticed topics by a date certain.

**B.     An Ill-Defined Claim of "Burden" Cannot Suffice to Excuse Cline Davis from Producing a Witness for Testimony**

It is Cline Davis's burden to notify the Court of the grounds for its refusal to produce a witness for a 30(b)(6) deposition, and Plaintiffs will not attempt to do so here. However, during the September 6th meet and confer session, Cline Davis's objections centered upon a claim that it is simply too burdensome to locate and prepare a witness on each of the noticed topics. It is also claimed that it has few remaining employees with knowledge of the noticed issues. For the following reasons, these claims should be summarily rejected.

First, there is always some burden in preparing for a 30(b)(6) deposition. However, that burden "is merely the result of the . . . privilege of being able to use the corporate form in order to conduct business." United States v. Taylor, 166 F.R.D. 356, 362 (M.D.N.C. 1996). Thus, the question is not whether Cline Davis is being asked to suffer a burden, but whether that burden is justified by the relevance of the information and the requesting party's need. And, as discussed in Section I.A. above, those factors weigh in favor of the Plaintiffs.

Second, to the extent Cline Davis's objections are based on the concern that it no longer possesses institutional knowledge of the noticed topics, that factor lessens its burden. It is well-established that the burden on a corporation is to prepare its 30(b)(6) witness "to the extent matters are reasonably available, whether from documents, past employees, or other sources." Taylor, 166 F.R.D. at 361. Accord Berwind Property Group Inc. v. Envtl. Mgmt. Group, Inc., 233 F.R.D. 62, 65 (D. Mass. 2005). Where such sources are not reasonably available, "the corporation may plead lack of memory." Taylor, 166 F.R.D. at 361. In addition, Plaintiffs are willing to accept testimony identifying former employees likely to have knowledge of a given topic where Cline Davis cannot reasonably provide such testimony itself.

Third, a generalized claim of burden is insufficient to avoid a corporation's obligations to prepare for a 30(b)(6) deposition. Instead, "affidavits or other evidence of undue expense or burden" must support such a claim. Berwind, 233 F.R.D. at 66. It is doubtful that Cline Davis can meet such a burden where it claims to have a small store of institutional knowledge and where its counsel has already claims to have reviewed all (non-electronic) relevant documents in its possession. See Section I.B. above.

C.    **Cline Davis Must Produce All Documents Responsive to the May 2005 Subpoena and Subject to the December 20, 2007 Order**

As discussed in Section I.B. above, on December 20, 2007, this Court ordered Cline Davis to produce all documents responsive to the May 2005 subpoena by February 7, 2007. It was not until July 17, 2007 that Cline Davis advised Plaintiffs that it would not be conducting a full electronic search for responsive documents, claiming such a search would be too burdensome. If Cline Davis was concerned that it was too burdensome to comply with its December 2007 Order, it should have raised that objection with the Court long ago. It did not do so. Cline Davis should be compelled to comply with the Court's prior Order.

## III.    **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' motion to compel Cline

Davis to (1) designate and produce a witness for a 30(b)(6) deposition by a date certain; and (2)

search for and produce all electronic documents responsive to the May 2005 subpoena.

Respectfully submitted,

Dated:  September 6, 2007

By:    /s/ Linda P. Nussbaum
        Linda P. Nussbaum, Esq.

KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, New York  10022

Gerald Lawrence, Esq.
LOWEY DANNENBERG BEMPORAD &
SELINGER, P.C.
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA  19428

***Members of the Plaintiffs' Non-Class Steering
Committee***

Barry R. Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas Greene, Esquire
GREENE & HOFFMAN
125 Summer Street
Boston, MA 02110

-10-

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Boston, MA 02110

Don Barrett
BARRETT LAW OFFICE
404 Court Square North
P.O. Box 987
Lexington, MS 39095

Daniel Becnel, Jr.
LAW OFFICES OF DANIEL BECNEL, JR.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

James Dugan
DUGAN & BROWNE
650 Poydras St., Suite 2150
New Orleans, LA 70130

*Members of the Plaintiffs' Non-Class Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that this on September 6, 2007, I caused this document to be served on the parties pursuant to Case Management Order #3 by causing it to be filed through the Court's ECF System.

I also certify that I served a true and complete copy of this document to be served on Davis & Gilbert, counsel for Cline Davis at 1740 Broadway, New York, New York 10019.

ATTORNEY FOR PLAINTIFFS

/s/ Elana Katcher
ELANA KATCHER