UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
: 
In re:  NEURONTIN MARKETING, SALES PRACTICES, :
       AND PRODUCTS LIABILITY LITIGATION :
: MDL Docket No. 1629
------------------------------------------------ x
: Master File No. 04-10981
THIS DOCUMENT RELATES TO: :
: Judge Patti B. Saris
------------------------------------------------ x
: Magistrate Judge Leo T.
HARDEN MANUFACTURING CORPORATION; : Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, :
dba BLUECROSS/BLUESHIELD OF LOUISIANA; :
INTERNATIONAL UNION OF OPERATING ENGINEERS, :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY. :
:
------------------------------------------------ x
:
THE GUARDIAN LIFE INSURANCE COMPANY OF :
AMERICA v. PFIZER INC. and :
:
AETNA, INC. v. PFIZER INC. :
:
------------------------------------------------ x

**DECLARATION OF MATTHEW B. ROWLAND**

      MATTHEW B. ROWLAND declares upon penalty of perjury in accordance with 28

U.S.C. § 1746 as follows:

      1.      I am an attorney associated with the law firm Davis Polk & Wardwell, counsel for

Defendants Pfizer Inc. and Warner-Lambert Company in this action.

      2.      I submit this declaration in support of Defendants' Motion To Compel Third-

Party Payor Plaintiffs To Respond to Interrogatories, filed on September 6, 2007.

3.      I have personal knowledge of the matters stated below and would testify to the same.

4.      On August 3, 2007, I spoke with Barry Himmelstein, one of Class Plaintiffs' counsel, regarding Class Plaintiffs' Supplemental Responses to Defendants' Second Set of Interrogatories. At that time, Mr. Himmelstein informed me that Class Plaintiffs only intended to provide responses to the interrogatories derived from their claims data for the "cheaper and more optimal" drugs identified in response to Interrogatory No. 2, but not based on any other drugs "commonly used" for certain conditions (neuropathic pain, bipolar disorder and depression, and epilepsy) about which the interrogatories inquired. I informed him that defendants disagreed with Class Plaintiffs' interpretation of the interrogatories and we agreed to speak again.

5.      On August 10 I spoke with Mr. Himmelstein again, and we again discussed Class Plaintiffs' intended response to the interrogatories. At that time Mr. Himmelstein agreed to consult with counsel for the other Class Plaintiffs and let me know if they would reconsider their response.

6.      On September 4, 2007 I emailed Mr. Himmelstein and asked him whether Class Plaintiffs' position had changed. I let him know at that time that defendants were considering a motion to compel unless Class Plaintiffs' offered a satisfactory response.

7.      As of today, I still have not heard a final response from Mr. Himmelstein as to Class Plaintiffs' response to the interrogatories.

8.      Attached as Exhibit A is a true and correct copy of Class Plaintiffs' Corrected Supplemental Responses to Defendants' Second Set of Interrogatories.

9. Attached as Exhibit B is a true and correct copy of an email I sent to Mr. Himmelstein on September 4, 2007.

Dated: New York, New York
September 6, 2007

/s/ Matthew B. Rowland
Matthew B. Rowland

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on September 6, 2007.

/s/ David B. Chaffin