# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL MARKETING AND SALES PRACTICES ACTIONS | MDL Docket No. 1629<br>Master File No. 04-10981<br>Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**CLASS PLAINTIFFS' CORRECTED SUPPLEMENTAL RESPONSES
TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Pursuant to Discovery Order No. 12, Plaintiffs Louisiana Health Service Indemnity Company dba BlueCross/BlueShield of Louisiana ("BCBSLA"); ASEA/AFSCME Local 52 Health Benefits Trust ("ASEA"); and Harden Manufacturing Corporation ("Harden," and, collectively, "Plaintiffs") each supplement their responses to Defendants' Second Set of Interrogatories as follows.

**INTERROGATORY NO. 2:**

For each off-label use identified in response to Interrogatory No. 1, state, for each calendar year of the proposed Class Period, the name, dosage, NDC number, and cost to you of each drug that you contend would have been cheaper and more optimal than Neurontin in treating that condition. Describe how you identified these alternative drugs and how you arrived at these figures.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs object to this interrogatory as prematurely calling for expert testimony. Subject

to and without waiving this objection, Plaintiffs state that information concerning alternative drugs approved to treat the off-label conditions at issue in this case, and their proper dosage, is readily available from a variety of publications, including the Physician's Desk Reference, and information concerning the retail cost of those drugs and their relative market share during the class period is available from a variety of sources, including IMS Health's National Prescription Audit, Verispan, and Wolters Kluwer (formerly NDC Health).

Pursuant to Discovery Order No. 13, at this time, Plaintiffs state that there were numerous alternative medications that were cheaper or more optimal to treat the off-label conditions at issue in this case, including non-prescription medications such as aspirin and ibuprofen, and the following non-exclusive list of alternative prescription drugs, each of which has been approved by the FDA to treat the condition at issue:

Bipolar disorder:  carbamazepine, chlorpromazine, lithium, valproic acid

Social phobia:  paroxetine, sertraline (Zoloft), venlafaxine (Effexor)

Panic disorder:  alprazolam, clonazepam, fluoxetine

Migraine prophylaxis:  propranolol, timolol

**INTERROGATORY NO. 3:**

For each of your Members who were prescribed Neurontin, state whether s/he also received one or more of the drugs identified in response to Interrogatory No. 2 and state which drug(s) each such Member received. State the dosage and number of prescriptions filled for each alternative drug prescribed to each such Member. Describe how you arrived at these figures.

**RESPONSE TO INTERROGATORY NO. 3:**

Pursuant to Discovery Order No. 12, Plaintiffs are endeavoring to obtain and provide Defendants with the requested information, but have not yet been able to do so.  Specifically, as

to ASEA, the requested information is in the possession of ASEA's pharmacy benefits manager, Caremark, from whom the information has been requested but not yet received. As to Harden, the requested information is in the possession of Harden's third party administrator, Blue Cross Blue Shield of Alabama, from whom the information has been requested but not yet received As to BCBSLA, BCBSLA has begun working on obtaining this data, however, as explained in the Affidavit submitted by BCBSLA on this issue, this is an extraordinarily burdensome task that will require the creation of custom software, the validation of that software, and the application of that software to the various databases that contain the requested information, which will take an estimated six months to a year to complete.

**INTERROGATORY NO. 4:**

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed at least one of the drugs identified in response to Interrogatory No. 2. Describe how you arrived at this figure.

**RESPONSE TO INTERROGATORY NO. 1:**

Pursuant to Discovery Order No. 12, and Rule 33(d) of the Federal Rules of Civil Procedure, the information requested may be derived or ascertained from the information that will be provided to Defendants in response to Interrogatory No. 3, and the burden of deriving or ascertaining the information is substantially the same for Defendants as for Plaintiffs.

**INTERROGATORY NO. 1:**

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat any aspect of bipolar disorder or depression.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs object to this interrogatory as overly broad, unduly burdensome, vague and ambiguous, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the interrogatory as prematurely calling for expert testimony.

Pursuant to Discovery Order No. 12, and Rule 33(d) of the Federal Rules of Civil Procedure, the information requested with respect to drugs identified in response to Interrogatory No. 2 may be derived or ascertained from the information that will be provided to Defendants in response to Interrogatory No. 3, and the burden of deriving or ascertaining the information is substantially the same for Defendants as for Plaintiffs.

**INTERROGATORY NO. 2:**

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat any type of neuropathic pain.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs object to this interrogatory as overly broad, unduly burdensome, vague and ambiguous, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the interrogatory as prematurely calling for expert testimony.

Pursuant to Discovery Order No. 12, and Rule 33(d) of the Federal Rules of Civil Procedure, the information requested with respect to drugs identified in response to Interrogatory No. 2 may be derived or ascertained from the information that will be provided to Defendants in response to Interrogatory No. 3, and the burden of deriving or ascertaining the information is

substantially the same for Defendants as for Plaintiffs.

**INTERROGATORY NO. 3:**

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed concurrently any other drug approved or commonly used to treat epilepsy.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs object to this interrogatory as overly broad, unduly burdensome, vague and ambiguous, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the interrogatory as prematurely calling for expert testimony.

Pursuant to Discovery Order No. 12, and Rule 33(d) of the Federal Rules of Civil Procedure, the information requested with respect to drugs identified in response to Interrogatory No. 2 may be derived or ascertained from the information that will be provided to Defendants in response to Interrogatory No. 3, and the burden of deriving or ascertaining the information is substantially the same for Defendants as for Plaintiffs.

**INTERROGATORY NO. 4:**

For each calendar year of the proposed Class Period, state the number and percentage of your Members whom you identified in response to more than one of Interrogatories Nos. 5, 6, and 7.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs object to this interrogatory as overly broad, unduly burdensome, vague and ambiguous, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the interrogatory as prematurely calling for

expert testimony.

Pursuant to Discovery Order No. 12, and Rule 33(d) of the Federal Rules of Civil Procedure, the information requested with respect to drugs identified in response to Interrogatory No. 2 may be derived or ascertained from the information that will be provided to Defendants in response to Interrogatory No. 3, and the burden of deriving or ascertaining the information is substantially the same for Defendants as for Plaintiffs.

Dated: August 1, 2007                            Respectfully Submitted,

                                                      By:     \s\ *Barry Himmelstein*
                                                               Barry Himmelstein, Esquire
                                                               Lieff Cabraser Heimann &
                                                               Bernstein, LLP
                                                              Embarcadero Center West
                                                             275 Battery Street, 30th Floor
                                                             San Francisco, CA 94111-3339

                                                             Thomas Greene, Esquire
                                                             Greene & Hoffman
                                                             125 Summer Street
                                                             Boston, MA 02110

                                                             Thomas M. Sobol, Esquire
                                                             Edward Notargiacomo, Esquire
                                                             Hagens Berman Sobol Shapiro LLP
                                                             One Main Street, 4th Floor
                                                             Cambridge, MA  02142
                                                             Boston, MA 02110

                                                             Don Barrett, Esquire
                                                             Barrett Law Office
                                                             404 Court Square North
                                                             P.O. Box 987
                                                             Lexington, MS 39095

        Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

James Dugan, Esquire
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130

***Members of the Class Plaintiffs'
Steering Committee***

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to this action. I am employed by Lieff, Cabraser, Heimann & Bernstein, LLP. I certify that on this date, I caused a true and correct copy of the foregoing CLASS PLAINTIFFS' CORRECTED SUPPLEMENTAL RESPONSES TO DEFENDANTS'
SECOND SET OF INTERROGATORIES to be served on the person below by Federal Express for next day delivery:

>Matthew B. Rowland
>Davis Polk & Wardwell
>450 Lexington Ave.
>New York, NY 10017

Dated: August 1, 2007

\s\ *Barry Himmelstein*
Barry Himmelstein

616226.2   -8-