# Exhibit D

DAVIS & GILBERT LLP
1740 BROADWAY
NEW YORK, NEW YORK 10019
(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4825
EMAIL ADDRESS
pcorcoran@dglaw.com

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
(212) 974-7037

January 5, 2007

**VIA FACSIMILE & OVERNIGHT MAIL**

Chambers of the Honorable Patti Saris
United States District Judge
United States District Court
For the District of Massachusetts
One Courthouse Way
Boston, MA 02210

Re:   *In Re: Neurontin Marketing And Sales Practices Litigation*, MDL Docket
No. 1629, Master Docket No. 04-10981 (D. Mass) (PBS) (LTS)

Dear Judge Saris:

We represent seven non-parties with regard to documents-only subpoenas issued by Plaintiffs in the above-referenced matter (the "Subpoenas"): Cline Davis & Mann, Inc., Sudler & Hennessy, LLC, CommonHealth, Fallon Medica, Adelphi, Inc., The Impact Group, and Current Medical Directions, Inc. (collectively, the "Non-Parties"). Five of the Subpoenas issued from the United States District Court for the Southern District of New York and the other two issued from the United States District Court for the District of New Jersey (the "Issuing Districts").

We respectfully submit this letter to register our timely objections to Discovery Order No. 7 issued on December 20, 2006 by Magistrate Judge Sorokin in the above-referenced matter (the "Order") to the extent that the Order purports to order the Non-Parties to complete production of documents responsive to the Subpoenas by February 1, 2007. A copy of the Order is attached hereto as Exhibit A. The Non-Parties' object to the Order on the grounds that: (1) the United States District Court for the District of Massachusetts is not an Issuing District and therefore lacks jurisdiction over the Non-Parties; and (2) the February 1, 2007 date set in the Order for production of responsive documents by the Non-Parties provides inadequate notice in light of the number of Subpoenas and the volume of documents to be gathered, reviewed and produced.

On November 30, 2006 Plaintiffs moved —not in the Issuing Districts but in the District of Massachusetts under the caption of the MDL proceeding — to compel production by the Non-Parties of documents responsive to the Subpoenas (the "Motion"). By papers dated

DAVIS & GILBERT LLP

Hon. Patti B. Saris
January 5, 2007
Page 2

December 8, 2006, the Non-Parties opposed the Motion on the grounds, *inter alia*, that the Motion was in violation of Rule 45, and that the United States Court for the District of Massachusetts lacks personal jurisdiction over both the Non-Parties and the subject Subpoenas. A copy of the Non-Parties' brief in opposition to the Motion is attached as Exhibit B to this letter for the Court's convenience.

Rule 45 plainly requires that motions to compel related to third-party subpoenas be made to – and any resulting compulsion orders must come from – the district court that issued the subpoena. *See* Fed. R. Civ. Pr. 45(c)(2)(B) (providing for motions to and compulsion orders from "the court by which the subpoena was issued.")   This is not a trivial procedural requirement, and is necessary to protect the appellate rights of non-parties in the jurisdictions in which they reside. It also has significant due process implications, as this MDL Court only has jurisdiction over out-of-state non-party subpoena recipients when sitting as a Judge of the District Courts which issued the subpoenas. In the instant case, the Non-Parties were not able to be heard properly on the Motion, as it was not brought in the Issuing Districts, and will be unable to appeal the Order, should they desire to do so, in their respective Circuit Courts. Plaintiffs' Motion to this Court under the MDL caption was clearly improper, as it was not brought in the Issuing Districts. Moreover, Magistrate Judge Sorokin, who was sitting as a Magistrate Judge of the District of Massachusetts in issuing the Order and not as a judge of the Issuing Districts, lacked authority to issue a compulsion order concerning the Subpoenas. Therefore, the Non-Parties respectfully request that the Order be withdrawn as improvidently granted insofar as it sought to compel production by the Non-Parties, who are not subject to the jurisdiction of the United States District Court for the District of Massachusetts.

Additionally, as noted above, the February 1, 2007 date for production by the Non-Parties set forth in the Order is inherently unreasonable. The discovery cut-off date has been the subject of a heated dispute between the parties for over a year and a half. During the August 1, 2005 oral argument on the parties' respective motions regarding the scope of discovery, this Court indicated that any ruling regarding the Discovery motions should guide the parties with respect to the scope of third-party discovery. In accordance with this direction from the Court, as Plaintiffs are well aware, the Non-Parties have been awaiting a final determination of the scope of discovery since the Subpoenas were issued before engaging in the time-consuming and costly process of reviewing and producing documents responsive to the seven Subpoenas. The Non-Parties have taken this position consistently in a good faith effort to avoid incurring unnecessary burden and expense from duplicative reviews and segregation of documents that shifting discovery date cut-offs would have entailed.

On December 18, 2006, just two days before the Order setting February 1, 2007 as the date for production of responsive documents by the Non-Parties, Your Honor granted Plaintiffs permission to file a Third Amended Complaint,, which pleading was filed later on December 18. This order effectively resolved the date range for discovery, thereby alleviating

DAVIS & GILBERT LLP

Hon. Patti B. Saris
January 5, 2007
Page 3


the Non-Parties' concerns regarding the potential for multiplication of their burden and expense in responding to the Subpoenas. Since this recent determination of the discovery cut-off dates, the Non-Parties have been proceeding with collection and review of potentially responsive documents, and intend to prepare the documents for production as expeditiously as possible. The documents to be reviewed and prepared are voluminous. We learned only this week that the United States Attorney for the District of Massachusetts is about to return between 25 and 50 boxes of potentially responsive original documents to one of the Non-Parties, Sudler & Hennessey, which will also have to be reviewed and prepared for production. Even assuming *arguendo* that this Court has jurisdiction to issue a compulsion order to the Non-Parties, a period of less than six weeks as provided in the Order is clearly inadequate to allow the Non-Parties to complete their collection, review and preparation of documents for production.

The Non-Parties are willing, as they have been since the Subpoenas were served, to produce documents responsive to the Subpoenas, subject to the objections raised in their respective Rule 45 letters. We respectfully request that the Order be withdrawn insofar as it purports to compel the Non-Parties to produce documents responsive to the Subpoenas by February 1, 2007 for the jurisdictional reasons outlined above. Of course, in the event that Plaintiffs are not satisfied by the Non-Parties' plans concerning review and production of documents responsive to the Subpoenas as set forth herein, Plaintiffs have the option of bringing motions to compel in the Issuing Districts in accordance with Rule 45, affording the Non-Parties a proper opportunity to be heard and preserving the Non-Parties' appellate rights.

Thank you for your consideration of this matter.

Very truly yours,

Paul F. Corcoran

Enclosures

cc:     Jeff S. Gibson, Esq. (via overnight mail)
        Cheryl Plambeck, Esq. (w/out enclosures)

# Exhibit E

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Patti B. Saris |
| ALL ACTIONS | ) ) ) | Magistrate Leo T. Sorokin |

## DECLARATION OF JEFF S. GIBSON
## IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
## DOCUMENTS FROM NON-PARTIES SUDLER & HENNESSEY AND CLINE
## DAVIS & MANN

The undersigned declarant, Jeff S. Gibson , who deposes and states as follows:

1.      I am an associate at the Indianapolis law firm of Cohen & Malad, LLP, and am an attorney for the Plaintiffs in this action, including Plaintiff and proposed class representative Gerald Smith ("Smith").

2.      I have personal knowledge regarding the matters stated below and would testify to the same.

3.      On May 10, 2005, I issued a subpoena in the above-entitled litigation on behalf of the Consumer Class Plaintiffs pursuant to Rule 45 of the Federal Rules of Civil Procedure to Sudler & Hennessey and Cline Davis & Mann, Inc.  The Subpoenas seek documents during the time period from January 1, 1994 to the present.  True and accurate copies of the subpoenas are attached as Exhibits A & B respectively.

4.      On June 15, 2005, Sudler & Hennessey and Cline Davis & Mann responded to the above referenced Subpoenas in two identical letters from their counsel,

Davis & Gilbert, LLP, which raised objections to the Subpoenas. [hereinafter referred to as the "First Objections"]. True and accurate copies of the First Objections are attached hereto as Exhibits C and D respectively.

5.      In the First Objections, Sudler & Hennessey and Cline Davis & Mann only agreed to produce documents through December 31, 1998.

6.      After receiving the objections, I contacted counsel for Sudler & Hennessey and Cline Davis & Mann Scott Walker on July 5, 2005 to discuss the appropriateness of the time limitation. During the conversation, Mr. Walker represented that the objection as to the time frame was based upon pending motions in which the Defendants in the above entitled matter were seeking an order from the Court limiting the scope of their discovery responses up to 1998. Mr. Walker further represented that Sudler & Hennessey and Cline Davis & Mann was prepared to gather documentation up to 1998; however, Sudler & Hennessey and Cline Davis & Mann would not produce the documents because Sudler & Hennessey and Cline Davis & Mann would incur burdensome costs as a result of being required to retrieve documentation for a second time.

7.      On July 18, 2005, I sent a letter to Mr. Walker to further discuss the time limitation. The letter states that any alleged additional costs would be caused not by the Plaintiffs in this matter, but rather Sudler & Hennessey and Cline Davis & Mann's failure to fully comply with the Subpoena. A true and accurate copy of the July 18, 2005 correspondence is attached hereto as Exhibit E.

8.      The non-parties reiterated their position in a July 22, 2005 letter with respect to their claim of undue burden in refusing to produce documents responsive to the

2

subpoena. A true and accurate copy of the July 22, 2005 correspondence is attached hereto as Exhibit F

9.      On September 6, 2005, I sent a second letter outlining the flaws in the non-parties' position. I again stated that the any alleged burden was created by the non-parties refusal to fully comply with the subpoena. A true and accurate copy of the September 6, 2005 correspondence is attached hereto as Exhibit G.

10.     On September 7, 2006, I sent a letter to Mr. Walker requesting the immediate production of all relevant documentation in light of the Court's July 18, 2006 Order which established a time limitation of discovery up to an including May 31, 2001 A true and accurate copy of the September 7, 2006 letter is attached hereto as Exhibit H.

11.     On September 12, 2006, Mr. Walker sent a letter stating that Sudler & Hennessey and Cline Davis & Mann would not produce documents within the new discovery scope of May 31, 2001 if Plaintiffs intended to file an Amended Complaint that would alter the scope of the discovery time limitation. Mr. Walker again stated that his client would incur burdensome costs as a result of being required to retrieve documentation for a second time if the time limitation of discovery was altered. A true and accurate copy of the September 12, 2006 correspondence is attached hereto as Exhibit I.

12.     On November 3, 2006, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint. Specifically, Plaintiffs included allegations of Defendants' continuation of their deceptive off-label marketing through December 2004. The allegations of the continuing deception included allegations of dozens of marketing

3

events relating to off-label uses held around the country as well as publication of numerous journal articles touting off-label uses.

13.     On November 21, 2006, I contacted Mr. Walker to discuss document production and time limitation. I offered to limit the scope of production to January 1, 1994 to December 31, 2004 in light of the additional allegations. Mr. Walker again refused to produce documents based on the possibility that the Defendants could contest the new date of production set forth in the Amended Complaint.

14.     Based on Sudler & Hennessey and Cline Davis & Mann's refusal to comply with the subpoena, Plaintiffs filed a Motion to Compel Production of Documents from Sudler & Hennessey and Cline Davis & Mann, requesting the Court Order the Non-Parties to immediately comply with the May 2005 subpoena. The Court granted Plaintiffs' Motion on December 20, 2006, and ordered the Non-Parties to produce the requested documentation no later than February 1, 2007. A true and accurate copy of the Court's December 20, 2006 Order is attached hereto as Exhibit J.

15.     On January 5, 2007, following the issuance of the Court's December 20, 2006 Order, counsel for Non-Parties submitted a letter to this Court stating for the first time that the Non-Parties did not have responsive documents in their possession or control at that time, as all documents potentially responsive to Plaintiffs' subpoena had been provided to the U.S. Attorney's Office. A true and accurate copy of the January 5, 2007 correspondence is attached hereto as Exhibit K.

16.     On June 12, 2007, Ms. Plambeck contacted me and notified me that the U.S. Attorney's Office had returned forty-one boxes of documents to the custody of the Non-Parties. During this conversation, I requested immediate access to the documents.

4

Ms. Plambeck refused my request and stated that she intended to review the documents and permit Defendant Pfizer's counsel to review the documents prior to production.

17.    On June 13, 2007, I sent a letter to Ms. Plambeck, requesting access to the responsive documents no later than June 18, 2007. A true and accurate copy of the June 13, 2007 correspondence is attached hereto as Exhibit L.

18.    On June 15, 2007, Ms. Plambeck responded that Defendant's counsel would be given the opportunity to review the documents prior to production and she further refused to commit to a date certain that Plaintiffs would have access to the documents. A true and accurate copy of the June 15, 2007 correspondence is attached hereto as Exhibit M.

19.    On June 26, 2007, Ms. Plambeck sent a letter stating that she had completed her initial review of the forty-one boxes and that the documents would be available for inspection on a rolling basis the week of July 2, 2007. A true and accurate copy of the June 26, 2007, 2006 correspondence is attached hereto as Exhibit N.

20.    To this date, the Non-Parties still have not produced documents in response to the Plaintiffs' subpoena issued May 10, 2005.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in Indianapolis, Indiana on _June 29 2007_

/s/ Jeff S. Gibson
Jeff S. Gibson

COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593

# Exhibit F

DAVIS & GILBERT LLP

1740 BROADWAY

NEW YORK, NEW YORK 10019

(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4965
EMAIL ADDRESS
CPLAMBECK@DGLAW.COM

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
(212) 621-0934

August 30, 2007

Ronald Aranoff, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 29th Floor
New York, New York 10016

Re:    *In Re: Neurontin Marketing And Sales Practices Litigation*, MDL Docket
No. 1629, Master Docket No. 04-10981 (D. Mass) (PBS) (LTS)

Dear Ron:

As you know, we represent Sudler & Hennessey ("Sudler") and Cline Davis &
Mann, Inc. ("CDM") (collectively, the "Non-Parties") with regard to the documents-only
subpoenas (the "Subpoenas") issued by Plaintiffs in the above-referenced matter (the
"Litigation").

We have been advised by Merrill Corp. and DoneRightDigital that payment has
been received for their work processing Sudler and CDM's respective documents for production.

Your colleague, Aviah Cohen Pierson, Esq., has advised that she is planning to
send a messenger to pick up the documents this afternoon and I will enclose a copy of this letter
with the production sets. Subject to and without waiving their objections to the Subpoenas as set
forth in their respective letters pursuant to Rule 45, the Non-Parties are producing the following
documents with the copy of this letter that is being sent to Ms. Pierson:

**Cline Davis & Mann:**

1.    A disk containing TIFF images of documents selected by Plaintiffs'
counsel in the course of their inspection of the boxes returned to our office
in June by the U.S. Attorney's office, Bates labeled CDM_0000019-
CDM_0003859.

2.    A disk containing documents located on CDM's shared drive through
keyword searches, as previously discussed, Bates labeled CDM_0003860.
Please note that, as it is not possible to individually label the pages of
native file format files, the disk has been labeled as Confidential and this
designation applies to <u>all</u> documents contained on this disk.

DAVIS & GILBERT LLP

R. Aranoff, Esq.
August 30, 2007
Page 2

3.  Hard copies of additional documents Bates labeled CDM_0003861-CDM_0004505.  These documents were found through the keyword searches but, as per my August 9, 2007 e-mail to you, we printed and redacted Social Security numbers from these documents.  As noted in my e-mails to you on August 9, 2007, we did not re-review the hard copy document production processed by Merrill (CDM_0000019-CDM_0003859) to remove Social Security Numbers but they have been marked Confidential and, as such, all parties are required safeguard this information from public disclosure.

**Sudler & Hennessey:**

1.  A disk containing TIFF images of documents selected by Plaintiffs' counsel in the course of their inspection of the boxes returned to our office in June by the U.S. Attorney's office, Bates labeled SH_0000019-SH_0064553.

2.  Additional disks of native file format documents from CDs that were in the boxes returned to our office by the U.S. Attorney's office in June, 2007, Bates labeled SH_0064554-SH_0064559.  Please note that, as it is not possible to individually label the pages of native file format files, the disk has been labeled as Confidential and this designation applies to all documents contained on this disk.

3.  Hard copies of additional documents Bates labeled SH_0064560 through SH_0064575.  We redacted Social Security numbers from these documents, as per my e-mails to you on August 9, 2007.  As noted in my e-mails to you on August 9, 2007, we did not re-review the hard copy document production processed by Merrill (SH_0000019-SH_0064553) to remove Social Security Numbers but they have been marked Confidential and, as such, all parties are required safeguard this information from public disclosure.

4.  Copies of the audiocassette recordings from the boxes returned to our office in June by the U.S. Attorney's office, copied as mp3 files on DVDs Bates labeled SH_0064576-SH_0064588.

5.  Copies of four videotapes Bates labeled SH_0064789-SH_0064792.

DAVIS & GILBERT LLP

R. Aranoff, Esq.
August 30, 2007
Page 3

> 6.     A copy of a CD from the boxes returned to our office by the U.S.
>        Attorney's office in June, 2007, Bates labeled SH_0064593.

Please contact me with any questions.

Very truly yours,

Cheryl Plambeck

cc:    Paul Corcoran, Esq.
       Matthew Rowland, Esq.  (via e-mail without enclosures)

# Exhibit G

# Elana Katcher

**From:** Plambeck, Cheryl [CPlambeck@dglaw.com]
**Sent:** Wednesday, August 29, 2007 3:47 PM
**To:** Elana Katcher
**Subject:** RE: Cline Davis 30(b)(6)

Elana,

As we just discussed, I will be checking with Paul Corcoran, Esq., the partner on this matter, regarding scheduling a call for September 4 as per your e-mail. In the meantime, as the deposition was noticed for Labor Day and in order to permit us to meet and confer regarding the scope of the 30(b)(6) notice, we would appreciate your agreement to extend Cline Davis & Mann's time to respond and/or object to the subpoena to at least Thursday, September 6, 2007.

I understand that you need to check with your colleagues regarding this request and look forward to your response.

Thanks,
Cheryl

Cheryl M. Plambeck, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, New York 10019
Tel. (212) 468-4965
Fax (212) 621-0934
www.dglaw.com

---

**From:** Elana Katcher [mailto:ekatcher@kaplanfox.com]
**Sent:** Wednesday, August 29, 2007 2:48 PM
**To:** Plambeck, Cheryl
**Subject:** Cline Davis 30(b)(6)

Cheryl:

Would you be available for a call to discuss the scope of the 30(b)(6) of Cline Davis on Tuesday, September 4th at 3:00 pm or later?

Thanks in advance.

Elana Katcher
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, New York  10022
Tel No.: 212.687.1980
Fax No.: 212.687.7714
ekatcher@kaplanfox.com

# Exhibit H

## Elana Katcher

**From:**   Elana Katcher
**Sent:**   Wednesday, August 29, 2007 4:30 PM
**To:**   'Plambeck, Cheryl'
**Cc:**   Linda P. Nussbaum; Aviah Cohen Pierson; irona@greenehoffman.com; 'Ronald J. Aranoff'
**Subject:** RE: Cline Davis 30(b)(6)

Cheryl:

Unfortunately, because the discovery cut-off in this action is rapidly approaching, we are not able to grant your request for an extension.  The parties, however, may be able to resolve any objections you may have prior to the meet-and-confer, if you provide them to us via email.  As we discussed, the date of your client's deposition remains to be negotiated and will not scheduled for next week.

Elana Katcher
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, New York  10022
Tel No.: 212.687.1980
Fax No.: 212.687.7714
ekatcher@kaplanfox.com

**From:** Plambeck, Cheryl [mailto:CPlambeck@dglaw.com]
**Sent:** Wednesday, August 29, 2007 3:47 PM
**To:** Elana Katcher
**Subject:** RE: Cline Davis 30(b)(6)

Elana,

As we just discussed, I will be checking with Paul Corcoran, Esq., the partner on this matter, regarding scheduling a call for September 4 as per your e-mail.  In the meantime, as the deposition was noticed for Labor Day and in order to permit us to meet and confer regarding the scope of the 30(b)(6) notice, we would appreciate your agreement to extend Cline Davis & Mann's time to respond and/or object to the subpoena to at least Thursday, September 6, 2007.

I understand that you need to check with your colleagues regarding this request and look forward to your response.

Thanks,
Cheryl

Cheryl M. Plambeck, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, New York 10019
Tel. (212) 468-4965
Fax (212) 621-0934
www.dglaw.com

**From:** Elana Katcher [mailto:ekatcher@kaplanfox.com]
**Sent:** Wednesday, August 29, 2007 2:48 PM

**To:** Plambeck, Cheryl
**Subject:** Cline Davis 30(b)(6)

Cheryl:

Would you be available for a call to discuss the scope of the 30(b)(6) of Cline Davis on Tuesday, September 4th at 3:00 pm or later?

Thanks in advance.

Elana Katcher
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, New York  10022
Tel No.: 212.687.1980
Fax No.: 212.687.7714
ekatcher@kaplanfox.com

# Exhibit I

**DAVIS & GILBERT LLP**

1740 BROADWAY

NEW YORK, NEW YORK 10019

(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4965
EMAIL ADDRESS
CPLAMBECK@DGLAW.COM

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
(212) 621-0934

**VIA FACSIMILE AND E-MAIL**

August 31, 2007

Elana Katcher, Esq.
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, New York 10022
Fax: (212) 687-7714

Re:   *In Re: Neurontin Marketing And Sales Practices Litigation*, MDL Docket
No. 1629, Master Docket No. 04-10981 (D. Mass) (PBS) (LTS)
30(b)(6) Deposition Subpoena to Cline Davis & Mann, Inc.

Dear Elana:

We represent Cline Davis & Mann, Inc. ("CDM") with regard to the deposition
subepoena (the "Subpoena") your firm caused to be served in connection with the above-
referenced matter (the "Litigation").

As you are aware, the Subpoena is defective as it fails to specify a valid return
date. The Subpoena provides a deposition date of is September 3, 2007, which is Labor Day.
Pursuant to our telephone conversations, you do not intend to depose a witness from CDM on
Labor Day and you understand that CDM will not be producing any witnesses on that date. As
we discussed, we would like to meet and confer with you to establish an appropriate and valid
return date that is not a legal holiday, and to discuss the scope of the Subpoena in order to
determine what reasonably may be done by CDM to satisfy your discovery needs without
imposing further undue burden and expense upon CDM in this matter. If we are unable to reach
an agreement, we will be forced to go to the Court for a protective order quashing and/or limiting
the Subpoena.

You proposed that we schedule a telephone call to meet and confer concerning
scheduling the deposition of CDM's Rule 30(b)(6) witness(es) and the topics listed in the
Subpoena after 3:00 p.m. on Tuesday, September 4, 2007, the day after the purported deposition
date in the Subpoena. Unfortunately, we will not be available at that time. We are available to
meet and confer with you on Thursday, September 6, 2007. Please propose a time that works for
you for a telephone conference concerning this matter on September 6.

DAVIS & GILBERT LLP

E. Katcher, Esq.
August 31, 2007
Page 2

In a good faith effort to expedite the meet-and-confer process, we are providing you with the following non-exhaustive list of CDM's objections to this Subpoena:

- The Subpoena fails to specify relevant areas of inquiry with reasonable particularity.

- The Subpoena fails to provide CDM with adequate notice to identify and prepare witness(es) to testify on the 18 vaguely defined, broad areas of inquiry set forth under the heading "Subject Matters of Deposition" (the "Topics").

- The Subpoena imposes an undue burden on CDM as it purports to require CDM to prepare a witness to testify concerning 18 Topics spanning a 13-year period. Many of the topics contain no limits as to the scope of information sought. (See, e.g., Topics 1, 2, 4, 13, 14, 15, 16, which include the language "including but not limited to", improperly leaving CDM to guess the parameters of the information sought.)

- CDM objects to the definition of "Cline Davis" or "you" as overly broad and unduly burdensome. The definition is not limited to divisions of CDM that worked on Neurontin. Additionally, as we have informed you, Proworx, formerly a division of CDM, no longer exists. No former employees of Proworx who worked on Neurontin are currently employed by CDM. The Subpoena also demonstrates an improper intent to seek privileged communications by including CDM's attorneys in this definition.

- CDM objects to the definition of "Neurontin litigation" as overly broad to the extent it refers to any action other than those actions included in the caption on the Subpoena.

- CDM objects to the Time Period as overly broad and unduly burdensome, in that Plaintiffs purport to seek deposition testimony concerning a thirteen-year period that exceeds the time period at issue in this litigation. CDM will be unable to produce a witness with knowledge concerning work done throughout those 13 years because: (1) the Proworx division that worked on Neurontin no longer exists and no former Proworx employees who worked on Neurontin are currently employed by CDM; and (2) and only one former member of CDM's Neurontin Account Team is currently employed by at CDM, and that employee was only on the Neurontin Account Team for part of the Time Period.

DAVIS & GILBERT LLP

E. Katcher, Esq.
August 31, 2007
Page 3

- CDM objects to the following Topics as such information can be obtained with significantly less expense, burden and inconvenience to CDM, a non-party, via written interrogatories and/or by reviewing the documents produced by CDM and by Pfizer in this action: 1, 2, 3, 5, 6, 7, 8, 9.

- CDM objects to the following Topics as such information can be obtained with significantly less expense, burden and inconvenience to CDM, a non-party, from the parties to the Litigation: 4, 5, 7, 8, 11, 12.

As you know, CDM has responded to a subpoena duces tecum in this matter. By its response to this Subpoena, CDM waives none of its objections to the prior subpoena duces tecum, set forth in CDM's letter pursuant to Rule 45 of the Federal Rules of Civil Procedure in response to same.

We look forward to hearing from you regarding scheduling a conference call for Thursday, September 6, 2007.

Very truly yours,

Cheryl Plambeck

cc:    Linda Nussbaum, Esq.
       Paul Corcoran, Esq.
       Matthew Rowland, Esq.

# Exhibit J

## Elana Katcher

**From:** Elana Katcher
**Sent:** Friday, August 31, 2007 6:54 PM
**To:** 'Plambeck, Cheryl'
**Cc:** Linda P. Nussbaum
**Subject:** RE: Cline Davis 30(b)(6)

Cheryl:

We are available for a meet & confer call on Thursday, September 6th.  Are you available at 11:00 am?

Many thanks.

Elana Katcher
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, New York  10022
Tel No.: 212.687.1980
Fax No.: 212.687.7714
ekatcher@kaplanfox.com

**From:** Plambeck, Cheryl [mailto:CPlambeck@dglaw.com]
**Sent:** Friday, August 31, 2007 3:07 PM
**To:** Elana Katcher
**Cc:** Linda P. Nussbaum
**Subject:** RE: Cline Davis 30(b)(6)

Elana,

Please see the attached letter.

Cheryl M. Plambeck, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, New York 10019
Tel. (212) 468-4965
Fax (212) 621-0934
www.dglaw.com

**From:** Elana Katcher [mailto:ekatcher@kaplanfox.com]
**Sent:** Friday, August 31, 2007 11:51 AM
**To:** Plambeck, Cheryl
**Subject:** RE: Cline Davis 30(b)(6)

Cheryl:

Are you still interested in a meet & confer call on September 4th, anytime after 3 pm?

Thank you.

9/5/2007

Elana Katcher
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, New York  10022
Tel No.: 212.687.1980
Fax No.: 212.687.7714
ekatcher@kaplanfox.com

**From:** Elana Katcher
**Sent:** Wednesday, August 29, 2007 4:30 PM
**To:** 'Plambeck, Cheryl'
**Cc:** Linda P. Nussbaum; Aviah Cohen Pierson; irona@greenehoffman.com; 'Ronald J. Aranoff'
**Subject:** RE: Cline Davis 30(b)(6)

Cheryl:

Unfortunately, because the discovery cut-off in this action is rapidly approaching, we are not able to grant your request for an extension.  The parties, however, may be able to resolve any objections you may have prior to the meet-and-confer, if you provide them to us via email.  As we discussed, the date of your client's deposition remains to be negotiated and will not scheduled for next week.

Elana Katcher
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, New York  10022
Tel No.: 212.687.1980
Fax No.: 212.687.7714
ekatcher@kaplanfox.com

**From:** Plambeck, Cheryl [mailto:CPlambeck@dglaw.com]
**Sent:** Wednesday, August 29, 2007 3:47 PM
**To:** Elana Katcher
**Subject:** RE: Cline Davis 30(b)(6)

Elana,

As we just discussed, I will be checking with Paul Corcoran, Esq., the partner on this matter, regarding scheduling a call for September 4 as per your e-mail.  In the meantime, as the deposition was noticed for Labor Day and in order to permit us to meet and confer regarding the scope of the 30(b)(6) notice, we would appreciate your agreement to extend Cline Davis & Mann's time to respond and/or object to the subpoena to at least Thursday, September 6, 2007.

I understand that you need to check with your colleagues regarding this request and look forward to your response.

Thanks,
Cheryl

Cheryl M. Plambeck, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, New York 10019
Tel. (212) 468-4965
Fax (212) 621-0934
www.dglaw.com

9/5/2007

**From:** Elana Katcher [mailto:ekatcher@kaplanfox.com]
**Sent:** Wednesday, August 29, 2007 2:48 PM
**To:** Plambeck, Cheryl
**Subject:** Cline Davis 30(b)(6)

Cheryl:

Would you be available for a call to discuss the scope of the 30(b)(6) of Cline Davis on Tuesday, September 4th at 3:00 pm or later?

Thanks in advance.

Elana Katcher
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, New York  10022
Tel No.: 212.687.1980
Fax No.: 212.687.7714
ekatcher@kaplanfox.com

# Exhibit K

**DAVIS & GILBERT LLP**

1740 BROADWAY

NEW YORK, NEW YORK 10019

(212) 468-4800

DIRECT DIAL NUMBER
(212) 468-4965
EMAIL ADDRESS
CPLAMBECK@DGLAW.COM

MAIN FACSIMILE
(212) 468-4888
PERSONAL FACSIMILE
(212) 621-0934

July 17, 2007

**BY E-MAIL**

Jeff S. Gibson, Esq.
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204

> Re:   *In Re: Neurontin Marketing And Sales Practices Litigation*, MDL Docket
> No. 1629, Master Docket No. 04-10981 (D. Mass) (PBS) (LTS)

Dear Jeff:

As you know, we represent Sudler & Hennessey ("Sudler") and Cline Davis & Mann, Inc. ("CDM") (collectively, the "Non-Parties") with regard to the documents-only subpoenas (the "Subpoenas") issued by Plaintiffs in the above-referenced matter (the "Litigation"). We write in response to the letter you sent yesterday, concerning your continued refusal to withdraw Plaintiffs' frivolous and vexatious Motion for an Order to Show Cause seeking sanctions against the Non-Parties (the "OTSC Motion").

We find your misunderstanding of the applicable procedural rules for filing motions related to non-party subpoenas disingenuous, and your derisive tone entirely inappropriate. As we have told you over and over again, due process and civil procedure require that enforcement actions concerning non-party subpoenas be brought in the district that issued the Subpoena – here, the Southern District of New York. The Non-Parties have ample good faith basis under the law in New York and the Second Circuit – where the Non-Parties reside – for their position on this issue. Clearly, Plaintiffs are taking a contrary position, although even the Sixth Circuit case you cite states that this is not a settled question. What is unclear is why you have continued to burden the Non-Parties with such pointless vitriol instead of making arrangements to inspect and/or copy the documents that were made available to you weeks ago, shortly after they were returned to the Non-Parties by the U.S. Attorney's Office.

We also find remarkable the frivolousness of your response to our informing you of your clear failure to serve the Non-Parties with the OTSC Motion. Paul Corcoran, Esq. of this office is listed with the Court as accepting ECF service for CDM in a stayed action in which CDM is a defendant. But neither CDM nor Sudler are parties in this Litigation, as you well know. Service is not permitted on *non-parties* through ECF. In fact, in order to effect service through any of methods set forth under Rule 5, special proceedings to which CDM and Sudler are made parties would first have to be commenced, and this has never occurred. We finally received an e-mail yesterday attaching an incomplete copy of the motion papers filed via ECF

DAVIS & GILBERT LLP


J. Gibson, Esq.
July 17, 2007
Page 2


(neither any Notice of Motion nor your Declaration are attached).  But there can be no doubt that Plaintiffs utterly failed to make any effort to properly and timely serve the Non-Parties with the instant motion.

Attempts at coercion through filing the OTSC Motion are a poor substitute for good faith negotiations regarding the subpoenas served upon the Non-Parties.  The Non-Parties have conducted reasonable searches for responsive documents and have attempted to communicate the results of those searches to you in good faith ever since the scope of discovery was finally determined a year and a half after the Subpoenas were issued, which delay was no fault of the Non-Parties.  You have never followed up on any of our discussions regarding any of the Non-Parties' documents other than those that we all know have been with the U.S. Attorney's office for over four years.  However, at the request of your colleague, Ronald Aranoff, Esq. despite our misgivings about Plaintiffs' motives in filing the OTSC Motion, we are providing you another summary of what I have previously told you in e-mails, telephone conversations and various letters regarding the production documents responsive to the Subpoenas by Sudler and CDM:

(1)   Documents Returned In June, 2007 By The U.S. Attorney's Office:  The 37 boxes of documents belonging to CDM and Sudler are available for inspection at our offices by Plaintiff's counsel and have been for weeks. We are withholding a small number of documents from the CDM boxes that have nothing to do with Neurontin and appeared to have been included in the production to the U.S. Attorney's office by mistake.  We have not withheld any documents from these boxes on privilege grounds. At your request, we already provided you with estimates for copying these documents.

(2)   CDM Electronic Document Search:  As per my previous letters, CDM conducted a search on its shared drive for "Neurontin" and "gabapentin" for files modified or created after April, 2003 (when documents were produced by CDM to the U.S. Attorney's office) and provided the results of the document search to us, and we are prepared to produce the responsive, non-privileged documents from these keyword searches.  If we withhold any documents as privileged, we will provide you with a privilege log.

(3)   Sudler Electronic Document Search:  From our broad review, it appears that several CDs of Sudler's electronic documents were included in the boxes returned by the U.S. Attorney's Office.  We will produce responsive electronic documents from these CDs.

DAVIS & GILBERT LLP

J. Gibson, Esq.
July 17, 2007
Page 3

        (4)    Backup Tapes:  As we have discussed on a number of occasions, the Non-Parties possess backup tapes of their electronic documents, including e-mails.  We have not restored or searched any backup tapes for responsive documents and will not do so unless Plaintiffs commit to paying the costs for restoration, searches and production of electronic documents on backup tapes, which Plaintiffs have never done.

        In providing the above list, the Non-Parties do not waive any of their objections to the overbroad Subpoenas.  Additionally, we reiterate that at no time has Plaintiffs' counsel made any effort to narrow the broad scope of the Subpoenas or provide appropriately tailored requests for searches.  Furthermore, Plaintiffs' counsel has had over 100,000 pages of the Non-Parties' documents that were produced months ago by Pfizer.  To the extent that Plaintiffs claim they need more information about the work the Non-Parties performed, Plaintiffs already have those documents available.  Finally, regarding the U.S. Attorney's Office's subpoenas to the Non-Parties in 2003, as you well know, your colleague Ilyas Rona, Esq. was in touch with this office and the U.S. Attorney's office at that time concerning the Non-Parties' respective productions, and there is no reason why you should not get the information you purport to seek regarding those subpoenas from him instead of harassing the Non-Parties.

        Following my telephone conversation with Mr. Aranoff, I confirmed the availability of a conference room sufficiently large for all the boxes (which have been available for the past three weeks) and 5-7 attorneys from Mr. Aranoff's office on Wednesday and Thursday of this week.  As I previously told you and Mr. Aranoff, we need the names of the individuals who will be coming to our offices the day before the inspection so that our building's security will allow them to come and go from our offices.  The inspection may proceed if this information is provided and the appointment for inspection confirmed by 5 p.m. today.

        Very truly yours,

        Cheryl Plambeck

cc:    Ronald Aranoff, Esq.
       Paul Corcoran, Esq.
       Reid Skibell, Esq.