UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:  NEURONTIN MARKETING, SALES PRACTICES,               :
        AND PRODUCTS LIABILITY LITIGATION                   :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
THIS DOCUMENT RELATES TO:                                   :
                                                            :  MDL Docket No. 1629
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :  Master File No.  04-10981
HARDEN MANUFACTURING CORPORATION;                           :
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,                 :  Judge Patti B. Saris
dba BLUECROSS/BLUESHIELD OF LOUISIANA;                      :
INTERNATIONAL UNION OF OPERATING ENGINEERS,                 :  Magistrate Judge Leo T.
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL                :  Sorokin
52 HEALTH BENEFITS TRUST; GERALD SMITH; and                 :
LORRAINE KOPA, on behalf of themselves and all others       :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT       :
COMPANY.                                                    :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
THE GUARDIAN LIFE INSURANCE COMPANY OF                      :
AMERICA v. PFIZER INC. and                                  :
                                                            :
AETNA, INC. v. PFIZER INC.,                                 :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
PLAINTIFF AETNA, INC. TO PRODUCE DOCUMENTS
AND DESIGNEES IN RESPONSE TO DEFENDANTS' DISCOVERY REQUESTS AND
<u>30(B)(6) DEPOSITION NOTICE</u>**

Pursuant to Federal Rule of Civil Procedure 37(a), Pfizer Inc. and Warner-Lambert Company ("Defendants") submit this memorandum in support of their motion to compel discovery from Coordinated Plaintiff Aetna, Inc. ("Aetna"). The discovery sought includes the designation and testimony of 30(b)(6) witnesses, responses to interrogatories, and the production of responsive documents.

**PRELIMINARY STATEMENT**

Aetna has failed to supply information that bears directly on the merits of their case and on Defendants' defenses to Aetna's claims. Aetna has yet to designate witnesses for topics of inquiry identified in Defendants' notice of 30(b)(6) deposition, produce documents identified during the course of depositions, or produce various documents that Aetna identified as responsive and agreed to produce.

**ARGUMENT**

Under the rules governing discovery in federal courts, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claims or defenses at issue. Fed. R. Civ. P. 26(b)(1). Rule 37 provides that a motion to compel may be made when a party "fails to make a designation under Rule 30(b)(6)…" or "fails to answer an interrogatory submitted under Rule 33…" or "fails to respond that inspection will be permitted…" in response to a request submitted under Rule 34. Fed. R. Civ. P. 37(a)(2)(B). Further, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

**A.     Rule 30(b)(6) Designations**

On May 4, 2007, Defendants served a notice of deposition on Aetna pursuant to Federal Rule of Civil Procedure (30)(b)(6), requesting that Aetna designate deponent(s) for twenty-three identified topics[1]. *See* Defendant's Notice of Deposition of Aetna, Inc. (May 4, 2007) (Exhibit A). On July 2, 2007, Aetna designated Michael Brodeur and Susan Scheid for some, but not all of the requested topics. *See* Lawrence Ltr. of 7/2/07 (Exhibit B). The letter failed to designate any deponent for, among other things, topics 11 and 23 relating to: 1)

---

[1]     For scheduling purposes only, Defendants served an amended 30(b)(6) deposition notice on July 13, 2007 listing the same twenty-three topics provided in the original notice.

communications Aetna had with its Members regarding Neurontin or off-label uses of medication; and, 2) information regarding the issues raised in Defendants' Second Set of Interrogatories and Aetna's responses thereto. Aetna has proffered no explanation for not making designations for these two areas of inquiry.

Additionally, Aetna's designees were not prepared to testify as to some of the topics for which they were designated. While Aetna designated both of its witnesses to testify as to communications Aetna had with other persons or entities regarding Neurontin, neither were adequately prepared to discharge Aetna's obligation under Rule 30(b)(6) for this topic; and, though designated to do so, Ms. Scheid was not prepared to testify as to the efforts made by Aetna to identify and produce documents responsive to Defendant's First Request for Production of Documents. *See* July 24, 2007 Scheid Dep. at pp. 54, 55, 107, 112, 113, 139-40, 143, and 145-46 (Exhibit C); July 26-27, 2007 Brodeur Dep. at pp.17-18, 46- 47, 62-63, 136-38, and 143–44 (Exhibit D).

It is well established that when 30(b)(6) witnesses do not have personal knowledge of their designated topics, "the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." *McLellan Highway Corp. v. United States*, 95 F. Supp. 2d 1, 9 (D. Mass. 2000). "Such preparation is necessary because the individuals so deposed are required to testify to the knowledge of the corporation, not the individual." *Id.* at 37. "If the originally designated spokesman for the corporation lacks knowledge in the identified areas of inquiry, that does not become the inquiring party's problem, but demonstrates the responding party's failure of duty." *Id.* at 39. "An inadequate Rule 30(b)(6) designation amounts to a refusal or failure to answer a deposition question," and "the Court can require the corporation to re-designate its witnesses and mandate their preparation for re-deposition at the corporation's expense." *Id.* at 41.

Accordingly, Defendants respectfully request that Aetna be ordered to designate and produce a properly prepared 30(b)(6) witness to testify as to topics 11 and 23 of the May 4, 2007 notice of deposition.

**B.      Responses to Defendants' Requests for Production**

Defendants served their Requests for Production on Aetna on May 2, 2005, and Aetna served its Responses on June 3, 2005. *See* Pltf. Aetna's Resps. & Objns. to Defs.' First Request for Prod. of Documents (Exhibit E). In numerous responses, Aetna promised to search for and produce certain documents. These documents have not been produced. Furthermore, Aetna's 30(b)(6) witnesses revealed numerous relevant documents that exists but are absent from Aetna's production. These include, but are not limited to:

- Emails from Aetna Pharmacy Management (APM) and Aetna's Medical Related Products business unit.
- Documents or records from "Aetnet" (Aetna's intranet) or the external or public websites maintained or controlled by Aetna.
- Documents related to correspondence and calls with, and newsletters sent to, medical providers and members.
- Complete records of P&T committee meetings and meeting-related materials.
- Records of APM employees discussing or related to consideration of or efforts to manage the anticonvulsant class of drugs.
- Previous and current versions of "drug reviews" concerning the anticonvulsant class of drugs, and any correspondence, records or documents related to, referring to, or considered when developing such drug reviews.
- A list of the print and electronic journals, newsletters, newspapers, magazines, compendia and other periodicals or publications subscribed to or collected by Aetna from 1994 to the present and used as a reference source for developing its formulary and prescription drug coverage policies.
- Internal and external, draft and final, Pharmacy Clinical Policy Bulletins and any related FAQ documents that mention Neurontin or gabapentin from 1994 to the present, as well as any files of employees who authored, supplemented or revised these bulletins that refer or relate to Neurontin or gabapentin.
- Aetna's formularies from 1994 to the present.
- Position-specific organizational charts for Aetna Pharmacy Management and Medical Related Products from 1994 to the present along with documents that identify persons that held these positions during this time frame.

- 4 -

- Certain documents and records related to rebates invoiced or received by Aetna for Neurontin.

Aetna's failure to produce the documents that it agreed to produce in response to Defendants' Requests for Production has resulted in the absence of documentation in numerous key areas of discovery that are relevant both to understanding Aetna's allegations and in developing defenses to those allegations. Aetna is not entitled to unilaterally withhold documents it has agreed to produce or to refuse to produce responsive documents that were revealed during the 30(b)(6) depositions of its representatives.

**C.     Responses to Defendants' First Set of Interrogatories**

Defendants served their First Set of Interrogatories on Aetna on May 2, 2005, and Aetna served its Responses on June 3, 2005. *See* Pltf. Aetna's Resps. & Objns. to Defs.' First Set of Interrogatories (Exhibit F). After a limited meet and confer with Aetna on July 29, 2005, Aetna agreed to produce certain documents in response. After two years, Aetna has offered no explanation for its failure to produce information and documents that it promised to produce. Aetna should be required to follow through on its agreement to produce these documents.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Compel Aetna to Produce Documents and Designees in Response to Defendants' Discovery Requests and 30(b)(6) Deposition Notice.

Respectfully submitted,

Dated:  September 6, 2007

/s/ Scott W. Sayler
Scott W. Sayler
Nicholas P. Mizell
SHOOK HARDY & BACON
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, MA 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2007, I caused a true and correct copy of the foregoing Memorandum in Support of Defendants' Motion to Compel to be served on the parties pursuant to Case Management Order No. 3 by filing it through the Court's ECF System.

/s/ David B. Chaffin