Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq.

("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to

this request to the extent that it seeks information which is protected from disclosure by the

attorney-client privilege, work product doctrine or other applicable privilege, that otherwise

constitute material prepared for or in anticipation of litigation, or are protected from disclosure

by any other applicable privilege or protection. Plaintiff further objects to this request to the

extent that it seeks information or documents that are already in Defendants' possession, custody

or control, or are equally available to Defendants.

Request No. 58

Copies of all articles of incorporation, by-laws, charters, agreements, or other documents

under which Plaintiff was created or organized, which describe Plaintiff's corporate governance,

organizational structure, and/or which identify Plaintiff's purposes or operations.

Response No. 58

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and seeks documents which are not relevant nor reasonably calculated to lead

to the discovery of admissible evidence.

Request No. 59

Copies of organization charts which reflect Plaintiff's structure.

Response No. 59

Subject to and without waiving the foregoing general objections, Plaintiff will produce

documents responsive to this request, to the extent they exist.

Request No. 60

All documents submitted to any government entity or agency since January 1, 1994 relating to Plaintiff which discussed or addressed the off-label use of medications.

Response No. 60

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Request No. 61

All minutes of meetings of Plaintiff's trustees, fiduciaries, or officers, notices regarding such meetings, and all documents distributed before, during, or as result of such meetings, including all documents reflecting a decision of the trustees, fiduciaries, or officers in lieu of a meeting, in which the off-label use of medications was discussed.

Response No. 61

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 62

Documents sufficient to identify the names and addresses of Plaintiff's trustees, fiduciaries, and officers since January 1, 1994.

Response No. 62

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Aetna further objects on the grounds that the request calls for a legal conclusion.

Request No. 63

Documents sufficient to identify the names and addresses of all individuals and entities providing administrative services to Plaintiff, including the Plan Administrator(s), since January 1, 1994.

Response No. 63

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Aetna further objects on the grounds that the request calls for a legal conclusion.

Request No. 64

Plaintiff's Plan and trust documents and documents reflecting amendments thereto since January 1, 1994.

Response No. 64

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce a representative sample of documents responsive to this request, to the extent they exist.

Request No. 65

Adoption agreements and documents reflecting amendments thereto since January 1, 1994.

Response No. 65

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 66

One representative copy of all communications since January 1, 1994 with Plaintiff's Members and providers relating to anti-epileptic drugs or to off-label uses, including, but not limited to, summary plan descriptions and summaries of material modifications.

Response No. 66

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in

nature, that is covered by third-party confidentiality agreements or protective orders, the medical

records privileges of Massachusetts or the state in which the patients and records are located, the

Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq.

("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce a

representative sample of documents responsive to this request, to the extent they exist, that

pertain only to Neurontin.

Request No. 67

Participation agreements and documents reflecting amendments thereto since January 1,

1994.

Response No. 67

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce a

representative sample of documents responsive to this request, to the extent they exist.

Request No. 68

All documents concerning communications between Plaintiff, any third-party plan

administrator or Preferred Provider, including insurance companies, and/or consultant of any

type since January 1, 1994 relating to coverage for drugs, payment for drugs, drug formularies,

off-label usage of drugs, and methodologies for reimbursing third-parties or Members for drugs.

Response No. 68

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 69

All documents concerning the type and terms of all health benefits Plaintiff provides that relate in any way to pharmaceutical drugs including, but not limited to, documents concerning prescription drug benefits, hospital benefits, physician services benefits, medical testing benefits, and any other benefits related to medical care, as well as documents reflecting premiums paid and the methodology used for calculating premiums.

Response No. 69

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 70

All documents concerning pricing and marketing of prescription drugs and pharmaceutical benefits, including pricing and underwriting guidelines, pricing and underwriting policies and procedures, marketing guidelines, and marketing policies and procedures. Produce separately, or identify within this production, those documents responsive to Request No. 70 that relate to off-label uses of drugs.

Response No. 70

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are

neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff

further objects to this request to the extent it seeks information that is confidential or private in

nature, that is covered by third-party confidentiality agreements or protective orders, the medical

records privileges of Massachusetts or the state in which the patients and records are located, the

Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq.

("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 71

Documents sufficient to show (a) all drugs for which Plaintiff provides coverage; (b) the

amount Plaintiff has paid for each drug, both brand name and generics, for each year since

January 1, 1994, including but not limited to any pricing lists and contracts with pharmaceutical

manufacturers; and (c) the amount, if applicable, Plaintiff charges to its Members for Neurontin.

Response No. 71

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome. Plaintiff further objects to this request to the

extent that it seeks information or documents regarding drugs other than Neurontin, rendering

this request overly broad, unduly burdensome and seeking information or documents that are

neither relevant to this action nor likely to discovery of admissible evidence. Plaintiff

further objects to this request to the extent it seeks information that is confidential or private in

nature, that is covered by third-party confidentiality agreements or protective orders, the medical

records privileges of Massachusetts or the state in which the patients and records are located, the

Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq.

("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 72:

All documents regarding Plaintiff's policies and procedures since 1994 with respect to

the reimbursement of, or payment for, the costs of medications prescribed to Plaintiff's

Members.

Response No. 72

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome.  Plaintiff further objects to this request to the

extent that it seeks information or documents regarding drugs other than Neurontin, rendering

this request overly broad, unduly burdensome and seeking information or documents that are

neither relevant to this action nor likely to lead to discovery of admissible evidence.  Plaintiff

further objects to this request to the extent it seeks information that is confidential or private in

nature, that is covered by third-party confidentiality agreements or protective orders, the medical

records privileges of Massachusetts or the state in which the patients and records are located, the

Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq.

("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine.

Request No. 73:

All documents regarding Plaintiff's policies and procedures since 1994 with respect to the off-label use of medications, including but not limited to documents addressing policies for reimbursing Members for off-label medications.

Response No. 73

Please see Response No. 19.

Request No. 74

All documents concerning Plaintiff's standard operating procedures or claims handling practices and procedures regarding payment of claims related to off-label uses.

Response No. 74

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.
Request No. 75:

All documents relating or referring to, or embodying, minutes of meetings, agendas, dossiers, internal memoranda regarding strategies and issues, Questions and Answers, scheduling, or any other documents concerning meetings at which off-label prescribing of medicines was discussed.
Response No. 75

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.
Request No. 76:

Copies of all presentations, internal memoranda, or other documents that include any reference to off-label prescribing of medicines, including but not limited to references about Plaintiff's practices with respect to off-label prescriptions.

Response No. 76

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 77

Copies of any industry newsletters or publications, trade publications, articles, or similar documents addressing in any way how insurance companies or third party payors are to handle claims for off-label prescriptions, including but not limited to documents discussing company approaches or best practices, government or industry regulations or requirements, and evolutions in the industry with respect to off-label prescriptions and off-label use of medications.

Response No. 77

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Request No. 78

Copies of any federal, state or local laws or regulations addressing the reimbursement by insurers of off-label prescriptions.

Response No. 78

. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Request No. 79

All documents concerning Plaintiff's obligation, or lack of obligation, under any internal or external policy, rule, regulation, or case law to pay for, reimburse, or cover the costs – in full or in part – of off-label uses of drugs and medications.

Response No. 79

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Aetna objects to this request to the extent it seeks information that relates to prescription drugs other than Neurontin on the grounds that the request is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that

{1825 / INT / 00073016.DOC v1}                56

it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 80

All documents referencing Plaintiff's compliance (or lack of compliance) with internal or external rules, regulations, and policies pertaining to reimbursement for off-label prescriptions.

Response No. 80

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Aetna objects to this request to the extent it seeks information that relates to prescription drugs other than Neurontin on the grounds that the request is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Request No. 81

All records reflecting the resolution of claims related to an off-label prescription.

Response No. 81

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Aetna objects to this request to the extent it seeks information that relates to prescription drugs other than Neurontin on the grounds that the request is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Request No. 82

All documents addressing how Plaintiff determines whether a claim is for a medication used for an off-label use.

Response No. 82

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Aetna objects to this request to the extent it seeks information that relates to prescription drugs other than Neurontin on the grounds that the request is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce representative samples of documents responsive to this request, to the extent they exist, limited to Neurontin.

Request No. 83

All documents showing that Plaintiff refused payment, either in whole or in part, for a claim involving an off-label prescription, and all documents related to, discussing or analyzing that refusal.

Response No. 83

Please see Response No. 82.

{1825 / INT / 00073016.DOC v1}                59

Request No. 84

Any correspondence to or from Members, providers, hospitals, pharmacies, or any other individual, organization, or institution addressing a claim involving an off-label prescription.

Response No. 84

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome.  Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Request No. 85

All documents concerning any review, consideration, analysis, recommendation or approval of payment for or reimbursement of some or all of the costs of medications prescribed for an off-label use.

Response No. 85

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 86

All documents concerning any requirement (or lack of requirement) that Members, pharmacies, providers, or any other person or entity identify the indication for which a drug was prescribed when submitting a claim to Plaintiff for reimbursement of the costs of that drug.

Response No. 86

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome.  Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 87

All documents concerning any requirement (or lack of requirement) that Members, pharmacies, providers, or any other person or entity identify whether a drug was prescribed for an off-label use when submitting a claim to Plaintiff for reimbursement of the costs of that drug.

Response No. 87

Please see Response No. 86.

Request No. 88

All documents concerning any discussion about or decision by Plaintiff to inform Members that it would not pay for the off-label uses of drugs.

Response No. 88

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 89

All documents concerning communications by Plaintiff to pharmaceutical manufacturers, including but not limited to Parke Davis, Warner Lambert, and Pfizer Inc., concerning the off-label use of drugs.

Response No. 89

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 90

All documents concerning communications by Plaintiff to pharmaceutical manufacturers, including but not limited to Parke Davis, Warner Lambert, and Pfizer Inc., not provided in response to Request No. 89.

Response No. 90

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in

nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Request No. 91

All documents concerning Plaintiff's internal communications concerning the review, design, analysis, write up, or proposal for reimbursement of medications for off-label uses.

Response No. 91

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly burdensome and seeking information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to this request, to the extent they exist, that pertain only to Neurontin.

Request No. 92

All requests, letters, inquiries, disputes, clarifications, emails, or logs of telephone calls from Members or providers referencing Plaintiff's policies, requirements, or treatment of off-label prescriptions.

Response No. 92

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Massachusetts or the state in which the patients and records are located, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that this request on the grounds that it is not limited in time, rendering the request overly broad an unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information

or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly

burdensome and seeking information or documents that are neither relevant to this action nor

likely to lead to discovery of admissible evidence.

Request No. 93

All records in any database maintained by Plaintiff or documents which contain

information regarding claims for reimbursement for off-label uses of medications, whether such

records were generated by Plaintiff or purchased from third parties. The response to this request

should include for any database all fields of the database for every record produced.

Response No. 93

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this request to the extent it seeks information that is confidential or private in

nature, that is covered by third-party confidentiality agreements or protective orders, the medical

records privileges of Massachusetts or the state in which the patients and records are located, the

Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq.

("HIPPA"), the Federal Privacy Rule, 45 C.F.R. Parts 160, 164, Rule 26 of the Federal Rules of

Civil Procedure, or any other applicable privilege, rule or doctrine. Plaintiff further objects that

this request on the grounds that it is not limited in time, rendering the request overly broad an

unduly burdensome. Plaintiff further objects to this request to the extent that it seeks information

or documents regarding drugs other than Neurontin, rendering this request overly broad, unduly

burdensome and seeking information or documents that are neither relevant to this action nor

likely to lead to discovery of admissible evidence.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Request No. 94

All documents in the possession of Plaintiff or Plaintiff's attorneys concerning or discussing the civil action *United States of America ex rel. David Franklin v. Parke-Davis, et al.*, C.A. No. 96-11651-PBS (D. Mass.).

Response No. 94

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.  Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants.

Request No. 95

All documents reviewed by any expert retained by Plaintiff to testify at trial in this Action.

Response No. 95

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request to the extent that it seeks

information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this response on the grounds that it is premature at this stage of the litigation. Plaintiff will respond to this request in accordance with the Court's scheduling order concerning the disclosure of expert witnesses.

Request No. 96

All documents prepared by any expert retained by Plaintiff to testify at trial in this Action.

Response No. 96

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this response on the grounds that it is premature at this stage of the litigation. Plaintiff will respond to this request in accordance with the Court's scheduling order concerning the disclosure of expert witnesses and in accordance with the Federal Rules of Civil Procedure.

Request No. 97

The complete file and/or working papers of any expert whom Plaintiff intends to call as a witness at trial.

Response No. 97

See Response No. 96.

Request No. 98

The current resume or curriculum vitae of any expert whom Plaintiff intends to call as a witness at trial.

Response No. 98

Plaintiff objects to this response on the grounds that it is premature at this stage of the litigation. Plaintiff will respond to this request in accordance with the Court's scheduling order concerning the disclosure of expert witnesses and in accordance with the Federal Rules of Civil Procedure.

Request No. 99

All reports of any expert whom Plaintiff intends to call as a witness at trial.

Response No. 99

See Response No. 98

Request No. 100

All drafts of all reports of any expert whom Plaintiff intends to call as a witness at trial.

Response No. 100

See Response No. 98.

Request No. 101

All notes prepared by any expert whom Plaintiff intends to call as a witness at trial.

Response No. 101

See Response No. 98.

Request No. 102

All documents that you provided to any expert whom Plaintiff intends to call as a witness at trial.

Response No.102

See Response No. 98.

Request No. 103

All documents concerning communications between Plaintiff and any expert whom Plaintiff intends to call as a witness at trial.

Response No. 103

See Response No. 98.

Request No. 104

All documents reviewed by any expert whom Plaintiff intends to call as a witness at trial.

Response No. 104

See Response No. 98.

Request No. 105

All documents relied upon by any expert whom Plaintiffs intend to call as a witness at trial.

Response No. 105

See Response No. 98.

Request No. 106

All documents supporting, rebutting, or otherwise relating in any way to the allegations of the Complaint, including but not limited to all documents reviewed in advance of, or relied on in, drafting the Complaint.

Response No. 106

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Request No. 107

All documents Plaintiff intends to introduce or rely upon at any hearing, trial, or in connection with any dispositive motion.

Response No.107

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff also objects to this request on the grounds that it is premature, discovery has only just begun and plaintiff will comply with the deadlines set forth in the case management orders entered in this case.

Request No. 108

All internal investigations or reports performed or prepared by Plaintiff, or on its behalf, concerning the allegations in the Complaint.

{1825 / INT / 00073016.DOC v1}                 72

Response No. 108

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.

Request No. 109

All documents concerning any alleged misrepresentation(s) or any false, fraudulent, misleading, or deceptive statements allegedly made by or on behalf of any Defendant concerning Neurontin.

Response No. 109

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 110

All documents that you contend provide support or evidence of the allegation in
paragraph 19 of the Complaint that "Parke-Davis knew... that there was no scientific rationale
supporting Neurontin's safety of effectiveness for ... psychiatric uses. . . . ."

Response No. 110

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,
vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.
Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the
request overly broad and unduly burdensome. Plaintiff further objects to this request to the
extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it
seeks information which is protected from disclosure by the attorney-client privilege, work
product doctrine or other applicable privilege, that otherwise constitute material prepared for or
in anticipation of litigation, or are protected from disclosure by any other applicable privilege or
protection. Plaintiff further objects to this request to the extent that it seeks information or
documents that are already in Defendants' possession, custody or control, or are equally
available to Defendants. Plaintiff further objects to this request on the grounds that it is
premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 111

All documents that you contend provide support or evidence of the allegation in
paragraph 28 of the Complaint that "The object of Defendants' publication strategy was to
disseminate false and misleading information regarding these off-label uses for Neurontin as
widely as possible through seminars, events, presentations and medical literature."

Response No. 111

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 112

All documents that you contend provide support or evidence of the allegations in paragraph 31 of the Complaint that "The Promotion Enterprise also caused numerous articles and promotional pieces to be published in medical literature throughout the county misrepresenting the safety, efficacy, effectiveness and usefulness of Neurontin to treat a variety of all-label conditions."

Response No. 112

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 113

All documents that you contend provide support or evidence of the allegation in paragraph 37 of the Complaint that "the Promotion Enterprise . . . [employed] improper and unlawful sales and marketing practice."

Response No. 113

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or

documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 114

All documents that you contend provide support or evidence of the allegation in paragraph 37 of the Complaint that practices of the "Promotion Enterprise" included "knowingly misrepresenting the existence and findings of scientific data, studies, reports and clinical trials," including all documents identifying the alleged data, studies, reports and clinical trials, and provide all documents showing the date the study was undertaken, whether it was sponsored by Defendants, and the date the results of the study were released.

Response No. 114

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 115

All documents that you contend provide support or evidence of the allegation in paragraph 87 of the Complaint that "These doctors promoted Neurontin to their peers through peer selling programs by (i) misrepresenting Neurontin's safety, medical efficacy, effectiveness and usefulness for off-label uses; (ii) claiming that Neurontin was being widely prescribed by other physicians for off-label uses without disclosing the deception that drove these prescriptions; (iii) suggesting possible mechanisms of action that could explain Neurontin's supposed efficacy in off-label areas, even though they knew the mechanism of action was not and still is not understood; and (iv) misrepresenting that they were privy to the latest clinical data that would support off-label uses, but which had not yet been released."

Response No. 115

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 116

All documents that you contend provide support or evidence of the allegation in paragraph 96 of the Complaint that "Cline Davis, Physicians World, Sudler & Hennessey, MEDED/MEDON, MES and AMM/Adelphi each worked with the Defendants and the physician participants, for a common purpose, and as a continuing unit to perpetrate the fraudulent scheme. . . ."

Response No. 116

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 117

All documents that you contend provide support or evidence of the allegation in paragraph 105 of the Complaint that "unfavorable anecdotal evidence was not disclosed even though Defendants were aware of such evidence."

Response No. 117

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff further objects to this request to the extent that it seeks information or documents that are already in Defendants' possession, custody or control, or are equally available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 118

All documents that you contend provide support or evidence of the allegations in paragraph 171 of the Complaint that "Pfizer has routinely marketed Neurontin for off-label indications up until May of 2004."

Response No. 118

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the request overly broad and unduly burdensome. Plaintiff further objects to this request to the extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it

seeks information which is protected from disclosure by the attorney-client privilege, work

product doctrine or other applicable privilege, that otherwise constitute material prepared for or

in anticipation of litigation, or are protected from disclosure by any other applicable privilege or

protection. Plaintiff further objects to this request to the extent that it seeks information or

documents that are already in Defendants' possession, custody or control, or are equally

available to Defendants. Plaintiff further objects to this request on the grounds that it is

premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 119

· ·      All documents that you contend provide support or evidence of the allegation in

paragraph 174 of the Complaint that "As of the third quarter of 2002, there was no basis in the

published scientific literature for the use of Neurontin to treat" the conditions listed in paragraph

174 of the Complaint.

Response No. 119

Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this request on the grounds that it is not limited in time, rendering the

request overly broad and unduly burdensome. Plaintiff further objects to this request to the

extent it calls for legal conclusions. Plaintiff further objects to this request to the extent that it

seeks information which is protected from disclosure by the attorney-client privilege, work

product doctrine or other applicable privilege, that otherwise constitute material prepared for or

in anticipation of litigation, or are protected from disclosure by any other applicable privilege or

protection. Plaintiff further objects to this request to the extent that it seeks information or

documents that are already in Defendants' possession, custody or control, or are equally

available to Defendants. Plaintiff further objects to this request on the grounds that it is premature. Discovery in this matter has only just begun and Plaintiff's investigation is ongoing.

Request No. 120

All documents that reflect Plaintiff's total revenues, income and/or profit generated directly or indirectly from Plaintiff's provision of prescription drug coverage, including without limitation financial statements, internal reports, memoranda and correspondence by year for the period from January 1, 1994 through the present.

Response No. 120

Aetna does not maintain any such records. Aetna is unable to provide the requested pharmacy only revenue data. Because of internal accounting practices, pharmacy revenues are not separately tracked. Aetna provides of a broad range of integrated healthcare benefits and does not maintain and cannot provide the pharmacy only revenues. Specifically, Aetna does not apportion premiums or other revenues received for its health benefits back to the individual components of the benefit plan such as the pharmacy business. Similarly, with respect to Aetna's self insured customers generally pay on per member per month basis or a flat fee and these revenues are not tracked back to pharmacy claims administered. Accordingly, Aetna does not maintain a separate profit and loss financial statement for its pharmacy business.

Request No. 121

All documents reflecting the total volume of premiums received from prescription drug coverage (in dollars and in terms of numbers of policyholders) by year for the period from January 1, 1994 through the present.

Response No. 121

Aetna does not maintain any such records. Aetna is unable to provide the requested pharmacy only revenue data. Because of internal accounting practices, pharmacy revenues are not separately tracked. Aetna provides of a broad range of integrated healthcare benefits and does not maintain and cannot provide the pharmacy only revenues. Specifically, Aetna does not apportion premiums or other revenues received for its health benefits back to the individual components of the benefit plan such as the pharmacy business. Similarly, with respect to Aetna's self insured customers generally pay on per member per month basis or a flat fee and these revenues are not tracked back to pharmacy claims administered. Accordingly, Aetna does not maintain a separate profit and loss financial statement for its pharmacy business.

Request No. 122

All contracts and documents concerning such contracts between Plaintiff and Defendants for the period from January 1, 1994 through the present.

Response No. 122

Aetna objects to the request to the extent it seeks discovery of documents available to Defendants and/or already in Defendants' possession or obtainable from another source that is more convenient, less burdensome, or less expensive.

Request No. 123

All documents concerning Neurontin that have not been provided in response to any other Request.

Response No. 123

None exist.

Request No. 124

All documents concerning communications between Plaintiff and Pfizer, Warner-Lambert-Company, or Parke-Davis that have not been provided in response to any other Request.

Response No. 124

None exist.


Dated: White Plains
      June 3, 2005

LOWEY DANNENBERG BEMPORAD
      & SELINGER, P.C.

By: *Richard Bemporad*

    Richard Bemporad
    Peter D. St. Phillip, Jr.
The Gateway Building
11 North Lexington Avenue
White Plains, New York 10601
Telephone: (914) 997-0500

- and -

Gerald Lawrence
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428

*Counsel for Aetna, Inc.*