# EXHIBIT F

2994/1.123

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING AND ) SALES PRACTICES LITIGATION ) ) THIS DOCUMENT RELATES TO: ) ) AETNA, INC. v. PFIZER INC., ) 04 CV 10958 (PBS) ) ) | MDL Docket No. 1629 Master File No. 04-10981 Judge Patti B. Saris |

## PLAINTIFF AETNA, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Aetna, Inc. (hereinafter "Plaintiff" or "Aetna"), responds to Defendants Pfizer Inc. and Warner-Lambert Company's First Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

1.      Aetna's responses are subject to all objections as to competence, relevance, materiality, admissibility, privilege, and privacy, and any and all other objections on grounds that would require exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

2.      No incidental or implied admissions may be inferred from Plaintiff's responses or objections. Aetna's response to all or any part of the Interrogatories should not be taken as an admission that: (1) Aetna accepts or admits the existence of any fact(s) set forth in or assumed

{1825 / INT / 00073017.DOC v1}                              1

6/3/05

by the Interrogatory; or (2) Aetna has in its possession, custody or control information responsive to that Interrogatory. Aetna's response to all or any part of any Interrogatory is not intended to be, and shall not be, a waiver by Aetna of all or any part of its objection(s) to that Interrogatory.

3.      Aetna's responses are based upon information known at this time and are made without prejudice to Aetna's right to supplement its responses prior to trial or to produce evidence based on subsequently discovered information. Aetna's responses are based upon, and therefore are limited by, Aetna's present knowledge and recollection, and consequently, Aetna reserves the right to make any changes in its responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1.      Aetna incorporates each and every general objection set forth below into the responses to each Interrogatory as if they were fully set forth in the response to each Interrogatory. For emphasis, in connection with certain Interrogatories, Aetna may reiterate a general objection set forth below in the specific response to that Interrogatory. Such reiteration shall in no way be deemed a waiver of other general objections not specifically set forth in connection with any Interrogatory.

2.      Aetna objects to each of the Interrogatories to the extent it is inconsistent with, or seeks to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules

of the United States District Court for the District of Massachusetts ("Local Rules") or any applicable scheduling order, case management order, or other ruling of the Court.

3.    Aetna objects to the Interrogatories insofar as they seek information that is protected by the attorney-client privilege, the attorney work product doctrine, the physician/patient privilege, the pharmacist/patient privilege, and/or any other applicable privilege or exemption. Aetna will not produce such information. Any inadvertent disclosure of privileged information is not intended and should not be construed to constitute a waiver, either generally or specifically, with respect to such material or the subject matter thereof.

4.    Aetna objects to the Interrogatories insofar as they seek information that is confidential or private in nature, that is covered by third-party confidentiality agreements or that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to, the provisions of the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPAA"), the Federal Privacy Rule governing Standards for Privacy of Individually Identifiable Health Information, 45 CFR Parts 160 and 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

5.    Aetna objects to the Interrogatories insofar as they seek trade secrets, proprietary business information, and/or competitively sensitive information.

6.    Aetna objects to the Interrogatories to the extent they call for production of information which is protected from disclosure by any individual's or Aetna's right(s) to privacy or seek information protected from disclosure by Section 7216 of the Internal Revenue Code

7.    Aetna objects to each of the Interrogatories as overly broad to the extent it seeks information relating to pharmaceutical products other than Neurontin, or seeks other information

{1825 / INT / 00073017.DOC v1}                3

having nothing to do with the subject matter of the Complaint on the ground that such requests purport to call for information that is neither relevant to this action nor likely to lead to the discovery of admissible evidence. Plaintiff will only disclose information regarding Neurontin.

8.    Aetna objects to the Interrogatories insofar as they are vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, do not specify the information requested with sufficient particularity or seek information not reasonably calculated to lead to the discovery of admissible evidence.

9.    Aetna objects to each of the Interrogatories to the extent it calls for information from persons or entities who are not parties to this action and which information is not now and never has been in the possession, custody, or control of Aetna.

10.    Aetna objects to each of the Interrogatories to the extent it seeks information which is publicly available or equally available to Defendants and/or already in Defendants' possession or obtainable from another source that is more convenient, less burdensome, or less expensive.

11.    Aetna objects to these Interrogatories to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

12.    Aetna objects to the Interrogatories to the extent they assume the existence of facts which do not exist or events which did not occur.

13.    Aetna objects to these Interrogatories to the extent they constitute premature contention interrogatories.

14.    Aetna objects to the "Definitions" and "Instructions" in Defendants' Interrogatories to the extent they exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, or any applicable scheduling order, case management

{1825 / INT / 00073017.DOC v1}                         4

order, or other ruling of the Court. Aetna also objections to the "Definitions" to the extent they are inconsistent with normal and customary usage.

15.    Aetna objects to the definition of "Person" or "Persons" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from third parties over whom Aetna has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

16.    Aetna objects to the definition of "Plaintiff" or "Aetna" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from persons over whom Aetna has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

17.    Aetna objects to the Interrogatories to the extent they purport to require it to disclose information concerning any expert or other person or entity retained by its counsel to assist in the preparation of its case to the extent any such person or entity will not be designated by Aetna as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

18.    Aetna reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Interrogatories. The supplying of any information contained herein does not constitute an admission by Aetna that such information is relevant or admissible or that any statement or characterization in Defendants' Interrogatory is accurate or complete.

19.    Aetna's decision, now or in the future, to provide information or documents notwithstanding the objectionable nature of any of the definitions or instructions, or the Request

{1825 / INT / 00073017.DOC v1}                    5

itself, should not be construed as: (a) a stipulation that the material is relevant or admissible, (b)

a waiver of Aetna's general objections or the objections asserted in response to specific

document requests, or (c) an agreement that requests for similar information will be treated in a

similar manner.

## RESPONSES TO INTERROGATORIES

Interrogatory No. 1

Identify all individuals who are likely to have discoverable information that the Plaintiff may use to support its claims, each person who has knowledge or information regarding the allegations of the Complaint, including allegations regarding Plaintiff's alleged damages, and identify the Paragraph(s) of the Complaint as to which the person has knowledge or information.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

vague, ambiguous and seeks information that is neither relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence. Aetna further

objects to the extent that the Interrogatory seeks information protected by the attorney/client

privilege and the privilege protecting attorney work product information from disclosure in

litigation. Plaintiff also objects on the ground that this Interrogatory is not limited in time,

rendering the request overly broad and unduly burdensome. Aetna objects to the Interrogatory to

the extent it calls for legal conclusions.

Without waiver of the foregoing objections, Aetna responds that the following

individuals may have knowledge of certain facts which may bear on the claims in this litigation:

Michael Brodeur

Susan Schied

Robert Jackson

Interrogatory No. 2

Identify from January 1, 1994 to the present (a) all of Plaintiff's named fiduciaries, trustees, directors, executives, and officers, or those in similar positions; and (b) each of Plaintiff's current and former trustees, officers, employees, non-employee agents, and fiduciaries with responsibility for the administration and/or payment of health benefit claims by Plaintiff, including, but not limited to, such administration and/or payment related to Neurontin; reimbursements, co-payments or deductibles to providers, pharmacies, or Members; and health benefits or health insurance provided by or through Plaintiff to Members, and indicate the area for which each such trustee, officer, employee, agent, director, officer or fiduciary had and/or has responsibility.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

vague, ambiguous and seeks information that is neither relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence. Aetna also

objects to the Interrogatory to the extent it seeks discovery information which is publicly

available or equally available to Defendants and/or already in Defendants' possession or

obtainable from another source that is more convenient, less burdensome, or less expensive.

Aetna objects on the grounds that the Interrogatory calls for a legal conclusion.

Without waiver of the foregoing objections, Aetna will provide documents setting forth

the requested information.

Interrogatory No. 3

Identify all committees, teams, councils, or other groups of employees that discussed, recommended, approved or were otherwise involved in or concerned with coverage of claims concerning Neurontin, including but not limited to those groups that considered the inclusion of Neurontin in Plaintiff's formulary, groups responsible for the assessment or payment of claims

concerning Neurontin, and groups responsible for communicating with Members, providers, pharmacies, or Defendants concerning Neurontin.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of the foregoing objections, Aetna will provide documents setting forth the requested information.

Interrogatory No. 4

Describe Plaintiff's policies for covering costs relating to prescription medications by identifying whether Plaintiff reimburses expenses incurred by Members, provides the drugs directly to Members, reimburses pharmacies, or takes any other approach to such costs. If policies differ between drugs, identify the reasons for differences, and explain in detail the policy that applies to Neurontin.

Response:

Aetna objects to this Interrogatory to the extent it seeks information that relates to prescription drugs other than Neurontin on the grounds that the request is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence.   In addition, Aetna objects to this Interrogatory to the extent it seeks information containing sensitive commercial or proprietary information, information protected from disclosure by law, or information protected from disclosure by the attorney-client privilege, the work product doctrine or any other privilege or immunity to which Aetna is entitled under statutory or common law.  Aetna further objects to this Interrogatory on grounds that it is unduly

{1825 / INT / 00073017.DOC v1}                              8

burdensome, vague and ambiguous. Aetna objects to the use of the term "reimburses" as vague

and ambiguous. Aetna pays pharmacies for drugs.

Without waiver of the foregoing objections, Aetna will provide exemplars of coverage

documents which set forth the requested information for the relevant time period, to the extent

they exist.

Interrogatory No. 5

From January 1, 1994 to the present, identify all Members of Plaintiff who were
prescribed and/or administered Neurontin, and indicate:

     (a)     the dose of Neurontin received by the Member;

     (b)     the reason(s) for the Member's treatment with Neurontin;

     (c)     who wrote the prescription for the Member's Neurontin;

     (d)     who filled the prescription for the Member's Neurontin;

     (e)     whether any Members who were prescribed and/or administered
Neurontin are/were covered by Medicare or any other federal health care plan or eligible for
Medicare or any other federal health benefits and, for each Member, whether the Plaintiff's plan
is primary or secondary coverage to Medicare or any other federal health care plan.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

vague, ambiguous and seeks information that is neither relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence. Aetna further

objects to this Interrogatory insofar as it seeks protected health information that is insulated from

disclosure by federal, state or local law governing disclosure of confidential patient prescription

information, including, but not limited to HIPAA.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Interrogatory No. 6

Identify each occasion since January 1, 1994 on which Plaintiff paid for all or part of the costs of Neurontin, including but not limited to, any form of payment, reimbursement, co-payment, or coinsurance, and for each such payment provide:

 (a) the dollar amount of the payment;

 (b) the dollar amount that the Plaintiff contends should have been paid if it differs from the amount actually paid;

 (c) the date the payment was-made;

 (d) the person or entity to whom the payment was made;

 (e) other sources that paid part of the price for Neurontin (such as Medicare, Medicaid, federal health care plan, private insurance, any other employee benefit plan, or out of pocket by the Member);

 (f) the dollar amount paid by other sources for Neurontin (such as Medicare, Medicaid, federal health care plan, private insurance, any other employee benefit plan, or out of pocket by the Member);

 (g) the date of the medical service for which payment was made by Plaintiff;

 (h) the Member on whose behalf the payment was made, and whether the Member was an employee under the Plaintiff's plan, a dependent, or a retiree;

 (i) the indication for which Neurontin was prescribed;

 (j) the health care provider(s) who prescribed and/or administered the drug;

 (k) the pharmacy or other entity that filled the prescription; and

 (l) the state(s) where the Member and health care provider were located.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Aetna further objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Interrogatory No. 7

State the number of prescriptions for off-label uses for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments for reimbursements for off-label prescriptions.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Aetna further objects to this interrogatory to the extent it seeks information that relates to prescription drugs other than Neurontin on the grounds that the request is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Interrogatory No. 8

State the number of prescriptions for Neurontin for which Plaintiff paid or reimbursed Members, providers, pharmacies, or any other person or entity, and the dollar amounts of all such payments or reimbursements, broken down into (a) off-label prescriptions for Neurontin; and (b) prescriptions of Neurontin for approved indications.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Interrogatory No. 9

If Plaintiff requires pharmacies or providers to provide any directions, instructions or warnings concerning proper use of Neurontin to prescription takers, or if Plaintiff itself provides such materials, state: (a) the exact contents of such instructions or warning; (b) the place and manner in which such directions, instructions or warnings were to be given to Neurontin takers; and (c) the person or persons who was to provide such directions, instructions or warnings.

{1825 / INT / 00073017.DOC v1}                    12

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 10

State whether a representative of Defendants ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

Response:

Aetna objects to the Interrogatory to the extent it seeks discovery of information which is equally available to Defendants and/or already in Defendants' possession or obtainable from another source that is more convenient, less burdensome, or less expensive.

Without waiver of the foregoing objections, Warner-Lambert provided materials to Aetna which will be produced. The persons identified in the Response to Interrogatory No. 1 may possess additional knowledge.

Interrogatory No. 11

State whether providers who prescribed Neurontin to Plaintiff's Members ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

vague, ambiguous and seeks information that is neither relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 12

State whether Plaintiff or any representative of Plaintiff ever attended any seminars,
meetings or events at which the use of Neurontin for any off-label use was discussed; and if so,
state the name of the person(s) who attended, the date(s) of the event(s), the location of the
event(s), the title of the event(s), and the subject matter discussed.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

vague, ambiguous and seeks information that is neither relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 13

Describe in detail Plaintiff's knowledge of off-label uses of Neurontin by its Members,
including (a) when Plaintiff first learned that Neurontin was being prescribed for off-label uses;
(b) how Plaintiff learned this fact; (c) who told Plaintiff this fact; (d) and what, if anything,
Plaintiff did upon learning this fact.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

vague, ambiguous and seeks information that is neither relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence. Aetna further

objects to this Interrogatory insofar as it seeks protected health information that is insulated from

disclosure by federal, state or local law governing disclosure of confidential patient prescription

information, including, but not limited to HIPAA.

Interrogatory No. 14

State whether you have had any communications with Parke-Davis, Warner-Lambert, or
Pfizer, including but not limited to online, phoned, mailed or faxed communications, regarding
Neurontin, including the dates of any such communications.

Response:

Aetna objects to the Interrogatory to the extent it seeks discovery of information which is

equally available to Defendants and/or already in Defendants' possession or obtainable from

another source that is more convenient, less burdensome, or less expensive.

Without waiver of the foregoing objections, Warner-Lambert provided materials to Aetna

which will be produced. The persons identified in the Response to Interrogatory No. 1 may

possess additional knowledge.

Interrogatory No. 15

Itemize all damages you claim to have incurred, directly or indirectly, as a result of the
allegations in your Complaint, including, but not limited to, all pharmaceutical expenses, and the
address of each person who provided goods or services in connection with each such expense,
the nature of the goods or services provided, the dates of all services rendered to you or provision
of goods to you, the monetary amount of each such expense or item of damages, and the name
and address of the person or entity paying such obligation.

{1825 / INT / 00073017.DOC v1}                        15

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.   Aetna further objects to this Interrogatory on the grounds that it is premature given the status of the litigation. Plaintiff will provide expert disclosures at the time set by the Court.

Interrogatory No. 16

State the amount of money you paid, by month, year, and state, in paying or reimbursing claims for Neurontin or in purchasing Neurontin for distribution to members.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.   Aetna further objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA

Without waiver of the foregoing objections, Aetna will provide Defendants a Report identifying all claims data for Neurontin for the relevant time period, in scope and form to be determined after meeting and conferring.

Interrogatory No. 17

State the amount of money you received, by month, year, and state, in the form of rebates, discounts, or other price adjustments, concerning Neurontin from any pharmaceutical provider, wholesaler, retailer, or other entity, and identify the entities from which such rebates, discounts, or other price adjustments were received.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Aetna further objects to this Interrogatory to the extent it seeks information that is already in Defendants' possession, custody or control, or that is equally available to Defendant.

Interrogatory No. 18

State whether Members were required to identify Neurontin as being used for an off-label use on any forms or in any correspondence with Plaintiff for any costs associated with Members' ingestion of Neurontin.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of the foregoing objections, Aetna responds that Members were not required to identify Neurontin as being used for an off-label use on any forms or in any correspondence with Plaintiff for costs any costs associated with Members' ingestion of Neurontin at the relevant time.

{1825 / INT / 00073017.DOC v1}                    17

Interrogatory No. 19

Describe every instance in which you refused to pay for or reimburse the costs of a drug because it had been prescribed for an off-label use.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Aetna further objects to this interrogatory to the extent it seeks information that relates to prescription drugs other than Neurontin on the grounds that the request is overly broad, seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Aetna objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA.

Dated: White Plains, NY
      June 3, 2005

LOWEY DANNENBERG BEMPORAD
& SELINGER, P.C.

By: *Richard Bemporad*

    Richard Bemporad
    Peter D. St. Phillip, Jr.
The Gateway Building
11 North Lexington Avenue
White Plains, New York 10601
Telephone: (914) 997-0500

- and -

Gerald Lawrence
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428

*Counsel for Aetna, Inc.*

{1825 / INT / 00073017.DOC v1}      18