# EXHIBIT A

UNITED STATES DISTRICT COURT
MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re: NEURONTIN MARKETING AND                              :
SALES PRACTICES LITIGATION                                  :   MDL Docket No. 1629
                                                            :
THIS DOCUMENT RELATES TO:                                   :   Master File No. 04-10981
                                                            :
ALL ACTIONS,                                                :   Judge Patti B. Saris
                                                            :
                                                            :
                                                            :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSES AND OBJECTIONS OF PFIZER INC. AND WARNER-LAMBERT
COMPANY TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company ("Warner-

Lambert") (collectively, "Defendants"), by their undersigned counsel, hereby object and

respond to the Class and Non-Class Plaintiffs' First Request for Production of Documents

(the "Request" or "Requests"). These responses and objections are made without in any

way waiving or intending to waive, but on the contrary reserving and intending to

reserve, the right to object on any additional ground at any time to a demand for further

response or document production, and the right at any time to revise, supplement, correct,

or add to these responses and objections.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Defendants object to the definitions and instructions to the extent they

seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure

or any other applicable rules.

2.      Defendants object to the definition of "CBU" to the extent that it defines

the term to include "any division with [sic] Pfizer that performed the function of a CBU

after the merger of Pfizer and Warner-Lambert" on the grounds that such a definition is vague and ambiguous and unworkable, as it seeks to impose a prior, outdated organizational structure on Defendants.

3.     Defendants object to the definition of "Defendants" to the extent that it defines the term to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, or any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad, unduly burdensome, includes entities over which Defendants had no control or relationship during the relevant time period, and attempts to impose obligations beyond those imposed by the Federal Rules of Civil Procedure. Defendants further object to the inclusion in that definition of "any other Person ... purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

4.     Defendants object to the definition of "Event" to the extent that it defines the term to include "any conference, seminar, gathering, dinner meeting, dinner, meal, advisory board meeting, consultant meeting, speaker event, speaker training, CME, conference call, teleconference, trip, vacation, or weekend getaway attended by physicians, funded, sponsored, or paid for in whole or in part by Defendants, whether directly or through a third party which received money from Defendants which was intended to be applied to any of the costs of the Event" on the grounds that such a definition is overly broad, vague, and ambiguous.

5.     Defendants object to the definition of "Events, medical educational programs or educational materials that describe Neurontin's use for off-label indications"

2

to the extent that it defines that phrase to include "all events, programs and materials that devote attention to Neurontin's use for off-label indications even if such subject is not the exclusive or primary focus of the event, program, or materials," on the grounds that such a definition is overly broad, vague, and ambiguous.

6.    Defendants object to the definition of "Goods or Services of value" to the extent that it defines the term to include "any durable good or any service with a retail value in excess of $50, including but not limited to the provision of travel expenses, accommodations, entertainment or meals" on the grounds that such a definition is overly broad and unduly burdensome.

7.    Defendants object to the definition of "Identified Physicians" to the extent the definition consists of a list of names without additional identifying information and is therefore vague and ambiguous.

8.    Defendants object to the definition of "Indirect funding" to the extent the definition includes "activity or event useful to Defendants' pharmaceutical business" on the grounds that such definition is vague and ambiguous.

9.    Defendants object to the definition of "Indirect payments" to the extent the definition includes "services useful to Defendants' pharmaceutical business" on the grounds that such definition is vague and ambiguous.

10.    Defendants object to the definition of "MICROMEDEX" to the extent that it defines the term to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, and any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad and unduly

3

burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules

of Civil Procedure or any other applicable rules. Defendants further object to the

inclusion in that definition of "any other Person ... purporting to act on its behalf" on the

ground that such definition is vague and ambiguous.

11.    Defendants object to the definition of "Neurontin" to the extent that it is

defined to include "all uses or indications thereof," on the grounds that such a definition

is overly broad.

12.    Defendants object to the definition of the term "Parke-Davis" to the extent

that it is defined to include "predecessors or successors in interest, divisions, offices,

subsidiaries, affiliates, and any present or former directors, officers, executives, trustees,

employees, agents, attorneys, representatives, and any other Person acting or purporting

to act on its behalf" on the grounds that such a definition is overly broad and unduly

burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules

of Civil Procedure or any other applicable rules. Defendants further object to the

inclusion in that definition of "any other Person ... purporting to act on its behalf" on the

ground that such definition is vague and ambiguous.

13.    Defendants object to the definition of the term "Pfizer" to the extent that it

is defined to include "predecessors or successors in interest, divisions, offices,

subsidiaries, affiliates, and any present or former directors, officers, executives, trustees,

employees, agents, attorneys, representatives, and any other Person acting or purporting

to act on its behalf" on the grounds that such a definition is overly broad and unduly

burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules

of Civil Procedure or any other applicable rules. Defendants further object to the

inclusion in that definition of "any other Person ... purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

14.    Defendants object to the definition of the term "Vendor" to the extent that it is defined to include "assistance or consultation with marketing," on the grounds that that such a definition is overly broad, unduly burdensome, vague and ambiguous.

15. Defendants object to the definition of the term "Warner-Lambert" to the extent that it is defined to include "predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, and any other Person acting or purporting to act on its behalf" on the grounds that such a definition is overly broad and unduly burdensome, and seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable rules.  Defendants further object to the inclusion in that definition of "any other Person ... purporting to act on its behalf" on the ground that such definition is vague and ambiguous.

## GENERAL OBJECTIONS

1.    Defendants object to the Requests on the grounds that, by serving 252 individual requests, Plaintiffs intend to harass and impose undue burdens on Defendants. Most of the requests are overly broad and would impose extraordinary burden on Defendants if they were to respond to the requests as written.  In addition, the majority of the 252 Requests overlap with and are duplicative of many of the other requests.

2.    Defendants object to the Requests to the extent they call for the production of documents protected from disclosure by various privileges or immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized

privilege and/or immunity. To the extent that such documents are inadvertently produced in response to the document requests, the production of such documents shall not constitute a waiver of Defendants right to assert the applicability of any privilege or immunity to the documents, and any such document will be subject to return on demand.

3.      Defendants object to the Requests to the extent they seek "all" documents that relate to the information sought in the particular request, on the grounds that such requests fail to describe the documents with reasonable particularity and are overly broad and burdensome.

4.      Defendants object to the Requests to the extent that they call for documents that are not within Defendants' possession, custody or control, or are more appropriately sought from third parties, or are publicly available. Defendants object to the Requests to the extent they seek documents that are already in Plaintiffs' possession, custody, or control, or are equally available to Plaintiffs.

5.      Defendants object to the document requests to the extent they call for the production of proprietary, commercially sensitive, or other confidential documents, the probative value of which is outweighed by Defendants' interest in preserving their confidentiality. Defendants will produce documents pursuant to the Protective Order entered by Judge Saris on January 10, 2005.

6.      Defendants object to the Requests to the extent that they seek to impose discovery obligations on Defendants broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure or any other applicable rules.

7.     Any use of the Definitions contained in the Request or the individual requests by Defendants for the purposes of responding to the Request does not constitute a waiver of any objection.

8.     Any statement by Defendants to the effect that they will produce documents responsive to any individual request should not be construed to mean that any responsive documents exist. Defendants do not concede that any of the information provided in response to these Requests is relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence. Defendants reserve the right to object to the admissibility at trial of any of the information provided in response to these Requests.

9.     Defendants object to the document requests to the extent they call for the production of documents which are neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendants object to the Requests to the extent they seek documents regarding products other than Neurontin. As such, the Requests are overly broad, unduly burdensome and seek documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Defendants will only produce documents or information regarding Neurontin.

11.     Defendants object to the Requests to the extent that they seek documents from a time period that is overly broad.

12.     Defendants object to the Requests to the extent that they are vague, ambiguous, and/or incomprehensible, requiring Defendants to engage in conjecture as to their meaning.

7

13.    All General Objections apply to each individual Request without reiteration in the response thereto. Reference to a General Objection in a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any Request.

14.    In providing these responses, Defendants specifically do not intend to stipulate to the admissibility of any statement or subject matter contained or referred to in any request or response. Rather, Defendants expressly reserve and do not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.

## SPECIFIC RESPONSES AND OBJECTIONS

Request No. 1:

    NDA 20-235

Response to Request No. 1:

    Subject to and without waiving the General Objections, Defendants will produce for inspection and copying, at a mutually convenient time and location, NDA 20-235.

Request No. 2:

    All supplemental NDAs filed concerning Neurontin.

Response to Request No. 2:

    Subject to and without waiving the General Objections, Defendants will produce for inspection and copying, at a mutually convenient time and location, all supplemental NDAs filed concerning Neurontin.

8

Request No. 3:

All documents relating to any clinical trial conducted for the purpose of establishing the safety or efficacy of Neurontin for the treatment of any pain syndrome.

Response to Request No. 3:

In addition to the General Objections, Defendants object to Request No. 3 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "the purpose of establishing the safety or efficacy" is vague and ambiguous.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, research reports regarding Neurontin.

Request No. 4:

All documents relating to any clinical trial conducted for the purpose of establishing the safety or efficacy of Neurontin for the treatment of any psychiatric syndrome.

Response to Request No. 4:

In addition to the General Objections, Defendants object to Request No. 4 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "the purpose of establishing" is vague and ambiguous.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location research reports regarding Neurontin.

9

Request No. 5:

All documents relating to any clinical trial conducted for the purpose of establishing the safety of Neurontin for use by patients suffering from mental illnesses, including, but not limited to, bipolar disorder, depression, social phobia, anxiety disorder, panic disorder, obsessive compulsion disorder, mania, attention deficit disorder or attention deficit hyperactivity disorder.

Response to Request No. 5:

In addition to the General Objections, Defendants object to Request No. 5 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that the phrase "the

purpose of establishing" is vague and ambiguous. Defendants further object to Request

No. 5 on the grounds that it is duplicative of other requests.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

research reports regarding Neurontin.

Request No. 6:

All documents relating to any clinical trial conducted at any time for the purpose of establishing efficacy or safety of Neurontin for the treatment of migraine or for migraine prophylaxis.

Response to Request No. 6:

In addition to the General Objections, Defendants object to Request No. 6 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that the phrase "the

purpose of establishing efficacy or safety" is vague and ambiguous. Defendants further

object to Request No. 6 on the grounds that it is duplicative of other requests.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, research reports regarding Neurontin.

<u>Request No. 7</u>:

All documents relating to any clinical trial conducted for the purpose of establishing the efficacy or safety of Neurontin for the treatment of social phobia.

<u>Response to Request No. 7</u>:

In addition to the General Objections, Defendants object to Request No. 7 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "the purpose of establishing the efficacy or safety" is vague and ambiguous. Defendants further object to Request No. 7 on the grounds that it is duplicative of other requests.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, research reports regarding Neurontin.

<u>Request No. 8</u>:

All documents relating to any clinical trial conducted for the purpose of establishing the efficacy or safety of Neurontin for the treatment of anxiety disorder.

<u>Response to Request No. 8</u>:

In addition to the General Objections, Defendants object to Request No. 8 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "the purpose of establishing the efficacy or safety" is vague and ambiguous. Defendants further object to Request No. 8 on the grounds that it is duplicative of other requests.

11

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, research reports regarding Neurontin.

Request No. 9:

All documents relating to any clinical trial conducted for the purpose of establishing the efficacy or safety of Neurontin for the treatment of any bipolar disorder.

Response to Request No. 9:

In addition to the General Objections, Defendants object to Request No. 9 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "the purpose of establishing the efficacy or safety" is vague and ambiguous. Defendants further object to Request No. 9 on the grounds that it is duplicative of other requests.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, research reports regarding Neurontin.

Request No. 10:

All documents relating to any clinical trial conducted for the purpose of establishing the efficacy or safety of Neurontin for the treatment of restless leg syndrome.

Response to Request No. 10:

In addition to the General Objections, Defendants object to Request No. 10 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "the purpose of establishing the efficacy or safety" is vague and ambiguous.

12

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, research reports regarding Neurontin.

Request No. 11:

All documents relating to any clinical trial conducted for the purpose of establishing the efficacy of Neurontin for the treatment of RSD.

Response to Request No. 11:

In addition to the General Objections, Defendants object to Request No. 11 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "the purpose of establishing the efficacy" is vague and ambiguous.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, research reports regarding Neurontin.

Request No. 12:

All documents relating to any clinical trial conducted for the purpose of establishing the efficacy of Neurontin for the treatment of panic disorder.

Response to Request No. 12:

In addition to the General Objections, Defendants object to Request No. 12 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "the purpose of establishing the efficacy" is vague and ambiguous. Defendants further object to Request No. 12 on the grounds that it is duplicative of other requests.

13

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, research reports regarding Neurontin.

Request No. 13:

All documents relating to any clinical trial conducted for the purpose of establishing the efficacy of Neurontin for the treatment of sleep disorders.

Response to Request No. 13:

In addition to the General Objections, Defendants object to Request No. 13 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "the purpose of establishing the efficacy" is vague and ambiguous.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, research reports regarding Neurontin.

Request No. 14:

All documents relating to any clinical trial conducted for the purpose of establishing the efficacy of Neurontin at doses greater than 1800 mgs/day.

Response to Request No. 14:

In addition to the General Objections, Defendants object to Request No. 14 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "the purpose of establishing the efficacy" is vague and ambiguous. Defendants further object to Request No. 14 on the grounds that it is duplicative of other requests.

14

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

research reports regarding Neurontin.

Request No. 15:

All documents relating to any clinical trial conducted for the purpose of
establishing the efficacy of Neurontin as a monotherapy for the treatment of epilepsy.

Response to Request No. 15:

In addition to the General Objections, Defendants object to Request No. 15 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents.  Defendants further object on the grounds that the phrase "the

purpose of establishing the efficacy" is vague and ambiguous.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

research reports regarding Neurontin.

Request No. 16:

All documents created at any time relating to the decision whether or not to file
patent applications for Neurontin's use in treating conditions other than epilepsy,
including, but not limited to, all clinical studies, research, market analysis or other
information which was reviewed in making the decision to file such applications.

Response to Request No. 16:

In addition to the General Objections, Defendants object to Request No. 16 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents.  Defendants further object on the grounds that the request is not

limited to documents from the relevant time period.  Defendants further object on the

grounds that the request, in calling for documents "reviewed in making the decision to

file such applications" fails to describe the documents with reasonable particularity.

<u>Request No. 17</u>:

   All documents created at any time relating to the Neurontin Development Team,
including but not limited to meeting minutes, agendas, all reports generated by the
Neurontin Development team, and all communications distributed to members of the
Neurontin Development Team.

<u>Response to Request No. 17</u>:

   In addition to the General Objections, Defendants object to Request No. 17 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that the request is not

limited to documents from the relevant time period. Defendants further object to Request

No. 17 on the grounds that in seeking all such documents without limitation, the request

calls for the production of documents not relevant to this action, including documents not

related to Neurontin's off-label uses. Defendants further object on the grounds that they

have already produced documents relating to Request No. 17. Defendants further object

on the grounds that the request for "all communications distributed to members of the

Neurontin Development Team" is overly broad and fails to describe the documents with

reasonable particularity.

   Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

16

Request No. 18:

All documents relating to any market analysis of potential, expected or actual sales of Neurontin for any use other than as an adjunctive therapy in the treatment of epilepsy.

Response to Request No. 18:

In addition to the General Objections, Defendants object to Request No. 18 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "market analysis" is vague and ambiguous. Defendants further to Request No. 18 on the grounds that it is not limited to documents from the relevant time period. Defendants further object on the grounds that they have already produced documents relating to Request No. 18.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 19:

All documents relating to any forecasts or projections of sales of Neurontin for any use other than as an adjunctive therapy in the treatment of epilepsy.

Response to Request No. 19:

In addition to the General Objections, Defendants object to Request No. 19 on the grounds that request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it is not limited to

17

documents from the relevant time period. Defendants further object on the grounds that

they have already produced documents relating to Request No. 19.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 20:

All documents relating to any forecast or projection of estimated number of
Neurontin prescriptions for any use other than as an adjunctive therapy in the treatment of
epilepsy.

Response to Request No. 20:

In addition to the General Objections, Defendants object to Request No. 20 on the

grounds that request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that it is not limited to

documents from the relevant time period. Defendants further object on the grounds that

they have already produced documents relating to Request No. 20.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 21:

All documents relating to any review, consideration, analysis, recommendation, approval of Neurontin's sales and marketing within the United States by the Parke-Davis New Product Committee.

Response to Request No. 21:

In addition to the General Objections, Defendants object to Request No. 21 on the

grounds that it is overly broad and unduly burdensome. Defendants further object on the

grounds that the phrase "recommendation, approval of Neurontin's sales and marketing"

is vague and ambiguous in this context. Defendants further object on the grounds that the

request is not limited to documents relating to the off-label uses of Neurontin.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 22:

Documents sufficient to identify all persons who comprised the New Product Committee at any time it reviewed, considered, analyzed, recommended, or approved any aspect of Neurontin's sales and marketing within the United States.

Response to Request No. 22:

In addition to the General Objections, Defendants object on the grounds that the

request is overly broad , and on the grounds that the phrase "reviewed, considered,

analyzed, recommended, or approved any aspect of Neurontin's sales and marketing" is

vague and ambiguous in this context.

19

Request No. 23:

All documents generated, reviewed, considered, analyzed or communicated by Parke-Davis's regulatory affairs department regarding any requirement (or lack of requirement) that Parke-Davis submit a supplemental NDA in order to engage in any marketing of Neurontin for any use other than as an adjunctive therapy in the treatment of epilepsy.

Response to Request No. 23:

In addition to the General Objections, Defendants object to Request No. 23 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "marketing of Neurontin" is vague and ambiguous. Defendants further object that the request for documents "reviewed, considered, analyzed" by the regulatory affairs department fails to describe the documents sought with reasonable particularity. Defendants further object that the request calls for documents protected by the attorney-client privilege or other privileges.

Request No. 24:

All documents generated, reviewed, considered, analyzed or communicated by Parke-Davis's regulatory affairs department regarding any recommendation by that department (or any person within that department) regarding Parke-Davis's submission of a supplemental NDA in order engage in any marketing of Neurontin for any use other than as adjunctive therapy in the treatment of epilepsy.

Response to Request No. 24:

In addition to the General Objections, Defendants object to Request No. 24 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "in order to engage in any marketing of Neurontin" is vague and ambiguous. Defendants further object that the request for documents "reviewed, considered, analyzed" by the regulatory

20

affairs department fails to describe the documents sought with reasonable particularity.

Defendants further object that the request calls for documents protected by the attorney-

client privilege or other privileges.

Request No. 25:

     All documents, subsequent to 1993, relating to any review, consideration, analysis, recommendation or approval of Neurontin's sales and marketing within the United States by the Parke-Davis Marketing Council.

Response to Request No. 25:

     In addition to the General Objections, Defendants object to Request No. 25 on the

grounds that it is overly broad and unduly burdensome, and that the request is not

confined to documents addressing the off-label use of Neurontin.  Defendants further

object on the grounds that the phrase "recommendation or approval of Neurontin's sales

and marketing" is vague and ambiguous.

     Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 26:

     Documents sufficient to identify all persons who comprised the Parke-Davis Marketing Council at any time it reviewed, considered, analyzed, recommended, or approved any aspect of Neurontin's sales and marketing within the United States subsequent to 1993.

Response to Request No. 26:

In addition to the General Objections, Defendants object on the grounds that the request is overly broad , and on the grounds that the phrase "reviewed, considered, analyzed, recommended, or approved any aspect of Neurontin's sales and marketing" is vague and ambiguous in this context.

Request No. 27:

All documents relating to any decision by Parke-Davis or any of the Defendants to publicize off-label uses of Neurontin through articles published in medical journals.

Response to Request No. 27:

In addition to the General Objections, Defendants object to Request No. 27 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "publicize off-label uses" is vague and ambiguous. Defendants further object on the grounds that they have already produced documents relating to Request No. 27.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 28:

All documents relating to marketing assessments of Neurontin for any use other than as an adjunctive therapy in the treatment of epilepsy.

<u>Response to Request No. 28</u>:

In addition to the General Objections, Defendants object to Request No. 28 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrase "marketing assessments" is vague and ambiguous. Defendants further object to Request No. 28 to the extent that it is not limited to documents from the relevant time period. Defendants further object on the grounds that they have already produced documents relating to Request No. 28.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

<u>Request No. 29</u>:

All documents relating to standard operating procedures within the Defendants for funding Events at which off-label uses of any of Defendants' drug products would be discussed.

<u>Response to Request No. 29</u>:

In addition to the General Objections, Defendants object to Request No. 29 on the grounds that it is overly broad. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to the Request on the grounds that the request is not limited to Neurontin. Defendants further object on the grounds that they have already produced documents relating to Request No. 29.

23

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, constituting standard operating procedures governing the sales and marketing of pharmaceutical products and governing the provision of grants relating to pharmaceutical products.

Request No. 30:

All documents relating to standard operating procedures within the Defendants for funding Events at which off-label uses of Neurontin would be discussed.

Response to Request No. 30:

In addition to the General Objections, Defendants object to Request No. 30 on the grounds that it is overly broad. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the grounds that the request is duplicative of other requests. Defendants further object on the grounds that they have already produced documents relating to Request No. 30.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, constituting standard operating procedures governing the sales and marketing of pharmaceutical products and governing the provision of grants relating to pharmaceutical products through December 31, 1998.

Request No. 31:

All documents relating to standard operating procedures within the Defendants for inviting physicians to Events at which off-label uses of any of Defendants' drug products would be discussed.

24

Response to Request No. 31:

In addition to the General Objections, Defendants object to Request No. 31 on the grounds that it is overly broad. Defendants further object on the grounds that the request is not limited to Neurontin. Defendants further object on the grounds that they have already produced documents relating to Request No. 31.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, constituting standard operating procedures governing the sales and marketing of pharmaceutical products and governing the provision of grants relating to pharmaceutical products through December 31, 1998.

Request No. 32:

All documents relating to standard operating procedures within the Defendants for inviting physicians to Events at which off-label uses of Neurontin would be discussed.

Response to Request No. 32:

In addition to the General Objections, Defendants object to Request No. 32 on the grounds that it is overly broad. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the grounds that the request is duplicative of others requests. Defendants further object on the grounds that they have already produced documents relating to Request No. 32.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, constituting standard operating procedures

governing the sales and marketing of pharmaceutical products and governing the

provision of grants relating to pharmaceutical products through December 31, 1998.

Request No. 33:

All records in Parke-Davis's and Pfizer's clinical communications database that concern requests from physicians for information relating to off-label use of Neurontin. The Response to this request should include all fields of the database for every record produced.

Response to Request No. 33:

In addition to the General Objections, Defendants object to Request No. 33 on the

grounds that it is overly broad. Defendants further object on the grounds that the

"clinical communications database" is vague and ambiguous. Defendants further object

on the grounds that the request is not limited to documents from the relevant time period.

Defendants further object on the grounds that the request seeks documents protected from

disclosure by federal or state law, regulations or other applications laws or regulations.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents from the files of the Medical Information department regarding

requests from physicians for information relating to the off-label use of Neurontin

through December 31, 1998.

Request No. 34:

Copies of all articles that were sent to physicians who contacted Defendants requesting information relating to any off-label use of Neurontin.

26

Response to Request No. 34:

In addition to the General Objections, Defendants object to Request No. 34 on the grounds that it is overly broad and unduly burdensome. Defendants further object on the grounds that the request is not limited to documents from the relevant time period.

Request No. 35:

Copies of all forms of letters that were sent to physicians in Response to physician requests for information relating to any off-label use of Neurontin.

Response to Request No. 35:

In addition to the General Objections, Defendants object to Request No. 35 on the grounds that it is not limited to documents from the relevant time period. Defendants further object on the grounds that they have already produced documents relating to Request No. 35.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents from the files of the Medical Information department regarding requests from physicians for information relating to the off-label use of Neurontin through December 31, 1998.

Request No. 36:

All records in any Parke-Davis database, including, but not limited to, the Parke-Davis APT database, relating to all Parke-Davis payments, directly or indirectly, to physicians for the conduct of medical studies on off-label usage of Neurontin. The Response to this request should include all fields of the database for every record produced.

Response to Request No. 36:

In addition to the General Objections, Defendants object to Request No. 36 on the grounds that the request is overly broad and unduly burdensome, and that the request for

27

"payments, directly and indirectly," is overly broad, unduly burdensome, and

unworkable.

<u>Request No. 37</u>:

      All records in any Pfizer database relating to all payments, directly or indirectly,
to physicians for the conduct of medical studies on off-label usage of Neurontin. The
Response to this request should include all fields of the database for every record
produced.

<u>Response to Request No. 37</u>:

      In addition to the General Objections, Defendants object to Request No. 37 on the

grounds that the request is overly broad and unduly burdensome, and that the request for

"payments, directly and indirectly," is overly broad, unduly burdensome, and

unworkable.

<u>Request No. 38</u>:

      All documents relating to communications between any of the Defendants and
any person who received a payment to conduct, review, design, analyze, write up or
propose a medical study relating to any off-label use of Neurontin.

<u>Response to Request No. 38</u>:

      In addition to the General Objections, Defendants object to Request No. 38 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents.  Defendants further object on the grounds that in seeking all such

documents without limitation, the request calls for the production of documents not

relevant to this action.  Defendants further object to the Request to the extent that it is not

limited to documents from the relevant time period.  Defendants further object on the

grounds that they have already produced documents relating to Request No. 38.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 39:

All documents relating to internal communications within any of the Defendants relating to the conduct, review, design, analysis, write up, proposal or payment for medical studies relating to any off-label use of Neurontin.

Response to Request No. 39:

In addition to the General Objections, Defendants object to Request No. 39 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it is not limited to documents from the relevant time period. Defendants further object on the grounds that they have already produced documents relating to Request No. 39.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 40:

All documents relating to communications between any of the Defendants and any person who requested funding, sponsorship or any form of support to conduct, review, analyze, write up or propose a medical study relating to any off-label use of Neurontin.

29

Response to Request No. 40:

In addition to the General Objections, Defendants object to Request No. 40 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents.  Defendants further object on the grounds that in seeking all such

documents without limitation, the request calls for the production of documents not

relevant to this action.  Defendants further object to the Request to the extent that it is not

limited to documents from the relevant time period.  Defendants further object on the

grounds that they have already produced documents relating to Request No. 40.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 41:

All documents relating to communications between any of the Defendants and
any person who the Defendants solicited to conduct, review, analyze, write up or propose
a medical study relating to any off-label use of Neurontin.

Response to Request No. 41:

In addition to the General Objections, Defendants object to Request No. 41 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents..  Defendants further object on the grounds that in seeking all such

documents without limitation, the request calls for the production of documents not

relevant to this action.  Defendants further object to the Request to the extent that it is not

limited to documents from the relevant time period, and that the phrase "solicited" is

30

vague and ambiguous. Defendants further object on the grounds that they have already

produced documents relating to Request No. 41.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 42:

All documents relating to communications between any of the Defendants and
any person who received any form of payment to conduct, review, design, analyze, write
up or propose a case study relating to any off-label use of Neurontin.

Response to Request No. 42:

In addition to the General Objections, Defendants object to Request No. 42 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that in seeking all such

documents without limitation, the request calls for the production of documents not

relevant to this action. Defendants further object to the Request to the extent that it is not

limited to documents from the relevant time period. Defendants further object on the

grounds that they have already produced documents relating to Request No. 42.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

31

Request No. 43:

All documents relating to internal communications within any of the Defendants relating to the review, design, analysis, write up, proposal or payment for case studies relating to any off-label use of Neurontin.

Response to Request No. 43:

In addition to the General Objections, Defendants object to Request No. 43 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it is not limited to documents from the relevant time period. Defendants further object on the grounds that they have already produced documents relating to Request No. 43.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 44:

All documents relating to communications between any of the Defendants and any person who requested funding, sponsorship or any form of support to conduct, review, analyze, write up or propose a case study relating to any off-label use of Neurontin.

Response to Request No. 44:

In addition to the General Objections, Defendants object to Request No. 44 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that in seeking all such documents without limitation, the request calls for the production of documents not

32

relevant to this action. Defendants further object to the Request to the extent that it is not

limited to documents from the relevant time period. Defendants further object on the

grounds that they have already produced documents relating to Request No. 44.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 45:

All documents relating to communications between any of the Defendants and
any person who the Defendants solicited to conduct, review, analyze, write up or propose
a case study relating to any off-label use of Neurontin.

Response to Request No. 45:

In addition to the General Objections, Defendants object to Request No. 45 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that in seeking all such

documents without limitation, the request calls for the production of documents not

relevant to this action. Defendants further object to the Request to the extent that it is not

limited to documents from the relevant time period. Defendants further object on the

grounds that the phrase "solicited" is vague and ambiguous. Defendants further object on

the grounds that they have already produced documents relating to Request No. 45.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

<u>Request No. 46</u>:

All documents relating to communications between any of the Defendants and
any person who received any form of payment to conduct, review, design, analyze, write-
up or propose a case study relating to any off-label use of Neurontin.

<u>Response to Request No. 46</u>:

In addition to the General Objections, Defendants object to Request No. 46 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that in seeking all such

documents without limitation, the request calls for the production of documents not

relevant to this action. Defendants further object to the Request to the extent that it is not

limited to documents from the relevant time period. Defendants further object on the

grounds that they have already produced documents relating to Request No. 46.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

<u>Request No. 47</u>:

All documents relating to internal communications within any of the Defendants
relating to the review, design, analysis, write up, proposal or payment for record reviews
relating to any off-label use of Neurontin.

Response to Request No. 47:

In addition to the General Objections, Defendants object to Request No. 47 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that it is not limited to

documents from the relevant time period. Defendants further object on the grounds that

they have already produced documents relating to Request No. 47.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 48:

All documents relating to communications between any of the Defendants and
any person who requested funding, sponsorship or any form of support to conduct,
review, analyze, write up or propose a record review relating to any off-label use of
Neurontin.

Response to Request No. 48:

In addition to the General Objections, Defendants object to Request No. 48 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that in seeking all such

documents without limitation, the request calls for the production of documents not

relevant to this action. Defendants further object to the Request to the extent that it is not

limited to documents from the relevant time period. Defendants further object on the

grounds that they have already produced documents relating to Request No. 48.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 49:

All documents relating to communications between any of the Defendants and
any person who the Defendants solicited to conduct, review, analyze, write up or propose
a record review relating to any off-label use of Neurontin.

Response to Request No. 49:

In addition to the General Objections, Defendants object to Request No. 45 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents.. Defendants further object on the grounds that in seeking all such

documents without limitation, the request calls for the production of documents not

relevant to this action. Defendants further object to the Request to the extent that it is not

limited to documents from the relevant time period. Defendants further object on the

grounds that the phrase "solicited" is vague and ambiguous. Defendants further object on

the grounds that they have already produced documents relating to Request No. 49.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

36

Request No. 50:

All documents relating to peer marketing or peer to peer marketing of Neurontin.

Response to Request No. 50:

In addition to the General Objections, Defendants object to Request No. 50 on the grounds that it is overly broad and unduly burdensome. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the grounds that the request is not confined to off-label uses of Neurontin. Defendants further object to the Request to the extent that the phrases "peer marketing" and "peer to peer marketing" are vague and ambiguous.

Request No. 51:

All documents relating to adopting peer marketing or peer to peer marketing strategies in connection with the marketing of Neurontin

Response to Request No. 51:

In addition to the General Objections, Defendants object to Request No. 51 on the grounds that it is overly broad and unduly burdensome. Defendants further object on the grounds that the request is not confined to off-label uses of Neurontin, and is duplicative of other requests. Defendants further object to the Request to the extent that the phrases "peer marketing" and "peer to peer marketing" are vague and ambiguous.

Request No. 52:

All documents relating to use of peer marketing or peer to peer marketing in order to publicize off-label use of Neurontin.

Response to Request No. 52:

In addition to the General Objections, Defendants object to Request No. 52 on the grounds that it is overly broad and unduly burdensome, including by requesting "all"

37

such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object to the Request to the extent that the phrases "peer marketing" and "peer to peer marketing" are vague and ambiguous.

Request No. 53:

All documents relating to physician visits by medical liaisons at which Neurontin was discussed.

Response to Request No. 53:

In addition to the General Objections, Defendants object to Request No. 53 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to Request No. 53 to the extent that it is not confined to off-label uses of Neurontin. Defendants further object on the grounds that they have already produced documents relating to Request No. 53.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, relating to visits by medical liaisons relating to the off-label use of Neurontin through December 31, 1998.

Request No. 54:

All documents relating to the content of information provided by medical liaisons at physician visits at which Neurontin was discussed.

Response to Request No. 54:

In addition to the General Objections, Defendants object to Request No. 54 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it is not confined to off-label uses of Neurontin, and is duplicative of other requests. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to Request No. 54 to the extent that in seeking all such documents without limitation, the request calls for the production of documents not relevant to this action. Defendants further object on the grounds that they have already produced documents relating to Request No. 54.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, relating to visits by medical liaisons relating to the off-label use of Neurontin through December 31, 1998.

Request No. 55:

All records in Defendants' sales call database that relates to calls on physicians by Defendants' representatives where Neurontin was discussed. The Response to this request should include all fields of the database for every record produced.

Response to Request No. 55:

In addition to the General Objections, Defendants object to Request No. 55 on the grounds that it is overly broad. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to Request No. 55 on the grounds that it is not confined to off-label uses of Neurontin.

39

Request No. 56:

All records in any database maintained by the Defendants that contains data regarding visits to physicians by Defendants sales personnel or marketing personnel or medical liaisons relating to meetings between Defendants' representatives and physicians at which Neurontin was discussed. The Response to this request should include all fields of the database for every record produced.

Response to Request No. 56:

In addition to the General Objections, Defendants object to Request No. 56 on the grounds that it is overly broad. Defendants further object on the grounds that it is not confined to off-label uses of Neurontin. Defendants further object on the grounds that it is vague and ambiguous to the extent it is not duplicative of Requests Nos. 53 through 55.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 57:

All documents relating to Events that presented information concerning the off-label use of Neurontin that were funded, directly or indirectly, by Defendants.

Response to Request No. 57:

In addition to the General Objections, Defendants object to Request No. 57 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it is not limited to documents from the relevant time period. Defendants further object on the grounds that they have already produced documents relating to Request No. 57.

40

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 58:

All documents relating to communications between the Identified Vendors or any other Vendor and the Defendants regarding the planning, production, funding, design, hosting, holding, management or occurrence of Events at which the off-label use of Neurontin was discussed.

Response to Request No. 58:

In addition to the General Objections, Defendants object to Request No. 58 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it is not limited to documents from the relevant time period. Defendants further object to Request No. 58 to the extent that it is unworkable in calling for documents regarding "Events at which the off-label use of Neurontin was discussed." Defendants further object on the grounds that they have already produced documents relating to Request No. 58.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

41

Request No. 59:

All documents relating to communications between the Defendants and any CME Provider regarding the planning, production, funding, design, hosting, holding, management or occurrence of Events at which the off-label use of Neurontin was discussed.

Response to Request No. 59:

In addition to the General Objections, Defendants object to Request No. 59 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it is not limited to documents from the relevant time period. Defendants further object to Request No. 59 to the extent that it is unworkable in calling for documents regarding "Events at which the off-label use of Neurontin was discussed." Defendants further object on the grounds that they have already produced documents relating to Request No. 59.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 60:

All documents relating to communications between any Vendor (including but not limited to, the Identified Vendors) and any third party (including, but not limited to, any CME provider) regarding the planning, production, funding, design, hosting, holding, or occurrence of Events at which the off-label use of Neurontin was discussed.

Response to Request No. 60:

In addition to the General Objections, Defendants object to Request No. 60 on the grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that it seeks information and documents that are more appropriately sought from other parties, and it is therefore unduly burdensome as posed to Defendants. Defendants further object on the grounds that it is not limited to documents from the relevant time period. Defendants further object to Request No. 60 to the extent that it is unworkable in calling for documents regarding "events at which the off-label use of Neurontin was discussed." Defendants further object on the grounds that they have already produced documents relating to Request No. 60.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 61:

All documents relating to communications between any Vendor, including, but not limited to, the Identified Vendors and the Defendants regarding payment of persons who would make presentations at Events at which the off-label use of Neurontin was discussed or was expected to be discussed.

Response to Request No. 61:

In addition to the General Objections, Defendants object to Request No. 61 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it is not limited to documents from the relevant time period and is duplicative of other requests. Defendants further object to Request No. 61 to the extent that it is unworkable in calling for

43

documents regarding "events at which the off-label use of Neurontin was discussed."

Defendants further object on the grounds that they have already produced documents

relating to Request No. 61.

Request No. 62:

All documents relating to communications between any Vendor, including, but not limited to, the Identified Vendors and the Defendants regarding the payment of, or the provision of Goods or Service of Value to persons who made presentations at Events at which the off-label use of Neurontin was discussed or was expected to be discussed.

Response to Request No. 62:

In addition to the General Objections, Defendants object to Request No. 62 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that it is not limited to

documents from the relevant time period, and is duplicative of other requests.

Defendants further object to Request No. 62 to the extent that it is unworkable in calling

for documents regarding "events at which the off-label use of Neurontin was discussed."

Defendants further object on the grounds that they have already produced documents

relating to Request No. 62.

Request No. 63:

All documents relating to communications between any Vendor, including, but not limited to, the Identified Vendors and the Defendants regarding payment of, or the provision of Goods or Service of Value to, persons who attended Events at which the off-label use of Neurontin was discussed or was expected to be discussed.

Response to Request No. 63:

In addition to the General Objections, Defendants object to Request No. 63 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that it is not limited to

documents from the relevant time period. Defendants further object to Request No. 63 to

the extent that it is unworkable in calling for documents regarding "events at which the

off-label use of Neurontin was discussed."

Request No. 64:

 All documents relating to communications between the Defendants and any
Vendor, including, but not limited to, the Identified Vendors regarding strategies and
tactics to expand off label use of Neurontin.

Response to Request No. 64:

 In addition to the General Objections, Defendants object to Request No. 64 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that it is not limited to

documents from the relevant time period. Defendants further object to the Request to the

extent that the phrase "strategies and tactics to expand off label use" is vague and

ambiguous.

Request No. 65:

 All documents relating to internal communications within the Defendants
regarding the payment of, or the provision of Goods or Service of Value to persons who
made presentations at Events at which the off-label use of Neurontin was discussed or
was expected to be discussed.

Response to Request No. 65:

 In addition to the General Objections, Defendants object to Request No. 65 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that it is not limited to

documents from the relevant time period, and is duplicative of other requests.

Defendants further object to Request No. 65 to the extent that it is unworkable in calling

45

for documents regarding "events at which the off-label use of Neurontin was discussed."

Defendants further object on the grounds that they have already produced documents

relating to Request No. 65.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 66:

All documents relating to internal communications within the Defendants
regarding payment of, or the provision of Goods or Service of Value to persons who
attended Events at which the off-label use of Neurontin was discussed or was expected to
be discussed.

Response to Request No. 66:

In addition to the General Objections, Defendants object to Request No. 66 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that it is not limited to

documents from the relevant time period, and is duplicative of other requests.

Defendants further object to Request No. 66 to the extent that it is unworkable in calling

for documents regarding "events at which the off-label use of Neurontin was discussed."

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

46

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 67:

      All documents relating to marketing strategies for Neurontin (whether at the national, regional or CBU level).

Response to Request No. 67:

      In addition to the General Objections, Defendants object to Request No. 67 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents.  Defendants further object on the grounds that request is not

limited to documents from the relevant time period.  Defendants further object to Request

No. 67 on the grounds that it is not confined to off-label uses of Neurontin.  Defendants

further object on the grounds that they have already produced documents relating to

Request No. 67.

      Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 68:

      All documents relating to tactical plans created to implement marketing strategies for Neurontin (whether at the national, regional or CBU level).

Response to Request No. 68:

      In addition to the General Objections, Defendants object to Request No. 68 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that request is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object to Request No. 68 on the grounds that it is not confined to off-label uses of Neurontin. Defendants further object on the grounds that they have already produced documents relating to Request No. 68.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 69:

All documents relating to any Vendors, including, but not limited to, the Identified Vendors' design, composition, assistance with, execution, drafting or revision of any Neurontin marketing strategy.

Response to Request No. 69:

In addition to the General Objections, Defendants object to Request No. 69 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that request is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object to Request No. 69 on the grounds that it is not confined to off-label uses of Neurontin. Defendants further object on the grounds that they have already produced documents relating to Request No. 69.

48

Request No. 70:

All documents relating to any Vendors, including, but not limited to, the Identified Vendors' design, composition, assistance with, execution, drafting or revision of any Neurontin tactical plan.

Response to Request No. 70:

In addition to the General Objections, Defendants object to Request No. 70 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that request is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object to Request No. 70 on the grounds that it is not confined to off-label uses of Neurontin. Defendants further object on the grounds that the phrase "tactical plan" is vague and ambiguous. Defendants further object on the grounds that they have already produced documents relating to Request No. 70.

Request No. 71:

All documents relating to any Vendors, including, but not limited to, the Identified Vendors' consultation with the Defendants regarding Neurontin's marketing plans, marketing strategies or marketing tactics.

Response to Request No. 71:

In addition to the General Objections, Defendants object to Request No. 71 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that request is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object to Request No. 71 on the grounds that it is not confined to off-label uses of Neurontin. Defendants further object on the grounds that they have already produced documents relating to Request No. 71.

Request No. 72:

All documents relating to any of the Identified Vendors' participation in the Neurontin Extended Disease Team.

Response to Request No. 72:

In addition to the General Objections, Defendants object to Request No. 72 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period or to documents relating to off-label uses of Neurontin. Defendants further object on the grounds that the phrase "participation in the Neurontin Extended Disease Team" is vague and ambiguous.

Request No. 73:

All documents relating to any communications from the Neurontin Extended Disease Team to any of the Identified Vendors.

Response to Request No. 73:

In addition to the General Objections, Defendants object to Request No. 73 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object to the Request to the extent that in seeking all such documents without limitation, the request calls for the production of documents not relevant to this action.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 74:

      All documents relating to any communications to the Neurontin Extended Disease
Team from any of the Identified Vendors.

Response to Request No. 74:

      In addition to the General Objections, Defendants object to Request No. 74 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that the request is not

limited to documents from the relevant time period, and is duplicative of other requests.

Defendants further object to the Request to the extent that in seeking all such documents

without limitation, the request calls for the production of documents not relevant to this

action.

      Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 75:

      All documents relating to proposals from any Vendor, including, but not limited
to, any of the Identified Vendors, to produce events, programs or educational materials
which described the use of Neurontin for off-label indications for the Defendants.

51

Response to Request No. 75:

In addition to the General Objections, Defendants object to Request No. 75 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object on the grounds that they have already produced documents relating to Request No. 75.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 76:

All documents relating to the content of events, programs or educational materials funded directly or indirectly by the Defendants that described the use of Neurontin for off-label indications, including, but not limited to all transcripts, audio tapes, videotapes, abstracts, summaries, synopses or computer generated presentations (such as Powerpoint).

Response to Request No. 76:

In addition to the General Objections, Defendants object to Request No. 76 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the grounds that they have already produced documents relating to Request No. 76.

52

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 77:

All documents relating to communications between Defendants and CME Providers regarding Defendants' participation in, or funding of, medical education programs that described Neurontin's use for off-label indications.

Response to Request No. 77:

In addition to the General Objections, Defendants object to Request No. 77 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object on the grounds that they have already produced documents relating to Request No. 77.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 78:

All documents relating to any event, medical education program or educational materials that describes Neurontin' s use for off-label indications that was funded, in whole or in part, by an unrestricted grant by Defendants.

<u>Response to Request No. 78</u>:

In addition to the General Objections, Defendants object to Request No. 78 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object on the grounds that they have already produced documents relating to Request No. 78.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

<u>Request No. 79</u>:

All documents relating to any proposal to produce an event, medical education program or educational materials that describes Neurontin's use for off-label indications that was funded, in whole or in part, by an unrestricted grant by Defendants.

<u>Response to Request No. 79</u>:

In addition to the General Objections, Defendants object to Request No. 79 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object on the grounds that the request is vague and ambiguous in seeking information about any "proposal" "that was funded … by Defendants."

Defendants further object on the grounds that they have already produced documents relating to Request No. 79.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 80:

All documents relating to any communications between the Defendants and the Identified Vendors regarding publicizing the off-label use of Neurontin.

Response to Request No. 80:

In addition to the General Objections, Defendants object to Request No. 80 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period, and is duplicative of other requests.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 81:

All documents relating to any "Consultants' Meeting" where physicians were retained as consultants to the Defendants and, as part of their consulting duties, were exposed to presentations that described Neurontin's use for off-label indications, including but not limited to:

a.    Documents that identify all attendees;

b.    Documents that identify all persons who made presentations regarding Neurontin's use for off-label indications;

c.    Documents that identify the compensation each "consultant" received;

d.    Documents that identify the compensation paid to each person who made a presentation regarding Neurontin's use for off-label indications;

e.    Documents that identify all expenses covered for "consultants" who attended the consultants' meetings;

f.    Documents that identify any other Goods or Service of Value provided to the consultants and/or to persons who made presentations regarding Neurontin' s use for off-label indications;

g.    Documents that evidence the content of the presentations made regarding Neurontin's use for off-label indications;

h.    Documents that evidence any slides shown at the consultants' meeting regarding Neurontin's use for off-label indications;

i.    Documents regarding any written materials that were distributed regarding Neurontin's use for off-label indications;

j.    Documents that identify any consultation the "consultants" provided to the Defendants;

k.    Documents that evidence any surveys, questionnaires, or similar documents filled out by the "consultants";

1.    Documents that evidence any effort or attempt by the Defendants to track whether the "consultants" attending the consultants' meeting changed their prescription writing behavior after the consultants' meeting.

Response to Request No. 81:

In addition to the General Objections, Defendants object to Request No. 81 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents.  Defendants further object on the grounds that the request is not

limited to documents from the relevant time period.  Defendants further object to Request

No. 81 to the extent that in seeking all such documents without limitation, the request

calls for the production of documents not relevant to this action. Defendants also object

on the grounds that the phrases "exposed to" and "as part of their consulting duties" are

vague and ambiguous. Defendants further object on the grounds that they have already

produced documents relating to Request No. 81.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 82:

All documents relating to any "Advisory Board Meeting" where physicians
attending for the purpose of advising the Defendants were exposed to presentations that
described Neurontin' s use for off-label indications, including but not limited to:

   a.    Documents that identify all attendees;

   b.    Documents that identify all persons who made presentations
regarding Neurontin's use for off-label indications;

   c.    Documents that identify the compensation each "advisor"
received;

   d.    Documents that identify the compensation paid to each person who
made a presentation regarding Neurontin's use for off-label indications;

   e.    Documents that identify all expenses covered for "advisors" who
attended the advisory board committee meetings;

   f.    Documents that identify any other Goods or Service of Value
provided to the "advisors" and/or to persons who made presentations
regarding Neurontin's use for off-label indications;

   g.    Documents that evidence the content of the presentations made
regarding Neurontin's use for off-label indications;

h.     Documents that evidence any slides shown at the advisory committee meeting regarding Neurontin's use for off-label indications;

i.     Documents regarding any written materials that were distributed regarding Neurontin's use for off-label indications;

j.     Documents that identify any advice the "advisors" provided to the Defendants;

k.     Documents that evidence any surveys, questionnaires, or similar documents filled out by the "advisors";

l.     Documents that evidence any effort or attempt by the Defendants to track whether the "advisors" attending the meeting changed their prescription writing behavior after the meeting.

Response to Request No. 82:

In addition to the General Objections, Defendants object to Request No. 82 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to Request No. 82 to the extent that in seeking all such documents without limitation, the request calls for the production of documents not relevant to this action. Defendants also object on the grounds that the phrase "exposed to" is vague and ambiguous. Defendants further object on the grounds that they have already produced documents relating to Request No. 82.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 83:

All documents relating to any "continuing medical education" program produced with an unrestricted grant from the Defendants or from funding otherwise provided by Defendants (either directly or indirectly) where presentations described Neurontin's use for off-label indications, including but not limited to:

a.      Documents that identify all attendees;

b.      Documents that identify all persons who made presentations regarding Neurontin's use for off-label indications;

c.      Documents that identify the compensation each attendee received;

d.      Documents that identify the compensation paid to each person who made a presentation regarding Neurontin's use for off-label indications;

e.      Documents that identify all expenses covered for attendees;

f.      Documents that identify any other Goods or Service of Value provided to the attendees and/or to persons who made presentations regarding Neurontin's use for off-label indications;

g.      Documents that evidence the content of the presentations made regarding Neurontin's use for off-label indications;

h.      Documents that evidence any slides shown at the continuing medical education program regarding Neurontin's use for off-label indications;

i.      Documents regarding any written materials that were distributed regarding Neurontin's use for off-label indications;

j.      Documents that evidence any effort or attempt by the Defendants to track whether the attendees changed their prescription writing behavior after the continuing medical education program.

Response to Request No. 83:

In addition to the General Objections, Defendants object to Request No. 83 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents. Defendants further object on the grounds that the request is not

limited to documents from the relevant time period. Defendants further object to Request

No. 83 to the extent that in seeking all such documents without limitation, the request

calls for the production of documents not relevant to this action.  Defendants also object

on the grounds that the phrase "exposed to" is vague and ambiguous.  Defendants further

object on the grounds that they have already produced documents relating to Request No.

83.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 84:

All documents relating to any Events not otherwise covered by Requests 81
through 83 which were produced with an unrestricted grant from the Defendants or from
funding otherwise provided by Defendants (either directly or indirectly) where
presentations described Neurontin' s use for off-label indications, including but not
limited to:

     a.     Documents that identify all attendees;

     b.     Documents that identify all persons who made presentations
regarding Neurontin's use for off-label indications;

     c.     Documents that identify the compensation each attendee received;

     d.     Documents that identify the compensation paid to each person who
made a presentation regarding Neurontin's use for off-label indications;

     e.     Documents that identify all expenses covered for attendees;

     f.     Documents that identify any other Goods or Service of Value
provided to the attendees and/or to persons who made presentations
regarding Neurontin's use for off-label indications;

     g.     Documents that evidence the content of the presentations made
regarding Neurontin's use for off-label indications;

h.      Documents that evidence any slides shown at the Events regarding Neurontin's use for off-label indications;

i.      Documents regarding any written materials that were distributed regarding Neurontin's use for off-label indications;

j.      Documents that evidence any effort or attempt by the Defendants to track whether the attendees changed their prescription writing behavior after the Events.

Response to Request No. 84:

In addition to the General Objections, Defendants object to Request No. 84 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to Request No. 84 to the extent that in seeking all such documents without limitation, the request calls for the production of documents not relevant to this action. Defendants also object on the grounds that the phrase "exposed to" is vague and ambiguous. Defendants further object on the grounds that they have already produced documents relating to Request No. 84.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 85:

All documents relating to communications between Defendants and the Identified Vendors regarding CME Providers available to, or committed to, present medical education programs that featured presentations regarding use of Neurontin for off-label indications.

61

Response to Request No. 85:

In addition to the General Objections, Defendants object to Request No. 85 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object to the Request to the extent that the phrase "featured" is vague and ambiguous.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 86:

All documents relating to communications between Defendants and CME Providers regarding proposed or actual Events at which off-label uses of Neurontin were discussed or were expected to be discussed.

Response to Request No. 86:

In addition to the General Objections, Defendants object to Request No. 86 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it is not limited to documents from the relevant time period. Defendants further object to Request No. 86 to the extent that it is unworkable in calling for documents regarding "events at which the off-label uses of Neurontin were discussed."

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 87:

All documents relating to communications between Defendants and CME Providers regarding the provision of unrestricted grants for proposed or actual Events at which off-label uses of Neurontin were discussed or were expected to be discussed.

Response to Request No. 87:

In addition to the General Objections, Defendants object to Request No. 87 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it is not limited to documents from the relevant time period. Defendants further object to Request No. 87 to the extent that it is unworkable in calling for documents regarding "events at which the off-label uses of Neurontin were discussed."

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 88:

All documents relating to a "strategic partnership," as that term is defined and used in the December 22, 1995 letter from Lany Perlow, between Physician's World and Defendants.

63

Response to Request No. 88:

In addition to the General Objections, Defendants object to Request No. 88 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that in seeking all such documents without limitation, the request calls for the production of documents not relevant to this action. Defendants further object on the grounds that the request does not describe the documents sought with reasonable particularity.

Request No. 89:

All documents relating to services performed by Physicians' World subsequent to December 22, 1995 with regard to the marketing of Neurontin.

Response to Request No. 89:

In addition to the General Objections, Defendants object to Request No. 89 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it is not limited to documents from the relevant time period. Defendants further object to the Request to the extent that in seeking all such documents without limitation, the request calls for the production of documents not relevant to this action. Defendants also object on the grounds that Request No. 89 is not confined to off-label uses of Neurontin.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 90:

All documents relating to Physician's World and Parke-Davis sharing employees, office space, telephone systems and telephone numbers or any other resources.

Response to Request No. 90:

In addition to the General Objections, Defendants object to Request No. 90 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to the Request to the extent that it calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that they have already produced documents relating to Request No. 90.

Request No. 91:

All documents relating to selection of speakers at Events funded directly or indirectly by Parke-Davis where presentations were given that described the use of Neurontin for off-label uses.

Response to Request No. 91:

In addition to the General Objections, Defendants object to Request No. 91 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the grounds that they have already produced documents relating to Request No. 91.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location,

65

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 92:

All documents relating to the home study program on pain which Physicians'
World worked on for Defendants, including, but not limited to:

a.    Documents relating to the purpose of the home study program;

b.    Documents relating to the expenses incurred in creating the
program and the payment for such expenses;

c.    Documents relating to the selection of the persons who authored
the program;

d.    Documents related to the distribution of the program;

e.    Documents that evidence the content of the program; and

f.    Documents that evidence any effort or attempt by the Defendants
to track whether persons who received the program changed their
prescription writing behavior after exposure to the program.

Response to Request No. 92:

In addition to the General Objections, Defendants object to Request No. 92 on the

grounds that the request is overly broad and unduly burdensome, including by requesting

"all" such documents.  Defendants further object on the grounds that the phrase "the

home study program on pain" is vague and ambiguous.  Defendants further object to the

Request to the extent that it is not limited to Neurontin.  Defendants further object on the

grounds that they have already produced documents relating to Request No. 92.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

66

for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 93:

All documents relating to the formation of Neurobehavioral Working Group.

Response to Request No. 93:

In addition to the General Objections, Defendants object to Request No. 93 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to the Request to the extent that it is not limited to Neurontin. Defendant also object to Request No. 93 on the basis that the phrase "the formation of Neurobehavioral Working Group" is vague and ambiguous.

Request No. 94:

All documents relating to any funding or financial support the Neurobehavioral Working Group has received from Defendants directly or indirectly.

Response to Request No. 94:

In addition to the General Objections, Defendants object to Request No. 94 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to the Request to the extent that it is not limited to Neurontin. Defendant also object to the Request on the grounds that the phrase "Neurobehavioral Working Group" is vague and ambiguous.

Request No. 95:

All documents relating to communications between the Neurobehavioral Working Group and the Defendants.

Response to Request No. 95:

In addition to the General Objections, Defendants object to Request No. 95 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendant also object to the Request on the grounds that the phrase "Neurobehavioral Working Group" is vague and ambiguous. Defendants further object to the Request to the extent that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 96:

All documents relating to communications between any of the Identified Vendors and the Defendants that reference the Neurobehavioral Working Group.

Response to Request No. 96:

In addition to the General Objections, Defendants object to Request No. 96 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendant also object to the Request on the grounds that the phrase "Neurobehavioral Working Group" is vague and ambiguous. Defendants further object to the Request to the extent that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 97:

All documents relating to the transfer, directly or indirectly, of any Goods or Service of Value from Defendants to the Neurobehavioral Working Group or any officer, agent, representative, employee or director of the Neurobehavioral Working Group.

Response to Request No. 97:

In addition to the General Objections, Defendants object to Request No. 97 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendant also object to the Request on the grounds that the phrase "Neurobehavioral Working Group" is vague and ambiguous. Defendants further object to the Request to the extent that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 98:

All documents relating to the Events identified in
a.    paragraphs 65, 75, 81, 86, 90, 91, 129, 135, 150, 170, 179 and 197 of the Amended Class Action Complaint; and

b.    paragraphs 68, 74 and 102 of the First Coordinated Amended Complaint.

Response to Request No. 98:

In addition to the General Objections, Defendants object to Request No. 98 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to the Request to the extent it is duplicative of other requests. Defendants further object on the grounds that they have already produced documents relating to Request No. 98.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

<u>Request No. 99</u>:

All documents relating to the creation, funding, distribution and presentation of a program called New Frontiers in Social Phobia and Bipolar Disorder.

<u>Response to Request No. 99</u>:

In addition to the General Objections, Defendants object to Request No. 99 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to the Request to the extent that it is not limited to Neurontin. Defendants further object on the grounds that they have already produced documents relating to Request No. 99.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

<u>Request No. 100</u>:

All documents relating to any workbooks or written materials that were created as part of an educational program entitled New Frontiers in Social Phobia and Bipolar Disorder.

Response to Request No. 100:

In addition to the General Objections, Defendants object to Request No. 100 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period, and is duplicative of

other requests. Defendants further object to the Request to the extent that it is not limited

to Neurontin. Defendants further object on the grounds that they have already produced

documents relating to Request No. 100.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 101:

All documents relating to any communications between Defendants and any
person who was involved in the creation, funding, organization or presentation of New
Frontiers in Social Phobia and Bipolar Disorder, or any workbooks or written materials
that were created in connection with said program.

Response to Request No. 101:

In addition to the General Objections, Defendants object to Request No. 101 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to Request No. 101 on the basis that the request is not limited to Neurontin.

71

Defendants further object to the Request to the extent that the request calls for documents

that are not relevant to the present litigation and are not reasonably calculated to lead to

the discovery of admissible evidence. Defendants further object on the grounds that they

have already produced documents relating to Request No. 101.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 102:

All documents relating to communications between Defendants and any
physicians who made presentations regarding Neurontin's use for off-label uses at any
Event funded directly or indirectly by the Defendants.

Response to Request No. 102:

In addition to the General Objections, Defendants object to Request No. 102 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to the Request to the extent that the request calls for documents that are not

relevant to the present litigation and are not reasonably calculated to lead to the discovery

of admissible evidence. Defendants further object on the grounds that they have already

produced documents relating to Request No. 102.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 103:

     All documents relating to communications between Defendants and any of the
Identified Physicians regarding Neurontin's use for off-label uses at any Event funded
directly or indirectly by the Defendants.

Response to Request No. 103:

     In addition to the General Objections, Defendants object to Request No. 103 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents.  Defendants further object on the grounds that the

request is not limited to documents from the relevant time period, and is duplicative of

other requests.  Defendants further object on the grounds that the phrase "use for off-label

uses at any Event" is vague and ambiguous.  Defendants further object on the grounds

that they have already produced documents relating to Request No. 103.

     Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 104:

     All documents relating to any payments by Defendants, whether made directly or
indirectly, to any speakers or physicians who made presentations regarding Neurontin's
use for off label uses at any Event funded directly or indirectly by the Defendants.

Response to Request No. 104:

In addition to the General Objections, Defendants object to Request No. 104 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object to the Request to the extent that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that they have already produced documents relating to Request No. 104.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 105:

All documents relating to any payments by Defendants, whether made directly or indirectly, to any of the Identified Physicians.

Response to Request No. 105:

In addition to the General Objections, Defendants object to Request No. 105 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to Request No. 105 on the basis that the request is not limited to Neurontin.

74

Defendants further object to the Request to the extent that the request calls for documents

that are not relevant to the present litigation and are not reasonably calculated to lead to

the discovery of admissible evidence. Defendants further object on the grounds that they

have already produced documents relating to Request No. 105.

Request No. 106:

All documents relating to any transfer of Goods or Service of Value from
Defendants, whether made directly or indirectly, to any speakers or physicians who made
presentations regarding Neurontin's use for off-label uses at any Event funded directly or
indirectly by the Defendants.

Response to Request No. 106:

In addition to the General Objections, Defendants object to Request No. 106 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to the Request to the extent that the request calls for documents that are not

relevant to the present litigation and are not reasonably calculated to lead to the discovery

of admissible evidence. Defendants further object on the grounds that they have already

produced documents relating to Request No. 106.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 107:

All documents relating to any transfer of Goods or Service of Value from Defendants, whether made directly or indirectly, to any of the Identified Physicians.

Response to Request No. 107:

In addition to the General Objections, Defendants object to Request No. 107 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to Request No. 107 on the basis that the request is not limited to Neurontin. Defendants further object to the Request to the extent that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that they have already produced documents relating to Request No. 107.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 108:

All documents relating to any exchange of information, test results, clinical study results, clinical trial results, articles, monographs, research proposals, research results, abstracts, grant applications or data relating to off-label use of Neurontin between Defendants and physicians conducting research on Neurontin.

76

Response to Request No. 108:

In addition to the General Objections, Defendants object to Request No. 108 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to the Request to the extent that it is duplicative of other requests. Defendants further object on the grounds that they have already produced documents relating to Request No. 108.

Request No. 109:

All documents relating to any exchange of information, test results, clinical study results, clinical trial results, articles, monographs, research proposals, research results, abstracts, grant applications or data relating to off-label use of Neurontin between Defendants and speakers or physicians who made presentations regarding Neurontin's use for off-label uses at any Event funded directly or indirectly by the Defendants.

Response to Request No. 109:

In addition to the General Objections, Defendants object to Request No. 109 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to the Request to the extent that it is duplicative of other requests. Defendants further object on the grounds that they have already produced documents relating to Request No. 109.

Request No. 110:

All documents relating to any exchange of information, test results, clinical study results, clinical trial results, articles, monographs, research proposals, research results,

abstracts, grant applications or data relating to off-label use of Neurontin between
Defendants and any of the Identified Doctors.

Response to Request No. 110:

In addition to the General Objections, Defendants object to Request No. 110 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to the Request to the extent that it is duplicative of other requests. Defendants

further object on the grounds that they have already produced documents relating to

Request No. 110.

Request No. 111:

All documents relating to any communications between the Defendants and the
authors of a published article, published letter, poster or abstract that concerns any off-
label use of Neurontin.

Response to Request No. 111:

In addition to the General Objections, Defendants object to Request No. 111 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to the Request to the extent that it is duplicative of other requests. Defendants

further object on the grounds that they have already produced documents relating to

Request No. 111.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

78

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 112:

All documents relating to any communications between the Defendants and the Identified Physicians.

Response to Request No. 112:

In addition to the General Objections, Defendants object to Request No. 112 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to Request No. 112 on the basis that in seeking all such documents without

limitation, the request calls for the production of documents not relevant to this action.

Defendants further object to the Request to the extent that it is not limited to Neurontin.

Defendants further object on the grounds that they have already produced documents

relating to Request No. 112.

Request No. 113:

All documents relating to any communications between the Defendants and speakers or physicians who made presentations regarding Neurontin's use for off-label uses at any Event funded directly or indirectly by the Defendants.

Response to Request No. 113:

In addition to the General Objections, Defendants object to Request No. 113 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to Request No. 113 on the basis that in seeking all such documents without

limitation, the request calls for the production of documents not relevant to this action.

Defendants further object to the Request to the extent that it is duplicative of other

requests. Defendants further object on the grounds that they have already produced

documents relating to Request No. 113.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 114:

All documents relating to any grants made to physicians by the Defendants with
funds that were derived from any budget related to Neurontin.

Response to Request No. 114:

In addition to the General Objections, Defendants object to Request No. 114 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to the Request to the extent that the phrase "derived from" is vague and

ambiguous. Defendants further object on the grounds that the request is not limited to

off-label uses of Neurontin. Defendants further object on the grounds that it is

80

duplicative of other requests. Defendants further object on the grounds that they have already produced documents relating to Request No. 114.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

<u>Request No. 115</u>:

All documents relating to any grants by the Defendants made to any person in connection with Neurontin use or research on Neurontin.

<u>Response to Request No. 115</u>:

In addition to the General Objections, Defendants object to Request No. 115 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period, and is duplicative of other requests. Defendants further object to Request No. 115 on the basis that the request is not limited to off-label uses of Neurontin. Defendants further object on the grounds that they have already produced documents relating to Request No. 115.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 116:

All documents relating to communications between Defendants and the recipients of any grants that were made in connection with Neurontin use or research on Neurontin, or paid, directly or indirectly, from funds the Defendants budgeted for Neurontin marketing.

Response to Request No. 116:

In addition to the General Objections, Defendants object to Request No. 116 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to Request No. 116 on the basis that in seeking all such documents without limitation, the request calls for the production of documents not relevant to this action. Defendants further object to the Request to the extent that it is duplicative of other requests. Defendants also object on the grounds that the request is not limited to off-label uses of Neurontin. Defendants further object on the grounds that they have already produced documents relating to Request No. 116.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 117:

All documents relating to drafts and revisions of articles or abstracts relating to Neurontin that Defendants reviewed prior to the articles' or abstracts' publication.

82

Response to Request No. 117:

In addition to the General Objections, Defendants object to Request No. 117 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period, and is duplicative of

other requests. Defendants further object to Request No. 117 on the basis that in seeking

all such documents without limitation, the request calls for the production of documents

not relevant to this action. Defendants further object to the Request to the extent that it is

not limited to the off-label uses of Neurontin.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 118:

All documents relating to communications between the Defendants and any third
parties retained by Defendants to assist potential authors of articles or abstracts relating to
Neurontin.

Response to Request No. 118:

In addition to the General Objections, Defendants object to Request No. 118 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to Request No. 118 on the basis that in seeking all such documents without

83

limitation, the request calls for the production of documents not relevant to this action.

Defendants further object to the Request to the extent that it is not limited to the off-label

uses of Neurontin. Defendants further object on the grounds that the phrase "retained by

Defendants to assist" is vague and ambiguous. Defendants further object on the grounds

that they have already produced documents relating to Request No. 118.

Request No. 119:

    All documents relating to any expenditures by Defendants to provide technical
writers to assist in the creation of medical articles relating to Neurontin.

Response to Request No. 119:

    In addition to the General Objections, Defendants object to Request No. 118 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to Request No. 118 on the basis that in seeking all such documents without

limitation, the request calls for the production of documents not relevant to this action.

Defendants further object to the Request to the extent that it is not limited to the off-label

uses of Neurontin. Defendants further object on the grounds that the phrase "to provide

technical writers to assist" is vague and ambiguous.

Request No. 120:

    Documents sufficient to establish which published articles concerning Neurontin
were funded or supported, directly or indirectly, by Defendants.

Response to Request No. 120:

    In addition to the General Objections, Defendants object to Request No. 120 on

the grounds that it is not limited to documents from the relevant time period. Defendants

further object on the grounds that the request is duplicative of other requests. Defendants

further object on the grounds that the phrase "supported, directly or indirectly, by" is

vague and ambiguous. Defendants further object to Request No. 120 on the grounds that

the request is not limited to off-label uses of Neurontin.

Request No. 121:

        All records in any of Defendants' databases, including, but not limited to, the
Parke-Davis APT database, relating to any payment from Defendants to any author of an
article, published letter or abstract that relates to Neurontin. However, for this request it is
not necessary to produce records relating to authors who were employees of the
Defendants during the time such authors were employed. The Response to this request
should include all fields of the database for every record produced.

Response to Request No. 121:

        In addition to the General Objections, Defendants object to Request No. 121 on

the grounds that the request is overly broad in requesting "all" such records. Defendants

further object on the grounds that the request is not limited to documents from the

relevant time period, and that it is duplicative of other requests. Defendants further

object to Request No. 121 on the grounds that the request is not limited to off-label uses

of Neurontin.

Request No. 122:

        All records in any of Defendants' databases, including, but not limited to, the
Parke-Davis APT database, relating to all payments from Defendants, directly or
indirectly, to any of Identified Physicians. The Response to this request should include all
fields of the database for every record produced.

Response to Request No. 122:

        In addition to the General Objections, Defendants object to Request No. 122 on

the grounds that the request is overly broad and unduly burdensome. Defendants further

object on the grounds that the request is not limited to documents from the relevant time

period. Defendants further object to Request No. 122 on the grounds that the request is

not limited to off-label uses of Neurontin.

Request No. 123:

All documents relating to communications regarding the placement of articles or
abstracts relating to Neurontin by non-employees of the Defendants in medical journals.

Response to Request No. 123:

In addition to the General Objections, Defendants object to Request No. 123 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object on the basis that the phrase "the placement of" is vague and ambiguous.

Defendants further object to Request No. 123 on the grounds that the request is not

limited to off-label uses of Neurontin.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 124:

All documents relating to any publication strategy with regard to Neurontin
considered, adopted, executed, funded, proposed or rejected by Defendants.

Response to Request No. 124:

In addition to the General Objections, Defendants object to Request No. 124 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to Request No. 124 on the grounds that the request is not limited to off-label uses of Neurontin. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 125:

All documents relating to any plans, programs, or efforts to encourage or assist physicians to write articles, published letters, posters or abstracts regarding Neurontin use.

Response to Request No. 125:

In addition to the General Objections, Defendants object to Request No. 125 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the basis that the phrase "efforts to encourage or assist" is vague and ambiguous. Defendants further object to Request No. 125 on the grounds that the request is not limited to off-label uses of Neurontin. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 126:

All documents relating to any plans or programs to encourage or assist physicians
to instruct, make presentations to, advise, champion, or otherwise speak to other
physicians about Neurontin use.

Response to Request No. 126:

In addition to the General Objections, Defendants object to Request No. 126 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object on the basis that the phrase "to encourage or assist" is vague and ambiguous.

Defendants further object to Request No. 126 on the grounds that the request is not

limited to off-label uses of Neurontin. Defendants further object on the grounds that they

have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 127:

All documents relating to any studies of Neurontin conducted or proposed by Dr. Kenneth Gorson.

Response to Request No. 127:

In addition to the General Objections, Defendants object to Request No. 127 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the basis that the request is duplicative of other requests. Defendants further object to Request No. 127 on the grounds that the request is not limited to off-label uses of Neurontin. Defendants further object on the grounds that they have already produced documents responsive to the request.

Request No. 128:

All documents relating to any article or abstract written by Dr. Kenneth Gorson concerning his research on Neurontin, including any drafts of any such articles or abstracts.

Response to Request No. 128:

In addition to the General Objections, Defendants object to Request No. 128 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the basis that the request is duplicative of other requests. Defendants further object to Request No. 128 on the grounds that the request is not limited to off-label uses

of Neurontin. Defendants further object on the grounds that they have already produced

documents responsive to the request.

Request No. 129:

All documents relating to any payments Dr. Kenneth Gorson received directly or indirectly from the Defendants.

Response to Request No. 129:

In addition to the General Objections, Defendants object to Request No. 129 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object on the basis that the request is duplicative of other requests. Defendants further

object to Request No. 129 on the grounds that the request is not limited to off-label uses

of Neurontin.

Request No. 130:

All documents relating to any studies of Neurontin conducted or proposed by Dr. Bruce Ehrenberg.

Response to Request No. 130:

In addition to the General Objections, Defendants object to Request No. 130 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object on the basis that the request is duplicative of other requests. Defendants further

object to Request No. 130 on the grounds that the request is not limited to off-label uses

of Neurontin.  Defendants further object on the grounds that they have already produced

documents responsive to the request.

Request No. 131:

All documents relating to any article or abstract written by Dr. Bruce Ehrenberg
concerning his research on Neurontin, including any drafts of any such articles or
abstracts.

Response to Request No. 131:

In addition to the General Objections, Defendants object to Request No. 131 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents.  Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object on the basis that the request is duplicative of other requests.  Defendants further

object to Request No. 131 on the grounds that the request is not limited to off-label uses

of Neurontin.  Defendants further object on the grounds that they have already produced

documents responsive to the request.

Request No. 132:

All documents relating to any payments Dr. Bruce Ehrenberg received directly or
indirectly from the Defendants.

Response to Request No. 132:

In addition to the General Objections, Defendants object to Request No. 132 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents.  Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object on the basis that the request is duplicative of other requests.  Defendants further

91

object to Request No. 132 on the grounds that the request is not limited to off-label uses

of Neurontin.

Request No. 133:

All documents relating to any studies of Neurontin referenced on the three page table produced by the Defendants with Bates Numbers X005087 - X005089.

Response to Request No. 133:

In addition to the General Objections, Defendants object to Request No. 133 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is duplicative of other requests. Defendants further object on the grounds that they have

already produced documents responsive to the request.

Request No. 134:

All documents relating to any articles or abstracts describing the Neurontin studies referenced on the three page table produced by the Defendants with Bates Numbers X005087 X005089, including any drafts of any such articles or abstracts.

Response to Request No. 134:

In addition to the General Objections, Defendants object to Request No. 134 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is duplicative of other requests. Defendants further object on the grounds that they have

already produced documents responsive to the request.

Request No. 135:

All documents relating to any payments made to physicians in connection with the Neurontin studies referenced on the three page table produced by the Defendants with Bates Numbers X005087 - X005089.

Response to Request No. 135:

In addition to the General Objections, Defendants object to Request No. 135 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 136:

All documents relating to the efficacy or inefficacy of Neurontin for the treatment of any pain syndrome.

Response to Request No. 136:

In addition to the General Objections, Defendants object to Request No. 136 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 137:

All documents relating to the efficacy or inefficacy of Neurontin for the treatment of any psychiatric syndrome.

Response to Request No. 137:

In addition to the General Objections, Defendants object to Request No. 137 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 138:

All documents relating to the efficacy or inefficacy of Neurontin for the treatment of migraine.

Response to Request No. 138:

In addition to the General Objections, Defendants object to Request No. 138 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 139:

All documents relating to the efficacy or inefficacy of Neurontin for the treatment of social phobia.

Response to Request No. 139:

In addition to the General Objections, Defendants object to Request No. 139 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 140:

All documents relating to the efficacy or inefficacy of Neurontin for the treatment of anxiety disorder.

94

Response to Request No. 140:

In addition to the General Objections, Defendants object to Request No. 140 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 141:

All documents relating to the efficacy or inefficacy of Neurontin for the treatment of any bipolar disorder.

Response to Request No. 141:

In addition to the General Objections, Defendants object to Request No. 141 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 142:

All documents relating to the efficacy or inefficacy of Neurontin for the treatment of restless leg syndrome.

Response to Request No. 142:

In addition to the General Objections, Defendants object to Request No. 142 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 143:

All documents relating to the efficacy or inefficacy of Neurontin for the treatment of RSD.

Response to Request No. 143:

In addition to the General Objections, Defendants object to Request No. 143 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 144:

All documents relating to the efficacy or inefficacy of Neurontin for the treatment of panic disorder.

Response to Request No. 144:

In addition to the General Objections, Defendants object to Request No. 144 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 145:

All documents relating to the efficacy or inefficacy of Neurontin for the treatment of sleep disorders.

Response to Request No. 145:

In addition to the General Objections, Defendants object to Request No. 145 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 146:

All documents relating to the efficacy or inefficacy of Neurontin at doses greater that 1800 mgs/day.

Response to Request No. 146:

In addition to the General Objections, Defendants object to Request No. 146 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 147:

All documents relating to the efficacy or inefficacy of Neurontin as a monotherapy for the treatment of epilepsy.

Response to Request No. 147:

In addition to the General Objections, Defendants object to Request No. 147 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 148:

All verbatim reports for Neurontin.

Response to Request No. 148:

In addition to the General Objections, Defendants object to Request No. 148 on the grounds that it is not limited to documents from the relevant time period. Defendants further object on the grounds the request is duplicative of other requests. Defendants further object to the Request to the extent that it is not confined to off-label uses of Neurontin. Defendants further object on the grounds that the phrase "verbatim reports" is vague and ambiguous. Defendants further object on the grounds that such documents may be obtained from third parties.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 149:

All reports from Scott-Levin or Verispan, LLC which include comments by
physicians on sales calls or presentations relating to Neurontin.

Response to Request No. 149:

In addition to the General Objections, Defendants object to Request No. 149 on

the grounds that it is not limited to documents from the relevant time period. Defendants

further object on the grounds the request is duplicative of other requests. Defendants

further object to the Request to the extent that it is not confined to off-label uses of

Neurontin. Defendants further object on the grounds that such documents may be

obtained from third parties. Defendants further object on the grounds that they have

already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents including verbatims, to the extent they exist, from the files of those

persons responsible for the marketing of Neurontin, relating to the off-label use of

Neurontin through December 31, 1998.

98

Request No. 150:

All documents relating to any review, analysis or critique of data contained within verbatim reports on Neurontin or other reports Scott-Levin or Verispan, LLC which include comments by physicians on sales calls or presentations relating to Neurontin.

Response to Request No. 150:

In addition to the General Objections, Defendants object to Request No. 150 on the grounds that it is not limited to documents from the relevant time period. Defendants further object on the grounds the request is duplicative of other requests. Defendants further object to the Request to the extent that it is not confined to off-label uses of Neurontin. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, including verbatims, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 151:

All data, whether generated by Defendants or purchased from third parties, which reports on:

a.      individual physicians who prescribe Neurontin;

b.      changes in physicians' prescribing patterns for Neurontin;

c.      uses for which Neurontin is prescribed;

d.      type of physicians and specialists that prescribe Neurontin;

e.      percentage of Neurontin prescribed by different medical specialties;

f.      percentage of Neurontin prescribed for off-label use;

g.    total volume of Neurontin prescriptions (in dollars and in terms of numbers of prescriptions);

h.    volume of Neurontin prescriptions for various uses (in dollars and in terms of numbers of prescriptions).

Response to Request No. 151:

In addition to the General Objections, Defendants object to Request No. 151 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all data." Defendants further object on the basis that the request is duplicative of other requests. Defendants further object on the grounds that they have already produced documents responsive to the request. Defendants further object on the grounds that such documents and information are more appropriately sought from third parties. Defendants further object on the grounds that the request is not limited to documents from the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 152:

All documents relating to any reports or analysis of any of the data requested in Request 151.

Response to Request No. 152:

In addition to the General Objections, Defendants object to Request No. 152 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request

is duplicative of other requests. Defendants further object on the grounds that they have

already produced documents responsive to the request. Defendants further object on the

grounds that the request is not limited to documents from the relevant time period.

Request No. 153:

     All documents relating to any communications between the Defendants and
MICROMEDEX, relating to any citation in the DRUGDEX compendium relating to the
off-label use of Neurontin.

Response to Request No. 153:

     In addition to the General Objections, Defendants object to Request No. 153 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request seeks information not relevant to this action and not reasonably calculated to lead

to the discovery of admissible evidence. Defendants further object on the grounds that

the request is not limited to documents from the relevant time period.

Request No. 154:

     Documents sufficient to show the identity of any employee of Defendants who
was a member of the DRUGDEX System editorial board.

Response to Request No. 154:

     In addition to the General Objections, Defendants further object to Request No.

154 on the grounds that it seeks information neither relevant to this action nor likely to

lead to discovery of admissible evidence. Defendants further object on the request is not

limited to documents from the relevant time period. Defendants further object on the

grounds that it seeks information and documents that are more appropriately sought from

other parties, and is therefore unduly burdensome as posed to Defendants. Defendants

further object to the extent that it seeks information not within the possession, custody or control of Defendants.

Request No. 155:

Documents sufficient to show the identities of any person known to Defendants who forwarded to, submitted to, or brought to the attention of MICROMEDEX information relating to Neurontin's use for off-label uses.

Response to Request No. 155:

In addition to the General Objections, Defendants further object to Request No. 155 on the grounds that it seeks information neither relevant to this action nor likely to lead to discovery of admissible evidence. Defendants further object on the request is not limited to documents from the relevant time period. Defendants further object on the grounds that it seeks information and documents that are more appropriately sought from other parties, and is therefore unduly burdensome as posed to Defendants. Defendants further object to the extent that it seeks information not within the possession, custody or control of Defendants.

Request No. 156:

Documents sufficient to show the identities of all persons known to Defendants who consulted for, were retained by, or who performed editorial duties on behalf of MICROMEDEX relating to the Neurontin Drug Evaluation.

Response to Request No. 156:

In addition to the General Objections, Defendants further object to Request No. 156 on the grounds that it seeks information neither relevant to this action nor likely to lead to discovery of admissible evidence. Defendants further object on the request is not limited to documents from the relevant time period. Defendants further object on the grounds that it seeks information and documents that are more appropriately sought from

102

other parties, and is therefore unduly burdensome as posed to Defendants. Defendants

further object to the extent that it seeks information not within the possession, custody or

control of Defendants.

Request No. 157:

All documents relating to communications or correspondence between (a)
MICROMEDEX, on one hand, and (b) Defendants on the other hand, which relate to this
Proceeding, or any other legal proceeding, civil or criminal, relating to the marketing of
Neurontin.

Response to Request No. 157:

In addition to the General Objections, Defendants further object to Request No.

157 on the grounds that it seeks information neither relevant to this action nor likely to

lead to discovery of admissible evidence. Defendants further object on the grounds that

the request is overly broad and unduly burdensome, including by requesting "all" such

documents. Defendants further object on the request is not limited to documents from the

relevant time period. Defendants further object to the extent the request calls for

information protected by the attorney-client privilege.

Request No. 158:

All documents relating to information forwarded to, submitted to, or brought to
the attention of MICROMEDEX relating to any off-label use of Neurontin, including all
correspondence, journal articles, and case study reports.

Response to Request No. 158:

In addition to the General Objections, Defendants further object to Request No.

158 on the grounds that it seeks information neither relevant to this action nor likely to

lead to discovery of admissible evidence. Defendants further object on the grounds that

the request is overly broad and unduly burdensome, including by requesting "all" such

documents. Defendants further object on the request is not limited to documents from the

relevant time period.  Defendants further object on the grounds that it seeks information

and documents that are more appropriately sought from other parties, and is therefore

unduly burdensome as posed to Defendants.  Defendants further object to the extent that

it seeks information not within the possession, custody or control of Defendants.

Request No. 159:

All documents relating to communications or correspondence between (a)
MICROMEDEX or the DRUGDEX Division, on the one hand, and (b) Defendants on the
other hand, which relate to or discuss any off-label use for Neurontin.

Response to Request No. 159:

In addition to the General Objections, Defendants further object to Request No.

159 on the grounds that it seeks information neither relevant to this action nor likely to

lead to discovery of admissible evidence.  Defendants further object on the grounds that

the request is overly broad and unduly burdensome, including by requesting "all" such

documents.  Defendants further object on the request is not limited to documents from the

relevant time period, and is duplicative of other requests.  Defendants further object on

the grounds that it seeks information and documents that are more appropriately sought

from other parties, and is therefore unduly burdensome as posed to Defendants.

Defendants further object to the extent that it seeks information not within the possession,

custody or control of Defendants.

Request No. 160:

All copies of the Neurontin Drug Evaluation whether in hardcopy form, electronic
form or otherwise, including, but not limited to all quarterly iterations.

Response to Request No. 160:

Defendants object to Request No. 160 on the grounds that it is overly broad. Defendants further object on the grounds that it seeks information and documents that are more appropriately sought from other parties, and is therefore unduly burdensome as posed to Defendants. Defendants further object to the extent that it seeks documents not within the possession, custody, or control of Defendants. Defendants further object on the grounds that it calls for documents from outside the relevant time period.

Request No. 161:

All documents relating to any interpretations, analyses or critiques of any clinical trials which concerned any off-label use of Neurontin.

Response to Request No. 161:

In addition to the General Objections, Defendants object to Request No. 161 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests. Defendants further object on the grounds that the phrase "interpretations, analyses, or critiques" is vague and ambiguous.

Request No. 162:

All documents relating to any meta-analysis performed relating to any off-label use of Neurontin.

Response to Request No. 162:

In addition to the General Objections, Defendants object to Request No. 162 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the phrase "meta-analysis" is vague and ambiguous.

105

Request No. 163:

All documents relating to any epidemiological studies concerning any off-label use of Neurontin.

Response to Request No. 163:

In addition to the General Objections, Defendants object to Request No. 163 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the phrase "epidemiological studies" is vague and ambiguous in this context. Defendants further object on the grounds that it is duplicative of other requests.

Request No. 164:

All documents created at any time relating to any clinical testing of Neurontin as a treatment for migraine or migraine prophylaxis.

Response to Request No. 164:

In addition to the General Objections, Defendants object to Request No. 164 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Request No. 165:

All documents that were submitted to the FDA in furtherance of NDA 20-235 that relate to Neurontin administration to migraine patients.

Response to Request No. 165:

In addition to the General Objections, Defendants object to Request No. 165 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request

106

is duplicative of other requests. Defendants further object to Request No. 165 on the grounds that the phrase "in furtherance of NDA 20-235" is vague and ambiguous. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce for inspection and copying, at a mutually convenient time and location, the NDAs for Neurontin.

Request No. 166:

All documents relating to any interpretation, analysis or critique of clinical trial 945-82.

Response to Request No. 166:

In addition to the General Objections, Defendants object to Request No. 166 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests. Defendants further object on the grounds that the term "interpretation, analysis or critique" is vague and ambiguous in this context.

Request No. 167:

All documents relating to any interpretation, analysis or critique of clinical trial 945-177.

Response to Request No. 167:

In addition to the General Objections, Defendants object to Request No. 167 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request

107

is duplicative of other requests.  Defendants further object on the grounds that the term

"interpretation, analysis or critique" is vague and ambiguous in this context.

Request No. 168:

All documents created at any time relating to whether or not there is a
proportionality between the amount of a dose of gabapentin and the amount absorbed by
the subject who has taken the drug.

Response to Request No. 168:

In addition to the General Objections, Defendants object to Request No. 169 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents.  Defendants further object on the grounds that this

Request is vague and ambiguous.

Request No. 169:

All documents relating to whether increasing the dosage of gabapentin results in
more of the drug being absorbed by the human body.

Response to Request No. 169:

In addition to the General Objections, Defendants object to Request No. 169 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents.  Defendants further object on the basis that the request

is duplicative of other requests.  Defendants further object on the grounds that it fails to

describe the documents sought with reasonable particularity.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, for inspection and copying, at a mutually

convenient time and location, the Neurontin NDAs and INDs, as well as research reports

relating to Neurontin.

Request No. 170:

All documents relating to whether Neurontin exhibits dose related responses in humans for dosages greater than 1800 mg per day.

Response to Request No. 170:

In addition to the General Objections, Defendants object to Request No. 170 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests. Defendants further object on the grounds that it fails to describe the documents sought with reasonable particularity.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, for inspection and copying, at a mutually convenient time and location, the Neurontin NDAs and INDs, as well as research reports relating to Neurontin.

Request No. 171:

All documents relating to communications between Defendants and the FDA regarding use of Neurontin at dosages in excess of 1800 mg per day.

Response to Request No. 171:

In addition to the General Objections, Defendants object to Request No. 171 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, for inspection and copying, at a mutually convenient time and location, the Neurontin NDAs and INDs.

109

Request No. 172:

All documents relating to any public statement by Defendants that Parke-Davis had applied to the FDA for approval of Neurontin as monotherapy for epilepsy and its application had been denied.

Response to Request No. 172:

In addition to the General Objections, Defendants object to Request No. 172 on the grounds that it seeks information that is not relevant to this action nor likely to lead to discovery of admissible evidence. Defendants further object on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is not limited to documents from the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 173:

All documents relating to any public statement by Defendants that Parke-Davis had applied to the FDA to change the labeling for Neurontin to increase its maximum effective dosage and its application had been denied.

Response to Request No. 173:

In addition to the General Objections, Defendants object to Request No. 173 on the grounds that it seeks information that is not relevant to this action nor likely to lead to discovery of admissible evidence. Defendants further object on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such

110

documents. Defendants further object on the basis that the request is not limited to

documents from the relevant time period.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 174:

All documents relating to any analysis performed by Defendants to determine
whether visits by medical liaisons to physicians increased the amount of Neurontin
prescriptions written by those physicians.

Response to Request No. 174:

In addition to the General Objections, Defendants object to Request No. 174 on

the grounds that the request calls for documents that are not relevant to the present

litigation and are not reasonably calculated to lead to the discovery of admissible

evidence. Defendants further object on the grounds that the request is overly broad and

unduly burdensome, including by requesting "all" such documents. Defendants further

object on the basis that the request is not limited to documents from the relevant time

period. Defendants further object on the grounds that they have already produced

documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the use of medical liaisons regarding the off-

label uses of Neurontin through December 31, 1998.

Request No. 175:

 All documents relating to the data reviewed or analyzed by Defendants to
determine whether visits by medical liaisons to physicians increased the amount of
Neurontin prescriptions written by those physicians.

Response to Request No. 175:

 In addition to the General Objections, Defendants object to Request No. 175 on

the grounds that the request calls for documents that are not relevant to the present

litigation and are not reasonably calculated to lead to the discovery of admissible

evidence.  Defendants further object on the grounds that the request is overly broad and

unduly burdensome, including by requesting "all" such documents.  Defendants further

object on the basis that the request is not limited to documents from the relevant time

period.  Defendants further object on the grounds that they have already produced

documents responsive to the request.  Defendants further object on the grounds that the

request, in calling for documents "related to the data reviewed or analyzed" fails to

describe the documents with reasonable particularity.

 Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the use of medical liaisons regarding the off-

label uses of Neurontin through December 31, 1998.

112

Request No. 176:

All documents relating to any efforts by Defendants to track the Neurontin prescribing behavior of physicians who had been visited by a medical liaison.

Response to Request No. 176:

In addition to the General Objections, Defendants object to Request No. 176 on

the grounds that the request calls for documents that are not relevant to the present

litigation and are not reasonably calculated to lead to the discovery of admissible

evidence. Defendants further object on the grounds that the request is overly broad and

unduly burdensome, including by requesting "all" such documents. Defendants further

object on the basis that the request is not limited to documents from the relevant time

period. Defendants further object on the grounds that they have already produced

documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the use of medical liaisons regarding the off-

label uses of Neurontin through December 31, 1998.

Request No. 177:

All documents relating to any efforts by Defendants to track the Neurontin prescribing behavior of physicians who had attended any Event funded, directly or indirectly, by Defendants at which off-label usage of Neurontin was discussed.

Response to Request No. 177:

In addition to the General Objections, Defendants object to Request No. 177 on

the grounds that the request is overly broad and unduly burdensome, including by

113

requesting "all" such documents. Defendants further object on the basis that the request

is not limited to documents from the relevant time period. Further, Defendants object on

the grounds that the request is duplicative of other requests. Defendants also object to the

request on the grounds that it is unworkable in calling for documents regarding all events

"at which off-label usage of Neurontin was discussed." Defendants further object on the

grounds that they have already produced documents responsive to the request.

Request No. 178:

All records in any database maintained by the Defendants which contains
information regarding the Neurontin prescribing history of individual physicians, whether
such records were generated by Defendants or purchased from third parties. The
Response to this request should include all fields of the database for every record
produced.

Response to Request No. 178:

In addition to the General Objections, Defendants object to Request No. 178 on

the grounds that the request calls for documents that are not relevant to the present

litigation and are not reasonably calculated to lead to the discovery of admissible

evidence. Defendants further object on the grounds that the request is overly broad in

requesting "all" such records. Defendants further object on the basis that the request is

not limited to documents from the relevant time period and is not confined to off-label

uses of Neurontin. Defendants further object on the grounds that the request seeks

documents available from third parties.

Request No. 179:

All records relating to Neurontin prescriptions in the database that contains
"physician-level prescription data." This database was referenced by James Murray on
pages 74-75 in his March 29, 2002 deposition in the action United States ex. rel. Franklin
v. Parke-Davis, No. 96-11651-PBS, United States District Court for the District of

114

Massachusetts. The Response to this request should include all fields of the database for every record produced.

Response to Request No. 179:

In addition to the General Objections, Defendants object to Request No. 179 on the grounds that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that the request is overly broad in requesting "all" such records. Defendants further object on the basis that the request is not limited to documents from the relevant time period or to the off-label uses of Neurontin.

Request No. 180:

All documents relating to the studies identified in paragraph 229 of the Amended Class Complaint, including, but not limited to all documents that identify payments made in connection with the identified studies.

Response to Request No. 180:

In addition to the General Objections, Defendants object to Request No. 180 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests. Defendants further object on the grounds that they have already produced documents responsive to the request.

Request No. 181:

All documents relating to Defendants' decision to initiate the STEPS study of Neurontin.

Response to Request No. 181:

In addition to the General Objections, Defendants object to Request No. 181 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is duplicative of other requests. Defendants further object on the grounds that, in seeking

documents "relating to Defendants' decision" the request fails to describe the documents

with reasonable particularity.

Request No. 182:

All documents relating to the STEPS study of Neurontin that were generated by
Parke-Davis's marketing department.

Response to Request No. 182:

In addition to the General Objections, Defendants object to Request No. 182 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is duplicative of other requests. Defendants further object on the grounds that they have

already produced documents responsive to the request.

Request No. 183:

All documents relating to efforts by Defendants to track the prescription writing
practices of physicians enrolled as "investigators" in the STEPS study of Neurontin.

Response to Request No. 183:

In addition to the General Objections, Defendants object to Request No. 183 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is duplicative of other requests. Defendants further object on the grounds that they have

already produced documents responsive to the request.

Request No. 184:

All documents relating to efforts by Defendants to comply with the anti-kickback
provisions of the Medicare and Medicaid laws in connection with physicians' receipt of
payments or Goods or Service of Value.

Response to Request No. 184:

In addition to the General Objections, Defendants object to Request No. 184 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is not limited to documents from the relevant time period. Further, Defendants object on

the grounds that the request calls for documents that are not relevant to the present

litigation and are not reasonably calculated to lead to the discovery of admissible

evidence. Defendants also object to Request No. 184 on the grounds that the request is

not limited to Neurontin. Defendants further object on the grounds that the request fails

to describe the documents sought with reasonable particularity.

Request No. 185:

All documents relating to Defendants' practices with regard to insuring
compliance with that anti-kickback provisions of the Medicare and Medicaid law in
connection with physicians' receipt of payments, or Goods or Service of Value from the
Defendants.

Response to Request No. 185:

In addition to the General Objections, Defendants object to Request No. 185 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

117

is not limited to documents from the relevant time period. Further, Defendants object on the grounds that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 185 on the grounds that the request is not limited to Neurontin. Defendants further object on the grounds that the request fails to describe the documents sought with reasonable particularity.

Request No. 186:

All documents relating to Defendants' efforts to comply with the AMA's guidelines for payments to physicians.

Response to Request No. 186:

In addition to the General Objections, Defendants object to Request No. 186 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is not limited to documents from the relevant time period. Further, Defendants object on the grounds that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 186 on the grounds that the request is not limited to Neurontin. Defendants further object on the grounds that the request fails to describe the documents sought with reasonable particularity.

Request No. 187:

All documents relating to Defendants' interpretation, analysis or critique of the AMA's guidelines for payments to physicians.

118

Response to Request No. 187:

In addition to the General Objections, Defendants object to Request No. 187 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is not limited to documents from the relevant time period. Further, Defendants object on the grounds that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 187 on the grounds that the request is not limited to Neurontin.

Request No. 188:

All documents relating to Defendants' standard operating procedures regarding payment of physicians for attending:

a.      consultants' meetings;

b.      advisory committees;

c.      dinner meetings;

d.      continuing medical education seminars;

e.      teleconferences;

f.      medical education Events.

Response to Request No. 188:

In addition to the General Objections, Defendants object to Request No. 188 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the basis that the request is duplicative of other requests. Further, Defendants

119

object on the grounds that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 188 on the grounds that the request is not limited to Neurontin. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, constituting standard operating procedures governing the sales and marketing of pharmaceutical products and governing the provision of grants relating to pharmaceutical products through December 31, 1998.

Request No. 189:

All documents relating to Defendants' standard operating procedures regarding payment of physicians for speaking at:

a.    consultants' meetings;

b.    advisory committees;

c.    dinner meetings;

d.    continuing medical education seminars;

e.    teleconferences;

f.    medical education Events.

Response to Request No. 189:

In addition to the General Objections, Defendants object to Request No. 189 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further

object on the basis that the request is duplicative of other requests. Further, Defendants

object on the grounds that the request calls for documents that are not relevant to the

present litigation and are not reasonably calculated to lead to the discovery of admissible

evidence. Defendants also object to Request No. 189 on the grounds that the request is

not limited to Neurontin. Defendants further object on the grounds that they have already

produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, relating to standard operating procedures

governing the sales and marketing of pharmaceutical products and governing the

provision of grants relating to pharmaceutical products through December 31, 1998.

Request No. 190:

All documents relating to Defendants' standard operating procedures regarding
provision of Goods or Service of Value to physicians attending:
  a.    consultants' meetings;

  b.    advisory committees;

  c.    dinner meetings;

  d.    continuing medical education seminars;

  e.    teleconferences;

  f.    medical education Events.

Response to Request No. 190:

In addition to the General Objections, Defendants object to Request No. 190 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object on the basis that the request is duplicative of other requests. Further, Defendants

object on the grounds that the request calls for documents that are not relevant to the

present litigation and are not reasonably calculated to lead to the discovery of admissible

evidence. Defendants also object to Request No. 190 on the grounds that the request is

not limited to Neurontin. Defendants further object on the grounds that they have already

produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, constituting standard operating procedures

governing the sales and marketing of pharmaceutical products and governing the

provision of grants relating to pharmaceutical products through December 31, 1998.

Request No. 191:

All documents relating to Defendants' standard operating procedures regarding
provision of Goods or Service of Value to physicians speaking at:

    a.      consultants' meetings;

    b.      advisory committees;

    c.      dinner meetings;

    d.      continuing medical education seminars;

    e.      teleconferences;

    f.      medical education Events.

Response to Request No. 191:

In addition to the General Objections, Defendants object to Request No. 191 on

the grounds that the request is overly broad and unduly burdensome, including by

122

requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the basis that the request is duplicative of other requests. Further, Defendants object on the grounds that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 191 on the grounds that the request is not limited to Neurontin. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, constituting standard operating procedures governing the sales and marketing of pharmaceutical products and governing the provision of grants relating to pharmaceutical products through December 31, 1998.

Request No. 192:

All documents relating to Defendants' standard operating procedures regarding payment or provision of Goods or Services of Value to physicians writing articles on Defendants' products.

Response to Request No. 192:

In addition to the General Objections, Defendants object to Request No. 192 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the basis that the request is duplicative of other requests. Further, Defendants object on the grounds that the request calls for documents that are not relevant to the

123

present litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 192 on the grounds that the request is not limited to Neurontin. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, constituting standard operating procedures governing the sales and marketing of pharmaceutical products and governing the provision of grants relating to pharmaceutical products through December 31, 1998.

Request No. 193:

All documents relating to the mechanism of action of Neurontin on the human brain.

Response to Request No. 193:

In addition to the General Objections, Defendants object to Request No. 193 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests. Defendants further object to the Request to the extent that it calls for documents that are not relevant to the present litigation and are not reasonably calculated lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce for inspection and copying, at a mutually convenient time and location, the Neurontin NDAs and INDs, as well as research reports relating to Neurontin.

124

Request No. 194:

All documents relating to Defendants' theories of the mechanism of action of Neurontin.

Response to Request No. 194:

In addition to the General Objections, Defendants object to Request No. 194 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests. Defendants further object on the grounds that it fails to describe the documents sought with reasonable particularity. Defendants further object on the grounds that they have already produced documents responsive to the request. Defendants further object to the Request to the extent that it calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce for inspection and copying, at a mutually convenient time and location, the Neurontin NDAs and INDs, as well as research reports relating to Neurontin.

Request No. 195:

All documents relating to whether the mechanism of action of Neurontin has been established.

Response to Request No. 195:

In addition to the General Objections, Defendants object to Request No. 195 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request

125

is duplicative of other requests. Defendants further object on the grounds that they have

already produced documents responsive to the request. Defendants further object to the

Request to the extent that it calls for documents that are not relevant to the present

litigation and are not reasonably calculated to lead to the discovery of admissible

evidence.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce for inspection and copying, at a mutually convenient

time and location, the Neurontin NDAs and INDs, as well as research reports relating to

Neurontin.

Request No. 196:

All documents relating to communications regarding the marketing of Neurontin
that occurred between Pfizer and any representative of any consumer protection division
of any State.

Response to Request No. 196:

In addition to the General Objections, Defendants object to Request No. 196 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Further, Defendants

object on the basis that the request calls for documents that are not relevant to the present

litigation and are not reasonably calculated to lead to the discovery of admissible

evidence. Defendants also object to Request No. 196 on the grounds that the request is

not limited to off-label uses of Neurontin. Defendants further object to the extent that the

request calls for documents that are protected from disclosure by the attorney-client

privilege or the work product doctrine.

126

Request No. 197:

     All documents relating to any allegation by any state official that Defendants had violated any consumer protection statute.

Response to Request No. 197:

     In addition to the General Objections, Defendants object to Request No. 197 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Further, Defendants object on the basis that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 197 on the grounds that the request is not limited to Neurontin. Defendants further object on the basis that the request calls for documents that are protected from disclosure by the attorney-client privilege or the work product doctrine.

Request No. 198:

     All documents relating to grand jury testimony regarding any investigation into Neurontin marketing.

Response to Request No. 198:

     In addition to the General Objections, Defendants object to Request No. 198 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the basis that the request calls for documents that are protected from disclosure by the attorney-client privilege or the work product doctrine.

127

Request No. 199:

All documents produced to state officials investigating whether Defendants' marketing practices with regard to Neurontin violated state consumer protections statutes.

Response to Request No. 199:

In addition to the General Objections, Defendants object to Request No. 199 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period.

Request No. 200:

Organization charts which reflect the marketing department of Parke-Davis between 1993 through 2000.

Response to Request No. 200:

In addition to the General Objections, Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional organizational charts of Parke-Davis' marketing department, to the extent they exist, through December 31, 1998.

Request No. 201:

Organization charts which reflect the marketing planning department of Parke-Davis between 1993 through 2000.

128

Response to Request No. 201:

In addition to the General Objections, Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the grounds that they have already produced documents responsive to the request. Defendants further object on the grounds that the request is duplicative of other requests.

Request No. 202:

Organization charts which reflect the marketing departments of Parke-Davis regional CBUs between 1993 and 2000.

Response to Request No. 202:

In addition to the General Objections, Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional organizational charts from Parke-Davis' regional CBU marketing departments, to the extent they exist, through December 31, 1998.

Request No. 203:

Organization charts which reflect the structure of the Parke-Davis Managed Care CBU.

Response to Request No. 203:

In addition to the General Objections, Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants

129

further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional organizational charts from Parke-Davis' managed care CBU, to the extent they exist, through December 31, 1998.

Request No. 204:

Organization charts which reflect the marketing department of Pfizer between June 2000 and May 2004.

Response to Request No. 204:

In addition to the General Objections, Defendants further object on the grounds that the request calls for documents from outside the relevant time period and is therefore not relevant to this action.

Request No. 205:

Organization charts which reflect the composition of any department within Pfizer that between June 2000 and May 2004 performed the same functions as the Parke-Davis marketing planning department.

Response to Request No. 205:

In addition to the General Objections, Defendants further object on the grounds that the request calls for documents from outside the relevant time period and is therefore not relevant to this action. Defendants further object on the grounds that the phrase "performed the same functions as the Parke-Davis marketing planning department" is vague and ambiguous.

Request No. 206:

Organization charts which reflect the marketing departments of regional offices of Pfizer between July 2000 and May 2004.

Response to Request No. 206:

In addition to the General Objections, Defendants further object on the grounds

that the request calls for documents from outside the relevant time period and is therefore

not relevant to this action.

Request No. 207:

Organization charts that reflect the composition of any cross-disciplinary team established within Pfizer that concerned any aspects of the life cycle of Neurontin between July 2000 and May 2004.

Response to Request No. 207:

In addition to the General Objections, Defendants further object on the grounds

that the request calls for documents from outside the relevant time period. Defendants

further object on the grounds that the phrases "cross-disciplinary team" and "concerned

any aspects of the life cycle of Neurontin" are vague and ambiguous. Defendants further

object on the grounds that the request calls for information that is not relevant to this

action and not likely to lead to the discovery of admissible evidence.

Request No. 208:

All documents relating to any reports made by Pfizer prior to the merger of Pfizer and Warner-Lambert regarding Neurontin, including any such reports which were created as part of Pfizer's due diligence prior to the merger.

Response to Request No. 208:

In addition to the General Objections, Defendants object to Request No. 208 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request calls for documents that are protected from disclosure by the attorney-client

privilege or the work product doctrine. Defendants further object on the grounds that it

fails to describe the documents sought with reasonable particularity. Defendants further

object to the Request to the extent that the request calls for documents that are not

relevant to the present litigation and are not reasonably calculated to lead to the discovery

of admissible evidence.

Request No. 209:

    All documents relating to due diligence Pfizer conducted with regard to the
marketing and sales practices of Warner-Lambert prior to the merger of Pfizer and
Warner-Lambert.

Response to Request No. 209:

    In addition to the General Objections, Defendants object to Request No. 209 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request calls for documents that are protected from disclosure by the attorney-client

privilege or the work product doctrine. Defendants further object to the Request to the

extent that the request calls for documents that are not relevant to the present litigation

and are not reasonably calculated to lead to the discovery of admissible evidence.

Defendants also object to Request No. 209 on the grounds that the request is not limited

to Neurontin.

Request No. 210:

    All documents relating to any analysis, evaluation, critique or examination of
Neurontin's marketing, sales practices or life cycle which analysis, evaluation, critique,
or examination was performed by Pfizer within one year of the date of the merger
between Pfizer and Warner Lambert.

132

Response to Request No. 210:

In addition to the General Objections, Defendants object to Request No. 210 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is duplicative of other requests. Defendants further object to the Request to the

extent that the request is not limited to Neurontin. Defendants further object on the

grounds that the request is not limited to the relevant time period. Defendants further

object to the extent that the request calls for the production of documents protected by the

attorney-client privilege or the work product doctrine.

Request No. 211:

All documents relating to any team or committee within Pfizer that performed the
same or similar function as the Neurontin Development Team for the period from July
2000 through May 2004, including, but not limited to all minutes, reports memoranda and
summaries.

Response to Request No. 211:

In addition to the General Objections, Defendants object to Request No. 211 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request calls for information that is not relevant to this action and not likely to lead to the

discovery of admissible evidence. Defendants further object on the grounds that the

request is not limited to the relevant time period. Defendants further object on the

grounds that it fails to describe the documents sought with reasonable particularity.

Defendants also object to Request No. 211 on the basis that the phrase "same or similar

function as the Neurontin Development Team" is vague and ambiguous.

133

Request No. 212:

All documents relating to any team or committee within Pfizer that performed the same or similar function as the Neurontin Indication Decision Analysis Group for the period from July 2000 through May 2004, including, but not limited to all minutes, reports memoranda and summaries.

Response to Request No. 212:

In addition to the General Objections, Defendants object to Request No. 212 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request calls for information that is not relevant to this action and not likely to lead to the

discovery of admissible evidence. Defendants further object on the grounds that the

request is not limited to the relevant time period. Defendants further object on the

grounds that it fails to describe the documents sought with reasonable particularity.

Defendants also object to Request No. 212 on the basis that the phrase "same or similar

function as the Neurontin Indication Decision Analysis Group" is vague and ambiguous.

Request No. 213:

All documents relating to PromoTrak analysis or reports which discuss or reflect the amount or rate of change of Neurontin prescriptions, new months of therapy, or total months of therapy written by physicians.

Response to Request No. 213:

In addition to the General Objections, Defendants object to Request No. 213 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to the Request to the extent that the request is duplicative of other requests.

134

Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 214:

All documents relating to Plan Trak analysis or reports which discuss or reflect the amount or rate of change of Neurontin prescriptions, new months of therapy, or total months of therapy written by physicians.

Response to Request No. 214:

In addition to the General Objections, Defendants object to Request No. 214 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to the Request to the extent that the request is duplicative of other requests. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 215:

All documents relating to promostudies or promo study reports which discuss or reflect the amount or rate of change of Neurontin prescriptions, new months of therapy, or total months of therapy written by physicians who attended an Event where Neurontin was discussed for any off-label use.

Response to Request No. 215:

In addition to the General Objections, Defendants object to Request No. 215 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to the Request to the extent that the request is duplicative of other requests.

Defendants further object on the grounds that they have already produced documents

responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 216:

All documents relating to PlanTrak, PromoTrack, or promostudy reports or analysis which discuss or reflect the amount or rate of change of Neurontin prescriptions, new months of therapy, or total months of therapy written by physicians for all attendees and participants of STEPS investigators.

Response to Request No. 216:

In addition to the General Objections, Defendants object to Request No. 216 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to the Request to the extent that the request is duplicative of other requests. Defendants further object on the grounds that it is vague and ambiguous in seeking documents regarding "Neurontin prescriptions ... written by physicians for all attendees and participants of STEPS investigators."

Request No. 217:

All documents relating to Neurontin Promotional Evaluations, Neurontin Promo Evals, or Neurontin Promotional Effectiveness studies for each Event in which off-label use of Neurontin was discussed.

Response to Request No. 217:

In addition to the General Objections, Defendants object to Request No. 217 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to the Request to the extent that the request is duplicative of other requests. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

137

Request No. 218:

All documents relating to any feasibility studies, and/or budgetary plans and/or budgetary requests that refer to the use of, and/or seek budgetary approval for the use of Medical Liaisons and/or the medical liaison program.

Response to Request No. 218:

In addition to the General Objections, Defendants object to Request No. 218 on

the grounds that it seeks documents not relevant to this action and not reasonably

calculated to lead to the discovery of admissible evidence. Defendants further object on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to Request No. 218 on the grounds that the phrase "feasibility studies, and/or

budgetary plans and/or budgetary requests" is vague and ambiguous. Defendants further

object on the basis that the request is not limited to Neurontin.

Request No. 219:

All documents relating to requests for funding for use of medical liaisons and/or the medical liaison program.

Response to Request No. 219:

In addition to the General Objections, Defendants object to Request No. 219 on

the grounds that it seeks documents that are not relevant to this action and are not

reasonably calculated to lead to the discovery of admissible evidence. Defendants further

object on the grounds that the request is overly broad and unduly burdensome, including

by requesting "all" such documents. Defendants further object on the grounds that the

request is not limited to documents from the relevant time period. Defendants further

object to Request No. 219 on the grounds that it is duplicative of other requests.

Defendants further object on the basis that the request is not limited to Neurontin.

Request No. 220:

All documents that describe or refer to the role of medical liaisons in the marketing, promotion and sales of Neurontin and/or any drug manufactured by the Defendants.

Response to Request No. 220:

In addition to the General Objections, Defendants object to Request No. 220 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object to Request No. 220 on the grounds that it is duplicative of other requests. Defendants further object on the grounds that it fails to describe the documents sought with reasonable particularity. Defendants further object on the basis that the request is not limited to Neurontin. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 221:

All documents relating to Neurontin "movers and shakers" or Neurontin "Key Influencers."

Response to Request No. 221:

In addition to the General Objections, Defendants object to Request No. 220 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendants further object that the request is not limited to off-label uses of Neurontin and therefore seeks documents not relevant to this action. Defendants further object on the grounds that it fails to describe the documents sought with reasonable particularity. Defendants further object on the grounds that they have already produced documents responsive to the request.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 222:

All documents relating to Xponent data records that list physicians who prescribe and/or potentially prescribe Neurontin.

Response to Request No. 222:

In addition to the General Objections, Defendants object to Request No. 222 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the phrases "Xponent data records" and "potentially prescribe Neurontin" are vague and

ambiguous. Further, Defendants further object to Request No. 222 on the grounds that

the request is duplicative of other requests. Defendants also object on the basis that the

request is not limited to documents from the relevant time period.

Request No. 223:

     All documents relating to Precision Marketing reports and documents that
reference or pertain to physicians' prescription writing practices for Neurontin.

Response to Request No. 223:

     In addition to the General Objections, Defendants object to Request No. 222 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Further, Defendants further object to Request No. 222

on the grounds that the request is duplicative of other requests. Defendants also object on

the basis that the request is not limited to documents from the relevant time period.

Defendants further object to the request on the grounds that it is not limited to off-label

uses of Neurontin and therefore seeks documents that are not relevant to this action.

Defendants further object on the grounds that they have already produced documents

responsive to the request.

Request No. 224:

     All documents relating to Physician Information Request Form signed by a
physician, and/or drug sales representative, and/or medical liaison pertaining to physician
requests for information about Neurontin.

Response to Request No. 224:

     In addition to the General Objections, Defendants object to Request No. 224 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is not limited to documents from the relevant time period.  Defendants further object to

the Request on the grounds that it is not limited to off-label uses of Neurontin.

Defendants further object on the grounds that they have already produced documents

responsive to the request.

Request No. 225:

All documents authored by and/or copied to the Core Marketing Team (or any member thereof), including but not limited to all minutes of meetings and memoranda, that reference approved uses and/or emerging uses and/or unapproved uses of Neurontin.

Response to Request No. 225:

In addition to the General Objections, Defendants object to Request No. 225 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents.  Defendants further object on the basis that the request

is not limited to documents from the relevant time period.  Defendants further object on

the grounds that it fails to describe the documents sought with reasonable particularity.

Defendants further object on the grounds that they have already produced documents

responsive to the request.

Request No. 226:

All documents relating to slide kits provided by Defendants to any medical liaison who made calls to physicians regarding Neurontin.

Response to Request No. 226:

In addition to the General Objections, Defendants object to Request No. 226 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents.  Defendants further object on the basis that the request

142

is not limited to documents from the relevant time period. Defendants further object to the Request on the grounds that it is not limited to off-label uses of Neurontin.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 227:

All documents relating to slides provided by the Defendants to any physician who made a presentation relating to Neurontin at any Event.

Response to Request No. 227:

In addition to the General Objections, Defendants object to Request No. 227 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is not limited to documents from the relevant time period. Defendants further object to the Request on the grounds that it is not limited to off-label uses of Neurontin. .

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce, at a mutually convenient time and location, additional documents, to the extent they exist, from the files of those persons responsible for the marketing of Neurontin, relating to the off-label use of Neurontin through December 31, 1998.

Request No. 228:

All documents relating to approval of slides by Defendants (or by any contractor retained by them, including, but not limited to, the Identified Vendors) to be shown at any presentation relating to Neurontin at any Event.

Response to Request No. 228:

In addition to the General Objections, Defendants object to Request No. 228 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is not limited to documents from the relevant time period. Defendants further object to

the Request on the grounds that it is not limited to off-label uses of Neurontin.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 229:

All documents relating to insurance reimbursement for off-label Neurontin prescriptions.

Response to Request No. 229:

In addition to the General Objections, Defendants further object on the grounds

that the request is overly broad and unduly burdensome, including by requesting "all"

such documents. Defendants further object on the grounds that it fails to describe the

documents sought with reasonable particularity. Defendants further object on the

grounds that it seeks documents from outside the relevant time period. Defendants

144

further object on the grounds that such documents and information are more

appropriately sought from third parties.

Request No. 230:

All documents relating to third party payor reimbursement for off-label Neurontin
prescriptions.

Response to Request No. 230:

In addition to the General Objections, Defendants further object on the grounds

that the request is overly broad and unduly burdensome, including by requesting "all"

such documents.  Defendants further object on the grounds that it fails to describe the

documents sought with reasonable particularity.  Defendants further object on the

grounds that it seeks documents from outside the relevant time period.  Defendants

further object on the grounds that such documents and information are more

appropriately sought from third parties.

Request No. 231:

All documents relating to Neurontin formulary approval for uses others than
adjunct epilepsy therapy.

Response to Request No. 231:

In addition to the General Objections, Defendants object to Request No. 224 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents.  Defendants further object on the basis that the request

is not limited to documents from the relevant time period.  Defendants further object on

the grounds that it fails to describe the documents sought with reasonable particularity.

Defendants further object on the grounds that such documents are more appropriately

sought from third parties.

Request No. 232:

All documents relating to any disapproval of coverage or reimbursement by an insurance company, third-party payor or government payor for any Neurontin prescription for an off label use.

Response to Request No. 232:

In addition to the General Objections, Defendants further object on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it seeks documents from outside the relevant time period. Defendants further object on the grounds that such documents and information are more appropriately sought from third parties.

Request No. 233:

All documents relating to marketing, sales or prescribing data regarding Neurontin Defendants have received from IMS Health.

Response to Request No. 233:

In addition to the General Objections, Defendants object to Request No. 233 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is not limited to documents from the relevant time period. Defendants further object to the Request on the grounds that it is duplicative of other requests. Defendants also object to Request No. 233 on the grounds that it is not limited to off-label uses of Neurontin. Defendants further object on the grounds that such documents are more appropriately sought from third parties.

Request No. 234:

All documents relating to any review, analysis or critique of data Defendants received from IMS Health relating to Neurontin.

Response to Request No. 234:

In addition to the General Objections, Defendants object to Request No. 234 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is not limited to documents from the relevant time period. Defendants further object to

the Request on the grounds that it is duplicative of other requests. Defendants also object

to Request No. 234 on the grounds that it is not limited to off-label uses of Neurontin.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 235:

All documents relating to marketing, sales or prescribing data regarding
Neurontin Defendants have received from NDCHealth Corporation.

Response to Request No. 235:

In addition to the General Objections, Defendants object to Request No. 235 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is not limited to documents from the relevant time period. Defendants further object to

the Request on the grounds that it is duplicative of other requests. Defendants also object

to Request No. 235 on the grounds that it is not limited to off-label uses of Neurontin.

147

Defendants further object on the grounds that the request seeks documents more appropriately sought from third parties.

Request No. 236:

All documents relating to any review, analysis or critique of data Defendants received from NDCHealth Corporation relating to Neurontin.

Response to Request No. 236:

In addition to the General Objections, Defendants object to Request No. 236 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is not limited to documents from the relevant time period. Defendants further object to the Request on the grounds that it is duplicative of other requests. Defendants also object to Request No. 236 on the grounds that it is not limited to off-label uses of Neurontin.

Request No. 237:

All documents relating to studies and clinical trials involving the use of Neurontin to treat off-label conditions, including, but not limited to, the studies and clinical trials identified in paragraphs 108, 122, 127, 128, 132, 137, 142, 143, 152, and 163 of the First Coordinated Amended Complaint.

Response to Request No. 237:

In addition to the General Objections, Defendants object to Request No. 237 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object to the Request on the grounds that it is duplicative of other requests.

Request No. 238:

All documents relating to any communications between medical liaisons or Defendants' sales representatives and any patient or consumer relating to Neurontin.

Response to Request No. 238:

In addition to the General Objections, Defendants object to Request No. 238 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is not limited to documents from the relevant time period. Defendants also object to

Request No. 238 on the grounds that it is not limited to off-label uses of Neurontin.

Subject to and without waiving the General Objections and the foregoing Specific

Objections, Defendants will produce, at a mutually convenient time and location,

additional documents, to the extent they exist, from the files of those persons responsible

for the marketing of Neurontin, relating to the off-label use of Neurontin through

December 31, 1998.

Request No. 239:

All documents relating to, concerning or describing the terms of sale and price
(including any discount, rebate, free sample of charge back) at which Neurontin was sold
by Defendants to any physician, wholesaler, distributor or any other person or entity.

Response to Request No. 239:

In addition to the General Objections, Defendants object to Request No. 239 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is not limited to documents from the relevant time period. Defendants further object to

the Request on the grounds that the request calls for documents that are not relevant to

the present litigation and are not reasonably calculated to lead to the discovery of

admissible evidence.

149

Request No. 240:

Documents that reflect Defendants' total revenues, income and profit generated directly or indirectly from the sale of Neurontin, including without limitation financial statements, internal reports, memoranda and correspondence.

Response to Request No. 240:

In addition to the General Objections, Defendants object to Request No. 240 on

the grounds that the request is not limited to documents from the relevant time period,

and that the use of the phrase "directly or indirectly" is vague and ambiguous.

Defendants further object on the grounds that they have already produced documents

responsive to the request.

Subject to and without waiving the General Objections, Defendants will produce,

at a mutually convenient time and location, additional documents sufficient to show

Defendants' profit and loss statements for Neurontin through December 31, 1998.

Request No. 241:

All documents relating to actual or potential sales of Neurontin, including budgets, forecasts, economic projections, and any memoranda, correspondence, meeting minutes and other documentation discussing such budgets, forecasts and economic projections.

Response to Request No. 241:

In addition to the General Objections, Defendants object to Request No. 241 on

the grounds that the request is overly broad and unduly burdensome, including by

requesting "all" such documents. Defendants further object on the basis that the request

is not limited to documents from the relevant time period. Defendants further object to

the Request on the grounds that in seeking all such documents without limitation, the

request calls for the production of documents not relevant to this action. Defendants

further object on the grounds that they have already produced documents responsive to the request.

Request No. 242:

All documents relating to payment or non-payment of claims relating to prescriptions for off-label use of Neurontin by third-party payors.

Response to Request No. 242:

In addition to the General Objections, Defendants further object on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it seeks documents from outside the relevant time period. Defendants further object on the grounds that such documents and information are more appropriately sought from third parties.

Request No. 243:

All documents relating to Defendants' efforts to have Neurontin included on the formularies of third-party payors.

Response to Request No. 243:

In addition to the General Objections, Defendants further object on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it fails to describe the documents sought with reasonable particularity. Defendants further object on the grounds that it seeks documents from outside the relevant time period. Defendants further object on the grounds that such documents and information are more appropriately sought from third parties.

Request No. 244:

All documents relating to the effect of the development and potential sale of Lyrica (pregabelin) on the marketing of Neurontin, including but not limited to any effect

the development of Lyrica had on the decision not to seek approval of Neurontin for off-label uses.

Response to Request No. 244:

In addition to the General Objections, Defendants object to Request No. 244 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is not limited to documents from the relevant time period. Defendants further object to the Request on the grounds that the request calls for documents that are not relevant to the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 245:

All documents relating to any instructions, comments, advice or communications given by Defendants to physicians or pharmacists regarding how reimbursement should be sought or obtained from third-party payors with regard to Neurontin prescriptions for off-label uses.

Response to Request No. 245:

In addition to the General Objections, Defendants object to Request No. 244 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is not limited to documents from the relevant time period. Defendants further object to the Request on the grounds that the request is vague and ambiguous.

Request No. 246:

All documents relating to any applications or certifications filed with the FDA pursuant to Section 401 of the Food and Drug Administration Modernization Act (FDAMA) with regard to off-label use of Neurontin.

Response to Request No. 246:

In addition to the General Objections, Defendants object to Request No. 246 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the basis that the request is duplicative of other requests.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce for inspection and copying, at a mutually convenient time and location, the Neurontin NDAs.

Request No. 247:

All documents relating to off-label use of Neurontin that Defendants have filed with the FDA pursuant to FDAMA.

Response to Request No. 247:

In addition to the General Objections, Defendants object to Request No. 247 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that it fails to describe the documents sought with reasonable particularity. Defendants further object on the basis that the request is duplicative of other requests.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce for inspection and copying, at a mutually convenient time and location, the Neurontin NDAs.

Request No. 248:

All documents relating to any lists of articles relating to off-label use of Neurontin that Defendants have submitted to the FDA pursuant to FDAMA.

Response to Request No. 248:

      In addition to the General Objections, Defendants object to Request No. 248 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is duplicative of other requests.

      Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants will produce for inspection and copying, at a mutually convenient time and location, the Neurontin NDAs.

Request No. 249:

      Copies of all documents relating to off-label use of Neurontin that Defendants have disseminated to physicians and third parties in accordance with FDAMA, including any labels and legends FDAMA requires to be placed upon such materials.

Response to Request No. 249:

      In addition to the General Objections, Defendants object to Request No. 249 on the grounds that it is overly broad, and is not limited to documents from the relevant time period.

Request No. 250:

      All documents relating to budgets for marketing, advertising, promotion, sale, research and development of Neurontin at the national, regional and CBU level.

Response to Request No. 250:

      In addition to the General Objections, Defendants object to Request No. 250 on the grounds that the request is overly broad and unduly burdensome, including by requesting "all" such documents. Defendants further object on the grounds that the request is not limited to documents from the relevant time period. Defendant further object to the Request on the grounds that it calls for documents that are not relevant to

154

this action and are not reasonably calculated to lead to the discovery of admissible

evidence. Defendants further object on the grounds that the request is duplicative of

other requests. Defendants further object on the grounds that they have already produced

documents relating to Request No. 250.

Request No. 251:

All documents relating to any agreements among the Defendants relating to
liabilities associated with the allegations and claims presented in this litigation, including,
but not limited to any agreements entered into at or about the time of the merger between
Warner-Lambert and Pfizer relating to liabilities for unlawful marketing and/or
promotion of Neurontin.

Response to Request No. 251:

In addition to the General Objections, Defendants object to Request No. 251 on

the grounds that it is vague and ambiguous, and that it calls for documents that are not

relevant to the present litigation and are not reasonably calculated to lead to the discovery

of admissible evidence. Defendants further object on the grounds that the request calls

for documents from outside the relevant time period. Defendants further object on the

grounds that the request calls for documents that are protected from disclosure by the

attorney-client privilege or the work product doctrine.

Request No. 252:

All documents relating to any insurance policies held by the Defendants that may
provide coverage for the claims that are the subject of this litigation.

Response to Request No. 252:

In addition to the General Objections, Defendants object to Request No. 252 on

the grounds that the request calls for documents that are not relevant to the present

litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections and the foregoing Specific Objections, Defendants state that they are not aware that any such insurance policies exist.

Dated:   New York, New York
         April 11, 2005

DAVIS POLK & WARDWELL

By:

James P. Rouhandeh (JR-2251)
James E. Murray (JM-4006)

450 Lexington Avenue
New York, New York  10017
(212) 450-4000

HARE & CHAFFIN

By:

David B. Chaffin
BBO No. 549245

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

Attorneys For Defendants Pfizer Inc. and
Warner-Lambert Company.

156