UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :   MDL DOCKET NO: 1629
In re:  NEURONTIN MARKETING, SALES                                  :
        PRACTICES, AND PRODUCTS                                     :   Master File No. 04-10981
        LIABILITY LITIGATION                                        :
                                                                    :   Judge Patti B. Saris
                                                                    :
                                                                    :   Magistrate Judge Leo T. Sorokin
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
                                                                    :
THIS DOCUMENT RELATES TO:                                           :
                                                                    :
    Newberry, et al. v. Pfizer Inc., et al.,                        :
    1:07-cv-11499-PBS                                               :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## ANSWER

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiffs' Complaint in the above-captioned action (the "Complaint") as follows:

### AS TO NATURE OF ACTION

1.  Deny the allegations in paragraph 1, except admit that Plaintiffs seek the relief stated in paragraph 1, but deny that Plaintiffs are entitled to such relief.

### AS TO PARTIES

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny same.

3.      Deny the allegations in paragraph 3, except admit that Pfizer is a Delaware corporation and has its headquarters in New York, New York; admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of studying, testing, designing, developing, manufacturing, mixing, inspecting, producing, labeling, advertising, marketing, promoting, distributing and selling pharmaceutical drugs throughout the United States and the world and transacts business within the State of Florida; and admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin® ("Neurontin") since June 2000.

4.      Deny the allegations in paragraph 4, except admit that Parke-Davis is an unincorporated division of Warner-Lambert Company LLC; and admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and until approximately June 2000, Parke-Davis directly and/or indirectly engaged in business within the States of New York and Florida.

5.      Deny the allegations in paragraph 5.

6.      Deny the allegations in paragraph 6, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002; admit that Parke-Davis is an unincorporated division of Warner-Lambert Company LLC; and admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

7.      Paragraph 7 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 7.

8.      The allegations in paragraph 8 are directed at defendants other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants

deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny same.

9. The allegations in paragraph 9 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore deny same.

10. To the extent the allegations in paragraph 10 are directed at Defendants, Defendants deny the allegations in paragraph 10, except admit that until approximately June 2000, Warner-Lambert Company and Parke-Davis directly and/or indirectly marketed and sold Neurontin in the United States and in the State of Georgia; and admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin in the United States and in the State of Georgia since June 2000. To the extent the allegations in paragraph 10 are directed at a defendant other than Defendants, no response is required.

11. To the extent the allegations in paragraph 11 are directed at Defendants, Defendants deny the allegations in paragraph 11, except admit that Defendants directly and/or indirectly have conducted business in the State of Georgia. To the extent the allegations in paragraph 11 are directed at a defendant other than Defendants, no response is required.

**AS TO JURISDICTION AND VENUE**

12. Paragraph 12 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 12, except admit, upon information and belief, that the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, but deny that Plaintiffs are entitled to such relief; and deny knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 12 to the extent they are directed at a defendant other than Defendants and therefore deny same.

13. Paragraph 13 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 13.

## AS TO FACTUAL ALLEGATIONS

14. Deny the allegations in paragraph 14, except admit that Neurontin is the brand name for gabapentin, and the FDA has approved Neurontin for labeling as safe and effective as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

15. Paragraph 15 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 15, except admit that the Neurontin NDA was submitted to the FDA prior to 1993 and refer to the NDA referenced in paragraph 15 for its contents.

16. Deny the allegations in paragraph 16, except refer to the NDA referenced in paragraph 16 for its contents.

17. Deny the allegations in paragraph 17, except admit that on or about December 30, 1993, the FDA approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy.

18. Deny the allegations in paragraph 18.

19. Deny the allegations in paragraph 19, except refer to the Neurontin label for its contents.

20. Deny the allegations in paragraph 20.

21. Deny the allegations in paragraph 21.

4

22. Deny the allegations in paragraph 22, except admit that Warner-Lambert has been investigated for its marketing and promotion of Neurontin.

23. Deny the allegations in paragraph 23, except admit that Neurontin is the brand name for gabapentin, and refer to the medical literature referenced in paragraph 23 for its contents.

24. The allegations in paragraph 24 are directed at defendants other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore deny same, except refer to the ANDA referenced in paragraph 24 for its contents.

25. The allegations in paragraph 25 are directed at defendants other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 25, except refer to the federal regulations governing generic prescriptions drugs for their contents.

26. The allegations in paragraph 26 are directed at defendants other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore deny same, except refer to the ANDA referenced in paragraph 26 for its contents.

27. Deny the allegations in paragraph 27, except refer to the Neurontin label for its contents.

28. Deny the allegations in paragraph 28.

29. Deny the allegations in paragraph 29.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore deny same.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore deny same.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore deny same.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore deny same.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore deny same.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore deny same.

36. Deny the allegations in paragraph 36.

37. Deny the allegations in paragraph 37, except deny knowledge or information sufficient to from a belief as to when Plaintiffs became aware of the report referenced in paragraph 37, and therefore deny same.

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39, except admit only those duties that are imposed by applicable law, but deny the breach of any such duties.

## AS TO COUNT I

40. Repeat each and every response to all other paragraphs as if fully set forth herein.

41. Deny the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44. Deny the allegations in paragraph 44. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 44, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT II

45. Repeat each and every response to all other paragraphs as if fully set forth herein.

46. Deny the allegations in paragraph 46.

47. Deny the allegations in paragraph 47.

48. Deny the allegations in paragraph 48.

49. Deny the allegations in paragraph 49. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 49, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT III

50. Repeat each and every response to all other paragraphs as if fully set forth herein.

51. Deny the allegations in paragraph 51.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

54. Deny the allegations in paragraph 54.

55. Deny the allegations in paragraph 55. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 55, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT IV

56. Repeat each and every response to all other paragraphs as if fully set forth herein.

57. Deny the allegations in paragraph 57.

58. Deny the allegations in paragraph 58.

59. Deny the allegations in paragraph 59.

60. Deny the allegations in paragraph 60.

61. Deny the allegations in paragraph 61.

62. Deny the allegations in paragraph 62. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 62, but deny that Plaintiffs are entitled to such relief.

### AS TO COUNT V

63. Repeat each and every response to all other paragraphs as if fully set forth herein.

64. Deny the allegations in paragraph 64.

65. Deny the allegations in paragraph 65.

66. Deny the allegations in paragraph 66.

67. Deny the allegations in paragraph 67. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 67, but deny that Plaintiffs are entitled to such relief.

### AS TO COUNT VI

68. Repeat each and every response to all other paragraphs as if fully set forth herein.

69. Deny the allegations in paragraph 69.

70. Deny the allegations in paragraph 70.

71. Deny the allegations in paragraph 71. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 71, but deny that Plaintiffs are entitled to such relief.

### AS TO COUNT VII

72. Repeat each and every response to all other paragraphs as if fully set forth herein.

73. Deny the allegations in paragraph 73.

74. Deny the allegations in paragraph 74, and all of its subparts, except admit only those duties that are imposed by applicable law, but deny the breach of any such duties.

75. Deny the allegations in paragraph 75.

76. Deny the allegations in paragraph 76. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 76, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT VIII

77. Repeat each and every response to all other paragraphs as if fully set forth herein.

78. Deny the allegations in paragraph 78, except admit only those duties that are imposed by applicable law, but deny the breach of any such duties.

79. Deny the allegations in paragraph 79.

80. Deny the allegations in paragraph 80. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 80, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT IX

81. Repeat each and every response to all other paragraphs as if fully set forth herein.

82. Deny the allegations in paragraph 82, and all of its subparts.

83. Deny the allegations in paragraph 83. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 83, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT X

84. Repeat each and every response to all other paragraphs as if fully set forth herein.

85. Deny the allegations in paragraph 85.

86. Deny the allegations in paragraph 86. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 86, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT XI

87. Repeat each and every response to all other paragraphs as if fully set forth herein.

88. Deny the allegations in paragraph 88, except admit that Plaintiffs purport to bring this action pursuant to the referenced statutes, but deny that Plaintiffs are entitled to any relief.

89. Deny the allegations in paragraph 89.

90. Deny the allegations in paragraph 90.

91. Deny the allegations in paragraph 91, and all of its subparts. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 91, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT XII

92. Repeat each and every response to all other paragraphs as if fully set forth herein.

93. Deny the allegations in paragraph 93, except admit that Plaintiffs purport to bring this action pursuant to the referenced statutes, but deny that Plaintiffs are entitled to any relief.

94. Deny the allegations in paragraph 94, and all of its subparts.

95. Deny the allegations in paragraph 95. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 95, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT XIII

96. Repeat each and every response to all other paragraphs as if fully set forth herein.

97. Deny the allegations in paragraph 97.

98. Deny the allegations in paragraph 98.

99. Deny the allegations in paragraph 99. Admit that Plaintiffs seek the relief stated in the WHEREFORE paragraph following paragraph 99, but deny that Plaintiffs are entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

### THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Decedent's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

### FOURTH AFFIRMATIVE DEFENSE

Decedent's injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

### SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred by the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment K.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

**NINTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred because Decedent's alleged injuries and damages, if any, were caused by Decedent's misuse of Neurontin.

**TENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Decedent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred by the applicable statute or statutes of limitations and/or repose.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiffs' inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent applicable, Plaintiffs' claims for damages are barred, in whole or part, by Decedent's failure to mitigate damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Decedent's alleged injuries and damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

At all relevant times that Defendants discovered, synthesized, developed, manufactured and/or sold Neurontin, Neurontin was reasonably safe and reasonably fit for its intended use and Defendants provided proper warnings, information, and instructions, pursuant to generally recognized prevailing standards in existence at the time. Neurontin was not defective or unreasonably dangerous.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants reserve their right to make a written election of credit for settlements under the applicable law. Defendants further demand that their fault or responsibility be compared to

other parties and non-parties to this suit as provided by any governing statutory or common law scheme of comparative fault, comparative responsibility and contribution.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action under Georgia product liability law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs may have failed to join identifiable and indispensable parties necessary for proper adjudication and/or may not be the real parties in interest who have a right to prosecute the claims asserted.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants for punitive damages under O.C.G.A. § 51-12-5.1 and "its clear and convincing" evidence standard.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Any claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

With respect to any claims for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards that arose in the decisions of <u>BMW of North America Inc. v. Gore</u>, 517 U.S. 559 (1996); <u>Cooper Industries, Inc. v. Leatherman Tool Group</u>, 532 U.S. 424 (2001); <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003); and <u>Philip Morris USA v. Williams</u>, 127 S. Ct. 1057 (2007).

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiff's Legal Committee</u>, 531 U.S. 341 (2001).

**THIRTIETH AFFIRMATIVE DEFENSE**

To the extent applicable, Plaintiffs' claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' breach of warranty claims are barred because Plaintiffs failed to give Defendants timely notice of those claims.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' breach of warranty claims are barred because there is no privity of contract between Plaintiffs and Defendants.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

To the extent applicable, Defendants' liability for non-economic damages is several rather than joint and should be prorated.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case. Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

**DEMAND FOR TRIAL BY JURY**

Defendants hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1.      Enter judgment in their favor on all claims alleged in the Complaint;

2.      Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.      Grant Defendants such other and further relief as the Court may deem just and proper.


Dated:  September 7, 2007                       Respectfully submitted,


                                          HARE & CHAFFIN

                                          /s/ David B. Chaffin
                                          David B. Chaffin

                                          160 Federal Street
                                          Boston, MA 02110
                                          Tel:  (617) 330-5000

                                          *Attorneys for Defendants Pfizer Inc. and*
                                          *Warner-Lambert Company LLC*


## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on September 7, 2007.


                                          /s/David B. Chaffin
                                          David B. Chaffin