EXHIBIT A



"McGroder, Lori (SHB)"
<LMCGRODER@shb.com>
09/05/2007 12:59 PM

To   KennethFromson@lawampm.com
cc   "Sayler, Scott (SHB)" <SSAYLER@shb.com>, "Zissu, Erik M." <zissu_unixmbx@davispolk.com>
bcc
Subject  eSOP request

Ken, I am told that we will be able to produce documents responsive to your informal request by approximately September 17.

Regards,
Lori McGroder
Shook, Hardy & Bacon
816-559-2290
lmcgroder@shb.com


Mail Gate made the following annotations on Wed Sep 05 2007 12:00:24 CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

---

This Email has been scanned for all viruses by PAETEC Email Scanning Services, utilizing MessageLabs proprietary SkyScan infrastructure. For more information on a proactive anti-virus service working around the clock, around the globe, visit http://www.paetec.com.

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Viagra Products Liability Litigation          Case No. 06-md-1724

This Order Relates to **ALL ACTIONS**          SCHEDULING ORDER
                                                RELATING TO PHASE I OF
                                                      DISCOVERY

---

The parties have agreed to divide fact discovery for all cases transferred to this Court in MDL No. 1724, with the first phase to focus only on the issue of general causation. As such, the parties submitted a proposed schedule and protocol for the first phase. Based on that proposal and to secure the just, speedy, and inexpensive determination of the actions, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

**A.     Phase I Discovery**

The first phase of discovery for all cases shall be focused on the sole issue of general causation — whether Viagra® is capable of causing non-arteritic anterior ischemic optic neuropathy ("NAION") or other ocular conditions allegedly suffered by Plaintiffs in this MDL. Early resolution of this threshold and potentially dispositive issue is consistent with The Manual for Complex Litigation § 11.422 (4th ed. 2004), which recommends the use of phased, sequenced, or focused discovery where targeted information might provide the foundation for resolution of a dispositive motion. As discussed with the parties at the initial conference, targeted discovery and resolution of the issue of general causation serves the interest of all parties and the Court, promotes judicial efficiency, and prevents the potential

waste of the parties' and the Court's resources.

All fact and/or expert discovery on issues other than general causation, including specific causation, shall be stayed except as detailed in Section B of this Scheduling Order. The parties shall meet and confer as to the appropriate parameters of "general causation" discovery prior to bringing any dispute as to scope to the Court. Nothing in this Scheduling Order shall preclude either party from seeking or opposing additional discovery upon application to the Court.

All general causation discovery shall be taken by Plaintiffs' Lead Counsel or their designee, on behalf of all Plaintiffs in the MDL. An individual plaintiff's counsel may suggest discovery to the Plaintiffs' Lead Counsel, but may not conduct general causation discovery independently or in his own name. The parties will meet and confer regarding a deposition protocol for fact and expert witnesses to be submitted to the Court.

Discovery shall be governed by applicable Federal Rules of Civil Procedure and Local Rules of the District of Minnesota except as otherwise provided herein or in a subsequent Scheduling Order.

1. **Schedule:** Discovery on the issue of general causation shall be completed as follows:

    a. No later than July 30, 2006, the parties shall serve the disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A) & (B) as they pertain to the issue of general causation.

    b. Defendant has produced documents relevant to the issue of general

causation to individual Plaintiffs prior to the creation of this MDL, and has made these documents available to all Plaintiffs in this MDL. Plaintiffs' Lead Counsel or their designees shall review these documents previously produced and shall inform Defendant on or before August 15, 2006, whether they believe any additional written discovery is necessary on the issue of general causation. The parties shall meet and confer regarding the scope of any additional written discovery and shall submit any remaining disputes to the Court by September 15, 2006. Fact discovery on the issue of general causation shall be completed by December 1, 2006.

c.  Plaintiffs shall serve general causation expert reports, as set forth herein, on or before December 1, 2006.

d.  Defendant shall serve general causation expert reports, as set forth herein, on or before January 1, 2007.

e.  Depositions of Plaintiffs' experts must be completed on or before March 1, 2007. Plaintiffs will make their experts available for deposition by this date.

f.  Depositions of Defendant's experts must be completed on or before April 2, 2007. Defendant will make their experts available for deposition by this date.

g.  Defendant's <u>Daubert</u> motion to challenge any or all of Plaintiffs'

general causation experts must be filed on or before April 13, 2007.

    h.    Plaintiffs' Opposition to Defendant's motion must be filed on or before May 1, 2007.

    i.    Defendant's Reply Brief in support of their motion must be filed on or before May 15, 2007.

    j.    The Court will schedule a hearing on the motion, if necessary, at its earliest convenience after May 15, 2007. Prior to the hearing, the parties and the Court shall meet and discuss the format and procedures for any such hearing, including, if necessary, prior disclosure of witnesses expected to testify and evidence to be introduced at the hearing.

2. **Fact Depositions:**

    a.    All depositions shall be conducted pursuant to applicable Federal Rules of Civil Procedure and Local Rules of the District of Minnesota, and as further specified below.

    b.    To the extent practicable, counsel shall consult with opposing counsel and/or potential deponents in an effort to schedule depositions at mutually convenient times and locations. Plaintiffs shall not contact present employees of Defendant without permission of Defendant's

counsel.[1] The parties shall meet and confer to identify the appropriate deponents on issues relating to general causation. Plaintiffs shall in good faith take only those depositions deemed reasonably necessary to address the issue of general causation.

c. Depositions of fact witnesses on issues relating to general causation shall not preclude further depositions of these same witnesses on additional issues if deemed appropriate at a later date.

d. Unless otherwise agreed to, any deposition of a current or former employee of Defendant shall take place where practical in the city or town of the employee's place of business or, if not practical, in a convenient city near the employee's place of business.

e. Plaintiffs' Lead Counsel or his designee shall be the primary examiner who conducts the examination of a deponent on behalf of all Plaintiffs in the MDL. The primary examiner may be followed by one follow-up examiner, who may examine the witness, but not duplicate any questioning by the primary examiner. No additional examination by any other attorney representing any individual Plaintiffs may be conducted.

3. **Expert Reports:**

---

[1] The parties are currently briefing the issue of whether Plaintiffs may contact ex parte former employees of Defendant. Until the Court rules on the issue, Plaintiffs may not conduct any ex parte communications with former employees of Defendant.

a. Expert disclosures on the issue of general causation shall be made by the parties on the dates set forth above. Each party's expert disclosures shall be made in accordance with Federal Rule of Civil Procedure 26.

b. Plaintiffs may designate a single expert or group of experts on the issue of general causation to encompass the claims and injuries of all Plaintiffs in MDL 1724. Should the Court deny Defendant's <u>Daubert</u> motion, any individual Plaintiff may later designate different experts to testify on the same issue(s) at trial so long as:

(1) The later-designated experts rely upon the same or substantially the same evidence, opinions and/or theories relied upon by the MDL experts, but may rely upon medical articles or scientific publications which are published after the date of their expert reports; and

(2) Such opinions, evidence and/or theories have not previously been determined by this Court to be scientifically unreliable or otherwise inadmissible.

(3) Defendant may challenge the admissibility of the testimony of such later-designated expert testimony based on any newly identified medical articles or scientific publications or on expert-specific grounds such as the lack of qualifications to render the opinions being proffered.

 c. Defendant may designate a single expert or group of experts on the issue of general causation to encompass the claims and injuries of all Plaintiffs in MDL 1724. Should the Court deny Defendant's <u>Daubert</u> motion, Defendant may later designate different experts to testify on the same issue(s) at any individual trial so long as:

  (1) The later-designated experts rely upon the same or substantially the same evidence, opinions and/or theories relied upon by the MDL experts, but may rely upon medical articles or scientific publications which are published after the date of their expert reports; and

  (2) Such opinions, evidence and/or theories have not previously been determined by this Court to be scientifically unreliable or otherwise inadmissible.

  (3) Plaintiffs may challenge the admissibility of the testimony of such later-designated expert testimony based on any newly identified medical articles or scientific publications or on expert-specific grounds such as the lack of qualifications to render the opinions being proffered.

4. **Expert Depositions**

 a. All expert depositions shall be conducted pursuant to applicable Federal Rules of Civil Procedure and Local Rules of the District of Minnesota,

7

and as further specified below.

b.  Counsel shall consult with opposing counsel in an effort to schedule depositions at times convenient to the expert witness and the parties within the time frame provided by the schedule above.

c.  Unless otherwise agreed to, all depositions of experts shall take place where practical in the city or town of the expert's place of business or, if not practical, in a convenient city near the expert's place of business. Plaintiffs' Lead Counsel or his designee shall be the primary examiner who conducts the examination of an expert on behalf of all Plaintiffs in the MDL. The primary examiner may be followed by one follow-up examiner, who may examine the witness, but not duplicate any questioning by the primary examiner. No additional examination by any other attorney representing any individual Plaintiff may be conducted.

**B.   Fact Sheets**

1.  Plaintiffs in each case transferred to this Court shall complete a Plaintiff's Fact Sheet ("PFS"), a copy of which is attached hereto at Attachment A. Within five (5) business days after the entry of this Scheduling Order, Plaintiffs' Liaison Counsel shall forward (electronically or otherwise) to each Plaintiff's counsel a copy of this Scheduling Order and PFS, and certify that fact to Liaison Counsel for Defendant. Plaintiffs in all cases currently docketed in

this Court as of the date of entry of this Scheduling Order shall complete the PFS and serve same upon Defendant's Lead and Liaison Counsel no later than 90 days after transmission of the PFS. Plaintiffs in all cases transferred and docketed to this Court after the date of entry of this Scheduling Order shall be served with a copy of this Scheduling Order and PFS by Defendant's Liaison Counsel upon the docketing of the case in the MDL in the District of Minnesota, and shall complete the PFS and serve same upon Defendant's Lead and Liaison Counsel no later than 90 days after service of the PFS.

2. Should a Plaintiff fail to serve a complete PFS within the time allowed, Defendant's Liaison Counsel shall send a warning letter to that Plaintiff's attorney of record, with a copy to Plaintiffs' Liaison Counsel. Should a Plaintiff fail to provide a complete PFS within 30 days of the sending of the warning letter, Defendant may move the Court for appropriate relief, including dismissal of the complaint. In determining the appropriate relief, the Court shall consider the degree of completeness of the PFS.

3. No additional discovery of Plaintiffs shall occur until further order of the Court.

Date: June 30, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States Senior District Judge
