UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | |
| THIS DOCUMENT RELATES TO: THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER, INC., 04 CV 10739 (PBS) | MDL Docket No. 1629<br>Master File No. 04-10981<br>Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

## PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL PLAINTIFFS TO RESPOND TO INTERROGATORIES

Coordinated Plaintiffs, Aetna, Inc., the Guardian Life Insurance Company of America, Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan, (collectively, "Plaintiffs") respectfully submit this opposition to Defendants' Motion to Compel Third-Party Payor Plaintiffs to Respond to Interrogatories (Dkt. #847).

I.   **ARGUMENT**

In their instant motion, Defendants seek an order compelling Plaintiffs to respond "to interrogatories two through eight of defendants' second set of interrogatories, dated March 13, 2007". See Defendants' Memorandum in Support of Motion to Compel Third-Party Payor Plaintiffs to Respond to Interrogatories at 2 (Dkt. #849).

Defendants flagrantly and with apology disregard this Court's Discovery Order No. 13 (Dkt. #801), wherein your Honor ruled that with respect to Interrogatory No. 2:

> The answer to the interrogatory necessarily will involve expert opinion as it asks Plaintiffs to state, by off-label use for each calendar year, the drug(s) that they contend were "cheaper and more optimal" than Neurontin. Thus, Plaintiffs shall supplement their response to this interrogatory no later than the date for serving their expert reports.

-2-

As Defendants are well aware, Plaintiffs' expert reports (and thus the answer to Interrogatory No. 2) are not due until December 30, 2007. See Discovery Order No. 13. Thus, Defendants' instant motion is premature and without merit.

Moreover, the remainder of the interrogatories placed at issue by Defendants' motion explicitly and implicitly relate to the answer to Interrogatory No. 2 and are thus incapable of answer without a response (or the information implicit to form a response) to Interrogatory No. 2. By way of example, Interrogatories Nos. 3 and 4 each specifically reference "the drugs identified in response to Interrogatory No. 2." Further, Interrogatories Nos. 5 through 8, the remaining subjects of Defendants' motion, call for identification of "any other drug approved or commonly used to treat any aspect of [various conditions]", which is again the subject of expert testimony which will form the basis for response to Interrogatory No. 2. Had Defendants exercised the courtesy required by a meet and confer conference, or perhaps even a simple phone call to Plaintiffs' counsel before raising this matter by ambush in a motion to the Court, these matters likely could have been resolved.[1]

Wherefore, Plaintiffs respectfully request that the Court deny Defendants' Motion to Compel Third-Party Payor Plaintiffs to Respond to Interrogatories.

---

[1] Local Rule 7.1(a)(2) requires counsel to certify they have conferred in an attempt to resolve or narrow the issues before filing a motion. Defendants failed to meet-and-confer with Plaintiffs before filing this motion and therefore have disregarded this rule.

Dated: September 11, 2007

                              **For Plaintiff Aetna, Inc.:**

                              /s/ Peter A. Pease
Peter A. Pease, Esq.  (BBO # 392880)
**BERMAN DEVALERIO PEASE**
 **TABACCO BURT & PUCILLO**
One Liberty Square
Boston, MA  02109
Telephone:  (617) 542-8300
Facsimile:  (617) 542-1194

**OF COUNSEL:**

**LOWEY DANNENBERG BEMPORAD**
   **SELINGER & COHEN, P.C.**
Richard W. Cohen, Esq.
Gerald Lawrence, Esq.
White Plains Plaza - - 5th Floor
One North Broadway
White Plains, NY  10601-2310
Telephone:  (914) 997-0500
Facsimile:  (914) 997-0035

**BERMAN DEVALERIO PEASE**
 **TABACCO BURT & PUCILLO**
Joseph J. Tabacco, Jr., Esq.
425 California Street, Suite 2025
San Francisco, CA  94104-2205
Telephone:  (415) 433-3200
Facsimile:  (415) 433-6382

**JOHN F. INNELLI, LLC**
John F. Innelli, Esq.
1818 Market Street, Suite 3620
Philadelphia, PA  19103
Telephone:  (215) 5612-1011
Facsimile:  (215) 561-0012

**For Plaintiff Guardian Life Insurance Co. Of America:**

  /s/ Thomas G. Shapiro
Thomas G. Shapiro (BBO # 454680)
**SHAPIRO HABER & URMY LLP**
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

**OF COUNSEL:**

**KAPLAN FOX & KILSHEIMER LLP**
Linda P. Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

**RAWLINGS & ASSOCIATES, PLLC**
Mark D. Fischer, Esq.
Mark Sandmann, Esq.
325 W. Main Street
Louisville, KY 40202
Telephone: (502) 587-1279
Facsimile: (502) 584-8580

**For Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals:**

  /s/ Thomas G. Shapiro
Thomas G. Shapiro (BBO # 454680)
**SHAPIRO HABER & URMY LLP**
53 State Street
Boston, MA 02109
Telephone: 617-439-3939
Facsimile: 617-439-0134

OF COUNSEL:

**KAPLAN FOX & KILSHEIMER LLP**
Linda P. Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3.

ATTORNEY FOR PLAINTIFFS

/s/ Aviah Cohen Pierson
Aviah Cohen Pierson, Esq.