UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:  NEURONTIN MARKETING,                  :  MDL Docket No. 1629
        SALES PRACTICES AND                   :
        PRODUCTS LIABILITY LITIGATION         :  Master File No. 04-10981
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  Judge Patti B. Saris
                                              :
THIS DOCUMENT RELATES TO:                     :
                                              :  Magistrate Judge Leo T.
                                              :  Sorokin
        PRODUCTS LIABILITY ACTIONS            :
                                              :
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**DEFENDANTS' MEMORANDUM IN RESPONSE TO
PRODUCT LIABILITY PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Defendants Pfizer Inc. and Warner-Lambert Company ("Defendants") submit this memorandum in response to Products Liability Plaintiffs' ("PL Plaintiffs") Motion to Compel Discovery and Extend the Deadlines for Serving Notices to Admit ("Motion to Compel").

**PRELIMINARY STATEMENT**

The requests contained in PL Plaintiffs' Motion to Compel boil down to an attempt to extend the discovery schedule without good justification. PL Plaintiffs seek an Order compelling discovery in several areas:

**1.     Production of Documents Utilized During Company Witness Depositions.** PL Plaintiffs seek an order "requiring Pfizer Defendants to produce documents utilized by witnesses . . . in preparation for the depositions and/or to refresh their

- 1 -

2622583v1
2624671v1

recollections in anticipation of deposition testimony as to facts and circumstances regarding Neurontin."

- PL Plaintiffs misstate that they are seeking the production of documents used by deponents to refresh their recollections. **All documents used to refresh witnesses' recollections during company witness depositions have been produced in this litigation.** PL Plaintiffs are actually seeking the identification of previously-produced documents that were hand selected by counsel for review by deponents in preparation for their deposition testimony. This is information is clearly privileged under the attorney work product privilege. Moreover, even if such information were not privileged, PL Plaintiffs failed to lay the proper foundation for disclosure under Federal Rule of Evidence 612.

2. **Production of an Additional Rule 30(b)(6) Witness on Pharmacovigilance**. PL Plaintiffs seek an Order "requiring Pfizer Defendants to designate and produce an additional witness, consistent with Fed. R. Civ. P. 30(b)(6), with knowledge and the ability to testify as to pharmacovigilance practices during the Warner-Lambert time period at issue in this litigation."

- The time for requesting company witness depositions has passed. Moreover, even if PL Plaintiffs' request was timely, additional testimony on the topic of pharmacovigilance would be cumulative. Defendants have already produced a Rule 30(b)(6) witness on the topic of pharmacovigilance.

3. **Production of Lester Reich's Custodial File and Production of Lester Reich for Deposition**.  PL Plaintiffs seek an Order "requiring Pfizer Defendants to produce those portions of Pfizer witness Lester Reich's custodial file that pertain to Neurontin."  In addition, PL Plaintiffs seek an Order "requiring Pfizer Defendants to produce Lester Reich…for a deposition."

- This is yet another attempt by PL Plaintiffs to obtain additional discovery after the time for discovery has passed.  In addition, defendants have already produced Manfred Hauben as the Rule 30(b)(6) witness on the topic of pharmacovigilance, and Dr. Reich reports directly to Mr. Hauben.  Any testimony Dr. Reich would offer would be cumulative.  Moreover, PL Plaintiffs have had possession of the document that precipitated their interest in Dr. Reich since December 2006.

4. **Notices to Admit**.  PL Plaintiffs seek "leave to serve upon Pfizer Defendants a Notice to Admit that is identical to the Requests for Admissions previously served in separate state court litigation [*Crone v. Pfizer Inc.,* CV 400432, Lake County, California] inasmuch as the facts at issue are identical."  In addition, PL Plaintiffs seek leave "to serve Notices to Admit or otherwise granting a brief discovery extension for the limited purpose of determining whether documents are in fact Defendants 'business records' in a manner consistent with the Court's prior Order of August 9, 2005."

- This is an obvious attempt by PL Plaintiffs to leverage Neurontin-related state court litigation in order to end-run the discovery deadlines in the

- 3 -

MDL which prohibit the service of additional discovery requests. Notwithstanding the foregoing, defendants have already agreed to stipulate that the responses to the recent Requests for Admission issued in the state court litigation may be used in the MDL. Defendants also have no objection to resolving the issue of document authentication via some type of agreed-upon mechanism to be decided at a later date.

For these reasons, and as discussed in greater detail below, PL Plaintiffs' motion should be denied.

### BACKGROUND

The deadline for written discovery expired on April 30, 2007. *See* Discovery Order No. 11, and the deadline for noticing company witness depositions expired on July 13, 2007.[1] *See id.*

Defendants have undertaken a prodigious effort to comply with their discovery obligations by producing more than three million pages of documents in this litigation, including the custodial files of 83 current and former employees.[2] In addition,

---

[1] Discovery Order No. 11 provides that only *already noticed* company witness depositions may be taken before October 15, 2007.

[2] Since April 30, 2007, defendants have produced additional documents, largely in response to plaintiffs' myriad informal requests made during depositions or immediately thereafter for files that were "non-custodial" (*e.g.,* database documents that were never requested "as such" by plaintiffs). In their Memorandum, PL Plaintiffs take the absurd position that defendants' cooperation in discovery by supplementing productions, where appropriate, or by agreeing to produce discrete documents requested at depositions is somehow improper. *See* Pls.' Mem. at 2 ("[I]n violation of the Court's order, [defendants] have continued to produce documents subsequent to the deadline."). Of course, had defendants *failed* to cooperate with these additional productions, PL Plaintiffs would have moved for production of those very same additional documents.

Defendants have agreed to produce 30 named current and former Pfizer employees for deposition. In the three months it has taken to complete depositions of the first twenty-two witnesses, PL Plaintiffs have obtained nearly forty-four days consisting of hundreds of hours of company witness testimony spanning thousands of pages of deposition transcript. In addition, the parties are scheduled to complete eight remaining named company witness depositions in the weeks before the October 15, 2007 fact-discovery deadline, resulting in up to sixteen more days and more than a hundred hours of additional company witness testimony. Notwithstanding this effort, PL Plaintiffs now seek more documents and more depositions despite the expiration of their time in which to do so.

PL Plaintiffs initially requested the custodial files for approximately 200 current and former Pfizer employees. Dozens of conferences were held between the parties, during which counsel for Defendants made it clear that PL Plaintiffs' demands were unreasonable. Defendants consistently responded to PL Plaintiffs' unreasonable requests with written objections, including objections served in November 2006. In response, PL Plaintiffs never moved to compel the production of any custodial file and instead provided defendants from time to time with more reasonable, smaller lists of individual custodians.[3] Now, more than a year after Defendants began rolling out productions of custodial documents – and four months after completion of those productions – PL Plaintiffs move to compel the production of additional custodial files. This too-late effort is clearly unwarranted.

---

[3] In contrast, in January 2007, Sales and Marketing Plaintiffs filed their motion to compel the production of custodial files.

PL Plaintiffs' motion to compel is an assault on Discovery Order No. 13, in which the Court prohibited the filing of new written discovery. While the Court provided that the parties may seek to compel production of documents previously requested, that provision was not intended to incite a flood of motion practice. Rather, the Court permitted the parties to seek production of specific documents that came to their attention as a result of deposition testimony, an invariable outcome in litigation. Defendants have cooperated with the spirit of the Court's Order by continuing to entertain PL Plaintiffs informal requests for limited productions of additional documents based on the testimony of company witnesses. For example, PL Plaintiffs' Motion to Compel includes a request to produce Standard Operating Procedures pertaining to the preparation of Standard Response Documents. Rather than litigate this issue, Defendants have agreed to locate the requested documents and anticipate that they will be produced prior to the September 20, 2007 hearing. This Court presumably never intended that the parties would use Discovery Order No. 13 to disguise new discovery requests. Accordingly, the Court should not countenance PL Plaintiffs eleventh-hour attempt to revisit their own discovery strategy.

As for depositions, the Court has already provided plaintiffs three times as many deponents as provided for under Local Rule 26.1(c). *See* CMO No. 5 at 2. Despite these well-considered parameters, and despite the Court's denial of prior attempts to obtain additional company witness testimony, plaintiffs continue to apply for more depositions. *See* Discovery Order No. 13; *see also* Sales and Marketing Plaintiffs' Motion for Leave To Take Additional Depositions of Current and Former Employees (requesting twelve additional company witness depositions). But plaintiffs fail to provide adequate grounds

to support the need for more depositions. "The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts—and no more." *Vakharia v. Swedish Convenant Hosp.*, Case No. 90-C-6548, 1994 WL 75055, at *2 (N.D. Ill. Mar. 9, 1994). In sum, the time has come for general discovery to end so that this litigation can progress to other phases identified by the Court and, ultimately, to resolution.

## ARGUMENT

### I. DOCUMENTS UTILIZED DURING COMPANY WITNESS DEPOSITIONS ARE PROTECTED FROM DISCLOSURE BY THE WORK PRODUCT DOCTRINE

PL Plaintiffs seek an order "requiring the Pfizer Defendants to produce [sic] documents utilized by witnesses (*e.g.* Adrian Vega, Andrea Garrity, Lloyd Knapp, and Manfred Hauben) in preparation for their depositions and/or to refresh their recollections in anticipation of deposition testimony as to facts and circumstances regarding Neurontin." Pls.' Mem. at 1. **To be clear: The documents reviewed by Pfizer witnesses were previously produced to the PL Plaintiffs.** Accordingly, PL Plaintiffs' pending motion is not, in actuality, a motion to compel the production of documents, but rather a motion to compel Defendants to disclose a listing or compilation of previously-produced documents that counsel for Defendants hand selected for review by Pfizer witnesses in preparation for their deposition testimony. PL Plaintiffs' request should be denied on two grounds:

(1) To the extent PL Plaintiffs seek to know which previously-produced documents were hand-selected by counsel for deposition preparation, the process

naturally involves the mental impressions of counsel as to the issues in the litigation and counsels' defense strategy. Accordingly, the identity of those documents is clearly protected from disclosure by the attorney work product privilege. *See* FED. R. CIV. P. 26(b)(3).

(2) To the extent PL Plaintiffs want to know which specific document was used to refresh the specific recollection of a specific witness, PL Plaintiffs failed to lay proper foundation in accordance with Rule 612 of the *Federal Rules of Evidence*. Defendants do not contest that PL Plaintiffs would be entitled to the disclosure of specific documents, provided the deponent acknowledged that a particular document(s) refreshed his or her recollection. Counsel for PL Plaintiffs, however, were required to lay the foundation to support this request during the deponent's deposition. In the depositions identified by PL Plaintiffs, counsel for PL Plaintiffs failed to lay adequate foundation to demonstrate that any specific document refreshed a deponent's memory. PL Plaintiffs should not be permitted to re-open discovery to alleviate their shortcomings.

   A.  **Attorney Work Product Privilege**

The first issue presented by PL Plaintiffs' motion to compel is whether an attorney's hand selection and grouping of previously-produced documents is protected from disclosure by the work product doctrine. There is no question that the answer is yes.

Rule 26 (b)(3) of the *Federal Rules of Civil Procedure* expressly states that federal district courts shall protect against disclosure of an attorney's "mental impressions, conclusions, opinions, or legal theories." Out of the approximately three million pages of produced documents, counsel for the Defendants hand picked a small

- 8 -

selection of documents to discuss with each company witnesses. The selection process itself inherently includes the "mental impressions, conclusions, opinions, or legal theories" of counsel. *See Sporck v. Peil,* 759 F.2d 312, 216 (3d Cir. 1985); *see also In re First Commodity Corp. of Boston Customer Accounts Litig.*, 1987 WL 11621, at *2 n.1 (D. Mass. May 15, 1987) ("Documents collected by an attorney or his agent are entitled to the same protection as documents prepared by the attorney, where production of documents assembled would reveal an attorney's mental impressions or legal theories."); *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986) ("In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more critical than the legal research."); *Smith v. Florida Power & Light Co.*, 632 So.2d 696 (Fla. Dist. App. 1994). Accordingly, the identity of the selected documents are protected by the work product privilege, plaintiffs have made no showing of need for the documents hand-selected by defense counsel – let alone substantial need, and Defendants should not be compelled to identify these documents thus revealing defense counsel's mental impressions and theories.

### B. Federal Rule of Evidence 612

Rule 612 of the Federal Rules of Evidence governs the use of writings to refresh the memory of testifying witnesses. It provides:

> [I]f a witness uses a writing to refresh memory for the purpose of testifying, either – (1) while testifying, or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

Defendants have never taken the position that PL Plaintiffs could not discover the identity of a particular document used for refreshing the specific recollection of a particular witness. But PL Plaintiffs failed to elicit such testimony during the depositions or lay a proper foundation.

In all of the examples cited by PL Plaintiffs, the deponents were asked *generally* if any documents that they reviewed refreshed their recollections. Pls.' Mem. at 6-7. Although most of the deponents testified that the general review of documents refreshed their memories, counsel for PL Plaintiffs failed to lay adequate foundation that any specific documents refreshed the deponent's memory or that the deponents actually relied on those documents "for the purpose of their testimony." *Id.* Accordingly, while Defendants do not oppose identifying any specific documents that the witness could independently identify as having refreshed their memory, provided all the elements of Rule 612 were met, Defendants oppose plaintiffs' broad requests without any foundation for witnesses to identify all unidentified documents reviewed for the purpose of refreshing the witnesses' recollection.

In *Sporck*, the Third Circuit provided persuasive guidance on this issue. "In seeking identification of all documents reviewed by petitioner prior to asking petitioner any questions concerning the subject matter of the deposition, respondent's counsel failed to establish either that petitioner relied on any documents in giving his testimony, or that those documents influenced his testimony . . . . We conclude, therefore, that deposing counsel failed to lay a proper foundation under Rule 612 for the production of documents selected by counsel." *Sporck*, 759 F.2d at 318. Applying a similar rationale here, it is

abundantly evident that PL Plaintiffs failed to lay adequate foundation to meet the conditions of Rule 612.

Even if counsel for PL Plaintiffs had laid the proper foundation – which, on the face of the deposition transcripts they did not -- Rule 612 requires that a district court determine that the identification of the selected documents is necessary in the interests of justice. *Heron Interact, Inc. v. Langevin*, 2007 U.S. Dist. LEXIS 50191 (D. Mass. July 2, 2007); FED. R. EVID. 612. PL Plaintiffs have in their possession all of the documents reviewed by company deponents. There is simply no colorable argument that PF Plaintiffs are in any way prejudiced if their motion is denied. PL Plaintiffs had ample opportunity to question deponents regarding any documents produced and could further probe if the deponent could specifically recall whether a document refreshed his or her recollection. Counsel for PL Plaintiffs failed to do so. Under these circumstances, Defendants' interest in protecting the mental impressions and theories of counsel substantially outweighs any interest the PL Plaintiffs may have for obtaining documents (which are already in their possession). *See Shelton*, 805 F.2d at 1329 ("In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more critical than the legal research.").

PL Plaintiffs rely primarily on two opinions from this District in arguing that the identity of the Defense counsels' selection of deposition preparation materials is discoverable. Both cases are factually distinguishable from the circumstances here. PL Plaintiffs cite *Heron Interact, Inc. v. Langevin*, 2007 U.S. Dist. LEXIS 50191 (D. Mass. July 2, 2007) and *In re Atlantic Financial Mgmt. Sec. Lit.*, 121 F.R.D. 141 (D. Mass. 1988), in arguing that "a court shall balance the need of the party demanding disclosure

of the document "so as to have a complete record of its examination as well as to test [the witness's] credibility' with the other party's interest in protecting against disclosure of any attorney work product or attorney client privileged information." Pls.' Mem. at 5. The facts of both cases are distinguishable from the cases at bar insofar as it involved a motion to compel the production of documents, not the disclosure of the identity of an attorney's selection of documents. *Heron*, 2007 U.S. Dist. LEXIS 50191. *Heron* involved a deposition of plaintiff's principal made pursuant to Rule 30(b)(6) of the *Federal Rules of Civil Procedure*. *Id*. at *2. The deponent reviewed nine documents that included documents that apparently **had not previously been produced to the defendants**. *Id.* at *2,*9 (*e.g.* handwritten notes by the deponent).

Accordingly, in the interests of justice, PL Plaintiffs' motion to compel the disclosure of the identity of attorney selected documents reviewed by deponents should be denied and to the extent the foundational requirement of establishing what specific documents refreshed a witness' recollection was not met, PL Plaintiffs' motion should be denied.

**II.     THE COURT SHOULD DENY PL PLAINTIFFS' REQUEST FOR ANOTHER 30(B)(6) WITNESS ON THE TOPIC OF PHARMACOVIGILANCE**

Plaintiffs seek an additional corporate designee to provide testimony relating to the pharmacovigilance practices of Warner-Lambert Company. But Defendants have already provided a qualified corporate designee, under Rule 30(b)(6) of the *Federal Rules of Civil Procedure*, who was adequately prepared to testify about the pharmacovigilance activities of Defendants. Accordingly, Plaintiffs' motion for an additional corporate designee should be denied.

2622583v1
2624671v1

Months before PL Plaintiffs served their Rule 30(b)(6) notice of on the issue of pharmacovigilance, counsel for PL Plaintiffs provided a draft of the expected notice. (Plaintiffs' Draft Rule 30(b)(6) Notice, Ex. A). PL Plaintiffs provided the draft Notice, at least in part, so that Defendants could begin to search for an appropriate corporate witness qualified to testify about the noticed subject areas and to begin preparing the deponent.

A few weeks before the scheduled deposition date, counsel for PL Plaintiffs sent an amended draft of the Rule 30(b)(6) deposition notice via email to Defendants' counsel. (Rule 30(b)(6) Notice, Ex. B). The amended notice substantially expanded the subject areas that were included in the already objectionably overbroad original draft notice.[4]

Defendants served PL Plaintiffs detailed responses and objections to the "amended" Rule 30(b)(6) notice. (Defendants' Response and Objections to 30(b)(6) Deposition, Ex. C). Defendants objections and responses put PL Plaintiffs on notice that Defendants would not provide a corporate designee to testify regarding various subject areas, including a number of the areas about with PL Plaintiffs now complain that the witness was not permitted to respond. At no time prior to the 30(b)(6) deposition did counsel for PL Plaintiffs file a Motion to Compel on the issue and at the deposition, counsel for Defendants reiterated that Dr. Hauben was being produced "subject to the responses and objections that were served by Defendants." (Hauben Dep. at 345:21-22).

---

[4] Although PL Plaintiffs did not amend the proposed notice again, Defendants did not receive the formally served version of the notice until the week of the pharmacovigilance deposition. Despite the fact that Defendants did not receive a timely executed and an appropriately served notice, in the interests of judicial economy and expediency, Defendants produced a designee qualified to testify regarding Defendants' pharmacovigilance activities.

A corporate designee must be prepared to testify about matters "known or reasonably known" to the company. *Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 37 (D. Mass. 2001)   "If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." *McLellan Highway Corp. v. United States*, 95 F. Supp.2d 1, 9 (D. Mass. 2000).

PL Plaintiffs allege that Defendants' pharmacovigilance corporate designee was "ill-prepared to provide deposition testimony about pharmacovigilance practices concerning Neurontin for any of the three defendant entities." Plaintiffs' Br. at 9. This assertion is simply wrong. Dr. Hauben was well-prepared to discuss the pharmacovigilance activities of Defendants and should the transcript by reviewed in its entirety, it is obvious that Dr. Hauben was completely prepared to answer questions on the subject of post-market safety analyses and pharmacovigilance related to Neurontin. As Plaintiffs note in their brief, Dr. "Hauben testified to meeting with counsel five or six times for five or six hours on each occasion in preparation for his deposition testimony." Plaintiffs' Br. at 12.   PL Plaintiffs' suggestion that Dr. Hauben's failure to conduct "independent" research is a red-herring. Plaintiffs' Br. at 9-13. PL Plaintiffs fail to identify any law that requires a corporate designee to conduct an "independent" investigation and such investigation is not required.

PL Plaintiffs request to extend discovery and compel yet another Rule 30(b)(6) deposition is a clear fishing expedition. If the Court grants PL Plaintiffs additional discovery, counsel will no doubt continue to argue at every turn that there is newly-

discovered evidence that requires additional depositions and document discovery. At some point, a discovery endpoint must be reached so the parties can resolve the litigation. The Defendants' designation of Dr. Hauben, an imminently qualified physician with impeccable credentials and extensive experience in the field of pharmacovigialnce as a corporate designee[5] -- a fact with PL Plaintiffs' counsel acknowledged -- is another example of the Defendants' efforts to provide appropriate responses to unreasonably burdensome discovery. Accordingly, PL Plaintiffs' request for another 30(b)(6) witness should be denied.

### III. DEFENDANTS SHOULD NOT BE FORCED TO PRODUCE LESTER REICH'S CUSTODIAL FILE OR PRODUCE HIM FOR DEPOSITION

PL Plaintiffs claim that during the recent battery of company witness depositions they learned of additional material that they argue should be disclosed by the Defendants. Pls.' Mem. at 17. Specifically, PL Plaintiffs now request the production of Lester Reich's custodial files and further request to depose Dr. Reich within 20 days of the production of such files. Pls.' Mem. at 17-18. The alleged basis for this motion is the testimony of Manfred Hauben which indicated that Dr. Reich would be in a better position to discuss a 2001 report that was prepared by Dr. Reich (and not by Dr.

---

[5]  Dr. Hauben is board certified in Preventive Medicine as well as Public Health and Clinical Pharmacology. Dr. Hauben Deposition Transcript, at 511 (Ex. D). He has extensive experience in the field of post-market safety – approximately 17 years of experience, 13 of which have been at Pfizer. *Id.* at 516. Dr. Hauben serves as a faculty member at three institutions of higher learning and teaches pharmacovigilance at New York University. *Id.* at 516-17. He is widely published (well over 25 published articles), most of which relate to some aspect of drug safety. *Id*. at 519. In addition to his specialized training in the area of pharmacovigilance he has extensive personal knowledge of Pfizer's pharmacovigilance activities during the approximate 13 years he has been employed by Pfizer.

Hauben).[6] Notably, Dr. Reich's report was produced to plaintiffs **in December 2006**, well in advance of the company witness depositions that were noticed by PL Plaintiffs in this litigation.

The Court should not deviate from its prior orders based merely on the fact that the PL Plaintiffs have decided in retrospect -- after custodial files have been produced and a majority of the 30 company witness depositions have been completed -- that they wish they would have insisted on Mr. Reich's custodial file and deposition.

PL Plaintiffs requested the custodial files of Dr. Reich, along with approximately 200 other current and former Pfizer emplolyees. (Ex. F). Defendants responded by objecting to the production of the sought custodial files. (Ex. G). Counsel for PL Plaintiffs and counsel for Defendants engaged in several meet-and-confer conferences and Pfizer agreed to produce the custodial files for 83 individuals. Dr. Reich was not among the 83 custodians. Defendants objected to the production of any additional custodial files. PL Plaintiffs never filed a motion to compel production of any custodial files, including Mr. Reich's. Now, after more than a year has passed since Defendants formally objected to producing Dr. Reich's custodial file, PL Plaintiffs seek to compel its production. PL Plaintiffs should not be permitted at this late date to obtain the custodial file of an individual based on a report that they had in their possession months before any company witness depositions began or re-visit their decisions about which company witnesses they chose to depose.

---

[6] Dr. Hauben testified that Dr. Reich would be in a better position to testify regarding the report because PL Plaintiffs failed to show Dr. Hauben the document and Dr. Hauben had no independent memory regarding the document. If they had shown the document to Dr. Hauben, he no doubt would not have been forced to refer to Dr. Reich and could have provided the information that PL Plaintiffs sought.

2622583v1
2624671v1

## IV.  AN ORDER GRANTING PL PLAINTIFFS LEAVE TO SERVE NOTICES TO ADMIT IS NOT NECESSARY

PL Plaintiffs seek "leave to serve upon Pfizer Defendants a Notice to Admit that is identical to the Requests for Admissions previously served in separate state court litigation [*Crone v. Pfizer Inc.*, CV 400432, Lake County, California] inasmuch as the facts at issue are identical." This is an obvious attempt by PL Plaintiffs to serve additional discovery requests despite the fact that the time for serving discovery has passed. Notwithstanding the foregoing, Defendants have agreed to stipulate that the responses to the recent Requests for Admission issued in *Crone* can be used in the MDL litigation. Accordingly, there is no need for this Court to grant leave for PL plaintiffs to serve a Request for Admission.

PL Plaintiffs also seek a discovery extension "for the limited purpose of determining whether documents produced by Pfizer are in fact Defendants 'business records.'" Pls.' Brief at 18. Such extension is unnecessary, as Defendants are willing to work with PL Plaintiffs to resolve the authentication issues via some agreed-upon mechanism.

## V.   CONCLUSION

For all of the foregoing reasons, PL Plaintiffs' Motion to Compel Discovery and Extend the Deadlines for Serving Notices to Admit should be denied.

Dated: September 11, 2007                          Respectfully submitted,

                                                   DAVIS POLK & WARDWELL

                                                   By:   /s/James P. Rouhandeh
                                                         James P. Rouhandeh

                                                   450 Lexington Avenue
                                                   New York, NY 10017
                                                   Tel: (212) 450-4000

                                                           -and-

                                                   HARE & CHAFFIN

                                                   By:   /s/David B. Chaffin
                                                         David B. Chaffin

                                                   160 Federal Street
                                                   Boston, MA 02110
                                                   Tel: (617) 330-5000

                                                   *Attorneys for Defendants Pfizer Inc. and
                                                   Warner-Lambert Company LLC*

### CERTIFICATE OF SERVICE

I hereby certify that this document has been served pursuant to Case Management Order No. 3.

                                                   /s/David B. Chaffin