UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | |
| THIS DOCUMENT RELATES TO: | MDL Docket No. 1629<br>Master File No. 04-10981<br>Judge Patti B. Saris |
| *Harden Manufacturing Corp., et al. v. Pfizer, Inc., et al.* | Mag. Judge Leo T. Sorokin |

**CLASS PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THIRD-PARTY PAYOR PLAINTIFFS TO RESPOND TO INTERROGATORIES**

In response to Defendants' motion to compel responses to interrogatories (Dkt. No. 753), Class Plaintiffs offered to "provide a substantive response to Interrogatory No. 2 which will identify less expensive drugs that could have been used to treat the conditions at issue for which Neurontin was prescribed off-label" (Dkt. No. 757 at 1), but objected that they should not be required to provide information concerning the prescription of those drugs to their insureds. On June 25, 2007, the Court overruled these objections, and ordered Plaintiffs to provide further responses by July 30, 2007. Discovery Order No. 12 (Dkt. No. 801).

On July 5, 2007, only ten days after this order was entered, Defendants filed a follow-up motion, seeking to clarify the scope of the required response to Interrogatory No. 2, and the corresponding data production (Dkt. No. 777). Specifically, Defendants sought to

require Plaintiffs to provide a complete and comprehensive list of alternative drugs used to treat the off-label conditions at issue. Like the Coordinated Plaintiffs, Class Plaintiffs had objected to this interrogatory – as well as the interrogatories calling for data concerning "any other drug approved or commonly used to treat" the conditions at issue – as prematurely calling for expert testimony. *See* Dkt. No. 754, Exh. I (original responses to interrogatories no. 2-8); Dkt. No. 852, Exh. A (corrected supplemental responses to interrogatories 2-8).[1]

On July 19, 2007, the Court sustained this objection, and ordered that Plaintiffs are not required to provide this information until they provide Defendants' with their expert reports. *See* Discovery Order No. 13 (Dkt. No. 801, at 4). Class Plaintiffs join in the Coordinated Plaintiffs' Opposition to Motion to Compel Plaintiffs to Respond to Interrogatories (Dkt No. 862), on the grounds that the instant motion likewise calls for premature expert testimony – an issue addressed by the Court in Discovery Order No. 13, not Discovery Order No. 12.

Class Plaintiffs take seriously their obligation to comply with the Court's discovery orders, and regret their inability to provide the data responsive to Discovery Order No. 12 prior to the July 30, 2007 deadline. The status of Class Plaintiffs' efforts in this regard are summarized briefly below.

BlueCross/BlueShield of Louisiana ("BCBSLA") assigned two Informational Technology ("IT") staff persons to this project for the last two months. BCBSLA has succeeded in cross-referencing the data from its three pharmacy benefits manager ("PBM") datasets, but is unable to cross-reference the data from its pre-PBM, legacy dataset, due to incompatibility of the

---

[1] Due to an apparent glitch in converting Class Plaintiffs' supplemental responses from a Microsoft Word document to an Adobe Acrobat document, Class Plaintiffs' supplemental responses are sequential but misnumbered beginning with the Response to Interrogatory No. 4. Class Plaintiffs apologize for the inconvenience.

contract numbers. *See* Declaration of Gayle M. Carpenter ¶¶ 3-4, 8-12. BCBSLA hopes to be able to provide the resulting data to Defendants in advance of the hearing on this motion.

As BCBSLA notes, the handful of alternative drugs identified by Class Plaintiffs generated 1,904 different 9-digit NDC codes. To provide the information requested, each of these 1,904 NDC codes must be cross-referenced with each of the 59 Neurontin NDC codes to match prescription claims for that drug with prescription claims for Neurontin. *Id*. ¶ 6. Accordingly, increasing the number of drugs to be used for cross-referencing claims data geometrically complicates the cross-referencing process. It is impossible to perform similar cross-referencing of claims data without identifying precisely which drugs to cross-reference, and their NDC codes. *Id*. ¶¶ 13-14. Defendants' blunderbuss request for data concerning any and all drugs "commonly used" to treat each of the off-label conditions at issue hardly provides the requisite specificity (as well as prematurely calling for expert testimony).

ASEA does not have possession of the data regarding its members' prescription drug claims. ASEA's PBM, Caremark maintains that data. Declaration of Nancy Pacharzina ¶ 3.

In late 2005, to respond to Defendants' subpoena on Caremark, ASEA and Defendants worked through Caremark's counsel, Theodore Harmon of Ungaretti & Harris, LLP. On December 16, 2005, Mr. Harmon represented in an email to Defendants and ASEA that he had obtained two reports, one for Neurontin claims and one for other prescription claims made by ASEA's Neurontin users. However, on December 19, 2005, Mr. Harmon transmitted only the Neurontin claims report, which was then "anonymized" by ASEA to remove individual subscriber information, and produced to Defendants on January 10, 2006. Id. ¶¶ 4-7 & Exhs. A-C.

Mr. Harmon never transmitted to ASEA the second report containing the additional pharmacy claims of Neurontin users. Although Defendants had subpoenaed this information from Caremark directly, and Caremark had informed Defendants at the same time as Plaintiffs that this spreadsheet would be forthcoming, Defendants never requested or mentioned the report again. Indeed, when Plaintiffs filed their June 4, 2007 opposition to Defendants' motion to compel, they were under the mistaken impression that this information had already been provided to Defendants, and so represented in their opposition. *See* Dkt. No. 757 at 1-2. The parties only pieced together what had happened in the course of briefing the motion. *See* Pacharzina Decl. ¶¶ 8-9.

Following resolution of the motion, ASEA again contacted Mr. Harmon, but was informed that his firm no longer represented Caremark, and was referred to Robert H. Griffith at Foley & Lardner, LLP. ASEA has requested the data from Mr. Griffith, but to date, has not received it. ASEA will continue its efforts to obtain it. *Id.* ¶¶ 10-12.

Similarly, Plaintiff Harden Manufacturing's pharmaceutical claims data is in the possession of its PBM, Blue Cross Blue Shield of Alabama, from whom it has requested the information.[2]

Dated: September 11, 2007                                    Respectfully Submitted,

                                                            By:    */s/ Barry Himmelstein*
                                                                    Barry Himmelstein, Esquire
                                                                    Lieff Cabraser Heimann &
                                                                    Bernstein, LLP
                                                                    Embarcadero Center West
                                                                    275 Battery Street, 30th Floor

---

[2] As this is only the third business day since the filing of the instant motion, Class Plaintiffs have not yet been able to ascertain the status of this request, but will provide a supplemental declaration as to Harden prior to the hearing.

San Francisco, CA 94111-3339

By: /s/ Thomas Greene
Thomas Greene Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

By: /s/ Don Barrett
Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By: /s/ Daniel Becnel
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By: /s/ James Dugan
James Dugan, Esquire
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130

By: /s/ Thomas M. Sobol
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Boston, MA 02110

***Members of the Class Plaintiffs'
Steering Committee***