UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| | Judge Patti B. Saris |
| HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, dba BLUECROSS/BLUESHIELD OF LOUISIANA; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated, v. PFIZER INC. and WARNER-LAMBERT COMPANY. | Magistrate Judge Leo T. Sorokin |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC. and | |
| AETNA, INC. v. PFIZER INC. | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF MOTION TO COMPEL THIRD-PARTY PAYOR
<u>PLAINTIFFS TO RESPOND TO INTERROGATORIES</u>**

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Defendants Pfizer Inc.
and Warner-Lambert Company*

Defendants Pfizer Inc. and Warner-Lambert Company submit this reply memorandum in further support of their motion to compel discovery from the third-party payor Class Plaintiffs and the Coordinated Plaintiffs (collectively, "plaintiffs") pursuant to Federal Rule of Civil Procedure 37 (Dkt # 847, the "Motion").[1]

## PRELIMINARY STATEMENT

Plaintiffs offer no reason for their failure to apprise defendants or the Court of their failure to comply with Discovery Order No. 12 (the "Order"), but instead provide, in the case of Class Plaintiffs, nothing but excuses for their delay, and in the case of Coordinated Plaintiffs, not even that. Plaintiffs have battled at every turn to avoid providing defendants with the answers to the interrogatories at issue, and, despite being ordered by the Court to provide an answer before a date certain (July 30, 2007), not a single plaintiff has satisfied its discovery obligations to defendants.[2] Moreover, at no time have Coordinated Plaintiffs ever provided defendants with any evidence that they have even begun the process of determining the answers to the Interrogatories.

## ARGUMENT

Plaintiffs are in violation of Discovery Order No. 12. On June 17, 2007, this Court issued an Order requiring plaintiffs to respond to Interrogatories Three through Eight by July 30, 2007. As of today, defendants still have not received a complete answer to a single one of those

---

[1] The third-party payor Class Plaintiffs are Harden Manufacturing Corporation ("Harden"), Louisiana Health Services Indemnity Company ("Louisiana Health"), and ASEA/AFSCME Local 52 Health Benefits Trust ("ASEA"). The Coordinated Plaintiffs are four third-party payors, The Guardian Life Insurance Company of America ("Guardian"), Aetna, Inc. ("Aetna"), and Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc. (together, "Kaiser").

[2] While defendants' motion to compel referred to Interrogatories Two through Eight of Defendants' Second Set of Interrogatories, dated March 13, 2007 (Dkt # 848 at 2), this was a typographical error. Defendants seek only to compel a response to Interrogatories Three through Eight (the "Interrogatories").

Interrogatories. While Class Plaintiffs have offered at least some response, inadequate though it may be, Coordinated Plaintiffs have completely disregarded the Order.[3]

## I. Class Plaintiffs' Efforts To Comply with Discovery Order No. 12 Are Insufficient

Class Plaintiffs state that they "take seriously their obligation to comply with the Court's discovery orders, and regret their inability" to comply with the Order. (Dkt # 873 at 2.) While this expression of respect for their discovery obligations may be advisable at this point, defendants still do not have answers to their Interrogatories or a date as to when they will receive these answers. Class Plaintiffs display a marked lack of diligence and have inexplicably limited the resources that they have devoted to compliance with the Order.

Class Plaintiffs make the same arguments regarding burden that this Court has heard before, yet seem unaware of the fact that these arguments already have been rejected. Louisiana Health describes in detail the efforts it has committed to complying with the Order. (Dkt # 873 at 2-3; Dkt # 874.) Notably, Louisiana Health points to the fact that it has devoted two Information Technology ("IT") staff persons to this project over the last two months, and states that it has made significant progress in completing its response, even noting that it hopes to be able to provide the resulting data to defendants prior to the September 20, 2007 Discovery Hearing. (Dkt # 873 at 3.) Nowhere, however, does Louisiana Health explain the inconsistencies between the efforts detailed during this round of briefing and the efforts described in a previous Declaration of Gayle M. Carpenter, dated June 4, 2007, submitted in support of plaintiffs' opposition to defendants' original motion to compel. (*See* Dkt # 758.) In that sworn declaration, Ms. Carpenter declared that creating a custom data mining algorithm

---

[3] Although Coordinated Plaintiffs objected to the Order, the Local Rules a very clear that such objection did not operate to stay the Order. (*See* Dkt # 848 at 3.)

capable of matching up claims data between the various databases used by Louisiana Health would require at least three months, and that this consideration, along with the necessity to cross-reference contract numbers for individuals covered under more than one contract during the period and the necessity to match HIPAA anonymized data with the correct patient would likely double the time required for compliance to at least six months. (Dkt # 758 at 2-3.) Yet now Louisiana Health tells us that it is on the cusp of producing a response with the efforts of only two IT employees—who may or may not have been working full-time on this project. If anything, the burden associated with compliance turned out to be less than what Louisiana Health asserted it would be in initially opposing defendants' motion to compel in June. Given that the Court was aware of those burden arguments then in allowing plaintiffs only 35 days for compliance, it is even more surprising that Louisiana Health has offered no reason why it did not meet the deadline set forth in the Order.

The other Class Plaintiffs, ASEA and Harden, also do not provide a satisfactory explanation for failing to meet the Court-ordered deadline. Counsel for ASEA, Ms. Pacharzina, states that she spoke with defense counsel several times during June 2007 regarding the requested information, that she realized at that time that Caremark had never produced the non-Neurontin claims data she had originally believed they had, but then notes that she did not contact ASEA's PBM until August 1, 2007, after the Court-ordered deadline already had passed. (*See* Dkt # 875 at 2-3.) Ms. Pacharzina offers an excuse for at least part of the delay by claiming that she was unaware of the fact that Caremark had changed counsel during the course of the litigation, even though this change took place in 2006, prior to the 30(b)(6) deposition of Caremark by defendants on February 15, 2007. Ms. Pacharzina received multiple notices for

4

that deposition, each of which identified Caremark's new counsel.[4] Given that Caremark apparently was ready and willing to produce *all* of the non-Neurontin prescription drug claims data for ASEA's covered individuals in 2005, it is unclear why, given that almost three months have passed since the Order, ASEA's failure to obtain this data from Caremark should be excused.

Harden does not offer any explanation as to why its PBM, Blue Cross Blue Shield of Alabama, has been unable to perform the requested analysis, does not state when it contacted its PBM, or even whether it sought to comply with the Order in advance of the July 30 deadline.[5] Neither plaintiff offers any estimate of when a response may be provided.

## II.   Class Plaintiffs Have Improperly Limited the Scope of their Response to the Interrogatories

Class Plaintiffs have taken it on themselves to redefine the Interrogatories rather than answering them as ordered by the Court. Class Plaintiffs now claim that Discovery Order No. 13 allowed them to defer a response until December 30, 2007 not only to Interrogatory Two, but also to Interrogatories Three through Eight. (Dkt # 873 at 2.) Discovery Order No. 13, however, does no such thing, as it clearly applies only to Interrogatory Two. For example, plaintiffs are required to answer Interrogatories Five through Eight, relating to drugs commonly used to treat certain conditions. Nothing in Discovery Order No. 13 relieves Class Plaintiffs of their obligation to do so. Furthermore, while it may be the case that Class Plaintiffs objected to the Interrogatories as requiring expert testimony to answer (*see* Dkt # 873 at 2), it is also the case

---

[4] Ms. Pacharzina additionally states that defendants never followed up on the issue of non-Neurontin claims data from ASEA between December 2005 and June 2007. This representation, however, is clearly incorrect, as defendants moved to compel the production of non-Neurontin prescription drug claims in July 2006.

[5] Notably, Harden apparently contacted Blue Cross Blue Shield of Alabama in connection with its opposition to defendants' motion to compel filed on June 4, 2007 (Dkt # 757 at 3), and so it is clear, at least, that they are in communication.

5

that defendants moved to compel a response, and that motion was granted by the Order. Plaintiffs' attempt to relitigate issues already decided by this Court again demonstrates the length to which they will go to avoid providing defendants with the information they require.

### III.    Coordinated Plaintiffs Have Simply Ignored their Obligations under the Order

Coordinated Plaintiffs do not even offer token compliance with the Order, and instead seem to have ignored it in the hopes that it would go away. Rather than explaining this blatant disregard for an Order of this Court, Coordinated Plaintiffs instead attempt to cast blame on defendants for a purported "ambush," when it was their flagrant violation of the Order that forced defendants to file the Motion. (Dkt # 862 at 2.)

The issue before the Court is obviously ripe for resolution, as Coordinate Plaintiffs continue to resist answering the Interrogatories. Coordinated Plaintiffs also dwell on what was obviously a typographical error in defendants' papers as cover for their failure to offer a coherent argument as to why they are not in violation of the Order. Defendants' memorandum makes clear that defendants did not seek to compel a response to Interrogatory Two prior to the date ordered by the Court, December 30. Instead, defendants' arguments related to Interrogatories Three through Eight, those at issue here. Not only should Coordinated Plaintiffs attempt at distraction be rejected, but the explanation that they now offer for the first time for their failure to comply with the Order demonstrates their further disregard for the Order.

Coordinated Plaintiffs argue, without the support of any affidavit or expert opinion, that they are "incapable" of responding to Interrogatories Three through Eight without also providing a response to Interrogatory Two. (*Id.*) This Court was surely aware of what it had ordered with respect to the Interrogatories when it made its ruling on Interrogatory Two allowing plaintiffs until December 30, 2007 to respond to that one Interrogatory, but requiring plaintiffs to answer

Interrogatories Three through Eight by July 30, 2007. Interrogatory Two asked plaintiffs to support a contention crucial to their litigation position; Interrogatories Three through Eight seek instead facts in the possession of plaintiffs. These large third-party payors must know, through their Pharmacy & Therapeutics Committees in charge of the formulary, through in-house clinical staff, or through reliance on the PBM, which drugs are "commonly used" to treat various conditions. This is the very heart of their business. Defendants' purpose in including drugs "commonly used" for various indications in the Interrogatories was to broaden their scope beyond that set of drugs selected by plaintiffs in response to Interrogatory Two as "cheaper and more optimal" than Neurontin.

Moreover, the Coordinated Plaintiffs offer no explanation for why they did not meet at least the minimal efforts of the Class Plaintiffs in attempting to comply with the Order; namely, by answering Interrogatories Three through Eight at least for the medications they have previously identified.

The Coordinated Plaintiffs also have failed to answer interrogatories which are not tied in any way to Interrogatory Two, and have not provided any answer to these interrogatories even though they possess information as to the drugs commonly used to treat bipolar disorder or depression, neuropathic pain, and epilepsy, as called for by the interrogatories. Finally, Coordinated Plaintiffs have provided no information at all as to whether they have even begun the process of complying with the Order. They should not be heard to argue that compliance will take too long simply because they delayed initiating their efforts to answer the Interrogatories.

## CONCLUSION

For all the foregoing reasons, as well as those set forth in defendants' memorandum in support of motion to compel discovery from third-party payor plaintiffs, defendants respectfully request that their Motion be granted.

Dated: September 17, 2007

>DAVIS POLK & WARDWELL
>
>By:   /s/ James P. Rouhandeh
>         James P. Rouhandeh
>         Matthew B. Rowland
>450 Lexington Avenue
>New York, New York 10017
>(212) 450-4000
>
>   - and -
>
>HARE & CHAFFIN
>
>By:   /s/ David B. Chaffin
>         David B. Chaffin
>
>160 Federal Street
>Boston, Massachusetts 02110
>(617) 330-5000
>
>*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on September 17, 2007.

>/s/ David B. Chaffin