UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, dba BLUECROSS/BLUESHIELD OF LOUISIANA; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCMIE LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated, v. PFIZER INC. and WARNER-LAMBERT COMPANY, | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC. | |
| and | |
| AETNA, INC. v. PFIZER INC. | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF FINANCIAL DATA RELATED TO NEURONTIN**

Plaintiffs have filed a motion seeking an order requiring Defendants to produce occurrence level financial data related to Neurontin. Plaintiffs contend that Defendants possess electronic data that tracks its expenditures related to Neurontin on an occurrence by occurrence basis and that such information is relevant to the claims in this case and should be produced. Defendants have opposed Plaintiffs' Motion on two grounds. First, Defendants claim that such data is not relevant because it does not track expenditures according to the indication to which the expenditure relates. Second, Defendants claim Plaintiffs' motion is untimely and as such somehow more burdensome. Neither of Defendants' basis stand to reason and the data should be produced.

## I.     ARGUMENT

### A.     Occurrence Level Financial Data is Relevant

Defendants purposefully misconstrue Plaintiffs' opening brief as calling only for financial data that was tracked according to the particular indication to which it relates and claiming that only data maintained in such a way is relevant. To be sure, financial data that is maintained in accordance with the particular indication to which it relates would be preferable, but the fact that the financial data that apparently exists and has been identified by Defendants does not track expenditures by indication does not diminish the relevance of the data that does exist. Even without an internal record of the indication associated with each expenditure, in conjunction with other information received in discovery concerning the details, of among other things, marketing campaigns, speaker events, and efforts to develop and publish peer reviewed articles, the data can be used to track expenditures related to particular marketing events, many of which focus on particular off-label uses for Neurontin. In can also be used to track expenditures related to specific marketing campaigns. Indeed,

the expenditures captured in such data, even if not broken down by indication, would be utilized in the econometric model proposed by Professor Rosenthal to estimate the number of units sold of Neurontin that resulted from Defendants' fraudulent promotion of Neurontin for the various off-label uses at issue in this case. Data that does not track expenditures by indication would require more work on the part of Plaintiffs and its experts to associate expenditures by indication, but it is still useful for these purposes and relevant to the claims in the case and should be produced.

For example, if Plaintiffs know, through other discovery received from Defendants, the subject matter discussed at particular marketing events within a particular campaign they can correlating the dates of those events, the names of participants, the third party vendors involved and other details learned in discovery with the financial data as recorded by Defendants. This would allow Plaintiffs to track the expenditures for the event or series of events. Internal allocation by Defendants by indication would be preferable, but data lacking an indication designation is still relevant and useful. To be sure, any model that attempts to use aggregate numbers for these purposes will surely be criticized by Defendants and their experts as inadequate and lacking the requisite detail to be useful.

### B.    Plaintiffs' Motion is Timely

This Court's Discovery Order No. 13 provided for motions to compel concerning document discovery to be filed up to September 6, 2007, the date that Plaintiffs filed their motion. This allowed Plaintiffs to conclusively identify the deficiencies in Defendants' document production, as well as its significance, and act accordingly. That was the very purpose of the Court's discovery order. Defendants now claim that the order required something different and that because this issue was not identified until the end of the period

3

for filing of motions to compel, Plaintiffs have waived their right to this relevant discovery. Plaintiffs respectfully suggest that this was not the purpose or intent of the Court's Discovery Order No. 13. In the days leading up to the September 6, 2007 deadline Plaintiffs and Defendants both identified a number of issues in an attempt to resolve deficiencies in production. Many of these were resolved. Those that were not were brought to the Court's attention via motions to compel, exactly as contemplated by the Court's discovery order.

Defendants acknowledge that Plaintiffs met and conferred with them on two occasions shortly before the deadline for filing of discovery motions in an attempt to resolve this issue. Defendants claim that this provided them insufficient time in which to adequately confer regarding the issue. Plaintiffs met their obligation to meet and confer with Defendants in good faith prior to filing of this motion and it is not clear how additional time to meet and confer would have further narrowed the issues or changed Defendant's response to the call for production. Plaintiffs' Motion was filed on September 6, 2007, almost two weeks ago. If additional time to review Plaintiffs request for production of this data would have made some difference in Defendant's response, there has been no sign of that from them in the weeks since the motion was filed.

Defendants also appear to argue that the timing of Plaintiffs' motion has somehow created an increased burden on Defendants. Defendant's Opposition does not quantify the burden to Defendants other than to state that the burden is "substantial." Def. Opposition at 5. If Defendants are ordered to produce occurrence level financial data collection of that data now will be no more a burden than it would have been three months or three years ago. The timing of Plaintiffs' Motion does not bear on the issue of Defendant's burden. Defendants have been aware of the fact discovery cut-off, as well as the Court's scheduling of final

4

motions concerning document discovery. Having been well aware of the Court-ordered schedule, Defendants cannot now claim an added burden based on the time remaining in discovery.

## II. Conclusion

For the foregoing reasons, Plaintiffs' motion to compel certain discovery relating to occurrence level financial data for Neurontin should be granted and Defendants should be ordered to produce such data.

Dated: September 17, 2007

By: **/s/ Thomas M. Sobol**
Thomas M. Sobol
Edward Notargiacomo
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

*Plaintiffs' Liaison Counsel and Member of the Class Plaintiffs' Steering Committee*

By: **/s/Barry Himmelstein**
Barry Himmelstein, Esquire
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By: **/s/Don Barrett**
Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By: **/s/Daniel Becnel, Jr.**
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

5

By: **/s/James Dugan**
James R. Dugan, II, Esquire
Dugan & Browne, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

By: **/s/Thomas Greene**
Thomas Greene, Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

*Members of the Class Plaintiffs'
Steering Committee*

By: **/s/Richard Cohen**
Richard Cohen, Esquire
Lowey Dannenberg Bemporad
& Selinger, P.C.
The Gateway
One North Lexington Avenue
White Plains, NY 10601

By: **/s/Linda Nussbaum**
Linda Nussbaum, Esquire
Kaplan Fox & Kilsheimer LLP
805 Third Avenue
New York, NY 10022

*Members of the Non-Class
Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on September 17, 2007.

/s/Edward Notargiacomo