UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION ) ) ) ) | MDL Docket No. 1629 Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL SALES AND MARKETING ACTIONS ) ) ) ) ) | Judge Patti B. Saris Magistrate Leo T. Sorokin |

**PLAINTIFFS' OPPOSITION TO NON-PARTY CLINE DAVIS & MANN INC.'S SEPTEMBER 17, 2007 LETTER REQUESTING A STAY OF A RULING ON PLAINTIFFS' MOTION TO COMPEL 30(B)(6) TESTIMONY AND ELECTRONIC DOCUMENTS**

For two and a half years, Cline Davis & Mann ("CDM") and their counsel, Davis & Gilbert, have purposely ignored orders of this Court and caused undue delay in producing documents and complying with properly issued subpoenas in this action. CDM's improper and untimely request to further delay these proceedings is nothing more than its latest effort to disregard this Court's authority and deprive Plaintiffs of highly relevant information for use in pursuing this action.[1]

---

[1] CDM filed a letter with this Court yesterday (September 17, 2007) requesting that Your Honor stay the instant motion pending a ruling on a Motion to Quash a subpoena belatedly filed by CDM in the United States District Court for the Southern District of New York. Since Plaintiffs just received CDM's letter request yesterday, Plaintiffs believed it imperative to immediately file a response to preserve their rights. Plaintiffs hereby respectfully request an opportunity to supplement their opposition, if need be, in advance of the discovery hearing scheduled for this Thursday, September 20, 2007. If Plaintiffs intend to file a supplement, it will be filed at least one day before Thursday's hearing.

## I.    FACTUAL BACKGROUND

Plaintiffs originally issued a subpoena to CDM, a medical marketing firm in New York, on May 10, 2005 . [See Exhibit A to the Declaration of Jeff S. Gibson submitted herewith.]   For 18 months, CDM refused to respond to Plaintiffs' properly served subpoena because the Court had not yet ruled on the applicable time period governing this action .[2]

As a result of CDM's refusal to comply with this subpoena, Plaintiffs filed their *Motion to Compel Production of Documents from Non-Parties Sudler & Hennessey, CDM, Ferguson, Adelphi, Inc, Current Medical Directions, Fallon Medica, and the Impact Group* ("Motion to Compel") on November 30, 2006.  On December 20, 2006, this Court entered an order granting the Plaintiffs' Motion to Compel.  In that Order, Judge Saris ordered CDM to produce all documents by February 1, 2007. [See Exhibit B to the Declaration of Jeff S. Gibson submitted herewith.]   At no time did CDM file a proper objection to Plaintiffs' Motion to Compel, nor did it take the necessary steps to challenge this Court's December 20, 2006 Order.

In January 2007, CDM began a letter writing campaign with this Court with respect to the December 20, 2006 Order.  Specifically, on January 5, 2007, Davis & Gilbert submitted a letter that purported to timely object to this Court's December 20,

---

[2] The history of CDM's conduct has been the subject of *Motion to Compel Production of Documents from Non-Parties Sudler & Hennessey, Cline Davis & Mann, Ferguson, Adelphi, Inc, Current Medical Directions, Fallon Medica, and the Impact Group* filed by the Plaintiffs on November 20, 2006 as well as a second *Motion to Compel 30(b)(6) Testimony and Electronic Documents from Cline Davis & Mann, Inc.* filed by the Plaintiffs on September 6, 2007 and an *Order to Show Cause why Cline Davis & Mann and Sudler & Hennessey Should not be Sanctioned for Their Failure to Comply with this Court's December 20, 2006* Order filed by the Plaintiffs on June 29, 2006.  In light of the well-documented history, Plaintiffs will not burden the Court by repeating the factual history underlying this dispute.

2006 Order. [See Exhibit C to the Declaration of Jeff S. Gibson submitted herewith]. On January 15, 2007, Davis & Gilbert submitted a second letter that contested this Court's jurisdiction in issuing the December 20, 2006 Order. [See Exhibit D to the Declaration of Jeff S. Gibson submitted herewith.]

Following the filing of these letters, Judge Saris made two (2) ECF entries admonishing CDM for filing *letters* seeking relief. Judge Saris stated: "File a motion if relief is requested. I do not accept motions by letter" and "[i]n this session, I require motions and oppositions". [See Exhibit E to the Declaration of Jeff S. Gibson submitted herewith.]

Despite this Court's December 20, 2006 Order compelling production by February 1, 2007, CDM did not produce any documents until June 2007. The purported delay in production was that the responsive documents were in the possession of the U.S. Attorney's office and CDM was awaiting the return of the documents. Notably, CDM could have requested that the U.S. Attorney's Office return the documents. Instead, CDM waited until this Court's Order compelled them to produce the documents to request the documents be returned from the U.S. Attorney's Office.

On August 13, 2007, Plaintiffs issued a second subpoena to CDM pursuant to Rule 30(b)(6) and 45 of the Federal Rules of Civil Procedure. [See Exhibit F to the Declaration of Jeff S. Gibson submitted herewith.] True to form, CDM refused to produce a witness for the topics identified by Plaintiffs. Following a meet and confer on September 6, 2007, Plaintiffs filed a *Motion to Compel 30(b)(6) Testimony and Electronic Documents from Cline Davis & Mann, Inc.* in this Court.

Instead of responding to the motion in this Court, CDM filed a *Motion to Quash and for a Protective Order* in the Southern District of New York -- the district court from which the subpoenas were issued -- on September 11, 2007. On September 14, 2007, CDM sent a letter to this Court requesting that the Court stay its ruling on Plaintiffs' September 6, 2007 Motion to Compel pending the resolution of its *Motion to Quash and for a Protective Order* filed in the Southern District of New York, or in the alternative, consider the arguments set forth in CDM's *Motion to Quash and for a Protective Order* as its opposition to Plaintiffs' *Motion to Compel 30(b)(6) Testimony and Electronic Documents from Cline Davis & Mann, Inc.* [See Exhibit G to the Declaration of Jeff S. Gibson submitted herewith.]

CDM's letter request should be denied as it is untimely and not in the proper form. Moreover, the District Court of Massachusetts most certainly does have jurisdiction over this dispute.

## II.    ARGUMENT

### A.    CDM's Submission Should be Stricken as Improper and Untimely

Pursuant to the most recent Discovery Order of this Court dated July 19, 2007, CDM's response to Plaintiffs' Motion to Compel was due on September 11, 2007. Counsel for CDM appeared in this action in this Court on May 11, 2005. In an abundance of caution and as a courtesy, Plaintiffs' Counsel notified CDM of the briefing schedule established by this Court when Plaintiffs' opening motion was filed on September 6, 2007. CDM chose to disregard that schedule and filed its "response" six days late.

Moreover, even if CDM's response was timely -- which it is not -- it also chose, yet again, to ignore the filing procedures specifically established by Judge Saris. Judge Saris previously instructed CDM to file proper motions if it sought relief from the Court and that the Court would not accept informal correspondence in place of motions. [See Exhibit E to the Declaration of Jeff S. Gibson submitted herewith.] Despite this instruction, CDM chose to file a letter with the Court seeking affirmative relief.

Thus, because CDM's letter request violates Judge Saris' explicit Order it should not be considered by this Court. Moreover, because CDM's "response" was both untimely (6 days late) and filed in the wrong Court, it should be stricken and ignored and the relief requested should be summarily rejected.

**B.    This Court has Jurisdiction over this Matter**

CDM's contention that this Court does not have jurisdiction over this dispute is without merit.[3] In *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462 (6th Cir. 2006), the only circuit court case addressing this issue, the Court held:

> The MDL statute empowers an MDL judge to act as a judge of the deposition or discovery district. *See* 28 U.S.C. § 1407(b) ("The judge or judges to whom such [MDL] actions are assigned ... may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings."). **A judge presiding over an MDL case therefore can compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted.** However, because the MDL judge is acting as a judge of the deposition or discovery district when he uses the authority outlined in

---

[3] Apparently not agreeing with this Court's prior rulings pertaining to them, CDM now seeks relief in another jurisdiction in the hopes of achieving more favorable results.

Section 1407(b), appeal from the exercise of such authority lies in the circuit court embracing that deposition or discovery district.

emphasis added.

The Southern District of New York, where CDM now seeks relief, adheres to the same rule. *See In re Subpoena Issued to Boies, Schiller & Flexner*, No. M8-85, 2003 WL 1831426, at *1 (S.D.N.Y. Apr. 3, 2003) (holding that § 1407 vests a foreign MDL court with the authority to hear a motion to quash a subpoena issued by the Southern District of New York).

In arguing that this Court lacks jurisdiction, CDM does not cite a single case to the contrary. Instead, it cites a case that not only recognizes an MDL court's authority to enforce a subpoena on an extra-district nonparty, but holds that under the same reasoning, a district court may transfer an enforcement proceeding pending before it to a non-MDL court, where doing so would serve the interest of efficiency and justice. *Stanziale v. Pepper Hamilton LLP* , No. M8-85, 2007 WL 473703, at *4 (S.D.N.Y. Feb. 9, 2007) ("While the language of § 1407(b) provides a clearer textual basis for transfer than in the present non-MDL case, nothing in Rule 45 explicitly prohibits a transfer of the instant dispute."). *Stanziale* certainly does not support the proposition that this Court lacks jurisdiction to hear this dispute.

Pursuant to well established authority, this Court previously exercised its jurisdiction over CDM in issuing its December 20, 2006 Order compelling CDM to produce documents. CDM never sought relief from the December 20, 2006 Order, and cannot be allowed to do so now through an untimely and improper letter to the Court.

### III.    CONCLUSION

For two and a half years, CDM and their counsel, Davis & Gilbert, have gone to great lengths to purposely delay and frustrate discovery. They have ignored orders of this Court, filed improper motions, and pounded the sand claiming Plaintiffs are somehow conspiring to violate CDM's due process rights. This latest tactic is nothing more than another ruse to further delay discovery. Such tactics are not only wholly improper, but it jeopardizes the discovery deadline of October 15, 2007. Accordingly, Plaintiffs respectfully request that the Court deny CDM's request to stay a ruling on Plaintiffs' *Motion to Compel 30(b)(6) Testimony and Electronic Documents from Cline Davis & Mann, Inc.* Plaintiffs further request that the Court order CDM to immediately comply with the May 10, 2005 and August 13, 2007 subpoenas in their entirety.

Respectfully submitted,

Dated: September 18, 2007

By:    /s/ Richard S. Shevitz
       Richard S. Shevitz
Cohen & Malad, LLP
One Indiana Square Suite 1400
Indianapolis, IN 46204

Gerald Lawrence, Esq.
LOWEY DANNENBERG BEMPORAD &
SELINGER, P.C.
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA  19428

***Members of the Plaintiffs' Non-Class Steering
Committee***

Barry R. Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas Greene, Esquire
GREENE & HOFFMAN
125 Summer Street
Boston, MA 02110

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Boston, MA 02110

Don Barrett
BARRETT LAW OFFICE
404 Court Square North
P.O. Box 987
Lexington, MS 39095

Daniel Becnel, Jr.
LAW OFFICES OF DANIEL BECNEL, JR.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

James Dugan
DUGAN & BROWNE
650 Poydras St., Suite 2150
New Orleans, LA 70130

***Members of the Plaintiffs' Non-Class Steering
Committee***

## **CERTIFICATE OF SERVICE**

I hereby certify that this on September 18, 2007, I caused this document to be served on the parties pursuant to Case Management Order #3 by causing it to be filed through the Court's ECF System.

I also certify that I caused a true and complete copy of this document to be served on Davis & Gilbert, counsel for Cline Davis at 1740 Broadway, New York, New York 10019 via electronic mail and Federal Express Overnight Delivery.

ATTORNEY FOR PLAINTIFFS


/s/ Richard S. Shevitz_____
Richard S. Shevitz