UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

Order on Plaintiffs' Motion to Compel (Docket #850)

September 27, 2007

SOROKIN, M.J.

In May, 2005, the Sales and Marketing Plaintiffs served non-party Cline Davis & Mann, Inc. ("CDM") with a subpoena seeking documents related to the instant litigation. In November, 2006, the Plaintiffs filed a motion to compel CDM to comply with the subpoena. On December 20, 2006, the Court ordered CDM to produce all documents sought by the subpoena by February 1, 2007. CDM filed an objection to the motion in two letters to Judge Saris. CDM contended at that time that this Court did not have jurisdiction to issue orders related to the subpoena, and further stated concerns it had with the deadline. On January 5, 2007, Judge Saris entered two electronic endorsements on the letters stating, "File a motion if relief is requested. I do not accept motions by letter," and "[i]n this session, I require motions and oppositions." CDM never filed a motion in this Court.

On June 29, 2007, The Plaintiffs filed a motion for an Order to show cause why CDM should not be sanctioned for failure to comply with this Court's Order of December 20, 2006.

1

On July 19, 2007, the Court denied the motion without prejudice in light of the fact that the documents sought by the Plaintiffs appeared to have been made available to them.

However, the Plaintiffs have returned to the Court because they are not fully satisfied with CDM's production to date. On September 6, 2007, the Plaintiffs filed a motion to compel CDM (1) to produce electronic documents responsive to the subpoena; and (2) to provide deposition testimony in response to a subpoena issued on August 17, 2007, pursuant to Fed. R. Civ. P. Rule 30(b)(6) and Fed. R. Civ. P. 45. On September 14, 2007, CDM sent a letter to the Court in which it reiterated its previous objection to the Court's jurisdiction to issue orders concerning subpoenas. The letter indicated that CDM has moved the United States District Court for the Southern District of New York (the issuing district for the subpoenas) for a protective order with regard to the document subpoena, and for an Order quashing the deposition subpoena. In a letter to the undersigned, CDM requests that this Court stay its determination of the motion to compel pending a decision by the Court in New York and asks that this Court treat its New York filings as its opposition to the Motion to Compel.

Contrary to CDM's arguments, this Court has jurisdiction to issue orders related to the subpoenas at issue. The purpose of a multidistrict litigation consolidation is to "avoid duplicative discovery, prevent inconsistent pretrial rulings and conserve judicial resources." In re Air Disaster, 486 F.Supp. 241, 243 (Jud. Pan. Mult. Lit.1980). The relevant statutes and caselaw provide for an MDL Court to resolve disputes arising from the service of Rule 45 subpoenas on non-parties located in other districts, although appeals from such orders, the Sixth Circuit has ruled, lie in the Circuit Court encompassing the place in which the subpoena was served. U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc., 444 F.3d 462, 469 (6th Cir.2006).

28 U.S.C. §1407 provides for a transfer of actions pending in different districts for the purpose of coordinated and consolidated pretrial proceedings. Section 1407(a) provides, in part: "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C.A. §1407(a). The meaning of "pretrial proceedings" has been interpreted liberally to give the transferee district court control over any and all proceedings prior to trial. See, e.g., In re U.S. Office Products Co. Sec. Litig, 251 F.Supp.2d 58, 65 (D.D.C. 2003)("In a multidistrict litigation action, the transferee judge has the same jurisdiction and power over pretrial proceedings that the transferor judge would have in the absence of the transfer."); see also, In re 'Agent Orange' Prod. Liability Litigation, 597 F. Supp. 740, 751-52 (D.C.N.Y.1984) ("Once a case has been transferred by the Panel on Multidistrict Litigation, the transferee court assumes complete jurisdiction for pretrial purposes. It has the authority to settle all pretrial motions, including dispositive motions such as those for summary judgment or approval of a settlement. The transferee court also is authorized to handle matters relating to class action certification in order to prevent inconsistent rulings and to promote judicial efficiency").

The scope of the MDL judge's authority is similarly broad. The analysis "begins with the statutory text, and ends there as well if the text is unambiguous." BedRoc Ltd. v. United States, 541 U.S. 176, 183 (2004). Title 28 U.S.C. §1407(b) defines the scope of the transferee judge's power over these pretrial proceedings. It specially provides that "[t]he judge or judges to whom such actions are assigned . . . may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial

3

proceedings."[1]  28 U.S.C. § 1407(b).  Thus, Congress authorized the district judge in an MDL to exercise the powers of a district judge "in <u>any district</u>" for purposes of conducting pretrial depositions.  <u>Id</u>. (emphasis added).[2]  Part of the Plaintiffs' Motion seeks compliance with a deposition subpoena.

The caselaw confirms the plain meaning of the statute.  As the Sixth Circuit has noted:

> . . . the MDL statute empowers an MDL judge to act as a judge of the deposition or discovery district.  <u>See</u> 28 U.S.C. § 1407(b) ('The judge or judges to whom such [MDL] actions are assigned . . . may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings').  A judge presiding over an MDL case therefore may compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted.

<u>U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.</u>, 444 F.3d 462, 468-469 (6th Cir.2006).

"An argument can be made that section 1407(b)'s grant of authority to the MDL judge to

---

[1] The complete text of 28 U.S.C. §1407(b) provides: "Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation. For this purpose, upon request of the panel, a circuit judge or a district judge may be designated and assigned temporarily for service in the transferee district by the Chief Justice of the United States or the chief judge of the circuit, as may be required, in accordance with the provisions of chapter 13 of this title. With the consent of the transferee district court, such actions may be assigned by the panel to a judge or judges of such district. The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings."

[2] In addition, in this MDL approximately nineteen cases have been transferred to this district for pretrial proceedings from the Southern District of New York, the district in which the subpoena was served.

oversee nonparty discovery occurring outside the MDL district does not extend to enforcement of documents-only subpoenas." Pogue, 444 F.3d at 469 n. 4 (citation omitted). However, ". . . the rationale underlying the MDL statute of 'just and efficient' resolution of pretrial proceedings requires the conclusion that Section 1407(b)'s grant of authority applies to both deposition subpoenas and documents-only subpoenas." Id.

This reasoning has been applied in a number of other cases. In a multidistrict litigation pending in the District of Puerto Rico, a non-party witness was served with a subpoena duces tecum issued by the District of Idaho. See In Re San Juan Dupont Plaza Hotel Dire Litigation, 117 F.R.D. 30, 32 (1987). The witness objected to the production of certain documents and, pursuant to the language of F.R.C.P. 45(d)(1),[3] challenged the jurisdiction of the Puerto Rico court to order the production of the documents. Id. at 31. The Court noted that despite the language of F.R.C.P. 45(d)(1), the enabling statute specifically permits the transferee judge to exercise the power of a district judge in any district for the purposes of conducting pretrial depositions in consolidated pretrial proceedings. Id. at 32. Calling the powers of the transferee judge "nothing less than plenary," the court specifically held that a magistrate judge may be appointed to resolve non-dispositive civil motions, including those relating to depositions and subpoenas addressed to non-parties, as "an ordinary consequence of the transferee judge's

---

[3]An action to enforce compliance with a subpoena issued pursuant to Rule 45(d)(1) must generally be brought in the court where the action is pending. See Wm. T. Thompson Co. V. General Nutrition Corp., Inc., 671 F.2d 100, 102 (3d Cir. 1982); First National Bank at Thermopolis v. Western Casualty Surety Co., 598 F.2d 1203, 1206 (10th Cir. 1979); In re Uranium Antitrust Litigation, 503 F.Supp.33, 35(N.D. Ill., 1980).

additional duties." Id. at 32.[4]

Finally, the Manual for Complex Litigation, cited by CDM, supports rather than contradicts the governing statutes and caselaw. It specifically notes the MDL judge's authority under 28 U.S.C. § 1407 to rule on pretrial proceedings and contrasts that authority with "other cases" in which a judge presiding over a complex case must acquire the authority to rule on the type of issue presented here by way of an interdistrict or intercircuit assignment.[5] MCL 4th, §11.424.

CDM's reliance on Stanziale v. Pepper Hamilton LLP, 2007 WL 473703 (S.D.N.Y. Feb. 9, 2007) is misplaced. That case was not a multi-district litigation and thus § 1407(b) did not govern. Rather it was filed in Delaware, and a Court in New York issued a non-party subpoena. When the subpoena was disputed, the Court in New York transferred the dispute to the Delaware Court, noting that "[the Delaware judge's] familiarity with not only the underlying facts but

---

[4] In any event, in the letter filing and accompanying memorandum which CDM has asked the Court to consider as its opposition, it has made no argument that a magistrate judge (as distinct from a district judge presiding over this MDL) lacks authority to order the relief sought. by the Plaintiffs.

[5] The full text of the relevant provision from the Manual states:

When a dispute is presented to a deposition-district court, however, the assigned judge may have or be able to obtain authority to act also as deposition judge in that district, and may be able to exercise those powers by telephone. In multidistrict litigation under 28 U.S.C. § 1407(b), the 'judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions.' In other cases, an interdistrict or intercircuit assignment may enable the judge to whom the case is assigned to act as deposition-judge in another district.

MCL 4th § 11.424.

[related questions about the dispute] make him far better to hear this dispute than I." Id. at *5. The Stanziale Court also noted that there is a "clear[] textual basis for transfer" of motions to quash subpoenas in an MDL case from the Court that issued to subpoena to the Court that presides over the underlying MDL. Id. at *4.

## CONCLUSION

For the foregoing reasons, the Court overrules CDM's objection to this Court's exercise of jurisdiction. The Court, however, did not have the benefit of oral argument on the Motion to Compel because counsel Cline Davis did not appear for the hearing. Accordingly, the Motion to Compel remains under advisement and the Court will hold a hearing on October 17, 2007 at 2:00 p.m.

CDM has indicated in its papers that appearing in Boston poses an undue burden and expense, a consideration of significance under Rule 45. If CDM wishes to attend the hearing on the Motion to Compel by telephone, it may do so by making arrangements with the Clerk.

SO ORDERED.

/s/ Leo T. Sorokin
_____
United States Magistrate Judge