UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
:   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,            :
        SALES PRACTICES AND             :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION   :
                                        :   Judge Patti B. Saris
---------------------------------------------------------------x
                                        :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:               :
                                        :
RUTH SMITH v. PFIZER INC.               :   Individual Case No. 05-cv-11515
                                        :
---------------------------------------------------------------x

## MEMORANDUM IN SUPPORT OF PRODUCTS LIABILITY PLAINTIFFS' EMERGENCY MOTION TO COMPEL DISCOVERY

This Memorandum is submitted in support of Products Liability Plaintiffs' Emergency Motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an Order compelling Pfizer Defendants to respond to PL Plaintiffs' September 4, 2007 Request for Production in *Smith v. Pfizer Inc.*

## FACTUAL BACKGROUND

PL Plaintiffs are moving hereto by Emergency Motion because a hearing in this litigation is scheduled for October 17, 2007, but no briefing schedule has been established for this hearing date. The discovery discussed herein is crucial to this action; therefore, PL Plaintiffs respectfully request that this Court establish an expedited briefing schedule so that this motion may be heard on the October 17, 2007 hearing date.

Pfizer Defendants were ordered to complete document production, answer interrogatories, and respond to other written discovery by April 30, 2007. (ECF Doc # 576.) On June 6, 2006, PL Plaintiffs served Template Discovery: Product Liability Plaintiffs' Request for

Production of Document and Things Directed to Defendants. (ECF Doc # 335-1). Request No. 9 demands that Pfizer Defendants produce the following:

> 9. For each prescribing healthcare provider, please produce all documents reflecting whether Defendants or their representatives ever provided the healthcare provider (or anyone in the practice) Neurontin samples including the following information:
> a. The number of sample packets provided and the dosages provided;
> b. The dates that they were shipped and/or provided;
> c. The identity of the person or persons who provided the samples;
> d. Copy or copies of the packaging and package inserts, if any, that correspond to the samples that were provided.

Pfizer Defendants did not produce the required sample data/information in regard to the *Smith* case within the timetable mandated by this Court. Therefore, on September 4, 2007, PL Plaintiffs served a Request for Production of the sample data/information. (*See* Plaintiffs' Request for Production, annexed hereto as Exhibit A.) Plaintiffs' Request for Production was timely served as Discovery Order No. 7 established a September 15, 2007 deadline for Fact Discovery in the two designated Track One Cases. (ECF Doc. # 582). Moreover, although Pfizer Defendants have not sought an extension of this deadline from the Court, pursuant to Discovery Order No. 6, "the deadline for production of template discovery in any action pending before this Court as of November 30, 2006 shall be January 15, 2007." (ECF Doc. #550.)

PL Plaintiffs conferred with Pfizer Defendants' counsel on September 25, 2007, regarding this issue but were unable to reach an agreement which necessitated the within motion.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 37, where a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." A district judge exercises broad discretion when supervising the discovery process. *Arzuaga-Perello v.*

2

*Shell Co. (Puerto Rico)*, 1999 U.S. App. LEXIS 2162 (1st Cir. 1999); *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992). The First Circuit will intervene concerning the trial court's discretion "'only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party'" *Arzuaga-Perello* at *2, (citing to *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 91 (1st Cir. 1996)). A trial court may, upon motion, order the sequence and/or grant priority of the discovery process pursuant to Rule 26(d). *Meisch v. Fifth Transoceanic Shipping Co. Ltd.*, 1994 U. S. Dist. LEXIS 14995 at *1 (S.D.N.Y. 1994) (granting defendants' motion requiring, *inter alia*, that plaintiff be deposed by a date certain).

Plaintiffs demanded sample data/information in regard to the *Smith* Track One case from Pfizer Defendants in both their template demands and the aforementioned request for production. Pfizer Defendants were mandated by this Court's Discovery Orders Nos. 6 and 7, to provide such fact discovery to Plaintiffs in the individual cases by September 15, 2007. The demanded data/information concerning certain sample packages of Neurontin is crucial to the prosecution of the *Smith* Track One action. Plaintiffs will be severely prejudiced if Pfizer Defendants are not compelled to provide this discovery immediately.

## CONCLUSION

In view of the above, the required sample data/information is crucial in the successfully prosecute the claims in the *Smith* case, and Plaintiffs would be severely prejudiced if not provided with the opportunity to discover same. PL Plaintiffs therefore respectfully request that this Court issue an order granting Plaintiffs' motion.

Dated: October 1, 2007                    Respectfully submitted,

*Members of Products Liability*
*Plaintiffs' Steering Committee*

By:    /s/ **Andrew G. Finkelstein**
         Andrew G. Finkelstein, Esquire
         Finkelstein & Partners, LLP
         436 Robinson Avenue
         Newburgh, NY  12550

By:    /s/ **Jack W. London**
         Jack W. London, Esquire
         Law Offices of Jack W. London
            & Associates
         106 E. 6th Street, Suite 700
         Austin, TX  78701

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on October 1, 2007.

Dated:  October 1, 2007

                              /s/ **Andrew G. Finkelstein**
                              Andrew G. Finkelstein

4