UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                         :   MDL DOCKET NO:  1629
In re:   NEURONTIN MARKETING, SALES                      :
         PRACTICES, AND PRODUCTS                         :   Master File No. 04-10981
         LIABILITY LITIGATION                            :
                                                         :   Judge Patti B. Saris
                                                         :
                                                         :   Magistrate Judge Leo T. Sorokin
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                         :
THIS DOCUMENT RELATES TO:                                :
                                                         :
         Allen, et al. v. Pfizer Inc., et al.,           :
         1:07-cv-11795-PBS                                :
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

## ANSWER AND JURY DEMAND

Defendants Pfizer Inc. (incorrectly referred to as Pfizer, Inc.) ("Pfizer") and Warner-Lambert Company LLC (incorrectly referred to as Warner Lambert Company) ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiffs' Complaint in the above-captioned action ("the Complaint") as follows:

## AS TO INTRODUCTION

1.      Defendants deny the allegations in paragraph 1, except admit that the term "off-label" speaks for itself.

2.      Defendants deny the allegations in paragraph 2, except admit that the FDA regulations governing the marketing of prescription drug products speak for themselves.

2642552v1

3.      Defendants deny the allegations in paragraph 3, except admit that, in 1993, the FDA approved Neurontin® ("Neurontin") for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

4.      Defendants deny the allegations in paragraph 4, except admit that sales of Neurontin have increased since 1995, and admit they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 regarding the percentage of Neurontin prescriptions written for off-label indications, and therefore deny same.

5.      Defendants deny the allegations in paragraph 5.

6.      Defendants deny the allegations in paragraph 6, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts, which Information speaks for itself; admit that Warner-Lambert Company LLC entered into a plea agreement with the United States Government; and admit that Warner-Lambert Company LLC entered into an Assurance of Voluntary Compliance with the attorneys general of the 50 states, which agreement speaks for itself.

## AS TO JURISDICTION AND VENUE

7.      Paragraph 7 asserts legal conclusions to which no response is required, except admit, upon information and belief, that the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, but deny that Plaintiffs are entitled to such relief.

2642552v1

8.    Paragraph 8 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 8.

9.    Paragraph 9 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 9.

## AS TO PARTIES

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and the spreadsheet attached to the Complaint as Exhibit "A," and therefore deny same.

11.    Defendants deny the allegations in paragraph 11, except admit that Pfizer is a foreign corporation organized under the laws of Delaware whose headquarters are in New York; admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002; admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002; admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000; and admit that Pfizer, directly and/or indirectly through its subsidiaries, has manufactured, marketed and sold Neurontin ("Neurontin") since June 2000.

12.    Defendants deny the allegations in paragraph 12, except admit that Pfizer is a foreign corporation organized under the laws of Delaware whose headquarters are in New York; admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002; admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002; admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000; and admit

- 3 -

that Pfizer, directly and/or indirectly through its subsidiaries, has manufactured, marketed and sold Neurontin since June 2000.

## AS TO FACTUAL ALLEGATIONS

13.     Defendants deny the allegations in paragraph 13, except admit that the federal regulations governing prescription drug products speak for themselves.

14.     Defendants deny the allegations in paragraph 14, except admit that physicians may lawfully prescribe drugs for indications not in the FDA-approved labeling, and admit that the term "off-label" and the federal laws and regulations governing prescription drug products speak for themselves.

15.     Defendants deny the allegations in paragraph 15, except admit that the federal laws and regulations governing prescription drug products speak for themselves.

16.     Defendants deny the allegations in paragraph 16, except admit that, in December 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

17.     Defendants deny the allegations in paragraph 17, except admit that at the time the FDA approved Neurontin, the patent that had been granted for Gabapentin, the scientific name for Neurontin, had been granted for a specific period of time.

18.     Defendants deny the allegations in paragraph 18, except admit that any patent applications speak for themselves.

- 4 -

2642552v1

19.    Defendants deny the allegations in paragraph 19, except admit that Defendants filed new drug applications and/or supplemental new drug applications for Neurontin seeking indications for epilepsy and postherpetic neuralgia.

20.    Defendants deny the allegations in paragraph 20.

21.    Defendants deny the allegations in paragraph 21.

22.    Defendants deny the allegations in paragraph 22.

23.    Defendants deny the allegations in paragraph 23, except admit that the federal regulations governing prescription drug products speak for themselves.

24.    Defendants deny the allegations in paragraph 24.

25.    Defendants deny the allegations in paragraph 25.

26.    Defendants deny the allegations in paragraph 26 and all of its subparts.

27.    Defendants deny the allegations in paragraph 27 and all of its subparts, except admit that the federal regulations governing prescription drug products speak for themselves.

28.    Defendants deny the allegations in paragraph 28, except admit that the content of any slide show presentation speaks for itself.

29.    Defendants deny the allegations in paragraph 29, except admit that any statements made by employees of Defendants or others speak for themselves.

30.    Defendants deny the allegations in paragraph 30.

31.    Defendants deny the allegations in paragraph 31 and all of its subparts.

32.    Defendants deny the allegations in paragraph 32.

33.    Defendants deny the allegations in paragraph 33 and all its subparts.

34.    Defendants deny the allegations in paragraph 34.

- 5 -

35.     Defendants deny the allegations in paragraph 35, except admit that the federal laws and regulations governing payments to health care providers speak for themselves.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42, except admit that the content of any documents prepared by certain company employees speaks for itself.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45, except admit that the federal laws and regulations governing prescription drug products speak for themselves.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49 and all of its subparts.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52 and all of its subparts, except admit as to subpart (a), that in 1995 and 1996 Parke-Davis conducted a Phase IV trial, known as

2642552v1

STEPS, that involved titration of Neurontin; and admit as to subpart (e), that the content of the referenced article speaks for itself.

53.    Defendants deny the allegations in paragraph 53, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs purchased Neurontin for off-label uses, and therefore deny same.

54.    Defendants deny the allegations in paragraph 54 and all of its subparts.

55.    Defendants deny the allegations in paragraph 55.

56.    Defendants deny the allegations in paragraph 56.

57.    Defendants deny the allegations in paragraph 57.

58.    Defendants deny the allegations in paragraph 58.

59.    Defendants deny the allegations in paragraph 59.

60.    Defendants deny the allegations in paragraph 60 and all of its subparts, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts, and admit that the content of the Information speaks for itself.

61.    Defendants deny the allegations in paragraph 61.

62.    Defendants deny the allegations in paragraph 62 and all of its subparts.

63.    Defendants deny the allegations in paragraph 63.

## AS TO COUNT ONE

64.    Defendants incorporate their responses to paragraphs 1 through 63 of Plaintiffs' Complaint as if fully set forth herein.

65.    Defendants deny the allegations in paragraph 65.

- 7 -

66.    Defendants deny the allegations in paragraph 66.

67.    Defendants deny the allegations in paragraph 67.

68.    Defendants deny the allegations in paragraph 68.

69.    Defendants deny the allegations in paragraph 69.

70.    Defendants incorporate their responses to paragraphs 1 through 69 of Plaintiffs' Complaint as if fully set forth herein.

71.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and therefore deny same.

72.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and therefore deny same.

73.    Defendants deny the allegations in paragraph 73.

74.    Defendants deny the allegations in paragraph 74, except admit that Plaintiffs seek the relief stated in paragraph 74, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT TWO

75.    Defendants incorporate their responses to paragraphs 1 through 74 of Plaintiffs' Complaint as if fully set forth herein.

76.    Defendants deny the allegations in paragraph 76.

77.    Defendants deny the allegations in paragraph 77.

78.    Defendants deny the allegations in paragraph 78.

## AS TO COUNT THREE

79.    Defendants incorporate their responses to paragraphs 1 through 78 of Plaintiffs' Complaint as if fully set forth herein.

2642552v1

80.     Defendants deny the allegations in paragraph 80, except admit that Warner-Lambert Company and/or its unincorporated division, Parke-Davis, manufactured and sold Neurontin until approximately June 2000; and admit that Pfizer, directly and/or indirectly through its subsidiaries, has manufactured and sold Neurontin since June 2000.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants deny the allegations in paragraph 85 and all of its subparts.

## AS TO COUNT FOUR

86.     Defendants incorporate their responses to paragraphs 1 through 85 of Plaintiffs' Complaint as if fully set forth herein.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88, except admit that Warner-Lambert Company and/or its unincorporated division, Parke-Davis, manufactured and sold Neurontin until approximately June 2000; and admit that Pfizer, directly and/or indirectly through its subsidiaries, has manufactured and sold Neurontin since June 2000.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants deny the allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92 and all of its subparts.

## AS TO COUNT FIVE

93.    Defendants incorporate their responses to paragraphs 1 through 92 of Plaintiffs' Complaint as if fully set forth herein.

94.    Defendants deny the allegations in paragraph 94.

## AS TO COUNT SIX

95.    Defendants incorporate their responses to paragraphs 1 through 94 of Plaintiffs' Complaint as if fully set forth herein.

96.    Defendants deny the allegations in paragraph 96, except admit only those duties imposed by law, but expressly deny the breach of any applicable duties.

97.    Defendants deny the allegations in paragraph 97.

## AS TO COUNT SEVEN

98.    Defendants deny the allegations in paragraph 98.

## AS TO COUNT VIII [sic]

99.    Defendants incorporate their responses to paragraphs 1 through 98 of Plaintiffs' Complaint as if fully set forth herein.

100.    Defendants deny the allegations in paragraph 100.

101.    The allegations in paragraph 101 are unintelligible and, therefore, no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 101.

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants deny the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

2642552v1

105.    Defendants deny the allegations in paragraph 105 and all of its subparts.

## AS TO FRAUDULENT CONCEALMENT/
## EQUITABLE TOLLING OF STATUTE OF LIMITATIONS/PRESCRIPTION

106.    Defendants deny the allegations in paragraph 106.

107.    Defendants deny any wrongful conduct and otherwise deny the allegations in paragraph 107.

108.    Defendants deny the allegations in paragraph 108.

109.    Defendants deny any wrongful conduct and otherwise deny the allegations in paragraph 109.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants deny the allegations in paragraph 111.

## AS TO COUNT NINE

123.    Defendants incorporate their responses to paragraphs 1 through 111 of Plaintiffs' Complaint as if fully set forth herein.[1]

124.    Defendants deny the allegations in paragraph 124.

125.    Defendants deny the allegations in paragraph 125.

## AS TO CAUSATION

126.    Defendants deny the allegations in paragraph 126 and all of its subparts.

127.    Defendants deny the allegations in paragraph 127, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that physicians prescribed Neurontin to Plaintiffs for off-label uses, and therefore deny same.

---

[1]    Plaintiffs erroneously identified paragraph 112 as paragraph 123. For purposes of consistency, Defendants respond to the paragraphs as identified by Plaintiffs.

2642552v1

## AS TO COUNT TEN

a.      Defendants incorporate their responses to paragraphs 1 through 127 of Plaintiffs' Complaint as if fully set forth herein.

b.      Defendants deny the allegations in paragraph b.

c.      Defendants deny the allegations in paragraph c.

d.      Paragraph d asserts a demand for jury trial, and, therefore, no response is required. Defendants admit that Plaintiffs seek the relief set forth in the WHEREFORE paragraph following paragraph d, and all of its subparts, but deny that Plaintiffs are entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, in further response to the Complaint, Defendants plead the following affirmative and other defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal laws and regulations having the force of law.

- 12 -

### THIRD AFFIRMATIVE DEFENSE

The conduct of Defendants in all activities with respect to Neurontin has been and is under the supervision of the United States Food and Drug Administration and its Division of Drug Marketing, Advertising and Communications, which are charged with regulating prescription drug product labeling, advertising and promotions. Thus, this action is barred by the doctrine of primary jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, were actually or proximately caused or contributed to be caused by an act, omission of fault or by an intervening or superseding act of some person, entity or third party other than Defendants and/or for whom Defendants are not legally responsible.

### SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions, disease, illness or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

### SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formatting Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

- 13 -

2642552v1

## EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims are barred because timely notice of an alleged breach was not provided to the Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrine of estoppel, waiver, ratification, laches, unclean hands and by the applicable statutes of limitations and/or repose and other related doctrines and principles or any one of them, and by Plaintiffs' inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk because Plaintiffs knowingly and voluntarily assumed the risk of injury.

2642552v1

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiffs' alleged injuries and damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Defendants based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## SIXTEENTH AFFIRMATIVE DEFENSE

The acts of Defendants alleged in the Complaint are not the direct and proximate cause of any injury or damage to Plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered, and will not suffer, any injury to a legally protected or cognizable interest or any damage by reason of the conduct of Defendants as alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part: (1) because Plaintiffs failed to mitigate any damages, and such failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Defendants; (2) because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) because the damages sought are speculative and remote and because of the impossibility of ascertaining and allocating those

- 15 -

alleged damages; and (4) the Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Defendants: (1) have no basis in law or fact; (2) cannot be sustained in that the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Defendants; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Defendants prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Defendants' due process rights guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the constitutions of any applicable states; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by applicable state laws or other comparable laws would violate Defendants' due process and equal protection rights guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Defendants for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Defendants' medicines would constitute impermissible multiple punishments for the same wrong, in violation of Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double

- 16 -

jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws; and (6) cannot be sustained because any award of punitive damages, which are penal in nature, without according Defendants the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Defendants' rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiffs' claims for punitive damages against Defendants cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendants; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element

- 17 -

of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards that arose in the decisions of *BMW of North America Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs may not be the real parties in interest who have the right to prosecute these claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not make any false, misleading, or deceptive statements to Plaintiffs in their advertisements and/or promotional materials concerning Neurontin. As to any statement asserted against Defendants that Plaintiffs allege to be false, misleading, or deceptive, Defendants had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false, misleading, or deceptive.

- 18 -

2642552v1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to lack of standing.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to failure to join indispensable parties and/or bring claims against the real party in interest.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims as set forth in the Complaint are barred to the extent that Plaintiffs misused or abused Neurontin, failed to use Neurontin properly, and/or used Neurontin negligently or used Neurontin in any other way except that for which it was intended.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs knew of the alleged risks of Neurontin or because a reasonable purchaser and/or consumer would have been aware of the alleged risks of Neurontin.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages, if any, were not caused by any failure to warn on the part of Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages were not proximately caused by an act or omission of Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defense of contributory negligence and the doctrine of comparative fault.

2642552v1

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages, if any, were the result of independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of Defendants or Plaintiffs' alleged ingestion of Neurontin.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred pursuant to the Learned Intermediary Doctrine.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Based upon the state of the scientific, medical, and technological knowledge at the time Neurontin was distributed and allegedly prescribed to Plaintiffs, Neurontin was reasonably safe for its normal and foreseeable use at all relevant times, or in light of existing reasonably available medical, scientific, and technological knowledge.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred under Section 402A, comments j and k of the *Restatement (Second) of Torts* and Sections 4 and 6 of the *Restatement (Third) of Torts: Products Liability*.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Should Defendants be held liable to Plaintiffs, which liability is specifically denied, Defendants would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in Plaintiffs' Complaint.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred in whole or in part by lack of defect, as any product allegedly ingested by Plaintiffs was properly prepared in accordance with the applicable standard of care.

- 20 -

2642552v1

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants and Neurontin were in compliance with legislative regulatory standards and/or administrative regulatory safety standards relating to design, performance, warnings and/or instructions and, therefore, Neurontin is deemed not defective.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the "state of the art" defense. Neurontin, when placed into the stream of commerce, was a reasonably safe and effective prescription drug in light of the then existing and reasonably available scientific, medical, and technological knowledge. To the extent Plaintiffs claim that Neurontin was dangerous or defective in certain respects, Defendants state that any such risks associated with Neurontin were not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Notwithstanding Plaintiffs' claims and contentions, Plaintiffs received all or substantially all of the benefit of Neurontin that Plaintiffs had intended to receive, and to that extent any damages and/or restitution that Plaintiffs might be entitled to recover from Defendants must be correspondingly reduced.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

## FORTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are alleging fraud or similar conduct, Plaintiffs have failed to plead those claims with sufficient particularity.

- 21 -

2642552v1

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Mississippi Product Liability Statute, § 11-1-63 of the Mississippi Revised Statutes.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are misjoined in this action pursuant to Rule 21 of the *Federal Rules of Civil Procedure.*

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims based on the Mississippi Consumer Fraud and Deceptive Practices Act are barred because:  (1) Defendants did not employ an unlawful method, act or practice; (2) the alleged false, misleading, or deceptive statements complained of were not material; (3) the alleged representations were not likely to have caused Plaintiffs to have chosen differently but for such alleged representations; and (4) Plaintiffs did not suffer or incur any ascertainable loss that is recoverable under the Act.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case.  Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

### DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.

**WHEREFORE,** Defendants respectfully request that the Court:

1.      Enter judgment in their favor on all claims alleged in the Complaint;

- 22 -

2.   Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.   Grant Defendants such other and further relief as the Court may deem just and proper.

Dated: October 8, 2007                 Respectfully submitted,

                                        HARE & CHAFFIN

                                        By:   /s/ David B. Chaffin
                                              David B. Chaffin

                                        160 Federal Street
                                        Boston, MA 02110
                                        Tel: (617) 330-5000
                                        *Attorneys for Defendants Pfizer Inc. and
                                        Warner-Lambert Company LLC*

- 23 -

2642552v1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 8, 2007.

/s/ David B. Chaffin
David B. Chaffin

2642552v1