UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
IN RE NEURONTIN MARKETING, SALES            )
PRACTICES, AND PRODUCTS LIABILITY           )
LITIGATION                                  )    MDL Docket No. 1629
_____)    Master File No. 04-10981
                                            )
THIS ORDER RELATES TO:                      )    Judge Patti B. Saris
                                            )    Mag. Judge Leo T. Sorokin
ALL ACTIONS                                 )
_____)

Addendum to Discovery Order No. 14

October 11, 2007

SOROKIN, M.J.

On May 30, 2007, Defendants filed a motion to compel the third-party payor plaintiffs ("TPP") to respond to interrogatories (Docket # 753). This Court allowed the motion on June 25, 2007, and ordered TPPs to provide their responses by July 30, 2007 (Discovery Order No. 12, Docket # 771). The TPPs filed an objection before Judge Saris. On September 6, 2007, Defendants filed a renewed motion to compel responses to the interrogatories (Docket # 847). On October 3, 2007, Judge Saris overruled the majority of the objections.[1] Also on October 3, 2007, Class TPPs filed a status report in which they described the production of data sent to Defendants.

Interrogatory No. 2 seeks information regarding alternative drugs that plaintiffs contend would have been "cheaper and more optimal" than Neurontin in treating each condition at issue in this litigation. Interrogatories Nos. 3 and 4 are dependent upon Interrogatory No. 2. Plaintiffs are entitled to have their experts opine on what drugs would be "cheaper and more optimal" than

---

[1] With exception of one Blue Cross Blue Shield entity, which had claimed a burden.

Neurontin.

Interrogatories Nos. 5 through 7 seek information regarding Neurontin prescriptions provided to members who were also prescribed "any other drug approved or commonly used to treat any aspect of" bipolar disorder or depression, neuropathic pain, and epilepsy, respectively. Again, Plaintiffs are entitled to their experts' view as to what other drugs were "approved or commonly used to treat" any of the conditions named. Finally, because Interrogatory No. 8 is dependent upon Plaintiffs' answers to Interrogatories Nos. 5, through 7, the answer may be provided after expert review.

Accordingly, the motion is <u>ALLOWED</u> in part and <u>DENIED</u> in part. Plaintiffs must provide to the Defendants the information sought by the Interrogatories, but they need not do so within the two-week timeframe sought by the Defendants. Plaintiffs shall provide their responses to Interrogatories Nos. 2 through 8 no later than the date on which Plaintiffs' expert disclosures are due.

                                                SO ORDERED.

                                                /s/ Leo T. Sorokin
                                                _____
                                                United States Magistrate Judge