UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | MDL Docket No. 1629 Master File No. 04-10981 Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: PRODUCTS LIABILITY ACTIONS ) ) ) ) ) | Magistrate Judge Leo T. Sorokin |

**PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM
IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO
COMPEL DEFENDANTS TO CONDUCT THE DEPOSITION
OF PLAINTIFFS' GENERAL CAUSATION EXPERT**

Products Liability Plaintiffs, (hereinafter "Plaintiffs"), respectfully submit this Memorandum in support of Plaintiffs' Emergency Motion for an Order compelling Defendants to conduct the deposition of Plaintiffs' general causation expert on neuropsychopharmacology, Robert H. Roth, Ph.D., on October 25 and 26, 2007, which is well within the Court-ordered time schedule allotted for deposing Plaintiffs' General Causation Experts.

**FACTUAL BACKGROUND**

Plaintiffs are moving by Emergency Motion because a conference in this litigation is scheduled to be held on October 17, 2007, and the issue herein involves the scheduling of expert disclosure that is crucial to this action, is time sensitive and requires the immediate intervention of this Court.

On December 8, 2006, the parties entered into a Stipulation agreeing to, *inter alia*, a November 16, 2007 deadline for completion of fact discovery in the two Track One cases, a December 1, 2007 deadline for disclosure of Plaintiffs' expert reports, and an October 21, 2007

deadline for Plaintiffs' experts' depositions. *See* Stipulation and Proposed Order, ECF Doc. # 576. On December 20, 2006, the Court issued Discovery Order No. 7, which, *inter alia*, modified the parties' proposed schedule and established a September 15, 2007 deadline for completion of fact discovery in the two Track One cases, an October 1, 2007 deadline for disclosure of Plaintiffs' expert reports, and an October 21, 2007 deadline for Plaintiffs' experts' depositions. *See* Discovery Order No. 7, ECF Doc. # 582.

On July 19, 2007, the Court issued Discovery Order No. 13, which, *inter alia*, revised the Sales and Marketing Practices schedule and directed that the fact discovery period close on October 15, 2007; and revised the Products Liability schedule to provide for disclosure of Plaintiffs' expert reports on general causation and the two Track One cases by October 22, 2007, and for Products Liability Plaintiffs' experts' depositions to be held by November 12, 2007. ECF Doc. # 801. On September 27, 2007, this Court issued Discovery Order No. 14, which stated that "[t]he schedule for experts on general causation and summary judgment briefing remains unchanged." ECF Doc. # 890.

Plaintiffs' counsel consulted their experts immediately after the issuance of Discovery Order No. 13, which altered the expert witness disclosure schedule. Plaintiffs' general causation expert on neuropsychopharmacology, Robert H. Roth, Ph.D., who is obviously a vital expert witness in this case, advised that he is available for deposition on October 25 and 26, 2007, and that the next dates this expert would be available for deposition would be subsequent to the new November 12, 2007 deadline provided in Discovery Order No. 13.[1]  In order to make certain that Defendants would have sufficient time to prepare for the deposition and thus eliminate the

---

[1] Dr. Roth advised that other than the October 25 and 26, 2007 dates specified, he is not available until after the Thanksgiving holiday because of previously scheduled trips to both Maine and Vermont.

potential of for any prejudice, Plaintiffs advised Defendants of Dr. Roth's availability. Plaintiffs

have also served Defendants with a copy of the Declaration of Robert H. Roth, Ph.D., and his

Curriculum Vitae ten days earlier than required, namely, by electronic means on October 10, and

then in traditional hard-copy, by overnight delivery on October 11. Plaintiffs' counsel conferred

with Defendants' counsel and requested that Defendants depose this expert on October 25 and

26, 2007, which is well within the expert deposition schedule as ordered by this Court.

Defendants advised that they did not have an attorney available for those dates. The parties were

unable to resolve the dispute, which necessitates the within motion.

## ARGUMENT

This Court should compel Defendants to depose Plaintiffs' expert, Robert Roth, Ph.D., on

October 25-26, 2007, in New Haven, CT. A District Judge exercises broad discretion when

supervising the discovery process. *Arzuaga-Perello v. Shell Co. (Puerto Rico)*, 1999 U.S. App.

LEXIS 2162 (1st Cir. Feb. 4, 1999); *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir.

1992). The First Circuit has stated that it will intervene concerning the trial court's discretion

"'only upon a clear showing of manifest injustice, that is, where the lower court's discovery

order was plainly wrong and resulted in substantial prejudice to the aggrieved party'" *Arzuaga-*

*Perello* at *2 (citing to *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 91 (1st Cir.

1996)). A trial court may, upon motion, order the sequence and/or grant priority of the discovery

process pursuant to Fed. R. Civ. P. 26(d). *Meisch v. Fifth Transoceanic Shipping Co. Ltd.*, 1994

U. S. Dist. LEXIS 14995 at *1 (S.D.N.Y. Oct. 21, 1994) (Court granted defendants' motion

requiring, *inter alia,* that plaintiff be deposed by a date certain).

Here, the general causation expert on neuropsychopharmacology, Dr. Robert H. Roth, is

essential to Plaintiffs' successful prosecution of this litigation. Plaintiffs would be severely

prejudiced if this expert is unable to testify in support of these cases. The October 25 and 26, 2007 dates are within the new timetable for expert disclosure as it pertains to deposition scheduling. Discovery Order No. 13, dated July 19, 2007, which establishes November 12, 2007, as the "Deadline for plaintiffs to produce for deposition their designated experts," does not prohibit the parties from conducting the depositions of these experts at any time prior to the November 12, 2007 date. Ordering Defendants to depose Plaintiffs' general causation expert on October 25 and 26, 2007, would not prejudice Defendants inasmuch as Plaintiffs already served Defendants with Dr. Roth's Declaration and Curriculum Vitae electronically on October 10, 2007, and then in traditional hard-copy by overnight delivery on October 11, 2007. In fact, scheduling the deposition of Plaintiffs' general causation expert on October 25 and 26, 2007, may actually serve to benefit Defendants who would have additional time to prepare their *Daubert* challenge to the expert's testimony.

Defendants have been aware for almost three months, since July 19, 2007, of their obligation to be prepared to conduct the depositions of Plaintiffs experts prior to November 12, 2007. Plaintiffs and this Court have vigorously sought to maintain the general causation schedule in this litigation, and there is no good reason for Defendants not to take the testimony of Dr. Roth on October 25 and 26, 2007. There are no less than four defense law firms of record representing Pfizer Defendants in this litigation: Davis, Polk & Wardwell; Schoeman Updike and Kaufman; Shook Hardy and Bacon, LLP; and Hare & Chaffin. Collectively, these firms have hundreds of attorneys who can prepare for and appear at this deposition. In fact, Shook Hardy and Bacon, LLP, advertises itself as the *Global* Products Liability Law Firm of the Year (emphasis added) --- an "international law firm" --- with over 500 attorneys. (*See*

www.shb.com). Plainly, one of these four firms can have an attorney appear in New Haven, CT, to take Dr. Roth's deposition.

Not only have defense counsel from these firms participated in the case, they have repeatedly retained outside counsel to appear at depositions including the following:  Wheeler Trigg & Kennedy, P.C. (attorney James Hooper of Denver, Colorado); Goodell, DeVries, Leech & Dann (attorneys Richard Barnes and Jeff Hines of Baltimore, Maryland); Clark, Thomas & Winters, P.C. (attorney Kenneth Ferguson of Austin, Texas); Bradley, Arant, Rose & White (attorney Andrew Johnson of Birmingham, Alabama); and Nelson, Mullins Riley & Scarborough, LLP (attorneys Michael Cole and Polly-Beth Hawk of Charleston, South Carolina). With their obvious resources and network of outside counsel, Defendants can and should have an attorney available to take Dr. Roth's deposition.

Throughout this litigation, Plaintiffs have made good faith efforts to advise Defendants of expert availability and locations for such depositions well in advance of the anticipated deposition dates. Annexed hereto as Exhibit A are correspondence to defense counsel during the pendency of the litigation where Plaintiffs have repeatedly advised defense counsel about expert availability, in advance of the court-ordered disclosure dates.  As soon as we learned of Dr. Roth's availability, we advised defense counsel accordingly.  Specifically, on October 9, 2007, Plaintiffs' counsel communicated via email (and subsequently by hard-copy mail) that Plaintiffs' expert on neuropsychopharmacology, Dr. Roth, had limited availability.

Moreover, Plaintiffs' counsel bring to the Court's attention that Plaintiffs have agreed to Defendants' request to schedule three of Plaintiffs' experts on the very same day, November 12 and 13, and at opposite ends of the country:  Dr. Cheryl Blume (Tampa, FL); Dr. Stefan Kruszweski (Harrisburg, PA), and an epidemiologist expert not yet disclosed (Portland, OR).

Despite this "triple-tracking" of depositions at the very end of the court-ordered deadline, Plaintiffs have not balked or argued that the depositions should be more reasonably spread among the court-ordered timeframe (October 23 – November 12). If anything, such triple-tracking of the abovementioned depositions on November 12 and 13 also supports Plaintiffs' position that Dr. Roth's deposition should be held on October 25-26, as this would at least reasonably spread some depositions over the time period ordered by the Court.

## CONCLUSION

In view of the above, Products Liability Plaintiffs respectfully request that this Court grant Plaintiffs' motion and order that Defendants proceed with the deposition of Plaintiffs' general causation expert, Robert H. Roth, Ph.D., on October 25 and 26, 2007.

Dated: October 11, 2007

Respectfully submitted,

*Members of Products Liability*
*Plaintiffs' Steering Committee*

By:     /s/ **Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY  12550

By:     /s/ **Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
  & Associates
106 E. 6th Street, Suite 700
Austin, TX  78701

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on October 11, 2007.

/s/ **Kenneth B. Fromson**
Kenneth B. Fromson, Esquire