# EXHIBIT B



**Finkelstein & PARTNERS**
*Counselors At Law*

A Limited Liability Partnership

(800) 634-1212
REFER TO OUR FILE #

Howard S. Finkelstein, P.C.
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy
Kenneth L. Oliver, P.C.
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark
Ronald Rosenkranz
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni
Steven H. Cohen
Francis Navarra

Andrew J. Genna (NY & PA)
Thomas C. Yatto
Elyssa M. Fried-DeRosa
Mary Ellen Wright
Kenneth B. Fromson (NY & NJ)
Joel Bossom
Nancy Y. Morgan (NY & PA)
Andrew L. Spitz
James W. Shuttleworth, III
Lawrence D. Lissauer

David E. Gross (NY & NJ)
Donna L. Horovitz (NY, NJ & MA)
Terry D. Horner

Robert F. Moson
Debra J. Reisenman
Michael T. McBarry
Steven P. Shultz (NY & MA)
Julio E. Urrutia
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Todd M. Sardella
Marshall P. Richer
Thomas J. Pronti
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mazoff
Christopher T. Milliman

Silvia Fermanian
Karen M. Queenan (NY & CT)
Paul N. Weber

*Of Counsel*
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C.
Joel A. Reback (NY & Israel)
Sheila Rosenrauch
Kenneth G. Bartlett (CT)
Ari Kresch (NY & MI)

Hon. Benjamin A. Gilman
Senior Counsel

May 18, 2004

Honorable Richard Stearns
United States District Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

Re: <u>United States Of America v. Warner-Lambert Company</u>

Dear Judge Stearns:

    Recently I learned of your assignment regarding the proposed plea agreement related to crimes committed by Warner-Lambert resulting from its illegal marketing and promotion of Neurontin. Kindly accept this as a formal objection to said plea agreement as it woefully ignores the hundreds of American deaths and injuries attributable to their admitted criminal acts.

    The plea focuses solely on the pecuniary gain while taking no notice or consideration of the extensive physical harm and deaths caused to thousands of individuals whose doctors were fraudulently enticed to prescribe Neurontin when the corporation and its officers knew said medication not only had no medical efficacy, but caused physical and psychiatric harm. Warner-Lambert and individuals employed by them knowingly promoted a drug they knew caused serious psychiatric adverse effects while admitting to not performing the required FDA safety testing. The original package insert for Neurontin sold in the United States indicated that those who participated in the original clinical trial suffered from; anxiety, hostility, suicidal, suicide gesture, dreaming abnormal, apathy, hallucination, agitation, paranoia, depersonalization, euphoria, feeling high, psychosis, personality disorder, mania, neurosis, hysteria, and antisocial reaction.

    Additionally, the National Institute of Health conducted double blind, placebo controlled tests regarding the efficacy of Neurontin for off-label use. These tests showed Neurontin was either less effective or equally effective as a placebo. Notwithstanding their knowledge of the aforementioned psychiatric adverse events and in the face of these independent studies showing the drug had no efficacy for off-label usage, Warner-Lambert created a scheme to deceive physicians into prescribing Neurontin to individuals suffering from both physical and psychiatric conditions.

NEWBURGH • ALBANY • SYRACUSE • POUGHKEEPSIE • UTICA • TROY • BINGHAMTON • MIDDLETOWN • NYACK
GLENS FALLS • SCHENECTADY • NEWARK • NEW WINDSOR • GOSHEN • NEW HAVEN • CINCINNATI
*Accredited CLE Provider*    www.lawampm.com    www.stocklitigationlaw.com
send ALL correspondence to our operations center: 436 Robinson Avenue, Newburgh, NY 12550 • (800)634-1212 • Fax (845)562-3492

Over the past several months, my firm has been contacted and has been retained by thousands of Neurontin users who were prescribed the drug as a direct result of the Defendants admitted criminal activity. Thus far, we are aware of one hundred sixty (160) Americans who, having *never* attempted any form of suicide before taking Neurontin, committed suicide while on the drug. Additionally, we are aware of over two thousand (2,000) Americans who, having *never* attempted suicide before taking Neurontin, were hospitalized following a suicide attempt while taking the drug. Of those individuals, more than 60% were prescribed Neurontin for a physical ailment, as opposed to a psychiatric one. Warner-Lambert has admitted to criminal activity which has caused deaths and serious physical harm and yet there is no individual accountability for the suffering caused to so many men and women.

Pfizer, which moves only through its officers and directors, purchased Warner-Lambert with full knowledge of the problem and knowingly continued marketing the drug for unapproved, off-label conditions, thereby becoming criminally prosperous.

A financial penalty alone is insufficient to redress the wrongs done by Warner-Lambert and Pfizer, Inc. A prison sentence must be considered when so many lives have been damaged through a clear corporate program of criminal activity. The admitted program of deceit was carried out by individuals who consciously disregarded the known risks of the drug. A criminal fine of only two hundred forty million ($240,000,000.00) dollars imposed upon a corporate entity that received over nine billion ($9,000,000,000.00) dollars in revenue directly from the admitted illegal activity allows the criminals to profit from their fraudulent scheme while completely avoiding all personal responsibility. Moreover, the plea agreement provides complete immunity to Pfizer, Inc., the successor in interest to Warner-Lambert.

Who is behind the Warner-Lambert and Pfizer throne? Of what significance or deterrent is a fine to a corporation who had Neurontin sales of $2.7 billion dollars in 2003 alone? Financial fines to date have proven to be no deterrent at all. No doubt, somewhere along the way, the financial odds were weighed, and the decision to illegally move forward was made. If someone raised the possibility of incarceration, he was probably met with laughter, scorn and derision—and for good reason. This very same defendant has been previously convicted under Title 21 United States Code section 333 before and was merely fined. Warner-Lambert for the second time is admitting to committing criminal acts and once again, without a jail deterrent, expects only to be fined.

Congress clearly contemplated the responsibility of corporate officials who are involved with the introduction and delivery of drugs into commerce. The Act (21 USCS sections 301 et seq.) imposes the highest standard of care and permits imprisonment for those who violate its provisions. In light of the multiple offenses, magnitude of death and physical harm caused, and degree of financial fraud perpetrated upon the Federal and State Governments, the doors of the jail should be open to receive the corporate actors who crafted and carried out these multiple felony offenses.

It is respectfully requested that this Court affix responsibility for the nefarious acts upon the individuals who hide behind the corporate veil and impose a prison sentence. The U.S. Attorney's Office has done a wonderful job negotiating the proposed plea, but unfortunately it falls short of full justice. Regrettably, neither Mr. Sullivan nor Mr. Kanwit were aware of the severity of the physical harm and death caused by the criminal off-label promotion when they negotiated the proposed plea. In determining if a plea should be accepted, the Court must examine the totality of the harm caused by the crime, both pecuniary and physical. I respectfully request, pursuant to Fed R. Crim. P. 11(c)(1)(c), that this Court reject the proposed plea.

The statements made herein are supported by material constituting attorney work product or privileged communications from clients. Should the Court be inclined to examine this information, I would be happy to provide same for an in camera inspection.

Very truly yours,

Finkelstein & Partners
By: Andrew G. Finkelstein

Cc:
Michael J. Sullivan
United States Attorney
District of Massachusetts

Michael Kanwit
Assistant U.S. Attorney
District of Massachusetts

Robert B. Fiske, Jr., Esq
Davis Polk & Wardwell

James P. Rouhandeh, Esq
Davis Polk & Wardwell