UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------x
                                                :  MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                    :
        SALES PRACTICES AND                     :  Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION           :
------------------------------------------------x  Judge Patti B. Saris
                                                :
THIS DOCUMENT RELATES TO:                       :
                                                :  Magistrate Judge Leo T.
        PRODUCTS LIABILITY ACTIONS              :  Sorokin
                                                :
                                                :
                                                :
------------------------------------------------x
```

**OPPOSITION TO PRODUCTS LIABILITY PLAINTIFFS'
EMERGENCY MOTION TO COMPEL DEFENDANTS TO CONDUCT THE
<u>DEPOSITION OF PLAINTIFFS' GENERAL CAUSATION EXPERT</u>**

Defendants Pfizer Inc. and Warner-Lambert Company ("defendants") submit this opposition to the emergency motion to compel defendants to conduct the deposition of product liability plaintiffs' general causation expert on neuropsychopharmacology.

**<u>Preliminary Statement</u>**

Product liability plaintiffs ("plaintiffs") ask the Court to compel defendants to conduct the deposition of a newly-identified expert on two specific dates, October 25 and 26, all in the name of witness convenience. Laying aside that plaintiffs cared little about witness convenience when it came to defendants' employees' depositions, and that the motion is based on the dubious premise that the convenience of a well-compensated expert should be an overriding concern, the motion should be denied.

Defendants would be prejudiced if they were required to depose plaintiffs' newly-identified expert on October 25 and 26. Defendants intend to have James Hooper conduct the

deposition. Mr. Hooper is the defense team member who has developed, through hundreds of hours of preparation, expertise in the highly-technical subject of the deposition. (He will also be deposing plaintiffs' other expert(s) on this subject.) Mr. Hooper cannot conduct the deposition on October 25 and 26 because he must appear at a hearing in Florida on those dates. Thus, were defendants required to conduct the deposition on those dates, they would be denied their choice of counsel for the deposition.

This should not occur. And it need not occur, for there is an approach that would meet everyone's needs – conducting the deposition during the week after Thanksgiving. According to plaintiffs, the newly-identified expert is available then, so he would not be inconvenienced. Mr. Hooper is available then as well, so defendants would not be prejudiced. Nor would plaintiffs be prejudiced, because it would not slow the progress of the case one bit.

Accordingly, defendants respectfully request that the Court deny plaintiffs' motion and that it grant leave to conduct the deposition of plaintiffs' newly-identified expert during the week after Thanksgiving.

## Background

Under Discovery Order No. 13 (as modified by Discovery Order No. 14), plaintiffs are required to provide their expert reports on general causation by October 22 and are to produce their designated witnesses for deposition by November 12. (Docket # 801 at 3; Docket # 890 at 5.) The next deadline under the schedule in Discovery Order No. 13 (as modified) is December 3, by which date defendants are to provide their expert reports regarding general causation. (Id.)

On October 9, plaintiffs disclosed, for the first time, that they intended to identify, and to provide a report of, an expert on neuropsychopharmacology on October 22. They also indicated that this then-unnamed expert would be available for deposition only on October 25 and 26 and

2

"[t]hereafter" not "until after Thanksgiving." (Docket # 904, Products Liability Plaintiffs' Memorandum in Support of Plaintiffs' Emergency Motion to Compel Defendants to Conduct the Deposition of Plaintiffs' General Causation Expert ("Plaintiffs' Memo"), at Exhibit A at letter of November 9 at 1.)

Defendants advised plaintiffs that defendants were unable to conduct the deposition of the expert on neuropsychopharmacology on the two days that had been offered. In view of plaintiffs' representation that the expert would not be available until after Thanksgiving, Defendants offered to conduct the deposition during the week after Thanksgiving. Plaintiffs declined this offer and immediately served the expert's report, revealing him to be Robert M. Roth, Ph.D., and filed this "emergency" motion. The service of the report was an obvious effort to head-off an argument that the approach that plaintiffs had articulated on November 9 – providing Dr. Roth's report on October 22 and making him available on only October 25 and 26 – was patently unfair. It succeeded only partially, for Dr. Roth's report is deficient.[1]

---

[1] Dr. Roth's report does not identify all of the data and documents he considered, and it does not identify other cases in which he testified. It would appear, moreover, that the report does not contain a complete statement of all opinions he would express and the basis and reasons therefor. Thus, the report does not comply with Rule 26(a)(2), which provides that an expert report

> shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; . . . and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2). The requirement that a report state the "data or other information" means that an expert must specify all documents considered, including documents provided by counsel and even documents on which the expert ultimately did not rely. See, e.g., Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co., 412 F.3d 745, 750-51 (7th Cir. 2005); Synthes Spine Co., L.P. v. Walden, 232 F.R.D. 460, 461-62 (E.D. Pa. 2005). Equally stringent is the requirement that all instances of testimony within the preceding four years be listed. See, e.g., Norris v. Murphy, 2003 WL 21488640 (D. Mass.) (Collings, M.J.) (excluding witness who failed to identify prior cases in which he had testified).

James Hooper is a long-time member of the defense team. His particular focus has been the psycopharmacological issues this case presents. He has spent hundreds of hours gaining knowledge and developing specific expertise on the neuropharmacology of the subject medication (gabapentin) and related medications, the relationship of those medications' neuropharmacological properties to their efficacy and safety profiles, the scientific methods employed by researchers to develop reliable scientific knowledge of these properties, the regulatory treatment and labeling requirements applicable to or involving these properties, and the vast medical and scientific literature pertinent to these neuropharmacological properties and issues. In addition, he has extensive experience in other cases that involved psycopharmacological issues, including cases involving allegations, similar to those at the center of this litigation, that exposure to prescription medications caused suicide or suicide-related acts. In view of Mr. Hooper's work and expertise, he has been designated to take the depositions of plaintiffs' experts in psychopharmacology, including Dr. Roth. (He will also depose Dr. Trimble, the expert who is to be deposed early per plaintiffs' request.) (Hooper Dec., ¶¶ 3-6.)

Mr. Hooper cannot conduct Dr. Roth's deposition on October 25 and 26. He is scheduled to appear for a hearing in Ft. Pierce, Florida, on those dates. He must attend the hearing, and he cannot reschedule it. He could conduct the deposition on other dates between October 26 and Thanksgiving, including on weekends, but, as noted, Dr. Roth reportedly is not available until after Thanksgiving. Mr. Hooper will be available to conduct the deposition during the week after Thanksgiving. (Hooper Dec., ¶¶ 7-10.)

**Argument**

**THE MOTION SHOULD BE DENIED, AND PLAINTIFFS SHOULD PRODUCE DR. ROTH DURING THE WEEK AFTER THANKSGIVING**

Plaintiffs sought, and were granted, an accommodation on the scheduling of the deposition of Dr. Trimble. They are at it again. But this time things are different. This time there is no window of opportunity that will close and no airfares that will be lost if plaintiffs do not have their way. This time defendants will be substantially prejudiced if plaintiffs have their way. And this time there is a simple, no-cost solution that will meet everyone's needs and prejudice no one.

Defendants did not create the situation that prompted plaintiffs to file this motion. Plaintiffs did. Nevertheless, plaintiffs refuse to agree to the same sort of flexibility in scheduling that they demanded as to Dr. Trimble. Plaintiffs should not be permitted to have things both ways, and defendants should not be punished because of plaintiffs' inflexibility. Defendants should have an opportunity to put their best foot forward in connection with Dr. Roth's deposition.

**Conclusion**

For the foregoing reasons, plaintiffs' motion to compel defendants to conduct the deposition of Dr. Roth on October 25 and 26 should be denied, and leave to conduct the deposition of Dr. Roth during the week after Thanksgiving should be granted.[2]

---

[2] Defendants propose the week after Thanksgiving based solely on plaintiffs' representation that Dr. Roth is not available until then. Defendants are prepared to depose Dr. Roth during early November (including on weekends) at any location of Dr. Roth and/or plaintiffs' choosing.

Dated: October 16, 2007

                            DAVIS POLK & WARDWELL

                            By:  /s/ James P. Rouhandeh
                                   James P. Rouhandeh

                            450 Lexington Avenue
                            New York, New York 10017
                            (212) 450-4000

                                - and -

                            HARE & CHAFFIN

                            By:  /s/ David B. Chaffin
                                   David B. Chaffin

                            160 Federal Street
                            Boston, Massachusetts 02110
                            (617) 330-5000

                            *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on October 16, 2007.

                            /s/David B. Chaffin