UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING,<br>SALES PRACTICES AND PRODUCTS<br>LIABILITY LITIGATION | ) MDL Docket No. 1629<br>)<br>) Master File No. 04-10981<br>)<br>) Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | ) Magistrate Judge Leo T. Sorokin |
| PRODUCTS LIABILITY ACTIONS | ) |

**PRODUCTS LIABILITY PLAINTIFFS' EMERGENCY MOTION FOR
EXTENSION OF TIME TO RESPOND TO DEFENDANTS' REQUEST
FOR ENTRY OF A "*LONE PINE*" CASE MANAGEMENT ORDER**

Products Liability Plaintiffs respectfully move, by Emergency Motion, for an extension of time to respond to Defendants' request for entry of a "*Lone Pine*" case management order in the form suggested by Defendants.

In Discovery Order No. 14 (ECF Doc. # 890), the Court invited counsel to suggest to the Court how motions for voluntary dismissals and to withdraw as counsel in the remaining cases may be avoided and thereby prevent a disruption to the management and process of this case, and the Court scheduled a hearing to discuss this matter with counsel on October 17, 2007.

Counsel for the parties discussed this matter pursuant to the Court's invitation but were unable to reach an agreement. Plaintiffs' counsel was prepared to discuss this matter further at the hearing scheduled for October 17.

However, on October 15, at 6:06 p.m., Plaintiffs' counsel was served by Notice of Electronic Filing with Defendants' Case Management Proposal for the Products Liability Actions and Response to Emergency Motion for Leave to Withdraw as Counsel for Plaintiffs Howard and Anne Ellis. (ECF Doc. # 907.) Defendants' proposal not only unfairly charges

Plaintiffs' counsel with misrepresenting Plaintiffs' status to the FDA, the Court and the news media, but also requests entry of a "*Lone Pine*" case management order that would require Plaintiffs' counsel to conduct a detailed investigation of each MDL case and provide Defendants, within 45 days, with, *inter alia*, a declaration for each MDL case from a qualified expert stating the expert's opinion that the alleged injury was the result of ingesting Neurontin.  This is the first time that Defendants have ever referenced such a protocol.  In addition, Defendants have also included a proposed amendment to the current discovery schedule as it pertains to general causation.

In view of the short notice of Defendants' counsel's detailed proposal, the accusations of professional misconduct by Plaintiffs' counsel, and Defendants' request for a "*Lone Pine*" order that would require extraordinary efforts by Plaintiffs' counsel and their experts to be completed in a very short period of time, as well as Defendants' attempt to again extend the discovery schedule for general causation and summary judgment motions, Plaintiffs' counsel respectfully request a one-week extension of time from today, October 16, 2007, to October 23, 2007, to respond to Defendants' papers, and a further hearing on this matter may be scheduled by the Court, if need be.

Dated:  October 16, 2007 Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*

By: **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY  12550

2

By: **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
  & Associates
106 E. 6th Street, Suite 700
Austin, TX  78701

## CERTIFICATION OF GOOD FAITH

I hereby certify that I have conferred in good faith with counsel for Defendants concerning the issues presented in the foregoing motion, and the parties have been unable to resolve the issues without the intervention of this Court.

Dated:  October 16, 2007

**/s/ Kenneth B. Fromson**
Kenneth B. Fromson, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on October 16, 2007.

**/s/ Kenneth B. Fromson**
Kenneth B. Fromson, Esquire