UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- x
:
In re: NEURONTIN MARKETING, :
SALES PRACTICES, AND :
PRODUCTS LIABILITY LITIGATION :
:
:
------------------------------------- x
:
THIS DOCUMENT RELATES TO: :
:
HARDEN MANUFACTURING :
CORPORATION; LOUISIANA : MDL Docket No. 1629
HEALTH SERVICE INDEMNITY :
COMPANY, dba : Master File No. 04-10981
BLUECROSS/BLUESHIELD OF :
LOUISIANA; INTERNATIONAL : Judge Patti B. Saris
UNION OF OPERATING ENGINEERS, :
LOCAL NO. 68 WELFARE FUND; : Magistrate Judge Leo T. Sorokin
ASEA/AFSCME LOCAL 52 HEALTH :
BENEFITS TRUST; GERALD SMITH; :
and LORRAINE KOPA, on behalf of :
themselves and all others similarly :
situated, v. PFIZER INC. and WARNER- :
LAMBERT COMPANY. :
:
------------------------------------- x

**DECLARATION OF RAJESH S. JAMES**

RAJESH S. JAMES declares upon penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1. I am an attorney associated with the law firm Davis Polk & Wardwell, counsel for Defendants Pfizer Inc. and Warner-Lambert Company in this action.

2. I submit this declaration in support of Defendants' Motion to Compel Kaiser to Produce an Adequately Prepared Rule 30(b)(6) Witness and for Attorneys' Fees and Costs Pursuant to Rule 37, filed on October 24, 2007.

3.  Kaiser Foundation Hospitals Inc. and Kaiser Foundation Health Plan, Inc. (collectively, "Kaiser") are named plaintiffs in these proceedings.

4.  On May 4, 2007, defendants served a deposition notice on Kaiser pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. This notice was ultimately superseded by defendants' second amended notice of deposition, served July 5, 2007. Attached at Exhibit A is a true and correct copy of the Rule 30(b)(6) notice defendants served on Kaiser on July 5, 2007.

5.  Topic 2 of defendants' Rule 30(b)(6) notice called for Kaiser to designate a witness to testify to its "policies and practices concerning Neurontin," including among other things, its "disease management and drug utilization review relating to Neurontin."

6.  At no time did Kaiser move for a protective order or any other relief with respect to Topic 2 of defendants' Rule 30(b)(6) notice. Instead, Kaiser, on May 14, 2007, Aviah Cohen Pierson, an attorney associated with the law firm Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), counsel for Kaiser, sent Matthew B. Rowland, an attorney associated with Davis Polk & Wardwell, a letter in which Kaiser expressly conceded that Topic 2 was a "sufficiently narrow" and "appropriate" topic for deposition. Attached at Exhibit B is a true and correct copy of Ms. Cohen Pierson's May 14, 2007 letter to Mr. Rowland.

7.  On July 12, 2007, Kaiser produced Albert Carver for deposition as its designee in response to the Rule 30(b)(6) notice. As the transcript of Mr. Carver's deposition demonstrates, Mr. Carver was not adequately prepared to testify to Topic 2 of defendants' second amended notice of deposition. Notably, Mr. Carver testified that he had no knowledge regarding restrictions on or clinical practice guidelines respecting Neurontin that Kaiser had adopted from 1999 to the present, and that he had not spoken to others or reviewed documents in order to acquire such knowledge in preparation for his deposition. Mr. Carver was also unable to answer

rudimentary questions concerning drug utilization review programs relating to Neurontin that Kaiser's California regions had implemented. Mr. Carver testified that he had no knowledge concerning policies and practices that Kaiser's non-California regions had adopted with regard to Neurontin, but acknowledged that he would be surprised to discover that no documents from these regions relating to this topic had been produced.

8. On August 13, 2007, I wrote a letter to Linda P. Nussbaum, a partner with Kaplan Fox, in which I explained that defendants would require a continued Rule 30(b)(6) deposition to further explore Topic 2 with an adequately prepared witness. In the same letter, I asked that Kaiser produce responsive documents from its non-California regions, documents whose absence Mr. Carver had deemed surprising. Attached at Exhibit C is a true and correct copy of my August 13, 2007 letter to Ms. Nussbaum.

9. On August 16, 2007, Ms. Cohen Pierson sent me a letter in which she explained Kaiser's failure to produce documents from six of its eight regions as "based on the meet-and-confer discussions that [Kaiser and defendants] had back in 2005," following which Kaiser had "agreed" to "focus the bulk of its document production on the California regions." Ms. Pierson's letter did not respond to my request for a continued Rule 30(b)(6) deposition, but referred me to a document that she stated "should provide further information regarding [Kaiser's drug utilization] initiatives, its objectives, as well as the type of drugs they focus on." Attached at Exhibit D is a true and correct copy of the letter that I received from Ms. Cohen Pierson on August 16, 2007.

10. On August 20, 2007, I sent a letter to Ms. Cohen Pierson stating that defendants had never "agreed" to permit Kaiser to limit the scope of documents produced from its non-California regions, and that following the meet-and-confer discussions to which she had referred,

defendants had in fact moved to compel Kaiser to produce responsive documents from those regions. In the same letter, I requested Kaiser to clarify whether it intended to produce a witness adequately prepared to testify regarding Kaiser's "policies and practices concerning Neurontin," including its "disease management and drug utilization review relating to Neurontin." Attached at Exhibit E is a true and correct copy of my August 20, 2007 letter to Ms. Cohen Pierson.

11. On August 27, 2007, I received a letter from Ms. Cohen Pierson, in which she stated that Kaiser would agree to produce "documents evidencing the consideration or adoption of guidelines in regions other than California." In the same letter, however, Ms. Cohen Pierson stated that Mr. Carver "gave adequate testimony regarding Kaiser's policies and practices concerning Neurontin" and "was adequately prepared to testify concerning [Kaiser's drug utilization initiatives concerning Neurontin]." Attached at Exhibit F is a true and correct copy of the letter I received on August 27, 2007 from Ms. Cohen Pierson.

12. On September 5, 2007, David B. Chaffin, a partner with the law firm Hare & Chaffin, counsel to defendants, and I met and conferred with Ms. Nussbaum and Ms. Cohen Pierson regarding defendants' request for a continued Rule 30(b)(6) deposition. Following the meet-and-confer discussion, Kaiser agreed to produce a witness prepared to testify to Topic 2 for the period from September 1999 forward, but asked that defendants provide Kaiser with a letter specifying the matters about which defendants intended to inquire so that Kaiser could better prepare its witness.

13. On September 5, 2007, I sent a letter to Ms. Cohen Pierson in which I set forth specific examples of the matters about defendants intended to inquire. Given that the deadline for filing motions for consideration at the Court's September 20, 2007 hearing was the following day, I asked that Kaiser "promptly confirm that the statements set forth in this letter are

4

consistent with your understanding of our agreements concerning the matters discussed this morning." Attached at Exhibit G is a true and correct copy of my September 5, 2007 letter to Ms. Cohen Pierson.

14. On September 6, 2007, I received a letter from Ms. Cohen Pierson confirming that Kaiser would prepare a witness to testify to Topic 2 for the period from 1999 to the present. Attached at Exhibit H is a true and correct copy of the letter I received from Ms. Cohen Pierson on September 6, 2007.

15. In reliance on this assurance, defendants refrained from filing a motion to compel Kaiser to produce an adequately prepared Rule 30(b)(6) witness.

16. On September 17, 2007, I received an e-mail message from Ms. Cohen Pierson in which Kaiser designated Dr. Mirta Millares, whom defendants had previously noticed as a fact witness, to serve as Kaiser's Rule 30(b)(6) witness on Topic 2, limited to the period from September 1999 forward. Attached at Exhibit I is a true and correct copy of the e-mail message that I received from Ms. Cohen Pierson on September 17, 2007.

17. On September 25, 2007, one week before that deposition was scheduled to commence, Kaiser produced to defendants 468 pages of documents concerning policies and practices that its six non-California regions had adopted concerning Neurontin. Kaiser had, until this point, produced no documents to defendants pertaining to these policies and practices. The documents produced on September 25, 2007 for the first time disclosed that the P&T committees of Kaiser's non-California regions had in fact adopted a variety of policies and practices relating to Neurontin, and that several regions had implemented drug utilization review initiatives related to Neurontin. Defendants' counsel spent several hours reviewing these documents and preparing

questions regarding Kaiser's non-California regions to pose at the continued Rule 30(b)(6) deposition.

18.  On October 2, 2007, Kaiser produced Dr. Mirta Millares for deposition as its designee on Topic 2 of defendants' Rule 30(b)(6) notice, limited to the period from September 1999 forward. Attached at Exhibit J is a true and correct copy of the transcript of Dr. Millares's deposition, which I took and which Ms. Nussbaum defended. As the transcript demonstrates, Dr. Millares had not been and was not prepared to testify to Topic 2 of defendants' second amended notice of deposition, and was unable to answer basic questions about Kaiser's drug utilization review relating to Neurontin.

19.  During a break, Dr. Millares stated that she was unprepared to testify regarding Kaiser's policies and practices relating to Neurontin in its non-California regions.

20.  At that time, I proposed to Ms. Nussbaum that, rather than protracting the deposition, I would cut it short on the condition that Kaiser agreed to produce a witness adequately prepared to testify to Topic 2. Ms. Nussbaum agreed to prepare one of the witnesses that defendants had noticed for the following week to testify to Topic 2, but asked that I provide a letter specifying the matters about which defendants intended to inquire to prevent any future "misunderstanding" regarding the topic's scope.

21.  On October 3, 2007, I sent a letter to Ms. Nussbaum that (1) reiterated the examples provided in my September 5, 2007 letter to Ms. Cohen Pierson; (2) offered to limit the scope of the continued Rule 30(b)(6) deposition on Topic 2 to Kaiser's non-California regions, except insofar as that topic pertained to "disease management programs and drug utilization review relating to Neurontin"; and (3) requested that the continued deposition not be temporally limited with respect to Kaiser's non-California regions, given that the documents that Kaiser had

first produced to defendants in the prior week indicated that Kaiser's non-California regions may have adopted policies and practices relating to Neurontin prior to 1999. Attached at Exhibit K is a true and correct copy of my October 3, 2007 letter addressed to Ms. Nussbaum.

22. On October 4, 2007, I received a letter from Ms. Nussbaum indicating that the positions stated in my letter of October 3, 2007, "were not consistent with [her] understanding of the agreement . . . reached at Mirta Millares' deposition." Instead, the letter asserted, Kaiser had only agreed to prepare a witness to testify on the narrow topic of "changes to the formularies in Kaiser's regions outside of California." Ms. Nussbaum acknowledged that Kaiser had agreed in September to produce a witness prepared to testify to Topic 2, but insisted that Kaiser "[ha]d not agree[d] that such a witness would testify concerning Kaiser's non-California regions." Kaiser further refused to prepare a witness to testify to its drug utilization review relating to Neurontin and stated that, in its view, "Dr. Millares adequately testified as to Topic 2." Attached at Exhibit L is a true and correct copy of the letter I received from Ms. Nussbaum on October 4, 2007.

23. On the morning of October 9, 2007, I met and conferred with Ms. Nussbaum and Ms. Cohen Pierson regarding our differences concerning the scope of a continued Rule 30(b)(6) deposition, but we were unable to resolve those differences.

24. Following the meet-and-confer discussion, I received a letter from Ms. Cohen Pierson reiterating Kaiser's view that Dr. Millares had been adequately "prepared to testify concerning [Topic 2] for Kaiser's California regions." While Kaiser offered to prepare a witness to testify concerning Topic 2 for Kaiser's non-California regions, Kaiser stated that, in doing so, it would adhere to its own, unreasonably narrow, definition of that topic. Attached at Exhibit M is a true and correct copy of the letter I received from Ms. Cohen Pierson on October 9, 2007.

25.	On the following day, Ms. Nussbaum designated Dr. Deborah Kubota, whom defendants had previously noticed for deposition as a fact witness, as its Rule 30(b)(6) representative with regard to Topic 2 for Kaiser's non-California regions. Attached at Exhibit N is a true and correct copy of the transcript of the deposition of Dale Kramer, taken October 10, 2007, at which Ms. Nussbaum made this designation. Defendants expressed reservations about the utility of taking such a deposition in the absence of an agreement between Kaiser and defendants as to its scope, but in the interests of potentially resolving the parties' dispute without recourse to this Court, agreed to depose Dr. Kubota as a Rule 30(b)(6) witness.

26.	On the day for which the deposition had been noticed, however, Ms. Nussbaum advised me that Dr. Kubota had become "nervous" about testifying as a Rule 30(b)(6) witness and could no longer testify in that capacity. Ms. Nussbaum proposed to substitute Mitchell Cohen, a senior counsel at Kaiser Foundation Health Plan, in Dr. Kubota's place.

27.	Defendants agreed to depose Mr. Cohen as Kaiser's Rule 30(b)(6) witness on Topic 2. Attached at Exhibit O is a true and correct copy of the transcript of Mr. Cohen's deposition, taken on October 11, 2007. As the transcript demonstrates, Mr. Cohen was no better prepared to testify as to Kaiser's policies and practices relating to Neurontin than Mr. Carver or Dr. Millares had been. Indeed, Mr. Cohen's testimony was often flatly at odds with documents that Kaiser had produced to defendants two weeks earlier.

28.	During a break in the deposition, Ms. Nussbaum advised me that defendants should forego their insistence on an oral Rule 30(b)(6) deposition and should agree to submit written questions to Kaiser in lieu of a deposition. Ms. Nussbaum explained that defendants would only obtain a continued oral Rule 30(b)(6) deposition after filing a motion with the Court, that the Court would hear any such motion only at its November hearing; that it might well take

an additional month to issue a ruling; and that, by the time Kaiser complied with the Court's ruling, several months would have elapsed.

29. Shortly after 5:00 p.m. on October 11, 2007, I advised Kaiser that I was concluding the deposition, given Mr. Cohen's lack of preparedness.

30. On October 15, 2007, I sent a letter to Ms. Cohen Pierson requesting that Kaiser produce a witness adequately prepared to testify to Topic 2 on its behalf. In the same letter, I asked that Kaiser reimburse defendants for the attorneys' fees and expenses incurred in taking the Rule 30(b)(6) depositions of Dr. Millares and Mr. Cohen. Attached at Exhibit P is a true and correct copy of my October 15, 2007 letter to Ms. Cohen Pierson.

31. On October 16, 2007, Mr. Rowland and I met and conferred with Ms. Nussbaum and Ms. Cohen Pierson, but we were unable to reach an agreement with respect to defendants' requests.

32. Ms. Nussbaum reiterated Kaiser's view that its witnesses were adequately prepared to testify to Topic 2, and advised me that Kaiser would not agree to a continued in-person Rule 30(b)(6) deposition.

33. The parties agreed that further conferences were not likely to resolve their dispute without judicial intervention, and I advised Ms. Nussbaum and Ms. Cohen Pierson that defendants would move the Court to compel a continued Rule 30(b)(6) deposition and for other relief that the Court deemed proper.

34. Attached at Exhibit Q is a true and correct copy of Issue 1, January 16, 1998, produced by plaintiff Kaiser, and which is bates stamped KAIS-044085–044087.

35. Attached at Exhibit R is a true and correct copy of Issue 5, May 11, 1999, produced by plaintiff Kaiser, and which is bates stamped KAIS-044092–044093.

36. Attached at Exhibit S is a true and correct copy of Issue 3, March 1, 2000, produced by plaintiff Kaiser, and which is bates stamped KAIS-044088–044089.

37. Attached at Exhibit T is a true and correct copy of Special Edition, January 2001, produced by plaintiff Kaiser, and which is bates stamped KAIS-044094–044095.

38. Attached at Exhibit U is a true and correct copy of Drug Monograph, produced by plaintiff Kaiser, and which is bates stamped KAIS-044043–044067.

39. Attached at Exhibit V is a true and correct copy of Issue 4, April 2002, produced by plaintiff Kaiser, and which is bates stamped KAIS-044090–044091.

40. Attached at Exhibit W is a true and correct copy of KPSC DUAT Executive Scorecard, January–September 2004, produced by plaintiff Kaiser, and which is bates stamped KAIS-000001–000085.

Dated: New York, New York
       October 24, 2007

                                            /s/ Rajesh S. James
                                               Rajesh S. James

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on October 24, 2007.

/s/David B. Chaffin