# EXHIBIT C

Case 1:04-cv-10981-PBS   Document 919-4   Filed 10/24/2007   Page 1 of 4

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

RAJESH JAMES
212 450 4384
RAJESH.JAMES@DPW.COM

August 13, 2007

Re: **In re Neurontin Marketing and Sales Practices and Products Liability Litigation, MDL No. 1629**

Linda P. Nussbaum
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022

Dear Linda:

I am writing to follow up regarding certain issues raised by the Rule 30(b)(6) deposition of your client Kaiser Foundation Health Plan, Inc., and Kaiser Foundation Hospitals (together, "Kaiser"), which was taken on July 12 and 13, 2007.

Since the Rule 30(b)(6) deposition, defendants have undertaken a comprehensive review of all documents that Kaiser has produced to date, including documents bearing the Bates numbers KAIS-040971–41759, which Kaiser produced to defendants on Thursday.

After completing their review, defendants believe that there are certain documents or categories of documents referenced by Mr. Albert Carver in the course of the Rule 30(b)(6) deposition of Kaiser that have not been produced. Defendants ask that Kaiser produce these documents, as set forth below, as soon as practicable.

- At the Rule 30(b)(6) deposition, Mr. Carver indicated that Kaiser has eight regions, each of which has its own pharmacy and therapeutics committee ("P&T committee"). *See* Deposition of Albert Carver, taken July 12 & 13, 2007 ("Carver Dep.") at 25. Mr. Carver testified that each of these P&T committees formulates restrictions and clinical practice guidelines with regard to prescription drugs for its respective region. Kaiser has produced certain communications between its personnel in California and its personnel in other regions indicating that these regions formulated their own guidelines with regard to the use of Neurontin and gabapentin. *See, e.g.*, KAIS-005782

Linda P. Nussbaum                               2                          August 13, 2007

(Hawaii); KAIS-005804 (Ohio). Kaiser has not produced any other documents relating to the consideration or adoption of guidelines in these regions. Defendants request that Kaiser produce documents relating to the consideration and adoption of guidelines in these regions.

- At the deposition, Mr. Carver suggested that, at some point following its 1999 decision to remove restrictions on gabapentin and adopt guidelines for its use, the P&T committee for Southern California changed these guidelines. *See* Carver Dep. at 180 ("They have changed. They changed."); *see also id.* at 183. To date, Kaiser has not produced any documents to defendants evidencing any post-1999 placement of restrictions on or revision of guidelines respecting gabapentin. If any such changes in fact occurred, defendants request that Kaiser produce documents relating to all such changes.

- While Kaiser has produced some minutes of meetings of its P&T committee for Northern California ("The Permanente Medical Group" or "TPMG"), Kaiser has not produced any minutes of meetings of Kaiser's P&T committee for Southern California (the "Southern California Permanente Medical Group" or "SCPMG") or other regions. At the Rule 30(b)(6) deposition, Mr. Carver testified that minutes from meetings at which the Southern California committee approved changes to restrictions on and guidelines respecting the use of gabapentin should have been created and preserved. *See* Carver Dep. at 157–59. Defendants request that Kaiser produce minutes of all P&T committee meetings at which changes in policies and practices regarding the use of gabapentin were discussed.

- A number of the e-mail messages that Kaiser has produced to defendants indicate that those messages had file attachments. In most instances, Kaiser has not produced these attachments to defendants. *See, e.g.*, KAIS-005865; KAIS-005924; KAIS-005928; KAIS-005989. Defendants request that Kaiser produce the missing file attachments, in a manner allowing defendants to associate each attachment with its parent e-mail.

- Kaiser has not produced any documents to defendants reflecting current restrictions on or guidelines respecting the use of gabapentin in its eight various regions. At the deposition, Mr. Carver indicated that such documents should exist. *See* Carver Dep. at 202. Defendants request that Kaiser produce documents reflecting current restrictions and guidelines.

Additionally, and without expressing a view as to the adequacy of his preparation on other topics, Mr. Carver was not adequately prepared to testify regarding Topic 2, concerning Kaiser's "policies and practices concerning Neurontin," including its "disease management and drug utilization review relating to Neurontin." In particular, Mr. Carver testified that he had no knowledge regarding restrictions on or clinical practice guidelines respecting

Linda P. Nussbaum 3 August 13, 2007

Neurontin and gabapentin that Kaiser had adopted from 1999 to the present, and that he had not spoken to others or reviewed documents in order to acquire such knowledge in preparation for his deposition. *See, e.g.*, Carver Dep. at 181–82, 184, 189–90, 203, 220.

  Mr. Carver was also not adequately prepared to testify about Kaiser's drug utilization initiatives relating to Neurontin. In particular, Mr. Carver did not know how Kaiser's DUAT and DRUG drug utilization programs decide on which drugs or classes of drugs to focus, *id.* at 234–35, when these programs first took action with regard to Neurontin, *id.* at 260–61, the objectives of these programs with regard to Neurontin, *id.* at 275–82, how these programs assess drug utilization, *id.* at 231, 242, and the techniques that these programs use to influence physician prescribing behavior, *id.* at 233.

  Defendants require additional testimony on this topic and would like to discuss dates for continuing the deposition to further explore this topic with an adequately prepared witness.

  Thank you for your assistance with these issues. If you have any questions, please let me know.

Very truly yours,

Rajesh S. James

By Electronic Mail