# EXHIBIT E

## DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

RAJESH JAMES
212 450 4384
RAJESH.JAMES@DPW.COM

August 20, 2007

Re:   **In re Neurontin Marketing and Sales Practices and Products Liability Litigation, MDL No. 1629**

Aviah Cohen Pierson
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022

Dear Aviah:

I write in response to your letter dated August 16, 2007 regarding certain issues raised by the Rule 30(b)(6) deposition of Kaiser Foundation Health Plan, Inc., and Kaiser Foundation Hospitals (together, "Kaiser"), taken on July 12 and 13, 2007.

First, as noted in my letter of August 13, 2007, a number of the e-mail messages that Kaiser has produced apparently once contained responsive file attachments, but Kaiser has produced only a small fraction of these attachments to defendants. By our count, more than one-hundred e-mail messages that Kaiser produced indicate that they once contained file attachments; of these, fewer than ten file attachments have been produced. Your letter dated August 16, 2007 states that "Kaiser has produced e-mail messages along with their attachments to the extent those file attachments exist." To the extent Kaiser believes that it has already produced all extant file attachments, defendants request that Kaiser supply an explanation as to why more than 90% of all responsive file attachments have been destroyed or otherwise no longer exist.

Second, you indicated in your letter that Kaiser is now in the process (1) of collecting and reviewing minutes of meetings of Kaiser's Southern California P&T committee, and (2) of producing documents reflecting current restrictions on or guidelines respecting the use of Neurontin from Kaiser's internal pharmacy website. Defendants appreciate Kaiser's commitment to collect, review, and produce responsive documents from the meeting minutes of its Southern California P&T committee and from its internal pharmacy website. That said, defendants wish to express their concern that these documents are only now being

Aviah Cohen Pierson                  2                  August 20, 2007

collected and reviewed, in light of Kaiser's prior representations to defendants and to the Court that collection and review of these documents had previously taken place. *See* Declaration of Justine J. Kaiser, dated Jan. 20, 2006 (Dkt # 422) ("Kaiser Decl.") ¶ 6 (documents from regional P&T committees searched and produced); Deposition of Albert Carver, taken July 12 & 13, 2007, at 44–47 (documents from internal pharmacy website searched and produced).

     Third, defendants wish to clarify that, contrary to the implication of your letter, defendants have never "agreed" to permit Kaiser to limit the scope of documents produced from six of its eight regions. Indeed, following the meet-and-confer discussions to which your letter refers, defendants moved to compel Kaiser to produce responsive documents from these regions. *See* Dkt # 403. The Magistrate Judge ultimately ruled that "Kaiser's obligation to produce documents is not limited to documents located in California," but denied defendants' motion as moot in light of Kaiser's representations that it "ha[d] made a reasonable, good faith effort to search for responsive documents" from these regions, an effort that entailed, among other things, contacting and requesting documents from the Continuing Medical Education Coordinators for each of Kaiser's eight regions, the Directors of Pharmacy for each region, and the chairs of each regional P&T committee. *See* Discover Order No. 4 (Dkt # 445) at 4; Pls.' Opp'n Defs.' Mot. Compel Disc. (Dkt # 422) at 14–16; Kaiser Decl. ¶¶ 5, 6.

     The documents produced to date cast serious doubt on Kaiser's representation that a reasonable search was undertaken: Communications between personnel in the California regions and personnel in other regions indicate that these regions formulated their own guidelines with regard to the use of Neurontin. Yet Kaiser has not produced any documents relating to the consideration or adoption of guidelines in these regions. Given the imminent closure of fact discovery, defendants request that Kaiser clarify by the close of business on Friday, August 24, whether it intends to produce these documents.

     Finally, defendants requested that Kaiser produce a witness prepared to testify regarding Kaiser's "policies and practices concerning Neurontin," including its "disease management and drug utilization review relating to Neurontin." Your letter does not indicate whether Kaiser intends to produce an adequately prepared witness. Defendants ask that Kaiser clarify its position with regard to this matter by the close of business on Friday, August 24.

     Thank you for your assistance with these issues. If you have any questions, please let me know.

                                                                   Very truly yours,

                                                                   Rajesh S. James

<u>By Electronic Mail</u>