# EXHIBIT F



Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

August 27, 2007

**VIA EMAIL**

Rajesh S. James
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

          **Re: In re Neurontin Marketing and Sales Practices Litigation, MDL No. 1629 (PBS)**

Dear Rajesh:

      I write in response to your letter dated August 20, 2007 regarding the Rule 30(b)(6) deposition of Kaiser taken on July 12 and 13, 2007 and Kaiser's efforts to collect and produce documents.

      As previously stated in my letter of August 16, 2007, Kaiser has produced the attachments to email messages to the extent those file attachments were discovered in a search. To the extent there are certain email messages whose file attachments were not produced, the reason these were not produced is that these documents were not discovered in a search. We have no reason to believe these documents were destroyed. Instead, they were not available at the time the documents were being collected and produced to the defendants. Accordingly, they were not produced. Furthermore, it should be noted that Kaiser produced the bulk of these documents to defendants in 2005 and only now do you complain concerning these alleged deficiencies in its production.

      Second, you state in your letter that Kaiser made representations to defendants and the Court that (1) minutes of meetings of Kaiser's Southern California P&T committee and (2) documents from Kaiser's internal pharmacy website had been previously produced. With regard to the Southern California P&T committee minutes, Justine Kaiser did not state that those particular documents had been produced. Instead, Ms. Kaiser stated that certain individuals from Kaiser's regional P&T committees produced documents to defendants' document requests. *See* Declaration of Justine J. Kaiser dated Jan. 20, 2006 (Dkt #422) ("Kaiser Decl.") at ¶ 6. Nowhere did Ms. Kaiser state that the minutes from the Southern California P&T committee were produced. In addition, during the meet-and-confer process, there had been a discussion about limiting

# KAPLAN*FOX*

the production to Northern California, where the vast bulk of Kaiser documents are located. Since we have realized that these documents were not previously produced, we intend to produce them in the coming days. With regard to the documents from Kaiser's internal pharmacy website, as Mr. Carver testified at his deposition, certain documents from this website have already been produced. To the extent that certain responsive documents were not previously produced, we are producing those documents now.

As previously explained to defendants and the Court, Kaiser performed an "extensive search" from its California regions "because the vast majority of the relevant information was located in these regions [but] given Kaiser's structure, there are very significant burdens associated with conducting an exhaustive search for documents in Kaiser's other regions." Kaiser Decl. at ¶ 5. Kaiser is making every effort to supplement its production of documents and responses to other discovery. In fact, on Friday, August 24, 2007, Kaiser made an additional production to defendants. Since defendants now specifically request documents evidencing the consideration or adoption of guidelines in regions other than California, Kaiser will agree to produce such documents to the extent they exist.

Finally, Mr. Carver gave adequate testimony regarding Kaiser's policies and practices concerning Neurontin. At his deposition, Mr. Carver testified that he was knowledgeable concerning that subject and he provided a great deal of information concerning Kaiser's policies about Neurontin. Furthermore, Mr. Carver was knowledgeable concerning the drug utilization initiatives concerning Neurontin. There is no requirement under Rule 30(b)(6) that a designated witness be the _most_ knowledgeable person concerning the topics set forth in the 30(b)(6) notice. Mr. Carver was adequately prepared to testify concerning the topic.

If you have any questions please call me.

Very truly yours,

*[signature]*

Aviah Cohen Pierson

cc:    Linda P. Nussbaum, Esq.

2