# EXHIBIT G

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

RAJESH JAMES
212 450 4384
RAJESH.JAMES@DPW.COM

September 5, 2007

Re:    In re Neurontin Marketing and Sales Practices and Products Liability Litigation, MDL No. 1629

Aviah Cohen Pierson
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022

Dear Aviah:

I write to follow up with regard to this morning's meet-and-confer session in which you, Linda Nussbaum, David Chaffin, and I participated.

<u>Continuation of Rule 30(b)(6) Deposition of Kaiser</u>. We understand that Kaiser will prepare one of the Kaiser employees or agents whom defendants have noticed for deposition to testify to matters known or reasonably available to the plaintiffs regarding Topic 2 of the Second Amended Notice of Deposition of Kaiser dated July 5, 2007. That topic concerns Kaiser's "policies and practices concerning Neurontin," including its "disease management and drug utilization review relating to Neurontin." As stated in this morning's call, defendants agree to limit the scope of the continued Rule 30(b)(6) deposition regarding this topic to the period from September 1999 forward.

Matters illustrative of (but not necessarily exclusive of) those about which defendants are likely to inquire include (1) restrictions on or clinical practice guidelines respecting Neurontin and gabapentin that Kaiser has adopted from 1999 to the present; (2) the reasons that those restrictions or guidelines were adopted and the information on which those adoptions were based; and (3) the persons and entities that participated in the consideration of these restrictions or guidelines. *See, e.g.,* Deposition of Albert Carver, taken July 12 & 13, 2007 ("Carver Dep.") at 181–82, 184, 189–90, 203, 220.

Matters illustrative of those about which defendants are likely to inquire with regard to disease management and drug utilization review programs

Aviah Cohen Pierson                    2                    September 5, 2007

specifically are (1) how these programs decide on drugs and drug classes of drugs on which to focus, *id.* at 234–35; (2) when these programs first took action with regard to Neurontin, *id.* at 260–61; (3) the objectives of these programs with regard to Neurontin, *id.* at 275–82; (4) how these programs assess drug utilization, *id.* at 231, 242; and (5) the techniques that these programs use to influence physician prescribing behavior, *id.* at 233.

E-mail File Attachments. You stated that, after undertaking a reasonable investigation, you have determined that (1) each of the e-mail messages that Kaiser produced to defendants without associated file attachments was not stored in electronic form, and (2) that these messages were retained in hard-copy form without their associated attachments. Kaiser agreed that, if defendants identify specific attachments of interest, Kaiser will undertake a reasonable effort to locate and produce those attachments.

Speaking Objections. In view of Kaiser's written assurance that its counsel will comply, going forward, with the standards articulated by the court in *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33 (D. Mass. 2001), defendants will refrain from filing their motion based on counsel's conduct at the Carver deposition.

As you know, the deadline for filing motions for consideration at the September 20 hearing before Magistrate Judge Sorokin is tomorrow. Accordingly, please promptly confirm that the statements set forth in this letter are consistent with your understanding of our agreements concerning the matters discussed this morning.

Very truly yours,

*Rajesh S. James*
Rajesh S. James

By Electronic Mail