# EXHIBIT K

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

RAJESH JAMES
212 450 4384
RAJESH.JAMES@DPW.COM

October 3, 2007

Re:  **In re Neurontin Marketing and Sales Practices and Products Liability Litigation, MDL No. 1629**

Linda P. Nussbaum
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022

Dear Linda:

    I write with regard to the continued Rule 30(b)(6) deposition of Kaiser Foundation Health Plan, Inc., and Kaiser Foundation Hospitals (together, "Kaiser").

    As you know, we agreed to conclude the Rule 30(b)(6) deposition of Dr. Mirta Millares yesterday afternoon after Dr. Millares, who had previously testified that she was unable to answer a number of questions regarding Kaiser's drug utilization review relating to Neurontin, stated that she was not prepared to testify about Kaiser's policies and practices concerning Neurontin in its non-California regions. We also agreed at that time that Kaiser would prepare another witness to testify on its behalf with regard to Topic 2 of the Second Amended Notice of Deposition of Kaiser dated July 5, 2007.

    With regard to the scope of the continued deposition, I would refer to my letter to Aviah Cohen Pierson, dated September 5, 2007, in which I stated that matters illustrative of (but not necessarily exclusive of) those about which defendants are likely to inquire include:

> (1) restrictions on or clinical practice guidelines respecting Neurontin and gabapentin that Kaiser has adopted from 1999 to the present; (2) the reasons that those restrictions or guidelines were adopted and the information on which those adoptions were based; and (3) the persons and entities that

Linda P. Nussbaum            2            October 3, 2007

participated in the consideration of these restrictions or guidelines.

In that letter, I further stated that matters illustrative of those about which defendants are likely to inquire with regard to drug utilization review include "the objectives of these programs with regard to Neurontin" and "how these programs assess drug utilization." These matters necessarily encompass questions pertaining to how these programs have assessed their progress toward their respective objectives and the information on which they have based those assessments.

In light of Dr. Millares's testimony, defendants are willing to limit the scope of the continued Rule 30(b)(6) deposition on Topic 2 to Kaiser's non-California regions, except insofar as it pertains to "disease management and drug utilization review relating to Neurontin." With regard to "disease management programs and drug utilization review relating to Neurontin," the designated witness should be prepared to speak with regard to Kaiser's California regions as well.

Given that documents Kaiser first produced to defendants last week suggest that Kaiser's non-California regions may have adopted various policies and practices relating to Neurontin prior to September 1999, defendants request that the continued deposition not be temporally limited with respect to Kaiser's non-California regions.

Please advise us of the witness that Kaiser will designate to testify on its behalf with regard to Topic 2, and we will serve an amended deposition notice.

Very truly yours,

Rajesh S. James

By Electronic Mail