UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

Order on Plaintiffs' Motion to Compel (Docket #850)

October 26, 2007

SOROKIN, M.J.

BACKGROUND

Before the Court is the Sales and Marketing Plaintiffs' motion to compel non-party Cline, Davis & Mann ("CDM") (1) to produce electronic documents responsive to a subpoena served in May of 2005; and (2) to provide deposition testimony in response to a subpoena issued on August 17, 2007, pursuant to Fed. R. Civ. P. Rule 30(b)(6) and Fed. R. Civ. P. 45.[1]  On September 14, 2007, CDM sent a letter to the Court in which it reiterated its previous objection to the Court's jurisdiction to issue orders concerning subpoenas.  The letter indicated that CDM has moved the United States District Court for the Southern District of New York (the issuing district for the subpoenas) for a protective order with regard to the document subpoena, and for an Order quashing the deposition subpoena.  On September 28, 2007, this Court issued an Order in which

---

[1] The Court assumes familiarity with the history of the subpoenas at issue.  Further details are found in the Court's Order of September 28, 2007 (Docket # 889).

1

it ruled that it has jurisdiction to issue orders related to the subpoenas at issue.  The Court heard oral argument on the motion on October 17, 2007.  For the reasons set forth below, the motion to compel is <u>ALLOWED</u> in part and <u>DENIED</u> in part.

DISCUSSION

     1.  <u>Document Subpoena</u>

Plaintiffs seek an Order directing CDM to search for and produce "all electronic documents responsive to the May 2005 subpoena."  Plaintiffs do not specify how CDM's document production to date is lacking.  However, they state that in August of 2007, when CDM made its first production "[o]nly a limited selection of electronic documents were included."  Plaintiffs' Motion to Compel, at 4-5 (Docket # 851).  In addition, Plaintiffs state that CDM informed them that it would not conduct a full electronic search because it would be too burdensome.

At the hearing, counsel for CDM stated to the Court that CDM does <u>not</u> object to further electronic searches or to producing non-privileged responsive documents.  However, it argues, Plaintiffs must first agree to reimburse CDM for the expenses associated with restoring, searching, reviewing, and producing the documents at issue as the responsive documents sought by Plaintiffs exist on backup tapes dating back to 1994.  At oral argument, counsel for Plaintiffs indicated a possible willingness to assume the costs (at least in part) of performing the necessary (or desired) search(es).  However, Plaintiffs argued that they should accordingly be given CDM's entire database so that they are able to conduct the search themselves.  This is an unreasonable request, as it potentially implicates clients of CDM (other than Pfizer) wholly unrelated to the instant litigation, and simply presents too many issues related to confidentiality.

2

CDM is a non-party to this action and, in the circumstances of this case, I find that it should not have to bear the cost of restoring and retrieving the documents that Plaintiffs seek. Plaintiffs shall identify the searches they would like performed and CDM shall arrange for its vendor to provide an estimate of the cost of performing the searches and extracting the documents found from the relevant time period established by the Court for this litigation. The costs shall be reasonable under the circumstances. Plaintiffs may then pay for the restoration and searching or not. This estimate shall not include the cost of attorney screening for privilege.

2. Deposition Subpoena

CDM argues that the deposition subpoena is patently overbroad and unduly burdensome. CDM states that it has produced well over 7,000 pages to date. It has already made available to plaintiffs at least eleven (11) boxes of documents, in addition to almost 700 documents (totaling an unknown number of pages) in native file format. Plaintiffs have also received thousands of pages of CDM documents from Pfizer. CDM argues that while Plaintiffs could have designated particular documents concerning which they sought testimony in a Rule 30(b)(6) deposition, the subpoena instead lists eighteen (18) broad subject matters of deposition. Therefore, CDM argues, to be forced to familiarize one company witness with all of the documents potentially at issue would be unduly time-consuming and cost prohibitive for CDM.

This is particularly so because only one Neurontin Account Team member remains as an employee of CDM. That employee, Jennifer Samuels, was identified by CDM as the person most knowledgeable concerning work done by CDM on the Neurontin Account. Although CDM offered to provide her as a witness with personal knowledge, Plaintiffs insist on the designation by CDM of a Rule 30(b)(6) witness. The Court notes that two former employees of CDM, Bina

3

O'Brien and Clare Cheng, have also received deposition notices from Plaintiffs, and intend to testify as to their personal knowledge.  CDM argues that given that three of its current and former employees will testify, it should not be compelled to produce a Rule 30(b)(6) witness in addition to the aforementioned employees.  Plaintiffs' primary argument on this issue is that CDM must produce a Rule 30(b)(6) witness because "individual employees can too easily disclaim knowledge of information that their employee possesses and with which Plaintiffs may be surprised later in the litigation."  Plaintiffs' Motion to Compel, at 6 (Docket # 851).

The court may limit discovery, either on its own initiative or in response to a motion, if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed.R.Civ.P. 26(b)(2)(C).  In making such an evaluation the Court must weigh the needs of the party seeking information against the burdens imposed on the non-party.  As the First Circuit has stated, "[n]on-parties have a different set of expectations [than do parties].  Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998).

A review of the enumerated deposition topics leads the Court to conclude that the majority of information sought by Plaintiffs through a Rule 30(b)(6) witness would be "unreasonably cumulative or duplicative," not only of the information already produced (or to be produced) by Pfizer, but also of the documents produced by CDM.  Indeed, Plaintiffs themselves

make this very point in their motion to compel, where they argue that they "were forced to seek much of the same information by testimony that they had unsuccessfully sought through documents.  Thus, the requested subject-matter topics set forth in the [deposition subpoena] are similar to those requested in the [document subpoena]." Plaintiffs' Motion to Compel, at 5 (Docket # 851).  At the time that Plaintiffs issued the deposition subpoena, they had yet to receive a large number of documents from CDM that had been in the possession of the United States Attorney's Office.  Plaintiffs have since received those documents, and the Court has also resolved the motion to compel with regard to electronic searches for additional documents by allowing Plaintiffs access to all the documents they seek.  With these issues resolved, there is, by Plaintiffs' own reasoning, less need for Plaintiffs to have a Rule 30(b)(6) witness.  In addition, CDM, which is not a party in either the Class or Coordinated Complaints,[2] has only one present employee who worked on the Neurontin matter for Pfizer, thus preparation of a Rule 30(b)(6) witness will necessarily involve a review of the documents and/or discussions with former employees, both of which activities Plaintiffs can (or did) undertake.  In short, Plaintiffs will obtain the information necessary to preparing their case without the deposition.  In light of CDM's position that it has no one that it can reasonably prepare to serve as a Rule 30(b)(6) witness, an assertion on which the Court relies, Plaintiffs' concern that they will later be surprised by not having had the opportunity to obtain the CDM position on the events relevant to the litigation in a Rule 30(b)(6) deposition seems ill-founded.

  Here, it would be an undue burden on CDM as "a non-party to permit such a fishing expedition" as the one requested by Plaintiffs in their Rule 30(b)(6) subpoena. Ameristar Jet

---

[2] While CDM is a defendant in the Assurant matter, that case is stayed.

Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 193 (1st Cir. 2001).[3]  However, there are certain topics with regard to which it is entirely appropriate for CDM to be required to produce a Rule 30(b)(6) witness.  The first three enumerated topics deal not with the substance of the litigation, but rather with CDM's document retention policies and search methods.  Although it may take some time and funds to prepare a company witness to respond to questions related to these topics, any burden on CDM is relatively minimal.

## CONCLUSION

For the foregoing reasons, the Court ALLOWS in part and DENIES in part the motion to compel.  With regard to the documents, CDM shall conduct additional searches designated by Plaintiffs for documents responsive to the document requests, provided that costs will be assumed by Plaintiffs.  With regard to the depositions, CDM shall produce, if Plaintiffs desire, a Rule 30(b)(6) witness, but for the limited purpose of responding to deposition subject matters Nos. 1 through 3.  The foregoing discovery shall be completed by November 30, 2007.

SO ORDERED.

/s/ Leo T. Sorokin
_____
United States Magistrate Judge

---

[3] Plaintiffs' argument, that CDM's motion to quash the subpoena is untimely, is unavailing.  As permitted by the Federal Rules of Civil Procedure, the Court issues this decision on its own initiative.  See Fed.R.Civ.P. 26(b)(C).