UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:  NEURONTIN MARKETING,          :  MDL Docket No. 1629
        SALES PRACTICES AND           :
        PRODUCTS LIABILITY LITIGATION :  Master File No. 04-10981
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  Judge Patti B. Saris
                                      :
THIS DOCUMENT RELATES TO:             :  Magistrate Judge Leo T.
                                      :  Sorokin
        PRODUCTS LIABILITY ACTIONS    :
                                      :
                                      :
                                      :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO STRIKE THE EXPERT REPORT OF MICHAEL TRIMBLE, M.D., AND EXCLUDE DR. TRIMBLE'S TESTIMONY**

Pursuant to Rules 26 and 37 of the *Federal Rules of Civil Procedure*, Defendants Pfizer Inc. and Warner-Lambert Company ("Defendants") respectfully submit this Memorandum in Support of Defendants' Emergency Motion to strike the expert report of Products Liability Plaintiffs' ("Plaintiffs") designated expert witness Michael Trimble, M.D. and to exclude Dr. Trimble's testimony unless and until Plaintiffs: (1) produce an accurate "listing of any other cases" in which Dr. Trimble "testified as an expert at trial or by deposition within the preceding four years," and produce transcripts of such testimony; (2) produce Dr. Trimble for the completion of his deposition no later than 14 days following an order by this Court requiring Plaintiffs to fully comply with Rule 26; and (3) fully identify all "the data and other information considered" by Dr. Trimble in forming his opinions.

1

2684611v1

## PRELIMINARY STATEMENT

Defendants move for the aforementioned relief because Plaintiffs are in willful violation of Rule 26(a). During the deposition of Plaintiffs' designated expert witness, Dr. Trimble, it became clear that Plaintiffs failed to provide an adequate expert disclosure for Dr. Trimble that satisfies their obligations under the Rule. Specifically, Plaintiffs' disclosure is deficient because: (1) Plaintiffs failed to produce "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;"[1] and (2) Dr. Trimble's report fails to "identify the data or other information" that he considered when developing "all of the opinions" expressed in his report  FED. R. CIV. P. 26(a)(2)(B). These failures deprived Defendants of the opportunity for a complete and meaningful deposition of Dr. Trimble, particularly as it relates to testing the bases for Dr. Trimble's opinions and exploring his prior testimony. Moreover, despite repeated requests by Defendants for Plaintiffs to cure the deficiencies, Plaintiffs' counsel have flatly refused to comply.[2] Plaintiffs' counsel's willful failure to comply with Rule 26 prevents Defendants from obtaining and using information critical not only to discovery of Plaintiffs' experts' opinions on general causation, but also to

---

1  Although Plaintiffs provided what was identified as a "Case List" purportedly listing the cases in which Dr. Trimble had allegedly testified previously, Dr. Trimble's deposition testimony revealed that the list was neither accurate, nor complete. Dr. Trimble testified that he had never seen the produced "Case List," nor had he provided a list of relevant cases to Plaintiffs' counsel. Deposition of Michael Trimble, M.D. ("Trimble Dep."), October 18, 2007, at 208 (Ex. A); Professor Michael R. Trimble, M.D. Case List ("Trimble Case List") (Ex. B).

2  See discussion infra Part IV; Email From Kenneth Fromson Regarding Expert Disclosure of Dr. Trimble, dated October 30, 2007 (Ex. E); Letter From Kenneth Fromson, dated October 31, 2007 (Ex. F).

2

Defendants' ability to provide responsive expert reports by the Court ordered deadline of December 3, 2007. Discovery Order No. 13 (Docket #801 at 3).

Defendants seek the Court's intervention by Emergency Motion to address these deficiencies in an expedited way in order to maintain the Court's current discovery schedule on the issue of general causation. *Id.* Prior to producing expert reports on general causation, Defendants have a right to consult with their experts regarding all of Dr. Trimble's opinions and the bases therefore – including materials he considered, reviewed or relied on for his opinions, as well as Dr. Trimble's prior testimony – in order to test the scientific reliability of his opinions. Defendants' ability to respond to Dr. Trimble's expert report is substantially impaired by Plaintiffs' refusal to comply with their disclosure obligations under Rule 26(a). Accordingly, Defendants respectfully request that the Court grant this motion pursuant to FED. RULE CIV. P. 37(c), and issue an order striking Dr. Trimble's report and excluding his testimony for failure to comply with Rule 26, unless and until Plaintiffs provide the requisite case list and produce transcripts of Dr. Trimble's prior testimony, produce Dr. Trimble for completion of his deposition, and provide the information Dr. Trimble considered in forming his opinions.

## LAW AND ARGUMENT

I.   INTRODUCTION

Plaintiffs failed to comply with the expert disclosure requirements detailed in Rule 26(a)(2)(B) of the *Federal Rules of Civil Procedure*. Specifically, (1) Plaintiffs failed to disclose an accurate and complete "listing of any other cases in which the witness [Dr. Trimble] has testified as an expert at trial or by deposition within the preceding four years;" and (2)

Plaintiffs failed to disclose "the data or other information considered" by Dr. Trimble in forming his opinions. *Id*.

"A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use such evidence at a trial[.]" FED. R. CIV. P. 37(c)(1).[3] Plaintiffs clearly violated Rule 26(a) by failing to provide complete and accurate disclosures. *See* discussion *infra* Parts II and III. Plaintiffs' failure is willful, without any justification, and is far from "harmless." To the contrary, Plaintiffs' refusal to provide the requisite disclosures has severely prejudiced Defendants by impeding their ability to meaningfully depose Dr. Trimble and to confer with potential defense experts regarding Dr. Trimble's complete opinions, bases, and prior testimony relating to general causation. Accordingly, Defendants seek the Court's intervention to remedy the unfair prejudice caused by these deficiencies, detailed below.

II. PLAINTIFFS HAVE REFUSED TO PROVIDE THE RULE 26 LIST OF CASES IN WHICH DR. TRIMBLE PREVIOUSLY TESTIFIED

Plaintiffs provided Defendants with a "Case List" that identifies 26 cases in which Dr. Trimble purportedly testified. Professor Michael R. Trimble, M.D., Case List (Ex. B). During Dr. Trimble's deposition, however, it became obvious that Dr. Trimble was wholly unfamiliar with the "Case List," had never seen it before and did not recognize the bulk of the information on it. Trimble Dep. at 204-205, 216-217 (Ex. A). The following exchanges during

---

3 The First Circuit has interpreted the directives of Rule 26(a) to be mandatory due the adoption of Fed. R. Civ. P. 37(c)(1), which in turn "'contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule.'" Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004) (quoting Klonoski, M.D. v. Mahlab, M.D., 156 F.3d 255, 269 (1st Cir.1998)). In the ordinary case, the mandatory sanction is preclusion of the proffered testimony. Klonoski, 156 F.3d at 256; Fed. R. Civ. P. 37(c)(1) (noting the Court's authority to preclude evidence not disclosed or to impose other appropriate sanctions).

2684611v1

Dr. Trimble's deposition expose the complete unreliability of Dr. Trimble's "Case List" and demonstrate that Plaintiffs' counsel failed to secure an accurate and complete listing of cases that complies with the requirements of Rule 26(a):

> Q. Professor Trimble, what we have marked as Exhibit 8, I believe, is a list that we were provided entitled, "Professor Michael R. Trimble, M.D., Case List." **Have you seen this before?**
> A. **No**.
> Q. **Did you provide a list like this perhaps to counsel** who may have put in this form?
> A. **No**.
> Q. Any idea where this came from?
> A. No.
> Q. Would you take a moment to read through the cases listed there and tell me whether you recognize these as legal matters in which you've testified.
> A. Thank you.
> Q. Do you recognize these as cases that you testified by trial or deposition?
> A. I recognize names of perhaps four, but I really don't recognize the rest.
> Q. **Never heard of them**?
> A. Well, put down like this, **no, I can't bring up either a recollection of the name or what the case might have been about**.
> . . . .
> Q. Do you have copies of the transcripts of your testimony in these cases, by chance?
> A. No, you surprised me – well, **I'm surprised to see this list**.
> Q. Are there other cases that you have recalled that you testified in, whether in deposition or trial anywhere in the world, within the past four years that are not listed on this list?
> A. Yes.
> Q. There are. How many?
> A. I suppose **I go to court about three or four times a year**. So, you know, there must be – I mean I don't know where this list came from or how it was generated and what kind of database is available, but I suppose I go to court three or four times a year.
> Q. How long has that been – for how many years have you been going to court three or four times per year?
> A. Oh, I don't know.
> Q. For the past four years?

5

>     A.    Yes, yes.
>     Q.    **Were you asked to provide a list of cases** in which you testified by trial or deposition in the past four years in connection with your work in this case?
>     A.    **No**.

*Id*. at 204-05, 216-17 (Ex. A) (emphasis added).

Dr. Trimble's testimony confirms that he was not consulted by Plaintiffs' counsel regarding creation of the Rule 26 "Case List." *Id*. at 217. According to his own testimony, Dr. Trimble had never seen the list prior to his deposition, and did not confirm its reliability or accuracy before it was produced to Defendants. *Id*. at 204-05. Out of the 26 cases cited, Dr. Trimble testified that he was familiar with only a few of the cases. *Id*. at 204-16 (Dr. Trimble estimated that he recognized four cases on the list, but he relayed facts relating to five of the cases). Moreover, Dr. Trimble testified that he has given testimony in several *other* cases within the past four years that were not identified on Plaintiffs' counsel's "Case List." *Id*. at 216-17 ("I suppose I go to court about three or four times a year [for the past four years]."). These other unidentified cases presumably included testimony relating to subject matters possibly relevant to the opinions expressed by Dr. Trimble in this litigation. Defendants were deprived of the opportunity at Dr. Trimble's deposition to question him regarding his testimony and opinions in these unidentified prior cases.

Plaintiffs' disclosure of an incomplete and inaccurate list of cases prevented Defendants from procuring transcripts of Dr. Trimble's prior testimony. Obviously, Dr. Trimble's opinions and testimony in other litigations may be relevant to his opinions here. This is exactly the purpose of the Rule 26(a)(2)(B) requirement. Defendants request the Court to strike Dr. Trimble's report and exclude his testimony until Plaintiffs provide a complete and accurate

list of cases in which Dr. Trimble has previously testified within the past four years, along with transcripts of all such testimony. Such an order is an appropriate remedy for the Plaintiffs' willfully deficient disclosure. *See*, *e.g.*, *Norris v. Murphy*, 2003 WL 21488640 (D. Mass. June 26, 2003) (Collings, M.J.) (excluding witness who failed to identify prior cases in which he had testified); *see also Coleman v. Dydula*, 190 F.R.D. 316, 318 (W.D.N.Y. 1999) (noting that expert disclosures must provide sufficient information so that the opposing party may procure copies of the deposition or trial testimony); *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D. Kan. 1995) ("The identification of 'cases' at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial.").[4] Defendants further request the Court to require Plaintiffs to produce Dr. Trimble for the completion of his deposition regarding his prior expert testimony. In the alternative, if Dr. Trimble will not appear for the completion of his deposition, Defendants respectfully request the Court to strike him as an expert witness and exclude his testimony.

III.   PLAINTIFFS HAVE REFUSED TO PROVIDE MATERIALS CONSIDERED BY DR. TRIMBLE BUT NOT DISCLOSED TO DEFENDANTS

Plaintiffs designated Dr. Trimble as a general causation expert and produced his expert report in a letter dated October 1, 2007. *See* Trimble Report and cover letter by Kenneth B. Fromson ("Trimble Report") (Ex. C). Dr. Trimble states in his report, "I cannot possibly list all of the scientific, medical literature and confidential corporate documents that I have reviewed which support my opinions." While Dr. Trimble's report includes a list of cited references, as

---

[4] *See also*, *Esso Standard Oil Co. (Puerto Rico) v. Rodriguez-Perez*, 2005 WL 114080, *2 (D.P.R. January 20, 2005) (granting a motion to strike an expert witness's report and preclude the expert testimony due to a party's failure to provide the witness's curriculum vitae, a list of publications authored by the expert, the compensation paid to the witness, and a list of other cases in which the proposed expert has testified within the preceding four years).

well as certain textual references to materials which are not included on his reference list, he expressly testified at deposition that he did not include the information and materials he considered in forming his opinions. *See* Deposition of Michael Trimble, M.D., Day 2, October 19, 2007, at 257-59, 320-21 (Trimble Dep. Day 2) (Ex. A.1) ("I have cited the **most relevant** [documents] that I consider to be important in this case, but there are other company documents.") (emphasis added); Trimble Report, at 45-53 (Ex. C) (citing a set of "References" that only refers to medical literature).  Dr. Trimble further testified:

> Q. Have you looked at any post-marketing pharmacovigilance data regarding suicide, suicide attempt or suicidal ideation that are not referenced in your report?
> A. My report did not reference every single document that I have seen for obvious reasons that it has to be a containable document and readable by people involved in the case, but I have cited the most relevant that I consider to be important in this cases, but there are other company documents.  There are hundreds of company documents that I could have quoted . . . but I don't quote them all, but I quote some.
> . . . .
> A. I saw so much, I do not know the status of the documents I have seen, that's all I am saying.  There are many documents.

*Id*. at 257-59.  Despite the apparent volume of documents that Dr. Trimble testified he considered, these materials are not identified in his report as required by Rule 26.  To date, following two days of deposition testimony, as well as verbal and written requests for this information, Defendants still do not know which "hundreds of documents" Dr. Trimble considered in forming his opinions in this case.

Dr. Trimble also testified that he considered published literature which he does not identify in his report, despite the fact that he admits to relying on it.

> Q. Could you tell me whether this paper is cited in your report in this case?
> A. I think if it's not in the references, it will not have been.
> Q. All right.  I will check with you.

8

2684611v1

> A. **No, this particular [published] report is not cited in my basic report**.
> Q. Do you know how this report came to be placed in the files that you brought with you?
> A. Yes.
> Q. How so?
> A. Because in preparation for this deposition, I have reread, not only all of these papers, but many more papers, and **this is merely another paper which I have read which improves my view** or supports my view of the relationship between the prescription of gabapentin and the release of serotonin.

*Id*. at 319-21.

Rule 26(a)'s requirement that a report identify the "data or other information" considered by the witness means that an expert must specify all documents considered, including documents provided by counsel and even documents on which the expert ultimately did not rely. *See*, *e.g.*, *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 750-51 (7th Cir. 2005); *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 461-62 (E.D. Pa. 2005). Both Dr. Trimble's report and his deposition testimony conclusively demonstrate that he failed to identify the materials that he considered.[5] Plaintiffs have fallen far short of satisfying their disclosure obligations under Rule 26.

Plaintiffs' failure to disclose the bases of Dr. Trimble's opinions severely undermines Defendants' ability to test the reliability and veracity of such opinions. This information is crucial to Defendants' cross examination of Dr. Trimble, and Plaintiffs' refusal to provide it

---

[5] Rule 26(a)(2)(B) requires the report to identify "the data or information considered by the witness in forming the opinions." Rule 26 does not permit a witness to limit the identification of materials to only those documents that the witness claims are "most" relevant. This construction would render the disclosure requirement meaningless because a witness would never be required to identify a document that he considered less important than others. The expert could always claim that any document not identified in his report was relevant to his opinion, but not the "most" relevant document. The Rule 26 disclosure requirements entitle Defendants to know about all the materials Dr. Trimble considered in forming his opinion.

deprives Defendants of that opportunity. Defendants therefore respectfully request the Court to strike Dr. Trimble's report and exclude his testimony until Plaintiffs identify "the data and other information" that Dr. Trimble considered when forming his opinions. Defendants further request the Court to require Plaintiffs to produce Dr. Trimble for completion of his deposition regarding the previously undisclosed materials that he considered in forming his opinions.

IV.  PLAINTIFFS CONTINUE TO WILLFULLY VIOLATE THE EXPERT DISCLOSURE REQUIREMENTS DESPITE DEFENDANTS' REPEATED GOOD FAITH EFFORTS TO RESOLVE THIS DISPUTE

Despite Defendants providing Plaintiffs with multiple opportunities to rectify Dr. Trimble's deficient expert disclosure, Plaintiffs flatly refuse to comply with their obligations under Rule 26. During Dr. Trimble's deposition, upon discovering that Plaintiffs' counsel failed to confer with Dr. Trimble regarding the disclosed "Case List," that the list identified cases that Dr. Trimble did not recognize, and that it also failed to identify cases in which Dr. Trimble has actually previously testified, Defendants objected to the "Case List" provided by Plaintiffs. Defense counsel noted that Plaintiffs had failed to meet their "obligations under Rule 26" and that Defendants reserved their right "to seek appropriate relief under Rule 37." Trimble Dep. Day 2, at 227-28 (Ex. A.1).

Following the deposition, on October 23, 2007, Lori C. McGroder, counsel for Defendants, contacted Plaintiffs' counsel by letter and again noted the aforementioned deficiencies. Letter Regarding Plaintiffs' Disclosure of Dr. Trimble's, by Lori McGroder, dated October 23, 2007 (Ex. D). In her letter, Ms. McGroder requested Plaintiffs to amend the disclosure and provide the information required by Rule 26. *Id.* Again, on October 26, 2007, Ms. McGroder orally conferred with Mr. Kenneth Fromson, Plaintiffs' counsel, and requested Plaintiffs to amend the defective disclosure and to produce Dr. Trimble for the completion of his

10

deposition.  Mr. Fromson indicated that he believed the disclosures were adequate, but that he wanted time to review the issue more closely.  On October 30, 2007, Ms. McGroder again attempted to confer with Mr. Fromson by telephone regarding the deficient disclosure.  Mr. Fromson responded by email and subsequently sent letter correspondence indicating that Plaintiffs "will not be supplementing the disclosure."  Kenneth Fromson Email Regarding Expert Disclosure of Dr. Trimble, dated October 30, 2007 (Ex. E); Letter From Kenneth Fromson, dated October 31, 2007 (Ex. F).  Thus, despite Defendants' repeated efforts to give Plaintiffs the opportunity to correct the obvious deficiencies of their disclosure, Plaintiffs refuse to comply with the Rule.

## CONCLUSION

For all of the forgoing reasons, Defendants Emergency Motion should be granted and the Court should issue an Order striking the expert report Plaintiffs' Michael Trimble, M.D. and excluding Dr. Trimble's testimony, unless and until Plaintiffs do the following: (1) produce an accurate "listing of any other cases" in which Dr. Trimble "testified as an expert at trial or by deposition within the preceding four years," and produce transcripts of such testimony; (2) produce Dr. Trimble for the completion of his deposition no later than 14 days following an order by this Court requiring Plaintiffs to fully comply with Rule 26; and (3) fully identify all "the data and other information considered" by Dr. Trimble in forming his opinions.

Dated:  October 31, 2007                                      Respectfully submitted,


                                                              DAVIS POLK & WARDWELL

                                                              By:     /s/ James P. Rouhandeh
                                                                      James P. Rouhandeh

                                                              450 Lexington Avenue
                                                              New York, NY 10017
                                                              Tel:  (212) 450-4000

                                                                      -and-

                                                              HARE & CHAFFIN

                                                              By:     /s/ David B. Chaffin
                                                                      David B. Chaffin

                                                              160 Federal Street
                                                              Boston, MA 02110
                                                              Tel:  (617) 330-5000

                                                              *Attorneys for Defendants Pfizer Inc. and*
                                                              *Warner-Lambert Company LLC*

12

2684611v1

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 7.1 and 37.1, I certify that counsel have conferred in good faith to narrow the areas of disagreement to the greatest extent possible.

Dated:  October 31, 2007

                                                By:   /s/ Lori C. McGroder
                                                       Lori C. McGroder

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 31, 2007.

                                                   /s/ David B. Chaffin
                                                 David B. Chaffin

**Error! Unknown document property name.**