UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
In re:  NEURONTIN MARKETING,
        SALES PRACTICES AND
        PRODUCTS LIABILITY LITIGATION
------------------------------------------------ x

THIS DOCUMENT RELATES TO:

    PRODUCTS LIABILITY ACTIONS

------------------------------------------------ x

: MDL Docket No. 1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T. Sorokin

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR EMERGENCY MOTION TO STRIKE DR. BENTSON MCFARLAND'S EXPERT REPORT AND TO PRECLUDE HIS EXPERT TESTIMONY, AND REQUEST FOR RULING PRIOR TO NOVEMBER 5, 2007 DEPOSITION**

**I.    INTRODUCTION**

        Plaintiffs served defendants with Dr. Bentson McFarland's report on October 22, 2007, the deadline for disclosure of plaintiffs' expert witnesses on general causation. This purported "expert report" is a one-page letter which fails to set forth any opinions at all, let alone the reasons and bases for those opinions. The "report" does not mention Neurontin,® the prescription medication at issue in this litigation, nor does it identify the substance or details of any testimony regarding general causation. In fact, it is entirely unclear from the "report" what possible opinions Dr. McFarland intends to offer in this litigation. Dr. McFarland's "expert report" thus fails to comply with Federal Rule of Civil Procedure 26(a)(2)'s disclosure requirements. Accordingly, defendants respectfully request that the Court exclude Dr. McFarland's report pursuant to Federal Rule of Civil Procedure 37(c)(1)'s mandatory exclusion provision.

Defendants seek the Court's intervention by Emergency Motion because Dr. McFarland's deposition has been scheduled for Monday and Tuesday, November 5-6. Plaintiffs have stated that if defendants do not depose Dr. McFarland on November 5-6—even despite the inadequate disclosure—they "will not produce him again absent direction from the Court." *See* letter from Kenneth Fromson to Lori McGroder, attached as **Exhibit A**. Defendants thus seek the Court's assistance to resolve this issue in advance of the deposition scheduled next week. Defendants are available for immediate telephone conference on their Emergency Motion to Strike.

## II.   LAW AND ARGUMENT

### A.   Plaintiffs Have Failed To Comply with Rule 26(a)(2)'s Expert Disclosure Requirements.

Federal Rule of Civil Procedure 26(a)(2) provides, *inter alia,* that "a party shall disclose to other parties the identity of any person who may be used at trial to present [expert opinion evidence]" and submit a detailed report including the expert's qualifications and "a complete statement of all opinions to be expressed and the basis and reasons therefore," including the data or other information considered by the witness in forming the opinions *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (quoting FED. R. CIV. P. 26(a)(2)); *See also* FED. R. CIV. P. 26(a)(2) Advisory Committee's Notes (stating that under Rule 26(a)(2), retained expert witnesses "must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefore [sic]"). The purpose of the expert disclosure rule is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent. *Poulis-Minott*, 388 F.3d at 358.

In this case, plaintiffs have fallen far short of the disclosure requirements of Rule

26(a)(2). Dr. McFarland's "expert report," attached as **Exhibit B**, is in the form of a letter and consists of one paragraph stating:

> "My name is Bentson McFarland MD PhD. I have been requested by the law firm of Finkelstein & Partners to provide opinions expressed in the attached article entitled "Divalproex, lithium and suicide among Medicaid patients with bipolar disorder" which was published in the Journal of Affective Disorders earlier this year. The attached article contains all opinions to be expressed and the basis and reasons therefore, as well as the data or other information considered in forming the opinions. My qualifications are included in the attached curriculum vitae and the compensation to be paid for my participation in this litigation is at the rate of $300 per hour. I have not testified as an expert at trial or by deposition within the preceding four years."

Contrary to Rule 26(a)(2), this so-called report does not contain any opinions, much less "a complete statement of all opinions to be expressed and the basis and reasons therefor [sic]." Nor does the report set forth "the data or other information considered by the witness in forming the opinions."[1] In fact, it is unclear from the "report"—which fails to even mention Neurontin—what possible opinions Dr. McFarland intends to offer in this case, or the substance or details of his opinions and testimony regarding general causation. Plaintiffs' disclosure not only fails to satisfy Rule 26(a)(2)'s requirements, but it flies in the face of the express purpose of the rule, *i.e.,* to ensure that basic issues and facts are disclosed to the fullest practical extent to facilitate a fair contest.

### B. Dr. Bentson McFarland's Expert Report Should Be Stricken.

Plaintiffs' failure to set forth Dr. McFarland's opinions and the bases of those opinions in compliance with Rule 26(a)(2) requires that his expert report be stricken. The First

---

[1] Dr. McFarland attaches a study he published to his one page "expert report." *See* Dr. McFarland's study attached as **Exhibit C**. It is not clear, however, what opinions Dr. McFarland intends to offer on the basis of this study. Defendants are entitled to a full and complete disclosure of the opinions Dr. McFarland intends to offer *for purposes of his testimony in this litigation.*

- 3 -

Circuit has held that Rule 26(a) requirements are "mandatory," since the adoption of Federal Rule of Civil Procedure 37(c)(1), which "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule." *Poulis-Minott*, 388 F.3d at 358. The required sanction in the ordinary case is mandatory preclusion of the expert's opinions. *Id.*; FED. R. CIV. P. 37(c)(1) (requiring exclusion "at trial, a hearing or on a motion," of any expert witness information not disclosed, except under certain circumstances). Rule 37(c)(1) allows the Court to excuse Rule 26(a) violations only when the violation was "substantially justified" or "harmless." *Id.* Neither of these exceptions to the general rule of mandatory preclusion applies in this case.

In this Circuit, the "harmless" exception to Rule 37(c)(1) is narrowly construed. *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 197 (1st Cir. 2005); *Cell Genesys, Inc. v. Applied Research Systems ARS Holding, N.V.*, 499 F. Supp. 2d 59, 81 (D. Mass. 2007). The Advisory Committee's Notes to Rule 37 note that the "harmless" exception is intended "to avoid unduly harsh penalties in a variety of situations," such as late disclosures of a potential witness known to all parties, a trial witness already listed by the adverse party, or a witness on behalf of a pro se litigant ignorant of the requirement. FED R. CIV. P. 37 Advisory Committee's Note. Plaintiffs' violation of Rule 26(a)(2) does not fit into any of these examples.

Moreover, it cannot legitimately be disputed that plaintiffs' failure to disclose Dr. McFarland's general causation opinions harms defendants. Rule 26(a)(2) disclosures are intended to provide the opposing party a "reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." FED. R. CIV. P. 26(a) Advisory Committee's Note. Defendants cannot properly prepare to depose an expert witness on complex scientific issues when neither the expert's opinions, nor the data and other

information on which those opinions are based, has been timely disclosed. Nor can defendants' expert witnesses respond to these unknown opinions. Plaintiffs' deficient disclosure unfairly prejudices defendants and is thus not saved by the "harmless" exception of Rule 37(c)(1).

Plaintiffs have likewise failed to satisfy the "substantial justification" exception to Rule 37(c)(1). Defendants informed plaintiffs of the deficiencies in Dr. McFarland's report by letter dated October 29, 2007, and invited plaintiffs to cure the deficiencies by November 1, 2007. *See* letter from Lori McGroder to Kenneth Fromson, attached as **Exhibit D**. Defendants informed plaintiffs that if the deficiencies were not cured, they would have no choice but to file a motion to strike Dr. McFarland's expert report. *See id.* Rather than offering any justification for their failure to comply with Rule 26(a)(2)'s disclosure requirements or taking action to cure the deficiencies, plaintiffs baselessly maintain—without any justification at all—that they "stand by" Dr. McFarland's one-page letter. *See* Exhibit A (noting that plaintiffs "stand by [their] Rule 26 disclosure for Dr. McFarland that the disclosure is not deficient"). Thus, to date, plaintiffs have not offered any justification for their blatant disregard of the requirements of Rule 26(a)(2),and instead, "stand by" their improper disclosures.[2]

Furthermore, plaintiffs are well aware that general causation—that is, whether plaintiffs can prove by reliable scientific evidence whether Neurontin is capable of causing suicide—is the central issue in this phase of expert discovery. Yet Dr. McFarland's "report" does not even mention Neurontin. Under such circumstances, plaintiffs cannot satisfy the "substantial justification" exception to Rule 37(c)(1). *See Cell Genesys, Inc*, 499 F. Supp. 2d at

---

[2] That plaintiffs' conduct in this regard is pervasive is further demonstrated by their inadequate and improper disclosures regarding plaintiffs' expert witness, Dr. Michael Trimble. The Rule 26 violations regarding plaintiffs' disclosures for Dr. Trimble are set forth in a separate emergency motion, filed by defendants on October 31, 2007. (Docket # 925.)

81 (holding that the "substantial justification" was not met where the plaintiff was aware that issues were present in the case, but failed to include them in his report).

## III.     CONCLUSION

For the reasons set forth above, defendants respectfully request that the Court strike Dr. Bentson McFarland's expert report pursuant to Federal Rule of Civil Procedure 37(c)(1) for failure to comply with mandatory expert disclosure requirements. Due to the impending deposition date, defendants request that this Motion be heard on an emergency basis and for such other relief as the Court deems proper.

Respectfully submitted,

DAVIS POLK & WARDWELL

By:  /s/ James P. Rouhandeh
         James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000


SHOOK, HARDY & BACON L.L.P.

By:  /s/ Scott W. Sayler
         Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

        - and -

HARE & CHAFFIN

By:  /s/ David B. Chaffin
         David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 7.1 and 37.1, I certify that counsel have conferred in good faith to narrow the areas of disagreement to the greatest extent possible.

/s/David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on November 1, 2007.

/s/ David B. Chaffin