# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------x
:
In re: NEURONTIN MARKETING,  :
SALES PRACTICES, AND         :
PRODUCTS LIABILITY LITIGATION :
:
------------------------------------x
:
THIS DOCUMENT RELATES TO:    :
:
HARDEN MANUFACTURING         :   MDL Docket No. 1629
CORPORATION; LOUISIANA       :
HEALTH SERVICE INDEMNITY     :   Master File No. 04-10981
COMPANY, dba                 :
BLUECROSS/BLUESHIELD OF      :   Judge Patti B. Saris
LOUISIANA; INTERNATIONAL     :
UNION OF OPERATING ENGINEERS, :  Magistrate Judge Leo T. Sorokin
LOCAL NO. 68 WELFARE FUND;   :
ASEA/AFSCME LOCAL 52 HEALTH  :
BENEFITS TRUST; GERALD SMITH; :
and LORRAINE KOPA, on behalf of :
themselves and all others similarly :
situated, v. PFIZER INC. and WARNER- :
LAMBERT COMPANY.             :
:
------------------------------------x

**DEFENDANTS' OPPOSITION TO CLASS PLAINTIFFS'
MOTION FOR ENLARGEMENT OF TIME TO FILE
<u>RENEWED MOTION FOR CLASS CERTIFICATION</u>**

Although defendants do not oppose, in principle, plaintiffs' untimely request for an extension of time, if the Court is inclined to grant the extension it is essential that defendants be provided sufficient time to conduct necessary discovery and prepare opposition papers – something plaintiffs were unwilling to agree to when the parties met and conferred on the proposed extension. Defendants, however, disagree with virtually every aspect of how plaintiffs' motion characterizes the Court's class certification ruling, beginning with its date – it was signed and filed on August 29 (as the ECF notice itself states explicitly) and available the following day

on Westlaw. Defendants also disagree with plaintiffs' substantive characterizations about what the order "allows" them to do in the course of filing a new motion. Beyond noting that plaintiffs already have defaulted by failing to make their motion or seek an extension prior to the filing deadline which expired on Monday, October 29, 2007 – i.e., 60 days from August 29[1] – defendants do not herein respond to plaintiffs' characterizations of the Court's ruling, which of course speaks for itself.

With respect to plaintiffs' request for an extension of 30 days (in addition to the week from October 30 to November 5 that plaintiffs have unilaterally sought to take), defendants explained to plaintiffs that due to (1) the December holidays and the likely difficulty created by the holidays in quickly conducting necessary follow-on discovery related to the motion, including the depositions of plaintiffs' experts and newly-proposed class representatives, if any, (2) the lead-time needed after conducting such discovery for defendants' experts to prepare responsive reports, (3) plaintiffs' past failure to agree to an extension with respect to class certification briefing in April 2007, and (4) the interest of judicial economy, defendants thought it wise to confer on a global schedule now and to submit it to the Court. Plaintiffs rejected that overture.

In short, defendants do not oppose plaintiffs' request so long as defendants are given a reasonable interval to conduct the necessary discovery. Defendants expect to be able to complete the depositions of plaintiffs' experts and newly-proposed class representatives, if any, assuming that they can be produced for deposition within that period. Defendants note that this is an ambitious proposal, compressing class discovery into a little more than 60 days when such

---

[1] Plaintiffs should have possessed the necessary evidence and expert testimony demanded by the Court prior to filing their initial motion for class certification, and certainly should have obtained it long enough ago to meet the October 29, 2007.

2

discovery took approximately one year in connection with plaintiffs' first motion. Defendants' experts will then draft new reports, and defendants will draft their responsive brief, which could be filed by March 14, 2008. Under this proposed schedule, defendants will have approximately 30 days to work with their experts and prepare their brief – something that plaintiffs will have had nearly 100 days to do. Accordingly, defendant's proposed schedule is as follows.

| | |
|---|---|
| Motion for Class Certification | December 5, 2007 |
| Beginning of Class Discovery | December 6, 2007 |
| End of Class Discovery | February 13, 2008 |
| Opposition to Class Certification | March 14, 2008 |
| Reply | March 28, 2008 |
| Surreply | April 11, 2008 |
| Hearing on Motion for Class Certification | To Be Scheduled |

With respect to plaintiffs' proffered concern with expedition and the delay that might be attendant to the parties' filing four total briefs – motion, opposition, reply, and sur-reply – we note that defendants believe that the issues are sufficiently important that extending the schedule to allow all issues to ripen fully would be desirable. Nonetheless, if plaintiffs wish to waive any right to file a reply, defendants will of course waive any right to file a sur-reply. In short, if plaintiffs are truly concerned with bringing this matter to a final disposition as quickly as possible, we suggest that a total of only two briefs need be submitted.

Dated: November 1, 2007

                             DAVIS POLK & WARDWELL

                             By:   /s/ James P. Rouhandeh
                                   James P. Rouhandeh

                             450 Lexington Avenue
                             New York, New York 10017
                             (212) 450-4000

                                     - and -

                             HARE & CHAFFIN

                             By:   /s/ David B. Chaffin
                                    David B. Chaffin

                             160 Federal Street
                             Boston, Massachusetts 02110
                             (617) 330-5000

                             *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on November 1, 2007.

                                     /s/David B. Chaffin