UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND ) <br> SALES PRACTICES LITIGATION ) <br> _____ ) <br> THIS DOCUMENT RELATES TO: ) <br> _____ ) <br> THE GUARDIAN LIFE INSURANCE ) <br> COMPANY OF AMERICA v. ) <br>  PFIZER, INC., and ) <br> ) <br> AETNA, INC. v. PFIZER, INC. ) <br> _____ ) | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris <br><br> Magistrate Judge Leo T. Sorokin |

## DECLARATION OF LINDA P. NUSSBAUM

LINDA P. NUSSBAUM declares under penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1. I am a partner with the law firm Kaplan Fox & Kilsheimer LLP, counsel for Plaintiffs Kaiser Foundation Hospitals Inc. and Kaiser Foundation Health Plan, Inc., (together "Kaiser" or "Plaintiffs") in this action.

2. I submit this declaration in support of Plaintiffs' Opposition to Pfizer Inc. and Warner-Lambert Company's (together "Defendants" or Pfizer) motion to compel Kaiser to produce a witness adequately prepared to testify to Topic 2 of the Rule 30(b)(6) notice of deposition of Kaiser and for attorneys fees and costs.

3. I have personal knowledge of the matters stated herein.

4. As a result of meet-and-confers, beginning in 2005, Kaiser performed an exhaustive search for relevant documents in its Northern and Southern California regions to respond to Defendants' document requests. In addition, a non-exhaustive search was performed by Kaiser for documents in its other regions. As a result of additional

correspondence, beginning in August 2007, Kaiser searched for documents related to the consideration or adoption of guidelines pertaining to Neurontin in its non-California regions. Responsive documents from Kaiser's non-California regions have been produced to Defendants on a rolling basis as agreed, and the production is substantially complete.

5. I participated in the meet-and-confer discussions with Defendants concerning the scope of the 30(b)(6) deposition notice which was served on May 4, 2007 and ultimately superseded by defendants' second amended notice of deposition, served July 5, 2007. During those meet-and-confers, Defendants in discussing their 23 item notice did not initially request that the witness be familiar with the noticed topics as they pertain to Kaiser's non-California regions.

6. On July 12 & 13, 2007, I defended the deposition of Albert Carver. At Mr. Carver's deposition, Defendants did not raise the issue of Mr. Carver's inability to testify concerning Kaiser's non-California regions. Instead, Mr. Carver testified completely for two full days in response to Defendants' 23 item notice.

7. Albert Carver was an adequately prepared 30(b)(6) witness. I, and an associate at my firm, and in-house counsel for Kaiser, spent hours preparing Mr. Carver for his deposition. We had several discussions with Mr. Carver via telephone. We also met personally with Mr. Carver prior to his deposition. In addition, over the course of a couple weeks prior to his deposition, Mr. Carver reviewed many documents produced by Kaiser in this litigation.

8. On October 2, 2007, at Mirta Millares' (a fact and additional 30(b)(6)

witness) deposition, Defendants first raised the issue of Topic 2 including testimony concerning Kaiser's non-California regions. At this point, although I was not happy that this request was being made so late and after several witnesses had been deposed, I proposed, in an effort to be accommodating, that one of the Kaiser witnesses who was being deposed the following week could testify concerning: (1) changes to the formulary status of Neurontin in Kaiser's non-California regions; and (2) initiatives at these regions related to Neurontin. I also stated that to the extent the witness could not answer these newly requested specific questions, Kaiser would supplement those responses through sworn interrogatory responses.

9. Dr. Mirta Millares has testified previously on behalf of Kaiser in other litigation.

10. An associate at my firm interviewed and compiled information from six Kaiser employees at its non-California regions. The purpose of these interviews was to provide information to Mitchell Cohen, Esq. in preparation for the continued 30(b)(6) deposition on Topic 2, pursuant to the proposal I made to Defendants on October 2, 2007. Defendants ended Mr. Cohen's deposition after only a few hours of testimony announcing that it was 5:00pm and that they were prepared to make a motion rather than continue the deposition. At the deposition of Mr. Cohen, I stated on the record:

> We have made great efforts to prepare witnesses here. We have a witness who, in fact, is prepared. We are ready to go forward here. For judicial economy and for the convenience of all parties, we would ask that the defendants ask whatever questions they have. . . to the extent that there are some questions that the witness cannot answer because those questions were not anticipated, we would leave blanks in the transcript and we would promptly get a verified answer back. . . we can take as a template the questions that you have asked with respect to Georgia and/or the Northwest region and we can provide information to you for all of the other regions that

3

would be responsive in those questions. And we are willing to do that within a reasonable period of time, ten days, under oath.

11.  On or about October 16, 2007, I participated in a meet-and-confer with counsel for Defendants wherein I again offered to supplement Mr. Cohen's deposition transcript through interrogatory-style responses with respect to specific dates or facts not previously provided (or asked for), about Kaiser's non-California regions.

12.  We are currently in the process of compiling information from each of Kaiser's non-California regions related to: (1) the formulary status of Neurontin during the relevant time period; and (2) initiatives related to Neurontin.

Dated: New York, New York
       November 2, 2007

*/s/ Linda P. Nussbaum*
Linda P. Nussbaum

4

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3.

        ATTORNEY FOR PLAINTIFFS


/s/ Linda P. Nussbaum
LINDA P. NUSSBAUM