# EXHIBIT D



Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)

Debra J. Reisenman (NY)
Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)

Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mezoff (NY)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Karen M. Queenan (NY & CT)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

*Of Counsel*
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Sheila Rosenrauch (NY)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

*Accredited CLE Provider*

REFER TO OUR FILE #: 200599

November 1, 2007                                                     By Mail and Email

Jim Rouhandeh, Esq.         Lori McGroder, Esq.
Davis Polk & Wardwell       Shook, Hardy, Bacon, LLP
450 Lexington Avenue        2555 Grand Blvd.
New York, NY 10017          Kansas, Missouri 64108

Re:   Neurontin Litigation – Expert Disclosure and Deposition Issues

Counsel:

    I am in receipt of two letters from Lori McGroder, dated November 1, 2007. Let me take this opportunity to address them.

    First, let me address the issue about Dr. McFarland's deposition in light of the recent emergency motion filed by Defendants. In reference to Ms. McGroder's letter and the recently served deposition notice, Ms. McGroder indicates, "this notice will apply only if the Magistrate orders that the deposition go forward…." However, Ms. McGroder then indicates "if Magistrate Sorokin grants our motion, please consider this Notice withdrawn." These two statements appear to be inconsistent with one another. Defendants' papers at Docket No. 928 "request a ruling on their Emergency Motion prior to Dr. McFarland's deposition, which is currently scheduled for November 5, 2007." Since there is currently no order in place that grants your motion, then the notice is not withdrawn as per Ms. Mcgroder's own statement above. Consequently, the deposition is scheduled to go forward absent an order from the court that provides relief requested by Defendants.

    The facts of the situation are clear to Plaintiffs. The parties have an agreed upon date for Dr. McFarland's deposition: November 5-6. Defendants have served a deposition notice confirming the time, locale and date. Defendants have filed a motion to strike Dr. McFarland and preclude his testimony. Defendants have requested a decision from the Court prior to the deposition on November 5-6. To the extent the Court does not grant Defendants' motion before the deposition is scheduled to begin, then we maintain our position that Defendants should go forward with Dr. McFarland's deposition. We will not produce Dr. McFarland again absent court order. Importantly, unless the Court issues an order prior to the scheduled time Dr. McFarland's deposition is to begin, counsel will be present for the deposition as currently scheduled. Plaintiffs' counsel is intending on presenting Dr. McFarland in Portland, OR, on November 5-6, 2007.

    Next, let me address the issues in Ms. McGroder's letter that concern Plaintiffs' expert, Cheryl Blume, Ph.D., and her expert disclosure. As to the two (2) business day limitation on depositions, let me remind Ms. McGroder of Case Management Order #3, which states in pertinent part the following:

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

"Unless otherwise authorized by the Court or stipulated by the parties, depositions shall be limited to two (2) business days of seven (7) hours each by the deposing parties." In fact, it is my understanding that defense counsel participated in the negotiation of this case management order. To the extent Defendants can articulate where in the Court's case management orders there is a distinction between parties, third parties, and experts, then we can confer further on the issue. I am relying upon my understanding of the order and I suspect if there is an order that favors defense counsel's position, then defense counsel will bring that to my attention.

Additionally, as defense counsel is absolutely aware, the parties have previously stipulated time and time again that the defending party at a deposition be allotted time to question a witness at the conclusion of the deposing party's inquiry. This has been done on a witness-by-witness basis and without any judicial intervention. Clearly, for defense counsel to deny this fact is simply baffling. I have never taken a position that a party <u>must</u> provide such an allotment to a defending party; I still do not take that position. Rather, the parties should try to resolve the issue and the parties have resolved the issue thus far with every single deposition in this litigation, until now.

Next, Defendants' reference to page numbers (197) and the single space format of Dr. Blume's disclosure is equally unpersuasive. Product Liability Plaintiffs have been in a position where custodial files of <u>individual</u> witnesses were in excess of 100,000 pages. Plaintiffs have also had to depose <u>individual</u> witnesses about safety and regulatory issues that encompassed Defendants' entire New Drug Application: the NDA and its appendices span over 300,000 pages and over a decade of time. The parties and the Court are well aware of the complex nature of the litigation and the sheer size of the record production in the case; nonetheless, the two (2) business day rule has been in place. Also, Product Liability Plaintiffs have had to share time with two other Plaintiff Steering Committees. It can be said that Product Liability Plaintiffs have not even had 2 business days for such witnesses; we had 1/3 of the time allotted. Moreover, defense counsel requested several hours at multiple depositions and we agreed to provide the accommodation. Consequently, Plaintiffs diligently prepared for these depositions with full knowledge of the two (2) business day limitation. Plaintiffs had to decide on what issues to address at depositions and what issues would have to be set aside given the limitations set down by the Court. It is Defendants' position that is untenable, and I welcome the opportunity to oppose your position before Magistrate Sorokin.

Finally, as it pertains to the compensation afforded to experts, it is our intention to seek compensation to our experts from defense counsel as set forth in Rule 26. To the extent the parties are unable to resolve differences as to the calculation of a reasonable fee, then we will seek judicial intervention.

Very truly,

Kenneth B. Fromson