UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- x
                                                                 :  MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                                     :
        SALES PRACTICES AND                                      :  Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                            :
---------------------------------------------------------------- x  Judge Patti B. Saris
                                                                 :
THIS DOCUMENT RELATES TO:                                        :  Magistrate Judge Leo T.
                                                                 :  Sorokin
        PRODUCTS LIABILITY ACTIONS                               :
                                                                 :
                                                                 :
                                                                 :
---------------------------------------------------------------- x

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR EMERGENCY MOTION
FOR AN ENLARGEMENT OF TIME ALLOTTED FOR THE DEPOSITION OF
<u>PLAINTIFFS' DESIGNATED EXPERT CHERYL D. BLUME, Ph.D.</u>**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendants Pfizer Inc. and Warner-Lambert Company ("Defendants") respectfully submit this Memorandum in Support of Defendants' Emergency Motion for an Order extending the duration of the deposition of the Product Liability Plaintiffs' ("Plaintiffs") designated expert Cheryl D. Blume, Ph.D. Defendants respectfully request the Court to extend the length of Dr. Blume's deposition to a total of five (5) days. Defendants seek this relief by Emergency Motion in order to maintain the current expert discovery schedule set forth in Discovery Order 13 and to have the issue resolved prior to the date of Dr. Blume's deposition, currently scheduled for November 12-13, 2007. Defendants have not requested an enlargement of time to conduct the examination of any other of Plaintiffs' experts witnesses.

**PRELIMINARY STATEMENT AND BACKGROUND**

Dr. Blume's report is vast. It contains literally hundreds of opinions based on hundreds of thousands of pages of documents set forth in a 328 paragraph, 197 page, single-spaced report (207 pages with references).[1] Dr. Blume's report addresses an extensive array of opinions on a wide variety of subject matters including, *inter alia*, reporting of clinical-trial adverse events before the FDA approved Neurontin® as safe and effective in December 1993; reporting of clinical-trial and spontaneously reported events since December 1993; Defendants' and FDA's decisions that no reasonable evidence of an association exists between Neurontin and suicidal behavior; Neurontin warnings; FDA's decisions on Neurontin labeling; how a clinician would interpret the Neurontin labeling; significance of the Neurontin controlled clinical trial data; FDA internal pre-approval review; Defendants' conduct in developing and updating various clinical trial investigator brochures; Defendants' conduct in evaluating neuropsychiatric adverse events, in conducting some but not other clinical studies; intentional overdoses; relationship of various central nervous system-related events; significance of background rates of depression and suicide in patients with psychiatric disorders, epilepsy, and neuropathic pain; Defendants' conduct in evaluating spontaneous adverse-event reports and detection of safety signals; efficacy of Neurontin, lithium, and divalproex for bipolar disorder; efficacy of Neurontin for various other disorders. *See* Blume Rep. Further, Dr. Blume indicates in her report that she relies on 122 medical publications, as well as countless other documents, such as New Drug Application (NDA) documents, various documents from the custodial files of Defendants' employees, Research Reports, Periodic Safety Update Reports, federal regulations, and filings

---

[1] Plaintiffs' Expert Disclosure on General Causation, dated October 22, 2007 (Ex. A); Dr. Cheryl Blume's Report ("Blume Rep."), dated October 22, 2007 (Ex. B).

and other materials produced in the *Franklin* litigation. *Id.* at 198-206 (Reference List identifying medical literature Dr. Blume considered).

Dr. Blume offers countless opinions in this case. The two business days offered by Plaintiffs are insufficient for Defendants to fairly examine Dr. Blume regarding her opinions, theories, data analyses, and purported rationale for her opinions, on the central issue in this case – that is, whether Neurontin is capable of causing suicide. Defendants are entitled to test the reliability and validity of Dr. Blume's methodology for her hundreds of opinions, and Plaintiffs' position that this can be accomplished in 12 hours (two business days minus two hours Plaintiffs have reserved for questioning) is unreasonable. Defendants therefore move the Court for additional time to conduct the deposition of Dr. Blume.

## LAW AND ARGUMENT

Case Management Order ("CMO") No. 3 governs the duration limitations of depositions in the litigation. It states: "**Unless otherwise authorized by the Court** or stipulated by the parties, depositions shall be limited to two (2) business days of seven (7) hours each by the deposing parties. CMO No. 3, March 18, 2005, at 5 (emphasis added). Accordingly, Defendants seek the Court's authorization to extend the duration of Dr. Blume's deposition.

Rule 26 of the Federal Rules of Civil Procedure codifies the Court's inherent authority to manage discovery. FED. R. CIV. P. 26(b)(2)A). It provides: "By order, the court may alter the limits in these rules on . . . **the length of depositions** under Rule 30 [Depositions Upon Oral Examination]". *Id.* (emphasis added). Rule 26 expressly contemplates that circumstances may warrant court intervention to alter the length of depositions. Rule 26 does not limit the reasons the Court may consider when determining whether a longer deposition is justified, but a Committee Note provides additional guidance as to what factors the Court may consider.

- 3 -

2688523v1

> Parties considering extending the time for a deposition–and courts asked to order an extension–might consider a variety of factors. . . . In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. Similarly, should the lawyer for the witness want to examine the witness, that may require additional time. Finally, with regard to **expert witnesses, there may more often be a need for additional time**-even after the submission of the report required by Rule 26(a)(2)–**for full exploration of the theories upon which the witness relies**.

Court Rules, 192 F.R.D. 340, 395-96 (2000) (Committee Note).

Depositions of expert witnesses thus often require additional examination time to fully explore "the theories upon which the witness relies." *Id.* Further, many of the other factors cited are present here. The pending litigation involves multiple parties. Certainly, the Pfizer Defendants will take a vast majority of the examination time, but other parties may also participate. Further, Mr. Fromson has already indicated that he intends on reserving time to question Dr. Blume. Fromson Letter 2, at 2 (Ex. D).[2] Plaintiffs understandable desire to examine Dr. Blume amplifies the need for a longer deposition.

Other courts have considered additional factors when determining whether the duration of a deposition should be extended. One federal district court considered the below list of considerations when ordering an extension in the length of a deposition:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

---

[2] As Mr. Fromson notes in his correspondence, the parties have stipulated that the defending party shall be allotted time to question the witness. *Id.* The Defendants agree that parties defending the depositions should have an opportunity to examine the witness and they do not oppose allotting deposition time to Plaintiffs.

2688523v1

*Martinez v. Cornell Correction of Texas, Inc.*, 229 F.R.D. 194, 197 (D.N.M. 2005) (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)). Applying these factors to the pending request indicates that an enlargement in the allotted deposition time is justified. The trials in this litigation are not imminent and an order extending the duration of the deposition will not delay discovery. Plaintiffs are not prejudiced if the Court allows additional time for Dr. Blume's deposition and have identified no possible prejudice in the multiple discussions with Defense counsel on this issue. In contrast, the Defendants would be severely and unfairly prejudiced if the time for Dr. Blume's deposition is limited to twelve hours (two business days minus the two hours Plaintiffs have reserved) because Defendants will be deprived of a "full exploration of the theories upon which the witness relies." Court Rules, 192 F.R.D. at 395-96.

The Defendants have been diligent in adhering to the Court's discovery schedule and bring this motion now to ensure that the parties can meet the discovery deadlines. Further, this is Defendants' only request for additional time to examine a Plaintiffs' designated expert. Last, the additional examination time relates directly to whether Dr. Blume's methodology and opinions are scientifically reliable for purposes of the general causation determination, the central issue in the litigation.

### DEFENDANTS MUST HAVE RESOLUTION OF THE ISSUE BEFORE THE DEPOSITION IN ORDER TO PREPARE - PLAINTIFFS' SUGGESTED APPROACH WOULD INTERFERE WITH THE COURT'S DISCOVERY SCHEDULE

In rejecting Defendants' request for additional deposition time, Plaintiffs' counsel have suggested that the parties confer after the conclusion of Dr. Blume's second day of testimony on November 13, and then discuss the possibility of whether Defendants would need

to seek the Court's intervention. *Id.* (Ex. C).³ This proposal is not only inefficient -- Defendants are *presently* aware that they need additional time to cross examine Dr. Blume and must plan the examination based on the total amount of time they will have -- but it imperils the current discovery schedule. Mr. Fromson's proposal would force the Defendants to engage in motion practice at the tail end of the period set out for depositions of Plaintiffs' experts, which would derail the current expert discovery schedule. Discovery Order No. 13 (Docket #801 at 3). Moreover, it would be unfairly prejudicial to Defendants to start Dr. Blume's deposition not knowing whether they will be deprived of additional deposition time to complete the examination. This approach would substantially and unfairly prejudice Defendants.

Plaintiffs' counsel has further argued that the custodial files they requested for some fact witnesses contained "in excess of 100,000 pages" and that the NDA for Neurontin contained "over 300,000 pages." *See* (Ex. C). Plaintiffs apparently contend that depositions of fact witnesses who had extensive documents in their custodial files is in some way analogous to the Defendants' deposition of a designated expert witness who is offering a nearly 200 page "expert opinion." Plaintiffs' analogy is inapposite. The fact witnesses at these depositions were not identified by defendants to offer opinions on all of the documents in their custodial files, nor were they designated to opine on the central issue in this litigation -- whether Neurontin is

---

3   Defense counsel made several attempts to confer and negotiate a resolution prior to filing this motion. Ms. Lori McGroder, counsel for Defendants, conferred via telephone with Plaintiffs' counsel, Mr. Kenneth Fromson, on October 26, 2007, to request additional time for Dr. Blume's deposition. Declaration of Lori McGroder, at 2, ¶7. Plaintiffs have refused to produce Dr. Blume for deposition for more than the two days that are currently scheduled – November 12 and 13. Letter of Ken Fromson to Lori McGroder, dated October 31, 2007 (Ex. C); Letter of Ken Fromson to Lori McGroder, dated November 1, 2007 (Ex. D). Again, on November 2, Ms. McGroder conferred with Mr. Fromson in an attempt to avoid filing this motion, and requested additional deposition time short of the five days originally requested. Plaintiffs counsel would not negotiate.

2688523v1

capable of causing suicide. Moreover, these fact depositions were not designed to test the scientific reliability and validity of the theories, opinions, analyses and bases offered by a designated expert. Plaintiffs should not be heard to complain about the volume of documents *they requested* in the litigation, or use it as an excuse to cut short Defendants' one and only opportunity to depose an expert witness they have designated with a 197 page single-spaced report containing virtually hundreds of opinions.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court to enlarge the time allotted for the deposition of Dr. Cheryl Blume. Specifically, Defendants request an Order extending the length of Dr. Blume's deposition to a total of five days. Due to the impending deposition date, Defendants request that this Motion be heard on an emergency basis and for such other relief as the Court deems proper.

Respectfully submitted,

DAVIS POLK & WARDWELL

By: /s/ James P. Rouhandeh
James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

2688523v1

2688523v1

HARE & CHAFFIN

By: /s/ David B. Chaffin
David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 7.1 and 37.1, I certify that counsel have conferred in good faith to narrow the areas of disagreement to the greatest extent possible.

/s/David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on November 1, 2007.

/s/ David B. Chaffin

2688523v1