# EXHIBIT A

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

JAMES P. ROUHANDEH
212 450 4835
ROUHANDEH@DPW.COM

October 25, 2007

Re:   **Neurontin Products Liability Litigation
      Expert Disclosure**

Kenneth B. Fromson, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, NY 12550

Dear Ken:

      I write in response to your letter dated October 22, 2007. For the last several weeks now, you have been engaged in a campaign to require defendants to engage in expert discovery beyond the issue of general causation. The fact is that the Court's orders make clear that expert discovery is limited to the issue of general causation, i.e., whether plaintiffs can prove that Neurontin is capable of causing suicide or suicide attempts. All other expert discovery is deferred to a later date.

      The assertion in your letter that Drs. Brock and King are general causation experts is frivolous. You previously referred to them repeatedly as sales and marketing experts and only now have begun calling them general causation experts in a blatant and belated effort to fit their reports within the Court's orders. In fact, Dr. King's report is entitled "Marketing Neurontin" and the Brock report plainly relates to the alleged ethical obligations of Pfizer. Nowhere in either report does King or Brock express the opinion that Neurontin is capable of causing suicide or suicide attempt. Discovery of such sales and marketing experts is plainly deferred under the Court's orders until after a ruling on the general causation issue.

      Your description of Judge Saris' Memorandum and Order dated February 27, 2007 is nothing short of misleading. As you well know, nowhere in that decision did Judge Saris use the term general causation to refer to anything other than whether Neurontin is capable of causing the injury alleged by plaintiffs. General causation is a term of art used in this and other product liability litigation to refer to whether a product is capable of causing an injury. Your attempt to

Kenneth B. Fromson, Esq.      2      October 25, 2007

reinterpret that term at this late date to include the issue of whether a physician was caused to write a prescription by the defendants' alleged marketing efforts is certainly inconsistent with how that term has been used by the Court and all of the parties to this litigation.

    We hereby reserve the right to take the depositions of Drs. King and Brock, and to examine the remainder of plaintiffs' experts on issues unrelated to general causation, if necessary after the resolution of the summary judgment and <u>Daubert</u> motions currently scheduled to be filed on January 11, 2008.

                         Sincerely yours,

                         James P. Rouhandeh

cc:    Eric M. Zissu, Esq.
       Scott W. Saylor, Esq.
       David B. Chaffin, Esq.
       Beth L. Kaufman, Esq.

<u>By Overnight Courier & Email</u>

EXHIBIT B



**Shook, Hardy & Bacon L.L.P.**

www.shb.com

October 9, 2007

Lori C. McGroder

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2290 DD
816.421.5547 Fax
lmcgroder@shb.com

*Via facsimile – 845/562-3492*
*and U.S. Mail*

Kenneth B. Fromson
Finkelstein & Partners
436 Robinson Avenue
Newburgh, NY 12550-3341

Dear Ken:

In response to your letter of today regarding plaintiffs' addition of a neuropsychopharmacologist expert witness, we would prefer to take this deposition in early November. If this expert cannot be available in early November, we agree to take the deposition after Thanksgiving. I'm sure you appreciate that taking this deposition within three days of receiving the expert report is not possible as it does not give us sufficient time to prepare. Please provide the dates on which your expert is available following Thanksgiving.

Also, your letter fails to acknowledge my letter to you of yesterday regarding the expert dates to which defendants agree. To be clear, as a follow up to that letter, we are not going forward with any expert depositions on issues other than general causation. Discovery Order 14 is unambiguous on this point.

Very truly yours,

Lori C. McGroder
Partner

LMG:lkw

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

2656977v1

# EXHIBIT C

# Finkelstein & Partners
## Counselors At Law

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Alyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)
_____
Debra J. Reisenman (NY)
Michael T. McGarry (NY)

Steven J. Shultz (NY & MA)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

*Of Counsel*
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)
Jeffrey A. Brown, M.D., Esq. (NY & NJ)
Dennis G. Ellis (NY)
John F. Dowd (NY & CT)

*Accredited CLE Provider*

REFER TO OUR FILE #: 200599

October 10, 2007

Jim Rouhandeh, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re:   Neurontin Litigation

Dear Jim:

In furtherance of our conference call today, I wanted to follow up with you on the issues we discussed as soon as I had answers. While the issues below do not address all of the topics we discussed, they are important in terms of the parties expert discovery this month.

First, as you know from my email communication today, our position is that Dr. Roth's deposition (neuropsychopharmacologist) should go forward on 10/25-10/26. Our intention is to file a motion to compel Defendants to go forward with the deposition.

Second, we discussed defense counsel's position that Defendants will only depose Plaintiffs' experts pertaining to general causation. In this regard, Defendants have excluded from the deposition schedule offered by Plaintiffs counsel both of the general causation experts on sales/marketing practices. Defendants interpret the Court's recent Order (Discovery Order #14) as not including such experts. We disagree.

Specifically, we do not agree with Defendants' interpretation of the Court's phrase, "the schedule for experts on general causation and summary judgment briefing remains unchanged" as set forth in Discovery Order #14. Our position is that the discovery schedule for general causation and summary judgment briefing remains in effect as those terms were utilized by the Court in previous orders (e.g., Discovery Orders #7, #13). The Court has previously referred to General Causation and summary judgment briefing in the same fashion, and this included all generic experts with opinions of general causation pertaining to the case, as well as issues of preemption. We interpret the Court's reference in Order #14 to the discovery schedule remaining "unchanged" to include all of the same generic experts and issues of preemption that were referenced by the Court in such past Orders as Discovery Order #7 and Discovery Order #13. Indeed, if we were to interpret the Court's most recent discovery order (#14) any differently, then the parties would have no guidance as to when all other general causation expert reports and depositions are to be done (e.g., general causation experts on sales/marketing practices). We do not believe the Court's most recent order effectively excluded sales/marketing practice or regulatory/failure to warn general causation experts from the discovery schedule.

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

We maintain our position that all general causation experts with opinions in the case --- all of the experts in our proposed expert schedule --- are to go forward with the disclosure deadlines now in effect by the Court. We intend to disclose all general causation experts by 10/22/07 and we intend to have the experts available for deposition as set forth in our proffered expert deposition schedule previously provided. To the extent Defendants refuse to go forward with depositions in a manner we believe is consistent with the Court's order, please be advised that we will oppose any application to have these general causation experts produced after the discovery deadline now in effect by the Court.

As to the other issues discussed during our telephone conference, I look forward to hearing from you as soon as is practical. In particular, please confirm whether you will agree to Plaintiffs' reserving 3 hours of time to question Dr. Trimble. As has been the case with other depositions, the defending party has been provided ample time to handle 'redirect/cross' of the witness. As to the proposals due to the Court on October 13, 2007, I expect to have a response tomorrow.

Very truly,

Kenneth Fromson

# EXHIBIT D

# Finkelstein & PARTNERS
### Counselors At Law

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

| | | | |
|---|---|---|---|
| Howard S. Finkelstein, P.C. (NY) | Elyssa M. Fried-DeRosa (NY) | Steven C. Shultz (NY & MA) | *Of Counsel* |
| Andrew G. Finkelstein, P.C. (NY & NJ) | Mary Ellen Wright (NY) | Victoria Lieb Lightcap (NY & MA) | Jules P. Levine, P.C. (NY & FL) |
| George M. Levy (NY) | Kenneth B. Fromson (NY, NJ & PA) | Ann R. Johnson (NY & CT) | Michael O. Gittelsohn, P.C. (NY) |
| Kenneth L. Oliver, P.C. (NY) | Joel Bossom (NY) | Marshall P. Richer (NY) | Joel A. Reback (NY & Israel) |
| Joel S. Finkelstein, P.C. (NY, NJ, MA & FL) | Nancy Y. Morgan (NY, NJ & PA) | Thomas J. Pronti (NY) | Kenneth Cohen (NJ) |
| Duncan W. Clark (NY) | Andrew L. Spitz (NY) | Kristine M. Cahill (NY & CT) | Cynthia M. Maurer (NY & NJ) |
| Ronald Rosenkranz (NY) | James W. Shuttleworth, III (NY) | Kara L. Campbell (NY & CT) | Raye D. Futerfas (NJ) |
| Robert J. Camera (NY & NJ) | Lawrence D. Lissauer (NY) | Christopher T. Milliman (NY) | Frances M. Bova (NY & NJ) |
| Joseph P. Rones (NY & FL) | David E. Gross (NY & NJ) | Silvia Fermanian (NY) | Kenneth G. Bartlett (CT & NY) |
| Steven Lim (NY) | Terry D. Horner (NY) | Edward M. Steves (NY) | Ari Kresch (NY & MI) |
| George A. Kohl, 2nd (NY & MA) | Robert F. Moson (NY) | Marie M. DuSault (NY) | Gustavo W. Alzugaray (NY & NJ) |
| Eleanor L. Polimeni (NY) | Julio E. Urrutia (NY) | Glenn W. Kelleher (NY) | Jeffrey A. Brown, M.D., Esq. (NY & NJ) |
| Steven H. Cohen (NY) | | Melody A. Gregory (NY & CT) | Dennis G. Ellis (NY) |
| Francis Navarra (NY) | Debra J. Reisenman (NY) | Gail Schlanger (NY) | John F. Dowd (NY & CT) |
| Andrew J. Genna, LLM (NY & PA) | Michael T. McGarry (NY) | Elizabeth A. Wolff (NY & MA) | |
| Thomas C. Yatto (NY) | | | |

*Accredited CLE Provider*

REFER TO OUR FILE #: 200599

October 26, 2007

Davis Polk & Wardwell                               By Mail and Email
450 Lexington Avenue
New York, NY 10017
Attn: James Rouhandeh, Esq.

Re:     Neurontin Litigation

Dear Jim:

Thank you for your letter of October 25, 2007. At this point, the respective positions of each party are understood but not agreed upon. Your decision not to depose Plaintiffs' disclosed experts is one that we believe is inconsistent with the current discovery schedule. These experts have been made available within the Court's discovery schedule to testify to issues that are encompassed by the current discovery deadlines (10/23 – 11/12/07). We maintain our position that we will not produce these experts again without court order as it pertains to any opinions that they have provided in the context of the MDL generic case (i.e., opinions that overlap all cases as opposed to opinions that pertain to an *individual* case). The remainder of this letter pertains to other, unrelated discovery issues.

First, can you please advise me as to the status of Defendants' production of the **Lester Reich** documents. These documents were the subject of our previous motion in the MDL that was resolved via informal agreement on the eve of the oral argument. I wrote to you on October 5, 2007 with a proposal on how to recover the documents, and we have since conferred via telephone. To date, I have no representation from defense counsel as to what is being recovered by defense counsel, the search terms that are being applied for the recovery, or when the documents are forthcoming.

Second, I would like to bring to your attention an ongoing problem with the third party record retrieval company, MRC. In a nutshell, the parties' agreement is that MRC will make available to Plaintiffs all records that are made available to defense counsel. Whether Plaintiffs actually retrieve the documents from MRC is of no moment: all documents are to be made available so that the parties are on a level playing field.

In the past, MRC has made available to defense counsel documents that were not made available to plaintiffs counsel. Plaintiff's counsel has brought these circumstances to the attention of both MRC and defense counsel at Shook Hardy & Bacon. Past reasons for the failure to make available the documents has been described as administrative errors. This week, we again experienced a problem.

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

Specifically, as it pertains to Plaintiff's Track 1 selection, *Smith v. Pfizer*, we are informed that MRC received 59 photographs of autopsy, scene and x-ray photos in an electronic version (on CD). Once again, MRC violated the parties' agreement regarding disclosure of materials to Plaintiffs by not informing us that there was such a CD available: MRC representatives never advised us that they came into possession of these photographs. However, we understand from MRC representative(s) that MRC did make available the CD to defense counsel, and defense counsel retrieved the CD.

In fact, after Finkelstein & Partners requested the photographs, we were informed that MRC had provided the aforementioned CD to defense counsel; that MRC did not maintain a copy; and MRC would seek the photos from Shook Hardy & Bacon. We are further informed that in response to the request for the photos, Shook Hardy & Bacon directed MRC to disclose to Plaintiffs only 40 of the 59 photographs (i.e., the autopsy photos). Clearly, if this is true, then Plaintiffs will need to raise an issue with the Court regarding defense counsel's interference. I am hopeful that MRC representatives were not directed in such a manner. Please advise when you are available to discuss this matter further. Without further justifiable explanation as to why these facts have occurred, it is my intention to bring the issue to the Court's attention.

Third, let me remind of you of my request that Plaintiffs get at least 2 hours (of the allotted 14) with respect to each of the upcoming Plaintiff expert depositions. This is an issue that has been resolved with previous depositions in the litigation, and I would think the parties could continue towards this end.

Third,

Very truly,

Kenneth Fromson