UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
IN RE NEURONTIN MARKETING, SALES              )
PRACTICES, AND PRODUCTS LIABILITY             )
LITIGATION                                    )     MDL Docket No. 1629
_____)       Master File No. 04-10981
                                              )
THIS ORDER RELATES TO:                        )     Judge Patti B. Saris
                                              )     Mag. Judge Leo T. Sorokin
PRODUCTS LIABILITY ACTIONS                    )
_____)

Products Liability Case Management Order and
Order Regarding Motions to Withdraw

November 9, 2007

SOROKIN, M.J.

Defendants' Case Management Proposal (Docket #908), Products Liability Plaintiffs' Motions to Withdraw in Mendoza, Fenelon and Ellis (Docket #s 836, 838, and 898), and the Assented-To Emergency Motion to Extend Deadlines (Docket #946) are presently pending before the Court.

1.  The Emergency Motion to Extend Deadlines (Docket #946) is ALLOWED in light of Dr. Kruszewski's sudden injury yesterday. The schedule for expert disclosures and summary judgment briefing on general causation, preemption and <u>Daubert</u> motions in the products liability cases is reset as set forth in the Assented to Motion.

2.  The Court will address with the parties the schedule for any other summary judgment matters in the Products cases at the December Motion hearing.

3.  The deposition discovery of the plaintiff, prescribing physician(s) and sales representative(s) in at least the first ten Track One cases shall be completed by February 1, 2008

so that the Court has the factual basis to review the pleading issue discussed in the Court's February 23, 2007 Memorandum and Order on the Motion to Dismiss (Docket #646 at 4-5). The Court understands that this discovery is already complete in most of these cases, although several cases are subject to pending motions to withdraw by Plaintiffs' counsel.

      4. The parties' renewed filings regarding whether the Products Liability Plaintiffs have pled fraud with particularity will be filed on the motion schedule established for the general causation summary judgment motions described in paragraph 1 of this Order with Defendants filing the opening pleading. Plaintiffs, in the Track One cases, shall file amended complaints no later than February 8, 2008.

      5. Based upon the Court's review of the most recent status report, 168 individual plaintiffs have products liability actions pending in this MDL. One of these cases, filed by one plaintiff, originates from the District of Massachusetts. The Court has considered the parties' various proposals regarding the appropriate steps to take to respond to the problems raised by the motions to withdraw or dismiss as well as the schedule for discovery in the remaining products liability actions. The Court understands from counsel that the template or standard discovery (the exchange of documents, the tendering of applicable release forms by the plaintiff and the answering of standard interrogatories) in each of the individual products liability actions is complete or substantially complete. In order to resolve the problems and issues created by the motions to withdraw and dismiss as well as to proceed to resolution of the common issues in this MDL, discovery in the individual products liability actions will proceed in the following order.

      a.      By December 20, 2007, as to each individual action, Plaintiffs' counsel shall certify that: (1) they have conferred with the individual plaintiff; (2) the plaintiff

2

       intends to proceed with the litigation (absent a request for dismissal); (3) they have reviewed the relevant medical records and allegations of the complaint and (4) plaintiffs' counsel believes pursuit of the action is warranted.

   b.    By December 30, 2007, defendants will designate two cases to proceed to deposition discovery.

   c.    The Court now designates the only District of Massachusetts case (<u>Huberman v. Pfizer</u>, C.A. No. 07cv11336) to proceed to deposition discovery.

   d.    The parties shall complete the depositions of the plaintiff, prescribing physician(s) and sales representative(s) in the two cases designated by defendants, <u>Huberman</u> and all other Track One cases by February 1, 2008. The three cases subject to the Motions to Withdraw are not subject to this requirement.

   e.    The Defendants shall designate their first Track One case for trial by February 11, 2008.

   f.    The Court will address the schedule for completion of fact discovery and summary judgement in the three designated cases for trial at the December Motion hearing.

6. The Court crafted the certification process to ensure efficient case management. A reoccurrence, after the filing of the certifications, of the pattern of dismissals or Motions to Withdraw would raise serious potential Rule 11 or 28 U.S.C. § 1927 issues that may well lead to the imposition of costs, fees or sanctions as well as interfering with the expeditious management and resolution of this MDL.

   7. The three motions to withdraw filed by Plaintiffs' counsel (Docket #s 836, 838, 898)

are DENIED WITHOUT PREJUDICE.

                                             SO ORDERED.

                                             /s/ Leo T. Sorokin
                                           _____
                                           United States Magistrate Judge