UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING,
         SALES PRACTICES AND
         PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

     PRODUCTS LIABILITY ACTIONS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

Leave to file granted on November 13, 2007

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR AN ENLARGEMENT OF TIME ALLOTTED FOR THE DEPOSITION OF PLAINTIFFS' DESIGNATED EXPERT CHERYL D. BLUME, PH.D.**

Defendants Pfizer Inc. and Warner-Lambert Company ("defendants") submit this reply memorandum in further support of their motion for an enlargement of time allotted for the deposition of plaintiffs' designated expert Cheryl D. Blume, Ph.D. (the "Motion for Enlargement").

## <u>ARGUMENT</u>

### I.  PLAINTIFFS' DEMAND FOR STRICT ADHERENCE TO THE TWO-DAY RULE IS NOVEL, OVERSTATES THE RULE, AND SEEKS TO CAPITALIZE ON THEIR OWN <u>FAILURE PREVIOUSLY TO SEEK MORE TIME</u>

Plaintiffs suggest that the two-day rule for depositions is an absolute that was forged in negotiations among parties who were fully mindful of the complexity of this case.  They say that because plaintiffs have limited their examinations of lay witnesses to two days, granting defendants more time with respect to one expert witness would "unlevel the playing field."

The two-day rule is not absolute.  The operative language of CMO No. 3 – "Unless otherwise authorized" – contemplates exceptions.  And, if anything about this case is absolute, it is that there are no absolutes.  To accommodate changed circumstances, there have been many modifications of the terms of case management orders.  Here, a circumstance has arisen that calls not for a global modification, but a mere exception, the first such exception that defendants have ever requested.  It is ironic that plaintiffs, who have sought numerous modifications themselves, now insist on the letter of a case management order.

Further, plaintiffs have the legislative history of CMO No. 3 wrong.  It was negotiated and entered well before these plaintiffs were part of this case, well before "general causation" (a complex scientific topic) was an issue in the case, and well before expert depositions were a glint in the then parties' eyes.

Plaintiffs' level-playing-field rhetoric avails them nothing.  Although it was always their right to do so, they never sought more time to conduct a single deposition.  The fact that they never sought more time should not be used against defendants.

Further, they mix apples and oranges.  They say that because they deposed in two days lay witnesses from whose files thousands of documents had been produced, defendants should be able to complete Dr. Blume's deposition in two days.  But lay and expert witnesses are different,[1] and the number of documents in a lay witness's files does not determine, or even necessarily correlate to, the length of time required for the witness's deposition.  And again, just

---

[1] Plaintiffs fail to acknowledge the difference between lay witness depositions and expert witness depositions.  As the Rules Committee noted in connection with the 2000 amendments to Rule 26, "with regard to expert witnesses, there may more often be a need for additional time- even after the submission of the report required by Rule 26(a)(2)–for full exploration of the theories upon which the witness relies."  Court Rules, 192 F.R.D. 340, 395-96 (2000) (Committee Note).

because plaintiffs opted to restrict their examinations to two days, defendants should not be precluded from seeking more time based on legitimate, demonstrated need.

Dr. Blume has provided a 197-single-spaced-page report, in which she provides hundreds of opinions on a wide array of subjects and lists hundreds of documents (including 123 medical publications) on which she purportedly relies. Every one of the over 300 paragraphs of the report is arguably relevant. Having carefully reviewed this dense tome, defendants reasonably believe – and represent to this Court – that they require more than two days in order to conduct a thorough examination of Dr. Blume. Plaintiffs have never indicated any such belief, and never made any such representation, in connection with any witness. Thus, what they did with respect to lay witnesses has no bearing on what defendants wish and need to do with respect to one very prolific expert.

## II.     THIS MOTION IS NOT PREMATURE

Plaintiffs suggest that defendants be required to exhaust the two days allotted under CMO No. 3 before seeking more time for Dr. Blume's deposition. This suggestion ignores that defendants are certain **now** that they need more than two days, and that plaintiffs' proposed approach would jeopardize the current schedule, lead to more motion practice, and prejudice defendants.

The premise of plaintiffs' suggestion is that defendants do not and cannot know how much time they need for Dr. Blume's deposition. The premise is incorrect. Defendants' counsel has some experience in predicting the necessary duration of examinations. Applying that experience here has led them to the honest and informed view that her deposition cannot be accomplished in two days.

Plaintiffs' suggestion also ignores that their proposed approach would jeopardize the expert discovery schedule. Under it, defendants would complete the first two days of Dr. Blume's deposition on November 12 and 13, after which they would file the inevitable (because defendants are sure more time is needed) motion for additional time. After that, plaintiffs would or would not file an opposition. After that, the Court would be required to address the motion. Obviously, all this could not be accomplished before the cut-off, and resources would be wasted. There is simply no reason to delay addressing the issue presented by this motion now and every reason not to delay it.

Further, if plaintiffs' proposal were accepted, defendants would be prejudiced. Under plaintiffs' approach, defendants would be forced to prepare for and conduct two days of deposition without knowing whether more time would be available. They would be forced to follow a two-day, highly-compressed approach. In doing so, the five-day-deposition approach that defendants believe is warranted would have to be jettisoned, and it would not be possible simply to revert to it if and when the Court allowed more time. Stated differently, if defendants are permitted five days, they will approach the deposition in a particular way – the way that they believe, in good faith, is required owing to Dr. Blume's report. If, instead, defendants are required to begin the deposition not knowing whether they will be allowed more time, they will approach the deposition in a very different way, and this will require them to sacrifice the approach they believe is warranted. At a minimum, the two-day first approach invites a cursory examination rather than a full exploration of Dr. Blume's opinions.[2]

---

[2] The Court will notice that plaintiffs' pre-maturity argument contains a lengthy, misplaced contention that "general causation" encompasses whether defendants' alleged sales and marketing activities caused the prescription behavior that led to plaintiffs' ingestion of Neurontin. The Court may wonder why this discussion appears in the opposition, for it quite clearly does not bear on the issue this motion presents. The reason the discussion is there is that plaintiffs are attempting to advance through the back door a position with which defendants.

4

### III.  THE REQUEST IS NOT EXCESSIVE

In the final section of their opposition, plaintiffs say that defendants request for five days is excessive, essentially repeating an argument that appears earlier in the opposition.  That argument is addressed above.  Plaintiffs turn next to scheduling difficulties, concluding, surprisingly, with a proposed schedule that would accommodate all of the competing concerns.  The schedule plaintiffs propose is acceptable to defendants, as modified by the proposed schedule submitted by the parties yesterday.

### CONCLUSION

For the foregoing reasons and those previously stated, defendants respectfully request that the Court enlarge to five days the time allotted for the deposition of Dr. Cheryl Blume.

Dated: November 13, 2007

---

strenuously, and correctly, disagree.  As the Court will recall, and as the record bears out, "general causation" means whether Neurontin causes suicide and/or suicide attempts.  See, e.g., Discovery Order No. 8 (Docket #609) at 1.  Plaintiffs themselves, in the course of recently arguing for an initial round of expert discovery solely on "general causation," defined "general causation" as "whether Neurontin has the capacity to contribute to mood and behavioral disturbances, particularly suicidal behavior."  Plaintiffs' Memorandum in Opposition (Docket #861 at 2).  The expert discovery in which the parties currently are engaged relates to this issue and this issue only, the purpose being to tee it up for dispositive and Daubert motions, as has long been contemplated and planned for.  Plaintiffs recently asserted their broader definition of "general causation" and have threatened that if defendants do not complete all expert discovery on issues outside general causation by the current deadline, they will contend that defendants have lost the right to do so.  Defendants disagree (and would note that, assuming plaintiffs are correct, the schedule will have to substantially re-written beyond the stipulated, proposed schedule filed yesterday).  If and when plaintiffs raise this issue through the front, rather than the back, door, defendants will demonstrate that plaintiffs are incorrect and that expert discovery currently is limited to "general causation" as all the parties (including plaintiffs) defined it, and as the courts, including this one, define it.

5

DAVIS POLK & WARDWELL

By:   /s/ James P. Rouhandeh
      James P. Rouhandeh
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

SHOOK, HARDY & BACON L.L.P.

By:   /s/ Scott W. Sayler
      Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

- and -

HARE & CHAFFIN

By:   /s/ David B. Chaffin
      David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on November 13, 2007.

/s/ David B. Chaffin

6

2694065v1