UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------x
                                                :
In re:  NEURONTIN MARKETING, SALES PRACTICES,   :
        AND PRODUCTS LIABILITY LITIGATION       :
                                                :
------------------------------------------------x
                                                :
THIS DOCUMENT RELATES TO:                       :
                                                :   MDL Docket No. 1629
------------------------------------------------x
                                                :   Master File No.  04-10981
HARDEN MANUFACTURING CORPORATION;               :
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,     :   Judge Patti B. Saris
dba BLUECROSS/BLUESHIELD OF LOUISIANA;          :
INTERNATIONAL UNION OF OPERATING ENGINEERS,     :   Magistrate Judge Leo T.
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL    :   Sorokin
52 HEALTH BENEFITS TRUST; GERALD SMITH; and     :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY.                                        :
                                                :
------------------------------------------------x
                                                :
THE GUARDIAN LIFE INSURANCE COMPANY OF          :
AMERICA v. PFIZER INC. and                      :
                                                :
AETNA, INC. v. PFIZER INC.,                     :
                                                :
------------------------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
EMERGENCY MOTION TO COMPEL PLAINTIFF AETNA, INC. TO PRODUCE
DOCUMENTS AND OTHER EVIDENCE IN RESPONSE TO DEFENDANTS' 30(b)(6)
<u>DEPOSITION NOTICE AND DISCOVERY REQUESTS</u>**

Pursuant to Federal Rule of Civil Procedure 37(a), Pfizer Inc. and Warner-Lambert Company ("defendants") submit this memorandum of law in support of their emergency motion to compel discovery from Coordinated Plaintiff Aetna, Inc. ("Aetna"). The discovery sought includes written discovery responses, documents, and testimony responsive to defendants' Requests for Production, Interrogatories and 30(b)(6) deposition notice.

- 1 -

2698773v1

## PRELIMINARY STATEMENT

This motion is being filed as an emergency motion so the issues may be heard at the November 20, 2007 discovery hearing. Aetna has failed to supply information that bears directly on the merits of their case and on defendants' defenses to Aetna's claims. Aetna has failed to produce properly prepared 30(b)(6) designees, adequate discovery responses, documents identified during the course of depositions, and various documents that Aetna previously identified as responsive and agreed to produce.

## ARGUMENT

Under the rules governing discovery in federal courts, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claims or defenses at issue. Fed. R. Civ. P. 26(b)(1). Rule 37 provides that a motion to compel may be made when a party "fails to answer an interrogatory submitted under Rule 33…" or fails to produce documents in response to a request submitted under Rule 34. Fed. R. Civ. P. 37(a)(2)(B). Further, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

This motion represents the latest of defendants' long-running efforts to obtain discovery from Aetna regarding its policies and practices regarding Neurontin. Defendants have attempted numerous times, in good faith, to work with Aetna regarding its discovery obligation in this matter. The history of defendants' repeated attempts are as follows:

- Defendants served their Requests for Production on Aetna on May 2, 2005, and Aetna served its Responses on June 3, 2005. *See* Pltf. Aetna's Resps. & Objns. to Defs.' First Request for Prod. of Documents (Exhibit A).

- Defendants served their First Set of Interrogatories on Aetna on May 2, 2005, and Aetna served its Responses on June 3, 2005. *See* Pltf. Aetna's Resps. & Objns. to Defs.' First Set of Interrogatories (Exhibit B).

- After a limited meet and confer with Aetna on July 29, 2005, Aetna agreed to produce certain documents in response to the interrogatories.

- On November 2, 2005, defendants sent a letter to plaintiffs' counsel to memorialize the numerous deficiencies in their responses to the interrogatories. *See* Nov. 2, 2005 Letter from Patrick Murray to Gerald Lawrence (Exhibit C).

- On July 13, 2007, defendants filed their Amended Notice of 30(b)(6) Deposition of Aetna, Inc. The depositions of Susan Scheid and Michael Brodeur were set for July 25 and 27, 2007. *See* Am. Notice 30(b)(6) depo. (Exhibit D).

- The parties continued to meet and confer to arrive at an agreement for the search and collection of responsive documents. In numerous responses, Aetna promised to search for and produce certain documents but failed to do so.

- On September 6, 2007, defendants wrote to plaintiffs' counsel regarding the documents that remained to be produced and designations that remained to be made by Aetna in response to defendants' written discovery and deposition notices. *See* Email from Nicholas P. Mizell to Gerald Lawrence (Exhibit E).

- On September 11, 2007, defendants reached an agreement with Aetna regarding its discovery responses (the "Agreement"). The parties agreed that Aetna would supplement its written discovery responses, search for and produce additional documents, and provide a declaration from Michael Brodeur attesting to the effort made to search for and produce all responsive materials by September 21, 2007. As a result of the Agreement,

defendants withdrew their then-pending motion to compel.  *See* Sept. 7, 2007 Email from Nicholas P. Mizell to Gerald Lawrence memorializing the Agreement  (Exhibit F).

- On September 21, 2007, Gerald Lawrence, counsel for Aetna, sent a letter to defendants advising them of the steps being taken to comply with the Agreement.  Defendants agreed to a 10-day extension for Aetna to produce emails responsive to the Agreement.  *See* Sept. 21, 2007 Letter from Gerald Lawrence to Nicholas P. Mizell (Exhibit G).

- On October 2, 2007, Aetna made a supplemental production pursuant to the Agreement.  *See* Oct. 2, 2007 Letter from Gerald Lawrence to Nicholas P. Mizell (Exhibit H).

- On October 3, 2007, defendants wrote to remind Aetna of its agreement to produce emails of Aetna employees identified by name during the 30(b)(6) depositions that refer to Neurontin, gabapentin or the off-label use of any other anticonvulsant from 2003 to the present.  *See* Oct. 3, 2007 Letter from Nicholas P. Mizell to Gerald Lawrence (Exhibit I).

- On October 4, 2007, Aetna made a supplemental production pursuant to the Agreement.  *See* Oct. 4, 2007 Letter from Gerald Lawrence to Nicholas P. Mizell (Exhibit J).

- On October 8, 2007, Aetna made a supplemental production pursuant to the Agreement.  In its cover letter to this production, Aetna indicated that its efforts to produce documents and materials responsive to Pfizer's discovery requests as per the September 11, 2007 Agreement was complete with the exception of emails.  *See* Oct. 8, 2007 Letter from Gerald Lawrence to Nicholas P. Mizell (Exhibit K).

- Defendants reviewed the supplemental productions and noted several omissions in addition to the emails.  Thus, on October 16, 2007, defendants sent a letter informing plaintiffs of their continued deficiencies.  *See* Oct. 16, 2007 Letter from Pamela Macer to Gerald Lawrence (Exhibit L).

2698773v1

- On October 31, 2007, Aetna made a purportedly final supplemental production pursuant to the Agreement. In its cover letter to this production, Aetna indicated that it was the "final installment of Aetna's supplemental production." *See* Oct. 31, 2007 Letter from Gerald Lawrence to Nicholas P. Mizell (Exhibit M).

- A review of the last production revealed that certain documents had still not been produced. Thus, on November 9, 2007, defendants sent a letter to plaintiffs' counsel memorializing the remaining deficiencies and setting forth a November 14, 2007 deadline for production. *See* November 9, 2007 Letter from Pamela Macer to Gerald Lawrence (Exhibit N).

- Aetna failed to meet the November 14, 2007 deadline. The items that Aetna has failed to produce include, but are not limited to:

    o Declaration from Michael Brodeur regarding Aetna's document production and discovery responses.

    o A list of the print and electronic journals, newsletters, newspapers, magazines, compendia and other periodicals or publications subscribed to or collected by Aetna from 1994 to the present.

    o Internal and external, draft and final, Pharmacy Clinical Policy Bulletins and any related FAQ documents that mention Neurontin or gabapentin from 1994 to the present, as well as any files of employees who authored, supplemented or revised these bulletins that refer or relate to Neurontin or gabapentin.

    o E-mails to or from the following employees that refer to Neurontin, gabapentin or the off-label use of any other anticonvulsants from 2003 to the present: Edward Curran, Mark Heibockel, Robert Jackson, Jo Beth Levy, Deborah Lindgren, Steve Mahalick, Bill Russell, Michelle Vancura, Robin Walsh, Zoe Zavalishin, Jill Griffin and John Lockstreman.

    o Supplemental written responses to Interrogatories 2, 3, 9, 10, 11, 13, 15 and 19, and to Requests for Production 4-9, 11-13, 14, 16, 17, 19, 20, 21, 22, 25, 27, 33, 35, 38, 39, 40, 42, 53, 66, 74, 75, 76, 79, 82, 83, 85, 88, 89, and 91.

2698773v1

- o  Documents related to Aetna's Neurontin rebates.

- o  Position-specific organizational charts for Aetna's formulary development and clinical policies, clinical programs, manufacture contracting, and data warehouse units from 2003 to present, and its P&T committee and previous internal and external equivalents from 1994 to the present.

- o  Aetna formularies from 1997, 1999 and 2000.

Aetna's failure to produce the items that it agreed to produce in response to defendants' discovery requests and deposition notice has resulted in the absence of documentation in numerous key areas of discovery that are relevant both to understanding Aetna's allegations and in developing defenses to those allegations. Aetna is not entitled to unilaterally withhold documents it has agreed to produce or to refuse to produce responsive documents that were revealed during the 30(b)(6) depositions of its representatives. Defendants have made every effort to work with plaintiffs to allow extra time within which to produce the documents and provide defendants with a declaration certifying that the production is complete. After two years and a purported Agreement with defendants, Aetna has offered no explanation for its failure to produce information and documents that it promised to produce.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court grant their Emergency Motion to Compel and enter an Order directing Aetna to abide by the parties' September 11, 2007 discovery Agreement, and to expeditiously produce witnesses for deposition as revealed in the materials produced.

Dated: November 14, 2007

DAVIS POLK & WARDWELL

By: /s/ James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
     Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

- and -

HARE & CHAFFIN

By: /s/ David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2007, I caused a true and correct copy of the foregoing document to be served on the parties pursuant to Case Management Order No. 3 by filing it through the Court's ECF System

/s/ David B. Chaffin

- 7 -

2698773v1