# EXHIBIT C

## DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4252

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

November 2, 2005

Re:   In re Neurontin Marketing & Sales Practices Litigation, MDL No. 1629

Gerald Lawrence, Esq.
Lowey Dannenberg Bemporad & Selinger, P.C.
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428

Dear Gerry:

I write to memorialize the numerous deficiencies of the responses of your client, Aetna, Inc. ("Aetna"), to defendants' interrogatories in the above-referenced litigation. During the July 29, 2005 meet-and-confer session, we discussed some of these deficiencies specifically, but others were not covered because of the limited time available for the session. In this letter, we have attempted to catalogue all of the deficiencies in Aetna's responses, but we reserve our right to identify additional deficiencies. We ask that Aetna supplement its responses and thereby remedy these deficiencies as soon as possible. If Aetna refuses to remedy these deficiencies based upon any objections that it is asserting, please set those forth in detail.

Interrogatory No. 1

Identify all individuals who are likely to have discoverable information that the Plaintiff may use to support its claims, each person who has knowledge or information regarding the allegations of the Complaint, including allegations regarding Plaintiff's alleged damages, and identify the Paragraph(s) of the Complaint as to which the person has knowledge or information.

Deficiency in Response to Interrogatory No. 1

Aetna has only identified three individuals in response to Interrogatory No. 1. Confirm that they are the only individuals who are likely to have discoverable information that Aetna may use to support its claims or who have knowledge or information regarding the allegations in the First Coordinated Amended Complaint. If they are not the only responsive individuals, identify the others. In addition, confirm whether they are current or past employees of Aetna.

Gerald Lawrence, Esq.　　　　　　　2　　　　　　　　　November 2, 2005

Aetna's response to Interrogatory No. 1 does not identify the paragraphs of the complaint as to which Michael Brodeur, Susan Schied, and Robert Jackson have knowledge or information. Provide those paragraphs and if there are none, state this.

Interrogatory No. 2

Identify from January 1, 1994 to the present (a) all of Plaintiff's named fiduciaries, trustees, directors, executives, and officers, or those in similar positions; and (b) each of Plaintiff's current and former trustees, officers, employees, non-employee agents, and fiduciaries with responsibility for the administration and/or payment of health benefit claims by Plaintiff, including, but not limited to, such administration and/or payment related to Neurontin; reimbursements, co-payments or deductibles to providers, pharmacies, or Members; and health benefits or health insurance provided by or through Plaintiff to Members, and indicate the area for which each such trustee, officer, employee, agent, directory, officer or fiduciary had and/or has responsibility.

Deficiency in Response to Interrogatory No. 2

In response to Interrogatory No. 2, Aetna has stated that it will provide documents "setting forth the requested information." No such documents have been produced. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding. Either (i) provide the requested information or (ii) produce documents setting forth *all* such information, including the area for which each individual had and/or has responsibility, and identify their production numbers.

Interrogatory No. 3

Identify all committees, teams, councils, or other groups of employees that discussed, recommended, approved or were otherwise involved in or concerned with coverage of claims concerning Neurontin, including but not limited to those groups that considered the inclusion of Neurontin in Plaintiff's formulary, groups responsible for the assessment or payment of claims concerning Neurontin, and groups responsible for communicating with Members, providers, pharmacies, or Defendants concerning Neurontin.

Deficiency in Response to Interrogatory No. 3

In response to Interrogatory No. 3, Aetna has stated that it will provide documents "setting forth the requested information." No such documents have been produced. Accordingly, a complete answer to this interrogatory, which was due June 3, 2005, is still outstanding. Either (i) provide the requested information or (ii) produce documents setting forth *all* such information and identify their production numbers.

Gerald Lawrence, Esq.                3                    November 2, 2005

Interrogatory No. 4

Describe Plaintiff's policies for covering costs relating to prescription medications by identifying whether Plaintiff reimburses expenses incurred by Members, provides the drugs directly to Members, reimburses pharmacies, or takes any other approach to such costs. If policies differ between drugs, identify the reasons for differences, and explain in detail the policy that applies to Neurontin.

Deficiency in Response to Interrogatory No. 4

In response to Interrogatory No. 4, Aetna has stated that it will provide exemplars of coverage documents which set forth the requested information for the relevant time period, to the extent that they exist. Defendants have received certain coverage documents from Aetna. Confirm that these documents are suitable exemplars of Aetna's policies for covering costs relating to prescription medications and that no policies are unrepresented. If any policies are not represented, describe those policies. In addition, confirm that these exemplars are representative of Aetna's policies for the entire class period.

Interrogatory No. 9

If Plaintiff requires pharmacies or providers to provide any directions, instructions or warnings concerning proper use of Neurontin to prescription takers, or if Plaintiff itself provides such materials, state: (a) the exact contents of such instructions or warning; (b) the place and manner in which such directions, instructions or warnings were to be given to Neurontin takers; and (c) the person or person who was to provide such directions, instructions or warnings.

Deficiency in Response to Interrogatory No. 9

Aetna has not provided information responsive to Interrogatory No. 9. Provide this information or explain upon what basis it has not been provided.

Interrogatory No. 10

State whether a representative of Defendants ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

Deficiency in Response to Interrogatory No. 10

In response to Interrogatory No. 10, Aetna has stated that Warner-Lambert "provided materials to Aetna which will be produced." No such materials have been produced. Aetna has also stated that the persons identified in its response to Interrogatory No. 1 may possess additional knowledge. This is an incomplete answer. State whether a representative of either defendant (Warner-Lambert or

Gerald Lawrence, Esq.             4             November 2, 2005

Pfizer) ever made any statement about Neurontin to Aetna and if so, provide the requested information regarding these statements. It is not sufficient merely to produce these statements in written form. It is certainly not sufficient to refer defendants to individuals who may know this information.

Interrogatory No. 11

State whether providers who prescribed Neurontin to Plaintiff's Members ever made any statement about Neurontin to Plaintiff, and if so, describe in detail the content of those statements, when they were made, who made them, and the circumstances under which they were made.

Deficiency in Response to Interrogatory No. 11

Aetna has not provided information responsive to Interrogatory No. 11. Provide this information or explain upon what basis it has not been provided.

Interrogatory No. 12

State whether Plaintiff or any representative of Plaintiff ever attended any seminars, meetings or events at which the use of Neurontin for any off-label use was discussed; and if so, state the name of the person(s) who attended, the date(s) of the event(s), the location of the event(s), the title of the event(s), and the subject matter discussed.

Deficiency in Response to Interrogatory No. 12

Aetna has not provided information responsive to Interrogatory No. 12. Provide this information or explain upon what basis it has not been provided.

Interrogatory No. 13

Describe in detail Plaintiff's knowledge of off-label uses of Neurontin by its Members, including (a) when Plaintiff first learned that Neurontin was being prescribed for off-label uses; (b) how Plaintiff learned this fact; (c) who told Plaintiff this fact; (d) and what, if anything, Plaintiff did upon learning this fact.

Deficiency in Response to Interrogatory No. 13

Aetna has not provided information responsive to Interrogatory No. 13. Provide this information or explain upon what basis it has not been provided.

Interrogatory No. 14

State whether you have had any communications with Parke-Davis, Warner-Lambert, or Pfizer, including but not limited to online, phoned, mailed or faxed communications, regarding Neurontin, including the dates of any such communications.

Gerald Lawrence, Esq.				5				November 2, 2005

Deficiency in Response to Interrogatory No. 14

In response to Interrogatory No. 14, Aetna has stated that Warner-Lambert "provided materials to Aetna which will be produced." No such materials have been produced. Aetna has also stated that the persons identified in its response to Interrogatory No. 1 may possess additional knowledge. This is an incomplete answer. State whether Aetna has had any such communications with Parke-Davis, Warner-Lambert, or Pfizer and if so, the date of such communications. It is not sufficient merely to produce these communications in written form. It is certainly not sufficient to refer defendants to individuals who may know this information.

Interrogatory No. 15

Itemize all damages you claim to have incurred, directly or indirectly, as a result of the allegations in your Complaint, including, but not limited to, all pharmaceutical expenses, and the address of each person who provided goods or services in connection with each such expense, the nature of the goods or services provided, the dates of all services rendered to you or provision of goods to you, the monetary amount of each such expense or item of damages, and the name and address of the person or entity paying such obligation.

Deficiency in Interrogatory No. 15

Aetna has objected to Interrogatory No. 15 on the grounds that "it is premature given the status of the litigation," and stated that Aetna would "provide expert disclosures at the time set by the Court." Although expert reports are not due until the time scheduled by the court, Federal Rule of Civil Procedure 26(a)(1)(C) required Aetna to provide defendants with "a computation of any category of damages claimed by" Aetna months ago. Rule 26(a)(1) further required that Aetna make "its initial disclosures based on the information then reasonably available to it and [Aetna] is not excused from making its disclosures because it has not fully completed its investigation of the case." Aetna has not provided such a computation.

Moreover, Aetna's response to Interrogatory No. 15 is also insufficient. Defendants have not requested that Aetna produce its expert report calculating those damages. Instead, Interrogatory No. 15 only asks that the component parts of its damages be itemized. Therefore, this interrogatory is not premature, and it is certainly not premature for Aetna to provide a computation of its categories of damages under Federal Rule of Civil Procedure 26(a)(1)(C). See Geer v. Cox, No. 01-2583-JAR, 2003 WL 21254731, at *3 (May 21, 2003) (overruling plaintiff's prematurity objections to requests for damages information).

Gerald Lawrence, Esq.                6                    November 2, 2005

Interrogatory No. 17

State the amount of money you received, by month, year, and state, in the form of rebates, discounts, or other price adjustments, concerning Neurontin from any pharmaceutical provider, wholesaler, retailer, or other entity, and identify the entities from which such rebates, discounts, or other price adjustments was received.

Deficiency in Response to Interrogatory No. 17

Aetna has not provided information responsive to Interrogatory No. 17. Provide this information or explain upon what basis it has not been provided.

Interrogatory No. 19

Describe every instance in which you refused to pay for or reimburse the costs of a drug because it had been prescribed for an off-label use.

Deficiency in Response to Interrogatory No. 19

Aetna has not provided information responsive to Interrogatory No. 19 and during the July 29 meet-and-confer session, its counsel was unable to provide a basis for its failure to respond.

*        *        *

Finally, it does not appear that anyone from Aetna verified its responses to defendants' interrogatories. Please provide us with a verified copy of Aetna's responses. In addition, provide a verification of any further supplementation of Aetna's interrogatory responses.

Sincerely yours,

Patrick J. Murray

cc:   Thomas Sobol, Esq.

By Facsimile & Mail