UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
----------------------------------------------------------x
                                          :    MDL Docket No. 1629
In re:  NEURONTIN MARKETING,              :
        SALES PRACTICES AND               :    Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION     :
                                          :    Judge Patti B. Saris
----------------------------------------------------------x
                                          :    Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                 :
                                          :
        ALL PRODUCTS LIABILITY CASES      :
                                          :
                                          :
----------------------------------------------------------x
```

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE EXPERT REPORT OF MICHAEL TRIMBLE, M.D. AND TO EXCLUDE DR. TRIMBLE'S TESTIMONY

Products Liability Plaintiffs ("Plaintiffs") hereby oppose the motion by

Defendants Pfizer Inc. and Warner-Lambert Company ("Defendants"), pursuant to Rules

26 and 37 of the Federal Rules of Civil Procedure, to strike the expert report of Michael

Trimble, M.D. and to exclude Dr. Trimble's testimony. Plaintiffs' opposition is

supported by this Memorandum and attached exhibits, and by the Declaration of Andrew

G. Finkelstein, the Declaration of Keith L. Altman, and the Declaration of Michael

Trimble, M.D. and attached Exhibits, submitted herewith.

## FACTUAL BACKGROUND

Pursuant to Discovery Order No. 14, Plaintiffs timely served Defendants with

Plaintiffs' Expert Disclosure concerning Dr. Trimble on October 1, 2007. *See* Expert

Disclosure, Defs.' Ex. A, ECF Doc. # 927. Dr. Trimble's deposition was held as

scheduled on October 18 and 19. On October 31, in response to Defendants' forewarning

that they would be seeking the intervention of this Court concerning alleged deficiencies

in Dr. Trimble's report, Plaintiffs advised Defendants that they were unable to resolve

any deficiencies at that time. *See* correspondence attached hereto as Ex. A. Dr. Trimble

was on a cruise for several weeks which rendered him unavailable to Plaintiffs for further

consultation concerning his expert report, and which compelled Plaintiffs to move for an

extension of time to file a response to Defendants' motion.

Defendants have moved to strike Dr. Trimble's expert report pursuant to Rule

37(c)(1) and to preclude his expert testimony on the grounds that the expert report fails to

comply with the disclosure requirements of Rule 26(a)(2). Dr. Trimble's new

Declaration amends his expert disclosure and attaches: (1) a confirmed list of cases in

which he has provided testimony over the past four years; (2) a supplemental list of data

and information which he considered in preparation for his expert report but which may

not have been included in his report; and (3) two lists comprised of the materials which

he had in his possession at his deposition, including a list of corporate documents, and a

list of medical journal articles. Dr. Trimble's new Declaration cures any alleged

deficiencies in his expert disclosure, and any prejudice to Defendants has been remedied.

Defendants' motion to strike should be denied in its entirety.

**ARGUMENT**

**A.    Plaintiffs Included a List of Cases in Which Dr. Trimble Had
Testified with His Expert Disclosure, and Dr. Trimble Has
Reviewed that List and Has Provided a New List Confirming
the Cases in Which He Testified During the Past Four Years.**

Pursuant to Rule 26(a)(2)(B), an expert is required to provide a written report

which is signed by witness and contains the following:

> [A] complete statement of all opinions to be expressed and the basis and
> reasons therefor; the data or other information considered by the witness
> in forming the opinions; any exhibits to be used as a summary of or

2

support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Courts generally allow the parties additional time to cure defects relating to deficiencies in the listing of other cases in which the expert has testified during the preceding four years. *See Lewis v. PDV America Inc.*, 2007 U.S. Dist. LEXIS 33266 (N.D. Ill. 2007) (plaintiffs were provided additional time to amend their expert reports to include jurisdictional identifiers for the cases listed); *Pierce v. CVS Pharmacy, Inc.*, 2007 U.S. Dist. LEXIS 69006 (D. Ariz. 2007) (plaintiffs remedied defects in expert disclosure, including providing a list of cases in which the expert testified, and were granted a further extension of time to address remaining deficiencies); *Bethel v. United States*, 2007 U.S. Dist. LEXIS 43395 (D. Colo. 2007) (court afforded defendant a period of time to cure deficiencies in expert disclosure including providing a testimonial history for an expert).

As described in Plaintiffs' attorney's Declaration, in preparation for submitting Dr. Trimble's expert report, counsel asked Dr. Trimble to gather all information and provide a list of cases in which he had provided previous testimony; Dr. Trimble advised he had in fact provided testimony in other cases in the United Kingdom, but he did not maintain a list of the cases or any materials related to those cases; Dr. Trimble explained he is often an "expert to the Court" as he is consented to by both parties to render his opinion; and Dr. Trimble advised the only way for him to create such a list would be to search a legal database which he did not have access to. Finkelstein Decl., ¶ 3.

Plaintiffs' counsel further states that, therefore, in order to comply with the expert disclosure requirements under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure,

3

counsel's firm performed searches using the term "Trimble" on both LEXIS (for United Kingdom) and the British and Irish Legal Information Institute (BAILII) legal search engine in an effort to compile a list of such cases; the results of these two searches were reviewed to determine whether the cases appeared to relate to our expert, Dr. Michael Trimble; counsel adopted a more expansive response than what Rule 26(a)(2)(B) required and provided all matters in which Dr. Trimble provided testimony, without limiting it to the previous four years; and the list of cases was compiled and attached to the Expert Disclosure for Dr. Trimble which was served upon Defendants on October 1, 2007. Finkelstein Decl., ¶ 4.

Counsel explains that due to Dr. Trimble's travel schedule he was not available to review the list prior to service. Finkelstein Decl., ¶ 5. Since his deposition, Dr. Trimble has been provided with a list of cases which was served with his initial expert disclosure, and copies of each opinion obtained from the above-mentioned searches. Finkelstein Decl., ¶ 6.

Dr. Trimble states that he has reviewed the records within his office and found no other matters on which he has provided a medical opinion on a legal matter in relationship to court appearances. Trimble Decl., ¶ 3. Attached as Exhibit A to Dr. Trimble's Declaration is a confirmed list of the cases in which he has provided testimony over the past four years. Trimble Decl., ¶ 4.

The new list of cases fully complies with Rule 26(a)(2)(B), and cures any alleged deficiencies in the original list. That part of Defendants' motion to strike Dr. Trimble's expert report and preclude his testimony for failure to provide a listing of any other cases

in which he has testified as an expert at trial or by deposition within the preceding four years should be denied.

**B.      Plaintiffs Complied with Rule 26(a)(2)(B) by Providing References To Data and Information Dr. Trimble Considered in Forming His Opinions in His Expert Report, and Dr. Trimble Has Amended His Report to List Additional Documents and Information He Considered So as to Cure Any Alleged Deficiencies.**

In *Flebotte v. Dow Jones & Co., Inc.,* plaintiffs moved to exclude defendant's statistical experts pursuant to Rule 26(a)(2)(B) on the grounds that the experts' reports failed to include several tests which were not cited in their reports. 2000 U.S. Dist. LEXIS 19875 (D. Mass. 2000). The Court rejected plaintiffs' arguments and found that "neither the plain language of the rule nor its purpose compels disclosure of every calculation or test conducted by the expert during formation of the report." *Id.* at *23. The Court held that the experts' reports sufficiently complied with the mandates of the Federal Rules by providing "plaintiffs with a fair opportunity to adequately prepare a rebuttal to the defendant's expert testimony." *Id.*

In *James v. Marten Transport, Ltd.,* defendants sought to exclude plaintiff's expert report for failing to identify the records the expert reviewed for authorities for his opinions, but the Court found that exclusion was not warranted because the non-disclosure was "harmless" since during his deposition the expert "identified the opinions on which he relied and the authorities for his opinions." 2006 U.S. Dist. LEXIS 91768 at *3 (N.D. Ind. 2006).

As discussed in Mr. Altman's Declaration, in this case, Dr. Trimble was provided with access to a database to be utilized for document search and retrieval, comprised of all of the data and information which Defendants provided to Plaintiffs in this litigation,

which total approximately three million of pages and comprise some 250,000 documents. Altman Decl., ¶¶ 3-5. Due to the sheer volume of documents, Dr. Trimble was provided with access to Concordance software and an objective database to the documents, the New Drug Application (NDA) for Neurontin, and the various medical articles. *Id.* at ¶ 6. Moreover, at Dr. Trimble's request, he was provided with a CD of certain documents. *Id.* at ¶ 7. Furthermore, copies of the research reports produced by Defendants were also provided to Dr. Trimble. *Id.* at ¶ 8. The Concordance software and objective database to the documents enabled Dr. Trimble to review documents on an electronic basis by performing various searches. *Id.* at ¶ 9.

Dr. Trimble confirms that in preparing his expert report, he was provided with access to millions of pages of corporate documents and materials concerning Neurontin which were produced by Defendants to Plaintiffs' counsel; that due to the sheer volume of this material, he also was provided with access to Concordance software and an objective database to the documents, the New Drug Application (NDA) for Neurontin, and various medical articles; and that he performed an electronic review of a number of these documents by utilizing various search terms. Trimble Decl., ¶ 5. Dr. Trimble confirms that he also requested that various documents be retrieved from the database and provided to him on a CD. *Id.* at ¶ 6. Based upon these materials, Dr. Trimble has prepared a supplemental list of data and information that he considered but which may not have been included in his report, which is attached to his Declaration as Exhibit B. Trimble Decl., ¶ 7.

Furthermore, Dr. Trimble explains that when he appeared in New York City for deposition in October 2007, he brought in his possession documents and articles as an

"aid memoir", and that Defendants' counsel requested and was granted permission to review these documents during the lunch break on October 19, 2006. Trimble Decl., ¶ 8. Attached as Exhibit C to Dr. Trimble Declaration are two lists comprised of the materials which he had in his possession that day: the first is a list of corporate documents, and the second is a list of medical journal articles.. Dr. Trimble is amending his expert report to include these two lists as data and information which were considered but which may not have been included in his expert report. Trimble Decl., ¶ 9.

The sheer volume of documents that Dr. Trimble was able to review on an electronic basis through various searches, precludes creation of a list of every single document which Trimble was able to briefly view and move on to the next document or search. In his original expert Declaration and report, Dr. Trimble cited at least 50 times to specific corporate documents that were considered in preparing the opinions noted in his report. Moreover, Defendants had the opportunity at the deposition to question Dr. Trimble concerning any of the documents which were produced to Plaintiffs during this litigation. Similar to the situation in *Flebotte*, there is no evidence that Rule 26(a)(2)(B) contemplates compiling a listing of every document to which Dr. Trimble had access or briefly viewed through electronic searches performed by Dr. Trimble in preparation of his report.

In order to specifically address any perceived deficiencies in his report as to data and information, Dr. Trimble has prepared a second Declaration which amends his initial expert report by providing a supplemental list of documents and articles which was considered by him in preparation of his report. Moreover, as the October 19, 2007, deposition testimony of Dr. Trimble demonstrates, Dr. Trimble indeed did bring

additional documents and articles which he considered but may not have utilized in his

report with him to the deposition:

> Q    Professor Trimble, you have a copy --let me ask you first.
> You have brought with you a stack of materials to your
> deposition, I see?
> A    Correct.
> Q    May we see those?
> A    You are welcome to see them.
> Q    And what are those documents, sir?
> A    These are the largely, mainly, peer-reviewed papers that I
> have relied upon in my report.
> They are also additional peer-reviewed papers that are not
> in my report, but which helped to confirm my views in my report, and they
> are here, as an aid memoir, in case you asked me a question that I didn't
> have a precise answer, that I could refer to them; that's all.
> Q    Very well.
> If you could pass those over, we can look through them.
> We may have something to ask on those, maybe not.
> A    May I keep them with me for the time being? You are
> welcome to see them in the break. I might want to look at them within the
> next hour.
> Q    Sure, that's fine.

Trimble Dep., October 19, 2007, pp. 228-229, attached hereto as Exhibit B.

Defense counsel had an opportunity to review the documents and articles, make

copies of these materials (which to the best of Plaintiffs' counsel's knowledge they did

not), and ask pertinent questions to Dr. Trimble concerning these materials. Defendants

had ample time to question Dr. Trimble, who was present and ready to testify until at

least 6:00 p.m. on the second day of deposition, October 19. Defendants, instead, made a

deliberate decision not to question Dr. Trimble further concerning the documents and

articles which he provided at the deposition and concluded their questioning at 2:09 p.m.:

> Q    Very good. That's fine.
> I need to look through the stack of the materials there, and
> we are getting relatively close to the end of the tape. If you want to just
> take a break, and it won't be long after lunch, and if you want to plan to --

MR. FINKELSTEIN: Yes. So we will take a break for lunch now, you will go through these materials, wind up.

THE VIDEOGRAPHER: Going off the record. The time is 12:08 p.m.

This is the end of tape three in today's portion of this deposition.

(Recess taken.)

THE VIDEOGRAPHER: Back on the record.

The time is 1:14 p.m. This is the beginning of tape four in today's portion of this deposition.

MR. HOOPER: Please mark this as Exhibit 23.

(Trimble Exhibit Number 23 marked for identification as of this date.)

Q    Professor Trimble, would you please confirm that what's been handed to you, marked as Exhibit 23, is a report that you wrote in 1995, entitled "Psychosis with Gabapentin," and it -- and that that was a report for a Warner Lambert Company, Pfizer, at that time can manufacturer of gabapentin?

A    That is correct. And complete.

Q    Very good. That is all I have on that one.

Trimble Dep., October 19, 2007, pp. 316-317.

In an effort to cure any perceived deficiencies in his report, Dr. Trimble has attached lists of the documents and articles referred to in the above exchange as Exhibit C to his Declaration.

The new documents attached to Dr. Trimble's Declaration as Exhibits B and C cure any alleged deficiencies in Dr. Trimble's original Declaration and Report. That part of Defendants' motion seeking to strike Dr. Trimble's expert report and preclude his testimony for failure to fully identify all the data and other information considered by Dr. Trimble in forming his opinions should be denied.

**C.    Any Deficiencies Alleged by Defendants Concerning the Data and Information Dr. Trimble Considered or the Cases in Which He Testified Have Been Addressed and Cured by Dr. Trimble's New Declaration, and There is No Prejudice to Defendants.**

Under Rule 37(c)(1), a court in its determination of whether to sanction a party for failure to make the required disclosures is to consider whether there was "substantial justification: for such failure and whether the failure was harmless. *Nguyen v. IBP, Inc.,* 162 F.R.D. 675 (D. Kan. 1995). "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Id.* at 680.

Courts have found the remedy of excluding an expert's testimony for non-compliance with Rule 26 to be a severe sanction which is not warranted where information to cure a deficiency may be subsequently provided. *Bethel v. United States,* 2007 U.S. Dist. LEXIS 43395 at *18 (D. Colo. 2007) (*citing* to *Nguyen,* where court afforded the party a period of time to cure deficiencies in expert disclosure); *see also Pierce v. CVS Pharmacy, Inc.,* 2007 U.S. Dist. LEXIS 69006 (D. Ariz. 2007) (court found that although plaintiff had failed to cure all deficiencies, defendants had not pinpointed any specific prejudice, and striking plaintiff's expert would greatly prejudice plaintiff's case, and therefore, court afforded plaintiff an additional period of time to cure remaining deficiencies).

In *Rasure v. Sitter,* 2007 U.S. Dist. LEXIS 30793 (D. Colo. Apr. 26, 2007), where plaintiff's expert disclosure listed only the two names of his experts without additional requisite disclosure information, including, *inter alia,* the experts' opinions or a list of the data or information that the experts relied upon, the court denied defendant's motion to strike, noting that

> The decision to exclude an expert witness is a drastic sanction and, generally, is proper only where (1) there would be prejudice or surprise to the party against whom the excluded witness would have testified; (2) the prejudice or surprise cannot be cured in another way; (3) allowing the witness to testify would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) the failure to comply with the

requirements for calling expert witnesses to testify is the result of bad faith or willfulness.

*Id.* at *7-8. The court found that the surprise or any prejudice could be cured by affording plaintiff time to serve expert disclosure which complied with the mandates of Rule 26. *Id.* at *8 (although the court subsequently granted defendant's second motion to strike after plaintiff failed to comply with the court's order concerning providing expert reports, 2007 U.S. Dist. LEXIS 67850 (Sep. 5, 2007)); *see also Lewis v. PDV America Inc.*, 2007 U.S. Dist. LEXIS 33266, (N.D. Ill. 2007); *Schmitt v. Beverly Health & Rehab. Servs., Inc.*, 1997 U.S. Dist. LEXIS 18636 (D. Kan. 1997).

In the instant litigation, Plaintiffs have submitted a second Declaration from Dr. Trimble to cure the deficiencies alleged by Defendants. Defendants have been provided with a confirmed list of the cases in which Dr. Trimble has provided testimony over the past four years, and lists of the documents which Dr. Trimble considered in forming the opinions contained in his report. Defendants are aware that Dr. Trimble was provided with all of the documents that were produced by them to Plaintiffs. Moreover, Plaintiffs have provided Defendants with lists of documents and articles which Dr. Trimble had brought with him to the deposition, at which Defendants were afforded the opportunity to pose questions to Dr. Trimble concerning the documents. Defendants have not incurred any prejudice or surprise. Defendants' motion should therefore be denied.

## CONCLUSION

Any deficiencies in Dr. Trimble's report have been cured and rendered harmless by Dr. Trimble's new Declaration and attached documents. The Court should therefore deny Defendants' motion to strike the designated expert report of Dr. Trimble and to exclude Dr. Trimble's testimony.

Dated:  November 26, 2007

Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*

By:    **/s/ Andrew G. Finkelstein**
        Andrew G. Finkelstein, Esquire
        Finkelstein & Partners, LLP
        436 Robinson Avenue
        Newburgh, NY  12550

By:    **/s/ Jack W. London**
        Jack W. London, Esquire
        Law Offices of Jack W. London
          & Associates
        106 E. 6th Street, Suite 700
        Austin, TX  78701

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on November 26, 2007.

        **/s/ Andrew G. Finkelstein**
        Andrew G. Finkelstein, Esquire