UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
: MDL Docket No. 1629
In re:  NEURONTIN MARKETING, :
SALES PRACTICES AND : Master File No. 04-10981
PRODUCTS LIABILITY LITIGATION :
------------------------------------------------ x Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO: : Magistrate Judge Leo T.
: Sorokin
PRODUCTS LIABILITY ACTIONS :
:
:
:
:
------------------------------------------------ x

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STRIKE THE EXPERT REPORT OF MICHAEL TRIMBLE, M.D., AND TO EXCLUDE DR. TRIMBLE'S TESTIMONY**

Defendants Pfizer Inc. and Warner-Lambert Company ("defendants") submit this reply memorandum in further support of their motion to strike the expert report of Michael Trimble, M.D., and to exclude Dr. Trimble's testimony (the "Motion to Strike").

**ARGUMENT**

**I.  DR. TRIMBLE'S BELATED AMENDED DECLARATION ESTABLISHES THAT PLAINTIFFS' INITIAL DISCLOSURE WAS WANTONLY DEFICIENT UNDER RULE 26(A)(2)(B)**

Plaintiffs submit in opposition to the pending motion a declaration identified as the "Declaration of Michael Trimble, M.D., Amending the Declaration of Professor Michael Trimble, M.D. in Relation to Neurontin Causing Negative Mood and Behavioral Alternations, Including Suicidal Behavior in Treated Patients."  Plaintiffs contend that "Dr. Trimble's new Declaration cures any alleged deficiencies in his expert disclosure, and any prejudice to Defendants has been remedied."  Plaintiffs' Memo in Opposition at 2.  Although plaintiffs have

1

made an effort to cure their disclosure deficiencies, their supplemental disclosure does not obviate defendants' need to depose Dr. Trimble regarding the new issues and materials raised in his "new Declaration."

Further, Plaintiffs state: "Dr. Trimble's new Declaration amends his expert disclosure and attaches: (1) a **confirmed list** of cases in which he has provided testimony over the past four years; (2) **a supplemental list of data and information which he considered** in preparation for his expert report which may not have been included in his report; and (3) **two lists comprised of** the materials which he had in his possession at his deposition, including a list of **corporate documents**, and a list of **medical journal articles**." *Id*. at 2 (emphasis added). This statement confirms that plaintiffs failed to satisfy their disclosure obligations prior to Dr. Trimble's deposition – they failed to produce a "**confirmed**" list of cases in which Dr. Trimble previously provided expert testimony and they failed to provide a comprehensive listing of "the data or other information considered" by Dr. Trimble when forming his opinions. *See* FED. R. CIV. P. 26(a)(2)(B).

The "new Declaration" and the three accompanying exhibits are extensive, totaling 15 pages. The amended disclosure includes: (1) a listing of **16 cases** in which Dr. Trimble allegedly provided expert testimony; (2) a **four-page listing of produced documents** citing approximately 200 different ranges of Bates stamped materials that Dr. Trimble purportedly considered when forming his opinions; and (3) a list of approximately **85 articles and abstracts** that Dr. Trimble brought with him to his deposition to serve as an "aid memoir." Michael Trimble's Amended Declaration and accompanying Exhibits A-C ("Trimble's Amended Decl.").

A.     Plaintiffs' Initial Disclosure of Dr. Trimble's Prior Expert Testimony and the Amended "Confirmed Case Listing" Are Both Deficient Under Rule 26(a)(2)(B)

Dr. Trimble's amended declaration demonstrates that the previously disclosed listing of cases, in which he ostensibly provided expert testimony, was both inaccurate and incomplete. The new "Confirmed Case List," purports to identify cases in which Dr. Trimble "provided testimony over the past four years," and it includes references to two cases, without citations, that were not previously disclosed to defendants.[1] Further, counsel for plaintiffs acknowledges that plaintiffs disclosed a case list that Dr. Trimble never reviewed prior to his deposition.[2]

Dr. Trimble's amended declaration is inconsistent with his deposition testimony in this litigation. Dr. Trimble now declares: "[that the supplemental case] list is to the best of my knowledge full and complete." During his deposition, however, he only recognized five of the cases previously identified, despite the fact that the "Confirmed Case List" includes 14 case names listed on the original "Case List."[3] Accordingly, defendants must depose Dr. Trimble to ascertain whether the "Confirmed Case List" is indeed complete and accurate.

Even if the new case list is accurate, it fails to provide sufficient information to satisfy the disclosure obligations of Rule 26(a)(2)(B). The amended list identifies two new cases, *Regina v. Ekaette/King* and *Paul Howe v. Thurrock Scrap (1990) Ltd.*, in which Dr. Trimble previously

---

[1] Trimble's Amended Decl., at 1, ¶ 4, Exhibit A (Docket #967) ("Confirmed Case List"). The Confirmed Case List refers to 16 cases, two of which, *Regina v. Ekaette/King* and *Paul Howe v. Thurrock Scrap (1990) Ltd.*, were not previously identified in the "Case List" that was originally disclosed to defendants on October 1, 2007. See Professor Michael Trimble, M.D. Case List (Exhibit B attached to defendants' Motion to Strike). Plaintiffs also fail to identify complete citations for these two new cases. Trimble's Amended Decl., at Exhibit A. The other 14 cases cited were included in the list of 26 cases referenced in the original "Case List," but at Dr. Trimble's deposition, he recognized only five cases from the list. Deposition of Michael Trimble, M.D. ("Trimble Dep.") (Exhibit A attached to defendants' Motion to Strike), at 204-16.

[2] Declaration of Andrew Finkelstein, at 2, ¶ 5 ("Due to Dr. Timble's travel schedule, he was not available to review the list prior to service.").

[3] *Compare* Trimble Case List (Exhibit B attached to defendants' Motion to Strike),.*with* Trimble's Amended Decl., at 1, ¶ 4, Exhibit A (Dkt. #967) ("Confirmed Case List"); *see also* Trimble Dep., at 204-16 (Exhibit A attached to defendants' Motion to Strike), at 204-16.

testified, but plaintiffs fail to provide the requisite case citation information. Plaintiffs merely state that a "citation will be provided upon receipt" for each of these cases. Accordingly, the amended case list is still deficient because it fails to provide sufficient information for defendants to secure transcripts of Dr. Trimble's prior testimony. *See*, *e.g.*, *Norris v. Murphy*, 2003 WL 21488640 (D. Mass. June 26, 2003) (Collings, M.J.) (excluding witness who failed to identify prior cases in which he had testified); *see also Coleman v. Dydula*, 190 F.R.D. 316, 318 (W.D.N.Y. 1999) (noting that expert disclosures must provide sufficient information so that the opposing party may procure copies of the deposition or trial testimony); *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D. Kan. 1995) ("The identification of 'cases' at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial.").

B.    <u>Plaintiffs' Supplemental Disclosure Confirms That Plaintiffs Failed to Disclose Materials Considered by Dr. Trimble in Forming His Opinion</u>

Despite defendants' repeated good faith efforts to resolve this dispute prior to seeking Court intervention, plaintiffs flatly refused to comply with their disclosure obligations and identify all of the materials Dr. Trimble considered in forming his opinions. *See* Defendants' Memo in Support of the Motion to Strike, at 10-11. Dr. Trimble's original report and deposition testimony claimed that he could not "possibly list all of the scientific, medical literature and confidential corporate documents that [he] reviewed which support [his] opinions."[4] Now, after the conclusion of Dr. Trimble's deposition, plaintiffs provide an extensive amended declaration that includes a four-page listing of numerous company documents that Dr. Trimble purportedly relied on. Additionally, the amended declaration provides another list of approximately 85 articles and abstracts that Dr. Trimble brought with him to his deposition. Although some of

---

[4]    Trimble Report (Exhibit C attached to defendants' Motion to Strike); Trimble Dep. (Exhibit A attached to defendants' Motion to Strike), at 257-59.

4

these materials may have been identified in Dr. Trimble's original report, the vast majority of them were not.

Plaintiffs appear to argue that "exclusion is not warranted because the non-disclosure was 'harmless.'" Plaintiffs' Memo at 5-11. In support of this argument, plaintiffs cite an opinion from the District of Indiana, *James v. Marten Transport, Ltd.*, 2006 U.S. Dist LEXIS 91768, at *2-3 (N.D. Ind. 2006).[5] In *James*, the court did not exclude the expert testimony of a witness because "**during his deposition** the expert 'identified the opinions on which he relied and the authorities for his opinions.'" Plaintiffs' Memo at 5 (quoting *James*, 2006 U.S. Dist LEXIS 91768, at *2-3) (also noting that the expert's "report didn't comply with Rule 26(a)(2) because it did not identify the records he looked at or the authorities for his opinions."). Unlike *James v. Marten Transport, Ltd.*, a case involving an expert who during his deposition identified all but one of the materials and authorities upon which he relied, Dr. Trimble would not identify most of the materials upon which he relied during his deposition as evinced by his extensive supplemental disclosure. Dr. Trimble's below testimony reveals his inability and/or refusal to identify the "records he looked at or the authorities for his opinions":

> Q. Have you looked at any post-marketing pharmacovigilance data regarding suicide, suicide attempt or suicidal ideation that are not referenced in your report?
> A. My report did not reference every single document that I have seen for obvious reasons that it has to be a containable document and readable by people involved in the case, but **I have cited the most relevant** that I consider to be important in this cases, but there are other company documents. There are hundreds of company documents that I could have quoted . . . but **I don't quote them all**, but **I quote some**.

---

[5] Plaintiffs also cite *Flebottte v. Dow Jones & Co., Inc.*, 2000 U.S. Dit. LEXIS 19875 (D. Mass. 2000), but the issues in *Flebotte* are factually dissimilar to issues before the Court. In *Flebotte*, the Court did not exclude an expert's testimony based solely on the fact that the expert failed to document in his report several tests that he conducted. *Id.* at *22-23. The opinion is inapposite to the issues presented here – whether Rule 26(a)(2)(B) requires plaintiffs to disclose a listing of Dr. Trimble's prior testimony and "the data or other information" that he considered in forming his opinions.

5

> . . . .
> A.  I saw so much, I do not know the status of the documents I have seen, that's all I am saying. There are many documents.[6]

Plaintiffs appear to argue that because Dr. Trimble brought some company documents and articles to his deposition, this fact in some way satisfied their disclosure obligations with respect to providing all of the materials that Dr. Trimble considered when forming his opinions. Plaintiffs' Memo at 7-9.[7] Although during his deposition, Dr. Trimble provided defendants "an opportunity to review these documents and articles," this "opportunity" was of limited value. *See id*. at 8. Dr. Trimble brought to his deposition approximately 85 abstracts and articles and several documents produced in the litigation. It would be pragmatically impossible for defendants' counsel, during Dr. Trimble's deposition, to digest all of the scientific literature and other materials that Dr. Trimble brought with him to his deposition. Further, even if it were not a pragmatic impossibility to effectively examine Dr. Trimble regarding the extensive material disclosed in the midst of his deposition, until plaintiffs filed their opposition, they had refused to identify all of the other company documents that Dr. Trimble considered.[8] As Dr. Trimble's "new Declaration" acknowledges, he considered other company documents that he did not bring to his deposition. *See* Trimble's Amended Decl., Exhibit B (a four-page listing of produced documents that Dr. Trimble considered).

It is unclear if plaintiffs have now satisfied their obligation to disclose "the data or other information considered" by Dr. Trimble in forming his opinions. To confirm that the "new Declaration" is comprehensive, defendants must continue Dr. Trimble's deposition examination.

---

[6] Trimble Dep. Day 2 (Exhbit A.1 attached to defendants' Motion to Strike), at 257-59.
[7] These materials are identified as Exhibit C attached to Dr. Trimble's Amended Declaration.
[8] *See* Defendants' Memo in Support of the Motion to Strike, at 10-11.

## II. DEFENDANTS' REQUESTED RELIEF IS NECESSARY TO PROVIDE DEFENDANTS WITH A MEANINGFUL OPPORTUNITY TO EXAMINE DR. TRIMBLE

Plaintiffs' erroneous and incomplete case list coupled with plaintiffs' initial failure to identify the materials Dr. Trimble considered in forming his opinions have served to deprive defendants of a meaningful examination of Dr. Trimble. Plaintiffs' dilatory efforts to satisfy their disclosure obligations for Dr. Trimble prohibited defendants from conducting a thorough examination of all of his bases, rationale, analyses and conclusions. Although plaintiffs contend that the "new Declaration cures" the deficiencies, this bald assertion belies a primary purpose of expert discovery. Rule 26(a)(2)(B) is designed, at least in part, to provide parties with the tools necessary to conduct thorough expert discovery. Dr. Trimble's amended declaration was disclosed after his deposition, attenuating the utility of the amended disclosure. At this juncture, Court intervention is necessary to provide the needed relief to cure the plaintiffs' deficiencies and provide defendants with an opportunity to have a worthwhile deposition of Dr. Trimble.

The pending motion respectfully requests that the Court strike Dr. Trimble's report and exclude his testimony unless and until plaintiffs "produce an accurate 'listing of any other cases' in which Dr. Trimble 'testified as an expert at trial or by deposition within the preceding four years,' and produce transcripts of such testimony." It is clear that the "Confirmed Case List" identifies two new case names that fail to identify the presiding courts, docket numbers, and other case specific information. Accordingly, on its face, the "Confirmed Case List" is still deficient and must be cured.

Until defendants have an opportunity to depose Dr. Trimble regarding the newly served "Confirmed Case List" and the "supplemental list of data and information which [he] considered," it is unknown whether the supplemental disclosure is complete and accurate.

Defendants' requested remedy is specifically tailored to cure the disclosure deficiencies and alleviate any harm caused. Further, if the Court orders plaintiffs to produce the transcripts of Dr. Trimble's applicable testimony, the Court will ensure that Dr. Trimble actually testified in each of the identified cases. This is far from certain based on his prior deposition testimony in this litigation in which Dr. Trimble testified that he was only familiar with five cases listed. Defendants do not request that the Court order plaintiffs to conduct an extensive search for all of the applicable transcripts. Rather, defendants respectfully request that the Court compel the production of any transcripts that are in the possession of plaintiffs or Dr. Trimble, or otherwise reasonably available to them.

## **CONCLUSION**

In light of the plaintiffs' supplemental disclosure, for the foregoing reasons and those previously stated, defendants respectfully request that the Court issue an Order striking the report of Plaintiffs' designated expert witness, Dr. Trimble, and excluding his testimony unless and until Plaintiffs: (1) produce an accurate "listing of any other cases" in which Dr. Trimble "testified as an expert at trial or by deposition within the preceding four years," with complete citations, and produce transcripts of such testimony that are in the possession of plaintiffs or Dr. Trimble, or otherwise reasonably available to them; and (2) produce Dr. Trimble for the completion of his deposition no later than 14 days following an order by this Court requiring Plaintiffs to fully comply with Rule 26.

Dated: December 3, 2007

        DAVIS POLK & WARDWELL

        By:  /s/ James P. Rouhandeh
               James P. Rouhandeh
        450 Lexington Avenue
        New York, New York 10017
        (212) 450-4000

        SHOOK, HARDY & BACON L.L.P.

        By:  /s/ Scott W. Sayler
               Scott W. Sayler

        2555 Grand Boulevard
        Kansas City, Missouri 64108
        (816) 474-6550

           - and -

        HARE & CHAFFIN

        By:  /s/ David B. Chaffin
               David B. Chaffin

        160 Federal Street
        Boston, Massachusetts 02110
        (617) 330-5000

        *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on December 3, 2007.

                 /s/ David B. Chaffin