UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
: MDL Docket No. 1629
In re: NEURONTIN MARKETING, :
SALES PRACTICES AND : Master File No. 04-10981
PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
ALL ACTIONS :
:
------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF PRODUCTS LIABILITY
PLAINTIFFS' MOTION FOR ORDER IMPOSING SANCTIONS
AGAINST DEFENDANTS PURSUANT TO FED. R. CIV. P. 37(c)**

This memorandum is submitted in support of the motion by Products Liability Plaintiffs, pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, for an order imposing sanctions against Defendants Pfizer Inc., Parke-Davis, a division of Warner-Lambert Company and Warner-Lambert Company LLC, Warner-Lambert Company, and Warner-Lambert Company LLC ("Defendants), striking the Affidavit of Cynthia McCormick dated September 13, 2007, and prohibiting Defendants from using or introducing in evidence the McCormick Affidavit and any subsequent affidavit or testimony of Ms. McCormick, or of any of the other individuals newly named on Defendants' Supplemental Disclosure Statement dated November 15, 2007.

For at least two months, Defendants plainly failed to timely supplement or amend their initial disclosures under Fed. R. Civ. P. 26, failed to identify McCormick as an individual likely to have discoverable information that Defendants may use to support their claims or defenses, and withheld the McCormick Affidavit before ambushing Plaintiffs and producing the Affidavit at the deposition of Plaintiffs' expert on November 13, 2007. Defendants' egregious and

deliberate violations of the discovery rules and the Orders of this Court have caused prejudice and harm to Plaintiffs and warrant imposition of appropriate sanctions.

## FACTUAL BACKGROUND

The Court's Discovery Order No. 12, ECF Doc. # 771, mandated that paper discovery be concluded by April 30, 2007, and that fact discovery be closed on July 14, 2007. Pursuant to Discovery Orders Nos. 13 and 14, ECF Doc. ## 801, 890, the report of Plaintiffs' expert, Dr. Michael Trimble, was served on Defendants on October 1, 2007, and his deposition was held as scheduled on October 18 and 19, 2007; and the reports of Plaintiffs' other experts were to be served on Defendants by October 22, 2007, with the depositions of Plaintiffs' general causation experts to be held prior to November 12, 2007. Pursuant to Discovery Order No. 16, ECF Doc # 921, the deposition of Plaintiffs' expert, Dr. Robert Roth, was to be held during the week following Thanksgiving, and pursuant to an agreement between the parties, on November 28 and 29, 2007. Pursuant to Case Management Order dated November 9, 2007, ECF Doc # 949, the Court granted Plaintiffs' Assented to Motion, ECF Doc. # 946, to extend the deadline for the deposition of Plaintiffs' expert, Dr. Stefan Kruszewski, to be held to the week of December 3, 2007.

Plaintiffs produced their general causation expert Dr. Cheryl Blume for deposition on November 12 and 13, 2007. On November 13, 2007, Defendants marked the Affidavit of Cynthia McCormick as Exhibit 22. (*See* copy of McCormick Affidavit (without accompanying Exhibits since Defendants' counsel did not provide copy of exhibits annexed to the Affidavit to Plaintiffs' counsel), annexed to Declaration of Andrew G. Finkelstein as Exhibit A.) The McCormick Affidavit is dated September 13, 2007, more than a month prior to the deadline established by this Court for Plaintiffs to serve their expert reports, and two months prior to the

2

date the Affidavit was disclosed at Dr. Blume's deposition. Plaintiffs' counsel objected to the Affidavit as not being previously disclosed to Plaintiffs' counsel during discovery, and on the ground that McCormick was not listed as a witness on Defendants' Rule 26 disclosure:

> MR. FROMSON: Just let me know when -- has the document been marked?
> MR. BARNES: Yes.
> MR. FROMSON: What's the exhibit number on the document?
> THE WITNESS: 22.
> MR. FROMSON: Is that -- is that correct, Rick? Is it 22?
> MR. BARNES: I'm looking. Hand it to me, please. It's Exhibit 22.
> MR. FROMSON: All right. Just note I -- so I don't have to -- unless you want me to make a continuing objection after each question, I'll object to the use of the document during the deposition, not been previously disclosed. I don't believe Cynthia McCormick has been disclosed as a presuit 26(a) disclosure.
> MR. GUNTER: She has.
> MR. FROMSON: To the extent -- I'm just making my record. So to the extent that it has not, if at all, that would be my basis for the objection. That's all.
> MR. BARNES: Thank you.
> MR. FROMSON: If it has, it has.
> MR. BARNES: That's fine. And to the extent I'm talking to this document, she hasn't communicated --
> MR. GUNTER: And just our response, Dr. McCormick is not a party affiliated with Pfizer. She's not an employee of Pfizer. She is a neutral party and plaintiffs had every opportunity to talk to her as defendants have.

Blume Dep., Nov. 13, 2007, pp. 551-552 (*see* excerpts, Pls.' Ex. B).

Defendants' assertion that McCormick was listed as a witness on Defendants' Rule 26 Disclosures was a misrepresentation. Defendants previously served Defendants' Initial Disclosure Statement dated October 29, 2004 (Pls.' Ex. C), and Defendants' Supplemental Disclosure Statement dated May 16, 2005 (Pls.' Ex. D). Neither document lists Cynthia McCormick as a witness. Two days after Dr. Blume's deposition, and four months after the Court ordered July 14, 2007 deadline for completion of fact discovery, Defendants served a further Defendants' Supplemental Disclosure Statement dated November 15, 2007 (Pls.' Ex. E), which lists Cynthia McCormick and other individuals, with the notation that those additional

3

individuals "may have information relating to FDA issues pertaining to Neurontin that Defendants may use to support their claims and defenses in this action".

Moreover, a year earlier, Defendants had been served with Products Liability Plaintiffs' Requests for Production of Documents and Things to Defendants dated September 22, 2006 (Pls.' Ex. E), which requested documents including: "3. All documents relating to any clinical trial conducted for the purpose of establishing the safety or efficacy of Neurontin for the treatment of any pain syndrome"; "132. All documents relating to the efficacy or inefficacy of Neurontin for the treatment of any pain syndrome"; and "188. All documents relating to the mechanism of action of Neurontin on the human brain." The McCormick Affidavit contained information which was responsive to this Request for Production.

Plaintiffs' counsel has conferred with counsel for Defendants, but the parties have been unable to resolve the issues presented in the within motion.

## ARGUMENT

**A.    Defendants Intentionally Failed to Comply With the Discovery Orders of This Court and Fed. R. Civ. P. 26.**

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure that was in effect before the recent December 1, 2007 Amendments to the Federal Rules, as part of the initial disclosures, Defendants were required to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information."[1]

---

[1] Amended Rule 26(a)(1)(A)(i), effective December 1, 2007, requires that as part of the initial disclosures:

    (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

4

Rule 26(e) that was in effect before the recent Amendments, mandates that parties to an action supplement and correct their disclosures and responses to discovery demands:

> (e) *Supplementation of Disclosures and Responses*. A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
> (1) A party is under a duty to supplement at **appropriate intervals** its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.
> (2) A party is under **a duty seasonably to amend** a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. [Emphasis added.].[2]

Here, it is clear that Defendants had a continuing duty to supplement their Rule 26(a)(1)(A) disclosure by adding Cynthia McCormick and the other individuals that "may have information relating to FDA issues pertaining to Neurontin that Defendants may use to support

---

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

[2] Amended Rule 26(e) provides:

> (e) Supplementing Disclosures and Responses.
> (1) *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.
> (2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

5

their claims and defenses in this action," as soon as Defendants were aware that these individuals had information that Defendants might utilize to defend against these actions. Defendants were aware, at the latest on September 13, 2007, the date of the Affidavit, that Cynthia McCormick possessed information to assist in their defense but failed to supplement their Rule 26(a) disclosure.

Furthermore, Defendants were obligated under Rule 26 to disclose and produce the McCormick Affidavit to Plaintiffs as soon as it was received. McCormick, a medical doctor, was a clinical reviewer for the FDA on the Neurontin New Drug Application concerning the drug's use as adjunctive therapy for the treatment of refractory seizure in adults. The McCormick Affidavit provides information concerning, *inter alia,* the Neurontin NDA approval process, the supplemental NDA submitted by Pfizer for Neurontin as an indication for the management of pain caused by postherpetic neuralgia, and a FDA review of mechanism of action section for the Neurontin label. The McCormick Affidavit was clearly responsive to Plaintiffs' discovery demands. From September 13, 2007, until November 13, 2007, Defendants chose to withhold the McCormick Affidavit from Plaintiffs even though Defendants were well aware that it contained information which Plaintiffs' experts, including Dr. Blume, should have been able to consider in preparation of their expert reports. Defendants' counsel are not novices and represent pharmaceutical companies in various mass tort litigations throughout the country. Defendants' counsel were well aware of their obligation to disclose the Affidavit but made a deliberate decision not to disclose this important Affidavit which provided substantive information on critical issues in this litigation.

Furthermore, Defendants should have supplemented their Rule 26 Disclosure prior to the deadline for fact discovery, or at least during the month that the Affidavit was withheld prior to

6

the deadline for Plaintiffs' expert reports. Defendants also have denied Plaintiffs the opportunity to draft and serve discovery demands concerning the individuals newly listed in the November 15, 2007 Supplemental Rule 26 Disclosure. Defendants' responses to such demands may yield additional information critical to the issues of this case, requiring consideration by Plaintiffs' experts prior to the drafting of their reports.

Plaintiffs have therefore been prejudiced by Defendants' deliberate untimely disclosure, which was in clear violation of the Federal Rules and Orders of this Court.

**B.    Pursuant to Fed. R. Civ. P. 37, Defendants Should Be Sanctioned for Violating Fed. R. Civ. P. 26 and the Discovery Orders of this Court.**

Federal Rule of Civil Procedure 37(c)(1) that was in effect before the recent Amendments provides in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26 (a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.[3]

The Court of Appeals for the First Circuit has stated that Rule 37(c)(1) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion." *Klonoski v. Mahlab,* 156 F.3d 255, 269 (1st Cir. 1998). In *Klonoski*, the Court of Appeals was called to determine an appeal from a jury verdict in a medical malpractice case where letters written by plaintiff's late wife to her sister evidencing marital discord, were not disclosed by defendants,

---

[3] Amended Rule 37(c)(1) provides in pertinent part:

(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: . . .

7

but were utilized as evidence at trial against plaintiff's loss of consortium claim. The Court examined the issue of whether evidence that could be utilized for impeachment purposes, but which provided, at least in part, substantive evidence, is discoverable. *Id.* at 270. The Court found that the evidence in question which tended "to establish the truth of a matter to be determined by the trier of fact" did not fall under the "solely for impeachment" exception in Rule 26. *Id.* The Court vacated the judgment and remanded the case for a new trial finding that the court below had abused their discretion and made an error of law in admitting the letter evidence; and the non-disclosure of the letters were a violation of the court's orders and requirements of the federal discovery rules. *Id.* at 276.

In *Hipsaver Co., Inc. v. J.T. Posey Co.,* 497 F. Supp. 2d 96 (D. Mass. 2007), Judge Saris made it very clear that Rule 37(c) is a "'self-executing sanction' for failure to make evidentiary disclosures required by the Federal Rules." The plaintiff had failed to disclose documents and information in regard to causation until shortly before the trial, and the Court considered a number of factors in its determination that the evidence in question was to be precluded, including: that inadvertency and/or negligence was not substantial justification for non-disclosure; that due to the non-disclosure, the adversary had prepared its expert reports on the basis of incomplete data; and that the history of the litigation has been contentious. *Id.* at 103. Moreover, the Court held that claims that there was no prejudice to the adverse party because a continuance of the trial had been granted were incorrect and that "the delay and additional expense (not to mention stress) occasioned by Hipsaver's failure to produce the 2006 data are precisely the sort of harm contemplated by the rule." *Id.* at 104. Based upon these circumstances, the Court saw fit to grant discovery sanctions and precluded plaintiff from introducing the non-disclosed evidence at trial and awarded attorney fees pursuant to Rule 37(c).

*See also Rosvold v. L.S.M. Sys. Eng'g, Inc.*, 2007 U.S. Dist. LEXIS 82061 at *3 (E.D. Mich. 2007) (court precluded a party from providing to their experts evidence that was not furnished to the adversary as mandated by Rule 26).

In *Keytrak Inc v. Key Register, LLC*, 2004 U.S. Dist. LEXIS 30446 at *8 (N.D. Cal. 2004), defendants' expert had submitted a revised exhibit to his expert report subsequent to the opening expert report and the deadline for expert disclosure, and the court excluded the revised exhibit and all testimony regarding the exhibit.. Defendants claimed that the opposing party had a "full opportunity to examine [the expert] regarding the material contained in both the original and revised exhibit". *Id.* at *9. But the court found that plaintiff "could not have had full opportunity to examine what it did not yet have" and that it was "disappointed in the misrepresentation made by counsel and his attempt to obfuscate the timeline." *Id.*

In the instant case, Cynthia McCormick was the clinical reviewer of the Parke-Davis Neurontin NDA 20-235, which was ultimately approved for adjunctive therapy for refractory epilepsy. The McCormick Affidavit includes information concerning the review process for Neurontin, clinical trials that were evaluated during the course of her review, suicide attempts considered during the NDA review process and safety updates that were submitted by the sponsor. The Affidavit clearly provides substantive evidence which would not be subject to be used solely for impeachment exclusion under Rule 26. Defendants were well aware of their obligation, pursuant to the discovery rules and discovery orders of this Court, to disclose the Affidavit to Plaintiffs within a reasonable period after September 13, 2007, and certainly prior to October 22, 2007, the deadline for service of Plaintiffs' expert reports on general causation. Instead, Defendants attempted to utilize the McCormick Affidavit to ambush Plaintiffs' general causation expert, Dr. Blume, at her deposition testimony on November 13, 2007. Moreover, to

9

add insult to injury, Defendants misrepresented to Plaintiffs' counsel at the deposition that Cynthia McCormick had already been disclosed on Defendants' Rule 26 Disclosure. Plaintiffs' experts, in particular Dr. Blume, were denied the opportunity to consider the facts as alleged by McCormick in her Affidavit prior to providing their opinions in an expert report. Similar to the situation in *Hipsaver*, due to Defendants' non-disclosure of the McCormick Affidavit, Plaintiffs' experts were caused to submit their general causation expert reports based upon incomplete information. As the Court found in *Hipsaver*, the non-disclosure in this case is the type of harm that is contemplated by Rule 37. Plaintiffs request that this Court grant Rule 37 sanctions and prohibit Defendants from using McCormick's Affidavit as evidence in this litigation. Plaintiffs also request that the Court preclude Defendants from utilizing testimony from Cynthia McCormick and from the other individuals identified in Defendants' November 15, 2007 Supplemental Rule 26 Disclosure that "may have information relating to FDA issues pertaining to Neurontin that Defendants may use to support their claims and defenses in this action," as evidence in this litigation. Defendants' egregious and deliberate non-disclosure and withholding of information critical to the issues at the crux of this litigation have caused Plaintiffs prejudice and harm and warrant imposition of appropriate sanctions.

## CONCLUSION

In view of the above, it is respectfully requested that this Court issue an Order imposing sanctions against Defendants, striking the McCormick Affidavit, and prohibiting Defendants from using or introducing in evidence the McCormick Affidavit and any subsequent affidavit or testimony of Ms. McCormick, or of any of the other individuals newly named on Defendants' Supplemental Disclosure Statement dated November 15, 2007.

Dated: December 6, 2007 Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*

By: **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY  12550

By: **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
 & Associates
106 E. 6th Street, Suite 700
Austin, TX  78701

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on December 6, 2007.

Dated:  December 6, 2007

**/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein