UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING, SALES PRACTICES,
       AND PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC. and

AETNA, INC. v. PFIZER INC.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## REPLY IN SUPPORT OF KAISER'S MOTION TO ENLARGE THE TIME PERIOD TO PRODUCE A 30(B)(6) WITNESS PURSUANT TO DISCOVERY ORDER NO. 17

Coordinated Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (together, "Kaiser"), by and through its attorneys, submit this reply in support of its motion to enlarge the time period within which Kaiser may produce a Rule 30(b)(6) witness to testify concerning Topic 2 pursuant to Discovery Order No. 17.

In their response to Kaiser's motion, Defendants Pfizer Inc. and Warner-Lambert Company (together "defendants") do not object to conducting the 30(b)(6) deposition beyond the December 20, 2007 date specified by the Court. In their response, defendants also describe Kaiser's document production as being "patently dilatory". This statement is absurd given Kaiser's numerous supplements to its document production and discovery responses since 2005. Furthermore, Kaiser is under no court order to produce additional documents pursuant to

Discovery Order No. 17 and defendants did not file a motion to compel on this issue. Kaiser has made its best efforts to produce documents to defendants on a rolling basis within a reasonable period of their becoming available. Thus, Kaiser has in good faith fulfilled its discovery obligations to date.

During the meet-and-confer discussions regarding this motion, in an abundance of caution, Kaiser agreed to "substantially" produce responsive documents on or before December 20, 2007. Kaiser's position is reasonable given defendants' ever-changing interpretation of Kaiser's discovery obligations. Thus, Kaiser agreed to the more limited language in an attempt to avoid later motion practice in the event that Kaiser discovers a limited number of documents after December 20, 2007. Kaiser respectfully requests that if the Court orders Kaiser to produce additional documents by December 20, 2007, that it also Order as follows: "Kaiser shall substantially complete production of responsive documents for the deposition to be held on January 10, 2008 and a privilege log on or before December 20, 2007."

Dated: December 7, 2007

KAPLAN FOX & KILSHEIMER LLP


By:  /s/ Linda P. Nussbaum
      Linda P. Nussbaum

850 Third Avenue
New York, NY 10022
(212) 687-1980

*Attorneys for Plaintiffs Kaiser Foundation
Health Plan, Inc. and Kaiser Foundation
Hospitals*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on December 7, 2007.

<u>/s/Linda P. Nussbaum</u>