UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
: MDL Docket No. 1629
In re: NEURONTIN MARKETING, :
      SALES PRACTICES AND : Master File No. 04-10981
      PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
ERIK NEWBERRY, :
DANIEL NEWBERRY, :
and HOLLY NEWBERRY, :
INDIVIDUALLY and as :
PERSONAL ADMINISTRATORS, :
OF THE ESTATE OF :
STEPHEN PHILLIP NEWBERRY, :
DECEASED, :
: **ANSWER OF DEFENDANT**
             Plaintiffs, : **IVAX PHARMACEUTICALS,**
: **INC.**
v. :
:
PFIZER INC., et al., :
:
             Defendants. :
:
------------------------------------------------------------x

      Ivax Pharmaceuticals, Inc. ("Ivax"), by its attorneys, Goodwin Procter LLP, as and for its Answer to the Complaint:

      1.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, except admits that in this action, plaintiffs purport to seek recover from defendants for personal injuries allegedly related to their use of the prescription drug gabapentin.

2.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8.  Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Teva Pharmaceuticals USA, Inc., a Delaware corporation with its principal place of business at 1090 Horsham Road, North Wales, PA 19454, is a wholly-owned subsidiary of Teva Pharmaceutical Industries, Ltd., an Israeli corporation, and further admits that Teva Pharmaceuticals USA, Inc. manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the State of Georgia, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it.

9.  Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Ivax is a wholly-owned subsidiary of Teva Pharmaceutical Industries, Ltd., and that Ivax has done business in the States of Georgia and Florida.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint, except admits that, from time to time in the past and continuing today, Ivax has manufactured and sold gabapentin in the United States, including in the State of Georgia.

11. Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that, Ivax has manufactured and sold gabapentin in the State of Georgia.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint, except neither admits nor denies such allegation insofar as they purport to state conclusions of law.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint, except neither admits nor denies such allegation insofar as they purport to state conclusions of law.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint, except admits that Neurontin® is the FDA reference-listed drug for Ivax's generic drug product gabapentin, and that Ivax's gabapentin is indicated for the management of postherpetic neuralgia and for the treatment of epilepsy.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, except admits that Pfizer and Parke-Davis are listed by the FDA as holders of new drug applications ("NDA") for Neurontin®.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, except admits that Pfizer and Parke-Davis are listed by the FDA as holders of NDAs for Neurontin®.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint, except denies that Ivax has been the subject of any investigations or enforcement proceedings relating to gabapentin.

23. Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Neurontin® is the FDA reference-listed drug for Ivax's generic drug product gabapentin, and that Ivax's gabapentin is indicated for the management of postherpetic neuralgia and for the treatment of epilepsy.

24. Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Ivax submitted an ANDA for gabapentin to the FDA, which was approved prior to July 2005.

25. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint, except admits that the

criteria recited therein are included among those applied by the FDA in determining whether an ANDA is approvable.

26. Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that in its ANDA for gabapentin, Ivax sought and obtained approval for the indications of management of postherpetic neuralgia and treatment of epilepsy.

27. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint, except denies each and every such allegation insofar as it is alleged or implied that plaintiff's decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.

37. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint, except denies each and every such allegation insofar as it is alleged or implied that plaintiff's decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

40. In response to paragraph 40 of the Complaint, repeats and realleges its responses to paragraphs 1 through 39 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

45. In response to paragraph 45 of the Complaint, repeats and realleges its responses to paragraphs 1 through 44 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

LIBNY/4656083.1

46. Denies each and every allegation contained in paragraph 46 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

47. Denies each and every allegation contained in paragraph 47 of the Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. In response to paragraph 50 of the Complaint, repeats and realleges its responses to paragraphs 1 through 49 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

54. Denies each and every allegation contained in paragraph 54 of the Complaint.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

56. In response to paragraph 56 of the Complaint, repeats and realleges its responses to paragraphs 1 through 55 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

58. Denies each and every allegation contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Complaint.

61. Denies each and every allegation contained in paragraph 61 of the Complaint.

62. Denies each and every allegation contained in paragraph 62 of the Complaint.

63. In response to paragraph 63 of the Complaint, repeats and realleges its responses to paragraphs 1 through 62 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

64. Denies each and every allegation contained in paragraph 64 of the Complaint.

65. Denies each and every allegation contained in paragraph 65 of the Complaint.

66. Denies each and every allegation contained in paragraph 66 of the Complaint.

67. Denies each and every allegation contained in paragraph 67 of the Complaint.

68. In response to paragraph 68 of the Complaint, repeats and realleges its responses to paragraphs 1 through 67 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

69. Denies each and every allegation contained in paragraph 69 of the Complaint.

70. Denies each and every allegation contained in paragraph 70 of the Complaint.

71. Denies each and every allegation contained in paragraph 71 of the Complaint.

72. In response to paragraph 72 of the Complaint, repeats and realleges its responses to paragraphs 1 through 71 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

73. Denies each and every allegation contained in paragraph 73 of the Complaint.

74. Denies each and every allegation contained in paragraph 74 of the Complaint.

75. Denies each and every allegation contained in paragraph 75 of the Complaint.

76. Denies each and every allegation contained in paragraph 76 of the Complaint.

77. In response to paragraph 77 of the Complaint, repeats and realleges its responses to paragraphs 1 through 76 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

78. Denies each and every allegation contained in paragraph 78 of the Complaint, except admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

79. Denies each and every allegation contained in paragraph 79 of the Complaint.

80. Denies each and every allegation contained in paragraph 80 of the Complaint.

81. In response to paragraph 81 of the Complaint, repeats and realleges its responses to paragraphs 1 through 80 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

82. Denies each and every allegation contained in paragraph 82 of the Complaint.

83. Denies each and every allegation contained in paragraph 83 of the Complaint.

84. In response to paragraph 84 of the Complaint, repeats and realleges its responses to paragraphs 1 through 83 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

85. Denies each and every allegation contained in paragraph 85 of the Complaint

86. Denies each and every allegation contained in paragraph 86 of the Complaint.

87. In response to paragraph 87 of the Complaint, repeats and realleges its responses to paragraphs 1 through 86 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

88. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph  of the Complaint, except admits that plaintiffs purport to being this action pursuant to the statutory provisions recited therein.

89. Denies each and every allegation contained in paragraph 89 of the Complaint.

90. Denies each and every allegation contained in paragraph 90 of the Complaint.

91. Denies each and every allegation contained in paragraph 91 of the Complaint.

92. In response to paragraph 92 of the Complaint, repeats and realleges its responses to paragraphs 1 through 91 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

93. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Complaint, except admits that plaintiffs purport to being this action pursuant to the statutory provisions recited therein.

94. Denies each and every allegation contained in paragraph 94 of the Complaint.

95. Denies each and every allegation contained in paragraph 95 of the Complaint.

96. In response to paragraph 96 of the Complaint, repeats and realleges its responses to paragraphs 1 through 95 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

97. Denies each and every allegation contained in paragraph 97 of the Complaint.

98. Denies each and every allegation contained in paragraph 98 of the Complaint.

99. Denies each and every allegation contained in paragraph 99 of the Complaint.

## AS AND FOR AFFIRMATIVE DEFENSES

126. Plaintiffs' Complaint, and each and every allegation therein directed to Ivax, fails to state a claim against Ivax upon which relief may be granted.

127. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

128. Plaintiffs' claims against Ivax are barred by laches, waiver, and/or estoppel.

129. If plaintiffs or their decedent sustained any injury or incurred any loss or damage as alleged in the Complaint, the same resulted in whole or in part from an intervening cause and/or causes, and any action on the part of Ivax was not the proximate and/or competent producing cause of plaintiffs' or their decedent's alleged injuries.

130. If plaintiffs or their decedent sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Ivax neither exercised nor had any right of control, for which Ivax is and was not responsible, and whose conduct Ivax had no duty or reason to anticipate or control.

131. If in fact the Complaint is held to contain a claim upon which relief may be granted, then plaintiffs' recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiffs or their decedent or other agents or persons other than Ivax.

132. The manufacture, marketing and labeling of gabapentin was controlled by federal law and Ivax was at all times in compliance with applicable federal law with respect thereto; therefore, the Complaint fails to state a claim upon which relief may be granted in that, inter alia, such causes of action, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription items and would constitute an invalid burden by this court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

133. In the event plaintiffs or their decedent are found to have suffered any injury, disease, damage, pain and/or disability, the degree of responsibility, negligence, and fault of each person who contributed to said injuries should be determined, and Ivax should be held liable only for that proportion of the resulting damage which corresponds to its degree of fault, responsibility, or negligence, if any.

134. Any damages, injuries or losses that may have been sustained by plaintiffs or their decedent as alleged in the Complaint were sustained only after plaintiffs or their decedent knowingly and voluntarily assumed any alleged risk inherent in the use of metoclopramide.

135. Plaintiff and their decedent failed to heed the warnings provided by Ivax.

136. Ivax is not a proper party.

137. Upon information and belief, any injury, loss or damage that plaintiffs or their decedent may have sustained was caused in whole or in part by plaintiffs' or their decedent's own negligence.

138. If Ivax is found liable to plaintiffs for any non-economic loss allegedly suffered by plaintiffs, such liability equals fifty percent or less of the total liability of all persons liable, and the aggregate liability of such other persons equals or exceeds fifty percent of the total liability. Accordingly, Ivax's liability, if any, to plaintiffs for plaintiffs' non-economic loss shall not exceed Ivax 's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

139. At all times relevant to plaintiffs' claims against Ivax, Ivax conformed its conduct to the state of medical knowledge, common and accepted procedures in the medical field, professional standards, and the medical and pharmacological state of the art.

140. Any alleged defect in gabapentin could not have been detected or removed by a reasonable use of scientific procedures or techniques.

141. Plaintiffs' breach of warranty claims are barred by plaintiff's failure to provide timely notice of any alleged breach of warranty.

142. Plaintiffs' breach of warranty claims are barred by the absence of privity between plaintiffs and their decedent and Ivax.

LIBNY/4656083.1

143. To the extent that plaintiffs' claims sound in negligent misrepresentation, such claims are barred by the absence of privity between plaintiffs and their decedent and Ivax.

144. Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

145. Plaintiffs have failed to state a claim against Ivax upon which relief may be granted for punitive or exemplary damages.

146. Any injuries, damages and/or losses allegedly sustained by plaintiff were caused in whole or in part by preexisting conditions, for which Ivax bears no legal responsibility or liability.

147. Ivax discharged its duty to warn by including fair and adequate warnings as to the risks, precautions and potential adverse reactions from using its metoclopramide product in the product labeling therefor. Accordingly, Ivax is not liable to plaintiff by virtue of the learned intermediary doctrine.

148. The Complaint fails to plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

149. The claims for relief based upon fraud and/or misrepresentation are barred, in whole or in part, because there were no misstatements or misrepresentations made by or attributable to Ivax.

150. The claims for relief based upon fraud and/or misrepresentation are barred, in whole or in part, because at all relevant times the claimed misrepresentations and/or omissions allegedly made by Ivax, if any, were immaterial as a matter of law.

151. The claims for relief based upon fraud and/or misrepresentation are barred, in whole or in part, because at no time did plaintiffs, their decedent or his physicians rely upon any material misrepresentations or omissions by Ivax.

WHEREFORE, Ivax respectfully requests that the Complaint be dismissed as to it in all respects, together with such other and further relief as to this Court may seem just and proper.

Dated: December 14, 2007
      Boston, Massachusetts

Respectfully submitted,

IVAX PHARMACEUTICALS, INC.

By its attorneys,

/s/ U. Gwyn Williams
U. Gwyn Williams (BBO # 565181)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
gwilliams@goodwinprocter.com

-and-

Jonathan I. Price
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
212.818.8300
jprice@goodwinprocter.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 14, 2007.

/s/ U. Gwyn Williams