UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
IN RE NEURONTIN MARKETING, SALES            )
PRACTICES, AND PRODUCTS LIABILITY           )
LITIGATION                                  )   MDL Docket No. 1629
_____)   Master File No. 04-10981
                                            )
THIS ORDER RELATES TO:                      )   Judge Patti B. Saris
                                            )   Mag. Judge Leo T. Sorokin
ALL ACTIONS                                 )
_____)

Discovery Order No. 18

December 26, 2007

SOROKIN, M.J.

      Pending is the Product Liability Plaintiffs' Motion for Order Imposing Sanctions Against Defendants Pursuant to Fed. R. Civ. P. 37(C). (Docket # 978).

      Cynthia McCormick served with the Food and Drug Administration from 1991 to 2002. During her tenure at the FDA, Dr. McCormick was involved in the review and approval of Neurontin both as an adjunctive therapy in the treatment of partial seizures in adults and for the management of postherpetic neuralgia in adults. Neither the Plaintiffs nor the Defendants disclosed Dr. McCormick pursuant to Fed. R. Civ. P. 26(a)(1)(A), although both sides were aware of her Neurontin-related work (if not prior to the filing of the instant litigation, then during the period for fact discovery). In fact, the Plaintiffs' counsel questioned some witnesses during the fact depositions regarding statements Dr. McCormick had made in reports or documents. Neither side deposed Dr. McCormick.

      On September 13, 2007, the Defendants obtained an affidavit from Dr. McCormick in which she explains some of her prior statements, provides some further detail regarding FDA

actions, describes some additional information regarding reports she had issued evaluating scientific studies or safety reports and affirms that throughout her career at the FDA, she "never concluded that Neurontin increases the risk of or causes depression or suicidal behavior." Docket # 980-2. On October 1, 2007, the Plaintiffs disclosed their expert reports. The Plaintiffs first learned of the McCormick Affidavit during the course of the depositions of their experts when the Defendants' counsel used the McCormick Affidavit to question some of the Plaintiffs' experts. More recently, the Defendants have disclosed their expert reports and, according to the Plaintiffs, six of the seven experts rely upon the McCormick Affidavit.

      The Plaintiffs request that the Court exclude from evidence the McCormick Affidavit, as well as any subsequent affidavit or testimony from McCormick, on the grounds that the Defendants were obligated, primarily by Fed. R. Civ. P. 26(a)(1)(B), to disclose the affidavit prior to the Plaintiffs' production of their expert reports on October 1, 2007. Even assuming that the Defendants had formed the intention to use the McCormick Affidavit in support of their claims or defenses by September 13, 2007, and that the rule therefore applies (requiring supplementation of the Defendants' disclosures prior to October 1, 2007, when the Plaintiffs' disclosed their experts), the wholesale exclusion of relevant information or testimony is nevertheless unwarranted on the present state of the record.

      Accordingly, the Product Liability Plaintiffs' Motion for Order Imposing Sanctions Against Defendants Pursuant to Fed. R. Civ. P. 37(C) (Docket # 978) is DENIED.[1]

---

[1] While the Plaintiffs correctly point out that their experts did not consider the McCormick Affidavit in forming their opinions, they have not indicated that the experts wish to change their opinions in light of the affidavit or to revise their reports to address the statements within the affidavit. The Plaintiffs identify no specific prejudice flowing from the affidavit. In any event, numerous procedures would potentially be available to remedy any such prejudice,

        SO ORDERED.

        /s/ Leo T. Sorokin
        _____
        United States Magistrate Judge

---

but the Plaintiffs have not requested such procedures nor did they express an interest in such relief at the hearing.