UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) |

MDL Docket No. 1629
Master File No. 04-10981

|  |  |
|---|---|
| THIS ORDER RELATES TO: | ) ) ) |
| ALL PRODUCTS LIABILITY ACTIONS | ) ) |

Judge Patti B. Saris
Mag. Judge Leo T. Sorokin

Discovery Order No. 19 - Products Cases

January 4, 2008

SOROKIN, M.J.

I.        Certification

Previously, this Court ordered each Plaintiff to certify his/her intent to proceed and

counsel to certify that, upon review of the relevant medical records, pursuit of the action was

warranted.   The certifications were due on December 20, 2007.  See Docket # 949.

A.        Plaintiffs Seeking Dismissal

In response to the certification order, some individual Plaintiffs indicated an intent to

dismiss his or her action.  See, e.g., Docket #s 1020, 1013, 1009 (one plaintiff), 1010 (one

plaintiff). These individual Plaintiffs not intending to pursue their actions shall file stipulation of

dismissals pursuant to Rule 41 by January 21, 2008.

B.        Plaintiffs Seeking More Time

 In light of the death of the Plaintiff Wolosonowich in Case No. 06-11395 on November

13, 2007, the deadline for filing the certification in this individual case is continued to February

1, 2008. The time for Plaintiff Veraas in Case No. 05-11029 to file his certification is extended to

February 1, 2008.  However, Plaintiff Veraas is reminded of his obligation to remain in communication with his counsel so that he may comply with the Court's orders rather than face a possible dismissal of his action for lack of prosecution or for his failure to comply with Court Orders.   Counsel shall inform Plaintiff Veraas of the foregoing.

      C.      Plaintiffs Seeking Dismissal or Counsel Will Seek to Withdraw

Regarding twenty-one Plaintiffs, counsel have indicated that counsel will file either a Motion to Dismiss or a Motion to Withdraw.  Docket #1021.  Counsel shall resolve this question and either file stipulations of dismissal pursuant to Rule 41 or Motions to Withdraw by February 1, 2008.  If Motions to Withdraw are contemplated, counsel must follow the procedures below governing such motions.

      D.      Plaintiffs Represented by Attorney Schwartz Listed in Docket #1029

Attorney Schwartz filed a Motion to Withdraw (Docket #1029) regarding forty-nine plaintiffs within three separate civil actions stating that "these individuals have not complied with requests for HIPPA forms or do not meet the medical requirements to proceed in this litigation."   From this Motion, the Court understands that some or all of these identified Plaintiffs have failed to complete HIPAA authorizations that counsel requires both to investigate the case and/or to produce to the Defendants as a required part of the discovery process.  **These Plaintiffs are reminded that they are obligated to comply with the Court's orders and to participate in the discovery process by completing any required HIPPA forms so that certifications may be filed by February 1, 2008.  The failure to file certifications will lead to the <u>dismissal</u> of their case.**  Counsel shall serve a copy of this Order on each Plaintiff identified in the Motion in the manner described below. The Motion to Withdraw (Docket #1029) is

DENIED WITHOUT PREJUDICE.  If counsel is seeking to withdraw as to some or all of these plaintiffs for reasons other than a failure to complete the HIPPA forms as required or needed then counsel may renew the Motion to Withdraw as to those plaintiffs by February 1, 2008 provided counsel follows the procedures applicable to such motions set forth below.

E.      Plaintiffs Failing to File A Certification

Some Plaintiffs neither indicated an intent to dismiss nor filed a certification as ordered. Counsel reported that counsel was unable to reach these Plaintiffs in order to confer as required by the Court's prior order.  **These Plaintiffs are warned that the failure to file certifications by February 1, 2008 will result in <u>dismissal</u> of their action.**  The counsel for each such Plaintiff serve the attached Order Re Failure to File Certification on the Plaintiff in the manner described below.  In serving the attached order, counsel shall insert the appropriate docket number on the order.

F.      Overview of All Plaintiffs and Counsel Seeking to File Motions to Withdraw

By the close of business on February 1, 2008, counsel shall have filed on behalf of every products liability plaintiff either a certification or a stipulation of dismissal pursuant to Rule 41. In the event counsel cannot file either the certification or stipulation of dismissal, counsel may file a motion to withdraw by February 1, 2008.  Counsel must serve any such Motion to Withdraw on the Plaintiff by January 11, 2008.  Counsel must serve the attached Order Re: Motion to Withdraw with service of the Motion.   In serving the attached order, counsel shall insert the appropriate docket number on the order.  Counsel shall serve the documents in the manner prescribed below.

Counsel for any Plaintiff shall provide, in electronic form, to the Products Liability

3

Liaison Counsel at the Finkelstein Law firm by February 1, 2008 a list by civil action number of each plaintiff the attorney represents and whether a certification, stipulation of dismissal or motion to withdraw has been filed along with the filing date and docket number of the filing. The Liaison counsel shall collect these reports into one document and file it with the Court by February 6, 2008.  The Attorney's report to the Liaison counsel, or in the case of Liaison counsel as to their cases the report to the Court, is the attorney's certification that the attorney followed the procedures required by this Order.

       G.      Manner of Service

      Any document that this Order requires counsel to serve on a Plaintiff shall be served, at least, by sending the document(s) to the Plaintiff by: (1) certified mail return receipt requested at the Plaintiff's last known mailing address; (2) electronic mail to the Plaintiff's email address(es), if known by counsel; and (3) regular first class mail postage prepaid to the Plaintiff's secondary contact address.  Counsel shall file a certificate of service.

      Any document that this Order requires counsel to serve on a Plaintiff shall be served by January 11, 2008.

       H.      Pro Se Plaintiffs

      At least two plaintiffs filed their actions pro se, Keith Edwards 05cv11701, and Teresa Teater, 05cv12123.  Each of these two plaintiffs filed statements asserting their intent to proceed. Neither of these plaintiffs need take any further action in response to this Order.

      II.  Schedule and Procedures for Track One Cases

      By February 1, 2008, counsel shall identify to the Court whether any of the six cases selected by the Court are cases in which certifications have not been filed.  These cases will be

removed from the group and replaced by the Court with randomly selected cases from the Finkelstein cases in which certifications have been filed.

By February 11, 2008, Defendants shall select two additional cases to proceed to deposition discovery from the Finkelstein cases in which certifications have been filed. The two District of Massachusetts cases referred to by Plaintiffs' counsel at the hearing will also be added to the group of cases proceeding to deposition discovery. The <u>Huberman</u> case (07cv11336) will also proceed to deposition discovery. In the event there are any other cases originating from the District of Massachusetts, whether or not the Plaintiffs are represented by the Finkelstein law firm, counsel shall so notify the Court by January 15, 2008.

The parties shall complete the depositions of the plaintiff, prescribing physician(s) and sales representative(s) in the two cases designated by defendants, <u>Huberman</u> and the two other District of Massachusetts cases, and all other Track One cases by March 31, 2008.

Plaintiffs in the Track One cases shall file amended complaints no later than April 7, 2008.

The Defendants shall designate their first Track One case for trial by April 11, 2008.

Defendants' renewed filing regarding whether the Products Liability Plaintiffs have pled fraud with particularity is due April 21, 2008 with Plaintiffs' opposition due on May 5, 2008 and the reply due on May 12, 2008. The memoranda are limited to twenty pages and the reply to five pages.

SO ORDERED.

/s/ Leo T. Sorokin

_____

United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————————
                                                    )
IN RE NEURONTIN MARKETING, SALES     )
PRACTICES, AND PRODUCTS LIABILITY    )
LITIGATION                                          )     MDL Docket No. 1629
———————————————————————————     )     Master File No. 04-10981
                                                    )
THIS ORDER RELATES TO:                  )     Judge Patti B. Saris
                                                    )     Mag. Judge Leo T. Sorokin
Products Liability C.A. No.___-_____       )
———————————————————————————     )

ORDER RE: FAILURE TO FILE CERTIFICATION AS REQUIRED

January 4, 2008

SOROKIN, M.J.

You were Ordered to file, by December 20, 2007, a certification stating your intent to

pursue your lawsuit and your lawyer's belief that pursuit of this action was warranted in light of

his or her review of your relevant medical records.  You did not file this Certification with the

Court as required by the Court's Order.  Your failure to comply with the Court's Order or your

failure to communicate with Counsel when required by the Court are grounds for dismissal of

your lawsuit.

**The Court will dismiss your case unless you file the required certification with the**

**Court by the close of business on February 1, 2008.**

SO ORDERED.

/s/ Leo T. Sorokin

———————————————————————
United States Magistrate Judge

7

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                        )
IN RE NEURONTIN MARKETING, SALES        )
PRACTICES, AND PRODUCTS LIABILITY       )
LITIGATION                                               )          MDL Docket No. 1629
_____)          Master File No. 04-10981
                                                        )
THIS ORDER RELATES TO:                         )          Judge Patti B. Saris
                                                        )          Mag. Judge Leo T. Sorokin
Products Liability C.A. No.___-_____             )
_____)


ORDER RE: MOTION TO WITHDRAW

January 4, 2008

SOROKIN, M.J.

        The attorney representing you in this litigation has filed with the Court a Motion to

Withdraw as your attorney.  **The Court will allow your attorney to withdraw and <u>dismiss</u>**

**your case unless you do one of the following by February 1, 2008:**

        1.  Hire an Attorney to represent you in this case and have the Attorney file a Notice of

Appearance on Your Behalf by February 1, 2008.

        2.  Write to the Court by February 1, 2008  saying either you object to your lawyer

withdrawing and/or you want to represent yourself in this lawsuit.  Your letter should include the

number of your case listed above.  You will then be **<u>required</u>** to attend a hearing on March 7,

2008 at 10:00 a.m. in Courtroom #14 before Magistrate Judge Leo T. Sorokin of the United

States District Court for the District of Massachusetts, One Courthouse Way, Boston,

Massachusetts 02210.  If wish to attend this hearing by telephone and you do not live in

9

Massachusetts, you must write to Deputy Clerk Maria Simeone, United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210 by February 21, 2008 and provide her the telephone number at which you wish the Court to call you on March 7, 2008.

**If you fail to take either of the above steps by February 1, 2008, the Court will dismiss your case.**

SO ORDERED.

/s/ Leo T. Sorokin
_____
United States Magistrate Judge