UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------x
:
In re: NEURONTIN MARKETING, :
SALES PRACTICES, AND :
PRODUCTS LIABILITY LITIGATION :
:
:
------------------------------------x
:
THIS DOCUMENT RELATES TO: :
:
HARDEN MANUFACTURING : MDL Docket No. 1629
CORPORATION; LOUISIANA :
HEALTH SERVICE INDEMNITY : Master File No. 04-10981
COMPANY, dba :
BLUECROSS/BLUESHIELD OF : Judge Patti B. Saris
LOUISIANA; INTERNATIONAL :
UNION OF OPERATING ENGINEERS, : Magistrate Judge Leo T. Sorokin
LOCAL NO. 68 WELFARE FUND; :
ASEA/AFSCME LOCAL 52 HEALTH :
BENEFITS TRUST; GERALD SMITH; :
and LORRAINE KOPA, on behalf of :
themselves and all others similarly :
situated, v. PFIZER INC. and WARNER- :
LAMBERT COMPANY. :
:
------------------------------------x

**ASSENTED-TO MOTION FOR TWO-WEEK EXTENSION
OF DEADLINES RELATING TO PLAINTIFFS'
<u>NEW MOTION FOR CLASS CERTIFICATION</u>**

Defendants, Pfizer Inc. and Warner-Lambert Company, respectfully move, with the assent of plaintiffs, for a two-week extension of the deadlines related to plaintiffs' new motion for class certification. The grounds for this motion are:

1. On December 4, 2007, the Court issued an Electronic Order relating to plaintiffs' new motion for class certification. It provides:

> Plaintiffs shall have until 12/19/07 for the opening brief. All the data shall be produced to defendants forthwith. All discovery shall be completed by 1/31/08. Defendants' brief shall be filed by 2/29/08. Reply and sur-reply briefs shall be

filed within 14 days and shall be no longer than 20 pages a piece. A class certification hearing is scheduled for April 16, 2008, at 2:00 p.m.

2. Just before midnight on December 19, 2007, plaintiffs filed (a) Plaintiffs' Renewed Motion for Class Certification (Docket # 1016) (the "New Motion"), (b) Declarations in Support of Plaintiffs' Renewed Motion for Class Certification (Docket # 1017), and (c) Memorandum in Support of Plaintiffs' Renewed Motion for Class Certification (Docket # 1018) (collectively, the "New Certification Motion Papers").

3. The New Certification Motion Papers, which are voluminous, were filed 112 days after the Court denied plaintiffs' original motion for class certification and directed plaintiffs to file any new motion for class certification within 60 days. (Docket # 831 at 63.)

4. In the New Certification Motion Papers, plaintiffs proposed that four previously-unidentified individuals act as representatives for proposed sub-classes. In this connection, plaintiffs indicated:

> In order to expedite the deposition of the proposed additional class representatives, contemporaneously with this filing, Plaintiffs are producing their medical and prescription records to Defendants, consistent with prior agreements and orders regarding the scope of production.

(Docket # 1018 at 7 n. 6.) The medical and prescription records were not produced "contemporaneously with" the filing of the New Certification Motion Papers.

5. In support of the New Motion, plaintiffs submitted a declaration of a previously-unidentified expert, Rena Conti, Ph.D. (Docket # 1017 at 15-112.) The declaration is 97-pages long, counting appendices.

6. On December 20, 2007, plaintiffs produced to defendants' counsel the "data" that the Court had ordered (on December 4) them to produce "forthwith."

7. On December 21, 2007, two days after the New Motion was filed, defendants served a request for production of documents by, a set of interrogatories directed to, and a notice of deposition of each of the four newly-proposed purported class representatives. Responses to the requests for production and the interrogatories are due on January 21.

8. The cover letter accompanying these discovery requests and notices pointed out that the medical records referenced in plaintiffs' memorandum (see paragraph 4, *supra*) had not been produced and that defendants sought additional documents from previously-identified purported class representatives. The letter also indicated that defendants wished to depose Dr. Conti and asked plaintiffs' counsel to provide dates for her deposition.

9. Plaintiffs did not produce the medical records referenced in plaintiffs' memorandum (see paragraph 4, *supra*) until January 4, 2008, more than two weeks after their papers were served and more than two weeks after they said they would produce them.

10. Plaintiffs have identified seven physicians who prescribed Neurontin for the newly-identified purported class representatives.

11. To respond to the New Motion, defendants currently anticipate deposing, among others, (a) the four newly-identified purported class representatives, (b) the seven prescribing physicians, and (c) Dr. Conti.

12. Defendants have been diligent. Nevertheless, it is doubtful that they would be able to complete the necessary depositions before the January 31 discovery cut-off, and it is certain that they would not be able to do the depositions justice if the January 31 discovery cut-off were to hold.

13. Because defendants did not receive the "data" until December 20 and the medical records until January 4, their preparation for the depositions has been delayed. For example,

defendants wish to have the benefit of their own experts' views on the information produced by plaintiffs before conducting the depositions. These views will not be available sufficiently in advance of January 31 to enable defendants effectively to prepare for and complete the depositions by then.

14. Further, the newly-identified purported class representatives' responses to defendants' requests for production and interrogatories are not due until January 21. For obvious reasons, defendants wish to have these responses before the depositions of the newly-identified purported class representatives and their prescribing physicians. Were the January 31 cut-off to hold, defendants would have to take at least 11 depositions in locations around the country in the 8 business days between the time they receive plaintiffs' responses to written discovery and the January 31 cut off date.

15. There are simply too few days to complete all of the necessary depositions before January 31.

16. Further, defendants thus far have been unable to locate two of the prescribing physicians.

17. For all these reasons, defendants require and respectfully request a two-week extension of the January 31 discovery deadline.

18. Defendants also respectfully request, for the four reasons set forth below, a two-week extension of the February 29 deadline for the filing of their opposition to the New Motion.

19. First, pursuant to a Case Management Order by Magistrate Judge Sorokin (Docket ## 949 at 1, 946 at 2), defendants are required to file on February 29 their motions for summary judgment and *Daubert* motions in the product liability cases. These potentially-dispositive

motions will be complex. Defendants would prefer not to have to be finalizing and filing these motions and their opposition to the New Motion at the same time.

20.     Second, assuming the discovery deadline is extended, a two-week extension of the filing deadline would simply preserve the one month period between the discovery cut-off and the filing deadline that the Court provided for in the December 4 Electronic Order.

21.     Third, this one month period between the end of discovery and the deadline for filing defendants' opposition brief is necessary to allow defendants' experts to prepare their declarations, which they can only do once the factual record is complete, and to allow defendants sufficient time thereafter to draft and finalize their opposition brief and other papers.

22.     Fourth, plaintiffs had a total of 112 days to prepare the New Motion. The additional two weeks would bring defendants' total to 86 days, a period that includes the December holidays.

23.     With the two-week extension, defendants' opposition to the New Motion would be due on March 14, 2008. Under the December 4 Electronic Order, plaintiffs' reply is due within 14 days of the filing of defendants' opposition, and defendants' sur-reply is due 14 days later. Defendants do not request any modification to this schedule; they request only that each 14-day period begin 14 days later, making the reply and sur-reply due on March 28 and April 11, respectively. Defendants would still be prepared to argue the motion on April 16 (the date previously set by the Court), or on whatever other date the Court wishes.

24.     Plaintiffs have assented to this motion.

WHEREFORE, defendants respectfully request that the Court (a) extend to February 14, 2008, the deadline for the completion of class discovery, (b) extend to March 14, 2008, the deadline for defendants to file their opposition to Plaintiffs' New Motion for Class Certification,

(c) extend to March 28, 2008, the deadline for plaintiffs to file their reply to defendants' opposition, and (d) extend to April 11, 2008, the deadline for defendants to file their sur-reply.

Dated: January 9, 2008

                                        DAVIS POLK & WARDWELL

                                        By:   /s/ James P. Rouhandeh
                                               James P. Rouhandeh

                                        450 Lexington Avenue
                                        New York, New York 10017
                                        (212) 450-4000

                                                - and -

                                        HARE & CHAFFIN

                                        By:   /s/ David B. Chaffin
                                               David B. Chaffin

                                        160 Federal Street
                                        Boston, Massachusetts 02110
                                        (617) 330-5000

                                        *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on January 9, 2008.

                                                      /s/David B. Chaffin