UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) | MDL Docket No. 1629<br>Master File No. 04-10981<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>PRODUCTS LIABILITY ACTIONS | ) | Magistrate Judge Leo T. Sorokin |

**PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY IN ORDER TO FACILITATE THE DEPOSITIONS OF NON-PARTY WITNESSES CYNTHIA MCCORMICK AND PAUL LEBER**

This Memorandum is submitted in support of the motion by Products Liability Plaintiffs, (hereinafter "Plaintiffs"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, for an order reopening discovery to the extent that it facilitates Plaintiffs' conducting the depositions of non-party witnesses Cynthia McCormick and Paul Leber within the next ten (10) days.

**FACTUAL BACKGROUND**

The Court's Discovery Order No. 12, ECF Doc. # 771, mandated that paper discovery be concluded by April 30, 2007, and that fact discovery be closed on July 14, 2007. Pursuant to Discovery Orders Nos. 13 and 14, ECF Doc. ## 801, 890, the report of Plaintiffs' expert, Dr. Michael Trimble, was served on Defendants on October 1, 2007, and his deposition was held as scheduled on October 18 and 19, 2007; and the reports of Plaintiffs' other experts were to be served on Defendants by October 22, 2007, with the depositions of Plaintiffs' general causation experts to be held prior to November 12, 2007. Pursuant to Discovery Order No. 16, ECF Doc.

# 921, the deposition of Plaintiffs' expert, Dr. Robert Roth, was to be held during the week following Thanksgiving, and pursuant to an agreement between the parties, on November 28 and 29, 2007. Pursuant to Case Management Order dated November 9, 2007, ECF Doc. # 949, the Court granted Plaintiffs' Assented to Motion, ECF Doc. # 946, to extend the deadline for the deposition of Plaintiffs' expert, Dr. Stefan Kruszewski, which was held during the week of December 3, 2007.

Plaintiffs produced their general causation expert, Dr. Cheryl Blume, for deposition on November 12 and 13, 2007. On November 13, 2007, Defendants marked the Affidavit of Cynthia McCormick as Exhibit 22. ECF Doc # 980-1. The McCormick Affidavit is dated September 13, 2007, more than a month prior to the deadline established by this Court for Plaintiffs to serve their expert reports, and two months prior to the date the Affidavit was disclosed at Dr. Blume's deposition. Defendants served a further Defendants' Supplemental Disclosure Statement dated November 15, 2007, ECF Doc. # 980-1, Ex. E, which lists Cynthia McCormick and other individuals, including Paul Leber, with the notation that those additional individuals "may have information relating to FDA issues pertaining to Neurontin that Defendants may use to support their claims and defenses in this action". On December 26, 2007, this Court issued Discovery Order No. 18, ECF Doc. # 1032, which denied Plaintiffs' motion for sanctions, ECF Doc. # 978. The Court clearly advised the parties in its decision:

> While the Plaintiffs correctly point out that their experts did not consider the McCormick Affidavit in forming their opinions, they have not indicated that the experts wish to change their opinions in light of the affidavit or to revise their reports to address the statements within the affidavit. The Plaintiffs identify no specific prejudice flowing from the affidavit. In any event, numerous procedures would potentially be available to remedy any such prejudice, nor did they express an interest in such relief at the hearing.

ECF Doc. # 1032 at n1.

Plaintiffs' counsel wrote to Defendants' counsel requesting that Defendants produce Cynthia McCormick and Paul Leber for depositions. *See* Letter annexed hereto as Exhibit A. Plaintiffs' counsel has conferred with counsel for Defendants, who have refused to agree to open discovery for the two depositions.

**ARGUMENT**

A District Judge exercises broad discretion when supervising the discovery process. *Arzuaga-Perello v. Shell Co. (Puerto Rico)*, 1999 U.S. App. LEXIS 2162 (1st Cir. Feb. 4, 1999); *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992). The First Circuit has stated that it will intervene concerning the trial court's discretion "'…only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party'" *Arzuaga-Perello* at *2 (citing to *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 91 (1st Cir. 1996)). A trial court may, upon motion, order the sequence and/or grant priority of the discovery process pursuant to Fed. R. Civ. P. 26(d). *Meisch v. Fifth Transoceanic Shipping Co. Ltd.*, 1994 U. S. Dist. LEXIS 14995 at *1 (S.D.N.Y. Oct. 21, 1994) (Court granted defendants' motion requiring, *inter alia,* that plaintiff be deposed by a date certain).

Plaintiffs have reviewed the McCormick Affidavit in detail and submit that there are various contradictions, as discussed in Plaintiffs' prior motion for sanctions, ECF Doc. #979, and ambiguities in the Affidavit which may only be resolved by conducting a deposition of McCormick. Moreover, Defendants' November 15, 2007 Supplemental Rule 26 Disclosure for the first time identified Paul Leber as an individual who "may have information relating to FDA issues pertaining to Neurontin that Defendants may use to support their claims and defense in this action." Although Plaintiffs were aware of McCormick and Leber from documents

previously produced by Defendants, Plaintiffs had no prior reason to believe that Defendants would allege that McCormick and/or Leber would have information to support their claims and defenses.

Both McCormick and Leber worked for the FDA and participated in the approval process for the Neurontin NDA. These two individuals undeniably possess information that is critical to the issues in this case. However, only since Defendants have specifically identified both McCormick and Leber in Defendants' supplemental Rule 26 diclosure have Plaintiffs been made aware that these witnesses may have information that supports the Defendants' claims or defense. Moreover, depositions of McCormick and Leber are essential to test the credibility of these witnesses who are no longer employed by the FDA and who now, 14 years after the approval of the Neurontin NDA, upon information and belief, are working with and for pharmaceutical entities, including Pfizer. It is telling that the 1995 *San Francisco Chronicle* article mentions that Cynthia McCormick "did a brief consulting assignment for Pfizer about a year ago." ECF Doc # 987-2. Plaintiffs would be severely prejudiced in the prosecution of this litigation if they are not provided with the opportunity to depose both McCormick and Leber. Plaintiffs respectfully request that this Court reopen discovery to the extent that Plaintiffs may conduct the depositions of McCormick and Leber.

Furthermore, due to the time constraints posed by the approaching deadlines for summary judgment motions, Plaintiffs respectfully request that this Court dispense with any time limitations for the noticing of depositions and issue an order compelling Defendants to produce McCormick and Leber, if under the control of Defendants, for deposition within ten (10) days. If these individuals are not under the control of Defendants, this Court should also dispense with

any time limitations and allow Plaintiffs to subpoena McCormick and Leber for deposition as third-parties within ten (10) days.

Dated: January 10, 2008

Respectfully submitted,

***Members of Products Liability Plaintiffs' Steering Committee***

By: **/s/ Andrew G. Finkelstein**

Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY 12550

By: **/s/ Jack W. London**

Jack W. London, Esquire
Law Offices of Jack W. London
& Associates
106 E. 6th Street, Suite 700
Austin, TX 78701

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on January 10, 2008.

Dated: January 10, 2008

**/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein

# EXHIBIT A




Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, II (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)

Thomas C. Yatto (NY)
Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)

Debra J. Reisenman (NY)
Michael T. McGarry (NY)

Steven P. Shultz (NY & MA)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

*Of Counsel*
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)
Sharon A. Scanlan (NY & CT)
Jeffrey A. Brown, M.D. (NY & NJ)
Dennis G. Ellis (NY)
John F. Dowd (NY & CT)
Gail Koff, P.C. (NY)
Joel Bossom (NY)

*Accredited CLE Provider*

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

REFER TO OUR FILE #: 200599

December 31, 2007

Jim Rouhandeh
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

By Mail, Email & FAX 212-450-3835

Re: Neurontin Litigation: Third Party Discovery/Depositions

Dear Jim:

In light of Judge Sorokin's recent Order (#18), our intention is to pursue the deposition of ***Cynthia McCormick***. Please advise (a) whether you consent to the discovery of this third party witness, and (b) whether she is a witness under your control in terms of an ability to produce her for a deposition without a subpoena.

Your recent Rule 26 supplemental disclosure reflects the names of several current FDA employees (e.g., Russell Katz, Sharon Hertz, etc.). However, similar to Cynthia McCormick, you disclsoed ***Paul Leber*** (former FDA employee). Please advise whether he is a witness under your control for purposes of producing him for a deposition. We are considering him for a deposition too.

Please advise of your agreement/disagreement to fact discovery being opened for purposes of this third party deposition. Our hope is to have this deposition completed within the next 20 days. Consequently, please let me know your position by end of business day, January 4. If defense counsel, objects to the deposition(s), we will make our motion on an emergency basis and seek leave to take the deposition(s).

Very truly,

Kenneth B. Fromson
845-562-0203 x2755

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy

X 436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102