UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
In re: NEURONTIN MARKETING,
SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
------------------------------------------------ x
THIS DOCUMENT RELATES TO:

ALL PRODUCT LIABILITY ACTIONS

------------------------------------------------ x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**DEFENDANTS' OPPOSITION TO PRODUCT LIABILITY PLAINTIFFS' MOTION TO REOPEN DISCOVERY IN ORDER TO FACILITATE THE DEPOSITIONS OF NON-PARTY WITNESSES CYNTHIA MCCORMICK AND PAUL LEBER**

Defendants Pfizer Inc. and Warner-Lambert Company LLC, on its own behalf and on behalf of its unincorporated division, Parke-Davis ("defendants"), submit this opposition to Product Liability Plaintiffs' Motion to Reopen Discovery.

**PRELIMINARY STATEMENT**

Plaintiffs have known for several years that Drs. McCormick and Leber are witnesses with knowledge about issues in this case. For several years, plaintiffs have been making claims concerning Dr. McCormick's views while at FDA and relying on those claims in their attacks on defendants. In fact, during depositions in these proceedings, plaintiffs examined many lay witnesses concerning plaintiffs' take on the views of Drs. McCormick and Leber.

Nevertheless, plaintiffs did not depose Drs. McCormick and Leber when they had the chance. Plaintiffs were not prevented from deposing Drs. McCormick and Leber. They **chose** not to depose them. Plaintiffs undoubtedly believed that it was to their advantage to forego the depositions. Something persuaded plaintiffs that they would be better off if Drs. McCormick and Leber were not placed under oath in these proceedings. Plaintiffs created the very circumstances

about which they complain. Their motion is nothing more than an effort to obtain relief from the effects of a tactical decision that they have come to regret. The motion should be denied.

## FACTUAL BACKGROUND

Cynthia McCormick, M.D., was employed by the FDA from 1992 through 2001, as a Medical Review Officer in the Neurology section of the Division of Neuropharmacological Drug Products and as the Director of the Division of Anesthetics, Critical Care, and Addiction Drug Products. In both capacities, she was a participant in the FDA's review and ultimate approval of Neurontin for treatment of partial seizures and post-herpetic neuralgia. On September 13, 2007, Dr. McCormick executed an affidavit that "accurately reflects [her] actions and conclusions with respect to [her] involvement with the review and approval of Neurontin." (Exhibit A hereto at ¶ 1.) Dr. McCormick attested that "[t]hroughout my career at the FDA, I never concluded that Neurontin increases the risk of or causes depression or suicidal behavior. That remains my belief today." (Exhibit A hereto at ¶ 49.)

Paul Leber, M.D., was employed by the FDA from 1978-1999. In 1981, he became the Director of the Division of Neuropharmacology. In this capacity, Dr. Leber made recommendations to the Office of Drug Evaluation on behalf of the Division as to whether neuropharmacological drugs should be approved. He served in this capacity during the approval process for Neurontin and wrote an approvable action memorandum regarding Neurontin dated December 13, 1993. (Exhibit B hereto.)

Plaintiffs made no attempt to depose Drs. McCormick or Leber before the deadline for the completion of fact discovery. On December 26, 2007, this Court denied plaintiffs' motion to preclude defendants from relying on Dr. McCormick's affidavit or any other testimony from

FDA officials, noting that plaintiffs failed to identify any "specific prejudice flowing from the affidavit." (Docket # 1032)

## ARGUMENT

**PLAINTIFFS HAVE IDENTIFIED NO PREJUDICE THAT WOULD JUSTIFY REOPENING DISCOVERY.**

Since the date of Discovery Order No. 18, plaintiffs still have identified no prejudice. Nor have they explained their failure to depose Drs. McCormick and Leber when they had the chance. Nor have they accounted for the inevitable delay, disruption, and expense that the relief they seek would entail. The motion should be denied.

In the discovery order denying plaintiffs' motion for sanctions as to Dr. McCormick's affidavit, the Court noted:

> While the Plaintiffs correctly point out that their experts did not consider the McCormick Affidavit in forming their opinions, they have not indicated that the experts wish to change their opinions in light of the affidavit or to review their reports to address the statements within the affidavit. *The Plaintiffs identify no specific prejudice flowing from the affidavit.* In any event, numerous procedures would potentially be available to remedy any such prejudice, but the Plaintiffs have not requested such procedures nor did they express an interest in such relief at the hearing.

(Docket # 1032, at n.1 (emphasis added).) As the Court recognized, plaintiffs did not request in their motion for sanctions or at the hearing on the motion, to depose Dr.. McCormick or any other FDA officials. Having failed in their attempt to preclude any evidence form not only Dr. McCormick but any other FDA officials, plaintiffs have had a change of heart. Now they say they want to depose Drs. McCormick and Leber. Could it be any more apparent that plaintiffs want the depositions only because their attempt first to mischaracterize Dr. McCormick's views and then to try to stifle Dr. McCormick has failed? Could it be any more apparent that plaintiffs are attempting to extricate themselves from a situation that their own tactics created?

Plaintiffs do not and cannot demonstrate any prejudice.

### 1. Plaintiffs have long known that Dr. McCormick and Dr. Leber have knowledge regarding the issues in this case.

Plaintiffs argue they were prejudice by defendants' November 15, 2007 Supplemental Rule 26 Disclosure that identified Drs. McCormick and Leber as individuals who may have information defendants will use. They claim that prior to this date they had absolutely no idea that defendants would allege that Dr. McCormick and/or Dr. Leber would have relevant information. Plaintiffs have long known that these former FDA officials, both of whom were involved in the approval of Neurontin, would have relevant information.

Plaintiffs' knowledge of Dr. Leber is evidenced by their own use of FDA documents in support of their case. As Director of the FDA's Division of Neuropharmacology, Dr. Leber played a role in evaluating and approving Neurontin as a safe and effective medication. In December 1993, Dr. Leber wrote a review letter, recommending that the Neurontin New Drug Application ("NDA") be approved. (Exhibit B hereto.) This letter, along with numerous other documents bearing Dr. Leber's name, were produced to plaintiffs many months ago. Several of these documents that reference Dr. Leber have been used by both plaintiffs and defendants as exhibits at depositions of current and former company employees, as well as the depositions of Dr. Cheryl Blume and Dr. Stefan Kruszewski, plaintiffs' experts. (Exhibits B through F hereto.) For example, Janeth Turner, former Director of Regulatory Affairs at Warner-Lambert who had contact with Dr. Leber during the Neurontin NDA approval process, was questioned extensively by plaintiffs' counsel at her deposition concerning a December 15, 1992 Advisory Committee Meeting at which Dr. Leber was present. (Exhibit G hereto.) The minutes from this 1992 meeting were produced to plaintiffs several months ago, during fact discovery. For plaintiffs to

suggest now, after having examined witnesses regarding Dr. Leber, that they were unaware that he might have relevant information is disingenuous.

Plaintiffs relied on Dr. McCormick's Medical Review throughout this litigation. They have clearly known about the facts and documents pertaining to Dr. McCormick and her role in this case. "In fact, the Plaintiffs' counsel questioned some witnesses during the fact depositions regarding statements Dr. McCormick had made in reports or documents." (Discovery Order No. 18, Docket # 1032, at 1.) Obviously, plaintiffs have long known of the significance of Drs. McCormick and Leber. Plaintiffs cannot now argue prejudice when they had ample opportunity to depose them during fact discovery but chose not to do so.

**2.      Plaintiffs' presumption that Drs. McCormick and Leber are "working with" defendants is insufficient to establish prejudice.**

Plaintiffs assert, rather presumptuously, that Drs. McCormick and Leber are "working with and for pharmaceutical entities, including Pfizer." Plaintiffs undoubtedly had a suspicion that Dr. McCormick was involved with Pfizer three years ago, as they reference a 2005 *San Francisco Chronicle* article.[1] (Memo in Support of Plaintiffs' Motion at 4.) Ultimately, however, they are in error in suggesting that Dr. McCormick is in defendants' camp. The only "involvement" that Dr. McCormick has had with defendants regarding Neurontin is that she executed and delivered her affidavit, which defendants have every right to obtain. The fact that defendants obtained Dr. McCormick's affidavit cannot be the basis for plaintiffs' failure to seek to depose two former FDA officials about whom plaintiffs have known from the beginning.

---

[1]      Plaintiffs incorrectly state that the article is dated 1995. *See* Exhibit H hereto.

5

**CONCLUSION**

For the reasons more fully set forth above, defendants Pfizer Inc. and Warner-Lambert Company LLC respectfully request that this Court deny plaintiffs' motion to reopen discovery and for such additional relief as the Court may deem just and proper.

Dated:  January 15, 2008				Respectfully submitted,

						SHOOK, HARDY & BACON L.L.P.

						By:	/s/ Scott W. Sayler
							Scott W. Sayler

						2555 Grand Blvd.
						Kansas City, MO 64108-2613
						Tel:  (816) 474-6550

							-and-

						DAVIS POLK & WARDWELL

						By:	/s/ James P. Rouhandeh
							James P. Rouhandeh

						450 Lexington Avenue
						New York, NY 10017
						Tel:  (212) 450-4000

							-and-

						HARE & CHAFFIN

						By:	/s/ David B. Chaffin
							David B. Chaffin

						160 Federal Street
						Boston, MA 02110
						Tel:  (617) 330-5000

						*Attorneys for Defendants Pfizer Inc. and*
						*Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 15, 2008.

                                                    /s/ David B. Chaffin  
                                                    David B. Chaffin