UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re:                                        :
                                              :
REZULIN PRODUCT LIABILITY LITIGATION (MDL     :   MASTER FILE
NO. 1348)                                     :   00 Civ. 2843 (LAK)
                                              :
This Document Relates To:   07 Civ. 11205 (LAK) :
                                              :
                                              :
------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/16/08

**PRETRIAL ORDER NO. 445**
(*Dugan* - Motion to Remand)

LEWIS A. KAPLAN, *District Judge*

      This motion arises in consequence of a dispute over legal fees relating to some of the litigation involved in this MDL.

      James R. Dugan, II and Stephen B. Murray, d/b/a The Murray Law Firm, brought this action in a Louisiana state court against Greg Murphy, George Rawlings, Mark Fischer, Rawlings and Associates, PLLC (the "Rawlings Firm"), and Lowey Dannenberg Bemporad & Sellinger, PC ("Lowey Dannenberg"). They claim in substance that "[t]he lawyers and law firms on the consolidated cases [i.e., two suits brought against Warner-Lambert on behalf of third-party payors] entered into a joint venture with" plaintiffs' predecessor-in-interest "to work together . . . on the Rezulin Litigation" (pet. ¶ 9) and that the defendants breached their obligations to share attorneys' fees that have been or will be generated by that litigation.

      Defendants removed the action to the Eastern District of Louisiana on the basis of diversity of citizenship. The Panel sent the case to here along with plaintiffs' motion to remand in which they argue that they and defendant Murphy are citizens of Louisiana and that the requisite complete diversity of citizenship is lacking. Defendants counter that Murphy was joined solely to defeat diversity and that his citizenship therefore should be disregarded.

      This Court has written more than once in this MDL on the standards governing claims of improper joinder, and no purpose would be served by replowing that field. *E.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp.2d 272, 279-80 (S.D.N.Y. 2001). Suffice it to say for present purposes that Murphy's non-diverse citizenship may be disregard only if there is a reasonable possibility that the highest court of the state in question would conclude that the claim against Murphy is sufficient.

      It is quite true, as defendants argue, that Murphy is barely mentioned in the petition.

Moreover, it seems quite likely that he was named here precisely for the purpose that defendants allege. Nevertheless, paragraph 9 of the petition clearly asserts, if only in conclusory terms, that there was a joint venture among plaintiff's predecessor and "the defendants," a term that unquestionably includes Murphy. The petition goes on to allege that "the defendants" breached their obligation to share fees and that plaintiffs therefore have been harmed. Pet. ¶¶ 20-21. In consequence, the legal sufficiency of the petition cannot seriously be questioned. As defendants have submitted no evidence in support of their position, the question whether plaintiffs' allegations are factually supported is not before the Court.

Accordingly, the motion to remand the action to the Civil District Court for the Parish of Orleans, State of Louisiana, is granted.

SO ORDERED.

Dated:   January 16, 2008

_____
Lewis A. Kaplan
United States District Judge