UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ) ) | Judge Patti B. Saris |
| ALL ACTIONS ) ) | Magistrate Judge Leo T. Sorokin |

**PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO ESTABLISH A PLAINTIFFS'
<u>PERSONAL INJURY LITIGATION EXPENSE FUND</u>**

Pursuant to the Manual for Complex Litigation (4th ed. 2004), as well as precedent from a series of case management orders issued in prior and ongoing MDL pharmaceutical mass tort litigation, the Products Liability Plaintiffs' Steering Committee ("PLPSC") seeks the entry of two administrative orders to: (1) establish a Plaintiffs' Personal Injury Litigation Expense Fund to compensate and reimburse attorneys for services performed and expenses incurred for the common benefit of MDL 1629 personal injury plaintiffs; and (2) delineate guidelines for MDL 1629 personal injury plaintiffs counsel's time and expense reporting for the reimbursement of common benefit fees and related costs incurred in the prosecution of this pharmaceutical litigation. These orders are necessary to establish guidelines for the equitable sharing of costs and work associated with the creation and use of MDL Plaintiffs' Personal Injury Common Benefit Work Product. The proposed practice and procedure orders are filed herewith.

The first case management order is necessary to ensure the generation and maintenance of adequate and contemporaneous time and expense records for plaintiffs' attorneys working in

the MDL and for plaintiffs' attorneys working in state court proceedings that choose to share with the MDL personal injury counsel common aspects of liability discovery, expert development and case coordination.  Manual for Complex Litigation §§ 14.213 &14.214, at 202.

The second case management order is necessary to create a mechanism to obtain an assessment from each resolved personal injury case in the MDL (and any state court case where plaintiffs' counsel has acquired the MDL Plaintiffs' Personal Injury Common Benefit Work Product) to reimburse the MDL personal injury attorneys or associated state court attorneys for expenses[1] and to establish a fund for awarding fees to plaintiffs' personal injury counsel for creating the common benefit work product.[2]  This cost and fee compensation procedure, now routine in MDL pharmaceutical mass tort cases, is explained in the Manual for Complex Litigation as follows:

> MDL judges generally issue orders directing that defendants who settle MDL-related cases contribute a fixed percentage of the settlement to a general fund to pay national counsel.

Manual for Complex Litigation § 20.312 & n.701, at 233 (citing cases).  The tasks of such counsel are similarly described in the Manual:

> Lead counsel and committees of counsel for the plaintiffs in mass tort litigation perform a host of functions.  They develop proof of liability and anticipate defenses; gather the expertise necessary to prove causation and other elements of plaintiffs' cases; trace patterns of exposure;

---

[1] PLPSC Personal Injury Counsel  and other personal injury counsel in the MDL have paid monies to fund common benefit costs in the MDL on an ongoing basis and are filing expense and time reports.

[2] The work product referred to in the second Case Management order as "PLPSC Personal Injury Common Benefit Resource Material" will include, *inter alia*:  (a) CD-ROMs and a virtual depository containing images of key documents selected by the personal injury counsel from document productions of the defendants and third-parties in MDL 1629; (b) a bibliographic database providing a "coded" index of such key documents; (c) the depositions of each generally applicable fact witnesses taken in MDL 1629 and in any associated state court actions in the form of transcripts, text searchable computer disks and CD-ROMs; (d) time-lines, witness identification, and other work product relating to the facts at issue in MDL 1629; (e) expert reports on generally applicable liability and causation issues, as well as transcripts of such experts' testimony; (f) cross examination of defendants' experts on generally applicable liability and causation issues; and (g) Daubert briefing and argument on generally applicable liability and causation expert opinions.

>  manage discovery; coordinate the various filings; and communicate with counsel for plaintiffs, counsel for defendants, and the court.

*Id.,* § 22.62, at 406. Recognition that counsel who perform these tasks must receive compensation is well recognized in the case law and the Manual:

> First, if lead counsel are to be an effective tool the court must have means at its disposal to order appropriate compensation for them. The court's power is illusory if it is dependant upon lead counsel's performing the duties desired of them for no additional compensation . . . The interests to be served are too important to be left to volunteers (or draftees) who are unpaid in the sense that they get nothing additional. The limitations of relying upon unpaid lead or liaison counsel are demonstrated by the history of the application of complex litigation techniques to air disaster cases.

*In re Air Crash Disaster at Florida Everglades,* 549 F.2d 1006, 1016 (5th Cir. 1977); *see also* Manual for Complex Litigation § 20.312 & n.701 at 233; § 22.62 & n.1278, at 407 (citing cases); § 14.121 & n.481, at 187.

      This model has been followed in all the recent pharmaceutical mass tort cases. *See, e.g., In re PPA,* MDL No. 1407, Amended CMO No. 8 (W.D. Wash. June 9, 2002) (ordering defendants to withhold a fixed portion of settlements and pay into a common fund) (attached as Exhibit A); *In re Propulsid Prods. Liab. Litig.,* MDL No. 1355, PTO No. 16 (E.D. La. Dec. 26, 2001) (same) (attached as Exhibit B); *In re Diet Drugs,* MDL No. 1203, PTO No. 467 (E.D. Pa. Feb. 10, 1999) (same) (attached as Exhibit C); *In re Silicone Gel Breast Implants Prods. Liab. Litig.,* MDL No. 926, Order No. 13 (N.D. Ala. July 23, 1993 (same) (attached as Exhibit D); *In re Prempro Products Liab. Litig.,* MDL 1507, Order No. 6 (E.D. Ark. March 30, 2005) (attached as Exhibit E). The fixed percentage requested in this case is 8% of the total award of each MDL federal court personal injury case and 6% of each state court case that consents to the assessment. These percentages are slightly higher than the range of percentages utilized in the MDL pharmaceutical mass tort cases cited above due to the fact that in this case, there are fewer

participating counsel who have provided up front contributions to absorb the costs of this litigation thus far. Moreover, there are less cases filed in this mass tort litigation than in the other mass torts cited above. Pursuant to the Manual for Complex Litigation, §14.121, nn.488 & 489, at p. 188, when attorney fees are awarded under the percentage method under a common benefit fund 25% has been recognized as the "common benchmark". The 6% for state personal injury counsel and 8% for MDL personal injury counsel which is being requested in the within motion is substantially lower than the recognized benchmark percentage utilized in complex litigations.

     In this case, plaintiffs' personal injury counsel, Andrew G. Finkelstein of Finkelstein & Partners, LLP, and Jack W. London of the Law Offices of Jack W. London & Associates, who have been appointed as members of the Products Liability Plaintiffs' Steering Committee, and Eleanor L. Polimeni of Finkelstein & Partners, LLP, who has been appointed the PLPSC Liaison Counsel,[3] already have committed extensive financial and legal resources to discovery, expert development and case coordination to date, and will continue to do so. Although the request for an Order creating a mechanism to assess individual resolved cases is being requested at this time, plaintiffs' personal injury counsel are not seeking any costs reimbursement or common benefit attorneys' fees at this time and will only do so at a later date based on a specific request to the Court under pre-established guidelines and a schedule set forth by this Court. The establishment of a court supervised fee and cost trust fund to hold individual case assessment monies, a mechanism for defense counsel to pay into the fund, and a mechanism for plaintiffs' personal injury counsel to apply for common benefit expense reimbursement and fees will be provided to the Court in a subsequent motion.

---

[3] PLPSC personal injury counsel include: Andrew G. Finkelstein, Jack W. London and Eleanor L. Polimeni.

The two proposed orders, discussed *supra*, do not address costs reimbursement or attorney's fee for any MDL class actions and do not seek authority to assess any MDL class action case.  PLPSC personal injury counsel believes the appropriate mechanism to determine cost reimbursement and an award of attorney's fees in any MDL class action case is through the provisions of Fed. R. Civ. Pro. 23.  *See* Manual for Complex Litigation § 22.91 at pp. 448-49 (4th ed. 2004); *Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1157 (8th Cir. 1999).  Pursuant to an agreement between the Marketing and Sales Practices Plaintiffs' Steering Committee and the Products Liability Plaintiffs' Steering Committee, the sales and marketing MDL is not subject to the product liability/personal injury assessment and the product liability/personal injury files are not subject to a sales and marketing assessment.  (Copy of Agreement is attached herewith as Exhibit F).

The orders proposed by the within motion are annexed hereto and have been provided to MDL defense counsel for their review prior to the filing of this motion.

Dated:  February 14, 2008               Respectfully submitted,

*Members of Products Liability*
*Plaintiffs' Steering Committee*


By:    **/s/ Andrew G. Finkelstein**
          Andrew G. Finkelstein, Esquire
          Finkelstein & Partners, LLP
          436 Robinson Avenue
          Newburgh, NY  12550


By:    **/s/ Jack W. London**
          Jack W. London, Esquire
          Law Offices of Jack W. London
            & Associates
          106 E. 6th Street, Suite 700
          Austin, TX  78701

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on February 14, 2008.

                                         **/s/ Andrew G. Finkelstein**
                                         Andrew G. Finkelstein, Esquire