EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/ :
FENFLURAMINE/DEXFENFLURAMINE) :       MDL DOCKET NO. 1203
PRODUCTS LIABILITY LITIGATION :

PRETRIAL ORDER NO. 467

MEMORANDUM AND ORDER

BECHTLE, J.                              FEBRUARY 10, 1999

Presently before the court is a petition of the
Plaintiffs' Management Committee ("PMC") for an Order:

1.   securing an equitable allocation of counsel fees
and costs for common benefit work;

2.   approving an agreement between the PMC and the
Plaintiffs' Executive Committee of the State of California
("PEC") with respect to coordination of discovery;

3.   establishing a procedure for coordination with
state-court diet drug litigation;

4.   protecting the PMC's work product; and

5.   appointing John M. Restaino, Esquire as a member
of the PMC.

The court has received responses in opposition to the
PMC's petition and the court has heard positions presented by
various parties in favor of and in opposition to the petition at

status conferences convened by the court from time to time.[1]

In keeping with the request and suggestion of counsel, the court has conferred with the Honorable Daniel S. Pratt, Judge of the Superior Court of the State of California in the county of Los Angeles, California. Judge Pratt is the state-wide coordinating judicial officer duly appointed by the Supreme Court of California to administer the diet drug cases filed in California state courts. In that capacity, Judge Pratt, and the undersigned, as the duly designated transferee judge for all federal diet drug cases transferred to MDL-1203, have agreed that state/federal coordination of discovery and other pre-trial activities will be in the best interest of the parties named in the cases under their respective jurisdiction, as well as the public interest where it is affected by those cases. This court has approved, and Judge Pratt is expected to approve in substantially similar language, the form of Order that accompanies this Memorandum in order to implement state/federal coordination between diet drug cases presently being administered in MDL-1203 originating from the State of California and diet drug cases presently being administered in the courts of the State of California.

This court finds that the Order that follows satisfies,

---

[1]See agendas, minute sheets and transcripts of MDL-1203 Status Conferences conducted on November 17, 1998, December 16, 1998 and January 13, 1999.

to the extent necessary, objections that had been presented to the court regarding set-aside and allocation into a fund from which court approved reimbursement for costs and payment of fees can be allowed.

The court notes that the original proposed Order requested the court to approve not only the agreement between the PMC for MDL-1203 and the PEC for the State of California cases but also to approve an allocation of fees and costs in all MDL cases, irrespective of the state from which they were transferred to this court. The court believes that the significant objections to the original proposed Order have been addressed in the Order that follows. In order for those in opposition to the Order to have an opportunity to address the court concerning the revised Order, the accompanying Order will only apply to those MDL-1203 cases that have been or will be transferred to this court from federal district courts within the State of California. The court will promptly take up the application of the attached Order, by the PMC, for this Order to apply to all MDL-1203 cases from whatever federal district court they were transferred throughout all states, or territories, to this transferee court in accordance with 28 U.S.C. § 1407 or otherwise.[2]

---

[2]Cases originally filed in the Eastern District of Pennsylvania may be included in MDL-1203 by transfer within the court system here and not by resorting to 28 U.S.C. § 1407.

3

For the foregoing reasons the court will grant the PMC's petition for an Order:

1.   securing an equitable allocation of counsel fees and costs for common benefit work and contribute to MDL-1203 cases transferred to this court from United States District Courts within the State of California in accordance with 28 U.S.C. § 1407 or otherwise;

2.   approving the agreement between the PMC (MDL-1203) and the PEC (JCCP No. 4032) with respect to coordination of discovery;

3.   establishing a procedure for coordination with state-court diet drug litigation;

4.   appointing John M. Restaino, Esquire, as a member of the PMC in MDL-1203 in accordance with the agreement between MDL-1203 and California coordinated litigation by their respective supervising committees.

The court denies the PMC's petition for an Order protecting the PMC's work product provided however, this denial shall not prevent the PMC from making application from time to time in any jurisdiction for such protection as it may be entitled to on any item or matter to which the PMC believes it is entitled to work product protection in accordance with the laws of that jurisdiction.

An appropriate Order follows.

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE DIET DRUGS (Phentermine/     :
Fenfluramine/Dexfenfluramine)       :     MDL Docket No. 1203
PRODUCTS LIABILITY LITIGATION    :

PRETRIAL ORDER NO. 467

(Attorneys' Fees and Costs; State-Federal Coordination)

AND NOW, this ____ day of _____, 1998, it is hereby ORDERED, ADJUDGED AND DECREED that:

### A. Set Aside for Counsel Fees and Costs in MDL 1203

1.    The Court believes that this litigation has advanced to the point that it is appropriate to establish a fair system for the sequestration of a certain percentage of all payments by defendant(s) to plaintiff(s) in fulfillment of obligations to settle claims of plaintiffs from time to time as well as to satisfy judgments that may result in some instances (all such payments hereinafter referred to as "claim payments"). The funds so sequestered are to be available to provide for reimbursement of costs and payment of attorneys' fees to the Plaintiffs' Management Committee ("PMC") and other attorneys who have been authorized by the PMC , pursuant to Pretrial No. 16, to perform work for the benefit of plaintiffs in MDL 1203 and in any state-court proceedings coordinated hereunder (hereinafter the "Common Benefit Attorneys"), subject to a proper showing in the future.

2.    Before making any claim payment to a plaintiff whose action has been subject to coordinated pretrial proceedings in MDL 1203, defendants shall deduct from such payments an amount equal to nine percent (9%) of the aggregate of the amount being paid and any amounts to be paid to the plaintiff in the future; and shall pay such sum as hereinafter provided for

deposit into the MDL 1203 Fee and Cost Account. In measuring the gross amount due or to become due to any plaintiff as such claim payments, the defendant shall include the present value of any fixed and certain payments to be made in the future.

3.     The requirements of paragraph 2 shall apply regardless of whether a plaintiff's case is disposed of during the time it is on the docket of the transferee court, or following remand or transfer from the transferee court to another federal district court for trial, or transfer to other district courts in accordance with 28 U.S.C. §1404 or other provisions of law. The obligation shall follow the case to its final disposition in any United States court including a court having jurisdiction in bankruptcy.

4.     Defendants shall have primary responsibility for withholding nine percent (9%) of the claim payments and tendering such sums to the MDL 1203 Fee and Cost Account. If, however, a defendant fails to do so, in addition to the Court's power generally, including the exercise of its powers to compel payment by defendant in compliance with this Order, the Court, under appropriate circumstances, can be expected to seek such payment from the plaintiff and/or his or her counsel under terms that are just and equitable.

5.     The Court shall establish an insured, interest bearing escrow account to receive and disburse funds as provided in this Order. The Court will, by future Order, designate an escrow agent to manage the account. All funds in the account will be held as funds subject to the direction of the Court.

6.     All payments required to be made shall be made by the defendant to the escrow agent. Payment to the escrow agent shall fully discharge the defendants' obligation under this order. The payments to be made to the account shall not be disclosed by the escrow agent except upon written order of this court. The purpose of maintaining confidentiality is to protect

the defendants legitimate concerns regarding disclosure of the amounts that it deposits into the escrow fund inasmuch as knowledge of such amounts would allow calculation of any sums defendants determine should be paid in satisfaction of any obligation it has to a plaintiff covered by this order. The escrow agent shall report to the court from time to time the sums that are deposited in the account together with the information supplied to the agent by the paying defendant at the time of deposit that will be sufficient for the agent to determine if the amount deposited is the amount required to be paid under the terms of this order. The escrow agent shall confer with the defendants and the court to determine the appropriate form that should be completed and accompany any payment to be made to the escrow agent to allow the escrow agent to verify the accuracy of any payment made.

7.    Upon a proper showing, the Common Benefit Attorneys will be entitled to receive an award of counsel fees and reimbursement of out-of-pocket litigation expenses to be paid from the MDL 1203 Fee and Cost Account in such amounts as are determined by the Court, after a hearing, based on the appropriate and controlling law. In making such an award, the Court will first determine the amount of costs for which reimbursement is appropriate. The amount remaining in the MDL 1203 fee and costs account after deducting the amount of costs awarded by the Court will be available for any award of counsel fees. In making an award of counsel fees to the Common Benefit Attorneys and in apportioning any fee award among those attorneys, appropriate consideration will be given to the experience, talent, and contribution made by each Common Benefit Attorney who seeks to recover counsel fees from the MDL 1203 Fee and Cost Account, provided, however, that the Court will only consider compensation for those services which were authorized by the PMC pursuant to PTO No. 16.

3

8.    Any sum ordered to be paid by the Court pursuant to this Order as an award of counsel fees shall be deducted from the total amount of counsel fees payable to individual plaintiff's counsel, it being understood that the Common Benefit Attorneys' portion shall not diminish the portion of the recovery that any plaintiff would have been entitled to receive had there been no participation by the Common Benefit Attorneys. Any sum ordered to be paid by the Court pursuant to this Order as reimbursement for out-of-pocket costs shall be prorated among the plaintiffs whose claim payments were deposited, in part, in the MDL Fee and Cost Account.

9.    Nothing in this Order will prevent any attorney from applying for and receiving an award of attorneys' fees and reimbursement of costs pursuant to governing law in a greater percentage amount than that provided for herein, in the event that there is a recovery in any action which may be certified as a class action under *Federal Rule of Civil Procedure* 23.

## B. Coordination Between MDL 1203 and California Judicial Code Proceeding No. 4032

10.    The terms of the Agreement between the Plaintiffs' Management Committee in MDL 1203 and the Plaintiffs' Executive Committee in *In re Diet Drug Litigation*, California Judicial Council Proceeding No. 4032 (a copy of which is appended to this Order) are approved as a fair, reasonable and equitable approach to the coordination of state and federal cases regarding the health effects of diet drugs.

11.    Upon approval of the agreement by the Honorable Daniel S. Pratt acting as the coordinating judge in California Judicial Counsel Proceeding No. 4032, each action involving diet drug which is now or hereafter pending in any California State Court shall be subject to this Pretrial Order to the following extent. Before making any claim payment to any plaintiff who has brought an action in any California State Court, defendants shall deduct from such payments

4

an amount equal to six percent of the aggregate amount being paid and any amounts to be paid to the plaintiff in the future and shall pay such sum for deposit into the MDL 1203 Fee and Cost Account subject to the terms and conditions contained in paragraphs 4 through 9 of this Pretrial Order. In measuring the gross amount due or to become due to any plaintiff as such claim payment, the defendant shall include the present value of any fixed and certain payments to be paid in the future.

    12.    John Restaino, Esquire is hereby appointed as an additional member of the Plaintiffs' Management Committee with all the rights, duties, and responsibilities held by the original members of the PMC.

## C. State-Federal Coordination

    13.    Any action pending in any state court which relates to the personal injuries allegedly caused by the drugs Fenfluramine (Pondimin), Dexfenfluramine (Redux) and Phentermine is eligible for State-Federal coordination under the terms of this Order provided that the action is subject to an order entered by the Court having jurisdiction over the action which provides substantially as follows:

    a.    All state court actions subject to the state court order are eligible for state-federal coordination under this Pretrial Order entered in MDL 1203;

    b.    Before making any claim payment to any plaintiff, all defendants in each action subject to the state court order, shall deduct from such payment an amount equal to six percent (6%) of the aggregate of the amount being paid and any amounts to be paid in the future and shall pay such sum for deposit into the MDL 1203 Fee and Cost Account for distribution in accordance with the provisions of paragraphs 4 through 9 of this Pretrial Order. In measuring the gross amount due or to become due to any plaintiff as claim payments, the defendant shall include the present value of any fixed and certain payments to be made in the future; and

    c.    The parties in each state-court action subject to the state-court order are prohibited from using any of the PMC's or plaintiffs' work product or products of state-federal coordination described in paragraph 14 of this

5

Pretrial Order for any purpose other than the litigation of actions pending in federal court and actions pending in state courts which qualify for state-federal coordination pursuant to the terms of this Pretrial Order.

14.    The plaintiffs in any actions eligible for state-federal coordination as set forth above shall be entitled to receive the following materials from the PMC upon payment of the actual cost of providing copies of the materials:

        a.    CD-ROMs reflecting searchable images of the key documents selected by the PMC from the document productions of the defendants and third-parties in MDL 1203;

        b.    a bibliographic database providing a "coded" index of such key documents;

        c.    abstracts and subjective analyses of the depositions of each generally applicable fact witness and generic expert taken in MDL 1203 and in the state-court actions coordinated pursuant to this Order;

        d.    to the extent developed by the PMC, timelines, "casts of characters," issues outlines, and other work product relating to the facts at issue in MDL 1203; and

        e.    reports of "generic experts" developed by the PMC in connection with MDL 1203.

15.    When a notice of deposition is issued in MDL 1203, any party in any action which is eligible for state-federal coordination may issue a notice which provides for the taking of such deposition in such a state court action at the time and place stated in the original notice. When such "cross-noticed" depositions take place, that part of the deposition being taken for use in MDL 1203 shall proceed to conclusion. From that point forward, the deposition will not be deemed to have been taken in any federal actions, although it will still be subject to the provisions of paragraphs 15 & 16 of this Pretrial Order. After the conclusion of that portion of the deposition being taken for use in MDL 1203, no more than three separate attorneys selected by plaintiffs' counsel in the state actions eligible for state-federal coordination pursuant

to this Order may proceed to question the witness. No more than one attorney for each defendant separately represented shall have the right to pose questions to the witness and make objections in connection with each such cross-noticed deposition. The parties taking such "cross noticed" depositions shall use their best efforts to conduct the deposition in a manner which will make it admissible in any state proceedings which are coordinated pursuant to the terms of this Order.

16.     When a notice of deposition is issued in MDL 1203, defendants and plaintiff in State Court litigation shall not file or serve notices to take that deposition for use in any state court litigation or otherwise "cross-notice" depositions of the witness in any state-court proceeding except as provided in the preceding paragraph.

17.     Nothing in this Order abrogates the entitlement of the PMC and those attorneys performing common benefit work at their request to seek compensation through any means, including but not limited to an attorney's charging lien, for the benefits of their services to attorneys and parties in State Court litigation which is not coordinated pursuant to the terms of this Order, including the benefits conferred by their preparation for and conduct of depositions of generally applicable fact witness and "generic" expert witnesses retained by them. *See, e.g., In re Air Crash Disaster in Florida Everglades*, 549 F.2d 1006 (5th Cir. 1977); *Sprague v. Ticonic National Bank*, 307 U.S. 161, 166-167 (1939)

18.     Copies of any record of any deposition taken in MDL 1203 pursuant to the terms of this Order shall not be provided to any person except up a request to purchase a copy of the transcript or other record of the deposition directed to the court reporter who stenographically recorded the proceedings at the deposition or the operator who made any video or audio recording of the proceedings at the deposition and payment of such person's proper fees. *See*

7

*Fed. R. Civ. P.* 30(f)(2) and 28 *U.S.C.* § 753. Notice of each such request shall be provided to all liaison counsel herein contemporaneously with the making of each such request.

19. Nothing contained in this Order will limit the obligation previously undertaken by the PMC to provide copies of documents produced in MDL 1203 which do not reflect the PMC's work product to counsel in state-court actions to the extent that all defendants consent to such disclosure and the requesting party pays the actual costs of producing copies of the documents, and, if necessary, execute an appropriate confidentiality agreement.

20. The Court is not making a determination by this Order that the Common Benefit Attorneys shall receive any specific sum as payment of counsel fees and reimbursement of litigation expenses. Rather, this Order is merely intended to develop a mechanism for the creation of a fund from which the amount of fees and costs to which the Common Benefit Attorneys are ultimately entitled may be awarded and paid with reliability.

21. At such time as the MDL 1203 Fee and Cost Account contains balances that are not necessary to be retained for the payment of fees and costs, the Court will, subject to applicable provisions of law and following a hearing, make refunds on an equitable basis, or if such balances are of small amounts, enter such orders concerning the disposition of such funds as are appropriate under the law.

BY THE COURT:

Louis C. Bechtle
**Chief Judge Emeritus**

8

EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

| | | |
|---|---|---|
| In re: | ) | Master File No. CV 92-P-10000-S |
| | ) | |
| SILICONE GEL BREAST IMPLANTS | ) | This Document Relates To: |
| PRODUCTS LIABILITY LITIGATION | ) | All Cases |
| (MDL-926) | ) | |

ORDER NO. 13
(Establishing Plaintiffs' Litigation Expense Fund
to Compensate and Reimburse Attorneys
for Services Performed and Expenses
Incurred for Common Benefit)

This order is entered in order to provide for the fair and equitable sharing among plaintiffs of the cost of special services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs.

1.     Plaintiffs' Litigation Expense Fund to be Established.  Plaintiffs' National Liaison Counsel -- Francis H. Hare, Jr., and J. Michael Rediker -- are directed to establish an interest-bearing account to receive and disburse funds as provided in this order. They may designate an escrow agent for this purpose. These funds will be held as funds subject to the direction of the court. No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person under this order. These funds will not constitute the separate property of any party or attorney or -- except when and as directed to be disbursed as provided in this order to a specific person -- be subject to garnishment or attachment for the debts of any party or attorney. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this order.

2.     Assessment.

(a)    All plaintiffs and their attorneys who, after this date, either agree -- for a monetary consideration -- to settle, compromise, dismiss, or reduce the amount of a claim or, with or without a trial, recover a judgment for monetary damages or other monetary relief, including both compensatory and punitive damages, with respect to a breast implant claim are hereby assessed:

(1)    5% of the "gross monetary recovery," if the agreement is made or the judgment is entered after this date and before November 1, 1993, or

(2)    6% of the "gross monetary recovery," if the agreement is made or the judgment is entered after October 31, 1993.

Defendants are directed to withhold this assessment from amounts paid to plaintiffs and their counsel, and to pay the assessment into the fund as a credit against the settlement or judgment.  If for any reason the assessment is not so withheld, the plaintiff and her counsel are jointly responsible for paying the assessment into the fund promptly upon receipt.

(b)    In measuring the "gross monetary recovery":

(1)    Exclude any amounts taxed, or potentially subject to be taxed, as court costs that are to be paid by the defendant.

(2)    Exclude any payments to be made by the defendant directly to unrelated third-parties, such as to physicians, hospitals, and other health-care providers.

(3)    Exclude the value of any services or products that are to be provided by the defendant without charge, or at reduced charges, such those relating to removal or replacement of implants.

(4)    Include the present value of any fixed and certain payments to be made in the future (except that, in lieu thereof, a plaintiff may agree to pay into the fund the appropriate percentage when and as future payments are received).

(c)    This obligation:

(1)    Applies to all cases now pending, or later filed in, transferred to, or removed to, this court and treated as part of the coordinated proceeding known as the Silicone Gel Breast Implants Products Liability Litigation, including cases later remanded to a state court as a result of permitting the amendment adding a non-diverse party (but not including, however, those cases remanded to a state court on the basis that removal was improper).

(2)    Applies to other federal breast-implant cases which are not transferred to this court under MDL-926 but in which plaintiff's counsel

agrees to this obligation. (It is expected that, in due course, after coordinated MDL pretrial proceedings have been completed in this court and cases are being remanded back to transferor courts for further proceedings, counsel in newly filed and removed cases may agree to the terms of certain orders in this court in lieu of transfer under § 1407.)

(3)    Applies to cases in a state court to the extent so ordered by the presiding judge of that court.


(d)    If the plaintiff's attorney has a contingent fee agreement with the client, the amount to be paid to the fund shall be charged against, and paid from, the attorney's share of the recovery, except that, if the agreement contains special provisions regarding reimbursement for litigation expenses, one-half of that amount -- unless a different portion is stated in the court's approval of disbursement -- may be treated in like manner as for other litigation expenses.

(e)    Plaintiffs and defendants, and their counsel, are jointly responsible for promptly reporting to Plaintiffs' National Liaison Counsel -- or to the escrow agent designated by them -- the terms of any settlement or judgment subject to this order. This report is to enable monitoring of compliance with this order. If so provided in a settlement agreement, the terms shall -- unless and until so ordered by this court -- be kept confidential and not be communicated by them to other litigants and their attorneys.

(f)    Relief from obligation. The court reserves the right to relieve, wholly or partly, a plaintiff from the obligations of this order upon a showing of exceptional circumstances.

3.    <u>Disbursements.</u>

(a)    Payments may be made from the fund to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client or clients. Attorneys eligible are not limited to Plaintiffs' National Liaison Counsel and members of Plaintiffs' National Steering Committee, but include, for example, other attorneys called upon by them to assist in performing their responsibilities, State Liaison Counsel, and other attorneys performing similar responsibilities in state court actions in which the presiding state-court judge has imposed similar obligations upon plaintiffs to contribute to the fund.

(b)    Payments will be allowed only to compensate for special services performed, and to reimburse for special expenses incurred, for the joint and common benefit of all plaintiffs.

(1)    Payment may, for example, be made for services and expenses related to the obtaining, reviewing, indexing, and paying for hard-copies or computerized images of documents from the defendants; to conducting "national" or "state" depositions; and to activities connected with the coordination of federal and state litigation, such as assessments to pay for the services of the special master appointed by the court for that purpose. The fund will not, however, be used to pay for services and expenses primarily related to a particular case, such as the deposition of a treating physician, even if such activity results in some incidental and consequential benefit to other plaintiffs.

(2)    Payments will not exceed the fair value of the services performed or the reasonable amount of the expenses incurred, and, depending upon the amount of the fund, may be limited to a part of the value of such services and expenses.  No "bonus" is to be paid merely because the service or expense is undertaken for the common benefit of other litigants.

(c)    No amounts will be disbursed without review and approval by a committee of federal and state judicial officers to be designated by the court.  The committee may, however, utilize the services of a special master to assist in this review, and may authorize one or more of its members to act for the committee in approving particular types of applications for disbursement.

(d)    If the fund exceeds the amount needed to make payments as provided in this order, the court will order an refund to those who have contributed to the fund.  Any such refund will be made in proportion to the amount of the contributions.

4.    <u>Modification.</u>  The court reserves the power to modify the terms of this order, but no changes imposing any additional burden or obligation on plaintiffs in actions in a state court that has imposed this obligation on such parties will be made without the approval of the presiding state court judge.

This the 23rd day of July, 1993.

      <u>/s/ Sam C. Pointer, Jr.</u>
**United States District Judge**

EXHIBIT E

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 3 0 2005

JAMES W McCORMACK CLERK
By: _____
DEP. CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507 WRW |
| | : | |
| PREMPRO PRODUCTS | : | ALL CASES |
| LIABILITY LITIGATION | : | |

## PRACTICE AND PROCEDURE ORDER NO. 6
## ESTABLISHMENT OF PLAINTIFFS' PERSONAL INJURY LITIGATION
## EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR
## SERVICES PERFORMED AND EXPENSES
## INCURRED FOR COMMON BENEFIT

1.    The Court finds that this litigation has advanced to the point that it is appropriate to establish a system for the sequestration of a certain percentage of payments that may be made by defendant(s) to hormone therapy personal injury plaintiff(s) in settlement of claims or satisfaction of judgments (all such payments hereinafter referred to as "claim payments"). The funds so sequestered are to be available to provide for reimbursement of costs and payment of attorneys' fees to Common Benefit Attorneys, subject to a proper showing in the future. "Common Benefit Attorneys" means the Plaintiffs' Steering Committee ("PSC") personal injury counsel and other MDL attorneys who have been authorized by Zoe Littlepage or by other PSC personal injury counsel designated pursuant to the Court's Orders appointing members to Steering Committee to perform work for the common benefit of personal injury plaintiffs in MDL 1507 and of plaintiffs represented by any state-court personal injury counsel that agrees to associate hereunder (hereinafter the "Common Benefit Attorneys").

2.    a.    Before making any claim payment to a personal injury plaintiff whose claim has been resolved in federal court, defendants shall deduct from the payment an amount equal to five percent (5%) of the gross amount and shall pay such sum as hereinafter provided

5 7 0

for deposit into the MDL 1507 Fee and Cost Trust Account (this Account and its procedures will be established in a future order of this Court).

       b.     In measuring the gross amount, the defendant shall include the present value of any fixed and certain payments to be made in the future; in the event that a defendant makes payment to an insurance annuity company, the present value shall be the amount of the payment to the insurance annuity company.

       c.     In measuring the gross amount, the defendant shall exclude (1) court costs that are to be paid by the defendant; and (2) any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, and other health-care providers in subrogation related to treatment of plaintiff.

3.    a.     "Associated State Court Personal Injury Counsel" are those who have executed an Agreement substantially in the form attached to this Order as "Exhibit 1."

       b.     On the first working day of each month, the PSC personal injury counsel shall provide to Defendant's liaison counsel an updated list of the name of any state court attorney who has associated with MDL PSC personal injury counsel. In addition, the PSC personal injury counsel shall make their best efforts to provide the names of the plaintiffs that each associated state court attorney represents; however, the Defendant's withholding of the assessment is tied to the identity of the state court attorney, not the identity of the Plaintiff.

       c.    (i)    Before making any claim payment to a personal injury plaintiff represented by Associated State Court Personal Injury Counsel whose name appears on the most recent updated list as provided in Paragraph 3(b), defendants shall deduct an amount equal to three percent (3%) of the gross amount and shall pay such sum as hereinafter provided for

deposit into the MDL 1507 Fee and Cost Trust Account (this Account and its procedures will be established in a future order of this Court).

(ii)     In measuring the gross amount, the defendant shall include the present value of any fixed and certain payments to be made in the future; in the event that a defendant makes payment to an insurance annuity company, the present value shall be the amount of the payment to the insurance annuity company.

(iii).     In measuring the gross amount, the defendant shall exclude (1) court costs that are to be paid by the defendant; and (2) any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, and other health-care providers in subrogation related to treatment of plaintiff.

d.     Defendants shall have primary responsibility for withholding three percent (3%) of the claim payments and tendering such sums to the MDL 1507 Fee and Cost Account. If, however, a defendant fails to do so, in addition to the Court's power generally, including the exercise of its powers to compel payment by defendant in compliance with this Order, the Court, under appropriate circumstances, can be expected to seek such payment from the plaintiff and/or his or her counsel under terms that are just and equitable.

e.     Any plaintiff or plaintiff's counsel whose case or claim has been subjected to the withholding of the 3% amount and who disputes the application of this Order to that claim payment is instructed to make a motion, pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, seeking relief from the application of this Order to his or her claim payment that sets forth with particularity the grounds for such relief.  Any such motion shall be made within 30 days of receipt by such plaintiff or plaintiff's counsel of the claim payment.  Any such motion shall be filed "Under Seal" in such a way that protects the confidentiality of the

settling parties and, unless directed otherwise by the Court, shall not reveal the dollar value of the claim payment or the amount in dispute.

4.    Payment by defendant to the MDL 1507 Fee and Cost Account of the assessment amount shall fully discharge the defendant's obligation under this Order.

5.    The requirements of paragraph 2 shall apply regardless of whether a plaintiff's case is disposed of during the time it is on the docket of the transferee court, or following remand or transfer from the transferee court to another federal district court for trial, or transfer to other district courts in accordance with 28 U.S.C. § 1404 or other provisions of law. The requirements shall follow the case to its final disposition in any United States court, including a court having jurisdiction in bankruptcy.

6.    As a condition of appointment made by this Court of any counsel to the Plaintiffs' Steering Committee or any sub-committee thereof, such counsel are deemed to have agreed to the terms of paragraph 2 for all said counsel obtaining any personal injury recovery in any federal or state forum, however, recoveries in a federal forum shall be subject to a five percent (5%) assessment and recoveries in a state forum (or unfiled claims that result in a recovery) shall be subject to a three percent (3%) assessment.

7.    a.    Any hormone therapy plaintiff counsel may obtain the PSC Personal Injury Counsel's Common Benefit Resource Materials by executing an Agreement substantially in the form attached to this Order as "Exhibit 1" (which Agreement defines "the PSC Personal Injury Counsel's Common Benefit Resource Materials") and becoming an Associated State Court Personal Injury Counsel. No state court litigant will be subject to a tax, fee, assessment or other charge imposed by this Court except upon execution of an express written agreement with the PSC to share the PSC's Common Benefit Resource Materials as provided in this Order.

b.      Subject to Section 7(e) herein, this Order will not restrict a defendant's ability to provide, produce, or make available for inspection any deposition transcript and accompanying exhibits.

c.      Subject to Section 7(e) herein, this Order will not restrict a defendant's ability (1) to cross-notice depositions in state court proceedings or other proceedings outside these MDL proceedings, or (2) to use such cross-noticed depositions for any purpose in non-MDL proceedings. Accordingly, no tax, fee assessment or other charge will be imposed on any state court litigant by virtue of attending and participating in depositions conducted pursuant to any PPO or other order in these MDL proceedings, and/or by virtue of use by any party in a state court case of transcripts, videotapes and/or exhibits from such depositions.

d.      Subject to Section 7(e) herein, this Order will not restrict a defendant's ability (1) to assemble collections or depositories of its own documents and other materials related to hormone therapy, or (2) to include such collections or depositories (or subsets of such collections or depositories as independently determined by the defendant or by non-MDL parties or witnesses) in its responses to discovery requests from other parties in non-MDL proceedings.

e.      In the event that any party in a non-MDL proceeding serves a document demand for "all documents selected for production and/or copying by the PSC in MDL 1507" (or a substantially similar demand), defendants shall notify the PSC of that document demand promptly upon receipt and prior to producing responsive materials.

f.      Nothing in this order limits the applicability of the Confidentiality Order [Docket No. 27].

8.      The set-aside payments as provided in Paragraphs 2 and 3 of this Order shall be deposited into the MDL 1507 Fee and Cost Trust Account.  All funds in the account will be held

as funds subject to the direction of the Court. Payment to the trustee shall fully discharge any obligation a defendant may have under this Order. If payments are made to any plaintiff or claimant before this Court establishes the MDL 1507 Fee and Cost Trust Account, a defendant may deposit the set-aside payment as provided in Paragraphs 2 and 3 of this Order into a separate interest-bearing trust account and transfer amounts to the MDL 1507 Fee and Cost Trust Account after that Account is fully operational. For purposes of this Order, a defendant "tenders payment" to a plaintiff or claimant at the time funds are tendered to an individual plaintiff or claimant, and not at the time that funds may be tendered to or deposited in an intermediate escrow account.

9.    a.    The Court or its designated trustee shall maintain detailed records which identify all claim payments made to personal injury plaintiffs, the personal injury plaintiffs' and plaintiffs' counsel's names, current address and telephone numbers, civil action numbers or other identifying number, amount of deposit, date of deposit, and other information that may be required by the circumstances. All such records shall be maintained as highly confidential material and the only persons with access to such records shall be the Court and its designated trustee. The purpose of maintaining confidentiality is to protect the defendants' legitimate concerns regarding disclosure of the amounts that any defendant deposits into the escrow fund, inasmuch as knowledge of such amounts would allow calculation of settlements paid by the defendant, which settlements may be confidential.

b.    The trustee shall report to the Court from time to time the sums that are deposited in the account together with the information supplied to the trustee by the paying defendant at the time of the deposit that will be sufficient for the trustee to determine if the amount deposited is the amount required to be paid under the terms of this Order. The trustee

6

shall confer with the defendants and the court to determine the appropriate form that should be completed and accompany any payment to be made to the trustee to allow the trustee to verify the accuracy of any payment made.  The fees and costs of the trustee shall be paid from the Trust Account upon the approval of this Court.

10.     Each Defendant who is obligated to deduct a 3% or 5% assessment shall report to the Court or its designated trustee the information described in Paragraph 9.  This report is intended to assist the Court and its designated trustee in monitoring compliance with this Order.

11.     Upon a proper showing, the Common Benefit Attorneys will be entitled to receive an award of counsel fees and reimbursement of out-of-pocket litigation expenses to be paid from the MDL 1507 Fee and Cost Trust Account in such amounts as are determined by the Court, after a hearing, based on the appropriate and controlling law.  In making such an award, the Court will first determine the amount of costs for which reimbursement is appropriate. The amount remaining in the MDL 1507 Fee and Cost Trust Account after deducting the amount of costs awarded by the Court will be available for any award of counsel fees.  In making an award of counsel fees to the Common Benefit Attorneys and in apportioning any fee award among those attorneys, appropriate consideration will be given to the experience, talent, and contribution made by each Common Benefit Attorney who seeks to recover counsel fees from the MDL 1507 Fee and Cost Trust Account, provided, however, that the Court will only consider compensation for those services which were authorized by Zoe Littlepage or designated PSC personal injury counsel.

12.     Any sum ordered to be paid by the Court pursuant to this Order as an award of counsel fees shall be deducted from the gross recovery.  Any sum ordered to be paid by the Court pursuant to this Order as reimbursement for out-of-pocket costs shall be prorated among

the plaintiffs whose claim payments were deposited, in part, in the MDL 1507 Fee and Cost Trust Account.

13.    Nothing in this Order will limit the amount of attorneys' fees and costs, in the form of a percentage award or otherwise, which may be awarded by the Court in the event of recovery in any personal injury action certified as a class action under Fed. R. Civ. P. 23.

14.    The Court is not making the determination by this Order that the Common Benefit Attorneys shall receive any specific sum or percentage as payment of counsel fees and reimbursement of litigation expenses. Such a determination is specifically reserved for an appropriate time following petitions related to such an award. Rather, this Order is intended to develop a mechanism for the creation of a fund from which the amount of fees and costs to which the Common Benefit Attorneys ultimately may be determined to be entitled may be awarded and paid with reliability.

15.    At such time as the MDL 1507 Fee and Cost Trust Account contains balances that are not necessary to be retained for the payment of fees and costs, the Court will, upon applicable provisions of law, following a hearing, make refunds on an equitable basis, or if such balances are of small amounts, enter such orders concerning the disposition of such funds as are appropriate under the law.

SO ORDERED this 30th day of March , 2005.

UNITED STATES DISTRICT JUDGE
WM. R. WILSON, JR.

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 3/30/05 BY _____

8

Presented by:

Gary Eubanks & Associates
P.O. Box 3887
Little Rock, Arkansas 72203-3887
(501) 372-0266

By: _____
William Gary Holt            81090
Russell D. Marlin           2000
*Plaintiffs' Liaison Counsel*

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| | : | **MDL DOCKET NO. 4:03-CV-1507-WRW** |
| **IN RE:** | : | |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | **ALL CASES** |

**AGREEMENT**

This Agreement is made this _____ day of _____, _____, by and between

the Plaintiffs' Steering Committee ("PSC"), personal injury counsel appointed by the United

States District Court for the Eastern District of Arkansas in MDL Docket No. 1507, and the

following Associated State-Court Personal Injury Counsel, _____.

The undersigned Associated State-Court Personal Injury Counsel, on behalf of

themselves and the clients they represent, expressly consent to submit to the jurisdiction of the

United States District Court in MDL 1507 for purposes of enforcing this Agreement and for

resolving any disputes that may arise under this Agreement.

WHEREAS the United States District Court for the Eastern District of Arkansas has

appointed Counsel to served as members of the PSC to facilitate the conduct of pretrial

proceedings in the federal personal injury action relating to the ingestion of HORMONE

THERAPY; and

WHEREAS the PSC personal injury counsel in association with other attorneys working

for the common benefit of personal injury plaintiffs have developed or are in the process of

developing litigation resource and reference materials which will be valuable to the litigation of

state court proceeding involving HORMONE THERAPY induced injuries, including:

11

(a) collections compiled by the PSC of CD-ROMs and a virtual depository containing images of the key documents selected by the personal injury counsel from the document productions of the defendants and third-parties in MDL 1507;

(b) a bibliographic database providing a "coded" index of such key documents;

(c) collections compiled by the PSC of the depositions of each generally applicable fact witness taken in MDL 1507 and in any coordinated state-court actions in the form of transcripts, text searchable computer disks and CD-ROMs;

(d) creation of time-lines, casts of characters, and other summaries and analyses relating to the facts at issue in MDL 1507;

(e) collections compiled by the PSC of expert reports on generally applicable liability and generally applicable causation issues, as well as transcripts of such experts' testimony;

(f) collections compiled by the PSC of cross examination of defendants' experts on generally applicable liability and generally applicable causation issues; and

(g) preparation and collections compiled by the PSC of *Daubert* briefing and argument on generally applicable liability and generally applicable causation expert opinions.

which will collectively be referred to as the "PSC Personal Injury Common Benefit Resource Materials"; and

WHEREAS the undersigned Associated State-Court Personal Injury Counsel are desirous of acquiring the PSC Personal Injury Common Benefit Resource Materials and establishing an amicable working relationship with the PSC Personal Injury Counsel for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1.    With respect to each personal injury client who they represent in connection with a hormone therapy related claim, other than clients with claims filed or pending in any federal court, each of the undersigned Associated State-Court Personal Injury Counsel shall deposit or

cause to be deposited in an MDL 1507 Fee and Cost Account established by the District Court in the MDL three percent (3%) of the gross amount recovered by each such client. For purposes of this Agreement, the gross amount of recovery shall include the present value of any fixed and certain payments to be made in the future.

2.    The undersigned Associated State-Court Personal Injury Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC personal injury counsel a lien upon and/or a security interest in any recovery by any client who they represent in connection with any hormone induced injury, to the full extent permitted by law, in order to secure payment in accordance with the provisions of paragraph 1 of this Agreement. The undersigned Associated State-Court Personal Injury Counsel will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

3.    This Agreement shall apply to each and every claim or action arising from the ingestion of hormone therapy in which the undersigned Associated State-Court Personal Injury Counsel have a right to a fee recovery, whether it is filed in state court or is an unfiled case that results in a recovery, and whether or not the undersigned Associated State-Court Personal Injury Counsel's name is on the state court papers or settlement agreement.

4.    The undersigned Associated State-Court Personal Injury Counsel, shall notify Plaintiff's Liaison Counsel in writing the fact (but not the amount) of any recovery obtained or to be obtained based on a claim for which such counsel has a right to fee recovery (including an unfiled case) within ten (10) days of the date a settlement is made or a judgment is reached.

13

By _____

    Zoe Littlepage, Esq.
    Littlepage Booth
    **Plaintiffs' Lead Counsel**


By _____


**Associated State-Court Personal Injury Counsel**

F I L E     C O P Y

bm

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

March 30, 2005

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:  4:03-cv-01507.

True and correct copies of the attached were mailed by the clerk to the
following:

      William Gary Holt, Esq.
      Gary Eubanks & Associates
      Post Office Box 3887
      Little Rock, AR   72203-3887

      Russell D. Marlin, Esq.
      Gary Eubanks & Associates
      Post Office Box 3887
      Little Rock, AR   72203-3887

      Lyn Peeples Pruitt, Esq.
      Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.
      425 West Capitol Avenue
      Suite 1800
      Little Rock, AR   72201-3525

      press

James W. McCormack, Clerk

Date:  3/31/05                    BY:

EXHIBIT F



**Finkelstein & PARTNERS**
*Counselors At Law*

A Limited Liability Partnership

Howard S. Finkelstein, P.C.
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy
Kenneth L. Oliver, P.C.
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark
Ronald Rosenkranz
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni
Steven H. Cohen
Francis Navarra

Andrew J. Genna (NY & PA)
Thomas C. Yatto
Elyssa M. Fried-DeRosa
Mary Ellen Wright
Kenneth B. Fromson (NY & NJ)
Joel Bossom
Nancy Y. Morgan (NY & PA)
Andrew L. Spitz
James W. Shuttleworth, III
Lawrence D. Lissauer

David E. Gross (NY & NJ)
Bonna L. Horovitz (NY, NJ & MA)
Terry D. Horner

Robert F. Moson
Debra J. Reisenman
Michael T. McGarry
Steven P. Shultz (NY & MA)
Julio E. Urrutia
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer
Thomas J. Pronti
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Arieh Mezoff
Christopher T. Milliman

Silvia Fermanian
Karen M. Queenan (NY & CT)
Marie M. DuSault
Andrew I. Falk

*Of Counsel*
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C.
Joel A. Reback (NY & Israel)
Sheila Rosenrauch
Kenneth G. Bartlett (CT)
Ari Kresch (NY & MI)

(800) 634-1212

REFER TO OUR FILE #

March 2, 2005

MAR 0 7 2005

Greene & Hoffman
125 Summer St., Suite 1410
Boston, Massachusetts 02110

Attn: Thomas Greene, Esq.

RE: Neurontin Marketing and Sales Practices Litigation, MDL No. 1629

Dear Tom:

Kindly accept this as a confirmation of our conversation yesterday with Don Barrett, wherein the MDL agreed not to seek "a tax" or assessment on any personal injury cases my office is handling. Likewise, my office will not seek to collect any monies for my firms lawyers time related to common benefit work which we perform.

If this accurately reflects our agreement, kindly countersign below and return one copy in the enclosed envelope.

Thank you for addressing this matter in such an expeditious and professional manner. I do look forward to working closely with you on this important case.

Very truly yours,

Andrew G. Finkelstein

AGF/mr

Thomas M. Greene    3/22/05

Thomas M. Greene
Chairman, Steering Committee
Neurontin Marketing and Sales Practices Litigation, MDL No. 1629

NEWBURGH • ALBANY • SYRACUSE • POUGHKEEPSIE • UTICA • TROY • BINGHAMTON • MIDDLETOWN • NYACK
NEWARK • NEW WINDSOR • GOSHEN • NEW HAVEN • CINCINNATI

*Accredited CLE Provider*     www.lawampm.com     www.stocklitigationlaw.com

*send ALL correspondence to our operations center:* 436 Robinson Avenue, Newburgh, NY 12550 • (800)634-1212 • Fax (845)562-3492