EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:  )<br>)<br>ALL ACTIONS                      )<br>                                          ) | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

**[PROPOSED]**
**CASE MANAGEMENT ORDER FOR ESTABLISHMENT OF**
**PLAINTIFFS' PERSONAL INJURY LITIGATION EXPENSE FUND**
**TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES**
**PERFORMED AND EXPENSES INCURRED FOR COMMON BENEFIT**

1. The Court finds that this litigation has advanced to the point that it is appropriate to establish a system for the sequestration of a certain percentage of payments that may be made by defendants to Neurontin Products Liability Plaintiffs in settlement of claims or satisfaction of judgments (all such payments hereinafter referred to as "claim payments"). The funds so sequestered are to be available to provide for reimbursement of costs and payment of attorneys' fees to Common Benefit Attorneys, subject to a proper showing in the future. "Common Benefit Attorneys" means the members of the Products Liability Plaintiffs' Steering Committee ("PLPSC"), Products Liability Plaintiffs' Liaison Counsel and other MDL attorneys who have been authorized by Andrew G. Finkelstein or by other PLPSC personal injury counsel designated pursuant to the Court's Orders appointing members to the Steering Committee to perform work for the common benefit of personal injury plaintiffs in MDL 1629 and plaintiffs represented by any state-court personal injury counsel that agree to associate hereunder (hereinafter the "Common Benefit Attorneys").

2. a. Before making any claim payment to a personal injury plaintiff whose claim has been resolved in federal court, defendants shall deduct from the payment an amount equal to eight percent (8%) of the gross amount and shall pay such sum as hereinafter provided for deposit into the MDL 1629 Fee and Cost Trust Account (this Account and its procedures will be established in a future order of this Court).

b. In measuring the gross amount, defendants shall include the present value of any fixed and certain payments to be made in the future; in the event that defendants make payment to an insurance annuity company, the present value shall be the amount of the payment to the insurance annuity company.

c. In measuring the gross amount, defendants shall exclude (1) court costs that are to be paid by defendants; and (2) any payments to be made by defendants on an intervention asserted by third-parties, such as to physicians, hospitals, and other health-care providers in subrogation related to treatment of plaintiff.

3. a. "Associated State Court Personal Injury Counsel" are those who have executed an Agreement substantially in the form attached to this Order as "Exhibit 1."

b. On the first working day of each month, the PLPSC personal injury counsel shall provide to defendants' liaison counsel an updated list of the name of any state court attorney who has associated with MDL PLPSC personal injury counsel.

c. (i) Before making any claim payment to a personal injury plaintiff represented by Associated State Court Personal Injury Counsel whose name appears on the most recent updated list as provided in Paragraph 3(b), defendants shall deduct an amount equal to six percent (6%) of the gross amount and shall pay such sum as hereinafter provided for deposit into

the MDL 1629 Fee and Cost Trust Account (this Account and its procedures will be established in a future order of this Court).

    (ii) In measuring the gross amount, defendants shall include the present value of any fixed and certain payments to be made in the future; in the event that defendants make payment to an insurance annuity company, the present value shall be the amount of the payment to the insurance annuity company.

    (iii). In measuring the gross amount, defendants shall exclude (1) court costs that are to be paid by defendants; and (2) any payments to be made by defendants on an intervention asserted by third-parties, such as to physicians, hospitals, and other health-care providers in subrogation related to treatment of plaintiff.

   d. Defendants shall have primary responsibility for withholding six percent (6%) of the claim payments and tendering such sums to the MDL 1629 Fee and Cost Account. If, however, defendants fail to do so, in addition to the Court's power generally, including the exercise of its powers to compel payment by a defendant in compliance with this Order, the Court, under appropriate circumstances, can be expected to seek such payment from the plaintiff and/or his or her counsel under terms that are just and equitable.

   e. Any plaintiff or plaintiff's counsel whose case or claim has been subjected to the withholding of the 6% amount and who disputes the application of this Order to that claim payment is instructed to make a motion, pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, seeking relief from the application of this Order to his or her claim payment and setting forth with particularity the grounds for such relief. Any such motion shall be made within 30 days of receipt by such plaintiff or plaintiff's counsel of the claim payment. Any such motion shall be filed "Under Seal" in such a way that protects the confidentiality of the

settling parties and, unless directed otherwise by the Court, shall not reveal the dollar value of the claim payment or the amount in dispute.

      4.      Payment by a defendant to the MDL 1629 Fee and Cost Account of the assessment amount shall fully discharge the defendant's obligation under this Order.

      5.      The requirements of Paragraph 2 shall apply regardless of whether a plaintiff's case is disposed of during the time it is on the docket of the transferee court, or following remand or transfer from the transferee court to another federal district court for trial or to state court, or transfer to other district courts in accordance with 28 U.S.C. § 1404 or other provisions of law. The requirements shall follow the case to its final disposition in any United States court, including a court having jurisdiction in bankruptcy.

      6.      As a condition of appointment made by this Court of any counsel to Plaintiffs' Steering Committee or any sub-committee thereof, such counsel are deemed to have agreed to the terms of Paragraph 2 for all said counsel obtaining any personal injury recovery in any federal or state forum; however, recoveries in a federal forum shall be subject to a eight percent (8%) assessment and recoveries in a state forum (or unfiled claims that result in a recovery) shall be subject to a six percent (6%) assessment.

      7.      a.      Any Neurontin personal injury plaintiff's counsel may obtain the PLPSC Personal Injury Counsel's Common Benefit Resource Materials by executing an Agreement substantially in the form attached to this Order as "Exhibit 1" (which Agreement defines "the PLPSC Personal Injury Counsel's Common Benefit Resource Materials") and becoming an Associated State Court Personal Injury Counsel. No state court litigant will be subject to a tax, fee, assessment or other charge imposed by this Court except upon execution of an express

written agreement with the PLPSC to share the PLPSC's Common Benefit Resource Materials as provided in this Order.

   b. Subject to Paragraph 7(e) herein, nothing in this Order will restrict a defendant's ability to provide, produce, or make available for inspection any deposition transcript and accompanying exhibits.

   c. Subject to Paragraph 7(e) herein, nothing in this Order will restrict a defendant's ability (1) to cross-notice depositions in state court proceedings or other proceedings outside these MDL proceedings, or (2) to use such cross-noticed depositions for any purpose in non-MDL proceedings.  Accordingly, no tax, fee assessment or other charge will be imposed on any state court litigant by virtue of attending and participating in depositions conducted pursuant to any Case Management Order or other order in these MDL proceedings, and/or by virtue of use by any party in a state court case of transcripts, videotapes and/or exhibits from such depositions.

   d. Subject to Paragraph 7(e) herein, nothing in this Order will restrict a defendant's ability (1) to assemble collections or depositories of its own documents and other materials related to Neurontin, or (2) to include such collections or depositories (or subsets of such collections or depositories as independently determined by the defendant or by non-MDL parties or witnesses) in its responses to discovery requests from other parties in non-MDL proceedings.

   e. In the event that any party in a non-MDL proceeding serves a document demand for "all documents selected for production and/or copying by the PLPSC in MDL 1629" (or a substantially similar demand), or "transcripts and exhibits from all depositions taken by the PLPSC in MDL 1629 or by Associated State Court Personal Injury Counsel" (or a substantially similar demand) defendants shall notify in writing PLPSC member Andrew G. Finkelstein, of

that demand within three days of receipt, and prior to producing responsive materials. Nothing herein waives the right of PLPSC personal injury counsel to seek an assessment from the party demanding and receiving (or otherwise obtaining) the above described materials in recognition of the benefit conferred on the party by the Common Benefit Attorneys' preparation and conduct of fact and expert depositions. Under these circumstances, Paragraph 7(e) of this Order allows a court to find an exception to Paragraph 7(a-d).

8. The set-aside payments as provided in Paragraphs 2 and 3 of this Order shall be deposited into the MDL 1629 Fee and Cost Trust Account. All funds in the account will be held as funds subject to the direction of the Court. Payment to the trustee shall fully discharge any obligation a defendant may have under this Order. If payments are made to any plaintiff or claimant before this Court establishes the MDL 1629 Fee and Cost Trust Account, a defendant may deposit the set-aside payment as provided in Paragraphs 2 and 3 of this Order into a separate interest-bearing trust account and transfer amounts to the MDL 1629 Fee and Cost Trust Account after that Account is fully operational. For purposes of this Order, a defendant "tenders payment" to a plaintiff or claimant at the time funds are tendered to an individual plaintiff or claimant, and not at the time that funds may be tendered to or deposited in an intermediate escrow account.

9. a. The Court or its designated trustee shall maintain detailed records which identify all claim payments made to personal injury plaintiffs, the personal injury plaintiffs' counsel's names, current address and telephone numbers, civil action numbers or other identifying number, amount of deposit, date of deposit, and other information that may be required by the circumstances. All such records shall be maintained as highly confidential material and the only persons with access to such records shall be the Court and its designated

trustee. The purpose of maintaining confidentiality is to protect defendants' legitimate concerns regarding disclosure of the amounts that any defendant deposits into the escrow fund, inasmuch as knowledge of such amounts would allow calculation of settlements paid by the defendant, which settlements may be confidential.

        b.      The trustee shall report to the Court from time to time the sums that are deposited in the account together with the information supplied to the trustee by the paying defendant at the time of the deposit that will be sufficient for the trustee to determine if the amount deposited is the amount required to be paid under the terms of this Order. The trustee shall confer with the defendants and the Court to determine the appropriate form that should be completed and accompany any payment to be made to the trustee to allow the trustee to verify the accuracy of any payment made. The fees and costs of the trustee shall be paid from the Trust Account upon the approval of this Court.

10.    Each defendant who is obligated to deduct an 8% or 6% assessment shall report to the Court or its designated trustee the information described in paragraph 9. This report is intended to assist the Court and its designated trustee in monitoring compliance with this Order.

11.    Upon a proper showing, the Common Benefit Attorneys will be entitled to receive an award of counsel fees and reimbursement of out-of-pocket litigation expenses to be paid from the MDL 1629 Fee and Cost Trust Account in such amounts as are determined by the Court, after a hearing, based on the appropriate and controlling law. In making such an award, the Court will first determine the amount of costs for which reimbursement is appropriate. The amount remaining in the MDL 1629 Fee and Cost Trust Account after deducting the amount of costs awarded by the Court will be available for any award of counsel fees. In making an award of counsel fees to the Common Benefit Attorneys and in apportioning any fee award among

those attorneys, appropriate consideration will be given to the experience, talent, and contribution made by each Common Benefit Attorney who seeks to recover counsel fees from the MDL 1629 Fee and Cost Trust Account, provided, however, that the Court will only consider compensation for those services which were authorized by Andrew G. Finkelstein or designated PLPSC personal injury counsel.

12. Any sum ordered to be paid by the Court pursuant to this Order as an award of counsel fees shall be allocated one half from the attorney fee portion of the gross recovery and one half from the client's portion of the gross recovery. Any sum ordered to be paid by the Court pursuant to this Order as reimbursement for out-of-pocket costs shall be prorated among the plaintiffs whose claim payments were deposited, in part, in the MDL 1629 Fee and Cost Trust Account.

13. Nothing in this Order will limit the amount of attorneys' fees and costs, in the form of a percentage award or otherwise, which may be awarded by the Court in the event of recovery in any personal injury action certified as a class action under Fed. R. Civ. P. 23.

14. By this Order, the Court is not making a determination that the Common Benefit Attorneys shall receive any specific sum or percentage as payment of counsel fees and reimbursement of litigation expenses. Such a determination is specifically reserved for an appropriate time following petitions related to such an award. Rather, this Order is intended to develop a mechanism for the creation of a fund from which the amount of fees and costs to which the Common Benefit Attorneys ultimately may be determined to be entitled may be awarded and paid with reliability.

15. At such time as the MDL 1629 Fee and Cost Trust Account contains balances that are not necessary to be retained for the payment of fees and costs, the Court will, upon applicable

8

provisions of law, following a hearing, make refunds on an equitable basis, or if such balances are of small amounts, enter such orders concerning the disposition of such funds as are appropriate under the law.

      SO ORDERED this _____ day of _____, 2008.

                                              _____
                                              PATTI B. SARIS
                                              United States District Judge

Presented by:

*Members of Products Liability*
*Plaintiffs' Steering Committee*


By:     **/s/ Andrew G. Finkelstein**
        Andrew G. Finkelstein, Esquire
        Finkelstein & Partners, LLP
        436 Robinson Avenue
        Newburgh, NY  12550


By:     **/s/ Jack W. London**
        Jack W. London, Esquire
        Law Offices of Jack W. London
          & Associates
        106 E. 6th Street, Suite 700
        Austin, TX  78701

EXHIBIT 1

Case 1:04-cv-10981-PBS    Document 1131-2    Filed 02/14/2008    Page 12 of 16

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ ) | MDL Docket No. 1629 | |
| IN RE NEURONTIN MARKETING, ) SALES PRACTICES AND PRODUCTS ) LIABILITY LITIGATION ) _____) ) | Master File No. 04-10981 | |
| THIS DOCUMENT RELATES TO: ) ) ALL ACTIONS ) _____) | Judge Patti B. Saris Magistrate Judge Leo T. Sorokin | |

### **AGREEMENT**

This Agreement is made this _____ day of _____, 2008, by and between the Products Liability Plaintiffs' Steering Committee ("PLPSC") Personal Injury Counsel appointed by the United States District Court for the District of Massachusetts in MDL Docket No. 1629 and the following Associated State Court Personal Injury Counsel,

_____.

The undersigned Associated State Court Personal Injury Counsel, on behalf of themselves and the clients they represent, expressly consent to submit to the jurisdiction of the United States District Court in MDL 1629 for purposes of enforcing this Agreement and for resolving any disputes that may arise under this Agreement.

WHEREAS the United States District Court for the District of Massachusetts has appointed Counsel to serve as members of the PLPSC to facilitate the conduct of pretrial proceedings in the federal personal injury actions relating to the ingestion of Neurontin; and

WHEREAS the PLPSC personal injury counsel in association with other attorneys working for the common benefit of personal injury plaintiffs have developed or are in the

process of developing litigation resource and reference materials which will be valuable in the litigation of state court proceedings involving Neurontin induced injuries, including:

    (a)    collections compiled by the PLPSC of CD-ROMs and a virtual depository containing images of the key documents selected by the personal injury counsel from the document productions of the defendants and third-parties in MDL 1629;

    (b)    a bibliographic database providing a "coded" index of such key documents;

    (c)    collections compiled by the PLPSC of the depositions of each generally applicable fact witness taken in MDL 1629 and in any coordinated state court actions in the form of transcripts, text searchable computer disks and CD-ROMs;

    (d)    creation of time-lines, casts of characters, and other summaries and analyses relating to the facts at issue in MDL 1629;

    (e)    collections compiled by the PLPSC of expert reports on generally applicable liability and generally applicable causation issues, as well as transcripts of such experts' testimony;

    (f)    collections compiled by the PLPSC of cross examination of defendants' experts on generally applicable liability and generally applicable causation issues; and

    (g)    preparation and collections compiled by the PLPSC of *Daubert* briefing and argument on generally applicable liability and generally applicable causation expert opinions;

which will collectively be referred to as the "PLPSC Personal Injury Common Benefit Resource Materials"; and

WHEREAS the undersigned Associated State Court Personal Injury Counsel are desirous of acquiring the PLPSC Personal Injury Common Benefit Resource Materials and establishing an amicable working relationship with the PLPSC Personal Injury Counsel for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1.  With respect to each personal injury client who they represent in connection with a Neurontin related claim, other than clients with claims filed or pending in any federal court, each of the undersigned Associated State Court Personal Injury Counsel shall deposit or cause to be deposited in an MDL 1629 Fee and Cost Account established by the District Court in the MDL six percent (6%) of the gross amount recovered by each such client. For purposes of this Agreement, the gross amount of recovery shall include the present value of any fixed and certain payments to be made in the future.

2.  The undersigned Associated State Court Personal Injury Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PLPSC Personal Injury Counsel a lien upon and/or a security interest in any recovery by any client who they represent in connection with any Neurontin induced injury, to the full extent permitted by law, in order to secure payment in accordance with the provisions of Paragraph 1 of this Agreement. The undersigned Associated State Court Personal Injury Counsel will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

3.  This Agreement shall apply to each and every claim or action arising from the ingestion of Neurontin in which the undersigned Associated State Court Personal Injury Counsel have a right to a fee recovery, whether it is filed in state court or is an unfiled case that results in a recovery, and whether or not the undersigned Associated State Court Personal Injury Counsel's name is on the state court papers or settlement agreement.

4.  The undersigned Associated State Court Personal Injury Counsel shall notify Product Liability Plaintiffs' Steering Committee member Andrew G. Finkelstein in writing of any recovery obtained or to be obtained based on a claim for which such counsel has a right to

fee recovery (including an unfiled case) within ten (10) days of the date a settlement is made or a judgment is reached.

     5.    The undersigned Associated State Court Personal Injury Counsel, on behalf of themselves and the clients they represent, expressly consent to submit to the jurisdiction of the United States District Court in MDL 1629 for purposes of enforcing this Agreement and for resolving any disputes that may arise under this Agreement.

By:_____
      Andrew G. Finkelstein

      **Products Liability Plaintiffs'**
      **Steering Committee Member Counsel**

By:_____

      **Associated State Court Personal Injury Counsel**