# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————— )    MDL Docket No. 1629
                                               )
IN RE NEURONTIN MARKETING,                     )
SALES PRACTICES AND PRODUCTS                   )    Master File No. 04-10981
LIABILITY LITIGATION                           )
———————————————————————— )
                                               )
THIS DOCUMENT RELATES TO:                      )    Judge Patti B. Saris
                                               )
ALL ACTIONS                                    )    Magistrate Judge Leo T. Sorokin
———————————————————————— )

**[PROPOSED]**
**CASE MANAGEMENT ORDER TO ESTABLISH**
**GUIDELINES FOR MDL 1629 PLAINTIFFS' PERSONAL**
**INJURY COUNSEL FOR TIME AND EXPENSE REPORTING**
**OF COMMON BENEFIT FEES AND RELATED COSTS**

The Court recognizes that common benefit time and expense items reported must be reasonable and necessary for the collective prosecution of *In re Neurontin Marketing, Sales Practices and Products Liability Litigation* personal injury cases and for plaintiffs as a whole, and not for individual clients. The Guidelines for Common Benefit Time and Expense Reporting set forth herein will be complied with by the Products Liability Plaintiffs' Steering Committee ("PLPSC") personal injury attorneys, all plaintiffs' personal injury counsel in MDL 1629 and all associated state court personal injury counsel.[1] Reporting for time and expenses will be on a monthly basis by the PLPSC personal injury counsel, plaintiffs' personal injury counsel in MDL 1629, and state court associated personal injury counsel. The first time and

---

[1] An "associating" or "associated" state court personal injury counsel is one who has executed a form consenting to the protocol for common benefit fees and related costs, together with the proposed assessment of 6% on each individual case filed in state court.

expense report[2] is due on May 15, 2008, and will be cumulative for the hours expended and

expenses incurred during this litigation up to and including April 30, 2008.  Thereafter, monthly

time and expense reports will be due on the fifteenth day of each month until the close of the

litigation.

**REPORTING GUIDELINES**

**A.     TIME**

Common benefit time will be reported consistent with the forms attached hereto in

Exhibits 1 and 2, and will be reported to PLPSC member Andrew G. Finkelstein, on a monthly

basis beginning on May 15, 2008.  Only time spent and incurred on matters common to all

claimants or for a substantial identifiable group of personal injury plaintiffs in cases consolidated

in these MDL proceedings and assigned by PLPSC member Andrew G. Finkelstein or

designated PLPSC personal injury counsel will be considered for reimbursement or an award of

fees.  **No time spent on developing or processing a case for an individual client will be**

**considered and may not he submitted.**  Any time submitted in violation of this provision will

be disallowed.  All time records shall be submitted together with summaries.  The summaries

shall contain a compilation of the total hours incurred by timekeepers in each firm working on

MDL or associated state court matters only.  Each timekeeper's time shall be compiled by total

hours and tasks for the period.  Each summary shall be set forth in the form submitted on a

monthly basis.

---

[2] Reports are to be submitted to a Products Liability Plaintiffs' Steering Committee designee, as described in the Reporting Guidelines below.

B.    **EXPENSES**

Common benefit expenses will be reported consistent with the guidelines set forth below and submitted on the forms attached hereto in Exhibits 3 and 4. Common benefit expenses will be reported to PLPSC personal injury counsel Andrew G. Finkelstein on a monthly basis beginning on May 15, 2008.

1.    **Receipts:**

Each expense claimed must be properly documented by a receipt or some other form of proof of payment acceptable for presentation and approval by the Court. Copies of receipts need to be submitted on a monthly basis, but originals must be available for production upon request. Cash advances will not be considered for reimbursement without evidence of payments made with the case.

2.    **Miscellaneous Cash Expenses:**

Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.), will be allowed up to a maximum of $50.00 per trip, providing those expenses are properly itemized.

3.    **Airfare:**

First class airfare may be fully reimbursed, subject to PLPSC approval. If approval is not authorized and first class travel is selected, the difference between coach rate and first class rate must be shown on the expense claim, and only the coach airfare shall be claimed.

**4.**     **Hotels:**

Hotel accommodations will be reimbursed at rates up to $200 per night or the average of the Hyatt, Hilton, and Marriott hotels in that city.  Charge for movies, laundry, toiletries, etc. will not be reimbursed.

**5.**     **Meals:**

A copy of the restaurant receipt must be submitted.

**6.**     **Rental Automobiles:**

Luxury automobile rentals will not be fully reimbursed, unless satisfactory evidence is submitted that only luxury automobiles were available.  If luxury automobiles are selected where ordinary vehicles are available, the difference between the luxury and ordinary vehicle rates must be indicated on the expense claim and only the ordinary vehicle rate will be claimed.

**7.**     **Mileage:**

Mileage claims must be documented by stating origination point; destination, total actual miles for each trip; and the rate-per mile paid by the individual PLPSC member's firm.  The maximum allowable rate will be the current allowable rate set by I.R.S. (currently 0.505 per mile)

**8.**     **Long Distance and Cellular Telephone:**

Long distance and cellular telephone expenses must be documented.  Copies of telephone bills must be submitted with notation as to which charges are related to MDL No. 1629.  Only actual charges are reimbursable.

9.    **Federal Express, Local Courier Service or Other Courier:**

All claimed expenses must be documented with bills showing the sender, origin of the package, recipient and destination of the package.

10.    **Postage Charges**:

A contemporaneous postage log or other supporting documentation must be maintained and submitted.  Postage charges are to be reported at actual cost.

11.    **Telefax Charges:**

Contemporaneous records should be maintained and submitted showing faxes sent and received.  The per-fax charge shall not exceed $1.00 per page.

12.    **In-House Photocopy:**

A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is $0.254 per page.

13.    **Secretarial and Clerical Overtime:**

Contemporaneous records should be maintained and submitted showing hours worked and specific common benefit project supported.

14.    **Lexis/Westlaw:**

Claims for expenses relating to computerized legal research, i.e., LEXIS or WESTLAW, should be in the exact amount charged to the PLPSC member's firm for these research services.

15.    **Deposition Costs, Expert Witness Fees, and Exhibit Costs:**

Fees and costs associated with pretrial discovery that are authorized by PLPSC member Andrew G. Finkelstein or designated PLPSC personal injury counsel will generally be paid directly by the PLPSC.

16. **Equipment Purchases:**

Purchases of equipment are not to be claimed, absent special circumstances approved by PLPSC member Andrew G. Finkelstein or designated PLPSC personal injury counsel. Laptop computers purchased for and utilized by the individual attorneys and their staff, even if used primarily for this case, are not reimbursable.

17. **Monetary Sanctions:**

No monetary sanction levied by the Court on any PLPSC member shall be reported as an expense.

C. **EXCEPTIONS:**

The only exceptions to these guidelines shall be as specifically approved by PLPSC member Andrew G. Finkelstein

D. **APPLICABILITY OF PROCEDURES:**

The procedures set forth herein will apply to PLPSC personal injury counsel and those to whom PLPSC member Andrew G. Finkelstein or a PLPSC designated personal injury counsel have assigned a specific case related task.

E. **VERIFICATION OF STATEMENTS:**

Each attorney submitting a time and expense statement shall be considered as representing to the Court, under oath, that the time and expense submitted meets the criteria set forth herein.

**F.    EXPLANATION OF COMMON SHARED COSTS VS. HELD COSTS**

**1.    Common Shared Costs:**

Costs of substantial nature under the below categories shall be considered "Common Shared Costs" (subject to reimbursement from the general litigation fund):

a.    Court, filing, and service costs

b.    Deposition and court reporter costs

c.    Document Depository: Creation and Administration - Equipment for Liaison Counsel and PLPSC Administrative Matters (including but not limited to Verilaw service, web site, etc.)

d.    Equipment and leases for group common expenses (e.g., computer equipment)

e.    Expert witness and consultant fees

f    Extraordinary postage (mass mailing)

g.    Printing, copying, coding, scanning (out of house or extraordinary and related solely to common issues)

h.    PLPSC group meetings and expenses as approved by PLPSC

i.    Research by outside third party

j.    Telephone conference calls (third party)

k.    Common Witness expenses including travel

l.    Translation Cost

2.    **Held Costs:**

Costs not considered "Common Shared Costs" shall be "Held Costs"

(reimbursements will be held until the case is resolved either through settlement

or trial):

a)    Fax charges

b)    Meals & Entertainment

c)    Office administration

d)    Postage, Shipping, Courier, Certified Mail

e)    Printing & Photocopying (in-house)

f)    Computerized research – Lexis/Westlaw

g)    Secretarial and staff overtime

h)    Supplies

i)    Telephone - local and long distance

j)    Temporary Personnel

k)    Travel - non-common witness, attorney for deposition, court, or legislative

including:

i.    Airfare (Coach rate)

ii.    Reasonable ground transportation

iii.    Hotel up to $200/night or the average of Hyatt, Hilton, and Marriott

hotel rates in that city

iv.    Reasonable meals

v.    Reasonable other (e.g., parking)

vi.    Assessments

1)   Bank charges interest

m)   Car rental, cabs, etc.

m)   Investigative Services

**G.     SUBMISSION OF SHARED AND HELD EXPENSES:**

The attached expense report shall be completed and submitted with copies of receipts and

logs.  (See Exhibits C and D).

**H.     COMMON BENEFIT FEE COMMITTEE**

The following Plaintiffs' Product Liability Steering Committee members are hereby

appointed to serve as the Common Benefit Fee Committee ("CBFC"):  Andrew G. Finkelstein

and Jack London.

For purposes of this Case Management Order, the term "Common Benefit Work and

Costs" shall mean activities and their related costs that substantially benefited and advanced the

plaintiffs' generic claims in this personal injury litigation toward a favorable resolution for all or

for a substantial, identifiable group of personal injury plaintiffs in cases consolidated in these

MDL proceedings, including activities and related costs in connection with the settlement of all

pending personal injury claims as against one or more defendants.[3]

The Common Benefit Fee Committee shall be responsible for collecting all billings for

Common Benefit Work and Costs submitted in this litigation pursuant to this PPO.  The CBFC

shall thereafter conduct an audit of all such submittals to determine if each complies with the

standards set forth in this PPO and Subparagraphs l and 6 herein.  Decisions by the CBFC shall

---

[3] It is anticipated that certain work product prepared by counsel in associated Neurontin state court litigations will be used *for* the common benefit of personal injury cases consolidated in this MDL proceeding, and likewise, it is anticipated that certain work product prepared by counsel in this MDL proceeding will be used *for* the common benefit of personal injury cases in associated Neurontin state court litigations.  The CBFC shall determine compensable Common Benefit Work and Costs in these situations.

9

be determined by majority vote as necessary. The results of each audit will be provided to each firm or attorney submitting the billings audited, and each such firm or lawyer shall be given a reasonable opportunity to discuss the audit findings with the CBFC prior to the submission of an application for Common Benefit Fees pursuant to Paragraph 6 herein.

The CBFC shall determine the following:

1.  Hourly rates that shall be applied to the time submissions of all billings submitted for common benefit fees in this litigation. Because this litigation is national in scope and is not concentrated in only a few transferor federal courts, uniform hourly rates shall be established by the CBFC for various levels of experience, success and professional standing of lawyers involved in this litigation; and a proposed schedule by which audits of all common benefit fee and cost submissions filed on or before August 15, 2008, shall be completed, which schedule shall be distributed to all MDL plaintiffs' counsel on or before August 15, 2008.

2.  All audits conducted pursuant to the above shall apply the following standards in connection with billings for common benefit work and related costs:[4]

    a.  Billings for Common Benefit Fees and Related Costs shall be considered compensable, subject to compliance with the remaining standards set forth in this CMO. Billings for fees or costs that do not meet this definition shall not be recognized as compensable time or costs in any audit by the CBFC.

---

[4] As described in footnote 3 above, and discussed in H.2.a-h herein, billings from associated state court Neurontin litigation counsel for common benefit fees and related costs may be presumptively compensable, as determined by the CBFC. Accordingly, as discussed in H.2.a-h herein, "associated state court Neurontin litigation" may, in the discretion of the CBFC, be substituted for "MDL".

10

     i.    For example, time spent on individual cases (e.g., discovery, gathering medical records, client communications, settlement efforts) will not be recognized as compensable.  However, time spent in developing evidence or a theory of recovery that promotes the common interests of a substantial number of MDL claimants will be considered compensable common benefit time.

b.    Billings for time spent conducting discovery in this MDL authorized by the Plaintiffs' Discovery Committee shall be presumptively compensable, subject to application of the remaining considerations set forth herein.

c.    Billings for time spent pursuing the following activities shall be presumptively compensable, subject to compliance with the remaining standards set forth in this CMO:

     i.    Research, drafting, revision, negotiation and argument of MDL pleadings, motions, CMOs, and other MDL court filings on behalf of the PLPSC;

    ii.    Lead and Liaison Counsel activities;

    iii.    Review, analysis, prioritization and organization of MDL Defendants' Document Production and Depository Management;

    iv.    Research, drafting, revision of written generic MDL fact discovery requests, and review and analysis of responses thereto;

    v.    Preparation for and conduct of MDL Fact Depositions;

    vi.    Preparation for and attendance at Plaintiffs' MDL Committee meetings/conferences;

vii.    Preparation of MDL Trial Package and Materials Included therein;

viii.    Preparation for and presentations at the MDL Informational Hearings;

ix.    Work in connection with MDL Generic Experts,[5] including

    1.    Expert Retention

    2.    Preparation of Rule 26 Reports of MDL Generic Experts

    3.    Preservation Depositions of MDL Generic Experts

    MDL Daubert Motion Research and Briefing

    4.    Preparation for and conduct of presentations at the MDL Daubert Hearings;

x.    Preparation for and presentations at MDL, Trial Seminars; and

xi.    Review, analysis, negotiation and documentation of any settlement of all claims pending in this MDL against one or more defendants.

d.    Billings for time spent on common benefit work that is determined to be either (i) excessive considering the difficulty and complexity of the work performed or (ii) demonstrably inadequate in quality given the same considerations shall be reduced to an amount which appropriately reflects the time which, in the good faith belief of the CBFC, should have been reasonably and appropriately spent to perform the quality of work achieved.

---

[5] As described in footnotes 3 and 4 above, the CBFC shall also determine compensable common benefit time and expenses in associated state court Neurontin litigation, and development of, and work in connection with, experts in such state court proceedings (e.g., preparation of narrative reports, state court discovery depositions and/or trial preservation depositions, *Daubert*, *Frye*, *Havner* or other applicable scientific evidentiary standard research, briefing and hearings) may be presumptively compensable.

e.  Billings for time spent observing others perform common benefit work, such as time spent in attending depositions or court proceedings, where the billing counsel has not been assigned any specific responsibility or role at such proceedings by the PLPSC or Plaintiffs' Discovery Committee, will not be considered to confer a common benefit, and therefore will not be considered compensable.

f.  Billings for time spent prior to August 1, 2003, shall be presumptively non-compensable subject to a clear showing that the work product generated by the time spent was thereafter utilized for the common benefit of MDL plaintiffs, as described above.

g.  Billings for time spent reviewing MDL related e-mail and MDL filings shall be compensable only if related to common benefit work for which the billed individual is substantially responsible or involved, and in any event will be closely examined to ensure that the time claimed is reasonable and appropriate given the nature of the work described.

h,  Billings for time spent which fails to describe the work performed with sufficient levels of detail or clarity to permit the CBFC to determine whether it is common benefit time will not be considered compensable time.

All plaintiffs' firms or attorneys claiming compensation from the Common Benefit Fund for fees or costs, or for any award of fees and/or costs that meets the definition of Common Benefit Fees and Related Costs contained herein, shall submit an application for same to the Court on a schedule and in a manner to be specified in a future order of the Court.

13

However, no such application shall be considered by the Court unless and until the applicant certifies that an audit has been conducted by the CBFC and that the applicant has reviewed the audit results with the CBFC.  At a time and manner to be specified in said future order, the CBFC shall submit its recommendations regarding both the nature and extent of common benefit fees and costs to be awarded in this MDL and its recommendations regarding each fee application filed and the reasons for that determination.  Lastly, that future order will specify a procedure under which hearings, if any, regarding disputed time or costs shall be permitted, scheduled and conducted.

IT IS ORDERED, that all attorneys must fully comply with the provisions set forth above in order to be compensated for any and all time and expense submissions.  The forms which are attached hereto as Exhibits 1, 2, 3 and 4 must be used when submitting time and expenses.  Non-compliance with this Order will result in a denial of reimbursement.


SO ORDERED this _____ day of _____, 2008.



_____
PATTI B. SARIS
United States District Judge

Presented by:

**_Members of Products Liability_**
**_Plaintiffs' Steering Committee_**


By:      /s/ **Andrew G. Finkelstein**
         Andrew G. Finkelstein, Esquire
         Finkelstein & Partners, LLP
         436 Robinson Avenue
         Newburgh, NY  12550


By:      /s/ **Jack W. London**
         Jack W. London, Esquire
         Law Offices of Jack W. London
            & Associates
         106 E. 6th Street, Suite 700
         Austin, TX  78701

15

EXHIBIT 1

**SUMMARY TIME REPORT for In Re: Neurontin MDL 1629 Litigation**

FIRM NAME:_____    FOR TIME PERIOD: _____

Date submitted: _____

Time Code:  1. Investigation & Research        4. Court Appearance        7. Trial Preparation & Trial    10. Administrative
2. Discovery                          5. Litigation Strategy & Analysis    8. Appeals                  11. Travel
3. Pleadings/ Briefs/ Pre-Trial Motions    6. Class Certification         9. Settlement

| ATTORNEY NAME | STATUS | HOURS BY TIME CODE (In tenth-hour increments) | | | | | | | | | | | CURRENT HOURS | HRLY RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| **ATTORNEY TOTALS** | | | | | | | | | | | | | | | |
| **LAW CLERKS & PARALEGALS** | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| **LC and PL TOTALS** | | | | | | | | | | | | | | | |
| **MONTHLY TOTALS** | | | | | | | | | | | | | | | |

STATUS:  Indicate whether individual is a Partner (P), Associate (A), Law Clerk (LC), or Paralegal (PL)

EXHIBIT 2

**CUMMULATIVE SUMMARY TIME REPORT for In Re: Neurontin MDL 1629 Litigation**

FIRM NAME: _____    Date Submitted:_____

FOR TIME PERIOD: _____    through    _____

| ATTORNEY NAME | STATUS | CURRENT HOURS | CUMMULATIVE HOURS |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| ATTORNEY TOTALS |  |  |  |
| LAW CLERKS & PARALEGALS |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| LC and PL TOTALS |  |  |  |
| MONTHLY TOTALS |  |  |  |

STATUS:  Indicate whether individual is a Partner (P), Associate (A), Law Clerk (LC), or Paralegal (PL)

EXHIBIT 3

**In Re:  Neurontin MDL 1629 Litigation**

Explanation of SHARED and HELD expenses:

**Common Shared Expenses:**

Costs of Substantial nature under the below categories shall be considered Common Shared Expenses and reimbursable.

1. Court, filing & service costs for general liability or causation issues
2. Deposition costs including court reporter, videographer and cost of conference room rental
3. Document depository creation and administration including all costs for copying, scanning, electronic imaging & database creation
4. Document access – all costs for Verilaw service, website administration, etc.
5. Equipment & leases for group projects including computer equipment for depository
6. Expert witness & consultant fees
7. Extraordinary postage such as mass mailings
8. Printing, copying, coding, scanning of documents or motions from outside vendor or with prior approval of MDL
9. MDL group meetings & expenses with prior approval of MDL
10. Research by outside vendor or third party with prior approval of MDL
11. Telephone conference calls (third party)
12. Common witness expenses including travel expenses
13. Translation expenses

**Common Held Expenses:**

Costs not considered common shared expenses shall be held expenses and include:

1. Fax charges
2. Meals & Entertainment
3. Office administration
4. Postage, shipping, courier, certified mail
5. Printing & photocopying (in-house)
6. Computerized research such as Lexis / Westlaw
7. Secretarial & staff overtime
8. Supplies
9. Telephone (local, long distance & conference call)
10. Temporary staffing
11. Travel (non-common witness, deposition, court & hearing appearances)
    a. Airfare at coach rate
    b. Ground transportation (rental cars, taxis)
    c. Hotel (up to $200 / night or reasonable cost of Hilton, Hyatt, Marriott in destination city)
    d. Meals
    e. Other (parking)
12. Assessments
13. Investigative services

**HELD EXPENSES:**
In Re:  Neurontin MDL 1629 Litigation

Firm Name:  _____

Time Period:  _____

| Description | $$ Amount |
|---|---|
| Assessments | |
| Computerized Research | |
| Fax Charges | |
| Investigative Services | |
| Meals | |
| Photocopying & printing charges (in-house) | |
| Postage / Shipping / Courier / Certified Mail | |
| Supplies | |
| Telephone charges (long distance, conference calls) | |
| Travel -- | |
|    Airfare (coach rate) | |
|    Ground Transportation (rental cars, taxis) | |
|    Hotel (up to $200 per night) | |
|    Meals | |
|    Other expenses (parking, etc.) | |
| Other | |
| | |
| | |
| **TOTAL** | |

Please attach supporting documentation for all expenses reported.

I believe that these expenses are properly documented, complete and accurate and were incurred for the common benefit of the Neurontin MDL 1629 litigation.

_____    _____

Signature                                                    Date

EXHIBIT 4

**SHARED EXPENSES:**
In Re:  Neurontin MDL 1629 Litigation

Firm Name:  _____

Time Period:  _____

| Description | $$ Amount |
|---|---|
| Court, Filing & Service Costs | |
| Deposition costs (court reporter, videographer, conference rooms etc) | |
| Document Depository (creation & administration) | |
| Document Access | |
| Equipment & leases for group projects | |
| Expert witness & consultation fees | |
| Postage (mass mailings / extraordinary costs) | |
| Printing, copying, coding, scanning (outside vendor or prior approval of MDL) | |
| MDL group meetings and / or approved expenses | |
| Research (outside vendor / third party with prior approval of MDL) | |
| Telephone conference calls (third party) | |
| Common Witness expenses including travel expenses | |
| Translation expenses | |
| Other Expenses | |
| | |
| | |
| | |
| **TOTAL** | |

Please attach supporting documentation for all expenses reported.

I believe that these expenses are properly documented, complete and accurate and were incurred for the common benefit of the Neurontin MDL 1629 litigation.

_____          _____
Signature                                                          Date