UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------- x
:
In re:  NEURONTIN MARKETING, SALES PRACTICES, :
AND PRODUCTS LIABILITY LITIGATION :
:
: MDL Docket No. 1629
---------------------------------------------- x
:
THIS DOCUMENT RELATES TO: : Master File No. 04-10981
:
: Judge Patti B. Saris
---------------------------------------------- x
:
HARDEN MANUFACTURING CORPORATION; : Magistrate Judge Leo T.
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, : Sorokin
dba BLUECROSS/BLUESHIELD OF LOUISIANA; :
INTERNATIONAL UNION OF OPERATING ENGINEERS, :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY. :
:
:
---------------------------------------------- x

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO TAKE THREE DEPOSITIONS AFTER THE
<u>FEBRUARY 14, 2008 CLOSE OF CLASS DISCOVERY</u>**

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Defendants Pfizer Inc.
and Warner-Lambert Company*

Defendants Pfizer Inc. and Warner-Lambert Company submit this memorandum in support of their motion seeking leave to take the depositions of three of the treating physicians of the new putative consumer class representatives after the February 14, 2008 close of class discovery.[1]  Defendants seek leave to take the depositions of Dr. Beverley Grimm, Dr. Nagoveni Ragothaman, and Dr. Clifford Jack Fraim.  <u>Defendants do not seek to amend the schedule with respect to class certification briefing, or to alter any other deadlines in the case.</u>  Defendants have consulted with plaintiffs' counsel regarding this request.  Plaintiffs' counsel indicated that he did not oppose the application but was not yet able to obtain all necessary authorizations that would allow him to assent.  Defendants have good cause for taking each of the three sought-after depositions after the deadline, as set forth below.

## ARGUMENT

Plaintiffs have proposed four new putative consumer representatives in connection with their renewed motion for class certification, which was filed on December 19, 2007.

Defendants seek leave to take the deposition of Dr. Beverley Grimm, one of two psychiatrists who treated proposed representative Gary Varnam with Neurontin in the period from 2001 through 2004.  Defendants have deposed one of Mr. Varnam's two treating psychiatrists and throughout discovery, defendants diligently have sought to locate Dr. Grimm in order to schedule her deposition as well.[2]  However, neither defendants, plaintiffs, nor Dr. Grimm's former employer apparently possessed a valid address or phone number for Dr. Grimm.  Only after several weeks of investigation – including correspondence with plaintiffs and the

---

[1] Judge Saris set the February 14, 2008 cut-off on January 11, 2008 in an Order granting defendants' assented to motion for two-week extension of deadlines relating to plaintiffs' new motion for class certification (Dkt # 1054).

[2] If the Court wishes, defendants can submit an affirmation detailing the diligence of their discovery efforts both generally and with respect to efforts to locate Dr. Grimm.

service of a Federal Rule of Civil Procedure 45 subpoena on Dr. Grimm's former employer – were defendants able to determine that Dr. Grimm had moved to Darwin, Northern Territory, Australia. Only today were defendants actually able to speak with Dr. Grimm. She has consented to being deposed. Because of the late date on which defendants were able to locate Dr. Grimm, they seek leave to take her deposition after February 14, 2008.

Defendants also seek leave to take the deposition of Dr. Nagoveni Ragothaman, a psychiatrist who treated proposed representative Jan Frank Wityk. Although Dr. Ragothaman was the first physician to prescribe Neurontin to Ms. Wityk, Ms. Wityk did not include Dr. Ragothaman among the physicians that she identified in interrogatory responses that she served on or about January 25, 2008. Nor did Ms. Wityk's initial production of medical records make clear that Dr. Ragothaman in fact had prescribed Neurontin to Ms. Wityk. It was only on February 1, 2008, when defendants obtained a more complete set of medical records from Ms. Wityk's health care provider using a HIPAA authorization she had provided, that defendants determined that Dr. Ragothaman had prescribed Neurontin to Ms. Wityk. Furthermore, it was only after a series of depositions taken on February 5 (Ms. Wityk) and February 6, 2008 (Dr. Jerrold Gray, another prescribing psychiatrist) that it became clear that Dr. Ragothaman's testimony may be relevant to Ms. Wityk's claims. Because of the late date on which defendants learned about Dr. Ragothaman's relevance to this action, they seek leave to take her deposition after February 14, 2008.

Defendants also seek leave to take the deposition of Dr. Clifford Jack Fraim, a neurologist who treated proposed representative Jeanne Ramsey. Ms. Ramsey did not include Dr. Fraim among the physicians that she identified in interrogatory responses that she served on or about January 18, 2008. On February 1, 2008, defendants deposed the two physicians who

had prescribed Neurontin to Ms. Ramsey between 2000 and 2003. At her deposition on February 8, 2008, Ms. Ramsey asked to supplement her interrogatory responses by, *inter alia*, including Dr. Fraim. It also became clear at Ms. Ramsey's deposition that Dr. Fraim's testimony may be relevant to explaining Ms. Ramsey's decision to discontinue taking Neurontin in January 2004. Because of the late date on which defendants learned about Dr. Fraim's relevance to this action, they seek leave to take his deposition after February 14, 2008.

## **CONCLUSION**

For all the foregoing reasons, defendants respectfully request that the Court grant them leave to take the depositions of Dr. Beverley Grimm, Dr. Nagoveni Ragothaman, and Dr. Clifford Jack Fraim, after February 14, 2008.

Dated: February 14, 2008

                                              DAVIS POLK & WARDWELL

                                              By:   /s/ James P. Rouhandeh
                                                       James P. Rouhandeh
                                                       Matthew B. Rowland

                                              450 Lexington Avenue
                                              New York, New York 10017
                                              (212) 450-4000

                                                     - and -

HARE & CHAFFIN

By: /s/ David B. Chaffin
David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 14, 2008.

/s/ Matthew B. Rowland