UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 <br> Master File No. 04-10981 <br> Judge Patti B. Saris <br> Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO: <br> ALL PRODUCTS LIABILITY ACTIONS | |

**DEFENDANTS' OPPOSITION TO PRODUCT LIABILITY
PLAINTIFFS' MOTION TO ESTABLISH A PLAINTIFFS'
<u>PERSONAL INJURY LITIGATION EXPENSE FUND</u>**

Defendants Pfizer Inc. and Warner-Lambert Company ("defendants") submit this opposition to Products Liability Plaintiffs' Motion to Establish a Plaintiffs' Personal Injury Litigation Expense Fund ("Expense Fund Motion").

**INTRODUCTION**

The Expense Fund Motion is premature. The parties are not engaged in settlement discussions, and defendants are confident that plaintiffs cannot overcome the many obstacles that stand between plaintiffs and a judgment in favor of even one plaintiff. Further, to do the motion justice would require careful briefing and consideration of the numerous issues that motions like it raise. There is no time or any need for this now. The parties are in the midst of a period of intensive activity relating to *Daubert* and summary judgment motions, and they are completing the extensive discovery required by the schedule covering the Track One cases.

In sum, the Expense Fund Motion is falsely-premised, premature, needless, and disruptive. It should be denied without prejudice to renewal at the appropriate time (if any).

## DISCUSSION

Plaintiffs contend that this litigation is at a point where it is necessary for the Court to set up a system to capture a percentage of any future hypothetical payments made by defendants to settle claims or to satisfy hypothetical judgments. This contention is incorrect. The parties are not engaged in settlement discussions. Indeed, not one case has been settled. The only progress that has been made toward final resolution of the product liability actions is that many scores of them have been voluntarily dismissed as lacking even superficial merit. The individual cases that have not been dismissed have yet to survive, and are not expected to survive, defendants' forthcoming motions for summary judgment on general causation and pre-emption. In short, settlement is not on, or even close to, the horizon. Accordingly, there is no need to set up any fund.

The two complex case management orders sought by plaintiffs raise a host of issues that require careful analysis and consideration. For instance, plaintiffs are seeking higher percentage shares than have been allowed in all but one of the cases they cite and attach to their memorandum. See, e.g., In re PPA, MDL No. 1407, Amended CMO No. 8 (W.D. Wash. June 9, 2002) (4% for federal court recoveries; 3% for state court recoveries); In re Propulsid Prods. Liab. Litig., MDL No. 1355, PTO No. 16 (E.D. La. Dec. 26, 2001) (6% for federal court recoveries; 4% for state court recoveries); In re Diet Drugs, MDL no. 1203, PTO No. 467 (E.D. Pa. Feb. 10, 1999) (5-6% for federal court recoveries); In re Prempro Products Liab. Litig., MDL 1507, Order No. 6 (E.D. Ark.

March 30, 2005 (5% for federal court recoveries; 3% for state court recoveries). Plaintiffs cite no case supporting their claim that significantly higher percentages are warranted where there are "fewer participating counsel" or where "less cases" make up an MDL action.  See plaintiffs' memo at 4.  Another issue raised by plaintiffs' motion is whether it is appropriate to include state court litigants within the scope of the proposed orders.  See, e.g., In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig. - II, 953 F.2d 162, 165 (4th Cir. 1992) ("[a] serious question is raised about the power of a district court overseeing multi-district litigation to enter an order reaching non-parties and affecting state court proceedings").  The point is not that plaintiffs' positions on these issues are incorrect (though they may be).  The point is that the motion raises serious issues that should be addressed when necessary and when the Court and all other parties are in a position to give them the attention they deserve.

      Plaintiffs' timing could not be worse.  As the Court knows, the parties are heavily engaged in discovery and critical motion practice on multiple fronts.  This is not the time to focus on the issues plaintiffs' motion raises.  This is not the time to divert resources from the other critical matters on which the parties are working.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny the Expense Fund Motion without prejudice to its being renewed at an appropriate time.

Dated: February 19, 2008

Respectfully submitted,

DAVIS POLK & WARDWELL

By: /s/ James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
     Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel: (816) 474-6550

- and -

HARE & CHAFFIN

By: /s/ David B. Chaffin
     David B. Chaffin

(BB) # 549245)
160 Federal Street
Boston, MA 02110
Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

## **CERTIFICATE OF SERVICE**

I certify that this document has been served pursuant to Case Management Order No. 3.

/s/David B. Chaffin

4