# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*cc: counsel: Roth* (handwritten, left margin)

HONORABLE BARBARA J ROTHSTEIN

```
||||||| ||| | | ||||| |||| ||| | | || ||| |||| | | ||| |||| | || || ||||
| ||||||| ||||| ||||| ||||| ||||| | | ||| ||||| ||||| |||| ||| |||||
```
MD 01 01407  0000181

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

_____ FILED    _____ ENTERED
_____ LODGED    _____ RECEIVED

**MAY 0 2 2003**

AT SEATTLE
CLERK U S  DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE Phenylpropanolamine (PPA) Products )<br>    Liability Litigation           )<br>                                     )<br>-------------------------------------------------------- )<br>                                     )<br>This document relates to all actions    )<br>                                   ) | No  MDL 1407<br><br>[PROPOSED] CASE MANAGEMENT<br>ORDER REGARDING CONDUCTING<br>OF EXPERT WITNESS TRIAL<br>PRESERVATION DEPOSITIONS<br>**(CMO No. 14)** |

The following Order shall govern the conduct of trial preservation depositions of expert witnesses noticed pursuant to Section II F 2 of the Court's Case Management Order regarding Expert Witness Discovery filed December 23, 2003

    1      A party noticing an expert witness for preservation deposition ("noticing party") shall reserve two dates for completion of the preservation deposition, with seven hours reserved for examination on the first day and five hours reserved for examination on the second day  The dates reserved shall be stated in the Notice of Deposition, along with the expected length of the direct examination  To the extent practicable, counsel for noticing party shall consult with opposing counsel in an effort to schedule the deposition at times convenient to the witness and counsel for the parties  The Court shall resolve any deposition scheduling issues that Lead Counsel or their designees are unable to resolve

    2      The testimony elicited on direct examination of the expert witness shall be limited to the opinions and bases and reasons therefor contained in the expert's written report pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure  Any direct testimony

[PROPOSED] CASE MANAGEMENT ORDER
REGARDING EXPERT WITNESS DEPOSITIONS - 1
Case No  MDL 1407
019186 0028/1006680 1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA  98101
(206) 223-7000



1    regarding an opinion beyond the scope of the expert's report shall be subject to an appropriate

2    motion to strike, and any party against whom the expert's opinion is directed ("adverse party")

3    shall reserve the right to cross-examine the expert witness on such opinion after a ruling on

4    the motion to strike is obtained

5        3    Ten calendar days prior to the first day of the preservation deposition, the

6    noticing party shall disclose to all adverse parties all documents and trial exhibits to be used

7    during direct examination of the witness at deposition, including without limit any

8    demonstrative exhibit or any exhibit summarizing other evidence

9        4    Testimony elicited from the expert witness on cross-examination may be used

10   by any adverse party as if counsel for that adverse party had conducted the cross-examination,

11   and accordingly an adverse party may not duplicate the cross-examination previously

12   conducted by another adverse party

13       SO ORDERED this 30th day of April, 2003

15
16   Honorable Barbara Jacobs Rothstein
     United States District Court Judge

17   Presented by

18   LANE POWELL SPEARS LUBERSKY LLP

20   By
21   D  Joseph Hurson
     WSBA No  09296
22   *Liaison Counsel for MDL Defendants*

23   LEVINSON, FRIEDMAN, P S

25   By
26   Lance Palmer, Esq
     WSBA No  18141
     *Plaintiffs' Liaison Counsel*

[PROPOSED] CASE MANAGEMENT ORDER
REGARDING EXPERT WITNESS DEPOSITIONS - 2
Case No  MDL 1407
019186 0028/1006680 1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

EXHIBIT B

1
2
3
4                                        The Honorable Barbara J. Rothstein
5
6
7                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
8                                AT SEATTLE
9    IN RE: PHENYLPROPANOLAMINE
     (PPA) PRODUCTS LIABILITY
10   LITIGATION,                        MDL NO. 1407

11   _____  CASE MANAGEMENT ORDER
                                        NO. 18 REQUIREMENT OF
12                                      ALTERNATIVE DISPUTE
                                        RESOLUTION
13
     This document relates to all
14   actions.
15

16   I.   **REQUIREMENT OF ALTERNATIVE DISPUTE RESOLUTION**

17        Within 10 days following a determination by this Court or its

18   appointed Magistrate Judge that a case is "eligible for remand" as

19   that term is used in Case Management Order No. 17, the parties must

20   decide whether to mediate. If the parties do not agree to mediation

21   by the end of the ten (10) day period, the parties involved in that

22   case will be obligated to participate in a telephone "meet and

23   confer" with Special Master Francis McGovern.[1] Immediately follow-

24

25   _____

26        [1]The role of Special Master McGovern is hereby expanded to
     include the duties contemplated by this Case Management Order.

     ORDER
     Page - 1 -

ing the ten (10) day period, the parties shall inform the Court of their decision by way of a brief joint submission titled "Election Regarding Alternative Dispute Resolution."

**II.  MEDIATION**

Should the parties elect to mediate, the mediation shall be scheduled immediately upon selection of the case for remand. The mediation shall take place no later than fourteen (14) days following selection of the case for remand.

**III. SELECTION OF MEDIATORS**

Within ten (10) days of entry of this Order, the parties shall meet and confer in an attempt to agree upon a panel of regional mediators, which will include mediators from the following areas: California, Texas, Western Louisiana, Eastern Louisiana, the Northeast, the Southeast, and the remainder of the country.  The parties can agree to additional mediators if deemed necessary.  To the extent that the parties cannot agree on certain mediators, Plaintiffs' Steering Committee and Defendants' Steering Committee shall provide a list of nominees to Special Master Francis McGovern, who will assist the parties in reaching resolution. Each mediation session shall be conducted by one mutually agreed upon mediator selected from the panel of regional mediators.  The cost of the mediation will be split equally among the mediating plaintiff(s) and the mediating defendant(s) collectively.  The mediator selected shall be located within the same region as the

ORDER
Page – 2 –

transferor court, unless the parties mutually agree otherwise.

**IV.  "MEET AND CONFER"**

Should either of the parties decline to mediate the case, the parties must participate in a "meet and confer" with Special Master Francis McGovern. The parties shall contact the Special Master to arrange a telephonic conference immediately upon selection of the case for remand by the transferee court. The "meet and confer" shall take place no later than seven (7) days after the case is selected for remand.

Nothing in this order will prevent the parties from agreeing to mediate any additional cases or groups of cases.

DATED this 18th day of November, 2003.


                                /s/ Barbara Jacobs Rothstein
                                _____

                                HONORABLE BARBARA JACOBS ROTHSTEIN
                                UNITED STATES DISTRICT JUDGE

ORDER
Page - 3 -

EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

2/7/83

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSHUA DELANEY,

        Plaintiffs,

    - against -

PFIZER INC., PARKE-DAVIS, a division of
Warner-Lambert Company and Warner-Lambert
Company LLC, WARNER-LAMBERT
COMPANY and WARNER-LAMBERT
COMPANY LLC,,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case Management Index: 765 000/2006

Index No. 04/117852

Hon. Marcy S. Friedman

## PROPOSED CASE MANAGEMENT ORDER
## COORDINATION OF PRODUCTS LIABILITY CASES

WHEREAS, on March 27, 2006 the Coordinating Panel ordered the coordination of Neurontin-related personal injury actions, and entered the same on April 10, 2006;

WHEREAS, on March 27, 2006, the Coordinating Panel issued an order pursuant to Section 202.69 of the Uniform Rules for Trial Courts transferring 225 actions to New York County Supreme before Justice Marcy S. Friedman that involve allegations concerning personal injury and products liability;

WHEREAS, on subsequent dates an additional 56 actions involving personal injury and products liability allegations were transferred to this Court;

WHEREAS, in order to promote judicial economy and avoid undue delay, the Court finds that it would be appropriate to provide for coordination of all actions alleging claims of personal injury and products liability.  Accordingly,

IT IS HEREBY ORDERED THAT the following Case Management Order shall govern all actions in this proceeding relating to actions involving claims of personal injury or products liability:

## I.    PRETRIAL COORDINATION

### A.    Coordinated Cases

By order of the Coordinating Panel, Neurontin-related personal injury actions listed on Exhibit A are those cases that have been transferred to this Court for coordinated pretrial proceedings.[1]

### B.    Limits of Order

This Order does not constitute a determination that the actions coordinated for pretrial purposes should be consolidated for trial, nor does it have the effect of making any entity or person a party to any action in which he/she or it has not been named, served or added in accordance with the New York Civil Practice Laws and Rules (hereinafter "CPLR") or the rules of the Coordination Panel.  No party, by agreeing to this Order, waives any defense of insufficiency of service of process.

---

[1] This list is current as of August 31, 2006.

2

### C.    Applicability of Order

The terms of this Order shall apply automatically to all coordinated cases and to all other actions involving products liability or personal injury claims that become a part of this proceeding by virtue of being filed in or transferred to this Court

### D.    Objections to Order

Objections to the terms of this Order must be filed by parties or their counsel within fifteen (15) days of receipt of the Order.

### E.    Dissemination of Order

Within five (5) days of the date of this Order, Plaintiffs' Liaison Counsel (defined in section III. A below) shall send a copy of this Order by overnight delivery, hand delivery or telecopy to all plaintiffs' counsel in all actions to which this Order applies. When an action that properly belongs as part of this proceeding is hereinafter filed before this Court or transferred to this Court from another forum, Plaintiffs' Liaison Counsel shall immediately send a copy of this Order by overnight delivery, hand delivery, or telecopy to plaintiffs' counsel in that action.

### F.    Revision of Order

The Court *sua sponte* may revise this Order in any respect and at its discretion.

### G.    Further Orders

Upon application of counsel, or by the Court *sua sponte*, further organizational order(s), including under the CPLR or the Uniform Rules for Trial Courts will be considered.

3

### H.    CPLR

The CPLR and the Uniform Rules for Trial Courts, as modified and supplemented

by the express provisions of this and any future Case Management Orders ("CMOs"), will

govern all proceedings in the Neurontin cases.

## II.    FILING AND CAPTIONS

### A.    Master File

The Court hereby directs that a master file, known as the New York Neurontin

Product Liability Litigation Master File (the "Master File"), Index No. _____, be

established (without fee) in the Office of the Clerk of New York County for all Neurontin

cases to which this Order applies.  The original of this Order will be filed by the County

Clerk in the Master File, and a copy will be deemed to be part of the record of each

coordinated action.  All subsequent entries in the Master File will also be applicable to all

of the Neurontin cases.

### B.    Case File For Individual Cases

A separate file will also be maintained in the Office of the Clerk of New York

County under a separate Index Number for each individual Neurontin case assigned to

this Court, and entries will be made therein in accordance with this Order.  Within thirty

(30) days after the entry date of this CMO, Plaintiffs' Liaison Counsel will provide to the

Court and to defendants a list of all plaintiffs and the index number assigned to each

individual action.  Plaintiffs' Liaison Counsel will amend (from time to time) this list of

plaintiffs and index numbers to reflect the final resolution of a case, the commencement

of a new case or the transfer of an existing case to or from this Court.

In order to facilitate Plaintiffs' Liaison Counsel's ability to become aware of the

commencement of a new case or the transfer of an existing case to or from this Court,

defendants, upon the service of an Answer to a Complaint in actions in which Plaintiffs'

Liaison Counsel does not represent a party, shall serve along with their Answer a

Coordination Notice indicating that plaintiff's case is subject to the Coordination Order.

Further, upon the service of said Answer, defendants shall provide a copy of said

Coordination Notice to Plaintiffs' Liaison Counsel.  Similarly, in the event of the transfer

of an existing case to or from this Court in which Plaintiffs' Liaison Counsel does not

represent a party, defendants shall communicate in writing to Plaintiffs' Liaison Counsel

notification of said transfer.

### C.    Captions of Cases

Every document filed in these coordinated actions will bear a caption as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
IN RE: Neurontin                                   :    :  Index No.  ____:
PRODUCT LIABILITY LITIGATION           :  RJI No.     ____:
-------------------------------------------------------------X

1.    If a document relates to all the Neurontin cases, the following

will be added to the caption:

-------------------------------------------------------------------------X
THIS DOCUMENT APPLIES TO ALL CASES              :
-------------------------------------------------------------------------X

2.      If, instead, a document relates to one or more specific cases but not to all cases, the specific caption(s) for the cases to which the paper is applicable will be added to the caption set forth in Section IV(C)(1), *supra*, as follows:

```
----------------------------------------------------------------X
Plaintiff(s) name,                                          :
                                                            :
- against -                                                     Index No. [individual case number]
                                                            :
Defendant(s) name                                           :
----------------------------------------------------------------X
AND RELATED CASES (SEE APPENDIX)          :
----------------------------------------------------------------X
```

3.      In all such documents, one case will be specifically captioned (the primary or first case, if applicable), and all other cases to which the document applies will be listed as "Related Cases" in an appendix to the document, separately tabbed and made easily identifiable to the Clerk of the Court;

4.      When a document is applicable only to an individual case, the attorney submitting such document for filing will caption the document (as set forth in paragraph II(C)) to indicate the case(s) to which it is applicable. The Clerk of New York County will not file such a document in the Master File. Rather, after receipt by the Clerk, the Clerk will file the original in the first captioned individual case file under the appropriate index number and will file copies of the document in any other case files to which it applies. It will be the responsibility of the attorney submitting the document for filing to supply the County Clerk with sufficient copies of any such document to facilitate compliance with the directions of this paragraph.

6

III.   **SERVICE**

    A.    **Service of Papers That Relate to All
        Neurontin Cases**

        Papers related to all Neurontin cases requiring service must be served on all parties with the exception that defendants may serve papers related to all Neurontin cases to Plaintiffs' Liaison Counsel, who shall be selected by plaintiffs' counsel and appointed by the Court.  Plaintiffs' Liaison Counsel shall:

        1.    Maintain and distribute to the Court, other plaintiffs' counsel, co-counsel and to defendants' counsel an up-to-date service list of all Plaintiffs, plaintiffs' counsel, plaintiffs' counsel's email and mail addresses, and the index number assigned to each individual action, including the date of the most recent revisions.  This list of index numbers and counsel will be amended to reflect the resolution of a case, the commencement of a new case or the transfer of an existing case to or from this Court;

        2.    Receive orders, notices, correspondence and telephone calls from the Court and the Clerk of the Court on matters of general applicability on behalf of all plaintiffs or defendants, as the case may be, and to notify such other plaintiffs' or defendants' counsel of communications received from the Court;

        3.    Maintain and make available to other plaintiffs' counsel and co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository.

        It is proposed that Plaintiffs' Liaison Counsel be:

Kenneth Fromson, Esq.
Finkelstein & Partners LLP
436 Robinson Avenue
Newburgh, New York 12550

Christopher Keenan, Esq.
Westermann Hamilton Sheehy Aydelott & Keenan, LLP
222 Bloomingdale Road
Suite 308
White Plains, New York 10605

**B.    Papers That Relate to Specific Actions**

Papers requiring service that relate to a specific case(s) must be served on the

parties specific to that case with courtesy copies provided to other parties, including

copies to Plaintiffs' Liaison Counsel.

**IV.    REQUEST FOR JUDICIAL INTERVENTION**

Plaintiffs shall be required to file a Request for Judicial Intervention and pay the

appropriate fees therewith designating the case as a matter which should be assigned to

the New York Neurontin calendar of this Court, no later than ~~sixty (60)~~ thirty (30) days after service

of the first responsive pleading.

**V.    COORDINATION WITH FEDERAL MDL AND OTHER STATE COURT ACTIONS**

**A.    Coordination in Good Faith and to the Extent Practicable**

Plaintiffs and defendants in this litigation shall work in good faith and to the

extent practicable to coordinate the conduct of this litigation with other Neurontin-related

actions in (i) In re Neurontin Marketing, Sales Practices and Products Liability Litigation,

MDL 1629 (hereafter "federal MDL" or "MDL") pending before Judge Patti B. Saris in

8

the United States District Court for the District of Massachusetts and (ii) other state courts. Coordination with other jurisdictions is intended to conserve judicial resources, eliminate duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of the litigation. This Court intends to coordinate with the MDL and any state court that is interested in coordinating discovery activities.

**B.    Discovery**

Discovery in this action shall proceed in accordance with this and any future Case Management Orders entered by the Court. The Court's objective is to avoid the need of any party to respond to duplicative and/or overlapping discovery requests. Accordingly:

1.    The following discovery previously served in this action, which is essentially identical to discovery previously served in the MDL is deemed to have been responded to and objected to in this action:

- Coordinated Plaintiffs' First Request for Production of Documents and Things, dated June 30, 2006, which is essentially identical to Class and Non-Class Plaintiffs' First Request for Production of Documents, dated March 11, 2005.

- Defendants Responses and Objections to Class and Non-Class Plaintiffs' First Request for Production of Documents, dated April 11, 2005;

2.    Defendants shall provide courtesy copies of these demands and responses and objections to Plaintiffs' Liaison Counsel. The parties shall then meet and confer with respect to these demands and responses and objections;

9

3.      Prior to serving discovery in this action, plaintiffs' counsel shall coordinate with other plaintiffs' counsel in the MDL, including counsel for any non-products liability actions in that proceeding, in order to avoid unduly burdening defendants;

4.      Plaintiffs in this action further agree to not serve discovery requests that are duplicative of requests that have been served and responded to in the MDL. In the event that a dispute arises regarding compliance with this paragraph, after a good faith meet and confer, any party shall have the right to present the issue to the Court for resolution;

5.      Any discovery produced in the MDL proceeding will also be separately provided to Plaintiffs' Liaison Counsel by either defendants or the Plaintiffs' Steering Committee in the MDL and will be fully available for use in this case to (a) the extent permitted by the Court under its applicable evidentiary standards and (b) subject to the plaintiffs in this litigation signing an appropriate protective order.

**C.      Depositions**

1.      Plaintiffs' Liaison Counsel shall seek to avoid duplicative depositions of witnesses. Witnesses shall be deposed only once, absent good cause shown.

2.      Deposition notices of defendant witnesses in this action shall be cross-noticed in the federal MDL. Depositions of defendant witnesses noticed in the federal MDL or other Neurontin-related litigation in other state courts by plaintiffs'

10

counsel in this action within and beyond the State of New York shall be cross-noticed in this action.

3. Counsel for the parties shall confer in good faith with each other *and with plaintiffs counsel in the MDL who represent both products liability and non-products liability plaintiffs in the MDL* and attempt to agree upon a schedule for the conduct of each deponent's deposition that will (a) permit deponents to be deposed only once while (b) allowing sufficient advance notice, time and opportunity for plaintiffs in this litigation, the MDL and other state court actions to examine deponents on issues relevant to each Case. As for the manner in which individual depositions occur, counsel for the parties shall confer in good faith in advance to determine the order in which plaintiffs shall conduct their examinations of defendant witnesses and for how long and to avoid duplication of questioning.

4. Notwithstanding the above paragraph, plaintiffs and their counsel in this proceeding shall not notice or otherwise seek to proceed with depositions without first consulting plaintiffs' counsel in the MDL who represent both products liability and non-products liability plaintiffs in that federal proceeding.

5. To the extent defendants wish to avoid duplicative depositions of any of their witnesses, defendants shall to the extent practicable provide 30-days' notice to Plaintiffs' Liaison Counsel of any deposition requested in a state court action to which plaintiffs' counsel in this action are not involved. Defendants and Plaintiffs' Liaison Counsel shall confer in good faith with one another and with plaintiffs' counsel in the relevant state court action in order to schedule such depositions on mutually agreeable dates. If plaintiffs' counsel in this action examine a witness in another state court action,

11

then they may not take a subsequent deposition of that witness in this action. If plaintiffs'

counsel elect not to examine a witness in another state court action, plaintiffs' counsel

shall be barred from taking another deposition of that witness in this action absent good

cause shown.

> **D.    Pro Hac Vice Admissions**

Any attorney duly admitted to practice before the Bar of any state may participate

in discovery (e.g., take and defend depositions) and pre-trial proceedings in the Neurontin

cases. Any motion papers in this action must ~~be~~ signed by an attorney duly admitted to
_served by an attorney admitted pro hac vice in this action,_
_also_

practice before the Bar of the State of New York ~~or by any attorney admitted *pro hac vice*~~

~~in this action~~. The Court also reserves the issue of *pro hac vice* admissions for trial and

will address such admissions in future case management orders.

# VI.    DISCOVERY

> **A.    Plaintiffs' Fact Sheet**

>> 1.    Each Plaintiff shall complete a Plaintiff's Fact Sheet ("Fact

Sheet") identical to the Plaintiff's Fact Sheet attached hereto as Exhibit B.

>> 2.    Plaintiffs in those cases transferred to this Court pursuant to the

Coordination Order or transferred to this Court prior to the entry of this Order shall have
_until December 31, 2006_
~~60 days from submission of this Order on September 12, 2006 in which~~ to serve the

relevant defendants a completed Fact Sheet.

12

3.     Plaintiffs in cases filed after the entry of this Order will serve a completed Fact Sheet within sixty days after Plaintiffs' Liaison Counsel provides plaintiffs with this Order pursuant to Section I. D. above.  Plaintiffs' Liaison Counsel shall provide the Fact Sheet to plaintiffs of cases coordinated after the date of this Order.

**B.     Out-of-State Commissions**

The parties shall present to the Court a (i) form Order and (ii) form Commission to facilitate out-of-state commissions to secure (i) testimony and (ii) documents from third party witnesses.  <u>See</u> Exhibits C, D.

**C.     Disclosure Motions**

No party shall make a disclosure motion without first participating in a conference or teleconference before the Court.  The Court's authorization is required for a party to move with respect to disclosure disputes. ~~To avoid burdening the Court,~~ upon a grant of leave to move from the Court, the parties shall consult with the Court in a conference or teleconference with respect to (i) the papers the parties intend to submit ~~and~~ (ii) briefing schedule(s), and (iii) return date.

**VII.   DISCOVERY SCHEDULE**

Subject to this Courts order on the record on November 28, 2006, The schedule for the coordinated cases should be aligned with that in the federal MDL unless otherwise amended by agreement of the parties or order of this Court.

| ~~Event~~ | ~~Date~~ |
|---|---|
| ~~End of Fact Discovery, including depositions~~ | ~~December 31, 2006~~ |
| ~~Plaintiffs' Expert Designation~~ | ~~January 31, 2007~~ |
| ~~Defendants' Expert Designations~~ | ~~March 14, 2007~~ |

13

Summary Judgment/Motion filing                    April 15, 2007

Summary Judgment Opposition                       May 15, 2007

Summary Judgment Reply                            May 30, 2007

Summary Judgment Hearing                          Date to be coordinated with
[in conjunction with MDL Court]                    MDL Court

The similarity of allegations in the New York coordinated actions and the MDL in

Boston provide a basis for coordinating the schedule for managing the litigation.  The

Court may revisit the issue of the fact discovery cut off date in conjunction with the MDL

Court and may revisit the issue of coordinating the summary judgment hearing and other

proceedings with the MDL court.

## VIII.   COUNSELS' TIME AND EXPENSE RECORDS

### A.      Maintenance of Contemporaneous Records

Any counsel who may seek an award (or approval) of a fee (or expenses)

by the Court in connection with this proceeding shall keep a daily record of his/her time

spent and expenses incurred regarding this proceeding, including specific record of the

hours, location, and particular activity.  The failure to maintain such records, as well as

insufficient description of the activity, may be grounds for denying court-awarded

attorneys' fees.

### B.      Filing

Each counsel (or each firm) who may seek an award  (or approval) of a fee

(or expenses) by the Court shall file quarterly with Plaintiffs' Liaison Counsel a report

summarizing according to each separate activity the time and reasonable and necessary

14

expenses spent during the preceding quarter (and the ordinary billing rates of such

attorneys in effect during such quarter) and the accumulated total of counsel's time,

hourly rates, and expenses to date.

**SO ORDERED**:

Hon. Marcy S. Friedman, J.S.C.

Dated: 11-29-06

15