UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981<br>Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br>ALL PRODUCTS LIABILITY ACTIONS | |

**DEFENDANTS' EMERGENCY MOTION FOR CLARIFICATION
OF BRIEFING SCHEDULE AND TO RESCHEDULE
HEARING ON *DAUBERT* MOTIONS**

Defendants Pfizer Inc. and Warner-Lambert Company ("defendants") respectfully move the Court to clarify the briefing schedule for defendants' summary judgment and *Daubert* motions and to reschedule the evidentiary hearing on defendants' *Daubert* motion.

The grounds for this motion are:

1. On February 19, 2008, the Court heard the parties on a number of motions and issues.

2. During the February 19 hearing, the Court gave defendants permission to re-depose plaintiffs' experts with respect to their reliance on the recent FDA alert concerning anti-epileptic drugs.

3. The Court indicated that it wants the depositions completed promptly and directed the parties to work together to attempt to complete the depositions by the end of February. The Court indicated that if an expert were unavailable before the end of

February, defendants could complete the deposition thereafter and address the results of the later deposition in their reply papers.

4.  Defendants requested that, in view of the re-opening of the expert depositions, they be permitted to file the summary judgment and *Daubert* motions on March 7 rather than February 29.  Defendants' recollection is that the Court granted this request in recognition of the effect of the re-opening of the expert depositions.

5.  Plaintiffs profess a different recollection.  They say that the Court did not grant defendants' request for a one-week postponement of the due date for the motions and that the motions remain due by February 29.[1]

6.  Defendants respectfully request that the Court clarify that defendants' motions are due on March 7, not February 29.

7.  In view of the Court's ruling on defendants' request to depose plaintiffs' experts, a February 29 deadline would not be workable.  The very attorneys who will be deposing plaintiffs' experts are and will be preparing the summary judgment and *Daubert* motions.  They cannot do the depositions and prepare the motions at the same time, particularly since the dates on which plaintiffs have offered to produce the experts for the depositions include February 26, February 27, and February 28.

8.  The balance of the briefing schedule is, as defendants understand it:

| **Filings** | **Due date** |
| --- | --- |
| Plaintiffs' opposition papers | March 28, 2008 |
| Defendants' reply memoranda | April 18, 2008 |
| Plaintiffs' sur-reply memoranda | April 25, 2008 |

---

[1]  Plaintiffs also have said that the Court directed at the hearing that reply and sur-reply memoranda be no more than seven pages long.  Defendants' recollection is that the Court indicated that a 20-page limit applies to these memoranda.

Defendants would not oppose a one week adjustments of these dates.

9. During the February 19 hearing, plaintiffs asked the Court for an evidentiary hearing on the *Daubert* motion. The Court granted this request and tentatively scheduled the hearing for April 29 and 30, 2008.

10. The briefing on the summary judgment and *Daubert* motions will not be completed until April 25 or May 2 (the later date if the Court adjusts the remainder of the briefing schedule by one week).

11. Defendants respectfully suggest that there ought to be a realistic period of time between the date on which briefing is completed and the date the evidentiary hearing begins. Until all the briefs are in, the parties will not know for certain what they will need and want to establish at the evidentiary hearing. Indeed, the issues the *Daubert* motion raises are important and complex and a brief interval between the service of the sur-reply and the date of the hearing will help to make the hearing more efficient and focused.

12. Furthermore, developments in the parallel New York State Court proceedings warrant the foregoing relief.

13. On February 20, the day after the hearing before this Court, Justice Friedman held a status conference in the parallel New York State Court proceedings.

14. At the conference, Justice Friedman ordered the following schedule for the parallel summary judgment and *Daubert* motions in the New York State Court proceedings:

| **Filings** | **Due date** |
|---|---|
| Defendants' moving papers | March 14, 2008 |

| | |
|---|---|
| Plaintiffs' opposition papers | April 11, 2008 |
| Defendants' reply memoranda | May 2, 2008 |
| Plaintiffs' sur-reply memoranda | May 9, 2008 |

15.   During the February 20 conference, plaintiffs proposed to Justice Friedman that she and this Court hold a joint evidentiary hearing on the *Daubert* motions. Justice Friedman indicated that she would contact this Court to coordinate.

16.   For all of the foregoing reasons, including that the schedule may in any event change to accommodate Justice Friedman, defendants respectfully request that the Court reschedule the evidentiary hearing on the *Daubert* motions. Defendants are prepared to work with plaintiffs to identify a series of dates that are acceptable to the parties and to propose such dates to the Court.

17.   This motion is brought on an emergency basis because it relates to deadlines that are fast approaching.

WHEREFORE, defendants respectfully request that the Court clarify the briefing schedule for defendants' summary judgment and *Daubert* motions and reschedule the evidentiary hearing on defendants' *Daubert* motion.

Dated:  February 22, 2008                             Respectfully submitted,

                                                      DAVIS POLK & WARDWELL

                                                      By:   /s/ James P. Rouhandeh
                                                            James P. Rouhandeh

                                                      450 Lexington Avenue
                                                      New York, NY 10017
                                                      Tel: (212) 450-4000

        SHOOK, HARDY & BACON L.L.P.

        By:   /s/ Scott W. Sayler
                 Scott W. Sayler

        2555 Grand Blvd.
        Kansas City, MO 64108-2613
        Tel: (816) 474-6550

        - and -

        HARE & CHAFFIN

        By:   /s/ David B. Chaffin
                 David B. Chaffin

        160 Federal Street
        Boston, MA 02110
        Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

## CERTIFICATE OF CONSULTATION

I certify that counsel have conferred in a good faith effort to resolve the issues presented by this motion but have been unable to do so.

                /s/David B. Chaffin

## CERTIFICATE OF SERVICE

I certify that this document has been served pursuant to Case Management Order No. 3.

                /s/David B. Chaffin