UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- x
In re:  NEURONTIN MARKETING,
        SALES PRACTICES AND
        PRODUCTS LIABILITY LITIGATION
---------------------------------------------------------------- x

THIS DOCUMENT RELATES TO:

ALL PRODUCTS LIABILITY ACTIONS

---------------------------------------------------------------- x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## DEFENDANTS' SUPPLEMENTAL SUBMISSION CONCERNING THEIR EMERGENCY MOTION FOR CLARIFICATION OF BRIEFING SCHEDULE AND TO RESCHEDULE HEARING ON *DAUBERT* MOTIONS

In light of a very recent development, defendants Pfizer Inc. and Warner-Lambert Company ("defendants") make the following supplemental submission concerning their Emergency Motion for Clarification of Briefing Schedule and to Reschedule Hearing on *Daubert* Motions (Docket # 1143) (the "Emergency Motion").

1.    The Emergency Motion seeks, among other things, clarification that at the February 19 hearing the Court granted defendants' request that they be permitted to file their summary judgment and *Daubert* motions on March 7 rather than February 29.

2.    When the Emergency Motion was filed on the afternoon of February 22, the transcript of the hearing on February 19 was not yet available.

3.    Ms. Marzilli emailed the transcript to defendants' counsel at 7:52 p.m. on February 22 per defendants' request that she prepare it on an expedited basis.

4. The transcript confirms that the Court granted defendants' request for permission to file their summary judgment motion on March 7 rather than February 29. Attached hereto as Exhibit A are the relevant portions of the transcript.

5. In view of the foregoing, there no longer is any need for clarification of the due date for defendants' motions.

6. There remains a need, however, for a ruling on so much of the Emergency Motion as seeks rescheduling of the evidentiary hearing on defendants' *Daubert* motion. For the reasons stated in the Emergency Motion, defendants respectfully submit that the hearing should take place a reasonable period of time after the completion of the briefing on the *Daubert* motion, on specific dates selected by the Court from a series of dates proposed by the parties.

Dated: February 25, 2008

Respectfully submitted,

DAVIS POLK & WARDWELL

By: /s/ James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
     Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel: (816) 474-6550

- and -

HARE & CHAFFIN

By:  /s/ David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

I certify that this document has been served pursuant to Case Management Order No. 3.

/s/David B. Chaffin

Case 1:04-cv-10981-PBS    Document 1144    Filed 02/25/2008    Page 3 of 9

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE:                                          )
NEURONTIN MARKETING, SALES PRACTICES ) CA No. 04-10981-PBS
AND PRODUCTS LIABILITY LITIGATION.   ) Pages 1 - 51
SALES PRACTICES LITIGATION           )

MOTION HEARING

BEFORE THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

United States District Court
1 Courthouse Way, Courtroom 19
Boston, Massachusetts
February 19, 2008, 3:35 p.m.

LEE A. MARZILLI
OFFICIAL COURT REPORTER
United States District Court
1 Courthouse Way, Room 3205
Boston, MA   02210

```
 1              THE COURT:  So even if -- who else manufactured
 2   it?
 3              MR. ROUHANDEH:  Some other generic companies, but,
 4   yes, whether gabapentin or Neurontin, the same thing.  The
 5   trials were with Neurontin, and they looked at the clinical
 6   trials.  And we've looked at them, and we've submitted the
 7   data.  And the plaintiffs have the data, and it doesn't show
 8   any increased risk, and we need to now ask the plaintiffs'
 9   experts about this.  But there's a practical issue, which is
10   it's now February 19.  Our briefs are due February 28.  And I
11   don't know when this two-day event is going to occur.  I
12   don't think we'd be looking at an open-ended or a lengthy
13   extension, but a couple more weeks might be helpful.  If the
14   plaintiffs' experts could be, you know --
15              THE COURT:  But this is going to be quick.
16              MR. ROUHANDEH:  Yes, very quick.
17              THE COURT:  You could do it in the next week, and
18   then give everybody an extra week on the briefing.
19              MR. ROUHANDEH:  Right.  Well, I was going to
20   suggest do it by the end of February, have the expert
21   depositions by the end of February; and then by March 14,
22   which is the same day that our class cert opposition is due,
23   we would put in the summary judgment motions.  That's two
24   weeks, two weeks from -- or it would give me two weeks from
25   the 28th, whatever the date that is, the 13th, I believe.
```

```
 1              THE COURT:  Well --
 2              MR. FINKELSTEIN:  I just have no idea of my
 3    experts' -- I will reach out to every one of them.  I just
 4    have no idea what their schedule is.  I have one who is in
 5    London who travels.  Last time they brought an application we
 6    did a phone conference deposition with him in Paris.  He will
 7    make himself available.  I just can't commit to -- we'll do
 8    it as soon as practicable.  I want to do it yesterday, Judge,
 9    so it won't be an issue on our end.
10              THE COURT:  Well, but he's asking for a
11    continuance.  Let me put it this way.  This is what I think
12    needs to happen:  You need to do it as soon as possible.
13    There shouldn't be a continuance, and to the extent that you
14    need to work in the new information, put it into the reply.
15    And I won't hold you to the normal rules.  You know, to the
16    extent that you need a little bit more room in your reply
17    bringing in new information, that probably makes the most
18    sense, because most of what you're going to do is not going
19    to be about this.  I'm assuming what they're going to say is
20    pretty boilerplate in terms of, "Oh, the FDA says, so we say
21    too."  And maybe I'm simplifying it, but --
22              MR. ROUHANDEH:  We actually think that there's
23    going to be affirmatively helpful things that we're going to
24    get from these depositions.  Otherwise we wouldn't take them.
25    If we put it off a week, I don't know that it really affects
```

1    things very much, but --

2           THE COURT: Do I care if you put it off a week?

3    No, if you can get all the experts on board. What I'm not

4    willing to do, because you just got me worried, if some guy

5    is in Paris for three weeks, I'm not willing to wait that.

6    So whatever you can do within the week, fabulous. Otherwise,

7    I'm not going to prejudice you. Throw it into your reply.

8           MR. ROUHANDEH: Yes, I think we would like to

9    present it all up front.

10          THE COURT: I'm sure you would, but I'm not willing

11   to wait until the guy gets back from Paris or someone at the

12   FDA. Do we have a hearing date on these?

13          MR. FINKELSTEIN: No. That's an open issue we were

14   hoping to address today with you.

15          THE COURT: So when is the briefing schedule as

16   provided complete?

17          MR. ROUHANDEH: I don't know. I'm not sure that I

18   have it in front of me. Just the history of this issue in

19   the past in not being able to agree on simple things like

20   this, I would request if your Honor would actually order that

21   they produce their experts by the end of February. If the

22   one in Paris can't do it, you know, I don't see why he

23   couldn't do it the following week, but produce their experts

24   by February 28. And we'll put our brief in by March 7, and

25   then there's certainty to it.

1        THE COURT: Can you live with that?

2        MR. FINKELSTEIN: I don't know why your Honor's
3   suggestion, which I think is perfect, is it goes in the reply
4   papers. We will make the phone calls as soon as we walk out
5   of here.

6        THE COURT: All right, I order you to produce
7   anyone who's humanly producible by February 28. I'm not
8   going to ruin someone's vacation with their kids. It's a
9   school vacation week, at least if you have your kids in
10  public school, and then I assume it will morph into the
11  private school week. So I'm not going to destroy someone's
12  vacation, and I'm not going to delay it longer than a week.
13  Whatever you can get in this week, get in, and otherwise --
14  and I'll give you the one week.

15       MR. ROUHANDEH: Thank you, your Honor.

16       THE COURT: But then I'm not going to increase --
17  but still file your papers one week later, and then whatever
18  you can't fold in you'll have to put in your reply.

19       MR. ROUHANDEH: That's fine.

20       MR. FINKELSTEIN: And, your Honor, they've already
21  had two days of depositions with these experts. I trust that
22  their examination is limited to the FDA?

23       THE COURT: Only limited to the FDA.

24       MR. ROUHANDEH: Yes, that's fine, your Honor.

25       MR. FINKELSTEIN: And the surreply is April 25.