UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------------x
                                                            :    MDL Docket No. 1629
In re:   NEURONTIN MARKETING,                               :
         SALES PRACTICES AND                                :    Master File No. 04-10981
         PRODUCTS LIABILITY LITIGATION                      :
                                                            :    Judge Patti B. Saris
------------------------------------------------------------x
                                                            :    Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                                   :
                                                            :
         PRODUCTS LIABILITY ACTIONS                         :
                                                            :
------------------------------------------------------------x
```

**PRODUCTS LIABILITY PLAINTIFFS' RESPONSE TO DEFENDANTS' EMERGENCY MOTION FOR CLARIFICATION OF BRIEFING SCHEDULE AND TO RESCHEDULE HEARING ON *DAUBERT* MOTIONS**

Products Liability Plaintiffs, (hereinafter referred to as "PL Plaintiffs"), submit this memorandum in response to Defendants' emergency motion for clarification of the current summary judgment briefing schedule and Defendants' request to reschedule the hearing on *Daubert* motions. For the reasons set forth below, PL Plaintiffs posit that there is no need for clarification of (a) the Court's current briefing schedule or (b) page limitations as to briefing, and (c) the hearing should remain scheduled on April 29 and April 30, 2008.

The briefing schedule as currently set forth in the Court's November 9, 2007 Case Management Order, relating to the scheduling of *Daubert* and summary judgment motions, should remain intact with initial motion papers being submitted by February 29, 2008. PL Plaintiffs understood the Court's direction that the briefing schedule would not need an extension so long as PL Plaintiffs' experts could be deposed by February 29. Instead of an extension, this Court granted Defendants the opportunity to include

information pertaining to the experts' continued depositions in their reply papers.  If the experts were unable to be deposed by February 29, then the Court would entertain a one-week extension.

Here, PL Plaintiffs made available all four experts at issue for a continued deposition on or before February 28, 2008.  PL Plaintiffs have accommodated Defendants' request to schedule one of the experts (Cheryl Blume, Ph.D.) on February 29.  Thus, the depositions of all experts that Defendants wish to depose are scheduled to be held on or before February 29, and there is no basis for an extension of the briefing schedule.  Instead, Defendants can put any new information in their reply.

This Court directed the parties as follows regarding Defendants' request for a one week extension:

> 10    THE COURT:  Well, but he's asking for a
> 11  continuance.  Let me put it this way.  This is what I think
> 12  needs to happen:  You need to do it as soon as possible.
> 13  **There shouldn't be a continuance, and to the extent that you**
> 14  **need to work in the new information, put it into the reply.**
> 15  And I won't hold you to the normal rules.  You know, to the
> 16  extent that you need a little bit more room in your reply
> 17  bringing in new information, that probably makes the most
> 18  sense, because most of what you're going to do is not going
> 19  to be about this.  I'm assuming what they're going to say is
> 20  pretty boilerplate in terms of, "Oh, the FDA says, so we say
> 21  too." . . .
>
> [Conference Transcript, 2/19/08, at p.37 (emphasis added).]

\* \* \*

> 2    THE COURT:  Do I care if you put it off a week?
> 3  No, if you can get all the experts on board.  What I'm not
> 4  willing to do, because you just got me worried, if some guy
> 5  is in Paris for three weeks, I'm not willing to wait that.
> 6  So whatever you can do within the week, fabulous.  Otherwise,
> 7  I'm not going to prejudice you.  **Throw it into your reply.**
>
> [Conference Transcript, 2/19/08, at p.38 (emphasis added).]

As to the limitations on reply and sur-reply papers, PL Plaintiffs agree with Defendants that the page limit for reply and sur-reply papers is twenty (20) pages. Thus, there appears to be no need for clarification on this issue either.

As to the *Daubert* hearing, this Court directed the April 29 and April 30, 2008 dates, and PL Plaintiffs immediately sought and confirmed the availability of their experts' attendance for these dates. Should this Court now change the dates of the hearing, PL Plaintiffs would be severely prejudiced if experts were unavailable. Additionally, at the time this Court scheduled the hearing for April 29 and April 30, all parties were aware that motion briefing would not have been completed until April 25 or May 2 (the later date if the Court adjusts the remainder of the briefing schedule by one week). Thus, Defendants were very much aware that the hearing would take place during a time period shortly after the briefing period ended or even beforehand. Defendants did not object to these dates.

Defendants reflect upon the recent change in the briefing schedule in the New York State Court proceedings before Justice Marcy Friedman. Judge Friedman did in fact grant a one-week extension of the briefing schedule, but only after Defendants represented to her that this MDL Court had already extended the briefing schedule by a week. Defendants did not indicate there was a need for this Court's clarification; instead, they stated unequivocally that this Court granted a one-week extension and PL Plaintiffs opposed this representation and did not agree to a one-week extension. Nevertheless, it was granted in New York. Now, Defendants use the one-week New York extension as a basis for this Court to grant an extension. This tactic is disingenuous.

PL Plaintiffs oppose any change in the currently scheduled *Daubert* hearing dates; however, should the Court grant Defendants' request for the hearing to be rescheduled, PL Plaintiffs should be entitled to confirm the availability of their experts so as not be prejudiced by any such new hearing date.

WHEREFORE, PL Plaintiffs respectfully request that the Court deny Defendants request for clarification on the briefing schedule for Defendants' summary judgment and *Daubert* motions and to reschedule the evidentiary hearing on *Daubert* motions.

Dated: February 25, 2008

Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By:   **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY  12550

By:   **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
  & Associates
106 E. 6th Street, Suite 700
Austin, TX  78701

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on February 25, 2008.

**/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire

4