UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:   MDL Docket No. 1629

In re:  NEURONTIN MARKETING,        :
        SALES PRACTICES AND            :  Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  Judge Patti B. Saris

THIS DOCUMENT RELATES TO:          :
                                           Magistrate Judge Leo T.
ALL MARKETING AND SALES PRACTICES ACTIONS    : Sorokin
                                           :
                                           :
                                           :
                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO MODIFY
SALES AND MARKETING SCHEDULE**

Defendants Pfizer Inc. and Warner-Lambert Company ("defendants") respond as

follows to sales and marketing plaintiffs' motion to modify the schedule for the sales and

marketing actions.

**Argument**

Plaintiffs filed their motion to modify the schedule for expert discovery and

summary judgment but failed to fairly describe defendants' proposal. Saying only that

under defendants' proposal expert discovery commences on September 15, plaintiffs fail

to note that under defendants' proposal summary judgment motions are fully submitted

the same month as under plaintiffs' proposal – January 2009. Accordingly, defendants'

proposal does not result in any delay should these cases proceed past the class

certification stage. The parties' respective proposals are set forth below:

| Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Provision of All Plaintiffs' Expert Reports | June 30, 2008 | September 15, 2008 |

| Provision of Defendants' Expert Reports | July 31, 2008 | October 15, 2008 |
|---|---|---|
| Provision of Rebuttal Reports | August 21, 2008 | November 1, 2008 |
| End of Expert Discovery | October 21, 2008 | November 15, 2008 |
| Filing of Motions for Summary Judgment | November 21, 2008 | December 15, 2008 |
| Filing of Summary Judgment Oppositions | December 22, 2008 | January 15, 2009 |
| Filing of Summary Judgment Reply | January 6, 2008 | January 29, 2009 |

The principal difference between the proposed schedules is that defendants propose that expert discovery begin on September 15 (with the dates for subsequent events flowing from this start date), while plaintiffs propose a June 30 start date for expert discovery. Defendants' proposed schedule has numerous advantages over plaintiffs' proposal.

Defendants propose September 15 because the Court probably will have issued its decision on plaintiffs' motion for class certification by then, but the schedule is not tied to that ruling in the same way as the parties' previously submitted joint proposal. Whatever the Court's decision, it will affect expert discovery. If the decision is in defendants' favor, expert discovery in the class actions will not proceed and the defendants will not have been put to the time and expense of retaining their own experts and deposing plaintiffs' experts in the class actions in areas that are not relevant to the coordinated cases, such as whether Neurontin is effective for certain off-label uses. The expert discovery in the coordinated cases will also be impacted. No matter what their view now, it is not clear that all of the coordinated plaintiffs will pursue these cases if the class action is not certified. Even if some or all of the coordinated plaintiffs do continue to litigate after such a ruling, the first class certification decision had a significant impact on

the coordinated cases and there is every reason to believe the Court's next decision will also serve to narrow those cases.

Moreover, in addition to the impact the decision is likely to have on the coordinated plaintiffs, defendants' expert case will definitely be impacted by the Court's decision. Because of differences in the class and coordinated actions, defendants' expert case in the former necessarily will differ from their expert case in the latter. As one example, the class and coordinated plaintiffs' allegations regarding efficacy and their theories of recovery are distinct. The coordinated plaintiffs' theory of recovery – that there were cheaper, more optimal alternatives to Neurontin for certain off-label uses – has already led to numerous discovery disputes before Magistrate Judge Sorokin and those issues will continue to impact expert discovery.

If the class certification decision is in plaintiffs' favor, it undoubtedly will contain rulings that defendants' experts will need to incorporate into their analyses. For example, whatever the Court says on the issue of causation will be highly relevant to the expert case. In addition, potential rulings limiting the existence of consumer and/or third party payer subclasses and altering the length of class periods will be highly relevant. The end result under either scenario is that, if plaintiffs' schedule were adopted, defendants would have to incur the expense of unnecessary expert discovery and/or will have to redo their expert reports and re-depose plaintiffs' experts.

Defendants' proposed schedule takes all this into account while not resulting in any additional delay. It provides for the exchange of expert reports and expert depositions in all likelihood **after** the Court's decision, avoiding the inevitable revising of

reports and re-opening of depositions that would occur under plaintiffs' proposed schedule.

In short, defendants' proposed schedule makes it a near certainty that the parties will have to provide expert reports and conduct depositions only once. With plaintiffs' proposal, there would be a substantial risk that the reports and depositions would have to be done twice. Defendants' proposal, therefore, is fairer, more efficient, and cost-effective.

It bears repeating that defendants' proposed schedule will not slow the progress of the sales and marketing actions. As noted, both proposed schedules have the parties completing the briefing on summary judgment motions in January 2009. Defendants propose an alternative schedule not to delay, but to avoid duplication of effort and to save all parties time and expense.

## Conclusion

For the foregoing reasons, defendants respectfully request that the Court adopt the schedule that they have proposed, which is as follows:

| Event | Defendants' Proposal |
|---|---|
| Provision of All Plaintiffs' Expert Reports | September 15, 2008 |
| Provision of Defendants' Expert Reports | October 15, 2008 |
| Provision of Rebuttal Reports | November 1, 2008 |
| End of Expert Discovery | November 15, 2008 |
| Filing of Motions for Summary Judgment | December 15, 2008 |
| Filing of Summary Judgment Oppositions | January 15, 2009 |
| Filing of Summary Judgment Reply | January 29, 2009 |

Dated:  February 26, 2008                    Respectfully submitted,

                                             DAVIS POLK & WARDWELL

                                             By:     /s/ James P. Rouhandeh_____
                                                     James P. Rouhandeh

                                             450 Lexington Avenue
                                             New York, NY 10017
                                             Tel: (212) 450-4000

                                             SHOOK, HARDY & BACON L.L.P.

                                             By:     /s/ Scott W. Sayler_____
                                                     Scott W. Sayler

                                             2555 Grand Blvd.
                                             Kansas City, MO 64108-2613
                                             Tel: (816) 474-6550

                                                     - and -

                                             HARE & CHAFFIN

                                             By:     /s/ David B. Chaffin_____
                                                     David B. Chaffin

                                             160 Federal Street
                                             Boston, MA 02110
                                             Tel: (617) 330-5000

                                             *Attorneys for Defendants Pfizer Inc. and
                                             Warner-Lambert Company LLC*

                          **CERTIFICATE OF SERVICE**

        I certify that this document has been served pursuant to Case Management Order
No. 3.

                                             /s/David B. Chaffin_____

5