UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION, | |
| THIS DOCUMENT RELATES TO:<br><br>HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, dba BLUECROSS/BLUESHIELD OF LOUISIANA; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated, v. PFIZER INC. and WARNER-LAMBERT COMPANY. | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

### DECLARATION OF LINDA P. NUSSBAUM

LINDA P. NUSSBAUM declares upon penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1. I am an attorney and partner with the law firm Kaplan Fox & Kilsheimer, LLP, counsel for named Third Party Payor Plaintiff Kaiser Permanente in this action.

2. I submit this declaration in support of Coordinated Plaintiffs' Motion to Compel Defendants to Produce an Adequately Prepared Rule 30(b)(6) Witness, filed on March 7, 2008 on behalf of all Coordinated Plaintiffs.

3. I certify that this motion complies with Local Rules 7.1(a)(2) and 37.1(a). The parties have met and conferred in a good faith effort to resolve all issues and disagreement prior to the filing of this motion.

MP3 20257418.1

4.  Pfizer Inc. and Warner Lambert Company (collectively, "Defendants") are named defendants in these proceedings.

5.  On June 11, 2007, Plaintiffs served a deposition notice on Pfizer pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, to which Defendants responded by filing a motion for a protective order. Counsel for the parties could not resolve disagreements regarding the deposition notice and went before this court for oral arguments on September 20, 2007. Attached hereto as Exhibit A is a true and correct copy of the deposition notice served on Defendants on June 11, 2007

6.  On September 27, 2007, this Court issued Discovery Order No. 14 and ordered Defendants to produce a Rule 30(b)(6) deponent. The order also addressed disagreements between the parties regarding three topics listed in the deposition notice. The court limited Topic 2 to: "The marketing or promotion of Neurontin directly to the named Third Party Payors." The court then struck proposed Topic 3 as duplicative of the relevant information from the court's limitation of Topic 2.

7.  Plaintiffs then served an amended notice of deposition on Pfizer on December 3, 2007. Attached hereto as Exhibit B is a true and correct copy of the amended deposition notice served upon Defendants on December 3, 2007.

8.  On December 5 and 6, 2007, Defendants produced Jefferson S. Henderson III as their designee in response all topics contained in the Rule 30(b)(6) notice. Plaintiffs were represented at this deposition by Annamarie A. Daley, a partner with Robins, Kaplan, Miller & Ciresi LLP. Nicholas P. Mizell, an attorney associated with the firm Shook, Hardy & Bacon, represented the Defendants and the designee. As the transcript of the deposition demonstrates, the designee was not prepared to testify to Topic 2 of the amended notice of deposition. Notably,

the designee testified that he did not consider communications between Pfizer and a Kaiser physician to be "communications with Third Party Payors." As a result, he was not prepared to answer any questions regarding these communications and could not testify to the types and categories of the communications that Pfizer representatives had with Kaiser Physicians. Attached hereto as Exhibit C is a true and correct copy of Vol. 1 and Vol. 2 of Videotaped Deposition Upon Oral Examination of 30(b)(6) Designee Jefferson Stierhein Henderson III, taken December 5-6, 2007.

9. Additionally, the deposition transcript demonstrates that Defendants' designee was not prepared to testify to Topic 1 of the deposition notice. The designee could not identify any individuals responsible for communications between Defendants and Kaiser and also testified that he had made no effort to determine whether any individuals from Warner Lambert promoted Neurontin to any Third Party Payor. The designee also testified that he did not examine, nor did he request that anyone else examine the "HC database," a database which he testified would contain documentation of any communications between Pfizer and a number of named Third Party Payors.

10. On one occasion, counsel for Defendants instructed the designee not to answer several questions posed regarding Neurontin and Lyrica, although these questions did not invade any privilege—indeed no privilege was claimed. The designee followed those instructions and refused to answer.

11. Defendants' designee also testified that "operating plans" and "business plans" pertaining to several named Third Party Payors had been created by Pfizer, but had been overwritten in Pfizer's systems and were no longer available. These documents, although relevant and responsive to Plaintiffs' document requests, were not produced to Plaintiffs until

over two months after the deposition had taken place, and according to Defendants' counsel, a complete set has not yet been located or produced. As a result, the designee could not have reviewed these plans and could not testify to their contents.

12. These documents are well within the scope of a document request made by Plaintiffs almost three years ago. These operating and business plans are responsive to no fewer than five document requests from "Class and Non-Class Plaintiffs' First Request for Production of Documents" (53-56, 67-68). For example, paragraph 68 requests "All documents relating to tactical plans created to implement marketing strategies for Neurontin (whether at the national, regional or CBU level)." Attached hereto at Exhibit D is a true and correct copy of "Class and Non-Class Plaintiffs' First Request for Production of Documents," dated March 11, 2005.

13. Finally, the designee testified that he had a discussion with Curtis Reese, a district manager at Pfizer, in preparation for the deposition. The designee testified, based on information gained from the discussion with Mr. Reese, that Pfizer did not promote Neurontin to Kaiser. This testimony is in direct conflict with documents already produced by Defendants and further demonstrates the designee's inadequate preparation.

14. On January 3, 2008, Ms. Daley wrote a letter to Mr. Mizell in which she requested a meet and confer regarding several of the issues described above. In the same letter, she asked that Defendant produce responsive documents regarding the "operating plans" and "business plans" pertaining to the Coordinated Plaintiffs. Attached hereto at Exhibit E is a true and correct copy of Ms. Daley's January 3, 2008 letter to Mr. Mizell.

15. On January 9, 2008, Ms. Daley met and conferred with Mr. Mizell, but was unable to reach an agreement with respect to the Coordinated Plaintiffs' requests. Also participating in the meet and confer on behalf of Plaintiffs were David E. Nardolillo and W.

Scott Simmer, both with Robins, Kaplan, Miller & Ciresi L.L.P., and Aviah Cohen Pierson of Kaplan Fox & Kilsheimer L.L.P. for the Coordinated Plaintiffs and Rajesh S. James with Davis, Polk & Wardwell for Defendants.

16. During this meet and confer, Mr. Mizell expressed Defendants' views that Mr. Henderson was adequately prepared to testify to all deposition topics, and advised that Defendants would not agree to a continued in-person Rule 30(b)(6) deposition.

17. The parties agreed that further conferences were not likely to resolve their dispute without judicial intervention, and Ms. Daley advised Mr. Mizell and Mr. James that the Coordinated Plaintiffs would move the court to compel a continued Rule 30(b)(6) deposition and the production of the additional documents referenced during the deposition.

18. Late in the evening on January 9, Mr. Mizell requested via e-mail, that the Coordinated Plaintiffs postpone their planned motion to the court and allow Defendants additional time to search for the missing documents. Attached hereto at Exhibit F is a true and correct copy of Mr. Mizell's January 9 e-mail to Ms. Daley.

19. The following morning, Ms. Daley and Mr. Mizell spoke via telephone. Ms. Daley agreed to postpone the motion on all issues surrounding the 30(b)(6) deposition to give Defendants time to search for the missing documents. The parties also agreed that Defendants would not assert delay if the Coordinated Plaintiffs postponed their motions. Mr. Mizell and Ms. Daley exchanged e-mails memorializing this agreement. Attached hereto at Exhibit G is a true and correct copy of the e-mail communications between Ms. Daley and Mr. Mizell memorializing this agreement.

20. On February 6, 2008, Ms. Daley sent a letter to Mr. Mizell informing him that she had not received any additional contact regarding these issues from any representative of the

Defendant. Ms. Daley also informed Mr. Mizell that if the Coordinated Plaintiffs did not receive any additional information on this issue by the close of business on February 7, the Coordinated Plaintiffs would assume that no additional information would be forthcoming and would file their motion as originally planned. Attached hereto at Exhibit H is a true and correct copy of Ms. Daley's February 6, 2008 letter to Mr. Mizell.

21. Mr. Mizell responded the following morning and the parties scheduled another meet and confer for Friday, February 8, 2008. At that meet and confer, Mr. Mizell indicated that Defendants had located some but not all of the missing operating and business plans, but were still searching. Mr. Mizell also represented that Defendants were in the process of examining the plans that had been found and would produce them as soon as possible. Ms. Daley told Mr. Mizell that, although Defendants continue to search for documents, the Coordinated Plaintiffs would have to bring the issues in the motion before the court. The parties also attempted to meet and confer on the other sources of disagreement surrounding the 30(b)(6) deposition, but could not reach an agreement on any other issues.

22. On February 14, 2008, the motion deadline for the February discovery hearings in this case, Ms. Daley received a letter from Mr. Mizell with a CD containing an initial production of Pfizer's business or operating plans for Aetna and Kaiser. Counsel for Defendants indicated that the search for additional plans was ongoing. Attached hereto at Exhibit I is a true and correct copy of the February 13, 2008 letter sent by Mr. Mizell to Ms. Daley.

23. The CD contained several operating and business plans for named Third Party Payor Aetna. The CD also contained the Kaiser Permanente 2004 Operating Plan. No other plans have been produced since this production. Attached hereto at Exhibit J is a true and correct copy of the 2004 Kaiser Permanente Operating Plan.

24.     Since the documents were received on the day motions were due, Ms. Daley requested additional time to review the documents before filing a motion. Mr. Mizell agreed. Attached hereto at Exhibit K is a true and correct copy of the February 14, 2008 email correspondence between Ms. Daley and Mr. Mizell.

25.     On March 3, 2208, Ms. Daley sent a letter to Mr. Mizell requesting a meet and confer regarding the issues raised by the February 14, 2008 production of documents. Attached hereto at Exhibit L is a true and correct copy of Ms. Daley's March 3, 2008 letter to Mr. Mizell.

26.     Ms. Daley and I met and conferred with Mr. Mizell on March 5, 2008. Although the parties made a good faith effort, they could not come to a resolution regarding the outstanding issues surrounding this deposition. On March 6, 2008, Mr. Mizell sent a letter to me stating Defendants refusal to allow for continued deposition time. Attached hereto at Exhibit M is a true and correct copy of Mr. Mizell's March 6, 2008 letter to me.

27.     Attached hereto at Exhibit N is a true and correct copy of Pfizer_SPiron_0015885-86, an e-mail string including an e-mail from Curtis Reese.

28.     Attached hereto at Exhibit O is a true and correct copy of Pfizer_LKnapp_0055579-92, the Global Neurontin and Pregabalin Product Planning Meeting, Istanbul, Turkey, 24-27 October 2000: Pregabalin Briefing Document.

29.     Attached hereto at Exhibit P is a true and correct copy of Pfizer_TGeorge_0002145-46, an e-mail string including an e-mail from Alan Partain.

30.     Attached hereto at Exhibit Q is a true and correct copy of Pfizer_LKnapp_0083094-136, Neurontin/Pregabalin Strategic Priorities Discussion, June 10th 2003.

DATED March 7, 2008          **KAPLAN FOX & KILSHEIMER LLP**

By: _____
                      Linda P. Nussbaum

KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, New York 10022

*Attorneys for the Coordinated Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 7, 2008, I caused this document to be served on the parties pursuant to Case Management Order #3 by causing it to be filed through the Court's ECF System.

ATTORNEY FOR THE COORDINATED PLAINTIFFS

/s/ Elana Katcher
ELANA KATCHER