# EXHIBIT M



www.shb.com

March 6, 2008

**Nicholas P. Mizell**

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2329 DD
816.421.5547 Fax
nmizell@shb.com

Linda P. Nussbaum
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor,
NY, NY 10022

Re: Plaintiffs' Request to Continue 30(b)(6) Deposition of Defendants Regarding Communications with Third-Party-Payer Plaintiffs

Dear Ms. Nussbaum:

I am writing in response to the conversation we had on March 5, 2008, regarding issues related to the 30(b)(6) deposition of the defendants concerning communications with the named third-party-payor plaintiffs.

During our conversation, you requested an additional four hours to continue this 30(b)(6) deposition without any limitations as to the scope of the continued examination. And, notwithstanding the provisions of Discovery Order 14 that expressly limit the scope of this deposition to communications with the named third-party-payor plaintiffs, you seek to burden Pfizer with an obligation to prepare and produce designees to testify about any Neurontin-related communications with the physicians that treated the third-party-payor plaintiffs' insureds.

In Discovery Order 14, however, the Court expressly limited the topics for which the Defendants were obligated to prepare and produce 30(b)(6) designees. Notably, the Court rejected the imposition of a boundless duty to designate witnesses to testify about "any information" regarding the promotion of Neurontin as "too broad," and instead provided that the area of inquiry would be limited to: "The marketing or promotion of Neurontin *directly to the named Third Party Payors*."

Defendants cannot agree to a request for a continued 30(b)(6) deposition of unlimited scope and in contravention of Discovery Order 14.

Sincerely,

Nicholas P. Mizell

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.