UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------ x
In re: NEURONTIN MARKETING, SALES PRACTICES, :
AND PRODUCTS LIABILITY LITIGATION :
:
------------------------------------------------------------ x  MDL Docket No. 1629
THIS DOCUMENT RELATES TO: :
: Master File No. 04-10981
ALL CLASS ACTIONS :
: Judge Patti B. Saris
:
------------------------------------------------------------ x  Magistrate Judge Leo T.
HARDEN MANUFACTURING CORPORATION; : Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, :
dba BLUECROSS/BLUESHIELD OF LOUISIANA; :
INTERNATIONAL UNION OF OPERATING ENGINEERS, :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY. :
:
------------------------------------------------------------ x

**ASSENTED-TO MOTION FOR LEAVE TO FILE
44-PAGE MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' NEW MOTION FOR CLASS CERTIFICATION**

Defendants Pfizer Inc. and Warner-Lambert Company (together, "defendants") respectfully move for leave to file a 44-page memorandum in opposition to plaintiffs' new motion for class certification (the "New Motion"). Defendants' memorandum is attached hereto as Exhibit A.

The grounds for this motion are:

1.   Plaintiffs filed the New Motion on December 19, 2007. (Docket No. 1016.)

2. Plaintiffs filed a 41-page memorandum in support of the New Motion, plus an additional four-page appendix, bringing the total length of their submission to 45 pages. (Docket No. 1018.)

3. In the interest of fairness alone, defendants ask that they be permitted to make a submission that is roughly the same length as plaintiffs', which defendants' memorandum is.

4. Moreover, defendants must address in their memorandum a great deal of material, much of it new, and they cannot cover it all in fewer than 44 pages.

5. For example, in support of the New Motion, plaintiffs submitted a lengthy report (since amended) by their new expert, Rena Conti, along with voluminous new data. (Docket No. 1017 at 15-112.)

6. Defendants' memorandum must address Dr. Conti's report and the new data.

7. As another example, in the New Motion, plaintiffs have proposed multiple new class representatives, none of whom had been identified before.

8. Defendants deposed the new proposed class representatives and their doctors.

9. Defendants' memorandum must describe the results of this discovery, which was very fruitful. Notably, this is ground that plaintiffs' memorandum did not cover.

10. As another example, imbedded within the New Motion is a second motion – a motion for leave to amend (four years into the case) to add new purported class representatives as plaintiffs.

11. Defendants' memorandum must address the significance of plaintiffs' *sub silentio* motion to amend.

12. Finally, plaintiffs' memorandum contains a limited discussion of the law, which leaves it to defendants to discuss the numerous decisions that bear on the New Motion, including

one on which plaintiffs previously relied but that has been reversed on appeal by a unanimous New Jersey Supreme Court.

13. Defendants believe that their proposed memorandum will assist the Court.

14. Plaintiffs have assented to this motion.

WHEREFORE, defendants respectfully request that the Court permit them to file their memorandum (Exhibit A hereto) in opposition to the New Motion.

Dated: March 14, 2008              DAVIS POLK & WARDWELL

By: /s/James P. Rouhandeh
    James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

HARE & CHAFFIN

By: /s/David B. Chaffin
    David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc, and Warner-Lambert Company*

## CERTIFICATE OF CONSULATION

I certify that plaintiffs have assented to this motion.

/s/David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 14, 2008.

/s/David B. Chaffin