UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
IN RE NEURONTIN MARKETING, SALES    )
PRACTICES, AND PRODUCTS LIABILITY    )
LITIGATION                                         )   MDL Docket No. 1629
_____)   Master File No. 04-10981
                                                    )
THIS ORDER RELATES TO:                  )   Judge Patti B. Saris
                                                    )   Mag. Judge Leo T. Sorokin
ALL PRODUCTS LIABILITY ACTIONS    )
_____)

Discovery Order No. 23 - Order Requiring Further Filings
By Schwartz and Boone Law Firms

March 24, 2008

SOROKIN, M.J.

In the Case Management Order dated November 9, 2007 the Court required each products liability plaintiff to file a certification. Docket # 949. In Discovery Order #19 (Docket #1049) the Court set out certain procedures to follow for each Products Liability Plaintiff for whom counsel did not file a certification. The Order further required each plaintiff's counsel to provide a list of the pertinent information for each plaintiff represented by the lawyer. The list submitted and the papers filed in response to the above noted Orders are incomplete or ambiguous as to the plaintiffs represented by the Schwartz and Boone firms.

1.   Plaintiffs Represented by Schwartz

The Schwartz law firm filed four separate Products Liability Actions: Accettullo, 06-cv-10912-PBS; Anderson, 06-cv-11024-PBS; Brewster, 06-cv-11022-PBS; Girard, 06-cv-11023-PBS. Each Complaint was filed on behalf of a number of individual plaintiffs. Schwartz filed Accettullo on behalf of 79 plaintiffs, Anderson on behalf of 69, Brewster on behalf of 13 and

Girard on behalf of 61. Subsequently, counsel filed, in the main MDL docket, an Amended Complaint labeled with the Accettullo caption and civil action number only. Docket # 471. This Amended Complaint attaches as an Exhibit a list of the names of the plaintiffs joining in the Amended Complaint. This list has four alphabetical sets of names corresponding to the four separate lists of Plaintiffs listed in each of the four complaints (Accettullo, Anderson, Brewster and Girard) filed by counsel. In other words, the Amended Complaint is an action brought on behalf of all of the Plaintiffs in the original Accettullo case and all of the Plaintiffs in each of the three other cases filed by Schwartz. Thus, some individuals represented by counsel are named plaintiffs in two civil actions.

When counsel filed the certifications, motions to withdraw and/or dismissals required by the Court's Order, counsel did not specifically list any of the Anderson, Girard and Brewster plaintiffs as also plaintiffs in Accettullo. Docket #1103 (Certification), 1110 (Exhibits to) 1111 (Certification), 1112 (Certification) Docket # 1027 (certification). In addition, based upon the Court's review, there are numerous plaintiffs represented by counsel on whose behalf no certification, motion to withdraw or dismissal was filed. Moreover, the February 6, 2008 filing listing all of the products liability plaintiffs does not appear to list all of the plaintiffs represented by the Schwartz firm.

Accordingly, Schwartz shall file with the Court a list of every Products Liability plaintiff the firm represents in this MDL. For each Plaintiff, counsel shall identify each and every civil action in which the individual is a Plaintiff, the docket number of each such civil action and, again for each civil action number for each plaintiff, the docket number of the certification, motion to withdraw or dismissal applicable to that individual Plaintiff in that civil action

number.¹ Counsel may treat a certification or motion to withdraw as applicable to both civil actions in which an individual is named as a plaintiff by so noting it on the list. Along with this list, counsel shall certify that counsel followed the procedures required by Discovery Order #19 (Docket #1049), including, for example, that the Order re: Motion to Withdraw was served on each Plaintiff counsel seeks to withdraw from representing. Counsel shall file the list and certification by the close of business **April 9, 2008**.

    2.    Boone Law Firm

The Boone firm has filed three Products Liability actions on behalf of a large number of individual plaintiffs. It filed the Allen action on behalf of 353 plaintiffs Civil Action No. 07-cv-11795, the Cooper action on behalf of 12 plaintiffs, Civil Action No. 05-cv-10834, and the Anderson action on behalf of 29 plaintiffs, Civil Action No. 05-cv-10835. The Boone firm filed three certifications, one for each of its three civil actions. Counsel attached to the certification a list of the individual plaintiffs on whose behalf it was filing the certification. Each list appears to include all the plaintiffs in the applicable civil action. However, the February 6 filing did not list all of the individual plaintiffs represented by the Boone Law firm, a fact noted in Defendants' supplemental submission, Docket # 1155.

If in fact, the Boone firm's three certifications do include each and every one of the 394 plaintiffs the firm represents in its three civil actions, it may file a single document so stating by **April 9, 2008**. Otherwise, by April 9, 2008, the firm must file a list of each and every Plaintiff

---

¹ In the event that individual one or more plaintiffs from the Anderson, Girard, and Brewster actions intended to dismiss those actions and proceed only under the Amended Complaint, Docket # 471, naming them as plaintiffs, counsel shall file stipulations of dismissal under Rule 41 in those three actions. Such dismissals will not relieve the requirement to file the list described in the text.

named in its three civil actions. For each Plaintiff in the list, it shall identify the civil action number and the docket number of the certification or motion to withdraw filed regarding that Plaintiff. Along with that list counsel shall certify it followed the procedures set forth in the Court's January 4, 2008 Discovery Order 19 (Docket #1049).

                         SO ORDERED.

                         /s/ Leo T. Sorokin
                         _____
                         United States Magistrate Judge