# EXHIBIT E

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

ANNAMARIE A. DALEY
612-349-8431

January 3, 2008

*Via Facsimile*
Nicholas P. Mizell
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108

Re:    In re: Neurontin Marketing and Sales Practices Litigation

Dear Mr. Mizell,

As you are aware, Pfizer designated Jefferson S. Henderson III as its designee under Rule 30(b)(6) for the deposition that occurred on December 5 and 6, 2007. I am writing to request a meet and confer pursuant to Local Rule 37.1(a) regarding certain issues raised by this deposition.

First, Mr. Henderson testified to the existence of "operating plans" and "business plans" for specific national and regional Third Party Payor accounts, including several Plaintiffs, respectively. *See* Rough Draft of Deposition of Jefferson S. Henderson III, taken December 5 & 6, 2007 ("Henderson Dep.") 79:14-16. Although Mr. Henderson testified that operating and business plans existed for Plaintiffs in past years, these plans are apparently overwritten in Pfizer's systems. *See* Henderson Dep. 179:9-181:20. Plaintiffs request that Pfizer produce these operating and business plans for all named Plaintiffs and any documents regarding the preparation of these plans.

Second, although we do not express a view as the adequacy of his preparation on other topics, Mr. Henderson was not adequately prepared to testify regarding Topic 2, which concerned "communications with Third Party Payors." At the Rule 30(b)(6) deposition, Mr. Henderson testified he had determined that communications between a Kaiser physician and Pfizer would not be "Third Party Payor" communications and therefore he did not prepare to respond to any questions regarding such communications. Additionally, you objected that such communications were outside the scope of the deposition topics:

> Q.    Would -- if a representative was selling Neurontin in Kaiser, would that representative be communicating with Kaiser about Neurontin?

> MR. MIZELL: Object to form. Outside the scope.

Nicholas P. Mizell
January 3, 2008
Page 2

> A.    Again, I think it is very important to understand communicating to Kaiser, which is a third-party payer account, and communicating with Kaiser physicians. What these representatives would be doing, if they were indeed calling on Kaiser doctors, they would be calling on Kaiser doctors, in the same way that sales representatives call on doctors throughout the United States.

> Q.    So you are saying that if a representative from Pfizer is calling on a Kaiser doctor, that that's not a third-party payer communication?

> A.    That is correct.

*See* Henderson Dep. at 455:17-456:8. As a result, Mr. Henderson was unable to testify to the types and categories of communications that Pfizer representatives had with Kaiser physicians. *See* Henderson Dep. 456:9-18.

The position that such matters were outside the scope of the deposition topics conflicts with Pfizer's position in this litigation as Pfizer has sought discovery from individual doctors at Kaiser and other Plaintiffs claiming that such information was relevant. Plaintiffs complied with these discovery requests.

The above exchange also demonstrates that Mr. Henderson was not adequately prepared to testify to Topic 1, which pertained to the identification of, and all documents concerning, individuals "who had contacts with Third Party Payors concerning Neurontin."; Topic 3, which concerned communications and related documents between the Health Management division and Third Party Payors; and Topic 9, which sought information regarding "Pfizer's organizational structure used for communications with Third Party Payors."

Additionally, Mr. Henderson was not adequately prepared to testify to Topic 1 as demonstrated by his inability to identify any individuals responsible for communications between Warner Lambert/Parke Davis and Kaiser. *See,* Henderson Dep. at 35:5-17. Mr. Henderson also indicated that he made no effort to determine whether any individuals from Warner Lambert promoted Neurontin to any Third Party Payor. *See* Henderson Dep. at 37:4-38:21.

Similarly, Mr. Henderson testified that he did not examine, or ask anyone else to examine the "HC database," a database which he testified would contain documentation of any communications with Third Party Payors. *See* Henderson Dep. 54:23-56:17. This made it impossible for him to testify to communications between Pfizer and a number of Third Party Payors. *Id.*

It will also be necessary to discuss your instructions to Mr. Henderson not to answer several questions posed during the deposition. Mr. Henderson followed your instructions and refused to answer these questions. *See* Henderson Dep. 41:19-44:4. Since these questions did not seek to invade any privilege, your instructions were improper and Mr. Henderson was required to answer them.

Please immediately provide your availability for a meet and confer on Monday, January 7, 2008.

Nicholas P. Mizell
January 3, 2008
Page 3

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

*Annamarie Daley*

Annamarie A. Daley

AAD/vo

# EXHIBIT F

**From:**    Mizell, Nick P. (SHB) [NMIZELL@shb.com]
**Sent:**    Wednesday, January 09, 2008 11:40 PM
**To:**      Daley, Annamarie A.
**Subject:** RE: Neurontin - Meet & Confer re: Henderson Deposition

Annamarie,

We are continuing to look into the issues of whether and, if so, how Pfizer's operating and business plans for any of the named third-party-payer plaintiffs may be recovered from old data. I am working with Pfizer to expedite answers to these questions. Would you please extend me the courtesy of a few days to run this down to see if we can resolve this issue without motion practice? I suggest we schedule a meet and confer on Tuesday or Wednesday of next week to further discuss (I have a deposition on Monday). There is another discovery-motion filing date on February 14 and if, despite our best efforts, we can not resolve this issue amicably before then, it could be brought to the Magistrate's attention at that time.

I have a telephonic case management conference at 8am central tomorrow (Thursday) morning. Would you be available at 9 to discuss?

Thank you, Nick.

---

**From:** Daley, Annamarie A. [mailto:AADaley@rkmc.com]
**Sent:** Monday, January 07, 2008 11:31 AM
**To:** Mizell, Nick P. (SHB)
**Subject:** RE: Neurontin - Meet & Confer re: Henderson Deposition

>>>> Please read the confidentiality statement below <<<<
Nick,

Thanks for the greetings and Happy New Year to you as well.

Does 4:00 p.m. EST/ 3:00 p.m. CST tomorrow work for you for the meet and confer?

Annamarie

---

**From:** Mizell, Nick P. (SHB) [mailto:NMIZELL@shb.com]
**Sent:** Monday, January 07, 2008 9:03 AM
**To:** Daley, Annamarie A.
**Subject:** Neurontin - Meet & Confer re: Henderson Deposition

Annamarie,

Happy New Year. I received your fax regarding issues you would like to discuss regarding the December 5 and 6 30(b)(6) deposition of Jeff Henderson. You asked about my availability for a meet and confer, and at this time I am available anytime tomorrow afternoon. Is there a time then that works for you?

**Nick**

**Nicholas P. Mizell**
2555 Grand Boulevard
Kansas City, MO 64108
816.559.2329 (direct)
913.579.2775 (mobile)
www.shb.com

Mail Gate made the following annotations on Mon Jan 07 2008 09:03:04

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

---

Mail Gate made the following annotations on Wed Jan 09 2008 22:40:00

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# EXHIBIT G

**Jakobsen, Sarah E.**

**From:** Mizell, Nick P. (SHB) [mailto:NMIZELL@shb.com]
**Sent:** Thursday, January 10, 2008 10:50 AM
**To:** Daley, Annamarie A.
**Subject:** Neurontin - Meet & Confer re: Henderson Deposition

Annamarie, I agree with your summary below.

Thanks,

Nick

**From:** Daley, Annamarie A. [mailto:AADaley@rkmc.com]
**Sent:** Thursday, January 10, 2008 10:15 AM
**To:** Mizell, Nick P. (SHB)
**Subject:** RE: Neurontin - Meet & Confer re: Henderson Deposition

Nick,

The purpose of this e-mail is to confirm our conversation this morning about Pfizer's request to have additional time to determine whether the operating and business plans can be recovered before Plaintiffs proceed to file their motion to compel on the various issues regarding the 30(b)(6) deposition taken on December 5 and 6. Plaintiffs are willing to give Pfizer that additional time and understand that defendants will not assert any timeliness objections to the filing of such a motion for hearing in February. I also understand that defendants do not believe that we need to file any document with the Court confirming this understanding.

Finally, as we discussed, if Pfizer is able to recover this information, Plaintiffs anticipate that we will need to reconvene the deposition. I understand that Pfizer, at this time, is not agreeing to a continued Rule 30(b)(6) deposition.

Please let me know immediately, if you disagree with any aspect of this e-mail.

Annamarie

Mail Gate made the following annotations on Thu Jan 10 2008 10:50:28

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# EXHIBIT H

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

ANNAMARIE A. DALEY
612-349-8431

February 6, 2008

*Via Facsimile*
Nicholas P. Mizell
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108

Re:     **In re: Neurontin Marketing and Sales Practices Litigation**

Dear Mr. Mizell,

You will recall that you requested and plaintiffs agreed to postpone the filing of a motion to compel on the various issues regarding the deposition of Pfizer's 30(b)(6)designee on the topic of Third Party Payor communications taken December 5 and 6, 2007, so that Pfizer would have an opportunity to determine whether certain information could be recovered and produced to plaintiffs.

As of this writing, we have not received any response from anyone on behalf of Pfizer regarding this issue.  Please provide an update to us on this issue by 5:00 p.m. CST Thursday, February 7, 2008.  If we do not hear from you by that time, we will assume that Pfizer was unable to recover this information and we will proceed with filing our motion.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Annamarie A. Daley

AAD/vo

# EXHIBIT I



www.shb.com

**Nicholas P. Mizell**

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.421.5547 Fax
nmizell@shb.com

February 13, 2008

**<u>VIA FEDERAL EXPRESS (612) 349-8500</u>**
Annamarie Daley
Robins, Kaplan, Miller & Ciresi, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Dear Ms. Daley:

Enclosed is a CD containing an initial production of Pfizer's business or operating plans
for Aetna or Kaiser created on or before May 14, 2004, and containing references to
Neurontin. As I mentioned in my letter of February 12, 2008, these documents are
produced subject to Plaintiffs' agreement to treat them as Highly Confidential under the
terms set forth in the December 16, 2005 Second Stipulated Protective Order (Dkt. 257).

Our search for business or operating plans created during the discovery period, related to
any of the named third-party-payer plaintiffs, and containing references to Neurontin
remains ongoing.

Sincerely,

*Nicholas P. Mizell*

Nicholas P. Mizell

NPM:tmg
Enclosure

RECEIVED
DATE 2/14/08
BY  ANNAMARIE DALEY
ROBINS, KAPLAN
MILLER & CIRESI, L.L.P.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

2821665v1

# EXHIBIT J
# (FILED UNDER SEAL)