EXHIBIT 90

Thomas P. Hanrahan (State Bar No.: 110609)
Kimberly H. Clancy (State Bar No.: 221782)
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile:  (213) 896-6600

Scott W. Sayler (*Pro Hac Vice*)
**SHOOK, HARDY & BACON LLP**
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

Attorneys for Defendants Pfizer Inc.,
Parke-Davis, a division of Warner-Lambert
Company, and Warner-Lambert Company

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LAKE

| | |
|---|---|
| NICOLLETTE CRONE, *et al.*, | Case No. CV400432 |
| Plaintiffs, | Assigned to: Hon. David W. Herrick |
| v. | Complaint Filed: April 12, 2004<br>Trial Date: August 19, 2008 |
| PFIZER INC., *et al.*, | **DEFENDANTS PFIZER INC., PARKE-DAVIS AND WARNER-LAMBERT COMPANY'S RESPONSE TO PLAINTIFFS' REQUEST FOR ADMISSIONS, SET ONE** |
| Defendants. | |

PROPOUNDING PARTY:   Plaintiff NICOLLETTE CRONE, Individually and as Guardian ad litem for CASSIE MARIE CRONE, a minor, and BENJAMIN JONATHAN CRONE, all individually and as Successors in interest to ESTATE OF RICK ARTHUR CRONE

RESPONDING PARTY:   Defendants, PFIZER, INC., PARKE-DAVIS, a division of Warner Lambert Company, WARNER LAMBERT COMPANY

SET NUMBER:   ONE[1]

---

[1] Plaintiffs' Request for Admissions, dated June 27, 2007, is erroneously labeled "Set One." Defendants Pfizer Inc., Parke-Davis and Warner-Lambert Company responded to plaintiffs' Request for Admissions, Set One on February 5, 2007. Thus, plaintiffs' current Request for Admissions should be labeled "Set Two," not "Set One."

DEFENDANTS' RESPONSE TO REQUEST FOR ADMISSIONS PROPOUNDED BY PLAINTIFFS

Pursuant to California Code of Civil Procedure Section 2033.210, *et. seq.*, defendants Pfizer Inc., Parke-Davis, A Division of Warner-Lambert Company, and Warner-Lambert Company LLC ("Pfizer") hereby respond to plaintiffs Nicolette Crone, Benjamin Crone and Cassie Crone's Request for Admissions, Set One, as follows:

## PRELIMINARY STATEMENT

1. Pfizer's responses to plaintiffs' Request for Admissions are made without in any way waiving or intending to waive, but, on the contrary, intending to preserve and preserving the following rights: (i) the right to raise all questions of authenticity, relevancy, materiality, privilege and admissibility as evidence, for any purpose, with respect to the information provided and any documents identified in response to plaintiffs' Request for Admissions, which may arise in any subsequent proceeding in, or the trial of, this lawsuit or any other action or proceeding; (ii) the right to object to the use of said information and/or documents in any subsequent proceeding in, or the trial of, this lawsuit or any other action of proceeding, on any grounds; and (iii) the right to object on any ground at any time to other discovery requests involving said information and/or documents or the subject matter thereof.

2. As of the date of these responses, discovery into the claims, legal theories, damages or the facts and circumstances giving rise to this action is ongoing and incomplete. Pfizer reserves the right to revise or supplement these responses and objections once this and other relevant information is provided by plaintiffs or obtained in discovery.

## GENERAL OBJECTIONS

1. Pfizer objects to plaintiffs' Request for Admissions to the extent that it seeks information protected from disclosure by various privileges and immunities, including the attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity.

2. Pfizer objects to plaintiffs' Request for Admissions to the extent that it seeks information that is not within Pfizer's possession, custody or control, or is more appropriately sought from third parties, or is publicly available. Pfizer further objects to plaintiffs' Request for

1  Admissions to the extent that it seeks information that is already in plaintiffs' possession, custody or
2  control, or is equally available to plaintiffs.
3          3.      All General Objections apply to each individual Request for Admission
4  without reiteration in the response thereto.  Reference to a General Objection in a response is not
5  intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General
6  Objection to any Request for Admission.
7          4.      In providing these responses, Pfizer specifically does not intend to stipulate to
8  the admissibility of any statement of subject matter contained or referred to in any interrogatory or
9  response.  Rather, Pfizer expressly reserves and does not waive all available objections as to
10 competency, relevance, materiality, privilege and admissibility of this information for any purpose in
11 any further proceeding in this action.

12                     **RESPONSES TO REQUEST FOR ADMISSION**

13         Each of the foregoing General Objections is expressly incorporated into each of the
14 specific responses and objections set forth below.

15 **REQUEST FOR ADMISSION NO. 1:**
16         Admit that on January 16, 2003, Dr. Catherine Clarey was employed by the Pfizer
17 Defendants as a Sr. Medical Director.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**
19         Admit.
20

21 **REQUEST FOR ADMISSION NO. 2:**
22         Admit that on or about January 16, 2003, Dr. Catherine Clarey stated to National
23 Public Radio: "There is absolutely no evidence that Neurontin in – in – with all these prescriptions
24 that it has been associated with suicidal behavior or that it can cause suicidal behavior."

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**
26         Pfizer admits that a story aired on National Public Radio on January 16, 2003 that
27 purports to quote Dr. Catherine Clarey.  Pfizer cannot vouch for the completeness or accuracy of the
28 quoted material.  Further responding, Pfizer states that the referenced story speaks for itself and any

attempt by plaintiffs to characterize it is denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that in April 2005, Bryant Haskins was employed by the Pfizer Defendants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit.

**REQUEST FOR ADMISSION NO. 4:**

Admit that in April 2005, Pfizer spokesman Bryant Haskins stated to a representative of the San Francisco Chronicle as follows:

a. "Pfizer maintains an extensive program for tracking and reporting medical events associated with the use of Neurontin, as we do for all our medicines. . . . The comprehensive data – including clinical trial results – that we've submitted to the FDA over the past decade refute any suggestion that Neurontin causes depression, suicidal thoughts or suicidal behavior."

b. The data does not support a demand for a prominent "black box" warning on Neurontin's label.

c. "It's simply irresponsible to promote the false impression that a causal link exists between the use of Neurontin and suicide."

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Pfizer admits that an article was published in the San Francisco Chronicle on Thursday, April 25, 2005, that purports to quote Bryant Haskins. Pfizer cannot vouch for the completeness or accuracy of the quoted material. Further responding, Pfizer states that the referenced article speaks for itself and any attempt by plaintiffs to characterize it is denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that on April 2005, Paul Fitzhenry was employed by the Pfizer Defendants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admit.

-4-

1   **REQUEST FOR ADMISSION NO. 6:**

2   Admit that in April 2005, Paul Fitzhenry stated to a representative of U.S.A. Today
3   that Neurontin adverse event reports over the past decade "show no link between Neurontin and
4   suicidal thoughts or behavior."

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

6   Pfizer admits that an article was published in the U.S.A. Today on April 26, 2005 that
7   purports to quote Paul Fitzhenry. Pfizer cannot vouch for the completeness or accuracy of the
8   quoted material. Further responding, Pfizer states that the referenced article speaks for itself and any
9   attempt by plaintiffs to characterize it is denied.

10
11
12   Dated: July 31, 2007

SIDLEY AUSTIN LLP

By _____
Thomas P. Hanrahan
Attorneys for Defendants Pfizer Inc., Parke-Davis, a
division of Warner-Lambert Company, and Warner-
Lambert Company

-5-
DEFENDANTS' RESPONSE TO REQUEST FOR ADMISSIONS PROPOUNDED BY PLAINTIFFS

## VERIFICATION

I, Susan Grant, am the Assistant Secretary of Pfizer Inc. and am authorized to make this verification on its behalf. I have read the foregoing Responses to Plaintiffs' Request for Admissions and know its contents. I am informed and believe that the matters stated therein are true and on that ground certify or declare under the penalty of perjury under the laws of the State of California that the same are true and correct.

DATED: July 24, 2007

_Susan Grant_
Susan Grant
Assistant Secretary of Pfizer Inc.

-6-
DEFENDANTS' RESPONSE TO REQUEST FOR ADMISSIONS PROPOUNDED BY PLAINTIFFS

# PROOF OF SERVICE

STATE OF CALIFORNIA )
                    ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013-1010.

On July 31, 2007, I served the foregoing document(s) described as: **DEFENDANT PFIZER'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE** on all interested parties in this action as follows:

SEE ATTACHED SERVICE LIST.

☒ (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows: I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California. I am readily familiar with Sidley Austin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ (VIA EXPRESS MAIL) I served the foregoing document(s) by Express Mail, as follows: I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope, with Express Mail postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California. I am readily familiar with Sidley Austin LLP's practice for collection and processing of Express Mail for mailing with the United States Postal Service. Under that practice, the Express Mail would be delivered to an authorized courier or dealer authorized by Express Mail to receive document(s) in the United States Postal Service on that same day in the ordinary course of business.

☐ (VIA FACSIMILE) I caused the foregoing document(s) to be served by facsimile transmission by use of facsimile machine number (213) 896-6600 to each interested party at the facsimile machine telephone number shown. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☐ (VIA FEDERAL EXPRESS) I caused each such document(s) to be sent by FEDERAL EXPRESS for overnight delivery. I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope, with fees thereon fully prepaid, for collection and delivery at Sidley Austin LLP, Los Angeles, California. I am readily familiar with Sidley Austin LLP's practice for collection and delivery of express carrier package for delivery with FEDERAL EXPRESS. Under that practice, the package(s) would be delivered to an authorized courier or dealer authorized by FEDERAL EXPRESS to receive document(s) on that same day in the ordinary course of business.

LA1 704613v.1                    PROOF OF SERVICE

| | |
|---|---|
| 1 | ☐ **(VIA HAND DELIVERY)** I personally caused to be served the foregoing document(s) in this action by having delivered such document(s) by hand to the addressee(s) shown above at the address(es) shown above, unless otherwise noted above. |
| 2 | |
| 3 | ☐ **(VIA HAND DELIVERY BY COURIER)** I personally served the foregoing document(s) in this action by delivering such document(s) by hand to the addressee(s) shown above at the address(es) shown above, unless otherwise noted above. |
| 4 | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2007 at Los Angeles, California.

*/s/ Denise D. Brown*

LA1 704613v.1

**PROOF OF SERVICE**

2

## SERVICE LIST
*Crone et al. v. Pfizer, et al.*

| | |
|---|---|
| Donald S. Edgar, Esq.<br>Jeremy R. Fietz, Esq.<br>THE LAW OFFICE OF DONALD S. EDGAR<br>408 College Avenue<br>Santa Rosa, CA 95401<br>Telephone: (707) 545-3200<br>Facsimile: (707) 578-3040 | Counsel for Plaintiffs NICOLETTE CRONE, et al. |
| Kenneth Fromson, Esq.<br>Ronald Rosenkranz, Esq.<br>FINKELSTEIN & PARTNERS, LLP<br>463 Robinson Avenue<br>Newburgh, NY 12550<br>Telephone: (800) 634-1212<br>Facsimile: (845) 562-3492 | Counsel (admitted pro hac vice) for Plaintiffs NICOLETTE CRONE, et al. |
| Steven D. Hillyard, Esq.<br>Gerhard O. Winkler, Esq.<br>LAW OFFICES OF STEVEN D. HILLYARD, PC<br>345 California Street, Suite 1770<br>San Francisco, CA 94104<br>Telephone: (415) 334-6880<br>Facsimile: (415) 334-6967 | Counsel for Defendant RAYMOND D. JENNINGS, M.D. |