EXHIBIT 8

# Congress of the United States
## Washington, DC 20515

January 23, 2008

The Honorable Andrew C. von Eschenbach, M.D.
Commissioner
U.S. Food and Drug Administration
5600 Fishers Lane, Room 15-47
Rockville, MD 20857

Dear Dr. von Eschenbach:

We are writing to express our profound regret about FDA's proposed rule to amend the regulations that permit companies to promptly update their drug and device labels with new safety information.[1] FDA has failed to provide any justification for expending its very limited resources on issuing this 26 page proposal that will serve only to deprive American consumers of critically important and timely information about the safety of their drugs and medical devices. We are concerned that the intent of this proposal is to protect companies in the pharmaceutical and device industry from being held liable for marketing products they know are unsafe. Such a policy change comes at the expense of consumers and violates the mission of the FDA. The issuance of the proposed CBE rule is not an isolated case, but part of a pattern of actions in the Bush Administration's final months to permanently insulate the drug and device industry from liability.[2]

FDA's current regulations permit manufacturers to change their labels to add or strengthen a contraindication, warning, precaution, or adverse reaction without waiting for approval by the agency of such a change.[3] These regulations, also known as the "changes being effected (CBE) supplements" regulations, serve the vitally important public health function of ensuring that patients and healthcare providers are made aware of safety risks associated with their medical products at the earliest possible moment.

Prior to the implementation of these regulations over 20 years ago, manufacturers were forced to seek FDA approval before making virtually all changes to FDA-approved products.[4]

---

[1] Food and Drug Administration, *Supplemental Applications Proposing Labeling Changes for Approved Drugs, Biologics, and Medical Devices*, 73 Fed. Reg. 2848 (Jan. 16, 2008) (proposed rule) (hereinafter "Proposed Rule").

[2] It was recently revealed that the Bush Administration is similarly diverting FDA resources to developing and issuing a document whose apparent purpose is to protect drug and device manufacturers from prosecution for illegal marketing. Letter from Chairman Henry A. Waxman to FDA Commissioner Andrew C. von Eschenbach, M.D. (Jan. 22, 2008) (online at www.oversight.house.gov/story.asp?ID=1696).

[3] 21 CFR 314.70, 21 CFR 601.12, and 21 CFR 814.39.

[4] Food and Drug Administration, *New Drug and Antibiotic Regulations,* 47 Fed. Reg. 46622, 46634 (Oct. 19, 1982) (proposed rule).

The Honorable Andrew C. von Eschenbach, M.D.
January 23, 2008
Page 2

Industry found this policy burdensome and requested that the agency change it — they contended that "this requirement is unnecessary, takes FDA reviewers away from more important work, and causes costly delays for applicants who must defer making changes in approved products until the supplement is approved." [5]

FDA itself also recognized that a policy that would permit companies to make certain changes without first seeking FDA approval "would help concentrate the agency's limited resources more on applications for marketing, and would also permit pharmaceutical manufacturers to institute certain postmarketing changes sooner." [6] Thus, in 1982, the agency and industry agreed that: (1) FDA, with its very limited resources, could not be expected to approve every possible change to the ever-increasing number of regulated medical products; and (2) permitting manufacturers to add certain safety information to labels before FDA approval would assure that the American public was warned about risks associated with their products in a timely way.

Since 1982, FDA's funding situation has taken a dramatic turn for the worse. Today, FDA is an agency that is all but starved of resources. Experts from every affected sector agree that this desperate funding situation has rendered FDA unable to protect the American public from even the most basic threats, including contaminated food, tainted and dangerous drugs, and faulty medical devices. According to FDA's own Science Board, FDA's ability to carry out its mission is so compromised by loss of resources that American lives are now at risk. [7]

In the face of this public health crisis, the Bush Administration has turned its back on American consumers. At a time when the FDA lacks the resources to adequately protect Americans from unsafe drugs and devices, it is astonishing that the Bush Administration has opted to dedicate FDA's strained resources to protecting the drug and device industry from liability for marketing dangerous products. The 26 page CBE proposal has no purpose other than to shore up the industry's legal arguments for avoiding liability. Indeed, the proposed rule fails to identify a single problem associated with these regulations that would warrant a modification, much less a public health threat of such magnitude as to put issuing the proposal at the top of FDA's priority list. We note, however, that the proposal was immediately cited by the Solicitor General in a letter to the United States Supreme Court in support of the industry's argument that FDA approval preempts individual product liability cases. [8]

---

[5] *Id.*

[6] *Id.* at 46635.

[7] *FDA Science and Mission at Risk, Report of the Subcommittee on Science and Technology*, 3 (Nov. 2007) (online at www.fda.gov/ohrms/dockets/ac/07/briefing/ 2007-4329b_02_01_FDA%20Report%20on%20Science%20and%20Technology.pdf).

[8] Letter from Solicitor General Paul D. Clement to Honorable William K. Suter, Clerk, Supreme Court of the United States (Jan. 16, 2008).

The Honorable Andrew C. von Eschenbach, M.D.
January 23, 2008
Page 3

We are further concerned about FDA's characterization of the proposed rule as an effort to merely "codify the agency's longstanding view on when a change to the labeling of an approved drug, biologic, or medical device may be made in advance of the agency's review of such change."[9]  To the contrary, the proposed changes would instead drastically limit the situations in which a manufacturer is permitted to make add or strengthen a contraindication, warning, precaution, or adverse reaction without waiting for FDA to approve such a change. Under FDA's proposal, a manufacturer would now be prohibited from adding or strengthening a contraindication, warning, precaution, or adverse reaction in the absence of FDA approval unless there is "evidence of a causal association."[10]

This proposed rule sets forth a much higher standard than was previously applied in FDA's regulations and will inevitably result in fewer company-initiated warnings.  Further, it is apparently designed to bolster the argument by companies defending against lawsuits that the regulations precluded them from adding contraindications, warnings, precautions, and adverse reactions in the absence of FDA approval, whereas under FDA's current regulations, it is clear they would have been free to do so.

Because Section 314.70 currently permits manufacturers to warn consumers of potential risks at the earliest moment, FDA's proposal will also result in a delay in getting consumers important information about the safety of their drugs and medical devices, while FDA takes the time it needs to review and approve those warnings.

The preamble to FDA's January 16 proposed rule refers to the new labeling change authority set forth in the recently enacted Food and Drug Administration Amendments Act of 2007 (FDAAA) and asserts that this legislation "confirm[s] that Congress intends FDA to carefully regulate the content of labeling for approved products."[11]  It is indeed true that, in FDAAA, Congress intended to give FDA, for the first time, the clear authority to require certain changes in drug labeling.  Vioxx is a painful illustration of what had previously been a serious gap in FDA's authority.  In that instance, FDA haggled with the company about the content of the labeling change for over 14 months while consumers continued to take the drug, completely unaware of the serious health risks associated with it.  Thus, FDAAA provides FDA with the ability to avoid this kind of protracted negotiation so that the agency can ensure that the important safety information it believes should be in the label is promptly added.

The preamble, however, makes a glaring omission in its description of congressional intent with respect to FDAAA's labeling change authority.  FDA failed to cite the "Rule of Construction" which clearly demonstrates Congress' equally important goal:  to preserve the

---

[9] Proposed Rule, *supra* note 1, 2848.

[10] Proposed Rule, *supra* note 1, 2853.

[11] Proposed Rule, *supra* note 1, 2850.

The Honorable Andrew C. von Eschenbach, M.D.
January 23, 2008
Page 4

responsibility of drug companies to promptly update their own product labels to reflect the most current safety information available.  That section states:

> (I) Rule of Construction.—This paragraph shall not be construed to affect the responsibility of the responsible person or the holder of the approved application under section 505(j) to maintain its label in accordance with existing requirements, including subpart B of part 201 and sections 314.70 and 601.12 of title 21, Code of Federal Regulations (or any successor regulations).[12]

Congress was well aware of FDA's CBE supplement regulations.  The rule of construction was intended to clarify Congress' intent to preserve the fundamental premises of the CBE regulations:  that drug companies are much better positioned to know the risks associated with their own products, that the public should be promptly warned about those risks, and that we cannot rely upon a very over-burdened and under-funded FDA to promptly review and approve such warnings before they are added to product labels.

Given that FDA has failed to provide any evidence or rationale for its proposal, we would like to request the following information:

1.  Please provide data on the number of CBE supplements the agency has received each year from 1982 to the present;

2.  Please describe any cases in which a manufacturer used the CBE procedure to add or strengthen a contraindication, warning, precaution, or adverse reactions in a manner that harmed the public health, including the dates of such cases, and explain why the agency believes that modifying the regulations has become a high public health priority at this time;

3.  Please provide any documents demonstrating concern on the part of the Center for Drug Evaluation and Research or the Center for Devices and Radiological Health about misuse of the CBE regulations, or about public health risks arising from its current language; and

4.  Please provide the number of FTEs used to issue this proposed rule and a timeline for when work began on this effort.

Please provide a response to this request by no later than February 13, 2008.

---

[12] 21 U.S.C. 355(o)(4)(I).

The Honorable Andrew C. von Eschenbach, M.D.
January 23, 2008
Page 5

FDA is one of the nation's preeminent public health agencies. Every day, Americans count on the FDA to protect them from unsafe foods, drugs, and medical devices. In stark contrast to this vitally important public health mission, the agency's proposed rule protects the profits of the pharmaceutical and medical device companies rather than the health and safety of American consumers. We urge you to reconsider this action.

Sincerely,

Henry A. Waxman
Chairman
House Committee on Oversight
  and Government Reform

Edward M. Kennedy
Chairman
Senate Committee on Health, Education,
  Labor, and Pensions

John D. Dingell
Chairman
House Committee on Energy and
  Commerce

Patrick J. Leahy
Chairman
Senate Committee on the Judiciary

Edward J. Markey
Chairman
Subcommittee on Telecommunications
  and the Internet
  House Committee on Energy and
  Commerce

Christopher J. Dodd
Chairman
Senate Committee on Banking, Housing,
  and Urban Affairs

Frank Pallone, Jr.
Chairman
Subcommittee on Health
  House Committee on Energy and
  Commerce

Rosa L. DeLauro
Chairwoman
Subcommittee on Agriculture, Rural
  Development, Food and Drug
  Administration, and Related Agencies
  House Committee on Appropriations



# Congress of the United States
## House of Representatives
## Washington, DC 20515

February 29, 2008

The Honorable Andrew C. von Eschenbach, M.D.
Commissioner
U.S. Food and Drug Administration
5600 Fishers Lane, Room 15-47
Rockville, MD 20857

> Re:    **Supplemental Applications Proposing Labeling Changes for Approved**
> **Drugs, Biologics, and Medical Devices (Docket No. 2008N-0021)**

Dear Dr. von Eschenbach:

We are writing to express our concerns regarding the above-entitled proposed rule issued January 16, 2008.[1] The proposed rule seeks to substantively amend current regulations that require pharmaceutical and medical device companies to promptly update their drug and device labels with new safety information. It strongly encourages these companies to consult the FDA prior to changing their labels to warn of health risks, despite the urgency of the potential hazard and the FDA's prior interpretations of labeling requirements. We have profound concerns with these changes. It is unclear why an agency that is clearly in crisis would seek to limit consumers' access to information about crucial health and safety risks. Therefore, we request that the FDA withdraw its proposed rule.

The House Committee on Energy and Commerce (Subcommittee on Oversight and Investigations) held a hearing on January 29, 2008 to hear expert testimony from members of the FDA's scientific advisory board and the Government Accountability Office regarding the state of the agency. The consensus was clear that the agency suffers from a high turnover rate of scientists, an inadequate information technology system, a weak organizational structure, and a rapidly declining inspection force. This is compounded by the increase in drug ingredients from foreign countries, further stretching the FDA's financial and personnel resources. As a result, even with the industry's payment of user fees, it has become increasingly difficult for the agency to efficiently review pharmaceutical and medical device applications and supplemental filings regarding warning label changes in a timely manner. The agency, therefore, must continue to require pharmaceutical and device companies, who are in the best position to know of potential drug and device hazards, to amend their product labels to warn consumers of such risks at the earliest possible moment.

---

[1] This letter is intended to be included among the public comments that the agency receives regarding the proposed rule.

The FDA's dire lack of resources may explain the dramatic decrease in FDA enforcement actions in recent years. According to a House Committee on Government Reform report,[2] FDA enforcement actions have declined dramatically in recent years. The number of warning letters issued by the FDA for violations of federal requirements, the true measure of enforcement activity, has fallen by over 50%, from 1,154 in 2000 to 535 in 2005, a 15-year low.[3]  Internal FDA documents also show at least 138 cases in which FDA field inspectors found violations of FDA safety requirements, but the FDA failed to take any enforcement action against the pharmaceutical manufacturer.[4]  Whatever the reason for this overwhelming lack of enforcement, it further illustrates the critical importance of requiring drug and medical device companies to update their warning labels, without prior FDA approval, at the earliest sign of potential hazards. The public cannot afford to wait for the FDA to act to enforce safety labeling requirements given the FDA's recent failure to take appropriate enforcement actions.

During our debate on the Food and Drug Administration Amendments Act of 2007 (FDAAA), we expressed our concerns about the problems with resources and enforcement within the FDA.  Therefore, we sought to strike an appropriate balance between providing the FDA with the necessary authority to protect consumers from adverse drug events and preserving the ability of Americans to pursue common law remedies to hold drug manufacturers accountable for failing to warn consumers of dangerous drug side effects.  As a result, we included language in the FDAAA to preserve the status quo, allowing the FDA and state remedies to remain complementary and necessary safeguards to protect American families. However, we believe the FDA's proposed rule directly contradicts this language by reversing a drug manufacturer's obligation to warn of new risks and hazards and, instead, allowing these companies to claim immunity from liability because they had no duty to warn.  This is contrary to congressional intent and to the FDA's mission to protect the public health.

Accordingly, we urge the FDA to carefully reconsider its actions and withdraw this proposed rule.  We appreciate your time and attention to this matter.

Sincerely,


BART STUPAK
Member of Congress


LOIS CAPPS
Member of Congress


GENE GREEN
Member of Congress


JAY INSLEE
Member of Congress

---

[3] *Id.*

[4] *Id.*



JAN SCHAKOWSKY
Member of Congress

DIANA DeGETTE
Member of Congress

CHARLIE MELANCON
Member of Congress

ELIOT ENGEL
Member of Congress

ANTHONY WEINER
Member of Congress

TOM ALLEN
Member of Congress

G.K. Butterfield
Member of Congress

MAURICE HINCHEY
Member of Congress

MIKE ROSS
Member of Congress

JOHN BARROW
Member of Congress

TAMMY BALDWIN
Member of Congress

MICHAEL DOYLE
Member of Congress

HILDA SOLIS
Member of Congress