EXHIBIT 42

230331-06

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

RONALD J. BULGER, SR., as
Administrator of the Estate of
SUSAN BULGER, Deceased,

              V.

PFIZER INC., PARKE-DAVIS, a division
of Warner-Lambert Company and Warner-Lambert
Company LLC., WARNER-LAMBERT
COMPANY and WARNER_LAMBERT COMPANY LLC.,

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

**07 CA 11426 PBS**

TO: (Name and address of Defendant)

PFIZER INC.
201 Tabor Road
Morris Plains, NJ 07110

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

| | |
|---|---|
| GILMAN & PASTOR, LLP<br>Attorney for Plaintiff<br>225 Franklin Street<br>16th Floor<br>Boston, MA 02110 | Finkelstein & PARTNERS, LLP<br>Attorneys for Plaintiff<br>436 Robinson Avenue<br>Newburgh, NY 12550 |

an answer to the complaint which is served on you with this summons, within __Twenty (20)__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON                    AUG 0 3 2007

CLERK                                                      DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                Date                    Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

RONALD J. BULGER, SR., as
Administrator of the Estate of
SUSAN BULGER, Deceased,

V.

PFIZER INC., PARKE-DAVIS, a division
of Warner-Lambert Company and Warner-Lambert
Company LLC., WARNER-LAMBERT
COMPANY and WARNER_LAMBERT COMPANY LLC.,

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

**07 CA 11426 PBS**

TO: (Name and address of Defendant)

PARKE-DAVIS, a Division of Warner-Lambert
Company and Warner-Lambert Company LLC
201 Tabor Road
Morris Plains, NJ 07110

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

GILMAN & PASTOR, LLP
Attorney for Plaintiff
225 Franklin Street
16th Floor
Boston, MA 02110

Finkelstein & PARTNERS, LLP
Attorneys for Plaintiff
436 Robinson Avenue
Newburgh, NY 12550

an answer to the complaint which is served on you with this summons, within  Twenty (20)  days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON                                     AUG 0 3 2007

CLERK                                                 DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____         _____
                  Date                      *Signature of Server*

                                     _____
                                     *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____

RONALD J. BULGER, SR., as
Administrator of the Estate of
SUSAN BULGER, Deceased,

V.

PFIZER INC., PARKE-DAVIS, a division
of Warner-Lambert Company and Warner-Lambert
Company LLC., WARNER-LAMBERT
COMPANY and WARNER_LAMBERT COMPANY LLC.,

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

**07 CA 11426 PBS**

TO: (Name and address of Defendant)

WARNER-LAMBERT COMPANY
201 Tabor Road
Morris Plains, NJ 07110

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

GILMAN & PASTOR, LLP
Attorney for Plaintiff
225 Franklin Street
16th Floor
Boston, MA 02110

Finkelstein & PARTNERS, LLP
Attorneys for Plaintiff
436 Robinson Avenue
Newburgh, NY 12550

an answer to the complaint which is served on you with this summons, within  Twenty (20)  days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON

AUG 0 3 2007

CLERK                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other.(specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date                         *Signature of Server*

                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

≈AO 440 (Rev. 8/01) Summons in a Civil Action

## UNITED STATES DISTRICT COURT

_____ District of _____

RONALD J. BULGER, SR., as
Administrator of the Estate of
SUSAN BULGER, Deceased,

SUMMONS IN A CIVIL ACTION

V.

PFIZER INC., PARKE-DAVIS, a division
of Warner-Lambert Company and Warner-Lambert
Company LLC., WARNER-LAMBERT
COMPANY and WARNER_LAMBERT COMPANY LLC.,

CASE NUMBER:

**07 CA 11426 PBS**

TO: (Name and address of Defendant)

WARNER-LAMBERT COMPANY LLC
201 Tabor Road
Morris Plains, NJ 07110

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

GILMAN & PASTOR, LLP
Attorney for Plaintiff
225 Franklin Street
16th Floor
Boston, MA 02110

Finkelstein & PARTNERS, LLP
Attorneys for Plaintiff
436 Robinson Avenue
Newburgh, NY 12550

an answer to the complaint which is served on you with this summons, within   Twenty (20)   days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON                                           AUG 0 3 2007

CLERK                                                       DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                    Date                              *Signature of Server*

                                    _____
                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2007 AUG -3 P 1: 20
U.S. DISTRICT COURT
DISTRICT OF MASS.

RONALD J. BULGER, SR., as Administrator )
of the Estate of SUSAN BULGER, Deceased, )
                                   Plaintiff, )
)
v. )
)
PFIZER INC., PARKE-DAVIS, )
a division of Warner-Lambert Company )
and Warner-Lambert Company LLC, )
WARNER-LAMBERT COMPANY and )
WARNER-LAMBERT COMPANY LLC, )
                              Defendants. )

Civil Action No.

**COMPLAINT**

DEMAND FOR JURY TRIAL

07 CA 11426 PBS

07 CA 11426 PBS

Plaintiff, by and through the undersigned attorneys of record, and for the Complaint against the defendants, PFIZER, INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC, WARNER-LAMBERT COMPANY and WARNER-LAMBERT COMPANY LLC, states and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action to recover damages for personal injuries sustained by, and the wrongful death of plaintiff's decedent, SUSAN BULGER, as the direct and proximate result of defendants' wrongful conduct in connection with the designing, developing, manufacturing, distributing, labeling, advertising, marketing, promoting, and selling of the prescription drug Neurontin, especially for such "off-label" uses as the treatment of chronic pain and depression, even though Neurontin had not received FDA approval for such use, and at dosages higher than

had been approved by the FDA and had been properly tested on humans, even though the drug had not been tested and studied for such use and had not been found to be safe and effective at any dosage for the treatment of chronic pain and depression.

## JURISDICTION AND VENUE

2.  Jurisdiction exists as against the defendants, PFIZER INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC (hereinafter "PARKE-DAVIS"), WARNER-LAMBERT COMPANY and WARNER-LAMBERT COMPANY LLC, pursuant to:

(a) 28 U.S.C. Section 1332, in that the plaintiff, RONALD J. BULGER, SR., as Administrator of the Estate of SUSAN BULGER, Deceased, is a citizen and resident of the State of Massachusetts, at the time of her death, plaintiff's decedent, SUSAN BULGER, was a citizen and resident of the State of Massachusetts, the defendant, PFIZER INC., is incorporated in business in the State of Delaware, and maintains its principal place of business in the State of New York, the defendant, PARKE-DAVIS, is incorporated in the State of Michigan, and maintains its principal place of business in the State of New Jersey, the defendant, WARNER-LAMBERT COMPANY, is incorporated in the State of Delaware and maintains its principal place of business in the State of New Jersey, the defendant, WARNER-LAMBERT COMPANY LLC, is a limited liability company organized under the laws of the State of Delaware, whose sole shareholder and member is the defendant, PFIZER INC., the amount in controversy exceeds the sum of $75,000.00, and there is complete diversity of citizenship between plaintiff and defendants.

(b)     Venue properly lies in this Court pursuant to 28 U.S.C. Section 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

3.     That the above-named plaintiff's decedent, SUSAN BULGER, was the Wife and Next of Kin of the plaintiff above-named, RONALD J. BULGER, SR., and on and prior to the 4th day August, 2004, the deceased and plaintiff resided in Essex County, State of Massachusetts.

4.     That at the time of death on August 4, 2004, plaintiff's decedent was then of the age of 40 years and prior thereto, was generally in good health, industrious and possessed all faculties.

5.     That at the time of plaintiff's decedent's death, she was survived by her husband, plaintiff, RONALD J. BULGER, SR., of Peabody, Massachusetts.

6.     That at all times hereinafter mentioned, upon information and belief, the defendant, PFIZER INC., was and still is a foreign corporation organized under the laws of the State of Delaware.

7.     That at all times hereinafter mentioned, upon information and belief, the defendant, PFIZER INC., was and still is a foreign corporation authorized to do business in the State of Massachusetts.

8.     That at all times hereinafter mentioned, upon information and belief, the defendant, PFIZER INC., was and still is a business entity actually doing business in the State of Massachusetts.

3

9. That at all times hereinafter mentioned, upon information and belief, the defendant, PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC (hereinafter "PARKE-DAVIS"), was and still is a foreign corporation organized under the laws of the State of Michigan.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, PARKE-DAVIS, was and still is a foreign corporation authorized to do business in the State of Massachusetts.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, PARKE-DAVIS, was and still is a business entity actually doing business in the State of Massachusetts.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY was and still is a foreign corporation organized under the laws of the State of Delaware.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY, was and still is a foreign corporation authorized to do business in the State of Massachusetts.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY, was and still is a business entity actually doing business in the State of Massachusetts.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, PARKE-DAVIS, is a division of the defendant, WARNER-LAMBERT COMPANY.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, PARKE-DAVIS, is a subsidiary of the defendant, WARNER-LAMBERT COMPANY.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY LLC, was and still is a foreign limited liability company organized under the laws of the State of Delaware.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY LLC, was and still is a foreign limited liability company authorized to do business in the State of Massachusetts.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY LLC, was and still is a business entity actually doing business in the State of Massachusetts.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, PFIZER INC., is the sole shareholder and member of the defendant, WARNER-LAMBERT COMPANY LLC.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, PARKE-DAVIS, is a division of the defendant, WARNER-LAMBERT COMPANY LLC.

22. That at all times hereinafter mentioned, upon information and belief, the defendant, PARKE-DAVIS, is a subsidiary of the defendant, WARNER-LAMBERT COMPANY LLC.

23. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY, is a division of the defendant, PFIZER INC.

24. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY, is a subsidiary of the defendant, PFIZER INC.

25. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY, is a successor in interest to the defendant, PARKE-DAVIS.

26. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY LLC, is a division of the defendant, PFIZER INC.

27. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY LLC, is a subsidiary of the defendant, PFIZER INC.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY LLC, is a successor in interest to the defendant, PARKE-DAVIS.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, WARNER-LAMBERT COMPANY, is a successor in interest to the defendant, PARKE-DAVIS.

30. That on a date prior to August 4, 2004 the defendant, WARNER-LAMBERT COMPANY, assumed the assets and liabilities of the defendant, PARKE-DAVIS.

31. That on a date prior to August 4, 2004, the defendant, WARNER-LAMBERT COMPANY, expressly assumed all liabilities and obligations of the defendant, PARKE-DAVIS.

32. That on a date prior to August 4, 2004, the defendant, WARNER-LAMBERT COMPANY, impliedly assumed all liabilities and obligations of the defendant, PARKE-DAVIS.