EXHIBIT 64

1  Thomas P. Hanrahan (State Bar No.: 110609)
   Kimberly H. Clancy (State Bar No.: 221782)
2  **SIDLEY AUSTIN LLP**
   555 West Fifth Street, Suite 4000
3  Los Angeles, California 90013-1010
   Telephone: (213) 896-6000
4  Facsimile: (213) 896-6600

5  Scott W. Sayler (*Pro Hac Vice*)
   Lori R. Schultz (*Pro Hac Vice*)
6  **SHOOK, HARDY & BACON LLP**
7  2555 Grand Blvd.
   Kansas City, Missouri 64108-2613
8  Telephone: (816) 474-6550
   Facsimile: (816) 421-5547
9
   Attorneys for Defendants Pfizer Inc.,
10 Parke-Davis, a division of Warner-Lambert
   Company, and Warner-Lambert Company
11
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
12
                      **FOR THE COUNTY OF LAKE**
13
14
   NICOLETTE CRONE, *et al.*,              )    Case No. CV400432
15                                         )
              Plaintiffs,                  )    Assigned to: Hon. David W. Herrick
16                                         )
         v.                                )    Complaint Filed: April 12, 2004
17                                         )    Trial Date: August 19, 2008
   PFIZER INC., *et al.*,                  )
18                                         )    **DEFENDANTS PFIZER INC., PARKE-**
              Defendants.                  )    **DAVIS AND WARNER-LAMBERT**
19                                         )    **COMPANY'S RESPONSE TO**
                                           )    **PLAINTIFFS' REQUEST**
20                                         )    **FOR ADMISSIONS,**
                                           )    **SET THREE**
21 _____)
22
   PROPOUNDING PARTY:     Plaintiff NICOLETTE CRONE, individually and as guardian ad
23                        litem for CASSIE MARIE CRONE, a minor, and BENJAMIN
24                        JONATHAN CRONE, all individually and as successors in
                          interest to ESTATE OF RICK ARTHUR CRONE
25
   RESPONDING PARTY:      DEFENDANTS PFIZER INC., PARKE-DAVIS AND
26                        WARNER- LAMBERT COMPANY LLC
27
   SET NO.                THREE
28

_____

**DEFENDANTS' RESPONSES TO REQUEST FOR ADMISSIONS PROPOUNDED BY PLAINTIFFS,**
**SET THREE**

LA1 1106864v.1

1    Pursuant to California Code of Civil Procedure Section 2033.210, et. seq., defendants

2    Pfizer, Inc., Parke-Davis, a Division of Warner-Lambert Company, and Warner-Lambert Company

3    L.L.C., (Pfizer") hereby respond to plaintiffs Nicolette Crone, Benjamin Crone and Cassie Crone's

4    request for admissions, set three, as follows:

5

6                            **PRELIMINARY STATEMENT**

7
8        1.    Pfizer's responses to plaintiffs' Request for Admissions are made without in

any way waiving or intending to waive, but, on the contrary, intending to preserve and preserving
9
the following rights: (i) the right to raise all questions of authenticity, relevancy, materiality,
10
privilege and admissibility as evidence, for any purpose, with respect to the information provided
11
and any documents identified in response to plaintiffs' Request for Admissions, which may arise in
12
any subsequent proceeding in, or the trial of , this lawsuit or any other action or proceeding; ii) the
13
right to object to the use of said information and/or documents in any subsequent proceeding in, or
14
the trial of, this lawsuit or any other action or proceeding, on any grounds; and iii) the right to object
15
on any ground at any time to other discovery requests involving said information and/or documents
16
or the subject matter thereof.
17

18       2.    As of the date of these responses, discovery into the claims, legal theories,

19    damages or the facts and circumstances giving rise to this action is ongoing and incomplete.  Pfizer

20    reserves the right to revise or supplement these responses and objections once this and other relevant

21    information is provided by plaintiffs or obtained in discovery.

22

23                            **GENERAL OBJECTIONS**

24       1.    Pfizer objects to plaintiffs' Request for Admissions to the extent that it seeks

25    information protected from disclosure by various privileges and immunities, including the attorney-

26    client privilege, the work product doctrine, or any other legally recognized privilege and/or

27    immunity.

28

-2-

LAI 1106864v.1

1        2.       Pfizer objects to plaintiffs' Request for Admissions to the extent that it seeks

2   information that is not within Pfizer's possession, custody or control, or is more appropriately sought

3   from third parties, or is publicly available. Pfizer objects to plaintiffs' Request for Admissions to the

4   extent that it seeks information that is already in plaintiffs' possession, custody or control, or is

5   equally available to plaintiffs.

6

7        3.       All General Objections apply to each individual Request for Admission

8   without reiteration in the response thereto. Reference to a General Objection in a response is not

9   intended to be and shall not be deemed to be a waiver of applicability of that or any other General

10  Objection to any Request for Admission.

11       4.       In providing these responses, Pfizer specifically does not intend to stipulate to

12  the admissibility of any statement or subject matter contained or referred to in any interrogatory or

13  response. Rather, Pfizer expressly reserves and does not waive all available objections as to

14  competency, relevancy, materiality, privilege and admissibility of this information for any purpose

15  in any further proceeding in this action.

16

17       5.       Defendants object to the Requests to the extent that they are vague,

18  ambiguous, and/or incomprehensible, requiring Defendants to engage in conjecture as to their

19  meaning.

20       6.       Defendants object to the Requests to the extent that they seek information

21  relating to conduct that is alleged to have occurred outside of the State of California on the grounds

22  that such Requests are overly broad, unduly burdensome, and seek discovery that is irrelevant to the

23  subject matter of this action and not reasonably calculated to lead to the discovery of admissible

24  evidence.

25

26       7.       Defendants object to the Requests to the extent they are not described with

27  reasonable particularity and/or lack a readily discernible meaning.

28       8.       Defendants object to the Requests to the extent they are argumentative.

-3-

**DEFENDANTS' RESPONSES TO REQUEST FOR ADMISSIONS PROPOUNDED BY PLAINTIFFS, SET THREE**

1            9.     Defendants object to the Requests to the extent that they seek information that

2    is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the

3    discovery of admissible evidence.

4

5            10.    Defendants' responses to the Requests shall not be deemed to constitute

6    admissions that any statement or characterization in the Requests is complete or contextual.

7            11.    Defendants' responses to these Requests are based on their investigation to

8    date of those sources within their control where Defendants reasonably believe responsive

9    information may exist, and Defendants reserve the right to amend or supplement these responses

10   with additional information that may become available or come to their attention in the future, and to

11   rely upon such information in any hearing, trial or other proceeding in this litigation.

12

13           12.    Defendants object to the Requests to the extent they seek to impose discovery

14   obligations on Defendants broader than, or inconsistent with, those imposed by the California Rules

15   of Civil Procedure.

16           13.    Defendants object to the Requests to the extent that they call for legal

17   conclusions on disputed issues of law between the parties.

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' RESPONSES TO REQUEST FOR ADMISSIONS PROPOUNDED BY PLAINTIFFS, SET THREE**

1    **RESPONSES TO REQUEST FOR ADMISSION**

2    Each of the foregoing General Objections is expressly incorporated into each of the

3    specific responses and objections set forth below.

4

5    **REQUEST FOR ADMISSION NO. 1:**

6    As of June 18, 1999, Atul C. Pande, M.D., F.R.C.P.C., was employed by the Pfizer

7    Defendants (Parke-Davis Pharmaceutical Research) as a Senior Director, Psychiatry.

8

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

10   Admit that as of June 18, 1999, Atul C. Pande, M.D., F.R.C.P.C., was employed by

11   Parke-Davis Pharmaceutical Research as Senior Director, Psychiatry Research and deny any and all

12   other matters contained in this Request.

13

14   **REQUEST FOR ADMISSION NO. 2:**

15

16   As of June 18, 1999, Atul C. Pande, M.D., F.R.C.P.C., was employed by the Pfizer

17   Defendants (Parke-Davis Pharmaceutical Research) with responsibility for the worldwide

18   development of psychotropic drugs.

19

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

21   Admit that as of June 18, 1999, Atul C. Pande, M.D., F.R.C.P.C., was employed by

22   Parke-Davis Pharmaceutical Research as Senior Director, Psychiatry Research, ant that his

23   responsibilities included the oversight and technical support of drug development programs in

24   psychiatry and the worldwide development of psychotropic drugs, and deny any and all other

25   matters contained in this Request.

26

27

28

-5-

LA1 1106864v.1

**REQUEST FOR ADMISSION NO. 3:**

As of June 18, 1999, Atul C. Pande, M.D., F.R.C.P.C., was employed by the Pfizer Defendants (Parke-Davis Pharmaceutical Research), and he oversaw new drug development efforts in depressive, anxiety and psychotic disorders.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit that as of June 18, 1999, Atul C. Pande, M.D., F.R.C.P.C., was employed by Parke-Davis Pharmaceutical Research as Senior Director, Psychiatry Research, and that his responsibilities included the oversight and technical support of drug development programs in psychiatry and the oversight of new drug development efforts in depressive, anxiety and psychotic disorders, and deny any and all other matters contained in this Request.

**REQUEST FOR ADMISSION NO. 4:**

On June 18, 1999, Atul C. Pande, M.D., F.R.C.P.C., was a Presenting Faculty Member at the Third International Conference on Bipolar Disorder.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admit.

**REQUEST FOR ADMISSION NO. 5:**

On June 18, 1999, Atul C. Pande, M.D., F.R.C.P.C., was a Presenting Faculty Member at the Third International Conference on Bipolar Disorder, at which he presented a speech entitled, "Combination Treatment in Bipolar Disorder."

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admit.

-6-

DEFENDANTS' RESPONSES TO REQUEST FOR ADMISSIONS PROPOUNDED BY PLAINTIFFS, SET THREE

**REQUEST FOR ADMISSION NO. 6:**

On June 18, 1999, Atul C. Pande, M.D., F.R.C.P.C., as a Presenting Faculty Member at the Third International Conference on Bipolar Disorder, made the following statements: "I would like to thank the organizers of this conference for inviting me to speak. I should, however, point out before I begin this talk that I am employed by Parke-Davis Pharmaceutical Research and in the interest of making it very clear that anything I say may be motivated by conflict of interest, I want you to know that. After hearing the data, however, I don't think you will have any concern whatsoever. I can also give you the bottom line at the very beginning so that the rest of it, maybe if you are dozing, you won't mind. What I am talking about is a little less ambitious than the title of this talk."

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Pfizer objects to this Request on the ground Dr. Pande's entire presentation is the best evidence of its contents. Pfizer admits that based upon Pfizer's counsel's auditory review of the audio link of Dr. Pande's 30:44-minute presentation from the Third Annual Conference on Bipolar web page, the statements set forth in this Request were made during the presentation.

**REQUEST FOR ADMISSION NO. 7:**

On June 18, 1999, Atul C. Pande, M.D., F.R.C.P.C., as a Presenting Faculty Member at the Third International Conference on Bipolar Disorder, made the following statements: "So who were these people? The population for this study consisted of bipolar 1 patients, and the only subset of the bipolar 1 patients that we excluded were people who were purely depressed. So their current state were either manic or hyper-manic or mixed, but when we began this study, we had absolutely no evidence whatsoever that Gabapentin was likely to be antidepressant and therefore we felt it ethically unjustified to include depressed patients . . .

-7-

LA1 1106864v.1

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

2

3   Pfizer objects to this Request on the ground Dr. Pande's entire presentation is the best

evidence of its contents. Based upon Pfizer's counsel's auditory review of the audio link of Dr.

4

5   Pande's 30:44-minute presentation from the Third Annual Conference on Bipolar web page, Pfizer

denies that the word "their" in the phrase "So their current state" was made during the presentation.

6

7   Pfizer admits that, based upon counsel's auditory review of the audio link of the presentation, the

phrase "so the current state" was made during the presentation and that the remaining statements set

8

9   forth in this Request were made during the presentation.

10

11  DATED: December 12, 2007                    SIDLEY AUSTIN LLP

12

13  By: _____

14                  Kimberly H. Clancy
    Attorney for Defendants Pfizer Inc.,

15  Parke-Davis, a division of Warner-Lambert
    Company, and Warner-Lambert Company

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

LA1 1106864v.1

1

## VERIFICATION

2

3          I, Susan Grant, am the Assistant Secretary of Pfizer Inc. and am authorized to make

4   this verification on its behalf.  I have read the foregoing Responses to Plaintiffs' Request for

5   Admissions, Set Three, and know its contents.  I am informed and believe that the matters stated

6   therein are true and on that ground certify or declare under the penalty of perjury under the laws of

7   the State of California that the same are true and correct.

8

9   DATED: December  7 , 2007                    _Sus Gd_____

10                                                              Susan Grant
                                                                 Assistant Secretary of Pfizer Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

2722790v2

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                                 )    ss
COUNTY OF LOS ANGELES   )

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013-1010.

       On December 12, 2007, I served the foregoing document(s) described as:
**DEFENDANT PFIZER'S RESPONSE TO PLAINTIFFS' REQUEST FOR ADMISSIONS SET THREE**

       on all interested parties in this action as follows:

       SEE ATTACHED SERVICE LIST.

☒    (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows:  I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above.  I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California.  I am readily familiar with Sidley Austin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐    (VIA EXPRESS MAIL) I served the foregoing document(s) by Express Mail, as follows:  I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above.  I placed each such envelope, with Express Mail postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California.  I am readily familiar with Sidley Austin LLP's practice for collection and processing of Express Mail for mailing with the United States Postal Service.  Under that practice, the Express Mail would be delivered to an authorized courier or dealer authorized by Express Mail to receive document(s) in the United States Postal Service on that same day in the ordinary course of business.

☐    (VIA FACSIMILE) I caused the foregoing document(s) to be served by facsimile transmission by use of facsimile machine number (213) 896-6600 to each interested party at the facsimile machine telephone number shown.  Each transmission was reported as complete and without error.  A transmission report was properly issued by the sending facsimile machine for each interested party served.

☐    (VIA FEDERAL EXPRESS ) I caused each such document(s) to be sent by FEDERAL EXPRESS for overnight delivery.  I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above.  I placed each such envelope, with fees thereon fully prepaid, for collection and delivery at Sidley Austin LLP, Los Angeles, California.  I am readily familiar with Sidley Austin LLP's practice for collection and delivery of express carrier package for delivery with FEDERAL EXPRESS.  Under that practice, the package(s) would be delivered to an authorized courier or dealer authorized by FEDERAL EXPRESS to receive document(s) on that same day in the ordinary course of business.

---

PROOF OF SERVICE

LA1 704613v.1

1    ☐    (VIA HAND DELIVERY) I personally caused to be served the foregoing document(s) in this
action by having delivered such document(s) by hand to the addressee(s) shown above at the
2    address(es) shown above, unless otherwise noted above.

3    ☐    (VIA HAND DELIVERY BY COURIER) I personally served the foregoing document(s) in
this action by delivering such document(s) by hand to the addressee(s) shown above at the
4    address(es) shown above, unless otherwise noted above.

5              I declare under penalty of perjury that the foregoing is true and correct.

6              Executed on December 12, 2007 at Los Angeles, California.

7

8

9                                        Denise D. Brown

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

LA1 704613v.1

**SERVICE LIST**
*Crone et al. v. Pfizer, et al.*

Donald S. Edgar, Esq.                           Counsel for Plaintiffs NICOLETTE
Jeremy R. Fietz, Esq.                           CRONE, et al.
THE LAW OFFICE OF DONALD S. EDGAR
408 College Avenue
Santa Rosa, CA 95401
Telephone:  (707) 545-3200
Facsimile:  (707) 578-3040

Kenneth Fromson, Esq.                           Counsel (admitted pro hac vice) for
Ronald Rosenkranz, Esq.                         Plaintiffs NICOLETTE CRONE, et al.
FINKELSTEIN & PARTNERS, LLP
463 Robinson Avenue
Newburgh, NY  12550
Telephone:  (800) 634-1212
Facsimile:  (845) 562-3492

Steven D. Hillyard, Esq.                        Counsel for Defendant RAYMOND D.
Gerhard O. Winkler, Esq.                        JENNINGS, M.D.
LAW OFFICES OF STEVEN D. HILLYARD, PC
345 California Street, Suite 1770
San Francisco, CA 94104
Telephone:  (415) 334-6880
Facsimile:  (415) 334-6967

3
**PROOF OF SERVICE**

LA1 704613v.1