Exhibit 1

Case 1:04-cv-10981-PBS    Document 1216-2    Filed 04/09/2008    Page 1 of 5

```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

IN RE NEURONTIN MARKETING,      .
SALES PRACTICES AND PRODUCTS.   MASTER FILE NO. 04-10981-PBS
LIABILITY LITIGATION            .  MDL DOCKET NO. 1629
. . . . . . . . . . . . . .
                                     BOSTON, MASSACHUSETTS
                                     SEPTEMBER 20, 2007

              TRANSCRIPT OF MOTION HEARING
          BEFORE THE HONORABLE LEO T. SOROKIN
              UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

Ronald Aranoff, Esquire, Berstein, Bernstein, Liebhard & Lifshitz, LLP, 10 East 40th Street, New York, NY 07666, 212-779-1414, aranoff@bernlieb.com

Thomas Sobol, Esquire, Hagens Berman Sobol Shapiro LLP, 26th Floor, One Main Street, 4th Floor, Cambridge, MA 02142, 617-482-3700, Tom@hbsslaw.com

Gerald Lawrence, Esquire, Lowey Dannenberg & Cohen, P.C., 200 Barr Harbor Drive, Suite 400, West Conshohocken, PA 19428-2977, 610-941-2760, glawrence@lowey.com

Barry Himmelstein, Esquire, Lieff Cabraser Heimann & Bernstein, Embarcadero Center West, 275 Battery Street, 30th Floor, San Francisco, CA 94111-3339, 415-956-1000, bhimmelstein@lchb.com

Jim P. Rouhandeh, Esquire, Christopher Roche, Esquire, Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017, 212-450-4000, jim.rouhandeh@dpw.com

Scott Sayler, Esquire, Shook Hardy & Bacon LLP, 2555 Grand Boulevard, Kansas City, MO 64108-2613, 816-474-6550, ssayler@shb.com

*MARYANN V. YOUNG*
Certified Court Transcriber
Wrentham, MA 02093
(508) 384-2003

64

1   their own formularies and have communications.
2           What we've discovered through these depositions that
3   we've been doing very intensely is this is a very highly
4   segmented business they have.  They've got a team for every
5   little thing.  They have a team for pain indications of
6   Neurontin.  They have a team for bipolar Neurontin.  They have
7   a team for marketing to third party payers.  They've got teams
8   and sub-teams for everything and here we are, we get one member
9   of this team and we try and flesh out the entire thing based on
10  him but he says, oh, no, that's this team over here.  So we
11  wanted something very simple and straightforward, if you had
12  communications with third party payers about Neurontin give us
13  the communications.  What they've offered to produced is a
14  witness who will tell us about employees who've have the
15  communications and tell us the names of the databases in which
16  those communications might exist.  That's not enough at this
17  stage.  Then we're back to, you know, trying to put the puzzle
18  together.  Give us the communications if you have them and give
19  us someone who can talk generally about them.  They complained
20  that we're asking them to educate a witness to testify about
21  everything that was ever said to every third party payer about
22  Neurontin.  We're realistic.  But give us someone who can tell
23  us something about was there a program to market this to third
24  party payers for off label indications.
25          THE COURT:  Why do you need this discovery beyond the

65

1  named plaintiffs in the class and coordinated complaint and
2  their pharmacy benefit managers?
3              MR. HIMMELSTEIN:  Well, they're moving - well we
4  don't have, the pharmacy benefit managers are not plaintiffs
5  and we don't have communications of them with the pharmacy
6  benefit managers as far as we know.
7              THE COURT:  Well, is that within your request in your
8  view?
9              MR. HIMMELSTEIN:  We consider it within the scope of
10 the request.  But it's certainly not surprising that Harden
11 which has, you know, a very small number of employees, was not
12 directly marketed to nor ASEA.  Blue Cross Blue Shield of
13 Louisiana is our largest third-party payer class representative
14 and they are - at Pfizer you have people who are dedicated to
15 selling this thing to third-party payers.
16             THE COURT:  But you're seeking more than
17 communications between Pfizer and the named plaintiffs in the
18 coordinated complaint, the named class plaintiffs third-party
19 payer class plaintiffs in the class and the third-party benefit
20 managers, the pharmacy benefit managers that those entities
21 worked with during the time period of discovery.
22             MR. HIMMELSTEIN:  Just as we are seeking and have
23 obtained information regarding their communication with
24 physicians beyond the named plaintiffs' physicians--
25             THE COURT:  So the answer is yes.

*MARYANN V. YOUNG*
Certified Court Transcriber
(508) 384-2003

66

1  MR. HIMMELSTEIN: --and the physicians - yes, Your
2  Honor.
3      THE COURT: Okay.
4      MR. HIMMELSTEIN: Yes. To the extent they can, you
5  know, locate and produce this information we think we're
6  entitled to it. We have not been able to crack that part of
7  this case. We have primarily communications with physicians,
8  but we know they have teams devoted to marketing the third
9  party payers. Give us what you got. Let us look at it. Give
10 us a witness who knows something about it. Let us talk to
11 them. If he doesn't know every little detail of every little
12 communication I won't be surprised. I won't be asking for
13 sanctions based on that. This is a reasonable request where
14 the third-party payers are, you know, the big financial losers
15 in the case, the targets of the fraud. This shouldn't be that
16 controversial I don't think.
17     THE COURT: All right. Mr. Rouhandeh?
18     MR. ROUHANDEH: Your Honor, what they want are they
19 want now a 30(b)(6) witness and they want all the documents
20 reflecting communications with any third party payer I assume
21 with any pharmacy benefit plan. It's absolutely too late for
22 that request. The request that they point to are two years
23 old. And the - we objected to those. We told them we were not
24 giving those documents to them. They knew that two years
25 before the cutoff. Every lawyer in this courtroom knows that

*MARYANN V. YOUNG*
Certified Court Transcriber
(508) 384-2003