Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO: | ) ) ) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| ALL ACTIONS | ) ) ) | |

Discovery Order No. 14

September 27, 2007

SOROKIN, M.J.

The Court hereby makes the following rulings and orders on the matters before the Court at the September 20, 2007 Motion Hearing.

1.    Sales and Marketing Plaintiffs' Motion to Compel Cline, Davis & Mann (#850)

A separate Order will issue with respect to this Motion.

2.    Defendants' Motion to Compel Plaintiff Aetna (#854)

Defendants' withdrew this Motion. See Docket #863

3.    Plaintiffs' Motion to Compel Production of Neurontin Financial Data (#856)

In this Motion, Plaintiffs "seek an order requiring Defendants produce all occurrence level financial information concerning expenditures related to Neurontin from 1994 to 2004." Plaintiff's Memo at 2 (Dkt#856)(emphasis added). According to the Plaintiffs, the data "is necessary in order for Plaintiffs experts to properly perform their liability and damage analysis." Id. Both the Motion and Memorandum seek only documents pertaining to expenditures. The Reply filed on September 18, 2007 reiterates Plaintiffs' request for "data that tracks expenditures

related to Neurontin." Plaintiffs' Reply at 2 (Dkt # 882). Plaintiffs further explained that they

seek the expenditure data because it "would be utilized in the econometric model proposed by

Professor Rosenthal to estimate the number of units sold of Neurontin that resulted from

Defendants' fraudulent promotion of Neurontin for the various off-label uses at issue in this

case." Id. at 3. At no point in the Motion, Memorandum or Reply did Plaintiffs seek financial

data relating to sales, yet, at the hearing on the Motion, Plaintiffs requested that the Court order

Defendants to produce receipts for both every sale of Neurontin and every rebate pertaining to

every sale of Neurontin for the period from 1994 to 2004. This oral request made at the hearing

is simply not within the Motion and I decline to treat the Motion as encompassing these records.

The oral request for the records is DENIED.

Plaintiffs' Motion does seek transaction level expenditure financial data to assist their

expert's econometric analysis. Although the Motion, seeking a significant quantity of

documents, comes at the deadline for filing discovery motions on a request to which Defendants'

position has been clear since at least mid-April, the documents do appear to have substantial

significance to Plaintiffs' expert's analysis especially in light of the Court's recent decision on

the Motion for Class Certification. Accordingly, the Motion is ALLOWED IN PART and

DENIED IN PART as follows.

For the discovery period in this MDL (1994-2004), Defendants shall produce transaction

level records, in electronic format if maintained in that manner, showing defendants'

expenditures for the marketing or promotion of Neurontin: (i) directly to Third Party Payors, (ii)

through Continuing Medical Education conferences or seminars, Advisory Boards or

Consultants' meetings or to doctors; (iii) through the medical liaisons; (iv) through the

2

publication of case studies or articles including the expenditures for the funding the research; or

(v) to the Medical Marketing Firms. In addition, Defendants shall report to the Court whether

they intend to argue (or reserve the right to argue) that any rebates defendants paid or issued

regarding sales of Neurontin should be treated as an offset or credit against any damages in this

case. Defendants shall so report to the Court by October 10, 2007. In all other respects, the

Motion is DENIED.

4.    Sales and Marketing Plaintiffs' Motion to Compel Discovery re: Communications
      Between Defendants and Third Party Payors (#827)

The parties dispute three topics for a Rule 30(b)(6) deposition sought by Plaintiffs[1] and

certain additional documents sought by Plaintiffs. Both areas concern Defendants'

communications with Third Party Payors.

Some of the additional discovery Plaintiffs seek regarding the marketing or promotion of

Neurontin to the Third Party Payors is warranted. Defendants shall produce a Rule 30(b)(6)

deponent. Plaintiffs' proposed Topic 2 is too broad; it is limited to: The marketing or promotion

of Neurontin directly to the named Third Party Payors.[2] Topic 3 is stricken as the relevant

---

[1]Topic 2 states: "Any information that you have regarding communications you had with Third Party Payors concerning Neurontin." Topic 3 states: "Any information that you have regarding the promotion of Neurontin for any off-label uses, including but not limited to pain, diabetic peripheral neuropathy, restless leg syndrome, bipolar disorder, social phobia, panic disorder, migraine, monotherapy for epilepsy, and dosages of Neurontin above the FDA-approved maximum." Topic 10 states: "Any information concerning Pfizer's communications, marketing or otherwise, to managed care plans concerning Neurontin, as well as Pfizer's organizational structure used for such efforts, including but not limited to the identification of individuals to describe such communications and all documents concerning such communications."

[2]Named Third Party Payors means the Plaintiffs named in the Coordinated Complaint and the Third Party Payors named as Plaintiffs in the Class Complaint.

testimony it seeks is duplicative of Topic 2. Topic 10 is also too broad; it is limited to: Pfizer's

organizational structure used for communications with Third Party Payors including but not

limited to the identification of individuals responsible for such communication, the types and

categories of such communications, and to identify any databases that may exist containing the

contents of such communications.

In addition, Defendants shall produce to Plaintiffs, from the National Accounts

department, documents relating to communications with named Third Party Payors regarding

Neurontin.

5.    Sales and Marketing Plaintiffs' Motion for Leave to take Additional Depositions of
      Specified Current and Former Employees of Defendants (#846)

The Court authorized the Plaintiffs to take thirty (30) depositions of Pfizer employees.

Neither Rule 30(b)(6) depositions nor depositions of non-parties count toward the thirty

depositions allotted to Plaintiffs.   In addition, the depositions related to the individual Products

Liability cases do not count toward the total of thirty.  Plaintiffs' prior Motion for a general

increase in the number of depositions by eight to twelve was denied without prejudice.  Now,

Plaintiffs seek twelve additional specific depositions with explanations for the basis for each

deposition.  CMO No. 5 (Dkt #736) requires a showing of "good cause" for additional

depositions beyond the thirty limit.  Plaintiffs have identified such cause with respect to some of

the depositions they seek.  The Motion is ALLOWED IN PART AND DENIED IN PART. In

addition to the allotment of thirty, plaintiffs may take the depositions of Angela Crespo, John

Knoop, Tim Windom and Drusilla Scott.

6.    Sales and Marketing Schedule

4

In light of the Court's rulings, the Sales and Marketing Schedule is modified. The parties shall have until November 15, 2007 to complete the additional discovery ordered herein. The remainder of the schedule is extended by two months. The revised deadlines are:

Completion of Additional Discovery Ordered Herein: 11/15/07
Provision of Plaintiffs' Expert Reports: 2/28/07
Provision of Defendants' Expert Reports: 03/30/08
Provision of Rebuttal Reports: 4/21/08
End of Expert Discovery 6/21/08
Filing of Motions for Summary Judgment: 7/21/08
Opposition: 8/21/08
Reply: 9/05/08

7.      Products Liability Cases

The schedule for experts on general causation and summary judgment briefing remains unchanged. The deposition of the Plaintiffs general causation expert will proceed, early, on the dates selected by the parties in October, provided Plaintiffs' disclose the expert's report to Defendants by October 1, 2007, unless the parties agree to another date within the existing schedule.

Defendants may select two new Track One cases to replace its original track one cases. It must designate its two cases by October 10, 2007. Discovery may proceed in those two individual cases. Pfizer must designate its Trial case from its two cases or the remaining cases randomly selected by the Court by November 9, 2007. Discovery in the case selected by Defendants will close on December 28, 2007. Expert discovery and summary judgment in the Smith case (Plaintiffs' designated Trial case) and the case designated by Defendants will proceed thereafter. Counsel for the Products Liability Plaintiffs and the Defendants shall confer and propose a new schedule for expert discovery and summary judgment in this two cases and file

5

such proposal no later than October 13, 2007.

At the Motion Hearing on September 20, 2007, the Defendants withdrew their requests for fees, costs and expenses and Plaintiffs withdrew their Motion to Compel Discovery and Extend Certain Deadlines (Dkt#843). The Court notes that the voluntary dismissal of the Strickland matter and the Motions to Withdraw by Counsel in the Mendoza and Fenelon matters significantly impeded the orderly management and adjudication of the Products Liability cases because they were three of the ten original Track One cases as well as both of the two cases designated by Defendants and their first Trial track case. A recurring pattern of such dismissals or Motions would also potentially raise Rule 11 or 28 U.S.C. § 1927 issues as well as interfering with the expeditious management and resolution of this MDL.

Counsel are invited to suggest to the Court how such dismissals or Motions in the remaining cases may be avoided and thereby prevent a disruption to the management and progress of this case. The Court will convene a hearing to discuss this matter with counsel on **October 17, 2007 at 2:00 p.m.**

Each of the following Motions are ALLOWED IN PART AND DENIED IN PART as described above: Defendants' Motion to Enforce and Modify Discovery Orders No. 7, 8, 11 and 13 (#824); Product Liability Plaintiffs' Motion to Compel Defendants to Conduct Deposition of Plaintiffs' General/Specific Causation Expert as Previously Agreed Upon (#834).

The Motion to Withdraw as Counsel for Plaintiff Fenelon (#836) and the Motion to Withdraw as Counsel for Plaintiff Mendoza (#838) remain under advisement. The Court will hold a hearing on these Motions on October 17, 2007 at 2:00 p.m. Plaintiffs' counsel shall notify these plaintiffs of their hearing. Each Plaintiff shall attend in person or by telephone. Counsel

6

may arrange a telephone appearance with the Clerk.

The Product Liability Plaintiffs' Motion to Compel Discovery and Extend Deadlines for Serving Notices to Admit (#843) was withdrawn at the hearing; the Clerk shall terminate the Motion.

The Motion to Dismiss With Prejudice the Strickland Action (#840) will be DENIED as MOOT. The parties shall jointly file a stipulation of dismissal with prejudice by the close of business on October 3, 2007.

SO ORDERED.

/s/ Leo T. Sorokin

<u>United States Magistrate Judge</u>

7