UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------x
                                                       :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                           :
        SALES PRACTICES AND                            :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                  :
                                                       :   Judge Patti B. Saris
-------------------------------------------------------x
                                                       :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                              :
                                                       :
        PRODUCTS LIABILITY ACTIONS                     :
                                                       :
-------------------------------------------------------x
```

**PRODUCTS LIABILITY PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF APRIL 17, 2008 ELECTRONIC ORDER GRANTING [1217] MOTION FOR LEAVE TO NAME A REBUTTAL EXPERT**

Products Liability Plaintiffs hereby respectfully move the Court to clarify the Electronic Order entered on April 17, 2008, "granting [1217] Motion for Leave to Name a Rebuttal Expert."

The grounds for this motion are:

1.  Defendants' Motion for Leave to Name a Rebuttal Expert, ECF Doc. # 1217, and Memorandum in Support, ECF Doc. # 1218, were electronically filed and served on April 10, 2008.

2.  Pursuant to D. Mass. Local Rule 7.1(b), "A party opposing a motion, shall file an opposition within fourteen (14) days after service of the motion, unless another period is fixed by rule or statute, or by order of the court, . . ."

3.  As such, it is Plaintiffs' counsel's understanding that Plaintiffs' papers in opposition to Defendants' motion are not due until April 24, 2008.

4. Furthermore, in the course of a telephone conference today with Magistrate Judge Sorokin, Plaintiffs' counsel, Andrew G. Finkelstein, Esq., advised that Plaintiffs would be timely filing opposing papers by April 23 or 24, 2008.

5. Plaintiffs' counsel are therefore at a loss as to how the Court could grant *sua sponte* Defendants' motion without providing Plaintiffs an opportunity to timely respond to the motion in accordance with the L.R. 7.1(b).

6. The Court's Electronic Order further states: "'However, the parties' briefing on this case was voluminous, repetitive, and substantially in excess of page limits in the local rules.  From no [sic] on the local rules shall be followed with normal formats and margins.'"

7. The Court's comments cannot refer to Defendants' memorandum in support of the motion, ECF Doc. # 1218, which is 12 pages long, or Plaintiffs' papers in opposition to the motion, which have not even been served and filed yet.

8. This motion is brought on an emergency basis because the Court has not provided Plaintiffs an opportunity to timely respond to Defendants' motion, pursuant to L.R. 7.1(b), before ruling on the motion, and the Court has specifically directed that "The expert report shall be filed in 30 days."

WHEREFORE, Plaintiffs respectfully request that the Court clarify the Electronic Order entered April 17, 2008, and allow Plaintiffs time to serve and file papers in opposition to Defendants' motion, pursuant to L.R. 7.1(b), before ruling on the motion.

Dated:  April 17, 2008                               Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By:     **/s/ Andrew G. Finkelstein**
           Andrew G. Finkelstein, Esquire
           Finkelstein & Partners, LLP
           436 Robinson Avenue
           Newburgh, NY  12550

By:     **/s/ Jack W. London**
           Jack W. London, Esquire
           Law Offices of Jack W. London
              & Associates
           106 E. 6th Street, Suite 700
           Austin, TX  78701

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on April 17, 2008.

**/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire