UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                           )
IN RE NEURONTIN MARKETING, SALES           )
PRACTICES, AND PRODUCTS LIABILITY          )
LITIGATION                                 )   MDL Docket No. 1629
_____)   Master File No. 04-10981
                                           )
THIS ORDER RELATES TO:                     )   Judge Patti B. Saris
                                           )   Mag. Judge Leo T. Sorokin
SALES AND MARKETING COORDINATED            )
COMPLAINT                                  )
_____)

Discovery Order No. 24

April 25, 2008

SOROKIN, M.J.

In Coordinated Plaintiffs' Motion to Compel (Docket # 1194), Plaintiffs seek to compel Defendants to (1) produce all remaining "business plans" and "operating plans" related to the named Third Party Payors, or, in the alternative, to confirm the dates and circumstances of their destruction; (2) produce a witness adequately prepared to testify on the issue of Warner-Lambert's contacts with Third Party Payors concerning Neurontin; and (3) produce a witness adequately prepared to testify about communications between Defendants and physicians affiliated with, or who prescribed medicine to be reimbursed by, the named Third Party Payors. The motion is hereby DENIED IN PART AND ALLOWED IN PART.

Defendants have represented to the Court that they have produced all of the reasonably accessible business and operating plans in their possession, control and custody. Based upon the record, the Court agrees.

Defendants' marketing of Neurontin to physicians is outside the scope of Topic 1 to this

30(b)(6) deposition. The marketing of Neurontin to Kaiser affiliated physicians, in their capacity as physicians (as opposed to members of Kaiser formulary committees for example), for this reason, is also outside the scope of Topic 1.[1] Nor is there any indication that the Defendants marketed to Kaiser affiliated physicians as part of their marketing to Kaiser. I also note that Kaiser has treated the affiliated physicians as separate from Kaiser for various purposes in the discovery process because they belong to separate legal entities. Thus, no further testimony is required on this issue.

Defendants' 30(b)(6) witness's testimony regarding Warner-Lambert's communications with the Third Party Payors was inadequate. The Defendants shall produce a witness prepared to testify on this topic for a period of three hours no later than May 25, 2008. During this period of testimony the Coordinated Plaintiffs may also examine the witness regarding the "operating plans" and "business plans," discussed in the papers and produced after the conclusion of the 30(b)(6) deposition. The witness shall be prepared to discuss these documents as well.

SO ORDERED.

/s/ Leo T. Sorokin
_____
United States Magistrate Judge

---

[1] Of course, the marketing of Neurontin to physicians (Kaiser affiliated or otherwise) is a proper topic of discovery in this case and has been the subject of substantial discovery.