UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------- x
                                                :  MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                    :
        SALES PRACTICES AND                     :  Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION           :
----------------------------------------------- x  Judge Patti B. Saris
                                                :
THIS DOCUMENT RELATES TO:                       :  Magistrate Judge Leo T.
                                                :  Sorokin
ALL PRODUCTS LIABILITY CASES                    :
                                                :
                                                :
                                                :
                                                :
----------------------------------------------- x

# **DEFENDANTS' PROPOSED *DAUBERT/FRYE* AND SUMMARY JUDGMENT PRE-HEARING AND HEARING PROTOCOL**

On February 19, 2008, the Court asked the parties to confer regarding the format and structure of the joint *Daubert/Frye* and summary judgment hearing scheduled for June 19-20, 2008. The parties have conferred in good faith but have been unable to agree on all of the elements of the protocol that should apply for the hearing.

Set forth below is the protocol proposed by defendants Pfizer Inc. and Warner-Lambert Company LLC's ("Defendants"). Defendants believe that their proposed protocol will ensure a full airing of the legal and scientific issues presented by Defendants' motions for summary judgment and to exclude, and will enable all concerned to take full advantage of the opportunity that having both this Court and Justice Friedman at the hearing will present.

The Court will note that Defendants propose and respectfully request a full day and a half hearing, beginning at 9:00 a.m. on June 19 and June 20. They do so because of the detailed, scientific nature of the issues involved in the motions. Defendants do not believe that all of these issues can be addressed appropriately during two half-day sessions.

**I.    Pre-Hearing Deadlines**

   A.    <u>Service of "direct" affidavits</u> – On or before **May 16, 2008,** Plaintiffs shall serve affidavits, including any proposed exhibits, setting forth the proposed direct testimony of any of their three general causation witnesses who are the subject of the motion to exclude and who will appear live at the *Daubert/Frye* hearing.  On or before **May 30, 2008**, Defendants shall serve affidavits, including exhibits, setting forth the proposed direct testimony of the expert witnesses, if any, whom defendants expect to call at the *Daubert/Frye* hearing.

   B.    <u>Direct affidavits</u> – The affidavits shall be limited to 15 pages (double-spaced, 12 point font) per live witness, and the opinions expressed in the affidavits shall be limited to the opinions contained in the Rule 26 reports and the deposition testimony of the respective expert witnesses in this action.

**III.   Structure of June 19-20, 2008 Hearing**

   A.    <u>Opening argument on all motions</u> – The parties shall present argument on Defendants' motions for summary judgment and *Daubert/Frye* motions at the joint hearing as follows:.

      1.    Summary judgment will be argued first by both sides, followed by opening arguments on the *Daubert*/*Frye* motions.  As the moving parties, Defendants shall present their argument first and have 30 minutes total for argument, with the right to reserve time for rebuttal.  Plaintiffs shall have 30 minutes total response time.

      2.    Opening arguments by each side on the *Daubert/Frye* motions will follow.  The opening argument should attempt to streamline the inquiry for the Court.

2

Defendants, as the moving parties, shall present their opening argument first. Each side shall have 30 minutes.

B.  <u>Presentation of evidence</u> – Following the opening arguments, Defendants shall begin the cross examinations of Plaintiffs' expert witnesses subject to the motion to exclude and designated to appear live. Defendants shall have 1.5 hours for cross examination of each of witness, followed by re-direct, if any, by Plaintiffs of no more than 15 minutes. It is anticipated that the cross examination of Plaintiffs' witnesses will be completed on June 19. To the extent that Defendants' cross examination of Plaintiffs' expert witnesses is not completed on June 19, however, it will resume on June 20, to be followed by Plaintiffs' cross-examination of Defendants' expert witnesses, if any. Plaintiffs shall have 1.5 hours to cross examine Defendants' expert witnesses, followed by a re-direct by Defendants, if any, of no more than 15 minutes.

C.  <u>Closing argument</u> – Closing argument on the *Daubert/Frye* and Summary Judgment motions will follow cross examination of Defendants' witnesses. Plaintiffs shall present their closing argument first, followed by Defendants. Each side shall have 30 minutes of closing argument.

Dated: April 28, 2008                              Respectfully submitted,

                                                  DAVIS POLK & WARDWELL

By:   /s/ James P. Rouhandeh
        James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000

      -and-

SHOOK, HARDY & BACON L.L.P.

By:   /s/ Scott W. Sayler
        Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel: (816) 474-6550

      -and-

HARE & CHAFFIN

By:   /s/ David B. Chaffin
        David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

- 5 -

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on April 28, 2008.

                                        /s/ David B. Chaffin
                                        David B. Chaffin