UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
: MDL Docket No. 1629
In re:  NEURONTIN MARKETING, :
       SALES PRACTICES AND : Master File No. 04-10981
       PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
PRODUCTS LIABILITY ACTIONS :
:
------------------------------------------------------------x

### PRODUCTS LIABILITY PLAINTIFFS' PROPOSED
### *DAUBERT/FRYE* PRE-HEARING AND HEARING PROTOCOL

**I.    PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this proposed *Daubert/Frye* hearing protocol in response to Defendants Pfizer Inc. and Warner-Lambert Company LLC's proposed protocol, dated April 28, 2008. (ECF Doc. # 1246.)  As set forth below, Plaintiffs request the Court conduct the joint *Daubert/Frye* hearing in such a manner that affords Plaintiffs the right to directly examine their own experts and does not limit the direct examination to pre-hearing affidavits.

Plaintiffs requested the hearing so that Plaintiffs' experts could provide live testimony regarding their opinions and the methodologies utilized to reach those opinions.  First, given the gravity of Defendants' application to exclude Plaintiffs' experts, and assuming the burden of proof has now shifted to Plaintiffs to oppose Defendants' arguments, Plaintiffs should be entitled to have their experts provide succinct testimony via direct examination.  Second, each of Plaintiffs' three experts that Defendants seek to preclude has already provided a narrative report and declaration, and each has already provided at least sixteen hours of deposition testimony

setting forth their opinions and the methodologies used to reach those opinions.[1] Plaintiffs and their experts should not be burdened with the obligation of providing yet another written disclosure of the expert opinions via affidavit: such a burden carries with it both significant time and expenses that are not necessary or fair to place on Plaintiffs' shoulders at this time. Third, Plaintiffs already know that at least one expert (Michael Trimble, M.D.) is physically unavailable to provide an affidavit in time for the hearing. Instead of pre-hearing affidavits, Plaintiffs should be allowed to elicit direct testimony from experts that encapsulate their opinions and the methodologies used to reach those opinions.

Plaintiffs' proposal below excludes live testimony by Defendants' experts. Defendants' experts are not the subject of any *Daubert/Frye* challenge. As set forth below under Procedural History, and as it pertains to witness testimony at the subject hearing, on February 19, 2008, the Court discussed the potential structure of the subject hearing prior to the filing of any motions by either party (which were filed March 7, 2008). Presumably anticipating that both sides may file motions to exclude the other party's experts, the Court theorized as follows: "And the theory would be: You [Plaintiffs] get one day, you [Defendants] get another." *See* Motion Hearing Transcript, attached hereto as Pls.' Ex. C at 43-44. Now that the Court has been presented with only Defendants' motion to exclude Plaintiffs' experts, Defendants' experts are not the subject of a *Daubert/Frye* challenge. Consequently, there is no reason for Defendants to "get one day" to have their experts testify.

Defendants' pending motion to exclude expert testimony that is the subject of the Court's *Dauber/Frye* hearing is limited to the qualifications and opinions of Plaintiffs' experts (Doctors Trimble, Kruszewski and Blume). As such, the only witnesses who need appear to oppose

---

[1] Both Dr. Trimble and Dr. Kruszewski have already succinctly testified at their depositions concerning each expert's core opinions. *See* excerpts from Dr. Trimble's 10/19/08 Dep., attached as Pls.' Ex. A; excerpts from Dr. Kruszewski's 12/7/08 Dep., attached as Pls.' Ex. B.

Defendants' motion are Plaintiffs' experts. The Court can thus decide the merits of Plaintiffs' experts' qualifications and opinions based upon their *Daubert* hearing testimony and the well-prepared memoranda and exhibits submitted by the parties. Defendants' experts' criticism of Plaintiffs' experts have already been set forth in their expert disclosures and declarations and have been adequately summarized in Defendants' memoranda of law; and Defendants' counsel will have the opportunity to vigorously cross examine each Plaintiffs' expert at the hearing.

## II.     PROCEDURAL HISTORY

At a conference before this Court on February 19, 2008, <u>Plaintiffs advised the Court that they sought to have their experts appear</u> at a *Daubert* hearing so as to provide live testimony. Pls.' Ex. C at 40. This Court was sympathetic to Plaintiffs' request:

> THE COURT: I'm actually quite sympathetic to that because it's a way for me to learn. And one way to discuss this is to have – I've done this before where you put in the direct exam through your affidavits and reports, do a little brief sum-up so I can ask questions, and then spend most of the time on cross.

Pls.' Ex. C at 40. Although the parties and the Court did not discuss at length a specific protocol or allotted time for the hearing, the Court provided guidance for the parties to consider as follows:

> THE COURT: And the theory would be: You get one day, you get another. You put in an affidavit that basically puts in your case, maybe a half an hour, an hour that basically explains your position, and then an hour on cross. And I think if we did that, we'd pretty much --- maybe I'm --- or I may have to give you another day if you think there are four. Maybe you don't have to put all of them on.
>
> . . . .
>
> THE COURT: So you can just talk about scripting that, if that makes any sense, and I'll protect you on the  -- maybe we'd even give you in the afternoons if it  -- we'll try and keep those light..

Pls.' Ex. C at 43-44. Subsequently, via the Court's electronic Order posted to ECF on March 19, 2008, the Court scheduled the *Daubert* hearing as follows:

3

> ELECTRONIC NOTICE OF RESCHEDULING. The Joint Daubert Hearing before Judge Patti Saris and Judge Marcy Friedman previously set for 4/29/08 and 4/30/08 has been RESCHEDULED by agreement of both judges to 6/19/08 at 2:00 PM and 6/20/08 at 2:00 PM in Courtroom 19, US District Court, Boston, MA. (Alba, Robert) (Entered: 03/19/2008)

The electronic order does not reference Defendants' pending motions for summary judgment or schedule any time for oral argument of Defendants' summary judgment motion. The Court is aware that Defendants filed not only a motion to exclude Plaintiffs' experts' testimony (the subject of the Joint *Daubert* Hearing), but also filed a motion for summary judgment based upon preemption and failure-to-warn theories. Although the electronic order is silent as to the summary judgment motion, Defendants' proposed protocol (ECF Doc # 1246) not only includes reference to the Joint *Daubert* Hearing pertaining to their motion to exclude experts, but Defendants have also included time for oral argument of the summary judgment motion. Neither party has sought clarification of the Court's order. It is clear only that June 19 and June 20 have been scheduled for purposes of the motion to exclude experts (i.e., a Joint *Daubert* Hearing).

Plaintiffs welcome oral argument on the motion for summary judgment currently pending before this Court, and Plaintiffs do not oppose additional time being afforded on June 19 and June 20 specifically to address oral argument on the summary judgment motion. However, based upon the Court's unequivocal Order setting forth only a "Joint *Daubert* Hearing" for 2:00 p.m. on both June 19 and June 20, Plaintiffs' proposal herein is limited to the protocol for a "Joint *Daubert* Hearing" only.

### III. PLAINTIFFS' PROPOSED HEARING PROTOCOL

#### A. Identification of Witnesses

1. <u>Identification of Witnesses</u>: Absent unforeseen circumstances making a witness physically unavailable, each of Plaintiffs' experts subject to Defendants' motion to

4

exclude testimony shall appear and provide testimony regarding his or her respective opinion on general causation. Specifically, Plaintiffs identify experts Michael Trimble, M.D., Stefan Kruszewski, M.D., and Cheryl Blume, Ph.D.

**B**.   **Structure of June 19-20, 2008 Hearing** – Consistent with the Court's electronic order of March 19, 2008, Plaintiffs propose a hearing of approximately 6 hours to be divided equally between the parties.

- A. <u>Opening Statements</u>: The parties shall present opening statements that will encapsulate the arguments made in the parties' memoranda related to Defendants' motion to exclude testimony of Plaintiffs' experts, and that will streamline the inquiry for the Court. Plaintiffs shall present their opening statement first, followed by Defendants. Each party shall be afforded 10 minutes.

- B. <u>Presentation of Evidence</u>:

    i. Plaintiffs shall inquire of Plaintiffs' expert witnesses via a direct examination, not to exceed 35 minutes per witness.
    ii. Defendants may cross-examine Plaintiff's expert witnesses for a time period not to exceed 1 hour.
    iii. Plaintiffs may inquire of Plaintiffs' expert witnesses via a re-direct examination, if any, not to exceed 15 minutes.

- C. <u>Closing Statements</u>: The parties shall present closing statements after the presentation of evidence. Defendants shall present their closing statement first, followed by Plaintiffs. Each party shall be afforded 10 minutes.

Dated:  April 29, 2008                     Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*


By:    **/s/ Andrew G. Finkelstein**
         Andrew G. Finkelstein, Esquire
         Finkelstein & Partners, LLP
         436 Robinson Avenue
         Newburgh, NY  12550


By:    **/s/ Jack W. London**
         Jack W. London, Esquire
         Law Offices of Jack W. London
            & Associates
         106 E. 6th Street, Suite 700
         Austin, TX  78701

5

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on April 29, 2008.

                                                   **/s/ Andrew G. Finkelstein**
                                                    Andrew G. Finkelstein, Esquire