UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| *Allen, et al. v. Pfizer, Inc. et al, 1:07-cv-11795-PBS*<br>*Anderson et al. v. Pfizer, Inc. et al., 1:05-cv-10835-PBS*<br>*Cooper, et al. v. Pfizer Inc. et al., 1:05-cv-10834-PBS* | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CLAIMS OF PLAINTIFFS REPRESENTED BY THE LEVI BOONE LAW FIRM PA FOR FAILURE TO COMPLY WITH THE COURT'S CERTIFICATION ORDERS**

Defendants Pfizer Inc. and Warner-Lambert Company LLC (together, "Defendants") respectfully submit this memorandum in support of their motion to dismiss the claims of plaintiffs represented by the Levi Boone Law Firm PA ("the Boone Law Firm") for failure to comply with the Court's certification orders.

**PRELIMINARY STATEMENT**

The Boone Law Firm filed three Complaints on behalf of 393 individual plaintiffs who were allegedly prescribed Neurontin for off-label uses for which it was not efficacious, and claim to have suffered one or more injuries as a direct result of their Neurontin use. *See Allen, et al. v. Pfizer, Inc. et al, 1:07-cv-11795-PBS; Anderson et al. v. Pfizer, Inc. et al., 1:05-cv-10835-PBS; Cooper, et al. v. Pfizer Inc. et al., 1:05-cv-10834-PBS.* Of the 393 plaintiffs, none allege completed suicide and only six allege an attempted suicide. The remaining 387 plaintiffs allege some combination of 117 diverse injuries that are novel to this litigation including high blood pressure, low blood pressure, irregular blood pressure, strep throat, flatulence, paralysis of

- 1 -

internal organs, numb lip, numb thumbs, numb face, "about to bite her tongue", hair loss, staff [sic] infection in blood, congestive heart failure, anyerius [sic] on the aorta, heart attack, stroke, scerosis [sic] of the liver, inflamed liver, enlarged liver, inflamed pancreas, dimenture [sic], fighting, leg amputation, shaking inside, nightmares, sleep apnea, deep sleep, high blood sugar, diabetes, fainting, itchy feeling, stomach aches, bleeding ulcers, frequent urination, inability to urinate, and dizziness.  (See Exhibit A to Declaration of Pamela Macer ("Macer Dec.") for complete list of alleged injuries.).

On November 9, 2007, this Court issued a Products Liability Case Management Order ("Certification Order")  requiring plaintiffs' counsel to file a certification that they had taken certain actions with respect to each plaintiff they represent.  Specifically, the Court ordered plaintiffs' counsel to certify that: (1) they have conferred with the individual plaintiff; (2) the plaintiff intends to proceed with the litigation (absent a request for dismissal); (3) *they have reviewed the relevant medical records and allegations of the complaint*; and, (4) *they believe pursuit of the action is warranted.*  (November 9, 2007 Order at 2-3) (Docket #949) (emphasis added).  The Court issued this Order to identify those plaintiffs for whom there is a reasonable basis to believe that the plaintiff's off-label use of Neurontin caused the complained-of injury, and to preclude a continuation of the pattern of motions to withdraw and motions to dismiss being filed when individual claims came under review.  In response to this Order, the Boone Law Firm certified 391 of 393 individual plaintiffs.  The Boone Law Firm failed to follow, however, the Court's certification process that required a review of relevant medical records.  Further, the language of the certification filed by the Boone Law Firm fails on its face to comply with the Certification Order.

In an effort to clarify the status of each plaintiff, the Court issued Discovery Order No. 19 on January 4, 2008 (Docket No. 1049) which required plaintiffs' counsel to provide the Court with a comprehensive list identifying the status of each plaintiff by February 6, 2008. Rather than providing the comprehensive list of plaintiffs, the Boone Law Firm provided the Court with the names of its three cases.

Finally, on March 24, 2008, the Court issued Discovery Order No. 23 (Docket No. 1179) directed, in part, at the Boone Law Firm. Because the list and papers submitted by the Boone Law Firm in response to the previous certification orders were "incomplete or ambiguous," the Court again ordered the Boone Law Firm to provide a list identifying the status of each of its plaintiffs and to certify to the Court that it had complied with Discovery Order No. 19. The deadline for the Boone Law Firm to respond was April 9, 2008. To date, the Boone Law Firm has failed to file any response.

The Boone Law Firm has consistently disregarded the Court's certification orders. Accordingly, the claims of the Boone plaintiffs that were improperly certified should now be dismissed with prejudice.

**ARGUMENT**

When a party fails to comply with a Court's pre-trial orders, the Court has the inherent power to "choose from a broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003). *See also Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002) ("Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme,…disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal.)"); *Jones v. Winnepesaukee Realty,* 990 F.2d 1, 5 (1st Cir. 1993);

*Rosario-Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir. 1998); *Robinson v. Hallenbeck,* 81 F.3d 1, 2 (1st Cir. 1996); *Top Entertainment Inc. v. Ortega,* 285 F.3d 115, 119 (1st Cir. 2002); *Figueroa Ruiz v. Alegria,* 896 F.2d 645, 649 (1st Cir. 1990); *Cosme Nieves v. Deshler,* 826 F.2d 1, 2 (1st Cir. 1987). In this case, the Court already employed its inherent powers when it warned plaintiffs "**that the failure to file certifications by February 1, 2008 will result in <u>dismissal</u> of their action.**" (Discovery Order No. 19 at 3) (Docket # 1049).

### A. November 9, 2007 Case Management Order

In response to the Court's Certification Order, the Boone Law Firm certified 391 of its 393 plaintiffs on December 18, 2007. The Boone Law Firm did not comply, however, with the Court's certification process that required plaintiffs' counsel to review relevant medical records in order to ensure that there was a factual basis for each plaintiff's claims. First, Defendants have determined that the Boone Law Firm does not possess any records for 23 plaintiffs, and only obtained records for an additional three plaintiffs after Mr. Boone certified them to the Court. Accordingly, Mr. Boone could not have reviewed the relevant medical records for these 26 plaintiffs as required by the Court's Order. Second, the records the Boone Law Firm does have in its possession for the remaining 365 certified plaintiffs are extremely sparse and insufficient to establish that there is any factual basis for the plaintiffs' claims beyond confirming that the plaintiff was prescribed Neurontin. Finally, the three certifications filed by the Boone Law Firm fail on their face to comply with the Court's Certification Order.

#### 1. The "No Record" Certifications

On March 14, 2008, Defendants requested that Mr. Boone produce copies of medical records for 76 certified plaintiffs that had not previously produced their records to Defendants. In response, the Boone Law Firm produced records for 53 of the 76 identified plaintiffs, of which

three were clearly obtained after Mr. Boone certified the plaintiffs[1].  For the remaining 23 plaintiffs, Mr. Boone failed to produce any medical records.  (See Macer Dec., Ex. B, for a list of Boone plaintiffs with no records at time of certification).   In the absence of any records, these 26 plaintiffs were improperly certified.  Accordingly, the claims of these plaintiffs should be dismissed with prejudice.

### 2. The Insufficient Record Certifications

As noted, the Court established a certification process that required Mr. Boone to review relevant medical records for each plaintiff – records that establish there is a factual basis for the plaintiff's claims.  Yet the records the Boone Law Firm produced to Defendants consist largely of pharmacy printouts, pharmacy receipts, medication lists, and /or photocopies of prescription bottles.  Many of the records are single-page, single-prescription documents.  In the most egregious cases, the records do not contain the patient's name or do not include a prescription for Neurontin.  One "record" consists of a one-page photocopy of a pharmacy bottle of Neurontin with no patient name or identifying information on it.

With rare exceptions, there is nothing in these pharmacy records to establish that the Neurontin prescription was for an off-label indication.  And with no exception, there is nothing to establish that the patient suffered any injury, much less that the alleged injury occurred while the patient was taking Neurontin or occurred as a result of ingesting Neurontin.  (See Macer Dec., Ex. C, for a chart of 232 Boone plaintiffs with pharmacy records only, and the deficiencies of the records.)

---

[1]  Mr. Boone produced pharmacy printouts for plaintiffs Gary Carter and Phillip Walker on March 31, 2008.  The records contain fax stamps dated March 28, 2008 which would suggest that Mr. Boone did not possess these records at the time he certified Mr. Carter and Mr. Walker in December 2007.  On April 7, 2008, Mr. Boone produced a pharmacy printout for Elton Mason.  The printout includes prescriptions purchased through April 4, 2008 which confirms Mr. Boone did not possess this record in December 2007 when he certified Mr. Mason.

Where the Boone plaintiffs produced physician or hospital records, they are consistently sparse and do not correlate to the plaintiffs' treatment with Neurontin or to the alleged injury; many of the records merely contain a notation that the patient was taking Neurontin.  Some, like the pharmacy records, consist of one page.  Some of the records indicate that Neurontin was successfully treating the patient or affirmatively establish that the patient was experiencing no side effects.  The overwhelming majority make no mention of the injuries allegedly caused by Neurontin.  Those few records that mention an alleged injury provide no basis for concluding that the injury was caused by Neurontin, or eliminate Neurontin as the cause.

For example, one record contains a note from a physician that the patient stopped taking Neurontin due to GI distress, but the claimed injuries are memory loss and abnormal thinking.  Another record indicates the doctor has eliminated pharmogological causes, including Neurontin, for the patient's nervousness, yet one of the injuries claimed by the plaintiff is nervousness.  In yet another record, on the day the plaintiff was first prescribed Neurontin, the doctor notes that the patient has a history "significant for high blood pressure" - the alleged injury. (See Macer Dec., Ex. D, for a chart of 133 Boone plaintiffs with physician/hospital records and the deficiencies of the records.)  Records that fail to provide any support for a plaintiff's claim or refute those claims do not justify certification, particularly when the expressed intent of the certification is to eliminate meritless claims.  In the absence of relevant medical records that address the merits of plaintiffs' claims, the Boone plaintiffs were improperly certified and their claims should be dismissed with prejudice.

### 3. Non-Compliant Certification Language

In further disregard of the Court's Certification Order, the three certifications filed by Mr. Boone on behalf of 391 plaintiffs contain language that, on its face, fails to comply with the

Court's directive. In his certifications, Mr. Boone stated that his conference with each plaintiff "included the result(s) of a review of the relevant medical records, i.e. record(s) showing off-label use(s)…." (Boone Certifications) (Docket Nos. 1007, 1009, 1010). Putting aside the fact that Mr. Boone did not possess any records to review for 26 plaintiffs, and assuming *arguendo* that the minimal records available for review do show off-label use(s), proof of an off-label use of Neurontin is insufficient to fulfill the requirement or intent of the certification process. Plaintiffs do not merely need to establish that they took Neurontin for an off-label use, but also that they actually suffered the injuries they allege and that the injuries were directly caused by their use of Neurontin.

Additionally, Mr. Boone stated in his certifications, "I believe that pursuit of this action is warranted particularly because Mississippi is a punitive damage state for the commission of a fraud." Whether Mississippi provides punitive damages is irrelevant to the question of whether the pursuit of 391 actions is individually warranted. Again, Mr. Boone failed to comply with the Court's November 9, 2007 Order and, in doing so, circumvented the purpose of the certification process which was to eliminate unsupported claims.

**B.    Discovery Order Nos. 19 and 23**

In an effort to clarify the status of each plaintiff, the Court issued Discovery Order No. 19 on January 4, 2008 which required all plaintiffs' counsel to follow a specific procedure for each non-certified plaintiff and to provide the Court with a comprehensive list identifying the status of each plaintiff by February 6, 2008. To date, nothing has been filed with the Court relating to the two plaintiffs that the Boone Law Firm excluded from certification on December 18, 2007. Further, rather than provide the list of certified individual plaintiffs as required by the order, the Boone Law Firm provided the Court with a list of its three cases. As a result of the Boone Law

Firm's disregard for the Court's order, it was necessary for the Court to issue yet another order in an attempt to clarify the status of the Boone plaintiffs.

On March 24, 2008, the Court issued Discovery Order No. 23 which required the Boone Law Firm to advise the Court that it had certified all 393 plaintiffs named in its three complaints or, in the alternative, to provide a listing of "each and every" plaintiff named in the three lawsuits and identify the case number and the docket number of the certification or motion to withdraw filed for each plaintiff.  The Boone Law Firm failed to file any response to Discovery Order No. 23.

## **CONCLUSION**

The First Circuit has consistently held that dismissal with prejudice is warranted based on the disobedience of court orders. *See supra* p. 3.  In this case, dismissal with prejudice is justified not only by the Boone Law Firm's continued disregard for this Court's orders, but also by the fact that, by failing to comply with the Court's orders, the Boone plaintiffs have failed to establish even the basic premises of their case -  that they were prescribed Neurontin for an off-label use, that it was inefficacious,  that plaintiffs suffered the alleged injuries, or that any of the 117 alleged injuries were caused by a plaintiff's use of Neurontin.  Plaintiffs who filed improper certifications should be subject to the same order of dismissal as plaintiffs who failed to file any certification.  For these reasons, the Court should decertify and dismiss the claims of the Boone plaintiffs.

In the alternative, if the Court is unwilling to dismiss the claims of all of the Boone plaintiffs, the Court should dismiss the claims of the 26 plaintiffs that were certified without records and, for the remaining plaintiffs, enter a case management order directing the Boone Law Firm to provide Defendants sworn statements, supported by expert declarations, proffering basic

information with respect to each case that establishes plaintiff actually suffered the alleged injuries and has a basis for alleging that Neurontin caused the alleged injuries.

Dated:  May 7, 2008            DAVIS POLK & WARDWELL

By:   /s/ James P. Rouhandeh
         James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000


SHOOK, HARDY & BACON L.L.P.

By:   /s/ Scott W. Sayler
         Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

        -and-

HARE & CHAFFIN

By:   /s/ David B. Chaffin
         David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company*

# CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 7, 2008.

/s/ David B. Chaffin
David B. Chaffin

- 9 -