UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
---------------------------------------------------------------:x
In re:  NEURONTIN MARKETING, SALES    :   MDL Docket No. 1629
        PRACTICES AND PRODUCTS        :
        LIABILITY LITIGATION          :   Master File No. 04-10981
---------------------------------------------------------------:
                                      :   Judge Patti B. Saris
THIS DOCUMENT RELATES TO:             :
                                      :   Magistrate Judge Leo T. Sorokin
ALL PRODUCTS LIABILITY CASES          :
---------------------------------------------------------------x
```

**PRODUCTS LIABILITY PLAINTIFFS' PROPOSAL FOR SCHEDULING
TRACK ONE CASES FOR TRIAL AND REMANDING PLAINTIFFS'
DESIGNATED TRACK ONE CASE TO TENNESSEE FOR TRIAL**

The parties have conferred regarding their respective positions on (a) the scheduling of case-specific discovery in the current Track One cases now before this Court, and (b) which case should be the first case to go to trial. The Court has not yet ordered a case-specific discovery schedule or designated which case shall be tried first. The parties have agreed to submit for the Court's consideration their respective proposals.

**I.  Plaintiffs' Primary Proposal for the Scheduling of Track One Cases for Trial: Plaintiffs' Designated Track One Case Should Be Tried First, and Consistent With 28 U.S.C. § 295, This Court Can Be Assigned the Trial in Tennessee.**

Plaintiffs request that after the Court rules on Defendants' *Daubert* and summary judgment motions, Plaintiffs' designated Track One case, *Smith v. Pfizer Inc.*, CA No. 05-11515, should be remanded to the original transferor court, the U.S. District Court for the Middle District of Tennessee, for trial, and that *Smith* should be the first case tried. Although not determinative of the motion to remand the *Smith* case for trial, Plaintiffs also propose that this Court be assigned to preside over the *Smith* case in Tennessee.

### A.     Plaintiffs' Designated Track One Case Should Be the First Case for Trial.

Plaintiffs should be entitled to select the first case that proceeds to trial.  It is, after all, Plaintiffs who brought these cases and Plaintiffs who have the burden of proof at trial.  Additionally, allowing Plaintiffs to select the first case for trial is consistent with this Court's suggestion that the litigants put their "stronger" or "best cases forward."  While there has been no specific order dictating whether Plaintiff, Defendant or the Court shall select the first case for trial, the history of this case supports the position that Plaintiffs designate the first case for trial.

Plaintiffs have repeatedly been required to proceed first in this litigation.  For instance, Magistrate Judge Sorokin had previously ordered Plaintiffs to designate their two Track One cases first, followed by Defendants.  *See* Order on Random Selection of Track One Cases at 2 (ECF Doc. # 620).  Thereafter, Plaintiffs were again ordered by Magistrate Judge Sorokin to designate their first case for trial, followed by Defendants' selection.  *See* Discovery Order No. 11 (ECF Doc. # 735).  Throughout the Track One selection process, Plaintiffs have been obligated to make their designations first.  The procedural precedence set forth by the Court should be followed, and Plaintiffs should be entitled to try their selected case first.

The parties designated cases for trial that they believe put their "stronger" and "best cases forward", consistent with this Court's orders and guidance from the Bench:

> THE COURT: Well, I'm hoping that they pick their best and you take your five best, and then you'd get some decision tree, and prune out the cases that are either going to clearly be winners for them or clearly going to be winners for you, and just create a -- there are too many of these cases to really as a practical matter litigate them all, right?  [12/11/06 Conf. Tr. at 35, attached as Ex. A.]

> THE COURT: I don't know.  It's something you may want to look at.  But let's assume -- what I ideally would like to do is try maybe one.  Or ideally I'd like to try some from one camp and some from another, but I don't know the Boston cases play out, whether they support -- you know, whether they'd be one of yours or one of yours.  I'm not sure   I have jurisdiction. [2/19/08 Conf. Tr. at 44-45, attached as Ex. B.]

> THE COURT: What I'd love to do is, let's assume in your case I have the Daubert in May, I have the hearing. . . . **And if it made sense, to be fair, a back-to-back trial, so that one is sort of more plaintiff, one you think is the stronger case and one you think is stronger.** And then you can decide whether or not settlement is even -- you'd get a number. [Ex. B, 2/19/08 Conf. Tr. at 47 (emphasis added).]

Magistrate Judge Sorokin also has recognized the need for the parties to put forth their "stronger" case for an initial trial when he devised the Track One process:

> The ten Track One cases will be selected as follows. The Court will select six cases at random from the eighty cases brought by the Finkelstein law firm. Thereafter, Plaintiffs shall select two cases and then Defendants shall select two cases. **This process will enable each side to put its best cases forward**, while the random selection will ensure a range of cases as well as mitigate any information disadvantage under which Defendants may labor at this point.[1] [Discovery Order No. 8 at 3 (ECF Doc. # 609) (emphasis added).]

Plaintiffs designated *Smith* before any case commenced in the District of Massachusetts was even added to the Track One list. The *Smith* action, which was commenced in 2005, is far ahead of any of the four Track One cases venued in this District. To deprive Plaintiffs of their right to put forward *Smith* as the first case for trial is inconsistent with the Track One process. Moreover, Plaintiffs' designation of *Smith* is rendered meaningless if the Court ignores *Smith* in favor of cases commenced in the District of Massachusetts. As the Court knows, Plaintiffs have engaged in extensive discovery, taken depositions of numerous witnesses and, with considerable expense, retained case-specific experts in *Smith*. Plaintiffs have also disclosed case-specific expert reports in *Smith*. Under the circumstances, it would be inequitable to require Plaintiffs to expend significant additional time and monies on a matter other than *Smith* and would be contrary to the Orders and guidance previously issued by this Court and Magistrate Judge Sorokin.

---

[1] Thereafter, Judge Sorokin added to the list of Track One cases the actions commenced in the District of Massachusetts. Discovery Order No. 19 at 4-5 (ECF Doc. # 1049). Defendants then chose *Bulger v. Pfizer Inc.*, a case commenced in 2007 in the District of Massachusetts case, as their designated case.

    **B.**    **Plaintiffs Propose That This Court Be Assigned to Plaintiffs' Designated Track One Case, *Smith v. Pfizer Inc.*, in the U.S. District Court for the Middle District of Tennessee.**

If this Court is agreeable, Plaintiffs propose that this Court travel to Tennessee and preside over the trial of Plaintiffs' designated case, *Smith v. Pfizer Inc.* Plaintiffs believe this is consistent with the Court's intention to manage the MDL and preside over the stronger cases from each "camp" on a "back-to-back" basis. (Ex. B, 2/19/08 Conf. Tr. at 45, 47. This Court is most familiar with the facts and circumstances of the substantive issues surrounding the litigation as a whole, and this Court is in the best, most informed position to preside over each party's designated case for trial. Further, presiding over the *Smith* trial in Tennessee may assist the Court in facilitating a resolution to the MDL as a whole.

At a conference before this Court on February 19, 2008, Plaintiffs' counsel raised the subject of whether this Court would entertain presiding over the trial in Tennessee:

> MR. FINKELSTEIN: Well, if your Honor is so inclined, and there is some precedence for this, to take a trip to Tennessee and hear a trial there, this case is trial-ready.
>
> * * *
>
> THE COURT: Well, I'll think about that one. [Ex. B, 2/19/08 Conf. Tr. at 45-46.]

Pursuant to 28 U.S.C. § 295 *Conditions upon designation and assignment*, applications may be made to the appropriate Judges in the First Circuit and Sixth Circuit that would enable this Court to preside over the *Smith* trial in Tennessee:

> No designation and assignment of a circuit or district judge in active service shall be made without the consent of the chief judge or judicial council of the circuit from which the judge is to be designated and assigned. No designation and assignment of a judge of any other court . . . shall be made without the consent of the chief judge of such court . . . all designations and assignments of justice and judges shall be filed with the clerks and entered on the minutes of the courts from and to which made.

Consistent with this provision, there is precedent for this Court trying Plaintiffs' Track One case in Tennessee. At the February 19, 2008 conference, Plaintiffs' co-counsel, Mr. Don Barrett, advised that Judge Kathleen McDonald O'Malley, who presides over MDL 1535, *In re Welding Fumes Prods. Liab. Litig.*, in the U.S. District Court for the Northern District of Ohio, at the time was trying one of the MDL cases in Mississippi. Judges have similarly been assigned to preside over cases in other jurisdictions. For instance, Judge Joseph H. Rodriguez, from the U.S. District Court for the District of New Jersey, presided over the trial in *Lee v. Autauga County Bd. of Educ.*, in the U.S. District Court for the Middle District in Alabama, pursuant to a 28 U.S.C. § 295 designation. 59 F. Supp. 2d 1199 (M.D. Ala. 1999); *cf. In re Corrugated Container Antitrust Litig.*, 662 F.2d 875, 878-79 (D.C. Cir. 1981) (where Chief Judge John V. Singleton, who was presiding over the MDL in the U.S. District Court for the Southern District of Texas, "invoked his authority to exercise the powers of the District Court for the District of Columbia pursuant to 28 U.S.C. § 1407(b)," and witness, who was subpoenaed for deposition in the District of the District of Columbia in connection with the MDL proceedings, was ordered by Judge Singleton to answer certain questions).

Plaintiffs' counsel, Kenneth B. Fromson, Esq., has contacted the Operations Manager of the U.S. District Court for the Middle District of Tennessee to request guidance on how one would proceed if this Court were to agree to preside over the *Smith* case in Tennessee. On April 25, 2008, Mr. Fromson received the courtesy of an e-mail correspondence from the Operations Manager concerning the appropriate procedure. (*See* email, attached as Ex. C.) Once the *Smith* case is remanded to Tennessee, Plaintiff would file a motion with the District Judge assigned to the *Smith* case in Tennessee, providing all necessary information such as the estimated time of trial and whether a jury trial was demanded, and request that the case be tried by this Court.

5

Plaintiffs would also make the appropriate applications to the Chief Judges of the First and Sixth Circuits.

In the alternative, if this Court is not amenable to presiding over the trial of the *Smith* case in Tennessee, the Court should order that, once remanded, the *Smith* case be the first case to go to trial in this litigation and coordinate with the Tennessee District Court for an expedited trial date. Whether this Court is amenable to overseeing the *Smith* trial or not, the first case to be tried should be Plaintiffs' selection.

**II.**     **Plaintiffs' Alternative Proposal for Scheduling the Track One Cases for Trial.**

As an alternative to Plaintiffs' first proposal for the scheduling of the Track One cases for trial, Plaintiffs submit that in the interest of judicial economy and minimizing costs to the parties, this Court consolidate for joint trial the four MDL cases that were filed in the District of Massachusetts, namely: *Shearer v. Pfizer Inc.,* CA No., 07-11428; *Bulger v. Pfizer Inc.,* CA No. 07-11426; *Dorsey v. Pfizer Inc.,* CA No. 05-10639; and *Huberman v. Pfizer Inc.,* CA No. 07-11336.

Pursuant to Fed. R. Civ. P. 42 *Consolidation; Separate Trials*, "actions before the court involv[ing] a common question of law or fact" may be consolidated for joint trial "to avoid unnecessary cost or delay." The court has broad discretion in its determination of whether actions should be consolidated. *In re PRI Automation, Inc. Secs. Litig.,* 145 F. Supp. 2d 138, 140 (D. Mass. 2001). A motion for consolidation will generally be granted if the court finds that there are common parties, common issues of law and fact and the costs and benefits of the consolidation militates in favor of consolidation unless a party shows "demonstrable prejudice." *Id.*, citing to *Lavino Shipping Co. v. Santa Cecilia Co., S.A.,* 1972 A.M.C. 2454, 2456 (S.D.N.Y. 1972); *see also Hendris v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495, 1497 (11th Cir.

1985) (the joint trial of four cases "saved the appellants from wasteful relitigation, avoided duplication of judicial effort and did not materially prejudice appellants' rights"). The court in *Hendris* noted that where appropriate, consolidation for trial is encouraged and that any risks of prejudice can be "alleviated by utilizing cautionary instructions to the jury.") *Id.* at 1495. Where the cases "arise from the same operative facts, and substantially the same witnesses will testify in both cases, consolidation is particularly appropriate and will serve the purpose of 'trial convenience and economy in administration.'" *De Figueiredo v. Trans World Airlines, Inc.,* 55 F.R.D. 44, 46 (S.D.N.Y. 1971) (citing to *MacAlister v. Guterma,* 263 F.2d 329 (2d Cir. 1958)) (trial court granted consolidation and found there was no evidence that consolidation would prejudice defendant; the fact that defendant may have to "defend itself against inconsistent *claims*" (emphasis in original) was not synonymous with being forced to proffer "inconsistent defenses").

Plaintiffs submit that the four cases filed in the District of Massachusetts all involve the same operative facts, that Plaintiff or Plaintiff's decedent in question ingested Neurontin manufactured by Defendants and was caused to sustain injury. All the cases involve the same Defendants. All of the complaints are similar, if not almost identical, in terms of the causes of actions alleged. Plaintiffs will utilize the same expert witnesses for general causation in each of the cases; the same defense-corporate witness testimony and documents; and the same FDA documents as evidence. There is no doubt that if the four cases are consolidated for trial, it will save time, effort and resources on the part of this Court. A substantial amount of time, effort and money will also be saved by the parties to this litigation with such a consolidation. Furthermore, consolidating these cases for trial will ensure that, if for some unforeseen reason, one of the trial

cases is dismissed such as on a case-specific dispositive motion (e.g., statute of limitations or specific causation), that there are three other cases ready for trial.

There is precedent for consolidating in pharmaceutical litigations. In *In re Vioxx Litig.*, Judge Higbee of the Atlantic County Superior Court in New Jersey has consolidated Vioxx cases for joint trial. (*See* Minute Entry, Fallon, J., Dec. 1, 2005, p. 2, attached as Ex. D.) In *In re Zyprexa Prods. Liab. Litig.,* MDL 1596, Judge Weinstein of the U. S. District Court for Eastern District of New York has called for consolidation of cases for joint trial. (*See* Case Management Order No. 26, attached as Ex. E.). And in a Nevada state court, Washoe County District Judge Robert Perry jointly tried three Prempro cases. (*See* copy of Associated Press article, dated 10-12-2007, attached as Ex. F).

If the Court decides it is not appropriate to consolidate for joint trial the four Neurontin cases filed in Massachusetts, as an alternative, Plaintiffs submit that the two Finkelstein & Partners cases commenced in the District of Massachusetts, *Shearer* and *Bulger,* be consolidated for joint trial.

### III.  Discovery and Expert Disclosure Schedule for the Track One Cases.

Plaintiffs propose the following schedule for discovery and expert disclosure on specific causation and dispositive motions in the Track One Cases; the parties do not agree on which cases should be subject to the schedule. Specifically, based upon discussions with Defendants' counsel, it is Plaintiffs' understanding that Defendants seek to limit the discovery schedule to only include Plaintiffs' designated Track One case, *Smith,* and Defendants' designated Track One case, *Bulger*.

Consistent with Plaintiffs' proposals above, the schedule below should apply to the *Smith* and *Bulger* cases only if the Court orders the *Smith* case to be tried first. Otherwise, the schedule

8

should apply to all four Track One cases filed in the District of Massachusetts, *Shearer, Bulger, Dorsey, Huberman*, and Plaintiffs' Designated Track One case, *Smith*. Alternatively, the schedule should apply to both the *Shearer* and *Bulger* cases. Plaintiffs propose the following discovery schedule:

| | | |
|---|---|---|
| 7/1/08 | (Tuesday) | All fact discovery (depositions, documents, etc.) |
| 8/7/08 | (Thursday) | Plaintiffs' case specific expert disclosure |
| 9/22/08 | (Monday) | Depositions of Plaintiffs' experts |
| 10/10/08 | (Friday) | Defendants' case specific expert disclosure |
| 11/26/08 | (Wednesday) | Depositions of Defendants' experts |
| 12/23/08 | (Tuesday) | Dispositive motions (summary judgment, statute of limitations, etc.) |
| 1/13/09 | (Tuesday) | Oppositions to dispositive motions |
| 1/27/09 | (Tuesday) | Replies to dispositive motions |
| 2/10/09 | (Tuesday) | Sur-replies to dispositive motions |

Dated: May 7, 2008                                          Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*

By:    **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY  12550


By:    **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
  & Associates
106 E. 6th Street, Suite 700
Austin, TX  78701

9

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on May 7, 2008.

                                            **/s/ Andrew G. Finkelstein**
                                              Andrew G. Finkelstein