UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES ) <br> PRACTICES, AND PRODUCT LIABILITY ) <br> LITIGATION ) <br> ) <br> ) <br> THIS MOTION RELATES TO ) <br> ) <br> Smith v. Pfizer et al., No. 05-11515-PBS ) <br> Bulger v. Pfizer et al., No. 07-11426-PBS ) <br> ) | MDL Docket No. 1629 <br> Master File No. 04-10981 <br><br> Judge Patti B. Saris <br> Mag. Judge Leo T. Sorokin |

**DEFENDANTS' PROPOSED SCHEDULE FOR
TWO TRIAL WORK-UP CASES**

Pursuant to the Court's instructions, defendants Pfizer Inc. and Warner-Lambert Company ("Defendants) propose the following schedule for the two trial work-up cases, which are identified above, in the event that the cases survive defendants' currently-pending summary judgment and *Daubert* motions regarding general causation and preemption.

**Procedural Background**

Pursuant to various orders by Magistrate Judge Sorokin, the Court and the parties compiled a list of 14 Track One Cases. Under Discovery Order 19 (Docket # 1049), initial discovery was conducted in the Track One Cases. One purpose of this discovery was, per the Court's ruling dismissing plaintiffs' fraud claims, to determine whether there was evidence that the prescribing physicians had prescribed Neurontin based on alleged misstatements. (Docket # 646.) Therefore, the initial discovery in each Track One case was specifically limited to the production of medical and other records and the depositions of the plaintiff, the physician whom plaintiffs had identified as responsible for the prescription of Neurontin, and the sales representative(s) who had called on said physician. This process, which involved dozens of

depositions all across the country, got off track and was delayed by a number of months because after some of the preliminary discovery was completed, plaintiffs' counsel sought to dismiss or to withdraw from certain cases that obviously had no merit, whereupon the list had to be modified and, more important, defendants had to select different cases on which to focus.

A related purpose of this initial, limited Track One discovery was to allow each party to select one case each for full case-specific discovery and trial work-up. This process ultimately led to each side selecting one case as a trial work-up case. The deadline for defendants to make their selection was, under an order of Magistrate Judge Sorokin, April 11, 2008. That day, defendants choose *Bulger v. Pfizer*, No. 07-11426-PBS, as their trial work-up case.[1]

In anticipation of the day when the winnowing process described above would be completed and each side would have identified its trial work-up case, the parties jointly filed last Fall a proposed schedule for expert discovery (beyond general causation) and case-specific dispositive motion practice in the two trial work-up cases to take place if the Court denied the Daubert and preemption motions. (Docket # 906.) A copy of the joint proposal is attached hereto as Exhibit A. The joint proposal set forth the agreed-upon sequence of events, with corresponding deadlines. The schedule that follows is consistent with the joint proposal. It contains a sequence and pace that tracks the joint proposal.

**Proposed Schedule**

| EVENT | DEADLINE/DATE(S) |
|---|---|
| **Hearing on Motions Regarding General Causation and Preemption** | June 19-20, 2008 |

---

[1] *Bulger* was not defendants' first choice. Plaintiffs' counsel dismissed or sought leave to withdraw from the two cases that were on defendants' short list of cases suitable for selection as their trial work-up case, *Strickland* and *Mendoza*.

| EVENT | DEADLINE/DATE(S) |
|---|---|
| **Completion of Fact Discovery** (Between now and July 1, 2008, the parties will complete fact discovery in *Bulger* and *Smith*. In *Bulger* alone, this will include the collection of medical, counseling, treatment, and other records relating to plaintiff's decedent from scores of physicians, hospitals, substance abuse treatment facilities, social service agencies, and other individuals, organizations, and agencies. (Plaintiff's decedent had numerous medical, psychological, and substance abuse problems for which she received treatment from dozens of physicians and providers at many facilities over the course of many years.) In addition, the parties will need to conduct the depositions of numerous such physicians, entities, individuals, organizations, and agencies. Defendants conservatively estimate that the depositions of at least fifteen, and probably closer to twenty physicians and other healthcare professionals alone, will be required. Defendants are in the process of scheduling depositions of health care providers.) | July 1, 2008 |
| **Service of plaintiffs' expert reports in two trial work-up cases** (This will include case-specific causation experts, regulatory experts, efficacy experts, damages experts, and any other previously undesignated experts.) | August 7, 2008 |
| **Depositions of plaintiffs' experts in two trial work-up cases** | September 22, 2008 |
| **Service of plaintiffs' expert reports in two trial work-up cases** (This will include case-specific causation experts, regulatory experts, efficacy experts, damages experts, and any other previously undesignated experts.) | October 10, 2008 |
| **Depositions of plaintiffs' experts in two trial work-up cases** | November 26, 2008 |

| EVENT | DEADLINE/DATE(S) |
|---|---|
| **Filing of dispositive motion in two trial work-up cases** (Motions are to be on issues other than general causation and pre-emption.) | December 23, 2008 |
| **Filing of oppositions to dispositive motions and motions in limine in two trial work-up cases** | January 13, 2008 |
| **Filing of reply briefs on dispositive motions and motions in limine in two trial work-up cases** | January 27, 2009 |
| **Filing of sur-reply briefs on dispositive motions and motions in limine in two trial work-up cases** | February 10, 2009 |
| **Hearing on dispositive motions and motions in limine in two trial work-up cases** | To Be Determined By The Court |

Following the Court's ruling on the motions (and in the event the Court denies those motions) the Court would proceed with the trial of the Bulger case and remand the Smith case to the transferor court for trial.

Dated: May 7, 2008                                       DAVIS POLK & WARDWELL

                                                         By:    /s/ James P. Rouhandeh
                                                                  James P. Rouhandeh

                                                         450 Lexington Avenue
                                                         New York, New York 10017
                                                         (212) 450-4000


                                                         SHOOK, HARDY & BACON L.L.P.

                                                         By:    /s/ Scott W. Sayler
                                                                  Scott W. Sayler

                                                         2555 Grand Boulevard
                                                         Kansas City, Missouri 64108
                                                         (816) 474-6550

                                                                  -and-

- 5 -

                  HARE & CHAFFIN

                  By:   /s/ David B. Chaffin
                          David B. Chaffin

                  160 Federal Street
                  Boston, Massachusetts 02110
                  (617) 330-5000

                  *Attorneys for Defendants Pfizer Inc and Warner-Lambert Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 7, 2008.

                                                    /s/ David B. Chaffin
                                                  David B. Chaffin