UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | | |
|---|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | x : : : : x | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>ALL MARKETING AND SALES PRACTICES ACTIONS | : : : : : x | Magistrate Judge Leo T. Sorokin |

## MOTION FOR A SIXTEEN-DAY EXTENSION OF TIME TO PRODUCE A RULE 30(b)(6) DESIGNEE

Defendants Pfizer Inc. and Warner-Lambert Company LLC respectfully submit this motion for extension of time to produce a Rule 30(b)(6) designee. Defendants certify pursuant to Local Rule 37.1 that they have made a good-faith attempt to resolve this scheduling issue without Court intervention.

On April 25, 2008, the Court issued Discovery Order 24, granting in part and denying in part the Coordinated Plaintiffs' Motion to Compel. The Court ordered the Defendants to produce a Rule 30(b)(6) designee to testify regarding Neurontin-related communications between Warner-Lambert and the named third-party-payor plaintiffs, and certain "operating plans" and "business plans" produced to plaintiffs. Discovery Order 24 further limited the deposition to a period of three hours and provided for it to occur on or before May 25, 2008. Defendants have conferred with their designee, Jeff Henderson, regarding his availability and are apprised that he is not available for an adequate amount of time to prepare and appear for the continued deposition by May 25, 2008.

On April 28, 2008, Defendants began to meet and confer with Plaintiffs to reach a mutually agreeable date for the deposition. (Mizell Decl., Ex. 1). Given the time constraints

1

imposed by the witness's calendar and to allow enough time to adequately prepare for the deposition, Defendants proposed either the morning or afternoon of June 3 or June 6, 2008. *Id.* The Coordinated Plaintiffs refused to agree to any extension of the May 25 deadline. *Id.* The parties conferred again by phone and email on May 1, at which time Defendants proposed June 3, 6, 9, 10, 11, or 12, but Plaintiffs refused to accept any of these dates. (Mizell Decl., Ex. 2). Still, in a further effort to resolve this scheduling issue without burdening the Court, on May 2, Defendants sent a letter to Plaintiffs' counsel urging them to reconsider. (Mizell Decl., Ex. 3). On May 5, 2008, the Coordinated Plaintiffs refused to consider any of these dates citing "impending deadlines,"[1] which they did not specifically identify. (Mizell Decl., Ex. 4).[2]

It has long been the practice of the parties to agree to mutually convenient deposition dates, including extensions of time beyond court-ordered deadlines for Kaiser to produce its designees for deposition, such as the Defendants' consent to the three-week extension for Kaiser to produce Dr. Mirta Millares as its 30(b)(6) designee in response to Discovery Order 17 due to Dr. Millares' "tightly booked" schedule.[3] Despite this, and without any legitimate basis, the Coordinated Plaintiffs have thus far refused to consider granting even a single-day extension even though they have never said they are unavailable to take the deposition on the days offered

---

[1] Plaintiffs currently have until August 1, 2008, to serve expert reports regarding the merits of their claims and they have until November 12, 2008, to file any motions for summary judgment. Though unlikely to be relevant to any expert opinion testimony on behalf of the Coordinated Plaintiffs, a three-hour deposition during either the first or second weeks of June affords ample time for expert witness review.

[2] Plaintiffs erroneously suggest that some form of delay was obtained by promising an affidavit that was not forthcoming. As previously discussed in Defendants' pleadings in response to the Coordinated Plaintiffs' Motion to Compel, Defendants requested that the motion be set for hearing in April, to which plaintiffs had no objection, so that they could confer with their witness – who was out of the country – about potentially supplying a declaration in response to the motion. Plaintiffs subsequently revealed, however, that they were seeking testimony about which the witness has no personal knowledge.

[3] The Court approved the three-week extension in an electronic order dated December 7, 2007.

by Defendants. Given the absence of any impending deadline relevant to this testimony, a short extension would not result in any prejudice to the Coordinated Plaintiffs or these proceedings.

Accordingly, Defendants respectfully request that the Court grant their motion for a sixteen-day extension of time and allow for the deposition set forth in Discovery Order 24 to take place on or before June 10, 2006.

Dated:  May 8, 2008                                Respectfully submitted,

                                                   DAVIS POLK & WARDWELL

                                                   By:   /s/ James P. Rouhandeh
                                                         James P. Rouhandeh

                                                   450 Lexington Avenue
                                                   New York, New York 10017
                                                   (212) 450-4000


                                                   SHOOK, HARDY & BACON L.L.P.


                                                   By:   /s/ Scott W. Sayler
                                                         Scott W. Sayler

                                                   2555 Grand Boulevard
                                                   Kansas City, Missouri 64108
                                                   (816) 474-6550

                                                        - and -

HARE & CHAFFIN

By:  /s/ David B. Chaffin
 David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

## CERTIFICATE OF CONSULTATION

I hereby certify that counsel have conferred in a good faith effort the resolve the issue presented by this motion but were unable to do so.

/s/ David B. Chaffin
David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 8, 2008.

/s/ David B. Chaffin
David B. Chaffin