UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| *Accetullo, et al. v. Pfizer, Inc. et al., 06-10912-PBS*<br>*Girard, et al. v. Pfizer, Inc. et al., 06-11023-PBS* | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE
CLAIMS OF FOUR PLAINTIFFS REPRESENTED BY
THE LAW OFFICES OF NEWTON B. SCHWARTZ FOR
<u>FAILURE TO COMPLY WITH THE COURT'S CERTIFICATION ORDERS</u>**

Defendants Pfizer Inc. and Warner-Lambert Company LLC (together, "Defendants") respectfully submit this memorandum in support of their motion to dismiss the claims of four plaintiffs represented by The Law Offices of Newton B. Schwartz ("the Schwartz Law Firm") for failure to comply with the Court's certification orders.[1]

<u>**ARGUMENT**</u>

The Schwartz Law Firm filed four complaints, purportedly on behalf of 226 individual plaintiffs who claimed that they suffered injury as a result of their use of Neurontin. *See Accetullo, et al. v. Pfizer, Inc. et al., 06-10912-PBS; Anderson et al. v. Pfizer, Inc. et al., 06-11024-PBS; Brewster, et al. v. Pfizer Inc. et al., 06-11022-PBS; Girard, et al. v. Pfizer, Inc. et al., 06-11023-PBS.* On November 9, 2007, this Court issued a Products Liability Case Management Order ("Certification Order") requiring plaintiffs' counsel to file a certification that

---

[1] Defendants also request that the Court grant the motion by the Law Offices of Newton B. Schwartz to dismiss the claims of 94 other plaintiffs as to which no certification has been filed. (Docket # 1219.)

- 1 -

2921192v1

they had taken certain actions with respect to each plaintiff they represent. Specifically, the Court ordered plaintiffs' counsel to certify that: (1) they have conferred with the individual plaintiff; (2) the plaintiff intends to proceed with the litigation (absent a request for dismissal); (3) *they have reviewed the relevant medical records and allegations of the complaint*; and, (4) they believe pursuit of the action is warranted. (November 9, 2007 Order at 2-3) (Docket #949) (emphasis added). The Court issued this Order to identify plaintiffs for whom there is a reasonable basis to believe that the plaintiff/decedent's off-label use of Neurontin caused the complained-of injury, and to preclude a continuation of the pattern of filing motions to withdraw or to dismiss claims that Defendants had indicated, after preliminary discovery, they might include on the list of Track One cases. In Discovery Order No. 19, the Court warned plaintiffs "**that the failure to file certifications by February 1, 2008 will result in <u>dismissal</u> of their action.**" (Discovery Order No. 19 at 3 (Docket # 1049).)

On December 20, 2007 (Docket # 1027) and again on April 11, 2008 (Docket #1220), in response to the Court's Certification Order, the Schwartz Law Firm certified 132 individual plaintiffs. (At the same time, the Schwartz Law Firm moved to dismiss the claims of the 94 plaintiffs it could not certify. (Docket # 1219.)) In certifying, counsel represented to the Court that after *reviewing the relevant medical records and allegations of the complaint*, counsel believed pursuit of the action was warranted. But the Schwartz Law Firm could not have reviewed the relevant medical records for all certified plaintiffs/decedents, as was required by the Court's order, because it was not in possession of medical records for at least four certified plaintiffs/decedents: In a letter dated March 6, 2008, the Schwartz Law Firm admitted that it did not have any medical records for four previously-certified plaintiffs/decedents: (1) Dametria Igbonawam, Individually and as Administratrix of the Estate of Alesha Brown; (2) Joshua M.

- 2 -

2921192v1

Martinez, Individually and as Personal Representative of the Estate of Teresa Huff; (3) Annette White; and (4) Kristina Wilson.  (Declaration of Pamela Macer ("Macer Dec."), Ex. A.)

When a party fails to comply with a Court's pre-trial orders, the Court has the inherent power to "choose from a broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003); *see also Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002) ("Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme,…disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)."); *Jones v. Winnepesaukee Realty,* 990 F.2d 1, 5 (1st Cir. 1993); *Rosario-Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir. 1998); *Robinson v. Hallenbeck,* 81 F.3d 1, 2 (1st Cir. 1996); *Top Entertainment Inc. v. Ortega,* 285 F.3d 115, 119 (1st Cir. 2002); *Figueroa Ruiz v. Alegria,* 896 F.2d 645, 649 (1st Cir. 1990); *Cosme Nieves v. Deshler,* 826 F.2d 1, 2 (1st Cir. 1987).

In contravention of the Court's certification orders, the Schwartz Law Firm certified the claims of (1) Dametria Igbonawam, Individually and as Administratrix of the Estate of Alesha Brown, (2) Joshua M. Martinez, Individually and as Personal Representative of the Estate of Teresa Huff, (3) Annette White, and (4) Kristina Wilson.  Plaintiffs who filed improper certifications should receive the same treatment as plaintiffs who failed to file any certification.  Accordingly, Defendants respectfully request that the Court dismiss the foregoing claims with prejudice and provide any other relief the Court deems just and proper.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court (a) grant the Schwartz Law Firm's motion to dismiss the claims of the 94 plaintiffs that it could not certify

(Docket # 1219), and (b) dismiss the claims of the four plaintiffs that the Schwartz Law Firm improperly certified.

Dated:  May 8, 2008

DAVIS POLK & WARDWELL

By: /s/ James P. Rouhandeh
   James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
   Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

-and-

HARE & CHAFFIN

By: /s/ David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document has been served pursuant to Case Management Order No. 3.

/s/David B. Chaffin

- 4 -

2921192v1