UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER, INC., and | Magistrate Judge Leo T. Sorokin |
| AETNA, INC. v. PFIZER, INC. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE COORDINATED PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A SIXTEEN-DAY EXTENSION OF TIME TO PRODUCE A RULE 30(B)(6) DESIGNEE**

The Coordinated Plaintiffs ("Plaintiffs"), by and through their attorneys, respectfully oppose Defendants' motion seeking additional time to produce an adequately prepared 30(b)(6) witness. Plaintiffs acknowledge that it "has been the practice of the parties to agree to mutually convenient deposition dates" (Defs. Br. at 2), and Plaintiffs have applied that spirit of courtesy and flexibility to the current dispute, which can now only be described as unreasonably protracted. The ongoing delay in obtaining discovery requested almost one year ago has already prejudiced Plaintiffs ability to prepare for the upcoming deadlines set by this Court, in particular, the August 1, 2008 deadline for the exchange of expert reports. Defendants were on notice that Plaintiffs had requested expedited relief in their Motion to Compel (*See* Dkt. No. 1195 at 3 and n.1), and failed to voice any concerns about their ability to meet that request in their opposition papers or at argument. Plaintiffs should not now be required to submit to a further delay. Plaintiffs respectfully submit that Defendants should be held to the deadline ordered by this Court, and produce an adequately prepared 30(b)(6) witness.

Plaintiffs originally noticed the deposition at issue on June 11, 2007. *See* Dkt. No. 1196 at ¶ 5. The topics of that Notice were brought before the Court twice before Mr. Henderson was finally produced for a deposition on December 5, 2007. *See* Dkt. No. 1196 at ¶ 8; Dkt. No. 1226 at 5. At no time did Defendants provide notice to the Court of their intention not to produce a witness prepared to testify as to Warner-Lambert's contacts with the Third-Party Payors. *See* Dkt. No. 1226 at 5. Nor did Defendants notify Plaintiffs prior to Mr. Henderson's deposition of their position that Plaintiffs had received sufficient fact testimony on Warner-Lambert as to relieve Defendants of their obligations to prepare Mr. Henderson on that subject. Instead, Plaintiffs were sandbagged by a laundry list of adopted testimony culled by counsel more than two months after that deposition. *Id.* at 7-8. Defendants did not produce any of the operating or business plans that were first disclosed during Mr. Henderson's deposition until February 14, 2008. *See* Dkt. No. 1196 at ¶ 22.

After Mr. Henderson's deposition, Plaintiffs negotiated with Defendants for months concerning the issues that were finally submitted to the Court on March 7, 2008. *See Id.* at ¶¶ 14-26. The March 7 motion was originally withdrawn by Plaintiffs in good faith reliance upon Defendants' representation that many of the issues in that motion could likely be resolved without Court intervention but for Mr. Henderson's then absence from the country. *Id.* at ¶ 28. The withdrawal was conditioned on Defendants stipulated commitment to continue to meet and confer in good faith. *Id.* Defendants did not continue to meet and confer or procure the promised supplemental affidavit from Mr. Henderson, and Plaintiffs therefore resubmitted their motion on April 4. *Id.* at ¶ 29. That motion specifically argued that Plaintiffs had been prejudiced by the intervening delay and requested expedited relief. Dkt. No. 1195 at 3 and n.1.

Defendants continue to make light of their discovery obligations. Defendants argue that "a three-hour deposition during either the first or second weeks of June affords ample time for expert witness review." (Defs. Br. at n. 1). Plaintiffs find it ironic that Defendants find six weeks a sufficient time for their adversaries to prepare an expert report but deem a year insufficient to prepare their own witness for a 30(b)(6) deposition. Defendants' sole ground for relief is the purported unavailability of Mr. Henderson, the designee who was found to be inadequately prepared on the limited topics at issue. However, Defendants have proffered no explanation as to why an alternate designee cannot be found. Nor have Defendants provided any explanation as to why Defendants did not endeavor to secure the availability of a witness when Plaintiffs submitted their motion papers requesting expedited relief on April 4, 2008.

Defendants cannot now argue to have been blind sighted by Plaintiffs' intention to hold to the deadline ordered by the Court, nor can Defendants justify their failure to secure an available witness long before now. Plaintiffs disagree with Defendants' assertion that the testimony sought is "unlikely to be relevant" (Defs. Br. at n.1) to expert discovery, and request the Court hold the Defendants to the deadline previously ordered.

## CONCLUSION

For the foregoing reasons, the Coordinated Plaintiffs respectfully request that the Court deny Defendants motion for a sixteen-day extension of time to produce a Rule 30(b)(6) designee, and award Plaintiffs their costs of opposing this motion.

DATED: May 9, 2008                         KAPLAN FOX & KILSHEIMER LLP

                                                                                                                                        /s/ Linda Nussbaum, Esq.
Linda Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

*Attorneys for the Coordinated Plaintiffs*

-5-

## CERTIFICATE OF SERVICE

      I hereby certify that on May 9, 2008, I caused this document to be served on the parties pursuant to Case Management Order #3 by causing it to be filed through the Court's ECF System.

      ATTORNEY FOR THE COORDINATED PLAINTIFFS

/s/ Elana Katcher
ELANA KATCHER