UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
In re: NEURONTIN MARKETING,
       SALES PRACTICES AND
       PRODUCTS LIABILITY LITIGATION
------------------------------------------------ x
THIS DOCUMENT RELATES TO:

ALL PRODUCTS LIABILITY CASES


------------------------------------------------ x

: MDL Docket No. 1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T. Sorokin

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE CERTAIN OPINIONS OF DEFENDANTS' REBUTTAL EXPERT, DR. GIBBONS

Pfizer Inc. and Warner-Lambert Company ("Defendants) respectfully submit this opposition to plaintiffs' motion to strike certain opinions of defendants' rebuttal expert, Dr. Gibbons (the "Motion to Strike").

### ARGUMENT

On April 17, the Court granted defendants' motion for leave to name Dr. Gibbons as their rebuttal expert and directed defendants to file Dr. Gibbons' report within 30 days. (Electronic Order, April 17, 2008.)

On April 25, defendants served their reply papers on their *Daubert* motion. The papers included a declaration of Dr. Gibbons. (Docket # 1241.)

**Thereafter**, on April 30, the Court issued an electronic order in response to plaintiffs' request for clarification of the April 17 order. The April 30 order states, "I read plaintiffs' memo but will still permit a rebuttal expert *report* involving only the FDA Alert . . . ." (April 30

Electronic Order (emphasis added).)  Accordingly, the Court's order relating to the scope of Dr. Gibbons' report came after defendants had already submitted the Gibbons declaration.

Defendants have every intention of complying with the April 30 order by providing, within 30 days of the April 17 order, a report by Dr. Gibbons that involves only the FDA Alert. The Motion to Strike is unwarranted, and plaintiffs' suggestion that defendants have not complied with the Court's instructions is incorrect.  Because defendants submitted the declaration of Dr. Gibbons before the April 30 order was issued, and because the declaration is not the report that is due within 30 days of the April 17 order, defendants have not failed to comply with the Court's instructions.

There is more to the Motion to Strike, however, than meets the eye.  Plaintiffs ask the Court to strike not only opinions that they deem unrelated to the FDA Alert, but also the opinions that they concede are directly related to the FDA Alert.[1]  The FDA-Alert-related opinions should be stricken, they say, because they purportedly are offered in violation of disclosure obligations. But plaintiffs have already made this argument before, and the Court rejected it.  Plaintiffs ignore the law of the case and are unnecessarily burdening defendants and the Court with more briefing on this issue.  Clearly, plaintiffs' purpose is to keep Dr. Gibbons from rendering any opinions in this litigation, contrary to the Court's orders allowing them.

The Motion to Strike should be denied.

---

[1] Defendants could demonstrate how the challenged opinions expressed in Dr. Gibbons' declaration relate to the FDA Alert, but do not wish to burden the Court with additional, unnecessary briefing.  Defendants will do so promptly, however, if the Court wishes further briefing on the subject at this time.  Defendants would note, however, that Dr. Gibbons is fully apprised of the Court's April 30 order (as defendants have assured plaintiffs), and he will abide by it in drafting his forthcoming report and defendants will abide by it in serving that report.

Dated: May 12, 2008

DAVIS POLK & WARDWELL

By: /s/ James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

SHOOK, HARDY & BACON L.L.P.

-and-

By: /s/ Scott W. Sayler
     Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

-and-

HARE & CHAFFIN

By: /s/ David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

    I hereby certify that this document has been served pursuant to Case Management Order No. 3.

                       /s/David B. Chaffin