UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | MDL Docket No. 1629 |
| IN RE NEURONTIN MARKETING, ) | |
| SALES PRACTICES AND PRODUCTS ) | Master File No. 04-10981 |
| LIABILITY LITIGATION ) | |
| _____ ) | Judge Patti B. Saris |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Magistrate Judge Leo T. Sorokin |
| ) | |
| ALL PRODUCTS LIABILITY ACTIONS ) | |
| _____ ) | |

### PRODUCTS LIABILITY PLAINTIFFS' EMERGENCY CONDITIONAL MOTION FOR LEAVE TO REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE CERTAIN OPINIONS OF DEFENDANTS' REBUTTAL EXPERT, DR. GIBBONS

Products Liability Plaintiffs respectfully file this emergency conditional motion for leave to file the attached proposed Reply Memorandum in response to Defendants' Opposition to Plaintiffs' motion to strike certain opinions of Defendants' rebuttal expert, Dr. Gibbons.

1. Plaintiffs are proceeding by emergency motion because, pursuant to Magistrate Judge Sorokin's Schedule for Discovery Motions Hearings, *see* Discovery Order No. 16, ECF Doc. # 941, reply memoranda in connection with discovery motions to be heard at the next discovery hearing on May 20, 2008, must be filed by Friday, May 16, 2008.

2. Plaintiffs are proceeding by conditional motion because it is unclear whether Plaintiffs' underlying Motion to Exclude will be deemed a discovery motion to be heard by the Magistrate Judge, as to which leave is not required to file a reply memorandum, or whether the Motion will be deemed a motion to be heard by the District Judge, as to which leave to file a reply memorandum is required pursuant to L.R. 7.1(b)(3).

3. Briefing on Defendants' *Daubert* motion to exclude Plaintiffs' experts was completed on May 2, 2008, in accordance with the Court's briefing schedule.

4. On May 8, 2008, Plaintiffs filed a Motion to Exclude certain portions of the Declaration of Defendants' rebuttal expert, Dr. Gibbons. ECF Doc. # 1270.

5. On May 12, 2008, Defendants filed an Opposition to Plaintiffs' Motion, in which Defendants admitted their intention to file a second rebuttal expert report. ECF Doc. # 1275.

6. Plaintiffs are requesting leave to file a Reply Memorandum to Defendants' Opposition in order to provide additional facts concerning Defendants' representations regarding their rebuttal expert Dr. Gibbons, and to obtain clarification from the Court that Defendants are not entitled to file a second rebuttal expert report which would severely prejudice Plaintiffs.

7. Plaintiffs' proposed Reply Memorandum demonstrates that Defendants' words and actions led Plaintiffs, and perhaps the Court, to believe that the Declaration of Defendants' rebuttal expert Gibbons, ECF Doc. # 1241, filed with Defendants' reply papers on their *Daubert* motion, was the rebuttal report that the Court permitted Defendants to file as set forth in the Electronic Orders entered on April 17, 2008, and April 30, 2008; and Plaintiffs will be severely prejudiced if Defendants are allowed a second rebuttal expert report to be submitted subsequent to the completion of the *Daubert* briefing.

8. Defendants' Opposition makes certain claims and assertions which warrant a reply from Plaintiffs. Moreover, no party will be prejudiced if this motion is granted.

9. The proposed reply is four and a half pages in length.

10. Plaintiffs' Motion to Exclude involves discovery issues (e.g.., the reference to Defendants' failure to disclose Lyrica data). Plaintiffs therefore timely filed their Motion to Exclude, and are prepared to timely file their Reply Memorandum and argue the motion at the next discovery motion hearing on May 20, 2008, in accordance with Magistrate Judge Sorokin's Schedule for Discovery Motions Hearings. *See* Discovery Order No. 16, ECF Doc. # 941.

11. However, in the event that the Motion to Exclude is not deemed a "Discovery Motion" to be properly heard by the Magistrate Judge, but is instead deemed a motion that should be heard by the District Judge, then Plaintiffs may file a reply memorandum only by seeking leave of the Court pursuant to Local Rule 7.1(b)(3).

WHEREFORE, if Plaintiffs' Motion to Exclude is deemed a motion that should be heard by the District Judge, rather than by the Magistrate Judge, then Plaintiffs respectfully request leave to file the attached Reply Memorandum.

Dated: May 14, 2008                                          Respectfully submitted,

*Members of Products Liability*
*Plaintiffs' Steering Committee*

By:   /s/ Andrew G. Finkelstein
     Andrew G. Finkelstein, Esquire
     Finkelstein & Partners, LLP
     436 Robinson Avenue
     Newburgh, NY 12550

By:   /s/ Jack W. London
     Jack W. London, Esquire
     Law Offices of Jack W. London
       & Associates
     106 E. 6th Street, Suite 700
     Austin, TX 78701

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on May 14, 2008.

     /s/ Andrew G. Finkelstein
     Andrew G. Finkelstein