UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LEAVE TO FILE GRANTED ON 05/20/2008** ) | |
| ) | MDL Docket No. 1629 |
| IN RE NEURONTIN MARKETING, ) | |
| SALES PRACTICES AND PRODUCTS ) | Master File No. 04-10981 |
| LIABILITY LITIGATION ) | |
| ) | Judge Patti B. Saris |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Magistrate Judge Leo T. Sorokin |
| ) | |
| ALL PRODUCTS LIABILITY ACTIONS ) | |
| ) | |

**PRODUCTS LIABILITY PLAINTIFFS' REPLY MEMORANDUM IN
SUPPORT OF MOTION TO EXCLUDE CERTAIN PORTIONS OF THE
DECLARATION OF DEFENDANTS' REBUTTAL EXPERT, DR. GIBBONS**

Products Liability Plaintiffs respectfully submit this Reply Memorandum in response to Defendants' Opposition, ECF Doc. # 1275, and in further support of Plaintiffs' Motion to Exclude certain portions of the Declaration of Defendants' rebuttal expert, Robert D. Gibbons, Ph.D. Defendants now admit that they intend to serve a second report in addition to the already served rebuttal opinion Declaration prepared by Dr. Gibbons. For the reasons set forth below, a second report would be improper and should be precluded by the Court.

**ARGUMENT**

Every action Defendants have taken has been consistent with their representations—until now—that the Gibbons Declaration is the rebuttal opinion report that the Court granted Defendants leave to disclose. *See* Electronic Orders entered on April 17, 2008, and April 30, 2008. The purported May 17, 2008 deadline on which Defendants now rely is moot. In fact, after Defendants served the Gibbons Declaration in April, defense counsel offered Plaintiffs an opportunity to depose Dr. Gibbons in Chicago on May 7, May 9 and May 13, 2008. *See* E-mail, attached hereto as Ex. A. This begs the obvious question: why would Defense counsel produce

the witness for deposition before May 17, if Defendants planned all along to disclose the expert's report on May 17, 2008? Common sense dictates that Plaintiffs would depose an expert witness only after the disclosure has been provided. Clearly, the Gibbons Declaration was always intended to be the "report" at issue.

From the moment Defendants included the Gibbons Declaration in their *Daubert* reply papers, they tailored the Declaration to read and be consistent with the requirements of Rule 26(a)(2). Defendants argued in support of their entitlement to a rebuttal opinion that Plaintiffs would not be prejudiced by the disclosure of a rebuttal opinion because the Gibbons Declaration had already been provided to Plaintiffs. ECF Doc. #1247-2, Defs.' Proposed Reply Mem. at 2. Defendants are simply dissatisfied with the Gibbons Declaration and now seek to repair his faulty analysis in a second report.

Despite having already submitted Dr. Gibbons's rebuttal opinion as an integral part of their *Daubert* motion, Defendants now represent that there is still a further more detailed rebuttal opinion that will be disclosed by May 17, 2008. Defendants' argument defies logic as it requires a reader to believe that Dr. Gibbons has additional rebuttal opinions about the FDA Alert that were not important enough to include in his Declaration previously filed in connection with Defendants' *Daubert* motion—arguably their single most important motion in this litigation—but are now to be included in a rebuttal expert "report" that will not be read or considered by the Court as part of the pending dispositive motion practice. If Dr. Gibbons had a substantive opinion to provide, he provided it already in his Declaration that was disclosed to Plaintiffs already and included in Defendants' *Daubert* motion. Defendants' claimed entitlement to a second report is disingenuous.

Plaintiffs will be severely prejudiced if Defendants are allowed to submit a second expert rebuttal report. Plaintiffs and their experts in essence will be denied the right to respond to any information or assertions contained in such a second rebuttal expert report in Plaintiffs' *Daubert* briefing. Unfortunately, Defendants have resorted to such devious tactical maneuvers in an attempt to gain an unfair advantage which should be rectified by the Court. Plaintiffs request that the Court provide clarification that Defendants were permitted one expert rebuttal report and that the Declaration of Dr. Gibbons, filed with Defendants' reply papers to Defendants' *Daubert* motion, was that one rebuttal report.

## **CONCLUSION**

Plaintiffs respectfully request that this Court strike the Declaration of Defendants' expert, Dr. Gibbons, submitted in rebuttal to the FDA Alert, or portions of the Declaration which clearly exceed the Court's Order that limited Defendants to "a rebuttal expert report involving only the FDA alert". Further, Plaintiffs are requesting that the Court strike portions of the Gibbons Declaration, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, which may be confined to the FDA Alert but violate Rule 26 in that such portions rely upon data and/or information and analyses of same heretofore possessed by Defendants and not properly disclosed to Plaintiffs during the discovery process. Moreover, Plaintiffs request that the Court clarify that the Gibbons Declaration was the expert rebuttal report that the Court permitted and order that Defendants are not allowed to file a second rebuttal expert report.

Dated: May 21, 2008

Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By: **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY 12550

By: **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
 & Associates
106 E. 6th Street, Suite 700
Austin, TX 78701

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on May 21, 2008.

**/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein



**"McGroder, Lori (SHB)"**
<LMCGRODER@shb.com>
04/28/2008 03:38 PM

To  KennethFromson@lawampm.com
cc
bcc
Subject  Dr. Gibbons' Deposition Dates

History:  ⤴ This message has been forwarded.

Ken,

Dr. Gibbons has May 7, 9 or 13 available for his deposition in Chicago. At your request, I will determine his availability for later in May, but wanted to get these dates to you as quickly as possible since they are relatively soon.

Mail Gate made the following annotations on Mon Apr 28 2008 14:38:34 CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

---

This Email has been scanned for all viruses by PAETEC Email Scanning Services, utilizing MessageLabs proprietary SkyScan infrastructure. For more information on a proactive anti-virus service working around the clock, around the globe, visit http://www.paetec.com.