UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :   MDL Docket No. 1629

In re:   NEURONTIN MARKETING,           :
        SALES PRACTICES AND            :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  Judge Patti B. Saris
                                        :
THIS DOCUMENT RELATES TO:          :   Magistrate Judge Leo T.
                                        :   Sorokin
ALL PRODUCTS LIABILITY CASES    :
                                        :
                                        :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## JOINT SUBMISSION CONCERNING PROTOCOL FOR JUNE 19 AND JUNE 20 HEARING

Products Liability Plaintiffs and Defendants Pfizer Inc. and Warner-Lambert Company, LLC, submit the following in response to the Court's Electronic Order of April 30, 2008. Pursuant to the Court's instructions, Plaintiffs and Defendants have conferred on a proposed protocol for the Joint Daubert hearing scheduled for June 19-20, 2008, and have agreed on all elements of the protocol, save one. The proposed protocol, including the competing proposals with respect to the element as to which the parties do not agree, is attached hereto as Exhibit A.

The one element of the protocol on which the parties have been unable to agree is opening arguments. The parties' positions on this element are as follows:

**A.**    **Plaintiffs' Position:**

Despite the Court's order excluding oral argument on Defendants' motion for summary judgment from the Joint Daubert hearing, Defendants again seek to have oral argument on their summary judgment motion; Defendants want such argument to take place during the already

limited time allotted on June 19-20; and Defendants seek to add 15 minutes to the parties' opening statements for this purpose. Plaintiffs oppose Defendants' proposal.

Consistent with this Court's Order, dated April 30, 2008, the parties at the Joint Daubert hearing are each to present opening arguments for 15 minutes, relating only to Defendants' *Daubert/Frye* motions (i.e, motion to exclude Plaintiffs' experts). This Court's electronic Order stated unequivocally that "there will be no argument on summary judgment. Opening and closing statements will be 15 minutes a side."

Plaintiffs have devoted resources, time and efforts to plan accordingly in preparation for the Joint Daubert hearing solely as to Defendants' *Daubert/Frye* motions. The limited time allotted by the Court for the Joint Daubert hearing has already been earmarked to exclude oral argument on the summary judgment motion. This Court has reserved a specified limited time period "by agreement of both judges to 6/19/08 at 2:00 PM and 6/20/08 at 2:00 PM" as per the Court's March 19, 2008 electronic Order. Consequently, Plaintiffs have already begun and continue to prepare for the Joint Daubert hearing: limited to the issues of Plaintiffs' experts' opinions and qualifications. With less than a month before the June 19-20 Joint Daubert hearing, Plaintiffs do not have the necessary resources and time to adequately prepare for the oral argument on Defendants' summary judgment motion.

Additionally, there is no meaningful overlap between the issues involved in the *Daubert/*Frye motions, and the substantive issues of preemption and failure-to-warn, that warrant Defendants' request to include oral argument on their summary judgment motion at the time of the Joint Daubert hearing on June 19-20. In fact, Plaintiffs posit that there are far more differences than common issues with the two separate motions and the substantive issues therein. The Court need only reflect upon the parties' voluminous expert disclosures, declarations, and

memoranda of law to recognize that the *Daubert/Frye* issues are deserving of the Court's undivided attention during the time currently allotted. Similarly, the parties' positions on preemption and failure-to-warn, if addressed via oral argument, should not be relegated to part of an opening statement in an otherwise unrelated hearing. Consequently, Plaintiffs agree with this Court's determination that "there will be no argument on summary judgment" on June 19-20.

To the extent that Justice Friedman, who is presiding over the Coordinated Litigation in New York State, seeks to hear oral argument as to summary judgment, Plaintiffs embrace the opportunity. In this regard, both Plaintiffs and Defendants' counsel maintain offices in New York and can appear before Judge Friedman at her courtroom at 80 Centre Street, New York. Assuming arguendo that Justice Friedman adopts Defendants' proposal for a mere 15-minute presentation per side (30 minutes total) on the summary judgment motion, there is little inconvenience, if any, to the parties or the New York Court in having such a presentation in New York.

**B.    Defendants' Position:**

Defendants propose that the parties present opening arguments that relate to both defendants' motion to exclude testimony of plaintiffs' experts <u>and</u> defendants' motion for summary judgment, and that each party be afforded 30 minutes. Plaintiffs want no argument on defendants' motions for summary judgment at any point during the two day hearing, and they want to limit each side to 15 minutes.

Defendants recognize that the Court indicated on April 30 that there "will be no argument on summary judgment" on June 19-20. They respectfully request, however, that the Court reconsider, for multiple reasons.

First, after the Court issued the April 30 Electronic Order, Justice Friedman indicated that she wishes argument on the parallel summary judgment motion that was filed with her. The approach defendants propose would obviate the need for Justice Friedman to hold a separate hearing on this motion. Further, to the extent this Court intends to hear the parties on defendants' motion for summary judgment in this Court – and defendants believe that it is critical that the parties be heard – the approach defendants propose would obviate the need for a separate hearing in this Court. Clearly, defendants' proposed approach would conserve judicial and party resources.

Second, the argument should be combined to reflect the substantial overlap between the motions for summary judgment and the *Daubert/Frye* motions. For example, the FDA Alert bears on both the summary judgment motions and the *Daubert/Frye* motions. Arguing the pending motions piecemeal would require revisiting evidence and issues that overlap, creating a possibility for inconsistencies. Worse than that, if all attention were placed on the *Daubert/Frye* motions, the fact that defendants' motions for summary judgment present separate and independent grounds for relief could become lost in the shuffle.

Third, history belies plaintiffs' suggestions that they have much invested in proceeding pursuant to the Court's April 30 order, that they would be prejudiced if the Court were to hear the pre-emption and failure-to-warn issues on June 19-20, and, indeed, that they oppose argument on the summary motions on June 19-20. Until recently, all parties contemplated that the forthcoming hearing would address both summary judgment and *Daubert* motions. On December 8, 2006, the parties submitted a Stipulation and Proposed Order Regarding the Schedule in the Product Liability Actions that contained a lengthy, detailed schedule for the product liability actions that culminated with:

**"TBD:**        Hearing on summary judgment and <u>Daubert motions</u>"

(Docket # 576 at 3.)  Twelve days later, Magistrate Judge Sorokin issued Discovery Order No. 7,

which contained a schedule for the product liability actions that culminated with:

"TBD:        Hearing on summary judgment and <u>Daubert</u> motions."

(Docket # 582 at 2.)  On July 19, 2007, Magistrate Judge Sorokin issued Discovery Order No.

13.  It contained a revised schedule for the product liability actions, culminating with:

"TBD:        Hearing on summary judgment and <u>Daubert</u> motions."

(Docket # 801 at 3.)  And, on November 8, 2007, plaintiffs filed an Assented-to Emergency

Motion for Extension of Deadlines that sought to postpone multiple deadlines because one of

plaintiffs' experts had sustained a back injury and was unavailable for deposition.  In the motion,

**plaintiffs proposed** dates for "expert discovery and summary judgment motions," the schedule

culminating with:

"TBD        Hearing on motions for summary judgment on general causation
            and preemption and <u>Daubert</u> motions"

 (Docket # 946 at 2.)  Clearly, plaintiffs cannot claim surprise or prejudice.  Nor can they claim,

without contradicting themselves, that they oppose having the Court hear argument on

defendants summary judgment motions on June 19-20.  In their April 29, 2008 proposed protocol

for the hearing, plaintiffs said:

> "Plaintiffs welcome oral argument on the motion for summary judgment currently
> pending before this Court, and Plaintiffs do not oppose additional time being
> afforded on June 19 and 20 specifically to address oral argument on the summary
> judgment motion."

(Docket # 1248 at 4.)

5

Finally, defendants would note that their proposed approach would mean only a 30-minute increase in the length of the June 19-20 hearing, and much would be accomplished during the additional ½ hour.

Defendants' proposal with respect to the duration of the opening argument reflects their request that the Court not limit argument to the *Daubert/Frye* motions:  Limiting the argument to 15 minutes per side is simply not enough time to argue all of the issues that should be argued.

Dated: May 22, 2008                                       Respectfully submitted,


By:   /s/Andrew G. Finkelstein                  By:   /s/ James P. Rouhandeh
        Andrew G. Finkelstein                             James P. Rouhandeh
        FINKELSTEIN & PARTNERS, LLP              DAVIS POLK & WARDWELL
        436 Robinson Avenue                           450 Lexington Avenue
        Newburgh, NY 12250                            New York, NY 10017
        Tel:  (800) 634-1212                              Tel:  (212) 450-4000


                -and-                                                    -and-


By:   /s/Jack W. London                          By:   /s/ Scott W. Sayler
        Jack W. London                                    Scott W. Sayler
        LAW OFFICES OF JACK W.                    SHOOK HARDY BACON
        LONDON & ASSOCIATES                      2555 Grand Blvd.
        106 E. 6th, Suite 700                            Kansas City, MO 64108-2613
        Austin, TX 78701                                 Tel:  (816) 474-6550
        Tel:  (512) 478-5858

                                                                        -and-
*Members of the Products Liability*
*Plaintiffs' Steering Committee*                   By:   /s/David B. Chaffin
                                                                David B. Chaffin
                                                                HARE & CHAFFIN
                                                                160 Federal Street, 23rd Floor
                                                                Boston, MA 02110
                                                                Tel:  (617) 330-5000


                                                        *Attorneys for Defendants Pfizer Inc. and*
                                                        *Warner-Lambert Company LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 22, 2008.


/s/David B. Chaffin_____
David B. Chaffin