UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) MDL Docket No. 1629 ) ) Master File No. 04-10981 ) ) ) Judge Patti B. Saris ) |
| THIS DOCUMENT RELATES TO: | ) Magistrate Judge Leo T. Sorokin ) |
| PRODUCTS LIABILITY ACTIONS | ) ) ) |

**PRODUCTS LIABILITY PLAINTIFFS' RESPONSE TO "DEFENDANTS' PROPOSED SCHEDULE WITH RESPECT TO WORK-UP OF ADDITIONAL CASES"**

Consistent with this Court's directive at the recent May 20, 2008 Status Conference, Product Liability Plaintiffs submit the following response to Defendants' proposal with respect to the work-up of additional Track One cases. *See* ECF Doc. #1297. Plaintiffs respectfully request that the Court adopt Plaintiffs' proposal, ECF Doc. #1264, filed on May 7, 2008, relating to consolidation of the four Track One cases venued in the District of Massachusetts and the case-specific discovery schedule proposed therein. Plaintiffs believe that their proposal provides for the most efficient manner of bringing the overall litigation to a resolution.

Defendants' proposal would have this Court rule over case-specific discovery in cases for which the Court has no jurisdiction for trial. Plaintiffs are firm in their conviction that at the conclusion of the Court's resolution of Defendants' currently pending *Daubert* and summary judgment motions, this Court may remand all cases to their original transferor courts of jurisdiction. With the exception of the parties' work-up of the already designated trial selection cases (*Bulger* and *Smith*) and the three cases filed in the District of Massachusetts[1] that are

---

[1] This Court has jurisdiction for trial over cases filed in the District of Massachusetts. There are already a total of four (4) cases in the Track One group of cases as follows: *Shearer v. Pfizer Inc., et al.,* CA No., 07-11428; *Bulger v.*

already included in the Court's Track One process, the Court need not impose a case-specific discovery schedule for the work-up of any other cases. The schedule for such a work-up will be determined by the original transferor courts.[2] Defendants' most recent proposal would delay this Court's completion of its obligations over discovery until at least the Autumn of 2009.

Assuming the Court is inclined to work up additional cases, Plaintiffs propose that the Court only work up those cases (a) already selected as the parties' trial cases (*Bulger* and *Smith*), (b) over which the Court has jurisdiction for trial (i.e., filed in the District of Massachusetts), and (c) over those Track One cases from other jurisdictions, if any, to which Judge Saris intends to travel to preside over trials. Additionally, these cases should be placed on a discovery schedule far more conservative in time than the schedule proposed by Defendants. Plaintiffs' proposal is consistent with the orderly consolidation of trials or the Court's inclination to have trials back-to-back. Defendants' proposal has at least a 5-month delay between trials.

Specifically, Defendants' proposal fails to ensure that there will be additional cases immediately ready for trial after *Bulger* (District of Massachusetts) and/or *Smith* (District of Tennessee) are resolved via settlement, dismissal or trial. As illustrated in Defendants' proposal, there is a 5-month delay between the end of fact discovery in the *Bulger*/*Smith* cases (i.e., 7/1/08) and the end of fact discovery in any of the remaining Track One cases Defendants' propose in their "work-up" (i.e., 1/16/09). This delay thus continues through dispositive motion practice and ultimately trial.

---

*Pfizer., et al.,* CA No. 07-11426; *Dorsey v. Pfizer Inc., et al.*, CA No. 05-10639; and *Huberman v. Pfizer Inc., et al.,* CA No. 07-11336. Currently pending before the Court is Plaintiffs' proposal that these cases be consolidated for trial.

[2] The parties are already free to engage in discovery of any individual case in the MDL inventory. *See* ECF Doc. # 582 at pp. 2-3 ("While the parties may conduct individualized discovery in any (or all) of the individual actions during the discovery periods set forth above, the foregoing deadlines do not close the individual discovery in the individual cases.").

In response to Defendants' proposal, Plaintiffs propose that the *Smith* case continue forward with the current jointly proposed discovery schedule where fact discovery closes on July 1, 2008. As the Court knows, Plaintiffs have engaged in extensive discovery, depositions of witnesses and the retention of case-specific experts in *Smith*. Plaintiffs have also disclosed case-specific expert reports in *Smith*. Importantly, the Court is respectfully reminded that the decedent's widow, Ruth Smith, is 82 years of age and deserving of an age preference for both a remand and trial.

Plaintiffs maintain their position that the remaining four Track One cases, including Defendants' *Bulger* case, situated in the District of Massachusetts over which the Court has jurisdiction for trial, be placed on a similar discovery schedule ensuring a consolidated trial or back-to-back trials. Plaintiffs are amenable to a 30-day extension so as to ensure fact discovery in these four cases be completed by August 1, 2008. Alternatively, Plaintiffs propose that the two Finkelstein cases venued in the District of Massachusetts (*Shearer* and *Bulger*) be placed on the discovery schedule wherein fact discovery ends July 1, 2008, and the other two cases (*Dorsey* and *Huberman*) have a discovery extension to August 1, 2008. To adopt Plaintiffs' proposal would at least provide the Court with an option to consolidate cases or try them back-to-back without delay.

Dated: May 27, 2008    Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By:    **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY  12550

By: **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
 & Associates
106 E. 6th Street, Suite 700
Austin, TX 78701

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on May 27, 2008.

**/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein