UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS MOTION RELATES TO:<br>ALL PRODUCT LIABILITY ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

### DEFENDANTS' REPLY TO PRODUCT LIABILITY PLAINTIFFS' RESPONSE TO DEFENDANTS' PROPOSED SCHEDULE WITH RESPECT TO WORK-UP OF ADDITIONAL CASES

Defendants Pfizer Inc. and Warner-Lambert Company ("Defendants") respectfully submit this reply to product liability plaintiffs' response to Defendants' proposal with respect to the work-up of additional Track One cases.

Consistent with the Court's comments and instructions at last week's hearing, Defendants' submission on Friday (1) lays out the schedule for *Bulger* and *Smith* that the parties jointly proposed on May 7 and that the Court indicated it is inclined to adopt,[1] and (2) proposes a

---

[1] The schedule is:

| EVENT | DEADLINE |
|---|---|
| Fact discovery closes | 7/1/08 |
| Plaintiffs' expert reports | 8/7/08 |
| Depositions of plaintiffs' experts completed | 9/22/08 |
| Defendants' expert reports | 10/10/08 |
| Depositions of defendants' experts completed | 11/26/08 |
| Dispositive motions | 12/23/08 |
| Oppositions to dispositive motions | 1/13/09 |
| Replies to dispositive motions | 1/27/09 |
| Sur-replies to dispositive motions | 2/10/09 |

schedule that would have five additional Track One cases proceeding closely on the heels of *Bulger* and *Smith*.[2]

Plaintiffs' purported "response" ignores the Court's expressed intentions as to the schedule for *Bulger* and *Smith*, as well as its observation that issues relating to the order of trials (particularly whether Judge Saris would preside over *Smith* in Tennessee) are for another day. Indeed, much of the response is devoted to premature argument concerning consolidation and the order of trials, which does little to address the concern with ensuring that there will be cases in line behind *Bulger* and *Smith*. Defendants have proposed an approach that addresses this concern fairly and efficiently and with the least possible delay. Plaintiffs have reversed field on the schedule for *Smith* and *Bulger* and proposed a menu approach that asks the Court to weigh in on tomorrow's issues today.

The specific order in which cases will be tried is an issue for another day. The only matter that can and should be settled at this point is the pre-trial schedule for the parties' trial work-up selections (*Bulger* and *Smith*) and the cases that will follow. Whether *Bulger* or *Smith*

---

[2]   The proposed schedule for the five additional Track One cases is:

| EVENT | DEADLINE |
|---|---|
| Completion of written discovery (including production of all medical records) | 9/26/08 |
| Fact discovery closes | 1/16/09 |
| Plaintiffs' expert reports | 2/20/09 |
| Depositions of plaintiffs' experts completed | 3/27/09 |
| Defendants' expert reports | 4/6/09 |
| Depositions of defendants' experts completed | 5/11/09 |
| Dispositive motions | 5/22/09 |
| Oppositions to dispositive motions | 6/22/09 |
| Replies to dispositive motions | 7/9/09 |
| Sur-replies to dispositive motions | 7/16/09 |

2

or even some other case is to be tried first must be decided later, based on current unknowns and factors that are beyond the parties and the Court's control, including the state of the various cases and of Judge Saris' docket when pre-trial activities are concluded, Judge Saris' desire and ability to sit in Tennessee for trial of *Smith*, and the state of the Tennessee court's docket. Accordingly, Defendants have not proposed any specific order of trials, their expectation being that the trial-order bridge will be crossed when the parties and the Court come to it. (When that bridge is crossed there will be time – and it will be the appropriate time – to consider factors such as Mrs. Smith's age. This is not the time.)

Also for another day is plaintiffs' half-hearted request for consolidation. If plaintiffs are serious about consolidation, they should make the appropriate motion at the appropriate time, and Defendants will respond. At this point, the record is not sufficient to permit the determinations that a consolidation request requires. Indeed, all that is clear at this point is that consolidation would undermine the tracking approach that the Court and the parties crafted and under which the Court and the parties have been operating.

This infirmity in plaintiffs' consolidation request aside, that which plaintiffs propose simply cannot be accomplished. It will be difficult enough to meet the July 1 discovery cut-off in *Smith* and *Bulger*. **It will not be possible to complete discovery in any other cases before the deadline proposed by Defendants.** A great deal remains to be done in *Huberman, Dorsey,* and *Shearer*. In each of these cases, and with one exception, the parties thus far have deposed only the plaintiff, the prescribing physician, and the sales representative(s), and have collected limited medical records. In each of these cases, more (and typically many more) records must be collected (a very time-consuming task), and many more depositions must be conducted. Moreover, Defendants are legitimately concerned that they cannot even begin to estimate the

amount of discovery that remains in these cases: Just yesterday, plaintiffs served a "Supplemental Disclosure Statement" in *Bulger*. Defendants began to work up *Bulger* based on the initial Rule 26 disclosures and responses to template discovery that plaintiffs served in January. The supplemental disclosure statement served yesterday identifies approximately **five times** as many health care providers as did plaintiffs' initial Rule 26 disclosure statement and responses to template discovery. While Defendants have been aware (through their own efforts) of these additional providers for weeks, the fact remains that the base from which Defendants began to work up *Bulger* was woefully inadequate, and discovery has mushroomed as a result. Unfortunately, the initial disclosures and responses to template discovery in *Bulger* are not atypical, and Defendants fully expect that discovery will mushroom in other Massachusetts cases as well.

In support of their proposals, plaintiffs suggest that if and when Judge Saris rules in their favor on Defendants' motions for summary judgment and *Daubert* motions (a big "if"), the Court may and should simply remand all of the non-Massachusetts product liability cases to their originating courts. Not so. Even if plaintiffs prevail, there will be much more to do in this Court. The purposes of the multi-district litigation process would be ill-served if hundreds of cases in which only rudimentary pre-trial discovery had been conducted were simply shipped back to the many originating courts.

Plaintiffs argue that Defendants' proposal will not result in there being trial-ready cases behind *Bulger* and *Smith* because it calls for a five-month gap between the deadlines in *Bulger* and *Smith* and the deadlines in the five additional cases. Plaintiffs ignore what will happen during those five months. Taking into account the time required for the Court to rule on case-specific summary judgment motions and to pre-try the cases, and for the parties to prepare and

submit their trial filings, the schedule in *Bulger* and *Smith* in all probability will result in the two cases being tried in spring or early summer 2009. Post-trial motions undoubtedly will carry the cases into late summer. By this time, summary judgment motions in the five additional cases will have been fully briefed, probably will have been argued, and perhaps will have been decided. Therefore, the five additional cases will be at most weeks away from trial-ready.

For the foregoing reasons, and those previously stated, Defendants respectfully request that the Court adopt their proposal with respect to the work-up of additional cases (Docket # 1297).

Dated: May 29, 2008

          DAVIS POLK & WARDWELL

          By: /s/ James P. Rouhandeh
               James P. Rouhandeh

          450 Lexington Avenue
          New York, New York 10017
          (212) 450-4000

          SHOOK, HARDY & BACON L.L.P.

          By: /s/ Scott W. Sayler
               Scott W. Sayler

          2555 Grand Boulevard
          Kansas City, Missouri 64108
          (816) 474-6550

               -and-

HARE & CHAFFIN

By: /s/ David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on May 29, 2008.

/s/ David B. Chaffin
David B. Chaffin