UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )  MDL Docket No. 1629
IN RE NEURONTIN MARKETING,          )
SALES PRACTICES AND PRODUCTS        )  Master File No. 04-10981
LIABILITY LITIGATION                )
_____)  Judge Patti B. Saris
                                    )
THIS DOCUMENT RELATES TO:           )  Magistrate Judge Leo T. Sorokin
                                    )
        PRODUCTS LIABILITY ACTIONS  )
_____)

**PRODUCTS LIABILITY PLAINTIFFS' SUR-REPLY TO DEFENDANTS'
REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' PROPOSED
SCHEDULE WITH RESPECT TO WORK-UP OF ADDITIONAL CASES**

Product Liability Plaintiffs submit this sur-reply to clarify their position in regard to the proposed schedule as to the work-up of additional cases and to respectfully request that the Court consider the consolidation of the four cases filed in the District of Massachusetts for trial as fully addressed in Plaintiffs' Proposed Schedule. ECF Doc. # 1264.

After the *Daubert* motion on general causation and the summary judgment motion on preemption are decided by this Court., Plaintiffs intend to request that this Court remand all cases back to the transferor courts, with the exception of the four cases filed in the District Court of Massachusetts, and the *Smith* case <u>if</u> Judge Saris agrees to preside over the trial in Tennessee. Once the *Daubert* and the summary judgment motions are resolved, and assuming there is no longer any generic discovery outstanding, then the only issues that will remain in the these MDL cases will relate to case-specific discovery and determinations which, respectfully, may be addressed by the transferor courts.

It is clear that this proposed schedule may not be sufficiently determined until resolution of the issues of whether: (1) Judge Saris will agree to preside over the *Smith* case in Tennessee;

and (2) the Court will grant consolidation of the four cases filed in the District of Massachusetts for trial, or in the alternative, the two Finkelstein cases filed in the District of Massachusetts (i.e., *Shearer* and *Bulger*).

Plaintiffs addressed the issue of consolidation of the four District of Massachusetts cases for trial in their Proposal. ECF Doc. # 1264. Defendants had the opportunity to address the issue of consolidation in their Response. ECF Doc. # 1273. The parties addressed and discussed the issue before the Court at the last conference on May 20, 2008. This Court has the necessary information to arrive at a determination whether consolidation of the four cases for trial is appropriate. However, if the Court requires additional briefing on the issue, Plaintiffs would respectfully request that the Court hold the decision on the proposed schedule for work-up of additional cases in abeyance and issue an order establishing an expedited briefing schedule for a motion for consolidation of the four cases for trial pending resolution of the motion.

Defendants are disingenuous in their assertion that there is insufficient time to prepare the four District of Massachusetts cases for trial—more than thirteen months from now. Certainly the proposed schedule may be adjusted to accommodate the completion of discovery of the four District of Massachusetts cases to get the cases trial ready within a thirteen-month period.

Moreover, Plaintiffs have not "reversed field on the schedule," as alleged by Defendants. Plaintiffs have made clear that it has always been their intention that the *Smith* case be the first case tried. Plaintiffs have a right to know all of the facts concerning the order in which the cases will be tried, and whether Judge Saris will agree to try the *Smith* case in Tennessee, issues which must be addressed at this time. If Judge Saris is not inclined to preside over the *Smith* case in Tennessee, then Smith should be remanded to its transferor court just like any other case in the MDL over which this Court lacks jurisdiction for case-specific purposes. Any case-specific

discovery and remaining dispositive motions, including on specific causation, should be decided by the *Smith* transferor court.

Defendants are rather cavalier in their attitude towards Plaintiffs' request that this Court direct that the *Smith* case be tried first and on an expedited basis. Whether the *Smith* case deserves to be expedited for trial is a valid consideration for the transferor court and should also be considered by this Court at this time. Moreover, Plaintiffs who have filed these actions have a right to try the case they have selected as the first trial case. If Judge Saris is not inclined to try the *Smith* case, swift remand back to the transferor court after the pending motions are decided is within the control of this Court.

Plaintiffs therefore respectfully request that this Court arrive at a determination concerning whether the four District of Massachusetts cases, or the two Finkelstein District of Massachusetts cases will be consolidated for trial, or, if the Court does not have enough information from the parties to arrive at a determination of whether the cases should be so consolidated, the Court should issue an order establishing an expedited briefing schedule for Plaintiffs' motion for consolidation of the four cases for trial and hold the decision on the proposed schedule for work-up of additional cases in abeyance pending resolution of the issues as to whether Judge Saris will entertain trying the *Smith* case in Tennessee, and Plaintiffs' motion for consolidation.

Dated: May 30, 2008　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　*Members of Products Liability*
　　　　　　　　　　　　　　　　　　　　　　　　*Plaintiffs' Steering Committee*

　　　　　　　　　　　　　　　　　By:　　**/s/ Andrew G. Finkelstein**
　　　　　　　　　　　　　　　　　　　　Andrew G. Finkelstein, Esquire
　　　　　　　　　　　　　　　　　　　　Finkelstein & Partners, LLP
　　　　　　　　　　　　　　　　　　　　436 Robinson Avenue
　　　　　　　　　　　　　　　　　　　　Newburgh, NY  12550

By:    **/s/ Jack W. London**
      Jack W. London, Esquire
      Law Offices of Jack W. London
       & Associates
      106 E. 6th Street, Suite 700
      Austin, TX  78701

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on May 30, 2008.

      **/s/ Kenneth B. Fromson**
      Kenneth B. Fromson, Esquire

4