UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )    MDL Docket No. 1629
IN RE NEURONTIN MARKETING,                      )
SALES PRACTICES AND PRODUCTS                    )    Master File No. 04-10981
LIABILITY LITIGATION                            )
_____)         Judge Patti B. Saris
                                                )
THIS DOCUMENT RELATES TO:                       )    Magistrate Judge Leo T. Sorokin
                                                )
     BULGER v. PFIZER INC., et al.              )    Individual Case No. 07-11426
_____)

**PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM IN SUPPORT
OF THEIR EMERGENCY MOTION FOR A PROTECTIVE ORDER
PROHIBITING DEFENDANTS FROM CONDUCTING SEVEN NOTICED
DEPOSITIONS IN EXCESS OF THE TEN-DEPOSITION LIMITATION PER SIDE
IN VIOLATION OF RULE 30(a)(2)(A) OF THE FEDERAL RULES OF CIVIL
PROCEDURE AND DISTRICT OF MASSACHUSETTS LOCAL RULE 26.2(B)(2)**

Products Liability Plaintiffs respectfully submit this Memorandum in support of their

motion for a protective order prohibiting Defendants from conducting seven depositions as to

which Defendants recently served notices for videotaped depositions duces tecum, namely the

depositions of Nancy Schildone and Stephen Schildone noticed for June 12, 2008, Amanda

Carvallo noticed for June 13, 2008, Russell Gallant and Teresa Gallant noticed for June 11,

2008, and James Gibbons and Linda Landry noticed for June 19, 2008.

The grounds for this motion are that Defendants have reached the ten-deposition

limitation and have neither received consent from Plaintiffs to a stipulation or sought the

required leave from the Court to exceed the ten-deposition limitation as required under Rule

30(a)(2)(A) of the Federal Rules of Civil Procedure and District of Massachusetts Local Rule

26.2(B)(2).  Plaintiffs therefore request that the Court grant a protective order prohibiting

Defendants from conducting the seven depositions.  Plaintiffs are proceeding by Emergency

Motion because the videotaped depositions in question are scheduled to be held in approximately two weeks.

## FACTUAL BACKGROUND

Defendants have already noticed and conducted six depositions in this case: Ronald Bulger Sr. on March 26, 2008; Ronald Bulger Jr. on May 8, 2008; Patricia Bulger on May 7, 2008; Regina Bulger on May 7, 2008; Dr. Crognale on March 25, 2008; and Dr. Goldman on March 22, 2008. (*See* Deposition Notices, annexed as Exhibit A.) Defendants have also scheduled an additional four depositions: Dr. Mengel on June 5, 2008; Dr. Medwid on June 12, 2008; Dr. Jacobs on June 13, 2008; and Joanne Swindell for June 11, 2008. (*See* Deposition Notice and Subpoenas, annexed as Exhibit B.) On June 1, 2008, Defendants served notices for videotaped depositions of an additional seven individuals: Nancy Schildone and Stephen Schildone on June 12, 2008, Amanda Carvallo on June 13, 2008; Russell Gallant and Teresa Gallant on June 11, 2008; and James Gibbons and Linda Landry on June 19, 2008. (*See* Deposition Notices, annexed as Exhibit C.)

## ARGUMENT

Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure provides in relevant part: "A party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants or by third-party defendants." Moreover, District of Massachusetts Local Rule 26.1(C) provides in pertinent part: "(c) Discovery Event Limitations. Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to ten (10) depositions." In *Advanced Sterilization Prods. v. Adir Jacob*, 190 F.R.D. 284 (D. Mass. 2000), the court found that Fed. R.

Civ. P. 30(a)(2)(A) and LR 26.1(C) mandate that a party desiring to conduct more than ten depositions "must *explicitly* seek and obtain leave of court before the party can commence any deposition in excess of the ten-deposition limit." The plaintiffs had noticed 13 depositions and scheduled and conducted depositions 11 and 12 prior to the court's issuance of a ruling on the defendant's motion for a protective order. *Id.* at 286. The court's remedy for plaintiffs' violation of the 10-deposition limitation was to allow defendants either to obtain reasonable costs, including attorney fees, in regard to the 11th and 12th depositions taken, or for defendant to conduct two additional depositions and to **prohibit** plaintiffs from taking the 13th deposition. *Id.* at 287.

Furthermore, other district courts have required that a party must exhaust their ten available depositions before seeking leave of the court for additional depositions. *See Archer Daniels Midland Co. v. Anon Risk Servs.,* 187 F.R.D. 578, 587 (D. Minn. 1999) (finding that "at a minimum [the defendant] should appropriately exhaust its current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others"); *see also Scanlan v. Potter,* 2006 U.S. Dist. LEXIS 29181 (D. Vt. 2006).

Here, Defendants have neither received Plaintiffs' consent by stipulation, nor moved to seek leave from the Court to conduct depositions in excess of the ten allowed by the Federal Rules. Arguably, Defendants should neither notice nor seek leave for additional depositions until the ten depositions each party is allowed by both the Federal and District of Massachusetts rules allowed are completed.

Plaintiffs submit that Defendants' noticing seven deposition in excess of the ten allowed depositions violates both the Federal Rules and the District of Massachusetts Local Rules.

Therefore, Plaintiffs respectfully request that this Court grant Plaintiffs' motion for a protective order and prohibit Defendants from conducting the additional seven noticed depositions, namely, of Nancy Schildone and Stephen Schildone on June 12, 2008, Amanda Carvallo on June 13, 2008, Russell Gallant and Teresa Gallant on June 11, 2008, and James Gibbons and Linda Landry on June 19, 2008.

Dated: June 3, 2008                                    Respectfully submitted,

                                                       *Members of Products Liability*
                                                       *Plaintiffs' Steering Committee*

                                          By:    /s/ **Andrew G. Finkelstein**
                                                 Andrew G. Finkelstein, Esquire
                                                 Finkelstein & Partners, LLP
                                                 436 Robinson Avenue
                                                 Newburgh, NY  12550

                                          By:    /s/ **Jack W. London**
                                                 Jack W. London, Esquire
                                                 Law Offices of Jack W. London
                                                   & Associates
                                                 106 E. 6th Street, Suite 700
                                                 Austin, TX  78701

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on June 3, 2008.

                                                 /s/ **Andrew G. Finkelstein**
                                                 Andrew G. Finkelstein, Esquire