UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
                                                :    MDL Docket No. 1629

In re:  NEURONTIN MARKETING,        :

         SALES PRACTICES AND         :    Master File No. 04-10981

         PRODUCTS LIABILITY LITIGATION   :

---------------------------------------------------------------x    Judge Patti B. Saris

                                                  :

THIS DOCUMENT RELATES TO:         :    Magistrate Judge Leo T. Sorokin

                                                  :

         ALICE HAIRFIELD, Individually and   :

         as Administrator of the Estate of     :

         CHARLES ALEXANDER           :

         HAIRFIELD, JR. Deceased,        :

                                                  :

                   Plaintiff,            :

                                                    :         **ANSWER OF DEFENDANT**

     v.                                        :         **TEVA PHARMACEUTICALS**

                                                  :         **USA, INC.**

         PFIZER INC.,                     :

         PARKE-DAVIS, a Division of        :

         Warner-Lambert Company and      :

         Warner-Lambert Company LLC,     :

         WARNER-LAMBERT COMPANY,    :

         WARNER-LAMBERT COMPANY LLC, :

         and TEVA PHARMACEUTICALS     :

         USA, INC.,                      :

                                                    :

                 Defendants.          :

                                                    :

---------------------------------------------------------------x

      Teva Pharmaceuticals USA, Inc., by its attorneys, Goodwin Procter LLP, as and for its

Answer to the Complaint:

## PARTIES AND JURISDICTION

      1.       Denies each and every allegation contained in paragraph 1 of the Complaint,

except admits that in this action, plaintiff purports to seek recovery from defendants for personal

injuries allegedly sustained by plaintiff's decedent related to his use of the prescription drug gabapentin.

2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

LIBNY/4723033.1

12.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15.    In response to paragraph 15 of the Complaint, admits that Teva Pharmaceuticals USA, Inc. ("Teva") is a Delaware corporation with its principal place of business at 1090 Horsham Road, North Wales, PA 19454, and that Teva is a wholly-owned subsidiary of Teva Pharmaceutical Industries, Ltd., an Israeli corporation.

16.    Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Teva manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the Commonwealth of Pennsylvania, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it.

17.    In response to paragraph 17 of the Complaint, admits that Teva's principal place of business is in the County of Montgomery, Commonwealth of Pennsylvania at 1090 Horsham Road, North Wales, PA 19454.

18.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

3

21.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

LIBNY/4723033.1

32.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint, except admits that Teva manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the Commonwealth of Pennsylvania, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it.

37.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint, except admits that, from time to time in the past and continuing today, Teva has manufactured and sold gabapentin in the United States, including in the Commonwealth of Pennsylvania.

38.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint, except denies each and every allegation insofar as the allegations herein pertain to Teva.

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint, except admits that Parke-Davis is listed by the FDA as a holder of a new drug application ("NDA") for Neurontin®.

5

40.     In response to paragraph 40 of the Complaint, admits that Teva currently manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the State of Pennsylvania, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it, and further admits that Teva manufactured and sold gabapentin as a pharmaceutical for human use.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

## STATEMENT OF THE CASE

42.     The allegations in paragraph 42 are conclusions of law that require no response.

43.     The allegations in paragraph 43 are conclusions of law that require no response.

44.     The allegations in paragraph 44 are conclusions of law that require no response.

45.     Neither admits nor denies the allegations contained in paragraph 45 of the Complaint to the extent they state conclusions of law, except admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

46.     Neither admits nor denies the allegations contained in paragraph 46 of the Complaint to the extent they state conclusions of law, except admits that Teva has an obligation to manufacture, test, label, package, distribute and market its gabapentin product in accordance with its FDA-approved ANDA, all applicable FDA current Good Manufacturing Practices, and all other applicable FDA regulations and provisions of the Food, Drug & Cosmetic Act.

47.     Neither denies nor admits the allegations contained in paragraph 47 of the Complaint to the extent that they state conclusions of law, except admits that Teva complied at

LIBNY/4723033.1

all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

48.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint, except admits that Pfizer and Parke-Davis are listed by the FDA as holders of NDAs for Neurontin®.

49.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49, except admits that Neurontin® is the FDA reference-listed drug for Teva's generic drug product gabapentin, and that Teva's gabapentin is indicated for the management of postherpetic neuralgia and for the treatment of epilepsy.

50.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint.

LIBNY/4723033.1

57.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint.

59.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint, except admits that a document purporting to be a copy of criminal information indicting Warner-Lambert Company LLC  in the United States District Court for the District of Massachusetts was annexed to the Complaint at Exhibit B thereto.

60.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint.

61.    Admits that Teva received its ANDA approval from the FDA to distribute gabapentin in capsule form on October 8, 2004.

62.    Neither denies nor admits the allegations contained in paragraph 62 to the extent that they state conclusions of law, except admits that Teva complied at all times with applicable statutory and regulatory requirements and obligations relevant to the submission of an ANDA for its gabapentin product.

63.    Neither denies nor admits the allegations contained in paragraph 63 to the extent that they state conclusions of law, except admits that Teva complied at all times with applicable statutory and regulatory requirements and obligations relevant to the submission of an ANDA for its gabapentin product.

LIBNY/4723033.1

64.    Neither denies nor admits the allegations contained in paragraph 64 to the extent that they state conclusions of law, except admits that Teva complied with all FDA regulations relevant to the ANDA approval process.

65.    Denies each and every allegation contained in paragraph 65 of the Complaint to the extent that they state conclusions of law, except admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

66.    Denies each and every allegation contained in paragraph 66 of the Complaint.

67.    Denies each and every allegation contained in paragraph 67 of the Complaint, and specifically avers that Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

68.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Complaint, except denies each and every such allegation insofar as it is alleged or implied that plaintiff's decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

69.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Complaint.

70.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Complaint.

71.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiff's decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

74.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiff's decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

75.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiff's decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

76.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiff's decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

77.     In response to paragraph 77 of the Complaint, repeats and realleges its responses to paragraphs 1 through 76 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

## COUNT ONE
## <u>NEGLIGENCE AGAINST THE PFIZER DEFENDANTS</u>

78.     In response to paragraph 78 of the Complaint, repeats and realleges its responses to paragraphs 1 through 77 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

79.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

80.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

81.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

82.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 82 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

83.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

84.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the Complaint.

LIBNY/4723033.1

86.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the Complaint.

87.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint.

## COUNT TWO
## BREACH OF WARRANTY AGAINST THE PFIZER DEFENDANTS

88.    In response to paragraph 88 of the Complaint, repeats and realleges its responses to paragraphs 1 through 87 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

89.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

90.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

91.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

92.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

93.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

LIBNY/4723033.1

94.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 94 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

95.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

### COUNT THREE
### PRODUCT LIABILITY AGAINST PFIZER DEFENDANTS

96.     In response to paragraph 96 of the Complaint, repeats and realleges its responses to paragraphs 1 through 95 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

97.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

98.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

99.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 99 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

100.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

LIBNY/4723033.1

## COUNT FOUR
## <u>NEGLIGENT MISREPRESENTATION AGAINST THE PFIZER DEFENDANTS</u>

101.    In response to paragraph 101 of the Complaint, repeats and realleges its responses to paragraphs 1 through 100 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

102.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102 of the Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104 of the Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 105 of the Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 106 of the Complaint.

107.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 107 of the Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 108 of the Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 109 of the Complaint.

110.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 110 of the Complaint.

LIBNY/4723033.1

111.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the Complaint.

112.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 of the Complaint.

113.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.  Teva admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

114.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 114 of the Complaint.

115.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 115 of the Complaint.

116.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 of the Complaint.

117.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117 of the Complaint.

118.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 118 of the Complaint.

119.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 119 of the Complaint.

LIBNY/4723033.1

120.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 120 of the Complaint.

121.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 121 of the Complaint.

122.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 122 of the Complaint.

123.     In Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the Complaint.

124.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124 of the Complaint.

125.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125 of the Complaint.

126.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 126 of the Complaint.

127.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 127 of the Complaint.

128.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 128 of the Complaint.

129.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 129 of the Complaint.

130.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 130 of the Complaint.

LIBNY/4723033.1

131.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 131 of the Complaint.

132.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 132 of the Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 133 of the Complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 134 of the Complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 135 of the Complaint.

136.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the Complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 137 of the Complaint.

138.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 138 of the Complaint.

139.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 139 of the Complaint.

140.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 140 of the Complaint.

141.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 141 of the Complaint.

LIBNY/4723033.1

142.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 142 of the Complaint.

143.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 143 of the Complaint.

144.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 144 of the Complaint.

145.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 145 of the Complaint.

146.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 146 of the Complaint.

147.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 147 of the Complaint.

148.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 148 of the Complaint.

149.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 149 of the Complaint.

150.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 150 of the Complaint.

151.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 151 of the Complaint.

152.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 152 of the Complaint.

LIBNY/4723033.1

153.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 153 of the Complaint.

154.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 154 of the Complaint.

155.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 155 of the Complaint.

156.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 156 of the Complaint.

157.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 157 of the Complaint.

158.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 158 of the Complaint.

159.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 159 of the Complaint.

160.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 160 of the Complaint.

161.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 161 of the Complaint.

162.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 162 of the Complaint.

163.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 163 of the Complaint.

LIBNY/4723033.1

164.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 164 of the Complaint.

165.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 165 of the Complaint.

166.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 166 of the Complaint, but admits that Plaintiff alleges the amount in controversy exceeds $50,000.

**COUNT FIVE**
**<u>FRAUD AGAINST THE PFIZER DEFENDANTS</u>**

167.     In response to paragraph 167 of the Complaint, repeats and realleges its responses to paragraphs 1 through 166 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

168.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 168 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

169.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 169 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

170.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 170 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

171.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 171 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

172.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 172 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

173.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 173 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

174.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 174 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

175.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 175 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

176.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 176 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

177.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 177 of the Complaint, except admits that plaintiff purports to bring this action pursuant to the statutory provisions recited herein.

180.    [sic]  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 180 of the Complaint, except admits that plaintiff purports to bring this action pursuant to the statutory provisions recited herein.

LIBNY/4723033.1

181.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 181 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

182.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 182 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

183.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 183 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

184.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 184 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

185.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 185 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

### COUNT SIX
### VIOLATION OF THE VIRGINIA CONSUMER PROTECTION STATUTES AGAINST THE PFIZER DEFENDANTS

186.    In response to paragraph 186 of the Complaint, repeats and realleges its responses to paragraphs 1 through 185 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

187.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 187 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

LIBNY/4723033.1

188.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 188 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

189.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 189 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

## COUNT SEVEN
## WRONGFUL DEATH AGAINST THE PFIZER DEFENDANTS

190.     In response to paragraph 189 of the Complaint, repeats and realleges its responses to paragraphs 1 through 189 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

191.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 191 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

192.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 192 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

193.     In response to paragraph 193 of the Complaint, repeats and realleges its responses to paragraphs 1 through 190 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

LIBNY/4723033.1

**COUNT EIGHT**
**NEGLIGENCE AGAINST DEFENDANT TEVA**

194.    In response to paragraph 193 of the Complaint, repeats and realleges its responses to paragraphs 1 through 193 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

195.    Denies each and every allegation contained in paragraph 195, except admits that Teva has an obligation to manufacture, test, label, package, distribute and market its gabapentin product in accordance with its FDA-approved ANDA, all applicable FDA current Good Manufacturing Practices, and all other applicable FDA regulations and provisions of the Food, Drug & Cosmetic Act.

196.    Denies each and every allegation contained in paragraph 196, and specifically denies each and every allegation insofar as it is alleged or implied that plaintiff's decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Teva.  Teva further admits that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

197.    Denies each and every allegation contained in paragraph 197 of the Complaint, and specifically avers that it complied at all times with all applicable statutory and regulatory requirements and obligations with respect to the content of its FDA-mandated and approved product labeling for its gabapentin product.

198.    Denies each and every allegation contained in paragraph 198, and specifically denies each and every allegation insofar as it is alleged or implied that plaintiff's decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Teva.  Teva

24

further admits that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

199.    Denies each and every allegation contained in paragraph 199, and specifically denies each and every allegation insofar as it is alleged or implied that plaintiff's decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

200.    Denies each and every allegation contained in paragraph 200 of the Complaint.

201.    Denies each and every allegation contained in paragraph 201 of the Complaint.

## COUNT NINE
## BREACH OF WARRANTY AGAINST DEFENDANT TEVA

202.    In response to paragraph 202 of the Complaint, repeats and realleges its responses to paragraphs 1 through 201 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

203.    Denies each and every allegation contained in paragraph 203 of the Complaint, except admits that Teva complied at all times with all applicable statutory and regulatory requirements and obligations with respect to the content of its FDA-mandated and approved product labeling for its gabapentin product.

204.    Denies each and every allegation contained in paragraph 204 of the Complaint.

205.    Denies each and every allegation contained in paragraph 205 of the Complaint.

206.    Denies each and every allegation contained in paragraph 206 of the Complaint.

207.    Denies each and every allegation contained in paragraph 207 of the Complaint.

208.    Denies each and every allegation contained in paragraph 208 of the Complaint.

209.    Denies each and every allegation contained in paragraph  209 of the Complaint.

LIBNY/4723033.1

**COUNT TEN**
**PRODUCT LIABILITY AGAINST DEFENDANT TEVA**

210.    In response to paragraph 210 of the Complaint, repeats and realleges its responses to paragraphs 1 through 209 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

211.    Denies each and every allegation contained in paragraph 211 of the Complaint.

212.    Denies each and every allegation contained in paragraph 212 of the Complaint.

213.    Denies each and every allegation contained in paragraph 213 of the Complaint.

214.    Denies each and every allegation contained in paragraph 214 of the Complaint.

**COUNT ELEVEN**
**WRONGFUL DEATH AGAINST DEFENDANT TEVA**

215.    In response to paragraph 215 of the Complaint, repeats and realleges its responses to paragraphs 1 through 214 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

216.    Denies each and every allegation contained in paragraph 216 of the Complaint.

217.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 217 of the Complaint, except denies each and every such allegation insofar as it is alleged or implied that plaintiff and/or plaintiff's decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

218.    Denies each and every allegation contained in paragraph 218 of the Complaint.

**DEFENSES**

By alleging the defenses set forth below, Teva does not admit that it has the burden of proof and/or burden of persuasion with respect to any of these defenses.

LIBNY/4723033.1

## FIRST ADDITIONAL DEFENSE

Plaintiff's Complaint, and each and every allegation therein directed to Teva, fails to state a claim against Teva upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## THIRD ADDITIONAL DEFENSE

Plaintiff's claims against Teva are barred by laches, waiver and/or estoppel.

## FOURTH ADDITIONAL DEFENSE

If plaintiff and/or plaintiff's decedent sustained any injury or incurred any loss or damages as alleged in the Complaint, the same resulted in whole or in part from an intervening cause and/or causes, and any action on the part of Teva was not the proximate and/or competent producing cause of plaintiffs' or their decedent's alleged injuries.

## FIFTH ADDITIONAL DEFENSE

If plaintiff and/or plaintiff's decedent sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Teva neither exercised nor had any right of control, for which Teva is and was not responsible, and whose conduct Teva had no duty or reason to anticipate or control.

## SIXTH ADDITIONAL DEFENSE

If in fact the Complaint is held to contain a claim upon which relief may be granted, then plaintiff's recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiffs or their decedent or other agents or persons other than Teva.

LIBNY/4723033.1

## SEVENTH ADDITIONAL DEFENSE

The manufacture, marketing and labeling of gabapentin was controlled by federal law and Teva was at all times in compliance with applicable federal law with respect thereto; therefore, the Complaint fails to state a claim upon which relief may be granted in that, <u>inter alia</u>, such causes of action, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription items and would constitute an invalid burden by this court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

## EIGHTH ADDITIONAL DEFENSE

In the event plaintiff and/or plaintiff's decedent are found to have suffered any injury, disease, damage, pain and/or disability, the degree of responsibility, negligence, and fault of each person who contributed to said injuries should be determined, and Teva should be held liable only for that proportion of the resulting damage which corresponds to its degree of fault, responsibility, or negligence, if any.

## NINTH ADDITIONAL DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiff and/or plaintiff's decedent as alleged in the Complaint were sustained only after plaintiff and/or plaintiff's decedent knowingly and voluntarily assumed any alleged risk inherent in the use of metoclopramide.

## TENTH ADDITIONAL DEFENSE

Plaintiff and plaintiff's decedent failed to heed the warnings provided by Teva.

LIBNY/4723033.1

## ELEVENTH ADDITIONAL DEFENSE

Upon information and belief, any injury, loss or damage that plaintiff and/or plaintiff's decedent may have sustained was caused in whole or in part by plaintiff and/or plaintiff's decedent's own negligence.

## TWELFTH ADDITIONAL DEFENSE

At all times relevant to plaintiff's claims against Teva, Teva conformed its conduct to the state of medical knowledge, common and accepted procedures in the medical field, professional standards, and the medical and pharmacological state of the art.

## THIRTEENTH ADDITIONAL DEFENSE

Any alleged defect in gabapentin could not have been detected or removed by a reasonable use of scientific procedures or techniques.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's breach of warranty claims are barred by plaintiff's failure to provide timely notice of any alleged breach of warranty.

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiff's breach of warranty claims are barred by the absence of privity between plaintiff and plaintiff's decedent and Teva.

## SIXTEENTH ADDITIONAL DEFENSE

To the extent that plaintiff's claims sound in negligent misrepresentation, such claims are barred by the absence of privity between plaintiff and plaintiff's decedent and Teva.

## SEVENTEENTH ADDITIONAL DEFENSE

Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

LIBNY/4723033.1

## EIGHTEENTH ADDITIONAL DEFENSE

Plaintiff has failed to state a claim against Teva upon which relief may be granted for punitive or exemplary damages.

## NINETEENTH ADDITIONAL DEFENSE

Any injuries, damages and/or losses allegedly sustained by plaintiff and/or plaintiff's decedent were caused in whole or in part by preexisting conditions, for which Teva bears no legal responsibility or liability.

## TWENTIETH ADDITIONAL DEFENSE

Teva discharged its duty to warn by including fair and adequate warnings as to the risks, precautions and potential adverse reactions from using its gabapentin product in the product labeling therefor. Accordingly, Teva is not liable to plaintiff by virtue of the learned intermediary doctrine.

30

WHEREFORE, Teva respectfully requests that the Complaint be dismissed as to it in all respects, together with such other and further relief as to this Court may seem just and proper.

Dated:  June 6, 2008
　　　　Boston, Massachusetts

Respectfully submitted,

TEVA PHARMACEUTICALS USA, INC.

By its attorneys,

/s/ U. Gwyn Williams
U. Gwyn Williams (BBO # 565181)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
gwilliams@goodwinprocter.com

31

## CERTIFICATE OF SERVICE

I, U. Gwyn Williams, hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 6, 2008.

/s/ U. Gwyn Williams