# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------X
In re: NEURONTIN MARKETING, SALES PRACTICES, : MDL Docket No. 1629
AND PRODUCTS LIABILITY LITIGATION :
: Master File No. 04-10981
:
------------------------------------------------------------X Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO: : Magistrate Judge Leo T.
: Sorokin
------------------------------------------------------------X
:
RONALD J. BULGER, SR., as Administrator of the :
Estate of SUSAN BULGER, deceased :
:
07 CA 11426 PBS :
:
------------------------------------------------------------X

**PLAINTIFF'S SUPPLEMENTAL DISCLOSURE STATEMENT**

PLEASE TAKE NOTICE, that, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff(s), by their attorneys, make and supplement their disclosures as follows.

These disclosures are made subject to all objections as to competence, materiality, relevance, or other objections as to admissibility that may apply in the event that any such response, or the information contained in it, is sought to be used in court. Plaintiff(s) expressly reserve all such objections.

**A. Rule 26(a)(1)(A): The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Discovery and investigation in this action is ongoing. Based on the information reasonably available, Plaintiff(s) are unable at the present time to identify each and every individual who would have discoverable information that Plaintiff(s) may use to support their claims or defenses in this

case, and the subjects of such information. Plaintiff(s) reserve the right to supplement these disclosures as they become aware of additional individuals who have such information.

Subject to the foregoing and without waiver of any of Plaintiff(s) rights, the following individuals may have information that Plaintiff(s) may use to support their claims or defenses in this action:

1. Plaintiff(s);

2. Employees and representatives of the Defendants Pfizer, Inc., Parke-Davis, a division of Warner-Lambert Company and Warner-Lambert Company LLC, Warner-Lambert Company, and Warner Lambert Company LLc ("Defendants") who had any communication relating to Neurontin with, or were otherwise in contact relating to Neurontin with the healthcare providers(s) who treated Plaintiff(s) or prescribed Neurontin to Plaintiff(s) and/or Plaintiffs' decedents;

3. Any witness identified or disclosed by Defendants;

4. Any witness necessary to authenticate documents;

5. Defendants' employees and representatives with knowledge as to the safety and/or efficacy of Neurontin, including those listed below;

6. Defendants' employees and representatives with knowledge as to the sale, promotion and/or marketing of Neurontin, including those listed below;

7. Defendants' employees and representatives with knowledge of Clinical Research and Development of Neurontin, including those listed below;

8. Defendants' employees and representatives with knowledge of Medical Information pertaining to Neurontin, including those listed below;

9. Defendants' employees and representatives with knowledge of Medical Liaisons and Neurontin, including those listed below;

10. Defendants' employees and representatives with knowledge of Medical and Scientific Affairs and Neurontin, including those listed below;

11. Defendants' employees and representatives with knowledge of Regulatory affairs and Neurontin, including those listed below;

12. Defendants' employees and representatives with knowledge of Clinical Development and Neurontin, including those listed below;

13. Defendants' employees and representatives with knowledge of Drug Safety and Risk Management and Neurontin, including those listed below;

14. Defendants' employees and representatives with knowledge of Marketing Analytics and Neurontin, including those listed below;

15. Defendants' employees and representatives with knowledge of Medical affairs and Neurontin, including those listed below;

16. Defendants' employees and representatives with knowledge of Medical Grants and Neurontin, including those listed below;

17. Defendants' employees and representatives with knowledge of Medical/Program Planning & Management and Neurontin, including those listed below;

18. Defendants' employees and representatives with knowledge of Outcomes Research & Development and Neurontin, including those listed below;

19. Defendants' employees and representatives with knowledge of RMRS and Neurontin, including those listed below;

20. Defendants' employees and representatives with knowledge of Statistical Analysis and Neurontin, including those listed below;

Subject to the foregoing and without waiver of any of Plaintiff(s) rights, the following additional employees, agents or representatives of the Defendants may have information relating to FDA issues pertaining to Neurontin or otherwise relevant to the issues in this case that Plaintiff(s) may use to support their claims in this action:

| | |
|---|---|
| Mi Dong | Clinical Research and Development |
| Elizabeth Garofalo | Clinical Research and Development |
| Lloyd Knapp | Clinical Research and Development |
| Linda LaMoreaux | Clinical Research and Development |
| Atul Pande | Clinical Research and Development |
| Mark Pierce | Clinical Research and Development |
| Wolfgang Reimann | Clinical Research and Development |
| David Rowbotham | Clinical Research and Development |
| Charles Taylor | Clinical Research and Development |
| V. Trudeau | Clinical Research and Development |

| Name | Department |
|---|---|
| Helen Duda-Racki | Medical Information |
| Mike Davies | Medical Liaisons |
| LeeAnne Fogleman | Medical Liaisons |
| Richard Grady | Medical Liaisons |
| Lisa Kellett | Medical Liaisons |
| Ken Lawlor | Medical Liaisons |
| Joe McFarland | Medical Liaisons |
| Darryl Moy | Medical Liaisons |
| Elizabeth Attias | Medical and Scientific Affairs |
| Adrian Bal | Medical and Scientific Affairs |
| James Black | Medical and Scientific Affairs |
| Jyoti Jankowski | Medical and Scientific Affairs |
| Philip Magistro | Medical and Scientific Affairs |
| William Sigmund | Medical and Scientific Affairs |
| Leslie Magnus-Miller | Medical and Scientific Affairs |
| Alan Blumberg | Regulatory |
| James Parker | Regulatory |
| Jonathon Parker | Regulatory |
| Alan Rubenstein | Regulatory |
| Susan Stanco | Regulatory |
| Lester Reich | Regulatory |
| Janeth Turner | Regulatory |
| John Boris | Sales/Marketing |
| George Cavic | Sales/Marketing |
| J. Allen Crook | Sales/Marketing |
| Victor Delimata | Sales/Marketing |
| Chris DeSimone | Sales/Marketing |
| Robert Doyle | Sales/Marketing |
| John Ford | Sales/Marketing |
| Tim George | Sales/Marketing |
| Edda Guerrero | Sales/Marketing |
| John Howard | Sales/Marketing |
| Laura Johnson | Sales/Marketing |
| John Knoop | Sales/Marketing |
| Nancy Kohler | Sales/Marketing |
| John Krukar | Sales/Marketing |
| David Murphy | Sales/Marketing |
| John Richter | Sales/Marketing |
| Tim Windom | Sales/Marketing |
| John Woychick | Sales/Marketing |

| Name | Department |
|---|---|
| Larry Alphs | Clinical Development |
| Douglas Feltner | Clinical Development |
| | |
| Lalitha Aiyer | Drug Safety and Risk Management |
| Gretchen Dieck | Drug Safety and Risk Management |
| Greg Gribko | Drug Safety and Risk Management |
| Manfred Hauben | Drug Safety and Risk Management |
| Tina Ho | Drug Safety and Risk Management |
| Douglas Kargman | Drug Safety and Risk Management |
| Emily Lanigan | Drug Safety and Risk Management |
| Elizabeth Luczak | Drug Safety and Risk Management |
| Jeffrey Mohan | Drug Safety and Risk Management |
| Esperanza Molina | Drug Safety and Risk Management |
| Kathy Sigler | Drug Safety and Risk Management |
| Deepak Taneja | Drug Safety and Risk Management |
| Tina Zhang | Drug Safety and Risk Management |
| | |
| Melissa Dana | Marketing |
| Suzanne Doft | Marketing |
| Allison Fannon | Marketing |
| Marino Garcia | Marketing |
| Craig Glover | Marketing |
| Christine Grogan | Marketing |
| Leigh Ann Hemenway | Marketing |
| John Krayacich | Marketing |
| John Marino | Marketing |
| Michele Mays | Marketing |
| Avanish Mishra | Marketing |
| Steve Piron | Marketing |
| David Probert | Marketing |
| Jason Totolis | Marketing |
| Meg Yoder | Marketing |
| Andrea Zuechner Malone | Marketing |
| | |
| Nancy Mancini | Marketing Analytics |
| | |
| Robert Glanzman | Medical |
| Bruce Parsons | Medical |
| Leslie Tive | Medical |
| Christopher Wohlberg | Medical |
| Claire Wohlhuter | Medical |
| | |
| Suzan Carrington | Medical Grants |
| Maria McCauley | Medical Grants |

| | |
|---|---|
| Steve Brigandi | Medical/Program Planning & Management |
| Catherine Clary | Medical Information |
| Michelle Claussen | Medical Information |
| Helen Duda-Racki | Medical Information |
| John Rocchi | Medical Information |
| Julie Su | Medical Information |
| Adrian Vega | Medical Information |
| Ellen Dukes | Outcomes Research & Development |
| Kay Sumulak | Postmarket Safety |
| Rudi Altevogt | Regulatory |
| Mary Ann Carnel | Regulatory |
| Lucy Castro | Regulatory |
| Art Ciociola | Regulatory |
| Stephen Cristo | Regulatory |
| Andrea Garrity | Regulatory |
| Chris Pacella | Regulatory |
| Manini Patel | Regulatory |
| Drusilla Scott | Regulatory |
| Valerie Flapan | Review Committee |
| Carolyn Blankmeister | RMRS |
| Tim Hylan | RMRS |
| Jill Kerrick Walker | RMRS |
| Dale Amon | Sales |
| Kim Brett | Sales |
| Mark Brown | Sales |
| Chris Dowd | Sales |
| Mike Fox | Sales |
| Bruce Fleischman | Sales |
| Chris Gish | Sales |
| David Gruber | Sales |
| Dan Linden | Sales |
| Tamela Martin | Sales |
| Kathy Rivas | Sales |
| Michael Romano | Sales |
| James Schultz | Sales |
| Guy Cohen | Statistical Analysis |
| Jack Cox | Pfizer Spokesman |

Paul Fitzhenry         Pfizer Spokesman
Bryant Haskins         Pfizer Spokesman

Subject to the foregoing and without waiver of any of Plaintiff(s) rights, the following additional individuals may have information relating to FDA issues pertaining to Neurontin or otherwise relevant to the issues in this case that Plaintiff(s) may use to support their claims in this action:

Cynthia McCormick
McCormick Consulting LLC
9127 Friars Road
Bethesda, MD 20993

Paul Leber
Neuro-Pharm Group, LLC
11909 Smoketree Road
Potomac, MD 20854

Russell Katz
Director, Division of Neurology
FDA, FDA 120
1451 Rockville Pike, Rm 4037
Rockville, MD 20852

Sharon Hertz
Deputy Director
FDA, Division of Anesthesia, Analgesia, and Rheumatology Products
10903 New Hampshire Avenue
Silver Spring, MD 20993

Timothy McGovern
Supervisory Pharmacologist
Office of New Drugs
Center for Drug Evaluation and Research
FDA
10903 New Hampshire Avenue
Silver Spring, MD 20993

Laura A. Governale
Team Leader, Drug use Data Specialist
Office of Surveillance and Epidemiology
Center for Drug Evaluation and Research

FDA
Bldg. 22, Room #4484
10903 New Hampshire Avenue
Silver Spring, MD 20993

Lisa L. Stockbridge, Ph.D.
Regulatory Reviewer
FDA, Division of Drug Marketing
 Advertising and Communications
Rockville, MD 20857

Lesley R. Frank, Ph.D., J.D.
Division of Drug Marketing, Adverstising and Communications
Center for Drug Evaluation and Research
FDA
Rockville, MD 20857

David Cooper, M.D.
162 Irving Avenue
South Orange, New Jersey 07079
c/o Medical Action Communications

Michael J. McLean, M.D., Ph.D.,
c/o Vanderbilt University
2311 Pierce Avenue, Nashville, TN 37212

John Holtz
c/o NFO Migliara/Kaplan
9 Park Center Ct.
Owings Mills, MD

To the extent any additional discovery and investigation provides additional facts and legal contentions that may substantially alter these disclosures, Plaintiff(s) reserve the right to amend or supplement without prejudice any and all disclosures herein consistent with those developments, including product identification, identifying other relevant witnesses and additional areas of information that support Plaintiff's claims and defenses in this case and identifying additional individuals with discoverable information that may be used to support Plaintiff's claims or defenses in this case.

B. **Rule 26(a)(1)(B): A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Because discovery and investigation in this action is ongoing, Plaintiff is unable at the present time, based on the information readily available, to identify all documents, compilations, and tangible things, if any, that Plaintiff may use to support claims or defenses in this case and the subject of such information

Subject to the foregoing and without waiving any of Plaintiff's rights, Plaintiff submits the following:

1. Documents produced or used by any party or any third party in this case.

2. Deposition transcripts and documents identified as exhibits at all depositions taken in MDL Docket No.1629.

3. Documents produced by any party or any third party in the civil action captioned *Harden Manufacturing Corp, et. al., v. Pfizer Inc., and Warner-Lambert Company MDL No.1629, Master File No. 04-10981*.

4. Documents produced by Defendants in the civil action captioned *Crone v. Pfizer et. al.*, Supreme Court, State of California (Lake County), CV400432.

5. Documents produced by any party or any third party in the civil action captioned *United States of America ex rel. David Franklin v. Parke-Davis, et al.*, C.A. No. 96-11651-PBS (D. Mass.)

6. Documents produced by Defendants in the civil action captioned *Young v. Pfizer, et. al.*, Supreme Court, State of New York (Orange County), Index 1062/04.

7. Documents in the possession or control of Defendants or Defendants' counsel.

8. All package inserts, product labeling, or core data sheets, including drafts of same, regarding Neurontin or Gabapentin.

9. All package inserts, product labeling, or core data sheets regarding Lyrica or Pregabalin.

10. Relevant documents contained in regulatory files, including the New Drug Application and Investigational New Drug Application and Supplemental New Drug Application for Neurontin and Lyrica.

11. Relevant documents and data disclosed by Defendants' relating to Neurontin from the following departments: safety surveillance and analysis files; medical information; regulatory; outcomes research & development; postmarket safety; review committee; RMRS; sales; marketing; statistical analysis; clinical research & development; medical liaisons; medical and scientific affairs; drug safety and risk management; marketing analytics; medical; medical grants; and medical/program planning & management;

12. Medical literature and/or journal articles produced by Defendants.

13. Documents reviewed, considered and/or relied upon by Plaintiff experts or Defendants' experts in this case as set forth in previously exchanged expert disclosures or otherwise referenced in any such expert's deposition testimony taken in this litigation.

14. Data disk (hard drive) compilation of materials provided by Plaintiff in response to Defendants' Notice of Deposition of Cheryl Blume, Ph.D., and accompanying Exhibit A demand for documents, previously provided to Defendants and marked for identification as exhibit 2 at the deposition of Product Liability Plaintiffs' expert, Cheryl Blume, Ph.D., on November 12, 2007.

15. Data disk of adverse drug event information, previously disclosed to Defendants and marked for identification as exhibit 7, entitled *Disk In Re: Neurontin; Keith Altman ADE Files (10/28/07)*, at the deposition of Product Liability Plaintiffs' expert, Cheryl Blume, Ph.D., on November 12, 2007.

16. Publicly available documents from Food & Drug Administration (FDA), including but not limited to the following:
    a. Guidance Documents from FDA's Center for Drug Evaluation and Research, to wit: Drug Safety – Adverse Event Reporting; Drug Safety – Reviewer Guidance, Conducting a Clinical Safety Review of a New Product Application; Drug Safety – FDA's Communication to the Public; Good Pharmacovigilance Practices and Pharmacoepidemiologic Assessment;

    b. FDA Drug Advisory Committee Meetings, including Meetings of the Dermatologic and Ophthalmic Drugs Advisory Committee regarding associated psychiatric events with use of Accutane (isotretinoin); Meetings of the Peripheral and Central Nervous System Drugs Advisory Committee regarding associated psychiatric events with use of Tetrabenazine.

    c. Medwatch FDA Adverse Event Reporting System (AERS);

    d. FDA Public Health Advisory for Gabitril (tiagabine) February 18, 2005;

      e. FDA Alert for Accutane (Isotretinoin), July 2005.

      f. FDA, Division of Neurology Products; Suicidality and Anti-epileptic Drugs: Status of Clinical Trial Data Analysis (November 2006), at www.fda.gov/ohrms/dockets/ac/06/slides/2006-4254s_08_Mentari_Oxcarbazepine_files/slide0001.htm

      g. FDA Alert for Antiepileptic Drugs, January 31, 2008.

17. Publicly available documents from Pfizer's www.zoloft.com, including but not limited to the following: Medication Guide, Welcome to Zoloft.com; How Zoloft Works; and Dramatization.

18. Publicly available documents from Wayne State University, located at http://www.med.wayne.edu/psychiatry/cme/presentation/February2007/Feb28/feb28.hun', relating to Suicidality.

19. Publicly available documents from International Conference on Bipolar Disorder located at http://www.wpic.pitt.edu/Stanley/3rdbipconf/Sessions/sess6main.html relating to Neurontin safety and efficacy.

To the extent any additional discovery and investigation provides additional facts and legal contentions that may substantially alter these disclosures, Plaintiff reserves the right to amend or supplement without prejudice any and all disclosures herein consistent with these developments, including identifying additional areas of information, relevant documents, and tangible things that support their claims or defenses in this case.

Pursuant to Fed. R. Civ. P. 26(b)(5), Plaintiffs object to disclosure or production of documents and materials generated during the course of this litigation that constitute attorney work product or that contain privileged attorney-client communications. These documents and materials may consist, among others, of communications or correspondence between counsel and Plaintiff to facilitate the rendering of legal advice. These documents may be exempt from discovery pursuant to Fed. R. Civ. P.26(b)(3), 26(b)(4)(B), and/or the applicable attorney-client privilege.

Dated: February 19, 2008
                                    s/ Kenneth B. Fromson
Kenneth B. Fromson
Finkelstein & PARTNERS, LLP
436 Robinson Avenue
Newburgh, NY 12550
(845) 562-0203