UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*Bulger v. Pfizer Inc., et al.*, C.A. No. 07-11426-PBS | Magistrate Judge Leo T. Sorokin |

**PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM IN
RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO COMPEL
PLAINTIFF TO PROVIDE MEDICAL INFORMATION AND AUTHORIZATIONS**

This Memorandum is submitted in response to Defendants' Emergency Motion to compel Plaintiff Ronald J. Bulger to provide a list of all of his healthcare providers, including substance abuse treatment providers and social service providers, during the past ten years and written authorizations for these healthcare providers. ECF Doc. # 1316. Defendants' emergency motion should be denied in its entirety because: (1) Mr. Bulger has not placed his physical, mental health, social service and counseling records at issue by filing a claim for the wrongful death of his wife, Susan Bulger, and the information and records demanded by Defendants are not relevant; (2) Mr. Bulger's right to privacy far outweighs the probative value of the information sought by Defendants; (3) Mr. Bulger's physical and mental health are not relevant to this wrongful death claim; (4) pursuant to Mass. G.L. ch. 112, § 135B(c) and G.L. ch. 233, § 20B, psychiatric and social work records are privileged; and (5) as exhibits to the motion, Defendants have already provided excerpts from Mrs. Bulger's medical and psychiatric record that Defendants allege demonstrate inconsistencies in Mr. Bulger's testimony, and additional information, if any, that might be garnered from records from Mr. Bulger's healthcare providers

would be cumulative and overly intrusive. In the alternative, the list of healthcare providers and their records may be produced to this Court for an *in camera* review to determine whether any of the information or parts of the records should be produced to Defendants.

## ARGUMENT

In *Jaffee v. Redmond*, the U.S. Supreme Court addressed the question of "whether a privilege protecting confidential communications between a psychotherapist and her patient 'promotes sufficiently important interests to outweigh the need for probative evidence . . . .'" (citation omitted), and answered: "'Both reason and experience' persuade us that it does." 518 U.S. 1, 10 (1996). The Supreme Court recognized that "all 50 States and the District of Columbia, have enacted some form of psychotherapist-patient privilege," *id.* at 12 (footnote omitted), and that "[d]enial of the federal privilege therefore would frustrate the purposes of the state legislation that was enacted to foster these confidential communications." *Id.* at 13.

The U.S. District Court for the District of Massachusetts recognized the psychiatrist-patient privilege in *Sabree v. United Bhd. of Carpenters & Joiners Local No. 33*, where plaintiff was asserting a personal injury claim and, after an in camera review of the records in question, the Court held that plaintiff's "privacy interests overwhelmingly outweighs any benefits that would inure…" 126 F.R.D. 422, 426 (D. Mass 1989); *see also Coffman v. McKerman,* 1999 Mass. Super. LEXIS 417 (Worcester Cty. 1999) (where defendants alleged plaintiff had history of substance abuse, and after in camera review, court found records "marginally relevant but such are far outweighed by majority of entries which are irrelevant, prejudicial and of a highly personal and sensitive nature"). In *Sorenson v. H & R Block, Inc.,* defendants alleged that plaintiffs had waived their privileges by revealing the identities and other information concerning two mental health counselors and by making claims for emotional distress. 197 F.R.D 199, 202

(D. Mass. 2000). The Court held that as long as the plaintiff does not proffer or make affirmative use of an expert or evidence regarding his treatment, the claim would be considered a "garden variety" type of emotional distress claim and the privilege would be maintained. *Id.* at 204. In *McCue v. Kraines*, a malpractice wrongful death action, the defendants had moved to compel the production of social services records concerning the children of the decedent who were removed prior to her death. 1993 Mass. Super. LEXIS 228 (Middlesex Cty. 1993). The Superior Court found that pursuant to Mass. G.L. ch. 112, § 135B(c) and G.L. ch. 233, § 20B(c), the plaintiffs had claimed "garden variety" emotional distress claim, had not made "his mental or emotional condition an element of his claim" and thus the psychiatric and social work records evidencing communications relative to a mental or emotion condition were privileged and not subject to disclosure. *Id.* at 6-9; *see also Sherman v. Krauth,* 2003 Mass. Super. LEXIS 153 (Worcester Cty, 2003) (finding justice did not mandate disclosure of psychiatric records of wife or medical records of husband in malpractice action of wife, court denied defendants' motion to compel plaintiffs' psychiatric and counseling records including husband's medical records).

>Pursuant to Mass. G.L. ch. 112, § 135B:

>Except as hereinafter provided, in any court proceeding and in any proceeding preliminary thereto and in legislative and administrative proceedings, a client shall have the privilege of refusing to disclose and of preventing a witness from disclosing, any communication, wherever made, between said client and a social worker licensed pursuant to the provisions of section one hundred and thirty-two of chapter one hundred and twelve, or a social worker employed in a state, county or municipal governmental agency, relative to the diagnosis or treatment of the client's mental or emotional condition.

>\* \* \*

>The privilege granted hereunder shall not apply to any of the following communications:

>\* \* \*

(d) In any proceeding after the death of a client in which his mental or emotional condition is introduced by any party claiming or defending through or as a beneficiary of the client as an element of the claim or defense, and the judge or presiding officer finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between client and social worker be protected; . . .

Pursuant to Mass. G.L. ch. 233, § 20B:

Except as hereinafter provided, in any court proceeding and in any proceeding preliminary thereto and in legislative and administrative proceedings, a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient's mental or emotional condition. This privilege shall apply to patients engaged with a psychotherapist in marital therapy, family therapy, or consultation in contemplation of such therapy.

Rule 26(b)(2) of the Federal Rules of Civil Procedure provides, *inter alia,* that a court must limit discovery if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues.

Here, Mr. Bulger has filed a wrongful death action as the Administrator of the Estate of his deceased wife Susan Bulger. Plaintiff has not placed his physical or mental health at issue in filing this claim. Mr. Bulger has not asserted a claim for his emotional distress, and, therefore, his physical, mental or emotional condition are not relevant to this claim. Mr. Bulger's right to privacy far outweighs the probative value of the information sought by Defendant, and, in the interests of justice, this Court should deny Defendants motion in its entirety.

Moreover, Defendants are demanding information and authorizations for substance abuse and counseling records which, pursuant to the Supreme Court decision in *Jaffee*, Mass. G.L. ch.

4

233, § 20B, and relevant caselaw cited above, would be subject to the psychotherapist-patient privilege asserted by Mr. Bulger. Pursuant to Mass. G.L. ch. 233, § 20B, treatment that Mr. Bulger may have received from a physician concerning his mental health, if any, would fall under this privilege. Moreover, Defendants have already cited and excerpted from the medical and psychiatric records of decedent in an attempt to demonstrate inconsistencies in Mr. Bulger's testimony, and any additional information that might be garnered from the records that are the subject of this motion would be cumulative and overly intrusive, and Defendants' requests should be limited pursuant to Fed. R. Civ. P. Rule 26(b)(2).

Defendants have also moved for information and authorizations for the release of Mr. Bulger's records from social services including any counseling records. Pursuant to Mass. G.L. ch. 112, § 135B, Mr. Bulger is also asserting the privilege as to these records. As mentioned, Defendants have indicated that they have information at their disposal concerning the relationship between Mr. and Mrs. Bulger that will allegedly support their defense of this action. Defendants have not shown that revealing such information and records is more important than the relationship between a social worker and client or would serve the interests of justice.

Furthermore, this Court has recently granted a motion allowing Defendants to take additional depositions of, among others, friends and relatives of Susan Bulger. Pursuant to Fed. R. Civ. P. Rule 26(b)(2), Defendants have been allowed sufficient opportunity to obtain information concerning Plaintiffs' marital relationship through the depositions, and Defendants should not be allowed to make an intrusive incursion into the physical, mental health and social service records of Mr. Bulger. In the alternative, the list of healthcare providers and their records may be produced to this Court for an *in camera* review to determine whether any of the information or parts of the records should be produced to Defendants.

**CONCLUSION**

In view of the above, it is respectfully requested that this Court issue deny Defendants' motion in its entirety, or in the alternative, that the information and records be selected by and produced to this Court for an *in camera* review to determine whether any of the information or parts of the records should be produced to Defendants.

Dated: June 11, 2008                              Respectfully submitted,

*Members of Products Liability*
*Plaintiffs' Steering Committee*

By:     **/s/ Andrew G. Finkelstein**
       Andrew G. Finkelstein, Esquire
       Finkelstein & Partners, LLP
       436 Robinson Avenue
       Newburgh, NY  12550

By:     **/s/ Jack W. London**
       Jack W. London, Esquire
       Law Offices of Jack W. London
        & Associates
       106 E. 6th Street, Suite 700
       Austin, TX  78701

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on June 11, 2008.

Dated:  June 11, 2008

       **/s/ Andrew G. Finkelstein**
       Andrew G. Finkelstein