UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS MOTION RELATES TO | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| *Allen, et al. v. Pfizer, Inc. et al, 1:07-cv-11795-PBS*<br>*Anderson et al. v. Pfizer, Inc. et al., 1:05-cv-10835-PBS*<br>*Cooper, et al. v. Pfizer Inc. et al., 1:05-cv-10834-PBS* | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CLAIMS OF PLAINTIFFS REPRESENTED BY THE LEVI BOONE LAW FIRM PA FOR FAILURE TO COMPLY WITH THE COURT'S CERTIFICATION ORDERS**

Defendants Pfizer Inc. and Warner-Lambert Company LLC (together, "Defendants") respectfully submit this reply in support of their motion to dismiss the claims of plaintiffs represented by the Levi Boone Law Firm PA for failure to comply with the Court's certification orders.

**BACKGROUND**

On November 9, 2007, this Court issued a Products Liability Case Management Order requiring plaintiffs' counsel to file a certification that they had taken certain actions with respect to each plaintiff they represent. Specifically, the Court ordered plaintiffs' counsel to certify that: (1) they have conferred with the individual plaintiff; (2) the plaintiff intends to proceed with the litigation (absent a request for dismissal); (3) *they have reviewed the relevant medical records and allegations of the complaint*; and, (4) *they believe pursuit of the action is warranted.* (November 9, 2007 Order at 2-3) (Docket #949) (emphasis added). The Court issued this Order to require plaintiffs' counsel to evaluate the medical records supporting each plaintiff's claim.

- 1 -

In response, on December 18, 2007, the Boone Law Firm filed three purported certifications on behalf of 391 of its 393 plaintiffs.

On January 4, 2008, the Court issued Discovery Order No. 19 that required plaintiffs' counsel to provide the Product Liability Liaison Counsel with a comprehensive list of their individual plaintiffs indicating whether a certification, motion to dismiss, or motion to withdraw had been filed with respect to each plaintiff. Liaison Counsel was required to combine individual counsels' lists into one comprehensive list and file it with the Court by February 6, 2008. Further, plaintiffs' counsel were directed to serve an attached order on each non-certified plaintiff advising them that failure to file a certification by February 1, 2008 would result in dismissal of their action. On February 6, 2008, Liaison Counsel provided the Court with a comprehensive list that included the names of the lead plaintiffs only from the three Boone Law Firm cases, rather than an individual listing of all plaintiffs.

In an attempt to clarify the status of the individual Boone plaintiffs, the Court issued Discovery Order No. 23 on March 24, 2008 requiring the Boone Law Firm to provide the Court with a single-page document indicating that it had certified all of its plaintiffs, or, if it had not certified all plaintiffs, to provide the Court with a list of "each and every Plaintiff named in its three civil actions" including the docket number for the certification or motion to withdraw filed regarding each plaintiff. The Order also required the Boone Law Firm to certify that it had complied with Discovery Order No. 19. The deadline for compliance was April 9, 2008.

On May 7, 2008, defendants filed a motion to dismiss the claims of the Boone plaintiffs that was premised on the failure of the Boone Law Firm to comply with the Court's certification orders.

## ARGUMENT

In its oppositions, filed May 14, 2008, (Docket No. 1279) and June 10, 2008, (Docket No. 1324) the Boone Law Firm spends a considerable amount of time restating allegations from their plaintiffs' complaints, recasting their theories of injury, and raising issues that would be better suited to a response to a Rule 12(b)(6) motion. These arguments are irrelevant because defendants did not file a Rule 12(b)(6) motion. The issue here is the Boone Law Firm's failure to comply with the Court's certification orders.

Regardless of how Mr. Boone attempts to recast his claims, it remains clear that to the extent his plaintiffs are alleging personal injury (including pain and suffering and mental and emotional distress) caused by Neurontin, he was required to comply with the certification orders on a plaintiff-by-plaintiff basis. Mr. Boone admits he has not complied with the Court's certification orders and seeks to avoid dismissal by arguing he was not required to comply. Inconsistently, he also argues in his Oppositions and in a separate motion that he should be given more time so that he can comply. Motion for Extension of Time to Respond (Docket No. 1282).

Simply stating that he has confirmed that each plaintiff was prescribed Neurontin for an off-label use is not compliance. That alone neither establishes a cause of action nor complies with this Court's certification orders.[1] To the extent any plaintiff is claiming personal injury, Mr. Boone must certify that he has reviewed that plaintiff's relevant medical records and believes pursuit of the action is warranted.

Defendants determined that Mr. Boone could not have reviewed the relevant medical records because he did not possess any records for 26 plaintiffs at the time he filed his certifications, and the records he possesses for the remaining 365 plaintiffs are insufficient to

---

[1] Mr. Boone concedes, "There may be medical records showing the relief, if any, received by the plaintiffs' 'off-label' use of Neurontin." (June 10, 2008 Opp. at 10-11).

suggest anything beyond, at most, that the plaintiff was prescribed Neurontin. Mr. Boone concedes that he had no records for the 26 plaintiffs identified by defendants and offers to dismiss all but seven for which he had a "good faith belief that supporting records *would be forthcoming.*" (June 10, 2008 Opp. at 11) (emphasis added). A belief that records *would be forthcoming* is an improper basis for certification when the certification order clearly required that the records be reviewed *prior* to certification.

For the remaining 365 plaintiffs, Mr. Boone concedes that he based his certification on the unsupported allegations of his plaintiffs. For the 133 plaintiffs that produced sparse medical records, Mr. Boone concedes that he relied, in part, upon information "derived from interviews with these Plaintiffs." (June 10, 2008 Opp. at 14). And, for the 232 plaintiffs who produced pharmacy records only, Mr. Boone argues that, "The review of the pharmacy records coupled with interviews and written communication to these plaintiffs provided sufficient basis for Plaintiffs' attorney to execute attorney certification *pending receipt of their medical records* that had been requested." (June 10, 2008 Opp. at 20) (emphasis added). Again, certification *pending receipt of medical records* is an improper basis for certification when the certification order clearly required that the records be reviewed *prior* to certification.

Mr. Boone also attempts to avoid his certification obligations by stating that his plaintiffs' causes of action are warranted because Mississippi is a punitive damages state. The intent of the Court's certification process was to require plaintiffs' counsel to determine on a plaintiff-by-plaintiff basis whether the relevant medical records establish that plaintiffs' counsel believes that pursuit of an individual plaintiff's action is warranted. The potential availability of punitive damages has no bearing on whether an individual cause of action is warranted.

## CONCLUSION

Mr. Boone admittedly failed to comply with the Court's certification orders. Accordingly, the Court should grant Defendants' Motion to Dismiss the Claims of Plaintiffs Represented by the Levi Boone Law Firm PA for Failure to Comply with the Court's Certification Orders.

Dated: June 13, 2008

DAVIS POLK & WARDWELL

By: /s/ James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
     Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

-and-

HARE & CHAFFIN

By: /s/ David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company*

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 13, 2008.

/s/ David B. Chaffin
David B. Chaffin