UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS MOTION RELATES TO | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| *Bulger v. Pfizer Inc., et al.*, C. A. No. 07-11426-PBS | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
EMERGENCY MOTION TO COMPEL PLAINTIFF TO PROVIDE
MEDICAL INFORMATION AND AUTHORIZATIONS**

Defendants are entitled under Rule 26 to discovery of any relevant, nonprivileged matter. Plaintiff misstates the standard for relevance, and seeks, in effect, a blanket order that all of his medical, substance abuse treatment, and social services records are privileged. The information Defendants seek is relevant and discoverable. Accordingly, Defendants respectfully request that the Court enter an order compelling plaintiff to provide medical information and authorizations.

Plaintiff attempts to invoke two privileges – the psychotherapist-patient privilege and the client-social worker privilege. It is plaintiff's burden to prove that a privilege applies. In this case, no such showing has been made. Plaintiff has failed to identify any specific communication (and the privileges apply only to communications) that is covered by the privilege statutes. Indeed, plaintiff fails to identify any specific records that contain, or that may contain, privileged communications, and he seeks to block all inquiry into the identity of any and all of his healthcare providers of any kind, including providers as to whom no privilege applies.

Plaintiff should be compelled (1) to produce a list of his healthcare and social services providers (information that indisputably is not privileged); (2) to provide written authorizations for any such providers that do not fall within the statutory definitions of psychotherapists or social workers (because their records are not privileged); (3) to collect the records of his purported psychotherapists and social workers; (4) to produce any such documents that are not privileged; (5) to log any such documents that plaintiff claims contain privileged communications; and (6) to provide detailed support for his invocation of the privileges by way of affidavit or other competent proof.

## ARGUMENT

### I. PLAINTIFF MISSTATES THE STANDARD FOR RELEVANCE AND IGNORES DEFENDANTS' ARGUMENTS

Plaintiff argues that the requested information and documents are irrelevant because he has not put his physical and mental condition at issue. The claims asserted by plaintiff do not control the scope of discovery. Parties may obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense or to impeachment. As explained on pages 8-10 of the Memorandum in Support of Defendants' Emergency Motion, the materials at issue are relevant to Defendants' defense against plaintiff's claim that Mrs. Bulger's use of Neurontin caused her to commit suicide, and may be used in aid of impeachment of Mr. Bulger. Plaintiff ignores these arguments, choosing instead to focus exclusively on whether his mental and physical condition is at issue. As discussed below, whether Mr. Bulger has put his mental or physical condition at issue relates only to whether, if a statutory privilege is established, there exists an exception to that privilege, and, therefore, his argument that he has not put mental or physical condition at issue is beside the point.

## II. PLAINTIFF HAS NOT ESTABLISHED THAT THE PSYCHOTHERAPIST-PATIENT PRIVILEGE APPLIES

The psychotherapist-patient privilege under M.G.L. c. 233, § 20B, only applies, by its terms, to "communications" made by the patient to "psychotherapists" "relating to diagnosis or treatment."[1] Only persons licensed to practice medicine and devoting a substantial amount of time to psychiatry, licensed psychologists, and certain other persons meeting very specific criteria are "psychotherapists." See, e.g., Commonwealth v. Rosenberg, 410 Mass. 347, 353, 573 N.E.2d 949, 953 (1991) (persons not meeting precise criteria of statute are not within its coverage; since there is no similar common law privilege, statute should not be extended beyond bounds set by legislature). Plaintiff has identified none of his providers, much less any who meet the statutory criteria.

Moreover, the statute protects qualifying "communications," not records or information as such. For example, the privilege does not protect the fact of a hospital admission, the dates of hospitalization, or even the purpose of the admission (unless the purpose implicates privileged communications). Commonwealth v. Clancy, 402 Mass. 664, 667, 524 N.E.2d 395, 397 (1988). Thus, in Commonwealth v. Kobrin, 395 Mass. 284, 294, 479 N.E.2d 674, 681 (1985), the Supreme Judicial Court ruled, in the context of a grand jury Medicare fraud investigation, that the times and lengths of patient appointments, treatment plans and recommendations, and therapies were not privileged communications. Only the portions of the records reflecting the patient's thoughts, feelings, or impressions, or the substance of therapeutic dialogue, were

---

[1] In a diversity case, where state law provides the rule of decision, the state's laws relative to the existence of a claimed evidentiary privilege apply. Fed. R. Evid. 501; Sorenson v. H & R Block, Inc., 197 F.R.D. 199, 202 (D. Mass. 2000). Plaintiff's discussion of federal common law privileges and standards is irrelevant. The balancing test in Sabree v. United Broth. of Carpenters & Joiners Local No. 33, 126 F.R.D. 422, 425-26 (D. Mass. 1989), weighing privacy interests against the benefits of disclosure, relates to only federal privilege law. There is no such balancing under Massachusetts law. Either the statutory privileges apply or they do not.

protected. See also Petition of Dept. of Social Services, 399 Mass. 279, 287, 503 N.E.2d 1275, 1280-81 (1987) (privilege does not cover all hospital records concerning non-psychiatric admissions simply because some psychiatric information appears therein).

Further, to be protected, a communication must relate to diagnosis or treatment, but the diagnosis itself is not privileged. In Re Adoption of Saul, 60 Mass. App. Ct. 546, 551, 804 N.E.2d 359, 364 (2004). Communications to qualifying psychotherapists that do not relate to diagnosis or treatment, such as unrelated comments, are not privileged. 60 Mass. App. Ct. at 554-55, 804 N.E.2d at 366. Under these principles, any statements by Mr. Bulger concerning Mrs. Bulger's drug use or mental state would not be privileged because they would not relate to his treatment or diagnosis. Nor would the portions of documents that reflect diagnoses.

It is the patient's burden to assert and establish the privilege. This requires that the person provide "the information necessary to determine whether the person to whom the communication is made qualifies as a psychotherapist under the statute." Id. See also Carpenter v. Mass. Institute of Technology, 2005 WL 1476542, *2 (Mass. Super. 2005) (motion to compel allowed where opposing party failed to provide information to allow court to determine whether any specific communication to a specific person was privileged under psychotherapist-patient privilege or client-social worker privilege; privileges deemed waived).

Plaintiff identifies no psychotherapists and no communications. He has not attempted to meet his burden of establishing the application of the privilege. Plaintiff's discussion of whether Defendants have established an exception to the privilege under § 20B(c), where the patient puts his mental or emotional condition at issue, is, therefore, irrelevant. Plaintiff must first establish that the privilege applies. It is his burden. Only then does any consideration of potential exceptions become necessary.

### III. PLAINTIFF HAS NOT ESTABLISHED THAT THE CLIENT-SOCIAL WORKER PRIVILEGE APPLIES

The client-social worker privilege under M.G.L. c. 112, § 135B, only applies to "communications," relative to the "diagnosis or treatment of the client's mental or emotional condition," to a social worker licensed per the statute or working in a state, county or municipal government agency. Plaintiff makes no attempt to establish that any of those criteria are met with respect to a specific communication to a specific social worker.

Like the psychotherapist-patient privilege, the client-social worker privilege is not self-executing, and must be properly raised and supported by the person asserting its protection. See, e.g., Commonwealth v. Oliveira, 438 Mass. 325, 330-31, 780 N.E.2d 453, 457-58 (2002); Carpenter, 2005 WL 1476542, *2 (granting motion to compel and deeming privilege waived for failure to support).

Plaintiff has made no attempt to identify specific, allegedly protected communications to "social workers" within the meaning of the statute. Plaintiff's discussion of whether Defendants have established an exception to the privilege under § 135B(c), where the client puts his mental or emotional condition at issue, or § 135B(d), where a party puts the mental or emotional condition of a deceased client at issue, is, therefore, irrelevant. Plaintiff must first establish that the privilege applies. He has not done so.

### IV. PLAINTIFF'S BLANKET ASSERTION OF PRIVILEGE FAR EXCEEDS THE SCOPE OF THE STATUTES

Even if the asserted statutory privileges applied in this case, they would not encompass the records concerning Mr. Bulger's primary care physicians, Dr. Goldman and Dr. Dino Cragnale. There is no doctor-patient privilege under Massachusetts law. See Commonwealth v. Clayton, 52 Mass. App. Ct. 198, 204, 752 N.E.2d 788, 792 (2001) (no statutory privilege);

Commonwealth v. Hayes, 2004 WL 1195362, *1 (Mass. Super. 2004) (no doctor-patient testimonial privilege at common law). Further, the statutory privileges would not encompass any records or communications relative to treatment by or discussion with any person who does not meet the strict statutory definitions of psychotherapist and social worker, nor would they encompass non-psychiatric medical treatment and records.

Plaintiff has put the cart before the horse. It is simply premature, as well as legally improper, to invoke specific, limited statutory privileges in a vacuum. Plaintiff's attempt to foreclose any inquiry directed at eliciting information designed to sort out legitimate claims of privilege from improper attempts to shield unprivileged information should not be allowed. Defendants do not seek to discover any information that properly qualifies as privileged. Rather, they seek only to discover relevant, non-privileged information, to which they have a right under Rule 26.

At a minimum, Plaintiff should be ordered to provide the required list of his medical providers -- clearly the fact that plaintiff received medical treatment and/or the identity of his treating health care providers is not privileged. In addition, plaintiff should be required to provide written authorizations as to any such providers who or that do not fall within the statutory definitions of psychotherapists or social workers. If plaintiff wishes in good faith to pursue a claim of privilege as to particular communications with a psychotherapist or social worker, he should produce a log of all records that he claims contain privileged communications and detailed support for the invocation of the privileges. This information would enable the parties to properly brief the claimed privileges and the Court to properly evaluate the claims. All other records should be produced.[2]

---

[2] Plaintiff's suggestion that a list of providers and their records be produced to the Court for *in camera* review is not a proper invocation of the privilege and does not meet Plaintiff's

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order Mr. Bulger to (1) produce the requested list of providers; (2) to provide written authorizations for any such providers that do not fall within the statutory definitions of psychotherapists or social workers; (3) to collect the records of his purported psychotherapists and social workers; (4) to produce any such documents that are not privileged; (5) to properly log any documents that Plaintiff claims contain privileged communications; and (6) to provide appropriate support for the invocation of the privileges by way of affidavit or other competent proof.

Dated: June 13, 2008　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　DAVIS POLK & WARDWELL

　　　　　　　　　　　　　　　　　　　　By:　/s/James P. Rouhandeh
　　　　　　　　　　　　　　　　　　　　　　　James P. Rouhandeh

　　　　　　　　　　　　　　　　　　　　450 Lexington Avenue
　　　　　　　　　　　　　　　　　　　　New York, NY 10017
　　　　　　　　　　　　　　　　　　　　Tel: (212) 450-4000

　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　SHOOK, HARDY & BACON L.L.P.

　　　　　　　　　　　　　　　　　　　　By:　/s/Scott W. Sayler
　　　　　　　　　　　　　　　　　　　　　　　Scott W. Sayler

　　　　　　　　　　　　　　　　　　　　2555 Grand Blvd.
　　　　　　　　　　　　　　　　　　　　Kansas City, MO 64108-2613
　　　　　　　　　　　　　　　　　　　　Tel: (816) 474-6550

　　　　　　　　　　　　　　　　　　　　-and-

---

burden. The suggestion seeks to place the burden on the Court. Moreover, a mere list of providers (some of whom will not meet the statutory definitions of psychotherapist or social workers) and a list of records is insufficient to provide a basis for determining whether a privilege applies. The issue is what communication were made to what persons for what purposes. Plaintiff's proposed approach will not answer those questions. In addition, Defendants should be permitted to evaluate whether the privilege is justified, and that can be accomplished without revealing the substance of the communications.

HARE & CHAFFIN

By: /s/David B. Chaffin
David B. Chaffin

(BBO # 549245)
160 Federal Street
Boston, MA 02110
Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 13, 2008.

/s/David B. Chaffin