U. Gwyn Williams
617.570.1158
gwilliams@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

June 20, 2008

The Honorable Patti B. Saris
United States District Court, District of
    Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA  02210

Re:    In re Neurontin MDL (MDL Docket No. 1629, D. Mass. No. 04-10981)

Dear Judge Saris:

I represent Teva Pharmaceuticals, Inc. ("Teva"), a manufacturer of generic gabapentin, currently named as a defendant in seven cases pending in the Neurontin MDL.  I spoke to Robert Alba about the issue raised herein, and he suggested that I bring it to the Court's attention by way of a letter.

Teva intends, at a future date, to file a motion for summary judgment in the cases to which it is a party, on the grounds that the actions against it are barred by the doctrine of federal preemption. The arguments that Teva would make are largely similar to those already made by the Pfizer Defendants in their motion for summary judgment on preemption grounds, but there are some additional arguments available to Teva as a manufacturer of generic drugs.  In other words, if the Pfizer Defendants succeeded on their motion, the claims against Teva would also be preempted, but if the Pfizer Defendants did not prevail, Teva would have some additional arguments to make that the claims against it are preempted even if those against the Pfizer Defendants are not.

In light of the fact that the Pfizer Defendants' preemption motion could well render any motion practice by Teva unnecessary, counsel for Teva and Plaintiffs have previously agreed that Teva would not bring its preemption motion until the Pfizer motion is resolved by this Court.  This agreement was memorialized in a stipulation filed recently with this Court.  *See* Stipulation to Adjourn Defendant Teva Pharmaceuticals USA, Inc.'s Time to Respond to the Complaint and to Continue Anticipated Motion to Dismiss, filed May 15, 2008 (Document #1319).

Mindful of the vast amount of paper in this case (aptly likened by the Court today to the warehouse in the final scene of *Indiana Jones*), I thought it prudent to call the Court's attention to this stipulation in light of the Court's recent order that it would set a date to hear oral

The Honorable Patti B. Saris
June 20, 2008
Page 2


argument on the Pfizer Defendants' preemption motion.  While Teva believes that it would be more efficient for the Court to first address the Pfizer motion, and consider Teva's additional arguments only if needed at a later date (*i.e.*, only if the Court denies the Pfizer motion), Teva is of course willing to be guided by the Court's preferences in this matter.  Teva would note only that its preemption arguments have not yet been briefed, so time would need to be allowed for Teva and Plaintiffs to brief the arguments specific to generic manufacturers.  Of course, we have no desire to hold up a hearing on the Pfizer Defendants' motion if the Court planned to schedule that soon, which might also suggest that Teva's planned motion should be held in abeyance.

Thank you for your consideration of this matter.

Sincerely,

/s/ U. Gwyn WIlliams

U. Gwyn Williams
Counsel for Teva Pharmaceuticals USA, Inc.


LIBA/1904225.1