UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
:   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,    :
         SALES PRACTICES AND    :   Master File No. 04-10981
         PRODUCTS LIABILITY LITIGATION :
                                :   Judge Patti B. Saris
---------------------------------------------------------------x
:   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:       :
                                :
ALL PRODUCTS LIABILITY CASES    :
                                :
---------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF PRODUCTS LIABILITY PLAINTIFFS'
MOTION TO COMPEL DISCLOSURE, BY A DATE CERTAIN,
OF LYRICA (PREGABALIN) INFORMATION AND DOCUMENTS, AND
DISCLOSURE CONCERNING DEFENDANTS' PRESENTATIONS
TO THE FDA REGARDING THE JANUARY 31, 2008 ALERT**

This Memorandum is submitted in support of Product Liability Plaintiffs' motion pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an order compelling Defendants to produce disclosure relating to: (1) Lyrica (pregabalin) information which formed the basis of Defendants' June 22, 2006 written submission to the FDA regarding Lyrica (pregabalin) and suicidality, which was relied upon by Defendants' rebuttal expert witness, Robert D. Gibbons, Ph.D.; and (2) the in-house work and analyses of Defendants' employee, Christopher Wohlberg, M.D., Ph.D., and other information and documents regarding Defendants' presentations on June 2, 2008 and July 10, 2008, to the FDA regarding the January 31, 2008 FDA Alert.

**PROCEDURAL HISTORY**

On April 10, 2008, Defendants moved for leave to name a rebuttal expert to "address plaintiffs' experts' causation testimony based upon the January 31, 2008 FDA Alert." ECF Doc. # 1218 at 1. On April 17, 2008, the Court issued an Electronic Order granting Defendants'

motion for leave to name a rebuttal expert.  On April 17, 2008, Plaintiffs filed an emergency motion for clarification of the Court's April 17, 2008 Electronic Order.  ECF Doc. # 1231. Subsequently, on April 24, 2008, Plaintiffs filed a memorandum in opposition to Defendants' motion for leave to serve a rebuttal expert report.  ECF Doc. # 1237.  On April 25, 2008, Defendants filed reply papers in further support of Defendants' motion to exclude Plaintiffs' experts, **which included the Declaration of Dr. Gibbons**.  ECF Doc. # 1241.  (*See* copy of Gibbons. Decl., annexed hereto as Ex. A.)  On April 28, 2008, Defendants filed a conditional motion for leave to file a reply to Plaintiffs' memorandum in opposition to Defendants' motion for leave to serve a rebuttal expert report.  ECF Doc. # 1247.  In the reply papers, Defendants attached the previously referenced Declaration of Dr. Gibbons.[1]

In response to Plaintiffs' emergency motion for clarification, on April 30, 2008, the Court issued a further Electronic Order which states:  "I have read plaintiffs' memo, but will still permit a rebuttal expert report involving only the FDA alert, which is a key finding in this case. I will also be sending a letter to the FDA asking for its input."  Defendants interpreted this Order as granting them permission to file yet another Declaration of Dr. Gibbons.  Therefore, on May 8, 2008, Plaintiffs moved to strike portions of Dr. Gibbons' opinions and also to preclude Defendants from attempting to serve a second Declaration by Dr. Gibbons.

On May 19, 2008, without a decision from the Court on the pending motion, Defendants **filed a second disclosure** for Dr. Gibbons.  ECF Doc. # 1287.  Defendants have represented this second disclosure to be Defendants' Rule 26 Expert Disclosure for Dr. Gibbons.  (*See* copy of Gibbons Report, annexed hereto as Ex. B.)  In forming his opinions in this litigation, Dr.

---

[1] Despite their original motion for leave for which the stated purpose was to "address plaintiffs' experts' causation testimony based upon the January 31, 2008 FDA Alert," ECF Doc. # 1218 at 1, Dr. Gibbons offered new opinions and duplicative opinions from previous experts having nothing to do with the subject FDA Alert.  Subsequently, at the parties' *Daubert* Hearing on June 20, 2008, the Hon. Patti B. Saris granted from the bench Plaintiffs' motion to strike any opinions that were not limited to the subject FDA Alert.

Gibbons reviewed, considered and relied upon Lyrica (pregabalin) safety information, in particular, Defendants' June 22, 2006 Lyrica (pregabalin) submission to the FDA regarding Lyrica (pregabalin) and suicidality.

In response to a discovery demand, on June 4, 2008, Defendants produced a slide Powerpoint relating to a June 2, 2008 presentation to the FDA regarding the Alert, and an Assessment prepared by Pfizer concerning suicidality with Neurontin and Lyrica, dated April 29, 2008. (*See* Letter of enclosure, annexed hereto as Ex. C; Slide Powerpoint (converted to PDF), annexed hereto as Ex. D; Assessment, annexed hereto Ex. E.)

On July 9, 2008, the FDA posted on the agency's website, Defendants' Background Package for July 10 Advisory Committee, a Briefing Document prepared by Pfizer (which appears to be an updated version of the April 29, 2008 Assessment). (Annexed hereto as Ex. F.)

## ARGUMENT

Pursuant to Rule 37 of the Federal Rules of Procedure, where a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." (Moore's Federal Rules Pamphlet 2006.) A District Judge exercises broad discretion when supervising the discovery process. *Arzuaga-Perello v. Shell Co. (Puerto Rico), Etc.,* 1999 U.S. App. LEXIS 2162 (1st Cir. 1999); *Cruden v. Bank of New York,* 957 F.2d 961, 972 (2d Cir. 1992). The First Circuit has stated that it will intervene concerning the trial court's discretion '"…only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party"' *Arzuaga-Perello* at *2 (citing to *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 91 (1st Cir. 1996)).

3

1. **Plaintiffs are entitled to discovery of the Lyrica (pregabalin) information which formed the basis of Defendants' June 22, 2006 written submission to the FDA regarding Lyrica (pregabalin) and suicidality, which was relied upon by Defendants' rebuttal witness Dr. Gibbons.**

Plaintiffs require discovery of the underlying Lyrica (Pregabalin) data that formed the basis of Defendants' rebuttal expert opinion. Defendants' rebuttal expert, Dr. Gibbons, formed his opinions in part based upon reliance on the Lyrica (Pregabalin) data. Dr. Gibbons states that it is "methodologically appropriate and reliable to look at gabapentin and pregabalin as a group [because] these two drugs are both alpha 2 delta ligands, and share a similar mechanism of action." (Ex. B at 4.) Dr. Gibbons has admittedly relied upon the Lyrica (pregabalin) safety and efficacy data in reaching his opinions: "My expert opinions in this case are based on my review of material such as . . . the randomized controlled clinical trial data for the drugs Neurontin and Lyrica transmitted to the FDA . . . ." (Ex. B at 2.) Further, Defendants' expert disclosure as to the materials relied upon by Dr. Gibbons includes "Pfizer's June 2006 Lyrica and Suicidality FDA Submission." (*See* Defendants' June 22, 2006 letter to the FDA, annexed hereto as Ex. G.)

The June 2006 Lyrica (Pregabalin) submission to FDA is only a <u>summary</u> of data possessed by Defendants and relied upon by Dr. Gibbons in forming his opinions in this case. The contents of the submission included various tables reflecting the <u>results</u> of various searches and reviews performed by Defendants. Plaintiffs require discovery of the aforementioned <u>underlying</u> data, searches and reviews in order to test the reliability and accuracy of Dr. Gibbons' opinions.[2] Plaintiffs therefore request that the Court compel Defendants to disclose the following information relating to Lyrica (Pregabalin):

---

[2] This Court has already recognized that discovery of Pregabalin information is appropriate in this litigation: "In light of Plaintiffs' showing, some Pregabalin documents, but certainly not every Pregabalin document, appear relevant. The parties' submissions, which addressed the topic generally, do not provide a sufficient basis upon which the Court can render a more specific ruling at this time." Discovery Order No. 6, ECF Doc. # 550 (November 30, 2006). Now, in light of Defendants recent disclosure of Dr. Gibbons' rebuttal opinion and specific reliance upon

4

1. All documents reflecting the searches and reviews performed by Defendants that culminated in the final June 2006 submission to the FDA and corresponding Tables.

2. The underlying documents reviewed and/or summarized by Defendants to prepare the final June 2006 submission to the FDA.

3. The Research Reports that detail the very clinical trials pertaining to Lyrica (Pregabalin) that are encompassed by the June 2006 submission to the FDA.

4. As set forth in the June 2006 submission, Plaintiffs seek documents reflecting the "list of the pregabalin studies that met the FDA's criteria and a second list of the remaining pregabalin studies not included in the first list with an explanation of the criteria that caused their removal." (*See* Ex. G at 1.)

5. As set forth in the June 2006 submission, Plaintiffs seek the "complete set of narrative summaries [that were] prepared for each identified case." (*See* Ex. G at 2.)

6. As set forth in the June 2006 submission, Plaintiffs seek the documents reflecting the "narrative summaries [that] were all subsequently blinded with information blocked out as requested by the Agency prior to any review." (*See* Ex. G at 2.)

7. As set forth in the June 2006 submission, Plaintiffs seek the documents reflecting the training and qualifications of Pfizer's "[a]ppropriately trained and qualified Pfizer psychiatrists . . . ." (*See* Ex. G at 2.)

8. The documents reflecting the review and classification of blinded narratives by Pfizer psychiatrists. (*See* Ex. G at 2.)

9. Plaintiffs should be provided an opportunity to travel to Defendants' location to review and inspect the Lyrica New Drug Applications (NDAs 21-446 and 21-724), in their entirety.

Moreover, Defendants' rebuttal expert Dr. Gibbons was disclosed well after the deadlines for the disclosure of expert reports and subsequent to the March 7, 2008 *Daubert* and summary judgment briefing schedule as established by this Court. *See* ECF Electronic Order of J. Saris entered February 29, 2008. Plaintiffs should be afforded the opportunity to: (1) depose Dr. Gibbons after receiving the Lyrica documents and data upon which he relied; and (2) make a *Daubert* motion to exclude the testimony of Dr. Gibbons, if appropriate, once discovery of this

---

Defendants' June 22, 2006 Lyrica submission to FDA, Plaintiffs have targeted specific issues and documents relating to Pregabalin for which this Court has the information to render a more specific ruling.

5

expert is complete. Plaintiffs will be severely prejudiced in prosecuting these actions if they are denied the right to receive, examine and analyze the data that formed the very basis of Dr. Gibbons' expert report.

> **2. Plaintiffs are entitled to the in-house work and analyses of Defendants' Dr. Christopher Wohlberg, regarding Defendants' presentations to the FDA regarding the January 31, 2008 FDA Alert.**

Plaintiffs are entitled to, and Defendants have a continuing obligation to provide, discovery relating to safety issues and risks of ingesting Neurontin, and concerning the January 31, 2008 FDA Alert. Plaintiffs are entitled to all of the materials involved, including documents, analysis and correspondence with the FDA, in the preparation of the slide presentation and briefing document that was presented at Defendants' June 2, 2008 presentation to the FDA. Likewise, Plaintiffs are entitled to all such materials concerning the July 10, 2008 presentation to the FDA.

Moreover, it is also clear that Dr. Wohlberg, who is scheduled to make a presentation to the FDA on July 10, 2008, is a key individual with regard to issues concerning the safety and risks of Neurontin. (*See* FDA July 2008 Meeting Draft Agenda, annexed hereto as Ex. H.) Thus far, Plaintiffs have only received 56 pages from Dr. Wohlberg's custodial file. Plaintiffs request that this Court compel Defendants to produce any documents contained in any of Dr. Wohlberg's files, not heretofore produced, concerning Neurontin, Lyrica and the FDA Alert.

Plaintiffs will be severely prejudiced in their prosecution of these actions if they are denied the right to receive, examine and analyze all of the materials involved, including documents, analyses, and correspondence with the FDA, concerning the preparation of Defendants' various presentations to the FDA regarding the January 31, 2008 Alert. Plaintiffs request that this Court order that Defendants produce the material involved with these

presentations, and the remainder of Dr. Wohlberg's files, not heretofore produced, concerning Neurontin, Lyrica or the FDA Alert, on or before August 22, 2008.

## CONCLUSION

Plaintiffs therefore respectfully request that the Court issue an Order compelling Defendants to produce the disclosure detailed in items 1-9 above relating to Lyrica (pregabalin), the materials relating to Defendants' presentations to the FDA regarding the January 31, 2008 FDA Alert, and the remainder of Dr. Wohlberg's files, not heretofore produced, concerning Neurontin, Lyrica or the FDA Alert, on or before August 22, 2008.

Dated: July 10, 2008                             Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*

By:    **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY  12550

By:    **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
  & Associates
106 E. 6th Street, Suite 700
Austin, TX  78701

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 10, 2008.

  **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire