UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING,
         SALES PRACTICES AND
         PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:


        ALL PRODUCTS LIABILITY CASES



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T.
Sorokin

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCLOSURE, BY A DATE CERTAIN, OF LYRICA (PREGABALIN)
INFORMATION AND DOCUMENTS, AND DISCLOSURE CONCERNING
DEFENDANTS' PRESENTATIONS TO THE FDA REGARDING THE
JANUARY 31, 2008 ALERT**

Defendants Pfizer Inc. and Warner-Lambert Company ("Defendants") submit this

memorandum in response to Products Liability Plaintiffs' Motion to Compel Disclosure,

by a Date Certain, of Lyrica (Pregabalin) Information and Documents, and Disclosure

Concerning Defendants' Presentations to the FDA Regarding the January 31, 2008 Alert.

**PROCEDURAL BACKGROUND**

The Court closed document discovery over a year ago on April 30, 2007. *See*

Discovery Order No. 11 (Docket # 735).  The Court later issued Discovery Order No. 13,

which set a September 6, 2007 deadline for the parties to file motions to compel

document discovery.  (Docket # 801.)  Plaintiffs' motion is very late, and plaintiffs fail to

show good cause to reopen discovery or any unfair prejudice if the discovery deadline is

enforced.

1

On April 10, 2008, Defendants filed a motion for leave to name a rebuttal expert to address plaintiffs' supplemental disclosure amending their experts' amended opinions on the basis of the January 31, 2008 FDA Alert.  Motion for Rebuttal Expert (Docket # 1217).  On April 17, the Court granted Defendants' motion for leave to name a rebuttal expert and required Defendants to file an expert report within 30 days.  Electronic Order, April 17, 2008.  Plaintiffs immediately filed an emergency motion challenging the Court's April 17 order.  Plts' Motion for Order, April 17, 2008 (Docket # 1231).

Pending the court's decision on plaintiffs' motion for clarification, on April 25, 2008, Defendants served their reply papers on their *Daubert* motion.  The papers included a declaration of Robert D. Gibbons, Ph.D.  (Docket # 1239.)

On April 30, the Court issued an electronic order in response to plaintiffs' request for clarification of the April 17 order.  The April 30 order states:  "I read plaintiffs' memo but will still permit a rebuttal expert report involving only the FDA Alert . . .." (Electronic Order, April 30, 2008.)  Pursuant to the Court's April 17 order requiring Defendants to file their rebuttal expert report in 30 days, Defendants filed Dr. Gibbons' report on May 19.  Notice of Filing Expert Report (Docket # 1287).  Dr. Gibbons' report was prepared in accordance with the expert disclosure obligations of Rule 26 and included a list of the materials he considered in forming his opinions, all of which have been provided to or were previously available to plaintiffs.  *See* Materials Considered by Dr. Gibbons (Ex. A.[1])  All documents considered by Dr. Gibbons not previously produced were provided to plaintiffs at that time.

---

[1] The exhibits referenced herein are attached to the accompanying declaration of William A. Alford III.

**ARGUMENT**

I.    **THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR ADDITIONAL DISCLOSURE OF LYRICA INFORMATION AND DOCUMENTS BECAUSE DEFENDANTS PREVIOUSLY DISCLOSED ALL LYRICA MATERIALS CONSIDERED BY DR. ROBERT GIBBONS IN FORMING HIS OPINIONS**

Plaintiffs erroneously contend that they are entitled to the disclosure of materials that were never received, let alone considered, by Defendants' rebuttal expert, Dr. Gibbons. Plaintiffs fail to cite any legal authority to support their contention that Defendants must disclose data and information that has never been in Dr. Gibbons' possession and was never considered by him, and further fail to articulate any prejudice if their request is denied. Plaintiffs already have all of "the [Lyrica] data that formed the very basis of Dr. Gibbons' expert report." Defendants have fully complied with their expert disclosure obligations, and the Court should deny plaintiffs' motion to compel the production of Lyrica materials.

Plaintiffs contend that they require the disclosure of Lyrica materials because "Dr. Gibbons has admittedly relied upon the Lyrica (pregabalin) safety and efficacy data in reaching his opinions." Plts' Memo in Support, at 4. Pursuant to Defendants' Rule 26 expert disclosure obligations, Defendants disclosed the list of all materials Dr. Gibbons considered when forming his opinions and provided all materials not otherwise produced (or publicly available) to plaintiffs. *See* Materials Considered by Dr. Gibbons (Ex. A). As noted in the disclosure, Dr. Gibbons considered Pfizer's June 2006 Lyrica and Sucidiality FDA Submission ("2006 Lyrica Submission"). *Id*. at ¶ 12. He has not considered, nor has he even seen or relied on the Lyrica information requested by plaintiffs. Plts' Memo in Support, at 4-5. On multiple occasions, Defendants have confirmed that they have provided plaintiffs all Lyrica data and materials considered by

Dr. Gibbons.[2]  The Lyrica materials plaintiffs request were not received or reviewed by Dr. Gibbons, nor were they necessary to his opinions.

Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the scope of expert disclosures.  It requires a designated expert to prepare a report that discloses, *inter alia*, "the data or other information considered by the witness in forming [his opinions]."  FED. R. CIV. P. 26(a)(2)(B)(ii).  The plain meaning of the rule obliges a party to disclose only those materials actually "considered" by the expert.  Naturally, any Lyrica documents or materials that were not furnished to Dr. Gibbons could not have been considered by him.  Accordingly, Rule 26 does not require the disclosure of those materials.

Consistent with the plain language of Rule 26, numerous courts have held that a party is required to disclose only those materials that are reviewed by an expert.  *See*, *e.g.*, *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 750-51 (7th Cir. 2005) ("A testifying expert must disclose and therefore retain whatever materials are given him to review in preparing his testimony[.]"); *In re Pioneer Hi-Bred Int'l, Inc*., 238 F.3d 1370, 1375-1376 (Fed. Cir. 2001) ("fundamental fairness requires disclosure of all information supplied to a testifying expert in connection with his testimony"); *Colindres v. Quietflex Mfg*., 228 F.R.D. 567, 571 (S.D. Tex. 2005) ("information that the expert creates or reviews related to his or her role as a testifying expert must be produced"); *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 461-64 (E.D. Pa. 2005) (holding that the disclosure requirement applies to information that an

---

[2]    Letter from Lori McGroder to Kenneth Fromson, June 4, 2008 ("Defendants have provided to plaintiffs all Lyrica data considered by Dr. Gibbons, and have fully complied with their discovery obligations under the Rule.") (Ex. B); Email from Lori McGroder to Kenneth Fromson, June 24, 2008 ("You have been provided all documents pertaining to Dr. Gibbons' opinions and testimony.") (Ex. C).

"expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if the testifying expert ultimately rejects the information."); *In re McRae*, 295 B.R. 676, 679 (Bankr. N.D. Fla. 2003) (holding that materials furnished to testifying expert must be disclosed); *Amway Corp. v. Proctor & Gamble Co*., No. 1:98CV726, 2001 WL 1877268, at *1 (W.D. Mich. April 17, 2001) (documents supplied to testifying expert but not read, reviewed, or considered in forming opinions, are not discoverable under Rule 26(a)(2)(B)). Plaintiffs fail to cite any contrary legal authority that would support their contention that Defendants have an obligation to disclose "underlying" Lyrica data and information even though those materials were never considered or reviewed by Dr. Gibbons.

The scope of discovery of Lyrica documents has already been litigated in this litigation. On November 30, 2006, this Court entered Discovery Order No. 6, which states: "some Pregabalin documents, but certainly not every Pregabalin document, appear relevant. . . . The parties shall meet and confer regarding the scope of Plaintiffs' request by December 15, 2006." Pursuant to this Order, the parties conferred and reached an agreement regarding the scope of production of Lyrica documents, and Defendants produced these documents to plaintiffs' counsel. Letter from Christopher Roche to Kenneth Fromson, January 16, 2007 (Ex. D). Although the agreement did not preclude plaintiffs from requesting additional Lyrica documents at a later date, the Court's document discovery deadline of April 30, 2007 was still applicable. At no time during the written discovery process did plaintiffs' counsel seek additional Lyrica documents. Now, nearly 15 months after the close of document discovery and six

months after the close of expert discovery on general causation, plaintiffs request Lyrica materials that were never provided to or considered by Defendants' expert.

In addition to requesting the production of Lyrica documents, plaintiffs also request a deposition of Dr. Gibbons after they have had an opportunity to review additional productions of Lyrica materials.  Plaintiffs have had ample opportunity to depose Dr. Gibbons and they chose not to do so.  In April, Defendants offered six dates in the month of May on which plaintiffs could depose Dr. Gibbons, but plaintiffs failed to respond to this offer and elected not to depose him.[3]

## II.   THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR AN ORDER COMPELLING THE PRODUCTION OF PFIZER DOCUMENTS RELATING TO PFIZER'S PRESENTATIONS TO THE FDA REGARDING THE JANUARY 31, 2008 FDA ALERT

The second part of plaintiffs' motion boils down to an attempt to reopen document discovery and force Pfizer to conduct expensive and unduly burdensome company-wide document searches and reviews.  As noted, the deadline for written discovery was April 30, 2007, and the deadline for filing motions to compel regarding document discovery was September 6, 2007.  General causation expert discovery ended January 25, 2008.  It is too late in the day for sweeping motions to compel, particularly in light of the amount of effort Defendants have expended in complying with their discovery obligations.[4]

Defendants have produced over three million pages of documents, including the custodial files of more than 90 current and former employees.  In addition, Defendants

---

[3]    Email Correspondence from Lori McGroder to Kenneth Fromson, April 28-29, 2008 (Ex. E).

produced over 30 current and former Pfizer employees for deposition.  The Court itself

has recognized the "substantial" nature of the discovery in this litigation.[5]  Undeterred by

deadlines and any reasonable limits, plaintiffs now seek even more discovery.

A.    <u>Plaintiffs Are Not Entitled to Production of Dr. Christopher Wohlberg's</u>
      <u>Custodial File</u>

Plaintiffs request an additional production of Dr. Wohlberg's custodial file,

specifically "the remainder of Dr. Wohlberg's files, not heretofore produced, concerning

Neurontin, Lyrica or the FDA Alert, on or before August 22, 2008."  Plts' Memo in

Support, at 6.  Plaintiffs claim that they need this additional production because Dr.

Wohlberg made a presentation to an FDA Advisory Committee on July 10, 2008, and

because they now for the first time contend that he "is a key individual with regard to

issues concerning the safety and risks of Neurontin."  *Id.*  Not only is this demand too

late, but plaintiffs fail to cite a single legal authority to support their assertion that they

are entitled to this production.  Nor do plaintiffs articulate a rational basis to support their

claims that they will be severely prejudiced if the Court does not compel an additional

production of Dr. Wohlberg's file.

The truth is that plaintiffs will not be prejudiced.  The portion of Dr. Wohlberg's

presentation to the Advisory Committee that related to Neurontin relied on Neurontin

clinical data that was previously produced.  Plaintiffs have had this Neurontin data since

---

[4]    Defendants also note that plaintiffs filed this motion prematurely.  Plaintiffs failed
       to comply with the Court's meet and confer obligations regarding discovery of
       Pfizer's presentation materials to the FDA.  *See* Local Rules 7.1(a)(2), 37.1.

[5]    *See* Discovery Order 13 ("The discovery in this MDL has been substantial.  The
       parties, and particularly, counsel have worked hard to meet the deadlines
       established in the scheduling order.").

before the close of discovery in April 2007. Accordingly, there is no prejudice to plaintiffs in denying their motion.

Plaintiffs initially requested the custodial files of approximately 200 current and former Pfizer employees; they did not request Dr. Wohlberg's files. *See* Requests for Production (Ex. F). In fact, plaintiffs have never propounded formal discovery expressly requesting the production of Dr. Wohlberg's custodial file. *Id*. Defendants previously produced certain relevant portions of his file pursuant to oral discussions and agreements with counsel for plaintiffs. *See* Letter from Christopher Roche to Kenneth Fromson, April 6, 2007 (Ex. G). Now, more than a year after the close of written discovery, plaintiffs seek to reopen discovery and pursue the production of a custodial file that was never specifically requested in discovery. Plaintiffs' request to reopen general discovery should be denied.

     B.     <u>Plaintiffs Have Been Provided Pfizer's Presentations to FDA Following the FDA Alert Issued on January 31, 2008</u>

Plaintiffs state in *ipse dixit* fashion that they are "entitled to, and Defendants have a continuing obligation to provide, discovery relating to the safety issues and risks of ingesting Neurontin, and concerning the January 31, 2008 FDA Alert." Moreover, plaintiffs claim that they "will be severely prejudiced in their prosecution of these actions if they are denied the right to receive, examine and analyze all the materials involved, including documents, analyses, and correspondence with the FDA, concerning the preparation of Defendants' various presentations to the FDA regarding the January 31, 2008 Alert." Plts' Memo in Support, at 6. Again, plaintiffs do not state a single basis for this claim, and, in fact, there is no prejudice.

All of Pfizer's presentations to the FDA regarding the FDA Alert are a matter of public record and/or were provided to the plaintiffs.  Specifically, these materials include: (1) the slide PowerPoint presentation entitled "AEDs and Potentially Suicide Related Adverse Events" that Dr. Wohlberg presented at New York University on June 2, 2008; (2) an Assessment dated April 29, 2008 entitled "Assessment of Suicide and Related Behaviors in patients Treated With the α2δ-Ligands, Gabapentin and Pregabalin," prepared by Pfizer Inc.; and (3) the "Background Package" which is posted on the FDA's website, prepared by Pfizer for the July 10 Advisory Committee meeting.  Moreover, plaintiffs' counsel were in attendance at the July 10 Advisory Committee meeting. Plaintiffs therefore already have all presentations Pfizer has made to FDA regarding the FDA Alert.

Plaintiffs' position relies on their bald assertion that Defendants have a "continuing obligation to provide" discovery in the litigation.  The documents plaintiffs now request were created after the January 31, 2008 FDA Alert.  The Court closed written discovery on April 30, 2007.  The requested documents necessarily were created after the close of document discovery.  If the Court were to accept plaintiffs' unsupported characterization of a duty to supplement with newly-created documents long after the close of discovery, then, for all intents and purposes, document discovery would never close in this or any other litigation.  Plaintiffs' proposal risks opening a Pandora's box of unending additional discovery.  If the Court were to determine that any newly created documents relating to Pfizer's presentations on the FDA Alert must be produced, then Defendants would be entitled to seek related document discovery and to pursue depositions of any witness who reviews or relies upon such materials.

Defendants have produced over three million pages of documents and over 90 custodial files in this litigation.  It would be impractical and unduly burdensome to require Defendants to continuously collect and review custodial files for newly created documents from these and other custodians.  Moreover, plaintiffs' vague and overly broad request for all materials concerning the preparation of Defendants' various presentations to the FDA regarding the Alert may require the review and production of additional custodial files that were never expressly requested by plaintiffs.

The Court should not countenance plaintiffs' tenth inning attempt to reopen document discovery, and plaintiffs' motion to compel should be denied in its entirety.

## CONCLUSION

For all of the foregoing reasons, plaintiffs' Motion to Compel Disclosure, by a Date Certain, of Lyrica (Pregabalin) Information and Documents, and Disclosure Concerning Defendants' Presentations to the FDA Regarding the January 31, 2008 Alert should be denied.

Dated:  July 15, 2008                    Respectfully submitted,

                                         DAVIS POLK & WARDWELL

                                         By:      /s/ James P. Rouhandeh
                                                James P. Rouhandeh

                                         450 Lexington Avenue
                                         New York, NY 10017
                                         Tel:  (212) 450-4000

SHOOK, HARDY & BACON

By:      /s/ Scott W. Sayler
         Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108
Tel:  (816) 474-6550

         -and-

HARE & CHAFFIN

By:      /s/ David B. Chaffin
         David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document has been served pursuant to Case Management Order No. 3.

/s/David B. Chaffin