# EXHIBIT B

**Shook, Hardy & Bacon** L.L.P.

www.shb.com

June 4, 2008

**VIA FACSIMILE – 845-562-3492**
Mr. Kenneth Fromson
Finkelstein & Partners
436 Robinson Avenue
Newburgh, NY 12550-3341

Lori C. McGroder

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2290 DD
816.421.5547 Fax
lmcgroder@shb.com

Dear Ken:

This responds to your letter of May 21, 2008, and the issues you raise regarding Dr. Gibbons' expert report. We disagree with your interpretation of Judge Saris' April 17 Order, which expressly requested that defendants submit a Rule 26 expert report for Dr. Gibbons within 30 days. Plaintiffs cannot equitably claim that defendants are foreclosed from submitting the Rule 26 report anticipated by the Court on the basis that defendants' *Daubert* reply included a declaration from Dr. Gibbons – especially considering plaintiffs' tactic of introducing new expert opinions in no less than *seven* declarations, including two from new and previously undisclosed experts in violation of both courts' scheduling and case management orders. This is in stark contrast to Dr. Gibbons, a rebuttal expert whom Judge Saris has considered and allowed. Moreover, each of the opinions expressed by Dr. Gibbons in his Rule 26 report expressly involves the FDA Alert and fully complies with Judge Saris' April 30 Order.

Further, Dr. Gibbons's reliance on the 2006 Lyrica submission, which was produced to plaintiffs, is *solely* in response to plaintiffs' experts' supplemental reliance on the FDA Alert. It is improper for plaintiffs to use their *own* supplemental reliance as a basis for attempting to re-open and conduct widespread Lyrica discovery many months after both fact and expert discovery have closed. Your Lyrica discovery "demand" relates to documents Dr. Gibbons has neither seen nor considered, and which do not form the basis for the opinions expressed in his report. Nothing in Rule 26 would allow for such an expansion of defendants' expert disclosure obligations. Indeed, Rule 26(a)(2)(B)(ii) requires that the report contain "the data or other information considered by the witness in forming [his opinions]." Defendants have provided to plaintiffs all Lyrica data considered by Dr. Gibbons, and have fully complied with their discovery obligations under the Rule.

Also in response to your letter of May 21, you will be receiving today by separate cover the gabapentin narratives you have requested. We object to your late discovery request not only on the ground that it is untimely, but that this information is duplicative of data that has long been in plaintiffs' possession.

Very truly yours,

*[signature]*

Lori C. McGroder

2967146v1

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.