**EXHIBIT F**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) MDL Docket No. 1629 )<br>) Judge Patti B. Saris<br>) Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br>PRODUCT LIABILITY LITIGATION | )<br>) Civil Action No. 04-10981<br>) |

**PRODUCT LIABILITY PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS PFIZER, INC., WARNER LAMBERT COMPANY LLC, PARKE-DAVIS, A Division of Warner Lambert Company, and WARNER LAMBERT COMPANY**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiffs hereby request Defendants Pfizer, Inc and Warner-Lambert Company produce for inspection and copying the documents and materials described below at the offices of Finkelstein & Partners, 436 Robinson Avenue, Newburgh, NY 12550 within thirty days of the date of the service of this request. Plaintiffs further request that such production be made in accordance with the Definitions and Instructions set forth below.

### Definitions and Instructions

#### Definitions

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference. Additionally, the following definitions apply to this Document Request:

"And" includes the word "or" and vice-versa.

"Any" includes the and encompasses "all" and vice-versa.

"Communication" shall include oral, written or electronic communications.

"Defendants" shall mean "Pfizer" and "Warner-Lambert" and any of their predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf, including, but not limited to, Parke-Davis.

"Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and Local Rule 26.5, and includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped or in computer, digital or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located. "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, telecopies, facsimile reproductions, or "faxes," factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids,

voice recordings, and transcriptions. This definition shall apply to all Documents in the possession, custody or control of the Defendants herein, or that of their attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared or signed the Documents.

Unless otherwise stated, the time period for this Document Request shall be from January 1, 1994 to June 30, 2006. A request to provide documents or materials "at any time" is unlimited in temporal scope.

As used throughout these requests, the term "internal", which will be found preceding the term document(s) correspondence, refers to communications by and between employees, agents or representatives of Defendants.

## REQUESTS

1. Produce the custodial files of the following individuals, to include all documents pertaining to the safety, efficacy, sales and marketing of Neurontin (including emails and electronic communications) authored by, created by, edited by, received by, reviewed, read, or copied on by the following individuals:

    Attias-Yon, Elizabeth
    Batesko, Susan
    Blanckmeister, Carolyn
    Brody, Bob
    Brown, Judy
    Campbell, Michael
    Crespo, Angela
    Dickens, Annette
    Doft Suzanne
    Fannon, Allison
    Fogleman, LeeAnne
    Gasparella, Doreen
    Glanzman, Robert
    Gracon, Stephen
    Hauben, Manfred
    Holley, Preston
    Hylan, Tim

    Johansen, Joel
    Kerrick-Walker, Jill
    Marino, John
    Magnus-Miller, Leslie
    Pacella, Chris
    Panek, Diana
    Parsons, Bruce
    Patel, Manini
    Perlow, Larry
    Pomerantz, Steve
    Pritts, Jill
    Probert, David
    Reich, Lester
    Rocchi, John
    Sigmund, William
    Teicher, Martin
    Vega, Adrian
    Williams, Barbara
    Womer, Dan
    Yoder, Meg

2. The database that maintains the listing of approved speakers that a representative can use for a promotional talk, as described by Suzanne Doft during her examination under oath on March 29, 2005:

   *A. For speakers bureau participants, there is an approved database of speakers that a representative can use."* (p.127).

4. Documents reflecting Neurontin-related meetings held in all states in the United States and Neurontin-related payments to physicians, institutions, or investigators, including, but not limited to the following: physicians who attended Neurontin meetings, physicians who spoke at speakers' bureau meetings.

5. All documents relating to marketing, sales or prescribing data regarding Neurontin Defendants have received from IMS Health.

6. All documents relating to any review, analysis or critique of data Defendants received from IMS Health relating to Neurontin.

7. The IMS data used by the Marketing Analytics Department, to the extent it involves Neurontin, as described by Suzanne Doft during her examination under oath on March 29, 2005.

> *A. Marketing Analytics would use most of our databases to generate data. ...A. IMS ... What do they utilize that for? A. To track product, new prescriptions, total prescriptions. (p.174-5).*

8. Documents, if any exist, authored by, created by, edited by, received by, reviewed, read, copied on, or in the custodial file of Pfizer spokesman Paul Fitzhenry that formed the basis for his statement published in the U.S.A. Today on April 21, 2005:

   *"Pfizer spokesman Paul Fitzhenry says Neurontin adverse event reports over the past decade 'show no link between Neurontin and suicidal thoughts or behavior.'"*

9. Documents, if any exist, authored by, created by, edited by, received by, reviewed, read, copied on, or in the custodial file of Pfizer spokesman, Bryant Haskins that formed the basis for his statement published in the San Francisco Chronicle on April 21, 2005:

   *"'Pfizer maintains an extensive program for tracking and reporting medical events associated with the use of Neurontin, as we do for all our medicines.... The comprehensive data --- including clinical trial results--- that we've submitted to the FDA over the past decade refute any suggestion that Neurontin causes depression, suicidal thoughts or suicidal behavior.... Haskins, the company spokesman, said the data don't support Finkelstein's demand for a prominent 'black box' warning on Neurontin's label –the FDA's most stringent enforcement action short of banning a drug. 'It's simply irresponsible to promote the false impression that a causal link exists between the use of Neurontin and suicide,' said Haskins.'"*

10. Documents, if any, reflecting the subject matter of the consulting assignment for Pfizer performed by Dr. Cynthia McCormick as described in the San Francisco Chronicle on April 21, 2005: *"This is not an unexpected event in the population it was approved for,' said McCormick, who did a brief consulting assignment for Pfizer about a year ago."*

11. Copies of each Label and Summary of Product Characteristics pertaining to Defendants' Neurontin in the United Kingdom for each year that Neurontin has been approved for distribution in the United Kingdom.

12. Copies of each Label and Summary of Product Characteristics pertaining to Defendants' Neurontin in Ireland for each year that Neurontin has been approved for distribution in Ireland.

13. Produce all internal documents relating to Neurontin that identify or discuss the following language, as set forth in Defendants' labeling or Summary of Product Characteristics in Ireland:

> "Patients with epilepsy can be the subject of mood and behavioural disturbances. Such reports have been noted in patients on Neurontin although a causal link has not been established."

11. Produce all documents pertaining to Neurontin, whether internal or otherwise, that reflect the basis of Defendants' decision to utilize the following language in Defendants' labeling or Summary of Product Characteristics in Ireland:

> "Patients with epilepsy can be the subject of mood and behavioural disturbances. Such reports have been noted in patients on Neurontin although a causal link has not been established."

12. Produce all internal documents relating to Neurontin that identify or discuss the following language, as set forth in Defendants' labeling or Summary of Product Characteristics in the United Kingdom:

> "Patients taking Neurontin can be the subject of mood and behavioural disturbances. Such reports have been noted in patients on Neurontin although a causal link has not been established.... Caution is recommended in patients with a history of psychotic illness. On commencing Neurontin therapy, psychotic episodes have been reported in some patients with, and rarely without, a history of psychotic illness. Most of these events resolved when Neurontin was discontinued or the dosage was reduced."

13. Produce all documents pertaining to Neurontin, whether internal or otherwise, that reflect the basis of Defendants' decision to utilize the following language in Defendants' labeling or Summary of Product Characteristics in the United Kingdom:

> "Patients taking Neurontin can be the subject of mood and behavioural disturbances. Such reports have been noted in patients on Neurontin although a causal link has not been established.... Caution is recommended in patients with a history of psychotic illness. On commencing Neurontin therapy, psychotic episodes have been reported in some patients with, and rarely without, a history of psychotic illness. Most of these events resolved when Neurontin was discontinued or the dosage was reduced."

14. Produce all internal documents pertaining to Neurontin that identify or discuss whether the United States labeling or package insert should include language, either specifically, or in sum and substance, that caution is recommended in patients with a history of depression or psychotic illness.

15. CMMS Database: Produce an electronic copy of sales tracking data from Defendants' database (with all data inputted pertaining to Neurontin) relating to Defendants' Neurontin from January 1, 1994 through June 30, 2006.

16. All correspondence, e-mails, memorandum, minutes of meetings, documents or materials reflecting contact or communication between any employee or agent of the Defendants pertaining to Neurontin, as to the following:

    a. Teleconferences in which a physician or scientist who was identified by members of the Parke-Davis Department of Medical and Scientific Affairs as being knowledgeable about Neurontin could answer questions regarding Neurontin.
    b. The prohibition by Defendant Parke-Davis of members of the Department of Medical and Scientific Affairs from organizing or participating in group meetings or teleconferences held to respond to questions concerning off-label uses of products marketed by Parke-Davis.
    c. The selection of physicians and scientists who would respond to questions posed by participants.

17. For the time period since Neurontin's introduction to the market through June 30, 2006, Plaintiff requests production (in electronic, searchable format) of information from Defendants' electronic database used by Defendants to collect all information, names, addresses, dates, locations, details, budgets, money spent or other information on any presentation, lecture, continuing medical education program made by any physician on behalf of Defendants or (as a member of Defendants' Speakers Bureau or expert group) regarding Defendants' Neurontin.

18. Based upon Defendants' correspondence to the FDA, Center for Drug Evaluation and Research, dated June 9, 1997, attached hereto as EXHIBIT A, Plaintiff requests the following production with respect to Defendants' Neurontin, and limited to the safety, efficacy, sale and marketing of Neurontin:

    a. All documents produced by Defendants to the FDA referenced in the abovementioned correspondence, dated June 9, 1997;

    b. All documents (including all emails and electronic communications) created by, edited by, received by, reviewed, read, copied on, or in the custodial files of the Area Business Manager (ABM), relating to the implementing of Defendants' sales plan, hiring, training, conducting performance reviews, making salary and promotion recommendations of Defendants' territory managers and sales representatives.

19. With respect to correspondence, dated July 19, 1996, from the FDA Department of Health and Human Services, attached hereto as EXHIBIT B, Plaintiff requests production of the following:

    a. All correspondence, e-mails, memorandum, minutes of meetings, documents or materials reflecting contact or communication between any employee or agent of the Defendants pertaining to Neurontin and the

subject matter set forth in the above referenced correspondence, dated July 19, 1996, from the FDA Department of Health and Human Services, attached hereto as EXHIBIT B.

    b. All documents submitted to the FDA in response to said correspondence, dated July 19, 1996.

    c. A copy of all non-privileged drafts of any document submitted to the FDA in response to said correspondence, dated July 19, 1996.

20. With respect to correspondence, dated March 16, 2005, from the FDA Department of Health and Human Services, attached hereto as EXHIBIT C, Plaintiffs request production of the following:

    a. All correspondence, e-mails, memorandum, minutes of meetings, documents or materials reflecting contact or communication between any employee or agent of the Defendants pertaining to Neurontin and the subject matter set forth in the above referenced correspondence, dated March 16, 2005, from the FDA Department of Health and Human Services, attached hereto as EXHIBIT C.

    b. All documents submitted to the FDA in response to said correspondence, dated March 16, 2005.

    c. A copy of all non-privileged drafts of any document submitted to the FDA in response to said correspondence, dated March 16, 2005.

    d. all documents reflecting research that formed the basis of Defendants' response to the FDA's correspondence.

21. With respect to documents, dated December 21, 2005, submitted by Defendants to the FDA as a "Changes Being Effected" supplemental new drug application, pertaining to Neurontin, in which Defendants' Neurontin label added the terms suicide attempt and suicide in the label section entitled "Other Adverse Events Observed During All Clinical Trials", Plaintiffs request production of the following:

    a. All correspondence, e-mails, memorandum, minutes of meetings, documents or materials reflecting contact or communication between any employee or agent of the Defendants pertaining to Neurontin and the subject matter set forth in the above referenced documents, dated December 21, 2005.

    b. All documents submitted to the FDA pertaining to said documents, dated December 21, 2005.

    c. A copy of all non-privileged drafts of any document submitted to the FDA pertaining to the above referenced "Changes Being Effected" supplemental new drug application.

    d. All documents reflecting research that formed the basis of Defendants' response to the FDA's correspondence.

22. With respect to correspondence, dated May 3, 2006, from the FDA Department of Health and Human Services, attached hereto as EXHIBIT D, Plaintiffs request production of the following:

    a. All correspondence, e-mails, memorandum, minutes of meetings, documents or materials reflecting contact or communication between any employee or agent of the Defendants pertaining to Neurontin and the subject matter set forth in the above referenced correspondence, dated May 3, 2006, from the FDA Department of Health and Human Services, attached hereto as EXHIBIT D.

23. Sales Data: Documents sufficient to identify and reflect gross and net sales information for Defendants' Neurontin, for each year of sales since entry of Defendants' Neurontin to the market through June 30, 2006.

24. All records, emails, drafts, proposals, databases, and documents of every kind and character regarding clinical trial 945-209, including but not limited to all reports, studies, letters, anecdotes, file reviews, case reviews, retrospective reviews, announcements, solicitations, protocols, budget allocations, invitations to physicians to participate, patient evaluations, tests, measurements, observations, conclusions, articles, publications, drafts, and announcements regarding clinical trial 945-209.

Dated: July 1, 2006

                                          FINKELSTEIN & PARTNERS

                            By:     /s/Kenneth B. Fromson
                                      /s/Andrew G. Finkelstein
                                   Kenneth B. Fromson
                                   Andrew G. Finkelstein

                                   436 Robinson Avenue
                                   Newburgh, NY 12550
                                   (845) 562-0203

                                   Attorneys for Product Liability Plaintiffs

By: Electronic Mail and U.S. Mail

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) MDL Docket No. 1629 ) ) Judge Patti B. Saris ) Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO: PRODUCT LIABILITY LITIGATION | ) ) ) Civil Action No. 04-10981 ) |

**PRODUCT LIABILITY PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS PFIZER, INC., WARNER LAMBERT COMPANY LLC, PARKE-DAVIS, A Division of Warner Lambert Company, and WARNER LAMBERT COMPANY**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiffs hereby request Defendants Pfizer, Inc and Warner-Lambert Company produce for inspection and copying the documents and materials described below at the offices of Finkelstein & Partners, 436 Robinson Avenue, Newburgh, NY 12550 within thirty days of the date of the service of this request. Plaintiffs further request that such production be made in accordance with CMO #3, and the Definitions and Instructions set forth below.

**Definitions and Instructions**

**Definitions**

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference. Additionally, the following definitions apply to this Document Request:

"And" includes the word "or" and vice-versa.

"Any" includes the and encompasses "all" and vice-versa.

"Communication" shall include oral, written or electronic communications.

"Defendants" shall mean "Pfizer" and "Warner-Lambert" and any of their predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf, including, but not limited to, Parke-Davis.

"Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and Local Rule 26.5, and includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped or in computer, digital or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located. "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, telecopies, facsimile reproductions, or "faxes," factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids,

voice recordings, and transcriptions. This definition shall apply to all Documents in the possession, custody or control of the Defendants herein, or that of their attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared or signed the Documents.

Unless otherwise stated, the time period for this Document Request shall be from January 1, 1994 to the present. A request to provide documents or materials "at any time" is unlimited in temporal scope.

As used throughout these requests, the term "internal", which will be found preceding the term document(s) correspondence, refers to communications by and between employees, agents or representatives of Defendants.

"APT Database" is the database described by James Murray in his March 29, 2002 deposition in the action <u>United States ex. rel. Franklin v. Parke-Davis</u>, No. 96-11651-PBS, United States District Court for the District of Massachusetts.

"Case report" means a written or oral report that describes the treatment of an individual patient.

"CBU" means (a) the divisions within Parke-Davis known as Customer Business Units, including the regional CBUs and the Managed Care CBU; and (2) any division with Pfizer that performed the function of a CBU after the merger of Pfizer and Warner-Lambert.

"Clinical trial" means a formal, blinded, prospective research study on human subjects conducted pursuant to a formal protocol and involving a control group

"CME" shall mean continuing medical education.

Neurontin. This request specifically requests (but is not limited to) the custodial files for the following individuals:

| Name | |
|---|---|
| Albright, Tom | Warner Lambert - Sales and Marketing |
| Altevoght, Rudi | Pfizer - Regulatory |
| Aquino, Mary Lou | Warner Lambert -Sales and Marketing |
| Attias-Yon, Beth | Warner Lambert -Medical and Scientific Affairs – Medical Liaisons |
| Avanish, Mishra | Pfizer – Sales and Marketing |
| Ballina, Myra | Warner Lambert -Drug Safety Surveillance |
| Bal, Adrian | Warner Lambert -Medical and Scientific Affairs – Medical Liaisons |
| Becker, Bill | |
| Bedell, Rubin | Warner Lambert -Medical Information |
| Beskenis, Diane | Warner Lambert -Sales and Marketing |
| Bonetti, Barbara | Warner Lambert -Medical Information |
| Black, James | Warner Lambert -Medical and Scientific Affairs – Medical Liaisons |
| Bloom, Leslie | |
| Bluhm-Heise, Denise | Warner Lambert -Medical and Scientific Affairs – Medical Liaisons |
| Bonetti, Barbara | Pfizer – Medical Information |
| Boris, John | Warner Lambert -Sales and Marketing |
| Brandicourt, Oliver | |
| Brennan, Sean | |
| Britt, David | |
| Brumfeld, Martha | |
| Cairns, Diane | Warner Lambert -Drug Safety Surveillance |
| Castro, O. Lucy | Pfizer - Regulatory |
| Chamberlain, Nancy | |
| Chamberlain, Nancy | |
| Ciociola, Art | Pfizer - Regulatory |
| Claussen, Michelle | Pfizer – Medical Information |
| Clary, Catherine | Pfizer – Medical Information |
| Conde, Vivian | Pfizer – Drug Safety Surveillance |
| Crichton, Yvonne | Pfizer – Drug Safety Surveillance |
| Crestwell, Ronnie | |
| Cristo, Steve | Pfizer - Regulatory |
| Crook, Allen J. | Warner Lambert -Sales and Marketing |
| Cueba-Jones, Carol | Pfizer – Drug Safety Surveillance |
| Davies, Mike | Warner Lambert -Medical Liaisons |

| Name | Affiliation |
|---|---|
| Davis, David | |
| Delimata, Victor | Warner Lambert -Sales and Marketing |
| Dell, Len | |
| Delong, R. | |
| Devink, Ludwig | |
| Diamond, K. | |
| Dieck, Gretchen | Pfizer – Drug Safety and Risk Management |
| Digiorgi, Matthew | Warner Lambert –Medical Information |
| Doft, Suzanne | Pfizer – Sales and Marketing |
| Donavan, Terry | |
| Dong, Mi | Warner Lambert - Clinical Research and Development |
| Doyle, Robert | Warner Lambert -Sales and Marketing |
| Duda-Racki, Helen | Warner Lambert/Pfizer - Medical Information |
| Durst, Julie | |
| Dymkowski, Joe | Warner Lambert -Medical Liaisons |
| Eccles, Stella | |
| Ek, Carol | |
| Farese, Debra | |
| Feczko, Joseph | |
| Feldman, Felicia | |
| Fiero, Leslie | Warner Lambert -Medical Information |
| Fitzhenry, Paul | |
| Fogelman, Lee Ann | Warner Lambert -Medical Liaisons |
| Folger, Robert | |
| Ford, John | Warner Lambert -Sales and Marketing |
| Frank, Marvin | |
| Fraser, Charles | Warner Lambert -Medical Information |
| Garafolo, Elizabeth | Warner Lambert -Clinical Research and Development |
| Garrity, Andrea | Pfizer - Regulatory |
| George, Tim | Warner Lambert -Sales and Marketing |
| Gorga, tom | |
| Gracon, Stephen | |
| Grady, Richard | Warner Lambert -Medical Liaisons |
| Groth, Janice | Pfizer – Drug Safety Surveillance |
| Guarv, Raphael | |
| Guerrero, Edda | Warner Lambert -Sales and Marketing |
| Hall, Janice | |
| Harrigan, Edmond | |
| Haskins, Bryant | |
| Hensel, Carrie | |
| Ho, Tina | Pfizer – Drug Safety and Risk Management |
| Higgins, Chris | |
| Howard, John | Warner Lambert -Sales and Marketing |
| Jankowski, Jyoti | Warner Lambert -Medical and Scientific Affairs Medical Liaisons |

| Name | Affiliation |
|---|---|
| Jaris, Al | |
| Johnson, Laura | Warner Lambert -Sales and Marketing |
| Katen, Karen | |
| Kellett, Lisa | Warner Lambert -Medical Liaisons |
| Kivel, Francine | |
| Knapp, Lloyd | |
| Knoop, John | Warner Lambert -Sales and Marketing |
| Kohler, Nancy | Warner Lambert -Sales and Marketing |
| Koto, Edwina | |
| Krayacich, John | Pfizer – Sales and Marketing |
| Krukar, John | Warner Lambert -Sales and Marketing |
| Laesecke, M.D., Klaus | |
| LaMattina, John | |
| Lang, Les | Warner Lambert -Sales and Marketing |
| Lankler, Doug | |
| Lardieri, Lisa | Pfizer – RMRs |
| Lawlor, Ken | Medical Liaisons |
| Lessauer, Kelly | |
| Lewis, Robert | Warner Lambert -Medical Information |
| Long, Dave | |
| Magistro, Phil | Warner Lambert -Medical and Scientific Affairs – Medical Liaisons |
| Magnus Miller, Leslie | Warner Lambert -Medical and Scientific Affairs |
| Marcoux, Frank | |
| Marino, John | |
| Martin, Irwin | Warner Lambert -Regulatory |
| Martin, Ron | Warner Lambert -Clinical Research and Development |
| Martin, Tammy | |
| Massey, Ken | Warner Lambert -Medical and Scientific Affairs – Medical Liaisons |
| Mccorry, Hank | |
| McFarland, Joe | Warner Lambert -Medical Liaisons |
| Mckinnel, Hank | |
| Menella, Robert | Warner Lambert -Medical Information |
| Merino, William | |
| Merte, Lonia | Warner Lambert -Medical and Scientific Affairs – Medical Liaisons |
| Meyers, Sharle | |
| Migliaccio, Gerry | |
| Milke, Margaret | |
| Miller, Bob | |
| Miller, Chris | |
| Moffit, R. | |
| Molina, Esperanza | Pfizer – Drug Safety Surveillance |
| Montgomery, John | |

| | |
|---|---|
| Montgomery, John | |
| Morales, Mark | |
| Mosebrook, Mick | |
| Moy, Darryl | Warner Lambert -Medical Liaisons |
| Murphy, David | Warner Lambert -Sales and Marketing |
| Natalicchio, Terri | |
| Niteschmann, Paul | |
| Pande, Atul | Warner Lambert -Clinical Research and Development |
| Parker, James | Warner Lambert -Regulatory |
| Parsons, Bruce | Pfizer – Medical |
| Patel, Manini | Pfizer - Regulatory |
| Pearce, Alexandra | |
| Perkins, Michael | |
| Perlow, Larry | Warner Lambert -Sales and Marketing |
| Petchel, Kashia | Pfizer – Drug Safety Surveillance |
| Phillips, Melissa | |
| Picciano, Eugene | |
| Pierce, Mark | Warner Lambert -Clinical Research and Development |
| Pieroni, Joseph | |
| Pignataro, Frank | Warner Lambert -Medical Information |
| Pitts, Robin | |
| Probert, David | Pfizer – Sales and Marketing |
| Purcell, Thomas | |
| Quadrigajus, Pedro | |
| Rafferty, Michael | |
| Reichenburger, Patrick | |
| Renshaw, Maurice | |
| Repp, Kim | |
| Rizzo, Jackie | Warner Lambert -Sales and Marketing |
| Rocchi, John | Pfizer – Medical Information |
| Rogan, Rose | Warner Lambert -Drug Safety Surveillance |
| Rose-Igatt, Andrea | |
| Rosen, William | |
| Rubenstein, Allen | Warner Lambert -Regulatory |
| Saltel, Doug | Warner Lambert -Sales and Marketing |
| Sasson, Stephen | |
| Saunders, Bernie | |
| Schaumberg, J | |
| Scott, Byron | |
| Seiler, April | |
| Shapiro, Doug | |
| Shellenberger, K | |
| Sigmund, Bill | Warner Lambert -Medical and Scientific Affairs – Medical Liaisons |
| Slater, Lee | Warner Lambert -Sales and Marketing |
| Spalding, Art | |

| | |
|---|---|
| Steinholz, Anne | |
| Su, Julie | Pfizer – Medical Information |
| Suskin, Helen | |
| Tarnok, Mike | |
| Teicher, Martin | |
| Taylor, Charlie | Warner Lambert -Clinical Research and Development |
| Tive, Leslie | Pfizer – Medical |
| Tomcyzk, Sylvia | Warner Lambert -Drug Safety Surveillance |
| Treado, M | |
| Trudeau, V. | |
| Turner, Janeth | Warner Lambert -Regulatory |
| Ulrey, Marie | |
| Ulrich, Linda | |
| Valentino, Michael | Warner Lambert -Sales and Marketing |
| Vales, Angela | Pfizer – Drug Safety Surveillance |
| Van de Carr, M.D., Stephen | |
| Vega, Adrien | Pfizer – Medical Information |
| Vink, Lodewijk J.R. de | |
| Walker, Alan | |
| Weiss, Richard | |
| Wild, Anthony | |
| Williams, Barbara | |
| Windom, Tim | |
| Wohlhuter, Claire | Pfizer – Medical |
| Woychick, John | Warner Lambert -Sales and Marketing |
| Yoder, Meg | Pfizer – Sales and Marketing |
| Zorn, Brian | Warner Lambert -Sales and Marketing |
| Zeucher-Malone, Andrea | Pfizer – Sales and Marketing |
| Zurlo, Grazia | Pfizer – Drug Safety Surveillance |
| | |

Dated: September 22, 2006

                FINKELSTEIN & PARTNERS

        By:    /s/Kenneth B. Fromson
                 /s/Andrew G. Finkelstein
             Kenneth B. Fromson
             Andrew G. Finkelstein

             436 Robinson Avenue
             Newburgh, NY 12550
             (845) 562-0203

             Attorneys for Product Liability Plaintiffs