UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------------x
                                                            :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                                :
        SALES PRACTICES AND                                 :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                       :
                                                            :   Judge Patti B. Saris
------------------------------------------------------------x
                                                            :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                                   :
                                                            :
ALL PRODUCTS LIABILITY CASES                                :
                                                            :
------------------------------------------------------------x
```

**PRODUCTS LIABILITY PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS PFIZER INC. AND WARNER-LAMBERT COMPANY LLC'S MOTION TO EXCLUDE THE TESTIMONY OF DOCTORS TRIMBLE, KRUSZEWSKI AND BLUME ON THE ISSUE OF GENERAL CAUSATION**

In connection with the pending motion by Defendants Pfizer Inc., and Warner-Lambert Company LLC to exclude the testimony of Doctors Trimble, Kruszewski and Blume on the issue of general causation, ECF Doc. # 1157, Products Liability Plaintiffs respectfully submit for the Court's consideration the following:

(1) Food and Drug Administration (FDA) Memorandum, June 12, 2008, for the July 10, 2008 Joint Meeting of the Peripheral and Central Nervous System Drugs Advisory Committee (PCNS) and the Psychopharmacologic Drugs Advisory Committee (PDAC) (hereafter "FDA Hearing"), prepared by Russell Katz, M.D., Director, Division of Neurology Products/HFD-120 (Exhibit A);

(2) FDA Clinical Review June 12, 2008: Antiepileptics and Suicide Data, by Evelyn Mentari, M.D., M.S., Clinical Safety Reviewer, Division of Neurology Products, CDER, FDA (Exhibit B);

(3) FDA Suicidality Class Labeling Proposal for the July 10, 2008 FDA Hearing (Exhibit C);

(4) FDA Hearing Meeting Agenda, Roster, and Questions to Committee (Exhibit D);

(5) FDA's powerpoint slide presentations related to Antiepileptic Drugs and Suicidality by Evelyn Mentari, M.D., M.S., Clinical Safety Reviewer, Division of Neurology Products, CDER, FDA (Exhibit E);

(6) FDA's powerpoint slide presentations of FDA analysis and in rebuttal to Pfizer's analysis of Gabapentin and Pregabalin, by Mark Levenson, Ph.D., Statistical Safety Reviewer, Quantitative Safety and Pharmacoepidemiology Group, Division of Biometrics 6/CDER/FDA (Exhibit F);

(7) FDA Hearing transcript provided by FDALive.com (Exhibit G);

(8) Interactive DVD of FDA Hearing provided by FDALive.com (provided under separate cover).

The Court's attention is respectfully brought to the following statements by Russell Katz, M.D. (FDA, Director, Division of Neurology Products) on the issue general causation:

> We're unequivocally comfortable with using the word, the "C" word with saying that this establishes causality. Again, we've talked about this a fair amount. We – this is how we determine causality. This is how we base our findings of effectiveness. With drugs, we do randomized trials. We analyze them in a – prospectively. We have an outcome measure, and if it's statistically significant and different from placebo, we say the drug caused it. You hear there are you know once you rule out chance and fraud and bias and that sort of thing, which we think we've done here. . . So, yes, we're quite comfortable with saying there is causality. [Hearing Transcript, Ex. G., at p. 90.]

The Advisory Committee voted 20-0 (with 1 abstention) in favor of the FDA's overall finding of an increase in suicidality for the 11 drugs analyzed. (Hearing Transcript, Ex. G, at p. 91). The Advisory Committee then voted 18-3 in favor of the position that the FDA's causation analysis was applicable to each of the 11 drugs at issue:

> So, again, the question is – does the committee agree with the agency's conclusion that finding of increased suicidality should apply to **all, or each**, of the drugs included in the analysis, despite the observation that the estimated odds ratio for two of the drugs was below one. And, if not, which should the conclusion apply.
>
> * * *
>
> For the record, **18, yes, 3, no** and zero abstain for question two. [Hearing Transcript, Ex. G., at p.94 (emphasis added).]

2

The above referenced material is responsive in part to the Court's own inquiry to the FDA, ECF Doc. # 1301, "requesting FDA participation . . . on the conclusions articulated by the FDA in its January 31, 2008 Safety Alert, 'Information for Healthcare Professionals - Suicidality and Antiepileptic Drugs.'"

Dated: July 18, 2008

Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By:   **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY  12550

By:   **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
   & Associates
106 E. 6th Street, Suite 700
Austin, TX  78701

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 18, 2008.

**/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire