UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br><br>*Brook v. Pfizer, et al.,* CA No. 07-10857 | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

REPORT AND RECOMMENDATION
ON MOTION TO DISMISS

August 4, 2008

SOROKIN, M.J.

Before the Court is a motion to dismiss the individual action, Brook v. Pfizer, et al., CA No. 07-10857, filed by defendants Actavis, Inc., Actavis Elizabeth LLC, and Purepac Pharmaceuticals Co. See Docket # 1190. No opposition has been filed. For the reasons set forth below, I recommend that the Court **ALLOW** the motion, and **DISMISS** the matter with prejudice.

BACKGROUND

On February 8, 2008, this Court entered Discovery Order No. 21 (Docket # 1120), notifying Susan Brook, among other plaintiffs, that her case would be dismissed if she failed to meet certain obligations. The Court notified Ms. Brook as follows.

> The attorney representing you in this litigation has filed with the Court a Motion to Withdraw as your attorney. **The Court will allow your attorney to withdraw and dismiss your case unless you do one of the following by February 25, 2008:**
>
> 1. Hire a different Attorney to represent you in this case and have the Attorney file a Notice of Appearance on Your Behalf by February 25, 2008.

>2. Write to the Court by February 25, 2008 saying either you object to your lawyer withdrawing and/or you want to represent yourself in this lawsuit. Your letter should include the number of your case listed above.
>
>You will then be **required** to attend a hearing on March 7, 2008 at 10:00 a.m. in Courtroom #14 before Magistrate Judge Leo T. Sorokin of the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210. If wish to attend this hearing by telephone and you do not live in Massachusetts, you must write to Deputy Clerk Maria Simeone, United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210 by February 25, 2008 and provide her the telephone number at which you wish the Court to call you on March 7, 2008.
>
>**If you fail to take either of the above steps by February 25, 2008, the Court will dismiss your case.**

Docket # 1120 (emphasis supplied). The February 25, 2008 has long since passed, and Brook has not responded to the Court's Order either through an attorney, or on her own. The Court has given Brook ample time to fulfill her obligations, and ample warning that failure to do so would result in dismissal of her action.

CONCLUSION

I hereby recommend that the motion to dismiss (Docket # 1190) be ALLOWED, and that Brook's action be DISMISSED due to Brook's failure to prosecute and her disregard of the Court's Order. The Finkelstein firm, originally counsel for Brook, is ORDERED to serve a copy of this Order on Brook at her last known address.[1]

SO ORDERED.

/s/ Leo T. Sorokin

_____
United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).