# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA; UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>PFIZER INC. and WARNER-LAMBERT COMPANY,<br>   Defendants. | |

### NOTICE OF SALES & MARKETING PLAINTIFFS' PROVISION OF EXPERT REPORTS AND CLASS PLAINTIFFS' NOTICE OF INTENTION TO FILE EXPERT REPORTS UNDER SEAL

The Class Plaintiffs hereby inform the Court that the Sales & Marketing Plaintiffs have served on the Defendants eleven (11) expert reports[1] in accordance with the Court's February 29, 2008 Case Management Order. At the April 16, 2008 hearing on the Class Plaintiffs' Renewed

---

[1] The provision of these reports was in addition to the provision of the Expert Report of Rena Conti Ph.D. which was previously produced and filed with the Court.

Motion for Class Certification, the Court indicated that it wished to receive and review the reports of the Class Plaintiffs' economic expert, Dr. Meredith Rosenthal. This report, however, contains material that has been designated by other companies as "Confidential" under the terms of the Protective Orders issued in this case. Accordingly, Class Plaintiffs will have to seek leave to file Dr. Rosenthal's report under seal, unless the confidentiality issues can be resolved by agreement. Specifically, Class Plaintiffs notify the Court of the following:

1. The Sales & Marketing Plaintiffs have served upon the Defendants the following eleven (11) expert reports ("Expert Reports"):

 a. <u>David A. Kessler, M.D.</u>: former Commissioner of the United States Food and Drug Administration, Professor of Pediatrics and Professor of Epidemiology and Biostatistics, University of California at San Francisco School of Medicine. Among other matters, Dr. Kessler's report describes the evidentiary requirements necessary to get a drug approved by United States Food and Drug Administration ("FDA") and reviews the FDA's refusals/rejections of applications to market Neurontin for various indications that are the subject of this case, including neuropathic pain, diabetic peripheral neuropathy, and the use of doses greater than 1800 mg per day based on a lack of scientific evidence.

 b. <u>Brian Alldredge, Pharm.D.</u>: Associate Dean for Academic Affairs and Professor of Clinical Pharmacy and Neurology, University of California at San Francisco School of Pharmacy. Dr. Alldredge's report demonstrates that Neurontin does not exhibit any greater efficacy for its labeled indications when it is used in doses greater than 1800 mg per day, and that the Defendants' marketing regarding the efficacy of Neurontin in doses greater than 1800 mg per day was misleading and deceptive.

      c.      <u>Jeffrey S. Barkin, M.D</u>.: psychiatrist, Portland, ME. Dr. Barkin's report demonstrates that Neurontin is not effective for the treatment of bipolar and other mood disorders and that the Defendant's marketing regarding the efficacy of Neurontin for the treatment of bipolar and other mood disorders was misleading and deceptive.

      d.      <u>Douglas C. McCrory, M.D., M.H.Sc.:</u> Associate Professor, Department of Medicine, Division of General Internal Medicine and Center for Clinical Health Policy Research, Duke University School of Medicine. Dr. McCrory's report demonstrates that Neurontin is not effective for the treatment of migraine and headache and that the Defendants' marketing regarding the efficacy of Neurontin for the treatment of migraine and headache was misleading and deceptive.

      e.      <u>Thomas L. Perry, M.D., FRCPC</u>: Clinical Assistant Professor, Department of Anesthesiology, Pharmacology & Therapeutics, University of British Columbia. Dr. Perry's report demonstrates that Neurontin is not an effective treatment for neuropathic or nociceptive pain, and that the Defendants' marketing of Neurontin for such uses was misleading and deceptive.

      f.      <u>Nicholas P. Jewell, Ph.D.</u>: Professor of Statistics, University of California at Berkeley, and Professor of Biostatistics, School of Public Health, University of California at Berkeley. Dr. Jewell's report contains a statistical analysis of Defendants' flagship study investigating Neurontin's use in the treatment of pain associated with diabetic peripheral neuropathy that was published in the Journal of American Medical Association (JAMA). This trial was the centerpiece of Defendants' marketing campaign for pain. Dr. Jewell provides a thorough analysis of the data and concludes that the trial had a major flaw, which completely undermines any claims of efficacy.

  g. <u>Kay Dickersin, Ph.D., MA</u>: Director, Center for Clinical Trials, and Professor of Epidemiology, Bloomberg School of Public Health, Johns Hopkins University.  Dr. Dickersin finds that all Pfizer supported studies of Neurontin in the areas of pain, migraine and bipolar disorders exhibit extensive evidence of reporting biases that amount to an outright deception of the biomedical community and suppression of the scientific truth concerning Neurontin's effectiveness for pain, migraine and bipolar disorders.  Dr. Dickersin concludes that such an assemblage of biases render the information about Neurontin's effectiveness, as assembled in the published literature, untrustworthy and invalid.

  h. <u>John Abramson, M.D.</u>: physician, author, Ipswich, MA.  Dr. Abramson's report demonstrates that the Defendants executed a comprehensive campaign to increase off-label prescriptions, for the indications at issue in this case, through the dissemination of inaccurate, incomplete or misleading scientific evidence.  Defendants delivered this information through a variety of trusted sources upon which physicians rely in making informed prescribing decisions.

  i. <u>Kimberly P. McDonough, Pharm.D.</u>: President, Advanced Pharmacy Concepts, Kingston, RI.  Dr. McDonough's report establishes that the Third Party Payer ("TPPs") appropriately handled their coverage of Neurontin during the relevant time period, and that the TPPs could not effectively block reimbursement for off-label Neurontin because the TPPs did not know, and could not be expected to know, when Neurontin was prescribed to a subscriber for an off-label use.

  j. <u>Meredith Rosenthal, Ph.D.</u>: Associate Professor of Health Economics and Policy, Harvard School of Public Health.  Using standard econometric methods and

predicated on the findings of the reports as set forth above, Dr. Rosenthal's report determines the percentage and number of prescriptions for Neurontin for the off-label uses at issue in this case that were caused by the Defendants' false and misleading marketing of Neurontin.

   k. <u>Ray S. Hartman, Ph. D.</u>: President, Greylock McKinnon Associates, Cambridge, MA. Relying upon Dr. Rosenthal's opinion, Dr. Hartman's report determines the damages that the Sales and Marketing Plaintiffs have incurred due to the Defendants' false and misleading marketing of Neurontin for the off-label indications at issue in this action.

   2. At the April 16, 2008 hearing on the Class Plaintiffs' Renewed Motion for Class Certification, the Court requested that the Class Plaintiffs file the expert report of Dr. Meredith Rosenthal, which the Court wished to review before ruling on class certification. However, due to the terms the Protective Order, the Class Plaintiffs cannot comply with the Court's request at this time unless: (1) they are granted leave to file Dr. Rosenthal's report under seal, or (2) all claims of confidentiality are waived or successfully challenged.

   3. Dr. Rosenthal's report is predicated upon the above Expert Reports assembled by the Plaintiffs, and accordingly, the Class Plaintiffs believe these reports will also assist the Court in its decision on class certification.

   4. Due to the volume of materials designated "Confidential" by Pfizer and the other companies referenced below in ¶ 5, all of the Expert Reports prepared on behalf of the Sales and Marketing Plaintiffs incorporate information which, pursuant to Paragraph 15 of the Protective Order, must be filed under seal.

5.  The Class Plaintiffs are aware of the Court's distaste for the lodging of sealed documents and have already challenged the confidentiality designations made by Pfizer on the documents referred to in the Expert Reports.  See Exhibit A. Moreover, Class Plaintiffs will initiate a discussion with counsel for Pfizer, Cline Davis & Mann, Sudler Hennessey, CME LLC, and IMS Health to determine if these companies will waive their confidentiality designation of the material referenced in or relied upon in Plaintiffs' Expert Reports or at least narrow the quantum of data or documents they deem confidential.  Class Plaintiffs hope that these discussions will allow them to file the Expert Reports unsealed. Thus, Class Plaintiffs will not file copies of the Expert Reports, including Dr. Rosenthal's, until the dispute over the confidentiality designations have been resolved. Counsel for the Class anticipates that the meet-and-confer process will take no more than two weeks.

Respectfully submitted,

Dated:  August 11, 2008    GREENE & HOFFMAN

By:  /s/ Thomas M. Greene
     Thomas M. Greene, Esq.

33 Broad Street, 5th Floor,
Boston, MA  02109

LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP


By:  /s/ Barry R. Himmelstein
     Barry R. Himmelstein, Esq.

275 Battery Street, 30th Floor
San Francisco, CA  94111-3339

BARRETT LAW OFFICE


By:   /s/ Don Barrett
       Don Barrett, Esq.

404 Court Square North
P.O. Box 987
Lexington, MS 39095

LAW OFFICES OF DANIEL BECNEL, JR.


By:   /s/ Daniel E. Becnel, Jr.
       Daniel E. Becnel, Jr., Esq.

106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

DUGAN & BROWNE


By:   /s/ James R. Dugan
       James R. Dugan, Esq.

650 Poydras Street, Suite 2150
New Orleans, LA 70130

HAGENS BERMAN SOBEL & SHAPIRO LLP


By:   /s/ Thomas M. Sobol
       Thomas M. Sobol, Esq.

One Main Street, 4th Floor
Cambridge, MA 02142

Attorneys for Plaintiffs and the Class

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on August 11, 2008.

                                                           /s/Ilyas J. Rona