UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br>ALL PRODUCTS LIABILITY ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

Discovery Order No. 25 - Products Cases

June 19, 2008

SOROKIN, M.J.

This Court ordered each Plaintiff to certify his/her intent to proceed and each counsel to certify that, upon review of the relevant medical records, pursuit of the action was warranted. See Docket #949. The Order established December 20, 2007 as the deadline for filing the certifications. Subsequently, after reviewing the certifications and related filings, the Court set out certain procedures to follow for cases in which counsel could not reach the Plaintiff and counsel would not sign the certification. See Discovery Order #19, Docket #1049. The Order further required each plaintiff's counsel to provide a list of the pertinent information for each plaintiff represented by the lawyer. Subsequently, the Court ordered the Schwartz and Boone law firms to clarify the filings regarding their clients. Discovery Order #23, Docket #1179. Defendants have moved to dismiss certain Plaintiffs for failing to comply with the Court's Orders. The Court's rulings are set forth below, as are the Report and Recommendations on Defendants' Motions to Dismiss.

1.   Voluntary Dismissals

The following cases have been dismissed as a result of a stipulation of dismissal or voluntary dismissal filed by the Plaintiff:

| | Plaintiff | C.A. No. | Docket # |
|---|---|---|---|
| 1. | ███ | 05-10828 | 1097 |
| 2. | ███ | 05-11029 | 1104 |
| 3. | ███ | 05-11036 | 1098 |
| 4. | ███ | 05-11706 | 1020 |
| 5. | ███ | 05-11707 | 1020 |
| 6. | ███ | 05-12075 | 1099 |
| 7. | ███ | 05-12122 | 1020 |
| 8. | ███ | 05-12127 | 1100 |
| 9. | ███ | 06-11021 | 1100 |
| 10. | ███ | 05-12444 | 1013 |
| 11. | ███ | 06-10108 | 1101[1] |
| 12. | ███ | 06-10778 | 895 |
| 13. | ███ | 06-11774 | 1102 |
| 14. | ███ | 05-10836 | 1096 |

The Clerk shall ensure that each of the above documents is entered in the individual docket pertaining to that Plaintiff's action. In addition, if the claims of every plaintiff in the action have been dismissed, then the clerk shall close the case, and, if the action is from another district, transfer the case back to the originating district as appropriate.

2. <u>Motions to Withdraw As Counsel - Opposed</u>

In the following cases, Plaintiff's counsel has filed a Motion to Withdraw and the Plaintiff has filed either an objection to this Motion or an indication that the Plaintiff intends to proceed pro se:

| Plaintiff | CA No. | Docket # of motion to withdraw |
|---|---|---|

---

[1] Prior to the filing of the stipulation of dismissal, Plaintiff's counsel had filed a motion to withdraw. Docket # 1066. In light of the stipulation that motion is denied as moot.

2

| | | |
|---|---|---|
| ▓▓▓▓▓▓ | 05-11702 | 1108 |
| ▓▓▓▓▓▓ | 05-11750 | 1108 |
| ▓▓▓▓▓▓ | 05-11030 | 1061 |
| ▓▓▓▓▓▓ | 06-11882 | 1071 |

In each of the above listed actions, the Court has held a hearing on the Motion with the individual plaintiff and counsel. The Motion to Withdraw regarding ▓▓▓ remains under advisement while she seeks other counsel. The Motion to Withdraw regarding ▓▓▓ is ALLOWED; Mr. ▓▓▓ is now pro se. The Motion to Withdraw regarding ▓▓▓ is DENIED.

3.  Motions to Withdraw as Counsel - Unopposed or No Response

A separate Report and Recommendation will issue regarding the Motions to Withdraw to which the plaintiff has not responded. In the following cases, Plaintiff's counsel has filed a Motion to Withdraw. With respect to each such Motion, counsel has certified that counsel has served the Motion on the Plaintiff along with the Court's Order Re: Motion to Withdraw (a copy of which is an Exhibit to Discovery Order #19, dkt#1049). The Order required each Plaintiff, by February 1, 2008, to file a response to the Motion indicating either the Plaintiff's objection to the Motion or the Plaintiff's intent to proceed pro se (unless new counsel filed a notice of appearance). However, the plaintiffs in the following cases have filed nothing in response to counsel's motion as of the date of this Report and Recommendation.[2]

| Plaintiff | CA No. | Docket # of motion to withdraw |
|---|---|---|

---

[2] In addition, the Court notes that none of these plaintiffs have filed the required certification previously ordered by the Court.

| | | |
|---|---|---|
| ███████ | 05-11024 | 1058 |
| ███████ | 05-11025 | 1059 |
| ███████ | 05-11027 | 1060 |
| ~~Raytheon-Wilson~~ | 05-11031 | 1062 |
| ███████ | 05-11033 | 1063 |
| ███████ | 05-11999 | 1064 |
| ███████ | 06-11398 | 1064 |
| ███████ | 05-12128 | 1065 |
| ███████ | 06-10419 | 1067 |
| ███████ | 06-10780 | 1068 |
| ███████ | 06-11397 | 1069 |
| James Fenelon JAmie | 06-11581 | 1070 |
| ███████ | 06-12049 | 1072 |
| ███████ | 07-10569 | 1073[3] |
| ███████ | 05-11018 | 1074 |
| ███████ | 06-11396 | 1076 |
| ███████ | 04-12286 | 1077 |
| ███████ | 06-10779 | 1078 |
| ███████ | 06-10914 | 1079 |
| ███████ | 06-10913 | 1080 |

[3] In their report counsel also indicated that ███████ was dismissing her case voluntarily. See Docket #1173-3 at line 86 citing docket #1103. However, docket #1103 does not pertain to ███████ case.

4

| | | |
|---|---|---|
| ▬▬▬▬ | 05-11262 | 1081 |
| ▬▬▬▬ | 06-11640 | 1083 |
| ▬▬▬▬ | 06-11640 | 1083 |
| ▬▬▬▬ | 07-11007 | 1084 |
| ▬▬▬▬ | 06-10954 | 1082 |
| ▬▬▬▬ | 07-10332 | 1107 |
| ▬▬▬▬ | 07-10857 | 1106 |
| ▬▬▬▬ | 07-11255 | 1109 |

This MDL involves many individuals actions as well a proposed nationwide class action. The orderly management of this litigation requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion. A litigant's pro se status (or in this case potentially pro se status) does not absolve him or her from compliance with the Court's procedural rules or the Rules of Civil Procedure. See F.D.I.C. v Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994). The Court is "free to enforce its discovery rules by ordering compliance, sanctions, or any other appropriate remedy." Samos Imex Corp. v. Nextel Communications, Inc., 194 F.3d 301, 305 (1st Cir. 1999). "Under Fed.R.Civ.P. 41(b), as well as under the inherent power of the court, a complaint may be dismissed with prejudice for want of prosecution." Richman v. General Motors Corp., 437 F.2d 196, 198-199 (1st Cir. 1971) (citation omitted).

Accordingly, I hereby recommend that the claims of the above listed individuals be DISMISSED due to each Plaintiff's failure to prosecute and each Plaintiff's disregard of the Court's Order. In addition, if the District Judge adopts this recommendation, I recommend that

5

the Clerk then enter the Order on the docket of each of these civil actions and determine if the claims of every plaintiff in the action have been dismissed in which case the clerk would close the case, and, if the action is from another district, transfer the case back to the originating district. Counsel for each of these plaintiffs shall serve a copy of this Report and Recommendation on each Plaintiff.[4]

4. Schwartz Law Firm Plaintiffs

Ninety three Plaintiffs listed at Docket #1219 Exhibit A request a voluntary dismissal of their case pursuant to Fed. R. Civ. P. 41(a)(2). The Defendants have not objected to this Motion. Accordingly, I recommend that the Court DISMISS all claims brought by each of the Plaintiffs listed on Docket #1219 Exhibit A and ALLOW the Motion for Voluntary Dismissal. As for the remaining 132 Plaintiffs represented by the Schwartz Law Firm, the Firm has certified that it has complied with the certification requirements for each Plaintiff. Docket # 1220

Defendants move to dismiss claims brought by four Plaintiffs represented by the Schwartz Law Firm: ■■■■■■■■■■■■■■■■■■■■ Docket #1268. The Defendants' motion asserts that Schwartz did not have the relelvant medical records for these Plaintiffs at the

---

[4] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct 466 (1985).

time that Schwartz certified them. (Docket #1268). Rather than opposing the Motion, Plaintiffs filed a Motion for Voluntary Dismissal. Accordingly, I recommend that the Court (1) ALLOW the Amended Motion for Voluntary Dismissal by these four plaintiffs (dkt#1311); (2) enter the Court's dismissal order in the individual docket(s) of each of the four plaintiffs listed on Ex. A to the Motion at dkt#1311-2; (3) DENY AS MOOT the Defendants' Motion to Dismiss (dkt#1268) and (4) DENY AS MOOT the Plaintiffs' original Motion for Voluntary Dismissal (dkt#1310).[5]

5. Boone Law Firm Plaintiffs

The certification process with respect to the Boone Law Firm Plaintiffs is incomplete; accordingly the Court will address it in separate orders or recommendations

6. Miscellaneous

In the case of ▓▓▓▓ v. Pfizer, C.A No. 06-11392, one of the plaintiffs has indicated an intent not to proceed with the litigation. Docket #1095. Accordingly, counsel shall have this plaintiff file a dismissal.

SO ORDERED.

/s/ Leo T. Sorokin
_____
United States Magistrate Judge

---

[5] See footnote 4 for the procedure regarding Objections to the Report and Recommendation.