# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) MDL DOCKET NO. 1629 ) CIVIL ACTION NO. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) |

**CASE MANAGEMENT ORDER NO. 3**

March 18, 2005

Saris, U.S.D.J.

Pursuant to the Federal Rules of Civil Procedure, the Court finds that entry of this Order is necessary for the just and more expeditious and efficient resolution of the above-captioned case, MDL 1629, <u>In re Neurontin Marketing and Sales Practices Litigation</u>.  This Order shall also apply to related cases later filed in, removed to, or transferred to this Court.

I. **FILING AND SERVICE OF DOCUMENTS**

Within ten (10) days of the date of this Order, counsel for any party desiring to receive service of documents filed with the Court shall register for participation in the Court's Internet-based Electronic Case Files (ECF) system.  Unless otherwise directed by the Court, all documents required to be filed with the Court shall be filed and served exclusively through the ECF system, in accordance with the Court's Electronic Case Filing Administrative Procedures.  Except as the parties may otherwise agree among themselves, paper copies of documents filed with the

Court need not be served on any party.  Discovery requests, responses thereto, and other pleadings not required to be filed with the Court shall be served on Defendant's counsel, Plaintiffs' Liaison Counsel, and any other party entitled to service pursuant to Section III.C.2. of the Court's December 16, 2004 Corrected Case Management Order by overnight delivery, or such other method(s) of service as the affected parties may agree among themselves.

Any briefs or memoranda of law filed under seal pursuant to the Stipulated Protective Order shall also be filed electronically on the public docket with only the confidential portions redacted.  The parties shall provide good cause for each proposed redaction of "confidential" information for each document filed on the public docket.

**II.   DISCOVERY AND DOCUMENTS**

    **A.   Preservation of Documents**

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to these actions.  The duty extends to documents, data, and tangible things in possession, custody or control of the parties to this action. "Documents, data, and tangible things" is to be interpreted broadly to including writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs,

computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, check statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.  Counsel is under an obligation to the Court to exercise all reasonable efforts to identify parties and notify them of their duty to preserve evidence.

    **B. Documents**

    **1. Legibility of Documents**

Each producing party shall take reasonable steps to assure that the copies of the documents it produces are legible.  To the extent a producing party cannot or does not produce a legible copy, it shall make the original document(s) available for inspection and copying.

**2. Electronic Format**

Any document available in an electronic format shall be so provided in that format, i.e., in a usable electronic format. Where possible, the parties shall endeavor to produce documents in an identical format. If issues regarding compatibility of computer systems and software arise, the parties shall confer to resolve the matters.

**3. Documents Produced in *Qui Tam* Action**

Parties in this action must produce, in response to any document request, all responsive documents provided by non-parties to any of the parties in the civil action <u>United States of America ex rel. David Franklin v. Parke-Davis</u>, C.A. No. 96-11651-PBS (D. Mass.). Pursuant to Case Management Order No. 1 and the Stipulated Protective Order, documents produced by the defendants in the <u>Franklin</u> case have been provided to plaintiffs by Mr. Thomas Greene, counsel for the Relator in <u>Franklin</u>, and defendants shall have no further obligation to produce those documents.

**4. Organization and Labeling**

Documents produced for inspection shall be organized and labeled to correspond with the requests to which they are responsive. No stamps of "confidential" or the like shall obscure the text of the document. All documents shall be produced in their original size.

4

**C.  Depositions**

A party shall provide a "three week deposition notice" under which such party provides at least 21 days notice for a proposed deposition.  A responding party may suggest an alternative date no later than seven more working days from the original date.  The parties shall confer in good faith.  Any motion for a protective order shall be filed at least five working days before the scheduled deposition; any response shall be filed within two working days.

**D.  Limits on Discovery Events**

The parties shall comply with the discovery limitations in the Federal Rules of Civil Procedure unless otherwise authorized by the Court.  The Discovery Event Limitations set forth in Local Rule 26.1(c) shall not apply.  The depositions in the qui tam case shall be admissible in this litigation, subject to supplemental (non-duplicative) cross-examination and questioning. Unless otherwise authorized by the Court or stipulated by the parties, depositions shall be limited to two (2) business days of seven (7) hours each by the deposing parties.

**E.  Supplementation**

The supplementation of responses required by Federal Rule of Civil Procedure 26(e) shall be made by the parties no later than 30 days after the new information is received.

**F. Privilege**

Privilege logs shall be provided 14 days after a production, and shall provide reasons for each document withheld from production, as well as for each redaction from a document produced. There shall be no redaction of documents by any party on any basis other than a bona fide claim of a recognized lawful privilege, or as required by the Health Insurance Portability and Accountability Act of 1996 or other federal laws.

**III. SETTLEMENT DISCUSSIONS**

To protect the integrity of the MDL process, counsel for the parties shall notify the Court in writing of any attempts to settle or release any of the claims before this Court in another jurisdiction upon the commencement of such discussions. Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.

SO ORDERED.

                                              **S/PATTI B. SARIS**
                                              United States District Judge