# EXHIBIT H

# Finkelstein & Partners
## Counselors At Law

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

Elissa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)
_____
Debra J. Reisenman (NY)
Michael T. McGarry (NY)

Steven Z. Shultz (NY & MA)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

*Of Counsel*
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)
Jeffrey A. Brown, M.D., Esq. (NY & NJ)
Dennis G. Ellis (NY)
John F. Dowd (NY & CT)

**Accredited CLE Provider**

REFER TO OUR FILE #: 200599

October 10, 2007

Jim Rouhandeh, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Re:   Neurontin Litigation

Dear Jim:

In furtherance of our conference call today, I wanted to follow up with you on the issues we discussed as soon as I had answers. While the issues below do not address all of the topics we discussed, they are important in terms of the parties expert discovery this month.

First, as you know from my email communication today, our position is that Dr. Roth's deposition (neuropsychopharmacologist) should go forward on 10/25-10/26. Our intention is to file a motion to compel Defendants to go forward with the deposition.

Second, we discussed defense counsel's position that Defendants will only depose Plaintiffs' experts pertaining to general causation. In this regard, Defendants have excluded from the deposition schedule offered by Plaintiffs counsel both of the general causation experts on sales/marketing practices. Defendants interpret the Court's recent Order (Discovery Order #14) as not including such experts. We disagree.

Specifically, we do not agree with Defendants' interpretation of the Court's phrase, "the schedule for experts on general causation and summary judgment briefing remains unchanged" as set forth in Discovery Order #14. Our position is that the discovery schedule for general causation and summary judgment briefing remains in effect as those terms were utilized by the Court in previous orders (e.g., Discovery Orders #7, #13). The Court has previously referred to General Causation and summary judgment briefing in the same fashion, and this included all generic experts with opinions of general causation pertaining to the case, as well as issues of preemption. We interpret the Court's reference in Order #14 to the discovery schedule remaining "unchanged" to include all of the same generic experts and issues of preemption that were referenced by the Court in such past Orders as Discovery Order #7 and Discovery Order #13. Indeed, if we were to interpret the Court's most recent discovery order (#14) any differently, then the parties would have no guidance as to when all other general causation expert reports and depositions are to be done (e.g., general causation experts on sales/marketing practices). We do not believe the Court's most recent order effectively excluded sales/marketing practice or regulatory/failure to warn general causation experts from the discovery schedule.

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

x   436 ROBINSON AVENUE
    NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

We maintain our position that all general causation experts with opinions in the case --- all of the experts in our proposed expert schedule --- are to go forward with the disclosure deadlines now in effect by the Court. We intend to disclose all general causation experts by 10/22/07 and we intend to have the experts available for deposition as set forth in our proffered expert deposition schedule previously provided. To the extent Defendants refuse to go forward with depositions in a manner we believe is consistent with the Court's order, please be advised that we will oppose any application to have these general causation experts produced after the discovery deadline now in effect by the Court.

As to the other issues discussed during our telephone conference, I look forward to hearing from you as soon as is practical. In particular, please confirm whether you will agree to Plaintiffs' reserving 3 hours of time to question Dr. Trimble. As has been the case with other depositions, the defending party has been provided ample time to handle 'redirect/cross' of the witness. As to the proposals due to the Court on October 13, 2007, I expect to have a response tomorrow.

Very truly,

Kenneth Fromson