EXHIBIT L

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------- x
:  MDL DOCKET NO: 1629
In re:  NEURONTIN MARKETING, SALES :
PRACTICES, AND PRODUCTS :  Master File No. 04-10981
LIABILITY LITIGATION :
:  Judge Patti B. Saris
:
:  Magistrate Judge Leo T. Sorokin
:
---------------------------------- x
THIS DOCUMENT RELATES TO: :
:
*Bulger v. Pfizer Inc., et al.*, :
Case No. 07-11426-PBS :
:
*Smith, et al. v. Pfizer, et al.* :
Case No. 05-cv-11515-PBS :
---------------------------------- x

**NOTICE OF VIDEOTAPED DEPOSITION *DUCES TECUM* OF
DAN W. BROCK, PH.D.**

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants Pfizer Inc. and Warner-Lambert Company LLC, by and through their counsel, will take the testimony by deposition upon oral examination, before a person authorized to administer oaths, of Dan W. Brock, Ph.D., a Products Liability Plaintiffs' designated expert to provide testimony relating to general causation. The deposition will be taken in accordance with the Federal Rules of Civil Procedure on Tuesday September 16, 2008, and Wednesday September 17, 2008, at Hare & Chaffin, 160 Federal Street, Boston, MA, 617-330-5000, beginning at 9:00 a.m. and ending no later than 6:00 p.m. local time. The deposition will be recorded by stenographic means and videotaped by Veritext, L.L.C., 1 Penn Plaza, Suite 1706, New York, New York, 10119.

3071832v1

Pursuant to the pertinent provisions of the Stipulated Document Notice (Exhibit A), Dan W. Brock, Ph.D., is required to produce at his deposition or before the records, documents, and tangible items set forth in the attached Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Amended Stipulated Protective Order entered in *In re Neurontin Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 1629, attendance at this deposition is restricted to individuals who have executed a confidentiality agreement.

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

Dated: August 21, 2008

        HARE & CHAFFIN

        By: _____
           David B. Chaffin, Esq.
           160 Federal Street
           Boston, MA 02110

        And

        Scott W. Sayler
        James P. Muehlberger
        Lori C. McGroder

        2555 Grand Blvd.
        Kansas City, MO 64108
        (816) 474-6550

        ATTORNEYS FOR DEFENDANTS
        PFIZER INC. AND WARNER-LAMBERT
        COMPANY LLC

## *EXHIBIT A*

## DEFINITIONS

1. "Plaintiffs" mean any and all products liability plaintiffs in this litigation, and their representatives, agents or attorneys.

2. "Defendants" mean any and all of the following entities: Pfizer Inc., Warner-Lambert Company LLC, Warner-Lambert Company, and Parke-Davis.

3. "You or your" means Dan W. Brock, Ph.D. and his representatives, agents or attorneys.

4. The term "document" is used in its broadest sense and means the original and any non-identical copy, which is within the scope of the Federal Rules of Civil Procedure. The term "document" includes, but is not limited to writings, drawings, graphs, charts, photographs, and phonographic or recorded records and other data compilations.

5. The term "including" shall be interpreted so as to expand the meaning or interpretation of a term or question and shall not be interpreted in a restrictive manner.

## DOCUMENTS THE DEPONENT IS REQUIRED TO PRODUCE

1. All correspondence to or from you regarding this litigation.

2. All documents relating to compensation paid or agreed to be paid to you in this litigation, including copies of any fee agreements or other agreements you have with counsel for Plaintiffs, and copies of your billings for work undertaken, time spent, activity, and amount billed.

3. All documents, notes, records and materials in your possession relating to Plaintiffs and/or to this litigation, including any notes you created or received, your complete file regarding this litigation, and any photographs, audiotapes or videotapes related to this litigation.

3071832v1

4. All correspondence between you and Plaintiffs or their attorneys, agents, or representatives, and all documents provided to you by counsel for Plaintiffs.

5. Any correspondence and any other written communication between you and any other person concerning Plaintiffs, and/or this litigation.

6. All notes, records, reports, medical or scientific literature, data of any kind, or other material you reviewed or relied upon regarding your conclusions, opinions, and the causes of the alleged injuries of Plaintiffs.

7. All written studies, reports, records, opinions, notes and calculations or other documentation prepared or reviewed by you in connection with this litigation.

8. All writings, documents, notes, or other materials reflecting or relating to contacts between you and any medical health care professionals, consulting or testifying expert witnesses, their agents, or any other persons with whom you have had contact for purposes of conferring about the subjects of Neurontin® and the claims in this litigation.

9. All documents and other materials in your possession, custody or control that were obtained from, provided by or authored by Defendants related to Neurontin®, or any documents or materials reflecting communications between you and Defendants or Defendants' current or former employees related to Neurontin®.

10. All advertisements or other communications regarding your availability as a consultant or expert witness distributed or caused to be distributed by you or by any consulting witness or witness referral service acting on your behalf.

11. All documents that reflect your relationship with any consulting or witness referral service, company, database or directories, including documents reflecting arrangements for income sharing, fee-splitting or other remunerative arrangements.

12. All correspondence and memoranda recording, reflecting or regarding any meetings, telephone conversations, or other contacts between you and any governmental regulatory body relating to Defendants or Neurontin®.

13. All notes, slides, overheads, presentation materials, handouts, summaries, materials, outlines, publications and other documents and things which contain information regarding any class, course, seminar or other presentation taught or presented by you with any references to Neurontin® or gabapentin.

14. All writings, documents, notes, reports, summaries, raw data, or other materials reflecting or relating to analyses, calculations or, evaluation of any data or literature conducted and/or considered by you or your agents, or anyone working for counsel for plaintiffs, that you have reviewed or relied on in forming your opinions in this case, along with any database used for such analyses and the applicable software to conduct the data analyses.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of August, 2008, I caused to be served a true and correct copy of the foregoing Notice of Deposition of Dan W. Brock, Ph.D. via email and U.S. Mail, postage prepaid to:

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, NY 12550
T: 845-562-0203
F: 845-562-3492

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
3701 Bee Caves Road
Suite 200
Austin, TX 78701
T: 512-478-5858
F: 512-479-5934

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street, 4th Floor
Cambridge, MA 02142
T: 617-482-3700
F: 617-482-3003

*Members of the Products Liability Plaintiffs'*
*Steering Committee*

_____
ATTORNEY FOR DEFENDANTS PFIZER INC. AND WARNER-LAMBERT COMPANY LLC

3071832v1