UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------- x
:
In re: NEURONTIN MARKETING, SALES PRACTICES, :
AND PRODUCTS LIABILITY LITIGATION :
: MDL Docket No. 1629
------------------------------------------------------------------- x
:
THIS DOCUMENT RELATES TO: : Master File No. 04-10981
:
: Judge Patti B. Saris
------------------------------------------------------------------- x
:
HARDEN MANUFACTURING CORPORATION; : Magistrate Judge Leo T.
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, : Sorokin
dba BLUECROSS/BLUESHIELD OF LOUISIANA; :
INTERNATIONAL UNION OF OPERATING ENGINEERS, :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY. :
:
------------------------------------------------------------------- x
:
THE GUARDIAN LIFE INSURANCE COMPANY OF :
AMERICA v. PFIZER INC., and AETNA, INC. v. PFIZER INC. :
:
------------------------------------------------------------------- x

## DEFENDANTS' EMERGENCY MOTION FOR ENLARGEMENT
## OF TIME FOR SERVICE OF EXPERT REPORTS

Defendants Pfizer Inc. and Warner-Lambert Company, by their undersigned counsel, respectfully move, on an emergency basis, for an enlargement of the time within which they must serve expert reports in accordance with the applicable case management order.

On the evening of August 11, 2008, plaintiffs served on defendants eleven expert reports, collectively comprising more than 1,300 pages. Under the current schedule, defendants' reports

in response are due just over a month later, on September 15, 2008. Defendants respectfully request a 30-day extension of time for the following reasons.

As an initial matter, the sheer volume of the materials submitted by plaintiffs' experts necessitates an extension. In addition to the over 1,300 pages of text, plaintiffs' reports purport to rely on thousands of pages of documents produced by parties to this litigation; several reports also purport to rely on voluminous electronic data as well. Setting aside the time needed actually to prepare written responses to plaintiffs' expert reports, a substantial amount of time is needed to collect, review and analyze the reports and the associated documents and data on which the reports purport to rely. A number of plaintiffs' reports also include statistical analyses that will require substantial time simply to replicate, much less to comment on and respond to.

Defendants' task is further complicated by the variety of subject matters that plaintiffs' reports address, as well by the fact that virtually all of plaintiffs' experts and many of the subject matters upon which they purport to opine are new. Of plaintiffs' eleven expert reports, only two—the reports of Dr. Meredith Rosenthal and Dr. Raymond Hartman—are authored by putative experts whom plaintiffs had previously disclosed in this litigation. Of the remaining reports, authored by nine newly disclosed experts, five—the reports of Dr. John Abramson, Brian Alldredge, Pharm.D., Dr. Kay Dickersin, Dr. Nicholas P. Jewell, and Dr. David A. Kessler—purport to address subject matters on which neither plaintiffs nor defendants have previously introduced any expert evidence in this case. Defendants require time to locate experts to respond to these reports, and those experts require time to acquaint themselves with documents and data pertinent to their analyses and to prepare responsive reports.[1]

---

[1] Defendants promptly issued subpoenas to all of plaintiffs' experts seeking all documents prepared by or for them in connection with this case, as well as the voluminous materials on which they relied. Although plaintiffs

A brief synopsis of the length and detailed nature of plaintiffs' expert reports is supplied below:

- Dr. Rosenthal's and Dr. Hartman's reports present five regression analyses that defendants had not previously seen and that likely required months to prepare. Defendants' experts will need to test the integrity of the data underlying these analyses, the propriety of the assumptions made and statistical methods employed, and the validity of the conclusions drawn.

- Dr. Abramson has submitted a 123-page report with 446 footnotes.

- Dr. Alldredge has submitted a 55-page report analyzing clinical trial results from 14 clinical trials and discussing 140 company documents.

- Dr. Dickersin has submitted over 300 pages of analysis including tables discussing hundreds of clinical studies.

- Dr. Jewell presents a detailed biostatistical analysis that likely required months to prepare. Defendants' experts will need to test the integrity of the data underlying Dr. Jewell's analysis, the propriety of the assumptions made and statistical methods employed, and the validity of the conclusions drawn.

- Dr. McCrory and Dr. Perry purport to have undertaken biostatistical meta-analyses incorporating data from multiple clinical trials.

---

have to date produced some of the data underlying the reports of certain of their experts, plaintiffs on Friday, August 22 served responses and objections in which they assert general and specific objections to defendants' requests and agree only "to search for and produce any responsive documents, subject to a mutually agreeable scope that will apply equally to any experts designated by Pfizer." Plaintiffs did not indicate that they had even begun such a search, much less specify any timetable for the production of responsive documents.

- Dr. Perry has submitted an 83-page report and over 200 pages of detailed tables stating comments and conclusions respecting numerous clinical studies.
- In addition to the above, defendants will need to respond to Dr. Barkin, who addresses the use of Neurontin for bipolar and other mood disorders; Dr. Kessler, a former FDA Commissioner, who has submitted a report in which he nowhere purports to express an opinion; and Dr. McDonough, who addresses the application of drug management tools available to the managed health care industry to Neurontin.

Defendants' ability to respond to plaintiffs' expert reports within the time allotted by the current scheduling order is made still more difficult by the time of year. Most of the time for defendants to respond is in August, when many academics and other experts—both those on whom defendants have previously relied and those whom defendants have contacted as potential experts—are either on vacation or otherwise unavailable to work on expert reports.

Plaintiffs have had months, if not years, to collect and analyze data and prepare the reports they have submitted in this case. Insofar as their experts comment on prior reports filed by defendants in connection with class certification, plaintiffs have had many months—indeed years, in most cases—to review those reports. Even with such time, plaintiffs sought an extension of time to file their reports, a request to which defendants consented.

By contrast, when defendants sought plaintiffs' consent to the extension sought herein, plaintiffs refused. Plaintiffs indicated that they would only consider extension requests for individual experts, and would not consent to an extension that would avoid piecemeal service of expert reports, even though—as discussed above—the circumstances warrant an enlargement of

4

time for service of all or substantially all of defendants' expert reports. In any event, requiring defendants to submit piecemeal responses would make little sense here, given the interrelated nature of plaintiffs' expert reports, which address overlapping subject matter and, in many instances, expressly cross-reference each other. To cite but one example, the reports of Dr. John Abramson and Dr. Kay Dickersin, both of which address the presence of purported bias in published studies relating to Neurontin, each cross-reference the report of Dr. Nicholas Jewell, who conducts a biostatistical analysis of data underlying a published study on which Dr. Thomas L. Perry, plaintiffs' putative neuropathic pain expert, also opines.[2]

It would be unreasonable in these circumstances to require defendants to respond in the space of a month to an interrelated set of eleven expert reports that plaintiffs have had, in most instances, years to prepare. For the reasons set forth above, defendants respectfully request that the schedule be modified as follows:

| | |
|---|---|
| Provision of Defendants' Expert Reports | October 15, 2008 |
| Provision of Rebuttal Reports | November 3, 2008 |
| End of Expert Discovery | November 21, 2008 |
| Filing of Motions for Summary Judgment | December 12, 2008 |
| Filing of Summary Judgment Oppositions | January 15, 2009 |
| Filing of Summary Judgment Reply | February 6, 2009 |
| Filing of Summary Judgment Sur-Reply | February 20, 2009 |

Hearing on February 27, 2009 at 2:00 p.m.

---

[2] In this regard, defendants further note that plaintiffs had completed work on the reports of seven of their eleven experts when they sought defendants' consent to their most recent request for an extension on August 1. When defendants agreed to extend plaintiffs' deadline, plaintiffs chose to wait and not to serve *any* of their expert reports until the new deadline of August 11.

This motion is brought on an emergency basis due to the time constraints discussed above.

## CONCLUSION

For all the foregoing reasons, defendants request that the Court enter an order allowing them an enlargement of the time within which to serve their expert reports.

Dated: August 26, 2008

Respectfully submitted,

DAVIS POLK & WARDWELL

By:  /s/James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000

-and-

HARE & CHAFFIN

By:  /s/David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel: (617) 330-5000
*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

I certify that the parties have conferred in a good faith effort to resolve the issue presented by this motion but have been unable to do so.

/s/ David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 26, 2008.

/s/ David B. Chaffin