UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x

In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

MDL Docket No. 1629

------------------------------------------------x

THIS DOCUMENT RELATES TO:

Master File No. 04-10981

Judge Patti B. Saris

------------------------------------------------x

HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, dba BLUECROSS/BLUESHIELD OF LOUISIANA; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated, v. PFIZER INC. and WARNER-LAMBERT COMPANY.

Magistrate Judge Leo T. Sorokin

------------------------------------------------x

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., and AETNA, INC. v. PFIZER INC.

------------------------------------------------x

**DEFENDANTS' EMERGENCY MOTION FOR SANCTIONS FOR FAILURE TO OBEY COURT ORDER REQUIRING PLAINTIFFS TO RESPOND TO INTERROGATORIES**

Defendants Pfizer Inc. and Warner-Lambert Company respectfully move, on an emergency basis, for sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure based on the failure of Coordinated Plaintiffs, The Guardian Life Insurance Company of America ("Guardian"), Aetna, Inc. ("Aetna"), Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc. (together, "Kaiser"), and third party payer Class Plaintiffs, Harden Manufacturing Corporation, Louisiana Health Services Indemnity Company, and

ASEA/AFSCME Local 52 Health Benefits Trust, to obey the Court's October 11, 2007 order requiring them to respond to interrogatories two through eight of defendants' second set of interrogatories.

The grounds for this motion are set forth in the accompanying memorandum of law. Also submitted in support of this motion is a declaration of David B. Chaffin.

This motion is brought on an emergency basis due to the time constraints discussed in defendants' previously-filed motion for enlargement of time for service of expert reports. If this Court denies the instant motion, defendants' experts will be required to plaintiffs' contentions regarding "cheaper and more optimal" alternatives to Neurontin for the off-label uses at issue in a very short period of time. Alternatively, should the Court grant this motion, defendants' experts would be relieved of the need to respond to these allegations, and issuing such a decision after provision of expert reports would lead to undue expense and waste of time. Accordingly, defendants respectfully request that this motion be decided on an emergency basis to resolve whether plaintiffs may pursue their theory of "cheaper and more optimal" alternatives prior to the provision of defendants' expert reports.

WHEREFORE, defendants respectfully request that the Court address this motion on an emergency basis and issue an Order precluding all plaintiffs from making any argument or pursuing any claims based on the allegation or theory that there were "cheaper and more optimal" alternatives to Neurontin for the relevant off-label uses and awarding defendants their fees and costs associated with this and defendants' prior motions relating to the interrogatories at issue.

Dated:  August 28, 2008

Respectfully submitted,

DAVIS POLK & WARDWELL

By: /s/James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000

-and-

HARE & CHAFFIN

By: /s/David B. Chaffin
     David B. Chaffin
BBO # 549245
160 Federal Street
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

## CERTIFICATE OF COMPLIANCE

I certify that counsel have conferred or attempted to confer pursuant to Local Rules 7.1 and 37.1 in a good faith effort to resolve the issues raised by this motion but were unable to do so. The conferences that took place occurred over the course of several days this week. Counsel for Kaiser, after being advised of the nature of this motion, hung up on co-counsel for defendants and indicated via subsequent email that she was unavailable to confer until next week. Counsel for the Class Plaintiffs, which served no responses to the interrogatories at issue, and counsel for defendants have been engaged in discussions concerning a form of stipulation that would address the ramifications of Class Plaintiffs' complete failure to respond to the interrogatories at issue. The discussions have not been successful thus far, but will continue. If an agreement is reached, defendants will withdraw this motion as to Class Plaintiffs. Counsel for Aetna has not responded to a voicemail message left early this week seeking a conference. Counsel for Guardian acknowledged that its responses were incomplete and said, in effect, that defendants should proceed with this motion. In any event, the subject matter of this motion has been the subject of numerous prior conferences that occurred as pre-conditions to the filing of the two prior motions to compel. Moreover, given the emergent nature of this motion, defendants would be substantially prejudiced were they to wait until all plaintiffs chose to make themselves available for conferences.

/s/ David B. Chaffin
David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 28, 2008.

/s/ David B. Chaffin
David B. Chaffin