# EXHIBIT B



New York
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

914-997-0500 Telephone
914-997-0035 Fax

www.lowey.com

Pennsylvania
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428-2977

610-941-2760 Telephone
610-862-9777 Fax

August 1, 2008

**VIA OVERNIGHT DELIVERY**
James P. Rouhandeh, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

      re: In re Neurontin

Dear Jim:

      Enclosed please find Plaintiff Aetna Inc.'s Second Supplemental Responses and Objections to Defendants' Second Set of Interrogatories, as well as two Compact Discs containing data.

                  Very truly yours,

                  GERALD LAWRENCE

GL/bms

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION ) ) ) | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: ) ) | Master File No. 04-10981 |
| AETNA, INC. v. PFIZER, INC., ) ) | Judge Patti B. Saris |
| 04 CV 10958 (PBS) ) ) | Magistrate Judge Leo T. Sorokin |

## PLAINTIFF AETNA, INC.'S SECOND SUPPLEMENTAL RESPONSE AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Aetna, Inc. (hereinafter "Plaintiff" or "Aetna"), responds to Defendants Pfizer Inc. and Warner-Lambert Company's Second Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

1.      Aetna's responses are subject to all objections as to competence, relevance, materiality, admissibility, privilege, and privacy, and any and all other objections on grounds that would require exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

2.      No incidental or implied admissions may be inferred from Plaintiff's responses or objections. Aetna's response to all or any part of the Interrogatories should not be taken as an admission that: (1) Aetna accepts or admits the existence of any fact(s) set forth in or assumed by the Interrogatory; or (2) Aetna has in its possession, custody or control information responsive to that Interrogatory. Aetna's response to all or any part of any Interrogatory is not

intended to be, and shall not be, a waiver by Aetna of all or any part of its objection(s) to that Interrogatory.

3.      Aetna's responses are based upon information known at this time and are made without prejudice to Aetna's right to supplement its responses prior to trial or to produce evidence based on subsequently discovered information. Aetna's responses are based upon, and therefore are limited by, Aetna's present knowledge and recollection, and consequently, Aetna reserves the right to make any changes in its responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1.      Aetna incorporates each and every general objection set forth below into the responses to each Interrogatory as if they were fully set forth in the response to each Interrogatory. For emphasis, in connection with certain Interrogatories, Aetna may reiterate a general objection set forth below in the specific response to that Interrogatory. Such reiteration shall in no way be deemed a waiver of other general objections not specifically set forth in connection with any Interrogatory.

2.      Aetna objects to each of the Interrogatories to the extent it is inconsistent with, or seeks to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules") or any applicable scheduling order, case management order, or other ruling of the Court.

3.      Aetna objects to the Interrogatories insofar as they seek information that is protected by the attorney-client privilege, the attorney work product doctrine, the physician/patient privilege, the pharmacist/patient privilege, and/or any other applicable privilege or exemption. Aetna will not produce such information. Any inadvertent disclosure of

privileged information is not intended and should not be construed to constitute a waiver, either

generally or specifically, with respect to such material or the subject matter thereof.

4.    Aetna objects to the Interrogatories insofar as they seek information that is

confidential or private in nature, that is covered by third-party confidentiality agreements or that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to, the provisions of the Health

Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPAA"), the

Federal Privacy Rule governing Standards for Privacy of Individually Identifiable Health

Information, 45 CFR Parts 160 and 164, Rule 26 of the Federal Rules of Civil Procedure, or any

other applicable privilege, rule or doctrine.

5.    Aetna objects to the Interrogatories insofar as they seek trade secrets, proprietary

business information, and/or competitively sensitive information.

6.    Aetna objects to the Interrogatories to the extent they call for production of

information which is protected from disclosure by any individual's or Aetna's right(s) to privacy

or seek information protected from disclosure by Section 7216 of the Internal Revenue Code.

7.    Aetna objects to each of the Interrogatories as overly broad to the extent it seeks

information relating to pharmaceutical products other than Neurontin, or seeks other information

having nothing to do with the subject matter of the Complaint on the ground that such requests

purport to call for information that is neither relevant to this action nor likely to lead to the

discovery of admissible evidence.  Plaintiff will only disclose information regarding Neurontin.

8.    Aetna objects to the Interrogatories insofar as they are vague, ambiguous, overly

broad, unduly burdensome, oppressive, vexatious, do not specify the information requested with

{1825 / MISC / 00090206.DOC v1}                    - 3 -

sufficient particularity or seek information not reasonably calculated to lead to the discovery of admissible evidence.

9.      Aetna objects to each of the Interrogatories to the extent it calls for information from persons or entities who are not parties to this action and which information is not now and never has been in the possession, custody, or control of Aetna.

10.     Aetna objects to these Interrogatories to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

11.     Aetna objects to the Interrogatories to the extent they assume the existence of facts which do not exist or events which did not occur.

12.     Aetna objects to these Interrogatories to the extent they constitute premature contention interrogatories.

13.     Aetna objects to the "Definitions" and "Instructions" in Defendants' Interrogatories to the extent they exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, or any applicable scheduling order, case management order, or other ruling of the Court. Aetna also objections to the "Definitions" to the extent they are inconsistent with normal and customary usage.

14.     Aetna objects to the definition of "Person" or "Persons" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from third parties over whom Aetna has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

15.     Aetna objects to the definition of "Plaintiff" or "Aetna" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from persons over

whom Aetna has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

16.    Aetna objects to the Interrogatories to the extent they purport to require Plaintiffs to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case to the extent any such person or entity will not be designated by Plaintiff as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17.    Aetna reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Interrogatories. The supplying of any information contained herein does not constitute an admission by Plaintiff that such information is relevant or admissible or that any statement or characterization in Defendant's Interrogatory is accurate or complete.

18.    Aetna's decision, now or in the future, to provide information or documents notwithstanding the objectionable nature of any of the definitions or instructions, or the Request itself, should not be construed as: (a) a stipulation that the material is relevant or admissible, (b) a waiver of Aetna's general objections or the objections asserted in response to specific document requests, or (c) an agreement that requests for similar information will be treated in a similar manner.

## RESPONSES TO INTERROGATORIES

Interrogatory No. 1

> Identify each off-label use of Neurontin as to which you are seeking recovery.

Response:

> Aetna objects to the extent that the Interrogatory seeks information protected by the attorney/client privilege and the privilege protecting attorney work product information from disclosure in litigation. Without waiver of the foregoing objections, and subject to its right to supplement this response, the off-label uses of Neurontin for which Aetna seeks recovery, include the following: neuropathic pain, nociceptive pain, bipolar disorder, migraine, and dosages of Neurontin above the FDA-approved maximum.

Interrogatory No. 2

> For each off-label use identified in response to Interrogatory No. 1, state, for each calendar year of the proposed Class Period, the name, dosage, NDC number, and cost to you of each drug that you contend would have been cheaper and more optimal than Neurontin in treating that condition. Describe how you identified these alternative drugs and how you arrived at these figures.

Response:

> Plaintiff objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA. In addition, Aetna objects to this Interrogatory to the extent that it calls for expert testimony. Without waiver of the foregoing objections, and subject to its right to supplement this response, Aetna is producing detailed prescription data, pulled from its databases, for each person that was prescribed Neurontin. This data includes all other prescriptions processed for that claimant, including less expensive alternatives to Neurontin. Aetna has no data, and hence will provide none, for less

{1825 / MISC / 00090206.DOC v1}                    - 6 -

expensive therapeutic alternatives that were available over-the-counter without a prescription

because Aetna would not have paid for any non-prescription drug that would have been taken.

Less expensive alternatives have been identified in discovery produced to date and/or in expert

reports.

Interrogatory No. 3

      For each of your Members who were prescribed Neurontin, state whether s/he also
received one or more of the drugs identified in response to Interrogatory No. 2 and state which
drug(s) each such Member received. State the dosage and number of prescriptions filled for each
alternative drug prescribed to each such Member. Describe how you arrived at these figures.

Response:

      Plaintiff objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. In addition, Aetna objects

to this Interrogatory to the extent that it calls for expert testimony. Without waiver of the

foregoing objections, and subject to its right to supplement this response, Aetna is producing

detailed prescription data, pulled from its databases, for each person that was prescribed

Neurontin. This data includes all other prescriptions processed for that claimant, including less

expensive alternatives to Neurontin. Based on the data produced in response to this

Interrogatory, Defendants are able to calculate the additional information sought in this

Interrogatory. Aetna has no data, and hence will provide none, for less expensive therapeutic

alternatives that were available over-the-counter without a prescription because Aetna would not

have paid for any non-prescription drug that would have been taken.

Interrogatory No. 4

   For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed at least one of the drugs identified in response to Interrogatory No. 2. Describe how you arrived at this figure.

Response:

Plaintiff objects to this Interrogatory insofar as it seeks protected health information that is

insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Aetna is not required to produce such information. In addition, Aetna objects to this

Interrogatory to the extent that it calls for expert testimony. Based on the above information and

the data produced in response to the above Interrogatories, Defendants are able to calculate the

information sought in this Interrogatory. Aetna has no data, and hence will provide none, for

less expensive therapeutic alternatives that were available over-the-counter without a

prescription because Aetna would not have paid for any non-prescription drug that would have

been taken.

Interrogatory No. 5

   For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat any aspect of bipolar disorder or depression.

Response:

   Plaintiff objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

{1825 / MISC / 00090206.DOC v1}                        - 8 -

ruled Aetna is not required to produce such information. In addition, Aetna objects to this

Interrogatory to the extent that it calls for expert testimony. Without waiver of the foregoing

objections, and subject to its right to supplement this response, Aetna responds that based on the

information and the data produced in response to the above Interrogatories, Defendants are able

to calculate the information sought in this Interrogatory. Aetna has no data, and hence will

provide none, for less expensive therapeutic alternatives that were available over-the-counter

without a prescription because Aetna would not have paid for any non-prescription drug that

would have been taken.

Interrogatory No. 6

    For each calendar year of the proposed Class Period, state the number and percentage of
your Members who were prescribed Neurontin and who also were prescribed any other drug
approved or commonly used to treat any type of neuropathic pain.

Response:

    Plaintiff objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Aetna is not required to produce such information. In addition, Aetna objects to this

Interrogatory to the extent that it calls for expert testimony. Without waiver of the foregoing

objections, and subject to its right to supplement this response, Aetna responds that based on the

information and the data produced in response to the above Interrogatories, Defendants are able

to calculate the information sought in this Interrogatory. Aetna has no data, and hence will

provide none, for less expensive therapeutic alternatives that were available over-the-counter

without a prescription because Aetna would not have paid for any non-prescription drug that would have been taken.

Interrogatory No. 7

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat epilepsy.

Response:

Aetna objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has ruled Aetna is not required to produce such information. In addition, Aetna objects to this Interrogatory to the extent that it calls for expert testimony. Aetna is no longer pursuing damages for Defendants' unlawful promotion of Neurontin as a treatment for epilepsy, and this Interrogatory is therefore irrelevant.

Interrogatory No. 8

For each calendar year of the proposed Class Period, state the number and percentage of your Members whom you identified in response to more than one of Interrogatories Nos. 5, 6, and 7.

Response:

Plaintiff objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Aetna is not required to produce such information. In addition, Aetna objects to this

Interrogatory to the extent that it calls for expert testimony. Without waiver of the foregoing

objections, and subject to its right to supplement this response, Aetna responds that based on the

information and the data produced in response to the above Interrogatories, Defendants are able

to calculate the information sought in this Interrogatory. Aetna has no data, and hence will

provide none, for less expensive therapeutic alternatives that were available over-the-counter

without a prescription because Aetna would not have paid for any non-prescription drug that

would have been taken.

Dated: August 1, 2008

For Aetna, Inc.:

_____

Gerald Lawrence
**LOWEY DANNENBERG COHEN & HART, P.C.**
One North Broadway, Suite 509
White Plains, NY 10601-2310
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date, a true and correct copy of the foregoing

Plaintiff Aetna Inc.'s Second Supplemental Responses and Objections to Defendants' Second Set

of Interrogatories was served on the person below by Federal Express:

> James P. Rouhandeh, Esq.
> Davis Polk & Wardwell
> 450 Lexington Ave.
> New York, NY 10017
>
> Attorney for Defendants

Dated: August 1, 2008

**LOWEY DANNENBERG COHEN & HART, P.C.**

By: _____
        Gerald Lawrence
One North Broadway, Suite 509
White Plains, NY 10601-2310
Telephone: (914) 997-0500
Facsimile: (914) 997-0035