# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND )<br>SALES PRACTICES LITIGATION )<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>THE GUARDIAN LIFE INSURANCE )<br>COMPANY OF AMERICA )<br>v. PFIZER, INC., )<br>04 CV 10739 (PBS) )<br>) | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Leo T.<br>Sorokin |

## PLAINTIFFS GUARDIAN LIFE INSURANCE COMPANY'S FOURTH SUPPLEMENTAL RESPONSE AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Guardian

Life Insurance Company (hereinafter "Plaintiff" or "Guardian"), responds to Defendants Pfizer

Inc. and Warner-Lambert Company's Second Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

1.    Guardian's responses are subject to all objections as to competence, relevance,

materiality, admissibility, privilege, and privacy, and any and all other objections on grounds that

would require exclusion of any response herein if such were offered in Court, which objections

are reserved and may be interposed at the time of trial.

2.    No incidental or implied admissions may be inferred from Plaintiff's responses or objections. Guardian's response to all or any part of the Interrogatories should not be taken as an admission that: (1) Guardian accepts or admits the existence of any fact(s) set forth in or assumed by the Interrogatory; or (2) Guardian has in its possession, custody or control information responsive to that Interrogatory. Guardian's response to all or any part of any Interrogatory is not intended to be, and shall not be, a waiver by Guardian of all or any part of its objection(s) to that Interrogatory.

3.    Guardian's responses are based upon information known at this time and are made without prejudice to Guardian's right to supplement its responses prior to trial or to produce evidence based on subsequently discovered information. Guardian's responses are based upon, and therefore are limited by, Guardian's present knowledge and recollection, and consequently, Guardian reserves the right to make any changes in its responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1.    Guardian incorporates each and every general objection set forth below into the responses to each Interrogatory as if they were fully set forth in the response to each Interrogatory. For emphasis, in connection with certain Interrogatories, Guardian may reiterate a general objection set forth below in the specific response to that Interrogatory. Such reiteration shall in no way be deemed a waiver of other general objections not specifically set forth in connection with any Interrogatory.

2.    Guardian objects to each of the Interrogatories to the extent it is inconsistent with, or seeks to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local

- 2 -

Rules of the United States District Court for the District of Massachusetts ("Local Rules") or any applicable scheduling order, case management order, or other ruling of the Court.

3.     Guardian objects to the Interrogatories insofar as they seek information that is protected by the attorney-client privilege, the attorney work product doctrine, the physician/patient privilege, the pharmacist/patient privilege, and/or any other applicable privilege or exemption. Guardian will not produce such information. Any inadvertent disclosure of privileged information is not intended and should not be construed to constitute a waiver, either generally or specifically, with respect to such material or the subject matter thereof.

4.     Guardian objects to the Interrogatories insofar as they seek information that is confidential or private in nature, that is covered by third-party confidentiality agreements or that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to, the provisions of the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPAA"), the Federal Privacy Rule governing Standards for Privacy of Individually Identifiable Health Information, 45 CFR Parts 160 and 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

5.     Guardian objects to the Interrogatories insofar as they seek trade secrets, proprietary business information, and/or competitively sensitive information.

6.     Guardian objects to the Interrogatories to the extent they call for production of information which is protected from disclosure by any individual's or Guardian's right(s) to privacy or seek information protected from disclosure by Section 7216 of the Internal Revenue Code.

- 3 -

7.     Guardian objects to each of the Interrogatories as overly broad to the extent it seeks information relating to pharmaceutical products other than Neurontin, or seeks other information having nothing to do with the subject matter of the Complaint on the ground that such requests purport to call for information that is neither relevant to this action nor likely to lead to the discovery of admissible evidence. Plaintiff will only disclose information regarding Neurontin.

8.     Guardian objects to the Interrogatories insofar as they are vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, do not specify the information requested with sufficient particularity or seek information not reasonably calculated to lead to the discovery of admissible evidence.

9.     Guardian objects to each of the Interrogatories to the extent it calls for information from persons or entities who are not parties to this action and which information is not now and never has been in the possession, custody, or control of Guardian.

10.    Guardian objects to these Interrogatories to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

11.    Guardian objects to the Interrogatories to the extent they assume the existence of facts which do not exist or events which did not occur.

12.    Guardian objects to these Interrogatories to the extent they constitute premature contention interrogatories.

13.    Guardian objects to the "Definitions" and "Instructions" in Defendants' Interrogatories to the extent they exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, or any applicable scheduling order, case management

- 4 -

order, or other ruling of the Court. Guardian also objections to the "Definitions" to the extent they are inconsistent with normal and customary usage.

14.    Guardian objects to the definition of "Person" or "Persons" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from third parties over whom Guardian has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

15.    Guardian objects to the definition of "Plaintiff" or "Guardian" on the grounds that it is overly broad and unduly burdensome, and purports to call for discovery from persons over whom Guardian has no control and to the extent that it exceeds the definition set forth in the Federal Rules of Civil Procedure and the Local Rules.

16.    Guardian objects to the Interrogatories to the extent they purport to require Plaintiffs to disclose information concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case to the extent any such person or entity will not be designated by Plaintiff as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17.    Guardian reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Interrogatories. The supplying of any information contained herein does not constitute an admission by Plaintiff that such information is relevant or admissible or that any statement or characterization in Defendant's Interrogatory is accurate or complete.

18.    Guardian's decision, now or in the future, to provide information or documents notwithstanding the objectionable nature of any of the definitions or instructions, or the Request itself, should not be construed as: (a) a stipulation that the material is relevant or admissible, (b)

- 5 -

a waiver of Guardian's general objections or the objections asserted in response to specific

document requests, or (c) an agreement that requests for similar information will be treated in a

similar manner.

## RESPONSES TO INTERROGATORIES

Interrogatory No. 1

Identify each off-label use of Neurontin as to which you are seeking recovery.

Response:

Guardian objects to the extent that the Interrogatory seeks information protected by the

attorney/client privilege and the privilege protecting attorney work product information from

disclosure in litigation. Without waiver of the foregoing objections, and subject to its right to

supplement this response, the off-label uses of Neurontin for which Guardian seeks recovery,

include the following: neuropathic pain, nociceptive pain, bipolar disorder, migraine, and

dosages of Neurontin above the FDA-approved maximum.

Interrogatory No. 2

For each off-label use identified in response to Interrogatory No. 1, state, for each
calendar year of the proposed Class Period, the name, dosage, NDC number, and cost to you of
each drug that you contend would have been cheaper and more optimal than Neurontin in
treating that condition. Describe how you identified these alternative drugs and how you arrived
at these figures.

Response:

Plaintiff objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. In addition, Guardian

objects to this Interrogatory to the extent that it calls for expert testimony. Without waiver of the

- 6 -

foregoing objections, and subject to its right to supplement this response, Guardian will produce

data pulled from its databases regarding the prescription claims history for its members who

were prescribed Neurontin. Guardian has no data, and hence will provide none, for less

expensive therapeutic alternatives that were available over-the-counter without a prescription

because Guardian would not have paid for any non-prescription drug that would have been

taken. These less expensive alternatives have been identified in discovery produced to date

and/or in expert reports.

Interrogatory No. 3

For each of your Members who were prescribed Neurontin, state whether s/he also
received one or more of the drugs identified in response to Interrogatory No. 2 and state which
drug(s) each such Member received. State the dosage and number of prescriptions filled for each
alternative drug prescribed to each such Member. Describe how you arrived at these figures.

Response:

Plaintiff objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. In addition, Guardian

objects to this Interrogatory to the extent that it calls for expert testimony. Without waiver of the

foregoing objections, and subject to its right to supplement this response, Guardian will produce

data pulled from its databases regarding the prescription claims history for its members who

were prescribed Neurontin. Guardian has no data, and hence will provide none, for less

expensive therapeutic alternatives that were available over-the-counter without a prescription

because Guardian would not have paid for any non-prescription drug that would have been

taken.

Interrogatory No. 4

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed at least one of the drugs identified in response to Interrogatory No. 2. Describe how you arrived at this figure.

Response:

Plaintiff objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has

ruled Guardian is not required to produce such information. In addition, Guardian objects to this

Interrogatory to the extent that it calls for expert testimony. Based on the above information and

the data that will be produced in response to Interrogatory No. 3, Defendants are able to calculate

the information sought in this Interrogatory. Guardian has no data, and hence will provide none,

for less expensive therapeutic alternatives that were available over-the-counter without a

prescription because Guardian would not have paid for any non-prescription drug that would

have been taken.

Interrogatory No. 5

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat any aspect of bipolar disorder or depression.

Response:

Plaintiff objects to this Interrogatory insofar as it seeks protected health information that

is insulated from disclosure by federal, state or local law governing disclosure of confidential

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent

- 8 -

this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has ruled Guardian is not required to produce such information. In addition, Guardian objects to this Interrogatory to the extent that it calls for expert testimony. Without waiver of the foregoing objections, and subject to its right to supplement this response, Guardian responds that based on the information and the data produced in response to Interrogatory Nos. 3 & 4, Defendants are able to calculate the information sought in this Interrogatory. Guardian has no data, and hence will provide none, for less expensive therapeutic alternatives that were available over-the-counter without a prescription because Guardian would not have paid for any non-prescription drug that would have been taken.

Interrogatory No. 6

For each calendar year of the proposed Class Period, state the number and percentage of your Members who were prescribed Neurontin and who also were prescribed any other drug approved or commonly used to treat any type of neuropathic pain.

Response:

Plaintiff objects to this Interrogatory insofar as it seeks protected health information that is insulated from disclosure by federal, state or local law governing disclosure of confidential patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has ruled Guardian is not required to produce such information. In addition, Guardian objects to this Interrogatory to the extent that it calls for expert testimony. Without waiver of the foregoing objections, and subject to its right to supplement this response, Guardian responds that based on the information and the data produced in response to Interrogatory Nos. 3 & 4, Defendants are able to calculate the information sought in this Interrogatory. Guardian has no data, and hence will provide none, for less expensive therapeutic alternatives that were available over-the-counter

- 9 -

without a prescription because Guardian would not have paid for any non-prescription drug that
would have been taken.

Interrogatory No. 7

For each calendar year of the proposed Class Period, state the number and percentage of
your Members who were prescribed Neurontin and who also were prescribed any other drug
approved or commonly used to treat epilepsy.

Response:

Guardian objects to this Interrogatory on grounds that it is overly broad, unduly
burdensome, vague, ambiguous and seeks information that is neither relevant to the subject
matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.
Plaintiff further objects to this Interrogatory insofar as it seeks protected health information that
is insulated from disclosure by federal, state or local law governing disclosure of confidential
patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent
this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has
ruled Guardian is not required to produce such information. In addition, Guardian objects to this
Interrogatory to the extent that it calls for expert testimony. Guardian is no longer pursuing
damages for Defendants' unlawful promotion of Neurontin as a treatment for epilepsy, and this
Interrogatory is therefore irrelevant.

Interrogatory No. 8

For each calendar year of the proposed Class Period, state the number and percentage of
your Members whom you identified in response to more than one of Interrogatories Nos. 5, 6,
and 7.

Response:

Plaintiff objects to this Interrogatory insofar as it seeks protected health information that
is insulated from disclosure by federal, state or local law governing disclosure of confidential

- 10 -

patient prescription information, including, but not limited to HIPAA. Furthermore, to the extent this Interrogatory calls for medical records, Plaintiff objects on the ground that the Court has ruled Guardian is not required to produce such information. In addition, Guardian objects to this Interrogatory to the extent that it calls for expert testimony. Without waiver of the foregoing objections, and subject to its right to supplement this response, Guardian responds that based on the information and the data produced in response to Interrogatory Nos. 3 & 4, Defendants are able to calculate the information sought in this Interrogatory. Guardian has no data, and hence will provide none, for less expensive therapeutic alternatives that were available over-the-counter without a prescription because Guardian would not have paid for any non-prescription drug that would have been taken.

Dated: August 1, 2008

For The Guardian Life Insurance Company:

Mark M. Sandmann
**Rawlings & Associates**
One Eden Parkway
LaGrange KY, 40031
Telephone: (502) 814.2157
Facsimile: (212) 584.8580

- 11 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date, a true and correct copy of the foregoing

Plaintiff Guardian Life Insurance Company's Objections and Responses to Defendants' Pfizer

Inc. and Warner-Lambert Company's Second Set of Interrogatories was served on the person

below by Federal Express:

James P. Rouhandeh, Esq.
Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017

Attorney for Defendants

Dated: August 1, 2008                    KAPLAN FOX & KILSHEIMER LLP

By: _____
Linda P. Nussbaum
850 Third Avenue
14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

*For Coordinated Plaintiffs*

- 12 -