# EXHIBIT 4

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

JAMES P. ROUHANDEH
212 450 4835
ROUHANDEH@DPW.COM

October 25, 2007

Re:    **Neurontin Products Liability Litigation**
       **Expert Disclosure**

Kenneth B. Fromson, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, NY 12550

Dear Ken:

I write in response to your letter dated October 22, 2007. For the last several weeks now, you have been engaged in a campaign to require defendants to engage in expert discovery beyond the issue of general causation. The fact is that the Court's orders make clear that expert discovery is limited to the issue of general causation, i.e., whether plaintiffs can prove that Neurontin is capable of causing suicide or suicide attempts. All other expert discovery is deferred to a later date.

The assertion in your letter that Drs. Brock and King are general causation experts is frivolous. You previously referred to them repeatedly as sales and marketing experts and only now have begun calling them general causation experts in a blatant and belated effort to fit their reports within the Court's orders. In fact, Dr. King's report is entitled "Marketing Neurontin" and the Brock report plainly relates to the alleged ethical obligations of Pfizer. Nowhere in either report does King or Brock express the opinion that Neurontin is capable of causing suicide or suicide attempt. Discovery of such sales and marketing experts is plainly deferred under the Court's orders until after a ruling on the general causation issue.

Your description of Judge Saris' Memorandum and Order dated February 27, 2007 is nothing short of misleading. As you well know, nowhere in that decision did Judge Saris use the term general causation to refer to anything other than whether Neurontin is capable of causing the injury alleged by plaintiffs. General causation is a term of art used in this and other product liability litigation to refer to whether a product is capable of causing an injury. Your attempt to

Kenneth B. Fromson, Esq.                    2                    October 25, 2007

reinterpret that term at this late date to include the issue of whether a physician was caused to write a prescription by the defendants' alleged marketing efforts is certainly inconsistent with how that term has been used by the Court and all of the parties to this litigation.

       We hereby reserve the right to take the depositions of Drs. King and Brock, and to examine the remainder of plaintiffs' experts on issues unrelated to general causation, if necessary after the resolution of the summary judgment and Daubert motions currently scheduled to be filed on January 11, 2008.

                                        Sincerely yours,

                                        James P. Rouhandeh


cc:    Eric M. Zissu, Esq.
       Scott W. Saylor, Esq.
       David B. Chaffin, Esq.
       Beth L. Kaufman, Esq.

By Overnight Courier & Email