# EXHIBIT 10

```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

IN RE NEURONTIN MARKETING,      .
SALES PRACTICES AND PRODUCTS.   MASTER FILE NO. 04-10981-PBS
LIABILITY LITIGATION            .   MDL DOCKET NO. 1629
. . . . . . . . . . . . . .
                                      BOSTON, MASSACHUSETTS
                                      SEPTEMBER 20, 2007

              TRANSCRIPT OF MOTION HEARING
         BEFORE THE HONORABLE LEO T. SOROKIN
            UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

Ronald Aranoff, Esquire, Berstein, Bernstein, Liebhard & Lifshitz, LLP, 10 East 40th Street, New York, NY 07666, 212-779-1414, aranoff@bernlieb.com

Thomas Sobol, Esquire, Hagens Berman Sobol Shapiro LLP, 26th Floor, One Main Street, 4th Floor, Cambridge, MA 02142, 617-482-3700, Tom@hbsslaw.com

Gerald Lawrence, Esquire, Lowey Dannenberg & Cohen, P.C., 200 Barr Harbor Drive, Suite 400, West Conshohocken, PA 19428-2977, 610-941-2760, glawrence@lowey.com

Barry Himmelstein, Esquire, Lieff Cabraser Heimann & Bernstein, Embarcadero Center West, 275 Battery Street, 30th Floor, San Francisco, CA 94111-3339, 415-956-1000, bhimmelstein@lchb.com

Jim P. Rouhandeh, Esquire, Christopher Roche, Esquire, Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017, 212-450-4000, jim.rouhandeh@dpw.com

Scott Sayler, Esquire, Shook Hardy & Bacon LLP, 2555 Grand Boulevard, Kansas City, MO 64108-2613, 816-474-6550, ssayler@shb.com

*MARYANN V. YOUNG*
Certified Court Transcriber
Wrentham, MA 02093
(508) 384-2003

18

1      MR. ROUHANDEH: Yes, it was.

2      THE COURT: And then six weeks from the date of my
3  order you would pick one of either those two or the remaining
4  five as your trial case and go to the December 30th.

5      MR. ROUHANDEH: Right, complete all the discovery in
6  that and then pick up with the schedule that was giving out to
7  the parties on the sales and marketing side. We think it works
8  well for the--

9      THE COURT: Okay.

10     MR. ROUHANDEH: --parties on the product liability
11 side.

12     THE COURT: All right. What do you say Mr. From – is
13 it going to be you, Mr. Fromson?

14     MR. FROMSON: Yes, Your Honor.

15     THE COURT: What do you say?

16     MR. FROMSON: If I may. I disagree. All right. The
17 Court should be focusing on the question it asked the defense
18 counsel, which is why can't and why should we not just go
19 forward with general causation and that is exactly what this
20 Court should be doing. There's no merit to defense counsel's
21 argument that expert discovery on general causation requires
22 analysis of any individual case, let alone any individual Track
23 1 case. The Court has already held in discovery order eight, I
24 have it down as ECF document 609, that this Court held
25 specifically that individual discovery in the Track 1 cases is

1  not necessary for resolution of general causation.  So
2  essentially relying on this Court's representation and it being
3  the law of the case, there is no basis and no merit to delaying
4  general causation.
5        General causation is already set forth in this
6  Court's discovery order and it is set forth for expert reports
7  to be given on or before October 22nd, keeping in mind the Court
8  has already granted a discovery extension on that issue from
9  October 1st.  So there already has been a delay on general
10 causation and now we are set with October 22nd and we're ready
11 for that date.  And the Court's previous order as I mentioned
12 set forth why it can go forward on its own.
13       Discovery regarding general causation is complete.
14 It's done.  It's actually ripe for review.  And so again, there
15 is no economic, judicial economic reason to make it sit and
16 wait one week, two weeks, six weeks or eight.  The issue that's
17 now ripe for review is simple, whether Neurontin has the
18 capacity to contribute to mood and behavioral disturbances
19 particularly to suicidal behavior.  Depositions have been done
20 on that issue.  There is no more informational disadvantage on
21 that issue between either of the parties.  The expert reports,
22 we're willing to provide an expert report as soon as October 1st
23 keeping in track with the original discovery deadline.
24       What is the goal of the MDL on the issue of moving
25 this case towards a resolution?  Well, the goal is exactly

20

1  that, to pick a coordinated group of cases or a consolidated
2  group of cases, or putting it quite frankly, a case that has
3  overlapping issues among almost 90 and bringing them to a
4  resolution either by settlement, dismissal or having them
5  transferred to their transferor courts for trial.  And
6  noteworthy, whether Smith or any defense case will be the first
7  case for trial is not something over which the parties have
8  control or respectfully, Your Honor, I believe this Court has
9  no control either because when you remand any of these cases or
10 all 90, they will be subject to the calendars of the transfer--
11          THE COURT:  Right.
12          MR. FROMSON:  --courts.  And so it doesn't, again
13 whether we're delaying Smith or not--
14          THE COURT:  Are any of the cases from this district?
15          MR. FROMSON:  No, Your Honor, which is, I appreciate
16 your question.  If they were--
17          THE COURT:  Yeah.
18          MR. FROMSON:  --then they--
19          THE COURT:  Yeah.
20          MR. FROMSON:  --could have arguably been in the
21 Track--
22          THE COURT:  Right.
23          MR. FROMSON:  --but they're not.  So getting back to
24 the goals, the way this Court can resolve what it--
25          THE COURT:  Excuse me, I'm sorry, am I right that

*MARYANN V. YOUNG*
Certified Court Transcriber
(508) 384-2003