UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA; UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>PFIZER INC. and WARNER-LAMBERT COMPANY,<br>       Defendants. | |

**DECLARATION OF BARRY HIMMELSTEIN IN SUPPORT OF
CLASS PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION
FOR SANCTIONS FOR FAILURE TO OBEY COURT ORDER
<u>REQUIRING PLAINTIFFS TO RESPOND TO INTERROGATORIES</u>**

780956.1

I, BARRY HIMMELSTEIN, declare and state:

1.  I am a member in good standing of the California State Bar, a partner in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP, appointed co-lead counsel for the class plaintiffs in this multidistrict litigation proceeding. I have personal knowledge of the matters set forth herein, and could and would testify thereto if called upon to do so.

2.  Attached hereto are true and correct copies of the following documents:

| Exhibit | Description |
|---|---|
| A | Letter dated August 13, 2008 from Matthew Rowland to Thomas Greene |
| B | Email message dated August 22, 2008 from Matthew Rowland to Barry Himmelstein |
| C | Email message dated August 25, 2008 from Barry Himmelstein to Matthew Rowland |
| D | Email message dated August 27, 2008 from Matthew Rowland to Barry Himmelstein, with attachments |
| E | Email message dated August 27, 2008 from Barry Himmelstein to Matthew Rowland |
| F | Email message dated August 27, 2008 from Barry Himmelstein to Matthew Rowland |
| G | Email message dated August 27, 2008 from Matthew Rowland to Barry Himmelstein, with attachment |
| H | Email message dated August 27, 2008 from Matthew Rowland to Barry Himmelstein |
| I | Email message dated August 27, 2008 from Barry Himmelstein to Matthew Rowland, with attachment |

3.  Based on the information available to class counsel, Blue Cross/Blue Shield of Louisiana would require up to 30 days to retrieve the information requested by Defendants' second set of interrogatories from their database systems, and Harden Manufacturing Corp.

780956.1                                    1

would require a similar amount of time to obtain the information from its pharmacy benefits manager. ASEA could also produce the requested information within 30 days.

4. On August 27, 2008, I spoke with counsel for defendants, Matthew Rowland, expressed Class Plaintiffs' concerns with the overbreadth of the stipulation proposed by defendants, and offered to provide the data requested by the Interrogatories. Mr. Rowland requested that I specify in writing what Class Plaintiffs would provide, so that he could consider its sufficiency. I later sent Mr. Rowland the email message attached hereto as Exhibit E. (Shortly thereafter, I telephoned Mr. Rowland to discuss the matter further, and he informed me that he had not yet received Exhibit E. My firm was apparently experiencing delays of approximately one-half hour to forty-five minutes on both the sending and receipt of external email, so I quickly forwarded Mr. Rowland a copy of Exhibit E via another computer system, which Mr. Rowland acknowledged receiving.) Mr. Rowland stated that defendants would proceed to file their sanctions motion, regardless of Class Plaintiffs' willingness to provide the requested data, and would seek the sanction of issue preclusion. I informed Mr. Rowland that I did not consider defendants to have complied with their obligation to meet and confer, and sent him the email attached hereto as Exhibit F.

5. A short time later, a telephone conference took place between myself, Thomas Greene, and Mr. Rowland. During the call, I explained to Mr. Rowland our concerns with the language of the stipulation that Mr. Rowland had proposed. Specifically, our concern (1) that our experts be permitted to testify that effective treatments exist for the indications at issue, even though Class Plaintiffs would forego seeking damages based on the availability of less-expensive treatments, and (2) that although Class Plaintiffs were no longer advancing a less-expensive-alternative theory of damages, *Defendants* had argued, in opposition to Class Plaintiffs' Renewed

3

Motion for Class Certification, that third party payers are not entitled to recoup the amounts they paid for Neurontin to treat off-label indications for which the trier of fact determines Neurontin is ineffective, but may only recover the difference between the amounts they paid for Neurontin and the amounts they would have paid for drugs their insureds would have been prescribed in lieu of Neurontin; should Defendants prevail in this argument, Class Plaintiffs should not be precluded from putting in evidence of what those costs would have been.  Mr. Rowland responded, clearly and unequivocally, that Defendants were *not* attempting to preclude Class Plaintiffs as to either of our concerns.  I proposed, and Mr. Rowland agreed, that I would draft a revised stipulation reflecting the agreement we had reached on the telephone.  Mr. Rowland later sent an email (Exhibit H hereto) asking myself or Mr. Greene to make themselves available prior to 8:00 a.m. EDT the following morning, as defendants intended to file their motion at that time. I provided a draft revised stipulation (Exhibit I hereto) to Mr. Rowland later that evening.

      6.      At approximately 8:30 a.m. EDT on August 28, 2008, I telephoned Mr. Greene to determine the outcome of his discussions with Mr. Rowland, and was informed that he had not heard from Mr. Rowland.  I telephoned Mr. Rowland to ascertain the status of matters, and he informed me that contrary to our agreement on the telephone the previous day, Defendants were now taking the position that Class Plaintiffs should be precluded as to matter (2) set forth in the preceding paragraph.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 4th day of September, 2008 at Oakland, California.

   /s/ Barry Himmelstein
   Barry Himmelstein

780956.1           3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on September 4, 2008.

/s/  Barry Himmelstein

780956.1                                       4