# EXHIBIT A

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

MATTHEW B. ROWLAND
212 450 4912
MATTHEW.ROWLAND@DPW.COM

August 13, 2008

Re:  **In re Neurontin Marketing, Sales Practices, and Products Liability
      Litigation, MDL Docket No. 1629, Master File No. 04-10981-PBS (D. Mass.)**

Thomas M. Greene
Greene & Hoffman, P.C.
33 Broad Street, 5th Floor
Boston, MA 02109

Dear Tom:

       As you know, the Addendum to Discovery Order No. 14 (Dkt. No. 902)
required that plaintiffs "must provide to the Defendants the information sought by
[Defendants' Second Set of Interrogatories, dated March 13, 2007] . . . no later
than the date on which Plaintiffs' expert disclosures are due."  Pursuant to the
Court's August 5, 2008 Order, plaintiffs' expert disclosures were due on August
11, 2008.  Accordingly, the response to the Second Set of Interrogatories was also
due on August 11, 2008.  We have not received any response from the Class
Plaintiffs (although we did receive responses from the Coordinated Plaintiffs on
August 1, 2008).  Please explain your failure to comply with the Court's Order.
We intend to take all appropriate steps regarding this matter.

                                        Sincerely,

                                        Matthew Rowland

By Email PDF & Mail

# EXHIBIT B

## Himmelstein, Barry R.

**From:** Rowland, Matthew B. [matthew.rowland@dpw.com]

**Sent:** Friday, August 22, 2008 4:30 PM

**To:** Himmelstein, Barry R.

**Subject:** Class Plaintiffs' Response to Defendants' Second Set of Interrogatories

Barry,

I received your voice mail message of August 20, 2008, in which you indicated that the Class Plaintiffs did not respond to defendants' second set of interrogatories because Class Plaintiffs are no longer pursuing the theory that there were cheaper, more effective, alternative drugs that might have been used instead of Neurontin. Please confirm that we understand Class Plaintiffs' position correctly and that Class Plaintiffs will not, at any future point in this litigation, contend that there were cheaper and more effective alternative options to Neurontin for the indications at issue.

Thank you,

Matt Rowland

# EXHIBIT C

## Himmelstein, Barry R.

| | |
|---|---|
| **From:** | Himmelstein, Barry R. |
| **Sent:** | Monday, August 25, 2008 2:26 PM |
| **To:** | 'Rowland, Matthew B.' |
| **Subject:** | RE: Class Plaintiffs' Response to Defendants' Second Set of Interrogatories |

Matt,

Hope you had a good vacation.  In response to your email, you are correct that unlike Coordinated Plaintiffs (Aetna, Kaiser, and Guardian), Class Plaintiffs have elected not to pursue a damages model based on the availability of alternative treatments that were cheaper and more effective, as indicated in Dr. Hartman's expert report.  Class Plaintiffs note that effective treatments exist for the indications at issue in this case, and that such treatments are discussed in the expert reports submitted on behalf of Class Plaintiffs.

Barry Himmelstein
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
bhimmelstein@lchb.com

**From:** Rowland, Matthew B. [mailto:matthew.rowland@dpw.com]
**Sent:** Friday, August 22, 2008 4:30 PM
**To:** Himmelstein, Barry R.
**Subject:** Class Plaintiffs' Response to Defendants' Second Set of Interrogatories

Barry,

I received your voice mail message of August 20, 2008, in which you indicated that the Class Plaintiffs did not respond to defendants' second set of interrogatories because Class Plaintiffs are no longer pursuing the theory that there were cheaper, more effective, alternative drugs that might have been used instead of Neurontin. Please confirm that we understand Class Plaintiffs' position correctly and that Class Plaintiffs will not, at any future point in this litigation, contend that there were cheaper and more effective alternative options to Neurontin for the indications at issue.

Thank you,

Matt Rowland

# EXHIBIT D

## Himmelstein, Barry R.

| | |
|---|---|
| **From:** | Rowland, Matthew B. [matthew.rowland@dpw.com] |
| **Sent:** | Wednesday, August 27, 2008 9:06 AM |
| **To:** | Himmelstein, Barry R.; tgreene@greenehoffman.com |
| **Subject:** | Stipulation & Order re: Failure to Respond to 2d Interrogatories |

**Attachments:** 08.27.class.pls.stip.dismissal.doc; 08.27.mot.re.class.pls.stip.dismissal.doc

Barry and Tom,

Per my discussions with Barry yesterday, I attach a draft stipulation and proposed order, along with a cover joint motion, regarding Class Plaintiffs' election not to pursue any claims or argument based on the allegation or theory that there were cheaper or more effective alternatives to Neurontin for the relevant off-label uses.

Because we intend to file our sanctions motion today, we need to hear back from you no later than 4:30 this afternoon as to whether or not you will consent to filing the attached joint motion and proposed order.

Thank you,

Matt Rowland

Davis Polk & Wardwell
450 Lexington Ave
New York, NY 10017
Phone: 212.450.4912
Fax: 212.450.3912

_____ Confidentiality Note: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the original message and all copies. _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING, SALES PRACTICES,
AND PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HARDEN MANUFACTURING CORPORATION;
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,
dba BLUECROSS/BLUESHIELD OF LOUISIANA;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL
52 HEALTH BENEFITS TRUST; GERALD SMITH; and
LORRAINE KOPA, on behalf of themselves and all others
similarly situated, v. PFIZER INC. and WARNER-LAMBERT
COMPANY.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T.
Sorokin

## STIPULATION AND PROPOSED ORDER OF DISMISSAL

WHEREAS, on March 13, 2007, defendants Pfizer Inc. and Warner-Lambert Company

(collectively, "defendants") served the Second Set of Interrogatories (the "Interrogatories") on

Harden Manufacturing Corporation, Louisiana Health Services Indemnity Company, and

ASEA/AFSCME Local 52 Health Benefits Trust (collectively, the "Class Plaintiffs"), which

Interrogatories sought, *inter alia*, information relating to drugs that the Class Plaintiffs contended

would have been cheaper and more optimal than Neurontin for the relevant off-label uses; and

WHEREAS, on October 11, 2007 the Court ordered Class Plaintiffs to "provide to the

Defendants the information sought by the Interrogatories" at the same time that they provided

their expert disclosures (Addendum to Discovery Order No. 14, Oct. 11, 2007 (Dkt # 902) at 2); and

WHEREAS, Class Plaintiffs' expert disclosures were due on August 11, 2008 (Electronic Order, Aug. 5, 2008); and

WHEREAS, Class Plaintiffs did not provide any response to the Interrogatories; and

WHEREAS, Class Plaintiffs have elected not to pursue any claim or theory of damages based on the availability of alternative treatments that were cheaper and/or more effective than Neurontin; and

WHEREAS, Class Plaintiffs have agreed not to contend, at any future point in this litigation, that there were cheaper and/or more effective alternative options to Neurontin for the indications at issue;

IT IS HEREBY STIPULATED AND AGREED by and between Class Plaintiffs and defendants pursuant to Federal Rule of Civil Procedure 41(a)(1), as follows:

1.    Class Plaintiffs dismiss with prejudice, and with all rights to appeal waived, any claims based on the allegation or theory that there were cheaper and/or more effective alternatives to Neurontin for the relevant off-label uses;

2.    Class Plaintiffs are precluded from making any argument that there were cheaper and/or more effective alternatives to Neurontin for the relevant off-label uses;

3.    The provisions of paragraphs 1 and 2 of this stipulation shall have full preclusive effect with respect to the issues covered thereby and any claims based on the issues covered thereby; and

4.    Defendants will not seek sanctions or costs and fees in connection with Class Plaintiffs' failure to respond to the Interrogatories as ordered.

Dated: August 27, 2008

DAVIS POLK & WARDWELL

By:  /s/James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000

     -and-

HARE & CHAFFIN

By:  /s/David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company LLC*

     -and-

GREENE & HOFFMAN, P.C.

By:  /s/Thomas M. Greene
     Thomas M. Greene

33 Broad Street, 5th Floor
Boston, Massachusetts 02109
(617) 261-0040

*Attorneys for Class Plaintiffs*

SO ORDERED:


_____
Leo T. Sorokin
United States Magistrate Judge

3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 27, 2008.

/s/David B. Chaffin

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

In re:  NEURONTIN MARKETING, SALES PRACTICES,    :
          AND PRODUCTS LIABILITY LITIGATION    :
                             :   MDL Docket No. 1629

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :   Master File No. 04-10981

THIS DOCUMENT RELATES TO:               :
                             :   Judge Patti B. Saris

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :   Magistrate Judge Leo T.

HARDEN MANUFACTURING CORPORATION;       :   Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,  :
dba BLUECROSS/BLUESHIELD OF LOUISIANA;    :
INTERNATIONAL UNION OF OPERATING ENGINEERS, :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and   :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY.                           :
                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## JOINT MOTION REGARDING CLASS PLAINTIFFS' DISMISSAL OF CLAIMS AND PRECLUSION FROM ARGUMENT BASED ON THE ALLEGATION OR THEORY THAT THERE WERE CHEAPER AND/OR MORE EFFECTIVE ALTERNATIVES TO NEURONTIN FOR THE RELEVANT OFF-LABEL USES

       Defendants Pfizer Inc. and Warner-Lambert Company ("Defendants") and plaintiffs

Harden Manufacturing Corporation, Louisiana Health Services Indemnity Company, and

ASEA/AFSCME Local 52 Health Benefits Trust (collectively, the "Class Plaintiffs"),

respectfully move for entry of the attached Stipulation and Proposed Order of Dismissal.  The

grounds for this motion are set forth in the attached Stipulation and Proposed Order of Dismissal.

       WHEREFORE, Defendants and Class Plaintiffs respectfully request that the Court

endorse the Stipulation and Proposed Order of Dismissal, thereby (1) dismissing, with prejudice,

and with all rights to appeal waived, any claims by the Class Plaintiffs based on the allegation or

theory that there were cheaper and/or more effective alternatives to Neurontin for the relevant off-label uses; and (2) precluding the Class Plaintiffs from making any argument that there were cheaper and/or more effective alternatives to Neurontin for the relevant off-label uses.

Dated: August 27, 2008

DAVIS POLK & WARDWELL

By:   /s/James P. Rouhandeh
        James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000

-and-

HARE & CHAFFIN

By:   /s/David B. Chaffin
        David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

-and-

GREENE & HOFFMAN, P.C.

By:   /s/Thomas M. Greene
        Thomas M. Greene

33 Broad Street, 5th Floor
Boston, Massachusetts 02109
(617) 261-0040

*Attorneys for Class Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 27, 2008.

<u>/s/David B. Chaffin</u>

# EXHIBIT E

## Himmelstein, Barry R.

| | |
|---|---|
| **From:** | Himmelstein, Barry R. |
| **Sent:** | Wednesday, August 27, 2008 1:41 PM |
| **To:** | 'Rowland, Matthew B.' |
| **Cc:** | tgreene@greenehoffman.com |
| **Subject:** | FW: Stipulation & Order re: Failure to Respond to 2d Interrogatories |

Matt,

As we discussed, we think the proposed stipulation goes too far.  We will provide, within 30 days, the data requested by the Second Set of Interrogatories for each of the indications that remain in the case, clearly identifying which drugs go with which indications.  As to how the drugs were identified (Interrogatory No. 2), the Court has already concluded that this is a matter of expert opinion, and they were identified by our experts.  You have our expert reports, and you will be deposing our experts.  Should we provide information on any drugs not identified in our expert reports, we will provide an explanation as to how they were identified.  We hope this resolves the matter, and trust that you will honor your obligation to meet-and-confer by responding before filing any motion.  We are not at an impasse.

Barry Himmelstein
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
bhimmelstein@lchb.com

**From:** Rowland, Matthew B. [mailto:matthew.rowland@dpw.com]
**Sent:** Wednesday, August 27, 2008 9:06 AM
**To:** Himmelstein, Barry R.; tgreene@greenehoffman.com
**Subject:** Stipulation & Order re: Failure to Respond to 2d Interrogatories

Barry and Tom,

Per my discussions with Barry yesterday, I attach a draft stipulation and proposed order, along with a cover joint motion, regarding Class Plaintiffs' election not to pursue any claims or argument based on the allegation or theory that there were cheaper or more effective alternatives to Neurontin for the relevant off-label uses.

Because we intend to file our sanctions motion today, we need to hear back from you no later than 4:30 this afternoon as to whether or not you will consent to filing the attached joint motion and proposed order.

Thank you,

Matt Rowland

Davis Polk & Wardwell
450 Lexington Ave
New York, NY 10017
Phone: 212.450.4912
Fax: 212.450.3912

_____ Confidentiality Note: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the original message and all copies. _____

# EXHIBIT F

## Barry Himmelstein

**From:**    Barry Himmelstein [bhimmelstein@comcast.net]

**Sent:**    Wednesday, August 27, 2008 2:25 PM

**To:**    'matthew.rowland@dpw.com'

**Subject:** Your Failure to Meet and Confer

Matt – per our discussion, we have offered to provide you everything you want, but you insist on filing your sanctions motion anyway.  This is not a proper use of the meet and confer process, which is required for sanctions motions as well as any other.

# EXHIBIT G

## Himmelstein, Barry R.

| | |
|---|---|
| **From:** | Rowland, Matthew B. [matthew.rowland@dpw.com] |
| **Sent:** | Wednesday, August 27, 2008 2:50 PM |
| **To:** | Himmelstein, Barry R. |
| **Subject:** | Stipulation |
| **Attachments:** | 08.27.class.pls.stip.dismissal.doc |

Barry,

Attached is a revised draft that mirrors the language in your complaint and in the 2d Interrogatories (e.g., "cheaper and more optimal"). This is the relief we are seeking. If Class Plaintiffs are willing to sign this, please let me know ASAP.

Thank you,

Matt Rowland

Davis Polk & Wardwell
450 Lexington Ave
New York, NY 10017
Phone: 212.450.4912
Fax: 212.450.3912

_____ Confidentiality Note: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the original message and all copies. _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING, SALES PRACTICES,
         AND PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HARDEN MANUFACTURING CORPORATION;
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,
dba BLUECROSS/BLUESHIELD OF LOUISIANA;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL
52 HEALTH BENEFITS TRUST; GERALD SMITH; and
LORRAINE KOPA, on behalf of themselves and all others
similarly situated, v. PFIZER INC. and WARNER-LAMBERT
COMPANY.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T.
Sorokin

## STIPULATION AND PROPOSED ORDER OF DISMISSAL

WHEREAS, on March 13, 2007, defendants Pfizer Inc. and Warner-Lambert Company
(collectively, "defendants") served the Second Set of Interrogatories (the "Interrogatories") on
Harden Manufacturing Corporation, Louisiana Health Services Indemnity Company, and
ASEA/AFSCME Local 52 Health Benefits Trust (collectively, the "Class Plaintiffs"), which
Interrogatories sought, *inter alia*, information relating to drugs that the Class Plaintiffs contended
would have been cheaper and more optimal than Neurontin for the relevant off-label uses; and

WHEREAS, on October 11, 2007 the Court ordered Class Plaintiffs to "provide to the
Defendants the information sought by the Interrogatories" at the same time that they provided

their expert disclosures (Addendum to Discovery Order No. 14, Oct. 11, 2007 (Dkt # 902) at 2); and

WHEREAS, Class Plaintiffs' expert disclosures were due on August 11, 2008 (Electronic Order, Aug. 5, 2008); and

WHEREAS, Class Plaintiffs did not provide any response to the Interrogatories; and

WHEREAS, Class Plaintiffs have elected not to pursue any claim or theory of damages based on the availability of alternative treatments that were cheaper and more optimal than Neurontin; and

WHEREAS, Class Plaintiffs have agreed not to contend, at any future point in this litigation, that there were cheaper and more optimal alternative options to Neurontin for the indications at issue;

IT IS HEREBY STIPULATED AND AGREED by and between Class Plaintiffs and defendants pursuant to Federal Rule of Civil Procedure 41(a)(1), as follows:

1.    Class Plaintiffs dismiss with prejudice, and with all rights to appeal waived, any claims based on the allegation or theory that there were cheaper and more optimal alternatives to Neurontin for the relevant off-label uses;

2.    Class Plaintiffs are precluded from making any argument that there were cheaper and more optimal alternatives to Neurontin for the relevant off-label uses;

3.    The provisions of paragraphs 1 and 2 of this stipulation shall have full preclusive effect with respect to the issues covered thereby and any claims based on the issues covered thereby; and

4.    Defendants will not seek sanctions or costs and fees in connection with Class Plaintiffs' failure to respond to the Interrogatories as ordered.

Dated: August 27, 2008

DAVIS POLK & WARDWELL

By:    /s/James P. Rouhandeh
         James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000

    -and-

HARE & CHAFFIN

By:    /s/David B. Chaffin
         David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company LLC*

    -and-

GREENE & HOFFMAN, P.C.

By:    /s/Thomas M. Greene
         Thomas M. Greene

33 Broad Street, 5th Floor
Boston, Massachusetts 02109
(617) 261-0040

*Attorneys for Class Plaintiffs*

SO ORDERED:

_____
Leo T. Sorokin
United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 27, 2008.

/s/David B. Chaffin

# EXHIBIT H

## Himmelstein, Barry R.

**From:** Rowland, Matthew B. [matthew.rowland@dpw.com]

**Sent:** Wednesday, August 27, 2008 5:11 PM

**To:** Himmelstein, Barry R.

**Subject:** Meet & Confer -- Revised Stipulation

Barry,

In terms of timing, we are still planning to file our motion tomorrow morning (either against only the Coordinated Plaintiffs or against all plaintiffs). Accordingly, if you want us to respond to any new language for the stipulation, please be sure to get it to us in sufficient time (*i.e.*, before 8:00 a.m. EDT) for us to review. I know that's early for you; will Tom be available if we have any questions?

Thanks,

Matt Rowland

Davis Polk & Wardwell
450 Lexington Ave
New York, NY 10017
Phone: 212.450.4912
Fax: 212.450.3912

_____ Confidentiality Note: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please notify the sender immediately and destroy the original message and all copies. _____

# EXHIBIT I

## Himmelstein, Barry R.

| | |
|---|---|
| **From:** | Himmelstein, Barry R. |
| **Sent:** | Wednesday, August 27, 2008 8:27 PM |
| **To:** | 'Rowland, Matthew B.' |
| **Cc:** | 'Thomas Greene' |
| **Importance:** | High |
| **Attachments:** | 780322_1.DOC |

Matt,

In response to your last email, I was unable to reach Tom by phone to ascertain his pre-8 am availability, but forwarded him your email. I will have to leave it to the two of you to connect in the morning, as I will (hopefully) by asleep.

Here is a proposed revised stipulation. Several comments. First, rest assured that we are not trying to trick you, or leave ourselves wiggle room to recover damages for any indications as to which the trier of fact does not conclude that Neurontin is ineffective. The language you proposed was very broad, and somewhat vague. We have tried to make it as precise as possible, rather than dealing with matters in the abstract. If it does not satisfy you, please propose equally precise revisions, and I am sure we will be able to get on paper the understanding that we reached on the phone.

I do not see how Rule 41(a) applies here. We are not dismissing any claims, or the complaint. We are not pursuing one of two damages theories that could be applied to each of our claims, none of which are being dismissed. There is no such thing as dismissal of a theory.

I do not understand why you are insisting on filing your motion at 8 am, so that I will be unavailable to discuss modifications. You can discuss them with Tom, but I expect he will want to discuss them with me before agreeing to any modifications. Filing at 8 am does not get you an earlier hearing date than filing at noon, or 5 pm, and I am not that coherent at 5 am.

Barry Himmelstein
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
bhimmelstein@lchb.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING, SALES PRACTICES,
        AND PRODUCTS LIABILITY LITIGATION

                            MDL Docket No. 1629

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:            Master File No. 04-10981

                            Judge Patti B. Saris

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HARDEN MANUFACTURING CORPORATION;      Magistrate Judge Leo T.
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,  Sorokin
dba BLUECROSS/BLUESHIELD OF LOUISIANA;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL
52 HEALTH BENEFITS TRUST; GERALD SMITH; and
LORRAINE KOPA, on behalf of themselves and all others
similarly situated, v. PFIZER INC. and WARNER-LAMBERT
COMPANY.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND PROPOSED ORDER

WHEREAS, the Third Amended Class Action Complaint filed in this action alleges, *inter alia*, that Class Plaintiffs (Harden Manufacturing Corporation, Louisiana Health Services Indemnity Company, and ASEA/AFSCME Local 52 Health Benefits Trust) suffered damages when their insureds or members were prescribed Neurontin in lieu of "cheaper and more optimal" drugs;

WHEREAS, on March 13, 2007, defendants Pfizer Inc. and Warner-Lambert Company (collectively, "defendants") served the Second Set of Interrogatories (the "Interrogatories") on Class Plaintiffs, which Interrogatories sought, *inter alia*, information relating to drugs that the

Class Plaintiffs contended would have been cheaper and more optimal than Neurontin for the relevant off-label uses; and

WHEREAS, on October 11, 2007 the Court ordered Class Plaintiffs to "provide to the Defendants the information sought by the Interrogatories" at the same time that they provided their expert disclosures (Addendum to Discovery Order No. 14, Oct. 11, 2007 (Dkt # 902) at 2); and

WHEREAS, Class Plaintiffs' expert disclosures were due on August 11, 2008 (Electronic Order, Aug. 5, 2008); and

WHEREAS, Class Plaintiffs did not provide any further response to the Interrogatories; and

WHEREAS, Class Plaintiffs have elected not to pursue their alternative theory of damages based on the availability of alternative treatments that were cheaper and more effective than Neurontin, and have elected to stand on their theory that Neurontin is ineffective in treating the indications at issue and seek recovery in full of amounts paid for Neurontin and not the difference in price between Neurontin and alternative medications;

IT IS HEREBY STIPULATED AND AGREED by and between Class Plaintiffs and defendants, as follows:

1.    Class Plaintiffs are precluded from seeking damages based on the allegation or theory that there were cheaper and more effective alternatives to Neurontin for the relevant off-label uses;

2.    Defendants will not seek sanctions or costs and fees in connection with Class Plaintiffs' failure to respond to the Interrogatories as ordered;

2

3.      Should Defendants prevail in their argument that third party payors are not entitled to recoup the amounts they paid for Neurontin for any off-label indications for which the trier of fact determines Neurontin is ineffective, and may only recover the difference between the amounts they paid for Neurontin and the amounts they would have paid for drugs their insureds or members would have been prescribed in lieu of Neurontin (see Dkt# 1180 at 36-37), this stipulation shall not preclude Class Plaintiffs from presenting evidence of the latter amounts; and

4.      This stipulation shall not preclude Class Plaintiffs' expert witnesses from testifying that alternative effective treatments exist for the indications at issue.


Dated: August 27, 2008                          DAVIS POLK & WARDWELL

                                                By:    /s/James P. Rouhandeh
                                                       James P. Rouhandeh

                                                450 Lexington Avenue
                                                New York, NY 10017
                                                Tel:  (212) 450-4000

                                                        -and-

                                                HARE & CHAFFIN

                                                By:    /s/David B. Chaffin
                                                       David B. Chaffin

                                                160 Federal Street
                                                Boston, MA 02110
                                                Tel:  (617) 330-5000

                                                *Attorneys for Defendants Pfizer Inc. and
                                                Warner-Lambert Company LLC*

                                                        -and-

                                                GREENE & HOFFMAN, P.C.

By:    /s/Thomas M. Greene
       Thomas M. Greene

33 Broad Street, 5th Floor
Boston, Massachusetts 02109
(617) 261-0040

*Attorneys for Class Plaintiffs*

SO ORDERED:

_____
Leo T. Sorokin
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 27, 2008.

/s/David B. Chaffin

4