UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA; UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>PFIZER INC. and WARNER-LAMBERT COMPANY,<br>       Defendants. | |

**DECLARATION OF THOMAS GREENE IN SUPPORT OF
CLASS PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION
FOR SANCTIONS FOR FAILURE TO OBEY COURT ORDER
<u>REQUIRING PLAINTIFFS TO RESPOND TO INTERROGATORIES</u>**

780948.1

I, THOMAS M. GREENE, declare and state:

1.     I am a member in good standing of the Massachusetts State Bar and the Bar of this Court, and a partner in the law firm of Greene & Hoffman, appointed co-lead counsel for the class plaintiffs in this multidistrict litigation proceeding.  I have personal knowledge of the matters set forth herein, and could and would testify thereto if called upon to do so.

2.     On the afternoon of August 27, 2008, I was joined into a conference call with my co-counsel, Barry Himmelstein, and counsel for defendants, Matthew Rowland, of the law firm of Davis Polk & Wardwell.

3.     During the call, Mr. Himmelstein explained to Mr. Rowland our concerns with the language of the stipulation that Mr. Rowland had proposed.  Specifically, our concern that (1) our experts be permitted to testify that effective treatments exist for the indications at issue, even though Class Plaintiffs would forego seeking damages based on the availability of less-expensive treatments, and (2) that although Class Plaintiffs were no longer advancing a less-expensive-alternative theory of damages, *Defendants* had argued, in opposition to Class Plaintiffs' Renewed Motion for Class Certification, that third party payers are not entitled to recoup the amounts they paid for Neurontin to treat off-label indications for which the trier of fact determines Neurontin is ineffective, and may only recover the difference between the amounts they paid for Neurontin and the amounts they would have paid for drugs their insureds would have been prescribed in lieu of Neurontin, and that should Defendants prevail in this argument, Class Plaintiffs should not be precluded from putting in evidence of what those costs would have been.  Mr. Rowland responded, clearly and unequivocally, that Defendants were *not* attempting to preclude Class Plaintiffs as to either of our concerns.  Mr. Himmelstein and Mr. Rowland agreed that Mr.

Himmelstein would draft a revised stipulation reflecting the agreement they had reached on the telephone.

 I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of September, 2008 at Boston, Massachusetts.

/s/ Thomas M. Greene<br>
Thomas M. Greene, Esq.

## CERTIFICATE OF SERVICE

 I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on September 4, 2008.

/s/ Barry Himmelstein