UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING, SALES PRACTICES,
        AND PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HARDEN MANUFACTURING CORPORATION;
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,
dba BLUECROSS/BLUESHIELD OF LOUISIANA;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL
52 HEALTH BENEFITS TRUST; GERALD SMITH; and
LORRAINE KOPA, on behalf of themselves and all others
similarly situated, v. PFIZER INC. and WARNER-LAMBERT
COMPANY.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T.
Sorokin

**DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' SECOND
MOTION FOR CLASS CERTIFICATION AND IN RESPONSE TO THE
AUGUST 11, 2008 DECLARATION OF MEREDITH ROSENTHAL**

Defendants Pfizer Inc. and Warner-Lambert Company, by their undersigned counsel,

respectfully move for leave to submit an 11-page supplemental memorandum of law in further

opposition to plaintiffs' second motion for class certification and in response to the August 11,

2008 Declaration of Meredith Rosenthal (the "Rosenthal Decl."), along with a supporting

declaration. Defendants' proposed supplemental memorandum is attached hereto as Exhibit A.

The supporting declaration is attached hereto as Exhibit B.

The grounds for this motion are:

1.      Plaintiffs have long pointed to the proposed analysis of their retained economist, Professor Rosenthal, as a central and necessary feature of their attempt to satisfy their class certification burden under Rule 23 of the Federal Rules of Civil Procedure. *See In re Neurontin Mktg. & Sale Practices Litig.*, 244 F.R.D. 89, 109–10 (D. Mass. 2007); Apr. 16, 2008 Hr'g Tr. at 15. In particular, plaintiffs have claimed that Professor Rosenthal's proposal to estimate the number of Neurontin prescriptions that putative consumer and third-party payor ("TPP") class members purchased or reimbursed as a result of defendants' alleged misrepresentations would somehow enable the Court to look past the numerous individual issues that otherwise predominate in this case.

2.      At the Court's April 16, 2008 hearing on plaintiffs' renewed motion for class certification, plaintiffs represented that Professor Rosenthal's report would not be available until the expert disclosure deadline in August 2008. Apr. 16, 2008 Hr'g Tr. at 31.

3.      On August 11, 2008, plaintiffs served on defendants the Rosenthal Declaration, and on September 8, 2008, plaintiffs filed the Rosenthal Declaration with the Court.

4.      Now that plaintiffs have submitted Professor Rosenthal's declaration, defendants seek leave of the Court to file the attached 11-page supplemental memorandum to explain why the Rosenthal Declaration utterly fails to satisfy plaintiffs' burden on class certification and why none of the proposed subclasses should therefore be certified.

5.      As explained in defendants' proposed supplemental memorandum, there are six reasons why Professor Rosenthal's analysis fails to carry plaintiffs' burden under Rule 23, including that: (1) Professor Rosenthal does not offer the requisite opinion that all but a *de minimis* number of prescriptions for each off-label use were caused by defendants' alleged misstatements; (2) Professor Rosenthal fails to assess the impact of the principal components of

defendants' alleged off-label marketing campaign on doctors' prescribing decisions; (3) Professor Rosenthal fails to correct for salient factors other than defendants' alleged misconduct that may have caused plaintiffs to pay for or reimburse off-label prescriptions of Neurontin; (4) Professor Rosenthal relies on an unjustifiable assumption that detailing is the primary driver of doctors' decisions to prescribe Neurontin and that the vast majority of detailing was both off-label and fraudulent throughout the class period; (5) Professor Rosenthal's analysis cannot foreclose defendants from presenting individual proof to rebut its conclusions; and (6) Professor Rosenthal fails to address, much less resolve, the numerous additional obstacles to certification of the proposed TPP subclasses.

## CONCLUSION

WHEREFORE, defendants respectfully request that they be granted leave to file an 11-page supplemental memorandum of law in opposition to plaintiffs' renewed motion for class certification and in response to the expert report of Meredith Rosenthal and supporting declaration.

Dated: September 10, 2008

Respectfully submitted,

DAVIS POLK & WARDWELL

By:    /s/James P. Rouhandeh
       James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000

-and-

HARE & CHAFFIN

By:     /s/David B. Chaffin
        David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company LLC*

## CERTIFICATE OF CONSULTATION

I certify that counsel have attempted to confer in a good faith effort to resolve the narrow issue presented by this motion but have been unable to do so.  Specifically, at approximately 12:30 p.m. on September 9, Edmund Polubinski, co-counsel for defendants, asked Barry Himmelstein, co-counsel for plaintiffs, whether plaintiffs would assent to this motion.  Mr. Himmelstein indicated that he would need to confer with Thomas Greene concerning this motion and that Mr. Greene was in transit until later that afternoon and therefore unavailable until that time.  In a follow-up email, Mr. Polubinski asked Mr. Himmelstein to get back to him as soon as possible with plaintiffs' position on this motion, noting his understanding from Mr. Himmelstein's email that Mr. Himmelstein would be able to reach Mr. Greene by some method at some point yesterday afternoon or evening.  Mr. Polubinski also indicated that defendants hoped to file this motion yesterday, but would, absent further word from Mr. Himmelstein, plan to file it this morning.  Mr. Polubinski also indicated that defendants would have no objection to any request by plaintiffs to respond to defendants' supplemental memorandum with a memorandum of equivalent length.  Mr. Himmelstein did not respond to Mr. Polubinski's email, and defendants have heard nothing further from him or from any of plaintiffs' other attorneys about their position on this motion.

/s/ David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on September 10, 2008.

/s/ David B. Chaffin

4