UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA; UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>PFIZER INC. and WARNER-LAMBERT COMPANY,<br>   Defendants. | |

## DECLARATION OF MARK M. SANDMANN

MARK M. SANDMANN declares under the penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

  1.  I am an attorney at the law firm of Rawlings & Associates located at One Eden Parkway, La Grange, Kentucky, 40031;

2. I presently serve as counsel for The Guardian Life Insurance Company of America ("Guardian") in the above-styled case;

3. I submit this declaration in support of the Coordinated Plaintiffs' Opposition to Defendants' Motion for Sanctions and in support of Coordinated Plaintiffs' Cross Motion for Sanctions;

4. I have direct and personal knowledge of the matters set forth herein.

5. On August 1st, 2008, the Guardian served its Fourth Supplemental Response to Defendants' Second Set of Interrogatories, said service date being ten (10) days prior to the due date for submission;

6. On or about the evening of August 27th, 2008 I retrieved a voicemail from Matthew Rowland, counsel for Defendant in the above-styled action, that had been left on August 26th, 2008;

7. On August 28th, 2008, I returned Mr. Rowland's call at which time I was unilaterally told that we were having a "meet and confer" regarding Guardian's discovery responses;

8. Mr. Rowland proceeded to tell me that Guardian had not yet supplied the data referenced in Guardian's responses and that Defendants' were moving for sanctions that day;

9. I informed Mr. Rowland that Guardian, a very small insurer who utilizes a PBM (Medco), had to write an entirely new software program to extract the ad hoc data request and format the data in a searchable Access database;

10. I told Mr. Rowland the data would be forthcoming as soon as possible and that I would personally inquire with Guardian how much longer the data request would take;

11. Mr. Rowland's response was to state that he was filing the motion for sanctions that day without giving Guardian any opportunity to inquire regarding the status of the data or giving Guardian an opportunity to provide what had been gathered and then supplement with the remainder.

12. Defendants' Motion for Sanctions was served later that day via the ECF system;

13. Guardian is prepared to tender the data referenced above and to supplement its responses along with the other Coordinated Plaintiffs;

14. I also reviewed and agreed with the contents of all correspondence between counsel for Kaiser and Defendants as set forth in Exhibit B of the Declaration of Linda Nussbaum.

Dated September 11, 2008:

_____
Mark M. Sandmann
Counsel for The Guardian Life Insurance
Company of America