UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:
In re: NEURONTIN MARKETING, SALES PRACTICES,  :
AND PRODUCTS LIABILITY LITIGATION  :
: MDL Docket No. 1629
------------------------------------------------------------x
: Master File No. 04-10981
THIS DOCUMENT RELATES TO: :
: Judge Patti B. Saris
------------------------------------------------------------x
: Magistrate Judge Leo T.
HARDEN MANUFACTURING CORPORATION; : Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, :
dba BLUECROSS/BLUESHIELD OF LOUISIANA; :
INTERNATIONAL UNION OF OPERATING ENGINEERS, :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY. :
:
:
------------------------------------------------------------x
:
THE GUARDIAN LIFE INSURANCE COMPANY OF :
AMERICA v. PFIZER INC., and AETNA, INC. v. PFIZER INC. :
:
------------------------------------------------------------x

**EMERGENCY MOTION FOR ENLARGEMENT OF TIME
WITHIN WHICH TO PROVIDE EXPERT DISCLOSURES**

Defendants Pfizer Inc. and Warner-Lambert Company respectfully move, on an emergency basis, for an enlargement of the time within which they must provide their expert disclosures. The grounds for this motion are:

1. Two days ago, the Court issued an Electronic Order (the "Electronic Order") relating to defendants' Emergency Motion for Sanctions for Failure to Obey Court Order Requiring Plaintiffs to Respond to Interrogatories (the "Motion for Sanctions").

2. The Electronic Order requires counsel to confer concerning the interrogatories at issue and to submit a joint report informing the Court of the result of the discussions by the close of business on September 24. It also indicates that the Court expects counsel either to resolve the "issues in their entirety [or] at the very least narrow significantly the issues for resolution by the Court."

3. None of the third-party payer plaintiffs has provided proper responses to the interrogatories, and, therefore all of them are in violation of the Court's October 11, 2007 Order. Class Plaintiffs, for example, did not respond at all. Guardian, for example, represented in the supplemental responses it served over seven weeks ago that information sought by the interrogatories would be found in data it would be providing, but it still, to this day, has not provided the data or indicated when the data will be provided.

4. Nevertheless, all of the third-party payer plaintiffs continue either to pursue the theory that there are "cheaper and more optimal alternatives" to Neurontin or to seek to preserve an alternative theory of damages that makes the information sought by the interrogatories relevant.

5. Defendants cannot defend against these theories without full and complete responses to the interrogatories from each coordinated plaintiff and Class Plaintiffs.

6. More immediately, defendants' experts cannot prepare their responses to these theories without such responses.

7. Therefore, defendants expect that the forthcoming conferences and any proceedings that follow necessarily will result in agreements and/or orders requiring

plaintiffs to drop their theory (or theories) or requiring plaintiffs to provide full and complete responses.

**Supplementation Scenario**

8. If the parties' discussions and any ensuing proceedings result in agreements and/or orders allowing or directing plaintiffs to supplement their responses, defendants would not be able to meet the October 15 deadline for expert disclosures. Under this scenario, defendants undoubtedly would not have all of the supplemental responses until weeks from now. Guardian has indicated that it has limited resources and is still in the process of gathering underlying data that it would need in order to prepare appropriate responses. For their part, Class Plaintiffs indicated that they would need 30 days to supplement. Their claims to the contrary notwithstanding, Aetna and Kaiser also would have a great deal of work to do.

9. Once all of the supplemental responses were provided, defendants' experts would have to review and analyze them and address the supplemental responses in their reports. If plaintiffs were permitted to continue to respond to the interrogatories by dumping enormous quantities of raw, confusing data on defendants – an approach that defendants oppose because it conflicts with Rule 33(d) and the Court's Orders and results in defendants **not** receiving the information the interrogatories seek – the experts will require a great deal of time just to sift through and analyze the data. Even with proper responses in hand, the experts will have a great deal to do. In all fairness, defendants' experts should have at least 30 days from receipt of all of the supplemental responses in order to do that which they would need to do.

10. All of this would mean that compliance with the October 15 deadline would be impossible; indeed, it is likely that plaintiffs would not even have provided the full and complete responses before October 15, particularly if they were provided pursuant to a Court order issued in, say, early October.

11. Due to the uncertainty with respect to when the Court would rule and as to when, if at all, all plaintiffs would be required to provide supplemental responses, it is not possible to establish a firm deadline for defendants' expert disclosures.

**Preclusion Scenario**

12. If, as defendants have argued, the procedure applicable to this dispute results in an order precluding plaintiffs from pursuing their alternatives-to-Neurontin theory (or theories), an enlargement also would be required. Given plaintiffs' positions thus far, it is inconceivable that they will agree to drop their theory (or theories) voluntarily. The Court may, however, preclude all plaintiffs from pursuing their theory (or theories). While the Court could issue an order of preclusion late next week based on the joint status report alone, defendants suspect that it is highly unlikely that it would do so without oral argument on the motion. Further, an order of preclusion presumably would require a memorandum of decision, which would take time to prepare. Thus, were an order precluding all plaintiffs from pursuing their theory (or theories) to issue, it undoubtedly would not be before early October, at the earliest. Once such an order issued, defendants' experts would have to adapt their analyses and reports to fit it. It would not be possible to accomplish all this before the October 15 deadline for defendants' expert disclosures.

13. Given (a) Guardian's failure to provide its data even to date, (b) Class Plaintiffs' complete failure to respond, and (c) Aetna and Kaiser's admittedly-deficient[1] responses, there is no conceivable outcome of the process the Court has set up other than supplementation or preclusion.

14. Accordingly, defendants respectfully request that the Court enlarge the time within which defendants must provide their expert disclosures to the day 30 days after the later of (a) a preclusion order by the Court, or (b) defendants' receipt of plaintiffs' full and complete supplementation of their answers to the interrogatories in the event the Court permits plaintiffs to supplement their answers. This approach will ensure that defendants' experts have sufficient time.

15. Class Plaintiffs have taken the position that defendants should be required to provide on October 15 the reports of any experts whose analysis or opinions would not be affected by plaintiffs' supplemental responses. This approach would be unproductive, unfair, and impractical. With the possible exception of only one, all of defendants' experts will review, consider, and factor into their opinions plaintiffs' responses to the interrogatories, and many, if not most, will opine as to the contentions in the responses. Thus, the approach Class Plaintiffs propose would result in defendants serving only one expert report on October 15, which would benefit plaintiffs little. Plaintiffs are not entitled to even this small benefit. The October 15 deadline has become untenable only because plaintiffs flouted the Court's October 11, 2007 Order. Plaintiffs should not be permitted to capitalize on their violations. Defendants should not be required to adhere to two separate deadlines for expert disclosures. Defendants should be permitted to disclose

---

[1] Nowhere in their opposition to defendants' motion for sanctions do Coordinated Plaintiffs claim that their responses were sufficient. On the contrary, each of them admitted that it is still in the process of preparing supplements or, in the case of Guardian, of compiling the very data it promised seven weeks ago.

in a comprehensive, coordinated fashion, after fact discovery is complete. Moreover, the approach Class Plaintiffs propose would not speed progress in this case one whit. The close of expert discovery (and all subsequent deadlines) would still be a function of the date on which the last third-party payer plaintiff provides full and complete responses.

16.     Coordinated Plaintiffs have proposed an approach that is even worse. Coordinated Plaintiffs want defendants to meet the October 15 deadline and then to serve revised or supplemental expert reports based on plaintiffs' subsequent supplemental responses. (Coordinated Plaintiffs thus indicated that they do not expect to provide full and complete responses before, or much before, October 15.) Under this approach, plaintiffs would have defendants' expert disclosures early, giving them more time to prepare to depose defendants' experts and to prepare rebuttal reports. It also would enable plaintiffs to tailor their supplemental responses to defendants' experts' opinions. Further, it could result in plaintiffs having two initial reports by each expert, a scenario that could lead to unfair cross-examination. Again, plaintiffs should not be rewarded for their violations of the Court's Order. Nor should they be permitted to prejudice defendants, but this is precisely what their proposed approach would do. Defendants' experts would have to provide initial reports, revisit the reports based on the supplemental responses, and then issue revised or supplemental reports. This process inevitably would be more expensive and time-consuming than the approach defendants propose. It always costs more and takes longer to do something twice. The process would be vastly more expensive and time consuming if Coordinated Plaintiffs were to seek to depose defendants' experts after the initial reports were issued and again after the supplemental or revised reports, something they have not ruled out. In short, because it

6

would benefit them and prejudice defendants based on a situation that exists due to plaintiffs' disobedience of the Court's Order, Coordinated Plaintiffs' proposed approach is fundamentally unfair. Furthermore, like Class Plaintiffs' proposed approach, the approach would not speed the case. Under it, as under Class Plaintiffs' approach, the close of expert discovery (and all subsequent deadlines) would still be a function of the date on which the last third-party payer plaintiff provides full and complete responses.

17.     No party will be prejudiced if the relief sought by this motion is granted.

18.     The enlargement defendants request will not conflict with any other deadline because Judge Saris recently vacated the schedule applicable to the sales and marketing cases and instructed the parties to confer and propose a new schedule.

WHEREFORE, defendants respectfully request that the Court enlarge the period within which defendants must provide their expert disclosures the day 30 days after the later of (a) a preclusion order by the Court or (b) defendants' receipt of plaintiffs' full and complete supplementation of their answers to the interrogatories in the event the Court permits plaintiffs to supplement their answers.

Dated: September 17, 2008

Respectfully submitted,

DAVIS POLK & WARDWELL

By:  /s/James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000

-and-

HARE & CHAFFIN

By:   /s/David B. Chaffin
      David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

## CERTIFICATE OF CONSULTATION

I certify that counsel for defendants have conferred with counsel for all sales and marketing plaintiffs in a good faith effort to narrow or resolve the issue presented by this motion. Plaintiffs oppose this motion.

/s/ David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on September 17, 2008.

/s/ David B. Chaffin