UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :

In re:   NEURONTIN MARKETING, SALES PRACTICES,
          AND PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HARDEN MANUFACTURING CORPORATION;
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,
dba BLUECROSS/BLUESHIELD OF LOUISIANA;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL
52 HEALTH BENEFITS TRUST; GERALD SMITH; and
LORRAINE KOPA, on behalf of themselves and all others
similarly situated, v. PFIZER INC. and WARNER-LAMBERT
COMPANY.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC., and AETNA, INC. v. PFIZER INC.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## SUPPLEMENT TO EMERGENCY MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO PROVIDE EXPERT DISCLOSURES AND REQUEST FOR RULING

On September 17, 2008 defendants Pfizer Inc. and Warner-Lambert Company

filed an emergency motion for enlargement of time within which to provide expert

disclosures. (Docket # 1435.) Since then, there has been a very significant development

that bears on the motion. Defendants submit this three-page supplement to the motion to

alert the Court to this development and respectfully to request that the Court take prompt

action on the motion.

Plaintiffs served 11 expert reports on August 11, 2008. Several of the reports involved technical data analysis created using computer programs, worksheets, input and output files, and extensive underlying data. None of these backup materials were supplied with the written reports.

On August 13, defendants issued subpoenas seeking the production by August 22 of all materials considered or relied upon by plaintiffs' experts. Defendants received some data for some of plaintiffs' experts on August 18, but it was limited, and defendants were concerned that much remained to be produced. Plaintiffs served objections to the subpoenas on August 22 but did not produce any more materials.

On August 26, defendants e-mailed plaintiffs, advising them that defendants' experts needed "as quickly as possible all output data, files, and notes from analyses that support the conclusions" in several of plaintiffs' experts' reports. The parties discussed this request on August 28, and plaintiffs indicated that they were working on getting more materials to defendants.

Defendants received nothing from plaintiffs until <u>yesterday</u>, one month after the return date of the subpoena, more than six weeks after the expert reports were served, after the original deadline for defendants' expert disclosures, and only 23 days before the recently re-set deadline for defendants' expert disclosures.

The production yesterday was substantial. It contained 13 new computer files related to one expert's analysis and 31 new computer files related to another's analysis. Plaintiffs still have not produced subpoenaed reliance materials relating to another of their experts.

Defendants' experts have not yet had a chance to analyze the materials produced yesterday to determine what they add or even what remains outstanding. It is absolutely clear, however, that plaintiffs have yet to produce data relating to one expert's efficacy analysis; all that plaintiffs have been able to offer defendants in this regard is that they "are following up with" the expert concerning the missing data. Plaintiffs have offered no excuse for having delayed the production of basic materials that are necessary to replicate and understand their experts' analyses, or for their complete failure to produce other such materials.

Furthermore, plaintiffs were very slow to produce the correct computer programs necessary to replicate Dr. Rosenthal's regression analysis. The programs that plaintiffs originally produced yielded results that did not correspond to what Dr. Rosenthal had expressed in her written report. After significant back-and-forth, on September 5, defendants finally received the correct files and an explanation of the errors.

For these reasons and those previously stated, defendants respectfully request that the Court immediately enlarge the period within which defendants must provide their expert disclosures *sine die*, reserving a final decision with respect to the deadline until after its ruling on the motion for sanctions.

Dated: September 24, 2008                    Respectfully submitted,

                                            DAVIS POLK & WARDWELL

                                            By:    /s/James P. Rouhandeh
                                                   James P. Rouhandeh

                                            450 Lexington Avenue
                                            New York, NY 10017
                                            Tel:  (212) 450-4000

-and-

HARE & CHAFFIN

By:     /s/David B. Chaffin
        David B. Chaffin

BBO #549245
160 Federal Street
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on September 24, 2008.

/s/ David B. Chaffin

4