UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
IN RE NEURONTIN MARKETING, SALES            )
PRACTICES, AND PRODUCT LIABILITY            )
LITIGATION                                  )   MDL Docket No. 1629
_____)   Master File No. 04-10981
                                            )
THIS MOTION RELATES TO                      )   Judge Patti B. Saris
                                            )   Mag. Judge Leo T. Sorokin
*Allen, et al. v. Pfizer, Inc. et al, 1:07-cv-11795-PBS*   )
*Anderson et al. v. Pfizer, Inc. et al., 1:05-cv-10835-PBS* )
*Cooper, et al. v. Pfizer Inc. et al., 1:05-cv-10834-PBS*   )
_____)

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE CLAIMS OF CERTAIN PLAINTIFFS
REPRESENTED BY THE LEVI BOONE LAW FIRM PA
FOR FAILURE TO COMPLY WITH THE COURT'S CERTIFICATION ORDERS**

Defendants Pfizer Inc. and Warner-Lambert Company LLC (together, "Defendants") respectfully submit this memorandum in support of their motion to dismiss the claims of 359 plaintiffs out of 372 plaintiffs represented by the Levi Boone Law Firm PA ("the Boone Law Firm") for failure to comply with the Court's certification orders.

More specifically, these 359 claims should be dismissed for the following reasons: (1) For 67 plaintiffs, no certification whatsoever was filed pursuant to the Court's most recent certification order (See Ex. A); (2) 88 plaintiffs failed to meet the Court's certification requirements because the purported certifications were based solely on pharmacy records and a complete absence of medical records (See Ex. B); (3) Nine plaintiffs' purported certifications were based on records making no reference to the prescription or use of Neurontin (See Ex. C); and (4) 195 plaintiffs' purported certifications were based on medical records making no reference to the injuries alleged in plaintiffs' complaints (See Ex. D).

3140726v1

- 2 -

**PRELIMINARY STATEMENT**

The Boone Law Firm filed three Complaints on behalf of 393 individual plaintiffs claiming they were prescribed Neurontin and sustained one or more injuries as a result of Neurontin use.  *See Allen, et al. v. Pfizer, Inc. et al, 1:07-cv-11795-PBS; Anderson et al. v. Pfizer, Inc. et al., 1:05-cv-10835-PBS; Cooper, et al. v. Pfizer Inc. et al., 1:05-cv-10834-PBS.*  On November 9, 2007, this Court issued a Products Liability Case Management Order ("Certification Order")  requiring plaintiffs' counsel to file a certification that they had taken certain actions with respect to each plaintiff they represent.  Specifically, the Court ordered plaintiffs' counsel to certify that: (1) they have conferred with the individual plaintiff; (2) the plaintiff intends to proceed with the litigation (absent a request for dismissal); (3) *they have reviewed the relevant medical records and allegations of the complaint*; and, (4) *they believe pursuit of the action is warranted.*  (November 9, 2007 Order at 2-3) (Docket #949) (emphasis added).  The Court issued this Order in part to weed out those cases for which there is no medical record support for a claim of Neurontin use and/or the claimed injury.  In response to this Order, the Boone Law Firm purported to certify 391 of 393 individual plaintiffs.  The Boone Law Firm failed, however, to follow the Court's certification process which required a review of "relevant medical records."  Further, the language of the certifications filed by the Boone Law Firm failed on its face to comply with the Certification Order.

In an effort to clarify the status of each plaintiff, the Court issued Discovery Order No. 19 on January 4, 2008 which required plaintiffs' counsel to provide the Court with a comprehensive list identifying the status of each plaintiff by February 6, 2008 (Docket No. 1049).   Rather than providing the comprehensive list of plaintiffs, the Boone Law Firm provided the Court with the names of its three cases.

- 3 -

On March 24, 2008, the Court issued Discovery Order No. 23 directed, in part, at the Boone Law Firm (Docket No. 1179).  Because the list and papers submitted by the Boone Law Firm in response to the previous certification orders were "incomplete or ambiguous," the Court again ordered the Boone Law Firm to provide a list identifying the status of each of its plaintiffs and to certify to the Court that it had complied with Discovery Order No. 19.  The deadline for the Boone Law Firm to respond was April 9, 2008.  This deadline was not met.  Almost a month later, on May 7, 2008, in response to Defendants' Motion to Dismiss (Docket Nos. 1260 and 1261) for failing to comply with the Court's certification orders, the Boone Law Firm requested leave  to file a one-page document in response to Discovery Order 23 (Docket No. 1263) .  On May 13, 2008, Defendants objected to Boone's request for leave as being out of time (Docket No. 1277).  The Boone Law Firm filed an Opposition to Defendants' Motion to Dismiss on May 14, 2008 (Docket Nos. 1282 and 1283).  In addition, on June 10, 2008, Boone filed an Amended Memorandum In Support of its Opposition to Dismiss (Docket No. 1324) - restating allegations from its plaintiffs' complaints, recasting their theories of injury, and raising issues that Defendants indicated would be better suited to a response to a Rule 12(b)(6) motion.  On June 13, 2008, Defendants submitted a Reply to Boone's Opposition, indicating again that the sole issue before the Court is the Boone Law Firm's failure to comply with the Court's certification Orders (Docket No. 1332).

On June 20, 2008, the Court issued Discovery Order 26 recognizing that all but 21 of the Boone Law Firm's plaintiffs opposed Defendants' Motion To Dismiss (Docket No. 1337).  The Court ordered the Boone Law Firm to file a stipulation or voluntary dismissal for those 21 plaintiffs by June 26, 2008.  In addition, the Court required the Boone Law Firm to file new certifications in the remaining cases by August 19, 2008.  On August 19, 2008, the Boone Law

Firm filed purported certifications for 305 of its remaining 372 plaintiffs (Docket Nos. 1380-1413). Throughout the months of August and September, the Boone Law Firm sent in excess of 100 additional sets of records to Defendants that its counsel purportedly relied upon to certify its cases. As explained below, the vast majority of the Boone Law Firm's purported certifications fail this Court's explicit certification requirements.

On September 9, 2008, the Court ordered that "The Boone Law Firm shall file, no later than the close of business on September 19, 2008, a master list that identifies each individual plaintiff the Firm represents, organized by the individual civil action number. The submission must also inform the Court as to each plaintiff: (1) whether a certification, stipulation of dismissal, or motion to withdraw has been filed; and (2) the filing date and docket number of the filing made. To date, the Boone Law Firm has not submitted a master list as required by the Court. Once again, the Boone Law firm has disregarded the Court's certification orders.

The Boone Law Firm has repeatedly shown no regard for the Court's effort to efficiently manage the current MDL and weed out patently meritless claims. Accordingly, the claims of 359 of the Boone Law Firm plaintiffs should now be dismissed with prejudice for failing to comply with the Court's certification orders.

**ARGUMENT**

As previously indicated in Defendants' Motion to Dismiss (Docket Nos. 1260 and 1261), when a party fails to comply with a Court's pre-trial orders, the Court has the inherent power to "choose from a broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003). *See also Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002) ("Although dismissal ordinarily should be employed only when a plaintiff's misconduct is

extreme,…disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal.)"); *Jones v. Winnepesaukee Realty,* 990 F.2d 1, 5 (1st Cir. 1993); *Rosario-Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir. 1998); *Robinson v. Hallenbeck,* 81 F.3d 1, 2 (1st Cir. 1996); *Top Entertainment Inc. v. Ortega,* 285 F.3d 115, 119 (1st Cir. 2002); *Figueroa Ruiz v. Alegria,* 896 F.2d 645, 649 (1st Cir. 1990); *Cosme Nieves v. Deshler,* 826 F.2d 1, 2 (1st Cir. 1987). This Court should exercise its inherent powers and dismiss with prejudice the claims of 359 plaintiffs represented by the Boone Law Firm for failing to properly abide by the Court's certification orders.

### A. Uncertified Cases.

Discovery Order 26 required the Boone Law Firm to file new certifications in the form prescribed by the Court's original certification orders. In response to Discovery Order 26, the Boone Law Firm failed to even attempt to certify 67 claims. (See attached Ex. A for a list of Boone plaintiffs uncertified claims). Defendants respectfully request that these 67 claims be dismissed with prejudice.

### B. Pharmacy Records Only.

The Court stated in Discovery Order 26, "Counsel is reminded that by certifying that counsel has reviewed the 'relevant medical records,' *counsel is not merely certifying that the documents indicate the plaintiff received an off-label prescription for Neurontin.*" (emphasis added). Originally, the Boone Law Firm certified 235 plaintiffs on pharmacy/prescription records ("pharmacy records") alone. After Discovery Order 26, the Boone Law Firm again re-certified 88 plaintiffs based on pharmacy records only. The records produced to Defendants for these 88 plaintiffs and purportedly reviewed for purposes of re-certifying the cases still consist only of pharmacy printouts, pharmacy receipts, medication lists, and /or photocopies of

prescription bottles. As Defendants have previously noted, with no exception, there is nothing to establish that the patient suffered any injury, much less that the alleged injury occurred while the patient was taking Neurontin or occurred as a result of ingesting Neurontin. Certifying these 88 plaintiffs is in direct disregard for the Court's requirement that the documents require something more than evidence of an off-label prescription. (See attached Ex.B for a chart of 88 Boone plaintiffs with pharmacy records only.)   Thus, these 88 plaintiffs with pharmacy records only should be dismissed for not properly complying the Court's certification orders.

      **C.**      **Records With No Mention of Neurontin.**

Again, pursuant to Discovery Order 26, the Boone Law Firm was to certify its cases based upon "relevant medical records." The Boone Law Firm has certified 9 cases based on records in which there is no mention of or indication that the patient was prescribed Neurontin whatsoever. (See attached Ex. C for a chart of the Boone plaintiffs with no mention of Neurontin.) Based upon the records the Boone Law Firm purportedly relied upon in certifying these cases, it is not possible to tell if these plaintiffs even took Neurontin, let alone suffered any injury as a result of taking Neurontin. This is in direct conflict with the Court's order that counsel certify cases based up on "relevant medical records." Therefore, these plaintiffs that were certified on records that make no mention of Neurontin should be dismissed as not complying with the Court's certification orders.

      **D.**      **Medical Records With No Reference to Alleged Injury.**

In certifying cases, counsel was certifying that *they have reviewed the relevant medical records and allegations of the complaint.* Presumably, this would mean that the records must show, at a minimum, that the plaintiff took Neurontin and sustained injuries alleged in the complaint, rather than supply records that only demonstrate that Neurontin was prescribed.

3140726v1

Again, the Court issued the November 9, 2007 Order to identify those plaintiffs for whom there is a reasonable basis to believe that the plaintiff's use of Neurontin caused the complained-of injury.  In the case of 195 plaintiffs, the Boone Law Firm provided medical records that contain absolutely no reference to or support for the alleged injury or injuries.  (See attached Ex. D for a chart of the plaintiffs with medical records and no reference to the alleged injuries.)[1]  It cannot be stated that the Boone Law Firm has reviewed "relevant medical records" when the records do not even demonstrate that the plaintiff suffered an injury alleged in the complaint, let alone as a result of taking Neurontin.

Records that fail to provide any basis for a plaintiff's claim do not support certification, particularly when the expressed intent of the certification process is to eliminate meritless claims. *See e.g.*, *Lore v. Lone Pine Corp, et al.*,  No.L-33606-85, 1986 WL 637507, at *4 (N.J. Super. L. Nov. 18, 1986) (dismissing plaintiffs claims stating, "[h]owever, there is nothing to be settled because there is total and complete lack of information  as to causal relationship and damages"). In essence, submitting medical records that only indicate the plaintiff was prescribed Neurontin and make no reference to the alleged injuries is akin to submitting only pharmacy records detailing a prescription, which is in contradiction to the Court's certification orders.  The Court reminded the Boone Law Firm in Discovery Order 26, that "by certifying that counsel has reviewed 'relevant medical records,' counsel is not merely certifying that documents indicate that the plaintiff received an off-label prescription for Neurontin."  In the absence of relevant medical records that substantiate plaintiffs' alleged injuries, these plaintiffs' claims were improperly certified and their claims should be dismissed with prejudice.

## CONCLUSION

---

[1] Each of the three complaints filed by the Boone Law Firm was accompanied by a chart purporting to identify each plaintiff's alleged injuries.

3140726v1

359 of the Boone plaintiffs have failed to provide certifications based on medical records evidence supporting the most basic premises of their cases: they were prescribed Neurontin and plaintiffs suffered the alleged injuries. This Court's certification process was designed to identify and do away with those claims. The First Circuit has consistently held that dismissal with prejudice is warranted based on the failure to satisfy court orders. *See supra* p. 3  Dismissal with prejudice is justified due to the Boone Law Firm's repeated failure to meet this Court's orders. For the reasons stated herein, the Court should dismiss with prejudice the claims of these 359 Boone Law Firm plaintiffs.

Dated: September 29, 2008

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
    Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

        -and-

HARE & CHAFFIN

By: /s/ David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company*

- 9 -

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on September 29, 2008.

                                      /s/ David B. Chaffin  
                                      David B. Chaffin