UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**THIS DOCUMENT RELATES TO:**

| | |
|---|---|
| *Leroy Anderson, et al v. Pfizer, Inc.* | Individual Case No.: 1:05CV-10835-PBS |
| *Mary Cooper, et al v. Pfizer, Inc.* | Individual Case No.: 1:05-CV-10834-PBS |
| *Jessie Allen, et al v. Pfizer, Inc.* | Individual Case No.: 1:07-CV-11795-PBS |

### MOTION FOR LEAVE TO RESPOND TO COURT ORDER OUT OF TIME

COMES NOW, Plaintiffs, by and through, Attorney, Levi Boone, III, of **Boone Law Firm, P.A.**, and submit their *Motion for leave to Respond to Court Order Out of Time and states*:

1. Pursuant to this Court's Order of June 20, 2008, on August 19, 2008, plaintiffs timely submitted attorney certifications for 305 of the original 391 plaintiffs certified in the above listed related causes.

2. The attorney certifications specify exactly which plaintiffs have been certified; the date the individual plaintiff's attorney certification was filed; the individual case number of the suit for which the plaintiff is a member; MDL docket number; and Master file Number.

3. Plaintiffs' first knowledge of the September 9, 2008 Order of Judge Leo T. Sorokin, came after the order was referenced in Defendant's Memorandum in Support of Defendants' Motion to Dismiss the Claims of Certain Plaintiffs Represented by the Levi Boone Law Firm, P.A. for Failure to Comply with the Court's Certification Orders. If Plaintiffs had known about the Court Order of September 9, 2008 compliance would have been accomplished because the information requested by the Court had already been compiled by August 19, 2008 when the 305 attorney certifications were made.

4. At the time that the Court's Order was entered, Plaintiffs' counsel was required to be out of the office often dealing with a severely ill loved one, who passed away on September 13, 2008.

5. As detailed in Defendant's Memorandum in Support of Defendants' Motion to Dismiss, defendants' received notice and are aware of the 305 plaintiffs that were certified pursuant to the November 7, 2007 Order of the Court, and will not be prejudiced by plaintiffs' motion for leave to respond to the Court's order out of time.

6. In addition, by letter dated August 21, 2008, plaintiffs counsel informed defendants that in addition to the 21 plaintiffs already dismissed, stipulation of dismissals were being prepared for an additional 36 Plaintiffs. (Exhibit A (redactions made relating to negotiation))

7. Moreover, Plaintiffs acknowledge the reasonableness of the Court's September 9th Order in consideration of the voluminous amount of plaintiffs herein and state that Plaintiffs would have timely complied if plaintiffs had

notice of the same. At minimal, Plaintiffs would have requested an extension of time to comply, rather than do nothing, if knowledgeable of the order. Plaintiffs are prepared to comply immediately with the Court Order of September 9, 2008, should this Court allow same.

8. Plaintiffs have not intentionally failed to comply with this Court's order and at most, Plaintiffs' conduct amounts to excusable neglect.

WHEREFORE PREMISES CONSIDERED, Plaintiffs request leave to respond to this Court's September 9, 2008 order out of time.

RESPECTFULLY SUBMITTED, this the 1st day of October, 2008.

/s/ Levi Boone, III