# BOONE LAW FIRM, P.A.

401 WEST SUNFLOWER AVENUE
POST OFFICE BOX 1772
CLEVELAND, MISSISSIPPI 38732

Telephone (662) 843-7946
LBoone@BooneLawFirm.com

Facsimile (662) 843-7950
www.BooneLawFirm.com

Thursday, August 21, 2008

David Chaffin, Esq.
Hare & Chaffin Law Office
160 Federal Street, 23rd Floor
Boston, MA   02110

**RE: Jesse Allen et al v. Pfizer, Inc., Case No.  4:07cv74 (MDL-1629)**
**Mary Cooper, et al v. Pfizer, Inc., N.D. Mississippi, C.A. No. 2:04-255 (MDL-1629)**
**Leroy Anderson, et al v. Pfizer, Inc., N.D. Mississippi, C.A. No. 4:04-275 (MDL- 1629)**

Dear Mr. Chaffin:

We have now completed the Attorney Certifications for the Plaintiffs in the above cases. We are preparing Stipulation of Dismissals for an additional 36 Plaintiffs. We have previously dismissed 21 Plaintiffs.



The Mississippi cases are unique in that they not only present claims for suicidal thoughts/suicidal attempts, but they also present claims for ineffective treatment, prescription cost reimbursements, mental and emotional distress and punitive damages.

The basis for claims for suicidal thoughts/suicidal attempts are consistent with the Plaintiff Steering Committee's theory of liability and damages. However, the suicidal thoughts/suicidal attempts claims also include ineffective treatment, prescription cost reimbursements and mental and emotional distress claims.

The basis for the ineffective treatment claims is that plaintiffs suffered damages relating to their underlying medical condition being untreated while taking Neurontin and that the Plaintiffs also continued to experience the pain and discomfort associated with their underlying medical condition during the time they were taking Neurontin for said condition.

The mental and emotional distress claims are based on Plaintiffs learning that the FDA had not approved the "off-label" use of Neurontin for their respective medical condition. The mental and emotional distress claims are viable under Mississippi law even if Plaintiffs were unable to establish claims for ineffective treatment and/or suicidal thoughts/attempts.

In Mississippi plaintiffs may recover mental and emotional distress damages without proof of a physical manifestation and without expert testimony where the mental anguish was forseeble and the plaintiff actually suffered mental anguish. University of Southern Mississippi v. Williams 891 So. 2d 160, 172-73 (Miss.2004), Morris Newspaper Corp., et al v. Allen No. 2003-CA-00192-COA

The plaintiffs also sustained losses relating to the prescription cost and/or co-pay related to the purchase of Neurontin and for any medical or related expenses incurred for their underlying medical condition while taking Neurontin.

Finally, Mississippi is a punitive damage State for intentional conduct, fraudulent conduct, or even gross negligent conduct. In Mississippi, punitive damages are allowable if the defendant acted with actual malice; acted with gross negligence which evidences a willful, wanton or reckless disregard for the safety of others; or committed actual fraud. Miss. Code Ann. §11-1-65(1)(a). In this case Pfizer pleaded guilty to Federal criminal charges relating to its off-label promotion of Neurontin.

[redacted]

Each Plaintiff would be required to have medical proof of "off-label" use and attempted suicide/suicidal thoughts, and/or ineffective treatment. Medical proof would not be required for the mental and emotion distress claims because, as discussed, evidence of a physical symptom is not required for Defendant's conduct that evokes outrage or revulsion, done intentionally, or is reasonable foreseeable if done unintentional.

[redacted]

Sincerely,
BOONE LAW FIRM, P.A.

*Levi Boone, III*

Levi Boone, III, Esq.