UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :

In re:   NEURONTIN MARKETING, SALES PRACTICES,    :
          AND PRODUCTS LIABILITY LITIGATION       :

                                    :  MDL Docket No. 1629

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :  Master File No. 04-10981

THIS DOCUMENT RELATES TO:               :

                                    :  Judge Patti B. Saris

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :  Magistrate Judge Leo T.

HARDEN MANUFACTURING CORPORATION;     :  Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, :
dba BLUECROSS/BLUESHIELD OF LOUISIANA;    :
INTERNATIONAL UNION OF OPERATING ENGINEERS, :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and  :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY.                                :
                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY IN OPPOSITION TO PLAINTIFFS' SECOND MOTION FOR CLASS CERTIFICATION

Defendants Pfizer Inc. and Warner-Lambert Company, by their undersigned counsel,

respectfully move for leave to submit a supplemental memorandum of law in reply to Class

Plaintiffs' October 1, 2008 response to defendants' supplemental memorandum of law (Dkt #

1453) ("Class Plaintiffs' Response"), along with a supporting declaration. Defendants' proposed

supplemental reply memorandum is attached hereto as Exhibit A. The supporting declaration is

attached hereto as Exhibit B.

The grounds for this motion are:

1.      On September 10, 2008, defendants sought leave to file a supplemental

memorandum of law in opposition to plaintiffs' second motion for class certification and in

response to the August 11, 2008 declaration of Meredith Rosenthal (the "Rosenthal Declaration" and the "Supplemental Memorandum") (Dkt # 1428).  In connection with the motion for leave to file, defendants indicated that they would have no objection to a request by Class Plaintiffs to respond to defendants' supplemental memorandum with a memorandum of equivalent length, presumably addressing the issues raised in defendants' brief.  (*See* Dkt # 1428 at 4.)

2.      On September 11, 2008, Class Plaintiffs filed a response to defendants' motion for leave to file the Supplemental Memorandum in which they took no position on the motion, but stated that "should the Court grant the motion, Class Plaintiffs request three weeks, until October 1, 2008, to file a response of up to 11 pages." (Dkt # 1429 at 2.)  Class Plaintiffs had already been provided with defendants' brief when they filed their response.

3.      On September 17, 2008, the Court granted defendants' motion for leave to file the Supplemental Memorandum.  (*See* Electronic Order, filed Sept. 17, 2008.)  Also on September 17, the Court granted Class Plaintiffs' request for leave to file a response to the Supplemental Memorandum, setting the response date for October 1, 2008.  (*See* Electronic Order, filed Sept. 17, 2008.)

4.      Although Class Plaintiffs had initially only sought leave to file a response of "up to" 11 pages, *i.e.*, equivalent to or shorter than the Supplemental Memorandum, Class Plaintiffs' Response, filed on October 1, 2008 (Dkt # 1453), was 20 pages long—substantially longer than the Supplemental Memorandum.  The Response contains more than 8,000 words, including 36 footnotes, addressing numerous issues well beyond the scope of those raised either by the Supplemental Memorandum or the Rosenthal Declaration.

5.      As an initial matter, Class Plaintiffs purport in their Response to modify two of their five consumer subclass definitions, effectively seeking to create two brand-new subclasses

2

that defendants have never had an opportunity to address.  Class Plaintiffs' attempt to further modify their subclasses at this late hour also illustrates problems with each of the remaining proposed subclasses, as set forth in defendants' proposed supplemental reply memorandum.

6.     More generally, Class Plaintiffs' Response was in fact their first articulation, following their provision of the Rosenthal Declaration, of their current basis for their assertion that classes should be certified.  Owing to the substantial differences between what Class Plaintiffs had said Professor Rosenthal would do and what Professor Rosenthal actually did do, Class Plaintiffs' articulation differs yet again in significant respects from their prior articulations. Moreover, Class Plaintiffs' Response also significantly distorts the factual record with respect to TPP reimbursement policies for Neurontin.  For each of these reasons, defendants' supplemental reply memorandum is warranted.

7.     Defendants believe that this supplemental reply memorandum will assist the Court in deciding the still-pending class certification motion by further demonstrating the flaws in Professor Rosenthal's analysis, the difficulties associated with Class Plaintiffs' attempt to modify their subclass definitions, and the still outstanding unresolved issues that preclude certification of any of the proposed classes or subclasses, including those that Class Plaintiffs proposed for the first time in their Response.

**CONCLUSION**

WHEREFORE, defendants respectfully request that they be granted leave to file a __-
page supplemental reply memorandum of law in opposition to plaintiffs' renewed motion for
class certification.

Dated: October 14, 2008                      Respectfully submitted,


DAVIS POLK & WARDWELL

By:    /s/James P. Rouhandeh
       James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000

       -and-

HARE & CHAFFIN

By:    /s/David B. Chaffin
       David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel:  (617) 330-5000


*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company LLC*

**CERTIFICATE OF CONSULTATION**

I certify that defendants met-and-conferred with plaintiffs regarding this motion by email
on October 13 and 14, 2008.  Plaintiffs oppose this motion.

       /s/ David B. Chaffin

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 14, 2008.

/s/ David B. Chaffin