UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No.  1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA; UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>PFIZER INC. and WARNER-LAMBERT COMPANY,<br>    Defendants. | |

**CLASS PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO FILE**
***SUR-SUR-SUR-SUR-REPLY* IN CONNECTION WITH CLASS CERTIFICATION**

  Not satisfied with the reams of briefing on class certification that it has already submitted

in this case, Pfizer seeks to saddle the Court's docket and judicial resources with an unjustified,

unnecessary, unsolicited and redundant second supplemental reply brief ("Proposed Second

Supplement Reply"), which technically would constitute a *sur-sur-sur-sur-reply* brief.  Every

single one of the Proposed Second Supplement Reply's 20 pages is devoted to arguments that

have already been addressed by the parties; in the case of the TPP-related arguments, the briefing

extends across multiple court filings.  For the following three reasons, the motion to respond a

second time to the Rosenthal Report should be denied.

## A.    FILING OF THE PROPOSED SECOND SUPPLEMENT REPLY IS SIMPLY NOT JUSTIFIED

Pfizer attempts to legitimize its extraordinary attempt at drafting one-upmanship with

vague assertions that yet another reply is warranted because Plaintiffs' addressed "numerous

issues well beyond the scope of those raised either by the Supplemental Memorandum or the

Rosenthal Declaration."  (Defendants' Motion for Leave to File Supplemental Reply in

Opposition to Plaintiffs' Second Motion for Class Certification, Docket No. 1462, ¶ 4).

However, a rudimentary examination of the Proposed Second Supplement Reply reveals that

such claims are nothing more than a flimsy pretext—with the exception of a lone footnote,[1] *the*

*entire* 20-page brief is merely a rehash of arguments that have previously been raised and

responded to in great detail.  For example, with respect to the Rosenthal Report, Pfizer once

again claims that Dr. Rosenthal's assumptions are invalid, something it argued extensively in the

prior brief.  (Compare Proposed Second Supplement Reply, Docket No. 1462, Exhibit A, at 1-2

with Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Second

Motion for Class Certification, Docket No. 1437 ("Supplemental Memo"), at 5-6).  Pfizer also

takes another bite at the apple with the argument that, even if Rosenthal's analysis constitutes

"proof of class-wide causation, defendants are legally entitled to rebut it…by offering direct

evidence regarding the reasons for individual prescriptions."  (Compare Proposed Second

Supplement Reply, at 2 with Supplemental Memo, at 6-7).  Both arguments were addressed by

---

[1] It is telling that Pfizer's response to what it claims are new grounds that justify a reply, the so-called sub-class
modification "that defendants have never had an opportunity to address," is confined to a single footnote on page 15.

Plaintiffs in their response memorandum and thus have been fully briefed.  (See Class Plaintiffs' Response to Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Second Motion for Class Certification, Docket No. 1453 ("Response Memo"), at 7-13, 14).

Pfizer also strays into the heavily-trammeled subject relating to TPP coverage, and it raises arguments that have been argued numerous times and addressed by this Court in the hearing held on April 16, 2008.  For example, Pfizer repeats for the *fourth time* its argument that "many TPPs have affirmatively promoted and continue to promote Neurontin for the relevant off-label uses."  (Compare Proposed Second Supplement Reply, at 1-2, 17 with Defendants' Memorandum of Law in Opposition to the Class Plaintiffs' Renewed Motion for Class Certification, Docket No. 1174, Exhibit A ("Class Cert. Opposition"), at 39 with Defendants' Sur-Reply Memorandum of Law in Further Opposition to the Class Plaintiffs' Renewed Motion for Class Certification, Docket No. 1223 ("Class Cert. Sur-Reply"), at 17 with Supplemental Memo, at 9). Pfizer also takes yet another stab at the argument that Neurontin usage is not identical across each TPP and cannot be estimated using aggregate statistics.  (Compare Proposed Second Supplement Reply, at 2, 18 with Class Cert. Opposition, at 36-40 with Class Cert. Sur-Reply, at 15-17 with Supplemental Memo, at 8-10).  Pfizer resurrects additional TPP arguments, and suffice it to say, all such arguments were rebutted in Plaintiffs' briefings.

Apparently, it is Pfizer's position that repetition is the key to persuasion.  The Federal Rules simply do not embrace such an approach.  Perhaps Pfizer regrets the way the arguments were previously articulated. Nevertheless, regret does not justify the filing of yet another brief, especially one that repetitively and redundantly recycles old arguments masquerading as a response to points "defendants have never had an opportunity to address."  (Defendants' Motion for Leave to File Supplemental Reply in Opposition to Plaintiffs' Second Motion for Class

Certification, Docket No. 1462, ¶ 5).

**B.      PFIZER'S PROPOSED SECOND SUPPLEMENT REPLY WOULD DESTROY THE PARITY IN BRIEFING THAT HAS ALREADY BEEN ACHIEVED**

Pfizer forgets that it is the Class Plaintiffs who moved for class certification and who bear the burden of persuasion.  Allowance of the motion would not only give Pfizer the *last* word, but it would actually give Pfizer an *extra* word—unprecedented for any non-moving party.  At this point, both sides have filed 3 briefs apiece in connection with the renewed motion for class certification, and in terms of total pages both sides have achieved rough equivalence (80 pages for the Plaintiffs v. 75 pages for Pfizer).[2]  The proposed 20-page reply brief would not only give Pfizer an extra brief, but an advantage in total number of pages (95 pages for Pfizer v. 80 pages for the Plaintiffs), which is larger than the 9-page gap between the last two briefs filed that Pfizer finds so offensive.  Given the extensive amount of briefing that has already taken place, it is time to declare *enough is enough*.

**C.      ALLOWANCE OF THE MOTION WILL PREJUDICE THE CLASS PLAINTIFFS WITH FURTHER DELAYS OF THE DECISION ON CLASS CERTIFICATION**

The proposed reply seeks to further delay the Court's decision on the motion for class certification.  Having attended the hearing in April 2008, Pfizer was undoubtedly aware of the Court's view that the only thing needed to complete the record was Dr. Rosenthal's expert

---

[2] See Memorandum of Law in Support of Plaintiffs' Renewed Motion for Class Certification, Docket No. 1018 ("Class Cert. Memo") (40 pages); Defendants' Memorandum of Law in Opposition to the Class Plaintiffs' Renewed Motion for Class Certification, Docket No. 1174, Exhibit A ("Class Cert. Opposition") (44 pages); Reply Memorandum of Law in Support of Plaintiffs' Renewed Motion for Class Certification, Docket No. 1184 ("Class Cert. Reply") (20 pages); Defendants' Sur-Reply Memorandum of Law in Further Opposition to the Class Plaintiffs' Renewed Motion for Class Certification, Docket No. 1223 ("Class Cert. Sur-Reply") (20 pages); Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Second Motion for Class Certification, Docket No. 1437 ("Supplemental Memo") (11 pages); and Class Plaintiffs' Response to Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Second Motion for Class Certification, Docket No. 1453 ("Response Memo") (20 pages).

report.[3]  At that hearing, the need for additional rounds of briefing was neither mentioned by the parties nor solicited by the Court.  Despite receiving a copy of Rosenthal Report on August 11, 2008,[4] and presumably reading it, Pfizer waited until September 10, 2008 to file a motion seeking to respond to the Rosenthal Report with an additional round of briefing.  (See Defendants' Motion for Leave to File Supplemental Memorandum of Law in Opposition to Plaintiffs' Second Motion for Class Certification and in Response to the August 11, 2008 Declaration of Meredith Rosenthal, Docket No. 1428 ("First Motion to Respond to the Rosenthal Report")). Interestingly, while the First Motion to Respond to the Rosenthal Report indicated that Pfizer would not object to the Plaintiffs' filing a response, it made no mention of Pfizer's desire to file an additional, longer brief that Defendants now wish to file.  (See First Motion to Respond to the Rosenthal Report at 4).[5]  Pfizer could have requested leave to file an additional, longer brief originally, but chose not to do so.

Pfizer compounded this delay by waiting almost two weeks after receipt of the Plaintiffs' Response Memo, which it received on October 2, 2008, before it alerted the Plaintiffs and the Court of its desire to file yet another reply brief.  In fact, when Pfizer contacted the Plaintiffs seeking assent to the instant motion, *it had already drafted* the Proposed Second Supplement

---

[3] See Reporter's Transcript of Motion Hearing, April 16, 2008 at 39, where the Court stated as follows:

> COURT: Here's the basic issue:  We will look at it…I am not going to make any final decision till I see Rosenthal's report because the First Circuit has told me not to do that.  Now that I hear that there's something else coming, which I didn't know, she's doing it.  I thought this was it and somehow Conti sort of had supplanted Rosenthal, but that's not the case, so I'm going to wait till her thing.

[4] Had Defendants had their way back in February, Rosenthal's report would not have been due until September 15, 2008, more than a month later when it was actually served. (See Defendants' Response to Plaintiffs' Motion to Modify Sales and Marketing Schedule, Docket No. 1150).

[5] The Court's Sept. 17, 2008 Electronic Order granting Defendants' Motion for Leave to File Supplemental Memorandum did not impose a specific page limit.  Nevertheless, because Pfizer raised a number of arguments that ranged beyond the ambit of Prof. Rosenthal's report, including most notably a repetition of the same, tired TPP arguments that were previously raised, Plaintiffs were required to utilize additional space.

Reply.  Obviously, it would take the Court some time to digest this latest *oeuvre*, a dubious use of Court resources given that the brief offers nothing new in terms of substance.  If Pfizer's Second Supplemental Reply were accepted by the Court, Plaintiffs would seek leave to file a response to the brief (something they would be entitled to given their burden on the motion for class certification and the asymmetry in briefing).  Defendants, who are obviously determined to have the last word (even though it is Plaintiffs who have the burden of persuasion), would undoubtedly find *something* new in *that* brief they would attempt to respond to; Plaintiffs would likewise be compelled to reply; and the Court may find itself with *nine* briefs to wade through, instead of the current six.  All of this would amount to a wasted exercise in redundant briefing as the record is complete.  Accordingly, the motion should be denied.


## CONCLUSION

Class Plaintiffs respectfully submit that Defendants' Motion for Leave to File Supplemental Reply in Opposition to the Plaintiffs' Second Motion for Class Certification (Docket No. 1462) should be denied as the proposed brief is unnecessary, is not a proper reply, and would interpose additional, unnecessary delay of the decision on the pending motion for class certification.

Respectfully submitted,

Dated:  October 16, 2008                    GREENE & HOFFMAN


By:   /s/ Thomas M. Greene
          Thomas M. Greene, Esq.

33 Broad Street, 5th Floor,
Boston, MA  02109

LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP


By:   /s/ Barry R. Himmelstein
        Barry R. Himmelstein, Esq.

275 Battery Street, 30th Floor
San Francisco, CA  94111-3339


BARRETT LAW OFFICE


By:   /s/ Don Barrett
        Don Barrett, Esq.

404 Court Square North
P.O. Box 987
Lexington, MS  39095

LAW OFFICES OF DANIEL BECNEL, JR.


By:   /s/ Daniel E. Becnel, Jr.
        Daniel E. Becnel, Jr., Esq.

106 W. Seventh Street
P.O. Drawer H
Reserve, LA  70084

DUGAN & BROWNE


By:   /s/ James R. Dugan
        James R. Dugan, Esq.

650 Poydras Street, Suite 2150
New Orleans, LA  70130

HAGENS BERMAN SOBOL SHAPIRO LLP


By:   /s/ Thomas M. Sobol
      Thomas M. Sobol, Esq.

One Main Street, 4th Floor
Cambridge, MA  02142

*Attorneys for Plaintiffs and the Class*


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on October 16, 2008.

/s/  Ilyas J. Rona