UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:  NEURONTIN MARKETING,
      SALES PRACTICES AND
      PRODUCTS LIABILITY LITIGATION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

ALL PRODUCTS LIABILITY CASES IDENTIFIED ON
EXHIBIT 1 TO THE DECLARATION OF SCOTT W.
SAYLER, ESQ. FILED WITH MEMORANDUM IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT
OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Court's consideration of defendants Pfizer Inc. and Warner-Lambert Company LLC's Motion for Summary Judgment (Dkt. #1161), defendants hereby bring to the Court's attention the following recent supplemental authority:

(1) *Mason v. SmithKline Beecham Corp.*, 546 F. Supp. 2d 618 (C.D. Ill. 2008) (Exhibit A);

(2) Written Statement for the Record by the U.S. Food and Drug Administration before the Committee on Oversight and Government Reform, U.S. House of Representatives, "Should FDA Drug and Medical Device Regulation Bar State Liability Claims?" (May 14, 2008) (Exhibit B);

(3) Transcript of the Joint Meeting of the Peripheral and Central Nervous System Drugs Advisory Committee (PCNS) and the Psychopharmacologic Drugs Advisory Committee (PDAC) (July 10, 2008) ("July 10, 2008 FDA Advisory Committee Hearing Transcript") (Exhibit C); and

(4) Final Rule on Supplemental Applications Proposing Labeling Changes for Approved Drugs, Biologics, and Medical Devices, 73 Fed. Reg. 49603 (Aug. 22, 2008) (to be codified at 21 C.F.R. pts. 314, 601, and 814) ("Final Rule") (Exhibit D).

Defendants believe this authority will assist the Court in determining whether plaintiffs' claims are preempted by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq., and its implementing regulations, because those claims directly conflict with federal statutes and regulations governing the labeling for Neurontin®.  Due to the length of both the July 10, 2008 FDA Advisory Committee Hearing Transcript and the Final Rule, the Court's attention is respectfully brought to the following language:

A.    <u>July 10, 2008 FDA Advisory Committee Hearing Transcript</u>

> DR. TWYMAN: I have a question for the statisticians. Let's assume that the effect is generalizable to the class of AEDs. But, if you look at the compounds individually, could one draw the conclusion individually that compounds have a risk, or do you need the entire data set of all the AEDs put together in order to draw the conclusion that AEDs have a signal?

> DR. LEVENSON: ***I would say that we need the entire data set in this case.***

> * * *

> DR. LEVENSON:   ***FDA's conclusions for gabapentin and pregabalin were based on the overall patterns and findings of the 11 drugs.***

> * * *

> DR. MENTARI:   Next, I would like to discuss the risk of suicidality with individual antiepileptic drugs.  Antiepileptic drugs ***as a class*** were associated with a statistically significantly increased risk of suicidal behavior or ideation compared to placebo. . . . Two of the 11 drugs with data analyzed had a statistically significantly increased risk. . . . ***Nine of the 11 drugs with data analyzed had odds ratio estimates that were not statistically significant.***

* * *

DR. MENTARI:  First, I will discuss our use of placebo-controlled clinical trial data which is a strength of our analysis since placebo controls are necessary to understand the background rate of suicidality.  Patients with epilepsy and other illnesses for which antiepileptic drugs are prescribed are reported to have increased risk of suicidal behavior or ideation, but risk estimates vary widely. ***Without comparison to placebo-treated subjects, the background rate and the risk of suicidality attributable to drug are unclear.***

* * *

DR. TWYMAN:  [H]as there been an attempt to look at weaker data sets, say, the postmarketing vigilance database, to see whether or not there are some trending signals there. . . .

DR. KATZ:  We have looked in at least one case of one drug at postmarketing for other purposes, and didn't convince ourselves that there was a signal. ***But I think we have long ago decided that postmarketing data are not the right data to look at, or we don't believe that for these sorts of things where there is a high background rate of suicidality so defined in these populations, I think we have concluded that postmarketing data is uninterpretable, and that is why we went to placebo-controlled trials.***

* * *

DR. MENTARI:   Our analysis used data that was collected retrospectively since ***the majority of clinical trial data for currently marketed antiepileptic drugs was generated prior to the recognition of a possible suicidality signal.***

(July 10, 2008 Advisory Committee Hearing Tr., Ex. C, at pp. 183-84, 142, 72, 68, 103, 69) (emphasis added).

3168954v2

B.      Final Rule on Supplemental Applications Proposing Labeling Changes for Approved Drugs, Biologics, and Medical Devices, 73 Fed. Reg. 49603 (Aug. 22, 2008)

> [T]he purpose of the final rule is to clarify that ***a CBE supplement is appropriate to amend the labeling for an approved product only to reflect newly acquired information***, *and to clarify that a CBE supplement may be used to add or strengthen a contraindication, warning, precaution, or adverse reaction only if there is reasonable evidence of a causal association with the approved drug . . . . FDA does not consider this to be a substantive policy change, and it does not alter the agency's current practices with respect to accepting or rejecting labeling changes proposed by a CBE supplement.*
>
> * * *
>
> ***Newly acquired information means data, analyses, or other information not previously submitted to the agency***, which may include (but are not limited to) data derived from new clinical studies, reports of adverse events, or new analyses of previously submitted data (e.g. meta-analyses) *if the studies, events or analyses reveal risks of a different type or greater severity or frequency than previously included in submissions to FDA*. [Added to 21 CFR 314.3, Definitions]
>
> * * *
>
> In addition to the discussion above in response to comment 7 of this document, FDA notes that, ***at least when a sponsor did not meet the standard to change its labeling through a CBE supplement under this rule to include the warning a plaintiff alleges should have been added to labeling, State law liability that is premised on a failure to warn is preempted.***

(Final Rule, Ex. D, at pp. 49608-09) (emphasis added).

For the foregoing reasons, and for the reasons set forth in their opening and reply memorandums, defendants respectfully request that the Court grant their Motion for Summary Judgment.

- 4 -

3168954v2

Dated:  October 16, 2008                    Respectfully submitted,

                                            DAVIS POLK & WARDWELL


                                            By:   /s/ James P. Rouhandeh
                                                  James P. Rouhandeh

                                            450 Lexington Avenue
                                            New York, New York 10017
                                            (212) 450-4000


                                            SHOOK, HARDY & BACON L.L.P.


                                            By:   /s/ Scott W. Sayler
                                                  Scott W. Sayler

                                            2555 Grand Boulevard
                                            Kansas City, Missouri 64108
                                            (816) 474-6550

                                                  - and -

                                            HARE & CHAFFIN


                                            By:   /s/ David B. Chaffin
                                                  David B. Chaffin

                                            160 Federal Street
                                            Boston, Massachusetts 02110
                                            (617) 330-5000

                                            *Attorneys for Defendants Pfizer Inc. and*
                                            *Warner-Lambert Company LLC*

3168954v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on October 16, 2008.

/s/ David B. Chaffin