# EXHIBIT 1

3173151v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
IN RE NEURONTIN MARKETING, SALES            )
PRACTICES, AND PRODUCTS LIABILITY           )
LITIGATION                                  )   MDL Docket No. 1629
_____)    Master File No. 04-10981
                                            )
THIS MOTION RELATES TO                      )   Judge Patti B. Saris
                                            )   Mag. Judge Leo T. Sorokin
*Allen, et al. v. Pfizer, Inc. et al, 1:07-cv-11795-PBS*   )
*Anderson et al. v. Pfizer, Inc. et al., 1:05-cv-10835-PBS* )
*Cooper, et al. v. Pfizer Inc. et al., 1:05-cv-10834-PBS*  )
_____)

**PROPOSED REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE CLAIMS OF CERTAIN
PLAINTIFFS REPRESENTED BY THE LEVI BOONE LAW FIRM PA
FOR FAILURE TO COMPLY WITH THE COURT'S CERTIFICATION ORDERS**

Defendants Pfizer Inc. and Warner-Lambert Company LLC (together, "Defendants") respectfully submit this proposed reply in support of their motion to dismiss the claims of certain plaintiffs represented by the Boone Law Firm PA ("the Boone Law Firm") for failure to comply with the Court's certification orders.

In its Opposition, filed October 14, 2008 (Docket Nos. 1460 & 1461), the Boone Law Firm fails to address the points raised in Defendants' Motion to Dismiss (Docket Nos. 1445, 1447, & 1448). The issue here is the Boone Law Firm's failure to comply with the Court's certification orders. Instead, the Boone Law Firm makes the same arguments that this Court previously deemed unsatisfactory (Docket Nos. 1284 & 1337).

The points raised in Defendants' Motion to Dismiss were premised on this Court's prior certification orders and instructions. Specifically, the November 9, 2007 Order required plaintiffs to certify that "they have reviewed the relevant medical records and allegations of the

3173151v1

complaint." In Discovery Order 26, the Court emphasized that "[c]ounsel is reminded that by certifying that counsel has reviewed the 'relevant medical records,' counsel is not merely certifying that the documents indicate that the plaintiff received an off-label prescription for Neurontin."

Despite these explicit instructions, the Boone Law Firm, in arguing against the dismissal of the 195 plaintiffs with medical records that make no reference to the alleged injuries, suggests in its Opposition that "the November 9, 2007 Discovery Order does not specifically require a nexus between the medical records and the complaint" (Opposition at 5). This suggestion is in direct conflict with the certification process, which was put in place to ensure that the records provide a basis for bringing the underlying products liability case. In certifying cases where the medical records do not reference the injuries or injury alleged in the complaint, the Boone Law Firm has failed to comply with the Court's certification orders, and these cases should be dismissed.

While arguing against dismissal of the 88 plaintiffs with pharmacy records only, the Boone Law Firm states, "in many instances, the pharmacy record is sufficient . . . in that these records establish the 'off-label' purpose for Neurontin." This contradicts Discovery Order 26 in which the Court stated, "counsel is not merely certifying that the documents indicate that the plaintiff received an off-label prescription for Neurontin." By certifying these plaintiffs with pharmacy records only, that is exactly what the Boone Law Firm has done – certified that the plaintiff received an off-label prescription and nothing more, which fails to comply with the Court's certification orders. In another argument against the dismissal of the 88 plaintiffs with pharmacy records only, the Boone Law firm cites to eight sets of medical/pharmacy records

3173151v1

(Opposition, Exhibits 9-18) previously supplied as "[p]roof of 'off-label' use."[1] The Boone Law Firm must do more than prove off-label use to properly comply with the Court's certification orders. Therefore, the 88 plaintiffs with pharmacy records only should be dismissed.

In addition, the Boone Law Firm argues that the medical and pharmacy records for the nine plaintiffs, cited in Defendants' Motion to Dismiss as "Records With No Mention of Neurontin," establish off-label use (Opposition at 21-22). Again, establishing off-label use is not the purpose of the certification orders, and by only establishing off-label use, the Boone Law Firm has failed to comply with the Court's certification orders, and these cases should be dismissed.

Finally, in the event that the Court grants the Boone Law Firm's Motion for Leave to File Nine Attorney Certifications Out of Time (Docket Nos. 1464 & 1465), the same problems exist for these nine plaintiffs. For plaintiffs Blaylock, Grinston, Hicks, Mitchell, Neal, and Patton, the medical records contain no reference to or support for the alleged injuries or injury. Plaintiffs Creswell, Gregory, and Odom were certified on pharmacy records only. Thus, the Boone Law Firm failed to comply with the Court's certifications orders, and these cases should be dismissed.

## CONCLUSION

Rather than responding to the points made in Defendants' Motion to Dismiss, the Boone Law Firm provides more examples of the same problem – its failure to comply with the Court's certification orders. The Boone Law Firm's Opposition fails to address any of the points raised in Defendants' Motion to Dismiss, and the motion, therefore, should be granted.

---

[1] Defendants did not receive the records of the eight plaintiffs referenced in Exhibits 9-18. But upon review of the medical records in Exhibits 9-18, the records contain no reference to the injuries or injury alleged by these eight plaintiffs.

Dated:  October 17, 2008

        SHOOK, HARDY & BACON L.L.P.

        By:  /s/ Scott W. Sayler
            Scott W. Sayler

        2555 Grand Boulevard
        Kansas City, Missouri 64108
        (816) 474-6550

            -and-

        HARE & CHAFFIN

        By:  /s/ David B. Chaffin

        160 Federal Street
        Boston, Massachusetts 02110
        (617) 330-5000

        *Attorneys for Defendants Pfizer Inc and Warner-Lambert Company*