UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION ) ) ) ) ) ) ) | MDL Docket No. 1629<br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**THIS DOCUMENT RELATES TO:**

| | |
|---|---|
| *Leroy Anderson, et al v. Pfizer, Inc.* | Individual Case No.: 1:05CV-10835-PBS |
| *Mary Cooper, et al v. Pfizer, Inc.* | Individual Case No.: 1:05-CV-10834-PBS |
| *Jessie Allen, et al v. Pfizer, Inc.* | Individual Case No.: 1:07-CV-11795-PBS |

**RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE CLAIMS OF CERTAIN PLAINTIFFS REPRESENTED BY THE LEVI BOONE LAW FIRM PA FOR FAILURE TO COMPLY WITH THE COURT'S CERTIFICATION ORDERS**

COME NOW, Plaintiffs, by and through, Attorney, Levi Boone, III, of **Boone Law Firm, P.A.**, and files this *Response to Defendant's Motion for Leave to File a Reply in Support of Defendants' Motion to Dismiss the Claims of Certain Plaintiffs Represented by the Levi Boone Law Firm PA for Failure to Comply with the Court's Certification Orders* and states:

### I. Defendant Wants to Have Its Cake and Eat It Too

Prior to the filing of the instant motion, the Defendant called Plaintiffs' Counsel to inquire as to whether Plaintiffs would agree to allow Defendant to file a reply to Plaintiffs' Response to Defendant's Motion to Dismiss. Plaintiffs' Counsel responded that Plaintiffs' would not object to Defendant filing a reply as long as Defendant would not object to Plaintiffs filing a sur-reply. Defendant would not agree.

1

Defendant wants permission to file a reply to Plaintiffs' Response to Defendant's Motion to Dismiss but Defendant is unwilling to agree to allow Plaintiffs to file a sur-reply to Defendant's Proposed Reply.

If the Defendant is permitted to reply, the Plaintiffs should be allowed to sur-reply, particularly in light of Defendant's usual mis-characterization of Plaintiffs' argument.

## II. Defendant Has Back-Doored a Reply to Plaintiffs' Response to Motion to Dismiss

Without permission of this Court, the Defendant effectively filed a reply to Plaintiffs' Response to Defendant's Motion to Dismiss by attaching a copy of the proposed reply to its Motion for Leave to File a Reply. Defendant may think this action is witty, but the submission of an unauthorized reply without the Court's permission is procedurally and ethically incorrect and is disrespectful to the Court.

The proposed reply by Defendant should be stricken as the Defendant should not be rewarded for its back-door methodology.

## III. The Defendant is Intentionally Misconstruing Plaintiffs' Argument Relating to the 195 Plaintiffs

The Plaintiffs principally argued that there is a nexus between Plaintiffs' medical records and Plaintiffs' allegations of injury in the Complaint. Plaintiffs have demonstrated examples upon examples of this nexus. In all instances, the Plaintiffs have demonstrated that Plaintiffs' ingestion of Neurontin was ineffective for the treatment of their underlying condition. The medical records indicate that Plaintiffs continue to suffer pain while taking Neurontin and/or that the Neurontin dosages were increased.

These Plaintiffs' continued suffering of pain for their underlying condition, while taking Neurontin, establishes that Neurontin was not effective and their continued pain is an injury.

Likewise, the continued increase of Neurontin dosages to Plaintiffs demonstrates that Neurontin was not controlling the pain of the underlying condition of the Plaintiffs.

The medical records are not required to specifically state therein that a Plaintiff's continued Complaints of pain and/or of suicidal thoughts were related to the Plaintiff's ingestion of Neurontin. The medical records need to only show continued pain and/or suicidal thoughts while the Plaintiff was taking Neurontin. Again, this is true because physicians and patients, alike, were blinded to these side effects. Thus, the Plaintiffs' argument, in context, is that although the Complaint alleges that Neurontin caused various injuries, the medical records, however are not required to state that Neurontin caused these injuries, and therefore a nexus between the medical records and allegations of the Complaint, in this sense, is not required.

Defendant wants to hold Plaintiffs to a higher standard than Discovery Order No. 26. Defendant suggests that medical records must specifically state that Plaintiffs are suffering side effects while taking Neurontin. Defendant chose to ignore medical records that show that Plaintiffs are experiencing pain contemporaneous with taking Neurontin. Whether Neurontin was given for the underlying condition and whether Neurontin caused the contemporaneous Complaint of pain is a question for the prescribing physician and/or jury.

## IV.    Plaintiffs' Counsel Has Properly Certified the 88 Plaintiffs

The Plaintiffs have forwarded approximately 50 sets of medical records to the Defendant relating to the 88 Plaintiffs alleged to have pharmacy records only. Defendants have failed to review these records. In addition, as previously explained, there are still pending medical records' requests wherein medical records are slowly trickling in. In many instances, as demonstrated in Plaintiffs' Response, medical records have been requested prior to the Court's Nov. 9, 2007 Order, but have not been produced due to record retention policies, physician

3

retirements, clinic closing and numerous other reasons. Plaintiffs' Counsel, nevertheless, continues to press the facilities for these records. In these instances, Plaintiffs' Counsel has obtained some Declarations from Plaintiffs relating to the off-label purpose and injury. Plaintiffs' Counsel has conferred with these Plaintiffs and reviewed the applicable law and the Complaint. Again, as a result of Defendant's intentional, outrageous, and criminal conduct, physical injury is not required for damages for emotional distress under Mississippi Law. Although Plaintiffs believe the remaining medical records of these Plaintiffs will be received and supplemented, these cases should not be dismissed when in good faith Plaintiffs have requested medical records, not yet produced.

Plaintiffs incorporate the argument, previously made in Plaintiffs' Memorandum In Opposition to Defendant's Motion to Dismiss.

### V.   Conclusion

Defendant's Motion for Leave to Reply should be denied and Defendant's Proposed Reply, attached as Exhibit 1 to Defendant's Motion, should be stricken.

WHEREFORE PREMISESES CONSIDERED, Plaintiffs request that Defendant's Motion be denied and Defendant's Proposed Reply be stricken.

RESPECTFULLY SUBMITTED, this the 21st day of October, 2008.

BY:   /s/ Levi Boone, III

Levi Boone, III, MSB #3686
**BOONE LAW FIRM, P.A.**
401 West Sunflower Avenue
Post Office Box 1772
Cleveland, MS 38732
TEL: 662-843-7946
FAX: 662-843-7950