UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------- x
: 
In re:  NEURONTIN MARKETING, SALES PRACTICES,     :
AND PRODUCTS LIABILITY LITIGATION    :
: MDL Docket No. 1629
---------------------------------------------------------- x
: Master File No. 04-10981
THIS DOCUMENT RELATES TO:    :
: Judge Patti B. Saris
---------------------------------------------------------- x
: Magistrate Judge Leo T.
HARDEN MANUFACTURING CORPORATION;    : Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,    :
dba BLUECROSS/BLUESHIELD OF LOUISIANA;    :
INTERNATIONAL UNION OF OPERATING ENGINEERS,    :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL    :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and    :
LORRAINE KOPA, on behalf of themselves and all others    :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT    :
COMPANY.    :
:
:
---------------------------------------------------------- x

**DEFENDANTS' PROPOSAL CONCERNING FURTHER PROCEEDINGS ON
PLAINTIFFS' SECOND MOTION FOR CLASS CERTIFICATION**

Immediately following the October 20, 2008 hearing in the product liability actions, the Court indicated at sidebar that it intends to hold another hearing on class plaintiffs' second motion for class certification (the "Second Motion"). The Court directed the parties to confer with respect to, among other things, the timing of the hearing. The parties have conferred, but are unable to reach an agreement. Accordingly, defendants submit the following proposal with respect to further proceedings on the Second Motion.

On October 21, 2008, the day after the hearing mentioned above, the Court granted defendants' then-pending motion for leave to submit a supplemental memorandum in opposition to the Second Motion, and indicated in so doing that "There shall be no more briefing."

(Electronic Order, filed Oct. 21, 2008.) The Court has therefore made abundantly clear that the briefing on the Second Motion is complete. And as defendants' recent briefs demonstrate, it is readily apparent that class plaintiffs have not met their burden under Rule 23, despite multiple bites at the apple since their first motion was filed in August 2005.

One aspect of the current record on class certification, however, requires a brief explanation. At the April 16, 2008 hearing on class plaintiffs' Second Motion, the Court indicated that it would allow plaintiffs to submit an expert report from Professor Rosenthal in connection with the Second Motion. Plaintiffs submitted Professor Rosenthal's report on September 8, 2008, and the parties thereafter completed another round of briefing that came to a conclusion with the entry of the Court's October 21 order which allowed the filing of defendants' supplemental memorandum (Dkt # 1473). Accordingly, defendants believe that the record is complete.

In addition to Professor Rosenthal's report, however, plaintiffs also filed with the Court ten additional expert reports spanning more than 1,300 pages. (Rev. Supp. Decl. of Ilyas J. Rona Filed Supp. Pls.' Renewed Mot. Class Certification, dated Oct. 6, 2008 (Dkt # 1457).) Because the Court did not ask for any expert reports other than Professor Rosenthal's report, defendants believe that the ten additional reports should not be considered by the Court in connection with the Second Motion and should be excluded from the record on that motion. If, however, the Court intends to consider class plaintiffs' additional expert reports as part of the record on the Second Motion, defendants ask that the Court, in fairness, permit them to submit their expert reports as well. Defendants would file their reports on or immediately after the deadline for their expert disclosures, December 15, 2008.

If the Court agrees that plaintiffs' expert reports are not properly before the Court on class certification, defendants propose that the hearing take place promptly. If, however, the Court intends to consider plaintiffs' additional expert reports, defendants propose that the hearing not take place until after defendants file their reports on or about December 15.

As set forth above, defendants do not believe that plaintiffs have made the necessary showing to justify class certification of either a consumer or third party payer class and should not be given yet another opportunity to carry their burden.

Notwithstanding the foregoing, if the Court continues to believe that it needs additional development of the record before deciding the motion as to either the consumer or TPP purported class, defendants believe that the only fair and appropriate means of accomplishing that would be for the parties to brief summary judgment. Some lesser, more truncated process would either constitute or inevitably lead to yet another round of briefing. The parties are required to submit a joint schedule for the remainder of the sales and marketing cases to Magistrate Judge Sorokin on or before October 31, 2008. Dates for summary judgment briefing will be included therein.

Dated: October 27, 2008                     Respectfully submitted,

                                            DAVIS POLK & WARDWELL

                                            By:    /s/James P. Rouhandeh
                                                   James P. Rouhandeh

                                            450 Lexington Avenue
                                            New York, NY 10017
                                            Tel: (212) 450-4000

                                                   -and-

3

HARE & CHAFFIN

By:  /s/David B. Chaffin
     David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 27, 2008.

/s/ David B. Chaffin