UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, ) <br> SALES PRACTICES AND ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ALL MARKETING AND ) <br> SALES PRACTICES ACTIONS ) <br> ) | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris <br><br> Magistrate Judge Leo T. Sorokin |

## CLASS PLAINTIFFS' NOTICE OF FILING
## PROPOSED CASE SCHEDULE

**I.      BACKGROUND**

On September 3, 2008, in response to Defendants' Emergency Motion for Enlargement of Time Within Which to Provide Expert Disclosures [Docket No. 1417] the Court granted Defendants' motion for additional time to provide expert reports and stated that the remaining schedule as set forth in the Court's February 29, 2008 Case Management Order [Docket No. 1153] (the "February CMO") was too compressed.  The Court ordered the parties to propose a schedule for the remainder of the case.  On October 22, 2008 Magistrate Sorokin, responding to Class Plaintiffs' Assented to Emergency Motion to Extend Deadline for Supplementation of Interrogatory Responses [Docket No. 1472], set the date for provision of Defendants' expert reports as December 15, 2008 and ordered the parties to submit a proposed case schedule on or before October 31, 2008.

The parties have exchanged a number of proposed schedules in the interim period but have been unable to agree on a schedule.  The parties have agreed to submit separate proposals for the Court's consideration.

787935.1

II.     PLAINTIFFS' PROPOSED SCHEDULE

The following is Plaintiffs' proposed schedule:

| | |
|---|---|
| Provision of Defendants' Expert Reports | December 15, 2008 |
| Provision of Rebuttal Reports | January 23, 2009 |
| Deposition of Plaintiffs' Experts Commence | February 2, 2009 |
| Completion of Mediation | February 27, 2009[1] |
| Deposition of Plaintiffs' Experts Completed | March 11, 2009 |
| Deposition of Defendants' Experts Commence | March 12, 2009 |
| Deposition of Defendants' Experts Completed | April 17, 2009 |
| Filing of Motions for Summary Judgment | March 25, 2009 |
| Filing of Summary Judgment Oppositions | April 30, 2009 |
| Filing of Summary Judgment Reply | May 13, 2009 |
| Filing of Summary Judgment Sur-Reply | May 27, 2009 |
| Oral Argument on Summary Judgment Issues: | To be set by the Court |

III.    ARGUMENT

Plaintiffs' overall goal, beyond that of providing a realistic schedule, is to obtain a hearing and decision on summary judgment as soon as practicable. This case was filed over four years ago. Discovery is complete. Provision of expert reports by Plaintiffs is complete and Defendants will provide expert reports before the end of this year. Plaintiffs

---

[1] At the September 2006 hearing on Defendants' second motion to dismiss, the Court asked Defendants' to consider whether they wished to engage in mediation at that time, stating that if they were unwilling to do so, the Court would order mediation prior to motions for summary judgment. Defense counsel reported back that they "believe that further factual development would benefit the parties and the Court and that this should occur prior to considering mediation." Letter from James P. Rouhandeh to Court (Oct. 6, 2006, Dkt. No. 516). Factual development in the case is nearly complete, and after December 15, 2008, all that will remain is the provision of Rebuttal Expert Reports and expert depositions, neither of which should be necessary to complete before mediation. Given the length of time it can take to agree upon a mediator, and the length of time it can take to get on a successful mediator's schedule, Plaintiffs respectfully submit that it is appropriate to set a date for the completion of mediation at this time, as part of the remaining case schedule.

787935.1                                    2

believe that given this, despite the work that still remains to be accomplished, it is not an unrealistic goal to have summary judgment fully briefed by the late spring of 2009.[2] Meeting this goal will no doubt take considerable effort on the part of the parties and will require them to use their time wisely and to cooperate where necessary in order to meet the schedule. Despite their best efforts, the parties have been unable to agree upon a schedule that would accomplish this goal.

### A. Areas of Disagreement Between the Parties

In exchanging various iterations of a proposed schedule, the parties have identified two main areas of disagreement.

(i)     <u>Provision of Plaintiffs' Expert Rebuttal Reports</u>

The first area of disagreement concerns the date for Plaintiffs' provision of expert rebuttal reports. Pursuant to Magistrate Sorokin's October 22, 2008 Order, Defendants will serve their expert reports on December 15, 2008. Plaintiffs expect the number of Defendants' expert reports and accompanying supporting material will be voluminous. Accordingly, Plaintiffs require six weeks to develop and submit their expert rebuttal reports (especially since approximately two weeks of this time will effectively be lost to the winter holidays).

Defendants have insisted that under a new schedule Plaintiffs be provided only four weeks to provide expert rebuttal reports. Given that the Christmas and New Year holidays would fall in the middle of that four week period, it is simply not sufficient or realistic. In Defendants' original emergency motion seeking additional time to file their own expert

---

[2] Plaintiffs note that a hearing on summary judgment in the late spring or early summer of 2009 will also assist the Court. Judge Saris has often, in this litigation and in others, expressed an interest in having her law clerks familiar with the particular case available to assist in briefing dispositive motions and other important matters whenever possible. Plaintiffs understanding is that Judge Saris' current clerks will be replaced at the end of August 2009.

787935.1                                                             3

reports [Docket No. 1417], Defendants argued that the month allotted them under the then-current schedule was insufficient, in part, because the time period fell in the month of August - a time when, as Defendants pointed out, "many academics and other experts . . .are either on vacation or otherwise unavailable to work on expert reports." Defendants Emergency Motion at 4. Defendants now take an inconsistent position with respect to the schedule when it comes to Plaintiffs' experts. Plaintiffs' should be provided the same consideration asked for and granted Defendants. The schedule should provide six weeks for provision of Plaintiffs' expert rebuttal reports.

(ii)     Schedule for Briefing Summary Judgment

The parties have also come to an impasse regarding when summary judgment opening briefs should be filed and the period for filing a reply.

As to opening briefs, Defendants take the position that they cannot be filed until well after all experts, including Defendants' experts, have been deposed. In the interest of expediting the schedule, Plaintiffs propose that opening briefs be filed after Defendants have had an opportunity to depose Plaintiffs' experts, but before Plaintiffs have finished deposing Defendants' experts. Under Plaintiffs' proposed schedule, summary judgment briefs would be due March 25, 2009, two weeks after the deposition of Plaintiffs' experts have ended. While this would mean multitasking for both parties (defending depositions while also briefing summary judgment), the parties surely have the ability and resources to do both things at once. Such a schedule will focus the parties' energies on taking depositions crucial to important issues in the case and those that may be important at summary judgment.

The parties also disagree concerning the filing of replies. Defendants have taken the position that it is necessary to provide four weeks between the date for filing oppositions to summary judgment and the filing of a reply. Under Plaintiffs' proposed schedule each party would be provided two weeks to provide a reply or sur-reply. This is consistent with the time periods originally provided in the February 29, 2008 case schedule.

## IV.   CONCLUSION

The Court should enter Plaintiffs' proposed schedule. It will provide the parties sufficient time to adequately litigate the case, but will help focus the parties' efforts and expedite a decision on summary judgment.

Dated: October 31, 2008                              Respectfully Submitted,

By:   **/s/ Thomas M. Sobol**
Thomas M. Sobol
Edward Notargiacomo
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

*Plaintiffs' Liaison Counsel and Member of the Class Plaintiffs' Steering Committee*

By:   **/s/Thomas Greene**
Thomas Greene, Esquire
Greene & Hoffman
33 Broad Street, 5th Floor
Boston, MA 02110

By:   **/s/Barry Himmelstein**
Barry Himmelstein, Esquire
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By: **/s/Don Barrett**
Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By: **/s/Daniel Becnel, Jr.**
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By: **/s/James Dugan**
James R. Dugan, Esquire
Dugan & Browne, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

*Members of the Class Plaintiffs'
Steering Committee*


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 31, 2008.

/s/ Barry R. Himmelstein