UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  | x : | |
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : | MDL Docket No. 1629 Master File No. 04-10981 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x : | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: PRODUCTS LIABILITY ACTIONS | : : : : : | Magistrate Judge Leo T. Sorokin |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO PRODUCT LIABILITY PLAINTIFFS' POST-HEARING MEMORANDUM REGARDING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FRAUD CAUSES OF ACTION**

Plaintiffs' memorandum flagrantly violates the instructions that the Court gave plaintiffs at the August 20, 2008 hearing on defendants' motion to dismiss. The Court directed plaintiffs to identify—in "a two-page memo"—any paragraphs of their complaints that pleaded a "specific intentional misrepresentation" that defendants' sales representatives made to plaintiffs' doctors and doctors' reliance on that misrepresentation. (Oct. 20, 2008 Hr'g Tr. at 34.) Plaintiffs instead filed a 102-page submission. (Dkt # 1481 & Exs. A–S.)

Neither plaintiffs' memorandum nor any of its 19 attachments identifies a "specific intentional misrepresentation" made to any plaintiff's doctor or any doctor's reliance on such a misrepresentation. Indeed, the attachments to plaintiffs' memorandum are excerpts from the same doctor depositions that plaintiffs have admitted supply no evidence of any misrepresentation or reliance. (Oct. 20, 2008 Hr'g Tr. at 28 ("In the cases we are talking about, we do not have testimony of a doctor who says that 'I was told it was safe and effective for a

specific off-label use.'"); *id.* at 32 (conceding that not one "of these physicians . . . said, 'I wouldn't have bought it if I had known it increased the risk for suicide or depression'").)[1]

Although the Court specifically stated that it would not entertain yet another round of amendments (*see id.* at 27 ("[W]e're not repleading at this point.  It's been too long.")), plaintiffs state in their memorandum that they intend to seek defendants' consent to their further amending their complaints.  (Pls.' Mem. at 4.)  If sought and allowed, plaintiffs' proposed amendments—all based on "information and belief"—could lead to a whole new round of prescribing doctor depositions and motion-to-dismiss briefing in the Track One cases, an outcome this Court clearly sought to avoid by declaring an end to further repleading.

Plaintiffs have not sought such consent, and plaintiffs' proposal further to amend their complaints should in any event be denied as futile.  The paragraphs that plaintiffs propose to add to their complaints allege that defendants' sales representatives detailed plaintiffs' doctors on certain dates, and left samples of Neurontin at certain doctors' offices on other dates.  The paragraphs do not allege, except "on information and belief," that defendants' sales representatives "promoted Neurontin" to plaintiffs' doctors, much less that they promoted Neurontin "for off-label, unapproved uses."  (Pls.' Mem. at 2–4.)  As this Court has previously held, allegations based "on information and belief" are "clearly deficient" in this context.  (*See* Mem. & Order, dated Feb. 23, 2007 (Dkt # 646), at 3–4 (explaining that plaintiffs may not plead

---

[1] Dr. Bernardo Arias, prescribing doctor to plaintiff Deborah Valentine, is no exception.  In the excerpts of his deposition transcript that plaintiffs attach to their memorandum, Dr. Arias speculates that there were "probably a couple times" on which someone said to him, "[b]y the way, so-and-so, you know, that they're using this, and that this is happening, and there's some—you know, this might be good for this and that, something like that." (Mar. 25, 2008 Bernardo J. Arias Dep. ("Arias Dep.") at 121, 124–25 (Dkt. Ex. F).)  Dr. Arias did not testify that defendants' sales representatives told him that Neurontin was safe and effective for any off-label use.  Nor could plaintiffs allege that any sales representative did.  Indeed, in a passage that plaintiffs excised from Exhibit F to their memorandum, Dr. Arias testified that he had "absolutely no recollection" of any instance on which any Pfizer, Warner-Lambert or Parke-Davis sales representative had detailed Neurontin off-label to him.  (Arias Dep. at 122.)  He further testified that he "never really paid too much attention" to sales representatives, and that he "wouldn't have relied on anything a territory rep told [him] about Neurontin in making any kind of prescribing decisions."  (*Id.* at 118.)

on information and belief where their prescribing doctors have control over the information at issue).)

Plaintiffs cannot plead fraud based on an affirmative false statement, because none of their complaints alleges that any such statement was made to a plaintiff's prescribing doctor. Plaintiffs have not alleged a half truth because they do not plead with specificity (1) the literally true statements that defendants' sales representatives made to their prescribing doctors, (2) the omissions that rendered those statements misleading; (3) defendants' knowledge of the omitted information; and (4) their doctors' reliance on the half-truths, *i.e.*, that their doctors would not have prescribed Neurontin had they been provided with the information that defendants' sales representatives allegedly omitted. The complaints are entirely devoid of such allegations, and plaintiffs' fraud claims should therefore be dismissed with prejudice.

Dated:  October 31, 2008    Respectfully submitted,

DAVIS POLK & WARDWELL

By:  /s/ James P. Rouhandeh
       James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

SHOOK, HARDY & BACON L.L.P.

By:  /s/ Scott W. Sayler
       Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

- and -

3

                    HARE & CHAFFIN

              By:   /s/ David B. Chaffin
                    David B. Chaffin

              160 Federal Street
              Boston, Massachusetts 02110
              (617) 330-5000

              *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on October 31, 2008.

                                            /s/ David B. Chaffin