UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:  NEURONTIN MARKETING, SALES PRACTICES, :
AND PRODUCTS LIABILITY LITIGATION :
:  MDL Docket No. 1629
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:  Master File No. 04-10981
THIS DOCUMENT RELATES TO: :
:  Judge Patti B. Saris
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:  Magistrate Judge Leo T.
HARDEN MANUFACTURING CORPORATION; :  Sorokin
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, :
dba BLUECROSS/BLUESHIELD OF LOUISIANA; :
INTERNATIONAL UNION OF OPERATING ENGINEERS, :
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL :
52 HEALTH BENEFITS TRUST; GERALD SMITH; and :
LORRAINE KOPA, on behalf of themselves and all others :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT :
COMPANY. :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' SUBMISSION IN SUPPORT OF THEIR PROPOSED
<u>SCHEDULE FOR THE REMAINDER OF THE CASE</u>**

The Court, by Order dated October 22, directed the parties to file a revised joint schedule for the remainder of the sales and marketing cases on or before October 31, 2008. The parties have conferred, but are unable to reach an agreement on a proposed schedule. Accordingly, defendants file this submission, addressing the parties' differences and proposing a schedule.

The crux of the parties' dispute stems from plaintiffs' unwillingness to permit defendants sufficient time for their opening and reply briefs on summary judgment, which obviously will be critical submissions.[1] Plaintiffs have insisted on a schedule that would require defendants to file

---

[1] Defendants' understanding, based on their last communication with plaintiffs' counsel, is that the parties have agreed in concept on the staging of expert depositions, the amount of time the parties anticipate needing to take

their summary judgment papers three weeks before expert discovery even ends.  Needless to say, it makes no sense to brief summary judgment before the record has even closed.  Plaintiffs' proposal stands in stark contrast to the most recent case management order (Dkt # 1153).  That order, entered before it became clear how extensive expert discovery will be, contemplated defendants filing their summary judgment papers three weeks *after* all expert discovery had closed.  Defendants proposed to file their summary judgment papers no more than four weeks following the close of expert discovery; plaintiffs rejected this proposal.

Equally troubling, plaintiffs have refused to permit defendants more than two weeks within which to prepare their summary judgment reply papers.  As the Court is aware, on a summary judgment motion based on a plaintiff's failure of proof, the plaintiff's opposition will attempt to compile as much evidence as possible in an attempt to defeat the motion.  A defendant's reply is the first opportunity to address the specific evidence on which the plaintiff actually intends to base the case going forward.

Here, these circumstances are especially acute:  In light of the massive record in the case—over three million pages of documents, extracts from numerous electronic databases, transcripts of more than a hundred depositions, dozens of expert reports, and an equal number of expert depositions—two weeks will simply not allow defendants a meaningful opportunity to prepare a reply.  Here too, defendants sought only an additional two weeks beyond what plaintiffs proposed in their schedule for a total of four weeks to prepare their reply; again, plaintiffs refused.

---

depositions of the large number of experts who will have submitted reports, and the amount of time plaintiffs need to brief their opposition to summary judgment.

Plaintiffs' putative reason for reducing or limiting defendants' time to prepare their motion papers and reply is that plaintiffs wish to conclude all briefing by mid-June, as opposed to several weeks later in the summer. Plaintiffs' purported concerns about timing, however, apparently do not extend to the lengthy extensions of time they seek for their experts to file rebuttal reports.[2] Defendants have been willing, in view of the holidays, to provide plaintiffs with an extension of the 17-day expert-rebuttal period contemplated in the Court's original order. If it is as important as plaintiffs seem to believe that summary judgment briefing be completed by June, however, that extension should be more modest than the generous extension that plaintiffs now seek.

Defendants note that the current timetable contemplates defendants' submission of expert reports on December 15. That timetable depends, among other things, on a complete production by plaintiffs of the materials considered and relied upon by plaintiffs' experts. Defendants promptly issued subpoenas for this material on August 13, calling for production by August 22. Plaintiffs produced a very limited amount of material in August, agreeing to produce the balance after negotiating a stipulation governing the scope of expert discovery. Plaintiffs and defendants agreed on the content of that stipulation on October 2. Despite numerous requests, however, plaintiffs have neither executed the stipulation nor produced the vast majority of material for which defendants' subpoenas called, as modified by the stipulation. To date, defendants have

---

[2] Plaintiffs have vigorously opposed extension requests by defendants for the time needed for their experts to prepare their opposition expert reports, even in spite of August vacations. (*See, e.g.*, Defs.' Emergency Mot. Enlargement Time Service Expert Reports, filed Aug. 26, 2008 (Dkt # 1417).) Defendants had hoped that plaintiffs' opposition was informed by their own experts' alacrity in preparing reports and not by a desire to gain an unfair advantage of some kind over defendants by providing defendants' experts with insufficient time to prepare their reports. Plaintiffs' current request for a generous extension of time for their own experts to prepare rebuttals, even before they have seen defendants' reports, might lead one to question plaintiffs' motivations in opposing defendants' earlier requests.

hoped to avoid requiring the Court to decide a needless motion to compel production of these materials, but any further delay on the part of plaintiffs could make the December 15 deadline untenable. For that reason, Defendants ask the Court to include in the schedule a date by which Plaintiffs must complete their production of documents responsive to the August 13, 2008 subpoenas to their experts.

Defendants therefore propose the following schedule:

| | |
|---|---|
| Complete production of plaintiffs' documents in response to August 13 subpoenas: | Nov. 7, 2008 |
| Provision of defendants' expert reports: | Dec 15, 2008 |
| Production of defendants' expert documents: | Dec 19, 2008 |
| Provision of plaintiffs' rebuttal reports: | January 9, 2009[3] |
| Production of plaintiffs' rebuttal expert documents: | January 12, 2009 |
| Depositions of plaintiffs' experts commence: | January 16, 2009 |
| Depositions of plaintiffs' experts end: | February 20, 2009 |
| Depositions of defendants' experts commence | February 20, 2009 |
| Depositions of defendants' experts end: | March 27, 2009 |
| Filing of motions for summary judgment: | April 24, 2009 |
| Filing of summary judgment oppositions: | May 22, 2009 |
| Filing of summary judgment reply: | June 19, 2009 |
| Filing of summary judgment sur-reply: | July 6, 2009 |

---

[3] If the Court is willing to permit briefing to end later in the summer than July 6—and, in particular, permits defendants the time they request for their summary judgment motion and reply—defendants would not oppose a reasonable additional extension of plaintiffs' expert rebuttal deadline beyond January 9, assuming all other date intervals in the proposed schedule remain the same.

Hearing on summary judgment: To be set by the Court

Dated: October 31, 2008 Respectfully submitted,

DAVIS POLK & WARDWELL

By: /s/James P. Rouhandeh
James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000

-and-

HARE & CHAFFIN

By: /s/David B. Chaffin
David B. Chaffin

160 Federal Street
Boston, MA 02110
Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 31, 2008.

/s/ David B. Chaffin