UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>PRODUCTS LIABILITY ACTIONS | Magistrate Judge Leo T. Sorokin |

**MOTION FOR LEAVE TO SUPPLEMENT RECORD ON *DAUBERT* AND SUMMARY JUDGMENT MOTIONS WITH NOVEMBER 2008 SUPPLEMENTAL EXPERT REPORT OF ROBERT D. GIBBONS Ph.D.**

Defendants Pfizer Inc. and Warner-Lambert Company respectfully move for leave to supplement the record on their pending motion to exclude the testimony of plaintiffs' experts and their motion for summary judgment based on the failure to warn with the Supplemental Expert Report of Robert D. Gibbons Ph.D., a copy of which is attached hereto as Exhibit A. The grounds for this motion are:

1. As the Court will recall, during the *Daubert* hearing on July 10, 2008, plaintiffs' expert Dr. Cheryl Blume testified that a pharmacoepidemiologic study concerning whether an association between Neurontin and suicidality exists could have been done, but acknowledged that plaintiffs had not conducted one.

2. Taking up the gauntlet for plaintiffs, Dr. Gibbons has conducted such a study.

3. Specifically, Dr. Gibbons obtained and analyzed data relating to 130,000 Neurontin-treated patients for the risk of suicide attempt.

4.  Beginning at paragraph 11 of his attached report, Dr. Gibbons details his pharmacoepidemiologic analysis and study results. He concludes:

> These findings clearly reveal that in this cohort of over 130,000 patients treated with gabapentin, there is no overall increased risk of suicide attempt associated with gabapentin treatment. Gabapentin does not increase the likelihood of suicide attempts, and the suicide attempts considered here were of sufficient severity to make it into the medical record. However, among patients with a psychiatric disorder, who are at increased suicidal risk, statistically significant protective effects of gabapentin were clearly demonstrated. . . . [T]hese findings suggest that among those patients at increased risk of serious suicide attempts, gabapentin significantly decreases their risk of making a suicide attempt. Whether this protective effect is based on reducing the symptoms of the psychiatric disorder or by treating the concomitant pain disorder that is present in many of these patients remains an open question.

(Exhibit A, ¶ 19.)

5.  Dr. Gibbons also concludes that based on all of the available data, there is not and never has been any signal of an association between the drug and suicidality that would have triggered a duty to warn about a risk of suicidal thinking or behavior.

6.  Defendants believe that Dr. Gibbon's supplemental report, particularly his previously-unavailable study, is critical to, and will assist the Court in its consideration of, the pending *Daubert* and summary judgment motions.[1]

7.  Accordingly, defendants respectfully request leave to supplement the record on the *Daubert* and summary judgment motion with the Supplemental Expert Report of Robert D. Gibbons, Ph.D.

---

[1] Dr. Gibbons supplemental report was served in compliance with the scheduling order for Rule 26 expert reports on all issues in the Smith and Bulger cases

Dated: November 12, 2008

DAVIS POLK & WARDWELL

By: /s/ James P. Rouhandeh
James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

-and-

HARE & CHAFFIN

By: /s/ David B. Chaffin
David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company*

**CERTIFICATE OF CONSULTATION**

I certify that counsel for defendants and plaintiffs have conferred in a good faith effort to narrow or resolve the issue presented by this motion but have been unable to do so.

/s/ David B. Chaffin
David B. Chaffin

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on November 12, 2008.

/s/ David B. Chaffin
David B. Chaffin