UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :  MDL DOCKET NO:  1629

In re:  NEURONTIN MARKETING, SALES     :
          PRACTICES, AND PRODUCTS       :  Master File No. 04-10981
          LIABILITY LITIGATION           :
                     :  Judge Patti B. Saris
                     :
                     :  Magistrate Judge Leo T. Sorokin
                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :
THIS DOCUMENT RELATES TO:         :
                     :
*Mowdy v. Pfizer Inc., et al.,*           :
  1:08-cv-11697-PBS               :
                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER AND JURY DEMAND**

         Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiff's Complaint in the above-captioned action (the "Complaint") as follows:

**AS TO STATEMENT OF THE CASE**

        1.      Deny the allegations in paragraph 1, except admit that the United States Food and Drug Administration ("FDA") has approved Neurontin® ("Neurontin"), the brand name for gabapentin, for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

## AS TO PARTIES AND JURISDICTION

2.      Paragraph 2 and its subparts assert legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 2 and its subparts, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff and Plaintiff's decedent are/were citizens and residents of the State of Mississippi, and therefore deny same; except admit: (1) that Pfizer is a corporation organized under the laws of the State of Delaware and has its headquarters in the State of New York; (2) that Warner-Lambert Company LLC is a Delaware limited liability company with Pfizer as its sole member; and (3) upon information and belief, that the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny same.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore deny same.

5.      Admit the allegations in paragraph 5.

6.      Admit the allegations in paragraph 6.

7.      Admit the allegations in paragraph 7.

8.      Deny the allegations in paragraph 8, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

9.      Deny the allegations in paragraph 9.

10.      Deny the allegations in paragraph 10.

11.     Deny the allegations in paragraph 11, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

12.     Deny the allegations in paragraph 12, except admit that Warner-Lambert Company was authorized to do business in the State of Mississippi until December 31, 2002.

13.     Deny the allegations in paragraph 13, except admit that Warner-Lambert Company was a business entity actually doing business in the State of Mississippi until December 31, 2002.

14.     Deny the allegations in paragraph 14, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

15.     Deny the allegations in paragraph 15.

16.     Deny the allegations in paragraph 16, except admit that since December 31, 2002, Warner-Lambert Company LLC has been a Delaware limited liability company.

17.     Deny the allegations in paragraph 17, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the State of Mississippi since December 31, 2002.

18.     Deny the allegations in paragraph 18, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the State of Mississippi since December 31, 2002.

19.     Deny the allegations in paragraph 19, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

20.     Deny the allegations in paragraph 20.

3199689v1

21.     Deny the allegations in paragraph 21.

22.     Deny the allegations in paragraph 22.

23.     Deny the allegations in paragraph 23, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

24.     Paragraph 24 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 24.

25.     Deny the allegations in paragraph 25.

26.     Deny the allegations in paragraph 26, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

27.     Paragraph 27 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 27.

28.     Paragraph 28 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 28.

29.     Paragraph 29 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 29.

30.     Paragraph 30 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 30.

31.     Paragraph 31 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 31.

32.     Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

3199689v1

33.     Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.     Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.     Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.     Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

37.     Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.     Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.     Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

40.     Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

41.     Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.     Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.     Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.     Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.     Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.     Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

47.     Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

48.     Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.     Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.     Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

51.     Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

52.     Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.     Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.     Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.     Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.     Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.     Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.     Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

59.     Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.     Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.     Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

62.     Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.     Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.     Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.     Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.     Paragraph 66 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 66.

67.     Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.     Deny the allegations in paragraph 68, except admit that Pfizer's headquarters are in New York.

69.     Paragraph 69 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 69.

70.     Paragraph 70 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 70.

71.     Paragraph 71 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 71.

72.     Deny the allegations in paragraph 72, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin.

73.     Deny the allegations in paragraph 73, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

74.     Deny the allegations in paragraph 74, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the State of Mississippi and contracts to provide goods in the State of Mississippi.

75.     Deny the allegations in paragraph 75.

76.     Deny the allegations in paragraph 76.

3199689v1

77.     Admit the allegations in paragraph 77.

78.     Deny the allegations in paragraph 78.

79.     Deny the allegations in paragraph 79.

80.     Deny the allegations in paragraph 80, except admit that Parke-Davis marketed Neurontin on a date prior to September 3, 2005.

81.     Deny the allegations in paragraph 81, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the State of Mississippi and contracted to provide goods in the State of Mississippi.

82.     Deny the allegations in paragraph 82.

83.     Deny the allegations in paragraph 83.

84.     Deny the allegations in paragraph 84, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until June 2000 and that until June 2000, Parke-Davis directly or indirectly did and solicited business and engaged in a persistent course of conduct in the State of Mississippi, deriving substantial revenue from goods and products consumed in the State of Mississippi.

85.     Deny the allegations in paragraph 85.

86.     Deny the allegations in paragraph 86.

87.     Deny the allegations in paragraph 87, except admit that Warner-Lambert Company marketed and sold Neurontin until June 2000.

88.     Deny the allegations in paragraph 88, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the State of Mississippi and contracted to provide goods in the State of Mississippi.

89.     Deny the allegations in paragraph 89.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91, except admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of Mississippi, deriving substantial revenue from goods and products consumed in the State of Mississippi.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96.

97.     Deny the allegations in paragraph 97.

98.     Deny the allegations in paragraph 98, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of Mississippi, deriving substantial revenue from goods and products consumed in the State of Mississippi.

99.     Deny the allegations in paragraph 99, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent

-10-

course of conduct in the State of Mississippi, deriving substantial revenue from interstate commerce.

## AS TO BACKGROUND

100.    Paragraph 100 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 100.

101.    Paragraph 101 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 101.

102.    Paragraph 102 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 102.

103.    Paragraph 103 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 103.

104.    Paragraph 104 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 104.

105.    Paragraph 105 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 105.

106.    Deny the allegations in paragraph 106, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

107.    Deny the allegations in paragraph 107, except admit that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

108.    Deny the allegations in paragraph 108.

109.    Deny the allegations in paragraph 109.

110.    Deny the allegations in paragraph 110.

111.    Deny the allegations in paragraph 111.

112.    Deny the allegations in paragraph 112.

113.    Deny the allegations in paragraph 113.

114.    Deny the allegations in paragraph 114, except admit that Neurontin was approved as adjunctive therapy for the treatment of epilepsy.

115.    Deny the allegations in paragraph 115.

116.    Deny the allegations in paragraph 116.

117.    Deny the allegations in paragraph 117, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

118.    Deny the allegations in paragraph 118.

119.    Deny the allegations in paragraph 119.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and therefore deny same.

121.    Defendants deny the allegations in paragraph 121, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's decedent's physician prescribed Neurontin to treat Plaintiff's decedent's pain, and therefore deny same.

3199689v1

122.    Defendants deny the allegations in paragraph 122, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's decedent's physician prescribed Neurontin to treat Plaintiff's decedent's pain, and therefore deny same.

123.    Deny the allegations in paragraph 123.

124.    Deny the allegations in paragraph 124.

125.    Deny the allegations in paragraph 125.

126.    Deny the allegations in paragraph 126.

127.    Paragraph 127 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 127.

128.    Deny the allegations in paragraph 128.

129.    Deny the allegations in paragraph 129.

130.    Deny the allegations in paragraph 130.

131.    Deny the allegations in paragraph 131.

## AS TO FIRST CAUSE OF ACTION

132.    Repeat each and every response to the allegations in paragraphs 1 through 131.

133.    Deny the allegations in paragraph 133.

134.    Deny the allegations in paragraph 134.

135.    Deny the allegations in paragraph 135.

136.    Deny the allegations in paragraph 136.

137.    Deny the allegations in paragraph 137.

138.    Deny the allegations in paragraph 138.

139.    Deny the allegations in paragraph 139.

3199689v1

140.    Deny the allegations in paragraph 140, except admit that Plaintiff seeks the relief stated in paragraph 140, but deny that Plaintiff is entitled to such relief.

## AS TO SECOND CAUSE OF ACTION

141.    Repeat each and every response to the allegations in paragraphs 1 through 140.

142.    Deny the allegations in paragraph 142.

143.    Deny the allegations in paragraph 143.

144.    Deny the allegations in paragraph 144.

145.    Deny the allegations in paragraph 145.

146.    Deny the allegations in paragraph 146.

147.    Deny the allegations in paragraph 147.

148.    Deny the allegations in paragraph 148, except admit that Plaintiff seeks the relief stated in paragraph 148, but deny that Plaintiff is entitled to such relief.

## AS TO THIRD CAUSE OF ACTION

149.    Repeat each and every response to the allegations in paragraphs 1 through 148.

150.    Deny the allegations in paragraph 150.

151.    Deny the allegations in paragraph 151.

152.    Deny the allegations in paragraph 152.

153.    Deny the allegations in paragraph 153, except admit that Plaintiff seeks the relief stated in paragraph 153, but deny that Plaintiff is entitled to such relief.

## AS TO FOURTH CAUSE OF ACTION

154.    Repeat each and every response to the allegations in paragraphs 1 through 153.

155.    Deny the allegations in paragraph 155.

156.     Deny the allegations in paragraph 156.

157.     Deny the allegations in paragraph 157, except refer to the Information for its contents.

158.     Deny the allegations in paragraph 158, except refer to the Information for its contents.

159.     Deny the allegations in paragraph 159, except refer to the Information for its contents.

160.     Deny the allegations in paragraph 160, except refer to the Information for its contents.

161.     Deny the allegations in paragraph 161, except refer to the Information for its contents.

162.     Deny the allegations in paragraph 162, except refer to the Information for its contents.

163.     Deny the allegations in paragraph 163, except refer to the Information for its contents.

164.     Deny the allegations in paragraph 164, except refer to the Information for its contents.

165.     Deny the allegations in paragraph 165, except refer to the Information for its contents.

166.     Deny the allegations in paragraph 166, except refer to the Information for its contents.

167.    Deny the allegations in paragraph 167, except refer to the Information for its contents.

168.    Deny the allegations in paragraph 168, except refer to the Information for its contents.

169.    Deny the allegations in paragraph 169, except refer to the Information for its contents.

170.    Deny the allegations in paragraph 170, except refer to the Information for its contents.

171.    Deny the allegations in paragraph 171, except refer to the Information for its contents.

172.    Deny the allegations in paragraph 172 and all of its subparts, except refer to the Information for its contents.

173.    Deny the allegations in paragraph 173, except refer to the Information for its contents.

174.    Deny the allegations in paragraph 174, except refer to the Information for its contents.

175.    Deny the allegations in paragraph 175, except refer to the Information for its contents.

176.    Deny the allegations in paragraph 176, except refer to the Information for its contents.

177.    Deny the allegations in paragraph 177, except refer to the Information for its contents.

3199689v1

178. Deny the allegations in paragraph 178, except refer to the Information for its contents.

179. Deny the allegations in paragraph 179, except refer to the Information for its contents.

180. Deny the allegations in paragraph 180, except refer to the Information for its contents.

181. Deny the allegations in paragraph 181, except refer to the Information for its contents.

182. Deny the allegations in paragraph 182, except refer to the Information for its contents.

183. Deny the allegations in paragraph 183.

184. Deny the allegations in paragraph 184.

185. Deny the allegations in paragraph 185.

186. Deny the allegations in paragraph 186.

187. Deny the allegations in paragraph 187, and all of its subparts.

188. Deny the allegations in paragraph 188.

189. Deny the allegations in paragraph 189.

190. Deny the allegations in paragraph 190.

191. Deny the allegations in paragraph 191.

192. Deny the allegations in paragraph 192.

193. Deny the allegations in paragraph 193.

194.    Deny the allegations in paragraph 194, except refer to the supplemental NDA and the letter dated August 26, 1997 referenced in paragraph 194 for their contents.

195.    Deny the allegations in paragraph 195.

196.    Deny the allegations in paragraph 196.

197.    Deny the allegations in paragraph 197, except refer to the letter dated June 29, 2001 for its contents.

198.    Deny the allegations in paragraph 198, except refer to the letter dated July 1, 2002 for its contents.

199.    Deny the allegations in paragraph 199.

200.    Deny the allegations in paragraph 200.

201.    Deny the allegations in paragraph 201.

202.    Deny the allegations in paragraph 202.

203.    Deny the allegations in paragraph 203.

204.    Deny the allegations in paragraph 204.

205.    Deny the allegations in paragraph 205, except refer to the article referenced in paragraph 205 for its contents.

206.    Deny the allegations in paragraph 206.

207.    Deny the allegations in paragraph 207.

208.    Deny the allegations in paragraph 208.

209.    Deny the allegations in paragraph 209, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

210.    Deny the allegations in paragraph 210.

211.    Deny the allegations in paragraph 211.

212.    Deny the allegations in paragraph 212.

213.    Deny the allegations in paragraph 213.

214.    Deny the allegations in paragraph 214.

215.    Deny the allegations in paragraph 215, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

216.    Deny the allegations in paragraph 216.

217.    Deny the allegations in paragraph 217.

218.    Deny the allegations in paragraph 218.

219.    Deny the allegations in paragraph 219.

220.    Deny the allegations in paragraph 220.

221.    Deny the allegations in paragraph 221.

222.    Deny the allegations in paragraph 222.

223.    Deny the allegations in paragraph 223, except admit that Plaintiff seeks the relief stated in paragraph 223, but deny that Plaintiff is entitled to such relief.

## AS TO FIFTH CAUSE OF ACTION

224.    Repeat each and every response to the allegations in paragraphs 1 through 223.

225.    Deny the allegations in paragraph 225.

226.    Deny the allegations in paragraph 226.

227.    Deny the allegations in paragraph 227, except admit that Plaintiff seeks the relief stated in paragraph 227 and the PRAYER paragraph following paragraph 227, and all of its subparts, but deny that Plaintiff is entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States because Defendants' product is comprehensively regulated by the United States Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 et seq. ("FDCA"), and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should or should not be used in the labeling accompanying the drug.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by FDA under the FDCA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Defendants and all their activities with respect to the subject product have been and are conducted under the supervision of the FDA.

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

## SIXTH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

## EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 402A, comments j and k of the *Restatement (Second) of Torts* and Sections 4 and 6 of the *Restatement (Third) of Torts: Products Liability.*

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by Plaintiff's decedent's misuse of Neurontin.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Plaintiff or Plaintiff's decedent.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of

them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing

such claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by

Plaintiff's failure to mitigate damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative

negligence and comparative assumption of risk.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution and/or indemnity from

any person and/or entity whose negligence or other fault contributed to the alleged injuries and

damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United

States Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud or similar conduct are barred by reason of the Complaint's

failure to allege the factual circumstances constituting that specific claim with particularity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions

made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiff's Legal</u>

<u>Committee</u>, 531 U.S. 341 (2001).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because Plaintiff failed to give Defendants timely notice of those claims.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue and/or forum.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because: (1) Defendants did not make any express warranties to Plaintiff or Plaintiff's decedent; (2) Defendants' Neurontin advertisements and promotions were not an affirmation of fact or a promise made by the seller to the buyer that related to the drug Neurontin and became part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiff or Plaintiff's decedent; (3) Defendants' Neurontin advertisements and promotions were not a description of the drug included in any contract that was part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiff or Plaintiff's decedent, such that a warranty was created that the drug would conform to the description; (4) Plaintiff and Plaintiff's decedent did not read, see or hear about the alleged illegal "off-label" promotions; (5) there was a lack of privity between Defendants and Plaintiff and Plaintiff's decedent; and (6) notice of an alleged breach was not given to the seller or Defendants.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and Plaintiff's decedent have not suffered, and will not suffer, any injury to a legally protected or cognizable interest or any damage by reason of the conduct of Defendants as alleged in the Complaint.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of attorney fees and costs.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not make any false, misleading, or deceptive statements to Plaintiff or Plaintiff's decedent in their advertisements and/or promotional materials concerning Neurontin.  As to any statement asserted against Defendants that Plaintiff alleges to be false, misleading, or deceptive, Defendants had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false, misleading, or deceptive.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, due to her failure to join indispensable parties and/or bring claims against the real party in interest.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiff's decedent, and/or by his fault.  Any recovery might be reduced accordingly or eliminated altogether.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Should Defendants be held liable to Plaintiff, which liability is specifically denied, Defendants would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in Plaintiff's Complaint.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred in whole or in part by lack of defect, as any product allegedly ingested by Plaintiff's decedent was properly prepared in accordance with the applicable standard of care.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants and Neurontin were in compliance with legislative regulatory standards and/or administrative regulatory safety standards relating to design, performance, warnings and/or instructions and, therefore, Neurontin is deemed not defective.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the "state of the art" defense.  Neurontin, when placed into the stream of commerce, was a reasonably safe and effective prescription drug in light of the then existing and reasonably available scientific, medical, and technological knowledge.  To the extent Plaintiff claims that Neurontin was dangerous or defective in certain respects, Defendants state that any such risks associated with Neurontin were not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Notwithstanding Plaintiff's claims and contentions, Plaintiff's decedent received all or substantially all of the benefit of Neurontin that he had intended to receive, and to that extent any

damages and/or restitution that Plaintiff might be entitled to recover from Defendants must be correspondingly reduced.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendant's liability for non-economic damages is several rather than joint and should be prorated.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's causes of action are barred in whole or in part by the Mississippi Product Liability Act, Miss. Code § 11-1-63 *et seq*.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

### FORTIETH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and applicable state law.

### FORTY-SECOND AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of <u>BMW of North America Inc. v. Gore</u>, 517 U.S. 559 (1996), <u>Cooper Industries,</u>

Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007).

### FORTY-THIRD AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff has valid consumer protection claims under the laws of Mississippi, or any other State, Commonwealth or District whose laws are or later become relevant in the course of this multidistrict litigation.  However, if such claims are found to exist, Defendants plead all available defenses under the Acts.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative defenses as may be established by the discovery and evidence in the case.  Defendants' further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

### DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1.      Enter judgment in their favor on all claims alleged in the Complaint;

2.      Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.      Grant Defendants such other and further relief as the Court may deem just and proper.

Dated:  November 17, 2008                    DAVIS POLK & WARDWELL


By:  /s/ James P. Rouhandeh
          James P. Rouhandeh

450 Lexington Avenue
New York, NY 10017
(212) 450-4000
james.rouhandeh@dpw.com


SHOOK, HARDY & BACON L.L.P.


By:  /s/ Scott W. Sayler
          Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550
ssayler@shb.com

          -and-

HARE & CHAFFIN

By:  /s/ David B. Chaffin
          David Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000
dchaffin@hare-chaffin.com

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on November 17, 2008.


/s/ David B. Chaffin
David B. Chaffin