UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING,
       SALES PRACTICES AND PRODUCTS
       LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:


PRODUCTS LIABILITY ACTIONS


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

: MDL Docket No. 1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T.
: Sorokin

**ASSENTED-TO MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT RECORD
ON *DAUBERT* AND SUMMARY JUDGMENT MOTIONS WITH NOVEMBER 2008
SUPPLEMENTAL EXPERT REPORT OF ROBERT D. GIBBONS Ph.D.**

Defendants, Pfizer Inc. and Warner-Lambert Company ("defendants"), respectfully

move, with the assent of plaintiffs, for leave to file a reply memorandum in further support of

their motion for leave to supplement the record on their pending motions to exclude the

testimony of plaintiffs' experts and for summary judgment with the Supplemental Expert Report

of Robert D. Gibbons Ph.D. (the "Motion for Leave to Supplement"). The reply memorandum is

attached hereto as Exhibit 1.

The grounds for this motion are:

1.      Defendants filed the Motion for Leave to Supplement, which is a few pages in

length, last Wednesday.

2.      The motion is short because the issue it presents – whether the Court will accept

and consider in connection with the pending motions Dr. Gibbons' just-completed, crucial

pharmacoepidemiologic study on whether there is an association between Neurontin and suicidal

behavior – is straightforward.

3.      In the eight-page opposition that plaintiffs filed on Friday, they argue that the Court should disregard the study, not because it is irrelevant or unimportant, but because it purportedly is untimely.

4.      A reply to plaintiffs' opposition is warranted.  It contains errors of law and fact.

5.      The Motion for Leave to Supplement should be decided on an appropriate record because much is at stake.  Again, Dr. Gibbons' just-completed study is crucial, and whether the Court will have the benefit of it hangs in the balance.

6.      Defendants believe that their reply will assist the Court in its effort to ensure that the balance tip in the proper direction.

WHEREFORE, defendants respectfully request leave to file the attached reply memorandum.

Dated: November 18, 2008                    Respectfully submitted,

                                            DAVIS POLK & WARDWELL

                                            By:     /s/James P. Rouhandeh
                                                    James P. Rouhandeh

                                            450 Lexington Avenue
                                            New York, NY 10017
                                            Tel:  (212) 450-4000

                                                    -and-

                                            SHOOK, HARDY & BACON L.L.P.

                                            By:     /s/Scott W. Sayler
                                                    Scott W. Sayler

                                            2555 Grand Blvd.
                                            Kansas City, MO 64108-2613
                                            Tel:  (816) 474-6550

-and-

HARE & CHAFFIN

By:    /s/David B. Chaffin
        David B. Chaffin

(BBO # 549245)
160 Federal Street
Boston, MA 02110
Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1, I certify that counsel have conferred and resolved the issue presented by this motion. Plaintiffs have assented.

/s/David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on November 18, 2008.

/s/ David B. Chaffin