UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES ) <br> PRACTICES, AND PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> ) <br> THIS RELATES TO: ) <br> ) <br> *Allen, et al. v. Pfizer, Inc., et al., 07-11795* ) <br> *Anderson, et al.  v. Pfizer, Inc., et al., 05-10835* ) <br> *Cooper, et al. v. Pfizer, Inc. et al., 05-10834* ) <br> ) | MDL Docket No. 1629 <br> Master File No. 04-10981 <br> Judge Patti B. Saris <br> Mag. Judge Leo T. Sorokin |

REPORT & RECOMMENDATION ON MOTION TO DISMISS
THE CLAIMS OF CERTAIN PLAINTIFFS REPRESENTED
BY THE LEVI BOONE LAW FIRM, P.A.

December 11, 2008

SOROKIN, M.J.

On September 29, 2008, defendants Pfizer, Inc. and Warner-Lambert Company LLC moved to dismiss the claims brought by the majority of plaintiffs represented by the Levi Boone Law Firm PA ("Boone").  See Docket # 1445.  Defendants argue that these plaintiffs should be dismissed as a sanction for the failure of Boone to comply with this Court's certification orders. The undersigned heard oral argument on December 11, 2008.  For the reasons set forth below, I recommend that the motion be DENIED.

BACKGROUND

On November 9, 2007, in response to several motions to dismiss and to withdraw as plaintiffs' counsel, the Court issued an Order requiring each plaintiffs' counsel to submit a

1

document to the Court in which counsel certified that:

> (1) they have conferred with the individual plaintiff; (2) the plaintiff intends to proceed with the litigation . . . (3) they have reviewed the relevant medical records and allegations of the complaint and (4) plaintiffs' counsel believes pursuit of the action is warranted.

Products Liability Case Management Order and Order Regarding Motions to Withdraw, Docket # 949.  The Order was issued primarily to facilitate efficient management of this complex litigation and to ensure that cases designated for Track One status would not be interrupted by plaintiffs' motions to dismiss and/or withdraw after the parties had embarked on discovery.

Although Boone submitted papers on behalf of some plaintiffs, this Court found the submission to be "incomplete or ambiguous," and ordered Boone to supplement its filings.  See Docket # 1179.  On September 9, 2008, the Court issued an Electronic Order instructing Boone to submit, no later than the close of business on September 19, 2008,

> a master list that identifies each individual plaintiff the Firm represents, organized by the individual civil action number. The submission must also inform the Court as to each plaintiff: (1) whether a certification, stipulation of dismissal, or motion to withdraw has been filed; and (2) the filing date and docket number of the filing made.

To date, Boone has not submitted the master list.

Defendants have moved to dismiss 278 plaintiffs represented by Boone as a sanction for Boone's failure to comply with the Court's Orders.  In their updated submission filed on December 11, 2008, defendants have grouped the targeted plaintiffs into the following two categories: (1) 49 plaintiffs as to whom certifications were based not on medical records, but solely on pharmacy records; and (2) 229 plaintiffs as to whom certifications were based on

medical records that are devoid of references to the injuries alleged in plaintiffs' complaints.[1]

The Court agrees with defendants that Boone failed to comply with the certification orders in a timely fashion, and that the Court was forced to issue several orders to force such compliance. However, the Court is of the view that at this point, Boone has completed its responsibilities as contemplated by the Court's certification orders. As to the 278 plaintiffs that remain at issue with the instant motion, Boone has done exactly what the Court required it to do: it has filed certifications indicating that it believes that pursuit of these plaintiffs' claims is warranted.

The Court makes no determination as to whether it agrees with Boone that pursuit of the claims is warranted, or that the plaintiffs will ultimately prevail on the merits. However, the certification orders did not require plaintiffs to prove their case at this stage of the proceedings, and the Court declines to delve into the accused pharmacy and medical records at this time. Defendants' arguments go to the heart of the merits of this litigation and are appropriate for resolution based on a complete record at summary judgment.

---

[1] When defendants filed their motion, they sought dismissal of a group of plaintiffs who had failed to file any certification whatsoever. As defendants report in their updated submission filed on this date, and confirmed by counsel for both sides at oral argument, this group is no longer at issue, as 65 plaintiffs have executed stipulations of dismissal with prejudice which will be filed in short order.

CONCLUSION

Accordingly, the Court recommends that the District Judge <u>DENY</u> the motion to dismiss (#1445).[2]

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge

---

[2] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).