UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION ) ) ) ) ) ) ) | MDL Docket No. 1629<br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**THIS DOCUMENT RELATES TO:**

| | |
|---|---|
| *Leroy Anderson, et al v. Pfizer, Inc.* | Individual Case No.: 1:05CV-10835-PBS |
| *Mary Cooper, et al v. Pfizer, Inc.* | Individual Case No.: 1:05-CV-10834-PBS |
| *Jessie Allen, et al v. Pfizer, Inc.* | Individual Case No.: 1:07-CV-11795-PBS |

**EXPLANATION OF LEVI BOONE, III PER DECEMBER 16, 2008 ORDER**

COMES NOW, Levi Boone, III, of **Boone Law Firm, P.A.**, and provides his explanation relating to the improper filing of personal data identifier on the public site as required by the December 16, 2008, as follows:

1. A hearing was set for **December 11, 2008 at 2:00 pm** EST on Defendant's Motion to Dismiss the cases of 359 Plaintiffs. The Defendant argued that the Attorney Certifications filed on behalf of these Plaintiffs did not comply with the Court Order of November 9, 2007 (Doc.# 949). Specifically, the Defendant alleged:

   (a) That as to 195 Plaintiffs, the medical records relied upon by Plaintiffs' attorney made <u>no reference to the injury alleged in the complaint</u>; and/or

   (b) That as to 9 Plaintiffs, the medical records relied upon by Plaintiffs' attorney <u>did not show "off-label' use</u>; and/or

1

    (c) That as to 88 Plaintiffs, the attorney <u>relied only upon pharmacy records</u>;

    (d) That as to 67 Plaintiffs, no certifications were filed;

2.  Plaintiffs' attorney had agreed to dismiss 67 Plaintiffs and therefore no certifications were filed.  Plaintiffs' attorney felt that there was a pretty good chance that the Motion relating to the 195 Plaintiffs would be denied.  However, Plaintiff's attorney was concerned about the 88 Plaintiffs because subsequent to the filing of the Motion to Dismiss additional relevant medical records had been received by Plaintiffs and produced to Defendant.  There were also medical records requests outstanding.  As medical were being periodically received by the Plaintiffs, the records would be supplemented to Defendant.

3. On **December 11, 2008, at 10:09 am** EST, U. S. Magistrate Judge Sorokin entered an order that allowed the Defendant to file a Current Status Report (Doc.# 1499).  Due to computer issues Boone Law Firm did not receive the order until later, but **prior to the hearing that was scheduled for 2:00 pm**, EST on **December 11, 2008**.

4. In the Current Status Report the Defendant alleged that 49 Plaintiffs out of the 88 Plaintiffs had only pharmacy prescriptions and their cases should therefore be recommended for dismissal.

5. The original 88 Plaintiffs were reduced to 49 Plaintiffs because of medical records that were received by Plaintiffs attorney's office subsequent to the Motion to Dismiss that was filed September 29, 2008.  These records were supplemented to Defendant and resulted in Defendant reducing the pharmacy-only plaintiffs to 49.

6. Given the short period of time between the order allowing the Defendant's Current Status Report and the scheduled hearing on December 11, 2008, Plaintiffs' attorney office rushed to get information to Magistrate Judge Sorokin to demonstrate that the 49 Plaintiffs should not be dismissed because the Plaintiffs had put forth a good faith effort to retrieve their medicals records but that the medical facilities were not cooperating in producing the records. The document that could be filed the fastest and easiest for availability to the Magistrate Judge was the numerous cover letters requesting the medical records of the plaintiffs. The cover letter to the medical records request was a single page document that indicated the dates that the Plaintiffs' medical records had been requested. The goal was to show to the Magistrate Judge that Plaintiffs had diligently tried to retrieve their records and that it was not the Plaintiffs' fault that the records were not produced. However, in the rush to try to get these documents to the Court prior to the hearing, the social security number and date of birth were not redacted from the documents.

7. In fact, at the beginning of the hearing at 2:00 pm on December 11, 2008, the Plaintiffs' attorney informed Magistrate Judge Sorokin that Plaintiffs were attempting to file (as we were speaking) a Response to Defendant's Current Status Report and a Motion for Extension of Time to File Certification for 49 Plaintiffs. While Plaintiffs' attorney was participating in the hearing, his office was rushing to file documents to make available to the Court for consideration of 49 Plaintiffs.

8. The Plaintiffs' attorney was particularly concerned about saving the cases of these 49 Plaintiffs because we had previously voluntarily dismissed Plaintiff cases

based upon Defendant's argument of our having only pharmacy records, but subsequent to the stipulation of dismissals medical records were received relating to the "off-label" use of Neurontin and showing resulting injuries.

9. Plaintiffs' attorney believed that it was imperative to present documents to the Magistrate Judge justifying the absence of additional records for the 49 Plaintiffs particularly because the Magistrate Judge previously ruled (Doc.# 1337) that "Counsel is reminded that by certifying that counsel has reviewed the "relevant medical records," counsel is not merely certifying that the documents indicate that the plaintiff received an off label prescription for Neurontin.

10. Relating to filings prior to December 11, 2008 by Boone Law Firm, by way of explanation and full perspective, all filings were in response to Motions to Dismiss filed by the Defendant wherein the Defendant referenced data gathered from the main document that contained personal identifier data. The documents posted by the Defendant as exhibits summarized the medical records of the Plaintiffs, but also compared the summary to injury data that was contained on prohibited document. Defendant used the injury data from the prohibited document to support its argument that the injury in the Complaint was inconsistent with the medical records. To refute the Defendant's claim the Plaintiffs used the exhibit, without appropriate redaction, to show that the injuries in Plaintiffs' medical records were also referenced in the Complaint.

11. Plaintiffs' attorney's intention was to help the Plaintiffs. Plaintiffs' attorney did not intentional violate Local Rule 5.3.

12.  As soon as the Clerk office brought the public disclosure issue to Plaintiffs' attorney's attention on December 15, 2008, prior to hearing with Judge Sarris, Plaintiffs' attorney begin to take action to redact the documents.

13. Boone Law Firm's entire staff has reviewed Local Rule 5.3 and has been provided a copy of same for review prior to electronically filing any future documents.  The staff has also reviewed and been instructed on how to file of sealed documents.

14. Boone Law Firm is willing, ready and able to conduct a full-scale redaction of improper documents.  This unintentional error is regretted and actions have been taken at Boone Law Firm to ensure that it does not occur again.

    Respectfully submitted,

    BOONE LAW FIRM, P.A.
    401 West Sunflower Ave.
    Cleveland, MS 38732
    662-843-7946 (telephone)
    662-843-7950 (facsimile)

    By:  */s/ Levi Boone, III, Esq.*
          *Attorneys for Plaintiff(s)*

So Certified, this the 18<u>th</u>  day of December, 2008.

    */s/ Levi Boone, III*_____
    Levi Boone, III, Esq., MSB# 3686

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 18, 2008.

    */s/ Levi Boone, III*_____
    Levi Boone, III, Esq., MSB# 3686