UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                       :

In re:   NEURONTIN MARKETING, SALES PRACTICES,
         AND PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

ALL MARKETING AND SALES PRACTICES ACTIONS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO COMPEL COMPLIANCE WITH AUGUST 2008 SUBPOENAS FOR EXPERT RELIANCE MATERIALS

Defendants Pfizer Inc. and Warner-Lambert Company submit this memorandum in support of their emergency motion to compel compliance with subpoenas that were served in August and that seek the production of documents on which Class Plaintiffs' and Coordinated Plaintiffs' experts relied, or that they considered, in forming their opinions (collectively the "Subpoenas").

Over four months have passed since defendants served the Subpoenas, which seek garden variety expert reliance materials. Plaintiffs have produced virtually none of these documents and other materials in spite of numerous requests by defendants. Plaintiffs have offered no excuse for their refusal to comply; indeed they negotiated and agreed to – but never signed – a stipulation that expressly called for production of all but a small subset of the materials called for by the Subpoenas. Defendants have repeatedly pressed plaintiffs to comply with the Subpoenas in hopes of not needing to resort to motion practice, but plaintiffs have failed to do so. With expert depositions scheduled to

commence on January 8, 2009 and to be completed by January 31, 2009, defendants can no longer wait.

For those reasons and the reasons that follow, defendants respectfully seek an order compelling immediate production of the materials called for in the Subpoenas.

## BACKGROUND[1]

Plaintiffs served eleven expert reports on August 11, 2008.  Defendants issued Subpoenas to each of plaintiffs' experts two days later, on August 13, 2008.  The Subpoenas were served on plaintiffs' counsel, who agreed to accept service on behalf of the experts.  (Polubinski Decl., ¶¶ 3, 9, Ex. A.)  Each Subpoena sought the production of materials on which the witness relied and that he or she considered in forming his or her opinions.  The return date of the Subpoenas was August 22.  (Polubinski Decl., Ex. A.)

Now, over four months later, with only a few narrow exceptions, plaintiffs have failed to produce any of the material requested.  To date, the only material plaintiffs have produced is basic raw data used by five of their experts to conduct portions of their analysis.  Plaintiffs have produced *literally no documents or data at all* for six of the eleven experts.  (Polubinski Decl., ¶¶ 6, 8; Exs. D, E.)

Among other omissions, plaintiffs have produced no preliminary data runs or model outputs, no prior or alternate model versions or calculations, no interim results or output of any kind, no communications between experts and their staff regarding work related to the expert reports, no retention agreements, and no billing records.  In short, plaintiffs have failed to produce the overwhelming majority of the wide range of materials properly called for by the Subpoenas.

---

[1] Citations in the form "Polubinski Decl." are to the accompanying Declaration of Edmund Polubinski III.

Since serving the Subpoenas, defendants have repeatedly attempted to secure full compliance without resorting to motion practice.  On August 22, 2008, plaintiffs served responses and objections ("Responses and Objections") indicating in response to each of defendants' requests that "Plaintiffs' Experts will search for and produce any responsive documents, subject to a mutually agreeable scope that will apply equally to any experts designated by Pfizer."  (Polubinski Decl., ¶¶ 4, 10, Ex. B.)

Defendants contacted plaintiffs two business days later on August 26, 2008, to arrange for a conference to discuss plaintiffs' objections and to agree to a stipulation pursuant to which plaintiffs would immediately produce responsive documents.  In the parties' first telephone conference on the subject on August 28 (the first day plaintiffs' counsel made themselves available), the parties began negotiating the terms of a stipulation governing production of expert reliance materials.  Defendants pointed out that plaintiffs would be required to produce a substantial amount of material called for by the Subpoenas, regardless of the scope of such a stipulation.  Plaintiffs' counsel agreed to produce materials on a rolling basis, representing that they were currently working on collecting materials for production to defendants.  (Polubinski Decl., ¶¶ 5, 6.)

On October 2, 2008, the parties reached agreement on the terms of a stipulation concerning expert discovery (the "Proposed Stipulation").  Nevertheless, despite repeated requests by defendants that plaintiffs execute it, and repeated indications by plaintiffs that they were prepared to do so, plaintiffs have never done so and have not produced any of the materials called for under the Proposed Stipulation.  (Polubinski Decl., ¶¶ 7, 11, Ex. C.)

On October 21, defendants wrote plaintiffs, reiterating the request for the materials that plaintiffs had failed to produce in response to the Subpoenas:

> To date, you have provided what appears to be a highly selective set of materials that permit our experts at most simply to reproduce the very final versions of the analyses presented in your experts' reports. As we have repeatedly discussed, we are entitled to more than that narrow set of materials. Additional responsive documents reflecting earlier stages of your experts' work almost certainly exist given the unlikelihood that your experts conducted the bulk of their work in their heads. You're failure to respond fully to our subpoenas, now more than eight weeks after the deadline, is inexcusable and continues to prejudice defendants.

(Polubinski Decl., ¶ 12, Ex. D.) Plaintiffs never responded to or even acknowledged the October 21 letter. (Polubinski Decl., ¶ 12.)

Since then, defendants have reiterated the need for production of these materials on a number of occasions. For example, counsel for the parties spoke on November 19, at which time defendants told plaintiffs yet again that the response to the Subpoenas was deficient and requested yet again that plaintiffs produce the missing materials. Defendants explained that they needed the materials immediately, and certainly well in advance of the December 15 deadline for defendants' expert disclosures. Plaintiffs indicated they would produce additional materials as soon as possible, but more than a month has passed, and nothing further has been produced. (Polubinski Decl., ¶ 8.)

By letter dated December 12, 2008, defendants sought plaintiffs' "availability for a conference under Local Rule 37.1 to discuss plaintiffs' failure to comply with the August 13 subpoenas." Plaintiffs never responded. (Polubinski Decl., ¶ 13, Ex. E.)

Depositions of plaintiffs' experts are scheduled to begin on January 8, 2009 and must be completed by January 31, 2009.

**ARGUMENT**

Under Rule 26(b)(1), a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). The scope of document discovery through a subpoena is the same as that under Rules 26 and 34. *See* Fed. R. Civ. P. 45(d)(1), Advisory Committee note to the 1970 Amendment ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); *see also* 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2d ed.1995) (scope of discovery through a subpoena is broad and incorporates the provisions of Rule 26(b) and Rule 34).

Materials considered and relied upon by expert witnesses provide critical insight into the opinions they offer and how those opinions were developed. Such materials are indispensable for cross-examination and must be produced. *See, e.g., Sparks v. Seltzer*, No. 05-CV-1061 (NG) (KAM), 2007 U.S. Dist. LEXIS 6234, at *6–*7 (E.D.N.Y. Jan. 29, 2007) (requiring production of materials considered by expert witnesses and explaining that "[s]uch disclosure creates a level playing field by providing a party with the information necessary to effectively cross-examine an opposing party's expert witness"); *Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 290 (E.D. Va. 2001) (explaining that expert reliance materials are "invaluable" because they "show in a way no other evidence can, the evolution of the experts' opinions and the influences upon them"); *id.* at 291 (noting that lack of access to expert reliance materials resulted in "diminished ability to cross-examine the testifying experts . . . about the substantive validity of their opinions, the way the opinions were arrived at, and the independence of the experts"); *W.R. Grace & Co.-Conn. v. Zotos Int'l, Inc.*, No. 98-CV-838S(F), 2000

U.S. Dist. LEXIS 18096, at *33 (W.D.N.Y. Nov. 2, 2000) (holding that disclosure of expert reliance material "can guard against the possibility of a sanitized presentation at trial, purged of less favorable opinions expressed at an earlier date"); *Krisa v. Equitable Life Assurance Soc.*, 196 F.R.D. 254, 257–58 (M.D. Pa. 2000) ("[Plaintiff] could be deprived of . . . information that would be material to effective cross-examination of [defendant's] experts if deprived of the expression of the evolution of the experts' opinions.").

Plaintiffs themselves have implicitly agreed that these materials are relevant and should be produced: They negotiated and agreed to the Proposed Stipulation that would require them to produce virtually all of the material called for by the Subpoenas. Indeed, at most, plaintiffs' complaint in their Responses and Objections was that the Subpoenas were overbroad—a complaint that was squarely addressed by the Proposed Stipulation— but there is no dispute whatsoever that the core materials called for by the Subpoenas should be produced. Plaintiffs' own Responses and Objections committed them to produce "any responsive documents, subject to a mutually agreeable scope." The parties agreed on such scope months ago, yet plaintiffs have produced nothing since.

In view of that, the only plausible explanation for plaintiffs' refusal to date to produce this material is to deprive defendants and their experts of discoverable materials with which to better understand the work that plaintiffs' experts have done.[2] Setting

---

[2] We note that Dr. Raymond Hartman and Professor Meredith Rosenthal have each testified that they destroyed drafts of their class certification reports and e-mail related to their work on those reports. *See, e.g.*, 10/24/06 Rosenthal Dep. (Polubinski Decl. Ex. F) at 63:14–17 (testifying that she "shredded" drafts); *id.* at 59:9–12; 75:19–25; 83:16–18; 111:13–112:18 (all incoming and outgoing e-mails and their attachments from the relevant time period were deleted); *id.* at 58:1–15; 125:8–12 (Prof. Rosenthal made no effort to print or otherwise preserve electronic documents and has not been able to locate any of the relevant hard copy documents that existed); 12/13/06 Hartman Dep. (Polubinski Decl. Ex. G) at 57:3–13; 58:1–13; 59:19–60:3 (Greylock McKinnon will routinely "purge" e-mails; no e-mails from the relevant

aside any prejudice defendants have already suffered by being forced to serve their own expert reports before receiving a complete production in response to the Subpoenas,[3] defendants need complete productions in response to the Subpoenas well in advance of the looming expert depositions. As noted, the depositions of plaintiffs' experts are scheduled to begin on January 8, 2009. Defendants need the materials called for by the Subpoenas immediately.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court order plaintiffs to produce all of the materials sought by the Subpoenas on or before January 2, 2009.

Dated: December 23, 2008                 Respectfully submitted,

                                         DAVIS POLK & WARDWELL

                                         By:   /s/James P. Rouhandeh
                                               James P. Rouhandeh

                                         450 Lexington Avenue
                                         New York, NY 10017
                                         Tel: (212) 450-4000

                                                 -and-

---

time period still exist; hard copy drafts would have been "disposed of"; no special preservation effort would have been made).

[3] Defendants reserve all their rights, including their right to supplement their expert reports as necessary to address materials called for by the Subpoenas that plaintiffs failed to timely produce.

HARE & CHAFFIN

By:    /s/David B. Chaffin
       David B. Chaffin

BBO # 549245
160 Federal Street
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendants Pfizer Inc. and
Warner-Lambert Company*

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that this document filed through the ECF system has been served
pursuant to Case Management Order #3 on December 23, 2008.

                            /s/ David B. Chaffin
                            David B. Chaffin