UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------- x
: MDL Docket No. 1629
In re: NEURONTIN MARKETING, SALES PRACTICES, :
AND PRODUCTS LIABILITY LITIGATION : Master File No. 04-10981
------------------------------------------------- x
: Judge Patti B. Saris
THIS DOCUMENT RELATES TO: :
: Magistrate Judge Leo T.
ALL MARKETING AND SALES PRACTICES ACTIONS : Sorokin
:
------------------------------------------------- X

## DECLARATION OF EDMUND POLUBINSKI III

EDMUND POLUBINSKI III declares upon penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1. I am a partner with the law firm Davis Polk & Wardwell, counsel for defendants Pfizer Inc. and Warner-Lambert Company in this action.

2. I submit this declaration in support of Defendants' Emergency Motion To Compel Compliance with August 2008 Subpoenas for Expert Reliance Materials.

3. On August 13, 2008, defendants issued subpoenas to each of plaintiffs' eleven expert witnesses (the "Subpoenas"). The Subpoenas were served on plaintiffs' counsel, who agreed to accept service on behalf of the experts.

4. On August 22, plaintiffs sent a letter to defendants responding and objecting to the Subpoenas ("Responses and Objections").

5. On August 26, 2008, I called Edward Notargiacomo, whose partner Thomas Sobol is Plaintiffs' Liaison Counsel, to arrange a call regarding plaintiffs' Responses and

Objections. We eventually spoke on August 28, 2008, the next available date on which plaintiffs' counsel were available to discuss this matter.

6. On August 28, 2008, my colleague Paul Mishkin and I spoke with Mr. Notargiacomo and Ilyas Rona of Greene & Hoffman, co-counsel for plaintiffs. On that call, the parties began negotiating the terms of a stipulation governing production of expert reliance materials. Defendants pointed out that plaintiffs would be required to produce a substantial amount of material called for by the Subpoenas, regardless of the scope of such a stipulation. Plaintiffs' counsel agreed and committed to producing materials on a rolling basis, representing that they were even then working on collecting materials for production to defendants.

7. Between August 28 and October 2, 2008, plaintiffs' counsel and defense counsel exchanged drafts of proposed stipulations concerning the scope of expert discovery. On October 2, 2008, Mr. Mishkin and I spoke with Mr. Notargiacomo, who represented that the stipulation concerning expert discovery (the "Proposed Stipulation") was acceptable to plaintiffs and that plaintiffs would execute the Proposed Stipulation and return it to defendants. Plaintiffs never did so.

8. I spoke with Mr. Notargiacomo on November 19, and told him again that plaintiffs' response to the Subpoenas was deficient and requested again that plaintiffs produce the requested materials. I explained that defendants needed the materials immediately, and certainly well in advance of the December 15 deadline for defendants' expert disclosures. Mr. Notargiacomo indicated that plaintiffs would produce additional materials as soon as possible, but plaintiffs have produced nothing to defendants since then.

9. Attached as Exhibit A is a true and correct copy of the Subpoenas served on each of plaintiffs' eleven experts on August 13, 2008.

10. Attached as Exhibit B is a true and correct copy of a letter from Ilyas Rona to Edmund Polubinski III dated August 22, 2008 containing plaintiffs' Responses and Objections to the Subpoenas.

11. Attached as Exhibit C is a true and correct copy of the Proposed Stipulation governing expert discovery agreed to by plaintiffs and defendants, but which plaintiffs never executed.

12. Attached as Exhibit D is a true and correct copy of a letter from Paul Mishkin to Mr. Notargiacomo dated October 21, 2008, reiterating to plaintiffs that they had not adequately complied with the Subpoenas, to which plaintiffs never responded.

13. Attached as Exhibit E is a true and correct copy of a letter I sent to Mr. Notargiacomo dated December 12, 2008, seeking plaintiffs' "availability for a conference under Local Rule 37.1 to discuss plaintiffs' failure to comply with the August 13 subpoenas," to which plaintiffs never responded.

14. Attached hereto as Exhibit F are true and correct copies of excerpts from the deposition of Dr. Raymond Hartman, taken December 13, 2006.

15. Attached hereto as Exhibit G are true and correct copies of excerpt from the deposition of Professor Meredith Rosenthal, taken October 24, 2006.

Dated: New York, New York
December 23, 2008

                                                              /s/Edmund Polubinski III
                                                              Edmund Polubinski III

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on December 23, 2008.

                /s/ David B. Chaffin
                David B. Chaffin