# EXHIBIT  A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :

In re: NEURONTIN MARKETING, SALES PRACTICES,   :
        AND PRODUCTS LIABILITY LITIGATION      :
                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:                       :
                                           :   MDL Docket No. 1629

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :   Master File No. 04-10981

HARDEN MANUFACTURING CORPORATION;         :
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,      :   Judge Patti B. Saris
dba BLUECROSS/BLUESHIELD OF LOUISIANA;         :
INTERNATIONAL UNION OF OPERATING ENGINEERS,     :   Magistrate Judge Leo T.
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL    :   Sorokin
52 HEALTH BENEFITS TRUST; GERALD SMITH; and       :
LORRAINE KOPA, on behalf of themselves and all others    :
similarly situated, v. PFIZER INC. and WARNER-LAMBERT  :
COMPANY.                                      :
                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :

THE GUARDIAN LIFE INSURANCE COMPANY OF        :
AMERICA v. PFIZER INC. and                      :
                                           :
AETNA, INC. v. PFIZER INC.                     :
                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF SERVICE OF SUBPOENAS

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendants Pfizer Inc. and Warner-Lambert Company, by and through their counsel,

will cause the attached subpoenas to be served upon the persons or entities identified in the

subpoena.

Dated: August 13, 2008

PFIZER INC., et uno,

By their attorneys,

James P. Rouhandeh
Matthew B. Rowland

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August 2008, I caused to be served a true and correct copy of the foregoing Notice of Service of Subpoena by email PDF and first class U.S. Mail, postage prepaid, to:

Thomas M. Sobol, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street, 4th Floor
Cambridge, MA 02142
T: 617-482-3700
F: 617-482-3003

*Attorneys for Plaintiff Harden Manufacturing*
*Corporation and Plaintiffs' Liaison Counsel*

Ronald J. Aranoff, Esq.
Bernstein, Liebhard & Lifshitz, LLP
10 East 40th Street, 22nd Floor
New York, NY 10016
T: 212-779-1414
F: 212-779-3218

*Attorneys for the Sales and Marketing Plaintiffs*

Andrew G. Finkelstein, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, NY 12550
T: 845-562-0203
F: 845-562-3492

Jack W. London, Esq.
Law Offices of Jack London & Associates, P.C.
3701 Bee Cave Road, Suite 200
West Lake Hills, TX 78746-5365
T: 512-478-5858
F: 512-479-5934

*Members of the Products Liability Plaintiffs'*
*Steering Committee*

Paul F. Corcoran, Esq.
Neal H. Klausner, Esq.
Cheryl Plambeck

3

Davis & Gilbert LLP
1740 Broadway
New York, NY 10019
T: 212-468-4800
F: 212-468-4888

*Attorneys for Cline, Davis & Mann, Inc.*

Scott A. Edelman, Esq.
Carolyn C. Wu, Esq.
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
T: 212-530-5000
F: 212-530-5219

Daniel J. Dwyer, Esq.
Hanify & King
One Beacon Street
Boston, MA 02108-3107
T: 617-423-0400
F: 617-423-0498

*Attorneys for Lodewijk J.R. DeVink and Anthony Wild*

Asa Groves, III, Esq.
Groves and Verona PA
7385 SW 87th Avenue, Suite 400
Miami, FL 33173
T: 305-273-7133
F: 305-273-7763
**(by fax)**
*Attorneys for Eckerd Corporation*

Alice S. Johnston, Esq.
Obermayer, Rebmann, Maxwell & Hippel LLC
1617 John F. Kennedy Blvd.
One Pennsylvania Center, 19th Floor
Philadelphia, PA 19103-1895
T: 215-665-3000
F: 215-665-3165

U. Gwyn Williams, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

4

T: 617-570-1000
F: 617-523-1231

Jonathan I. Price, Esq.
Goodwin Proctor LLP
599 Lexington Avenue
New York, NY 10022
T: 212-813-8800
F: 212-355-3333

*Attorneys for Teva Pharmaceuticals USA, Inc.*

Benjamin M. Welch, Esq.
Paul W. Shaw, Esq.
Brown Rudnick Berlack Israels LLP
One Financial Center, 18th Floor
Boston, MA 02111
T: 617-856-8200
F: 617-856-8201

Bruce F. Rogers, Esq.
Charles K. Hamilton, Esq.
Bainbridge, Mims, Rogers & Smith
P.O. Box 530886
Birmingham, AL 35253
T: 205-879-1100
F: 205-879-4300
**(by fax)**

Robert A. Griffith, Esq.
Gargiulo/Rudnick, LLP
66 Long Wharf
Boston, MA 02110
T: 617-742-3833
F: 617-523-7834

*Attorneys for David Reynolds Longmire*

Steven A. Stadtmauer, Esq.
Harris Beach PLLC
One Gateway Center, Suite 2500
Newark, NJ 07102
T: 973-848-1244
F: 212-687-0659

Ray M. Aragon, Esq.

5

Megan Kinsey-Smith, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
T:  202-496-7500

*Attorneys for Actavis Inc., Actavis Elizabeth LLC,
and Purepac Pharmaceutical Co.*

Debra V. Urbanowicz-Pandos, Esq.
Duran & Pandos
1044 Route 22 West, Suite 3
Mountainside, NJ 07092
T:  908-518-5000
F:  908-518-0030

*Attorneys for Philip J. Obiedzinski, DPM*

Jan R. McLean Bernier, Esq.
Halleland, Lewis, Nilan & Johnson
220 South 6th Street, Suite 600
Minneapolis, MN 55402
T:  612-338-1838
F:  612-338-7858

*Attorneys for Forest Laboratories, Inc.
and Forest Pharmaceuticals, Inc.*

Douglas L. Brown, Esq.
Brady Radcliff & Brown LLP
P.O. Box 1668
Mobile, AL 36633
T:  251-405-0077
F:  251-405-0076

*Attorneys for Rite Aid Headquarters Corporation,
Rite Aid of Alabama, Inc., and Rite Aid 7028*

Jill Zibkow, Esq.
Armienti, DeBellis & Whiten, LLP
44 Wall Street, 18th Floor
New York, NY 10005
T: 212-809-7074
F: 212-809-7713

*Attorneys for Rite Aid Corporation*

Robert K. Dowd, Esq.
Dowd & Blount
3141 Hood Street
Suite 650
Dallas, TX 75219
T: 214-922-8884
F: 214-922-9372
**(by fax)**

*Attorneys for Jay Seastrunk, M.D.*

Kenneth Fromson, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, NY 12550
T: 845-562-0203
F: 845-562-3492

Robert N. Wilkey, Esq.
Pogust & Braslow
8 Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428
T: 610-941-4204
F: 610-941-4245

Alan Fuchsberg, Esq.
The Jacob D. Fuchsberg Law Firm, LLP
500 Fifth Avenue
New York, New York 10110
T: 212-869-3500
F: 212-398-1532

Christopher P. Keenan, Esq.
Westermann, Hamilton, Sheehy, Aydelott & Keenan, LLP
222 Bloomingdale Road
Suite 308

7

White Plains, NY 10605
T: 914-946-7770
F: 914-946-4587

Theresa M. Walsh, Esq.
Brown Chiari LLP
5775 Broadway
Lancaster, NY 14086-2360
T: 800-662-7696
F: 716-681-8136

W. Mark Lanier, Esq.
David Kuttles, Esq.
The Lanier Law Firm, P.L.L.C.
126 East 56th Street
6th Floor
New York, NY 10022
T: 212-421-2800
F: 212-421-2878 / 713-659-2204

*Attorneys for Products Liability Plaintiffs*

Matthew B. Rowland

AO 88 (Rev. 12/07) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE NEURONTIN MARKETING,
SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No.  04-10981 [D. Mass.]

TO:     John Abramson, MD
        39 Spring Street
        Ipswich, Massachusetts 01938

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents listed on Schedule A attached.**

| PLACE | DATE AND TIME |
|---|---|
| Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | August 22, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   *Matthew Rowland*   Attorney for Defendants | DATE   August 13, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
    Matthew B. Rowland
    Davis Polk & Wardwell
    450 Lexington Ave.
    New York, New York 10017         (212) 450-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| | | |
|---|---|---|
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) **PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce the duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.
(d) **DUTIES IN RESPONDING TO A SUBPOENA.**
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
(e) **CONTEMPT.**
    The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

I.     DEFINITIONS

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.  Additionally, the following definitions apply to this Schedule:

A.     "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

B.     "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located.  "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile reproductions (faxes), factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions.

C.     "Concerning" shall mean referring to, describing, evidencing, or constituting.

D.     "Relating to" shall mean concerning.

E.     "And" or "or" shall be construed conjunctively or disjunctively in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

F.     Words in the singular include the plural, and words in the plural include the singular. "Each" and "any" are both singular and plural. Words in the past tense include the present, and words in the present tense include the past.

II.     INSTRUCTIONS

A.     You are required to produce all of the requested documents that are in your possession, custody, or control, including but not limited to documents in the possession, custody, or control of present or former attorneys, investigators, accountants, partners, employees, or other agents, as well as any present or former independent contractors over which you had control and any other persons acting on your behalf, wherever located.

B.     If any document called for by these requests is not produced on the ground that it is privileged or otherwise claimed to be protected against production by any rule of law, (1) the attorney asserting the privilege shall in the objection identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (2) the following information shall be provided in the objection: type of document (*i.e.*, letter, memorandum, etc.), general subject matter, date, its present location, and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including,

2

where appropriate, the author of the document, the addressee and other recipients of the document, and, where not apparent, the relationship of the author and addressee to each other.

C.      In the event that any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, and person authorizing destruction or disposing of the document.

D.      The relevant time period, unless otherwise indicated, shall be from December 1, 1993 to date and shall include all documents and information that relate in whole or in part to such period or to events or circumstances during such period.

III.    DOCUMENTS TO BE PRODUCED

Request No. 1

All documents that you have reviewed or relied upon in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

Request No. 2

All documents prepared by you or at your direction, including drafts, notes or incomplete work, in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

3

Request No. 3

All documents, including but not limited to documents concerning any communications between you and counsel for plaintiffs or their agents or any other person, relating to any aspect of your involvement as an expert witness in this case.

Request No. 4

All resumes, curricula vitae, brochures, or promotional materials created by or relating to yourself or any organization under your control.

Request No. 5

All declarations, affidavits, statements, or reports and all written, transcribed, or videotaped testimony prepared or provided by or for you, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding.

Request No. 6

All retention agreements or other documents concerning the services that you are providing in this case.

4

AO 88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE NEURONTIN MARKETING,
SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No.  04-10981 [D. Mass.]

TO:    Brian Alldredge, PharmD
University of California, San Francisco
521 Parnassus Ave., C-152
San Francisco, CA 94143-0622

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents listed on Schedule A attached.**

| PLACE | DATE AND TIME |
|---|---|
| Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | August 22, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Matthew Rowland*<br>Attorney for Defendants | August 13, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew B. Rowland
Davis Polk & Wardwell
450 Lexington Ave.
New York, New York 10017    (212) 450-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(e) CONTEMPT.**
    The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

I.     DEFINITIONS

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.  Additionally, the following definitions apply to this Schedule:

A.     "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

B.     "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located.  "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile reproductions (faxes), factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions.

C.     "Concerning" shall mean referring to, describing, evidencing, or constituting.

D.      "Relating to" shall mean concerning.

E.      "And" or "or" shall be construed conjunctively or disjunctively in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

F.      Words in the singular include the plural, and words in the plural include the singular. "Each" and "any" are both singular and plural. Words in the past tense include the present, and words in the present tense include the past.

II.     INSTRUCTIONS

A.      You are required to produce all of the requested documents that are in your possession, custody, or control, including but not limited to documents in the possession, custody, or control of present or former attorneys, investigators, accountants, partners, employees, or other agents, as well as any present or former independent contractors over which you had control and any other persons acting on your behalf, wherever located.

B.      If any document called for by these requests is not produced on the ground that it is privileged or otherwise claimed to be protected against production by any rule of law, (1) the attorney asserting the privilege shall in the objection identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (2) the following information shall be provided in the objection: type of document (*i.e.*, letter, memorandum, etc.), general subject matter, date, its present location, and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including,

2

where appropriate, the author of the document, the addressee and other recipients of the document, and, where not apparent, the relationship of the author and addressee to each other.

      C.      In the event that any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, and person authorizing destruction or disposing of the document.

      D.      The relevant time period, unless otherwise indicated, shall be from December 1, 1993 to date and shall include all documents and information that relate in whole or in part to such period or to events or circumstances during such period.

III.     <u>DOCUMENTS TO BE PRODUCED</u>

<u>Request No. 1</u>

      All documents that you have reviewed or relied upon in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

<u>Request No. 2</u>

      All documents prepared by you or at your direction, including drafts, notes or incomplete work, in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

3

Request No. 3

All documents, including but not limited to documents concerning any communications between you and counsel for plaintiffs or their agents or any other person, relating to any aspect of your involvement as an expert witness in this case.

Request No. 4

All resumes, curricula vitae, brochures, or promotional materials created by or relating to yourself or any organization under your control.

Request No. 5

All declarations, affidavits, statements, or reports and all written, transcribed, or videotaped testimony prepared or provided by or for you, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding.

Request No. 6

All retention agreements or other documents concerning the services that you are providing in this case.

4

AO 88 (Rev. 12/07) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE NEURONTIN MARKETING,
SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

### SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No.  04-10981 [D. Mass.]

TO:      Jeffrey S. Barkin, MD
         97 A Exchange Street, Suite 401
         Portland, Maine 04101

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

✗ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents listed on Schedule A attached.**

| PLACE | DATE AND TIME |
|---|---|
| Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | August 22, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Matthew Rowland*<br>Attorney for Defendants | August 13, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
     Matthew B. Rowland
     Davis Polk & Wardwell
     450 Lexington Ave.
     New York, New York 10017          (212) 450-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) **PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) **DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
(e) **CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

I.    DEFINITIONS

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.  Additionally, the following definitions apply to this Schedule:

A.    "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

B.    "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located.  "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile reproductions (faxes), factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions.

C.    "Concerning" shall mean referring to, describing, evidencing, or constituting.

D.  "Relating to" shall mean concerning.

E.  "And" or "or" shall be construed conjunctively or disjunctively in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

F.  Words in the singular include the plural, and words in the plural include the singular. "Each" and "any" are both singular and plural. Words in the past tense include the present, and words in the present tense include the past.

II. <u>INSTRUCTIONS</u>

A.  You are required to produce all of the requested documents that are in your possession, custody, or control, including but not limited to documents in the possession, custody, or control of present or former attorneys, investigators, accountants, partners, employees, or other agents, as well as any present or former independent contractors over which you had control and any other persons acting on your behalf, wherever located.

B.  If any document called for by these requests is not produced on the ground that it is privileged or otherwise claimed to be protected against production by any rule of law, (1) the attorney asserting the privilege shall in the objection identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (2) the following information shall be provided in the objection: type of document (*i.e.*, letter, memorandum, etc.), general subject matter, date, its present location, and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including,

2

where appropriate, the author of the document, the addressee and other recipients of the document, and, where not apparent, the relationship of the author and addressee to each other.

C.      In the event that any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, and person authorizing destruction or disposing of the document.

D.      The relevant time period, unless otherwise indicated, shall be from December 1, 1993 to date and shall include all documents and information that relate in whole or in part to such period or to events or circumstances during such period.

III.     DOCUMENTS TO BE PRODUCED

Request No. 1

All documents that you have reviewed or relied upon in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

Request No. 2

All documents prepared by you or at your direction, including drafts, notes or incomplete work, in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

3

Request No. 3

All documents, including but not limited to documents concerning any communications between you and counsel for plaintiffs or their agents or any other person, relating to any aspect of your involvement as an expert witness in this case.

Request No. 4

All resumes, curricula vitae, brochures, or promotional materials created by or relating to yourself or any organization under your control.

Request No. 5

All declarations, affidavits, statements, or reports and all written, transcribed, or videotaped testimony prepared or provided by or for you, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding.

Request No. 6

All retention agreements or other documents concerning the services that you are providing in this case.

4

AO 88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

**IN RE NEURONTIN MARKETING,
SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION**

**·SUBPOENA IN A CIVIL CASE**

MDL Docket No. 04-MDL-1629
Master File No.  04-10981 [D. Mass.]

TO:     Kay Dickersin, PhD
        Center for Clinical Trials, Room W5010
        Baltimore, MD 21205

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents listed on Schedule A attached.**

| PLACE | DATE AND TIME |
|---|---|
| Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | August 22, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Matthew Rowland* (signature)<br>Attorney for Defendants | August 13, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
        Matthew B. Rowland
        Davis Polk & Wardwell
        450 Lexington Ave.
        New York, New York 10017          (212) 450-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

I.    DEFINITIONS

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference. Additionally, the following definitions apply to this Schedule:

A.    "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

B.    "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located. "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile reproductions (faxes), factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions.

C.    "Concerning" shall mean referring to, describing, evidencing, or constituting.

D.      "Relating to" shall mean concerning.

E.      "And" or "or" shall be construed conjunctively or disjunctively in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

F.      Words in the singular include the plural, and words in the plural include the singular. "Each" and "any" are both singular and plural. Words in the past tense include the present, and words in the present tense include the past.

II.     INSTRUCTIONS

A.      You are required to produce all of the requested documents that are in your possession, custody, or control, including but not limited to documents in the possession, custody, or control of present or former attorneys, investigators, accountants, partners, employees, or other agents, as well as any present or former independent contractors over which you had control and any other persons acting on your behalf, wherever located.

B.      If any document called for by these requests is not produced on the ground that it is privileged or otherwise claimed to be protected against production by any rule of law, (1) the attorney asserting the privilege shall in the objection identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (2) the following information shall be provided in the objection: type of document (*i.e.*, letter, memorandum, etc.), general subject matter, date, its present location, and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including,

2

where appropriate, the author of the document, the addressee and other recipients of the document, and, where not apparent, the relationship of the author and addressee to each other.

C.    In the event that any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, and person authorizing destruction or disposing of the document.

D.    The relevant time period, unless otherwise indicated, shall be from December 1, 1993 to date and shall include all documents and information that relate in whole or in part to such period or to events or circumstances during such period.

III.    DOCUMENTS TO BE PRODUCED

Request No. 1

All documents that you have reviewed or relied upon in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

Request No. 2

All documents prepared by you or at your direction, including drafts, notes or incomplete work, in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

3

Request No. 3

All documents, including but not limited to documents concerning any communications between you and counsel for plaintiffs or their agents or any other person, relating to any aspect of your involvement as an expert witness in this case.

Request No. 4

All resumes, curricula vitae, brochures, or promotional materials created by or relating to yourself or any organization under your control.

Request No. 5

All declarations, affidavits, statements, or reports and all written, transcribed, or videotaped testimony prepared or provided by or for you, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding.

Request No. 6

All retention agreements or other documents concerning the services that you are providing in this case.

AO 88 (Rev. 12/07) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE NEURONTIN MARKETING,
SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No.  04-10981 [D. Mass.]

TO:     Raymond S. Hartman, PhD
        Greylock McKinnon Associates
        1 Memorial Drive, Suite 1410
        Cambridge, MA 02142

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents listed on Schedule A attached.**

| PLACE | DATE AND TIME |
|---|---|
| Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | August 22, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Matthew Rowland* (signature)<br>Attorney for Defendants | August 13, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
        Matthew B. Rowland
        Davis Polk & Wardwell
        450 Lexington Ave.
        New York, New York 10017          (212) 450-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

I.     DEFINITIONS

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.  Additionally, the following definitions apply to this Schedule:

A.     "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

B.     "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located.  "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile reproductions (faxes), factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions.

C.     "Concerning" shall mean referring to, describing, evidencing, or constituting.

D.    "Relating to" shall mean concerning.

E.    "And" or "or" shall be construed conjunctively or disjunctively in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

F.    Words in the singular include the plural, and words in the plural include the singular. "Each" and "any" are both singular and plural. Words in the past tense include the present, and words in the present tense include the past.

II.    INSTRUCTIONS

A.    You are required to produce all of the requested documents that are in your possession, custody, or control, including but not limited to documents in the possession, custody, or control of present or former attorneys, investigators, accountants, partners, employees, or other agents, as well as any present or former independent contractors over which you had control and any other persons acting on your behalf, wherever located.

B.    If any document called for by these requests is not produced on the ground that it is privileged or otherwise claimed to be protected against production by any rule of law, (1) the attorney asserting the privilege shall in the objection identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (2) the following information shall be provided in the objection: type of document (*i.e.*, letter, memorandum, etc.), general subject matter, date, its present location, and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including,

2

where appropriate, the author of the document, the addressee and other recipients of the document, and, where not apparent, the relationship of the author and addressee to each other.

C.     In the event that any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, and person authorizing destruction or disposing of the document.

D.     The relevant time period, unless otherwise indicated, shall be from December 1, 1993 to date and shall include all documents and information that relate in whole or in part to such period or to events or circumstances during such period.

III.     DOCUMENTS TO BE PRODUCED

Request No. 1

All documents that you have reviewed or relied upon in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

Request No. 2

All documents prepared by you or at your direction, including drafts, notes or incomplete work, in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

3

Request No. 3

All documents, including but not limited to documents concerning any communications between you and counsel for plaintiffs or their agents or any other person, relating to any aspect of your involvement as an expert witness in this case.

Request No. 4

All resumes, curricula vitae, brochures, or promotional materials created by or relating to yourself or any organization under your control.

Request No. 5

All declarations, affidavits, statements, or reports and all written, transcribed, or videotaped testimony prepared or provided by or for you, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding.

Request No. 6

All retention agreements or other documents concerning the services that you are providing in this case.

4

AO 88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

IN RE NEURONTIN MARKETING,
SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No.  04-10981 [D. Mass.]

TO:   Nicholas P. Jewell, PhD
      University of California, Berkeley
      140 Warren Hall
      Berkeley, CA 94720

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents listed on Schedule A attached.**

| PLACE | DATE AND TIME |
|---|---|
| Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | August 22, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Matthew Rowland_ <br> Attorney for Defendants | August 13, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
   Matthew B. Rowland
   Davis Polk & Wardwell
   450 Lexington Ave.
   New York, New York 10017          (212) 450-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

AO 88 (Rev. 12/07) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| | | |
|---|---|---|
| SERVED BY (PRINT NAME) | | TITLE |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of theUnited States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) **PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees— on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspectin of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may srve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving partymay move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person— except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.
(d) **DUTIES IN RESPONDING TO A SUBPOENA.**
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing ElectronicallyStored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The courtmay specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trialpreparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the bais for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
(e) **CONTEMPT.**
        The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

I.      DEFINITIONS

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.  Additionally, the following definitions apply to this Schedule:

A.      "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

B.      "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located.  "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile reproductions (faxes), factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions.

C.      "Concerning" shall mean referring to, describing, evidencing, or constituting.

D.      "Relating to" shall mean concerning.

E.      "And" or "or" shall be construed conjunctively or disjunctively in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

F.      Words in the singular include the plural, and words in the plural include the singular. "Each" and "any" are both singular and plural. Words in the past tense include the present, and words in the present tense include the past.

II.     INSTRUCTIONS

A.      You are required to produce all of the requested documents that are in your possession, custody, or control, including but not limited to documents in the possession, custody, or control of present or former attorneys, investigators, accountants, partners, employees, or other agents, as well as any present or former independent contractors over which you had control and any other persons acting on your behalf, wherever located.

B.      If any document called for by these requests is not produced on the ground that it is privileged or otherwise claimed to be protected against production by any rule of law, (1) the attorney asserting the privilege shall in the objection identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (2) the following information shall be provided in the objection: type of document (*i.e.*, letter, memorandum, etc.), general subject matter, date, its present location, and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including,

2

where appropriate, the author of the document, the addressee and other recipients of the document, and, where not apparent, the relationship of the author and addressee to each other.

      C.      In the event that any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, and person authorizing destruction or disposing of the document.

      D.      The relevant time period, unless otherwise indicated, shall be from December 1, 1993 to date and shall include all documents and information that relate in whole or in part to such period or to events or circumstances during such period.

III.      DOCUMENTS TO BE PRODUCED

Request No. 1

      All documents that you have reviewed or relied upon in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

Request No. 2

      All documents prepared by you or at your direction, including drafts, notes or incomplete work, in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

3

Request No. 3

All documents, including but not limited to documents concerning any communications between you and counsel for plaintiffs or their agents or any other person, relating to any aspect of your involvement as an expert witness in this case.

Request No. 4

All resumes, curricula vitae, brochures, or promotional materials created by or relating to yourself or any organization under your control.

Request No. 5

All declarations, affidavits, statements, or reports and all written, transcribed, or videotaped testimony prepared or provided by or for you, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding.

Request No. 6

All retention agreements or other documents concerning the services that you are providing in this case.

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**IN RE NEURONTIN MARKETING,
SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION**

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No.  04-10981 [D. Mass.]

TO:    David A. Kessler, MD
       2715 Steiner Street
       San Francisco, CA 94123

□ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

□ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents listed on Schedule A attached.**

| PLACE | DATE AND TIME |
|---|---|
| Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | August 22, 2008 |

□ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendants | August 13, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
    Matthew B. Rowland
    Davis Polk & Wardwell
    450 Lexington Ave.
    New York, New York 10017     (212) 450-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

AO 88 (Rev. 12/07) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

I.     DEFINITIONS

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference. Additionally, the following definitions apply to this Schedule:

A.     "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

B.     "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located. "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile reproductions (faxes), factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions.

C.     "Concerning" shall mean referring to, describing, evidencing, or constituting.

D.      "Relating to" shall mean concerning.

E.      "And" or "or" shall be construed conjunctively or disjunctively in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

F.      Words in the singular include the plural, and words in the plural include the singular. "Each" and "any" are both singular and plural. Words in the past tense include the present, and words in the present tense include the past.

II.     INSTRUCTIONS

A.      You are required to produce all of the requested documents that are in your possession, custody, or control, including but not limited to documents in the possession, custody, or control of present or former attorneys, investigators, accountants, partners, employees, or other agents, as well as any present or former independent contractors over which you had control and any other persons acting on your behalf, wherever located.

B.      If any document called for by these requests is not produced on the ground that it is privileged or otherwise claimed to be protected against production by any rule of law, (1) the attorney asserting the privilege shall in the objection identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (2) the following information shall be provided in the objection: type of document (*i.e.*, letter, memorandum, etc.), general subject matter, date, its present location, and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including,

2

where appropriate, the author of the document, the addressee and other recipients of the document, and, where not apparent, the relationship of the author and addressee to each other.

      C.     In the event that any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, and person authorizing destruction or disposing of the document.

      D.     The relevant time period, unless otherwise indicated, shall be from December 1, 1993 to date and shall include all documents and information that relate in whole or in part to such period or to events or circumstances during such period.

III.     DOCUMENTS TO BE PRODUCED

Request No. 1

All documents that you have reviewed or relied upon in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

Request No. 2

All documents prepared by you or at your direction, including drafts, notes or incomplete work, in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

3

Request No. 3

All documents, including but not limited to documents concerning any communications between you and counsel for plaintiffs or their agents or any other person, relating to any aspect of your involvement as an expert witness in this case.

Request No. 4

All resumes, curricula vitae, brochures, or promotional materials created by or relating to yourself or any organization under your control.

Request No. 5

All declarations, affidavits, statements, or reports and all written, transcribed, or videotaped testimony prepared or provided by or for you, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding.

Request No. 6

All retention agreements or other documents concerning the services that you are providing in this case.

4

AO 88 (Rev. 12/07) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE NEURONTIN MARKETING,
SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

### SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No.  04-10981 [D. Mass.]

TO:    Douglas C. McCrory, MD, MHS
Center for Clinical Health Policy Research
Duke University
2200 W. Main Street, Suite 220
Durham, NC 27705

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents listed on Schedule A attached.**

| PLACE | DATE AND TIME |
|---|---|
| Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | August 22, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Matthew Rowland*<br>Attorney for Defendants | August 13, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
    Matthew B. Rowland
    Davis Polk & Wardwell
    450 Lexington Ave.
    New York, New York 10017      (212) 450-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) **PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) **DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
(e) **CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

I.   DEFINITIONS

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.  Additionally, the following definitions apply to this Schedule:

A.   "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

B.   "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located.  "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile reproductions (faxes), factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions.

C.   "Concerning" shall mean referring to, describing, evidencing, or constituting.

D.      "Relating to" shall mean concerning.

E.      "And" or "or" shall be construed conjunctively or disjunctively in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

F.      Words in the singular include the plural, and words in the plural include the singular. "Each" and "any" are both singular and plural. Words in the past tense include the present, and words in the present tense include the past.

II.      INSTRUCTIONS

A.      You are required to produce all of the requested documents that are in your possession, custody, or control, including but not limited to documents in the possession, custody, or control of present or former attorneys, investigators, accountants, partners, employees, or other agents, as well as any present or former independent contractors over which you had control and any other persons acting on your behalf, wherever located.

B.      If any document called for by these requests is not produced on the ground that it is privileged or otherwise claimed to be protected against production by any rule of law, (1) the attorney asserting the privilege shall in the objection identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (2) the following information shall be provided in the objection: type of document (*i.e.*, letter, memorandum, etc.), general subject matter, date, its present location, and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including,

2

where appropriate, the author of the document, the addressee and other recipients of the document, and, where not apparent, the relationship of the author and addressee to each other.

      C.      In the event that any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, and person authorizing destruction or disposing of the document.

      D.      The relevant time period, unless otherwise indicated, shall be from December 1, 1993 to date and shall include all documents and information that relate in whole or in part to such period or to events or circumstances during such period.

III.      DOCUMENTS TO BE PRODUCED

Request No. 1

      All documents that you have reviewed or relied upon in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

Request No. 2

      All documents prepared by you or at your direction, including drafts, notes or incomplete work, in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

3

Request No. 3

All documents, including but not limited to documents concerning any communications between you and counsel for plaintiffs or their agents or any other person, relating to any aspect of your involvement as an expert witness in this case.

Request No. 4

All resumes, curricula vitae, brochures, or promotional materials created by or relating to yourself or any organization under your control.

Request No. 5

All declarations, affidavits, statements, or reports and all written, transcribed, or videotaped testimony prepared or provided by or for you, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding.

Request No. 6

All retention agreements or other documents concerning the services that you are providing in this case.

AO 88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**IN RE NEURONTIN MARKETING,**
**SALES PRACTICES, AND**
**PRODUCTS LIABILITY LITIGATION**

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No.  04-10981 [D. Mass.]

TO:   Kimberly Ply McDonough, PharmD
       Advanced Pharmacy Concepts, Inc.
       6899 Post Road
       North Kingstown, RI 02852

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents listed on Schedule A attached.**

| PLACE | DATE AND TIME |
|---|---|
| Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | August 22, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Matthew Rowland*<br>Attorney for Defendants | August 13, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
   Matthew B. Rowland
   Davis Polk & Wardwell
   450 Lexington Ave.
   New York, New York 10017          (212) 450-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

I.    DEFINITIONS

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.  Additionally, the following definitions apply to this Schedule:

A.    "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

B.    "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located.  "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile reproductions (faxes), factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions.

C.    "Concerning" shall mean referring to, describing, evidencing, or constituting.

D.      "Relating to" shall mean concerning.

E.      "And" or "or" shall be construed conjunctively or disjunctively in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

F.      Words in the singular include the plural, and words in the plural include the singular.  "Each" and "any" are both singular and plural.  Words in the past tense include the present, and words in the present tense include the past.

II.     INSTRUCTIONS

A.      You are required to produce all of the requested documents that are in your possession, custody, or control, including but not limited to documents in the possession, custody, or control of present or former attorneys, investigators, accountants, partners, employees, or other agents, as well as any present or former independent contractors over which you had control and any other persons acting on your behalf, wherever located.

B.      If any document called for by these requests is not produced on the ground that it is privileged or otherwise claimed to be protected against production by any rule of law, (1) the attorney asserting the privilege shall in the objection identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (2) the following information shall be provided in the objection:  type of document (*i.e.*, letter, memorandum, etc.), general subject matter, date, its present location, and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including,

2

where appropriate, the author of the document, the addressee and other recipients of the document, and, where not apparent, the relationship of the author and addressee to each other.

C.      In the event that any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, and person authorizing destruction or disposing of the document.

D.      The relevant time period, unless otherwise indicated, shall be from December 1, 1993 to date and shall include all documents and information that relate in whole or in part to such period or to events or circumstances during such period.

III.     DOCUMENTS TO BE PRODUCED

Request No. 1

All documents that you have reviewed or relied upon in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

Request No. 2

All documents prepared by you or at your direction, including drafts, notes or incomplete work, in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

3

Request No. 3

All documents, including but not limited to documents concerning any communications between you and counsel for plaintiffs or their agents or any other person, relating to any aspect of your involvement as an expert witness in this case.

Request No. 4

All resumes, curricula vitae, brochures, or promotional materials created by or relating to yourself or any organization under your control.

Request No. 5

All declarations, affidavits, statements, or reports and all written, transcribed, or videotaped testimony prepared or provided by or for you, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding.

Request No. 6

All retention agreements or other documents concerning the services that you are providing in this case.

4

AO 88 (Rev. 12/07) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

**IN RE NEURONTIN MARKETING,**
**SALES PRACTICES, AND**
**PRODUCTS LIABILITY LITIGATION**

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No.  04-10981 [D. Mass.]

TO:      Thomas L. Perry M.D.
         Department of Medicine
         University Hospital
         2211 West Wesbrook Mall
         Vancouver, B.C. V6R 2P1 Canada

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents listed on Schedule A attached.**

| PLACE | DATE AND TIME |
|---|---|
| Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | August 22, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Matthew Rowland*<br>Attorney for Defendants | August 13, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
     Matthew B. Rowland
     Davis Polk & Wardwell
     450 Lexington Ave.
     New York, New York 10017          (212) 450-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

I.    DEFINITIONS

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference. Additionally, the following definitions apply to this Schedule:

A.    "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

B.    "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located. "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile reproductions (faxes), factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions.

C.    "Concerning" shall mean referring to, describing, evidencing, or constituting.

D.     "Relating to" shall mean concerning.

E,     "And" or "or" shall be construed conjunctively or disjunctively in order to bring

within the scope of the request all responses which might otherwise be construed to be outside its

scope.

F.     Words in the singular include the plural, and words in the plural include the

singular. "Each" and "any" are both singular and plural. Words in the past tense include the

present, and words in the present tense include the past.

II.     INSTRUCTIONS

A.     You are required to produce all of the requested documents that are in your

possession, custody, or control, including but not limited to documents in the possession, custody,

or control of present or former attorneys, investigators, accountants, partners, employees, or

other agents, as well as any present or former independent contractors over which you had

control and any other persons acting on your behalf, wherever located.

B.     If any document called for by these requests is not produced on the ground that it

is privileged or otherwise claimed to be protected against production by any rule of law, (1) the

attorney asserting the privilege shall in the objection identify the nature of the privilege

(including work product) which is being claimed and if the privilege is being asserted in

connection with a claim or defense governed by state law, indicate the state's privilege rule being

invoked; and (2) the following information shall be provided in the objection: type of document

(*i.e.*, letter, memorandum, etc.), general subject matter, date, its present location, and such other

information as is sufficient to identify the document for a subpoena *duces tecum*, including,

2

where appropriate, the author of the document, the addressee and other recipients of the document, and, where not apparent, the relationship of the author and addressee to each other.

C.     In the event that any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, and person authorizing destruction or disposing of the document.

D.     The relevant time period, unless otherwise indicated, shall be from December 1, 1993 to date and shall include all documents and information that relate in whole or in part to such period or to events or circumstances during such period.

III.   DOCUMENTS TO BE PRODUCED

Request No. 1

All documents that you have reviewed or relied upon in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

Request No. 2

All documents prepared by you or at your direction, including drafts, notes or incomplete work, in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

3

Request No. 3

All documents, including but not limited to documents concerning any communications between you and counsel for plaintiffs or their agents or any other person, relating to any aspect of your involvement as an expert witness in this case.

Request No. 4

All resumes, curricula vitae, brochures, or promotional materials created by or relating to yourself or any organization under your control.

Request No. 5

All declarations, affidavits, statements, or reports and all written, transcribed, or videotaped testimony prepared or provided by or for you, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding.

Request No. 6

All retention agreements or other documents concerning the services that you are providing in this case.

4

AO 88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

IN RE NEURONTIN MARKETING,
SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 04-MDL-1629
Master File No. 04-10981 [D. Mass.]

TO:    Meredith B. Rosenthal, PhD
       Harvard School of Public Health
       Department of Health Policy and Management
       677 Huntington Avenue, Room 405
       Boston, MA 02115

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents listed on Schedule A attached.**

| PLACE | DATE AND TIME |
|---|---|
| Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, New York 10017 | August 22, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Matthew Rowland*<br>Attorney for Defendants | August 13, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
    Matthew B. Rowland
    Davis Polk & Wardwell
    450 Lexington Ave.
    New York, New York 10017    (212) 450-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

AO 88 (Rev. 12/07) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |

| | | |
|---|---|---|
| SERVED BY (PRINT NAME) | TITLE | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

I.      DEFINITIONS

The definitions contained in Rule 26.5 of the Local Rules of the United States District

Court for the District of Massachusetts are incorporated herein by reference.  Additionally, the

following definitions apply to this Schedule:

A.      "Communications" shall mean the transmittal of information (in the form of facts,

ideas, inquiries, or otherwise).

B.      "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of

Civil Procedure and Local Rule 26.5, includes all forms of writings as defined in Rule 1001(1) of

the Federal Rules of Evidence, and includes any reduction to tangible form, whether written,

recorded, taped, filmed, videotaped, or in computer, digital, or magnetic memory or storage, of

communication, information, or data, including any graphic matter of any kind or nature,

however produced or reproduced, and also includes originals, drafts, and non-identical copies,

wherever located.  "Document" shall include, but not be limited to, books, contracts, agreements,

correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and

keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic

communications, pleadings or other legal papers, telexes, telegrams, telecopies, facsimile

reproductions (faxes), factual compilations, data compilations, statistical compilations, plans,

diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers,

catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs,

microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks,

telephone records, schedules, bids, voice recordings, and transcriptions.

C.      "Concerning" shall mean referring to, describing, evidencing, or constituting.

D.      "Relating to" shall mean concerning.

E.      "And" or "or" shall be construed conjunctively or disjunctively in order to bring

within the scope of the request all responses which might otherwise be construed to be outside its

scope.

F.      Words in the singular include the plural, and words in the plural include the

singular. "Each" and "any" are both singular and plural. Words in the past tense include the

present, and words in the present tense include the past.

II.     INSTRUCTIONS

A.      You are required to produce all of the requested documents that are in your

possession, custody, or control, including but not limited to documents in the possession, custody,

or control of present or former attorneys, investigators, accountants, partners, employees, or

other agents, as well as any present or former independent contractors over which you had

control and any other persons acting on your behalf, wherever located.

B.      If any document called for by these requests is not produced on the ground that it

is privileged or otherwise claimed to be protected against production by any rule of law, (1) the

attorney asserting the privilege shall in the objection identify the nature of the privilege

(including work product) which is being claimed and if the privilege is being asserted in

connection with a claim or defense governed by state law, indicate the state's privilege rule being

invoked; and (2) the following information shall be provided in the objection:  type of document

(*i.e.*, letter, memorandum, etc.), general subject matter, date, its present location, and such other

information as is sufficient to identify the document for a subpoena *duces tecum*, including,

2

where appropriate, the author of the document, the addressee and other recipients of the document, and, where not apparent, the relationship of the author and addressee to each other.

C.      In the event that any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, and person authorizing destruction or disposing of the document.

D.      The relevant time period, unless otherwise indicated, shall be from December 1, 1993 to date and shall include all documents and information that relate in whole or in part to such period or to events or circumstances during such period.

III.      DOCUMENTS TO BE PRODUCED

Request No. 1

All documents that you have reviewed or relied upon in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

Request No. 2

All documents prepared by you or at your direction, including drafts, notes or incomplete work, in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

3

Request No. 3

All documents, including but not limited to documents concerning any communications between you and counsel for plaintiffs or their agents or any other person, relating to any aspect of your involvement as an expert witness in this case.

Request No. 4

All resumes, curricula vitae, brochures, or promotional materials created by or relating to yourself or any organization under your control.

Request No. 5

All declarations, affidavits, statements, or reports and all written, transcribed, or videotaped testimony prepared or provided by or for you, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding.

Request No. 6

All retention agreements or other documents concerning the services that you are providing in this case.

4