# EXHIBIT B

## GREENE & HOFFMAN
PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

FACSIMILE
(617) 261-3558
EMAIL
OFFICE@GREENEHOFFMAN.COM

33 BROAD STREET, 5TH FLOOR
BOSTON, MASSACHUSETTS 02109

(617) 261-0040
WWW.GREENEHOFFMAN.COM

**DATE:** August 22, 2008

**FAX:** (212)450-3695          **PHONE:**

**TO:** Edmund Polubinski III

**FROM:** Ilyas Rona

**RE:** Neurontin

**PAGE (S):** 7, including cover

**MESSAGE:** Please see attached

*\* If you have any problems with this transmission,*
*please call (617) 261-0040.*

### CONFIDENTIALITY NOTE

The documents accompanying this fax transmission contain information which is confidential and privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking any action in reliance on the contents of this faxed information is strictly prohibited and the documents should be returned to this firm immediately. In this regard, if you have received this fax in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.

## GREENE & HOFFMAN
PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

FACSIMILE
(617) 261-3558
EMAIL
office@greenehoffman.com

33 BROAD STREET, 5TH FLOOR
BOSTON, MASSACHUSETTS 02109
(617) 261-0040
www.greenehoffman.com

August 22, 2008

**BY FIRST CLASS MAIL
& FACSIMILE (212) 450-3695**

Edmund Polubinski III, Esq.
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

RE:  Subpoenas Served Upon Drs. Abramson, Alldredge, Barkin, Dickersin, Hartman, Jewell, Kessler, McCrory, McDonough, Perry, and Rosenthal; In re Neurontin Marketing, Sales Practices, and Products Liability Litigation, MDL Docket No. 1629, Master File No. 04-10981-PBS (D. Mass.)

Dear Mr. Polubinski:

This letter will serve as the formal, written objections on behalf of Drs. Abramson, Alldredge, Barkin, Dickersin, Hartman, Jewell, Kessler, McCrory, McDonough, Perry, and Rosenthal (collectively, the "Plaintiffs' Experts"), pursuant to Federal Rule of Civil Procedure 45(c)(B), to the subpoenas that you have served on said Plaintiffs' Experts ("Subpoenas"). Given the identical or nearly identical form and wording of the Subpoenas, unless otherwise stated herein, the objections set forth below apply to each of the Subpoenas served upon the Plaintiffs' Experts to the same extent as would be the case if the objections were set forth by each of the Plaintiffs' Experts individually.

## GENERAL OBJECTIONS

A.  Plaintiffs' Experts object to the Subpoenas because said Subpoenas issue from the District Court in the Southern District of New York, and not from the court in the states or provinces where the production—either the presentment of documents for inspection or, if Pfizer is willing to pay the costs for duplication and shipping, the duplication of documents and placement in the custody of a shipping agent—will take place. Additionally, Dr. Perry objects to the extent that the Subpoena fails to comply with national or international rules and regulations concerning issuance and/or form of a subpoena compelling a Canadian citizen who does not reside inside the United States to produce documents.

B.  Plaintiffs' Experts object to the Subpoenas to the extent that they require Plaintiffs' Experts to produce documents in New York City, a location that is more than 100 miles from the place where Plaintiffs' Experts reside, are employed, or regularly transact

Letter to Edmund Polubinski III, Esq.
Subpoenas Served Upon Drs. Abramson, et al.
In re Neurontin Marketing, Sales Practices, and Products Liability Litigation
MDL Docket No. 1629, Master File No. 04-10981-PBS (D. Mass.)
August 22, 2008
Page 2

business in person. Plaintiffs' Experts further object that producing documents in New York City, given the volume of information sought, will be unduly burdensome and subject them to expensive shipping costs that would not otherwise be incurred had the subpoenas requested production in a more reasonable location.

    C.    Plaintiffs' Experts object to the Subpoenas to the extent that they fail to allow reasonable time for compliance. The Subpoenas, which were served on the Plaintiffs' Experts on or about August 13, 2008, command compliance by August 22, 2003. Given the over-breadth of the Subpoenas and burdens imposed thereby, seven business days is not a sufficient time for the Plaintiffs' Experts to respond. This is especially true since the documents that are requested are not neatly segregated, would require significant time to locate, review, and copy, and there are limited resources and manpower to assist Plaintiffs' Experts in this endeavor.

    D.    Plaintiffs' Experts object to the Subpoenas to the extent that they require Plaintiffs' Experts to incur significant time and costs locating, reviewing, and copying documents. As specified below, several of the requests are objectionable because they are over-broad, unduly burdensome, and seek documents that are not reasonably calculated to lead to the discovery of admissible evidence. Many of the requested materials are publicly-available scholarly works. Plaintiffs' Experts object to what amounts to an impermissible and unfair attempt to shift the burden of locating and copying these materials when the Defendants could obtain them with no greater difficulty.

    E.    Plaintiffs' Experts object to the Subpoenas because they cover the time period from December 1, 1993 to the present. This period—almost fifteen (15) years—is far too broad and goes well beyond the general relevancy requirements of Fed. R. Civ. P. 26 and the specific relevancy requirements of the limits of Fed. R. Civ. P. 26 (a)(2)(B). On December 1, 1993, Neurontin had not received FDA approval—and thus could not legally be marketed—and it would be more than a decade before the underlying actions were commenced.

    F.    Plaintiffs' Experts object to the Subpoenas to the extent they require disclosure of privileged or other protected matter.

    G.    Plaintiffs' Experts object to the Subpoenas to the extent the definitions used are inconsistent with or go beyond those used or permitted to be used by law.

    H.    Plaintiffs' Experts object to the Subpoenas to the extent the instructions used are inconsistent with or go beyond those used or permitted to be used by law.

Letter to Edmund Polubinski III, Esq.
Subpoenas Served Upon Drs. Abramson, et al.
In re Neurontin Marketing, Sales Practices, and Products Liability Litigation
MDL Docket No. 1629, Master File No. 04-10981-PBS (D. Mass.)
August 22, 2008
Page 3

## SPECIFIC OBJECTIONS

In addition to the foregoing General Objections, Plaintiffs' Experts also object to the following requests[1] contained within the Subpoenas:

Request No. 1: All documents that you have reviewed or relied upon in connection with the formulation of your expert opinions or your involvement as an expert witness in this case.

Objection: Plaintiffs' Experts object to this request because it is overly broad and unduly burdensome and contains language that is vague and ambiguous. It is ambiguous whether the phrase "expert opinions" is limited by the phrase "in this case." If it is not so limited, Plaintiffs' Experts object on the grounds that the request seeks documents reviewed or relied upon in connection with the formulation of opinions outside of those expressed in the Expert Reports, which implicates every document that Plaintiffs' Experts have ever reviewed or relied upon in their natural lives, most of which are utterly subject matter of this case. Even if the expert opinions are limited to "this case," Plaintiffs' Experts have each have expressed numerous opinions in their Expert Reports, and the request for "[a]ll documents that you have reviewed or relied upon in connection with the formulation of your expert opinions" still implicates countless documents and authorities of which Plaintiffs' Experts are generally aware in their professional capacities. Scientific research, at its foundation, requires the review of numerous sources and the absorption of numerous principles, theories and axioms so that research can be conducted properly and conclusions arrived at accurately. To identify or summarize all of these sources of information, to the extent that such identification or summarization goes beyond the documents and authorities cited in the Expert Reports, would be overly broad, unduly burdensome, and not reasonable calculated to lead to the discovery of admissible evidence. Similarly, the phrase "relied upon in connection with" is vague and ambiguous, as is it unclear whether the request seeks documents and authorities beyond those that are listed in the respective Expert Reports. Finally, Plaintiffs' Experts object to this request because it seeks bates stamped documents produced in this litigation, Pfizer-produced electronic data or documents, Pfizer research reports, or publicly-available published literature, all of which have already been identified and are equally available to Pfizer.

Subject to and without waiving the foregoing objections, Plaintiffs' Experts have provided a complete statement of all opinions they will express and the basis and reasons for them, the data or other information considered by Plaintiffs' Experts in forming them, and any exhibits that will be used to summarize or support them, in a manner consistent with Fed. R. Civ. P. 26 (a)(2)(B). Plaintiffs' Experts will agree to search for and produce

---

[1] Unless otherwise stated herein, references to specific Request Numbers apply equally and uniformly to all Subpoenas.

Letter to Edmund Polubinski III, Esq.
Subpoenas Served Upon Drs. Abramson, et al.
In re Neurontin Marketing, Sales Practices, and Products Liability Litigation
MDL Docket No. 1629, Master File No. 04-10981-PBS (D. Mass.)
August 22, 2008
Page 4

any other responsive documents, subject to a mutually agreeable scope that will apply equally to any experts designated by Pfizer.

Request No. 2: All documents prepared by you or at your direction, including drafts, notes or incomplete work, in connection with the formulation of your expert report or your involvement as an expert witness in this case.

Objection: Plaintiffs' Experts object to this request to the extent that it is overbroad, unduly burdensome, contains language that is vague and ambiguous, and goes beyond the general relevancy requirements of Fed. R. Civ. P. 26 and the specific relevancy requirements of the limits of Fed. R. Civ. P. 26 (a)(2)(B). Specifically, it is vague what is meant by the phrase "incomplete work."

Subject to and without waiving the foregoing objections, Plaintiffs' Experts will search for and produce any responsive documents, subject to a mutually agreeable scope that will apply equally to any experts designated by Pfizer.

Request No. 3: All documents, including but not limited to documents concerning any communications between you and counsel for plaintiffs or their agents or any other person, relating to any aspect of your involvement as an expert witness in this case.

Objection: Plaintiffs' Experts object to this request to the extent that it is duplicative, overbroad, unduly burdensome and contains language that is vague and ambiguous. Specifically, it is vague what is meant by the phrase "any aspect of your involvement."

Subject to and without waiving the foregoing objections, Plaintiffs' Experts will search for and produce any responsive documents, subject to a mutually agreeable scope that will apply equally to any experts designated by Pfizer.

Request No. 4: All resumes, curricula vitae, brochures, or promotional materials created by or relating to yourself or any organization under your control.

Objection: Plaintiffs' Experts object to this request because it is overbroad, unduly burdensome and has no temporal limitation. Plaintiffs' Experts further object that the request is not reasonably calculated to lead to the discovery of admissible evidence, as there is no requirement that the promotional materials are related to the scope of the experts' involvement in this case. As drafted, this request could cover brochures and promotional materials created by the universities, hospitals, and any other organizations to which Plaintiffs' Experts are affiliated.

Letter to Edmund Polubinski III, Esq.
Subpoenas Served Upon Drs. Abramson, et al.
In re Neurontin Marketing, Sales Practices, and Products Liability Litigation
MDL Docket No. 1629, Master File No. 04-10981-PBS (D. Mass.)
August 22, 2008
Page 5

Subject to and without waiving the foregoing objections, Plaintiffs' Experts have identified their qualifications, including a list of all publications authored in the previous 10 years consistent with Fed. R. Civ. P. 26 (a)(2)(B)(iv). Plaintiffs' Experts will agree to search for and produce any other responsive documents, subject to a mutually agreeable scope that will apply equally to any experts designated by Pfizer.

Request No. 5: All declarations, affidavits, statements, or reports and all written, transcribed, or videotaped testimony prepared or provided by or for you, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding.

Objection: Plaintiffs' Experts object to this request because it is overly broad, unduly burdensome, has no temporal limitation, seeks information which is not reasonably calculated to lead to the discovery of admissible evidence, goes well beyond the general relevancy requirements of Fed. R. Civ. P. 26 and the specific relevancy requirements of the limits of Fed. R. Civ. P. 26 (a)(2)(B), and is frankly incomprehensible. There is no requirement in the request that the declarations, affidavits, statements, reports, or testimony be related to the scope of the expert's involvement in this case or the opinions expressed in the Expert Reports. It is vague and ambiguous whose declarations, affidavits, statements, reports or testimony is being referred to. Obviously, if the declarant, affiant, author, or testifier is not one of the Plaintiffs' Experts, then this request is wholly irrelevant. It is also vague and ambiguous what is meant by the phrase "provided by or for you." Plaintiffs' Experts also object to the extent prior declarations, affidavits, statements, reports or other materials called for by this request are confidential and are subject to a protective order in place in an unrelated litigation or legal proceeding and which cannot be produced outside of that proceeding without violation of the applicable protective order.

Subject to and without waiving the foregoing objections, Plaintiffs' Experts have identified a list of all other cases in which, during the previous four years, Plaintiffs' Experts have testified as an expert at trial or by deposition consistent with Fed. R. Civ. P. 26 (a)(2)(B)(v). To the extent declarations, affidavits, statements, or reports in those matters are not subject to a protective order, they are publically filed documents and equally available to Defendants. Plaintiffs' Experts will agree to search for and produce any other responsive documents, if any, subject to a mutually agreeable scope that will apply equally to any experts designated by Pfizer.

Letter to Edmund Polubinski III, Esq.
Subpoenas Served Upon Drs. Abramson, et al.
In re Neurontin Marketing, Sales Practices, and Products Liability Litigation
MDL Docket No. 1629, Master File No. 04-10981-PBS (D. Mass.)
August 22, 2008
Page 6

Request No. 6: All retention agreements or other documents concerning the services that you are providing in this case.

Objection: Plaintiffs' Experts object to this request because it is vague and ambiguous what is meant by the phrase "other documents concerning the services that you are providing in this case."

Subject to and without waiving the foregoing objection, Plaintiffs' Experts will agree to search for and produce any responsive documents, subject to a mutually agreeable scope that will apply equally to any experts designated by Pfizer.

We will be pleased to discuss these objections with you in greater detail. For clarity of communication, please direct your responses or further inquiries to Ed Notargiacomo at (617) 482-3700. Thank you for your attention in this matter.

Very truly yours,

Ilyas J. Rona

IJR

cc: Ed Notargiacomo, Esq. (by regular mail only)
Douglas Plymale, Esq. (by regular mail only)
John Abramson, M.D. (by regular mail only)
Brian Alldredge, Pharm.D. (by regular mail only)
Jeffrey S. Barkin, M.D. (by regular mail only)
Nicholas P. Jewell, Ph.D. (by regular mail only)
David A. Kessler, M.D. (by regular mail only)
Douglas C. McCrory, M.D., M.H.Sc. (by regular mail only)
Kimberly P. McDonough, Pharm.D. (by regular mail only)
Thomas L. Perry, M.D., FRCPC (by regular mail only)
Kay Dickersin, Ph.D., MA (by regular mail only)
Meredith Rosenthal, Ph.D. (by regular mail only)
Ray S. Hartman, Ph.D. (by regular mail only)