# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x

In re:  NEURONTIN MARKETING, SALES PRACTICES,
AND PRODUCTS LIABILITY LITIGATION

------------------------------------------------x

THIS DOCUMENT RELATES TO:                              MDL Docket No. 1629

------------------------------------------------x     Master File No. 04-10981

HARDEN MANUFACTURING CORPORATION;                      Judge Patti B. Saris
LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,
dba BLUECROSS/BLUESHIELD OF LOUISIANA;                 Magistrate Judge Leo T.
INTERNATIONAL UNION OF OPERATING ENGINEERS,            Sorokin
LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL
52 HEALTH BENEFITS TRUST; GERALD SMITH; and
LORRAINE KOPA, on behalf of themselves and all others
similarly situated, v. PFIZER INC. and WARNER-LAMBERT
COMPANY,

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA V. PFIZER, INC., and

AETNA, INC. v. PFIZER, INC.

------------------------------------------------x

## STIPULATION CONCERNING EXPERT DISCOVERY

Pursuant to Fed. R. Civ. P. 26, 29, and other applicable Rules of the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED AND AGREED by the respective undersigned counsel for the plaintiffs and defendants (the "Parties") in the above-captioned action listed on the signature page hereto that the following provisions shall govern expert discovery in this case.

1. As used herein, the term "lawyer markup" shall refer to preliminary or otherwise non-final versions of an expert's report that have a lawyer's handwritten or electronically applied edits or comments visible on the face of the document. The fact that a version of an expert report contains or reflects edits, comments or other input from a lawyer is insufficient to bring that version within the definition of "lawyer markup" if such input is not specifically identifiable on the face of the document as originating from the lawyer.

2. The Parties will not produce and will not seek production of lawyer markups.

3. The Parties will not produce and will not seek production of any written communications between an expert or the expert's staff members and counsel for the party on whose behalf the expert has submitted a report. Notwithstanding the foregoing, the Parties are obligated to produce any written communications upon which a testifying expert has relied as a basis for any opinions expressed in this case, including any such communications with counsel.

4. The Parties will not produce and will not seek production of: (a) experts' resumes or curricula vitae, other than the current version of such documents, and (b) brochures and promotional materials relating to an expert or any organization under his or her control created prior to 2004.

5. The Parties will not produce and will not seek production of any declarations, affidavits, statements or reports, or written, transcribed, or videotaped testimony prepared or provided by an expert, in connection with any litigation, governmental, legislative, regulatory, or administrative proceeding, to the extent such

materials: (a) were created prior to 2004, (b) do not relate in any way to pharmaceuticals in general or the treatment and/or diagnosis of a condition for which Neurontin is prescribed and which is currently at issue in this case, or (c) are subject to a protective order entered in a different proceeding.

6. The Parties will not produce and will not seek production of documents that have already been produced by a party in this litigation, provided that any such documents considered or relied upon by an expert witness are identified by bates number.

7. The Parties will not produce and will not seek production of publically available documents, provided that any such documents considered or relied upon by an expert witness are sufficiently identified to permit their timely location without undue burden. This Paragraph does not limit or preclude production of notes, markups or other comments made by an expert witness on a publicly available document, or any other altered versions of a publicly available document created or considered by an expert witness, that differ in any way from the publicly available version of such document.

8. This Stipulation does not preclude or limit discovery of other materials prepared, considered or relied upon by testifying experts in connection with their work in this case, including the following materials: draft expert reports prepared by the expert including, but not limited to, all drafts that incorporate comments or input from lawyers where such input is not specifically identifiable on the face of the document as originating from the lawyer; underlying source materials; calculations; analyses; worksheets; datasets; data runs; programs; code; statistical or econometric tests; final and preliminary versions and specifications of all models considered; inputs, outputs and results of any such materials; notes referring to any such materials; or other information

considered or relied upon to the extent not specifically excluded from production by this Stipulation.

9. This Stipulation does not preclude or limit oral examination regarding any materials considered or relied upon by testifying experts in connection with their work in this case, including with respect to materials that are excluded from production by this Stipulation.

10. This Stipulation does not apply to expert reports served prior to August 11, 2008, and does not preclude or limit a party's ability to use or refer to materials previously produced.

11. This Stipulation does not alter any other disclosure requirement pursuant to Fed. R. Civ. P. 26(a)(2) or the discovery of any information that is required to be disclosed by that Rule.

THE ABOVE TERMS AND CONDITIONS ARE HEREBY STIPULATED AND AGREED TO by the respective undersigned counsel for plaintiffs and defendants in this case:


Dated: September ___, 2008

| | |
|---|---|
| GREENE & HOFFMAN, P.C. | DAVIS POLK & WARDWELL |
| By: _____<br>　　　Thomas M. Greene | By: _____<br>　　　James P. Rouhandeh |
| 33 Broad Street, 5th Floor<br>Boston, Massachusetts 02109<br>(617) 261-0040 | 450 Lexington Avenue<br>New York, NY 10017<br>Tel: (212) 450-4000 |
| *Attorneys for Class Plaintiffs* | -and- |
| KAPLAN FOX & KILSHEIMER LLP | HARE & CHAFFIN |
| By: _____<br>　　　Linda P. Nussbaum | By: _____<br>　　　David B. Chaffin |
| 850 Third Avenue, 14th Floor<br>New York, NY 10022<br>(212) 687-1980 | 160 Federal Street<br>Boston, MA 02110<br>Tel: (617) 330-5000 |
| *Attorneys for the Coordinated Plaintiffs* | *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC* |

5