UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING, SALES
PRACTICES, AND PRODUCTS
LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

*McLendon v. Pfizer Inc., et al.,*
1:08-cv-12034-PBS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

: MDL DOCKET NO:  1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T. Sorokin
:

## ANSWER AND JURY DEMAND

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiff's Amended Complaint in the above-captioned action (the "Complaint") as follows:

## AS TO STATEMENT OF THE CASE

1.      Deny the allegations in paragraph 1, except admit that the United States Food and Drug Administration ("FDA") has approved Neurontin® ("Neurontin"), the brand name for gabapentin, for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

## AS TO PARTIES AND JURISDICTION

2.      Paragraph 2 and its subparts assert legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 2 and its subparts, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff is a citizen and resident of the State of Utah, and therefore deny same; except admit: (1) that Pfizer is a corporation organized under the laws of the State of Delaware and has its headquarters in the State of New York; (2) that Warner-Lambert Company LLC is a Delaware limited liability company with Pfizer as its sole member; and (3) upon information and belief, that the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  The allegations in paragraph 2 directed at Teva Pharmaceuticals USA, Inc. and Ivax Pharmaceuticals, Inc. are directed at defendants other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants state, upon information and belief, that Teva Pharmaceuticals USA, Inc. is a Delaware corporation having its headquarters in the Commonwealth of Pennsylvania, and Ivax Pharmaceuticals, Inc. is a Florida corporation having its headquarters in the State of Florida.

3.      Admit the allegations in paragraph 3.

4.      Admit the allegations in paragraph 4.

5.      Admit the allegations in paragraph 5.

6.      Deny the allegations in paragraph 6, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

7.      Deny the allegations in paragraph 7.

8.      Deny the allegations in paragraph 8.

9.   Deny the allegations in paragraph 9, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

10.   Deny the allegations in paragraph 10, except admit that Warner-Lambert Company was authorized to do business in the State of New York until December 31, 2002.

11.   Deny the allegations in paragraph 11, except admit that Warner-Lambert Company was a business entity actually doing business in the State of New York until December 31, 2002.

12.   Deny the allegations in paragraph 12, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

13.   Deny the allegations in paragraph 13.

14.   Deny the allegations in paragraph 14, except admit that since December 31, 2002, Warner-Lambert Company LLC has been a Delaware limited liability company.

15.   Deny the allegations in paragraph 15, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the State of New York since December 31, 2002.

16.   Deny the allegations in paragraph 16, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the State of New York since December 31, 2002.

17.   The allegations in paragraph 17 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 17 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is a Delaware corporation.

18.     The allegations in paragraph 18 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore deny same.

19.     The allegations in paragraph 19 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny same.

20.     The allegations in paragraph 20 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is a corporation having its headquarters in the Commonwealth of Pennsylvania.

21.     The allegations in paragraph 21 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore deny same, except admit, upon information and belief, that Ivax Pharmaceuticals Inc. is a Florida corporation.

22.     The allegations in paragraph 22 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny same.

23.     The allegations in paragraph 23 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny same.

24.     The allegations in paragraph 24 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny same, except admit, upon information and belief, that Ivax Pharmaceuticals, Inc. is a corporation having its headquarters in the State of Florida.

25.     Deny the allegations in paragraph 25, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

26.     Deny the allegations in paragraph 26.

27.     Deny the allegations in paragraph 27.

28.     Deny the allegations in paragraph 28.

29.     Deny the allegations in paragraph 29, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

30.     Paragraph 30 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 30.

31.     Deny the allegations in paragraph 31.

32.     Deny the allegations in paragraph 32, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

33.     Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.     Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.     Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.     Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

37.     Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.     Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.     Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

40.     Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

41.     Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.     Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.     Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.     Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.     Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.     Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

47.     Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

48.     Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.     Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.     Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

51.     Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

52.     Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.     Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.     Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.     Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.     Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.     Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.     Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

59.     Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.     Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.     Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

62.     Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.     Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.    Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.    Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.    Paragraph 66 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 66.

67.    Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.    Paragraph 68 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 68.

69.    Paragraph 69 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 69.

70.    Paragraph 70 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 70.

71.    Paragraph 71 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 71.

72.    Paragraph 72 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 72.

73.    Paragraph 73 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 73.

74.    Deny the allegations in paragraph 74, except admit that Pfizer's headquarters are in New York.

75.     Paragraph 75 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 75.

76.     Paragraph 76 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 76.

77.     Paragraph 77 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 77.

78.     Deny the allegations in paragraph 78, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin.

79.     Deny the allegations in paragraph 79, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

80.     Deny the allegations in paragraph 80, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the State of New York and contracts to provide goods in the State of New York.

81.     Deny the allegations in paragraph 81.

82.     Deny the allegations in paragraph 82.

83.     Admit the allegations in paragraph 83.

84.     Deny the allegations in paragraph 84.

85.     Deny the allegations in paragraph 85.

86.     Deny the allegations in paragraph 86, except admit that Parke-Davis marketed Neurontin on a date prior to September 3, 2005.

87.     Deny the allegations in paragraph 87, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the State of New York and contracted to provide goods in the State of New York.

88.     Deny the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89.

90.     Deny the allegations in paragraph 90, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until June 2000 and that until June 2000, Parke-Davis directly or indirectly did and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93, except admit that Warner-Lambert Company marketed and sold Neurontin until June 2000.

94.     Deny the allegations in paragraph 94, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the State of New York and contracted to provide goods in the State of New York.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96.

97.     Deny the allegations in paragraph 97, except admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

98.     Deny the allegations in paragraph 98.

99.     Deny the allegations in paragraph 99.

100.    Deny the allegations in paragraph 100.

101.    Deny the allegations in paragraph 101.

102.    Deny the allegations in paragraph 102.

103.    Deny the allegations in paragraph 103.

104.    Deny the allegations in paragraph 104, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

105.    Deny the allegations in paragraph 105, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from interstate commerce.

106.    The allegations in paragraph 106 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and therefore deny same.

107.    The allegations in paragraph 107 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, and therefore deny same.

108.    The allegations in paragraph 108 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108, and therefore deny same.

109.    The allegations in paragraph 109 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 109.

110.    The allegations in paragraph 110 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 110.

111.    The allegations in paragraph 111 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, and therefore deny same.

112.    The allegations in paragraph 112 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and therefore deny same.

113.    The allegations in paragraph 113 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113, and therefore deny same.

114.    The allegations in paragraph 114 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114, and therefore deny same.

115.    The allegations in paragraph 115 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, and therefore deny same.

116.    The allegations in paragraph 116 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 116.

117.    The allegations in paragraph 117 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 117.

118.    The allegations in paragraph 118 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and therefore deny same.

119.    The allegations in paragraph 119 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, and therefore deny same.

## AS TO BACKGROUND

120.    Paragraph 120 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 120.

121.    Paragraph 121 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 121.

122.    Paragraph 122 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 122.

123.    Paragraph 123 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 123.

124.    Paragraph 124 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 124.

125.    Paragraph 125 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 125.

126.    Deny the allegations in paragraph 126, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

127.    Deny the allegations in paragraph 127, except admit that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

128.    Deny the allegations in paragraph 128.

129.    Deny the allegations in paragraph 129.

130.    Deny the allegations in paragraph 130.

131.    Deny the allegations in paragraph 131.

132.    Deny the allegations in paragraph 132.

133.    Deny the allegations in paragraph 133.

134.    Deny the allegations in paragraph 134, except admit that Neurontin was approved as adjunctive therapy for the treatment of epilepsy.

135.    Deny the allegations in paragraph 135.

136.    Deny the allegations in paragraph 136.

137.    Deny the allegations in paragraph 137, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

138.    Deny the allegations in paragraph 138.

139.    The allegations in paragraph 139 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139, and therefore deny same.

140.    The allegations in paragraph 140 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140, and therefore deny same.

141.    The allegations in paragraph 141 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

142.    The allegations in paragraph 142 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

143.    The allegations in paragraph 143 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

144.    The allegations in paragraph 144 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 144, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 regarding the contents of the press release posted on the website of Teva Pharmaceuticals Industries Ltd., and therefore deny same.

145.    The allegations in paragraph 145 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 145, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 regarding Teva's knowledge of Neurontin studies and off-label usage.

146.    Deny the allegations in paragraph 146.

147.    The allegations in paragraph 147 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147, and therefore deny same.

148.    The allegations in paragraph 148 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148, and therefore deny same.

149.    The allegations in paragraph 149 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

150.    The allegations in paragraph 150 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

151.    The allegations in paragraph 151 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

152.    The allegations in paragraph 152 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 152, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 regarding the contents of the press release posted on the website of Ivax Corporation, and therefore deny same.

153.    The allegations in paragraph 153 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 153, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 regarding Ivax's knowledge of Neurontin studies and off-label usage.

154.    Deny the allegations in paragraph 154.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155, and therefore deny same.

156.    To the extent the allegations in paragraph 156 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations in paragraph 156 are directed at Defendants, Defendants deny the allegations in paragraph 156, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that

Plaintiff's physician prescribed Neurontin and/or gabapentin to treat Plaintiff's pain, and therefore deny same.

157.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, and therefore deny same.

158.   The allegations in paragraph 158 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158, and therefore deny same.

159.   The allegations in paragraph 159 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159, and therefore deny same.

160.   To the extent the allegations in paragraph 160 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations in paragraph 160 are directed at Defendants, Defendants deny the allegations in paragraph 160, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's physician prescribed Neurontin and/or gabapentin to treat Plaintiff's pain, and therefore deny same.

161.   Deny the allegations in paragraph 161.

162.   Deny the allegations in paragraph 162.

163.   Deny the allegations in paragraph 163.

164.   Deny the allegations in paragraph 164.

165.    To the extent the allegations in paragraph 165 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations in paragraph 165 are directed at Defendants, paragraph 165 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 165.

166.    To the extent the allegations in paragraph 166 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations in paragraph 166 are directed at Defendants, Defendants deny the allegations in paragraph 166.

167.    To the extent the allegations in paragraph 167 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations in paragraph 167 are directed at Defendants, Defendants deny the allegations in paragraph 167.

168.    To the extent the allegations in paragraph 168 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations in paragraph 168 are directed at Defendants, Defendants deny the allegations in paragraph 168.

169.    To the extent the allegations in paragraph 169 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations in paragraph 169 are directed at Defendants, Defendants deny the allegations in paragraph 169.

## AS TO FIRST CAUSE OF ACTION

170.    Repeat each and every response to the allegations in paragraphs 1 through 169.

171.    Deny the allegations in paragraph 171.

172.    Deny the allegations in paragraph 172.

173.    Deny the allegations in paragraph 173.

174.    Deny the allegations in paragraph 174.

175.    Deny the allegations in paragraph 175.

176.    Deny the allegations in paragraph 176.

177.    Deny the allegations in paragraph 177.

178.    Deny the allegations in paragraph 178, except admit that Plaintiff seeks the relief stated in paragraph 178, but deny that Plaintiff is entitled to such relief.

## AS TO SECOND CAUSE OF ACTION

179.    Repeat each and every response to the allegations in paragraphs 1 through 178.

180.    Deny the allegations in paragraph 180.

181.    Deny the allegations in paragraph 181.

182.    Deny the allegations in paragraph 182.

183.    Deny the allegations in paragraph 183.

184.    Deny the allegations in paragraph 184.

185.    Deny the allegations in paragraph 185.

186.    Deny the allegations in paragraph 186, except admit that Plaintiff seeks the relief stated in paragraph 186, but deny that Plaintiff is entitled to such relief.

## AS TO THIRD CAUSE OF ACTION

187.    Repeat each and every response to the allegations in paragraphs 1 through 186.

188.    Deny the allegations in paragraph 188.

189.    Deny the allegations in paragraph 189.

190.    Deny the allegations in paragraph 190.

191.    Deny the allegations in paragraph 191, except admit that Plaintiff seeks the relief stated in paragraph 191, but deny that Plaintiff is entitled to such relief.

## AS TO FOURTH CAUSE OF ACTION

192.   Repeat each and every response to the allegations in paragraphs 1 through 191.

193.   Deny the allegations in paragraph 193.

194.   Deny the allegations in paragraph 194.

195.   Deny the allegations in paragraph 195, except refer to the Information for its contents.

196.   Deny the allegations in paragraph 196, except refer to the Information for its contents.

197.   Deny the allegations in paragraph 197.

198.   Deny the allegations in paragraph 198, except refer to the Information for its contents.

199.   Deny the allegations in paragraph 199, except refer to the Information for its contents.

200.   Deny the allegations in paragraph 200, except refer to the Information for its contents.

201.   Deny the allegations in paragraph 201, except refer to the Information for its contents.

202.   Deny the allegations in paragraph 202, except refer to the Information for its contents.

203.   Deny the allegations in paragraph 203, except refer to the Information for its contents.

204.    Deny the allegations in paragraph 204, except refer to the Information for its contents.

205.    Deny the allegations in paragraph 205, except refer to the Information for its contents.

206.    Deny the allegations in paragraph 206, except refer to the Information for its contents.

207.    Deny the allegations in paragraph 207, except refer to the Information for its contents.

208.    Deny the allegations in paragraph 208, except refer to the Information for its contents.

209.    Deny the allegations in paragraph 209, except refer to the Information for its contents.

210.    Deny the allegations in paragraph 210 and all of its subparts, except refer to the Information for its contents.

211.    Deny the allegations in paragraph 211, except refer to the Information for its contents.

212.    Deny the allegations in paragraph 212, except refer to the Information for its contents.

213.    Deny the allegations in paragraph 213, except refer to the Information for its contents.

214.    Deny the allegations in paragraph 214, except refer to the Information for its contents.

215.   Deny the allegations in paragraph 215, except refer to the Information for its contents.

216.   Deny the allegations in paragraph 216, except refer to the Information for its contents.

217.   Deny the allegations in paragraph 217, except refer to the Information for its contents.

218.   Deny the allegations in paragraph 218, except refer to the Information for its contents.

219.   Deny the allegations in paragraph 219, except refer to the Information for its contents.

220.   Deny the allegations in paragraph 220, except refer to the Information for its contents.

221.   Deny the allegations in paragraph 221.

222.   Deny the allegations in paragraph 222.

223.   Deny the allegations in paragraph 223.

224.   Deny the allegations in paragraph 224.

225.   Deny the allegations in paragraph 225, and all of its subparts.

226.   Deny the allegations in paragraph 226.

227.   Deny the allegations in paragraph 227.

228.   Deny the allegations in paragraph 228.

229.   Deny the allegations in paragraph 229.

230.   Deny the allegations in paragraph 230.

231.    Deny the allegations in paragraph 231.

232.    Deny the allegations in paragraph 232, except refer to the supplemental NDA and the letter dated August 26, 1997 referenced in paragraph 232 for their contents.

233.    Deny the allegations in paragraph 233.

234.    Deny the allegations in paragraph 234.

235.    Deny the allegations in paragraph 235, except refer to the letter dated June 29, 2001 for its contents.

236.    Deny the allegations in paragraph 236, except refer to the letter dated July 1, 2002 for its contents.

237.    Deny the allegations in paragraph 237.

238.    Deny the allegations in paragraph 238.

239.    Deny the allegations in paragraph 239.

240.    Deny the allegations in paragraph 240.

241.    Deny the allegations in paragraph 241.

242.    Deny the allegations in paragraph 242.

243.    Deny the allegations in paragraph 243, except refer to the article referenced in paragraph 243 for its contents.

244.    Deny the allegations in paragraph 244.

245.    Deny the allegations in paragraph 245.

246.    Deny the allegations in paragraph 246.

247.    Deny the allegations in paragraph 247, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

248.    Deny the allegations in paragraph 248.

249.    Deny the allegations in paragraph 249.

250.    Deny the allegations in paragraph 250.

251.    Deny the allegations in paragraph 251.

252.    Deny the allegations in paragraph 252.

253.    Deny the allegations in paragraph 253, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

254.    Deny the allegations in paragraph 254.

255.    Deny the allegations in paragraph 255.

256.    Deny the allegations in paragraph 256.

257.    Deny the allegations in paragraph 257.

258.    Deny the allegations in paragraph 258.

259.    Deny the allegations in paragraph 259.

260.    Deny the allegations in paragraph 260.

261.    Deny the allegations in paragraph 261, except admit that Plaintiff seeks the relief stated in paragraph 261, but deny that Plaintiff is entitled to such relief.

## AS TO FIFTH CAUSE OF ACTION

262.    Repeat each and every response to the allegations in paragraphs 1 through 261.

263.    Deny the allegations in paragraph 263.

264.    Deny the allegations in paragraph 264.

265.    Deny the allegations in paragraph 265, except admit that Plaintiff seeks the relief stated in paragraph 265, but deny that Plaintiff is entitled to such relief.

### AS TO SIXTH CAUSE OF ACTION

266.    Repeat each and every response to the allegations in paragraphs 1 through 265.

267.    The allegations in paragraph 267 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 267.

268.    The allegations in paragraph 268 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 268.

269.    The allegations in paragraph 269 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 269.

270.    The allegations in paragraph 270 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 270.

271.    The allegations in paragraph 271 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 271.

272.    The allegations in paragraph 272 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 272.

273.    The allegations in paragraph 273 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 273, except admit that Plaintiff seeks the relief stated in paragraph 273, but deny that Plaintiff is entitled to such relief.

## AS TO SEVENTH CAUSE OF ACTION

274.    Repeat each and every response to the allegations in paragraphs 1 through 273.

275.    The allegations in paragraph 275 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 275.

276.    The allegations in paragraph 276 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 276.

277.    The allegations in paragraph 277 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 277.

278.    The allegations in paragraph 278 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 278.

279.     The allegations in paragraph 279 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 279.

280.     The allegations in paragraph 280 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 280.

281.     Paragraph 281 is directed at a defendant other than the Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 281, except admit that Plaintiff seeks the relief stated in paragraph 281, but deny that Plaintiff is entitled to such relief.

## AS TO EIGHTH CAUSE OF ACTION

282.     Repeat each and every response to the allegations in paragraphs 1 through 281.

283.     The allegations in paragraph 283 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 283.

284.     The allegations in paragraph 284 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 284.

285.     The allegations in paragraph 285 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 285.

286.   Paragraph 286 is directed at a defendant other than the Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 286, except admit that Plaintiff seeks the relief stated in paragraph 286, but deny that Plaintiff is entitled to such relief.

## AS TO NINTH CAUSE OF ACTION

287.   Repeat each and every response to the allegations in paragraphs 1 through 286.

288.   The allegations in paragraph 288 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 288.

289.   The allegations in paragraph 289 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 289.

290.   The allegations in paragraph 290 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 290.

291.   The allegations in paragraph 291 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 291.

292.   The allegations in paragraph 292 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 292.

293.   The allegations in paragraph 293 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 293.

294.   The allegations in paragraph 294 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 294, except admit that Plaintiff seeks the relief stated in paragraph 294, but deny that Plaintiff is entitled to such relief.

### AS TO TENTH CAUSE OF ACTION

295.   Repeat each and every response to the allegations in paragraphs 1 through 294.

296.   The allegations in paragraph 296 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 296.

297.   The allegations in paragraph 297 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 297.

298.   The allegations in paragraph 298 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 298.

299.   The allegations in paragraph 299 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 299.

300.    The allegations in paragraph 300 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 300.

301.    The allegations in paragraph 301 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 301.

302.    The allegations in paragraph 302 are directed at a defendant other than the Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 302, except admit that Plaintiff seeks the relief stated in paragraph 302, but deny that Plaintiff is entitled to such relief.

## AS TO ELEVENTH CAUSE OF ACTION

303.    Repeat each and every response to the allegations in paragraphs 1 through 302.

304.    The allegations in paragraph 304 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 304.

305.    The allegations in paragraph 305 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 305.

306.    The allegations in paragraph 306 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 306.

307.   The allegations in paragraph 307 are directed at a defendant other than the Defendants and therefore no response is required.  To the extent the allegations in paragraph 307 are directed at Defendants, Defendants deny the allegations in paragraph 307.   Admit that Plaintiff seeks the relief set forth in the WHEREFORE paragraph following paragraph 307, and all of its subparts, but deny that Plaintiff is entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States because Defendants' product is comprehensively regulated by the United States Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 et seq. ("FDCA"), and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific

determinations by FDA specifying the language that should or should not be used in the labeling accompanying the drug.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by FDA under the FDCA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Defendants and all their activities with respect to the subject product have been and are conducted under the supervision of the FDA.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

### SIXTH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

### SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

### EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 402A, comments j and k of the *Restatement (Second) of Torts* and Sections 4 and 6 of the *Restatement (Third) of Torts: Products Liability*.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by Plaintiff's misuse of Neurontin.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of accord, release and satisfaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by Plaintiff's failure to mitigate damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution and/or indemnity from any person and/or entity whose negligence or other fault contributed to the alleged injuries and damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud or similar conduct are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiff's Legal Committee</u>, 531 U.S. 341 (2001).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because Plaintiff failed to give Defendants timely notice of those claims.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue and/or forum.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because: (1) Defendants did not make any express warranties to Plaintiff; (2) Defendants' Neurontin advertisements and promotions were not an affirmation of fact or a promise made by the seller to the buyer that related to the drug Neurontin and became part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiff; (3) Defendants' Neurontin advertisements and promotions were not a description of the drug included in any contract that was part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiff, such that a warranty was created that the drug would conform to the description; (4) Plaintiff did not read, see or hear about the

alleged illegal "off-label" promotions; (5) there was a lack of privity between Defendants and Plaintiff; and (6) notice of an alleged breach was not given to the seller or Defendants.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest or any damage by reason of the conduct of Defendants as alleged in the Complaint.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of costs.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not make any false, misleading, or deceptive statements to Plaintiff in their advertisements and/or promotional materials concerning Neurontin. As to any statement asserted against Defendants that Plaintiff alleges to be false, misleading, or deceptive, Defendants had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false, misleading, or deceptive.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, due to failure to join indispensable parties and/or bring claims against the real party in interest.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiff, and/or by her fault. Any recovery might be reduced accordingly or eliminated altogether.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Should Defendants be held liable to Plaintiff, which liability is specifically denied, Defendants would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in Plaintiff's Complaint.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The product may have been substantially modified and/or altered; therefore, Plaintiff's claims are barred.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants complied with the applicable statutes; since the warnings and instructions given in connection with Neurontin were approved by the FDA, Plaintiff's claims are barred, in whole or in part, or otherwise limited by and pursuant to the provisions of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq.*

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the "state of the art" defense. Neurontin, when placed into the stream of commerce, was a reasonably safe and effective prescription drug in light of the then existing and reasonably available scientific, medical, and technological knowledge. To the extent Plaintiff claims that Neurontin was dangerous or defective in certain respects, Defendants state that any such risks associated with Neurontin were not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Notwithstanding Plaintiff's claims and contentions, Plaintiff received all or substantially all of the benefit of Neurontin that she had intended to receive, and to that extent any damages

and/or restitution that Plaintiff might be entitled to recover from Defendants must be correspondingly reduced.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendant's liability for non-economic damages is several rather than joint and should be prorated pursuant to CPLR § 1601.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's causes of action are barred in whole or in part by the Utah Product Liability Act, Utah Code Ann. § 78-15-1 *et seq*.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and applicable state law.

### FORTY-FIRST AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007).

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and exemplary damages are barred by Utah Code Ann. § 78B-8-203.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by other defendants and not pleaded by Defendants are incorporated herein to the extent they do not conflict with Defendants' affirmative defenses.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages due to alleged deceptive advertising are barred in whole or in part or otherwise limited by Utah Code Ann. § 13-11a-1 *et seq.*

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery against Defendants because the conduct alleged in the Complaint was not the proximate cause of any alleged loss suffered by the Plaintiff.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative defenses as may be established by the discovery and evidence in the case. Defendants' further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1. Enter judgment in their favor on all claims alleged in the Complaint;

2. Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3. Grant Defendants such other and further relief as the Court may deem just and proper.


Dated: December 31, 2008               DAVIS POLK & WARDWELL


                                       By: /s/ James P. Rouhandeh
                                           James P. Rouhandeh

                                       450 Lexington Avenue
                                       New York, NY 10017
                                       (212) 450-4000
                                       james.rouhandeh@dpw.com


                                       SHOOK, HARDY & BACON L.L.P.


                                       By: /s/ Scott W. Sayler
                                           Scott W. Sayler

                                       2555 Grand Boulevard
                                       Kansas City, Missouri 64108
                                       (816) 474-6550
                                       ssayler@shb.com

                                           -and-

HARE & CHAFFIN

By: /s/ David B. Chaffin
     David Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000
dchaffin@hare-chaffin.com

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on December 31, 2008.

            /s/ David B. Chaffin
            David B. Chaffin