UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
In re: NEURONTIN MARKETING,  : MDL Docket No. 1629
SALES PRACTICES AND PRODUCTS :
LIABILITY LITIGATION  : Master File No. 04-10981
 :
 : Judge Patti B. Saris
------------------------------------------------------------x
 : Magistrate Judge Leo T.
THIS DOCUMENT RELATES TO:  : Sorokin
 :
 :
PRODUCTS LIABILITY ACTIONS  :
 :
 :
------------------------------------------------------------x

## EMERGENCY MOTION FOR PROTECTIVE ORDER WITH RESPECT TO DISCOVERY OF CO-AUTHORS OF UNPUBLISHED MANUSCRIPT ON ANTI-EPILEPTIC DRUGS

Defendants Pfizer Inc. and Warner-Lambert Company respectfully move, pursuant to Rules 26(c) and 45(c)(3), for a protective order with respect to plaintiffs' plan to conduct discovery of the three scientists who, with Dr. Robert Gibbons, co-authored an unpublished manuscript relating to the association between anti-epileptic drugs and suicide.

The grounds for this motion are set forth in detail in the accompanying memorandum of law. In summary, the discovery plaintiffs are attempting to conduct (1) is not the "expert discovery" permitted by the Court's November 25 Order, but unsanctioned third-party discovery; and (2) is an improper attempt to co-opt unwilling experts and to burden three unwilling and very busy scientists who have had no involvement in this case and who have no knowledge of plaintiffs' allegations.

Declarations of Robert D. Gibbons, C. Hendricks Brown, J. John Mann, Kwan Hur, and David B. Chaffin also are submitted in support of this motion.

This motion is brought on an emergency basis because the depositions with respect to which relief is sought are scheduled to begin soon.

WHEREFORE, defendants respectfully request that the Court enter an order prohibiting plaintiffs from seeking the deposition testimony of, or documents from, Dr. Gibbons' co-authors. In the alternative, plaintiffs should be (a) permitted to depose Dr. Gibbons' co-authors only with respect to facts underlying Dr. Gibbons' report that have not been otherwise provided to plaintiffs through Dr. Gibbons' testimony and Dr. Gibbons' reliance materials, and then only after a specific showing of need, and (b) prohibited from seeking any opinions from Dr. Gibbons' co-authors (absent an express indication from the Court that defendants will be permitted to make full use at trial of any of the doctors' opinions).

Dated: January 22, 2009        DAVIS POLK & WARDWELL

                               By:    /s/ James P. Rouhandeh
                                      James P. Rouhandeh

                               450 Lexington Avenue
                               New York, New York 10017
                               (212) 450-4000

                               SHOOK, HARDY & BACON L.L.P.

                               By:    /s/ Scott W. Sayler
                                      Scott W. Sayler

                               2555 Grand Boulevard
                               Kansas City, Missouri 64108
                               (816) 474-6550

                               -and-

HARE & CHAFFIN

By: /s/ David B. Chaffin
David B. Chaffin

160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company*

## CERTIFICATE OF COMPLIANCE

I certify that defendants have complied with Local Rules 7.1 and 37.1. On January 13, 2009, I spoke by telephone with Ken Fromson, co-counsel for plaintiffs concerning the discovery at issue in this motion. The substance of our discussion is related in my declaration filed in support of this motion. In short, Mr. Fromson indicated that plaintiffs insist on proceeding with the depositions of Dr. Gibbons' co-authors.

/s/ David B. Chaffin
David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 22, 2009.

/s/ David B. Chaffin
David B. Chaffin

3