UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING,
     SALES PRACTICES AND PRODUCTS
     LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

    PRODUCTS LIABILITY ACTIONS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T.
Sorokin

## DECLARATION OF DR. KWAN HUR

I, Kwan Hur, declare:

1.     I am a resident of Palatine, Illinois.  I am over 21 years of age.  I have personal knowledge of all the facts set forth in this declaration, except where indicated otherwise.

2.     I received a B.S. in Computational Mathematics and a M.S. in Applied Probability and Statistics from Northern Illinois University, and a Ph.D. in Biostatistics from the University of Illinois at Chicago.

3.     I am a Senior Biostatistician at the Cooperative Studies Program Coordinating Center ("CSPCC") at Hines Veterans Affairs Hospital in Hines, Illinois.  I have been associated with the CSPCC for twelve years and have conducted numerous randomized multi-center clinical trials on various medical issues.  I also focus my research on health care outcomes and clustered data analysis.  I am currently conducting a clinical trial concerning Parkinson's Disease comparing 6-month outcomes between

best medical therapy (BMT) to deep brain stimulation (DBS) and 24-month outcomes between globus pallidus internus (GPi) and subthalamic nucleus (STN).

4.  I am also an Adjunct Assistant Professor of Psychiatry at the University of Illinois at Chicago, and conduct various research studies in connection with drug adverse outcomes.

5.  In addition, I am currently a Co-Investigator on a research grant provided by the National Institute of Health.

6.  I have published over 20 papers on the subjects of drug adverse outcomes and surgical quality of care.

7.  I am a co-author, with Drs. Robert Gibbons, C. Hendricks Brown and J. John Mann, of a manuscript entitled "The Relationship Between Antiepileptics and Suicide Attempts" (the "Manuscript"). Dr. Gibbons is the lead author on the Manuscript.

8.  The Manuscript has not been published. It currently is in the peer review process. Needless to say, it may or may not be published.

9.  I received a subpoena from the attorneys for the plaintiffs in this litigation that directs me to appear on February 6, 2009, for a deposition concerning the Manuscript and to produce "all documents" concerning the Manuscript. I am not available on that date and have so advised the attorney for plaintiffs, Mr. Altman.

10.  I have not been named as an expert witness in litigation involving Neurontin, and I do not wish to provide a professional opinion concerning any matter at issue in this litigation. I have never been asked to form, and have not formed, any opinions concerning any of the allegations made by the plaintiffs. I have no knowledge concerning the details of plaintiffs' allegations or any expert issues in this litigation.

2

11.     I do not wish to be deposed by any party to this litigation. I object both to being asked to testify concerning the unpublished Manuscript and to providing my personal records relating to the Manuscript. Many of the documents I compiled in my work on the Manuscript I consider to be of a confidential nature. In particular, I object to producing or testifying about any communications made during the confidential peer review process. I additionally object to producing or testifying about any correspondence or communications among the authors of the Manuscript which I also regard as confidential.

12.     It would be a substantial burden for me to comply with plaintiffs' subpoena as it relates to documents and appearance for deposition. It would take me away from other very pressing work. For example, I am in the process of revising a recently submitted manuscript that is very time intensive. In addition, I am involved in Phase II data collection for the Parkinson's Disease Study and locking of the database for preparation of manuscripts, which is also time sensitive. My current responsibilities for this and other work are extensive and subject to deadlines that are pressing and not within my control.

13.     Based on my work with Dr. Gibbons in connection with the preparation of the Manuscript, I believe that, as the lead author, Dr. Gibbons is fully able to testify as to all aspects of the Manuscript, including the design of the study, specific data sets that were analyzed, the methodology utilized to analyze the data, the findings that resulted, and the conclusions that were drawn from the analyses.

14.    I do not have any information or possess any knowledge concerning either the Manuscript or any of the records supporting the Manuscript that is not equally (if not more) available to and within Dr. Gibbons' knowledge.

15.    I do not possess any knowledge concerning Dr. Gibbons' supplemental expert report submitted in this litigation. In fact, I have never seen his supplemental report.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I executed this declaration this 21st day of January, 2009 in Palatine, Illinois.

Kwan Hur, Ph.D.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 22, 2009.

/s/ David B. Chaffin
David B. Chaffin