UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
In re: NEURONTIN MARKETING,	MDL Docket No. 1629
SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION	Master File No. 04-10981

Judge Patti B. Saris
------------------------------------------------------------x
THIS DOCUMENT RELATES TO:	Magistrate Judge Leo T. Sorokin

PRODUCTS LIABILITY ACTIONS


------------------------------------------------------------x

## DECLARATION OF DR. ROBERT D. GIBBONS

I, Robert D. Gibbons, declare:

1.  I am a resident of Chicago, Illinois. I am over 21 years of age. I have personal knowledge of all the facts set forth in this declaration, except where indicated otherwise.

2.  As the Court may recall, I am acting as an expert witness for defendants, and my qualifications have been described for the Court previously. Of particular relevance to the issue under consideration here, however, is the fact that I have conducted 7 pharmacoepidemiologic studies over the course of the last 5 years, including numerous studies on the relationship between antidepressants and suicide. I was a member of the FDA Scientific Advisory Committee on Suicide and Antidepressants in Children.

3.  I testified at the *Daubert* hearing in June and July concerning the FDA Alert relating to anti-epileptic drugs, among other issues. I recently issued a supplemental report that differs from my prior report and testimony in that it addresses a

pharmacoepidemiologic study on whether there is a relationship between Neurontin in particular and suicide attempt in patients treated for a variety of disorders. I conducted the study using data from PHARMetrics following the *Daubert* hearing and the testimony of plaintiffs' expert witnesses that a pharmacoepidemiologic study testing in a controlled way whether Neurontin is associated with suicidality in various patient populations taking Neurontin (such as epilepsy, chronic pain, psychiatric illness) has always been feasible but they have never conducted one. This study is summarized in Paragraphs 11-19 in my Supplemental Expert Report dated November 5, 2008.

4.      Additionally, I am the lead author of a manuscript entitled "The Relationship Between Antiepileptics and Suicide Attempts" (the "Manuscript"), recently submitted for publication. My co-authors are Drs. Kwan Hur, C. Hendricks Brown, and J. John Mann. The manuscript summarizes findings from a separate study using PHARMetrics data relating to all of the eleven anti-epileptic drugs (including Neurontin) that were the subject of the FDA Alert, and is focused only on patients treated with such drugs who have been diagnosed with bipolar disorder.

5.      My Supplemental Report also references the Manuscript and relies in part on its findings since they are consistent with my research findings related solely to Neurontin.

6.      I have provided to counsel for defendants all materials requested by plaintiffs on which I relied in conducting the pharmacoepidemiologic study of whether there is an association between Neurontin and suicide attempt. I have also produced all materials requested by plaintiffs in their letter of November 12, 2008, on which my co-

authors and I relied in preparing the Manuscript. It is my understanding that defense counsel has provided all of these materials to the attorneys for the plaintiffs.

7. The Manuscript described in paragraph 4 above has not yet been published. It currently is in the peer review process. Any documents concerning that process I regard as confidential, including communications between the co-authors and myself.

8. I am currently scheduled to appear on February 3-4, 2009, for a deposition in this litigation.

9. I have full knowledge concerning every aspect of the Manuscript, including the design of the study, specific data sets that were analyzed, the methodology utilized to analyze the data, the findings that resulted, and the conclusions that were drawn from the analyses. In particular, I had full access to all of the data utilized for the Manuscript, and I am responsible for the integrity of the data and the accuracy of the data analysis. Furthermore, I have both overseen all analyses that were conducted, and replicated those analyses myself to insure their accuracy.

10. I therefore am prepared and able to fully describe and explain every aspect of the Manuscript. I believe that I am able to answer all questions plaintiffs will have concerning my expert reports, as well as all their questions concerning the Manuscript.

11. I do not believe that Drs. Hur, Brown, and Mann have any information or possess any knowledge concerning either the Manuscript or any of the materials supporting the Manuscript that is not equally, if not more, available to me and within my own knowledge and expertise. As the lead author, I have principal responsibility for all

aspects of the study and serve as the final arbiter on decisions regarding the study, collaborating with my co-authors but involved in every aspect of the study.

12. I do not believe that Drs. Hur, Brown, and Mann possess any knowledge or have formed any opinions concerning the specific expert issues that have been raised in this litigation, or the content of my expert reports.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I executed this declaration this 21st day of January, 2009 in Chicago, Illinois.

_____
Robert D. Gibbons, Ph.D.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 22, 2009.

/s/ David B. Chaffin
David B. Chaffin