# EXHIBIT H

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, II (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)
Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Nancy Y. Morgan (NY, NJ & PA)

**Finkelstein & Partners LLP**
THE INJURY ATTORNEYS

Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Julio E. Urrutia (NY)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)

Debra J. Reisenman (NY)
Michael T. McGarry (NY)

Steven P. Shultz (NY & MA)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)

Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)
Keith L. Altman (CA)

*Of Counsel*
Michael Feldman (NY & NJ)
Michael Finkelstein (NY)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Kenneth Cohen (NJ)
Linda Armatti-Epstein (NY)

John F. Dowd (NY & CT)
David Akerib (NY)
Frances M. Bova (NY & NJ)
Mark B. Hudoba (NY)
Kenneth G. Bartlett (CT & NJ)
Gustavo W. Alzugaray (NY & NJ)
Sharon A. Scanlan (NY & CT)
Robert E. Borrero (NY)
Marc S. Becker (NY)
Ernest S. Buonocore (NY)
Ari Kresch (NY & MI)
Jeffrey A. Brown, MD. (NY & NJ)
Dennis G. Ellis (NY)
Gail Koff, P.C. (NY)
Joel Bossom (NY)
Eric L. Horn (NY, CT & MA)
Michael O. Gittelsohn (NY)

REFER TO OUR FILE #:  200599

January 5, 2009

Richard Barnes, Esq.
Goodell Devries Leech & Dann
One South Street, 20th Floor
Baltimore, MD 21202

Lori McGroder, Esq.
Shook Hardy Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108

Re:    Neurontin Products Liability Litigation
       Discovery: Sheila Weiss Smith

Dear Rick,

I write this letter in an attempt to resolve a discovery dispute concerning the expert reports of Dr. Sheila Weiss Smith. Under FRCP 26(b)(2)(B)(ii), concerning opinions, the expert is required to produce "the data or other information considered by the witness in forming them." To date, Defendants have not complied with this requirement.

Based upon Dr. Weiss Smith's depositions and her expert disclosure, it is clear that Dr. Weiss Smith relied upon the services of DrugLogic in using its QScan software tool. As you know, this tool allows the user to perform various analyses of data from the FDA AERS database.

During the first deposition on January 9, 2008, we were provided with an incomplete collection of spreadsheets which Dr. Weiss Smith created by hand from the QScan System. Your attention is referenced to her testimony at page 199, line 3, as follows:

              3    Q.   My question for you then is, where is the
              4    data for the background?
              5    A.   Excuse me?
              6    Q.   Where is the data that reflects the

Newburgh • Albany • Binghamton • Kingston • Middletown • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy

1279 ROUTE 300, P.O. BOX 1111
NEWBURGH, NY  12551        Phone: (845) 562-0203     Fax: (845) 562-3492     www.lawampm.com

101 WHITNEY AVENUE
NEW HAVEN, CT  06510

January 5, 2009                                                                                                      Page 2

> 7   background information?
> 8   A.   This is just the threshold information.
> 9   So it's just the output for the PRR and the other
> 10  statistics that one needs to see whether or not it
> 11  hits the threshold.  It doesn't have any information
> 12  of all events for either Gabapentin or for all
> 13  events in the data.  It's purely the raw output of
> 14  the analysis.

We pointed out that this collection was incomplete and that we needed the additional data.  No additional data has been provided to this point.  We also stated that since we were not being provided the underlying data for the QScan tool, we needed to be able to have equivalent access to the data that Dr. Weiss Smith possessed.  Your attention is brought to our earlier correspondence of January 10, 2008.  To date, we have not been provided with this access.

In Dr. Weiss Smith's second deposition on December 22, 2008, Dr. Weiss Smith again relied upon the QScan product.  More importantly, she did not save any of her work and thus none of the data that formed the basis of her charts was provided.  Furthermore, since she did not save any of the work, there is no assurance that what is in her report could be exactly replicated and reviewed by Plaintiffs even if provided with access to the QScan system.

Unlike Defendants, Plaintiffs have provided all of the raw and processed data for all Plaintiff experts.  This has given defendants the opportunity to review Plaintiffs' experts work and challenge or question experts.  In fact, Dr. Weiss Smith claims to have reviewd raw data provided by Plaintiffs, where on page 26 of her supplemental report she states "This graph is the results of a retrospectively determined process and is only one of a very large number of looks he made of the data. (Altman CD-ROM, 2007)."

This situation must be remedied or Plaintiffs will be forced to seek to compel the production of this data as well as to exclude the testimony of Dr. Weiss Smith.  First, we must have the underlying data that Dr. Weiss Smith used to prepare the charts used in both reports.  Second, arrangements must be made for Plaintiffs to have an opportunity to run analyses directly on the QScan system at no cost to Plaintiffs.

Please contact me as soon as is possible.  To the extent Defendants fail to confer or otherwise disagree with our position, we will make the appropriate motion to the Court.

Very truly,


Kenneth B. Fromson
845-562-0203 x2755