# EXHIBIT I

# GOODELL, DEVRIES, LEECH & DANN, LLP
### ATTORNEYS AT LAW
ONE SOUTH STREET, 20TH FLOOR
BALTIMORE, MARYLAND 21202

TELEPHONE (410) 783-4000

FACSIMILE (410) 783-4040

RICHARD M. BARNES
RMB@GDLDLAW.COM
WRITER'S DIRECT NUMBER
410-783-4004

January 15, 2009

**VIA FIRST CLASS MAIL AND FAX**
Kenneth B. Fromson
Finkelstein & Partners
1279 Route 300
P.O. Box 1111
Newburgh, NY 12551

Re: Neurontin Products Liability Litigation, Discovery: Dr. Sheila Weiss Smith

Dear Ken:

I am writing regarding your letter dated January 5, 2009 and your "attempt to resolve a discovery dispute concerning the expert reports of Dr. Sheila Weiss Smith" by seeking "data or other information considered" by Dr. Weiss in forming her opinions expressed in her expert reports. Before addressing this issue, I would like to remind you that Plaintiffs have completely failed to comply with their obligation to produce information that is critical to substantiate Dr Blume's assertions that the methodology she and Mr. Altman, now defense counsel of record in this case, used to support expert opinions in their reports and decelations has been "approved" by FDA.

As you will no doubt recall, at her deposition, Dr. Blume was asked for information and documentation to substantiate her testimony that the methodology used by Dr. Blume and Mr. Altman had been "approved" by FDA. Dr. Blume refused to divulge the names of the drugs or the companies based on purported confidentiality agreements, which Plaintiffs have yet to produce. In addition to the request made on the record at Dr. Blume's deposition, defense counsel reiterated their request in letters dated November 29, 2007 and January 3, 2008. To date, however, Dr. Blume has failed to provide any of this information. Defendants again demand that all such evidence of supposed "FDA approval" of the methodology Dr. Blume and Mr. Altman used in this case be produced immediately. Under Rule 26, Plaintiffs' failure to produce

January 15, 2009
Promson re: Weiss discovery
Page 2

all such information precludes any testimony by Dr. Blume that her methodology has been "FDA approved."

With respect to your request regarding Dr. Weiss, under FRCP 26(a)(2)(B)(ii), an expert is required only to produce "the data or other information considered by the witness in forming [their opinions]." As you know, Dr. Weiss performed data mining analyses of the FDA AERS database. For those analyses, she has a license to use a proprietary program called QScan -- a program that she (and many others) uses as a routine part of her profession. QScan provides Dr. Weiss with clean (e.g., duplicate cases removed) data from the FDA AERS database and it allows her to perform various queries of the data. Dr. Weiss relies on the cleaned data provided by QScan for her analysis. Because the program is proprietary, Dr. Weiss is not knowledgeable on the precise algorithms used to clean the data, nor would she be able to obtain that information.

Moreover, Dr. Weiss did not "consider," as part of her opinions in this matter, how QScan cleans the FDA AERS data. Because the inner workings of the QScan program were not considered by Dr. Weiss and did not form the basis for her opinions, you are not entitled to perform your own queries of the FDA AERS database through Dr. Weiss' license to QScan. Dr. Weiss can, however, provide a CD containing the raw data that formed the bases for her opinions in her expert report and supplemental expert report. Providing you with a CD of the raw data considered by Dr. Weiss in her two reports satisfies Defendants' obligations under Rule 26, and should resolve this discovery dispute. As you are aware, at her second deposition on December 22, 2008, Dr. Weiss already provided your associate, Mr. Altman, with a QScan User's Manual, which should address any questions you may have about the program itself. Please contact me if you have any questions.

Sincerely,

*[signature]*
Richard M. Barnes

cc: Lori McGroder, Esquire, Shook Hardy & Bacon

4821-1226-1635