# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: NEURONTIN MARKETING, SALES )
PRACTICES AND PRODUCTS LIABILITY  )
LITIGATION                        )
                                  )
_____)
                                  )
                                  )
                                  ) CASE NO.
                                  ) 04-10981
THIS DOCUMENT RELATES TO:         )
                                  )
RUTH SMITH, Individually and as   )
Widow for the use and benefit of  )
herself and the next of kin of    )
Richard Smith, deceased.          )
                                  )
05-CV-11515                       )
                                  )

VIDEOTAPED DEPOSITION OF

PAUL R. McCOMBS, III, M.D.

Taken on Behalf of the Plaintiffs

June 8, 2007

Page 2

```
 1   APPEARANCES:
 2   For the Plaintiff:
 3       MARK LANIER
         DARA HEGAR
 4       PATRICK O'HARA
         Lanier Law Firm
 5       6810 F.M. 1960 West
         Houston, Texas 77069
 6       713.659.5200
         713.659.6416
 7       wml@lanierlawfirm.com
 8       ANDREW G. FINKELSTEIN
         Finkelstein & Partners
 9       436 Robinson Avenue
         Newburgh, New York 12550
10       800.634.1212
         afinkelstein@lawampm.com
11
12   For the Defendant:
13       KENNETH J. FERGUSON
         Clark, Thomas & Winters
14       P.O. Box 1148
         Austin, Texas 78767
15       512.472.8800
         512.474.1129
16       kjf@ctw.com
17
     Also Present: Jason Powers, Videographer
18
```

Page 3

```
 1              INDEX
 2   WITNESS: PAUL RAY McCOMBS
 3         INDEX OF EXAMINATIONS
 4                     Page/Line
 5   By Mr. Lanier ............  6   5
 6   By Mr. Ferguson .......... 15  11
 7   By Mr. Lanier ............ 28   9
 8   By Mr. Ferguson .......... 30   4
 9   By Mr. Lanier ............ 35   7
10         INDEX OF EXHIBITS
11                     Page/Line
12   No. 1 .................... 29  24
13   No. 2 .................... 29  25
14   No. 3 .................... 34  12
```

Page 4

 2    The videotaped deposition of PAUL R.
 3 McCOMBS, III, M.D., taken on behalf of the
 4 Plaintiffs, on the 8th day of June, 2007, in the
 5 offices of Howell Allen Clinic, 2011 Murphy
 6 Avenue, Suite 401, Nashville, Tennessee, for all
 7 purposes under the Federal Rules of Civil
 8 Procedure.
 9    The formalities as to notice,
10 caption, certificate, et cetera, are waived. All
11 objections, except as to the form of the
12 questions, are reserved to the hearing.
13    It is agreed that Elisabeth A.
14 Miller, being a Notary Public and Court Reporter
15 for the State of Tennessee, may swear the witness,
16 and that the reading and signing of the completed
17 deposition by the witness are waived.
21           * * *

Page 5

 1           PROCEEDINGS
 2    THE VIDEOGRAPHER: Here begins
 3 Volume 1, Videotape No. 1 in the deposition of
 4 Dr. Paul R. McCombs, III, in re Neurontin
 5 marketing, sales practices and products liability
 6 litigation in the U.S. District Court, District of
 7 Massachusetts. The Case number is MDL, docket
 8 No. 1629. Today's date is June the 8th, 2007.
 9 The time on the video monitor is 10:09.
10    The video operator today is Jason
11 Powers of Vowell & Jennings.
12    Counsel, please identify yourselves
13 and state whom you represent.
14    MR. LANIER: My name is Mark Lanier.
15 I'm here representing Ruth Smith and the girls in
16 the loss of Richard Smith. I've got with me Dara
17 Hegar from my office, Patrick O'Hara from my
18 office, and Andrew Finkelstein from his office.
19    MR. FERGUSON: Ken Ferguson
20 representing Pfizer, Warner-Lambert, Parke-Davis.
21    THE VIDEOGRAPHER: Thank you. The
22 court reporter today is Elisabeth Miller of
23 Vowell & Jennings.
24    Would the reporter please swear in
25 the witness.

**Page 14**

1  associated with a loss of impulse control,
2  associated with a loss of cognitive awareness of
3  things, or -- or increase in depression, would it
4  have changed your prescription habits as far as
5  Mr. Smith?
6      MR. FERGUSON: Object to form.
7      THE WITNESS: Perhaps.
8  BY MR. LANIER:
9  Q.  And by perhaps, would you have considered
10 trying other drugs first?
11 A.  I would go over his medication list and
12 try to pick the best possible choice to alleviate
13 his pain. If I had known it was associated with
14 depression, knowing him, I would be very careful
15 with it --
16 Q.  Yeah. If --
17 A.  -- if I decided to use it.
18 Q.  So if you decided to use it, would you at
19 least have given him some significant warnings and
20 his family and made sure everybody was tuned in to
21 the fact that if his depression seemed to be
22 getting worse, that he needs to contact someone?
23 A.  I would.
24 Q.  Okay.
25     MR. LANIER: I'll pass the witness.

**Page 15**

1      How much time did I use, please?
2      THE WITNESS: You were right at --
3      THE VIDEOGRAPHER: 10 minutes -- 10
4  minutes 30.
5      MR. LANIER: Oh, baby, I've got more
6  time. You better not leave me an opening.
7      THE WITNESS: It's about me.
8      MR. LANIER: Thank you, Doctor.
9      THE WITNESS: You're welcome.
10         E X A M I N A T I O N
11 BY MR. FERGUSON:
12 Q.  Dr. McCombs, let me ask you a little bit
13 about your -- your treatment of -- of Mr. Smith.
14 First of all, Mr. Lanier asked you about whether
15 there had been some contacts with the family
16 regarding any -- any concerns that might give rise
17 to a concern that perhaps Mr. Smith was depressed
18 or was down, correct?
19 A.  Yes, sir.
20 Q.  Okay. And, in particular, let me show you
21 a record -- I'm sure you have it in front of you,
22 but just to save time, I'll hand it to you --
23 dated 5-2-03.
24 A.  I have it right in front of me.
25 Q.  Okay. Yes, sir.

**Page 16**

1      Let me ask you, first of all, you have
2  your chart in front of you?
3  A.  Yes, sir.
4  Q.  Can we make sure that one way or the
5  other, a copy of the chart is attached to the
6  deposition?
7      MR. LANIER: Whatever the doctor
8  says. We don't have any problem. No HIPAA
9  concerns or anything like that. We'll waive.
10     THE WITNESS: Okay.
11     MR. FERGUSON: Okay. And can we
12 stipulate that these -- that his chart is -- are
13 business records of his --
14     MR. LANIER: Absolutely.
15     MR. FERGUSON: --
16 neurosurgical procedures?
17     MR. LANIER: It saves us five minutes
18 of questions of it.
19     MR. FERGUSON: There you go. Thank
20 you.
21 BY MR. FERGUSON:
22 Q.  Okay. On this page, Doctor, the -- the
23 notation on 5-2-03 is in handwriting. Whose
24 handwriting is that in?
25 A.  That would be Becky Hughes.

**Page 17**

1  Q.  Okay. And who is Becky Hughes in the
2  office?
3  A.  Becky Hughes is one of my secretaries.
4  Q.  And is she one of the individuals who
5  would -- who would take calls from patients?
6  A.  Yes.
7  Q.  Okay. And is -- is this some -- these
8  kinds of notes are things that you would look at
9  and consider in terms of -- of what you're seeing
10 with your patients --
11 A.  Yes.
12 Q.  -- what they're reporting?
13     Could you read us that 5-2-03 notation?
14 A.  Yes, sir. 5-2-03, Becky Hughes writes,
15 spoke with patient's daughter, states patient
16 wishes he could die because of pain and
17 depression. Advised to take patient to ER for
18 psych eval -- take patient to ER for psych eval
19 and treatment. TX is treatment.
20     Initial PRM/PK, Pam Krancer, slash BH,
21 Becky Hughes.
22 Q.  And the PRM is you?
23 A.  Yes.
24 Q.  PK is your --
25 A.  Pam Krancer, clinical nurse practitioner.