UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------------x
                                                :    MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                    :
        SALES PRACTICES AND                     :    Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION           :
                                                :    Judge Patti B. Saris
-------------------------------------------------------------x
                                                :    Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                       :
                                                :
PRODUCTS LIABILITY ACTIONS                      :
                                                :
-------------------------------------------------------------x
```

**DECLARATION OF KEITH L. ALTMAN, ESQ., IN SUPPORT
OF PRODUCTS LIABILITY PLAINTIFFS' OPPOSITION TO
DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER
WITH RESPECT TO DR. GIBBONS'S THREE CO-AUTHORS**

I, Keith L. Altman, declare under penalty of perjury as follows:

1.      I am an attorney with the law firm of Finkelstein & Partners, LLP, attorneys for the majority of the Products Liability Plaintiffs in this matter.

2.      This declaration is submitted in support of Products Liability Plaintiffs' opposition to Defendants' emergency motion for a protective order with respect to subpoenas testificandum and duces tecum issued to Defendants' expert, Dr. Gibbons's three co-authors.

3.      On January 14, 2008, after becoming aware that subpoenas had been served on the three co-authors of Dr. Gibbons's paper, "The Relationship Between Antiepileptics and Suicide Attempts," dated September 2008, see ECF Doc. # 1492-2, I attempted to contact each of the three authors to confirm the date and location for their depositions.  Each of the initial calls was made between 6:00 p.m. and 7:00 p.m. Eastern Standard Time.

4.      I spoke directly to Dr. Mann who informed me that he was not available on February 4, 2008, because he was "hosting an international conference."  I then asked him for another date that would be more convenient.  He told me that I would be contacted by his lawyer with a more convenient date.  He did not in any way object to being deposed.  Once I became aware Dr. Mann was represented by counsel, I left my name and number and asked for his counsel to contact me.

5.      On January 21, 2008, after not having heard from Dr. Mann's lawyer, I again called Dr. Mann.  I did not speak to Dr. Mann, but spoke to an unidentified individual.  She checked to see if Dr. Mann was available and came back to the phone and said that he was not, but that Dr. Mann said I would receive a call from his lawyer to reschedule the deposition.  I asked this individual to take a message for Dr. Mann advising that I had not heard from Dr. Mann's lawyer and that unless I did so, I would assume that the date for the subpoena would be honored.  I also asked that Dr. Mann's lawyer contact me if the date needed to be rescheduled. To date, I have not heard from anyone identifying himself as Dr. Mann's lawyer.  Once again, no objection was raised to being deposed.

6.      On January 14, 2008, I attempted to contact Dr. Hur in Chicago.  He did not answer his phone, but I left a message.  On the morning of January 15, Dr. Hur returned my call, but I was unavailable.  That afternoon, I did contact Dr. Hur.  He asked why he was being deposed, and I explained the nature of the deposition.  He stated that he was unavailable on February 6, 2008.  He then stated that he would check his schedule for alternative dates.  I told Dr. Hur that if it was more convenient to conduct the deposition in his hospital, we could do so. He told me he knew of the "perfect" conference room for that purpose and would check the availability of the room.

7.      On January 14, 2008, I left word for Dr. Brown.  He did not call me back directly, but he left a voicemail to the voice-mailbox of Andrew G. Finkelstein, Esq., of Finkelstein & Partner, LLP, wherein he advised that the deposition date, January 29, 2008, was problematic.  I called Dr. Brown again on January 21, 2008, and left a message but did not receive a return call.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 28, 2009

**/s/ Keith L. Altman**
Keith L. Altman
Finkelstein & Partners, LLP
1279 Route 300, P.O. Box 1111
Newburgh, NY  12551
(800) 634-1212

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on January 28, 2009.

Dated:  January 28, 2009

**/s/ Keith L. Altman**
Keith L. Altman