UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| | Magistrate Judge Leo T. Sorokin |
| HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, dba BLUECROSS/BLUESHIELD OF LOUISIANA; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated v. PFIZER INC. and WARNER-LAMBERT COMPANY, | |

## **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In connection with the Court's consideration of plaintiffs' second motion for class certification (Dkt # 1018), defendants respectfully submit copies of the February 9, 2009 Opinion and Order entered in *Clark v. Pfizer Inc.,* June Term 2004, No. 1819 (Phila. Ct. C.P. Feb. 9, 2009). True and correct copies of the Opinion and Order are attached hereto as Exhibits A and B, respectively.

The *Clark* action was brought "on behalf of [two named plaintiffs] and all other similarly situated purchasers of the drug Neurontin or its generic equivalent, gabapentin, whose prescriptions were written for off label uses not approved by the FDA." (Ex. A at 1.) As the Court may recall, plaintiffs have cited a prior decision in *Clark* in which Judge Mark I. Bernstein

certified a class. *See* Notice of Supplemental Authority in Support of Plaintiffs' Motion for Class Certification (Pennsylvania Class Action Certified) (Dkt # 779).

On February 9, Judge Bernstein de-certified the class, explaining:

> Since some class members have benefited from the use of Neurontin and other class members have not benefited, individual questions of fact are presented making the case unsuitable for class resolution. Individual questions of fact exist as to each class member to determine whether their off-label prescription of Neurontin was beneficial. Whether an individual class member suffered a compensable loss is an inherently individualized question which predominates making class resolution impracticable and possibly impossible. The motion for decertification of the class is granted.

(Ex. A at 5.) Defendants respectfully submit that Judge Bernstein's analysis is directly applicable to the issues under consideration.

Dated: February 12, 2009

                DAVIS POLK & WARDWELL

                By:  /s/ James P. Rouhandeh
                        James P. Rouhandeh

                450 Lexington Avenue
                New York, New York 10017
                (212) 450-4000

                        - and -

                WHITE AND WILLIAMS LLP

                By:  /s/ David B. Chaffin
                        David B. Chaffin

                100 Summer Street, Suite 2700
                Boston, Massachusetts 02110
                (617) 748-5200

                *Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document has been served pursuant to Case Management Order No. 3.

/s/David B. Chaffin
David B. Chaffin

3

5056071v.1