UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br><br>LEVI BOONE AND ALL ACTIONS HE HAS FILED | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

ORDER RE: PERSONAL DATA IDENTIFIERS

February 13, 2009

SOROKIN, M.J.

On December 16, 2008, following a hearing, Judge Saris issued an Order in response to the filing by Attorney Levi Boone of numerous documents containing his clients' personal information, including social security numbers and confidential medical information. Judge Saris ordered all counsel in this litigation to review all past filings to determine whether they contain any personal data identifiers in violation of the Local Rules. Counsel were instructed to identify (in a sealed attachment) each offending submission by docket number, and to file a redacted version of the submission(s). In addition, Judge Saris instructed Attorney Boone to contact each of his clients in writing and inform them of his improper postings and of the Court's actions. Finally, Attorney Boone was ordered to explain to the Court why he filed documents containing his clients' personal information, and why he should not be sanctioned for doing so. See Order, Docket # 1519. All counsel complied with the Court's Order by December 19, 2008,

1

and the Court blocked access to the documents containing improper information.

In his responses, Attorney Boone explained that the documents were inadvertently filed during his rush to oppose defendants' motions to dismiss, and that he had since taken steps to ensure that no such filings would be made by his firm in the future. On December 24, 2008, this Court issued an order setting a hearing on the issue of whether sanctions should be imposed on Attorney Boone for January 28, 2009 and ordered Attorney Boone to appear in person. Docket #1590. In addition, the Court invited any person whose personal information was filed with the Court in violation of Local Rule 5.3 (and thus available for public viewing) to either appear at the hearing in person , and/or to file a written statement for the Court's consideration in advance of the hearing. The Court ordered Boone to send a copy of the Court's order inviting comments or an appearance at the January 28, 2009 hearing to each person whose personal information was filed with the Court.

Boone was further instructed to file statements with the Court explaining (a) the circumstances resulting in the filing of <u>each</u> of the documents he filed in violation of Local Rule 5.3; (b) the specific measures, such as training, policies or procedures, he has implemented to insure that no further violations of Local Rule 5.3 occur; and (c) certifying that he had satisfied the requirements of Local Rule 83.5.3(b)(1)-(3). Finally, Boone was instructed to contact, in writing, all of his clients whose personal information was at any time improperly posted. Boone was to inform his clients: (1) of the nature of the specific information posted (e.g. social security number, date of birth, medical information etc.); (2) of the fact that the information was improperly posted; and (3) that the information had been available for public viewing. Boone was ordered to provide to each such client copies of the Court's Order and his responses thereto,

by first class mail postage prepaid.  See Order, Docket # 1590.  Boone has certified that he has complied with the Court's Order.

The Court received responses from four of Attorney Boone's clients, all of whom expressed their unhappiness with the improper posting of their personal information.  On January 28, 2009, the Court held a hearing at which Attorney Boone appeared and expressed his contrition for his actions.  No other persons (other than counsel for a defendant) appeared.  He also informed the Court that he had received additional training as to the Local Rules of this District, and as to the procedures for filing documents with CM-ECF.  He assured the Court that employees at his firm were trained as to the proper procedures for future reference.

The Court has considered Boone's actions and his subsequent remedial actions.  There can be no doubt of the serious risk and substantial harm Boone created in filing the information that he did on the Court's public access site, and that in doing so, he created untold hours of extra work for Clerk's office personnel.  However, the primary harm was to those persons whose privacy was violated, and who were exposed to the potential of identity theft as a result of Boone's actions.  I am persuaded that Boone did not intend to cause this harm and that he has expressed genuine remorse for what has occurred.  All of Boone's clients have been notified of the breach twice, and only four have written to the Court to express their concern.

Therefore, after careful consideration, the Court imposes the following sanction.  First, Boone is hereby ORDERED, no later than February 23, 2009, to send a letter to each of his clients with clear and detailed instructions on how they may obtain a free credit report, and how they may sign up for fraud alerts and/or credit monitoring.  Boone must offer to assist his clients in signing up for these services if they can not do so on their own.  Second, Boone is ORDERED

3

to pay for one-year of credit monitoring for any of the four clients who contacted the Court who wish to pursue that option. Boone is to notify those four clients of their entitlement to that service, at his expense, and he is to make all arrangements for the service if the clients inform him that they would like to pursue that option. Finally, Boone must submit a certification to the Court by the close of business on February 23, 2009, indicating that he has complied fully with this Order.

                                                    /s / Leo T. Sorokin
                                    UNITED STATES MAGISTRATE JUDGE