UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------x
:
In re:  NEURONTIN MARKETING, SALES  :
PRACTICES, AND PRODUCTS LIABILITY  :
LITIGATION  :  MDL Docket No. 1629
----------------------------------------------------------x
:  Master File No. 04-10981
THIS DOCUMENT RELATES TO:  :
:  Judge Patti B. Saris
:
----------------------------------------------------------x
:
HARDEN MANUFACTURING CORPORATION;  :  Magistrate Judge Leo T.
LOUISIANA HEALTH SERVICE INDEMNITY  :  Sorokin
COMPANY, dba BLUECROSS/BLUESHIELD OF  :
LOUISIANA; INTERNATIONAL UNION OF  :
OPERATING ENGINEERS, LOCAL NO. 68 WELFARE  :
FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS  :
TRUST; GERALD SMITH; and LORRAINE KOPA, on  :
behalf of themselves and all others similarly situated, v.  :
PFIZER INC. and WARNER-LAMBERT COMPANY.  :
:
:
----------------------------------------------------------x

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO CLASS
PLAINTIFFS' EMERGENCY MOTION FOR EXTENSION OF TIME TO
DESIGNATE DOCUMENTS FOR SUMMARY JUDGMENT AND TRIAL**

Defendants respectfully request that the Court deny plaintiffs' motion as it is over a year late and is contrary to this Court's August 9, 2005 Order (Dkt. # 209 (the "August 2005 Order")). While defendants would be prepared to discuss stipulations on authenticity and admissibility of documents at the appropriate time before any trial, engaging in the process described in the August 2005 Order at this late date would be wasteful and counterproductive.

Under the 2005 Order, plaintiffs had thirty days after the close of *fact* discovery to submit a list of documents for authentication and/or stipulation as business records.  Because fact discovery ended on October 15, 2007, plaintiffs' deadline for submitting any such list was November 14, 2007.  Plaintiffs chose not to submit a list prior to that deadline over a year ago

5097033v.1

and instead have waited until now to ask for an extension. The request should be denied on that basis alone.

Plaintiffs are wrong in their assertion that the operative deadline under the August 2005 Order was the close of *expert* discovery on January 31, 2009. Paragraph 5 of the order explicitly contemplates that plaintiffs would identify documents that had yet to be authenticated or established as a business record "at the close of *fact* discovery." (Order, August 9, 2005, Dkt. # 209, at ¶ 5 (emphasis added) (establishing additional procedures to "narrow the number of documents in dispute at the close of fact discovery").) Any other reading would make little sense in view of the purpose of the August 2005 Order: The goal was to answer questions on admissibility *before* defendants' summary judgment motion was filed. The Court expressed exactly that view shortly before issuing the August 2005 Order when discussing the timing of the process for resolving authenticity issues:

> I'm assuming it's before summary judgment. . . . [I]t seems to me it's before summary judgment because if they get to summary judgment and summary judgment, they've got to produce records, they've got to have admissible evidence . . . *I think that process would happen before they file their motions for summary judgment.*

(Aug. 1, 2005 Hr'g Tr. at 77 (emphasis added).) Because summary judgment is now upon us, there is nothing to be gained by engaging in this process now.

Although defendants agree that the parties should discuss and seek to stipulate to admissibility of documents at the appropriate time, proceeding with the process envisioned in the August 2005 Order at this time would be inefficient, wasteful, and – should defendants' motion for summary judgment be granted – wholly unnecessary. It would needlessly burden the parties and divert their attention from summary judgment briefing. But more fundamentally, plaintiffs' proposal would be wasteful given the case's current procedural posture: plaintiffs' renewed

2

motion for class certification is still pending and defendants will be moving for summary judgment on March 2. Resolution of either or both motions could either eliminate the case entirely or, at a minimum, drastically affect the case's scope and, correspondingly, the documents relevant to any trial. It makes little sense for the parties to expend substantial time and resources reviewing and determining admissibility of documents that may ultimately never need to be used at any trial. A more sensible approach would be to wait until the Court has resolved the plaintiffs' class certification motion and defendants' motion for summary judgment. At that time, the parties can address any remaining document authentication and business record issues through ordinary pretrial mechanisms.

For the foregoing reasons, defendants respectfully request that the Court deny plaintiffs' emergency motion for an extension of time.

Dated: February 27, 2009

DAVIS POLK & WARDWELL

By:  /s/ James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

- and -

WHITE & WILLIAMS LLP

By: /s/ David B. Chaffin
    David B. Chaffin

BBO # 549245
100 Summer Street
Suite 2707
Boston, Massachusetts 02110
(617) 748-5200

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on February 27, 2009.

/s/David B. Chaffin
David B. Chaffin