UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No.  1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>    ALL CLASS ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |
| HARDEN MANUFACTURING CORPORATION; LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA; UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL 52 HEALTH BENEFITS TRUST; GERALD SMITH; and LORRAINE KOPA, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>PFIZER INC. and WARNER-LAMBERT COMPANY,<br>            Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF CLASS PLAINTIFFS'
EMERGENCY MOTION FOR EXTENSION OF TIME TO
DESIGNATE DOCUMENTS FOR SUMMARY JUDGMENT AND TRIAL**

Defendants assert that the deadline for providing a list of documents pursuant to the

Court's August 9, 2005 Order (Docket No. 209) passed 30 days after the close of fact discovery,

on November 14, 2007.  In support of this argument, Defendants cite a transcript of the hearing.

Plaintiffs calendared the date on which the designations were due based on the Court's *order*, not

a hearing transcript that, until today, Plaintiffs had not even reviewed.  Such reliance on the text

of the order rather than the transcript is well founded, especially given the Court's instruction at

the hearing:

> Don't file more briefing, just file this is what you propose and you
> can say that's all.  That's enough.  I understand what the issues are,
> then I'll take yours or theirs, or I'll make my own up in between.

Reporter's Transcript at 73:14-17 (Exhibit A to Declaration of Christopher J. Roche, Docket No.

1684-2).

Plaintiffs followed the Court's instructions, and proposed that the 30 days run from the

overall discovery cutoff.  *See* Docket. No. 207, at 1 (Plaintiffs' proposed order that the list be

provided "[n]ot more than thirty (30) days after the close of discovery").  Defendants made a

different proposal — that the 30 days run from the earlier, *fact* discovery cutoff.  *See* Docket.

No. 208 at 1 (Defendants proposed order that the list be provided "[n]ot more than thirty (30)

days after the close of fact discovery").  The resulting Order expressly noted that the two

proposals were "similar, but not identical" (Docket No. 209, at 1), and adopted Plaintiffs'

proposal on this point verbatim, not Defendants'.  *Compare* Docket No. 207, ¶ 2, *and* Docket

No. 208, ¶ 3, *with* Docket No. 209, ¶ 2.  It would be unfair and inequitable to hold Plaintiffs to a

deadline the Court declined to adopt in its Order, based on contrary inclinations expressed at the

hearing.[1]

---

[1] Defendants also point out that Paragraph 5 of Order provides a specific procedure intended to narrow the number
of deposition exhibits in dispute "at the close of fact discovery."  Docket No. 209 ¶ 5.  All this establishes is that

Defendants argue that "proceeding with the process envisioned in the August 2005 Order at this time" would divert their attention from summary judgment briefing.  Defendants' Memorandum in Opposition ("Defs.' Opp.," Docket. No. 1683) at 2.  As stated in Plaintiffs' moving papers, Plaintiffs propose that the 30-day period for Defendants to respond to Plaintiffs' supplemental document list run from the filing of their reply brief in support of their summary judgment motion.  Plaintiffs' initial list will be provided to Defendants on March 2, 2009 — the day they Defendants file their summary judgment motion, and the response will be due on April 1, 2009 — the day Plaintiffs file their opposition.  Accordingly, while *Plaintiffs* will be working on their supplemental document list as they prepare their opposition to summary judgment, *Defendants* need not divert any attention to this matter while they are preparing either their moving or reply papers.  Nor do Defendants not dispute Plaintiffs' contention that the requested extension will not delay the trial of this action.

Finally, Defendants argue that the exercise will be "wasteful and unnecessary" because "resolution of either or both motions could either eliminate the case entirely or, at a minimum, drastically affect the case's scope and, correspondingly, the documents relevant to any trial."  Defs.' Opp. at 2-3.  This is an argument for delaying the procedure provided for in the August 9, 2005 Order further, not dispensing with it entirely, or denying Plaintiffs the requested extension.  If Defendants wish to stipulate that the deadline and procedures set forth in the August 9, 2005 Order should run not 30 days from the close of discovery, but 30 days from the Court's ruling on class certification or summary judgment, whichever is later, that is acceptable to Plaintiffs.

---

when the Court means "fact discovery," it says "fact discovery."  It does not change the operative deadline, which is set forth in Paragraph 2.

Respectfully submitted,

Dated:  February 27, 2009          GREENE & HOFFMAN


By:   /s/ Thomas M. Greene
        Thomas M. Greene, Esq.

33 Broad Street, 5th Floor,
Boston, MA  02109

LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP


By:   /s/ Barry R. Himmelstein
        Barry R. Himmelstein, Esq.

275 Battery Street, 30th Floor
San Francisco, CA  94111-3339


BARRETT LAW OFFICE


By:   /s/ Don Barrett
        Don Barrett, Esq.

404 Court Square North
P.O. Box 987
Lexington, MS  39095

LAW OFFICES OF DANIEL BECNEL, JR.


By:   /s/ Daniel E. Becnel, Jr.
        Daniel E. Becnel, Jr., Esq.

106 W. Seventh Street
P.O. Drawer H
Reserve, LA  70084

DUGAN & BROWNE

By:  /s/ James R. Dugan
      James R. Dugan, Esq.

650 Poydras Street, Suite 2150
New Orleans, LA  70130

HAGENS BERMAN SOBOL SHAPIRO LLP

By:  /s/ Thomas M. Sobol
      Thomas M. Sobol, Esq.

One Main Street, 4th Floor
Cambridge, MA  02142

Attorneys for Plaintiffs and the Class

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on February 26, 2009.

/s/ Ilyas Rona
Ilyas J. Rona