UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| | Magistrate Judge Leo T. Sorokin |
| CYNTHIA ULETT LYNCH (Plaintiff) | |

## PLAINTIFF CYNTHIA ULETT LYNCH'S MOTION TO AMEND RELEVENT MEDICAL RECORDS, ALLEGATIONS AND NEW SUPPORTING EVIDENCE OF THE COMPLAINT IN THE ABOVE ENTITLED ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **CYNTHIA ULETT LYNCH,** Plaintiff in the above captioned and Numbered cause, complaining of and against Defendant PFIZER in a

**PRODUCT LIABILITY/PERSONAL INJURY ACTION,** and for cause of action would Show unto the court the following:

1. **ISSUES OF FACT AND LAW.**

2. **NEURONTIN OFF-LABEL SIDE EFFETS AND DANGERS.**

## I.

## ISSUES OF FACT AND LAW

1. The defendant manufactured or sold the product.

2. The product is defective or dangerous.

3. The defect was a hidden defect or the product was a dangerous.

4. The product caused injury or damage to plaintiff.

5. The defendant recalled EPILEPSY MEDICINE, Exhibit "A".

6. Copy of plaintiff's certification per November 9, 2007 order, Exhibit "B".

7. Defendant's acknowledgement of complaint, Exhibit "C".

8. Copy of Neurontin prescription and unused drug, Exhibit "D".

9. Copy of 1996 message from Richard Grady, Exhibit "E".

10. List of defective drugs, Exhibit "F".

11. Medical record with Neurontin, Exhibit "G".

12. LEGAL information on Neurontin, Exhibit "H".

13. FDA information on Neurontin, Exhibit "I ".

14. Drug Industry Document/NEURONTIN, Exhibit "J".

15. RESEARCH, Exhibit "K".

16. NEWS RELEASE, Exhibit "L".

17. Calculation of damages for the NEURONTIN MDL PLAINTIFFS, Exhibit " M".

18. Department of Health response in Re: to Neurontin, Exhibit "N".

19. Copies of front pages to JUDGES from Finkelstein & Partners, Exhibit "O".

20. NEURONTIN, Exhibit "P".

21. Annals of Internal Medicine, Exhibit "Q".

22. Front page of EXPERT REPORT OF NICHOLAS P. JEWELL. Ph.D. Exhibit "R".

23. Front page of Drug Facts and Comparisons, Exhibit "S".

24. Front page DEPARTMENT OF JUSTICE, Exhibit "T".

## II.

## PRODUCT LIABILITY /NEURONTIN OFF-LABEL SIDE EFFECT AND DANGERS

Plaintiff brings this suit to recover damages sought against the manufacture for producing and selling products with safety defects.

"Product Liability" is the term used for litigation when a person has been injured by a Product which has been improperly designed, manufactured or maintained.
A basic principle in product liability law is that manufacturers and providers of any product Including those who make drugs – are responsible for making and keeping the public aware of The dangers of the product. When a company announces findings of new dangers its product Poses to the public, the company has a legal duty to offer compensation to those it failed to warn In time. Under product liability law, simply because a company "didn't know" its product Proved dangerous until new research revealed those risks is unfair practices.

Through the very highest standards of research and safety, companies must leave nothing to Chance in assuring that the public knows all the risks of its product before releasing the product for sale on the market.

Plaintiff alleges that defendant PFIZER violated section 82.001,2a, Civil Practice & Remedies Code. The negligence of defendant violating section 82.007,2b,(1),4c,5. Section 82.008, b (1), (2).

Plaintiff alleges defendant violated the Health & Safety Code, section 483.002.005, 006 etc At the time of consumption of this drug in question, Plaintiff was involved in a MVP accident on Her job in May, 2002. Plaintiff had no insurance and was referred to Texas Rehab. Plaintiff was seen by Dr. Jeffery Clarke in 2004, at the Scott & White hospital. Plaintiff was Having serious pain in the back of her head as a result of hitting her head on the cement. Plaintiff was never told about the effects of that drug, if not she would have refused the drug. Plaintiff was a medication aide. Plaintiff took one pill each day for fifteen days, when plaintiff Felt she could not move her hands and legs. Plaintiff called the Texas Rehab and spoke to Ms. Louise who told her and she agreed to stop taking the pills.
Plaintiff reported the problem to PFIZER.

Plaintiff would show that, as a direct result of taking the medication NEURONTIN, plaintiff Is seeking damages including general and compensatory for severe personal injuries, past and future pain and suffering, mental anguish and punitive damages.

### III.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that she recover Judgment against the Defendant PFIZER the following:

1. past medical expenses;
2. past and future mental anguish;
3. past bodily impairment;
4. compensatory and punitive damages;

5,      costs of court;

6.      pre-and-post-judgment interest as provided by law; and

7.      for such other further relief, both general and special, at law or in equity, to which Plaintiff may show justly entitled.

Respectfully submitted,

CYNTHIA ULETT LYNCH
1817 Dusk Drive
Killeen, Texas 76543
(254) 680-7551

By: *[signature]*
CYNTHIA ULETT LYNCH
Pro se

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to the following on _3rd_ day of _March 2009_

SHOOK, HARDY & BACON, LLP
2555 Grand Blvd,
Kansas City, MO 64108-2613

DAVIS, POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017

Attorneys for PFIZER Defendant