# EXHIBIT 4

**Finkelstein & Partners, LLP**
THE INJURY ATTORNEYS

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, II (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)
Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)

Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)
Debra J. Reisenman (NY)

Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)

Edward M. Steves (NY)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)
*Of Counsel*
Steven G. Davis (NY & PA)
Michael Feldman (NY & NJ)
Michael Finkelstein (NY)

Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Kenneth Cohen (NJ)
Joel A. Reback (NY & Israel)
Linda Armatti-Epstein (NY)
John F. Dowd (NY & CT)
David Akerib (NY)
Frances M. Bova (NY & NJ)
Mark B. Hudoba (NY)
Kenneth G. Bartlett (CT & NJ)
Gustavo W. Alzugaray (NY & NJ)
Sharon A. Scanlan (NY & CT)
Robert E. Borrero (NY)
Marc S. Becker (NY)
Ernest S. Buonocore (NY)
Ari Kresch (NY & MI)
Jeffrey A. Brown, M.D. (NY & NJ)
Dennis G. Ellis (NY)
Gail Koff, P.C. (NY)
Joel Bossom (NY)
Eric L. Horn (NY, CT & MA)

REFER TO OUR FILE #:

August 18, 2008

Angela Seaton, Esq.
Shook, Hardy & Bacon
Attorneys for Defendants
2555 Grand Blvd
Kansas City, MO 64108-2613

Re:  Neurontin Products Liability Litigation
     Case Specific Expert Disclosure: *Bulger v. Pfizer* 07 CA 11426 PBS

Counsel:

As you know, Plaintiffs' case-specific expert disclosure was due on August 7, 2008.

With respect to the *Bulger* case, annexed hereto please find the formal disclosure for Plaintiffs' expert, Louis Roh, M.D., as to the issue of damages. In light of the disclosure being made after August 7, 2008, your objection to this disclosure is noted. Please advise immediately whether you will waive your objection. Otherwise, Plaintiffs' counsel will have no choice but to seek the court's intervention regarding the late disclosure.

Very truly,

Kenneth B. Fromson
845-562-0203 x2755

cc  Jim Rouhandeh, Esq.
    David B. Chaffin, Esq.

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy

1279 ROUTE 300, P.O. BOX 1111
NEWBURGH, NY 12551    Phone: (845) 562-0203    Fax: (845) 562-3492    www.lawampm.com

101 WHITNEY AVENUE
NEW HAVEN, CT 06510

UNITED STATES DISTRICT COURT 230337-06
DISTRICT OF MASSACHUSETTS

---------------------------------------x

In re: NEURONTIN MARKETING,
SALES PRACTICES AND PRODUCTS      MDL Docket No. 1629
LIABILITY LITIGATION

Master File No. 04-10981

---------------------------------------x

THIS DOCUMENT RELATES TO:              Judge Patti B. Saris

RONALD J. BULGER, SR., as Administrator of the    Magistrate Judge Leo T. Sorokin

Estate of SUSAN BULGER, deceased

07 CA 11426 PBS

---------------------------------------x

### PLAINTIFF'S CASE-SPECIFIC EXPERT DISCLOSURE
### (LOUIS S. ROH, M.D.)

Products Liability Plaintiffs, by and through their attorneys, FINKELSTEIN & PARTNERS, LLP, pursuant to Fed. R. Civ. P. 26, identify Louis S. Roh, M.D., as Plaintiffs' expert who may be used at trial to present expert testimony on the issue of damages.

Dr. Roh's Curriculum Vitae, including a list of publications authored by the expert and a list of his previous testimony is annexed hereto. Dr. Roh's narrative report includes his opinions and references to materials considered and relied upon in reaching his opinions. Said narrative report is annexed hereto. Dr. Roh is expected to testify in accordance with his Report.

The compensation to be paid for Dr. Roh's time in providing testimony is $3000 for each business day he is requested to provide testimony.

Dated: August 18, 2008

FINKELSTEIN & PARTNERS, LLP

KENNETH B. FROMSON, ESQ.
Attorneys for Plaintiff
1279 Route 300
PO Box 1111
Newburgh, N.Y. 12551

TO:
Shook, Hardy & Bacon
Attorneys for Defendants
2555 Grand Blvd
Kansas City, MO 64108-2613

Davis Polk & Wardwell
Attorneys for Defendants
450 Lexington Avenue
New York, NY 10017

David B. Chaffin, Esq.
Hare & Chaffin
160 Federal Street
23rd Floor
Boston, MA 02110

## CERTIFICATE OF SERVICE

I, Kenneth B. Fromson, Esq., certify that PLAINTIFF'S CASE SPECIFIC EXPERT DISCLOSURE was served on August 18, 2008 by overnight delivery to the following:

James P. Rouhandeh, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
rouhandeh@dpw.com.


Angela Seaton, Esq.
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
aseaton@shb.com

David B. Chaffin, Esq.
Hare & Chaffin
160 Federal Street
23rd Floor
Boston, MA 02110
dchaffin@hare-chaffin.com

I further certify that PLAINTIFF'S CASE SPECIFIC EXPERT DISCLOSURE was served on August 18, 2008 via facsimile delivery to the following:

Angela Seaton, Esq.
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
816-421-5547

FINKELSTEIN & PARTNERS, LLP

BY: _____
KENNETH B. FROMSON, ESQ.
Attorneys for Plaintiff
1279 Route 300
PO Box 1111
Newburgh, N.Y. 12551

LOUIS S. ROH, MD
2 WALNUT COURT
WHITE PLAINS, NY 10605
....................
TELEPHONE: 914-261-0839

June 19, 2008

Ronald Rosenkranz, Esq.
Finkelstein & Partners
Attorneys at Law
436 Robinson Avenue
Newburgh, NY 12550

Re:   Bulger v. Pfizer, et al

Dear Mr. Rosenkranz:

As per your request, I have reviewed the following materials, which you forwarded to me on above captioned matter.

1. Death Certificate, 8/5/04.
2. Laboratory Reports, 9/1/04.
3. Report of Peabody Police Department, 8/4/04.
4. Report of Northshore Ambulance, Inc., 8/4/04.
5. Report of Peabody Fire Department, 8/4/04.

Mrs. Susan Bulger (DOB: ███████ 11 Elaine Avenue, Peabody, Ma 01960) lived with her husband, Ronald and 5-year old daughter, ████ at above address. She had past medical history of depression and was taking Effexor, Neurontin and Prednisone. Approximately 6:00 p.m., 8/4/04, she took 4 Neurotin pills and told her husband that she was going downstairs to bed. About one hour later, Ronald and ████ went downstairs and found her in laundry room with an extension cord wrapped around her neck with cord tied around the pole. She was suspended with her legs slightly bent touching floor. He cut the cord with a knife, placed her on the floor, attempted to resuscitate and called the police at 7:11 p.m., 8/4/04. The ambulance crew arrived at the scene at 7:15, p.m., 8/4/04. She was found lying supine on the floor of the basement with no pulse or respiration.

The examination revealed pale, cool diaphoretic skin and early stage of pooling (lividity) to her back. Despite possibility of hanging for as much as 1 hour, there was no pooling (lividity) noted to her feet and legs. The neck showed no ligature marks. She had marked

Bulger v. Pfizer, et al.                                                                                                   -2-

cyanosis to her lips and tongue. She was pronounced dead at 7:20 p.m., 8/4/04.

The body was removed to the Office of the Chief Medical Examiner, Boston, Ma. The autopsy was not performed and 3 grey tubes of blood was drawn for laboratory analysis.

The cause of death was certified as "Hanging" by Richard Evans, MD on 8/5/04.

The Immunoassay screening test of the blood by the UMASS Memorial Medical Center showed negative for ethanol (drinking alcohol) and drugs.

When a person commits suicide by hanging and suspended for extended period of time with both feet above the ground. The neck shows deep furrow (groove), the lower extremities show dependent lividity and the skin becomes pale.

The cyanosis of the lips and tongue is an indication of elevated reduced hemoglobin in blood due to incomplete oxygenation of blood in case of respiratory difficulty.

Mrs. Susan Bulger was found with her legs bent touching the floor, no dependent lividity of legs and feet, no ligature marks around her neck and cyanosis of her lips and tongue. This is a clear indication that she was standing and leaning with ligature around her neck.

It my opinion with a reasonable degree of medical certainty as a Licensed Physician and Board Certified Pathologist by the American Board of Pathology in Anatomic Pathology, Clinical Pathology and Forensic Pathology that Mrs. Susan Bulger was feeling pain due to the compression of her neck by the ligature and suffered respiratory difficulty, fear of impending death, anxiety and helplessness as she was leaning from the pole in the basement for approximately 10 to 20 minutes for she finally expired.

Louis S. Roh, MD
Forensic Pathologist