UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
:   MDL Docket No. 1629
In re: NEURONTIN MARKETING,  :
SALES PRACTICES AND          :   Master File No. 04-10981
PRODUCTS LIABILITY LITIGATION :
------------------------------------------------ x   Judge Patti B. Saris
:
THIS DOCUMENT RELATES TO:    :   Magistrate Judge Leo T.
:   Sorokin
*Lynch v. Pfizer, Inc., et al.*, 1:07-cv-11280-PBS  :
:
:
:
:
------------------------------------------------ x

**PFIZER INC. AND WARNER-LAMBERT COMPANY LLC'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND
RELEVANT MEDICAL RECORDS, ALLEGATIONS AND NEW SUPPORTING
EVIDENCE OF THE COMPLAINT IN THE ABOVE ENTITLED ACTION**

Defendants, Pfizer Inc. and Warner-Lambert Company LLC ("defendants"), respectfully submit this memorandum in opposition to pro se plaintiff Cynthia Ulett Lynch's motion to amend her complaint.[1]  The proposed amendment is nothing more than a restatement of her original strict products liability claim with the attachment of 20 exhibits that are immaterial and prejudicial to defendants.  The proposed amendment also is untimely, having been submitted <u>two years</u> after the action was filed and without any explanation for the delay.  As such, plaintiff's motion should be denied.

Plaintiff Cynthia Ulett Lynch originally filed this action pro se on April 5, 2007 in the District Court of Bell County, Texas (169th Judicial District), alleging that she sustained personal injuries as a result of ingesting the prescription medications Neurontin and Bextra.  Defendants subsequently removed the action to the United States District Court for the Western

---

[1] Plaintiff does not attach a proposed amended complaint, thus defendants are responding to the motion as if it were the proposed amended pleading.

- 1 -

District of Texas.  In July 2007, it was transferred to the MDL proceedings.  Plaintiff alleges that after ingesting Neurontin, an antiepileptic medication, she experienced seizures and was temporarily unable to move her hands and legs.  Plaintiff further alleges that she sustained some undefined heart injury as a result of ingesting Bextra, a COX-2 inhibitor.  She asserts her claims under a theory of strict products liability.  *See* Pl.'s Original Pet. at Parts V-VIII (attached as Exhibit A (without exhibits)).

Now, two years after filing this lawsuit, plaintiff seeks to amend her complaint to restate her original strict product liability claim regarding Neurontin and submit documents that are immaterial to her claim.  In particular, plaintiff simply restates the basis for her personal injury action against the defendants and lists 20 exhibits (totaling 27 pages), which are attached to the motion.  She does not properly seek to add any new facts or claims, and the exhibits attached to her motion do not support and are wholly unrelated to her claim, and are prejudicial to defendants.

The exhibits include, among other things, numerous news articles about the MDL sales and marketing proceedings, pages printed from plaintiffs' law firm websites, correspondence between products liability plaintiffs' counsel and the FDA regarding Neurontin and suicide-related events, plaintiff's personal medical records (including her Neurontin prescription bottle label and photocopy of unused Neurontin tablets),[2] and a copy of the first page of the reports of two witnesses submitted in the sales and marketing proceedings.  These immaterial and defamatory exhibits are improper under the federal rules and should be stricken.

Notably, not only is the claim regarding Neurontin in her "amended" complaint duplicative of her original claim, some of the exhibits filed with her motion to amend are

---

[2] These records also include plaintiff's social security number and date of birth, which are personal identifiers that require redaction under Local Rule 5.3.

duplicative of the exhibits she filed in support of her original complaint, such as a "Neurontin News" article from FindLaw, a 2006 letter from Pfizer to Ms. Lynch, her Neurontin prescription bottle label and photocopy of unused tablets, and a FindLaw list of "defective and dangerous products."

Plaintiff fails to offer any explanation for the proposed amendment or allege how the attached exhibits relate to her claim.  Because plaintiff does not properly seek to add any new facts or claims, but only to submit numerous exhibits that are immaterial to her strict products liability claim and prejudicial to defendants, her proposed amendment is futile.  The amendment is also untimely, as this action was filed two years ago and plaintiff offers no explanation for the delay in seeking the amendment.  Accordingly, the Court should deny plaintiff's motion.

I.       **PLAINTIFF'S PROPOSED AMENDMENT IS FUTILE AS A MATTER OF LAW**

A party may amend her complaint "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a).  Though the federal rules provide for a liberal amendment policy, courts should deny to leave to amend where "the amendment would be futile or award undue delay."  *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009).  Indeed, "a district court need not grant every request to amend, come what may . . . [and] . . . [w]here an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters."  *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990) (internal citations omitted), *overruled on other grounds* by *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004)  (affirming denial of motion to amend because there was no "indication that plaintiff had unearthed a viable basis for his stated claim, or that there was some hope for another (legally sufficient) claim").  *See also Diomed, Inc. v. Total Vein Solutions*, 578 F. Supp. 2d 214, 215 (D. Mass. 2008) (denial of leave

to amend is appropriate if there is "undue delay, bad faith, or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff's proposed amendment is futile. The "amendment" merely restates her original claim and is simply a vehicle to attach immaterial and defamatory documents about defendants from the news media that are not germane to her claim.[3] For example, she seeks to attach a 2005 FDA recall notice of one lot of Neurontin capsules that apparently were distributed by Pfizer *after* the time she allegedly ingested the drug, various pages apparently printed from personal injury lawyer websites, numerous Neurontin-related news articles, and copies of letters between MDL products liability counsel and FDA regarding Neurontin and suicide-related events

---

[3] The lone allegation that does not appear in the original petition does not assert a viable claim. Plaintiff alleges that "defendants violated the Texas Health & Safety Code, section 483.002.005, 006 etc[.]" Pl.'s Mot. at 4. However, Chapter 483 of the Texas Health & Safety Code, known as the Texas Dangerous Drug Act, simply does not provide a basis for liability against the manufacturer of an FDA-approved prescription drug that was lawfully manufactured and distributed, and lawfully prescribed by a licensed physician. *See* Tex. Health & Safety Code Ch. 483. This allegation also is deficient because it does not give defendants fair notice of plaintiff's claim and the basis for the claim. *See Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (explaining that the statement of a claim under Rule 8 "must, at a bare minimum, 'give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Accordingly, plaintiff's proposed amendment to add this claim should be denied as futile. *See Abraham*, 553 F.3d at 117; *Correa-Martinez*, 903 F.2d at 59.

Plaintiff's proposed amendment also includes a request for punitive damages, which should be denied. Under Texas law, punitive or exemplary damages are available only if the plaintiff pleads and proves by clear and convincing evidence that the alleged harm resulted from fraud, malice, or gross negligence. *See* Tex. Civil Practice and Remedies Code § 41.003. Plaintiff has not alleged <u>any</u> of these claims; her complaint purportedly states a claim for strict products liability. Pursuant to Fed. R. Civ. P. 9(b), the circumstances constituting fraud must be alleged with particularity. Plaintiff has not alleged fraud, let alone with particularity. Nor does plaintiff assert facts that the Court could reasonably conclude allege malice or gross negligence. *See Faulkner v. Kleinman*, 158 S.W.2d 891, 892 (Tex. App. 1942) (finding that "[g]ross negligence as a basis for a cause of action must be drawn from particular facts of the case, and such facts must be alleged which if proved would show a case of gross negligence. The pleader is required to be more specific and to allege at least sufficient facts to apprise his adversary of the kind of proof that he will offer to show gross negligence.") (pleadings were insufficient to allege a cause of action based on gross negligence because allegations were conclusory and not based on any facts). Further, plaintiff provides no explanation for not including this request in her original complaint or why she waited two years to add this request, and none of the factual allegations in the motion is new. Denial of leave to amend is appropriate for these additional reasons. *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (affirming denial of leave to amend complaint and finding that untimeliness alone is a sufficient reason to deny leave to amend where the party had no adequate explanation for the delay, the motion for leave to amend was filed eight months after the original complaint and did not explain failure to amend the complaint earlier, and the proposed amendment was not based on new evidence unavailable at the time of the original filing).

- 4 -

(plaintiff does not allege a suicide-related injury, only that she experienced seizures and was temporarily unable to move her hands and legs). She also seeks to attach the first page of the reports of Nicholas Jewell and Raymond Hartman, which reports were submitted in the sales and marketing proceedings. *See* Pl.'s Mot., Exs. A, H-O, Q, R.[4]

The federal rules do not allow litigants to add extraneous information to the complaint that has no bearing on their claim. *See Correa-Martinez*, 903 F.2d at 52-53 (noting that Rule 12(b)(6) "does not entitle a plaintiff to rest on 'subjective characterizations' or conclusory descriptions of 'a general scenario which could be dominated by unpleaded facts.'"). As these materials add nothing to plaintiff's strict products liability claim, the proposed amendment is futile and plaintiff's motion should be denied.

## II.     PLAINTIFF'S PROPOSED AMENDMENT IS IMMATERIAL, IMPROPER, AND PREJUDICIAL

Not only is the proposed amendment futile, adding nothing to plaintiff's claim, many of the documents attached to the motion are extremely prejudicial to the defendants, as they are essentially an attempt to smear defendants' reputation in front of the Court. These documents do not assist the Court in the pursuit of justice in this case and are nothing more than plaintiff's bad faith attempt to place prejudicial information before the Court in the guise of a motion to amend. Due to the immaterial and prejudicial nature of these documents, the motion to amend should be denied.

Under Federal Rule of Civil Procedure 12(f), a court may, on its own, "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The premise of Rule 12(f) is that "[a] person within the courts' jurisdiction should not be subjected to scandalous or

---

[4] One of plaintiff's exhibits is a print-out of the "search results" from the University of California-San Francisco Drug Industry Document Archive that has collected some of the documents from the Neurontin litigation. This is likely where she obtained documents related to the litigation. She attaches these even though they are wholly unrelated to her claim. *See* Pl.'s Mot., Ex. J.

- 5 -

3376572v1

defamatory material submitted under the guise of a properly pleaded court document." *In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005) (internal citations omitted).  The First Circuit has recognized that "[a] court has considerable discretion in striking 'any redundant, immaterial, impertinent or scandalous matter.'"  *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988) (affirming the district court's decision to strike plaintiff's use of terms such as "concentration camp," "brainwash" and "torture" from the complaint, finding these references to be "superfluous descriptions and not substantive elements of the cause of action").

Attaching exhibits from an unknown source that list Neurontin as a "defective and dangerous product" and other documents containing personal injury lawyers' advertisements and comments regarding the Neurontin litigation – none of which bears on plaintiff's claims – is defamatory and should not be allowed.  *See, e.g., Theriault v. Silber*, 574 F.2d 197, 197 (5th Cir. 1978) (granting Rule 12(f) motion to strike notice of appeal, noting that "[n]othing in our liberal pro se practice dictates that this court receive abusive documents"); *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664-65 (7th Cir. 1992) (finding the district court did not abuse its discretion in striking paragraphs of the plaintiff's complaint as scandalous and "devoid of any factual basis"); *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 916-17 (8th Cir. 2007) (affirming the district court's decision to strike the plaintiff's request for punitive damages and noting that "[j]udges enjoy liberal discretion to strike pleadings under Rule 12(f)"); *Goldhaber v. Higgins*, No. 06-134J, 2009 WL 565725, at *13 (W.D. Pa. Mar. 3, 2009) (granting defendant's motion to strike portions of the complaint that discussed defendant's alleged improprieties that had no bearing on plaintiff's case because it was "scandalous information" and noting that the "purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters"); *Moulton v. Eugene Burger Mgmt. Corp.*, No. 3:08-

cv-00176-BES-VPC, 2009 WL 199393, at *5 (D. Nev. Jan. 26, 2009) (striking the plaintiff's references to the defendant's previously dismissed criminal indictment as "immaterial and impertinent" to the facts at issue because there was no connection between the previous conduct and the issues in the present case); *Impulsive Music v. Pomodoro Grill, Inc.*, No. 08-CV-6293, 2008 WL 4998474, *2-3 (W.D.N.Y. Nov. 19, 2008) (granting, in part, defendants' motion to strike references to *other actions pending against the defendant*, finding it irrelevant and having "no bearing on the issues raised in plaintiffs' [complaint]") (emphasis added).

Plaintiff's exhibits also cannot properly be considered part of the complaint under Rule 10(c), as they do not constitute "written instrument[s]" within the meaning of 10(c). Rule 10(c) states that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." A "written instrument" is "a document evidencing legal rights or duties or giving formal expression to a legal act or security agreement, such as a deed, will, bond, lease, insurance policy or security agreement." *U.S. v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 465 (E.D.N.Y. 2007).

In *Perkins v. Silverstein*, the Seventh Circuit affirmed the denial of leave to amend where plaintiff's proposed amendment included attaching exhibits to her complaint similar to those plaintiff has attached here. 939 F.2d 463, 472 (7th Cir. 1991). In *Perkins*, plaintiffs, "[a]pparently reading Fed. R. Civ. P. 10(c) as a license to plead their case by exhibit, . . . attached an assortment of letters, newspaper articles, commentaries, cartoons, and miscellaneous other exhibits to the complaint, leaving it to the court to extract the relevant facts." *Id.* at 467. The court found that this "haphazard compilation to fill the void in their complaint" was not allowed and stated that "the newspaper articles, commentaries and editorial cartoons which [plaintiff] attached to the complaint . . . are not the type of documentary evidence or 'written

instrument[s]' which Fed. R. Civ. P. 10(c) intended to be incorporated into, and made a part of, the complaint." *Id.* at 467 n.2.  The same reasoning applies here.

Further, Federal Rule 8(a)(2) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and 8(d) requires that each allegation be "simple, concise, and direct."  *See Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1205 (C.D. Cal. 2004) (granting defendants' motion to dismiss the complaint because the complaint did not comport with Rule 8 as it contained "descriptive and often hyperbolic narrative, quotations from articles, descriptions of interviews and legal argument").

Finally, Rule 11 prohibits filings that are submitted "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  If plaintiff's attempt to supplement her strict products liability claim with immaterial and irrelevant information is allowed, there could be no end to her efforts to supplement with new information every time she finds a new article on the Internet.  This would cause needless expenditure of both the Court's and defendants' time, and needlessly increase the cost of this litigation.  Accordingly, the Court should deny plaintiff's motion.

### III.     PLAINTIFF'S PROPOSED AMENDMENT IS UNTIMELY

The Court also should deny leave to amend because of plaintiff's unexplained two-year delay in seeking the amendment.  Where "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for his neglect and delay."  *Acosta-Mestre v. Hilton Int'l*, 156 F.3d 49, 52 (1st Cir. 1998).  This district has noted that "[n]o bright-line mechanical test has emerged from other circuits, but generally, the longer a party delays in bringing an amendment, the less prejudice an opposing party must show to justify denying leave to amend."  *Weber v. Sanborn*, 526 F. Supp. 2d 135,

143 (D. Mass. 2007). Here, the delay is without any explanation and the prejudice from the exhibits to the motion is evident.

Plaintiff's action was filed in April 2007. As the Court will see from her proposed amendment, she has not discovered any new information in support of her claim that would justify allowing her to amend two years later, particularly since her proposed "amendment" is nothing more than the submission of seemingly random and irrelevant documents that have nothing to do with her claim.

The fact that plaintiff is pro se does not relieve her of the responsibility to submit appropriate and timely pleadings. As noted by this Court in Discovery Order No. 25, pro se litigants are held to similar standards as represented parties:

> This MDL involves many individual actions as well as a proposed nationwide class action. The orderly management of this litigation requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion. A litigant's pro se status (or in this case potentially pro se status) does not absolve him or her from compliance with the Court's procedural rules or the Rules of Civil Procedure. See F.D.I.C. v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994). The Court is 'free to enforce its discovery rules by ordering compliance, sanctions, or any other appropriate remedy.' Samos Imex Corp. v. Nextel Communications, Inc., 194 F.3d 301, 305 (1st Cir. 1999). 'Under Fed.R.Civ.P. 41(b), as well as under the inherent power of the court, a complaint may be dismissed with prejudice for want of prosecution.' Richman v. General Motors Corp., 437 F.2d 196, 198-199 (1st Cir. 1971) (citation omitted).

Disc. Order No. 25 at 5 (June 19, 2008) (Doc. 1335).

For all these reasons, plaintiff's motion for leave to amend should be denied. Should the Court grant plaintiff's motion, the improper exhibits should be stricken.

3376572v1

Dated: March 23, 2009

Respectfully submitted,

DAVIS POLK & WARDWELL

By: /s/ James P. Rouhandeh
     James P. Rouhandeh

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
     Scott W. Sayler

2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

- and -

WHITE & WILLIAMS

By: /s/ David B. Chaffin
     David B. Chaffin

100 Summer Street, 27th Floor
Boston, Massachusetts 02110
(617) 748-5200

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that this document has been served pursuant to CMO # 3 and upon the following on March 23, 2009 via U.S. Mail

Cynthia Ulett Lynch
1817 Dusk Drive
Killeen, Texas 76543

/s/ David B. Chaffin