# Exhibit A

CAUSE NO. 222751.C  ORIGINAL

| | | |
|---|---|---|
| CYNTHIA ULETT LYNCH, | ) | IN THE DISTRICT COURT OF |
| Plaintiff | ) | |
| vs. | ) | |
| Pfizer Inc | ) | BELL COUNTY |
| Searle's/Pharmacia's/Pfizer | ) | |
| Mary Katriadakis | ) | |
| Susan Adamo, *et al* | ) | |
| Defendants | ) | 169th JUDICIAL DISTRICT |

FILED 2007 APR -5 AM 10:54
SHELIA NORMAN DISTRICT COURT BELL CO. TX DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **CYNTHIA ULETT LYNCH,** Plaintiff in the above captioned and numbered cause, complaining of and against **Defendants, Pfizer Inc, Searle'/Pharmacia's/Pfizer, Mary Katriadakis and Susan Adamo** in a STRICT PRODUCT LIABILITY ACTION, and for cause of action would show unto the court the following:

### I.

### ISSUES OF FACT AND LAW

1. Did the Defendant recall the dangerous drug Bextra? Exhibit "A".

2. Did the Defendant recall the dangerous drug Neurontin? Exhibit "B".

3. Did the Defendant acknowledge complaint from Plaintiff about Bextra? Exhibit "C".

4. Did Defendant acknowledge complaint from Plaintiff about Neurontin? Exhibit "D".

5. Bextra sample with no warning. Exhibit "E".

6. Neurontin recalled of 100 mg capsules. Exhibit "F".



7. Did Defendant review Medical records prior to 06-02-2002? Exhibit "G".

8. Medical records showing problems with my heart. Exhibit "H".

9. Balance of Neurontin capsules because of seizures. Exhibit "I".

10. Legal background of Product liability. Exhibit "J".

11. Information supporting facts about Bextra. Exhibit "K".

12. Information supporting facts of Neurontin. Exhibit "L".

## II.

## PARTIES

Plaintiff, **CYNTHIA ULETT LYNCH**, is an individual who resided in Killeen, Bell County, Texas at the time of the incidents, which is the subject of this lawsuit.

Citation may be served on defendants at **Legal Department, Pfizer Inc, 1751 Lake Cook Road, Deerfield, IL 60015** by certified mail, return receipt requested.

## III.

This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which are in the excess of the minimum jurisdictional limits of the Court, to which Plaintiff is entitled to receive as compensation for the cause of action described below. Accordingly, the Court has jurisdiction over this matter and venue is proper in Bell County, Texas.

## IV.

Plaintiff brings this suit to recover damages for personal injuries sustained by Plaintiff when given the drug Bextra in 06-2002 and the drug Neurontin in 09-2004.

2

## V.

## STRICT LIABILITY

The Law has developed a doctrine known as "strict liability," that allows a person injured by a defective or unexpectedly dangerous product to recover compensation from the maker or seller of the product, without showing that the manufacturer or seller was actually negligent.

Plaintiff alleges that upon these occasions, Plaintiff was not warned of the dangerous side effects of the drugs BEXTRA and NEURONTIN.

a. The seller was in the business of selling the product that caused plaintiff's injuries.

b. The product was in a defective condition when sold, and unreasonably dangerous.

c. The product was intended to reach you without substantial change in the condition in which it was sold.

d. The product wasn't fit for its intended use at the time it left the manufacturer.

e. The defect caused plaintiff's injuries.

f. Plaintiff suffered damages.

Each and all of the above constitute product liability.

## VI.

## PRODUCT LIABILITY - BEXTRA

Plaintiff alleges that Defendants violated section 82.007 of the Civil Practice & Remedies Code. The negligence of Defendants violating section 82.007 constitutes product liability as a matter of law.

At the time of the consumption of this drug in question, Plaintiff was involved in a MVP accident on her job. Plaintiff tried to see doctors but had no insurance.

3

Plaintiff eventually saw Dr. Charles House, who gave plaintiff a box full of samples. Plaintiff was having problems with her heart from December 2002, and also bleeding in BM. Plaintiff could not go back to

Dr. House because she had no insurance. Plaintiff kept that to herself until she was seen at Scott &White and was eventually given a colonoscopy.

Defendant requested Plaintiff's medical records prior to 06-2002. No records were found in that period and there was no evidence Plaintiff ever had a heart problem. Defendant stated from my records from Scott & White, Plaintiff had all kinds of problems. Those problems were documented after Plaintiff took that drug BEXTRA.

## VII.

## PRODUCT LIABILTY- NEURONTIN

In 2004, Plaintiff was given this drug because plaintiff was having pressure in her head from the accident and the doctor recommended this drug. Fifteen pills into taking this drug, Plaintiff was having seizures, could not move her hands and feet. Plaintiff immediately called Texas Rehab and spoke to Louise. Plaintiff contacted the Pfizer Inc.

## VIII.

Plaintiff would show that, as a direct result of taking those medications, Plaintiff suffered severe personal injuries, past and future medical expenses, lost of past and future wages, loss of past and future physical capacity, past and future pain and suffering, and mental anguish.

4

## IX.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that Defendants be duly cited to appear and answer herein and that, upon final trial at this cause, that Plaintiff recover judgment against the Defendants the following:

1. past medical expenses;
2. future medical expenses;
3. past lost wages;
4. future lost wages;
5. past physical capacity
6. future physical capacity;
7. past pain and suffering in an amount to be determined by a jury
8. future pain and suffering in an amount to be determined by a jury;
9. past mental anguish in an amount to be determined by a jury;
10. future mental anguish in an amount to be determined by a jury;
11. past bodily impairment in an amount to be determined by a jury;
12. future bodily impairment in an amount to be determined by a jury;
13. past loss of enjoyment of life in an amount to be determined by a jury;
14. future loss of enjoyment of life in an amount to be determined by a jury;
15. costs of court;
16. pre-and post-judgment interest as provided by law; and
17. for such other further relief, both general and special, at law or in equity, to which plaintiff may show justly entitled.

Respectfully submitted,

CYNTHIA ULETT LYNCH
1817 Dusk Drive
Killeen, Texas 76543
(254) 680-7551

By: _____
CYNTHIA ULETT LYNCH

Pro se