UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
: MDL Docket No. 1629
In re: NEURONTIN MARKETING, :
SALES PRACTICES AND : Master File No. 04-10981
PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
---------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :

*Bulger v. Pfizer Inc.,* 1:07-11426-PBS
*Smith v. Pfizer Inc.*, 1:05-11515-PBS :
:
---------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE THE REBUTTAL DECLARATIONS OF
<u>PLAINTIFFS' EXPERTS DR. MARIS AND DR. KRUSZEWSKI</u>**

Plaintiffs Ronald J. Bulger, Sr. and Ruth Smith submit this memorandum of law in opposition to Defendants' motion to strike the declarations of Plaintiffs' experts Dr. Stefan P. Kruszewski and Dr. Ronald W. Maris. ECF Doc. # 1715. Drs. Kruszewski's and Maris's rebuttal declarations are consistent with their expert reports and testimony provided during their depositions, and were provided in rebuttal to Defendants' wholesale mischaracterization of their expert opinions and testimony in Defendants' motions to exclude these experts' testimony. Defendants' instant motion clearly is just another veiled attempt to mischaracterize the opinions and testimony of Plaintiffs' experts, and this Court should deny Defendants' motion its entirety.

**I.    DR. MARIS'S AND DR. KRUSZEWSKI'S DECLARATIONS ARE CONSISTENT
WITH THEIR EXPERT REPORTS AND DEPOSITION TESTIMONY**

First and foremost, Defendants' motion points to only a few instances in which Defendants allege that Drs. Kruszewski and Maris contradict their expert reports or testimony in their declarations. The few instances mentioned do not warrant the extreme relief requested by

Defendants, that is, striking the entire rebuttal declaration of each of Plaintiffs' experts. Furthermore, Dr. Kruszewski clearly points to explicit references in both his deposition testimony and his expert report throughout his rebuttal declaration in *Bulger* to demonstrate to this Court that Defendants have been intellectually dishonest in their motion to exclude briefing and have blatantly mischaracterized his expert opinions. ECF Doc. # 1670.  Likewise, Dr. Maris refers to his expert report and his deposition testimony throughout his declaration, which was filed in rebuttal in both *Bulger* and *Smith,* to demonstrate that Defendants have mischaracterized his testimony.  Defendants do not like the "result" of Plaintiffs' expert disclosure and have resorted to gross mischaracterization as a means to oppose the result.  ECF Doc. ## 1669, 1673, respectively.

> A. **Dr. Kruszewski's Declaration Comports With the Expert Opinions That He Expressed in His Expert Report and Deposition Testimony Regarding His Consideration of Susan Bulger's Prior Suicide Attempts**.

Defendants allege that Dr. Kruszewski neither stated in his expert report nor his prior deposition testimony that he considered Susan Bulger's prior suicide attempts in his estimation of the risk factors for suicide.  ECF Doc. # 1716 at 5.  As Dr. Kruszewski expressly demonstrated in his declaration and in his expert report:

> As I described above, there is various commentary about the vicissitudes of the life of Mrs. Bulger that can be found throughout her medical records. **From numerous reports of problems that increased her risk and predisposed her to suicide** (Exhibits Z, Aa,), even from individuals who testified to the problems in Mrs. Bulger's relationship to her husband (Exhibits N, P, V, W), with her substance use (Exhibits O, G2) or psychiatrically (Exhibit O), there was also evidence that demonstrated she was 'protected' from suicide because she enjoyed her life (Exhibits H, R), was able to make her own decisions (Exhibit C), loved her children (Exhibit R, X) and was at times supported by her husband. (Exhibit B).  **Conflicted evidence also exists about her suicide history**. (Exhibits O) For example, the reports from CAB (Center for Addictive Behaviors) noted on their intake sheets that she both answered yes and no to the same question re previous suicide attempts (Exhibits JJJ, KKK).  Her sister, **Linda Landry, testified that none of Mrs. Bulger's previous "attempts" were in fact actual**

>**suicide attempts at all, but rather either accidents or cries for attention and help**.

Kruszewski Rep., ECF Doc. # 1636-20 at 9-10 (emphasis added).  Moreover, Dr. Kruszewski made clear in his deposition testimony that he considered Susan Bulger's suicide attempts as risk factors in arriving at his opinions and treated them as such in his analysis and differential diagnosis.  ECF Doc. #.1668-16 at 423:11-424:4; 332:17-333:9; 456:8-12; 476:23-25; 480:24-25-481:1-4; 503:14-18; ECF Doc. # 1636-20 at 9, 10.  As demonstrated above, Defendants were plainly mistaken in asserting in their motion to exclude, that Dr. Kruszewski's "report makes no mention of Mrs. Bulger's prior suicide attempts."  ECF Doc. # 1648 at 20.

Defendants place their credibility at issue in this case when the on one hand, as in this motion, they allege that Dr. Kruszewski did not consider Susan Bulger's prior suicide attempts prior to his declaration, but their motion to exclude they mischaracterize Dr. Kruszewski's testimony stating that he testified that "it was just a matter of 'chance' that Mrs. Bulger was not successful in her prior attempts."  ECF Doc. # 1648 at 20.  Contrary to Defendants' assertions, Dr. Kruszewski did not simply state that Mrs. Bulger's prior suicide attempts were just a matter of "chance"; he noted that while there is some chance involved:

> We also believe -- when I say "we," I think I speak for suicidologists and Dr. Maris, in particular -- that people make a specific decision in their suicide careers when they, in fact, are going to end their life.  Before that time, it may -- their decisions to hurt themselves, their decisions to make some attempt may be less than fully engaged, if you will.  So I make the same distinction as the Physician Desk Reference does when it lists side effects associated with drugs and list suicidal thoughts, suicidal ideations, attempted suicides, and completed suicides.  They're all somewhat different. [ECF Doc. # 1668-16 at 475:23-25-476:1-16.]

As noted above, Dr. Kruszewski definitely considered Susan Bulger's prior suicide attempts as a risk factor.  Defendants plainly just do not like the results of his evaluation and analysis.  Defendants made such gross mischaracterizations throughout their briefing that Dr.

3

Kruszewski evidently felt it was necessary to address them in extensive detail in his declaration. As noted previously, each of Dr. Kruszewski's rebuttal statements in his declaration is carefully anchored to his expert report and deposition testimony. Dr. Kruszewski's declaration does not make a legal argument — he simply rights the blatant and outrageous mischaracterizations of his expert report and testimony that were made by Defendants.

### B. Dr. Maris's Declaration Comports With the Expert Opinions That He Expressed in His Expert Report and Deposition Testimony.

Dr. Maris did not provide new or contradictory opinions in his declaration concerning the "ruling in" or "ruling out" of risk factors. Dr. Maris stated both in his expert report and declaration that he analyzed suicide risk factors and protective factors that his research has identified as statistically significant. ECF Doc. # 1636-18, Maris Rep. at 27-29, ECF Doc. # 1669 at ¶ 5d. Contrary to Defendants' assertions, Dr. Maris clearly stated in his deposition testimony and his declaration that he has "ruled in" and "ruled out" alternative causes:

> Q. All right. Well, the exact quote reads, quote, any plausible argument that an antidepressant causes a suicide or other act of violence needs to make every effort to rule out or at least account for alternative explanations, right?
>
> A. Sure.
>
> Q. Okay. And that would also be true in the context of AED's, right?
>
> A. Yes.
>
> Q. Okay. Did you rule out and/or account for alternate explanations for Susan Bulger's suicide?
>
> A. I think I did.
>
> Q. Okay.
>
> A. I certainly considered them all under risk factors.
>
> Q. Okay. You've identified 15 risk factors for suicide, correct?

4

> A. Correct.

*See* Maris Dep. excerpts, attached hereto as Exhibit A.

In his declaration Dr. Maris noted that Defendants had mischaracterized his theory of suicide, and that "I have ruled in and ruled out certain factors," and he points to his deposition testimony including the above. ECF Doc. # 1669 at ¶ 5E. Moreover, in line with this methodology, Dr. Maris opined in his expert report that Susan Bulger had 12 of 15 known risk factors for suicide and 4 of those were induced by Neurontin. ECF Doc. #.1636-18 at 27, 28. He also opined that Susan Bulger possessed personal and social characteristics known to be protective from suicide. *Id.* at 28-29. Dr. Maris analyzed each of Susan Bulger's risk and protective factors in great deal. *Id.* at 20, *et seq.* Similarly, Dr. Maris's stated in his expert report in *Smith*, that out of 15 known suicide risk factors 8 had been ruled out for Richard Smith. ECF Doc. # 1633-26 at 22. He also opined that Richard Smith possessed personal and social characteristics known to be protective of suicide. *Id.* at 23. Dr. Maris analyzed each of Richard Smith's risk factors in great detail. *Id.* at 15, *et seq.*

> **C. Dr. Kruszewski's Reference to a Recently Published Article That Supports His Opinion But Was Not Included in His Expert Report Was Justified Because the Article Regarding the Study Was Not Available at the Time the Expert Report Was Prepared.**

Federal Rule of Civil Procedure 37(c)(1) "allows the court to admit belatedly proffered expert evidence if the proponent's failure to reveal it was either substantially justified or harmless." *Lohnes v. Level 3 Communications, Inc.,* 272 F.3d 49, 60 (1st Cir. 2001). In *Watson v. Electrolux Outdoor Professional Prods., Inc.* where plaintiffs' expert had "only received the video which inspired his theory on March 17," the court found that his "delay until March 24, 2006, in proffering his second theory is sufficiently justified." 2006 U.S. Dist. LEXIS 54386 (D. Mass. Aug. 4, 2006). In *Diomed, Inc. v. Angiodynamics, Inc.,* after submitting an initial expert

5

report, plaintiff's expert had obtained additional information and had supplemented his disclosure with an additional theory on damages after the expert disclosure deadline and depositions. 450 F. Supp. 2d 130 (D. Mass. 2006). Although plaintiffs had failed "to comply with the letter of Rule 26(a)," the District Court found that the prejudice suffered was "not so significant" and could be remedied with a "short supplemental deposition" solely on the new theory. *Id.* at 137. Defendants point to only one other item in Dr. Kruszewski's declaration in support of their motion to strike, referring to Dr. Kruszewski's reference to an article in the British Journal of Medicine published late in 2008, which "was not available when [he] wrote [his] report." ECF Doc. # 1670 at 2. Dr. Kruszewski mentions the recent article authored by Tidemalm, Langstrom, Lichtenstein and Runeson entitled "Risk of suicide after suicide attempt according to co-existing psychiatric disorder: Swedish cohort study with long term follow-up," on page 2 and 29 of his declaration. Dr. Kruszewski found that the article, which concerned a study regarding prior suicide attempts, is relevant to an important issue in this case.

It is safe to assume that Dr. Kruszewski was not able to obtain this new study until the article was published, after his expert opinions were provided, and he was requested to rebut the assertions in Defendants' motion to exclude his testimony in *Bulger*. Likewise, Plaintiffs' counsel was not apprised of the recent article concerning the study until Dr. Kruszewski's prepared his rebuttal declaration, thus there was no time prior to the filing of Defendants' motion to file a Rule 26 supplemental disclosure.[1] There should be an equal playing field in this case as Defendants were allowed to submit an affidavit from Dr. McCormick without providing Plaintiffs with a prior Rule 26 disclosure. *See* Discovery Order No. 18, ECF Doc. # 1032. Moreover, the Court permitted Defendants to provide a declaration from a previously

---

[1] Plaintiffs' will provide a Rule 26 supplemental disclosure to incorporate the article to which Dr. Kruszewski refers in his declaration.

undisclosed expert rebuttal witness, Dr. Gibbons, although Defendants had failed to disclose the expert witness prior to the established deadlines for expert disclosure and contrary to Rule 26. *See* ECF Electronic Orders entered 04/16/2008 and 04/29/2008.  Plaintiffs' expert Dr. Kruszewski, whose expert report was properly disclosed prior to the Court-instituted deadlines, should be allowed the same leeway.  There is ample justification for the inclusion of this article and his opinion regarding same at this juncture in the litigation on the basis that the article was not published and therefore not available for consideration and inclusion in his original expert report.  Moreover, in this litigation, Plaintiffs have been diligent in supplementing their discovery and expert disclosure and there is no history of delinquency.  Further, Defendants have the same access to the article and may cross-examine Dr. Kruszewski concerning the article and study at trial so the error at this point is harmless.

> **D.  Dr. Maris May Opine on General Causation Based Upon the Previous Expert Disclosures of Plaintiff's General Causation Experts and Information Provided by the FDA Related to Anticonvulsants and Suicidality.**

The only other specific reference Defendants point to in their motion to strike the declaration of Dr. Maris is the fact that at a deposition Dr. Maris produced a handwritten chart concerning medication that was not disclosed to Defendants by Plaintiffs in Dr. Maris's initial expert disclosure.  Plaintiffs do not intend to rely on this handwritten previously undisclosed chart that Dr. Maris presented at his deposition.

Moreover, in regard to Dr. Maris's testimony relating to general causation, Plaintiffs have not disclosed Dr. Maris as their general causation expert, yet Dr. Maris may opine on general causation based upon the previous expert disclosures of Plaintiffs' general causation experts and information provided by the FDA related to anticonvulsants and suicidality.  Simply stated, it is axiomatic that Dr. Maris may provide testimony that his opinions on case-specific causation are

consistent with and corroborated by the general causation opinions of Plaintiffs' experts and by the FDA. Dr. Maris's expert reports in *Bulger* and *Smith* included information such as the fact that the psychopharmacologic properties of Neurontin are suicidogenic, which was based upon the expert reports of Dr. Trimble and Dr. Kruszewski and other published works. ECF Doc. # 1636-18, Maris Rep. at 17-19, 26, 33; ECF Doc #1633-26, Maris Rep. at 12-14, 18, 21, 24, respectively.

## II. DR. KRUSZEWSKI'S DECLARATION WAS NOT AN ATTEMPT BY PLAINTIFF TO CIRCUMVENT PAGE LIMITATIONS SINCE IT WAS DR. KRUSZEWSKI WHO MADE THE DECISION TO REBUT DEFENDANTS' MISCHARACTERIZATION IN DETAIL

It was Defendants who intentionally exceeded the standard page limitations permitted for reply memoranda in this litigation without leave of this Court or justification. When Plaintiffs and Defendants agreed to a schedule for *Daubert* and dispositive motions in *Bulger* and *Smith,* counsel did not discuss page limitations. Although 20 pages is the normal limitation for moving and opposition memoranda under D. Mass. Local Rule 7.1(b)(4), there is no provision for reply or sur-reply briefs or page limitations for same. In this litigation, the Court has authorized replies and sur-replies; however, the page limitations for same has always been considerably less than that of the initial briefing. Under Magistrate Judge Sorokin's Discovery Order No. 2 dated June 19, 2006, reply briefs were limited to 7 pages. ECF Doc. # 372 at 2. There was no justification for Defendants to exceed the 7-page limitation in their reply memoranda, which essentially were redundant of their initial supporting memoranda. Plaintiffs, however, were compelled to exceed the limit in their sur-replies on the motions to exclude the testimony of Plaintiffs' experts and motions for summary judgment in order to properly address the points in Defendants' lengthy reply memoranda.

Plaintiffs did not instruct Dr. Kruszewski on the manner in which he was to rebut the assertions and mischaracterizations of his expert opinions in Defendants" motion to exclude his testimony. Obviously, Dr. Kruszewski felt it was necessary to make an in depth rebuttal to such assertions. There are no limitations for rebuttal declarations in either the Federal Rules of Civil Procedure or the Local Rules.

## CONCLUSION

Plaintiffs therefore respectfully request that this Court deny Defendants' motion to strike the declarations of Drs. Maris and Kruszewski in its entirety.

Dated: March 26, 2009

Respectfully submitted,

Finkelstein & Partners, LLP
*Attorneys for Plaintiffs*
*Ronald J. Bulger, Sr. and Ruth Smith*

By:   **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
1279 Route 300, P.O. Box 1111
Newburgh, NY  12551

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on March 26, 2009.

 **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire