UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

_____
                                           )
In re: NEURONTIN MARKETING, SALES          )   MDL Docket No. 1629
       PRACTICES, AND PRODUCTS             )
       LIABILITY LITIGATION                )
_____)   Master File No. 04-10981
                                           )
THIS DOCUMENT RELATES TO:                  )   Judge Patti B. Saris
_____)
                                           )   Magistrate Judge Leo T. Sorokin
HARDEN MANUFACTURING                       )
CORPORATION; LOUISIANA HEALTH              )
SERVICE INDEMNITY COMPANY, dba             )
BLUECROSS/BLUESHIELD OF LOUISIANA;         )
INTERNATIONAL UNION OF OPERATING           )
ENGINEERS, LOCAL NO. 68 WELFARE            )
FUND; ASEA/AFSCME LOCAL 52 HEALTH          )
BENEFITS TRUST; GERALD SMITH; and          )
LORRAINE KOPA, on behalf of themselves and )
all others similarly situated v. PFIZER INC. and )
WARNER-LAMBERT COMPANY,                    )
_____)

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

In connection with the Court's consideration of plaintiffs' second motion for class certification (Dkt # 1018), defendants respectfully submit a copy of the March 17, 2009 Memorandum of Decision on Motion entered in *Kleinman v. Merck & Co.,* Nos. ATL-L-3954-04, ATL-L-24-05 (N.J. Sup. Ct. Mar. 17, 2009). A true and correct copy of the Memorandum of Decision on Motion is attached hereto as Exhibit A.

The *Kleinman* action was brought by two named plaintiffs on behalf of a putative class of "[a]ll individual consumers in the United States (other than consumers in California) who from June 1, 1999 to October 1, 2004, inclusive paid some or all of the purchase price for the prescription drug Vioxx, manufactured by defendant Merck & Co., Inc." (Ex. A at 3.) The

plaintiffs asserted claims under the New Jersey Consumer Fraud Act and for common law unjust enrichment.  (*Id.* at 1.)  The plaintiffs alleged that defendant Merck "engaged in a uniform deceptive marketing campaign to hide evidence of the CV [cardiovascular] risks" associated with Vioxx and published journal articles that "misrepresented the results of [a clinical] study and the safety of Vioxx."  (Ex. A at 2.)

On March 17, Judge Carol Higbee denied plaintiffs' renewed motion for class certification, explaining:

> The decision of whether to prescribe a medication is made upon a host of individualized factors, including other risk factors the plaintiffs possessed and whether other drugs were effective in relieving the plaintiffs pain.  Doctors react to medical warnings differently depending on the patient's condition and medical history.  An individualized determination would be required for each plaintiff to determine if the concealment of the CV risk information had a causal relationship on the decision made as to whether or not the patient used Vioxx.

(Ex. A at 13–14.)  Defendants respectfully submit that Judge Higbee's analysis is directly applicable to the issues under consideration.

Dated:  March 27, 2009

            DAVIS POLK & WARDWELL

            By: /s/ James P. Rouhandeh
               James P. Rouhandeh

            450 Lexington Avenue
            New York, New York 10017
            (212) 450-4000

              - and -

WHITE AND WILLIAMS LLP

By:   /s/ David B. Chaffin
      David B. Chaffin
      100 Summer Street, Suite 2700
      Boston, Massachusetts 02110
      (617) 748-5200

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

    I hereby certify that this document has been served pursuant to Case Management Order No. 3.

/s/David B. Chaffin
David B. Chaffin

5018804v.2