UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
--------------------------------------------------------------x
                                                        :        MDL Docket No. 1629
In re:   NEURONTIN MARKETING,                           :
         SALES PRACTICES AND                            :        Master File No. 04-10981
         PRODUCTS LIABILITY LITIGATION                  :
                                                        :        Judge Patti B. Saris
--------------------------------------------------------------x
                                                        :        Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                               :
                                                        :
Bulger v. Pfizer Inc., 1:07-11426-PBS                   :
Smith v. Pfizer Inc., 1:05-11515-PBS                    :
                                                        :                                        :
--------------------------------------------------------------x
```

**PRODUCTS LIABILITY PLAINTIFFS' NOTICE OF SUPPLEMENTAL
AUTHORITY IN OPPOSITION TO DEFENDANTS PFIZER INC. AND
WARNER-LAMBERT COMPANY LLC'S MOTION TO FOR
SUMMARY JUDGMENT IN THE *BULGER* AND *SMITH* CASES**

In connection with the pending motions by Defendants Pfizer Inc., and Warner-Lambert

Company LLC motions for summary judgment *Bulger*, (ECF Doc # 1638) and *Smith* (ECF Doc

# 1642) and in response to the Court's inquiry during the March 31, 2009 oral argument of said

motions concerning the learned intermediary rule and whether a manufacturer's duty to warn

extends to consumers who purchase and ingest their drugs,   Products Liability Plaintiffs

respectfully submit for the Court's consideration a copy of *MacDonald v. Ortho Pharmaceutical*

*Corporation,* 394 Mass. 131 (1985), cert. denied,  474 U.S. 920 (1985).

This filing is intended to ensure that the Court and all counsel have ready access to the

Opinion.  A true and correct copy of the Opinion is attached hereto as Exhibit A.

Plaintiffs believe that the Opinion will assist the Court in its deliberations, and is relevant

to the issue that the manufacturer of a drug does have a duty to warn the ultimate consumer:

*Extent of duty to warn.*  Ordinarily, "a manufacturer of a product, which the manufacturer knows or should know is dangerous by nature or is in a dangerous condition," is under a duty to give warning of those dangers to "persons who it is foreseeable will come in contact with, and consequently be endangered by, that product." *Id.* at 135.

\*\*\*

The oral contraceptive thus stands apart from other prescription drugs in light of the heightened participation of patients in decisions relating to use of "the pill"; the substantial risks affiliated with the product's use; the feasibility of direct warnings by the manufacturer to the user; the limited participation of the physician (annual prescriptions); and the possibility that oral communications between physicians and consumers may be insufficient or too scanty standing alone fully to apprise consumers of the product's dangers at the time the initial selection of a contraceptive method is made as well as at    subsequent points when alternative methods may be considered.  We conclude that the manufacturer of oral contraceptives is not justified in relying on warnings to the medical profession to satisfy its common law duty to warn, and that the manufacturer's obligation encompasses a duty to warn the ultimate user. Thus, manufacturer's duty is to provide to the consumer written warnings conveying reasonable notice of the nature, gravity, and likelihood of known or knowable side effects, and advising the consumer to seek fuller explanation from the prescribing physician or other doctor of any such information of concern to the consumer. *Id.* at 138, 139.

Dated:  April 3, 2009                                         Respectfully submitted,

                                                                      *Members of Products Liability*
                                                                      *Plaintiffs' Steering Committee*


                                                      By:     **/s/ Andrew G. Finkelstein**
                                                                      Andrew G. Finkelstein, Esquire
                                                                      Finkelstein & Partners, LLP
                                                                      1279 Route 300, P.O. Box 1111
                                                                      Newburgh, NY  12551


                                                      By:     **/s/ Jack W. London**
                                                                      Jack W. London, Esquire
                                                                      Law Offices of Jack W. London
                                                                          & Associates
                                                                      106 E. 6th Street, Suite 700
                                                                      Austin, TX  78701

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on April 3, 2009.

/s/ **Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire

3