UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  | : | MDL Docket No. 1629 |
| In re:  NEURONTIN MARKETING, SALES | : | |
|         PRACTICES AND PRODUCTS | : | Master File No. 04-10981 |
|         LIABILITY LITIGATION | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Judge Patti B. Saris

THIS DOCUMENT RELATES TO:

    *Bulger v. Pfizer Inc., et al., 1:07-cv-11426-PBS*

Magistrate Judge Leo T. Sorokin

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' STATEMENT IN SUPPORT OF PROPOSED PRETRIAL ORDER

Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully submit this Statement in Support of their Proposed Pretrial Order, attached hereto as Exhibit A.

The Court has asked the parties to consider July 27, 2009, as a possible date to begin trial in the *Bulger* case – the first personal injury Neurontin case to be tried in the country.  Pfizer has given considerable thought to the Court's proposed timing for a summer trial, and for the reasons set forth herein, and in the attached proposed order, believes that a fall trial would be more efficient, appropriate and realistic based on a host of factors.[1]

Initially, the Court's orders on the pending dispositive motions will dictate whether there needs to be a trial in *Bulger* and, if so, the structure of the trial.  The Court's rulings could significantly impact the witnesses that will be called, the causes of action to be tried, and the factual issues to be determined.  The parties will benefit from having these orders and the opportunity to digest them before making pretrial submissions.

Further, because this is the first of the Neurontin MDL cases to be tried, it is essential that

---

[1] As instructed by the Court, Pfizer consulted with Plaintiff's counsel regarding a trial date and schedule for pretrial preparation.  Plaintiff's counsel indicated that Plaintiff would respond in writing to Pfizer's proposed pretrial order.  Both sides are available for a conference to discuss trial and pretrial scheduling at the Court's earliest convenience.

the case be carefully prepared for trial. Time spent preparing the case for trial will ensure a fair trial for both parties that will make efficient use of the time invested in this matter by the Court and jury. For non-case specific evidence, much of the work done in advance of this trial will not have to be repeated in future cases, again, consistent with this Court's objectives in presiding over the MDL proceedings. For case-specific evidence, the work done here, if done carefully, may assist in allowing future cases to proceed to trial in a focused and efficient manner. Given the time invested in this litigation by the Court and parties, and the additional significance of an initial MDL trial, Pfizer believes that a November trial date would better serve all involved in order to allow adequate time for execution of an orderly and focused pretrial order.[2]

Pfizer anticipates that trial of this action could last between four to six weeks. Beginning trial at the end of July would mean that most of the trial would take place in August, a time when attorneys, witnesses, and other persons involved in the trial of this case are likely to have scheduling conflicts due to vacations and prior commitments. Pfizer has contacted several of its expert witnesses and determined that due to witness unavailability, a July/August trial would be extremely problematic. Pfizer anticipates that these problems would be magnified in the effort to bring fact witness to trial.

In addition, because discovery in this individual action, the MDL and related litigation has been ongoing for more than four years, a massive amount of documentary and testimonial evidence has been exchanged. For example, Pfizer has produced hundreds of thousands of pages of documents in the MDL. Decedent's medical history was long and complex and her medical, treatment and other personal records produced in this litigation exceed 2,260 pages. Over 2,100 documents have been made exhibits to depositions during the course of discovery. Fact discovery has included 24 case-specific witnesses, 36 company witnesses who have been deposed in the MDL, as well as 17 company witnesses whose deposition transcripts from the *Franklin* litigation were made available pursuant to CMO 1. Plaintiff has designated nine

---

[2] While Pfizer believes that trial preparation could be completed in time for an October trial, it understands the Plaintiff's counsel has a conflict in October.

experts on various issues, while Pfizer has designated eleven experts.

As a result, there is an enormous amount of work still to be done in order to prepare this case for trial.  The process of winnowing the available discovery down to a manageable evidentiary record for trial will be daunting.  Because this will be the first Neurontin case tried, sufficient time should be allowed for trial preparation to proceed in a careful, efficient and orderly manner.  An overly ambitious timeline would lead to over-designation and lack of time for the parties to meet and confer in an attempt to narrow the evidentiary disputes.  With adequate time, the parties can make careful and considered designations, discuss and attempt to resolve their disputes and evidentiary objections, propose to the Court protocols to streamline the trial, and present focused briefs for the Court on any outstanding issues.

In addition, the logistical and technical requirements for a trial of this complexity should not be underestimated.  The task of designating and cross-designating deposition testimony, resolving objections so that a video excerpt can be finalized, editing the deposition video, and then reviewing the edited video to make sure that it has been prepared in conformance with any agreements of the parties and orders of the Court is a process that, in and of itself, can take many weeks to complete.  Likewise, the labeling, copying and preparation of exhibits for physical or electronic publication is labor and time intensive.

The legal issues in this action are also novel and complex.  While there has been substantial legal briefing already, adequate time should be allowed for the parties to review, understand and incorporate any learning and guidance from the Court's rulings on the adequacy of Plaintiff's allegations of fraud, general and specific causation, and the other issues that are *sub judice*.  In addition, the parties should be allowed sufficient time to brief any remaining legal issues for the Court, and to propose and preserve their objections to jury instructions.  It can be anticipated that there will be significant issues raised about the proper scope of evidence at trial, including any outstanding issues regarding the admissibility of expert testimony, which will be the subject of motions in limine.  Sufficient time should be allowed for all these issues to be

adequately briefed, heard and ruled upon by the Court.[3]

Given the foregoing, Pfizer believes that a November 2, 2009 trial date would allow adequate time for completion of trial preparation. This trial date will allow for orderly completion of the following tasks, so that trial can proceed with as few interruptions as possible.[4]

Under Pfizer's Proposed Pretrial Order, the parties would be required to serve any requests for admission pursuant to Fed. R. Civ. P. 36 regarding authenticity of documents by May 7, 2009. This will allow sufficient time for most issues of authenticity to be resolved without Court intervention.

In order to allow sufficient time for the parties to object to deposition testimony, confer and present any unresolved disputes to the Court, and then to edit the videotapes of depositions, Pfizer's Proposed Pretrial Order requires Plaintiff to identify witnesses and designate deposition testimony by May 22, 2009. Defendants would then have until June 22, 2009, to serve their witness list and designate deposition testimony (including counter-designations to Plaintiff's proposed deposition testimony), and make their objections to Plaintiff's proposed deposition testimony. Plaintiff would then have until July 22, 2009 to object and make counter-designations to Defendants' proposed deposition testimony. Any objections by Defendants to Plaintiff's counter-designations would be due on August 6, 2009. Given the volume of deposition testimony to be reviewed, allowing 30 days between designations and counter-designations is a reasonable amount of time to accomplish this task.

By May 22, 2009, Plaintiff would also be required to file his list of trial exhibits.

---

[3] The pretrial schedule proposed by Pfizer would also allow for the completion of any remaining discovery. For example, Pfizer's motion to compel production of Ron Bulger's medical records, on the grounds that they may contain information relevant to causation and Plaintiff's credibility, is currently pending before Magistrate Judge Sorokin. Magistrate Judge Sorokin ordered Plaintiff to produce, in camera, his medical records for the year preceding Susan Bulger's suicide. Magistrate Judge Sorokin has not yet ruled on whether the records will be produced and, if they are, whether additional discovery based upon the records will be allowed. It may also be necessary to continue the depositions of Plaintiff's experts who submitted late-filed, supplemental declarations.

[4] A November trial date will also allow any law clerks who start with the Court in August or September to become familiar with the case.

Defendants' exhibit list, as well as their objections to Plaintiff's exhibits, would be due on June 22, 2009.  Plaintiff's objections to Defendants' exhibits would be due on July 22, 2009.

Motions in limine should follow the exchange of witness lists, deposition designations and exhibit lists.  Accordingly, Pfizer proposes that Plaintiff and Defendants file motions in limine by August 6, 2009.  Oppositions would be filed a month later on September 7, 2009, with replies due on September 21, 2009.  Sur-replies would be filed on September 30, 2009. October 9, 2009 has been proposed as a hearing date on the motions in limine.

Proposed jury instructions, jury questionnaires (if permitted by the Court) and voir dire questions would be due on October 14, 2009.  The parties would also file their joint pretrial memorandum pursuant to Local Rule 16.5(d) and their trial briefs on this date.  This schedule for pretrial motions, jury instructions and trial briefs will allow sufficient time for remaining legal issues to be fully briefed and heard by the Court in this first Neurontin trial.

Pfizer's Proposed Pretrial Order suggests that the final the pretrial conference take place on October 21, 2009.  At this time, the Court could hear argument on any remaining pretrial evidentiary and procedural issues.  The proposed date will also allow the parties sufficient time to complete their trial preparations for a November 2, 2009 trial date.

For the reasons discussed above, Pfizer believes that the schedule it has proposed is reasonable and will benefit both the Court and the parties in *Bulger* and other individual cases in these proceedings by allowing for efficient and orderly trial preparation.  Pfizer asks that its Proposed Pretrial Order be adopted by the Court.

Dated: April 6, 2009                    Respectfully submitted,

                                         SKADDEN, ARPS, SLATE,
                                           MEAGHER & FLOM LLP

                                         By:    /s/  Mark  S.  Cheffo_____  _
                                                Mark S. Cheffo

                                         Four Times Square
                                         New York, NY 10036

Tel:  (212) 735-3000

        -and-

SHOOK, HARDY & BACON L.L.P.

By:      /s/ Scott W. Sayler_____
         Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel:  (816) 474-6550

        -and-

WHITE AND WILLIAMS LLP

By:      /s/  David  B.  Chaffin_____   _
         David B. Chaffin

100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on April 6, 2009.


/s/ David B. Chaffin_____
David B. Chaffin