UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------ x
In re: NEURONTIN MARKETING,
SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
------------------------------------------------ x
THIS DOCUMENT RELATES TO:

*Bulger v. Pfizer Inc., et al.*, 1:07-cv-11426-PBS
*Smith v. Pfizer Inc., et al.*, 1:05-cv-11515-PBS

------------------------------------------------ x

: MDL Docket No. 1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T. Sorokin

## RESPONSE TO PRODUCTS LIABILITY PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS PFIZER INC AND WARNER LAMBERT COMPANY LLC'S MOTION FOR SUMMARY JUDGMENT IN THE BULGER AND SMITH CASES

In their Notice of Supplemental Authority (Doc. 1734), plaintiffs state that *MacDonald v. Ortho Pharmaceutical Corporation*, 475 N.E.2d 65 (Mass. 1985), "is relevant to the issue that the manufacturer of a drug does have a duty to warn the ultimate consumer." Plaintiffs are correct that *MacDonald* is relevant to the issue of a manufacturer's duty to warn. But *MacDonald* does not stand for the proposition that a drug manufacturer's duty to warn runs directly to patients in pharmaceutical cases. Rather, the case stands for precisely the opposite proposition: that in cases involving prescription drugs (other than oral contraceptives), a manufacturer's duty to warn runs to the prescribing physician—the learned intermediary—not to patients.

Through clever use of an ellipsis, plaintiffs have misstated the law regarding a manufacturer's duty to warn under the learned intermediary doctrine in Massachusetts. Indeed, from the very excerpt they quote to support their argument that defendants had a duty to directly

warn Mr. Smith and Mrs. Bulger, plaintiffs omit the *MacDonald* court's discussion of the doctrine:

> The rule in jurisdictions that have addressed the question of the extent of a manufacturer's duty to warn in cases involving prescription drugs is that <u>the prescribing physician acts as a 'learned intermediary' between the manufacturer and the patient, and 'the duty of the ethical drug manufacturer is to warn the doctor, rather than the patient,</u> [although] the manufacturer is directly liable to the patient for a breach of such duty.'

*MacDonald*, 475 N.E.2d at 69 (emphasis added).

Not only do plaintiffs omit the relevant portion of *MacDonald*, but they go on to discuss a narrow exception to the general rule (that a manufacturer's duty is to warn the learned intermediary) that has been carved out for oral contraceptive medications, suggesting that this exception is applicable here. But the *MacDonald* decision itself made clear that the duty to directly warn patients receiving oral contraceptives is the exception and not the rule, a principle that the Supreme Judicial Court confirmed as recently as 2002. *See MacDonald*, 475 N.E.2d at 69 (noting that "[t]he oral contraceptive thus stands apart from other prescription drugs," before holding that a manufacturer's duty in the context of oral contraceptives "encompasses a duty to warn the ultimate user"); *Cottam v. CVS Pharmacy*, 764 N.E.2d 814, 821 (Mass. 2002) (noting that Massachusetts recognizes the learned intermediary doctrine, but that the *MacDonald* court created an "exception for oral contraceptives"). Thus, not only are plaintiffs wrong about the general rule, but, because Neurontin is not an oral contraceptive, plaintiffs' discussion of the narrow exception is completely irrelevant.

Moreover, since the *MacDonald* decision in 1985, Massachusetts state and federal courts alike have confirmed that—except in the special case of oral contraceptives—a prescription drug manufacturer's duty runs to the prescribing doctor, not to patients. *See Cottam*, 764 N.E.2d at 820-21; *Gurski v. Wyeth-Ayerst Div. of Am. Home Prods. Corp.*, 953 F. Supp. 412, 415 (D.

Mass. 1997) ("However, where the product is a prescription drug requiring the oversight of a learned intermediary (a physician), it is widely accepted that the manufacturer's duty runs to the physician rather than the patient. In 1985, the Massachusetts Supreme Judicial Court carved out an exception to the prescription drug rule in the case of oral contraceptives."); *Garside v. Osco Drug, Inc.*, 976 F.2d 77, 80 (1st Cir. 1992) ("In a typical strict products liability case, the manufacturer's duty to warn extends to the consumer of a product. Where the product is a prescription drug, however, it is widely accepted that the manufacturer's duty runs to the physician rather than the patient.")[1]

---

[1] Although plaintiffs suggest that *MacDonald* is relevant to both *Smith* and *Bulger*, it is difficult to discern how an exception not even applicable outside the context of oral contraceptives in Massachusetts is relevant to the learned intermediary doctrine in Tennessee (the law of which the parties agree is controlling in *Smith*). As noted in defendants' Memorandum in Support of their Motion for Summary Judgment—and unaddressed in plaintiff's Opposition and Sur-reply—a prescription drug manufacturer has no duty to directly warn patients under Tennessee law:

> Under the learned intermediary doctrine, a prescription drug manufacturer discharges its duty 'by providing the physician with adequate warnings of the risks associated with the use of its drug.' *Id.* at 429. There is no duty to directly warn the patient. *See Laws v. Johnson*, 799 S.W.2d 249, 254 (Tenn. Ct. App. 1990) (explaining that a manufacturer must warn physicians not patients because physicians are in a better position to disclose risks).

(Doc. 1642 at 8). Plaintiffs' suggestion that the rule is anything else in Tennessee is patently false.

Dated: April 7, 2009	Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:	/s/Scott W. Sayler
	Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel:  (816) 474-6550

	-and-

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:	/s/Mark S. Cheffo
	Mark S. Cheffo

Four Times Square
New York, New York 10036
Tel: (212) 735-3000

	-and-

WHITE AND WILLIAMS LLP

By:	/s/David B. Chaffin
	David B. Chaffin

100 Summer Street, 27th Floor
Boston, MA 02110
Tel:  (617) 748-5200

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company LLC*

- 5 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3.

                                      /s/David B. Chaffin
                                      David B. Chaffin