UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
: MDL Docket No. 1629
In re: NEURONTIN MARKETING, :
SALES PRACTICES AND : Master File No. 04-10981
PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
---------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
*Bulger v. Pfizer Inc.,* 1:07-11426-PBS : :
:
---------------------------------------------------------------x

**PLAINTIFFS' STATEMENT IN SUPPORT OF A TRIAL DATE OF
JUNE 15, 2009 OR JULY 27, 2009 AND IN RESPONSE TO DEFENDANTS'
STATEMENT IN SUPPORT OF PROPOSED PRETRIAL ORDER**

Plaintiffs respectfully submit this statement in support of a June 15 or July 27, 2009 trial date in the *Bulger* case and in response to Defendants' Statement, ECF Doc #1735 (April 6, 2009). At the recent March 31, 2009 oral argument, this Court requested that the parties consider the month of June 2009, or a start date of July 27, 2009, to begin trial in the *Bulger* case. At that time, Plaintiffs accepted either date, subject to the availability of their testifying experts. Plaintiffs have since confirmed the availability of their experts and reiterate their acceptance of either time period suggested by the Court for the trial of the *Bulger* case.

The parties conferred over the Court's proposed timing for trial, with Plaintiffs advising Defendants of their position that trial should begin either in June 2009, or July 27, 2009. Because the parties could not reach agreement on a trial date or a protocol for pre-trial disclosures, Plaintiffs request an immediate conference, or as soon as the Court is available, to discuss a trial date and protocol for pre-trial disclosures. Plaintiffs submit that trial should begin on June 15, 2009 or July 27, 2009.

Whether the trial is scheduled to begin on June 15 or July 27, 2009, the parties will have reasonable time to meet the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3), as well as to pose objections to their adversaries disclosures. Fed. R. Civ.P. 26(a)(3)(B), *Time for Pretrial Disclosures; Objections*, states as follows:

> Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made --- except for one under Federal Rule of Evidence 402 or 403 --- is waived unless excused by the court for good cause.

Here, presuming a June 15, 2009 trial date, the parties can meet the requirements for pre-trial disclosure by May 15, 2009. Consistent with the federal rules, the parties can serve their list of objections by May 29, 2009. To the extent the parties are unable to resolve their objections, Plaintiffs submit that the matter can be resolved prior to June 15, 2009, via a final pre-trial conference on June 8, 2009 (or at a time otherwise convenient to the Court). To the extent the Court adopts a July 27, 2009 trial date, the dates can be extended as follows: pre-trial disclosures by June 29, 2009[1]; the parties can serve their list of objections by July 13, 2009; the Court can resolve the objections at a pre-trial conference on July 20, 2009. Trial then can begin on July 27, 2009.

Plaintiffs appreciate the scope of issues to be litigated at trial, and clearly both parties and the Court are cognizant of the volume of documents/exhibits and witness testimony to be presented. Plaintiffs submit that the federal rules provide ample time for the parties to meet their pre-trial disclosure obligations. This Court has indicated its willingness and availability to begin

---

[1] To the extent the Court adopts a July 27, 2009 trial date, Plaintiffs are amenable to an earlier pre-trial disclosure date. June 29, 2009 is simply illustrative of the 30/14 day disclosure timeframe set forth in Fed. R.Civ.P. 26(a)(3)(B).

trial as early as June 2009, with full knowledge of the issues to be presented. After having already presided over the complex issues of preemption, *Daubert*, and summary judgment, this Court is clearly equipped to resolve far less complicated issues such as to whether a particular deposition question/answer is admissible, the admissibility of an exhibit, or whether a particular medical record related to Plaintiff's decedent Susan Bulger is admissible. Plaintiffs respectfully request that the Court adhere to the 30 day/14 day disclosure timeframe of the federal rules and move forward to trial on June 15 or July 27, 2009.

In terms of expert witness availability, the Court was mindful of the difficulties in scheduling a trial date convenient for the parties, the attorneys and expert witnesses. At the March 31, 2009 oral argument, this Court indicated its willingness to facilitate and preserve the trial testimony of witnesses via video depositions. To the extent Defendants' experts are unavailable for trial, Plaintiffs are amenable to attend Defendants' videotaped testimony prior to trial.

Although not dispositive of how the Court will decide this issue, Plaintiffs herein inform the Court that Finkelstein & Partners, LLP ("Finkelstein Firm") and Defendant Pfizer are actually engaged in an unrelated, yet equally complicated litigation, with a trial date of October 19, 2009: the Hormone Therapy Mass Tort Litigation in Pennsylvania.[2] Importantly, Defendant Pfizer in that litigation has agreed to a case-management order that requires pre-trial motions *in limine* and Pfizer's deposition designations only 19 days before trial (see Exhibit A, attached hereto). Similar to the case at bar, the *Hormone Therapy Litigation* involves millions of pages in

---

[2] There is ongoing mass torts litigation in the State of Pennsylvania related to Pfizer's hormone therapy drug Provera® and its association with breast cancer. In that *Hormone Therapy Litigation*, the Finkelstein Firm is counsel to Plaintiff Donna Kendall in the Court of Common Pleas, Philadelphia County (June Term 2004: No. 0965). The trial is anticipated to last 3-4 weeks. The presiding Judge (Hon. Sandra Moss) has scheduled 16 bellwether trials to take place from September 2009 through April 2010 (Exhibit A). Exhibit A reflects the agreed upon, proposed Case Management Order to be used for each of the 16 cases of which the Finkelstein Firm is trial counsel on the *Kendall* case.

documents, thousands of exhibits, more than 50 deponents, and no less than 10 experts. Plaintiffs put forward this information simply to illustrate for the Court that the time periods allotted by the Federal Rules of Civil Procedure as noted herein are reasonable and that Pfizer's counsel has the requisite experience in efficiently preparing cases for trial under such timeframes notwithstanding the volume of evidence involved.[3]

In another mass tort litigation, *In re Vioxx Litigation* (Superior Court, New Jersey) the Hon. Carol Higbee scheduled trials within two months of her scheduling Order. Similar to this Court's suggestion of providing two months lead time for a June 2009 trial, Judge Higbee, in an Order dated December 9, 2005, set forth a schedule for two trials to begin on February 27, 2006 in the Vioxx mass torts litigation (Exhibit B, attached hereto).

Plaintiffs therefore respectfully request that this Court schedule for trial the *Bulger* case on June 15, 2009 or July 27, 2009, and that the Court issue a pre-trial order consistent with a 30/14 day timeframe as set forth in Fed.R.Civ.P. 26(a)(3)(B). Alternatively, Plaintiffs request a conference with the Court so as to discuss trial and pretrial scheduling at the Court's earliest convenience.

Dated: April 8, 2009                           Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*

By:     /s/ **Andrew G. Finkelstein**
          Andrew G. Finkelstein, Esquire
          Finkelstein & Partners, LLP
          436 Robinson Avenue
          Newburgh, NY  12550

---

[3] Defendant Pfizer is certainly not short-handed here, having active representation by no less than 5 law firms: Davis, Polk & Wardwell; Hare & Chaffin; Shook Hardy & Bacon; Goodell, Devries Leech & Dann, LLP; and most recently Skadden Arps Sltate, Meagher & Flom.

By:     **/s/ Jack W. London**
        Jack W. London, Esquire
        Law Offices of Jack W. London
          & Associates
        106 E. 6th Street, Suite 700
        Austin, TX  78701

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on April 8, 2009.

        **/s/ Andrew G. Finkelstein**
        Andrew G. Finkelstein, Esquire