# EXHIBIT H

# Keith Altman

| | |
|---|---|
| **From:** | Michael Wasicko [mjw@GDLDLAW.com] |
| **Sent:** | Friday, February 13, 2009 10:23 AM |
| **To:** | Keith Altman |
| **Subject:** | RE: Weiss discovery dispute |

Keith,
We can agree to a stipulation that neither side with question how the data are pulled from the raw AERS data. We will agree that both Plaintiffs and Defendants are equally capable of running programs that will pull data from AERS into a form for subsequent queries and analyses. The points of contention start then with the various experts' use of specific protocols to analyze the data (e.g. serious versus all, HGLT versus PT, etc.). The stipulation is that if all experts ran the analyses using the same protocols, the results should be similar. The point you mentioned earlier today regarding challenges to accuracy being argued at an evidentiary hearing versus in front of the jury will have to addressed at a later time. Does that work for you? Will this be enough to get the MTC withdrawn today?

From: Keith Altman [mailto:kaltman@lawampmmt.com]
Sent: Thursday, February 12, 2009 4:26 PM
To: Michael Wasicko
Subject: RE: Weiss discovery dispute

I think that will be fine. I just have to think about the limitation issue. I will get back to you in a bit. One of the issues we need to resolve is the following: Are we essentially willing to stipulate that both Plaintiffs and Defendants are equally capable of running analyses based upon AERS and that the only differences would be due to specific protocol considerations. As an example, Plaintiffs calculate the date that a term first shows up on a report. Defendants use the date of the last best case. If plaintiffs were to re-run the data using the last best case, then the results would be essentially the same as if we were to run it on Qscan. Dr. Weiss Smith has effectively testified to this that any competent analysis of AERS should yield essentially the same results.

If defendants are willing to enter into such a stipulation, then plaintiffs are less concerned about running alternative analyses in QScan if we can run them in our version of AERS and not have to get into a fight at the time of trial that since we didn't run them in QScan, this creates a problem out of hand. I am not suggesting that you might not question whether the computation was done accurately. Only that the mere fact it was done in plaintiffs copy of AERS is not a problem.

Does this make sense to you? If not, then we should talk about it.

As to the rest of the issues over the motion:

One thing, remember that my questions were not meant to be exclusive and that I was unsure whether I would have additional questions, so to that extent, I don't want to say that those are the only two outstanding issues.

Once I have had a chance to review the data, I will probably better able to quantify my questions. (or drop some if they are answered.)

From: Michael Wasicko [mailto:mjw@GDLDLAW.com]
Sent: Thursday, February 12, 2009 3:45 PM
To: Keith Altman
Subject: Weiss discovery dispute

As we just discussed, you are willing to withdraw your motion to compel if we will agree that you may pursue any additional questions that you have either through contact with DrugLogic or through queries on QScan (Dr. Weiss

Smith's portal).   It appears to me that, after our discussions over the past few weeks, that the only points of contention remaining in this dispute are related to specific technical issues regarding QScan (i.e., mapping of COSTART to MedDRA and conversion of SRS and AERS to QScan database) and not to the analyses presented by Dr. Weiss Smith in her expert reports. Can we agree that should you feel that you need to run queries through QScan, those queries will be limited to answering your questions regarding the specific technical issues related to QScan?

Michael J. Wasicko, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, Suite 2000
Baltimore, MD 21202
(410) 783-4036
FAX: 410-783-4040

IMPORTANT CONFIDENTIALITY NOTICE
This message is from the law firm of Goodell, DeVries, Leech & Dann, LLP and contains information that may be privileged, confidential, and protected from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

If you have received this communication in error, please reply to the sender that you have received the message in error and delete the message or notify us immediately at our telephone number:  410-783-4000 or 410-783-4036.  Thank you.

4/30/2009