# Exhibit F

DISTRICT COURT, JEFFERSON COUNTY,
COLORADO
100 Jefferson County Parkway
Golden, CO 80401-6002

Δ COURT USE ONLY Δ

Case Number: 96-CV-2532

Plaintiff(s):   MICHAEL D. BALLINGER,
                *et al.,*

Div.: 5          Cum:

                v.
Defendant(s):   BRUSH WELLMAN INC., an
                Ohio corporation.

---

## FINDINGS, CONCLUSIONS, AND ORDERS CONCERNING SANCTIONS

---

After considering the submitted evidence and the oral argument of the parties at the

hearing held June 18, 2001, the Court makes the following specific findings and enters the

following Order:

The Court finds that Dr. Egilman knowingly, deliberately, intentionally and willfully

violated the Court's 5/30/01 Order Prohibiting Certain Extrajudicial Statements.  While there is

always room for legitimate disagreement between opposing expert witnesses, the scurrilous and

inflammatory statements posted by Dr. Egilman on his web site go so far beyond the bounds of

legitimate disagreement as to cast great doubt on his legitimacy and integrity as a witness.  It is

clear to the Court that Dr. Egilman's testimony was motivated by his personal agenda and by his

animosity, bias, prejudice, hostility and vindictiveness against defendant and defendant's law firm. Dr. Egilman is not a credible witness.

The Court finds that Dr. Egilman's hostile, inflammatory and intemperate statements and attitude were well known to plaintiffs' lead counsel ("plaintiffs' counsel") before this trial began. Plaintiffs' counsel nonetheless persisted in trying to justify Dr. Egilman's grossly inappropriate behavior, and elected to call Dr. Egilman as a witness at trial when it must have been obvious to them that he was neither objective nor reliable. Not only has Dr. Egilman been "playing games" but, to a lesser extent, so has plaintiffs' counsel. By calling Dr. Egilman as a witness at trial when plaintiffs' counsel knew he was out of control, said counsel placed in jeopardy the integrity of this entire trial.

The Court rejects the position of plaintiffs' counsel that counsel believed in good faith that the statements on Dr. Egilman's web site did not violate this Court's order. The Court has made it very clear in entering its 5/30/01 Order that it considered Dr. Egilman's vituperative web site statements to be grossly inappropriate and to place at risk the fairness of the trial. The e-mail communications from plaintiffs' counsel to Dr. Egilman cannot reasonably be given any innocent connotation. The Court finds that these communications indicate that plaintiffs' counsel was to some degree complicit with Dr. Egilman in his flagrant violations of this Court's order.

It is therefore ORDERED that:

1. The testimony of Dr. Egilman is stricken.

2. The jury is instructed to disregard Dr. Egilman's testimony in its entirety.

3.    Dr. Egilman shall not be permitted to testify with regard to the claims of

any other plaintiff in this case, or in any other case which may later come

before this Court.


DATED this 22 day of June, 2001.


_____

Frank Plaut
District Court Judge

COLORADO COURT OF APPEALS

---

Court of Appeals No. 01CA1982
Jefferson County District Court No. 96CV2532
Honorable Frank Plaut, Judge

---

David Egilman, M.D.,

Appellant,

v.

District Court, First Judicial District, County of Jefferson and
The Honorable Frank Plaut, one of the Judges thereof,

Appellees.

---

ORDERS AFFIRMED IN PART,
AND VACATED IN PART

Division IV
Opinion by JUDGE NEY
Rothenberg and Vogt, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(f)**
September 5, 2002

---

Elzi Pringle and Gurr, Bruce D. Pringle, Denver, Colorado, for
Appellant

Ken Salazar, Attorney General, M. Terry Fox, Assistant Attorney
General, Denver, Colorado, for Appellee

COPIES MAILED TO
COUNSEL OF RECORD
Tri. Ct. Judge  Tri. Ct. Clerk
AND
ON  9·5·02
BY
COLORADO COURT OF APPEALS

Appellant, David Egilman, appeals two orders entered in
_Ballinger v. Brush Wellman, Inc._, Case No. 96CV2532.  We vacate
one of the orders in part and otherwise affirm.

Appellant is a physician who was retained as an expert by
the plaintiffs in the _Ballinger_ case.  Concerned with the
possibility of juror contamination, the trial judge issued an
"Order Prohibiting Certain Extrajudicial Statements" (gag
order), which prohibited the parties, attorneys, expert
witnesses, and witnesses within the control of the parties from
making any extrajudicial statements about the case, including
statements made on Internet websites.

Appellant allegedly published certain statements concerning
the trial and the judge on his password-protected website.

Without any service of process on appellant, the trial
judge issued a second order, entitled "Findings, Conclusions,
and Orders Concerning Sanctions" (sanctions order), sanctioning
appellant for his violation of the gag order.  Among other
sanctions directed at appellant's testimony in the _Ballinger_
case, the sanctions order prohibited him from testifying as a
witness in the trial judge's courtroom in the future.

Appellant contends that the sanctions order was issued
without procedural due process.  Appellant also contends that

1

the gag order was a violation of his right to freedom of expression.  We agree with the first contention and do not reach the second.

I.

Before addressing the merits, we first conclude that appellant has standing to challenge the sanctions order.

To raise a constitutional claim in Colorado, a party must allege an injury in fact to a legally protected interest. Wimberly v. Ettenberg, 194 Colo. 163, 570 P.2d 535 (1977).  An injury in fact may be potential.  See Romer v. Board of County Commissioners, 956 P.2d 566 (Colo. 1998).

Liberty interests may be implicated when the government restricts an individual's ability to pursue a chosen occupation. For liberty interests to be implicated, the restriction must involve total exclusion from a profession.  Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957). A restriction that only partially limits a party's ability a party to pursue a certain occupation, however, does not implicate a liberty interest, unless such restriction damages a party's "good name, reputation, honor, or integrity" and thus hampers his ability to obtain future employment.  Board of Regents v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548, 559 (1972).

2

Here, the sanctions order only excludes the appellant from appearing as an expert witness in one courtroom in Colorado, which does not constitute total exclusion from a chosen profession.  However, the sanctions order finds that the appellant is biased, prejudiced, hostile, vindictive and "neither objective [n]or reliable."  This negative characterization may potentially jeopardize appellant's ability to obtain future employment as an expert witness.

As a result, we conclude that appellant has a potential injury in fact to a protected interest and thus has standing to challenge the sanctions order.

## II.

Appellant contends that the sanctions order was imposed without providing him procedural due process.  We agree.

The trial court did not classify the sanctions against appellant as a contempt proceeding under C.R.C.P. 107.  Although the sanctions order implicated a protected interest of appellant, appellees contend that contempt procedures were not mandatory because the sanction was primarily directed at the Ballinger plaintiffs.  As a result, the trial court did not provide the appellant with the procedural protections of C.R.C.P. 107.

3

We need not determine whether a trial court's inherent authority includes the power to sanction an individual outside of the contempt procedures as provided by C.R.C.P. 107. However, if, as here, such a sanction affects a protected liberty interest, it must comply with the constitutional minimums of procedural due process. <u>Ealy v. District Court</u>, 189 Colo. 308, 310 539 P.2d. 1244, 1246 (1975)("[P]etitioner is entitled to detailed notice and an opportunity to be heard before the contempt sanction can be imposed against her.").

C.R.C.P. 107 protects the procedural due process rights of the sanctioned individual. <u>See In re Marriage of Johnson</u>, 939 P.2d 479 (Colo. App. 1997). Thus, any other proceeding that attempts to sanction an individual must comport with the procedural due process requirements of C.R.C.P. 107 and can not be used to circumvent such protections.

Any punished conduct that takes place outside of the sight of the court is considered indirect contempt. C.R.C.P. 107(a)(3). In indirect contempt, an individual must be afforded formal service of the proceedings against him at least twenty days before such hearing. C.R.C.P. 107(c).

Here, appellant was not provided with any formal service of process regarding the proceedings against him. There is no evidence in the record to reflect that appellant had actual

4

knowledge of the specific substance of the allegation against him and thus had no notice or opportunity to be heard.  <u>See</u> C.R.C.P. 107(c) (service must include affidavit explaining the grounds for indirect contempt).

Because appellant was not provided with formal notice by the court that he faced sanctions for violating the gag order, the sanctions order was entered against appellant in violation of his rights to procedural due process.

### III.

Appellant additionally contends that the gag order is unconstitutional.  While we note that the gag order was entered without the required findings, based on our holding here, we do not reach this issue.

The sanctions order is vacated to the extent that it affects the future ability of the appellant to appear before the trial court.  In all other respects, the orders are affirmed.

JUDGE ROTHENBERG and JUDGE VOGT concur.