# Exhibit K

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
In re: NEURONTIN MARKETING, SALES
PRACTICES, AND PRODUCTS LIABILITY
LITIGATION                                                      MDL Docket No. 1629
---------------------------------------------------------x
THIS DOCUMENT RELATES TO:                          Master File No. 04-10981

*Bulger  vs. Pfizer, et al., 1:07-cv-11426-PBS*          Judge Patti B. Saris

---------------------------------------------------------x

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANTS

Plaintiff hereby requests that Defendants admit or deny the following request for

Admissions pursuant to Federal Rule of Civil Procedure 36.

### Definitions

The following definitions apply to these requests for admissions:

1.   "Document" is used in its customary broad sense and includes, but is not

limited to, the following items, whether printed, recorded, stored electronically or

reproduced by any other process, or written or produced by any other hand:

correspondence, memoranda, electronic mail, electronic data, computer files, excel

speardsheets, spreadsheets, notes, notebooks, charts, diaries, books, books of account,

microfilms, transcripts, recordings, tapes, telexes, telegrams, files, contracts, agreements,

tariffs, insurance policies, work sheets, drawings, blueprints, designs, plans, sketches,

maps, charts, bills, statements, invoices, checks, money orders, photographs, motion

picture film videotapes, audiotapes, brochures, pamphlets, advertisements, circulars,

press releases, drafts, studies, reports, logs, summaries or records of telephone

conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conference, summaries or records of investigations or negotiations, opinions or reports of consultants, copies and drafts to the extent they differ from the original, any marginal comments appearing on any documents, and all other records or papers of any nature whatsoever, in the possession, custody or control of the Defendants and/or their respective attorneys, accountants, employees, or other agents or representatives, regardless of by whom prepared or when reviewed, received or sent. A document with handwritten or typewritten notes, notations, comments or editing marks, et cetera, is not, and shall not be deemed as identical to, one without such marks for the purposes of these discovery requests.

2.   "Defendants" means the defendants in this lawsuit: Pfizer Inc., Parke-Davis, a division of Warner-Lambert Company and Warner-Lambert Company LLC, Warner-Lambert Company and Warner-Lambert Company LLC.

## Instructions

1.   In answering these requests for admission, all language shall be given its plain meaning within context and the singular shall be read as including the plural.

2.   If any request for admission is not answered due to a claim of privilege or due top an objection, Defendants are directed to state specifically the objection or privilege claimed, and to state the basis of the objection or privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

3.   These requests are considered ongoing and should be supplemented accordingly.

### Requests for Admissions

1.   For the below list of documents, (annexed as Attachment "A") admit for each separate document that such document is an authentic copy of such document as defined by Federal Rules of Evidence 901.

2.   For the below list of documents, admit for each separate document that such document is admissible under the Federal Rules of Evidence.

3.   If the answer to Request Number 2, above is "deny":

a.   For the below list of documents, admit that each separate document that such document is an admission of Defendants as defined by Federal Rules of Evidence 801(d)(2).

b.    For the below list of documents, admit for each separate document that such document is a "record of regularly conducted activity" as that term is defined by Federal Rules of Evidence 803(6).

c.   For any document that was not generated by Defendants, admit for each separate document that such document is a "record of regularly conducted activity" of the entity that created such document as that term is defined by Federal Rules of Evidence 803(6).

d.    For the below list of documents, admit for each separate document that such document is the final version of the document.

e.    For any document regarding which you do not admit its authenticity, please provide a detailed explanation of the basis for your position.

f.    For any document regarding which you do not admit that the document is an admission by Defendants, please provide a detailed explanation of the basis for your position.

g.    For any document regarding which you do not admit that the document is a record of regularly conducted activity by Defendants or of any third party, please provide a detailed explanation of the basis for your position.

h.    For any document that you do not admit is the final version of the document, please identify by Bates Number the most complete or final version of the document which still exists.

i.    For any document that you do not is the final version of the document (and for which you cannot please identify a more complete or final version of the document), admit that this document is the most final version of the document that still exists.

j.    For the below list of documents, please identify by Bates Number any other document which must be read in conjunction with the identified document in order to understand the context of the identified document.

k.    For the below list of documents, please identify by Bates Number any other document which modifies or changes the content of the identified document.

l.    For the below list of documents, please identify by Bates Number any other document that was attached to the identified document.

Dated: May 22, 2009

FINKELSTEIN & PARTNERS, LLP

  *Kenneth B. Fromson*
Kenneth B. Fromson, ESQ.
Attorneys for Plaintiff
1279 Route 300
Newburgh, N.Y. 12551

TO: Shook, Hardy & Bacon
    Attorneys for Defendants
    2555 Grand Blvd.
    Kansas City, MO  64108-2613

    Davis Polk & Wardwell
    Attorneys for Defendants
    450 Lexington Avenue
    New York, NY  10017

    Williams & White
    Attorneys for Defendants
    100 Summer St, Suite 2707
    Boston, MA  02110