# Exhibit L

**From:** Cheffo, Mark S (NYC)
**To:** 'Keith Altman'
**Subject:** RE: Call In
**Date:** 5/8/2009 11:56:49 AM
**CC:** 'KennethFromson@lawampm.com'
**BCC:**

**Message:**
Let's use 888-453-4408
436609

Following up on our recent discussions, we propose reaching an agreement to streamline resolution of authentication issues with respect to certain documents that may be used at trial, as well as to clarify what both sides will be designating and exchanging on May 22.

Authentication of Documents

We proposed that the parties agree to stipulate to authenticity as to the medical and other records that have been produced with regard to Susan Bulger. We will be sending you a CD containing these records identified as Files 1-5.

We had asked you to indicate, by category, which Neurontin documents that you would like authenticated. In the interest of expediting this process, we propose that the parties agree to the authenticity of the following categories of Neurontin documents. We will send a CD with examples of these type of documents in Files 6-14:

>   Final approved labeling (File 6)
>   Draft labeling exchanged with FDA (File 7)
>   Communications between FDA and Pfizer/Warner-Lambert (File 8)
>   NDA submissions to FDA (File 9)
>   FDA reports and reviews (File 10)
>   FDA contact reports (File 11)
>   Pfizer/Warner-Lambert generated and produced internal documents; e.g., emails, memos, minutes, presentations, reports, etc. (File 12)
>   Advisory Committee Briefing Documents/Submissions and
>   Transcripts (File 13)
>   Communications between counsel for Neurontin plaintiffs and
>   the FDA (File 14)

Any agreement regarding authentication would be contingent upon confirming that the documents in these categories are verbatim copies of the originals without additional interlineations or other marks. A stipulation of authenticity does not waive either party's right to object to the admissibility of an exhibit on other grounds. Likewise, the listing of an exhibit on a party's exhibit list does not mean the listing party agrees it is admissible; indeed, certain exhibits will be conditionally listed in the event the court overrules an evidentiary objection on a specific topic or issue.

1

We also propose the following regarding pretrial designations and exchanges.

Deposition Designations:

Deposition testimony will be designated by providing the witness name, date of testimony and page and line of the testimony. Objections and attorney colloquy should not be included in the designation. Instead, any objections should be made by separate designation on June 22 in accordance with the Court's April 9, 2009 order. Objections made on the record are preserved without including them in the deposition designation, but must be reiterated in the party's statement of objections served on June 22.

Exhibit Designations and Exchange:

Exhibit designations shall include production numbers ("Bates numbers") where available and, where not available, other information sufficient to enable the other party to identify the specific document being designated. Exhibit lists must contain all expert reliance materials, including those things that may be discussed but will not come into evidence (e.g., learned treatises).

The parties will use their best efforts to provide copies (pdf or tif images on disk) of their exhibits to the other party on May 22.

Demonstrative exhibits:

Except as noted below, the May 22, 2009 exhibit designation deadline applies only to exhibits that will be offered into evidence ("evidentiary exhibits") or expert reliance materials and not to demonstrative aids. "Demonstrative aids" refers to charts, summaries or other demonstrative aids used as pedagogical devices to clarify or simplify information for the jury, but which are not themselves evidence. *See U.S. v. Milkiewicz*, 470 F.3d 390 (1st Cir. 2006). As such documents must be linked to otherwise admissible evidence, *see id.*, any evidentiary exhibits upon which such documents are based must be designated by May 22, 2009.

To the extent the parties intend to offer any demonstrative aids into evidence, whether pursuant to FRE 1006 or otherwise, they must be exchanged by July 8, 2009 and all evidentiary exhibits upon which they are based must have been designated by May 22, 2009.

We welcome the opportunity to discuss these matters further, and otherwise look forward to your thoughts and comments.