# Exhibit G

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------------------X
In re:  NEURONTIN MARKETING, SALES PRACTICES,     : MDL Docket No. 1629
        AND PRODUCTS LIABILITY LITIGATION          :
                                                   : Master File No. 04-10981
                                                   :
---------------------------------------------------------------------------X Judge Patti B. Saris
                                                   :
THIS DOCUMENT RELATES TO:                          : Magistrate Judge Leo T.
                                                   : Sorokin
---------------------------------------------------------------------------X
                                                   :
*Bulger v. Pfizer Inc., et al.*,1:07-cv-11426-PBS   :
                                                   :
---------------------------------------------------------------------------X

## PLAINTIFF'S SUPPLEMENTAL DISCLOSURE STATEMENT

PLEASE TAKE NOTICE, that, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff(s), by their attorneys, make and supplement their disclosures as follows.

These disclosures are made subject to all objections as to competence, materiality, relevance, or other objections as to admissibility that may apply in the event that any such response, or the information contained in it, is sought to be used in court. Plaintiff(s) expressly reserve all such objections.

**A. Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Discovery and investigation in this action is ongoing. Based on the information reasonably available, Plaintiff(s) are unable at the present time to identify each and every individual who would have discoverable information that Plaintiff(s) may use to support their claims or defenses in this case, and the subjects of such information. Plaintiff(s) reserve the right to supplement these disclosures as they become aware of additional individuals who have such information.

**B. Rule 26(a)(1)(ii): A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Because discovery and investigation in this action is ongoing, Plaintiff is unable at the present time, based on the information readily available, to identify all documents, compilations, and tangible things, if any, that Plaintiff may use to support claims or defenses in this case and the subject of such information.

Subject to the foregoing and without waiving any of Plaintiff's rights, Plaintiff submits the following:

1. Color copies of photographs depicting Susan Bulger's daughter, **REDACTED**

To the extent any additional discovery and investigation provides additional facts and legal contentions that may substantially alter these disclosures, Plaintiff reserves the right to amend or supplement without prejudice any and all disclosures herein consistent with these developments, including identifying additional areas of information, relevant documents, and tangible things that support their claims or defenses in this case.

Pursuant to Fed. R. Civ. P. 26(b)(5), Plaintiffs object to disclosure or production of documents and materials generated during the course of this litigation that constitute attorney work product or that contain privileged attorney-client communications. These documents and materials may consist, among others, of communications or correspondence between counsel and Plaintiff to facilitate the rendering of legal advice. These documents may be exempt from discovery pursuant to Fed. R. Civ. P.26(b)(3), 26(b)(4)(B), and/or the applicable attorney-client privilege.

Dated: April 21, 2009        s/ Andrew G. Finkelstein
                             Andrew G. Finkelstein
                             Finkelstein & PARTNERS, LLP
                             1279 Rte. 300, P.O. Box 1111
                             Newburgh, NY 12551
                             845-562-0203

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April, 2009, I caused to be served a true and correct copy of the foregoing Rule 26 Supplemental Disclosure, by first class U.S. Mail, postage prepaid to:

David B. Chaffin, Esq.
100 Summer Street, Suite 2707
Boston, MA 02110

*Liaison Counsel for MDL Defendants*

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Attn: James Rouhandeh, Esq.

Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108
Attn: Scott Sayler, Esq.

*Attorneys for Defendants Pfizer, Inc., Warner-Lambert, LLC, et. al.*

Dated: April 21, 2009
Newburgh, NY

_____
Andrew G. Finkelstein
FINKELSTEIN & PARTNERS
*Attorneys for Products Liability Plaintiffs*
1279 Rte. 300
Box 1111
Newburgh, NY 12551
(845) 562-0203