UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
: MDL Docket No. 1629
In re:  NEURONTIN MARKETING, :
       SALES PRACTICES AND : Master File No. 04-10981
       PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
---------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
*Bulger v. Pfizer Inc.*, 1:07-cv-11426-PBS :
:
---------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

**I. PRELIMINARY STATEMENT**

Plaintiff moves this Court by emergency motion for an order granting Plaintiff leave to file an Amended Complaint to name David S. Egilman, the new Administrator of the Estate of Susan Bulger, as Plaintiff, in place of Ronald J. Bulger, Sr.. This motion is being made by emergency motion because the trial in this case is scheduled for July 27, 2009, and the current Plaintiff/Administrator of the Estate of Susan Bulger, Ronald J. Bulger, Sr., has resigned as administrator of decedent's estate.

**II. FACTUAL BACKGROUND**

On August 4, 2004, decedent, Susan E. Bulger, who had been prescribed the drug Neurontin for depression, committed suicide by hanging. Her husband, Plaintiff, Ronald J. Bulger, Sr., was appointed administrator of Susan Bulger's estate by the Commonwealth of Massachusetts trial court on January 6, 2005. Declaration of Andrew G. Finkelstein, Ex. 1.

On August 3, 2007, Plaintiff, Ronald J. Bulger, Sr., as Administrator of the Estate of Susan Bulger, Deceased, by and through counsel, filed a products liability/wrongful death action against Defendants Pfizer Inc., Warner Lambert Company, LLC and Parke-Davis in the United States District Court for the District of Massachusetts.  Finkelstein Decl., Ex. 2.  Plaintiff alleges, *inter alia*, that Defendants' wrongful conduct in connection with the designing, developing, manufacturing, distributing, labeling, advertising, marketing, promoting, and selling of the prescription drug Neurontin, especially for such "off-label" uses as the treatment of chronic pain and depression, proximately caused decedent's injuries and death.  *Id.*

On September 10, 2007, Defendants Pfizer Inc., Warner Lambert Company, LLC and Parke-Davis filed an answer to Plaintiff's complaint.  Discovery is now essentially complete in this matter.  However, on or about May 15, 2009, Ronald J. Bulger, Sr. resigned as administrator of Susan Bulger's estate, without fully having administered the estate, which includes the prosecution of this action to its conclusion.  Thus, on May 28, 2009, David S. Egilman, was appointed Administrator of the Estate of Susan Bulger.  Finkelstein Decl., Ex. 3.  Counsel's duty to decedent's children necessitates amendment of the caption to reflect that the current administrator of Susan Bulger's estate is now David S. Egilman.  Finkelstein Decl., Ex. 4.  This amendment is a technicality that does not alter the facts nor the merits of the action and should be liberally granted by this Court.

### III.  ARGUMENT

In a diversity-based action, state substantive law typically controls.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  The Massachusetts' Wrongful Death Statute, Mass. Gen. Laws Ann. ch. 229, § 2, indicates that "damages under this section shall be recovered in an action of tort by the executor or administrator of the deceased…[and] shall be commenced within

three years from the date of death." Thus, it is clear that only the duly appointed administrator may file a wrongful death lawsuit in Massachusetts, within three years of the decedent's demise.

Herein, Ronald J. Bulger, Sr. was appointed administrator of decedent, Susan Bulger's estate on January 6, 2005. Finkelstein Decl., Ex. 1. Mr. Bulger timely commenced this products liability/wrongful death action on August 3, 2007. Finkelstein Decl., Ex. 2. Now that he has resigned as administrator, and David S. Egilman has been appointed the new administrator of decedent's estate, subsequent to the running of the statute of limitations, Finkelstein Decl., Ex. 3, this determination requires inquiry into "whether state or federal law controls the allowance and relation back of the amendment sought here." *See Thomas v. Mitchell-Bradford Chem. Co.*, 582 F. Supp. 1373 (E.D.N.Y. 1984), quoting *Davis v. Piper Aircraft*, 615 F.2d. 606, 610 (4th Cir., *cert. dismissed*, 448 U.S. 911 (1980)).

Plaintiff submits that Rules 15 and 17 of the Massachusetts Rules of Civil Procedure, which are modeled after Rules 15 and 17 of the Federal Rules of Civil Procedure, equally permit the amendment sought by Plaintiff.

Mass. R. Civ. P. Rule 15(a) permits a party to amend his pleading, once a responsive pleading has been served, "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rule 15(c) provides that an amendment, including an amendment changing a party, shall relate back to the filing of the initial complaint, as long as the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *Id.*

Motions to amend the complaint are addressed to the discretion of the trial judge. *Reilly v. Revere Racing Ass'n Inc.*, 349 Mass. 591, 195 N.E.2d 324 (1964). The running of the statute of limitations does not prevent an amendment of the complaint. *Wadworth v. Boston Gas Co.*,

352 Mass. 86,88, 223 N.E.2d 807 (1967).  An amendment to a timely filed complaint, even in a wrongful death action, will relate back to cure a technical defect.  *See, e.g.*, *Mellinger v. Town of West Springfield*, 401 Mass. 188,193, 515 N.E.2d 584 (1987).

Similarly, pursuant to Fed. R. Civ. P. 15, a party may amend a pleading subsequent to a responsive pleading having been served "only by leave of court or by written consent of the adverse party."  Whether leave to amend should be granted has been reserved to the sound discretion of the trial court.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).  Leave to amend should be freely given where there is no "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment."  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  In *Foman*, the Supreme Court clarified that a court abuses its discretion in denying leave to amend in the absence of such reasons.  *Id*.

It is axiomatic that the amendment requested herein relates back to the filing of the original complaint in accordance with Rule 15 of the Massachusetts and Federal Rule.  Further, there has been no significant delay in the filing of this motion to amend in that Ronald J. Bulger, Sr. only resigned as administrator on or about May 15, 2009.  Finkelstein Decl., Ex. 3.  Plaintiff received the May 28, 2009 Letters of Administration, appointing David S. Egilman as administrator and promptly filed the within motion.  Finkelstein Decl., Exs. 3-4.  Moreover, Plaintiff has not shown any bad faith or dilatory motive for requesting this leave to amend.

Thus, the final consideration is whether Plaintiff's proposed amendment comports with Rule 17 of the Massachusetts and Federal Rules of Civil Procedure.  Mass. R. Civ. P. Rule 17(a) states that …"every action shall be prosecuted in the name of the real party in interest."  This is a

4

modified version of Fed. R. Civ. P. 17, which also indicates that an action must be prosecuted in the name of the real party in interest.  The simple purpose of the "real party in interest " requirement  in Massachusetts is to assure that defendants are only required to defend an action brought by a proper plaintiff and that such action must be defended only once.  *See Massachusetts Ass'n. of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins*., 373 Mass. 290, 367 N.E.2d 796 (1977).

In a diversity action, state law determines who is a real party in interest.  The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced.  *See Estate of Butler v. Maharishi Univ. of Management*, 460 F. Supp. 2d. 1030, 1035-36 (S.D. Iowa 2006).  In *Butler*, there was a mistake in the naming of the plaintiff.  The Court held that despite this defect, ultimately if any amount of damages was awarded to the estate, whether the action was brought in the name of the correct administrator or not, the benefit of that award would flow directly to the estate.  The Court opined that allowance of an amendment to a pleading is the rule and denial is the exception, especially when an amendment will not substantially change the issue.  Additionally, the amendment that plaintiff sought would make no substantive changes to the claims asserted in the complaint.  *Id.* at 1042.

In *MacKay v. Levine,* 12 Mass. L. Rep. 552, 2001 Mass. Super. LEXIS 23 (Sup. Ct. 2001), a wrongful death action, the Court, in denying defendant's motion to dismiss based on the assertion that the plaintiff had no legal capacity to bring the suit in Massachusetts, noted that in the absence of unfair surprise or prejudice to the defendants, the courts are reluctant to dismiss an action because of a possible technical defect in pleading.  2001 Mass. Super. LEXIS at *6.

Courts are more liberal with amendments that change plaintiffs than with those substituting new defendants.  *Thomas v. Mitchell-Bradford Chem. Co.*, 582 F. Supp. at 1376.

Where the substitution is merely formal and in no way alters the known facts and issues on which the action is based, and does not alter the defendants' ability to defend an action of which they have had notice of since its inception, amendment and relation back should be allowed. *Id.*

Here, as in *Butler* and *Thomas*, an amendment to name David S. Egilman as the Plaintiff/Administrator does not alter the known facts, the issues or Defendants' ability to defend the action. Mr. Egilman is prosecuting the action on behalf of the Estate of Susan Bulger, for the benefit of her heirs. Mrs. Bulger's heirs are the real parties in interest and the benefit of any award will flow to the estate for their benefit. Finkelstein Decl., Exs. 3-4. Notably, Defendants in this action will not suffer any prejudice or unfair surprise, as the change is merely a technicality.

Therefore, Plaintiff, respectfully requests that this Court exercise its sound discretion and, in the interests of justice, grant the within motion for leave to file an amended complaint to change the decedent's administrator.

## IV. REQUEST FOR ORAL ARGUMENT

Plaintiff also respectfully requests oral argument on this issue, if timely opposition is filed by Defendants.

## V. CONCLUSION

Plaintiff respectfully requests that this Court grant the within motion and issue an order permitting Plaintiff to file an Amended Complaint to name David S. Egilman , the newly appointed Administrator of the Estate of Susan Bulger, as Plaintiff, in place of Ronald J. Bulger, Sr., and for such other relief as the Court finds just and proper.

Dated: June 4, 2009                               Respectfully submitted,

                                    By:    **/s/ Andrew G. Finkelstein**
                                           Andrew G. Finkelstein, Esquire

6

Finkelstein & Partners, LLP
1279 Route 300, P.O. Box 1111
Newburgh, NY  12551
*Attorneys for Plaintiff Ronald J. Bulger, Sr.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on  June 4, 2009.

Dated:  June 4, 2009

 /s/ **Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire