# EXHIBIT 4

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2954
DIRECT FAX
(917) 777-2954
EMAIL ADDRESS
KATHERINE.ARMSTRONG@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

May 22, 2009

Mr. Keith Altman
Director of Adverse Event Analysis
Finkelstein & Partners, LLP
26 Willow Drive
Massapequa Park, NY 11762

RE: *Bulger v. Pfizer Inc., et al.*, 1:07-cv-11426-PBS

Dear Keith:

This letter will confirm the various agreements we have reached regarding pre-trial designations of witnesses, depositions and exhibits, and also identify the areas of disagreement.

Areas of Agreement:

As set forth in my e-mail of May 20, 2009, we have agreed as follows:

Service will be timely if witness lists, exhibit lists and page and line deposition designations are e-mailed before midnight on Friday, May 22, 2009.[1] The actual exhibits and deposition excerpts will be sent overnight for delivery[2] on Saturday, May 23, 2009.[3]

---

[1] As instructed, we will be e-mailing only you with the lists. We've asked you to e-mail William Marsillo, Mark Hegarty and me.

[2] We will be overnighting to you at your Willow Drive address. We've asked you to

Mr. Keith Altman
May 22, 2009
Page 2

We will use the following numbering scheme:

| | |
|---|---|
| 1 - 99 | Plaintiffs' medical records (grouped by provider, each provider a separate exhibit). |
| 100-199 | Plaintiff's case specific exhibits |
| 200-299 | Defendant's case specific exhibits |
| 300-1999 | Medical literature |
| 2000-6999 | Plaintiff's exhibits |
| 7000-9999 | Defendants' exhibits (Defendants are not precluded from going above 9999, but do not think they will need to.) |

Exhibits exchanged this Saturday do not have to bear an exhibit label or banner, but they must be identified or indexed in some fashion that allows us to easily retrieve a copy of the exhibit.

We will exchange lists of medical records and medical literature on Friday. Afterwards, we will consolidate and eliminate duplicates.

The documents delivered on Saturday may have marks such as deposition exhibit labels, for which a clean copy will be substituted prior to trial.

On the deposition designations and excerpts, we agree that objections and attorney colloquy will not be included in the final edited version, but they do not have to be extracted at this point.

<u>Additional Areas of Agreement:</u>

In addition, we can agree to the following issues raised during our call on Tuesday:

You suggested that we use 2 seconds per line to approximate the time of deposition designations for now. We can provide more precise estimates later when we are in a position to do so. We agree with this.

You suggested that the Exhibit labels and/or banners include sequential page numbering (e.g., "Exhibit 1, p.1 of 10.") To the extent space permits, we will try to do so for our exhibits as well.

---

send the overnight delivery to me at my Skadden address above.

[3] We have confirmed with the Court's clerk that designations do not have to be filed.

Mr. Keith Altman
May 22, 2009
Page 3

You asked that we provide you with our exhibit list in Excel format. We can do this, although we consider the Word document to be our "official" designation.

You asked for an agreement that all objections to exhibits must be made on June 22, 2009, per the Court's order of April 9, 2009. Objections not made by June 22, 2009, will be waived except for good cause shown. We generally agree to this; however, we reserve our right to object if the document is not introduced though an appropriate witness who can explain the relevance and context. Also, given the volume of your exhibits, we reserve our right to argue that the quantity and quality of your designations constitutes good cause.

Open Issues:

Both sides will be serving requests for admission directed at authenticity this Friday, but we agree to continue to confer on authenticity to determine if agreements on specific or categories of documents can be reached.

You had asked us to agree that, except as required by the rule of completeness, deposition designations did not have to be merged and played in the order of the testimony at the designation. We are still considering this issue.

Disagreement Regarding Summaries and Databases:

We had previously proposed that the May 22, 2009 exhibit designation deadline applies only to exhibits that will be offered into evidence ("evidentiary exhibits") and not to demonstrative aids. "Demonstrative aids" refers to charts, summaries or other demonstrative aids used as pedagogical devices to clarify or simplify information for the jury, but which are not themselves evidence. Any evidentiary exhibits upon which such documents are based must be designated by May 22, 2009. We further proposed that to the extent the parties intend to offer any demonstrative aids into evidence, whether pursuant to FRE 1006 or otherwise, they must be exchanged by July 8, 2009 and all evidentiary exhibits upon which they are based must have been designated by May 22, 2009.

While there was general agreement on this proposal, we continue to disagree regarding the scope of what is being proposed. We believe that the purpose of the exhibit designation is to give fair notice to the opposing party of the exhibits that will actually be used at trial, a goal that is not served by an overly broad designation or the inclusion of items such as databases, which would never be introduced at trial and could not be presented in their entirety to the jury. Instead, to the extent there are specific records from the databases you intend to use, or your experts have prepared summaries of the databases, those should be designated on May 22.

Mr. Keith Altman
May 22, 2009
Page 4

You stated your belief that you could designate the entire database as an exhibit and generate summaries never before produced in discovery on July 8. We disagree. None of our agreements regarding exchange of exhibit designations alters the party's discovery obligations, including their obligations to disclose reports and opinions of their experts under Rule 26. There is a profound difference between a summary such as a chronology, which simply provides a graphic depiction of information that both sides are already on notice of through discovery, and a summary that represents previously undisclosed expert analysis of voluminous data. The latter is not permitted by our agreements which, as noted, do not alter our Rule 26 obligations.

Other Areas of Disagreement:

We have also not agreed on the following issues. As agreement appears unlikely, we may need to seek guidance from the Court.

Judge Saris requires that exhibit labels include the case number. You want to use the MDL case number, we believe that the Bulger case number should be used.

You asked us to agree that Plaintiff only had to designate exhibits used for direct examination. That is not our understanding of the rules and governing law and we reserve the right to object to anything that is not timely designated.

You indicated that some of the documents on your exhibit list may not have descriptions. Depending on the number of documents at issue, we reserve our right to object if this creates a burden on us in identifying documents and preparing objections.

You indicated that you intend to serve requests for admission directed at admissibility and not just authenticity. We reserve our right to object that such requests are not permitted by the April 9 pretrial order.

Mr. Keith Altman
May 22, 2009
Page 5

      Please confirm those areas where we have reached agreement and let me know if I have not correctly described our areas of disagreement.

Yours very truly,

Katherine Armstrong

cc:    William D. Marsillo
       Mark C. Hegarty