EXHIBIT 5

# Keith Altman

**From:** Keith Altman [kaltman@lawampmmt.com]
**Sent:** Wednesday, May 13, 2009 4:08 PM
**To:** 'Armstrong, Katherine'; 'Ken Fromson'; 'jack@jackwlondon.com'; 'Kelly Casey'
**Cc:** 'Cheffo, Mark S'; 'Sayler, Scott (SHB)'
**Subject:** RE: Another thing

Katherine & Mark,

Sorry it has taken so long for me to get back to you.

Following up on the e-mail from you last week:

1) On you proposed authenticity criteria, I think that is likely to work. We still have a problem with any materials which were not made available to the plaintiffs and don't believe that you should be allowed to use any materials you failed to disclose in accordance with your Rule 26 obligations. As you may know, we have requested all materials concerning the questions of suicidality since the January 2008 FDA alert and to date, none of these materials has been produced other than the materials given to the FDA in the June 2008 meeting.
2) For the designations, we will do our best to provide a set without the objections for the 5/22 deadline. We agree that all objections and colloquy will be remove. As we discussed, some of the designations for 5/22 may have the objections contained in the physical printout but we agree these do not constitute actual objections to the testimony for the purposes of the designations.
3) Exhibit designations: We will be providing to you our master list. On the request for admissions, we will not be asking you about all of the documents. I believe that will take care of the big list/small list issue from last week. We will do our best to provide the exhibits to you by next week and I suspect you will have the vast bulk of them. Some of the images will be from the depos and will be replaced with clean images from the production as we get closer.
4) On the demonstratives, I think we can agree to the 7/8 date for those that will be entered into evidence in a parties direct case. An exhibit that may be created for cross examination or rebuttal can present an issue. What are your thoughts?

On the issues we discussed on the call.

1) Exhibit lists will be provided in Excel spreadsheets. To the extent possible, the exhibits must contain a reasonable description of the item, i.e. bates number, text description.
2) Clean versions of the exhibits will be used whenever possible. An obvious exception is if the exhibit was marked in the deposition. In that event, should we mark a clean version and the depo version and denote the clean version with an "A" suffix to the exhibit number?
3) For the witness designations from the depos, we will provide two reports: One that is a simple listing of page and lines. The other will include the text. For the purposes of designations and convenience, the objection text may be included in the designation with the understanding that it is not part of the designation and will be removed when played in trial.
4) For the playing of video testimony, aside from testimony to be included for optional completeness issues, we will play all of the clips for one witness. You will then play all of your clips for that witness. The parties are not bound to play the clips in the order of the depo so long as the reordering keeps all associated testimony together. For example, in the depo of Manfred Hauben, on your direct, there were several introductory questions that we did not ask. We may want to play those first.
5) We talked about the trial presentation systems, while playing the video, can bring up documents that are being discussed and zoom and highlight according to what the witness is looking at in the video.
6) For the medical records, we are fine with one set of records to be used by both parties.

Following up with your response from below on the numbering I am generally fine with those numbers but have a few issues.
1) We will need more like 2000-6999. If you can lop off a thousand from yours, then there is no problems with this. If that is a problem, then one thing we can do is pull the literature out number it with an "M"

5/29/2009

    prefix as discussed originally.
2) Why can the banners for the generic exhibits say "MDL 1629 Exhibit # XXXX   Page X of Y". Then there would be no reason to rebanner. We could then simply make one more set for New York.
3) I agree that the scheme has nothing to do with admissibility.
4) On the database issue, I need to be able to have the entire database on the list as addition rule 1006 exhibits may be created between now and the 7/8 deadline. Furthermore, non-evidence exhibits may be created for use during the trial. But I am sensitive to your confidentiality issue.
    a. On the authenticity, you can easily authenticate the data as you originally produced it to plaintiffs. We will provide you the original files you gave to us. As I suggested in the alternative, you can re-produce a new set of the databases that will be the exhibit.
    b. Once we have established a working set, maybe we could get around actually including the databases if the parties can stipulate that for the purposes of trial, all that is necessary is that the databases be identified on the exhibit list, but that the databases themselves will not actually be attached and that either party can use the databases in accordance with 1006 or non-evidentiary demonstratives.
    c. For the FDA database, there is already an agreement that the parties can extract data from their respective systems and that both systems will yield the same results given the same input parameters. Therefore, once again, the actual database does not need to be produce.
    d. Implicit in the above is that neither party will challenge an exhibit (1006) or a demonstrative because the underlying data is not available to the party.

On some other thoughts, will you stipulate that any documents produced by Pfizer from electronic media (i.e. emails) is an accurate representation of the original electronic file. Seems to me to be common sense since Pfizer had complete control of the electronic files. Doesn't seem like we should have to bring somebody in to authenticate that.

We should start working towards the language of the stipulation for all of these things.

I think we should try to have a call tomorrow or Friday. When are you guys available?

Keith

---

From: Armstrong, Katherine [mailto:Katherine.Armstrong@skadden.com]
Sent: Tuesday, May 12, 2009 11:34 AM
To: 'kaltman@lawampmmt.com'
Cc: Cheffo, Mark S; Sayler, Scott (SHB)
Subject: FW: Another thing

We generally have no problem with your proposals 1 through 3, although we think it makes sense for the case specific documents to have the lower numbers. Judge Saris requires that exhibits be numbered sequentially, with ranges assigned to plaintiff and defendants. She also requires that the case number be on the exhibit sticker (or banner). So while we have no objection to keeping the same numbering scheme from case to case, the documents will have to be re-labeled with each case. We also agree that the exhibit banner should include sequential page numbers. We propose the following:

| | |
|---|---|
| 1 - 99 | Plaintiffs' medical records (grouped by provider, each provider a separate exhibit). |
| 100-199 | Plaintiff's case specific exhibits |
| 200-299 | Defendant's case specific exhibits |
| 300-1999 | Medical literature |
| 2000-5999 | Plaintiff's exhibits |
| 6000-9999 | Defendants' exhibits |

As you note, by agreeing to this scheme, neither of us would be agreeing to admissibility.

As to the database, we don't think it is appropriate to make the entire databases exhibits. As an initial

5/29/2009

matter, there is no way that we could verify that an entire database has not been altered, so we would be unable to agree to authenticity. It also raises issues of confidentiality.

We look forward to your formal response to the items proposed in Mark's email last Friday. As you know, we need to reach agreement where we can as soon as possible.

Katherine Armstrong
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square | New York | 10036-6522
T: 212.735.2954 | F: 917.777.2954
katherine.armstrong@skadden.com

---

From: Keith Altman
To: Cheffo, Mark S (NYC)
Sent: Sun May 10 09:41:23 2009
Subject: Another thing

Mark,

I got bogged down this weekend and will work on a more formal response to out conference call

1) Spoke to Kenny and there is no problem on a single set of medical records. As point number 2, we would start numbering these at 9001.
2) One of the things that we did not discuss is that I am thinking of a master exhibit list for all trials. In that frame, once we assign an exhibit number, that will be standard for all of our trials. If you are not opposed, what if we were to start at exhibit 1 and you were to start at exhibit 5000. Any case specific plaintiff's exhibits would go from 9001-9500. Any case specific defense exhibits would go from 9501-9999. This way we could have an easy way of keeping track of exhibits across trials.
3) Do you want to create a single list of literature articles? We could number these starting with M0001 which would keep them clear. Their admissibility at trial is obviously something that will need to be addressed on a case by case basis, but at least we can have a rational format.
4) We have decided that we will be listing the complete databases and asking you to authenticate them. I am not opposed if it will make it easier for authentication if you want to send a new copy of the database exhibits that we will use for the trial. We can talk about this on our next call.

More to come.

Keith

Keith Altman, Esq.
Director of Adverse Event Analysis
Finkelstein & Partners
516-456-5885 (c)
516-795-6605 (o)
516-795-7599 (f)
kaltman@lawampmmt.com

---------------------------------------------------------------------------
**************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
**************************************************
**************************************************

5/29/2009

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************
==============================================================================:

5/29/2009