# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re: ZYPREXA PRODUCTS LIABILITY  : MDL No. 1596
LITIGATION                                                           :
------------------------------------------------------X
THIS DOCUMENT RELATES TO:                     :
                                                                          :   No. 07-cv-0504 (JBW) (RLM)
ZYPREXA LITIGATION et al.                       :
                                                                          :
------------------------------------------------------X

## STIPULATED ORDER

COME NOW David S. Egilman, M.D., M.P.H. and Eli Lilly and Company ("Lilly"), and hereby request that the following Stipulated Order be approved by the Court.

WHEREAS the Honorable Jack B. Weinstein entered a Memorandum, Final Judgment, Order & Injunction on February 13, 2007, which found that Dr. Egilman "deliberately violated this court's protective order";

WHEREAS Eli Lilly and Company ("Lilly") expressed its intent to seek civil contempt remedies and the imposition of criminal contempt penalties against Dr. Egilman for his violation of the protective order;

WHEREAS Dr. Egilman, through his counsel, requested that Lilly enter into a resolution of this dispute;

WHEREAS Dr. Egilman has accepted responsibility for his violation of the protective order, as reflected in the Declaration attached as Exhibit "A."

WHEREAS Dr. Egilman has agreed to pay Lilly One Hundred Thousand Dollars ($100,000.00), which will be donated by Lilly to a charity of its choosing, specifically the International Center for Clubhouse Development; and agreed that any future violation of the

protective order, or his Settlement Agreement with Lilly, will result in a stipulated penalty of One Hundred Thousand Dollars ($100,000.00) per incident;

WHEREAS Dr. Egilman has agreed to dismiss his appeal of the Court's February 13, 2007, Memorandum, Final Judgment, Order & Injunction and March 6, 2007, Judgment & Order, with prejudice, and abide by their terms;

WHEREAS the parties, through their respective undersigned counsel, HEREBY STIPULATE AND AGREE to the entry of this Stipulated Order, and AGREE to seek Court approval of this Stipulated Order.

| For David S. Egilman, M.D., M.P.H. | For Eli Lilly and Company |
|---|---|
| *[signature]*<br>Alexander A. Reinert<br>KOOB & MAGOOLAGHAN<br>19 Fulton Street, Suite 408<br>New York, NY 10038<br>(202) 406-3095 | *[signature]*<br>Nina M. Gussack<br>Sean P. Fahey<br>PEPPER HAMILTON LLP<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, PA 19103<br>(215) 981-4000 |

**UPON CONSIDERATION** of the above stipulation between David S. Egilman, M.D., M.P.H. and Eli Lilly and Company, and for good and just cause, IT IS HERBY ORDERED that the Stipulated Order is approved and entered.

SO ORDERED

_____
Hon. Jack Weinstein
United States District Judge

Dated: September _____, 2007
       Brooklyn, New York

## DECLARATION OF DAVID EGILMAN, M.D., M.P.H.

I, David Egilman, M.D., M.P.H., have personal knowledge of the facts set forth below.

1. Understanding that Eli Lilly and Company intended to seek criminal and civil sanctions against me, I approached Lilly and asked it to consider amicably resolving this dispute. I make this declaration voluntarily in order to accept responsibility for my actions in the Zyprexa litigation, which I now regret. Judge Weinstein has addressed this matter in a Memorandum, Final Judgment, Order & Injunction dated February 13, 2007, which is attached to this Declaration. I invoked my Fifth Amendment right against self-incrimination and did not testify in these proceedings.

2. I began to discuss the Zyprexa litigation with Mr. Alex Berenson, a reporter for the New York Times, after I was retained as an expert consultant by The Lanier Law Firm. During these communications with Mr. Berenson, we discussed the contents of Lilly's confidential documents, including my interpretations of the documents. I understood from reviewing materials produced in the litigation that there was another side to the Zyprexa story. I also had seen information regarding the beneficial impact Zyprexa has on patients' lives.

3. After reading the documents, I released a set of documents that did not represent the entire set of information concerning Lilly's action and knowledge. I did not want to do anything myself to publicize Lilly's perspective on the side effects of Zyprexa or to get Lilly's perspective on the side effects publicized to doctors or patients.

4. I also communicated with other individuals, including Ms. Snigdha Prakash, a reporter for National Public Radio, and various state Attorneys General. I tried to convince these people to focus attention on Zyprexa. I knew from experience that this would benefit the plaintiffs. I understood that if Mr. Gottstein gave these individuals the same documents that I provided to him, they were an incomplete subset of the material that had been produced by Lilly in the Zyprexa litigation, and would not have provided a complete picture of the issues related to Zyprexa. I did not provide these individuals with any specific information on the health effects of Zyprexa.

5. I violated Case Management Order No. 3 ("CMO-3"), which is in force in the Zyprexa MDL.

6. My violation of CMO-3 undermined the purpose of CMO-3, which was to effectively prosecute this important litigation without unnecessary breach of the parties' privacy. I recognize now that it was not in the public interest to only put out one side of the story.

7. I declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. § 1746, that the foregoing is true and correct.

David Egilman, M.D., M.P.H.