```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) MDL NO. 1629 |
| THIS DOCUMENT RELATES TO: ALL PRODUCTS LIABILITY ACTIONS | ) CIVIL ACTION NO. ) 04-10981-PBS ) ) ) |

**MEMORANDUM AND ORDER**

June 9, 2009

SARIS, U.S.D.J.

Defendants Pfizer Inc. and Warner-Lambert Company (collectively "Pfizer") moved for summary judgment dismissing this action in all products liability cases in which the alleged injury is suicide, suicide attempt, suicidal gesture, or suicidal ideation (with or without physical injury). (See Docket No. 1164, Ex. 1) (listing cases covered by Defendants' motion for summary judgment). The motion was brought on three grounds: (1) that Plaintiffs' actions are preempted by federal law and implementing regulations; (2) that Plaintiffs lack admissible expert testimony on the issue of general causation; and (3) that Pfizer had no duty to warn of information it neither knew nor was capable of knowing.

The first ground (federal preemption) was withdrawn following issuance of the Supreme Court's decision Wyeth v.

Levine, __ U.S. __, 129 S.Ct. 1187 (2009). (See Docket No. 1698.) The second ground was the subject of a Daubert challenge, decided by this Court's decision and order dated May 5, 2009.  See In re Neurontin Mktg, Sales Practices, and Prods. Liab. Litig., No. 04-10981, 2009 WL 1212944 (D. Mass. May 5, 2009).  For the reasons stated by this Court in that opinion, Defendants' motion for summary judgment on the ground of insufficient evidence of general causation is denied.

    The third and final branch of Defendants' motion also fails. There are disputed issues of fact concerning Plaintiffs' allegations that Defendants knew or should have known about potential suicide-related adverse effects of Neurontin.  For example, Plaintiffs point out that the 1993 FDA Review granting approval for gabapentin's use as an epilepsy treatment states that Neurontin "has resulted in some suicidal attempts." Id. at *29.  The record also contains evidence of adverse event reports from the post-approval, post-marketing stage. Id. at *30-32. Plaintiffs cite Defendants' internal documents and external communications that acknowledge that gabapentin had been shown to decrease the release of monoamine neurotransmitters, an alteration which is known in the scientific and medical communities to impact mood and behavior and is often associated with depression, aggression, and suicide. Id. at *23, 26, 28 (discussing a 2001 internal research report summarizing twenty years of gabapentin studies, a 2001 internal project plan

stating, "Gabapentin has been known to reduce monoamine neurotransmitter release for many years," and a 1993 Neurontin Product Monograph stating that Neurontin "slightly reduces the release of monoamine neurotransmitters in vitro").  By 2000, according to Plaintiffs' expert Dr. Blume, "suicide-related adverse events . . . began to appear consistently" in Periodic Safety Update Reports compiled by Defendants, ultimately culminating in a large number of reports in a summary document in 2003.  Id. at *31.

According to Plaintiffs, this evidence triggered a duty of pharmacovigilance and an obligation to perform safety surveillance activities under federal regulations and the common law.  Plaintiffs contend that Defendants failed to satisfy this duty, as well as a duty to warn.  Defendants argue that this evidence does not, in fact, demonstrate that Neurontin is associated with or causes suicide-related side effects and thus that they never knew, nor could have known, any information sufficient to trigger a duty to warn.

Whether the Defendants knew or should have known information which triggered an obligation to warn consumers and healthcare advisors is a genuine material issue in dispute.

## ORDER

Accordingly, Defendants' Motion for Summary Judgment (Docket No. 1161) is **DENIED**.

                                        **S/PATTI B. SARIS**

                                        United States District Judge