UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------x
                                                       :  MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                           :
        SALES PRACTICES AND                            :  Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                  :
                                                       :  Judge Patti B. Saris
-------------------------------------------------------x
                                                       :  Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                              :
                                                       :
Bulger v. Pfizer Inc., 1:07-cv-11426-PBS               :
                                                       :
-------------------------------------------------------x
```

**[PROPOSED]**
**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS'**
**OPPOSITION TO PLAINTIFF'S EMERGENCY**
**MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff hereby replies to Defendants' Opposition to Plaintiff's Motion for leave to file an Amended Complaint to name David S. Egilman, M.D., MPH, who is the new Administrator of the Estate of Susan Bulger, as Plaintiff, in place of Ronald J. Bulger, Sr.

**PRELIMINARY STATEMENT**

Not only were Defendants timely notified of Ronald J. Bulger, Sr.'s resignation as Administrator of Susan Bulger's Estate, but they were provided the reasons for this substitution, which will be outlined below. Plaintiff has not engaged in any covert, dilatory tactics nor are Defendants prejudiced by this amendment. Further, in an attempt to expeditiously resolve this issue, Plaintiff is willing to produce David S. Egilman for deposition prior to trial.

Defendants' opposition deliberately suggests that Plaintiff's motion for leave to substitute David S. Egilman as Administrator of the Estate of Susan Bulger, in place of Ronald J. Bulger, Sr., is a deceptive tactic which provides Plaintiff an unfair advantage at trial. This is patently and

completely incorrect.  On  May 15, 2009, Ronald J. Bulger, Sr. resigned as administrator of Susan Bulger's estate, without having fully administered the estate, which includes the prosecution of this action to its conclusion.  Reply Declaration of Kenneth B. Fromson, Esq., ¶ 3.  With his resignation, a new administrator was required, an application for same was submitted, and David S. Egilman, was appointed administrator on May 28, 2009.  Plaintiff's counsel, Kenneth B. Fromson, Esq., then emailed counsel for Defendants to request their consent to amend the Complaint to change the name of the administrator. Fromson Decl., ¶ 4.  Mr. Fromson conferred with defense counsel via telephone.  Fromson Decl., ¶ 5.  When Defendants refused to consent, Plaintiff had a duty to file the motion at issue herein..  Fromson Decl., ¶ 7.

Contrary to Defendants' blatant pretense, Plaintiff's counsel timely disclosed the facts surrounding Ronald J. Bulger, Sr.'s resignation as administrator, which are unrelated to the allegations in this product liability action.  Fromson Decl., ¶ 5.  Defendants were not advised on the same day Mr. Bulger resigned, May 15, 2009, but it was definitely not two months later either, as Defendants incorrectly state in their opposition.  Plaintiff advised of the new appointment on the same day it was granted by the Probate Court Justice.  Defendants also fail to advise the Court how this amendment prejudices them.  Plaintiff is willing to produce Mr. Egilman for deposition, Plaintiff's counsel has a duty to decedent's children necessitating this amendment, and Defendants cannot demonstrate how they would be prejudiced by this amendment.  Indeed, Plaintiff will be prejudiced if he is unable to name a newly appointed administrator approved by the Massachusetts Probate and Family Court Department.  ECF Doc. # 1821-4.  For these reasons and those set forth in more detail below, Plaintiff respectfully requests that the Court grant Plaintiff's motion for leave to amend the Complaint to name David S. Egilman as administrator of Susan Bulger's estate, in place of Ronald J. Bulger, Sr.

## THIS COURT SHOULD GRANT PLAINTIFF'S
## MOTION FOR LEAVE TO AMEND THE COMPLAINT

Pursuant to Mass. Gen. Laws Ann. ch. 193, § 1, "Administration of the estate of a person deceased intestate shall be granted to one or more of the persons hereinafter mentioned and in the order named, if <u>competent and suitable</u>…" (emphasis added). Consistent with this statute, Mass. Gen. Laws Ann. ch. 193, § 9 states that the court shall grant letters of administration to one or more suitable persons if a sole or surviving executor or administrator dies, resigns or is removed before having fully administered the estate. Thus, contrary to Defendants' attempt to invalidate Mr. Egilman as the new administrator in this action, it is clear that Massachusetts law permits a non-family member to become a duly appointed administrator, if an administrator resigns, who can pursue this action on behalf of the estate.

The Massachusetts and Federal laws on amendment of a complaint, and the relation back doctrine as to changing the name of a party/defendant, are unambiguous. Mass. R. Civ. P. 15(a) permits a party to amend his pleading, once a responsive pleading has been served, "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Under Fed. R. Civ. P. 15, leave to amend "'is freely given when justice so requires'" absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive. *See One Beacon Ins. Co. v . Electrolux & Sears & Roebuck Co.*, 223 F.R.D. 21, 24 (D. Mass. 2004). Fed. R. Civ. P. 15(c) further provides that an amendment , including an amendment changing a party, shall relate back to the filing of the initial complaint, as long as the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *Id.*

There is less clarity as to the application of these rules to amending the complaint to change a plaintiff, although it is undeniably permissible. Although the relation back of

3

amendments switching plaintiffs—as opposed to defendants—is not explicitly treated in Fed. R. Civ. P. 15, "the attitude taken in [the rule] toward change of defendants extends by analogy to amendments changing plaintiffs." *See Allied Int'l v. Int'l Longshoremen's Ass'n*, 814 F.2d 32, 35 (1st Cir. 1987), *quoting* Fed. R. Civ. P. Advisory Committee Note (1966).  Therefore, the benefits of Rule 15(c)(3) are within the reach of new plaintiffs. *Young v. Lepone*, 305 F.3d 1,14 (1st Cir. 2002).

In *One Beacon Ins. Co.*, a fire took place at the plaintiff/insurer's building, for which plaintiff provided insurance coverage.  After the building owner, Roman, received the benefit of his claim with plaintiff, it was discovered that a defect in a dryer in the building, that had been repaired by defendant Sears, caused the fire, so plaintiff filed an action against the defendant, alleging, *inter alia*, breach of contract and negligent repair.  223 F.R.D. at 23.  The building tenants were served with deposition subpoenas, subsequent to the expiration of the statute of limitations, and then moved to intervene as plaintiffs in the action. *Id.*

In granting the motion to amend the complaint to add the new plaintiffs, the Court noted that Massachusetts employs a liberal relation back rule and that there is no reason to believe that Mass. R. Civ. P. 15 (c), which permits the relation back of amendments, would not apply to the addition of a new plaintiff.  223 F.R.D. at 25.  Since the new complaint arose out of the occurrence which was the subject matter of the original complaint, the defendants would not be prejudiced and any delay was excused, the court held that relation back was appropriate. *Id.*

Similarly, here the amended complaint arises out of the same occurrences alleged in the original complaint. ECF Doc. ## 1821-3, 1821-5.  Further, there has been no significant delay in the filing of this motion to amend in that Ronald J. Bulger, Sr. only resigned as administrator on or about May 15, 2009.  Plaintiff received the May 28, 2009 Letters of Administration,

4

appointing David S. Egilman as administrator and promptly filed the within motion.  ECF Doc. # 1821-4.  It is evident that the amendment requested relates back to the filing of the original complaint in accordance with Rule 15 of the Massachusetts and Federal Rule.

Lastly, Defendants have not shown any bad faith or dilatory motive on the part of Plaintiff for requesting leave to amend the Complaint.  Defendants indiscreetly state that Plaintiff's requested amendment is suspect and "raises numerous unanswered questions and evidentiary and procedural issues that bear on the claims and defenses, and any trial proceedings, in this action, that would require discovery" and uses Mr. Egilman's past experience in product liability litigation as their sole explanation.  Defs.'Opp.. at 4.  However, Mr. Egilman's role in this action is that of Administrator of the estate. Nonetheless, Plaintiff has assented to the conduction of a deposition of Mr.Egilman, eliminating any element of surprise or unfair advantage that Defendants claim Plaintiff will have or is planning to utilize at trial.

Defendants falsely claim that they were not advised why this amendment is being sought.  On May 28, 2009, Plaintiff's counsel, Mr. Fromson, advised Defendants' counsel as to the facts underlying Mr. Bulger's resignation as administrator of the decedent's estate.  Fromson Decl., ¶ 4.  Moreover, the reasons for choosing Mr. Egilman as the new administrator are not relevant to Plaintiff's claim in this litigation:  whether Neurontin contributed to Mrs. Bulger's suicide.

Defendants also rely on a number of cases that are either factually dissimilar or outright misleading.  Obviously, as with the application of most legal doctrines, the utilization of the relation back doctrine is fact sensitive.  Defendants' reliance on *Glaros v. Perse*, 628 F.2d 679 (1st Cir. 1980), which has received negative treatment in its subsequent history, is inappropriate because long arm jurisdictional issues were involved in that case.  Also, this matter is completely unlike *LaRocca v. Borden, Inc.*, , where the plaintiffs were seeking to amend the complaint for a

third time, to add RICO and state law claims. 276 F.3d 22, 32 (1st Cir. 2002). Further, in *Kennedy v. Josephthal & Co., Inc*., , plaintiffs were denied their second request to amend the complaint not only because discovery would have to be reopened, but also because the amendment "could be viewed as an attempt to avoid an adverse ruling on summary judgment." 814 F.2d 798, 806 (1st Cir. 1987). This certainly is not the case here.

Finally, Defendants spend much time writing about what Mr. Egilman has done in past litigation. Again, his role here is as the administrator, and Defendants can depose him to obtain information about his role in this case. Notably, Defendants still cannot effectively express how they are prejudiced by this amendment because there plainly is no prejudice.

Therefore, based upon the foregoing, and upon Plaintiff's initial motion papers, Plaintiff respectfully requests that this Court exercise its sound discretion and, in the interests of justice, grant Plaintiff's motion for leave to file an Amended Complaint to change the decedent's administrator.

## V. **CONCLUSION**

Plaintiff respectfully requests that this Court grant his motion and issue an order permitting Plaintiff to file an Amended Complaint to name David S. Egilman, who is the newly appointed Administrator of the Estate of Susan Bulger, as Plaintiff, in place of Ronald J. Bulger, Sr., and for such other relief as the Court finds just and proper.

Dated: June 11, 2009                                         Respectfully submitted,

                                        By:    **/s/ Andrew G. Finkelstein**
                                               Andrew G. Finkelstein, Esquire
                                               Finkelstein & Partners, LLP
                                               1279 Route 300, P.O. Box 1111
                                               Newburgh, NY  12551
                                               *Attorneys for Plaintiff Ronald J. Bulger, Sr.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on  June 11, 2009.

Dated:  June 11, 2009

                                                                  **/s/ Andrew G. Finkelstein**
                                                                   Andrew G. Finkelstein, Esquire