UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------x
                                              :    MDL Docket No.: 1629
In re:  NEURONTIN MARKETING,                  :
        SALES PRACTICES AND                   :    Master File No.: 04-10981
        PRODUCTS LIABILITY LITIGATION         :
                                              :    Judge Patti B. Saris
-----------------------------------------------------------x
                                              :    Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                     :
                                              :
Bulger v. Pfizer Inc., 1:07-11426-PBS         :
                                              :
                                              :
-----------------------------------------------------------x
```

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
EMERGENCY MOTION FOR A CONTINUANCE OF THE
TRIAL DATE OF THIS ACTION TO AUGUST 17, 2009,
AND REQUEST FOR EMERGENCY CONFERENCE**

Plaintiff, by and through his attorneys, The Lanier Law Firm, P.L.L.C. and Finkelstein & Partners, LLP, respectfully request that this Court allow a short three-week continuance of the trial of this action from July 27, 2009, to August 17, 2009. Plaintiff requests an emergency conference, either in person or telephonic on this critical issue.

**BACKGROUND**

On June 9, 2009, this Court issued an Electronic Order, which in regard to Defendants' motion to strike Plaintiff's disclosure, trial exhibits, etc., states:

> In the three week trial, **each side will have about 21 trial hours for direct, cross, redirect, re-cross. In light of these time limitations, each party shall designate a realistic list of documents and witnesses** (including the amount of time needed for direct examination for each witness). No new fact or expert witnesses are permitted. Plaintiff is limited to his January, 2008 damage theory. I strike the request to admit excerpt [*sic*] with respect to authenticity. The request to remove evidence related to national marketing is denied.

First, Plaintiff seeks relief because Plaintiff's lead trial counsel, W. Mark Lanier, Esq., is unable to appear for trial during the time frame allotted by the Court.  Specifically, Mr. Lanier is scheduled to be out of the United States on August 4-7, 2009, because he has obligations to meet with the Vice President of Guatemala, Dr. Rafael Espada.  Declaration of W. Mark Lanier, June 9, 2009; Letter from Dr. Espana, annexed hereto as Exhibit 1.  Initially, Plaintiff intended on accounting for Mr. Lanier's absence by presenting other valuable evidence and deposition testimony via videotape.  Now, in light of the Court's newly disclosed 21-hour time allotment, Mr. Lanier will be forced to miss crucial portions of the trial making him unable to effectively serve as lead trial counsel.

Plaintiff has met with Mr. Lanier and expressed the desire that Mr. Lanier be the lead trial counsel on this case.  Mr. Lanier has already begun extensive preparation for the trial of this action.  Due to the new limitations for trial time, Plaintiff will be severely prejudiced if the trial counsel of his choosing, who has already performed extensive trial preparation, is not allowed to fully participate in the trial as planned.  Mr. Lanier is a nationally renown trial attorney with experience in pharmaceutical litigation.  Mr. Lanier successfully tried the first Vioxx case in the United States, in Brazoria County, Texas, before the Honorable Ben Hardin, and also tried two Vioxx cases in New Jersey before the Honorable Carol Higbee.  Noteworthy, Mr. Lanier was greatly responsible for moving the MDL Vioxx Litigation before the Honorable Eldon Fallon to a successful resolution for all sides due to his trial expertise.  Mr. Lanier's participation in the first trial case in this MDL may prove useful in aiding in the resolution of this litigation.

Second, due to the Court's order of June 9, 2009, Plaintiff's counsel requests a continuance because Plaintiff requires additional time to prepare his re-designations of exhibits, witness list, and testimony designations for videotape testimony.  A mere three-week

continuance will enable Plaintiff to meet with requirements of the Court's June 9 Order and newly imposed 21-hour limitation on trial presentation per party.  Plaintiff's counsel do not believe they can meet the Court's requirement for re-designation, service of same, and then review of opposing counsel's designations in time for the current June 22, 2009 deadline for objections.  A brief continuance of the trial will afford Plaintiff the opportunity to designate such evidentiary material in a manner consistent with the Court's order, as well as to resolve numerous issues involving authenticity and admissibility of evidence at trial.  Presuming the Court's 42-hour time frame for both parties at trial, the Court should be able to begin jury selection on August 17, 2009, and complete trial and related motions well within the month of August 2009.

If this Court allows the short continuance, the schedule for the pretrial submissions and trial may be as follows:

June 22, 2009     - Re-designation of witnesses and deposition designations, exhibit list

July 13, 2009     - Objections to designations; list of counter-designations; motions in limine; jury instructions; questionnaires; voir dire questions, joint memo; trial briefs

July 29, 2009     - Oppositions to counter designations

August 10, 2009 - Pre-Trial Hearing

August 17, 2009 - Jury Selection

August 18, 2009 - Trial Begins

Finally, in light of the Court's newly imposed 21-hour time allotment, Plaintiff seeks a court conference either in-person or telephonic so as to determine the Court's daily trial schedule.  Plaintiff had prepared initial designations under the assumption that the trial would consist of a minimum of four-day work-weeks and 5-7 hour days for testimony.  Consequently, Plaintiff anticipated a trial presentation (exclusive of opening/closing arguments) of at least 84 hours (42 hours per party).  Indeed, Defendants anticipated their direct case to encompass at least

43 hours.  ECF Doc # 1799 at 13.  Now, the Court's 21-hour time limit effectively limits Plaintiff's trial presentation to three working business days.  Plaintiff therefore requests guidance and clarification from the Court as to the Court's anticipated <u>daily</u> allotment of trial testimony for this trial (e.g., whether the Court does or does not hear testimony on a given day, or whether the Court anticipates 5-hour work-day for testimony).  Without knowing the Court's daily anticipated trial schedule, Plaintiff is obviously concerned about scheduling witnesses for testimony for a date or time the Court does not intend to hear testimony.

## ARGUMENT

"Decisions regarding the management of the trial calendar and the courtroom proceedings are particularly within the province of the trial judge, and her determinations will not be disturbed by us absent a finding that she abused her discretion."  *Loinaz v. EG&G, Inc.,* 910 F.2d 1, *6 (1st Cir. 1990).  Although a trial judge has discretion in denying a continuance, the First Circuit has found that such discretion is not unfettered and that "when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment."  *Id.* at *7 (citations omitted).

In *Loinaz*, the trial court denied defendant's motion for a continuance of the trial and defendant's request to allow two of their witnesses, who were unavailable for live testimony during the period scheduled for the defense to present evidence, to testify out of turn.  The First Circuit found that even though the motion for a continuance was made only a few days before the trial and the defendant was able to present the reading of deposition testimony, that defendant suffered undue prejudice.  *Id.* at *7.

In *In re Dorsie's Steakhouse, Inc., v. Adams,* an appeal of the Bankruptcy Court's disallowance of Massachusetts Department of Revenue (DOR) meals tax claim where the DOR had requested a continuance to add new witnesses less than two weeks before trial, the District Court remanded the case back to the trial court for further proceeding. 1991 U.S. Dist. LEXIS 11681 (D. Mass 1991). The District Court found that the Bankruptcy Court had not provided sufficient justification for its decision not to allow the DOR's request for continuance or for their presentation of the additional evidence. *Id.* at *13, 14. The District Court found that based on the record before the court, the Bankruptcy Court "may not have weighed all the relevant considerations" because the continuance would not have posed "significant prejudice to the opponent," and there was no "indication of special disruption to the judicial process" or "any findings of bad faith or prejudice." *Id.* at *12, 13.

In this case, Plaintiff has brought to the attention of this Court that he has a scheduling problem immediately after it occurred—just days after this Court issued its June 9, 2009 order. Because the scheduled trial of this action is approximately 45 days away, Plaintiff is not bringing his request for a continuance on the eve of trial. In this litigation, Plaintiff has been diligent throughout the discovery and pre-trial process and has sought to move the litigation along in an expeditious manner and has no history of dilatory response or motive. Plaintiff has conducted himself in this case in good faith throughout and has not requested any unreasonable continuances in relation to discovery deadlines, etc., during the entire duration of this litigation.

Defendants, in good faith, cannot aver prejudice because, in their recent motion to strike Plaintiff's exhibit list, Rule 26 disclosures, etc., Defendants requested a re-designation of Plaintiff's exhibits and a willingness to continue the trial when they stated: "Defendants should be allowed 30 days following receipt of such revised designations to object or counter-designate,

as originally provided in this Court's April 9, 2009 order." ECF Doc. # 1799 at 15. Defendants also requested the opportunity to depose fact witnesses listed on said disclosure "on a reasonable schedule," which demonstrates a tacit willingness at that juncture for a continuance. *Id.* at 11.

Here, Plaintiff's is not requesting 30 days, but a mere three-week continuance of the trial in order to sufficiently prepare. The trial schedule delineated above would provide Plaintiff with the opportunity to so prepare. Plaintiff is requesting a continuance because of the Court's newly imposed limitation of 21 hours per party for trial presentation. Plaintiff did not anticipate such a limitation. Now, Plaintiff must perform a far narrower review for the designations and exhibit list to essentially account for a direct examination within the 21 hours allotted. This is something Plaintiff did not anticipate when Plaintiff's counsel indicated a readiness for trial on July 27. Consequently, Plaintiff requests that this Court grant the continuation and that June 22, 2009, be delineated as the new date to provide the trial re-designations. Otherwise, Plaintiff will be unduly prejudiced by this Court's decision which ultimately requires a re-review of all of the potential evidence and re-designation without sufficient time for the task.

Plaintiff's counsel conferred with defense counsel during Plaintiff's counsel's telephonic "meet and confer" regarding the issue of a continuance because of Mr. Lanier's conflict. Defendants would not consent to a brief adjournment of the trial, in part because it was not to Defendants' "advantage" to give Mr. Lanier a continuance, and because Plaintiffs previously opposed an adjournment of this trial.

There is no prejudice to Defendants considering the circumstances—that the parties have to make re-designations for which Plaintiff believes there is not sufficient time in light of the Court's new 21-hour allotment for trial presentation; and that there is little guidance on how this Court will implement the 21-hour allotment on a per-day basis. However, without the relief

Plaintiff requests, Plaintiff will be severely prejudiced considering that he will not have the right to have the attorney of his choice representing him at this trial.

## CONCLUSION

Plaintiff respectfully requests that this Court allow a short three week continuance of the trial of this action from July 27, 2009, to August 17, 2009. Plaintiff requests an emergency conference, either in person or telephonic on this critical issue.

Dated: June 12, 2009                                Respectfully submitted,

By:    **/s/ W. Mark Lanier**
         W. Mark Lanier, Esquire
         THE LANIER LAW FIRM, P.L.L.C.
         126 East 56th Street, 6th Floor
         New York, NY  10022

By:    **/s/ Andrew G. Finkelstein**
         Andrew G. Finkelstein, Esquire
         Finkelstein & Partners, LLP
         1279 Route 300, P.O. Box 1111
         Newburgh, NY  12551

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on June 12, 2009.

         **/s/ Andrew G. Finkelstein**
         Andrew G. Finkelstein, Esquire