UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION
------------------------------------------------x
THIS DOCUMENT RELATES TO:

*Bulger v. Pfizer Inc., et al.*
Case No. 1:07-cv-11426-PBS

------------------------------------------------x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR A CONTINUANCE OF THE TRIAL DATE AND ENTRY OF A NEW PRETRIAL SCHEDULE

Defendants Pfizer Inc and Warner-Lambert Company LLC hereby oppose Plaintiff's Emergency Motion for a continuance of the trial date and an entirely new pretrial schedule.

### PRELIMINARY STATEMENT

In the latest of a series of eleventh hour surprises, requests, and flip-flops in position, Plaintiff's counsel are now seeking a significant adjournment of trial after repeatedly representing to this Court, since March, that they had "forty trial attorneys . . . ready to go" to trial. (3/31/09 Hr'g Tr. at 90:3-5.) Indeed, in their June 5th opposition to Defendants' motion to strike, Plaintiff stated several times that he was ready to start trial on July 27, and, ironically, mischaracterized Defendants' position as trying to adjourn the trial date. Just days later, however, Plaintiff's counsel ask this Court to adjourn the trial date (that they asked for) to accommodate the trial schedule of an attorney who is not one of Mr. Finkelstein's 40, and claim that they are stunned by a three-week trial limitation after *they* represented that the case would take two to three weeks to try.

This Court's June 9 Order made crystal clear that the parties should expeditiously work to narrow their designations and prepare for a three-week trial pursuant to the Court's April 9, 2009

Pretrial Order.  Moreover, the June 9 Order made the task of trial designations far easier because there are only so many exhibits a side can reasonably use given a 21-hour limitation, and Defendants have been working assiduously to winnow their list.  The trial adjournment Plaintiff seeks is neither necessary nor practical, and Plaintiff has offered no credible justification for such a delay, much less the "severe prejudice" he claims in connection with the schedule of his newly announced trial counsel.  Indeed, there are other lawyers and witnesses who have rescheduled business and personal commitments in order to comply with the deadlines set by this court.  The belated request should be denied.

## RELEVANT FACTS

Following argument of Defendants' summary judgment motions on March 31, 2009, Plaintiff's counsel insisted that they wanted an immediate trial in this action, represented that a trial would last "[t]wo or three weeks," and advised the Court:  "We have forty trial attorneys.  You set the date, we'll be ready to go."  (3/31/09 Hr'g Tr. at 88:24-25, 90:3-5, 90:9.)  The Court then proposed a start date of July 27, 2009, and indicated that it was its understanding that the trial would last approximately three weeks, and no more than a month.  (*See id.* at 90:6-12, 91:17-18.)  After considering the parties' respective proposed pretrial schedules, in which Plaintiff proposed a June 15 or July 27 trial date, the Court entered its April 9, 2009 Pretrial Order, setting the trial for July 27, requiring the exchange of exhibit and deposition designations and witness lists by May 22, and the filing of pretrial motions and objections to trial designations, among other documents, on June 22.  [1739]

Until their filing today, Plaintiff never advised the Court that Mr. Lanier would be one of the trial lawyers, and certainly never disclosed that he would be traveling during the second week of the assumed three-week trial, starting July 27.  Plaintiff only now claims that his counsel intended to fill entire days by playing video testimony while Mr. Lanier was out of the country.  The time to have raised these issues was long ago, when the Court gave the parties the opportunity to do so.

In addition, in his opposition to Defendants' motion to strike and compel compliance with the Court's April 9 Order [1799], which was decided on June 9, Plaintiff boldly asserted that he was "still ready to begin trial on July 27, 2009" (Pls.' Opp. [1822] at 2), and that he "embrace[d] the task of reviewing his disclosures and [stood] by his representation that the parties to this litigation have the ability to present this case for trial as currently scheduled." (*Id.* at 6-7.)

In light of the Court's June 9 Order directing the parties to "designate a realistic list of documents and witnesses," Defendants' counsel immediately sought to reach an agreement with Plaintiff's counsel on a date for exchanging revised exhibit and deposition designations, in order to meet the June 22nd deadline for filing objections and other pretrial motions, and the July 27th trial date. (*See* 6/10/09 Letter from M. Cheffo to K. Fromson, attached as Exh. A to Cheffo Decl.) Specifically, Defendants proposed an exchange by June 17, and a format for allowing both sides to readily identify the "dropped" exhibits and testimony. (*See id.*) Plaintiff's counsel would not agree and instead filed the instant motion.

Finally, with respect to Plaintiff's request for guidance as to the Court's "daily anticipated trial schedule," Defendants have been guided by this Court's published practice of holding trial between 9:00 a.m. and 1:00 p.m. each day. *See* The U.S. District Court Speaks at 169 (MCLE, Inc. 2008).

## **ARGUMENT**

### **THE COURT SHOULD DENY PLAINTIFF'S MOTION AND REQUIRE THE PARTIES TO COMPLY WITH THE APRIL 9 PRETRIAL ORDER**

Despite his representations to the Court about the length of trial, Plaintiff bases his motion for an adjournment on purported total surprise that the Court has set a three-week trial and 21-hour time allotment per side, and that Plaintiff will actually have to narrow his trial evidence consistent with that time period. Plaintiff protests that, "in light of the Court's newly disclosed 21-hour time allotment, Mr. Lanier will be forced to miss crucial portions of the trial making him unable to effectively serve as lead trial counsel." (Pl.'s Mem. at 2.) Plaintiff's

assertion that he brought Mr. Lanier's "scheduling problem" to the Court's attention "immediately after it occurred – just days after this Court issued its June 9, 2009 order" (*id.* at 5), does not withstand scrutiny.  His own counsel represented to the Court that the trial would run for two to three weeks, and the Court indicated that that was its assumption in setting a trial date.  Plaintiff's counsel made no mention of any conflicting travel plans.

Given his counsel's representation to the Court that trial would last no more than two to three weeks, Plaintiff also should have anticipated the Court's 21-hour limitation on testimony, and been prepared to make realistic designations of documents and witnesses, as this Court has ordered.  The fact that Plaintiff's "kitchen sink" trial designations and plan to play video testimony for a week in Mr. Lanier's absence are entirely inconsistent with those timeframes certainly does not mean, as Plaintiff contends, that *the Court* has suddenly and unexpectedly changed the rules of the game.  Indeed, before the exchange of designations on May 22, Defendants advised Plaintiff on numerous occasions that overly broad pretrial designations, numbering in the thousands, would be improper and that Defendants would object and move, as they did, for compliance.  Plaintiff certainly understood that Defendants were seeking limits on exhibits and designations and cannot claim surprise at the Court's Order requiring them to be prepared for trial.

Although Defendants previously requested additional time to respond to Plaintiff's revised designations, the Court did not grant that request in its June 9 Order, or otherwise change the schedule set forth in its April 9 Order, and Defendants have been working diligently to revise their own designations to meet the June 22nd deadline for pretrial submissions.  If the parties are directed to exchange revised exhibit and deposition designations by June 17, as Defendants proposed, the parties will have sufficient time to prepare objections and other filings for June 22 and to prepare for trial as scheduled.  The parties are continuing to work to complete the joint pretrial memorandum due the same day and Plaintiff has offered no reason why his large team of counsel cannot complete the effort of narrowing trial designations by the middle of next week.

Finally, the continuance Plaintiff seeks would prejudice Defendants, who have been preparing for, and secured witnesses for, trial beginning on July 27. The trial period Plaintiff proposes would fall during the end-of-August period that the Court recognized as one commonly devoted to vacation and back-to-school preparation (3/31/09 Hr'g Tr. at 91-92), which would undoubtedly complicate witness scheduling and jury selection. In addition, lawyers and witnesses have made vacation plans based on trial ending on or about August 14.

## CONCLUSION

For all the foregoing reasons, Defendants request that the Court deny Plaintiff's motion for a continuance of trial and entirely new pretrial schedule.

Dated: June 12, 2009

Respectfully submitted,

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP

By:  /s/ Mark S. Cheffo
     Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

SHOOK, HARDY & BACON L.L.P.

By:  /s/ Scott W. Sayler
     Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel: (816) 474-6550

-and-

5

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 12, 2009.

/s/ David B. Chaffin
David B. Chaffin