# EXHIBIT C



**Finkelstein & Partners LLP**
**THE INJURY ATTORNEYS**

REFER TO OUR FILE #: 200599

November 12, 2008

Lori McGroder, Esq.
Shook Hardy Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108

Re:   Neurontin Litigation
      Discovery of Related to Dr. Gibbons

Dear Lori,

I am writing to you in response to Defendants' recent disclosure (11/11/08) related to Dr. Gibbons's opinions. Defendants have sought leave of the Court to supplement Dr. Gibbons's disclosure for purposes of the *Daubert* and summary judgment motions now pending before the Court. As you know, it is our intention to oppose the motion. However, the purpose of this correspondence is to outline our demand for the immediate production of materials and underlying data/information that was reviewed, considered and/or relied upon by Dr. Gibbons in forming this new disclosure, as well any materials and underlying data that was accessible to him. We object to your disclosure as being deficient.

**Dr. Gibbons's Pharmacoepidemiologic Study:** At paragraph 11 of Dr. Gibbons's disclosure, he indicates that he "initiated a study of a cohort of 131,178 patients who took gabapentin and who had an observation period of one year before initiating treatment and one year following the initiation of treatment." He further indicates that data from the study came from PHARMetrics® via an "unrestricted license". He states that the "universe of data are comprised of medical, specialty, facility and pharmacy paid claims from more than 85 managed care plans nationally, representing more than 47 million covered lives." Paragraphs 11-18 summarize his opinions related to his cohort study.

1. Plaintiffs demand all documents setting forth the terms of said "unrestricted license";
2. Plaintiffs demand all documents associated with the "unrestricted license" for PHARMetrics® cited in paragraph 11 of Dr. Gibbons's disclosure;
3. Plaintiffs demand all documents associated with retention of Dr. Gibbons by the defendants;
4. Plaintiffs demand all documents that pertain to the aforementioned cohort study;
5. Plaintiffs demand all documents that reflect inclusion or exclusion criteria for the cohort study;
6. Plaintiffs demand all of the underlying "universe of data" in the same form and fashion as was reviewed, considered and relied upon by Dr. Gibbons or someone on his behalf.

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley

1279 ROUTE 300, P.O. BOX 1111
NEWBURGH, NY 12551   Phone: (845) 562-0203   Fax: (845) 562-3492   www.lawampm.com

EXHIBIT
Gibbons 2
2-2-09

Page 2

November 12, 2008

7. Plaintiffs demand all documents, data, and databases reflecting searches and reviews, if any, performed by Dr. Gibbons, or on his behalf, that culminated in his final opinion related to his cohort study.
8. Plaintiffs demand documents and data that reflect all analyses related to the aforementioned cohort study;
9. Plaintiffs demand access to the PHARMetrics® data in the same form and fashion available to Dr. Gibbons for the purposes of plaintiffs to conduct their own review and analysis of the "universe of data" described by Dr. Gibbons.

<u>Dr. Gibbons's reference to "Gibbons, et.al. (2008)":</u> At paragraph 19, Dr. Gibbons references a purported publication as "Gibbons, et. al.. (2008)", and states that he "examined a cohort of 47,918 patients . . ." He applies the findings of his cohort to his opinion that gabapentin has "protective effects" in a bipolar population. In this regard, Plaintiffs demand disclosure of the following:

1. Plaintiff demand disclosure of said publication;
2. Plaintiffs demand copies of all drafts or manuscripts that culminated in the final publication;
3. Plaintiffs demand all documents and underlying data that pertain to the aforementioned study, Gibbons, et. al. (2008);
4. Plaintiffs demand all of the underlying data and databases reflecting searches and reviews, if any, performed by Dr. Gibbons, or on his behalf, that culminated in Gibbons, et. al. (2008).

Please provide the materials immediately.

Very truly,

Kenneth B. Fromson
845-562-0203 x 2755