UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | : | MDL Docket No. 1629 |
| | : | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | : | Judge Patti B. Saris |
| | : | Magistrate Judge Leo T. Sorokin |
| *Bulger v. Pfizer Inc., et al.* *Case No. 1:07-cv-11426-PBS* | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF
DECEDENT'S MINOR DAUGHTER, FAMILY PHOTOGRAPHS AND
MEMORABILIA, AND POST-MORTEM PHOTOGRAPHS**

Defendants Pfizer Inc and Warner-Lambert Company LLC ("Pfizer") respectfully submit this memorandum of law in support of their motion *in limine* to exclude the following evidence, included in Plaintiff's recent pretrial exhibit and witness disclosures and designations, at trial: (1) the testimony of Ron and Susan Bulger's minor daughter; (2) family photographs and memorabilia, including evidence pertaining to Mrs. Bulger's funeral; and (3) post-mortem photographs of Decedent, Susan Bulger. These items are not relevant under Federal Rules of Evidence 401 and 402 because they have no tendency to prove or disprove any of Plaintiff's product liability claims against Pfizer. In addition, such evidence should be excluded under Rule 403 because it is calculated to generate sympathy for Plaintiff and would prejudice Pfizer.

## ARGUMENT

### I.   STANDARDS

Under Rule 402, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402; *see also Bates ex rel. Murphy v. Shearson Lehman Bros., Inc.*, 42 F.3d 79, 83 (1st Cir. 1994) ("A trial court has appreciable flexibility in admitting or excluding evidence on relevancy grounds."). Evidence is relevant only if makes the existence of a fact of consequence to the determination of

an action more or less probable.  Fed. R. Evid. 401; *see also Bates*, 42 F.3d at 83; *Pendleton v. City of Haverhill*, 156 F.3d 57, 64 (1st Cir. 1998); *United States v. Levy-Cordero*, 67 F.3d 1002, 1015 (1st Cir. 1995).

In addition to Rule 402, Rule 403 prohibits the introduction of evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403; *see Williams v. Drake*, 146 F.3d 44, 48 (1st Cir. 1998) ("Rule 403 allows the exclusion of evidence which, though relevant, carries unwanted baggage, such as unfair prejudice or potential juror confusion.").  ""Unfair prejudice" within [this] context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 advisory committee's note); *accord United States v. Buchanan*, 964 F. Supp. 533, 535 (D. Mass. 1997); *see also Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) ("[Evidence] is unfairly prejudicial if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish,' or otherwise 'may cause a jury to base its decision on something other than the established propositions in the case.'") (citation omitted).

## II.   THE TESTIMONY OF THE MINOR DAUGHTER SHOULD BE PRECLUDED BECAUSE IT IS IRRELEVANT AND UNDULY PREJUDICIAL

Deposition and live testimony of Decedent's minor daughter should be excluded on relevance and undue prejudice grounds.  Where, as here, a witness's testimony is both irrelevant and unreliable, a court may enter an order precluding a party from offering that evidence.  *See* Fed. R. Evid. 104(a) ("Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court . . . ."); *see also State v. Bronson*, 779 A.2d 95, 103 (Conn. 2001) ("The trial court maintains the authority to admit or exclude the testimony of a child based on the court's assessment of the child's ability to offer relevant and reliable evidence."); *In re M.A.W.*, 846

P.2d 985, 997 (Mont. 1993) (affirming exclusion, in termination of parental rights case, of child's testimony as irrelevant).

Ron and Susan Bulger's daughter, now ten years old, was only five at the time of Susan Bulger's death. She does not remember anything about the event or have any knowledge relevant to Plaintiff's claims. Indeed, the child has admitted that she has no memory of the days before Mrs. Bulger committed suicide. (*See* Minor Daughter's Dep., Exh. A, at 36:2-8.) She also testified that she "can't remember anything" about Mrs. Bulger's death. (*Id.* at 32:18-24.) Further, testimony from other witnesses makes clear that even those facts that the minor child claims to remember are wrong, demonstrating that her memory is, understandably, very unreliable. For example, the minor child testified that she rode in the ambulance car with her mother on the night of her death. (*Id.* at 34:3-7, 35:13-15.) However, her testimony is refuted by the testimony of her grandmother, Patricia Bulger (Mr. Bulger's mother). Patricia Bulger testified that she took the minor child "home right away before anybody else came" and that the minor child did not ride in the ambulance with Decedent. (P. Bulger Dep., Exh. B, at 83:24-84:14.) But even if the minor child's vague "memory" of that night could be credited, it is not relevant to Plaintiff's claims.

Even beyond the night of her mother's death, the minor child, who was very young at the time, understandably has only a vague memory of her mother generally. In fact, when asked about the last thing she remembered about Mrs. Bulger, she responded, "I can't remember." (Exh. A at 33:1-3.) Since her mother's death, her father has told the minor child stories about what her mother was like. (*Id.* at 27:7-17.) While this is perfectly understandable, it makes it impossible to reliably distinguish between what the minor child actually remembers about her mother and what she has been told. *See State v. Fulton*, 742 P.2d 1208, 1218 n.15 (Utah 1987) (noting that a court "may take into account the child's susceptibility to suggestion and whether the child has been intentionally prepared or unconsciously influenced by adults in such a way that it is likely the child is only parroting what others have said about the relevant facts"). Such highly unreliable testimony is not probative of any fact at issue in this litigation.

Further, even if the young child's testimony were relevant, this Court should exclude such testimony because the extraordinary prejudice that would result from allowing the testimony would far outweigh its scant probative value. *See* Fed. R. Evid. 403. Indeed, in an analogous case, the Ninth Circuit affirmed the exclusion under Rule 403 of a child plaintiff's testimony in a Section 1983 action against police officers who killed her father. *Trevino v. Gates*, 99 F.3d 911, 916, 922 (9th Cir. 1996). The five-year-old child sought to testify regarding the emotional distress she suffered due to the loss of her father. *Id.* at 922. The court held that the district court did not abuse its discretion in refusing to allow the child to testify because the probative value of the child's testimony was outweighed by "the clear prejudicial effect of having a highly sympathetic child testify," where the child "knew nothing about the circumstances of her father's death." *Id.*

Similarly here, introducing the minor child's irrelevant testimony would serve only to divert the jury's attention away from the issues in the case – whether Neurontin is capable of causing suicidal behavior and whether it caused Decedent's suicide – and to provoke unwarranted sympathy for Plaintiff, to the prejudice of Pfizer. As noted above, Decedent's daughter was only five years old at the time of her death and does not remember anything. Thus, as in *Trevino*, any probative value of her testimony is outweighed by "the clear prejudicial effect of having a highly sympathetic child testify." *Trevino*, 99 F.3d at 922. Further, putting such a young child on the witness stand is unnecessary since any relevant testimony can be presented through other witnesses. *See id.* ("The fact that a party can present the relevant testimony through other witnesses is a factor that weighs in favor of exclusion of the prejudicial testimony.").

## III. FAMILY PHOTOGRAPHS AND MEMORABILIA SHOULD BE EXCLUDED AS IRRELEVANT AND UNDULY PREJUDICIAL

Photographs of Mrs. Bulger or other members of the Bulger family, and related family memorabilia, including the program for Mrs. Bulger's funeral, must be excluded because they are not relevant to any of the issues in this case and would serve only to generate an emotional

response among jurors.   Moreover, Plaintiff's self-serving selection of memorabilia and photographs of Mrs. Bulger would offer only a distorted picture of Mrs. Bulger's, and her family's, appearance and well-being.

Courts have repeatedly held that family photographs are inadmissible as unduly prejudicial under Rule 403.  *See, e.g., Harvey ex rel. Harvey v. Gen. Motors Corp.*, 873 F.2d 1343, 1356 (10th Cir. 1989) (in personal injury accident against car maker, affirming the exclusion of a "family photo of [the plaintiff], his wife, and their child," and finding that "the danger of prejudice outweighed the probative value of the proposed exhibit"); *EEOC v. Autozone, Inc.*, No. CV-06-1767-PCT-PGR, 2008 WL 5245579, at *3 (D. Ariz. Dec. 17, 2008) (granting defendant's motion *in limine* to exclude photographs of the plaintiff's family as irrelevant and highly prejudicial); *see also People v. Stevens*, 559 N.E.2d 1278, 1280 (N.Y. 1990) ("[I]n view of the fact that the victim's appearance prior to the assault was not relevant to any issue at the trial, this argument is meritless and the court's decision to admit the portrait was clearly erroneous."); *Larson v. Meyer*, 135 N.W.2d 145, 158 (N.D. 1965) (in wrongful death action, holding that admission of a Christmas card photograph showing the deceased with his family was prejudicial error because the purpose of offering the photograph into evidence was not apparent from the record and the photograph only "served to arouse the passion and sympathy of the jury"), *overruled on other grounds by Hopkins v. McBane*, 427 N.W.2d 85 (N.D. 1988); *Wright v. Kelly*, 122 S.E.2d 670, 675 (Va. 1961) (holding that trial court erred in admitting photograph of an infant, taken five months before a fatal accident, because photograph was unduly prejudicial); *Fearon v. N.Y. Life Ins. Co.*, 147 N.Y.S. 644, 649-50 (App. Div. 1914) (concluding, in wrongful death action, that admission of photograph showing the deceased with two of his children was error because the admission of the picture "would naturally be prejudicial to the [defendant] on the question of damages" and was "calculated to sway the sympathy of the jury").

## IV.    POST-MORTEM    PHOTOGRAPHS    SHOULD    BE    EXCLUDED    AS IRRELEVANT AND UNDULY PREJUDICIAL

Like family photographs and memorabilia, post-mortem photographs of Mrs. Bulger should be excluded at trial because they are irrelevant under Rules 401 and 402 and any minimal probative value would be substantially outweighed by the danger of unfair and undue prejudice to Pfizer under Rule 403.

Indeed, courts routinely exclude autopsy or post-mortem photographs where they are not relevant to the issues being litigated.  For instance, in *Fernandez v. Leonard*, 963 F.2d 459 (1st Cir. 1992), a Section 1983 case against law enforcement officials, the First Circuit affirmed a trial court's decision to exclude autopsy photographs of the decedent's naked back and torso.  *Id.* at 464-65.  The court held that the "pictures reveal[ed] nothing more than the fact that [the decedent] suffered multiple bullet wounds before he died."  *Id.* at 465.  Further, the "plaintiffs possessed independent, conclusive evidence that [the decedent] was shot in the back, rather than the chest."  *Id.*  Thus, the autopsy photographs were not relevant to the ultimate issue of whether or not the decedent's constitutional rights were violated, and the trial court did not abuse its discretion in excluding the photographs.  *See id.*

Similarly here, pictures of Mrs. Bulger after her death do not have any bearing on any fact in dispute or any element of Plaintiff's claims.  They could be relevant only to show that Mrs. Bulger is deceased and that she committed suicide.  But evidence of these facts can be introduced by means other than one tending to improperly influence the jury's judgment, such as through live witness testimony.  Thus, as in *Fernandez*, introducing this graphic and potentially inflammatory evidence is wholly unnecessary.  *See Gomez v. Ahitow*, 29 F.3d 1128, 1139-40 (7th Cir. 1994) (photographs of gunshot victim's body were improperly admitted where the only purpose furthered by admitting them was "'to inflame the jury against [the defendant]'") (alteration in original; citation omitted); *Copertino v. State*, 726 So. 2d 330, 334 (Fla. Dist. Ct. App. 1999) (holding that when photographs do nothing more than "highlight the horror of . . . deaths," the photographs should be excluded from evidence).

Further, even where relevant, federal courts have routinely excluded post-mortem photographs under Rule 403 because the risk of unfair prejudice exceeded any probative value. *See, e.g.*, *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1004-05 (5th Cir. 1998) (in wrongful death action, affirming exclusion of photographs depicting decedent's remains after a crash because their introduction "created some risk that the jury's decision would be based on a visceral response to the images presented"); *Ryan v. United Parcel Serv., Inc.*, 205 F.2d 362, 364-65 (2d Cir. 1953) (holding district court's decision to admit, in wrongful death case involving an automobile collision, photograph of deceased's body hanging from the doorway of the car, was reversible error, because photo was unduly inflammatory); *Bridges v. Enter. Prods. Co.*, No. 3:05cv786-WHB-LRA, 2007 WL 571074, at *1-2 (S.D. Miss. Feb. 20, 2007) (excluding autopsy photographs, *inter alia*, because "the Court finds that any probative value of the autopsy photographs is substantially outweighed by the danger of unfair prejudice and invoking bias on the part of the jury"); *accord Walker v. Werner Enter., Inc.*, No. 8:07-cv-631-T-24EAJ, 2008 WL 2816248, at *7 (M.D. Fla. May 14, 2008); *Gonzalez v. City of Garden Grove*, No. CV 05-1506 CAS, 2006 WL 5112757, at *7-8 (C.D. Cal. Dec. 4, 2006); *see also Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1085 (5th Cir. 1986) (noting that photographs of bleeding victim are "classic examples" of evidence properly excluded under Rule 403); *Chapman v. Bernard's Inc.*, 167 F. Supp. 2d 406, 417 (D. Mass. 2001) (in wrongful death product liability action, holding that images of deceased should be redacted from any photographs used to establish product identity).

## CONCLUSION

For the reasons set forth above, Pfizer requests that the Court grant its motion *in limine* and exclude:   (1) the testimony of Ron and Susan Bulger's minor daughter; (2) family photographs and memorabilia, including evidence pertaining to Mrs. Bulger's funeral; and (3) post-mortem photographs of the decedent.

Dated: June 22, 2009                             Respectfully submitted,

                                                 SKADDEN, ARPS, SLATE,
                                                   MEAGHER & FLOM LLP

                                                 By:     /s/ Mark S. Cheffo
                                                         Mark S. Cheffo

                                                 Four Times Square
                                                 New York, NY 10036
                                                 Tel:  (212) 735-3000

                                                         -and-

                                                 BOIES, SCHILLER & FLEXNER LLP

                                                 By:     /s/ William S. Ohlemeyer
                                                         William S. Ohlemeyer

                                                 333 Main Street
                                                 Armonk, NY 10504
                                                 Tel: (914) 749-8200

                                                         -and-

                                                 SHOOK, HARDY & BACON L.L.P.

                                                 By:     /s/ Scott W. Sayler
                                                         Scott W. Sayler

                                                 2555 Grand Blvd.
                                                 Kansas City, MO 64108-2613
                                                 Tel:  (816) 474-6550

                                                         -and-

WHITE AND WILLIAMS LLP

By:      /s/ David B. Chaffin
         David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served
pursuant to Case Management Order #3 on June 22, 2009.

/s/ David B. Chaffin
David B. Chaffin