UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:  NEURONTIN MARKETING, SALES PRACTICES       :  MDL Docket No. 1629
        AND PRODUCTS LIABILITY LITIGATION           :
                                                    :  Master File No. 04-10981
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:                           :
                                                    :  Magistrate Judge Leo T.
Bulger v. Pfizer Inc., et al.                       :  Sorokin
Case No. 1:07-cv-11426-PBS                          :
                                                    :
                                                    :
                                                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF POST-INCIDENT REGULATORY ACTIONS,
LABELING, AND PATIENT INFORMATION GUIDES**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 407, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully move this Court for an order *in limine* to exclude at trial all evidence of and references to Food and Drug Administration ("FDA") regulatory actions related to Neurontin, including labeling, labeling changes, and patient information guides for Neurontin, that were issued after Susan Bulger's death in August 2004. This evidence has no bearing on the adequacy of Neurontin's warnings at the time it was prescribed to and taken by Mrs. Bulger and is therefore irrelevant under Rules 401 and 402. Moreover, the likelihood that this evidence would unfairly prejudice defendants and mislead and confuse the jury substantially outweighs its probative value, if any, requiring its exclusion under Rule 403. Finally, this evidence is a subsequent remedial measure under Rule 407 and is therefore inadmissible to demonstrate liability. Accordingly, all such evidence must be excluded.

The grounds for this motion are set forth in more detail in the accompanying memorandum of law. Also submitted in support of this motion is a Declaration of Mark S. Cheffo.

WHEREFORE, Defendants respectfully request that the Court exclude at trial all evidence of and references to FDA regulatory actions related to Neurontin, including labeling, labeling changes, and patient information guides for Neurontin, that were issued after Susan Bulger's death in August 2004.

Dated: June 22, 2009	Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:	/s/ Mark S. Cheffo
	Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

BOIES, SCHILLER & FLEXNER LLP

By:	/s/ William S. Ohlemeyer
	William S. Ohlemeyer

333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

-and-

SHOOK, HARDY & BACON L.L.P.

By:	/s/ Scott W. Sayler
	Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel: (816) 474-6550

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 22, 2009.

/s/ David B. Chaffin
David B. Chaffin