UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------- x
: MDL DOCKET NO: 1629
In re: NEURONTIN MARKETING, SALES :
PRACTICES, AND PRODUCTS : Master File No. 04-10981
LIABILITY LITIGATION :
: Judge Patti B. Saris
:
: Magistrate Judge Leo T. Sorokin
:
---------------------------------- x
THIS DOCUMENT RELATES TO: :
:
*Bulger v. Pfizer Inc., et al.* :
Case No. 1:07-cv-11426-PBS :
:
:
---------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
VARIOUS EVIDENCE, REFERENCES, AND ARGUMENTS**

Pursuant to the Federal Rules of Evidence, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully submit this memorandum of law in support of their accompanying motion *in limine* to exclude at trial various evidence, references, and arguments.

**I.   REFERENCES TO PLAINTIFF'S PLEADINGS**

Pfizer anticipates that Plaintiff may attempt to refer to his pleadings at trial. Initially, Plaintiff's pleadings contain no information tending to prove or disprove his claims. Rather, the pleadings consist of self-serving, conclusory, and argumentative statements made by Plaintiff or his attorneys. Accordingly, his pleadings are irrelevant and should be excluded. *See* Fed. R. Evid. 402. Moreover, even if his pleadings had some nominal relevance (and they do not), they should still be excluded because any nominal relevance is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid.

403.  Plaintiff's pleadings also constitute hearsay for which there is no exception, and, therefore, should be excluded under Rule 802.

In addition, this Court has already dismissed a number of Plaintiff's claims and causes of action, including those for express warranty, strict liability, violation of Massachusetts' consumer protection statute, and "all fraud claims alleging affirmative misrepresentations or a suppression of information as a part of a national marketing campaign."  (Mem. & Order [1790] at 29, 33, May 26, 2009; *see also* Electronic Order re: [1637], June 1, 2009.)  Accordingly, his pleadings do not reflect the status of the claims and disputes that will be before the jury.  Moreover, Plaintiff's pleadings will be superseded by the parties' joint pretrial memorandum, setting forth the issues of law and fact for trial, and any Pretrial Order, which "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).[1]

## II.    EVIDENCE OF OR REFERENCES TO DEFENDANTS' CORPORATE STATUS, SIZE, PROFITS, FINANCIAL CONDITION, OR EMPLOYEE COMPENSATION

Plaintiff may attempt to introduce evidence of or make references to Defendants' corporate status, size, profits, financial condition, or employee compensation.  This Court should exclude any such evidence or references because they would be irrelevant to any claim or defense at issue in this lawsuit.  *See* Fed. R. Evid. 402.  Moreover, any nominal relevance would be substantially outweighed by the likelihood that it would cause undue prejudice to Defendants, mislead and confuse the jury, and waste time.  *See* Fed. R. Evid. 403.  As the Supreme Court has recognized, "the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses."  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003); *see also Adams Labs., Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985) ("'Courts have held that appealing to the sympathy of jurors through references to the relative wealth of the defendants in contrast to the relative poverty of the plaintiffs is improper and may be cause for reversal.'" (citation omitted)); *City of Cleveland*

---

[1] Defendants, however, are permitted to use Plaintiff's pleadings at trial for impeachment purposes.  *See* Fed. R. Evid. 613.

*v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 757 (6th Cir. 1980) ("'[T]he rich and poor stand alike in courts of justice and . . . neither the wealth of one nor the poverty of the other shall be permitted to affect the administration of law.'") (citation omitted)).

For these reasons, courts have regularly granted motions to exclude references to a party's financial condition or corporate status. *See, e.g.*, *Pearson v. Ill. Cent. R.R.*, No. 06-cv-0822-DRH, 2008 WL 905915, at *1 (S.D. Ill. Mar. 28, 2008) (excluding "any reference to Defendant's size, financial condition, wealth, solvency, corporate nature, foreign or out of state residence or ability to pay a verdict or satisfy a judgment in this case"); *Avondale Indus., Inc. v. Tyco Valves & Controls, Inc.*, No. 01-2923, 2003 WL 22723025, at *2 (E.D. La. Nov. 18, 2003) (excluding evidence "of financial status or wealth").

Permitting Plaintiff to introduce evidence of Defendants' financial condition would also violate Defendants' constitutional due process rights. Defendants' profits are derived not only from the sale of Neurontin in Massachusetts, but also, and to a much greater extent, from sales of many other products and from completely unrelated activities throughout the United States and the world. But a jury "may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred." *Campbell*, 538 U.S. at 422. Nor does Massachusetts "have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction." *Id.* at 421. Furthermore, "[a] defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages." *Id.* at 422. Because Defendants' net worth is overwhelmingly derived from their dissimilar and out-of-state activities, the jury may not consider Defendants' net worth in this case. In *Campbell*, for example, the Supreme Court reversed a $145 million punitive damages award that was allowed by the Utah Supreme Court partly on the basis of "State Farm's massive wealth." *Id.* at 415. Deeming the Utah court's reasoning "a departure from well-established constraints on punitive damages," *id.* at 427, the Supreme Court explained that "[t]he wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award." *Id.*; *see also Clark v. Chrysler Corp.*, 436 F.3d 594,

604 (6th Cir. 2006) ("Chrysler's wealth is an inappropriate basis for the $ 3 million punitive damage award . . . .").

## III.   EVIDENCE OF OR REFERENCES TO "THE PHARMACEUTICAL INDUSTRY" OR "DRUG COMPANIES"

Plaintiff may attempt at trial to introduce evidence of or make references to alleged conduct of a generic "pharmaceutical industry" or "drug companies." Although Defendants may be pharmaceutical companies, they must be judged strictly on their own conduct relevant to the issues in this case, and not on the conduct of their competitors or an entire industry. Evidence of or references to the alleged conduct of other pharmaceutical companies should be excluded as irrelevant to any claim or defense in this lawsuit. *See* Fed. R. Evid. 402. Moreover, even if such evidence had some nominal relevance (and it does not), it should be excluded because of the likelihood of unfair prejudice, jury confusion, and wasting of time. *See* Fed. R. Evid. 403. In addition, evidence concerning the "pharmaceutical industry" is likely to be inadmissible hearsay.

In *Gorski v. Myriad Genetics*, No. 06-11631, 2007 WL 1976230 (E.D. Mich. July 3, 2007), for example, the court granted a motion to exclude generalized evidence of unlawful employment discrimination in the pharmaceutical industry, finding that "evidence of purported industry wide age and gender discrimination is irrelevant." *Id.* at *1. "What is relevant," the court explained, "is whether *Defendant* engaged in age and/or gender discrimination when it terminated Plaintiff's employment." *Id.* (emphasis in original). The same reasoning applies here.

## IV.   COMMENTS ABOUT THE PARTIES' RESPECTIVE COUNSEL

Plaintiff may attempt at trial to refer to the to the size, location, other clients, or nature of the legal practice of Defendants' or Plaintiff's law firms. Plaintiff may also engage in speculation regarding Defendants' preparation for this trial or the cost and resources that Defendants expended in the defense of this litigation. Such matters are clearly irrelevant to any issue in this lawsuit and would be offered solely as an allusion to Defendants' wealth in an attempt to invoke sympathy for Plaintiff. This Court should preclude any such references

because they would be irrelevant to any claim or defense at issue in this lawsuit. *See* Fed. R. Evid. 402. Moreover, even if such references had some nominal relevance (and they do not), they should be excluded because any relevance would be substantially outweighed by the danger of unfair prejudice to Defendants. *See* Fed. R. Evid. 403; *see also Polson v. Cottrell, Inc.*, No. 04-CV-882-DRH, 2007 WL 2409838, at *1 (S.D. Ill. Aug. 23, 2007) (excluding references to size, locations, or specialization of defense counsel's law firm as they "are irrelevant to the issues at bar"). The Supreme Court has long recognized that "appeals to class prejudice are highly improper and cannot be condoned." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940). "[T]rial courts should ever be alert to prevent them." *Id.*

## V. EVIDENCE OF OR REFERENCES TO DEFENDANTS' INSURANCE

Plaintiff may attempt at trial to introduce evidence of or make references to Defendants' insurance. This Court should deny any such attempt. Rule 411 states in relevant part that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." As the Advisory Committee Notes explain:

> At best, the inference of fault from the fact of insurance coverage is a tenuous one, as is its converse. More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds.

Fed. R. Evid. 411 advisory committee's note.

Moreover, the existence of insurance coverage is irrelevant to any claim or defense at issue in this lawsuit, and any minimal relevance would be substantially outweighed by the dangers of unfair prejudice, jury confusion, and wasting of time. *See* Fed. R. Evid. 402, 403.

## VI. REFERENCES TO THE PRESENCE OR ABSENCE OF CORPORATE REPRESENTATIVES

Plaintiff may attempt at trial to make references to the presence or absence of Defendants' corporate representatives. Here too, this Court should exclude any such evidence or

references because they would be completely irrelevant to any claim or defense and pose a substantial risk of undue prejudice to Defendants.  *See* Fed. R. Evid. 402, 403.

## VII.  EVIDENCE OF OR REFERENCES TO HOW PLAINTIFF WILL USE ANY JURY AWARD

Plaintiff may attempt at trial to introduce evidence of or make references to how Decedent's beneficiaries will use any jury award if Plaintiff prevails.  This Court should exclude any such evidence or references because they would be irrelevant to any claim or defense at issue in this lawsuit.  *See* Fed. R. Evid. 402.  Moreover, even if such evidence or references had some nominal relevance (and they do not), they should be excluded because any relevance would be substantially outweighed by the danger of unfair prejudice to Defendants and confusion of the issues.  *See* Fed. R. Evid. 403.

## VIII.  ARGUMENTS AND REFERENCES ABOUT THE EFFECT OF THE JURY'S ANSWERS

Plaintiff may attempt at trial to instruct the jury as to the effect of its answers to the questions posed in the jury verdict form.  For example, Plaintiff may represent to the jury that if the questions are not answered in a certain way, then Plaintiff would be unable to recover in this lawsuit.  Any such attempt should be precluded.  The jury should complete the verdict form based on its resolution of the disputed facts at issue, not based on the legal effect of its responses.

This Court should also preclude any such argument because it would be irrelevant to any claim or defense at issue, and even if it did have any nominal relevance, it would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 402, 403.

## IX.  "GOLDEN RULE" ARGUMENTS

Plaintiff may attempt to argue at trial that the jury should place itself in Plaintiff's shoes or otherwise sympathize with Plaintiff when deliberating.  Any such "golden rule" arguments are highly improper and should be precluded.  As the First Circuit has explained:

> There can be little doubt that suggesting to the jury that it put itself in the shoes of a plaintiff to determine damages is improper argument.  This so-called Golden

>Rule argument has been universally condemned "because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence."

*Forrestal v. Magendantz*, 848 F.2d 303, 309 (1st Cir. 1988) (quoting *Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)). Accordingly, Plaintiff should be precluded from making such arguments at trial.

### X.   EVIDENCE OF OR REFERENCES TO DISCOVERY DISPUTES OR ACTIVITIES

Plaintiff may attempt at trial to introduce evidence of or make references to discovery disputes between the parties or other discovery activities by the parties. Under the Federal Rules of Civil Procedure, discovery disputes are to be addressed by the Court, not the jury. *See* Fed. R. Civ. P. 37. Evidence of or references to discovery disputes or activities are irrelevant to any claim or defense at issue in this lawsuit. *See* Fed. R. Evid. 402. Even if such evidence or references had some nominal relevance (and they do not), it would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by undue delay. *See* Fed. R. Evid. 403; *Mommsen v. Toyota Motor Corp.*, No. 07-cv-455-bbc, 2008 WL 5427734, at *3 (W.D. Wis. Oct. 27, 2008) (granting motion to exclude evidence of discovery disputes).

### CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court exclude the evidence, references, and arguments outlined above.

Dated: June 22, 2009    Respectfully submitted,

    SKADDEN, ARPS, SLATE,
      MEAGHER & FLOM LLP

    By: /s/ Mark S. Cheffo
       Mark S. Cheffo

    Four Times Square
    New York, NY 10036
    Tel: (212) 735-3000

-and-

BOIES, SCHILLER & FLEXNER LLP

By: /s/ William S. Ohlemeyer
    William S. Ohlemeyer

333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

-and-

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
    Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel:  (816) 474-6550

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 22, 2009.

    /s/ David B. Chaffin
    David B. Chaffin