UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------x
                                 :          MDL Docket No. 1629
In re:  NEURONTIN MARKETING,     :
        SALES PRACTICES AND      :          Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION  :
                                 :          Judge Patti B. Saris
-----------------------------------------------------------x
                                 :          Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO     :
                                 :
*Bulger v. Pfizer Inc., 1:07-11426-PBS*   :
                               :
-----------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE**
**MISCELLANEOUS SUBJECTS FROM EVIDENCE AT TRIAL**

Plaintiff RONALD J. BULGER, SR., (hereinafter "Plaintiff"), as Administrator of the Estate of Susan Bulger, deceased, by and through his undersigned counsel, The Lanier Law Firm, P.L.L.C. and Finkelstein & Partners, LLP, respectfully requests an order precluding Defendants PFIZER INC. and WARNER-LAMBERT COMPANY LLC, (hereinafter "Defendants"), from proffering all evidence, references, testimony or argument relating to the miscellaneous topics set forth below.

Under the Fed. R. Evid. 402, relevant evidence is admissible and evidence which is not relevant is not admissible. Relevant evidence is defined as matters which may tend to prove or disprove a material fact at issue. Fed. R. Evid. 401. Further, "relevant evidence may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an

emotional one."  Fed. R. Evid. 403, Advisory Committee's Note (1972).  In *United States v. Henderson,* the Court found that the trial court had committed error in allowing admission of impeachment evidence concerning a "domestic dispute [which] posed a disproportionate risk of unfairly inflaming the jury's emotions and sidetracking the trial regarding the irrelevant question."  409 F.3d 1293, 1298 (11th Cir. 2005).

The following evidence is not only irrelevant to these proceedings, but its probative value is greatly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time, and therefore such evidence should be excluded.

(1)    That a verdict for Plaintiff will adversely impact pharmaceutical companies' incentive/ability to develop new medications.  Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury.   The tactic of appealing to the collective self interest of jurors has been condemned  courts and clearly applies to this and other issues presented below.  Courts have condemned such appeals to "community conscience" as improper. *Westbrook v. General Tire & Rubber Co.,* 754 F.2d 1233, 1239 (5th Cir. 1985).  The self-interest aspect was specifically addressed in *Norman v. Gloria Farms, Inc.,* 668 So. 2d 1016 (Fla. Dist. Ct. App. 4th 1996), where the court held:

> This us-against-them plea can have no appeal other that to prejudice . . . .Such argument is an improper distraction from the jury's sworn duty to reach a fair, hones and just verdict according to the facts and evidence presented at trial . . . .Our condemnation of a "community conscience" argument is not limited to the use of those specific words: it extends to all impassioned and prejudicial pleas intended to evoke a sense of community law through common duty and expectation.

*Id.* at 1021 (*citing Westbrook,* 754 F.2d at 1238-39).

Likewise in *Pappas v. Middle Earth Condominium Ass'n*, the Second Circuit reversed the District Court's denial of plaintiff's motion for a new trial, where defense counsel, in his closing

argument, in referring to a plaintiff from New Jersey who was injured while skiing in Vermont (the forum), made an untoward "us-against-them" appeal to the jury.  963 F.2d 534, 539 (2d Cir. 1992).  The Court found that "the prejudice engendered by the improper comments may well have influenced the jury's verdict that defendants were not negligent."  *Id.* at 541.

(2)     Any comment or inference, evidence, testimony, or documents tending to suggest in any way that an award of damages in this case will adversely affect the ability of any member of the jury to purchase, or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical or health products available to individuals or industries in the United States or worldwide.  Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury.  *See* argument above under subpart (1).

(3)     Making reference that this case or other Neurontin products liability litigation cases may have a negative impact on the stock price of Pfizer Inc or any other publicly traded pharmaceutical manufacturer.  Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury.  *See* argument above under Subpart (1).

(4)     That this case or any other Neurontin products liability case may cause an increase in the cost of purchasing or maintaining insurance.  Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury.  *See* argument above under Subpart (1).

(5)     That this case or any other Neurontin product liability case may cause an increase in the cost of purchasing medications for the public. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury.  *See* argument above under Subpart (1).

(6)     Any comment, evidence, testimony, inference or document mentioning medical conditions of Plaintiff's decedent's family that are unrelated to the injuries at issue in this lawsuit.  Such argument is irrelevant and Defendants have not provided any scientific evidence that the medical conditions of decedent's family caused Plaintiff's decedent's injuries.  *See* Plaintiff's Motion in Limine to exclude Defendants' mention of bad acts and Plaintiff's decedent's family history for concrete examples.

(7)     Any comment, inference, evidence, testimony, or document tending to suggest in any way that an award of punitive damages in this case is unconstitutional, illegal, or not supported by the current state of the law.  *See generally TXO Prod. Corp. v. Alliance Res. Corp.,* 509 U.S. 443, 451 (1993).

(8)     Any mention of the purported "litigation crisis," "lawsuit crisis," "lawsuit abuse," or similar terms or phrases.  Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury.  *See* argument above under Subpart (1).

(9)     That Plaintiff's attorneys and their law firms primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation or that plaintiff's firm implemented a national advertising campaign for Neurontin cases.  Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury.  *See Bufford v. Rowan Cos., Inc.,* 994 F.2d 155, 157-58 (5th Cir. 1993); *Fineman v. Armstrong World Indus.,* 980 F.2d 171, 207 (3d Cir. 1992) (test regarding whether remarks against counsel will "engender sufficient prejudice" to warrant a new trial is "whether the improper assertions have made it reasonably probably that the verdict was influenced by prejudicial statements"); *Commonwealth v. Shelley,* 374 Mass. 466 (Super. Ct. Mass. 1978) (Superior Court reversed and ordered a new trial where the prosecutor made remarks during his closing argument that "insinuated that the

expert witnesses were 'bought' and in which he attempted to refute the defense of insanity"). *See* argument above under Subpart (1).

(10)    Any comment or personal anecdote from any witness or lawyer for Defendants about themselves, or family members who have used Neurontin.  Such evidence is irrelevant, hearsay, and undeniably prejudicial.  These emotional stories cannot be verified and will inappropriately sway the sympathies of the jury. *See* argument above under Subpart (1).

(11)    Any comment, evidence, testimony, inference or document mentioning that:  (a) state products liability law frustrates the FDA's protective regime; (b) state tort law undercuts the FDA's mission to provide only scientifically valid warnings; (c)) state warning defect or failure-to-warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits; or (d) too many warnings of serious injuries will dilute the effectiveness of warnings generally.

Such statements are incorrect and do not reflect the current state of law.  Thus, in *Wyeth v. Levine,* the United States Supreme Court stated in regard to a similar statement made by pharmaceutical manufacturer Wyeth:

> Wyeth also argues that requiring it to comply with a state-law duty to provide a stronger warning about IV push administration would obstruct the purposes and objectives of federal drug labeling regulation.  Levine's tort claims, it maintains, are pre-empted because they interfere with "Congress's purpose to entrust an expert agency to make drug labeling decisions that strike a balance between competing objectives."  Brief for Petitioner 46.  We find no merit in this argument, which relies on an untenable interpretation of congressional intent and an overbroad view of an agency's power to pre-empt state law.

129 S. Ct. 1187, 1199, 173 L. Ed. 2d 51, 2009 U.S. LEXIS 1774 (2009).

For the reasons stated above, Plaintiff respectfully requests that the Court preclude the statements, references, testimony, etc., delineated above due to irrelevance, remoteness, causing unfair prejudice, confusion of the issues and inflammation and misleading the jury.

Dated:  June 22, 2009                                   Respectfully submitted,


By:     **/s/ W. Mark Lanier**
           W. Mark Lanier, Esquire
           THE LANIER LAW FIRM, P.L.L.C.
           126 East 56th Street, 6th Floor
           New York, NY  10022


By:     **/s/ Andrew G. Finkelstein**
           Andrew G. Finkelstein, Esquire
           Finkelstein & Partners, LLP
           1279 Route 300, P.O. Box 1111
           Newburgh, NY  12551

           *Attorneys for Plaintiff Ronald J. Bulger, Sr.*


### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on June 22, 2009.


           **/s/ Andrew G. Finkelstein**
           Andrew G. Finkelstein, Esquire