# EXHIBIT B

1

```
 1
 2    UNITED STATES DISTRICT COURT
 3    FOR THE DISTRICT OF MASSACHUSETTS
 4    ---------------------------X
 5
 6    In re:
 7
 8    NEURONTIN MARKETING SALES      MDL 1629
 9    PRACTICES AND PRODUCTS         Master File
10    LIABILITY LITIGATION           No. 04-10981
11
12    ---------------------------X
13
14
15
16         VIDEOTAPED DEPOSITION OF MARTIN TEICHER
17                   New York, New York
18                    July 7, 2006
19                     9:15 a.m.
20
21
22
23
24    Reported by:
      Bonnie Pruszynski, RMR
25
```

2

```
 1
 2    SUPERIOR COURT OF THE STATE OF CALIFORNIA
 3    FOR THE COUNTY OF LAKE
 4    -------------------------------x
 5    NICOLLETTE CRONE,
 6                    Plaintiff,
 7        vs.                            No. 0008553
 8    PFIZER, Inc.,
 9                    Defendants.
10    -------------------------------x
11
12
13
14            Videotaped Deposition of MARTIN
15    TEICHER, on Friday, the 7th of July, 2006 at
16    9:15 a.m., held at Davis Polk & Wardwell,
17    LLP, 450 Lexington Avenue, New York, New
18    York, before Bonnie Atella Pruszynski, a
19    Notary Public of the State of New York.
20
21
22
23
24
25
```

3

```
 1
 2     A P P E A R A N C E S:
 3
 4              FINKELSTEIN & PARTNERS, LLP
 5              Attorneys for Plaintiffs
 6                  436 Robinson Avenue
 7                  Newburgh, New York 12550
 8         BY:  ANDREW FINKELSTEIN, ESQ.
 9              KEITH ALTMAN, ESQ.
10              FREDERICK FAZZIO, Litigation
11                  Support Specialist
12
13
14              THE LANIER LAW FIRM
15              Attorneys for Plaintiffs
16                  Tower 56
17                  126 East 56th Street
18                  New York, New York 10022
19         BY:  MARK LANIER, ESQ.
20              RICHARD D. MEADOW, ESQ.
21              ROBERT LEONE, ESQ.
22
23
24
25
```

```
 1
 2      A P P E A R A N C E S: (Cont'd)
 3
 4              BARRETT LAW OFFICE, P.A.
 5              Attorneys for Plaintiffs
 6                  404 Court Square North
 7                  P.O. Box 987
 8                  Lexington, Mississippi 39095
 9              BY:  DEREK A. WYATT, ESQ.
10
11
12              DAVIS, POLK & WARDWELL
13              Attorneys for Defendants
14                  425 Lexington Avenue
15                  New York, New York 10017
16              BY:  JAMES P. ROUHANDEH, ESQ.
17                   ERIK M. ZISSU, ESQ.
18
19
20      ALSO PRESENT:
21
22          ATIBA ADAMS, Davis Polk & Wardwell
23          ALLISON GROSSMAN, ALEX MORELLI and
24          WHITNEY HOUSTON from Plaintiffs
25
```

58

```
 1                    M. Teicher
 2       A.    What do you mean by a drug pusher?
 3       Q.    Do you know what a pusher is for
 4   drugs, is that street terminology?
 5       A.    You mean illegal drugs?
 6       Q.    Yes.
 7       A.    I understand that.
 8       Q.    Or legal drugs, you know there are
 9   pushers for legal drugs who are selling them
10   for illegal purposes; right?
11             MR. ROUHANDEH:  Objection to the
12       form.
13       A.    You mean on the street?
14       Q.    Sure.  Or in a back room or in a
15   house or in an office or wherever it may be
16   done.
17       A.    Yes, I know what a drug pusher is,
18   and I have find the analogy to a reputable
19   pharmaceutical company offensive.
20       Q.    You find it offensive because why?
21       A.    Because pharmaceutical companies
22   are careful and ethical about what they do.
23       Q.    Well, would you agree with me a
24   drug pusher is someone who is selling a drug
25   illegally?
```

59

```
 1                    M. Teicher
 2              MR. ROUHANDEH:  Objection to the
 3        form.
 4        Q.   For an illegal purpose, say?
 5        A.   Yes.
 6        Q.   Your company did that, didn't it?
 7              MR. ROUHANDEH:  Objection to the
 8        form.  Assumes a fact not in evidence.
 9        A.   I have no basis to say that other
10    than the plea that I entered on behalf of the
11    company.
12        Q.   Well, the plea that you entered on
13    behalf of the company admitted that you sold
14    the drug illegally?
15              MR. ROUHANDEH:  Objection to the
16        form.
17        A.   It made an admission that certain
18    conduct that we engaged in was illegal.
19    There was no intent involved in the
20    violations that we pleaded to.
21        Q.   So you were an accidental drug
22    pusher?
23              MR. ROUHANDEH:  Objection to form.
24        Argumentative.
25        A.   I'm not prepared to buy into any
```

132

```
 1                    M. Teicher
 2            THE VIDEOGRAPHER:  The time is
 3       approximately 11:34.  This begins tape
 4       number three.  We are now on the record.
 5       Q.   Sir, all of these things you
 6  admitted to that you and I have gone over and
 7  more, because we didn't cover all of them;
 8  right?
 9       A.   You didn't read me every paragraph
10  of the information.
11       Q.   Right.  Does an ethical company do
12  this kind of stuff that you have admitted to
13  doing?
14            MR. ROUHANDEH:  Objection to the
15       form.
16       A.   The admission, the plea that Warner
17  Lambert Company made in court was to two
18  misdemeanor counts that did not involve any
19  finding of intent.
20       Q.   That wasn't my question, sir.
21            I said does an ethical company do
22  these things you have admitted to?
23            MR. ROUHANDEH:  Same objection.
24       A.   I answered the question.
25       Q.   Was it a yes or a no?
```