UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*Bulger v. Pfizer Inc., et al.*<br>Case No. 1:07-cv-11426-PBS | Magistrate Judge Leo T. Sorokin |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' CONDITIONAL MOTION FOR BIFURCATED TRIAL OF PUNITIVE DAMAGES CLAIM**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully submit this memorandum in support of their conditional motion, pursuant to Federal Rule of Civil Procedure 42(b), to bifurcate the trial of Plaintiff's punitive damages claim.

**INTRODUCTION**

Pfizer submits this motion for the Court's consideration on a conditional basis: in the event the Court enters a favorable ruling on Defendants' Motion in Limine to Exclude Evidence of Marketing or Advertising Materials and Conduct, David Franklin and the Franklin Litigation, and Other Claims or Actions and Defendants' Motion in Limine to Exclude all Evidence of or References to Warner-Lambert Company LLC's Guilty Plea or any Related Government Investigations or Agreements, it need not be considered. On the other hand, if the Court denies such motions, in whole or in part, Pfizer respectfully requests this motion for conditional bifurcation be considered by the Court.

Pfizer has separately moved to exclude certain evidence, such as evidence of nationwide marketing, the lawsuit filed by David Franklin pursuant to the False Claims Act, and Warner-

Lambert's criminal plea in 2004, as well as other irrelevant and prejudicial evidence.[1] For the reasons stated in Pfizer's separate motions, such evidence is not relevant in any way to Plaintiff's claim for compensatory damages, which requires proof that (1) Pfizer had, and breached, a duty to warn Susan Bulger's physicians of the risk of suicide or suicide behavior; (2) Neurontin is capable of causing suicide or suicidal behavior (generic causation); (3) Neurontin caused Susan Bulger to commit suicide (specific causation); and (4) the amount of compensatory damages, if any.

Moreover, under the United States Supreme Court's rulings in *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), such evidence lacks a sufficient nexus with the conduct that allegedly caused Plaintiff's damages in this case and, therefore, is inadmissible on the issue of punitive damages.[2] *See* Defendants' Motion *in Limine* on Marketing and Other Conduct at Part III. In particular, the Supreme Court made clear in *Campbell* that dissimilar conduct has no place in the analysis of a defendant's reprehensibility for purposes of punitive damages. *See Campbell*, 538 U.S. at 422-23. However, in the event that the Court determines that any of the evidence that Pfizer seeks to exclude is relevant to the issue of punitive damages, and only to the issue of punitive damages, it would be extremely

---

[1] *See* Mem. of Law in Supp. of Defs.' Mot. *in Limine* to Exclude Evidence of Marketing or Advertising Materials and Conduct, David Franklin and the Franklin Litigation, and Other Claims or Actions ("Defendants' Motion *in Limine* on Marketing and Other Conduct"); Mem. of Law in Supp. of Defs.' Mot. *in Limine* to Exclude all Evidence of or References to Warner-Lambert Company LLC's Guilty Plea or any Related Government Investigations or Agreements.

[2] Defendants maintain that there is no evidence of the intentional conduct or gross negligence required to award punitive damages for wrongful death under Massachusetts law, *see* Mass. Gen. Laws Ann. ch. 229, § 2 (West 2000). *See* Defs.' Trial Br. at Part V.A. However, should this Court determine that Plaintiff's punitive damages claim remains viable, it should bifurcate trial of that claim to protect Pfizer from any undue prejudice.

prejudicial to Pfizer for the jury to hear such evidence while considering liability for compensatory damages.[3]

Courts have repeatedly recognized that, when the jury will be asked to consider evidence that is relevant only to punitive damages, bifurcation is the "preferred method" of handling punitive damages claim, and is proper under Rule 42(b) in the interests of convenience, avoiding prejudice, or expediting and economizing trial. *See Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 373-74 (2d Cir. 1988). Here, Pfizer would be substantially prejudiced if Plaintiff's compensatory and punitive damages claims were tried at the same time because evidence relevant only to the issue of punitive damages would unfairly prejudice the jury's determination of compensatory liability. *See Horney v. Westfield Gage Co.*, 77 F. App'x 24, 35 (1st Cir. 2003). Moreover, bifurcation of punitive damages would be convenient, expedient, and efficient because a verdict for Pfizer as to compensatory damages would obviate any punitive damages phase of trial. Bifurcation would thus be especially appropriate in light of Plaintiff's lack of evidentiary support for his punitive damages claim.

The Court should therefore order bifurcated trial as follows:

Phase One: During this Phase, the parties would present their cases concerning Pfizer's alleged liability to Plaintiff for compensatory damages. Evidence deemed admissible only on the issue of punitive damages would be precluded. At the close of this Phase, the jury would render its verdict as to whether Pfizer is liable to Plaintiff for compensatory damages and determine the amount of such damages. If, and only if, the jury finds Pfizer liable in Phase One, such trial would proceed to Phase Two.

Phase Two: During this Phase, the parties would present their cases concerning Pfizer's alleged liability for punitive damages. If Plaintiff produces sufficient evidence of the conduct required to award punitive damages, *see* Mass. Gen. Laws Ann. ch. 229, § 2 (West 2000), the jury would then be permitted to consider the amount of such an award.

---

[3] Because the prejudice that bifurcation seeks to avoid flows primarily from what evidence is deemed admissible to prove Plaintiff's claims for compensatory and punitive damages, Pfizer reserves the right to withdraw the instant motion pending this Court's decision on its various motions *in limine.*

3

This trial plan is consistent with approaches other district courts have taken to avoid unfair prejudice to defendants and expedite trial. *See, e.g., North Dakota Fair Hous. Council, Inc. v. Allen*, 298 F. Supp. 2d 897, 899 (D.N.D. 2004); *Scheufler v. Gen. Host Corp.*, 895 F. Supp. 1411, 1413-14 (D. Kan. 1995). Because Pfizer will suffer substantial prejudice by the joint trial of Plaintiff's claims, bifurcation of Plaintiff's punitive damages claim is proper.

## ARGUMENT

### THIS COURT SHOULD ORDER BIFURCATED TRIAL OF PLAINTIFF'S PUNITIVE DAMAGES CLAIM IN THE INTERESTS OF AVOIDING PREJUDICE AND EXPEDITING AND ECONOMIZING TRIAL

This Court should order that Plaintiff's punitive damages claim be tried in a separate phase of the trial pursuant to Federal Rule of Civil Procedure 42(b), which provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). The decision to bifurcate is within the discretion of the district judge. *See Kisteneff v. Tiernan*, 514 F.2d 896, 896-97 (1st Cir. 1975). "In making this determination on a case by case basis, the 'major consideration is directed toward the choice most likely to result in a just [and] final disposition of the litigation.'" *Hewlett-Packard Co. v. Genrad, Inc.*, 882 F. Supp. 1141, 1157 (D. Mass. 1995) (citations omitted).

Courts have long held that bifurcation is "the preferred method of accommodating the various interests" implicated by trial of punitive damages claims. *Smith*, 861 F.2d at 373-74; *accord Shugart v. Cent. Rural Elec. Coop.*, 110 F.3d 1501, 1504 (10th Cir. 1997) (finding no error in bifurcating punitive damages "'even when such procedure is contrary to state law'" (citation omitted)). Indeed, bifurcation is to "'be encouraged where experience has demonstrated its worth.'" *Chapman ex rel. Chapman v. Bernard's Inc.*, 167 F. Supp. 2d 406, 417 (D. Mass. 2001) (quoting Fed. R. Civ. P. 42 1966 advisory committee's note). Thus, to avoid prejudice and promote efficiency, the Court should bifurcate the trial of Plaintiff's punitive damages claim in accordance with the trial plan outlined above.

4

Bifurcation of Plaintiff's punitive damages claim is warranted due to the substantial risk of prejudice flowing from an unphased trial. *See Hewlett-Packard*, 882 F. Supp. at 1157. There is a significant risk that the jury will "place all the evidence of Defendants' wrongful conduct on the scale when determining whether Plaintiffs met their burden of proof on the issues of liability and compensatory damages." *Hall v. Babcock & Wilcox Co.*, 69 F. Supp. 2d 716, 733 (W.D. Pa. 1999) (ordering new trial of toxic tort case because of prejudice to defendants resulting from failure to bifurcate punitive damages). Even where "the jury [is] not specifically instructed on the matter of punitive damages prior to their initial deliberations," the defendant is prejudiced by the admission of evidence that relates "only to a punitive damage award." *Id.* Indeed, "the prejudice suffered by Defendants as a result of the introduction of [punitive damages] evidence in the liability and compensatory damage phase of this case [would] outweigh[] any inconvenience suffered by Plaintiff[]." *Id.* Conversely, "[b]ifurcation would ... prevent possible prejudice to the defendant," as it "would eliminate any possibility that the jury could consider the evidence for an improper purpose." *Scheufler*, 895 F. Supp. at 1414.

Courts have recognized, for example, that even if evidence of a defendant's net worth is deemed relevant and admissible with respect to a claim for punitive damages (and Pfizer has demonstrated that it should not be here),[4] such evidence "can have an adverse effect on jury deliberations concerning liability and compensatory damages." *North Dakota Fair Hous.*, 298 F. Supp. 2d at 899. Indeed, "it often would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages." *Smith*, 861 F.2d at 373-74; *accord Spears v. Adamson*, No. 3:04-CV-00087-LRH-RAM, 2009 WL 948544, at *1 (D. Nev. Apr. 6, 2009) ("The presentation of evidence relating to Plaintiff's financial status is likely to unnecessarily confuse and mislead the jury . . . ."). The First Circuit has echoed these concerns, noting that even where a plaintiff lacks any basis to seek an award of

---

[4] *See* Mem. of Law in Supp. of Defs.' Mot. *in Limine* to Exclude Various Evidence, References, and Arguments at 2-3.

punitive damages, the plaintiff may nevertheless "'put before the jury evidence that the defendant has a deep pocket and therefore should be made to pay a large judgment regardless of any nice calculation of actual culpability.'" *Horney*, 77 F. App'x at 35 (quoting *Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir. 1996)). Because of this substantial prejudice to Pfizer and the lack of any "reason to believe that bifurcation would prejudice the plaintiff[]," *Scheufler*, 895 F. Supp. at 1414, this Court should order bifurcation of Plaintiff's punitive damages claim.

The reasoning behind the decisions discussed above extends to any evidence that is deemed relevant only to the issue of punitive damages, but irrelevant and prejudicial if heard by the jury when deciding liability for compensatory damages. Under such circumstances, the only way to avoid prejudice to the defendant is bifurcation.

Bifurcation of punitive damages would also expedite trial, because "[t]he jury would not need to consider [punitive damages] if no actual damages are awarded, which would save trial time and the expense of putting on the additional evidence." *Scheufler*, 895 F. Supp. at 1414; *see also* Fed. R. Civ. P. 42(b) (bifurcation is appropriate "to expedite and economize"). Such promotion of efficiency is especially warranted here, where the evidentiary support for Plaintiff's punitive damages claim is thin, at best, and the Court can avoid the needless presentation of that evidence by bifurcating the trial. Moreover, in the event that "a second phase becomes necessary, no duplication of evidence would be required because the same jury would hear both phases of trial." *Scheufler*, 895 F. Supp. at 1414. Indeed, "[t]rial of the punitive damages issue would require different witnesses and different exhibits," and "[t]o the extent that there is overlap of witnesses, the substance of their testimony would be different." *Id.*

Finally, bifurcation of punitive damages would not present any risk of "violating the Seventh Amendment by subjecting jury determinations made at the first phase to reevaluation at the second phase." *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 91 n.30 (D. Mass. 2005) (Saris, J.); *see also* Fed. R. Civ. P. 42(b) (requiring that the "court must preserve any federal right to a jury trial"). As an initial matter, because the same jury would be empanelled for both phases, *see North Dakota Fair Hous.*, 298 F. Supp. 2d at 899, there would

6

be no risk of reevaluation by a second jury. Moreover, in the event the jury renders a verdict for Plaintiff in the first phase, it would not need to reconsider its first phase findings in the second phase, as the elements of a punitive damages claim are distinct from Plaintiff's underlying claims of compensatory liability. *See Scheufler*, 895 F. Supp. at 1414 (holding that "the issues for determination of punitive damages are distinct from the issues involved in the actual damages determination"). Accordingly, because all of the Rule 42(b) factors counsel in favor of separate trial of punitive damages, this Court should order the bifurcation of that claim.

## CONCLUSION

For the foregoing reasons, this Court should order a bifurcated trial of Plaintiff's punitive damages claim, as set forth above.

Dated: June 22, 2009 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　　　　　　MEAGHER & FLOM LLP

　　　　　　　　　　　　　　　　　　　　By:　/s/ Mark S. Cheffo
　　　　　　　　　　　　　　　　　　　　　　　Mark S. Cheffo

　　　　　　　　　　　　　　　　　　　　Four Times Square
　　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　Tel: (212) 735-3000

　　　　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　BOIES, SCHILLER & FLEXNER LLP

　　　　　　　　　　　　　　　　　　　　By:　/s/ William S. Ohlemeyer
　　　　　　　　　　　　　　　　　　　　　　　William S. Ohlemeyer

　　　　　　　　　　　　　　　　　　　　333 Main Street
　　　　　　　　　　　　　　　　　　　　Armonk, NY 10504
　　　　　　　　　　　　　　　　　　　　Tel: (914) 749-8200

　　　　　　　　　　　　　　　　　　　　　　　-and-

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
     Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel: (816) 474-6550

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
     David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 22, 2009.

/s/ David B. Chaffin
David B. Chaffin