UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
                         :
In re:   NEURONTIN MARKETING,       :
         SALES PRACTICES AND       :
         PRODUCTS LIABILITY LITIGATION  :
                         :
---------------------------------------------------------------x
                         :
THIS DOCUMENT RELATES TO:      :
                         :
*Egilman  v. Pfizer Inc.,* 1:07-11426-PBS  :
                         :
                         :
---------------------------------------------------------------x

MDL Docket No.: 1629

Master File No.: 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION TO SUPPLEMENT HIS TRIAL TESTIMONY**
**DESIGNATIONS FOR THE JULY 27, 2009 TRIAL OF THIS ACTION**

Plaintiff, by and through his attorneys, The Lanier Law Firm, P.L.L.C. and Finkelstein &

Partners, LLP, respectfully request that this Court allow Plaintiff to supplement their trial

testimony designations with a few short excerpts that were inadvertently not included in his

revised submission.  Plaintiff requested that Defendants' agree to the supplementation on  June

29, 2009, (Declaration of Andrew G. Finkelstein, Ex. A.), and after waiting eight days,

Defendants rejected Plaintiff's request (Finkelstein Decl., Ex. B ). Consequently,  Plaintiff is

compelled to seek this Court's assistance.

**ARGUMENT**

A district judge exercises broad discretion when supervising the discovery process.  *Arzuaga-*

*Perello v. Shell Co. (Puerto Rico),* 1999 U.S. App. LEXIS 2162 (1st Cir. 1999); *Cruden v. Bank*

*of New York,* 957 F.2d 961, 972 (2d Cir. 1992).  The First Circuit will intervene concerning the

trial court's discretion "'only upon a clear showing of manifest injustice, that is, where the lower

court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved

party'" *Arzuaga-Perello* at *2, (citing to *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86,

91 (1st Cir. 1996)).   In deciding whether to allow late disclosures consideration is given

"plaintiffs' need for each of the expert's testimony, the justifications for the late disclosures as

well as defendants' ability to overcome the adverse effects of the late and inadequate

disclosures." *Coons v. Chapman Corp.,* 2007 U.S. Dist. LEXIS 95963 at *12 (D. Mass 2007).

On June 9, 2009, this Court issued an Electronic Order, which in regard to Defendants'

motion to strike Plaintiff's disclosure, trial exhibits, etc., states:

> In the three week trial, **each side will have about 21 trial hours for direct, cross, redirect, re-cross. In light of these time limitations, each party shall designate a realistic list of documents and witnesses** (including the amount of time needed for direct examination for each witness).   No new fact or expert witnesses are permitted.   Plaintiff is limited to his January, 2008 damage theory. I strike the request to admit excerpt [*sic*] with respect to authenticity.   The request to remove evidence related to national marketing is denied.

On June 12, 2009, Plaintiff sought a continuance of the trial in part because Plaintiff

argued that Plaintiff's counsel did not have ample time to adequately review and redesignate

their list of documents, deposition designations and witness list in light of the Court's June 9,

2009 Order. ECF Doc # 1830.   Plaintiff's application for a continuance was denied.   Thereafter,

on June 22, 2009 and in compliance with the above order, Plaintiff resubmitted a pared down list

of trial testimony designations.   Due to the time limitations allotted by the Court for this

resubmission, Plaintiff inadvertently failed to include the following designations for the

deposition testimony of the  witnesses below:

1)      Michele Meagher (sales representative to Susan Bulger's prescribing physician Goldman,

M.D.) - 19 [9-16]; 19 [25]; 20 [2-3]; 20 [13 - 19]; 49 [14-21]; 50 [3 - 11]; 51 [24 - 25]; 52 [2-9]

2)      Richard Goldman, M.D. (Susan Bulger's prescribing physician) - 172 [17 - 24]; 173 [1-4]; 173 [6-24]; 174 [1-11]; 174 [14-24].

An annotation report which contains the full citation of the supplemented testimony noted above illustrates the brevity, but importance to many salient issues, of the testimony which Plaintiff requires to add to his trial designations. Finkelstein Decl., Ex. C.

This testimony pertains specifically to Susan Bulger's prescriber (Goldman, M.D.) and his direct contact with Defendants' sales representative (Michele Meagher).  Dr. Goldman's testimony confirms that he was detailed by the sales representative, and Ms. Meagher's proposed testimony confirms she did not disclose suicidality risks to him.  Dr. Goldman is deceased and Ms. Meagher is outside the jurisdiction of the Court.  Thus, Plaintiff has no other means of submitting this testimony for trial.  Plaintiff will be severely prejudiced if the Court does not allow the amendment of Plaintiff's trial designations to include this testimony.

Defendants will not be prejudiced in regard to the supplement in light of the limited nature of the supplemented designations and that Defendants attended the depositions and therefore had ample notice of same.  Moreover, Plaintiff offered Defense counsel two weeks or more to file objections to this limited testimony.  Plaintiff remains amenable to Defendants' supplementing their trial designations in order to oppose Plaintiff's supplemented designations which are the subject of this motion.

**CONCLUSION**

Plaintiff   respectfully requests that this Court allow Plaintiff to supplement his trial testimony designations with a few short excerpts as noted above, which were inadvertently not

included in its revised trial testimony designations.

Dated:  July 9, 2009                          Respectfully submitted,


                                        By:    **/s/ W. Mark Lanier**
                                              W. Mark Lanier, Esquire
                                              THE LANIER LAW FIRM, P.L.L.C.
                                              126 East 56th Street, 6th Floor
                                              New York, NY  10022


                                        By:    **/s/ Andrew G. Finkelstein**
                                              Andrew G. Finkelstein, Esquire
                                              Finkelstein & Partners, LLP
                                              1279 Route 300, P.O. Box 1111
                                              Newburgh, NY  12551
                                              Attorneys for Plaintiff David Egilman

### CERTIFICATE OF SERVICE

        I hereby certify that this document filed through the ECF system has been served
pursuant to Case Management Order No. 3 on July 9, 2009.


                                               **/s/ Andrew G. Finkelstein**
                                              Andrew G. Finkelstein, Esquire