UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
: MDL Docket No. 1629
In re:  NEURONTIN MARKETING, :
        SALES PRACTICES AND : Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
---------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
*Egilman v. Pfizer Inc.*, 1:07-cv-11426-PBS :
:
---------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION REQUESTING CLARIFICATION
OF JUDGE SARIS'S ELECTRONIC ORDER OF
JUNE 9, 2009 REGARDING NO "NEW" WITNESSES**

Plaintiff David Egilman (hereinafter "Plaintiff"), as Administrator of the Estate of Susan Bulger, deceased, by and through his attorneys, The Lanier Law Firm, P.L.L.C. and Finkelstein & Partners, LLP, respectfully moves for clarification of the June 9, 2009 Order of Judge Saris in reference to no "new" witnesses.

On June 9, 2009, this Court issued an Electronic Order, which in regard to Defendants' motion to strike Plaintiff's disclosure, trial exhibits, etc., states:

> In the three week trial, **each side will have about 21 trial hours for direct, cross, redirect, re-cross. In light of these time limitations, each party shall designate a realistic list of documents and witnesses** (including the amount of time needed for direct examination for each witness). No new fact or expert witnesses are permitted. Plaintiff is limited to his January, 2008 damage theory. I strike the request to admit excerpt [*sic*] with respect to authenticity. The request to remove evidence related to national marketing is denied.

Plaintiff seeks clarification to confirm that witnesses Susan Murphy and Michael Cennami are not "new" witnesses encompassed by the aforementioned Electronic Order.

**BACKGROUND**

On January 25, 2008, Plaintiff served Defendants with a Rule 26 Disclosure which listed under section A12, that friends and family of the Bulger family would be witnesses in this case. Declaration of Andrew G. Finkelstein, Ex. A.  Moreover, Defendants have been aware for more than a year of these witnesses. On May 8, 2008 during the deposition testimony of Ronald Bulger, Jr., Defendants were apprised of the fact that Susan Murphy(who ran gift shop where Plaintiff's decedent worked and was a friend of, and knew Susan Bulger well) and Michael Cennami (best friend of Ronald Bulger, Jr.) were potential witnesses to this action. Finkelstein Decl., Ex. B.

Ronald Bulger testified that Michael Cennami was his best friend and that Cennami and his mother, Susan Murphy, knew Plaintiff's decedent  well:

Q. Any other close friends?

A. Michael Cennami.

Q. And could you spell that, please?

A. C-E-N-N-A-M-I.

Q. Where does Michael live?

A. In Peabody.

Q. How long has Michael been your close friend?

A. About ten years maybe, twelve. He knew my mom very well.

Q. Did any of your other friends know your mother really well?

A. No.

Q. Just Michael Cennami?

> 10 A. Yes.
>
> Q. Do you know what his address is?
>
> A. 27 Bowen Road, I believe. His mother was also good friends with my mother. Finkelstein Decl., Ex. B at 11:20-12:13

Further, Susan Murphy is Michael Cennami's mother and she and Plaintiff's decedent were friends and worked together at a gift shop:

> Q. At the time of your mother's death, was the woman that you indicated before, Susan Murphy, her close friend?
>
> A. Which woman did I indicate?
>
> Q. You said your friend is Michael Cennami?
>
> A. Yes.
>
> Q. Is that right?
>
> A. Yes.
>
> Q. And what is his mother's name?
>
> A. Susan Murphy.
>
> Q. Okay. And you said Susan Murphy was your mother's friend?
>
> A. Yes.
>
> Q. Was she your mother's close friend at the time of your mother's death?
>
> A. Not very close, but they knew each other well. My mother worked in a gift shop at the Sheraton Ferncroft, she attempted to.
>
> Q. Did Susan work with your mother?
>
> A. She managed the gift shop.  Ex. B at 26:11-27:7.

Further, Defendants were well aware that the witness, Susan Murphy had seen Susan Bulger shortly before her death and perhaps had information pertinent to this case:

>Q. Has anyone come and told you "oh, I just saw your mother a week before" or a couple days before her death?
>
>A. Susan Murphy, I believe, spoke with her about a week or two before.
>
>Q. And she told you about that?
>
>A. Yeah, no specifics, she just said "I talked to her not that long ago." Ex. B at 99:10-17.

Further, on May 22, 2009, Plaintiff served a further supplemental Rule 26 Disclosure which provided notice to Defendants that friends and family of the Bulger family including Michael Cennami and Susan Murphy were fact witnesses in this action. Finkelstein Decl., Exhibit C at 10 and 11. Moreover, on June 22, 2009, Plaintiff served Defendants with their designations for trial and included Michael Cennami and Susan Murphy as witnesses. Finkelstein Decl., Ex. D at 19 and 20. These witnesses are not new witnesses, Defendants cannot claim surprise because the identities of these witnesses was disclosed well over a year ago during the deposition testimony cited above. Moreover, in relation to witness Susan Murphy, in Plaintiff's response to defendant's supplemental interrogatory, No. 1, Plaintiff provided the name of Susan Bulger's employer --- the Smith Gift shop --- that was managed by Susan Murphy, one of the witness in question. Finkelstein Decl., Ex. E.

Additionally, Defendants were well aware that Plaintiff intended to call upon friends and family in support of his claims in this actions. These witnesses are particularly important because the testimony which they will provide in trial contradicts the testimony of Defendants' **new witnesses** who are the subject of this Court's gag order. Defendants will not experience any prejudice from allowing these two witnesses because, as noted above, Defendants had ample notice of their existence and relevance to this action and chose not to depose these witnesses.

**CONCLUSION**

Plaintiff respectfully requests that this Court provide clarification that by new witnesses, the Court did not mean the two witnesses Susan Murphy and Michael Cennami of which Defendants had ample notice through Plaintiff's initial and supplemental Rule 26 disclosure and the deposition testimony of Ronald Bulger, Jr.

Dated:  July 9, 2009                              Respectfully submitted,

                          By:     **/s/ W. Mark Lanier**
                                W. Mark Lanier, Esquire
                                THE LANIER LAW FIRM, P.L.L.C.
                                126 East 56th Street, 6th Floor
                                New York, NY  10022

                          By:     **/s/ Andrew G. Finkelstein**
                                Andrew G. Finkelstein, Esquire
                                Finkelstein & Partners, LLP
                                1279 Route 300, P.O. Box 1111
                                Newburgh, NY  12551

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 9, 2009.

                                **/s/ Andrew G. Finkelstein**
                                Andrew G. Finkelstein, Esquire