EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

230337-06

------------------------------------------------x

In re: NEURONTIN MARKETING,
SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

------------------------------------------------x

THIS DOCUMENT RELATES TO:

RONALD J. BULGER, SR., as Administrator of the

Estate of SUSAN BULGER, deceased

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

07 CA 11426 PBS

------------------------------------------------x

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL INTERROGATORIES TO PLAINTIFF

Set forth below is Defendants' Supplemental Interrogatories to Plaintiff, Plaintiff's corresponding objections, and Plaintiff's responses.

## OBJECTIONS PERTAINING TO ALL INTERROGATORIES

## (GENERAL OBJECTIONS)

1.  Plaintiff, by his/her attorneys, FINKELSTEIN & PARTNERS, LLP, hereby responds and objects to Defendants' Supplemental Interrogatories to Plaintiff dated July 1, 2008. These responses and objections are made without in any way waiving or intending to waive, but on the contrary reserving and intending to reserve, the right to object on any additional ground at any time to a demand for further response, and the right at anytime to revise, supplement, correct, or add to these responses and objections.

2.      Plaintiff objects to the definitions and instructions set forth in the Interrogatories propounded by Defendants. Plaintiffs object to the instructions on the ground that the relevant provisions of the Federal Rules of Civil Procedure provide all instructions recognized under Federal law with respect to answering or responding to Interrogatories. Plaintiffs object to the definitions because they are superfluous, overly broad, cause the scope of the discovery requests to be expanded to such an extent that they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure 26 and 33, and sweep within their scope information which would otherwise be privileged under all subparts of Federal Rules of Civil Procedure 26(b)(2), (3), (4) and the relevant provisions of Federal Rules of Evidence 501. In answers to these Interrogatories, all words have been defined pursuant to their common English definition. These Interrogatories will be responded to pursuant to the instructions set forth by the Federal Rules of Civil Procedure.

3.      Plaintiff objects to the Interrogatories to the extent they seek witnesses and/or information that is protected from disclosure by various privileges or immunities, including attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity.

4.      Plaintiff objects to the Interrogatories to the extent that they seek to impose discovery obligations on the Plaintiff broader than, or inconsistent with, those set forth in the Federal and Local Rules of Civil Procedure or any other applicable rules.

5.      Any statement by the Plaintiff to the effect that the Plaintiff will provide information responsive to any individual Interrogatory should not be construed to

2

mean that any responsive information exists. The Plaintiff does not concede that any of the witnesses named in response to these Interrogatories have information that is relevant or material to the subject matter of this litigation, or reasonably calculated to lead to discovery of admissible evidence. The Plaintiff reserves the right to object to the admissibility at trial of any of the information provided in response to these Interrogatories.

6. The Plaintiff objects to the Interrogatories to the extent they call for witnesses and/or information that is neither relevant to the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7. The Plaintiff objects to the Interrogatories to the extent that they are not limited to a particular time period. As such, the Interrogatories are overly broad, unduly burdensome and seek information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

8. The Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, and/or incomprehensible, requiring the Plaintiff to engage in conjecture as to their meaning.

9. All General Objections apply to each individual Interrogatory without reiteration in the response thereto. Reference to a General Objection in a response, is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any Interrogatory.

10. In providing these responses, the Plaintiff specifically does not intend to stipulate to the admissibility of any statement or subject matter contained or referenced to in any request or response. Rather, the Plaintiff expressly reserves and does not waive all available objections as to competency, relevance, materiality,

3

privilege and admissibility of this information for any purpose in any further proceeding in this action.

## SPECIFIC RESPONSES AND OBJECTIONS

### SUPPLEMENTAL INTERROGATORY NO. 1:

Describe in detail any and all employment of Ron Bulger, Sr. and/or Susan Bulger, including but not limited to, the sources of all income received and/or reported on the attached income tax returns from 2002-2005. In responding, for each and every period of employment, please include a full and complete description regarding the nature and type of employment, any/all supervisors, the locations at which the work was done, and the precise dates (*e.g.* day/month/year) of employment.

### RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 1:

In addition to the General Objections, the Plaintiff objects to Supplemental Interrogatory No. 1 on the ground that it seeks information that is unduly burdensome, and that the request to identify "any/all supervisors" is overly broad. Plaintiff further objects to this request because it seeks, in part, irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and that the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to the request because it seeks, in part, Plaintiff Ronald Bulger, Sr.'s employment information, which is irrelevant to this action.

The Plaintiff further objects to this request as largely duplicative, as decedent's employment information was previously disclosed in Plaintiff's Response to Defendants' First Set of Interrogatories, Interrogatory #3.

4

Without waiving the foregoing objections, Plaintiff agrees to identify the name and address of decedent's employers, the inclusive dates of each period of employment, the nature of decedent's work with each employer, and her immediate supervisors.

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and/or knowledge the decedent was self-employed as a health aide from 2002 until 2004.

Decedent was also at WH Smith Gift Shop, Sheraton Hotel, 50 Ferncroft St, Danvers, MA 01923 during 2003 as a sales person.

During 2002 through 2005, decedent also received Social Security Disability payments.

Plaintiff has no further information responsive to the request.

### SUPPLEMENTAL INTERROGATORY NO. 2:

Please identify any/all insurance policies held by Ronald Bulger, Sr. or Susan Bulger, and all insurance policies of which Ronald Bulger, Sr., Ronald Bulger, Jr. or Regina Bulger was a beneficiary, including but not limited to life insurance and/or accident insurance.

### RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 2:

In addition to the General Objections, the Plaintiff objects to Supplemental Interrogatory No. 2 on the ground that it is overly broad and unlimited in scope and time. The Plaintiff further objects to the request on the ground that it is unduly burdensome, oppressive and, to the extent that it seeks records concerning any and all insurance policies of any kind and is remote in time, and irrelevant to this action.

The Plaintiff further objects to the request because it seeks, in part, insurance

policy information concerning family members other than the decedent, which is irrelevant to this action.

The Plaintiff further objects to this request as largely duplicative, as decedent's medical insurance information was previously disclosed in Plaintiff's Response to Defendants' First Set of Interrogatories, Interrogatory #24.

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and/or knowledge, there were no life insurance and/or accident policies insuring decedent at the time of her death.

Dated: July //, 2008

FINKELSTEIN & PARTNERS, LLP

*Kenneth B. Fromson/mkt*
KENNETH B. FROMSON, ESQ.
Attorneys for Plaintiff
1279 Route 300
PO Box 1111
Newburgh, N.Y. 12551

TO:
Shook, Hardy & Bacon
Attorneys for Defendants
2555 Grand Blvd
Kansas City, MO 64108-2613

Davis Polk & Wardwell
Attorneys for Defendants
450 Lexington Avenue
New York, NY 10017

6



STATE OF  MA        )
                            ) ss:
COUNTY OF ESSEX   )

    RONALD J. BULGER, SR., being duly sworn, depose and says that he is the plaintiff herein and has read the foregoing Plaintiff's Responses to Defendants' Interrogatories and knows the contents thereof and the same is true to his knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

                                                                            RONALD J. BULGER, SR.

Sworn to before me this
\_10\_ day of July, 2008

_____
Notary Public

WILMA MAHONEY MCDONALD
Notary Public
Commonwealth of Massachusetts
My Commission Expires Feb 26, 2010

7

STATE OF NEW YORK
COUNTY OF ALBANY          ss:

MICHELE FAY, being duly sworn says: I am not a party to the action, am over 18 years of age and reside at Watervliet, New York.

On July 11 2008, I served a copy of the annexed **PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL SET OF INTERROGATORIES TO PLAINTIFF** in the following manner:

By mailing same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U. S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

> Shook, Hardy & Bacon
> Attorneys for Defendants
> 2555 Grand Blvd
> Kansas City, MO  64108-2613
>
> Davis Polk & Wardwell
> 450 Lexington Ave
> New York, NY  10017

_____
Michele Fay

Sworn to before me on

11th day of July, 2008

_____
NOTARY PUBLIC

George F. Vanier, Reg 01VE5029823
Notary Public, State of New York
Qualified in Rensselaer County
Commission Expires October 23, 2010