UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------x
:   MDL Docket No.: 1629
In re:  NEURONTIN MARKETING,  :
SALES PRACTICES AND  :   Master File No.: 04-10981
PRODUCTS LIABILITY LITIGATION  :
:   Judge Patti B. Saris
-----------------------------------------------------------------x
:   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:  :
:
*Egilman v. Pfizer Inc.,* 1:07-11426-PBS  :
:
:
:
-----------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR ADDITIONAL TIME TO PRESENT TRIAL TESTIMONY
AT THE JULY 27, 2009 TRIAL OF THIS ACTION**

Plaintiff, by and through his attorneys, The Lanier Law Firm, P.L.L.C. and Finkelstein & Partners, LLP, respectfully request that this Court allow Plaintiff additional time on Wednesday, July 29, 2009 and Monday, August 3, 2009 from 1 pm to 5 pm to present his trial testimony.

**ARGUMENT**

On June 9, 2009, this Court issued an Electronic Order, which in regard to Defendants' motion to strike Plaintiff's disclosure, trial exhibits, etc., states:

> In the three week trial, **each side will have about 21 trial hours for direct, cross, redirect, re-cross. In light of these time limitations, each party shall designate a realistic list of documents and witnesses** (including the amount of time needed for direct examination for each witness). No new fact or expert witnesses are permitted. Plaintiff is limited to his January, 2008 damage theory. I strike the request to admit excerpt [*sic*] with respect to authenticity. The request to remove evidence related to national marketing is denied.

On or about June 19, 2009, in compliance with the above order, Plaintiff resubmitted to Defendants a pared down list of trial testimony designations and Plaintiff's witness list. Plaintiff made good faith efforts to abide by the time limitations allotted by the Court for this

resubmission, notwithstanding Plaintiff's position that Plaintiff would require greater than 21 hours to present direct, re-direct, cross-examination, and rebuttal evidence in this case. Subsequently, at a recent hearing on June 22, 2009, before Judge Saris on a matter brought under seal by Defendants, Plaintiffs were informed that the Court would consider additional trial time on certain afternoons (after its usual 1 pm stop time). In noting the complexity of the case, Judge Saris stated, "[T]his is the first of a major trial involving major scientific issues, and we have two sets of experts, one having to do with the basic causation issue [Dr. Trimble], and one having to do with the basic suicide issue, Dr. Maris." *See* excerpt of Transcript of Judge Saris' Partial Hearing on Motion on June 22, 2009 at 6:22-25, attached as Exhibit A to the Declaration of Andrew G. Finkelstein, Esq., submitted herewith.

Excluding Plaintiff's deposition video designations, Plaintiff's revised "live" witness list provides for over 18 witnesses and over eleven hours of testimony. The Court's present schedule of 9 a.m. – 1 p.m. will not provide adequate time for Plaintiff to present his case-in-chief, let alone time for Defendants' anticipated cross-examination during such a limited daily period. Accordingly, Plaintiff is requesting that Judge Saris permit Plaintiff additional time to present trial testimony on Wednesday, July 29, 2009 and Monday, August 3, 2009 from 1 pm to 5 pm.

## CONCLUSION

Plaintiff respectfully requests that this Court allow Plaintiff additional time for trial testimony.

Dated: July 10, 2009  Respectfully submitted,

By: **/s/ W. Mark Lanier**
W. Mark Lanier, Esquire
THE LANIER LAW FIRM, P.L.L.C.
126 East 56th Street, 6th Floor
New York, NY  10022

By: **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
1279 Route 300, P.O. Box 1111
Newburgh, NY  12551

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 10, 2009.

**/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire