UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | : | |
|---|---|---|
| In re:   NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | : : : | MDL Docket No. 1629 Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | : : : | Judge Patti B. Saris Magistrate Judge Leo T. Sorokin |
| *Bulger v. Pfizer Inc., et al.* Case No. 1:07-cv-11426-PBS | : : : | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION THAT JUDGE SARIS'S ELECTRONIC ORDER OF JUNE 9, 2009 REGARDING NO "NEW" WITNESSES DID NOT APPLY TO WITNESSES SUSAN MURPHY AND MICHAEL CENNAMI

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully request that the Court deny Plaintiff's motion for "clarification" that the Court's Order of June 9, 2009, providing that "[n]o new fact or expert witnesses are permitted," does not apply to witnesses Susan Murphy and Michael Cennami.

### INTRODUCTION

Notwithstanding this Court's unequivocal Order on Pfizer's emergency motion to strike Plaintiff's late disclosed witnesses, Plaintiff seeks to introduce at trial two of those witnesses, both of whom were, by his own admission, known at all times to Plaintiff's predecessor, Ronald Bulger, Sr., but never disclosed during discovery as witnesses on whom Plaintiff would rely, and never deposed. Plaintiff's motion is untimely and unsupported and should be denied.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On May 22, 2009, the same day that Plaintiff served trial designations, including a live witness list, Plaintiff served supplemental disclosures identifying both expert and fact witnesses never previously disclosed as persons that Plaintiff might rely on in support of his claims. On May 28, Pfizer moved the Court to strike the new witnesses. Pfizer asserted:

> In addition to Dr. Egilman, Plaintiff identified a host of fact witnesses who were not previously disclosed and have not been deposed in this litigation, including: *Michael Cennami*, *Susan Murphy*, Fran Pacillo, Kelly Gates, Becky Baker-Warry, Matt Fleming, Richard Evans, and nine representatives of the Peabody Police Department and Peabody Fire Department.

(Pfizer Mem. in Support of Motion to Strike [1799-1] at 10 (emphasis added); *see also id.* at 11 (requesting that "all newly identified witnesses and documents should be stricken").)

On June 5, in his opposition to Pfizer's motion to strike the new witnesses, Plaintiff argued that his late disclosures were proper and not prejudicial:

> Here, Plaintiff supplemented his Rule 26 disclosures more than 60 days before trial, *and also did so within 30 days of learning of the information* (which is consistent with the Court's CMO # 3). Defendants do not point to any order of this Court or statutory authority or regulation which prevents Plaintiff from supplementing his Rules 26 Disclosures and Interrogatories. Defendants' motion to strike Plaintiff's supplemental disclosures should be denied.
>
> . . . Defendants have ample time to depose these individuals 'at their election' (if the Court allows) prior to trial on July 27, 2009.

(Pl. Opp. to Mot. to Strike [1822] at 14, 16 (emphasis added).) Plaintiff did not assert any of the arguments he makes now about witnesses Murphy and Cennami. Indeed, Plaintiff's contention in support of the instant motion that *Defendants* knew about these witnesses based on Mr. Bulger, Jr.'s deposition testimony completely contradicts his representation in his June 5 opposition that Plaintiff was disclosing Murphy, Cennami, and the other new witnesses "within 30 days of learning of [them]." (*Id.* at 14.)

On June 9, this Court issued its Order on Pfizer's motion to strike, setting a 21-hour time limit per side for trial, directing the parties to "designate . . . realistic list[s] of documents and witnesses," and ordering that "*[n]o new fact or expert witnesses are permitted.*" (6/9/09 Electronic Order (emphasis added).) The Court did not qualify its preclusion of "new" witnesses or provide any exception for any of the newly disclosed witnesses identified in Pfizer's motion.

On June 19, the parties exchanged revised trial witness lists. Plaintiff's list again included Murphy and Cennami. Pfizer's counsel advised Plaintiff's counsel the same evening that it was Pfizer's understanding that Murphy and Cennami, along with the other newly

2

disclosed witnesses identified in Pfizer's May 28 motion to strike, were subject to the Court's June 9 Order precluding new witnesses.  (*See* Exh. A, 6/19/09 and 6/20/09 Cheffo emails.) Plaintiff did not agree and included Murphy and Cennami in the witness list filed with the Court on June 22, 2009.  [1911-1 at 4][1]  Plaintiff's motion followed more than two weeks later.

## ARGUMENT

### I. PLAINTIFF'S MOTION SHOULD BE DENIED AS UNTIMELY

As a threshold matter, Plaintiff's motion is extremely untimely.  Plaintiff waited more than four weeks after this Court entered the June 9 Order and nearly three weeks after counsel for Pfizer advised Plaintiff's counsel of its objection to the re-listing of Susan Murphy and Michael Cennami in Plaintiff's revised witness designations, which were supposed to comply with the June 9 Order.  Now, with less than twenty days before trial, and after the Court has ruled that it will not permit additional depositions, Plaintiff asks the Court to "clarify" that the Order it issued a month ago on Pfizer's emergency motion does not apply to Murphy and Cennami, two of the witnesses that were the subject of Pfizer's motion, based on arguments Plaintiff never even raised before the Court in its opposition to that motion.  The Court's Order was clear and Pfizer has relied on it in preparing for trial.  This Court need not and should not entertain Plaintiff's belated request for clarification to introduce at trial two late disclosed, never deposed witnesses.

### II. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE MURPHY AND CENNAMI ARE NEW WITNESSES SUBJECT TO THE COURT'S JUNE 9 ORDER

None of Plaintiff's arguments support a finding that Murphy and Cennami should be carved out of this Court's June 9 Order precluding Plaintiff from introducing at trial the new witnesses Pfizer identified in its May 28 motion to strike.  Neither Ronald Bulger, Sr.'s generic listing of "[f]riends and family of the deceased" in his Rule 26(a) disclosures, nor Ronald Bulger, Jr.'s brief testimony about Murphy and Cennami satisfied Plaintiff's obligation, under Rule 26,

---

[1] Plaintiff subsequently advised Pfizer that he would not call at trial Fran Pucillo or Kelly Gates, two other newly disclosed witnesses whom Plaintiff included in his June 22nd witness list.

3

to provide the name, address, and telephone number for "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims." Fed. R. Civ. P. 26(a)(1)(A)(i); *see also Lipari v. U.S. Bancorp., N.A.*, No. 07-2146, 2008 WL 2874373, at *2 (D. Kan. July 22, 2008) (finding plaintiff's "generic" descriptions of witnesses and their knowledge failed to satisfy his Rule 26(a) obligations, noting, "[i]t is difficult to understand how [such] generic descriptions . . . could help focus the discovery efforts of Defendants or assist Defendants in determining whether a deposition of a particular listed individual might be necessary").

The law is also clear that Plaintiff cannot remedy his failure to disclose this information during discovery with an eve-of-trial "supplemental disclosure," like that served by Plaintiff on May 22 (the same day the parties exchanged trial witness lists), listing Murphy and Cennami for the first time. *See, e.g.*, *Morris v. Hockemeier*, No. 05-0362-CV-W-FJG, 2007 WL 1040670, at *1-2 (W.D. Mo. Apr. 3, 2007) (striking fact witness included in plaintiff's Rule 26(a)(3) pre-trial witness list but never disclosed in his Rule 26 disclosures or discovery responses); *see also Barlow v. Gen. Motors Corp.*, 595 F. Supp. 2d 929, 935-36 (S.D. Ind. 2009) ("Rule 26(e) was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures.").

Finally, Plaintiff disingenuously argues that he should be permitted to introduce the unknown testimony of Murphy and Cennami to "contradict[] the testimony of Defendants' **new witnesses**." (Pl. Mem. at 4.) Plaintiff once again ignores the fact that Pfizer's "new" witnesses are also individuals who were known to Ronald Bulger, Sr., while he was the prosecuting party, they were discovered as a result of recent events attributable solely to Plaintiff, they were identified as soon as practical after they were discovered, and the reason they were not identified earlier was due to Mr. Bulger's failure to satisfy his discovery and disclosure obligations. Plaintiff's counsel cannot claim surprise from their own lack of diligence in discovery, much less use it to justify additional late disclosures.

In sum, Plaintiff provides absolutely no basis for this Court to find that Murphy and Cennami fall outside the June 9 Order or otherwise permit Plaintiff to introduce them at trial.

## CONCLUSION

For the foregoing reasons, Pfizer respectfully requests that the Court deny Plaintiff's motion to allow Plaintiff to call witnesses Susan Murphy and Michael Cennami at trial.

Dated: July 10, 2009

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

-and-

BOIES, SCHILLER & FLEXNER LLP

By: /s/ William S. Ohlemeyer
    William S. Ohlemeyer

333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

-and-

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
    Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel:  (816) 474-6550

-and-

5

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
    David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on July 10, 2009.

/s/ David B. Chaffin
David B. Chaffin