UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| | Magistrate Judge Leo T. Sorokin |
| *Bulger v. Pfizer Inc., et al.* <br> *Case No. 1:07-cv-11426-PBS* | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT TRIAL TESTIMONY DESIGNATIONS FOR THE JULY 27, 2009 TRIAL OF THIS ACTION**

Defendants Pfizer Inc and Warner-Lambert Company LLC hereby oppose Plaintiff's July 9, 2007 Motion to supplement trial testimony designations. Plaintiff's motion to add this additional testimony comes far too late and far too close to the start of trial to be granted. The time for submitting and responding to deposition designations has long passed. Defendants are once again before this Court in an attempt to defend the integrity of the Court's pre-trial schedule, in the face of yet another attempt to disrupt it.

On May 22, 2009, Plaintiff filed a 350 page list of page-line deposition designations to be used in trial of this case. This testimony alone added up to more than 70 hours of trial time. Defendants moved the Court to strike Plaintiff's overbroad designations. On June 9, the Court ordered the parties to designate a realistic list of pared down documents and testimony. Both sides exchanged re-designated testimony on June 19 and filed objections and counter-designations on June 22 in response.

Plaintiff's argument that this testimony was not included in their June 19 submission due to time limitations imposed by the Court is completely without merit. The time limitations in place were solely the result of Plaintiff's failure to comply with the Court's original pre-trial order to designate meaningful exhibits and testimony. Plaintiff cannot complain that he did not

have enough time to adequately designate when the time limitations imposed on both parties were solely as a result of Plaintiff's failure to play by the rules.

Plaintiff claims that he did not include this additional testimony in his June 19 pared down list "due to the time limitation allotted by the Court for resubmission," implying that the testimony was originally designated and somehow left out of the resubmission process. In fact, this additional testimony was never originally designated. It was not included in Plaintiff's overly broad May 22 designations and it was not included in the June 19 pared down re-designations. Plaintiff's counsel have now had two opportunities to designate deposition testimony and on both occasions failed to use this testimony. This Court should not give them a third try.

Defendants would have no objection if Plaintiff's designations were intended to correct a typographical error or add an omitted line of testimony. However, this supplemental material addresses a subject matter not discussed anywhere else in the designations, a subject matter that Plaintiff opted not to include. Plaintiff's designation of this testimony is not a technical or minor addition of a few lines. To adequately respond to this entirely new subject matter, Defendants will have to file additional counter-designations, including potential counter-designations on this topic from other witnesses. Additionally, Defendants have admissibility objections that will need to be filed if this additional testimony is allowed. This Court set a scheduling order to avoid these types of late designations.

Plaintiff also complains that Defendants took several days to respond to the request to supplement. Plaintiff once again tells the Court half the story. Plaintiff's counsel attached their email request to supplement to their motion but failed to attach the defense response. In a same day response, defense counsel noted that he was traveling and advised Plaintiff to file his motion with the Court. (Exh. A, 6/29/09 Cheffo email.) Defendants are not responsible for Plaintiff's delay in bringing this matter to the Court's attention.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion.

Dated: July 10, 2009

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:   /s/ Mark S. Cheffo
       Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

BOIES, SCHILLER & FLEXNER LLP

By:   /s/ William S. Ohlemeyer
       William S. Ohlemeyer

333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

-and-

SHOOK, HARDY & BACON L.L.P.

By:   /s/ Scott W. Sayler
       Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel: (816) 474-6550

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on July 10, 2009.

/s/ David B. Chaffin
David B. Chaffin