UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------------x
: MDL Docket No.: 1629
In re:   NEURONTIN MARKETING,              :
          SALES PRACTICES AND               : Master File No.: 04-10981
          PRODUCTS LIABILITY LITIGATION   :
: Judge Patti B. Saris
----------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:              :
:
*Egilman v. Pfizer Inc.,* 1:07-11426-PBS     :
:
----------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EMERGENCY
MOTION TO COMPEL DEFENDANTS TO PRODUCE
LLOYD E. KNAPP FOR TRIAL ON JULY 28, 2009**

Plaintiff, by and through his attorneys, The Lanier Law Firm, P.L.L.C., and Finkelstein & Partners, LLP, respectfully move, by emergency motion, for an Order compelling Defendants to produce their designated witness, Lloyd E. Knapp, to appear at the trial of this action at 9:00 a.m. on July 28, 2009, and continuing as necessary.

**INTRODUCTION**

Defendants included Lloyd Knapp in their trial designations as providing live testimony during the trial of this action. Declaration of Andrew G. Finkelstein, Ex. A. In Plaintiff's trial designations, Plaintiff specifically reserved his right to call any witness that Defendants so designated. Finkelstein Decl., Ex. B. The parties have conferred on the issue of Mr. Knapp's testimony and Defendants do not object to producing Mr. Knapp; however, the parties have reached an impasse as to the date/timing of Mr. Knapp's appearance at the trial of this action. Plaintiff seeks to have Mr. Knapp testify on Plaintiff's direct case, on the first day of trial. In fact, Plaintiff anticipates calling Mr. Knapp as his first witness.

Mr. Knapp has held several high level positions with Defendants, including Warner-Lambert, and thus has crucial knowledge concerning both the early and subsequent history of the drug Neurontin. Knapp began his employment with Defendants in June 1976, by working in a "product development function," and was at some point during his tenure appointed as a director of the CNS group involved with extensive activities and programs in relation to Neurontin. Finkelstein Decl., Ex. C. Excerpts of Mr. Knapp's deposition testimony are annexed hereto as Exhibit A, at 19:20-20:3, 71:1-10, 74:18-75:22.

Plaintiff requires Mr. Knapp's appearance on the first full day of trial on July 28, 2009 through July 29, 2009. It is of the utmost importance that Mr. Knapp testify on this date as Plaintiff seeks to open his direct case with Mr. Knapp as one of his initial witnesses. Based upon the Court's scheduling for the trial of this action, Plaintiff anticipates that Mr. Knapp's testimony will be required for July 28 through July 29, 2009. Plaintiff respectfully reminds this Court that due to Judge Saris's previous reference to perhaps clearing some afternoons for additional trial time, ECF Doc. # 1990 at 2, that Plaintiff has requested by motion for the Court to clear the afternoons of 7/28 and 7/29 so that the questioning of witnesses may be completed on those days. ECF Doc. # 1989. Plaintiff submits that by having the trial day extended to 5:00 p.m. on those days would provide the best opportunity for both sides to complete the testimony of Mr. Knapp so that he does not have to return weeks later for Defendants own direct examination.

## ARGUMENT

### POINT I

#### FED. R. CIV. P. 45 ESTABLISHES THE DISTRICT COURT'S AUTHORITY TO ORDER DEFENDANTS' WITNESS LLOYD KNAPP TO TESTIFY DURING PLAINTIFF'S CASE-IN-CHIEF, PARTICULARLY SINCE DEFENDANTS' HAVE DESIGNATED THIS WITNESS TO TESTIFY DURING DEFENDANTS' CASE-IN-CHIEF

The plain language of Fed. R. Civ. P. 45 authorizes subpoenas of a party's corporate officers to testify at trial, even if those officers reside more than 100 miles from the courthouse. The territorial limits on the service of subpoenas contained in subdivision (b), which limits subpoenas to a 100-mile radius of the courthouse **pertains to non-parties only,** and is expressly made contingent on the provisions for motions to quash subpoenas contained in subdivision (c). Indeed, the opening phrase of subdivision (b) establishes this qualification. Fed. R. Civ. P. 45 (c)(3)(A)(ii) specifically prohibits parties and their officers from moving to quash subpoenas based on the distance between the parties' residence and the courthouse:

> On timely motion, the issuing court must quash or modify a subpoena that: . . . requires <u>a person who is neither a party nor a party's officer</u> to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held.

Fed. R.. Civ. P. 45(c)(3)(A)(ii).

Thus, for the qualifying phrase of subdivision (b) to have any meaning, subdivision (b)'s restrictions on service must be limited to individuals who are neither parties nor their officers. Indeed, the majority of courts addressing this issue have so held.

Pertaining to the issue of Rule 45's limitation and its non-application to parties or their offices, Judge G. Thomas Eisele of the United States District Court for the Western District of Arkansas stated:

3

> The majority of courts to consider the issue have held that a court may compel the trial testimony of parties and, where the party is a corporation or entity, the party's high-level employees or officers, even when the person to be compelled resides beyond the 100-mile range for subpoenas.

*American Fed'n of Gov't Employees Local 922 v Ashcroft,* 354 F. Supp. 2d 909, 915 (E.D. Ark. 2003).

In *Barnett v. Merck & Co.*, a Vioxx MDL case, the district court upheld Plaintiff's trial subpoena of one of Merck's principal officers and noted that "the court takes further comfort in knowing that the majority of courts that have been faced with the same issue have ruled likewise." 438 F. Supp. 2d 664, 669 (E.D. La. 2006). In *Ferrell v. IBP, Inc.*, the district court denied defendants' motion to quash subpoenas issued to two officers of the corporation and rejected the principal decision supporting defendants' contrary position, and stated that the decision "does not follow the majority of courts which have addressed the issue." 2000 U.S. Dist. LEXIS 22983 (N.D. Iowa Apr. 28, 2000). More than a dozen courts that have considered the instant issue in dispute of whether a district court's subpoena power reaches beyond district lines and a 130-mile radius for parties and their officers have found the territorial restraint inapplicable.[1]

---

[1] *See, e.g., In re Vioxx Prods. Liab. Litig.,* 439 F. Supp. 2d 640, 642 (E.D. La. 2006) ("Rule 45(c)(3)(A)(ii) allows the PSC to subpoena Mr. Anstice [an officer of Merck] to personally attend and testify at trial"); *Ferrell v. IBP, Inc.*, 2000 U.S. Dist. LEXIS 22983 (refusing to quash subpoenas of two high-ranking corporate party officers based on Rule 45(c)(3)(A)(ii)); *In re Ames Dep't Stores, Inc.,* 306 B.R. 43 (S.D.N.Y. 2004) (refusing to quash subpoena of defendant's president even though he lived more than 100 miles from the court); *In re Bennett Funding Group, Inc.,* 259 B.R. 243, 250 (N.D.N.Y. 2001) ("if the case remains before this Court [in New York], the Court will be able to compel all the party witnesses from California to appear before it"); *American Fed'n,* 354 F. Supp. 2d at 915 (noting the court's authority to subpoena a regional director of the Bureau of Prisons to testify at an arbitration hearing even though the officer resides more than 100 miles from the court); *Younis v. American Univ. in Cairo,* 30 F. Supp. 2d 390, 395 n.44 (S.D.N.Y. 1998) (recognizing that officers of an Egyptian university which was a defendant in the action could be compelled to appear to testify in New York); *Venzor v. Gonzalez,* 968 F. Supp. 1258, 1267 (N.D. 1997) (the 100-mile limitation on a trial subpoena applies only to "a person who is not a *party")* (citing Fed. R. Civ. P. 45(c)(3)(A)(ii)); *MF Bank Restoration Co. v. Elliott, Bray & Riley*, 1994 U.S. Dist. LEXIS 18465 at *26 (E.D. Pa, Dec. 22, 1994) (quashing subpoenas of corporate witnesses "because none of these six employees is represented, to be an officer of [the corporate party]"); *Stone v. Morton Int'l, Inc.,* 170 F.R.D. 498, 500-01 (D. Utah 1997) (in context of deposition subpoena, noting that "Rule 45 F.R.C.P. allows a corporate officer of a party to be

In accordance with Fed. R. Civ. P. 45, Plaintiff has served a subpoena upon Defendants in Cambridge, Massachusetts, and at Pfizer's Corporate headquarters in New York City, requesting the appearance of corporate officers both as a precaution so to ensure that Defendants would produce a corporate witness on July 28, 2009, and July 29, 2009, for Plaintiff's case-in-chief.

### POINT II

### PLAINTIFF IS MERELY REQUESTING THE COURT TO COMPEL DEFENDANTS' WITNESS LLOYD KNAPP, WHOM DEFENDANTS DESIGNATED TO APPEAR FOR LIVE TESTIMONY, TO APPEAR ON JULY 28, 2009, AND JULY 29, 2009, DURING PLAINTIFF'S CASE-IN-CHIEF

In *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.,* the District Court for the District of Minnesota recognized the distinction between officers or high level employees as opposed to mere employees, noting that "'[e]xcept where the employee has been designated by the corporation under Rule 30(b)(6),' or is an officer, director, or managing agent, 'an employee is treated in the same way as any other witness,' and 'his or her presence must be obtained by subpoena rather than notice. * * *.'" 187 F.R.D. at 587 (citing to Wright, Miller & Marcus, 8A *Federal Practice & Procedure: Civil 2d* § 2103, pp. 36-37).  Here, Defendants designated Lloyd Knapp as a Rule 30(b)(6) witness in response to prior Plaintiff's subpoenas for

---

subpoenaed to appear beyond the 100 mile limitation....Rule 45, F.R.C.P. does extend the subpoena power more broadly to a corporate officer than to a non-party because the corporate officer of a party may be considered the corporate alter ego") (emphasis added); *National Prop. Investors, VIII v. Shell Oil Co.*, 917 F. Supp. 324, 329 (D.N.J. 1995) ("unlike party witnesses, [see] Fed.R.Civ.P. 45(c)(3)(A)(ii), nonparty witnesses cannot be compelled to testify before this Court") (emphasis added); *First Am. Corp. v. Price Waterhouse, LLP,* 154 F.3d 16, 20. (2d Cir. 1998) ("Petitioner contends that Taittinger qualifies as an 'officer' of a party in the French litigation (Societe), and therefore can be compelled to travel more than 100 miles from home and work.  If such is found to be the case, the subpoena may be sustained."); *Exxon Shipping Co. v. United States Dep't of Interior,* 34 F.3d 774, 779 (9th Cir., 1994) (citing Rule 45(c)(3)(A)(ii) while recognizing the "special protection" afforded to "nonparties"); *Prudential Secs. Inc. v. Norcom Dev., Inc.,* 1998 U.S. Dist. LEXIS 10569, at *14 (S.D.N.Y. July 16, 1998) (after citing Rule 45(b)(2) & (c)(3)(A)(ii), noting non-party witnesses from Florida would not likely be subject to subpoena power) (emphasis added); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.,* 187 F.R.D. 578, 587 (D. Minn. 1999) (recognizing distinction between mere employees and "directors, officers and other high-level representatives" for purposes of compelling appearance to testify); *Greer v. Anglemeyer,* 1996 U.S. Dist. LEXIS 1429, at *6 (N.D. Ind. Jan. 5, 1996)(finding rule 45(c)(3)(A)(ii) inapplicable because "Dr. Land is not a party or an officer of a party to this action.").

corporate witnesses. Moreover, Defendants have designated Lloyd Knapp to appear for live testimony and therefore cannot complain of any prejudice. Plaintiff is requesting that this Court merely compel Mr. Knapp, a key witness in this case, to appear at certain dates and time, July 28, 2009, at 9:00 a.m. and July 29, 2009, so that Plaintiff is able to present his case-in-chief as he sees fit and begin with the question of a knowledgeable corporate witness, namely, Mr. Knapp. Defendants have been well aware of the scheduling of the trial of this action for several months and that Plaintiff reserved his right to question Defendants' witnesses in Plaintiff's case-in-chief rather than having Mr. Knapp make his entrance after Plaintiff has rested.

Defendants are apparently attempting to thwart Plaintiff's right to present his evidence in the time and manner in which he sees fit. Defendants have no reasonable justification for not producing Mr. Knapp on the dates as requested by Plaintiff since they have been aware of the scheduling of this action for several months, and they are aware of Plaintiff's request for his appearance on Plaintiff's case-in-chief.

Moreover, Defendants may argue that Plaintiff should be forced to play Mr. Knapp's video deposition. However, a video deposition cannot possibly compare with Plaintiff having the ability to exercise his right to question Mr. Knapp live and in front of the jury. *See* Fed. R. Civ. P. 43(a) advisory committee notes ("The very ceremony of trial and the presence of the fact finder may exert a powerful force for truth telling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."); *see also In re Vioxx Prods. Liab. Litig.,* 438 F. Supp. 2d 664, 668 (E.D. La. 2006) ("To best fulfill its fact-finding duties, a jury should be engaged and highly sensitive to each witness. As this Court knows all too well, the deposition, whether read into the record or played by video, has the opposite effect.).

## CONCLUSION

Plaintiff respectfully requests that this Court grant Plaintiff's emergency motion to compel Defendants to produce their Rule 30(b)(6) witness, Lloyd E. Knapp to appear at the trial of this action on July 28, 2009, at 9:00 a.m. and July 29, 2009, to provide trial testimony.

Dated: July 15, 2009                                          Respectfully submitted,

By:   **/s/ W. Mark Lanier**
         W. Mark Lanier, Esquire
         THE LANIER LAW FIRM, P.L.L.C.
         126 East 56th Street, 6th Floor
         New York, NY  10022

By:   **/s/ Andrew G. Finkelstein**
         Andrew G. Finkelstein, Esquire
         Finkelstein & Partners, LLP
         1279 Route 300, P.O. Box 1111
         Newburgh, NY  12551

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 15, 2009.

         **/s/ Andrew G. Finkelstein**
         Andrew G. Finkelstein, Esquire