UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
----------------------------------------------------------------x
                                            :    MDL Docket No.: 1629
In re:  NEURONTIN MARKETING,                :
        SALES PRACTICES AND                 :    Master File No.: 04-10981
        PRODUCTS LIABILITY LITIGATION       :
                                            :    Judge Patti B. Saris
----------------------------------------------------------------x
                                            :    Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                   :
                                            :
Egilman  v. Pfizer Inc., 1:07-11426-PBS     :
                                            :
----------------------------------------------------------------x
```

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EMERGENCY
MOTION FOR AN ORDER COMPELLING DEFENDANTS NOT
TO RELEASE ANY INFORMATION TO DR. GIBBONS RELATED TO
DR. GREENLAND'S REBUTTAL TESTIMONY SCHEDULED FOR
JULY 21, 2009, AND THAT DEFENDANTS ONLY CONDUCT THEIR
PREPARATION OF DR. GIBBONS FOR THE *DAUBERT*
HEARING PRIOR TO THE DATE THAT DR. GREENLAND TESTIFIES**

Plaintiff, by and through his attorneys, The Lanier Law Firm, P.L.L.C., and Finkelstein &

Partners, LLP, respectfully move by emergency motion for an Order compelling Defendants not

to release any information to Robert D. Gibbons, Ph.D., regarding Sanford Greenland, Dr.P.H.'s

rebuttal testimony at the pending *Daubert hearing*, if Dr. Gibbons does not testify before Dr.

Greenland on July 21, 2009.   Further, Plaintiff moves this Court for an Order compelling

Defendants to only conduct their preparation of Dr. Gibbons for his testimony at the *Daubert*

hearing prior to the date that Dr. Greenland testifies at the *Daubert* hearing.  This motion is being

made by Emergency Motion due to the fact that the *Daubert* hearing that is the subject of this

motion is scheduled to begin in less than a week on July 21, 2009.

## BACKGROUND

Similar to the manner in which this Court held its earlier *Daubert* hearing in June 2008, Plaintiff fully expected that the expert being challenged (Dr. Gibbons) would testify first, and then Dr. Greenland would testify last, in rebuttal.  However, Defendants' intend to produce Dr. Gibbons on July 23, 2009, after Dr. Greenland testifies two days earlier on July 21, 2009.  This effectively prevents Plaintiff from presenting a true *rebuttal* to Dr. Gibbons's testimony.[1]  The substance of Plaintiff's expert Dr. Greenland's testimony is a rebuttal to the opinions and testimony of Defendants' expert Dr. Gibbons.  Defendants initially represented to this Court that Dr. Gibbons was available for the *Daubert* hearing on July 21, 2009.  Plaintiff subsequently contacted their rebuttal expert, Dr. Greenland who was also available to appear at the hearing on July 21, 2009.  Subsequently, Defendants advised that Dr. Gibbons was not available on July 21, 2009, but could appear on July 23, 2009.  Defendants did not provide a reason for Dr. Gibbons's unavailability on the original July 21, 2009 date.  Plaintiff will undeniably be prejudiced by this switch in order as Dr. Greenland will not have the full opportunity to rebut what testimony that Dr. Gibbons provides at the *Daubert* hearing.

By testifying out-of-turn, Dr. Gibbons will be given an opportunity to tailor his testimony after reviewing or otherwise learning of Dr. Greenland's testimony.  Consequently, Dr. Gibbons should be sequestered from learning the substance of Dr. Greenland's live testimony on July 21, 2009.

---

[1] On July 15, 2009, Plaintiff's rebuttal expert Sander Greenland's schedule for July 23, 2009, became open, which would have enabled him to appear and provide testimony after Dr. Gibbons testified on the same day.  However, the Court has only allotted 90 minutes to this hearing because of an already scheduled "Markman" hearing in an unrelated action at 10:30 am.  There would be inadequate time for both experts to testify in that time allotted, and so Dr. Greenland remains scheduled to appear on July 21, 2009.

## ARGUMENT

In *In re Omeprazole Patent Litig.,* the district court determined that an expert should be sequestered from hearing the testimony of another expert because there was the "potential for tailoring of the testimony of these witnesses."   190 F. Supp. 2d 582, 585 (S.D.N.Y. 2002).   The court considered the following factors in determining whether expert witness should be sequestered:

> The factors to be considered in making a determination under Rule 615(3) are:  (1) whether the testimony will involve controverted and material facts, (2) whether the information is subject to tailoring such that cross-examination or other evidence could bring to light any deficiencies, (3) to what extent the testimony of the witnesses encompasses the same issues, (4) the order in which the witnesses will testify, (5) any potential bias that might motivate the witness to tailor his testimony, and (6) whether the witness' presence is truly essential or merely desirable.

*Id.* at 585.

The First Circuit has noted in regard to sequestration:

> Apart from this "heartland" of courtroom sequestration mandated by Rule 615, the court retains discretion to add other restrictions or not, as it judges appropriate. The regulation of witness conduct outside the courtroom is thus left to the district judge's discretion. The court may, for example, order that witnesses not converse with each other about the case. Further, the court has the discretion to prohibit counsel from conferring with a witness during the witness's testimony, including during any recesses in the trial.

*United States v. Magana*, 127 F.3d 1, *12 (1ˢᵗ Cir. 1997) (citations omitted); s*ee also United States v. Smith,* 578 F.2d 1227 (8ᵗʰ Cir. 1978) (the trial judge has broad discretion regarding instructions to be provided to sequestered witnesses and it is within the trial judges discretion to make a determination regarding whether a sequestration order has been violated).

This past month, this Court prohibited Plaintiff's counsel from conferring with their Plaintiff, Ronald J. Bulger, Sr., while Plaintiff's counsel prepared for a deposition of Defendants' late disclosed lay witness who challenged the truth and veracity of Mr. Bulger.  Here, Plaintiff's

counsel is simply asking for the Court to assure there is an equal playing field for Plaintiff, who by having his rebuttal expert testify before the challenged expert, has effectively lost his right to rebuttal.  As noted in *In re Omeprazole Patent Litig*., *supra,* Plaintiff has similar concerns in this case because by testifying out-of-turn, Dr. Gibbons will be given an opportunity to tailor his testimony after reviewing or otherwise learning of Dr. Greenland's rebuttal testimony. Therefore, Plaintiff requests that Dr. Gibbons be excluded from the hearing during Dr. Greenland's testimony pursuant to Fed. R. Evid. 615 (this should not be a problem because of Defendants' representation that Dr. Gibbons is not available on that date), and that Defendants be ordered not to disclose or discuss with Dr. Gibbons any of Dr. Greenland's testimony at the *Daubert* hearing prior to Dr. Gibbons taking the stand at the *Daubert* hearing.

Moreover, Plaintiff requests that this Court order that Defendants' preparation of Dr. Gibbons for his *Daubert* testimony only be conducted prior to the date that Plaintiff's rebuttal witness Dr. Greenland testifies at the *Daubert* hearing.  The order would prevent Defendants from tailoring their preparation of Dr. Gibbons's testimony to counter the testimony, statements/criticisms raised by Dr. Greenland — who is the rebuttal witness.  Defendants already have all of Dr. Greenland's disclosures and thus cannot claim surprise or prejudice to the relief sought by Plaintiff herein.  To deny Plaintiff's request would preclude Plaintiff from performing an effective cross-examination of Dr. Gibbons because, as noted *supra* in *In re Omeprazole Patent Litig*., Dr. Gibbons could tailor his testimony to Dr. Greenland's criticisms and prevent an effective cross-examination that would disclose the deficiencies in his expert opinion.

## CONCLUSION

Plaintiff respectfully requests that this Court compelr Defendants not to release any information regarding Dr. Greenland's rebuttal testimony at the *Daubert* hearing related to Dr.

4

Gibbons, if Dr. Gibbons does not testify prior to Dr. Greenland on July 21, 2009.  Further, Plaintiff moves this Court for an order compelling that Defendants' preparation of Dr. Gibbons for his testimony at the *Daubert* hearing be conducted only prior to the date that Dr. Greenland testifies at the *Daubert* hearing.

Dated:  July 15, 2009                                          Respectfully submitted,


                                                   By:    **/s/ W. Mark Lanier**
                                                          W. Mark Lanier, Esquire
                                                          THE LANIER LAW FIRM, P.L.L.C.
                                                          126 East 56th Street, 6th Floor
                                                          New York, NY  10022


                                                   By:    **/s/ Andrew G. Finkelstein**
                                                          Andrew G. Finkelstein, Esquire
                                                          Finkelstein & Partners, LLP
                                                          1279 Route 300, P.O. Box 1111
                                                          Newburgh, NY  12551


### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 15, 2009.


                                                          **/s/ Andrew G. Finkelstein**
                                                          Andrew G. Finkelstein, Esquire