UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING, SALES
         PRACTICES, AND PRODUCTS
         LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

*Owens  v. Pfizer Inc., et al.,*
1:05-cv-11017-PBS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: MDL DOCKET NO:  1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T. Sorokin
:
:
:
:
:
:
:
:
:

## ANSWER TO AMENDED COMPLAINT AND JURY DEMAND

Defendants Pfizer Inc ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiff's Amended Complaint in the above-captioned action (the "Complaint") as follows:

1.      Defendants specifically deny that Plaintiff's decedent suffered injuries as a result of the ingestion of Neurontin.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore deny same.

2.      Defendants specifically deny that Plaintiff has been properly appointed to serve as the Personal Representative of Plaintiff's decedent in a timely manner to provide authority or capacity for her to bring the claims set forth in this lawsuit.  Defendants deny knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2, and therefore deny same.

3.      Deny the allegations in paragraph 3, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC; admit that Warner-Lambert Company manufactured, marketed, and sold Neurontin until June 2000; admit that Pfizer, directly and/or indirectly through its subsidiaries, has manufactured, marketed, and sold Neurontin since June 2000; admit that Defendants may be served through the referenced registered agent; and state that the allegations in the second sentence of paragraph 3 assert legal conclusions to which no response is required, and Defendants therefore deny those allegations.

4.      Paragraph 4 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 4, except state that the appropriate venue and jurisdiction for this case is the United States District Court for the Southern District of Alabama.

5.      Deny the allegations in paragraph 5, except admit that Neurontin® ("Neurontin") is a medicine that has been approved by the FDA as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia; admit that Warner-Lambert Company manufactured, marketed, and sold Neurontin until June 2000; and admit that Pfizer, directly and/or indirectly through its subsidiaries, has manufactured, marketed, and sold Neurontin since June 2000.

6.      Deny the allegations in paragraph 6.

## AS TO BACKGROUND

7.      Paragraph 7 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 7.

8.      Paragraph 8 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 8.

9.      Paragraph 9 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 9.

10.      Paragraph 10 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 10.

11.      Paragraph 11 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 11.

12.      Paragraph 12 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 12.

13.      Deny the allegations in paragraph 13, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

14.      Deny the allegations in paragraph 14, except admit that the United States Food and Drug Administration ("FDA") has approved Neurontin, the brand name for gabapentin, for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

15.      Deny the allegations in paragraph 15.

16.      Deny the allegations in paragraph 16.

17.      Deny the allegations in paragraph 17.

18.      Deny the allegations in paragraph 18.

19.      Deny the allegations in paragraph 19.

20.      Deny the allegations in paragraph 20.

21.      Deny the allegations in paragraph 21, except admit that Neurontin was FDA-approved as adjunctive therapy for the treatment of epilepsy.

22.      Deny the allegations in paragraph 22.

23.      Deny the allegations in paragraph 23.

24.      Deny the allegations in paragraph 24, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

25.      Deny the allegations in paragraph 25.

26.      Deny the allegations in paragraph 26, except refer to the referenced deposition transcript of Dr. William Crotwell, III, for a complete statement of its contents.

27.      Deny the allegations in paragraph 27.

28.      Deny the allegations in paragraph 28, except refer to the deposition testimony of Plaintiff's decedent's physician regarding his treatment of Plaintiff's decedent.

29.      Deny the allegations in paragraph 29.

30.      Deny the allegations in paragraph 30, except refer to the deposition testimony of Plaintiff's decedent's physician regarding his treatment of Plaintiff's decedent.

31.      Deny the allegations in paragraph 31.

32.      Deny the allegations in paragraph 32.

3503052v1

33.     Deny the allegations in paragraph 33.

34.     Deny the allegations in paragraph 34.

## AS TO COUNT I

35.     Repeat each and every response to the allegations in paragraphs 1 through 34.

36.     Deny the allegations in paragraph 36.

37.     Deny the allegations in paragraph 37.

38.     Deny the allegations in paragraph 38.

39.     Deny the allegations in paragraph 39.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 39, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT II

40.     Repeat each and every response to the allegations in paragraphs 1 through 39.

41.     Deny the allegations in paragraph 41, except admit only those duties imposed by law, but deny the breach of any such duties.

42.     Deny the allegations in paragraph 42.

43.     Deny the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 44, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT III

45.     Repeat each and every response to the allegations in paragraphs 1 through 44.

3503052v1

46.     Deny the allegations in paragraph 46, except state that any advertising for Neurontin speaks for itself.

47.     Deny the allegations in paragraph 47, except admit that certain of Defendants' employees discussed materials approved by the FDA with physicians.

48.     Deny the allegations in paragraph 48.

49.     Deny the allegations in paragraph 49.

50.     Deny the allegations in paragraph 50, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 50, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT IV

51.     Repeat each and every response to the allegations in paragraphs 1 through 50.

52.     Deny the allegations in paragraph 52.

53.     Deny the allegations in paragraph 53.

54.     Deny the allegations in paragraph 54.

55.     Deny the allegations in paragraph 55, except admit that Plaintiff seeks the relief stated in paragraph 55, and in the WHEREFORE paragraph following paragraph 55, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT V

56.     Repeat each and every response to the allegations in paragraphs 1 through 55.

57.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 57 related to fraudulent

3503052v1

misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 57.

58.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 58 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 58.

59.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 59 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 59, except refer to the Information for its contents.

60.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 60 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 60, except refer to the Information for its contents.

61.     Deny the allegations in paragraph 61.

62.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 62 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 62, except refer to the Information for its contents.

63.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 63 related to fraudulent

misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 63, except refer to the Information for its contents.

64.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 64 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 64, except refer to the Information for its contents.

65.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 65 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 65, except refer to the Information for its contents.

66.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 66 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 66, except refer to the Information for its contents.

67.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 67 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 67, except refer to the Information for its contents.

68.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 68 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 68, except refer to the Information for its contents.

3503052v1

69.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 69 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 69, except refer to the Information for its contents.

70.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 70 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 70, except refer to the Information for its contents.

71.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 71 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 71, except refer to the Information for its contents.

72.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 72 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 72, except refer to the Information for its contents.

73.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 73 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 73, except refer to the Information for its contents.

74.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 74 related to fraudulent

misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 74, and all of its subparts, except refer to the Information for its contents.

75.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 75 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 75, except refer to the Information for its contents.

76.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 76 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 76, except refer to the Information for its contents.

77.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 77 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 77, except refer to the Information for its contents.

78.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 78 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 78, except refer to the Information for its contents.

79.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 79 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 79, except refer to the Information for its contents.

-10-

80.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 80 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 80, except refer to the Information for its contents.

81.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 81 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 81, except refer to the Information for its contents.

82.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 82 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 82, except refer to the Information for its contents.

83.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 83 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 83, except refer to the Information for its contents.

84.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 84 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 84, except refer to the Information for its contents.

85.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 85 related to fraudulent

misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 85.

86.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 86 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 86.

87.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 87 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 87.

88.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 88 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 88.

89.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 89 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 89, and all of its subparts.

90.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 90 related to fraudulent misrepresentation do not require a response.  Defendants deny any remaining allegations in paragraph 90.

91.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 91 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 91.

92.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 92 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 92.

93.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 93 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 93.

94.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 94 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 94.

95.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 95 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 95.

96.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 96 related to fraudulent

3503052v1

misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 96, except refer to the supplemental NDA and the letter dated August 26, 1997 referenced in paragraph 96 for their contents.

97.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 97 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 97.

98.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 98 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 98.

99.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 99 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 99, except refer to the letter dated June 29, 2001 for its contents.

100.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 100 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 100, except refer to the letter dated July 1, 2002 for its contents.

101.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 101 related to

fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 101, and all of its subparts.

102.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 102 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 102.

103.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 103 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 103.

104.    Deny the allegations in paragraph 104.

105.    Deny the allegations in paragraph 105.

106.    Deny the allegations in paragraph 106.

107.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 107 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 107, except refer to the article referenced in paragraph 107 for its contents.

108.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 108 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 108.

109.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 109 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 109.

110.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 110 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 110.

111.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 111 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 111, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

112.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 112 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 112.

113.     Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 113 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 113.

114.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 114 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 114.

115.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 115 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 115.

116.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 116 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 116.

117.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 117 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 117, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

118.    Deny the allegations in paragraph 118.

119.    Deny the allegations in paragraph 119.

120.    Deny the allegations in paragraph 120.

121.    Deny the allegations in paragraph 121.

122.    Deny the allegations in paragraph 122.

123.    Deny the allegations in paragraph 123.

124.    Deny the allegations in paragraph 124, except admit that refractory epilepsy is a serious medical condition and patients with that form of epilepsy have more difficulty controlling seizures with existing medications, and refer to the NDA submitted January 15, 1992 for its contents.

125.    Deny the allegations in paragraph 125, except refer to the NDA submitted January 15, 1992 for its contents.

126.    Deny the allegations in paragraph 126, except refer to the NDA submitted January 15, 1992 for its contents.

127.    Deny the allegations in paragraph 127, except refer to the NDA submitted January 15, 1992 for its contents.

128.    Deny the allegations in paragraph 128, except refer to the NDA submitted January 15, 1992 for its contents.

129.    Deny the allegations in paragraph 129, except refer to the NDA submitted January 15, 1992 for its contents.

130.    Deny the allegations in paragraph 130, except refer to the NDA submitted January 15, 1992 for its contents.

131.    Deny the allegations in paragraph 131, and all of its subparts, except refer to the NDA submitted January 15, 1992 for its contents.

132.    Deny the allegations in paragraph 132, except refer to the NDA submitted January 15, 1992 for its contents.

3503052v1

133.     Deny the allegations in paragraph 133, except refer to FDA's 1992 Combined Medical-Statistical Review for its contents.

134.     Deny the allegations in paragraph 134, except refer to FDA's 1992 Combined Medical-Statistical Review for its contents.

135.     Deny the allegations in paragraph 135, except refer to the transcript of the December 15, 1992 meeting of the Peripheral and Central Nervous System Drugs Advisory Committee for its contents.

136.     Deny the allegations in paragraph 136, except refer to the FDA documents referenced in paragraph 136 for their contents.

137.     Deny the allegations in paragraph 137, except refer to the correspondence referenced in paragraph 137 for its contents.

138.     Deny the allegations in paragraph 138, except refer to the referenced documents for their contents.

139.     Deny the allegations in paragraph 139, except refer the transcript of the December 15, 1992 meeting of the Peripheral and Central Nervous System Drugs Advisory Committee for its contents.

140.     Deny the allegations in paragraph 140.

141.     Deny the allegations in paragraph 141.

142.     Deny the allegations in paragraph 142.

143.     Deny the allegations in paragraph 143.

144.     Deny the allegations in paragraph 144.

3503052v1

145.    Deny the allegations in paragraph 145, except refer to the Information for its contents.

146.    Deny the allegations in paragraph 146, except refer to the Information for its contents.

147.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 147 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 147, except refer to the Information for its contents.

148.    Deny the allegations in paragraph 148.

149.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 149 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 149.

150.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 150 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 150.

151.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 151 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 151.

152.    Deny the allegations in paragraph 152.

3503052v1

153.   Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 153 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 153.

154.   Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 154 related to fraudulent misrepresentation do not require a response.   To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 154, and therefore deny same, except admit that Parke-Davis sponsored a Consultants' Meeting on June 14-16, 1996, at the Island House Hotel in Orange Beach, Alabama, entitled, "New Frontiers in the Management of Seizure Disorders."

155.   Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 155 related to fraudulent misrepresentation do not require a response.   To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 155, and therefore deny same.

156.   Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 156 related to fraudulent misrepresentation do not require a response.   To the extent a response is deemed necessary, Defendants deny any remaining allegations in paragraph 156, except admit that Parke-Davis sponsored a Consultants' Meeting on June 14-16, 1996, at the Island House Hotel in Orange Beach, Alabama, entitled, "New Frontiers in the Management of Seizure Disorders."

157.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 157 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 157.

158.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 158 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 158, except refer to the referenced deposition transcript of Dr. Crotwell for a complete statement of its contents.

159.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 159 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 159, except refer to Dr. Crotwell's deposition testimony regarding his treatment of Plaintiff's decedent.

160.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 160 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 160.

161.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 161 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 161.

162.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 162 related to fraudulent misrepresentation do not require a response.    Defendants deny any remaining allegations in paragraph 162.

163.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 163 related to fraudulent misrepresentation do not require a response.    Defendants deny any remaining allegations in paragraph 163.

164.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 164 related to fraudulent misrepresentation do not require a response.    Defendants deny any remaining allegations in paragraph 164.

165.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 165 related to fraudulent misrepresentation do not require a response.    Defendants deny knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 165, and therefore deny same, except admit that doctors draw upon their interaction with colleagues and their colleagues' clinical experience when prescribing medications.

166.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 166 related to fraudulent misrepresentation do not require a response.    Defendants deny any remaining allegations in paragraph 166, except admit that doctors draw upon their interaction with

3503052v1

colleagues and their colleagues' clinical experience when prescribing medications, and admit that widespread use of a medication is generally reflective of the medical community's collective experience as to the medication's safety and efficacy.

167.   Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 167 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 167.

168.   Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 168 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 168.

169.   Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 169 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 169.

170.   Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 170 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 170, except admit that Neurontin is perceived as "safe and efficacious" by the medical community and has been listed on numerous formularies.

171.   Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 171 related to

-24-

fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 171.

172.    Deny the allegations in paragraph 172.

173.    Deny the allegations in paragraph 173.

174.    Deny the allegations in paragraph 174.

175.    Deny the allegations in paragraph 175.

176.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 176 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 176.

177.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 177 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 177.

178.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 178 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 178.

179.    Deny the allegations in paragraph 179.

180.    Deny the allegations in paragraph 180.

181.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 181 related to

fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 181.

182.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 182 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 182.

183.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 183 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 183.

184.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 184 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 184, except refer to Dr. Pande's presentation at the Third International Conference on Bipolar Disorder for its contents.

185.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 185 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 185.

186.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 186 related to

fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 186.

187.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 187 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 187.

188.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 188 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 188.

189.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 189 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 189.

190.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 190 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 190.

191.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 191 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 191.

192.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 192 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 192.

193.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 193 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 193.

194.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 194 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 194.

195.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 195 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 195.

196.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 196 related to fraudulent misrepresentation do not require a response.   Defendants deny any remaining allegations in paragraph 196.

197.    Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 197 related to

fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 197, except admit that Plaintiff seeks the relief stated in paragraph 197, but deny that Plaintiff is entitled to such relief.

198. Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 198 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 198.

199. Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 199 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 199, except admit that Pfizer and Warner-Lambert Company, directly and/or indirectly through subsidiaries, marketed Neurontin.

200. Plaintiff's fraudulent misrepresentation claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 200 related to fraudulent misrepresentation do not require a response. Defendants deny any remaining allegations in paragraph 200, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 200, but deny that Plaintiff is entitled to such relief.

## AS TO DAMAGES

201. Deny the allegations in paragraph 201.

202. Deny the allegations in paragraph 202.

203.    Paragraph 203 does not allege facts to which a response is required.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 203, but deny that Plaintiff is entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States because Defendants' product is comprehensively regulated by the United States Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 et seq. ("FDCA"), and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should or should not be used in the labeling accompanying the drug.

3503052v1

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by FDA under the FDCA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Defendants and all their activities with respect to the subject product have been and are conducted under the supervision of the FDA.

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

## SIXTH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

## EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

3503052v1

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 402A, comments j and k of the *Restatement (Second) of Torts* and Sections 4 and 6 of the *Restatement (Third) of Torts: Products Liability*.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of release, accord, and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by Plaintiff's decedent's misuse of Neurontin.

## THIRTEENTH AFFIRMATIVE DEFENSE

The product may have been substantially modified and/or altered; therefore, Plaintiff's claims are barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

3503052v1

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose, including but not limited to ALA. CODE §§ 6-5-502.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by Plaintiff's failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants deny, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Defendants, or at the instruction or subject to the control of Defendants with regard to any of the actions described in the complaint; thus Defendants are not liable for any acts or omissions of such third parties as a matter of law.

3503052v1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

If Plaintiff and/or Plaintiff's decedent suffered or sustained any loss, damage, injury, harm, expense, diminution, or deprivation alleged, which Defendants deny, the same was caused in whole or in part by Plaintiff's decedent.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution and/or indemnity from any person and/or entity whose negligence or other fault contributed to the alleged injuries and damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud or similar conduct are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

3503052v1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because: (1) Defendants did not make any express warranties to Plaintiff or Plaintiff's decedent; (2) Defendants' Neurontin advertisements and promotions were not an affirmation of fact or a promise made by the seller to the buyer that related to the drug Neurontin and became part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiff or Plaintiff's decedent; (3) Defendants' Neurontin advertisements and promotions were not a description of the drug included in any contract that was part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiff or Plaintiff's decedent, such that a warranty was created that the drug would conform to the description; (4) Plaintiff and Plaintiff's decedent did not read, see or hear about the alleged illegal "off-label" promotions; (5) there was a lack of privity between Defendants and Plaintiff and Plaintiff's decedent; and (6) notice of an alleged breach was not given, or timely given, to the seller or Defendants.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff and Plaintiff's decedent have not suffered, and will not suffer, any injury to a legally protected or cognizable interest or any damage by reason of the conduct of Defendants as alleged in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not make any false, misleading, or deceptive statements to Plaintiff or Plaintiff's decedent in their advertisements and/or promotional materials concerning Neurontin.  As to any statement asserted against Defendants that Plaintiff alleges to be false, misleading, or deceptive, Defendants had no

-35-

reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false, misleading, or deceptive.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, due to her failure to join indispensable parties and/or bring claims against the real party in interest.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiff's decedent, and/or by his fault.  Any recovery might be reduced accordingly or eliminated altogether.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Should Defendants be held liable to Plaintiff, which liability is specifically denied, Defendants would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in Plaintiff's Complaint.  To the extent that any damages claimed by Plaintiff have been, or will be, indemnified, in whole or in part, from any collateral source, any verdict or judgment against Defendants must be reduced by those amounts pursuant to ALA. CODE § 6-5-522.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred in whole or in part by lack of defect, as any product allegedly ingested by Plaintiff's decedent was properly prepared in accordance with the applicable standard of care.

-36-

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants and Neurontin were in compliance with legislative regulatory standards and/or administrative regulatory safety standards relating to design, performance, warnings and/or instructions and, therefore, Neurontin is deemed not defective.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the "state of the art" defense.  Neurontin, when placed into the stream of commerce, was a reasonably safe and effective prescription drug in light of the then existing and reasonably available scientific, medical, and technological knowledge.  To the extent Plaintiff claims that Neurontin was dangerous or defective in certain respects, Defendants state that any such risks associated with Neurontin were not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Notwithstanding Plaintiff's claims and contentions, Plaintiff's decedent received all or substantially all of the benefit of Neurontin that he had intended to receive, and to that extent any damages and/or restitution that Plaintiff might be entitled to recover from Defendants must be correspondingly reduced.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendant's liability for non-economic damages is several rather than joint and should be prorated.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims based on negligence are subsumed by the Alabama Extended Manufacturer's Liability Doctrine.

3503052v1

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

## FORTIETH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and applicable state law.

## FORTY-SECOND AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards that arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 549 U.S. 346 (2007).

## FORTY-THIRD AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive or exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of such awards, including but not limited to those provided in Article 1, Sections 1, 6, 13 and 22 of the Alabama Constitution, §§ 6-11-20, 6-11-21, and 6-11-

-38-

27 of the Alabama Code, and/or the corresponding laws of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

The assessment of punitive damages in this case would violate the Commerce Clause of Article 1, Section 8 of the United States Constitution to the extent that such award punishes acts or omissions that have allegedly occurred solely outside of state boundaries.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards being assessed for the same act or omission against Defendants, such an award would contravene Defendants' right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution.  In addition, an award would infringe upon Defendants' rights against double jeopardy insured by the Fifth Amendment of the United States Constitution or Article 1, Section 9 of the Alabama Constitution.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment

of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 1 and 6 of the Alabama Constitution.

## FORTY-NINTH AFFIRMATIVE DEFENSE

The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of indefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on said Defendants' exercise of the right to a judicial resolution of this dispute.

## FIFTIETH AFFIRMATIVE DEFENSE

No punitive damages can be awarded in this case under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as such award results in whole or in part from improper or unfair argument by Plaintiff, including without limitation, as to Defendants' wealth, corporate status or out-of-state citizenship, or from otherwise unfair or improper proceedings.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative defenses as may be established by the discovery and evidence in the case.  Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1.      Enter judgment in their favor on all claims alleged in the Complaint;

-40-

3503052v1

2.      Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.      Grant Defendants such other and further relief as the Court may deem just and proper.

Dated: July 15, 2009                              SKADDEN, ARPS, SLATE, MEAGHER &
                                                  FLOM LLP

                                                  /s/ Mark S. Cheffo
                                                  By: Mark S. Cheffo

                                                  Four Times Square
                                                  New York, New York 10036
                                                  Telephone: 212.735.3000
                                                  Facsimile: 212.735.2000
                                                  Email: mcheffo@skadden.com

                                                      -and-

                                                  SHOOK, HARDY & BACON L.L.P.

                                                  /s/ Scott W. Sayler
                                                  By: Scott W. Sayler

                                                  2555 Grand Blvd.
                                                  Kansas City, Missouri 64108-2613
                                                  Telephone:  816.474.6550
                                                  Facsimile: 816.421.5547
                                                  Email: ssayler@shb.com
                                                      -and-

-41-

WHITE AND WILLIAMS LLP

/s/ David B. Chaffin
By: David B. Chaffin

100 Summer Street, 27th Floor
Boston, Massachusetts 02110
Telephone:  617.748.5200
Facsimile: 617.748.5201
Email: chaffind@whiteandwilliams.com

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

3503052v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on July 15, 2009.

/s/ David B. Chaffin<u>                              </u>
David B. Chaffin