UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  NEURONTIN MARKETING, SALES
          PRACTICES, AND PRODUCTS
          LIABILITY LITIGATION

: MDL DOCKET NO:  1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T. Sorokin
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

*Vercillo  v. Pfizer Inc., et al.,*
1:05-cv-11019-PBS

:
:
:
:
:
:
:
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER TO AMENDED COMPLAINT AND JURY DEMAND

Defendants Pfizer Inc ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiff's Amended Complaint in the above-captioned action (the "Complaint") as follows:

## AS TO STATEMENT OF THE CASE

1.     Deny the allegations in paragraph 1, except admit that the United States Food and Drug Administration ("FDA") has approved Neurontin® ("Neurontin"), the brand name for gabapentin, for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

## AS TO PARTIES AND JURISDICTION

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny same.

3.      Admit the allegations in paragraph 3.

4.      Admit the allegations in paragraph 4.

5.      Admit the allegations in paragraph 5.

6.      Deny the allegations in paragraph 6, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

7.      Deny the allegations in paragraph 7.

8.      Deny the allegations in paragraph 8.

9.      Deny the allegations in paragraph 9, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

10.     Deny the allegations in paragraph 10, except admit that Warner-Lambert Company was authorized to do business in the State of New York until December 31, 2002.

11.     Deny the allegations in paragraph 11, except admit that Warner-Lambert Company was a business entity actually doing business in the State of New York until December 31, 2002.

12.     Deny the allegations in paragraph 12, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

13.     Deny the allegations in paragraph 13.

3510125v1

14.     Deny the allegations in paragraph 14, except admit that since December 31, 2002, Warner-Lambert Company LLC has been a Delaware limited liability company.

15.     Deny the allegations in paragraph 15, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the State of New York since December 31, 2002.

16.     Deny the allegations in paragraph 16, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the State of New York since December 31, 2002.

17.     Deny the allegations in paragraph 17, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

18.     Deny the allegations in paragraph 18.

19.     Deny the allegations in paragraph 19.

20.     Deny the allegations in paragraph 20.

21.     Deny the allegations in paragraph 21, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

22.     Paragraph 22 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 22.

23.     Deny the allegations in paragraph 23.

24.     Deny the allegations in paragraph 24, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

25.     Paragraph 25 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 25.

-3-

26.     Paragraph 26 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 26.

27.     Paragraph 27 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 27.

28.     Paragraph 28 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 28.

29.     Paragraph 29 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 29.

30.     Paragraph 30 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 30.

31.     Paragraph 31 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 31.

32.     Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

33.     Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.     Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.     Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.     Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

3510125v1

37.     Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.     Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.     Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

40.     Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

41.     Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.     Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.     Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.     Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.     Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.     Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

47.     Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

3510125v1

48.     Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.     Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.     Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

51.     Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

52.     Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.     Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.     Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.     Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.     Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.     Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.     Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

3510125v1

59.     Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.     Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.     Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

62.     Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.     Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.     Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.     Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.     Deny the allegations in paragraph 66, except admit that Pfizer's headquarters are in New York.

67.     Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.     Paragraph 68 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 68.

69.     Paragraph 69 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 69.

3510125v1

70.      Deny the allegations in paragraph 70, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin.

71.      Deny the allegations in paragraph 71, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

72.      Deny the allegations in paragraph 72, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the State of New York and contracts to provide goods in the State of New York.

73.      Deny the allegations in paragraph 73.

74.      Deny the allegations in paragraph 74.

75.      Admit the allegations in paragraph 75.

76.      Deny the allegations in paragraph 76.

77.      Deny the allegations in paragraph 77.

78.      Deny the allegations in paragraph 78, except admit that Parke-Davis marketed Neurontin on a date prior to November 30, 2001.

79.      Deny the allegations in paragraph 79, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the State of New York and contracted to provide goods in the State of New York.

80.      Deny the allegations in paragraph 80.

81.      Deny the allegations in paragraph 81.

3510125v1

82.     Deny the allegations in paragraph 82, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until June 2000 and that until June 2000, Parke-Davis directly or indirectly did and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

83.     Deny the allegations in paragraph 83.

84.     Deny the allegations in paragraph 84.

85.     Deny the allegations in paragraph 85, except admit that Warner-Lambert Company marketed and sold Neurontin until June 2000.

86.     Deny the allegations in paragraph 86, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the State of New York and contracted to provide goods in the State of New York.

87.     Deny the allegations in paragraph 87.

88.     Deny the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89, except admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from goods and products consumed in the State of New York.

97.     Deny the allegations in paragraph 97, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of New York, deriving substantial revenue from interstate commerce.

## AS TO BACKGROUND

98.     Paragraph 98 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 98.

99.     Paragraph 99 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 99.

100.    Paragraph 100 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 100.

101.    Paragraph 101 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 101.

3510125v1

102.    Paragraph 102 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 102.

103.    Paragraph 103 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 103.

104.    Deny the allegations in paragraph 104, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

105.    Deny the allegations in paragraph 105, except admit that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

106.    Deny the allegations in paragraph 106.

107.    Deny the allegations in paragraph 107.

108.    Deny the allegations in paragraph 108.

109.    Deny the allegations in paragraph 109.

110.    Deny the allegations in paragraph 110.

111.    Deny the allegations in paragraph 111.

112.    Deny the allegations in paragraph 112, except admit that Neurontin was FDA-approved as adjunctive therapy for the treatment of epilepsy.

113.    Deny the allegations in paragraph 113.

114.    Deny the allegations in paragraph 114.

3510125v1

115.     Deny the allegations in paragraph 115, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

116.     Deny the allegations in paragraph 116.

117.     Deny the allegations in paragraph 117, except refer to the referenced deposition transcript of Dr. Thomas Maltese for a complete statement of its contents.

118.     Deny the allegations in paragraph 118.

119.     Deny the allegations in paragraph 119, except refer to the deposition testimony of Plaintiff's prescribing physicians regarding their treatment of Plaintiff.

120.     Deny the allegations in paragraph 120.

121.     Deny the allegations in paragraph 121, except refer to the deposition testimony of Plaintiff's prescribing physicians regarding their treatment of Plaintiff.

122.     Deny the allegations in paragraph 122.

123.     Deny the allegations in paragraph 123.

124.     Deny the allegations in paragraph 124.

125.     Deny the allegations in paragraph 125.

## AS TO FIRST CAUSE OF ACTION

126.     Repeat each and every response to the allegations in paragraphs 1 through 125.

127.     Deny the allegations in paragraph 127.

128.     Deny the allegations in paragraph 128.

129.     Deny the allegations in paragraph 129.

130.     Deny the allegations in paragraph 130.

3510125v1

131.    Deny the allegations in paragraph 131.

132.    Deny the allegations in paragraph 132.

133.    Deny the allegations in paragraph 133.

134.    Deny the allegations in paragraph 134, except admit that Plaintiff seeks the relief stated in paragraph 134, but deny that Plaintiff is entitled to such relief.

**AS TO SECOND CAUSE OF ACTION**

135.    Repeat each and every response to the allegations in paragraphs 1 through 134.

136.    Deny the allegations in paragraph 136.

137.    Deny the allegations in paragraph 137.

138.    Deny the allegations in paragraph 138.

139.    Deny the allegations in paragraph 139.

140.    Deny the allegations in paragraph 140.

141.    Deny the allegations in paragraph 141.

142.    Deny the allegations in paragraph 142, except admit that Plaintiff seeks the relief stated in paragraph 142, but deny that Plaintiff is entitled to such relief.

**AS TO THIRD CAUSE OF ACTION**

143.    Repeat each and every response to the allegations in paragraphs 1 through 142.

144.    Deny the allegations in paragraph 144.

145.    Deny the allegations in paragraph 145.

146.    Deny the allegations in paragraph 146.

147.    Deny the allegations in paragraph 147, except admit that Plaintiff seeks the relief stated in paragraph 147, but deny that Plaintiff is entitled to such relief.

## AS TO FOURTH CAUSE OF ACTION

148.     Repeat each and every response to the allegations in paragraphs 1 through 147.

149.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 149 related to fraud do not require a response.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 149.

150.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 150 related to fraud do not require a response.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 150.

151.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 151 related to fraud do not require a response.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 151, except refer to the Information for its contents.

152.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 152 related to fraud do not require a response.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 152, except refer to the Information for its contents.

153.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 153 related to fraud do not require a response.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 153.

154.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 154 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 154, except refer to the Information for its contents.

155.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 155 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 155, except refer to the Information for its contents.

156.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 156 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 156, except refer to the Information for its contents.

157.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 157 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 157, except refer to the Information for its contents.

158.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 158 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 158, except refer to the Information for its contents.

159.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 159 related to fraud do not require a

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 159, except refer to the Information for its contents.

160.  Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 160 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 160, except refer to the Information for its contents.

161.  Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 161 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 161, except refer to the Information for its contents.

162.  Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 162 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 162, except refer to the Information for its contents.

163.  Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 163 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 163, except refer to the Information for its contents.

164.  Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 164 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 164, except refer to the Information for its contents.

3510125v1

165.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 165 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 165, except refer to the Information for its contents.

166.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 166 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 166, and all of its subparts, except refer to the Information for its contents.

167.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 167 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 167, except refer to the Information for its contents.

168.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 168 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 168, except refer to the Information for its contents.

169.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 169 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 169, except refer to the Information for its contents.

170.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 170 related to fraud do not require a

response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 170, except refer to the Information for its contents.

171. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 171 related to fraud do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 171, except refer to the Information for its contents.

172. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 172 related to fraud do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 172, except refer to the Information for its contents.

173. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 173 related to fraud do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 173, except refer to the Information for its contents.

174. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 174 related to fraud do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 174, except refer to the Information for its contents.

175. Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 175 related to fraud do not require a response. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 175, except refer to the Information for its contents.

176.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 176 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 176, except refer to the Information for its contents.

177.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 177 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 177.

178.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 178 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 178.

179.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 179 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 179.

180.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 180 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 180.

181.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 181 related to fraud do not require a

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 181, and all of its subparts.

182.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 182 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 182.

183.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 183 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 183, and all of its subparts.

184.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 184 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 184.

185.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 185 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 185, except refer to the article referenced in paragraph 185 for its contents.

186.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 186 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 186.

3510125v1

187.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 187 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 187.

188.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 188 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 188.

189.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 189 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 189, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

190.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 190 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 190.

191.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 191 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 191.

3510125v1

192.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 192 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 192.

193.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 193 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 193.

194.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 194 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 194.

195.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 195 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 195, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

196.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 196 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 196.

3510125v1

197.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 197 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 197.

198.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 198 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 198.

199.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 199 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 199.

200.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 200 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 200.

201.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 201 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 201.

202.     Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 202 related to fraud do not require a

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 202, except admit that refractory epilepsy is a serious medical condition and patients with that form of epilepsy have more difficulty controlling seizures with existing medications, and refer to the NDA submitted January 15, 1992 for its contents.

203.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 203 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 203, except refer to the NDA submitted January 15, 1992 for its contents.

204.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 204 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 204, except refer to the NDA submitted January 15, 1992 for its contents.

205.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 205 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 205, except refer to the NDA submitted January 15, 1992 for its contents.

206.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 206 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 206, except refer to the NDA submitted January 15, 1992 for its contents.

207.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 207 related to fraud do not require a

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 207, except refer to the NDA submitted January 15, 1992 for its contents.

208.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 208 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 208, except refer to the NDA submitted January 15, 1992 for its contents.

209.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 209 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 209, and all of its subparts, except refer to the NDA submitted January 15, 1992 for its contents.

210.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 210 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 210, except refer to the NDA submitted January 15, 1992 for its contents.

211.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 211 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 211, except refer to FDA's 1992 Combined Medical-Statistical Review for its contents.

212.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 212 related to fraud do not require a

3510125v1

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 212, except refer to FDA's 1992 Combined Medical-Statistical Review for its contents.

213.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 213 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 213, except refer to the transcript of the December 15, 1992 meeting of the Peripheral and Central Nervous System Drugs Advisory Committee for its contents.

214.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 214 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 214, except refer to the FDA documents referenced in paragraph 214 for their contents.

215.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 215 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 215, except refer to the correspondence referenced in paragraph 215 for its contents.

216.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 216 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 216, except refer to the referenced documents for their contents.

3510125v1

217.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 217 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 217, except refer the transcript of the December 15, 1992 meeting of the Peripheral and Central Nervous System Drugs Advisory Committee for its contents.

218.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 218 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 218.

219.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 219 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 219.

220.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 220 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 220.

221.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 221 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 221.

222.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 222 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 222.

223.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 223 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 223, except refer to the Information for its contents.

224.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 224 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 224, except refer to the Information for its contents.

225.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 225 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 225, except refer to the Information for its contents.

226.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 226 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 226.

227.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 227 related to fraud do not require a

3510125v1

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 227.

228.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 228 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 228.

229.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 229 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 229.

230.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 230 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 230.

231.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 231 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 231.

232.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 232 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 232.

3510125v1

233.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 233 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 233.

234.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 234 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234, and therefore deny same, except admit that doctors draw upon their interaction with colleagues and their colleagues' clinical experience when prescribing medications.

235.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 235 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 235, except admit that doctors draw upon their interaction with colleagues and their colleagues' clinical experience when prescribing medications, and admit that widespread use of a medication is generally reflective of the medical community's collective experience as to the medication's safety and efficacy.

236.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 236 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 236.

237.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 237 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 237.

238.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 238 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 238.

239.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 239 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 239, except admit that Neurontin is perceived as "safe and efficacious" by the medical community and has been listed on numerous formularies.

240.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 240 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 240.

241.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 241 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 241.

242.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 242 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 242.

243.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 243 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 243.

244.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 244 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 244.

245.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 245 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 245.

246.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 246 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 246.

247.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 247 related to fraud do not require a

3510125v1

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 247.

248.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 248 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 248.

249.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 249 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 249.

250.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 250 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 250.

251.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 251 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 251.

252.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 252 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 252.

3510125v1

253.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 253 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 253, except refer to Dr. Pande's presentation at the Third International Conference on Bipolar Disorder for its contents.

254.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 254 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 254.

255.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 255 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 255.

256.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 256 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 256.

257.    Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 257 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 257.

258.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 258 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 258.

259.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 259 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 259.

260.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 260 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 260.

261.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 261 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 261.

262.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 262 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 262.

263.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 263 related to fraud do not require a

3510125v1

response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 263.

264.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 264 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 264.

265.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 265 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 265.

266.   Plaintiff's fraud claims were dismissed pursuant to the Court's Order, dated May 26, 2009, and thus the allegations in paragraph 266 related to fraud do not require a response.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 266, except admit that Plaintiff seeks the relief stated in paragraph 266 and in the WHEREFORE paragraph following paragraph 266, and all of its subparts, but deny that Plaintiff is entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

3510125v1

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States because Defendants' product is comprehensively regulated by the United States Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 et seq. ("FDCA"), and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should or should not be used in the labeling accompanying the drug.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by FDA under the FDCA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Defendants and all their activities with respect to the subject product have been and are conducted under the supervision of the FDA.

3510125v1

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

## SIXTH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

## EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 402A, comments j and k of the *Restatement (Second) of Torts* and Sections 4 and 6 of the *Restatement (Third) of Torts: Products Liability*.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

3510125v1

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of release, accord, and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by Plaintiff's misuse of Neurontin.

## THIRTEENTH AFFIRMATIVE DEFENSE

The product may have been substantially modified and/or altered; therefore, Plaintiff's claims are barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

3510125v1

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by Plaintiff's failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution and/or indemnity from any person and/or entity whose negligence or other fault contributed to the alleged injuries and damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud or similar conduct are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001).

3510125v1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue and/or forum.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because: (1) Defendants did not make any express warranties to Plaintiff; (2) Defendants' Neurontin advertisements and promotions were not an affirmation of fact or a promise made by the seller to the buyer that related to the drug Neurontin and became part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiff; (3) Defendants' Neurontin advertisements and promotions were not a description of the drug included in any contract that was part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiff, such that a warranty was created that the drug would conform to the description; (4) Plaintiff did not read, see or hear about the alleged illegal "off-label" promotions; (5) there was a lack of privity between Defendants and Plaintiff; and (6) notice of an alleged breach was not given, or timely given, to the seller or Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest or any damage by reason of the conduct of Defendants as alleged in the Complaint.

3510125v1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not make any false, misleading, or deceptive statements to Plaintiff in their advertisements and/or promotional materials concerning Neurontin.  As to any statement asserted against Defendants that Plaintiff alleges to be false, misleading, or deceptive, Defendants had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false, misleading, or deceptive.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, due to his failure to join indispensable parties and/or bring claims against the real party in interest.

## THIRTIETH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiff, and/or by his fault.  Any recovery might be reduced accordingly or eliminated altogether.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Should Defendants be held liable to Plaintiff, which liability is specifically denied, Defendants would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in Plaintiff's Complaint.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred in whole or in part by lack of defect, as any product allegedly ingested by Plaintiff was properly prepared in accordance with the applicable standard of care.

3510125v1

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants and Neurontin were in compliance with legislative regulatory standards and/or administrative regulatory safety standards relating to design, performance, warnings and/or instructions and, therefore, Neurontin is deemed not defective.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the "state of the art" defense.  Neurontin, when placed into the stream of commerce, was a reasonably safe and effective prescription drug in light of the then existing and reasonably available scientific, medical, and technological knowledge.  To the extent Plaintiff claims that Neurontin was dangerous or defective in certain respects, Defendants state that any such risks associated with Neurontin were not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Notwithstanding Plaintiff's claims and contentions, Plaintiff received all or substantially all of the benefit of Neurontin that he had intended to receive, and to that extent any damages and/or restitution that Plaintiff might be entitled to recover from Defendants must be correspondingly reduced.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendant's liability for non-economic damages is several rather than joint and should be prorated pursuant to CPLR § 1601.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

3510125v1

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and applicable state law.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards that arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 549 U.S. 346 (2007).

## FORTIETH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative defenses as may be established by the discovery and evidence in the case.  Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1.      Enter judgment in their favor on all claims alleged in the Complaint;

2.      Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

-44-

3.    Grant Defendants such other and further relief as the Court may deem just and

proper.

Dated: July 15, 2009

                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                    FLOM LLP

                                    /s/ Mark S. Cheffo
                                    By: Mark S. Cheffo

                                    Four Times Square
                                    New York, New York 10036
                                    Telephone: 212.735.3000
                                    Facsimile: 212.735.2000
                                    Email: mcheffo@skadden.com

                                         -and-

                                    SHOOK, HARDY & BACON L.L.P.

                                    /s/ Scott W. Sayler
                                    By: Scott W. Sayler

                                    2555 Grand Blvd.
                                    Kansas City, Missouri 64108-2613
                                    Telephone:  816.474.6550
                                    Facsimile: 816.421.5547
                                    Email: ssayler@shb.com

                                         -and-

                                    WHITE AND WILLIAMS LLP

                                    /s/ David B. Chaffin
                                    By: David B. Chaffin

                                    100 Summer Street, 27th Floor
                                    Boston, Massachusetts 02110
                                    Telephone:  617.748.5200
                                    Facsimile: 617.748.5201
                                    Email: chaffind@whiteandwilliams.com

                                    *Attorneys for Defendants Pfizer Inc and
                                    Warner-Lambert Company LLC*

3510125v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on July 15, 2009.

/s/ David B. Chaffin
David B. Chaffin