UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
:   MDL Docket No.: 1629
In re:   NEURONTIN MARKETING,   :
       SALES PRACTICES AND   :   Master File No.: 04-10981
       PRODUCTS LIABILITY LITIGATION   :
:   Judge Patti B. Saris
---------------------------------------------------------------x
:   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:   :
:
*Egilman v. Pfizer Inc.,* 1:07-11426-PBS   :
:
---------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
<u>MOTION FOR LEAVE TO FILE A MOTION *IN LIMINE*</u>**

Plaintiff, by and through his attorneys, The Lanier Law Firm, P.L.L.C., and Finkelstein & Partners, LLP, hereby oppose Defendants' motion for leave to file a supplemental memorandum of law in support of Defendants' motion *in limine* to exclude any argument based upon how any recovery will be used, including how recovery will be divided among potential beneficiaries of the Estate as the motion is way past the June 22, 2009 deadline for motions *in limine* established by this Court.

<u>**ARGUMENT**</u>

This Court should deny Defendants' so-called "supplementation" of their motion *in limine* as it is untimely, and Defendants had the same opportunity as Plaintiff to assert such an argument prior to the deadline imposed by this Court for such motions.

Moreover, Defendants' arguments that Plaintiff should not be allowed to mention how the money will be utilized and for which beneficiaries are disingenuous at best. Defendants are well aware that the Massachusetts wrongful death statute, chapter 229, section 2, "wrongful

death damages", clearly indicates that **"[d]amages under this section shall be recovered in an action of tort by the executor or administrator of the deceased."**  ALM GL ch. 229, § 2 (emphasis added).  The damages (as this Court is probably well aware) are defined in part as:

> [t]he fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in section one, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages recovered."

*Id.*

At this time, there are only two distributees (next of kin) who have loss of services, protection, etc.:  Susan Bulger's two children.  Indeed, Ronald Bulger, Sr. appeared before this Court on July 8, 2009, and confirmed his waiver of any proceeds, and David S. Egilman, as Administrator of the Estate, has brought the "action of tort" that entitles Plaintiff's counsel to submit evidence consistent with the damages under the wrongful death statute.  Importantly, this has absolutely nothing to do with whether any person has filed an "individual" cause of action; rather it is simply consistent with the wrongful death statute.

Furthermore, as indicated in Plaintiff's opposition to Defendants' motion *in limine* to exclude the testimony of Plaintiff's decedent's minor daughter, in order to recover for this claim, Plaintiff must proffer evidence to demonstrate and support the loss of parental consortium for the two children.  ECF Doc. # 1948 at 2-3.  The Supreme Court in Massachusetts has "recognized that a minor child has a strong interest in her parent's society and that a child has a right to recover for loss of a parent's society resulting from a defendant's negligence."  *Barbosa v. Hopper Feeds, Inc.,* 404 Mass. 610, 618 (1989) (citing *Ferriter* v. *Daniel O'Connell's Sons*, 381 Mass. 507, 510, 516 (1980)).  To recover for a claim of loss of parental consortium under the law in Massachusetts, a child is required to demonstrate " *a* reasonable expectancy of a dependent

2

relationship with the injured parent" *Angelini v. OMD Corp.*, 410 Mass. 653, 662 (1991). "The dependent relationship has to do with the child's 'dependence on the injured parent for management of the child's needs and for emotional guidance and support rather than economic dependence on the injured parent.'" *Gottlin v. Graves*, 40 Mass. App. Ct. 155, 161(App. Ct. 1996) (citations omitted). "While there is no requirement that a child must be living in the injured parent's household to recover for loss of parental society, the plaintiff carries the burden of proving the existence, and impairment, of a dependency relationship between the child and parent in a loss of consortium claim." *Id.* If Plaintiff is not allowed to proffer such evidence and make it known to the jury that the evidence relates to his claim for the loss of parental consortium for the two children, the claim will be severely prejudiced. The fact that such evidence is necessary and mandated under Massachusetts law in order to make a prima facie case for loss of parental consortium makes the probative value of such evidence substantially outweigh any potential prejudice to Defendants.

Consistent with the jury instructions and verdict sheet proposed by Plaintiff, the jury is entitled to award separate amounts for the next of kin that is consistent with the above referenced damages. The jury will also be able to delineate an amount of separate damages for the "Estate" that reflects Susan Bulger's own pain and suffering before her death. Subsequently, the jury's verdict would be submitted to the applicable Probate Court, and the assigned judge with jurisdiction over the Estate would resolve the apportionment in a manner consistent with the estate laws of Massachusetts. In light of Massachusetts law reflecting the wrongful death statute, and Plaintiff's entitlement to submit evidence regarding the "fair monetary value of the decedent" to her next of kin based upon their loss of care, assistance, guidance, etc., common sense dictates that Plaintiff's counsel will explain to the jury the losses that Susan Bulger's minor child has

suffered so that the jury can fairly and adequately address damages. Consistent with the above, it is axiomatic that Plaintiff's counsel would not ask the jury to apportion damages for Ronald Bulger, Sr., in light of the fact that he has waived his proceeds, if any, to be gained in the case.[1] Instead, Plaintiff would focus on proffering evidence to prove the damages claimed for the Plaintiff's decedent's children.

## CONCLUSION

Plaintiff respectfully requests that this Court deny Defendants' motion for leave to file a supplemental memorandum of law in support of Defendants' motion *in limine* to exclude any argument based upon how any recovery will be used, including how any recovery will be divided among potential beneficiaries of the Estate as the motion is way past the June 22, 2009 deadline for motions *in limine* established by this Court. If this Court does intend to entertain the motion and grant leave, Plaintiff requests that the Court allow Plaintiff sufficient time to fully respond to Defendants' motion *in limine*.

Dated: July 16, 2009                                Respectfully submitted,

By:   **/s/ W. Mark Lanier**
         W. Mark Lanier, Esquire
         THE LANIER LAW FIRM, P.L.L.C.
         126 East 56th Street, 6th Floor
         New York, NY  10022

By:   **/s/ Andrew G. Finkelstein**
         Andrew G. Finkelstein, Esquire
         Finkelstein & Partners, LLP
         1279 Route 300, P.O. Box 1111
         Newburgh, NY  12551

---

[1] Because Ronald Bulger, Sr., waived his interests to recover proceeds in this action, Plaintiff intends to submit for the Court's consideration both a revised proposed jury instruction on Wrongful Death-Damages and a revised Verdict Sheet that omits reference to Ronald Bulger, Sr.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 16, 2009.

                                                 **/s/ Andrew G. Finkelstein**
                                                 Andrew G. Finkelstein