UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:   NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : MDL Docket No. 1629 : : : Master File No. 04-10981 : |
| THIS DOCUMENT RELATES TO: | : : : : Judge Patti B. Saris |
| *Bulger v. Pfizer Inc.*, Case No. 1:07-cv-11425-PBS | : : : Magistrate Judge Leo T. Sorokin |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR AN ORDER COMPELLING DEFENDANTS NOT TO RELEASE ANY INFORMATION TO DR. GIBBONS RELATED TO DR. GREENLAND'S REBUTTAL TESTIMONY SCHEDULED FOR JULY 21, 2009, AND THAT DEFENDANTS ONLY CONDUCT THEIR PREPARATION OF DR. GIBBONS FOR THE *DAUBERT* HEARING PRIOR TO THE DATE THAT DR. GREENLAND TESTIFIES**

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), by counsel, respectfully submit this opposition to Plaintiff's Emergency Motion for an Order Compelling Defendants Not to Release Any Information to Dr. Gibbons Related to Dr. Greenland's Rebuttal Testimony Scheduled for July 21, 2009, and that Defendants Only Conduct Their Preparation of Dr. Gibbons for the *Daubert* Hearing Prior to the Date that Dr. Greenland Testifies. For the reasons set forth below, Plaintiff's motion should be denied in all respects.

On June 22, 2009, Plaintiff filed a *Daubert* challenge against Dr. Gibbons. That motion, of course, is just the most recent of Plaintiff's seemingly never-ending attacks on Dr. Gibbons, who Plaintiff's counsel desperately does not want to testify at trial. On May 29, 2009, Plaintiff filed an Emergency Motion to strike Dr. Gibbons from testifying [1807]. That motion was

denied [1929].  On May 29, 2009, Plaintiff filed a separate Emergency Motion to strike Dr. Gibbons' March 2009 Expert Report and for reconsideration of the Court's November 2008 decision regarding Dr. Gibbons [1817].  That too was denied [1929].[1]  Then, more than three weeks later, Plaintiff filed their belated *Daubert* challenge against Dr. Gibbons.  Although this Court noted that Plaintiff's motion was filed too late [7/8/09 Tr. at 28:3-11], it has nonetheless afforded Plaintiff an opportunity to present oral argument and evidence in support of his motion.  Plaintiff now files yet another Emergency Motion, this time complaining about the unfairness of the last minute *Daubert* hearing he asked for, and seeking to prevent Dr. Gibbons and defense counsel from having a full opportunity to defend against Dr. Greenland's criticisms.

It should come as no surprise to anyone that witnesses, counsel, and the Court have all adjusted their schedules for the forthcoming trial and hearing on Plaintiff's last minute *Daubert* hearing.  Dr. Gibbons is available to testify in Boston on July 23.  As previously indicated, Dr. Gibbons has other matters, unrelated to litigation, that preclude him from appearing on July 21, the day that Dr. Greenland is available.  There is nothing unfair about having Dr. Greenland present his testimony first, as he is the witness who has harshly attacked Dr. Gibbons' methodology at ever turn.  And it clear that all of these scheduling problems have been caused by Plaintiff's dilatory filing.  The idea that Dr. Gibbons should be compelled to walk into a *Daubert* with blinders on because of circumstances entirely of Plaintiff's own making is patently unfair.  Moreover, defense counsel should have a full opportunity to prepare Dr. Gibbons for his testimony immediately prior to such an important hearing, where his credibility and reputation as a scientist are under attack.  Plaintiffs' fervent wish to engage in trial – and *Daubert* hearing – by ambush should be denied.

---

[1]  Stopping short of nothing to try to keep Dr. Gibbons' testimony from the jury, Plaintiffs' Steering Committee has also filed an Objection to Magistrate Judge Sorokin's Orders denying their motions to strike Dr. Gibbons [1992], to which Defendants will respond shortly.

Dr. Greenland's testimony at the forthcoming hearing will be limited to what he has already said in this case in his various reports, and Dr. Gibbons should have a full and fair opportunity to respond to those criticisms both at the *Daubert* hearing and at trial. The Court has scheduled a hearing specifically to understand Dr. Gibbons' opinions and Dr. Greenland's critique. The goal is to get to the truth, not to play a game of "gotcha." Time is limited and trial is imminent. For this hearing to serve any purpose Dr. Gibbons must be fully apprised of Dr. Greenland's *Daubert* testimony.

Plaintiff's reference to the June 2008 *Daubert* hearing is grossly misleading. Plaintiff fails to remind the Court that experts from both sides of the case sat in the courtroom to hear testimony throughout the course of that hearing. Neither party tried to exclude any expert from the courtroom. Plaintiff's claim that they will be somehow prejudiced if Dr. Gibbons is given an opportunity to learn from counsel what Dr. Greenland testified to, and to prepare himself to fully respond to that testimony to assist the Court in its understanding of the evidence, is unavailing.

Plaintiff's reference to the situation with Ron Bulger and the witnesses recently identified by Pfizer is nothing short of outrageous. The Court prohibited Plaintiff's counsel from conferring with Mr. Bulger in advance of those depositions because of concerns about the physical safety of those witnesses – concerns that proved all too real, and which led to the entry of a restraining order against Mr. Bulger to protect those witnesses. To assert that Plaintiff's situation here is at all analogous, much less necessary "to assure that there is an equal playing field for Plaintiff" (Pls' Mot. at 4), should not be dignified with a further response.

The authority cited by Plaintiff is completely beside the point. In *In re Omeprazole Patent Litig.*, 190 F. Supp. 2d 582 (S.D.N.Y. 2002), the court considered sequestering one defense expert from another defense expert, citing a concern that one could "conform his phraseology and opinions" to the other, thus "enhanc[ing] the consistency of their opinions." *Id.* at 585. Obviously no such risk is present here. To the contrary, Dr. Gibbons' review of Dr. Greenland's testimony will allow him to fully respond to the assertions of Plaintiff and Dr.

Greenland and, thus, be more helpful to the Court.  Similarly, *United States v. Magana*, 127 F.3d 1 (1st Cir. 1997), is distinguishable.  That case did not involve expert testimony at all, but rather a federal prosecutor who conferred with a fact witness before the witness was excused from the stand, in violation of a local custom.  *Id*. at 5-6.

Not surprisingly, Plaintiff fails to cite a single authority for the proposition that defense counsel can be curtailed in its preparation of Dr. Gibbons for his *Daubert* testimony.  Of course, regardless of this *Daubert* hearing, defense counsel will be meeting with Dr. Gibbons in the coming days to prepare him for his testimony at trial on all of these same issues.

Finally, Dr. Gibbons will not attend Dr. Greenland's testimony on July 21.  Even if he did, however, the law is clear that sequestration would be entirely improper.  Indeed, the First Circuit has observed that there is "little if any reason to sequester a witness who is to testify in an expert capacity only and not to the facts of the case."  *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991) (citing *Morvant v. Constr. Aggregates Corp*., 570 F.2d 626, 630 (6th Cir. 1978)); *see also Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd*., 993 F.2d 1201, 1209 (5th Cir. 1993) ("Expert witnesses clearly fall within Rule 615(3)'s exception").

<u>CONCLUSION</u>

For all of the foregoing reasons, Pfizer respectfully requests that Plaintiff's Emergency Motion for an Order Compelling Defendants Not to Release Any Information to Dr. Gibbons Related to Dr. Greenland's Rebuttal Testimony Scheduled for July 21, 2009, and that Defendants Only Conduct Their Preparation of Dr. Gibbons for the *Daubert* Hearing Prior to the Date that Dr. Greenland Testifies be denied in all respects.

Dated:  July 17, 2009

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:      /s/ Mark S. Cheffo
         Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

         -and-

SHOOK, HARDY & BACON L.L.P.

By:      /s/ Scott W. Sayler
         Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel:  (816) 474-6550

         -and-

WHITE AND WILLIAMS LLP

By:      /s/ David B. Chaffin
         David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on July 17, 2009.

/s/ David B. Chaffin
David B. Chaffin