UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| | Magistrate Judge Leo T. Sorokin |
| *Bulger v. Pfizer Inc., et al.*<br>Case No. 1:07-cv-11426-PBS | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO QUASH TRIAL SUBPOENA**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this memorandum in support of their motion, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to quash the trial subpoena Plaintiff served on July 22, 2009, demanding the appearance of Jeffrey B. Kindler.

**PRELIMINARY STATEMENT**

This Court ruled on June 9, and reiterated at the pretrial conference just two days ago, that Plaintiff may not call any new witness at trial. In direct contravention of these unequivocal rulings, Plaintiff served a trial subpoena on Pfizer late this morning (just three business days before the start of trial), commanding Pfizer Chairman and CEO Jeffrey Kindler to appear at trial on July 28. (*See* Exh. A, Kindler Subpoena.)[1] Mr. Kindler has never been deposed in this

---

[1] This afternoon, Plaintiff also served a subpoena on CT Corporation in Massachusetts commanding that a "Corporate Representative of Pfizer, Inc. knowledgeable concerning the allegations contained in the attached Amended Complaint" also appear at trial on July 28. (*See* Exh. C, Corporate Subpoena.) This subpoena should also be quashed. As a threshold matter, there is no provision under the Federal Rules for a trial subpoena on a "corporate representative." *See also Donoghue v. County of Orange*, 848 F.2d 926, 932 (9th Cir. 1987); *Hill v. National R. R. Passenger Corp.*, CIV. A. No. 88-5277, 1989 WL 87621, at *1 (E.D. La. July 28, 1989).

Moreover, just as Plaintiff cannot subpoena Mr. Kindler because he never disclosed him as a witness, he cannot subpoena an unnamed, and thus never disclosed, "corporate representative."

litigation, was never listed by either party as a trial witness, and was never identified to Pfizer or this Court as a witness to whom Plaintiff was directing a subpoena or seeking to call at trial, even during the pretrial conference on Monday, when the Court questioned Plaintiff's counsel specifically about which witnesses he intended to call at trial and about his purported service of a subpoena for a corporate representative.

Plaintiff's subpoena is also improper under well settled case law strictly limiting attempts to subpoena high ranking or "apex" corporate executives. Courts have repeatedly recognized that such subpoenas are often served for no reason other than harassment and disruption of an opponent's businesses. The potential for abuse is heightened here where such a subpoena is served on short notice, days before trial is to begin. Moreover, the subpoena is defective and facially invalid for numerous reasons, as set forth below.

For all these reasons, Plaintiff's subpoena should be quashed and Plaintiff should be precluded from calling Mr. Kindler at trial.

## ARGUMENT

### I. PLAINTIFF'S SUBPOENA SHOULD BE QUASHED BECAUSE IT VIOLATES THIS COURT'S PRETRIAL ORDER AND ORDER PRECLUDING NEW WITNESSES

Although Plaintiff's subpoena to Mr. Kindler is substantively and technically defective for numerous reasons identified below that also require that it be quashed, this Court need not even reach those issues because, as a preliminary matter, the subpoena directly violates both the Court's April 9 Pretrial Order setting forth a schedule for disclosing trial witnesses and the Court's June 9 Order granting in part Pfizer's motion to strike improper and late witness designations and directing that "*[n]o new fact or expert witnesses are permitted*." (6/9/09 Electronic Order (emphasis added).)

This Court's April 9 Pretrial Order [1739] required the parties to exchange, on May 22, lists of witnesses they intend to call in their direct cases, with estimated time for direct examinations. In addition, in its June 9 Order setting a 21-hour time limit per side for trial, the Court directed the parties to "designate . . . realistic list[s] of documents and witnesses" (6/9/09

Electronic Order). Plaintiff did not name Mr. Kindler on the witness list he served on May 22, the revised list he served on June 19, or the list he filed with the Court on June 22. Nor was Mr. Kindler identified as a potential witness in Plaintiff's Rule 26 disclosures.[2]

At Monday's pretrial conference, this Court confirmed that its June 9 Order precluding new witnesses meant exactly what it said: that Plaintiff could not call at trial witnesses whom Plaintiff had not disclosed under Rule 26(a) as witnesses upon whom he might rely in support of his claims. (*See* Exh. B, 7/20/09 Hr'g Tr,. at 96:7-98:1.) For this reason, Plaintiff's subpoena should be quashed.

## II. PLAINTIFF'S SUBPOENA SHOULD BE QUASHED BECAUSE PLAINTIFF CANNOT MEET THE REQUIREMENTS FOR CALLING AN "APEX" WITNESS

### A. The Subpoena Must Be Quashed Because It Subjects Pfizer and Mr. Kindler to Undue Burden

Plaintiff has ignored his duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).[3] By attempting to subpoena Pfizer's Chief Executive Officer on less than a week's notice – after failing to identify him under Rule 26 or on his live witness lists, and after the Court specifically ruled that no new witnesses would be permitted to testify – Plaintiff is actively seeking to *maximize* the disruption of Pfizer's normal business operations and to distract Pfizer's trial team from their preparation for trial. This abusive tactic should not be countenanced, and the subpoena should be quashed.

---

[2] Had Plaintiff's counsel advised Pfizer and the Court during Monday's conference, in response to the Court's questions about their efforts and intentions with regard to calling a Pfizer witness, that they were, in fact, going to seek Mr. Kindler's appearance, Pfizer would have informed the Court that Mr. Kindler had never been deposed or listed as a trial witness, and was thus subject to this Court's order prohibiting new witnesses. The Court could have promptly ruled, avoiding the need for this additional motion practice on the eve of trial. Pfizer also sought to avoid having to file the instant motion by advising Plaintiff's counsel this afternoon that Pfizer believed its subpoenas to Jeffrey Kindler and a "corporate representative" were improper for many reasons and asking Plaintiff to withdraw them. Plaintiff's counsel indicated that Plaintiff will not do so and that he expected Pfizer to move to quash.

[3] The Court "must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." Fed. R. Civ. P. 45(c)(1).

Rule 45 provides that the Court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). Applying this provision "'requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it,' and '"calls upon the court to consider whether the information is necessary and unavailable from any other source.'" *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004) (citation omitted); *see also, e.g., Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass. 2008) ("When determining whether a subpoena duces tecum results in an undue burden on a party such factors as 'the relevance of the documents sought, the necessity of the documents sought, the breadth of the request . . . expense and inconvenience' can be considered.") (citation omitted).

Likewise, recognizing the "tremendous potential for abuse or harassment" posed by such requests,[4] numerous courts have refused to compel senior corporate executives to testify unless the plaintiff can show that the executive has unique personal knowledge of the relevant facts that cannot be obtained from lower-level employees. *See, e.g., Thomas v. IBM*, 48 F.3d 478 (10th Cir. 1995) (upholding protective order where plaintiff made no showing that the corporation's chairman had information unavailable from other personnel); *see also Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 682 (7th Cir. 2002) (trial court correctly refused to compel deposition of high-ranking executive in light of the burden to the company and the plaintiff's failure "to avail herself of other reasonably available means of discovery"); *Baine*, 141 F.R.D. at

---

[4] "Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007); *see also Baine v. Gen. Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991) (noting that "[t]he legal authority is fairly unequivocal" in recognizing this potential for abuse). "[P]ermitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation." *Consol. Rail Corp. v. Primary Indus. Corp.*, No. 92 Civ. 4927, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993). Because a high-level corporate executive like Mr. Kindler "can be easily subjected to unwarranted harassment and abuse[, h]e has a right to be protected, and the courts have a duty to recognize his vulnerability." *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985); *see also Crown Cent. Petroleum v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995) ("[D]epositions of persons in the upper level management of corporations often involved in lawsuits present problems which should reasonably be accommodated in the discovery process.").

335-36 (quashing deposition of corporate vice president in products liability case where there was no showing that vice president had superior or unique personal knowledge not obtainable through less intrusive means). While this issue normally arises in the deposition context, the same principles apply with even greater force here. Because the scope of admissible evidence at trial is much narrower than the scope of permissible discovery,[5] any conceivable "benefit" Plaintiff might derive from Mr. Kindler's testimony would be even smaller at trial than at deposition. Meanwhile, the burden posed by Plaintiff's trial subpoena is much greater than in the deposition setting, since depositions can be more easily rescheduled around a witness's prior commitments.

Initially, Plaintiff's failure to include Mr. Kindler on his live witness lists is a compelling indication that he has no legitimate reason for pursuing his testimony now other than for purposes of harassment. Moreover, Plaintiff has deposed dozens of current and former employees of the Defendants. Mr. Kindler joined Pfizer in 2002 and served as Pfizer's general counsel from 2002 to 2005.[6] He did not become CEO of Pfizer until 2005, after all relevant events in this case had occurred. Plaintiff cannot plausibly claim that Mr. Kindler has any relevant knowledge that cannot be presented through the numerous company depositions he has designated.

### B.     The Subpoena Must Be Quashed Because It Fails to Allow a Reasonable Time to Comply

The subpoena must also be quashed because it is untimely. Plaintiff has long known of Mr. Kindler's position as Pfizer's CEO, but made the strategic decision to leave him off Plaintiff's live witness lists and wait until Wednesday, July 22, before attempting to compel his testimony on Tuesday, July 28. Three business days simply cannot be construed as reasonable

---

[5] *See, e.g., Jackson v. Harvard Univ.*, 111 F.R.D. 472, 475 (D. Mass. 1986) ("Relevancy for discovery purposes is much broader than for admissibility purposes at trial.").

[6] To the extent that he has personal knowledge of relevant events during that time period, much would be subject to the attorney-client and attorney work-product privileges.

notice, particularly given the complexity of the issues in this case and the disruption to Pfizer's business that would result from so abruptly diverting the attentions of its CEO.

Rule 45 provides that the Court "must quash or modify a subpoena that . . . fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(c)(3)(A)(i). Courts have repeatedly granted motions to quash where, as here, the subpoena was served just days before the appearance demanded. *See, e.g., Murray v. Holiday Isle, LLC*, No. 07-0771, 2009 U.S. Dist. LEXIS, at *2 (S.D. Ala. May 12, 2009); *Fox v. Traverse City Area Public Schools Bd. of Educ.*, No. 1:07-cv-956, 2009 WL 724001, at *1 (W.D. Mich. Mar. 10, 2009); *United States v. Phillip Morris Inc.*, 312 F. Supp. 2d 27, 36-37 (D.D.C. 2004); *In re Stratosphere Corp. Secs. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327-28 (N.D. Ill. 2005).

### III. PLAINTIFF'S SUBPOENA SHOULD BE QUASHED BECAUSE IT IS PROCEDURALLY DEFECTIVE

Plaintiff's subpoena should also be quashed because it is procedurally defective. Under Rule 45(b)(1), "[s]erving a subpoena requires *delivering a copy to the named person* and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1) (emphasis added). Here, Plaintiff failed to personally serve the subpoena on Mr. Kindler. *See Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007) ("Under the plain language of the rule, as well as Fifth Circuit precedent, service is improper if the person himself is not served with a copy of the subpoena").

In addition, the subpoena is also defective because it was served beyond the 100-mile territorial limits of this Court's subpoena power. While there is a split of authority among district courts regarding whether officers of corporate parties can be served with subpoenas outside the territorial limits set forth in Federal Rule of Civil Procedure 45(b)(2), the better view − and clear trend of recent authority − is that they cannot.[7]

---

[7] *See Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 216 (E.D. La. 2008); *Chao v. Tyson Foods, Inc.*, 255 F.R.D. 556, 559 (N.D. Ala. 2009); *Dolezal v. Fritch*, No. 08-cv-1362, 2009 WL 764542, at *1-2 (D. Ariz. Mar. 24, 2009); *Lyman v. St. Jude Med. S.C., Inc.*, 580 F. Supp. 2d 719, 733-34 (E.D. Wis. 2008); *Broadus v. CSX Transp., Inc.*, No. 08-1201, 2009 WL 1941321, at *1 (E.D. La. July 2, 2009); *Maryland Marine Inc. v. U.S.*, No. 07-3030, 2008 WL 2944877, at *5-6 (S.D. Tex. July 23, 2008);
*(cont'd)*

6

## **CONCLUSION**

For all of the foregoing reasons, Pfizer respectfully request that the Court quash Plaintiff's subpoena commanding Mr. Kindler's appearance at trial. In order to eliminate further disruption caused by the need to file motions to quash, Pfizer further asks that Plaintiff be ordered to refrain from serving subpoenas seeking the appearance of any Pfizer employees not identified on Plaintiff's live witness list.

Dated: July 22, 2009                       Respectfully submitted,

                                           SKADDEN, ARPS, SLATE,
                                           MEAGHER & FLOM LLP

                                           By: /s/ Mark S. Cheffo
                                               Mark S. Cheffo


                                           Four Times Square
                                           New York, NY 10036
                                           Tel: (212) 735-3000

                                                -and-

                                           BOIES, SCHILLER & FLEXNER LLP

                                           By: /s/ William S. Ohlemeyer
                                               William S. Ohlemeyer

                                           333 Main Street
                                           Armonk, NY 10504
                                           Tel: (914) 749-8200

                                                -and-

---

*(cont'd from previous page)*
*Mazloum v. D.C. Metro. Police Dep't*, 248 F.R.D. 725, 727-28 (D.D.C. 2008); *Jamsport Entm't, LLC v. Paradama Prod., Inc.*, No. 02-2298, 2005 WL 14917, at *1 (N.D. Ill. Jan. 3, 2005); *Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. 388, 297 (N.D. Iowa 1998).

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
    Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel:  (816) 474-6550

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
    David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on July 22, 2009.

/s/ David B. Chaffin
David B. Chaffin