UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------------x
                                                                :    MDL Docket No.: 1629
In re:  NEURONTIN MARKETING,                                    :
        SALES PRACTICES AND                                     :    Master File No.: 04-10981
        PRODUCTS LIABILITY LITIGATION                           :
                                                                :    Judge Patti B. Saris
----------------------------------------------------------------x
                                                                :    Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                                       :
                                                                :
*Egilman v. Pfizer Inc.,* 1:07-11426-PBS                        :
                                                                :
                                                                :
----------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO QUASH PLAINTIFF'S SUBPOENAS TO HAVE DEFENDANTS'
CORPORATE OFFICER APPEAR AND TESTIFY AT TRIAL**

Plaintiff, by and through his attorneys, The Lanier Law Firm, P.L.L.C., and Finkelstein & Partners, LLP, submit this memorandum in opposition to Defendants' motion to quash Plaintiff's subpoenas to have Defendants' corporate officer appear and testify at the trial of the within action. Plaintiff served subpoenas on Defendants in both Boston, MA and in New York, NY. Defendants' refusal to have a corporate witness appear live and provide testimony on Plaintiff's case-in-chief is simply an attempt to control the form and substance of Plaintiff's trial presentation. Defendants refuse to produce for trial testimony even a single witness for Plaintiff to present during his case-in-chief before the jury and this Court.

**I.     FED. R. CIV. P. 45 ESTABLISHES THE DISTRICT COURT'S AUTHORITY TO ORDER DEFENDANTS' CORPORATE OFFICER TO TESTIFY DURING PLAINTIFF'S CASE-IN-CHIEF**

The plain language of Fed. R. Civ. P. 45 authorizes subpoenas of a party's corporate officers to testify at trial, even if those officers reside more than 100 miles from the courthouse.

The territorial limits on the service of subpoenas contained in Section (b), which limits subpoenas to a 100-mile radius of the courthouse **pertains to non-parties only,** and expressly made contingent on the provisions for motions to quash subpoenas contained in Section (c). Indeed, the opening phrase of Section (b) establishes this qualification. Fed. R. Civ. P. Rule 45 (c)(3)(A)(ii) specifically prohibits parties and their officers from moving to quash subpoenas based on the distance between the parties' residence and the courthouse:

> On timely motion, the issuing court must quash or modify a subpoena that: . . . requires <u>a person who is neither a party nor a party's officer</u> to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held.

Fed. R.. Civ. P. 45(c)(3)(A)(ii).

Thus, for the qualifying phrase of Section (b) to have any meaning, Section (b)'s restrictions on service must be limited to individuals who are neither parties nor their officers. Indeed, the majority of courts addressing this issue have so held.

Pertaining to the issue of Rule 45's limitation and it's non-application to parties or their offices, Judge G. Thomas Eisele of the District Court, Western District of Arkansas stated:

> The majority of courts to consider the issue have held that a court may compel the trial testimony of parties and, where the party is a corporation or entity, the party's high-level employees or officers, even when the person to be compelled resides beyond the 100-mile range for subpoenas.

*American Federation of Government Employees Local 922 v Ashcroft,* 354 F. Supp. 2d 909, 915 (E.D. Ark. 2003).

In *Barnett v. Merck & Co.***,** a Vioxx MDL case, the Court upheld Plaintiff's trial subpoena of one of Merck's principal officers and noted that "the court takes further comfort in knowing that the majority of courts that have been faced with the same issue have ruled likewise." 438 F.

2

Supp. 2d 664, 669 (E.D. La. July 21, 2006). In *Ferrell v. IBP, Inc*., the District Court denied defendants motion to quash subpoenas issued to two officers of the corporation and rejected the principal decision supporting defendant's contrary position stating that the decision "does not follow the majority of courts which have addressed the issue." 2000 U.S. Dist. LEXIS 22983 (N.D. Iowa 2000). More than a dozen courts that have considered the instant issue in dispute, whether a district court's subpoena power reaches beyond district lines and a 100-mile radius for parties and their officers — have found the territorial restraint inapplicable.[1]

In accordance with Fed. R. Civ. P. 45, Plaintiff has served a subpoena upon Defendants in Boston, Massachusetts (so there is obviously no issue with the 100 mile radius), and at

---

[1] *See, e.g., In re Vioxx Products Liability Litigation,* 439 F. Supp. 2d 640, 642 (E.D. La. June 29, 2006)) ("Rule 45(c)(3)(A)(ii) allows the PSC to subpoena Mr. Anstice [an officer of Merck] to personally attend and testify at trial."); *Ferrell v. IBP, Inc*., 2000 U.S. Dist. LEXIS 22983 (refusing to quash subpoenas of two high-ranking corporate party officers based on Rule 45(c)(3)(A)(ii)); *In re Ames Department Stores, Inc.,* 2004 Bankr. LEXIS 201, (S.D.N.Y. 2004) (refusing to quash subpoena of defendant's president even though he lived more than 100 miles from the court); *In re Bennett Funding Group, Inc.,* 259 B.R. 243, 250 (N.D.N.Y. 2001) ("if the case remains before this Court [in New York], the Court will be able to compel all the party witnesses from California to appear before it."); *American Federation,* 354 F. Supp. 2d at 915 (noting the court's authority to subpoena a regional director of the Bureau of Prisons to testify at an arbitration hearing even though the officer resides more than 100 miles from the court); *Younis v. American University in Cairo,* 30 F. Supp. 2d 390, 395 n.44 (S.D.N.Y. 1998) (recognizing that officers of an Egyptian university which was a defendant in the action could be compelled to appear to testify in New York); *Venzor v. Chavez. Gonzalez,* 968 F. Supp. 1258, 1267 (N.D. 1997) (the 100-mile 'limitation on a trial subpoena applies only to 'a person who is not a *party")* (citing Fed. R. Civ. P. 45(c)(3)(A)(ii)); *ME Bank Restoration Co. v. Elliott, Bray & Riley,* 1994 U.S. Dist. LEXIS 18465, at *26 (E.D. Pa, Dec. 22, 1994) (quashing subpoenas of corporate witnesses "because none of these six employees is represented, to be an officer of [the corporate party]."); *Stone v. Morton International, Inc.,* 170 F.R.D. 498, 500-01 (D. Utah •1997) (in context of deposition subpoena, noting that "Rule 45 F.R.C.P. allows a corporate officer of a party to be subpoenaed to appear beyond the 100 mile limitation....Rule 45, F.R.C.P. does extend the subpoena power <u>more broadly to a corporate officer than to a non-party</u> because the corporate officer of a party may be considered the corporate alter ego") (emphasis added); *National Property Investors, VIII v. Shell Oil Co.,* 917 F. Supp. 324, 329 (D.N.J. 1995)("unlike <u>party witnesses,</u> [see] Fed. R. Civ. P. 45(c)(3)(A)(ii), nonparty witnesses cannot be compelled to testify before this Court") (emphasis added); *First American Corp. v. Price Waterhouse, LLP,* 154 F.3d 16, 20. (2d Cir. 1998) ("Petitioner contends that Taittinger qualifies as an 'officer' of a party in the French litigation (Societe), and therefore can be compelled to travel more than 100 miles from home and work. If such is found to be the case, the subpoena may be sustained."); *Exxon Shipping Co. v. United States Dep't of• Interior,* 34 F.3d 774, 779 (9th Cir.,1994) (citing Rule 45(c)(3)(A)(ii) while recognizing the "special protection" afforded to "nonparties"); *Prudential Securities, Inc. v. Norcom Development, Inc.,* 1998 U.S. Dist. LEXIS 10569, at *14 (S.D.N.Y. 1998) (after citing Rule 45(b)(2) & (c)(3)(A)(ii), noting <u>non-party</u> witnesses from Florida would not likely be subject to subpoena power) (emphasis added); *Archer Daniels Midland Co. v. Aon Risk Services, Inc.,* 187 F.R.D. 578, 587 (D. Minn. 1999) (recognizing distinction between mere employees and "directors, officers and other high-level representatives" for purposes of compelling appearance to testify); *Greer v. Anglemeyer,* 1996 U.S. Dist. LEXIS 1429, at *6 (N.D. Ind. Jan. 5, 1996) (finding rule 45(c)(3)(A)(ii) inapplicable because "Dr. Land is not a party or an officer of a party to this action.").

3

Pfizer's Corporate headquarters in New York City requesting the appearance of Pfizer's general counsel, Jeffey B. Kindler, who was general counsel for Pfizer at the time Pfizer entered into a guilty plea (on behalf of Warner Lambert) in 2004 and agreed to a Corporate Integrity Agreement in 2004.  As such, he should appear and provide testimony to address the factual circumstances of said Agreement and Pfizer's actions consistent with the Agreement.  Indeed, it is undisputed that the Corporate Integrity Agreement applies to all of Defendants' officers, directors and employees, so Mr. Kindler should be able to provide testimony on the subject.  Who better to provide material, relevant evidence regarding Defendants' corporate intent and profit motive than Mr. Kindler? As this Court stated in regard to the evidence of the case, "[i]t's about corporate intent and a duty and whether a duty arose and what the corporate course of conduct was with respect to this drug."  (Hearing Transcript p.16.)  Plaintiff's action in serving subpoenas are consistent with the federal rules and aforementioned cases.

This Court, on July 20, 2009, inquired as to who Plaintiff anticipated as the first witness for trial. In response, Plaintiff, notwithstanding the Court's protocol that such disclosure is not due until 24 hours prior to the witness's appearance, represented that the witness would be "either a corporate witness or Dr. Franklin"  (Hearing Transcript, p. 11.)  While the Court denied Plaintiff's motion to compel Defendant's 30(b)6 witness Lloyd Knapp, who was deposed as Defendants' Labeling witness, the Court did not strip Plaintiff of his rights under the Federal Rules of Civil Procedure to seek via subpoena a corporate officer to appear and testify at trial:

> MR. FROMSON:  Okay.  On that issue, the motion that was denied that I believe Mr. Cheffo was referencing was our request that you require Lloyd Knapp to appear at trial.
>
> THE COURT:  Yes.

4

MR. FROMSON: Separate and distinct from that motion, we have served subpoenas for a corporate rep within a hundred miles of the court's radius in Cambridge, Massachusetts, as well as Manhattan –

THE COURT: Who? Do you know?

MR. FROMSON: Well, it was a general Rule 45 subpoena asking them to produce a witness to testify in this court of law as to the matters of the complaint. We haven't received any motion to quash that subpoena.

MR. CHEFFO: Your Honor, we went through a process, as you know very well, May 22, June 22, designated. They served just last –

THE COURT: Let me just start this. This isn't even on the 3,000 motions that have been –

MR. CHEFFO: No, it's not.

THE COURT: Let me -- yes, but if they subpoenaed you, you either have to move to quash or you have to produce them. So I denied your motion. You can't force someone to come in. You have to live with it, either through a deposition or through admissions, or you'll just wait till they put their person on with that guy. Who is it?

MR. CHEFFO: Lloyd Knapp, your Honor.

THE COURT: Lloyd Knapp. Are you bringing him in as part of your case?

MR. CHEFFO: He's listed as a witness. Ultimately whether he comes –

THE COURT: All right, so you may have to put it in through deposition testimony.

MR. FROMSON: Your Honor, not only was he listed as a witness, he was listed as a live witness, and he offered –

THE COURT: But they don't have to put on people. You both listed lots of people. So if I were you, I would read his deposition in, or put in admissions, or do what you need to do. Okay?

MR. FROMSON: Well, yes, your Honor. Yes, your Honor.

The Court's direction above related solely to Dr. Knapp, a witness not subpoenaed, but who was the subject of a motion to compel. Rather than granting Plaintiff's motion to compel,

5

the Court denied the motion and instructed Plaintiff as set forth above, as relates to Dr. Knapp. However, Plaintiff never understood that this Court was limiting Plaintiff's right to serve subpoenas pursuant to Rule 45.

Plaintiff's trial presentation should not be limited to presentation of discovery depositions taken via videotape. A video deposition cannot possibly compare with Plaintiff having the ability to exercise his right to question Defendants live and in front of the jury. *See* Fed. R. Civ. P. 43(a) advisory committee notes ("The very ceremony of trial and the presence of the fact finder may exert a powerful force for truth telling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."); *see also In re Vioxx Prods. Liab. Litig.,* 438 F. Supp. 2d 664 (E.D. La. July 21, 2006) ("To best fulfill its fact-finding duties, a jury should be engaged and highly sensitive to each witness. As this Court knows all too well, the deposition, whether read into the record or played by video, has the opposite effect. It is a sedative prone to slowly erode the jury's consciousness until truth takes a back seat to apathy and boredom.") It is beyond dispute that deposition testimony, taken for discovery purposes and not as cross-examination, is not comparable to live trial testimony.

Dated: July 23, 2009                                         Respectfully submitted,


By:   **/s/ W. Mark Lanier**
      W. Mark Lanier, Esquire
      THE LANIER LAW FIRM, P.L.L.C.
      126 East 56th Street, 6th Floor
      New York, NY  10022


By:   **/s/ Andrew G. Finkelstein**
      Andrew G. Finkelstein, Esquire
      Finkelstein & Partners, LLP
      1279 Route 300, P.O. Box 1111
      Newburgh, NY  12551

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 23, 2009.

                                                **/s/ Andrew G. Finkelstein**
                                                 Andrew G. Finkelstein, Esquire