UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ------------------------------------------------------------x : | | MDL Docket No. 1629 |
| In re:  NEURONTIN MARKETING, : SALES PRACTICES AND : PRODUCTS LIABILITY LITIGATION : : | | Master File No. 04-10981 |
| ------------------------------------------------------------x : | | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO : : *Egilman v. Pfizer Inc.*, 1:07-11426-PBS : : ------------------------------------------------------------x | | Magistrate Judge Leo T. Sorokin |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
BENCH MEMORANDUM ON THE ADMISSIBILITY OF
STATEMENTS BY RONALD BULGER, SR. AT TRIAL**

Plaintiff, by and through his attorneys, The Lanier Law Firm, P.L.L.C. and Finkelstein & Partners, LLP, respectfully submits that the Bench Memorandum brought by Defendants, PFIZER INC and WARNER-LAMBERT COMPANY LLC, (hereinafter "Defendants"), for a ruling on the admissibility of statements made by Ronald Bulger, Sr., must be denied;  Mr. Bulger is no longer a party to the action, and he is available to testify at trial, if Defendants choose to call him as a witness.  Mr. Bulger's statements are inadmissible hearsay and must be excluded in accordance with Fed. R. Evid. 801-803.

**ARGUMENT**

On July 20, 2009, at the Pretrial Conference held before the Honorable Patti B. Saris, U.S.D.J., issues regarding the admissibility of certain out-of-court statements by Ronald Bulger, Sr., were raised and decided by the Court.  *See* Excerpt of Transcript from Day One of Judge Saris' Final Pretrial Conference, July 20, 2009, attached as Exhibit A to the Declaration of Andrew G. Finkelstein, Esq., at 58:4-59:11, submitted herewith.  At that time, Judge Saris

determined the admissibility of specific types of statements made by former plaintiff, Ronald Bulger, Sr., in order to prevent counsel from making statements in opening arguments that constitute inadmissible hearsay. Ex. A at 62:3-7. When defense counsel then asked if they could submit a supplemental memorandum on the issue of the admissibility of Mr. Bulger's statements once he stopped being a party, Judge Saris clearly stated, "Yes. On that issue, it would be very helpful." Ex. A at 68:11-69:16. Inasmuch as Defendants have requested that the Court determine more than the narrow issue noted above, and that the Court determine issues already decided at the Pretrial Conference, Defendants' request to admit all of Mr. Bulger's out of court statements must be denied, as they are not admissions by a party-opponent and may not be admitted under any of the other exceptions to the hearsay rules.

### I.    ANY STATEMENTS MADE BY RON BULGER, SR., SUBSEQUENT TO HIS SUBSTITUTION AS ADMINISTRATOR OF SUSAN BULGER'S ESTATE ARE NOT PARTY ADMISSIONS

Defendants argue that Mr. Bulger's out-of-court statements are not hearsay because they are admissions by a party-opponent. *See* Fed. R. Evid. 801(d)(2)(A). Judge Saris determined that while Mr. Bulger was a party, his statements may be admitted as a party-opponent. Ex. A at 68:11-24. Judge Saris clearly stressed that this rule was no longer applicable once Mr. Bulger was no longer a party. She further indicated that unless Defendants could demonstrate that his statements are admissible as an excited utterance or a declaration against penal or pecuniary interest, such statements are inadmissible hearsay. Ex. A at 68:24-69:12.

Mr. Bulger is no longer a party and therefore his out-of-court statements are not admissible. *See* Fed. R. Evid. 801. Defendants are not in any way prejudiced by Judge Saris' determination because Mr. Bulger is available to testify at trial, at which time he can be cross-examined by Defendants.

## II. MR. BULGER'S STATEMENTS ARE INADMISSIBLE BECAUSE HE IS NOT A REAL PARTY IN INTEREST

Defendants again argue an issue that was decided by Judge Saris at the Final Pretrial Conference. Defendants argued that because Mr. Bulger is insolvent and his creditors are entitled to the money, he is a party in interest. Judge Saris emphatically stated, "I do not accept that argument." Ex. A at 62:21-63:7.

In a diversity action, state law determines who is a real party in interest. The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced. *See Estate of Butler v. Maharishi Univ. of Management*, 460 F. Supp. 2d. 1030, 1035-36 (S.D. Iowa 2006); *see also MacKay v. Levine,* 12 Mass. L. Rep. 552, 2001 Mass. Super. LEXIS 23 (Sup. Ct. 2001). This action is being prosecuted on behalf of the Estate of Susan Bulger, for the benefit of her heirs. At this time, there are only two distributees (heirs) who are entitled to the proceeds of this action and they are Susan Bulger's two children. Mrs. Bulger's heirs are the real parties in interest and the benefit of any award will flow to the estate for their benefit. As such, Mr. Bulger is not a real party-in-interest and his statements are inadmissible hearsay.

Defendants also question the validity of Mr. Bulger's waiver. Indeed, Ronald Bulger, Sr. appeared before this Court on July 8, 2009, and confirmed his waiver of any proceeds. Judge Saris confirmed her determination that Mr. Bulger made a knowing waiver, and therefore Defendants' argument herein must also fail. Ex. A at 62:23-24.

## III. SUSAN BULGER'S STATEMENTS REGARDING RONALD BULGER'S VERBAL ABUSE OF HER ARE INADMISSIBLE HEARSAY

Defendants attempt to mislead the Court by misstating the law on the admission of statements by a decedent. While there are certain hearsay exceptions that may permit the statements of a decedent, it is not generally considered a party admission. *See, e.g., Donovan v.*

3

*Sears Roebuck & Co*., 849 F. Supp. 86 (D. Mass. 1994), a decedent's statements are inadmissible as hearsay under Fed. R. Evid. 801 and 802. *Id.* at 87.

Defendants also argue that Susan Bulger's statements to her medical providers, regarding Ronald Bulger Sr.'s alleged verbal abuse would also be admissible. However, pursuant to Rule 803(4), only statements made for purposes of medical diagnosis or treatment are considered a hearsay exception. This is not the case here, and therefore Susan Bulger's statements must be excluded as inadmissible hearsay.

### IV.     RONALD BULGER'S STATEMENTS ARE NOT ADMISSIBLE UNDER ANY OF THE HEARSAY EXCEPTIONS

#### A.     Mr. Bulger's Statements to Susan Bulger's Medical Providers Are Inadmissible.

While a statement by a party relating to someone else's symptoms are not per se inadmissible, the relationship between the declarant and the patient will usually determine the admissibility of the statement. *See, e.g., United States v. Yazz*ie, 59 F.3d 807, 812 (9th Cir. 1995). As the relationship becomes more distant, the statement becomes less reliable because the motive to tell the truth becomes weaker. Thus, under Fed. R. Evid. 803(4), the declarant's motive to promote treatment and diagnosis is the factor crucial to reliability. *See Danaipour v. McLarey*, 386 F.3d 289, 298 (1st Cir. 2004). It is evident that this is a decision left to the Court's discretion.

#### B.     Mr. Bulger's Statements Should Not Be Admitted Under the Residual Exception to the Hearsay Rule.

Defendants repeatedly attempt to misinterpret the law and mislead the Court, and their argument about the residual exception of Fed. R. Evid. 807 is no exception. Congress intended the residual exception to be used rarely and only under exceptional circumstances. *See United States v. Peneaux*, 432 F.3d 882, 893 (8th Cir. 2005). As such, in assessing the qualitative degree

4

of trustworthiness of a particular statement, which is one of the requirements necessary for admission of a statement under Rule 807, the court must inquire into the reliability of and necessity for the statement. *See Oelzen v. United States*, 2009 U.S. Dist. LEXIS 27640 at *4 (E.D. Mo. March 31, 2009).

Defendants are attempting to admit statements by Mr. Bulger that are inadmissible hearsay by claiming that they are permissible under this rule because they possess sufficient indicia of reliability. Clearly that is up to the Court to decide. Since Mr. Bulger is available to testify, such a determination is completely unnecessary, and his statements should be excluded as hearsay.

## V.   PFIZER'S EXPERTS SHOULD BE PRECLUDED FROM TESTIFYING ABOUT MR. BULGER'S STATEMENTS

Fed. R. Evid. 703 requires the trial judge to act as an independent "gatekeeper" to ensure that there is sufficient, credible evidence that experts are relying on the specified types of sources in formulating their opinions. *See United States v. Corey*, 207 F.3d 84, 89 (1st Cir. 2000). Defendants claim that even if Mr. Bulger's statements are inadmissible under any hearsay exception, their experts may testify about those same inadmissible statements that their experts allegedly relied upon. Judge Saris has already advised Defendants that they must demonstrate not only whether or not the experts can rely upon the inadmissible hearsay, but also whether or not it can be introduced separately. Ex. A at 65:3-19. Defendants have failed to establish a foundation that it is the type of testimony relied upon by experts in their field, and therefore such statements must not be admitted.

## CONCLUSION

For the foregoing reasons, the Court should deny the relief requested in Defendants' Bench Memorandum.

Dated: July 23, 2009　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　By:　　**/s/ W. Mark Lanier**
　　　　　　　　　　　　　　　　　　　　W. Mark Lanier, Esquire
　　　　　　　　　　　　　　　　　　　　THE LANIER LAW FIRM, P.L.L.C.
　　　　　　　　　　　　　　　　　　　　126 East 56th Street, 6th Floor
　　　　　　　　　　　　　　　　　　　　New York, NY  10022

　　　　　　　　　　　　　　　　　By:　　**/s/ Andrew G. Finkelstein**
　　　　　　　　　　　　　　　　　　　　Andrew G. Finkelstein, Esquire
　　　　　　　　　　　　　　　　　　　　Finkelstein & Partners, LLP
　　　　　　　　　　　　　　　　　　　　1279 Route 300, P.O. Box 1111
　　　　　　　　　　　　　　　　　　　　Newburgh, NY  12551

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 23, 2009.

　　　　　　　　　　　　　　　　　　　　**/s/ Andrew G. Finkelstein**
　　　　　　　　　　　　　　　　　　　　Andrew G. Finkelstein, Esquire