UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** <br><br> **THIS DOCUMENT RELATES TO:** <br><br> Smith v. Pfizer, Inc., et al., <br> 1:05-cv-11515-PBS | ) ) ) ) ) ) MDL NO. 1629 ) Master File: 04-cv-10981-PBS ) ) ) ) ) |

**MEMORANDUM AND ORDER**

August 14, 2009

SARIS, U.S.D.J.

  Plaintiff Ruth Smith brings this action alleging that her husband Richard Smith's use of Neurontin, a product manufactured by Defendants Pfizer, Inc. and Warner-Lambert Company LLC (collectively "Pfizer"), caused him to commit suicide.  The Amended Complaint [Docket No. 1209] pleads six counts: (1) Negligence; (2) Breach of Warranty (express and implied); (3) Strict Liability; (4) Fraud; (5) Consumer Protection under the Tennessee Consumer Protection Act ("TCPA"); and (6) Punitive Damages.

  Defendants have moved for summary judgment on all counts, contending that Plaintiff is unable to establish causation.  They assert: (1) Plaintiff cannot demonstrate that Mr. Smith ingested Neurontin at any time temporally related to his suicide; (2)

Plaintiff cannot demonstrate that any allegedly inadequate warnings proximately caused Mr. Smith's suicide; and (3) Plaintiff has no admissible expert testimony on the issue of specific causation.  The first two grounds are fact-specific inquiries involving questions of Tennessee law and are therefore best left for the transferor court in Tennessee to resolve.  The third ground is a challenge under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 597 (1993), that has been rejected by this Court in its order denying Defendants' motion to exclude the specific causation testimony of Plaintiff's two expert witness.

Defendants also move for partial summary judgment on Plaintiff's breach of warranty (express and implied), fraud, and Tennessee Consumer Protection Act claims.  Plaintiff does not oppose Defendants' motion for summary judgment as to her express warranty and Tennessee Consumer Protection Act claims.  Accordingly, summary judgment is granted to Defendants on those two claims.

Defendants' motions for summary judgment on Plaintiff's implied warranty and fraud claims involve questions of Tennessee law.  <u>See generally</u> <u>In re Neurontin Mktg., Sales Practices and Prods. Liab.</u>, 618 F. Supp. 2d 96, 114 (D. Mass. 2009) (dismissing any fraud claims brought by Plaintiff Smith based on affirmative fraudulent misrepresentations but denying Defendants' motion to dismiss Plaintiff Smith's claim of fraudulent concealment).

Accordingly, Defendants' Motion for Summary Judgment [Docket No. 1641] is **ALLOWED-IN-PART**.  The remaining issues are reserved for the transferor court.

/s/ Patti B. Saris

_____

PATTI B. SARIS
United States District Judge