# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH C. COLACICCO | : | CIVIL ACTION |
| v. | : | |
| APOTEX, INC., et al. | : | NO. 05-5500 |

**<u>ORDER</u>**

AND NOW, this   18th   day of June, 2009, following a status conference with counsel in open Court on June 18, 2009, it is hereby ORDERED as follows:

1. SmithKline Beecham is no longer a party in this case, and the service list for this case proceeding forward will be limited to Plaintiff's counsel and the following two attorneys at Rawle & Henderson: Charles A. Fitzpatrick, III and Arthur B. Keppel.

2. Defendants' request that this Court re-enter its Order granting their Motion to Dismiss is rejected.

3. Within thirty (30) days, Plaintiff may file a Motion for Reconsideration as to any claims which were previously dismissed by this Court on non-preemption grounds, by reason of new decisions of the Pennsylvania appellate courts or the Third Circuit Court of Appeals, which Plaintiff asserts change the state law principles on which this Court previously relied.

4. Discovery shall commence on all open issues, specifically the preemption issue and negligence claims contained in Counts IV, VII and VIII of Plaintiff's Complaint. The parties shall promptly serve written discovery.

5. As discussed at the status hearing, discovery on preemption issues shall be the primary focus of counsel over the next several months and shall be completed by September 30,

-1-

2009.

6. Defendants may file a Motion for Summary Judgment on the preemption issue by October 16, 2009. Plaintiff's response shall be filed by November 6, 2009, and Defendants shall file a reply brief by November 18, 2009. The Court intends to rule on this issue before the end of the year. In preparing any motion on the preemption issue, counsel for Apotex shall keep in mind the narrow issue, as articulated by the Supreme Court in <u>Wyeth v. Levine</u>, 129 S. Ct. 1192 (2009), that the drug manufacturer bears the burden of showing by "clear evidence that the FDA would not have approved a change to [the drug]'s label." <u>Id.</u> at 1198.

7. Discovery on other issues shall be completed by February 28, 2010, and any dispositive motions shall be filed by March 15, 2010.

8. Any expert discovery on the negligence issues may await the completion of dispositive motions unless counsel believe that such expert reports should be considered on dispositive motions.

9. Having received a communication from the United States Attorney's Office, it is noted that the prior amicus brief filed by the United States in this case is hereby withdrawn.

BY THE COURT:

/s Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL\05-5500 Colacicco v. Apotex\05-5000 Colacicco Order 6-18-09.wpd