UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            : MDL DOCKET NO:  1629

In re:  NEURONTIN MARKETING, SALES      :
        PRACTICES, AND PRODUCTS       : Master File No. 04-10981
        LIABILITY LITIGATION           :
                            : Judge Patti B. Saris
                            :
                            : Magistrate Judge Leo T. Sorokin
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :
THIS DOCUMENT RELATES TO:        :
                            :
*Jones  v. Pfizer Inc., et al.,*        :
1:09-cv-11417-PBS             :
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER TO COMPLAINT AND JURY DEMAND

Defendants Pfizer Inc ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company ("Warner-Lambert"), on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiffs' Complaint in the above-captioned action (the "Complaint") as follows:

## AS TO STATEMENT OF THE CASE

1.     Deny the allegations in paragraph 1, except admit that the United States Food and Drug Administration ("FDA") has approved Neurontin® ("Neurontin"), the brand name for gabapentin, for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

## AS TO PARTIES AND JURISDICTION

2.      Paragraph 2 and its subparts assert legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 2 and its subparts, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs are citizens and residents of the State of Georgia and therefore deny same; except admit: (1) that Pfizer is a corporation organized under the laws of the State of Delaware and has its headquarters in the State of New York; (2) that Warner-Lambert Company LLC is a Delaware limited liability company with Pfizer as its sole member; (3) that Defendants may be served through the referenced registered agent; and (4) upon information and belief, that the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.      Admit the allegations in paragraph 3.

4.      Admit the allegations in paragraph 4.

5.      Admit the allegations in paragraph 5.

6.      Deny the allegations in paragraph 6, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

7.      Deny the allegations in paragraph 7.

8.      Deny the allegations in paragraph 8.

9.      Deny the allegations in paragraph 9, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

3577818v1

10.     Deny the allegations in paragraph 10, except admit that Warner-Lambert Company was authorized to do business in the State of Georgia until December 31, 2002.

11.     Deny the allegations in paragraph 11, except admit that Warner-Lambert Company was a business entity actually doing business in the State of Georgia until December 31, 2002.

12.     Deny the allegations in paragraph 12, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

13.     Deny the allegations in paragraph 13.

14.     Deny the allegations in paragraph 14, except admit that since December 31, 2002, Warner-Lambert Company LLC has been a Delaware limited liability company.

15.     Deny the allegations in paragraph 15, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the State of Georgia since December 31, 2002.

16.     Deny the allegations in paragraph 16, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the State of Georgia since December 31, 2002.

17.     Deny the allegations in paragraph 17, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

18.     Deny the allegations in paragraph 18.

19.     Deny the allegations in paragraph 19.

20.     Deny the allegations in paragraph 20.

21.     Deny the allegations in paragraph 21, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

22.     Paragraph 22 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 22.

23.     Deny the allegations in paragraph 23.

24.     Deny the allegations in paragraph 24, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

25.     Paragraph 25 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 25.

26.     Paragraph 26 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 26.

27.     Paragraph 27 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 27.

28.     Paragraph 28 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 28.

29.     Paragraph 29 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 29.

30.     Paragraph 30 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 30.

31.     Paragraph 31 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 31.

3577818v1

32.      Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

33.      Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.      Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.      Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.      Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

37.      Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.      Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.      Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

40.      Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

41.      Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.      Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

3577818v1

43.     Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.     Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.     Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.     Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

47.     Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

48.     Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.     Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.     Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

51.     Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

52.     Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.     Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.     Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.     Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.     Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.     Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.     Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

59.     Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.     Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.     Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

62.     Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.     Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.     Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.     Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.     Deny the allegations in paragraph 66, except admit that Pfizer's headquarters are in New York.

67.     Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.     Paragraph 68 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 68.

69.     Paragraph 69 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 69.

70.     Deny the allegations in paragraph 70, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin.

71.     Deny the allegations in paragraph 71, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

72.     Deny the allegations in paragraph 72, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the State of Georgia and contracts to provide goods in the State of Georgia.

73.     Deny the allegations in paragraph 73.

74.     Deny the allegations in paragraph 74.

75.     Admit the allegations in paragraph 75.

76.     Deny the allegations in paragraph 76.

77.     Deny the allegations in paragraph 77.

78.     Deny the allegations in paragraph 78, except admit that Parke-Davis marketed Neurontin on a date prior to July 13, 2007.

79.     Deny the allegations in paragraph 79, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the State of Georgia and contracted to provide goods in the State of Georgia.

80.     Deny the allegations in paragraph 80.

81.     Deny the allegations in paragraph 81.

82.     Deny the allegations in paragraph 82, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until June 2000 and that until June 2000, Parke-Davis directly or indirectly did and solicited business and engaged in a persistent course of conduct in the State of Georgia, deriving substantial revenue from goods and products consumed in the State of Georgia.

83.     Deny the allegations in paragraph 83.

84.     Deny the allegations in paragraph 84.

85.     Deny the allegations in paragraph 85, except admit that Warner-Lambert Company marketed and sold Neurontin until June 2000.

86.     Deny the allegations in paragraph 86, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing,

manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the State of Georgia and contracted to provide goods in the State of Georgia.

87.     Deny the allegations in paragraph 87.

88.     Deny the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89, except admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of Georgia, deriving substantial revenue from goods and products consumed in the State of Georgia.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of Georgia, deriving substantial revenue from goods and products consumed in the State of Georgia.

97.     Deny the allegations in paragraph 97, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of Georgia, deriving substantial revenue from interstate commerce.

## AS TO BACKGROUND

98.     Paragraph 98 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 98.

99.     Paragraph 99 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 99.

100.    Paragraph 100 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 100.

101.    Paragraph 101 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 101.

102.    Paragraph 102 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 102.

103.    Paragraph 103 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 103.

104.    Deny the allegations in paragraph 104, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

105.    Deny the allegations in paragraph 105, except admit that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

106.    Deny the allegations in paragraph 106.

107.    Deny the allegations in paragraph 107.

3577818v1

108.     Deny the allegations in paragraph 108.

109.     Deny the allegations in paragraph 109.

110.     Deny the allegations in paragraph 110.

111.     Deny the allegations in paragraph 111.

112.     Deny the allegations in paragraph 112, except admit that Neurontin was FDA-approved as adjunctive therapy for the treatment of epilepsy.

113.     Deny the allegations in paragraph 113.

114.     Deny the allegations in paragraph 114.

115.     Deny the allegations in paragraph 115, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

116.     Deny the allegations in paragraph 116.

117.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, and therefore deny same.

118.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and therefore deny same.

119.     Deny the allegations in paragraph 119.

120.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and therefore deny same.

121.     Deny the allegations in paragraph 121, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs' decedent's physician prescribed Neurontin to treat Plaintiffs' decedent's pain, and therefore deny same.

-12-

122.     Deny the allegations in paragraph 122, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs' decedent's physician prescribed Neurontin to treat Plaintiffs' decedent's pain, and therefore deny same.

123.     Deny the allegations in paragraph 123.

124.     Deny the allegations in paragraph 124.

125.     Deny the allegations in paragraph 125.

126.     Deny the allegations in paragraph 126.

## AS TO COUNT I

127.     Repeat each and every response to the allegations in paragraphs 1 through 126.

128.     Deny the allegations in paragraph 128.

129.     Deny the allegations in paragraph 129.

130.     Deny the allegations in paragraph 130.

131.     Deny the allegations in paragraph 131.

132.     Deny the allegations in paragraph 132.

133.     Deny the allegations in paragraph 133.

134.     Deny the allegations in paragraph 134.

135.     Deny the allegations in paragraph 135.

136.     Deny the allegations in paragraph 136.

137.     Deny the allegations in paragraph 137.

138.     Deny the allegations in paragraph 138, except refer to the Information for its contents.

139.    Deny the allegations in paragraph 139, except refer to the Information for its contents.

140.    Deny the allegations in paragraph 140.

141.    Deny the allegations in paragraph 141, except refer to the Information for its contents.

142.    Deny the allegations in paragraph 142, except refer to the Information for its contents.

143.    Deny the allegations in paragraph 143, except refer to the Information for its contents.

144.    Deny the allegations in paragraph 144, except refer to the Information for its contents.

145.    Deny the allegations in paragraph 145, except refer to the Information for its contents.

146.    Deny the allegations in paragraph 146, except refer to the Information for its contents.

147.    Deny the allegations in paragraph 147, except refer to the Information for its contents.

148.    Deny the allegations in paragraph 148, except refer to the Information for its contents.

149.    Deny the allegations in paragraph 149, except refer to the Information for its contents.

150.    Deny the allegations in paragraph 150, except refer to the Information for its contents.

151.    Deny the allegations in paragraph 151, except refer to the Information for its contents.

152.    Deny the allegations in paragraph 152, except refer to the Information for its contents.

153.    Deny the allegations in paragraph 153, and all of its subparts, except refer to the Information for its contents.

154.    Deny the allegations in paragraph 154, except refer to the Information for its contents.

155.    Deny the allegations in paragraph 155, except refer to the Information for its contents.

156.    Deny the allegations in paragraph 156, except refer to the Information for its contents.

157.    Deny the allegations in paragraph 157, except refer to the Information for its contents.

158.    Deny the allegations in paragraph 158, except refer to the Information for its contents.

159.    Deny the allegations in paragraph 159, except refer to the Information for its contents.

160.    Deny the allegations in paragraph 160, except refer to the Information for its contents.

161.    Deny the allegations in paragraph 161, except refer to the Information for its contents.

162.    Deny the allegations in paragraph 162, except refer to the Information for its contents.

163.    Deny the allegations in paragraph 163, except refer to the Information for its contents.

164.    Deny the allegations in paragraph 164.

165.    Deny the allegations in paragraph 165.

166.    Deny the allegations in paragraph 166.

167.    Deny the allegations in paragraph 167.

168.    Deny the allegations in paragraph 168, and all of its subparts.

169.    Deny the allegations in paragraph 169.

170.    Deny the allegations in paragraph 170.

171.    Deny the allegations in paragraph 171.

172.    Deny the allegations in paragraph 172.

173.    Deny the allegations in paragraph 173.

174.    Deny the allegations in paragraph 174.

175.    Deny the allegations in paragraph 175, except refer to the supplemental NDA and the letter dated August 26, 1997 referenced in paragraph 175 for their contents.

176.    Deny the allegations in paragraph 176.

177.    Deny the allegations in paragraph 177.

178.    Deny the allegations in paragraph 178, except refer to the letter dated June 29, 2001 for its contents.

179.    Deny the allegations in paragraph 179, except refer to the letter dated July 1, 2002 for its contents.

180.    Deny the allegations in paragraph 180, and all of its subparts.

181.    Deny the allegations in paragraph 181.

182.    Deny the allegations in paragraph 182.

183.    Deny the allegations in paragraph 183.

184.    Deny the allegations in paragraph 184.

185.    Deny the allegations in paragraph 185.

186.    Deny the allegations in paragraph 186, except refer to the article referenced in paragraph 186 for its contents.

187.    Deny the allegations in paragraph 187.

188.    Deny the allegations in paragraph 188.

189.    Deny the allegations in paragraph 189.

190.    Deny the allegations in paragraph 190, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

191.    Deny the allegations in paragraph 191.

192.    Deny the allegations in paragraph 192.

193.    Deny the allegations in paragraph 193.

194.    Deny the allegations in paragraph 194.

195.    Deny the allegations in paragraph 195.

196.    Deny the allegations in paragraph 196, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label use.

197.    Deny the allegations in paragraph 197.

198.    Deny the allegations in paragraph 198.

199.    Deny the allegations in paragraph 199.

200.    Deny the allegations in paragraph 200.

201.    Deny the allegations in paragraph 201.

202.    Deny the allegations in paragraph 202.

203.    Deny the allegations in paragraph 203, except admit that refractory epilepsy is a serious medical condition and patients with that form of epilepsy have more difficulty controlling seizures with existing medications, and refer to the NDA submitted January 15, 1992 for its contents.

204.    Deny the allegations in paragraph 204, except refer to the NDA submitted January 15, 1992 for its contents.

205.    Deny the allegations in paragraph 205, except refer to the NDA submitted January 15, 1992 for its contents.

206.    Deny the allegations in paragraph 206, except refer to the NDA submitted January 15, 1992 for its contents.

207.    Deny the allegations in paragraph 207, except refer to the NDA submitted January 15, 1992 for its contents.

208.    Deny the allegations in paragraph 208, except refer to the NDA submitted January 15, 1992 for its contents.

209.    Deny the allegations in paragraph 209, except refer to the NDA submitted January 15, 1992 for its contents.

210.    Deny the allegations in paragraph 210, and all of its subparts, except refer to the NDA submitted January 15, 1992 for its contents.

211.    Deny the allegations in paragraph 211, except refer to the NDA submitted January 15, 1992 for its contents.

212.    Deny the allegations in paragraph 212, except refer to FDA's 1992 Combined Medical-Statistical Review for its contents.

213.    Deny the allegations in paragraph 213, except refer to FDA's 1992 Combined Medical-Statistical Review for its contents.

214.    Deny the allegations in paragraph 214, except refer to the transcript of the December 15, 1992 meeting of the Peripheral and Central Nervous System Drugs Advisory Committee for its contents.

215.    Deny the allegations in paragraph 215, except refer to the FDA documents referenced in paragraph 215 for their contents.

216.    Deny the allegations in paragraph 216, except refer to the correspondence referenced in paragraph 216 for its contents.

217.    Deny the allegations in paragraph 217, except refer to the referenced documents for their contents.

218.    Deny the allegations in paragraph 218, except refer the transcript of the December 15, 1992 meeting of the Peripheral and Central Nervous System Drugs Advisory Committee for its contents.

219.    Deny the allegations in paragraph 219.

220.    Deny the allegations in paragraph 220.

221.    Deny the allegations in paragraph 221.

222.    Deny the allegations in paragraph 222.

223.    Deny the allegations in paragraph 223.

224.    Deny the allegations in paragraph 224, except refer to the Information for its contents.

225.    Deny the allegations in paragraph 225, except refer to the Information for its contents.

226.    Deny the allegations in paragraph 226, except refer to the Information for its contents.

227.    Deny the allegations in paragraph 227.

228.    Deny the allegations in paragraph 228.

229.    Deny the allegations in paragraph 229.

230.    Deny the allegations in paragraph 230.

231.    Deny the allegations in paragraph 231.

232.    Deny the allegations in paragraph 232.

233.    Deny the allegations in paragraph 233.

234.    Deny the allegations in paragraph 234.

3577818v1

235.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235, and therefore deny same, except admit that doctors draw upon their interaction with colleagues and their colleagues' clinical experience when prescribing medications.

236.    Deny the allegations in paragraph 236, except admit that doctors draw upon their interaction with colleagues and their colleagues' clinical experience when prescribing medications, and admit that widespread use of a medication is generally reflective of the medical community's collective experience as to the medication's safety and efficacy.

237.    Deny the allegations in paragraph 237.

238.    Deny the allegations in paragraph 238, except admit that widespread use of a medication is generally reflective of the medical community's collective experience as to the medication's safety and efficacy.

239.    Deny the allegations in paragraph 239.

240.    Deny the allegations in paragraph 240, except admit that Neurontin is perceived as "safe and efficacious" by the medical community and has been listed on numerous formularies.

241.    Deny the allegations in paragraph 241.

242.    Deny the allegations in paragraph 242.

243.    Deny the allegations in paragraph 243.

244.    Deny the allegations in paragraph 244.

245.    Deny the allegations in paragraph 245.

-21-

246.    Deny the allegations in paragraph 246, except refer to the transcript of the referenced radio program for its contents.

247.    Deny the allegations in paragraph 247.

248.    Deny the allegations in paragraph 248.

249.    Deny the allegations in paragraph 249.

250.    Deny the allegations in paragraph 250.

251.    Deny the allegations in paragraph 251.

252.    Deny the allegations in paragraph 252.

253.    Deny the allegations in paragraph 253.

254.    Deny the allegations in paragraph 254.

255.    Deny the allegations in paragraph 255.

256.    Deny the allegations in paragraph 256.

257.    Deny the allegations in paragraph 257.

258.    Deny the allegations in paragraph 258.

259.    Deny the allegations in paragraph 259.

260.    Deny the allegations in paragraph 260, except refer to Dr. Pande's presentation at the Third International Conference on Bipolar Disorder for its contents.

261.    Deny the allegations in paragraph 261.

262.    Deny the allegations in paragraph 262.

263.    Deny the allegations in paragraph 263.

264.    Deny the allegations in paragraph 264.

265.    Deny the allegations in paragraph 265.

266.     Deny the allegations in paragraph 266.

267.     Deny the allegations in paragraph 267, except admit that Plaintiffs seek the relief stated in paragraph 267, but deny that Plaintiffs are entitled to such relief.

268.     Deny the allegations in paragraph 268, except admit that Plaintiffs seek the relief stated in paragraph 268, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT II

269.     Repeat each and every response to the allegations in paragraphs 1 through 268.

270.     Deny the allegations in paragraph 270.

271.     Deny the allegations in paragraph 271.

272.     Deny the allegations in paragraph 272.

273.     Deny the allegations in paragraph 273.

274.     Deny the allegations in paragraph 274.

275.     Deny the allegations in paragraph 275.

276.     Deny the allegations in paragraph 276, except admit that Plaintiffs seek the relief stated in paragraph 276, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT III

277.     Repeat each and every response to the allegations in paragraphs 1 through 276.

278.     Deny the allegations in paragraph 278.

279.     Deny the allegations in paragraph 279.

280.     Deny the allegations in paragraph 280.

281.     Deny the allegations in paragraph 281, except admit that Plaintiffs seek the relief stated in paragraph 281, but deny that Plaintiffs are entitled to such relief.

3577818v1

## AS TO COUNT IV

282.   Repeat each and every response to the allegations in paragraphs 1 through 281.

283.   Deny the allegations in paragraph 283.

284.   Deny the allegations in paragraph 284.

285.   Deny the allegations in paragraph 285.

286.   Deny the allegations in paragraph 286.

287.   Deny the allegations in paragraph 287.

288.   Deny the allegations in paragraph 288.

289.   Deny the allegations in paragraph 289.

290.   Deny the allegations in paragraph 290.

291.   Deny the allegations in paragraph 291, except admit that Plaintiffs seek the relief stated in paragraph 291, but deny that Plaintiffs are entitled to such relief.

## AS TO COUNT V

292.   Repeat each and every response to the allegations in paragraphs 1 through 291.

293.   Deny the allegations in paragraph 293.

294.   Deny the allegations in paragraph 294.

295.   Deny the allegations in paragraph 295, except admit that Plaintiffs seek the relief stated in paragraph 295 and in the WHEREFORE paragraph following paragraph 295, and all of its subparts, but deny that Plaintiffs are entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

-24-

3577818v1

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States because Defendants' product is comprehensively regulated by the United States Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 et seq. ("FDCA"), and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should or should not be used in the labeling accompanying the drug.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by FDA under the FDCA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Defendants and all their activities with respect to the subject product have been and are conducted under the supervision of the FDA.

-25-

3577818v1

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

## SIXTH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were due to idiosyncratic reactions to Neurontin, or were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions that were not reasonably foreseeable and, therefore Defendants have no legal responsibility.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

## EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under Section 402A, comments j and k of the *Restatement (Second) of Torts* and Sections 4 and 6 of the *Restatement (Third) of Torts: Products Liability*.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use

conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of release, accord, and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by Plaintiffs' decedent's misuse of Neurontin.

## THIRTEENTH AFFIRMATIVE DEFENSE

The product may have been substantially modified and/or altered; therefore, Plaintiffs' claims are barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of

3577818v1

them, and by Plaintiffs' inequitable conduct, lack of diligence, delay and inattention in pursuing

such claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs' claims for damages are barred, in whole or part, by

Plaintiffs' failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative

negligence and comparative assumption of risk.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution and/or indemnity from

any person and/or entity whose negligence or other fault contributed to the alleged injuries and

damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United

States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims of fraud or similar conduct are barred by reason of the Complaint's

failure to allege the factual circumstances constituting that specific claim with particularity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions

made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiffs' Legal

Committee, 531 U.S. 341 (2001).

3577818v1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs' claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed and/or transferred due to improper and/or inconvenient venue and/or forum.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims are barred because: (1) Defendants did not make any express warranties to Plaintiff or Plaintiffs' decedent; (2) Defendants' Neurontin advertisements and promotions were not an affirmation of fact or a promise made by the seller to the buyer that related to the drug Neurontin and became part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiff or Plaintiffs' decedent; (3) Defendants' Neurontin advertisements and promotions were not a description of the drug included in any contract that was part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiff or Plaintiffs' decedent, such that a warranty was created that the drug would conform to the description; (4) Plaintiff and Plaintiffs' decedent did not read, see or hear about the alleged illegal "off-label" promotions; (5) there was a lack of privity between Defendants and Plaintiff and Plaintiffs' decedent; (6) notice of an alleged breach was not given, or timely given, to the seller or Defendants; and (7) Plaintiffs' claims for breach of warranty, express or implied, are barred by applicable provisions of the Georgia Uniform Commercial Code and/or other applicable law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered, and will not suffer, any injury to a legally protected or cognizable interest or any damage by reason of the conduct of Defendants as alleged in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to an award of attorney fees and costs.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not make any false, misleading, or deceptive statements to Plaintiffs or Plaintiffs' decedent in their advertisements and/or promotional materials concerning Neurontin.  As to any statement asserted against Defendants that Plaintiffs allege to be false, misleading, or deceptive, Defendants had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false, misleading, or deceptive.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to their failure to join indispensable parties and/or bring claims against the real party in interest.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiffs' decedent, and/or by her fault.  Any recovery might be reduced accordingly or eliminated altogether.

3577818v1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Should Defendants be held liable to Plaintiffs, which liability is specifically denied, Defendants would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in Plaintiffs' Complaint.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred in whole or in part by lack of defect, as any product allegedly ingested by Plaintiffs' decedent was properly prepared in accordance with the applicable standard of care.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants and Neurontin were in compliance with legislative regulatory standards and/or administrative regulatory safety standards relating to design, performance, warnings and/or instructions and, therefore, Neurontin is deemed not defective.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the "state of the art" defense.  Neurontin, when placed into the stream of commerce, was a reasonably safe and effective prescription drug in light of the then existing and reasonably available scientific, medical, and technological knowledge.  To the extent Plaintiffs claim that Neurontin was dangerous or defective in certain respects, Defendants state that any such risks associated with Neurontin were not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Notwithstanding Plaintiffs' claims and contentions, Plaintiffs' decedent received all or substantially all of the benefit of Neurontin that she had intended to receive, and to that extent

3577818v1

any damages and/or restitution that Plaintiffs might be entitled to recover from Defendants must be correspondingly reduced.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendant's liability for non-economic damages is several rather than joint and should be prorated.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the Georgia Deceptive and Unfair Trade Practices Act are barred by O.C.G.A § 10-1-374(a)(1).

## FORTIETH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the Georgia Constitution, and applicable state law.

## FORTY-SECOND AFFIRMATIVE DEFENSE

With respect to Plaintiffs' demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards that arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries,

Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 549 U.S. 346 (2007).

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants for punitive damages under O.C.G.A. § 51-12-5.1 and its "clear and convincing" evidence standard.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive or exemplary damages against Defendants because such an award, which is penal in nature, would violate Defendants' constitutional rights under the United States Constitution and applicable provisions of the Georgia Constitution unless Defendants are afforded the same procedural safeguards as are criminal defendants, including but not limited to the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents and the right to the requirement of a level of proof beyond a reasonable doubt.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

With respect to Plaintiffs' demand for punitive or exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards under Georgia law.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages against Defendants cannot be sustained under O.C.G.A. § 51-12-5.1(e)(1) to the extent that, prior to the entry of any judgment in this case, an award of punitive damages has been recovered from Defendants in a court of this state relating to Neurontin.

3577818v1

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages without bifurcating the trial and trying all punitive damages issues only if, and after, liability on the merits has been found, would violate Defendants' due process rights guaranteed by the United States and Georgia Constitutions, and would be improper under Georgia law.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants deny that Plaintiffs have valid consumer protection claims under the law of the State of Georgia or any other State, Commonwealth or District whose laws are or later become relevant in the course of this litigation.  However, if such claims are found to exist, Defendants plead all available defenses under the Acts.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative defenses as may be established by the discovery and evidence in the case.  Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1.	Enter judgment in their favor on all claims alleged in the Complaint;

2.	Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3577818v1

3.     Grant Defendants such other and further relief as the Court may deem just and

proper.

Dated: September 4, 2009

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

/s/ Mark S. Cheffo
By: Mark S. Cheffo

Four Times Square
New York, New York 10036
Telephone: 212.735.3000
Facsimile: 212.735.2000
Email: mcheffo@skadden.com

-and-

SHOOK, HARDY & BACON L.L.P.

/s/ Scott W. Sayler
By: Scott W. Sayler

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone:  816.474.6550
Facsimile: 816.421.5547
Email: ssayler@shb.com

-and-

WHITE & WILLIAMS

/s/ David B. Chaffin
By: David B. Chaffin

100 Summer Street, 27th Floor
Boston, Massachusetts 02110
Telephone:  617.748.5200
Facsimile: 617.748.5201
Email: chaffind@whiteandwilliams.com

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on September 4, 2009.

/s/ David B. Chaffin
David B. Chaffin