EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------ x

JOSHUA DELANEY,

      Plaintiffs,

    - against -

PFIZER INC., PARKE-DAVIS, a division of
Warner-Lambert Company and Warner-Lambert
Company LLC, WARNER-LAMBERT
COMPANY and WARNER-LAMBERT
COMPANY LLC,,

      Defendants.

------------------------------------ x

*Case Management Index: 765 000/2006*

Index No. 04/117852

Hon. Marcy S. Friedman


FILED

DEC 1 2 2006

NEW YORK
COUNTY CLERK'S OFFICE

## PROPOSED CASE MANAGEMENT ORDER
## COORDINATION OF PRODUCTS LIABILITY CASES

WHEREAS, on March 27, 2006 the Coordinating Panel ordered the coordination

of Neurontin-related personal injury actions, and entered the same on April 10, 2006;

WHEREAS, on March 27, 2006, the Coordinating Panel issued an order pursuant

to Section 202.69 of the Uniform Rules for Trial Courts transferring 225 actions to New

York County Supreme before Justice Marcy S. Friedman that involve allegations

concerning personal injury and products liability;

WHEREAS, on subsequent dates an additional 56 actions involving personal

injury and products liability allegations were transferred to this Court;

WHEREAS, in order to promote judicial economy and avoid undue delay, the Court finds that it would be appropriate to provide for coordination of all actions alleging claims of personal injury and products liability.  Accordingly,

IT IS HEREBY ORDERED THAT the following Case Management Order shall govern all actions in this proceeding relating to actions involving claims of personal injury or products liability:

## I.    PRETRIAL COORDINATION

### A.    Coordinated Cases

By order of the Coordinating Panel, Neurontin-related personal injury actions listed on Exhibit A are those cases that have been transferred to this Court for coordinated pretrial proceedings.[1]

### B.    Limits of Order

This Order does not constitute a determination that the actions coordinated for pretrial purposes should be consolidated for trial, nor does it have the effect of making any entity or person a party to any action in which he/she or it has not been named, served or added in accordance with the New York Civil Practice Laws and Rules (hereinafter "CPLR") or the rules of the Coordination Panel.  No party, by agreeing to this Order, waives any defense of insufficiency of service of process.

---

[1]  This list is current as of August 31, 2006.

**C.      Applicability of Order**

The terms of this Order shall apply automatically to all coordinated cases and to all other actions involving products liability or personal injury claims that become a part of this proceeding by virtue of being filed in or transferred to this Court

**D.      Objections to Order**

Objections to the terms of this Order must be filed by parties or their counsel within fifteen (15) days of receipt of the Order.

**E.      Dissemination of Order**

Within five (5) days of the date of this Order, Plaintiffs' Liaison Counsel (defined in section III. A below) shall send a copy of this Order by overnight delivery, hand delivery or telecopy to all plaintiffs' counsel in all actions to which this Order applies. When an action that properly belongs as part of this proceeding is hereinafter filed before this Court or transferred to this Court from another forum, Plaintiffs' Liaison Counsel shall immediately send a copy of this Order by overnight delivery, hand delivery, or telecopy to plaintiffs' counsel in that action.

**F.      Revision of Order**

The Court *sua sponte* may revise this Order in any respect and at its discretion.

**G.      Further Orders**

Upon application of counsel, or by the Court *sua sponte*, further organizational order(s), including under the CPLR or the Uniform Rules for Trial Courts will be considered.

3

**H.     CPLR**

The CPLR and the Uniform Rules for Trial Courts, as modified and supplemented by the express provisions of this and any future Case Management Orders ("CMOs"), will govern all proceedings in the Neurontin cases.

**II.     FILING AND CAPTIONS**

**A.     Master File**

The Court hereby directs that a master file, known as the New York Neurontin Product Liability Litigation Master File (the "Master File"), Index No. _____, be established (without fee) in the Office of the Clerk of New York County for all Neurontin cases to which this Order applies.  The original of this Order will be filed by the County Clerk in the Master File, and a copy will be deemed to be part of the record of each coordinated action.  All subsequent entries in the Master File will also be applicable to all of the Neurontin cases.

**B.     Case File For Individual Cases**

A separate file will also be maintained in the Office of the Clerk of New York County under a separate Index Number for each individual Neurontin case assigned to this Court, and entries will be made therein in accordance with this Order.  Within thirty (30) days after the entry date of this CMO, Plaintiffs' Liaison Counsel will provide to the Court and to defendants a list of all plaintiffs and the index number assigned to each individual action.  Plaintiffs' Liaison Counsel will amend (from time to time) this list of

4

plaintiffs and index numbers to reflect the final resolution of a case, the commencement of a new case or the transfer of an existing case to or from this Court.

In order to facilitate Plaintiffs' Liaison Counsel's ability to become aware of the commencement of a new case or the transfer of an existing case to or from this Court, defendants, upon the service of an Answer to a Complaint in actions in which Plaintiffs' Liaison Counsel does not represent a party, shall serve along with their Answer a Coordination Notice indicating that plaintiff's case is subject to the Coordination Order. Further, upon the service of said Answer, defendants shall provide a copy of said Coordination Notice to Plaintiffs' Liaison Counsel.  Similarly, in the event of the transfer of an existing case to or from this Court in which Plaintiffs' Liaison Counsel does not represent a party, defendants shall communicate in writing to Plaintiffs' Liaison Counsel notification of said transfer.

### C.    Captions of Cases

Every document filed in these coordinated actions will bear a caption as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
IN RE: Neurontin                            :        :  Index No. ____:
PRODUCT LIABILITY LITIGATION         :        :  RJI No.      ____:
-----------------------------------------------------------X

1.    If a document relates to all the Neurontin cases, the following will be added to the caption:

---------------------------------------------------------------------------X
THIS DOCUMENT APPLIES TO ALL CASES                        :
---------------------------------------------------------------------------X

5

2.        If, instead, a document relates to one or more specific cases but not to all cases, the specific caption(s) for the cases to which the paper is applicable will be added to the caption set forth in Section IV(C)(1), *supra*, as follows:

```
-------------------------------------------------------X
Plaintiff(s) name,                         :
                                           :
- against -                                     Index No. [individual case number]
                                           :
Defendant(s) name                          :
-------------------------------------------------------X
AND RELATED CASES (SEE APPENDIX)           :
-------------------------------------------------------X
```

3.        In all such documents, one case will be specifically captioned (the primary or first case, if applicable), and all other cases to which the document applies will be listed as "Related Cases" in an appendix to the document, separately tabbed and made easily identifiable to the Clerk of the Court;

4.        When a document is applicable only to an individual case, the attorney submitting such document for filing will caption the document (as set forth in paragraph II(C)) to indicate the case(s) to which it is applicable.  The Clerk of New York County will not file such a document in the Master File.  Rather, after receipt by the Clerk, the Clerk will file the original in the first captioned individual case file under the appropriate index number and will file copies of the document in any other case files to which it applies.  It will be the responsibility of the attorney submitting the document for filing to supply the County Clerk with sufficient copies of any such document to facilitate compliance with the directions of this paragraph.

6

## III.   SERVICE

### A.   Service of Papers That Relate to All Neurontin Cases

Papers related to all Neurontin cases requiring service must be served on all parties with the exception that defendants may serve papers related to all Neurontin cases to Plaintiffs' Liaison Counsel, who shall be selected by plaintiffs' counsel and appointed by the Court.  Plaintiffs' Liaison Counsel shall:

1.      Maintain and distribute to the Court, other plaintiffs' counsel, co-counsel and to defendants' counsel an up-to-date service list of all Plaintiffs, plaintiffs' counsel, plaintiffs' counsel's email and mail addresses, and the index number assigned to each individual action, including the date of the most recent revisions.  This list of index numbers and counsel will be amended to reflect the resolution of a case, the commencement of a new case or the transfer of an existing case to or from this Court;

2.      Receive orders, notices, correspondence and telephone calls from the Court and the Clerk of the Court on matters of general applicability on behalf of all plaintiffs or defendants, as the case may be, and to notify such other plaintiffs' or defendants' counsel of communications received from the Court;

3.      Maintain and make available to other plaintiffs' counsel and co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository.

It is proposed that Plaintiffs' Liaison Counsel be:

Kenneth Fromson, Esq.
Finkelstein & Partners LLP
436 Robinson Avenue
Newburgh, New York 12550

Christopher Keenan, Esq.
Westermann Hamilton Sheehy Aydelott & Keenan, LLP
222 Bloomingdale Road
Suite 308
White Plains, New York 10605

**B.     Papers That Relate to Specific Actions**

Papers requiring service that relate to a specific case(s) must be served on the

parties specific to that case with courtesy copies provided to other parties, including

copies to Plaintiffs' Liaison Counsel.

**IV.     REQUEST FOR JUDICIAL INTERVENTION**

Plaintiffs shall be required to file a Request for Judicial Intervention and pay the

appropriate fees therewith designating the case as a matter which should be assigned to

the New York Neurontin calendar of this Court, no later than ~~sixty (60)~~ thirty (30) days after service

of the first responsive pleading.

**V.     COORDINATION WITH FEDERAL MDL AND OTHER STATE COURT
ACTIONS**

**A.     Coordination in Good Faith and to the
Extent Practicable**

Plaintiffs and defendants in this litigation shall work in good faith and to the

extent practicable to coordinate the conduct of this litigation with other Neurontin-related

actions in (i) In re Neurontin Marketing, Sales Practices and Products Liability Litigation,

MDL 1629 (hereafter "federal MDL" or "MDL") pending before Judge Patti B. Saris in

8

the United States District Court for the District of Massachusetts and (ii) other state courts. Coordination with other jurisdictions is intended to conserve judicial resources, eliminate duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of the litigation. This Court intends to coordinate with the MDL and any state court that is interested in coordinating discovery activities.

**B.   Discovery**

Discovery in this action shall proceed in accordance with this and any future Case Management Orders entered by the Court. The Court's objective is to avoid the need of any party to respond to duplicative and/or overlapping discovery requests. Accordingly:

1.   The following discovery previously served in this action, which is essentially identical to discovery previously served in the MDL is deemed to have been responded to and objected to in this action:

- Coordinated Plaintiffs' First Request for Production of Documents and Things, dated June 30, 2006, which is essentially identical to Class and Non-Class Plaintiffs' First Request for Production of Documents, dated March 11, 2005.

- Defendants Responses and Objections to Class and Non-Class Plaintiffs' First Request for Production of Documents, dated April 11, 2005;

2.   Defendants shall provide courtesy copies of these demands and responses and objections to Plaintiffs' Liaison Counsel. The parties shall then meet and confer with respect to these demands and responses and objections;

9

      3.      Prior to serving discovery in this action, plaintiffs' counsel shall coordinate with other plaintiffs' counsel in the MDL, including counsel for any non-products liability actions in that proceeding, in order to avoid unduly burdening defendants;

      4.      Plaintiffs in this action further agree to not serve discovery requests that are duplicative of requests that have been served and responded to in the MDL.  In the event that a dispute arises regarding compliance with this paragraph, after a good faith meet and confer, any party shall have the right to present the issue to the Court for resolution;

      5.      Any discovery produced in the MDL proceeding will also be separately provided to Plaintiffs' Liaison Counsel by either defendants or the Plaintiffs' Steering Committee in the MDL and will be fully available for use in this case to (a) the extent permitted by the Court under its applicable evidentiary standards and (b) subject to the plaintiffs in this litigation signing an appropriate protective order.

**C.**    **Depositions**

      1.      Plaintiffs' Liaison Counsel shall seek to avoid duplicative depositions of witnesses.  Witnesses shall be deposed only once, absent good cause shown.

      2.      Deposition notices of defendant witnesses in this action shall be cross-noticed in the federal MDL.  Depositions of defendant witnesses noticed in the federal MDL or other Neurontin-related litigation in other state courts by plaintiffs'

10

counsel in this action within and beyond the State of New York shall be cross-noticed in

this action.

3.      Counsel for the parties shall confer in good faith with each other *and with plaintiffs' counsel in the MDL who represent both products liability and non-products liability plaintiffs in the MDL,* and attempt to agree upon a schedule for the conduct of each deponent's deposition that

will (a) permit deponents to be deposed only once while (b) allowing sufficient advance

notice, time and opportunity for plaintiffs in this litigation, the MDL and other state court

actions to examine deponents on issues relevant to each Case.  As for the manner in

which individual depositions occur, counsel for the parties shall confer in good faith in

advance to determine the order in which plaintiffs shall conduct their examinations of

defendant witnesses and for how long and to avoid duplication of questioning.

~~4.      Notwithstanding the above paragraph, plaintiffs and their counsel in this proceeding shall not notice or otherwise seek to proceed with depositions without first consulting plaintiffs' counsel in the MDL who represent both products liability and non-products liability plaintiffs in that federal proceeding.~~

5.      To the extent defendants wish to avoid duplicative depositions of

any of their witnesses, defendants shall to the extent practicable provide 30-days' notice

to Plaintiffs' Liaison Counsel of any deposition requested in a state court action to which

plaintiffs' counsel in this action are not involved.  Defendants and Plaintiffs' Liaison

Counsel shall confer in good faith with one another and with plaintiffs' counsel in the

relevant state court action in order to schedule such depositions on mutually agreeable

dates.  If plaintiffs' counsel in this action examine a witness in another state court action,

11

then they may not take a subsequent deposition of that witness in this action.  If plaintiffs'

counsel elect not to examine a witness in another state court action, plaintiffs' counsel

shall be barred from taking another deposition of that witness in this action absent good

cause shown.

**D.     Pro Hac Vice Admissions**

Any attorney duly admitted to practice before the Bar of any state may participate

in discovery (e.g., take and defend depositions) and pre-trial proceedings in the Neurontin

cases.  Any motion papers in this action must ~~be signed~~ _served by an attorney admitted pro hac vice in this action,_ and also be signed by an attorney duly admitted to

practice before the Bar of the State of New York ~~or by any attorney admitted _pro hac vice_~~

~~in this action~~.  The Court also reserves the issue of _pro hac vice_ admissions for trial and

will address such admissions in future case management orders.

**VI.     DISCOVERY**

**A.     Plaintiffs' Fact Sheet**

1.     Each Plaintiff shall complete a Plaintiff's Fact Sheet ("Fact

Sheet") identical to the Plaintiff's Fact Sheet attached hereto as Exhibit B.

2.     Plaintiffs in those cases transferred to this Court pursuant to the

Coordination Order or transferred to this Court prior to the entry of this Order shall have

_until December 31, 2006_ ~~60 days from submission of this Order on September 12, 2006 in which~~ to serve the

relevant defendants a completed Fact Sheet.

12

3. Plaintiffs in cases filed after the entry of this Order will serve a completed Fact Sheet within sixty days after Plaintiffs' Liaison Counsel provides plaintiffs with this Order pursuant to Section I. D. above. Plaintiffs' Liaison Counsel shall provide the Fact Sheet to plaintiffs of cases coordinated after the date of this Order.

**B.     Out-of-State Commissions**

The parties shall present to the Court a (i) form Order and (ii) form Commission to facilitate out-of-state commissions to secure (i) testimony and (ii) documents from third party witnesses. See Exhibits C, D.

**C.     Disclosure Motions**

No party shall make a disclosure motion without first participating in a conference or teleconference before the Court. The Court's authorization is required for a party to move with respect to disclosure disputes.

~~To avoid burdening the Court,~~ Upon a grant of leave to move from the Court, the parties shall consult with the Court in a conference or teleconference with respect to (i) the papers the parties intend to submit, and (ii) briefing schedule(s), and (iii) return date.

**VII.   DISCOVERY SCHEDULE**

Subject to this Courts order on the record on November 28, 2006, The schedule for the coordinated cases should be aligned with that in the federal MDL unless otherwise amended by agreement of the parties or order of this Court.

| ~~Event~~ | ~~Date~~ |
| --- | --- |
| ~~End of Fact Discovery, including depositions~~ | ~~December 31, 2006~~ |
| ~~Plaintiffs' Expert Designation~~ | ~~January 31, 2007~~ |
| ~~Defendants' Expert Designations~~ | ~~March 14, 2007~~ |

13

| | |
|---|---|
| ~~Summary Judgment Motion filing~~ | ~~April 15, 2007~~ |
| ~~Summary Judgment Opposition~~ | ~~May 15, 2007~~ |
| ~~Summary Judgment Reply~~ | ~~May 30, 2007~~ |
| ~~Summary Judgment Hearing~~ ~~[in conjunction with MDL Court]~~ | ~~Date to be coordinated with MDL Court~~ |

The similarity of allegations in the New York coordinated actions and the MDL in Boston provide a basis for coordinating the schedule for managing the litigation. The Court may revisit the issue of the fact discovery cut off date in conjunction with the MDL Court and may revisit the issue of coordinating the summary judgment hearing and other proceedings with the MDL court.

## VIII.   COUNSELS' TIME AND EXPENSE RECORDS

### A.     Maintenance of Contemporaneous Records

Any counsel who may seek an award (or approval) of a fee (or expenses) by the Court in connection with this proceeding shall keep a daily record of his/her time spent and expenses incurred regarding this proceeding, including specific record of the hours, location, and particular activity. The failure to maintain such records, as well as insufficient description of the activity, may be grounds for denying court-awarded attorneys' fees.

### B.     Filing

Each counsel (or each firm) who may seek an award (or approval) of a fee (or expenses) by the Court shall file quarterly with Plaintiffs' Liaison Counsel a report summarizing according to each separate activity the time and reasonable and necessary

expenses spent during the preceding quarter (and the ordinary billing rates of such attorneys in effect during such quarter) and the accumulated total of counsel's time, hourly rates, and expenses to date.

**SO ORDERED**:

Hon. Marcy S. Friedman, J.S.C.

Dated:   11-29-06

FILED

DEC 1 2 2006

NEW YORK
COUNTY CLERK'S OFFICE

15



## Cases Coordinated Under <u>Delaney v. Pfizer Inc.</u>, Index No. 04/117852

| No. | PLAINTIFF | INDEX NUMBER |
|-----|-----------|--------------|
| 1 | Adams v. Pfizer Inc. | 109079/05 |
| 2 | Adkins v. Pfizer Inc. | 05-109220 |
| 3 | Adkins v. Pfizer Inc. | 06/110314 |
| 4 | Akins v. Pfizer Inc. | 106336/05 |
| 5 | Alferez v. Pfizer Inc. | 05/109080 |
| 6 | Alltop v. Pfizer Inc. | 108111/05 |
| 7 | Amar v. Pfizer, Inc. | 05/100850 |
| 8 | Amato v. Pfizer Inc. | 05/109032 |
| 9 | Anapol v. Pfizer, Inc. | 05/100852 |
| 10 | Angres v. Pfizer Inc. | 06/102636 |
| 11 | Aroutiounian v. Pfizer, Inc. | 05/100851 |
| 12 | Ashley v. Pfizer Inc. | 06/103852 |
| 13 | Atkins v. Pfizer Inc. | 111933/05 |
| 14 | Aull v. Pfizer Inc. | 06/103428 |
| 15 | Baker v. Pfizer Inc. | 109224/05 |
| 16 | Balcer v. Pfizer Inc. | 115854/05 |
| 17 | Ballo v. Pfizer Inc. | 06/100743 |
| 18 | Barbour v. Pfizer Inc. | 112028/05 |
| 19 | Bard v. Pfizer, Inc. | 05/100849 |
| 20 | Barker v. Pfizer Inc. | 06/100608 |
| 21 | Bassett v. Pfizer Inc. | 05/108051 |
| 22 | Bassett v. Pfizer Inc. | 108055/05 |
| 23 | Baucham v. Pfizer Inc. | 05/107450 |
| 24 | Beavers v. Pfizer Inc. | 110325/05 |
| 25 | Bender v. Pfizer Inc. | 112029/05 |
| 26 | Biedenbender v. Pfizer Inc. | 06/107914 |
| 27 | Biernacki v. Pfizer, Inc. | 05/104458 |
| 28 | Binau v. Pfizer Inc. | 05/113830 |
| 29 | Bisak v. Pfizer Inc. | 05/107445 |
| 30 | Blackwell v. Pfizer Inc. | 109031/05 |
| 31 | Block v. Pfizer Inc. | 06/104526 |
| 32 | Blue v. Pfizer Inc. | 06/106149 |
| 33 | Boris v. Pfizer, Inc. | 05/100848 |
| 34 | Bostic v. Pfizer Inc. | 6395/05 |
| 35 | Branscom v. Pfizer Inc. | 05/115295 |
| 36 | Brittelle v. Pfizer Inc. | 111214/05 |
| 37 | Burgin v. Pfizer Inc. | 102942/05 |
| 38 | Burke v. Pfizer Inc. | 05/108324 |

| No. | PLAINTIFF | INDEX NUMBER |
|-----|-----------|--------------|
| 39 | Burroughs v. Pfizer, Inc. | 05/100847 |
| 40 | Bush v. Pfizer Inc. | 112577/05 |
| 41 | Cabrera v. Pfizer, Inc. | 05/100846 |
| 42 | Caggiano v. Pfizer, Inc. | 05/100856 |
| 43 | Calhoon v. Pfizer Inc. | 05/110383 |
| 44 | Candito v. Pfizer Inc. | 05/100855 |
| 45 | Carden v. Pfizer Inc. | 06/105688 |
| 46 | Carrico v. Pfizer Inc. | 05/103569 |
| 47 | Carter v. Pfizer Inc. | 05/115650 |
| 48 | Cascio v. Pfizer Inc. | 05/109083 |
| 49 | Casto v. Pfizer Inc. | 108112/05 |
| 50 | Casunuran v. Pfizer Inc. | 105933/05 |
| 51 | Catassi  v. Pfizer Inc. | 130412/05 |
| 52 | Cawood v. Pfizer Inc. | 05/108322 |
| 53 | Cherkin v. Pfizer, Inc. | 05/100853 |
| 54 | Church v. Pfizer Inc. | 116111/05 |
| 55 | Coluccio v. Pfizer, Inc. | 05/100842 |
| 56 | Colvin v. Pfizer Inc. | 06/104300 |
| 57 | Cooke v. Pfizer Inc. | 05/111934 |
| 58 | Corley v. Pfizer Inc. | 06/103346 |
| 59 | Corry v. Pfizer, Inc. | 05/100843 |
| 60 | Cox v. Pfizer Inc. | 05/108327 |
| 61 | Cox v. Pfizer Inc. | 115853/05 |
| 62 | Crandall v. Pfizer Inc. | 05/108052 |
| 63 | Crane v. Pfizer Inc. | 05/111794 |
| 64 | Craze v. Pfizer Inc. | 05/107748 |
| 65 | Crider v. Pfizer Inc. | 05/109966 |
| 66 | Crisostomo v. Pfizer Inc. | 05/117071 |
| 67 | Cummings v. Pfizer Inc. | 108388/05 |
| 68 | Deitrick v. Pfizer Inc. | 05/107448 |
| 69 | Delaney v. Pfizer Inc. | 04/117852 |
| 70 | Dicken v. Pfizer Inc. | 109151/06 |
| 71 | Diefenbach v. Pfizer Inc. | 06/106227 |
| 72 | Dollison v. Pfizer Inc. | 06/108259 |
| 73 | Dovenbarger  v. Pfizer Inc. | 108950/05 |
| 74 | Dowdell v. Pfizer Inc. | 05/116065 |
| 75 | Drebes v. Pfizer Inc. | 112031/05 |
| 76 | Dyer v. Pfizer, Inc. | 05/100833 |
| 77 | Easter v. Pfizer Inc. | 101831/06 |
| 78 | Edie v. Pfizer Inc. | 05/112033 |
| 79 | Eide v. Pfizer Inc. | 05/112023 |
| 80 | Ellis  v. Pfizer Inc. | 108387/05 |

| No. | PLAINTIFF | INDEX NUMBER |
|---|---|---|
| 81 | Enochs v. Pfizer Inc. | 06/109152 |
| 82 | Esmail v. Pfizer, Inc. | 05/100845 |
| 83 | Farquhar v. Pfizer Inc. | 05/110542 |
| 84 | Farris v. Pfizer Inc. | 06/102102 |
| 85 | Feister v. Pfizer Inc. | 05/110547 |
| 86 | Feliciano v. Pfizer, Inc. | 05/100834 |
| 87 | Ferrara v. Pfizer, Inc. | 05/100854 |
| 88 | Ferreira v. Pfizer Inc. | 06/103347 |
| 89 | Field v. Pfizer Inc. | 05/108109 |
| 90 | Filion v. Pfizer, Inc. | 05/100835 |
| 91 | Flanders v. Pfizer Inc. | 05/110385 |
| 92 | Fornario v. Pfizer, Inc. | 05/100836 |
| 93 | Furr v. Pfizer Inc. | 06/106151 |
| 94 | Gaggino v. Pfizer Inc. | 06/105691 |
| 95 | Galloza v. Pfizer, Inc. | 05/100837 |
| 96 | Gallup v. Pfizer, Inc. | 05/100821 |
| 97 | Garber v. Pfizer Inc. | 05/111793 |
| 98 | George v. Pfizer Inc. | 05/106132 |
| 99 | George-Ward v. Pfizer Inc. | 06/105070 |
| 100 | Gillespie  v. Pfizer Inc. | 06/104934 |
| 101 | Goodman v. Pfizer, Inc. | 05/100822 |
| 102 | Gosa v. Pfizer Inc. | 05/113138 |
| 103 | Goude v. Pfizer Inc. | 05/108049 |
| 104 | Goulart v. Pfizer Inc. | 05/108382 |
| 105 | Gravina v. Pfizer Inc. | 05/109082 |
| 106 | Gray v. Pfizer Inc. | 05/109035 |
| 107 | Greif v. Pfizer Inc. | 06/104725 |
| 108 | Grubbs v. Pfizer Inc. | 105934/05 |
| 109 | Guenot v. Pfizer Inc. | 05/109033 |
| 110 | Habecker v. Pfizer Inc. | 05/108326 |
| 111 | Hale v. Pfizer Inc. | 05/112026 |
| 112 | Hanson v. Pfizer, Inc. | 05/100839 |
| 113 | Hargan v. Pfizer Inc. | 05/108048 |
| 114 | Harman v. Pfizer Inc. | 05/108321 |
| 115 | Harris v. Pfizer Inc. | 05/100823 |
| 116 | Haskins-Green v. Pfizer Inc. | 05/115171 |
| 117 | Hayes v. Pfizer Inc. | 05/113140 |
| 118 | Heart v. Pfizer Inc. | 05/111932 |
| 119 | Heller v. Pfizer Inc. | 111792/05 |
| 120 | Henges v. Pfizer Inc. | 108682/05 |
| 121 | Henrikson v. Pfizer Inc. | 05/108057 |
| 122 | Hill v. Pfizer Inc. | 108683/05 |

| No. | PLAINTIFF | INDEX NUMBER |
|---|---|---|
| 123 | Hinesman v. Pfizer Inc. | 05/115651 |
| 124 | Hoekman v. Pfizer Inc. | 05/110553 |
| 125 | Hugaboom v. Pfizer Inc. | 108949/05 |
| 126 | Hughes v. Pfizer Inc. | 05/108325 |
| 127 | Immoos v. Pfizer Inc. | 04-117916 |
| 128 | Jarvis v. Pfizer Inc. | 05/107447 |
| 129 | Johnson v. Pfizer Inc. | 106622/05 |
| 130 | Johnson v. Pfizer Inc. | 100472/06 |
| 131 | Jones v. Pfizer Inc. | 05/108050 |
| 132 | Jordan v. Pfizer Inc. | 05/111935 |
| 133 | Joseph v. Pfizer Inc. | 06/107925 |
| 134 | Kallo v. Pfizer, Inc. | 05/100824 |
| 135 | Keen v. Pfizer Inc. | 06/110315 |
| 136 | Kefauver v. Pfizer Inc. | 105931/05 |
| 137 | Kelly v. Pfizer Inc. | 05/109076 |
| 138 | Kessler v. Pfizer, Inc. | 05/100840 |
| 139 | Khan v. Pfizer, Inc. | 05/100857 |
| 140 | Kief v. Pfizer Inc. | 05/102715 |
| 141 | King v. Pfizer, Inc. | 05/100825 |
| 142 | Kirkland v. Pfizer Inc. | 108383/05 |
| 143 | Kirshstein v. Pfizer, Inc. | 05/100826 |
| 144 | Klutarich v. Pfizer Inc. | 05/109077 |
| 145 | Kriseman v. Pfizer Inc. | 05/110546 |
| 146 | LaFreniere v. Pfizer Inc. | 06/103427 |
| 147 | Lassiter  v. Pfizer Inc. | 05/109034 |
| 148 | Lawson v. Pfizer Inc. | 06/103345 |
| 149 | Lebeau v. Pfizer Inc. | 06/109150 |
| 150 | Leeper v. Pfizer Inc. | 05/112025 |
| 151 | Lisa Hill v. Pfizer Inc. | 05/109030 |
| 152 | Lockhart v. Pfizer Inc. | 06/109680 |
| 153 | Long v. Pfizer Inc. | 05/110544 |
| 154 | Loyd v. Pfizer Inc. | 05/112024 |
| 155 | Lumley v. Pfizer, Inc. | 05/100858 |
| 156 | Lyster v. Pfizer Inc. | 05/112575 |
| 157 | Macintosh v. Pfizer Inc. | 05/114690 |
| 158 | Madden v. Pfizer Inc. | 111791/05 |
| 159 | Maddox-Wright v. Pfizer Inc. | 05/108384 |
| 160 | Malsch v. Pfizer Inc. | 05/112621 |
| 161 | Manderville v. Pfizer Inc. | 115855/05 |
| 162 | Maples v. Pfizer Inc. | 05/113632 |
| 163 | Marmol v. Pfizer Inc. | 06/103348 |
| 164 | Martin v. Pfizer Inc. | 06/104077 |

| No. | PLAINTIFF | INDEX NUMBER |
|---|---|---|
| 165 | Martin v. Pfizer Inc. | 05/107452 |
| 166 | Mastroieni v. Pfizer Inc. | 109223/05 |
| 167 | McCullough v. Pfizer Inc. | 05/109473 |
| 168 | McCumber v. Pfizer Inc. | 05/109701 |
| 169 | McDaniel  v. Pfizer Inc. | 05/108047 |
| 170 | McLawhorn  v. Pfizer Inc. | 05/116647 |
| 171 | McLellan v. Pfizer Inc. | 05/108113 |
| 172 | McNamee v. Pfizer Inc. | 06/106148 |
| 173 | Melkey v. Pfizer Inc. | 05/108391 |
| 174 | Mendez v. Pfizer Inc. | 05/107446 |
| 175 | Midkiff v. Pfizer Inc. | 06/102971 |
| 176 | Milligan v. Pfizer Inc. | 05/111937 |
| 177 | Mnatsakanyan v. Pfizer Inc. | 05/108323 |
| 178 | Moran v. Pfizer Inc. | 108385/05 |
| 179 | Murray v. Pfizer Inc. | 05/108381 |
| 180 | Murray v. Pfizer Inc. | 108934/06 |
| 181 | Myers v. Pfizer Inc. | 05/102216 |
| 182 | Nazelrod v. Pfizer Inc. | 114015/05 |
| 183 | Neilson v. Pfizer Inc. | 105728/05 |
| 184 | Nelson v. Pfizer Inc. | 06/104078 |
| 185 | Newton v. Pfizer Inc. | 06/100609 |
| 186 | Nichols  v. Pfizer Inc. | 108389/05 |
| 187 | Nichols-Gardner  v. Pfizer Inc. | 05/117070 |
| 188 | O'Sullivan v. Pfizer Inc. | 05/114689 |
| 189 | Oates v. Pfizer Inc. | 05/108056 |
| 190 | Oliva v. Pfizer, Inc. | 05/100859 |
| 191 | Padgett v. Pfizer Inc. | 05/103413 |
| 192 | Pappenfort v. Pfizer Inc. | 05/109221 |
| 193 | Parnell v. Pfizer Inc. | 05/109219 |
| 194 | Paschetti v. Pfizer Inc. | 06/105690 |
| 195 | Pease v. Pfizer Inc. | 06/102637 |
| 196 | Peeler v. Pfizer Inc. | 05/108054 |
| 197 | Perez v. Pfizer Inc. | 101732/06 |
| 198 | Plummer v. Pfizer, Inc. | 05/100828 |
| 199 | Polak v. Pfizer Inc. | 05/112576 |
| 200 | Price v. Pfizer Inc. | 7369/04 |
| 201 | Rakosky v. Pfizer, Inc. | 05/100863 |
| 202 | Ramunni  v. Pfizer Inc. | 100063/05 |
| 203 | Reece v. Pfizer Inc. | 06/100607 |
| 204 | Reid v. Pfizer, Inc. | 05/100860 |
| 205 | Reilley v. Pfizer Inc. | 05/109222 |
| 206 | Revia v. Pfizer Inc. | 05/110551 |

5

| No. | PLAINTIFF | INDEX NUMBER |
|-----|-----------|--------------|
| 207 | Richards v. Pfizer Inc. | 111788/05 |
| 208 | Richardson v. Pfizer Inc. | 05/102716 |
| 209 | Riggio v. Pfizer Inc. | 05/110548 |
| 210 | Roberts v. Pfizer Inc. | 111790/05 |
| 211 | Rogers-Hart v. Pfizer Inc. | 05/111936 |
| 212 | Rolick v. Pfizer Inc. | 04/118206 |
| 213 | Rose v. Pfizer Inc. | 112032/05 |
| 214 | Ross v. Pfizer Inc. | 05/117328 |
| 215 | Rowley v. Pfizer Inc. | 110381/05 |
| 216 | Ruff v. Pfizer Inc. | 105932/05 |
| 217 | Runyon v. Pfizer Inc. | 06/102970 |
| 218 | Sadler v. Pfizer Inc. | 109081/05 |
| 219 | Sampson v. Pfizer Inc. | 112386/05 |
| 220 | Santos v. Pfizer Inc. | 06/105689 |
| 221 | Saunders v. Pfizer Inc. | 105817/05 |
| 222 | Saunders v. Pfizer Inc. | 06/106150 |
| 223 | Schindler v. Pfizer Inc. | 05/100829 |
| 224 | Schmidt v. Pfizer, Inc. | 05/100861 |
| 225 | Scott v. Pfizer Inc. | 04-7096 |
| 226 | Scully  v. Pfizer Inc. | 108114/05 |
| 227 | Shanen v. Pfizer Inc. | 05/100862 |
| 228 | Sheldon Novak v. Pfizer, Inc. | 05/100827 |
| 229 | Sherman v. Pfizer Inc. | 102594/05 |
| 230 | Shipe v. Pfizer Inc. | 06/110313 |
| 231 | Silver v. Pfizer, Inc. | 05/100864 |
| 232 | Sleeper v. Pfizer Inc. | 110545/05 |
| 233 | Sluben v. Pfizer Inc. | 05/114822 |
| 234 | Smith v. Pfizer, Inc. | 05/100830 |
| 235 | Sodeman v. Pfizer Inc. | 05/115775 |
| 236 | Sockbeson v. Pfizer Inc. | 06/110447 |
| 237 | Sorenson v. Pfizer Inc. | 110112/05 |
| 238 | Sorrell v. Pfizer Inc. | 110382/05 |
| 239 | Stanley  v. Pfizer Inc. | 108110/05 |
| 240 | Stephenson v. Pfizer Inc. | 112027/05 |
| 241 | Stevens v. Pfizer Inc. | 06/106413 |
| 242 | Stevens v. Pfizer, Inc. | 05/100865 |
| 243 | Studen v. Pfizer, Inc. | 05/100831 |
| 244 | Styers v. Pfizer Inc. | 06/102843 |
| 245 | Sucharzewski v. Pfizer Inc. | 107747/05 |
| 246 | Sutton  v. Pfizer Inc. | 106131/05 |
| 247 | Tate v. Pfizer Inc. | 102717/05 |
| 248 | Taylor v. Pfizer Inc. | 06/105692 |

6

| No. | PLAINTIFF | INDEX NUMBER |
|---|---|---|
| 249 | Thibault v. Pfizer Inc. | 108390/05 |
| 250 | Thomas v. Pfizer Inc. | 110384/05 |
| 251 | Thompson v. Pfizer Inc. | 110386/05 |
| 252 | Thompson v. Pfizer Inc. | 111793/05 |
| 253 | Thompson v. Pfizer Inc. | 05/114607 |
| 254 | Trautwein v. Pfizer Inc. | 111450/05 |
| 255 | Trousdale v. Pfizer Inc. | 106337/05 |
| 256 | Trout  v. Pfizer Inc. | 116646/05 |
| 257 | Trumble v. Pfizer Inc. | 06/106414 |
| 258 | Tuminaro v. Pfizer, Inc. | 05/100866 |
| 259 | Turner v. Pfizer Inc. | 110549/05 |
| 260 | Vanaman v. Pfizer Inc. | 107449/05 |
| 261 | Vays v. Pfizer, Inc. | 05/100832 |
| 262 | Vermillion v. Pfizer Inc. | 107451/05 |
| 263 | Vicente v. Pfizer Inc. | 8310/03 |
| 264 | Vorholt v. Pfizer Inc. | 112030/05 |
| 265 | Wagasky  v. Pfizer Inc. | 05/105604 |
| 266 | Walden v. Pfizer Inc. | 05/108053 |
| 267 | Warren v. Pfizer Inc. | 06/106152 |
| 268 | Watford v. Pfizer Inc. | 111449/05 |
| 269 | Weakley v. Pfizer Inc. | 05/110887 |
| 270 | West v. Pfizer Inc. | 108386/05 |
| 271 | West v. Pfizer Inc. | 123687 |
| 272 | Wilkey v. Pfizer Inc. | 05/109225 |
| 273 | Williams v. Pfizer Inc. | 05/113139 |
| 274 | Williams v. Pfizer, Inc. | 05/100841 |
| 275 | Willie-Toon v. Pfizer Inc. | 05/106336 |
| 276 | Wilson v. Pfizer Inc. | 111789/05 |
| 277 | Winters v. Pfizer Inc. | 05/109076 |
| 278 | Witt v. Pfizer Inc. | 110552/05 |
| 279 | Young v. Pfizer Inc. | 1062-2004 |
| 280 | Zirpolo v. Pfizer Inc. | 101832/06 |
| 281 | Zorn v. Pfizer, Inc. | 05/100867 |



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------ x
                                     :
IN RE: NEURONTIN                     :  Index No. ____
PRODUCT LIABILITY LITIGATION         :  RJI No. ____
                                     :
                                     :  Hon. Marcy S. Friedman
                                     :
------------------------------------ x
THIS DOCUMENT APPLIES TO ALL CASES   :
------------------------------------ x

## PROPOSED FACT SHEET
### Instructions

The following Fact Sheet is designed to elicit information and documents from plaintiffs in each individual personal injury action coordinated before Justice Marcy S. Friedman in In re Neurontin Product Liability Litigation.  Frequently, the plaintiff(s) in each action is also the person who is alleged to have been harmed as a result of ingesting the prescription medication Neurontin.  In certain instances, however, the plaintiff may be acting in a representative capacity in pursuing a claim against defendants on behalf of a person alleged to have been harmed as a result of ingesting Neurontin.  Accordingly, Section I below seeks responses from the plaintiff(s) for each filed action.  In that section, "you" refers only to the person(s) who is bringing the action, whether on their own behalf or on behalf of another.  The remainder of the sections in this Fact Sheet seek responses and documents with respect to the person who is alleged to have been harmed by their ingestion of Neurontin.  In Sections II to X, "you" refers to the person who allegedly ingested Neurontin and was harmed as a result.

Responses to the Fact Sheet and accompanying documents shall be produced within sixty (60) days of this Fact Sheet's submission to the Court on September 12, 2006. For plaintiffs whose cases are coordinated after September 12, 2006, responses to the Fact Sheet shall be produced within 60 days of the receipt of this Fact Sheet from Plaintiffs' Liaison Counsel (see Section I. E. of Case Management Order, dated Sept. 12, 2006).

Defendants reserve their rights to serve interrogatories and / or requests for production seeking further information and documents from plaintiff. The parties shall meet and confer prior to the service by defendants of interrogatories and / or requests for production.

In the event plaintiffs are unable to fit information responsive to questions in the spaces provide below, plaintiffs are instructed to append additional sheets that clearly state the section and sub-section to which their responses correspond.

The parties recognize that the Fact Sheet is a discovery tool akin to interrogatories and document requests that requires reasonable diligence on behalf of counsel in eliciting information and documents from plaintiffs.

I.      **Case Information** (These questions are directed at plaintiffs)

      A.      State the following for the civil action which you filed:

            1.      Case Caption:_____

            2.      Master Case  Number:_____

            3.      Transferor Court and Index Number in that Court:_____

                _____

4.    Please state the name, address, telephone number, fax number and email address of the principal attorney representing you:

Attorney Name:_____

Firm Name:_____

Address:_____

Telephone_____
Fax No._____

Email Address:_____

5.    If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person or a minor), please complete the following:

a.    _____
Your Name

b.    _____
Street Address

_____
City, State, and Zip Code

c.    In what capacity are you representing the individual?

_____

d.    If you were appointed by a court, state the:

_____
State, Court Term and Number        Date of Appointment

e.    Your relationship to deceased or represented person:

_____

3

f.   If you represent a decedent's estate, state the date of death of the decedent.

_____

II.   **Personal Information (These questions seek information regarding the person alleged to have been harmed by ingesting Neurontin)**

A.   Your Name:_____

B.   Your present address:_____

_____

C.   Social Security Number:_____

D.   Date of Birth:_____

E.   Other names by which you have been known, and the dates during which you were known by such names:

_____

_____

F.   Marital Status:

If married more than once, please provide information for each marriage.

_____

1.   Name of Spouse:_____

2.   Address of Spouse:_____

3.   Dates of Marriage:_____

If separated or divorced, provide date of separation or divorce, provide the place and manner of the termination of the marriage, provide the name and location of the court entering the divorce:

_____

_____

4

1.    Name of Spouse:_____

2.    Address of Spouse:_____

3.    Dates of Marriage:_____
       If separated or divorced, provide date of separation or divorce,
       provide the place and manner of the termination of the marriage,
       provide the name and location of the court entering the divorce:

       _____

       _____

G.   List all children resulting from each of the marriages as well as step
children and children outside of marriage or through adoption, their dates
of birth, gender and names of birth parents:

| Name: | Date of Birth: | Gender (M, F) | Birth Parents |
|-------|----------------|---------------|---------------|
|       |                |               |               |
|       |                |               |               |
|       |                |               |               |

H.   Identify each address at which you have resided for a period of more than
thirty (30) days in the last ten years, including the date each residency was
commenced and terminated and any individuals with whom you resided at
such address(es) and the relationship with that individual:

| Street Address | City | State | Zip | When? |
|----------------|------|-------|-----|-------|

| With whom | Relationship |
|-----------|--------------|

| Street Address | City | State | Zip | When? |
|----------------|------|-------|-----|-------|

| With whom | Relationship |
|-----------|--------------|

| Street Address | City | State | Zip | When? |
|----------------|------|-------|-----|-------|

5

| With whom | Relationship |
|---|---|

I.     Education

Identify by name, location and dates of attendance, each high school, vocational school, college, university or other post-secondary educational institution or other learning facilities you attended, and for each identify the type of certificate, diploma or degree awarded.  If you did not graduate or otherwise receive a certificate, diploma or degree for a certain educational institution, please state why.

| **School** *Complete Address* | **Years Attended** | **Graduate? Degree?** | **Reason for Not Completing** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

J.     Employment

1.     Current or Most Recent [Last] Employer:

| Name | Street Address | City | State | Zip Code |
|---|---|---|---|---|

| Dates of Employment | Occupation | Reason for termination |
|---|---|---|

2.      Identify each employer for whom you worked in the last ten years as follows.  If you do not have enough space to answer the question completely please provide an attachment clearly marked as "1.J.2. Employment History":

| Name | Street Address | City | State | Zip Code |
|---|---|---|---|---|

| Dates of Employment | | Occupation | Reason for termination |
|---|---|---|---|

| Name | Street Address | City | State | Zip Code |
|---|---|---|---|---|

| Dates of Employment | | Occupation | Reason for termination |
|---|---|---|---|

| Name | Street Address | City | State | Zip Code |
|---|---|---|---|---|

| Dates of Employment | | Occupation | Reason for termination |
|---|---|---|---|

| Name | Street Address | City | State | Zip Code |
|---|---|---|---|---|

| Dates of Employment | | Occupation | Reason for termination |
|---|---|---|---|

K.      Identify each insurance company that  has provided medical, prescription, disability, accident or life insurance benefits to the Plaintiff for the last 20 years.

| Name of Insurance | Name of Insured | Policy # |
|---|---|---|

| Street Address | City | State | Zip  Code |
|---|---|---|---|

7

Did they pay for Neurontin or incident-related expenses?

Yes_____   No_____

_____

Name of Insurance      Name of Insured       Policy #
_____

Street Address              City              State            Zip  Code

Did they pay for Neurontin or incident-related expenses?

Yes_____   No_____

_____

Name of Insurance      Name of Insured       Policy #
_____

Street Address              City              State            Zip  Code

Did they pay for Neurontin or incident-related expenses?

Yes_____   No_____

_____

Name of Insurance      Name of Insured       Policy #
_____

Street Address              City              State            Zip  Code

Did they pay for Neurontin or incident-related expenses?

Yes_____   No_____

**III.**    **Use of Neurontin** (These questions seek information regarding the person alleged to have been harmed by ingesting Neurontin)

Identify by name, specialty, and address the doctor(s) **who prescribed Neurontin** for you and, for each doctor, provide the dates during which he or she prescribed Neurontin.  Please further identify the dosage of Neurontin prescribed to you by the doctor.

8

_____

Name and specialty

_____

Street Address          City, State, and Zip     Phone Number

_____

Dates Neurontin was prescribed              Dosage

_____

Name and specialty

_____

Street Address          City, State, and Zip     Phone Number

_____

Dates Neurontin was prescribed              Dosage

_____

Name and specialty

_____

Street Address          City, State, and Zip     Phone Number

_____

Dates Neurontin was prescribed              Dosage

Did you receive samples? Yes _____ No _____

If yes , please provide name and address of health care provider who gave
you samples

_____

Name and specialty

_____

Street Address          City, State, and Zip     Phone Number

9

IV.  **Injury**

A.  Do you claim that you have suffered an injury as a result of the use of Neurontin?

Yes _____ No_____

If the answer is yes, state the nature of the bodily injury or injuries which you claim.

_____

_____

_____

B.  Have you sought medical treatment as a result of your injury?

Yes _____ No_____

If the answer is yes, list all health care providers with whom you have sought treatment:

Name:_____

_____

Address                City                        State    Zip Code

_____

Type of Treatment              Dates of Treatment

Medications Prescribed:_____

Name:_____

_____

Address                City                        State    Zip Code

_____

Type of Treatment              Dates of Treatment

Medications Prescribed:_____

Name:_____

_____

Address                City                    State    Zip Code

_____

Type of Treatment              Dates of Treatment

Medications Prescribed:_____

C.      Are you still undergoing treatment for your injury?

        Yes_____   No_____

        If the answer is yes, please list health care providers with whom you are
        currently treating:

        Name: _____

_____

Address                City                    State    Zip Code

_____

Type of Treatment              Dates of Treatment

Medications Prescribed:_____

Name: _____

_____

Address                City                    State    Zip Code

_____

Type of Treatment              Dates of Treatment

Medications Prescribed:_____

Name: _____

_____

Address                City                    State    Zip Code

_____

Type of Treatment              Dates of Treatment

Medications Prescribed:_____

Name: _____

_____
Address                    City                           State     Zip Code

_____
Type of Treatment                    Dates of Treatment

Medications Prescribed:_____

D.     Please list the name and address of any person, law enforcement
       organization, governmental agency , coroner or medical examiner that was
       present or responded at the time of the incident.

Name: _____

_____
Address                    City                           State     Zip Code

Name: _____

_____
Address                    City                           State     Zip Code

Name: _____

_____
Address                    City                           State     Zip Code

## V.     **Fact Witnesses**

A.     Please identify all persons you believe possess information concerning
       your injury and/or your current medical conditions [*excluding health care
       providers previously listed in this Fact Sheet*] and for each, state their
       name, address, telephone number and a description of the information you
       believe they possess.

       _____

       _____

12

_____

_____

B.      With the exception of health care providers previously listed in this Fact
        Sheet, state the name and addresses of witnesses with knowledge of any
        and all medications (whether prescription or not) or drugs (whether
        prescription or not) which plaintiff took orally, by injection, through
        ingestion, by suppository or by external application at any time during a
        twenty year period prior to his injury.

        _____

        _____

        _____

        _____

C.      Please state the name and address of any individuals who may have had
        contact with you, or would have knowledge of your behavior, or mental
        state, in the 72 hours immediately preceding your suicide attempt or death.

        _____

        _____

        _____

        _____

D.      Identify each person known to you or your counsel, who is not already
        listed in another section of the Fact Sheet, who has knowledge of any facts
        relevant to this case, specifying as to each person the nature and extent of
        the personal knowledge that you claim they have concerning the facts of
        this case.

        _____

        _____

        _____

**VI.**  **Damage Claims**

    A.    Have you paid or incurred any medical expenses, including amounts billed or paid by insurers and other third party payors, which are related to any condition which you claim or believe was caused by your use of Neurontin which you seek to recover in the action which you have filed?

        Yes_____    No _____

If yes, please state the total amount of such expenses at this time: $_____

    B.    Are you making a claim for lost wages ?

        Yes_____    No _____

If yes,   please indicate the total amount of lost wages at this time:  $_____

**VII.**  **Prior Psychiatric Treatment**

    A.    In the twenty (20) years prior to the incident complained of, did you ever consult with a psychiatrist, psychologist, therapist, counselor or any other mental health professional?  If yes, please identify the individual by name, address, type of treatment, dates of treatment and medications prescribed.

        Name: _____

        _____
        Address          City              State   Zip Code

        _____
        Type of Treatment          Dates of Treatment

        _____

        _____
        Address          City              State   Zip Code

        _____
        Type of Treatment          Dates of Treatment

        _____
        Address          City              State   Zip Code

14

_____

Type of Treatment            Dates of Treatment

_____

_____

Address           City            State    Zip Code

_____

Type of Treatment            Dates of Treatment

B.     Please list each other physician, hospital or healthcare provider from whom you have received treatment, with whom you have consulted regarding your health, or who has examined you since five (5) years before you started taking Neurontin OR since ten (10) years before the occurrence of the earliest injury complained of in this lawsuit, whichever date is earlier:

_____

Name

_____

Specialty and Reason for Consult or treatment

_____

Street Address

_____

City, State, Zip Code            Phone Number

_____

Name

_____

Specialty and Reason for Consult or treatment

_____

Street Address

_____

City, State, Zip Code            Phone Number

_____

15

Name

_____

Specialty and Reason for Consult or treatment

_____

Street Address

_____

City, State, Zip Code                          Phone Number

_____

Name

_____

Specialty and Reason for Consult or treatment

_____

Street Address

_____

City, State, Zip Code                          Phone Number

C.      Alcohol and/or drug use or abuse:  Have you ever consumed alcoholic beverages?

          Yes:_____     No_____

If yes, please state the frequency and type of beverage consumed:

_____

_____

_____

Have you taken illegal drugs ("street drugs")?

          Yes:_____     No_____

If yes, please state the name of the drug or prescription and the dosage and the frequency of your use:

_____

16

_____

_____

Have you consumed prescription drugs that were not originally prescribed
to you?

      Yes:_____     No_____

If yes, list the name of the person to whom the drug was prescribed and
their relationship to you if any:

| Name of Drug | Dosage | Frequency of use by you | If prescribed to someone other than you, please provide the name of that individual | Relationship of that person to you, if any |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Have you ever sought any type of treatment or counseling for any issue
related to your alcohol use and or illegal or prescription drugs?  If so,
please identify the health-care professional involved, the nature of the
treatment, the dates of the treatment, the location of the treatment and the
outcome of the treatment since five (5) years before you started taking
Neurontin OR since ten (10) years before the occurrence of the earliest
injury complained of in this lawsuit, whichever date is earlier:

_____

Name of health care professional or institution


_____

Type of treatment                    Dates

Location/address                           phone number
_____

Outcome
_____

Name of health care professional or institution
_____

Type of treatment              Dates
_____

Location/address                           phone number
_____

Outcome
_____

Name of health care professional or institution
_____

Type of treatment              Dates
_____

Location/address                           phone number
_____

Outcome
_____

Name of health care professional or institution
_____

Type of treatment              Dates
_____

Location/address                           phone number
_____

Outcome
_____

**VIII.** **Family History**

Please provide the following information for your parents, grandparents, natural uncles and aunts, siblings and children.  In the last column please list if that family member has a history of any of the following: Is there a history of psychiatric or mental illness?  Suicide, attempted suicide, homicide or other violent or aggressive behavior?  Indicate yes or no for each family member and if yes briefly describe and include approximate dates if known.  Also identify the individuals that might have known of these incidents.

| Name | Relationship | Date of Birth | Psychiatric health history |
|------|--------------|---------------|----------------------------|
|      |              |               | Suicide: _____ or attempted suicide:_____ <br><br> Homicide or other violent behavior_____ <br><br> Describe:_____ <br><br> _____ <br><br> _____ <br><br> Individuals with knowledge of this event:_____ <br><br> _____ |
|      |              |               | Suicide: _____ or attempted suicide:_____ <br><br> Homicide or other violent behavior_____ <br><br> Describe:_____ <br><br> _____ <br><br> _____ <br><br> Individuals with knowledge of this event:_____ <br><br> _____ |

19

| Name | Relationship | Date of Birth | Psychiatric health history |
|------|--------------|---------------|----------------------------|
|      |              |               | Suicide: _____ or attempted suicide:_____<br><br>Homicide or other violent behavior_____<br><br>Describe:_____<br><br>_____<br><br>_____<br><br>Individuals with knowledge of this event:_____<br><br>_____ |
|      |              |               | Suicide: _____ or attempted suicide:_____<br><br>Homicide or other violent behavior_____<br><br>Describe:_____<br><br>_____<br><br>_____<br><br>Individuals with knowledge of this event:_____<br><br>_____ |

| Name | Relationship | Date of Birth | Psychiatric health history |
|---|---|---|---|
| | | | Suicide: ____ or attempted suicide:____<br><br>Homicide or other violent behavior____<br><br>Describe:_____<br>_____<br>_____<br><br>Individuals with knowledge of this event:_____<br><br>_____ |
| | | | Suicide: ____ or attempted suicide:____<br><br>Homicide or other violent behavior____<br><br>Describe:_____<br>_____<br>_____<br><br>Individuals with knowledge of this event:_____<br><br>_____ |

| Name | Relationship | Date of Birth | Psychiatric health history |
|---|---|---|---|
| | | | Suicide: _____ or attempted suicide:_____<br><br>Homicide or other violent behavior_____<br><br>Describe:_____<br><br>_____<br><br>_____<br><br>Individuals with knowledge of this event:_____<br><br>_____ |

## IX.   Medications:

List any prescription medicines taken for the twenty (20) years **BEFORE** the incident complained of.  For each medication, state the precise name of the medication/substance, the time period(s) you took it (including the dates first and last taken), and the name of the physician who prescribed it.

| Medication | Date First Taken | Date Last Taken | Prescribing Physician |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Medication | Date First Taken | Date Last Taken | Prescribing Physician |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**X.**     **Documents**

Please attach to this declaration the following documents that are in your possession, custody or control:

A.     Copies of the death certificate, if applicable, of person alleged to have ingested Neurontin and been harmed as a result. Copies of the coroner's report, toxicology reports and other laboratory work performed upon death, if applicable.

B.     Any Letters of Administration.

C.     All documents written or prepared by plaintiff that mention, discuss, or refer to any thought, expression, or act of suicide, including, but not limited to, any suicide note connected with the subject incidents.

D.     Original signed authorizations providing for the release of records in the form appended hereto. These authorizations are to be provided without time limitation and are to be provided after all identifying information of health care providers and facilities, including hospitals and other treatment facilities, is reviewed with reasonable diligence and good faith.

E.     Copies of all documents written or prepared with respect to you by any mental health care providers, including therapists, psychiatrists, psychologists and other professionals, for the past 20 years.

F.     All documents constituting, reporting, summarizing, or referring to any medical test, psychological test, psychiatric test, intelligence test, mental health test, or standardized test of any kind ever taken by or administered to plaintiff.

G.     Copies of all medical records, surgical records, x-rays, radiographic films, pathology materials, including but not limited to slides and other tissue samples, or any other records or materials related to any diagnostic or treatment tests or procedures, financial records, bills, invoices, writings, notes or memoranda relating to all of the plaintiff's physical, medical or mental/emotional conditions, illnesses or disabilities, including but not limited to those of doctors, nurses, practitioners, hospitals, clinics, institutions or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the plaintiff's contention that such physical, medical or mental conditions, illnesses, or disabilities were caused in any way by the defendants or any agent or employee of the defendants:

24

> (i)     for a period of five (5) years before you started taking Neurontin OR since ten (10) years before the occurrence of the earliest injury complained of in this lawsuit, whichever date is earlier.
>
> (ii)     for a period of time commencing on the date of the first occurrence alleged in the Complaint up to and including the present date.

H.     Copies of each informed consent form or consent to treatment form plaintiff/decedent signed in connection with treatment by a health care professional and/or institution who prescribed him/her Neurontin.

I.     All documents that record, describe, or refer to any drug or medication of any kind that was prescribed for, administered to, obtained by, provided to, or made available to plaintiff at any time during the three years immediately preceding the injurious event alleged in the complaint:

J.     All documents that describe or refer to any counseling, recommendation for counseling, arrest, prosecution, conviction, or treatment of plaintiff for any use of, possession of, addiction to, intoxication with, or abuse of any form of alcohol, controlled substance, mind-altering substance, illegal drug, or medication for the period five (5) years before you started taking Neurontin OR since ten (10) years before the occurrence of the earliest injury complained of in this lawsuit, whichever date is earlier..

K.     All documents that describe, record, or refer to any felony, act of violence, civil assault, civil battery, act of cruelty, spousal abuse, child abuse, fighting, suicide attempt, or disturbance of the peace in which plaintiff ever has been or was involved, or for which plaintiff ever has been or was accused, sued, arrested, prosecuted, investigated, convicted, enjoined, or subjected to restraint by court order.  Such documents include all records revealing the nature of each such offense, the name of the court in which each such matter or proceeding was filed or prosecuted, each judgment or plea entered in connection with each such offense, the sentence or other punishment imposed for each such offense, the name and address of each institution in which plaintiff was confined or referred for treatment or counseling in connection with each such offense, or the name and last known address of any probation or parole officer assigned to any such case.

25

L.     All documents that describe, record, or refer to any investigation, prosecution, claim, charge, report, accusation, disciplinary action, or incident of any kind in which any person asserted that plaintiff committed was injured as a result of, any felony, act of violence, civil assault, civil battery, act of cruelty, spousal abuse, child abuse, fight, suicide attempt, or disturbance of the peace.

M.     All notes, reports, recommendations, memoranda, and other documents in which any person, including, but not limited to, school administrators, counselors, providers, friends, relatives, and law enforcement personnel, described, warned about, opined on, or in any way referred to any actual, observed, or possible behavioral problem, deportment problem, psychological or psychiatric problem, mental problem, mental illness, alcohol problem, or substance-abuse problem of or with respect to plaintiff for a period of 20 years prior to the date of the alleged injury.

N.     If you have been the claimant or subject of any worker's compensation, Social Security or other disability proceeding, all documents relating to such proceeding.

O.     All documents constituting, concerning or relating to product use instructions, product warnings, package inserts, pharmacy handouts or other materials distributed with or provided to you in connection with your use of Neurontin.

P.     All documents that state, describe, or refer to any benefit, efficacy, physical or chemical property, indication, contraindication, "side effect," adverse reaction, warning, precaution, or recommendation of or for Neurontin that plaintiff read or viewed before plaintiff's injury.

Q.     All records in plaintiff's possession, custody or control that relate to suicide, suicide attempt, other psychiatric conditions and/or any other alleged condition that is the subject of plaintiff's lawsuit.

R.     Copies of each bottle and label in your possession, custody or control and any remaining medication, of any product, drug or device referred to in the Complaint or other drug (whether prescription or otherwise) taken by plaintiff during the pertinent time of the matters alleged in the Complaint shall be made available for inspection by defendants.

S.    All documents relating to your purchase of Neurontin, including, but not limited to, receipts, prescriptions or records of purchase.

T.    All documents in your possession referring or relating to Neurontin in your possession including, but not limited to:

> Copies of all newspaper, magazine or medical journal articles which discuss, refer or relate to the use of Neurontin and the risk of suicide ideation.

> Copies of any and all promotional or marketing materials or other documents regarding the use of Neurontin in the treatment of the condition for which plaintiff was prescribed Neurontin or at higher dosages than recommended on the label, that plaintiff alleges were improperly provided by defendants to plaintiff's physician.

> Copies of each and every medical article, treatise, research study, publication, or other document regarding the use of Neurontin for the treatment of plaintiff's condition that was reviewed or relied upon by plaintiff's physician in formulating the clinical judgment to prescribe Neurontin to plaintiff.

> All documents relating to any statements obtained by the plaintiff from any person having, or purporting to have, knowledge or information pertaining to Neurontin, with the exception of any expert retained by plaintiff.

> All documents relating to any opinion by any person with an M.D., Ph.D., D.O., M.P.H., D. Sc., M.D., pharmacy degree or by any similarly trained or educated health care professional or scientist concerning Neurontin, [*with the exception of any expert retained by plaintiff*]]

U.    All documents relating to any communication by any person, including your attorneys, to or from the Food and Drug Administration ("FDA"), including but not limited to online, phoned, mailed or faxed communications to the FDA's MedWatch program, regarding Neurontin, including the dates of any such communications.

V.      All documents relating to any communication posted on any Internet web site or message board, including, but not limited to, www.legalnewswatch.com, concerning Neurontin, Pfizer, Warner-Lambert, or Parke-Davis.

W.     All documents relating to any communication by any person about reporting adverse reactions to Neurontin to the FDA or to Pfizer.

X.      All documents relating to any advertisements, including but not limited to print, television, and radio media, concerning reporting adverse reactions to Neurontin to Pfizer, to the FDA, or to other regulatory bodies, or concerning  bringing a lawsuit relating to Neurontin.

Y.      All documents that record, describe, or refer to any incidence, diagnosis, or history of mental illness in any of plaintiff's natural grandparents, natural parents, natural aunts and uncles, or natural siblings.

Z.      All documents obtained directly or indirectly from Pfizer Inc.

AA.   All documents proposing, recommending, or in anyway suggesting that Pfizer should add to or change the warnings and instructions provided to physicians or consumers about Neurontin.

BB.   All documents that refer or pertain to any investigation of any incident or matter referred to in the Complaint, including any investigation of any aspect of the subject incident by any law enforcement organization, governmental agency, or insurance company.

CC.   All documents concerning any oral or written communications between defendants, or their agents, servants, or employees and the health care professional(s) who prescribed Neurontin® for plaintiff/Decedent.

DD.   Please produce all documents that refer or relate to any communication (whether oral or written) between you, or a person acting on your or plaintiff's behalf, and any health care professionals and/or institutions by whom or at which plaintiff was seen, evaluated, or treated concerning Neurontin, or any act, omission, or conduct of defendants, including, without limitation, any notes, correspondence or recordings of such communications.

EE.   All documents, including, but not limited to, correspondence between Plaintiff and any of his / her family members or friends, that mention or refer in any way to any depression, grief, unhappiness, anxiety, suicidal thought, suicidal expression, hostility, troubled behavior, anger, fear, hyperactivity, agitation, violent act, threat, restlessness, need for help, or helplessness by or on the part of plaintiff.

FF.   All documents, without time limitation, that state, describe, discuss, mention, evaluate, determine, or refer to any event, occurrence, effect, substance or condition that any person has suspected, investigated, evaluated, considered, accepted, rejected, or discussed as a hypothetical, potential, possible, probable, contributing, or actual cause of or reason for any suicidal thought, attempt, or act by plaintiff at any time during his /her life.

GG.   All documents, without time limitation, in which plaintiff or any other person described or referred to plaintiff's use of Neurontin, described or referred to any adverse event or "side effect" experienced by plaintiff as a result of ingesting Neurontin, or described or referred to any injury, damage, or harm that resulted from plaintiff's ingesting Neurontin.

HH.   All documents in which plaintiff or any other person described or referred to plaintiff's use of any medication other than Neurontin, described or referred to any adverse event or "side effect" experienced by plaintiff as a result of ingesting any medication other than Neurontin, or described or referred to any injury, damage, or harm that resulted from plaintiff's ingesting any medication other than Neurontin.

II.   All documents in which you or any other person described or referred in any way to the subject incidents or any aspect of them in any manner or for any purpose.

JJ.   All documents in which you or any other person stated or opined that plaintiff had, or seemed to have, manifested anger, aggressiveness, suicidal expression, suicidal thought, suicidal behavior, violent expression, violent thought, or violent behavior at any time.

KK.   All documents, without time limitation, in which you or any other person described or referred to any behavioral problem, disciplinary problem, social problem, adjustment problem, stress, anger problem, or interpersonal problem that you ever experienced, or that any person ever believed, reported, or suggested you experienced, at any time.

29

LL.     If you claim you have suffered a loss of earnings or earning capacity, an authorization to obtain salary history from your employers.

MM.    If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy or other health care provider.

NN.    All journals, diaries, letters, e-mails or other documents written by you or received by you which refer to your health or well-being, including any injuries or illnesses, or which refer to Neurontin.

OO.    Any document relating to any medical or accident insurance which plaintiff had in effect from three years prior to the harm alleged in his / her Complaint.

PP.     All insurance records and/or other documents relating to, or supporting, your claimed damages.

QQ.    All documents that state, record, list, or refer to any fee, expense, cost, or item of pecuniary expense or loss of any kind for which you seek to recover compensatory damages in this action, including medical, legal, counseling, administrative, travel, and other costs, damages, or expenses.

RR.    All documents that describe, refer to, were filed in, or were produced by or provided to you in connection with, any claim or suit for personal injury or disability filed by plaintiff, including, but not limited to, all documents that identify the court in which each such claim or suit was filed, the nature and extent of the injuries for which damages were sought, the identities of all parties to each such claim or suit, and the disposition of each such claim or suit.

SS.     All documents that describe or refer to any legal proceeding (whether civil, criminal, or administrative, including, but not limited to, any criminal indictment or conviction, petition for protective order, petition for restraining order, commitment proceeding, divorce proceeding, separation proceeding, or guardianship proceeding) in which plaintiff has ever been named a party, a deponent, a testifying witness, an affiant, or a declarant under penalty of perjury.

TT.     All documents that describe, record, or refer to any felony, act of violence, civil assault, civil battery, act of cruelty, spousal abuse, child abuse, fighting, suicide attempt, or disturbance of the peace in which plaintiff, or for which plaintiff ever has been or was accused, sued, arrested,

30

prosecuted, investigated, convicted, enjoined, or subjected to restraint by court order.

UU.   Plaintiff's individual state and federal tax returns for the past five years from the date of injury.

VV.   Any and all calendars or diaries prepared by plaintiff covering any portion of the pertinent time of the matters alleged in the Complaint from Jan. 1, 1994 to the date of the filing of the Complaint.

WW.   Copies of any weapons permits you have held or currently hold.

XX.   Any and all photographs, X-rays, drawings, slides, movies, videotapes, or other visual reproduction of any type in your possession, the possession of your attorneys, or any other person acting on your behalf, relating to the allegations that form the basis of this lawsuit, alleged injuries, or any other facts associated with any of the claims in this suit, whether or not the item is expected to be introduced into evidence at trial.

YY.   Any petition or complaint to compromise any claim against any person or organization, arising out of the allegations that form the basis of this lawsuit, and all supporting papers submitted in conjunction with any such petition or complaint.

ZZ.   Any release executed by you or any person authorized to act in your behalf in connection with the allegations that form the basis of this lawsuit.

a.   Any covenant not to sue, stipulation of dismissal or compromise, or similar document executed by you, any attorney representing you or any personal representative or guardian acting on your behalf, in connection with the allegations that form the basis of this lawsuit.

b.   Any Order authorizing the compromise of any claim against any person, entity or organization arising out of the allegations that form the basis of this lawsuit.

c.   Any Order with respect to the distribution of the proceeds of any compromise of any claim against any person or organization, arising out of the allegations that form the basis of this lawsuit.

d.   All medical or scientific writings in which any person purports to have found, determined, or confirmed a causal relationship between Neurontin and any specific incident of suicide or attempted suicide.

31

e.    All medical or scientific writings in which any person purports to have found, determined, or confirmed a causal relationship between Neurontin and suicidal ideation.

f.    All medical or scientific writings in which any person purports to have found a causal relationship between Neurontin and any specific incident of suicide or attempted suicide by a person with no prior history of attempted suicide or suicidal ideation.

g.    All medical or scientific writings in which any person purports to have found a causal relationship between any anti-epileptic drug ("AED") and any specific incident of suicide or attempted suicide.

h.    All medical or scientific writings in which any person purports to have found a causal relationship between any AED and any specific incident of suicide or attempted suicide by a person with no prior history of attempted suicide or suicidal ideation.

STATE OF                         )
                                 ): ss:
COUNTY OF                        )
        I,_____, being duly sworn, deposes and says, under penalty of
perjury:

        The information contained in this Fact Sheet is based on my personal knowledge
and the answers provided herein are accurate and complete to the best of my ability.



                              _____



Sworn to before me this
___day of _____ 2006



_____
Notary Public



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
IN RE: NEURONTIN                          :  Index No. ___
PRODUCT LIABILITY LITIGATION              :  RJI No. ___
                                          :
                                          :  Hon. Marcy S. Friedman
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
THIS DOCUMENT APPLIES TO ALL CASES        :  ORDER
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

The motion of [plaintiff/defendants] is granted without opposition to the extent

that it is Ordered that, pursuant to CPLR 3108, a Commission issue in this action to a

Judge of [name of jurisdiction], or any other authorized person who may administer oaths

pursuant to the laws of that state, to take the deposition upon oral questions under oath of

[Name, title, address], as a witness in the above-captioned action, and to cause the

witness to produce certain documents hereto, and that he/she return the transcript of the

testimony subscribed by the witness, certified to be correct, annexed to said commission

with any exhibits produced and proven before him/her, to the Clerk of the Supreme Court

of the State of New York, County of New York, 60 Centre Street, New York, New York

10007, by certified or registered mail, with all convenient speed.

Dated: New York, New York
       _____ __, 200_


                                        _____
                                        Marcy S. Friedman, J.S.C.



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE: NEURONTIN                              :  Index No. ___
PRODUCT LIABILITY LITIGATION                  :  RJI No. ___
                                              :
                                              :  Hon. Marcy S. Friedman

- - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT APPLIES TO ALL CASES   :  **COMMISSION**

- - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE PEOPLE OF THE STATE OF NEW YORK

**TO:    ANY DULY AUTHORIZED PERSON WHO MAY ADMINISTER OATHS PURSUANT TO THE LAWS OF THE STATE OF _____**

**GREETING:**

**KNOW YE**, that we with full faith in your prudence and competency, have

appointed you Commissioner, and by these presents do authorize you to administer an

oath to compel [Name and address], as a witness in the above-captioned action pending in

our Supreme Court of the State of New York, County of New York, to come before you

for the purpose of taking the witness' examination under oath.

WE COMMAND YOU at a certain time and place to be by you appointed, that

you cause [Name] to come before you and to be then and there placed under oath and

[there to answer, under oath, to the several questions and cross-questions put to [him/her]

by the attorneys for the parties and to require [him/her] to produce certain documents

hereto, and that you will cause [his/her] deposition to be reduced to writing, subscribed

by the witness, and certified to be correct and proven before you, and that you return the

transcript of the testimony, together with this Commission and any exhibits produced and

proven before you, to the Clerk of the Supreme Court of the State of New York, County

of New York, 60 Centre Street, New York, New York 10007, by certified or registered

mail with all convenient speed.  You are to be governed in the premises by the applicable

law of the State of New York.

WITNESS: the Honorable Marcy S. Friedman, one of the Justices of our Supreme

Court, this ____day of ____, 200_.


_____

Marcy S. Friedman, J.S.C.