EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
                                                            :    MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                                :
        SALES PRACTICES AND                                 :    Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                       :
                                                            :    Judge Patti B. Saris
------------------------------------------------------------x
                                                            :    Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO                                    :
                                                            :
PRODUCTS LIABILITY ACTIONS                                  :
                                                            :
------------------------------------------------------------x

**[PROPOSED]
PRODUCTS LIABILITY PLAINTIFFS' REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS
PFIZER INC., WARNER LAMBERT COMPANY LLC,
<u>PARKE-DAVIS AND WARNER LAMBERT COMPANY</u>**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Products Liability Plaintiffs hereby request that Defendants Pfizer Inc., Warner-Lambert Company LLC , Parke-Davis and Warner Lambert Company (hereinafter "Defendants") produce for inspection and copying the documents and materials described below, at the offices of Finkelstein & Partners LLP, 1279 Route 300, P.O. Box 1111, Newburgh, NY 12551, within thirty days of the date of the service of this request.  Plaintiffs further request that such production be made in accordance with Case Management Order No. 3, and the Definitions and Instructions set forth below.

**<u>Definitions and Instructions</u>**

**Definitions**

The definitions contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.  Additionally, the following definitions apply to this Document Request:

"And" includes the word "or" and vice-versa.

"Any" includes the and encompasses "all" and vice-versa.

"Communication" shall include oral, written or electronic communications.

"Defendants" shall mean "Pfizer Inc.," "Warner-Lambert Company LLC," "Parke-Davis" and "Warner-Lambert Company," and any of their predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf, including, but not limited to, Parke-Davis.

"Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and Local Rule 26.5, and includes all forms of writings as defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped or in computer, digital or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located.  "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, telecopies, facsimile reproductions, or "faxes," factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions.  This definition shall

apply to all Documents in the possession, custody or control of the Defendants herein, or that of their attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared or signed the Documents.

Unless otherwise stated, the time period for this Document Request shall be from January 1, 1994 to the present. A request to provide documents or materials "at any time" is unlimited in temporal scope.

As used throughout these requests, the term "internal", which will be found preceding the term document(s) correspondence, refers to communications by and between employees, agents or representatives of Defendants.

"FDA" shall mean the United States Food and Drug Administration.

"Including" shall mean including, without limitation, the specific matter or Documents described.

"Neurontin" shall mean the drug with the chemical name gabapentin, marketed under the name Neurontin, and includes all uses or indications thereof.

"Off-label" shall mean uses of a drug, or the conditions for use of a drug, which has not received approval by the FDA. Use of a drug at a higher dosage than the dosage stated to be safe and effective in the drug's labeling, or use of a drug as a monotherapy when only approved for adjunct therapy both constitute an "off-label" use.

"Relating to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, pertaining to, or having any logical or factual connection with the matter identified, in whole or in part.

**Instructions**

1.　In the event that any Document called for by this Document Request is withheld on the basis of a claim of privilege, that Document is to be identified as follows: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, the present custodian, and the nature of the privilege asserted.

2.　In the event that any Document called for by this Document Request has been destroyed, discarded, otherwise disposed of, or no longer exists, that Document is to be identified as completely as possible, including, without limitation, the following information: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, date of disposal, reason for disposal, Person authorizing the disposal, the Person disposing of the Document, and identify its last known location and the reason it is no longer in existence.

3.　In the event that any information is redacted from a Document produced pursuant to this Document Request, that information is to be identified and the basis upon which such information is redacted be fully stated.

4.　In construing this Document Request, the singular shall include the plural and the plural shall include the singular.

5.　These document requests are continuing requests which require supplemental responses if a Defendant, or any person acting on its behalf, obtains additional information called for by a request.  Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of the further information, and in no event shall any supplemental response be served later than the date for submission of a pre-trial memorandum.

6. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

7. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records. These requests include shall be deemed to include a request by the Plaintiffs to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

8. Documents attached to each other should not be separated.

9. Unless otherwise stated, the time period for this Document Request shall be from January 1, 1994, to April 23, 2009. A request to provide documents or materials "at any time" is unlimited in temporal scope.

10. The geographic scope of this Document Request is the United States; however, all requests for documents and other materials which relate to the safety or efficacy of Neurontin, or medical research and study relating to Neurontin are not limited to the United States.

11. When a request calls for the production of an electronic database file or Data File, this file must be produced in a form compatible with Microsoft Access, or in any other format agreed to by the parties.

12.     If a request calls for the production of database records or database files that no longer exist in electronic form, all hard copies of the requested records and files, even if not entirely complete, should be provided.

**Documents Requested**

1. All "annual reports" and/or "engagement reports" submitted by Defendants pursuant to and consistent with Defendants' Corporate Integrity Agreements with the Office of the Inspector General of the Dept. of Health and Human Services, dated October 2002 and May 2004. (For reference purposes, attached hereto as Exhibit A is a copy of Defendants' Corporate Integrity Agreement, May 2004).

2. All Neurontin POA Video Openers, including both the preliminary videos with out-takes, if any, and the complete final video. (For reference purposes, please see documents Pfizer_DProbert_0017675 and Pfizer_Lknapp_0083760, attached hereto as Exhibit B.)

3. All tapes or recordings (including out-takes) of Video News Releases, Radio News Releases, Airline Video News Releases, Radio Health Journals, Satellite Media Tours, or any other programs associated with Defendants' Final Media Results Report. (For reference purposes, please see document WLC_CBU_092879, attached hereto as Exhibit C.)

4. Documents sufficient to reflect Defendants' "slides" for Defendants' 2003 AAFP symposium and enduring materials proposal, as set forth in Document Pfizer_LHemenway_0000804, attached hereto as Exhibit D.

5. Copies of Defendants' "audio track" for Defendants' 2003 AAFP symposium and enduring materials proposal, as set forth in Document Pfizer_LHemenway_0000804, attached hereto as Exhibit D.

6. Copy of Defendants' DVD entitled, <u>Leading at the Edge</u>, as described in Document Pfizer_JSu_0015886, attached hereto as Exhibit E.

7. Copy of Defendant's "USP Field Voicemails" as referenced in document Pfizer_LeslieTive_0034216, regarding Neurontin.

8. All email correspondence and corresponding attachments to said email regarding Neurontin from the custodial files of those individuals already previously produced, excluding emails and attachments already produced, through April 23, 2009.

9. All electronic documents, other than e-mail, regarding Neurontin from the custodial files of those individuals already previously produced, excluding emails and attachments already produced, through April 23, 2009.

10. All paper files regarding Neurontin from the custodial files of those individuals already previously produced, excluding emails and attachments already produced, through April 23, 2009.

11. Electronic version of data, through April 23, 2009, from databases concerning the management of regulatory activities including but not limited to record of contact databases along with any attached documents, and which have not previously been produced.

12. All documents about which the subject matter includes anticonvulsants and suicidality and/or negative mood and behavioral disturbances, which have not been previously produced, and which were possessed after March 2004, through April 23, 2009.

13. All documents concerning the FDA inquiry on suicidality with anticonvulsants for Neurontin and Lyrica, not previously produced.

14. All Documents and/or email correspondence with accompanying attachments to/from the following individuals who, on behalf of Defendants, contributed towards Defendants' responses to FDA's review of suicidality with anticonvulsants: David Madigan, Javier Cabrera, and Sharon Lise Normand.

15. Copy of Defendant Pfizer's settlement agreement with the U.S. Department of Justice (DOJ) related to the DOJ's investigation regarding off-label promotional practices of Bextra, Zyvox, Geodon, and Lyrica, and which is referenced on Defendant's publicly available website, Pfizer.com, to wit:  "Pfizer concludes previously disclosed settlement agreement with U.S. Department of Justice regarding past promotional practices."

16. Index for the Defendants' Franklin-era litigation document production as identified by Defendants' witness, Laura Kibbe, at pages 63-64 of her deposition on April 7, 2008, as follows:

    Q. I want you to assume the following, that approximately 250,000 pages of documents were produced without any reference to the custodians.  Is there any index as to whose custodial file a particular document came from?  And I am representing the Franklin-era litigation.  They all may be Bates numbered, but they are not Bates numbered with a prefix associated with a custodian.  So do you know whether there would be any type of index that would match up a document to a custodian?

    A. Yes, I believe there is an index, I don't know who created it, whether it was counsel created or whatever.  I believe that there is an index breaking down that Bates production from the Franklin era.  See, I knew there was somebody who was going to like my crazy Bates numbering scheme.

Dated: September 14, 2009            Respectfully submitted,

*Members of Products Liability*
*Plaintiffs' Steering Committee*

By:   **/s/ Andrew G. Finkelstein**
        Andrew G. Finkelstein, Esquire
        Finkelstein & Partners, LLP
        1279 Route 300, P.O. Box 1111
        Newburgh, NY  12551

By:   **/s/ Jack W. London**
        Jack W. London, Esquire
        Law Offices of Jack W. London
           & Associates
        3701 Bee Cave Rd., Suite 200
        Austin, TX  78746