UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------x
:
In re:  NEURONTIN MARKETING, SALES : MDL Docket No. 1629
         PRACTICES AND PRODUCTS :
         LIABILITY LITIGATION : Master File No. 04-10981
----------------------------------------------x
: Judge Patti B. Saris
THIS DOCUMENT RELATES TO: :
: Magistrate Judge Leo T.
*Shearer v. Pfizer Inc., et al.* : Sorokin
Case No. 1:07-cv-11428-PBS :
:
:
:
----------------------------------------------x

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S EMERGENCY MOTION TO COMPEL DISCOVERY**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully request that the Court deny Plaintiff's emergency motion to compel discovery.

**PRELIMINARY STATEMENT**

Plaintiff's premature and procedurally improper motion to compel information and internal Pfizer documents related to Dr. Keith Edwards, a neurologist who treated but never prescribed Neurontin to Mr. Shearer, should be denied. Dr. Edwards' sole relevance to this case concerns his care and treatment of Mr. Shearer as a treating neurologist. As established in more detail below, Dr. Edwards did not prescribe Neurontin to Mr. Shearer. In fact, he did not even treat Mr. Shearer during the time Mr. Shearer was taking Neurontin. To hold that Plaintiff is entitled to internal Pfizer documents related to each and every doctor that treated a plaintiff would open the floodgates of discovery against Pfizer in an unmanageable and unduly burdensome way, and result in limited, if any, relevant information. Additionally, Plaintiff's motion is procedurally improper given that Plaintiff has never formally requested the information sought in her motion to compel through discovery requests.

Plaintiff is similarly not entitled to the identities, or documents, of the district managers for sales representatives identified in this or other cases. In addition to this request also being

premature and improper, Plaintiff has failed to show the relevance of this information, outside of the evidence she has already obtained through depositions of the sales representatives (and prescribing physicians) themselves. Adding this additional layer of discovery into an already tight discovery period – with one month remaining – would be unduly burdensome, result in unnecessary delay, and is unlikely to result in any new or relevant information.

Lastly, Plaintiff's eleventh-hour motion to compel the deposition of Dr. Christopher Wohlberg, a senior Pfizer executive, should be denied given that general MDL discovery closed long ago, and Mr. Wohlberg's testimony regarding events in 2008 lacks any relevance to this case, where the central issue is Pfizer's knowledge regarding Neurontin in 2000, when Mr. Shearer was first prescribed Neurontin. For these reasons, Plaintiff's emergency motion to compel discovery should be denied..

## ARGUMENT

### I. DR. EDWARDS IS NOT A PRESCRIBER AND, THEREFORE, PLAINTIFF'S REQUEST FOR PFIZER DOCUMENTS RELATED TO HIM SHOULD BE DENIED

#### A. Dr. Edwards did not Prescribe Neurontin to Mr. Shearer

Plaintiff's thinly veiled attempt to obtain irrelevant discovery, under the guise of seeking information related to a prescriber of Neurontin, is belied by the fact that Dr. Keith Edwards did not prescribe Neurontin to Mr. Shearer.[1] As Plaintiff is well aware, Dr. Edwards is a neurologist who began treating Mr. Shearer in 1999 after his stroke. Mr. Shearer's last appointment with Dr. Edwards was in August 2000, two months before Mr. Shearer started taking Neurontin in October 2000 at Brigham & Women's Hospital. (*See* Dep. of Judy Button, attached to Cheffo Decl. as Exhibit C, at 10:1-11, 16:6-10; Brigham & Women's Med. Records, attached to Cheffo

---

[1] Notably, Plaintiff did not identify Dr. Edwards as a prescriber of Neurontin in response to Pfizer's discovery requests. (*See* Pl.'s Resp. to Defs.' First Set of Interrogatories, attached to Cheffo Decl. as Exhibit A, at No. 14.) It was only on Tuesday, September 22, 2009, days *after* Plaintiff filed this motion to compel discovery, that Plaintiff served amended Rule 26 Disclosures referring to Dr. Edwards as a "Neurontin prescribing physician." (*See* Pl.'s Further Supp. Disclosure Statement, attached to Cheffo Decl. as Exhibit B, at 3.)

Decl. as Exhibit D, at 000374-37BWH-00410-11.)  There is no evidence, other than one seemingly incorrect notation in another physician's medical records to suggest that Dr. Edwards prescribed Neurontin to Mr. Shearer.  In fact, the prescribing doctor with the incorrect notation, Dr. Sullivan, testified that, based on his review of the medical records in this case, it seemed that Mr. Shearer was prescribed Neurontin at Brigham & Women's Hospital in Boston.  (*See* Dep. of Dr. Daniel M. Sullivan, attached to Cheffo Decl. as Exhibit E, at 25:21-25, 73:24-74:5.)  Further, the prescription records clearly indicate that Dr. Sullivan, not Dr. Edwards, prescribed Neurontin.  (*See* Hart's Pharmacy Records, attached to Cheffo Decl. as Exhibit F.)  Plaintiff has produced no prescription records indicating that Dr. Edwards prescribed Neurontin to Mr. Shearer.  Plaintiff's half-hearted attempt to convince the Court otherwise – including calling Dr. Edwards a "referenced prescriber" – fails.  (Pl.'s Brief. at 4.)

**B.     Plaintiff is Not Entitled to Pfizer Documents Related to Dr. Edwards**

To the extent Plaintiff seeks internal Pfizer documents related to a treating physician who did not prescribe Neurontin, such requests are improper and should be denied.[2]  Plaintiff has never formally sought to discover any of the information related to Dr. Edwards that she seeks in her motion to compel.  As such, Plaintiff's motion is improper and should be denied.  *See* Fed. R. Civ. P. 37(a)(3)(B) (noting that a motion to compel discovery "may be made if" a party fails to respond to discovery that has been served under certain of the Federal Rules of Civil Procedure); *id.* 37(a)(1) (requiring parties to certify a good faith attempt to obtain disclosure without court action before moving to compel disclosure); *accord* D. Mass. R. 37.1 & 7.1; *see also Castro v. Albert C. Wagner Youth Corr. Fac.*, No. 07-4958, 2009 WL 2231264, at *2 n.2 (D.N.J. July 22, 2009) ("[A] party filing a motion to compel discovery must first have actually served a discovery request upon the adverse party . . . ."); *accord Corye v. Cass*, No. 08-0046, 2008 WL 466216, at *1 (N.D.N.Y. Feb. 15, 2008).

---

[2] Pfizer has no objection to Plaintiff deposing Dr. Edwards related to his care and treatment of Mr. Shearer.  To the extent Dr. Edwards did prescribe Neurontin to Mr. Shearer, Pfizer will provide the appropriate discovery at that time, consistent with the parties' prior agreements.

Regardless, Plaintiff's request for certain information – including payments from Pfizer to Dr. Edwards, certain communications and correspondence between Pfizer and Dr. Edwards, and discovery related to sales representatives who called on Dr. Edwards – not only seeks information wholly irrelevant to this case, but would be unduly burdensome for Pfizer to produce.  As Plaintiff's cases establish, this Court has broad discretion to set and enforce limitations on discovery.  *See, e.g.*, *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992) (affirming denial of plaintiffs' request for further discovery concerning advice of counsel that was not relevant to defendants' defense).  Further, Federal Rule of Civil Procedure 26(b)(2) provides that discovery "shall be limited by the court if it determines that: . . . the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

Dr. Edwards' sole relevance to this case is based on his care and treatment of Mr. Shearer.  That is presumably the reason he was disclosed *first* on Plaintiff's case-specific Rule 26 Disclosure in this case on August 5, 2009, and later on Pfizer's case-specific Rule 26 Disclosure on September 9, 2009.  (*See* Pl.'s Supp. Disclosure Statement, attached to Cheffo Decl. as Exhibit G, at 3; Defs.' First Supp. Disclosure Statement, attached to Cheffo Decl. as Exhibit H, at 2.)  That is also the reason he was not disclosed on Pfizer's general MDL Rule 26 Disclosure, and not, as Plaintiff would have this Court wrongly believe, because of some attempt to manipulate the Federal Rules of Civil Procedure.  Despite whatever knowledge of Neurontin Dr. Edwards may have, Pfizer has no intention of using him as a general witness in the Neurontin litigation, but solely seeks, in *Shearer* case-specific discovery, to determine his knowledge as to his care and treatment of Mr. Shearer.  Any knowledge that Dr. Edwards has related to Neurontin outside of his care and treatment of Mr. Shearer is wholly irrelevant given that he did not prescribe Neurontin to Mr. Shearer nor did he treat Mr. Shearer during the time he was on Neurontin.  (*See* Dep. of Judy Button at 10:1-11, 16:6-10.)

In addition to the irrelevance of the information sought to this case, Plaintiff's request, if

4

granted, would set an unduly burdensome and unmanageable precedent – opening the floodgates for other product liability plaintiffs to seek internal Pfizer documents and discovery related to each and every physician that hundreds of plaintiffs were ever treated by. Such a result would undermine the efficient management of discovery in this overall litigation, would be unduly burdensome for Pfizer, and would likely prolong discovery, in this case and others, far past the Court's current deadlines. Plaintiff has cited no legal authority in support of her request for this information, and further, has shown no prejudice justifying such irrelevant and expansive discovery. Therefore, Plaintiff's request should be denied.

## II. PLAINTIFF IS NOT ENTITLED TO DISCOVERY RELATED TO DISTRICT MANAGERS

Plaintiff is not entitled to the identities, or any documents, of the district managers for sales representatives identified in this or other product liability cases. As an initial matter, this request, too, is improper and premature given that Plaintiff has never formally requested this information in discovery prior to filing her motion to compel. *See* Fed. R. Civ. P. 37(a)(3)(B). Regardless of Plaintiff's procedural missteps, she has failed to show any relevance of or need for this information in addition to the evidence Plaintiff has already obtained through the depositions of the sales representatives who called on Mr. Shearer's prescribers, and the prescribing physicians themselves.[3] Through those depositions, Plaintiff had, or will have, a full and fair opportunity to obtain discovery regarding any alleged off-label use of Neurontin, any alleged off-label promotion of Neurontin, and any additional information related to an alleged risk of suicidality. There is, therefore, simply nothing further to be gained by adding this additional layer of discovery – from people who likely never even met or called on the prescribing physicians in this case – into an already tight discovery period with only one month remaining.

Further, it would be unduly burdensome, and would likely result in unnecessary delay of the completion of discovery in this case. Plaintiff's request is simply not warranted given the

---

[3] Given that Dr. Edwards is not a prescriber, Plaintiff is not entitled to discovery of information related to sales representative Mark Poulin, for the reasons stated above.

5

timeline of this case and Plaintiff's full and fair opportunity to obtain this information through other methods, including through the sales representatives themselves. *See* Fed. R. Civ. P. 26(b)(2) (providing that discovery "**shall be limited** by the court if it determines that: . . . (i) the discovery sought is unreasonably cumulative or duplicative . . . (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. . .") (emphasis added); *Ameristar Jet Charter, Inc., v. Signal Composites Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) (affirming the district court's quashing of subpoenas to corporate employees where there was "no evidence that any new, relevant information will be obtained"; finding that "hope" that new testimony would vary from previous employee testimony was an insufficient justification "to go on a 'fishing expedition'. . ." through depositions); *accord Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989) (noting that a party may not "undertake wholly exploratory operations in the vague hope that something helpful will turn up."). Plaintiff's request should be denied.

### III.     PLAINTIFF IS NOT ENTITLED TO DEPOSE DR. WOHLBERG

Plaintiff's belated request to compel the deposition of Dr. Christopher Wohlberg, to enable her to conduct a fishing expedition under the guise of case-specific discovery, while consuming the valuable time of a senior corporate executive at Pfizer, must be denied. Dr. Wohlberg is a Vice President of Medical Affairs at Pfizer, and testified at the July 10, 2008, Joint Meeting of the Peripheral and Central Nervous System Drugs Advisory Committee (PCNS) and the Psychopharmacologic Drugs Advisory Committee (PDAC). He has been disclosed numerous times in all actions in Pfizer's general MDL Rule 26 Disclosures – including on January 10, 2007, November 15, 2007, and December 15, 2008.

Given the close of general discovery in the MDL, Plaintiff's request for Dr. Wohlberg's deposition now, in the *Shearer* case, is simply an attempt to reopen general discovery against Pfizer despite the fact that the deadline for such discovery passed long ago. Such attempt is improper and should be denied, as established in Pfizer's Opposition to Plaintiffs' Motion to

6

Reopen Discovery, to which Pfizer refers the Court and incorporates by reference here. Given Pfizer's disclosure of Dr. Wohlberg in January 2007, the MDL Plaintiffs had ample opportunity to depose him prior to the close of general discovery, and for whatever reason (strategic or otherwise) chose not to. Additionally, Plaintiffs in general MDL discovery have deposed other Pfizer employees with similar knowledge to Dr. Wohlberg, and thus have had ample opportunity to question those witnesses regarding the issues they now seek discovery on.[4]

It is clear that instead of legitimate fact gathering, Plaintiff's motion to compel seeks yet another bite at the apple. This type of cumulative discovery, which would unnecessarily burden a senior executive at Pfizer for the sake of a testimony of little relevance (if any) to this case, is the exact type of discovery which should be prevented. *See* Fed. R. Civ. P. 26(b)(2) (discovery "***shall be limited*** by the court if it determines" that it is cumulative, the party "has had ample opportunity . . . to obtain the information sought," or "the burden . . . outweighs its likely benefit. . .") (emphasis added); *Ameristar Jet Charter, Inc.,* 244 F.3d at 193; *accord Mack*, 871 F.2d at 187.[5]

---

[4] For example, Plaintiffs in general MDL discovery deposed medical directors Robert Glanzman, Leslie Tive, and Lloyd Knapp – all Pfizer employees that are or were within the same division of Pfizer as Dr. Wohlberg. Plaintiffs in general MDL discovery also deposed William Sigmund, II, a Vice President at Warner-Lambert in a similar division.

[5] Further, courts discussing the propriety of deposing high-level executives and officers generally agree that such depositions are unwarranted where the information sought to be discovered can be more readily obtained through other sources, whether through other discovery devices or lower-level employees. *See, e.g.*, *Roman v. Cumberland Ins. Group*, No. 07-1201, 2007 WL 4893479, at *1 n.1 (E.D. Pa. Oct. 26, 2007) ("Courts throughout the country have prohibited the deposing of corporate executives who have no direct knowledge of a plaintiff's claim when other employees with superior knowledge are available to testify."); *Thomas v. IBM*, 48 F.3d 478 (10th Cir. 1995) (upholding protective order where plaintiff made no showing that the corporation's chairman had information unavailable from other personnel); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 682 (7th Cir. 2002) (trial court correctly refused to compel deposition of high-ranking executive in light of the burden to the company and the plaintiff's failure "to avail herself of other reasonably available means of discovery"); *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332, 335-36 (M.D. Ala. 1991) (quashing deposition of corporate vice president in products liability case where there was no showing that vice president had superior or unique personal knowledge not obtainable through less intrusive means); *see also Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) ("Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment."). For this additional reason, Plaintiff's request to depose Dr. Wohlberg should be denied.

For the same reasons argued in Pfizer's Opposition to Plaintiffs' Motion to Reopen Discovery, evidence related to Dr. Wohlberg's presentations to the FDA is irrelevant to Plaintiff's claims here. Plaintiff fails to explain how presentations to the FDA *in 2008* bear on the issue of what Pfizer knew or should reasonably have known about Neurontin *in 2000* – when Mr. Shearer was prescribed Neurontin, or before. Plaintiff further fails to show any prejudice that would result from denial of Plaintiff's request – particularly where Plaintiff has already had the opportunity to obtain similar or identical information and failed to do so. For these reasons, this Court should deny Plaintiff's motion to compel the deposition of Dr. Wohlberg.[6]

## CONCLUSION

For all the foregoing reasons, Pfizer respectfully requests that the Court deny Plaintiff's emergency motion to compel discovery.

Dated: September 28, 2009            Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:   /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

-and-

BOIES, SCHILLER & FLEXNER LLP

By:   /s/ William S. Ohlemeyer
      William S. Ohlemeyer

---

[6] In the spirit of cooperation, however, Pfizer has agreed to search for and produce certain non-privileged and relevant documents kept by Mr. Wohlberg related to his presentations to the FDA.

333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

-and-

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel: (816) 474-6550

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 330-5000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on September 28, 2009.

/s/ David B. Chaffin
David B. Chaffin