UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *Shearer v. Pfizer Inc., et al.* Case No. 1:07-cv-11428-PBS | Magistrate Judge Leo T. Sorokin |
| | **Leave to Filed Granted on September 29, 2009** |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR AN ORDER RESTRICTING COMMUNICATIONS WITH TREATING PHYSICIANS AND IMPOSING SANCTIONS AGAINST DR. DAVID EGILMAN

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively "Pfizer") respectfully submit this supplemental memorandum in support of their emergency motion for an order preventing Plaintiff's counsel and their agents, including consultant Dr. David Egilman, from engaging in improper communications designed to alter and tamper with the testimony of treating physicians.

Additional, and very troubling, evidence of Dr. Egilman's tampering has come to light. Since filing its opening briefing, Dr. Lisa Catapano-Friedman produced to Pfizer, in response to Pfizer's request, a copy of the documents that Dr. Egilman unilaterally sent to her on or about September 11, 2009. (*See* Documents accompanying Dr. Egilman's September 11, 2009, letter, ("Egilman Documents") attached to the accompanying Declaration of Mark S. Cheffo ("Cheffo Decl.") as Exhibit A.) Not only did Dr. Egilman provide to this non-party physician several documents that Plaintiff's counsel was simultaneously asking Pfizer to de-designate as confidential, but, it appears that at least one of the documents that Dr. Egilman provided, and quoted from in his letter, was materially and substantially altered in an effort to create a false, and out-of-context impression about the document.

The document at issue is a hard copy of an e-mail chain between several individuals. In its original form, as produced by Pfizer subject to a confidential designation, it is a two-page document containing several e-mails back and forth. Astonishingly, the document that Dr. Egilman sent to Dr. Catapano-Friedman is only one page and key portions of the document were deleted without any indication on the document that it had been materially altered. In other words, the document that Dr. Egilman sent did not contain the initial e-mail that started the chain and provided context for the chain.[1] He concealed that and provided only the responses, and because there was no indication that the document was redacted, it creates an absolutely false and dishonest impression about the statements in the document. There can be no other purpose to Dr. Egilman's redaction than to unfairly emphasize ostensibly negative information about Neurontin, while eliminating any balance and context that was contained in the e-mail prior to redaction.

This new information serves as further evidence of Dr. Egilman's improper attempts to provide negative, incomplete, and misleading information to non-party fact witnesses. It also highlights the need for this Court to place restrictions on Plaintiff's interactions with non-party physicians in this litigation. Such actions belie any cries of proper *ex parte* contact by Plaintiff's counsel or Dr. Egilman.

## CONCLUSION

For all the foregoing reasons, Pfizer requests that the Court enter an order directing that Plaintiff's counsel and their agents and consultants, including David Egilman:

(1) refrain from any further substantive communications with the treating physicians of Mr. Shearer or of other products liability plaintiffs or decedents in this MDL, except to the extent that such communications specifically relate to the treatment rendered by those physicians;

---

[1] A copy of the unaltered version of this email is attached to the accompanying Declaration of Mark S. Cheffo as Exhibit B.

- 3 -

(2) refrain from making derogatory remarks or providing ostensibly negative information about Defendants or Neurontin to treating physicians of Mr. Shearer or of other products liability plaintiffs or decedents in this MDL; and

(3) disclose all prior communications with treating physicians of Mr. Shearer or of other products liability plaintiffs or decedents in this MDL, including copies of all correspondence previously sent to those physicians.

Pfizer also requests that the Court impose appropriate sanctions against Dr. Egilman based on his violation of this Court's Protective Order.

Dated: September 29, 2009

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:   /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

-and-

SHOOK, HARDY & BACON L.L.P.

By:   /s/ Scott W. Sayler
      Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel:  (816) 474-6550

-and-

- 4 -

      WHITE AND WILLIAMS LLP

      By:    <u>/s/ David B. Chaffin</u>
              David B. Chaffin

      BBO # 549245
      100 Summer Street, Suite 2707
      Boston, MA 02110
      Tel:  (617) 748-5200

      *Attorneys for Defendants Pfizer Inc and*
      *Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on September 29, 2009.

                                              /s/ David B. Chaffin
                                              David B. Chaffin