UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No.  1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL SALES & MARKETING ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

## CLASS PLAINTIFFS' PROPOSED TRIAL PLAN

841578.1

Class Plaintiffs support the Coordinated Plaintiffs' proposal that the Court hold a single trial involving all five indications at issue, as well as the schedule proposed by the Coordinated Plaintiffs, but propose that the claims of one of the Class Third Party Payor ("TPP") Plaintiffs, ASEA/AFSCME Local 52 Health Benefits Trust ("ASEA"), be included in the trial in lieu of (or in addition to) the claims of Aetna, for the reasons set forth below.

Although Class Plaintiffs' motion for reconsideration of the Court's order denying class certification as to bipolar and other mood disorders remains pending, and may not be decided until after the trial, Class Plaintiffs have not sought reconsideration as to the other indications. Accordingly, there will *never* be a class trial on these other indications. While the Court will hopefully grant reconsideration as to bipolar and other mood disorders, which the Court described as a "very close question,"[1] there are *three* Class TPP Plaintiffs, and only one is required to hold a class trial.

As the Court observed at the recent summary judgment hearing, the causation theory advanced by Class Plaintiffs is much simpler than the alternative theory put forward by the Coordinated Plaintiffs. *See* Transcript at 61:20-24 ("THE COURT: You start with causation because I don't totally understand -- I understand their damages model because theirs is quite straightforward: 'It's snake oil. We shouldn't have to pay a penny for it,' okay. And so it's easy, it gets around some of the issues that you have."). As the Court explained off the record at the hearing, one of the primary reasons the Court wants to hold a trial is so that it can render a more informed decision on the pending motion for reconsideration. Obviously, the Court will be in a far better position to render its decision if the primary proponents of the causation theory

---

[1] *See* <u>Exhibit A</u>, Transcript of Sept. 18, 2009 summary judgment hearing ("Transcript"), at 93:18-20.

-1-

advanced by Class Plaintiffs are able to present that theory, and the evidence that supports it, at the upcoming trial.

While the Coordinated Plaintiffs have done a commendable job in compiling the evidence of their contacts with Defendants, as the title indicates, the 314–page Class Plaintiffs' Statement of Disputed and Undisputed Material Facts in Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 1760), and the 26 boxes of supporting evidentiary material, were developed primarily—indeed, almost exclusively—by counsel for the Class Plaintiffs, who also identified and worked closely with *all* of the Plaintiffs' experts in preparing their reports concerning the efficacy, fraud, and damages issues in the case.

In addition to confining itself to a simpler and more straightforward causation theory, unlike both Kaiser and Aetna, ASEA—a relatively small TPP that provides health benefits for Alaska state employees—had no contacts whatsoever with Defendants concerning Neurontin outside of this litigation, does not maintain its own formulary or make any formulary-related decisions, and merely paid for whatever prescriptions were written by its insureds' physicians. *See* Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Dkt. No. 1690[2]) at 12-16; Defendants' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 (Dkt. No. 1690) at 12-16.  Accordingly, unlike the inclusion of both Kaiser and Aetna in a single trial, a joint trial of the claims of Kaiser and ASEA will not appreciably increase either its scope or duration, and poses little potential to overwhelm or confuse the trier of fact.  To the extent the Court intends this as "bellweather" trial, this goal can best be achieved by the inclusion of ASEA, which is far more similar to "the vast majority" of TPPs than either Kaiser or Aetna.  *See* Transcript at 38:14-17 ("I had assumed in the class certification motion is that many,

---

[2] Defendants' summary judgment memorandum and statement of facts were both filed as sealed attachments to a motion to file under seal, which was docketed as Document No. 1690.

many of these places were like Kaiser, and that a lot of the restrictions were put in place for off-label, and it turns out that's not true for the vast majority."), 85:19-21 ("[T]here are different categories of TPPs, but as I'm understanding it, the vast majority didn't have anything like the sophistication of a Kaiser.").

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Class Plaintiffs request that Plaintiff ASEA be included in the first TPP trial and that it be permitted to present all of its claims against the Defendants, for all indications.  In the event, the Court grants this request, ASEA will withdraw as a class representative in the class case.


Dated: October 2, 2009                              Respectfully Submitted,


                                        By:    /s/ Thomas M. Greene
                                               Thomas M. Greene
                                               Greene LLP
                                               33 Broad Street, 5th Floor
                                               Boston, MA 02109

                                        By:    Barry Himmelstein
                                               Lieff Cabraser Heimann &
                                                Bernstein, LLP
                                               Embarcadero Center West
                                               275 Battery Street, 30th Floor
                                               San Francisco, CA 94111-3339

                                        By:    Thomas M. Sobol
                                               Hagens Berman Sobol Shapiro LLP
                                               One Main Street, 4th Floor
                                               Cambridge, MA  02142
                                               Boston, MA 02110

By:    Don Barrett
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By:    Daniel Becnel, Jr
Law Offices of Daniel Becnel, Jr..
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By:    James Dugan
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130

***Members of the Class Plaintiffs'
Steering Committee***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 2, 2009.

/s/   *Ilyas J. Rona*
Ilyas J. Rona