UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ------------------------------------------------ x<br>NEURONTIN MARKETING, SALES PRACTICES, AND<br>PRODUCTS LIABILITY LITIGATION<br><br>------------------------------------------------ x<br>THIS DOCUMENT RELATES TO:<br><br>------------------------------------------------ x<br>HARDEN MANUFACTURING CORPORATION;<br>LOUISIANA HEALTH SERVICE INDEMNITY COMPANY,<br>dba BLUECROSS/BLUESHIELD OF LOUISIANA;<br>INTERNATIONAL UNION OF OPERATING ENGINEERS,<br>LOCAL NO. 68 WELFARE FUND; ASEA/AFSCME LOCAL<br>52 HEALTH BENEFITS TRUST; GERALD SMITH; and<br>LORRAINE KOPA, on behalf of themselves and all others<br>similarly situated, v. PFIZER INC. and WARNER-LAMBERT<br>COMPANY.<br><br><br>------------------------------------------------ x<br>THE GUARDIAN LIFE INSURANCE COMPANY OF<br>AMERICA v. PFIZER INC. and<br>AETNA, INC. v. PFIZER INC.<br><br><br><br>------------------------------------------------ x | : MDL Docket No. 1629<br>:<br>: Master File No. 04-10981<br>:<br>: Judge Patti B. Saris<br>:<br>: Magistrate Judge Leo T.<br>: Sorokin<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
SUMMARY JUDGMENT AND IN OPPOSITION TO CLASS PLAINTIFFS' MOTION
FOR RECONSIDERATION OF CLASS CERTIFICATION DENIAL**

Defendants respectfully submit for the Court's consideration the following recent decision that bears upon Defendants' pending motion for summary judgment and Class Plaintiffs' pending motion for reconsideration of this Court's denial of class certification: *Southern Illinois Laborers' & Employers Health & Welfare Fund v. Pfizer Inc.*, No. 08-cv-5175, 2009 WL 3151807 (S.D.N.Y. Sept. 30, 2009). A copy of the decision is attached as Exhibit A.

In Defendants' briefs in support of summary judgment and in opposition to

reconsideration, Defendants have argued that the third-party payor ("TPP") plaintiffs cannot establish causation – either individually or as a putative class – because they have not presented evidence of a single Neurontin prescription written by a single doctor based on any fraudulent marketing statements made to that doctor.[1]  Defendants have further argued that the TPP plaintiffs' failure to present evidence of causation deprives them of standing.[2]  The *Southern Illinois Laborers* decision provides additional support for these arguments.

The plaintiffs in *Southern Illinois Laborers* were third-party payors who claimed they were the targets of an allegedly fraudulent marketing scheme involving Lipitor.  *See id.* at *1-2. They claimed that the defendant had made misleading promotional statements that caused the plaintiffs to reimburse for their insureds' Lipitor prescriptions.  *See id.*  Like Plaintiffs here, the plaintiffs in *Southern Illinois Laborers* pled claims under RICO and various states' consumer fraud statutes, and also asserted common law fraud and unjust enrichment claims.  *See id.* at *1.

The court dismissed the plaintiffs' complaint in its entirety, holding that the plaintiffs "have not adequately alleged causation, and, thus, they lack standing to bring any of their claims against Defendant."  *Id.* at *3.  The plaintiffs' failure to adequately plead causation was fatal to all of their claims because it deprived them of standing both under RICO and under Article III of the United States Constitution.  *See id.* at *7.

The plaintiffs in *Southern Illinois Laborers* advanced three theories of causation.  <u>First</u>, they claimed that "Defendant made fraudulent misrepresentations to physicians regarding Lipitor's efficacy and safety, and that *physicians' reliance* on these representations *caused* Plaintiffs' injury."  *Id.* at *5 (emphasis in original).  The court rejected this theory because the plaintiffs "d[id] not cite a single instance in which a physician received the fraudulent

---

[1] Dkt. 1691-1, Mem. in Supp. of Summ. J. at 17-26; Dkt. 1785, Reply Mem. in Supp. of Summ. J. at 16-22;  Dkt. 1928, Mem. in Opp. to Reconsideration at 15-17; Dkt. 2065, Surreply Mem. in Opp. to Reconsideration at 22-23.

[2] Mem. in Supp. of Summ. J. at 33-36; Reply Mem. in Supp. of Summ. J. at 32-35; Surreply Mem. in Opp. to Reconsideration at 22-23.

information and decided to prescribe Lipitor based on the information she received." *Id.* at 6.[3] The plaintiffs also failed to plead facts supporting their conclusory assertion that "no independent factors account for Plaintiffs' injury." *Id.* at *6 n.13.

Likewise, Plaintiffs in this case have not presented evidence of a single Neurontin prescription written by a single doctor based on any fraudulent marketing statements made to that doctor. (*See* note 1, *supra*.) This Court has recognized that "doctors' decisions to prescribe Neurontin resulted from a wide variety of influences unrelated to the three components of defendants' alleged fraud," and that Plaintiffs' causation expert, Professor Rosenthal, "does not take into account any other factors that may have led doctors to prescribe Neurontin for off-label indications." *In re Neurontin Marketing, Sales Practices & Liability Litigation*, 257 F.R.D. 315, 330 (D. Mass. 2009).

<u>Second</u>, the plaintiffs claimed "that Defendant made misrepresentations directly to Pharmacy Benefit Decision Makers ('PBDMs') and this *caused* Plaintiffs' injury." *Southern Illinois Laborers*, 2009 WL 3151807, at *5 (emphasis in original). The court rejected this theory because the plaintiffs did not allege that the PBDMs relied on the purported misrepresentations when they included Lipitor on their recommended formularies. *See id.* at *6.

In this case, only Kaiser has even attempted to show that Neurontin's formulary status had anything to do with any alleged misrepresentations made by Defendants, and Kaiser has admitted that its doctors are free to prescribe drugs off-formulary, and that Kaiser will reimburse for those prescriptions regardless of formulary status.[4]

<u>Third</u>, the plaintiffs claimed that their own reliance on the defendant's alleged misrepresentations caused their alleged injuries. *See id.* at *5. The court rejected this theory because the plaintiffs "d[id] not allege that Defendant provided Plaintiffs with misleading

---

[3] While the court noted in *dicta* that "Plaintiffs do not even explicitly allege the more general claim that physicians in general relied on Defendant's misrepresentations" (*id.* at *6), the court did not hold or cite authority holding that any such allegation would have been legally sufficient to survive a motion to dismiss.

[4] Reply Mem. in Supp. of Summ. J. at 3, 20.

substantive information about Lipitor; thus, Plaintiffs' assessment of Lipitor's value, efficacy, and safety could not have been affected by Defendant's alleged misrepresentations." *Id.* at *6. The court also rejected the plaintiffs' argument that, "had [they] known the truth about Defendants' allegedly fraudulent advertising campaign, [they] may have been able to provide information to physicians that countered the information provided by Defendants." *Id.* As the court explained, this "lost opportunity . . . is immaterial unless Plaintiffs allege that the physicians were in fact relying on Defendant's misrepresentations." *Id.* at *6.

In this case, only Kaiser has attempted to show that it took steps to dissuade its insureds' doctors from prescribing Neurontin off-label after it learned of the alleged marketing. But as in *Southern Illinois Laborers*, evidence purportedly showing that Kaiser's statements to doctors reduced off-label Neurontin prescriptions "is immaterial" because Kaiser (like the other TPP plaintiffs) has not presented evidence that a single one of its insureds' doctors based their prescription decisions on allegedly misleading marketing statements.

For all of these reasons, Defendants respectfully submit that the *Southern Illinois Laborers* decision provides additional support for summary judgment and additional grounds to deny Class Plaintiffs' motion for reconsideration of this Court's denial of class certification.

Dated:  October 8, 2009

                                                          Respectfully submitted,

                                                          SKADDEN, ARPS, SLATE,
                                                            MEAGHER & FLOM LLP

                                                          By:    /s/ Mark S. Cheffo
                                                                  Mark S. Cheffo

                                                          Four Times Square
                                                          New York, NY 10036
                                                          Tel:  (212) 735-3000

                                                                  -and-

- 5 -

        SHOOK, HARDY & BACON L.L.P.

        By:    <u>/s/ Scott W. Sayler</u>
                 Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel:  (816) 474-6550

    -and-
WHITE AND WILLIAMS LLP

By:    <u>/s/ David B. Chaffin</u>
        David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 8, 2009.

/s/ David B. Chaffin
David B. Chaffin