UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------x
                                                           :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                               :
        SALES PRACTICES AND                                :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                      :
                                                           :   Judge Patti B. Saris
-----------------------------------------------------------x
                                                           :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                                  :
                                                           :
PRODUCTS LIABILITY ACTIONS                                 :
                                                           :
-----------------------------------------------------------x
```

**PRODUCTS LIABILITY PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY AND EXHIBITS OF DR. ROBERT GIBBONS
PURSUANT TO FED. R. EVID. 702 ET SEQ. AND *DAUBERT*__**

Product Liability Plaintiffs move the Court to strike Dr. Robert Gibbons as an expert witness and to exclude his opinions and proposed exhibits. This Motion is applicable to all products liability cases that have been referred to this Court in the above-entitled litigation.

**I.**

**COURT'S DIRECTIVE**

On September 2, 2009, the Court advised the parties through the Clerk, Robert Alba, that the pending motions to strike Defendants' expert Dr. Robert Gibbons' testimony and exhibits would be resolved by Plaintiffs filing a cross-cutting "*Daubert*" motion in the multi-district litigation, and not re-briefing the issue but instead providing a binder with exhibits and transcripts and a list of briefs Plaintiffs want the Court to review.

## II.

## **MOTION**

Dr. Gibbons' opinions are not based on reliable methodology or on sufficient foundations or studies and, accordingly, are not admissible.  Fed. R. Evid, 702 et. seq.; *Daubert v Merrill Dow Pharm.*, 509 U.S. 579 (1993).  The underlying data, including the PharMetrics database and Dr. Gibbons' analysis of that data, do not provide a foundation for the opinions that Dr. Gibbons has formed, regardless of his continually revised sensitivity analyses, and thus there is an analytical gap between such data and the opinions.  *General Elec. Co. v Joiner*, 522 U.S. 136 (1977).  In addition, Dr. Gibbons' proposed testimony is so misleading and of doubtful relevance that the Court should exclude it pursuant to Fed. R. Evid. 403.

In hearings on July 21 and 23 and August 28, 2009, the Court indicated that it would permit Dr. Gibbons to testify regarding his opinions of the FDA Safety Alert and Statistical Analysis of eleven anti-epileptic drugs (including gabapentin, the generic Neurontin), and those in his peer-reviewed paper submitted for publication by Dr. Gibbons regarding those eleven drugs and bipolar disorder.  Accordingly, this Motion and the testimony, exhibits, and briefs identified below are more generally directed to the March 19, 2009 supplemental report on the gabapentin study of a PharMetrics database by Dr. Gibbons that was undertaken for litigation.

Plaintiffs urge the Court to reconsider its ruling regarding Dr. Gibbons' other opinions, reports, and exhibits and continue to object to them as set out in the *Daubert* motion and memorandum.  *See* ECF Doc. ## 1875, 1876; Emergency Motion to Strike Dr. Gibbons, ECF Doc. ## 1807, 1808 and 1992.

## III.

## **DOCUMENTS INCORPORATED BY REFERENCE**

Plaintiffs incorporate the following exhibits, transcripts, and briefs in this Motion, and provide them to the Court both as electronic attachments and as a binder submitted separately to Chambers (Note the number refers to Plaintiffs' Exhibit Number, Pls.' Ex. "_"):

| | | | |
|---|---|---|---|
| A. | Transcripts: (excerpts) | 1. | Deposition, Dr. Gibbons |
| | | 2. | Deposition, Dr. Sander Greenland |
| | | 3. | Hearing transcript, July 21, 2009 (Greenland testimony) |
| | | 4. | Hearing transcript, July 23, 2009 (Gibbons testimony, Court and counsel) |
| B. | Exhibits | 5. | Report, Dr. Gibbons, March 19, 2009, ECF Doc. # 1877-9 |
| | | 6. | Gibbons Bipolar Paper , ECF Doc # 1806-12 |
| | | 7. | Report, Dr. Sander Greenland, May 31, 2009, ECF Doc. # 1877-10. |
| | | 8. | FDA Guidance for Industry, 2005, ECF Doc. # 1877-11. |
| | | 9. | Manual for Scientific Evidence, Cover and Chapter "The Supreme Court's Trilogy on the Admissibility of Expert" |
| C: | Briefs: | 10. | Plaintiffs' *Daubert* Motion and Memorandum to Strike Dr. Gibbons, dated June 22, 2009, ECF Doc. ## 1875, 1876 |
| | | 11. | Plaintiffs' Memorandum  to Strike New Report, dated May 29, 2009, ECF Doc. # 1805 |
| | | 12. | Plaintiffs' Memorandum to Strike Dr. Gibbons for Lying , dated May 29, 2009, ECF Doc. # 1808 |
| | | 13. | Defendants Combined Opposition Memorandum  To Strike Dr. Gibbons dated June 12, 2009, ECF Doc. # 1836 |
| | | 14. | Plaintiffs' Reply Memorandum to Strike Dr. Gibbons, dated June 24, 2009, ECF Doc. # 1923 |

      15.    Plaintiffs' Memorandum Objecting to Order of Magistrate Judge Sororkin, dated July 10, 2009, ECF Doc. # 1992

      16.    Defendants' Memorandum Response to Objection dated July 17, 2009, ECF Doc. # 2030

Note that for briefs, the exhibits are not being provided to the court as they have already been provided in the past.

D. Transcripts: (complete)

    1A.    Deposition, Dr. Gibbons (also 1B, 1C, and 1D)

    2A.    Deposition, Dr. Sander Greenland

    3A.    Hearing transcript, July 21, 2009 (Greenland testimony)

    4A.    Hearing transcript, July 23, 2009 (Gibbons testimony, Court and counsel)

## IV.

## CROSS-REFERENCE TO BINDERS AND EXHIBITS

In connection with this Motion and pursuant to the Court's directive, Plaintiffs particularly direct the Court to the testimony, exhibits, and documents set out below. These are contained in their entirety in the binder that accompanies this Motion.

| Subject | Reference |
|---|---|
| **1. Dr. Gibbons' flawed assumption of patient exposure years**: | 1. Gibbons report, March 19, 2009, ECF Doc. # 1877-9, ¶¶ 12, 13, 16-21, conclusion (Pls.' Ex. 5) |
| | 2. Dr. Greenland report May 31, 2009, ECF Doc. # 1877-10, ¶ 5, pp. 10-15) (Pls.' Ex. 7) |
| | 3. Gibbons deposition, pp. 126:4-8; 178:3-19; 232-233; 507-510; 509:4-16; 513:6-516:13; 577-578; 579:7-13; 849-854; 865-868; 1108-1111; 1115; 1133:14-23; 1149:20-153:2 (Pls.' Ex. 1) |

4

|  |  |
|---|---|
|  | 4. Hearing transcript, July 21, 2009 (Greenland testimony), pp. 32; 59-61; 69; 78- 81; 88 (Pls.' Ex. 3) |
|  | 5. Hearing transcript, July 23, 2009 (Gibbons testimony, Court and Counsel), pp. 27-30; 36-37; 51-54; 62-67 (Pls.' Ex. 4) |
| **2. Dr. Gibbons' exaggerated opinion that gabapentin has a protective effect** |  |
| a. Generally | 1. Gibbons deposition, pp. 456; 472; 620; 769:8-22; 870-873; 879-883; 887-888; 926:19-931:18; 1118-1119; 1126-1130; 1133-1136; 1141-1143 (Pls.' Ex. 1) |
|  | 2. Greenland Report, ECF Doc. # 1877-10, pp. 8-10 (Pls.' Ex. 7) |
| b. To-be-published bipolar manuscript | 3. Hearing transcript, July 21, 2009 (Greenland testimony), pp. 70-71; 82-83 (Pls.' Ex. 3) |
|  | 4. Hearing transcript, July 23, 2009 (Gibbons testimony), p. 26 (Pls.' Ex. 4) |
| c. Gabapentin litigation report | 5. Hearing transcript, July 21, 2009 (Greenland testimony), pp. 70-71 (Pls.' Ex. 3) |
|  | 6. Gibbons deposition, pp. 455:1-459:21; 472; 569-570 (Pls.' Ex. 1) |
| **3. Dr. Gibbons' failure to account for the effect of concomitant medicines** | 1. Gibbons deposition, pp. 468:12-471:5; 527:7-19; 476-480; 1104-1107 (Pls.' Ex. 1) |
|  | 2. Greenland report, ECF Doc. #1877-10, ¶ 6, pp. 15-17 (Pls.' Ex. 7) |

|   |   |
|---|---|
|   | 3. Greenland deposition, pp. 119:20-121:21 (Pls.' Ex. 2) |
|   | 4. Hearing transcript, July 23, 2009 (Gibbons testimony), pp. 43-48 (Pls.' Ex. 4) |
|   | 5. FDA Guidance for Industry, 2005, ECF Doc. # 1877-11, pp. 7-8, 13-15 (Pls.' Ex. 8) |
| **4. Dr. Gibbons' failure to account for the effect of concomitant illnesses** | 1. Gibbons deposition, pp. 524-526; 620:11-19 1111-1113 (Pls.' Ex. 1) |
|   | 2. Hearing transcript, July 21, 2009 (Greenland testimony), p. 29 (Pls.' Ex. 3) |
|   | 3. FDA Guidance for Industry, 2005, ECF Doc. # 1877-11, pp. 7-8, 13-15 (Pls.' Ex. 8) |
| **5. Dr. Gibbons' conclusions do not follow from his data and analyses (*General Elec. Co. v Joiner*)** | 1. Hearing transcript, July 21, 2009 (Greenland testimony), pp. 51-52; 64-66 (Pls.' Ex. 3) |
|   | 2. Gibbons deposition, pp. 1142-1143 (Pls.' Ex. 1) |
|   | 3. Greenland report, ECF Doc. # 1877-10, ¶ 3, pp. 4- 6; ¶ 7, pp. 17-18 (Pls.' Ex. 7) |
|   | 4. Greenland Deposition, pp. 119:20-121:21 (Pls.' Ex. 2) |
|   | 5. Reference Manual on Scientific Evidence, pp. 13-15 (Pls.' Ex. 9) |

**V.**

## PLAINTIFFS OBJECT TO EVIDENCE NOT ALREADY DISCLOSED IN DISCOVERY AND SUBMITTED TO THE COURT

On September 10, 2009, Pfizer communicated to the Court via Mr. Alba its intention to once again change Dr. Gibbons' evidence in an attempt to prevent the Court from excluding some or all of his testimony:

> Dr. Gibbons has informed us that he has prepared a manuscript concerning the relationship between gabapentin and suicide attempts as set forth in his report dated March 19, 2009.  We understand that he intends to submit the manuscript this month to a journal and that he has included at least one additional sensitivity analysis to the six sensitivity analyses he discussed at the *Daubert* hearing in July.  We will advise the Court and counsel as to when the gabapentin manuscript is submitted and the results of the peer review process.

Defendants now intend to submit another changed Gibbons report on gabapentin in the clothing of a peer-reviewed article, without disclosure or discovery, and use this transparent form to defeat the substance both of the Court's concerns and of the Court's orders on how to proceed. Having been instructed by the Court to limit filings on this matter to the existing depositions, transcripts, and briefs, Plaintiffs do not want the Court to believe that Plaintiffs agree to Defendants' contemptuous disregard for the Court's orders or for the discovery process and the scholarly journal peer review process.  This manuscript and this sensitivity analysis have not been disclosed.

Plaintiffs do and will object to this ploy and to this proposed evidence and to all evidence not already disclosed in discovery and submitted to the Court.

Moreover, Dr. Gibbons' repeated concoction of "sensitivity analyses" do not change the fundamental flaw in his gabapentin and bipolar studies:  the database he purchased is not capable of extraction of reliable complete data from which it could be determined whether the presence

or absence of suicide attempts by the patients studied had any relation to taking or not taking gabapentin or anti-epileptic drugs.

Dated:  October 9, 2009                                                Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*

By:     /s/ Andrew G. Finkelstein
        Andrew G. Finkelstein, Esquire
        Finkelstein & Partners, LLP
        1279 Route 300, P.O. Box 1111
        Newburgh, NY  12551

By:     /s/ Jack W. London
        Jack W. London, Esquire
        Law Offices of Jack W. London
           & Associates
        3701 Bee Cave Rd., Suite 200
        Austin, TX  78746

## CERTIFICATE OF GOOD FAITH

I hereby certify that I have conferred in good faith with counsel for Defendants on numerous occasions concerning the issues presented in the foregoing motion, and the parties have been unable to resolve the issues without the intervention of this Court.

Dated:  October 9, 2009

        /s/ Kenneth B. Fromson
        Kenneth B. Fromson, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on October 9, 2009.

        /s/ Andrew G. Finkelstein
        Andrew G. Finkelstein, Esquire