UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br><br>ALL PRODUCTS LIABILITY ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

PRODUCTS LIABILITY CASES SCHEDULING ORDER OCTOBER 2009

October 14, 2009

SOROKIN, M.J.

**1. Massachusetts Products Trials**

Judge Saris has scheduled trial in the Shearer case to commence March 23, 2010. Counsel in Huberman v. Pfizer Inc., et al., 07-11336-PBS, and Dorsey v Pfizer Inc., et. al., No. 05-10639-PBS shall submit proposed schedules to complete discovery in these cases, equivalent to the schedule governing the Shearer case by November 2, 2009, with the schedules to commence no later than November 15, 2009.

**2. Non-Massachusetts Products Cases**

These cases (other than the Boone and Schwartz cases) are proceeding with core discovery (depositions of prescribing physicians, sales representatives and plaintiff or plaintiff's representative) to conclude by September, 2010. There are approximately 135 cases asserting claims on behalf of the same number of plaintiffs in this group.

Regarding the Boone and Schwartz cases in which claims are asserted on behalf of

approximately 450 to 500 plaintiffs, counsel for the parties shall confer regarding how to complete core discovery in these cases.  The parties shall submit their joint or competing proposals by November 2, 2009.

By the close of business December 1, 2009, counsel shall file a report informing the Court of the status of the core discovery in the non-Massachusetts products cases.

### 3.	Defendants' Emergency Motion For an Order Restricting Communications with Treating Physicians (Docket #2093)

This Motion is DENIED.

### 4.	Plaintiffs' Emergency Motion to Compel (Docket #2097)

In the Shearer case, 07cv11428-PBS, set for trial in March 2010, as part of the case specific fact discovery, Plaintiffs have filed a motion to compel certain additional discovery. The Court DENIES the motion as premature, given that plaintiffs have not submitted a formal discovery request.  However, this denial is primarily procedural, as the failure is understandable in light of the fact that discovery had already closed.[1]  The court hereby rules that plaintiffs are entitled to discovery of documents related to Dr. Keith Edwards, a person named as a potential witness by both sides of this litigation. Prior to Dr. Edwards's deposition, defendants shall produce the following: (1) any documents indicating the amount of payments made by defendants to, or on behalf of, Dr. Edwards from one year prior to the beginning of his treatment of Shearer up until the date of his deposition; (2)  the purpose of these payments; and (3) all documents relevant to Dr. Edwards's marketing/promotion of Neurontin; attendance at Neurontin related continuing education seminars; or direct communications between defendants

---

[1]  To clarify, the parties may serve case specific discovery requests in the individual cases proceeding through full discovery during the applicable time allowed for discovery.  Requests to reopen discovery generally shall be made by way of motion as Plaintiffs did in another motion.

and Dr. Edwards for the period from one year prior to his treatment of Shearer's up until the conclusion of his treatment of Shearer.

In addition, the Court rules that plaintiffs are entitled to depose the district manager (or equivalent) who supervised the sales representatives that detailed Shearer's prescribing physicians.  Defendants shall also produce the field coaching guide(s) or manual(s) applying to these interactions.  This production must be made no later than November 15, 2009.

The request for discovery regarding Dr. Wohlberg is not case specific discovery. Accordingly, the Court addresses it in the context of the motion to reopen.

Accordingly, the Motion to Compel (Docket #2097) as construed above is DENIED for procedural reasons.  However, defendants must produce the specific discovery Ordered by the Court by November 15, 2009.

5.      **Emergency Motion to Reopen Discovery**

As a general matter, the Court is not reopening discovery.  However, the Court recognizes that the scientific understanding of Neurontin continues to develop and that the litigation of most of the MDL continues in either the post-discovery stage or the case specific discovery stage. With this context in mind, I turn to the specific discovery requests Plaintiffs have made.

The request to reopen and revise the cutoff date for discovery to the latest date of sustained injury by a plaintiff is DENIED.

The request for discovery into the settlement agreement involving Bextra is DENIED. However, to the extent defendants possess documents, up to the date of the Bextra settlement, regarding the efficacy or side effects of Neurontin not previously produced, they shall produce the documents within forty-five days.

The request for discovery into the FDA label change is ALLOWED.  The parties shall

confer and agree upon the discovery to occur.  In the absence of an agreement, the parties shall file a joint report stating any discovery to which the parties agree as well as the parties competing positions regarding disputed discovery.  This report shall be filed by the close of business on October 23, 2009.

The request for discovery of the in-house work, analyses, files and documents upon which Dr. Christopher Wohlberg relied or considered for his presentations to the FDA on January 31, 2008, June 2, 2008 and July 10, 2008 is ALLOWED.  Plaintiffs may depose Dr. Wohlberg for no more than one day regarding these matters.

SO ORDERED.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE