UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:   NEURONTIN MARKETING, SALES :   MDL Docket No. 1629
        PRACTICES AND PRODUCTS :
        LIABILITY LITIGATION :   Master File No. 04-10981
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
THIS DOCUMENT RELATES TO: :   Judge Patti B. Saris
:
*Shearer v. Pfizer Inc., et al.* :   Magistrate Judge Leo T.
Case No. 1:07-cv-11428-PBS :   Sorokin
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY
MOTION TO COMPEL CONTINUATION OF PLAINTIFF'S DEPOSITION**

      Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") submit this memorandum of law in support of their motion for an order directing Plaintiff Linda Shearer to appear for the continuation of her deposition for a period of time not to exceed four hours.

      This lawsuit arises from the death of Hartley Shearer, who committed suicide on February 7, 2002, after having suffered for three years from the disabling effects of a large, right hemisphere stroke, which left him with paralysis on the left side of his body.  Defendants began the deposition of the Plaintiff Linda Shearer, the decedent's widow and the administrator of his estate, almost two years ago on February 25-26, 2008, as part of the initial discovery in the Track One cases.  At the time of her deposition, neither party had a fulsome or complete collection of records relevant to Mr. Shearer's death.  Mrs. Shearer's deposition was recessed on February 26, 2008.

      Since the time of Mrs. Shearer's deposition, the parties – in working to prepare this case for trial – have engaged in more extensive and fulsome records collection and fact discovery. Through that process, Defendants have obtained significant additional information contained in medical and other records, and from fact witnesses.  Not only was this information unknown at

the time of Mrs. Shearer's deposition, but it sheds light on many of the claims and defenses in this lawsuit.

For example, during her deposition, Mrs. Shearer testified that the state trooper who investigated her husband's death found a suicide note and provided it to her.  (Dep. of Linda B. Shearer ("Shearer Dep."), attached hereto as Exh. A to the accompanying declaration of Mark S. Cheffo ("Cheffo Decl."), at 90:4-12.)  When asked whether she still had the note, she answered: "I think I do.  It's somewhere.  I've looked for it and I have not been able to find it." (*Id.* at 90:14-16.)  Mrs. Shearer testified that she only generally remembered the contents of the note: "I don't remember exactly what it said.  And what I do remember was it – that it – that he said he loved Ivor [their son] and me." (*Id.* at 92:9-11.)  She also gave the following testimony about the contents of the note:

> A.   It was – it was something that really didn't make sense, that – had to do with – it was something negative that was – see, I was away at the time. And I just don't – I don't remember what the wording was because obviously I've blocked it out.  But it was, you know, "This is it, I can't – I – I can't take anymore."   But that wasn't exactly what it was.

(*Id.* at 92:13-20.)  After Mrs. Shearer's deposition was recessed, Mr. Shearer's suicide note was located within police records obtained from Plaintiff's counsel almost a year later on February 23, 2009.  It reads as follows:

> Linda has left me powerless by hanging up on me for the last time   I love you both Ivor + Linda  But this is it –
>
>                              Hartley Shearer

(*See* Suicide Note, attached hereto as Exh. B to Cheffo Decl.)  As the Court is well aware, causation is a key issue in this case.  Certainly, a suicide note left by the decedent is a significant piece of evidence.  Mrs. Shearer recalled the suicide note at her deposition, but it was not produced, even though she testified that she had been given a copy by the state trooper long before her deposition.  During her deposition, Mrs. Shearer was also unable to describe the

precise contents of the note, although she had a vague recollection that it was critical of her. (*See* Shearer Dep. at 95:12-19.)

Defendants have also recently obtained certain medical records relevant to causation, including psychiatric records – some of which include joint counseling sessions with both Mr. and Mrs. Shearer – that provide additional information relevant to this case, and about which Defendants desire to question Mrs. Shearer. Defendants should be given an opportunity to complete the deposition of Mrs. Shearer to inquire about Mr. Shearer's suicide note, and about other events and facts regarding his death that have only recently come to light. Such evidence is directly relevant to the cause and circumstances of Mr. Shearer's death. Mrs. Shearer can be expected to testify at trial about the facts, and medical and other records, discovered since her deposition. Mrs. Shearer is a party to the litigation and thus any burden or inconvenience to her is outweighed by the need for her testimony prior to trial.

## **CONCLUSION**

For all the foregoing reasons, Defendants ask that Plaintiff be ordered to appear for the continuation of her deposition, for a period of time not to exceed four hours, so that she can be questioned about information not previously known at her prior deposition.

Dated: October 16, 2009          Respectfully submitted,

                                 SKADDEN, ARPS, SLATE,
                                   MEAGHER & FLOM LLP

                                 By:   /s/ Mark S. Cheffo
                                       Mark S. Cheffo

                                 Four Times Square
                                 New York, NY 10036
                                 Tel:  (212) 735-3000

                                       -and-

                                 BOIES, SCHILLER & FLEXNER LLP

                                 By:   /s/ William S. Ohlemeyer
                                       William S. Ohlemeyer

3

333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

-and-

SHOOK, HARDY & BACON L.L.P.

By:   /s/ Scott W. Sayler
　　　Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel:  (816) 474-6550

-and-

WHITE AND WILLIAMS LLP

By:   /s/ David B. Chaffin
　　　David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF CONSULTATION

I certify that counsel have conferred in a good faith attempt to narrow or resolve the issue presented by this motion but have been unable to do so.

/s/ Mark S. Cheffo
Mark S. Cheffo

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 16, 2009.

/s/ David B. Chaffin_____
David B. Chaffin

4