UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
                                                               : MDL Docket No. 1629
In re: NEURONTIN MARKETING AND                                 :
SALES PRACTICES LITIGATION.                                    : Master File No. 04-10981PBS.
                                                               :
_____ X Judge Patti B. Saris.
                                                               :
THIS DOCUMENT RELATES TO:                                      : Magistrate Judge Leo T.
                                                               : Sorokin.
ALLAN M. HUBERMAN vs. PFIZER, INC. and                         :
PARKE-DAVIS, DIVISION OF WARNER-LAMBERT                        : Individual Case No.
COMPANY,                                                       : 07CA11336PBS.
No. 07-CA-11336-PBS.                                           :
---------------------------------------------------------------X

Plaintiff's Motion to Consolidate for Trial with the
Action of Shearer v. Pfizer, et. al. .

The Plaintiff moves pursuant to Rule 42 (a) of the Federal Rules of Civil Procedure to consolidate this action the action of Shearer v. Pfizer, et., al., which is presently scheduled for trial on March 29, 2010.

As grounds, the Plaintiff states:

1   The Plaintiff Allan Huberman ("Allan Huberman") took the prescription of Gabapentin (Neurontin) for approximately three months, from March through May, 1998.

2   As alleged in paragraphs 57-64 of his Complaint, Allan Huberman suffers from bi-polar disorder, and, in 1998, at the time his physician prescribed Neurontin, he was under a prescription for Prozac. He was referred to Christine Demopolous, M.D. ("Dr. Demopolous"), of the Massachusetts General Hospital for treatment of mania and depression. Dr. Demopolous did not know that Neurontin should not be prescribed to individuals with bi-polar disorder. In March, 1998, Dr. Demopulos prescribed Allan

Huberman to take Neurontin in dosages of 300 mg several times per day. (Complaint, paras. 57-60);

3   After beginning to take Neurontin, Allan Huberman became lethargic, confused, and withdrawn, and felt that his body felt like a "piece of soft rubber with probably very little coordination." He began to get constant palpitations, intermittent at first and then constant. He felt constantly fatigued. He was told that he had, "manic tendencies." He had difficulty concentrating. Although Allan Huberman had been an ornamental plant grower his entire life, after beginning to take Neurontin he was unable to determine the formulae to spray pesticides. On one occasion, Allan Huberman almost drove his truck off Route 128 in Lynnfield. After approximately three months use of Neurontin, Allan Huberman ceased taking Neurontin and discontinued treating with Dr. Demopolous. He was referred to other physicians. (Complaint, paras. 61-64);

4   In June, 2007, Allan Huberman filed this action in Middlesex (Massachusetts) Superior Court, <u>Allan M. Huberman, Plaintiff vs. Pfizer, Inc. and Parke-Davis, Division of Warner-Lambert Company</u>, Defendants; Middlesex Superior Court Civil Action No. 2007-02338-C. The Complaint sets forth four counts, Uniform Commercial Code, Negligence, "Unfair and Deceptive Acts or Practices" pursuant to M.G.L.c. 93A, Section 9 and Racketeer, Influence and Corrupt Organization Act, 18 U.S.C. Section 1961, et seq;

5   The Defendants had this action removed to this Court, to be a part of the Multi-District Litigation;

6   During 2007, Allan Huberman produced documents to the Defendants, and the Defendants subpoenaed records from his medical providers. The Defendants deposed Allan Huberman on December 13, 2007 and March 31, 2008.

7   The Defendants have not scheduled any other depositions since that time;

8   Allan Huberman has not provided Answers to the Defendant's interrogatories, as he has not yet received the narrative letter from his

2

expert, Rahim Shafa, M.D., Leonard Morse Hospital, Natick, Ma. 01760. He believes he will have the narrative letter within the next week, and will send a copy of same to counsel for the Defendants and will serve his Answers to Interrogatories shortly thereafter;

9    The Court has assigned Allan Huberman's action for trial after the action of Shearer v. Pfizer, et. al., which is scheduled for March 29, 2010. Allan Huberman requests that his action be consolidated for trial with the Shearer action for the following reasons:

a    He is one of only two actions involving Plaintiffs from the Commonwealth of Massachusetts. As a practical matter, his attorney has far more limited resources than Finkelstein & Partners, LLP ( Plaintiff's counsel for <u>Shearer</u> and who represent hundreds of plaintiffs) to prepare and present the "general-causation" and liability case against Pfizer defendants;

b    Mr. Huberman's case-specific action would not involve numerous witnesses and would not substantially prolong the currently scheduled <u>Shearer</u> trial on March 29, 2010;

c    Magistrate Judge Sorokin has previously recognized that "proceeding with [Finkelstein] cases will enhance the possibilities of a global settlement as well as most efficiently manage the litigation." See ECF Doc # 2045. Engaging a trial of Mr. Huberman's case is not likely to enhance the possibility of a global settlement. It is neither a "Plaintiff's selection" or a "Defendants' selection" and therefore does not meet with this Court's previously stated intention for the parties to put their proverbial "best cases" forward respectively with the hope that a global resolution could result.

10  Plaintiff's counsel in the <u>Shearer</u> action has indicated their assent to this Motion, under the express condition that the trial of the <u>Shearer</u> action is not delayed or continued;

11  Federal Rule of Civil Procedure Rule 42 (a) allows consolidation of actions "involving a common question of law or fact" in order to "avoid unnecessary costs and delay." The Court has 'broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." <u>Howard Gunty Profit Sharing Plan vs. Carematrix</u>, 354 F.Supp. 2d 18, 22 (D. Mass. 2000), quoting from 9 Charles A. Wright and Arthur R. Miller, <u>Federal Practice and Procedure; Civil 2d Section 2283</u> (2d ed. 1995 & Supp. 2000).

12  With respect to the consolidation of asbestos cases, the Second Circuit has stated that consolidation of tort actions sharing common questions of law and fact is commonplace, and that in the exercise of the Court's "broad discretion," Courts have taken the view the considerations of judicial economy favor consolidation, but that the discretion to consolidate is not unfettered, and that considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial. <u>Johnson vs. Celotex Corp.</u>, 899 F. 2d 1281, 1284 and 1285 (2d Circ. 1990);

13  The Second Circuit in <u>Johnson</u> further stated that, when exercising its discretion, the Court must consider:

'[W]hether specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common and factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of a single trial, multiple trial alternatives,' quoting from <u>Hendrix vs. Raybestos-Manhattan , Inc.</u>, 776 F. 2d 1292, 1295 (11th Circ. 1985), quoting from <u>Arnold vs. Eastern Air Lines, Inc.</u>, 681 F. 2d 186, 193 (4th Circ. 1982)....." When considering consolidation, a Court should also note that the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiffs. ' <u>Johnson,</u> at page 1285.

4

14. Each of the cases involve the same Defendants. Each of the complaints filed in these cases are similar, if not almost identical, in terms of the causes of actions alleged. Plaintiffs will utilize the same expert witnesses for general causation in each of the cases; the same defense-corporate witness testimony and documents; and the same FDA documents will be utilized as evidence in these cases. Consolidating the two cases for trial will save time, effort and resources on the part of this Court. A substantial amount of time, effort and money will also be saved by the parties to this litigation through such a consolidation. Furthermore, consolidating these cases for trial will ensure that, if for some unforeseen reason, one of the trial cases is dismissed such as on a case-specific dispositive motion (e.g., statute of limitations, *Daubert* on specific causation, etc.) that there remains another case ready for trial.

15. Allan Huberman suggests that the Defendants substantially completed their preparation of Allan Huberman's case by March, 2008, when they had his medical records and had completed their depositions of him, and that the consolidation of his action for trial with the <u>Shearer</u> action would reduce the time and expense of trial for all concerned.

16. An alternative is for the instant action be consolidated with the <u>Shearer</u> action for purposes of the issue of general liability only. If the jury in the <u>Shearer</u> action found general liability in both cases, the jury could proceed to damages on the <u>Shearer</u> action only, while the damages on the instant action would be presented to a second jury;

17. There is precedent for consolidating in pharmaceutical litigations. The Finkelstein law firm, as the Steering Committee for plaintiffs, previously brought to the Court's attention that Judge Higbee of the Superior Court in New Jersey, Atlantic County in the matter of *In re Vioxx Litigation* has consolidated vioxx cases for joint trial; Judge Weinstein in the U. S. District Court, Eastern District of New York, has called for consolidation of cases for joint trial in *In re Zyprexa Products Liability Litigation*, MDL No.

1596; and in state court in Nevada, Washoe County District Judge Robert Perry jointly tried three (3) prempro cases.

WHEREFORE, Allan Huberman requests that the Court consolidate the instant action for trial with the action of <u>Shearer v. Pfizer</u>, et. al.

Date: October 19, 2009.

/s/ Paul S. Hughes
Attorney for Plaintiff
Paul S. Hughes, Esq.
B.B.O. No. 243780
2120 Commonwealth Avenue, Ste. 200
Newton, Massachusetts 02466
(617) 244-5620.

CERTIFICATE OF SERVICE.

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management No. 3 on October 19, 2009.

/s. <u>Paul S. Hughes.</u>