UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
In re:  NEURONTIN MARKETING,
SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
------------------------------------------------------------x
THIS DOCUMENT RELATES TO:

*Shearer v. Pfizer Inc.,* 1:07-cv-11428-PBS
------------------------------------------------------------x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO QUASH SUBPOENA DUCES TECUM SERVED ON DAVID FRANKLIN**

Plaintiff, Linda B. Shearer as Executrix of the Estate of Hartley Shearer, (hereinafter "Plaintiff"), hereby moves, by emergency motion, pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, for an order quashing the Subpoena Duces Tecum[1] served on David Franklin by Defendants Pfizer Inc. and Warner-Lambert Company LLC, (hereinafter Pfizer Defendants").

**FACTUAL BACKGROUND**

As this Court is well aware, Dr. Franklin is the relator in the *qui tam* action previously brought against Parke-Davis, Division of Warner-Lambert Company, and Pfizer Inc. Dr. Franklin also was the first witness to testify on behalf of Plaintiff David Egilman in the recent Neurontin products liability trial, *Egilman v. Pfizer Inc.*, 1:07-cv-11426-PBS, where Judge Patti B. Saris noted that: "He's been deposed a gazillion times."[2]

---

[1]  *See* Notice of Deposition and Subpoena Duces Tecum, annexed to the Declaration of Andrew G. Finkelstein, Esq., as Exhibit A.

[2]  *See Egilman* Trial Transcript, Day Three, p. 15, Finkelstein Decl., Ex. B.

Thomas M. Greene, Esq., attorney for Dr. Franklin, has recently served defense counsel with Objections on behalf of Dr. Franklin.[3] Dr. Franklin generally objects on the grounds that the Subpoena: (1) was served after the deadline for non-case specific discovery has passed; (2) is unnecessary because Dr. Franklin has already testified for four (4) days in the *qui tam* litigation; (3) was issued for the purpose of harassing and oppressing Dr. Franklin; (4) fails to allow a reasonable time for compliance; (5) requires Dr. Franklin to incur significant time and costs locating, reviewing, and copying documents; (6) has no temporal limitation; and (7) requires disclosure of privileged or other protected matter.

The period of non-case-specific fact depositions in the Products Liability cases closed on July 14, 2007. *See* Discovery Order No. 12, p. 3, ECF Doc. # 771. Dr. Franklin states that he has no knowledge that is specific to the *Shearer* action.[4] Thus, any deposition of Dr. Franklin would be concerning non-case-specific discovery.

## ARGUMENT

A party may have standing to quash a subpoena issued to a nonparty in unusual circumstances:

> "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459, at 435 (3d ed. 2008) (Wright & Miller).

*Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 253 (D. Me. 2008) (where Doe Defendants moved to quash a deposition subpoena issued to a third party, and evident purpose of prior notice requirement was to allow the student to object, court concluded that FERPA gave the

---

[3] *See* Franklin Objections, Finkelstein Decl., Ex. C.

[4] *Id.*, General Objections A.

2

Doe Defendants standing to challenge the subpoena); *see also Smith v. Transducer Tech., Inc.*, 2000 U.S. Dist. LEXIS 17217 (D.V.I. Nov. 16, 2000) (because Defendants' subpoena issued to third party sought information which may impact personal rights or privilege of plaintiff's attorney, court allowed plaintiff standing to assert motion for protective order concerning subpoena duces tecum issued to plaintiff's expert witnesses); *New Park Entertainment L.L.C. v. Electric Factory Concerts, Inc.*, 2000 U.S. Dist. LEXIS 531 (E.D. Pa. Jan. 13, 2000) (court held that defendants alleged some personal right in documentation requested by third party subpoena and therefore had standing to challenge subpoenas issued by plaintiff).

In *Alper v. United States*, 190 F.R.D. 281 (D. Mass. 2000) , the defendant sought to quash a subpoena issued by the plaintiff to the defendant's medical expert.  The court noted that given the fact that the witness was defendant's expert, the document which plaintiff sought from him may be considered within defendant's control, and hence Rule 34, not Rule 45, would appear to apply.  *Id.* at 283.  The court in *Alper* also remarked that:  "Even were the court to assume that Rule 45 applies to Dr. Becker, the subpoena at issue clearly constituted 'discovery' within the meaning of Rules 26 and 34 and, as a result, comes up against the court's discovery schedule." *Id.*  The court further opined:  "Still, as in *Rice*, this court does not believe 'that a party should be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced during discovery.'"  *Id.* at 283-84 (citation omitted).

The court in *Alper* concluded:

> Granted, neither Rule 45 nor Rule 34 contains any time limit within which to procure documents from third parties. *See Rice*, 164 F.R.D. at 557-58. Still, as in *Rice*, this court does not believe "that a party should be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced during discovery." *Id.* at 558.  *See also Carter v. United States*, 164 F.R.D. 131, 133 (D. Mass. 1995) (holding that portions of deposition notices seeking extensive production of documents were improper attempts to conduct written discovery after scheduling deadline).

3

In short, "Rule 45 Subpoenas, which are intended to secure the *pre-trial* production of documents and things, are encompassed within the definition of 'discovery,' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 443 (D. Minn. 1997) (emphasis added). "To allow a party to continue with formal discovery -- that is, discovery which invokes the authority of the Court -- whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial." *Id.* at 445. *Cf. In re Application of Time, Inc.*, 1999 U.S. Dist. LEXIS 15858, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999) (holding that subpoenas similar to the one sought here "are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26"). At bottom, Plaintiff cannot now obtain through one means, Rule 45, what he has been precluded from obtaining through another, the expired discovery schedule.

Here, as discussed above, Dr. Franklin has no knowledge that is specific to the *Shearer* action, and thus any deposition of Dr. Franklin would be for the purposes of non-case-specific discovery. But the period of non-case-specific fact depositions in the Products Liability cases closed on July 14, 2007. Defendants' belated Subpoena should therefore be quashed in its entirety.

Furthermore, the Subpoena should be quashed on the grounds that defense counsel improperly failed to confer with Plaintiff's counsel prior to serving the Subpoena and Notice of Deposition, in violation of Discovery Order No. 2, ECF Doc. # 372, at pp. 8-9, ¶ 10 ("Counsel shall confer regarding the scheduling of all depositions that are presently anticipated by all parties. Such conference shall include the exchange of lists of the deponents and proposed dates. Counsel shall then, paying heed both to the rules governing the location of depositions and practical scheduling considerations, resolve the timing and location of the depositions.").

Pursuant to Rule 45(B)(3)(A)(iv), on timely motion, the issuing court must quash or modify a subpoena that . . . (iv) subjects a person to undue burden." The Objections filed by Dr.

4

Franklin plainly set forth the undue burdens imposed on Plaintiff in attempting to comply with the Subpoena.

In short, the Subpoena is clearly intended to harass Dr. Franklin as retribution for his testimony at the *Egilman* trial and to discourage him from testifying further in this case or any other Neurontin Products Liability case.  Dr. Franklin has already been deposed for four (4) days, he has no new information to provide, and questions and answers at a further deposition would be repetitive and redundant, as suggested by Judge Saris at the *Egilman* trial.[5]

## CONCLUSION

In view of the above, Plaintiff respectfully requests that the Court issue an order quashing the Subpoena Duces Tecum served on Dr. Franklin by Defendants.

Dated:  October 23, 2009

Respectfully submitted,

By:  **/s/ W. Mark Lanier**
W. Mark Lanier, Esquire
THE LANIER LAW FIRM, P.L.L.C.
126 East 56th Street, 6th Floor
New York, NY  10022

By:  **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
1279 Route 300, P.O. Box 1111
Newburgh, NY  12551

*Attorneys for Plaintiff Linda B. Shearer*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on October 23, 2009.

**/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire

---

[5]  *See* Ex. B ("He's been deposed a gazillion times.").

5