EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------- x
                                         :
In re:  NEURONTIN MARKETING,             :
        SALES PRACTICES AND              :  MDL Docket No. 1629
        PRODUCTS LIABILITY LITIGATION    :
---------------------------------------- x  Master File No. 04-10981
                                         :
THIS DOCUMENT RELATES TO:                :  Judge Patti B. Saris
                                         :
*Shearer v. Pfizer Inc., et al.*         :  Magistrate Judge Leo T.
Case No. 1:07-cv-11428-PBS               :  Sorokin
                                         :
                                         :
                                         :
---------------------------------------- x

**NOTICE OF VIDEOTAPED**
**DEPOSITION DUCES TECUM OF DAVID FRANKLIN**

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively "Pfizer"), by and through their counsel, will take the testimony by deposition upon oral examination, before a person authorized to administer oaths, of David Franklin. The deposition will be taken in accordance with the Federal Rules of Civil Procedure on Friday, October 30, 2009, at 9:00 a.m. The deposition will be held at Skadden, Arps, Slate, Meagher & Flom LLP, One Beacon Street, Boston, MA 02108, Tel: (617) 573-4800. The deposition will be recorded by stenographic means and videotaped by Veritext, L.L.C., 1 Penn Plaza, Suite 1706, New York, New York, 10119.

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

The deponent, David Franklin, is to produce the following documents at his deposition: the records, documents and tangible items set forth in the attached Exhibit A.

Dated: October 9, 2009

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: _____
Mark S. Cheffo
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

*Attorneys for Defendants Pfizer Inc
and Warner-Lambert Company LLC*

## EXHIBIT A

The deponent shall make the following documents and things available for the purposes of inspection and copying:[1]

1. The deponent's current curriculum vitae.

2. All documents,[2] records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

3. All e-mails, documents, correspondence, and other materials in the deponent's possession regarding Pfizer, including, but not limited to, any photographs, videotapes, recordings, presentations, or transcripts in the deponent's possession regarding Pfizer Inc and Warner-Lambert Company LLC.

4. All e-mails, documents, correspondence, and other materials in the deponent's possession regarding Neurontin.

5. All documents, records, correspondence, and other materials which the deponent received from or sent to Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

6. All documents, including any notes, memoranda, recordings, and other materials related to any conversation (whether in person, telephonic, or otherwise) with Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

---

[1] Exhibit A should be construed to exclude requests for information or documents previously produced by the deponent prior to or at his depositions on September 12-14, and November 21, 2000.

[2] As used herein in Exhibit A, the term "document" includes electronic versions such as word processing documents, emails, and instant messages.

1

7. All unprivileged documents, records, correspondence, and other materials which the deponent received from or sent to Thomas M. Greene, or any of his experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

8. All unprivileged documents, including any notes, memoranda, recordings, and other materials related to any conversation (whether in person, telephonic, or otherwise) with Thomas M. Greene, or any of his experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | | |
|---|---|---|
| Linda B. Shearer | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   07-cv-11428 PBS |
| Pfizer Inc and Warner-Lambert Company LLC | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) |                                                          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   David Franklin, Whirty Circle, Hopkinton, MA

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Skadden, Arps, Slate, Meagher & Flom LLP<br>One Beacon Street, Boston, MA 02108<br>Tel: (617) 573-4800 | Date and Time:<br><br>10/30/2009 9:00 am |
|---|---|

The deposition will be recorded by this method:   **stenographic means and videotaped by Veritext, L.L.C.**

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   10/09/2009

*CLERK OF COURT*

OR

_____          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   **Pfizer Inc, et al.**
_____ , who issues or requests this subpoena, are:

Mark S. Cheffo, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Sqaure, New York, NY 10036, (212) 735-3000
Mark.Cheffo@skadden.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   07-cv-11428 PBS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

The deponent shall make the following documents and things available for the purposes of inspection and copying:[1]

1. The deponent's current curriculum vitae.

2. All documents,[2] records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

3. All e-mails, documents, correspondence, and other materials in the deponent's possession regarding Pfizer, including, but not limited to, any photographs, videotapes, recordings, presentations, or transcripts in the deponent's possession regarding Pfizer Inc and Warner-Lambert Company LLC.

4. All e-mails, documents, correspondence, and other materials in the deponent's possession regarding Neurontin.

5. All documents, records, correspondence, and other materials which the deponent received from or sent to Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

6. All documents, including any notes, memoranda, recordings, and other materials related to any conversation (whether in person, telephonic, or otherwise) with Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

---

[1] Exhibit A should be construed to exclude requests for information or documents previously produced by the deponent prior to or at his depositions on September 12-14, and November 21, 2000.

[2] As used herein in Exhibit A, the term "document" includes electronic versions such as word processing documents, emails, and instant messages.

7. All unprivileged documents, records, correspondence, and other materials which the deponent received from or sent to Thomas M. Greene, or any of his experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

8. All unprivileged documents, including any notes, memoranda, recordings, and other materials related to any conversation (whether in person, telephonic, or otherwise) with Thomas M. Greene, or any of his experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.