EXHIBIT C

**GREENE** LLP

33 Broad Street, 5th Floor
Boston, Massachusetts 02109
(617) 261-0040

October 21, 2009

**BY FIRST CLASS MAIL & EMAIL:**
Mark.Cheffo@skadden.com

Mark S. Cheffo, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

      **RE:**    **Subpoena Served Upon David Franklin**
               **In re Shearer v. Pfizer Inc. and Warner-Lambert Co. LLC**
               **C.A. No. 07-l1428 PBS (D. Mass.)**

Dear Mr. Cheffo:

      Pursuant to Federal Rule of Civil Procedure 45(c)(B), this letter will serve as the formal, written objections on behalf of Dr. David Franklin to the subpoena that you issued on October 9, 2009 ("Subpoena").

GENERAL OBJECTIONS

      A.      Dr. Franklin objects to the Subpoena to the extent that it compels production of documents in connection with a deposition that cannot go forward because the deadline for non-case specific discovery has passed. According to Discovery Order No. 12 (Dkt No. 771): "The period of fact depositions close[d] July 14, 2007." While there was a brief extension of fact discovery in the Sales and Marketing actions, it is noteworthy that Defendants did not ask for one in the Products Liability actions and in fact opposed "any schedule that would require simultaneous fact and expert discovery." Discovery Order No. 13 (Dkt No. 801). Dr. Franklin, who has previously testified in four (4) days of depositions, has no knowledge of any information that is specific to the Shearer action and thus cannot, absent a Court order, be deposed.

      B.      As a separate and distinct ground, Dr. Franklin objects to the Subpoena to the extent that it compels production of documents in connection with a deposition that cannot go forward because Defendants are not permitted to re-depose Dr. Franklin for what would amount to a fifth day of deposition testimony. Defendants have already exhaustively deposed Dr. Franklin, having obtained a total of four (4) days of deposition testimony from him in the *qui tam* litigation. Accordingly, any further questioning would be repetitive and redundant, in violation of Case Management Order No. 5 (Dkt No. 736). Furthermore, pursuant to Case Management

Letter to Mark S. Cheffo, Esq.
Subpoena Served Upon David Franklin
In re Shearer v. Pfizer Inc. and Warner-Lambert Co. LLC
C.A. No. 07-l1428 PBS (D. Mass**.**)
October 21, 2009
Page 2

Order No. 3 (Dkt No. 62) such additional questioning is unnecessary, because the transcripts from these four (4) prior days of testimony would be admissible in the instant litigation, without the need to compel Dr. Franklin to give duplicative or cumulative testimony for a fifth day. Defendants have had ample opportunity to get the discovery that they seek.

       C.       As a separate and distinct ground, Dr. Franklin objects to the Subpoena to the extent that it compels production of documents in connection with a deposition that should not go forward because the only apparent purpose of the deposition is to harass and oppress Dr. Franklin. Dr. Franklin testified at the most recent Products Liability trial, during which Pfizer's botched attempt to influence his testimony using a former-CIA-agent-turned-private-investigator came to light. Interestingly, Defendants did not feel the need to depose Dr. Franklin prior to his appearance at trial. Now, suddenly, Pfizer believes that Dr. Franklin's deposition testimony is necessary, when it was not at the last trial. In light of the private investigator incident, and the restraining order against the investigator which subsequently issued, it appears that this deposition serves no other purpose that for Pfizer to further intimidate Dr. Franklin, but this time out of the sight of a jury.

       D.       Dr. Franklin objects to the Subpoena to the extent that it fails to allow reasonable time for compliance. The Subpoena is overbroad and seeks documents that Dr. Franklin has accumulated over a period spanning at least 13 years, without regard to whether they are relevant to this case, or even whether they relate to Neurontin or Dr. Franklin's litigation against Pfizer. The Subpoena, which was served on Dr. Franklin's counsel on October 9, 2009, commands compliance by October 30, 2003. Given the over-breadth of the Subpoena and the burdens imposed thereby, fourteen days is not a sufficient time for Dr. Franklin to respond.

       E.       Dr. Franklin objects to the Subpoena to the extent that it requires him to incur significant time and costs locating, reviewing, and copying documents. As specified below, several of the requests are objectionable because they are overbroad, unduly burdensome, and seek documents that are not reasonably calculated to lead to the discovery of admissible evidence. The subpoena seeks any document that relates to Pfizer or Neurontin that Dr. Franklin has ever collected at any point in his professional lifetime, including many publicly-available documents. Accordingly, he objects to what amounts to an impermissible and unfair attempt to impose a burden of locating and copying materials, many of which are equally accessible or in fact more accessible to Defendants, especially when such documents have no relevance to the pending action. Clearly, the burden and expense of the deposition outweighs its likely benefit.

       F.       Dr. Franklin objects to the Subpoena because it has no temporal limitation. The Subpoena seeks all documents relating to Pfizer—a 150-year old company—regardless of when they were created. Similarly, the Subpoena also seeks all documents relating to Neurontin—a pharmaceutical compound which has been patented since the 1970s, discussed in the biomedical literature since the 1980s, and FDA-approved since late 1993. Accordingly, the Subpoena is far too broad and goes well beyond the general relevancy requirements of Fed. R. Civ. P. 26.

Letter to Mark S. Cheffo, Esq.
Subpoena Served Upon David Franklin
In re Shearer v. Pfizer Inc. and Warner-Lambert Co. LLC
C.A. No. 07-l1428 PBS (D. Mass**.**)
October 21, 2009
Page 3

      G.    Dr. Franklin objects to the Subpoena to the extent it requires disclosure of privileged or other protected matter.

## SPECIFIC OBJECTIONS

In addition to the foregoing General Objections, Dr. Franklin also objects to the following requests contained within the Subpoena:

Request No. 1: The deponent's current curriculum vitae.

    Objection: Dr. Franklin objects to this request because Defendants do not have the right to subpoena any documents from him, nor to make him appear at a deposition.

Request No. 2: All documents, records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.

    Objection: Dr. Franklin objects to this request because Defendants do not have the right to subpoena any documents from him, nor to make him appear at a deposition. Dr. Franklin further objects to this request because it calls for the production of information that is protected by the attorney-client privilege. Dr. Franklin further objects to this request to the extent that it is overbroad, unduly burdensome, contains language that is vague and ambiguous, and goes beyond the general relevancy requirements of Fed. R. Civ. P. 26.

Request No. 3: All e-mails, documents, correspondence, and other materials in the deponent's possession regarding Pfizer, including, but not limited to, any photographs, videotapes, recordings, presentations, or transcripts in the deponent's possession regarding Pfizer Inc and Warner-Lambert Company LLC.

    Objection: Dr. Franklin objects to this request because Defendants do not have the right to subpoena any documents from him, nor to make him appear at a deposition. Dr. Franklin further objects to this request because it calls for the production of information that is protected by the attorney-client privilege. Dr. Franklin further objects to this request to the extent that it is overbroad, unduly burdensome, contains no temporal limitation, contains language that is vague and ambiguous, and goes beyond the general relevancy requirements of Fed. R. Civ. P. 26. As drafted, this request covers any Pfizer—related email Dr. Franklin has ever sent or received during his lifetime, regardless of the timing or subject matter.

Request No. 4: All e-mails, documents, correspondence, and other materials in the deponent's possession regarding Neurontin.

Letter to Mark S. Cheffo, Esq.
Subpoena Served Upon David Franklin
In re Shearer v. Pfizer Inc. and Warner-Lambert Co. LLC
C.A. No. 07-l1428 PBS (D. Mass.)
October 21, 2009
Page 4

<u>Objection</u>: Dr. Franklin objects to this request because Defendants do not have the right to subpoena any documents from him, nor to make him appear at a deposition. Dr. Franklin further objects to this request because it calls for the production of information that is protected by the attorney-client privilege. Dr. Franklin further objects to this request to the extent that it is overbroad, unduly burdensome, contains no temporal limitation, contains language that is vague and ambiguous, and goes beyond the general relevancy requirements of Fed. R. Civ. P. 26. As drafted, this request covers any email Dr. Franklin has ever sent or received during his lifetime which relates to Neurontin, regardless of subject matter.

<u>Request No. 5</u>: All documents, records, correspondence, and other materials which the deponent received from or sent to Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

<u>Objection</u>: Dr. Franklin objects to this request because Defendants do not have the right to subpoena any documents from him, nor to make him appear at a deposition. Dr. Franklin further objects to this request because it calls for the production of information that is protected by the attorney-client privilege. Dr. Franklin further objects to this request to the extent that it is overbroad, unduly burdensome, contains no temporal limitation, contains language that is vague and ambiguous, and goes beyond the general relevancy requirements of Fed. R. Civ. P. 26.

<u>Request No. 6</u>:  All documents, including any notes, memoranda, recordings, and other materials related to any conversation (whether in person, telephonic, or otherwise) with Plaintiff's counsel, or any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

<u>Objection</u>: Dr. Franklin objects to this request because Defendants do not have the right to subpoena any documents from him, nor to make him appear at a deposition. Dr. Franklin further objects to this request because it calls for the production of information that is protected by the attorney-client privilege. Dr. Franklin further objects to this request to the extent that it is overbroad, unduly burdensome, contains no temporal limitation, contains language that is vague and ambiguous, and goes beyond the general relevancy requirements of Fed. R. Civ. P. 26.

Letter to Mark S. Cheffo, Esq.
Subpoena Served Upon David Franklin
In re Shearer v. Pfizer Inc. and Warner-Lambert Co. LLC
C.A. No. 07-l1428 PBS (D. Mass.)
October 21, 2009
Page 5

Request No. 7: All unprivileged documents, records, correspondence, and other materials which the deponent received from or sent to Thomas M. Greene, or any of his experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

Objection: Dr. Franklin objects to this request because Defendants do not have the right to subpoena any documents from him, nor to make him appear at a deposition. Dr. Franklin further objects to this request because it calls for the production of information that is protected by the attorney-client privilege. Dr. Franklin further objects to this request to the extent that it is overbroad, unduly burdensome, contains no temporal limitation, contains language that is vague and ambiguous, and goes beyond the general relevancy requirements of Fed. R. Civ. P. 26. As drafted, this request covers any email Dr. Franklin has ever sent or received during his lifetime which relates to Neurontin, regardless of subject matter.

Request No. 8: All unprivileged documents, including any notes, memoranda, recordings, and other materials related to any conversation (whether in person, telephonic, or otherwise) with Thomas M. Greene, or any of his experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.

Objection: Dr. Franklin objects to this request because Defendants do not have the right to subpoena any documents from him, nor to make him appear at a deposition. Dr. Franklin further objects to this request because it calls for the production of information that is protected by the attorney-client privilege. Dr. Franklin further objects to this request to the extent that it is overbroad, unduly burdensome, contains no temporal limitation, contains language that is vague and ambiguous, and goes beyond the general relevancy requirements of Fed. R. Civ. P. 26. As drafted, this request covers any email Dr. Franklin has ever sent or received during his lifetime which relates to Neurontin, regardless of subject matter.

Thank you for your attention in this matter.

Very truly yours,

*Thomas M. Greene*

Thomas M. Greene

TMG

cc:   Andrew G. Finkelstein, Esq. (andrewfinkelstein@lawampm.com)
      Kenneth Fromson, Esq. (kennethfromson@lawampm.com)
      Steven Lim, Esq. (stevenlim@lawampm.com)