UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : MDL Docket No. 1629 <br> : <br> : <br> : Master File No. 04-10981 <br> : |
| THIS DOCUMENT RELATES TO: | : <br> : <br> : <br> : Judge Patti B. Saris |
| PRODUCTS LIABILITY ACTIONS | : <br> : <br> : <br> : Magistrate Judge Leo T. Sorokin |

**DEFENDANTS' OPPOSITION TO PRODUCT LIABILITY PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY AND EXHIBITS OF DR. ROBERT GIBBONS PURSUANT TO FED. R. EVID. 702 ET SEQ. AND *DAUBERT***

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), by counsel, respectfully submit this Opposition to Product Liability Plaintiffs' Motion to Exclude Testimony and Exhibits of Dr. Robert Gibbons Pursuant to Fed. R. Evid. 702 et seq. and *Daubert*.

**I.      PLAINTIFFS' MOTION IS PREMATURE IN LIGHT OF ADDITIONAL WORK DR. GIBBONS HAS DONE CONCERNING GABAPENTIN**

At the *Daubert* hearing held on July 21 and 23, 2009, the Court ruled that Dr. Gibbons could testify with respect to his analysis of the FDA Alert and meta-analysis and his study of 11 AEDs in a bi-polar cohort.  The Court expressed concerns, however, regarding the admissibility of Dr. Gibbons' gabapentin-specific study set forth in his March 19, 2009, Supplemental Expert Report.  More particularly, the Court questioned whether the absence of one particular person-time sensitivity analysis rendered the methodology of Dr. Gibbons' gabapentin study unreliable and inadmissible under *Daubert*.

Pfizer previously informed the Court and Plaintiffs' Counsel that it opposed consideration of a *Daubert* motion at this juncture with respect to Dr. Gibbons because, among other things, Dr. Gibbons' opinions involve issues of science that are not static.  (Parties' Joint Corr. to R. Alba dated 9/2/09)  Following the Court's direction that Plaintiffs file a cross-cutting *Daubert* motion in the pending product liability cases (R. Alba Corr. to Counsel dated 9/2/09), Pfizer's counsel informed the Court and Plaintiffs' counsel that:

> Pfizer will comply with Judge Saris' request with respect to a submission regarding Dr. Gibbons. Additionally, Dr. Gibbons has informed us that he has prepared a manuscript concerning the relationship between Gabapentin and suicide attempts as set forth in his report dated March 19, 2009.  We understand that he intends to submit the manuscript this month to a journal and that he has included at least one additional sensitivity analysis to the six sensitivity analyses he discussed at the Daubert hearing in July.  We will advise the Court and counsel as to when the Gabapentin manuscript is submitted and the results of the peer review process.

(C. Stevens Corr. to R. Alba and Plaintiffs' Counsel dated 9/10/09)

Since the *Bulger* case was dismissed, Dr. Gibbons has prepared a scientific manuscript regarding his gabapentin study and, at the end of September, submitted it to a widely respected journal for publication.  That manuscript is now in the peer review process.  As indicated in Pfizer's September 10 correspondence to the Court, Dr. Gibbons performed certain additional sensitivity analyses in connection with that research.  In that Dr. Gibbons has performed additional research, Pfizer respectfully suggests that a ruling on *Daubert* would be premature at this point.  The Court has set forth a schedule for the exchange of expert disclosures and *Daubert* motions in the *Shearer* matter.[1]  Pfizer respectfully suggests that the *Shearer* schedule be

---

[1] Under the July 29, 2009, Scheduling Order, Plaintiff's Expert Disclosures are due November 30, 2009, Pfizer's Expert Disclosures are due December 21, 2009, and motions for summary judgment and under *Daubert* must be made by February 2, 2010.

followed with respect to any further expert disclosure by Dr. Gibbons and any *Daubert* challenge to his opinions.

As the Ninth Circuit recognized in *Daubert* on remand, "a scientist's normal workplace is the lab or the field, not the courtroom or the lawyer's office."[2] Contrary to Plaintiffs' suggestion, science does not stop because this litigation is pending. Dr. Gibbons has dedicated a large part of his professional career to suicide research. And he has previously made clear to Plaintiffs' counsel that he intends to continue that research. The important research Dr. Gibbons is doing is precisely the kind of future investigation that the FDA has stated is necessary with regard to AEDs and suicidality. Unlike Plaintiffs' experts, Dr. Gibbons is actively engaged in ongoing scientific research in this area and he willingly subjects his opinions to the rigors of peer review. The notion that Dr. Gibbons' continuing work on suicide is somehow a "ploy" to thwart Plaintiffs or the Court (Pls. Mot. at 7) should not be dignified with a comment. Of course, if Dr. Gibbons failed to supplement his prior opinions after completing further research Plaintiffs' counsel would undoubtedly file a motion seeking sanctions citing Federal Rule of Civil Procedure 26(e)(2).

Finally, Plaintiffs' professed outrage regarding Dr. Gibbons' continuing work on gabapentin ring hollow in light of their recent Emergency Motion to Compel [2097] and Emergency Motion to Re-open Discovery. [2089] In granting in part Plaintiffs' Emergency Motion to allow further discovery of Pfizer, Judge Sorokin recognized that "the scientific understanding of Neurontin continues to develop." [2125] (Order of 10/14/09 at 3) This recognition is equally true, of course, to Dr. Gibbons' continuing research. Plaintiffs cannot argue for more and more document discovery and depositions of Pfizer while at the same time insisting that Dr. Gibbons, a world-renowned researcher, must somehow stop any research

---

[2]   *Daubert v. Merrell Dow Pharms.*, 43 F.3d 1311, 1317 (9th Cir. 1995).

regarding Neurontin.  If Plaintiffs can press for additional Pfizer depositions, they can hardly now be heard to complain that they are prejudiced by Dr. Gibbons supplementing his expert opinions.

Accordingly, Pfizer requests that the Court defer any *Daubert* ruling as to Dr. Gibbons' opinions based upon his study of over 131,000 patients taking gabapentin in the PHARMetrics claims database.

In the event the Court wishes to rule with respect to the admissibility of Dr. Gibbons' March 2009 Supplemental Report as it relates to his gabapentin analysis, for the reasons set forth in its prior filings in this case Pfizer respectfully maintains that Dr. Gibbons' gabapentin study is scientifically reliable and satisfies all of the requirements of Rule 702 and *Daubert*.  Even Plaintiffs' expert Dr. Greenland took no issue with the methodology used by Dr. Gibbons, but only his conclusions.  [Greenland Daubert Test. 7/21/09 at 66.1-12]

## II.    ADDITIONAL RECORD MATERIALS INCORPORATED BY REFERENCE

The Court instructed that the parties "should not re-brief the [Daubert] issue, but should simply give [Judge Saris] a binder with all the exhibits/transcripts it wants her to see, and a list of the briefs it wants her to review with their docket numbers."  Rather than follow the Court's clear instructions, Plaintiffs have filed two binders containing certain cherry-picked transcripts excerpts, exhibits, copies of the full transcripts separately excerpted, and copies of briefs.  Many of the briefs Plaintiffs submitted to the Court (Tabs 11-16) have nothing whatsoever to do with *Daubert,* but concern timeliness and other discovery issues this Court has previously ruled on and rejected, and said time and again it has no interest in re-opening.  None of those briefs should be considered.

In addition to the transcripts Plaintiffs previously provided to the Court, Defendants will provide the Court herewith with the following exhibits specifically pertaining to the prior Gibbons *Daubert* briefing and hearing.

Exhibits A-K to the Declaration of Mark Cheffo in Support of Defendants' Opposition to Plaintiff's Motion in Limine to Preclude the Testimony and Exhibits of Defendants' Expert Dr. Gibbons.

Pfizer also directs the Court to its Opposition brief already in the record with respect to Plaintiffs' prior *Daubert* challenge to Dr. Gibbons:

Pfizer's Opposition to Motion in Limine to Preclude the Testimony and Exhibits of Defense Expert Dr. Gibbons.  [1977]

Dated:  October 23, 2009

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:/s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

BOIES, SCHILLER & FLEXNER LLP

By:/s/ William S. Ohlemeyer
    William S. Ohlemeyer

333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

-and-

SHOOK, HARDY & BACON L.L.P.

By:/s/ Scott W. Sayler
    Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel:  (816) 474-6550

-and-

WHITE AND WILLIAMS LLP

By:/s/ David B. Chaffin
     David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 23, 2009.

/s/ David B. Chaffin
David B. Chaffin