UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br>*Shearer v. Pfizer Inc., et al.*<br>Case No. 1:07-cv-11428-PBS | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO QUASH SUBPOENA DUCES TECUM SERVED ON DAVID FRANKLIN**

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), by counsel, respectfully submit this Opposition to Plaintiff's Emergency Motion to Quash Subpoena Duces Tecum Served on David Franklin.

**STATEMENT OF FACTS**

There is nothing unusual or harassing about serving a subpoena for the testimony of a nonparty witness. Pfizer's Subpoena Duces Tecum to David Franklin was served for the same reason that subpoenas are routinely served every day in thousands of cases around the country: to prevent surprise at trial and to secure relevant evidence. In seeking Dr. Franklin's deposition, a fact witness identified by Plaintiff, Pfizer heeded the Court's prior instruction that all communications to Dr. Franklin, including service, be directed to his counsel. Although Dr. Franklin was deposed nine years ago in separate *qui tam* litigation concerning the marketing of Neurontin, he has never been deposed in these cases, which were filed years later and raise product liability issues that were not part of the *qui tam* case. Nonetheless, as Plaintiff's counsel has chosen to put Dr. Franklin and his off-label marketing allegations front and center at the trial of these individual cases, Defendants are entitled to establish through Dr. Franklin's testimony the irrelevance of his testimony to any issues in this case. It would be fundamentally unfair to

deprive Defendants of an opportunity to depose Dr. Franklin on issues that Plaintiff's counsel maintains are somehow critically relevant to Mrs. Shearer's claims.

As the Court will recall, Dr. Franklin was identified in *Bulger* at the eleventh-hour as the plaintiff's first trial witness. Because that case was voluntarily discontinued by the plaintiff on the second day of trial, Pfizer did not have an opportunity to cross-examine Dr. Franklin at that time. Plaintiff in this case has likewise disclosed Dr. Franklin as a fact witness with relevant knowledge, and Defendants anticipate that Dr. Franklin will also be named as a trial witness in this and future Neurontin cases.[1]

Dr. Franklin was deposed for four days in the Neurontin *qui tam* litigation back in 2000, long before this or any other individual product liability cases regarding Neurontin was filed by Plaintiff's counsel. Although Dr. Franklin was deposed in that litigation, he was never deposed in *these* Neurontin cases. While Dr. Franklin's counsel served objections to Pfizer's Subpoena, he has not moved to quash. Rather, it is Plaintiff who now argues that it is harassing, burdensome, and inconvenient for Dr. Franklin to submit to a pre-trial deposition. At the same time, Plaintiff recently filed separate Emergency Motions to Compel and to Re-Open Discovery seeking still more Pfizer documents and depositions.[2] As fully set forth below, Plaintiff lacks standing to quash the Franklin subpoena, and this motion should be denied in all respects.

---

[1] Defendants' objections to the admissibility of Dr. Franklin's testimony have been previously set forth before the Court and will not be repeated here. Defendants preserve all of their prior objections to the relevancy and admissibility of Dr. Franklin's testimony.

[2] In its Products Liability Cases Scheduling Order dated October 14, 2009, the Court ruled that Plaintiff was entitled to certain additional discovery from Pfizer, including a one day deposition of Dr. Christopher Wohlberg regarding presentations he gave to the FDA in 2008. That testimony, as the Court properly recognized, clearly is not case-specific discovery.

**ARGUMENT**

I.  **PLAINTIFF LACKS STANDING TO QUASH THE SUBPOENA SERVED ON NONPARTY DR. FRANKLIN**

As a threshold matter, Plaintiff has no standing to move to quash the Subpoena served on Dr. Franklin. As Plaintiff plainly acknowledges in her moving papers, a party only has standing to quash a nonparty subpoena in certain "unusual circumstances." (Pl.'s Memo. at 2) This is clearly not one of those unusual cases, and the cases cited by Plaintiff are entirely inapposite.

A party filing a motion to quash a subpoena pursuant to Fed. R. Civ. P. 45(c)(3) must first establish standing to bring such a challenge. *See* 9A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure: Civil*, § 2459, p. 435 (3d ed. 2008). As even Plaintiff recognizes, "[o]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Id. See also Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 253 n.17 (D. Me. 2008) (emphasis added) (citing 9A *Wright & Miller* § 2459); *Brown v. Baddick*, 595 F.2d 961, 967 (5th Cir. 1979) (movants did not have standing to challenge subpoena because "they [were] not in possession of the materials subpoenaed and have not alleged any personal right or privilege with respect to the materials subpoenaed").

Plaintiff does not even attempt to identify a "personal right or privilege" with respect to documents in the possession of Dr. Franklin. Nor could she. She has no relationship with Dr. Franklin whatsoever. The cases cited by the Plaintiff merely highlight her clear lack of standing to bring this motion. In *Arista Records,* for example, the court indicated, in dictum, that the anonymous plaintiffs had standing to challenge a subpoena issued to their university only because of a statutory right conferred by the Federal Educational and Privacy Rights Act, 20 U.S.C. § 1232g. 584 F. Supp. 2d at 253 n.17. In *New Park Entertainment L.L.C. v. Electric Factory Concerts, Inc.*, No. 98-775, 2000 U.S. Dist. LEXIS 531 (E.D. Pa. Jan. 13, 2000), the court found standing only because the challenging party asserted "some personal right in the requested documentation, i.e., that the documents contain confidential research, development and

commercial information." *Id.* at *14.  In *Alper v. United States,* 190 F.R.D. 281 (D. Mass. 2000), the court made a determination that the subpoena at issue actually sought "documents in the possession or control of the parties themselves" because the subpoenaed party was an expert witness retained by the defendant.  *Id.* at 283 (*citing Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996)).  Likewise, *Smith v. Transducer Tech., Inc.*, 2000 U.S. Dist. LEXIS 17217 (D.V.I. Nov. 16, 2000), dealt with an attempt to subpoena a party's expert witness.  None of these cases are remotely similar to the situation here, where Defendants are seeking discovery of Dr. Franklin, a fact witness, and where Plaintiff's personal rights and privilege cannot conceivably be implicated.  While Plaintiff cites a string of cases, she does not even attempt to satisfy the narrow exception set forth in those cases.  For this reason alone Plaintiff's motion must be dismissed in its entirety.

**II.     THE OTHER GROUNDS RAISED BY PLAINTIFF'S MOTION TO QUASH ARE SIMILARLY BASELESS**

Putting aside a threshold lack of standing to even bring this motion, Plaintiff's other arguments in support of her motion to quash are equally groundless.  Although Defendants have regularly conferred with Plaintiff's counsel in scheduling depositions throughout the course of this litigation, Plaintiff's counsel does not represent Dr. Franklin, and Defendants served Dr. Franklin's counsel as previously directed by the Court.  For the reasons stated above, Plaintiff cannot raise specific objections as the Subpoena is not even directed to her in the first instance.  And the idea that Plaintiffs' counsel is advancing a burdensomeness objection after bringing Dr. Franklin to testify live in *Bulger* on short notice is more than a little incredulous.  Nor can Plaintiff "piggy-back" on other objections raised by Dr. Franklin's counsel.[3]

---

[3]     The various General and Specific Objections raised by Dr. Franklin's counsel in his letter of October 21, 2009, are unfounded for many of the same reasons set forth herein.  To the extent Dr. Franklin's counsel raises objections pertaining to procedural issues such as scheduling and copying costs, counsel for the parties can certainly work out those relatively minor details without the need for judicial oversight or the intervention sought by Plaintiff's counsel.

Finally, Plaintiff's claim that Dr. Franklin will have no additional information to provide other than what he said at four days of deposition nine years ago is wrong. First, the issues in this products liability case are broader that what was implicated in the Neurontin *qui tam* litigation, and include not only promotion, but also efficacy, safety, alternative therapies, learned intermediary, and many other issues. Second, to the extent Plaintiff seeks to tie Dr. Franklin's promotion-related testimony to events occurring in this case, such as the actions of Mr. Shearer's prescribing physicians, Defendants never had any opportunity to cross-examine him on those issues in the *qui tam* litigation. Third, as shown in his *Bulger* testimony, Dr. Franklin can be expected to testify to events that happened long after his 2000 *qui tam* deposition testimony. Among other things, Defendants expect that Plaintiff's counsel will again seek to improperly introduce evidence at trial of the disputed events that purportedly transpired in Dr. Franklin's driveway during the *Bulger* trial. Defendants dispute Dr. Franklin's account (as well as its admissibility) and are entitled to question Dr. Franklin prior to trial about those events.

## CONCLUSION

Accordingly, for all the above reasons, Defendants respectfully request that Plaintiff's Motion to Quash be denied in all respects.

Dated: October 27, 2009

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

BOIES, SCHILLER & FLEXNER LLP

By: /s/ William S. Ohlemeyer
    William S. Ohlemeyer

333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

   -and-

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
    Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel:  (816) 474-6550

   -and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
    David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC

## **CERTIFICATE OF SERVICE**

       I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on October 27, 2009.

                                            /s/ David B. Chaffin_____
                                            David B. Chaffin