UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
In re: NEURONTIN MARKETING,
       SALES PRACTICES AND
       PRODUCTS LIABILITY LITIGATION
---------------------------------------------------------------x

THIS DOCUMENT RELATES TO:

*Shearer v. Pfizer, Inc.,* 1:07-cv-11428-PBS

---------------------------------------------------------------x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' EMERGENCY MOTION TO COMPEL
CONTINUATION OF PLAINTIFF'S DEPOSITION**

Plaintiff Linda B. Shearer opposes the emergency motion by Defendants Pfizer Inc. and Warner-Lambert Company LLC for an order to compel the continuation of Plaintiff's deposition.

Defendants argue that after Plaintiff's two-day deposition on February 25-26, 2008, Defendants engaged in more extensive discovery and obtained significant additional information relevant to this case that warrants a second deposition. Defs. Mem., pp. 1-2.

Defendants attach excerpts from Plaintiff's February 25, 2008 deposition concerning a suicide note left by Plaintiff's decedent, Hartley Shearer, that Plaintiff had read but could not find prior to her deposition. *See* Defs. Mem., Plaintiff's Dep. Excerpts, Defs. Ex. A; and Suicide Note, Defs. Ex. B. At her deposition, Plaintiff fully answered to the best of her recollection, questions concerning the short suicide note. Defendants admit that Plaintiff subsequently provided Defendants with a copy of the suicide note on or about February 23, 2009,[1] but fail to

---

[1] *See* February 23, 2009 Letter attaching copy of incident report from Massachusetts State Police, including a copy of the suicide note (remainder of attachment omitted), attached as Exhibit A to the Declaration of Andrew G. Finkelstein, Esq., submitted herewith.

explain why they waited until only two weeks before the October 30, 2009 deadline for completion of fact discovery to file a motion for a continuation of Plaintiff's deposition.

Notably, Defendants have not contended that Plaintiff improperly failed to provide all information and documents that Defendants had requested prior to the deposition. The best argument that Defendants could make was that: "Mrs. Shearer recalled the suicide note at her deposition, but it was not produced, even though she testified that she had been given a copy by the state trooper long before her deposition." Defs. Mem. at p. 2.

Defendants also fail to attach any further records or cite specifically to any information and documents that they acquired after Plaintiff's deposition on February 25-26, 2008, to support a continuation of Plaintiff's deposition.

Moreover, Defendants fail to acknowledge that substantial information and documents regarding this case had been provided to Defendants prior to Plaintiff's deposition on February 25-26, 2008.[2]

### DEFENDANTS HAVE FAILED TO SHOW GOOD CAUSE
### FOR EXTENDING PLAINTIFF'S DEPOSITION

The court in *Home Design Servs., Inc. v. W. Gargas Constr., Inc.*, 2009 U.S. Dist. LEXIS 95946 (N.D. Fla. Oct. 1, 2009), recently described the process under the Federal Rules of Civil Procedure for moving to continue a deposition:

---

[2] *See* December 5, 2007 Letter to Defendants' counsel, attaching Plaintiff's Responses to Defendants' First Set of Interrogatories, Plaintiff's Rule 26(a)(1) Disclosures, Plaintiff's Response to Defendants' First Request for Production of Documents and Things, and various documents, including 22 authorizations (attachments omitted except for authorizations), Finkelstein Decl., Ex. B; January 17, 2008 Letter attaching copy of records from Spaulding Rehabilitation Hospital (attachments omitted), Finkelstein Decl. Ex. C; January 24, 2008 Letter attaching copy of records from Brigham and Women's Hospital (attachments omitted), Finkelstein Decl. Ex. D; January 31, 2008 Letter attaching copy of records from North Adams Regional Hospital (attachments omitted), Finkelstein Decl. Ex. E; January 2008 Letter attaching copy of authorization for Spaulding Rehab Hospital, Finkelstein Decl., Ex. F; February 14, 2008 Letter attaching copy of records from North Adams Ambulance (attachments omitted), Finkelstein Decl. Ex. G; February 15, 2008 Letter attaching copy of records from Dr. Catapano-Friedman (attachments omitted), Finkelstein Decl., Ex. H.

>Additionally, Federal Rule of Civil Procedure 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."[3] Rule 30(d)(1) thus establishes the presumptive duration of a deposition and requires courts to order that a deposition exceed that length under certain circumstances. The Advisory Committee Notes state that "[t]he party seeking a court order to extend the examination . . . is expected to show good cause to justify such an order." Good cause for permitting an extension may include the failure to produce requested information. *See* Fed. R. Civ. P. 30(d) Advisory Committee's Note (2000 Amendment).

2009 U.S. Dist. LEXIS at *8-9; *see also Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) ("Pursuant to Rule 30(a)(2)(B), '[a] party must obtain leave of court . . . if . . . the person to be examined already has been deposed in the case . . . .'"); *Foreclosure Management Co. v. Asset Management Holdings, LLC*, 2008 U.S. Dist. LEXIS 75489 at *9 n. 16, 71 Fed. R. Serv. 3d 516 (D. Kan. Aug. 21, 2008) (court agreed with *Ameristar* decision and with other cases addressing this issue); *Morrison v. Stephenson*, 2008 U.S. Dist. LEXIS 6512 at *3-4 (S.D. Ohio Jan. 10, 2008) ("One of those circumstances [requiring involvement of the court], set forth in Rule 30(a)(2)(B), is when 'the person to be examined already has been deposed in the case . . . .'").

---

[3] "The factors in Rule 26(b)(2) that may be considered are:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)."

2009 U.S. Dist. LEXIS 95946 at *9-10 n.2.

Plaintiff in *Home Design Servs.* contended that Wagil Gargas, defendant's representative had been unprepared to testify at the first deposition and had not been familiar with the documents produced (and that defendants had failed to timely produce all requested documents), as provided by Fed. R. Civ. P. 30(d)(1), and further noted that Gargas recently located an additional document responsive to the request for production of documents. 2009 U.S. Dist. LEXIS at *7, *7 n.1. Defendants maintained, on the other hand, that Gargas was well prepared for the deposition and that plaintiff had been given all relevant documents in their possession. *Id.* at *7.

The court in *Home Design Servs.* held that plaintiff had not shown good cause for a second deposition. Gargas had testified at his deposition that he had provided plaintiff with all of the documents in his possession, and that with minor exceptions, defendants had timely produced all of the relevant documents in their possession sought by plaintiff. *Id.* at *10-11. The court further noted that based on its understanding of the liability issues at stake, and the relative unimportance of any inadvertently late-produced documents to resolving those issues, the further deposition of Gargas—and its associated inconvenience and expense—was not warranted at this time, *id.* at *11, and concluded that Gargas was adequately prepared to respond to the noticed topics at his deposition, although plaintiff did not identify the specific noticed topics as to which it contended Gargas was not adequately prepared to testify. *Id.* at *12.

A second deposition may, however, be granted under certain circumstances:

> The courts have dealt with a number of repetitive scenarios in applying these principles. Typically, if, after a witness is deposed, new information comes to light relating to the subject of that deposition, new parties are added to the case, new allegations are made in pleadings, or new documents are produced, the witness may be re-deposed with respect to these new developments. *See Keck v. Union Bank of Switz.*, 1997 U.S. Dist. LEXIS 10578, 1997 WL 411931 (S.D.N.Y. July 22, 1997). A re-deposition may also be ordered if the examining party was inhibited from conducting a full examination as a result of obstructive conduct at

4

the first deposition. *Id.* However, the Court may deny leave to conduct a second deposition of the witness even if relevant documents are produced subsequent to the deposition if the party taking the deposition either failed to request those documents in a timely fashion or chose to conduct the deposition prior to the completion of document discovery. *See Lowery v. Noble Drilling Corp.*, 1997 U.S. Dist. LEXIS 23553, 1997 WL 675328 (E.D. La. October 29, 1997).

*Morrison*, 2008 U.S. Dist. LEXIS 6512 at *4-5. But the court in *Morrison* denied defendants' request for a second deposition of the plaintiff, noting that defendants appear never to have requested a second deposition of plaintiff during the discovery period. *Id.* at *10. Here, Defendants made a motion to compel the continuation of Plaintiff's deposition during the discovery period, but filed the motion only two weeks before the end of the discovery period even though Defendants had been provided with a copy of Mr. Shearer's suicide note eight months earlier. *See also Maersk, Inc. v. Neewra, Inc.*, 2009 U.S. Dist. LEXIS 59743 at *7 (S.D.N.Y. March 6, 2009) ("Plaintiffs should have promptly presented the issue [regarding a proposed second deposition] to me in a joint letter, but they waited until . . . , the deadline for the completion of discovery.").

With regard to defendants' argument that they should be permitted to depose plaintiff about her two additional appointments with one of her health care providers, the *Morrison* court held that under the circumstances, and because there was no evidence that any new or additional medical conditions had developed since the date of plaintiff's first deposition, good cause did not exist to redepose her with respect to her medical condition. The action at bar concerns the death of Plaintiff's decedent, so new or additional medical conditions have developed since the date of Plaintiff's first deposition.

Finally, defendants argued that they were entitled to a second deposition in order to ask plaintiff questions about her new claims. But the court in *Morrison* held that the addition of these new claims did not provide a basis for ordering a second deposition of plaintiff. Plaintiff

5

Linda Shearer is a resident of Massachusetts who is expected to testify at trial, at which time Defendants can question Plaintiff as to whether she recalls anything more about the suicide note after reading it again.  In addition, Plaintiff has not made any new claims that warrant a further deposition.  Moreover, prior to Plaintiff's deposition, Defendants had been provided with substantial information and discovery so as to permit them to fully examine Plaintiff regarding her claims.  *See, e.g.*, *Melhorn v. New Jersey Transit R. Operations, Inc.*, 203 F.R.D. 176, 180 (E.D. Pa. 2001) (where defendant moved to compel a second deposition of plaintiff on the ground that it did not have an opportunity to fully explore plaintiff's disabilities and injuries, court found that defendant had failed to show good cause for conducting a second deposition of plaintiff); *Bozeman v. Port-O-Tech Corp.*, 2008 U.S. Dist. LEXIS 50736 (S.D. Fla. July 2, 2008) (court denied defendants' motion for leave to take a second deposition of defendants' former operations manager, noting that defendants had had ample opportunity to seek discovery on the issue, that defendants also had other means to obtain information regarding the issue, and that the burden or expense of the proposed discovery outweighed its likely benefit in this case); *Adams v. Sheldon*, 2008 .U.S. Dist. LEXIS 16128 (D. Del. Feb. 28, 2008) (court denied plaintiff leave to depose defendant a second time, and concluded that plaintiff's former attorney had adequate opportunity to depose defendant and that a second deposition of defendant would be duplicative).

## CONCLUSION

After having already deposed Plaintiff for two days, Defendants have failed to carry their burden of showing good cause for taking a second deposition of Plaintiff.  Defendants' motion should be denied.

Dated:  October 28, 2009                                            Respectfully submitted,


By:    **/s/ W. Mark Lanier**
W. Mark Lanier, Esquire
THE LANIER LAW FIRM, P.L.L.C.
126 East 56th Street, 6th Floor
New York, NY  10022


By:    **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
1279 Route 300, P.O. Box 1111
Newburgh, NY  12551

*Attorneys for Plaintiff Linda B. Shearer*

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on October 28, 2009.

Dated:  October 28, 2009

**/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire