UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:  NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THIS DOCUMENT RELATES TO:

*Huberman v. Pfizer Inc, et al.*
Case No. 1:07-cv-11336-PBS

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE FOR TRIAL WITH THE ACTION OF *SHEARER v. PFIZER*

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), by counsel, respectfully submit this Opposition to Plaintiff's Motion to Consolidate for Trial with the Action of *Shearer v. Pfizer, et al*.

### STATEMENT OF FACTS

In his motion to consolidate this case with the *Shearer* case for trial, Plaintiff underscores the many reasons why the two should not be so joined. Initially, it would be impossible to consolidate the *Shearer* case with the *Huberman* case without substantially delaying the trial in *Shearer*. In the *Shearer* case, set for trial on March 23, 2009 – less than five months away – the timeframe for fact discovery is now closed, and the parties are moving to expert discovery and motion practice. In the *Huberman* case, however, the parties have yet to begin fact discovery outside of the initial core discovery completed in each of the Track One cases. Though Plaintiff attempts to paint discovery in this case as "substantially completed," (Mot. at ¶ 15), Plaintiff himself admits that he has not yet served Pfizer with responses to written discovery. (*Id*. at ¶ 8). Plaintiff also fails to address Magistrate Judge Sorokin's recent order that counsel in this case, and in the *Dorsey* case, "submit proposed schedules ***to complete discovery*** in these cases, equivalent to the schedule governing the *Shearer* case . . . with the schedules ***to commence*** no later than November 15, 2009." [D.E. 2125] (emphasis added). A discovery schedule for this

case, similar to the timeframe applied to the *Shearer* case, results in being trial-ready by mid-June – long after the trial date of March 23, 2009, in *Shearer*.

In addition to the delay to the *Shearer* trial which would result from a consolidation, Plaintiff's motion should be denied due to the fact that a consolidated trial would be inefficient, confusing to the jury, and unduly prejudicial to Pfizer.  Due to the vast differences in the underlying facts of each plaintiff's case, any theoretical efficiencies gained by presentation of certain non-case-specific witnesses would quickly be outnumbered by the numerous and differing case-specific witnesses and evidence.  This overwhelming and confusing presentation of the evidence relevant to two cases, at once, to a jury would no doubt lead to jury confusion and unfair prejudice to Pfizer.  Consolidation of the *Huberman* and *Shearer* cases, therefore, is inappropriate.

## ARGUMENT

**I.     CONSOLIDATION WOULD DELAY THE *SHEARER* TRIAL**

As noted above, consolidation of the *Huberman* and *Shearer* cases would result in substantial delay to the trial in *Shearer*.  Magistrate Judge Sorokin has even recognized that discovery in this case is incomplete through his October 14, 2009, Order regarding the submission of proposed schedules ***to complete discovery*** in this case. [D.E. 2125].  Because the initial Track One discovery was limited to plaintiffs, prescribers, and sales representatives, the parties in *Huberman* have not yet begun the time-consuming task of collecting a ***full*** set of medical records or locating, contacting, and deposing other treating physicians.  Nor have any additional fact witnesses (e.g., law enforcement personnel, co-workers, neighbors, friends, family, etc.) been deposed.  In contrast, this process is now essentially complete in *Shearer*.[1]  While Plaintiff contends that records collection is complete, that is simply not the case.

---

[1]  As of the date of this filing, the *Shearer* parties have yet to complete certain depositions that were unable to be scheduled prior to the close of fact discovery on October 30, 2009.

2

Additional treating physicians and providers have been identified and will continue being identified and their records need to be collected. Further, additional work remains to be done to identify, locate, and depose fact witnesses (including treating physicians, family, and friends) with knowledge or information relevant to Pfizer's defense of this case. Plaintiff himself admits that he has not yet served Pfizer with responses to written discovery – which will inevitably contain additional information that Pfizer will then need to explore through fact discovery and depositions. (Mot. at ¶ 8).

As many Courts have recognized, cases at different stages of litigation should not be consolidated. *See Gilliam v. Fid. Mgmt. & Research Co.*, No. 04-cv-11600, 2005 U.S. Dist. LEXIS 10478, at *10-11 (D. Mass. May 3, 2005) (noting that consolidation is inappropriate where, *inter alia*, "[d]iscovery is ready to proceed" for one set of cases but not another); *Willard v. Town of Lunenburg*, 202 F.R.D. 57, 59 (D. Mass. 2001) (denying consolidation in part based on the need for additional discovery regarding new plaintiff); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 834 F. Supp. 477, 487-88 (D. Mass. 1992) (denying consolidation where, *inter alia*, it would require reopening discovery in one of the cases); *see also Peter Condakes Co. v. Sandler Bros.*, No. 09-cv-168, 2009 U.S. Dist. LEXIS 66762, at *3 (D. Me. July 29, 2009) (finding consolidation of two cases for trial to be inappropriate where "the discovery process [had] proceeded further" in one case compared to the other); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989) (affirming denial of consolidation where the parties were at "different stages of preparedness for trial"); *St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n,* 712 F.2d 978, 990 (5th Cir. 1983) (upholding denial of consolidation where one case was "ready for trial, while the other cases were still in the discovery stages"); *Bruno v. Borough of Seaside Park,* No. 04-cv-5084, 2006 WL 2355489, at *2 (D.N.J. Aug. 14, 2006) (denying consolidation because the "cases are at much different stages of litigation," which would cause "unnecessary delays and costs"); *Long v. Dickson*, No. 06-cv-4012, 2006 WL 1896258, at *1 (D. Kan. June 29, 2006) (denying consolidation because "the two actions [were] at such widely separate stages of preparation").

This Court should not allow the *Shearer* case to be delayed from its March 23, 2009, trial date, and thus consolidation is inappropriate and impracticable – particularly since the plaintiff in *Shearer* will reportedly only consent to consolidation if the *Shearer* trial is not delayed. (Mot. at ¶ 10).

## II. CONSOLIDATION WOULD RESULT IN AN INEFFICIENT, CONFUSING, AND UNFAIRLY PREJUDICIAL TRIAL

Consolidation for trial under Federal Rule of Civil Procedure 42 is inappropriate when individual issues predominate over common ones. *See, e.g.*, *Gilliam*, 2005 U.S. Dist. LEXIS 10478, at *14 (denying consolidation because, *inter alia*, "factual allegations" in the different actions "differ[ed] to a meaningful degree"); *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985) ("When cases involve some common issues but individual issues predominate, consolidation should be denied."); *Or. Natural Desert Ass'n v. Shuford*, No. 06-cv-242, 2006 U.S. Dist. LEXIS 64452, at *32 (D. Or. Sept. 8, 2006) ("Unless common evidence predominates, consolidation may lead to confusion while failing to improve efficiency."); *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) ("Even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate."); *Henderson v. Nat'l R.R. Passenger Corp.*, 118 F.R.D. 440, 441 (N.D. Ill. 1987) (denying motion to consolidate where "[a]lthough certain common issues of fact may exist in both actions, the variety of individual issues predominate"). "[A] party moving for consolidation must show that consolidation would promote trial convenience and economy in administration due to factors other than a mere commonality of legal and factual issues." *Fleishman v. Prudential-Bache Sec., Inc.*, 103 F.R.D. 623, 624-25 (E.D. Wis. 1984).

Plaintiff has failed to meet his burden. He asserts that consolidation would result in judicial economy, but provides little support for this assertion. In fact, consolidation for trial would not result in substantial savings of time because individual issues predominate in the *Shearer* and *Huberman* cases. *See Hasman*, 106 F.R.D. at 460 (holding that judicial efficiency would not be served by consolidation of three personal injury cases arising out of use of the same

4

medical device, because "the unique details of each case would still need to be presented to the jury," thus making trial "confusing, unmanageable, and perhaps inequitable"); *Data Gen. Corp.*, 834 F. Supp. at 488 (noting that consolidation would be improper because it would "add[] issues to an already complex case"); *Town of Norfolk v. EPA,* 134 F.R.D. 20, 21 (D. Mass. 1991) ("To add two more parties and another complex set of issues would simply clutter an ongoing proceeding . . ."). Both cases will rest on their own individualized facts, presented to the jury through dozens of case-specific witnesses and hundreds of pages of medical records and other case-specific materials. Both cases are different, each involving a unique medical and social history, different injuries, different indications for the Neurontin prescription, different dates of initial prescription (hence, different applicable labeling) and durations of usage, and different prescribing doctors and treating doctors. For example, Mr. Huberman claims that he was prescribed Neurontin in 1998 for a diagnosis of bipolar disorder, and that he ingested Neurontin for three months. (Mot. at ¶¶ 2-3). In contrast, Mr. Shearer was allegedly prescribed Neurontin in 2000 for pain, and allegedly ingested it for over two years.

In order to recover, each plaintiff must prove specific causation, i.e., that his/her injury was caused by Neurontin. As an initial matter, it is important to note that the alleged injuries themselves in these two cases are completely different. In *Shearer*, the decedent committed suicide, allegedly as a result of ingestion of Neurontin. In *Huberman*, however, Plaintiff alleges a series of substantially different symptoms that will need to be explored at trial. Further, in the *Shearer* and *Huberman* cases, the medical and social histories of each plaintiff or decedent are extensive, and quite different. For instance, in *Shearer*, the decedent had a stroke in 1999, and was subsequently treated by numerous different physicians and other healthcare providers in his recovery, until his ultimate suicide in 2002. Pfizer estimates that there will be multiple witnesses at trial, ranging from prescribing physicians, treating physicians, psychiatrists, police and medical personnel, family members, friends, and others who will help explain the circumstances surrounding Mr. Shearer's stroke, and later, his suicide. Mr. Huberman, on the other hand, alleges that he experienced various adverse events after taking Neurontin, and Pfizer will need to

5

explore these claims, along with his mental and physical health both in the years before, as well as in the 10 years after these alleged incidents in 1998, at trial – resulting in a separate series of witnesses with testimony and themes wholly unrelated to that in the *Shearer* case.

Given the sheer number of fact-specific witnesses involved in each case, it cannot be considered efficient to consolidate these cases for trial. Likewise, the case-specific expert testimony (and likely the experts themselves) will vary greatly among these two cases. Jurors would then have the burdensome task of sifting through this voluminous and sometimes contradictory testimony to render separate verdicts for each plaintiff. In addition to proving specific causation, each plaintiff will also have to establish proximate cause, i.e., that their prescribing physician would not have prescribed Neurontin if given a different warning. This, too, is a highly case-specific inquiry. Each plaintiff was prescribed Neurontin by different physicians under different circumstances. Different doctors rely on different sources of information when prescribing medication. These differences significantly impact each plaintiff's failure-to-warn claims, and learned intermediary and other defenses. Given the foregoing, a consolidated trial would require that the jury hear complicated and conflicting testimony regarding the complicated medical histories of two different plaintiffs from dozens of prescribing physicians, treating physicians, and other fact witnesses.

Moreover, consolidation of more than one case would prejudice Pfizer. *See Seguro De Servicio De Salud De Puerto Rico v. McAuto Sys. Page 3 Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (finding that consolidation should not be permitted in the face of "demonstrable prejudice" to any party); *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 464-65 (S.D.N.Y. 1977) ("[C]onsolidation should not be ordered if it would prejudice defendant, for consideration of convenience and economy must yield to the interests of justice in a fair and impartial trial."). Juror confusion is a real and likely danger if evidence of the specific facts pertaining to the prescription of Neurontin for Mr. Shearer, his alleged use of Neurontin, and his alleged injuries are considered together with evidence of Mr. Huberman's use of Neurontin and his alleged injuries. In other words, the same jurors determining whether Neurontin caused Mr. Shearer's

injuries and/or was the proximate cause of his death would also be presented with considerable evidence completely irrelevant to those issues. Exposure to such evidence (which will include case-specific expert testimony and exhibits) would serve only to confuse the jury. Juror confusion, in turn, would be prejudicial to Pfizer. To properly defend against Mrs. Shearer's claim that her husband's suicide was caused by Neurontin, Pfizer's alternative cause evidence (such as pre-existing medical conditions, a complicated psychiatric and social history, etc.) must be given fair and full consideration by the jury. This is more difficult when trial is lengthened and jurors must sift through exhibits and testimony highly relevant to one case, but completely irrelevant to the other.

Pfizer will also be prejudiced by the presence of another plaintiff – Mr. Huberman – who will allege that Neurontin caused his alleged injuries, and the presentation of evidence regarding those injuries and alleged damages. Knowledge that another plaintiff has brought a lawsuit alleging that Neurontin caused injury may improperly suggest to jurors in and of itself that Neurontin injured these plaintiffs and that Pfizer is somehow at fault. As recognized in *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 790 (N.D. Ga. 1994), where there are multiple plaintiffs in a single trial, there is "tremendous danger that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus, prejudicing defendant with respect to the other plaintiffs' claims."

Jurors will also be improperly influenced by evidence pertaining to a separate case with evidence that is wholly irrelevant to the other case. It is almost certain that evidence deemed admissible in one case would be inadmissible in another. *See Baker v. Waterman S.S. Corp.*, 11 F.R.D. 440, 440-41 (S.D.N.Y. 1951) (denying motion to consolidate despite common questions of law and fact because there was a chance that the jury might be influenced, even subconsciously, by the more serious injuries to one of the plaintiffs after hearing testimony regarding his pain and suffering); *see also Hasman*, 106 F.R.D. at 461 (denying consolidation of three products liability actions against the same medical device manufacturer by plaintiffs alleging the same injury because consideration of plaintiffs' unique medical and social histories

7

and the different warnings provided to their respective doctors in one trial might result in a verdict that was the product of cumulative confusion and prejudice). This analysis is especially relevant here, given that one of the cases involves allegations related to the death of Mr. Shearer. The testimony of family members regarding the loss of the decedent in the *Shearer* case may improperly influence the way jurors decide the *Huberman* case.

Lastly, Plaintiff's cases – and arguments in support of consolidation – fail to advance his cause. *Howard Gunty Profit Sharing Plan v. Carematrix Corp.*, 354 F. Supp. 2d 18, 22 (D. Mass. 2000), which is the only case Plaintiff cites from the First Circuit, was a shareholder derivative action, where all parties consented to consolidation – which is clearly not the situation here. In *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990), the Second Circuit upheld the trial court's consolidation of two plaintiffs' claims against an asbestos manufacturers after applying a seven-factor test that was specifically tailored for asbestos cases – and does not support consolidation here, regardless, given the factual differences between the two cases. If relevant at all, the holding in *Johnson* underscores why Plaintiff's case should not be consolidated due to the many factual differences between the plaintiffs in each case. Finally, Mr. Huberman's motion discusses several factors that are wholly irrelevant to consolidation. He states that his attorney has more limited resources, that he will not call many witnesses, and predicts that his case will not enhance the possibility of a global settlement – none of which bear on this Court's analysis of the propriety or practicability of consolidation or mitigate the prejudice resulting to Pfizer.

## **CONCLUSION**

Accordingly, for all the above reasons, Pfizer respectfully requests that Plaintiff's Motion to Consolidate for Trial with the Action of *Shearer v. Pfizer, et al.*, be denied in all respects.

Dated:  November 2, 2009

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
 Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

-and-

SHOOK, HARDY & BACON L.L.P.

By: /s/ Scott W. Sayler
 Scott W. Sayler

2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel:  (816) 474-6550

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
 David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on November 2, 2009.

/s/ David B. Chaffin
David B. Chaffin