# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------------- X
: MDL Docket No. 1629
In re: NEURONTIN MARKETING AND :
SALES PRACTICES LITIGATION. : Master File No. 04-10981PBS.
:
_____ X Judge Patti B. Saris.
:
THIS DOCUMENT RELATES TO: : Magistrate Judge Leo T.
: Sorokin.
ALLAN M. HUBERMAN vs. PFIZER, INC. and :
PARKE-DAVIS, DIVISION OF WARNER-LAMBERT : Individual Case No.
COMPANY, : 07CA11336PBS.
No. 07-CA-11336-PBS. :
----------------------------------------------------------------- X

PLAINTIFF'S RESPONSE TO THE DEFENDANTS'
OPPOSITION TO MOTION TO CONSOLIDATE.

The Defendants' Opposition essentially involves two contentions; that the actions that they have inadequate time to conduct discovery and that trial of this action with the Shearer action will be inefficient and potentially confusing to jurors.

To evaluate these objections, it is best to begin by reviewing the circumstances concerning the Plaintiff's filing of his Complaint, and the allegations of his Complaint, which sets forth, in paragraphs 57-66, his allegations concerning his use of gabapentin [neurontin]. The Plaintiff ['Allan Huberman'] filed his Complaint in June, 2007, in Middlesex Superior Court, Allan M. Huberman, Plaintiff vs. Pfizer, Inc. and Parke-Davis,   Division of Warner-Lambert Company, Defendants;   Middlesex Superior Court Civil Action No. 2007-02338-C. The Defendants removed the case to this Court, to become part of the Multi-District Filing. One of the results of the Defendants' doing so is that the Plaintiff's case, in order for the cases to be administered efficiently, has been coordinated with other Plaintiffs' case.

Allan Huberman's averments in his Complaint is that, as of March, 1998, he had been diagnosed with bi-polar disorcer, that his physician, Christine Demopolous, M.D., prescribed him to take gabapentin [neurontin], and that he did so for the following three months. Allan Huberman alleges that Dr. Demopolous did not know that gabapentin [neurontin] should not be prescribed to individuals who suffer from bi-polar disorder. In paragraphs 57-62, he describes his experiences during the three months he was taking gabapentin [neurontin], including confusion, lethargy, and inability to concentrate at work. These complaints are set forth in his medical records during, and in the months following, this three month period. Allan Huberman ceased taking gabapentin [neurontin] after these three months.

In Count iii, setting forth a cause of action pursuant to M.G.L.c. 93A, Allan Huberman states that on April 6, 2007, his counsel forwarded a Demand letter, which included his medical records. The Defendants did not serve a response. [Complaint, paragraphs 75-81).

After the Defendants removed this action to this Court, the Defendants prepared this action on the basis that it could be the first, or one of the first, actions to be tried. The Defendants summonsed and obtained Allan Huberman's medical records, even though Allan Huberman's counsel had already produced same. Although a party generally does not depose the other party until all interrogatory answers and other discovery has been produced, the Defendants deposed Allan Huberman for two days. In fact, at the conclusion of the second day, May 31, 2008, defense counsel asked Allan Huberman if there was anything he had to add, and Allan Huberman said he did not, and that defense counsel had been very thorough. [See Exhibit A hereto].

With this background in mind, the Defendants' position that it 'has not commenced discovery outside of the initial core discovery' [See Statement of Facts, page one of the Opposition] is totally unfounded. The deposition of a party for two days is not 'core discovery.' While the Defendants are free to conduct any additional discovery for the next three months, within reason, they have obtained, pursuant to their own

2

summons, all of the medical records they felt were necessary to depose Allan Huberman on two different dates, did depose him on two different dates, and have chosen to do no further discovery since March 31, 2008. Furthermore, given the parameters of the Plaintiff's three month use of gabapentin [neurontin], the Defendants have already conducted all of the discovery which one would consider reasonable. Most telling the Defendants only give the most vague references to the discovery they consider necessary; one is concerned if the discovery will be more onerous than necessary.

As far as the contention that the consolidation of the instant case with Shearer would be confusing; Allan Huberman has set forth the most basic, straightforward, gabapentin [neurontin] claim as one can imagine, The alleged period of use and damages are well below the more serious cases. The proof of the defectiveness of the gabapentin [neurontin] product would be the same as in Shearer; this is the essential reason Allan Huberman is requesting consolidation. The defense would also be essentially identical. The Defendants nevertheless object, stating that the plaintiff must prove 'specific causation.' [objection, page 5]. If this were a bar to consolidation, no products liability cases would ever be consolidated.

In summary, the reasons the Defendants' objections are;

1   The consolidation would permit this action to have the benefit of the evidence of the defectiveness of gabapentin [neurontin] set forth in the Shearer case, the cost of setting forth same is beyond the scope of the Huberman action, and which would be impossible for Allan Huberman to advance unless the actions were consolidated; and

2   The jurors would hear Allan Huberman's testimony of his painful experience from the use of gabapentin [neurontin].

For these reasons, Allan Huberman requests that his action be consolidated for trial with the Shearer action.

Date: November 4, 2009.

/s/ Paul S. Hughes
Attorney for Plaintiff
Paul S. Hughes, Esq.
B.B.O. No. 243780
2120 Commonwealth Avenue,
Ste. 200
Newton, Massachusetts 02466
(617) 244-5620.

CERTIFICATE OF SERVICE.

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management No. 3 on November 4, 2009.

/s. Paul S. Hughes.