UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------x
                                                       :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                           :
        SALES PRACTICES AND                            :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                  :
                                                       :   Judge Patti B. Saris
-------------------------------------------------------x
                                                       :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                              :
                                                       :
        PRODUCTS LIABILITY ACTIONS                     :
                                                       :
-------------------------------------------------------x
```

**JOINT PROPOSAL FOR COMPLETION OF INITIAL FACT DISCOVERY**

Pursuant to Magistrate Judge Leo T. Sorokin's October 14, 2009 Order, ECF Doc. # 2125, the Products Liability Plaintiffs' Steering Committee (PLPSC) and Defendants submit the following joint proposal for completion of initial fact discovery in the non-Massachusetts Products Liability cases.

**BACKGROUND**

On July 24, 2009, the Court set forth an intention to complete initial fact discovery in individual cases before remand to transferor courts.

> The Court will retain these cases solely to coordinate the standard or common fact discovery that will occur in each of these cases – the depositions of the plaintiff, the prescribing physician and applicable sales representatives.  Thereafter, the Court will remand these cases, and any further fact or expert discovery, as well as any case specific summary judgment motions, will proceed subject to the Orders of the Court in which the case was filed.

ECF Doc. # 2045.  Thereafter, the parties submitted a joint proposal on September 4, 2009, ECF Doc. # 2079, in which there were identified approximately 130 individual cases for which initial fact discovery would be completed by September 14, 2010.  This number did not include cases

from the Boone and Schwartz law firms but did include cases from other law firms and individual *pro se* litigants as well as the Finkelstein & Partners cases.

At a hearing/conference on October 5, 2009, Plaintiffs' counsel from various firms (including the Boone and Schwartz firms) appeared and confirmed that their inventory of cases should be included within this purported wave of individual discovery to be completed by September 14, 2010.  Understanding that the Boone and Schwartz firms alone had approximately 400 cases that would be added to the discovery at hand, defense counsel Mark S. Cheffo, Esq., raised the possibility of adding these cases from other firms to the discovery stage at hand, so long as the total caseload remained no higher than approximately 130 cases.

Subsequent to this conference, the Court issued its order of October 14, 2009. The Court's Order discussed the completion of initial fact discovery as follows:

> **Non-Massachusetts Products Cases**
>
> These cases (other than the Boone and Schwartz cases) are proceeding with core discovery (depositions of prescribing physicians, sales representatives and plaintiff or plaintiff's representative) to conclude by September, 2010.  There are approximately 135 cases asserting claims on behalf of the same number of plaintiffs in this group.
>
> Regarding the Boone and Schwartz cases in which claims are asserted on behalf of  approximately 450 to 500 plaintiffs, counsel for the parties shall confer regarding how to complete core discovery in these cases.  The parties shall submit their joint or competing proposals by November 2, 2009.

As a result of the October 5, 2009 conference, as well as this Court's Order, ECF Doc. # 2125, the PLPSC communicated with all *pro se* plaintiffs and  plaintiffs' counsel and indicated a proposal to place into the approximately 135 case inventory a certain number of Boone and Schwartz cases, along with other cases from *pro se* plaintiffs and plaintiff firms who had expressed the importance of having their cases move forward with discovery.  The PLPSC requested that the cases be limited to claims involving suicidality (as opposed to other unrelated

claims, such as weight gain). The PLPSC received communications from both *pro se* plaintiffs and plaintiffs' counsel with cases they want to include in this discovery phase. These cases comprise the current proposal as set forth below, and the proposed cases are listed at Exhibit A, attached hereto. The Schwartz firm and Defendants have conferred and reached an agreement that 10 cases from the entire Schwartz firm inventory would be selected at random to be included in this wave of discovery.[1]

## PRODUCTS LIABILITY PLAINTIFFS' PROPOSAL

The PLPSC proposes that the cases to be included in this phase of discovery allege suicidality (as opposed to alleging weight gain, lack of efficacy, or other injuries without a concurrent claim of suicidality). Second, the caseload should account for cases from counsel with the highest inventory. For example, Finkelstein & Partners, LLP has approximately 73 cases (excluding the Track 1 cases). The Boone and Schwartz firms together have between 450-500 cases. Thus, their caseload reflects the larger proportionate share of the proposed cases. Consistent with this Court's previous position that conducting discovery of the Finkelstein cases will enhance the potential for resolution as well as the management of the litigation, *see* ECF Doc. # 2045, the PLPSC has included all of Finkelstein's 73 cases in this phase of discovery. With respect to the Boone and Schwartz cases, those firms have proposed a total of 25 cases. As referenced above, only the Schwartz firm has agreed in principle to a random selection of its cases for selection.

Next, while there are several *pro se* plaintiffs and counsel who might not have the same "stake" in the litigation, or the resources to effectively or efficiently pursue discovery at this time, there are indeed law firms and *pro se* plaintiffs who have advised the PLPSC — or who

---

[1] Noteworthy, the PLPSC does not agree that a random selection should be utilized and has historically maintained that Plaintiffs should select case(s) subject to appropriate objections for good cause by Defendants.

appeared at the Court's conference on October 5, 2009 — of their intentions to move forward with their cases at this time.  The PLPSC has conferred with these individuals and their cases are therefore included in Plaintiffs' proposed case-list at Exhibit A.  Consequently, the total number of cases proposed is 110.

### **DEFENDANTS' PROPOSAL**

Defendants agree with the PLPSC's proposal as stated above, except that Defendants believe that cases from the Boone and Schwartz firms, as well as any other firms that have selected fewer than a complete inventory of their cases, should be selected at random, and not unilaterally by Plaintiffs.  As noted above, the Schwartz firm has agreed to a random selection of its cases, and Defendants request that this Court order a random selection of the Boone cases as well.


Dated:  November 6, 2009                            Respectfully submitted,

                                                                       *Members of Products Liability*
                                                                       *Plaintiffs' Steering Committee*


                                                            By:     **/s/ Andrew G. Finkelstein**
                                                                       Andrew G. Finkelstein, Esquire
                                                                       Finkelstein & Partners, LLP
                                                                       1279 Route 300, P.O. Box 1111
                                                                       Newburgh, NY  12551


                                                            By:     **/s/ Jack W. London**
                                                                       Jack W. London, Esquire
                                                                       Law Offices of Jack W. London
                                                                          & Associates
                                                                       3701 Bee Cave Rd., Suite 200
                                                                       Austin, TX  78746

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

By: /s/ **Mark S. Cheffo**
Mark S. Cheffo
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Tel: (212) 735-3000

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on November 6, 2009.

 /s/ **Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire

5