UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>PRODUCTS LIABILITY ACTIONS | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR CLARIFICATION OF COURT'S OCTOBER 12, 2009 ORDER**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") submit this memorandum in support of their Motion for Clarification of the Court's October 12, 2009 Order concerning certain discovery matters.

**PRELIMINARY STATEMENT**

On September 14, 2009, Plaintiffs made a motion seeking to re-open generic discovery in this MDL on a breathtaking scope. [2090] Plaintiffs made such motion even though they had previously represented to the Court on several occasions that generic discovery was complete.[1]

On October 14, 2009, this Court entered an order [2125] granting in part and denying in part Plaintiffs' motion to re-open discovery. The Court made clear that "[a]s a general matter, the Court is not reopening discovery." ([2125] at 3.) And the Court denied Plaintiffs' request to reopen and revise the cutoff date for discovery to the latest date of sustained injury by a plaintiff. (*Id.*) The Court granted limited discovery, requiring Defendants to produce, within 45 days, documents regarding the efficacy or side effects of Neurontin not previously produced and documents regarding the FDA label change. (*Id.*) Given the short time frame provided by the

---

[1] *See* Pls.' Mem. in Support of Emergency Request for Issuance of Suggestion of Remand [2075] at 4; Joint Status Report on Products Liability Actions, dated June 12, 2009 [1832] at 5, 7.

Court's order, counsel for Defendants advised Plaintiffs' counsel that it would produce recent and post-production portions of the Neurontin Investigational New Drug Application(s) ("IND") and New Drug Application(s) ("NDA"), which will include correspondence with the FDA, Summaries of Clinical Safety, Annual Reports, and Investigator Brochures. Defendants are also producing responsive documents from the files of Christopher Wohlberg, the Pfizer medical team leader who made a presentation to the FDA Advisory Committee in July 2008. Defendants believe that their approach is reasonable, well supported and consistent with this Court's order. However, in light of the Plaintiffs' opposing view, Defendants make this motion seeking clarification in advance of the date when their production is due regarding the category of documents described by the Court as "documents regarding the efficacy or side effects of Neurontin."

## ARGUMENT

**I.  Production of Safety and Efficacy Documents Should Be Limited To Discrete Categories of Documents that Can Be Produced within 45 Days of the Court's Order**

In directing Pfizer to supplement its document production as to safety and efficacy documents within 45 days, the Court clearly contemplated a supplemental production that could be completed within the time provided. A supplemental production that required a sweeping search of numerous files containing thousands of electronic, as well as paper documents, would be inconsistent both with the 45-day time frame, as well as the Court's statement that, as a general matter, it was not reopening discovery.

Nonetheless, Plaintiffs articulated, during a meet and confer held on October 19, 2009, myriad types and categories of document they seek to discover, including correspondence with the FDA; certain risk management meeting minutes; regulatory files including Summaries of Clinical Safety, Periodic Safety Update Reports ("PSURs"), Annual Reports, Investigator Brochures, FDA correspondence logs; and numerous electronic custodial files, including the files of Lloyd Knapp, certain regulatory personnel, people responsible for coordinating with the

outside experts and those responsible for performing analyses for the briefing documents provided to the FDA for the July 2008 Advisory Committee Hearing. In further discussion regarding this issue on November 19, Plaintiffs' counsel indicated that they envisioned searches of approximately 10 custodial files in addition to what Pfizer was agreeing to produce.

Requiring Pfizer to search numerous custodial files for any electronic or paper document that might be contain any statement that could be construed to be a reference to the safety or efficacy of Neurontin would be an extremely time consuming and expensive task. Even assuming that it required the search of an additional 10 custodial files, it would involve the collection and review of approximately 1.3 million pages of documents, cost approximately $850,000 and take approximately 2750 hours. (Ekwensi Declaration ¶¶ 3-5.) These estimates reflect only the initial collection and review of documents. They do not reflect the additional time and expense associated with a review by Defendants' attorneys for privilege and confidentiality. Nor does the estimate reflect lost productivity and other business costs. (*Id.* ¶ 6.) The Court's imposition of an extremely short timeframe of only forty-five days to produce documents suggests that the Court did not intend to open the door to expansive, turn the company upside down type, discovery.

Pfizer has agreed to make available to Plaintiffs the recent and post-production portions of the Neurontin Investigational New Drug Application(s) ("IND") and New Drug Application(s) ("NDA"). These portions of the IND and NDA will satisfy Plaintiffs' requests for various regulatory files. For example, the IND and NDA files will include correspondence with the FDA, Summaries of Clinical Safety, Annual Reports, and Investigator Brochures. Given that the focus of the IND and NDA is information regarding the safety and efficacy of Neurontin, the information most relevant to Neurontin's efficacy, side effects, and the recent 2009 label change will be found in the files that Pfizer has agreed to produce.

In addition, Pfizer has agreed to produce relevant documents from the custodial files belonging to Chris Wohlberg. Dr. Wohlberg is a medical team leader in Pfizer's Worldwide Medical Department and made a presentation to the FDA Advisory Committee regarding the

safety of Neurontin in July 2008. Not only has Pfizer agreed to produce Dr. Wohlberg's documents regarding what he relied upon for his presentation to the FDA, Pfizer has also agreed to include additional documents from his files in order to provide responsive information regarding efficacy, side effects, and the recent 2009 label change.

Plaintiffs have not demonstrated any reasons why they require additional information. When the parties met and conferred over this issue, Plaintiffs' response to Pfizer's argument that the parties should agree on a set of documents that could be produced within the 45-day time frame was that they would agree to extend that deadline. Such response only reinforces their desire for broad and open-ended discovery inconsistent with this Court's order. The additional production that Defendants have agreed to make is very reasonable, fulsome, and consistent with this intent of the Court's order and comments at the hearing. Such production will, in and of itself, be costly and additional costs should not be imposed on Defendants.

The burdensome nature of the additional production sought by Plaintiffs is especially significant in light of the relevant time frame of this litigation. As previously noted, Plaintiffs previously represented, on multiple occasions, that generic discovery was completed, a position that is flatly inconsistent with their current professed need for extensive additional discovery. Plaintiffs concede that Neurontin was not marketed after generic entry in late 2004 and most of the cases in this MDL involve usage of Neurontin prior to 2004.

Rule 26 was specifically amended in 2006 to provide that "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). Here, for the reasons discussed above, "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). The factors to be considered by the Court include:

>(1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.

Advisory Committee Note to 2006 amendment to Fed. R. Civ. P. 26(b)(2)(B). Thus, in *Aubuchon Co. v. Benefirst, LLC*, 245 F.R.D. 38 (D. Mass. 2007), the court found that electronically stored information, even though it was stored on an active server, was reasonably inaccessible due to the cost and burden of retrieving it. *See id.* at 43.

In this case, the discovery sought by Plaintiffs is broad and non-specific. Relevant information regarding safety and efficacy is contained within the document sets identified by Defendants, document sets that are specifically targeted at safety and efficacy and from which such information may be more readily accessed. Thus, the first, second, and fourth factors all favor limiting discovery in the manner requested by Defendants. Also, as discussed above, the time frame of the documents limits their relevance to the instant litigation. They are not, for example, relevant to the question of whether warnings that accompanied the product prior to 2004 were adequate. The fifth and sixth factors, therefore, also favor limiting discovery.[2]

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that its supplemental production be limited to documents contained within the IND, NDA and the files of Christopher Wohlberg.

---

[2] Rule 26 also provides that the Court can impose limits on any discovery. Fed. R. Civ. P. 26(b)(2)(C). In the event that the Court orders Defendants to produce documents beyond the IND, NDA and Wohlberg files described above, Defendants reserve their right to ask that Plaintiffs bear the cost of any such document review and production.

Dated: November 20, 2009　　　　Respectfully submitted,


                                          SKADDEN, ARPS, SLATE,
                                            MEAGHER & FLOM LLP

                                        By:　　/s/ Mark S. Cheffo
                                                Mark S. Cheffo

                                          Four Times Square
                                          New York, NY 10036
                                          Tel:  (212) 735-3000

                                                -and-

                                          SHOOK, HARDY & BACON L.L.P.

                                          By:　　/s/ Scott W. Sayler
                                                Scott W. Sayler

                                          2555 Grand Blvd.
                                          Kansas City, MO 64108-2613
                                          Tel:  (816) 474-6550

                                                -and-

                                          WHITE AND WILLIAMS LLP

                                          By:　　/s/ David B. Chaffin
                                                David B. Chaffin

                                          BBO # 549245
                                          100 Summer Street, Suite 2707
                                          Boston, MA 02110
                                          Tel:  (617) 330-5000

                                          *Attorneys for Defendants Pfizer Inc and*
                                          *Warner-Lambert Company*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on November 20, 2009.

                                        /s/ David B. Chaffin\_\_\_\_\_
                                        David B. Chaffin