UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------------x
                                                            :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                                :
        SALES PRACTICES AND                                 :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                       :
                                                            :   Judge Patti B. Saris
------------------------------------------------------------x
                                                            :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                                   :
                                                            :
        PRODUCTS LIABILITY ACTIONS                          :
                                                            :
------------------------------------------------------------x
```

# DECLARATION OF KEITH L. ALTMAN

I, Keith L. Altman, Esq. deposes and states as follows:

1. I am an attorney employed by the firm of Finkelstein & Partners, LLP.  My business address is 1279 Route 300, Newburgh, NY 12551.  I have been working on the Neurontin matter since the fall of 2003 and have been the individual responsible for the receipt of Pfizer Defendants' document productions on behalf of Products Liability Plaintiffs in both this multidistrict litigation and the New York consolidated litigation.  I have personal knowledge of all aspects of this declaration and if necessary, I am prepared to demonstrate these facts to the court.

2. This declaration is submitted in support of Plaintiffs' opposition to Defendants' motion for clarification of this Court's October 14, 2009 order.

3. I am the founder and co-chair of the American Association for Justice (AAJ) electronic discovery litigation group.  Furthermore, I am a member of The Sedona Conference Working Group One on electronic discovery.

4. As to the alleged burden of production of responsive materials, I have reviewed the declaration of Ronke Ekwensi submitted by defense counsel.  On its face, the declaration provides little, if any, meaningful information concerning the burden of complying with the court's October 14, 2009 order.

5. First, it is unknown how many custodial files are truly at issue because Defendants have failed to identify or provide any meaningful information on number of individual custodians involved.

6. Next, there is Mr. Ekwensi's assertion that each custodian would have 650,000 pages of materials to review on average. This is unfounded speculation. A review of the document production thus far shows that few custodial files exceeded 50,000 pages and that assumes all of the materials would need to be produced from scratch. Since the Court's order was limited to just those materials not previously produced, one would think that the amount of material would be far less. However, even if true, it says nothing about the materials that would be responsive to keyword searching for terms like suicidal behavior, depression, etc. Searching the documents via agreed upon keywords so as to address safety and efficacy issues consistent with the Court's order, a process done in the past, provides the necessary accommodation to Defendants.

7. The suggestion that it would take more than 2,750 hours to review the purported production as described in the declaration has no basis. Furthermore, according to Mr. Ekwensi's declaration, this does not include the cost of a privilege review. It is inconceivable how it could take that many hours to simply review for responsiveness a collection of materials that will already have been searched for keywords such as "Neurontin" and "suicide".

8. As to the question of privilege review, Pfizer's document production is very sophisticated and it is likely that searches could be run that would narrow the range of materials that would need to be reviewed for privilege. In addition, the newly enacted F.R.E. 502(d) could be used to provide that production of a privileged document would not constitute a waiver. This rule was implemented for precisely the reason about which Defendants complain of (i.e., to reduce the cost of privilege review).

9. A further review of Mr. Ekwensi's declaration does not reveal that Defendants are claiming that the materials in question are inaccessible or would be difficult to collect.

10. On its face, the Ekwensi declaration is nothing more than unsupported assertions of burden in producing materials that will by definition be responsive to the Court's order. Furthermore, Defendants have taken no reasonable steps to minimize any burdens of complying with the Court's order.

11. **Documents Already Collected by Defendants But Not Produced**: Defendants make a blanket assertion concerning how difficult it is to collect and review documents. I have reviewed the testimony of Defendants' witness, Laura Kibbe, from her deposition dated April 7, 2008, wherein she described Defendants' collection efforts related to discovery in this litigation. In the deposition, Ms. Kibbe testified that documents were collected from over 200 custodians (Exhibit A, at pp. 24-25). I have reviewed the document production, and documents were produced from only approximately 100 custodians. Therefore, there are on the order of 100 custodial files that were not produced, but from which documents have already been collected. According to Ms. Kibbe's own testimony, it would

not be difficult to load the remaining custodial files into a workable software application and search for responsive documents.  Furthermore, it is unclear if Pfizer continued to collect documents from custodians after the close of discovery in 2007.  If so, then much of the cost associated with the production may be obviated.

12. **Documents Not Yet Collected by Defendants**:  As a practical matter, Plaintiffs assume (because Defendants will not explain otherwise) that custodial files were not collected after the close of discovery in 2007.  As to the new collection of custodial file documents from Defendants' employees, the parties met and conferred on October 19, 2009.  Plaintiffs' counsel Kenneth Fromson and I participated in a meet and confer with defense counsel Mark Cheffo concerning the Order.  Understanding that the Order required Defendants to provide disclosure "regarding the efficacy or side effects of Neurontin not previously produced," Plaintiffs requested information from defense counsel concerning custodians and other sources of material relevant to the order.  Plaintiffs' counsel expressed a willingness to consider specifically identified custodial files for production, limited in number, rather than have Defendants expend efforts collecting, searching and disclosing custodial file documents not likely to have information regarding safety and efficacy.

13. Other than defense counsel's concession at the oral argument on October 5, 2009, wherein Mr. Cheffo agreed to provide responsive custodial file documents from Christopher Wohlberg, M.D, Ph.D, defense counsel did not identify a single other individual for whom custodial file documents would be disclosed.  Similarly, at the parties meet/confer on October 19, 2009, defense counsel did not identify another witness.  Consequently, Plaintiffs emphasized their expectation as to the disclosure of custodial file documents, as well as their continued willingness to discuss and identify a limited number of Defendants' employees whose custodial file documents should be collected and produced

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 30, 2009

                                             **/s/ Keith L. Altman**
                                             Keith L. Altman
                                             FINKELSTEIN & PARTNERS, LLP
                                             1279 Route 300, P.O. Box 1111
                                             Newburgh, NY  12551
                                             Tel.:  845-562-0203
                                             Fax:  845-562-3492
                                             *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on November 30, 2009.

Dated: November 30, 2009

                                          **/s/ Keith L. Altman**
                                          Keith L. Altman, Esquire