# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>PRODUCTS LIABILITY ACTIONS | |

### DEFENDANTS' PROPOSED REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF COURT'S OCTOBER 12, 2009 ORDER

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") submit this reply memorandum in support of their Motion for Clarification of the Court's October 12, 2009 Order concerning certain discovery matters.

### ARGUMENT

For the reasons discussed in Pfizer's opening memorandum, Pfizer seeks an order clarifying this Court's October 12, 2009, which directed Pfizer to produce certain documents *within 45 days*. This Court made clear that it was not re-opening discovery. ([2125] at 3.) Plaintiffs ignore the fact that the Court largely denied their motion when they premise their arguments on the discovery that they *sought* (Pl. Mem. [Doc. 2183 at 2-3], rather than what the Court ordered. The Court granted Plaintiffs' motion only to a limited extent. The short time frame provided for any additional production indicates that the Court contemplated a narrow supplementation of Pfizer's document production, not the massive sweep of custodial files sought by Plaintiffs.

Counsel for Pfizer attempted to confer with Plaintiffs' counsel to resolve this dispute, but Plaintiffs' counsel was unwilling to narrow its requests to anything that reasonably could be accomplished within a 45 day time frame. Instead, Plaintiffs' counsel proposed an indefinite

1

rolling production, clearly inconsistent with the Court's decision not to re-open discovery generally. Pfizer believes that it is in compliance with the Court's October 14, 2009 Order. Pfizer produced to Plaintiffs over 18,000 pages of documents from the files of Christopher Wohlberg. Pfizer has also provided to Plaintiffs the indices to its IND and NDA files so that arrangements can be made for their review by Plaintiffs' counsel. Nonetheless, in an effort to be proactive, Pfizer brought this motion for clarification in advance of the date when its supplemental production was due.

Plaintiffs offer nothing but speculation regarding the additional discovery that is sought. They do not deny that the time frame of the documents post-date the marketing by Defendants of Neurontin or the date when most of the Neurontin prescriptions at issue in this litigation were written. Thus, the documents sought are not relevant to the central issue in this case: Whether the Neurontin label prior to 2004 should have included a suicide warning. The only argument in support of relevance offered by Plaintiffs is some unspecified, supposed discrepancy between the regulatory brief submitted by Pfizer to the FDA and the opinions offered by Dr. Gibbons, even though the conclusions reached in both reports is that there is no causal connection between Neurontin and suicide. As noted above, Pfizer has produced over 18,000 pages of documents from Dr. Wohlberg's files. Plaintiffs fail to explain how this vaguely described issue justifies the additional discovery that they seek. At the very least, Plaintiffs should be required to review Dr. Wohlberg's files and make a specific showing of need before any more discovery is permitted.

Plaintiffs also implore this Court to ignore the evidence offered by Pfizer in the form of a sworn declaration regarding the burden that would be associated with an additional review of ten custodial files. Plaintiffs aver, without support, that Ms. Ekwensi's declaration is "speculative," an assertion that is belied by the specificity of Ms. Ekwenski's declaration. In fact, the estimates provided are based upon Pfizer's historical experience in conducting document reviews and represents the average cost incurred generally with review of custodial files. Each of Mr. Altman's assertions is based upon false assumptions. First, the estimates provided by Pfizer

already assume that key word searches will be performed.  Second, Mr. Altman makes the apples to orange comparison of the number of documents reviewed to the number of documents produced.  A far larger number of documents has to be reviewed in order to identify responsive documents.  Second, Mr. Altman incorrectly assumes that all or some part of the necessary review has already been done, even though the time frame for the documents now sought is completely different than the documents previously produced.  Indeed, many of the files that would now have to be searched or documents that would have to be reviewed did not even exist when the prior production was made.

Plaintiffs have previously represented to this Court that generic discovery was complete. (Pls. Mem. in Support of Emergency Request for Issuance of Suggestion of Remand [2075] at 4; Joint Status Report on Products Liability Actions, dated June 12, 2009 [1832] at 5, 7.)  In light of this prior representation, they should not be heard to now complain that massive amounts of additional discovery is needed.  As one court has explained:  "At some point, the adversary system needs to say 'enough is enough' and recognize that the costs of seeking every relevant piece of discovery is not reasonable."  *Cognex Corp. v. Electro Scientific Indus., Inc.*, No. Civ. A 01CV10287RCL, 2002 WL 32309413, at *5 (D. Mass. Feb. 14, 2001).

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that their supplemental production be limited to documents contained within the IND, NDA and the files of Christopher Wohlberg.

Dated: December 1, 2009            Respectfully submitted,

                                        SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP

                                      By:   /s/ Mark S. Cheffo
                                              Mark S. Cheffo

                                      Four Times Square
                                      New York, NY 10036
                                      Tel:  (212) 735-3000

                                                 -and-

                                      SHOOK, HARDY & BACON L.L.P.

                                      By:   /s/ Scott W. Sayler
                                              Scott W. Sayler

                                      2555 Grand Blvd.
                                      Kansas City, MO 64108-2613
                                      Tel:  (816) 474-6550

                                                 -and-

                                      WHITE AND WILLIAMS LLP

                                      By:   /s/ David B. Chaffin
                                              David B. Chaffin

                                      BBO # 549245
                                      100 Summer Street, Suite 2707
                                      Boston, MA 02110
                                      Tel:  (617) 330-5000

                                      *Attorneys for Defendants Pfizer Inc and*
                                      *Warner-Lambert Company*