UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC., 04 CV 10739 (PBS)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## EMERGENCY MOTION TO COMPEL DEPOSITIONS OF KAISER WITNESSES

Pursuant to this Court's Procedural Order [2172], Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") submit this memorandum in support of their motion to compel Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser") to produce the following witnesses for deposition on or before December 22, 2009: Nicolas Wieder, D.O.; David Campen, M.D.; Ambrose Carrejo, Pharm.D.; and Sean Jones, M.D.

## ARGUMENT

Pfizer is entitled to depose Drs. Wieder, Campen, Carrejo, and Jones pursuant to a duly served Notice of Videotaped Deposition Duces Tecum (Exh. A to Fox Decl.) and pursuant to this Court's Procedural Order, which states:

> Any witness identified for the first time in summary judgment papers or on the witness list may be deposed by December 22, 2009. Any witness on the list who was already identified in a court filing, document or deposition prior to the discovery deadline but not deposed may not be deposed during this time period.

Procedural Order [2172] ¶ 4.

Both in declarations submitted in opposition to summary judgment [1847-1850] and in its trial witness list [2179], Kaiser identified several witnesses who have not previously been

deposed. Pfizer did not seek depositions of all such witnesses;[1] instead, pursuant to the Court's Procedural Order, Pfizer requested depositions of certain individuals who had not previously been identified as witnesses likely to have relevant knowledge regarding the subjects of their proposed trial testimony and/or summary judgment declarations. (Letter from Armstrong to Nussbaum, et al., of 11/30/09 at 1-2, Exh. B to Fox Decl.) Among these late-disclosed witnesses are Drs. Wieder, Campen, Carrejo, and Jones. (*Id.*)

Kaiser has objected to Pfizer's request for these four depositions, arguing that these witnesses had previously been identified in deposition testimony and in unspecified "documents" purportedly produced during discovery. (Letter from Nussbaum to Cheffo of 11/30/09 at 2-3, Exh. C to Fox Decl.)[2] Pfizer requested that Kaiser identify by bates number the unspecified "documents" purportedly disclosing these individuals as witnesses with relevant knowledge. (Letter from Armstrong to Nussbaum, et al., of 12/1/09 at 1-2, Exh. E to Fox Decl.) Kaiser has not done so. Pfizer further pointed out that Kaiser appears to be interpreting the Court's Procedural Order in a overly restrictive manner, and that in Pfizer's view, any prior identification of a witness "must have been sufficiently qualitative to put Defendants on notice that that the person was likely to be called as a witness either in opposition to summary judgment or at trial." (*Id.* at 2.) Kaiser has not clarified its position as to whether these witnesses were disclosed in a sufficiently qualitative manner.

With respect to Dr. Wieder, Kaiser objected on the grounds that it had not named Dr. Wieder as a trial witness. (Letter from Nussbaum to Cheffo of 11/30/09 at 3, Exh. C to Fox Decl.) However, Kaiser submitted Dr. Wieder's declaration in opposition to summary judgment (Wieder Decl. [1847]), and the Court's Procedural Order clearly states that Pfizer may depose

---

[1] For example, Pfizer did not request depositions of Calvin Togashi, Pharm.D., Dale Daniel, M.D., or Joel Hyatt, M.D.

[2] The next day, Kaiser sent a revised letter that requested an additional deposition of a defense witness, but did not alter its original response regarding the depositions requested by Pfizer. (Letter from Nussbaum to Cheffo of 12/1/09, Exh. D to Cheffo Decl.)

witnesses first identified *either* "in summary judgment papers *or* on the witness list." Procedural Order [2172] ¶ 4 (emphasis added).  Thus, Kaiser's argument that the Procedural Order only contemplates the depositions of trial witnesses is directly at odds with the order's plain language.  Moreover, neither the Procedural Order nor the Federal Rules of Civil Procedure can be reasonably construed to permit parties to ignore their disclosure obligations, rely on a previously undisclosed witness's declaration in opposition to summary judgment, and then unilaterally block the opposing party's right to depose the late-disclosed witness by strategically declining to call him at trial.

Pfizer further responded to Kaiser's witness-specific objections as follows:

1.   <u>Nicholas [Wieder], D.O.</u>:

\* \* \*

> Kaiser has also objected based on prior deposition testimony purportedly informing Defendants that recommendations by ***unidentified physicians*** prompted changes to gabapentin's formulary status in Kaiser's Southern California region.  This objection is also meritless.  The Court's Procedural Order restricts the availability of depositions only where the particular "witness" – not some general category of potential witnesses – was previously identified. (Procedural Order [2172] ¶ 4 (emphasis added).)

2.   <u>Sean Jones, M.D.</u>:  Kaiser has objected to Dr. Jones's deposition based on Mirta Millares's deposition testimony.  Ms. Millares merely identified Dr. Jones as the author of a June 2004 letter to doctors that generally addressed so-called "[c]riteria-based drugs," one such drug being gabapentin.  (1/10/08 Millares Dep. 153:18-155:1; KAIS-044328.)  Neither Ms. Millares nor this letter identified Dr. Jones as a witness likely to have relevant knowledge regarding the subjects of his proposed trial testimony, *i.e.*, formulary placement, reliance and causation.

3.   <u>Ambrose Carrejo, Pharm. D.</u>:  Kaiser has objected to Dr. Carrejo's deposition based on the deposition testimony of Robin Dea and Dale Kramer.  Ms. Dea merely identified Dr. Carrejo as "a person who works with the regional P and T Committee [and] who occasionally comes and does a presentation to the Chiefs of Psychiatry."  (9/28/07 Dea Dep. at 101:19-102:2.)  Mr. Kramer merely identified Dr. Carrejo as one of his "assistants" in "negotiating agreements with suppliers," who previously had a role with "drug utilization management." (10/10/07 Kramer Dep. at 21:15-22:4, 52:11-53:6.)  Neither Ms. Dea nor Mr. Kramer identified Dr. Carrejo as a witness likely to have relevant knowledge regarding the subjects of his proposed trial testimony, *i.e.*, purchasing of Neurontin, cost, causation, and damages.

    4.    <u>David Campen, M.D.</u>: Kaiser has objected to Dr. Campen's deposition based on the deposition testimony of Robin Dea. Ms. Dea merely identified Dr. Campen as "a Permanente Medical Group physician who I believe is actually the head of the Pharmacy and – the regional Pharmacy and Therapeutics Committee." (9/28/07 Dea Dep. at 82:10-14.) Ms. Dea did not identify Dr. Campen as a witness likely to have relevant knowledge regarding the subjects of his proposed trial testimony, *i.e.*, formulary placement, reliance and causation.

(Letter from Armstrong to Nussbaum, et al., of 12/1/09 at 2-3, Exh. E to Fox Decl.)[3]

Beyond simply reiterating its objections (*see* Letter from Sobol, et al., to Cheffo of 12/7/09, Exh. G to Fox Decl.), Kaiser has offered no substantive response. Based on the foregoing, Pfizer submits that Drs. Wieder, Campen, Carrejo, and Jones were not adequately disclosed as potential witnesses during the discovery period, and that Pfizer is thus entitled to depose them pursuant to the clear terms of the Court's Procedural Order.

## **<u>CONCLUSION</u>**

For all the foregoing reasons, Defendants respectfully request that Kaiser be ordered to produce the following witnesses for deposition on or before December 22, 2009: Nicolas Wieder, D.O.; David Campen, M.D.; Ambrose Carrejo, Pharm.D.; and Sean Jones, M.D.

---

[3] After exchanging letters, the parties conferred by telephone in an attempt to resolve this dispute. (Fox Decl. ¶ 9.) During that conference, counsel for the parties discussed a possible "compromise" pursuant to which both sides would withdraw their objections to the opposing party's request for certain witnesses. The compromise was discussed only as a theoretical possibility and neither party made any definite offer along these lines. The next day, Kaiser withdrew its "offer to compromise" based on a unilaterally-imposed one-day deadline. (E-mail from Katcher to Armstrong of 12/4/09, 2:30 pm, Exh. F to Fox Decl.) Accordingly, Pfizer served a Notice of Videotaped Deposition Duces Tecum for Drs. Wieder, Campen, Carrejo, and Jones. (Deposition Notice, Exh. A to Fox Decl.) Kaiser responded by letter reiterating its objections to these depositions. (Letter from Sobol, et al., to Cheffo of 12/7/09, Exh. G to Fox Decl.)

Dated: December 10, 2009     Respectfully submitted,

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP

By:     /s/ Mark S. Cheffo
        Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

        -and-

WHITE AND WILLIAMS LLP

By:     /s/ David B. Chaffin
        David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 330-5000

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on December 10, 2009.

        /s/ David B. Chaffin
        David B. Chaffin