# EXHIBIT A

**From:** Armstrong, Katherine (NYC)
**To:** 'Elana Katcher'
**Subject:** RE: Neurontin
**Date:** 12/4/2009 7:01:48 PM
**CC:** 'Linda P. Nussbaum'; 'Thomas Sobol'; 'Thomas Greene'; Cheffo, Mark S (NYC)
**BCC:**

**Message:**
In light of your position, attached is a notice of deposition for Mr. Peteet's deposition, as well as the Kaiser witnesses we requested in our letter of November 30, 2009. If the dates or locations do not work for you, let us know and we will do our best to schedule them at mutually convenient times and places, so long as they can be completed on or before December 22.

As we agreed to do on the telephone, we have contacted Ms. Travis, Dr. Philips, and Dr. Buchfuhrer to inquire regarding when they would be available for deposition. They are available as follows:

Philips:    December 16, 8:00 a.m., Fresno, CA.
Travis:    December 17, Pasadena, CA
Buchfuhrer: December 22, mid-afternoon, Downey, CA

As these are non-party fact witnesses, we will need to accommodate their schedules. Also, in the product liability cases, we reached an agreement with Plaintiffs' counsel to split the fees of non-party physicians. Are you agreeable to the same arrangement here?

Regarding your request for expert materials, having reviewed the record in this case, we believe the request is improper and untimely. As I noted, Plaintiff waited until three days before the close of expert discovery to serve the subpoenas that you now are asking us to respond to. On January 31, 2009, we objected to the subpoenas. You took no action regarding the subpoenas until the end of April 2009, when you requested a meet and confer. After that meet and confer was cancelled in May, you made no attempt to re-schedule at any time over the past eight months. Insisting upon a trial date in February, you represented to the court that discovery was complete. It is simply too late for you to seek expert discovery.

---

**From:** Elana Katcher [mailto:ekatcher@kaplanfox.com]
**Sent:** Friday, December 04, 2009 2:30 PM
**To:** Armstrong, Katherine (NYC)
**Cc:** Linda P. Nussbaum; 'Thomas Sobol'; 'Thomas Greene'
**Subject:** Neurontin

Katherine,

I write on behalf of Kaiser and in response to your email communication to Linda Nussbaum, as sent earlier this afternoon. As you know, the parties are required to conduct any further depositions in this matter by December 22, 2009. In light of that impending deadline, plaintiffs' counsel attempted yesterday to negotiate with you a compromise. During that call, you agreed that you would get back to us later that day.

Because we did not hear back from defendants yesterday, we are withdrawing our offer to compromise and will rely going forward on the positions we outlined in our December 1, 2009 letter to you.

1

Regards,

Elana Katcher
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, New York  10022
Tel No.: 212.687.1980
Fax No.: 212.687.7714
ekatcher@kaplanfox.com

**Attachments:**
    nyc3-726217-1.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

------------------------------------------------x

THIS DOCUMENT RELATES TO:

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC., 04 CV 10739 (PBS)

------------------------------------------------x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## NOTICE OF VIDEOTAPED DEPOSITIONS DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively "Pfizer"), by and through their counsel, will take the testimony by deposition upon oral examination, before persons authorized to administer oaths, of Nicholas Weider, D.O., Sean Jones, M.D., Ambrose Carrejo, Pharm. D., David Campen, M.D., and Joshua Peteet, M.S.  The depositions will be recorded by stenographic means and videotaped by Veritext, L.L.C., 1 Penn Plaza, Suite 1706, New York, New York, 10119.  The depositions will be taken in accordance with the Federal Rules of Civil Procedure on the dates, and at the times and locations specified below:

| DEPONENT | DATE/TIME | LOCATION |
|---|---|---|
| Joshua Peteet, M.S. | Dec. 14, 9:00 a.m. | Skadden<br>One Beacon Street<br>Boston, MA 02108<br>(617) 573-4800 |
| Ambrose Carrejo, Pharm. D. | Dec. 14, 9:00 a.m. | Skadden<br>Four Embarcadero Center<br>Suite 3800<br>San Francisco, CA 94111<br>(415) 984-6400 |

- 2 -

| Sean Jones, M.D. | Dec. 15, 9:00 a.m. | LNS Court Reporting<br>1123 Southwest Yam Hill Street<br>Portland, OR 97203 |
|---|---|---|
| David Campen, M.D. | Dec. 16, 9:00 a.m. | Skadden<br>Four Embarcadero Center<br>Suite 3800<br>San Francisco, CA 94111<br>(415) 984-6400 |
| Nicholas Weider, D.O. | Dec. 18, 9:00 a.m | Skadden<br>300 South Grand Avenue<br>Suite 3400<br>Los Angeles, CA 90071<br>(213) 687-5000 |

You are invited to attend and to participate in the manner provided for in the Federal Rules of Civil Procedure.

The deponents are each to produce the following documents at their depositions: the records, documents and tangible items set forth in the attached Exhibit A.

Dated: December 4, 2009

                              SKADDEN, ARPS, SLATE,
                                MEAGHER & FLOM LLP

                            By: /s/ Mark S. Cheffo
                                Mark S. Cheffo
                                Four Times Square
                                New York, New York 10036
                                Telephone:  (212) 735-3000

                            *Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

# EXHIBIT A

The deponent shall make the following documents and things available for the purposes of inspection and copying:

1. The deponent's most recent curriculum vitae.
2. All documents, records, correspondence, and other materials reviewed by the deponent in preparation for this deposition.
3. All documents, records, correspondence, and other materials reviewed by the deponent in connection with any declaration or affidavit given by the deponent in this litigation.
4. Except to the extent previously produced in this litigation, all documents, records, correspondence, and other materials that refer or relate to the subject matter of any declaration or affidavit given by the deponent in this or any other litigation involving Neurontin.
5. As to deponent Peteet, all documents, records, correspondence, or other materials which the deponent received from any of Plaintiff's experts, agents and representatives in connection with the above-captioned matter or any litigation involving Neurontin.
6. As to deponent Peteet, all correspondence from or sent to Plaintiff's counsel, or other documents reflecting communications with Plaintiff's counsel, and which deponent relied upon in connection with his declaration given in the above-captioned matter or any litigation involving Neurontin.