# EXHIBIT D



Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

December 1, 2009

**Via Electronic Mail**

Mark S. Cheffo, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

      **Re: In re Neurontin Marketing and Sales Practices Litigation, MDL No. 1629 (PBS)**

Dear Mark:

    Pursuant to the agreement of the parties, we write to provide plaintiff Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc.'s ("Kaiser")[1] response to defendants' request for pretrial depositions of certain witnesses and to identify for defendants those witnesses from whom Kaiser seeks deposition testimony.

### I.    Depositions Sought By Defendants

    On November 25, 2009, defendants identified seven individuals and potential trial witnesses whom defendants seek to depose prior to trial. As defendants are aware, Judge Saris has sharply limited the circumstances under which a party may this month take a deposition of an opposing party's listed witness. A party is not entitled to depose any trial witness that was identified by the opposing party "in a court filing, document or deposition prior to the discovery deadline." November 12, 2009 Court Order ¶ 4.

    In keeping with the Court's standard, Kaiser does not object to the deposition of the following witnesses, each of whom were identified on Kaiser's trial witness list and each of whom may be called by Kaiser to testify at trial: Joshua M. Peteet, M.S.; David Longmire, M.D.; and Alan Partain. Because Dr. Longmire and Mr. Partain are nonparties that have never been affiliated with Kaiser, Kaiser will not be able to facilitate

---

[1] Kaiser Foundation Health Plan, Inc. is the parent company of the following companies and has brought this lawsuit on behalf of itself and its subsidiaries: Kaiser Foundation Health Plan of Colorado; Kaiser Foundation Health Plan of Georgia, Inc.; Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.; Kaiser Foundation Health Plan of the Northwest; and Kaiser Foundation Health Plan of Ohio.



their appearance. However, Kaiser will work with defendants to identify mutually convenient dates for Dr. Peteet's deposition.

Defendants are not entitled to depositions of David Campen, M.D., Ambrose Carrejo, Pharm.D. or Sean Jones, M.D., as documents and deposition testimony provided sufficient notice to defendants during the discovery period that each of these individuals were potentially significant witnesses in this litigation:

- ❖ <u>Dr. David Campen:</u> Dr. Campen is listed on Kaiser's trial witness list and is expected to provide testimony relevant to the issues of formulary placement, reliance and causation. Notice of Dr. Campen's likely knowledge of these subjects was provided by the deposition testimony of Dr. Robin Dea and no fewer than 37 documents produced by Kaiser in this action well before the discovery deadline. Dr. Campen has been a member of the Northern California Region's Permanente Medical Group Pharmacy and Therapeutics Committee throughout the relevant period, and is identified as such by meeting minutes produced in this action and by the deposition testimony of Dr. Dea. Dr. Campen is also a founding member of Kaiser Permanente's Northern California Region's Drug Utilization Group ("DRUG"), a group that launched an initiative to curtail inappropriate usage of Neurontin that ultimately led to a significant drop-off in Neurontin prescriptions in that region. Dr. Campen is identified as a DRUG member in that group's meeting minutes, including those that specifically discuss the group's gabapentin initiative. Notice of Dr. Campen's personal role in that initiative was also provided by P&T Committee meeting minutes in which Dr. Campen reports to the Committee on its status and activities, as well as by email communications discussing the initiative.

- ❖ <u>Ambrose Carrejo, Pharm.D.</u> Dr. Carrejo is listed on Kaiser's trial witness list and is expected to provide testimony relevant to the issues of purchasing of Neurontin, cost, causation and damages. Notice of Dr. Carrejo's likely knowledge of these subjects was provided by deposition testimony of two witnesses and no fewer than 50 documents produced by Kaiser in this action well before the discovery deadline. Dr. Carrejo is the successor to Dale Kramer, Kaiser Foundation Hospital's former Director of Pharmacy Contracting. During his deposition, Mr. Kramer identified Dr. Carrejo as his assistant, and described Carrejo's responsibilities as substantially similar to his own. Like Dr. Campen, the meeting minutes produced from DRUG and the Northern California Region's Permanente Medical Group P&T Committee identifies Dr. Carrejo as a member of each of those groups. In addition, Dr. Dea identified Carrejo as someone who works with the P&T Committee, and as someone who would be responsible for presenting information about drug usage to the Chiefs of Psychiatry. Dr. Carrejo is also listed as a sometimes guest at the meetings of Kaiser Permanente's Drug Utilization Action Team "DUAT," a sister



group to DRUG, which conducted a similar gabapentin initiative in Kaiser Permanente's Southern California Region. Evidence of Carrejo's personal knowledge of causation and damages issues can also be found in email communications in which Dr. Carrejo is specifically questioned about relevant issues, including issues pertaining to DRUG's gabapentin initiative.

- ❖ <u>Dr. Sean Jones, M.D.</u>: Dr. Jones is listed on Kaiser's trial witness list and is expected to provide testimony relevant to the issues of formulary placement, reliance and causation. Notice of Dr. Jones' likely knowledge of these subjects was provided by deposition testimony of Mirta Millares and no fewer than 25 documents produced by Kaiser in this action well before the discovery deadline. Dr. Jones is the chair of Northwest Permanente Medical Group's Regional Formulary and Therapeutics Committee, and was identified as such by Dr. Millares and by the meeting minutes of that Committee. In addition, documents produced in this action identify Dr. Jones as the author of key documents in the Northwest Region's efforts to decrease gabapentin utilization after news of defendants' fraudulent marketing campaign began to surface.

Defendants are also not entitled to depose Nicolas A. Weider, M.D. The December time period was set aside by the Court to enable depositions of witnesses listed by a party that might surprise the opposing party. But Kaiser has not designated Dr. Weider on its trial witness list, and does not intend to call him as a witness at trial. Dr. Weider is thus not within the scope of Judge Saris's November 12, 2009, which governs the circumstances in which "any witness on the list" may be subject to a pretrial deposition by an adverse party. In addition, Dr. Weider is identified in documents produced in this action as a regional champion for DUAT's neuropathic pain initiative, and as a physician who writes on the subject of pain. The deposition testimony of Al Carver, Deborah Kubota, and Mirta Millares informed defendants that changes to gabapentin's formulary status in Kaiser's Southern California region were prompted by physician recommendations, and yet defendants neither sought the identities of the physicians who made such recommendations, nor sought their depositions during the discovery period. The time to develop that evidence is now long past. Kaiser objects to defendants' belated efforts to do so now through this nonparty witness.

## II.      Depositions Sought By Kaiser

Pursuant to the terms Judge Saris's Order, Kaiser requests depositions of the following individuals that were disclosed as potential witnesses for the first time by defendants' trial witness list:

- ❖ <u>Andrew E. Bertagnolli, Ph.D.</u>: Defendants describe Dr. Bertagnolli as a pain management consultant with Kaiser Permanente. A review of defendants' court filings, document production, and prior deposition

3



testimony fails to reveal any notice to Kaiser of this individual as a potential witness.

- **Mark Buchfuhrer, M.D.:**  Defendants describe Dr. Buchfuhrer as "an advisor to the RLS Foundation, a patient advocacy and support group in California for patients with Restless Leg Syndrome." According to the defendants "[h]e will testify about the need for patient access to medicines such as gabapentin and his own clinical experience prescribing gabapentin for patients with RLS." As Kaiser is not pursuing damages for the use of gabapentin with RLS, this description leaves unclear whether Dr. Buchfuhrer has any relevant testimony to offer. In any event, a review of the defendants' court filings, document production, and prior deposition testimony also fails to reveal notice of any relevant areas of testimony that might be provided by this witness.

- **Dr. Gerner (first name not provided):**  Defendants describe Dr. Gerner as a "member of the Gabapentin Bipolar Disorder Study Group." According to defendants, Dr. Gerner "will testify about the study on which he worked and the timely presentation of the data and its publication." Dr. Gerner was not identified in any deposition in this litigation, and is referenced in only a few documents in defendants' massive production. A review of those documents, none of which were authored by Dr. Gerner, indicates that Dr. Gerner was a private physician who participated as a secondary investigator in study 945-209. Study 945-209 was a trial conducted in 14 different sites across the country, each of which had its own principal investigator. Dr. Gerner was *not* a principal investigator and was not listed on the cover of defendants' research report for study 945-209. To the contrary, Dr. Gerner is one of several dozen physicians who participated in the various clinical trials relating to Neurontin in a capacity below that of principal investigator. Because defendants failed to provide fair notice that Dr. Gerner was a potential trial witness, plaintiffs are entitled to depose him now.

- **Carol Janney:**  Defendants describe Ms. Janney as a former "biostatistician at Parke-Davis" who will "testify about the same study on which Dr. Gerner worked and its preparation and publication." Like Dr. Gerner, nothing in defendants' court filings, disclosed documents or deposition testimony singled Ms. Janney out as playing more than a supporting role in study 945-209. Ms. Janney reported to Dr. Atul Pande, who was in charge of study 945-209 and has been deposed in this case. Plaintiffs rightly deposed Dr. Pande as the person who had the most relevant knowledge of study 945-209. If defendants want to avoid Dr. Pande's prior testimony by selecting a "fresh witness," plaintiffs should have the opportunity to depose her now.

4



- **Stacy Ludin, M.D.:** Defendants describe Dr. Ludin as "formerly with the Kaiser Northeast region." No further information is provided. Notice of Dr. Ludin's testimony is provided nowhere in Defendants' court filings, produced documents or prior testimony.

- **Charles Phillips, M.D.:** Defendants describe Dr. Phillips as "a physician in California who will testify about the operation and business practices of Kaiser." Notice of Dr. Phillips' testimony is provided nowhere in Defendants' court filings, produced documents, or prior testimony.

- **Vicki Travis:** Defendants describe Ms. Travis as a witness who will testify "about Kaiser's operations and business practices." Despite the description, Ms. Travis does not appear to be affiliated with Kaiser in any way. A review of defendants' court filings, document production, and prior deposition testimony fails to reveal any notice to Kaiser of this individual as a potential witness.

*   *   *

Please let me know when you are available to discuss further.

Very truly yours,

Linda P. Nussbaum

5