# EXHIBIT E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(212) 735-2954
DIRECT FAX
(917) 777-2954
EMAIL ADDRESS
KATHERINE.ARMSTRONG@SKADDEN.COM

December 1, 2009

BY E-MAIL

Ms. Linda P. Nussbaum
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
14th Floor
New York, NY 10022

Mr. Thomas M. Sobol
Hagens Berman Sobol Shapiro LLP
55 Cambridge Pkwy, Suite 301
Cambridge, MA 02142

Mr. Thomas M. Greene
Greene LLP
33 Broad Street, 5th Floor
Boston, MA 02110

      RE:   *Kaiser Foundation Health Plan, Inc., et al.*
             *v. Pfizer Inc, et al.*, 04 CV 10739 (PBS)

Dear Linda, Tom & Tom:

    I write in response to your letter of November 30, 2009 (as amended on December 1, 2009).

    Defendants' Proposed Depositions

    Kaiser has objected to Defendants' request to depose Nicholas Weider, D.O, Sean Jones, M.D., Ambrose Carrejo, Pharm. D., and David Campen, M.D. Among other grounds, Kaiser asserts that these witnesses were adequately disclosed in

Ms. Linda P. Nussbaum
Mr. Thomas M. Sobol
Mr. Thomas M. Greene
December 1, 2009
Page 2

unspecified documents purportedly produced during discovery. Defendants request that Kaiser identify these documents by bates number. To the extent that any such documents merely provide a witness's name, title, and job responsibilities, without specifically identifying him as being likely to have relevant knowledge regarding the issues of proposed trial testimony, such disclosure would be insufficient for purposes of the Court's Procedural Order and the Federal Rules of Civil Procedure. With respect to all of your objections, we do not interpret the Court's order to mean that merely because someone is mentioned by name, no matter how tangentially, in a deposition or on a document, that they cannot be deposed. Rather, the identification must have been sufficiently qualitative to put Defendants on notice that that the person was likely to be called as a witness either in opposition to summary judgment or at trial. Defendants further respond to Kaiser's objections as follows:

1. <u>Nicholas Weider, D.O</u>: Kaiser has objected to Dr. Weider's deposition on the grounds that it has not named Dr. Weider as a trial witness. This objection is meritless. The Court's Procedural Order permits Defendants to depose any witnesses identified for the first time "in summary judgment papers *or* on the witness list." (Procedural Order [2172] ¶ 4 (emphasis added).) Given that Kaiser submitted Dr. Weider's declaration in opposition to summary judgment, Defendants are clearly entitled to depose him regardless of Kaiser's strategic decision not to call Dr. Weider at trial.

Kaiser has also objected based on prior deposition testimony purportedly informing Defendants that recommendations by ***unidentified physicians*** prompted changes to gabapentin's formulary status in Kaiser's Southern California region. This objection is also meritless. The Court's Procedural Order restricts the availability of depositions only where the particular "witness" – not some general category of potential witnesses – was previously identified. (Procedural Order [2172] ¶ 4 (emphasis added).)

2. <u>Sean Jones, M.D.</u>: Kaiser has objected to Dr. Jones's deposition based on Mirta Millares's deposition testimony. Ms. Millares merely identified Dr. Jones as the author of a June 2004 letter to doctors that generally addressed so-called "[c]riteria-based drugs," one such drug being gabapentin. (1/10/08 Millares Dep. 153:18-155:1; KAIS-044328.) Neither Ms. Millares nor this letter identified Dr. Jones as a witness likely to have relevant knowledge regarding the subjects of his proposed trial testimony, *i.e.*, formulary placement, reliance and causation.

3. <u>Ambrose Carrejo, Pharm. D.</u>: Kaiser has objected to Dr. Carrejo's deposition based on the deposition testimony of Robin Dea and Dale Kramer. Ms. Dea merely identified Dr. Carrejo as "a person who works with the regional

Ms. Linda P. Nussbaum
Mr. Thomas M. Sobol
Mr. Thomas M. Greene
December 1, 2009
Page 3

P and T Committee [and] who occasionally comes and does a presentation to the Chiefs of Psychiatry." (9/28/07 Dea Dep. at 101:19-102:2.) Mr. Kramer merely identified Dr. Carrejo as one of his "assistants" in "negotiating agreements with suppliers," who previously had a role with "drug utilization management." (10/10/07 Kramer Dep. at 21:15-22:4, 52:11-53:6.) Neither Ms. Dea nor Mr. Kramer identified Dr. Carrejo as a witness likely to have relevant knowledge regarding the subjects of his proposed trial testimony, *i.e.*, purchasing of Neurontin, cost, causation, and damages.

4.  <u>David Campen, M.D.</u>: Kaiser has objected to Dr. Campen's deposition based on the deposition testimony of Robin Dea. Ms. Dea merely identified Dr. Campen as "a Permanente Medical Group physician who I believe is actually the head of the Pharmacy and – the regional Pharmacy and Therapeutics Committee." (9/28/07 Dea Dep. at 82:10-14.) Ms. Dea did not identify Dr. Campen as a witness likely to have relevant knowledge regarding the subjects of his proposed trial testimony, *i.e.*, formulary placement, reliance and causation.

<u>Plaintiff's Proposed Depositions</u>

Defendants do not agree with Plaintiff's assertion that it is entitled to depose Dr. Robert Gerner and Carol Janney under the terms of the Court's Order of November 12, 2009. Plaintiff and its experts make allegations about the publication of information involving studies of gabapentin with bipolar disorder, including specific allegations about Dr. Pande's bipolar multicenter study (945-20). Dr. Gerner was a member of the Gabapentin Bipolar Study Group and a co-investigator in Dr. Pande's bipolar study (945-209). Carol Janney was the lead biostatistician on Dr. Pande's bipolar study. Plaintiff has known about these individuals and their having direct knowledge pertaining to Plaintiff's allegations for years. Further, the declarations of Dr. Gerner and Carol Janney were provided to Plaintiff as part of the expert report of Dr. Elizabeth Field. Moreover, Carol Janney is referred to during Dr. Pande's deposition and named in documents that were used in that deposition. Dr. Gerner is also referred in documents used at that deposition. Clearly, Plaintiff has long known that Dr. Gerner and Ms. Janney were people with knowledge about facts pertaining to allegations being made by Plaintiff and its experts. We see no legitimate basis for Plaintiff to request to take the depositions of either Dr. Gerner or Carol Janney at this time.

Ms. Linda P. Nussbaum
Mr. Thomas M. Sobol
Mr. Thomas M. Greene
December 1, 2009
Page 4

The remaining persons that you listed (Bertagnolli, Buchfuhrer, Ludin, Phillips, and Travis) are not persons within Pfizer's control; however, we will work with on scheduling mutually convenient dates for their depositions.

Let's schedule a call to discuss.

Sincerely,

Katherine Armstrong

cc: Mark S. Cheffo