# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: NEURONTIN MARKETING           :     MDL Docket No. 1629
SALES PRACTICES AND PRODUCTS          :
LIABILITY LITIGATION                  :     Master File No. 04-10981
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THIS DOCUMENT RELATES TO:             :
:
TERESA DRINKWINE, Individually and as Trustee  :
for The Next of Kin of MICHAEL DRINKWINE,      :     Judge Patti B. Saris
Decedent,                             :
:
            Plaintiff,                :     Magistrate Judge Leo T. Sorokin
:
          -against-                   :
:
PFIZER INC., PARKE-DAVIS, a division of Warner-  :
Lambert Company and Warner-Lambert Company       :
LLC, WARNER-LAMBERT COMPANY, WARNER-             :
LAMBERT COMPANY LLC, and TEVA                    :
PHARMACEUTICALS USA, INC.,                       :
:
            Defendants.               :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:     **ORAL ARGUMENT**
AND RELATED CASES (SEE EXHIBIT A)     :     **REQUESTED**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -:
x

## TEVA'S MOTION FOR AMENDMENT OF ORDER TO INCLUDE STATEMENT CERTIFYING AN INTERLOCUTORY APPEAL

Defendant Teva Pharmaceuticals USA, Inc. respectfully asks the Court to amend its

November 20, 2009 Order denying Teva's motion to dismiss on federal preemption and certify it

for immediate appeal.  The Court's Order satisfies the criteria for an immediate appeal under 28

U.S.C § 1292(b) because it addresses a controlling legal question as to which there is substantial

difference of opinion and because immediate appeal will advance the ultimate termination of this litigation.

By its Order, the Court rejected Teva's arguments that Plaintiff's claims against a generic drug manufacturer such as Teva are preempted under 21 U.S.C. § 355(j) of the Food, Drug, and Cosmetic Act ("FDCA") and the federal Food and Drug Administration's ("FDA") implementing regulations.  This is clearly a controlling legal question, as the litigation will be terminated if Plaintiff's claims are preempted.

Also, as demonstrated by the conflicting decisions cited in the briefing submitted to the Court, there are differences of opinion on the proper application of "implied" preemption to state law claims asserted against generic drug manufacturers.  Indeed, in just the last several weeks, cases have been decided going both ways on this issue.  *Compare Gaeta v. Perrigo Pharm. Co.*, No. C 05-04115, 2009 WL 4250690 (N.D. Cal. Nov. 24, 2009) (finding preemption, even in the wake of *Wyeth v. Levine*), *with Mensing v. Wyeth Inc.*, No. 08-3850, 2009 WL 4111209 (8th Cir. Nov. 27, 2009) (finding no preemption) *and Couick v. Wyeth Inc.*, No. 3:09-cv-210, 2009 WL 4644394 (W.D.N.C. Dec. 7, 2009) (following *Mensing*).  Moreover, appeals are still pending before the Fifth, Sixth, and Ninth Circuit Courts of Appeal regarding this issue.  *See Morris v. Wyeth Inc.*, 582 F. Supp. 2d 861 (W.D. Ky. 2008) (finding preemption), *appeal docketed*, No. 09-5509 (6th Cir. April 27, 2009); *Demahy v. Wyeth, Inc.*, 586 F. Supp. 2d 642 (E.D. La. Oct. 27, 2008) (finding no preemption), *appeal docketed*, No. 08-41 (5th Cir. Dec. 16, 2008); *Gaeta v. Perrigo Pharm. Co., et al.*, 562 F. Supp. 2d 1091 (N.D. Cal. June 13, 2008) (finding preemption), *appeal docketed,* No. 09-15001 (9th Cir. Jan. 6, 2009).  The First Circuit has not considered this issue yet, thus the resolution of this controlling question of law by the appellate court will materially advance the ultimate termination of this litigation.

2

The Court's Order satisfies the criteria for an immediate appeal under 28 U.S.C. § 1292(b), and Defendants respectfully ask the Court to amend its Order to include the certification required under that rule.  *See* Fed. R. Civ. P. 54(b); Fed. R. App. P. 5(a)(3).

## ARGUMENT

Under 28 U.S.C. § 1292(b), an immediate appeal promotes efficient litigation when an order presents:  (1) a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.[1]  This Court's Order meets the required elements for an immediate appeal, but Section 1292(b) requires that certification appear "in writing in such order."  Under Federal Rule of Civil Procedure 54(b), "any order" that does not dispose of all the claims of all the parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Defendants, therefore, ask the Court to reissue its November 20, 2009 Order as an amended order certifying it for interlocutory appeal.

## A. Federal Preemption of Plaintiff's Claims Is a Controlling Legal Question.

The Order denying Defendants' motions presents a controlling question of law as to basic constitutional issues of the supremacy of federal law.  This is so because its resolution will determine whether a claim exists as a matter of law.  *See* 19 Moore's Federal Practice, § 203.31(2), p. 203-87 (stating a question of law "is clearly controlling" if it addresses "whether a claim exists as a matter of law").  If Plaintiff's claims are preempted as a matter of federal law, then the claims against Teva will be dismissed in their entirety.

---

[1]  "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."  28 U.S.C. § 1292(b).

Courts have recognized that an appeal of interlocutory orders that turn on the basic constitutional issue of supremacy of federal laws and doctrines, as is the case here, is especially appropriate.  *See Drake v. Lab. Corp. of America Holdings*, 323 F. Supp. 2d 449, 456 (E.D.NY. 2004); *see also Tokio Marie & Fire Ins. Co. v. Aetna Cas. & Surety Co.*, 322 F.2d 113, 115 (5th Cir. 1963) (noting "[i]f the underwriters are correct … then the constitution forbids the further prosecution of the case against them.  … An authoritative decision would not only 'materially advance' the ultimate disposition of 'the litigation,' it would terminate it altogether.")  Teva's motion was based on preemption of Plaintiff's claims by the FDCA, 21 U.S.C. § 301-399a, and its accompanying regulations.  Numerous courts have certified for review orders denying dispositive motions asserting federal preemption.  *See, e.g.*, *Demahy v. Wyeth, Inc.*, Civ. No. 08-3616, Doc. No. 40 (E.D.La Nov. 14, 2008) (certifying for appeal its order finding no preemption) (copy of order attached as Exh. B); *Witty v. Delta Airlines, Inc.*, 366 F.3d 380, 382 (5th Cir. 2004); *Oglesby v Delaware & Hudson Railway Co.*, 180 F.3d 458, 460 (2d Cir. 1999); *Drake*, 323 F. Supp. 2d at 456.

**B.      There Is Substantial Difference of Opinion As To the Preemption of Claims Against Generic Drug Manufacturers.**

The second requirement under § 1292(b) is that there be a substantial ground for difference of opinion.  As evidenced by the fact that conflicting decision have been issued in just the last two weeks, and that the Fifth and Ninth Circuit Courts of Appeal currently have cases before them on this issue with opposite rulings by the trial courts, there is a substantial difference of opinion regarding the preemption of claims against generic drug manufactures.  *Compare Gaeta v. Perrigo Pharm. Co.*, No. C 05-04115, 2009 WL 4250690 (N.D. Cal. Nov. 24, 2009) (finding preemption, even in the wake of *Wyeth v. Levine*) *and Morris v. Wyeth, Inc.*, No. 1:07-cv-176-R, 2009 WL 736200 (W.D.Ky. Mar. 4, 2009) (reiterating preemption decision, even in

4

light of *Wyeth*) *with Mensing v. Wyeth Inc.*, No. 08-3850, 2009 WL 4111209 (8th Cir. Nov. 27, 2009) (finding no preemption).

It is important to note that the recent Circuit Court decision in *Mensing* would not fully resolve the claims against Teva even if this Court chose to follow that decision.  The Eighth Circuit skirted one of the issues that is directly implicated in this case:  "we need not decide whether generic manufacturers may unilaterally enhance a label warning through the CBE procedure because the generic defendants could have at least *proposed* at label change" to the FDA.  *Mensing*, 2009 WL 4111209, at *4 (referring to the Changes Being Effected provision, 21 C.R.C. § 314.70(c)).  In this case, however, Plaintiff has posed at least two separate claims:  (1) that Teva was negligent in failing to change the warning itself, without prior FDA approval; or (2) that Teva should have asked FDA to strengthen the warning.  The *Mensing* decision deals only with the latter theory, finding that such a claim is not preempted by federal law (and of course, even as to that point, there is conflicting case law).  But *Mensing* does not resolve the question of whether the claim that Teva should have changed the warning itself is preempted – an issue squarely raised by Teva in its Motion to Dismiss briefing.

As discussed at further length in that briefing on its motion to dismiss, numerous courts have addressed federal preemption of state law claims against generic drug manufacturers.  *See, e.g.*, *Bartlett v. Mutual Pharm. Co., Inc.,* 2009 U.S. Dist. Lexis 90528 (D.N.H. 2009); *Morris v. Wyeth, Inc.*, 582 F. Supp. 2d 861 (W.D. Ky. 2008); *Masterson v. Apotex, Corp.,* 2008 WL 3262690 (S.D. Fla. Aug. 7, 2008); *Bolin ex rel. Bolin v. SmithKline Beecham Corp.,* 2008 WL 3286973 (S.D. Fla. Aug. 7, 2008); *Valerio ex rel. Valerio v. SmithKline Beecham Corp.,* 2008 WL 3286976 (S.D. Fla. Aug. 7, 2008); *Laisure-Radke v. Par Pharm., Inc.,* 2006 WL 901657 (W.D.Wash. March 29, 2006); *Conte v. Wyeth, Inc.*, 2006 WL 2692469 (Cal. Sup. Sept. 14,

5

2006), *aff'd on other grounds* 85 Cal. Rptr. 3d 299 (Cal. Ct. App. Nov. 7, 2008).  The courts have found both in favor of and against federal preemption.  This Court's disagreement with several decisions on this issue evidences substantial disagreement about the controlling legal issue and a trial on the merits is clearly premature.  *See Mullins v. City of New York*, 2008 WL 118369, at *1-2 (S.D.N.Y. 2008); *see also In re Zyprexa Products Liability Litigation*, 253 F.R.D. 69, 207-08 (E.D.N.Y. 2008) (certifying interlocutory appeal where "[t]he law controlling this litigation is in a state of flux" and "[r]ecent appellate decisions may call into question some aspects of the decision").

## C.    Certification of the Court's Order Will Materially Advance the Termination of this Litigation.

Finally, certification will materially advance the ultimate termination of this litigation as it could obviate a lengthy discovery process and unnecessary trial.  *See Mullins*, 2008 WL 118369, at *2.  As one court has noted:

> [T]he parties have protracted and costly discovery and motion practice to conduct with regard to the [] common law tort claims; ... All of these efforts would be rendered moot if [Plaintiff's] claims are ultimately found preempted by federal law; thus, an interlocutory appeal would prevent the potential waste of a tremendous amount of resources for both the Court and the parties; moreover, it would promote the values of judicial efficiency and fairness to the litigants.

*Drake*, 323 F. Supp. 2d at 456 (certifying interlocutory appeal).

## CONCLUSION

For all the reasons set forth above, Defendants respectfully request the Court issue an Amended Order with a written statement that this Court's conclusion that Plaintiff's state law claims are not preempted presents a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

Dated:  December 15, 2009

Respectfully submitted,

TEVA PHARMACEUTICALS USA, INC.

By its attorneys,

/s/ U. Gwyn Williams_____
U. Gwyn Williams (BBO # 565181)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
617.570.1000
gwilliams@goodwinprocter.com

## LOCAL RULE 7.1(A)(2) CERTIFICATE AND CERTIFICATE OF SERVICE

I certify pursuant to Local Rule 7.1(A)(2) that the moving party has conferred in good faith with opposing counsel on the matter set forth herein.

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 15, 2009.

/s/ U. Gwyn Williams

LIBA/2051936.1