UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC. 04 CV 10739 (PBS)<br><br>and<br><br>AETNA, INC. V. PFIZER, INC. 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T .Sorokin |

**THIRD PARTY WITNESS CAROL JANNEY'S BRIEF IN OPPOSITION TO PLAINTIFF KAISER'S EMERGENCY MOTION TO COMPEL DEPOSITION OF CAROL JANNEY**

COMES NOW, Carol Janney, and files the within brief in opposition to a motion to compel filed by Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser"):

**I.    Counterstatement of the Facts**

By Order of July 19, 2007, this Honorable Court established a closing date for fact discovery for this action of October 15, 2007. By Order of October 14, 2009, this Court denied a requested extension for fact discovery except for very limited and inapplicable exceptions. And, on November 12, 2009, this Court again ruled upon a motion seeking additional fact discovery, making clear that such discovery would only be permitted with respect to "[a]ny witnesses identified for the first time in summary judgment papers or on the witness list."

In direct defiance of this Courts' Orders, Kaiser nevertheless served a subpoena — on December 9, 2009 — on Carol Janney, a third-party witness located in the Western District of Pennsylvania, in an attempt to conduct additional fact discovery. *See* Exhibit 3 to Motion to compel, exhibit 4, thereto. Ms. Janney has, through counsel, filed a motion to quash said

subpoena in the Western District of Pennsylvania Court, *see* Exhibit 3 to Motion to compel, after Kaiser would not withdraw the subpoena notwithstanding the variety of bases on which Ms. Janney expressed her objections, including an objection that Kaiser never sought leave to conduct such discovery beyond the discovery deadline in this case.

Rather than respond to that motion, Kaiser has retreated to this forum, perhaps in hopes that Ms. Janney would not have the wherewithal to oppose the motion to compel in yet another venue.

For the reasons that follow, Kaiser's Motion to Compel should be denied.

## II. Argument
### A. The Subpoena Violates An Order of Court and Attempts Discovery Prohibited by This Court Outside the Discovery Period

Fact discovery has been completed in this case for more than two years. As recently as November 12, 2009, this Court rejected attempts to conduct additional fact discovery except with respect to people who were only recently identified *for the first time* in summary judgment papers or people who were only recently identified in witness lists. Ms. Janney is neither.

Conspicuously absent from Kaiser's Motion and Brief is an explanation of the several manners in which Ms. Janney was made known to Kaiser long ago, or that Kaiser made a choice not to depose her during the discovery period.

Ms. Janney has long been known to Kaiser as one with personal knowledge of facts pertaining to Kaiser's allegations and as a participant in the study which forms the basis of Kaiser's asserted grievance. Kaiser and its experts make allegations about the publication of information involving gabapentin, including specific allegations about a bipolar multicenter study and resulting article by Dr Pande. Ms. Janney was the lead biostatistician on that study and a co-author of the very article about which Plaintiffs and their experts complain; her name appears on the article itself. Further, Ms. Janney was referred to during Dr. Pande's deposition

— conducted more than two years ago on September 19-20, 2007 — and was also named in documents used in that deposition.[1]

Thus, the issue is not, as Kaiser attempts to state it, "whether a party has a right to depose a person who, after the discovery deadline, submits a declaration that is relied on by a testifying expert, especially where the declaration attempts to contradict the well-developed factual record." Brief, p. 5. Rather, this much of the issue is more correctly stated as: "whether a party who is well-aware of the discovery deadlines and limits on depositions in an action, who well-knows of a witness and the nature of her involvement in the action, yet makes a calculated decision not to depose her, should nevertheless be permitted to depose her years after discovery concluded, having successfully held an opponent in litigation to the limits of the discovery order under comparable facts."

Ms. Janney submits that the question nearly answers itself.

This is particular true where, as here, the moving party, Kaiser, never sought leave to conduct the deposition, simply attempting to end run this Court's authority by knowingly issuing a subpoena out of the Western District of Pennsylvania in an intentional violation of this Court's established protocol for this case. Confronted with this fatal deficiency brought to the attention of the Western District Court by Ms. Janney, Kaiser back-peddled and belatedly attempts to obtain the leave it should have sought *before* issuing a subpoena on Ms. Janney, before exercising its power as an officer of the Court to attempt to compel this third-party witness to produce a decade worth of documents. Aside from the fact that permitting the deposition sought by Kaiser would appear on its face an unequal form of justice as between Kaiser and Pfizer, Ms.

---

[1] Ms. Janney cannot help but notice that Kaiser has recently, successfully advanced the argument that identification of a prospective witness in discovery documents constituted sufficient basis to hold parties to this Court's discovery orders. *See Plaintiff Kaiser's Opposition To Defendants' Emergency Motion To Compel Depositions Of Kaiser Witnesses*, Docket #2247. Kaiser in fact dedicates an entire section, and 7 of 10 pages of a Brief, to this proposition.

3

Janney submits that the relief sought by Kaiser should denied out of hand on the basis by which it was sought.

### B. The Subpoena is Broad And Burdensome in Document Requests, Further Violating This Court's Order Even Were The Deposition Otherwise Permissible

Summarized, Kaiser contends before this Court that it simply wants to take a deposition. The subpoena on Ms. Jenny demonstrates, however, that Kaiser attempted to use the subpoena to conduct a far-ranging document intense discovery exercise, also in violation of this Court's order, far beyond the "mere deposition" Kaiser attempts to advocate to this Court now. *See* Exhibit 3 to Motion to compel, exhibit 4, thereto. Kaiser has made no effort in its motion to constrain the breadth of the subpoena and, for this additional reason, the motion to compel should be denied.

### C. The Subpoena is Broad And Burdensome and Provided Unreasonably Little Time For Compliance

Aside from attempting to compel a document production far beyond that which would be fairly within an otherwise permitted deposition under the Court's discovery order, the breadth of the document demands within the subpoena are excessive in any event. The subpoena at issue purports to impose upon your Ms. Janney an obligation to produce a wide range of documents and materials which were impractical to produce within the time permitted by the subpoena, the subpoena having been served but 12 days prior to the date Kaiser scheduled for this deposition.

Additionally, Ms. Janney has just begun, as of December 17, 2009, a new 12-week course of chemotherapy, administered on a weekly basis. While it is not certain how Ms. Janney will respond to these treatments, she objected to the subpoena based on a substantial concern that such treatments may interfere with her ability to participate in the deposition at all, let alone collect the wide-range of documents sought by the subpoena on 12 days notice.

By way of example but not limitation, Kaiser seeks "[a]ll documents, records, correspondence, email, notes, and other materials pertaining to Neurontin." Request #2. Ms. Janney worked for the manufacturer of Neurontin for years and was the lead biostatistician on the Pande study at issue. Aside from the difficulty of resolving what documents "pertain to" Neurotin, collection and production of these materials would be extremely difficult. The Court is reminded that Ms. Janney is not a party to this litigation and, thus, she submits that the request on its face imposes an excessive burden. *See* Cmedia, LLC v. LifeKey Healthcare, LLC, 216 F.R.D. 387, 56 F.R.Serv.3d 394 (N.D.Tex. 2003) (subpoena to advertiser's former media agent facially overbroad; non-party status a relevant factor to the determination); SEC v. Seahawk Deep Ocean Tech., 166 F.R.D. 268 (D.C.Conn. 1996) (court may consider movant's non-party status when weighing burdens imposed in connection with subpoena); Semtek Int'l., Inc. v. Merkuriy Ltd., 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996) (status of witness as nonparty entitles witness to consideration regarding expense and inconvenience.); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 51 (S.D.N.Y. 1996).

Request #4 poses its own level of difficulty. It seeks "All correspondence, including but not limited to emails, between you and Pfizer Inc., or its counsel, employees, former employees, consultants, retained experts, or agents, pertaining to Neurontin (gabapentin) or any clinical trial conducted concerning Neurontin (gabapentin)." Aside from the overly-broad scope of the request, Ms. Janney's involvement with Warner-Lambert, Parke-Davie, and Pfizer, Inc., dates back more than a decade and the request lacks any limitation as to time. While requests lacking limitations as to time are not *per se* impermissible, the burden Kaiser attempts to impose on this non-party is staggering. Further, collection of such documentation would have to be followed by a review for privilege and, if necessary, generation of a privilege log.

Kaiser also seeks "[a]ll notes of any conversation involving you and Pfizer, Inc., or its counsel, employees, former employees, consultants, retained experts, or agents. pertaining to Neurontin (gabapentin) or any clinical trial conducted concerning Neurontin (gabapentin)." Request #8. This request is, again, overly-broad on its face.

Given the breadth of the requests, the difficulties of collecting the documents arguably falling within the scope of the requests, the burden of review and redaction for whatever privilege may exist, and the limited time provided for compliance, this non-party respectfully submits that allowing this discovery *in derogation of the time limits established by this Court* cannot fairly or reasonably be justified or permitted.

The requests for documents places a significant and unnecessary burden on Ms. Janney. The document requests are sweeping, broad, and difficult to satisfy, particularly as applied to a non-party. The Federal Rules of Civil Procedure require a that a subpoena be quashed or modified where it "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv). Ms. Janney requests such relief from this Honorable Court.

**D.      Response To Issues And Arguments Raised**
   **1.      Ms. Janney's Declaration**

Kaiser describes the Janney Declaration as "a naked attempt to alter the well-established factual record concerning when the results of the Pande study were known." Brief at 7.

Stripped of Kaiser's hyperbole and metaphors, it appears Kaiser contends that Ms. Janneys declaration includes significant information. Perhaps. Ms. Janney is not in a position to judge the relative evidentiary significance of the information she has provided by declaration, whether there are other witnesses whose depositions or declarations or documents are known to Kaiser which corroborate the facts set forth in Ms. Janney's declaration, or whether Kaiser even genuinely disputes the facts she relates therein.

6

However, the more focal and significant the information within her Declaration is to Kaiser's position, the more Kaiser should be held to have conducted thorough and dispositive discovery on these points within the limits of the discovery schedule set by this Court and imposed on all parties.

Further, the supposed omissions Kaiser suggests lie within that Declaration will make for ample fodder at trial, whether used to examine any expert who might rely on the Declaration, or to cross-examine Ms. Janney in the event she were to testify at trial. Thus, the supposed omissions do make Ms. Janney's deposition particularly necessary at all.

Finally, to the exent Ms. Janney's Declaration differs from other evidence in the case, it is respectfully noted that Dr. Pande – according to Kaiser – provides the evidence Kaiser needs to advance its position. Ms. Janney's position, characterized by Kaiser as contrary, is hardly necessary for Kaiser's case.

### 2. Loyalty to Her Former Employer

Kaiser gratuitously offers through its brief that Ms. Janney has indicated that she will appear at trial if called by Pfizer "out of 'loyalty' to her former employer." At least through her counsel, Ms. Janney has made no such commitment. Ms. Janney *has* indicated, however, that, in the event she is requested by Pfizer to attend trial and testify, her motivations to comply would include her sense of civil obligation, coupled with a firm belief that the portrait Kaiser attempts to paint of a hindered study with delayed results and an impaired publication schedule is simply inaccurate and entirely contrary to the facts as she knows them.

Nevertheless, Ms. Janney is not an enthusiastic participant in these proceedings and would prefer to limit her involvement as much as possible. Ms. Janney thus declines Kaiser's efforts to compel her to the site of the trial days prior to the time her testimony might be sought.

### III.   Conclusion

WHEREFORE, Carol Janney moves this Honorable Court to issue an Order quashing the subpoena belatedly served on her by Kaiser.

Respectfully submitted,<br>
CAROL JANNEY<br>
by her attorney,<br>
<br>
/s/ Peter F. Carr, II<br>
Peter F. Carr, II, Esq. (BBO# 600069)<br>
**ECKERT SEAMANS CHERIN & MELLOTT, LLC.**<br>
Two International Place, 16th Floor<br>
Boston, MA 02110-2602<br>
Phone: 617.342.6800<br>
Fax: 617.342.6899

Date:  December 22, 2009

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 12/22/09
By: /s/ Peter F. Carr, II