# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------x
|  |  |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : |

MDL Docket No. 1629

Master File No. 04-10981

-----------------------------------------------------------x

Judge Patti B. Saris

THIS DOCUMENT RELATES TO:

Magistrate Judge Leo T. Sorokin

JEFFERY FARRIS and
KATHERINE FARRIS,

Plaintiffs,

v.

PFIZER INC.,
PARKE-DAVIS, a Division of
Warner-Lambert Company and
Warner-Lambert Company LLC,
WARNER-LAMBERT COMPANY,
WARNER-LAMBERT COMPANY LLC,
and TEVA PHARMACEUTICALS
USA, INC.,

Defendants.

**DEFENDANT TEVA
PHARMACEUTICALS USA,
INC.'S ANSWER TO
PLAINTIFFS' FIRST AMENDED
COMPLAINT; DEMAND FOR
JURY TRIAL**

-----------------------------------------------------------x

Teva Pharmaceuticals USA, Inc., by its attorneys, Goodwin Procter LLP, as and for its

Answer to Plaintiffs' First Amended Complaint ("Complaint"):

## STATEMENT OF THE CASE

1.       Denies each and every allegation contained in paragraph 1 of the Complaint,

except admits that in this action, plaintiffs purport to seek recovery from defendants for personal

injuries allegedly sustained by plaintiff, Jeffery Farris, related to his use of the prescription drug

gabapentin.

## PARTIES AND SERVICE OF PROCESS

2.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

LIBNY/4878471.1

13.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

LIBNY/4878471.1

24.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint.

LIBNY/4878471.1

35.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint.

LIBNY/4878471.1

46.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint.

LIBNY/4878471.1

57.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint.

LIBNY/4878471.1

68.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81 of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the Complaint.

LIBNY/4878471.1

90.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of the Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 94 of the Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 96 of the Complaint.

97.     In response to paragraph 97 of the Complaint, admits that Teva Pharmaceuticals USA, Inc. ("Teva") is a Delaware corporation with its principal place of business at 1090 Horsham Road, North Wales, PA 19454, and that Teva is a wholly-owned subsidiary of Teva Pharmaceutical Industries, Ltd., an Israeli corporation.

98.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Teva manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the State of Minnesota, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it.

LIBNY/4878471.1

99.     Denies each and every allegation contained in paragraph 99 of the Complaint, except admits that Teva manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the State of Minnesota, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it.

100.     In response to paragraph 100 of the Complaint, admits that Teva's principal place of business is in the County of Montgomery, Commonwealth of Pennsylvania at 1090 Horsham Road, North Wales, PA 19454.

101.     In response to paragraph 101 of the Complaint, admits that Teva currently manufactures and sells gabapentin as a pharmaceutical for human use in the United States, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it, and further admits that Teva manufactured and sold gabapentin as a pharmaceutical for human use.

102.     Denies each and every allegation contained in paragraph 102 of the Complaint, except admits that Teva submitted an ANDA for gabapentin to the FDA, which was approved prior to July 2005, and further admits that Teva manufactured and sold gabapentin as a pharmaceutical for human use.

103.     Denies each and every allegation contained in paragraph 103 of the Complaint, except admits that Teva manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the State of Minnesota, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it.

104.     Denies each and every allegation contained in paragraph 104 of the Complaint.

105.     Denies each and every allegation contained in paragraph 105 of the Complaint.

LIBNY/4878471.1

106.     Denies each and every allegation contained in paragraph 106 of the Complaint, except admits that Teva manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the State of Minnesota, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it.

107.     Denies each and every allegation contained in paragraph 107 of the Complaint.

## JURISDICTION AND VENUE

108.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 108 of the Complaint, except neither admits nor denies such allegation insofar as they purport to state conclusions of law.

## STATEMENT OF THE CASE

109.     The allegations in paragraph 109 are conclusions of law that require no response.

110.     The allegations in paragraph 110 are conclusions of law that require no response.

111.     The allegations in paragraph 111 are conclusions of law that require no response.

112.     Neither admits nor denies the allegations contained in paragraph 112 of the Complaint to the extent they state conclusions of law, except admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

113.     Neither admits nor denies the allegations contained in paragraph 113 of the Complaint to the extent they state conclusions of law, except admits that Teva has an obligation to manufacture, test, label, package, distribute and market its gabapentin product in accordance with its FDA-approved ANDA, all applicable FDA current Good Manufacturing Practices, and all other applicable FDA regulations and provisions of the Food, Drug & Cosmetic Act.

LIBNY/4878471.1

114.    Neither denies nor admits the allegations contained in paragraph 114 of the Complaint to the extent that they state conclusions of law, except admits that Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

115.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 115 of the Complaint, except admits that Pfizer and Parke-Davis are listed by the FDA as holders of FDA as holders of new drug applications ("NDA") for Neurontin®.

116.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 of the Complaint, except admits that Neurontin® is the FDA reference-listed drug for Teva's generic drug product gabapentin, and that Teva's gabapentin is indicated for the management of postherpetic neuralgia and for the treatment of epilepsy.

117.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117 of the Complaint.

118.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 118 of the Complaint.

119.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 119 of the Complaint.

120.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 120 of the Complaint.

121.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 121 of the Complaint.

LIBNY/4878471.1

122.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 122 of the Complaint.

123.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the Complaint.

124.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124 of the Complaint.

125.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125 of the Complaint.

126.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 126 of the Complaint, except admits that a document purporting to be a copy of criminal information indicting Warner-Lambert Company LLC  in the United States District Court for the District of Massachusetts was annexed to the Complaint at Exhibit A thereto.

127.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 127 of the Complaint.

128.     In response to paragraph 128 of the Complaint, admits that Teva received its ANDA approval from the FDA to distribute gabapentin in capsule form on October 8, 2004.

129.     Neither denies nor admits the allegations contained in paragraph 129 of the Complaint to the extent that they state conclusions of law, except admits that Teva complied at all times with applicable statutory and regulatory requirements and obligations relevant to the submission of an ANDA for its gabapentin product.

130.     Neither denies nor admits the allegations contained in paragraph 130 of the Complaint to the extent that they state conclusions of law, except admits that Teva complied at

14

all times with applicable statutory and regulatory requirements and obligations relevant to the submission of an ANDA for its gabapentin product.

131.    Neither denies nor admits the allegations contained in paragraph 131 of the Complaint to the extent that they state conclusions of law, except admits that Teva complied with all FDA regulations relevant to the ANDA approval process.

132.    Denies each and every allegation contained in paragraph 132 of the Complaint to the extent that they state conclusions of law, except admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

133.    Denies each and every allegation contained in paragraph 133 of the Complaint.

134.    Denies each and every allegation contained in paragraph 134 of the Complaint, and specifically avers that Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

135.    Denies each and every allegation contained in paragraph 135 of the Complaint, and specifically avers that Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product, including FDA regulations relevant to the ANDA approval process.

136.    Denies each and every allegation contained in paragraph 136 of the Complaint to the extent that they state conclusions of law, and specifically avers that Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product, including FDA regulations relevant to the ANDA approval process.

137.     Denies each and every allegation contained in paragraph 137 of the Complaint, and specifically avers that Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product and that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling.  Teva further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 137 to the extent such allegations pertain to information available from FDA through a FOIA request.

138.     Denies each and every allegation contained in paragraph 138 of the Complaint, except admits that there was an August 5, 2005 leaflet concerning gabapentin approved by the Isreali Minister of Health and distributed by Teva Pharmaceutical Industries, Ltd. in Israel.  That document speaks for itself.

139.     The allegations in paragraph 139 are conclusions of law that require no response.

140.     Neither admits nor denies the allegations contained in paragraph 140 of the Complaint to the extent that they state conclusions of law, except admits that the FDA's *amicus* brief submitted to the United States Court of Appeals for the Third Circuit in *Colacicco v. Apotex, Inc.* No. 06-3107 contains the paragraph referenced in paragraph 140 of the Complaint.

141.     Denies each and every allegation contained in paragraph 141 of the Complaint, and specifically avers that Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

142.     Denies each and every allegation contained in paragraph 142 of the Complaint.

143.     Denies each and every allegation contained in paragraph 143 of the Complaint, and specifically avers that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva complied

16

with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

144.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 144 of the Complaint, except denies each and every such allegation insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

145.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 145 of the Complaint.

146.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 146 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

147.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 147 of the Complaint.

148.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 148 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

149.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 149 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

17

150.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 150 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

151.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 151 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

**I. NEGLIGENCE**
**AGAINST THE PFIZER DEFENDANTS**

152.     In response to paragraph 152 of the Complaint, repeats and realleges its responses to paragraphs 1 through 151 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

153.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 153 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

154.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 154 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

155.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 155 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

LIBNY/4878471.1

156.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 156 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

157.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 157 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

158.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 158 of the Complaint.

159.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 159 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

160.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 160 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

## II. BREACH OF WARRANTY
## AGAINST THE PFIZER DEFENDANTS

161.    In response to paragraph 161 of the Complaint, repeats and realleges its responses to paragraphs 1 through 160 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

162.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 162 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

19

163.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 163 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

164.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 164 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

165.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 165 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

166.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 166 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

167.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 167 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

168.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 168 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

### III. STRICT PRODUCTS LIABILITY
### AGAINST PFIZER DEFENDANTS

169.     In response to paragraph 169 of the Complaint, repeats and realleges its responses to paragraphs 1 through 168 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

LIBNY/4878471.1

170.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 170 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

171.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 171 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

172.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 172 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

173.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 173 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

### IV. FRAUDULENT MISREPRESENTATION
### AGAINST THE PFIZER DEFENDANTS

174.    In response to paragraph 174 of the Complaint, repeats and realleges its responses to paragraphs 1 through 173 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

175.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 175 of the Complaint.

176.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 176 of the Complaint.

177.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 177 of the Complaint, except admits that Pfizer and Parke-Davis are listed by the FDA as holders of NDAs for Neurontin®.

178.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 178 of the Complaint.

179.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 179 of the Complaint.

180.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 180 of the Complaint.

181.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 181 of the Complaint.

182.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 182 of the Complaint.

183.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 183 of the Complaint.

184.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 184 of the Complaint.

185.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 185 of the Complaint.

186.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 186 of the Complaint.

187.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 187 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.  Teva admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process

22

require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

188.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 188 of the Complaint.

189.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 189 of the Complaint.

190.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 190 of the Complaint.

191.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 191 of the Complaint.

192.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 192 of the Complaint.

193.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 193 of the Complaint.

194.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 194 of the Complaint.

195.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 195 of the Complaint.

196.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 196 of the Complaint.

197.     In Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 197 of the Complaint.

198.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 198 of the Complaint.

199.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 199 of the Complaint.

200.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 200 of the Complaint.

201.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 201 of the Complaint.

202.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 202 of the Complaint.

203.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 203 of the Complaint.

204.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 204 of the Complaint.

205.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 205 of the Complaint.

206.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 206 of the Complaint.

207.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 207 of the Complaint.

208.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 208 of the Complaint.

LIBNY/4878471.1

209.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 209 of the Complaint.

210.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 210 of the Complaint.

211.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 211 of the Complaint.

212.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 212 of the Complaint.

213.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 213 of the Complaint.

214.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 214 of the Complaint.

215.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 215 of the Complaint.

216.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 216 of the Complaint.

217.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 217 of the Complaint.

218.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 218 of the Complaint.

219.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 219 of the Complaint.

LIBNY/4878471.1

220.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 220 of the Complaint.

221.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 221 of the Complaint.

222.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 222 of the Complaint.

223.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 223 of the Complaint.

224.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 224 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

225.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 225 of the Complaint.

226.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 226 of the Complaint.

227.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 227 of the Complaint.

228.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 228 of the Complaint.

229.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 229 of the Complaint.

230.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 230 of the Complaint.

LIBNY/4878471.1

231.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 231 of the Complaint.

232.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 232 of the Complaint.

233.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 233 of the Complaint.

234.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 234 of the Complaint.

235.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 235 of the Complaint.

236.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 236 of the Complaint.

237.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 237 of the Complaint.

238.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 238 of the Complaint.

239.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 239 of the Complaint.

240.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 240 of the Complaint.

241.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 241 of the Complaint.

LIBNY/4878471.1

242.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 242 of the Complaint.

243.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 243 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

## V. VIOLATION OF TENNESSEE CONSUMER PROTECTION <u>STATUTE AGAINST THE PFIZER DEFENDANTS</u>

244.     In response to paragraph 244 of the Complaint, repeats and realleges its responses to paragraphs 1 through 243 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

245.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 245 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

246.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 246 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

247.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 247 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

## VI. NEGLIGENCE <u>AGAINST DEFENDANT TEVA</u>

248.     In response to paragraph 248 of the Complaint, repeats and realleges its responses to paragraphs 1 through 247 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

249.     Denies each and every allegation contained in paragraph 249, except admits that Teva has an obligation to manufacture, test, label, package, distribute and market its gabapentin product in accordance with its FDA-approved ANDA, all applicable FDA current Good Manufacturing Practices, and all other applicable FDA regulations and provisions of the Food, Drug & Cosmetic Act.

250.     Denies each and every allegation contained in paragraph 250, and specifically denies each and every allegation insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.  Teva further avers that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

251.     Denies each and every allegation contained in paragraph 251 of the Complaint, and specifically avers that it complied at all times with all applicable statutory and regulatory requirements and obligations with respect to the content of its FDA-mandated and approved product labeling for its gabapentin product.

252.     Denies each and every allegation contained in paragraph 252, and specifically denies each and every allegation insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.  Teva further avers that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

253.     Denies each and every allegation contained in paragraph 253, and specifically denies each and every allegation insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

254.     Denies each and every allegation contained in paragraph 254 of the Complaint.

255.     Denies each and every allegation contained in paragraph 255 of the Complaint.

256.      Denies each and every allegation contained in paragraph 256 of the Complaint.

## VII. BREACH OF WARRANTY<br>AGAINST DEFENDANT TEVA

257.     In response to paragraph 257 of the Complaint, repeats and realleges its responses to paragraphs 1 through 256 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

258.     Denies each and every allegation contained in paragraph 258 of the Complaint, except admits that Teva complied at all times with all applicable statutory and regulatory requirements and obligations with respect to the content of its FDA-mandated and approved product labeling for its gabapentin product.

259.     Denies each and every allegation contained in paragraph 259 of the Complaint.

260.     Denies each and every allegation contained in paragraph 260 of the Complaint.

261.     Denies each and every allegation contained in paragraph 261 of the Complaint.

262.     Denies each and every allegation contained in paragraph 262 of the Complaint

263.     Denies each and every allegation contained in paragraph 263 of the Complaint.

264.     Denies each and every allegation contained in paragraph  264 of the Complaint.

## VIII. STRICT PRODUCTS LIABILITY
### AGAINST DEFENDANT TEVA

265.     In response to paragraph 265 of the Complaint, repeats and realleges its responses to paragraphs 1 through 264 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

266.     Denies each and every allegation contained in paragraph 266 of the Complaint.

267.     Denies each and every allegation contained in paragraph 267 of the Complaint

268.     Denies each and every allegation contained in paragraph 268 of the Complaint.

269.     Denies each and every allegation contained in paragraph 269 of the Complaint.

## IX. LOSS OF CONSORTIUM
### AGAINST ALL DEFENDANTS

270.     In response to paragraph 270 of the Complaint, repeats and realleges its responses to paragraphs 1 through 269 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

271.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 271 of the Complaint, except neither admits nor denies such allegation insofar as they purport to state conclusions of law, and further denies each and every such allegation insofar as it is alleged or implied that plaintiff, Katherine Farris, was injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

272.     In response to paragraph 220 of the Complaint, neither admits nor denies such allegation insofar as they purport to state conclusions of law, except admits that plaintiffs seek actual and compensatory damages.  Teva further denies each and every such allegation in paragraph 272 insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

## GENERAL DAMAGES

273.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 273 of the Complaint, except neither admits nor denies such allegation insofar as they purport to state conclusions of law, and further denies each and every such allegation insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

274.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 274 of the Complaint, except neither admits nor denies such allegation insofar as they purport to state conclusions of law, and further denies each and every such allegation insofar as it is alleged or implied that plaintiffs were injured or otherwise suffered any damages as a result of any culpable conduct of Teva.

## DEFENSES

By alleging the defenses set forth below, Teva does not admit that it has the burden of proof and/or burden of persuasion with respect to any of these defenses.

### FIRST ADDITIONAL DEFENSE

Plaintiffs' Complaint, and each and every allegation therein directed to Teva, fails to state a claim against Teva upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD ADDITIONAL DEFENSE

Plaintiffs' claims against Teva are barred by laches, waiver and/or estoppel.

LIBNY/4878471.1

## FOURTH ADDITIONAL DEFENSE

If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same resulted in whole or in part from an intervening cause and/or causes, and any action on the part of Teva was not the proximate and/or competent producing cause of plaintiffs' alleged injuries.

## FIFTH ADDITIONAL DEFENSE

If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Teva neither exercised nor had any right of control, for which Teva is and was not responsible, and whose conduct Teva had no duty or reason to anticipate or control.

## SIXTH ADDITIONAL DEFENSE

If in fact the Complaint is held to contain a claim upon which relief may be granted, then plaintiffs' recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiffs or other agents or persons other than Teva.

## SEVENTH ADDITIONAL DEFENSE

The manufacture, marketing and labeling of gabapentin was controlled by federal law and Teva was at all times in compliance with applicable federal law with respect thereto; therefore, the Complaint fails to state a claim upon which relief may be granted in that, inter alia, such causes of action, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription items and would constitute an invalid burden by this court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

LIBNY/4878471.1

### EIGHTH ADDITIONAL DEFENSE

In the event plaintiffs are found to have suffered any injury, disease, damage, pain and/or disability, the degree of responsibility, negligence, and fault of each person who contributed to said injuries should be determined, and Teva should be held liable only for that proportion of the resulting damage which corresponds to its degree of fault, responsibility, or negligence, if any.

### NINTH ADDITIONAL DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiffs as alleged in the Complaint were sustained only after plaintiffs knowingly and voluntarily assumed any alleged risk inherent in the use of gabapentin.

### TENTH ADDITIONAL DEFENSE

Plaintiffs failed to heed the warnings provided by Teva.

### ELEVENTH ADDITIONAL DEFENSE

Upon information and belief, any injury, loss or damage that plaintiffs may have sustained was caused in whole or in part by plaintiffs' own negligence.

### TWELFTH ADDITIONAL DEFENSE

At all times relevant to plaintiffs' claims against Teva, Teva conformed its conduct to the state of medical knowledge, common and accepted procedures in the medical field, professional standards, and the medical and pharmacological state of the art.

### THIRTEENTH ADDITIONAL DEFENSE

Any alleged defect in gabapentin could not have been detected or removed by a reasonable use of scientific procedures or techniques.

34

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiffs' breach of warranty claims are barred by plaintiffs' failure to provide timely notice of any alleged breach of warranty.

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiffs' breach of warranty claims are barred by the absence of privity between plaintiffs and Teva.

## SIXTEENTH ADDITIONAL DEFENSE

To the extent that plaintiffs' claims sound in negligent misrepresentation, such claims are barred by the absence of privity between plaintiffs and Teva.

## SEVENTEENTH ADDITIONAL DEFENSE

Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

## EIGHTEENTH ADDITIONAL DEFENSE

Plaintiffs have failed to state a claim against Teva upon which relief may be granted for punitive or exemplary damages.

## NINETEENTH ADDITIONAL DEFENSE

Any injuries, damages and/or losses allegedly sustained by plaintiffs were caused in whole or in part by preexisting conditions, for which Teva bears no legal responsibility or liability.

## TWENTIETH ADDITIONAL DEFENSE

Teva discharged its duty to warn by including fair and adequate warnings as to the risks, precautions and potential adverse reactions from using its gabapentin product in the product labeling therefor.  Accordingly, Teva is not liable to plaintiffs by virtue of the learned intermediary doctrine.

LIBNY/4878471.1

## TWENTY-FIRST ADDITIONAL DEFENSE

Teva is not a proper party.

## TWENTY-SECOND ADDITIONAL DEFENSE

If Teva is found liable to plaintiffs for any non-economic loss allegedly suffered by plaintiffs, such liability equals fifty percent or less of the total liability of all persons liable, and the aggregate liability of such other persons equals or exceeds fifty percent of the total liability. Accordingly, Teva's liability, if any, to plaintiffs for plaintiffs' non-economic loss shall not exceed Teva's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

## TWENTY-THIRD ADDITIONAL DEFENSE

The Complaint fails to plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## TWENTY-FOURTH ADDITIONAL DEFENSE

The claims for relief based upon fraud and/or misrepresentation are barred, in whole or in part, because there were no misstatements or misrepresentations made by or attributable to Teva.

## TWENTY-FIFTH ADDITIONAL DEFENSE

The claims for relief based upon fraud and/or misrepresentation are barred, in whole or in part, because at all relevant times the claimed misrepresentations and/or omissions allegedly made by Teva, if any, were immaterial as a matter of law.

## TWENTY-SIXTH ADDITIONAL DEFENSE

The claims for relief based upon fraud and/or misrepresentation are barred, in whole or in part, because at no time did plaintiff, or his physicians rely upon any material misrepresentations or omissions by Teva.

LIBNY/4878471.1

WHEREFORE, Teva respectfully requests that the Complaint be dismissed as to it in all respects, together with such other and further relief as to this Court may seem just and proper.

Dated: December 24, 2009

<div style="margin-left:40%">

Respectfully submitted,

TEVA PHARMACEUTICALS USA, INC.

By its attorneys,

/s/ U. Gwyn Williams                    .
U. Gwyn Williams (BBO # 565181)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
gwilliams@goodwinprocter.com

</div>

<div style="text-align:center"><strong><u>CERTIFICATE OF SERVICE</u></strong></div>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 24, 2009.

<div style="margin-left:40%">

/s/ U. Gwyn Williams

</div>