UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
     :
NEURONTIN MARKETING, SALES   :   MDL Docket No. 1629
PRACTICES AND PRODUCTS      :
LIABILITY LITIGATION      :   Master File No. 04-10981
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
     :   Judge Patti B. Saris
THIS DOCUMENT RELATES TO:     :
     :   Magistrate Judge Leo T.
*Morrow v. Pfizer Inc., et al.,*      :   Sorokin
1:08-cv-11706-PBS      :
     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER TO AMENDED COMPLAINT

Defendants Pfizer Inc ("Pfizer"), Parke-Davis, a division of Warner-Lambert
Company and Warner-Lambert Company LLC ("Parke-Davis"), Warner-Lambert
Company ("Warner-Lambert") and Warner-Lambert Company LLC ("Warner-Lambert
LLC" and collectively, "Defendants"), by their undersigned counsel, answer Plaintiff's
Amended Complaint in the above-captioned action (the "Complaint") as follows:

## AS TO STATEMENT OF THE CASE

1.     Deny the allegations in paragraph 1, except admit that the United States
Food and Drug Administration ("FDA") has approved Neurontin® ("Neurontin"), the
brand name for gabapentin, for labeling as safe and effective only as adjunctive therapy
in the treatment of partial seizures in patients with epilepsy and in the management of
postherpetic neuralgia.

## AS TO PARTIES AND JURISDICTION

2.     Paragraph 2 and its subparts assert legal conclusions to which no response
is required, and Defendants therefore deny the allegations in paragraph 2 and its subparts,

except admit: (1) that Pfizer is a corporation organized under the laws of the State of Delaware and has its headquarters in the State of New York; (2) that Warner-Lambert Company LLC is a Delaware limited liability company with Pfizer as its sole member; (3) and upon information and belief, that the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; and except state that the allegations in paragraph 2 directed at Teva Pharmaceuticals USA, Inc. are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants state, upon information and belief, that Teva Pharmaceuticals USA, Inc. is a Delaware corporation having its headquarters in the Commonwealth of Pennsylvania.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny the same.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore deny same.

5. Admit the allegations in paragraph 5.

6. Admit the allegations in paragraph 6.

7. Admit the allegations in paragraph 7.

8. Deny the allegations in paragraph 8, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

9. Deny the allegations in paragraph 9.

10. Deny the allegations in paragraph 10.

11.     Deny the allegations in paragraph 11, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

12.     Deny the allegations in paragraph 12, except admit that Warner-Lambert Company was authorized to do business in the State of Mississippi until December 31, 2002.

13.     Deny the allegations in paragraph 13, except admit that Warner-Lambert Company was a business entity actually doing business in the State of Mississippi until December 31, 2002.

14.     Deny the allegations in paragraph 14, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

15.     Deny the allegations in paragraph 15.

16.     Deny the allegations in paragraph 16, except admit that since December 31, 2002, Warner-Lambert Company LLC has been a Delaware limited liability company.

17.     Deny the allegations in paragraph 17, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the State of Mississippi since December 31, 2002.

18.     Deny the allegations in paragraph 18, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the State of Mississippi since December 31, 2002.

19.     The allegations in paragraph 19 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is a Delaware corporation.

20.     The allegations in paragraph 20 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny same.

21.     The allegations in paragraph 21 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore deny same.

22.     The allegations in paragraph 22 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is a corporation having its headquarters in the Commonwealth of Pennsylvania.

23.     Deny the allegations in paragraph 23, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

24.     Deny the allegations in paragraph 24.

25.     Deny the allegations in paragraph 25.

4

26.     Deny the allegations in paragraph 26.

27.     Deny the allegations in paragraph 27, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

28.     Paragraph 28 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 28.

29.     Deny the allegations in paragraph 29.

30.     Deny the allegations in paragraph 30, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

31.     Paragraph 31 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 31.

32.     Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

33.     Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.     Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.     Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.     Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

37.     Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.     Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.     Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

40.     Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

41.     Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.     Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.     Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.     Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.     Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.     Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

47.     Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

48.     Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.     Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.     Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

51.     Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

52.     Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.     Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.     Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.     Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.     Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.     Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.     Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

59.     Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.     Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.     Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

62.     Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.     Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.     Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.     Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.     Paragraph 66 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 66.

67.     Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.     Paragraph 68 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 68.

69.     Paragraph 69 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 69.

70.     Paragraph 70 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 70.

71.     Paragraph 71 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 71.

72.     Deny the allegations in paragraph 72, except admit that Pfizer's headquarters are in New York.

73.     Paragraph 73 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 73.

74.     Paragraph 74 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 74.

75.     Paragraph 75 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 75.

76.     Deny the allegations in paragraph 76, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin.

77.     Deny the allegations in paragraph 77, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

78.     Deny the allegations in paragraph 78, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the State of Mississippi and contracts to provide goods in the State of Mississippi.

79.     Deny the allegations in paragraph 79.

80.     Deny the allegations in paragraph 80.

81.     Admit the allegations in paragraph 81.

82.     Deny the allegations in paragraph 82.

83.     Deny the allegations in paragraph 83.

84.     Deny the allegations in paragraph 84, except admit that Parke-Davis marketed Neurontin on a date prior to July 3, 2005.

85.     Deny the allegations in paragraph 85, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the State of Mississippi and contracted to provide goods in the State of Mississippi.

86.     Deny the allegations in paragraph 86.

87.     Deny the allegations in paragraph 87.

88.     Deny the allegations in paragraph 88, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until June 2000 and that until June 2000, Parke-Davis directly or indirectly did and solicited business and engaged in a persistent course of conduct in the State of Mississippi, deriving substantial revenue from goods and products consumed in the State of Mississippi.

89.     Deny the allegations in paragraph 89.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91, except admit that Warner-Lambert Company marketed and sold Neurontin until June 2000.

10

92.     Deny the allegations in paragraph 92, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the State of Mississippi and contracted to provide goods in the State of Mississippi.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95, except admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the State of Mississippi, deriving substantial revenue from goods and products consumed in the State of Mississippi.

96.     Deny the allegations in paragraph 96.

97.     Deny the allegations in paragraph 97.

98.     Deny the allegations in paragraph 98.

99.     Deny the allegations in paragraph 99.

100.     Deny the allegations in paragraph 100.

101.     Deny the allegations in paragraph 101.

102.     Deny the allegations in paragraph 102, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of Mississippi, deriving substantial revenue from goods and products consumed in the State of Mississippi.

103.     Deny the allegations in paragraph 103, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged

in a persistent course of conduct in the State of Mississippi, deriving substantial revenue from interstate commerce.

104.    The allegations in paragraph 104 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and therefore deny same.

105.    The allegations in paragraph 105 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, and therefore deny same.

106.    The allegations in paragraph 106 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and therefore deny same.

107.    The allegations in paragraph 107 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 107.

108.    The allegations in paragraph 108 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 108.

109.    The allegations in paragraph 109 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed

necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109, and therefore deny same.

110.    The allegations in paragraph 110 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and therefore deny same.

## AS TO BACKGROUND

111.    Paragraph 111 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 111.

112.    Paragraph 112 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 112.

113.    Paragraph 113 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 113.

114.    Paragraph 114 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 114.

115.    Paragraph 115 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 115.

116.    Paragraph 116 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 116.

117.    Deny the allegations in paragraph 117, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the

treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

118.    Deny the allegations in paragraph 118, except admit that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

119.    Deny the allegations in paragraph 119.

120.    Deny the allegations in paragraph 120.

121.    Deny the allegations in paragraph 121.

122.    Deny the allegations in paragraph 122.

123.    Deny the allegations in paragraph 123.

124.    Deny the allegations in paragraph 124.

125.    Deny the allegations in paragraph 125, except admit that Neurontin was FDA-approved as adjunctive therapy for the treatment of epilepsy.

126.    Deny the allegations in paragraph 126.

127.    Deny the allegations in paragraph 127.

128.    Deny the allegations in paragraph 128, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

129.    Deny the allegations in paragraph 129.

130.    The allegations in paragraph 130 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed

necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130, and therefore deny same.

131.    The allegations in paragraph 131 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131, and therefore deny same.

132.    The allegations in paragraph 132 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

133.    The allegations in paragraph 133 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

134.    The allegations in paragraph 134 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

135.    The allegations in paragraph 135 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 135, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135

15

regarding the contents of the press release posted on the website of Teva Pharmaceuticals Industries Ltd., and therefore deny same.

136.    The allegations in paragraph 136 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 136, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 regarding Teva's knowledge of Neurontin studies and off-label usage.

137.    The allegations in paragraph 137 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions in paragraph 137 and therefore deny same.

138.    The allegations in paragraph 138 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore deny same, except that Defendants state that federal laws, federal regulations, and the opinions and determinations of the United States District Court for the District of Massachusetts speak for themselves.

139.    The allegations in paragraph 139 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore deny same, except that Defendants state that the 1993 FDA Clinical Review for Neurontin speaks for itself.

140.  The allegations in paragraph 140 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the leaflet and website referred to speak for themselves.

141.  The allegations in paragraph 141 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws and regulations speak for themselves.

142.  The allegations in paragraph 142 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that FDA's *amicus curiae* brief speaks for itself.

143.  The allegations in paragraph 143 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 and therefore deny same, except that Defendants state that the federal laws and regulations speak for themselves.

144.  The allegations in paragraph 144 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws, federal regulations, and laws of Mississippi speak for themselves.

145.  The allegations in paragraph 145 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 and therefore deny same, except that Defendants state that the federal laws, federal regulations, and laws of Mississippi speak for themselves.

17

146.    Deny the allegations in paragraph 146.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147, and therefore deny same.

148.    To the extent the allegations in paragraph 148 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations in paragraph 148 are directed at Defendants, Defendants deny the allegations in paragraph 148, and deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's decedent's physician prescribed Neurontin and/or gabapentin to treat Plaintiff's decedent's pain and nerve damage, and therefore deny same.

149.    The allegations in paragraph 149 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149, and therefore deny same.

150.    The allegations in paragraph 150 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150, and therefore deny same.

151.    To the extent the allegations in paragraph 151 are directed at a defendant other than Defendants, no response is required. To the extent the allegations in paragraph 151 are directed at Defendants, Defendants deny the allegations in paragraph 151, and deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's decedent's physician prescribed Neurontin and/or gabapentin to treat Plaintiff's pain, and therefore deny same.

152.    Deny the allegations in paragraph 152.

153.    Deny the allegations in paragraph 153.

154.    Deny the allegations in paragraph 154.

155.    Deny the allegations in paragraph 155.

156.    To the extent the allegations in paragraph 156 are directed at a defendant other than Defendants, no response is required. To the extent the allegations in paragraph 156 are directed at Defendants, paragraph 156 asserts legal conclusions to which no response is required, and Defendants therefore deny the allegations in paragraph 156.

157.    To the extent the allegations in paragraph 157 are directed at a defendant other than Defendants, no response is required. To the extent the allegations in paragraph 157 are directed at Defendants, Defendants deny the allegations in paragraph 157.

158.    To the extent the allegations in paragraph 158 are directed at a defendant other than Defendants, no response is required. To the extent the allegations in paragraph 158 are directed at Defendants, Defendants deny the allegations in paragraph 149.

159.    To the extent the allegations in paragraph 159 are directed at a defendant other than Defendants, no response is required. To the extent the allegations in paragraph 159 are directed at Defendants, Defendants deny the allegations in paragraph 159.

## AS TO FIRST CAUSE OF ACTION

160.    Repeat each and every response to the allegations in paragraphs 1 through 159.

161.    Deny the allegations in paragraph 161.

162.    Deny the allegations in paragraph 162.

163.    Deny the allegations in paragraph 163.

19

164.    Deny the allegations in paragraph 164.

165.    Deny the allegations in paragraph 165.

166.    Deny the allegations in paragraph 166.

167.    Deny the allegations in paragraph 167.

168.    Deny the allegations in paragraph 168, except admit that Plaintiff seeks the relief stated in paragraph 168, but deny that Plaintiff is entitled to such relief.

## AS TO SECOND CAUSE OF ACTION

169.    Repeat each and every response to the allegations in paragraphs 1 through 168.

170.    Deny the allegations in paragraph 170.

171.    Deny the allegations in paragraph 171.

172.    Deny the allegations in paragraph 172.

173.    Deny the allegations in paragraph 173.

174.    Deny the allegations in paragraph 174.

175.    Deny the allegations in paragraph 174.

176.    Deny the allegations in paragraph 176, except admit that Plaintiff seeks the relief stated in paragraph 176, but deny that Plaintiff is entitled to such relief.

## AS TO THIRD CAUSE OF ACTION

177.    Repeat each and every response to the allegations in paragraphs 1 through 176.

178.    Deny the allegations in paragraph 178.

179.    Deny the allegations in paragraph 179.

180.    Deny the allegations in paragraph 180.

181.   Deny the allegations in paragraph 181, except admit that Plaintiff seeks the relief stated in paragraph 181, but deny that Plaintiff is entitled to such relief.

### AS TO FOURTH CAUSE OF ACTION

182.   Repeat each and every response to the allegations in paragraphs 1 through 181.

183.   Deny the allegations in paragraph 183.

184.   Deny the allegations in paragraph 184.

185.   Deny the allegations in paragraph 185, except refer to the Information for its contents.

186.   Deny the allegations in paragraph 186, except refer to the Information for its contents.

187.   Deny the allegations in paragraph 187, except refer to the Information for its contents.

188.   Deny the allegations in paragraph 188, except refer to the Information for its contents.

189.   Deny the allegations in paragraph 189, except refer to the Information for its contents.

190.   Deny the allegations in paragraph 190, except refer to the Information for its contents.

191.   Deny the allegations in paragraph 191, except refer to the Information for its contents.

192.   Deny the allegations in paragraph 192, except refer to the Information for its contents.

193.    Deny the allegations in paragraph 193, except refer to the Information for its contents.

194.    Deny the allegations in paragraph 194, except refer to the Information for its contents.

195.    Deny the allegations in paragraph 195, except refer to the Information for its contents.

196.    Deny the allegations in paragraph 196, except refer to the Information for its contents.

197.    Deny the allegations in paragraph 197, except refer to the Information for its contents.

198.    Deny the allegations in paragraph 198, except refer to the Information for its contents.

199.    Deny the allegations in paragraph 199, except refer to the Information for its contents.

200.    Deny the allegations in paragraph 200 and all of its subparts, except refer to the Information for its contents.

201.    Deny the allegations in paragraph 201, except refer to the Information for its contents.

202.    Deny the allegations in paragraph 202, except refer to the Information for its contents.

203.    Deny the allegations in paragraph 194, except refer to the Information for its contents.

204.    Deny the allegations in paragraph 204, except refer to the Information for its contents.

205.    Deny the allegations in paragraph 205, except refer to the Information for its contents.

206.    Deny the allegations in paragraph 206, except refer to the Information for its contents.

207.    Deny the allegations in paragraph 207, except refer to the Information for its contents.

208.    Deny the allegations in paragraph 208, except refer to the Information for its contents.

209.    Deny the allegations in paragraph 209, except refer to the Information for its contents.

210.    Deny the allegations in paragraph 210, except refer to the Information for its contents.

211.    Deny the allegations in paragraph 211.

212.    Deny the allegations in paragraph 212.

213.    Deny the allegations in paragraph 213.

214.    Deny the allegations in paragraph 214.

215.    Deny the allegations in paragraph 215, and all of its subparts.

216.    Deny the allegations in paragraph 216.

217.    Deny the allegations in paragraph 217.

218.    Deny the allegations in paragraph 218.

219.    Deny the allegations in paragraph 219.

220.    Deny the allegations in paragraph 220.

221.    Deny the allegations in paragraph 221.

222.    Deny the allegations in paragraph 222, except refer to the supplemental NDA and the letter dated August 26, 1997 referenced in paragraph 222 for their contents.

223.    Deny the allegations in paragraph 223.

224.    Deny the allegations in paragraph 224.

225.    Deny the allegations in paragraph 225, except refer to the letter dated June 29, 2001 for its contents.

226.    Deny the allegations in paragraph 226, except refer to the letter dated July 1, 2002 for its contents.

227.    Deny the allegations in paragraph 227.

228.    Deny the allegations in paragraph 228.

229.    Deny the allegations in paragraph 229.

230.    Deny the allegations in paragraph 230.

231.    Deny the allegations in paragraph 231.

232.    Deny the allegations in paragraph 232.

233.    Deny the allegations in paragraph 233, except refer to the article referenced in paragraph 233 for its contents.

234.    Deny the allegations in paragraph 234.

235.    Deny the allegations in paragraph 235.

236.    Deny the allegations in paragraph 236.

237.   Deny the allegations in paragraph 237, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

238.   Deny the allegations in paragraph 238.

239.   Deny the allegations in paragraph 239.

240.   Deny the allegations in paragraph 240.

241.   Deny the allegations in paragraph 241.

242.   Deny the allegations in paragraph 242.

243.   Deny the allegations in paragraph 243, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

244.   Deny the allegations in paragraph 244.

245.   Deny the allegations in paragraph 245.

246.   Deny the allegations in paragraph 246.

247.   Deny the allegations in paragraph 247.

248.   Deny the allegations in paragraph 248.

249.   Deny the allegations in paragraph 249.

250.   Deny the allegations in paragraph 250.

251.   Deny the allegations in paragraph 251, except admit that Plaintiff seeks the relief stated in paragraph 251, but deny that Plaintiff is entitled to such relief.

## AS TO FIFTH CAUSE OF ACTION

252.     Repeat each and every response to the allegations in paragraphs 1 through 251.

253.     The allegations in paragraph 253 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 253.

254.     The allegations in paragraph 254 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 254.

255.     The allegations in paragraph 255 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 255.

256.     The allegations in paragraph 256 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 256.

257.     The allegations in paragraph 257 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 257.

258.     The allegations in paragraph 258 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 258.

259.     The allegations in paragraph 259 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed

necessary, Defendants deny the allegations in paragraph 259, except admit that Plaintiff seeks the relief stated in paragraph 259, but deny that Plaintiff is entitled to such relief.

### AS TO SIXTH CAUSE OF ACTION

260.    Repeat each and every response to the allegations in paragraphs 1 through 259.

261.    The allegations in paragraph 261 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 261.

262.    The allegations in paragraph 262 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 262.

263.    The allegations in paragraph 263 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 263.

264.    The allegations in paragraph 264 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 264.

265.    The allegations in paragraph 265 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 265.

266.    The allegations in paragraph 266 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 266.

267.    Paragraph 267 is directed at a defendant other than the Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 267, except admit that Plaintiff seeks the relief stated in paragraph 267, but deny that Plaintiff is entitled to such relief.

## AS TO SEVENTH CAUSE OF ACTION

268.    Repeat each and every response to the allegations in paragraphs 1 through 267.

269.    The allegations in paragraph 269 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 269.

270.    The allegations in paragraph 270 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 270.

271.    The allegations in paragraph 271 are directed at a defendant other than Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 271.

272.    Paragraph 272 is directed at a defendant other than the Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 272, except admit that Plaintiff seeks the relief stated in paragraph 272, but deny that Plaintiff is entitled to such relief.

## AS TO EIGHTH CAUSE OF ACTION

273.    Repeat each and every response to the allegations in paragraphs 1 through 272.

274.    To the extent the allegations in paragraph 274 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations in paragraph 274 are directed at Defendants, Defendants deny the allegations in paragraph 274

275.    To the extent the allegations in paragraph 275 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations in paragraph 275 are directed at Defendants, Defendants deny the allegations in paragraph 275.

276.    To the extent the allegations in paragraph 276 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations in paragraph 276 are directed at Defendants, Defendants deny the allegations in paragraph 276.  Admit that Plaintiff seeks the relief stated in the PRAYER paragraph following paragraph 276, and all of its subparts, but deny that Plaintiff is entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States because Defendants' product is comprehensively regulated by the United States Food and Drug

Administration ("FDA") pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* ("FDCA"), and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should or should not be used in the labeling accompanying the drug.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by FDA under the FDCA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Defendants and all their activities with respect to the subject product have been and are conducted under the supervision of the FDA.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

### SIXTH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

### SEVENTH AFFIRMATIVE DEFENSE

30

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

## EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 402A, comments j and k of the Restatement (Second) of Torts and Sections 4 and 6 of the Restatement (Third) of Torts: Products Liability.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by Plaintiff's decedent's misuse of Neurontin.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Plaintiff or Plaintiff's decedent.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by Plaintiff's failure to mitigate damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution and/or indemnity from any person and/or entity whose negligence or other fault contributed to the alleged injuries and damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud or similar conduct are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because Plaintiff failed to give Defendants timely notice of those claims

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue and/or forum.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because: (1) Defendants did not make any express warranties to Plaintiff or Plaintiff's decedent; (2) Defendants' Neurontin advertisements and promotions were not an affirmation of fact or a promise made by the seller to the buyer that related to the drug Neurontin and became part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiff or Plaintiff's decedent; (3) Defendants' Neurontin advertisements and promotions were not a description of the drug included in any contract that was part of the basis of the bargain in connection with purchases of Neurontin made by Plaintiff or Plaintiff's decedent, such that a warranty was created that the drug would conform to the description; (4) Plaintiff and Plaintiff's decedent did not read, see or hear about the alleged illegal "off-label" promotions; (5) there was a lack of privity between Defendants and Plaintiff and Plaintiff's decedent; and (6) notice of an alleged breach was not given, or timely given, to the seller or Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and Plaintiff's decedent have not suffered, and will not suffer, any injury to a legally protected or cognizable interest or any damage by reason of the conduct of Defendants as alleged in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of attorney fees and costs.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not make any false, misleading, or deceptive statements to Plaintiff or Plaintiff's decedent in their advertisements and/or promotional materials concerning Neurontin. As to any statement asserted against Defendants that Plaintiff alleges to be false, misleading, or deceptive, Defendants had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false, misleading, or deceptive.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, due to his failure to join indispensable parties and/or bring claims against the real party in interest.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiff's decedent, and/or by her fault. Any recovery might be reduced accordingly or eliminated altogether.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Should Defendants be held liable to Plaintiff, which liability is specifically denied, Defendants would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in Plaintiff's Complaint.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred in whole or in part by lack of defect, as any product allegedly ingested by Plaintiff's decedent was properly prepared in accordance with the applicable standard of care.

35

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants and Neurontin were in compliance with legislative regulatory standards and/or administrative regulatory safety standards relating to design, performance, warnings and/or instructions and, therefore, Neurontin is deemed not defective.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the "state of the art" defense. Neurontin, when placed into the stream of commerce, was a reasonably safe and effective prescription drug in light of the then existing and reasonably available scientific, medical, and technological knowledge. To the extent Plaintiff claims that Neurontin was dangerous or defective in certain respects, Defendants state that any such risks associated with Neurontin were not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Notwithstanding Plaintiff's claims and contentions, Plaintiff's decedent received all or substantially all of the benefit of Neurontin that she had intended to receive, and to that extent any damages and/or restitution that Plaintiff might be entitled to recover from Defendants must be correspondingly reduced.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendant's liability for non-economic damages is several rather than joint and should be prorated.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's causes of action are barred in whole or in part by the Mississippi Product Liability Act.  Miss. Code § 11-1-63 *et seq.*

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

## FORTIETH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and exemplary damages are barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## FORTY-SECOND AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 127 S.Ct. 1057 (2007).

## FORTY-THIRD AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by other defendants and not pleaded by Defendants are incorporated herein to the extent they do not conflict with Defendants' affirmative defenses.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative defenses as may be established by the discovery and evidence in the case. Defendants' further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury.


**WHEREFORE**, Defendants respectfully request that the Court:

1.      Enter judgment in their favor on all claims alleged in the Complaint;

2.      Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.      Grant Defendants such other and further relief as the Court may deem just and proper.

Dated: December 24, 2009                 Respectfully submitted,

                                         SKADDEN, ARPS, SLATE,
                                           MEAGHER & FLOM LLP

                                         By:    /s/ Mark S. Cheffo
                                                Mark S. Cheffo

                                         Four Times Square
                                         New York, NY 10036
                                         Tel:  (212) 735-3000

                                              -and-

                                         WHITE AND WILLIAMS LLP

                                         By:    /s/ David B. Chaffin
                                                David B. Chaffin

                                         BBO # 549245
                                         100 Summer Street, Suite 2707
                                         Boston, MA 02110
                                         Tel:  (617) 748-5200

                                         *Attorneys for Defendants Pfizer Inc and
                                         Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served pursuant to CMO # 3.

                                         /s/ David B. Chaffin
                                         David B. Chaffin