UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : MDL Docket No. 1629 <br> : <br> : Master File No. 04-10981 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| THIS DOCUMENT RELATES TO: <br><br> *Hairfield v. Pfizer Inc., et al.*, <br> 1:08-cv-10930-PBS | : Judge Patti B. Saris <br> : <br> : Magistrate Judge Leo T. <br> : Sorokin |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER TO AMENDED COMPLAINT

Defendants Pfizer Inc ("Pfizer"), Parke-Davis, a division of Warner-Lambert Company and Warner-Lambert Company LLC ("Parke-Davis"), Warner-Lambert Company ("Warner-Lambert") and Warner-Lambert Company LLC ("Warner-Lambert LLC" and collectively, "Defendants"), by their undersigned counsel, answer Plaintiff's First Amended Complaint in the above-captioned action (the "Complaint") as follows:

## AS TO STATEMENT OF THE CASE

1.      Deny the allegations in paragraph 1, except admit that the United States Food and Drug Administration ("FDA") has approved Neurontin® ("Neurontin"), the brand name for gabapentin, for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

## AS TO PARTIES AND JURISDICTION

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny the same.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny the same.

4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore deny the same.

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore deny the same.

6.  Deny allegations in paragraph 6, except admit that Pfizer's headquarters are in New York and admit that Pfizer was and still is a corporation organized under the laws of the State of Delaware.

7.  Admit the allegations in paragraph 7.

8.  Deny the allegations in paragraph 8, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

9.  Deny the allegations in paragraph 9.

10.  Deny the allegations in paragraph 10, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

11.  Deny the allegations in paragraph 11, except admit that Warner-Lambert Company was authorized to do business in the Commonwealth of Pennsylvania until

December 31, 2002 and admit that Warner-Lambert Company was a business entity actually doing business in the Commonwealth of Pennsylvania, including the City of Philadelphia in Philadelphia County, until December 31, 2002.

12.    Deny the allegations in paragraph 12, except admit that Parke-Davis was a division of Warner Lambert Company from approximately 1978 until approximately June 2000.

13.    Deny the allegations in paragraph 13, except admit that from December 31, 2002 to the present Warner-Lambert Company LLC has been a Delaware limited liability company.

14.    Deny the allegations in paragraph 14, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the Commonwealth of Pennsylvania since December 31, 2002 and admit that Warner-Lambert Company LLC has been a business entity actually doing business in the Commonwealth of Pennsylvania, including the City of Philadelphia in Philadelphia County, since December 31, 2002.

15.    The allegations in paragraph 15 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is a Delaware corporation.

16.    The allegations in paragraph 16 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed

3

necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is now, and was, at the time of the filing of this action, a corporation having its headquarters in the Commonwealth of Pennsylvania.

17.    The allegations in paragraph 17 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is now, and was, at the time of the filing of this action, a corporation having its headquarters in the Commonwealth of Pennsylvania.

18.    Deny the allegations in paragraph 18, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

19.    Deny the allegations in paragraph 28, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

20.    Paragraph 20 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 20.

21.    Deny the allegation in paragraph 21.

22.    Paragraph 22 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 22.

4

23.     Paragraph 23 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 23.

24.     Paragraph 24 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 24.

25.     Paragraph 25 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 25.

26.     Paragraph 26 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 26.

27.     Paragraph 27 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 27.

28.     Paragraph 28 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 28.

29.     Paragraph 29 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 29.

30.     Paragraph 30 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 30.

31.     Paragraph 31 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 31.

32.     Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

33.     Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.     Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34

35.     Deny the allegations in paragraph 35, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin, admit that Parke-Davis marketed Neurontin on a date prior to April 16, 2004, and Warner-Lambert Company marketed and sold Neurontin until June 2000.

36.     To the extent that the allegations in paragraph 36 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations are directed at Defendants, Defendants deny the allegations in paragraph 36, except admit that Pfizer is a engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the Commonwealth of Pennsylvania and contracts to provide goods in the Commonwealth of Pennsylvania, and admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the Commonwealth of Pennsylvania and contracted to provide goods in the Commonwealth of Pennsylvania.

37.     To the extent that the allegations in paragraph 37 are directed at a defendant other than Defendants, no response is required.  To the extent the allegations are directed at Defendants, Defendants deny the allegations in paragraph 36, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until

approximately June 2000, and that until approximately June 2000, Parke-Davis directly or indirectly did and solicited business and engaged in a persistent course of conduct in the Commonwealth of Pennsylvania, deriving substantial revenue from goods and products consumed in the Commonwealth of Pennsylvania, admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the Commonwealth of Pennsylvania, deriving substantial revenue from goods and products consumed in the Commonwealth of Pennsylvania, and admit that since December 31, 2002, Warner-Lambert has done and solicited business and engaged in a persistent course of conduct in the Commonwealth of Pennsylvania, deriving substantial revenue from goods and products consumed in the Commonwealth of Pennsylvania, and admit that Pfizer, during all times mentioned in the Complaint, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the Commonwealth of Pennsylvania, deriving substantial revenue from goods and products consumed in the Commonwealth of Pennsylvania.

38.    Deny the allegations in paragraph 38.

39.    Deny the allegations in paragraph 39.

40.    The allegations in paragraph 40 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore deny same.

41.    The allegations in paragraph 41 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 41.

## AS TO BACKGROUND

42.    Paragraph 42 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 42.

43.    Paragraph 43 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 43.

44.    Paragraph 44 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 44.

45.    Paragraph 45 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 45.

46.    Paragraph 46 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 46.

47.    Paragraph 47 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 47.

48.    Deny the allegations in paragraph 48, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

49.     Deny the allegations in paragraph 49, except admit that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

50.     Deny the allegations in paragraph 50.

51.     Deny the allegations in paragraph 51.

52.     Deny the allegations in paragraph 52.

53.     Deny the allegations in paragraph 53.

54.     Deny the allegations in paragraph 54.

55.     Deny the allegations in paragraph 55.

56.     Deny the allegations in paragraph 56, except admit that Neurontin was approved as adjunctive therapy for the treatment of epilepsy.

57.     Deny the allegations in paragraph 57.

58.     Deny the allegations in paragraph 58.

59.     Deny the allegations in paragraph 59, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

60.     Deny the allegations in paragraph 60.

61.     The allegations in paragraph 61 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore deny same.

9

62.    The allegations in paragraph 62 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore deny same.

63.    The allegations in paragraph 63 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

64.    The allegations in paragraph 64 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

65.    The allegations in paragraph 65 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

66.    The allegations in paragraph 66 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 regarding the contents of the press release posted on the website of Teva Pharmaceuticals Industries Ltd. and therefore deny same.

67.    The allegations in paragraph 67 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny allegations in paragraph 67, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 regarding Teva's knowledge of Neurontin studies and off-label usage.

68.    The allegations in paragraph 68 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions in paragraph 68 and therefore deny same.

69.    The allegations in paragraph 69 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore deny same, except that Defendants state that federal laws, federal regulations, and the opinions and determinations of the United States District Court for the District of Massachusetts speak for themselves.

70.    The allegations in paragraph 70 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore deny same, except that Defendants state that the 1993 FDA Clinical Review for Neurontin speaks for itself.

71.   The allegations in paragraph 71 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the leaflet and website referred to speak for themselves.

72.   The allegations in paragraph 72 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws and regulations speak for themselves.

73.   The allegations in paragraph 73 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that FDA's *amicus curiae* brief speaks for itself.

74.   The allegations in paragraph 74 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore deny same, except that Defendants state that the federal laws and regulations speak for themselves.

75.   The allegations in paragraph 75 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws, federal regulations, and laws of Pennsylvania and Virginia speak for themselves.

76.   The allegations in paragraph 76 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore deny same, except that Defendants

state that the federal laws, federal regulations, and laws of Pennsylvania and Virginia speak for themselves.

77.    Deny the allegations in paragraph 77.

78.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and therefore deny same.

79.    Deny the allegations in paragraph 79, and deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's physician prescribed Neurontin to treat Plaintiff's pain, and therefore deny same.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore deny same.

81.    The allegations in paragraph 81 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore deny same.

82.    Deny the allegations in paragraph 82.

83.    Deny the allegations in paragraph 83.

84.    Deny the allegations in paragraph 84.

85.    Deny the allegations in paragraph 85.

86.    Paragraph 86 does not allege facts to which a response is required, and Defendants therefore deny the allegation in paragraph 86.

**AS TO COUNT ONE**

87.     Repeat each and every response to the allegations in paragraphs 1 through 86.

88.     Deny the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95, except admit that Plaintiff seeks the relief stated in paragraph 95, but deny that Plaintiff is entitled to such relief.

96.     Deny the allegations in paragraph 96, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 96, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT TWO

97.     Repeat each and every response to the allegations in paragraphs 1 through 96.

98.     Deny the allegations in paragraph 98.

99.     Deny the allegations in paragraph 99.

100.    Deny the allegations in paragraph 100.

101.    Deny the allegations in paragraph 101.

102.    Deny the allegations in paragraph 102.

14

103.   Deny the allegations in paragraph 103.

104.   Deny the allegations in paragraph 104, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 104, but deny that Plaintiff is entitled to such relief.

**AS TO COUNT THREE**

105.   Repeat each and every response to the allegations in paragraphs 1 through 104.

106.   Deny the allegations in paragraph 106.

107.   Deny the allegations in paragraph 107.

108.   Deny the allegations in paragraph 108.

109.   Deny the allegations in paragraph 109, except admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 109, but deny that Plaintiff is entitled to such relief.

**AS TO COUNT FOUR**

110.   Repeat each and every response to the allegations in paragraphs 1 through 109.

111.   Deny the allegations in paragraph 111.

112.   Deny the allegations in paragraph 112.

113.   Deny the allegations in paragraph 113, except refer to the Information for its contents.

114.   The allegations in paragraph 114 are unintelligible.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 114, except refer to the Information for its contents.

115.   Deny the allegations in paragraph 115, except refer to the Information for its contents.

116.   Deny the allegations in paragraph 116, except refer to the Information for its contents.

117.   Deny the allegations in paragraph 117, except refer to the Information for its contents.

118.   Deny the allegations in paragraph 118, except refer to the Information for its contents.

119.   Deny the allegations in paragraph 119, except refer to the Information for its contents.

120.   Deny the allegations in paragraph 120, except refer to the Information for its contents.

121.   Deny the allegations in paragraph 121, except refer to the Information for its contents.

122.   Deny the allegations in paragraph 122, except refer to the Information for its contents.

123.   Deny the allegations in paragraph 123, except refer to the Information for its contents.

124.   Deny the allegations in paragraph 124, except refer to the Information for its contents.

125.   Deny the allegations in paragraph 125, except refer to the Information for its contents.

126.   Deny the allegations in paragraph 126, except refer to the Information for its contents.

127.   Deny the allegations in paragraph 127 and all of its subparts, except refer to the Information for its contents.

128.   Deny the allegations in paragraph 128, except refer to the Information for its contents.

129.   Deny the allegations in paragraph 129, except refer to the Information for its contents.

130.   Deny the allegations in paragraph 130, except refer to the Information for its contents.

131.   Deny the allegations in paragraph 131, except refer to the Information for its contents.

132.   Deny the allegations in paragraph 132, except refer to the Information for its contents.

133.   Deny the allegations in paragraph 133, except refer to the Information for its contents.

134.   Deny the allegations in paragraph 134, except refer to the Information for its contents.

135.   Deny the allegations in paragraph 135, except refer to the Information for its contents.

136.   Deny the allegations in paragraph 136, except refer to the Information for its contents.

137.   Deny the allegations in paragraph 137, except refer to the Information for its contents.

138.   Deny the allegations in paragraph 138.

139.   Deny the allegations in paragraph 139.

140.   Deny the allegations in paragraph 140.

141.   Deny the allegations in paragraph 141.

142.   Deny the allegations in paragraph 142, and all of its subparts.

143.   Deny the allegations in paragraph 143.

144.    Deny the allegations in paragraph 144.

145.   .Deny the allegations in paragraph 145.

146.   Deny the allegations in paragraph 146.

146A.[1]  Deny the allegations in paragraph 146A.

147.   Deny the allegations in paragraph 147.

---

[1] Plaintiff's Complaint erroneously repeats both paragraphs 146 and 147.  To avoid confusion, 146A is responsive to Plaintiff's second paragraph 146.  Likewise, 147A is responsive to Plaintiff's second paragraph 147.

147A.   Deny the allegations in paragraph 147A, except refer to the supplemental NDA and the letter dated August 26, 1997 referenced in paragraph 147A for their contents.

148.   Deny the allegations in paragraph 148.

149.   Deny the allegations in paragraph 149.

150.   Deny the allegations in paragraph 150, except refer to the letter dated June 29, 2001 for its contents.

151.   Deny the allegations in paragraph 151, except refer to the letter dated July 1, 2002 for its contents.

152.   Deny the allegations in paragraph 152.

153.   Deny the allegations in paragraph 153.

154.   Deny the allegations in paragraph 154.

155.   Deny the allegations in paragraph 155, except refer to the article referenced in paragraph 155 for its contents.

156.   Deny the allegations in paragraph 156.

157.   Deny the allegations in paragraph 157.

158.   Deny the allegations in paragraph 158.

159.   Deny the allegations in paragraph 159, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

160.   Deny the allegations in paragraph 160.

161.   Deny the allegations in paragraph 161.

162.   Deny the allegations in paragraph 162.

163.   Deny the allegations in paragraph 163.

164.   Deny the allegations in paragraph 164.

165.   Deny the allegations in paragraph 165.

166.   Deny the allegations in paragraph 166, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

167.   Deny the allegations in paragraph 167.

168.   Deny the allegations in paragraph 168.

169.   Deny the allegations in paragraph 169.

170.   Deny the allegations in paragraph 170.

171.   Deny the allegations in paragraph 171.

172.   Deny the allegations in paragraph 172.

173.   Deny the allegations in paragraph 173.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 173, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT FIVE

174.   Repeat each and every response to the allegations in paragraphs 1 through 173.

175.   Deny the allegations in paragraph 175, and all its subparts.

176.   Deny the allegations in paragraph 176.

177.   Deny the allegations in paragraph 177.

178.   Deny the allegations in paragraph 178.

179.   Deny the allegations in paragraph 179.

180.   Deny the allegations in paragraph 180.

181.   Deny the allegations in paragraph 181.

182.   Deny the allegations in paragraph 182.

183.   Deny the allegations in paragraph 183.

184.   Deny the allegations in paragraph 184, except that admit that Plaintiff seeks the relief stated in paragraph 184, but deny that Plaintiff is entitled to such relief.

185.   Deny the allegations in paragraph 185, except that admit that Plaintiff seeks the relief stated in paragraph 185, but deny that Plaintiff is entitled to such relief.

186.   Deny the allegations in paragraph 186.

187.   Deny the allegations in paragraph 187.

188.   Deny the allegations in paragraph 188.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 188, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT SIX

189.   Repeat each and every response to the allegations in paragraphs 1 through 188.

190.   Deny the allegations in paragraph 190.

191.   Deny the allegations in paragraph 191.

192.   Deny the allegations in paragraph 192.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 192, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT SEVEN

193.   Repeat each and every response to the allegations in paragraphs 1 through 192.

194.   Deny the allegations in paragraph 194.

195.   Deny the allegations in paragraph 195.

196.   Deny the allegations in paragraph 196.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 196, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT EIGHT

197.   Repeat each and every response to the allegations in paragraphs 1 through 196.

198.   The allegations in paragraph 198 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that paragraph 198 asserts a legal conclusion to which no response is required.

199.   The allegations in paragraph 199 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 199.

200.   The allegations in paragraph 200 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 200.

201.   The allegations in paragraph 201 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 201.

202.   The allegations in paragraph 202 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 202.

203.   The allegations in paragraph 203 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 203.

204.   The allegations in paragraph 204 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 204.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 204, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT NINE

205.   Repeat each and every response to the allegations in paragraphs 1 through 204.

206.   The allegations in paragraph 206 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 206.

207.   The allegations in paragraph 207 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 207.

208.   The allegations in paragraph 208 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 208.

209.   The allegations in paragraph 209 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 209.

210.   The allegations in paragraph 210 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 210.

211.   The allegations in paragraph 211 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 211.

212.   The allegations in paragraph 212 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 212.  Admit that Plaintiff seeks

the relief stated in the WHEREFORE paragraph following paragraph 212, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT TEN

213.   Repeat each and every response to the allegations in paragraphs 1 through 212.

214.   The allegations in paragraph 214 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 214.

215.   The allegations in paragraph 215 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 215.

216.   The allegations in paragraph 216 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 216.

217.   The allegations in paragraph 217 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 217.   Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 217, but deny that Plaintiff is entitled to such relief.

## AS TO COUNT ELEVEN

218.   Repeat each and every response to the allegations in paragraphs 1 through 217.

219.   The allegations in paragraph 219 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 219.

220.   The allegations in paragraph 220 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 220.

221.   Deny the allegations in paragraph 221, except admit that Plaintiff seeks the relief set forth in paragraph 221, but deny that Plaintiff is entitled to such relief.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Neurontin was neither defective nor unreasonably dangerous, unsuitable, or unfit for its intended purpose when used according to label instructions by its intended user.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant complied with the applicable statutes; since the warning and instructions given in connection with Neurontin were approved or prescribed by the United States Food and Drug Administration ("FDA").

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, or are otherwise limited by and pursuant to the provisions of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et. seq.* and/or the regulations promulgated pursuant to that Act.

### SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiff's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

### EIGHTH AFFIRMATIVE DEFENSE

27

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

## NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the Restatement (Second) of Torts: Product Liability § 402A and comments thereto, including but not limited to comments j and k, and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4, and 6 and comments thereto.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiff's alleged injuries and damages, if any, were caused by Plaintiff's misuse of Neurontin.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

28

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the law of Virginia is deemed applicable, Plaintiff's breach of warranty claims are barred by the Uniform Commercial Code enacted in Virginia.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by Plaintiff's failure to mitigate damages.

### TWENTIETH AFFIRMATIVE DEFENSE

29

To the extent applicable, Defendant specifically assert the defenses of comparative negligence and/or contributory negligence.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the sophisticated user doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiff's alleged injuries and damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 127 S.Ct. 1057 (2007).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

### THIRTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001).

### THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because Plaintiff failed to give Defendants timely notice of those claims

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff's breach of warranty claims are barred due to lack of privity.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's wrongful death claim for damages is limited in accordance with the applicable state statute(s).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on injuries resulting from Decedent's ingestion of the generic form of Neurontin, such claims are barred for the reasons set forth in  Colacicco v. Apotex, Inc., 432 F. Supp. 2d 514 (E.D. Pa. 2006), *aff'd on other grounds*, 521 F.3d 253 (3d Cir. 2008).

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims based on the VA. CODE ANN. § 59.1-200 are barred to the extent they seek non-pecuniary damages.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims based on VA. CODE ANN. § 59.1-200 are barred because: (1) Defendants did not employ an unlawful method, act or practice; (2) the allegedly false, misleading, or deceptive statements in Defendants' marketing promotional activities were not material; (3) the representations alleged by Plaintiff were not likely to have caused

Plaintiff to have chosen differently but for such alleged representations; (4) Plaintiff did not suffer any ascertainable loss as a result of Defendants' alleged conduct.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case.  Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

## DEMAND FOR TRIAL BY JURY

Defendant hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1.      Enter judgment in their favor on all claims alleged in the Complaint;

2.      Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.      Grant Defendants such other and further relief as the Court may deem just and proper.

33

Dated: December 24, 2009    Respectfully submitted,

            SKADDEN, ARPS, SLATE,
             MEAGHER & FLOM LLP

            By:  /s/ Mark S. Cheffo
               Mark S. Cheffo

            Four Times Square
            New York, NY 10036
            Tel:  (212) 735-3000

             -and-

            WHITE AND WILLIAMS LLP

            By:  /s/ David B. Chaffin
               David B. Chaffin

            BBO # 549245
            100 Summer Street, Suite 2707
            Boston, MA 02110
            Tel:  (617) 748-5200

            *Attorneys for Defendants Pfizer Inc and*
            *Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served pursuant to CMO # 3.

            /s/ David B. Chaffin
            David B. Chaffin