UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
NEURONTIN MARKETING, SALES          : MDL Docket No. 1629
PRACTICES AND PRODUCTS              :
LIABILITY LITIGATION                : Master File No. 04-10981
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          : Judge Patti B. Saris
THIS DOCUMENT RELATES TO:           :
                                    : Magistrate Judge Leo T.
*Ramsey v. Pfizer Inc., et al.,*    : Sorokin
1:06-cv-12212-PBS                   :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER TO AMENDED COMPLAINT

Defendants Pfizer Inc ("Pfizer"), Parke-Davis, a division of Warner-Lambert Company and Warner-Lambert Company LLC ("Parke-Davis"), Warner-Lambert Company ("Warner-Lambert") and Warner-Lambert Company LLC ("Warner-Lambert LLC" and collectively, "Defendants"), by their undersigned counsel, answer Plaintiff's Amended Complaint in the above-captioned action (the "Complaint") as follows:

## AS TO STATEMENT OF THE CASE

1.      Deny the allegations in paragraph 1, except admit that the United States Food and Drug Administration ("FDA") has approved Neurontin® ("Neurontin"), the brand name for gabapentin, for labeling as safe and effective only as adjunctive therapy in the treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

## AS TO PARTIES AND JURISDICTION

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny the same.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny the same.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore deny the same.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore deny the same.

6. Admit the allegations in paragraph 6.

7. Admit the allegations in paragraph 7.

8. Admit the allegations in paragraph 8.

9. Deny the allegations in paragraph 9, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

10. Deny the allegations in paragraph 10.

11. Deny the allegations in paragraph 11.

12. Deny the allegations in paragraph 12, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

13. Deny the allegations in paragraph 13, except admit that Warner-Lambert Company was authorized to do business in the Commonwealth of Pennsylvania until December 31, 2002.

14.    Deny the allegations in paragraph 14, except admit that Warner-Lambert Company was a business entity actually doing business in the Commonwealth of Pennsylvania until December 31, 2002.

15.    Deny the allegations in paragraph 15, except admit that Parke-Davis was a division of Warner Lambert Company from approximately 1978 until approximately June 2000.

16.    Deny the allegations in paragraph 16.

17.    Deny the allegations in paragraph 17, except admit that from December 31, 2002 to the present Warner-Lambert Company LLC has been a Delaware limited liability company.

18.    Deny the allegations in paragraph 18, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the Commonwealth of Pennsylvania since December 31, 2002.

19.    Deny the allegations in paragraph 19, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the Commonwealth of Pennsylvania since December 31, 2002.

20.    The allegations in paragraph 20 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is a Delaware corporation.

21.    The allegations in paragraph 21 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is now, and was, at the time of the filing of this action, a corporation having its headquarters in the Commonwealth of Pennsylvania.

22.    The allegations in paragraph 22 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is now, and was, at the time of the filing of this action, a corporation having its headquarters in the Commonwealth of Pennsylvania.

23.    The allegations in paragraph 23 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny same, except admit, upon information and belief, that Teva Pharmaceuticals USA, Inc. is a corporation having its headquarters in the Commonwealth of Pennsylvania.

24.    Deny the allegations in paragraph 24, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

4

25.     Deny the allegations in paragraph 25.

26.     Deny the allegations in paragraph 26.

27.     Deny the allegations in paragraph 27.

28.     Deny the allegations in paragraph 28, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

29.     Paragraph 29 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 29.

30.     Deny the allegations in paragraph 30.

31.     Deny the allegations in paragraph 31, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

32.     Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

33.     Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.     Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.     Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.     Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

37.    Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.    Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.    Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

40.    Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

41.    Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.    Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.    Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.    Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.    Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.    Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

47.    Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

48.     Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.     Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.     Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

51.     Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

52.     Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.     Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.     Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.     Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.     Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.     Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.     Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

59.    Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.    Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.    Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

62.    Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.    Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.    Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.    Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.    Paragraph 66 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 66.

67.    Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.    Paragraph 68 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 68.

69.    Paragraph 69 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 69.

70.    Paragraph 70 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 70.

71.    Paragraph 71 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 71.

72.    Paragraph 72 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 72.

73.    Deny the allegations in paragraph 73, except admit that Pfizer's headquarters are in New York.

74.    Paragraph 74 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 74.

75.    Paragraph 75 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 75.

76.    Paragraph 76 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 76.

77.    Deny the allegations in paragraph 77, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin.

78.    Deny the allegations in paragraph 78, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

79.    Deny the allegations in paragraph 79, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing,

9

manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the Commonwealth of Pennsylvania and contracts to provide goods in the Commonwealth of Pennsylvania.

80. Deny the allegations in paragraph 80.

81. Deny the allegations in paragraph 81.

82. Admit the allegations in paragraph 82.

83. Deny the allegations in paragraph 83.

84. Deny the allegations in paragraph 84.

85. Deny the allegations in paragraph 85, except admit that Parke-Davis marketed Neurontin on a date prior to December 25, 2004.

86. Deny the allegations in paragraph 86, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000, and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the Commonwealth of Pennsylvania and contracted to provide goods in the Commonwealth of Pennsylvania.

87. Deny the allegations in paragraph 87.

88. Deny the allegations in paragraph 88.

89. Deny the allegations in paragraph 89, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until June 2000 and that until June 2000, Parke-Davis directly or indirectly did and solicited business and engaged in a persistent course of conduct in the Commonwealth of Pennsylvania, deriving

10

substantial revenue from goods and products consumed in the Commonwealth of Pennsylvania.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92, except admit that Warner-Lambert Company marketed and sold Neurontin until June 2000.

93.     Deny the allegations in paragraph 93, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs and transacted business within the Commonwealth of Pennsylvania and contracted to provide goods in the Commonwealth of Pennsylvania.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96, except admit that until June 2000, Warner-Lambert Company, directly and/or indirectly, did and solicited business and engaged in a persistent course of conduct in the Commonwealth of Pennsylvania, deriving substantial revenue from goods and products consumed in the Commonwealth of Pennsylvania.

97.     Deny the allegations in paragraph 97.

98.     Deny the allegations in paragraph 98.

99.     Deny the allegations in paragraph 99.

100.   Deny the allegations in paragraph 100.

101.   Deny the allegations in paragraph 101.

102.   Deny the allegations in paragraph 102.

103.   Deny the allegations in paragraph 103, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the Commonwealth of Pennsylvania, deriving substantial revenue from goods and products consumed in the Commonwealth of Pennsylvania.

104.   Deny the allegations in paragraph 104.

105.   The allegations in paragraph 105 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore deny same.

106.   The allegations in paragraph 106 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore deny same.

107.   The allegations in paragraph 107 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore deny same.

108.   The allegations in paragraph 108 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 108.

109.   The allegations in paragraph 109 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 109.

110.   The allegations in paragraph 110 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore deny same.

111.   The allegations in paragraph 111 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore deny same.

## AS TO BACKGROUND

112.   Paragraph 112 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 112.

113.   Paragraph 113 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 113.

114.   Paragraph 114 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 114.

115.  Paragraph 115 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 115.

116.  Paragraph 116 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 116.

117.  Paragraph 117 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 117.

118.  Deny the allegations in paragraph 118, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

119.  Deny the allegations in paragraph 119, except admit that the FDA has approved Neurontin for labeling as safe and effective only as adjunctive therapy in treatment of partial seizures in patients with epilepsy and in the management of postherpetic neuralgia.

120.  Deny the allegations in paragraph 120.

121.  Deny the allegations in paragraph 121.

122.  Deny the allegations in paragraph 122.

123.  Deny the allegations in paragraph 123.

124.  Deny the allegations in paragraph 124.

125.  Deny the allegations in paragraph 125.

126.  Deny the allegations in paragraph 126, except admit that Neurontin was approved as adjunctive therapy for the treatment of epilepsy.

14

127.   Deny the allegations in paragraph 127.

128.   Deny the allegations in paragraph 128.

129.   Deny the allegations in paragraph 129, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

130.   Deny the allegations in paragraph 130.

131.   The allegations in paragraph 131 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore deny same.

132.   The allegations in paragraph 132 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore deny same.

133.   The allegations in paragraph 133 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

134.   The allegations in paragraph 134 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

15

135.   The allegations in paragraph 135 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants state that the federal laws and regulations governing generic prescription drugs speak for themselves.

136.   The allegations in paragraph 136 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 regarding the contents of the press release posted on the website of Teva Pharmaceuticals Industries Ltd. and therefore deny same.

137.   The allegations in paragraph 137 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny allegations in paragraph 137, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 regarding Teva's knowledge of Neurontin studies and off-label usage.

138.   The allegations in paragraph 138 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions in paragraph 138 and therefore deny same.

139.   The allegations in paragraph 139 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore deny same, except that Defendants

state that federal laws, federal regulations, and the opinions and determinations of the United States District Court for the District of Massachusetts speak for themselves.

140.   The allegations in paragraph 140 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore deny same, except that Defendants state that the 1993 FDA Clinical Review for Neurontin speaks for itself.

141.   The allegations in paragraph 141 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the leaflet and website referred to speak for themselves.

142.   The allegations in paragraph 142 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that the federal laws and regulations speak for themselves.

143.   The allegations in paragraph 143 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that FDA's *amicus curiae* brief speaks for itself.

144.   The allegations in paragraph 144 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 and therefore deny same, except that Defendants state that the federal laws and regulations speak for themselves.

145.   The allegations in paragraph 145 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants state that the federal laws, federal regulations, and laws of Florida speak for themselves.

146.   The allegations in paragraph 146 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 and therefore deny same, except that Defendants state that the federal laws, federal regulations, and laws of Florida speak for themselves.

147.   Deny the allegations in paragraph 147.

148.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148, and therefore deny same.

149.   Deny the allegations in paragraph 149, and deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's physician prescribed Neurontin to treat Plaintiff's pain, and therefore deny same.

150.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150, and therefore deny same.

151.   The allegations in paragraph 151 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 and therefore deny same.

152.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152, and therefore deny same.

153.   Deny the allegations in paragraph 153.

154.   Deny the allegations in paragraph 154.

155.   Deny the allegations in paragraph 155.

156.   Deny the allegations in paragraph 156.

### AS TO FIRST CAUSE OF ACTION

157.   Repeat each and every response to the allegations in paragraphs 1 through 156.

158.   Deny the allegations in paragraph 158.

159.   Deny the allegations in paragraph 159.

160.   Deny the allegations in paragraph 160.

161.   Deny the allegations in paragraph 161.

162.   Deny the allegations in paragraph 162.

163.   Deny the allegations in paragraph 163.

164.   Deny the allegations in paragraph 164.

165.   Deny the allegations in paragraph 165.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 165, but deny that Plaintiff is entitled to such relief.

### AS TO SECOND CAUSE OF ACTION

166.   Repeat each and every response to the allegations in paragraphs 1 through 165.

167.   Deny the allegations in paragraph 167.

168.   Deny the allegations in paragraph 168.

169.   Deny the allegations in paragraph 169.

170.   Deny the allegations in paragraph 170.

171.   Deny the allegations in paragraph 171.

172.   Deny the allegations in paragraph 172.

173.   Deny the allegations in paragraph 173.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 173, but deny that Plaintiff is entitled to such relief.

## AS TO THIRD CAUSE OF ACTION

174.   Repeat each and every response to the allegations in paragraphs 1 through 173.

175.   Deny the allegations in paragraph 175.

176.   Deny the allegations in paragraph 176.

177.   Deny the allegations in paragraph 177.

178.   Deny the allegations in paragraph 178.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 178, but deny that Plaintiff is entitled to such relief.

## AS TO FOURTH CAUSE OF ACTION

179.   Repeat each and every response to the allegations in paragraphs 1 through 178.

180.   Deny the allegations in paragraph 180.

181.   Deny the allegations in paragraph 181.

182.   Deny the allegations in paragraph 182, except refer to the Information for its contents.

183.   Deny the allegations in paragraph 183, except refer to the Information for its contents.

184.   Deny the allegations in paragraph 184, except refer to the Information for its contents.

185.   Deny the allegations in paragraph 185, except refer to the Information for its contents.

186.   Deny the allegations in paragraph 186, except refer to the Information for its contents.

187.   Deny the allegations in paragraph 187, except refer to the Information for its contents.

188.   Deny the allegations in paragraph 188, except refer to the Information for its contents.

189.   Deny the allegations in paragraph 189, except refer to the Information for its contents.

190.   Deny the allegations in paragraph 190, except refer to the Information for its contents.

191.   Deny the allegations in paragraph 191, except refer to the Information for its contents.

192.   Deny the allegations in paragraph 192, except refer to the Information for its contents.

193.   Deny the allegations in paragraph 193, except refer to the Information for its contents.

194.   Deny the allegations in paragraph 194, except refer to the Information for its contents.

195.   Deny the allegations in paragraph 195, except refer to the Information for its contents.

196.   Deny the allegations in paragraph 196, except refer to the Information for its contents.

197.   Deny the allegations in paragraph 197, except refer to the Information for its contents.

198.   Deny the allegations in paragraph 198, except refer to the Information for its contents.

199.   Deny the allegations in paragraph 199, except refer to the Information for its contents.

200.   Deny the allegations in paragraph 200, except refer to the Information for its contents.

201.   Deny the allegations in paragraph 201, except refer to the Information for its contents.

202.   Deny the allegations in paragraph 202, except refer to the Information for its contents.

203. Deny the allegations in paragraph 203, except refer to the Information for its contents.

204. Deny the allegations in paragraph 204, except refer to the Information for its contents.

205. Deny the allegations in paragraph 205, except refer to the Information for its contents.

206. Deny the allegations in paragraph 206, except refer to the Information for its contents.

207. Deny the allegations in paragraph 207, except refer to the Information for its contents.

208. Deny the allegations in paragraph 208.

209. Deny the allegations in paragraph 209.

210. Deny the allegations in paragraph 210.

211. Deny the allegations in paragraph 211.

212. Deny the allegations in paragraph 212, and all of its subparts.

213. Deny the allegations in paragraph 213.

214. Deny the allegations in paragraph 214.

215. Deny the allegations in paragraph 215.

216. Deny the allegations in paragraph 216.

217. Deny the allegations in paragraph 217.

218. Deny the allegations in paragraph 218.

219.   Deny the allegations in paragraph 219, except refer to the supplemental NDA and the letter dated August 26, 1997 referenced in paragraph 219 for their contents.

220.   Deny the allegations in paragraph 220.

221.   Deny the allegations in paragraph 221.

222.   Deny the allegations in paragraph 222, except refer to the letter dated June 29, 2001 for its contents.

223.   Deny the allegations in paragraph 223, except refer to the letter dated July 1, 2002 for its contents.

224.   Deny the allegations in paragraph 224.

225.   Deny the allegations in paragraph 225.

226.   Deny the allegations in paragraph 226.

227.   Deny the allegations in paragraph 227.

228.   Deny the allegations in paragraph 228.

229.   Deny the allegations in paragraph 229.

230.   Deny the allegations in paragraph 230, except refer to the article referenced in paragraph 230 for its contents.

231.   Deny the allegations in paragraph 231.

232.   Deny the allegations in paragraph 232.

233.   Deny the allegations in paragraph 233.

234.   Deny the allegations in paragraph 234, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

235.   Deny the allegations in paragraph 235.

236.   Deny the allegations in paragraph 236.

237.   Deny the allegations in paragraph 237.

238.   Deny the allegations in paragraph 238.

239.   Deny the allegations in paragraph 239.

240.   Deny the allegations in paragraph 240, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

241.   Deny the allegations in paragraph 241.

242.   Deny the allegations in paragraph 242.

243.   Deny the allegations in paragraph 243.

244.   Deny the allegations in paragraph 244.

245.   Deny the allegations in paragraph 245.

246.   Deny the allegations in paragraph 246.

247.   Deny the allegations in paragraph 247.

248.   Deny the allegations in paragraph 248.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 248, but deny that Plaintiff is entitled to such relief.

## AS TO FIFTH CAUSE OF ACTION

249.   Repeat each and every response to the allegations in paragraphs 1 through 248.

250.   Deny the allegations in paragraph 250.

25

251.  Deny the allegations in paragraph 251.

252.  Deny the allegations in paragraph 252.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 252, but deny that Plaintiff is entitled to such relief.

## AS TO SIXTH CAUSE OF ACTION

253.  Repeat each and every response to the allegations in paragraphs 1 through 252.

254.  Deny the allegations in paragraph 254.

255.  Deny the allegations in paragraph 255.

256.  Deny the allegations in paragraph 256.  Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 256, but deny that Plaintiff is entitled to such relief.

## AS TO SEVENTH CAUSE OF ACTION

257.  Repeat each and every response to the allegations in paragraphs 1 through 256.

258.  The allegations in paragraph 258 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants state that paragraph 258 asserts a legal conclusion to which no response is required.

259.  The allegations in paragraph 259 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 259.

260.   The allegations in paragraph 260 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 260.

261.   The allegations in paragraph 261 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 261.

262.   The allegations in paragraph 262 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 262.

263.   The allegations in paragraph 263 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 263.

264.   The allegations in paragraph 264 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 264.   Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 264, but deny that Plaintiff is entitled to such relief.

## AS TO EIGHTH CAUSE OF ACTION

265.   Repeat each and every response to the allegations in paragraphs 1 through 264.

266.   The allegations in paragraph 266 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 266.

267.   The allegations in paragraph 267 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 267.

268.   The allegations in paragraph 268 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 268.

269.   The allegations in paragraph 269 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 269.

270.   The allegations in paragraph 270 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 270.

271.   The allegations in paragraph 271 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 271.

272.   The allegations in paragraph 272 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 272.   Admit that Plaintiff seeks

the relief stated in the WHEREFORE paragraph following paragraph 272, but deny that Plaintiff is entitled to such relief.

## AS TO NINTH CAUSE OF ACTION

273.   Repeat each and every response to the allegations in paragraphs 1 through 272.

274.   The allegations in paragraph 274 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 274.

275.   The allegations in paragraph 275 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 275.

276.   The allegations in paragraph 276 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 276.

277.   The allegations in paragraph 277 are directed at a defendant other than Defendants and therefore no response is required.   To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 277.   Admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 277, but deny that Plaintiff is entitled to such relief.

### AS TO TENTH CAUSE OF ACTION

278.   Repeat each and every response to the allegations in paragraphs 1 through 277.

279.   The allegations in paragraph 279 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 279.

280.   The allegations in paragraph 280 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 280.

281.   The allegations in paragraph 281 are directed at a defendant other than Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 281.  Admit that Plaintiff seeks the relief set forth in the WHEREFORE paragraph following paragraph 281, but deny that Plaintiff is entitled to such relief.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Neurontin was neither defective nor unreasonably dangerous, unsuitable, or unfit for its intended purpose when used according to label instructions by its intended user.

### THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Neurontin was manufactured.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant complied with the applicable statutes; since the warning and instructions given in connection with Neurontin were approved or prescribed by the United States Food and Drug Administration ("FDA").

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, or are otherwise limited by and pursuant to the provisions of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et. seq.*

### SIXTH AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the

force of law.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiff's and Plaintiff's decedent's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and Plaintiff's decedent's injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

## NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine and sophisticated user doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the Restatement (Second) of Torts: Products Liability § 402A and comments thereto, including but not limited to comments j and k, and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4 and 6 and comments thereto.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiff's and Plaintiff's decedent's alleged injuries and damages, if any, were caused by Plaintiff's or Plaintiff's decedent's misuse of Neurontin.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and comparative assumption of risk.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Plaintiff or Plaintiff's decedent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any claim for breach of warranty is barred by the absence of privity of contract between Plaintiff or Plaintiff's decedent and Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's and Plaintiff's decedent's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's and Plaintiff's decedent's claims for damages are barred, in whole or part, by Plaintiff's and Plaintiff's decedent's failure to mitigate damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiff's and Plaintiff's decedent's alleged injuries and damages pursuant to the Uniform Contribution Among Tortfeasors Act, 42 Pa.C.S. § 8321 *et seq.*

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent applicable, Defendants' liability for non-economic damages is several rather than joint and should be prorated..

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting that specific claim with particularity.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of the Complaint's failure to allege specific reliance.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

## THIRTIETH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of BMW of North America Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), State

35

Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 127 S.Ct. 1057 (2007).

### THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on injuries allegedly resulting from and Plaintiff's decedent's ingestion of the generic form of Neurontin, such claims are barred for the reasons set forth in Colacicco v. Apotex, Inc., 432 F. Supp. 2d 514 (E.D. Pa. 2006)

### THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001).

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Subject to the provisions of Rule 12(h) of the Federal Rules of Civil Procedure, Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case.  Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

### DEMAND FOR TRIAL BY JURY

Defendant hereby demand trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court:

1.      Enter judgment in their favor on all claims alleged in the Complaint;

2.      Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.      Grant Defendants such other and further relief as the Court may deem just and proper.


Dated: December 24, 2009                  Respectfully submitted,

                                          SKADDEN, ARPS, SLATE,
                                            MEAGHER & FLOM LLP

                                          By:      /s/ Mark S. Cheffo
                                                   Mark S. Cheffo

                                          Four Times Square
                                          New York, NY 10036
                                          Tel:  (212) 735-3000

                                              -and-

                                          WHITE AND WILLIAMS LLP

                                          By:      /s/ David B. Chaffin
                                                   David B. Chaffin

                                          BBO # 549245
                                          100 Summer Street, Suite 2707
                                          Boston, MA 02110
                                          Tel:  (617) 748-5200

                                          *Attorneys for Defendants Pfizer Inc and*
                                          *Warner-Lambert Company LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document has been served pursuant to CMO # 3.


/s/ David B. Chaffin
David B. Chaffin