# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------x
                                                   :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                       :
        SALES PRACTICES AND                        :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION              :
                                                   :   Judge Patti B. Saris
-----------------------------------------------------------x
                                                   :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                          :
                                                   :
        ERIK NEWBERRY,                             :
        DANIEL NEWBERRY,                           :   DEFENDANT IVAX
        and HOLLY NEWBERRY,                        :   PHARMACEUTICALS,
        INDIVIDUALLY and as                        :   INC.'S ANSWER TO
        PERSONAL ADMINISTRATORS,                   :   PLAINTIFFS' FIRST AMENDED
        OF THE ESTATE OF                           :   COMPLAINT; DEMAND FOR
        STEPHEN PHILLIP NEWBERRY,                  :   JURY TRIAL
        DECEASED,                                  :
                        Plaintiffs,                :
                                                   :
        v.                                         :
                                                   :
        PFIZER INC.,                               :
        PARKE-DAVIS, a Division of                 :
        Warner-Lambert Company and                 :
        Warner-Lambert Company LLC,                :
        WARNER-LAMBERT COMPANY,                    :
        WARNER-LAMBERT COMPANY LLC,                :
        and TEVA PHARMACEUTICALS                   :
        USA, INC., and IVAX                        :
        PHARMACEUTICALS, INC.                      :
                                                   :
                        Defendants.                :
                                                   :
-----------------------------------------------------------x
```

Ivax Pharmaceuticals, Inc., by its attorneys, Goodwin Procter LLP, as and for its Answer

to Plaintiffs' First Amended Complaint ("Complaint"):

## PRELIMINARY STATEMENT

Many of the paragraphs of the First Amended Complaint ("Complaint") and of the individual allegations contained therein are addressed jointly to Ivax and co-defendants, or without distinction between them.  Ivax and Teva Pharmaceuticals USA, Inc. ("Teva") on the one hand and Pfizer, Inc., Parke-Davis, and Warner-Lambert Company (collectively "Pfizer, *et al.*") on the other, are unrelated corporate entities, and in general, Ivax has no knowledge, actual, constructive or otherwise, as to actions, conduct, business practices or corporate behavior of Pfizer, *et al.*.  Further, while there is currently a corporate relationship between Teva and Ivax, there was no such relationship at most times relevant to the events alleged in the instant Complaint.  Moreover, Teva and Ivax acted independently of each other in all respects in obtaining approval from the FDA for, and manufacturing and selling gabapentin.  Teva will file a separate Answer on its own behalf in response to the First Amended Complaint.  Accordingly, in the responses that follow, Ivax responds solely on its own behalf, and denies knowledge or information as to the truth or falsity of any and all allegations as to Teva and Pfizer, *et al.*, except insofar as expressly averred otherwise.

## NATURE OF ACTION

1.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, except admits that in this action, plaintiffs purport to seek recovery from defendants for personal injuries allegedly sustained by Stephen Phillip Newberry, related to his use of the prescription drug gabapentin.

## PARTIES

2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

LIBNY/4878634.1

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Teva Pharmaceuticals USA, Inc. ("Teva"), a Delaware corporation with its principal place of business at 1090 Horsham Road, North Wales, PA 19454, is a wholly-owned subsidiary of Teva Pharmaceutical Industries, Ltd., an Israeli corporation, and further admits that Teva manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the State of Georgia, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Ivax is a wholly-owned subsidiary of Teva Pharmaceutical Industries, Ltd., and that Ivax has done business in the States of Georgia and Florida.

10.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint, except admits that, from

LIBNY/4878634.1

time to time in the past and continuing today, Ivax has manufactured and sold gabapentin in the United States, including in the State of Georgia.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Ivax has manufactured and sold gabapentin in the State of Georgia.

## JURISDICTION AND VENUE

12.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint, except neither admits nor denies such allegation insofar as they purport to state conclusions of law.

13.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint, except neither admits nor denies such allegation insofar as they purport to state conclusions of law.

## FACTUAL ALLEGATIONS

14.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint, except admits that Neurontin® is the FDA reference-listed drug for Ivax's generic drug product gabapentin, and that Ivax's gabapentin is indicated for the management of postherpetic neuralgia and for the treatment of epilepsy.

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, except admits that Pfizer and Parke-Davis are listed by the FDA as holders of new drug applications ("NDA") for Neurontin®.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

4

17.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, except admits that Pfizer and Parke-Davis are listed by the FDA as holders of NDAs for Neurontin®.

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint, except denies that Ivax has been the subject of any investigations or enforcement proceedings relating to gabapentin.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Neurontin® is the FDA reference-listed drug for Ivax's generic drug product gabapentin, and that Ivax's gabapentin is indicated for the management of postherpetic neuralgia and for the treatment of epilepsy.

24.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, except admits that upon information and belief, Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product, including FDA regulations relevant to the ANDA approval process.

LIBNY/4878634.1

25.     Denies each and every allegation contained in paragraph 25 of the Complaint to the extent that they state conclusions of law, and avers that, upon information and belief, Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product, including FDA regulations relevant to the ANDA approval process.

26.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, except avers that, upon information and belief, Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product and that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling.  Ivax further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 to the extent such allegations pertain to information available from FDA through a FOIA request.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that there was an August 5, 2005 leaflet concerning gabapentin approved by the Isreali Minister of Health and distributed by Teva Pharmaceutical Industries, Ltd. in Israel.  That document speaks for itself.

28.     The allegations in paragraph 28 are conclusions of law that require no response.

29.     Neither admits nor denies the allegations contained in paragraph 29 of the Complaint to the extent that they state conclusions of law, except admits that the FDA's *amicus* brief submitted to the United States Court of Appeals for the Third Circuit in *Colacicco v. Apotex, Inc.* No. 06-3107 contains the paragraph referenced in paragraph 29 of the Complaint.

LIBNY/4878634.1

30.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint, except avers that, upon information and belief, Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint, except avers that, upon information and belief, that Teva's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Ivax submitted an ANDA for gabapentin to the FDA, which was approved prior to July 2005.

34.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint, except admits that the criteria recited therein are included among those applied by the FDA in determining whether an ANDA is approvable.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that in its ANDA for gabapentin, Ivax sought and obtained approval for the indications of management of postherpetic neuralgia and treatment of epilepsy.

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint.

7

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint, except denies each and every such allegation insofar as it is alleged or implied that plaintiffs and/or plaintiffs' decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.

46.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint, except denies each and every such allegation insofar as it is alleged or implied that plaintiffs and/or plaintiffs' decedent was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.

8

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

## COUNT I – BREACH OF EXPRESS WARRANTY

49.     In response to paragraph 49 of the Complaint, repeats and realleges its responses to paragraphs 1 through 48 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

## COUNT II – BREACH OF IMPLIED WARRANTY

54.     In response to paragraph 54 of the Complaint, repeats and realleges its responses to paragraphs 1 through 53 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

9

## COUNT III – FRAUD BY INTENTIONAL MISREPRESENTATION AND CONCEALMENT

59.     In response to paragraph 59 of the Complaint, repeats and realleges its responses to paragraphs 1 through 58 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

## COUNT IV – NEGLIGENT MISREPRESENTATION AND NONDISCLOSURE

65.     In response to paragraph 65 of the Complaint, repeats and realleges its responses to paragraphs 1 through 64 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72.     In response to paragraph 72 of the Complaint, repeats and realleges its responses to paragraphs 1 through 71 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

LIBNY/4878634.1

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint.

### COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

77.     In response to paragraph 77 of the Complaint, repeats and realleges its responses to paragraphs 1 through 76 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

### COUNT VII – NEGLIGENCE

81.     In response to paragraph 81 of the Complaint, repeats and realleges its responses to paragraphs 1 through 80 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint.

### COUNT VIII – NEGLIGENCE *PER SE*

86.     In response to paragraph 86 of the Complaint, repeats and realleges its responses to paragraphs 1 through 85 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

LIBNY/4878634.1

87.     Denies each and every allegation contained in paragraph 87 of the Complaint, except admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint.

## COUNT IX – STRICT PRODUCTS LIABILITY

90.     In response to paragraph 90 of the Complaint, repeats and realleges its responses to paragraphs 1 through 89 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint.

## COUNT X – VIOLATION OF CONSUMER PROTECTION LAW

93.     In response to paragraph 93 of the Complaint, repeats and realleges its responses to paragraphs 1 through 92 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint.

## COUNT XI – WRONGFUL DEATH

96.     In response to paragraph 96 of the Complaint, repeats and realleges its responses to paragraphs 1 through 95 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

12

97.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the Complaint, except admits that plaintiffs purport to being this action pursuant to the statutory provisions recited therein.

98.    Denies each and every allegation contained in paragraph 98 of the Complaint.

99.    Denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Denies each and every allegation contained in paragraph 101 of the Complaint.

## COUNT XII – SURVIVAL ACTION

101.    In response to paragraph 101 of the Complaint, repeats and realleges its responses to paragraphs 1 through 100 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

102.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102 of the Complaint, except admits that plaintiffs purport to being this action pursuant to the statutory provisions recited therein.

103.    Denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Denies each and every allegation contained in paragraph 104 of the Complaint.

## COUNT XIII – PUNITIVE DAMAGES

105.    In response to paragraph 105 of the Complaint, repeats and realleges its responses to paragraphs 1 through 104 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

106.    Denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint.

108.    Denies each and every allegation contained in paragraph 108 of the Complaint.

LIBNY/4878634.1

## DEFENSES

By alleging the defenses set forth below, Ivax does not admit that it has the burden of proof and/or burden of persuasion with respect to any of these defenses.

### FIRST ADDITIONAL DEFENSE

Plaintiffs' Complaint, and each and every allegation therein directed to Ivax, fails to state a claim against Ivax upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD ADDITIONAL DEFENSE

Plaintiffs' claims against Ivax are barred by laches, waiver and/or estoppel.

### FOURTH ADDITIONAL DEFENSE

If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same resulted in whole or in part from an intervening cause and/or causes, and any action on the part of Ivax was not the proximate and/or competent producing cause of plaintiffs' alleged injuries.

### FIFTH ADDITIONAL DEFENSE

If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Ivax neither exercised nor had any right of control, for which Ivax is and was not responsible, and whose conduct Ivax had no duty or reason to anticipate or control.

14

## SIXTH ADDITIONAL DEFENSE

If in fact the Complaint is held to contain a claim upon which relief may be granted, then plaintiffs' recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiffs or other agents or persons other than Ivax.

## SEVENTH ADDITIONAL DEFENSE

The manufacture, marketing and labeling of gabapentin was controlled by federal law and Ivax was at all times in compliance with applicable federal law with respect thereto; therefore, the Complaint fails to state a claim upon which relief may be granted in that, inter alia, such causes of action, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription items and would constitute an invalid burden by this court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

## EIGHTH ADDITIONAL DEFENSE

In the event plaintiffs are found to have suffered any injury, disease, damage, pain and/or disability, the degree of responsibility, negligence, and fault of each person who contributed to said injuries should be determined, and Ivax should be held liable only for that proportion of the resulting damage which corresponds to its degree of fault, responsibility, or negligence, if any.

## NINTH ADDITIONAL DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiffs as alleged in the Complaint were sustained only after plaintiffs knowingly and voluntarily assumed any alleged risk inherent in the use of gabapentin.

## TENTH ADDITIONAL DEFENSE

Plaintiffs failed to heed the warnings provided by Ivax.

LIBNY/4878634.1

## ELEVENTH ADDITIONAL DEFENSE

Upon information and belief, any injury, loss or damage that plaintiffs may have sustained was caused in whole or in part by plaintiffs' own negligence.

## TWELFTH ADDITIONAL DEFENSE

At all times relevant to plaintiffs' claims against Ivax, Ivax conformed its conduct to the state of medical knowledge, common and accepted procedures in the medical field, professional standards, and the medical and pharmacological state of the art.

## THIRTEENTH ADDITIONAL DEFENSE

Any alleged defect in gabapentin could not have been detected or removed by a reasonable use of scientific procedures or techniques.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiffs' breach of warranty claims are barred by plaintiffs' failure to provide timely notice of any alleged breach of warranty.

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiffs' breach of warranty claims are barred by the absence of privity between plaintiffs and Ivax.

## SIXTEENTH ADDITIONAL DEFENSE

To the extent that plaintiffs' claims sound in negligent misrepresentation, such claims are barred by the absence of privity between plaintiffs and Ivax.

## SEVENTEENTH ADDITIONAL DEFENSE

Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

16

## EIGHTEENTH ADDITIONAL DEFENSE

Plaintiffs have failed to state a claim against Ivax upon which relief may be granted for punitive or exemplary damages.

## NINETEENTH ADDITIONAL DEFENSE

Any injuries, damages and/or losses allegedly sustained by plaintiffs were caused in whole or in part by preexisting conditions, for which Ivax bears no legal responsibility or liability.

## TWENTIETH ADDITIONAL DEFENSE

Ivax discharged its duty to warn by including fair and adequate warnings as to the risks, precautions and potential adverse reactions from using its gabapentin product in the product labeling therefor.  Accordingly, Ivax is not liable to plaintiffs by virtue of the learned intermediary doctrine.

## TWENTY-FIRST ADDITIONAL DEFENSE

Ivax is not a proper party.

## TWENTY-SECOND ADDITIONAL DEFENSE

If Ivax is found liable to plaintiffs for any non-economic loss allegedly suffered by plaintiffs, such liability equals fifty percent or less of the total liability of all persons liable, and the aggregate liability of such other persons equals or exceeds fifty percent of the total liability. Accordingly, Ivax's liability, if any, to plaintiffs for plaintiffs' non-economic loss shall not exceed Ivax's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

## TWENTY-THIRD ADDITIONAL DEFENSE

The Complaint fails to plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

LIBNY/4878634.1

**<u>TWENTY-FOURTH ADDITIONAL DEFENSE</u>**

The claims for relief based upon fraud and/or misrepresentation are barred, in whole or in part, because there were no misstatements or misrepresentations made by or attributable to Ivax.

**<u>TWENTY-FIFTH ADDITIONAL DEFENSE</u>**

The claims for relief based upon fraud and/or misrepresentation are barred, in whole or in part, because at all relevant times the claimed misrepresentations and/or omissions allegedly made by Ivax, if any, were immaterial as a matter of law.

**<u>TWENTY-SIXTH ADDITIONAL DEFENSE</u>**

The claims for relief based upon fraud and/or misrepresentation are barred, in whole or in part, because at no time did plaintiff, or his physicians rely upon any material misrepresentations or omissions by Ivax.

LIBNY/4878634.1

WHEREFORE, Ivax respectfully requests that the Complaint be dismissed as to it in all

respects, together with such other and further relief as to this Court may seem just and proper.

Dated:  December 28, 2009
      Boston, Massachusetts

                                        Respectfully submitted,

                                        IVAX PHARMACEUTICALS, INC.

                                        By its attorneys,

                                        /s/ U. Gwyn Williams               .
                                          U. Gwyn Williams (BBO # 565181)
                                          GOODWIN PROCTER LLP
                                          Exchange Place
                                          Boston, MA 02109-2881
                                          617.570.1000
                                          gwilliams@goodwinprocter.com

LIBNY/4878634.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 28, 2009.

/s/ U. Gwyn Williams

LIBNY/4878634.1