# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------x
                                                   :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                       :
        SALES PRACTICES AND                        :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION              :
-----------------------------------------------------------x   Judge Patti B. Saris
                                                   :
THIS DOCUMENT RELATES TO:                          :   Magistrate Judge Leo T. Sorokin
                                                   :
        DENISE McLENDON,                           :
                                                   :
                 Plaintiff,                        :
                                                   :   DEFENDANT IVAX
        v.                                         :   PHARMACEUTICALS,
                                                   :   INC.'S ANSWER TO
        PFIZER INC.,                               :   PLAINTIFF'S SECOND AMENDED
        PARKE-DAVIS, a Division of                 :   COMPLAINT; DEMAND FOR
        Warner-Lambert Company and                 :   JURY TRIAL
        Warner-Lambert Company LLC,                :
        WARNER-LAMBERT COMPANY,                    :
        WARNER-LAMBERT COMPANY LLC,                :
        and TEVA PHARMACEUTICALS                   :
        USA, INC., and IVAX                        :
        PHARMACEUTICALS. INC                       :
                                                   :
                 Defendants.                       :
                                                   :
-----------------------------------------------------------x
```

Ivax Pharmaceuticals, Inc., ("Ivax") by its attorneys, Goodwin Procter LLP, as and for its

Answer to Plaintiff's Second Amended Complaint ("Complaint"):

## STATEMENT OF THE CASE

1.      Denies each and every allegation contained in paragraph 1 of the Complaint,

except admits that in this action, plaintiff purports to seek recovery from defendants for personal

injuries allegedly sustained by plaintiff related to her use of the prescription drug gabapentin.

## PARTIES AND JURISDICTION

2.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, except neither admits nor denies such allegation insofar as they purport to state conclusions of law.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

LIBNY/4878629.1

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, admits that, upon information and belief, Teva Pharmaceuticals USA, Inc. ("Teva") is a Delaware corporation with its principal place of business at 1090 Horsham Road, North Wales, PA 19454, and that Teva is a wholly-owned subsidiary of Teva Pharmaceutical Industries, Ltd., an Israeli corporation.

18. Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that, upon information and belief, Teva manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the Commonwealth of Pennsylvania, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it.

19. Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that, upon information and belief, Teva manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the Commonwealth of

3

Pennsylvania, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it.

20.    In response to paragraph 20 of the Complaint, admits that, upon information and belief, Teva's principal place of business is in the County of Montgomery, Commonwealth of Pennsylvania at 1090 Horsham Road, North Wales, PA 19454.

21.    Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that Ivax Pharmaceuticals, Inc. ("Ivax") is a wholly-owned subsidiary of Teva Pharmaceutical Industries, Ltd., and that Ivax has done business in the State of Florida.

22.    Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Ivax is a wholly-owned subsidiary of Teva Pharmaceutical Industries, Ltd., and that Ivax has done business in the State of New York.

23.    Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Ivax is a wholly-owned subsidiary of Teva Pharmaceutical Industries, Ltd., and that Ivax has done business in the State of New York.

24.    Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Ivax is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 4400 Biscayne Boulevard, Miami, Florida 33137.

25.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

LIBNY/4878629.1

27.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint.

LIBNY/4878629.1

38.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint.

LIBNY/4878629.1

49.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint.

LIBNY/4878629.1

60.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint.

61.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Complaint.

62.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Complaint.

63.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Complaint.

64.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint.

65.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint.

66.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Complaint.

67.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint.

68.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Complaint.

69.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Complaint.

70.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Complaint.

LIBNY/4878629.1

71.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81 of the Complaint.

LIBNY/4878629.1

82.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of the Complaint.

LIBNY/4878629.1

93.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 94 of the Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 96 of the Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 99 of the Complaint.

100.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the Complaint.

101.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 101 of the Complaint.

102.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102 of the Complaint.

103.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Complaint.

LIBNY/4878629.1

104.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104 of the Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 105 of the Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 106 of the Complaint, except admits that upon information and belief, Teva currently manufactures and sells gabapentin as a pharmaceutical for human use in the United States,  pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it, and further admits that, upon information and belief,  Teva manufactured and sold gabapentin as a pharmaceutical for human use.

107.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 107 of the Complaint, except admits that upon information and belief, Teva submitted an ANDA for gabapentin to the FDA, which was approved prior to September 2005, and further admits that, upon information and belief, Teva manufactured and sold gabapentin as a pharmaceutical for human use.

108.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 108 of the Complaint, except admits that upon information and belief, Teva currently manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the State of New York, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it, and further admits that, upon information and belief, Teva manufactured and sold gabapentin as a pharmaceutical for human use.

LIBNY/4878629.1

109.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 109 of the Complaint, except avers that, upon information and belief, Teva did not commit a tortuous act inside the State of New York, which caused injury to plaintiff inside the State of Utah.

110.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 110 of the Complaint, except avers that, upon information and belief, Teva did not commit a tortuous act outside the State of New York, which caused injury to plaintiff inside the State of Utah.

111.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the Complaint, except admits that, upon information and belief, that from time to time in the past and continuing today, Teva has manufactured and sold gabapentin in the United States, including in the State of New York.

112.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 of the Complaint, except admits that, upon information and belief, that from time to time in the past and continuing today, Teva has manufactured and sold gabapentin in the United States, including in the State of New York.

113.    In response to paragraph 113 of the Complaint, admits that Ivax currently manufactures and sells gabapentin as a pharmaceutical for human use in the United States, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it, and further admits that Ivax manufactured and sold gabapentin as a pharmaceutical for human use.

114.    Denies each and every allegation contained in paragraph 114 of the Complaint, except admits that Ivax submitted an ANDA for gabapentin to the FDA, which was approved

13

prior to September 2005, and further admits that Ivax manufactured and sold gabapentin as a pharmaceutical for human use.

115.    In response to paragraph 115 of the Complaint, admits that Ivax currently manufactures and sells gabapentin as a pharmaceutical for human use in the United States, including in the State of New York, pursuant to a U. S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") owned by it, and further admits that Ivax manufactured and sold gabapentin as a pharmaceutical for human use.

116.    Denies each and every allegation contained in paragraph 116 of the Complaint.

117.    Denies each and every allegation contained in paragraph 117 of the Complaint.

118.    Denies each and every allegation contained in paragraph 118 of the Complaint except admits that, from time to time in the past and continuing today, Ivax has manufactured and sold gabapentin in the United States, including in the State of New York.

119.    Denies each and every allegation contained in paragraph 119 of the Complaint.

## STATEMENT OF THE CASE

120.    The allegations in paragraph 120 are conclusions of law that require no response.

121.    The allegations in paragraph 121 are conclusions of law that require no response.

122.    The allegations in paragraph 122 are conclusions of law that require no response.

123.    Neither admits nor denies the allegations contained in paragraph 123 of the Complaint to the extent they state conclusions of law, except admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

124.     Neither admits nor denies the allegations contained in paragraph 124 of the Complaint to the extent they state conclusions of law, except admits that Ivax has an obligation to manufacture, test, label, package, distribute and market its gabapentin product in accordance with its FDA-approved ANDA, all applicable FDA current Good Manufacturing Practices, and all other applicable FDA regulations and provisions of the Food, Drug & Cosmetic Act.

125.     Neither denies nor admits the allegations contained in paragraph 125 of the Complaint to the extent that they state conclusions of law, except admits that Ivax complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

126.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 126 of the Complaint, except admits that Pfizer and Parke-Davis are listed by the FDA as holders of FDA as holders of new drug applications ("NDA") for Neurontin®.

127.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 127 of the Complaint, except admits that Neurontin® is the FDA reference-listed drug for Ivax's generic drug product gabapentin, and that Ivax's gabapentin is indicated for the management of postherpetic neuralgia and for the treatment of epilepsy.

128.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 128 of the Complaint.

129.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 129 of the Complaint.

LIBNY/4878629.1

130.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 130 of the Complaint.

131.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 131 of the Complaint.

132.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 132 of the Complaint.

133.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 133 of the Complaint.

134.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 134 of the Complaint.

135.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 135 of the Complaint.

136.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the Complaint.

137.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 137 of the Complaint, except admits that a document purporting to be a copy of criminal information indicting Warner-Lambert Company LLC  in the United States District Court for the District of Massachusetts was annexed to the Complaint at Exhibit A thereto.

138.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 138 of the Complaint.

139.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 139 of the Complaint.

16

140.     Neither denies nor admits the allegations contained in paragraph 140 of the Complaint to the extent that they state conclusions of law, except avers that, upon information and belief, Teva complied at all times with applicable statutory and regulatory requirements and obligations relevant to the submission of an ANDA for its gabapentin product.

141.     Neither denies nor admits the allegations contained in paragraph 141 of the Complaint to the extent that they state conclusions of law, except avers that, upon information and belief, Teva complied at all times with applicable statutory and regulatory requirements and obligations relevant to the submission of an ANDA for its gabapentin product.

142.     Neither denies nor admits the allegations contained in paragraph 142 of the Complaint to the extent that they state conclusions of law, except avers that, upon information and belief, Teva complied with all FDA regulations relevant to the ANDA approval process.

143.     Denies each and every allegation contained in paragraph 143 of the Complaint to the extent that they state conclusions of law, except avers that, upon information and belief, the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

144.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 144 of the Complaint.

145.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 145 of the Complaint, except avers that upon information and belief, Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product, including FDA regulations relevant to the ANDA approval process.

146.    Denies each and every allegation contained in paragraph 146 of the Complaint to the extent that they state conclusions of law, and avers that, upon information and belief, Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product, including FDA regulations relevant to the ANDA approval process.

147.    Denies each and every allegation contained in paragraph 147 of the Complaint to the extent that they state conclusions of law, and specifically avers that, upon information and belief, Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product, including FDA regulations relevant to the ANDA approval process.

148.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 148 of the Complaint, except avers that, upon information and belief, Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product and that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling.  Ivax further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 148 to the extent such allegations pertain to information available from FDA through a FOIA request.

149.    Denies each and every allegation contained in paragraph 149 of the Complaint, except admits that there was an August 5, 2005 leaflet concerning gabapentin approved by the Isreali Minister of Health and distributed by Teva Pharmaceutical Industries, Ltd. in Israel.  That document speaks for itself.

150.    The allegations in paragraph 150 are conclusions of law that require no response.

151.    Neither admits nor denies the allegations contained in paragraph 151 of the Complaint to the extent that they state conclusions of law, except admits that the FDA's *amicus* brief submitted to the United States Court of Appeals for the Third Circuit in *Colacicco v. Apotex, Inc.* No. 06-3107 contains the paragraph referenced in paragraph 151 of the Complaint.

152.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 152 of the Complaint, except avers that, upon information and belief, Teva complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

153.    Denies each and every allegation contained in paragraph 153 of the Complaint.

154.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 154 of the Complaint, except avers that, upon information and belief, that Teva's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

155.    Denies each and every allegation contained in paragraph 155 of the Complaint, except admits that Ivax submitted an ANDA for gabapentin to the FDA, which was approved in by the Food and Drug Administration ("FDA"), and further admits that Ivax manufactured and sold gabapentin as a pharmaceutical for human use.

156.    Neither denies nor admits the allegations contained in paragraph 156 of the Complaint to the extent that they state conclusions of law, except admits that Ivax complied at all times with applicable statutory and regulatory requirements and obligations relevant to the submission of an ANDA for its gabapentin product.

19

157.     Neither denies nor admits the allegations contained in paragraph 157 of the Complaint to the extent that they state conclusions of law, except admits that Ivax complied at all times with applicable statutory and regulatory requirements and obligations relevant to the submission of an ANDA for its gabapentin product.

158.     Neither denies nor admits the allegations contained in paragraph 158 of the Complaint to the extent that they state conclusions of law, except admits that Ivax complied with all FDA regulations relevant to the ANDA approval process.

159.     Denies each and every allegation contained in paragraph 159 of the Complaint to the extent that they state conclusions of law, except admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

160.     Denies each and every allegation contained in paragraph 160 of the Complaint.

161.     Denies each and every allegation contained in paragraph 161 of the Complaint, and specifically avers that Ivax complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

162.     Denies each and every allegation contained in paragraph 162 of the Complaint, and specifically avers that Ivax complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product, including FDA regulations relevant to the ANDA approval process.

163.     Denies each and every allegation contained in paragraph 163 of the Complaint to the extent that they state conclusions of law, and specifically avers that Ivax complied at all

times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product, including FDA regulations relevant to the ANDA approval process.

164.    Denies each and every allegation contained in paragraph 164 of the Complaint, and specifically avers that Ivax complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product and that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling.  Ivax further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 164 to the extent such allegations pertain to information available from FDA through a FOIA request.

165.    Denies each and every allegation contained in paragraph 165 of the Complaint, except admits that there was an August 5, 2005 leaflet concerning gabapentin approved by the Isreali Minister of Health and distributed by Teva Pharmaceutical Industries, Ltd. in Israel.  That document speaks for itself.

166.    The allegations in paragraph 166 are conclusions of law that require no response.

167.    Neither admits nor denies the allegations contained in paragraph 167 of the Complaint to the extent that they state conclusions of law, except admits that the FDA's *amicus* brief submitted to the United States Court of Appeals for the Third Circuit in *Colacicco v. Apotex, Inc.* No. 06-3107 contains the paragraph referenced in paragraph 167 of the Complaint.

168.    Denies each and every allegation contained in paragraph 168 of the Complaint, and specifically avers that Ivax complied at all times with applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

169.    Denies each and every allegation contained in paragraph 169 of the Complaint.

LIBNY/4878629.1

170.     Denies each and every allegation contained in paragraph 170 of the Complaint, and specifically avers that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Ivax complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

171.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 171 of the Complaint, except denies each and every such allegation insofar as it is alleged or implied that plaintiff was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.

172.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 172 of the Complaint.

173.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 173 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiff was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.

174.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 174 of the Complaint.

175.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 175 of the Complaint.

176.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 176 of the Complaint.

177.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 177 of the Complaint, except denies each and

22

every such allegations insofar as it is alleged or implied that plaintiff was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.

178. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 178 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiff was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.

179. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 179 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiff was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.

180. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 180 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiff was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.

181. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 181 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiff was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.

182. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 182 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law, and specifically avers that its gabapentin product was, and is, safe and effective when used in accordance with FDA-

23

mandated and approved product labeling, and avers that Ivax complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

183.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 183 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.  Ivax further denies each and every such allegations insofar as it is alleged or implied that plaintiff was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax, and specifically avers that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Ivax complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

184.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 184 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.  Ivax further avers that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and specifically avers that Ivax complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

185.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 185 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.  Ivax further avers that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and specifically avers that Ivax complied with all

LIBNY/4878629.1

applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

186.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 186 of the Complaint, except denies each and every such allegations insofar as it is alleged or implied that plaintiff was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax, and specifically avers that its gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Ivax complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE PFIZER DEFENDANTS FOR NEGLIGENCE

187.    In response to paragraph 187 of the Complaint, repeats and realleges its responses to paragraphs 1 through 186 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

188.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 188 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

189.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 189 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

190.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 190 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

191.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 191 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

192.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 192 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

193.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 193 of the Complaint.

194.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 194 of the Complaint.

195.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 195 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE PFIZER DEFENDANTS FOR BREACH OF WARRANTY

196.     In response to paragraph 196 of the Complaint, repeats and realleges its responses to paragraphs 1 through 195 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

197.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 197 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

198.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 198 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

26

199.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 199 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

200.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 200 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

201.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 201 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

202.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 202 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

203.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 203 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST PFIZER DEFENDANTS FOR PRODUCTS LIABILITY**

204.    In response to paragraph 204 of the Complaint, repeats and realleges its responses to paragraphs 1 through 203 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

205.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 205 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

27

206.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 206 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

207.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 207 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

208.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 208 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST THE PFIZER DEFENDANTS FOR FRAUDULENT MISREPRESENTATION

209.     In response to paragraph 209 of the Complaint, repeats and realleges its responses to paragraphs 1 through 208 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

210.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 210 of the Complaint.

211.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 211 of the Complaint.

212.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 212 of the Complaint, except admits that Pfizer and Parke-Davis are listed by the FDA as holders of NDAs for Neurontin®.

213.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 213 of the Complaint.

28

214.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 214 of the Complaint.

215.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 215 of the Complaint.

216.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 216 of the Complaint.

217.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 217 of the Complaint.

218.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 218 of the Complaint.

219.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 219 of the Complaint.

220.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 220 of the Complaint.

221.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 221 of the Complaint.

222.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 222 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.  Ivax admits that the FDA regulations applicable to drugs manufactured and/or sold pursuant to the ANDA process require that product labeling for such drugs conform at all times in all material respects to the label for the reference listed drug.

223.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 223 of the Complaint.

224.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 224 of the Complaint.

225.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 225 of the Complaint.

226.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 226 of the Complaint.

227.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 227 of the Complaint.

228.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 228 of the Complaint.

229.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 229 of the Complaint.

230.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 230 of the Complaint.

231.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 231 of the Complaint.

232.    In Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 232 of the Complaint.

233.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 233 of the Complaint.

LIBNY/4878629.1

234.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 234 of the Complaint.

235.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 235 of the Complaint.

236.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 236 of the Complaint.

237.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 237 of the Complaint.

238.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 238 of the Complaint.

239.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 239 of the Complaint.

240.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 240 of the Complaint.

241.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 241 of the Complaint.

242.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 242 of the Complaint.

243.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 243 of the Complaint.

244.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 244 of the Complaint.

LIBNY/4878629.1

245.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 245 of the Complaint.

246.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 246 of the Complaint.

247.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 247 of the Complaint.

248.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 248 of the Complaint.

249.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 249 of the Complaint.

250.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 250 of the Complaint.

251.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 251 of the Complaint.

252.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 252 of the Complaint.

253.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 253 of the Complaint.

254.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 254 of the Complaint.

255.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 255 of the Complaint.

LIBNY/4878629.1

256.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 256 of the Complaint.

257.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 257 of the Complaint.

258.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 258 of the Complaint.

259.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 259 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

260.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 260 of the Complaint.

261.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 261 of the Complaint.

262.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 262 of the Complaint.

263.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 263 of the Complaint.

264.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 264 of the Complaint.

265.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 265 of the Complaint.

266.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 266 of the Complaint.

267.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 267 of the Complaint.

268.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 268 of the Complaint.

269.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 269 of the Complaint.

270.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 270 of the Complaint.

271.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 271 of the Complaint.

272.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 272 of the Complaint.

273.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 273 of the Complaint.

274.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 274 of the Complaint.

275.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 275 of the Complaint.

276.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 276 of the Complaint.

277.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 277 of the Complaint.

LIBNY/4878629.1

278.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 278 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST PFIZER DEFENDANTS FOR VIOLATION OF
## UTAH CONSUMER PROTECTION STATUTES

279.     In response to paragraph 279 of the Complaint, repeats and realleges its responses to paragraphs 1 through 278 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

280.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 280 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

281.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 281 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

282.     A Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 282 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANT TEVA FOR NEGLIGENCE

283.     In response to paragraph 283 of the Complaint, repeats and realleges its responses to paragraphs 1 through 282 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

284.     Neither admits nor denies such allegations in paragraph 281 of the Complaint insofar as they purport to state conclusions of law, except admits that, upon information and

LIBNY/4878629.1

belief, Teva has an obligation to manufacture, test, label, package, distribute and market its gabapentin product in accordance with its FDA-approved ANDA, all applicable FDA current Good Manufacturing Practices, and all other applicable FDA regulations and provisions of the Food, Drug & Cosmetic Act.

285.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 285 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law, and further avers that, upon information and belief, Teva's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

286.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 286 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law, and further avers that, upon information and belief, Teva's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

287.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 287 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law, and further avers that, upon information and belief, Teva's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva

36

complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

288.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 288 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law, and further avers that, upon information and belief, Teva's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

289.     Denies each and every allegation contained in paragraph 289 of the Complaint.

290.     Denies each and every allegation contained in paragraph 290 of the Complaint, except admits that plaintiff seeks damages against Teva.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT TEVA FOR BREACH OF WARRANTY

291.     In response to paragraph 291 of the Complaint, repeats and realleges its responses to paragraphs 1 through 290 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

292.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 292 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law, and further avers that, upon information and belief, Teva's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

37

293.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 293 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law, and further avers that, upon information and belief, Teva's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

294.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 294 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

295.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 295 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law, and further avers that, upon information and belief, Teva's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

296.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 296 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law, and further avers that, upon information and belief, Teva's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva

complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

297.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 297 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

298.    Denies each and every allegation contained in paragraph 298 of the Complaint, except admits that plaintiff seeks damages against Teva.

**AND FOR AN EIGHTH CAUSE OF ACTION**
**AGAINST DEFENDANT TEVA FOR PRODUCTS LIABILITY**

299.    In response to paragraph 299 of the Complaint, repeats and realleges its responses to paragraphs 1 through 298 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

300.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 300 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law, and further avers that, upon information and belief, Teva's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

301.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 301 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law, and further avers that, upon information and belief, Teva's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Teva

39

complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

302.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 302 of the Complaint, except neither admits nor denies such allegations insofar as they purport to state conclusions of law.

303.    Denies each and every allegation contained in paragraph 303 of the Complaint, except admits that plaintiff seeks damages against Teva.

## AS AND FOR A NINTH CAUSE OF ACTION
## AGAINST DEFENDANT IVAX FOR NEGLIGENCE

304.    In response to paragraph 304 of the Complaint, repeats and realleges its responses to paragraphs 1 through 303 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

305.    Denies each and every allegation contained in paragraph 305, except admits that Ivax has an obligation to manufacture, test, label, package, distribute and market its gabapentin product in accordance with its FDA-approved ANDA, all applicable FDA current Good Manufacturing Practices, and all other applicable FDA regulations and provisions of the Food, Drug & Cosmetic Act.

306.    Denies each and every allegation contained in paragraph 306, and specifically denies each and every allegation insofar as it is alleged or implied that plaintiff was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.  Ivax further avers that Ivax's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Ivax complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

307.     Denies each and every allegation contained in paragraph 307 of the Complaint, and specifically avers that it complied at all times with all applicable statutory and regulatory requirements and obligations with respect to the content of its FDA-mandated and approved product labeling for its gabapentin product.

308.     Denies each and every allegation contained in paragraph 308, and specifically denies each and every allegation insofar as it is alleged or implied that plaintiff was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.  Ivax further avers that Ivax's gabapentin product was, and is, safe and effective when used in accordance with FDA-mandated and approved product labeling, and avers that Ivax complied with all applicable statutory and regulatory requirements and obligations with respect to its gabapentin product.

309.     Denies each and every allegation contained in paragraph 309, and specifically denies each and every allegation insofar as it is alleged or implied that plaintiff was injured or otherwise suffered any damages as a result of any culpable conduct of Ivax.

310.     Denies each and every allegation contained in paragraph 310 of the Complaint.

311.     Denies each and every allegation contained in paragraph 311 of the Complaint.

### AS AND FOR A TENTH CAUSE OF ACTION
### AGAINST DEFENDANT IVAX FOR BREACH OF WARRANTY

312.     In response to paragraph 312 of the Complaint, repeats and realleges its responses to paragraphs 1 through 311 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

313.     Denies each and every allegation contained in paragraph 313 of the Complaint, except admits that Ivax complied at all times with all applicable statutory and regulatory requirements and obligations with respect to the content of its FDA-mandated and approved product labeling for its gabapentin product.

LIBNY/4878629.1

314.     Denies each and every allegation contained in paragraph 314 of the Complaint.

315.     Denies each and every allegation contained in paragraph 315 of the Complaint.

316.     Denies each and every allegation contained in paragraph 316 of the Complaint.

317.     Denies each and every allegation contained in paragraph 317 of the Complaint.

318.     Denies each and every allegation contained in paragraph 318 of the Complaint.

319.     Denies each and every allegation contained in paragraph 319 of the Complaint.

## AND FOR AN ELEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT IVAX FOR PRODUCTS LIABILITY

320.     In response to paragraph 320 of the Complaint, repeats and realleges its responses to paragraphs 1 through 319 of the Complaint with the same force and effect as though hereinafter fully set forth at length.

321.     Denies each and every allegation contained in paragraph 321 of the Complaint.

322.     Denies each and every allegation contained in paragraph 322 of the Complaint

323.     Denies each and every allegation contained in paragraph 323 of the Complaint.

324.     Denies each and every allegation contained in paragraph 324 of the Complaint.

## DEFENSES

By alleging the defenses set forth below, Ivax does not admit that it has the burden of proof and/or burden of persuasion with respect to any of these defenses.

## FIRST ADDITIONAL DEFENSE

Plaintiff's Complaint, and each and every allegation therein directed to Ivax, fails to state a claim against Ivax upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

42

## THIRD ADDITIONAL DEFENSE

Plaintiff's claims against Ivax are barred by laches, waiver and/or estoppel.

## FOURTH ADDITIONAL DEFENSE

If plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same resulted in whole or in part from an intervening cause and/or causes, and any action on the part of Ivax was not the proximate and/or competent producing cause of plaintiff's alleged injuries.

## FIFTH ADDITIONAL DEFENSE

If plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Ivax neither exercised nor had any right of control, for which Ivax is and was not responsible, and whose conduct Ivax had no duty or reason to anticipate or control.

## SIXTH ADDITIONAL DEFENSE

If in fact the Complaint is held to contain a claim upon which relief may be granted, then plaintiff's recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiff or other agents or persons other than Ivax.

## SEVENTH ADDITIONAL DEFENSE

The manufacture, marketing and labeling of gabapentin was controlled by federal law and Ivax was at all times in compliance with applicable federal law with respect thereto; therefore, the Complaint fails to state a claim upon which relief may be granted in that, inter alia, such causes of action, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription items and would constitute an invalid burden by this court on

LIBNY/4878629.1

interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

## EIGHTH ADDITIONAL DEFENSE

In the event plaintiff is found to have suffered any injury, disease, damage, pain and/or disability, the degree of responsibility, negligence, and fault of each person who contributed to said injuries should be determined, and Ivax should be held liable only for that proportion of the resulting damage which corresponds to its degree of fault, responsibility, or negligence, if any.

## NINTH ADDITIONAL DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiff as alleged in the Complaint were sustained only after plaintiff knowingly and voluntarily assumed any alleged risk inherent in the use of gabapentin.

## TENTH ADDITIONAL DEFENSE

Plaintiff failed to heed the warnings provided by Ivax.

## ELEVENTH ADDITIONAL DEFENSE

Upon information and belief, any injury, loss or damage that plaintiff may have sustained was caused in whole or in part by plaintiff's own negligence.

## TWELFTH ADDITIONAL DEFENSE

At all times relevant to plaintiff's claims against Ivax, Ivax conformed its conduct to the state of medical knowledge, common and accepted procedures in the medical field, professional standards, and the medical and pharmacological state of the art.

## THIRTEENTH ADDITIONAL DEFENSE

Any alleged defect in gabapentin could not have been detected or removed by a reasonable use of scientific procedures or techniques.

44

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's breach of warranty claims are barred by plaintiff's failure to provide timely notice of any alleged breach of warranty.

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiff's breach of warranty claims are barred by the absence of privity between plaintiff and Ivax.

## SIXTEENTH ADDITIONAL DEFENSE

To the extent that plaintiff's claims sound in negligent misrepresentation, such claims are barred by the absence of privity between plaintiff and Ivax.

## SEVENTEENTH ADDITIONAL DEFENSE

Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

## EIGHTEENTH ADDITIONAL DEFENSE

Plaintiff has failed to state a claim against Ivax upon which relief may be granted for punitive or exemplary damages.

## NINETEENTH ADDITIONAL DEFENSE

Any injuries, damages and/or losses allegedly sustained by plaintiff were caused in whole or in part by preexisting conditions, for which Ivax bears no legal responsibility or liability.

## TWENTIETH ADDITIONAL DEFENSE

Ivax discharged its duty to warn by including fair and adequate warnings as to the risks, precautions and potential adverse reactions from using its gabapentin product in the product labeling therefor.  Accordingly, Ivax is not liable to plaintiffs by virtue of the learned intermediary doctrine.

LIBNY/4878629.1

### TWENTY-FIRST ADDITIONAL DEFENSE

Ivax is not a proper party.

### TWENTY-SECOND ADDITIONAL DEFENSE

If Ivax is found liable to plaintiff for any non-economic loss allegedly suffered by plaintiff, such liability equals fifty percent or less of the total liability of all persons liable, and the aggregate liability of such other persons equals or exceeds fifty percent of the total liability.  Accordingly, Ivax's liability, if any, to plaintiff for plaintiff's non-economic loss shall not exceed Ivax's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

### TWENTY-THIRD ADDITIONAL DEFENSE

The Complaint fails to plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### TWENTY-FOURTH ADDITIONAL DEFENSE

The claims for relief based upon fraud and/or misrepresentation are barred, in whole or in part, because there were no misstatements or misrepresentations made by or attributable to Ivax.

### TWENTY-FIFTH ADDITIONAL DEFENSE

The claims for relief based upon fraud and/or misrepresentation are barred, in whole or in part, because at all relevant times the claimed misrepresentations and/or omissions allegedly made by Ivax, if any, were immaterial as a matter of law.

### TWENTY-SIXTH ADDITIONAL DEFENSE

The claims for relief based upon fraud and/or misrepresentation are barred, in whole or in part, because at no time did plaintiff, or her physicians rely upon any material misrepresentations or omissions by Ivax.

LIBNY/4878629.1

WHEREFORE, Ivax respectfully requests that the Complaint be dismissed as to it in all

respects, together with such other and further relief as to this Court may seem just and proper.

Dated:  December 28, 2009
          Boston, Massachusetts

Respectfully submitted,

IVAX PHARMACEUTICALS, INC.

By its attorneys,

/s/ U. Gwyn Williams                    .
U. Gwyn Williams (BBO # 565181)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
gwilliams@goodwinprocter.com

47

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 28, 2009.

/s/ U. Gwyn Williams

LIBNY/4878629.1