UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------------x
                                                                :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                                    :
        SALES PRACTICES AND                                     :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                           :
                                                                :   Judge Patti B. Saris
----------------------------------------------------------------x
                                                                :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                                       :
                                                                :
TERESA DRINKWINE, Individually and as Trustee                   :
For The Next of Kin of MICHAEL DRINKWINE,                       :
Decedent,                                                       :
                                                                :
                        Plaintiff,                              :
                                                                :
             - against –                                        :
                                                                :
PFIZER INC., PARKE-DAVIS, a division of                         :
Warner-Lambert Company and Warner-Lambert                       :
Company LLC, WARNER-LAMBERT COMPANY,                            :
WARNER-LAMBERT COMPANY LLC and                                  :
TEVA PHARMACEUTICALS USA, INC.,                                 :
                                                                :
                        Defendants.                             :
----------------------------------------------------------------x
                                                                :
AND RELATED CASES (SEE APPENDIX)                                :
                                                                :
---------------------------------------------------------------- x

**PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM IN
OPPOSITION TO DEFENDANT TEVA PHARMACEUTICALS
USA, INC.'s MOTION FOR AMENDMENT OF THE COURT'S ORDER
TO INCLUDE A STATEMENT CERTIFYING AN INTERLOCUTORY APPEAL**

**PRELIMINARY STATEMENT**

By an Electronic Order dated November 20, 2009, this Court denied the motion by

Defendant Teva Pharmaceuticals USA, Inc., the seller of the generic prescription drug

gabapentin, to dismiss ten individual Complaints by the Products Liability Plaintiffs against Teva

on the grounds of federal preemption.[1] Teva has moved pursuant to 28 U.S.C. § 1292(b) to amend the Court's Order to include a statement certifying the Order for immediate appeal on the grounds that the Order involves a controlling legal question as to which there is substantial difference of opinion, for which an immediate appeal from the Order may materially advance the ultimate termination of this litigation. However, as discussed below, Teva has failed to meet the requirements under Section 1292(b) that the Order involve a controlling question of law, and that an immediate appeal from the Order will materially advance the ultimate termination of this litigation. Teva's motion should therefore be denied.

## ARGUMENT

### DEFENDANT TEVA HAS FAILED TO MEET THE REQUIREMENTS UNDER 28 U.S.C. § 1292(b) TO WARRANT AN INTERLOCUTORY APPEAL

Title 28, Section 1292(b) of the United States Code provides in pertinent part:

> (b) When a district judge in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation, he shall so state in writing in such order. . . .

28 U.S.C. § 1292(b). It is submitted that Defendants have failed to demonstrate both that the Order involves a controlling question of law, and that an immediate appeal from the Order may materially advance the ultimate determination of this litigation.

In *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7 (1st Cir. 2005), the Court of Appeals for the First Circuit vacated the District Court's order allowing an interlocutory

---

[1] The Court is advised that the first case listed in the Appendix, *Blackwell v. Pfizer Inc.*, No. 1:06-cv-11397-PBS, has previously been dismissed. *See* Discovery Order No. 25 – Products Cases, Docket No. 1335, pp. 3-6; Electronic Order, dated October 17, 2008, adopting Magistrate Judge Sorokin's Report and Recommendations.

appeal and explained its aversion to granting interlocutory appeals under Section 1292(b), particularly in cases involving interlocutory appeals from a denial of a motion to dismiss:

> We have repeatedly emphasized that "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986) (quoting *McGillicuddy v. Clements*, 746 F.2d 76 n.1 (1st Cir. 1984) (citing *In re Heddendorf*, 263 F.2d 887, 888-89 (1st Cir. 1959))).
>
> As a general rule, we do not grant interlocutory appeals from a denial of a motion to dismiss. *McGillicuddy*, 746 F.2d at 76 n.1. In *McGillicuddy*, a case involving a denial of a motion to dismiss a multi-count complaint, we held that the district court should not have considered the interlocutory appeal in the first place: "we would not normally allow an appeal from a denial of a motion to dismiss, and, with the benefit of hindsight, we admit our error in doing so in this case." *Id*. This reflects our policy preference against piecemeal litigation, *see Heddendorf*, 263 F.2d at 889, as well as prudential concerns about mootness, ripeness, and lengthy appellate proceedings. Thus, the "fact that appreciable trial time may be saved is not determinative," *Palandjian*, 782 F.2d at 314, and neither is the fact that the case has "tremendous implications" or "might materially advance the ultimate termination of the litigation," *Slade v. Shearson, Hammill & Co., Inc.*, 517 F.2d 398, 400 (2d Cir. 1974).
>
> In the instant case, we see no reason to depart from our general rule prohibiting interlocutory appeals from the denial of a motion to dismiss. . . . Moreover, since the rest of the claims based on the same underlying facts have proceeded in the district court, the interlocutory appeal on the WIA issue does not "materially advance the ultimate termination of the litigation." . . .

395 F.3d at 9; *see also Stone v. Frontier Airlines, Inc.*, 256 F. Supp. 2d 28, 47 (D. Mass. 2002); *Miara v. First Allmerica Fin. Life Ins. Co.*, 379 F. Supp. 2d 20, 67, 68 (D. Mass. 2005).

Recently, in *In re Pharmaceutical Industry Average Wholesale Price Litig.*, No. 05-1108-PBS, 2008 U.S. Dist. LEXIS 6360 (D. Mass. Jan. 16, 2008), this Court denied the defendants' motion to amend an Order to include a certification of an immediate appeal pursuant to Section 1292(b), noting that "[t]ypically, when an order is certified for interlocutory appeal, the question will potentially dispose of the entire lawsuit," *id.* at *84, and that the "Defendants have not

3

persuasively demonstrated that an immediate appeal will significantly cut down discovery or expert expenses." *Id.* at *85-86.

Notably, Defendant Teva fails to cite *Colacicco v. Apotex Inc.*, a case raising an issue identical to that here, i.e., whether a plaintiff's failure-to-warn claims against a generic drug manufacturer are barred by the doctrine of federal preemption. The District Court in *Colacicco* granted the motion to dismiss by defendants Apotex, Inc. and Apotex Corp., manufacturers of the prescription generic anti-depressant drug paroxetine hydrochloride (Paxil), on the grounds that the plaintiff's failure-to-warn claims concerning the defendants' generic drug were preempted by federal law. 432 F. Supp. 2d 514 (E.D. Pa. 2006). On appeal, the Court of Appeals for the Third Circuit affirmed. 521 F.3d 253 (3d Cir. 2008). And the U.S. Supreme Court granted the plaintiffs' petition for writ of certiorari, vacated the judgment, and remanded the case to the Third Circuit for further consideration in light of *Wyeth v. Levine*, 555 U.S. ___, 129 S. Ct. 1187, 173 L. Ed. 2d 51 (2009). ___ U.S. ___, 129 S. Ct. 1578, 173 L. Ed. 2d 672 (2009). Upon remand, the Third Circuit vacated their judgment and remanded the case to the Eastern District of Pennsylvania for further proceedings consistent with the Supreme Court's decision in *Wyeth v. Levine*. (*See* Order, attached hereto as **Exhibit A**.) Upon remand to the District Court, discovery proceeded on the preemption issue and other claims, and on November 9, 2009, the Apotex defendants filed a motion for summary judgment on the issue of federal preemption. *See* Defendants' Motion for Summary Judgment, attached hereto as **Exhibit B**.)

No exceptional circumstances have been presented in this case, and this Court should exercise its discretion sparingly and deny Defendant Teva's motion for amendment of the Court's Order denying Teva's motion to dismiss so as to include a statement certifying the Order for immediate appeal. The Court should avoid piecemeal litigation, particularly where, as in this

4

matter, discovery on the issue of federal preemption involving the generic manufacturers of gabapentin has not yet been commenced, and there are substantial questions concerning the ripeness of a motion to dismiss on the grounds of federal preemption.  Thus, in *Colacicco*, the generic drug company defendants originally made a motion to dismiss claims involving the plaintiff's failure to warn claims against the drug manufacturer on the grounds of federal preemption.  After the case was remanded back to the District Court from the Court of Appeals, where the case had been remanded back from the U.S. Supreme Court, discovery on the issue of federal preemption was allowed to proceed before the defendants made a motion for summary judgment.

As in *Colacicco*, factual discovery on the issue of federal preemption must be conducted on the issue of federal preemption.  It would be a waste of time to allow Defendant Teva to take an interlocutory appeal of the denial of its motion to dismiss, only to have the First Circuit determine that discovery should be conducted on the federal preemption issue before an order may be issued dismissing Plaintiffs' Complaints.  Thus, at this time, there is no "controlling question of law" that may be decided prior to discovery on the federal preemption issue.

Moreover, many of the rest of the Products Liability Plaintiffs' claims based on the same underlying facts are now proceeding in this Court, and, therefore, an interlocutory appeal on the issue of federal preemption regarding Defendant Teva's failure-to-warn claims would not "materially advance the ultimate termination of the litigation."

## CONCLUSION

In view of the above, Products Liability Plaintiffs respectfully request that this Court deny Defendant Teva leave to amend the Court's Order denying Teva's motion to dismiss so as to permit Teva to take an interlocutory appeal of the denial of its motion to dismiss.

Dated:  December 29, 2009                                     Respectfully submitted,

                                                        *Members of Products Liability*
                                                        *Plaintiffs' Steering Committee*

                                      By:    **/s/ Andrew G. Finkelstein**
                                                        Andrew G. Finkelstein, Esquire
                                                        Finkelstein & Partners, LLP
                                                        1279 Route 300
                                                        P.O. Box 1111
                                                        Newburgh, NY  12551


                                      By:    **/s/ Jack W. London**
                                                        Jack W. London, Esquire
                                                        Law Offices of Jack W. London
                                                           & Associates
                                                        3701 Bee Cave Rd., Suite 200
                                                        Austin, TX  78746


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on December 29, 2009.

                                                                         **/s/ Andrew G. Finkelstein**
                                                                         Andrew G. Finkelstein, Esquire

# APPENDIX

## CASES PENDING IN THE NEURONTIN MDL NO. 1629
## NAMING TEVA PHARMACEUTICALS USA, INC. AS A DEFENDANT

| ORIGINAL CASE | TEVA'S RESPONSE | TRANSFER TO MDL |
|---|---|---|
| *Blackwell v. Pfizer Inc., et al.*, No. 2:06-cv-2295-BWK (E. D. Pa. filed Jun 1, 2006). | Motion to dismiss filed June 12, 2006. | Transferred to this MDL by CTO-25 (July 17, 2006), No. 1:06-cv-11397-PBS. |
| *Briggs v. Pfizer Inc., et al.*, No. 1:06-cv-15451-JSR (S.D.N.Y filed Dec. 26, 2006). | Motion to dismiss filed March, 12, 2007; Stipulation Adjourn Teva's Motion to Dismiss entered Feb. 28, 2008. | Transferred to this MDL by CTO-36 (Jan. 31, 2007), No. 1:07-cv-10327-PBS. |
| *Farris v. Pfizer Inc., et al.*, No. 0:06-cv-03975-ADM-JSM (D. Minn. filed Oct. 5, 2006). | Stipulations to extend Teva's time to answer entered Feb. 15, 2007 and Feb. 28, 2008. | Transferred to this MDL by CTO-36 (Oct. 24, 2006), No. 1:06-cv-12063-PBS. |
| *Hairfield v. Pfizer Inc., et al.*, No. 2:08-cv-01998-JCJ (E. D. Pa. filed April 2, 2008). | Answer filed June 6, 2008. | Transferred to this MDL by CTO-53 (May 7, 2008), No. 1:08-cv-10930-PBS. |
| *McLendon v. Pfizer Inc., et al.*, No. 1:08-cv-07843-JSR (S.D.N.Y. filed Sept. 9, 2008). | Stipulation to extend Teva's time to answer entered Jan. 9, 2009. | Transferred to this MDL by CTO-59 (Dec. 8, 2008), No. 1:08-cv-12034-PBS. |
| *Morrow v. Pfizer Inc., et al.*, No. 3:08-cv-00071-SA-SAA (N. D. Miss. filed July 2, 2008). | Stipulation to extend Teva's time to answer entered Oct. 16, 2008. | Transferred to this MDL by CTO-58 (Oct. 6, 2008), No. 1:08-cv-11706-PBS. |
| *Newberry v. Pfizer Inc., et al.*, No. 1:07-cv-00110-WLS (M. D. Ga. filed July 7, 2007) (summons issued as to Teva on Oct. 12, 2007). | Answer filed Dec. 14, 2007. | Transferred to this MDL by CTO-46 (July 24, 2007), No. 1:07-cv-11499-PBS. |
| *Ramsey v. Pfizer Inc., et al.*, No. 2:06-cv-04718-MK (E. D. Pa. filed Oct. 20, 2006). | Motion to Dismiss filed Oct. 27, 2007. | Transferred to this MDL by CTO-34 (Nov. 17, 2006), No. 1:06-cv-12212-PBS. |
| *Samuels v. Pfizer Inc., et al.*, No. 1:08-cv-00980-BEL (D. Md. filed April 17, 2008). | Stipulation to extend Teva's time to answer entered June 6, 2008. | Transferred to this MDL by CTO-53 (May 7, 2008), No. 1:08-cv-10958-PBS. |