# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH C. COLACICCO, individually and as executor of the estate of LOIS ANN COLACICCO, deceased,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**APOTEX, INC. and APOTEX CORP.,**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 05-5500<br>)<br>)<br>)<br>)<br>) |

### O R D E R

**AND NOW**, this _____ day of _____, _____, upon consideration of the Motion of Defendants Apotex, Inc., and Apotex Corporation to Dismiss Plaintiff's Complaint on the ground of federal preemption, and any responses thereto, it is hereby **ORDERED and DECREED** that said Motion is **GRANTED**.  It is further **ORDERED and DECREED** that Plaintiff's Complaint is dismissed with prejudice.

                                                        **BY THE COURT:**


                                                        _____
                                                        **MICHAEL M. BAYLSON, J.**

3321133-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH C. COLACICCO, individually and as executor of the estate of LOIS ANN COLACICCO, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>APOTEX, INC. and APOTEX CORP.,<br><br>    Defendants. | CIVIL ACTION NO. 05-5500 |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (*WYETH* FEDERAL PREEMPTION)**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Apotex, Inc. and Apotex Corporation (collectively, "Apotex") move this Court for an Order entering summary judgment in favor of Apotex on Plaintiff's claims, which are preempted by federal law. Apotex is entitled to such relief for the following reasons, which are more completely set out in Apotex's Memorandum of Law in Support of Its Motion for Summary Judgment:

Because the evidence in the record provides "clear evidence" that FDA "would not have approved" a warning in the labeling for generic paroxetine reflecting an increased risk of suicide or suicidality, Plaintiff's state law claims are preempted. *See* ***Wyeth v. Levine***, 129 S.Ct. 1187, 1198 (2009). Before and after Lois Colacicco's suicide in October 2003 at the age of 55, FDA repeatedly assessed claims that paroxetine or other selective serotonin reuptake inhibitors ("SSRIs") were linked to suicidality and concluded that there was no scientific support for such a warning in these medications' prescribing information. Specifically, before Apotex began marketing generic paroxetine, FDA definitely stated there was "no evidence that [paroxetine] is associated with an increased risk of suicidal thinking in adults." From the time Apotex stated

marketing generic paroxetine in September 2003 to when Ms. Colacicco committed suicide in October 2003, Apotex did not receive a single adverse event report relating to suicide, suicide attempt, or suicidal behavior. Finally, in 2007, FDA mandated that the labeling for all antidepressants, including paroxetine, state that the scientific data did not show an increased risk of suicidality in adults older than 24. (Ms. Colacicco was 55 when she committed suicide.) Based on the Supreme Court's decision in *Levine*, federal law preempts Plaintiff's claims.

In addition, Plaintiff's claims are preempted because they impose an obstacle to the federal regulation of drug labeling. *Levine*, 129 S.Ct. at 1204 (recognizing that "some state-law claims might well frustrate the achievement of congressional objectives"). FDA has repeatedly determined that the warning Plaintiff seeks is without scientific basis. Yet, Plaintiff attempts to hold Apotex liable because the paroxetine labeling did not include a warning regarding an increased risk of suicide or suicidality. Plaintiff should not be allowed to contravene the standards that FDA adopted to regulate prescription medications.

**WHEREFORE**, for the foregoing reasons, Apotex prays that the Court grant summary judgment, dismissing this case with prejudice, and award Apotex all costs incurred in these proceedings.

Respectfully submitted,

By:_____
Charles A. Fitzpatrick, III, Esquire
*cfitzpatrick@mylottedavid.com*
Arthur B. Keppel, Esquire
*akeppel@mylottedavid.com*
Attorneys for Defendants Apotex, Inc., and Apotex Corp.
Attorney I.D. Nos. 23212/47773

3

                                      **RAWLE & HENDERSON LLP**
                                      The Widener Building
                                      One South Penn Square
                                      Philadelphia, PA  19107
                                      (215) 575-4200
                                      (215) 563-2583

Date: November 9, 2009

3321133-1

## **CERTIFICATION OF SERVICE**

I, Arthur B. Keppel, certify that a true and correct copy of the foregoing Motion for Summary Judgment was served by electronic filing with the Clerk of the Court, and by electronic delivery via E-Mail, to the following at the address listed on the date shown below:

**Plaintiff**
Derek T. Braslow, Esquire
**POGUST BRASLOW & MILLROOD**
Eight Tower Bridge
161 Washington Street, Suite 1520
Conshohocken, PA 19428
T:  (610) 941-4204
F:  (610) 941-4245
*DBraslow@PBMattorneys.com*

                                                                          _____
                                                                          Arthur B. Keppel

Date:  November 9, 2009

3321133-1