UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Judge Patti B. Saris |
| | Magistrate Judge Leo T. Sorokin |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE
OF OR REFERENCES TO CONDUCT UNRELATED TO NEURONTIN**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully move this Court for an order *in limine* to exclude at trial any and all evidence of or reference by Plaintiffs or their counsel before the jury to conduct unrelated to Neurontin, including (i) an August 31, 2009, settlement among Pfizer, the United States Department of Justice, and certain other government agencies (collectively, the "Government"), pursuant to which Pfizer and the Government agreed to settle certain qui tam actions against Pfizer involving drugs other than Neurontin (the "August 2009 Settlement") and (ii) a plea agreement between the Government and Pharmacia & Upjohn Company, Inc. (a company that is not a party to this litigation) involving the drug Bextra (the "Pharmacia Plea"), as well as any related government finding or investigation in connection with the August 2009 Settlement or Pharmacia Plea.  First, introduction of the August 2009 Settlement is precluded by Rule 408.  Second, evidence of the August 2009 Settlement and Pharmacia Plea is irrelevant to the claims in this case and should therefore be excluded under Rules 401 and 402.  Third, evidence of the August 2009 Settlement and Pharmacia Plea should be excluded under Rule 403 due to unfair prejudice, confusion and delay that would substantially outweigh its non-existent probative value.  Fourth, the only plausible reason that Plaintiffs might seek admission of the August 2009 Settlement and Pharmacia Plea would be as improper character evidence barred by Rule 404(b).  Finally, introduction of the August 2009 Settlement

and Pharmacia Plea would result in a denial of Pfizer's due process rights.  Accordingly, the Court should exclude all such evidence from the trial of this matter.

WHEREFORE, Defendants respectfully request that this Court exclude from trial the specific items of evidence set forth in the accompanying memorandum of law.

Dated: January 8, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ Mark S. Cheffo
       Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ Raoul D. Kennedy
       Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400

        -and-

WHEELER TRIGG O'DONNELL LLP

By:   /s/ James E. Hooper
       James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800

        -and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
    David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

**CERTIFICATE OF CONSULTATION**

I certify that counsel have conferred in a good faith attempt to narrow or resolve the issue presented by this motion but have been unable to do so.

/s/ Mark S. Cheffo
Mark S. Cheffo

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 8, 2010.

/s/ David B. Chaffin
David B. Chaffin