UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE OF OR REFERENCES TO WARNER-LAMBERT COMPANY LLC'S GUILTY PLEA OR ANY RELATED GOVERNMENT INVESTIGATIONS OR AGREEMENTS**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully move this Court for an order *in limine* to exclude at trial any and all evidence of, or reference by Plaintiffs or their counsel before the jury to, Warner-Lambert Company LLC's guilty plea dated May 13, 2004, any negotiation, settlement, or agreement between Pfizer and/or Warner-Lambert and any government entity arising out of the guilty plea, or any related government finding concerning, or investigation of, the marketing of Neurontin in violation of the Federal Food, Drug, and Cosmetic Act, 29 U.S.C. §§ 301-399a, and the fact of any such investigation (collectively, the "Plea"). Evidence of the Plea is irrelevant to the claims in this case and should therefore be excluded under Rules 401 and 402. Moreover, evidence of the Plea should be excluded under Rule 403 due to unfair prejudice and undue delay that would substantially outweigh its non-existent probative value. Third, the only plausible reason that Plaintiffs might seek admission of the Plea would be as improper character evidence barred by Rule 404(b). Finally, introduction of the Plea would result in a denial of Pfizer's due process rights. Accordingly, the Court should exclude all such evidence from the trial of this matter.

WHEREFORE, Defendants respectfully request that this Court exclude from trial the specific items of evidence set forth in the accompanying memorandum of law.

Dated: January 8, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ Mark S. Cheffo
Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ Raoul D. Kennedy
Raoul D. Kennedy

Four Embarcadero Center
San Francisco, CA 94111
Tel: (415) 984-6400

-and-

WHEELER TRIGG O'DONNELL LLP

By: /s/ James E. Hooper
James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF CONSULTATION

I certify that counsel have conferred in a good faith attempt to narrow or resolve the issue presented by this motion but have been unable to do so.

/s/ Mark S. Cheffo
Mark S. Cheffo

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 8, 2010.

/s/ David B. Chaffin
David B. Chaffin