UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY
OF DR. RENA CONTI AND DR. CURT FURBERG**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this memorandum of law in support of their accompanying motion *in limine* to exclude at trial the testimony of Kaiser's undisclosed experts Dr. Rena Conti and Dr. Curt Daniel Furberg. Kaiser's designation of these witnesses is improper because Kaiser has failed to comply with both the scheduling order in this case and Federal Rule of Civil Procedure 26. Accordingly, these witnesses must be excluded.

**ARGUMENT**

**I.     Expert Testimony From Dr. Conti And Dr. Furberg Is Undisclosed And Inadmissible**

On February 29, 2008, this court entered a case management order setting forth the deadlines for providing expert reports. (*See* Case Management Order of Feb. 29, 2008 [1153].) "All Plaintiffs' Expert Reports" were due by August 1, 2008. (*Id.*) Neither Kaiser nor any of the other Coordinated Plaintiffs designated or produced expert reports for Dr. Rena Conti or Dr. Curt Furberg prior to this deadline, nor did they request leave to do so at any time thereafter. Indeed, Defendants' first notification that Kaiser plans to rely on these experts at trial was through Kaiser's November 23, 2009, trial witness designation [2179] – over 15 months after Kaiser's deadline for producing expert reports. To this day, Kaiser has still not produced expert reports for these witnesses.

By contrast, the Class Plaintiffs disclosed and produced expert reports from Dr. Conti prior to the August 1, 2008, deadline. Notably, the only expert reports from Dr. Conti that have been produced in this case are all styled as "Declaration[s] . . . In Support Of Plaintiffs' Renewed Motion For Class Certification," and the introductory language to each declaration further emphasized that her data analysis and statistical calculations therein were being offered in support of class certification. (Exh. A, 12/19/07 Conti Decl. at cover and p. 1; Exh. B, 2/21/08 Revised Conti Decl. at cover and p. 1; Exh. C, 3/28/08 Rebuttal Decl. and cover and p.1.) Until Kaiser served its trial witness list on November 23, 2009 [2179], there was no indication that Dr. Conti would offer any opinions in support of Kaiser's claims or that Kaiser would rely on any such opinions at trial. Moreover, Kaiser has never produced an expert report from Dr. Conti explaining how her opinions relate to issues other than class certification, nor has Pfizer had any opportunity to depose Dr. Conti on any such issues.

Likewise, while the Class Plaintiffs disclosed Dr. Furberg and produced his expert report after the August 1, 2008, deadline, they filed a motion requesting leave to do so. (*See* Class Pls. Mot. for Leave to Serve Supp. Expert Reports [1503].) The Court granted Class Plaintiffs' motion just over a year ago, on January 6, 2009. (*See* Electronic Order of Jan. 6, 2009.) Neither Kaiser nor any of the other Coordinated Plaintiffs joined in the Class Plaintiffs' motion. Nor have they ever requested leave to belatedly disclose Dr. Furberg as an expert or produced a report from him in support of their claims. Thus, Pfizer had no notice that Kaiser would seek to rely on Dr. Furberg's opinions until Kaiser served its trial witness list on November 23, 2009.

Preclusion is mandated by the Federal Rules of Civil Procedure, which impose an affirmative duty on parties to "promptly file" witness information, exhibits, and damage calculations. Fed. R. Civ. P. 26(a)(1), 26(a)(3)(A). Indeed, not only has Kaiser failed to timely identify these experts, but Kaiser has also failed to provide expert reports for these witnesses as required under Rule 26(a)(2)(B). If Kaiser intended to proffer Drs. Conti and Furberg as experts, it was required to furnish a *signed* report, which *must* contain:

(i) a complete statement of all opinions the witness will express *and the basis and*

2

> *reasons for them*;
>
> (ii) the data or other information considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them.

Fed. R. Civ. P. 26(a)(2) (emphasis added).

The directives of Rule 26(a) to file expert disclosures are mandatory. *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (holding that the directives of Rule 26(a) to file expert disclosures are mandatory); *Adams v. J. Myers Builders, Inc.*, No. 08-cv-425-JL, 2009 U.S. Dist. LEXIS 113855, at *14-23 (D.N.H. Dec. 2, 2009) (excluding expert testimony where experts' reports did not satisfy the requirements of Rule 26). When parties fail in this duty – as Kaiser has here – the "party is not allowed to use that information or witness." Fed. R. Civ. P. 37(c)(1); *see also Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este*, 456 F.3d 272, 276 (1st Cir. 2006) ("The baseline rule is that 'the required sanction in the ordinary case is mandatory preclusion.'"); *Poulis-Minott,* 388 F.3d at 358 (holding that Rule 37 ordinarily requires mandatory preclusion of the witnesses' testimony).

Likewise, Rule 16 authorizes sanctions when parties fail to comply with the deadlines set forth in a pretrial order, as Kaiser has here. *See* Fed. R. Civ. P. 16(f). The First Circuit has stated that "[i]n an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45 (1st Cir. 2002). Further, "a litigant who ignores a case-management deadline does so at his peril" as a court is authorized to sanction such a litigant in a variety of ways. *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998). Indeed, a court is authorized to preclude evidence for failure to comply with a case management order. *Tower Ventures, Inc.*, 296 F.3d at 46 (holding that an array of sanctions are available for failure to comply with a case management order, including dismissal); *see also Torres v. Puerto Rico*, 485 F.3d 5, 10 (1st Cir. 2007) (stating that court has broad choice in issuance of sanctions for violation of a case management order). The First Circuit has upheld the District Court of Massachusetts' preclusion of an expert where the precluded party failed to comply with

deadlines set forth in the court's case management order. *Primus v. United States*, 389 F.3d 231, 234-36 (1st Cir. 2004). This court should do the same.

## II. Kaiser's Failure To Comply With The Scheduling Order And The Federal Rules Of Civil Procedure Is Not Justified

Kaiser cannot establish that its failure to abide by Rule 26 was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1); *Wilson v. Bradlees of New Eng., Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) (the party facing the sanctions bears the burden to show violation was justified or harmless). As the First Circuit has made clear, "'exclusion of evidence [such as an expert's testimony] is a standard sanction for a violation of the duty of disclosure.'" *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de P.R.*, 248 F.3d 29, 35 (1st Cir. 2001) (citation omitted) (alteration in original). The court's latitude is wide in providing sanctions for failure to comply with Rule 26. *Id.* at 34.

Here, Kaiser can provide no adequate reason for failing to identify Drs. Conti or Furberg as expert witnesses until more than 15 months after the Court-imposed deadline for doing so. The Class Plaintiffs disclosed Dr. Conti as an expert witness within the applicable deadlines, and filed a motion requesting leave of Court to disclose and submit Dr. Furberg's report after the applicable deadlines. (*See* Class Pls. Mot. for Leave to Serve Supp. Expert Reports [1503].) Nothing prevented Kaiser or the other Coordinated Plaintiffs from doing likewise.

Nor can Kaiser show that its untimely disclosures are harmless. Throughout this litigation, Kaiser has repeatedly emphasized the distinctions between its theories of liability, injury and damages, and those of the Class Plaintiffs. Pfizer had no reason to simply assume that any expert disclosed by the Class Plaintiffs might also be called by Kaiser. Indeed, Dr. Conti's expert reports all state that they were submitted solely in support of class certification. To this day, Plaintiffs have not produced any report from Dr. Conti explaining how her calculations apply specifically to Kaiser.

Thus, Pfizer is now faced with preparing for the testimony of expert witnesses without adequate information about what they will testify to in this action. That is precisely what Rule

4

26 and this Court's Case Management Order were designed to avoid. *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992) (goal of expert disclosure rules is to "'make a trial less of a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'"(quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958))). Kaiser cannot flout those rules and then claim that its conduct was either justified or harmless.

Accordingly, under both this Court's Case Management Order and the Federal Rules of Civil Procedure, this Court should preclude Plaintiff from offering these witnesses at trial.

**III.     Even If Properly Disclosed, These Expert's Opinions Would Be Inadmissible**

Even if properly disclosed, Dr. Conti's opinion testimony would be inadmissible for the reasons set forth in Pfizer's concurrently filed motions *in limine* (incorporated herein by reference) to exclude the testimony of Professor Meredith Rosenthal and Dr. Raymond Hartman. Dr. Conti's analysis suffers from the same flaws as that of Professor Rosenthal and Dr. Hartman. Like Dr. Hartman, Dr. Conti's methodology is wholly dependent on Professor Rosenthal's analysis. She has no knowledge or opinion as to what prompted doctors to prescribe Neurontin (Dkt. 1175-11, 2/12/08 Dep. of Dr. Rena Conti at 438-39), and in any event, is no more able than Professor Rosenthal to distinguish prescriptions caused by Pfizer's promotional activities from prescriptions written for entirely independent reasons. Indeed, Dr. Conti concedes that she was not asked to offer and is not offering an opinion on causation. (*Id.* at 68.)

Likewise, even if properly disclosed, Dr. Furberg's opinion testimony would be inadmissible for the reasons set forth in Pfizer's concurrently filed motion *in limine* (incorporated herein by reference) to exclude the testimony of Dr. John Abramson. Like Dr. Abramson, Dr. Furberg addresses conduct with no demonstrated nexus to Kaiser's alleged harm, presents *ipse dixit* conclusions based on his subjective and speculative interpretation of documents regarding events of which he has no first-hand knowledge, invades the province of the jury by weighing the evidence and speculating about the motives of parties, and invades the province of the Court by providing his own personal ethical views regarding drug companies'

5

purported disclosure obligations.  Dr. Furberg was precluded from giving similar testimony in the *Rezulin* litigation on these same grounds.  *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 542-43 & n.32, 545-46 & nn.37, 38, 40, 549 & n.56, 556-58 & n.102 (S.D.N.Y. 2004).

## **CONCLUSION**

For all of the forgoing reasons, Pfizer requests that this Court issue an order excluding the expert testimony of Dr. Rena Conti and Dr. Curt Furberg.

Dated: January 8, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:  /s/ Mark S. Cheffo
     Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:  /s/ Raoul D. Kennedy
     Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400

-and-

WHEELER TRIGG O'DONNELL LLP

By:  /s/ James E. Hooper
     James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 8, 2010.

/s/ David B. Chaffin
David B. Chaffin