UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------

In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

------

THIS DOCUMENT RELATES TO:

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS)

------

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM
PRESENTING THE LIVE TESTIMONY OF PERMANENTE PHYSICIANS
UNLESS AND UNTIL PLAINTIFFS MAKE PERMANENTE PHYSICIANS
AVAILABLE TO DEFENDANTS FOR LIVE TESTIMONY**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully submit this memorandum of law in support of their accompanying motion *in limine* to preclude Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser") from presenting the live testimony of any Permanente physicians at trial unless and until Kaiser makes the Permanente physicians designated on Defendants' Expected Trial Witness List available for live testimony at trial.

**PRELIMINARY STATEMENT**

Kaiser has designated several Permanente Medical Groups ("PMG") doctors as trial witnesses.[1] Pfizer has designated additional PMG doctors as trial witnesses.[2] Despite having no apparent difficulty procuring the testimony of its own witnesses, Kaiser claims that PMG doctors are "not under the control of Kaiser and cannot be compelled to participate in trial." (Plaintiff's List of Witnesses to Be Presented at Trial [2179] at 1 n.1.) Thus, it appears that Kaiser intends to

---

[1] The PMG doctors designated as trial witnesses by Kaiser are: David Campen, M.D., Dale Daniel, M.D., Robin Dea, M.D., Sean Jones, M.D., and Joel Hyatt, M.D. (Plaintiff's List of Witnesses to Be Presented at Trial [2179] at 6-7.)

[2] The PMG doctors designated as trial witnesses by Pfizer are: Nicholas Wieder, D.O., David Chandler, M.D., Mitchell Danesh, M.D., Morris Maizels, M.D., Bruce McCarberg, M.D., and Andrew Bertagnolli, Ph.D. (Defendants' Expected Trial Witness List [2180] at 2-3, 8.)

make no effort to procure the attendance of the PMG doctors on Pfizer's trial witness list.

Pfizer would be severely prejudiced if Kaiser were allowed to present live testimony of PMG physicians while denying Pfizer the same opportunity. There is every indication that PMG doctors are under Kaiser's control or, at a minimum, willing to cooperate voluntarily with Kaiser's requests for their appearance at trial. Kaiser should not be permitted to selectively procure PMG doctors' trial testimony based on the pretense that it has no "control" over these witnesses, particularly since Kaiser filed this action in an inconvenient forum, and opposes Pfizer's pending motion to transfer this action to a forum where PMG doctors could be subpoenaed to testify.

## ARGUMENT

The corporate structures of Kaiser and PMG cannot obscure Kaiser's close affiliation with PMG physicians, and does not in and of itself demonstrate that Kaiser does not have sufficient control to procure these physicians' attendance at trial. Kaiser's argument elevates form over substance. Indeed, when not focused on such hyper-technical arguments, Kaiser repeatedly refers to PMG doctors as "its doctors" or "Kaiser doctors."

- "Kaiser encourages its doctors to prescribe drugs appropriately." (Coordinated Plaintiffs' Rule 56.1 Statement [1745] at 2; *see also id.* at 65.)
- "Kaiser relies on the independent judgment of its prescribing physicians." (*Id.* at 3.)
- "Kaiser physicians . . . were as vulnerable as any other physicians to Defendants' misleading messages." (*Id.* at 9; *see also id.* at 60.)
- "Kaiser doctors were among the physicians who were effected by that tainted information, and thus their prescribing practices were impacted . . . ." (*Id.* at 61.)

Even if not technically their employer, Kaiser's extremely close affiliation with PMG and with PMG doctors, as well as Kaiser's ability to procure the attendance of the PMG doctors of its own choosing, strongly suggests that Kaiser has sufficient control to procure the appearance of other doctors designated on Pfizer's trial witness list. At a minimum, the close affiliation between Kaiser and PMG physicians makes it extremely likely that physicians would cooperate if Kaiser simply asked them to appear and testify – just as Drs. Campen, Daniel, Dea, Jones, and

Hyatt have evidently agreed to do. Even assuming that Kaiser could not compel other PMG doctors to appear, Kaiser has made no showing that these doctors are either unwilling or unable to do so.

It would be patently unfair if Kaiser were permitted to call PMG physicians of its choosing while simultaneously blocking Pfizer from doing the same. Kaiser chose to file this action in an inconvenient forum and has opposed Pfizer's pending motion to transfer the case to Kaiser's home venue, where PMG physicians would be subject to the transferee court's subpoena power. Many of the key fact witnesses to be called in this case, including PMG physicians, are located within 100 miles of either the Central District of California or the Northern District of California, where venue is proper.[3] Kaiser should not be allowed to litigate in an inconvenient forum in order to deny Pfizer access to the trial testimony of witnesses who are, for all practical purposes, "Kaiser doctors." (Coordinated Plaintiffs' Rule 56.1 Statement [1745] at 61.)

Pfizer would be severely prejudiced if prevented from offering the testimony of PMG physicians. Testimony from Kaiser physicians regarding why they prescribed Neurontin, their clinical observations regarding Neurontin's efficacy for their patients, and whether they would have prescribed one of the self-selected alternative drugs identified by Kaiser is highly relevant to Pfizer's defense. Pfizer will not be able to adequately present this evidence through the use of depositions. As courts have repeatedly recognized, "limiting [the defendant] to 'recorded' testimony from non-party witnesses while [p]laintiff benefits from live testimony would be 'manifestly unfair.'" *Vista HealthPlan, Inc. v. Amgen, Inc.*, No. CV 07-3711 PSG, 2007 WL 4144893, at *6 (C.D. Cal. Nov. 13, 2007) (citation omitted); *see also Masonite Corp. v. Jeld-Wen, Inc.*, No. 2:06CV184KS-MTP, 2007 WL 685190, at *3 (S.D. Miss. Mar. 2, 2007) ("[A] party should not be required to try his case with depositions rather than live witnesses. This is especially true when the qualitative value of the witnesses' testimony is high." (internal

---

[3] This argument has been briefed in Defendants' previously filed Memorandum in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 [2194].

quotation marks omitted) (citation omitted)); *Beland v. U.S. Dep't of Transp.*, No. Civ. 00-328-B, 2001 WL 274849, at *3 (D.N.H. Feb. 14, 2001) ("[E]nsuring the presence of live witness testimony better serves the interest of justice."); *George v. Kraft Foods Global, Inc.*, No. 06-cv-798-DRH, 2007 WL 853998, at *8 (S.D. Ill. Mar. 16, 2007) ("The Court is unwilling to set up a situation in which [d]efendants 'cannot compel personal attendance [of witnesses at trial] and may be forced to try their case[] on deposition.'" (second and third alterations in original) (citation omitted)).[4]

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their motion *in limine* to preclude Kaiser from presenting the live testimony of any PMG physicians at trial unless and until Kaiser makes other PMG physicians designated on Defendants' Expected Trial Witness List available for live testimony at trial.

Dated: January 8, 2010                                Respectfully submitted,

                                                      SKADDEN, ARPS, SLATE, MEAGHER
                                                      & FLOM LLP

                                                      By:   /s/ Mark S. Cheffo
                                                            Mark S. Cheffo

                                                      Four Times Square
                                                      New York, NY 10036
                                                      Tel: (212) 735-3000

---

[4] The unfairness that would result to Pfizer is heightened here, where a number of the witnesses have not been deposed and this Court has limited the number of additional depositions that can be taken between now and trial.

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ Raoul D. Kennedy
Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel: (415) 984-6400

-and-

WHEELER TRIGG O'DONNELL LLP

By: /s/ James E. Hooper
James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 8, 2010.

/s/ David B. Chaffin
David B. Chaffin

5