UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**PLAINTIFF KAISER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM ANY REFERENCE TO TREBLE DAMAGES, ATTORNEYS' FEES, OR POTENTIAL HARM TO PFIZER'S BUSINESS OR SHARE PRICES RESULTING FROM A JURY AWARD**

827239.1

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................... ii

I.  INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A.   The Jury Should Not Be Advised of Treble Damages, Attorneys' Fees Or Costs............................................................................................................................ 2

    B.   Defendants Should Be Precluded From Referencing Potential Harm to Its Business or Share Price as a Result of a Jury Award ................................................... 5

III. CONCLUSION ................................................................................................................ 6

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Cox v. Sears Roebuck & Co.*, 647 A.2d 454 (N.J. 1994) .................................................................. 2, 3

*CVD, Inc. v. Raytheon Co.*,
  769 F.2d 842 (1st Cir. 1985) ........................................................................................................ 4

*Fisher v. City of Memphis*,
  234 F.3d 312 (6th Cir. 2000) ........................................................................................................ 5

*HBE Leasing Corp. v. Frank*,
  22 F.3d 41 (2d Cir. 1994) ............................................................................................................. 3

*Liquid Air Corp. v. Rogers*,
  834 F.2d 1297 (7th Cir. 1987) ..................................................................................................... 3

*Murphy v. Ford Motor Co., Inc.*,
  No. CIV. A. 07-864, 2009 WL 2998960 (W.D. La. Sept. 14, 2009) ........................................... 5

*Pollock & Riley, Inc. v. Pearl Brewing Co.*,
  498 F.2d 1240 (1974) ................................................................................................................... 4

*Romond v. Valiant Home Remodelers*,
  No. CIV. A. 03-5869, 2007 WL 2362853 (N.J. Super. App. Div. Aug. 21, 2007) ..................... 3

*Semke v. Enid Auto. Dealers Ass'n.*,
  456 F.2d 1361 (10th Cir. 1972) ................................................................................................... 4

*St. Cyr v. Flying J. Inc.*,
  No. CIV. A. 06-13, 2007 WL 2696791 (M.D. Fla. Sept. 12, 2007) ............................................ 5

*United States v. Palma*,
  473 F.3d 899 (8th Cir. 2006) ....................................................................................................... 6

*Vidosh v. Holsapple*,
  No. CIV. A. 84-2447, 1987 WL 273164, at *12-13 (E.D. Mich. Feb. 2, 1987) ......................... 3

*Westbrook v. Gen. Tire and Rubber Co.*,
  754 F.2d 1233 (5th Cir. 1985) ..................................................................................................... 6

*Williams v. Drake*,
  146 F.3d 44 (1st Cir. 1998) .......................................................................................................... 2

**Other Authorities**

18.U.S.C. § 1964(c) ......................................................................................................................... 1, 2

Fed. R. Evid. 403 ................................................................................................................................ 2

N.J. Stat. § 56:8-19 ......................................................................................................................... 1, 2

## I.     INTRODUCTION

Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser")[1] respectfully ask this Court to preclude Defendants from any reference to treble damages, attorneys' fees, or potential harm to Pfizer's business or share prices that may result from a jury award in this case. Successful Plaintiffs are entitled to *mandatory* treble damages, attorneys' fees, and costs under the applicable remedies provisions of the United States RICO Act, 18 U.S.C. § 1964(c), and the New Jersey Consumer Fraud Act, N.J. STAT. § 56:8-19, and thus these remedies are not properly before the jury, which is only responsible for determining Kaiser's actual damages, and are irrelevant to their substantive deliberations.

Courts have repeatedly warned that under such circumstances there is a substantial risk that a jury will view these provisions as an unwarranted windfall to the plaintiff, and may improperly reduce their award of actual damages to circumvent the statutory mandates. The risk of harm is compounded if the jury is also exposed to irrelevant discussion about the potential harm that Pfizer may suffer to its business or to its share price as a result of a jury award. Reference to these issues will thus inevitably confuse the issues, mislead the jury, and unfairly prejudice the damages deliberations in this action. Because the risk of harm to Kaiser is substantial and the relevance of this evidence nonexistence, preclusion under Federal Rule of Evidence 403 is warranted.

## II.    ARGUMENT

---

[1] Kaiser Foundation Health Plan, Inc. is the parent company of the following companies and has brought this lawsuit on behalf of itself and its subsidiaries: Kaiser Foundation Health Plan of Colorado; Kaiser Foundation Health Plan of Georgia, Inc.; Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.; Kaiser Foundation Health Plan of the Northwest; and Kaiser Foundation Health Plan of Ohio.

The Federal Rule of Evidence provides that relevant evidence should be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Rule 403 is "a tool that a trial judge can use to keep a jury's attention riveted on the dispositive issues." *Williams v. Drake*, 146 F.3d 44, 47-48 (1st Cir. 1998). The Rule requires preclusion of any reference to treble damages, attorneys' fees, or potential harm to Pfizer's business or share prices that may result from a jury award in this case

### A. The Jury Should Not Be Advised of Treble Damages, Attorneys' Fees Or Costs

The remedies provisions of the United States RICO Act, 18 U.S.C. § 1964(c), and the New Jersey Consumer Fraud Act, N.J. STAT. § 56:8-19, mandate that successful plaintiffs be awarded treble damages, attorneys' fees, and the cost of suit. *See* 18.U.S.C. § 1964(c) ("Any person injured in his business or property . . . shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . ."); N.J. STAT. § 56:8-19 ("In all actions under this section . . .the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit."). *See also Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 465 (N.J. 1994) ("[W]e determine that an award of treble damages and attorneys' fees is mandatory under [§ 56:8-19] if a consumer-fraud plaintiff proves both an unlawful practice under the Act and an ascertainable loss. The use of the word 'shall' in the statute suggests as much.").

Courts have repeatedly held that allowing these provisions to be referenced before a jury is improper. As the Second Circuit has held when forbidding such reference to the RICO provisions: "Reference to treble damages and attorneys fees is irrelevant to the jury questions of liability and damages and may tend to confuse or prejudice a jury into reducing its eventual

award, thus frustrating Congress's goal of deterring improper conduct by assessing treble damages and attorneys fees." *HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45 (2d Cir. 1994). The Second Circuit reached its holding after observing that "every authority brought to this court's attention upholds excluding references to trebling and attorneys fees in the RICO context." *HBE Leasing*, 22 F.3d 45. *See also Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1308 n.7 (7th Cir. 1987) (information pertaining to RICO's trebling provision is "irrelevant to a jury's deliberations and may confuse or prejudice the jury"); *Vidosh v. Holsapple*, No. CIV. A. 84-2447, 1987 WL 273164, at *12-13 (E.D. Mich. Feb. 2, 1987) (excluding reference to RICO's treble damage and attorneys' fee provisions because "to inform the jury of a treble damage provision will cause it to adjust its award accordingly and thus distort its true function of finding damages . . .").

In *Cox*, the New Jersey Supreme Court held that treble damages and attorneys' fees are mandatory under the New Jersey Consumer Fraud Act. *Cox*, 647 A.2d at 465. In addition, the "the legislative history indicates that the provision for attorneys' fess was intended to impose on the defendant in a private action a greater financial penalty [than in an action brought by the Attorney General] and . . . [to ensure] that the financial cost to the private plaintiff was minimized and compensation maximized." *Id.* at 465 (internal citations omitted). Thus, in 2007, a New Jersey appellate court found error when a trial court allowed defendant to mention treble damages and attorneys' fees in its opening and closing statement. *Romond v. Valiant Home Remodelers*, No. CIV. A. 03-5869, 2007 WL 2362853, at *15 (N.J. Super. App. Div. Aug. 21, 2007) ("Because the trebling of damages and the award of counsel fees and costs under the [Consumer Fraud Act] are issues reserved to the judge . . . they have no relevance to any issues to be determined by the jury.")

Federal Circuit Courts have invoked the same reasoning in holding it improper to inform a jury of mandatory treble damages and attorneys' fees provision in analogous contexts. In *Pollock & Riley, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1242 (1974), the Fifth Circuit held that the jury should not be informed of the mandatory treble damages provision of the Clayton Act. The Fifth Circuit provided two justifications for its holding. First, the court feared that the jury would improperly "adjust the damage award downward or find no liability, therefore thwarting Congress's purpose, because of some notions of a windfall to the plaintiff." *Id.* at 1243. Second, the court found that the treble damages provision was irrelevant to the jury's proper deliberations:

> [I]t is not for the jury to determine the amount of a judgment. Its function is to compute the amount of damages. Congress's authorization . . . to triple the award of damages is a matter of law to be applied by the district court without inference from the jury. The fact that the awarded amount will be tripled had no relevance in determining the amount that a plaintiff was injured . . .

*Id.* at 1243.

The Tenth Circuit relied on similar reasoning in finding error when a trial court revealed to a jury that its award under the antitrust laws would be trebled. *Semke v. Enid Auto. Dealers Ass'n.*, 456 F.2d 1361, 1370 (10th Cir. 1972). The court first noted that the purpose of the trebling provision is to encourage enforcement of the antitrust laws, as well as to serve as a deterrent to future violations. *Semke*, 456 F.2d at 1370. It then reasoned that

> [t]he consequence of advising the jury of this can only be that the jury will adjust its award accordingly. But in an antitrust case it is not for the jury to fix the amount of the judgment. Its function is completed once it determines the amount of *damages*. As we view it, therefore, it serves no useful function to communicate this information to the jury and it is potentially harmful, and hence this action of the trial court was error.

*Id.* at 1370. The First Circuit has approved the reasoning of *Pollock* and *Semke*. *See CVD, Inc. v. Raytheon Co.*, 769 F.2d 842, 860 (1st Cir. 1985) (finding it "generally not advisable to inform

a jury of the treble damages or attorneys' fees provisions of the antitrust laws because of the danger that a jury may reduce a plaintiff's award to account for trebling"). *See also Fisher v. City of Memphis*, 234 F.3d 312, 319 (6th Cir. 2000) (holding that "it is clearly prejudicial to instruct a jury as to the potential for attorneys' fees when it is deciding the merits of the underlying § 1983 action").

Thus, defendants should be precluded from referencing before the jury treble damages, attorneys' fees or costs.

### B.    Defendants Should Be Precluded From Referencing Potential Harm to Its Business or Share Price as a Result of a Jury Award

Defendants should be precluded from playing upon the anxieties of jurors suffering through a difficult economy by suggesting that a jury award will negatively impact its ability to do business or the price of its publicly-traded shares. Courts have consistently held that evidence that may induce a jury to alter a damages award based on irrelevant factors should be precluded under Rule 403. *See, e.g., St. Cyr v. Flying J. Inc.*, No. CIV. A. 06-13, 2007 WL 2696791, at *2 (M.D. Fla. Sept. 12, 2007) (precluding irrelevant evidence about defendants' wealth because "the jury may be tempted to render an award on the basis of that information alone"); *Murphy v. Ford Motor Co., Inc.*, No. CIV. A. 07-864, 2009 WL 2998960, at *5 (W.D. La. Sept. 14, 2009) (excluding evidence about defendants' financial condition or the relative wealth of the parties because irrelevant to the substantive merits of the case).

Similarly, any suggestion that a jury award will adversely impact defendants' ability or incentive to develop new medications – thus harming the entire community – is an effort to artificially deflate the jury award based on the passions and sympathies of the jury. As the Fifth Circuit has held, an "us-against-them plea can have no appeal other than to prejudice by pitting 'the community' against a nonresident corporation. Such argument is an improper distraction

from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial." *Westbrook v. Gen. Tire and Rubber Co.*, 754 F.2d 1233, 1238-9 (5th Cir. 1985) (holding that trial court should have excluded "all impassioned and prejudicial pleas intended to evoke a sense of community loyalty, duty and expectation"). *See also United States v. Palma*, 473 F.3d 899, 902 (8th Cir. 2006) (in a case alleging the fraudulent procurement of social security benefits, it was improper to appeal to the "individual pecuniary interests of jurors").

### III. CONCLUSION

For the foregoing reasons, Kaiser respectfully ask this Court to preclude Defendants from any reference to treble damages, attorneys' fees, or potential harm to Pfizer's business or share prices that may result from a jury award in this case.

Dated: January 8, 2010                              Respectfully submitted,

                                                    By:  /s/ Linda P. Nussbaum
                                                         Linda P. Nussbaum

                                                    KAPLAN FOX & KILSHEIMER LLP
                                                    Linda P. Nussbaum, Esq.
                                                    850 Third Avenue, 14th Floor
                                                    New York, New York 10022

                                                    *Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

*Of Counsel*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
　BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
　SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 8, 2010.

                                                     */s/ Elana Katcher*
                                                     Elana Katcher