UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin<br><br>**REDACTED** |

**MEMORANDUM IN SUPPORT OF KAISER'S MOTION *IN LIMINE* TO EXCLUDE CROSS-EXAMINATION ON DR. HARTMAN'S MEDICATION**

## TABLE OF CONTENTS

                                                                               **Page**

TABLE OF AUTHORITIES .................................................................................................ii

I.    INTRODUCTION ...................................................................................................1

II.   FACTS .....................................................................................................................2

III.  ARGUMENT............................................................................................................2

        A.  Anecdotal Evidence of a Drug's Effectiveness Is Not Relevant ...........................2

        B.  Dr. Hartman's Medications Are Irrelevant Because He does Not
            Their Effectiveness ................................................................................................4

        C.  Dr. Hartman's Use of Medications Does Not Affect His Credibility ....................4

        D.  Evidence of Dr. Hartman's Medications is More Prejudicial than Probative
            Probative ................................................................................................................4

IV.  CONCLUSION........................................................................................................6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Casey v. Ohio Med. Prods.*,
   877 F. Supp. 1380 (N.D. Cal. 1995) ............................................................................... 3

*Haggerty v. Upjohn Co.*,
   950 F. Supp. 1160 (S.D. Fla. 1996) ................................................................................ 3

*Hall v. Baxter Healthcare Corp.*,
   947 F. Supp. 1387 (D. Or. 1996) .................................................................................... 3

**Other Authorities**

D. Kaye & D. Freedman, *Reference Guide on Statistics* ............................................. 2, 3, 6

Fed. R. Evid. 401 ................................................................................................................ 2

Fed. R. Evid. 402 ................................................................................................................ 2

Fed. R. Evid. 403 ................................................................................................................ 4

I.  **INTRODUCTION**

**REDACTED**

---

[1] Plaintiffs are Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser"). Kaiser Foundation Health Plan, Inc. is the parent company of the following companies and has brought this lawsuit on behalf of itself and its subsidiaries: Kaiser Foundation Health Plan of Colorado; Kaiser Foundation Health Plan of Georgia, Inc.; Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.; Kaiser Foundation Health Plan of the Northwest; and Kaiser Foundation Health Plan of Ohio.

II.  **FACTS**

**REDACTED**

III. **ARGUMENT**

    A.    <u>Anecdotal Evidence of a Drug's Effectiveness Is Not Relevant</u>

The Federal Rules of Evidence state that "[e]vidence which is not relevant is not admissible" and define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401, 402. When assessing the effectiveness of pharmaceuticals, the appropriate measure is a randomized controlled trial, which utilizes the scientific method to test drugs in a controlled setting. Individual case studies, however, are far less reliable. The *Reference*

2

*Guide on Statistics* explains that anecdotal "reports are obtained haphazardly or selectively, and the logic of 'post hoc, ergo propter hoc' does not suffice to demonstrate that the first event causes the second. Consequently, while anecdotal evidence can be suggestive, it can also be quite misleading." D. Kaye & D. Freedman, *Reference Guide on Statistics*, contained in the Federal Judicial Center's Reference Manual on Scientific Evidence (2d ed. 2000), at 91 (citations omitted) (available online at http://www.fjc.gov/public/pdf.nsf/lookup/sciman00.pdf/$file/sciman00.pdf).

Courts have similarly found evidence of individualized case reports to be unreliable. *See Haggerty v. Upjohn Co.*, 950 F. Supp. 1160, 1164 (S.D. Fla. 1996) (noting witness's concession "that scientifically valid cause and effect determinations depend on controlled clinical trials and epidemiological studies."); *Hall v. Baxter Healthcare Corp.*, 947 F. Supp. 1387, 1411 (D. Or. 1996) (explaining that "case reports and case studies are universally regarded as an insufficient basis for a conclusion regarding causation because case reports lack controls."); *Casey v. Ohio Med. Prods.*, 877 F. Supp. 1380, 1385 (N.D. Cal. 1995) (holding that "case reports are not reliable scientific evidence of causation, because they simply described reported phenomena without comparison to the rate at which the phenomena occur in the general population or in a defined control group; do not isolate and exclude potentially alternative causes; and do not investigate or explain the mechanism of causation."). This consistent treatment of individualized case reports as unreliable shows that these stories have little to no value in court. Quite simply, an individual's recovery when taking a specific medicine does not show that the medicine caused the recovery.

3

B.  **Dr. Hartman's Medications Are Irrelevant Because He Does Not Know Their Effectiveness**

**REDACTED**

C.  **Dr. Hartman's Use of Medications Does Not Affect His Credibility**

**REDACTED**

D.  **Evidence of Dr. Hartman's Medications is More Prejudicial than Probative**

Rule 403 of the Federal Rules of Evidence provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *See* Fed. R. Evid. 403. Any discussion of medications taken by Dr. Hartman would pose a substantial risk of misleading the jury.

**REDACTED**

Kaye, *Reference Guide on Statistics*, at 91 ("[W]hile anecdotal evidence can be suggestive, it can also be quite misleading."). These factors also show that the prejudicial impact of allowing Defendants to cross-examine Dr. Hartman on medications he has taken would substantially outweigh the probative value of such testimony.

## IV.   CONCLUSION

For the reasons stated herein, Defendants should be precluded from asking Dr. Hartman questions regarding his use of medications.

Dated: January 8, 2010                                      Respectfully submitted,

                                                            By:   /s/ Linda P. Nussbaum
                                                                  Linda P. Nussbaum

                                                            KAPLAN FOX & KILSHEIMER LLP
                                                            Linda P. Nussbaum
                                                            850 Third Avenue, 14th Floor
                                                            New York, New York 10022

                                                            *Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

*Of Counsel*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 8 2010.

*/s/ Elana Katcher*
Elana Katcher

8