UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

**DEFENDANTS' OPPOSITION TO PLAINTIFF KAISER'S MOTION FOR LEAVE TO FILE OVERSIZED MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DEFENDANTS' RETAINED EFFICACY EXPERTS**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this Opposition to Plaintiff Kaiser's Motion for Leave to File Oversized Memorandum in Support of Motion in Limine to Exclude Testimony of Defendants' Retained Efficacy Experts [2347].  For the reasons set forth below, Kaiser's motion should be denied.

**ARGUMENT**

On November 12, 2009, this Court entered an order scheduling Kaiser's claims for trial on February 22, 2010.  Trial was scheduled over the Defendants' objection and based, in part, upon Kaiser's repeated assurances to this Court that it was ready to try this case.  In its opposition to Plaintiffs' proposed trial plan, Pfizer argued that a February trial would be premature and that additional time should be allowed for briefing and hearing *Daubert* motions. (Response to Coordinated and Class Plaintiffs' Proposed Trial Plans [2133] at 9-12.)   In response, Plaintiffs stated: "***Plaintiffs do not anticipate proffering a large number of Daubert challenges***, but do not object to the Court's setting of a schedule for such motions.  Plaintiffs strongly object, however, to the Defendants' implied intention to overwhelm the Court with a flurry of motions on issues that appear to go to the weight rather than the sufficiency of expert testimony."  (Plaintiffs' Joint Reply In Support Of Proposed Trial Plan [2149] at 6-7 (emphasis added).)  Plaintiffs' representation regarding *Daubert* motions was more than a mere statement about the number of motions in limine that the Court might need to hear.  *Daubert* motions are

much more complicated than ordinary motions in limine and often require an evidentiary hearing. As Plaintiffs' current actions make clear, they deliberately understated the complexity of the motion practice that would be required in advance of trial in order to secure an early trial date.

On November 12, 2009, this Court entered its Procedural Order. (2172.) In its order, the court provided that all motions in limine, including *Daubert* motions, were to be filed by January 8, 2010. (*Id.* at 2.) The Court's order further provided: "No more than 10 motions in limine shall be filed and all memoranda are limited to 20 pages in length. Each motion in limine shall only address one issue. ***In other words, the cap on motions shall not be circumvented by subparts.***" (*Id.* (emphasis added).)

In blatant disregard for the Court's order, at 11:44 p.m. on January 8, 2010, Plaintiffs filed their Motion for Leave to File Excess Pages of Oversized Memorandum in Support of Motion in Limine to Exclude Testimony of Defendants Retained Efficacy Experts. (2347.) At 11:48 p.m., Plaintiffs filed their Memorandum in Support of their Motion in Limine to Exclude Testimony of Defendants' Retained Efficacy Experts. (2349)  A corrected memorandum was filed after midnight, on January 9. (2352.)  Kaiser's brief is 30 pages long and, through the use of subtitles, combines *five* separate *Daubert* motions (seeking the exclusions of defense experts Slaby, Rapoport, McLean, Brenner, and Bird).

Significantly, in order to comply with their conference obligations regarding motions in limine, counsel for Plaintiffs and Defendants participated in two telephone conferences, one on Monday, January 4 and a follow-up conference on Wednesday, January 6, 2010.  Counsel also conferred through email about potential motions in limine.  Counsel for Kaiser never conferred with Pfizer's attorneys regarding their motion to file an overlength brief.[1]  By not conferring, and by waiting literally until the 11th hour to file their motion,[2] Kaiser avoided the need to extend

---

[1] *See* Declaration of Katherine Armstrong, submitted in support of Defendants' Emergency Motion to Strike Kaiser's Motion in Limine to Exclude the Testimony of Pfizer's Retained Efficacy Experts and for Expedited Consideration, filed contemporaneously herewith.

[2] Local Rule 5.4 requires the papers filed electronically be filed by 6:00 p.m. the day they are due. Pfizer acknowledges that this deadline has not always been met by either side in this litigation; however, *(cont'd)*

any offer of reciprocity to Pfizer with respect to its motions in limine. Plaintiffs' counsel do not certify that they conferred regarding their motion for leave to file an overlength, as required by Local Rule 7.1(a)(2). On this basis alone, Plaintiffs' motion should be denied.

Kaiser's claim that it was unable to estimate the length of its brief is absurd. Plaintiffs were on notice of the January 8 deadline for two months. They surely could have anticipated that combining five motions into one (in itself prohibited by the Court's order) would cause their brief to exceed 20 pages. And they certainly did not begin drafting their brief the morning of January 8 and must have had some inkling earlier that week that they would be unable to comply with the page limits.

In any event, Pfizer would not have agreed to any such request, as it now opposes Kaiser's motion. Kaiser's motion is not a request for a mere page length extension. Rather, Kaiser seeks to evade this Court's order regarding the number of motions in limine that can be filed, after having represented to the Court that it did not contemplate filing numerous *Daubert* motions. When each subpart directed at a different Defense expert is counted, and added to the other motions in limine the Kaiser has filed, Kaiser has filed a total of twelve motions in limine, in violation of this Court's order.

In contrast, Pfizer has fully complied with the Court's order, and limited its motions in limine to 10, each no more than 20 pages, and each limited to a discrete subject. For example, in compliance with this Court's order, Pfizer filed separate motions in limine seeking exclusion of Prof. Rosenthal's and Dr. Hartman's testimony. The prejudice to Pfizer cannot be cured simply by allowing Pfizer to file an overlength brief in opposition to Kaiser's motion. Pfizer has already made choices about which motions it would file and, within such motions, which arguments it

---

*(cont'd from previous page)*

noting that Magistrate Judge Sorokin had specified the 6:00 p.m. deadline in recent orders, Pfizer filed its motions in limine on January 8 by 6:00 p.m. In contrast, Plaintiffs did not even begin filing their motions in limine until after 6:00 p.m. and filed two supporting memoranda, after midnight. (2351, 2352.) Pfizer would not object to Plaintiffs' motions on this basis alone; however, Plaintiffs' delay in finalizing their motions is relevant to whether they have shown good cause for their need for a page extension or their failure to confer with Pfizer's attorneys about their request.

would make, in order to comply with this Court's order.[3]

To be sure, Plaintiffs' motion is not about a few lines of a brief that carry over to page 21. Plaintiffs have materially violated this Court's November 12, 2009 Procedural Order. The attention of Pfizer's attorneys should not be diverted from trial preparation by forcing them to respond to what are in fact five separate motions in limine filed in violation of this Court's order. By separate motion, filed contemporaneously herewith, Pfizer has asked that the Court enter an order striking Plaintiff Kaiser's Motion *in Limine* to Exclude Testimony of Pfizer's Retained Efficacy Experts.

## CONCLUSION

For all of the forgoing reasons, Plaintiff Kaiser's Motion for Leave to File Oversized Memorandum in Support of Motion in Limine to Exclude Testimony of Defendants' Retained Efficacy Experts [2347] should be denied.

Dated: January 10, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:    /s/ Mark S. Cheffo
        Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

---

[3] A pattern in this case is beginning to emerge not unlike the *Bulger* case, where the plaintiffs insisted on an early trial date, only to file completely unrealistic pre-trial designations, followed by two motions for continuance and a dismissal after the first day of evidence. Here, notwithstanding Kaiser's insistence that there was no need for extensive *Daubert* briefing in this case, it has had to violate a court order so that it could make five *Daubert* motions. In addition, Kaiser recently served Pfizer with over 2,200 requests for admission directed at over 1,100 documents. Assuming this represents some subset of the documents Kaiser intends to designate as trial exhibits, it is completely inconsistent with the 28 hour limit imposed by the Court. Kaiser would have to seek admission of a document every minute and a half to introduce 1,100 exhibits during a 28 hour trial.

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:    /s/ Raoul D. Kennedy
        Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400

-and-

WHEELER TRIGG O'DONNELL LLP

By:    /s/ James E. Hooper
        James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800

-and-

WHITE AND WILLIAMS LLP

By:    /s/ David B. Chaffin
        David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 10, 2010.

/s/ David B. Chaffin
David B. Chaffin