UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES<br>        PRACTICES, AND PRODUCTS<br>        LIABILITY LITIGATION | MDL Docket No.  1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY<br>OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS)<br>and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**PLAINTIFF KAISER'S OPPOSITION TO DEFENDANTS'
EMERGENCY MOTION TO STRIKE KAISER'S MOTION *IN LIMINE*
TO EXCLUDE THE TESTIMONY OF PFIZER'S RETAINED EXPERTS,
AND CROSS-MOTION FOR LEAVE TO RE-FILE AS SEPARATE MOTIONS**

853969.1

On November 12, 2009, the Court issued its Procedural Order (Dkt. No. 2172), providing that:

> No more than 10 motions in limine shall be filed and all memoranda are limited to 20 pages in length. Each motion in limine shall address only one issue. In other words, the cap on motions shall not be circumvented by subparts.

*Id.* ¶ 6.

Pursuant to the Court's order, on January 8, 2010, Kaiser[1] filed eight motions *in limine*, with memoranda totaling 96 pages.[2] Pfizer filed ten motions *in limine*, with memoranda totaling 129 pages,[3] including a single motion to exclude the testimony of *two* of Kaiser's experts, Dr. Rena Conti and Dr. Curt Furberg, on the same grounds. *See* Dkt. No. 2312. Accordingly, neither party interpreted the Court's Procedural Order as limiting each motion *in limine* to a single witness or document, but rather, to a single "issue," as stated in the Procedural Order.

As set forth in Plaintiff Kaiser's Motion *In Limine* To Exclude Testimony of Defendants' Retained Efficacy Experts (Dkt. No. 2352), Kaiser moved to exclude the testimony of all five of Defendants' indication experts on the same legal grounds: their failure to consider negative double-blind, randomized, controlled trials in reaching their respective opinions—a defect in methodology so fundamental, it renders each of their opinions inadmissible *per se*. *See, e.g., In re Neurontin Marketing, Sales Practices, and Prods. Liab. Litig.*, 612 F. Supp. 2d 116, 125 (D. Mass. 2009) ("The 'gold standard' for determining the relationship between a drug and a health

---

[1] "Kaiser" is Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals. Kaiser Foundation Health Plan, Inc. is the parent company of the following companies and has brought this lawsuit on behalf of itself and its subsidiaries: Kaiser Foundation Health Plan of Colorado; Kaiser Foundation Health Plan of Georgia, Inc.; Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.; Kaiser Foundation Health Plan of the Northwest; and Kaiser Foundation Health Plan of Ohio.

[2] *See* Dkt. Nos. 2329, 2331, 2335, 2338, 2341, 2345, 2351, 2352.

[3] *See* Dkt. Nos. 2299, 2302, 2305, 2308, 2312, 2315, 2317, 2320, 2323, 2326.

outcome is a randomized, double-blind, placebo-controlled clinical trial.") (citations omitted); *In re Rezulin Prods. Liab. Litig.*, 369 F. Supp. 2d 398, 425 (S.D.N.Y. 2005) ("[I]f the relevant scientific literature contains evidence tending to refute the expert's theory and the expert does not acknowledge or account for that evidence, the expert's opinion is unreliable."). As Plaintiffs explained in their summary judgment opposition:

> When determining a drug's effectiveness, the highest level of evidence, indeed the level of evidence upon which the FDA relies, comes from the double-blind randomized controlled trial. This "Gold Standard" is appropriately called "Level 1 Evidence." Lesser levels of evidence, including case reports and consensus guidelines, are fraught with potential confounders and biases, and are therefore incapable of testing a hypothesis. The essence of this litigation is that Defendants misrepresented and/or suppressed the results of DBRCT such that the available evidence in the medical literature, compared to the actual evidence Defendants possessed, was biased in favor of gabapentin, "render[ing] information about Neurontin's effectiveness [for the indications at issue], as disseminated in the published literature (as stand-alone reports of trials or as included in systematic reviews), untrustworthy and invalid." Because of this, Plaintiffs' experts – in contradistinction to Defendants' experts and other third parties who have attempted to evaluate Neurontin – are the only experts who have analyzed Neurontin's efficacy for these conditions based upon the actual evidence. *Indeed, prior to trial, Plaintiffs will move to exclude the testimony of every one of Defendants' indication-specific experts, due to their failure to adhere to the most basic tenets of modern, evidence-based medicine.*

*See* Dkt. No. 1754 at 12 n.8 (emphasis added, citations omitted).[4]

While Kaiser's motion to exclude the testimony of Pfizer's efficacy experts (Dkt. No. 2352) concerns five witnesses, it concerns a common defect in their methodology, and seeks to exclude their testimony on the same legal grounds: their failure to consider negative DBRCT in reaching their opinions. Accordingly, the first eight pages of the motion are devoted to laying

---

[4] In light of this clear statement of intent, Defendants' complaint that Plaintiffs' statement that they "do not anticipate proffering a large number of Daubert motions" was misleading (Emergency Motion, at 1) rings hollow.

out the issue, while its application to each witness occupies only several pages each.[5]  In preparing this motion, Kaiser was not seeking to evade the limits set by the Court, but to present the matter most efficiently, filing only *one 30-page brief* directed to a single, overarching legal "issue" (Procedural Order ¶ 6), instead of *five briefs totaling 69 pages*—the same consolidated approach taken by Pfizer in its motion to exclude the testimony of Drs. Conti and Furberg (Dkt. No. 2312), which it counts as only one of its ten allotted motions, not two.  Kaiser certainly did not understand the Court's order to require it to waste the Court's time reading exactly the same text five times.

Pfizer argues that "[w]hen each subpart directed at a different Defense expert is counted, and added to the other motions in limine the Kaiser [sic] has filed, Kaiser has filed a total of twelve motions in limine . . . ." Emergency Motion, at 3.  Should the Court agree with Defendants, and find that Kaiser has filed two motions beyond its allotment, Kaiser will voluntarily withdraw its Motion *In Limine* To Exclude Cross-Examination on Dr. Hartman's Medication (Dkt. No. 2330), and its Motion *In Limine* to Preclude Defendants From Any Reference to Treble Damages, Attorney's Fees, or Potential Harm to Pfizer's Business or Share Prices Resulting From a Jury Award (Dkt. No. 2328).[6]

In light of the Court's  January 11, 2010 Electronic Order denying Kaiser's motion to file an overlong brief, Kaiser respectfully requests leave to re-file its supporting memorandum (Dkt. No. 2352)  as five separate memoranda, attached hereto as Exhibits A-E, which are identical in all respects to the earlier-filed, consolidated memorandum, except that the first eight pages are

---

[5] While it may be true, as Defendants argue, that in *most* cases, "*Daubert* motions are much more complicated than ordinary motions in limine" (Emergency Motion, at 2), the flaw in Defendants' experts' methodology is so fundamental and easily grasped that it only required several pages devoted to each of them to expose it.

[6] As with any testimonial or documentary evidence, Kaiser reserves the right to object to the admission of this evidence at trial on any applicable ground.

repeated in each.[7] Defendants will suffer no conceivable prejudice from such a filing, as they have been in possession of every word since the motion was filed in its consolidated form.

Despite the absence of any prejudice, Defendants are unwilling to agree to Kaiser's proposal to withdraw two of its motions, as set forth above, and re-file its motion to exclude the testimony of Defendants' efficacy experts as five separate motions. The simple truth is that Defendants fear this motion more than all of Kaiser's other motions *in limine* combined, and see an opportunity to dodge the proverbial bullet. After six years of hard-fought litigation, Kaiser respectfully submits that this motion, which goes to the very heart of the case, should be decided on its merits, and not shunted aside if in fact Kaiser incorrectly apprehended the Court's intent in organizing the briefing around "issues" instead of witnesses.

## CERTIFICATION

On January 11, 2010, Thomas Sobol spoke with Mark Cheffo, counsel for Defendants, and proposed to resolve Defendants' Emergency Motion by withdrawing Kaiser's Motion *In Limine* To Exclude Cross-Examination on Dr Hartman's Medication (Dkt. No. 2330) and its Motion *In Limine* to Preclude Defendants From Any Reference to Treble Damages, Attorney's Fees, or Potential Harm to Pfizer's Business or Share Prices Resulting From a Jury Award (Dkt. No. 2328), and re-fling its Motion *In Limine* To Exclude Testimony of Defendants' Retained Efficacy Experts (Dkt. No. 2352) as five separate motions, with no additions or modifications. Mr. Cheffo declined this offer, without identifying any resulting prejudice to Defendants.

---

[7] The only other changes are the addition of several docket number references, the correction of three non-substantive typographical errors, the repetition of a generic paragraph concerning reliance on "clinical experience," originally contained in Section IV of the consolidated brief (concerning Dr. Slaby), and the moving of a footnote containing authorities from Section IV to the common section of the brief.

-5-

Dated:  January 12, 2010                        Respectfully submitted,


                                                By:     /s/ Linda P. Nussbaum
                                                        Linda P. Nussbaum

                                                KAPLAN FOX & KILSHEIMER LLP
                                                Linda P. Nussbaum, Esq.
                                                850 Third Avenue, 14th Floor
                                                New York, New York 10022

                                                *Attorneys for Plaintiffs Kaiser Foundation
                                                Health Plan, Inc. and Kaiser Foundation
                                                Hospitals*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

*Of Counsel*

853969.1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 12, 2010.

<i>/s/ Elana Katcher</i><br>Elana Katcher