UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | |
| | Judge Patti B. Saris |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | |
| | Magistrate Judge Leo T. Sorokin |

**DEFENDANTS' OPPOSITION TO PLAINTIFF KAISER'S
COUNTER-MOTION FOR LEAVE TO RE-FILE THEIR MOTION IN LIMINE TO
EXCLUDE TESTIMONY OF DEFENDANTS' RETAINED EFFICACY EXPERTS**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this Opposition to Plaintiff Kaiser's Counter-Motion for Leave to Re-File Their Motion in Limine to Exclude Testimony of Defendants' Retained Efficacy Experts, Plaintiffs' cross-motion is really nothing more than a disguised motion for reconsideration of the Court's order denying leave to file an overlength brief, without any showing that the Court misapprehended any relevant facts or law. For the reasons set forth below, Plaintiffs' motion should be denied.

## ARGUMENT

Minutes before midnight on January 8, 2010, the date established by this Court for filing motions in limine, Plaintiffs filed their Motion in Limine to Exclude Testimony of Defendants' Retained Efficacy Experts, in which they sought the exclusion, on *Daubert* grounds, of five of Defendants' expert witnesses. At the same time, and without any prior conference with Pfizer's counsel, they filed a Motion for Leave to File Oversized Memorandum in Support of Motion in Limine to Exclude Testimony of Defendants' Retained Efficacy Experts [2347]. Such motion was opposed by Pfizer [2355] and denied by this Court on January 11, 2010.

Plaintiffs' most recent motion, styled a cross-motion, is in fact two motions in one. First, Plaintiffs' motion is really a disguised motion for reconsideration of the Court's order denying leave to file an overlength brief. However, Plaintiffs have not made any showing that the Court

misapprehended any facts or law, as is required. *See Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006). Instead, Plaintiffs' current motion is the result of their own disregard for the Court's November 12, 2009 Procedural Order. Plaintiffs must have known several days (at the least) in advance of January 8, 2010 which motions they intended to file, that they intended to combine five motions into one and that the supporting brief would exceed 20 pages. Nonetheless, Plaintiffs did not move in a timely fashion for relief from any parts of this Court's order. Prior to 11:44 p.m. on January 8, 2010, they did not seek relief from (1) the page limits, (2) the number of motions or (3) the prohibition about combining motions through the use of subparts.

Now that the Court has denied their motion to file an overlength brief, Plaintiffs are asking for a "do-over." They ask that they be allowed to withdraw two motions and re-file their motion to exclude the testimony of Defendants' five efficacy experts as five separate motions. However, the deadline for filing motions in limine is already passed. Thus, Plaintiffs' countermotion is also a disguised motion for relief from this Court's January 8, 2010, deadline. Where a motion for extension of time is made after a deadline has passed, Federal Rule of Civil Procedure 6 requires that the party seeking the extension show both good cause and excusable neglect. Plaintiffs cannot make the required showing and have not even attempted to do so. "[F]ailure to consult or to abide by an unambiguous court procedural rule, normally does not constitute 'excusable neglect.'" *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005) (citation and some internal quotation marks omitted).

Finally, even under their proposed re-shuffling of motions in limine Plaintiffs would still be in excess of the limit of ten imposed by the Court. Plaintiffs' motion to exclude the testimony of Pfizer's Non-Retained Experts [2350, 2351] also uses subparts to combine multiple motions in limine into one. Only two subparts of such motion, seeking exclusion of certain physician testimony designated by Kaiser, are even arguably sufficiently related to be part of the same motion. The first and fourth part of the motion (directed, respectively, at Pfizer's designation of unidentified Kaiser physicians and Pfizer's designation of Patient "Y") are separate motions in

limine. Thus, even were their motions in limine re-constituted as Plaintiffs now propose, they would still be filing 12 motions in limine:

Plaintiffs cannot excuse their failure to comply with the Court's order by attempting to draw inapt comparisons to Pfizer's motions in limine. First, the aggregate length of Pfizer's briefs (all of which were 20 pages or less) is irrelevant. Pfizer is not the party who represented to the Court that there was no need to allow time more time for *Daubert* and other pre-trial motion practice. To the contrary, Pfizer alerted the Court to the fact that it would be seeking to challenge several of Plaintiffs' experts on *Daubert* grounds, and asked the Court to allow several weeks for such issues to be briefed and heard by the Court well in advance of the trial date.

In contrast, Plaintiffs represented that they did not "anticipate proffering a large number of Daubert challenges." (Plaintiffs' Joint Reply In Support Of Proposed Trial Plan [2149] at 6.) There is no way that Plaintiffs' can reconcile this statement with their request that they be asked to file five separate *Daubert* motions challenging Pfizer's efficacy experts.

There is also no comparison between Plaintiffs' 30-page brief seeking exclusion of Pfizer's five efficacy experts on *Daubert* grounds with Pfizer's motion to exclude Plaintiffs experts Rena Conti and Dr. Curt Furberg. In a motion supported by a 5½ page brief [2312], Pfizer sought the exclusion of Drs. Conti and Furburg on the grounds that they had not been designated by Kaiser pursuant to Rule 26. The grounds for exclusion for both experts is the same.[1] In contrast, *Daubert* challenges to witnesses require a complex analysis of the specific evidence relied upon and methodology used by each expert. It is an independent determination for each expert. Plaintiffs cannot convert five separate *Daubert* motions into a single unitary motion by pointing to some overlap in their argument. The fact that Plaintiffs needed to address the specifics of each witness's testimony, thereby necessitating a brief in excess of 20 pages, demonstrates that they should have been brought, from the outset, as separate motions in limine.

---

[1] More comparable to Pfizer's motion to exclude Drs. Conti and Furburg is Plaintiffs' motion directed at exclusion of declarations and affidavits relied upon by Drs. Field and Rothschild [2337]. Pfizer does not contend that Plaintiffs' motion 2337 improperly joined two separate motions.

Plaintiffs' argument that Pfizer has not been prejudiced is completely without merit. Over Pfizer's objection, this case was set for trial on a date that imposed a very tight time frame for completing pre-trial preparations. Only two weeks was allowed to respond to motions in limine, including *Daubert* motions. Because of Plaintiffs' actions, Defendants are still unclear as to which motions they must respond too. And Pfizer's counsel have already spent time reviewing and preparing responses to motions that Plaintiffs now propose to withdraw. This situation was created by Plaintiffs, not Pfizer. Having failed to comply with the Court's Procedural Order, having failed to *timely* request leave of court to file their overlength, omnibus *Daubert* motions, having failed even to have conferred with defense counsel about this issue, Plaintiffs should face the consequences of their actions.

## CONCLUSION

For all of the forgoing reasons, Plaintiff Kaiser's Counter-Motion for Leave to Re-File Their Motion in Limine to Exclude Testimony of Defendants' Retained Efficacy Experts [2357] should be denied.

Dated: January 12, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ Mark S. Cheffo
Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ Raoul D. Kennedy
Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel: (415) 984-6400

       -and-

WHEELER TRIGG O'DONNELL LLP

By:   /s/ James E. Hooper
       James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800

       -and-

WHITE AND WILLIAMS LLP

By:   /s/ David B. Chaffin
      David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 12, 2010.

       /s/ David B. Chaffin
       David B. Chaffin

5