UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin |

### DEFENDANTS' MOTION TO UNSEAL MOTION FOR CONTINUED DEPOSITION OF NICHOLAS WIEDER AND ADDITIONAL RELIEF

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully move this Court for an order unsealing Defendants' Emergency Motion for Continued Deposition of Nicholas Wieder and Additional Relief.

Contemporaneously herewith, Pfizer has filed its Emergency Motion for Continued Deposition of Nicholas Wieder and Additional Relief. The motion references certain documents that have been designated confidential by Kaiser and the deposition of Kaiser Permanente Physician, which was taken within the past 30 days and, therefore, required to be treated confidentially until Kaiser makes specific confidential designations. (Am. Stipulated Protective Order [744] ¶ 4(c).) In accordance with this Court's Protective Order, Pfizer has filed the motion under seal.

Pfizer does not believe that the matters addressed in its motion raise any matters of a proprietary nature subject to the terms of this Court's protective order. The deposition testimony concerns statements made by Kaiser on its website which are either publicly available or available to registered Kaiser members. The website pages do not reflect any information proprietary to Kaiser but instead discuss medicines available for the treatment of various conditions, including those at issue in this litigation. Similarly, the deposition testimony discusses decisions by Kaiser's P&T Committee and other committees which have been placed at issue be Kaiser, described by Kaiser in court papers and in open court and referred to by this Court in its decision on Pfizer's motion for summary judgment.

The deposition testimony that is the subject of Pfizer's motion raises concerns about the consistency of the allegations made by Kaiser in this lawsuit with its own internal documents and information provided by it to members. As such, the issues raised by the motion are of public interest.

Kaiser bears the burden of demonstrating a good faith basis for treating the deposition testimony and documents referenced in Pfizer's Motion for Continued Deposition of Nicholas Wieder and Additional Relief as confidential. (Am. Stipulated Protective Order [744] ¶ 8.) Absent a sufficient showing by Kaiser, the motion should be unsealed. Counsel for Pfizer has repeatedly asked Kaiser to agree that its Emergency Motion for Continued Deposition of Nicholas Wieder and Additional Relief did not have to be filed under seal and Kaiser's counsel has failed to respond. Kaiser's failure to respond, even to explain the reasons why it believes the information is confidential, is itself evidence that the motion and supporting materials should not be sealed.

WHEREFORE, Defendants respectfully request that the Court grant the relief requested in this motion.

Dated: January 18, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:   /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Raoul D. Kennedy
　　　Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel: (415) 984-6400

-and-

WHEELER TRIGG O'DONNELL LLP

By: /s/ James E. Hooper
　　　James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
　　　David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF CONSULTATION

I certify that counsel have conferred in a good faith attempt to narrow or resolve the issue presented by this motion but have been unable to do so.

/s/ Mark S. Cheffo
Mark S. Cheffo

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 18, 2010.

/s/ David B. Chaffin
David B. Chaffin