UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**KAISER'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF, OR ALTERNATELY, KAISER'S MOTION FOR LEAVE TO FILE A SUR-REPLY OPPOSING THE <u>CONTINUED DEPOSITION OF DR. WIEDER</u>**

On January 24, 2010, Defendants Pfizer, Inc. and Warner-Lambert Company LLC ("Defendants" or "Pfizer") filed a motion for leave to file a reply brief in support of their emergency motion for continued deposition of Dr. Nicolas Wieder and additional relief. Plaintiffs[1] oppose Defendants' motion and move to strike Defendants' proffered reply. In the alternative, Plaintiffs seek leave to file a sur-reply in opposition to Defendants' motion.

Defendants should not have leave to file a reply. This Court's local rules do not entitle parties to file replies without leave of court. *See* Local Rule 7.1(B)(3). On

---

[1] Plaintiffs are Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser"). Kaiser Foundation Health Plan, Inc. is the parent company of the following companies and has brought this lawsuit on behalf of itself and its subsidiaries: Kaiser Foundation Health Plan of Colorado; Kaiser Foundation Health Plan of Georgia, Inc.; Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.; Kaiser Foundation Health Plan of the Northwest; and Kaiser Foundation Health Plan of Ohio.

1

November 12, 2009, the Court entered a Procedural Order outlining the pre-trial schedule, including the filing of motions *in limine*. *See* Procedural Order, Dkt # 2172. The Court's Order did not contemplate the filing of any reply briefs, setting forth only deadlines for principal briefs and oppositions. *Id.* at ¶ 5. Given the high volume of motions filed in this case in the past month, this approach allows the Court to review parties' arguments efficiently, without needless repetition. Rather than honoring this schedule, the Defendants seek leave to file a reply brief for this motion, which repeats many of the same misunderstandings regarding Kaiser's website as the initial brief. Defendants appear to believe that if they repeat charges of inconsistencies enough times, they will become true.

The issues raised in the reply brief are not necessary to resolve their motion. First, the motion largely repeats the arguments raised in the initial motion and does not clarify the issues raised in Kaiser's opposition. For example, it never cites to Rule 26(b)(2)(C), the applicability of which was a core argument in Plaintiffs' Opposition. Second, to the extent the reply raises new issues, those arguments still do not rebut the fact that Defendants knew about the websites more than two years ago and did not seek any discovery relating to the websites until filing their emergency motion (well after the close of discovery). This Court has regularly denied motions for leave to file replies when such motions are not necessary to deciding motions. *See, e.g.*, *RLI Ins. Co. v. Wood Recycling*, Civ Act. No. 03-10196-RWZ, 2006 U.S. Dist. LEXIS 30596, at *33 (D. Mass. Mar. 30, 2006); *Nomos Corp. v. Zmed, Inc.*, Civ. Act. No. 01-CV-10765-MEL, 2002 U.S. Dist. LEXIS 12241, at *6 (D. Mass. June 26, 2002). Defendants' motion should likewise be denied here.

In the alternative, Plaintiffs seek leave to file a sur-reply and declaration in support.[2] The Defendants' reply brief makes eight new, yet false, assertions:

- Pfizer falsely claims that Kaiser is unwilling to stipulate as to the authenticity of certain Kaiser URLs;

- Pfizer falsely claims it was unable to examine Dr. Wieder about the Kaiser website;

- Pfizer falsely claims that this Court has already ordered Pfizer is entitled to additional discovery;

- Pfizer's reply concedes the most relevant fact for this motion – that the issues of Kaiser's website, and Pfizer's desire to conduct discovery about it, are over two-an-a-half years old.

- Pfizer falsely claims that its motion does not seek new discovery;

- Pfizer argues that Dr. Wieder should have answered questions he did not understand;

- Pfizer seeks to re-open discovery relating to the already-decided summary judgment motion simply because it does not like what two declarants said;

- Pfizer falsely states that there has been a meet and confer; in fact, Pfizer jumped the gun by filing a motion on a holiday in a preemptive effort to prevent any meaningful dialogue on any of these issues;

Plaintiffs' sur-reply points out Pfizer's false claims and responds to these assertions in a narrowly-tailored way.

Allowing Defendants the chance to reply without allowing Plaintiffs a chance to respond to newly raised arguments would unduly prejudice the Plaintiffs. *See, e.g., Branch v. Ernst & Young*, 311 F.Supp.2d 179, 181 n.3 (D. Mass. 2004) (granting motion for leave to file sur-reply that was filed two months after briefing was complete).

---

[2] The proposed sur-reply is attached as Exhibit 1. The Declaration of Thomas M. Sobol is attached as Exhibit 2.

For the reasons stated herein, Defendants' Motion for Leave to File a Reply Brief in Support of Its Emergency Motion for Continued Deposition of Dr. Nicolas Wieder and Additional Relief should be DENIED. In the alternative, Plaintiffs' Motion for Leave to File Sur-Reply Should be GRANTED.

Dated: January 26, 2010                 Respectfully submitted,

By:    /s/ Linda P. Nussbaum
        Linda P. Nussbaum

KAPLAN FOX & KILSHEIMER LLP
Linda P. Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, New York 10022

*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

*Of Counsel*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
 SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

4

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 26, 2010.

*/s/ Elana Katcher*
Elana Katcher
