# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

## KAISER'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR CONTINUED DEPOSITION OF DR. NICOLAS WIEDER

On January 18, 2010, Defendants Pfizer, Inc. and Warner-Lambert Company LLC ("Defendants" or "Pfizer") moved the Court for the continued deposition of Dr. Nicolas Wieder and "additional relief." Pfizer styled its motion for continued deposition as an "emergency."[1] On January 22, 2010, Kaiser opposed. On January 24, 2010, Pfizer moved the Court for leave to file a reply in further support of its motion for continued deposition of Dr. Wieder. Kaiser now responds to eight points newly raised in Pfizer's reply.

**First, Pfizer falsely claims that Kaiser is unwilling to stipulate as to the authenticity of certain Kaiser URLs.** Pfizer states that Kaiser has not "to date" offered "to stipulate as to authenticity." Pfizer Mem. at 3. Pfizer is incorrect. Kaiser's counsel offered to stipulate as to authenticity during the deposition. Wieder Dep. Tr. at 339:1-4 (Mr. Sobol: "If it's on the web, I'll stipulate with you, but I don't know whether it is, and I'm not doing stipulations today. We're doing a deposition of this Doctor.") Mr. Sobol repeated his willingness to discuss stipulations during email correspondence with defense counsel. *See* Declaration of Thomas M. Sobol, dated January 14, 2010 (Mr. Sobol to Mr. Cheffo: "If you wish we can have a meet and confer. If there are websites you wish to authenticate as on the web now, please provide the URLs. We don't have them because when you were doing the exhibits we didn't get copies of each of the exhibits, and I would want to make sure we have them all."). Mr. Sobol also stated during the Friday January 15, 2010 meet and confer that Kaiser was willing to stipulate as to the authenticity of the contents of certain Kaiser websites. *Id.* Pfizer has not provided Kaiser with any website addresses.

---

[1] Kaiser also filed a non-emergency motion to unseal. Under the protective order and court rules, Kaiser has 30 days to determine whether Dr. Wieder's deposition transcript should be designated confidential (until February 18, 2010) and 14 days to respond to Pfizer's motion to unseal (until February 1, 2010). Protective Order, § 4(c); Local Rule 7.2(b)(2).

1

**Second, Pfizer falsely claims it was unable to examine Dr. Wieder about the Kaiser website.** Pfizer states that it was "prevented from exploring the scope of Dr. Wieder's knowledge about Kaiser's website." Pfizer Mem. at 3. Pfizer is incorrect. Pfizer was only prevented from wasting the witness's time authenticating URLs that were supposedly on the internet. Pfizer asked Dr. Wieder numerous questions about various Kaiser websites, using purported printouts of certain Kaiser web pages. *See* Wieder Dep. Tr. at 345:4 – 363:16. Counsel for Pfizer was free to bring print outs of web pages to the deposition. Pfizer's counsel acknowledged in a subsequent email that he had not had all screen shots copied in advance of the deposition. *See* Declaration of Thomas M. Sobol. Pfizer's lack of preparedness for Dr. Wieder's deposition is not an excuse for a "do over."

**Third, Pfizer falsely claims that this Court has already ordered Pfizer is entitled to additional discovery.** Pfizer states that "this court has already held Pfizer is entitled to obtain [the discovery it seeks]." Pfizer Mem. at 4. This is false. This Court has ordered discovery concluded, and only ordered that Pfizer may depose Dr. Wieder. There is no sweeping order of the kind Pfizer describes, such as providing Pfizer access to restricted portions of Kaiser's website, or instructing Pfizer's counsel on how to use the Kaiser website. *See* December 17, 2009 docket entry.

**Fourth, Pfizer's reply concedes the most relevant fact for this motion – that the issues of Kaiser's website, and Pfizer's desire to conduct discovery about it, are over two-and-a-half years old.** Pfizer's reply admits that, back in 2007, Pfizer deposed a Kaiser physician, Dr. Carver, asking him similar questions about Kaiser's website and counsel instructed Dr. Carver not to answer. Pfizer Mem. at 4-5. In other words, years ago the exact same issue was raised by the parties, and Pfizer was long ago free to make a motion, or not. But

2

it did not. And it let the discovery time period lapse two years ago. And in the years since, Pfizer did nothing to tee up the issue. It is far, far too late for it to try to resurrect the issue now.

**Fifth, Pfizer falsely claims that its motion does not seek new discovery.** Pfizer claims that it does not seek new discovery (Pfizer Mem. at 4) in the same brief that seeks to take the depositions of Mr. Kemper and Mr. McWaters (Pfizer Mem. at footnote 4). Pfizer has also repeatedly asked Plaintiffs to provide additional discovery materials in the wake of Dr. Wieder's deposition. *See* Declaration of Thomas M. Sobol, (referencing January 13, 2010 email from Mr. Cheffo, which asked that Kaiser provide "access to the protected portions of the kaiser (sic) site that contain prescribing, treatment and prescription drug information for patients and doctors" and "please provide any disease end-point or health state listed on the site (ie cancer pain, chronic low back pain, hot flashes, restless leg) where ntn, gaba, antieplieptics or.(sic) TCAs are recommended or discussed"); *Id.* (referencing January 14, 2010 email from Mr. Cheffo stating "authenticating url's is just one small issue….I want what I asked for yesterday since you know where aed's tca's and gaba or ntn are listed. … At the least I want monographs for aed's and cancer pain, low back pain, chronic pain, restless leg, hot flashes, tumor, fibro and all details when you type gaba or ntn."). Counsel for Pfizer informed Kaiser during the Friday meet and confer that unless Kaiser agreed, during that holiday weekend, to produce numerous items, Pfizer would file a motion on Martin Luther King Day. And it did. It is nonsense for Pfizer to say it does not seek to re-open discovery.

**Sixth, Pfizer argues that Dr. Wieder should have answered questions he did not understand.** Pfizer complains that Dr. Wieder requested on several occasions to have questions read back or rephrased, and that this caused Pfizer to exceed the time limits of the deposition. This is silly. At the outset of the deposition, counsel for Pfizer instructed the witness that he

would rephrase a question if the witness did not understand what he was asking. Wieder Dep. Tr. at 6:7-15. Dr. Wieder also testified that English was not his native language. *Id.* at 275:10-21. As a result, on several occasions, Dr. Wieder asked that a question be re-read. *See* Exhibit I to the Declaration of Mark Cheffo (showing among other things the deponent's request that questions be rephrased or repeated (*see, e.g.*, 91:24 – 92:11)). This is simply part of a normal deposition, not, as Pfizer would have it, an effort to "imped[e] [Pfizer's] ability to conduct an efficient deposition of Dr. Wieder in the time permitted." Pfizer Mem. at 6

**Seventh, Pfizer seeks to re-open discovery relating to the already-decided summary judgment motion simply because it does not like what two declarants said.** Pfizer states, "[t]he statements made by Mr. Kemper and Mr. McWaters cannot be taken at face value." Pfizer Mem. at n.4. Pfizer further states that it is entitled to depose Mr. Kemper and Mr. McWaters as to their assertions. *Id.* The declarations of Mr. Kemper and Mr. McWaters were submitted under the pains and penalties of perjury. *See* Declaration of David S. McWaters (Dkt. #2404); Declaration of Donald W. Kemper (Dkt. #2405). Pfizer does not offer any evidence that either gentleman was not truthful. Their bald assertion that these gentlemen are not credible – particularly Mr. Kemper, an employee of non-party Healthwise – is in bad faith and does not provide grounds for their request to take additional depositions.

**Eighth, Pfizer falsely states there has been a meet and confer; in fact, Pfizer jumped the gun by filing a motion on a holiday in a preemptive effort to prevent any meaningful dialogue on any of these issues.** Pfizer states that "[A]t no time on Friday January 15, 2010 of the following weekend did Kaiser's counsel indicate that there was room for agreement on these motions." Pfizer is incorrect. An email colloquy between Mr. Cheffo, Mr. Sobol, and Ms. Nussbaum over the January 16-18 weekend reveals that Plaintiffs repeatedly expressed their

4

willingness to meet and confer but needed to have some additional time to communicate with individuals on the West Coast who were not working over the holiday weekend. Had Pfizer waited to file its motions, the parties may have reached resolution on some or all of the issues involved.

For the reasons stated herein, as well as the reasons stated in Kaiser's Opposition to Defendants' Emergency Motion, Pfizer's Emergency Motion for Continued Deposition of Nicholas Wieder and Additional Relief should be DENIED.

Dated:  January 26, 2010                                Respectfully submitted,


                                                        By:     /s/ Linda P. Nussbaum
                                                                Linda P. Nussbaum

                                                        KAPLAN FOX & KILSHEIMER LLP
                                                        Linda P. Nussbaum, Esq.
                                                        850 Third Avenue, 14th Floor
                                                        New York, New York 10022

                                                        *Attorneys for Plaintiffs Kaiser Foundation
                                                        Health Plan, Inc. and Kaiser Foundation
                                                        Hospitals*


*Of Counsel*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
 SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 26, 2010.

*/s/ Elana Katcher*
Elana Katcher