# EXHIBIT E

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

EDMUND POLUBINSKI III
212 450 4695
EDMUND.POLUBINSKI@DPW.COM

January 31, 2009

Re:  **In re Neurontin Marketing and Sales Practices Litigation, No. 04-MDL-1629**

Edward Notargiacomo, Esq.
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Dear Mr. Notargiacomo:

This letter will serve as the formal, written objections on behalf of Alan M. Rapoport, M.D., pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), to the non-party subpoena dated January 27, 2009 (the "Subpoena") in the above-referenced action.

Dr. Rapoport objects to the Subpoena on the grounds listed below. Examples cited herein are provided by way of illustration only and are not intended to limit the scope of these objections, or of any one of them.

1. Dr. Rapoport objects to the Subpoena as grossly untimely as it was served only three business days before the January 31, 2009 deadline for the conclusion of expert discovery and more than six weeks after service of defendants' expert reports.

2. Dr. Rapoport objects to the Subpoena to the extent that it fails to allow reasonable time for compliance. The Subpoena, which was served on Dr. Rapoport on or about January 27, 2009, commands compliance by January 31, 2009. Given the breadth of the Subpoena and burdens imposed thereby, three business days is not a sufficient time for Dr. Rapoport to respond.

3. Dr. Rapoport further objects to the Subpoena in its entirety as overbroad and unduly burdensome.

Edward Notargiacomo, Esq.　　　　　　2　　　　　　　　　January 31, 2009

4. Dr. Rapoport further objects to the Subpoena to the extent that it calls for documents that are not within his possession, custody, or control, are more appropriately sought from other parties, or are publicly available.

5. Dr. Rapoport further objects to the Subpoena on the grounds that as a non-party, Dr. Rapoport should not be put to the time and expense of producing such documents where the plaintiffs could obtain some or all of the information from other sources.

6. Dr. Rapoport further objects to the Subpoena to the extent that it calls for the production of proprietary, commercially sensitive, or other confidential documents, the probative value of which is outweighed by Dr. Rapoport's and/or other third parties' interests in preserving their confidentiality, and/or to the extent it would require Dr. Rapoport to violate confidentiality obligations imposed by contract, law, regulation, or court order.

7. Dr. Rapoport further objects to the Subpoena to the extent that it calls for the production of documents that are neither relevant to this action nor likely to lead to the discovery of admissible evidence.

8. Dr. Rapoport further objects to the Subpoena to the extent that it purports to require Dr. Rapoport to produce documents excluded from discovery in the stipulation attached to the Subpoena.

9. Dr. Rapoport further objects to Request No. 1 to the extent that it seeks documents previously produced in this litigation. Dr. Rapoport has provided a statement of opinions he will express and the basis and reasons for them, the data or other information considered by Dr. Rapoport in forming them, and any exhibits that will be used to summarize or support them, in a manner consistent with Fed. R. Civ. P. 26(a)(2)(B).

10. Dr. Rapoport further objects to Request Nos. 2 and 3 to the extent they call for drafts, notes, incomplete work, and communications of the type routinely destroyed by plaintiffs' experts in this litigation. Professor Meredith Rosenthal, for example, has repeatedly testified, as recently as this week, that throughout this litigation she has destroyed drafts of her expert reports, communications with her staff, and prior model versions, all in violation of applicable expert discovery rules.

11. Dr. Rapoport further objects to Request No. 3 to the extent that it requests documents concerning communications with counsel for plaintiffs or their agents insofar as plaintiffs are already in possession of any such documents.

12. Dr. Rapoport further objects to Request No. 6 to the extent that it requests documents excluded by the stipulation attached to the Subpoena.

13. Dr. Rapoport further objects to Requests 7 through 14 of the Subpoena because these requests are overbroad, unduly burdensome, vague,

Edward Notargiacomo, Esq.                3                         January 31, 2009

ambiguous, and incomprehensible, requiring him to engage in conjecture as to their meaning; insofar as plaintiffs are already in possession of any requested materials; and insofar as they call for the production of documents that are neither relevant to this action nor likely to lead to the discovery of admissible evidence.

14. Dr. Rapoport further objects to Request 8 to the extent that it seeks the production of documents that are protected by doctor-patient privilege and/or by other applicable law or regulation.

In making the above objections (the "Objections"), Dr. Rapoport is not suggesting or implying in any way that he has documents responsive to any particular request. In addition, these Objections are based upon information currently available to Dr. Rapoport, and he reserves the right, at any time, to revise, correct, add to, or clarify the objections set forth herein. Any failure to object herein shall not constitute a waiver of any objection that Dr. Rapoport may raise in the future.

Very truly yours,

Edmund Polubinski III

cc:  David B. Chaffin, Esq. (by E-mail Only)
     Thomas M. Greene, Esq. (by E-mail Only)
     Ilyas R. Rona, Esq. (by E-mail Only)
     Thomas M. Sobol, Esq. (by E-mail Only)
     Barry R. Himmelstein, Esq. (by E-mail Only)
     Linda P. Nussbaum, Esq. (by E-mail Only)
     Gerald Lawrence, Esq. (by E-mail Only)
     Mark M. Sandmann, Esq. (by E-mail Only)

By Electronic Mail and Overnight Courier