# EXHIBIT A

```
-----Original Message-----
From: Stevens, Catherine B (NYC)
Sent: Thursday, September 10, 2009 5:48 PM
To: 'Robert_Alba@mad.uscourts.gov'; 'KennethFromson@lawampm.com'
Cc: Cheffo, Mark S (NYC)
Subject: Re: Neurontin MDL - Outstanding Issue of Daubert hearing and Def Expert Gibbons.
```

Mr. Alba,

  Pfizer will comply with Judge Saris' request with respect to a submission regarding Dr. Gibbons.  Additionally, Dr Gibbons has informed us that he has prepared a manuscript concerning the relationship between Gabapentin and suicide attempts as set forth in his report dated March 19, 2009.   We understand that he intends to submit the manuscript this month to a journal and that he has included at least one additional sensitivity analysis to the six sensitivity analyses he discussed at the Daubert hearing in July.  We will advise the Court and counsel as to when the Gabapentin manuscript is submitted and the results of the peer review process.   Thank you.   Catherine Stevens

```
----- Original Message -----
From: Robert_Alba@mad.uscourts.gov <Robert_Alba@mad.uscourts.gov>
To: KennethFromson@lawampm.com <KennethFromson@lawampm.com>
Cc: Stevens, Catherine B (NYC); Cheffo, Mark S (NYC)
Sent: Wed Sep 02 11:19:01 2009
Subject: Re: Neurontin MDL - Outstanding Issue of Daubert hearing and Def Expert Gibbons.
```

Hi,

I presented you inquiry to Judge Saris.  Her response was for me to communicate to you the following: The motion is now moot because the case was closed. She suggests that plaintiffs file a cross-cutting daubert motion. It should not re-brief the issue, but should simply give her a binder with all the exhibits/transcripts it wants her to see, and a list of the briefs it wants her to review with their docket numbers.  Pfizer should do the same.

Robert


Robert C. Alba
United States District Court
District of Massachusetts


| KennethFromson@la | | |
| wampm.com | | |
| | | To |
| 09/02/2009 10:51 | Robert_Alba@mad.uscourts.gov | |
| AM | | cc |
| | mark.cheffo@skadden.com, | |
| | catherine.stevens@skadden.com | |
| | | Subject |
| | Neurontin MDL - Outstanding Issue | |
| | of Daubert hearing and Def Expert | |
| | Gibbons. | |

Mr. Alba,

Consistent with the Court's guidance at the recent hearing on August 28, 2009, the parties have conferred about Plaintiffs' motion to preclude Defendants' Expert Robert Gibbons and the Court's Daubert  hearing which took place during the pre-trial phase of Bulger v. Pfizer.  The Court did not render a decision regarding Dr. Gibbons' opinions prior to the Bulger trial being dismissed with prejudice in July 2009.

Plaintiffs propose that the Court render its decision regarding Dr. Gibbons under the MDL caption applicable to all products liability cases, in part because the Gibbons disclosure about which the Court deliberated was not case-specific to Bulger, but was in fact a general causation opinion common to all product liability cases in which Plaintiffs claimed Neurontin had the capacity to cause suicidality.

Defendants object to Plaintiffs' proposal  because the Court's consideration of Dr. Gibbons took place in a specific case (Bulger), under limited time constraints prior to trial. Defendants also maintain that the general causation issues about which Dr. Gibbons opined are not static issues, but rather involve issues of science that may, and in fact have changed over time.  Consequently, Defendants posit that Dr. Gibbons' disclosure should be allowed exchanged in future cases, subject to case-specific motion practice.

The parties have reached an impasse on the issue and request the Court entertain a memoranda of law from each party on the issue.  Both sides agreed it would be efficient to email you.  Would you kindly advise how the judge would have us proceed?


Kenneth B. Fromson, Esq.
Finkelstein & Partners, LLP
1279 Rte. 300, P.O. Box 1111
Newburgh, NY 12551
845-562-0203 x 2755
Kfromson@lawampm.com