UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |

**DEFENDANTS' EMERGENCY MOTION FOR CONTINUED
DEPOSITION OF NICHOLAS WIEDER AND ADDITIONAL RELIEF**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully move this Court for an order requiring Plaintiffs to produce Dr. Nicolas Wieder for the continuation of his deposition. As explained in the accompanying memorandum of law, Dr. Wieder was repeatedly instructed not to answer questions put to him by Pfizer's counsel without any good faith basis (such as privilege) for doing so. Pfizer also seeks the following relief:

(1) Kaiser should be ordered to make Dr. Wieder available for a two-hour continuation of his deposition in either New York or Boston.

(2) Kaiser should be required to reimburse Pfizer for expenses and attorneys' fees incurred in connection with the continued deposition of Dr. Wieder.

(3) Kaiser should be ordered to identify for Pfizer's counsel the URLs of all websites through which Kaiser provides health-related information to its members and physicians and provide Pfizer's counsel access to certain password protected portions of such websites;

(3) Kaiser should be ordered to preserve and maintain all information regarding the following subjects on its websites as they existed on January 11, 2009: Neurontin, gabapentin; the medications that Kaiser has identified as so-called cheaper alternatives to Neurontin, any type of neuropathic pain, any type of nociceptive pain, bipolar disorder, depression, migraine and headache.

During his deposition, Dr. Wieder also gave testimony that directly contradicted the declaration submitted by him in opposition to Defendants' motion for summary judgment. Dr. Wieder's declaration should, therefore, be stricken.

WHEREFORE, Defendants respectfully request that the Court grant the relief requested in this motion. In addition, given the approaching trial date and the need to finalize deposition designations, Pfizer asks that this motion be considered on an expedited basis.

Dated: January 18, 2010    Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:    /s/ Mark S. Cheffo
       Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:    /s/ Raoul D. Kennedy
       Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel: (415) 984-6400

-and-

WHEELER TRIGG O'DONNELL LLP

By:    /s/ James E. Hooper
       James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF CONSULTATION

I certify that counsel have conferred in a good faith attempt to narrow or resolve the issue presented by this motion but have been unable to do so.

/s/ Mark S. Cheffo
Mark S. Cheffo

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 18, 2010.

/s/ David B. Chaffin
David B. Chaffin

3