UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

*Huberman v. Pfizer Inc, et al.*
Case No. 1:07-cv-11336-PBS

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS CLAIMS OF PLAINTIFF ALLAN HUBERMAN**

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), by counsel, respectfully submit this memorandum in support of their motion to dismiss the claims of Plaintiff Allan Huberman, and conjunctively or alternatively impose other sanctions as the Court deems appropriate, based on his failure to comply with orders of this Court and his failure to serve discovery responses.

**ARGUMENT**

Pursuant to Discovery Order No. 6 entered by Magistrate Judge Sorokin on November 30, 2006, Plaintiff was required to serve responses to Defendants' template discovery years ago. [550] On November 16, 2007, Defendants sent a letter to Plaintiff's counsel calling attention to the fact that he had yet to provide any responses to template discovery, attaching additional copies of the template discovery requests, and stating that responses should be received *no later than December 4, 2007*. (*See* Defendants' November 16, 2007, letter to Plaintiff, attached to the accompanying Declaration of Mark S. Cheffo ("Cheffo Decl.") as Exh. A. (emphasis added))  Plaintiff never provided these responses.  On November 10, 2009, Magistrate Judge Sorokin ordered that fact discovery in this case be completed by January 29, 2010.  On November 24, 2009, and again on December 8, 2009, Defendants sent letters requesting Plaintiff's prompt response to the template discovery.  (*See* Defendants' November 24,

2009, and December 8, 2009, letters to Plaintiff, attached to Cheffo Decl. as Exhs. B & C, respectively.)  After still receiving no response from Plaintiff, and with the deadline for fact discovery fast approaching, Defendants informed Plaintiff's attorney by email of their intent to file a motion to compel responses to discovery.  Plaintiff's attorney merely responded, "I am awaiting the expert's signed report.  I will keep you informed," but he did not indicate that responses to template discovery were forthcoming.  (*See* Plaintiff's December 22, 2009, response to Defendants' email, attached to Cheffo Decl. as Exh. D.)  As such, Defendants filed a motion to compel shortly thereafter. [2253]  Continuing with his pattern of non-responsiveness, Plaintiff never filed a response to this motion, and the Court entered an order granting the motion as unopposed on January 4, 2010.  Two days later, Defendants sent an email to Plaintiff's attorney requesting that he comply with the Court's order by filing the responses that were over two years late at that point.  (*See* Defendants' January 6, 2010, email to Plaintiff, attached to Cheffo Decl. as Exh. E.)  Again, no response was received.  Furthermore, Plaintiff never served the mandatory initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1)(A)(i)-(iv).

Defendants have been consistently patient and accommodating with Plaintiff in attempting to acquire the discovery materials to which they are entitled under the Federal Rules of Civil Procedure and various orders of this Court.[1]  Still, patience has its limits.  Despite Plaintiff initially filing suit over two years ago in June 2007, Defendants' numerous requests for Plaintiff's responses, the Court's designation of this action as a Track One case in which the parties conducted initial core discovery, an order by this Court compelling his response, and the close of fact discovery on January 29, 2010, Plaintiff has yet to serve *any* written responses to

---

[1]  Defendants are clearly entitled to Plaintiff's responses to their template discovery requests.  Federal Rule of Civil Procedure 26(b)(1) extends discovery to "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Further, it has "long [been] recognized that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery."  *S.E.C. v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000).  "The broad scope of the discovery rules reflects a policy that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'"  *Atchison Casting Corp. v. Marsh, Inc.*, 216 F.R.D. 225, 227 (D. Mass. 2003) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Defendants' template discovery requests. While Plaintiff initially provided to Defendants some medical records and an authorization for additional records, Plaintiff has repeatedly ignored Defendants' requests for responses to the template discovery requests themselves, and he even acknowledged his deficiency in his motion for consolidation of his case with the *Shearer* case. (*See* Pl.'s Mot. to Consolidate, [2135], at 2-3 (noting in October 2009 that he had not yet served template discovery responses and stating that he would do so "shortly" after receiving materials from his expert that month).) Given this Court's grant of Defendants' motion to compel, his continued delinquency puts him in direct violation of a court order as well.

When a plaintiff fails to comply with a court order and/or fails to cooperate in discovery,[2] his claims may be dismissed and/or he may be subject to other sanctions pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 16(f) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part . . . ."); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976) (per curiam) (observing that dismissal for failure to timely answer written interrogatories "must be available to the district court in appropriate cases, not merely to penalize

---

[2] Failure to serve answers or objections to interrogatories after proper service, even in the absence of a court order to compel, may itself provide sufficient and independent grounds for dismissing an action pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). *See* 8A Charles A. Wright, et al., *Federal Practice and Procedure*, *Civil 2d,* § 2291, at 714 (West 1994).

those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"). In the First Circuit, it is well-settled that a plaintiff's failure to comply with a discovery order provides adequate grounds for ordering a dismissal with prejudice as a sanction. *See, e.g.*, *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 275 (1st Cir. 2006) (noting that "federal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines . . . . [Including] case-management orders"); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) (stating that "disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus warrants dismissal)").

The sanction of dismissal is particularly appropriate in the MDL context,[3] where the importance of case management is paramount. Courts have recognized that, when considering a motion to dismiss based on non-compliance with a discovery order, "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006) (hereinafter "*In re: PPA*") (citing 28 U.S.C. § 1407). These unique considerations "may tip the balance" in favor of dismissal in the MDL context compared to "ordinary litigation on an ordinary docket." *Id.*; *see also In re: Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2008) (hereinafter "*In re: Guidant Corp.*") ("MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders."). As such, MDL courts frequently

---

[3] In non-MDL cases, relevant factors considered by courts deciding whether to impose dismissal as a sanction have included the "severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996).

dismiss the claims of plaintiffs who fail to give proper accord to discovery mandates.[4]  *See, e.g.*, *In re: Fosamax Prods. Liab. Litig.*, No. 1:08-cv-04901-JFK, 2009 WL 105502 (S.D.N.Y. Jan. 12, 2009) (hereinafter "*In re: Fosamax*"); *In re: Baycol Prods. Litig.*, MDL No. 1431 (MJD/SRN), 2007 WL 2744459 (D. Minn. Sept. 17, 2007); *In re: Rezulin Prods. Liab. Litig.*, MDL No. 1348, No. 03-cv-1756, 2004 WL 1700618 (S.D.N.Y. July 27, 2004).

Plaintiff's failure to provide timely discovery responses in accordance with this Court's Discovery Order, and also its January 4, 2010, Order compelling Plaintiff's responses, has prejudiced Defendants' ability to plan, prepare for, and complete fact discovery before the January 29, 2010, fact discovery deadline.  Since the deadline is today, Defendants' ability to adequately explore the merits of – and fairly defend against – Plaintiff's claims has been seriously and unfairly hindered by no fault of its own.  Even if fact discovery were reopened, the unreasonable delay caused by the Plaintiff's non-compliance gives rise to a presumption of prejudice under law – especially in the MDL where many different interests have been affected.  *See In re: PPA*, 460 F.3d at 1227-28.

Given the repeated non-compliance by Plaintiff (despite multiple warnings) and the prejudice suffered by Defendants, sanctions are clearly appropriate.  *See Tower Ventures*, 296 F.3d at 45-46 ("[A] litigant who ignores case-management deadlines does so at his peril.") (citation omitted).  Because of the nature of this case, any sanction short of dismissal would aggravate the prejudice to Defendants and further siphon resources away from other cases within

---

[4]  This policy weighing in favor dismissal for non-compliance with discovery orders in multi-district complex litigation not only protects the rights of defendants, who must investigate the claims of numerous plaintiffs in a short timeframe, but it also protects the rights of other plaintiffs, who have complied with the discovery orders, by preventing the finite resources of the MDL court from being "unfairly divert[ed] . . . away from their timely claims to that of the" uncooperative and non-diligent plaintiff.  *In re: Guidant Corp.*, 460 F.3d at 867; *see also* 28 U.S.C. § 1407(a) (indicating that the goal of the multidistrict litigation process is to "promote the just and efficient conduct" of "civil actions involving one or more common questions of fact" that are pending in different districts).  In addition to the parties, the court has a "strong" "interest in administering its docket." *Tower Ventures*, 296 F.3d at 46; *see also Santiago-Diaz*, 456 F.3d at 277 (noting that "the district court has an interest in the efficient management of its docket").

the MDL. As one MDL court has aptly noted, "a lesser sanction would not be as effective in deterring other plaintiffs in this MDL from flouting the Court's discovery orders" and "would divert resources from advancing these MDL proceedings and could 'bring[ ] hundreds of these cases to a near-halt as a result of fact-discovery compliance issues.'" *In re: Fosamax*, 2009 WL 105502, at *2 (alteration in original) (citations omitted).

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Defendants' counsel has made several good faith efforts to contact and confer with Plaintiff's counsel to resolve this discovery dispute without court action. (*See* Cheffo Decl., Exhs. A-E.) These good faith efforts were repeatedly rebuffed. Still, the deficiencies in Plaintiff's compliance with basic discovery requests and this Court's orders have not been remedied, and, now that the deadline for fact discovery is today, Plaintiff's failure to satisfy even the most basic of discovery obligations – in violation of clear directions from this Court – requires the imposition of sanctions in the form of a dismissal. Defendants therefore request that this Court order that Plaintiff's claims be dismissed and/or that other sanctions deemed appropriate be imposed. Additionally, Defendants request that the Court order that any expenses and attorneys' fees incurred by Defendants to bring this motion be awarded, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), and that any expenses and attorneys' fees incurred to bring Defendants' successful motion compelling disclosure also be awarded, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

## CONCLUSION

Accordingly, for the above reasons, Defendants respectfully request that this Court grant their motion to dismiss the claims of Plaintiff Allan Huberman, and conjunctively or alternatively impose other sanctions as the Court deems appropriate, and award expenses, based on his failure to comply with the orders of this Court and his failure to respond to discovery.

Dated: January 29, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:   /s/ Mark S. Cheffo
         Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

   -and-

WHITE AND WILLIAMS LLP

By:   /s/ David B. Chaffin
         David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on January 29, 2010.

/s/ David B. Chaffin_____
David Chaffin