# EXHIBIT A



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

221653-06

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:  NEURONTIN MARKETING,          :
        SALES PRACTICES AND PRODUCTS  :   MDL Docket No. 1629
        LIABILITY LITIGATION          :
                                      :   Master File No. 04-10981
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:   Judge Patti B. Saris
THIS DOCUMENT RELATES TO:             :
                                      :   Magistrate Judge Leo T.
LINDA B. SHEARER, as Executrix of the Estate of  :   Sorokin
HARTLEY PARKER SHEARER a/k/a HARTLEY   :
SHEARER                               :
                                      :
        07 CA 11428 PBS               :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S RESPONSE TO DEFENDANTS'
## FIRST SET OF INTERROGATORIES

Set forth below is Defendants' Template First Interrogatories, Products Liability Plaintiffs' corresponding objections, Magistrate Leo T. Sorokin's  directives set forth in Discovery Order No. 2 dated June 19, 2006, pertaining thereto, and Individual Plaintiff's responses.

## OBJECTIONS PERTAINING TO ALL INTERROGATORIES

## (GENERAL OBJECTIONS)

1.      Plaintiff, by his/her attorneys, FINKELSTEIN & PARTNERS, LLP, hereby responds and objects to Defendants' First Set of Interrogatories dated May 8, 2006.  These responses and objections are made without in any way waiving or intending to waive, but on the contrary reserving and intending to reserve, the right to object on any additional ground at any time to a demand for further response, and

Without waiving the foregoing objections, Plaintiff agrees to provide the information requested for the ten-(10) year period immediately preceding the incident complained of.

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and/or knowledge, the decedent resided at 202 Pine Cobble Rd, Williamstown, MA 01267 from 1995 until his death. Also residing there was Plaintiff.

Previously, decedent resided at 32 South St, Williamstown, MA 01267 from 1989 until 1995. Also residing there were Plaintiff and Ivor Shearer, son.

**INTERROGATORY NO. 3:**

Identify the name and address of each of Plaintiff's employers for the twenty years preceding commencement of this suit, the inclusive dates of each, the nature of his or her work with each employer, and the reason for the termination of the employment. Also identify Plaintiff's supervisors, bosses, co-workers and any other employees that he worked closely with for each of his prior places of employment.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 3 on the ground that it seeks information that is unduly burdensome, that the request for past employers for 20 years is not a reasonable time limit, and that the request to identify "supervisors, bosses, co-workers, and other employees that work closely" with Plaintiff is overly broad. Plaintiff further objects to this request because it seeks, in part, irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and that the burden or expense of the proposed discovery outweighs its likely benefit.

7

Without waiving the foregoing objections, Plaintiff agrees to identify the name and address of Plaintiff's employers, the inclusive dates of each period of employment, the nature of his or her work with each employer, the reason for the termination of the employment, and his/her immediate supervisors for the ten-(10) year period immediately preceding the incident complained of. In addition, pursuant to Discovery Order No. 2 dated 6/19/06, Plaintiff will exercise reasonable diligence to identify the names of up to three persons with whom they worked closely at each job.

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and/or knowledge the decedent was employed at Williams College, 15 Lawrence Hall Dr, Suite 2, Williamstown, MA  01267 from 1990 until his death as an adjunct professor.

Plaintiff has no further information responsive to the request for names of people who decedent worked closely with at each job.

**INTERROGATORY NO. 4:**

Please identify the ten persons that Plaintiff was closest to over the last ten years of his/her life, including but not limited to, siblings, boyfriends/girlfriends, roommates, etc. and include the relevant time period involved and the nature of the relationship with these individuals.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, Plaintiff objects to this Interrogatory because it assumes each Plaintiff would identify at least 10 persons that meet the criteria of "closest."

Without waiving the foregoing objections, Plaintiff agrees to provide the requested information up to a maximum of 10 persons.

Decedent was closest to:   Plaintiff, 1616 Kipling St, Apt C, Houston, TX 77006, and Ivor Shearer, son, 2013 North Rampart St, New Orleans, LA  70116.

**INTERROGATORY NO. 5:**

Please state what Plaintiff liked to do in his/her spare time and identify, including dates of membership, all social, fraternal, religious, business and/or service organizations to which he/she has ever belonged.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 5 on the ground that it is unreasonable, unduly burdensome and is not reasonably limited in time. Plaintiff further objects to this request because seeks, in part, irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving the foregoing objections, Plaintiff agrees to provide the requested information for the ten-(10) year period immediately preceding the incident complained of.

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and/or knowledge the decedent was an integral part of his family.  In addition, decedent enjoyed ice hockey, biking and films.

**INTERROGATORY NO. 6:**

Please state whether Plaintiff ever consumed alcoholic beverages, and if so the amount, frequency and type of beverage consumed, and state whether Plaintiff

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and/or knowledge, decedent maintained checking and savings accounts at Bank North, 57 Spring St, Williamstown, MA 01267.

Plaintiff has no further information responsive to this request.

**INTERROGATORY NO. 9:**

Please list any and all debts owed by or on behalf of Plaintiff at the time of his suicide attempt or death, and for each such debt, state the amount, date incurred, creditor and identity of any document relating to any such debt.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and invades Plaintiff's personal privacy rights. The Plaintiff further objects to this request on the ground that it is not the most efficient discovery method to obtain the information requested.

Pursuant to Discovery Order No. 2 dated 6/19/06, Plaintiff will respond to the Interrogatory as propounded.

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and knowledge, at the time of decedent's death, decedent owed on credit cards and had a mortgage through Williamstown Savings Bank, 795 Main Street, Williamstown, MA 01267.

Plaintiff has no further information responsive to this request.

**INTERROGATORY NO. 10:**

If at any time Plaintiff ever consulted a psychiatrist, psychologist, therapist, counselor, or other mental health professional of any sort, including but not limited

to, an individual with a social work degree, school counselors, counselors at work, counselors at church, etc., or if Plaintiff underwent psychiatric or psychological examination or treatment of any kind, please state the name, address and specialty of the person performing the consultation or treatment, the name and location of the facility where it took place, the nature of the therapy received and the dates the therapy was received.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 10 on the ground that it seeks information that is overly broad in that the request is unlimited in scope and time.

The Plaintiff further objects on the ground that Interrogatory No. 10 seeks information largely duplicative of that sought in Document Request No. 1 of Defendants' First Request for Production of Documents and Things, and that the Plaintiff has agreed to respond to Document Request No. 1 as set forth in Plaintiff's Response and Objections to Defendants' First Request for Production of Documents and Things, rendering this Interrogatory largely duplicative and unnecessary.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff will provide the name and address of psychiatrist, psychologist, therapist, counselor, or other mental health professional who provided psychiatric or psychological counseling or treatment to the Plaintiff.

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and/or knowledge and according to medical records the decedent consulted:

Dr. Lisa Catapano-Friedman, 357 Sheilds Dr, Bennington, VT  05201;

14

Dr. William Chambers, 1120 Park Ave, New York, NY  10128;

Dr. Elaine Hantman, 10 Meadows St, Williamstown, MA  01267;

**INTERROGATORY NO. 11:**

Please describe any instances of psychiatric or mental illness, suicide, attempted suicide, homicide or other violent behavior by Plaintiff or any of Plaintiff's family members including, but not limited to, his parents, siblings, grandparents, aunts, uncles, and cousins and, for each such instance, identify the person; the person's relationship to Plaintiff; the nature of the person's illness or behavior and identify the individuals that might have knowledge of these incidents.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 11 on the ground that it seeks information that is overly broad, ambiguous, unduly burdensome, oppressive and unlimited in time.  Plaintiff further objects to this Interrogatory insofar as it relates to persons other than the Plaintiff in that the disclosure of the information sought would result in the invasion of privacy of the respective individuals. In addition the Plaintiff is not capable of determining "the individual who might have knowledge of these incidents" as set forth in the Interrogatory.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff will respond to this Interrogatory as it relates to the Plaintiff, and to the extent that it seeks instances of psychiatric or mental illness, suicide or attempted suicide by Plaintiff's family members.

Subject to and without waiving the General Objections, to the best of Plaintiff's recollection and/or knowledge there were no instances of psychiatric or

15

mental illness, suicide, attempted suicide, homicide or other violent behavior by any
of decedent's family members.

Upon information and belief, decedent had received psychiatric counseling for
adult ADD and obsessive compulsive disorder since 1985.

**INTERROGATORY NO. 12:**

Identify every health-care professional or facility that provided any type of
consultation or care whatsoever to Plaintiff (whether mental or physical) over the last
twenty years and identify the location where such consultation and/or treatment was
rendered. Also state whether Plaintiff at any time was treated in any manner or
suffered any illness, disease, injury, condition or affliction (either medical or
psychiatric). If so, state for each such illness, injury, disease, or affliction, the name
of the illness, injury, disease or affliction; the date and circumstances of each such
injury, illness, disease, or affliction; the name and address of each physician,
surgeon, nurse, or other person who attended or treated him/her; the dates of such
treatment; the name and address of each hospital or clinic where he/she was
confined, treated or examined; the dates he/she was confined, treated, or examined
in each such hospital or clinic; and names and addresses of witnesses with
knowledge of any of the above and the treatment rendered.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the General Objections, the Plaintiff objects to Interrogatory No.
12 on the ground that it seeks information that is overly broad and burdensome and
in that the request is unlimited in scope and time. The Plaintiff further objects on the
ground that Interrogatory No. 12 seeks information largely duplicative of that sought
in Document Request No. 1 of Defendants' First Request for Production of

Lambert Company LLC or their agents concerning this action or the subject matter of this action.  If so, and if the statement is written, identify each statement by date(s) and author, the custodian, and, if oral, state by whom the statement was made, to whom it was made, the date(s) and substance thereof.

### RESPONSE TO INTERROGATORY NO. 16:

Subject to and without waiving the General Objections, Defendant is referred to records obtained from the <u>United States of America vs. Warner- Lambert Company LLC</u> litigation, including but not limited to, the global criminal and civil settlement agreement resolving Warner-Lambert's criminal and civil liability regarding the marketing of the drug Neurontin for uses not approved by the United States Food and Drug Administration, and records and deposition testimony obtained from the Defendant in the course of discovery, and, pursuant to Discovery Order No. 2 dated 6/19/06, Plaintiff will also respond regarding information other than that set forth in the records obtained from the litigation referred to in their objection.

The Plaintiff has no further  information responsive to Interrogatory No. 16 and has no recollection and/or knowledge of the decedent having any further information responsive to Interrogatory No. 16.

### INTERROGATORY NO. 17:

Please state whether Plaintiff ever had: (1) any communications with any individual at the Food and Drug Administration ("FDA") or (2) any communications with any individual at Pfizer Inc. or Warner-Lambert Company LLC or their affiliates or agents regarding Neurontin, including but limited to online, phone, mailed or faxed communications, and if so, please state the names and addresses of individuals who

25

would have knowledge of the communication and state the substance of the communication.

## RESPONSE TO INTERROGATORY NO. 17:

In addition to the General Objections, the Plaintiff objects to Interrogatory No. 18 on the ground that to the extent Defendants would have been notified by the FDA of any such communications, such information is within the purview of the Defendants.

Subject to and without waiving the General Objections and the foregoing specific objections, Plaintiff will respond to this Interrogatory.

The Plaintiff has no further  information responsive to Interrogatory No. 17 and has no recollection and/or knowledge of the decedent having any further information responsive to Interrogatory No. 17.

## INTERROGATORY NO. 18:

Please identify all individuals, other than your attorney, who was consulted or participated in the preparation of the answers to these Interrogatories, and indicate the numbers of the specific Interrogatories for which each such person participated in preparing answers.

## RESPONSE TO INTERROGATORY NO. 18:

Subject to and without waiving the General Objections, the Plaintiff, Linda Shearer has not obtained help from anyone else in preparing the answers to these Interrogatories.

## INTERROGATORY NO. 19:

Provide a computation of any category of damages claimed by Plaintiff.