UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully submit this memorandum of law in support of their Motion for Entry of Separate and Final Judgment as to Plaintiffs Guardian Life Insurance Company ("Guardian") and Aetna, Inc. ("Aetna"). On January 8, 2010, this Court granted Pfizer's motion for summary judgment as to Guardian and Aetna. (Mem. & Order [2309].) The claims of Guardian and Aetna are completely distinct from those asserted by Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals. Because no just reason for delay exists with respect to dismissal of the claims asserted by Guardian and Aetna in accordance with this Court's summary judgment ruling, separate judgment should be entered as to Guardian and Aetna in favor of Defendants.

**ARGUMENT**

Federal Rule of Civil Procedure 54(b) allows the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties ... if the [C]ourt expressly determines that there is no just reason for delay" and upon an express direction for the entry of judgment. Fed. R. Civ. P. 54(b). This practice "'avoid[s] the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case.'" *Pahlavi v. Palandjian*, 744 F.2d 902, 903 (1st Cir. 1984) (quoting Fed. R. Civ. P. 54(b) advisory committee's note (1946 amendment)).

"The seminal case in this Circuit detailing 'the preferred practice under Rule 54(b)' is

*Spiegel v. Trustees of Tufts College*, 843 F.2d 38 (1st Cir. 1988)." *Liberty Mut. Ins. Co. v. Greenwich Ins. Co.*, 331 F. Supp. 2d 8, 12 (D. Mass. 2004) (citation omitted) (footnote omitted), *aff'd*, 417 F.3d 193 (1st Cir. 2005). Under *Spiegel*, the district court must make a two-part assessment. First, "the trial court must first assess the finality of the disputed ruling," making a minimum showing that it "disposes fully 'of at least a single substantive claim.'" *Spiegel*, 843 F.2d at 42-43 (citation omitted). Second, "[o]nce the finality hurdle has been cleared, the district court must determine whether, in the idiom of the rule, 'there is no just reason for delay' in entering judgment." *Id.* at 43 (quoting Fed. R. Civ. P. 54(b)).

This Court's January 8, 2010 Memorandum and Order [2309] granting Pfizer's motion for summary judgment as to Guardian and Aetna satisfies both parts of the test and, therefore, entry of final judgment under Rule 54(b) is just and proper. First, the January 8, 2010 ruling is final and completely disposes of the claims of Guardian and Aetna. Second, there is no just reason for delay. Guardian and Aetna are separate plaintiffs bringing claims wholly distinct from those asserted by Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals and, therefore, no just reason exists for delay in entry of judgment as to Guardian and Aetna.

A. **The Court's Order Granting Summary Judgment As To Guardian And Aetna Satisfies Rule 54(b)'s Finality Requirement**

*Spiegel*'s finality requirement is met if the decision is final "'within the meaning of [28 U.S.C.] § 1291,'" *Spiegel*, 843 F.2d at 43 (alteration in original) (citation omitted), in that it "'leaves nothing more for the court to do but execute the judgment,'" *State St. Bank & Trust Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1490 (1st Cir. 1996) (citation omitted). "To be final, a judgment must dispose of all the rights and liabilities of at least one party as to at least one claim." *Id.* at 1489; *cf. Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 580 (1st Cir. 1994) (finding that the first prong of the Rule 54(b) assessment was plainly met as to two defendants when the underlying ruling terminated all claims against defendants "in their entirety").

On March 2, 2009, Defendants moved for summary judgment on all of the pending claims asserted by the Coordinated Third Party Payors ("TPPs"), Guardian, Aetna and Kaiser, in

2

the above captioned matter. (*See* Def. Mot. Sum. J. [1689].) In its January 8, 2010 order, this Court granted the motion as to Guardian and Aetna, but denied it as to Kaiser. (Mem. & Order [2309] at 2, 34.) Thus, the Court here granted summary judgment in its entirety at to Guardian and Aetna. Since "nothing remain[s] but to enter judgment," *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996), in favor of Pfizer, the finality requirement under Rule 54(b) "plainly is satisfied," *Maldonado-Denis*, 23 F.3d at 580.

### B. There Is No Just Reason For Delay In Entering Final Judgment In Favor Of Pfizer

Next, the Court must find there is no "just reason for delay." In making this determination, the Court must review whether there are "1) any interrelationship[s] or overlap[s] among the various legal and factual issues involved and 2) any equities and efficiencies implicated by the requested piecemeal review." *State Street Bank*, 87 F.3d at 1489.

Here, Guardian and Aetna initiated their claims by filing separate lawsuits: No. 04-10739 and No. 04-10958. Upon creation of the MDL, this Court consolidated them for pretrial purposes only. (Corrected Case Management Order [15] ¶ 2, Dec. 16, 2004.) The Court's order made clear that consolidation did "not constitute a determination that the actions . . . should be consolidated for trial." (*Id.* ¶ 4.) Subsequently, Kaiser joined this action by virtue of an amendment to the consolidated complaint. Consolidation under these circumstances "is not supposed to 'merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" *In re Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 141 (E.D. La. 2002) (citation omitted). Thus, consolidated complaints are intended only as "an administrative device to aid efficiency and economy." *Id.* at 142; *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 489 F. Supp. 2d 932, 936 (D. Minn. 2007) ("Consolidation of a master complaint is merely a procedural device designed to promote judicial economy, and, as such, it does not affect the rights of the parties in separate suits."). Here, the claims by Guardian, Aetna and Kaiser should be treated as separate actions, notwithstanding the consolidated complaint. For this reason, entry of judgment as to Guardian

and Aetna is proper.

Moreover, the Court made clear in its January 8, 2010 order that summary judgment was denied as to Kaiser for reasons that are unique to the factual allegations made by Kaiser and which have nothing to do with Guardian or Aetna. (Mem. & Order [2309] at 28-30.) Thus, "judgment [can be] enter[ed] upon claims between the parties which can be clearly segregated, factually and legally, from the claims remaining in the case." *Liberty Mutual*, 331 F. Supp. 2d at 13. As a result, an appeal would not present overlapping issues of fact or law and there would be no waste of judicial resources. Accordingly, there is "no just reason for delay" in entering final judgment as to the claims asserted by Guardian and Aetna. *See Am. Auto. Mfrs. Ass'n v. Comm'r, Mass. Dep't of Envtl. Prot.*, 998 F. Supp. 26, 29 (D. Mass. 1998) (holding that there was no just reason for delay when an immediate review by the Court of Appeals would not simultaneously review the same issues present in the lower court).

## CONCLUSION

For all of the forgoing reasons, Pfizer requests that the Court direct the Clerk to enter separate judgment pursuant to Federal Rule of Civil Procedure 54(b) dismissing the claims of Guardian and Aetna in their entirety and with prejudice, in accordance with this Court's Memorandum and Order of January 8, 2010.

Dated: February 3, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:   /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Raoul D. Kennedy
    Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel: (415) 984-6400

-and-

WHEELER TRIGG O'DONNELL LLP

By: /s/ James E. Hooper
    James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800

-and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
    David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 3, 2010.

/s/ David B. Chaffin
David B. Chaffin