UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>*Dorsey v. Pfizer Inc, et al.*<br>Case No. 1:05-cv-10639-PBS | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

---------------------------------------------------------------x

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR AN INDEPENDENT MEDICAL EXAMINATION OF MARY P. DORSEY

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), by counsel, respectfully submit this memorandum in support of their motion for an order directing Plaintiff, Mary P. Dorsey, to submit to an independent medical examination ("IME").

Federal Rule of Civil Procedure 35 grants district courts the power to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . ." Fed. R. Civ. P. 35(a)(1).[1] To obtain such an order, the moving party need only show that the mental or physical condition of the other party is "in controversy" and that "good cause exists."[2] In personal injury cases where a plaintiff alleges an ongoing mental injury, these two showings are automatically satisfied and

---

[1] Defendants attempted to work with Plaintiff to arrange a mutually acceptable time, place, and manner for an IME, but Plaintiff's counsel has taken the position that an IME of Plaintiff is unwarranted. (*See* Defendants' January 29, 2010, Letter to Plaintiff, and Plaintiff's February 2, 2010, Email, attached to the accompanying Decl. of Mark S. Cheffo ("Cheffo Decl.") as Exs. A and B, respectively.)

[2] Plaintiff's response refusing Defendants' request for an IME wrongly implies that there must be a "compelling reason to perform" the examination, but this is a clear misstatement of the standard under Federal Rule of Civil Procedure 35, which only requires good cause. (*See* Plaintiff's February 2, 2010, Email, Ex. B.)

merged into the same inquiry. *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 25 (D. Conn. 1994). As one court deciding a similar discovery dispute[3] noted, "[b]y claiming ongoing psychiatric harm caused by the negligence of the defendant, . . . the plaintiff has placed his mental state in controversy, which in turn constitutes good cause for ordering a psychiatric examination . . . ." *Duncan*, 155 F.R.D. at 25.

Plaintiff placed her medical and psychiatric condition in controversy in this case when she filed this personal injury action alleging that Neurontin, a drug manufactured by Defendants, caused her physical and mental harm. (*See, e.g.*, Complaint at ¶ 232.) Plaintiff's Complaint alleges that she "had catastrophic reactions to the drug" and "experienced a year-long drug-induced stupor." (Complaint at section entitled "I. Introduction".) She also alleges that she suffered "black-outs" during the period when she was taking Neurontin. (Complaint at ¶¶ 30-31.) Independent of any injuries alleged in the Complaint, Plaintiff unfortunately has suffered from several other medical conditions (including a stroke, anxiety, bipolar disorder, and depression, among others), any number of which could have been responsible for, or contributed to, her condition. (*See, e.g.*, Complaint at ¶¶ 27, 32.) In order to prepare a fair defense in this case, Defendants will be required to examine Plaintiff in order to determine whether (and to what extent) she has suffered any injuries, to evaluate whether any claimed injury from Neurontin is permanent, and if so, to what extent, and to assess evidence regarding the necessary element of causation. Evidence regarding Plaintiff's past and present medical condition will be highly relevant at trial, and therefore Defendants have good cause for an IME.

---

[3] In *Duncan*, a personal injury case, the plaintiff alleged psychiatric injuries as a result of taking a tranquilizer produced by the defendant manufacturer. *Duncan*, 155 F.R.D. at 24. The court there granted the defendant's request for an IME and rejected the plaintiff's argument that "the information [defendant] seeks is available from medical records already produced by the plaintiff, thus negating the 'good cause' requirement of Rule 35." *Id.* Regardless of what information may be ascertained through a plaintiff's medical records, a defendant has good cause to seek an IME—conducted by an examiner of its choosing—of a plaintiff who has put her mental condition in controversy by alleging an ongoing mental injury.

Furthermore, Plaintiff, in response to Defendants' discovery requests, claims damages for "past and *future* pain and suffering" and "past and *future* medical expenses, . . . lost earnings and impairment of earning capacity, . . . loss of enjoyment of life, loss of society of the mutual benefits that each family member received." (Pl.'s Resp. to First Set of Interrogs., No. 19, attached to Cheffo Decl. as Ex. C (emphasis added).) Plaintiff's claims—that she will suffer future pain, suffering, medical expenses, lost earnings, and loss of enjoyment of life—highlight that she is seeking recovery for an ongoing mental injury, and underscore the need for an IME in this case. Allegations of an ongoing mental injury in a personal injury action, standing alone, show both that Plaintiff's personal condition is "in controversy" and that "good cause exists" for examination. *Duncan*, 155 F.R.D. at 25. Therefore, an IME is appropriate under Rule 35.

Defendants further request that the Court, in its order compelling an IME, specify that the IME be conducted by Dr. Anthony Rothschild. District courts respect a defendant's choice of examiner under Rule 35 absent a "valid objection" by the plaintiff. *Looney v. Nat'l R.R. Passenger Corp.*, 142 F.R.D. 264, 265 (D. Mass. 1992); *see also Duncan*, 155 F.R.D. at 25 (stating that "one purpose in granting a request for a psychiatric examination pursuant to Rule 35 is to 'preserve[ ] the equal footing of the parties to evaluate the plaintiff's mental state . . . .'") (citations omitted). No such valid objection is cognizable under the present circumstances. *See, e.g., Looney*, 142 F.R.D. at 265 (observing that "no case" supports the proposition that a perceived bias on the part of the examiner constitutes "a 'valid' objection" to "defendant's choice of physician"); *Powell v. United States*, 149 F.R.D. 122, 124 (E.D. Va. 1993) (observing that "[d]efendants have absolutely no say in determining which physician a plaintiff chooses as a treating physician or an expert witness; likewise, a plaintiff should be limited in his ability to object to the selection of the defendant's" independent medical examiner).

Dr. Rothschild's qualifications are above reproach. He is a medical doctor and is certified as a specialist in Psychiatry by the American Board of Neurology and Psychiatry. He is a graduate of the University of Pennsylvania School of Medicine and completed a four-year residency in Psychiatry at McLean Hospital in Belmont, Massachusetts. He is presently licensed

3

to practice medicine in the Commonwealth of Massachusetts, and his primary office is at the University of Massachusetts Medical Center. As such, Plaintiff will be unable to raise any "valid objection" to Defendants' selection of Dr. Rothschild to perform the examination. Defendants are willing to coordinate with Plaintiff and her counsel to determine a convenient time and location for the IME.

## CONCLUSION

For good cause, as described above, Defendants respectfully request that this Court grant Defendants' motion for an order directing Plaintiff, Mary P. Dorsey, to submit to an IME.

Dated: February 4, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP

By:  /s/ Mark S. Cheffo
     Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

WHITE AND WILLIAMS LLP

By:   /s/ David B. Chaffin
      David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel: (617) 748-5200

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 4, 2010.

/s/ David B. Chaffin
David B. Chaffin