UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------------ X
In re: NEURONTIN MARKETING AND
SALES PRACTICES LITIGATION.

: MDL Docket No. 1629
:
: Master File No. 04-10981PBS.
:
X Judge Patti B. Saris.
:

THIS DOCUMENT RELATES TO:

ALLAN M. HUBERMAN vs. PFIZER, INC. and
PARKE-DAVIS, DIVISION OF WARNER-LAMBERT
COMPANY,
No. 07-CA-11336-PBS.
------------------------------------------------------------------------ X

: Magistrate Judge Leo T.
: Sorokin.
:
: Individual Case No.
: 07CA11336PBS.
:

Plaintiff's Opposition to the Defendant's Motion to Dismiss and
Statement of Reasons.

The Plaintiff objects to the Defendant's Motion to Dismiss for the following reasons:

(1) The Plaintiff was prescribed Neurontin (gabapentin) which he took for an approximately six month period in 1998. He commenced this action in Middlesex Superior Court in 2007, <u>Allan M. Huberman, Plaintiff vs. Pfizer, Inc. and Parke-Davis, Division of Warner-Lambert Company, Defendants</u>; Middlesex Superior Court Civil Action No. 2007-02338-C, and the Defendants removed the action to this Court;

(2) The Plaintiff alleges damages for emotional distress and pain and suffering. The Plaintiff does not allege any lost income or profits as a result of his taking Neurontin (gabapentin);

(3) The medical records which Plaintiff has produced establish that not only was the Plaintiff prescribed Neurontin (gabapentin) in the winter of 1998, and in the following months, documented in the records, he complained to his physicians that the Neurontin (gabapentin) made him feel "like rubber." The Defendants have had these records since 2007.

(4) The Defendant served Template Interrogatories and Document Requests. The Plaintiff, in November, 2007, signed the Medical Authorization forwarded by Defendant's counsel. Pursuant to Magistrate Sorokin's Discovery Order No. 19, the Defendants deposed the Plaintiff on December 13, 2007 and March 31, 2008. During these depositions, the Defendant exhaustively deposed the Plaintiff on all his medical records, which they had obtained pursuant to his authorization. The Defendants also examined the Plaintiff on all of the subject areas set forth in the interrogatories;

(5) Pursuant to Discovery Order no. 19, the Defendants deposed the physician who prescribed neurontin (gabapentin) to the Plaintiff. The Defendants have recently deposed Plaintiff's son and one of his daughters;

(6) While Defendants contend that the failure to the Plaintiff to provide the template discovery responses has delayed their ability to prepare their case, they do not specify any instance in which they have been failed to prepare. As the Defendants have had all pertinent information since their depositions of the Plaintiff and the obtaining of his medical records, they in fact have not been delayed;

(7) Since the service of this Motion on January 29, 2010, the Plaintiff has forwarded the Initial Disclosure Statement and his responses to the Template Request for Production of Documents. He is also this day serving the Answers to the First Set of Interrogatories and the authorization for the Defendants to obtain his prescription purchases from Wallgreens;

(8) The Plaintiff understands that his expert will have his report ready for service well before the deadline of February 19, 2010;

(9) The Plaintiff suggests that, as the Defendants can not state any specific delay they have encountered by the delay in filing the discovery requests, the Court decline to dismiss this action; and

(10) The Plaintiff requests that the Court deny the Motion to Dismiss and permit Plaintiff to have his case decided by this Court.

WHEREFORE, the Plaintiff requests that the Court deny the Defendants' Motion to Dismiss.

Date: February 4, 2010.

/s/ Paul S. Hughes
Attorney for Plaintiff
Paul S. Hughes, Esq.
B.B.O. No. 243780
2120 Commonwealth Avenue, Ste. 200
Newton, Massachusetts 02466
(617) 244-5620.

CERTIFICATE OF SERVICE.

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management No. 3 on February 4, 2010.

/s. Paul S. Hughes.