# EXHIBIT H

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
MDL Docket No. 1629/Master File No. 04-10981

---------------------------------X

IN RE: NEURONTIN MARKETING      MDL Docket No. 1629

SALES PRACTICES, AND PRODUCTS   Master File No.

LIABILITY LITIGATION            04-10981

---------------------------------X

VIDEOTAPED DEPOSITION OF ALBERT CARVER

New York, New York

July 12, 2007

Reported by:
Amy A. Rivera, CSR, RPR

**Page 2**

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------x
IN RE: NEURONTIN PRODUCTS
LIABILITY LITIGATION    Index Number 765000/2006
-------------------------------x



          VIDEOTAPED DEPOSITION OF ALBERT L. CARVER



               New York, New York
               July 12, 2007
```

**Page 3**

```
          Deposition of ALBERT L. CARVER, held
at KAPLAN FOX, 850 Third Avenue, New York, New
York, before Amy A. Rivera, a Notary Public of the
State of New York.
```

**Page 4**

```
APPEARANCES:
KAPLAN FOX & KILSHEIMER, LLP
   Attorneys for Plaintiffs
     850 Third Avenue
     New York, New York 10022
BY:   LINDA N. NUSSBAUM, ESQ.
      AVIAH COHEN PIERSON, ESQ.
      MITCHELL COHEN, ESQ.

JUSTIN BLOOM, ESQ.
   Attorneys for Class Plaintiffs
      29 W. 70th Street, Suite 2B
      New York, New York 10023

DAVIS POLK & WARDWELL
   Attorneys for Defendants Pfizer, Inc. & Warner-Lambert
      450 Lexington Avenue
      New York, New York 10017
BY:   RAJESH JAMES, ESQ.
      NAHAL KAZEMI, ESQ.


ALSO PRESENT: CRAIG ATELLA, Videographer
              NATIONWIDE VIDEO PRODUCTIONS, INC.
              Partners
```

**Page 5**

```
                    INDEX
WITNESS                DIRECT
ALBERT L. CARVER
BY MR. JAMES           7
                  EXHIBITS
NUMBER        DESCRIPTION              PAGE
Kaiser-1    Notice                     29
Kaiser-2    Gabapentin review 9/1997   79
Kaiser-3    Complaint                  87
Kaiser-4    Drug monograph 6/1999      138
Kaiser-5    E-mail dated 3/16/99       148
Kaiser-6    E-mail dated 12/17/98      154
Kaiser-7    Drug monograph             155
Kaiser-8    Gabapentin review of
              restrictions             178
Kaiser-9    Final draft dated 1/21/04  190
Kaiser-10   CMI review for chronic pain
              management in Primary Care  191
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
MDL Docket No. 1629/Master File No. 04-10981

------------------------------X

IN RE: NEURONTIN MARKETING        MDL Docket No. 1629

SALES PRACTICES, AND PRODUCTS     Master File No.

LIABILITY LITIGATION              04-10981

------------------------------X

VIDEOTAPED DEPOSITION OF ALBERT L. CARVER

New York, New York

July 13, 2007

Reported by:
Amy A. Rivera, CSR, RPR

Page 211

```
 1
 2  SUPREME COURT OF THE STATE OF NEW YORK
    COUNTY OF NEW YORK
 3
 4  ------------------------------x
 5  IN RE: NEURONTIN PRODUCTS
 6  LIABILITY LITIGATION      Index Number 765000/2006
 7  ------------------------------x
 8
 9
10
11     VIDEOTAPED DEPOSITION OF ALBERT L. CARVER
12
13
14              New York, New York
                July 13, 2007
15
16
17
18
19
20
21
22
23
24
25
```

Page 212

```
 1
 2  APPEARANCES:
 3  KAPLAN FOX & KILSHEIMER, LLP
      Attorneys for Plaintiffs
 4       850 Third Avenue
         New York, New York 10022
 5  BY:   LINDA N. NUSSBAUM, ESQ.
          AVIAH COHEN PIERSON, ESQ.
 6        MITCHELL COHEN, ESQ.
 7
 8  JUSTIN BLOOM, ESQ.
      Attorneys for Class Plaintiffs
 9       29 W. 70th Street, Suite 2B
         New York, New York  10023
10
11  DAVIS POLK & WARDWELL
      Attorneys for Defendants Pfizer, Inc. & Warner-Lambert
12       450 Lexington Avenue
         New York, New York 10017
13  BY:   RAJESH JAMES, ESQ.
          REID SKIBELL, ESQ.
14
15
16  ALSO PRESENT: JIM ROBERTS, Videographer
                  NATIONWIDE VIDEO PRODUCTIONS, INC.
17
18
19
20
21
22
23
24
25
```

Page 213

```
 1
 2       Deposition of ALBERT L. CARVER, held
 3  at KAPLAN FOX, 850 Third Avenue, New York, New
 4  York, before Amy A. Rivera, a Notary Public of the
 5  State of New York.
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 214

```
 1
 2                    INDEX
 3  WITNESS          DIRECT   CROSS   REDIRECT
 4  ALBERT L. CARVER
 5  BY MR. JAMES       216           506
 6  BY MS. NUSSBAUM            493
 7           EXHIBITS
 8  NUMBER     DESCRIPTION              PAGE
 9  Kaiser-11  Neurontin article         231
10  Kaiser-12  DUAT article              235
11  Kaiser-13  DUAT videoconference 3/12/03  248
12  Kaiser-14  E-mail dated 6/10/99      260
13  Kaiser-15  Answers to interrogatories    330
14  Kaiser-16  KPSC DUAT Jan. to Dec. 2004   354
15  Kaiser-17  Approved minutes          375
16  Kaiser-18  E-mail dated 9/2/03       385
17  Kaiser-19  E-mail dated 6/4/02       392
18  Kaiser-20  E-mail dated 7/3/01       400
19  Kaiser-21  Business resources retention  423
20  Kaiser-22  Kaiser Permanente document    438
21  Kaiser-23  Article                   454
22  Kaiser-24  E-mail dated 1/17/99      483
23  Kaiser-25  Neuropathic pain document     488
24  Kaiser-26  Article                   504
25
```

2 (Pages 211 to 214)

Page 447

```
 1         A. Carver
 2  supervise the content of the remainder of the
 3  website?
 4      A.  I'm sorry, I do not know.
 5      Q.  Do you know who does manage the
 6  content of the plaintiff's public website?
 7         MS. NUSSBAUM: Are you referring to
 8  the kp.org website, and you want to know who
 9  manages the content of that website, if he knows?
10         MR. JAMES: Yes.
11      A.  There is a manager that's responsible,
12  her name is not coming to my mind at this second,
13  but I'm be happy to provide it to you as soon as
14  it does, or through counsel. There is a manager
15  of the -- of this particular website.
16      Q.  Would you personally feel compelled to
17  take some action if you learned that Permanente
18  Group's public website was advising visitors that,
19  "People who took Gabapentin for chronic pain said
20  they felt one-third less pain while they were
21  taking Gabapentin"?
22         MS. NUSSBAUM: Objection. I'm going
23  to ask the witness not to answer that.
24      Q.  You can answer.
25         MS. NUSSBAUM: No, first of all, it's
```

Page 448

```
 1         A. Carver
 2  an unintelligible question.
 3         Second of all, it's a question that
 4  calls for the witness' personal opinion, which is
 5  totally irrelevant in the action.
 6         Third, we have not been able to
 7  identify whose website this is.
 8         Fourth, we have not been able to
 9  identify this is a small piece of something, what
10  this is, who it's available to, what its purpose
11  is. I think that your question is highly
12  misleading and I will not have the witness answer
13  it. I don't think it's capable of being answered
14  and it would simply be speculation and
15  hypothetical.
16         MR. JAMES: Are you directing the
17  witness not to answer the question?
18         MS. NUSSBAUM: I think that there's
19  not a question that's capable of being answered
20  without speculation, a hypothetical question and
21  having to do with his personal feelings about
22  something which is totally irrelevant in this
23  action.
24      Q.  Do you understand that questions
25  relating to the witness' personal feelings are a
```

Page 449

```
 1         A. Carver
 2  basis for counsel directing the witness not to
 3  answer?
 4         MS. NUSSBAUM: I didn't say that. You
 5  want to ask a question that's capable of being
 6  answered, we will see if that's possible. You
 7  want to identify this document and not give a
 8  misleading few pages of something that there's no
 9  testimony as to where it comes from or who
10  contained the content or anything else, then I'm
11  happy to address appropriate questions. The
12  witness has been answering questions now for two
13  full days.
14         MR. JAMES: To be clear, you're not
15  asserting the attorney-client privilege over the
16  response?
17         MS. NUSSBAUM: Excuse me?
18         MR. JAMES: Attorney-client privilege
19  is not in any way implicated by my question, is
20  that correct?
21         MS. NUSSBAUM: I don't even understand
22  your question, so how can I know whether or not it
23  implicates attorney-client privilege? I have no
24  idea if it's written by attorneys or supervised by
25  attorneys or anything else. The present question
```

Page 450

```
 1         A. Carver
 2  is not capable of being answered. Do you want to
 3  ask a question that's capable of being answered,
 4  you know, he'll attempt to answer it as he's been
 5  doing for two full days here.
 6      Q.  If you turn to the second page of the
 7  document, do you have any familiarity with who
 8  Shannon Erstadt is, at the bottom?
 9      A.  I'm sorry, I do not.
10      Q.  Actually at this point, flipping over
11  to the third page, do you have any understanding
12  of what the company Healthwise, Incorporated is?
13      A.  I do from personal experience in that
14  Healthwise is in the business of producing general
15  health information. I was a recipient of the
16  Healthwise -- a document called the Healthwise
17  Handbook at my home a few years ago, and it had
18  information regarding just a number of simple
19  little things regarding medical conditions and
20  their management, so, it was really intended --
21  the document that I received, which actually was a
22  booklet, was intended to be, to assist individual
23  patients or members -manage really minor
24  conditions such as if you have a cough or if you
25  have a sore throat or something of that -- that
```