**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL SALES & MARKETING ACTIONS | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

**MOTION FOR ORAL ARGUMENT ON CLASS PLAINTIFFS' MOTION FOR RECONSIDERATION AND LEAVE TO FILE CLASS PLAINTIFFS' MEMORANDUM REGARDING *GUARDIAN* RULING**

1

Plaintiffs Louisiana Health Service Indemnity Company d/b/a/ BlueCross/BlueShield of Louisiana, Union of Operating Engineers, Local No. 68 Welfare Fund, ASEA/AFSCME Local 52 Health Benefits Trust, and Harden Manufacturing Corporation (collectively, "Class Plaintiffs"), on behalf of themselves and the proposed class, (i) seek leave to file the attached Memorandum Regarding *Guardian* Ruling In Connection With Class Plaintiffs' Motion For Reconsideration Of Order Denying Renewed Motion For Class Certification, (ii) request a hearing on the pending reconsideration motion, and (iii) request that the Court reserve deciding the motion until after the conclusion of the trial of Kaiser's claims in the related case scheduled for trial on February 22, 2009.

Since the Fall of last year, the landscape has changed materially in connection with this Court's position on aggregate proof. The decision of this court in *Guardian Life Ins. Co. of America v. Pfizer (In re Neurontin Mktg. & Sales Practices Litig.)*, 2010 U.S. Dist. LEXIS 1756, *84 (D. Mass. Jan. 8, 2010) ("*Guardian*") raises new issues of law citing new legal authorities which have not previously been addressed by the Class Plaintiffs. Accordingly, Class Plaintiffs hereby request an opportunity to address these issues, as well as Defendant's recent Notice of Supplemental Authority, through leave to file the attached brief and oral argument.

Plaintiffs also request that the Court refrain from determining Plaintiffs' reconsideration motion until after the conclusion of the Kaiser trial. First, given the short ten-day window within which parties must appeal to the First Circuit from a final decision entered in this Court, the parties would be prejudiced if they had to brief appellate issues while actively engaged in the trial of a related matter. Second, in October of 2009, this Court indicated that it may find the Kaiser trial elucidating, and further stated its willingness to consider additional hearings on Plaintiffs' motions for reconsideration of the denial of class certification. *See* October 15, 2009

2

Hearing Transcript ("Tr.") at 6:20 – 7:10 (stating in part, "I'm wondering whether I actually need an evidentiary hearing …"); Tr. at 59:9 – 10 ("I'm likely to do some sort of an expert hearing at some point on this…."); Tr. at 59: 12-16 (indicating the Court may want to have an opportunity for an evidentiary hearing of see how the Kaiser case goes).  Plaintiffs therefore respectfully request that the Court reserve its decision on Plaintiffs' reconsideration motion until after the Kaiser trial has been concluded.

Dated: February 8, 2010                                    Respectfully Submitted,

                By:     **/s/ Thomas M. Sobol**
                      Thomas M. Sobol
                      Edward Notargiacomo
                      Hagens Berman Sobol Shapiro LLP
                      55 Cambridge Parkway, Suite 301
                      Cambridge, MA 02142

*Plaintiffs' Liaison Counsel and Member of the Class Plaintiffs' Steering Committee*

                By:     **/s/Thomas Greene**
                      Thomas Greene, Esquire
                      Greene LLP
                      33 Broad Street, 5th Floor
                      Boston, MA 02110

                By:     **/s/Barry Himmelstein**
                      Barry Himmelstein, Esquire
                      Lieff Cabraser Heimann & Bernstein
                      Embarcadero Center West
                      275 Battery Street, 30th Floor
                      San Francisco, CA 94111-3339

                By:     **/s/Don Barrett**
                      Don Barrett, Esquire
                      Barrett Law Office
                      404 Court Square North
                      P.O. Box 987

        Lexington, MS 39095

By: **/s/Daniel Becnel, Jr.**
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By: **/s/James Dugan**
James R. Dugan, Esquire
Dugan & Browne, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

*Members of the Class Plaintiffs'*
*Steering Committee*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management #3 on February 8, 2010.

        /s/ Thomas M. Sobol