# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IRENE BARLOW, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| PFIZER, INC.; WARNER-LAMBERT | § | CIVIL ACTION NO.: A1:05CV175-SS |
| COMPANY, L.L.C., formerly known as | § | |
| WARNER-LAMBERT COMPANY, | § | |
| including its division PARKE-DAVIS, | § | |
| DR. JAY SEASTRUNK, M.D., | § | JURY REQUESTED |
| REHABILITATION STAFFING | § | |
| SERVICES, LTD., AND GERO- | § | |
| PSYCHIATRIC SERVICE | § | |
| OPPORTUNIT, | § | |
| Defendants. | § | |

## DEFENDANTS PFIZER INC. AND WARNER-LAMBERT COMPANY, L.L.C.'S INITIAL DISCLOSURE STATEMENT

Defendants Pfizer Inc. and Warner-Lambert Company, L.L.C.'s ("Defendants") make its initial disclosure pursuant to Fed.R.Civ.P. 26(a)(1) as follows.

These responses are made subject to all objections as to competence, materiality, relevance, or other objection as to admissibility that may apply in the event that any such response, or the information contained in it, is sought to be used in court. Defendants expressly reserve all such objections.

### Responses to Initial Disclosure

A.  Rule 26(a)(1)(A): The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

1

Discovery and investigation in this case have just begun. Therefore, based on the information reasonably available to it, Defendants are unable at the present time to identify all individuals, if any, who would have discoverable information that the Defendants may use to support their claims or defenses in the case, and the subjects of such information.

Subject to the foregoing and without waiver of any of Defendants' rights, the following individuals may have information that they may be able to use to support their claims and defenses in this case:

1. Plaintiff Irene Barlow.

2. Members of Plaintiff's family, including Plaintiff's husband.

3. Health care providers and treating physicians, including those who prescribed the drug at issue in this case, as well as other individuals holding relevant records regarding Ms. Barlow's claims. (See Exhibit A)

4. Pfizer employees and representatives who had any communications relating to Neurontin with, or were otherwise in contact relating to Neurontin with, the physician(s) who prescribed Neurontin to Plaintiff.

5. Any witness necessary to authenticate documents.

6. Any witness identified or disclosed by Plaintiff or a Co-Defendant.

To the extent any additional discovery and investigation may provide additional facts and legal contentions that may substantially alter these disclosures, Defendants reserve the right to amend without prejudice any and all disclosures herein consistent with these developments, including product identification, identifying other relevant witnesses and additional areas of information which support Defendants' defenses in this case and identifying additional individuals with discoverable information that may be used to support their claims or defenses in this case.

2

    B.    Rule 26(a)(1)(B): A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

As discovery and investigation in this matter is still relatively early, Defendants are unable at the present time, based on the information reasonably available, to identify all documents, compilations, and tangible things, if any, that Defendants may use to support claims or defenses in this case and the subject of such information.

Subject to the foregoing and without waiving any of Defendants' rights, Defendants direct Plaintiff to materials already produced and also submit the following list:

1. Medical records in the possession or control of Plaintiff, her attorneys or or health care providers.

2. The applicable package insert for the drug manufactured by Defendants at issue in this case.

3. Relevant documents contained in regulatory files, including the New Drug Application and Investigational New Drug Application.

4. Relevant documents contained in safety surveillance files, including adverse event reports.

5. Any document or tangible thing listed, disclosed, or produced by any other Co-Defendant, subject to any objections or other claims made by that Co-Defendant, and subject to any applicable confidentiality order.

To the extent any additional discovery and investigation may provide additional facts and legal contentions that may substantially alter these disclosures, Defendants reserve the right to amend without prejudice any and all disclosures herein consistent with these developments, including identifying additional areas of information, relevant documents, and tangible things which support its claims or defenses in this case.

Pursuant to Fed.R.Civ.P. 26(b)(5), Defendants object to disclosure or production of documents and materials generated during the course of this litigation that constitute attorney work product or that contain privileged attorney-client communications. These documents and materials may consist, among others, of communications or correspondence between counsel and Defendants, correspondence between counsel and consulting experts, and between Defendants and employees to facilitate the rendition of legal advice. These documents may be exempt from discovery pursuant to Fed. R. Civ. P. 26(b)(3), 26(b)(4)(B), and/or the applicable attorney-client and/or joint defense privilege.

Moreover, if Defendants identify certain documents that they believe contain trade secrets and other confidential research, development, or commercial information, such documents will be produced subject to an appropriate protective order.

C. **Rule 26(a)(1)(C) A computation of any category of damages claimed by the disclosing party.**

Not applicable.

D. **Rule 26(a)(1)(D) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendant is self-insured and has assets sufficient to satisfy any judgment that may be rendered in this matter.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,
A PROFESSIONAL CORPORATION**
P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

By: _____
Kenneth J. Ferguson
State Bar No. 06918100
Susan E. Burnett
State Bar No. 20648050
Jeffrey R. Lilly
State Bar No. 00787905

And

James P. Rouhandeh (admitted *pro hac vice*)
James E. Murray (admitted *pro hac vice*)
Deborah L. MacGregor (admitted *pro hac vice*)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY  10017
212.450.4000
212.450.3800 [Fax]

**ATTORNEYS FOR DEFENDANTS
PFIZER INC. and WARNER
LAMBERT COMPANY, L.L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 21st day of April, 2005:

***Via Hand Delivery***

Jack W. London
Law Offices of Jack W. London & Associates, P.C.
106 E. 6th Street, Suite 700
Austin, Texas 78701

Archie Carl Pierce
Wright & Greenhill, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701
**Attorneys for Plaintiff**