# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
In re:  NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION
---------------------------------------------------------------x
THIS DOCUMENT RELATES TO:

*Huberman v. Pfizer Inc, et al.*
Case No. 1:07-cv-11336-PBS

---------------------------------------------------------------x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**PROPOSED DOCUMENT**

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS CLAIMS OF PLAINTIFF ALLAN HUBERMAN

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), by counsel, respectfully submit this reply memorandum of law in support of their motion to dismiss the claims of Plaintiff Allan Huberman, or alternatively imposing other sanctions as the Court deems appropriate, based on his failure to comply with orders of this Court and his failure to respond to discovery.

Plaintiff's opposition provides no justifiable excuse for his failure to respond to discovery and failure to comply with this Court's discovery order. In fact, Plaintiff wholly fails to address this Court's January 4, 2010, Order compelling his responses to written discovery. Additionally, conspicuously absent from the Plaintiff's opposition is any excuse whatsoever – much less a reasonably justified excuse – that might explain why he failed to produce required discovery responses through discovery and disobeyed a Court order. Instead, he attempts to shift the focus away from his misconduct by suggesting, without supporting authority, "that, as the Defendants can not state any specific delay they have encountered by the delay in filing the discovery requests [sic], the Court [should] decline to dismiss the action." (Pl.'s Opposition to Mot. to Dismiss [2470] at ¶ 9.)

Initially, contrary to the Plaintiff's contentions, Defendants have suffered prejudice as a result of Plaintiff's failure to respond to discovery and comply with this Court's order.  Plaintiff's non-compliance has seriously hindered "Defendants' ability to plan, prepare for, and complete fact discovery before the January 29, 2010, fact discovery deadline." (Def.'s Memo. in Support of Mot. to Dismiss [2450] at 5.)  Of course, it is difficult for Defendants to specify the precise prejudice they have sustained based on documents and responses that were never received, or were received after the close of discovery.[1]  Further, many of Plaintiff's "responses" to the template discovery requests are mere objections, thus necessitating meet and confers, and possible further motion practice, regarding the scope of Plaintiff's responses and Defendants' requests, some of which this Court may have already addressed in its previous discovery orders.  These conferences should have occurred long before fact discovery closed, and not thereafter.  Furthermore, the fact that Defendants have been forced to expend time and resources[2] – towards filing the December 18, 2009, motion to compel and this motion for sanctions – establishes prejudice as a result of Plaintiff's discovery nonfeasance.

Dismissal is appropriate apart from consideration of whether prejudice resulted from Plaintiff's failure to comply with this Court's order.  As the First Circuit has explained, "disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus warrants dismissal)." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002).  Aside from any prejudice caused by the other party, dismissal as a sanction is available because,

---

[1] For example, prior to the close of fact discovery, Defendants would likely have sought to depose certain potential witnesses, who would have been disclosed through Plaintiff's interrogatory responses or his Rule 26 disclosures had they been provided during the proper timeframe.  In addition, Plaintiff's pharmacy records, which he only recently provided on February 2, 2010, after the close of fact discovery, would have been helpful in forming a discovery strategy because they contain key information about the medications Plaintiff was taking.  Plaintiff's failure to produce these documents is particularly egregious considering that, according to the records themselves, they were released to him in *November 2004*.

[2] As the Court is well aware, both time and resources are at a premium at this stage in the litigation, given the proximity to other approaching trial dates in the MDL in the coming months.

2

"[t]o manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management." *Id.*

Plaintiff's eleventh-hour attempt to comply with his discovery obligations is inadequate, and further is irrelevant to this motion. Even though his obligations under the Federal Rules of Civil Procedure, as well as this Court's order, provided insufficient motivation to prompt Plaintiff to meet his basic discovery responsibilities, now that a motion to dismiss has been filed and discovery has closed, he has finally submitted his initial disclosures, responses to the first set of requests for production, and his responses to the first set of interrogatories, which are now well over two years late.[3] As several courts have noted, however, a belated effort to comply with a discovery order – after a motion for sanctions has been filed – does not justify lessening the sanctions to be dispensed. *See, e.g., In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006) (holding that failure to produce required documents in discovery constitutes sufficient grounds for dismissal "whether or not there is belated compliance"). Furthermore, Plaintiff's belated discovery responses do nothing to mitigate the prejudice suffered by the Defendants because fact discovery closed in this case on January 29, 2010. In short, Plaintiff's after-the-fact, insufficient attempts to comply with discovery following this motion do not make dismissal as a sanction any less appropriate.[4] *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976)

---

[3] Defendants have not yet had sufficient time to analyze the sufficiency of Plaintiff's responses in full, but suspect them to be deficient, as noted above.

[4] Plaintiff's plea in his opposition – that the Court decide his case on its merits – is ironic, considering that his own opposition demonstrates that his claims would be barred by the applicable statute of limitations. According to his opposition, he alleges only "emotional distress and pain and suffering" because he felt "like rubber" when he took Neurontin "for an approximately [sic] six month period in 1998." (Pl.'s Opposition to Mot. to Dismiss [2470] at ¶¶ 1-3.) The statute of limitations for personal injury actions arising in tort in Massachusetts is three years after the cause of action accrues, which would have been 1998 according to Plaintiff. Mass. Gen. Laws ch. 260, § 2A. Plaintiff did not file his complaint until 2007, almost nine years later. To the extent the Court does not grant Defendants' motion, Defendants reserve the right to file a motion for summary judgment on these, and other, grounds.

(per curiam) (stating that, even though the offending party may be willing to "faithfully comply with all future discovery orders entered by the District Court," dismissal as a sanctions is still appropriate for violation of a discovery order and failing to response to interrogatories).

In addition to providing no sufficient explanation as to why his claims should not be dismissed, Plaintiff does not dispute Defendants' entitlement to expenses, including attorney's fees, under Federal Rules of Civil Procedure 37(a)(5)(A) and 37(b)(2)(C). Both of these provisions provide that, if the moving party prevails in its discovery motion, the court "must" order that the non-moving party or his counsel pay the moving party's reasonable expenses unless certain enumerated exceptions apply. Under Rule 37(a)(5)(A), the non-moving party "whose conduct necessitated the motion" to compel must pay the moving party's expenses if he cannot show one of three exceptions listed in subsections (i) to (iii) applies. Likewise, under Rule 37(b)(2)(C), a party against whom sanctions are ordered must pay the moving party's expenses in bringing the motion unless he can show "failure was substantially justified or other circumstances make an award of expenses unjust." Because Plaintiff has not even attempted to satisfy any of the exceptions, the default rule applies, and the Court "must" order that Defendants be compensated for their expenses incurred in bringing these two motions. *See* Fed. R. Civ. P. 36(b), advisory committee notes ("The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust.").

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's claims and/or impose other sanctions, and order payment of Defendants' expenses in bringing these motions.

Dated: February 8, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:   /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

-and-

WHITE AND WILLIAMS LLP

By:   /s/ David B. Chaffin
      David B. Chaffin

BBO # 549245
100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 8, 2010.

/s/ David B. Chaffin
David B. Chaffin

5