UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) MDL Docket No. 1629 ) ) Judge Patti B. Saris ) Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO: IRENE BARLOW 1:05CV175SS Western District of Texas | ) ) ) Civil Action No. 04-10981 ) ) ) |

**PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY FROM DEFENDANTS PFIZER, INC., AND WARNER LAMBERT COMPANY LLC, PARKE-DAVIS, A Division of Warner Lambert Company and WARNER LAMBERT COMPANY**

Plaintiff Irene Barlow moves the Court by this Amended Motion for an order compelling Defendant Parke-Davis / Warner-Lambert and its parent Pfizer, Inc. to produce discovery and to respond to interrogatories.

I.

On October 28, 2009, Plaintiff Irene Barlow submitted Interrogatories and Requests for Production to the Defendants.

II.

The object of such discovery is to enable Plaintiff to depose the sales representatives and to prepare for the depositions of prescribing doctors and of Mrs. Barlow as ordered by Magistrate Judge Sorokin (Document Number 2125).

III.

Defendants have produced no documents, information, or factual answers to those Interrogatories or to those Requests for Production, despite two extensions of time

solicited by counsel and agreed to by Plaintiffs' counsel. Defendants' duty to comply with Rule 26 disclosures has continued as to Mrs. Barlow for almost five years and it has not produced the information or records sought.

IV.

Plaintiff seeks only core discovery from Defendants consistent with what has been produced in other Neurontin product liability litigation in this Court and in the state court cases in New York. To the extent that Defendant refuses to produce discovery unless Plaintiff pays for such discovery, Plaintiff states that Defendant wrongly imposes conditions not supported by good cause or by motion, the burden of which is on Defendant.

V.

Plaintiff does not seek at this time or by this motion, and for the purposes of this motion specifically abates, discovery that would otherwise call for production of discovery from Defendants' marketing personnel at a level higher than employees and agents who had contact with her prescribing doctors or discovery of expert witnesses and reports.

VI.

Plaintiff incorporates herein the previously-submitted Memorandum (Document Number 2475) and the exhibits attached to her Declaration (Document Number 2476).

VII

**Request for Oral Argument**

Plaintiff respectfully requests oral argument on this Motion.

Wherefore, Premises Considered, Plaintiff Irene Barlow moves the Court to order Defendants to produce documents and information in response to her Requests for Production and to answer Interrogatories.

Respectfully submitted,

LAW OFFICES OF JACK W LONDON
3701 Bee Cave Rd., Suite 200
Austin, TX 78746
512-478-5858 (telephone)
512-479-5934 (facsimile)

By: _____
Jack W. London
State Bar No. 12512500

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, TX 78701
512-476-4600 (telephone)
512-476-5382 (facsimile)

ATTORNEYS FOR PLAINTIFF
IRENE BARLOW

CERTIFICATE OF GOOD FAITH

I hereby certify that I have conferred in good faith with counsel for Defendants concerning the issues presented in this motion and the parties have been unable to resolve the issues without the intervention of this Court.

Dated: February 9, 2010

By: _____
Jack W. London

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 9th day of February, 2010.

By: _____
Jack W. London