UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------x
                                                           :   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                               :
        SALES PRACTICES AND                                :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION                      :
                                                           :   Judge Patti B. Saris
-----------------------------------------------------------x
                                                           :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:                                  :
                                                           :
ALL PRODUCTS LIABILITY CASES                               :
                                                           :
-----------------------------------------------------------x
```

## PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM
## IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Products Liability Plaintiffs submit this memorandum in support of their motion for an order compelling discovery from Defendants Pfizer Inc., Parke-Davis, Warner-Lambert Company and Warner-Lambert Company LLC.  Plaintiffs' counsel believes that oral argument may assist the Court and wish to be heard.  Therefore, Plaintiffs' counsel respectfully requests a hearing on this motion, and Plaintiffs propose such argument be heard at the same time as such argument may be heard regarding Plaintiff Irene Barlow's pending motion (ECF Doc. # 2480) for similar relief which is now before this Court.

### ARGUMENT

Plaintiffs should not pay the costs associated with either inspection or production of the case-specific, sales representative custodial files to be disclosed as part of the "initial" discovery in this MDL.[1]  Throughout the entire Track 1 process in this MDL, Defendants produced for inspection the case-specific, sales representative custodial file documents responsive to

---

[1] Plaintiffs also join in support of Plaintiff Irene Barlow's pending motion (ECF Doc. # 2480) before this Court and join in the request for all relief sought by Plaintiff Barlow to be applicable to all MDL Plaintiffs.

Plaintiffs' requests. Now, Defendants have objected to providing the very same disclosure of such custodial file documents unless Plaintiffs agree to incur the costs associated with the review and production of these documents. Defendants' objection is without merit and should be rejected by the Court. Defendants should be required to provide responsive documents from the applicable case-specific sales representative files in each case within 30 days of this Court's order, or at a date certain to be decided by this Court.

At issue in particular is Plaintiffs' Request for Production, as set forth in each Plaintiff's case-specific discovery requests:

> **REQUEST FOR PRODUCTION NO. 4:** For each of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaison, identified in Request No. 3 as sales representatives and/or Territory Managers(s) calling upon Plaintiff's Healthcare Provider(s), please produce his/her entire custodial file, including but not limited to all personal notes, memoranda, calendar entries, computer entries, backgrounder documents, marketing information, and any other document concerning Neurontin and/or Gabapentin created, generated, edited by or in the possession or control of the identified sales representative.[2]

In response to this request for production, Defendants served an objection and indicated that "[i]f Plaintiff agrees to incur the costs associated with the review and production of these documents and materials," then they would be produced. Finkelstein Decl., Ex. B. To require Plaintiffs to incur costs of discovery would be inconsistent with the principles that are well known to the Court and are set out in the precedential case, *Zubulake v. UBS Warburg, LLC*, 217 F.R.D. 309 (S.D.N.Y. 2003). Defendants have never demonstrated a burden and inability to gain reasonable access to materials sought by Plaintiffs; consequently, there is no basis for Plaintiffs incurring the costs of production.

---

[2] Plaintiffs represented by Finkelstein & Partners served Requests for Production in each individual case. For purposes of this motion, Plaintiffs attach the specific requests in the case-specific action *Hargrove v. Pfizer Inc.*, as illustrative of the requests served for each case. Finkelstein Decl., Ex. A.

Additionally, since 2004, the parties' conduct has been governed by a discovery protocol, negotiated and agreed upon by the parties, wherein the receiving party in discovery does not bear costs to inspect documents, nor does the receiving party pay costs for the production of documents. Finkelstein Decl., Ex. C at 1. Knowing that this litigation would involve a high volume of both paper documents and electronic data, the parties reached agreement on the format of production and costs associated with it.[3] In this regard, the agreement provides that unless the documents at issue had already been collected as paper documents prior to the start of the litigation, the producing party "agrees to make available such documents for inspection in electronic format. The documents will be provided on either disk or hard drive, with the receiving party responsible for the cost of the disk or hard drive." *Id*. Applying this language to the parties' conduct since 2004, the producing party has borne the costs of their discovery production (e.g., costs for collection, review, redaction, etc.). Importantly, the parties' conduct in utilizing disks or hard drives has enabled the producing party to avoid the costs of maintaining an "old-school" document depository.[4]

Now, having retained their third national counsel (Skadden Arps), Defendants seek to disturb the conduct governed by this longstanding agreement on which Plaintiffs have relied and honored. This Court has entertained joint discovery proposals regarding "initial" discovery in

---

[3] The parties' 2004 agreement was entered before any of Products Liability Plaintiffs' cases were transferred to the MDL. The agreement encompassed all cases — state or federal — that had been brought by Finkelstein & Partners at the time. *See* Declaration of Keith Altman dated October 15, 2009, Finkelstein Decl., Ex. D. Defendants' attempt to place costs upon Plaintiffs' shoulders has already been rejected by the Hon. Marcy Friedman, on October 19, 2009, in the New York Coordinated Litigation about which this Court is already aware. In the Coordinated Litigation, the parties are engaged in five pilot cases, similar to this MDL's previous Track 1 process, and for those cases, the Court denied Defendants' request to have Plaintiffs shoulder the costs of discovery.

[4] To the extent the Court orders a departure from the 2004 agreement, then Plaintiffs may seek to inspect paper documents at such a depository, the costs for which would be borne by Defendants. After inspection, Plaintiffs would seek copies of certain documents in the depository. Plaintiffs would be responsible for the costs of copying those requested materials. For example, in the past, Plaintiffs copied at their own expense approximately 500,000 pages of materials and provided a copy to Defendants at no cost. Meanwhile, electronic documents (e.g., emails and attachments) can still be provided to Plaintiffs on disks or hard drives and would not be part of a depository.

the MDL cases, as well as a conference on October 5, 2009, and at no time did Defendants raise this cost issue. The parties submitted a joint discovery proposal (ECF Doc. # 2169) and a Joint Status Report (ECF Doc. # 2187) related to case-specific discovery, and Defendants never raised this cost issue. At no time since the inception of this litigation has the producing party imposed costs on the receiving party for inspection or production.[5] There is no reasonable basis to depart from the conduct at this late juncture.

The Defendants have not demonstrated that Plaintiffs should bear costs for either inspection or production of requested discovery. The parties reached agreement in 2004 that discovery in this litigation would be in an electronic format, wherever possible. Additionally, the parties' conduct since 2004 has been that the producing party bear the costs of production of discovery. Cost allocation by the parties is an issue put to bed four years ago and the parties have been working under an agreement governing the conduct that Defendants now seek to change.[6]

Should the Court choose to depart from the parties' longstanding, agreed upon conduct regarding discovery in this case, the Court should look to *Zubulake* for guidance as to whether Defendants should bear the costs of production that Plaintiffs seek. To this point in time, Defendants have made no showing that the *Zubulake* factors would result in Plaintiffs paying costs for discovery. Therefore, the Court should rule that Defendants should bear the cost of providing discovery for <u>inspection</u> and <u>production</u>.

---

[5] The only costs borne by the requesting party were for copying materials the producing party already had available for review before the litigation. For example, Plaintiffs traveled to Pfizer's facility in Michigan where Plaintiffs inspected volumes of paper documents at no cost, but did in fact bear costs to copy documents.

[6] As part of this Court's discovery schedule, the Court held several conferences where the parties negotiated and collaborated over issues of scope, scheduling, and selection of five pilot cases. These conferences (live or via phone) resulted in several orders governing the outstanding issues raised by the parties.

Dated: February 10, 2010

Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By:   **/s/ Andrew G. Finkelstein**
      Andrew G. Finkelstein, Esquire
      Finkelstein & Partners, LLP
      1279 Route 300, P.O. Box 1111
      Newburgh, NY  12551

By:   **/s/ Jack W. London**
      Jack W. London, Esquire
      Law Offices of Jack W. London
       & Associates
      3701 Bee Cave Road, Suite 200
      Austin, TX  78746

## CERTIFICATE OF SERVICE

    I certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on February 10, 2010

Dated: February 10, 2010

        **/s/ Andrew G. Finkelstein**
        Andrew G. Finkelstein