EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | )<br>)MDL Docket No. 1629<br>)<br>)Judge Patti B. Saris<br>) Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>Johnnie Hargrove | )<br>)<br>)Civil Action No. 05-11034<br>) |

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND OTHER THINGS TO DEFENDANTS PFIZER, INC., WARNER LAMBERT COMPANY LLC, PARKE-DAVIS, A Division of Warner Lambert Company, and WARNER LAMBERT COMPANY**

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs request that the Defendants produce each of the documents and other things, including writings, drawings, graphs, charts, photographs, electronically created data, and other compilations of data from which information can be obtained, set forth below. The documents and other things shall be produced for inspection and copying at Finkelstein & Partners, LLP, 1279 Route 300, Box 1111, Newburgh, NY 12551, within thirty (30) days after service of these requests, or at such other time as ordered by the Court.

### INSTRUCTIONS

1.    Each Request refers to documents in the custody, control, and possession of Defendant, or known to Defendant, as well as in the custody, control, and possession of or known to Defendant's counsel, representatives, agents, servants, investigators, and consultants, and unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators and consultants.

2.    If any requested document is unavailable, because it was lost or destroyed by Defendant or its agents, or for any other reason, the defendant shall, after fully identifying the document, state:

    (a)    When and where it was destroyed, or why it is otherwise unavailable;
    (b)    The name and address of each person who destroyed it;
    (c)    The name and address of each person who directed, approved, or knew of its destruction; and,
    (d)    The name and address of each person who has knowledge of such document.

3.    If there is a claim of privilege with respect to any document requested, the defendant shall:

    (a)    Identify in its Answer each document for which a privilege is claimed;

    (b)    A description of the document;

    (c)    The date of the document;

    (d)    The names of the addressees and addressors;

    (e)    The identity and address of every person to whom a copy was given or communicated;

    (f)    The general subject matter of the document;

    (g)    A statement of the facts constituting the basis for any claim of privilege; and,

    (h)    The specific basis on which the privilege is claimed.

4.    If you cannot produce documents for any other reason, respond to the extent possible, stating your reasons for your inability to respond in full.

5.    Identify by date, title, author, recipient, subject, bates number and page length, each and every document responsive to this request, but not produced pursuant to a claim of privilege or a claim that the materials requested constitute non-discoverable trial preparation materials and/or any other reason, and specify why the document is being withheld from production.

6.    When producing documents, if maintained in an electronic format or presently in an electronic format, these shall be produced in electronic format. This includes producing documents that were provided to outside entities, outside persons or internally in electronic format. Electronic information should be produced commonly available PC format such as Microsoft Office Suite. If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained. For example, databases should be produced in either Microsoft Assess format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft PowerPoint or comparable format. Because of variables which may exist in electronic production, we remain willing to and specifically request a "meet and confer" take place to work out the protocols and variables between those responsible for electronic production and a representative of the Plaintiffs.

7.    To the extent the Defendants elect to refer Plaintiff to specific documents in lieu of responding to any request, please attach a copy of the documents referenced to your responses and/or cite the specific bates numbers of such documents if they have already been selected by Plaintiff in discovery and a copy provided to the Plaintiff by Defendants.

8.    These Requests shall be deemed continuing, to the full extent required or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when Defendant obtains access, custody, possession or control of any document not previously produced, which is responsive to any of these Requests.

9.     Unless otherwise set forth the relevant time is from the beginning of time until the present.

## DEFINITIONS

1.     "Defendant", "You" and "Your" refers to every corporation, person, agent or entity upon which Plaintiffs serve these discovery requests, (including, but not limited to, every manufacturer, marketer, distributor or developer of Gabapentin and/or Neurontin. "Defendant", "You" and "Your" includes every predecessor in interest of each such company, each of its successors in interest, and every company affiliated with each such company by common ownership or control.

2.     As used throughout this Request for Production of Documents, the term "Document" or any similar term refers in the broadest possible sense meaning anything which may be considered to be a document and includes, without limitations, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereof.   This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings. Without limiting the generality of the foregoing, the term "Document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra office communication, questionnaires, surveys, charts, graph, photographs, recordings, tapes, back-up tapes, discs, data cells, printouts, all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in back-up or legacy data formats, wherever found or maintained, including all servers, hard drives, lap tops, and firewalls.

3.   As used throughout this Request for Production of Documents, the term "Plaintiff" refers to the individual referenced in Plaintiff's complaint who has alleged to have been prescribed and ingested Neurontin and/or Gabapentin.

4.     As used throughout this Request for Production of Documents, the term "Prescribing Health Care Provider(s)" refers to person(s) or entity(ies) who prescribed or dispensed Gabapentin and/or Neurontin.   This term is used interchangeably with the term "Prescribing Physician(s)."

## REQUEST FOR PRODUCTION

3

**REQUEST FOR PRODUCTION NO. 1:**  Please produce any and all documents referring or relating to Plaintiff, including, but not limited to all medical records, medical bills, or medical evidence relating to the Plaintiff in the possession of the Defendants, their experts or agents.

**REQUEST FOR PRODUCTION NO. 2:**  Please produce each "Medical Communications Letter", "Dear Doctor" or "Dear Health Care Provider" letter that you contend was sent to Plaintiff's Health Care Provider(s).  In addition, please produce the data from Defendants' database, if any, or documents that demonstrate that the letter(s) were sent.

**REQUEST FOR PRODUCTION NO. 3:**  For each of Plaintiff's Healthcare Providers that were visited, "detailed", and or called upon by Defendants' sales representative(s) and or Territory Manager(s), and Medical Liason(s), please produce all documents that identify the name, last known address and telephone number of said individual(s); all documents that identify the dates of such contact; and that reflect the current relationship, if any, between Defendants and the sales representative(s) and/or Territory Manager(s), and Medical Liaison.

**REQUEST FOR PRODUCTION NO. 4:**  For each of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaison, identified in Request No.3 as sales representatives and/or Territory Managers(s) calling upon Plaintiff's Healthcare Provider(s), please produce his/her entire custodial file, including but not limited to all personal notes, memoranda, calendar entries, computer entries, backgrounder documents, marketing information, and any other document concerning Neurontin and/or Gabapentin created, generated, edited by or in the possession or control of the identified sales representative.

**REQUEST FOR PRODUCTION NO. 5:**  Please produce all sales call notes and sample data for each person identified in Response No. 3 as Defendant's sales representative or Territory Manager in an electronic and paper format that includes all necessary information for the witnesses to identify the authenticity of the information provided.

**REQUEST FOR PRODUCTION NO. 6:**  For each of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaison, if any, identified in Request No.3, please produce any and all documents, including journal articles, informational material or promotional information, that the sales representative(s) and/or Territory Manager(s), and Medical Liaison, distributed to or discussed.

**REQUEST FOR PRODUCTION NO. 7:**  For each of Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No. 3, please produce any and all documents relating to whether he/she is or has been investigated or reprimanded for his/her marketing practices by either Defendant or some other governmental agency.

**REQUEST FOR PRODUCTION NO. 8:**  For each of Plaintiff's Healthcare Provider(s), please produce any and all documents relating to whether Defendant or its representatives ever provided him or her (or anyone in their practice) Neurontin samples; the number or sample packets provided and the dosages provided; the dates that they were shipped and/ or provided; the lot numbers for the samples provided on each date identified; and the identity of the person

4

or persons who provided the samples; and provide a copy of the packaging and package inserts, if any, that correspond to the samples that were provided.

**REQUEST FOR PRODUCTION NO. 9:** If you have ever retained any of Plaintiff's Healthcare Providers as an "opinion leader," a member of Defendant's Visiting Speakers Bureau or similar program, or a consultant in any other capacity on the subject of Neurontin or the risks of Neurontin usage, please produce any and all documents that identify the heath care provider; the dates they were affiliated with Defendant; the amount of money Defendant paid in expenses, honoraria and fees, per calendar year to Plaintiff's Healthcare Provider; and all consulting agreements and contracts.

**REQUEST FOR PRODUCTION NO. 10:** Please produce any and all documents relating to whether Plaintiff's Healthcare Provider(s) were ever invited to attend and/or did in fact attend any Defendant sponsored conferences or events; the title, location and date of the conferences or events attended; the topic of the conferences or events; all speakers at the conferences or events; and the agenda/brochure for the conferences or events.

**REQUEST FOR PRODUCTION NO. 11:** Please produce any and all documents relating to whether Plaintiff's Healthcare Provider(s) ever contacted you to request information concerning Neurontin, its indications, its effects and/or its risks.

**REQUEST FOR PRODUCTION NO. 12:** Please produce any and all documents relating to whether Defendant currently has or previously had access to any database or information which purports to track any of Plaintiff's Prescribing Healthcare Provider's prescribing practices with respect to Neurontin (including, but not limited to the product(s) prescribed, the number or prescriptions, the number of refills and the time frame when these products were prescribed or filled).

**REQUEST FOR PRODUCTION NO. 13:** If you have been contacted by Plaintiff, any of her Prescribing or Non-Prescribing Healthcare providers, or anyone (except Plaintiff's Counsel) on behalf of Plaintiff concerning Plaintiff, please produce any and all documentation that references the name of the person(s)who contacted you; the person(s) who were contacted including their name, address and telephone number; and which reflect any communication between any person and you concerning Plaintiff.

**REQUEST FOR PRODUCTION NO. 14:** Please produce a copy of any MedWatch form which refers or relates to Plaintiff, including back-up documentation concerning Plaintiff and any evaluation you did concerning the Plaintiff.

**REQUEST FOR PRODUCTION NO. 15:** Please produce a copy of any advertisements for Neurontin used in the Media Market where Plaintiff lived at the time that he was prescribed Neurontin.

**REQUEST FOR PRODUCTION NO. 16:** For each advertisement produced in response to Request No. 15, please produce any and all documents that identify the media outlet, the dates that the advertisements ran, and the cost of the ad campaign.

5

**REQUEST FOR PRODUCTION NO. 17:** Please produce a copy of any advertisements for Neurontin used in the Media Market that Plaintiff's Prescribing Physician(s) office was located at the time that Plaintiff was prescribed Neurontin.

**REQUEST FOR PRODUCTION NO. 18:** For each advertisement produced in response to Request No. 17, please produce any and all documents that identify the media outlet, the dates that the advertisements ran, and the cost of the ad campaign.

**REQUEST FOR PRODUCTION NO. 19:** For each advertisement produced in response to Requests Nos. 15 & 17, please produce any and all documents relating to the development of these advertisements, including but not limited to any market research, focus group reports, impact or message testing, consumer surveys, internal correspondences and any reports or correspondences from any advertising agency or other third party involved in the development of all responsive advertisements.

**REQUEST FOR PRODUCTION NO. 20:** Please produce any document which relates to or refers to Plaintiff.

**REQUEST FOR PRODUCTION NO. 21:** Please produce any document sent to or received from any of Plaintiff's Prescribing Physician(s).

**REQUEST FOR PRODUCTION NO. 22:** Please produce any document reflecting any actual communication between you and Plaintiff's Healthcare Provider concerning the risks and benefits associated with Neurontin.

**REQUEST FOR PRODUCTION NO. 23:** Please produce any document which purports to describe the prescribing practices of any of Plaintiff's Prescribing Physician(s).

**REQUEST FOR PRODUCTION NO. 24:** Please produce all documents relating to suicidality and Neurontin that were created by, edited by, reviewed by or in the possession of each person identified in response to Interrogatory No. 16 of Plaintiffs' Interrogatories.

**REQUEST FOR PRODUCTION NO. 25:** Please produce all documents relating to suicidality and Neurontin that were created by, edited by, reviewed by or in the possession of each person identified in response to Interrogatory No. 17 of Plaintiffs' Interrogatories.

**REQUEST FOR PRODUCTION NO. 26:** Please produce a copy of all agreements, indemnification agreements, contracts, consulting agreements, letters of agreement, clinical investigator agreements, speaking contracts, research contracts, and other express understandings (whether written or verbal) between you and any of the Plaintiff's Prescribing Physician(s), and produce any and all documents that evidence or refer or relate to any such understandings entered into or discussed between or among each of you.

**REQUEST FOR PRODUCTION NO. 27:** Please produce a copy of all agreements, indemnification agreements, contracts, consulting agreements, letters of agreement, clinical

investigator agreements, speaking contracts, Visiting Speaker's Bureau agreements, research contracts, and other express understandings (whether written or verbal) between you and any of the Plaintiff's Treating Physician(s), and produce any and all documents that evidence or refer or relate to any such understandings entered into or discussed between or among each of you.

**REQUEST FOR PRODUCTION NO. 28:** Please produce all documents relating to any item of compensation, gifts, present, magazine, book, reprint, food or beverage item, blank check, money order, event or travel coupon or ticket, travel voucher, golf fees, travel bag, clothing item, clock, notepad, soap dispenser, umbrella, sporting equipment, writing implement, promotional item, invitation to event, invitation to lunch or dinner, invitation to any conference, and/or any other item of any value given at any time by Defendant or paid for by Defendants for the Plaintiff's Healthcare provider(s) or their immediate families.

**REQUEST FOR PRODUCTION NO. 29:** Please produce all documents relating to any item of compensation, gifts, present, magazine, book, reprint, food or beverage item, blank check, money order, event or travel coupon or ticket, travel voucher, golf fees, travel bag, clothing item, clock, notepad, soap dispenser, umbrella, sporting equipment, writing implement, promotional item, invitation to event, invitation to lunch or dinner, invitation to any conference, and/or any other item of any value given at any time by Defendant or paid for by Defendants for the Plaintiff's Healthcare Provider(s) or their immediate families.

**REQUEST FOR PRODUCTION NO. 30:** Please produce any and all documents containing information obtained by the Defendants regarding Plaintiff and/or any member of Plaintiff's immediate family including, but not limited to the following:

1. All medical records, laboratory results, toxicology/pathology results, or any medical evidence in Defendants' possession relating to the Plaintiff;
2. Any surveillance documents, data, videotapes or information;
3. Any information relating to Plaintiff's employment or the employment of Plaintiff's spouse or immediate family;
4. Statements, interviews, discussions or communications with Plaintiff, Plaintiff's family, Plaintiff's employers or work colleagues or any of Plaintiff's friends;
5. Statements, interviews, discussions or communications with Plaintiff's Prescribing Physician(s) or any attorney representing Plaintiff's Prescribing Physician(s);
6. Statements, interviews, discussions or communications with Plaintiff's Treating Physician(s) or any attorney representing Plaintiff's Treating Physician(s).

**REQUEST FOR PRODUCTION NO. 31:** Please produce any and all written communications between you and the Plaintiff in this particular case, including notes of any telephone conversations or any documentation of contact between the Plaintiff and the Defendants.

**REQUEST FOR PRODUCTION NO. 32:** Please produce any and all documents relating to whether Plaintiff's Treating Physician(s) were ever invited to attend and/or did in fact attend any Defendant sponsored conferences or events; the title, location and date of the conferences or events attended; the topic of the conferences or events; all speakers at the conferences or events;

7

and the agenda/brochure for the conferences or events; and any slides, handouts, invitations, and notes of presentations from any such events.

**REQUEST FOR PRODUCTION NO. 33:** For all persons retained by Defendants as an expert in this case as well as all consulting expert witnesses, whose opinions are reviewed or relied upon by one of Defendants' expert witnesses, please produce the following:.

1. A current Curriculum vitae or resume and bibliography;
2. All correspondence or communication between Defendants and such expert;
3. A copy of all prior testimony, court testimony or depositions in which such expert provided any expert opinions or testimony in any litigation;
4. A copy of all expert reports created by such expert in any litigation;
5. A copy of all published medical or scientific articles reviewed by such expert in connection with this litigation;
6. A copy of every document, material, calculation, memorandum or note reviewed for the purpose of forming any opinion in this case and identify which of such documents were relied upon for the purpose of forming any opinion in this case;
7. All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;
8. All receipts, billing, invoices, cancelled checks, or any record of payment from Defendants to such expert for services in the entire hormone therapy litigation;
9. All billing records, invoices and receipts which evidence payments made by any Defendant to such expert for services in this specific case.

**REQUEST FOR PRODUCTION NO. 34:** Please produce all letters, correspondence, agreements and communication regarding indemnification for Plaintiff's Prescribing Physician(s) related to Neurontin litigation.

**REQUEST FOR PRODUCTION NO. 35:** Please produce all leave-behind materials, directed to physicians, ever presented to Plaintiff's Prescribing Physician(s) related to Neurontin.

**REQUEST FOR PRODUCTION NO. 36:** Please produce all leave-behind materials directed to patients ever presented to Plaintiff's Prescribing Physician(s) related to Neurontin.

**REQUEST FOR PRODUCTION NO. 37:** Please produce the entire employment file (redacting any wage, benefit or salary information) for each of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaisons identified in Request No.3.

**REQUEST FOR PRODUCTION NO. 38:** Please produce all training manuals and materials for each of Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No.3.

**REQUEST FOR PRODUCTION NO. 39:** Please produce all continuing education materials provided to each of Defendant's sales representatives and/or Territory Manager(s), and Medical Liaisons identified in Request No. 3.

**REQUEST FOR PRODUCTION NO. 40:** Please produce all third party materials provided to each of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaisons identified in Request No.3.

**REQUEST FOR PRODUCTION NO. 41:** Please produce the script of all sales representative and/or Territory Manager "voice mails", if any, left relating to sales training and information provided to each of Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No.3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

**REQUEST FOR PRODUCTION NO. 42:** Please produce all comparison sheets used in comparing Defendants' Neurontin to other pharmaceutical products provided to each of Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No.3.

**REQUEST FOR PRODUCTION NO. 43:** Please produce all "Q&A" responses to published studies provided to each of Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No.3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

**REQUEST FOR PRODUCTION NO. 44:** Please produce all "Q&A" responses to published studies provided to any sales representatives and/or Territory Managers identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

**REQUEST FOR PRODUCTION NO. 45:** Any and all documents relating to Defendants' gross and net sales of Neurontin for each year corresponding to when Plaintiff was prescribed Neurontin.

**REQUEST FOR PRODUCTION NO. 46:** For each District Manager (or equivalent), if any, who supervised the Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No.3 as sales representatives and/or Territory Managers(s) calling upon Plaintiff's Prescribing Physician(s), please produce his/her entire custodial file, including but not limited to all personal notes, memoranda, calendar entries, computer entries, backgrounder documents, marketing information, and any other document concerning Neurontin and/or Gabapentin created, generated, edited by or in the possession or control of the identified sales representative.

**REQUEST FOR PRODUCTION NO. 47:** For each District Manager (or equivalent), if any, who supervised the Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No.3 as sales representatives and/or Territory Managers(s) calling upon Plaintiff's Prescribing Physician(s), please produce the field coaching guide(s) or manual(s) applying to this supervision.

**REQUEST FOR PRODUCTION NO. 48:** Produce data that purports to track any of Plaintiff's prescribing healthcare provider's prescribing practices with respect to Neurontin (including, but

9

not limited to the number of prescriptions, the number of refills, and the timeframe when these products were prescribed or (re)filled. (e.g., IMS data).

Dated: November 30, 2009

/s/ Kenneth B. Fromson
Kenneth B. Fromson, Esq.
Finkelstein & Partners, LLP
1279 Route 300, Box 1111
Newburgh, NY 12551
(845) 562-0203 x 2755

To:

Mark Cheffo, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

*Counsel for Pfizer Defendants*

10