EXHIBIT C

The following will set forth the general agreement of the parties regarding the production of documents, both in hard copy and in electronic format, in the actions consolidated as In re Neurontin (04 CV 6704) and the actions listed in Attachment A to this agreement (the "Actions").

1. **Documents in hard copy:** With respect to documents that, as of the filing of the first of the Actions, had already been collected and copied, such documents, if discoverable, will be made available for inspection in hard copy. The parties agree to meet and confer regarding whether such documents should be scanned into electronic format. With respect to documents that are collected by either party in order to respond to a discovery request in these Actions, that party agrees to make available such documents for inspection in electronic format. The documents will be provided on either disk or hard drive, with the receiving party responsible for the cost of the disk or hard drive.

2. **Documents in hard copy that have been previously scanned:** The parties agree that documents that have been previously scanned and that are in TIFF format will be produced in that format.

3. **Electronic Documents (other than databases):** The parties agree that documents in electronic format will be produced in Group IV TIFF format and ASCII Text. The producing party will agree to consider in good faith a request to produce specific electronic documents in their native format where it is necessary for review of the electronic documents (e.g., documents in Microsoft Excel format).

4. **Databases:** The parties agree that databases or portions of databases that are discoverable shall be produced as databases, or in a format that may be loaded into a database. Once a party identifies a database or portion of a database that is discoverable, that party agrees to inform the other party – before any conversion of the database is prepared – that such a database has been identified. The parties agree to meet and confer regarding the appropriate format for the production of that database or portion thereof, and agree that the Microsoft Access or Oracle database formats are acceptable default formats.

5. Notwithstanding any provision set forth above, any party may apply to the Court for relief, but only after first meeting and conferring in good faith with the other party to resolve any dispute, and after giving sufficient notice to be heard.

Agreed to on the 29th day of November, 2004.

_____
Finkelstein & PARTNERS
436 Robinson Avenue
Newburgh, NY 12550
(845) 562-0203
Counsel for Plaintiffs

_____
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
Counsel for Defendants

Attachment A

1. Avrill C. Aronson, as Personal Representative of the Estate of Rhonda Hilda Cohen, Deceased v. Pfizer Inc., Parke-Davis, Warner-Lambert Company and Warner-Lambert Co. LLC (04-111907)

2. Joy Dodson, an Infant by her Mother and Natural Guardian, Tammy Dodson, and Tammy Dodson, Individually v. Pfizer Inc., Parke-Davis, Warner-Lambert Co., and Warner-Lambert Co. LLC (114028/04)

3. Patti Paulsen, as Administratix of the Estate of Frederic L. Paulson, deceased, v. Pfizer Inc., Parke-Davis, Warner-Lambert Co. LLC, and Warner-Lambert Co. (04 CV 8464)

4. Timothy P. Scott, as Administrator of the Estate of Ellem Marie Capune v. Pfizer Inc., Parke-Davis, Warner-Lambert Co. and Warner-Lambert Co. LLC (04-7096)

5. Monica Smith, as Administratix of the Estate of Kenneth Christopher Smith, Deceased, v. Pfizer Inc., Parke-Davis, Warner-Lambert Co. LLC, and Warner-Lambert Co. (111431/04)

6. Rosalie Sumait et al, Individually and as successors in interest to state of Manuel Sumait v. Pfizer Inc, Parke-Davis, Warner-Lambert Co., and Warner-Lambert Co. LLC (04 CV 8719)

7. Young v. Pfizer Inc, Parke-Davis, and Warner-Lambert (04 CV 6609)

8. Nicolette Crone et al. v. Pfizer Inc, Parke-Davis, Warner-Lambert Co., & Raymond Jennings, M.D., and Does 1-100 (CV-400432)