UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:   NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 <br> Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: <br> THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Judge Patti B. Saris <br> Magistrate Judge Leo T. Sorokin |

### DEFENDANTS' OPPOSITION TO PLAINTIFF KAISER'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR CONTINUED DEPOSITION OF DR. NICOLAS WIEDER AND ADDITIONAL RELIEF

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this Opposition to Plaintiff Kaiser's Motion for Leave to File Response to Defendants' Objection to Magistrate Judge's Order Denying Motion for Continued Deposition of Dr. Nicolas Wieder and Additional Relief [2481].

### ARGUMENT

Kaiser seeks leave of court to file a memorandum in which it characterizes Defendants' objection to the Magistrate Judge's denial of Pfizer's motion for a continued deposition of Dr. Nicolas Wieder as a "pedestrian discovery motion" and "minor discovery dispute." However, there could be no greater demonstration of the significance of this dispute and Kaiser's lack of candor with this Court than its actions taken no more than two days after its motion for leave was filed.

Between Tuesday, February 9, and Thursday, February 11, the following articles, articles that expose Kaiser's allegations in this lawsuit as a sham, had disappeared from Kaiser's website:

- An article entitled "Anticonvulsants for chronic pain," in which Kaiser represented that "gabapentin and pregabalin are the only drugs that have proved to relieve some types of chronic pain." (Cheffo Decl. Ex. D [2472-4] at 11; *id.* Ex. C [2472-3] at 22, 23.)
- An article entitled "Anticonvulsants for chronic low back pain," in which Kaiser represented that "[a]nticonvulsants [including Neurontin] can reduce some persistent

low back pain with fewer side effects than tricyclic antidepressants" and that "[t]he anticonvulsant gabapentin may be your best bet for safely treating chronic pain because it is not used by the body in the same way as many other medicines." (Cheffo Decl. Ex. D [2472-4] at 16; *id.* Ex. C [2472-3] at 34.)

- An article entitled "Anticonvulsants for cancer pain," in which Kaiser represented that "[a]nticonvulsants [including Neurontin] control cancer pain by changing the way sodium and calcium travel across the surface of nerve cells in the brain. The nerve cells send fewer signals, and the brain senses less pain"; and that "[a]nticonvulstants help reduce pain related to the nervous system (neuropathic pain)"; and that "[s]ome have fewer side effects than tricyclic antidepressants." (Cheffo Decl. Ex. D [2472-4] at 14; *id.* Ex. C [2472-3] at 25.)

- An article entitled "Gabapentin for hot flashes," in which Kaiser represented that "[i]n addition to seizure control, gabapentin is also commonly used to treat chronic pain, migraine headache, panic disorder, and social phobia." (Cheffo Decl. Ex. D [2472-4] at 9; *id.* Ex. C [2472-3] at 10.)

- An article on "Headache, Cluster," in which Kaiser represented that "[r]esearchers are studying the antiseizure (antiepileptic) drug gabapentin for the treatment of cluster headaches." The article was replaced with an article that does not reference gabapentin. Significantly, the vanished article had stated: "Initial results have demonstrated gabapentin to be an effective treatment for individuals with cluster headaches." (Cheffo Decl. Ex. C [2472-3] at 13, 17.)

- An article on "Anticonvulsants for restless legs syndrome," in which Kaiser stated that "Gabapentin can help people with restless legs syndrome. It is sometimes used when symptoms are severe and can be used in combination with other drugs." (Cheffo Decl. Ex. D [2472-4] at 7; *id.* Ex. C [2472-3] at 2.)

- An article on "Primary Orthostatic Tremor" in which Kaiser represented that "[s]ome affected individuals responded favorably after being treated with an anti-seizure (anticonvulsant) drug called gabapentin (Neurontin)." (Cheffo Decl. Ex. C [2472-3] at 4, 6.)

- An article on "Burning Mouth Syndrome," in which Kaiser represented that "[m]edications designed to reduce pain, or the perception of pain, include … gabapentin (Neurontin) at bedtime." (Cheffo Decl. Ex. C [2472-3] at 28, 30.)

Other articles were also removed or altered.

Conspicuously absent from either Kaiser's motion or its proposed response is any mention of its intent to remove these articles from its website. This cannot be dismissed as a mere oversight. By its motion, Pfizer seeks to complete a deposition during which Kaiser's counsel made completely improper objections so as to preclude Pfizer's counsel from asking a

2

Kaiser Permanente physician – someone whose declaration Kaiser relied upon to survive Defendants' motion for summary judgment – about Kaiser's multiple representations regarding Neurontin, through real-time interaction with Kaiser's live website. Rather than risk an adverse ruling from this Court compelling Dr. Wieder to appear and respond to such questioning, Kaiser took the expedient of removing the pages from its website. Surely, this was a fact worth mentioning. Pfizer will, by separate motion, address the potential prejudice that Kaiser's actions have caused it in connection with the upcoming trial. However, for purpose of the instant motion, Kaiser's lack of candor with the Court should not be rewarded by allowing it to file a response that withholds relevant information; more specifically, its intent to remove pages from the website

## CONCLUSION

For all of the forgoing reasons, Kaiser's Motion for Leave to File Response to Defendants' Objection to Magistrate Judge's Order Denying Motion for Continued Deposition of Dr. Nicolas Wieder and Additional Relief should be denied. Pfizer asks that its objections to the Magistrate Judge's order be sustained and its motion for the continued deposition of Dr. Wieder be granted. In addition, Kaiser should be ordered to demonstrate that the source files of the removed website pages have been retained in their native format and to provide whatever technical assistance is required so that Pfizer's counsel is able to depose Dr. Wieder in the manner attempted on January 12, 2010.

Dated: February 14, 2010                     Respectfully submitted,

                SKADDEN, ARPS, SLATE, MEAGHER
                  & FLOM LLP

                By: /s/ Mark S. Cheffo
                  Mark S. Cheffo
                  /s/ Katherine F. Arthur
                  Katherine F. Arthur

                Four Times Square
                New York, NY 10036
                Tel: (212) 735-3000
                Email: Mark.Cheffo@skadden.com
                Email: Katherine.Arthur@skadden.com

                SKADDEN, ARPS, SLATE, MEAGHER
                  & FLOM LLP

                By: /s/ Raoul D. Kennedy
                Raoul D. Kennedy

                Four Embarcadero Center
                San Francisco CA 94111
                Tel: (415) 984-6400
                Email:Raoul.Kennedy@skadden.com

                 -and-

                WHEELER TRIGG O'DONNELL LLP

                By: /s/ James E. Hooper
                James E. Hooper

                1801 California Street
                Suite 3600
                Denver, CO 80202-2617
                Tel: (303) 244-1800
                Email: hooper@wtotrial.com

                *Attorneys for Defendants Pfizer Inc and*
                *Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 14, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo