# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
In re: NEURONTIN MARKETING, SALES : MDL Docket No. 1629
PRACTICES AND PRODUCTS :
LIABILITY LITIGATION :
: Master File No. 04-10981
------------------------------------------------------------x
THIS DOCUMENT RELATES TO: : Judge Patti B. Saris
:
*Dorsey v. Pfizer Inc, et al.* : Magistrate Judge Leo T.
Case No. 1:05-cv-10639-PBS : Sorokin
:
: **PROPOSED**
------------------------------------------------------------x **DOCUMENT**

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR AN INDEPENDENT MEDICAL EXAMINATION OF MARY P. DORSEY**

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), by counsel, respectfully submit this reply memorandum to briefly respond to Plaintiff's request, in her opposition, that her independent medical examination[1] ("IME") not take place until after this Court rules on a summary judgment motion, which has yet to be filed. Defendants object to Plaintiff's request to put off the IME because such a delay would deprive them of evidence relevant to dispositive issues that may be raised in a motion for summary judgment or a Daubert motion. As Defendants noted in their supporting memorandum, due to Plaintiff's extremely complex medical history, an IME will be a necessary tool for obtaining evidence that is highly relevant to the disputed element of specific causation. (Defs.' Memo. in Support of IME [2464] at 2.) Considering that Plaintiff's failure to establish this necessary element would be dispositive, Defendants must obtain all evidence relevant to specific causation before they file dispositive motions. While Defendants are willing to negotiate and coordinate

---

[1] Plaintiff's opposition does not dispute that Defendants have satisfied all the substantive requirements to obtain an order for an IME under Federal Rule of Civil Procedure 35(a)(1).

with Plaintiff regarding a convenient time and place for conducting the IME, delaying it until after the Court rules on a motion for summary judgment would be too late and would defeat one of the main purposes for conducting the IME—i.e., to collect evidence that may be used to frame and support dispositive motions.

      WHEREFORE, Defendants respectfully request that this Court order an IME of the Plaintiff as soon as reasonably possible.

Dated: February 15, 2010          Respectfully submitted,

                              SKADDEN, ARPS, SLATE,
                                MEAGHER & FLOM LLP

                        By:   /s/ Mark S. Cheffo
                              Mark S. Cheffo
                              /s/ Katherine F. Arthur
                              Katherine F. Arthur

                              Four Times Square
                              New York, NY 10036
                              Tel: (212) 735-3000
                              Email: Mark.Cheffo@skadden.com
                              Email: Tattin.Arthur@skadden.com

                              *Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 15, 2010.

                              /s/ Mark S. Cheffo
                              Mark S. Cheffo