UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

---

THIS DOCUMENT RELATES TO:

*Huberman v. Pfizer Inc, et al.*
Case No. 1:07-cv-11336-PBS

---

: MDL Docket No. 1629
:
: Master File No. 04-10981
:
: Judge Patti B. Saris
:
: Magistrate Judge Leo T.
: Sorokin

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S LATE RULE 26 DISCLOSURES

Defendants Pfizer Inc and Warner-Lambert Company LLC respectfully submit this Memorandum of Law in Support of their Motion to Strike Plaintiff's Late Rule 26 Disclosures.

## PRELIMINARY STATEMENT

Despite initiating this lawsuit more than two and a half years ago, Plaintiff submitted his Rule 26(a)(1)(A) initial disclosures on February 2, 2010 – after the close of fact discovery. Plaintiff's failure to comply with the Court's scheduling order and his obligations under Federal Rules of Civil Procedure 26 is neither substantially justified nor harmless, and it has unduly prejudiced Defendants' ability to prepare their case. Further, Plaintiff's complete failure to timely proffer individuals with knowledge relevant to his claims prior to the close of fact discovery has prohibited Defendants from conducting a complete investigation of Plaintiff's claims and, as a result, deprived Defendants of the opportunity to raise a full and fair defense.

Plaintiff filed a complaint against Defendants in Massachusetts state court in June 21, 2007, and the action was subsequently removed to this Court based on federal diversity jurisdiction on July 20, 2007. After removal, Plaintiff's case was consolidated for discovery

purposes in the MDL court. On January 29, 2010,[1] fact discovery closed in this case, pursuant to an order by Magistrate Judge Sorokin filed on November 10, 2009. Four days after the close of fact discovery, Plaintiff finally served his Rule 26 Disclosure Statement, though he proffered no excuse or explanation for its lateness.

Plaintiff's Disclosure Statement included, among other things, information related to his treating physicians, employees of Defendants, potential witnesses affiliated with the Food and Drug Administration, and potential expert witnesses, as well as some generalized information regarding documents – some of which were publicly available – that Plaintiff intends to use to support his claims in this case. Undoubtedly, Plaintiff has long been aware of all the substantive content within his recently filed Rule 26 Disclosure Statement, but he has offered no explanation for why these disclosures could not have been proffered long ago. As such, Plaintiff's actions constitute a refusal to comply with the scheduling order of this Court and his automatic discovery obligations under Federal Rule of Civil Procedure 26(a).

Plaintiff's failure to timely disclose any and all individuals "likely to have discoverable information" and documents he "may use to support his claims" mandates exclusion of all late-disclosed witnesses and documents. Fed. R. Civ. P. 26(a). Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Because none of the witnesses and documents were properly disclosed in accordance with Rule 26(a) and the Court's orders, and Plaintiff cannot show substantial justification or harmless error, the Court should strike Plaintiff's Disclosure Statement in its entirety and prohibit his use of the materials referenced therein.

---

[1] Defendants previously noted Plaintiff's Rule 26 disclosure deficiency in the memorandum in support of their motion to dismiss Plaintiff's claims. (Defs.' Mot. to Dismiss [2450] at 2.)

**LAW AND ARGUMENT**

I.  **The Federal Rules of Civil Procedure Mandate Exclusion**

Precluding Plaintiff's use of late-disclosed materials is required by Federal Rule of Civil Procedure 26. Plaintiff's attempt to submit his "initial disclosure" – long after the deadline for fact discovery passed – is not only oxymoronic, it violates both the letter and the purpose of Rule 26. Rule 26 is aimed at "narrow[ing] and clarify[ing] the basic issues between the parties, and [serves] as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The goal is to replace "a game of blind man's bluff [with] a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). In keeping with these goals, Rule 26 imposes on parties an affirmative duty to disclose relevant information in a "timely manner." Fed. R. Civ. P. 26(e). When a plaintiff fails to meet these obligations – as he has in this case – Rule 37 mandates that the plaintiff "is not allowed to use that information or witness." Fed. R. Civ. P. 37(c)(1).

The First Circuit has noted that, where a party fails to comply with Rule 26(a), "mandatory preclusion [is] 'the required sanction in the ordinary case.'" *Wilson v. Bradlees of New England Inc.*, 250 F.3d 10, 19 (1st Cir. 2001) (citation omitted); *see also Roberts v. Anderson*, 213 Fed. App'x 420, 424, (6th Cir. 2007) ("Under Rule 37(c)(1), [a] party that without substantial justification fails to disclose information required by Rule 26(a) is not permitted to use the information that should have been disclosed at trial, at a hearing, or on a motion, unless the failure to provide such information is harmless.") (citations and internal quotation marks omitted); *Salgado ex rel. Salgado v. GMC*, 150 F.3d 735, 742 (7th Cir. 1998) (same); *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (excluding expert witnesses identified after pretrial order deadline in part because the party failed

"to proffer any explanation for its failure to designate [its expert] in a timely fashion"). The only exception is where the offending party can affirmatively meet the burden of showing that his "failure was substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1); *see also Griffith v. E. Me. Med. Ctr.*, 599 F. Supp. 2d 59, 65 n.4 (D. Me. 2009) ("The burden is on the party that has failed to comply with discovery deadlines to establish that its failure is harmless . . . ."); *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 757 (E.D. Mich. 2008) ("[T]he burden is on the non-moving party to show that the non-disclosure was harmless or substantially justified.").

Plaintiff will be unable to justify a failure to file automatic, initial disclosures until nearly two and a half years after his case was removed to this Court.[2] *See* Fed. R. Civ. P. 26(a)(1)(A) (requiring that "a party must, without awaiting a discovery request, provide the other parties" his initial disclosures). He certainly cannot attribute his tardiness to a lack of sufficient information. *See* Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case . . . ."). His list of witnesses include his own family members and personal physicians, who were clearly known and available to Plaintiff before the close of discovery.[3] (*See* Pl.'s Initial Discl. at 2, attached to the accompanying Declaration of Mark S. Cheffo as Ex. A.) Further, Plaintiff's disclosures include numerous

---

[2] In Plaintiff's opposition to Defendants' motion to dismiss, he failed to provide any excuse for his failure to respond to the template discovery requests before the close of discovery. (*See* Defs.' Reply in Support of Mot. to Dismiss [2477-1] at 1.) It is anticipated that Plaintiff likewise will have no explanation for the lateness of his initial disclosures.

[3] In Plaintiff's late-filed answers to Defendants' template interrogatories, which were submitted just after his Rule 26 disclosures, he listed – in response to an interrogatory about ten individuals with whom he shares a close relationship – the names of both his counsel in this litigation, Paul Hughes, and his counsel's wife, Susan Hughes. *See* Mass. Rules Prof. Conduct 3.7(a) (stating that a "lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where" certain narrow exceptions apply); *see also id.*, comment [3] ("The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation."). Interestingly, their names appear at the top of the list that was submitted, behind only Plaintiff's live-in girlfriend.

senior Pfizer executives whose presence and position has been known to Plaintiff; among these are Jeffrey Kindler, the CEO of Pfizer, and Senior Vice Presidents and executives, including Frank D'Amelio, William Ringo, Martin Mackay, and Amy Schulman. (*Id.* at 4.) Plaintiff also references numerous publicly available documents, which could have been easily accessed from the outset of this litigation. (*See id.* at 18-21.)

There is no doubt that Defendants have been prejudiced by Plaintiff's delay and, in any regard, it is not "harmless." The lateness of Plaintiff's disclosures was improper and inherently prejudicial, and it seriously limited Defendants' opportunity to plan, prepare for, and complete fact discovery before the January 29, 2010, fact discovery deadline. As the Advisory Committee explained, a major purpose of requiring initial disclosures "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26(a), Advisory Committee Notes to the 1983 Amendment. Because Plaintiff never provided Rule 26 disclosures until after the close of fact discovery, the Defendants were robbed of the benefit that Rule 26(a) was designed to provide.[4] Thus, Rule 37(c)(1) mandates exclusion, considering that Plaintiff can show neither harmlessness nor substantial justification. *Wilson*, 250 F.3d at 19. Additionally, pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), the Court should order that Defendants' reasonable expenses, including attorney's fees, be paid, due to Plaintiff's failure to comply.

## II. Plaintiff's Failure To Abide By The Scheduling Order Warrants Exclusion

As this Court is well aware, this lawsuit has been consolidated for discovery purposes in a large multi-district litigation. On November 10, 2009, the district court for the

---

[4] Rule 26(e) and Rule 37(c)(1) apply as forcefully to evidence that a party fails to timely disclose as they do to evidence and testimony that a party fails disclose altogether, and Plaintiff's *eventual* attempt to proffer the materials required under Rule 26(a) does not save him from the strictures of Rule 26 and Rule 37, especially given the prejudice caused by the lateness itself.

5

District of Massachusetts, sitting as the transferee court and presiding over pre-trial proceedings in this case, issued a discovery order, which provided that all fact-related discovery was to be concluded by January 29, 2010.[5] Prior to its issuance of that order, Plaintiff represented to the Court that discovery in this case was complete, despite his discovery failures, as noted above. (Pl.'s Mot. to Consolidate [2135] at ¶ 15.) As the Advisory Committee notes to Rule 16 state, such scheduling orders are designed

> to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material. Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation. Litigants are forced to establish discovery priorities and thus to do the most important work first.

Fed. R. Civ. P. 16(b) Advisory Committee Notes to the 1983 Amendment (quoting *Report of the National Commission for the Review of Antitrust Laws and Procedures* (1979)). Absent a subsequent modification by the presiding court, a Rule 16 order – like the MDL court's scheduling order here – "'controls the subsequent course of action.'" *Alberty-Vélez v. Corporación De P.R. Para La Difusión Pública*, 242 F.3d 418, 423 (1st Cir. 2001) (quoting then-current rule language); *see also Klausmeyer v. Tyner Law Firm, P.A.*, No. 08-81286, 2009 WL 1833959, at *2 (S.D. Fla. June 25, 2009) ("The scheduling order 'control[s] the subsequent course of the action' unless modified by the court."); *Treat v. Am. Furniture Warehouse, Co.*, No. 06-02029, 2007 WL 2175186, at *2 (D. Colo. July 26, 2007) (same).

These scheduling orders are key to preparing a case for trial in a just, speedy, and less expensive manner, and allowing a party to violate a scheduling order without receiving a sanction "tends to make a mockery of the Court's effort to manage civil cases in an efficient manner." *Odie v. GMC.*, 131 F.R.D. 365, 367 (D. Mass. 1990); *see also Gilbert v. Corr. Reception Ctr.*, No. 2:07-624, 2010 WL 319943, at *1 (S.D. Ohio Jan. 20, 2010) (citation omitted) (observing that scheduling orders make up "the essential mechanism for cases

---

[5] Rule 16(b) provides that this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

6

becoming trial-ready in an efficient, just, and certain manner"). In keeping with the spirit of the Federal Rules of Civil Procedure,[6] parties should not be allowed to treat a scheduling order like "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (same); *Klausmeyer*, 2009 WL 1833959, at *2 (same). Nonetheless, Plaintiff has derailed the "efficient, just and certain" adjudication of this case by belatedly disclosing his witnesses and documents after the close of fact discovery instead of at the outset of this litigation. Because of his late filing, Plaintiff has prevented Defendants from complete discovery in its defense of this case, in direct contravention with the letter and spirit of this Court's order allowing time for discovery.

"The Civil Rules endow trial judges with formidable case-management authority." *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998). Along with a court's authority to expedite pretrial discovery through Rule 16 orders is its "wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines [including] case-management orders." *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 275 (1st Cir. 2006) (citing *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45-46 (1st Cir. 2002)). As stated by Rule 16(f), this Court

> [o]n motion or on its own . . . may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."

Fed. R. Civ. P. 16(f)(1)(C); *see also Rosario-Diaz*, 140 F.3d at 315 (stating that "litigants have an unflagging duty to comply with clearly communicated case-management orders") As a "just order[]," authorized by Rule 16(f) and the inherent authority of this Court, Plaintiff's Disclosure Statement should be stricken in its entirety and the Plaintiff should be prohibited from using materials "disclosed" therein.

---

[6] The key principle behind these rules is promoting "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Plaintiff's non-compliance with discovery deadlines has created a significant risk of de-railing this litigation.[7] Plaintiff has not offered – and cannot offer – any explanation for his failure to timely provide his initial disclosures within the discovery period specified by the MDL court. In short, Plaintiff has shown little regard for the parameters and authority of the scheduling orders in this case. The sanction of striking his untimely disclosures and excluding any and all late-disclosed materials is warranted. Accordingly, pursuant to the scheduling order and the Federal Rules of Civil Procedure, this Court should grant Defendants' motion and strike the Plaintiff's late-filed Rule 26 Disclosure Statement in its entirety, thereby precluding him from introducing at trial this improperly disclosed evidence.

---

[7] As the Defendants have pointed out in their motion to dismiss, the belated filing of his Rule 26 disclosures is just one example of Plaintiff's non-compliance with the mandates accompanying discovery.

## CONCLUSION

For all the foregoing reasons, Defendants request that this Court issue an order striking the Plaintiff's late-filed Rule 26 Disclosure Statement and precluding him from introducing at trial the materials referenced therein. Alternatively, Defendants request that their motion to dismiss be granted or that they be allotted additional time to conduct discovery based on the late disclosures. Additionally, the Court should order that Defendants' reasonable expenses, including attorney's fees, be paid due to Plaintiff's failure to timely serve his disclosures.

Dated: February 15, 2010

        Respectfully submitted,

        SKADDEN, ARPS, SLATE,
         MEAGHER & FLOM LLP

        By:    /s/ Mark S. Cheffo
              Mark S. Cheffo
              /s/ Katherine F. Arthur
              Katherine F. Arthur

        Four Times Square
        New York, NY 10036
        Tel: (212) 735-3000
        Email: Mark.Cheffo@skadden.com
        Email: Tattin.Arthur@skadden.com

        *Attorneys for Defendants Pfizer Inc and*
        *Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 15, 2010.

        /s/ Mark S. Cheffo
        Mark S. Cheffo