UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No.  1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Procedural Order of November 12, 2009 (Dkt. No.2172),

Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively,

"Kaiser" or "Plaintiffs") hereby submit the following proposed jury instructions.  Kaiser reserves

the right to submit additional or modified instructions as developments in the case warrant.

**Proposed Instruction No. 1:**
**<u>Duties of the Jury</u>**[1]

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

---

[1] Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 1.01 (1997).

**Proposed Instruction No. 2:**
**Rules for Jurors[2]**

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, or the issues involved in it, including the medications, medical conditions, and industries at issue, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, or the issues involved in it, including the medications, medical conditions, and industries at issue, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it, or about the issues involved in it, including the medications, medical conditions, and industries at issue. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not allowed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved

---

[2] Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 1.07 (1997) (modified).

with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the [court security officer] to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

858770.1

**Proposed Instruction No. 3:**
**Overview of the Case: Parties and Claims[3]**

The parties who bring a lawsuit are called the plaintiffs.  In this case the plaintiffs are

Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals.  The party against whom

the suit is brought is called the defendant.  In this case the defendants are Pfizer, Inc. and

Warner-Lambert Company LLC.  This lawsuit concerns the drug Neurontin, which was

developed and marketed by the defendants.  Neurontin was first approved at the end of 1993 by

the federal Food and Drug Administration – the FDA – as an add-on treatment for seizures, that

is, as medication to take in addition to whatever other medication the patient was taking to treat

seizures.  In May 2002, Neurontin was approved to treat a type of pain associated with shingles,

known as post-herpetic neuralgia, a form of neuropathic pain.  The plaintiffs allege that

defendants fraudulently marketed the drug Neurontin for certain other uses not approved by the

Food and Drug Administration (or FDA), known as off-label uses).  The Plaintiffs allege that

defendants' conduct violated the Racketeer Influenced and Corrupt Organizations Act and other

laws.  I will further instruct you on the elements of the claims the plaintiffs have brought later.

The plaintiffs allege that the defendants marketed Neurontin as a treatment for all types

of neuropathic pain, not just pain associated with shingles, as well as another type of pain called

nociceptive pain, migraine headaches, and bipolar disorder.  The plaintiffs also allege that the

defendants promoted Neurontin at doses above the level (1800 mg/day) approved by the FDA.

Plaintiffs further allege that defendants misrepresented the effectiveness of Neurontin as a

treatment for these off-label conditions or at doses above 1800 mg/day.  Plaintiffs allege that

defendants' conduct injured the plaintiffs because it caused Kaiser physicians to prescribe

Neurontin when the doctors would have otherwise prescribed other, less expensive drugs.

---

[3] 3 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice & Instructions* § 101.01 (2009) (modified).

The defendants deny the plaintiffs' allegations except admit that they did engage in off-label marketing of Neurontin in 1995 and 1996.  Defendants allege that the off-label prescribing of medicines, particularly anti-seizure drugs, has long been a common practice and that the improper marketing activities did not cause Kaiser's doctors to prescribe Neurontin instead of other less expensive drugs.  The defendants also allege that the scientific evidence indicates that Neurontin is effective in treating some patients for the conditions at issue.

**Proposed Instruction No. 4:**
**<u>Order of Trial</u>**[4]

From here, the first step in the trial will be the opening statements. The Plaintiffs in their opening statement will tell you about the evidence that they intend to put before you, so that you will have an idea of what the Plaintiffs' case is going to be.

The opening statement is not evidence. Its purpose is only to help you understand what the evidence will be and what the Plaintiffs will try to prove.

After the Plaintiffs' opening statement, Defendants will make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the Plaintiffs will offer evidence that they say will support the claims against Defendants. The Plaintiffs' evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  After the Plaintiffs' evidence, Defendants will present evidence consisting of witnesses and may include documents and other exhibits.  After that, the Plaintiffs will have an opportunity to present rebuttal evidence.

After you have heard all the evidence on both sides, the Plaintiffs and Defendants will each be given time for their final arguments. Like opening statements, closing arguments by the lawyers are not evidence.

Finally, I will instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.

---

[4] 3 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice & Instructions* § 101.02 (2009) (modified).

**Proposed Instruction No. 5:**
**<u>Juror Note-taking</u>**[5]

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

---

[5] Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 1.08 (1997).

**Proposed Instruction No. 6:**
**<u>Judge's Questions to Witnesses</u>**[6]

During the trial, I may sometimes ask a witness questions.  Please do not assume that I

have any opinion about the subject matter of my questions.

---

[6] 3 Kevin O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and
Instructions § 101.30 (5th ed. 2000).

858770.1

**Proposed Instruction No. 7:**
**Objections, Rulings, Bench Conferences**[7]

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the

---

[7] Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 1.05 (1997) (modified).

objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

**Proposed Instruction No. 8:**
**<u>Direct and Circumstantial Evidence</u>[8]**

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which

one can find or infer another fact. You may consider both direct and circumstantial evidence.

The law permits you to give equal weight to both, but it is for you to decide how much weight to

give to any evidence.

---

[8] Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 1.05 (1997)
(modified).

**Proposed Instruction No. 9:**
**Deposition Testimony[9]**

Testimony will also hear testimony through what is called a deposition. A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony, and the testimony was videotaped. The questions and answers will be read shown to you during the trial.

Such testimony is entitled to the same consideration and is to be judged as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand.

---

[9] 3 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice & Instructions* § 101.02 (2009) (modified).

858770.1

**Proposed Instruction No. 10:**
**Stipulations**[10]

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the parties accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

---

[10] Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 3.04 (1997) (modified).

858770.1

**Proposed Instruction No. 11:**
**<u>Inferences</u>[11]**

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

---

[11] Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 3.04 (1997) (modified).

**Proposed Instruction No. 12:**
**<u>Demonstrative Evidence</u>**[12]

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

---

[12] 3 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice & Instructions* § 104.50 (2009) (modified).

**Proposed Instruction No. 13:**
**Credibility and Number of Witnesses**[13]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Do not make any decisions based only on the number of witnesses who testified. The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

---

[13] Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 3.04 (1997) (modified); 3 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice & Instructions* § 104.54 (2009) (modified).

858770.1

**Proposed Instruction No. 14:**
**<u>Opinion Testimony</u>**[14]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - that person is called an expert witness - is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it, and how much weight to give that testimony. In determining its weight, consider an expert's skill, experience, knowledge, truthfulness, familiarity with the facts of this case, and the usual rules for testing credibility that you exercise in your everyday life in determining the weight to give to a witness's testimony.

---

[14] Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, Instruction 1.9 (1993); 3 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice & Instructions* § 104.40 (2009).

858770.1

**Proposed Instruction No. 15:**
**<u>All Persons Equal Under the Law</u>**[15]

The parties in this case are corporations and non-profit charitable organizations.  A corporation or charitable organization is entitled to the same fair trial as a private individual.  All persons, including corporations and charitable organizations, are equal before the law and must be treated as equals in a court of justice.  You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

---

[15] 3 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice & Instructions* § 103.12 (2009) (modified).

**Proposed Instruction No. 16:**
**Burden of Proof**[16]

As you may know, there are two kinds of cases that come to court, criminal cases and civil cases. Criminal cases are cases in which the government charges a person or a company with a crime. Some of you may have sat on juries in criminal cases before, and others of you may have watched movies or television shows like "Law and Order," in which criminal cases brought by the government are shown.

This case is not a criminal case. This is a civil case. There are significant differences between criminal cases and civil cases. One significant difference is that in criminal cases, the government must prove its case "beyond a reasonable doubt." That burden of proof - proof beyond a reasonable doubt - does not apply in a civil case such as this. In a civil case, there is a lesser burden of proof. Plaintiffs need only prove their claim by a preponderance of the evidence, rather than beyond a reasonable doubt. A "preponderance of the evidence" simply means to prove that something is more likely so than not so. Therefore, when you are making decisions in this case and deciding the truth of a matter, you should find it to be true if you think the matter simply is more likely to be true than not true.

You can imagine a scale. As you decide each issue, you put all the evidence for the Plaintiffs on one side and all the evidence for the Defendants on the other. Then you decide which side has greater weight. And when I say greater weight, I am referring not only to the quantity of evidence, but the quality of evidence as well. You must decide which evidence is more believable, more credible, and more persuasive.

If you find that the scale tips toward the Plaintiffs, by however small an amount, then you

---

[16] *Porter v. Am. Export Lines, Inc.*, 387 F.2d 409, 410-411 (3d Cir. 1968); *Blossom v. CSX Transp., Inc.*, 13 F.3d 1477, 1479-80 (11th Cir. 1994); Eighth Circuit Manual of Model Instructions (Civil), No. 3.04 (2001); 3 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice & Instructions* §§ 101.41, 104.03 (2009).

must find for the Plaintiffs. That is all that is required for the Plaintiffs to be entitled to your verdict. If you find that the scale tips towards the Defendants or is exactly even, then you must find for the Defendants.

858770.1

**Proposed Instruction No. 17:**
**Unjust Enrichment**[17]

      Kaiser seeks restitution from Defendants, alleging that Defendants has been unjustly

enriched. To establish a claim for unjust enrichment, Kaiser must establish by a preponderance

of the evidence that Kaiser conferred a benefit on Defendants in the form of payments for

Neurontin, and it is unjust for Defendants to retain the benefit at the expense of Kaiser.

---

[17]*Lectrodryer v. Seoulbank*, 77 Cal. App. 4th 723, 726 (2000); *Dinosaur Dev., Inc. v. White*, 216
Cal. App. 3d 1310, 1316 (1989).

858770.1

**Proposed Instruction No. 18**
**<u>Unjust Enrichment: Damages</u>**[18]

If you decide that Kaiser has proved its claim against Defendants for unjust enrichment,
you must decide how much money will reasonably compensate Kaiser for the harm.  The amount
of damages is the amount of the benefit that Kaiser conferred on Defendants.

---

[18] California Civil Jury Instructions 3900.

**Proposed RICO Instruction No. 1:**
**<u>The Complaint and the Statute</u>**[19]

The plaintiff, Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

("Plaintiff" or "Kaiser") has brought this lawsuit against Defendants Pfizer, Inc. and Warner-

Lambert Company ("Defendants"), alleging that Defendants violated a federal statute,

section 1962(c) of Title 18 of the United States Code, which provides as follows:

> It shall be unlawful for any person employed by or associated with
> any enterprise engaged in, or the activities of which affect,
> interstate or foreign commerce, to conduct or participate, directly
> or indirectly, in the conduct of such enterprise's affairs through a
> pattern of racketeering activity or collection of unlawful debt.

---

[19] Civil RICO Prac. Manual Form 11, Pattern Jury Instructions in Civil RICO Litigation, Instruction 9.1 (modified).

858770.1

**Proposed RICO Instruction No. 2:**
**<u>Prejudice From the Word "Racketeering"</u>[20]**

The word "racketeering" has certain implications in our society.  Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the plaintiff has established the elements of the claim.  The term is only a term used by Congress to describe the statute.  By using the word "racketeer" in the title of the statute, Congress did not mean that the plaintiff must prove that the Defendants are "racketeers" or a member of what is commonly referred to as "organized crime" in order to recover damages.  At the same time, you should not assume that the defendants or their employers are "racketeers" because the Defendants have been sued under the RICO Act.

---

[20] Civil RICO Prac. Manual Form 11, Pattern Jury Instructions in Civil RICO Litigation, Instruction 9.2 (modified); Sample RICO Jury Instructions prepared by Civil RICO Subcommittee of the American Bar Association's Section of Antitrust Law, 1.0 (modified); *see also* 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-2.

858770.1

**Proposed RICO Instruction No. 3:**
**<u>Burden of Proof</u>**

Although RICO refers to the term "racketeering activity," I instruct you that this is a civil case, not a criminal case, and the Plaintiff's RICO allegations do not have to be proved beyond a reasonable doubt, but only by a preponderance of the evidence.

- 26 -

**Proposed RICO Instruction No. 4:**
**Elements**[21]

In order to prove that Defendants violated section 1962(c), plaintiff must establish by a

preponderance of the evidence each one of the following five elements:

> First, that an enterprise existed as alleged in the complaint;

> Second, that the enterprise affected interstate or foreign commerce;

> Third, that Defendants was associated with, or employed by, the
> enterprise;

> Fourth, that Defendants engaged in a pattern of racketeering
> activity; and

> Fifth, that Defendants conducted, or participated in, the conduct of
> the enterprise through that pattern of racketeering activity.

---

[21] 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-23 (modified).

**Proposed RICO Instruction No. 5:**
**First Element—The Enterprise[22]**

The first element that the plaintiff must prove is that an "enterprise" existed as alleged in the complaint.

For the purposes of this case, an enterprise includes a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time.  This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit.  This group of people does not have to be a legally recognized entity, such as a partnership or corporation.  This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

The plaintiff has alleged that there are two enterprises in this case: The Publication/Marketing Enterprise, made up of Defendants and Cline Davis Mann, and the Medical Education/Marketing Enterprise, made up of Defendants and Medical Action Communications.  Plaintiffs allege that these enterprises were formed to promote off-label uses of Neurontin.

If you find that either the Publication/Marketing Enterprise and/or the Medical Education/Marketing Enterprise was a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, then you may find that an enterprise existed.

---

[22] 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-24 (modified); Civil RICO Prac. Manual Form 11, Pattern Jury Instructions in Civil RICO Litigation, Instruction 9.4 (modified).

**Proposed RICO Instruction No. 6:**
**<u>Second Element—Effect on Interstate Commerce</u>[23]**

Interstate commerce includes the movement of goods, services, money, and individuals between states (or between states and the District of Columbia or a U.S. Territory or possession or between the United States and a foreign state or nation).

The plaintiff must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal.  It is not necessary to prove that Defendants' acts affected interstate commerce as long as the acts of the enterprise had such an effect.  Finally, the plaintiff is not required to prove that Defendants knew they were affecting interstate commerce.

---

[23] 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-25 (modified).

858770.1

**Proposed RICO Instruction No. 7:**
**Third Element—Association With the Enterprise[24]**

The third element that the plaintiff must prove is that Defendants were associated with, or employed by, the enterprise.

It is not required that Defendants have been employed by, or associated with, the enterprise for the entire time that the enterprise existed.  Although Defendants must know something about the enterprise's activities, it is not required that Defendants be aware of all racketeering activities committed by each of the participants in the enterprise.  It is required, however, that the plaintiff prove, by a preponderance of the evidence, that at some time during the period indicated in the complaint, Defendants in question were employed by, or associated with, the enterprise.

In order to prove this element, the plaintiff must prove, by a preponderance of the evidence, that Defendants were connected to the enterprise in some meaningful way and that Defendants knew of the existence of the enterprise and of the general nature of its activities.

---

[24] 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-26 (modified).

**Proposed RICO Instruction No. 8:**
**Fourth Element—Engaging in a Pattern of Racketeering Activity[25]**

The fourth element that the plaintiff must prove is that Defendants engaged in a pattern of racketeering activity.

The plaintiff has alleged that Defendants committed the following racketeering acts through use of the mail and interstate "wires": a) deliberately misrepresenting, and causing others to misrepresent, the uses for which Neurontin was safe and effective; (b) presenting seminars and events misrepresenting off-label uses for Neurontin for which Defendants knew were not proven to be scientifically safe, efficacious, effective and useful; (c) publishing or causing to have published, materials containing false information about off-label uses of Neurontin; (d) actively concealing, and causing others to conceal, information about the true safety, efficacy, effectiveness and usefulness of Neurontin to treat conditions for which it had not been approved by the FDA; and (e) misrepresenting the appropriate and effective dosages for Neurontin.

You must find that Defendants committed two of these acts within ten years of each other.

To prove that the acts constituted a pattern of racketeering activity, the plaintiff must prove that the acts of racketeering are related to each other and that they amounted to or posed a threat of continued criminal activity.

Acts are related if they had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and are not isolated events.

---

[25] 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-27 (modified); Sample RICO Jury Instructions prepared by Civil RICO Subcommittee of the American Bar Association's Section of Antitrust Law; 2.0 (modified).

To demonstrate that the acts amounted to or posed a threat of continued racketeering activity, the plaintiff must show that the acts extended over a substantial period of time and involved more than a limited number of participants, victims, injuries, and transactions.

**Proposed RICO Instruction No. 9:**
**Fifth Element—Conducting or Participating in the**
**Enterprise "Through" the Pattern of Racketeering[26]**

The fifth element that the plaintiff must prove, by a preponderance of the evidence, is that Defendants conducted, or participated in, the conduct of the enterprise through that pattern of racketeering activity.

The Plaintiff must prove by a preponderance of the evidence that there is some meaningful connection between Defendants' illegal acts and the affairs of the enterprise.  To satisfy this part of the element, the plaintiff must establish either (1) that Defendants' position in the enterprise facilitated the commission of those illegal acts and that the racketeering acts had some impact or effect on the enterprise, (2) that the acts were in some way related to the affairs of the enterprise, or (3) that Defendants were able to commit the acts by virtue of their, position, or involvement in, the affairs of the enterprise.

---

[26] 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-29 (modified).

858770.1

**Proposed RICO Instruction No. 10:**
**Causation[27]**

If you find that all of the elements of the alleged violation of section 1962, as I have just

described them to you, have been established by a preponderance of the evidence, you must also

determine whether the plaintiff has proved by a preponderance of the evidence that the violation

caused the plaintiff an injury to its business or property.  Damages caused by the predicate acts

themselves or damages caused indirectly by the pattern of acts as a whole, or both, will satisfy

this requirement.

---

[27] 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-30 (modified); Civil RICO Prac. Manual Form 11, Pattern Jury Instructions in Civil RICO Litigation, Instruction 9.22 (modified).

858770.1

**Proposed RICO Instruction No. 11:**
**<u>Damages</u>[28]**

You reach the issue of damages only if you find that the plaintiff has established the elements of the claim under the standards I have described.

The fact that I charge you on the issue of damages does not mean that the plaintiff is entitled to prevail—that is for you to decide.  I instruct you on this subject only in the event that you decide that plaintiff has sustained the burden of proof as to the elements of the claim under the standards I have described.

If you find that plaintiff has established the elements of the claim by a preponderance of the evidence, you should then consider the evidence presented concerning damages to plaintiff's business or property that are alleged to be caused by Defendants' violation of the statute.

The damages alleged by plaintiff include the following:  payments for Neurontin on behalf of its insureds which it would not have made absent Defendants' acts.

You must evaluate each claim of damages, and the proof submitted in support of each claim, separately, and you should award damages only for those claims that you find have been established by a preponderance of the evidence.

---

[28] 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-31.

858770.1

**Proposed RICO Instruction No. 12:**
**RICO Conspiracy (18 U.S.C. § 1962(d))**
**The Complaint and the Statute[29]**

The plaintiff, Kaiser, has also alleged that Defendants Section 1962(d) of Title 18 of the

United States Code because the Defendants agreed or conspired to violate the RICO law.  This

means that plaintiff alleges that Defendants conspired to conduct, or participate in, the affairs of

an enterprise through a pattern of racketeering activity, as follows: through use of the mail and

interstate "wires": a) deliberately misrepresenting, and causing others to misrepresent, the uses

for which Neurontin was safe and effective; (b) presenting seminars and events misrepresenting

off-label uses for Neurontin for which Defendants knew were not proven to be scientifically safe,

efficacious, effective and useful; (c) publishing or causing to have published, materials

containing false information about off-label uses of Neurontin; (d) actively concealing, and

causing others to conceal, information about the true safety, efficacy, effectiveness and

usefulness of Neurontin to treat conditions for which it had not been approved by the FDA; and

(e) misrepresenting the appropriate and effective dosages for Neurontin.

---

[29] 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen &
Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-32.

858770.1

**Proposed RICO Instruction No. 13:**
<u>**Prejudice From the Word "Racketeering"**</u>[30]

As I stated earlier, use of the term "racketeering" in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the plaintiff has established the elements of the claim.  The term is only a term used by Congress to describe the statute.

---

[30] 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-33 (modified).

**Proposed RICO Instruction No. 14:**
**<u>Elements</u>[31]**

To prove a violation of Section 1962(d), the plaintiff must prove by a preponderance of the evidence that the defendants knowingly and willingly became members of the conspiracy. This means that in order to meet their burden of proof, the plaintiff must show that the defendants agreed to participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity.  You do not have to find that any racketeering acts were actually committed.

The definitions and instructions I gave you earlier as to "enterprise," and "engaging in a pattern of racketeering activity" apply here.

---

[31] Civil RICO Prac. Manual Form 11, Pattern Jury Instructions in Civil RICO Litigation, Instruction 9.19 (modified).

858770.1

**Proposed RICO Instruction No. 15:**
**Agreement to Participate in the Affairs of the Enterprise[32]**

There are different ways in which you can find that the defendants agreed to participate in the affairs of the enterprise through a pattern of racketeering activity.  You may find by a preponderance of the evidence that by actually committing two or more racketeering acts the Defendants have shown that they agreed to participate in the affairs of the enterprise through a pattern of racketeering activity.

In addition, you may find that the defendants agreed to participate in the affairs of the enterprise through a pattern of racketeering activity if you find that they agreed to commit two or more racketeering acts to further the affairs of the enterprise.  You need find only that they agreed to commit these acts; you need not find that they actually committed them.

For the purposes of this count, the complaint alleges that the following racketeering acts were, or were intended to be, committed as part of the conspiracy: : through use of the mail and interstate "wires": a) deliberately misrepresenting, and causing others to misrepresent, the uses for which Neurontin was safe and effective; (b) presenting seminars and events misrepresenting off-label uses for Neurontin for which Defendants knew were not proven to be scientifically safe, efficacious, effective and useful; (c) publishing or causing to have published, materials containing false information about off-label uses of Neurontin; (d) actively concealing, and causing others to conceal, information about the true safety, efficacy, effectiveness and usefulness of Neurontin to treat conditions for which it had not been approved by the FDA; and (e) misrepresenting the appropriate and effective dosages for Neurontin

Again, the plaintiff must prove that two of these acts were committed as part of the

---

[32] Civil RICO Prac. Manual Form 11, Pattern Jury Instructions in Civil RICO Litigation, Instruction 9.20 and 9.21 (modified); 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-38.

conspiracy, although it need not prove that defendants committed or agreed to commit any of these acts so long as the plaintiff proves that defendants participated in some manner in the overall objective of the conspiracy.

**Proposed RICO Instruction No. 16:**
**<u>Causation</u>**[33]

If you find that all of the elements of the alleged violation of section 1962, as I have just

described them to you, have been established by a preponderance of the evidence, you must also

determine whether the plaintiff has proved by a preponderance of the evidence that the violation

caused the plaintiff an injury to its business or property.  Damages caused by the predicate acts

themselves or damages caused indirectly by the pattern of acts as a whole, or both, will satisfy

this requirement.

---

[33] 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-39; Civil RICO Prac. Manual Form 11, Pattern Jury Instructions in Civil RICO Litigation, Instruction 9.22 (modified).

858770.1

**Proposed RICO Instruction No. 17:**
**Damages**[34]

You reach the issue of damages only if you find that the plaintiff has established the elements of the claim under the standards I have described.

The fact that I charge you on the issue of damages does not mean that the plaintiff is entitled to prevail—that is for you to decide.  I instruct you on this subject only in the event that you decide that plaintiff has sustained the burden of proof as to the elements of the claim under the standards I have described.

If you find that plaintiff has established the elements of the claim by a preponderance of the evidence, you should then consider the evidence presented concerning damages to plaintiff's business or property that are alleged to be caused by Defendants' violation of the statute.

The damages alleged by plaintiff include the following:  payments for Neurontin on behalf of its insureds which it would not have made absent Defendants' acts.

You must evaluate each claim of damages, and the proof submitted in support of each claim, separately, and you should award damages only for those claims that you find have been established by a preponderance of the evidence.

---

[34] 4 Hon. Leonard B. Sand, John F. Siffert, Walter P. Loughlin, Steven A. Reiss, Steve Allen & Hon. Jed Rakoff, *Modern Federal Jury Instructions* (2009), Instruction 84-40; Civil RICO Prac. Manual Form 11, Pattern Jury Instructions in Civil RICO Litigation, Instruction 9.22 (modified).

**Proposed Unfair Competition Law Instruction No. 1:**
**Types of Conduct Prohibited**[35]

California's Unfair Competition Law prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

Each part of this definition operates separately from each other part. Thus, "unlawful" business practices (the first prong) are forbidden even if the practices are not "unfair" (the second prong) or "fraudulent" (the third). Likewise, "unfair advertising" is prohibited even if it is not "misleading" and is not a "business practice."

In this case, Kaiser alleges that Defendants engaged in unlawful, unfair, and fraudulent business acts and practices.

---

[35] Cal. Bus. & Prof. Code § 17200; *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548, 560–561 (1999); *Committee on Children's Television v. General Foods Corp.*, 35 Cal. 3d 197, 210, 197 Cal. Rptr. 783, 790–791 (1983); *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. 4th 1158, 121 Cal. Rptr. 2d 79 (2002);

**Proposed Unfair Competition Law Instruction No. 2**:
**"Practice" Defined**[36]

In general, a "practice" means the habitual doing of certain things, the doing of an act more than once, or repeated or customary action, habitual performance; a succession of acts of similar kind; habit, custom.  Thus, a "practice" may be found based on nothing more than a pattern of behavior pursued as a business practice.

A business "practice" can violate the Unfair Competition Law even though it does not affect more than a single victim.

---

[36] *Wilson v. Stearns* (1954) 123 Cal. App. 2d 472, 479 (1954); *People v. Casa Blanca Convalescent Homes, Inc*., 159 Cal. 3d 509, 527, 206 Cal. Rptr. 164, 175 (1984); *Allied Grape Growers v. Bronco Wine Co*., 203 Cal. App. 3d 432, 453, 249 Cal. Rptr 872, 884 (1988).

858770.1

**Proposed Unfair Competition Law Instruction No. 3:**
**"Unlawful" Conduct Defined[37]**

The Unfair Competition Law "borrows" violations of other laws and treats them as unlawful practices.  Thus, if a "business practice" violates any other federal or state law, it also violates the Unfair Competition Law's prohibition of "unlawful" business practices.

In this case, Kaiser alleges that Defendants engaged in unlawful business practices by violating federal regulations that prohibit drug companies, including Defendants, from marketing a drug to treat medical conditions it has not been approved to treat by the federal Food and Drug Administration.[38]

---

[37] *People v. E.W.A.P., Inc.*, 106 Cal. App. 3d 315, 319, 165 Cal. Rptr. 73, 75 (1980); *Farmers Ins. Exch. v. Sup. Ct.*, 2 Cal. 4th 377, 383, 6 Cal. Rptr. 2d 487, 491 (1992); *Farmers Ins. Exch. v. Sup. Ct.*, 2 Cal. 4th 377, 383, 6 Cal. Rptr. 2d 487, 491 (1992).  *See, e.g., Roskind v. Morgan Stanley Dean Witter & Co.,* 80 Cal. App. 4th 345, 95 Cal. Rptr. 2d 258 (2000) (mail fraud statute); *Citizens for a Better Environment v. Union Oil of California,* 996 F. Supp. 934, 938 (N.D. Cal. 1997) (Clean Water Act); *Chern v. Bank of America*, 15 Cal. 3d 866, 127 Cal. Rptr. 110 (1976) (Truth in Lending Act); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 562, 46 Cal. Rptr. 2d 233, 243 (1995) (Fair Credit Reporting Act); *Renick v. Dun & Bradstreet Receivable Management Services*, 290 F3d 1055, 1057-1058 (9th Cir. 2002) (Fair Debt Collection Practices Act).

[38] *See* 21 U.S.C. §§ 360aaa, *et seq.* (pharmaceutical manufacturer may not disseminate written information on off-label uses unless application to approve use is pending and other conditions are satisfied), 3600aaa-6(a) (sole exception permits "disseminating information in response to an unsolicited request from a health care practitioner") (emphasis added).  *See also Washington Legal Found. v. Friedman*, 13 F. Supp. 2d 51, 58 (D.D.C. 1998) (explaining statute), *appeal dismissed, vacated in part on other grounds*, 202 F.3d 331 (D.C. Cir. 2000).

858770.1

**Proposed Unfair Competition Law Instruction No. 4:**
**<u>"Unfair" Conduct Defined</u>**[39]

The definition of "unfairness," for purposes of unfair competition, is intentionally broad, thus allowing the courts maximum discretion to prohibit new schemes to defraud.  For purposes of the Unfair Competition Law, conduct is "unfair" if the harm to the victim outweighs the utility of the conduct to the defendant.  Determining whether an act is unfair involves an examination of that act's impact on its alleged victim, balanced against the reasons, justifications, and motives of the alleged wrongdoer.

---

[39] *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103 (1996); *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996); *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007).

**Proposed Unfair Competition Law Instruction No. 5:**
**"Fraudulent" Conduct Defined**[40]

A business practice is "fraudulent" within the meaning of the Unfair Competition Law  if members of the public are likely to be deceived by it.

---

[40] *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009); *Committee on Children's Television v. General Foods Corp.*, 35 Cal. 3d 197, 211, 197 Cal. Rptr. 783, 791 (1983); Kasky v. Nike, Inc. (2002) 27 Cal. 4th 939, 119 Cal. Rptr. 2d 296 (2002); *Prata v. Sup.Ct.* (2001) 91 Cal. App. 4th 1128, 1144, 111 Cal. Rptr. 2d 296, 308 (2001).

858770.1

**Proposed Unfair Competition Law Instruction No. 6:**
**Reliance on Fraudulent Business Practice**[41]

To recover on its claim for fraudulent business practices, Kaiser must show, by a preponderance of the evidence, that Defendants' misrepresentations and/or nondisclosures were an immediate cause of the conduct that produced Kaiser's injuries.  Kaiser may establish that Defendants' misrepresentations and non-disclosures were an immediate cause of the injury-producing conduct by showing that in its absence Kaiser in all reasonable probability would not have engaged in the injury-producing conduct.

In this case, Kaiser alleges that it was injured when Defendants' misrepresentations and nondisclosures concerning Neurontin's efficacy in treating the off-label conditions at issue caused Kaiser to pay for Neurontin prescriptions that would not otherwise have been written. Defendants deny these allegations.

While Kaiser must show that the misrepresentation was an immediate cause of the injury-producing conduct, Kaiser need not demonstrate it was the only cause.  It is not necessary that Kaiser's reliance upon the truth of the fraudulent misrepresentation be the sole or even the predominant or decisive factor influencing its conduct.  It is enough that the representations or omissions have played a substantial part, and so were a substantial factor, in influencing Kaiser's decisions.

A presumption of reliance arises wherever there is a showing that a misrepresentation or omission was material.  A misrepresentation is judged to be "material" if a reasonable person would attach importance to its existence or nonexistence in determining his or her choice of

---

[41]*In re Tobacco II Cases*, 46 Cal. 4th 298 (2009); *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 976-977 (1997); *Mirkin v.* Wasserman, 5 Cal. 4th 1082, 1110-1111 (1993) (conc. & dis. opn. of Kennard, J.); *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 638 (2007).

action in the transaction in question.

Kaiser does not need to demonstrate reliance on specific misrepresentations or omissions to satisfy the reliance requirement.  Where a plaintiff alleges exposure to a long-term marketing campaign, the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements.

Finally, proof of reliance is not defeated merely because alternative information concerning Neurontin's efficacy in treating the off-label conditions at issue may have been available to Kaiser.

**Proposed Unfair Competition Law Instruction No. 7:**
**<u>Industry Custom No Defense</u>**

A business practice is not immune from attack under the Unfair Competition Law merely because it has become customary or habitual either for the defendant or the industry of which it is a part.[42]

---

[42] *Chern v. Bank of America*, 15 Cal. 3d 866, 876, 127 Cal. Rptr.  110, 116 (1976); *People v. Cappuccio, Inc.*, 204 Cal. App. 3d 750, 251 Cal. Rptr. 657 (1988); *People v. Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal. App. 3d 509, 527, 206 Cal. Rptr. 164, 175 (1984).

**Proposed Unfair Competition Law Instruction No. 8:**
**<u>Strict Liability</u>**

The Unfair Competition Law imposes strict liability.  It is not necessary for the Plaintiff

to show that Defendants intended to injure anyone.[43]

---

[43] *Community Assisting Recovery, Inc. v. Aegis Ins. Co.,* 92 Cal. App. 4th 886, 891, 112 Cal.
Rptr. 2d 304, 308 (2001); *Rothschild v. Tyco Intl. Inc.*, 83 Cal. App. 4th 488, 494, 99 Cal. Rptr.
2d 721, 725 (2000); *State Farm & Casualty Co. v. Sup .Ct.*, 45 Cal. App. 4th 1093, 1102, 53 Cal.
Rptr. 2d 229, 233 (1996).

858770.1

**Proposed Unfair Competition Law Instruction No. 9:**
**Restitution[44]**

      If you find that Defendants have engaged in unlawful, unfair, and/or fraudulent business acts and practices in violation of the Unfair Competition Law, you must determine the amount of money necessary to restore to Kaiser any money acquired by Defendants as a result of the practice(s).

      In determining the amount of money to be awarded, it does not matter that the Neurontin purchases at issue were not made by Kaiser directly.

---

[44] Cal. Bus. & Prof. Code § 17203; *Shersher v. Superior Court*, 154 Cal. App. 4th 1491, 65 Cal. Rptr. 3d 634 (2007).

858770.1

Dated:  February 15, 2010

Respectfully submitted,


By:     */s/ Linda P. Nussbaum*
          Linda P. Nussbaum

KAPLAN FOX & KILSHEIMER LLP
Linda P. Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, New York 10022

*Attorneys for Plaintiffs Kaiser Foundation*
*Health Plan, Inc. and Kaiser Foundation*
*Hospitals*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

*/s/ Barry Himmelstein*
Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

*Of Counsel*

858770.1