# Exhibit 8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re:  NEURONTIN MARKETING, SALES
        PRACTICES AND PRODUCTS
        LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THIS DOCUMENT RELATES TO:

THE  GUARDIAN  LIFE  INSURANCE  COMPANY  OF
AMERICA v. PFIZER INC., 04 CV 10739 (PBS)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

:   MDL Docket No. 1629
:
:   Master File No. 04-10981
:
:   Judge Patti B. Saris
:
:   Magistrate  Judge  Leo  T.
:   Sorokin
:
:
:
:

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DEPOSITION COUNTER-DESIGNATIONS

Defendants, Pfizer Inc ("Pfizer") and Warner-Lambert Company LLC ("Warner-Lambert") (collectively, "Defendants"), by and through their undersigned counsel, pursuant to the Court's Pretrial Order of November 12, 2009 (Dkt. 2172), hereby identify on the attached Exhibit A their objections to the testimony identified in Plaintiffs' Counter-Designations to Defendants' Deposition Designations served on January 28, 2010.  Defendants anticipate the need to assert additional objections and/or counter-designations depending upon the evidence presented by Plaintiffs, the Court's evidentiary rulings, and/or other matters that may arise before or at trial.  Accordingly, Defendants respectfully and specifically reserve the right to: (1) withdraw at any time any objections identified; (2) supplement and/or amend their objections or proposed counter-designations in response to the Court's rulings on pretrial motions or other evidentiary matters; (3) supplement and/or amend their objections or proposed counter-designations in response to Plaintiffs' intended and/or actual use of designated testimony; and (4) supplement and/or amend their objections or proposed counter-designations as otherwise permitted by the Court.

**GENERAL OBJECTIONS**

Defendants object to the use of any part of a deposition from which Plaintiffs designated where the witness is within the subpoena power of the Court or where Plaintiffs have not demonstrated that the witness is unavailable. Fed. R. Civ. P. 32(a)(4).

Defendants object to any evidence offered by Plaintiffs to show allegedly improper marketing or other conduct, that is not probative of alleged marketing directed at Kaiser or a Kaiser physician, including: (i) any marketing, advertising, or promotional materials or conduct concerning Neurontin (whether for off-label use or otherwise), including, but not limited to, evidence of promotion, studies, letters from DDMAC, publications, testimony of sales and marketing representatives other than those who called upon Plaintiffs, the opinions of Abramson, Conti, Dickersin, Hartman, McDonough, and Rosenthal, and other evidence not relied upon by Plaintiffs; (ii) any testimony of David Franklin or evidence of, or reference to, the separate and unrelated *qui tam* action styled *United States ex rel. Franklin v. Parke-Davis, Division of Warner-Lambert Company, & Pfizer Inc.*, Civil Action No. 1:96-CV-11651-PBS (D. Mass filed Aug. 13, 1996); or (iii) any other claims, actions, or legal proceedings related to Neurontin or other Pfizer products. Any and all such testimony and other evidence is offered only to show alleged fraud-on-the-market and is irrelevant under FRE 401 and/or any relevance is outweighed by undue prejudice to the Defendants and confusion to the jury under FRE 403.

**OBJECTIONS TO PLAINTIFFS' DESIGNATIONS**

Defendants assert the following objections to Plaintiffs' deposition designations as identified by page and line:

**Foundation:** Out-of-court statements offered for their truth are hearsay not subject to any exception if they are made beyond the scope of a person's regular duties. *See* Fed. R. Evid. 802 and 803(6); *see also United States v. Ferber*, 966 F. Supp. 90, 99 (D. Mass 1997). Also, a non-expert witness may not testify in the form of opinions or inferences beyond those opinions or inferences rationally based on the perception of the witness. *See* Fed. R. Evid. 701.

**Hearsay:**  Absent a specific exception, evidence is inadmissible if it consists of an out-of-court statement offered for the truth of the matter asserted.  Fed. R. Evid. 801,802; *see also United States v. Decologero*, 530 F.3d 36, 58 (1st Cir. 2008); *Acosta-Mestre v. Hilton Int'l, Inc.*, 156 F.3d 49, 57 (1st Cir. 1998).

**Hearsay-within-hearsay:**  Evidence is inadmissible if it consists of an out-of-court statement offered for the truth of the matter asserted and is hearsay-within-hearsay when those statements themselves contain out-of-court statements offered for the truth of the matter asserted. Each level of hearsay-within-hearsay is inadmissible absent some exception specific to each level .  Fed. R. Evid. 805; *see also United States v. Patrick*, 248 F.3d 11, 22 (1st Cir.2001); *United States v. Ferber*, 966 F. Supp. 90, 96 (D. Mass 1997); *Pakizegi v. First Nat'l Bank of Boston,* 831 F. Supp. 901, 909 (D. Mass. 1993), *aff'd*, 56 F.3d 59 (1st Cir. 1995) (table).

**Hearsay-Other Litigation**:  Deposition testimony from the *Franklin* litigation or other proceedings is inadmissible because it constitutes hearsay.  Evidence is inadmissible as hearsay if it consists of an out-of-court statement offered for the truth of the matter asserted, even when those statements are made in a deposition from another litigation and the issues are sufficiently different that Defendant did not have the same opportunity and motive to cross-examine the witness.  *See* Fed. R. Evid. 801; *United States v. Bartelho*, 129 F.3d 663, 670 (1st Cir. 1997); *Finn v. Consol. Rail Corp.*, 782 F.2d 13, 15-16 (1st Cir. 1986).

**Non-final agency finding:**  Evidence is inadmissible if it consists of an out-of-court statement offered for the truth of the matter asserted, even when those statements are made by public agencies.  Non-final, interim, or draft findings, or personal or other statements not made pursuant to agency authority do not fall under the public record exception to the hearsay rule and are, therefore, inadmissible. *See Toole v. McClintock*, 999 F.2d 1430 (11th Cir. 1993); *City of New York v. Pullman Inc.*, 662 F.2d 910, 915 (2d Cir. 1981) (quoting *United States v. Fosher*, 590 F.2d 381, 383 (1st Cir. 1979).

**Irrelevant:**  Irrelevant evidence is inadmissible. Fed. R. Evid. 402.  Irrelevant evidence does not "tend[] to make the existence of any fact that is of consequence to the determination of

the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also Pendleton v. City of Haverhill*, 156 F.3d 57, 64 (1st Cir. 1998); *United States v. Levy-Cordero*, 67 F.3d 1002, 1015 (1st Cir. 1995); *Bates ex rel. Murphy v. Shearson Lehman Bros., Inc.*, 42 F.3d 79, 83 (1st Cir. 1994).

**Irrelevant: Marketing, advertising, and publications (including other indications):**
To the extent that Plaintiffs have identified deposition testimony to purportedly support allegations of improper marketing, including testimony regarding publications on gabapentin, such testimony is irrelevant and inadmissible under Rules 401 and 402, this Court's May 26, 2009 Order, and the facts of this case because there is no evidence connecting the testimony to the Plaintiffs. (*See* Mem. & Order [1790] at 34, May 26, 2009); *see also In re Seroquel Prods. Liab. Litig.*, No. 06-MD-1769-Orl-22DAB, 2009 WL 223140, at *4-5 (M.D. Fla. Jan. 30, 2009); *Miller v. Pfizer, Inc.*, 196 F. Supp. 2d 1095, 1122-23 (D. Kan. 2002); *Alexander v. Smith & Nephew*, P.L.C., 90 F. Supp. 2d 1225, 1235 (N.D. Ok. 2000); *In re Norplant Contraceptive Prods. Liab. Litig.*, No. MDL 1038, 1997 WL 81092, at *1 (E.D. Tex. Feb. 21, 1997).

**Irrelevant: Other events:**  Reports of other events or transactions not involving either Neurontin or Kaiser  lack substantial similarity to this case, and are, therefore, inadmissible as evidence of other incidents or accidents pursuant to Rules 401-404. *See Cameron v. Otto Bock Orthopedic Industries*, 43 F.3d 14, 16 (1st Cir. 1994); *Vincent v. Louis Marx & Co., Inc.*, 874 F.2d 36, 43 (1st Cir. 1989), *abrogation on other grounds recognized by*, *Knowlton v. Deseret Med., Inc.*, 930 F.2d 116, 123 n.4 (1st Cir. 1991); *Soldo v. Sandoz Pharms. Corp.*,  244 F.Supp.2d 434, 550−551 (W.D. Pa. 2003); *Wolf v. Proctor & Gamble Co.*, 555 F. Supp. 613, 622 (D.N.J. 1982).

**Irrelevant: The *Franklin* litigation and other claims or actions:**  Evidence from the *Franklin* litigation and other claims, actions, or legal proceedings are inadmissible because they have no tendency to make more or less probable the existence of any fact of consequence. *See, e.g.*, *CPC Int'l v. Northbrook Excess & Surplus Ins. Co.*, 144 F.3d 35, 45 (1st Cir. 1998); *Kinan v. City of Brockton*, 876 F.2d 1029, 1034-35 (1st Cir. 1989); *McLeod v. Parsons Corp.*, 73

4

F. App'x 846, 853-54 (6th Cir. 2003); *Barnes v. Koppers, Inc.*, No. 3:03CV60-P-D, 2006 WL 940279, at *3 (N.D. Miss. Apr. 11, 2006).  In addition to being inadmissible under Rules 401 and 402, this deposition testimony is inadmissible under this Court's Fraud Order, and the facts of this case because there is no evidence connecting the testimony to Plaintiffs.

**Lack of personal knowledge:**  A witness may not testify to a matter unless evidence is introduced to show that the witness has personal knowledge of the matter.  Fed. R. Evid. 602.

**Rule of completeness:**  When a part of deposition testimony is offered into evidence by a party, an adverse party may introduce any other parts which ought in fairness to be considered with the part introduced.  Fed. R. Civ. P. 32(a)(6); *see also* Fed. R. Evid. 106; *United States v. Awon,* 135 F.3d 96, 101 (1st Cir. 1998); *United States v. Salemme*, 91 F. Supp. 2d 141, 164 (D. Mass. 1999).

**Probative value substantially outweighed:**  To the extent the Court determines that deposition testimony objected to by Defendants on any relevancy ground is relevant, the testimony should still be excluded under Rule 403 because its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Fed. R. Evid. 403; *see Old Chief v. United States*, 519 U.S. 172, 180 (1997); *Williams v. Drake*, 146 F.3d 44, 48 (1st Cir. 1998).

**Answer fragment**:  Plaintiffs designated only a portion of an answer, or designated an answer with no corresponding question.

**Argumentative**:  The question is improper argument directed to the witness.

**Asked and answered**:  The question has been previously asked and answered by the witness.

**Assumes facts not in evidence**:  Question is premised on "facts" that have not been offered into evidence.

**Compound**:  The question contains two or more separate questions.

**Counsel testifying**:  The question consists of narrative by counsel rather than a question to the witness.

**Cumulative**:   The question seeks testimony already provided by the witness. Fed. R. Evid. 403, 611; *see also United States v. Cunan*, 152 F.3d 29, 36 (1st Cir. 1998); *Kelley v. Airborne Freight Corp.*, 140 F.3d 335, 346-47 (1st Cir. 1998); *United States v. Sorrentino*, 726 F.2d 876, 885 (1st Cir. 1984).

**Fails to refresh recollection**:  When an exhibit introduced at a deposition fails to refresh the witness's recollection, any testimony regarding the exhibit lacks foundation.

**Form**:  The question is asked in an improper form.

**Harassing the witness**:  The question is asked in a manner that harasses the witness.

**Improper predicate**:  The question is preceded by improper colloquy.

**Incomplete hypothetical**:  The question consists of a hypothetical that omits facts and is thus misleading to the jury.

**Leading**: The question suggests to the witness the answer the examining party desires.

**Misstates facts**:  The question misstates the facts contained in the record.

**Misstates testimony**:   The question misstates previous testimony provided by the deponent or another witness.

**Non-responsive**:  The designated testimony is not responsive to the question.

**Privilege**:  The question seeks to elicit testimony that is protected by the attorney-client privilege.

**Question fragment**:  The designation consists of a portion of a question or a question with no corresponding answer.

**Speculative**:  The question calls for the witness to speculate or guess about a subject.

**Vague/ambiguous**:  The question is confusing, vague, ambiguous, and unintelligible.

## INCORPORATION OF DEFENDANTS' MOTIONS *IN LIMINE*

Defendants incorporate by reference all objections to exhibits identified in designated testimony set forth in Defendants' Objections to Plaintiffs' Exhibits. Defendants also incorporate herein the following motions *in limine*, and object to any deposition testimony on these grounds, based on their requests that the Court enter an Order excluding:

1.      The guilty plea dated May 13, 2004; any negotiation, settlement, or agreement between Pfizer and/or Warner-Lambert with any government entity arising out of the guilty plea; or any related government finding or investigation of marketing of Neurontin in violation of the Food, Drug, and Cosmetic Act, and the fact of any such investigation.

2.      Evidence offered by Plaintiffs or references to conduct unrelated to Neurontin, including: (i) an August 31, 2009, settlement among Pfizer, the United States Department of Justice, and certain other government agencies (collectively, the "Government"), pursuant to which Pfizer and the Government agreed to settle certain qui tam actions against Pfizer involving drugs other than Neurontin (the "August 2009 Settlement") and (ii) a plea agreement between the Government and Pharmacia & Upjohn Company, Inc. (a company that is not a party to this litigation) involving the drug Bextra (the "Pharmacia Plea"), as well as any related government finding or investigation in connection with the August 2009 Settlement or Pharmacia Plea.

3.      The testimony of Plaintiffs' expert John Abramson.

4.      The testimony of Plaintiffs' expert Kay Dickersin.

5.      The testimony of Plaintiffs' expert Raymond Hartman.

6.      The testimony of Plaintiffs' expert Meredith Rosenthal.

7.      The testimony of Plaintiffs' experts Renee Conti or Curt Furberg.

8.      The testimony of David Franklin

# DEFENDANTS' EXHIBIT A

# DEFENDANTS' OBJECTIONS TO PLAINTIFFS' COUNTER-DESIGNATIONS

| | | |
|---|---|---|
| **Page:** | 0059:17 - 0059:20 | Carver, Albert - |
| **Issue:** | DO: Irrelevant | 07/12/2007 |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0077:12 - 0077:13 | Carver, Albert - |
| **Issue:** | DO: Speculative | 07/12/2007 |
| **Page:** | 0078:21 - 0078:22 | Carver, Albert - |
| **Issue:** | DO: Lack of personal knowledge | 07/12/2007 |
| | DO: Speculative | |
| **Page:** | 0112:25 - 0113:15 | Carver, Albert - |
| **Issue:** | DO: Irrelevant | 07/12/2007 |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0113:02 - 0113:02 | Carver, Albert - |
| **Issue:** | DO: Answer Fragment | 07/12/2007 |
| | DO: Irrelevant | |
| **Page:** | 0127:23 - 0128:12 | Carver, Albert - |
| **Issue:** | DO: Lack of personal knowledge | 07/12/2007 |
| | DO: Opinion Testimony | |
| **Page:** | 0130:06 - 0130:14 | Carver, Albert - |
| **Issue:** | DO: Irrelevant | 07/12/2007 |
| | DO: Not Responsive | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0151:02 - 0151:04 | Carver, Albert - |
| **Issue:** | DO: Counsel Testifying | 07/12/2007 |
| | DO: Irrelevant | |
| | DO: Probative value substantially outweighed | |
| | DO: Rule of Completeness | |
| **Page:** | 0162:19 - 0162:25 | Carver, Albert - |

| **Issue:** | DO: Hearsay | 07/12/2007 |
| | DO: Irrelevant | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0184:25 - 0185:11 | Carver, Albert - |
| **Issue:** | DO: Irrelevant | 07/12/2007 |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0252:20 - 0253:18 | Carver, Albert - |
| **Issue:** | DO: Foundation | 07/13/2007 |
| | DO: Hearsay | |
| | DO: Irrelevant | |
| | DO: Move to Strike | |
| | DO: Not Responsive | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0293:22 - 0293:24 | Carver, Albert - |
| **Issue:** | DO: Irrelevant | 07/13/2007 |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0294:05 - 0294:14 | Carver, Albert - |
| **Issue:** | DO: Irrelevant | 07/13/2007 |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0294:18 - 0295:22 | Carver, Albert - |
| **Issue:** | DO: Irrelevant | 07/13/2007 |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0341:18 - 0342:09 | Carver, Albert - |
| **Issue:** | DO: Answer Fragment | 07/13/2007 |
| | DO: Irrelevant | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0500:19 - 0500:25 | Carver, Albert - |
| **Issue:** | DO: Assumes facts not in evidence | 07/13/2007 |
| | DO: Foundation | |
| | DO: Irrelevant | |
| | DO: Probative value substantially outweighed | |

|  |  |  |
|---|---|---|
|  | DO: Speculative |  |
| **Page:** | 0501:09 - 0501:24 | Carver, Albert - |
| **Issue:** | DO: Foundation | 07/13/2007 |
|  | DO: Irrelevant |  |
|  | DO: Lack of personal knowledge |  |
|  | DO: Opinion Testimony |  |
|  | DO: Probative value substantially outweighed |  |
|  | DO: Speculative |  |
| **Page:** | 0502:06 - 0502:12 | Carver, Albert - |
| **Issue:** | DO: Foundation | 07/13/2007 |
|  | DO: Irrelevant |  |
|  | DO: Lack of personal knowledge |  |
|  | DO: Opinion Testimony |  |
|  | DO: Probative value substantially outweighed |  |
| **Page:** | 0503:12 - 0504:08 | Carver, Albert - |
| **Issue:** | DO: Counsel Testifying | 07/13/2007 |
|  | DO: Hearsay |  |
|  | DO: Irrelevant |  |
|  | DO: Opinion Testimony |  |
|  | DO: Probative value substantially outweighed |  |
| **Page:** | 0505:11 - 0505:17 | Carver, Albert - |
| **Issue:** | DO: Calls for legal conclusion | 07/13/2007 |
|  | DO: Counsel Testifying |  |
| **Page:** | 0505:22 - 0506:06 | Carver, Albert - |
| **Issue:** | DO: Calls for legal conclusion | 07/13/2007 |
|  | DO: Counsel Testifying |  |
| **Page:** | 0070:19 - 0071:12 | Arness, John - |
| **Issue:** | DO: Assumes facts not in evidence | 02/13/2008 |
|  | DO: Compound |  |
|  | DO: Form |  |

|  | | |
|---|---|---|
| | DO: Irrelevant<br><br>DO: Probative value substantially outweighed | |
| **Page:** 0074:06 - 0075:09<br><br>**Issue:** DO: Hearsay | | Callandrillo, Jim -<br><br>11/29/2007 |
| **Page:** 0078:12 - 0079:16<br><br>**Issue:** DO: Irrelevant<br><br>DO: Opinion testimony<br><br>DO: Probative value substantially outweighed | | Chandler, David -<br><br>10/30/2007 |
| **Page:** 0026:05 - 0026:12<br><br>**Issue:** DO: Hearsay | | Cohen, Mitchell -<br><br>10/11/2007 |
| **Page:** 0040:25 - 0041:09<br><br>**Issue:** DO: Irrelevant<br><br>DO: Probative value substantially outweighed | | Cohen, Mitchell -<br><br>10/11/2007 |
| **Page:** 0048:03 - 0048:15<br><br>**Issue:** DO: Foundation<br><br>DO: Hearsay<br><br>DO: Irrelevant<br><br>DO: Probative value substantially outweighed | | Cohen, Mitchell -<br><br>10/11/2007 |
| **Page:** 0032:13 - 0032:24<br><br>**Issue:** DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Leading<br><br>DO: Probative value substantially outweighed<br><br>DO: Speculative | | Cooper, David -<br><br>12/20/2007 |
| **Page:** 0035:23 - 0036:24<br><br>**Issue:** DO: Hearsay<br><br>DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Probative value substantially outweighed | | Cooper, David -<br><br>12/20/2007 |
| **Page:** 0058:14 - 0060:11 | | Cooper, David - |

11

| | | |
|---|---|---|
| **Issue:** | DO: Foundation | 12/20/2007 |
| | DO: Hearsay | |
| | DO: Irrelevant: Marketing, advertising and publications (incl. other indications) | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0081:16 - 0082:07 | Cooper, David - |
| **Issue:** | DO: Foundation | 12/20/2007 |
| | DO: Irrelevant: Marketing, advertising and publications (incl. other indications) | |
| | DO: Probative value substantially outweighed | |
| | DO: Speculative | |
| **Page:** | 0130:14 - 0130:17 | Cooper, David - |
| **Issue:** | DO: Irrelevant: Marketing, advertising and publications (incl. other indications) | 12/20/2007 |
| | DO: Lack of personal knowledge | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0036:22 - 0037:01 | Danesh, Mitchell - |
| **Issue:** | DO: Hearsay | 11/06/2007 |
| **Page:** | 0038:20 - 0039:09 | Danesh, Mitchell - |
| **Issue:** | DO: Hearsay | 11/06/2007 |
| | DO: Rule of completeness | |
| **Page:** | 0073:06 - 0073:08 | Danesh, Mitchell - |
| **Issue:** | DO: Hearsay | 11/06/2007 |
| **Page:** | 0073:15 - 0073:18 | Danesh, Mitchell - |
| **Issue:** | DO: Hearsay | 11/06/2007 |
| **Page:** | 0084:12 - 0084:15 | Danesh, Mitchell - |
| **Issue:** | DO: Hearsay | 11/06/2007 |
| **Page:** | 0106:04 - 0106:10 | Danesh, Mitchell - |
| **Issue:** | DO: Hearsay | 11/06/2007 |
| **Page:** | 0138:15 - 0140:11 | Danesh, Mitchell - |
| **Issue:** | DO: Hearsay | 11/06/2007 |

| | | |
|---|---|---|
| **Page:** 0153:07 - 0155:06 | | Danesh, Mitchell - |
| **Issue:** DO: Asked and answered | | 11/06/2007 |
| DO: Foundation | | |
| DO: Lack of personal knowledge | | |
| DO: Leading | | |
| DO: Opinion testimony | | |
| DO: Speculative | | |
| DO: Vague/ambiguous | | |
| **Page:** 0140:14 - 0140:14 | | Dea, Robin - |
| **Issue:** DO: Answer fragment | | 09/28/2007 |
| DO: Irrelevant | | |
| DO: Probative value substantially outweighed | | |
| **Page:** 0142:04 - 0142:21 | | Dea, Robin - |
| **Issue:** DO: Irrelevant | | 09/28/2007 |
| DO: Not Responsive | | |
| DO: Probative value substantially outweighed | | |
| **Page:** 0175:07 - 0175:20 | | Dea, Robin - |
| **Issue:** DO: Irrelevant | | 09/28/2007 |
| DO: Probative value substantially outweighed | | |
| **Page:** 0183:04 - 0184:07 | | Dea, Robin - |
| **Issue:** DO: Irrelevant: Marketing, advertising and publications (incl. other indications) | | 09/28/2007 |
| DO: Not Responsive | | |
| DO: Probative value substantially outweighed | | |
| **Page:** 0184:11 - 0184:17 | | Dea, Robin - |
| **Issue:** DO: Foundation | | 09/28/2007 |
| DO: Irrelevant | | |
| DO: Opinion testimony | | |
| DO: Probative value substantially outweighed | | |
| DO: Speculative | | |

13

| **Page:** | 0184:20 - 0185:02 | Dea, Robin - |
|---|---|---|
| **Issue:** | DO: Irrelevant | 09/28/2007 |
| | DO: Probative value substantially outweighed | |
| | DO: Speculative | |
| | DO: Vague/ambiguous | |
| **Page:** | 0185:05 - 0185:07 | Dea, Robin - |
| **Issue:** | DO: Irrelevant | 09/28/2007 |
| | DO: Probative value substantially outweighed | |
| | DO: Speculative | |
| | DO: Vague/ambiguous | |
| **Page:** | 0185:09 - 0185:22 | Dea, Robin - |
| **Issue:** | DO: Irrelevant | 09/28/2007 |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0186:16 - 0187:03 | Dea, Robin - |
| **Issue:** | DO: Foundation | 09/28/2007 |
| | DO: Irrelevant | |
| | DO: Opinion testimony | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0110:05 - 0110:14 | Dhaduk, Vithal - |
| **Issue:** | DO: Irrelevant | 11/12/2006 |
| | DO: Probative value substantially outweighed | |
| | DO: Question fragment | |
| **Page:** | 0110:18 - 0110:24 | Dhaduk, Vithal - |
| **Issue:** | DO: Irrelevant | 11/12/2006 |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0125:07 - 0125:20 | Dhaduk, Vithal - |
| **Issue:** | DO: Hearsay | 11/12/2006 |
| | DO: Irrelevant | |
| | DO: Probative value substantially outweighed | |

14

| | | |
|---|---|---|
| **Page:** 0125:21 - 0126:03<br><br>**Issue:** DO: Cumulative<br><br>DO: Irrelevant<br><br>DO: Probative value substantially outweighed | | Dhaduk, Vithal -<br><br>11/12/2006 |
| **Page:** 0127:05 - 0127:18<br><br>**Issue:** DO: Irrelevant<br><br>DO: Probative value substantially outweighed | | Dhaduk, Vithal -<br><br>11/12/2006 |
| **Page:** 0128:02 - 0128:04<br><br>**Issue:** DO: Irrelevant<br><br>DO: Probative value substantially outweighed | | Dhaduk, Vithal -<br><br>11/12/2006 |
| **Page:** 0133:11 - 0133:14<br><br>**Issue:** DO: Irrelevant<br><br>DO: Probative value substantially outweighed | | Dhaduk, Vithal -<br><br>11/12/2006 |
| **Page:** 0151:09 - 0152:09<br><br>**Issue:** DO: Irrelevant<br><br>DO: Probative value substantially outweighed | | Dhaduk, Vithal -<br><br>11/12/2006 |
| **Page:** 0153:11 - 0157:11<br><br>**Issue:** DO: Irrelevant<br><br>DO: Probative value substantially outweighed | | Dhaduk, Vithal -<br><br>11/12/2006 |
| **Page:** 0158:04 - 0158:11<br><br>**Issue:** DO: Irrelevant<br><br>DO: Probative value substantially outweighed | | Dhaduk, Vithal -<br><br>11/12/2006 |
| **Page:** 0160:18 - 0160:21<br><br>**Issue:** DO: Irrelevant<br><br>DO: Probative value substantially outweighed | | Dhaduk, Vithal -<br><br>11/12/2006 |
| **Page:** 0164:02 - 0164:20<br><br>**Issue:** DO: Irrelevant<br><br>DO: Probative value substantially outweighed | | Dhaduk, Vithal -<br><br>11/12/2006 |

| | | |
|---|---|---|
| **Page:** 0165:04 - 0165:08 <br><br> **Issue:** DO: Irrelevant <br><br> DO: Probative value substantially outweighed | | Dhaduk, Vithal - <br><br> 11/12/2006 |
| **Page:** 0166:04 - 0166:12 <br><br> **Issue:** DO: Irrelevant <br><br> DO: Probative value substantially outweighed | | Dhaduk, Vithal - <br><br> 11/12/2006 |
| **Page:** 0250:25 - 0251:22 <br><br> **Issue:** DO: Foundation <br><br> DO: Hearsay <br><br> DO: Irrelevant: Marketing, advertising and publications (incl. other indications) <br><br> DO: Probative value substantially outweighed | | Dhaduk, Vithal - <br><br> 11/12/2006 |
| **Page:** 0252:24 - 0253:11 <br><br> **Issue:** DO: Hearsay <br><br> DO: Irrelevant: Marketing, advertising and publications (incl. other indications) <br><br> DO: Probative value substantially outweighed | | Dhaduk, Vithal - <br><br> 11/12/2006 |
| **Page:** 0265:06 - 0265:13 <br><br> **Issue:** DO: Foundation <br><br> DO: Hearsay <br><br> DO: Irrelevant: Marketing, advertising and publications (incl. other indications) <br><br> DO: Probative value substantially outweighed | | Dhaduk, Vithal - <br><br> 11/12/2006 |
| **Page:** 0284:18 - 0285:06 <br><br> **Issue:** DO: Leading <br><br> DO: Misstates testimony | | Dhaduk, Vithal - <br><br> 11/12/2006 |
| **Page:** 0287:24 - 0288:11 <br><br> **Issue:** DO: Leading <br><br> DO: Probative value substantially outweighed <br><br> DO: Speculative | | Dhaduk, Vithal - <br><br> 11/12/2006 |
| **Page:** 0010:24 - 0012:11 <br><br> **Issue:** DO: Irrelevant | | Maizels, Morris - <br><br> 09/26/2007 |

| | | |
|---|---|---|
| ☐ | DO: Probative value substantially outweighed | |
| **Page:** 0012:15 - 0013:19 | | Maizels, Morris - |
| **Issue:** | DO: Irrelevant | 09/26/2007 |
| | DO: Probative value substantially outweighed | |
| | DO: Question fragment | |
| **Page:** 0025:24 - 0027:12 | | Maizels, Morris - |
| **Issue:** | DO: Irrelevant | 09/26/2007 |
| | DO: Leading | |
| | DO: Probative value substantially outweighed | |
| **Page:** 0027:23 - 0028:05 | | Maizels, Morris - |
| **Issue:** | DO: Irrelevant | 09/26/2007 |
| | DO: Probative value substantially outweighed | |
| **Page:** 0064:17 - 0065:02 | | Maizels, Morris - |
| **Issue:** | DO: Irrelevant | 09/26/2007 |
| | DO: Probative value substantially outweighed | |
| **Page:** 0072:09 - 0072:10 | | Maizels, Morris - |
| **Issue:** | DO: Irrelevant | 09/26/2007 |
| | DO: Lack of personal knowledge | |
| | DO: Probative value substantially outweighed | |
| **Page:** 0118:09 - 0120:04 | | Maizels, Morris - |
| **Issue:** | DO: Argumentative | 09/26/2007 |
| | DO: Form | |
| | DO: Foundation | |
| | DO: Hearsay | |
| | DO: Hearsay-within-Hearsay | |
| | DO: Irrelevant | |
| | DO: Lack of personal knowledge | |
| | DO: Leading | |
| | DO: Opinion testimony | |

17

| | | |
|---|---|---|
| | DO: Probative value substantially outweighed | |
| **Page:** | 0120:08 - 0120:13 | Maizels, Morris - |
| **Issue:** | DO: Answer fragment | 09/26/2007 |
| | DO: Assumes facts not in evidence | |
| | DO: Form | |
| | DO: Foundation | |
| | DO: Irrelevant | |
| | DO: Opinion testimony | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0135:20 - 0137:14 | Maizels, Morris - |
| **Issue:** | DO: Foundation | 09/26/2007 |
| | DO: Lack of personal knowledge | |
| | DO: Opinion testimony | |
| | DO: Speculative | |
| **Page:** | 0144:03 - 0144:11 | Maizels, Morris - |
| **Issue:** | DO: Assumes facts not in evidence | 09/26/2007 |
| | DO: Form | |
| | DO: Foundation | |
| | DO: Irrelevant | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0160:21 - 0161:04 | Maizels, Morris - |
| **Issue:** | DO: Argumentative | 09/26/2007 |
| | DO: Form | |
| | DO: Foundation | |
| | DO: Irrelevant | |
| | DO: Leading | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0173:05 - 0173:11 | Maizels, Morris - |
| **Issue:** | DO: Irrelevant | 09/26/2007 |

| | |
|---|---|
| DO: Probative value substantially outweighed | |
| **Page:** 0174:23 - 0175:07<br><br>**Issue:** DO: Irrelevant<br><br>DO: Probative value substantially outweighed<br><br>DO: Speculative<br><br>DO: Vague/ambiguous | Maizels, Morris -<br><br>09/26/2007 |
| **Page:** 0187:13 - 0188:24<br><br>**Issue:** DO: Form<br><br>DO: Hearsay<br><br>DO: Hearsay-within-Hearsay<br><br>DO: Irrelevant<br><br>DO: Opinion testimony<br><br>DO: Probative value substantially outweighed<br><br>DO: Speculative | Maizels, Morris -<br><br>09/26/2007 |
| **Page:** 0190:12 - 0191:13<br><br>**Issue:** DO: Argumentative<br><br>DO: Form<br><br>DO: Foundation<br><br>DO: Hearsay<br><br>DO: Irrelevant<br><br>DO: Probative value substantially outweighed | Maizels, Morris -<br><br>09/26/2007 |
| **Page:** 0193:04 - 0193:07<br><br>**Issue:** DO: Answer fragment<br><br>DO: Form<br><br>DO: Foundation<br><br>DO: Irrelevant<br><br>DO: Probative value substantially outweighed<br><br>DO: Rule of completeness | Maizels, Morris -<br><br>09/26/2007 |
| **Page:** 0193:08 - 0194:19 | Maizels, Morris - |

19

| | | |
|---|---|---|
| **Issue:** | DO: Answer fragment | 09/26/2007 |
| | DO: Rule of completeness | |
| **Page:** | 0197:22 - 0198:09 | Maizels, Morris - |
| **Issue:** | DO: Irrelevant | 09/26/2007 |
| | DO: Leading | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0198:20 - 0199:07 | Maizels, Morris - |
| **Issue:** | DO: Form | 09/26/2007 |
| | DO: Foundation | |
| | DO: Irrelevant | |
| | DO: Not Responsive | |
| | DO: Probative value substantially outweighed | |
| | DO: Speculative | |
| | DO: Vague/ambiguous | |
| **Page:** | 0200:02 - 0201:21 | Maizels, Morris - |
| **Issue:** | DO: Answer fragment | 09/26/2007 |
| | DO: Assumes facts not in evidence | |
| | DO: Form | |
| | DO: Foundation | |
| | DO: Irrelevant | |
| | DO: Leading | |
| | DO: Probative value substantially outweighed | |
| | DO: Rule of completeness | |
| | DO: Speculative | |
| **Page:** | 0201:23 - 0202:23 | Maizels, Morris - |
| **Issue:** | Defendant's counter-designation | 09/26/2007 |
| | DO: Rule of completeness | |
| **Page:** | 0203:12 - 0203:23 | Maizels, Morris - |
| **Issue:** | DO: Argumentative | 09/26/2007 |

| | | |
|---|---|---|
| | DO: Counsel testifying | |
| | DO: Form | |
| | DO: Foundation | |
| | DO: Incomplete hypothetical | |
| | DO: Irrelevant | |
| | DO: Leading | |
| | DO: Move to Strike | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0203:25 - 0204:20 | Maizels, Morris - |
| **Issue:** | DO: Argumentative | 09/26/2007 |
| | DO: Assumes facts not in evidence | |
| | DO: Foundation | |
| | DO: Irrelevant | |
| | DO: Leading | |
| | DO: Move to Strike | |
| | DO: Opinion testimony | |
| | DO: Probative value substantially outweighed | |
| | DO: Speculative | |
| **Page:** | 0205:24 - 0206:06 | Maizels, Morris - |
| **Issue:** | DO: Hearsay | 09/26/2007 |
| | DO: Irrelevant | |
| | DO: Lack of personal knowledge | |
| | DO: Leading | |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0058:13 - 0060:21 | Milan, Janet - |
| **Issue:** | DO: Irrelevant: Marketing, advertising and publications (incl. other indications) | 11/29/2007 |
| | DO: Probative value substantially outweighed | |
| **Page:** | 0067:18 - 0069:07 | Milan, Janet - |
| **Issue:** | DO: Argumentative | 11/29/2007 |
| | DO: Assumes facts not in evidence | |

| | | |
|---|---|---|
| DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Irrelevant<br><br>DO: Leading<br><br>DO: Probative value substantially outweighed | | |
| **Page:** 0080:18 - 0082:03<br><br>**Issue:** DO: Argumentative<br><br>DO: Assumes facts not in evidence<br><br>DO: Foundation<br><br>DO: Hearsay<br><br>DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Leading<br><br>DO: Misstates testimony<br><br>DO: Probative value substantially outweighed | Milan, Janet -<br><br>11/29/2007 | |
| **Page:** 0107:01 - 0107:15<br><br>**Issue:** DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Probative value substantially outweighed<br><br>DO: Speculative | Milan, Janet -<br><br>11/29/2007 | |
| **Page:** 0107:16 - 0108:07<br><br>**Issue:** DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Leading<br><br>DO: Probative value substantially outweighed | Milan, Janet -<br><br>11/29/2007 | |
| **Page:** 0108:08 - 0109:06<br><br>**Issue:** DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Probative value substantially outweighed | Milan, Janet -<br><br>11/29/2007 | |
| **Page:** 0109:07 - 0109:20<br><br>**Issue:** DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Leading<br><br>DO: Probative value substantially outweighed<br><br>DO: Speculative | Milan, Janet -<br><br>11/29/2007 | |

| | |
|---|---|
| DO: Vague/ambiguous | |
| **Page:** 0117:23 - 0118:23<br><br>**Issue:** DO: Argumentative<br><br>DO: Assumes facts not in evidence<br><br>DO: Foundation<br><br>DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Misstates testimony<br><br>DO: Probative value substantially outweighed<br><br>DO: Speculative | Milan, Janet -<br><br>11/29/2007 |
| **Page:** 0118:24 - 0119:15<br><br>**Issue:** DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Probative value substantially outweighed | Milan, Janet -<br><br>11/29/2007 |
| **Page:** 0119:16 - 0120:01<br><br>**Issue:** DO: Argumentative<br><br>DO: Assumes facts not in evidence<br><br>DO: Counsel testifying<br><br>DO: Foundation<br><br>DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Probative value substantially outweighed | Milan, Janet -<br><br>11/29/2007 |
| **Page:** 0122:01 - 0122:08<br><br>**Issue:** DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Probative value substantially outweighed | Milan, Janet -<br><br>11/29/2007 |
| **Page:** 0122:09 - 0123:17<br><br>**Issue:** DO: Argumentative<br><br>DO: Asked and answered<br><br>DO: Counsel testifying<br><br>DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Leading<br><br>DO: Probative value substantially outweighed | Milan, Janet -<br><br>11/29/2007 |

| | | |
|---|---|---|
| **Page:** 0037:17 - 0037:20 | | Millares, Mirta - |
| **Issue:** DO: Rule of completeness | | 01/10/2008 |
| **Page:** 0059:14 - 0059:24 | | Millares, Mirta - |
| **Issue:** DO: Foundation | | 01/10/2008 |
| **Page:** 0154:11 - 0155:05 | | Millares, Mirta - |
| **Issue:** DO: Irrelevant | | 01/10/2008 |
| DO: Probative value substantially outweighed | | |
| **Page:** 0196:07 - 0196:20 | | Millares, Mirta - |
| **Issue:** DO: Hearsay | | 01/10/2008 |
| **Page:** 0198:07 - 0198:08 | | Millares, Mirta - |
| **Issue:** DO: Rule of completeness | | 01/10/2008 |
| **Page:** 0198:09 - 0199:08 | | Millares, Mirta - |
| **Issue:** DO: Hearsay | | 01/10/2008 |
| **Page:** 0221:08 - 0222:16 | | Millares, Mirta - |
| **Issue:** DO: Foundation | | 01/10/2008 |
| **Page:** 0076:15 - 0076:22 | | Millares, Mirta - |
| **Issue:** DO: Irrelevant | | 10/02/2007 |
| DO: Not Responsive | | |
| DO: Probative value substantially outweighed | | |
| **Page:** 0076:23 - 0077:04 | | Millares, Mirta - |
| **Issue:** DO: Irrelevant | | 10/02/2007 |
| DO: Probative value substantially outweighed | | |
| **Page:** 0095:01 - 0095:08 | | Millares, Mirta - |
| **Issue:** DO: Irrelevant | | 10/02/2007 |
| DO: Probative value substantially outweighed | | |
| **Page:** 0098:20 - 0099:04 | | Millares, Mirta - |
| **Issue:** DO: Irrelevant | | 10/02/2007 |
| DO: Lack of personal knowledge | | |

| | | |
|---|---|---|
| DO: Not Responsive<br><br>DO: Probative value substantially outweighed | | |
| **Page:** 0046:03 - 0046:25<br><br>**Issue:** DO: Counsel testifying<br><br>DO: Foundation<br><br>DO: Hearsay<br><br>DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Probative value substantially outweighed | Valerio, Stephen -<br><br>11/28/2007 | |
| **Page:** 0063:21 - 0064:20<br><br>**Issue:** DO: Hearsay<br><br>DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Probative value substantially outweighed | Valerio, Stephen -<br><br>11/28/2007 | |
| **Page:** 0195:06 - 0195:11<br><br>**Issue:** DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Probative value substantially outweighed | Valerio, Stephen -<br><br>11/28/2007 | |
| **Page:** 0195:22 - 0196:11<br><br>**Issue:** DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Probative value substantially outweighed | Valerio, Stephen -<br><br>11/28/2007 | |
| **Page:** 0165:05 - 0165:11<br><br>**Issue:** DO: Irrelevant<br><br>DO: Probative value substantially outweighed | Vinegra, Michael -<br><br>11/15/2007 | |
| **Page:** 0212:17 - 0215:16<br><br>**Issue:** DO: Foundation<br><br>DO: Irrelevant: Foreign labels and actions<br><br>DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Probative value substantially outweighed | Vinegra, Michael -<br><br>11/15/2007 | |
| **Page:** 0215:17 - 0215:23<br><br>**Issue:** DO: Irrelevant: Foreign labels and actions<br><br>DO: Irrelevant: Marketing, advertising and publications (incl. other indications) | Vinegra, Michael -<br><br>11/15/2007 | |

| | | |
|---|---|---|
| DO: Leading<br><br>DO: Probative value substantially outweighed<br><br>DO: Speculative | | |
| **Page:** 0220:16 - 0221:03<br><br>**Issue:** DO: Compound<br><br>DO: Foundation<br><br>DO: Irrelevant: Marketing, advertising and publications (incl. other indications)<br><br>DO: Leading<br><br>DO: Probative value substantially outweighed | | Vinegra, Michael -<br><br>11/15/2007 |

Dated:  February 3, 2010     Respectfully submitted,


         SKADDEN, ARPS, SLATE,
          MEAGHER & FLOM LLP

         By: /s/ Mark S. Cheffo
           Mark S. Cheffo

         Four Times Square
         New York, NY 10036
         Tel:  (212) 735-3000

           -and-

         SKADDEN, ARPS, SLATE,
          MEAGHER & FLOM LLP

         By: /s/ Raoul D. Kennedy
           Raoul D. Kennedy

         Four Embarcadero Center
         San Francisco CA 94111
         Tel:  (415) 984-6400

           -and-

         WHEELER TRIGG O'DONNELL LLP

         By: /s/ James E. Hooper
           James E. Hooper

         1801 California Street
         Suite 3600
         Denver, CO 80202-2617
         Tel:  (303) 244-1800

           -and-

WHITE AND WILLIAMS LLP

By: /s/ David B. Chaffin
    David B. Chaffin
    BBO # 549245

100 Summer Street, Suite 2707
Boston, MA 02110
Tel:  (617) 748-5200

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that this document has been served upon counsel for Plaintiffs by e-mail on February 3, 2010.

/s/ Katherine Armstrong
Katherine Armstrong