UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

## DEFENDANTS' SPECIAL REQUESTS FOR JURY INTERROGATORIES

Defendants, Pfizer Inc ("Pfizer") and Warner-Lambert Company LLC ("Warner-Lambert") (collectively, "Defendants"), pursuant to this Court's Procedural Order of November 12, 2009 [2172], hereby propose that the special interrogatories attached hereto be submitted to the jury following the trial of this matter. Defendants submit these proposed interrogatories without waiver of their right to contend at trial that certain questions should not be asked because the evidence admitted does not warrant submitting some or all of the issues to the jury and without waiver of their right to request additional or modified questions in light of the record developed at trial, rulings by this Court, or other subsequent developments.

Defendants renew their request for a jury trial as to all matters triable as a matter for right before a jury. In addition, as to those matters as to which there may not be a right to a jury trial (more specifically, Plaintiffs' claim under California's Unfair Competition Law ("UCL")), Pfizer requests that the jury be asked to sit as an advisory jury and answer special interrogatories as to Plaintiffs' UCL claim. *See* Fed. R. Civ. P. 39(c)(1); *see also Cambridge Plating Co. v. NAPCO, Inc.*, 890 F. Supp. 55, 59-60 (D. Mass. 1995), *aff'd, in part, vacated in part*, 85 F.3d 752 (1st Cir. 1996) (using advisory jury on claim asserted under Massachusetts General Laws ch. 93A); *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 388 F. Supp. 2d 37, 62 (N.D.N.Y. 2005) (jury, in an advisory capacity, addressed the threshold inequitable conduct questions of materiality and intent to deceive); *Echometer Co. v. Lufkin Indus., Inc.*, No. Civ. A. 7:00-cv-0101-N, 2004 WL 575954, at *1-2 (N.D. Tex. Mar. 22, 2004) (giving substantial weight to the jury's advisory

verdict on inequitable conduct).  The value of the consensus decision making process inherent in the jury system has been repeatedly recognized by courts.  *See Lirette v. Shiva Corp.*, 27 F. Supp. 2d 268, 271 n.3 (D. Mass. 1998) ("Our juries are the ultimate realization of our people working together, under law, to do justice."); *Mass. Eye & Ear Infirmary v. QLT, Inc*. 495 F. Supp. 2d 188, 198 (D. Mass. 2007) ("The right to trial by jury is not a mere formality in civil cases[,] . . . it is direct democracy at work."), *aff'd in part, vacated in part on other grounds*, 552 F.3d 47 (1st Cir. 2009).   Where, as here, the Court is required to empanel a jury in order to decide Plaintiffs' RICO and other legal claims, the opportunity to obtain the jury's advice on Plaintiffs' UCL claims should not be passed up.   Accordingly, Defendants' include proposed instructions regarding Plaintiffs' UCL claims.

Plaintiffs also seek to recover under the consumer protection statutes of various states. The Third Amended Complaint does not indicate which Plaintiff is seeking to recovery under which State's statutes; presumably Kaiser Foundation Health Plan seeks to invoke the statutes where its subsidiaries – Kaiser Foundation Health Plan of Colorado; Kaiser Foundation Health Plan of Georgia, Inc.; Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.; Kaiser Foundation Health Plan of the Northwest; and Kaiser Foundation Health Plan of Ohio − operate. However, it is well established that a parent company may not recover for damages to a subsidiary.  *See, e.g.*, *PayPhone v. Brooks Fiber Commc'ns of R.I.*, 126 F. Supp. 2d 175, 179 (D.R.I. 2001); *Resolution Trust Corp. v. Fleischer*, 848 F. Supp. 917, 923 (D. Kan. 1994); *United Cont'l Tuna Corp. v. United States*, 550 F.2d 569, 573 (9th Cir. 1977).   Kaiser, therefore, has no standing to assert the consumer protection statute of any state other than California.

Additionally, even if Plaintiffs were not barred from asserting claims for damages on behalf of their subsidiaries, they would still lack standing to recover under several of the relevant consumer protection statutes.  Plaintiffs cannot assert claims under the law of Georgia, Hawaii, Maryland, or Ohio, because those jurisdictions do not allow corporations to assert consumer protection claims.  *See Blue Cross & Blue Shield of Ga., Inc. v. Kell*, 488 S.E.2d 735, 740 (Ga. Ct. App. 1997); *Joy A. McElroy, M.D., Inc. v. Maryl Group, Inc.*, 114 P.3d 929, 941 (Haw. Ct.

App. 2005); *Fare Deals, Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp. 2d 678, 692 (D. Md. 2001); *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 893 (S.D. Ohio 1999), *aff'd*, 254 F.3d 607 (6th Cir. 2001).  Nor may Plaintiffs bring claims under the consumer protection statutes of Oregon or the District of Columbia, which are limited to claims by consumers.  *See Wheeler v. Montgomery*, No. 06-214-KI, 2007 WL 894562, at *6 (D. Or. Mar. 21, 2007) (sua sponte dismissing the plaintiffs' claim, observing that "[t]he Act is inapplicable to the situation at hand, a commercial transaction, and cannot form a basis for plaintiffs' recovery"); *Or. Laborers-Employers Health & Welfare Trust Fund v. Philip Morris, Inc.*, 17 F. Supp. 2d 1170, 1179-80 (D. Or. 1998) (rejecting claims under Oregon Unlawful Trade Practices Act by union health funds seeking recovery of monies spent on participants), *aff'd*, 185 F.3d 957 (9th Cir. 1999); *Shaw v. Marriott Int'l, Inc.*, 570 F. Supp. 2d 78, 83 (D.D.C. 2008) (dismissing claims brought by non-consumers).  Accordingly, without conceding the standing of Plaintiffs to assert claims on behalf of their subsidiaries, Defendants conditionally propose jury instructions only as to the consumer protection statutes of Colorado, Virginia, and Washington.[1]

Dated: February 15, 2010                     Respectfully submitted,

                                             SKADDEN, ARPS, SLATE, MEAGHER
                                               & FLOM LLP

                                             By:     /s/ Mark S. Cheffo
                                                     Mark S. Cheffo
                                                     /s/ Katherine F. Arthur
                                                     Katherine F. Arthur

                                             Four Times Square
                                             New York, NY 10036
                                             Tel:  (212) 735-3000
                                             Email:  Mark.Cheffo@skadden.com
                                             Email:  Katherine.Arthur@skadden.com

---

[1] Defendants reserve their right to argue that Plaintiffs cannot meet any consumer nexus requirement of these statutes as well.

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

By:      /s/ Raoul D. Kennedy
         Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400
Email:Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By:    /s/ James E. Hooper
       James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800
Email:  hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 15, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo

**RICO**

1.  Do you find that Plaintiffs have proven the existence of the following enterprises by a preponderance of the evidence?  Answer "Yes" or "No" as to each enterprise.

|  | Yes | No |
|---|---|---|
| The Cline Davis enterprise | _____ | _____ |
| The Thompson Physicians World enterprise | _____ | _____ |
| The Sudler & Hennessey enterprise | _____ | _____ |
| The Medical Education Programs, Ltd. enterprise | _____ | _____ |
| The Medical Educations Systems enterprise | _____ | _____ |
| The Healthcare Communications Group enterprise | _____ | _____ |
| The AMM/Adelphi enterprise | _____ | _____ |

If you answered "yes" as to any of the enterprises listed above, proceed to question 2.  If you answered "no," as to all enterprises, proceed to question ___.

2.  For each enterprise found by you to exist in answer to question No. 1, do you find from a preponderance of the evidence that the defendants conducted the affairs of such enterprise through a pattern of racketeering activity?  Answer only as to those enterprises for which you answered "yes" in question 1.  Answer separately for each enterprise and each condition at issue.

|  | Yes | No |
|---|---|---|
| **The Cline Davis enterprise** | | |
|     Neuropathic pain | _____ | _____ |
|     Nociceptive pain | _____ | _____ |
|     Migraine | _____ | _____ |
|     Bipolar disorder | _____ | _____ |
|     Doses >1800 mg/day | _____ | _____ |
| **The Thompson Physicians World enterprise** | | |
|     Neuropathic pain | _____ | _____ |
|     Nociceptive pain | _____ | _____ |
|     Migraine | _____ | _____ |
|     Bipolar disorder | _____ | _____ |
|     Doses >1800 mg/day | _____ | _____ |
| **The Sudler & Hennessey enterprise** | | |
|     Neuropathic pain | _____ | _____ |
|     Nociceptive pain | _____ | _____ |
|     Migraine | _____ | _____ |
|     Bipolar disorder | _____ | _____ |
|     Doses >1800 mg/day | _____ | _____ |
| **The Medical Education Programs, Ltd. enterprise** | | |
|     Neuropathic pain | _____ | _____ |
|     Nociceptive pain | _____ | _____ |
|     Migraine | _____ | _____ |
|     Bipolar disorder | _____ | _____ |
|     Doses >1800 mg/day | _____ | _____ |

|  | Yes | No |
|---|---|---|
| **The Medical Educations Systems enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |
| **The Healthcare Communications Group enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |
| **The AMM/Adelphi enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 2, proceed to question 3.   If you answered "no," as to all parts of question No. 2, proceed to question ___.

3.   Do you find, from a preponderance of the evidence, that the RICO violations found by you
     in answer to questions No. 2, if any, caused injury to the plaintiffs in their business or
     property?  Answer only as to those enterprises and conditions for which you answered "yes"
     in question 2.  Answer separately for each enterprise and each condition at issue.

|  | Yes | No |
|---|---|---|
| The Cline Davis enterprise | | |
|     Neuropathic pain | \_\_\_\_\_ | \_\_\_\_\_ |
|     Nociceptive pain | \_\_\_\_\_ | \_\_\_\_\_ |
|     Migraine | \_\_\_\_\_ | \_\_\_\_\_ |
|     Bipolar disorder | \_\_\_\_\_ | \_\_\_\_\_ |
|     Doses >1800 mg/day | \_\_\_\_\_ | \_\_\_\_\_ |
| The Thompson Physicians World enterprise | | |
|     Neuropathic pain | \_\_\_\_\_ | \_\_\_\_\_ |
|     Nociceptive pain | \_\_\_\_\_ | \_\_\_\_\_ |
|     Migraine | \_\_\_\_\_ | \_\_\_\_\_ |
|     Bipolar disorder | \_\_\_\_\_ | \_\_\_\_\_ |
|     Doses >1800 mg/day | \_\_\_\_\_ | \_\_\_\_\_ |
| The Sudler & Hennessey enterprise | | |
|     Neuropathic pain | \_\_\_\_\_ | \_\_\_\_\_ |
|     Nociceptive pain | \_\_\_\_\_ | \_\_\_\_\_ |
|     Migraine | \_\_\_\_\_ | \_\_\_\_\_ |
|     Bipolar disorder | \_\_\_\_\_ | \_\_\_\_\_ |
|     Doses >1800 mg/day | \_\_\_\_\_ | \_\_\_\_\_ |

4

|  | Yes | No |
|---|---|---|
| **The Medical Education Programs, Ltd. enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |
| **The Medical Educations Systems enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |
| **The Healthcare Communications Group enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |
| **The AMM/Adelphi enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 3, proceed to question 4.   If you answered "no," as to all parts of question No. 3, proceed to question ____.

4.  Do you find, from a preponderance of the evidence, that plaintiffs knew or should have known of all or any part of the injuries found by you in answer to question No. 3 prior to February 1, 2001?   Answer only as to those enterprises and conditions for which you answered "yes" in question 3.   Answer separately for each enterprise and each condition at issue.

|  | Yes | No |
|---|---|---|
| **The Cline Davis enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |
| **The Thompson Physicians World enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

|  | Yes | No |
|---|---|---|
| **The Sudler & Hennessey enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |
| **The Medical Education Programs, Ltd. enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |
| **The Medical Educations Systems enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |
| **The Healthcare Communications Group enterprise** | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

|  | Yes | No |
|---|---|---|
| The AMM/Adelphi enterprise | | |
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to all of the enterprises and conditions listed above, proceed to question ___.  If you answered "no" as to any enterprises and conditions, proceed to question No. 5 and answer only for those enterprises and conditions.

5.  What sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the plaintiffs for the injuries found by you in answer to question No. 3?  Answer only as to those enterprises and conditions for which you answered "yes" in question No. 3 and "no" in Question No. 4.  Answer separately for each enterprise and each condition at issue.

| The Cline Davis enterprise | |
|---|---|
| Neuropathic pain | $_____ |
| Nociceptive pain | $_____ |
| Migraine | $_____ |
| Bipolar disorder | $_____ |
| Doses >1800 mg/day | $_____ |

The Thompson Physicians World enterprise

    Neuropathic pain                  $_____

    Nociceptive pain                 $_____

    Migraine                        $_____

    Bipolar disorder                $_____

    Doses >1800 mg/day         $_____

The Sudler & Hennessey enterprise

    Neuropathic pain                  $_____

    Nociceptive pain                 $_____

    Migraine                        $_____

    Bipolar disorder                $_____

    Doses >1800 mg/day         $_____

The Medical Education Programs, Ltd. enterprise

    Neuropathic pain                  $_____

    Nociceptive pain                 $_____

    Migraine                        $_____

    Bipolar disorder                $_____

    Doses >1800 mg/day         $_____

The Medical Educations Systems enterprise

    Neuropathic pain                  $_____

    Nociceptive pain                 $_____

    Migraine                        $_____

    Bipolar disorder                $_____

    Doses >1800 mg/day         $_____

| The Healthcare Communications Group enterprise | |
|---|---|
| Neuropathic pain | $_____ |
| Nociceptive pain | $_____ |
| Migraine | $_____ |
| Bipolar disorder | $_____ |
| Doses >1800 mg/day | $_____ |
| The AMM/Adelphi enterprise | |
| Neuropathic pain | $_____ |
| Nociceptive pain | $_____ |
| Migraine | $_____ |
| Bipolar disorder | $_____ |
| Doses >1800 mg/day | $_____ |

**California Unfair Competition Law**
**For purpose of questions 5 through 7, you are to consider only prescriptions written in California.**

6.   Do you find, from a preponderance of the evidence, that the defendants engaged in fraudulent business practices, as I have defined that term for you under the California Unfair Competition Law, relating to the efficacy of Neurontin to treat the following conditions. Answer separately for each condition.

| | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 6, proceed to question 7.  If you answered "no," as to all parts of question No. 6, proceed to question ___.

7.   Do you find that the plaintiffs relied upon the fraudulent business practices found by you in answer to question No. 6 and, as a result, suffered injury in fact and lost money or property? Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 7, proceed to question 8.  If you answered "no," as to all parts of question No. 7, proceed to question ___.

8.   Do you find, from a preponderance of the evidence, that the plaintiffs reasonably relied on something that the defendants said or did that caused the plaintiffs to believe that it would not be necessary to file a lawsuit and therefore did not file this lawsuit within four years of when their injuries first occurred.  Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 8, proceed to question 9.  If you answered "no," as to all parts of question No. 8, proceed to question ___.

11

9.  Do you find, from a preponderance of the evidence, that the plaintiffs proceeded diligently to file suit once they discovered the actual facts?  Answer separately for each condition that you answered "yes," in Question No. 8.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 9, proceed to question 10.  If you answered "no," as to all parts of question No. 9, proceed to question ____.

10. What sum of money, if any, do you find from a preponderance of the evidence should the defendants should pay to the plaintiffs as restitution for the injuries found by you in answer to question No. 7?  Answer separately for each condition at issue and only as to those conditions you answered "yes" in Questions Nos. 8 and 9.

| Neuropathic pain | $_____ |
|---|---|
| Nociceptive pain | $_____ |
| Migraine | $_____ |
| Bipolar disorder | $_____ |
| Doses >1800 mg/day | $_____ |

Proceed to question No. 11.

**Colorado Consumer Protection Act**
**For purpose of questions 10 through ____, you are to consider only prescriptions written in Colorado.**

11. Do you find, from a preponderance of the evidence, that the defendants engaged in deceptive trade practices, as I have defined that term for you under the Colorado Consumer

12

Protection Act, relating to the efficacy of Neurontin to treat the following conditions? Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 11, proceed to question 12.  If you answered "no," as to all parts of question No. 11, proceed to question ___.

12. With respect to each deceptive trade practice found by you in answer to question No. 11, if any, do you find, from a preponderance of the evidence, that the defendants acted with knowledge of the untruth of any misrepresentation found by you, or recklessly and willfully without regard to its consequences, and with an intent to mislead and deceive the plaintiffs? Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 12, proceed to question No. 13.  If you answered "no," as to all parts of question No. 12, proceed to question ___.

13

13. Do you find, from a preponderance of the evidence, that the plaintiffs took any action, or refrained from taking any action based upon the deceptive trade practices found by you in answer to question No. 11?  Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

Proceed to question No. 14.

14. Do you find, from a preponderance of the evidence, that the deceptive trade practices found by you in answer to question No. 11 had the capacity or tendency to attract consumers? Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 13 or No. 14, proceed to question No. 15.  If you answered "no," as to all parts of questions Nos. 13 and No. 14, proceed to question ___.

15. Do you find, from a preponderance of the evidence, that the deceptive trade practices found by you in answer to question No. 11 caused the plaintiffs to suffer an injury to a legally protected interest?  Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 15, proceed to question No. 16.  If you answered "no," as to all parts of question No. 15, proceed to question ___.

16. Do you find, from a preponderance of the evidence, that plaintiffs knew or should have known of all or any part of the injuries found by you in answer to question No. 15 prior to February 1, 2002?  Answer only as to those conditions for which you answered "yes" in question 15.  Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to all of the conditions listed above, proceed to question ___.  If you answered "no" as to any conditions, proceed to question No. 17 and answer only for those conditions.

17. What sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the plaintiffs for the injuries found by you in answer to question No. 15?  Answer only as to those conditions for which you answered "yes" in question No. 15 and "no" in Question No. 16.  Answer separately for each condition at issue.

| | |
|---|---|
| Neuropathic pain | $_____ |
| Nociceptive pain | $_____ |
| Migraine | $_____ |
| Bipolar disorder | $_____ |
| Doses >1800 mg/day | $_____ |

Proceed to Question No. 18.

**Virginia Consumer Protection Act**
**For purpose of questions 18 through _____, you are to consider only prescriptions written in Virginia.**

18. Do you find, from a preponderance of the evidence, that the defendants intentionally and knowingly made a false or fraudulent representation of a material fact to plaintiffs with the intent to mislead, as I have defined these terms for you under Virginia Consumer Protection Act, relating to the efficacy of Neurontin to treat the following conditions?   Answer separately for each condition.

| | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 18, proceed to question 19.  If you answered "no," as to all parts of question No. 19, proceed to question ___.

16

19. Do you find, from a preponderance of the evidence, that the plaintiffs relied to their detriment on the fraudulent misrepresentations found by you in answer to question No. 18? Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 19, proceed to question No. 20. If you answered "no," as to all parts of question No. 19, proceed to question ___.

20. Do you find, from a preponderance of the evidence, that plaintiffs suffered measurable damages as a result of the fraudulent misrepresentations found by you in answer to No. 19? Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 20, proceed to question No. 21. If you answered "no," as to all parts of question No. 20, proceed to question ___.

21. Do you find, from a preponderance of the evidence, that plaintiffs knew or should have known of all or any part of the injuries found by you in answer to question No. 15 prior to

February 1, 2003?  Answer only as to those conditions for which you answered "yes" in question 20.  Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to all of the conditions listed above, proceed to question ___.  If you answered "no" as to any conditions, proceed to question No. 22 and answer only for those conditions.

22. What sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the plaintiffs for the injuries found by you in answer to question No. 20?  Answer only as to those conditions for which you answered "yes" in question No. 20 and "no" in Question No. 21.  Answer separately for each condition at issue.

| | |
|---|---|
| Neuropathic pain | $_____ |
| Nociceptive pain | $_____ |
| Migraine | $_____ |
| Bipolar disorder | $_____ |
| Doses >1800 mg/day | $_____ |

Proceed to Question No. 23.

**Washington Consumer Protection Act**
**For purpose of questions 23 through _____, you are to consider only prescriptions written in Washington.**

23. Do you find, from a preponderance of the evidence, that the defendants committed deceptive trade practices, as I have defined that term for you under the Washington Consumer

Protection Act, relating to the efficacy of Neurontin to treat the following conditions? Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 23, proceed to question 24.  If you answered "no," as to all parts of question No. 23, proceed to question ___.

24. Do you find, from a preponderance of the evidence, that plaintiffs suffered an injury that was caused by the deceptive practice found by you in answer to No. 23?  Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to any part of question No. 24, proceed to question No. 25.  If you answered "no," as to all parts of question No. 25, sign and date the verdict form.

25. Do you find, from a preponderance of the evidence, that plaintiffs knew or should have known of all or any part of the injuries found by you in answer to question No. 24 prior to February 1, 2001?  Answer only as to those conditions for which you answered "yes" in question 24. Answer separately for each condition.

|  | Yes | No |
|---|---|---|
| Neuropathic pain | _____ | _____ |
| Nociceptive pain | _____ | _____ |
| Migraine | _____ | _____ |
| Bipolar disorder | _____ | _____ |
| Doses >1800 mg/day | _____ | _____ |

If you answered "yes" as to all of the conditions listed above, sign and date the verdict form. If you answered "no" as to any conditions, proceed to question No. 26 and answer only for those conditions.

26. What sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the plaintiffs for the injuries found by you in answer to question No. 24?  Answer only as to those conditions for which you answered "yes" in question No. 24 and "no" in Question No. 25.  Answer separately for each condition at issue.

| | |
|---|---|
| Neuropathic pain | $_____ |
| Nociceptive pain | $_____ |
| Migraine | $_____ |
| Bipolar disorder | $_____ |
| Doses >1800 mg/day | $_____ |