UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ------------------------------------------------------------------------------ X | |
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION. | : MDL Docket No. 1629 : : Master File No. 04-10981PBS. : |
| _____ X | Judge Patti B. Saris. |
| THIS DOCUMENT RELATES TO: ALLAN M. HUBERMAN vs. PFIZER, INC. and PARKE-DAVIS, DIVISION OF WARNER-LAMBERT COMPANY, No. 07-CA-11336-PBS. | : : Magistrate Judge Leo T. : Sorokin. : : Individual Case No. : 07CA11336PBS. : |
| ------------------------------------------------------------------------------ X | |

Plaintiff's Objection to Defendants' Motion to File Response to
Plaintiff's Opposition to the Defendant's Motion to Dismiss.

The Plaintiff objects to the Defendant's Motion to File a Response to the Plaintiff's Opposition to the Motion to Dismiss for the following reasons:

(1) As stated in the Plaintiff's Opposition to the Defendant's Motion to Dismiss, the Defendants deposed the Plaintiff in December, 2007 and March, 2008. The Defendants did not notice any depositions nor discovery for almost two years. The Defendants, prior to receiving the Plaintiff's responses to written discovery, in January, 2010, began noticing the depositions of the Plaintiff's former wife, son, daughters and physicians. The Defendants conducted the depositions of the Plaintiff's son and one of his daughters;

(2) The Defendants in these depositions propounded questions which were demeaning and not necessarily addressed to finding admissible evidence, for instance, asking the Plaintiff's son about the financial condition of the Plaintiff's business and whether the Plaintiff had said how much he desired in a settlement of this action, and asking the Plaintiff's daughter about alleged physical abuse decades ago;

(3) The Defendants' counsel have understandably been involved in numerous trials, which could provide the reason why the depositions did not occur until January, 2010. However, any allegation that the Defendants have been "stymied" by any alleged failure of the Plaintiff to provide written responses is absolutely not the case; the Defendants have had all of the necessary information, and the relevant medical information, for years; their delay in resuming the discovery until this time has been purely a matter of priorities;

(4) The Plaintiff suggests that the imposition of fees is also without merit. The Plaintiff provided the Defendants with all essentials to prepare their defenses, in his depositions and by signing the authorizations. The Defendants, when they deposed the Plaintiff in 2007 and 2008, in fact had medical records which the Plaintiff and his attorney had not seen;

(5) The Defendants, in footnote 1 on page 2, state that the Plaintiff's discovery responses filed in February, 2010 identified persons whom they would have deposed and the Plaintiff's medications. The Defendants, however, had the names of these same people from the Plaintiff's deposition testimony in 2007 and 2008, but did not even notice the depositions of his family members until January, 2010. Similarly, the Defendants, from the Plaintiff's medical records which they had in 2007, and the Plaintiff's deposition testimony, had a listing of all of his medications. The Defendants have both failed to illustrate that they made use of the information they had and failed to show that the discovery responses filed in February, 2010 had information different from what they had;

(6) The Plaintiff had thought that it had released the pharmacy records to which the Defendants refer in footnote 1 on page 2. However, again, the Defendants had all of the Plaintiff's prescriptions from his medical records, which list all of his medications, and the Plaintiff's deposition testimony;

(7) The Defendants state that they reserve the right to file a Motion to Dismiss based upon the Statute of Limitations. The Plaintiff will defer responding to their arguments until that time; and

(8) In summary, the Plaintiff suggests that the Plaintiff and Defendants are both conducting discovery, and providing discovery responses, at this time, in part in reaction to the Court's deadlines. The Defendants' Motion is an attempt to "single out" the Plaintiff, which is not justified as the Defendants have at all times had the necessary information to continue to prepare their defense, if they had desired to do so.

WHEREFORE, the Plaintiff requests that the Court deny the Defendants' Motion to Dismiss.

Date: February 16, 2010.

/s/ Paul S. Hughes
Attorney for Plaintiff
Paul S. Hughes, Esq.
B.B.O. No. 243780
2120 Commonwealth Avenue, Ste. 200
Newton, Massachusetts 02466
(617) 244-5620.

CERTIFICATE OF SERVICE.

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management No. 3 on February 16, 2010.

/s. Paul S. Hughes.

3