UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x

In re:  NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

------------------------------------------------------------x

THIS DOCUMENT RELATES TO:

*Dorsey v. Pfizer Inc, et al.*
Case No. 1:05-cv-10639-PBS

------------------------------------------------------------x

: MDL Docket No. 1629

: Master File No. 04-10981

: Judge Patti B. Saris

: Magistrate Judge Leo T. Sorokin

: **LEAVE TO FILE GRANTED ON 2/16/10**

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR AN INDEPENDENT MEDICAL EXAMINATION OF MARY P. DORSEY**

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), by counsel, respectfully submit this reply memorandum to briefly respond to Plaintiff's request, in her opposition, that her independent medical examination[1] ("IME") not take place until after this Court rules on a summary judgment motion, which has yet to be filed. Defendants object to Plaintiff's request to put off the IME because such a delay would deprive them of evidence relevant to dispositive issues that may be raised in a motion for summary judgment or a Daubert motion. As Defendants noted in their supporting memorandum, due to Plaintiff's extremely complex medical history, an IME will be a necessary tool for obtaining evidence that is highly relevant to the disputed element of specific causation. (Defs.' Memo. in Support of IME [2464] at 2.) Considering that Plaintiff's failure to establish this necessary element would be dispositive, Defendants must obtain all evidence relevant to specific causation before they file dispositive motions. While Defendants are willing to negotiate and coordinate

---

[1] Plaintiff's opposition does not dispute that Defendants have satisfied all the substantive requirements to obtain an order for an IME under Federal Rule of Civil Procedure 35(a)(1).

with Plaintiff regarding a convenient time and place for conducting the IME, delaying it until after the Court rules on a motion for summary judgment would be too late and would defeat one of the main purposes for conducting the IME—i.e., to collect evidence that may be used to frame and support dispositive motions.

WHEREFORE, Defendants respectfully request that this Court order an IME of the Plaintiff as soon as reasonably possible.

Dated: February 16, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
Mark S. Cheffo
/s/ Katherine F. Arthur
Katherine F. Arthur

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Email: Mark.Cheffo@skadden.com
Email: Tattin.Arthur@skadden.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 16, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo

2