UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin |
| | **UNREDACTED VERSION FILED UNDER SEAL** |

## DEFENDANTS' OPPOSITION TO KAISER'S MOTION TO FILE DOCUMENTS UNDER SEAL

Defendants, Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this memorandum of law in opposition to Plaintiffs' motion [2506] to seal portions of the Pre-Trial Memorandum referring to Dr. Hartman's medication. As discussed below, Plaintiffs previously withdrew their motion in limine to exclude cross-examination on Dr. Hartman's medication. Plaintiffs' attempt to resurrect this issue pre-trial by inclusion in the joint pre-trial memorandum is inappropriate and should be rejected. Initially, the fact that Plaintiffs made a motion to exclude references to Dr. Hartman's medication, and that Plaintiffs voluntarily withdrew such motion, is a matter of public record. [2357 at 3; 2377.]

Further Dr. Hartman has been designated as an expert witness and will be testifying for Plaintiffs in open court in a trial that is scheduled to begin in less than a week. ███████████████████████████████████████████████████████████ Consequently, there is no legitimate basis for sealing references to Dr. Hartman's medication.

## FACTUAL BACKGROUND

███████████████████████████████████████████████████████████



Plaintiffs previously withdrew their motion in limine to exclude references to Dr. Hartman's medication and they should not be allowed to circumvent the orders of this Court by inserting the same arguments into the Joint Pre-Trial Memorandum.

## ARGUMENT

**I.  Plaintiffs Withdrew Their Motion In Limine And, As A Result, Withdrew any Pre-Trial Objection To References To Dr. Hartman's Medication**

Plaintiffs previously filed a motion in limine to exclude any reference to Dr. Hartman's

medication. On that same date, Plaintiffs filed a motion to exclude five of Defendants' experts, supported by a proposed oversized memorandum, and accompanied by a request for leave to file. When the Court denied their motion for leave, Plaintiffs sought leave to re-file their motions to exclude as five separate motions. In light of the limit on motions in limine to ten, Plaintiffs stated that they would withdraw their motion in limine as to Dr. Hartman's medication and one other motion. (Pl. Cross-Motion for Leave to Re-File as Separate Motions [2357] at 3.) On January 19, 2010, this Court entered an order stating: that "plaintiffs shall file the 'do-over' and withdraw the two suggested motions in limine." (1/19/2010 Docket Entry.) On January 20, 2010, Plaintiffs filed their Notice of Withdrawal of Motion *in Limine* to Exclude Cross-Examination on Dr. Hartman's Medication. [2377.] While Plaintiffs are free to reserve their right to object at trial to any evidence, by withdrawing their motion in limine, they waived their right to raise this issue pre-trial. It is completely improper for Plaintiffs' to seek to re-urge a withdrawn motion in limine by inserting it into the Joint Pre-Trial Memorandum. If Plaintiffs excise such inappropriate material from the Joint Pre-Trial Memorandum, it can be re-filed without redaction and there would be no need to file anything under seal.



3









---

[1] *See In re Neurontin Mktg. & Sales Practices Litig.*, 244 F.R.D. 89, 104 (D. Mass. 2007) ("For all of their claims, plaintiffs will be required to prove . . . that they were injured (*i.e.*, suffered economic loss) by virtue of the Neurontin's inefficacy for that condition."); (Report and Recommendation on Defs.' Mot. to Dismiss [269] at 22 ("It is simply not enough to claim that Neurontin had not been proven to be effective; rather, Plaintiffs must allege that it was ineffective."), *adopted in relevant part*, *In re Neurontin Mktg., Sales Practices, and Prods. Liab. Litig.*, 433 F. Supp. 2d 172 (D. Mass. 2006)).





## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court deny the Plaintiffs' motion to seal.

Dated: February 16, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: /s/ Mark S. Cheffo
Mark S. Cheffo
/s/ Katherine F. Arthur
Katherine F. Arthur

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Email: Mark.Cheffo@skadden.com
Email: Katherine.Arthur@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: /s/ Raoul D. Kennedy
Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel: (415) 984-6400
Email:Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By: /s/ James E. Hooper
James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800
Email: hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 16, 2010. Unredacted copies have been served upon counsel for Kaiser by U.S. mail and e-mail.

/s/ Mark S. Cheffo
Mark S. Cheffo