UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981-PBS |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., et al., 04 CV 10739 (PBS) and | Judge Patti B. Saris |
| AETNA, INC. v. PFIZER INC., et al., 04 CV 10958 (PBS) | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF A SEPARATE AND FINAL JUDGMENT**

Plaintiffs Aetna, Inc. ("Aetna") and The Guardian Life Insurance Company of America ("Guardian") respectfully submit this memorandum of law in opposition to Defendants Pfizer Inc. and Warner-Lambert Company LLC's (collectively "Pfizer" or "Defendants") Motion for Entry of A Separate and Final Judgment ("Pfizer Br.") as to the claims of Aetna and Guardian.

Pfizer has done nothing to meet its burden of establishing that this is the "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Speigel v. Trustees of Tufts College*, 843 F.2d 38, 42 (1st Cir. 1998) (citing *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)). There is no compelling reason to enter an early and separate final judgment as to Aetna and Guardian while the claims of their co-plaintiff, Kaiser, proceed to trial next week! Thus, within the next few weeks, all claims of all parties to this action will almost certainly have been decided by final judgment. At that point, entry of final judgment of all claims will be appropriate. Appeals may

then proceed in a single appellate proceeding. Entering a separate final judgment at this juncture would not advance the interests of judicial economy; to the contrary, it would violate the "long-settled and prudential policy against the scattershot disposition of litigation." *Speigel, supra*, 843 F.2d at 42 (citing *Pahlavi v. Palandjian*, 744 F.2d 902, 903 (1st Cir. 1984); *Makuc v. American Honda Motor Co.*, 692 F.2d 172, 173 (1st Cir. 1982) (per curiam); *Bank of New York v. Hoyt*, 108 F.R.D. 184, 187 (D.R.I.1985)). Pfizer's motion, if granted, will inevitably result separate appeals in this action involving overlapping, if not identical, issues. Entry of final judgment should await the imminent final disposition of the virtually identical claims of co-plaintiff Kaiser.

**ARGUMENT**

Rule 54(b) of the Federal Rules of Civil Procedure provides that this Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the [C]ourt expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) is discretionary and should rarely be invoked. Indeed, "the draftsmen of this Rule have made explicit their thought that it would serve only to authorize the exercise of a discretionary power to afford a remedy in the infrequent harsh case." *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 325 (1st Cir. 1988).[1]

As Pfizer acknowledges, "the seminal case in this Circuit detailing 'the preferred practice under Rule 54(b)' is *Speigel v. Trustees of Tufts College*, 843 F.2d 38 (1st Cir. 1988)" (Pfizer Br.") at 1-2 . Pfizer's motion does not meet the exacting standards which *Speigel* requires to justify accelerated entry of judgment in this case.

[1] In *Mercado v. Ritz-Carlton San Juan Hotel, Resort & Casino*, 410 F.3d 41 (1st Cir. 2005), the First Circuit found that a Rule 54(b) entry of judgment was proper for less than all plaintiffs where, if the court's ruling were overturned on appeal, "the most efficient course of action would be for all three employees' claims to be tried together." *Id.* at 46. Here, with Kaiser's trial scheduled to begin in February 2010, the efficiencies demand quite the opposite, as an appeal would not provide the possibility that, if the judgment were reversed, all of the Coordinated Plaintiffs' claims could be tried together.

In *Spiegel*, the First Circuit explained that Rule 54(b) is a unique exception to the rule prohibiting piecemeal appeals, and that "[c]learly the purpose of the rule is not to encourage broadly piecemeal appeals just because an appellant may be in a hurry." *Spiegel*, 843 F.2d at 42 (quoting *In re Bromley-Heath Modernization Comm.*, 448 F.2d 1271, 1271 (1st Cir.1971) (per curiam)). Describing the process as "tilted from the start against fragmentation of appeals," the Court observed that the district court must weigh all of the factors that are relevant to the "desirability of relaxing the usual prohibition against piecemeal appellate review in the particular circumstances," reserving application of the rule "for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment." *Id.* (footnote omitted).[2] The Court stated that if the district court were inclined to enter such an order, it should explicate its reasoning in "specific findings" so as to permit an appellate court to "effectively . . . review" the decision. While stating that the "calculus will vary from case to case," the First Circuit found the following factors, set forth in *Allis-Chalmers Corp. v. Philadeliphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975), "helpful as a guide":

- the relationship between the adjudicated and unadjudicated claims;
- the possibility that the need for review might or might not be mooted by future developments in the district court;
- the possibility that the reviewing court might be obliged to consider the same issue a second time;

[2] Deference to the "historic federal policy against piecemeal appeals" demands that Rule 54(b) certifications not be routinely granted. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980) (quotations omitted). The power "should be used only in the infrequent harsh case," *Luckenbach Steamship Co. v. H. Muehlstein & Co.*, 280 F.2d 755, 758 (2d Cir. 1960) (internal quotation marks omitted), where there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal," *Western Geophysical Company of America v. Bolt Associates, Inc.*, 463 F.2d 101, 103 (2d Cir.) (internal quotation marks omitted), *cert. denied*, 409 U.S. 1040 (1972).

- the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and
- miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 43 n.3.

As discussed below, four of the five factors identified in *Allis-Chalmers* weigh heavily against entering a special, accelerated judgment in this case. The remaining factor – the presence of a claim that could serve as a set-off against the judgment – is not applicable.

## I. There Is A Strong Relationship Between The Adjudicated Claims Of Aetna And Guardian And The Unadjudicated Claims Of Kaiser

The claims of Kasier and the claims of Aetna and Guardian are almost identical. Each of the co-plaintiffs alleges the exact same acts by Defendants in marketing Neurontin for off-label uses and how those acts injured co-plaintiffs and violated RICO. The almost inevitable appeal(s) from the *Kaiser v. Pfizer* trial will raise many of the same appellate issues as an appeal from an accelerated or final judgment against Aetna and Guardian, such as: (1) whether the Court properly analyzed the proximate causation requirements of RICO as requiring either direct reliance on Pfizer's misstatements or direct, individual proof of reliance by individual physicians; (2) whether RICO "but-for" causation may be proven statistically; and (3) whether the same RICO proximate causation analysis conducted by the Court similarly requires dismissal of all of the Coordinated Plaintiffs' non-RICO claims. Because the issues left to be tried substantially overlap the issues that would be raised on appeal from an accelerated final judgment against Aetna and Guardian, this factor strongly favors proceeding in the ordinary course and awaiting the imminent outcome of the Kaiser trial and thereupon entering a single final judgment.

## II. There Is A Significant Possibility That The Need For Review Might Be Mooted By Future Developments In The District Court

Second, there is a significant possibility that the need for review might be mooted by future developments in the District Court. The same issues concerning the propriety of relying on statistical proof that would be the subject of Aetna's and Guardian's appeals, are likely to be directly presented to the Court in the Kaiser trial and the trial of the claims of the remaining consumers. As a prime example, Defendants have filed motions *in limine* to exclude the testimony of Raymond S. Hartman and Meredith Rosenthal. Defendants' arguments in support of exclusion include the contention that the expert analysis set forth in their report insufficiently addresses causation as it relies on aggregate proof and does not account for the "individual nature of prescribing decisions" *See* Memorandum of Law In Support of Motion in Limine [2320] at 7-12. This argument is based upon the Court's reasoning in its decision dismissing Aetna and Guardian's claims where the Court found that these Plaintiffs could not rely on statistical proofs to prove causation. *See In re Neurontin Mktg.* __ F. Supp. 2d __, __, MDL No. 1629, 2010 WL 53568, *9 (D. Mass. Jan. 8, 2010). Defendants' motion *in limine* is still pending. Before trial goes forward later this month, a decision will be rendered on this legal question.

Additionally, a motion for reconsideration of the Court's denial of class certification is currently pending before the Court. Respectfully, the Court might be persuaded by class plaintiffs' argument that it erred in its earlier decision by overlooking that the First Circuit does not adopt the "Individual Proof Rule" this Court cited in dismissing the claims of Aetna and Guardian. *See Hood ex rel. Mississippi v. Eli Lilly & Co.*, __ F. Supp. 2d __, 2009 WL 4260857, *35-*36 (E.D.N.Y. Dec. 1, 2009) (distinguishing the First Circuit from those courts that require the "Individual Proof Rule").

Finally, there is a possibility that the parties will want to avoid the collateral estoppel effects of a trial and will settle their disputes. Entering judgment now would limit the possibility that any of these future developments in this Court will moot the need for appellate review of this Court's summary judgment decision.

## III. There Is A Strong Possibility That the First Circuit Will Have To Consider The Same Issue More Than Once

If the Court enters a severed and accelerated judgment against Aetna and Guardian now, there is a substantial possibility that the First Circuit will have to hear two arguments stemming from the nearly identical claims of similarly situated insurers. These questions should be aired once on a full trial record instead of twice on an incomplete and complete factual record. Because many of the issues that will be raised on appeal from the Court's summary judgment opinion will overlap with those raised after the imminent trial, they should be presented in one appeal as they would be in the ordinary course.

## IV. Factors Such As Delay and Expense Militate In Favor Of Awaiting Entry Of A Final Judgment

Perhaps the most persuasive argument in favor of denying Pfizer's motion for accelerating the judgment are the practical considerations counseling against permitting two appeals from the same action. First, there is no question that a second appeal will add further expense to these already protracted and expensive proceedings. Both Defendants and the Coordinated Plaintiffs will need to present two sets of briefs and argue similar issues twice. Pfizer offers no compelling justification for this added burden to the judicial system and the parties. The precipitous entry of judgment, while the trial of the Kaiser claims is about to begin – and end – provides Pfizer with no meaningful benefit.

What is Kaiser's rush? The Kaiser trial is scheduled to commence in February 2010 and all Kaiser's claims should be resolved by final judgment within 45 days. At that point, all of the claims of all of the parties to this action will be ripe for appeal.

### V. Defendants Have Made No Showing That They Have A Pressing Need For An Early And Separate Judgment.

As discussed above, *Spiegel* articulates a two-part test for evaluating a Rule 54(b) motion. First, the Court must determine if the order was final. *Id.* at 43. Second, the Court must determine if there "is no just reason for delay" in entering judgment. *Id.* Defendants have attempted to satisfy this second prong by declaring that entry of judgment would be just because Aetna and Guardian's claims are factually distinct from Kaiser's. (*See* Pfizer Br. at 3-4.) For the reasons discussed above, this is false. (*See* Discussion, *supra*, Sections I-IV.) But even if it were true, Defendants had the burden to describe "all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review," *Spiegel*, 843 F.2d at 43, including the "pressing needs" that required them to seek relief under Rule 54(b). *Id.* at 42 (quoting Kennedy, J.); *see also Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 366 (3d Cir. 1975) (a Rule 54(b) movant "ha[s] the burden of showing some danger of hardship or injustice through delay which would be alleviated by immediate 54(b) certification.")

Defendants have not shown or even attempted to show that they have *any* "pressing need" "for an early and separate judgment." In fact, their Motion says absolutely nothing at all about what hardship or injustice Defendants hope to avoid by seeking relief under Rule 54(b). In the absence of any expressed "pressing need" by Defendants, the Court has nothing to balance against the countervailing and well-established interests in avoiding "the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket." *Id.* For that reason alone, Defendants' Motion fails.

## VI. Defendants' Arguments In Favor of Accelerating the Entry of Judgment Are Meritless

Defendants' citations to *In re Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 141 (E.D. La. 2002) (citation omitted) and *Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 489 F. Supp. 2d 932, 936 (D. Minn. 2007) do not advance their cause. In these cases, the courts were evaluating a group of claims consolidated into one "Master Class Action Complaint" by class action counsel. *Propulsid*, *supra*, 208 F.R.D. at 141; *Guidant*, 489 F. Supp. 2d at 936. In this action, Kaiser joined Aetna and Guardian's Complaint in the ordinary course as a party plaintiff pursuant to Rule 20 of the Federal Rules of Civil Procedure. Unlike in these cases, no plaintiff here sought to represent a class. And the claims of Aetna, Guardian and Kaiser were not merely unified for pretrial purposes pursuant to 28 U.S.C. § 1407. These claims were pleaded and prosecuted together, to be tried together in this Court, not in another transferor court. The Amended Complaint in which Kaiser joined as a party was not one, therefore, which was intended only as "an administrative device to aid efficiency and economy." (Pfizer Br. at 3.) . These three insurers were proceeding together as co-plaintiffs because there are "questions of law [and] fact common to all plaintiffs" under Fed. R. Civ. P. 20(a)(1)(B), not because the Complaint only served as some administrative artifice to cobble together separate complaints filed around the country. As such, the *Propulsid* and *Guidant* cases are inapposite.

Further, Pfizer's contention that "the claims of Guardian and Aetna are completely distinct from those asserted by Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals" is simply untrue and contrary to positions taken throughout this lengthy action. (Pfizer Br. at 1.)

## CONCLUSION

Defendants have not met their heavy burden to establish that the normal rule governing entry of judgment should be discarded in this case, particularly where all of the claims remaining will very soon be adjudicated, allowing for one appeal from one judgment in this action. Entering judgment now against fewer than all parties raises significant judicial economy concerns without any countervailing substantial showing of compelling need. As such, Defendants' motion should be denied.

DATED: February 17, 2010

**LOWEY DANNENBERG COHEN & HART, P.C.**

By /s/ Gerald Lawrence
Richard W. Cohen
Peter D. St. Phillip, Jr.
Gerald Lawrence
One North Broadway, Suite 509
White Plains, NY 10601-2310
(914) 997-0500

**RAWLINGS & ASSOCIATES PLLC**
Mark D. Fischer
One Eden Parkway
LaGrange, KY 40031-8100
(502) 814-2139

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**
Peter A. Pease
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300

**SHAPIRO HABER & URMY LLP**
Thomas G. Shapiro
53 State Street
Boston, MA 02109
(617) 439-3939