UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
IN RE NEURONTIN MARKETING,          )
SALES PRACTICES, AND PRODUCTS       )
LIABILITY LITIGATION                )
_____ ) MDL DOCKET NO. 1629
                                    ) CIVIL ACTION NO. 04-10981-PBS
THIS DOCUMENT RELATES TO:           )
THE GUARDIAN LIFE INSURANCE         )
COMPANY OF AMERICAN v. PFIZER,      )
INC., 04 cv 10739 (PBS)             )
_____ )

ORDER RE: MOTION IN LIMINE TO EXCLUDE THE
TESTIMONY OF MEREDITH ROSENTHAL (DOCKET NO. 2316)

February 18, 2010

Saris, U.S.D.J.

After review of the parties' submissions, the Court **DENIES** the motion in limine to exclude Dr. Rosenthal's testimony that Kaiser suffered harm as a result of defendants' challenged promotion of Neurontin for specific off-label uses and high-dose prescriptions. (See Docket No. 2316.)

Defendant launched multiple attacks on Dr. Rosenthal's report (i.e., the reliability of the data source, trends in generic prescriptions, Kaiser's website statements, and possible "confounding" factors). These factors affect the weight, not the admissibility of evidence. While Pfizer attacks the statistical methodology (i.e., the alleged inconsistent use of "constant terms"), the explanation of the challenge on this technical, statistical point is unclear. Like plaintiffs, Pfizer waited

until the last minute to file this <u>Daubert</u> motion challenging a report filed on August 11, 2008.  As such, the Court had insufficient time to hold an evidentiary hearing to explore issues that were inadequately briefed.

    Accordingly, I find that Dr. Rosenthal is qualified to render an opinion on the fact of harm, and her methodology is reliable.

                                                                  <u>/s/ PATTI B. SARIS</u>
                                                                   PATTI B. SARIS
                                                                   UNITED STATES DISTRICT JUDGE