

SEATTLE   BOSTON   CHICAGO   LOS ANGELES   PHOENIX   SAN FRANCISCO   T 617.482.3700   617.482.3003

Thomas M. Sobol
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA  02142
www.hbsslaw.com
**Direct (617) 475-1950**
tom@hbsslaw.com

February 18, 2010

Hon. Patti B. Saris
United States District Court
District of Massachusetts
One Courthouse Way, Suite 2300
Boston, MA 02210

Re:   *In re Neurontin Marketing, Sales Practices and Products Liability Litigation;*
       *MDL No. 1629  (Kaiser Foundation Health Plan v. Pfizer, Inc.)*

Dear District Judge Saris:

As you know, trial for the above referenced matter is scheduled to begin this Monday, February 22, 2010. I write to apprise you that there are a handful of significant issues which ought to be brought, in my opinion, to the attention of the Court prior to the parties arriving at the courthouse on Monday morning.

The short list of examples includes:

1. **Contested Exhibits**. The parties have not agreed about the admissibility of several hundred exhibits. Although the parties are attempting to "group" the nature of the objections to the exhibits (I am advised that the vast majority of objections remained interposed by Defendants to Plaintiffs proposed exhibits), it appears that there will relatively little agreement regarding the scope of admissible exhibits on Monday morning, with hundreds left to decide.

2. **The Spoliation/Non-existence of Western CBU documents**. As the pre-trial submissions by the parties identify, there is a dispute between the parties regarding how to address the non-production by Pfizer of marketing and other documents from the Western CBU, i.e., the marketing of division of Pfizer/Warner-Lambert in which the primary operations of Kaiser reside. To date, Pfizer has produced no documents from the Western CBU.

3. **Trial attendance of Pfizer representative(s)**. Kaiser will be filing an emergency motion tomorrow to compel the attendance of a Pfizer witness (or witnesses). Pfizer has not compled with Local Rule 16.5(d) which requires them to identify witnesses they are presenting by deposition, but we understand that Pfizer may not be presenting any live witnesses from Pfizer.

February 18, 2010
Page 2

    4.    **Whether the 17200 claim will be tried by the Court or the Jury?** As I understand it, this remains undecided.

In setting forth the above list, I am not trying to advocate the position for or against, but simply wish to bring this to the Court's attention. As you may recall, while issues like above are typically addressed at the pre-trial conference, the pre-trial conference conducted in connection with this matter addressed mostly outstanding Daubert motions and other motions in limine. At that time the parties remained involved in the process of exchanging proposed trial exhibits, objections thereto, deposition designations and the like. Since pre-trial orders set by the Court did not require those exchanges until after the time of the pre-trial hearing, these issues have not been "teed up" at the time of the pre-trial hearing back on January 28, 2010,.

Of course, some more routine matters might also arise before the opening statements, e.g., objections to demonstratives which are being exchanged tomorrow, but given the apparent broader and more substantial nature of these other issues; again I thought it appropriate to bring to your attention at this time.

                                                            Very truly yours,

                                                            HAGENS BERMAN SOBOL SHAPIRO LLP

                                                            Thomas M. Sobol

TMS:LC