UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Judge Patti B. Saris |
| | Magistrate Judge Leo T. Sorokin |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS' PROFFERED EXPERT DAVID A. KESSLER FROM TESTIFYING ABOUT DOCUMENTS NOT IDENTIFIED IN HIS EXPERT REPORT**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this memorandum of law in support of their accompanying motion for an order precluding Plaintiffs' proffered expert David A. Kessler from testifying about or offering new and previously undisclosed opinions regarding documents that were not identified among the documents considered by him in his expert report. Plaintiffs should also be precluded from seeking to elicit or offer any opinions from Dr. Kessler beyond the scope of his report.

## INTRODUCTION

In plain violation of their Rule 26 obligations, Plaintiffs have, on the eve of trial, identified five documents that they will seek to introduce through Dr. David Kessler, their proffered expert witness on FDA standards and procedures. These five documents were not identified by Dr. Kessler as among the materials he reviewed for his report. First Circuit precedent clearly requires that Dr. Kessler be precluded from offering testimony about such documents. Further, Pfizer is concerned that, with or without documents, Plaintiffs will seek to elicit previously undisclosed opinions from Dr. Kessler. Permitting Plaintiffs to engage in such tactics would be grossly prejudicial to Pfizer and a plain violation of the Federal Rules.

Indeed, this is only one of many last minute machinations that Plaintiffs are engaged in as they attempt to shore up holes in a case that they have repeatedly represented to the Court was trial-ready or to pursue a strategy of trial by ambush. For example, in the pre-trial memorandum,

Plaintiffs state that they will seek to amend the complaint in two significant respects – including adding a never before pled enterprise. In their pre-trial filings, Plaintiffs have attempted a de facto amendment of their complaint by adding new plaintiffs to the lawsuit in a footnote. On February 12, 2010, only ten days before trial and a month after the agreed deadline, Plaintiffs advised counsel for Pfizer that they would be amending their deposition designations to both change their prior designations and to add witnesses for whom no affirmative designation had been made at all. That same day, Plaintiffs' counsel indicated that Kaiser would be amending its exhibit list, even after one extension had previously been consented to by Pfizer. Further, Plaintiffs have attempted to resurrect two motions in limine that they previously withdrew by inserting them into the pre-trial memorandum. Plaintiffs are attempting to raise an issue that should have been raised as a discovery motion years ago (and certainly no later than the motion in limine deadline) again by the expedient of inserting the issue into the pre-trial memorandum.

Thus, this latest attempt by Plaintiffs to expand their proof beyond their pre-trial designations comes after Pfizer has already endured a barrage of such "supplements" over the past several days. It is time for it to end. Pfizer asks this Court to preclude Plaintiffs from showing Dr. Kessler documents that were not listed among the materials considered by him or seeking to elicit from him opinions beyond the scope of his report.

## ARGUMENT

This Court's November 12 Procedural Order [2172] required Plaintiffs to identify their first witness, together with the exhibits likely to be introduced through the witness, on February 15, 2010. At approximately 1:30 p.m. on February 15, Plaintiffs identified their proffered expert, David Kessler, as their first witness. Plaintiffs have designated Dr. Kessler as an expert regarding standards and procedures of the Food and Drug Administration. After providing his initial report, Plaintiffs never supplemented Dr. Kessler's report. Shortly before 8:00 p.m. on February 15, Plaintiffs identified 16 documents that they would seek to introduce through Dr. Kessler, including the following:

Exh. 168      9/20/2001 Email From: Marino to: Gracon cc: Knapp, Pande, Scott

2

|              | (PFIZER LKNAPP 0023057 to PFIZER LKNAPP 0023058) |
|---|---|
| Exh. 193 | 12/30/1993 Letter from Temple (HHS) to Turner, attaching labeling draft (PFIZER LCASTRO 0035910 to PFIZER LCASTRO 0035946) |
| Exh. 196 | 5/22/2002 Notes from FDA Teleconference (PFIZER LCASTRO 0011772 to PFIZER LCASTRO 0011776) |
| Exh. 197 | 1/14/2002 Letter from Scott to FDA (PFIZER LCASTRO 0008362 to PFIZER LCASTRO 0008363) |
| Exh. 207 | 7/28/1994 FDA FOI Documents for Neurontin NDA Approval (PFIZER LALPHS 0084338 to PFIZER LALPHS 0084703) |

(Feb. 15, 2010, 7:58 p.m. email from I. Rona to K. Armstrong (Armstrong Decl. Exh. A.).) Until less than a week before jury selection is to begin in this case, none of the five documents listed above were identified as among the materials considered by Dr. Kessler in his expert report. (Appendix B to Kessler Report (Armstrong Decl. Exh. B.)

Clearly, Dr. Kessler is not a percipient fact witness and cannot lay a foundation for the admission of these exhibits or testify based upon personal knowledge regarding their subject matter. As an expert witness, the only way in which Plaintiffs could seek to "introduce" the documents though Dr. Kessler would be to elicit opinions from him based upon these documents. Pursuant to Federal Rule of Civil Procedure 26, Dr. Kessler was required to identify all materials considered by him in his expert report. Kessler was deposed and never revealed that he had considered any of these five documents. (Kessler Dep. at 45:6-45:22, Armstrong Decl. Exh. C.) Defendants would be severely prejudiced if Dr. Kessler were allowed to offer opinions regarding these documents, which were not listed among Dr. Kessler's reliance materials. Accordingly, Plaintiffs should not be allowed to show these documents to Dr. Kessler or to seek to elicit opinions from him based upon these documents.

Federal Rule of Civil Procedure 26 governs expert disclosures. Specifically, Rule 26(a)(2)(B) requires that the disclosure of any witness "retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report . . . prepared and signed by the witness." This report must contain, inter alia, "the data or other information considered by the witness" in forming his opinion. Fed. R. Civ. P. 26(a)(2)(B)(ii). A party must not only

3

disclose information on which the expert relied, but also "all materials . . . that [the] expert generated, reviewed, reflected upon, read, and/or used in formulating his conclusions." *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 464 (E.D. Pa. 2005). Rule 26(e) further imposes a continuing duty to supplement expert disclosures.

In *Thibeault v. Square D Co.*, 960 F.2d 239 (1st Cir. 1992), the First Circuit noted that the disclosure required by Rule 26 was "consonant with the federal courts' desire to 'make a trial less a game of blindman's bluff and more of a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" *Id.* at 244 (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). The court further recognized that "Rule 26 increases the quality of trials by better preparing attorneys for cross-examination [and] minimizing surprise." *Id.* (citation omitted). "The failure to provide an expert report that satisfies the specific requirements of Rule 26(a)(2)(B) undermines opposing counsel's ability to prepare for trial." *Peña-Crespo v. Puerto Rico*, 408 F.3d 10, 13 (1st Cir. 2005). This is especially true where documents are designated on the eve of trial. In fact, the First Circuit has stated that "[m]any courts – this court included – have recognized that the introduction of new expert testimony on the eve of trial can be seriously prejudicial to the opposing party." *Thibeault*, 960 F.2d at 246-47.

Rule 37 provides that a party who fails to provide the necessary information under Rule 26(a) may not "use that information or witness to supply evidence . . . at a trial." Fed. R. Civ. P. 37(c)(1). "[T]he new rule [37(c)(1)] clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion." *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998).

Unlike the Plaintiffs, who only deposed one defense expert (an economist), Defendants actually chose to depose Plaintiffs' experts and relied upon their reports and identification of materials considered by their experts when preparing for those depositions. Because of Plaintiffs' failure to identify these documents among the materials considered by Dr. Kessler, Defendants did not have an opportunity to depose him regarding these documents or any opinions relating to them. Plaintiffs are, in essence, seeking to supplement Dr. Kessler's report

4

on the eve of trial, which is wholly improper. It is too late to cure this deficiency by allowing another deposition of Dr. Kessler. And Plaintiffs cannot excuse their failure by engaging in speculation about how timely designations might have affected Defendants' deposition of Dr. Kessler or their trial strategy. *See In re Mercedes-Benz Anti-Trust Litig.*, 225 F.R.D. 498, 506 (D.N.J. 2005) (observing that it was not up to the non-disclosing party "to decide what information is most pertinent to [its opponents'] position" and refusing to "speculate on how [a party] would have used the additional information disclosed . . . or what other information [they] might have uncovered had they deposed [the witness] on the issue"). In short, such untimely designations are unjustified and are clearly not harmless. As such, the only fair resolution is to preclude Plaintiffs from showing the documents to Dr. Kessler or seeking to elicit opinion testimony from him regarding these documents.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and preclude Plaintiffs' proffered expert David A. Kessler from testifying about or offering opinions regarding documents that were not identified among the documents considered by him in his expert report. Plaintiffs should not be permitted to show the documents to Dr. Kessler. Plaintiffs should also be precluded from seeking to elicit or offering any opinions from Dr. Kessler beyond the scope of his report.

Dated: February 18, 2010
Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:  /s/ Mark S. Cheffo
Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Email: Mark.Cheffo@skadden.com

5

                        SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

               By:    /s/ Raoul D. Kennedy
                       Raoul D. Kennedy

               Four Embarcadero Center
               San Francisco CA 94111
               Tel:  (415) 984-6400
               Email:  Raoul.Kennedy@skadden.com

               WHEELER TRIGG O'DONNELL LLP

               By:    /s/ James E. Hooper
                       James E. Hooper

               1801 California Street
               Suite 3600
               Denver, CO 80202-2617
               Tel:  (303) 244-1800
               Email:  hooper@wtotrial.com

               *Attorneys for Defendants Pfizer Inc and*
               *Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 18, 2010.

                                /s/ Mark S. Cheffo
                                Mark S. Cheffo