UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin |

## DEFENDANTS' OBJECTION TO PLAINTIFFS' ATTEMPT TO RAISE MATTERS BY LETTER TO THE COURT

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") hereby object to the attempt by Plaintiffs to raise by letter certain issues with the Court that should be raised, if at all, by motion and should have been raised weeks, if not months ago.  Defendants ask that the Court strike Plaintiffs' Counsel's letter.

## ARGUMENT

A few minutes past 5:00 p.m. on Thursday, February 18, 2010, Pfizer was served by ECF a letter from Plaintiffs' Counsel directed to the Court.  Pfizer strenuously objects to Plaintiffs' attempt to raise by letter to the Court matters that should be raised by motion and, if raised by motion, should have been brought to the Court's attention weeks, if not months ago.  The Court should not condone the use of letters in lieu of motions as this will quickly become unmanageable for the Court.  In fact, this Court has made clear that it does not permit counsel to correspond directly with the Court in lieu of motion practice.  (*See, e.g.,* Docket Entry 1/25/07 re: Document No. 613 ("File a motion if relief is requested, I do not accept motions by letter."); Docket Entry 1/25/07 re: Document No. 602 ("In this session, I require motions and oppositions.").)

By their inappropriate letter, submitted in violation of this Court's guidelines, Plaintiffs are attempting to deny Pfizer an opportunity to fully respond to matters that should have been raised weeks, months or even years ago.  The final pre-trial conference was scheduled for and held on January 28, 2010.  Motions in limine were due on January 8, 2010.  Plaintiffs attempt to

excuse their failure to timely raise the issues in their letter by stating that most of the time at the pre-trial conference was taken up addressing outstanding *Daubert* motions and other motions in limine.  However, that most of the time at the pre-trial conference was taken up addressing Plaintiffs' *Daubert* motions was due to the fact that Plaintiffs filed five *Daubert* motions seeking to challenge the testimony of experts they had never even deposed, after previously representing to the Court that they did not intend on making many *Daubert* motions.  This Court gave the parties full opportunity to raise whatever issues they wanted to and the hearing concluded early, around 3:00 p.m.  Not only did Plaintiffs not raise these issues at the final pre-trial conference, they had not done anything to identify them for the Court as potential issues, by motion or otherwise, prior to the pre-trial conference.[1]  Nor have Plaintiffs raised these matters by motion in the three weeks since the final pre-trial conference.

By way of example, the second issue identified by Plaintiffs raises, at best, a discovery dispute (and not any issue of spoliation) that should have been brought to the Court's or the Magistrate Judge's attention, if it had any merit, years ago.  Plaintiffs were clearly on notice of this issue when they represented to the Court in October that this case was ready for trial.  Moreover, the parties had several "meet and confers" over potential motions in limine and Plaintiffs' counsel indicated that they might raise their second issue by motion in limine.  Pfizer's Counsel asked Plaintiffs' Counsel repeatedly to send them the prior court papers and hearing transcripts that they believed supported their position so that the parties could meet and confer in a meaningful fashion.  On two separate occasions, Plaintiffs' counsel promised to send such documents to Pfizer's counsel.  They never did so and they ultimately decided not to raise the issue by motion in limine.  Having abandoned the issue once, they should not be able to raise it now on the eve of trial.

---

[1] One of the issues – the use of an advisory jury on Plaintiffs' claims under California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.) – was raised at the pre-trial conference ***by Defendants***.  The Court indicated that it was inclined to use an advisory jury based upon its prior experience.  In addition, in their recent filings, Plaintiffs have stated that they agree to an advisory jury.

To be clear, Plaintiffs' claims of spoliation are without merit and Plaintiffs' statement that "Pfizer has produced no documents from the Western CBU" is simply not true, as evidenced by the attached transmittal letter to Mr. Sobol (which is just one of several examples).  While any motion by Plaintiffs would be untimely, Pfizer reserves its rights to fully respond to Plaintiffs' baseless allegations should Plaintiffs be allowed to pursue them by motion.

Regarding Plaintiffs' third issue, Plaintiffs raised that issue with Pfizer's counsel for the first time on Monday, February 15, a week before trial is scheduled to begin.  There is no reason why this issue could not have been addressed by motion in limine filed by the deadlines established by the Court.  That Plaintiffs chose not to use one of their allotted ten motions in limine on this issue was their choice.  If the limit of ten was problematic, their remedy was to seek relief prior to the motion in limine deadline of January 8.

There is simply no excuse for Plaintiffs to wait until the eve of trial to raise by a letter to the Court matters that should be raised by motion, with an appropriate amount of time for Pfizer to respond and for the Court to consider the issues on a fully developed record.[2]

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court strike Plaintiffs' Counsel's letter and deny the relief sought in paragraphs 2 and 3 as untimely.  Defendants reserve their right to fully respond to the issues raised by Plaintiffs should they be raised by appropriate motion.

---

[2] Plaintiffs' first issue was, likewise, not an appropriate matter to raise by letter to the Court. Nonetheless, Pfizer agrees that a method should be in place to allow the Court to expeditiously rule on objections to the exhibits.  Pfizer proposed to Plaintiffs' Counsel a 48-hour rule pursuant to which the parties would identify witnesses and exhibits to be used on direct 48 hours in advance of when a witness would testify.  This would allow time for the Parties to present any objections to the Court.  Pfizer believed that Plaintiffs' counsel was in agreement with the 48-hour rule, only to learn otherwise this morning.  Pfizer also proposed that certain objections could be addressed categorically, ruled upon once by the Court, and then preserved pursuant to FRE 103(a).

Dated: February 18, 2010                Respectfully submitted,

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                        By:      /s/ Mark S. Cheffo
                                                 Mark S. Cheffo

                                        Four Times Square
                                        New York, NY 10036
                                        Tel:  (212) 735-3000
                                        Email:  Mark.Cheffo@skadden.com

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                        By:      /s/ Raoul D. Kennedy
                                                 Raoul D. Kennedy

                                        Four Embarcadero Center
                                        San Francisco CA 94111
                                        Tel:  (415) 984-6400
                                        Email:  Raoul.Kennedy@skadden.com

                                        WHEELER TRIGG O'DONNELL LLP

                                        By:      /s/ James E. Hooper
                                                 James E. Hooper

                                        1801 California Street
                                        Suite 3600
                                        Denver, CO 80202-2617
                                        Tel:  (303) 244-1800
                                        Email:  hooper@wtotrial.com

                                        *Attorneys for Defendants Pfizer Inc and*
                                        *Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

        I hereby certify that this document filed through the ECF system has been served
pursuant to Case Management Order #3 on February 18, 2010.

                                        /s/ Mark S. Cheffo
                                        Mark S. Cheffo