**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin<br><br>**LEAVE TO FILE GRANTED<br>FEBRUARY 19, 2010** |

**KAISER'S RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR CONTINUED DEPOSITION OF <u>DR. NICOLAS WIEDER AND ADDITIONAL RELIEF</u>**

On January 18, 2010, Defendants Pfizer, Inc. and Warner-Lambert Company LLC ("Defendants" or "Pfizer") moved the Court for the continued deposition of Dr. Nicolas Wieder and "additional relief." Pfizer styled its motion for continued deposition as an "emergency" even though it related to a discovery dispute that first arose over two years ago. Kaiser[1] opposed this transparent attempt to circumvent the Court's discovery deadline. On January 24, 2010, Defendants sought leave to file a reply brief. On January 29, 2010, Magistrate Judge Sorokin denied Pfizer's motion. On February 5, 2010, Defendants filed objections to Magistrate Judge Sorokin's ruling, which constitutes their third brief on the issue, and now demand that this Court consider its pedestrian discovery motion.

Kaiser does not believe this minor discovery dispute merits extensive deliberation by the Court. Kaiser has nonetheless, for the Court's convenience, attached its opposition brief (Exhibit 1) and sur-reply brief (Exhibit 2) in case the Court should find them helpful.[2] Kaiser files this response to clarify the issues presented in the extensive briefing before Magistrate Judge Sorokin:

- ***Pfizer seeks "emergency" relief for an issue that first arose over two years ago in this litigation.*** Pfizer admits that, in July 2007, it deposed a Kaiser physician, Dr. Carver, asking him similar questions about Kaiser's website and counsel instructed Dr. Carver not to answer. Pfizer Objection at 12-13. In other words, the exact same issue was raised years ago, and Pfizer was free to make a motion,

---

[1] Plaintiffs in this action are Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser"). Kaiser Foundation Health Plan, Inc. is the parent company of the following companies and has brought this lawsuit on behalf of itself and its subsidiaries: Kaiser Foundation Health Plan of Colorado; Kaiser Foundation Health Plan of Georgia, Inc.; Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.; Kaiser Foundation Health Plan of the Northwest; and Kaiser Foundation Health Plan of Ohio.

[2] Magistrate Judge Sorokin has not ruled on Kaiser's Motion for Leave to File Sur-Reply [Dkt. #2425].

1

or not, at that time.[3] Pfizer chose not to file a motion and it let the discovery time period lapse two years ago. In the years since, Pfizer did nothing to tee up the issue. It is far, far too late for it to try to resurrect the issue now – first before Magistrate Judge Sorokin and now before this Court. The "emergency" is merely the byproduct of Pfizer's failure to seek discovery on these websites prior to the discovery deadline.

- ***Pfizer seeks more time to depose a witness who they have already questioned for longer than the court-ordered seven hours.*** Defendants exceeded the seven-hour limit, but Kaiser twice allowed them to ask additional questions. Pfizer failed to reserve a portion of its allotted time for re-direct examination, as has been the practice throughout this litigation. Pfizer's inefficient use of time does not justify a "do-over."

- ***Pfizer falsely claims it was unable to examine Dr. Wieder about the Kaiser website.*** Pfizer states that it was prevented from exploring the scope of Dr. Wieder's knowledge about Kaiser's website. Pfizer Objection at 4-5. Pfizer is incorrect. Pfizer asked Dr. Wieder numerous questions about various portions of Kaiser's website, using purported printouts of certain Kaiser web pages. *See* Wieder Dep. at 345:4 – 363:16.[4] Dr. Wieder testified that he had never before seen these materials. Wieder Dep. 340:23 – 341:2; 341:13-19. Pfizer was only prevented from wasting the witness's time authenticating URLs that were supposedly on the internet. Kaiser has repeatedly agreed to stipulate to the authenticity of documents from Kaiser's website identified by opposing counsel,

---

[3] Pfizer was similarly free to request that Kaiser supplement responses to any discovery requests served back in 2007 consistent with their obligations under Rule 26(e).
[4] Excerpts of Dr. Wieder's deposition were attached as Exhibit B to the attached Exhibit 1.

once those materials have been verified. *See, e.g.*, Wieder Dep. at 339:1-4. Defendants need only send a list of the websites they want verified to Kaiser and Kaiser will verify their authenticity, but Defendants have instead brought this minor dispute before the Court.

- ***Pfizer does not limit the proposed continued deposition to Kaiser's websites.*** Throughout their three briefs on this topic, Pfizer has sought a wide variety of additional discovery. Even though Pfizer now appears to have dropped many of those requests,[5] its motion still seeks two hours of continued deposition of Dr. Wieder on an unlimited number of topics, even though the only questions that Defendants claim were impeded involved materials on Kaiser's website. Rather than seeking time to depose Dr. Wieder solely on that topic, Defendants have sought two hours to address any topic of their choice.

- ***Pfizer seeks to have "stricken" a truthful declaration even though the declarant's extensive deposition testimony confirms the statements made in his declaration.*** Dr. Wieder provided a declaration in response to Pfizer's motion for summary judgment, stating that he previously recommended that the P&T Committee remove formulary restrictions and guidelines and would not have made the recommendation had he known about Pfizer's misconduct. Dr. Wieder's testimony repeated these statements and explained their meaning in more detail. Rather than acknowledge this consistency, Defendants have tried to

---

[5] Defendants previously sought the identification of "the URLs of all websites through which Kaiser provides information to its members," "access to the password protected portions of those websites," and depositions of Donald Kemper at Healthwise and David McWaters at Kaiser. Pfizer Mem. at 15; Reply at n.4. Defendants' Objection does not seek these items in its list of proposed relief. Pfizer Objection at 19. Rather than renew their request for depositions of Donald Kemper and David McWaters in their Objection, Defendants delayed until February 9, 2010 to file a separate "emergency" motion to compel their depositions. Kaiser responds to this "emergency" motion to compel separately.

3

play with Dr. Wieder's words, despite their clear meaning, in an attempt to re-litigate their summary judgment motion, on which this Court has already ruled.

- ***Pfizer proposes excessively broad relief:*** Defendants seek an Order "directing Kaiser to stipulate to the authenticity of the website pages at issues [sic], as well as any other website pages pertaining to Neurontin or the conditions at issue in this litigation." Pfizer Objection at 19. This request is incredibly broad, as it is not, on its face, limited to Kaiser's website. It merely refers to "any other website pages" – Plaintiffs should not be obligated to search the internet for any pages discussing Neurontin or the conditions at issue in the litigation. Moreover, a court order is unnecessary on this topic, as Plaintiffs have already agreed to stipulate to the authenticity of documents from Kaiser's website identified by opposing counsel, once those materials have been verified. Wieder Dep. at 339:1-4.

Given that the Defendants have had ample opportunity to (i) obtain discovery regarding Kaiser's websites and (ii) examine Dr. Wieder extensively regarding information they printed from Kaiser's websites, continuing the deposition of Dr. Wieder would violate the precepts of Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 26(b)(2)(C) (limiting discovery if it would be unreasonably duplicative, if the party seeking discovery has had ample opportunity to obtain discovery, or if the expense of proposed discovery outweighs the benefits). The Court, like Magistrate Judge Sorokin, should see through Defendants' attempt to seek additional discovery well beyond the deadline.

## CONCLUSION

For the reasons stated herein, Magistrate Judge Sorokin's Order Denying Defendants' Emergency Motion for Continued Deposition of Nicholas Wieder and Additional Relief should be upheld.

Dated: February 9, 2010

Respectfully submitted,

By: */s/ Linda P. Nussbaum*
     Linda P. Nussbaum

KAPLAN FOX & KILSHEIMER LLP
Linda P. Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, New York 10022

*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

*Of Counsel*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 9, 2010.

*/s/ Elana Katcher*
Elana Katcher
