# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:   NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No.  1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF KAISER'S MOTION TO FILE PRETRIAL MEMORANDUM UNDER SEAL

## INTRODUCTION

During the January 28, 2010 pretrial hearing, the Court indicated in no uncertain terms that the protective order was abrogated.  The Court clarified that documents should no longer be filed under seal **unless the contained personal health information, social security numbers, and medical records.**

On February 15, 2010, the parties jointly filed a redacted version of the 65 page Joint Pretrial Memorandum [Docket No. 2500].  Kaiser redacted a portion of one paragraph – the portion that pertains to personal health medications taken by one of Kaiser's economic experts, Dr. Raymond Hartman.  On February 16, 2010, Kaiser filed a motion for leave to file the unredacted pretrial memorandum under seal [Docket No. 2506].

Defendants did not assent to filing the pretrial memorandum under seal, and have now opposed Kaiser's motion [Docket. No. 2506].  Defendants' opposition to the motion to seal does not address whether Kaiser's request to seal a portion of the document is appropriate.  Rather, Pfizer improperly addresses the admissibility at trial of the material sought to be kept under seal.  Given that trial is set to commence this Monday, Kaiser briefly responds to the substantive issues.

## ARGUMENT

**A.     Dr. Hartman's Personal Medical Information May be Properly Sealed.**

Information about medications prescribed to Dr. Hartman constitutes personal medical information that may be properly sealed.   In abrogating the protective order, the Court specifically indicated that exceptions would be made for certain types of information, including information related to personal medical information and medical

1

records.[1]  Defendants have not contested this.  Nor have they contested that Dr.

Hartman's prescription history constitutes information worthy of protection under seal.

 This Court has previously granted Kaiser's motion to seal a document referencing

Dr. Hartman's pain medications.  *See* Electronic ORDER entered January 11, 2010

(granting MOTION to Seal Document 2330 MOTION in Limine To Exclude Cross-

Examination On Dr. Hartman's Medication by Kaiser Foundation Health Plan, Kaiser

Foundation Hospitals).  The Court should again grant Kaiser's motion to file a portion of

the pretrial memorandum under seal.

**B.** **Kaiser Did Not Waive its Ability to Object to References to Dr. Hartman's Use of Particular Medications at Trial**

 Kaiser may properly object to any reference to Dr. Hartman's use of █████

████████ at trial.  Like innumerable issues the parties have left for decision at trial, the

admissibility of Dr. Hartman's prescription medications is simply one of them.

 Plaintiffs attempted to raise the issue pre-trial through motion in limine, but to

avoid an unnecessary cat fight with Defendants over the numbering of such motions, the

issue was postponed until now.  The simple background follows:  On January 8, 2010,

Kaiser filed a motion *in limine* that sought to preclude Defendants from mentioning at

trial that Dr. Hartman ██████████████████████████████████████████████████

████████████████ [Docket No. 2330].  After Defendants alleged that Kaiser had filed

more than their allotted ten motions *in limine* [Docket No. 2355], Kaiser offered to

withdraw two of its motions in an attempt to resolve the disagreement between the parties

[Docket No. 2357 (stating "Kaiser will voluntarily withdraw its Motion *in Limine* to

Exclude Cross-Examination on Dr. Hartman's Medication …." but that "As with any

---

[1] The transcript from the January 28, 2010 hearing is not yet available.  Counsel is relying on memory and notes taken during the hearing.

testimonial or documentary evidence, Kaiser reserves the right to object to the admission

of this evidence at trial on any applicable ground.")].

The Court accepted Kaiser's proposed solution and ordered Plaintiffs to withdraw

two motions, including the motion relating to Dr. Hartman's medication.  *See* Electronic

Order dated January 19, 2010 (stating "plaintiffs shall … withdraw the two suggested

motions in limine.").  Kaiser subsequently filed a Notice of Withdrawal of the Motion

pertaining to Dr. Hartman's medication [Docket No. 2377].  The Notice of Withdrawal

explicitly states, "Plaintiff Kaiser reserves the right to object to any such cross-

examination at trial or other appropriate pretrial proceedings on any applicable ground."

*Id.*

Kaiser has not waived its right to object to references to Dr. Hartman's

medications.  Pfizer's assertion that we may object to reference to Dr. Hartman's ███

████████ at trial *but may not properly include a reference to the fact that we intend to*

*object at trial in the section of the pretrial memorandum  where the parties are required*

*to identify "issues of law, including evidentiary questions"*  is ludicrous.  Opposition at 3.

## C.    Defendants' Ought Not be Allowed to Cross Dr. Hartman Regarding His Use of Neurontin

During discovery, Defendants Pfizer, Inc. and Warner-Lambert Company LLC

("Defendants") probed into the medication taken by Dr. Hartman ███████████████.

Dr. Hartman revealed that he took ████████████████████████████████████████

to address ████████████.  Dep. Tr. 18:19 – 19:21 (Dec. 13, 2006); Dep. Tr. 347:16 –

348:5 (Jan. 27, 2009).  Dr. Hartman takes ██████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████.

3

### 1.      Dr. Hartman's Use of Neurontin is Not Relevant

The Federal Rules of Evidence state that "[e]vidence which is not relevant is not admissible" and define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401, 402.

Dr. Hartman further testified that  Dec. 13, 2006 Tr. at 19:16-19.  Dr. Hartman's physician prescribed him ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Neither Dr. Hartman nor his physician knows ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  His testimony on the topic is therefore irrelevant.

### 2.      The Court has Already Banned the Use of Anecdotal Evidence

The Court has already recognized that "[double blind randomized clinical trials] are the 'gold standard' of scientific evidence," and ordered that "[c]linical experience alone will not suffice as a reliable scientific methodology in assessing the efficacy of a drug…."  [Memorandum and Order, February 12, 2010, Docket No. 2488.]   Other courts have similarly found evidence of individualized case reports to be unreliable.  *See Hall v. Baxter Healthcare Corp.*, 947 F. Supp. 1387, 1411 (D. Or. 1996) (explaining that "case reports and case studies are universally regarded as an insufficient basis for a conclusion regarding causation because case reports lack controls."); *Casey v. Ohio Med. Prods.*, 877 F.Supp. 1380, 1385 (N.D. Cal. 1995) (holding that "case reports are not reliable scientific evidence of causation, because they simply described reported phenomena without comparison to the rate at which the phenomena occur in the general population or

in a defined control group; do not isolate and exclude potentially alternative causes; and do not investigate or explain the mechanism of causation."). Any anecdotal evidence about Dr. Hartman's individual opinion ████████████████, rather than results from randomized controlled trials, is inconsequential ████████████████.

### 3. Dr. Hartman's Use of Medications Cannot Affect His Credibility

Plaintiffs intend to call Dr. Hartman to testify about the damages sustained by Kaiser. Counsel instructed Dr. Hartman to assume certain allegations contained in the complaint, but Dr. Hartman does not offer an opinion as to those allegations. His testimony is limited to economic theory and the actual damages numbers for Kaiser. As a result, ████████████ does not undermine his economic analysis of the damages suffered in this case in any way, shape, or form. He is an economist who has no medical education and is not qualified to discuss ████████████████. Accordingly, Dr. Hartman's use ██████████ does not impact his credibility.

### 4. Evidence of Dr. Hartman's Medications is More Prejudicial than Probative

Rule 403 of the Federal Rules of Evidence provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *See* Fed. R. Evid. 403. Any discussion of medications taken by Dr. Hartman would pose a substantial risk of misleading the jury.

Testimony regarding medications taken by Dr. Hartman would provide no probative value to Defendants' case. The prejudicial impact of this testimony, however, would be severe. In order to respond to evidence of Dr. Hartman's medications, Plaintiffs may be forced to call Dr. Hartman's treating physician to describe Dr.

Hartman's medical history, the medications prescribed for Dr. Hartman, and the potential

explanations for Dr. Hartman's ███████. Such evidence would be a sideshow and a

distraction from the real issues in the case.

## CONCLUSION

For the reasons stated herein, the motion should be sealed and Defendants should

be precluded from asking Dr. Hartman questions regarding his use of medications.

Dated:  February 19, 2010                    Respectfully submitted,


                                             By:     */s/ Linda P. Nussbaum*
                                                     Linda P. Nussbaum

                                             KAPLAN FOX & KILSHEIMER LLP
                                             Linda P. Nussbaum, Esq.
                                             850 Third Avenue, 14th Floor
                                             New York, New York 10022

                                             *Attorneys for Plaintiffs Kaiser Foundation*
                                             *Health Plan, Inc. and Kaiser Foundation*
                                             *Hospitals*

*Of Counsel*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 19, 2010.

<u>/s/  Elana Katcher</u>
Elana Katcher