UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin<br><br>**LEAVE TO FILE GRANTED**<br>**FEBRUARY 19, 2010** |

**KAISER'S REPLY TO DEFENDANTS' OPPOSITION TO KAISER'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR CONTINUED DEPOSITION OF DR. NICOLAS WIEDER AND ADDITIONAL RELIEF**

On January 29, 2010, Magistrate Judge Sorokin denied Pfizer's motion for continued deposition of Dr. Nicolas Wieder. On February 5, 2010, Defendants filed objections to Magistrate Judge Sorokin's ruling. On February 9, 2010, Kaiser filed a motion for leave to file response to Defendants' objections; the proffered response features a concise summary of the extensive briefing before Magistrate Judge Sorokin. On February 14, 2010, Defendants filed an opposition to Kaiser's motion for leave.

**ARGUMENT**

Defendants' opposition focuses on a single issue – Kaiser's removal of potentially misleading statements regarding Neurontin from its website. The materials at issue were drafted by third party vendors who maintained final editorial control over the materials they generated. The materials also contained multiple disclaimers, such as "[t]he

1

information provided on this Web site is not a substitute for the advice of your personal physician or other qualified health care professional . . . Never disregard professional medical advice or delay in seeking it because of something you have read on this Web site." Kaiser has removed some of these materials, but it has preserved all of the removed materials and produced them to the Defendants. Kaiser has also agreed to the authenticity of these materials. If, as Defendants claim, one could construe these materials to state that Neurontin is effective in treating conditions for which Kaiser has gathered evidence that Neurontin is ineffective, Kaiser's removal of these materials serves the public interest. Moreover, Defendants face no prejudice from this removal because Kaiser has preserved, produced, and authenticated all of the removed materials.

Defendants' opposition does not impact the issue decided by Magistrate Judge Sorokin in the underlying motion. Fact discovery is still closed. Defendants' use of more than seven hours to depose Dr. Wieder remains unchanged. Defendants have already asked Dr. Wieder extensive questions on materials from Kaiser's website. Dr. Wieder's testimony that he is not familiar with these materials still stands. The truthfulness of Dr. Wieder's declaration remains entirely unaffected. Rather, Defendants are using this minor discovery dispute to try to force Kaiser to maintain potentially misleading materials advocating Defendants' product on its website. As a result, Defendants' argument should be rejected.

## CONCLUSION

Kaiser respectfully requests that its motion for leave to file a response to Defendants' objections to Magistrate Judge Sorokin's Order be GRANTED and that

Magistrate Judge Sorokin's order denying Defendants' motion for continued deposition of Dr. Wieder be upheld.

Dated: February 16, 2010

Respectfully submitted,

By: /s/ Linda P. Nussbaum
Linda P. Nussbaum

KAPLAN FOX & KILSHEIMER LLP
Linda P. Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, New York 10022

*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

*Of Counsel*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 16, 2010.

*/s/ Elana Katcher*
Elana Katcher