UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

In re:  NEURONTIN MARKETING, SALES PRACTICES, : MDL Docket No. 1629
AND PRODUCTS LIABILITY LITIGATION :
: Master File No. 04-10981
---
:
THIS DOCUMENT RELATES TO: : Judge Patti B. Saris
:
--- : Magistrate Judge Leo T. Sorokin
:
*Shearer v. Pfizer Inc.*, :
Case No. 1:07-cv-11428-PBS :
---

### DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE OF OR REFERENCES TO WARNER-LAMBERT COMPANY LLC'S GUILTY PLEA OR ANY RELATED GOVERNMENT INVESTIGATIONS OR AGREEMENTS

Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully move this Court for an order *in limine* to exclude at trial any and all evidence of or reference by Plaintiff or her counsel before the jury to Warner-Lambert Company LLC's guilty plea dated May 13, 2004, any negotiation, settlement, or agreement between Pfizer and/or Warner-Lambert and any government entity arising out of the guilty plea, or any related government finding or investigation of the marketing of Neurontin in violation of the Food, Drug, and Cosmetic Act, and the fact of any such investigation (collectively, the "Plea"). Defendants recognize that the Court previously addressed this or a similar issue in the *Bulger* case and assume that the Court will issue a similar ruling in *Shearer*. To the extent that is the case, Defendants are not seeking reargument, but reserve their right to appeal from any such ruling.

Evidence of the Plea, which antedates Decedent's use of Neurontin and relates only to certain violations of FDA regulations, is irrelevant to the claims in this case and should therefore be excluded under Rule 401. Additionally, introducing evidence of the Plea would violate Pfizer's due process rights. Moreover, evidence of the Plea should be excluded due to unfair prejudice and undue delay that would substantially outweigh its non-existent probative value.

Further, the only plausible reason that Plaintiff might seek admission of the Plea would be as improper character evidence barred by Rule 404(b). Finally, the Plea is not admissible as impeachment evidence. Accordingly, the Court should exclude all such evidence from the trial of this matter.

WHEREFORE, Defendants respectfully request that this Court exclude from trial the specific items of evidence set forth in the accompanying memorandum of law.

Dated: February 22, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Mark.Cheffo@skadden.com

-and-

BOIES, SCHILLER & FLEXNER LLP

By: /s/ William S. Ohlemeyer
    William S. Ohlemeyer

333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
WOhlemeyer@bsfllp.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF CONSULTATION

I hereby certify that counsel have conferred and have attempted in good faith to resolve or narrow the issues presented by this motion.

/s/ Mark S. Cheffo
Mark S. Cheffo

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 22, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo

2