# EXHIBIT B

```
 1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS
 2
         * * * * * * * * * * * * * *
 3       UNITED STATES OF AMERICA   *
                                    *
 4                vs.               *     CRIMINAL ACTION
                                    *     No. 04-10150-RGS
 5       WARNER-LAMBERT COMPANY LLC *
                                    *
 6       * * * * * * * * * * * * * *

 7            BEFORE THE HONORABLE RICHARD G. STEARNS
                    UNITED STATES DISTRICT JUDGE
 8       WAIVER, CHANGE OF PLEA AND SENTENCING HEARING

 9       A P P E A R A N C E S

10              OFFICE OF THE UNITED STATES ATTORNEY
                1 Courthouse Way, Suite 9200
11              Boston, Massachusetts 02210
                for the United States
12              By:  Thomas E. Kanwit, AUSA
                     Sara M. Bloom, AUSA
13                   Jill Furman, Trial Attorney

14

15              DAVIS POLK & WARDWELL
                450 Lexington Avenue
16              New York, New York 10017
                for the defendant
17              By:  Robert B. Fiske, Jr, Esq.
                     James P. Rouhandeh, Esq.
18                   Martine M. Beamon, Esq.

19

20
                                    Courtroom No. 21
21                                  John J. Moakley Courthouse
                                    1 Courthouse Way
22                                  Boston, Massachusetts 02210
                                    June 7, 2004
23                                  2:30 p.m.

24

25
                                              6/7/04
```

```
 1   APPEARANCES, CONTINUED

 2

 3

 4
            HARE & CHAFFIN
 5          160 Federal Street, 23rd Floor
            Boston, Massachusetts 02110-1701
 6          for the defendant
            By: David B. Chaffin, Esq.
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20               CAROL LYNN SCOTT, CSR, RMR
                   Official Court Reporter
21             One Courthouse Way, Suite 7204
                 Boston, Massachusetts 02210
22                     (617) 330-1377

23

24

25
```

| | |
|---|---|
| 1 | MR. TEICHER: My name is Martin Teicher. I am |
| 2 | a Vice President of Warner-Lambert Company LLC. |
| 3 | THE COURT: All right. Mr. Teicher, you are |
| 4 | familiar with what purports to be the minutes of the meeting |
| 5 | held by the managers of Warner-Lambert on May 11, 2004? |
| 6 | MR. TEICHER: I am on the Board of Directors |
| 7 | of Warner-Lambert. |
| 8 | THE COURT: And this resolution authorizes you |
| 9 | to, in fact, appear for Warner-Lambert as attorney in fact; |
| 10 | am I correct? |
| 11 | MR. TEICHER: Yes. |
| 12 | THE COURT: And the action of the Board of |
| 13 | Directors in enacting this resolution was in the authority |
| 14 | of the Board under the Articles of Incorporation? |
| 15 | MR. TEICHER: I believe so, Your Honor. |
| 16 | THE COURT: All right. Have you discussed -- |
| 17 | and, again, I am asking more by way of formality, but it is |
| 18 | an important question. |
| 19 | Have you discussed with counsel what it means for |
| 20 | the corporation to waive indictment in this case? |
| 21 | MR. TEICHER: Yes. |
| 22 | THE COURT: Do you understand that the crimes, |
| 23 | although they are treated as felonies because of a prior |
| 24 | conviction of the company, are nonetheless charged as |
| 25 | misdemeanors? Ordinarily the prosecutor has no authority on |

```
 1   his or her own to bring in the form of an indictment a
 2   felony or a charge with the consequence of a felony crime
 3   without obtaining the prior permission of a citizen panel
 4   called a grand jury to do so.
 5           By waiving indictment in this case, Warner-Lambert
 6   is permitting the government to proceed as if it, indeed,
 7   had the consent of the grand jury to bring these charges.
 8   Although this is captioned as an "Information," the crimes,
 9   again, as I stated before are felonies.
10           Do you understand that Warner-Lambert by agreeing
11   to waive indictment is giving up its right to require the
12   government to present this case first to a grand jury to
13   obtain the acquiescence of a grand jury in the Information?
14           MR. TEICHER:  I do understand that, Your
15   Honor.
16           THE COURT:  Is it the advice of counsel that
17   it is in the best interests of the corporation to proceed by
18   waiver of indictment?
19           MR. TEICHER:  Yes, Your Honor.
20           THE COURT:  Does either counsel or Mr. Teicher
21   know of any untoward threats or inducements that were given
22   to Warner-Lambert to bring about the waiver of indictment in
23   this case?
24           MR. TEICHER:  No.
25           MR. ROUHANDEH:  No, Your Honor.
```

1        The sale of the drug with the tradename Neurontin
2   was introduced in interstate commerce for unapproved uses
3   and without prior FDA approval.
4        This crime, like Count 2, is a direct liability
5   offense, that is, the government would not have to prove
6   scienter but would have to prove the four elements I just
7   described.
8        So too with Count 2 which alleges distribution of a
9   misbranded drug.  As framed this would require proof of a
10  prior conviction under the same operative statutes, the sale
11  of the drug under the tradename Neurontin in interstate
12  commerce, and unapproved uses without adequate directions
13  being provided to physicians and consumers for such uses.
14       These would be the elements that the government
15  would have to prove.
16       Do I have them correctly stated, Counsel?
17            **MR. KANWIT:** Yes, you do, Your Honor.
18            **MR. ROUHANDEH:** Yes, Your Honor.
19            **THE COURT:** Do you understand that --
20            **MR. TEICHER:** Yes.
21            **THE COURT:** -- that is what would be involved?
22       All right.  Now, let me ask Mr. Kanwit to
23  explain -- and I realize that there is more art than perhaps
24  science in this -- but explain the maximum penalties to the
25  offense.