UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------- x

In re: NEURONTIN MARKETING,
SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

------------------------------------------------------------- x

THIS DOCUMENT RELATES TO:

*Shearer v. Pfizer Inc.*,
Case No. 1:07-cv-11428-PBS

------------------------------------------------------------- x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE
OF OR REFERENCES TO CONDUCT UNRELATED TO NEURONTIN**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully move this Court for an order *in limine* to exclude at trial any and all evidence of or reference by Plaintiff or her counsel before the jury to conduct unrelated to Neurontin, including (i) an August 31, 2009, settlement among Pfizer, the United States Department of Justice, and certain other government agencies (collectively, the "Government"), pursuant to which Pfizer and the Government agreed to settle certain qui tam actions against Pfizer involving drugs other than Neurontin (the "August 2009 Settlement") and (ii) a plea agreement between the Government and Pharmacia & Upjohn Company, Inc. (a company that is not a party to this litigation) involving the drug Bextra (the "Pharmacia Plea"), as well as any related government finding or investigation in connection with the August 2009 Settlement or Pharmacia Plea.

First, introduction of the August 2009 Settlement is precluded by Rule 408. Second, evidence of the August 2009 Settlement and Pharmacia Plea is irrelevant to the claims in this case and would cause unfair prejudice, confusion and delay that would substantially outweigh their non-existent probative value. Third, the introduction of the August 2009 Settlement and Pharmacia Plea would result in a denial of Pfizer's due process rights. Fourth, the only plausible

reason that Plaintiff might seek admission of the August 2009 Settlement and Pharmacia Plea would be as improper character evidence barred by Rule 404(b). Finally, this evidence is not admissible as impeachment evidence. Accordingly, the Court should exclude all such evidence from the trial of this matter.

WHEREFORE, Defendants respectfully request that this Court exclude from trial the specific items of evidence set forth in the accompanying memorandum of law.

Dated: February 22, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Mark.Cheffo@skadden.com

-and-

BOIES, SCHILLER & FLEXNER LLP

By: /s/ William S. Ohlemeyer
    William S. Ohlemeyer

333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
WOhlemeyer@bsfllp.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF CONSULTATION

I hereby certify that counsel have conferred and have attempted in good faith to resolve or narrow the issues presented by this motion.

/s/ Mark S. Cheffo
Mark S. Cheffo

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 22, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo

2