UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:  NEURONTIN MARKETING, SALES
        PRACTICES AND PRODUCTS
        LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THIS DOCUMENT RELATES TO:

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC., 04 CV 10739 (PBS)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T.
Sorokin

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENA DIRECTED TO LLOYD E. KNAPP

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this memorandum in support of their motion, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to quash the trial subpoena Plaintiff served on February 23, 2010, purporting to command Lloyd E. Knapp to appear at trial on March 3, 2010.  Plaintiffs seek to compel Mr. Knapp's attendance even though they have, through bait and switch tactics, unreasonably deprived Pfizer of the opportunity to cross-examine Albert Carver, a key witness in this case.  Plaintiffs' gambit should not be rewarded by allowing them to compel, by an untimely subpoena, and on unreasonably short notice, the attendance of a Pfizer employee scientist for whom there is a deposition transcript, and who has numerous other non-litigation related, pre-existing, time-sensitive commitments.  For the reasons discussed below, the subpoena should be quashed.

## ARGUMENT

### I.   Fundamental Fairness Demands That Mr. Knapp's Subpoena Be Quashed

At 3:00 p.m. on February 23, 2003, counsel for Pfizer accepted service of a subpoena, pursuant to which Plaintiffs seek to compel the attendance of Lloyd E. Knapp, Pfizer's Executive

Director, Global Clinical Lead for one of Pfizer's pharmaceutical products, to appear at trial on March 3, 2003. Notwithstanding that Mr. Knapp was entitled to insist upon personal service, Pfizer's counsel agreed to accept service for Mr. Knapp in the spirit of cooperation, while reserving all objections Pfizer and Mr. Knapp had to the subpoena, including timeliness.

Rather than reciprocate, Plaintiffs responded to Pfizer's cooperation with behavior that is completely repugnant to all notions of fairness. While Plaintiffs have repeatedly urged the importance of being able to call a representative of Pfizer during their case in chief, Plaintiffs have recently denied Pfizer the opportunity to cross-examine Albert Carver, Kaiser's former Vice President of Pharmacy Strategy and Operations in California, and someone that Kaiser's counsel indicated would be its corporate representative at trial. They did so after expressly representing that Dr. Carver would be available for trial. On Friday February 19, Plaintiffs advised Defendants that their first two witnesses would be Dr. Kessler and Dr. Carver, who they planned to call on Tuesday, February 23. As a result, Pfizer had every expectation that Dr. Carver would be called live during Plaintiffs' case-in-chief and its attorneys have been preparing to cross-examine Dr. Carver.[1] Indeed, by representing that Dr. Carver would be Kaiser's corporate representative, Kaiser's counsel suggested that he would be available on several days throughout the trial.

Even though Plaintiffs had originally represented that Dr. Carver would be their second witness, they did not call him at the end of Dr. Kessler's testimony. Instead, they chose to call Dr. Abramson, knowing that his direct and cross-examinations would be lengthy. Then, abruptly, Plaintiffs asked if they could produce Dr. Carver out of order, in the middle of Dr. Abramson's testimony, which would have interfered with Defendants' ability to cross-examine both Dr. Abramson and Dr. Carver. Plaintiffs explained for the first time that

---

[1] Local Rule 43.1(b) provides that "not later than seven (7) days before it seeks to use the testimony of any witness, or on shorter notice for good cause shown, a party shall advise the judicial officer and all other parties of its intent to use the testimony of the witness on a specified day." On February 19, Plaintiffs identified Dr. Kessler and Dr. Carver for Tuesday, February 23 – not Dr. Abramson.

Dr. Carver was leaving on a month long vacation to New Zealand.  While this might explain why Dr. Carver will not be here on Thursday, it does not explain why Plaintiffs did not call Dr. Carver on Tuesday, following Dr. Kessler, as originally planned.  Further, rather than ask Dr. Carver to postpone his vacation by one day, Plaintiffs spirited him out of the jurisdiction and ultimately out of the country – something Pfizer's counsel learned only after the conclusion of court proceedings on Wednesday.  It is obvious that Plaintiffs hoped this Court would allow them to call Dr. Carver at a point in their case when they could seek to cut short the Defendants' cross-examination by revealing his pre-planned vacation at the last minute.  Even if the Court struck Dr. Carver's testimony at that point, the jury would have heard him testify without cross-examination.

This is just the latest in Plaintiffs' attempts to try this case on an uneven playing field. Throughout this litigation, Kaiser has made every effort to game the system in order to selectively procure the trial testimony of its own witnesses while depriving Pfizer of any comparable access to similarly situated witnesses.  It has done so by filing this case in an inconvenient venue,[2] opposing Pfizer's motion to transfer venue to the state where the vast majority of witnesses reside,[3] and selectively procuring the trial testimony of strategically chosen PMG doctors,[4] while refusing to lift a finger to procure the attendance of other PMG doctors sought by Pfizer.[5]

Common to Kaiser's maneuvers has been its reliance on hyper-technical procedural arguments that ignore the underlying facts and show no respect for fundamental fairness.  For example, Kaiser challenged the timeliness of Pfizer's motion to transfer venue,[6] even though

---

[2] *See* First Coordinated Amended Complaint [31].

[3] *See* Defs' Mem. Supp. Mot. Transfer [2194] at 9-17.

[4] *See* Plaintiff's List of Witnesses to Be Presented at Trial [2179] at 6-7.

[5] *See* Kaiser's Mem. Opp. Defs' Mot. to Preclude Live Testimony of Permanent Physicians [2392].

[6] *See* Kaiser's Mem. Opp. Mot. Transfer [2256] at 2-5.

there was no basis for Pfizer to make any such motion until after this Court's November 12, 2009, order setting a Kaiser-only trial.  Likewise, Kaiser argued that it had no "control" over PMG doctors and no obligation to even ask the PMG doctors on Kaiser's witness list to appear voluntarily.[7]  This despite Kaiser's manifest ability to produce PMG doctors at will, and despite Kaiser's counsel improperly instructing PMG doctor Nicolas Wieder not to answer several questions posed to him during his recent deposition – a blatant exercise of control over this purportedly unaffiliated third-party.[8]

Plaintiffs' most recent maneuver should not be tolerated.  Having denied Defendants the opportunity to cross-examine Dr. Carver live in front of the jury, Plaintiffs should not be able to compel the attendance of Mr. Knapp, who unlike Dr. Carver, has not been designated as Pfizer's corporate representative for this trial.  Just as Kaiser argued that "previously obtained videotaped testimony should be deemed an adequate substitute for live testimony" from PMG doctors,[9] – an argument that Kaiser will no doubt make to defend its behavior regarding Dr. Carver – the same is true with respect to Mr. Knapp.  Indeed, Mr. Knapp was deposed in this litigation over the course of three days, from June 26 to 28, 2007, and Kaiser has submitted extensive designations from his deposition.[10]  Fairness demands that the same strike zone be applied to both sides.  Where, as here, Plaintiffs have deprived Pfizer of the opportunity to cross-examine a key witness live, they should be content with Mr. Knapp's deposition.[11]  Plaintiffs' subpoena to Mr. Knapp

---

[7] *See* Kaiser's Mem. Opp. Defs' Mot. to Preclude Live Testimony of Permanente Physicians [2392] at 4-7.

[8] *See* Mem. Supp. Defs' Mot. for Cont'd Dep. of Wieder [2370], at 4-7.

[9] *See* Kaiser's Mem. Opp. Defs' Mot. to Preclude Live Testimony of Permanente Physicians [2392] at 8.

[10] *See* 2nd Amended Deposition Designations [2500-5] at 43-44.

[11] The ability to use a witness's deposition testimony at trial is often emphasized in cases quashing defectively served trial subpoenas. *See, e.g., Lyman v. St. Jude Med. S.C., Inc.*, 580 F. Supp. 2d 719, 733-34 (E.D. Wis. 2008) (quashing subpoena but emphasizing that federal rules "allow[] the introduction of videotaped deposition testimony when the attendance of a witness cannot be obtained by subpoena"); *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 222 (E.D. La. 2008) (quashing subpoenas

should be quashed.

## II.    The Subpoena Must Be Quashed Because It Fails to Allow a Reasonable Time to Comply

In addition, the subpoena must be quashed because it is untimely.  Kaiser has long known of Mr. Knapp's identity and the subject matter of his testimony, but made the strategic decision to designate portions of his deposition to be read to the jury, rather than presenting his live testimony.   Following what appears to have been an abrupt change in trial strategy, Kaiser waited until shortly before trial (February 15) before ever raising the issue of Mr. Knapp's appearance in Plaintiffs' case.  Service was not completed until February 23, 2003, and then only as a result of Pfizer's cooperation – cooperation that has not been reciprocated by Kaiser.  As a result, Plaintiffs failed to provide Mr. Knapp and Pfizer reasonable notice that his appearance was sought during Plaintiffs' case, particularly given the complexity of the issues in this case and the disruption to Mr. Knapp's schedule and Pfizer's business that would result from so abruptly forcing Mr. Knapp to rearrange his prior commitments.

Rule 45 provides that the Court "must quash or modify a subpoena that . . . fails to allow a reasonable time to comply."  Fed. R. Civ. P. 45(c)(3)(A)(i).  "'What is "reasonable" depends on the circumstances of the case, but at least 10 days' notice is customarily expected.'"  *Fox v. Traverse City Area Public Schools Bd. of Educ.*, No. 1:07-cv-956, 2009 WL 724001, at *1 (W.D. Mich. Mar. 10, 2009) (citation omitted) (granting motion to quash subpoenas).  Moreover, while "ten business days' notice would seem reasonable . . . in a late stage of a relatively simple case," it does not necessarily suffice "where, as here, the case is exceedingly complex" and the plaintiffs unreasonably "languished in inaction" before serving the subpoena at the last minute.  *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327-28 (N.D. Ill. 2005) (denying motion to compel deposition notices that provided ten business days' notice); *see also, e.g., In re Stratosphere Corp. Secs. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (quashing subpoenas served

but emphasizing that "Big Lots may, however, call the witnesses for whom it has issued subpoenas by deposition").

"six days" and "five days" before scheduled testimony).  Given the complexity of this litigation, Plaintiffs' delay was unreasonable and the subpoena should be quashed.

## **CONCLUSION**

For all of the foregoing reasons, Pfizer respectfully requests that the Court quash Plaintiffs' trial subpoena directed to Lloyd E. Knapp.


Dated: February 25, 2010                                Respectfully submitted,

                                                        SKADDEN, ARPS, SLATE, MEAGHER
                                                           & FLOM LLP

                                                        By:      /s/ Mark S. Cheffo
                                                                 Mark S. Cheffo

                                                        Four Times Square
                                                        New York, NY 10036
                                                        Tel:  (212) 735-3000
                                                        Email:  Mark.Cheffo@skadden.com


                                                        SKADDEN, ARPS, SLATE, MEAGHER
                                                           & FLOM LLP

                                                        By:      /s/ Raoul D. Kennedy
                                                                 Raoul D. Kennedy

                                                        Four Embarcadero Center
                                                        San Francisco CA 94111
                                                        Tel:  (415) 984-6400
                                                        Email:  Raoul.Kennedy@skadden.com

<table>
<tr><td>

---

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on February 25, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo

---

</td></tr>
</table>

WHEELER TRIGG O'DONNELL LLP

By:    /s/ James E. Hooper
       James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800
Email: hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*