UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No.  1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**KAISER'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY MOTION
TO QUASH TRIAL SUBPOENA DIRECTED TO DENNIS HELLING**

## I.    **INTRODUCTION**

On February 25, 2010 and February 26, 2010, Dennis Helling, the Executive Director of Pharmacy Operations for Kaiser Foundation Health Plan of Colorado, appeared in this Court to observe the trial proceedings.  He was scheduled to return to Colorado, where he is a resident, after Court adjourned on February 26, 2010 and had no plans to return.  (Helling Decl. ¶ 5).[1] Despite not having listing Dr. Helling on their witness list, nor conferring with Kaiser concerning their new-found desire to call Dr. Helling as a witness, on February 26, 2010, Defendants took advantage of Dr. Helling's desire to view this trial and served Dr. Helling with a subpoena, commanding his appearance as a trial witness on March 9, 2010.  *See* Katcher Decl. Exh. A.

There are no proper grounds for Defendants' actions.  On November 23, 2010, the parties were required to file their witness lists.  *See* Dkt. No. 2172 (Trial Order dated November 12, 2010).  On that date, Defendants proffered a 59-item expected witness list, including placeholders for an unlimited number of "Kaiser insureds who were prescribed Neurontin between March 1995 and December 2004;" "[p]hysicians who prescribed Neurontin to Kaiser insureds between March 1995 and December 2004;" and "Kaiser insureds who were prescribed gabapentin after December 2004."  *See* Dkt. No. 2180 at 8-9.  Dr. Heller's name was not represented on the list, and despite the uncabined nature of their list, Defendants included no placeholder for the "corporate representative" to which they now insist they are entitled.  Nor was Dr. Helling's name or a request for a corporate representative included on any other of the multiple iterations of Defendants' witness list including the following:  (i) the list filed with the Court as part of the parties' joint pretrial memorandum on February 15, 2010 (Dkt No. 2500); or

---

[1] In his accompanying declaration, Dr. Helling states that it would now be very difficult for him to clear his schedule to return to Boston to testify on March 9, 2010. (Helling Decl. ¶ 5).

(ii) the breakdown of live versus deposition witnesses that defendants served upon Kaiser on February 19, 2010 (Katcher Decl. Exh. B). While Defendants now claim that they were implicitly relying on Albert Carver to fulfill that role, this claim is belied by their February 19, 2010, witness list, which *designated Mr. Carver as a witness to be presented by deposition and not live testimony.*

Defendants' subpoena upon Dr. Helling as an individual or as a corporate representative is untimely. The unfairness and impropriety of Defendants' actions is compounded by Dr. Helling's complete lack of personal knowledge of facts relevant to the claims and defenses at issue in this case. Dr. Heller is not and has never been a voting or non-voting member of any Kaiser Permanente P&T Committee, nor does he have any role in formulary decisions. (Helling Decl. ¶ 2). Nor does he have any role in purchasing decisions at Kaiser. The Colorado Region's drug warehouse's purchases are made based on need and Dr. Helling is not involved in any purchasing decisions or strategies. (Helling Decl. ¶ 3). Dr. Helling lacks any relevant personal knowledge concerning Kaiser's reliance on Defendants misrepresentations and omissions concerning Neurontin, or the damages flowing from those misrepresentations and omissions. (Helling Decl. ¶ 4). Any knowledge Dr. Helling has pertaining to the claims and defenses at issue in this case is derived from documents filed or created over the course of this litigation, or from conversations with counsel. (Helling Decl. ¶ 4).

Federal Rule of Civil Procedure 45 provides that this Court must quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii) (emphasis added). Similarly, Rule 45(c)(1) provides that the Court "must" enforce the duty of a party serving subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Finally, Local Rule 43.1 (b)(3) states that

"except for good cause shown, no party shall be allowed to . . . use the testimony of a witness other than the witnesses already on the filing with the court before trial commeces[.]"

Defendants have failed to show good cause for their untimely subpoena. Dr. Helling has no relevant testimony to offer, and is not prepared to clear his schedule and travel from Colorado to Boston to testify on the day specified in the subpoena or on topics that have not been articulated. Nor does retaliation for Mr. Carver's decision not to remain in Boston to testify constitute "good cause" for conduct against Dr. Helling that under the circumstances borders on harassment. Defendants have not and cannot explain what testimony they hope to gain from Dr. Helling that cannot be obtained from Dr. Carrejo or Dr. Millares. Certainly, both of those witnesses are qualified to testify as to issues relevant to this case.

Kaiser now rightfully fears that Defendants have decided to disregard their own witness list and instead lie in wait with subpoenas for any Kaiser employee that crosses the Court's threshold. Kaiser respectfully requests an order be issued as soon as possible quashing the subpoena directed to Dr. Helling, and requiring Defendants to limit themselves to the witnesses previously noticed by their own filings absent the showing of good cause required by Local Rule 43.1(b)(3).

## II.   THE SUBPOENA IMPOSES AN UNDUE BURDEN UPON MR. HELLING AND UPON KAISER

"Whether a subpoena subjects a witness to undue burden 'usually raises a question of the reasonableness of the subpoena.'" *Aslani v. Sparrow Health Sys.*, No. 1:08-cv-298, 2010 WL 623673, at *4 (W.D. Mich. Feb. 18, 2010) (quoting Wright and Miller Federal Practice and Procedure § 2463.1). "Reasonableness, in turn, is assessed by balancing 'the interests served by demanding compliance with the subpoena against the interests served further by quashing it; this

process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source.'" *Aslani*, 2010 WL 623673, at *4 (quoting Wright and Miller § 2463.1).

Dr. Helling possesses no personal knowledge of any matter relevant to the claims or defenses of this case. Thus, the utility of his testimony to defendants is minimal. *See Aslani*, 2010 WL 623673, at *4 (holding a lack of relevant knowledge to be grounds to find a subpoena unduly burdensome); *Vike v. Coopman*, No. 08-cv-486-bBC, 2009 WL 3321018, at *1 (W.D. Wis. Oct. 14, 2009) (subpoena quashed as unduly burdensome where information sought was incidental to the principal questions at issue in action); *Square D v. Breakers Unlimited, Inc.*, No. 1:07-cv-806-WTL-JMS, 2009 WL 1702078, at *2-3 (S.D. Ind. June 11, 2009) (order requiring corporate representative to testify at trial would be unreasonable where witness possesses little relevant information); *Scottsdale Ins. Co. v. Educ. Mgmt. Co.*, No. 04-1053, 2007 WL 2127798, at *2  (E.D. La. Jul. 25, 2007) (testimony of corporate representative not required where not relevant to issues in the case).  The only conceivable relevant testimony that Dr. Helling could offer concerns Kaiser's corporate structure.  Dr. Carrejo, however, has already offered testimony on that subject and Defendants have been afforded ample opportunity for cross-examination of that witness.

In contrast, Defendants' untimely and unforeseeable actions have unfairly burdened both Dr. Helling and Kaiser.  Dr. Helling is a resident of Colorado, and had no reason to anticipate being hauled into Court in Boston during Defendants' case-in-chief to give testimony.  Dr. Helling was in Court for two days last week solely to observe the trial.  Dr. Helling has neither prepared for nor reasonably expected to be need to serve as a witness, nor has he been provided fair notice of the need to clear his schedule for such testimony.  Nor should Kaiser's trial team be

sandbagged by the need to unexpectedly prepare a witness to testify that was at no time included on any iteration of Defendants extensive pretrial witness.  Finally, Kaiser itself should not be hindered from sending its executives to Boston to observe this trial on behalf of the company.

## III.    DEFENDANTS HAVE FAILED TO SHOW GOOD CAUSE FOR THEIR UNTIMELY SUBPOENA

Defendants are in flagrant violation of Local Rule 43.1(b)(3), which requires a party to show good cause to "use the testimony of a witness other than the witnesses already on the filing with the court before trial commences."  Defendants filed a 59-item witness list with this Court that failed to provide any notice to Kaiser that Defendants intended to call Dr. Helling or any other Kaiser "corporate representative" during Defendants' case-in-chief.  Defendants predicted citation to Mr. Carver's decision not to remain in Boston to testify is a red herring, as Defendants never intended to call Mr. Carver as part of their case-in-chief, and can cite to no authority allowing an adverse party to select a replacement witness to cross-examine when an opponent's witness – especially a witness who an opponent is unable to control –  is unable to appear.

## IV.    CONCLUSION

For the above reasons, Kaiser respectfully requests that the Court quash Defendants' subpoena directed to Dr. Helling and require Defendants to provide a showing of good cause before issuing any further subpoenas against Kaiser employees who may appear in this Court to observe this trial. .

Dated:  March 1, 2010                              Respectfully submitted,

By:     */s/ Linda P. Nussbaum*
       Linda P. Nussbaum

KAPLAN FOX & KILSHEIMER LLP
Linda P. Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, New York 10022

*Attorneys for Plaintiffs Kaiser Foundation*
*Health Plan, Inc. and Kaiser Foundation*
*Hospitals*

*Of Counsel*:

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 1, 2010.

/s/  Elana Katcher
Elana Katcher