UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | |
| | Judge Patti B. Saris |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. CURT FURBERG

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this memorandum of law in support of their accompanying motion to exclude at trial the testimony of Dr. Curt Daniel Furberg.[1]

### ARGUMENT

### DR. FURBERG'S TESTIMONY SHOULD BE EXCLUDED AS IRRELEVANT AND UNFAIRLY PREJUDICIAL

On April 17, 2007, Plaintiffs counsel Mr. Greene represented to this Court: "Safety really doesn't pertain to our case.  One of the issues we're interested in is efficacy, of lack thereof." (4/17/07 Tr. at 8:25-9:2.)  After over a week of trial, it is apparent that Mr. Greene was correct:  this trial is about efficacy and not safety.  Suicide has barely been mentioned.[2]  After over ten hours of direct testimony, it is apparent that any decision by Kaiser to expand formulary access to Neurontin had nothing to do with whether there was a suicide warning or not.  In fact, two of Kaiser's proposed alternative drugs are AEDs with the same suicide warning as Neurontin. TCAs also have a suicide warning.

---

[1] Kaiser renews its prior objection to exclude Dr. Furberg's testimony.  The grounds set forth herein are in addition to the reasons previously asserted.

[2] No witness testified about suicide on direct.  Responding to questions on cross-examination, Dr. Kessler made note of the suicide warning required by the FDA for all AEDs, but only to show that the FDA has taken action with respect to the label since 2004. (2/23 Tr. (Kessler) at 70:13-72:14.)  Likewise, Dr. Carrejo mentioned suicide only in response to a cross-examination question regarding access of Kaiser members to information about Neurontin litigation. (*Id.* at 130:17-21.)

Plaintiffs seek to call Dr. Furberg to testify regarding the alleged relationship between Neurontin and the risk of suicide. In his report (attached as Exhibit A), Dr. Furberg opines (1) that there was a safety signal in 1992 that should have led to additional study by Pfizer and (2) the Dimond study published in 1996 was flawed. There has been no testimony connecting either opinion to the formulary decisions made by the P&T Committees of the Permanente Medical Groups and the Dimond study has not been mentioned at all. Likewise, Plaintiffs only causation expert, Dr. Rosenthal, does not attempt to measure the impact that a suicide warning would have had on Neurontin prescriptions. So tangential is the subject of suicide that Plaintiffs did not discuss it at all in their opening statements.

Indeed, it is clear that Kaiser's designation of Dr. Furberg was an afterthought. It was the Class Plaintiffs – not Kaiser – who made a motion seeking to supplement their expert designations with Dr. Furberg. Kaiser did not join in the motion and never designated Dr. Furberg as expert witness until it filed its witness list on November 23, 2009.

This trial is already complicated and long enough. The jury is being asked to consider complex scientific testimony on the efficacy of Neurontin for five separate uses. The only reason that Plaintiffs could possibly have for introducing testimony regarding suicide at this late date would be to confuse the jury into thinking that this case is about something other than a large insurer seeking to recovery economic damages. Such a blatant appeal to prejudice should not be permitted.

In addition, Dr. Furberg seeks to offer opinions regarding his personal ethical views of what a drug manufacturer should do. Such testimony invades the province of the Court and jury and violates the previous limits placed by the Court on the testimony of Dr. Abramson and Dr. Dickersin. Dr. Furberg was precluded from giving similar testimony in the *Rezulin* litigation on these same grounds. *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 542-43 & n.32, 545-46 & nn.37, 38, 40, 549 & n.56, 556-58 & n.102 (S.D.N.Y. 2004).

## CONCLUSION

For all of the forgoing reasons, Pfizer requests that this Court issue an order excluding the

expert testimony of Dr. Curt Furberg.

Dated: March 2, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:    /s/ Mark S. Cheffo
        Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Email:  Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:    /s/ Raoul D. Kennedy
        Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400
Email:  Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By:    /s/ James E. Hooper
        James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800
Email:  hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 2, 2010.

3

/s/ Mark S. Cheffo
Mark S. Cheffo