UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>*Shearer v. Pfizer Inc., et al.*<br>Case No. 1:07-cv-11428-PBS | Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A LATE MOTION *IN LIMINE*

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully submit this memorandum of law in opposition to Plaintiff's motion for leave to file an untimely motion *in limine* to preclude "any evidence testimony, comments, documents, references to or inferences . . . at trial, concerning Hartley Shearer's stepfather's suicide." (Pl. Mem. [2599-1] at 1.) Because Plaintiff has presented no justifiable excuse for filing after the agreed-upon deadline, her motion should be denied without regard to the substance of her argument.[1]

As Plaintiff was well-aware, the deadline for filing motions *in limine* was February 22, 2010. Nevertheless, she failed to submit this motion to preclude evidence regarding Clifford Roberts until March 1, 2010. Plaintiff's significant delay is particularly disruptive at this late stage in the litigation, with the pretrial conference only three weeks away. The only excuse Plaintiff offers for her failure to abide by the deadline, to which she had previously agreed, is that she did not receive a paper copy of Dr. Jacobs' deposition transcript

---

[1] Should the Court grant Plaintiff's request for leave to file the untimely motion *in limine* after the applicable deadline, Defendants will separately oppose and address any substantive arguments made in Plaintiff's motion *in limine*.

until February 23, 2009. This excuse is inadequate for several reasons. First, Dr. Jacobs' expert report was available to Plaintiff well before the deadline for filing motions *in limine*, and Mr. Roberts' suicide was referenced in that report. In fact, Plaintiff even acknowledges in her proposed motion that "page 29 of [Dr. Jacobs'] expert report made note that he considered a New York Times obituary for Clifford Roberts, who was Plaintiff's decedent, Hartley Shearer's stepfather." (Pl. Mem. [2599-1] at 2.) Second, Plaintiff's counsel was present when Dr. Jacobs' deposition was taken on February 9, 2010, and therefore possessed adequate knowledge of the subject matter that was covered in that deposition. Third, considering that the sole grounds for Plaintiff's objection is relevancy, and Plaintiff has long known of the evidence addressed in her motion – Mr. Roberts's suicide – receipt of a copy of Dr. Jacobs' transcript should not have significantly impacted Plaintiff's stance as to the underlying evidence's relevance. At minimum, Plaintiff should have requested an extension of time in which to file her motion instead of waiting until a week after the applicable deadline had passed. Thus, the Court should deny Plaintiff's motion *in limine* irrespective of the substance of her argument.

For the reasons set forth herein, Pfizer requests that the Court deny Plaintiff's motion for leave to file a late motion *in limine*.

Dated: March 3, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Mark.Cheffo@skadden.com

-and-

---

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 3, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo

---

2

BOIES, SCHILLER & FLEXNER LLP

By: /s/ William S. Ohlemeyer
　　　William S. Ohlemeyer

333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
WOhlemeyer@bsfllp.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*