UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | |

---

### DEFENDANTS' MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFFS' PROFFER OF "FREE STANDING" EXHIBITS

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this bench memorandum in support of their objections to Plaintiffs' "Free Standing Exhibit Submissions" dated March 3 and 4, 2010. The objection stated herein is in addition to the Defendants' objections to each of the documents individually.

Plaintiffs have the burden of proving all elements required by RICO, including, *inter alia*, the existence of a RICO enterprise, a pattern of racketeering activity, and a nexus between the alleged racketeering activity and an enterprise. As this Court recognized, "it's not just the fraud. It's got to be the fraud through the enterprise. So it's got to be the fraud on bipolar through an enterprise, the fraud on the migraine through an enterprise." (2/25 Tr. (Court) at 10:11-12.) The core of Plaintiffs' RICO claim is their publication and peer-to-peer marketing allegations. Plaintiffs put Dr. Abramson on the stand for two days to attempt to substantiate those allegations. Nevertheless, as the Court recently noted: "They need to prove an enterprise. I've heard nothing about an enterprise." (3/3 Tr. (Court) at 5:7-9.)

Having failed to present any witness testimony regarding essential elements of their RICO claims, Plaintiffs now propose to do a document dump by introducing scores of

documents without any accompanying testimony or context, and without affording any opportunity for cross-examination. The jury should not be expected or permitted to perform a spontaneous and unguided review these voluminous documents, infer their meaning, connect the dots, and somehow divine how these documents are supposed to fit the elements of a highly complex RICO claim.

## ARGUMENT

Presented in this form, the documents in question are not probative of the elements of a RICO claim. Under the Federal Rules of Evidence, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402; *see also* Fed. R. Evid. 401. "In dealing with allowable inferences, the court to a large degree is concerned with relevancy – that is, whether it makes a fact of consequence more or less likely." *Holiday Wholesale Grocery Co. v. Philip Morris, Inc.*, 231 F. Supp. 2d 1253, 1270 (N.D. Ga. 2002)*, aff'd sub. nom Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287 (11th Cir. 2003). "It is said that an inference is unreasonable if a jury must engage in speculation and conjecture to such a degree as to render its finding 'a guess or mere possibility.'" *Id.* at 1271 (quoting *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982)).

Even if the individual documents proffered by Kaiser were probative of certain factual statements or conduct described therein, they do not suggest the existence of an enterprise or any sort of racketeering conduct on an individual basis. Apparently, Kaiser's theory is that these documents *collectively* show unlawful racketeering conduct. But Kaiser has elicited no testimony that would even hint as to how these documents relate to each other, to the conduct described by Plaintiffs' experts or to any injuries claimed by Kaiser. Unable to carry its burden on direct examination, Kaiser essentially asks the jury to speculate as to whether these documents can support a RICO claim. But Kaiser's inability to connect the dots through appropriate testimony from either fact or expert witnesses renders the dots themselves irrelevant. *See, e.g.*, *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1215 (D. Kan. 2008) (holding evidence of discriminatory remarks irrelevant under Fed. R. Evid. 401 and 402 where

plaintiff in age discrimination case "did not show a connection between any of the statements and the decision to terminate plaintiff's employment").

Even if these documents had some nominal probative value or any element of Plaintiffs' RICO claim, any such probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. As noted, Kaiser has provided no direct witness testimony to support its RICO claims. In lieu of any explanation, it instead seeks to paper over the jury, in the hopes that the jury will find a RICO violation that its own witnesses cannot support. But district courts have an "obligation" to "guard against juror confusion," especially where, as here, the jury may be "confused about the import of . . . the proffered documents," thus leading the jury to "create[] . . . false inference[s]" when the documents are "[v]iewed in isolation." *Torres-Arroyo v. Rullán*, 436 F.3d 1, 7-8 (1st Cir. 2006); *see also Miles-Hickman v. David Powers Homes, Inc.*, 589 F. Supp. 2d 849, 861 n.25 (S.D. Tex. 2008) ("However, if relevant to any issues at trial, these documents will not be admissible before the jury without medical testimony, because the unsupported records will confuse the jury.").

This confusion and unfair prejudice is only compounded by Pfizer's inability to refute, explain, or contextualize these documents through cross examination. *See, e.g.*, *Gallagher v. Crete Carrier Corp.*, Civ. No. 07CV332 (HBF), 2009 WL 2925441, at *11 (D. Conn. Sept. 10, 2009) (excluding documents under Rule 403, explaining that party may not "admit a stack of medical records in a vacuum without further explanation from a medical provider or witness and without benefit of cross-examination"); *Jaros v. LodgeNet Entm't Corp.*, 294 F.3d 960, 965 (8th Cir. 2002) (holding that exclusion of a note as confusing and cumulative under Rule 403 was proper "especially since [the declarant] did not testify and was not available for cross examination").

Pfizer cannot cross-examine scores of documents as to which no witness has provided testimony to lay the foundation for its relevancy in this case. And given that Kaiser has the burden of proof, Pfizer should not be required to spend its case in chief responding to an undifferentiated stack of documents that Kaiser did not bother to present to its own witnesses.

Because Kaiser has failed to proffer any witness to connect these documents and attempt to relate them to the claims at issue, Pfizer has been deprived of the ability to respond to any unfair implications that may result from admitting these documents into evidence.

In sum, Kaiser has made no effort to illuminate how these documents could somehow coalesce into a RICO violation. Because these contextless documents will only serve to unfairly prejudice, confuse, or mislead the jury, they should be excluded under Federal Rule of Evidence 403.

## CONCLUSION

For all of the foregoing reasons, Pfizer respectfully requests that the Court sustain objections to Plaintiffs' "Free Standing Exhibit Submissions" dated March 3 and 4, 2010.

Dated: March 4, 2010                     Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:    /s/ Mark S. Cheffo
       Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Email: Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:    /s/ Raoul D. Kennedy
       Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel: (415) 984-6400
Email: Raoul.Kennedy@skadden.com

|  |  |
|---|---|
| <u>CERTIFICATE OF SERVICE</u><br><br>I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 4, 2010.<br><br>　　　　　　<u>/s/ Mark S. Cheffo</u><br>　　　　　　Mark S. Cheffo | WHEELER TRIGG O'DONNELL LLP<br><br>By:　<u>/s/ James E. Hooper</u><br>　　　James E. Hooper<br><br>1801 California Street<br>Suite 3600<br>Denver, CO 80202-2617<br>Tel: (303) 244-1800<br>Email: hooper@wtotrial.com<br><br>*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC* |