EXHIBIT C



**U.S. Department of Justice**

*Michael K. Loucks*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

August 31, 2009

Brien T. O'Connor
Ropes & Gray LLP
One International Place
Boston, MA 02110

  Re: <u>United States v. Pharmacia & Upjohn Company, Inc.</u>

Dear Mr. O'Connor:

  This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and the United States Department of Justice (collectively, the United States Attorney and the United States Department of Justice will be referred to as the "United States") and your client, Pharmacia & Upjohn Company, Inc. (hereinafter "Pharmacia"), in the above-captioned case. The Agreement is as follows:

  1. <u>Change of Plea</u>

  At the earliest practicable date, Pharmacia shall waive indictment and plead guilty to the one-count Information attached hereto as Exhibit A, charging Pharmacia with a violation of the Food, Drug and Cosmetic Act, Title 21, U.S.C. Sections 331(a), 333(a)(2) and 352(f)(1). Pharmacia expressly and unequivocally admits that it knowingly, intentionally and willfully committed the crime charged in the attached Information and is in fact guilty of the offense, and agrees that it will not make any statements inconsistent with this explicit admission. Pharmacia agrees to waive venue, any applicable statutes of limitations, and any legal or procedural defects in the Information.

  2. <u>Penalties</u>

Pharmacia faces the following maximum penalties on the count of conviction:

(1) a maximum possible fine of $500,000, twice the gross gain derived from the offense, or twice the gross loss to a person other than Pharmacia, whichever is greatest. *See* 18 U.S.C. §§ 3571(c), (d). The gross gain resulting from the offense

Case 1:04-cv-10981-PBS Document 2447-4 Filed 01/22/2010 Page 2 of 12

is $664,000,000 and thus the maximum possible fine is $1,328,000,000.

(2)  a term of probation of not less than one (1) year and not more than five (5) years. *See* 18 U.S.C. § 3561(c)(1).

(3)  a special assessment in the amount of $400. *See* 18 U.S.C. § 3013(a)(2)(B).

3. <u>Sentencing Guidelines</u>

The parties agree to take the following positions at sentencing under the United States Sentencing Guidelines:

    a.  The parties agree that the Guideline Manual in effect as of the date of sentencing should be used in determining Pharmacia's sentence. *See* U.S.S.G. § 1B1.11(a);

    b.  The parties agree that the base fine is $664,000,000, which is the pecuniary gain to the organization from the offense. *See* U.S.S.G. §§ 8C2.3 and 8C2.4(a);

    c.  Pursuant to U.S.S.G. § 8C2.5, the culpability score is eight (8) determined as follows:

        (1)  Base culpability score is five (5) pursuant to U.S.S.G. § 8C2.5(a);

        (2)  Add five (5) points pursuant to U.S.S.G. § 8C2.5(b)(1)(A), in that the organization had 5,000 or more employees, and an individual within the high-level personnel of the unit participated in or condoned the offense and/or tolerance of the offense by substantial authority personnel was pervasive throughout the organization;

        (3)  Deduct two (2) points for Pharmacia's full cooperation pursuant to U.S.S.G. § 8C2.5(g)(2).

    d.  Pursuant to U.S.S.G. § 8C2.6, the appropriate multiplier range associated with a culpability score of eight (8) is 1.6 to 3.2;

    e.  Thus, the Guideline Fine Range is $1,062,400,000 to $1,328,000,000. *See* U.S.S.G. §§ 8C2.7(a), (b); 18 U.S.C. §§ 3571(c) and (d); and,

    f.  The parties agree that (1) disgorgement pursuant to U.S.S.G. § 8C2.9 is not necessary, (2) there is no basis for a downward departure or deviation under the

2

United States Sentencing Guidelines and (3) a fine within the guideline range will result in a reasonable sentence taking into consideration all of the factors set forth in 18 U.S.C. §§ 3553(a), 3572.

4. <u>Agreed Disposition</u>

The United States and Pharmacia agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following sentence is the appropriate disposition of the Information:

    a. a criminal fine in the amount of one billion one hundred ninety-five million dollars ($1,195,000,000) to be paid within one week of the date of sentencing;

    b. a mandatory special assessment of $400 pursuant to 18 U.S.C. § 3013, which shall be paid to the Clerk of Court on or before the date of sentencing; and

    c. criminal forfeiture in the amount of $105,000,000;

    d. In light of the pending civil action, *United States ex rel. Kopchinski v Pfizer, et. al.,* C.A. No. 05-CV-12115 (D. Mass.) (the "Civil Action"), and the Civil Settlement Agreement between Pfizer Inc and the United States relating to the Civil Action which is being signed contemporaneously with this plea agreement, and attached hereto as Exhibit B, which requires the payment of $1,000,000,000, plus interest, and in light of the October 17, 2008 agreements in principle reached by Pfizer Inc resolving substantially all personal injury and class action cases alleging that Pfizer's pain medication Bextra was the cause of injury, it appears that a process is in place under which all identifiable victims will have the opportunity to be fully recompensed. The private payor victims will have been recompensed from the agreements in principle reached by Pfizer Inc with the personal injury plaintiffs, and the loss suffered by the federal program victims will be recompensed through the Federal Settlement Amount as defined in the Civil Settlement Agreement. Therefore, the United States agrees that it will not seek a separate restitution order as to Pharmacia as part of the resolution of the Information and the parties agree that the appropriate disposition of this case does not include a restitution order. The parties further agree that any attempt to further effect restitution would unduly complicate and prolong the sentencing to the degree that the benefit to any further victims would outweigh the burden on the sentencing process under 18 U.S.C. § 3663(a)(1)(B)(ii).

The United States specifically may, at its sole option, be released from its commitments under this Agreement, including, but not limited to, its agreement that this paragraph constitutes the appropriate disposition of this case, if at any time between its execution of this Agreement and sentencing, Pharmacia:

3

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit its conduct in the offense of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Pharmacia is accountable under U.S.S.G. § 1B1.3;

    (d)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Pharmacia is accountable under U.S.S.G. § 1B1.3;

    (e)    Engages in acts which form a basis for finding that Pharmacia has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (f)    Attempts to withdraw its plea.

Pharmacia expressly understands that it may not withdraw its plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

    5.    <u>No Further Prosecution of Pharmacia</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States agrees that, other than the charges in the attached Information, it shall not further prosecute Pharmacia for conduct relating to the drug Bextra which (a) falls within the scope of the Information; (b) was a subject of the investigation by the grand jury; or (c) was known to the U.S. Attorney prior to January 23, 2009. This declination is expressly contingent on:

    (1)    the guilty plea of Pharmacia being accepted by the Court and not withdrawn; and

    (2)    Pharmacia's performance of all of its material obligations as set forth in this Agreement and Pfizer's performance of all of its material obligations set forth in the attached Civil Settlement Agreement. If Pharmacia's guilty plea is not accepted by the Court or is withdrawn for any reason, or if Pharmacia should fail to perform a material obligation under this Agreement, or if Pfizer should fail to perform a material obligation under the Civil Settlement Agreement, this declination of prosecution shall be null and void.

The United States expressly reserves the right to prosecute any individual, including but not limited to present and former officers, directors, employees, and agents of Pharmacia, in connection with the conduct encompassed by this plea agreement, within the scope of the grand jury investigation, or known to the U.S. Attorney.

4

6. <u>Payment of Mandatory Special Assessment</u>

Pharmacia agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Pharmacia is aware that it has the right to challenge its sentence and guilty plea on direct appeal. Pharmacia is also aware that it may, in some circumstances, be able to argue that its plea should be set aside, or its sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255.

In consideration of the concessions made by the United States in this Agreement, Pharmacia knowingly and voluntarily waives its right to appeal or collaterally challenge:

(a) Pharmacia's guilty plea and any other aspect of Pharmacia's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(b) The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines.

Pharmacia's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8. <u>Fed. R. Crim. P. 11(c)(1)(C) Agreement</u>

Pharmacia's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Pharmacia cannot withdraw its plea of guilty unless the sentencing judge rejects this Agreement or fails to impose a sentence consistent herewith. If the sentencing judge rejects this Agreement or fails to impose a sentence consistent herewith, this Agreement shall be null and void at the option of either the United States or Pharmacia.

Pharmacia may seek sentencing by the Court immediately following the Rule 11 plea hearing. The United States does not object to the Court sentencing Pharmacia immediately following the Rule 11 plea hearing or prior to the completion of a Presentence Report. Pharmacia understands that the decision whether to proceed immediately following the plea

5

hearing with the sentencing proceeding, and to do so without a Presentence Report, is exclusively that of the United States District Court.

9. Cooperation

Pharmacia shall cooperate completely and truthfully in any trial or other proceeding arising out of any ongoing civil, criminal or administrative investigation of its current and former officers, agents, employees and customers in connection with matters described in the Information. Pharmacia shall make reasonable efforts to facilitate access to, and to encourage the cooperation of, its current and former officers, agents, and employees for interviews sought by law enforcement agents, upon request and reasonable notice in connection with matters described in the Information. Pharmacia shall also take reasonable measures to encourage its current and former officers, agents, and employees to testify truthfully and completely before any grand jury, and at any trial or other hearing, at which they are requested to do so by any government entity in connection with matters described in the Information.

In addition, Pharmacia shall promptly furnish to law enforcement agents, upon request, all documents and records in its possession, custody or control relating to the conduct that is within the scope of any such ongoing federal investigation, trial or other proceeding in connection with matters described in the Information, and that are not covered by the attorney-client privilege or work product doctrine.

Provided, however, notwithstanding any provision of this Agreement, that: (1) Pharmacia is not required to request of its current or former officers, agents, or employees that they forego seeking the advice of an attorney or that they act contrary to that advice; (2) Pharmacia is not required to take any action against its officers, agents, or employees for following their attorney's advice; and (3) Pharmacia is not required to waive any privilege or claim of work product protection.

10. Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

11. Forfeiture

Pharmacia will forfeit to the United States assets subject to forfeiture pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c) as a result of its guilty plea. Pharmacia admits that the value of the quantities of Bextra which were misbranded in violation of 21 U.S.C. § 331 totaled at least $105,000,000.00 in United States currency. Pharmacia acknowledges and agrees that the quantities of Bextra which were misbranded in violation of 21 U.S.C. § 331 cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly,

Pharmacia agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Pharmacia up to the value of the now missing directly forfeitable assets.

Pharmacia agrees that, no later than one week after sentencing, it shall remit the amount of $105,000,000 in United States currency to the United States Marshals Service pursuant to the wire instructions provided by the United States Attorney's Office. Pharmacia and the United States agree that this payment shall satisfy any and all forfeiture obligations that Pharmacia may have as a result of its guilty plea.

Forfeiture of substitute assets shall not be deemed an alteration of Pharmacia's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Pharmacia, nor shall the forfeitures be used to offset Pharmacia's tax liability or any other debt owed to the United States.

Pharmacia agrees to consent to the entry of orders of forfeiture for the $105,000,000.00 in United States currency, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, entry of a preliminary order of forfeiture, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pharmacia acknowledges that it understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise it of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

In addition to all other waivers or releases set forth in this Agreement, Pharmacia hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

12. Civil and Administrative Liability

By entering into this Agreement, the United States does not compromise any civil liability, including but not limited to any False Claims Act or tax liability, which Pharmacia may have incurred or may incur as a result of its conduct and its plea of guilty to the attached Information.

Pharmacia's civil liability to the United States in connection with certain matters under investigation by the United States is resolved in the Civil Settlement Agreement with Pfizer Inc, attached as Exhibit B, according to the terms set forth in that Agreement.

7

13. <u>Waiver of Defenses</u>

If Pharmacia's guilty plea is not accepted by the Court for whatever reason, or is later withdrawn for whatever reason, Pharmacia hereby waives, and agrees it will not interpose, if charges are filed within six months of the date on which such guilty plea is rejected or withdrawn, any defense to any charges brought against it which it might otherwise have for pre-indictment delay, any statute of limitations, or the Speedy Trial Act, except any such defense that Pharmacia may have for conduct occurring prior to November 15, 2000.

14. <u>Breach of Agreement</u>

If the United States determines that Pharmacia has failed to comply with any provision of this Agreement, or has committed any crime following its execution of this Agreement, the United States may, at its sole option, be released from its commitments under this Agreement in its entirety by notifying Pharmacia, through counsel or otherwise, in writing. The United States may also pursue all remedies available to it under the law, even if it elects not to be released from its commitments under this Agreement. Pharmacia recognizes that no such breach by it of an obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea. Pharmacia understands that, should it breach any provision of this agreement, the United States will have the right to use against Pharmacia before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by it, and any information, materials, documents or objects which may be provided by it to the government subsequent to this Agreement, without any limitation.

Pharmacia understands and agrees that this 11(c)(1)(C) plea agreement and its agreed upon criminal disposition:

> a. are wholly dependent upon Pfizer's timely compliance with the material provisions of the attached Civil Settlement Agreement; and that
>
> b. failure by Pharmacia to comply fully with the material terms of this Agreement or by Pfizer to comply fully with the material terms of the attached Civil Settlement Agreement, including the payments required therein, will constitute a breach of this Agreement, provided however, that a breach of the Corporate Integrity Agreement (the "CIA"), referred to in the Civil Settlement Agreement, does not constitute a breach of this Plea Agreement, and any disputes arising under the CIA shall be resolved exclusively through the dispute resolution provisions of the CIA.

In the event Pharmacia at any time hereafter breaches any material provision of this Agreement, Pharmacia understands that (1) the United States will as of the date of that breach be relieved of any obligations it may have in this Agreement and the attached Civil Settlement Agreement, including but not limited to the promise not to further prosecute Pharmacia as set forth in paragraph 5 of this Agreement; and (2) Pharmacia will not be relieved of its obligation to make the payments set forth in this Agreement and Pfizer will not be relieved of its obligation to

8

make the payments set forth in the attached Civil Settlement Agreement, nor will it be entitled to return of any monies already paid. Moreover, in the event of a material breach, Pharmacia, with respect to any charges which could have been brought as of the date of this letter, and are brought within six months of the declaration of a breach, hereby waives, and agrees it will not interpose, any defense to any charges brought against it which it might otherwise have for pre-indictment delay, any statute of limitations, or the Speedy Trial Act, except any such defense that Pharmacia may already have for conduct occurring before November 15, 2000.

15. <u>Who Is Bound By Agreement</u>

With respect to matters set forth in Paragraph 5, this Agreement is binding among Pharmacia and the Office of the United States Attorney for the District of Massachusetts, the United States Attorney's Offices for each of the other 93 judicial districts of the United States, and the Office of Consumer Litigation of the Department of Justice. The non-prosecution provisions in Paragraph 5 are also binding on the Criminal Division of the United States Department of Justice, with the exception of the investigation of Pharmacia being conducted by the Fraud Section of the Criminal Division regarding possible violations of the Foreign Corrupt Practices Act and related offenses in connection with the sales and marketing of Pharmacia's products to foreign customers, which investigation is specifically excluded from the release in Paragraph 5. A copy of the letter to Acting United States Attorney Michael K. Loucks from the Deputy Assistant Attorney General, Criminal Division, U.S. Department of Justice, authorizing this Agreement is attached as Exhibit C. Pharmacia understands that this Agreement does not bind any state or local prosecutorial authorities, the Tax Division of the U.S. Department of Justice, or the Internal Revenue Service of the U.S. Department of the Treasury.

16. <u>Corporate Authorization</u>

Pharmacia's acknowledgment of this Agreement and execution of this Agreement on behalf of the corporation is attached as Exhibit D. Pharmacia shall provide to the U.S. Attorney and the Court a certified copy of a resolution of the Board of Directors of Pharmacia Corporation, affirming that the Board of Directors has authority to enter into the Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement or has been advised of the contents thereof; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Pharmacia to plead guilty to the charge specified in the Information; and (5) voted to authorize the corporate officer identified below to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement. A copy of the resolution is attached as Exhibit E. Pharmacia agrees that either a duly authorized corporate officer or a duly authorized attorney for Pharmacia, at the discretion of the Court, shall appear on behalf of Pharmacia and enter the guilty plea and will also appear for the imposition of sentence.

17. <u>Complete Agreement</u>

This Agreement, together with the Civil Settlement Agreement, set forth the complete and only agreement between the parties relating to the disposition of this matter. No promises,

representations or agreements have been made other than those set forth in this letter and its attachments A through E. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and your client, Pharmacia, please have the authorized representative of Pharmacia sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Sara M. Bloom and Susan M. Poswistilo.

Very truly yours,

MICHAEL K. LOUCKS
Acting United States Attorney

10

## ACKNOWLEDGMENT OF PLEA AGREEMENT

The Board of Directors has authorized me to execute this Plea Agreement on behalf of Pharmacia & Upjohn Company, Inc. The Board has read this Plea Agreement, the attached criminal Information, and the Civil Settlement Agreement including its attachment in their entirety, or has been advised of the contents thereof, and has discussed them fully in consultation with Pharmacia & Upjohn Company, Inc.'s attorneys. I am further authorized to acknowledge on behalf of Pharmacia & Upjohn Company, Inc. that these documents fully set forth Pharmacia & Upjohn Company, Inc.'s agreement with the United States, and that no additional promises or representations have been made to Pharmacia & Upjohn Company, Inc. by any officials of the United States in connection with the disposition of this matter, other than those set forth in these documents.

Dated: Aug 28th, 2009

_____
Vice President and Secretary
Pharmacia & Upjohn Company, Inc.

Dated:

_____
BRIEN T. O'CONNOR
Ropes & Gray LLP
Counsel for Pharmacia & Upjohn Company, Inc.

11

## ACKNOWLEDGMENT OF PLEA AGREEMENT

The Board of Directors has authorized me to execute this Plea Agreement on behalf of Pharmacia & Upjohn Company, Inc. The Board has read this Plea Agreement, the attached criminal Information, and the Civil Settlement Agreement including its attachment in their entirety, or has been advised of the contents thereof, and has discussed them fully in consultation with Pharmacia & Upjohn Company, Inc.'s attorneys. I am further authorized to acknowledge on behalf of Pharmacia & Upjohn Company, Inc. that these documents fully set forth Pharmacia & Upjohn Company, Inc.'s agreement with the United States, and that no additional promises or representations have been made to Pharmacia & Upjohn Company, Inc. by any officials of the United States in connection with the disposition of this matter, other than those set forth in these documents.

Dated: _____

James Gibney
Vice President and Secretary
Pharmacia & Upjohn Company, Inc.

Dated: 8/31/09

BRIEN T. O'CONNOR
Ropes & Gray LLP
Counsel for Pharmacia & Upjohn Company, Inc.

11