UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

## **PLAINTIFFS' MOTION TO ADD DOCUMENTS TO EXHIBIT LIST**

Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals move to add two documents to its exhibit list which were inadvertently left off when Kaiser reduced its list from 1,500 documents to less than 500. These documents evidence Defendant Parke-Davis promoting Neurontin for the treatment of bipolar disorder and pain through teleconferences that occurred between October 2005 and April 2006. Copies of the two proposed exhibits, which would be numbered 2095 and 2096 (the "Proposed Exhibits"), are attached as Exhibits 1 and 2. In support thereof, Kaiser states as follows:

1.      As the Court is aware, millions of pages of documents were produced in the course of this litigation, and the parties were forced to limit ruthlessly the number of documents that would actually be used at trial. Each side's original exhibit list contained approximately 1,500 documents. The parties jointly agreed no exhibit list should exceed 500 documents. In its

weeding process, Kaiser attempted to eliminate duplicative documents and documents that did not directly concern the activities of the Defendants that are the focus of the case.

2.      When two-thirds of the documents originally deemed necessary to try a case must be jettisoned in the preparation of a four week trial concerning activities that took place over the course of several years, it is almost a certainty that one or two mistakes will be made.  In the course of a major trial, few parties' attorneys have the combination of flawless quality control and perfect foresight to insure that only the documents that will absolutely be needed will be placed on the final exhibit list.  Kaiser's attorneys, despite their best efforts, have not met that standard of perfection.  The Proposed Exhibits, although contained on the initial exhibit list exchanged on January 19, 2010, were inadvertently omitted from the final list.

3.      The original list contained a half dozen documents that concerned the series of bipolar teleconferences that occurred in late 1995-early 1996.  It was Kaiser's intent to eliminate duplicative exhibits, but retain at least two documents concerning this series of events, which was an important effort to convince physicians that Neurontin was an effective treatment for bipolar disorder and pain.  See Declaration of Thomas M. Greene In Support of Motion To Add Documents To Exhibit List, ¶¶ 4-6.  The two documents show that between October 1995 and April 2006 dozens of teleconferences took place, many of which were scripted by Parke-Davis employees.

4.      The entry of these documents will not unfairly surprise or prejudice the Defendants.  The documents were prominently featured in the Class Plaintiffs' Statement of Disputed and Undisputed Material Facts in Opposition to Defendants' Motion for Summary Judgment, relevant portions of which are attached as Exhibit 3.  Either one or both of the documents was discussed in paragraphs 51-54 of that document.

5. Proposed Exhibit 2095, Exhibit 1, was also prominently featured in the Deposition of John M. Knoop, which was taken in this case. Proposed Exhibit 2095 was marked as Knoop Exhibit 6 and that exhibit was discussed at pages 156 through 165 of the deposition. A copy of Knoop Exhibit 6 is attached as Exhibit 4 and the relevant deposition pages are attached as Exhibit 5. Plaintiff has designated sections of the Knoop deposition to be read to the jury, and although the sections concerning Proposed Exhibit 6 are not included, both sides were required to review all aspects of the Knoop deposition to determine what selections should be presented to the jury.

6. The two exhibits are admissible. They are documents produced by Defendants with Defendants' Bates Stamp numbers upon them. They clearly concern the promotion of Neurontin for the uses at issue in this litigation and reflect promotion of those uses during the relevant time period. Consistent with the other evidence of Defendants' activities presented by Kaiser, there is no evidence that Defendants disclosed any of the negative evidence known to them relating to Neurontin's use for pain and bipolar disorder.

7. Defendants will not be prejudiced by the addition of these documents to Kaiser's trial exhibit list. Defendants have not commenced their case and may still address the documents to the extent they are able. Indeed, the Court has observed that Defendants have deliberately chosen not to address most of Kaiser's allegations of off-label promotion and suppression of negative information, and there is little reason to believe Defendants would have addressed these documents had they remained on the exhibit list after it was pruned to below 500. Even though these documents were still on the Kaiser exhibit list at the time their final witness list was submitted, Defendants never identified any former Parke-Davis employee who could testify concerning these teleconferences. Plaintiffs, of course, would have no objection if Defendants

sought to admit two of their own documents not currently on their exhibit list to counter the Proposed Exhibits.

8.	Kaiser has endeavored during the course of this trial not to amend its exhibit list, deposition list or witness list, despite occasional failures, for example, to identify documents that were the subject of deposition testimony it sought to introduce.  It realizes that the amendment of an exhibit list at trial should occur only sparingly.  It asks the Court in this single instance to permit such an amendment so that the inadvertent error of its counsel will not preclude the jury from deciding this important matter on the most relevant evidence each side can muster.

WHEREFORE, for the reasons set forth above, Kaiser requests the Court to allow it to add Proposed Exhibits 2095 and 2096, attached as Exhibits 1 and 2, to its exhibit list.

Dated: March 9, 2010						Respectfully submitted,


								By: */s/ Thomas M. Greene*
								Thomas M. Greene, (BBO # 210020)
								GREENE, LLP
								33 Broad Street, 5th Floor
								Boston, MA 02109

								and

								Linda P. Nussbaum
								KAPLAN FOX & KILSHEIMER LLP
								Linda P. Nussbaum, Esq.
								850 Third Avenue, 14th Floor
								New York, New York 10022

								*Attorneys for Plaintiffs Kaiser Foundation*
								*Health Plan, Inc. and Kaiser Foundation*
								*Hospitals*

*Of Counsel*

Barry Himmelstein
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

Donald Barrett
BARRETT LAW OFFICES
P.O. Box 987
Lexington, MS 39095

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 9, 2010.

*/s/ Thomas M. Greene*
Thomas M. Greene