UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br><br>Mag. Judge Leo T. Sorokin |

**DECLARATION OF THOMAS M. GREENE IN SUPPROT OF PLAINTIFFS' MOTION TO ADD DOCUMENTS TO EXHIBIT LIST**

I, Thomas M. Greene, hereby state and declare as follows:

1.   I am an attorney licensed to practice law in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.  I am a co-counsel for the Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser").  I have personal knowledge of the efforts to create and trim down Kaiser exhibit list.

2.   I have been involved in this multi-district litigation concerning Neurontin since its inception in 2005.  Prior to that, I litigated a qui tam action against the Defendants concerning Neurontin.  That action was filed in 1996, unsealed in 1999 and settled in 2004.  Since I became involved in Neurontin litigation members of my office and I have reviewed millions of pages of documents.

3. Thousands of documents, perhaps tens of thousands of documents are relevant to the Defendants' fraudulent promotion of Neurontin for the off-label uses at issue in the Kaiser trial. To condense this evidence so it could be presented to a jury in a four week trial has been a difficult process. Our initial trial list contained approximately 1,500 documents, far too many to introduce in even a lengthy trial. We agreed with the Defendants that each side should get their list, excluding publications, below 500. I was one of the attorneys for Kaiser responsible for reducing the exhibit list, particularly with regard to documents that related to the activities of the Defendants.

4. In our original list, we included a half dozen documents relating to a series of teleconferences for Neurontin's use for bipolar disorder and pain which Parke-Davis organized and held between October 1995 and April 1996. It was our intent to keep exhibits relating to this series of teleconferences as part of our Exhibit List; we intended to trim out redundant documents. Unfortunately, we inadvertently eliminated all of the documents relating to these teleconferences.

5. We did not realize that no documents remained on our exhibit list relating to the 1995-96 pain and bipolar teleconferences until we began our final reviews of the Exhibit List for the purpose of insuring that all relevant documents were formally entered into evidence. Our review disclosed recently that no evidence relating to these teleconferences had been admitted, and we then discovered that all documents relevant to the teleconferences had been removed from the list.

6. We never intended to remove evidence relating to these teleconferences from our exhibit list. We had planned to keep at least two exhibits. Not only were these documents on our original list, they were prominently referenced in the Class Plaintiffs' Statement of Disputed and

Undisputed Facts In Opposition to Summary Judgment. One of the documents was also used in the deposition of John M. Knoop, a very important witness in this case. Mr. Knoop is the only witness whose testimony from this case and the earlier qui tam action is being admitted into evidence at the Kaiser trial.

Signed under the pains and penalties of perjury this 9th day of March 2010, in Boston, Massachusetts.

/s/ Thomas M. Greene
Thomas M. Greene