UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:   NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**KAISER'S SECOND AMENDED MOTION FOR THE ADMISSION OF SUMMARY EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 1006 AND 611(a)**

Pursuant to Rules 611(a) and 1006 of the Federal Rules of Evidence, Kaiser[1] hereby moves for the admission of charts that identify and describe business records of Defendants and their alleged vendor co-conspirators. The reasons for this motion are described in detail in the attached memorandum of law.

On March 8, 2010, the Court addressed Kaiser's Amended Motion for the Admission of Summary Evidence in an afternoon hearing. The Court expressed reluctance to admit summaries containing quotations from the documents and instead endorsed presenting to the jury lists identifying specific exhibits. March 8, 2010 Trial Tr. at 182:9-13. A list of documents in the style suggested by the Court is attached as Exhibit A. This document lists trial exhibits in chronological order and identifies the dates and titles of the documents. Given the high volume

---

[1] Plaintiffs in this action are Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser"). Kaiser Foundation Health Plan, Inc. is the parent company of the following companies and has brought this lawsuit on behalf of itself and its subsidiaries: Kaiser Foundation Health Plan of Colorado; Kaiser Foundation Health Plan of Georgia, Inc.; Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.; Kaiser Foundation Health Plan of the Northwest; and Kaiser Foundation Health Plan of Ohio.

1

of documents in this case, a simple list of documents in chronological order would significantly aid the jury in understanding the sequence of events at issue in this litigation. The descriptions of these documents are minimal and straightforward. For example, the first document is described as "December 1993: FDA letter to Parke-Davis regarding NDA for Neurontin and enclosing draft product labeling." These descriptions would assist the jury in locating specific documents admitted as evidence and would result in no possible prejudice because of the limited nature of the descriptions. At a minimum, the jury should receive this short, concise summary.

In addition, Kaiser respectfully requests that the Court revisit its observations on the *summaries* of relevant documents. Even after extensive narrowing, Kaiser's set of exhibits relating to the RICO claim includes approximately 140 documents, which span four double-sided binders. A jury could spend days reviewing these documents. Accordingly, a substantial body of case law has developed permitting the use of summary documents in complex cases, as described in the attached memorandum of law. Kaiser's proposed, more detailed summary, is attached as Exhibit B. This summary consolidates all of the document descriptions attached to Kaiser's Amended Motion into one chronological document. The summary accurately quotes the relevant portions of the underlying documents, thus focusing the jury on the portions of the documents that apply to the off-label indications at issue in this case. They provide enough detail for the jury to understand the relevant portions of documents, without the need to review each page of every document admitted as evidence. After several weeks of testimony and the introduction of hundreds of documents, a more detailed summary would guide the jury through a highly detailed, complex fact pattern. Defendants would suffer no prejudice because they may object to specific entries or may introduce summary charts of their own. The Court, as always, may also offer a limiting instruction to ensure the jury considers these materials appropriately.

Wherefore, Kaiser respectfully requests that the Court grant this motion for the admission of summary evidence under Federal Rules of Evidence 1006 and 611(a).

Dated:  March 11, 2010                                     Respectfully submitted,


                                                           By:     /s/ Linda P. Nussbaum
                                                                   Linda P. Nussbaum

                                                           KAPLAN FOX & KILSHEIMER LLP
                                                           Linda P. Nussbaum, Esq.
                                                           850 Third Avenue, 14th Floor
                                                           New York, New York 10022

                                                           *Attorneys for Plaintiffs Kaiser Foundation
                                                           Health Plan, Inc. and Kaiser Foundation
                                                           Hospitals*

*Of Counsel*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 11, 2010.

*/s/  Elana Katcher*
Elana Katcher
