UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**MEMORANDUM OF LAW IN SUPPORT OF KAISER'S SECOND AMENDED MOTION FOR THE ADMISSION OF SUMMARY EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 1006 AND 611(a)**

## I.     INTRODUCTION

Federal Rule of Evidence 1006 "recognizes that it often takes a great deal of court time to introduce a legion of documents to establish a single point." *United States v. Strissel*, 920 F.2d 1162, 1163-64 (4th Cir.1990). Thus, it has long been accepted that in complex cases, "it would be a grueling waste of time to examine all of the underlying evidence in court, and hence charts and summaries are permitted within the court's discretion." *Id.* More is at stake in this instance than the courts' usual concern with judicial efficiency. Kaiser has been asked in this bellwether trial to present all of its evidence concerning a complex and sprawling medical marketing fraud in 28 hours. Defendants have made clear that their strategy now is to simply withhold their own

-1-

witnesses and run down the clock on Kaiser's case in hopes that Kaiser will have neither the time nor the methodology to get the mountains of evidence it has accumulated in the past six years into the Court's record. Fundamental fairness as well as courtroom efficiency demands that Kaiser be allowed to use the tools available to it under the Federal Rules of Evidence to prevent this outcome and to allow this case to be decided on its merits. *See, e.g.*, *United States v. Janati*, 374 F.3d 263, 274 (4th Cir. 2004) (in prosecution of a seven-year complex healthcare fraud, cautioning that "to the extent that the district court finds it necessary to deny the government the use of summary evidence during its case-in-chief, it must accord the government the right in some manner and to some reasonable extent to prove its case the long way") (cited extensively in *United States v. Milkiewicz*, 470 F.3d 390 (1st Cir. 2006)).

Kaiser requests the Court exercise its discretion under Rule 1006 and 611(a) to admit into evidence a list of relevant exhibits and a neutral summary of business records evidencing the vendor enterprise prong of Kaiser's RICO claim. On March 8, 2010, the Court addressed Kaiser's Amended Motion for the Admission of Summary Evidence in an afternoon hearing. The Court expressed reluctance to admit summaries containing quotations from the documents and instead endorsed presenting to the jury lists identifying specific exhibits. March 8, 2010 Trial Tr. at 182:9-13. A list of documents in the style suggested by the Court is attached to the accompanying Motion as Exhibit A. This document lists trial exhibits in chronological order and identifies the dates and titles of the documents. Given the high volume of documents in this case, a simple list of documents in chronological order would significantly aid the jury in understanding the sequence of events at issue in this litigation. The descriptions of these documents are minimal and straightforward. For example, the first document is described as "December 1993: FDA letter to Parke-Davis regarding NDA for Neurontin and enclosing draft

product labeling." These descriptions would assist the jury in locating specific documents admitted as evidence and would result in no possible prejudice because of the limited nature of the descriptions. At a minimum, the jury should receive this short, concise list of exhibits.

In addition, Kaiser respectfully requests that the Court revisit its observations on the *summaries* of relevant documents. Even after extensive narrowing, Kaiser's set of exhibits relating to the RICO claim includes approximately 140 documents, which span four double-sided binders. A jury could spend days reviewing these documents. Accordingly, a substantial body of case law has developed permitting the use of summary documents in complex cases, as described in the attached memorandum of law. Kaiser's proposed, more detailed summary, is attached to the accompanying Motion as Exhibit B. This summary consolidates all of the document descriptions attached to Kaiser's Amended Motion into one chronological document. The summary accurately quotes the relevant portions of the underlying documents, thus focusing the jury on the portions of the documents that apply to the off-label indications at issue in this case. They provide enough detail for the jury to understand the relevant portions of documents, without the need to review each page of every document admitted as evidence. After several weeks of testimony and the introduction of hundreds of documents, a more detailed summary would guide the jury through a highly detailed, complex fact pattern.

Defendants cannot credibly argue that the admission of either Exhibit A or B will deny them the opportunity to cross-examine a knowledgeable witness. The witnesses who can best explain these documents are under Defendants' control. Defendants have made the strategic choice to withhold their own 30(b)(6) witness from this trial, despite the fact that Defendants had listed Mr. Knapp as a live witness on a witness list served just three days prior to the start of trial and despite their knowledge that Kaiser was relying upon his appearance to move the very

documents at issue here into evidence.[1]  Given Defendants' refusal to produce Lloyd Knapp for testimony, fundamental fairness requires that Kaiser be permitted to introduce summaries of the RICO documents into evidence.

## II.     ARGUMENT

This Court is provided with wide discretion in determining whether Kaiser's summary exhibits may be considered by the jury.  As the First Circuit has recognized:  "It is hard to imagine an issue on which a trial judge enjoys more discretion than as to whether summary exhibits will be helpful."  *Fraser v. Major League Soccer, L.L.C.*, 284 F.3d 47, 67 (1st Cir. 2002) (holding discretion properly exercised where court admitted summary charts as evidence to "help the jury to think about a complex case," but made clear to the jury that the they were to be used merely as aids); *United States v. Milkiewicz*, 470 F.3d 390, 398 (1st Cir. 2006) (finding lower court properly exercised discretion in finding charts necessary in what the district judge characterized as "'an extraordinarily complex document case'").

### A.     Kaiser's Summary Charts Are Admissible Under Federal Rules of Evidence 1006 or 611(a)

The case law "permits the use of summary tools to clarify complex testimony and evidence."  *United States v. McElroy*, 587 F.3d 73, 81 (1st Cir. 2009).   In *Milkiewicz*, the First Circuit settled the state of the law governing "the proper use of the various evidentiary rules governing the introduction of document summaries at trial."  *Milkiewicz,* 470 F.3d at 391.  In

---

[1] It is to prevent such gamesmanship that the majority of courts to consider the issue have found that Federal Rules of Civil Procedure allow for service of a subpoena upon a party, a party officer or a party's Rule 30(b)(6) designee residing more than 100 miles from the place of trial. *In re MTBE Prods. Liab. Litig*., 2009 WL 1840882, at *1 (S.D.N.Y. June 24, 2009) (emphasis added, citing *In re Vioxx Prods. Liab. Litig*., 438 F. Supp. 2d 664, 666 (E.D. La. 2006) (collecting cases)).  *See Vioxx*, 438 F. Supp. 2d at 666 (citing 10 cases for the proposition that "parties and their officers are subject to compulsion to attend trials that occur outside the 100 mile limit otherwise available to non-parties").

*Milkiewicz*, the government introduced several thousand pages of financial records "to prove specific transactions consistent with a more general description of the [alleged] scheme." *Id.* at 391.

As the *Milkiewicz* Court explained, "[t]he Federal Rules of Evidence offer multiple options for an attorney who wishes to summarize complex evidence and bring it to the jury's attention in the form of a chart." *Id.* at 395. Federal Rule of Evidence 1006[2] creates an exception to the best evidence rule, which requires that originals be used to prove the content of writings, records and photographs. *Id.* at 396. The Court found that Rule 1006 allows summary evidence to be presented as long as the proponent can show "that the voluminous source materials are what the proponent claims them to be and the summary accurately summarizes the source materials." *Id.* at 396. The Court held that under Rule 1006, a "summary may be admitted *in addition to* the underlying documents to provide the jury with easier access to the relevant information." *Id.* at 397 (emphasis in original). Summaries admitted under Rule 1006 "must fairly represent the underlying documents and be 'accurate and nonprejudicial.'" *Id.* at 398.

In addition, the *Milkiewicz* Court held that less neutral summaries can be admitted under Federal Rule of Evidence 611(a),[3] where record support is available and the device is deemed

---

[2] Federal Rule of Evidence 1006 provides: "The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court." Fed. R. Evid. 1006.

[3] Rule 611(a) permits the court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence" so as to, among other things, "make the interrogation and presentation effective for the ascertainment of the truth," or "avoid needless consumption of time." Fed. R. Evid. 611(a).

"sufficiently accurate and reliable." *Id.* at 398. *See also McElroy*, 587 F.3d at 82 (same); *United States v. Bray*, 139 F.3d 1104, 1112 (6th Cir. 1998) (recognizing admissibility of "'secondary-evidence summaries' that are not prepared entirely in compliance with Rule 1006 and yet are more than mere pedagogical devices."). These summaries may be admitted along with the evidence they summarize where "in the judgment of the trial court such summaries so accurately and reliably summarize complex or difficult evidence that is received in the case as to materially assist the jurors in better understanding the evidence." *Bray*, 139 F.3d at 1112.

The list and summary offered by Kaiser are both concise and designed to aid the jury. Exhibit A follows the Court's suggestion and would direct the jury to specific exhibits. Exhibit B would direct the jury to the relevant portions of the exhibits. The admission of summary devices of the types at issue here has been repeatedly approved by Federal Circuit Courts, particularly in cases involving complex conspiracies. *See, e.g. United States v. Williams*, 952 F.2d 1504, 1519 (6th Cir. 1991) (upholding admission of chronology of the significant events under Rule 1006, as an aid to the jury in its analysis of proof); *United States v. Taylor*, 210 F.3d 311, 315 (5th Cir. 2000) (upholding admission of organizational chart based on testimonial evidence in conspiracy case to "aid the jury '[in] putting the myriad of complex and intricate pieces of testimonial and documentary evidence comprising the puzzle together . . .'") (citations omitted). The list and summary are free of editorializing or argument, and thus meet this Circuit's standard for admissibility under either Rule 1006 or Rule 611(a).

### B.   Kaiser Will Be Unfairly Prejudiced By The Exclusion Of Its Summary Charts And Their Accompanying Underlying Documents

The documents underlying the summary charts at issue here are business records that were created by Defendants and their alleged vendor co-conspirators in their ordinary course of business, for which Kaiser has been unable to procure a knowledgeable witness to testify and for

which business record and authenticity objections have largely been waived.  *See* 3/2/10 Trial Tr. at 10-11.  Having tactically chosen to make itself unavailable to be examined in this trial, Pfizer cannot now fairly complain of its inability to "cross-examine scores of documents as to which no witness has provided testimony to lay the foundation for its relevancy in this case."  Dkt No. 2604 at 3.  The statements in these documents have all the hallmarks of reliability necessary to allow admission, as they constitute admissions of a party opponent and/or statements against interest, and the summaries are provided as neutral guides to the relevant portions of the documents.  Pfizer must live with its decision to withhold the witnesses who could provide the context it now complains is missing from these documents.[4]

Moreover, Rule 1006 imposes safeguards to ensure that Pfizer would not be prejudiced by the admission of the summaries in Exhibit B.  The summaries cite directly to quotations from the underlying documents.  To the extent Defendants dispute that particular entries accurately reflect the contents of the underlying documents, they may object to specific entries or may introduce their own summaries (subject to Kaiser's right to object to the accuracy of specific characterizations).  *See Milkiewicz*, 470 F.3d at 400 ("If defendants possessed exculpatory records not in the government's files, they could have offered them at trial or prepared their own summary.") (internal quotations omitted).  In addition, the Court may offer limiting instructions

---

[4] The only cases cited by Pfizer in its Objection to Plaintiffs' Proffer of Freestanding Exhibits do not support its argument.  In *Gallagher v. Crete Carrier Corp.*, 2009 WL 2925441, at *11 (D. Conn. Sept. 10, 2009), a plaintiff in a personal injury case unsuccessfully proffered his own medical records as evidence while declining to produce his *own* physicians as witnesses.  In *Jaros v. LodgeNet Ent'mt Corp.*, 294 F.3d 960, 965 (8th Cir. 2002), a defendant declined to produce its *own* employee to help it defend against a sexual harassment suit, and instead unsuccessfully sought to introduce the same employee's notes into evidence.  In both cases the same party who proffered the disputed documents chose not to make the declarant available. Here, Pfizer has control over the witnesses who can speak knowledgeably about these documents but has chosen not to exercise it.  The consequences of that choice should be borne by Pfizer not its opponent.

to clarify the jury's role in evaluating the RICO evidence. *Id.* (holding that "the court's instruction that the jury should base its evaluation of the summaries on 'the reliability and completeness of the underlying documents' underscored the jury's prerogative to make its own assessment of both the supporting material and the summaries.").

Without the use of the summary devices at issue here, it would be difficult for Kaiser to present its evidence on the enterprise element of its RICO claim in the time allotted by the Court. As the Court is aware, Kaiser has faced a monumental challenge in squeezing into the Court's strict 28-hour limit all of the evidence necessary to prove a major medical marketing fraud and its aftermath, in a case that this Court has characterized as both complex and important. 2/22/10 Trial Tr. Vol. 1 at 74. Defendants now realize that their best strategy may be simply to run down the clock. Fundamental fairness requires that the Court not permit Kaiser's claim to be determined by such gamesmanship. The documents at issue are reliable, self-explanatory, and critical to Kaiser's RICO claim. As the Eighth Circuit noted in approving the use of summary devices almost four decades ago: "[F]oundational problems should seldom waste the time of the judge or jury in the court room." *Boston Secs. Inc. v. United Bonding Ins. Co.*, 441 F.2d 1302, 1303 (8th Cir. 1971); *see also Martin v. Nabors Offshore Corp.*, 2002 WL 34360292, at *3 (E.D.La. Apr. 2, 2002) ("Rule 1006 recognizes that it often takes a legion of documents and a great deal of court time to establish a single point."). Both the documents and their accompanying summary devices should be admitted.

### III.    CONCLUSION

For the foregoing reasons, Kaiser respectfully asks this Court to introduce the accompanying summary devices as evidence to the jury.

-9-

Dated: March 11, 2010				Respectfully submitted,


						By:	*/s/ Linda P. Nussbaum*
							Linda P. Nussbaum

						KAPLAN FOX & KILSHEIMER LLP
						Linda P. Nussbaum, Esq.
						850 Third Avenue, 14th Floor
						New York, New York 10022

						*Attorneys for Plaintiffs Kaiser Foundation*
						*Health Plan, Inc. and Kaiser Foundation*
						*Hospitals*

*Of Counsel*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 11, 2010.

                                              */s/  Elana Katcher*
                                              Elana Katcher