UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

In re: NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

THIS DOCUMENT RELATES TO:

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

*Shearer v. Pfizer Inc., et al.*
Case No. 1:07-cv-11428-PBS

---

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO EXCLUDE THE SPECIFIC CAUSATION TESTIMONY OF DRS. GLENMULLEN AND KRUSZEWSKI

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") submit this Notice of Supplemental Authority to bring to the Court's attention the Eighth Circuit's recent decision in *In re Baycol Products Liability Litigation*, --- F.3d ----, 2010 WL 711972 (8th Cir. Mar. 3, 2010). A copy of the opinion is attached hereto as Exhibit A.

In *In re Baycol*, the Eighth Circuit affirmed the district court's Rule 702 exclusion of expert testimony on specific causation in a products liability action alleging muscle pain caused by Baycol, the defendant's prescription medication. *See id.* at *1. The Eighth Circuit held that specific causation testimony based on mere temporal association was insufficient, and that the expert's attempts to consider factors other than temporal association failed, because those other factors were "unsupported by the record or have alternative explanations." *Id.* at *6. The court rejected the expert's opinions that the plaintiff's "pain was of 'new onset' with Baycol ingestion and that there was 'no other explanation' for [the plaintiff's] pain" because the plaintiff's "medical history reveal[ed] a long battle with muscle pain," for which his physicians had "prescribed a number of pain medications." *Id.* The court likewise rejected the expert's attempt to distinguish the plaintiff's post-Baycol muscle pain as "certainly of a different nature and

character" from the pre-Baycol pain, because this was simply a "conclusory statement[] without sufficient evidentiary support." *Id.*

Pfizer respectfully submits that the Eighth Circuit's decision in *In re Baycol* provides additional support for Pfizer's pending motion to exclude the specific causation testimony of Drs. Glenmullen and Kruszewksi.

Dated: March 12, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Mark.Cheffo@skadden.com

-and-

BOIES, SCHILLER & FLEXNER LLP

By: /s/ William S. Ohlemeyer
    William S. Ohlemeyer

333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
WOhlemeyer@bsfllp.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

---

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 12, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo