UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:   NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION
SEEKING RECONSIDERATION OF LIMITATION
ON THE TESTIMONY OF DR. ANTHONY J. ROTHSCHILD**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this motion seeking reconsideration of this Court's March 12, 2010 decision limiting the testimony of Dr. Anthony J. Rothschild. The Court's decision to limit the testimony of Dr. Rothschild is inconsistent with the Court's prior reasons for allowing Plaintiffs to call Dr. Curt Furberg, a witness they had not even designated as an expert until they filed their witness list on November 23, 2009. Fundamental fairness demands that the same standard – the absence of unfair surprise – be applied to the testimony of Dr. Rothschild. Plaintiffs have been on notice of Dr. Rothschild's opinions since March 2009. They had an opportunity to depose him, but chose not to. Plaintiffs have not been unfairly surprised by Dr. Rothschild's testimony. To the contrary, it is Pfizer that is unfairly prejudiced by surprise, having had no notice that Dr. Rothschild's testimony would be limited until a few days before the close of Plaintiffs' case.

**ARGUMENT**

**I.   Plaintiffs Had Notice Of Dr. Rothschild's Opinions And An Opportunity To Depose Him**

Application of fundamental principles of fairness requires that Dr. Rothschild be allowed to testify as to all matters within his expert report. By restricting his testimony,

the Court is applying Rule 26 more stringently to Defendants than to Plaintiffs. Significantly, Plaintiffs never designated Dr. Furberg as an expert prior to November 23, 2009.  He was designated only by the Class Plaintiffs.  In response to Pfizer's motion to exclude Dr. Furberg [2311] on this basis, Kaiser did not deny that it had not designated Dr. Furberg as an expert.  Instead, it argued that Pfizer had full notice of his opinions and an opportunity to depose him.  (Mem. of Law in Opp. to Defendants' Motion *in Limine* to Exclude the Testimony of Dr. Rena Conti and Dr. Curt Furberg [2411]) at 3-5.)  When Pfizer's motion was heard, this Court agreed that there had been no prejudice.  Denying Pfizer's motion, the Court cited a simple rule: "did you have the chance to depose them and the like?"  (1/28 Tr. at 46:24-47:1.)  As the Court emphasized, the opportunity to depose a witness, and the desire to avoid unfair surprise, resided at the heart of its calculus: "I am not excluding it simply because if it was -- just like your doctors, if they were deposed as part of this litigation, they're allowed in for whatever they discussed or wrote a report about, but not something new."  (1/28 Tr. at 47:17-21.)  In doing so, the Court granted Kaiser latitude to offer the opinions of experts it never designated and to supplement expert reports without seeking permission.  Now, however, nearly a year after he submitted his expert report, the Court determined that Dr. Rothschild may not testify regarding opinions he "wrote a report about," and which Kaiser has possessed since March, 2009.

In explaining its decision, the Court also made clear that its decision to limit the scope of Dr. Rothschild's testimony was based on its determination that "there would be prejudice because as a result of [his rebuttal status] [Kaiser] did not take his deposition." (3/12 Tr. at 11:6-7.)  To the extent that this perceived risk is based on Kaiser's claims of prejudice, those claims are sharply contradicted by the history of this litigation.  As Pfizer explained in its earlier briefing on this issue, any claim by Kaiser that it was "deprived of the opportunity to depose [Dr. Rothschild] on the topics at issue" is simply not credible. (Pl. Mem. [2345] at 11).  Indeed, Kaiser *ignored* its opportunity to depose

2

Dr. Rothschild with respect to *all* of his opinions.  In fact, Kaiser elected not to depose *any* of Pfizer's experts (except for economist Dr. Keeley) at *any* time.  Any assertion by Kaiser that Dr. Rothschild is the one expert witness it would actually have deposed – above all others – if it had received an earlier disclosure begs belief.  Indeed, this is evidenced by the fact that Kaiser made no effort to depose Dr. Slaby, the "bipolar" expert that this Court stated Dr. Rothschild may not replace.  Although Pfizer does not agree that it is offering Dr. Rothschild "to be essentially Dr. Slaby," (3/12 Tr. at 8:22), the fact remains that Kaiser has shown no interest in deposing any Pfizer expert regarding Neurontin and bipolar disorder – or any other issue regarding efficacy.

In sum, this Court allowed the testimony of Drs. Furberg because Pfizer had a report from him and was able to depose him.  According to the Court, this opportunity negated any harm from Kaiser's violation of Rule 26 and this Court's scheduling order.  Contradictorily, the Court determined that Kaiser would be prejudiced by the testimony of Dr. Rothschild because it chose not to depose Dr. Rothschild on an expert report he filed in *this* case nearly one year ago.  Having accommodated Plaintiffs' failure to comply with their Rule 26 obligations, the Court now, on the eve of his testimony, has limited Dr. Rothschild's testimony based upon nothing more than an assumption of prejudice.

**II.     Dr. Rothschild's Opinions Regarding Efficacy Are Proper Rebuttal Evidence**

The Court's attempt to disengage Dr. Rothschild's expert opinion on the risk of depression and suicidality from his opinion on efficacy draws an artificial distinction.  In his testimony, Dr. Furberg was asked to draw a direct link between the alleged risk of suicide and depression and efficacy.  As Dr. Furberg testified, over Defendants' objection:

> Q.   Do the FDA findings of increased risk of depression with or without suicidal ideation contradict and undermine a promotional claim made by the defendants that Neurontin has beneficial effects on bipolar and mood disorder?

3

> . . . .
>
> A.   I had a hard time believing when I read that, frankly. Here we have a side effect of depression that sometimes leads to suicide, and then to make then some claims without disclosing this risk, make claims that people with depression should be treated, just blows my mind, and it just doesn't make any sense whatsoever. People who already have depression are high-risk individuals, and there's a good chance things are going to get worse.
>
> Q.   Bipolar disorder includes depression, doesn't it?
>
> A.   That's correct.

(3/10 Tr. (Furberg) at 72:23-73:13.) In other words, Dr. Furberg testified to the efficacy link suggested by his expert report and which was anticipated by Dr. Rothschild. Having opened the door to efficacy during Dr. Furberg's direct, Plaintiffs cannot now seek to restrict Dr. Rothschild's testimony on matters that were fully disclosed in his expert report.

## CONCLUSION

For the foregoing reasons, Pfizer respectfully requests that this Court reconsider its decision limiting the testimony of Dr. Alan Rothschild and allow him to testify regarding all of the opinions offered in his expert report.

Dated: March 14, 2010               Respectfully submitted,

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP

                                    By:   /s/ Mark S. Cheffo
                                          Mark S. Cheffo

                                    Four Times Square
                                    New York, NY 10036
                                    Tel: (212) 735-3000
                                    Mark.Cheffo@skadden.com

4

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

        By:   /s/ Raoul D. Kennedy
                 Raoul D. Kennedy

        Four Embarcadero Center
        San Francisco CA 94111
        Tel:  (415) 984-6400
        Raoul.Kennedy@skadden.com

        WHEELER TRIGG O'DONNELL LLP

        By:   /s/ James E. Hooper
                 James E. Hooper

        1801 California Street
        Suite 3600
        Denver, CO 80202-2617
        Tel:  (303) 244-1800
        hooper@wtotrial.com

        *Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 14, 2010.

        /s/ Mark S. Cheffo
        Mark S. Cheffo