UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

## KAISER'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION SEEKING RECONSIDERATION OF LIMITATION ON THE TESTIMONY OF DR. ANTHONY J. ROTHSCHILD

Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser) oppose Defendants' emergency motion to reconsider the Court's enforcement of the limitations established when Defendants were granted leave to add Dr. Rothschild as an expert in these cases. The Court never granted Defendants leave to introduce another primary expert in this case and Kaiser never agreed that they could add another primary expert. There is no unfairness in the Court sticking to the rules it established more than a year ago. In further support of its opposition, Kaiser states as follows:

1.   Defendants' principal argument is that there is no harm to Kaiser if Pfizer disobeys the Court's limitations and introduces a new liability expert, as opposed to a rebuttal expert, because Kaiser could have taken his deposition and learned his opinions. Both the

premise and the conclusion of Pfizer's argument are incorrect. Kaiser could not have taken Dr. Rothschild's deposition. When the Sales and Marketing Plaintiffs sought leave to file a supplemental report by Dr. Barkin and to add Dr. Furberg as a supplemental expert on very limited topics, they agreed to waive their right to depose any witness Defendants select to rebut the supplemental expert filings. The Sales and Marketing Plaintiffs' offer of waiver was based on the fact that the topics addressed by any new expert would be as narrow as the scope of the Furberg and supplemental Barkin opinions. To change the scope of the expert's testimony after the Plaintiffs waived their right to take a deposition, indeed when such waiver was made precisely because the anticipated testimony was to be highly circumscribed in scope, is plainly unfair.

2.  Even, however, if Kaiser had an unfettered opportunity to depose Dr. Rothschild, there is nothing unfair in this Court requiring the parties to comply with a schedule they agreed to and which gave each side ample time to meet their responsibilities. When this Court granted Defendants' second request to extend the expert disclosure deadline it expressly stated "No further extensions." See Electronic Order dated October 22, 2008. When that deadline arrived and Defendants disclosed only a single expert who would address Neurontin's efficacy for treating bipolar disorder, Kaiser was entitled to rely on that disclosure. Further, when that expert's report disclosed significant flaws in reasoning and analysis, Kaiser was entitled to rely upon those factors as well in deciding how to present its case. When Defendants realized the problems in their original expert's report and attempted to correct them through surreptitious expansion of the scope of the rebuttal report without Court approval, Kaiser had no obligation to assist. There is no unfairness in requiring Pfizer to use the expert it originally selected.

3. Defendants' complaint that Kaiser is receiving favorable treatment is unfounded. Pfizer's counsel has acknowledged Dr. Furberg's eminence in his profession. Is there any doubt that had the Sales and Marketing Plaintiffs ignored the Court's instructions regarding the scope of the permitted supplemental report and had attempted to have Dr. Furberg present new grounds for non-efficacy not previously set forth by some of Kaiser's less well known experts, the Court, upon Pfizer's objection, would have precluded such testimony? Indeed, such an objection would have probably been sustained even had Pfizer taken Dr. Furberg's deposition on all aspects of his proffered opinion. The ruling should be no difference when it is the Defendants who violated the Court's instructions. A party that ignores the limitations for late expert disclosure established by a District Court does so at its own risk.

4. Defendants also attempt to argue that Kaiser opened the door for Dr. Rothschild to testify about Neurontin's efficacy due to its examination of Dr. Furburg. They claim that a question to Dr. Furberg –asking whether the FDA's findings of increased risk of depression are consistent with a claim that Neurontin is beneficial for bipolar and mood disorders—was an implicit opinion about Neurontin's efficacy for bipolar disorder. But a review of Dr. Furburg's testimony will find no opinion from him as to whether Neurontin was an effective treatment for bipolar. His opinions were precisely limited to the scope permitted by the Court when it granted the motion for leave to file supplemental expert opinion: whether Pfizer's knowledge of the FDA's depression analysis should be disclosed, and whether any failure to do so was misleading. Nothing in Dr. Furburg's testimony requires the Court to depart from its sound initial ruling on the permissible scope of Dr. Rothschild's testimony.

WHEREFORE, for the reasons set forth above, the Court should deny Defendants' Emergency Motion to reconsider its ruling on the limitations of the scope of Dr. Rothschild's testimony.

Dated: March 15, 2010

Respectfully submitted,

By: */s/ Ilyas J. Rona*
Ilyas J. Rona, (BBO # 642964)
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

and

Linda P. Nussbaum
KAPLAN FOX & KILSHEIMER LLP
Linda P. Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, New York 10022

*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

*Of Counsel:*

Barry Himmelstein
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

Donald Barrett
BARRETT LAW OFFICES
P.O. Box 987
Lexington, MS 39095

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 15, 2010.

*/s/ Ilyas J. Rona*
Ilyas J. Rona
