UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR JUDGMENT AS A MATTER OF LAW BASED UPON LACK OF
SUFFICIENT EVIDENCE TO SUPPORT STATE LAW CLAIMS**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully submit this Memorandum of Law in Support of their Motion for Judgment as a Matter of Law Based Upon Lack of Sufficient Evidence to Support State Law Claims. As discussed herein, Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser") have failed to produce evidence legally sufficient to sustain their burden of proving essential elements of their state law consumer protection and unjust enrichment claims.

## INTRODUCTION

For the same reasons discussed in Defendants' concurrently-filed Rule 50 motions regarding Plaintiffs' RICO claims, Plaintiffs' state law claims are time-barred, and the evidence is legally insufficient to satisfy Plaintiffs' burden of proving the essential elements of actionable misconduct, causation or reliance, injury, and the amount of damages.

Rule 50 provides for judgment as a matter of law with respect to claims tried to a jury. *See* Fed. R. Civ. Proc. 50(a); *Fed. Ins. v. HPSC*, 480 F.3d 26, 31 (1st Cir. 2007). Claims tried to the Court as the finder of fact are not subject to Rule 50. *See HPSC*, 480 F.3d at 31. The law is also clear that, where a claim is tried jointly to the Court and the jury, the Court may not make any findings of fact prior to the jury. *See Gallagher v. Wilton Enters., Inc.*, 962 F.2d 120, 122 n.3 (1st Cir. 1992); *Wallace Motor Sales, Inc. v. Am. Motors Sales Corp.*, 780 F.2d 1049, 1066

(1st Cir. 1985).[1]   Accordingly, this motion is directed at each of Plaintiffs' state law claims triable to the jury.  It is clear that, with the exception of Plaintiffs' claim under California's Unfair Competition Law,[2] there is a right to a jury trial as to Plaintiffs' statutory claims arising under the laws of other states.  The non-California consumer protection statutes at issue resemble common law actions for deceit and expressly provide for actual damages.[3]  As a result, there is a right to a jury trial.  *See FleetBoston Fin. Corp. v. Alt*, No. 03-10597-EFH, 2009 WL 2868821, at *2 (D. Mass. Sept. 8, 2009).[4]

Defendants deny that Plaintiffs can recover under any theory of unjust enrichment. Unjust enrichment is available only where a plaintiff has no adequate remedy at law.  *See Davis v. Cox*, 356 F.3d 76, 95 (1st Cir. 2004); *Ruiz v. Bally Total Fitness Holding Corp.*, 447 F. Supp. 2d 23, 29 (D. Mass. 2006).[5]   Here, Plaintiffs did have an adequate remedy at law, notwithstanding their failure to carry their burden of proving their legal claims.  *See In re Lupron Mktg. & Sales Practices Litig*, 295 F. Supp. 2d 148, 182 (D. Mass. 2003); *In re Vincent*, 381 B.R. 564, 574 (D. Mass. 2008).[6]   Indeed, Plaintiffs' unjust enrichment claims are merely

---

[1] Of course, once the Court determines that an issue cannot be submitted to the jury due to insufficiency of the evidence, there would be no prohibition against the Court extending its ruling to any claims that will be decided by the Court.

[2] Cal. Bus. & Prof. Code §§ 17200, *et seq.*  "Statutory unfair competition is an equitable claim under California law, one that does not provide for damages or a jury trial."  *Steinberg Moorad & Dunn Inc. v. Dunn*, 136 F. App'x 6, 9 (9th Cir. 2005).

[3] *See* Colo. Rev. Stat. Ann. § 6-1-113(2)(a); Ga. Code Ann. § 10-1-399(a); Haw. Rev. Stat. § 480-13(b)(1); Md. Code Ann., Com. Law § 13-408(a); Ohio Rev. Code Ann. § 1345.09(A); Or. Rev. Stat. Ann. § 646.638(1); Va. Code Ann. § 59.1-204(a); Wash. Rev. Code Ann § 19.86.090; D.C. Code Ann. § 28-3905(k)(1).

[4] Federal law determines whether there is a right to a jury trial in cases involving state law claims brought in federal court.  *See Gallagher*, 962 F.2d at 122.

[5] Any claim for unjust enrichment under California law is subsumed within Plaintiffs' UCL claim.  California courts have repeatedly held that unjust enrichment is not a separate cause of action under California law.  *See, e.g., McKell v. Wash. Mut., Inc.*, 49 Cal. Rptr. 3d 227, 254 (Ct. App. 2006); *Melchior v. New Line Prods., Inc.*, 131 Cal. Rptr. 2d 347, 357 (Ct. App. 2003).

[6] Likewise, Plaintiffs cannot avoid the requirement that there be no adequate remedy at law simply by failing to plead common law fraud.

re-stated tort claims, which cannot survive the dismissal of tort claims based on the same conduct. *See Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 917-18, 936-37 (3d Cir. 1999); *accord Pa. Employees Benefit Trust Fund v. AstraZeneca Pharms. LP*, No. 6:09-cv-5003-Orl-22DAB, 2009 WL 2231686, at *1, *6 (M.D. Fla. July 20, 2009). By the same token, where Plaintiffs simply re-cast their tort claims as unjust enrichment claims, there is a right to a jury trial.[7]

In short, as to each State law claim triable to a jury, Pfizer seeks judgment under Rule 50 as a matter of law on the following grounds: (1) Plaintiffs lack standing to pursue such claims, (2) there is insufficient evidence of fraud, misrepresentation or other actionable conduct to support such claims, (3) there is insufficient evidence of injury, causation and/or reliance, (4) there is insufficient evidence of damages, and (5) Plaintiffs' claims are barred by the statute of limitations.[8]

## ARGUMENT

### I.    Plaintiffs Lack Standing to Assert Claims that Arose Outside of California

California's UCL applies only to claims arising in California. (*See* Defs.' Trial Brief [2502] at 9-11.) Plaintiffs lack standing to recover for any damages allegedly sustained by their subsidiaries or affiliates in other jurisdictions. (*See id.* at 16-17.) In addition, many state consumer protection statutes have specific standing requirements that Kaiser cannot satisfy. For example, Kaiser lacks standing to assert claims under the law of Georgia, Hawaii, Maryland, or Ohio, because those jurisdictions do not allow corporations to assert consumer protection

---

[7] Courts have often held that unjust enrichment claims which are based on the same underlying conduct, and seek money for losses allegedly suffered as a result of that conduct, sound in law. *See, e.g., Ver Brycke v. Ver Brycke*, 843 A.2d 758, 773 (Md. 2004); *Bd. Of Dirs. of the Ass'n of Apartment Owners of Regency Tower Condo. Project v. Regency Tower Venture*, 635 P.2d 244, 249-50 (Haw. Ct. App. 1981); *Regional Pacesetters, Inc. v. Halpern Enters., Inc.*, 300 S.E.2d 180, 184-85 (Ga. Ct. App. 1983).

[8] Whenever in this memorandum Defendants refer to insufficient evidence, no evidence, or Plaintiffs' failure to present sufficient evidence, Defendants intend to invoke the relevant standard of sufficiency under Rule 50.

claims.[9]  Kaiser also cannot bring claims under analogous statutes in Oregon or the District of Columbia, because they are limited to claims by "consumers."[10]

## II.  Plaintiffs Have Failed to Present Evidence Legally Sufficient to Sustain Their Burden of Proving Actionable Misconduct

For the same reasons discussed in Defendants' concurrently filed Rule 50 motion regarding conduct of a RICO enterprise and pattern of racketeering activity ("RICO Rule 50 Brief"), Plaintiffs cannot satisfy their burden of proving actionable misconduct under any of their state law claims.  As shown in Defendants' RICO Rule 50 Brief, Plaintiffs failed to present legally sufficient evidence: that studies were suppressed, manipulated, or not truthfully reported; that Defendants controlled the content of CME events or publications; that CME events or publications were misleading; or that detailing (if any) to Kaiser insureds' prescribing doctors was fraudulent or even off-label.

First, assuming *arguendo* that Plaintiffs have standing to recover for claims that did not arise in California, such claims would require proof of actionable misconduct under the applicable states' consumer protection laws.  For example, Colorado and Virginia law require proof of actual fraud and scienter.  *See* Colo. Rev. Stat. Ann. § 6-1-105(1)(e), (u) (West Supp. 2009); Va. Code Ann. § 59.1-200(A)(5) (West Supp. 2009).  Georgia law requires proof an "[u]nfair or deceptive act[] or practice[] in the conduct of [a] consumer transaction[]." Ga. Code Ann. § 10-1-393(a) (West Supp. 2009).  Hawaii law requires proof of an "[u]nfair method[] of competition [or] unfair or deceptive act[] or practice[] in the conduct of any trade or commerce."

---

[9] *See Blue Cross & Shield of Ga., Inc. v. Kell*, 488 S.E.2d 735, 740 (Ga. Ct. App. 1997); *Joy A. McElroy, M.D., Inc. v. Maryl Group, Inc.*, 114 P.3d 929, 941 (Haw. Ct. App. 2005); *Fare Deals, Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp. 2d 678, 692 (D. Md. 2001); *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 893-94 (S.D. Ohio 1999), *aff'd*, 254 F.3d 607 (6th Cir. 2001).

[10] *See Wheeler v. Montgomery*, No. 06-214-KI, 2007 WL 894562, at *5-6 (D. Or. Mar. 21, 2007) (*sua sponte* dismissing the plaintiffs' claim; observing that "[t]he Act is inapplicable to the situation at hand, a commercial transaction, and cannot form a basis for plaintiffs' recovery"); *Or. Laborers-Employers Health & Welfare Trust Fund v. Philip Morris, Inc.*, 17 F. Supp. 2d 1170, 1174, 1179-80 (D. Or. 1998) (rejecting claims under Oregon Unlawful Trade Practices Act by union health funds seeking recovery of monies spent on participants), *aff'd*, 185 F.3d 957 (9th Cir. 1999); *Shaw v. Marriott Int'l, Inc.*, 570 F. Supp. 2d 78, 83-86 (D.D.C. 2008) (dismissing claims brought by non-consumers).

Haw. Rev. Stat. § 480-2 (1993).  Maryland law requires proof of an "[u]nfair or deceptive trade practice[]."  Md. Code Ann., Com. Law § 13-301 (West Supp. 2009).  Ohio law requires proof of "an unfair or deceptive act or practice in connection with a consumer transaction."  Ohio Rev. Code Ann. § 1345.02(A) (West Supp. 2009).  Oregon law requires proof of "an unlawful practice."  Or. Rev. Stat. Ann. § 646.608(1) (West Supp. 2009).  Washington law requires proof of an "[u]nfair method[] of competition [or] unfair or deceptive act[] or practice[] in the conduct of any trade or commerce."  The District of Columbia requires proof of an "[u]nlawful trade practice[]."  D.C. Code § 28-3904 (West Supp. 2009).

Further, even assuming, *arguendo*, that Plaintiffs could assert an unjust enrichment claim under the laws of any jurisdiction, they would, at a minimum, have to prove that Defendants were enriched by virtue of the alleged misconduct,[11] which in this case is fraud.  *See Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 917-18, 936-37 (3d Cir. 1999) (holding that TPPs' unjust enrichment claims could not survive where related tort claims based on same conduct were dismissed); *accord Pa. Employees Benefit Trust Fund v. AstraZeneca Pharms. LP*, No. 6:09-cv-5003-Orl-22DAB, 2009 WL 2231686, at *1, *6 (M.D. Fla. July 20, 2009).  Accordingly, to the extent that they are triable by a jury, the Court should also enter judgment as a matter of law as to Plaintiffs' unjust enrichment claims.

## III.  Plaintiffs Failed to Present Evidence Legally Sufficient to Sustain Their Burden of Proving Injury, Reliance or Causation

This Court previously recognized that proof of causation is required "[f]or all of [Class Plaintiffs'] claims," which – like Kaiser's claims – include RICO, statutory consumer protection, and unjust enrichment.  *In re Neurontin Mktg. & Sale Practices Litig.*, 244 F.R.D. 89, 104

---

[11] *See, e.g.*, *Harris Group, Inc. v. Robinson*, 209 P.3d 1188, 1205 (Colo. Ct. App. 2009); *St. Paul Mercury Ins. Co. v. Meeks*, 508 S.E.2d 646, 648 (Ga. 1998); *Durette v. Aloha Plastic Recycling, Inc.*, 100 P.3d 60, 74 (Haw. 2004); *Hill v. Cross County Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007); *Rogers v. Nat'l City Corp.*, No. 91103, 2009 WL 1622382, at *5 (Ohio Ct. App. Jun. 11, 2009); *Summer Oaks Ltd. P'ship v. McGinley*, 55 P.3d 1100, 1104 (2002); *Lodal v. Verizon Virginia, Inc.*, No. CL-2007-2178, 2007 WL 5984179, at *5 (Va. Cir. Ct. Aug. 22, 2007); *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12, 18 (Wash. Ct. App. 1991), *amended on other grounds by* 814 P.2d 699 (Wash. Ct. App. 1991); *Peart v. District of Columbia Hous. Auth.*, 972 A.2d 810, 813 (D.C. 2009).

5

(D. Mass. 2007) (Saris, J.).  And, "as a practical matter, plaintiffs cannot prove causation in this case without demonstrating reliance." *In re Neurontin Mktg., Sales Practices & Prods. Liab. Litig.*, 257 F.R.D. 315, 326 n.6 (D. Mass. 2009) (Saris, J.).  Indeed, the Court recently granted summary judgment against Kaiser's former co-plaintiffs Aetna and Guardian with respect to all of their claims – including state law consumer protection and unjust enrichment – because they failed to present legally sufficient evidence of causation.  *See In re Neurontin Mktg. & Sales Practices Litig.*, No. 04-cv-10981-PBS, 2010 WL 53568, at *1, *12, *14 (D. Mass. Jan. 8, 2010) (Saris, J.) (to be published in F. Supp. 2d).  Thus, Plaintiffs had the burden of proving injury, reliance and/or causation under any other potentially applicable consumer protection statutes. (*See* Defs.' Trial Brief [2502] at 18-19.)

Likewise, proof of causation is also required for unjust enrichment.  *See In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, No. 2:06-cv-5774 (SRC), 2009 WL 2043604, at *34 (D.N.J. July 10, 2009) ("The remoteness of the alleged injury to Defendants' actions . . . dooms Plaintiffs' unjust enrichment claim."); *Steamfitters Local Union No. 420 Welfare Fund*, 171 F.3d at 917-18, 934-37 (holding that TPPs' unjust enrichment claims could not survive where related tort claims based on same conduct were properly dismissed for "lack of proximate cause"); *Pa. Employees Benefit Trust Fund*, 2009 WL 2231686, at *2, *5-6 (dismissing TPP's unjust enrichment claim based on same causation and remoteness grounds as required dismissal of breach of express warranty claim).[12]

Accordingly, for the same reasons discussed in Defendants' Rule 50 motion regarding RICO injury and causation, Plaintiffs cannot satisfy their burden of proving injury, reliance or

---

[12] *See, e.g., Moore & Co. v. T-A-L-L, Inc.*, 792 P.2d 794, 800-01 (Colo. 1990) (holding that plaintiff, under unjust enrichment theory, could only recover amounts defendant received "as a result of" wrongful conduct); *Woodard v. First Nat'l Bank*, 285 S.E.2d 229, 231 (Ga. Ct. App. 1981) (noting the requirement of a showing that harm occurred "by reason of unjust enrichment"); *Mona v. Mona Elec. Group, Inc.*, 934 A.2d 450, 473 (Md. Ct. Spec. App. 2007) (explaining that the plaintiff's loss must have occurred "'by reason of an infringement of another person's interest'") (citations omitted); *Schmidt v. Household Fin. Corp., II*, 661 S.E.2d 834, 838 (Va. 2008) ("'One may not recover under a theory of implied contract simply by showing a benefit to the defendant . . . .'") (citations omitted).

causation for purposes of their state law consumer protection and unjust enrichment claims.

## IV.   Plaintiffs Failed to Present Evidence Legally Sufficient to Sustain Their Burden of Proving Damages

Assuming *arguendo* that Plaintiffs have standing to recover for claims that did not arise in California, Plaintiffs had the burden of proving injury and damages under any potentially applicable consumer protection statutes,[13] and proving that Defendants were unjustly enriched at Plaintiffs' expense under any unjust enrichment theory.   For the same reasons discussed in Defendants' concurrently filed Rule 50 motion regarding RICO damages, Plaintiffs' evidence is legally insufficient to allow the jury to determine the amount of Plaintiffs' damages.   In addition, for the reasons stated in Defendants' concurrently filed Rule 50 motion regarding RICO damages, Plaintiffs' cannot recover for any damages that they could have avoided with reasonable efforts.

## V.   Plaintiffs' State Law Claims Are Barred by the Applicable Statutes of Limitations

Plaintiffs' non-California statutory consumer protection claims are time-barred – with the possible exception of such claims arising under Hawaii law.   All such claims are subject to a limitations period of four years or less.   In Georgia, the limitations period is two years, subject to the discovery rule.   *See* Ga. Code Ann. § 10-1-401(a)(1) (West 2003).   In Maryland, the limitations period is three years, subject to the discovery rule.   *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (West 2002).   In Ohio, the limitations period is two years, and there is no discovery rule.   *See* Ohio Rev. Code Ann. § 1345.10(C) (2006).   In Colorado, the limitations period is three years, subject to the discovery rule.   *See* Colo. Rev. Stat. Ann. § 6-1-115 (West 2002).   In Oregon, the limitations period is one year, subject to the discovery rule.   *See* Or. Rev. Stat. Ann. § 646.638(6) (West 2003 & Supp. 2009).   In Virginia, the limitations period is two years, subject to the discovery rule.   *See* Va. Code Ann. § 59.1-204.1(A); § 8.01-249(1) (West 2001).   In Washington, the limitations period is four years, subject to the discovery rule.   *See*

---

[13] *See* Defs.' Trial Brief [2502] at 18-19.

Wash. Rev. Code Ann. § 19.86.120 (West 1999).  In the District of Columbia, the limitations period is three years, subject to the discovery rule.  *See* D.C. Code § 12-301(8) (West 2001 & Supp. 2009).

Likewise, Plaintiffs' state law unjust enrichment claims are subject to a statute of limitations of four years or less.  For example, Colorado unjust enrichment law applies the limitations period for actions of like character, which in this case is a three-year period subject to the discovery rule.  *See Brooks v. Bank of Boulder*, 911 F. Supp. 470, 476 (D. Colo. 1996); Colo. Rev. Stat. Ann. §§ 13-80-101(1)(c), 13-80-108(3) (West 2005).  Georgia law applies a four-year limitations period subject to the discovery rule.  *See Nash v. Ohio Nat'l Life Ins. Co.*, 597 S.E.2d 512, 515 (Ga. App. 2004).  Maryland law applies a three-year limitations period, subject to the discovery rule.  *See Ver Brycke v. Ver Brycke*, 822 A.2d 1226, 1242 (Md. App. 2003), *rev'd on other grounds*, 843 A.2d 758 (Md. 2004).  Virginia law applies a three-year limitations period, with no discovery rule.  *See* Va. Code Ann. § 8.01-246(4) (West 2001); *Belcher v. Kirkwood*, 383 S.E.2d 729, 731 (Va. 1989); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.,* 299 F. Supp. 2d 565, 576 (E.D. Va. 2004).  Washington law applies a three-year limitations period.  *See Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 991 P.2d 1126, 1133 (Wash. 2000); Wash. Rev. Code Ann. § 4.16.080(3) (West 2005).  The District of Columbia applies a three-year limitations period, with no discovery rule.  *See Constr. Interior Sys., Inc. v. Donohoe Cos.*, 813 F. Supp. 29, 33 n.4 (D.D.C. 1992); *News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1223 (D.C. 2005).

Both Ohio and Oregon recognize the maxim that equity follows the law, meaning that equity will not revive a claim that is barred by the passage of time.  *See Civil Serv. Pers. Ass'n, Inc. v. City of Akron*, 356 N.E.2d 300, 302 (Ohio 1976); *Community Bank v. Jones*, 566 P.2d 470, 484 (Or. 1977).

Accordingly, for the same reasons discussed in Defendants' concurrently-filed Rule 50(a) motion regarding RICO Statute of Limitations, Plaintiffs' state law claims are time-barred because they are subject to periods of limitations at least as short, and accrual rules at least as

strict, as the RICO statute of limitations. Because Plaintiffs knew or should have known of their alleged injuries no later than February 1, 2001, Plaintiffs' state law claims are also barred. [14]

## CONCLUSION

For all of the foregoing reasons, Defendants Pfizer Inc and Warner-Lambert Company LLC respectfully request that the Court grant their Motion for Judgment as a Matter of Law Based Upon Lack of Sufficient Evidence to Support State Law Claims.

Dated: March 15, 2010                    Respectfully submitted,

                                         SKADDEN, ARPS, SLATE, MEAGHER
                                            & FLOM LLP

                                         By:   /s/ Mark S. Cheffo
                                               Mark S. Cheffo

                                         Four Times Square
                                         New York, NY 10036
                                         Tel:  (212) 735-3000
                                         Email:  Mark.Cheffo@skadden.com

                                         SKADDEN, ARPS, SLATE, MEAGHER
                                            & FLOM LLP

                                         By:   /s/ Raoul D. Kennedy
                                               Raoul D. Kennedy

                                         Four Embarcadero Center
                                         San Francisco CA 94111
                                         Tel:  (415) 984-6400
                                         Email:  Raoul.Kennedy@skadden.com

---

[14] The one exception is Hawaii. However, the evidence is insufficient to support Plaintiffs' claims under Hawaii law for the reasons stated herein.

WHEELER TRIGG O'DONNELL LLP

```
+--------------------------------------+
| CERTIFICATE OF SERVICE               |
|                                      |
|     I hereby certify that this       |
| document filed through the ECF       |
| system has been served pursuant to   |
| Case Management Order #3 on          |
| March 15, 2010.                      |
|                                      |
|         /s/ Mark S. Cheffo           |
|         Mark S. Cheffo               |
|                                      |
+--------------------------------------+
```

By:     /s/ James E. Hooper
        James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800
Email: hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

10