# EXHIBIT A

Westlaw.

--- F.3d ----, 2010 WL 744273 (C.A.11 (Ga.))
(Cite as: 2010 WL 744273 (C.A.11 (Ga.)))

**H**Only the Westlaw citation is currently available.

United States Court of Appeals,
Eleventh Circuit.
Donna Ladean DIETZ, individually, and as Surviving Spouse of Garrison David Dietz, deceased, and as Temporary Administratrix of the Estate of Garrison David Dietz, Deceased, Plaintiff-Appellant,
v.
SMITHKLINE BEECHAM CORP. d.b.a. Glaxo SmithKline, Defendant-Appellee.
No. 09-10167.

March 5, 2010.

**Background:** In wrongful death action under Georgia law, arising out of decedent's suicide while taking an antidepressant manufactured by pharmaceutical company, the United States District Court for the Northern District of Georgia, No. 07-00077-CV-RLV4, 2008 WL 5329295, granted company's summary judgment motion. Widow appealed.

**Holding:** The Court of Appeals, Barzilay, Judge of the United States Court of International Trade, sitting by designation, held that pursuant to the learned intermediary doctrine, pharmaceutical company's alleged failure to warn physician about increased suicide risks associated with antidepressant drug did not render it liable.

Affirmed.

West Headnotes

**[1] Federal Civil Procedure 170A €→2470**

170A Federal Civil Procedure
　　170AXVII Judgment
　　　　170AXVII(C) Summary Judgment
　　　　　　170AXVII(C)1 In General
　　　　　　　　170Ak2465 Matters Affecting Right to Judgment
　　　　　　　　　　170Ak2470 k. Absence of Genuine Issue of Fact in General. Most Cited Cases

**Federal Civil Procedure 170A €→2470.4**

170A Federal Civil Procedure
　　170AXVII Judgment
　　　　170AXVII(C) Summary Judgment
　　　　　　170AXVII(C)1 In General
　　　　　　　　170Ak2465 Matters Affecting Right to Judgment
　　　　　　　　　　170Ak2470.4 k. Right to Judgment as Matter of Law. Most Cited Cases
Summary judgment is deemed appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Fed.Rules Civ.Proc.Rule 56(c)(2), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A €→2544**

170A Federal Civil Procedure
　　170AXVII Judgment
　　　　170AXVII(C) Summary Judgment
　　　　　　170AXVII(C)3 Proceedings
　　　　　　　　170Ak2542 Evidence
　　　　　　　　　　170Ak2544 k. Burden of Proof. Most Cited Cases
Once the movant adequately supports its summary judgment motion, burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial. Fed.Rules Civ.Proc.Rule 56(c)(2), 28 U.S.C.A.

**[3] Products Liability 313A €→133**

313A Products Liability
　　313AII Elements and Concepts
　　　　313Ak132 Warnings or Instruc-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.3d ----, 2010 WL 744273 (C.A.11 (Ga.))
(Cite as: 2010 WL 744273 (C.A.11 (Ga.)))

tions
      313Ak133 k. In General. Most Cited Cases

**Products Liability 313A ⟶149**

313A Products Liability
    313AII Elements and Concepts
        313Ak146 Proximate Cause
           313Ak149 k. Warnings or Instructions. Most Cited Cases
In standard products liability cases premised on a failure to warn, under Georgia law a plaintiff must show that the defendant had a duty to warn, that defendant breached that duty, and that the breach proximately caused plaintiff's injury.

**[4] Products Liability 313A ⟶136**

313A Products Liability
    313AII Elements and Concepts
        313Ak132 Warnings or Instructions
           313Ak136 k. Learned Intermediary. Most Cited Cases

**Products Liability 313A ⟶225**

313A Products Liability
    313AIII Particular Products
        313Ak223 Health Care and Medical Products
           313Ak225 k. Drugs in General. Most Cited Cases
In products liability cases premised on a failure to warn, within the context of prescription drugs, Georgia law employs the learned intermediary doctrine, which alters the general rule that imposes liability on a manufacturer for failing to warn an end user of the known risks or hazards of its products.

**[5] Products Liability 313A ⟶136**

313A Products Liability
    313AII Elements and Concepts
        313Ak132 Warnings or Instructions
           313Ak136 k. Learned Intermediary. Most Cited Cases

**Products Liability 313A ⟶225**

313A Products Liability
    313AIII Particular Products
        313Ak223 Health Care and Medical Products
           313Ak225 k. Drugs in General. Most Cited Cases
In products liability cases premised on a failure to warn, within the context of prescription drugs, the court, in applying the learned intermediary doctrine under Georgia law, begins its inquiry by determining whether the manufacturer provided the learned intermediary with an adequate warning; if the warning was adequate, the inquiry ends and plaintiff cannot recover, but if the warning is inadequate, or merely presumed to be, plaintiff must demonstrate that the deficient warning proximately caused the alleged injury.

**[6] Products Liability 313A ⟶136**

313A Products Liability
    313AII Elements and Concepts
        313Ak132 Warnings or Instructions
           313Ak136 k. Learned Intermediary. Most Cited Cases

**Products Liability 313A ⟶149**

313A Products Liability
    313AII Elements and Concepts
        313Ak146 Proximate Cause
           313Ak149 k. Warnings or Instructions. Most Cited Cases

**Products Liability 313A ⟶225**

313A Products Liability
    313AIII Particular Products
        313Ak223 Health Care and Medical Products
           313Ak225 k. Drugs in General. Most Cited Cases
Pursuant to Georgia's learned intermediary doctrine, pharmaceutical company's alleged failure to warn physician about increased suicide risks associated with its antidepressant drug did not render it liable in wrongful death action brought by widow of a patient

--- F.3d ----, 2010 WL 744273 (C.A.11 (Ga.))
(Cite as: 2010 WL 744273 (C.A.11 (Ga.)))

of the physician; physician's uncontroverted testimony that, even when provided with the most current research and warnings, he still would have prescribed the drug for patient's depression, severed any potential chain of causation.

Arnold Anderson Vickery, Vickery, Waldner & Malia, LLP, Houston, TX, for Plaintiff-Appellant.

Chilton Davis Varner, Andrew Thomas Bayman, David F. Norden, King & Spalding, Atlants, GA, Daryl L. Joseffer, King and Spalding, Washington, DC, for Defendant-Appellee.

Appeal from the United States District Court for the Northern District of Georgia.

Before TJOFLAT and BARKETT, Circuit Judges, and BARZILAY,[FN*] Judge.

BARZILAY, Judge:

*1 Plaintiff-Appellant Donna Dietz ("Appellant") appeals the district court's grant of summary judgment for Defendant-Appellee Smithkline Beecham Corp. ("SBC") in her wrongful death suit, which arose out of her husband's suicide while taking Paxil, a drug manufactured by SBC. For the reasons stated below, the district court's decision is affirmed.

*I. Background & Procedural History*

On April 3, 2002, the 33 year-old Garrison David Dietz ("Dietz"), Appellant's late husband, met with his family practitioner, James Zuppa, M.D. Dietz presented with anxiety, depression, insomnia, and stress, but expressed that he had no suicidal ideation and disclosed no history of psychological illness. R.E. Doc. 43 Ex. B at 56:5-19, 61:14-23. Dr. Zuppa diagnosed Dietz with major depression and offered him hospitalization for psychiatric treatment, which Dietz declined. R.E. Doc. 43 at 62:2-5, 66:3-4. Consequently, Dr. Zuppa prescribed him Paxil, a selective serotonin reuptake inhibitor ("SSRI") antidepressant manufactured by SBC, and Ambien, a sleep aid. R.E. Doc. 43 at 62:11. He then instructed Dietz to schedule a follow-up visit in three weeks and to contact him in the event of an "acute crisis." R.E. Doc. 43 at 65:19-22, 66:4-5. He also referred him to a nearby psychologist. R.E. Doc. 43 at 62:25-63:2. Eight days after having filled and begun his Paxil prescription, Dietz committed suicide by throwing himself in front of a train.

Appellant filed a diversity suit in the Northern District of Georgia on April 24, 2007, alleging that under Georgia law SBC was (1) strictly liable as "a manufacturer of a defective and unreasonably dangerous product, and for marketing defects and misrepresentations, which proximately caused Gary Dietz's injuries and death," (2) "unreasonable, or negligent, and was a proximate cause of Garry Deitz's injuries and death," and (3) "liable under a breach of warranty." R.E. Doc. 1 at 10-12. SBC filed two motions for summary judgment, the first of which raised Georgia's learned intermediary doctrine as an affirmative defense and is at issue in the present opinion.[FN1]

During discovery, the parties deposed Dietz's physician, Dr. Zuppa. He testified that he considered the potential risks and benefits of prescribing Paxil to Dietz when he wrote the prescription in 2002. R.E. Doc. 75 (*Dietz v. Smithkline Beecham Corp.,* No. 4:07-CV-0077 (N.D.Ga. Dec. 9, 2008) (order granting summary judgment)) at 2. He also acknowledged that subsequent studies have pointed to a "slight[ly] increase[d]" risk of suicide among children and adolescents taking SSRIs, but stated that he still does not usually explain the increased risks to adult patients whom he considers stable. R.E. Doc. 75 at 3 (brackets in original). Moreover, Dr. Zuppa testified that, even in retrospect, he agreed with his decision to treat Dietz with Paxil and would do so again today under the same circumstances:

Q. And you testified that you still agree with your decision to prescribe Paxil for Mr. Dietz, right?

*2 A [Dr. Zuppa]. Yes.

R.E. Doc. 43 Ex. B at 80:15-18; *accord* R.E. Doc. 43 Ex. B at 42:14-23.

Q. (By Mr. Norden) The current prescribing information for Paxil. I want to give you an opportunity to read exactly what the black box says....

A [Dr. Zuppa]. Okay.

....

Q. .... Based after having read this [new, updated] 2008 prescribing information for Paxil, is there

--- F.3d ----, 2010 WL 744273 (C.A.11 (Ga.))
(Cite as: 2010 WL 744273 (C.A.11 (Ga.)))

anything in that that makes you believe that if you had read that same information in April of 2002 you would have decided not to prescribe Paxil for Gary Dietz?

A. No.

Q. So sitting here today, ... knowing Gary Dietz ultimately took his own life, do you still consider your decision to prescribe Paxil for him on April 3rd, 2002, to be an appropriate decision?

A. I felt the risk of not treating him was worse. So I would have to make a decision, and I felt like I needed to prescribe him Paxil.

R.E. Doc. 43 Ex. B at 112:4-113:7; *see also* R.E. Doc. 55 Exs. 9, 12 (letters from SBC to doctors informing them of increased risk of suicide for adults under age of 25 taking SSRIs).

## II. Jurisdiction & Standard of Review

[1][2] The Court has jurisdiction over this appeal pursuant to 28 U.S.C. 7 1291. The court reviews a district court's grant of summary judgment *de novo*. *Int'l Stamp Art, Inc. v. USPS*, 456 F.3d 1270, 1273 (11th Cir.2006) (citation omitted). The court will deem summary judgment appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial. *Int'l Stamp Art, Inc.*, 456 F.3d at 1274.

## III. The Learned Intermediary Doctrine

[3][4][5] In standard products liability cases premised on a failure to warn, Georgia law insists that a plaintiff show that the defendant had a duty to warn, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injury. *Wheat v. Sofamor, S.N.C.*, 46 F.Supp.2d 1351, 1362 (N.D.Ga.1999) (holding that proximate cause is necessary element of plaintiff's case whether proceeding under strict liability or negligence theory). Within the context of prescription drugs, however, Georgia employs the learned intermediary doctrine, which alters the general rule that imposes liability on a manufacturer for failing to warn an end user of the known risks or hazards of its products. *Id.* at 1363. According to the doctrine, the manufacturer of

> a prescription drug [manufacturer] ... does not have a duty to warn the patient of the dangers involved with the product, but instead has a duty to warn the patient's doctor, who acts as a learned intermediary between the patient and the manufacturer. The rationale for the doctrine is that the treating physician is in a better position to warn the patient than the manufacturer, in that the decision to employ prescription medication ... involves professional assessment of medical risks in light of the physician's knowledge of a patient's particular need and susceptibilities.

*McCombs v. Synthes (U.S.A.)*, 277 Ga.252, 587 S.E.2d 594, 594 (Ga.2003) (footnotes & quotation marks omitted); *accord Ellis v. C.R. Bard, Inc.*, 311 F.3d 1272, 1279-81 (11th Cir.2002) (per curiam); *see Wheat*, 46 F.Supp.2d at 1363;*Bryant v. Hoffmann-La Roche, Inc.*, 262 Ga.App. 401, 585 S.E.2d 723, 730 (Ga.Ct.App.2003). In most cases, a court begins its inquiry under this doctrine by determining whether the manufacturer provided the learned intermediary with an adequate warning. *Wheat*, 46 F.Supp.2d at 1363 (citation omitted). If the warning was adequate, the inquiry ends, and the plaintiff cannot recover. *See Singleton v. Airco, Inc.*, 169 Ga.App. 662, 314 S.E.2d 680, 682 (Ga.Ct.App.1984). If the warning is inadequate, or merely presumed to be, the plaintiff must demonstrate that the deficient warning proximately caused the alleged injury to prevail. *See Wheat*, 46 F.Supp.2d at 1363. Therefore, in cases where "a learned intermediary has actual knowledge of the substance of the alleged warning and would have taken the same course of action even with the information the plaintiff contends should have been provided, courts typically conclude that ... the causal link is broken and the plaintiff cannot recover." *Ellis*, 311 F.3d at 1283 n. 8 (quoting *Wheat*, 46 F.Supp.2d at 1363) (quotation marks omitted).[FN2]

## IV. Discussion

*3[6] Appellant cannot demonstrate that SBC's alleged failure to warn Dr. Zuppa about increased suicide risks associated with Paxil proximately caused

--- F.3d ----, 2010 WL 744273 (C.A.11 (Ga.))
(Cite as: 2010 WL 744273 (C.A.11 (Ga.)))

Dietz to commit suicide. The doctor provided explicit, uncontroverted testimony that, even when provided with the most current research and FDA mandated warnings, he still would have proscribed Paxil for Dietz's depression. Pursuant to Georgia's learned intermediary doctrine, this assertion severs any potential chain of causation through which Appellant could seek relief, and Appellant's claims thus fail.[FN4]

*VI. Conclusion*

The district court's grant of summary judgment for SBC is affirmed.

AFFIRMED.

> FN* Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.
>
> FN1. The second motion claimed that Appellant's claims are preempted by federal law. Because the district court did not reach this issue, this Court need not discuss it.
>
> FN2. Georgia's long-recognized, unwavering use of the learned intermediary doctrine has cast no "substantial doubt" on the doctrine's continued validity under Georgia law. The court therefore denies Appellant's request to certify to the Georgia Supreme Court the question on whether Georgia law required SBC to warn Dietz directly about the risks associated with taking Paxil. See Jackson-Shaw Co. v. Jacksonville Aviation Auth., 508 F.3d 653, 654 n. 2 (11th Cir.2007) (quotation marks omitted).
>
> FN4. At oral argument, Appellant's attorney asked the court to consider whether a stronger warning from SBC would have affected Dr. Zuppa's prescribing practice, not simply whether he would have prescribed Dietz the drug, the assumption being that had Dietz or his family members received the current information on Paxil's side effects, they would have taken actions to prevent his suicide. As a thorough examination of the record reveals no evidence to support this argument, Appellant's claim cannot survive summary judgment. See Int'l Stamp Art, Inc., 456 F.3d at 1274.

C.A.11 (Ga.),2010.
Dietz v. Smithkline Beecham Corp.
--- F.3d ----, 2010 WL 744273 (C.A.11 (Ga.))

END OF DOCUMENT