# EXHIBIT B

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 09-10167-B

DONNA LADEAN DIETZ,
individually and as Surviving Spouse of
Garrison David Dietz, deceased, and as
Temporary Administratrix of the Estate of
Garrison David Dietz, deceased,
Plaintiff-Appellant,

v.

SMITHKLINE BEECHAM CORP.
d/b/a GlaxoSmithKline,
Defendant-Appellee.

On Appeal from the United States District Court
for the Northern District of Georgia
Rome Division

### REPLY BRIEF FOR APPELLANT

Respectfully submitted,

Arnold Anderson Vickery
Texas Bar No. 20571800
VICKERY, WALDNER & MALLIA, LLP
One Riverway, Suite 1150
Houston, Texas  77056-1920
Telephone:  713-526-1100
Facsimile:  713-523-5939
*Lead Counsel for Plaintiff-Appellant*

## Table of Contents

Table of Authorities. ......................................................................................................... iii

Argument and Authorities. ............................................................................................... 1

    1.    GSK's Admissions and Arguments Militate in Favor of Certification of Two Unsettled Issues to Georgia Supreme Court ........................................................................................ 1

    2.    GSK Ignores Georgia Law and the Evidence. ................................... 2

Conclusion. ....................................................................................................................... 4

Certificate of Compliance. ............................................................................................... 5

Certificate of Service. ...................................................................................................... 6

## Table of Authorities

**Cases** **Page(s)**

*McCombs v. Synthes,*
　　277 Ga. 252, 587 S.E.2d 594 (2003). ............................................................................... 1

*Miller v. Miller,*
　　258 Ga. 168, 366 S.E.2d 682 (Ga. 1988). ....................................................................... 2

*Porter v. Eli Lilly and Company,*
　　291 Fed.Appx. 963, 2008 WL 4138115 (11th Cir. 2008),
　　aff'g 2008 WL 544739 (N.D.Ga. 2008). .......................................................................... 2

*Rimbert v. Eli Lilly,*
　　2008 WL 4330626 (D.N.M. August 22, 2008). ............................................................... 1

*State ex. rel. Johnson & Johnson Corp. v. Karl,*
　　647 S.E.2d 899 (2007). .................................................................................................... 1

**Other** **Page(s)**

RESTATEMENT (SECOND) OF TORTS. ........................................................................................ 2
RESTATEMENT (THIRD) OF TORTS. .......................................................................................... 2

TO THE HONORABLE ELEVENTH CIRCUIT COURT OF APPEALS:

ARGUMENT AND AUTHORITIES

Two arguments made by GSK warrant a very brief reply.

1.   **GSK's Admissions and Arguments Militate in Favor of Certification of Two Unsettled Issues to Georgia Supreme Court.**  On page 23 of its Brief, GSK argues that, "[s]imply put, *McCombs* is *not* a learned intermediary doctrine case." It is a curious argument in light of the fact that, on page 16 of its Brief, GSK begins its string cite of cases evincing that learned intermediary is the law in Georgia with a citation to *McCombs*.[1] But, be that as it may be, IF GSK is right, *i.e.*, **if** *McCombs v. Synthes (U.S.A.)*, 587 S.E.2d 594 (Ga. 2003) is "*not* a learned intermediary case," then here, as in West Virginia[2], New Mexico[3], and other states, the Court is addressing a question of first impression that has never been decided by the court of last resort in Georgia.  Significantly in this regard, *all* six of the other cases cited by GSK on page 16 are Georgia *Court of Appeals* decisions.

---

[1] Obviously, it makes this argument because of the clear statement in *McCombs* that "as Synthes Spine concedes, under the learned intermediary doctrine, the manufacturer's warnings to the physician must be adequate or reasonable under the circumstances of the case." *Id.* at 587. That holding also warrants reversal, as we point out in Section III of our initial brief.

[2] *State ex. rel. Johnson & Johnson Corp. v. Karl*, 647 S.E.2d 899, 906 (2007)(rejecting learned intermediary doctrine as "outmoded and unpersuasive").

[3] *Rimbert v. Eli Lilly*, 577 F.Supp.2d 1174 (D.N.M. 2008)(predicting that New Mexico Supreme Court would reject learned intermediary doctrine).

Consequently, as we argued on page 19 of our initial brief[4], we again urge the Court to certify the following question of state law to the Georgia Supreme Court:

> Does Georgia follow the learned intermediary doctrine, and, if so, does it embrace both the rule and the exception as set forth in RESTATEMENT (THIRD) OF TORTS § 6(d)?

Additionally, because GSK also disputes that, in spite of the *Porter*[5] decision, Georgia would not follow RESTATEMENT comment *j*'s "heeding presumption," we also urge the Court to certify the following question on that issue:

> Does Georgia follow the "heeding presumption" of comment *j* to RESTATEMENT (SECOND) OF TORTS, §402A?

A short separate Motion for Certification in this regard will be filed with the Court.

2.  **GSK Ignores Georgia Law and the Evidence.** Repeatedly, GSK argues that, if Dr. Zuppa would have "still prescribed" Paxil, even with an adequate warning about the risk of suicidality, then proximate cause cannot be established. In so arguing, it stretches the case law. Even under the *Wheat* and *Baker* cases which GSK cites on page 17 of its Brief, the question is not whether he would have still <u>prescribed</u>

---

[4] The proposed question to be certified has been modified slightly to comport with GSK's argument.

[5] *Porter v. Eli Lilly and Company*, 291 Fed.Appx. 963, 2008 WL 4138115 (11th Cir. 2008), *aff'g* 2008 WL 544739 (N.D.Ga. 2008). Commendably, GSK concedes that, [b]ecause *Porter* is unpublished, it is not binding on the Court." Brief at 13n.3.

GSK obviously argues that there is no heeding presumption because it wants to avoid the clear Georgia case law that holds that a presumption "vanishes, if at all, only in the jury room." *Miller v. Miller*, 258 Ga. 168, 170 n.6, 366 S.E.2d 682, 684 n.6 (Ga. 1988). If the Court follows the *Porter* district court decision and employs a heeding presumption, it is clear from the authorities already set forth in our initial brief, that this alone precludes summary judgment and warrants a reversal and remand.

the drug, but whether a warning would have caused him to take a different "course of action" (*Wheat*) or whether the *way* in which he used the project would "have been affected." (*Baker*).

Taken as a whole, Dr. Zuppa's testimony is equivocal with regard to whether, given what he knows about Paxil-induced suicidality today, he would still have even prescribed Paxil to Garry Dietz. Consider the following which was called to the district court's attention in our response to GSK's motion:

> Q: Are you saying categorically under oath today [in 2008]...and you have a lot more information about Paxil and suicidality, would you do exactly the same thing today that you did back then?
>
> A: My knowledge base is different. I don't recall all the details about, you know, if there is anything that might be a contraindication right now for him. But I would probably consider it along with other medications, yes.

R.E. Tab 54 at ¶19.

More importantly, in other portions of his testimony, Dr. Zuppa verified that the current warnings have, in fact, changed his "course of action." For example, unlike in 2002 when he prescribed Paxil for Garry Dietz, Dr. Zuppa *is now aware* of the association between Paxil and suicide, and as a result, gives warnings and/or cautions regarding harmful thoughts to his patients taking Paxil:

> Q: Do your instructions presently include a warning or caution regarding suicide or suicidal thoughts when you're prescribing an SSRI?
>
> A: They do now.

Tab 55 at ¶¶ 16-19; 22. Also, now, in light of the current warnings, he specifically warns his patients beginning Paxil therapy about the potential for forming thoughts related to harming others. *Id.* Moreover, Dr. Zuppa also now gives the warning to patients family members. *Id.* He will even direct family members to hold and dispense the medication in some cases. *Id.*

Unquestionably, Dr. Zuppa has been "affected" by the current warnings and his "course of action" is not the same.

## CONCLUSION

A good man is dead. His widow has been deprived of a day in court on the basis of a common law defense to a statutory cause of action that has, according to GSK's own briefing, never been formally adopted by the Supreme Court of Georgia. Moreover, even *if* the Georgia Supreme Court would now adopt the learned intermediary doctrine, in light of Dr. Zuppa's equivocal testimony and changed "course of action" viz a viz the very clear risk of Paxil-induced suicidality, summary judgment on this record cannot be sustained. The issues set forth above should be certified to the Georgia Supreme Court and this case should be reversed and remanded to the court below for a full trial on the merits.

Respectfully submitted,

VICKERY, WALDNER & MALLIA, LLP

_____
Arnold Anderson Vickery
Texas Bar No. 20571800
One Riverway, Suite 1150
Houston, TX  77056-1920
Telephone:  713-526-1100
Facsimile:  713-523-5939
Email: andy@justiceseekers.com
*Lead Counsel for Plaintiff-Appellant*

### Certificate of Compliance

Pursuant to 11th Cir. R. 32.2.7, the undersigned certifies this brief complied with the type-volume limitations of 11th Cir. R. 32.2.7(b). The brief has been prepared in proportionally spaced typeface using Word Perfect X3 in Times New Roman 14 and the total word count is 1,067 from the Argument and Authorities through the Conclusion. If the court so requests, the undersigned will provide a copy of the word or line printout. The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 11th Cir. R. 32.2.7, may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

_____
Arnold Anderson Vickery

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Reply Brief for Appellant has been served upon the following counsel of record via express mail and by electronic means, on this 25th day of June, 2009:

Chilton D. Varner, Esq.
Andrew T. Bayman, Esq.
David F. Norden, Esq.
KING & SPALDING, LLP
1180 Peachtree Street, NE
Atlanta, GA  30309-3521

Mark S. Brown, Esq.
Nathan A. Guest, Esq.
KING & SPALDING, LLP
1700 Pennsylvania Ave., NE, Suite 200
Washington, DC  20006

Robert E. Glanville, Esq.
PHILLIPS LYTLE, LLP
3400 HSBC Center
Buffalo, NY  14203

Joseph A. Fried
Andrew E. Goldner
FRIED ROGERS GOLDBERG, LLC
3399 Peachtree Road NE, Suite 325
Atlanta, GA  30326-2835

_____
Arnold Anderson Vickery