UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

## KAISER'S EMERGENCY MOTION TO PRECLUDE DEFENDANTS' USE OF ATUL PANDE AND TAMELA MARTIN DEPOSITIONS

Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser) have been informed by Defendants that they intend to play excerpts of the Depositions of Atul Pande and Tamela Martin as part of their defense. Neither of these individuals, both of whom are former employees of Parke-Davis and Pfizer, are listed on Defendants' witness list. Accordingly, their testimony should not be permitted and Kaiser seeks an order precluding Defendant from using their depositions at trial. In further support of its opposition, Kaiser states as follows:

1. In its Procedural Order of November 12, 2009, a copy of which is attached as Exhibit A, this Court ordered "the list of trial witnesses and the expected amount of time for direct examination shall be filed on November 23, 2009." The command was direct and

unambiguous. The order makes it clear that the list to be filed on November 23, 2009 was not to be "Preliminary" or "Provisional," or even a list of "Expected Witnesses;" each side was required to file its final list of trial witnesses.

2. Defendants' Expected Trial Witness List is attached as Exhibit B. It identifies 59 witnesses (or categories of witnesses). The only former employee of Parke-Davis or Pfizer is Lloyd Knapp. Neither Atul Pande or Tamela Martin are identified as Pfizer trial witnesses.

3. Fed. R. Civ. P. 32(a) only permits the use of a deposition on a non-adverse party in limited circumstances. One of those limitations is that the deponent must be someone who the presenting party has a right to call at trial. By failing to place Dr. Pande or Ms. Martin on their witness list, Pfizer waived its right to call them in their own case.

4. Defendants contend that since Kaiser had considered presenting these witnesses' testimony in its own case, and were aware of Defendants' proposed counter-designations when it elected not to present the deposition testimony, there is no prejudice to playing the counter-designations in the Defendants' case. However, in making the decision to not play excerpts from the Pande and Martin depositions, one of the key factors in the decision was the fact that counter designations could not be admitted if Kaiser elected to present other testimony and evidence in lieu of the Pande and Martin testimony. Plaintiffs would have made different strategic selections and time management choices if they knew the Defendants' counter-designations were otherwise admissible.

5. Nor can Defendants claim that Kaiser is not prejudiced by the late addition of Pande and Martin to Defendants' witness list. This is not a case of dusting off the deposition designations Kaiser was considering playing in its case in chief. It is one thing to select deposition passages to cover matters not otherwise addressed by Kaiser's live witnesses; it is

another to put together a virtual cross-examination that will undermine the credibility of a witness the defense is relying upon. This is particularly the case in Martin. Kaiser only intended to present her testimony to authenticate a single document. Completely different testimony must be selected (and previewed) to demonstrate that Ms. Martin's self serving testimony is unworthy of belief.

6.  The Court's Procedural Order clearly contemplated that the parties would do their selection and counter-designation of deposition testimony long before the closing hours of the trial. Paragraph 10 instructed the parties to work together to resolve deposition designation disputes well before the testimony was to be presented. It surely did not contemplate new deposition designations on the last day or two of testimony.

7.  This Court has been very flexible in the trial of this long and complex case, but its flexibility has been firmly anchored in a few simple, fundamental rules: disclose your witnesses; disclose your exhibits; disclose your expert's testimony. When Kaiser did not conform to these rules, the Court sustained objections to testimony that discussed documents that were not on its exhibit list. When Kaiser, in the Court's judgment, waited too long to serve a subpoena upon Lloyd Knapp, the subpoena was quashed, despite the fact that Kaiser had disclosed Knapp on its witness list and despite the clear prejudice to Kaiser's case. The same rules should be applied during defendants' case. The Court should not permit Defendants to play deposition testimony from deponents whom they did not identify as trial witnesses.

WHEREFORE, for the reasons set forth above, the Court preclude Defendants from presenting deposition testimony from Atul Pande and Tamela Martin.

Dated: March 18, 2010					Respectfully submitted,


							By: /s/ Linda P. Nussbaum
							Linda P. Nussbaum
							KAPLAN FOX & KILSHEIMER LLP
							Linda P. Nussbaum, Esq.
							850 Third Avenue, 14th Floor
							New York, New York 10022

							*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

*Of Counsel:*

Thomas M. Greene, (BBO # 210020)
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

Donald Barrett
BARRETT LAW OFFICES
P.O. Box 987
Lexington, MS 39095

## CERTIFICATE OF CONSULTATION

I hereby certify that counsel have attempted to confer in a good faith attempt to narrow or resolve the issue presented by this motion but have been unable to do so.

*/s/ Linda P. Nussbaum*
Linda P. Nussbaum

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 18, 2010.

*/s/ Elana Katcher*
Elana Katcher
