UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**BENCH MEMORANDUM ON KAISER'S REQUEST FOR**
**PREJUDGMENT INTEREST**

Kaiser files this bench memorandum to assist the Court in deciding upon the availability of prejudgment interest in this litigation. Prejudgment interest is available under both Kaiser's RICO claims and under Section 17200 of the California Business and Professions Code ("UCL"). Such interest begins to accumulate at the time of the injury, in this case, at the time that Kaiser paid Defendants for off-label prescriptions of Neurontin. Such interest is necessary to make Kaiser whole.

**I.   Testimony on Prejudgment Interest Has Been Allowed**

Any objection to testimony regarding prejudgment interest would be untimely. After receiving the demonstratives of Dr. Hartman, Defendants did not object to the testimony regarding his interest calculations to the jury; instead, they objected to the use of updated interest calculations through the present. March 5, 2010 Trial Tr. at 154:1-6 ("right before trial we got updated charts with them that took the prejudgment interest

1

through to the date and you had told us we couldn't take Gabapentin prescriptions up through 2010, and we had to mark our chart, but they just gave us this with updating."). The Court overruled Defendant's objection. *Id.* at 154:9 – 155:22 ("Overruled. So the interest rates, other than that, they can orally state it and then have the jury do the math wrong and then I get a motion for remittitur. They're entitled, if they win, I would say that as a jury instruction. I'd rather have him do the math and do it right."). Dr. Hartman then testified about the interest rates he used in his calculations, without ANY objections from Defendants. *See, e.g.*, March 8, 2010 Trial Tr. at 148:21 – 149:4 ("What interest rate did you use? . . . I used the prime rate because the injured party was somebody that the dollars that were foregone was something that they had to replace by, let's say, borrowing at a corporate rate. And the prime rate is conservative in that case."); *Id.* at 149:6-15 (admitting a chart, to which Defendants did not object, which showed the interest calculations and which Dr. Hartman described as reflecting "the interest rates that I've used."); *Id.* at 153:10-13 (Dr. Hartman has testified to estimated damages including interest); March 9, 2010 Trial Tr. at 14:8-13 (stating total amount of damages including prejudgment interest).

Only after this extensive testimony did Defendants raise any objection to the presentation of interest. *See* March 9, 2010 Trial Tr. at 15:10-12 (responding to introduction of chart showing damages by indication, including interest, by stating "Your Honor, no objection, subject to the Court's ultimate determination as to how interest is going to be decided."). Because Defendants did not raise any objections to Dr. Hartman's testimony on prejudgment interest, they have waived any objection to his testimony on the topic.

## II.     RICO Allows for Inclusion of Interest

RICO allows for the inclusion of interest in the final calculations.  Courts have the discretion to award prejudgment interest under RICO.  *See Aetna Casualty Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1571 (1st Cir. 1994) (noting that "[a] district court's decision to award prejudgment interest under RICO is ordinarily subject to review under the 'abuse of discretion' standard" and declining to overturn an award of prejudgment interest in a RICO case because the appellant did not raise the issue in a timely fashion); *Abou-Khadra v. Mahshie*, 4 F.3d 1071, 1084 (2d Cir. 1993) (explaining the broad discretion of district courts to award interest in RICO cases).  In *Aetna*, the First Circuit Court of Appeals discussed in dicta whether prejudgment interest on treble damages constituted punitive damages, and noted that "[i]t may reasonably be argued . . . that RICO damages are primarily compensatory in nature, and thus prejudgment interest was properly awarded."  *Id.* at 1571 (*citing Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1310 (7th Cir. 1987), *cert. denied* 492 U.S. 917 (1989) ("Although there is some sense in which RICO treble damages are punitive, they are largely compensatory in the special sense that they ensure that wrongs will be redressed in light of the recognized difficulties of itemizing [the damages caused from racketeering activity].") (brackets in original)).

Courts have awarded interest dating back to the date on which the losses occurred. *Allstate Ins. Co. v. Palterovich*, 653 F.Supp.2d 1306, 1327-29 (S.D. Fla. 2009) ("The key to the calculation of prejudgment interest is the date of the loss") (internal quotations omitted); *see also Aetna Cas. & Sur. Co. v. Levy*, 1985 U.S. Dist. LEXIS 14068 (N.D. Ill. Nov. 7, 1985) (plaintiff must be paid interest for the entire time has was deprived of his money).  Courts have justified this approach because it is consistent with the purposes of

RICO: "[A]s one of RICO's purposes is to remove profit from crime, allowing the defendant the opportunity to retain interest possibly obtained as a result of its fraud would violate Congress' 'express admonition that RICO is to be liberally construed to effectuate its remedial purposes.'"  *Aetna v. Levy*, 1985 U.S. Dist. LEXIS 14068, at *7 (*quoting Sedima, SPRL v. Imrex Co.*, 105 S. Ct. 3275, 3286 (1985)); *see also Allstate*, 653 F.Supp.2d at 1328 ("[T]he RICO Act, which serves as the basis of Plaintiffs' recovery, is intended to be applied in a manner that effectuates its remedial purpose . . . The record reflects no countervailing consideration that would make an award of prejudgment interest inequitable or unjust.").  Courts also rely on the need to make plaintiffs whole because "Plaintiffs' compensation should take into account that they were deprived of the ability to use money that was rightfully theirs."  *Allstate*, 653 F.Supp.2d at 1328.  In short, an award of prejudgment interest dating back to Kaiser's payment for off-label prescriptions of Neurontin is consistent with the purposes of RICO and the need to make Kaiser whole.

In RICO cases, the judge, rather than the jury, typically decides on whether to award prejudgment interest.  In *Aetna*, the First Circuit held that "[a] ***district court's decision*** to award prejudgment interest under RICO is ordinarily subject to review under the 'abuse of discretion' standard."  *Aetna*, 43 F.3d at 1571 (emphasis added).  *Aetna* also cites to the leading Second Circuit decision, which stated:

> Since the RICO statute does not contain any provisions concerning the award of prejudgment interest, the district court had discretion as to whether to award such interest. *See Lodges 743 and 1746, Int'l Ass'n of Machinists v. United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975) ("Whether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts."), *cert. denied*, 429 U.S. 825 (1976).

4

*Abou-Khadra*, 4 F.3d at 1084.  The Second Circuit leaves little doubt that in its view, whether to award prejudgment interest in a RICO suit is a decision for the court, not the jury.

### III.   UCL Claims Allow for Prejudgment Interest

Courts have regularly awarded interest under the UCL, reasoning that "plaintiffs were deprived of the use of any money they paid to [Defendants] and should be made whole by being compensated for interest they would have been paid, in order to prevent unjust enrichment of CEA by its having the use of Plaintiff's money."  *Irwin v. Mascott*, 112 F.Supp.2d 937, 955-56 (N.D. Cal. 2000) (holding that plaintiffs were entitled to prejudgment interest from the beginning of the class period); *see also Wang v. Chinese Daily News, Inc.*, 2008 U.S. Dist. LEXIS 82538, at *13, 15-16 (C.D. Cal. Feb. 27, 2008) (holding that "[p]rejudgment interest is due on money paid as restitution under [UCL]"). That interest typically dates back to the date of the injury.  *See, e.g.*, *Ballard v. Equifax Check Servs.*, 158 F.Supp. 2d 1163, 1176-77 (E.D. Cal. 2001) (awarding prejudgment interest under UCL from the date on which the injuries began at the beginning of the class period).

The applicable damages provision of California's Civil Code provides that "[i]n an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."  Cal. Civ. Code § 3288.  California courts have interpreted the word "jury" to include the Court when a judge serves as the trier of fact.  *See Bullis v. Security Pac. Nat'l Bank*, 21 Cal.3d 801, 814 n.16 (Cal. 1978) ("While section 3288 only grants such authority to the 'jury,' the trial court, when acting as the trier of fact, may award prejudgment interest

under this section."); *Suncor Stainless, Inc. v. Structural Hardware & Supply, Inc.*, 2006 U.S. Dist. LEXIS 37328, at *5-6 (N.D. Cal. 2006) (holding that, under California law, "the court has discretion to make such an award [of prejudgment interest].").

More specifically, an award of prejudgment interest on UCL claims is generally subject to judicial determination. It fits within the text of the UCL for interest to be a judicial determination: the statute refers to the *court's* authorization to fashion remedies, under section 17203, "to prevent, deter, and compensate for unfair business practices." *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 176 (Cal. 2000). Courts have awarded prejudgment interest under UCL claims where juries heard other claims argued at trial. *See Allied Grape Growers v. Bronco Wine Co.*, 203 Cal.App.3d 432, 439 (Cal. App. 5th Dist. 1988) ("The jury awarded $2.65 million for Bronco's breach of contract in 1982. It awarded another $744,658 for Bronco's breach of contract in 1983. The trial court further awarded prejudgment interest and granted an injunction on Bronco's business practices pursuant to Business and Professions Code section 17200 after a court hearing without a jury."); *Cal. Housing Fin. Agency v. Hanover/California Mgmt. and Accounting Ctr, Inc.*, 148 Cal. App. 4th 682, 687-688 (Cal. App. 4th Dist. 2007) (following jury verdict on fraud, negligent misrepresentation, breach of fiduciary duty, violation of section 1090, legal malpractice, and breach of contract and award of compensatory and punitive damages, trial court determined defendants had violated section 17200 and ordered restitution, as well as prejudgment interest on tort claims on which jury had rendered verdict).

Given this case law, Kaiser seeks the Court to award it prejudgment interest from the date of the injury, which in this case, is the date on which Kaiser paid Defendants for an off-label usage of a medication.

## IV.  Conclusion

For all of the foregoing reasons, Kaiser should be awarded prejudgment interest on its RICO and UCL claims.

Dated:  March 18, 2010                                Respectfully submitted,


By:     */s/ Thomas M. Sobol*
           Thomas M. Sobol

HAGENS BERMAN SOBOL SHAPIRO LLP
Thomas M. Sobol, Esq.
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

*Of Counsel*


*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

Linda P. Nussbaum
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022

*Of Counsel*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339


Don Barrett, P.A.
404 Court Square
Lexington, MS  39095-0987

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 18, 2010.

                                                 */s/  Thomas M. Sobol*
                                                 Thomas M. Sobol