UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| KAISER FOUNDATION HEALTH PLAN, ET AL V. PFIZER, INC., ET AL, 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO PRECLUDE DEFENDANTS' USE OF DESIGNATED TESTIMONY OF ATUL PANDE AND TAMELA MARTIN**

Defendants, Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this opposition to Plaintiffs' emergency motion to preclude Pfizer from playing its previously designated deposition testimony of Atul Pande and Tamela Martin at trial. As set forth herein, Pfizer should be permitted to play this previously designated testimony to the jury.

In their pretrial disclosures, Plaintiffs designated certain passages from the deposition testimony of Dr. Pande and Ms. Martin for use in their case in chief. Pfizer's witness list specifically stated that it reserved the right to call or play deposition testimony of witnesses named by Plaintiffs. (*See* Pfizer Witness List, Pls.' Ex. B [2696-3] at 1-2.) In addition, Pfizer counter-designated certain deposition testimony from Dr. Pande and Ms. Martin in response to Plaintiffs' designations. These designations, together with all objections, were submitted to the Court and ruled upon.

Plaintiffs' emergency motion fails to describe any of the facts concerning the circumstances surrounding their decision at trial not to play the previously designated testimony of Dr. Pande and Ms. Martin in their own case. During Plaintiffs' case in chief, just when they

were on the verge of presenting the deposition testimony of these witnesses to the jury, Plaintiffs suddenly informed Pfizer that they would no longer be playing this testimony. The parties conferred in court about Plaintiffs' abrupt decision not to play the testimony, and counsel for Plaintiffs agreed that despite Plaintiffs' withdrawal of the testimony, Pfizer would still be permitted to play its previously designated testimony from Dr. Pande and Ms. Martin in its own case.

Now, at the eleventh hour, Plaintiffs have reneged on their agreement and seek with this emergency motion to prevent Pfizer from playing this previously designated testimony to the jury. But unsurprisingly, Plaintiffs' emergency motion does not even mention their prior agreement with counsel for Pfizer to permit this testimony. Courts routinely encourage counsel to make such agreements "in order to speed the trial process" and to prevent unnecessary motion practice, such as Plaintiffs' motion here. *See, e.g.*, *Westefer v. Snyder*, No. 00-162, 2009 WL 2905548, at *8 (S.D. Ill. Sept. 4, 2009); *Super Film of America, Inc. v. UCB Films, Inc.*, No. 02-4146, 2005 WL 2367546, at *13 (D. Kan. Sept. 27, 2005). This Court has likewise requested the parties to engage in the same efforts in this case to resolve differences out of court. Indeed, the Court's Case Management Order requires the parties to certify that they have made a good-faith effort to resolve such disputes without motion practice. Accordingly, because Plaintiffs agreed to permit Pfizer to present this previously designated testimony, in the interests of efficiency and fairness, they should be barred from their attempt to back-pedal on that promise now.

Further, beyond failing to disclose the agreement they made in court at the time they failed to play the testimony, Plaintiffs also fail to mention the more important fact that Pfizer's witness list *specifically stated* that Pfizer reserved the right to call or play deposition testimony of any witnesses named by Plaintiffs. (*See* Pfizer Witness List, Pls.' Ex. B [2696-3] at 1-2.) Plaintiffs' claim that they would somehow be prejudiced by testimony of witnesses *they* called is simply not credible, especially when Pfizer counter-designated the specific testimony it now seeks to present to the jury. *See Magelky v. BNSF Ry. Co.*, 579 F. Supp. 2d 1299, 1311 (D.N.D. 2008) (holding that "no prejudice occurred as a result of the [witnesses'] expected and

previously-disclosed testimony). Indeed, even if Pfizer had not reserved the right to call all Plaintiff witnesses in its witness list and counter-designated testimony from Dr. Pande and Ms. Martin, Plaintiffs would still be unable to show prejudice, because they were on notice of the testimony of these witnesses through their own designations. *See Plans, Inc. v. Sacramento City Unified School Dist.*, 255 F. App'x 248, 249 (9th Cir. 2007) (holding that even assuming fact witnesses were not properly disclosed there was no prejudice because party "had previously designated the same witnesses as expert witnesses"); *see also* Fed. R. Civ. P. 26(a), Advisory Committee Notes to 1993 Amendments (observing failing to disclose a witness may be "harmless" if the witness' identity is already known to the opposing party). Further, Plaintiffs' claim that they would have changed their own designations is without merit. They have been on notice from the moment that they decided not to play the designated testimony that Defendants intended to play it in the defense case. They had ample opportunity to alter their designations since last week and certainly since additional notice was sent Tuesday, March 16 of Defendants intend to play the testimony on Friday March 19 or Monday March 22.

      Moreover, failure to permit Pfizer to play the previously designated testimony of Dr. Pande and Ms. Martin would result in substantial unfair prejudice to Pfizer. Pfizer understandably relied on its agreement with Plaintiffs' counsel to allow this previously designated testimony and has prepared its defense based on this testimony. The testimony of Dr. Pande and Ms. Martin is important to Pfizer's defense because their testimony contradicts certain claims of Plaintiffs by demonstrating that (1) the study results of Dr. Pande's bipolar study were made public and were not suppressed, and (2) that Parke-Davis learned of off-label use of Neurontin by physicians prior to any allegations of improper promotion. Because Pfizer's defense would be substantially prejudiced by Plaintiffs' flip-flop on their promise, Plaintiffs' emergency motion should be denied.

      Finally, Plaintiffs attempt to make a "good for the goose, good for the gander" argument by citing this Court's prior rulings denying their attempts to present undisclosed evidence, such as their last-minute attempt to subpoena Dr. Knapp for personal appearance in their case in chief.

Yet the current situation is completely different from the circumstances surrounding Plaintiffs' improper subpoena of Dr. Knapp. The instant motion involves Pfizer's intent to play deposition testimony from witnesses called by Plaintiff, properly noticed in Pfizer's witness list, and properly counter-designated in advance of trial. The testimony at issue has been ruled upon by the Court, and Plaintiffs agreed that Pfizer could play it in the defense case. Thus, contrary to Plaintiffs' intimations, Pfizer is not engaged in an untimely effort to smuggle in undisclosed testimony. Rather, Plaintiffs' reversal of their prior position shows that it is they who are simply engaging in more of the trial-by-ambush tactics that have typified their conduct in this trial, and that this Court has consistently prohibited.

WHEREFORE, Defendants respectfully request that Plaintiffs' emergency motion be denied.

## REQUEST FOR ORAL ARGUMENT

Defendants believe that oral argument will assist the Court, and they wish to be heard. Accordingly, pursuant to Local Rule 7.l(D), Defendants respectfully request oral argument on this motion.

Dated: March 19, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:   /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Email:  Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:   /s/ Raoul D. Kennedy
      Raoul D. Kennedy

4

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400
Email:Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By: /s/ James E. Hooper
    James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800
Email:  hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 19, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo

5