# EXHIBIT B

**PROPOSED INSTRUCTION 23 (REVISED)**

**<u>CALIFORNIA UNFAIR COMPETITION LAW[1]</u>**

As to Neurontin prescriptions written in California, Plaintiffs also seek to recover under a California statute, known as the California Unfair Competition Law ("UCL"), that prohibits unlawful, unfair or fraudulent business practices and unfair, deceitful, untrue or misleading advertising.

A business practice is "unlawful" under the UCL if it violates some other law.[2] However, a business practice that violates FDA regulations regarding off-label promotion of prescription drugs is not "unlawful" under the UCL unless the business practice is "fraudulent."[3]

A business practice is "unfair" under the UCL if the gravity of the harm to the alleged victim exceeds the utility of the defendant's conduct.[4] However, a business practice that violates FDA regulations regarding off-label promotion of prescription drugs is not "unfair" under the UCL unless the business practice is "fraudulent."

---

[1] Defendants maintain that the jury should not be instructed on the "unlawful," "unfair," or "advertising" prongs of the UCL. Without waiving these objections, should the Court decide to instruct on these issues, Defendants propose that the following language be used.

[2] *Kasky v. Nike*, 24 Cal. 4th 939, 950 (2002).

[3] *See* 21 U.S.C. § 337(a) ("[A]ll such proceedings for the enforcement, or to restrain violations, of [the FDCA] shall be by and in the name of the United States."); *In re Epogen & Aranesp Off-Label Mktg. & Sales Practices Litig.*, 590 F. Supp. 2d 1282, 1290-91 (C.D. Cal. 2008) ("[P]laintiffs may not use other federal statutes or state unfair competition laws as a vehicle to bring a private cause of action that is based on violations of the FDCA."); *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 351-52 (2001) (holding state-law claims of fraud on the FDA impliedly preempted by § 337); *Fraker v. KFC Corp.*, No. 06-CV-01284, 2007 WL 1296571, at *4 (S.D. Cal. Apr. 30, 2007) ("[T]o the extent Plaintiff contends that alleged violations of the FDCA . . . give rise to viable [UCL] claims, such claims are impliedly preempted by the FDCA.").

[4] *State Farm Fire & Casualty Co. v. Superior Court*, 45 Cal App. 4th 1093, 1104 (1996).

A business practice is "fraudulent" under the UCL if members of the public are likely to be deceived.[5]

False advertising is advertising to the public which is untrue or misleading and which the defendants knew, or should have known, was untrue or misleading.[6] "Advertising" refers to widespread promotional activities directed to the public at large; personal solicitations are not considered advertising.[7] Likewise, educational or informative statements that do not propose any financial transactions are not considered advertising.[8]

In considering whether a business practice or advertisement violates the UCL, you are to consider the audience to whom the misrepresentation was directed. In this case, you are to consider whether a sophisticated insurer, with substantial resources and the ability to conduct its own research, was likely to be misled.[9]

The UCL permits a person who has suffered injury in fact and has lost money or property as a result of an unlawful, unfair or fraudulent business practice or because of misleading advertising to recover, as restitution, any money or property that the defendant acquired by means of such conduct. To recover under the UCL, the plaintiffs must prove that they relied upon the defendants' alleged misrepresentation or nondisclosures. To prove reliance, the plaintiffs' must establish that the defendants' alleged misconduct was an immediate cause of plaintiffs' injuries. To prove that the defendants' misconduct was an immediate cause of their

---

[5] *In re Tobacco II Cases*, 207 P.3d 20, 29 (Cal. 2009); *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 203).

[6] Cal. Bus. & Prof. Code § 17500.

[7] *See Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1276-77 n.9 (1992); *Hameid v. Nat'l Fire Ins. Of Hartford*, 31 Cal. 4th 16, 23-24 (Cal. 2003).

[8] *See Bernardo v. Planned Parenthood Fed. Of Am.*, 115 Cal. App. 4th 322, 350 (Cal. Ct. App. 2004).

[9] *See In re Vioxx Class Cases*, 103 Cal. Rptr. 3d 83, 97 (Cal. Ct. App. 2009).

conduct, the plaintiffs must show that, in all reasonable probability, they would not have done the things that caused their alleged injury in the absence of the defendants' misconduct.

A plaintiff who seeks to recover under this statute based upon a defendant's failure to disclose information must show that the defendant was under a duty to disclose. A failure to disclose a fact that one has no affirmative duty to disclose does not give rise to a violation of the statute.[10]

While the plaintiffs must show that the defendants' alleged misconduct was an immediate cause of their injury, the plaintiffs need not demonstrate that by defendants' alleged misconduct was the only cause. It is not necessary that the plaintiffs' reliance upon the truth of the defendants' alleged misconduct be the sole or even the predominate or decisive factor influencing their conduct. It is enough that the defendants' alleged misconduct was a substantial factor, in influencing plaintiffs' decisions.

If you find that the plaintiffs have proven a violation of the UCL, then you must determine the amount to be awarded the plaintiffs as restitution. In this case, restitution mean the difference between the amount that plaintiffs paid for Neurontin prescriptions in California and the actual value, if any, of that which the plaintiffs received in return for those purchases.[11]

---

[10] *Buller v. Sutter Health*, 74 cal. Rptr. 3d 47, 52 (Cal. App. 2008).

[11] *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 700 (2006).