UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**PLAINTIFF KAISER'S BENCH MEMORANDUM IN OPPOSITION TO THE
ADMISSION INTO EVIDENCE OF CERTAIN DEFENSE EXHIBITS
PRODUCED BY THE KAISER PLAINTIFFS**

Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser") were informed at 5:06 pm last night of defendants' intention to admit into evidence via "document dump" of 22 Kaiser-produced exhibits. As the Court is aware, Kaiser produced four witnesses who were available for cross-examination on these documents, and defendants' took full advantage of their presence to publish to the jury a large number of Kaiser-produced documents regardless of the personal knowledge or lack thereof of the witness on the stand. As the Court noted, it was an effective publication strategy:

> **The Court:** . . . It's exactly what Mr. Kennedy did so well and cleverly with the Kaiser people. He did a nice job of it. So if there's a good faith – I mean, Mr. Kennedy asked about lots of things with these doctors that weren't actually their documents. . .

3/12 Tr. at 4.

> **The Court:** . . .As I said, Mr. Kennedy was the king of this. I learned from him, how he did this.
>
> **Mr. Kennedy:** I never knew clever could be a criticism.
>
> **The Court:** It isn't. It's a learning strategy of actually walking though documents, the witness actually had – turns out had no knowledge of, but it was a way of teaching a jury about what a witness did and didn't know and what was happening. It was well done.

3/12 Tr. at 20.

In fact, fully <u>half</u> of the documents at issue in today's document dump were previously noticed as exhibits to be used on cross with either Dr. Hyatt, Dr. Carrejo, Dr. Millares, Dr. Daniel or Dr. Rosenthal. As the Court is aware, each night prior to the testimony of each of these witnesses, Kaiser was subjected to email notifications, sometimes several, putting it on "notice" of a large notice of documents purportedly to be used with these witnesses.

On March 2, 2010, for example, Thomas Fox sent counsel for plaintiffs the following email:

> In connection with the cross examinations of Carrejo and Hyatt, we will be moving into evidence the following exhibits:
>
> DX 902A, 902B, 902C, which are the screen shots displayed live today in court (with footers of web address on them)
>
> Other webpages DX 902, DX 902D, DX 902E, DX 902F, DX 902G, DX 902H
>
> DX 917 and 918, which are the webages taken down shortly before trial. I believe you provided a disk of this content to us.
>
> DX 561, 562, 565, 591, 592, 593, 594, 596, 599, 686, 577, 578, 582, 721, 729, 731, 738, 739, 742, 757, 758, 760, 781, 782, 783, 791, 792, 794, 795, 803, 506, 804, 805, 810, 899, 903, 920, 921, 528, 530, 543, 562, 557, 559, 568, 629, 630, 638, 773,
>
> Reference will also be made to various plaintiffs exhibits in evidence or used on direct.
>
> In addition, here are links to additional web content to which we will reference and seek admitted:

2

**http://www.dor.kaiser.org/external/DORExternal/research_re port/docs/2003-2004_report.pdf**

http://xnet.kp.org/research/reports/report_2003.pdf

In addition, we will be using web pages from WebMD.

On March 3, 2010, Mr. Fox sent the following email to Kaiser's counsel:

> This is to advise you that for tomorrow's witnesses, we incorporate the exhibits and other materials, including slides, identified or provided to you last evening. In addition, we expect to use or admit the following: DXs 506, 581, 692, 727, 728, 747, 795, 646, 650-54, 656, 659, 660, 661, 664, 553, 555-557, 558-563, 565, 573, 577, and 583

A few minutes later, he later noticed the use of DX 589 as well. At 8:56 pm, he noticed the use

of ten additional exhibits. At 9:16 pm, he noticed four additional exhibits.

On March 4, 2010, Mr. Fox sent the following email noticing exhibit for Dr. Rosenthal:

> In connection with the exhibits or other materials we intent to use tomorrow with the witnesses, we incorporate by reference those exhibits and slides previously admitted into evidence and/or identified in our prior emails. In addition, we intend to use the slides (which will be forwarded shortly) as well as another demonstrative showing excerpts from Dr. Rosenthal's report(s). Unfortunately, with your propensity for changing the next day's witness schedule at the last minute, that demonstratives are not completed yet.
>
> Further, we may admit or seek to use the following exhibits 573, 574, 576, 557, 810, 582, 899, 903, 630, 638, 773, 629, 530, 568, 594, 347, 268, 758, 760, 738, 273, 357, 716, 747, 703, 585, 812, 594, 581, 584, 588, 513-515, 530, 570, 576, 584, 602, 597, 617, 620, 631, 635, 636, 650, 696, 692, 644, 645, 649, 659, 660, 664, 678, 690, 896, 799, 899, 903, 904, 911, 895, 902.

At 7:33 pm, he noticed additional exhibits for Dr. Millares:

> The documents [in the previous email] apply to Rosenthal. The documents identified last night by either plaintiffs or by defendants the last two nights apply to Millares. In addition, as today, we will continue to refer to her declarations and deposition testimony. We may also use 961 675, 676, 589 with Millares if not previously listed.

3

At 8:01 pm, Mr. Fox noticed two additional exhibits for Dr. Millares.

On March 8, 2010, Mr. Fox sent the following email to Kaiser's counsel:

> In connection with Daniel, we object to the use of TX 87, TX 366, and TX 731 with the witness.
>
> In connection with his cross examination, in addition to any documents admitted or used with him on direct examination, we intend to use or admit the following documents with him:
>
> DXs 810, 706, 582, 896, 897, 899, 594, 268-A, 828, 831, 902B, 599, 607, 903, 904, 530, 630, 635, 660, 661, 646, 653, 650, 595, 515, 617, 290, 273, 712, 920, 739, 747, 589, 902-H, 902-J, 902-I, 1379, 1250, 964, 1297, 1488, 1552, 568, 432, 301, 311, 433A, 571, 357, 596, 716, 677, 960, 543, 313, 282, 584, 678, 696, 675, 589, 585, 555, 565, 557, 559, 962, 992, 562, 565, 577, 578, 592, 461-A, 593, 686, 812, 820; Pltfs Opening Demonstrative #2, 638, 295, 1383, 283.

The Fox emails are attached as Exhibit A to the Declaration of Elana Katcher dated March 19, 2010.

Having chosen to conduct a trial by ambush, Defendants cannot now complain that they had insufficient opportunity to enter exhibits into evidence through a witness. Having produced four fact witnesses in this litigation, Kaiser should not now be prejudiced by being denied the opportunity to contextualize the documents it produced in this litigation. While Defendants will disingenuously make a "sauce for the goose is sauce for the gander" argument about Kaiser's RICO enterprise submission, the situations are not analogous. Faced with a Defendant who has refused to produce a single fact witness, and having had its own subpoena on Defendant's own corporate representative quashed, Kaiser was left with no choice but to submit free-standing exhibits. As the Court observed:

> **The Court:** Yet I'm putting this all on the record because I've set it all up, if Pfizer hasn't had one corporate representative here and now they're telling me they're not introducing any witnesses, so at some level you'll need to put on a witness to refute what the

4

> documents say, either that or say the documents aren't sufficient.
> You've got your own bind in this. . . .

3/5 Tr. at 151. Kaiser should not be tied in the same bind with a party that has substantially

refused to participate in this trial. Kaiser had witnesses available and present. Defendants took

full advantage of their opportunity to cross-examine those witnesses with whatever documents

they chose. Kaiser should not be the party prejudiced by Defendants' strategic decision to hold

some documents back from those witnesses.

WHEREFORE, for the reasons set forth above, the Court should not admit into evidence

free-standing Kaiser-produced exhibits.

Dated: March 19, 2010                          Respectfully submitted,


By: */s/ Linda P. Nussbaum*
Linda P. Nussbaum
KAPLAN FOX & KILSHEIMER LLP
Linda P. Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, New York 10022

*Attorneys for Plaintiffs Kaiser Foundation
Health Plan, Inc. and Kaiser Foundation
Hospitals*

*Of Counsel:*

Thomas M. Greene, (BBO # 210020)
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor

San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 19, 2010.

*/s/ Elana Katcher*
Elana Katcher