UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**MEMORANDUM IN SUPPORT OF KAISER'S MOTION
FOR CURATIVE INSTRUCTION**

## I.     INTRODUCTION

On February 22, 2010, the parties presented their opening statements to the jury.  During their opening, Defendants made a number of statements designed to create the impression that Neurontin is acknowledged by all parties to be a benign medication.  As the Court is aware, the side effect profile of Neurontin is a highly contested issue in a multitude of product liability cases being defended in this Court by the same lawyers who made the following statements:

❖ ". . . Neurontin had a number of characteristics that made it almost an ideal candidate for trial and error with one of these difficult conditions.  Neurontin does have side effects. It's not side-effect-free, ***but there will be agreement that its side effects are far milder***

*and can be tolerated by people more than almost any other AED, so it's an easy-to-take drug.*" (2/22 Tr. 127:8-14).

❖ "When you hear a case involving a drug company, some of us think 'Well, I wonder if somebody was killed or injured.'  This is not that kind of a case.  There will be absolutely no claim in this case that anybody has been injured or killed by Neurontin or gabapentin." (2/22 Tr. 120:21-25).

❖  "At least the first sentence of the Hippocratic oath 'Do no harm,' with Neurontin, the doctor knows that at least will be discharged, and can trial and error with the combinations to see if maybe this will do something more for a particular migraine sufferer, a chronic pain sufferer, or whatever." (2/22 Tr. 128:23 – 129:3).

❖ "Parke-Davis people couldn't leave well enough alone and embarked on a not only improper but totally illegal campaign to try to hasten the speed with which doctors came to learn about Neurontin . . . . However, *the evidence is going to show there is no claim that any patient was injured as a result of any of that happening . . .*" (2/22 Tr. 129:11-17) (emphasis added).

These statements were not only misleading, they were intentionally prejudicial to Kaiser, as they served to support the statement that "[t]his is a dispute between Kaiser and Pfizer over money." (2/22 Tr. 121:3-4).  While money may be the form of the damages sought, Kaiser brought this suit in reaction to a gross breach of trust on the part of the defendants, upon whose honesty Kaiser must continue to rely as it evaluates which medications may be appropriately prescribed for its insureds.

The Court recognized at the time that these statements were misleading and invited Kaiser's counsel to propose a cure.  Having been rebuffed in its attempts to negotiate a curative

stipulation with Defendants, Kaiser now requests the Court read the following curative instruction to the jury:

*        *        *

In its opening argument, counsel for defendant stated that "there is no claim that any patient was injured as a result of" its off-label marketing of Neurontin.  You should take notice of the following facts:

> (1)  A number of lawsuits have been filed against Pfizer, Inc. in various U.S. federal and state courts and in certain other countries alleging suicide, attempted suicide and other personal injuries as a result of the purported ingesting of Neurontin.

> (2)  Certain of the federal court actions have been transferred to this Court for consolidated pre-trial proceedings with other litigation concerning Neurontin, including this case.

> (3)  Skadden, Arps, Slate, Meagher & Flom LLP are the lead lawyers for Pfizer, Inc. in this case, as well as in all of the other cases concerning Neurontin pending before this Court.

*        *        *

The facts set forth in items (1) and (2) above are included as admissions in documents made publicly available on Pfizer's website, including its 2009 Financial Report. *See* Exhibit A to the March 11, 2010 Declaration of Linda Nussbaum at p. 94, *available at.* http://media.pfizer.com/files/annualreport/2009/financial/financial2009.pdf.  The facts set forth in item (3) above may be confirmed by a review of the docket of this multidistrict litigation, including the status report filed on March 4, 2010. *See* Dkt. No. 2606.

## III.    CONCLUSION

For the foregoing reasons, Kaiser respectfully asks this Court to read the requested curative instruction to the jury.

-4-

Dated:  March 19, 2010

Respectfully submitted,


By:      */s/ Linda P. Nussbaum*
          Linda P. Nussbaum

KAPLAN FOX & KILSHEIMER LLP
Linda P. Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, New York 10022

*Attorneys for Plaintiffs Kaiser Foundation
Health Plan, Inc. and Kaiser Foundation
Hospitals*

*Of Counsel*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 19, 2010.

/s/  *Linda Nussbaum*
Linda Nussbaum