UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Magistrate Judge Leo T. Sorokin |

**DEFENDANTS' BENCH MEMORANDUM IN RESPONSE TO
KAISER'S REQUEST FOR PREJUDGMENT INTEREST**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer") respectfully submit this bench memorandum in response to the bench memorandum filed by Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser") seeking prejudgment interest.

**PRELIMINARY STATEMENT**

Although Kaiser has failed to prove any entitlement to the windfall awards of restitution and damages they seek in this action, they now present this Court with a request for even more compensation – namely an award of prejudgment interest. Kaiser's request is inappropriate under both the federal RICO statutes and California's Unfair Competition Law (UCL). First, an award of prejudgment interest is designed to make plaintiffs whole. If Kaiser could prevail on its RICO claim, the availability of treble damages under the RICO statute would more than accomplish this goal, rendering the further windfall of prejudgment interest completely unnecessary. Second, California Civil Code section 3287, which controls the award of prejudgment interest under California law, allows for an award of prejudgment interest only on *damages*. Cal. Civ. Code § 3287 (West 1997). But Kaiser's claim under the UCL is not for damages, but is instead for *restitution*. None of the cases cited by Kaiser suggest that a discretionary award of prejudgment interest on restitution is available under California law. Kaiser's request for prejudgment interest should, therefore, be denied in its entirety.

## **ARGUMENT**

**I.     Kaiser's Waiver Argument Is Unfounded and Irrelevant**

Kaiser argues that Defendants have "waived any objection to [Dr. Hartman's] testimony on the topic [of pre-judgment interest]." (Pl. Mem. [2699] at 2.) The admissibility of Dr. Hartman's mathematical calculations has absolutely nothing to do with the issue raised by Kaiser's memorandum, *i.e.*, whether Kaiser is entitled to receive an award of pre-judgment interest. As Kaiser itself acknowledges, Pfizer withheld objection to Dr. Hartman's testimony regarding interest calculations "subject to the Court's ultimate determination as to how interest is going to be decided." (3/9 Tr. (Kennedy) at 15:10-12; *see also* Pl. Mem. [2699] at 2.) And, although Kaiser conveniently omits the point from its memorandum, Pfizer also maintained that the decision of *who* decides the issue of prejudgment interest required future argument. (3/10/2010 Tr. (Kennedy) at 14:16-18 ("Your Honor, it's my understanding, at least in RICO cases, that the decision whether to permit prejudgment interest rests with the Court. It's discretionary.").) Finally, this Court's comments in response to Pfizer's objections clearly contemplated that the issue of prejudgment interest would be revisited. (3/10/2010 Tr. (Court) at 14:21-15:2 ("So those are the kinds of issues I just don't know. You may be right. . . . Well, are the damages done in a way where the interest could be backed out?").)

In sum, Pfizer's decision not to delay Dr. Hartman's testimony by objecting to mathematical calculations incidental to Plaintiffs' alleged damages does not serve as a waiver of argument regarding the ultimate disposition of the issue. Nor has Kaiser presented any credible argument that Pfizer waived its right to object to the availability of, the ultimate award of, or the calculation of, prejudgment interest.

**II.    Because Treble Damages May be Awarded Under The RICO Statute, Prejudgment Interest Is Unnecessary To Compensate Kaiser**

In the unlikely event that Kaiser prevails on its RICO claims, Kaiser's request for prejudgment interest should be denied. In its memorandum, Kaiser cites no authority supporting an award of prejudgment interest *in addition to* statutory treble damages. In fact, such an award

would be inconsistent with the purpose of prejudgment interest, which is "to make the plaintiff whole." *Monessen SW Ry. v. Morgan*, 486 U.S. 330, 335 (1988). Similarly, the First Circuit – and its sister circuits – have noted that "[t]he fundamental purpose of prejudgment interest is to ensure that compensatory damages make an injured party whole." *Bennett v. City of Holyoke*, 362 F.3d 1, 11 n.4 (1st Cir. 2004); *see also Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1102 (8th Cir. 1982) (noting that prejudgment interest is intended to make the plaintiff whole by compensating for losses that cannot be calculated with certainty); *Rolf v. Blyth, Eastman Dillon & Co.*, 637 F.2d 77, 87 (2d Cir. 1980) ("An award of prejudgment interest is in the first instance, compensatory . . . and [is] governed by fundamental considerations of fairness.").

On the other hand, where a statute provides for the possibility of treble damages, an award of prejudgment interest is unnecessary and inconsistent with the purpose of awarding such interest. Indeed, numerous federal courts have held that prejudgment interest is inappropriate where other statutory damages have already made the plaintiff whole. *See, e.g.*, *Fortino v. Quasar Co.*, 950 F.2d 389, 397 (7th Cir. 1991) ("[I]f double damages are awarded [under the ADEA] prejudgment interest may not be awarded."); *Fishman v. Estate of Wirtz*, 807 F.2d 520, 561 (7th Cir. 1986) (disallowing prejudgment interest on treble damages in federal antitrust case); *Am. Timber & Trading Co. v. First Nat'l Bank of Or.*, 690 F.2d 781, 781 (9th Cir. 1982) (denying prejudgment interest award where plaintiff obtained double recovery under the National Bank Act); *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 80 (2d Cir. 1971) (concluding that treble damages provided under the Clayton Act sufficiently compensated the plaintiff and made an award of prejudgment interest unnecessary), *rev'd on other grounds*, 409 U.S. 363 (1973). Kaiser has failed to offer a single reason why an award of treble damages under the federal RICO provisions would be inadequate compensation for their alleged loss. Instead, Kaiser implies that the mere discretionary availability of an award of prejudgment interest entitles them to a windfall award. It clearly does not.

Indeed, none of the cases Kaiser cites mandate an award for prejudgment interest in a RICO action. Furthermore, the vast majority of courts that have examined this specific issue

3

have concluded that prejudgment interest is inappropriate because RICO treble damages "more than adequately compensate plaintiff for actual damages suffered." *Bingham v. Zolt*, 810 F. Supp. 100, 102 (S.D.N.Y. 1993); *see also Abou-Khadra v. Mahshie*, 4 F.3d 1071, 1084 (2d Cir. 1993) (affirming district court's decision not to award prejudgment interest); *State ex. rel. Zoeller v. Pastrick*, No. 3:04 CV 506, 2010 WL 935583, at *16 (N.D. Ind. Mar. 11, 2010) ("Because the Seventh Circuit has historically disallowed prejudgment interest where a plaintiff received doubled or trebled damages, the court denies plaintiffs' request for prejudgment interest on the City's treble damages award under RICO."); *Panix Prods., Ltd. v. Lewis*, No. 01 Civ. 2709 HB, 2003 WL 21659370, at *3 (S.D.N.Y. July 15, 2003) (finding that awarding judgment interest in addition to RICO treble damages would be inappropriate); *Group III Capital, Inc. v. Parasol Group, Ltd.*, No. 00 Civ. 6860, 2003 WL 1948801, at *3 (S.D.N.Y Apr. 23, 2003) (same); *In re Crazy Eddie Sec. Litig.*, 948 F. Supp. 1154, 1166 (E.D.N.Y. 1996) (refusing to award prejudgment interest on RICO trebled damages and noting that courts declined to award judgment interest "[i]n the majority of cases where a plaintiffs damages are trebled" because "courts have found those damages sufficient compensation"); *Nu-Life Constr. Corp. v. Bd. of Educ.*, 789 F. Supp. 103, 105-06 (E.D.N.Y. 1992) (denying prejudgment interest on RICO treble damages award because such interest would "'overcompensate'" plaintiff and "provide an undeserved windfall"); *La. Power & Light Co. v. United Gas Pipe Line Co.*, 642 F. Supp. 781, 811 (E.D. La. 1986) (refusing to award prejudgment interest on plaintiff's RICO award because the "multiple damages more than reimburse a plaintiff for any loss he suffers from an unavailability of the funds he seek to recover").

Plaintiffs rely exclusively on *Aetna Casualty Surety Co. v. P & B Autobody*, 43 F.3d 1546 (1st Cir. 1994), for their argument that there is no abuse of discretion when a court applies prejudgment interest to a treble damages award under RICO. But the discussion of prejudgment interest played **no role** in the First Circuit's decision in *Aetna* because, as the court made clear, the defendant failed to preserve the issue for appeal. *See Aetna*, 43 F.3d at 1571. As other courts have noted, this discussion is non-binding dicta, and the issue remains unresolved in this Circuit.

4

*See Harding v. Cianbro Corp.*, 473 F. Supp. 2d 89, 100 (D. Me.) (noting that the discussion of prejudgment interest in *Aetna* is dictum), *amended on other grounds*, 498 F. Supp. 2d 337 (D. Me. 2007); *Estates of Ungar ex rel. Strachman v. Palestinian Auth.*, 304 F. Supp. 2d 232, 240 (D.R.I. 2004) (same). Indeed, the First Circuit itself has acknowledged that the issue remains unsettled post-*Aetna*: "We therefore leave for another day questions regarding the general availability of prejudgment interest in RICO cases, whether it should be left to a jury acting as a factfinder, and whether prejudgment interest would be inappropriate in this case." *Bonilla v. Trebol Motors Corp.*, 150 F.3d 77, 87-88 (1st Cir. 1998).

Accordingly, because the availability of RICO treble damages already goes far beyond the purpose of a prejudgment interest award – to fully compensate Kaiser for any alleged loss – this Court should, consistent with the numerous decisions discussed above, decline to award prejudgment interest on Kaiser's RICO claims.

### III. Prejudgment Interest Is Inappropriate Under The UCL Unless The UCL Claim Is Based On The Violation Of A Statute That Allows For Prejudgment Interest

Section 17203 of the UCL – which defines the remedies and judgment available under the statute – does not contain a provision for the award of prejudgment interest. Under California law, absent a specific provision in the UCL, the availability of prejudgment interest for Kaiser's unfair competition claim is governed by California Civil Code section 3287(a), which provides that "[e]very person who is entitled to recover *damages* certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a) (West 1997) (emphasis added).

While section 3287(a) clearly permits an award of prejudgment interest upon a recovery of "damages," it is equally clear that "damages" are unavailable under the UCL. *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 946 (Cal. 2003) (damages and penalties, whether compensatory or punitive, are prohibited under the UCL); *Bank of the West v. Superior Court*, 833 P.2d 545, 552-53 (Cal. 1992) (because the UCL makes no provision for damages, "damages

5

are not available under section 17203"). For their part, the California courts have recognized this incongruence. *See Amaral v. Cintas Corp. No. 2*, 78 Cal. Rptr. 3d 572, 617-18 (Cal. Ct. App. 2008) (noting the conflict, but declining to decide whether prejudgment interest may be awarded under the UCL because the prejudgment interest sought by the plaintiffs could be awarded under their breach of contract claim).

As the California Supreme Court has noted, these limitations on recovery exist pursuant to the express language of section 17203, and thus "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 567, 539 (Cal. 1999); *see also Korea Supply Co.*, 63 P.3d at 943 (noting that "[w]hile the scope of conduct covered by the UCL is broad, its remedies are limited").

Moreover, the stated purpose of the restitution remedy under the UCL is inconsistent with the purpose of an award of prejudgment interest. The term "damages," contemplated by California's prejudgment interest statute, "describes a payment made to compensate a party for injuries suffered." *Jaffe v. Cranford Ins. Co.*, 214 Cal. Rptr. 567, 570 (Cal. Ct. App. 1985). In contrast a monetary payment "is more properly characterized as restitutionary . . . than compensatory in nature" when "[t]he defendant is asked to return something he wrongfully received; he is not asked to compensate the plaintiff for injury suffered as a result of his conduct." *Id.* Therefore, "consequential damages are outside the restitutionary scope of section 17203." *Inline, Inc. v. A.V.L. Holding Co.*, 23 Cal. Rptr. 3d 216, 222 (Cal. Ct. App. 2005). In fact, one of the cases cited by Kaiser confirms that "[p]rejudgment interest is awarded to *compensate* a party for the loss of the use of his or her property," *Bullis v. Sec. Pac. Nat'l Bank*, 582 P.2d 109, 117 (Cal. 1978) (emphasis added), whereas the purpose of restitution is to restore to a party the money he actually lost, not the money he might have had. *See Watson Labs. Inc. v. Rhône-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1122 (C.D. Cal. 2001) (restitution under the UCL is the difference between "'getting' and 'getting back'").

Despite Kaiser's assertion that "[c]ourts have regularly awarded interest under the UCL" (Pl. Mem. [2699] at 5), none of the California cases cited by Kaiser actually found such an award

6

proper. *See Cortez v. Purolator Air Filtration Prods. Co.*, 999 P.2d 706, 710 n.5 (Cal. 2000) (Labor Code section allowing recovery of unpaid wages specifically includes provision for award of interest); *Bullis*, 582 P.2d at 117 (prejudgment interest properly awarded in negligence action); *Cal. Housing Fin. Agency v. Hanover/Cal. Mgmt. & Accounting Ctr., Inc.*, 148 Cal. App. 4th 682, 687 (Cal. Ct. App. 2007) (court made clear that the prejudgment interest was awarded "on [the plaintiff's] tort claims," not the UCL cause of action); *Allied Grape Growers v. Bronco Wine Co.*, 249 Cal. Rptr. 872, 875 (Cal. Ct. App. 1988) (prejudgment interest was necessarily granted on the plaintiff's breach of contract claim, because court only granted injunctive relief, and not restitution, on the plaintiff's UCL action).

Moreover, in each of the three federal cases cited by Kaiser, the plaintiffs were alleging as the basis of their UCL claim a violation of a statute that itself had a provision for prejudgment interest. *See Irwin v. Mascott*, 112 F. Supp. 2d 937, 956 (N.D. Cal. 2000) (noting that an award of prejudgment interest is appropriate "where the judgment is for money owed or to be refunded pursuant to a statutory obligation," in that case, the federal Fair Debt Collection Practices Act); *Wang v. Chinese Daily News, Inc.*, No. CV 04-1498 CBM, 2008 U.S. Dist. LEXIS 82538, at *12-13 (C.D. Cal. Feb. 27, 2008) (UCL action borrowed Labor Code violations, including provision in Labor Code providing for interest at 10% on all due and unpaid wages); *Ballard v. Equifax Check Servs., Inc.*, 158 F. Supp. 2d 1163 (E.D. Cal. 2001) (also an action alleging violations of the Fair Debt Collection Practices Act). Here, Kaiser attempts (improperly) to base its UCL claims on alleged FDCA violations that do not even provide any private right of action, let alone entitlement to pre-judgment interest. None of Kaiser's authorities permit an award of prejudgment interest under the UCL in these circumstances.

## **CONCLUSION**

For the foregoing reasons, Pfizer respectfully requests that this Court deny Kaiser's request for prejudgment interest on its RICO and UCL claims.

7

Dated: March 22, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Email: Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: /s/ Raoul D. Kennedy
    Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel: (415) 984-6400
Email: Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By: /s/ James E. Hooper
    James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800
Email: hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

---

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 22, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo