UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  NEURONTIN MARKETING, SALES<br>PRACTICES, AND PRODUCTS<br>LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY<br>OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS)<br>and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | MDL Docket No.  1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**BRIEF REGARDING NON-PREEMPTION OF KAISER'S CLAIM UNDER THE UNLAWFULNESS PRONG OF CALIFORNIA'S UNFAIR COMPETITION LAW**

862935.2

**I.      INTRODUCTION**

On Friday, March 19, 2010, the Court asked the parties to address the question of whether Kaiser's claim under the "unlawful" prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (hereafter "UCL"), to the extent it is based on Defendants' criminal guilty plea for violations of the Federal Food, Drug and Cosmetics Act ("FDCA"), is preempted. As the Court stated, addressing Kaiser's counsel, "It strikes me … it is as a matter of law unlawful for res judicata purposes because there was a guilty plea, so if you're right, you win." (3/19/10 Tr. at 208:12-15.)  The Court's instinct is correct.  To fulfill its broad remedial purposes, the UCL "borrows" violations of other statutes, including those, like the FDCA, which do not provide a private right action, and makes them actionable. Defendants' guilty plea is sufficient evidence of unlawful conduct to satisfy the UCL.  Further, Kaiser's claim is not preempted.

**II.     ARGUMENT**

The UCL "establishes three varieties of unfair competition – acts or practices which are unlawful, unfair or fraudulent."  *Cel-Tech Comms., Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (Cal. 1999).[1]  This short brief addresses only the "unlawful" prong; Kaiser has presented ample evidence that Defendants' conduct, in addition to being unlawful within the meaning of the UCL, was also unfair and fraudulent.[2]  "Because the statute is disjunctive, a business practice need only meet one of the three criteria to be considered unfair competition."  *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1471 (Cal. 2006). California courts have also made clear that even if a practice is not illegal, it may be unfair or

---

[1] Section 17200 also encompasses "unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code [which involves advertising]."  *See Cel-Tech*, 20 Cal. 4th at 180 n.8 (quoting section 17200).
[2] Under the UCL, a fraudulent business practice is one in which members of the public are likely to be deceived. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (Cal. 2009).  A claim based on this prong is "distinct from common law fraud," in that none of the elements of common law fraud must be shown.  *Id.*

deceptive. *See, e.g., Cel-Tech*, 20 Cal. 4th at 180.  Therefore, even if a claim based on unlawfulness was preempted, which it is not, Kaiser's UCL claim would still go to the jury.

Kaiser's UCL based on the unlawfulness prong is not preempted.  Defendants bear the burden of proof in showing preemption.  *See Cambridge Literary Props., Ltd. v. W. Goebel Pozellanfabrik G.m.b.H. & Co. KG.*, 510 F.3d 77, 102 (1st Cir. 2007).  At the hearing on Friday, defense counsel pointed to a single district court decision for the proposition that a claim brought under the unlawful prong of the UCL is preempted if the underlying violation is of the FDCA.  That case, *In re Epogen and Aranesp Off-Label Marketing & Sales Pracs. Litig.*, 2009 WL 1703285 (Jun. 17, 2009), is inapplicable.  In its decision (now on appeal), the Court emphasized that it was *not* dismissing the plaintiffs' claims because they were preempted by the FDCA.  Instead, plaintiffs' complaint was dismissed because the Court determined there were insufficient allegations that the defendant had made false and misleading statements.  *Id.* at *7.  The Court explained that it had dismissed the plaintiffs' previous pleading "because it failed to state a cognizable fraud claim – not because it stated a fraud claim that was preempted by the FDCA."  *Id.*[3]  The Court went out of its way to note that the two major Supreme Court decisions from the past two years, *Riegel v. Medtronic*, 128 S. Ct. 999 (2008) and *Wyeth v. Levine*, 129 S. Ct. 1187 (2009), the former of which found state tort law claims preempted by FDA regulations and the latter of which found the opposite, had no effect on the Court's holding.  *In re Epogen*, 2009 WL 1703285 at *7 n.5.[4]

Defendants admitted to violations of the FDCA.  Under the UCL, "unfair competition encompasses anything that can properly be called a business practice which at the

---

[3] The Court determined the new complaint had the same defects.  *Id.* at *5, 8.
[4] This was appropriate if only for the simple reason that both *Riegel* and *Wyeth* addressed questions of preemption of common law tort claims, not state consumer fraud statutes.  The UCL explicitly distinguishes itself from state common law fraud claims.  *See In re Tobacco II Cases*, 46 Cal. 4th at 312.

same time is forbidden by law." *Wilkinson v. Times Mirror Corp.*, 15 Cal. App. 3d 1034, 1052 (Cal. 1989). California's UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech*, 20 Cal. 4th at 180. *AICCO, Inc. v. Inso. of N. Am.*, 90 Cal. App. 4th 579 (2001) ("When determining whether a practice is 'unlawful,' [the UCL] 'borrows' violations of other laws, and makes them independently actionable.").

As the Court pointed out, there is no doubt as to the violation of an underlying statute. On May 13, 2004, Defendant Warner-Lambert Co. pleaded guilty to violations of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 331(a), 331(d), 333(a), 352(f)(1), and 355(a). As part of the guilty plea, Warner-Lambert "expressly and unequivocally admits that it committed the crimes charged in the Information. Warner-Lambert agrees that the facts set forth in the Information are true." The Information and guilty plea have been admitted as Trial Exhibits 371 and 366, respectively.

Kaiser's UCL claim can be based on this underlying violation even though the FDCA does not provide an independent private right of action. California courts have routinely and repeatedly recognized plaintiffs' right to bring UCL claims under the UCL's "unlawful" prong where the "the conduct alleged to constitute unfair competition violates a statute for the direct enforcement of which there is no private right of action." *Optivus Tech., Inc. v. Ion Beam Applications S.A.*, 469 F.3d 978, 986 (Fed. Cir. 2006); *see also Blue Cross of California, Inc. v. Superior Ct.*, 180 Cal. App. 4th 1237, 1250 (Cal App. 2d Dist. 2009) ("[T]he UCL authorizes lawsuits to remedy unlawful conduct even if the underlying statute that renders the conduct unlawful does not itself create an independent right of action."). The FDCA is one of the laws whose violation provide a predicate for private enforcement under the UCL: as one court stated,

"[V]iolation of FDA regulations falls squarely within [the] broad proscription" of the UCL. *Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1120 (C.D. Cal. 2001). The defendant in the *Watson Laboratories*, which had been found by the FDA to have violated the law, survived summary judgment on this point only because of a dispute over whether it could be held liable on an agency theory for the violations.  *Id.*  There is no such question here.

Further, the UCL's borrowing provision has been applied to numerous federal statutes and regulations with no concern over preemption.  *See, e.g., Californians for Disability Rights v. Mervyn's LLC*, 165 Cal. App. 4th 571, 601 (Cal. App. 1st Dist. 2008) (violation of the Americans with Disability Act may constitute violation of section 17200); *Cel-Tech*, 973 P.2d at 543-544 (Cal. 1999) (violations of the Fair Trade Commission Act, 15 U.S.C. 45, may be treated as violations of section 17200); *Fenning v. Glenfed, Inc.*, 40 Cal. App. 4th 1285, 1295-99 (Cal App. 2d Dist. 1995) (UCL action based on violation of Office of Thrift Supervision regulations not preempted by federal regulations); *see also Jefferson v. Chase Home Finance*, No. C 06-6510, 2008 WL 1883484, at *10 (N.D. Cal. April 29, 2008) (holding that OCC regulations pertaining to real estate lending did not preempt claims under UCL, CLRA or state false advertising statutes because "such laws of general application, which merely require all businesses (including banks) to refrain from misrepresentations and abide by contracts and representations to customers do not impair a bank's ability to exercise its lending powers" because they only "incidentally" affect the bank's powers).

With an admission of guilt for violation of a predicate statute, the Court can find as a matter of law that Defendants violated the UCL.  *In re Epogen*, the only authority to the contrary cited by defense counsel, did not specifically discuss the UCL, let alone how the

862935.2                                     -4-

unlawfulness prong of section 17200 applies to *admitted* violations of the FDCA. With no clear admission of guilt, as there is here, courts have refused to allow section 17200 claims based on violations of the FDCA where it was not clear that the FDA regulations had actually been violated, a determination better left to the FDA in the first instance. *See, e.g., Perez v. Nidek Co., Ltd.*, 657 F. Supp. 2d 1156, 1166 (S.D. Cal. 2009). This concern appears to have driven the *Epogen* court, which cited to *Sandoz Pharms. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 231 (3d Cir. 1990) for the proposition that truthful off-label promotion does not violate RICO. In *Sandoz*, the Third Circuit affirmed the dismissal of a Lanham Act claim where the FDA had not yet acted on the technical question in dispute. Here, there is no gray area. There is no technical dispute for which the FDA's expertise should be applied. There is a guilty plea.

Defendants may argue that Warner-Lambert did not admit to fraud in pleading guilty to violating the FDCA. However, the UCL's "unlawful" prong is not restricted to fraud. Its "borrowing" provisions, in which violations of other statutes become actionable under the UCL, are not, and have not been restricted to statutes based on fraud. *See, e.g., Californians for Disability Rights*, 165 Cal. App. 4th at 601 (ADA violation provides predicate for section 17200 claim). Indeed, the UCL's "broad proscriptions" have been held to include FDA regulations. *See Watson Laboratories*, 178 F. Supp. 2d at 1120. The UCL was written to capture "unlawful" behavior. Defendants' behavior was unlawful and is sufficient, as the Court pointed out, to establish liability under the UCL.

### III.   CONCLUSION

Defendants' guilty plea is sufficient for the Court to find, as a matter of law, that Defendants have engaged in unlawful business practices within the meaning of California's

Unfair Competition Law.  Further, this claim is not preempted.

Dated:  March 22, 2010                              Respectfully submitted,

                                                                           By:     */s/ Linda P. Nussbaum*
                                                                                   Linda P. Nussbaum

KAPLAN FOX & KILSHEIMER LLP
Linda P. Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, New York 10022
*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

Thomas Greene
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

*Of Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 22, 2010.

>                    */s/  Elana Katcher*
>                        Elana Katcher