UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**PLAINTIFF KAISER'S BENCH MEMORANDUM IN OPPOSITION TO THE PROVISION TO THE JURY OF TRANSCRIPTS OF THE TRIAL TESTIMONY**

Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser") respectfully submit to the Court that the jury should not be provided transcripts of the trial testimony for use during its deliberations. If provided the trial transcripts, the jury is liable to give undue or unbalanced emphasis to discrete portions of the testimony in this nearly month-long trial. The quantity of transcripts provided will be voluminous, with the unedited transcripts likely totaling in excess of two-thousand pages. Further, the submission of the trial transcripts may lead to unbalanced deliberations, tilting the playing field in favor of certain jurors with greater facility in seizing on certain portions of the transcript to support their contentions. While the decision to provide the jury with trial transcripts is generally within the discretion of the trial judge, appellate courts have recognized that concerns that jurors provided

transcripts may place undue or unbalanced emphasis on certain testimony militates against the provision of such transcripts. Where trial transcripts are to be provided to the jury, certain precautions must be taken.

The First Circuit has held that "[d]ecisions regarding the provision of trial transcripts to the jury are within the discretion of the trial judge." *United States v. Tavares*, 93 F.3d 10, 14 (1st Cir. 1996) (citing *United States v. Akitoye*, 923 F.2d 221, 226 (1st Cir. 1991)). The *Tavares* court further explained that "[i]n making its decision, the trial judge is to consider factors such as the ease or difficulty of compliance with the jury's request and what is likely to be gained or lost." 93 F.3d at 14 (citing *Akitoye*, 923 F.2d at 226). It is unusual for a jury to be provided transcripts or reread portions of testimony absent a specific request for such information from the jury. *See United States v. Aubin*, 961 F.2d 980, 983 (1st Cir. 1992) ("Usually the question whether testimony should be read back arises when the jury explicitly requests the rereading.").

Appellate court have upheld decisions by district judges to refuse to comply with a jury's request for copies of trial transcripts, citing legitimate concerns about jurors placing undue or unbalanced emphasis on certain testimony. The First Circuit upheld the decision of a district judge who had "advised the jury to rely on its memory instead of giving it testimony it had requested during deliberation." *United States v. Pimental*, 645 F.2d 85, 87 (1st Cir. 1981). The First Circuit noted that the district judge expressed a "reasonable fear of unbalanced testimonial emphasis" and had given the jury "reasonable advice" to rely on its memory and to communicate further with the judge if the jury encountered further difficulties or required further clarification. *Id.*

The Fifth Circuit, in a pair of decisions, recognized the serious risks inherent in providing to a jury a large volume of trial transcripts for use in its deliberations. *See United States v. Rice*,

550 F.2d 1364, 1374-75 (5th Cir. 1977); *United States v. Morrow*, 537 F.2d 120, 148 (5th Cir. 1976). The jury in *Rice* requested from the court "all transcripts now available in written form . . . ." *Rice*, 550 F.2d at 1374. The district court advised the jurors that "a broad request such as you have made here for all available transcripts cannot be granted by me under prevailing policy and rules . . . ." *Id.* at 1375. The Fifth Circuit confirmed that this decision was well within the district judge's discretion, stating:

> In *United States v. Morrow, 5 Cir. 1976, 537 F.2d 120, 148*, we held that the trial court did not abuse its discretion in denying the jury's request for over 300 pages of transcript. We stated: "The possibility of undue emphasis by the jury on a small part of the testimony given in the six week trial of this case amply justified the district court's denial of the jury request." *Id. at 148*. The jury's request herein could conceivably have meant the transmittal to them of over 2000 pages of transcript. There was no abuse in denying that request.

*Id.*

The concerns animating the district judges' denials of the requests for trial transcripts in *Rice* and *Morrow* are fully borne out in the instant matter. The full trial transcripts of this more than four-week trial are likely to total over two-thousand pages. The provision of such a voluminous record to the jury raises a serious risk that the jury will be transfixed by narrow slices of testimony and thus fail to take an appropriately balanced approach in its review. In light of the Fifth Circuit's reasoning in *Rice* and *Morrow*, the likelihood that the jury, possibly lead by certain jurors with greater facility in dealing with vast quantities of written information, will place undue emphasis on select testimony to the exclusion of other materials buried hundreds or thousands of pages away within the transcripts strongly militates against providing the jury with such a voluminous record during its deliberations.

The Ninth Circuit has also cautioned against allowing a jury unsupervised access to trial transcripts. *See United States v. Hernandez*, 27 F.3d 1403, 1408 (9th Cir. 1994) ("[I]n the

3

privacy of a jury room, a jury, unsupervised by the judge, might repeatedly replay crucial moments of testimony before reaching a guilty verdict.") (quoting *United States v. Sacco*, 869 F.2d 499, 502 (9th Cir. 1989)).  The *Hernandez* court elaborated that in order to avoid undue emphasis, "the preferred method of rehearing testimony is in open court, under the supervision of the court, with the defendant and attorneys present." *Id.* (citation omitted).  The *Hernandez* court held that the district court abused its discretion by allowing the jury to reread the trial transcript in the jury room without taking necessary precautions to avoid the placement of undue emphasis on particular testimony. *Id.* at 1409.

The *Hernandez* court noted that the Ninth Circuit had previously found no abuse of discretion where a district court allowed a jury to review a trial transcript during its deliberations. *Id.* at 1408 (citing *U.S. v. Lujan*, 936 F.2d 406, 411-12 (9th Cir. 1991)).  However, the district court in *Lujan* had taken precautions including having:

> 1) provided counsel an opportunity to note inaccuracies in the transcript; 2) cautioned the jury that the transcript was not to serve as a substitute for memory or for assessment of credibility; 3) admonished the jury to weigh all the evidence and not focus on any portion of the trial; and 4) instructed that the transcript was not authoritative and should not prevail over the jurors' memories.

*Id.* (citing *Lujan*, 936 F.2d at 412).  The *Hernandez* court further emphasized the importance of counsel being provided a full opportunity to review any transcripts provided to the jury for accuracy, describing this as a "necessary precaution". *Id.* at 1409 n.5.  The Ninth Circuit made it clear that a "district court should allow a full review for accuracy of content and not just the deletion of side bars . . . ." *Id.*

In the present matter, provision of voluminous transcripts of the trial testimony to the jury for use during its deliberations is likely to lead the jury to place undue or unbalanced testimonial emphasis on select portions of the evidence submitted in this matter.  Even after necessary

4

precautionary procedures are followed, too high a probability remains that an unsupervised jury afforded access to the written trial transcripts will attach excessive importance to small fragments of testimony, replaying these moments repeatedly to the exclusion of other contradictory evidence secluded elsewhere deep within the mountains of transcripts provided.  It is more appropriate that the jury be instructed to rely on its memory and contemporaneously recorded notes, which synthesized the jurors' reactions to and judgments about the evidence as it was presented.  The provision of trial transcripts is likely to allow certain more active jurors to seize on particular points in the transcripts and use these to overwhelm other jurors' earlier contemporaneous judgments on the meaning, significance, and reliability of evidence presented.

WHEREFORE, for the reasons set forth above, the Court should not provide to the jury transcripts of the trial testimony.

Dated: March 22, 2010                                   Respectfully submitted,


By: */s/ Linda P. Nussbaum*
Linda P. Nussbaum
KAPLAN FOX & KILSHEIMER LLP
Linda P. Nussbaum, Esq.
850 Third Avenue, 14th Floor
New York, New York 10022

*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

*Of Counsel:*

Thomas M. Greene, (BBO # 210020)
GREENE, LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Thomas M. Sobol
HAGENS BERMAN SOBOL
SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 22, 2010.

                                            */s/ Elana Katcher*
                                            Elana Katcher