UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   NEURONTIN MARKETING, SALES
         PRACTICES AND PRODUCTS
         LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA v. PFIZER INC., 04 CV 10739 (PBS)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T.
Sorokin

**DEFENDANTS' RESPONSE TO PLAINTIFFS' BENCH MEMORANDUM
CLARIFYING RELATIONSHIP BETWEEN THE KAISER PLAINTIFFS
AND MEMORANDUM REGARDING *AMERICAN PIPE* TOLLING**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"),
respectfully submit this memorandum in Response to Plaintiffs' Bench Memorandum Clarifying
Relationship Between the Kaiser Plaintiffs [2724].   Defendants also address herein issues
regarding *American Pipe* tolling.

## ARGUMENT

### I.   HOSPITALS LACKS STANDING TO SUE

Plaintiffs take great pains to explain the close relationship between Kaiser Foundation
Health Plan ("Health Plan") and Kaiser Foundation Hospitals ("Hospitals"), but the single, most
salient fact appears on page 3 of their memorandum:  It was Health Plan, not Hospitals, that paid
for the prescriptions for which Plaintiffs seek to recover in this action.  (Pl. Mem. at 3.)

This admission has two important consequences.

First, Hospital lacks standing and should be dismissed from as a plaintiff from this action.
Article III standing requires both an "'injury in fact'" and "a 'causal connection between the
injury and the conduct complained of.'" *Sutliffe v. Epping Sch. Dist.*, 584 F.3d 314, 325 (1st Cir.
2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  As Hospitals did not

pay for the prescriptions that form the basis of Plaintiffs' damages claim, it has not sustained an injury and should be dismissed.

Second, causation becomes even more attenuated as the only Plaintiff claiming an injury – Health Plan – did not rely upon the representations at issue.  Drug Information Services ("DIS"), the alleged recipient of any misinformation, is part of Hospitals, not Health Plan.  (Pl. Mem. at 2.)  The alleged causal chain of connection now looks like this:  (1) DIS (part of an entity with no standing to sue) allegedly relied upon affirmative misrepresentations and omissions by Pfizer; (2) the P&T Committees of the Regional Permanents Medical Groups ("PMG") (autonomous entities that are not parties to this lawsuit) allegedly relied upon monographs written by DIS when making formulary decision, (3) PMG physicians (also non-parties) wrote prescriptions for Neurontin, and (4) Health Plan paid for the prescriptions. For the reasons stated in Defendants' Motion for Judgment as a Matter of Law Based Upon Lack of Sufficient Evidence of Injury or Causation, the causal chain is simply too attenuated and too dependent upon the independent decision-making of non-parties to satisfy RICO's proximate cause requirement.  *See Hemi Group, LLC v. City of New York*, 130 S. Ct. 983, 988-89 (2010); *Holmes v. Sec. Investor Protection Corp.*, 503 U.S. 258, 271-72 (1992).

## II.     AMERICAN PIPE TOLLING DOES NOT APPLY

### A.     American Pipe Tolling Does Not Apply to Hospitals

As discussed above, Hospitals did not pay for prescriptions and, therefore, was not putative class member of the class described in the Class Action Complaint filed on May 14, 2004.  As a result, it is not entitled to the benefit of any class action tolling.  The complaint identified the proposed class as "[a]ll entities throughout the United States and its territories who, for purposes other than resale, purchased, reimbursed and/or paid for Neurontin for indications not approved by the FDA . . . during the period from January 1, 1994 through the present. (Class Action Compl. [1-2] at 50 ¶ 128.)

### B.     Plaintiffs Did Not Plead Class Action Tolling

Plaintiffs did not plead in their complaint class action tolling.  "[F]ederal courts have

repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings; this rule applies even where the tolling argument is raised in opposition to summary judgment."  *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006); *see also Akrie v. City of Pittsburgh*, No. 8-1636, 2009 WL 1765846, at *4 (W.D. Pa. June 22, 2009).  The third week of trial was far too late for Plaintiffs to raise, for the first time, class action tolling.

### C.   Class Action Tolling Does Not Apply To Plaintiffs Who File Suit Before Class Certification Is Decided

As this Court noted, there is currently a split among the Circuits regarding whether plaintiffs who file their own lawsuit prior to a decision on class certification are entitled to class action tolling.  In *Wyser-Pratte Management. Co. v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005), the Sixth Circuit found that the judicial efficiency goal of *American Pipe* was not served by allowing persons who filed suit before class certification had been decided to claim that the litigation was tolled as to them.  The Sixth Circuit was greatly influenced by the fact that, at that time, almost all district courts to have decided the issue found that *American Pipe* tolling did not apply in such circumstances.

> [A] number of district courts have held that a plaintiff who chooses to file an independent action without waiting for a determination on the class certification issue may not rely on the *American Pipe* tolling doctrine.  The reasoning rests in part on the holding in *Crown* that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied.  At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action."  The purposes of *American Pipe* tolling are not furthered when plaintiffs file independent actions before decision on the issue of class certification, but are when plaintiffs delay until the certification issue has been decided.  One district court explained:

>> Many good purposes are served by such forbearance, as *American Pipe* and *Crown, Cork* themselves spell out.  The parties and courts will not be burdened by separate lawsuits which, in any event, may evaporate once a class has been certified.  At the point in a litigation when a decision on class certification is made, investors usually are in a far better position to evaluate whether they wish to proceed with their own lawsuit, or to join a class, if one has been certified.

> As is exemplified by *In re Worldcom*, this limitation on class action tolling has taken hold in a number of district courts, with no courts rejecting it, and is not a new proposition. The reasoning supporting this approach is both sound and persuasive.

*Wyser-Pratte Mgmt.*, 413 F.3d at 568-69 (second alteration in original) (citations omitted).

In dicta, the First Circuit has expressed a view of the issue consistent with the Sixth Circuit's. In *Glater v. Eli Lilly & Co.*, 712 F.2d 735 (1st Cir. 1983), the First Circuit explained:

> Even assuming that *American Pipe* may have some relevance to [the plaintiff's] ability to intervene in [the related class action] or to bring a separate action if she is unable to pursue her claim as a member of the class, **American Pipe *says nothing about her ability to maintain a separate action while class certification is still pending*.** The policies behind Rule 23 and *American Pipe* would not be served, and in fact would be disserved, by guaranteeing a separate suit at the same time that a class action is ongoing.

*Id.* at 739 (emphasis added).[1]  This Court should be guided by the First Circuit's decision in *Glater* and deny Plaintiffs' request for class action tolling.

## CONCLUSION

For the foregoing reasons, Hospitals should be dismissed as a plaintiff in this action and Health Plan's request for class action tolling should be denied.

Dated: March 22, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:      /s/ Mark S. Cheffo
          Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Email:  Mark.Cheffo@skadden.com

---

[1] The Second, Ninth and Tenth Circuit have come to the opposite conclusion. *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1009 (9th Cir. 2008); *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1232 (10th Cir. 2008); *In re WorldCom Sec. Litig.*, 496 F.3d 245, 255-56 (2d Cir. 2007).

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:    /s/ Raoul D. Kennedy
        Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400
Email:  Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By:    /s/ James E. Hooper
        James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800
Email:  hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

---

CERTIFICATE OF SERVICE

     I hereby certify that this document
filed through the ECF system has been served
pursuant to Case Management Order #3 on
March 23, 2010.

               /s/ Mark S. Cheffo
               Mark S. Cheffo