UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------x
                                                 :  MDL Docket No. 1629
In re:  NEURONTIN MARKETING, SALES               :
        PRACTICES AND PRODUCTS                   :  Master File No. 04-10981
        LIABILITY LITIGATION                     :
                                                 :
------------------------------------------------x  Judge Patti B. Saris
                                                 :
THIS DOCUMENT RELATES TO:                        :  Magistrate Judge Leo T.
                                                 :  Sorokin
THE GUARDIAN LIFE INSURANCE COMPANY OF           :
AMERICA v. PFIZER INC., 04 CV 10739 (PBS)        :
                                                 :
                                                 :
                                                 :
------------------------------------------------x
```

**DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS'
OPPOSITION TO PROVIDING THE JURY WITH THE TRIAL TESTIMONY**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this memorandum responding to Kaiser's Bench Memorandum in Opposition to the Provision to the Jury of Transcripts of the Trial Testimony.

## ARGUMENT

The Court has already indicated its inclination to send trial transcripts back to the jury room. (3/19 Tr. (Court) at 160:7-13.) Both sides agree that this is an issue "within the discretion of the trial judge." (Pl. Mem. [2735] at 1.) There is no basis for withholding transcripts from these jurors, who have been extremely attentive throughout this trial, and have asked intelligent, probing questions of witnesses through the final day of testimony. The jury should be encouraged to apply the same thoughtfulness and rigor during its deliberations. And those deliberations should be guided by careful evaluation of the actual evidence – the most reliable record of which is, of course, the transcript. Kaiser's contrary argument – that jurors should instead rely upon their less reliable and potentially divergent memories and notes regarding more than four weeks of testimony – simply makes no sense.

Indeed, Kaiser's present argument – that jurors' unguided review of trial transcripts

would lead to "unbalanced deliberations" (Pl. Mem. [2735] at 1) – is utterly irreconcilable with Kaiser's submission of five binders of documents regarding its RICO claims, most of which were not accompanied by any witness testimony whatsoever. As discussed in prior briefing (*see* Dkts. 2631 & 2658), Kaiser improperly asks the jury to sift through these voluminous documents, divine their meaning, and spontaneously draw inferences so complex and so far removed from the documents themselves that Kaiser required a more than 50-page brief to explain its strained interpretation to the Court. Kaiser's notion that the jury could perform this task, but cannot be trusted to read transcripts of proceedings they actually sat through, is nonsensical.

Kaiser's authorities recognize the Court's broad discretion on this issue, and do not weigh against the Court's inclination to send transcripts to the jury room. Kaiser only cites inapposite criminal cases,[1] none of which stand for the proposition that giving the jury access to the full trial transcript is somehow improper. In any regard, Pfizer agrees that the decision to allow the jury access to the transcript is within the Court's discretion, and submits that it is prudent to do so in this complex case. While Kaiser emphasizes the size of the transcript, this fact actually weighs in favor of presenting it to the jury. The length of the trial creates the need for the jurors to be able to refresh their memories, considering that testimony that they heard nearly a month ago will not be as fresh in their minds. If this was a one-day trial, the situation would be different. *See United States v. Tavares*, 93 F.3d 10, 14 (1st Cir. 1996) (noting that "where testimony is fresh in [the] jury's mind there is less of a need for rereading" the transcript) (citations omitted). Because the jurors are being asked to weigh evidence presented to them over the course of a month, however, the transcript may mitigate the impact that the fallibility of human memory will have on the verdict.

---

[1] For example, *Tavares* involved a case where the jury reviewed the testimony of several witness after the close of proof, and the First Circuit found that the non-provision of one of the witness's testimony had not yet been prepared before the end of jury deliberations was not plain error. 93 F.3d at 14. In *United States v. Aubin*, the question on appeal was whether the trial court must instruct the jury that it had a "right" to have the testimony reread. 961 F.2d 980, 983-84 (1st Cir. 1992).

Furthermore, over Pfizer's objections, Kaiser has been permitted to submit its binders of de-contextualized documents to the jury in support of its RICO claims. Allowing this document dump to go to the jury room, but not the transcripts, creates the misleading impression that these documents are somehow more important than the four weeks of testimony the jury actually experienced. As the First Circuit has instructed, district courts have an "obligation" to "guard against juror confusion," especially where, as here, the jury may be "confused about the import of . . . the proffered documents," thus leading the jury to "create[] . . . false inference[s]" when the documents are "[v]iewed in isolation." *Torres-Arroyo v. Rullán*, 436 F.3d 1, 7-8 (1st Cir. 2006).

## CONCLUSION

For all of the foregoing reasons, Pfizer respectfully requests that the Court allow a copy of the trial transcript to be sent to the jury room.

Dated: March 23, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Email:  Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ Raoul D. Kennedy
      Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel:  (415) 984-6400
Email:  Raoul.Kennedy@skadden.com

<table>
<tr><td>

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on March 23, 2010.

                /s/ Mark S. Cheffo
                Mark S. Cheffo

</td></tr>
</table>

WHEELER TRIGG O'DONNELL LLP

By:    /s/ James E. Hooper
         James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel:  (303) 244-1800
Email:  hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

4