UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 Master File No. 04-10981 |
| THIS ORDER RELATES TO: ALL PRODUCTS LIABILITY ACTIONS | Judge Patti B. Saris Mag. Judge Leo T. Sorokin |

DISCOVERY ORDER REGARDING COST SHIFTING MARCH 2010

March 24, 2010

SOROKIN, M.J.

Plaintiffs seek certain documents regarding the sales representatives that called upon the plaintiffs' doctors regarding Neurontin. Defendant has agreed to produce the documents. The parties dispute whether the Court should impose cost shifting.

The Court held an evidentiary hearing on Defendant's Motion for Cost Shifting at which defendant's expert testified. The expert's analysis suggested a cost of approximately $114,000 per sales representative to produce the requested discovery. The Court found defendant's expert experienced in the area of electronic discovery, however, the testimony offered by defendant was, at best, of tangential relevance to the issues confronting the Court. In particular, the Court finds that the expert's assumptions forming the basis of her analysis are neither applicable to this case nor the discovery under discussion. Thus, the Court rejects the conclusions and predicate assumptions set forth in the testimony and the related affidavit. Based upon the information available to the Court, the Court finds that the discovery sought from each sales representative is

relatively modest (prior experience suggests a maximum of less than 1,000 pages per sales representative and most likely either zero pages or perhaps 250 pages of discovery) and the scope of information defendant must review to produce the data appears similarly modest. Thus, the $114,000 estimate has no relationship to the discovery sought; to the contrary, the expenses for production in each individual case appear modest given the small amount of data review and production required for any individual sales representative. Defendant has failed to establish that the relevant factors under Fed. R. Civ. P. 26 favor its request.

Accordingly, Defendant's Motion for Cost Shifting (Docket #2577) is DENIED, Products Liability Plaintiffs' Motion to Compel (Dkt#2482) is ALLOWED and Plaintiff Irene Barlow's Amended Motion to Compel (Dkt#2480) is ALLOWED. Insofar as Plaintiffs request sanctions that request is DENIED. Defendant shall comply with this Order as to Plaintiff Barlow within fourteen days.

At the hearing, the parties indicated they wished the Court to review certain scheduling proposals. They shall inform the Clerk by close of business this Friday the docket numbers of the relevant documents.

SO ORDERED.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

.