UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------------x
:       MDL Docket No. 1629
In re:  NEURONTIN MARKETING,         :
        SALES PRACTICES AND          :       Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION :
        :       Judge Patti B. Saris
----------------------------------------------------------------x
        :       Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:            :
        :
ALL PRODUCTS LIABILITY CASES         :
        :
----------------------------------------------------------------x

**PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM
IN OPPOSITION TO DEFENDANTS' REQUEST TO
<u>RESCHEDULE THIS COURT'S APRIL 30, 2010 CONFERENCE</u>**

Products Liability Plaintiffs hereby oppose Pfizer Defendants' request to reschedule this Court's April 30, 2010 conference.

Defendants state gratuitously that they do not seek to delay matters regarding discovery. This is not true. It has been a month since Magistrate Judge Leo T. Sorokin ordered Defendants to provide sales representative custodial files (ECF Doc. # 2751); yet, Plaintiffs have not received a single file. Defendants have unreasonably delayed the discovery sought by Plaintiffs and ordered by this Court, and this delay threatens the Court-imposed deadlines for discovery in the individual cases.

The fact that there is a conference in a single case venued in Tennessee (*Smith v. Pfizer Inc.*) should not prevent this MDL Court, which governs over 500 cases, from going forward with the discovery status conference on April 30, 2010. Plaintiffs' counsel from the Levi Boone and Newton Schwartz firms have both indicated to the Products Liability Plaintiffs' Steering Committee their joint objection to this request by defense counsel for an adjournment. The

parties have had ample notice of this status conference in Boston, MA, to adjust their schedules and make the appropriate arrangements for attendance.  Attorneys from the Levi Boone and Newton Schwartz firms will travel to Boston from Mississippi and Texas.  And, of course, Products Liability Plaintiffs' Steering Committee will have counsel present at the conference in Boston on April 30, 2010, while at the same time counsel for individual plaintiff Ruth Smith will appear in Tennessee at the conference in the *Smith* case.

Defendants' counsel Skadden Arps has not demonstrated a legitimate basis, whether on substantive merit or based on burden, as to why this Court should disturb the date of the scheduled conference on April 30, 2010.  Defendants have literally volumes of counsel admitted in this MDL and in the Tennessee case, so much that their request to change the date of this Court's April 30 conference should simply be rejected.  Moreover, Defendants have local counsel in Tennessee who are more than capable of handling the pre-trial conference in that jurisdiction. Plaintiffs have taken appropriate steps to have counsel appear in both venues.  There is simply no reason why Skadden Arps cannot do the same.

Plaintiffs' Counsel will be prejudiced by a change in the conference date as they have also arranged their schedules to accommodate the Court's scheduling of this hearing.  Plaintiffs therefore object to Defendants' request for a rescheduling of the conference at this late date, and respectfully request that this Court deny in its entirety Defendants' request to reschedule the April 30, 2010 conference.

Dated:  April 20, 2010                    Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By:    **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
1279 Route 300, P.O. Box 1111
Newburgh, NY  12551

By:    **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
   & Associates
3701 Bee Cave Rd., Suit 200
Austin, TX  78746

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on April 20, 2010.

**/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire