UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
: MDL Docket No. 1629
In re:  NEURONTIN MARKETING,  :
       SALES PRACTICES AND : Master File No. 04-10981
       PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
: **LEAVE TO FILE**
ALL PRODUCT LIABILITY CASES : **GRANTED ON APRIL 23, 2010**
:
------------------------------------------------------------x

### REPLY MEMORANDUM IN FURTHER SUPPORT OF PRODUCTS LIABILITY PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PRODUCE DR. GIBBONS' GABAPENTIN PAPER WITH ACCOMPANYING DISCLOSURES AND TRANSMITTALS

Products Liability Plaintiffs seek to discover a copy of Dr. Robert D. Gibbons' latest gabapentin manuscript and correspondence to/from the journals that are considering whether to publish the manuscript. Defendants' suggestion that Plaintiffs are seeking to expand discovery is not true. Plaintiffs are entitled to such expert disclosure consistent with Fed. R. Civ. P. 26(a) and 26(e).

After the July 2009 *Daubert* hearing concerning Dr. Gibbons, he took his expert report and prepared a manuscript which he submitted for publication. Defendants informed the Court of the existence of the manuscript and that they would advise the Court and counsel of the manuscript's status. However, even by the time of the further *Daubert* hearing on February 17, 2010, neither Dr Gibbons nor defense counsel had informed Plaintiffs' counsel or the Court of anything concerning the purported manuscript.

It is undisputed that Dr. Gibbons had submitted his recent manuscript for publication in an attempt to bolster his expert report.  As Dr. Gibbons is being used by Defendants to further their defenses, this triggers the mandatory obligations of Fed. R. Civ. P. 26.  Defendants have provided no justification for their failure to comply with the mandatory discovery obligations.

It is disingenuous for Defendants to ask for an end to discovery concerning Dr. Gibbons when it is Defendants and not Plaintiffs that continue to prolong the discovery.  Indeed, each time Plaintiffs believe that Dr. Gibbons' opinions have been fully disclosed, he changes his amended report.  This Court has allowed these amended opinions which in turn require that Defendants fully and fairly supplement Dr. Gibbons' disclosures.  That Plaintiffs have had to continuously seek intervention from the Court demonstrates Defendants' consistent failure to comply with the requirements of Fed. R. Civ. P. 26 as well as deadlines ordered by the Court.

With respect to Plaintiffs' request for Dr. Gibbons' correspondence with the journals, as pointed out in Plaintiffs' previous motion( ECF Doc. # 1807), it is Plaintiffs' contention that Dr. Gibbons did not properly disclose his litigation involvement to them or that the manuscript is related to his gabapentin expert reports.  As to the current manuscript, Dr. Gibbons can not deny that the manuscript is litigation driven and that he was paid several hundred thousand dollars by Defendants for his litigation reports.  Whether and how this was disclosed to the journals may not be relevant to Defendants, but it is relevant, discoverable, and of paramount importance to Plaintiffs.

Plaintiffs' attacks on Dr. Gibbons are not personal.  When Dr. Gibbons and Defendants decided to merge his litigation studies with scientific journalism, they created a heightened duty to fully and fairly disclose the involvement.  Dr. Gibbons has in the past consistently, failed to do so.  For example, his submissions of a related paper, the "bipolar paper," for publication did not

2

disclose that he and Dr. Kwan Hur were paid by defense counsel for the database and data analysis of the bipolar patient group as a part of their expert witness bills, nor that entire blocks of text from the July 2008 expert report were repeated in the article that Dr. Gibbons submitted for publication as a scholarly study.  These failures are relevant to the weight that should be placed upon Dr. Gibbons' papers and whether they have passed peer review.  As this Court is well aware, Dr. Gibbons has been less than forthright with this Court and Plaintiffs in this litigation.  *See* ECF Doc. # 1807.  Dr. Gibbons' bipolar paper to the *Archives of General Psychiatry*, where he denies receiving compensation from Defendants, tainted its decision to accept his paper for publication.

Defendants suggest that their failure to produce the peer review comments until March 17, 2010, is "much ado about nothing."  Clearly, these comments would have been the topic of discussion during the February 17, 2010 hearing.  Defendants offer no justification for their and Dr. Gibbons' withholding those comments until after the hearing.  It is hard to imagine why these comments were not disclosed earlier.  Such behavior is completely consistent with Defendants misconduct concerning Dr. Gibbons throughout this entire litigation.

In the end, should this Court decide not to strike Dr. Gibbons' testimony altogether, nothing is more relevant to the cross-examination of Dr. Gibbons than the development of his expert report and papers.  In fact, this disclosure is required under Fed. R. Civ. P. 26.  Plaintiffs maintain that Dr. Gibbons' work is completely litigation-driven and so biased as to provide little, if any scientific value.  Defendants' suggestion that this is unfair flies in the face of the entire concept of cross examination.

Because Defendants have injected Dr. Gibbons' new gabapentin manuscript into the litigation, Plaintiffs request that the Court order the immediate production of the manuscript and accompanying disclosures.

Dated:  April 12, 2010                             Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*


By:     **/s/ Andrew G. Finkelstein**
        Andrew G. Finkelstein, Esquire
        Finkelstein & Partners, LLP
        1279 Route 300, P.O. Box 1111
        Newburgh, NY  12551


By:     **/s/ Jack W. London**
        Jack W. London, Esquire
        Law Offices of Jack W. London
           & Associates
        3701 Bee Cave Road, Suite 200
        Austin, TX  78746

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on April 12, 2010.

         **/s/ Andrew G. Finkelstein**
         Andrew G. Finkelstein