UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :     MDL Docket No. 1629
In re:  NEURONTIN MARKETING,                        :
SALES PRACTICES AND PRODUCTS                        :     Master File No. 04-10981
LIABILITY LITIGATION                                :
                                                    :     Judge Patti B. Saris
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :     Magistrate Judge Leo T.
THIS DOCUMENT RELATES TO                            :     Sorokin
                                                    :
PRODUCTS LIABILITY ACTIONS                          :
                                                    :
                                                    :
                                                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## BOONE AND SCHWARTZ PROPOSAL FOR COMPLETION OF INITIAL FACT DISCOVERY IN THE BOONE AND SCHWARTZ CASES

Pursuant to the hearing before Magistrate Judge Sorokin on April 30, 2010, Plaintiffs' counsel submit the following proposal for completion of initial fact discovery in the Boone and Schwartz cases.

There are approximately 414 remaining Plaintiffs in this MDL who are represented by Levi Boone ("Boone") and Newton Schwartz ("Schwartz") - 292 Boone Plaintiffs and 122 Schwartz Plaintiffs. This Court has ordered that the parties submit a proposal for the completion of the following discovery in each of these cases: depositions of Plaintiffs, depositions of the prescribing physicians, and depositions of the appropriate sales representatives.

In order to prepare for the depositions of defendant witnesses, Plaintiffs will need responses to Plaintiffs' case-specific template interrogatories and request for production of documents. Although some data has been provided by Defendants related to sample data and

1

sales call notes from sales representatives who detailed Plaintiffs' prescribers, the case-specific discovery related to sales representatives is still incomplete to varying degrees.

In order to prepare for the deposition of the Plaintiffs, Defendants need responses to responses to template discovery, to the extent not already provided, and case-specific template interrogatories and requests for document production.

In order to prepare for the depositions of Plaintiffs' Neurontin prescriber(s), the parties will need records from Plaintiffs' Neurontin prescriber(s), dispensing pharmacy records, and records establishing and describing the claimed injury. Although records and discovery have been collected for many of the cases, records and discovery are still incomplete to varying degrees in cases.

The parties agree that Plaintiffs will provide to Defendants medical authorizations, to the extent not already provided, by no later than August 30, 2010. The parties shall provide responses to template discovery, to the extent not already provided, on a rolling basis with responses for 30 Plaintiffs (comprised of 20 for Boone and 10 for Schwartz) served every two weeks, starting September 30, 2010, until complete.

Defendant shall respond to Plaintiffs case-specific discovery requests, to the extent not already provided on a rolling basis, with 30 responses served every two weeks, starting September 30, 2010, until complete.

The parties will continue the process of collecting the aforementioned records and discovery, and shall report to each other on the status. In the case of medical and pharmacy records, because the records are in the possession of entities not parties to this litigation, and can vary in complexity, it is not possible to establish firm deadlines for the completion of the records collection process.

Beginning on December 1, 2010, the parties will begin to take depositions regarding the claims of 15 Plaintiffs per month, with 10 of those being Boone Plaintiffs and 5 of those being Schwartz Plaintiffs. To the extent practicable, this shall include Plaintiff, any prescribing physician(s), and appropriate sales representatives. Counsel for Defendants and Plaintiffs will confer at the beginning of October 2010, and each month thereafter, to review the status of records collection and identify those witnesses that are ready for depositions to be completed. Consistent with Discovery Order No.2 [372], the parties will confer on the scheduling of such depositions. If agreement cannot be reached regarding which depositions to take, the parties will apply to the Court for resolution of any disputes.

## CONCLUSION

Plaintiffs' counsel respectfully ask that the Court approve this Proposal for Completion of Initial Fact Discovery in the Boone and Schwartz Cases.

Dated: May 28, 2010

          Respectfully submitted,

          BOONE LAW FIRM, P.A.

          By:      /s/ Levi Boone
                     Levi Boone III

          401 West Sunflower Road
          Post Box 1772
          Cleveland, MS 38732-2641

          LAW OFFICES OF NEWTON B. SCHWARTZ, SR.

          By:      /s/ Newton B. Schwartz
                     Newton B. Schwartz

          1911 Southwest Freeway
          Houston, Texas 77098

          *Attorneys for Plaintiffs*