UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Dorsey v. Pfizer, Inc. et al.<br>Case No.: 1: 05-cv-10639-PBS | MDL Docket No. 1629<br><br>Master File No. 04-10981<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Leo T. Sorokin |

**MOTION FOR IMPOUNDMENT OF PLEADINGS
AND SUPPORTING PAPERS RELATING TO THE OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Now comes the Plaintiffs Mary P. Dorsey ("Mrs. Dorsey") and hereby moves for impoundment of the Memorandum of Law in Support of Opposition to Motion for Summary Judgment, Affidavits in Support of Opposition to Summary Judgment, and documents attached to those pleadings. As reasons therefore, Plaintiff states as follows:

(1) Local Rule 5.3 (a) restricts the use of documents with personal identifiers in pleadings and permits filings to be made under seal under Local Rule 7.2 to protect personal identifiers and confidential information. The pleadings sought to be impounded, and which are filed herewith, largely concern or rely upon Plaintiff's confidential medical record and medical history and include, in many instances, personal identifiers. Plaintiff believes in good faith that this information need not be made public until a ruling on summary judgment is made. Once the claims survive summary judgment and proceed to trial, Plaintiff's medical history, to the extent relevant and admissible at trial, will become

public and Plaintiff understands this fact. Respectfully, Plaintiff requests that this information, however, be impounded until a ruling on the summary judgment motion.

(2) Under Local Rule 7.2, the moving party is required to make a statement concerning the earliest date on which the impoundment order can be lifted or a statement, supported by good cause, that the impoundment should last until further order of the Court. Plaintiff states that this impoundment order should be lifted on the date that this Court issues its ruling on summary judgment if summary judgment enters in Plaintiff's favor. If summary judgment enters in Defendants' favor, Plaintiff respectfully requests that the pleadings be returned to her counsel without being made part of the public record in this case. Plaintiff believes there is good cause for this position because it prevents the unnecessary disclosure of her confidential medical record if the case is dismissed prior to trial.

(3) There is no public interest to be served by the disclosure of Plaintiff's protected health information if this case does not proceed to trial and, therefore, Plaintiff respectfully suggests that there is no public interest served by denying this motion and no prejudice to any party by the allowance of this motion.

WHEREFORE, Mrs. Dorsey requests that this motion for impoundment by ALLOWED.

Respectfully submitted,

MARY P. DORSEY,
By her Attorney,

/s/ *Timothy J. Perry*
Timothy J. Perry (BBO#631397)
*tperry@pkjlaw.com*
Perry, Krumsiek & Jack LLP
101 Arch Street, 19th Floor
Boston, MA 02110
(617) 720-4300
fax (617) 720-4310

### CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon counsel of record by the Court's ECF (Electronic Court Filing) System.

Dated: June 4, 2010                    /s/ *Timothy J. Perry*
                                       Timothy J. Perry

### Local Rule 7.1 (A) (2) Certificate

I hereby certify that I attempted to confer with counsel for Defendants in a good faith effort to resolve or narrow the issues in dispute in this motion. As of the date of filing this motion, my email correspondence was not answered in regards to whether Defendants assent to or oppose the relief requested herein.

Dated: June 4, 2010                    /s/ *Timothy J. Perry*
                                       Timothy J. Perry