# EXHIBIT A

Issued by the
UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

---------------------------------------------------------------x
:
In re: NEURONTIN MARKETING,           :  MDL Docket No. 1629
       SALES PRACTICES AND            :  Master File No. 04-10981
       PRODUCTS LIABILITY LITIGATION  :  United States District Court
                                      :  District of Massachusetts
---------------------------------------------------------------x  Judge Patti B. Saris
                                      :  Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:             :
                                      :
       *Lyman v. Pfizer Inc., et al.* :
---------------------------------------------------------------x

TO: DR. ELIZABETH JENKINS-CASPIAN, 8720 North Crystal View, Flagstaff, AZ 86004

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

Hampton Inn & Suites
2400 S Beulah Blvd
Flagstaff, AZ 86001
PLACE OF DEPOSITION

June 8, 2010 at 9:00 am
DATE AND TIME

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents described in Exhibit A, attached

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

*Kenneth Fromson/mh*   Attorney for Plaintiff    6/3/10

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Kenneth Fromson, Esq., Finkelstein & Partners, LLP, 1279 Route 300, PO Box 1111, Newburgh, NY 12551   845-562-0203

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

# Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**Definitions**

As used throughout attachment, the term "document" or any similar term is used in its broadest possible sense and shall include, but not be limited to any original, reproduction or copy, and non-identical copy (i.e., copy with marginal notes, deletions, etc.) of any kind of written, printed, typed, electronically created or stored, or other graphic matter of any type, documentary material, or drafts thereof, including, but not limited to, any correspondence, memoranda, interoffice or intra-office communications, notes, diaries, journals, calendars, contract documents, publications, calculations, estimates, vouchers, minutes of meetings, invoices, reports, studies, computer tapes, computer disks, computer cards, computer files, e-mails, photographs, negatives, slides, dictation belts, voice tapes, telegrams, notes of telephone conversations and notes of any oral communications.

**Documents or Objects**

1. The deponent's curriculum vitae.

2. All documents, records, correspondence, or other materials reviewed by the deponent in preparation for this deposition.

3. All documents, records, correspondence, or other materials in the deponent's possession relating to the care and treatment of Joshua James Lyman.

4. Any and all documents that formed the basis, in whole or in part, for you to prescribe Neurontin to Joshua James Lyman. In this regard, documents may include a medical article, treatise, research study, publication, or other document regarding the use of Neurontin.

5. Copies of any and all promotional or marketing materials or other documents regarding the use of Neurontin in the treatment of the condition for which Joshua James Lyman was prescribed Neurontin.

6. Copies of any documents provided to the deponent by defendants, Pfizer, Inc. and/or Warner-Lambert Company and/or Warner-Lambert Company, LLC, by detail persons, medical liaisons or other agents of the defendants and/or by direct mailings regarding Neurontin.

7. Any documents, including any minutes, agendas, brochures, memoranda or correspondence relating to meetings of any trade group or of any other group or association where the use of Neurontin was discussed or referenced.

8. Any documents from medical seminars, conferences, teleconferences or lectures, conducted by or sponsored in whole or in part by defendants Pfizer, Inc. and/or Warner-Lambert Company and/or Warner-Lambert Company, LLC, attended by you in which the use of Neurontin was discussed or referenced.

9. Any documents reflecting the identification of supervising physician(s), supervisor(s), administrator(s) and/or individual(s) who supervised and/or oversaw medical treatment provided by you to patients being treated at the facility where residency/internship performed.

FINKELSTEIN & PARTNERS
PO BOX 1111 1279 ROUTE 300
NEWBURGH NEW YORK 12551
Client File Number:

\\

## IN THE UNITED STATES DISTRICT COURT OF THE STATE OF ARIZONA

| | | |
|---|---|---|
| IN THE MATTER OF IN RE: NEURONTIN MARKETING; SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Plaintiff | NO. 04-10981 |
| vs | | CERTIFICATE OF SERVICE |
| LYMAN v PFIZER INC, ET AL | Defendant | Date of Appearance: 06/08/2010 |

I, Ronald Montgomery, hereby swear that I am duly qualified to serve process in this cause, having been so appointed by the court, that I received the following document(s) in this action:

**SUBPOENA EXHIBIT A**

from FINKELSTEIN & PARTNERS, LLP on 06/03/2010,
that I personally served the same upon the party/parties in the manner named below:

**NAME: DR ELIZABETH JENKINS-CASPIAN**

**DATE & TIME:** 06/03/2010 08:12 PM
**PLACE:** 8720 N CRYSTAL VIEW
FLAGSTAFF, AZ 86004   Residence
**MANNER:** By leaving true copy(ies) of the above documents with
DR ELIZABETH JENKINS-CASPIAN IN PERSON

I declare under penalty of perjury that the foregoing is true.

Statement of Costs
| | |
|---|---|
| Service_Fee | $16 |
| Document_Prep_Fee | $10 |
| Rush | $35 |
| Mileage | $16 |
| Copy_fee | $1.2 |

Ronald Montgomery OP2009-004
Process Server registered in Coconino County

Total   $78.20

Northern Arizona Investigations P.O. Box 1326 Flagstaff, AZ 86002 (928) 779-2823
10-06-0997