UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br><br>ALL PRODUCTS LIABILITY ACTIONS | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

FURTHER SCHEDULING ORDER REGARDING ALL PRODUCTS CASES

June 9, 2010

SOROKIN, M.J.

After hearing and consideration of the parties' submissions, the Court makes the following rulings and enters the schedule set forth below.

The Lead 130 Cases

**July 23, 2010** - The Finkelstein law firm has indicated that it may seek to withdraw or dismiss as many as half of the approximately eighty cases in which it represents plaintiffs in this MDL. By this date, July 23, 2010, they shall file any such dismissals or motions to withdraw. Any motions to withdraw shall notify the plaintiff that (a) the plaintiff must file any objections to the motion to withdraw with the Clerk's Office by **August 7, 2010**; (b) the full mailing address of the Clerk's Office for filing; and (c) the objection must include the MDL caption, the name of the plaintiff, the plaintiff's mailing address for receipt of notices from the Court and the individual civil action number of the plaintiff's case.

**August 7, 2010** - Defendants shall file a list including the name and civil action number

1

of every pro se plaintiff with a products liability claim pending in this MDL along with a suggestion regarding the scheduling and handling of these cases as well as the approximately 30 miscellaneous cases discussed below.

**September 14, 2010** - Deadline for completing the template and common discovery (plaintiff, prescribing physician(s) and sales representative(s) depositions) in the previously identified 130 products liability cases. After the conclusion of this discovery, these cases will be ready for return to the transferor courts.

Boone and Schwartz Cases

In this MDL, the Boone and Schwartz law firms represent substantially more individual plaintiffs than all of the other law firms combined. The Boone and Schwartz law firms represent 292 and 122 plaintiffs in addition to those plaintiffs they represent whose cases are within the lead 130 cases. Notwithstanding the large number of plaintiffs they represent, the progress of the Boone and Schwartz law firms cases, by any measure, is substantially behind all the other cases in this MDL. While all other cases (excepting the pro se individuals and a small number of more recently transferred cases) are on track to complete common discovery by September and proceed shortly thereafter to mediation or return to the transferor Court for individual case discovery and trial, the medical authorizations and basic template discovery in the Boone and Schwartz cases remains incomplete. The common depositions also have not yet been taken in these cases.

The Court has significant concern regarding the ability of the Boone Law Firm to handle the large number of plaintiffs it represents in this MDL (more plaintiffs than all the other law firms combined even including the Schwartz law firm cases). After a hearing in April, 2010, in

which the Court discussed with counsel the status and pendency of claims by so many plaintiffs represented by Attorney Boone, the Court directed the parties to submit a schedule and proposal for resolution of the cases. The Court held a further hearing on June 8, 2010. The Boone Law Firm, which is a solo practice firm consisting of Attorney Boone and perhaps some administrative staff, proposed a schedule of fifteen deposition days per month until the common depositions in the Boone cases were complete. The schedule is not acceptable to the Court. The schedule, if adopted, would have Attorney Boone engaged in fifteen days of depositions in this MDL for a **five year period** beginning in late 2010. At this stage of the MDL, after years of discovery on general causation and the scientific issues, the parties (both the individual plaintiffs and the defendants) are entitled to have their cases resolved in a shorter time period.

The proposal is also wholly unrealistic from the perspective of the plaintiffs and Attorney Boone. The schedule would not provide Attorney Boone any opportunity to engage in individual discovery in any case during that five year period or to appear for trial in any such case. Nor does the schedule in any way recognize the likely possibility that the parties may wish to resolve these cases in a manner other than trial or individual motions for summary judgment. The Court also has significant doubts as to whether Attorney Boone could actually engage in such extensive depositions in this matter for a sustained period of time. Certainly to date, as far as the Court is aware, Attorney Boone has done nothing in this litigation beyond producing some of the template discovery on behalf of his clients. The Court also notes that Attorney Boone has many more plaintiffs from Mississippi (the source of all of Attorney Boone's cases) than all of the other lawyers combined represent whatever the location of their clients and wonders why, in the eyes of Attorney Boone, so many of his cases remain viable at

this stage of the MDL when other, seasoned, plaintiffs' counsel are seeking to dismiss or withdraw from perhaps as many as half of their cases. Attorney Boone provided no particular explanation to the Court on either of these two points at the hearing on June 8th.

Accordingly, the Court enters the following schedule to govern the Boone and Schwartz cases.

**July 7, 2010** - Plaintiffs shall produce medical authorizations and the other information set forth at Docket #372 page 3.

**July 10, 2010 and by the tenth of every month thereafter**, the Boone and Schwartz law firms shall each file a chart regarding the plaintiffs the firm represents. The chart shall have a separate line for each individual the law firm represents. On each line, the law firm shall list (1) the name of the plaintiff; (2) the applicable civil action number in this district, whether or not they have produced all of the medical authorizations and information required by #372 page 3; (3) the date on which plaintiffs completed template discovery or the word "incomplete" if template discovery by plaintiffs is not yet completed; (4) the date on which defendants completed template discovery or the word "incomplete" if template discovery by defendants is not yet completed (defendants shall provide this information to the Boone or Schwartz law firm by July 6, 2010 and by the sixth of every month thereafter for inclusion by the Boone or Schwartz law firm in the monthly chart filed by the firms); (5) the total number of depositions the parties anticipate taking of both prescribing physicians and sales representatives in the case of the individual plaintiff; (6) the number of such depositions, if any, completed by the parties; and, (7) the date of the deposition of the plaintiff or plaintiff's representative (if such deposition has been scheduled or has been taken).

**July 15, 2010 and on the first and fifteenth of every month thereafter** - the Boone law firm shall produce the template paper discovery for 20 plaintiffs while the Schwartz Law firm shall produce such discovery for 15 plaintiffs.   This schedule will continue until the production of the template discovery is complete, i.e. approximately seven plus months for the Boone Law Firm and four plus months for the Schwartz Law Firm.  To the extent defendants have not completed their template discovery, they shall produce template discovery on the Boone and Schwartz Law Firm cases at the same rate and schedule – 20 Boone Plaintiffs twice a month and 15 Schwartz Plaintiffs twice a month beginning July 15, 2010.

**October 25, 2010 and by the 25th of each month thereafter**, the parties shall file with the Court a list of the depositions they intend to take the following month in the Boone and Schwartz cases as well as the names of the associated plaintiffs.

**November 1, 2010 and each of the following four months** (i.e. until the end of March 2011), the parties shall take 15 days of depositions in the Boone Law Firm cases and 15 days of depositions in the Schwartz Law Firm cases.  The parties will proceed case-by-case, that is, taking depositions of the plaintiff, prescribing physician(s) and sales representative(s), as the Court anticipates returning cases to the transferor Court on a regular rolling basis upon the conclusion of the three categories of depositions regarding a plaintiff's case.  Thus, the Court would expect to return to transferor courts 3-5 Boone and 3-5 Schwartz cases every month starting in December 2010. When taking the deposition of a prescribing physician or sales representative, the parties shall depose such person regarding any applicable Boone or Schwartz plaintiff as such persons shall sit for only one deposition absent extraordinary circumstances.  In addition, the parties should endeavor, if possible, to coordinate the depositions in such a way to

minimize the travel of the lawyers between deposition locations. Within these confines the parties may agree among themselves regarding the proper ordering of the cases.

**April 10, 2011** - the defendants, the Boone and Schwartz Law Firms shall file a proposal with the Court for the completion of discovery and resolution of the Boone and Schwartz Law Firm cases by April 2012.

The Court will hold status conference in September, 2010, January, 2011 and April, 2011 to review the progress and status of these cases.

The Court has invested substantial time, effort and thought in fashioning a schedule governing these cases in an effort to expeditiously, fairly and reasonably proceed with the claims brought by these 414 plaintiffs. Resolving these cases will involve a substantial expenditure of resources by the Court, the parties and counsel. **Counsel are warned that the failure to comply with the Court's Orders set forth herein may result in dismissal of the claims of a plaintiff or of cases brought by counsel. In light of the circumstances noted herein as well as Attorney Boone's previous failure to comply with governing rules and orders, the Court directs him to pay particular attention to this warning.**

Miscellaneous Cases

**July 15, 2010** - Counsel shall file a joint list of the remaining (approximately thirty) products cases not within the 130 described above nor in the Boone or Schwartz case groups. This list shall identify the civil action number in this court, the name of the plaintiff and the name of the plaintiff's counsel. After reviewing this list, the Court will establish a schedule to govern these cases.

Hearing Schedule

The Court will hold a status conference and hearing on **September 17, 2010,** at 3:00 p.m. in Courtroom 24 to address the status of the products liability cases. Counsel from the steering committee, the Boone and Schwartz law firms and counsel for the defendants shall appear in person at the conference and hearing.

The Court will hold a status conference on **January 11, 2011** at 3:00 p.m. and again on **April 26, 2011,** at 3:00 p.m. regarding the Boone and Schwartz Law Firm cases.

SO ORDERED.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

.