UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THIS DOCUMENT RELATES TO:

*Dorsey v. Pfizer Inc, et al.*
Case No. 1:05-cv-10639-PBS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

**DEFENDANTS' REPLY IN FURTHER
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), by counsel, respectfully submit this reply in further support of their motion for summary judgment as to the claims of Plaintiff Mary Dorsey.

**PRELIMINARY STATEMENT**

Plaintiff's opposition confirms that there is no genuine issue of material fact for trial. Significantly, Plaintiff concedes that she is *not* alleging that the side effects she claims to have sustained were not adequately warned of in Neurontin's labeling. Thus, her claims are barred under Massachusetts' learned intermediary doctrine. To the extent Plaintiff seeks to proceed not on a failure-to-warn theory of liability but on one based solely on alleged off-label marketing, as her opposition suggests, her claims also fail as a matter of law. As this Court has previously recognized, Plaintiff may not privately enforce, or base civil liability on, the Federal Food, Drug, and Cosmetic Act ("FDCA") and regulations governing the marketing of prescription medicines.

Plaintiff's opposition also establishes that even if she had not abandoned her failure-to-warn theory, she would not be able to maintain such a claim because she cannot prove proximate causation. In her affidavit, she attests: "As I was being prescribed Neurontin off-label, . . . it

never occurred to me at the time that I took Neurontin to heed any of the warnings on the labels of the drug." (Pl.'s Aff. [2835] ¶ 18.) Given Plaintiff's concession that she would not have heeded any additional or alternative warning for Neurontin, she cannot show that "but for" Defendants' alleged failure to warn of some risk, she would not have sustained the injuries she alleges.

Finally, Plaintiff confirms in her opposition that she has no admissible expert testimony to create an issue of fact as to medical causation. Dr. Jeremy Schmahmann, her treating physician and the only expert on whom she purports to rely to establish this essential element of her claims, has not opined that the symptoms Plaintiff alleges were caused by Neurontin, much less by any failure to warn. For all of these reasons, Pfizer's motion should be granted.

## ARGUMENT

I. **PLAINTIFF CONCEDES THAT SHE CANNOT STATE A CLAIM FOR FAILURE TO WARN AND NOW SEEKS TO RECOVER ONLY THROUGH AN IMPERMISSIBLE OFF-LABEL PROMOTION CLAIM**

A. **Plaintiff's Admission that Defendants Warned of the Injuries She Alleges Is Fatal to Her Claims**

As Pfizer demonstrated in its moving brief, all of Plaintiff's remaining claims are subsumed by her claim, as set forth in her Complaint, for negligent failure to warn. (Defs.' Mem. [2799] at 17-19; *see also* Compl. ¶¶ 203-10.) In her Opposition, however, Plaintiff concedes that she is not alleging that she sustained any injury that was not warned about in Neurontin's label at the time it was prescribed to her. Indeed, Plaintiff asserts that the effects she claims to have experienced "were known" and "contained in the PDR," or label, for Neurontin. (*See* Pl.'s Opp. [2833] at 7 ("Since this case began, Plaintiff has learned that the symptoms she suffered from Neurontin use were known risks associated with the drug."); *see also id.* at 3 ("Known side effects of Neurontin contained in the PDR include somnolence, sedation, depression and dizziness.").) As such, all of her claims must be dismissed under the learned intermediary doctrine, which provides that a prescription drug manufacturer satisfies its duty to warn by communicating all known risks directly to the prescribing physician. *See Garside v. Osco Drug,*

2

*Inc.*, 976 F.2d 77, 80 (1st Cir. 1992) ("The rationale underlying the [learned intermediary doctrine] is that the prescribing physician, as the 'learned intermediary' standing between the manufacturer and consumer/patient, is generally in the best position to evaluate the potential risks and benefits of ingesting a certain drug and to advise the patient accordingly.  Under this doctrine, the manufacturer's duty is fulfilled once it adequately warns the physician.").

Massachusetts courts have repeatedly granted summary judgment under circumstances similar to those presented in this case.  *See, e.g.*, *Haughton v. Hill Labs., Inc.*, No. 06-11217-RGS, 2007 WL 2484889, at *2 (D. Mass. Aug. 30, 2007) (granting summary judgment where plaintiff presented "no evidence suggesting that [defendant] failed to warn [plaintiff's] physicians of the possible complications that might arise from the use (or misuse) of [prescription medication] or that the instructions and warnings that were provided would not have placed the average dermatologist on notice of these risks"); *Lareau v. Page*, 840 F. Supp. 920, 933 (D. Mass. 1993) (granting summary judgment on failure to warn claim where nothing in the record suggested "that the warnings actually made were not adequate to put the average neurosurgeon on notice of the risks involved"), *aff'd*, 39 F. 3d 384 (1st Cir. 1994); *Chamian v. Sharplan Lasers, Inc.*, No. 200000171, 2004 WL 2341569, at *7 (Mass. Super. Ct. Sept. 24, 2004) (dismissing failure to warn claim "because [plaintiffs] have not identified a warning that should have been given, but was not").  The same result is warranted here.

**B.     Plaintiff Cannot Pursue Claims for Injury Based on Alleged Off-Label Promotion**

Plaintiff attempts to replace her defective failure-to-warn theory of liability with one based on Defendants' alleged off-label promotion of Neurontin.  (*See* Pl.'s Opp. at 1 ("The simple fact is that Mrs. Dorsey would never have taken this drug if she had known of the Defendants' criminal scheme – which she did not discover until the Defendants pled guilty to criminal charges brought by the U.S. Attorney in Boston in a related criminal case in 2004."); *id.* at 7 ("Plaintiff relied upon the drug company's good faith, believing that they would not illegally market any drug."); *id.* at 9 ("Plaintiff has testified that if she had known at the time that she was prescribed Neurontin that the Defendants and/or their predecessors had been engaged in an

illegal marketing scheme to influence physicians and increase sales of the drugs, Plaintiff would not have taken Neurontin – even at the advice of her physicians.").)  This she cannot do.  As this Court has recognized, because the FDCA "does not create a private right of action" plaintiffs cannot bring civil claims premised solely on alleged off-label promotion.  *In re Neurontin Mktg., Sales Practices & Prods. Liability Litig.*, 433 F. Supp. 2d 172, 179 (D. Mass. 2006); *accord In re Epogen & Aranesp Off-Label Mktg. & Sales Practice Litig.*, 590 F. Supp. 2d 1282, 1287-90 (C.D. Cal. 2008).

## II.  PLAINTIFF CANNOT ESTABLISH PROXIMATE CAUSE BECAUSE SHE HAS ADMITTED THAT SHE WOULD NOT HAVE HEEDED ANY WARNING

As set forth above, Plaintiff has expressly negated, and thus abandoned, her failure-to-warn claims by conceding that the injuries she claims to have sustained were warned of.  But even if Plaintiff were still asserting a failure to warn, summary judgment would be warranted because she has admitted that she *would not have heeded* any additional or alternative warning about the injuries she alleges.  It is well settled that to establish a failure-to-warn claim in Massachusetts, a plaintiff must adduce "evidence that if an additional warning had been given, *it would have been heeded and a different result would have obtained*."  *Chamian v. Sharplan Lasers, Inc.,* 2004 WL 2341569, at *7 (emphasis added); *see also Jones v. Walter Kidde Portable Equip., Inc.*, 16 F. Supp. 2d 123, 125 (D. Mass. 1998) (observing that a plaintiff must present evidence showing that, if some additional warning had been provided, "the outcome would have been different"), *aff'd*, 183 F.3d 67 (1st Cir. 1999).

Plaintiff has not only failed to set forth any evidence to create a factual dispute as to whether her prescribing physician would have heeded any additional warning about Neurontin,[1] but Plaintiff has also candidly admitted that, even if Defendants had provided a different or

---

[1] In fact, Plaintiff's prescribing physician, Dr. Jonathan Alpert, has testified that, even with the benefit of hindsight, his prescribing behavior with regard to Plaintiff was entirely appropriate and indicated that he would not have done anything differently.  (Alpert Tr. at 44:3-8 (attached as Ex. D to Cheffo Decl. [2802-4]).)

4

additional warning and her physician had communicated it to her, she would not have heeded it. (*See, e.g.*, Pl.'s Aff. [2835] at ¶ 18 ("As I was being prescribed Neurontin off-label, . . . it never occurred to me at the time that I took Neurontin to heed any of the warnings on the labels of the drug."); *see also* Pl.'s Opp. [2833] at 8; Pl.'s Statement of Facts [2834] at ¶ 28.) It is axiomatic that no injury can be attributed to a failure to provide a warning that would have been ignored anyway. *See, e.g.*, *Reinhardt v. Gulf Ins. Co.*, 489 F.3d 405, 412 (1st Cir. 2007) ("Under Massachusetts law, a plaintiff seeking to establish causation must show that the 'defendant's conduct was a but-for cause of [its] injury, and that [the] defendant's conduct was a 'substantial legal factor' in bringing about the alleged harm to [the] plaintiff.'" (citation omitted) (alterations in original)). Thus, because the record does not present a genuine issue of material fact on the issue of whether any failure to warn by Defendants of any alleged risk of Neurontin caused Plaintiff's injury, the Court should grant Defendants' motion for summary judgment.

### III. PLAINTIFF'S OPPOSITION CONFIRMS THAT SHE CANNOT CREATE AN ISSUE OF FACT AS TO MEDICAL CAUSATION BECAUSE SHE HAS NO ADMISSIBLE EXPERT TESTIMONY TO SUPPORT HER CLAIMS

Plaintiff's concessions on her failure-to-warn claims each independently direct summary judgment. Accordingly, the Court need not even reach the issue of Plaintiff's failure to proffer admissible expert evidence on medical causation. If the Court decides to consider this additional ground for summary judgment, however, it need only review the testimony of Dr. Schmahmann, the only expert on whom Plaintiff intends to rely. (*See, e.g.*, Pl.'s Opp. at 7-9.)

As set forth in Defendants' moving brief, Plaintiff's expert disclosure is improper because she did not produce an expert report for Dr. Schmahmann or any other expert. (*See* Defs.' Mem. at 9-10.) But even disregarding this dispositive defect, the record establishes that Dr. Schmahmann has not only *not* agreed to provide expert testimony in support of Plaintiff's claims – a fact that Plaintiff does not dispute – but has testified that if he were forced to form an opinion on medical causation in this case, he would have to say that Plaintiff's reported side effects were connected to *clonazepam (or Klonopin)*, *not Neurontin*. (*See, e.g.*, Schmahmann Tr. [2802-6] at 90:8-91:23.)

Plaintiff does not address any of the deposition testimony of Dr. Schmahmann cited by Defendants establishing that he has not opined, and indeed, is unwilling to opine, that Neurontin caused the injuries she alleges. (*See* Defs.' Mem. at 12-13.) She purports to rely instead on testimony from an earlier deposition in which Dr. Schmahmann testified only that Neurontin was one of the medications that she was taking when he determined that her alleged injuries were likely caused by polypharmacy, or the use of multiple medications. (*See* Ex. I, 4/8/08 Schmahmann Tr., at 27:23-28:11, 30:16-33:15.)[2]

Because Dr. Schmahmann has testified that he does not believe that, and will not offer an opinion that, Neurontin caused Plaintiff's alleged injuries, Plaintiff has no expert testimony that "fits" the facts of her case. Accordingly, she cannot create a genuine issue of material fact as to medical causation and her claims must be dismissed.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendants' opening memorandum of law, this Could should grant Pfizer's motion for summary judgment.

Dated:  June 11, 2010                                     Respectfully submitted,

                                                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                                         By:   /s/ Mark S. Cheffo
                                                                Mark S. Cheffo

                                                         Four Times Square
                                                         New York, NY 10036
                                                         Tel:  (212) 735-3000

                                                         -and-

                                                         ROPES & GRAY LLP

                                                         By:   /s/ Ana M. Francisco

---

[2]  All exhibits are attached to the accompanying Declaration of Mark S. Cheffo.

>Ana M. Francisco
>BBO # 564346
>
>One International Place
>Boston, MA  02110
>Tel:  (617) 951-7000
>Email:  ana.francisco@ropesgray .com
>
>*Attorneys for Defendants Pfizer Inc and*
>*Warner-Lambert Company LLC*

**CERTIFICATE OF SERVICE**

   I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 11, 2010.

>/s/ Ana. M. Francisco
>Ana M. Francisco