UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>IRENE BARLOW<br>1:05CV175SS Western District of Texas | Civil Action No. 04-10981 |

**PLAINTIFF IRENE BARLOW'S MOTION FOR SANCTIONS FOR DEFENDANTS' WILLFUL CONTEMPT OF THIS COURT'S ORDER (ECF DOCKET ORDER 2751) COMPELLING DEFENDANTS TO PRODUCE DISCOVERY**

**TO THE HONORABLE COURT:**

I.

Plaintiff Irene Barlow moves the Court to determine that Pfizer and Warner-Lambert are in contempt of its order, ECF Docket Number 2751, and to order appropriate relief under Rule 37 (a), 37 (b) and 37 (d).

II.

After entry of this Court's orders, ECF Docket Number 2045 and 2125, to complete core discovery, including the depositions of the sales representatives by September 15, 2010, Plaintiff Irene Barlow served Requests for Production of Documents and Things on Defendants. Defendants did not produce any documents in response.

III.

Plaintiff Barlow thereafter moved, ECF Docket Number 2480, for an order to compel Defendants to produce documents in order to enable her to prepare for and take the sales representatives' depositions.

IV.

This Court, on March 24, 2010, granted Plaintiffs' motion. It did not sustain any of Defendants' objections to the requests for production. It ordered Defendants to comply with its order as to Mrs. Barlow within 14 days, i.e., April 5, 2010. See ECF Docket Order 2751.

V.

Defendant has not complied with the Order or with Rules 26 and 34 in certain respects:

A. Defendant has not served any pleading response that states with respect to each requested item and category whether such items will be produced or will not be produced, or is not in the custody, access or control of defendants.

B. Defendant did produce certain copies of documents. However, the production did not:

1. Disclose documents in a form that is reasonably usable or as kept in the ordinary course of business.

2. Accompany a responsive pleading and, accordingly, did not specify to which number or category of requested discovery each document responded to.

3. Defendant failed to produce the vast majority of the requested documents for information, including at least:

   Request number/ Description

   1. Plaintiff's medical bills.

   3. All the names, last known addresses, and telephone numbers of Defendant's sales representatives who called on plaintiff's prescribers.

   4. The sales representatives entire custodial file.

   5. All sales call notes and sample data in an electronic and paper format.

6. Promotional information distributed to or discussed with Plaintiff's prescribing physicians.

7. Records of sales representatives investigations and reprimands.

9. Records of health care providers as an "opinion leader," Visiting Speakers Bureau, or consultant in any other capacity.

10. Records of Plaintiff's health care providers invited to attend conferences or events.

11. All documents relating to whether Plaintiff's health care providers ever contacted Defendants.

12. Database or information to track Plaintiff's prescribing health care providers prescribing practices.

21. Document received from any of Plaintiff's prescribing physicians.

22. Communications with Plaintiff's prescribing physicians concerning the risk and benefits of Neurontin.

23. Every document that purports to describe the prescribing practices of any of Plaintiff's prescribing physicians.

30. Investigations of Plaintiff or her family.

34. Indemnification for Plaintiff's prescribing physicians related to Neurontin litigation.

35. All leave-behind materials.

36. Leave-behind materials directed to patients.

37. The entire employment file for each of Defendant's sales representatives.

38. and 39. Training manuals for sales representatives who called on Plaintiff's prescribing physicians.

40. Third party materials provided to each of Defendant's sales representatives.

41. Scripts of all sales representative "voice mails."

42. Comparison sheets provided to each of Defendant's sales representatives.

43. and 44. "Q&A" responses to published studies provided to each of Defendants' sales representatives.

45. Defendants' gross and net sales of Neurontin for each year.

48. Data that purports to track Plaintiff's providers prescribing practices.

VI.

The failure of Defendant to produce the requested discovery has obstructed the Plaintiff's ability to prepare for the depositions of the sales representatives and has also obstructed the ability of the Plaintiffs to locate the sales representatives to subpoena them for depositions or otherwise arrange for schedules for the depositions.

VII.

Plaintiff's counsel has spoken with defense counsel in an attempt to resolve this dispute and, further, has provided copies of the Requests for Production with highlighted identification of the essential information necessary for her to proceed. No resolution has been reached.

VIII.

Accordingly, Plaintiff Irene Barlow prays the Court enter its order finding that Pfizer and Warner-Lambert are in contempt of its order, ECF Docket Number 2751, that the Court order appropriate relief under Federal Rules of Civil Procedure 37, including an order that Defendants' answer to Mrs. Barlow's complaint be stricken and that they be denied the right to oppose her liability claims for relief, that Defendants produce for deposition in Austin, Texas the sales representatives not yet scheduled on dates convenient to Plaintiff and her counsel without further delay, that her case be remanded from MDL 1629 to the originating court, the Western

District of Texas for further proceedings, and that Defendants pay the costs and attorney fees associated with Mrs. Barlow's counsel preparing and presenting her Motion to Compel, ECF Docket Number 2480, and this motion, together with other relief deemed appropriate by this Court to assure compliance by defendants with this Court's orders.

                Respectfully submitted,

                LAW OFFICES OF JACK W LONDON
                3701 Bee Cave Rd., Suite 200
                Austin, TX 78746
                512-478-5858 (telephone)
                512-479-5934 (facsimile)

By: _____
      Jack W. London
      State Bar No. 12512500

                WRIGHT & GREENHILL, P.C.
                221 West 6th Street, Suite 1800
                Austin, TX 78701
                512-476-4600 (telephone)
                512-476-5382 (facisimile)

                ATTORNEYS FOR PLAINTIFF
                IRENE BARLOW

## CERTIFICATE OF GOOD FAITH

I hereby certify that I have conferred in good faith with counsel for Defendants concerning the issues presented in this motion and the parties have been unable to resolve the issues without the intervention of this Court.

Dated: June 15, 2010

By: _____
Jack W. London

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 15$^h$ day of June, 2010.

By: _____
Jack W. London