UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>IRENE BARLOW<br>1:05CV175SS Western District of Texas | Civil Action No. 04-10981 |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF IRENE BARLOW'S MOTIONS FOR SANCTIONS FOR DEFENDANTS'
WILLFUL CONTEMPT OF THIS COURT'S ORDER (ECF DOCKET ORDER 2751)
COMPELLING DEFENDANTS TO ANSWER INTERROGATORIES AND TO
PRODUCE DISCOVERY**

**TO THE HONORABLE COURT:**

Plaintiff Irene Barlow submits this single Memorandum in support of both Motions for Sanctions filed this date.

I

**Statement of Facts in Support of Motions for Sanctions**

This Court, on October 14, 2009, ordered the parties to complete core discovery, including the depositions of the sales representatives who called on or had contact with Mrs. Barlow's Neurontin-prescribing doctors, by September 15, 2010. See ECF Docket Orders 2045, 2125. Mrs. Barlow promptly took steps to obtain the core discovery. On October 28, 2009, she filed both interrogatories and requests for production to Defendants. In November 2009 and January 2010 she agreed to two extensions for Defendants to answer. Defendants filed only objections.

On February 8, 2010, she filed a Motion to Compel Discovery from Defendants, ECF Docket Numbers 2474 and 2480. The Motion sought an order to compel answers both to her interrogatories and production of documents and information responsive to her requests for production. The Motion was explicit that the discovery sought was to enable her to prepare for and take the sales representatives depositions.

These documents are filed and located in the Court's docket as:

| | |
|---|---|
| ECF Docket Number 2476 – 3 | Interrogatories, with Defendants objections, filed as an exhibit to Plaintiff's Motion to Compel |
| ECF Docket Number 2476- 2 | Requests for Discovery of Documents, with Defendants objections, filed as an exhibit to Plaintiff's Motion to Compel |
| ECF Docket Numbers 2475 / 2480 | Motion and Amended Motion to Compel |

Defendant opposed the Motion by filing a motion to shift the cost to Mrs. Barlow of searching for and producing copies of the sales representatives custodial files. See ECF Docket Number 2577.

After an evidentiary hearing the Court denied the motion to impose the cost of producing the custodial files on Mrs. Barlow and, more specifically, granted Mrs. Barlow's motion to compel. On March 24, ECF Docket Number 2751, the Court ordered in pertinent part:

> "Plaintiff Irene Barlow's Amended Motion to compel (DKT # 2480) is ALLOWED.... Defendant shall comply with this order as to Plaintiff Barlow within FOURTEEN days."

The Court did not sustain any of Defendants' objections to Plaintiff Barlow's Interrogatories or Requests for Production.

As of the date of filing the underlying motions, Defendants have not:

a.  Answered the interrogatories in any form;

b. Filed a pleading as required by Rule 34 (b) stating with respect to each item or category of documents and requested information whether discovery would be made, whether the items that were disclosed corresponded to the items and categories of items requested, whether items that were not disclosed did not exist or would not be disclosed;

c. Produced the vast majority of the items requested.

In an effort to keep discovery flowing, on June 10, 2010, Plaintiff's counsel provided to defense counsel a color-highlighted copy of both the requests for production and the interrogatories, showing exactly what had not been produced or answered that was urgently needed to enable Plaintiff to depose the sales representatives. Copies of the transmittal letter and of the color-highlighted interrogatories and requests are attached hereto as exhibits 4, 5, 6 and 7.

Defendants did produce certain documents but, as to those listed by number and category in the Motion For Sanctions regarding discovery, Defendants have not produced such documents and, for the most part, disregarded Plaintiff's follow-up attempts to get them.

Many items not disclosed to Mrs. Barlow were disclosed in other litigation. For example, in *Young v Pfizer* the Defendants disclosed various lists of doctors who attended Neurontin CME and events. In *Franklin v Pfizer* the Defendants disclosed decile lists by which the level of drugs prescribed by doctors in the Customer Business Unit were tracked for sales representatives. In this litigation Defendants have disclosed neither.

II

### Sales Representative Custodial Files

As set out above, Defendants opposed the Interrogatories and Requests for Production by objecting to every single interrogatory and request. They then opposed the Motion to Compel in

part by filing a motion to shift the cost of producing the sales representative's custodial files and many other items to Mrs. Barlow. See ECF Docket Number 2577, Motion, and 2580, Memorandum of defendants in support of cost shifting motion.

On May 13, 2010 defense counsel Stevens sent a letter to Plaintiff's counsel Pierce declaring that there were no sales representative custodial files. In an email dated June 14, counsel stated as to the custodial files "Pfizer sent multiple lawyers to Kalamazoo Michigan to specifically review the custodial files in your case alone (Barlow). Despite an extensive review, Pfizer did not identify any responsive materials from these files."

The message of May 13 is in stark contrast to the representations Defendants made to the Court in both the motion and memorandum and in the hearing asking this Court to shift the cost of producing those files to Mrs. Barlow. The message of June 14 seems to contradict the earlier message and state that there are custodial files but, regardless of what is in them, Pfizer was not going to produce what was located. This was not an option the Court gave Pfizer.

In either event, Defendant has not produced any custodial files of the sales representatives who called on Mrs. Barlow's prescribing doctors. Indeed, the most basic information about the sales representatives sought out, Interrogatory 1 and Request 3, has not been produced, such as their last known or current addresses and their current employment. Defendants have gone to great lengths to not disclose this information, despite repeated informal requests and conferences, even though defense counsel has it. For example, defense counsel stated in emails that one deposition could not proceed as noticed because the sales representative is now in Stratford Connecticut rather than in Texas and that, as to another, Pfizer would not produce her for deposition as noticed because it conflicted with her school schedule. Neither representative's address or employment or anything else was disclosed.

As to the custodial files, Pfizer's opposing a motion to produce them without even looking to see whether the documents sought actually exist is a black letter violation of Rule 11 (b). Not only is the Defendants' failure to determine whether custodial files existed a sanctionable omission, the obvious consequence of opposing discovery was to prevent Mrs. Barlow from getting the discovery she sought from November 22, 2009, when it was due, to June, 2010, when she is still waiting for the vast majority of it.

### III

### Authorities

Rule 37 contemplates that the Court may fashion such orders as are necessary both to force compliance with its orders and to propel unwilling litigants to produce discovery within the Federal Rules of Civil Procedure. Rule 37 (a) (3) contemplates that evasive and incomplete answers to interrogatories and responses to requests for discovery are "to be treated as a failure to disclose, answer, or respond." Rules 37 (b), (c), and (d), however, contemplate that when presented with the failure to comply with an order that directed a party to produce discovery or answer interrogatories or evaded or made incomplete responses, the Court "may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Subdivision (b)(2) permits orders deeming facts as established, refusing to permit the disobedient party to oppose designated claims, striking pleadings, and orders treating the conduct as contempt of court.

This Court, in *Afreedi v Bennett*, 517 F.Supp. 521 (D. Mass, 2007), balanced the range of sanctions available against the conduct of the parties and the impact on the litigation, determining that an award of fees and expenses was reasonable and warning that dismissal or striking pleadings is among the sanctions to consider:

However, a case should not be dismissed with prejudice except when a plaintiff's misconduct is particularly egregious or extreme. *Benitez-Garcia,* 468 F.3d at 4, *citing Benjamin v. Aroostook Med. Ctr., Inc.,* 57 F.3d 101, 107 (1st Cir.1995). Dismissal as a sanction runs counter to judicial policy favoring the disposition of cases on the merits. *Velazquez-Rivera v. Sea-Land Service, Inc.,* 920 F.2d 1072, 1075-1076 (1st Cir.1990). Accordingly, fairness requires that some limits be placed on the use of that sanction. *Id.,* at 1076. Common considerations in assessing what sanction is appropriate include the severity of the violation, the legitimacy of the party's excuse, repetition of violation, the deliberateness of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions. *Benitez-Garcia,* 468 F.3d at 5. Disobedience of court orders, in and of itself, has been held to constitute extreme misconduct warranting dismissal as a discovery sanction. *Ortiz-Rivera v. Municipal Government of Toa Alta,* 214 F.R.D. 51, 57 (D.Puerto Rico, 2003) *citing Cosme Nieves v. Deshler,* 826 F.2d 1, 2 (1st Cir.1987).

Taking these factors into account, the Defendants

1. Requested multiple extensions on discovery, to which Plaintiff agreed, before filing objections and refusing to respond, thus forcing a motion to compel and delaying virtually all discovery from November 22 to the present;

2. Opposed discovery of custodial files either (1) without investigating to determine whether the files even existed or (2) failed to disclose them despite the Court's order. Given that Defense counsel has written a letter to say that there are no custodial files, as surprising as that is, Plaintiffs believe the more likely truth is that Defendants made no effort to determine whether such files existed before filing the cost-shifting opposition, thus violating Rule 11 and wasting huge amounts of the Court's and counsels' time and delaying discovery without a good-faith basis;

3. Failed to answer any interrogatories, despite this Court's order, thereby preventing plaintiffs from identifying the sales representatives, their current or last-known addresses and current employment and subpoenaing them for depositions;

4. Failed to file a responsive pleading to Requests for Production, despite this Court's order, and failed to file anything that correlates what was produced to what was requested, to what was not produced at all, or to what does not exist;

5. Failed to produce discovery that Plaintiff believes exists, such as prescription tracking data of Mrs. Barlow's prescribing doctors;

6. As to much of the discovery that was produced, it was not produced as kept in the usual course of business. For example, documents titled 'CMMS' and 'CMMS Notes' are compilations of documents from an Excel program that were manipulated to limit the information, then printed on paper so as to prevent the opening of certain cells or the re-sequencing of cells to analyze the data on a single page, as could be done with the data in electronic form, as requested in Request 5.

7. Failed to respond to requests to depose the sales representatives until long after deposition notices were sent and the deposition dates were imminent before instructing Plaintiff's counsel that the representatives would not be produced as noticed. At this point only one of the five sales representative depositions is scheduled and that is not until mid-July.

8. The Plaintiff requested and ultimately noticed the depositions for June 16-18. Defendant did not inform Plaintiffs counsel of any problem with those dates until shortly before the first deposition was to commence, at which time it advised it would not produce any witnesses on the scheduled dates and provided very limited information on three of the five witnesses and none on the other two. Defendant did not file a motion for protective relief; it unilaterally stopped the deposition schedule.

This misconduct is forcing Plaintiff to scramble to arrange deposition dates before September and to face the prospect of deposing the sales representatives with incomplete discovery to prepare.

In *Blake Associates, Inc. v Omni Spectra, Inc.*, 118 F.R.D. 283 (D.Mass. 1988) the Court ordered sanctions and held that conduct by a party that failed to produce discovery and added provisos to what it would do in discovery "produces an intolerable situation in which Court orders may be frustrated by unilateral action of one party. The Plaintiff's disobedience of the Court's Orders of November 14th and April 27th with respect to these documents was willful, blatant and without any excuse whatever."

Defendant's course of conduct has been clear for some time. It obstructs discovery where possible and makes it expensive and inordinately time-consuming when forced to produce something. This Court ordered the parties to complete core Discovery by September 15. Mrs. Barlow has been working diligently to do so. Defendants have been working diligently to prevent her from doing so and, if forced to present their documents, information, and witnesses in keeping with this Court's schedule, to delay Plaintiffs from preparing.

Reasonable sanctions to both compel compliance with this Court's orders and to make this litigation fair include at a minimum that Defendants be held in contempt of this Court's orders, that Defendants be precluded from opposing Mrs. Barlow's liability claims, that the interrogatories be answered in absolute compliance with Rule 33 and the requests be responded to and produced in absolute compliance with Rule 34 before July 7, 2010, and that the fees and expenses for Mrs. Barlow's counsel for her attempts to obtain discovery and compliance with discovery rules and orders be awarded. Sanctions that keep the litigation moving toward resolution would include an order that her case be remanded to the Western District of Texas at

this time so that any ongoing or future misconduct could be dealt with swiftly at the local level and without undue expense and so that her case can be put on a trial track.

### Exhibits

Plaintiff incorporates herein the exhibits attached hereto:

1. Declaration of Jack W. London
2. Order, ECF Docket Number 2751
3. Letter, Stevens to Pierce, May 13, 2010
4. E-mail letter, London to Stevens, June 10, 2010, regarding interrogatories
5. Plaintiffs' interrogatories, color-highlighted to demonstrate the un-answered portions
6. E-mail letter, London to Stevens, June 10, 2010, regarding requests for discovery
7. Plaintiffs' Requests for Discovery, color-highlighted to demonstrate the numbers and categories for which no or incomplete discovery was made.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court determine that Defendants have not complied with this Court's order or with Rules 26, 33 and 34 and order sanctions and relief as set out above.

Respectfully submitted,

LAW OFFICES OF JACK W LONDON
3701 Bee Cave Rd., Suite 200
Austin, TX 78746
512-478-5858 (telephone)
512-479-5934 (facsimile)

By: _____
Jack W. London
State Bar No. 12512500

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, TX 78701
512-476-4600 (telephone)
512-476-5382 (facisimile)

ATTORNEYS FOR PLAINTIFF
IRENE BARLOW

## CERTIFICATE OF GOOD FAITH

I hereby certify that I have conferred in good faith with counsel for Defendants concerning the issues presented in this motion and the parties have been unable to resolve the issues without the intervention of this Court.

Dated: June 15, 2010

By: _____
Jack W. London

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 15th day of June, 2010.

By: _____
Jack W. London