Exhibit 3

Letter, Stevens to Pierce, May 13, 2010

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522
—
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

May 13, 2010

By Facsimile and U.S. Mail
Archie Carl Pierce
Wright & Greenhill, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701

RE:   Barlow v. Pfizer

Dear Mr. Pierce:

I am in receipt of your letter dated May 3, 2010. In response to Plaintiff's Amended Motion to Compel and Judge Sorokin's March 24, 2010, order Pfizer conducted extensive searches for responsive materials within the tight deadline set forth by Judge Sorokin. I offer the following explanation in an attempt to address the issues raised in your letter:

- The bulk of the prescriber-specific materials produced to you were identified in connection with your request for MedWatch and adverse event reports.

- Defendants conducted a review of both the paper and electronic custodial files for the sales representatives identified in this action. Pfizer has not identified any responsive materials from these files.

- Pfizer's search for medical liaisons that may have interacted with plaintiff's prescribers produced no responsive data.

- Pfizer's investigation indicates that none of the prescribers identified in this matter appear in any grant request, clinical trial information and/or received any payments from Pfizer. Despite the mention in document 130 of a possible participation in a preceptorship, after a reasonable, good faith search, Pfizer has been unable to locate records of any payment

Archie Carl Pierce
May 13, 2010
Page 2

    which would indicate that this prescriber actually participated in this program.

- As noted in our discovery responses, Pfizer is currently unaware of any databases or other centralized files that identify physicians who attended meetings or events related to Neurontin.

- In addition to the marketing materials previously produced in these cases, Pfizer was able to identify medical information letters that were provided to prescribers, which – along with a complete set of any medical records in Pfizer's possession regarding Plaintiff – constitute the remainder of the current production. For example, your letter references document 204 which indicates that Dr. Atwal wanted to know if it was common for patients on Neurontin after a few months to become agitated. In the recent production, Pfizer produced information which was provided to prescribers in response to such an inquiry.

- Pfizer has been unable to identify whether any additional correspondence or "Dear Doctor" letters were sent to Plaintiff's prescribers at this time.

    We will continue to look for responsive documents and will certainly supplement our production if additional responsive materials are located. As to your request for a privilege log, the one document that was redacted was not done so for privilege, but rather was redacted due to responsiveness. The several pages that were redacted relate to an adverse event report for another individual. If, however, you would still like a log to reflect this we would be happy to put together such a log. I believe this addresses the issues raised in your letter. However, should you still have outstanding concerns we would welcome the opportunity to discuss them with you at your convenience.

                                  Very truly yours,

                                    Catherine Stevens