Exhibit 7

Plaintiff's Request for Discovery, color-highlighted to demonstrate the numbers

and categories for which no or incomplete discovery was made

Part I

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- x

IN RE: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCT LIABILITY
LITIGATION

MDL Docket No. 1629

Judge Patti B. Saris
Magistrate Judge Leo T. Sorokin

---------------------------------------------------------------- x

THIS DOCUMENT RELATES TO:

IRENE BARLOW
1:05-cv-175SS Western District of Texas,

Civil Action No. 04-10981

---------------------------------------------------------------- x

## DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

### PRELIMINARY STATEMENT

Plaintiffs may request from Defendants documents and information that are relevant to their claims or are likely to lead to the discovery of relevant information. The scope and breadth of appropriate discovery is determined by, among other things, the claims, defenses and salient facts involved.   In this case, Judge Sorokin's July 24, 2009, Order requires that the parties complete initial discovery, limited to Plaintiff and prescriber-specific discovery, no later than September 15, 2010.  However, certain of the discovery requests served by Plaintiff on Pfizer are overbroad in that, among other things, they go beyond the scope of discovery completed by Judge Sorokin's Order. Furthermore, Plaintiff has been providing authorizations for medical records that are needed to gather information about Plaintiff's medical condition(s) on a rolling basis.  In addition, Pfizer's counsel also needs certain authorizations for the collection of education and employment records.  Therefore, Pfizer reserves its right to limit or otherwise modify

its responses when Plaintiff provides appropriate authorizations and additional records can be gathered.

Pfizer's counsel remains willing to engage in discussions with Plaintiff's counsel related to appropriate discovery that is reasonably related to the claims in this case and properly tailored in scope in accordance with Judge Sorokin's order regarding initial discovery. Notwithstanding Pfizer's objections to overly broad or burdensome requests, it intends to cooperate with Plaintiff's counsel in producing and making available documents and information that are relevant to this action. Pfizer will continue to search to identify and make available responsive documents and information. Pfizer's counsel will make available additional documents and information, if Plaintiff agrees to pay for the costs of reviewing and producing these documents.

In responding to Plaintiff's Request for Production of Documents and Other Things (the "Responses"), Pfizer does not waive its right to challenge:

A.   All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding or in the trial of this or any other action;

B.   The right to object to the use of any of these Responses, or the subject matter thereof, in any subsequent proceeding or in the trial of this or any other action; and

C.   The right to elicit appropriate evidence, beyond these Responses, regarding the subjects referred to in or in response to any discovery request. A statement by Pfizer in a Response that it will produce or make documents available does not mean that Pfizer has determined that such documents exist, that it has located such documents,

or that such documents are not confidential or privileged. This preliminary statement is incorporated into each of the Responses set forth below.

## GENERAL OBJECTIONS

1.    Pfizer objects to each Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

2.    Pfizer objects to each Request to the extent it purports to impose any obligation greater than those provided by the applicable laws and rules governing the proper scope and extent of discovery.

3.    Pfizer objects generally to the Definitions/Instructions contained in Plaintiff's Request on the grounds that such Definitions/Instructions are vague and ambiguous, overly broad, unduly burdensome and oppressive, seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges recognized by law. Pfizer further objects to the Definitions included in Plaintiff's Request to the extent that they seek to impose obligations, including a duty to supplement, beyond that which is required by the applicable rules of civil procedure.

4.    Pfizer objects to each Request to the extent it seeks the discovery of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the consulting expert privilege, the self-critical analysis privilege, and/or any other privileges or immunities recognized by law ("Privileged Information").

Any undertakings to produce or make documents available should be understood specifically to exclude Privileged Information.

5.     Pfizer objects to each Request to the extent it seeks information that would be of little or no relevance to the issues raised in this case, and/or is overly broad and would subject Pfizer to unreasonable, oppressive, and undue burden and expense.

6.     Pfizer objects to each Request which is not limited to the time period relevant to this action and as such is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.     Pfizer objects to each Request to the extent it is so broad, vague, ambiguous, or uncertain that it cannot determine the precise nature of the information sought and, therefore, cannot answer without an unreasonable risk of inadvertently providing a misleading, confusing, inaccurate, or incomplete response.

8.     Pfizer objects to each Request which calls for documents that have already been provided, produced and/or made available to Plaintiff.  Pfizer objects to each Request to the extent it seeks production of materials or provision of information called for by other Requests.  Information that is responsive to more than one Request will be provided, produced and/or made available by Pfizer only once; thus, any information provided, produced and/or made available by Pfizer is incorporated in response to each Request to the extent it seeks such information.

9.     Because Pfizer has not yet located and identified all of the documents and/or information that might be responsive to Plaintiff's Requests, Pfizer reserves the right to supplement its responses and assert additional objections as appropriate.

10.    Pfizer objects to each Request to the extent it seeks the discovery of private or personal information relating to study participants, patients, reporters of alleged adverse events or Pfizer's employees that are protected under contractual, constitutional, statutory, and/or common law rights of confidentiality and privacy, without appropriate protections and entry of an order by the Court.

11.    Pfizer objects to each Request to the extent it seeks trade secret, proprietary, confidential, or commercially sensitive information without the application of the protective order entered in this action.

12.    Pfizer objects to each Request to the extent it contains express and/or implicit characterizations.  A statement by Pfizer in a Response that it will produce or make documents available does not mean that Pfizer adopts, admits or otherwise agrees whatsoever with any such characterizations.

13.    Pfizer objects to each Request that seeks advertising, marketing or promotional type materials or information as there is neither any allegation, nor any reliable evidence to suggest, that Plaintiff, Plaintiff's Decedent, or the prescribing physician(s) relied on any such materials.

Subject to and without waiver of any general or specific objection, Pfizer hereby incorporates by reference the General Objections set out above, into the response to Plaintiff's Requests, whether referred to therein or not, and, subject to the terms of any protective order entered in this action, responds to Plaintiff's Requests as follows:

## RESPONSE TO PLAINTIFF'S REQUESTS

## REQUEST NO. 1:

Please produce all documents referring or relating to Plaintiff, including, but not limited to all medical records, medical bills, and medical evidence relating to the Plaintiff in the possession of the Defendants, their experts or agents.

## RESPONSE TO REQUEST NO. 1:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 1 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying, Plaintiff's Neurontin related MedWatch Report, if any, and any underlying records that it has in its possession.

## REQUEST NO. 2:

Please produce each "Dear Doctor" or "Dear Health Care Provider" letter that you contend was sent to Plaintiff's Health Care Provider(s). In addition, please produce the data from Defendants' database, if any, or documents that demonstrate that the letter(s) were sent.

## RESPONSE TO REQUEST NO. 2:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 2 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") that have previously been produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access her version of the Merlin/Pfoenix databases for use in this case.

## REQUEST NO. 3:

For each of Plaintiff's Prescribing Physician(s), please produce all documents that identify Plaintiff's Prescribing Physician(s); that identify the name, last known address, and telephone number of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaison(s), if any, contacting the Prescribing Physician regarding Neurontin and/or Gabapentin; that identify the dates of such contact; and that reflect the current relationship, if any, between Defendant and the sales representative(s) and/or Territory Manager(s), and Medical Liaison.

**RESPONSE TO REQUEST NO. 3:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 3 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer directs Plaintiff to the CMS and CMMS databases that have previously been produced in the context of Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access her version of the CMS and CMMS databases for use in this case. In addition, in the spirit of cooperation, subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying documents, if any, from sales call/Medical Liaisons databases containing contacts between sales representatives and/or Medical Liaisons and the prescribing physician(s) relating to Neurontin during the time period that the sales representatives/Medical Liaisons contacted the prescribing physician(s) in their professional capacities, but in no event beyond the date of alleged injury.

**REQUEST NO. 4:**

For each of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaison, identified in Request No. 3 as sales representatives and/or Territory Managers(s) calling upon Plaintiff's Prescribing Physician(s), please produce his/her entire custodial file, including but not limited to all personal notes,

memoranda, calendar entries, computer entries, backgrounder documents, marketing information, and any other document concerning Neurontin and/or Gabapentin created, generated, edited by or in the possession or control of the identified sales representative.

## RESPONSE TO REQUEST NO. 4:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 4 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer will make available for inspection and copying certain non-duplicative, responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed, and Medical Liaisons who contacted in their professional capacities, the physician(s) who prescribed Neurontin to this Plaintiff.

## REQUEST NO. 5:

Please produce all sales call notes and sample data for each person identified in Response No. 3 as Defendant's sales representative or Territory Manager calling upon Plaintiff's Prescribing Physician(s) if produced in an electronic and paper format, include all necessary information for the witnesses to identify the authenticity of the information provided.

## RESPONSE TO REQUEST NO. 5:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 5 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 3. In addition, subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying entries from an appropriate database, if any, that contain information about Neurontin samples provided to the prescribing physician(s) during the time period relevant to this action.

## REQUEST NO. 6:

For each of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaison (s), if any, identified in Request No. 3 as sales representatives and/or Territory Manager(s) calling upon Plaintiff's Prescribing Physician(s), please produce all documents, including journal articles, informational material and promotional information, that the sales representative(s) and/or Territory Manager(s), and Medical Liaison, distributed to or discussed with Plaintiff's Prescribing Physician(s).