Exhibit 7

Plaintiff's Request for Discovery, color-highlighted to demonstrate the numbers

and categories for which no or incomplete discovery was made

Part II

RESPONSE TO REQUEST NO. 6:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 6 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 4. In addition, subject to and without waiver of any objection, and subject to the entry of an appropriate protective order, Pfizer directs Plaintiff to the myriad marketing documents it has already produced in the context of Neurontin litigation. Subject to and without waiver of any objection, and subject to the application of the protective order, Plaintiff may access those materials for use in this case.

REQUEST NO. 7:

For each of Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) calling upon Plaintiff's Prescribing Physician(s), please produce all documents relating to whether he/she is or has been investigated or reprimanded for his/her marketing practices by either Defendant or some other governmental agency.

11

RESPONSE TO REQUEST NO. 7:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 7 is unreasonably overbroad, unduly burdensome, vague, calculated solely to harass, not properly limited in time, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

REQUEST NO. 8:

For each of Plaintiff's Health Care Provider(s), please produce any and all documents relating to whether Defendant or its representatives ever provided him or her (or anyone in their practice) Neurontin samples; the number or sample packets provided and the dosages provided; the dates that they were shipped and/ or provided; the lot numbers for the samples provided on each date identified; and the identity of the person or persons who provided the samples; and provide a copy of the packaging and package inserts, if any, that correspond to the samples that were provided.

RESPONSE TO REQUEST NO. 8:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 8 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and

12

without waiver of any objection, see Response to Request No. 5. In addition, subject to and without waiver of any objection, Pfizer directs Plaintiff to the package inserts it has already produced in the context of Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access those materials for use in this case.

REQUEST NO. 9:

If you have ever retained any of Plaintiff's health care providers as an "opinion leader," a member of Defendants Visiting Speakers Bureau or similar program, or a consultant in any other capacity on the subject of Neurontin or the risks of Neurontin usage, please produce all documents that identify the heath care provider; the dates they were affiliated with Defendant; the amount of money Defendant paid in expenses, honoraria and fees, per calendar year to Plaintiff's prescribing health care provider; and all consulting agreements and contracts.

RESPONSE TO REQUEST NO. 9:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 9 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying certain documents indicating whether the prescribing physician(s) was retained as a speaker

regarding Neurontin and the related amount of compensation paid for Neurontin speaking events, if any, during the time period relevant to this action.

REQUEST NO. 10:

Please produce any and all documents relating to whether Plaintiff's health care provider(s) were ever invited to attend and/or did in fact attend any Defendant – sponsored conferences or events; the title, location and date of the conferences or events attended; the topic of the conferences or events; all speakers at the conferences or events; and the agenda/brochure for the conferences or events.

RESPONSE TO REQUEST NO. 10:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 10 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it is currently unaware of any databases or other centralized files that identify physicians who attended meetings or events related to Neurontin. However, in the spirit of cooperation, subject to and without waiver of any objection, Pfizer states that it will conduct reasonably diligent searches to locate documents, if any, regarding any meeting or event related to Neurontin that Plaintiff can establish was attended by the prescribing physician(s), or that the prescribing physician(s) indicates he or she attended, during the time period relevant to this action.

14

REQUEST NO. 11:

Please produce all documents relating to whether Plaintiff's Health Care Provider(s) ever contacted you to request information concerning Neurontin, its indications, its effects and/or its risks.

RESPONSE TO REQUEST NO. 11:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 11 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") that have previously been produced in the context of other Neurontin litigations. Subject to and without waiver of any objection, Plaintiff may access her version of the Merlin/Pfoenix databases for use in this case. In addition, subject to and without waiver of any objection, see Response to Request Nos. 2, 3, 4, 5, 8, 13 and 14.

REQUEST NO. 12:

Please produce all documents relating to whether Defendant currently has or previously had access to any database or information which purports to track any of Plaintiff's prescribing health care provider's prescribing practices with respect to

15

Neurontin including, but not limited to the product(s) prescribed, the number or prescriptions, the number of refills and the time frame when these products were prescribed or filled.

RESPONSE TO REQUEST NO. 12:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 12 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents equally available to Plaintiff and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer will make available for inspection and copying prescription data for the prescribing physicians(s) (for which Plaintiff provides with ME numbers) during the time period relevant to this action.

REQUEST NO. 13:

If you have been contacted by Plaintiff, any of her prescribing or non-prescribing health care physicians, or anyone (except Plaintiff's Counsel) on behalf of Plaintiff concerning Plaintiff, please produce all documentation that references the name of the person(s) who contacted you; the person(s) who were contacted including their name, address and telephone number; and which reflect any communication between any person and you concerning Plaintiff.

16

## RESPONSE TO REQUEST NO. 13:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 13 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request Nos. 2, 3, 4, 5, 8, 11 and 14.

## REQUEST NO. 14:

Please produce a copy of each MedWatch form that refers or relates to Plaintiff, including back-up documentation concerning Plaintiff and any evaluation you did concerning the Plaintiff.

## RESPONSE TO REQUEST NO. 14:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 14 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive documents,

17

if any, are contained within the Adverse Events database that has previously been produced in the context of other Neurontin litigations. Subject to and without waiver of any objection, Plaintiff may access their version of the Adverse Events database for use in this case. In addition, in the spirit of cooperation, subject to and without waiver of any objection, Pfizer will make available for inspection and copying, Plaintiff's Neurontin related MedWatch Report, if any.

REQUEST NO. 15:

Please produce a copy of any advertisements for Neurontin used in the Media Market where Plaintiff lived at the time that she was prescribed Neurontin.

RESPONSE TO REQUEST NO. 15:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 15 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad marketing documents it has already produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access those materials for use in this case.

## REQUEST NO. 16:

For each advertisement produced in response to Request No. 15, please produce all documents that identify the media outlet, the dates that the advertisements ran, and the cost of the ad campaign.

## RESPONSE TO REQUEST NO. 16:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 16 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 15.

## REQUEST NO. 17:

Please produce a copy of any advertisements for Neurontin used in the Media Market that Plaintiff's prescribing physician(s) office was located at the time that Plaintiff was prescribed Neurontin.

## RESPONSE TO REQUEST NO. 17:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 17 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in

19

Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, <u>see</u> Response to Request No. 15.

REQUEST NO. 18:

For each advertisement produced in response to Request No. 17, please produce any and all documents that identify the media outlet, the dates that the advertisements ran, and the cost of the ad campaign.

RESPONSE TO REQUEST NO. 18:

<u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 18 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, <u>see</u> Response to Request No. 16.

REQUEST NO. 19:

For each advertisement produced in response to Requests Nos. 15 & 17, please produce all documents relating to the development of these advertisements, including but not limited to any market research, focus group reports, impact or message testing, consumer surveys, internal correspondences and any reports or correspondences

20

from any advertising agency or other third party involved in the development of all responsive advertisements.

RESPONSE TO REQUEST NO. 19:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 19 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad marketing documents it has already produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access those materials for use in this case.

REQUEST NO. 20:

Please produce every document that relates to or refers to Plaintiff.

RESPONSE TO REQUEST NO. 20:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 20 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant

21

nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objections, see Response to Request Nos. 1 and 14.

### REQUEST NO. 21:

Please produce every document sent to or received from any of Plaintiff's Prescribing Physician(s).

### RESPONSE TO REQUEST NO. 21:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 21 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request Nos. 2, 3, 4, 5, 6, 8, 13 and 22.

### REQUEST NO. 22:

Please produce every document reflecting any actual communication between you and Plaintiff's Prescribing Physician(s) concerning the risks and benefits associated with Neurontin.

22