Exhibit 7

Plaintiff's Request for Discovery, color-highlighted to demonstrate the numbers

and categories for which no or incomplete discovery was made

Part III

RESPONSE TO REQUEST NO. 22:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 22 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") that have previously been produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access her version of the Merlin/Pfoenix databases for use in this case. In addition, subject to and without waiver of any objection, see Response to Request Nos. 2, 3, 4, 5, 8, 13 and 14.

REQUEST NO. 23:

Please produce every document that purports to describe the prescribing practices of any of Plaintiff's Prescribing Physician(s).

RESPONSE TO REQUEST NO. 23:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 23 is unreasonably overbroad, unduly burdensome, vague, ambiguous, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor

23

reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer will make available for inspection and copying prescription data for the prescribing physician(s) (for which Plaintiff provides Pfizer with ME numbers) during the time period relevant to this action. In addition, subject to and without waiver of any objection, see Response to Request Nos. 3, 4, and 5.

REQUEST NO. 24:

Please produce all documents relating to suicidality and Neurontin that were created by, edited by, reviewed by or in the possession of each person identified in response to Interrogatory No. 16 of Plaintiffs' Interrogatories.

RESPONSE TO REQUEST NO. 24:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 24 is unintelligible and incomprehensible, as there is no Interrogatory No. 16 in Plaintiffs' Interrogatories and would require Pfizer to engage in conjecture as to the meaning of the Request. Pfizer further objects and states that Request No. 24 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

REQUEST NO. 25:

Please produce all documents relating to suicidality and Neurontin that were created by, edited by, reviewed by or in the possession of each person identified in response to Interrogatory No. 17 of Plaintiffs' Interrogatories.

RESPONSE TO REQUEST NO. 25:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 25 is unintelligible and incomprehensible, as there is no Interrogatory No. 17 in Plaintiffs' Interrogatories and would require Pfizer to engage in conjecture as to the meaning of the Request. Pfizer further objects and states that Request No. 25 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

REQUEST NO. 26:

Please produce a copy of all agreements, indemnification agreements, contracts, consulting agreements, letters of agreement, clinical investigator agreements, speaking contracts, research contracts, and other express understandings (whether written or verbal) between you and any of the Plaintiff's Prescribing Physician(s), and produce all documents that evidence, refer, or relate to any such understandings entered into or discussed between or among each of you.

25

**RESPONSE TO REQUEST NO. 26:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 26 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 9.

**REQUEST NO. 27:**

Please produce a copy of all agreements, indemnification agreements, contracts, consulting agreements, letters of agreement, clinical investigator agreements, speaking contracts, Visiting Speaker's Bureau agreements, research contracts, and other express understandings (whether written or verbal) between you and any of the Plaintiff's Treating Physician(s), and produce all documents that evidence, refer, or relate to any such understandings entered into or discussed between or among each of you.

**RESPONSE TO REQUEST NO. 27:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 27 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and

based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

REQUEST NO. 28:

Please produce all documents relating to any item of compensation, gifts, present, magazine, book, reprint, food or beverage item, blank check, money order, event or travel coupon or ticket, travel voucher, golf fees, travel bag, clothing item, clock, notepad, soap dispenser, umbrella, sporting equipment, writing implement, promotional item, invitation to event, invitation to lunch or dinner, invitation to any conference, and/or any other item of any value given at any time by Defendant or paid for by Defendants for the Plaintiff's Prescribing Physician(s) or their immediate families.

RESPONSE TO REQUEST NO. 28:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 28 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in or equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection and subject to the protective order, Pfizer directs Plaintiff to the myriad of marketing documents it has already produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access these materials for use in this case. In addition,

subject to and without waiver of any objection, <u>see</u> Response to Request Nos. 3, 4, 5, 9, 10, 21, 22, and 26.

## REQUEST NO. 29:

Please produce all documents relating to any item of compensation, gifts, present, magazine, book, reprint, food or beverage item, blank check, money order, event or travel coupon or ticket, travel voucher, golf fees, travel bag, clothing item, clock, notepad, soap dispenser, umbrella, sporting equipment, writing implement, promotional item, invitation to event, invitation to lunch or dinner, invitation to any conference, and/or any other item of any value given at any time by Defendant or paid for by Defendants for the Plaintiff's Treating Physician(s) or their immediate families.

## RESPONSE TO REQUEST NO. 29:

<u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 29 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

## REQUEST NO. 30:

Please produce all documents containing information obtained by the Defendants regarding Plaintiff and/or any member of Plaintiff's immediate family including, but not limited to the following:

28

1.  All medical records, laboratory results, mammogram information or any medical evidence in Defendants' possession relating to the Plaintiff;
2.  Any surveillance documents, data, videotapes or information;
3.  Any information relating to Plaintiff's employment or the employment of his spouse or immediate family;
4.  Statements, interviews, discussions or communications with Plaintiff, Plaintiff's family, Plaintiff's employers or work colleagues or any of Plaintiff's friends;
5.  Statements, interviews, discussions or communications with Plaintiff's Prescribing Physician(s) or any attorney representing Plaintiff's Prescribing Physician(s);
6.  Statements, interviews, discussions or communications with Plaintiff's Treating Physician(s) or any attorney representing Plaintiff's Treating Physician(s).

## RESPONSE TO REQUEST NO. 30:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 30 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it will make available for

29

inspection and copying, Plaintiff's Neurontin related MedWatch Report, if any, and any underlying records that it has in its possession.

**REQUEST NO. 31:**

Please produce all written communications between you and the Plaintiff in this particular case, including notes of any telephone conversations or any documentation of contact between the Plaintiff and the Defendants.

**RESPONSE TO REQUEST NO. 31:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 31 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying, Plaintiff's Neurontin related MedWatch Report, if any, and any underlying records that it has in its possession. In addition, subject to and without waiver of any objection, if Plaintiff informs Pfizer that Plaintiff had direct communications with Pfizer, it will conduct reasonable diligent searches and produce such communications reasonably related to this case.

30

REQUEST NO. 32:

Please produce all documents relating to whether Plaintiff's Treating Physician(s) were ever invited to attend and/or did in fact attend any Defendant-sponsored conferences or events; the title, location and date of the conferences or events attended; the topic of the conferences or events; all speakers at the conferences or events; and the agenda/brochure for the conferences or events; and all slides, handouts, invitations, and notes of presentations from any such events.

RESPONSE TO REQUEST NO. 32:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 32 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

REQUEST NO. 33:

For all persons retained by Defendants as an expert in this case as well as all consulting expert witnesses, whose opinions are reviewed or relied upon by one of Defendants' expert witnesses, please produce the following:

1.  A current Curriculum vitae or resume and bibliography;
2.  All correspondence or communication between Defendants and such expert;

3. A copy of all prior testimony, court testimony or depositions in which such expert provided any expert opinions or testimony in any litigation;

4. A copy of all expert reports created by such expert in any litigation;

5. A copy of all published medical or scientific articles reviewed by such expert in connection with this litigation;

6. A copy of every document, material, calculation, memorandum or note reviewed for the purpose of forming any opinion in this case and identify which of such documents were relied upon for the purpose of forming any opinion in this case;

7. All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

8. All receipts, billing, invoices, cancelled checks, or any record of payment from Defendants to such expert for services in the entire hormone therapy litigation;

9. All billing records, invoices and receipts which evidence payments made by any Defendant to such expert for services in this specific case.

RESPONSE TO REQUEST NO. 33:

Pfizer objects and states that Request No. 33 is premature. Pfizer will provide documents required by the Rules of Civil Procedure and any scheduling order entered in this case.

32

REQUEST NO. 34:

Please produce all letters, correspondence, agreements and communication regarding indemnification for Plaintiff's Prescribing Physician(s) related to Neurontin litigation.

RESPONSE TO REQUEST NO. 34:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 34 is unreasonably overbroad, unduly burdensome, vague, are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 26.

REQUEST NO. 35:

Please produce all leave-behind materials, directed to physicians, ever presented to Plaintiff's Prescribing Physician(s) related to Neurontin.

RESPONSE TO REQUEST NO. 35:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 35 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and