Exhibit 7

Plaintiff's Request for Discovery, color-highlighted to demonstrate the numbers and categories for which no or incomplete discovery was made

Part IV

based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 4. In addition, subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad marketing documents it has already produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access those materials for use in this case.

REQUEST NO. 36:

Please produce all leave-behind materials directed to patients ever presented to Plaintiff's Treating Physician(s) related to Neurontin.

RESPONSE TO REQUEST NO. 36:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 36 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

REQUEST NO. 37:

Please produce the entire employment file (redacting any wage, benefit or salary information) for each of Defendant's sales representative(s) and/or Territory

Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

RESPONSE TO REQUEST NO. 37:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 37 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

REQUEST NO. 38:

Please produce all training manuals and materials for each of Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

RESPONSE TO REQUEST NO. 38:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 38 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents equally available to the Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states if

35

Plaintiff will agree to incur the costs for the review and production, Pfizer will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the custodial files of sales representatives who detailed the physician(s) who prescribed Neurontin.

REQUEST NO. 39:

Please produce all continuing education materials provided to each of Defendant's sales representatives and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

RESPONSE TO REQUEST NO. 39:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 39 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, if Plaintiff agrees to incur the costs for the review and production, Pfizer states that it will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed, the physician(s) who prescribed Neurontin.

REQUEST NO. 40:

Please produce all third party materials provided to each of Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

RESPONSE TO REQUEST NO. 40:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 40 is unreasonably overbroad, unduly burdensome, vague, ambiguous, incomprehensible, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

REQUEST NO. 41:

Please produce the script of all sales representative and/or Territory Manager "voice mails", if any, left relating to sales training and information provided to each of Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

RESPONSE TO REQUEST NO. 41:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 41 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states if Plaintiff agrees to incur the cost of production and review, Pfizer will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the custodial files of sales representatives who detailed the physician(s) who prescribed Neurontin. In addition, subject to and without waiver of any objection, and subject to the entry of an appropriate protective order, Pfizer directs Plaintiff to the myriad sales representative documents it has already produced in Neurontin litigation.

REQUEST NO. 42:

Please produce all comparison sheets used in comparing Defendants' Neurontin to other pharmaceutical products provided to each of Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

38

RESPONSE TO REQUEST NO. 42:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 42 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, it will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physician(s) who prescribed Neurontin. In addition, subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad of sales representative documents it has already produced in the context of Neurontin litigation.

REQUEST NO. 43:

Please produce all "Q&A" responses to published studies provided to each of Defendants' sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

RESPONSE TO REQUEST NO. 43:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 43 is unreasonably overbroad, unduly

39

burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer states that it will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physician(s) who prescribed Neurontin. In addition, subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad sales representative documents it has already produced in the context of Neurontin litigation.

REQUEST NO. 44:

Please produce all "Q&A" responses to published studies provided to any sales representatives and/or Territory Managers identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

RESPONSE TO REQUEST NO. 44:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 44 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Pfizer further objects to this Request on

the grounds that it is duplicative of Request No. 43. Subject to and without waiver of any objection, see Response to Request No. 43.

REQUEST NO. 45:

Produce all documents relating to Defendants' gross and net sales of Neurontin for each year corresponding to when Plaintiff was prescribed Neurontin.

RESPONSE TO REQUEST NO. 45:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 45 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objections, Pfizer states that it will search for and produce documents, if any, sufficient to identify annual sales of Neurontin in the United States for the time period specified in Request No. 45.

REQUEST NO. 46:

For each District Manager (or equivalent), if any, who supervised the Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Managers(s) calling upon Plaintiff's Prescribing Physician(s), please produce his/her entire custodial file, including but not limited to all personal notes, memoranda, calendar entries, computer entries,

backgrounder documents, marketing information, and any other document concerning Neurontin and/or Gabapentin created, generated, edited by or in the possession or control of the identified sales representative.

**RESPONSE TO REQUEST NO. 46:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 46 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer states that it will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the custodial files of sales representatives who detailed the physician(s) who prescribed Neurontin.

**REQUEST NO. 47:**

For each District Manager (or equivalent), if any, who supervised the Defendant's sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Managers(s) calling upon Plaintiff's Prescribing Physician(s), please produce the field coaching guide(s) or manual(s) applying to this supervision.

RESPONSE TO REQUEST NO. 47:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 47 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

REQUEST NO. 48:

Produce data that purports to track any of Plaintiff's prescribing healthcare provider's prescribing practices with respect to Neurontin, including, but not limited to the number of prescriptions, the number of refills, and the timeframe when these products were prescribed or (re)filled. (e.g., IMS data).

RESPONSE TO REQUEST NO. 48:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 48 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer will make available for inspection and copying prescription data for the prescribing physicians(s) (for which Plaintiff provides with ME numbers) during the time period relevant to this action.

Dated: New York, New York
December 28, 2009

                                      SKADDEN, ARPS, SLATE,
                                      MEAGHER & FLOM LLP

                                      By: /s/ Mark S. Cheffo
                                      Mark S. Cheffo
                                      Four Times Square
                                      New York, New York 10036
                                      Telephone: (212) 735-3000

                                      *Attorneys for Defendants Pfizer Inc.*
                                      *and Warner Lambert Company LLC*

To:    Wright & Greenhill PC
        221 West 6th Street, Suite 1800
        Austin, TX 78701
        820 South Main
        (512) 476-4606

        Law Offices of Jack London
        3701 Bee Cave Rd., Suite 200
        Austin, TX 78746
        (512) 478-5858

        *Attorney for Plaintiff Irene Barlow*