UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) | Judge Patti B. Saris |
| | Magistrate Judge Leo T. Sorokin |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this notice of supplemental authorities to bring to the Court's attention several recent rulings.

(1) *Rule v. Fort Dodge Animal Health, Inc.*, No. 09-1364, 2010 WL 2179794 (1st Cir. June 2, 2010). In *Rule*, the plaintiff sought to recover amounts paid for a veterinary medicine under the Massachusetts consumer protection statute, arguing that, had certain risks of the drug been disclosed, the price of the drug would have been less. *See id.* at *3. Rejecting the plaintiff's argument, the First Circuit held that where a product had been consumed and provided the intended benefit without injury, the plaintiff could not demonstrate a concrete injury. *See id.* at *3. The First Circuit's interpretation of the injury requirement under the Massachusetts consumer protection statute is consistent with the approach California courts have taken to claims under the Unfair Competition Law ("UCL"). As discussed in Defendants' Proposed Conclusions of Law, "California courts have repeatedly rejected claims for restitution under the UCL where the product performed as expected." (2808-2 at 14; *see also* Defendants' Response to Plaintiffs' Proposed Conclusions of Law [2816] at 10-11.)

(2) *Commonwealth v. Janssen Pharmaceutica, Inc.*, No. 080102181 (Pa. Ct. Common Pleas June 14, 2010). In *Janssen*, the court recently granted the defendant's motion for non-suit (the equivalent of a Federal Rule 50 motion for judgment) at the close of the plaintiff's case. In *Janssen*, the Commonwealth of Pennsylvania sought "to recover the difference between the price

of Risperdal's prescriptions and the cost of a cheaper, safer, generic alternative." *Id.*, Tr. at 59.[1] Among other grounds, the court found that the plaintiff failed to prove causation and reliance, rejecting the plaintiff's attempt to rely on a fraud-on-the-market theory of recovery. *See id.* at 63. In *Janssen*, as here, the exercise of independent medical judgment by individual physicians broke the chain of causation and the Commonwealth failed to prove that, had different information been provided, the individual physicians would have changed their prescribing practices. *See id.* at 66-67. As discussed in Defendants' Proposed Conclusions of Law, there is a similar lack of evidence in this case. (2808-2 at 8-10.)

The court also found that the Commonwealth failed to prove that its Drug Utilization Committee or P&T Committee would have taken different actions. As the court stated: "There was no record of whether any recommendations which those committees might have made or could have made or would have made would have been accepted or rejected." *Id.* at 67. So, too, in this case, Plaintiffs failed to present any such evidence as to any region other than Southern California, and the evidence as to Southern California contradicted Plaintiffs' claims of reliance. (2808-2 at 4-5, 2816 at 2-4, 11-12.) Indeed, the evidence showed, that, up until a few days before trial, the Kaiser Permanente website included numerous articles recommending Neurontin for many of the off-label indications at issue here; that even today the Kaiser Permanente website continues to recommend Neurontin for pain originating from a nerve; that gabapentin remains on PMG formularies unrestricted; and that KFHP continues to pay for gabapentin prescribed for the off-label indications at issue. (2808-2 at 6-9, 2816 at 12-13.)

(3) *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, No. 2:06-cv-5774 (SRC) (D.N.J. June 9, 2010).

In prior briefing to this Court, including Defendants' Proposed Conclusions of Law, Defendants have cited *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, No.

---

[1] The *Janssen* court indicated that it expects to issue a written decision by the end of the month. A copy of the transcript is attached as Exh. A.

2

2:06-cv-5774, 2009 WL 2043604 (D.N.J. July 10, 2009).[2] In *In re Intron/Temodar*, the district court dismissed complaints filed by both third-party payors and consumers seeking to recover amounts paid for off-label prescriptions. Dismissal originally was with leave to re-plead; however, the court recently dismissed the TPPs' amended complaint with prejudice, finding that they "fail[ed] to link their off-label purchases to the wrongdoing" by defendants. *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, No. 2:06-cv-5774, 2010 WL 2346624, at *7, 13 (D.N.J. June 9, 2010).

Even though the plaintiffs had pled "various and detailed facts about Schering's behavior in the marketplace with respect to its off-label promotion of the Subject Drugs" and that "TPPs generally, among others, were the intended targets of Schering's 'misrepresentation plus bribery' scheme employed to induce doctors to prescribe the Subject Drugs," the court found that they failed to connect their "purchases of the Subject Drugs with the alleged fraudulent promotion and/or bribes." *Id.* at *8. In dismissing the claims, the Court also held:

- Plaintiffs could not prove a cognizable injury under Article III absent evidence that the drug was either ineffective for the TPP's members, or unsafe. *See id.* at *7.[3]

- "Insufficient data to prove effectiveness is . . . not the same as actual ineffectiveness." *Id.*[4]

- Plaintiffs' claims "that the entire pharmaceutical market was targeted by the scheme and that the unlawful tactics described had corrupted all channels of information . . . amount[ed] to no more than a 'fraud of the market' theory of

---

[2] *See* Defendants' Proposed Finding of Fact and Conclusions of Law, Exh. B [2808-2] at 3.

[3] As with *Rule*, the *Schering* court's decision lends additional support to the argument made in the first paragraph of Section IVB of Defendants' Proposed Conclusions of Law [2808-2 at 14] and section IIIB of Defendants' Response to Plaintiffs' Proposed Conclusions of Law [2816 at 10-11].

[4] This holding supports Defendants' arguments that negative studies cannot establish that Neurontin was ineffective for every patient for whom it was prescribed. *See* 2808-2 at 12-13.

3

loss," which the court had previously rejected. *Id.* at *11 n.7.[5]

The *Schering-Plough* court also dismissed the complaint filed by the putative representative of a proposed class of consumers. As with the TPP complaint, the court explained that the consumer complaint did not "establish any nexus between [the plaintiff's] purported injury . . . and the wrongful conduct in which Schering was allegedly engaged." *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, No. 2:06-cv-5774 (SRC), 2010 U.S. Dist. LEXIS 56613, at *24-25 (D.N.J. June 9, 2010). Although the consumer plaintiff had attempted to allege a connection between Schering's alleged misconduct and her alleged injuries by asserting that her doctor's decision to prescribe Rebetron "must have been" the result of Schering's marketing practices, the court held that the allegations were not supported by sufficient factual allegations. *Id.* at *25-26. As the court explained, even if the Plaintiff could show that the doctor was influenced by off-label marketing, she had to allege facts sufficient to support a claim that his decision to prescribe the drug was based on fraudulent representations by the defendant. *Id.* at *26-27.

## CONCLUSION

For all of these reasons, Defendants respectfully submit that the decisions discussed herein provide additional support for the Proposed Conclusions of Law they have submitted regarding Plaintiffs' UCL claims.

---

[5] *See* 2808-2 at 4-5.

4

Dated: June 17, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
     Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Email: Mark.Cheffo@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Raoul D. Kennedy
     Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel: (415) 984-6400
Email: Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By: /s/ James E. Hooper
     James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800
Email: hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

---

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 17, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo