UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**PLAINTIFF KAISER'S MOTION TO ADMIT TABLES SHOWING
DAMAGES WITH INTEREST INTO EVIDENCE**

Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals ("Kaiser") respectfully move the Court to admit into evidence modified damages tables generated by their expert Raymond S. Hartman, PhD, attached and marked as Exhibit 408-K and 408-L. These tables contain the same damages information as those admitted into evidence during trial as Exhibits 408-F and 408-I, with the primary difference being that they reflect interest at two different rates.[1]

The previously admitted Exhibits 408-F and 408-I are attached as Attachment 1. The revised tables reflecting interest, marked as Exhibits 408-K and 408-L, are attached as

---

[1] The only other difference is that Exhibits 408-F and 408-I were broken down by quarters. The attached Exhibits 408-K and 408-L show damages annually.

1

Attachment 2. A declaration from Dr. Hartman is attached as Attachment 3. A proposed order admitting Exhibits 408-K and 408-L into evidence is attached as Attachment 4.

## PROCEDURAL HISTORY

1. Dr. Hartman, Kaiser's economic expert, testified at trial about the monetization of the economic damages sustained by Kaiser. 3/8 Tr. (Hartman) and 3/9 Tr. (Hartman). Dr. Hartman referred to certain tables, marked as trial exhibits, that showed Kaiser's monetized damages in annual and quarterly increments. These tables contained information about the time value of money, reflecting compound interest at the prime rate.

2. After Dr. Hartman testified, the Court determined that she would retain the issue of interest and the time value of money for herself (3/16 Tr. (Court) 10:17-18 ("We believe, based on our research, that the Court decides interest.")) and asked counsel to provide versions of the damages tables for the jury that did not contain information about interest.[2] The Court also suggested that counsel for Kaiser may want to revise the damage periods for particular indications based on evidence elicited at trial. *See generally* 3/22/10 Tr. (Charge Conference) 53-65. At counsel's request, Dr. Hartman prepared versions of the tables he had referred to during his testimony that (i) eliminated references to interest and (ii) cut back the damages periods for certain indications. These revised tables were submitted to the jury as Exhibits 408-F and 408-I.

3. On April 29, 2010, after the verdict, Kaiser submitted further revised version of these tables that reflected the time value of money at two different rates for the revised time periods. These revised tables were attached to Kaiser's Proposed Findings of Fact as Appendix B. At the time, Kaiser represented that Table 1A reflects Kaiser's nominal damages (previously

---

[2] Counsel is unable to find a record cite for the Court's request, but makes this statement based on recollection of the proceedings.

2

in evidence as Exhibit 408-F) without the time value or money or prejudgment interest. Table 1B reflects Kaiser's damages including the time value of money (calculated at the prime rate). Table 1C reflects Kaiser's nominal damages including prejudgment interest (calculated at the 7% statutory rate). Tables 2A-2C reflects the same information for the alternative "cheaper more optimal drug" damages scenario (based on previously admitted Exhibit 408-I). Table 3 reflects interest rates over time. Kaiser represented that it would move the Court to admit these charts into evidence.

## ARGUMENT

Kaiser makes this motion for two separate yet related reasons. First, Kaiser seeks to address the technical issue of providing a declaration for Exhibit 408-K and Exhibit 408-L. Kaiser previously provided these tables to the Court as Appendix B to Kaiser's Proposed Findings of Fact and impliedly represented that these tables were constructed by Dr. Hartman using the same methodology he used to construct previous versions of the tables. At that time, Kaiser did not provide a declaration from Dr. Hartman attesting to these facts. Kaiser now provides such a declaration, attached as Attachment 3.

Second, it is appropriate to admit these revised tables into evidence given that the Court reserved the application of the time value of money for itself. At the Court's request, Dr. Hartman removed the information about interest rates from the damages tables that went to the jury. *See* Exhibit 408-F; Exhibit 408-I. However, the Court must still address the application of the time value of money to both the jury's RICO award as well as any award that may be appropriate under the California Unfair Competition Law claim (Cal. Bus. Prof. Code §17200). As the Court is still considering the UCL claim, the record is not closed and may be properly supplemented with additional Exhibits.

Therefore, Kaiser respectfully requests that the Court admit these additional tables into evidence as Exhibits 408-K and 408-L.

Dated:  June 21, 2010  Respectfully submitted,

By:   */s/ Thomas M. Sobol*
  Thomas M. Sobol

Thomas M. Sobol
HAGENS BERMAN SOBOL
  SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

*Of Counsel*

*Attorneys for Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

Linda P. Nussbaum
NUSSBAUM LLP
88 Pine Street, 14th Floor
New York, NY 10005

*Of Counsel*

Thomas M. Greene
GREENE LLP
33 Broad Street, 5th Floor
Boston, MA 02109

Barry Himmelstein
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

4

Don Barrett
DON BARRETT, P.A.
P.O. Box 987
404 Court Square North
Lexington, MS 39095

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on June 21, 2010.

*/s/ Thomas M. Sobol*
Thomas M. Sobol