# ATTACHMENT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS) and<br><br>AETNA, INC. V. PFIZER INC., 04 CV 10958 (PBS) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

**DECLARATION OF RAYMOND S. HARTMAN, PH.D. IN SUPPORT OF
MOTION TO ADMIT REVISED DAMAGES CALCULATIONS INTO EVIDENCE**

Raymond S. Hartman declares under the pains and penalties of perjury as follows:

1. I, Raymond S. Hartman, am an expert witness retained by counsel for Kaiser. I have previously provided three declarations (Estimation of Class Wide Damages dated August 8, 2005, Reply Declaration of Raymond S. Hartman dated February 21, 2007, and Calculation of Damages for the Neurontin MDL Class Plaintiffs and Coordinated Plaintiffs dated August 11, 2008) and testified at trial (3/8 Tr. (Hartman) and 3/9 Tr. (Hartman)) about economic damages sustained by Plaintiffs in this matter.

2. At trial, I testified about the monetization of the economic damages sustained by Kaiser (3/8 Tr. (Hartman) and 3/9 Tr. (Hartman)). During my testimony I referred to certain trial exhibits that included tables showing Kaiser's monetized damages, both annually and quarterly. Some of these tables contained information about interest.

3. At counsel's request, and after testifying, I prepared versions of these tables that eliminated references to interest and revised the time periods for particular indications. I understood from counsel that the Court had requested versions of these damages tables that did not reflect interest. Also at the instruction of counsel, who I understood to be responding to comments from the Court regarding cutting back certain time periods for particular indications, I modified the damages reflected in the original tables by setting to zero the damages for specific early time periods for particular indications. I am told by counsel that these revised tables were submitted to the jury as Exhibits 408-F and 408-I.

4. In revising these tables, I relied on the same methodologies I used to construct the tables I testified about during trial.

5. After the verdict, I was asked by counsel to provide tables showing interest for the revised time periods. In doing so, I relied on the tables in evidence as Exhibits 408-F and 408-I. These new tables are already in the record before the Court, attached to Plaintiffs' [Proposed] Findings of Fact (dated April 29, 2010, Docket No. 2805) as Appendix B.

6. In constructing these new tables, I relied on the same methodologies I testified about at trial as well as the information provided to the jury in Exhibits 408-F and 408-I.

7. I hereby submit this declaration in support of Plaintiffs' Motion to Admit Revised Damages Calculations into Evidence.

Dated: Newton, Massachusetts
       June 18, 2010

_____
Raymond S. Hartman