UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
:   MDL Docket No. 1629
In re:  NEURONTIN MARKETING,      :
        SALES PRACTICES AND       :   Master File No. 04-10981
        PRODUCTS LIABILITY LITIGATION :
                                  :   Judge Patti B. Saris
---------------------------------------------------------------x
                                  :   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:         :
                                  :
ALL PRODUCTS LIABILITY CASES      :
                                  :
---------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF PRODUCTS LIABILITY PLAINTIFFS'
MOTION FOR AN ORDER SCHEDULING BEFORE THIS COURT TRIAL
PRESERVATION DEPOSITIONS OF PLAINTIFFS' GENERIC EXPERTS
AND PLAINTIFFS' GENERAL WITNESS DAVID FRANKLIN**

This Memorandum is submitted in support of Products Liability Plaintiffs' motion for an Order scheduling videotaped trial preservation depositions (both direct and cross-examination) of Plaintiffs' generic experts and Plaintiffs' general witness, David Franklin. Moreover, Plaintiffs request that this Court preside over the trial preservation depositions in order to rule on any objections to testimony posed by the parties.

**PRELIMINARY STATEMENT**

In the spirit of the creation of the *In re Neurontin Sales, Marketing Practices and Products Liability Litigation,* MDL 1629, and in order to serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation (*see* Declaration of Kenneth B. Fromson, Ex. A), Plaintiffs request that this Court schedule videotaped depositions of Plaintiffs' generic experts, Dr. Michael Trimble, Dr. Stephen Kruszewski, Dr. Cheryl Blume, Dr. Charles King and Dr. Sander Greenland, and of general fact witness David Franklin, so as to

preserve their testimony for trial in the individual products liability actions in this MDL. Preservation of the trial testimony of Plaintiffs' experts and general witness David Franklin will eliminate repetitive depositions of the same witness on the same exact subject matter and therefore will necessarily spare the additional burden and expense for all concerned parties.

Additionally, Plaintiffs' generic experts and general fact witness are all professionals with busy careers and schedules, live in different areas of the United States (except Dr. Trimble, who resides in the United Kingdom), and are not all available during the same periods of time. Each of the generic experts provides testimony that is crucial to a specific aspect of the case. It is a monumental task to schedule all of these witnesses so that their availability coincides with the time period allotted for each of the trials in the various jurisdictions across the United States, even allowing ample notice of several months. Further, if a trial is adjourned, either due to a court's scheduling conflict or other exigent circumstances, it would be a severe burden to reschedule all of the experts for a new trial date on what is usually short notice.

Moreover, Plaintiffs request that this Court preside over the trial preservation testimony, in open court, in order to rule on any objections to testimony posed by the parties. Plaintiffs submit that direct involvement by the Court, by presiding over the trial testimony in open court, will no doubt add to the success and efficiency of the process. Alternatively, Plaintiffs request the Court review the testimony once completed, and rule upon the parties' objections by a review of the testimony transcripts.

This trial testimony preservation process will streamline the trial process and conserve time and resources of all the courts and parties in this litigation. Judicial resources and countless hours will be conserved by eliminating the time and effort that each judge in the individual cases would have to spend to hear argument from the parties and rule on the same or similar objections

to the same experts.  Further, prejudice to Plaintiffs would be avoided if their expert witnesses, upon whom crucial issues in the case depend, were not otherwise available to testify at a scheduled trial or at a trial that has been rescheduled on short notice.  Plaintiffs will also benefit by saving the costs of having to compensate the experts for each trial appearance and ancillary costs for airfare and lodging etc.  This trial testimony preservation process will also benefit Defendants and their generic experts, who will have ample notice of the testimony of Plaintiffs' experts.

## ARGUMENT

The Manual for Complex Litigation, in § 11.452 Cost-Savings Measures, states in regard to the existence of various techniques in order to streamline deposition discovery and avoid multiple live appearances by the same witnesses:

> •*Nonstenographic depositions.*  The party taking a deposition may record it on audio or videotape instead of stenographically without having it transcribed.  With prior notice to the deponent and other parties, any other party may make its own recording of the deposition.  Videotaped depositions offer a number of advantages:  They help deter misconduct by counsel at the deposition; **they can preserve the testimony of witnesses who may be unavailable to testify at trial (such as experts with scheduling conflicts or persons suffering from an infirmity) and in dispersed litigation can avoid multiple live appearances by the same witness;** they tend to hold a jury's attention better than reading a deposition transcript; they help the jury assess the witness's demeanor and credibility; and they are more effective in helping clients considering settlement to evaluate the quality of the opposition's case.  Moreover, if the video recording is digital, it can be edited easily and exactly to eliminate objectionable and irrelevant material.

Manual for Complex Litigation, Fourth § 11.452 (emphasis added; citations omitted.).

Moreover, the Reference Manual on Scientific Evidence states in regard to preserving the testimony of scientific expert witnesses by videotape:

> Videotaping expert dispositions is particularly appropriate for several reasons:  **it preserves the testimony of an expert who may be unavailable for trial or whose testimony may be used in more than one trial or in different phases of a single trial;** it permits demonstrations, say, of tests or of large machinery, not

>feasible in the courtroom; and it provides a more lively and interesting presentation than reading of a transcript at trial.

Reference Manual on Scientific Evidence (2000) at 60 (emphasis added).

Additionally, other multidistrict litigations have ordered that expert witness trial preservation depositions be conducted, including: (1) *In re Phenypropanolamine (PPA) Products Liability Litigation,* MDL No. 1407 (W.D. Wash.), Fromson Decl., Ex. B; (2) *In re Prempro Products Liability Litigation,* MDL No. 1507 (E.D. Ark.), Fromson Decl., Ex. C; and (3) *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation,* MDL No. 1203 (E.D. Pa.), Fromson Decl., Ex. D.

As noted above, the trial preservation depositions of the generic experts, together with this Court's rulings on objections, will save countless time and resources of the parties to this litigation and the court system in various jurisdictions. Plaintiffs also propose that the trial preservation depositions be limited to one day for each expert for both direct testimony and cross-examination. At this point, the parties are intimately familiar with the testimony of Plaintiffs' generic expert witnesses and the general fact witness David Franklin. In *In re Prempro Products Liability Litigation,* MDL No. 1507, the MDL Court ordered that the period of one day be allotted for the trial preservation deposition (including direct, cross-examination, redirect, re-cross and re re-direct) of Dr. Graham Colditz, a major generic causation expert on hormone replacement therapy. Fromson Decl., Ex. C. Plaintiffs submit that the parties have already participated in two trials in the District of Massachusetts where the actual trial time was limited to a two-week period, so an allotment of one day per generic expert or general fact witness, should be sufficient. The trial testimony preservation depositions will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

## CONCLUSION

Plaintiffs therefore respectfully request that the Court issue an Order scheduling trial testimony preservation depositions before this Court, of Dr. Trimble, Dr. Kruszewski, Dr. Blume, Dr. King, Dr. Greenland and Dr.. Franklin in September and October 2010. Alternatively, if the Court is not available to preside over the testimony in open court, then Plaintiffs request that this Court review the testimony following completion of the depositions and rule upon the parties' objections.

Dated:  June 29, 2010                                               Respectfully submitted,

*Members of Products Liability
Plaintiffs' Steering Committee*


By:     **/s/ Andrew G. Finkelstein**
            Andrew G. Finkelstein, Esquire
            Finkelstein & Partners, LLP
            1279 Route 300, P.O. Box 1111
            Newburgh, NY  12551


By:     **/s/ Jack W. London**
            Jack W. London, Esquire
            Law Offices of Jack W. London
               & Associates
            3701 Bee Cave Road, Suite 200
            Austin, TX  78746


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on June 29, 2010.

                                                **/s/ Andrew G. Finkelstein**
                                                Andrew G. Finkelstein, Esquire