# EXHIBIT  C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | § | MDL Docket No. 4:03CV1507WRW |
| | § | |
| PREMPRO PRODUCTS LIABILITY | § | |
| LITIGATION | § | ALL CASES |

MEMORANDUM IN SUPPORT OF

PLAINTIFFS' EMERGENCY, UNOPPOSED MOTION FOR
PROTOCOL GOVERNING TRIAL PRESERVATION DEPOSITION
OF DR. GRAHAM COLDITZ

A protocol is necessary to ensure that the trial preservation deposition of Dr. Graham Colditz, scheduled for September 25, 2006, occurs without incident (at least, without major incident). As the Court is aware, Dr. Colditz is one of the world's leading epidemiologists and a prominent expert on hormone therapy and its association with breast cancer. Dr. Colditz is also the principal investigator of the long-running, world-renowned Nurses Health Study on cardiovascular disease. Dr. Colditz will be unavailable to provide live testimony after this month for the foreseeable future, given his substantial academic and other commitments. Plaintiffs thus noticed his preservation deposition five weeks in advance of its occurrence (August 18, 2006). Plaintiffs seek a Court order confirming the protocol for the proceedings as follows:

1. **The use**

Plaintiffs and Defendants have agreed the deposition may be used only against the Wyeth and Pfizer defendants (including their subsidiary and acquired companies).

As such, only those defendants will be cross-examining.[1] Wyeth and Pfizer have indicated they may object to use of the deposition in non-MDL proceedings. Plaintiffs see no merit in that position but recognize the dispute is for other courts to resolve at later times.

**2.  The time allotment**

The parties agree to the following:

| | |
|---|---|
| 8:30 – 11:45 | Direct examination |
| 11:45-12:45 | Cross-examination |
| 12:45-1:45 | Lunch |
| 1:45-4:15 | Cross-examination |
| 4:15-4:45 | Break |
| 4:45-5:15 | Re-direct examination |
| 5:15-5:45 | Re-cross examination |
| 5:45-5:50 | Re-re-direct examination |

**3.  The lawyers**

Only two lawyers from each side will perform the examinations and lodge objections. An objection by one lawyer is automatically adopted by any party on that side by or against whom the deposition is used. Thus, only one lawyer per side need object. Speaking objections are prohibited. An objection to the form of the question shall be made solely by use of the single word, "Objection," with explanation occurring only if requested by the adversary.

**4.  The witness**

Dr. Colditz may sit, stand or use demonstrative aids.

---

[1]  Subsequent references to the parties' agreement concerns the agreement reached by Plaintiffs, the Wyeth defendants and the Pfizer defendants.

Case 1:04-cv-10981-PBS   Document 2873-3   Filed 06/29/10   Page 4 of 8
Case 4:03-cv-01507-WRW   Document 1264   Filed 09/18/06   Page 3 of 5

-3-

**5.   The technology**

Three cameras will be used.  One will focus on the witness, one will focus on the questioning attorney and one will focus on exhibits and demonstrative aids.

**6.   The disclosures**

Plaintiffs will disclose at least half of the exhibits and demonstrative aids they intend to use in direct examination by Thursday, September 21st at 5 p.m. PST and the remainder by Friday, September 22nd at 5 p.m. CST.

**7.   The disputes**

Any disputes requiring immediate resolution may be brought to the Court during the deposition.

Plaintiffs ask the Court to order compliance with the parties' agreement to ensure the trial preservation of Dr. Graham Colditz occurs and concludes as scheduled.

Dated:  September 18, 2006

                                          Respectfully submitted,

                                            /s/ Russell Marlin
                                         _____
                                         Russell D. Marlin
                                         William Gary Holt
                                         GARY EUBANKS & ASSOCIATES
                                         708 West Second Street
                                         Post Office Box 3887
                                         Little Rock, Arkansas 72203-3887

                                         Liaison Counsel for Plaintiffs

**CO-LEAD COUNSEL ON BEHALF
OF PERSONAL INJURY PLAINTIFFS**

Case 1:04-cv-10981-PBS Document 2873-3 Filed 06/29/10 Page 5 of 8
Case 4:03-cv-01507-WRW Document 1284 Filed 09/18/06 Page 4 of 5

-4-

Ms. Zoe Littlepage
Littlepage Booth
408 Westheimer Street
Houston, Texas 77006
Phone: (713) 529-8000
FAX:   (713) 529-8044

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served according to this Court's provisions for service as set forth in the pretrial orders and sent to the following counsel of record as indicated below on the 18th day of September, 2006.

                                  /s/ Russell Marlin
                                _____
                                Russell Marlin / Gary Holt

**VIA ECF AND E-MAIL TO:**
Ms. Lynn Pruitt
Mitchell, Williams, Selig, Gates & Woodyard
425 West Capitol, Suite 1800
Little Rock, Arkansas 72201
DEFENDANTS' LIAISON COUNSEL

**VIA E-MAIL AND SERVICE THROUGH LIAISON COUNSEL TO:**

John W. Vardaman: jvardaman@wc.com
Lane Heard: lheard@wc.com
Williams & Connolly, LLP
725 12th Street N.W.
Washington, D.C. 20005
NATIONAL COUNSEL FOR WYETH DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | § | MDL Docket No. 4:03CV1507WRW |
| | § | |
| PREMPRO PRODUCTS LIABILITY | § | ALL CASES |
| LITIGATION | § | |
| _____ | § | |

### ORDER RE PROTOCOL FOR DEPOSITION OF
### DR. GRAHAM COLDITZ

Before the Court is Plaintiffs' Emergency, Unopposed Motion for Protocol Governing Trial Preservation Deposition of Dr. Graham Colditz.

Based on the importance of the deposition occurring and ending as scheduled, and in light of the parties' agreement on procedures for the deposition, the Court orders that the parties comply with the following protocol:

1.   The deposition may be used in MDL cases against Wyeth, Pfizer and all related companies, including subsidiaries and predecessors.  In any action in which there are defendants other than Wyeth and Pfizer, the deposition will be inadmissible for any purpose.  Cross-examination will be limited to Wyeth and Pfizer.

2.   The following schedule governs the parties' questioning, including the time available to each side:

```
8:30 – 11:45      Direct examination
11:45-12:45       Cross-examination
12:45-1:45        Lunch
1:45-4:15         Cross-examination
4:15-4:45         Break
4:45-5:15         Re-direct examination
5:15-5:45         Re-cross examination
5:45-5:50         Re-re-direct examination
```

3.  Only two lawyers from each side will perform the examinations and lodge objections. An objection by one lawyer is automatically adopted by any party on that side by or against whom the deposition is used. Speaking objections are prohibited. An objection to the form of the question shall be made solely by use of the single word, "Objection," with explanation occurring only if requested by the adversary.

4.  Dr. Colditz may sit, stand or use demonstrative aids.

5.  Three cameras will be used. One will focus on the witness, one will focus on the questioning attorney and one will focus on exhibits and demonstrative aids.

6.  Plaintiffs shall disclose at least half of the exhibits and demonstrative aids they intend to use in direct examination by Thursday, September 21st at 5 p.m. PST and the remainder by Friday, September 22nd at 5 p.m. CST.

7.  Any disputes requiring immediate resolution may be brought to the Court during the deposition. The parties are instructed to use the following telephone number: _____.

Ordered this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT COURT
William R. Wilson, Jr.