# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (Phentermine/ :
Fenfluramine/Dexfenfluramine) :
PRODUCTS LIABILITY LITIGATION : MDL Docket No. 1203
 :

PRETRIAL ORDER NO. 417
(Expert Discovery Schedule)

FILED JAN - 6 1999

This Order will govern Expert Discovery in all cases that are part of this coordinated proceeding.

### Disclosure and Discovery

#### Generic Expert Witness

1. On or before March 1, 1999, or six (6) months following the Discovery Initiation Date ("DID") in an individual action, Plaintiffs shall identify each generic expert witness who is reasonably expected to testify for Plaintiffs on issues of general or widespread applicability in this litigation including but not limited to experts who would testify on general causation, i.e., the ability or tendency of the drugs to cause any of the injuries alleged (such witnesses shall be hereafter referred to as "Generic Experts"). In addition, Plaintiffs shall simultaneously provide to Defendants for such Generic Expert, the disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, except that such disclosures need not encompass testimony, if any, which such Generic Expert is expected to offer on issues relating only to liability or damages as to a particular Plaintiff.

2. All discovery depositions of Generic Experts identified pursuant to paragraph 1 above shall be taken no later than May 15, 1999, or eight and one-half months (8½) following the DID in an individual action, whichever is later.

3. On or before May 15, 1999, or eight and one-half (8½) months following the DID in an individual action, the Defendants shall identify each Generic Expert who is reasonably expected to testify in response to the expert testimony disclosed pursuant to paragraph 1 of this Order. In addition, Defendants shall simultaneously provide the expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, except that such disclosures need not encompass testimony, if any, which such Generic Expert is expected to offer on issues relating only to liability or damages as to a particular Plaintiff.

4. All discovery depositions of Generic Experts identified pursuant to paragraph 3 above shall be taken no later than August 1, 1999, or eleven (11) months following the DID in an individual action, whichever is later.

5. Within ten (10) days of receiving the notice of deposition of any person identified as a Generic Expert pursuant to paragraphs 1 and 3 above, the opposing party shall provide a written statement of its intentions with regard to conducting a separate deposition of the witness for purposes of preserving the witness' testimony for use at trial. All objections to any such preservation deposition, or with regard to the manner, method, and procedure proposed for conducting such preservation deposition, shall be brought to the attention of the Special Discovery Master and shall be fully and finally resolved before the discovery deposition of the expert witness involved. As a general rule, depositions for purposes of preserving an expert's testimony for use at trial shall take place not less than ten (10) days after the discovery deposition of the witness.

## Case Specific Expert Witness Disclosure and Discovery

6. No later than the close of the non-expert witness deposition period allowed for each individual case pursuant to PTO 292, each Plaintiff shall identify each expert witness who is expected to testify for Plaintiff on any issue other than economic damages and, except to the extent such disclosures have already been made, shall make all expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

7. Within thirty (30) days after the close of the fact witness deposition period allowed for each individual case, each Defendant shall identify each expert witness who is expected to testify for Defendant on any issue other than economic damages and, except to the extent such disclosures have already been made, shall make all expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

8. After the time for making the disclosures required by paragraph 7, discovery depositions of expert witnesses identified in response to paragraphs 6 and 7 may begin and shall be completed within sixty (60) days after the date by which Defendants are to disclose expert witnesses pursuant to paragraph 7. The period of time for taking such depositions may be extended by the Special Discovery Master for good cause shown.

## Supplemental Experts Reports

9. The Court recognizes that there may be limited circumstances where it will be both necessary and appropriate for a party to identify an expert to supplement prior opinions in response to expert opinions disclosed pursuant to this Order. The circumstances under which the parties will be permitted to offer such supplemental opinions and the procedures governing

3

disclosure and discovery of such supplemental opinions will be decided by the Special Discovery Master, subject to approval by the Court.

## Case Specific Expert Witnesses on Economic Damages

10. Expert witnesses who are expected to testify only on economic damages issues in particular cases must be identified by a plaintiff and Fed. R. Civ. P. 26(a)(2) disclosures filed in the transferor court and served on each defendant within thirty (30) days of the filing in the transferor Court of the Order of Remand issued by the Judicial Panel for Multi-District Litigation. Within thirty (30) days thereafter, or at such time as the transferor court directs, each defendant shall identify its experts on economic damages, and file and serve its Rule 26(a)(2) disclosures.

## Medical Examinations of Plaintiffs

11. At any time after the DID in an individual action, Defendants may schedule medical examinations of Plaintiff(s), pursuant to and in accordance with Federal Rule of Civil Procedure 35, except that a Plaintiff shall not be required to travel an unreasonable distance for medical examinations. Disputes concerning whether Plaintiff is being asked to travel an unreasonable distance for a medical examination shall be presented to the Special Discovery Master. In the event that a medical examination is to take place requiring Plaintiff to travel more than fifty (50) miles, and if the Special Discovery Master overrules any objection to such travel, the party requesting the examination shall tender to Plaintiff's counsel five (5) calendar days in

advance of such examination a sum equal to the reasonable round-trip travel and lodging expenses to be incurred by Plaintiff, and one attorney for Plaintiff, to attend the examination.

BY THE COURT:

_____
BECHTLE, J.
1/6/99

ENTERED: 1-7-99

**CLERK OF COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (Phentermine/ :
Fenfluramine/Dexfenfluramine) :      MDL Docket No. 1203
PRODUCTS LIABILITY LITIGATION :

PRETRIAL ORDER NO. 417
(Expert Discovery Schedule)

This Order will govern Expert Discovery in all cases that are part of this coordinated proceeding.

## Disclosure and Discovery

### Generic Expert Witness

1. On or before March 1, 1999, or six (6) months following the Discovery Initiation Date ("DID") in an individual action, Plaintiffs shall identify each generic expert witness who is reasonably expected to testify for Plaintiffs on issues of general or widespread applicability in this litigation including but not limited to experts who would testify on general causation, i.e., the ability or tendency of the drugs to cause any of the injuries alleged (such witnesses shall be hereafter referred to as "Generic Experts"). In addition, Plaintiffs shall simultaneously provide to Defendants for such Generic Expert, the disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, except that such disclosures need not encompass testimony, if any, which such Generic Expert is expected to offer on issues relating only to liability or damages as to a particular Plaintiff.

2. All discovery depositions of Generic Experts identified pursuant to paragraph 1 above shall be taken no later than May 15, 1999, or eight and one-half months (8½) following the DID in an individual action, whichever is later.

3. On or before May 15, 1999, or eight and one-half (8½) months following the DID in an individual action, the Defendants shall identify each Generic Expert who is reasonably expected to testify in response to the expert testimony disclosed pursuant to paragraph 1 of this Order. In addition, Defendants shall simultaneously provide the expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, except that such disclosures need not encompass testimony, if any, which such Generic Expert is expected to offer on issues relating only to liability or damages as to a particular Plaintiff.

4. All discovery depositions of Generic Experts identified pursuant to paragraph 3 above shall be taken no later than August 1, 1999, or eleven (11) months following the DID in an individual action, whichever is later.

5. Within ten (10) days of receiving the notice of deposition of any person identified as a Generic Expert pursuant to paragraphs 1 and 3 above, the opposing party shall provide a written statement of its intentions with regard to conducting a separate deposition of the witness for purposes of preserving the witness' testimony for use at trial. All objections to any such preservation deposition, or with regard to the manner, method, and procedure proposed for conducting such preservation deposition, shall be brought to the attention of the Special Discovery Master and shall be fully and finally resolved before the discovery deposition of the expert witness involved. As a general rule, depositions for purposes of preserving an expert's testimony for use at trial shall take place not less than ten (10) days after the discovery deposition of the witness.

## Case Specific Expert Witness Disclosure and Discovery

6. No later than the close of the non-expert witness deposition period allowed for each individual case pursuant to PTO 292, each Plaintiff shall identify each expert witness who is expected to testify for Plaintiff on any issue other than economic damages and, except to the extent such disclosures have already been made, shall make all expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

7. Within thirty (30) days after the close of the fact witness deposition period allowed for each individual case, each Defendant shall identify each expert witness who is expected to testify for Defendant on any issue other than economic damages and, except to the extent such disclosures have already been made, shall make all expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

8. After the time for making the disclosures required by paragraph 7, discovery depositions of expert witnesses identified in response to paragraphs 6 and 7 may begin and shall be completed within sixty (60) days after the date by which Defendants are to disclose expert witnesses pursuant to paragraph 7. The period of time for taking such depositions may be extended by the Special Discovery Master for good cause shown.

## Supplemental Experts Reports

9. The Court recognizes that there may be limited circumstances where it will be both necessary and appropriate for a party to identify an expert to supplement prior opinions in response to expert opinions disclosed pursuant to this Order. The circumstances under which the parties will be permitted to offer such supplemental opinions and the procedures governing

3

disclosure and discovery of such supplemental opinions will be decided by the Special Discovery Master, subject to approval by the Court.

### Case Specific Expert Witnesses on Economic Damages

10. Expert witnesses who are expected to testify only on economic damages issues in particular cases must be identified by a plaintiff and Fed. R. Civ. P. 26(a)(2) disclosures filed in the transferor court and served on each defendant within thirty (30) days of the filing in the transferor Court of the Order of Remand issued by the Judicial Panel for Multi-District Litigation. Within thirty (30) days thereafter, or at such time as the transferor court directs, each defendant shall identify its experts on economic damages, and file and serve its Rule 26(a)(2) disclosures.

### Medical Examinations of Plaintiffs

11. At any time after the DID in an individual action, Defendants may schedule medical examinations of Plaintiff(s), pursuant to and in accordance with Federal Rule of Civil Procedure 35, except that a Plaintiff shall not be required to travel an unreasonable distance for medical examinations. Disputes concerning whether Plaintiff is being asked to travel an unreasonable distance for a medical examination shall be presented to the Special Discovery Master. In the event that a medical examination is to take place requiring Plaintiff to travel more than fifty (50) miles, and if the Special Discovery Master overrules any objection to such travel, the party requesting the examination shall tender to Plaintiff's counsel five (5) calendar days in

advance of such examination a sum equal to the reasonable round-trip travel and lodging expenses to be incurred by Plaintiff, and one attorney for Plaintiff, to attend the examination.

BY THE COURT:

_____
BECHTLE, J.

1/6/99