# EXHIBIT B

**Wright & Greenhill, P.C.**
Attorneys at Law

221 West 6th Street, Suite 1800
Austin, Texas 78701-3495
P.O. Box 2166 • 78768

Telephone 512/476-4600
Facsimile 512/476-5382
Direct Dial 512/708-5227

Archie Carl Pierce
Board Certified
Personal Injury Trial Law

Internet cpierce@w-g.com

May 3, 2010

**Via Fax 212/735-2000**
Ms. Catherine Stevens
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

RE:   Barlow v. Pfizer

Dear Ms. Stevens:

Reference is made to the order of Judge Sorokin dated March 24 granting Products Liability Plaintiffs' Motion to Compel and Plaintiff Irene Barlow's Amended Motion to Compel.

Further reference is made to the letters dated March 1, April 6 and April 8 over the signature of your legal assistant Nordo Nissi transmitting additional documents with Bates stamped numbers 0000001-0000992 and a disc with Barlow's medical records. No supplemental discovery responses were filed by Defendant Pfizer and the transmittal letters noted above did not attempt to identify and correspond the additional documents produced to plaintiff Barlow's discovery requests. For that reason, further clarification is required and I am making the following requests of you:

1. Please file supplemental answers to the written discovery requests organizing and labeling the documents to correspond to the categories in the requests as required by the Rules.

2. Please advise whether or not this is all you intend to produce pursuant to the products liability plaintiffs' Motion to Compel Discovery and plaintiff Barlow's Motion to Compel Discovery and Judge Sorokin's order of March 24, 2010? If not, what additional documents can we expect to receive and when?

3. If defendants do not presently anticipate producing any other documents in response to the request for "core discovery" as set forth in the Motions to Compel, then please provide an explanation as to why we did not receive the following:

    - Custodial files of sales representations and medical liaisons;

    - Letters or other communications to Barlow's treating physicians transmitting medical literature and medical articles;

**WRIGHT & GREENHILL, P.C.**

Page 2

- Letters or other communications to Barlow's treating physicians and related documents regarding their participation in CME programs;

- Letters or other communications to Barlow's treating physicians and related documents regarding their participation in and payment for clinical trials, preceptorships, or like programs;

- Communications and documents retaining and paying Barlow's treating doctors as opinion leaders, thought leaders, and speakers.

These items were subject to plaintiff Barlow's Motion to Compel. With regards to the specific interrogatories and request for production that covers these types of documents, I refer you to ¶ I (a),(b), and (c) of the Memorandum Filed in Support of Plaintiff Barlow's Motion to Compel.

My review of the documents that were produced confirms such additional documents should in fact exist. For example, document 204[1] indicates Dr. Atwal wanted to know if it was common for patients on Neurontin after a few months to become agitated and what was the potential cause for that. Furthermore, it noted Dr. Atwal had cases in clinical trials. No identifiable response to Dr. Atwal's questions can be located nor is there any documentation regarding her participation in clinical trials. Further examples of request for information by Barlow's treating doctors with no identifiable response can be found in documents 217, 220, 222, and 224. Examples of where Barlow's treating physicians may have participated in defendant sponsored programs, dinners, or CME seminars can be found at documents 112, 113, 119, and 159 but there is no further documentation regarding those events. An example of Barlow's treating doctors participating in a preceptorship can be found at document 130. Again, there is no other documentation provided regarding that preceptorship participation. These examples are not all inclusive, only representative.

Lastly, I want to bring to your attention that Bates Stamp pages 482-499 were redacted. I would like a privilege log regarding these redacted documents.

Since we are attempting to schedule depositions of defendants' sales personnel, your prompt attention to this matter would be appreciated. I remind you we have a pending request for dates to depose those individuals and have not received a response to date in that regard.

---

[1] The three-digit document number refers to the last three digits of Pfizer_MDL_Barlow_0000001-0000992.

**WRIGHT & GREENHILL, P.C.**

Page 3

      To avoid the necessity of court intervention, I request a response within ten (10) calendar days of the receipt of this letter. I will, of course, make myself available for an attorney conference with you to try to resolve these ongoing discovery issues.

                Yours very truly,

                WRIGHT & GREENHILL, P.C.

                By: _____
                          Archie Carl Pierce

ACP/jcj
cc:    Jack London

       Lark A. Campbell
       Clark, Thomas & Winters P.C.
       300 West 6th Street, Suite 1500
       Austin, Texas 78701