**EXHIBIT D**

**Kalmanash, Barbara A (NYC)**

**From:**     Jack London [jack@jackwlondon.com]
**Sent:**     Thursday, June 03, 2010 12:58 PM
**To:**       Stevens, Catherine B (NYC); Cheffo, Mark S (NYC)
**Cc:**       Pierce, Archie
**Subject:** Barlow: failure to disclose per Court's order

**Jack W. London**
Attorney
jlondon@texas.net

**3701 Bee Cave Rd., Suite 200 | Austin, TX 78746**
**(512) 478-5858 | (512) 479-5934 Fax**

Dear Mark and Catherine:

On March 24, by Document Number 2751, Judge Sorokin overruled Pfizer's objections to Mrs. Barlow's discovery and granted Mrs. Barlow's Motion to Compel Discovery and gave Pfizer 14 days to produce the documents called for and the information sought in the Interrogatories.

In reviewing the documents that were eventually provided, it is clear that Pfizer has not complied with the order.

1. There have been no answers to interrogatories in any form to comply with the order.

2. As to the Requests for Discovery, Pfizer has provided certain documents on disks. Pfizer has not, however, provided a responsive document to identify to which, if any, of the requests for production any of the documents on the disks are responsive. Documents which appear to be CMMS notes, undefined forms that might be dated call notes from unnamed persons to certain doctors, documents headed 'AER No:__', "Requestor" Forms, some 17 untitled typed documents that do not have a reference of any kind to indentify what they are or in what context they are disclosed, a number of MedWatch and Case Data and Review Reports, a copy of the Barlow pletition and summons, and Mrs. Barlow's medical records, at least in part are the only items that have been disclosed.

3. Pfizer has not provided, in violation of Judge Sorokin's order, documents that are responsive to the following Requests for Production:  3,4,6,8, 9, 10, 11, 12, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30(2) – 30 (6), 31, 32, 34, 35, 36, 37, 40, 41, 42, 43, 44, and 48.

4. Plaintiff does not consider that Pfizer's failure to provide or produce a document within the description of a request for production should be taken to mean that there is no such document, and we do not take it to mean that. The absence of a Pfizer written pleading response to the requests that affirmatively states whether documents do or do not exist in response to every item described in such a request also does not mean that there are no such documents. This is because in many cases such documents have been known to exist, such as the spreadsheets of doctors who attended CME in New York and payments to speakers, identified in the *Young* case referred to in the Memorandum in support of the Motion to compel, and the Excel spreadsheet lists of decile prescribers introduced as an exhibit in the *Shearer* and *Bulger* trials. We believe such documents do exist for Mrs Barlow's treating and

prescribing doctors.

5. I request that you provide by reply email and not later than tomorrow documents called for in the foregoing requests for production and answers to interrogatories in the form contemplated by the Federal Rules of Civil Procedure. This is what has been sought since the discovery was propounded nine months ago and what was ordered.

6. As you know, the depositions of the Pfizer – Warner-Lambert sales representatives whose identity was culled from the documents that were provided are scheduled by notice to be taken here in Austin, Texas, on June 16 – 18. The underlying motion to compel was filed, as it recited, and the order granting it was entered, on the premise that such discovery is necessary to take the depositions in compliance with Judge Sorokin's scheduling orders.

In the absence of producing such documents by tomorrow (which will be approximately eight weeks later than Judge Sorokin ordered them produced), Mrs. Barlow may ask the Court for appropriate orders that could include sanctions, expedited production of a Pfizer 30(b)(6) deposition witness to produce the undisclosed documents and to explain the documents that have been produced, and an order permitting the Plaintiffs to commence the sales representatives depositions as noticed and to complete them on a later date after production of the missing documents.

Thank you for your kind attention to this letter and request. I look forward to receiving the subject discovery and records tomorrow.

Jack W. London

6/29/2010