# EXHIBIT G

## Kalmanash, Barbara A (NYC)

| | |
|---|---|
| **From:** | Jack London [jack@jackwlondon.com] |
| **Sent:** | Thursday, June 10, 2010 4:56 PM |
| **To:** | Stevens, Catherine B (NYC) |
| **Cc:** | Carl Pierce |
| **Subject:** | Barlow v Pfizer |
| **Attachments:** | #2480 (02.09.10) MOTION to Amend [2474] MOTION to Compel discovery from defendants by Irene Barlow.pdf; #2751 (03.24.10) DISCOVERY ORDER REGARDING COST SHIFTING MARCH 2010; Accordingly, Defendants Motion for Cost Shifting .pdf; Highlighted copy of Interrogatories not Answered.pdf |

### Jack W. London

**Attorney**

jlondon@texas.net

**3701 Bee Cave Rd., Suite 200 | Austin, TX 78746**
**(512) 478-5858  |  (512) 479-5934 Fax**

### JWL

**JACK W. LONDON AND ASSOCIATES, P.C.**
Aviation and Product Liability Law

Dear Catherine:

This and the following email refer  to the attempt by Mrs. Barlow to obtain discovery from your client, Pfizer / Warner-Lambert, that was the subject of our telephone call last Monday and  the  call you requested that we have this coming Monday.

This email addresses the interrogatories that were not answered; the following email pertains to the Requests for Discovery.

I attach to this email (1) a copy of Mrs. Barlow's Amended Motion to Compel (ECF 2480) that was filed last February and heard and ruled on by Judge Sorokin in March and (2) the Court's order granting Mrs. Barlow's motion and ordering Pfizer to comply within 14 days (ECF 2751).

The motion plainly addressed both the interrogatories and the requests for production.  The Order plainly answered Pfizer to comply within 14 days of March 28.

I also point out that the Motion, as well as the memorandum, stated expressly that they were to enable Mrs. Barlow to prepare for depositions of the sales representatives who contacted her prescribing doctors.

Finally, for this email, I attach  (3) the interrogatories themselves.  I have highlighted for you in yellow the information that was sought and called for and that has not been provided.   This information should have been provided by April 5 and the failure to properly answer these interrogatories as required by the rules and by Judge Sorokin's order has obstructed and continues to obstruct Mrs. Barlow's attempts to prepare for and take

the sales representatives depositions and otherwise conduct discovery pursuant to Judge Sorokin's order.

While I do look forward to our telephone call Monday to have a conference regarding this, I am providing this to you to remove any doubt about what Pfizer has not done.  It is in violation of Judge Sorokin's order and I want the interrogatories answered in a proper, non-evasive, full, and complete response, signed by a person with knowledge of the  answers who will be subject to deposition regarding them, and for such answers to be served immediately.

Thank you  very much,

Jack W. London

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | )<br>)MDL Docket No. 1629<br>)<br>)Judge Patti B. Saris<br>)Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>IRENE BARLOW<br>1:05CV175SS Western District of Texas | )<br>)<br>)Civil Action No. 04-10981<br>)<br>)<br>) |

## PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY FROM DEFENDANTS PFIZER, INC., AND WARNER LAMBERT COMPANY LLC, PARKE-DAVIS, A Division of Warner Lambert Company and WARNER LAMBERT COMPANY

Plaintiff Irene Barlow moves the Court by this Amended Motion for an order compelling Defendant Parke-Davis / Warner-Lambert and its parent Pfizer, Inc. to produce discovery and to respond to interrogatories.

### I.

On October 28, 2009, Plaintiff Irene Barlow submitted Interrogatories and Requests for Production to the Defendants.

### II.

The object of such discovery is to enable Plaintiff to depose the sales representatives and to prepare for the depositions of prescribing doctors and of Mrs. Barlow as ordered by Magistrate Judge Sorokin (Document Number 2125).

### III.

Defendants have produced no documents, information, or factual answers to those Interrogatories or to those Requests for Production, despite two extensions of time

solicited by counsel and agreed to by Plaintiffs' counsel. Defendants' duty to comply with Rule 26 disclosures has continued as to Mrs. Barlow for almost five years and it has not produced the information or records sought.

## IV.

Plaintiff seeks only core discovery from Defendants consistent with what has been produced in other Neurontin product liability litigation in this Court and in the state court cases in New York. To the extent that Defendant refuses to produce discovery unless Plaintiff pays for such discovery, Plaintiff states that Defendant wrongly imposes conditions not supported by good cause or by motion, the burden of which is on Defendant.

## V.

Plaintiff does not seek at this time or by this motion, and for the purposes of this motion specifically abates, discovery that would otherwise call for production of discovery from Defendants' marketing personnel at a level higher than employees and agents who had contact with her prescribing doctors or discovery of expert witnesses and reports.

## VI.

Plaintiff incorporates herein the previously-submitted Memorandum (Document Number 2475) and the exhibits attached to her Declaration (Document Number 2476).

## VII

### Request for Oral Argument

Plaintiff respectfully requests oral argument on this Motion.

Wherefore, Premises Considered, Plaintiff Irene Barlow moves the Court to order Defendants to produce documents and information in response to her Requests for Production and to answer Interrogatories.

Respectfully submitted,

LAW OFFICES OF JACK W LONDON
3701 Bee Cave Rd., Suite 200
Austin, TX 78746
512-478-5858 (telephone)
512-479-5934 (facsimile)

By: _____
Jack W. London
State Bar No. 12512500

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, TX 78701
512-476-4600 (telephone)
512-476-5382 (facisimile)

ATTORNEYS FOR PLAINTIFF
IRENE BARLOW

CERTIFICATE OF GOOD FAITH

I hereby certify that I have conferred in good faith with counsel for Defendants concerning the issues presented in this motion and the parties have been unable to resolve the issues without the intervention of this Court.

Dated:  February 9, 2010

By: _____
Jack W. London

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 9th day of February, 2010.

By: _____
Jack W. London

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

--------------------------------------------------------------- x

IN RE: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCT LIABILITY
LITIGATION

--------------------------------------------------------------- x

THIS DOCUMENT RELATES TO:

    IRENE BARLOW

    1:-05-cv-175SS Western District of Texas

--------------------------------------------------------------- x

MDL Docket No. 1629

Judge Patti B. Saris
Magistrate Judge Leo T. Sorokin

Civil Action No. 04-10981

## DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

### PRELIMINARY STATEMENT

    Plaintiffs may request from Defendants documents and information that are relevant to their claims or are likely to lead to the discovery of relevant information. The scope and breadth of appropriate discovery is determined by, among other things, the claims, defenses and salient facts involved.   In this case, Judge Sorokin's July 24, 2009, Order requires that the parties complete initial discovery, limited to Plaintiff and prescriber-specific discovery, no later than September 15, 2010.  However, certain of the discovery requests served by Plaintiff on Pfizer are overbroad in that, among other things, they go beyond the scope of discovery completed by Judge Sorokin's Order.  Furthermore, Plaintiff has been providing authorizations for medical records that are needed to gather information about Plaintiff's medical condition(s) on a rolling basis.  In addition, Pfizer's counsel also needs certain authorizations for the collection of education and employment records.  Therefore, Pfizer reserves its right to limit or otherwise modify its responses when Plaintiff provides appropriate authorizations and additional records can be gathered.

Pfizer's counsel remains willing to engage in discussions with Plaintiff's counsel related to appropriate discovery that is reasonably related to the claims in this case and properly tailored in scope in accordance with Judge Sorokin's order regarding initial discovery. Notwithstanding Pfizer's objections to overly broad or burdensome requests, it intends to cooperate with Plaintiff's counsel in producing and making available documents and information that are relevant to this action.  Pfizer will continue to search to identify and make available responsive documents and information.

In responding to Plaintiff's Interrogatories  (the "Responses"), Pfizer does not waive its right to challenge:

A.      All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding or in the trial of this or any other action;

B.      The right to object to the use of any of these Responses, or the subject matter thereof, in any subsequent proceeding or in the trial of this or any other action; and

C.      The right to elicit appropriate evidence, beyond these Responses, regarding the subjects referred to in or in response to any discovery request.

## GENERAL OBJECTIONS

1.      Pfizer objects to each Interrogatory to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Pfizer objects to each Interrogatory to the extent it purports to impose any obligation greater than those provided by the applicable laws and rules governing the proper scope and extent of discovery.

3.      Pfizer objects generally to the Definitions/Instructions contained in Plaintiff's Interrogatories on the grounds that such Definitions/Instructions are vague and ambiguous, overly broad, unduly burdensome and oppressive, seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges recognized by law. Pfizer further objects to the Definitions included in Plaintiff's Interrogatories to the extent that they seek to impose obligations, including a duty to supplement, beyond that which is required by the applicable rules of civil procedure.

4.      Pfizer objects to each Interrogatory to the extent it seeks the discovery of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the consulting expert privilege, the self-critical analysis privilege, and/or any other privileges or immunities recognized by law ("Privileged Information"). Any undertakings to make information or documents available should be understood specifically to exclude Privileged Information.

5.      Pfizer objects to each Interrogatory to the extent it seeks information that would be of little or no relevance to the issues raised in this case, and/or is overly broad and would subject Pfizer to unreasonable, oppressive, and undue burden and expense.

6.      Pfizer objects to each Interrogatory which is not limited to the time period relevant to this action and as such is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.      Pfizer objects to each Interrogatory to the extent it is so broad, vague, ambiguous, or uncertain that it cannot determine the precise nature of the information sought and, therefore,

3

cannot answer without an unreasonable risk of inadvertently providing a misleading, confusing, inaccurate, or incomplete response.

8.     Pfizer objects to each Interrogatory which calls for documents or information which have already been provided, produced and/or made available to Plaintiff. Pfizer objects to each Interrogatory to the extent it seeks production of materials or provision of information called for by other Interrogatories or Requests. Information that is responsive to more than one Interrogatory or Request will be provided, produced and/or made available by Pfizer only once; thus, any information provided, produced and/or made available by Pfizer is incorporated in response to each Interrogatory or Request to the extent it seeks such information.

9.     Because Pfizer has not yet located and identified all of the information and/or documents that might be responsive to Plaintiff's Interrogatories, Pfizer reserves the right to supplement its Responses and assert additional objections as appropriate.

10.     Pfizer objects to each Interrogatory to the extent it seeks the discovery of private or personal information relating to study participants, patients, reporters of alleged adverse events or Pfizer's employees that is protected under contractual, constitutional, statutory, and/or common law rights of confidentiality and privacy, without appropriate protections and entry of an order by the Court.

11.     Pfizer objects to each Interrogatory to the extent it seeks trade secret, proprietary, confidential, or commercially sensitive information without entry of an appropriate protective order.

12.     Pfizer objects to each Interrogatory to the extent it contains express and/or implicit characterizations. A statement by Pfizer in a Response that it will provide information,

or produce or make documents available does not mean that Pfizer adopts, admits or otherwise agrees whatsoever with any such characterizations.

13.   Pfizer objects to each Interrogatory that seeks advertising, marketing or promotional type materials or information as there is neither any allegation, nor any reliable evidence to suggest, that Plaintiff, Plaintiff's Decedent, or the prescribing physician(s) relied on any such materials.

Subject to and without waiver of any general or specific objection, Pfizer hereby incorporates by reference the General Objections set out above, into the response to Plaintiff's Interrogatories, whether referred to therein or not, and, subject to the terms of any protective order entered in this action, responds to Plaintiff's Interrogatories as follows:

## RESPONSE TO PLAINTIFF'S INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the last known address of each of Defendants' medical liaison(s), sales representative(s) and/or territory manager(s), if any, who had contact with Plaintiff's prescribing healthcare providers, as well as said individuals district managers, and identify the current employment position, if any, of said medical liaisons, sales representatives and/or territory managers, and district managers.

### RESPONSE TO INTERROGATORY NO. 1:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Interrogatory No. 1 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks information that is already in Plaintiff's possession, custody, or control, or is equally available to Plaintiff, and based on the allegations in Plaintiff's

complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, Pfizer states that it will identify the Medical Liaisons and sales representatives who had contact with the prescribing physician(s) in their professional capacities during the time period relevant to this action, and directs Plaintiff to Response to Request for Production of Documents and Things Nos. 3, 4, 5 and 11.  Any former or current employees, including sales representatives and/or Medical Liaisons, identified to Plaintiff may only be contacted through undersigned counsel of record for Pfizer.

**INTERROGATORY NO. 2:**

With respect to Defendants' sales representative and/or territory manager, and medical liaison, if any, identified above, please state whether he/she has been investigated and/or reprimanded for his/her marketing practices pertaining to Neurontin, either by Defendants or by any governmental agency. If your answer is "yes," please state whether the investigation is complete and the results of the investigation and; identify and produce all documents which refer to the investigation or reprimand.

**RESPONSE TO INTERROGATORY NO. 2:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Interrogatory No. 2 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, calculated solely to harass, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

6

## INTERROGATORY NO. 3:

If you have retained or engaged in any way any of Plaintiff's healthcare providers as a member of Defendants' speaker program, clinical investigator, preceptor, or consultant relating to Neurontin, either its approved indications or "off label" uses, then identify each such healthcare provider, the dates that the healthcare provider was retained or engaged, identify all materials prepared by you addressed to or for use by the healthcare provider, and state the total value of all compensation provided by you to the healthcare provider.

## RESPONSE TO INTERROGATORY NO. 3:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Interrogatory No. 3 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request for Production of Documents and Things No. 9.

## INTERROGATORY NO. 4:

Please state whether any of Plaintiff's prescribing healthcare providers were ever invited to attend and/or did in fact attend any consultant meetings, CMEs, or promotional events sponsored by Defendants or any of them pertaining to Neurontin, and if your answer is "yes," please state the identity of the healthcare provider; the title, location and date of the meetings/events attended; and the topic of the meetings/events.

**RESPONSE TO INTERROGATORY NO. 4:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Interrogatory No. 4 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it is currently unaware of any databases or other centralized files that identify physicians who attended meetings or events related to Neurontin. However, in the spirit of cooperation, subject to and without waiver of any objection, see Response to Request for Production of Documents and Things No. 10.

**INTERROGATORY NO. 5:**

Please state whether Defendants ever sent to Plaintiff's prescribing healthcare provider a "Dear Doctor", "Dear Healthcare Provider", or "Standard Response" letter.

**RESPONSE TO INTERROGATORY NO. 5:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Interrogatory No. 5 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks information that is already in Plaintiff's possession, custody, or control, or is equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive information and documents, if any, are contained within the medical information

8

databases ("Merlin/Pfoenix") that have previously been produced in the context of Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access her version of the Merlin/Pfoenix databases for use in this case.

## INTERROGATORY NO. 6:

For each prescribing healthcare provider, please state whether Defendants or their representatives ever provided the healthcare provider (or anyone in their practice) Neurontin samples. If the answer is "yes," please state the following:

    (i)    The number of sample packets provided and the dosages provided;

    (ii)    The dates that they were shipped and/or provided;

    (iii)    The identity of the person or persons who provided the samples.

## RESPONSE TO INTERROGATORY NO. 6:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Interrogatory No. 6 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, seeks information that is already in Plaintiff's possession, custody, or control, or is equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request for Production of Documents and Things Nos. 5 and 8.

## INTERROGATORY NO. 7:

Please state whether Plaintiff's prescribing healthcare provider ever contacted Defendants concerning Neurontin. If the answer is "yes," please identify the substance of the contact, including all information requested by each provider, all information provided by the provider to you, and the information provided by you in response.

## RESPONSE TO INTERROGATORY NO. 7:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Interrogatory No. 7 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks information that is already in Plaintiff's possession, custody, or control, or is equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request for Production of Documents and Things No. 13.

## INTERROGATORY NO. 8:

Have you been contacted by Plaintiff, any of her healthcare providers, or any other individual or entity on behalf of or concerning Plaintiff? If your answer is "yes," please provide the following information:

(i)      name of the person(s) who contacted you;

(ii)     the person(s) who were contacted, including their name, employment position with Defendants, or if no longer employed then their last known address and telephone number; and

(iii)    describe the communication between any person or entity and you concerning the Plaintiff.

## RESPONSE TO INTERROGATORY NO. 8:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Interrogatory No. 8 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks information that is already in Plaintiff's possession, custody, or control, or is equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, see Response to Request for Production of Documents and Things No. 13.

## INTERROGATORY NO. 9:

Please provide a factual basis for each of the affirmative defenses set forth in Defendants' Answer to Plaintiff's Complaint.

## RESPONSE TO INTERROGATORY NO. 9:

Pfizer objects to Interrogatory No. 9 as premature.  Pfizer further objects and states that Interrogatory No. 9 calls for information protected by the attorney-client and work product privilege.  Pfizer will supplement this response, to the extent required by the Federal Rules of Civil Procedure or by any Scheduling Order entered by this Court in this case.

11

Dated: New York, New York
       December 28, 2009

                                        SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP

                                        By: _Mark S. Cheffo_
                                        Mark S. Cheffo
                                        Four Times Square
                                        New York, New York 10036
                                        Telephone: (212) 735-3000

                                        *Attorneys for Defendants Pfizer Inc
                                        and Warner Lambert Company LLC*

To:    Wright & Greenhill PC
       221 West 6th Street, Suite 1800
       Austin, TX 78701
       820 South Main
       (512) 476-4606

       Law Offices of Jack London
       3701 Bee Cave Rd., Suite 200
       Austin, TX 78746
       (512) 478-5858

       *Attorney for Plaintiff Irene Barlow*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL Docket No. 1629 Master File No. 04-10981 |
| THIS ORDER RELATES TO: | ) ) ) | Judge Patti B. Saris Mag. Judge Leo T. Sorokin |
| ALL PRODUCTS LIABILITY ACTIONS | ) ) | |

DISCOVERY ORDER REGARDING COST SHIFTING MARCH 2010

March 24, 2010

SOROKIN, M.J.

Plaintiffs seek certain documents regarding the sales representatives that called upon the plaintiffs' doctors regarding Neurontin. Defendant has agreed to produce the documents. The parties dispute whether the Court should impose cost shifting.

The Court held an evidentiary hearing on Defendant's Motion for Cost Shifting at which defendant's expert testified. The expert's analysis suggested a cost of approximately $114,000 per sales representative to produce the requested discovery. The Court found defendant's expert experienced in the area of electronic discovery, however, the testimony offered by defendant was, at best, of tangential relevance to the issues confronting the Court. In particular, the Court finds that the expert's assumptions forming the basis of her analysis are neither applicable to this case nor the discovery under discussion. Thus, the Court rejects the conclusions and predicate assumptions set forth in the testimony and the related affidavit. Based upon the information available to the Court, the Court finds that the discovery sought from each sales representative is

relatively modest (prior experience suggests a maximum of less than 1,000 pages per sales representative and most likely either zero pages or perhaps 250 pages of discovery) and the scope of information defendant must review to produce the data appears similarly modest. Thus, the $114,000 estimate has no relationship to the discovery sought; to the contrary, the expenses for production in each individual case appear modest given the small amount of data review and production required for any individual sales representative. Defendant has failed to establish that the relevant factors under Fed. R. Civ. P. 26 favor its request.

Accordingly, Defendant's Motion for Cost Shifting (Docket #2577) is DENIED, Products Liability Plaintiffs' Motion to Compel (Dkt#2482) is ALLOWED and Plaintiff Irene Barlow's Amended Motion to Compel (Dkt#2480) is ALLOWED. Insofar as Plaintiffs request sanctions that request is DENIED. Defendant shall comply with this Order as to Plaintiff Barlow within fourteen days.

At the hearing, the parties indicated they wished the Court to review certain scheduling proposals. They shall inform the Clerk by close of business this Friday  the docket numbers of the relevant documents.


SO ORDERED.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

.