UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x

In re: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

------------------------------------------------------------x

THIS DOCUMENT RELATES TO:

PRODUCTS LIABILITY ACTIONS

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

------------------------------------------------------------x

**DECLARATION OF CATHERINE B. STEVENS IN OPPOSITION TO PRODUCTS PLAINTIFFS' MOTION FOR AN ORDER AWARDING SANCTIONS AGAINST PFIZER DEFENDANTS AND COMPELLING DEFENDANTS TO COMPLY WITH THIS COURT'S OCTOBER 14, 2009 AND DECEMBER 9, 2009 ORDERS**

I, Catherine B. Stevens, declare and state as follows:

1. I am counsel with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC. I make this declaration based on my own personal knowledge and information.

2. Counsel for Defendants have conferred with Plaintiffs' counsel on several occasions in an attempt to reach agreement on the scope of production pursuant to this Court's October 14, 2009 and December 9, 2009 Orders.

3. Attached hereto as Exhibit A is a true and correct copy of a November 28, 2009 letter transmitting to Plaintiffs' counsel a DVD containing documents numbered Pfizer_Wohlberg_000001-018469, collected from the files of Christopher Wohlberg pursuant to this Court's October 14, 2009 Order.

4. Attached hereto as Exhibit B is a true and correct copy of a January 27, 2010 letter transmitting to Plaintiffs' counsel documents numbered Pfizer_Wohlberg_018470-109028, collected from the files of Christopher Wohlberg pursuant to this Court's October 14, 2009 Order.

5. Attached hereto as Exhibit C is a true and correct copy of a February 8, 2010 letter transmitting to Plaintiffs' counsel documents numbered Pfizer_Wohlberg_109029-166720, collected from the files of Christopher Wohlberg pursuant to this Court's October 14, 2009 Order.

6. In March, I learned that, as a result of a vendor error, a large number of attachments had been inadvertently omitted from the documents reviewed for the Wohlberg production. I promptly notified Plaintiffs' counsel of the error and asked how they would like to handle these documents. After several conversations, Plaintiffs' Counsel indicated that they wanted to review additional custodial files first in an effort to narrow the searches.

7. During our various conferences with Plaintiffs' counsel, they requested that additional custodial files be searched for documents related to Dr. Wohlberg's presentations to the FDA on January 31, 2008, June 2, 2008 and July 10, 2008. Defendants agreed to search the custodial files of Guy Cohen, Ed Whalen, Lloyd Knapp, and Lisa Malandro. Defendants have also made clear to Plaintiffs' counsel that they are willing to perform additional custodial searches provided that an agreement can be reached limiting such searches to a manageable number. Counsel for Defendants believed that agreement had been reached with Plaintiffs' Counsel as to which custodial files would be searched in connection with this category of documents. Defendants began collecting materials for review as soon as agreement was reached on the custodians. Only recently were its efforts sufficiently advanced that it was able to reasonably estimate completion dates. By email dated July 13, 2010, I advised Plaintiffs' Counsel that review of the Whalen and Cohen materials would be completed by August 16 and that review of the Malandro and Knapp materials would be completed by September 30. A true and correct copy of my July 13, 2010 email is attached hereto as Exhibit D.

8. Attached hereto as Exhibit E is a true and correct copy of a December 1, 2009 letter transmitting to Plaintiffs' counsel documents numbered Pfizer_MDL_0008534-0008689. The enclosed document was an index to the Neurontin IND/NDA materials, provided to

Plaintiffs' Counsel so that they could identify which files they wanted to review. Plaintiffs' Counsel has never asked to review any of these files.

9. Counsel for Defendants and Plaintiffs' Counsel have had several discussions regarding which custodial files would be searched for safety and efficacy documents. Plaintiffs' Counsel has asked that Defendants search 100 custodial files believed to be on a hard drive described by Laura Kibbe, formerly the managing director of Pfizer's discovery response team, during an April 2008 deposition. Defendants objected to Plaintiffs' request for expansive custodial searches. In an effort to reach agreement with Plaintiffs' Counsel, Defendants proposed that Plaintiffs' Counsel select ten custodians whose files were previously collected and Defendants would search for documents related to safety and efficacy contained in the agreed upon custodial files. (*See* Exhibit D.) Counsel for Defendants also proposed that the parties jointly agree upon a list of search terms. In addition to the ten custodial files selected by Plaintiffs' Counsel, the search terms would also be applied to the custodial files of Knapp and Malandro described in paragraph 7 above.

10. Attached hereto as Exhibit F is a true and correct copy of a letter dated March 23, 2007 from Erik M. Zissu of Davis Polk & Wardell to Plaintiffs' Counsel Kenneth Fromson.

11. Defendants believe that the proposals they have made to Plaintiffs' Counsel to resolve this dispute are reasonable, but are willing to continue to confer in good faith with Plaintiffs' Counsel.

12. Attached hereto as Exhibit G is a true and correct copy of an exchange of emails between Kenneth Fromson and me in July 2010.

I declare the foregoing statements are true and correct under the penalties of perjury, this the 16th day of July, 2010.

/s/ Catherine B. Stevens
Catherine B. Stevens

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on July 16, 2010.

<u>/s/ Ana M. Francisco</u>
Ana M. Francisco
