# EXHIBIT F

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4511

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

March 23, 2007

Re:    **In re Neurontin, MDL 1629**

Kenneth Fromson, Esq.
Finkelstein & Partners
436 Robinson Avenue
Newburgh, New York 12550

Dear Ken:

I write regarding defendants' production of documents from custodial files in the above-referenced action to follow up our previous discussions and in response to your letter of February 23, 2007. You have asked for confirmation that defendants will produce responsive documents, to the extent they exist, from the files of the individuals listed on defendants' January 10, 2007 Rule 26(a) disclosure. You have further asked whether defendants will produce documents from the files of individuals who were listed on previous iterations of defendants' Rule 26(a) disclosures.

Defendants have produced, or will produce, responsive documents, to the extent they exist, from the files of each Pfizer employee who is listed on defendants' January 10, 2007 Rule 26(a) disclosure, with the exception of John Rocchi, whom defendants have learned played no role with respect to Neurontin. In addition, defendants will produce responsive documents, to the extent they exist, from the files of Kellie Kennon and John Krayacich.

As we have discussed previously, defendants have reviewed all the Warner-Lambert materials relating to Neurontin that were collected at the time of the merger with Pfizer and have produced responsive documents to the extent they exist. Because of the nature of that collection, defendants are unable to identify definitively the custodians whose files are included in these productions. In addition, defendants are in the process of determining whether there are additional materials available for review from the Warner-Lambert employees included on the January 10, 2007 Rule 26(a) disclosures who stayed with Pfizer

Kenneth Fromson, Esq.                    2                    March 23, 2007

after the merger.  If such materials exist, defendants will review them and produce
responsive documents, if any.

       Please do not hesitate to contact me if you have any questions about the
foregoing.

                        Very truly yours,

                        Erik M. Zissu

By Electronic Mail & Mail