UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

In re:   NEURONTIN MARKETING, SALES        :   MDL Docket No. 1629
        PRACTICES AND PRODUCTS         :
        LIABILITY LITIGATION           :   Master File No. 04-10981

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

THIS DOCUMENT RELATES TO:                :   Judge Patti B. Saris
                                         :
ROBERT ANGEL, CARMEN L. BOLTIN, PAMELA S. :   Magistrate Judge Leo T.
CALVERT, FELISHA CARPENTER, JANET HARGETT, :   Sorokin
TOMMY D. JAMES, GEORGE B. LEMACKS, JOSHUA A. :
MARTINEZ, CYNTHIA K. MYERS, ROBERT L. SMALL :
*Accettullo v. Pfizer Inc, et al.*        :
Case No. 1:06-cv-10912                    :
                                         :
SUE BECKUM, SHIRLEY DRENNAN, FAITH FORD,  :
JERRY LOWE, LOUISIA SMITH,
*Leroy Anderson, et al. v. Pfizer, Inc.,*
*Case No. 05-cv-10835*

CATHERINE DUVALL, BETSY LINDLEY MILLER,
JERRY PRICE, ESTATE OF CLARISSA SCOTT, BERNICE
THORTON, DAN TOWNSEND, MIKE TRIM, JOYCE
WATSON
*Jesse Allen, et al. v. Pfizer, Inc.,*
*Case No. 07-cv-11795*

GLINDA FORD
*Mary Cooper, et al. v. Pfizer, Inc.,*
*Case No. 05-cv-10834*

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants"), by counsel, respectfully submit this memorandum in support of their motion for an order directing certain of the Boone and Schwartz Plaintiffs to respond to Pfizer's template interrogatories and requests for production and to provide valid medical authorizations and provider lists.

## ARGUMENT

Pursuant to Discovery Order Nos. 2 and 6, the Boone and Schwartz Plaintiffs were required to serve responses to Pfizer's template discovery long ago, including providing valid authorizations and lists of medical providers. [372; 550]. Despite initially filing suit many years ago, Defendants' numerous requests for the Boone and Schwartz Plaintiffs' responses,[1] and the designation of these Boone and Schwartz Plaintiffs as those subject to the Court's September 14, 2010, deadline for completion of initial core discovery, discovery from the Boone and Schwartz Plaintiffs is woefully inadequate.

This Court required the Boone and Schwartz Plaintiffs to file on July 7, 2010, a list of Plaintiffs represented by each firm, and to designate whether authorizations and provider lists had been disclosed to Defendants.[2] The 10 Schwartz Plaintiffs subject to the September 2010 deadline were not included in the chart filed by Mr. Schwartz. Mr. Schwartz has provided authorizations for medical records for 8 of these 10 Plaintiffs. However, these authorizations, like the majority of authorizations for the 130 Schwartz Plaintiffs, release medical records only to the Schwartz law firm and to an unknown medical record collection agency, not previously involved in this litigation. These defective authorizations do not allow for the release of medical records to Defendants, or their medical record collection agency. *See, e.g.,* Ex. C, Sample Schwartz Authorization. Additionally, for 4 of the 10 Schwartz Plaintiffs, Mr. Schwartz has failed to provide any provider lists, leaving Defendants with no providers from which to collect these necessary records. Further, for the 10 Schwartz Plaintiffs within the September 2010 initial discovery deadline, these Plaintiffs have failed to respond to *any* initial discovery. As a consequence, Defendants completely lack the fundamental discovery necessary to take the

---

[1] Defendants' discovery deficiency letters to the Schwartz Plaintiffs are attached as Exhibit A. Defendants' discovery deficiency letters to the Boone Plaintiffs are attached as Exhibit B. All exhibits are attached to the accompanying Declaration of Catherine B. Stevens.

[2] The list filed by Mr. Schwartz indicates that he has not provided Defendants authorizations from 62 of his 131 cases. Additionally, while the chart does not contain this information, Defendants have not been provided provider lists in 22 of the remaining 59 cases where authorizations have been provided, thus making the provision of authorizations futile since Defendants have no knowledge of where they should be sent.

depositions of any of these 10 Schwartz Plaintiffs or of their prescribing physicians.  As to the 15 Boone Plaintiffs subject to the Court's September 14, 2010, deadline, Defendants are still missing authorizations in 5 of these cases, and are missing provider lists in 6 of these cases.

For the Court's convenience, Defendants have included charts that summarize the lack of discovery for these Boone and Schwartz Plaintiffs selected for initial discovery by September 2010. *See*, Ex. D, Charts of Discovery in Boone and Schwartz Cases.  Defendants note that for several of the Plaintiffs where Mr. Boone and Mr. Schwartz have provided some information to Defendants, the information provided is too inadequate to actually use in discovery.  For example, some of the medical provider list indicate that "many additional doctors" saw a Plaintiff, but none of the names or addresses of any of these doctors are indicated. *See, e.g.,* Ex. E, Sample Schwartz Provider Lists.

Pursuant to the orders of this Court, and the Federal Rules of Civil Procedure, Defendants are entitled to the Boone and Schwartz Plaintiffs' responses to their template discovery requests and long overdue authorizations and provider lists.  Federal Rule of Civil Procedure 26(b)(1) extends discovery to "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).  Further, it has "long [been] recognized that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery." *S.E.C. v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  "The broad scope of the discovery rules reflects a policy that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" *Atchison Casting Corp. v. Marsh, Inc.*, 216 F.R.D. 225, 227 (D. Mass. 2003) (quoting *Hickman*, 329 U.S. at 507).

The Schwartz Plaintiffs' complete failure to timely provide any discovery responses to Defendants' template interrogatories and requests for production, and the Boone and Schwartz Plaintiffs' failure to provide valid authorizations and provider lists has unfairly prejudiced Defendants' ability to plan and prepare for initial fact discovery before its close on September 14, 2010.  Accordingly, Defendants respectfully request that this Court compel the Boone and Schwartz Plaintiffs to respond to their discovery requests and provide the required authorizations

and provider lists.  *Cf. Green v. Wells Fargo Home Mortgage, Inc.*, No. 4:07CV01055-WRW, 2008 WL 5423244, at *1 (E.D. Ark. Dec. 23, 2008) (granting motion to compel discovery where party responded to some but not all discovery requests); *John Doe HM v. City of Creve Coeur, Mo.*, No. 4:07CV00946 ERW, 2008 WL 4104558, at *1 (E.D. Mo. Aug. 29, 2008) (granting motion to compel where party untimely provided "wholly inadequate" discovery responses).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for an order directing certain of the Boone and Schwartz Plaintiffs to respond to Pfizer's template interrogatories and requests for production, and to provide valid medical authorizations and provider lists.

Dated: July 16, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By:   /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel:  (212) 735-3000

ROPES & GRAY LLP

By:   /s/ Ana M. Francisco
      Ana M. Francisco
      BBO #564346

One International Place
Boston, MA  02110
Tel:  (617) 951-7000

*Attorneys for Defendants Pfizer Inc and
Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on July 16, 2010.

/s/ Ana M. Francisco
Ana M. Francisco