UNITED STATES OF AMERICA
JUDICAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE:  NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) |

MDL Docket No. 1629
Master File No. 04-10981

Judge Patti B. Saris
Mag. Judge Leo T. Sorokin

**THIS DOCUMENT RELATES TO:**

*Leroy Anderson, et al v. Pfizer, Inc*.  Individual Case No.: 1:05CV-10835-PBS
*Mary Cooper, et al v. Pfizer, Inc*.  Individual Case No.: 1:05-CV-10834-PBS
*Jessie Allen, et al v. Pfizer, Inc*.  Individual Case No.: 1:07-CV-11795-PBS

**MOTION FOR EXTENSION OF TIME TO COMPLY WITH U. S. MAGISTRATE JUDGE'S ORDER OF JULY 12, 2010**

COMES NOW, Plaintiffs, by and through, Attorney, Levi Boone, III, of **Boone Law Firm, P.A.**, and submit their *MOTION FOR EXTENSION OF TIME TO COMPLY WITH U. S. MAGISTRATE JUDGE'S ORDER OF JULY 12, 2010*, and in support thereof show unto the Court, the following:

1. There remains 276 Plaintiffs represented by Boone Law Firm in this litigation.[1] Medical authorizations and other medical disclosures required by Docket #372 at page 3 have been provided as to 201 of these Plaintiffs. There remain approximately 75 Plaintiffs who have not provided medical authorizations. The other medical disclosures required by Docket #372 at page 3 have been provided by all Plaintiffs.

---

[1] Boone Law Firm will dismiss 31 Plaintiffs.

2. On July 12, 2010 the U. S. Magistrate Judge ordered that the 75 Plaintiffs who had not provided medical authorizations must do so by July 23, 2010 or their case will face DISMISSAL.

3. As a practical matter, not all of the 75 Plaintiffs will be able to provide medical authorizations by July 23, 2010, (10 days of the Court Order of July 12, 2010). In order to accomplish the demand of the Court's Order, Boone Law Firm has to mail a copy of the Court Order along with new medical authorizations to the Plaintiffs.  There is usually three (3) days allowed for receipt of mail.  These Plaintiffs will have to return the medical authorizations to Boone Law Firm which could take another three (3) days.  Thereafter Boone Law Firm will have to submit the documents to counsel opposite.  These Plaintiffs may be out of town, maybe sick, hospitalized or any number of other reasons may cause a delay in them returning the medical authorizations to Boone Law Firm within time for Boone Law Firm to submit same by July 23, 2010.  Some Plaintiffs have also moved and changed their mailing address without informing Boone Law Firm. Boone Law Firm does not know at the time of this filing how many of the Plaintiffs will meet the Court's deadline, but suspects that the results will be marginal.

4. The U. S. Postal Service has returned mail as undeliverable to Boone Law Firm relating to 11 of the 75 Plaintiffs.  The return mail contain medical authorizations that Boone Law Firm previously attempted to mail to the Plaintiffs.  See copies of return mail relating to Plaintiffs Kathy Christman, Donald Conn, Walter Gilmer, Eric hammarstrom, Lavurne Hasslebach, Robert Lawson, Laperial Melvin, Sara

Morrison, Tony B. Smiley, Lanelle Tollison, and Clifton White (See Exhibit 1). Boone Law Firms expects return mail as to other Plaintiffs on the round of medical authorization mailed to Plaintiffs pursuant to the Court's Order of July 12, 2010.

5. There is no prejudice to the Defendant if this Court were to allow these Plaintiffs 30 days or until August 23, 2010 to provide the medical authorizations. The Defendants are surely busy requesting medical records of the 201 Plaintiffs in this case plus requesting medical records in Schwartz' cases. Depositions will have to be taken in each of the 201 cases and therefore it seems that a 30 day delay on receipt of medical authorizations in the 75 cases will not be prejudicial.

6. On the other hand, dismissal of the claims of 75 Plaintiffs only upon the basis that they have not provided medical authorizations within a 10 day window would be harsh and oppressive particularly when there is no prejudice to the Defendant under the circumstances of this case.

7. The submission of medical authorizations and other medical disclosures on behalf of 201 Plaintiffs by the July 7, 2010 deadline is substantial compliance with this Court's Order.

WHEREFORE PREMISES CONSIDERED, the 75 Plaintiffs who have not provided medical authorizations request that they be allowed until August 23, 2010 to submit the medical authorizations.

Respectfully Submitted,
Jessie Allen, et al

BY:  /s/ Levi Boone, III
       Levi Boone, III, MSB #3686

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 17, 2010.

      /s/ Levi Boone, III
      Levi Boone, III, Esq., MSB# 3686