UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
: MDL Docket No. 1629
In re:  NEURONTIN MARKETING, :
       SALES PRACTICES AND : Master File No. 04-10981
       PRODUCTS LIABILITY LITIGATION :
: Judge Patti B. Saris
------------------------------------------------------------x
: Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO: :
:
MONTGOMERY v. PFIZER INC. :
Individual Case No. 05-11032 :
:
------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO WITHDRAW AS COUNSEL FOR PLAINTIFF WILLIAM MONTGOMERY**

Pursuant to Local Rule 83.5.2(c) of the United States District Court for the District of Massachusetts, the law firm of Finkelstein & Partners, LLP, hereby moves for leave to withdraw as attorneys for Plaintiff William Montgomery in the above-entitled cause.

On or about November 16, 2004, the complaint herein was filed by Plaintiff against Defendants Pfizer Inc., Parke-Davis, a division of Warner-Lambert Company and Warner-Lambert Company LLC, Warner-Lambert Company, and Warner-Lambert Company LLC, in the Supreme Court, State of New York, County of New York, Index No. 116148/04.  On or about January 5, 2005, Defendants filed a Notice of Removal to the U.S. District Court for the Southern District New York, which was assigned S.D.N.Y. Case No. 1:05-cv-00073.  D. Mass. Case No. 06-11032, ECF Doc. # 5.

On May 17, 2005, the case was transferred from the U.S. District Court for the Southern District of New York to the U.S. District Court for the District of Massachusetts and assigned Case No. 1:05-cv-11032-PBS.  ECF Doc. # 5.

Pursuant to the Order of Consolidation dated July 20, 2005, this case has been consolidated with the Neurontin MDL Litigation under MDL Docket No. 1629, D. Mass. Case No. 04-10981.  ECF Doc. # 6.

Plaintiff's counsel has sent letters to Plaintiff William Montgomery concerning this case at his last know address on several occasions and has not received a response.  Accurint and other searches were performed to attempt to locate a new address for Plaintiff but to no avail.  Due to Plaintiff's failure to keep counsel informed of his whereabouts, irreconcilable differences have developed between Plaintiff and counsel regarding the direction of legal services that may be provided to Plaintiff that preclude counsel from further representation of Plaintiff in this case. *See* Declaration of Kenneth B. Fromson ¶ 6, filed herewith.

Finkelstein & Partners, LLP, therefore requests that this Court grant the law firm leave to withdraw as attorneys for Plaintiff William Montgomery and allow Plaintiff 60 days either to seek new counsel or to advise the Court that he will proceed with the prosecution of this action *pro se*.

The granting of the Motion for Leave to Withdraw will not delay the trial of this case since no final trial date has been set or agreed upon between the parties, and thus the granting of this motion would not be inequitable.

Contemporaneous with this Motion, a Notice by Certified Mail of this Motion has been forwarded to Plaintiff.

In view of the above, Finkelstein & Partners, LLP, respectfully requests that the law firm be granted leave to withdraw as attorneys for William Montgomery.

Dated: July 23, 2010

Respectfully submitted,

*Members of Products Liability Plaintiffs' Steering Committee*

By:   **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire
Finkelstein & Partners, LLP
1279 Route 300, P.O. Box 1111
Newburgh, NY  12551

By:   **/s/ Jack W. London**
Jack W. London, Esquire
Law Offices of Jack W. London
  & Associates
3701 Bee Cave Road, Suite 200
Austin, TX  78746

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on July 23, 2010; and that this document has also been served on Plaintiff by sending a copy of the document to Plaintiff by certified mail return receipt requested at Plaintiff's last known mailing address.

   **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esquire