## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:   NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1629

Master File No. 04-10981

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Judge Patti B. Saris

THIS DOCUMENT RELATES TO:

ALL BOONE PRODUCT LIABILITY ACTIONS

Magistrate Judge Leo T. Sorokin

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
### DISMISS FOR FAILURE TO COMPLY WITH JULY 12, 2010 ORDER

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their Motion to Dismiss for Failure to Comply with July 12, 2010 Order [2900].  The claims that are the subject of this motion are listed in Defendants' Motion to Dismiss.[1]

### ARGUMENT

Years after filing lawsuits on behalf of over 300 Plaintiffs, the Boone Law Firm has yet to provide any authorizations as to approximately 50 Plaintiffs ("Boone Plaintiffs").[2]  After multiple hearings, warnings, Court Orders, and missed deadlines, these Plaintiffs have failed to comply with their basic discovery obligations and, as a result, their claims should be dismissed.

On June 9, 2010, Magistrate Judge Sorokin issued an order setting forth the timeframe for completion of initial discovery for the Boone Plaintiffs.  [2839.]  In that Order, this Court noted not only that the progress of discovery for the Boone Plaintiffs fell "substantially behind all the

---

[1] On July 22 and 23, 2010, Defendants received certain medical authorizations from the Boone Law Firm.  This motion is directed at the remaining Plaintiffs for whom Defendants still lack authorizations.  Defendants reserve their right to move separately on any other Plaintiffs if, after review, it appears that the medical authorizations or provider lists are inadequate.

[2] While Mr. Boone originally indicated to Defendants that he intended to dismiss approximately 100, or around one third, of his Plaintiffs, Mr. Boone now indicates that he intends to dismiss only 31.

other cases in this MDL," but also that "[t]he Court has significant concern regarding the ability of the Boone Law Firm to handle the large number of plaintiffs it represents in this MDL (more plaintiffs than all the other law firms combined even including the Schwartz law firm cases)." [2839 at 2.]   Mr. Boone, who was aware for several years of his obligation to provide authorizations and discovery regarding his Plaintiffs, was given from the date of the Order until July 7, 2010, to provide authorizations and provider lists as required by Docket No. 372 for each of his Plaintiffs.  Mr. Boone was put on notice of the consequences of his failure to comply with Magistrate Judge Sorokin's Order, which noted:

> [T]he failure to comply . . . may result in dismissal of the claims of a plaintiff or of cases brought by counsel.  In light of the circumstances noted herein as well as Attorney Boone's previous failure to comply with governing rules and orders, the Court directs him to pay particular attention to this warning.

[2839 at 6.]

On July 7, 2010, Mr. Boone had not yet provided authorizations for 75 of his Plaintiffs, a fact reflected in the chart of cases he submitted to the Court on July 12, 2010.  [2885.]  On July 12, 2010, Magistrate Judge Sorokin issued an Order directing Mr. Boone to provide overdue disclosures and authorizations to Defendants, stating:

> The time for such disclosures is long past.  The Court issued the disclosure requirement on June 19, 2006, and the matter has been repeatedly raised by the Court at discovery hearings throughout the course of this litigation.  In addition, at the discovery hearings in April and June of 2010 – at which Attorney Boone was present – the Court reminded counsel of the importance of completing the medical authorizations.  Counsel was given until July 7, 2010 to complete the medical disclosures.  Nonetheless, in violation of the Court's Orders and despite repeated opportunities to complete this discovery, it has not been done.
>
> Each of the medical authorizations and disclosures in the seventy-five cases must be provided to defendants no later than July 23, 2010, or those cases will face DISMISSAL.

[2886 at 2.]

Despite multiple orders and repeated warnings from this Court, Mr. Boone filed, on July 17, 2010, a motion for an extension to comply with the Court's July 12, 2010 Order. [2900.]  In his request for extension, Mr. Boone provided no excuse for his failure to comply

with the Court's June 9, 2010 Order.  His motion was devoid of any description of the efforts undertaken by his office to comply with this Court's Order or any explanation of the reasons why he was unable to do so.  Such information should have been provided to the Court in a motion **made before** the July 7, 2010, deadline.  Indeed, Exhibit 1 to Mr. Boone's motion indicated that he was aware that he did not have current addresses for some of his clients no later than June 23, 2010.[3]  Instead of making a timely motion, Mr. Boone simply filed a deficient chart of cases, leading the Court to issue, *sua sponte*, its July 12, 2010, Order.

On July 19, 2010, this Court denied the Boone Law Firm's motion for extension of time, stating:

> During the years of litigation in this MDL, Attorney Boone has had ample opportunity to make the disclosures the Court has required.  At the hearings in April and June of 2010, the Court reminded Attorney Boone of these requirements and gave Attorney Boone further time, until July 7, 2010, to complete the required medical disclosures.  Rather than dismissal in response to the failure to complete the disclosures by the July 7, 2010 deadline, the Court – in its Order dated July 12, 2010 – has provided Attorney Boone one last opportunity to complete the disclosures.  The deadline remains July 23, 2010.

(July 19, 2010 Electronic Order.)

This Court's July 12, 2010, Order, therefore, represented the culmination of a process over an extended period of time.  Mr. Boone has had years to provide this most basic information to Defendants, and has yet to do so.[4]  This delay has been prejudicial to Defendants, as medical

---

[3] Plaintiffs in these cases were presumably aware that a lawsuit had been filed on their behalf and should have notified their attorney of any change in address.  Regular communication between Mr. Boone's office and his clients would also help assure that current contact information is maintained.  That Plaintiffs' counsel does not have current information, therefore, is no excuse for non-compliance with this Court's orders.

[4] In the brief in support of his motion for extension, Mr. Boone speculated that some Plaintiffs "may be out of town, may be sick, hospitalized or any number of other reasons may cause a delay in them returning the medical authorizations to Boone Law Firm." [2901 at 2.]  If any Plaintiff had a valid reason for failure to comply with this Court's orders, he or she should have made a motion showing good cause for non-compliance on an individual basis.  It is too late to make such a motion after **two** deadlines have passed.

Further, while Mr. Boone indicates that he has provided authorizations and medical provider lists for the remainder of his cases, these lists are often wholly inadequate and certainly fail to provide enough information to allow Defendants to meaningfully collect medical records regarding his Plaintiffs.  For

providers and other institutions do not maintain records indefinitely, especially for patients who are no longer under their care.  In addition, as the Court admonished Mr. Boone at the June 8, 2010 hearing, repeated failure to comply with discovery deadlines disrupts the Court's ability to manage the hundreds of cases that comprise this MDL.  (*See*, Cheffo Decl. Ex. A, 6/8/10 Tr. at 26:12-27:7.)

At this late date, the lawsuits at issue remain at the very inception of the discovery process, and these Plaintiffs have failed to provide to Defendants authorizations and the most basic disclosures required to initiate discovery.  None of these Plaintiffs made a timely motion for extension of the deadline established by this Court's June 9, 2010 Order or even attempted to demonstrate good cause for their failure to comply.  As this Court stated in June, 2008, when it recommended that 28 cases be dismissed for failure to prosecute:

> . . . The orderly management of this litigation requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion. . . . The Court is "free to enforce its discovery rules by ordering compliance, sanctions, or any other appropriate remedy."  Samos Imex Corp. v. Nextel Communications, Inc., 194 F.3d 301, 305 (1st Cir. 1999).  "Under Fed.R.Civ.P. 41(b), as well as under the inherent power of the court, a complaint may be dismissed with prejudice for want of prosecution."  Richman v. General Motors Corp., 437 F.2d 196, 198-199 (1st Cir. 1971) (citation omitted).

(Discovery Order No. 25 [1335] at 5.)  These Plaintiffs have been given every opportunity to comply with their threshold discovery obligations and the orders of this Court.  Their claims should be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that Plaintiffs' claims be dismissed with prejudice.

---

example, 95 of the medical provider lists identify only 1 provider.  (*See, e.g*, Cheffo Decl. Ex. B, Sample Boone Medical Provider List.)  Defendants also recently filed a motion to compel discovery regarding several of Mr. Boone's cases that are subject to the Court's September 14, 2010, discovery deadline, [2897], due to discovery deficiencies in those cases as well.

Dated: July 24, 2010                   Respectfully submitted,

                                       SKADDEN, ARPS, SLATE,
                                         MEAGHER & FLOM LLP

                                       By:     /s/ Mark S. Cheffo
                                               Mark S. Cheffo

                                       Four Times Square
                                       New York, NY 10036
                                       Tel:  (212) 735-3000

                                       ROPES & GRAY LLP

                                       By:     /s/ Ana M. Francisco
                                               Ana M. Francisco
                                               BBO #564346

                                       One International Place
                                       Boston, MA  02110
                                       Tel:  (617) 951-7000
                                       Email:  ana.francisco@ropesgray.com

                                       *Attorneys for Defendants Pfizer Inc and*
                                       *Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served
pursuant to Case Management Order #3 on July 24, 2010.

                                       /s/ Ana. M. Francisco
                                       Ana M. Francisco