UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------x

In re:  NEURONTIN MARKETING, SALES   :   MDL Docket No. 1629
PRACTICES AND PRODUCTS                      :
LIABILITY LITIGATION                              :   Master File No. 04-10981

---------------------------------------------------x
                                                                    :   Judge Patti B. Saris
THIS DOCUMENT RELATES TO:              :
                                                                    :   Magistrate Judge Leo T.
ALL SCHWARTZ PRODUCT LIABILITY ACTIONS  :  Sorokin

---------------------------------------------------x

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH JULY 14, 2010 ORDER

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") submit this memorandum in support of their Motion to Dismiss for Failure to Comply with July 14, 2010 Order. (Further Discovery Order Regarding All Schwartz Products Cases [2890].) The claims that are the subject of this motion are listed in Defendants' Motion to Dismiss.[1]

### ARGUMENT

Over four years after filing lawsuits on behalf of well over 100 Plaintiffs, the Law Offices of Newton B. Schwartz has yet to provide any authorizations as to 26 Plaintiffs ("Schwartz Plaintiffs"). After multiple hearings, warnings, Court Orders, and missed deadlines, these Plaintiffs have failed to comply with their basic discovery obligations and, as a result, their claims should be dismissed.

On June 9, 2010, Magistrate Judge Sorokin issued an order setting forth the timeframe for completion of initial discovery for the Schwartz Plaintiffs. (Further Scheduling Order Regarding All Products Cases [2839].) In that Order, this Court noted that the progress of discovery for the

---

[1] On July 26, 2010, Defendants received certain medical authorizations from the Law Offices of Newton B. Schwartz. This motion is directed at the remaining Plaintiffs for whom Defendants still lack authorizations. Defendants reserve their right to move separately on any other Plaintiffs if, after review, it appears that the medical authorizations or provider lists are inadequate.

Schwartz Plaintiffs fell "substantially behind all the other cases in this MDL." (*Id*. at 2.) Mr. Schwartz, who was aware for several years of his obligation to provide authorizations and discovery regarding his Plaintiffs, was given from the date of the Order until July 7, 2010, to provide authorizations and provider lists as required by Docket No. 372 for each of his Plaintiffs. Mr. Schwartz was put on notice of the consequences of his failure to comply with Magistrate Judge Sorokin's Order, which noted that "the failure to comply . . . may result in dismissal of the claims of a plaintiff or of cases brought by counsel." (*Id*. at 6.)

On July 7, 2010, Mr. Schwartz had not yet provided authorizations for approximately 60 of his Plaintiffs, a fact reflected in the chart of cases he submitted to the Court on July 13, 2010. [2887-1]. On July 14, 2010, Magistrate Judge Sorokin issued an Order directing Mr. Schwartz to provide overdue disclosures and authorizations to Defendants, stating:

> The time for such disclosures is long past. The Court issued the disclosure requirement on June 19, 2006, and the matter has been repeatedly raised by the Court at discovery hearings throughout the course of this litigation.
>
> In addition, at the discovery hearings in April and June of 2010, the Court reminded counsel of the importance of completing the medical authorizations. Counsel was given until July 7, 2010 to complete the medical disclosures. Nonetheless, in violation of the Court's Orders and despite repeated opportunities to complete this discovery, it has not been done.
>
> Each of the medical authorizations and disclosures in the sixty-two cases must be provided to defendants no later than July 26, 2010, or those cases will face DISMISSAL.

(Further Discovery Order Regarding All Schwartz Products Cases [2890] at 1-2.)

This Court's July 14, 2010, Order, therefore, represented the culmination of a process over an extended period of time. Mr. Schwartz has had years to provide this most basic information to Defendants, and has yet to do so. This delay has been prejudicial to Defendants, as medical providers and other institutions do not maintain records indefinitely, especially for patients who are no longer under their care.

At this late date, the lawsuits at issue remain at the very inception of the discovery process, and these Plaintiffs have failed to provide to Defendants authorizations and the most

basic disclosures required to initiate discovery. None of these Plaintiffs made a motion for extension of the deadline established by this Court's June 9, 2010 Order or even attempted to demonstrate good cause for their failure to comply. As this Court stated in June 2008, when it recommended that 28 cases be dismissed for failure to prosecute:

> . . . The orderly management of this litigation requires the parties to heed the Court's orders and to pursue their claims in a diligent and timely fashion. . . . The Court is "free to enforce its discovery rules by ordering compliance, sanctions, or any other appropriate remedy." Samos Imex Corp. v. Nextel Communications, Inc., 194 F.3d 301, 305 (1st Cir. 1999). "Under Fed.R.Civ.P. 41(b), as well as under the inherent power of the court, a complaint may be dismissed with prejudice for want of prosecution." Richman v. General Motors Corp., 437 F.2d 196, 198-199 (1st Cir. 1971) (citation omitted).

(Discovery Order No. 25 [1335] at 5.) These Plaintiffs have been given every opportunity to comply with their threshold discovery obligations and the orders of this Court. Their claims should be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that Plaintiffs' claims be dismissed with prejudice.

Dated: July 27, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

ROPES & GRAY LLP

By:   /s/ Ana M. Francisco
     Ana M. Francisco
     BBO #564346

One International Place
Boston, MA 02110
Tel: (617) 951-7000
Email: ana.francisco@ropesgray.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on July 27, 2010.

     /s/ Ana. M. Francisco
     Ana M. Francisco

4