# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629 <br><br> Judge Patti B. Saris <br> Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO: <br><br> LILIA FELICI <br> M-05386 Southern District of Texas, McAllen Division | Civil Action No. 04-10981 |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS PFIZER, INC., WARNER LAMBERT COMPANY LLC, PARKE-DAVIS, A Division of Warner Lambert Company, and WARNER LAMBERT COMPANY

This motion is brought by Plaintiff Lilia Felici. Defendants were served Interrogatories on November 10, 2009. Defendants served their Response and Objections to Plaintiff's Interrogatories on December 28, 2009. **See Exhibit "1"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. Defendants were served with Requests for Production on November 10, 2009. Defendants served their Response and Objections to Plaintiff's Request for Production of Documents and Things on December 28, 2009. **See Exhibit "2"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. Defendants failed to provide a single substantive answer in response to Plaintiff's Interrogatories and failed to produce a single document in response to Plaintiff's Requests for Production. With the exception of a CD containing documents bates numbered Pfizer_MDL_FeliciL_0000001 through Pfizer_MDL_FeliciL_0000032 recently produced on June 21, 2010, Defendants have produced no documents, information or

factual answers to those Interrogatories or to those Requests for Production, despite multiple follow-up letters, phone calls and attempts to confer.

Defendants have not provided basic information for the year 2001 when Dr. Robert Mosqueda and Dr. Alberto Felici (collectively referred to as "prescribing doctors") prescribed Nuerontin to Plaintiff, including the names of the sales representatives who had contact with Mrs. Felici's prescribing doctors in 2001, all sales call notes for sales representatives who had contact with prescribing doctors in 2001, all information concerning Neurontin samples provided to prescribing doctors in 2001, all Neurontin prescriptions written by prescribing doctors in 2001, all sales calls and presentations made by sales representatives to prescribing doctors in 2001, all documents regarding inquiries made by prescribing doctors to Defendants concerning the drug Neurontin, and all documents responsive to said inquiries, etc.

Ms. Felici is a middle-aged woman with a long history of bipolar disorder. She was first put on Neurontin on March 9, 2001, during the Warner-Lambert era, by her psychiatrist Dr. Robert Mosqueda. Ms. Felici was first given a trial of Neurontin 150mg three times per day before she was later prescribed Neurontin 300mg three times per day. Ms. Felici continued on Neurontin for several months and ended up in the behavioral unit at McAllen Medical Center for re-exacerbation of bipolar disorder with psychotic features and a month later in St. Vincent's Hospital in San Fe, New Mexico where she attempted to commit suicide by drinking several liquids in the emergency room, including Betadine and peroxide.

The Defendants know all this. Plaintiff has provided complete discovery to them and furnished all her medical records. The Defendants have given Plaintiff little to

nothing with respect to her case-specific "core" discovery in his MDL. Plaintiff simply seeks from Defendant the same "core" discovery that was provided to the other Plaintiffs over which this Court governed discovery; nothing more, nothing less.

Plaintiff has conferred with Defendants regarding Defendants failure to respond to written discovery on numerous occasions, including correspondence dated June 17, 2010 (**See "Exhibit 3"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein) and July 22, 2010 (**See "Exhibit 4"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein). These correspondence are very detailed and outline the specific discovery requested. Despite these attempts to confer, Defendants have not provided the requested information and documentation.

## I.

## Discovery Sought By This Motion

Plaintiff Lilia Felici seeks an order compelling the defendants to produce to her at Defendants' expense the same discovery that has been produced by Defendants at their expense in the other MDL and New York product liability cases. A short-hand description of what is sought is:

   a. Discovery concerning sales representatives who had contact with prescribing doctors in 2001, including their identify, last known contact information and employment information, their custodial files, their call notes, the literature and communications they had with the prescribing doctors and their roles in arranging for conferences and engagements involving Neurontin.

   See Interrogatory 1 and Requests for Production 3, 4, 5, 6, 8, 21-22, 35-44.

   b. Prescribing doctor relations, including Dear Doctor letters, communications to and from the prescribing doctors such as medical information requests, retaining and paying the doctors as opinion leaders, thought leaders, speakers and similar programs, and inviting the doctors to programs.

>   See Interrogatory 3-5, 7, 8 and Requests for Production 2, 9, 11, 13, 21, 26-28, 34.
>
> c. Programs such as Continuing Medical Education (CME) and seminars in the region in which the prescribing doctors practiced, were invited, attended, or were exposed.
>
>   See Interrogatory 4, Requests for Production 10 and 32.
>
> d. Information regarding Plaintiff Lilia Felici herself, such as medical records that Defendants may have obtained from some source other than Plaintiff and MedWatch reports of her medical condition. Plaintiff does not know that the Defendants have; she only know what she has sent them.
>
>   See Interrogatory 8 and Requests for Production 1, 14, 20, 30, 31

These exact documents and information have been produced in other litigation. For example, in one case, *Young v. Pfizer*, Index 402186/06 (Supreme Court State of New York, Orange County), Defendants produced at a minimum the following:

> 1. Spreadsheets of CME in New York from 1996-1998 and again from 2001-2002;
>
> 2. Excel spreadsheets of doctors who attended meetings between 1994-2000, including their names, addresses, affiliations, the events date and location and similar spreadsheets for later periods;
>
> 3. An excel spreadsheet of payments to speakers in that region between 1995-2000 and similar spreadsheet for 2002-2001

In another instance, Defendants produced custodial files of a sales representative that contained e-mails concerning relations with speaks, regional business plans, slideshows, training materials, and the like.

## II.

## Defendants' Responses Do Not Comply With

## The Federal Rule of Civil Procedure And Are Not Meritorious

As stated above, Defendants responses to Plaintiff's Interrogatories and Requests for Production fail to provide and single responsive answer or document and are littered with generic numbered objections. Defendants listed thirteen (13) objections to every single interrogatory and request for production, including such obviously bad-faith objections as that the identify of the sales representatives was not relevant and not likely to lead to relevant discovery and that the information was privileged and proprietary, all despite the order of this Court to depose the sales representatives and despite the existence of confidentiality orders both in the MDL and Ms. Felici's transferring court, the Southern District of Texas.

Defendants also asserted three responses that make clear their intention to obstruct discovery and contest every single stage of litigation. First, after incorporation and thirteen (13) objections and every Interrogatory and Request for Production, Defendants referred Plaintiff Lilia Felici to huge categories of non-specific data, such as 'the Merlin/Pfenix Database,' the 'CMS/CMSS Database,' and 'the myriad of marketing documents.' Plaintiff acknowledges that data from these databases has been provided to the Plaintiffs' Steering Committee. However, not all of the requested information is contained in these databases. Plaintiff should not have to rely on the bits and pieces of information it receives from the Plaintiffs' Steering Committee and is entitled to receive the requested information directly from Defendants in response to case-specific discovery. Furthermore, Plaintiff is aware that Defendants are objecting when individual

plaintiffs attempts to use the database information they receive from the steering committee in depositions on the grounds of authenticity. Defendants will not stipulate to the authenticity of these documents so in essence, they are no good.

Second, Defendants state that subject to all their objections, they would either provide some documents or make them available, without actually doing so, without saying when they would do so, and without indicating in any way that they would produce what was sought as opposed to what Defendants might limit the production to be after they parsed it out as narrowly as possible. Plaintiff followed up on Defendants' offer to allow Plaintiff to inspect documents and attempted to schedule an inspection. **See Exhibit "5"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. In response to Plaintiff's request, counsel for Defendants contacted counsel for Plaintiff and advised that no documents would be available for inspection and that Defendants were putting documents together for production in the near future. On June 21, 2010, Defendants produced a CD containing documents bates numbered Pfizer_MDL_FeliciL_0000001 through Pfizer_MDL_FeliciL_0000032. These documents are wholly insufficient and do not come close to containing the information Plaintiff is seeking in its Interrogatories and Requests for Production. Aside form this CD, Defendants have produced no documents, information or factual answers to Plaintiff's Interrogatories and Requests for Production.

Defendants' non-responsive discovery did not end at that point, however. For the vast majority of its responses, after asserting numerically the thirteen (13) catch-everything rote objections and one or more of the above no-position position, in many of the responses the Defendant continued the Sudoku game by referring Plaintiff Lilia

Felici to a different numbered response. For example, in Response to Request for Production No. 11 (seeking documents by which any of Plaintiff's prescribers contacted Defendants to request Neurontin information), Defendants asserted all 13 rote objections and, without producing any documents, also referred Plaintiff to its responses to Requests 2,3,4,5,8,13 and 14 without actually describing what portion of the objections in Requests 2,3,4,5,8,13 or 14 it was relying on.

In sum, Defendants' posture is to make discovery impossible, expensive and unintelligible, regardless of this Court's scheduling orders. Defendants have used the same "cut and paste" objections to frustrate the discovery process in other cases pending in the MDL, including the Barlow case. Defendants' responses do not in a single instance comply with Rule 34(b)(2) that obligates a party objection to a Request to "specify the part and permit inspection of the rest."

### III.

### Authorities

Rule 37(a)(3) provides that a party may obtain compulsion of discovery when, as here, an opposing party fails to make a disclosure as required by Rule 26(a) or fails to respond to interrogatories or requests for discovery. As demonstrated above and evidenced by their responses, Defendants have clearly failed to respond to Plaintiff's Interrogatories and Requests for Production.

On Marcy 24, 2010, the Court entered a Discovery Order Regarding Cost Shifting relating to all products liability actions. **See Exhibit "6"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. The Court ALLOWED Products Liability Plaintiffs' Motion to Compel (Docket #2482) and

ALLOWED Plaintiff Irene Barlow's Amended Motion to Compel (Docket #2480). The basis of Plaintiff Irene Barlow's Amended Motion to Compel and the basis of this motion are the same because Defendants served the same "cut and paste" objections and responses to both Plaintiffs. Based on this Court's prior orders, Plaintiff Lilia Felici's Motion to Compel should be granted.

## IV.

## Conculsion

Plaintiff Lilia Felici seeks only the core discovery she described above and in the named Interrogatories and Requests for Production. Plaintiff will be extremely prejudiced if she is required to depose Defendants' sales representatives and her prescribing physicians without the benefit of this discovery. It is impossible to obtain such discovery except by Court order and impossible to comply with Magistrate Judge Sorokin's scheduling orders and discovery directives without such discovery. Accordingly, Plaintiff Lilia Felici prays the Court enter an order compelling discovery as set out above.

Respectfully submitted,

**GARCIA & KARAM, L.L.P.**
820 South Main
McAllen, Texas 78501
956-630-2882 (telephone)
956-630-5393 (facsimile)

By:  /s/ Ricardo A. Garcia
RICARDO A. GARCIA
State Bar No. 07643200
Federal ID No. 1095
AIZAR J. KARAM, JR.
State Bar No. 00796860
LINO H. OCHOA
State Bar No. 00797168
Federal Bar No. 272425

**ATTORNEYS FOR PLAINTIFF
LILIA FELICI**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 29th day of July, 2010.

To:

Mark Cheffo, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

Counsel for Defendants

/s/ Ricardo A. Garcia
Ricardo A. Garcia