UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING,<br>SALES PRACTICES AND PRODUCTS<br>LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>JOSE MAGDALENO ARTURO FONSECA,<br>AS REPRESENTATIVE OF THE ESTATE<br>OF MARIA DEL SOCORRO FONSECA,<br>DECEASED, AND JOSE MAGDALENO<br>ARTURO FONSECA, JOSE ARTEMIO<br>FONSECA, MARIA GUADALUPE<br>FONSECA, MARTIN FONSECA, AND<br>CARLOS FONSECA, INDIVIDUALLY<br>M-05-312 Southern District of Texas,<br>McAllen Division | Civil Action No. 04-10981 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANTS PFIZER, INC., WARNER LAMBERT COMPANY LLC, PARKE-DAVIS, A Division of Warner Lambert Company, and WARNER LAMBERT COMPANY**

This motion is brought by Plaintiffs Jose Magdalleno Arturo Fonseca, Individually and as Representative of the Estate of Maria Del Socorro Fonseca, Deceased, Jose Artemio Fonseca, Maria Guadalupe Fonseca, Martin Fonseca and Carlos Fonseca (hereinafter collectively referred to as the "Fonseca Plaintiffs." Defendants were served Interrogatories on November 10, 2009. Defendants served their Response and Objections to Plaintiffs' Interrogatories on December 28, 2009. **See Exhibit "1"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. Defendants were served with Requests for Production on November 10, 2009. Defendants served their Response and Objections to Plaintiffs' Request for Production

of Documents and Things on December 28, 2009. **See Exhibit "2"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. Defendants failed to provide a single substantive answer in response to Plaintiff's Interrogatories and failed to produce a single document in response to Plaintiff's Requests for Production. Defendants first document production in this case was on June 21, 2010 when Defendants produced a CD containing documents bates numbered Pfizer_MDL_FonsecaJ_0000001 through Pfizer_MDL_FonsecaJ_0000017. This document production was grossly insufficient and did not come close to responding to Plaintiffs' discovery requests. Defendants have produced no further documents, information or factual answers to Plaintiffs' Interrogatories or Requests for Production, despite multiple follow-up letters, phone calls and attempts to confer.

Defendants have not provided the most basic and essential discovery in this case. For example, Dr. Maximiliano Hernandez and Dr. Manuel Mercado (hereinafter collectively referred to as "prescribing doctors") prescribed Neurontin to Plaintiff Maria Fonseca, deceased, in 2002 and 2004. Considering only the years 2002 and 2004, Defendants have not provided the names of the sales representatives who had contact with prescribing doctors, all sales call notes for sales representatives who had contact with prescribing doctors, all information concerning Neurontin samples provided to prescribing doctors, all Neurontin prescriptions written by prescribing doctors, all sales calls and presentations made by sales representatives to prescribing doctors, all documents regarding inquiries made by prescribing doctors to Defendants concerning the drug Neurontin and all documents responsive to said inquiries, etc.

Maria Fonseca took her own life on May 8, 2004, one month after her last prescription of Neurontin on April 6, 2004. Ms. Fonseca had a long, well-documented history of psychiatric disorder. Maria Fonseca was first given a prescription for Neurontin 300mg capsules on September 13, 2002 by her internal medicine specialist, Dr. Manuel Mercado. According to the medical records in this case, Ms. Fonseca was last prescribed 90 capsules of Neurontin 300mg by Dr. Maximiliano Hernandez on April 6, 2004 for numbness and cramps in her right leg. On May 8, 2004, Maria Fonseca took her life by discharging a gun into the right side of her head.

The Defendants know all this. The Fonseca Plaintiffs have provided complete discovery to Defendants and produced all of decedent Maria Fonseca's medical records and/or medical authorizations for the release of Ms. Fonseca's confidential medical information. The Defendants have given the Fonseca Plaintiffs little to nothing with respect to their case-specific "core" discovery in his MDL. The Fonseca Plaintiffs simply seek from Defendants the same "core" discovery that was provided to the other Plaintiffs over which this Court governed discovery; nothing more, nothing less.

Plaintiffs have conferred with Defendants regarding Defendants failure to respond to written discovery on numerous occasions, including correspondence dated June 17, 2010 (*See* "**Exhibit 3**" to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein) and July 13, 2010 (*See* "**Exhibit 4**" to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein). These correspondences are very detailed and outline the specific discovery requested. Despite these attempts to confer, Defendants have not provided the requested information and documentation.

I.

## Discovery Sought By This Motion

The Fonseca Plaintiffs seek an order compelling the defendants to produce to them at Defendants' expense the same discovery that has been produced by Defendants at their expense in the other MDL and New York product liability cases. At a minimum, Plaintiff seeks the following:

a. Discovery concerning Defendants' sales representatives who had contact with prescribing doctors in 2002 and 2004, including their identify, last known contact information and employment information, their custodial files, their call notes, the literature and communications they had with the prescribing doctors and their roles in arranging for conferences and engagements involving Neurontin.

    See Interrogatory 1 and Requests for Production 3, 4, 5, 6, 8, 21-22, 35-44.

b. Prescribing doctor relations, including Dear Doctor letters, communications to and from the prescribing doctors such as medical information requests, retaining and paying the doctors as opinion leaders, thought leaders, speakers and similar programs, and inviting the doctors to programs.

    See Interrogatory 3-5, 7, 8 and Requests for Production 2, 9, 11, 13, 21, 26-28, 34.

c. Programs such as Continuing Medical Education (CME) and seminars in the region in which the prescribing doctors practiced, were invited, attended, or were exposed.

    See Interrogatory 4, Requests for Production 10 and 32.

d. Information regarding Plaintiff Maria Fonseca, deceased, herself, such as medical records that Defendants may have obtained from some source other than Plaintiffs and MedWatch reports of her medical condition. Plaintiffs do not know that the Defendants have; they only know what they have sent them.

    See Interrogatory 8 and Requests for Production 1, 14, 20, 30, 31

These exact documents and information have been produced in other litigation. For example, in one case, *Young v. Pfizer*, Index 402186/06 (Supreme Court State of New York, Orange County), Defendants produced at a minimum the following:

1. Spreadsheets of CME in New York from 1996-1998 and again from 2001-2002;
2. Excel spreadsheets of doctors who attended meetings between 1994-2000, including their names, addresses, affiliations, the events date and location and similar spreadsheets for later periods;
3. An excel spreadsheet of payments to speakers in that region between 1995-2000 and similar spreadsheet for 2002-2001

In another instance, Defendants produced custodial files of a sales representative that contained e-mails concerning relations with speaks, regional business plans, slideshows, training materials, and the like.

## II.

## Defendants' Responses Do Not Comply With

## The Federal Rule of Civil Procedure And Are Not Meritorious

As stated above, Defendants responses to Plaintiff's Interrogatories and Requests for Production dated December 28, 2009 fail to provide and single responsive answer or document and are littered with generic numbered objections. Defendants listed thirteen (13) objections to every single interrogatory and request for production, including such obviously bad-faith objections as that the identify of the sales representatives was not relevant and not likely to lead to relevant discovery and that the information was privileged and proprietary, all despite the order of this Court to depose the sales representatives and despite the existence of confidentiality orders.

Defendants also asserted three responses that make clear their intention to obstruct discovery and contest every single stage of litigation. First, after incorporation and thirteen (13) objections and every Interrogatory and Request for Production, Defendants referred the Fonseca Plaintiffs to huge categories of non-specific data, such as 'the Merlin/Pfenix Database,' the 'CMS/CMSS Database,' and 'the myriad of marketing documents.' The Fonseca Plaintiffs acknowledge that Defendants have provided data from these databases to the Plaintiffs' Steering Committee and that Plaintiff's Steering Committee has sorted through this data and provided some case-specific discovery to the Fonseca Plaintiffs. The information the Fonseca Plaintiffs have received from the Plaintiff's Steering Committee, as well as all missing information, is identified in **"Exhibit 4"** attached to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. However, not all of the requested information is contained in these databases. Plaintiffs' Steering Committee can only search the database for information relevant to Mr. Burleson's requests and then segregate that information from the database for use by Plaintiffs. Pursuant to the rules, the Fonseca Plaintiffs are entitled to receive authenticated and verified discovery responses directly from Defendants in response to their case-specific discovery. Furthermore, Plaintiffs are aware that Defendants are lodging authenticity objections when individual plaintiffs attempt to use the database information they receive from the Plaintiffs' Steering Committee in depositions. Defendants will not stipulate to the authenticity of these documents so in essence, they are no good. This is another reason why the case-specific discovery responses must come directly from Defendants.

Second, Defendants state that subject to all their objections, they would either provide some documents or make them available, without actually doing so, without saying when they would do so, and without indicating in any way that they would produce what was sought as opposed to what Defendants might limit the production to be after they parsed it out as narrowly as possible. On June 15, 2010, Plaintiffs followed up on Defendants' offer to allow Plaintiffs to inspect documents and attempted to schedule an inspection. **See Exhibit "5"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. In response to Plaintiffs' request, counsel for Defendants contacted counsel for Plaintiffs and advised that no documents would be available for inspection and that Defendants were putting documents together for production in the near future. On June 21, 2010, Defendants produced a CD containing documents bates numbered Pfizer_MDL_FonsecaJ_0000001 through Pfizer_MDL_FonsecaJ_0000017. These documents are wholly insufficient and do not come close to containing the information Plaintiffs are entitled to and have requested in their Interrogatories and Requests for Production. **See "Exhibit 4."** Aside from the sparse documentation Defendants produced on the CD, Defendants have not produced any documents, information or factual answers to Plaintiffs' Interrogatories and Requests for Production.

Defendants' non-responsive discovery did not end at that point, however. For the vast majority of its responses, after asserting numerically the thirteen (13) catch-everything rote objections and one or more of the above no-position position, in many of the responses the Defendant continued the Sudoku game by referring the Fonseca Plaintiffs to a different numbered response. For example, in Response to Request for

Production No. 11 (seeking documents containing communications between prescribing doctors and Defendants to request Neurontin information), Defendants asserted all 13 rote objections and, without producing any documents, also referred the Fonseca Plaintiffs to its responses to Requests 2,3,4,5,8,13 and 14 without actually describing what portion of the objections in Requests 2,3,4,5,8,13 or 14 it was relying on.

In sum, Defendants' posture is to make discovery impossible, expensive and unintelligible, regardless of this Court's scheduling orders. Defendants have used the same "cut and paste" objections to frustrate the discovery process in other cases pending in the MDL, including the *Barlow*, *Burleson*, *Felici, Garcia* and *Salinas* cases. Defendants' responses do not in a single instance comply with Rule 34(b)(2) that obligates a party objection to a Request to "specify the part and permit inspection of the rest."

### III.

### Authorities

Rule 37(a)(3) provides that a party may obtain compulsion of discovery when, as here, an opposing party fails to make a disclosure as required by Rule 26(a) or fails to respond to interrogatories or requests for discovery. As demonstrated above and evidenced by their responses, Defendants have clearly failed to respond to Plaintiffs' Interrogatories and Requests for Production.

On March 24, 2010, the Court entered a Discovery Order Regarding Cost Shifting relating to all products liability actions. **See Exhibit "6"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. The Court ALLOWED Products Liability Plaintiffs' Motion to Compel (Docket #2482) and

ALLOWED Plaintiff Irene Barlow's Amended Motion to Compel (Docket #2480). The basis of Plaintiff Irene Barlow's Amended Motion to Compel and the basis of this motion are the same because Defendants served the same "cut and paste" objections and responses to both Plaintiffs. Based on this Court's prior orders, the Fonseca Plaintiffs' Motion to Compel should be granted.

## IV.

## Conclusion

The Fonseca Plaintiffs seek only the core discovery they described above and in the named Interrogatories and Requests for Production. Plaintiffs will be extremely prejudiced if they are required to prepare for and depose Defendants' sales representatives and decedent Maria Fonseca's prescribing physicians without the benefit of this discovery. It is impossible to obtain such discovery except by Court order and impossible to comply with Magistrate Judge Sorokin's scheduling orders and discovery directives without such discovery. Accordingly, the Fonseca Plaintiffs pray the Court enter an order compelling discovery as set out above.

>
> Respectfully submitted,
>
> **GARCIA & KARAM, L.L.P.**
> 820 South Main
> McAllen, Texas 78501
> 956-630-2882 (telephone)
> 956-630-5393 (facsimile)
>
> By:   /s/ Ricardo A. Garcia
> RICARDO A. GARCIA
> State Bar No. 07643200
> Federal ID No. 1095
> AIZAR J. KARAM, JR.
> State Bar No. 00796860
> LINO H. OCHOA
> State Bar No. 00797168
> Federal Bar No. 272425

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 30th day of July, 2010.

To:

Mark Cheffo, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

Counsel for Defendants

/s/ Ricardo A. Garcia
Ricardo A. Garcia