EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------------- x

IN RE: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCT LIABILITY
LITIGATION

MDL Docket No. 1629

Judge Patti B. Saris
Magistrate Judge Leo T. Sorokin

-------------------------------------------------------------------- x

THIS DOCUMENT RELATES TO:

     Jose Magdaleno Arturo Fonseca
     M-05-312 Southern District of Texas,
     McAllen Division

Civil Action No. 04-10981

-------------------------------------------------------------------- x

## DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S REQUEST
## FOR PRODUCTION OF DOCUMENTS AND THINGS

### PRELIMINARY STATEMENT

     Plaintiffs may request from Defendants documents and information that are relevant to their claims or are likely to lead to the discovery of relevant information. The scope and breadth of appropriate discovery is determined by, among other things, the claims, defenses and salient facts involved.   In this case, Judge Sorokin's July 24, 2009, Order requires that the parties complete initial discovery, limited to Plaintiff and prescriber-specific discovery, no later than September 15, 2010.   However, certain of the discovery requests served by Plaintiff on Pfizer are overbroad in that, among other things, they go beyond the scope of discovery completed by Judge Sorokin's Order. Furthermore, Plaintiff has been providing authorizations for medical records that are needed to gather information about Plaintiff's medical condition(s) on a rolling basis.   In addition, Pfizer's counsel also needs certain authorizations for the collection of education and employment records.   Therefore, Pfizer reserves its right to limit or otherwise modify



its responses when Plaintiff provides appropriate authorizations and additional records can be gathered.

Pfizer's counsel remains willing to engage in discussions with Plaintiff's counsel related to appropriate discovery that is reasonably related to the claims in this case and properly tailored in scope in accordance with Judge Sorokin's order regarding initial discovery. Notwithstanding Pfizer's objections to overly broad or burdensome requests, it intends to cooperate with Plaintiff's counsel in producing and making available documents and information that are relevant to this action. Pfizer will continue to search to identify and make available responsive documents and information. Pfizer's counsel will make available additional documents and information, if Plaintiff agrees to pay for the costs of reviewing and producing these documents.

In responding to Plaintiff's Request for Production of Documents and Other Things (the "Responses"), Pfizer does not waive its right to challenge:

A.     All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding or in the trial of this or any other action;

B.     The right to object to the use of any of these Responses, or the subject matter thereof, in any subsequent proceeding or in the trial of this or any other action; and

C.     The right to elicit appropriate evidence, beyond these Responses, regarding the subjects referred to in or in response to any discovery request. A statement by Pfizer in a Response that it will produce or make documents available does not mean that Pfizer has determined that such documents exist, that it has located such documents,

or that such documents are not confidential or privileged.  This preliminary statement is incorporated into each of the Responses set forth below.

## GENERAL OBJECTIONS

1.      Pfizer objects to each Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Pfizer objects to each Request to the extent it purports to impose any obligation greater than those provided by the applicable laws and rules governing the proper scope and extent of discovery.

3.      Pfizer objects generally to the Definitions/Instructions contained in Plaintiff's Request on the grounds that such Definitions/Instructions are vague and ambiguous, overly broad, unduly burdensome and oppressive, seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges recognized by law.  Pfizer further objects to the Definitions included in Plaintiff's Request to the extent that they seek to impose obligations, including a duty to supplement, beyond that which is required by the applicable rules of civil procedure.

4.      Pfizer objects to each Request to the extent it seeks the discovery of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the consulting expert privilege, the self-critical analysis privilege, and/or any other privileges or immunities recognized by law ("Privileged Information").

Any undertakings to produce or make documents available should be understood specifically to exclude Privileged Information.

5.    Pfizer objects to each Request to the extent it seeks information that would be of little or no relevance to the issues raised in this case, and/or is overly broad and would subject Pfizer to unreasonable, oppressive, and undue burden and expense.

6.    Pfizer objects to each Request which is not limited to the time period relevant to this action and as such is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.    Pfizer objects to each Request to the extent it is so broad, vague, ambiguous, or uncertain that it cannot determine the precise nature of the information sought and, therefore, cannot answer without an unreasonable risk of inadvertently providing a misleading, confusing, inaccurate, or incomplete response.

8.    Pfizer objects to each Request which calls for documents that have already been provided, produced and/or made available to Plaintiff. Pfizer objects to each Request to the extent it seeks production of materials or provision of information called for by other Requests. Information that is responsive to more than one Request will be provided, produced and/or made available by Pfizer only once; thus, any information provided, produced and/or made available by Pfizer is incorporated in response to each Request to the extent it seeks such information.

9.    Because Pfizer has not yet located and identified all of the documents and/or information that might be responsive to Plaintiff's Requests, Pfizer reserves the right to supplement its responses and assert additional objections as appropriate.

10.     Pfizer objects to each Request to the extent it seeks the discovery of private or personal information relating to study participants, patients, reporters of alleged adverse events or Pfizer's employees that are protected under contractual, constitutional, statutory, and/or common law rights of confidentiality and privacy, without appropriate protections and entry of an order by the Court.

11.     Pfizer objects to each Request to the extent it seeks trade secret, proprietary, confidential, or commercially sensitive information without the application of the protective order entered in this action.

12.     Pfizer objects to each Request to the extent it contains express and/or implicit characterizations.  A statement by Pfizer in a Response that it will produce or make documents available does not mean that Pfizer adopts, admits or otherwise agrees whatsoever with any such characterizations.

13.     Pfizer objects to each Request that seeks advertising, marketing or promotional type materials or information as there is neither any allegation, nor any reliable evidence to suggest, that Plaintiff, Plaintiff's Decedent, or the prescribing physician(s) relied on any such materials.

Subject to and without waiver of any general or specific objection, Pfizer hereby incorporates by reference the General Objections set out above, into the response to Plaintiff's Requests, whether referred to therein or not, and, subject to the terms of any protective order entered in this action, responds to Plaintiff's Requests as follows:

## RESPONSE TO PLAINTIFF'S REQUESTS

**REQUEST NO. 1:**

Please produce all documents referring or relating to Plaintiff, including, but not limited to all medical records, medical bills, and medical evidence relating to the Plaintiff in the possession of the Defendants, their experts or agents.

**RESPONSE TO REQUEST NO. 1:**

<u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 1 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying, Plaintiff's Neurontin related MedWatch Report, if any, and any underlying records that it has in its possession.

**REQUEST NO. 2:**

Please produce each "Dear Doctor" or "Dear Health Care Provider" letter that you contend was sent to Plaintiff's Health Care Provider(s). In addition, please produce the data from Defendants' database, if any, or documents that demonstrate that the letter(s) were sent.

**RESPONSE TO REQUEST NO. 2:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 2 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") that have previously been produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access his version of the Merlin/Pfoenix databases for use in this case.

**REQUEST NO. 3:**

For each of Plaintiff's Prescribing Physician(s), please produce all documents that identify Plaintiff's Prescribing Physician(s); that identify the name, last known address, and telephone number of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaison(s), if any, contacting the Prescribing Physician regarding Neurontin and/or Gabapentin; that identify the dates of such contact; and that reflect the current relationship, if any, between Defendant and the sales representative(s) and/or Territory Manager(s), and Medical Liaison.

**RESPONSE TO REQUEST NO. 3:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer

further objects and states that Request No. 3 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, seeks documents that are

already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff,

and based on the allegations in Plaintiff's complaint, seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of relevant information.

Subject to and without waiver of any objection, Pfizer directs Plaintiff to the CMS and

CMMS databases that have previously been produced in the context of Neurontin

litigation.  Subject to and without waiver of any objection, Plaintiff may access his

version of the CMS and CMMS databases for use in this case.  In addition, in the spirit of

cooperation, subject to and without waiver of any objection,  Pfizer states that it will

make available for inspection and copying documents, if any, from sales call/Medical

Liaisons databases containing contacts between sales representatives and/or Medical

Liaisons and the prescribing physician(s) relating to Neurontin during the time period that

the sales representatives/Medical Liaisons contacted the prescribing physician(s) in their

professional capacities, but in no event beyond the date of alleged injury.

**REQUEST NO. 4:**

For each of Defendant's sales representative(s) and/or Territory

Manager(s), and Medical Liaison, identified in Request No. 3 as sales representatives

and/or Territory Managers(s) calling upon Plaintiff's Prescribing Physician(s), please

produce his/her entire custodial file, including but not limited to all personal notes,

memoranda, calendar entries, computer entries, backgrounder documents, marketing information, and any other document concerning Neurontin and/or Gabapentin created, generated, edited by or in the possession or control of the identified sales representative.

**RESPONSE TO REQUEST NO. 4:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 4 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer will make available for inspection and copying certain non-duplicative, responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed, and Medical Liaisons who contacted in their professional capacities, the physician(s) who prescribed Neurontin to this Plaintiff.

**REQUEST NO. 5:**

Please produce all sales call notes and sample data for each person identified in Response No. 3 as Defendant's sales representative or Territory Manager calling upon Plaintiff's Prescribing Physician(s) if produced in an electronic and paper format, include all necessary information for the witnesses to identify the authenticity of the information provided.

**RESPONSE TO REQUEST NO. 5:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 5 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 3.  In addition, subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying entries from an appropriate database, if any, that contain information about Neurontin samples provided to the prescribing physician(s) during the time period relevant to this action.

**REQUEST NO. 6:**

For each of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaison (s), if any, identified in Request No. 3 as sales representatives and/or Territory Manager(s) calling upon Plaintiff's Prescribing Physician(s), please produce all documents, including journal articles, informational material and promotional information, that the sales representative(s) and/or Territory Manager(s), and Medical Liaison, distributed to or discussed with Plaintiff's Prescribing Physician(s).

**RESPONSE TO REQUEST NO. 6:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 6 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 4. In addition, subject to and without waiver of any objection, and subject to the entry of an appropriate protective order, Pfizer directs Plaintiff to the myriad marketing documents it has already produced in the context of Neurontin litigation. Subject to and without waiver of any objection, and subject to the application of the protective order, Plaintiff may access those materials for use in this case.

**REQUEST NO. 7:**

For each of Defendants' sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) calling upon Plaintiff's Prescribing Physician(s), please produce all documents relating to whether he/she is or has been investigated or reprimanded for his/her marketing practices by either Defendants or some other governmental agency.

11

**RESPONSE TO REQUEST NO. 7:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 7 is unreasonably overbroad, unduly burdensome, vague, calculated solely to harass, not properly limited in time, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 8:**

For each of Plaintiff's Health Care Provider(s), please produce any and all documents relating to whether Defendants or their representatives ever provided him or her (or anyone in their practice) Neurontin samples; the number or sample packets provided and the dosages provided; the dates that they were shipped and/ or provided; the lot numbers for the samples provided on each date identified; and the identity of the person or persons who provided the samples; and provide a copy of the packaging and package inserts, if any, that correspond to the samples that were provided.

**RESPONSE TO REQUEST NO. 8:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 8 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and

12

without waiver of any objection, <u>see</u> Response to Request No. 5.  In addition, subject to and without waiver of any objection, Pfizer directs Plaintiff to the package inserts it has already produced in the context of Neurontin litigation.  Subject to and without waiver of any objection, Plaintiff may access those materials for use in this case.

**REQUEST NO. 9:**

If you have ever retained any of Plaintiff's health care providers as an "opinion leader," a member of Defendants' Visiting Speakers Bureau or similar program, or a consultant in any other capacity on the subject of Neurontin or the risks of Neurontin usage, please produce all documents that identify the heath care provider; the dates they were affiliated with Defendants; the amount of money Defendants paid in expenses, honoraria and fees, per calendar year to Plaintiff's prescribing health care provider; and all consulting agreements and contracts.

**RESPONSE TO REQUEST NO. 9:**

<u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 9 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection,  Pfizer states that it will make available for inspection and copying certain documents indicating whether the prescribing physician(s) was retained as a speaker

regarding Neurontin and the related amount of compensation paid for Neurontin speaking

events, if any, during the time period relevant to this action.


**REQUEST NO. 10:**

Please produce any and all documents relating to whether Plaintiff's health

care provider(s) were ever invited to attend and/or did in fact attend any conferences or

events sponsored by Defendants; the title, location and date of the conferences or events

attended; the topic of the conferences or events; all speakers at the conferences or events;

and the agenda/brochure for the conferences or events.


**RESPONSE TO REQUEST NO. 10:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer

further objects and states that Request No. 10 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time, and based on the allegations in

Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated

to lead to the discovery of relevant information. Subject to and without waiver of any

objection, Pfizer states that it is currently unaware of any databases or other centralized

files that identify physicians who attended meetings or events related to Neurontin.

However, in the spirit of cooperation, subject to and without waiver of any objection,

Pfizer states that it will conduct reasonably diligent searches to locate documents, if any,

regarding any meeting or event related to Neurontin that Plaintiff can establish was

attended by the prescribing physician(s), or that the prescribing physician(s) indicates he

or she attended, during the time period relevant to this action.

**REQUEST NO. 11:**

Please produce all documents relating to whether Plaintiff's Health Care Provider(s) ever contacted you to request information concerning Neurontin, its indications, its effects and/or its risks.

**RESPONSE TO REQUEST NO. 11:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 11 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") that have previously been produced in the context of other Neurontin litigations. Subject to and without waiver of any objection, Plaintiff may access his version of the Merlin/Pfoenix databases for use in this case. In addition, subject to and without waiver of any objection, see Response to Request Nos. 2, 3, 4, 5, 8, 13 and 14.

**REQUEST NO. 12:**

Please produce all documents relating to whether Defendants currently have or previously had access to any database or information which purports to track any of Plaintiff's prescribing health care provider's prescribing practices with respect to

Neurontin including, but not limited to the product(s) prescribed, the number or

prescriptions, the number of refills and the time frame when these products were

prescribed or filled.

## RESPONSE TO REQUEST NO. 12:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer

further objects and states that Request No. 12 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, seeks documents equally

available to Plaintiff and based on the allegations in Plaintiff's complaint, seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

relevant information.  Subject to and without waiver of any objection, Pfizer states that if

Plaintiff agrees to incur the costs associated with the review and production of these

documents and materials,  Pfizer will make available for inspection and copying

prescription data for the prescribing physicians(s) (for which Plaintiff provides with ME

numbers) during the time period relevant to this action.

## REQUEST NO. 13:

If you have been contacted by Plaintiff, any of his prescribing or non-

prescribing health care physicians, or anyone (except Plaintiff's Counsel) on behalf of

Plaintiff concerning Plaintiff, please produce all documentation that references the name

of the person(s) who contacted you; the person(s) who were contacted including their

name, address and telephone number; and which reflect any communication between any

person and you concerning Plaintiff.

16

**RESPONSE TO REQUEST NO. 13:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 13 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request Nos. 2, 3, 4, 5, 8, 11 and 14.

**REQUEST NO. 14:**

Please produce a copy of each MedWatch form that refers or relates to Plaintiff, including back-up documentation concerning Plaintiff and any evaluation you did concerning the Plaintiff.

**RESPONSE TO REQUEST NO. 14:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 14 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive documents,

if any, are contained within the Adverse Events database that has previously been

produced in the context of other Neurontin litigations. Subject to and without waiver of

any objection, Plaintiff may access their version of the Adverse Events database for use

in this case. In addition, in the spirit of cooperation, subject to and without waiver of any

objection, Pfizer will make available for inspection and copying, Plaintiff's Neurontin

related MedWatch Report, if any.


**REQUEST NO. 15:**

Please produce a copy of any advertisements for Neurontin used in the

Media Market where Plaintiff lived at the time that he was prescribed Neurontin.


**RESPONSE TO REQUEST NO. 15:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer

further objects and states that Request No. 15 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, and based on the allegations in

Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated

to lead to the discovery of relevant information. Subject to and without waiver of any

objection, Pfizer directs Plaintiff to the myriad marketing documents it has already

produced in Neurontin litigation. Subject to and without waiver of any objection,

Plaintiff may access those materials for use in this case.


18

**REQUEST NO. 16:**

For each advertisement produced in response to Request No. 15, please produce all documents that identify the media outlet, the dates that the advertisements ran, and the cost of the ad campaign.

**RESPONSE TO REQUEST NO. 16:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 16 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 15.

**REQUEST NO. 17:**

Please produce a copy of any advertisements for Neurontin used in the Media Market that Plaintiff's prescribing physician(s) office was located at the time that Plaintiff was prescribed Neurontin.

**RESPONSE TO REQUEST NO. 17:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 17 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in

19

Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, <u>see</u> Response to Request No. 15.

**REQUEST NO. 18:**

For each advertisement produced in response to Request No. 17, please produce any and all documents that identify the media outlet, the dates that the advertisements ran, and the cost of the ad campaign.

**RESPONSE TO REQUEST NO. 18:**

<u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 18 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, <u>see</u> Response to Request No. 16.

**REQUEST NO. 19:**

For each advertisement produced in response to Requests Nos. 15 & 17, please produce all documents relating to the development of these advertisements, including but not limited to any market research, focus group reports, impact or message testing, consumer surveys, internal correspondences and any reports or correspondences

from any advertising agency or other third party involved in the development of all responsive advertisements.

## RESPONSE TO REQUEST NO. 19:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 19 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad marketing documents it has already produced in Neurontin litigation.  Subject to and without waiver of any objection, Plaintiff may access those materials for use in this case.

## REQUEST NO. 20:

Please produce every document that relates to or refers to Plaintiff.

## RESPONSE TO REQUEST NO. 20:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 20 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objections, <u>see</u> Response to Request Nos. 1 and 14.

**REQUEST NO. 21:**

Please produce every document sent to or received from any of Plaintiff's Prescribing Physician(s).

**RESPONSE TO REQUEST NO. 21:**

<u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 21 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, <u>see</u> Response to Request Nos. 2, 3, 4, 5, 6, 8, 13 and 22.

**REQUEST NO. 22:**

Please produce every document reflecting any actual communication between you and Plaintiff's Prescribing Physician(s) concerning the risks and benefits associated with Neurontin.

**RESPONSE TO REQUEST NO. 22:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 22 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") that have previously been produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access his version of the Merlin/Pfoenix databases for use in this case. In addition, subject to and without waiver of any objection, see Response to Request Nos. 2, 3, 4, 5, 8, 13 and 14.

**REQUEST NO. 23:**

Please produce every document that purports to describe the prescribing practices of any of Plaintiff's Prescribing Physician(s).

**RESPONSE TO REQUEST NO. 23:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 23 is unreasonably overbroad, unduly burdensome, vague, ambiguous, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor

23

reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer will make available for inspection and copying prescription data for the prescribing physician(s) (for which Plaintiff provides Pfizer with ME numbers) during the time period relevant to this action. In addition, subject to and without waiver of any objection, see Response to Request Nos. 3, 4, and 5.

**REQUEST NO. 24:**

Please produce all documents relating to suicidality and Neurontin that were created by, edited by, reviewed by or in the possession of each person identified in response to Interrogatory No. 16 of Plaintiffs' Interrogatories.

**RESPONSE TO REQUEST NO. 24:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 24 is unintelligible and incomprehensible, as there is no Interrogatory No. 16 in Plaintiffs' Interrogatories and would require Pfizer to engage in conjecture as to the meaning of the Request. Pfizer further objects and states that Request No. 24 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 25:**

Please produce all documents relating to suicidality and Neurontin that were created by, edited by, reviewed by or in the possession of each person identified in response to Interrogatory No. 17 of Plaintiffs' Interrogatories.

**RESPONSE TO REQUEST NO. 25:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 25 is unintelligible and incomprehensible, as there is no Interrogatory No. 17 in Plaintiffs' Interrogatories and would require Pfizer to engage in conjecture as to the meaning of the Request. Pfizer further objects and states that Request No. 25 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 26:**

Please produce a copy of all agreements, indemnification agreements, contracts, consulting agreements, letters of agreement, clinical investigator agreements, speaking contracts, research contracts, and other express understandings (whether written or verbal) between you and any of the Plaintiff's Prescribing Physician(s), and produce all documents that evidence, refer, or relate to any such understandings entered into or discussed between or among each of you.

25

**RESPONSE TO REQUEST NO. 26:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 26 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, see Response to Request No. 9.

**REQUEST NO. 27:**

Please produce a copy of all agreements, indemnification agreements, contracts, consulting agreements, letters of agreement, clinical investigator agreements, speaking contracts, Visiting Speaker's Bureau agreements, research contracts, and other express understandings (whether written or verbal) between you and any of the Plaintiff's Treating Physician(s), and produce all documents that evidence, refer, or relate to any such understandings entered into or discussed between or among each of you.

**RESPONSE TO REQUEST NO. 27:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 27 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and

26

based on the allegations in Plaintiff's complaint, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 28:**

Please produce all documents relating to any item of compensation, gifts,

present, magazine, book, reprint, food or beverage item, blank check, money order, event

or travel coupon or ticket, travel voucher, golf fees, travel bag, clothing item, clock,

notepad, soap dispenser, umbrella, sporting equipment, writing implement, promotional

item, invitation to event, invitation to lunch or dinner, invitation to any conference,

and/or any other item of any value given at any time by Defendants or paid for by

Defendants for the Plaintiff's Prescribing Physician(s) or their immediate families.

**RESPONSE TO REQUEST NO. 28:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer

further objects and states that Request No. 28 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, seeks documents that are

already in or equally available to Plaintiff, and based on the allegations in Plaintiff's

complaint, seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of relevant information. Subject to and without waiver of any objection

and subject to the protective order, Pfizer directs Plaintiff to the myriad of marketing

documents it has already produced in Neurontin litigation. Subject to and without waiver

of any objection, Plaintiff may access these materials for use in this case. In addition,

27

subject to and without waiver of any objection, see Response to Request Nos. 3, 4, 5, 9, 10, 21, 22, and 26.

**REQUEST NO. 29:**

Please produce all documents relating to any item of compensation, gifts, present, magazine, book, reprint, food or beverage item, blank check, money order, event or travel coupon or ticket, travel voucher, golf fees, travel bag, clothing item, clock, notepad, soap dispenser, umbrella, sporting equipment, writing implement, promotional item, invitation to event, invitation to lunch or dinner, invitation to any conference, and/or any other item of any value given at any time by Defendants or paid for by Defendants for the Plaintiff's Treating Physician(s) or their immediate families.

**RESPONSE TO REQUEST NO. 29:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 29 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 30:**

Please produce all documents containing information obtained by the Defendants regarding Plaintiff and/or any member of Plaintiff's immediate family including, but not limited to the following:

28

1.      All medical records, laboratory results, mammogram information or any

medical evidence in Defendants' possession relating to the Plaintiff;

2.      Any surveillance documents, data, videotapes or information;

3.      Any information relating to Plaintiff's employment or the employment of

his spouse or immediate family;

4.      Statements, interviews, discussions or communications with Plaintiff,

Plaintiff's family, Plaintiff's employers or work colleagues or any of

Plaintiff's friends;

5.      Statements, interviews, discussions or communications with Plaintiff's

Prescribing Physician(s) or any attorney representing Plaintiff's

Prescribing Physician(s);

6.      Statements, interviews, discussions or communications with Plaintiff's

Treating Physician(s) or any attorney representing Plaintiff's Treating

Physician(s).

**RESPONSE TO REQUEST NO. 30:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer

further objects and states that Request No. 30 is unreasonably overbroad, unduly

burdensome, vague, seeks documents that are already in Plaintiff's possession, custody,

or control, or are equally available to Plaintiff, not properly limited in time or scope, and

based on the allegations in Plaintiff's complaint, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of relevant information.   Subject to

and without waiver of any objection, Pfizer states that it will make available for

inspection and copying, Plaintiff's Neurontin related MedWatch Report, if any, and any underlying records that it has in its possession.

**REQUEST NO. 31:**

Please produce all written communications between you and the Plaintiff in this particular case, including notes of any telephone conversations or any documentation of contact between the Plaintiff and the Defendants.

**RESPONSE TO REQUEST NO. 31:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 31 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying, Plaintiff's Neurontin related MedWatch Report, if any, and any underlying records that it has in its possession. In addition, subject to and without waiver of any objection, if Plaintiff informs Pfizer that Plaintiff had direct communications with Pfizer, it will conduct reasonable diligent searches and produce such communications reasonably related to this case.

**REQUEST NO. 32:**

Please produce all documents relating to whether Plaintiff's Treating Physician(s) were ever invited to attend and/or did in fact attend any conferences or events sponsored by Defendants; the title, location and date of the conferences or events attended; the topic of the conferences or events; all speakers at the conferences or events; and the agenda/brochure for the conferences or events; and all slides, handouts, invitations, and notes of presentations from any such events.

**RESPONSE TO REQUEST NO. 32:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 32 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 33:**

For all persons retained by Defendants as an expert in this case as well as all consulting expert witnesses, whose opinions are reviewed or relied upon by one of Defendants' expert witnesses, please produce the following:

1.     A current Curriculum vitae or resume and bibliography;

2.     All correspondence or communication between Defendants and such expert;

3.      A copy of all prior testimony, court testimony or depositions in which such expert provided any expert opinions or testimony in any litigation;

4.      A copy of all expert reports created by such expert in any litigation;

5.      A copy of all published medical or scientific articles reviewed by such expert in connection with this litigation;

6.      A copy of every document, material, calculation, memorandum or note reviewed for the purpose of forming any opinion in this case and identify which of such documents were relied upon for the purpose of forming any opinion in this case;

7.      All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

8.      All receipts, billing, invoices, cancelled checks, or any record of payment from Defendants to such expert for services in the entire hormone therapy litigation;

9.      All billing records, invoices and receipts which evidence payments made by any Defendant to such expert for services in this specific case.

**RESPONSE TO REQUEST NO. 33:**

Pfizer objects and states that Request No. 33 is premature. Pfizer will provide documents required by the Rules of Civil Procedure and any scheduling order entered in this case.

**REQUEST NO. 34:**

Please produce all letters, correspondence, agreements and communication regarding indemnification for Plaintiff's Prescribing Physician(s) related to Neurontin litigation.

**RESPONSE TO REQUEST NO. 34:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 34 is unreasonably overbroad, unduly burdensome, vague, are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 26.

**REQUEST NO. 35:**

Please produce all leave-behind materials, directed to physicians, ever presented to Plaintiff's Prescribing Physician(s) related to Neurontin.

**RESPONSE TO REQUEST NO. 35:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 35 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and

based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, see Response to Request No. 4.  In addition, subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad marketing documents it has already produced in Neurontin litigation.  Subject to and without waiver of any objection, Plaintiff may access those materials for use in this case.

**REQUEST NO. 36:**

Please produce all leave-behind materials directed to patients ever presented to Plaintiff's Treating Physician(s) related to Neurontin.

**RESPONSE TO REQUEST NO. 36:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 36 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 37:**

Please produce the entire employment file (redacting any wage, benefit or salary information) for each of Defendants' sales representative(s) and/or Territory

Manager(s) identified in Request No. 3 as sales representatives and/or Territory
Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 37:**

        <u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer
further objects and states that Request No. 37 is unreasonably overbroad, unduly
burdensome, vague, not properly limited in time or scope, and based on the allegations in
Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated
to lead to the discovery of relevant information.

**REQUEST NO. 38:**

        Please produce all training manuals and materials for each of Defendants'
sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales
representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing
Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 38:**

        <u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer
further objects and states that Request No. 38 is unreasonably overbroad, unduly
burdensome, vague, not properly limited in time or scope, seeks documents equally
available to the Plaintiff, and based on the allegations in Plaintiff's complaint, seeks
information that is neither relevant nor reasonably calculated to lead to the discovery of
relevant information.  Subject to and without waiver of any objection, Pfizer states if

Plaintiff will agree to incur the costs for the review and production, Pfizer will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the custodial files of sales representatives who detailed the physician(s) who prescribed Neurontin.

**REQUEST NO. 39:**

Please produce all continuing education materials provided to each of Defendants' sales representatives and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 39:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 39 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, if Plaintiff agrees to incur the costs for the review and production, Pfizer states that it will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physician(s) who prescribed Neurontin.

**REQUEST NO. 40:**

Please produce all third party materials provided to each of Defendants'
sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales
representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing
Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 40:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer
further objects and states that Request No. 40 is unreasonably overbroad, unduly
burdensome, vague, ambiguous, incomprehensible, not properly limited in time or scope,
and based on the allegations in Plaintiff's complaint, seeks information that is neither
relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 41:**

Please produce the script of all sales representative and/or Territory
Manager "voice mails," if any, left relating to sales training and information provided to
each of Defendants' sales representative(s) and/or Territory Manager(s) identified in
Request No. 3 as sales representatives and/or Territory Manager(s) who called on
Plaintiff's Prescribing Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 41:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 41 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, Pfizer states if Plaintiff agrees to incur the cost of production and review, Pfizer will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the custodial files of sales representatives who detailed the physician(s) who prescribed Neurontin. In addition, subject to and without waiver of any objection, and subject to the entry of an appropriate protective order, Pfizer directs Plaintiff to the myriad sales representative documents it has already produced in Neurontin litigation.

**REQUEST NO. 42:**

Please produce all comparison sheets used in comparing Defendants' Neurontin to other pharmaceutical products provided to each of Defendants' sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 42:**

   See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer

further objects and states that Request No. 42 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, and based on the allegations in

Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated

to lead to the discovery of relevant information.  Subject to and without waiver of any

objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review

and production of these documents and materials, it will make available for inspection

and copying certain responsive documents from the time period relevant to this action, if

any, from the files of sales representatives who detailed the physician(s) who prescribed

Neurontin.  In addition, subject to and without waiver of any objection, Pfizer directs

Plaintiff to the myriad of sales representative documents it has already produced in the

context of Neurontin litigation.

**REQUEST NO. 43:**

   Please produce all "Q&A" responses to published studies provided to each

of Defendants' sales representative(s) and/or Territory Manager(s) identified in Request

No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's

Prescribing Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 43:**

   See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer

further objects and states that Request No. 43 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer states that it will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physician(s) who prescribed Neurontin.  In addition, subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad sales representative documents it has already produced in the context of Neurontin litigation.

**REQUEST NO. 44:**

Please produce all "Q&A" responses to published studies provided to any sales representatives and/or Territory Managers identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 44:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 44 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Pfizer further objects to this Request on

the grounds that it is duplicative of Request No. 43.  Subject to and without waiver of any

objection, <u>see</u> Response to Request No. 43.

**REQUEST NO. 45:**

Produce all documents relating to Defendants' gross and net sales of

Neurontin for each year corresponding to when Plaintiff was prescribed Neurontin.

**RESPONSE TO REQUEST NO. 45:**

<u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer

further objects and states that Request No. 45 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, and based on the allegations in

Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated

to lead to the discovery of relevant information. Subject to and without waiver of any

objections,  Pfizer states that it will search for and produce documents, if any, sufficient

to identify annual sales of Neurontin in the United States for the time period specified in

Request No. 45.

**REQUEST NO. 46:**

For each District Manager (or equivalent), if any, who supervised the

Defendants' sales representative(s) and/or Territory Manager(s) identified in Request

No. 3 as sales representatives and/or Territory Managers(s) calling upon Plaintiff's

Prescribing Physician(s), please produce his/her entire custodial file, including but not

limited to all personal notes, memoranda, calendar entries, computer entries,

backgrounder documents, marketing information, and any other document concerning Neurontin created, generated, edited by or in the possession or control of the identified sales representative.

## RESPONSE TO REQUEST NO. 46:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 46 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer states that it will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the custodial files of sales representatives who detailed, the physician(s) who prescribed Neurontin.

## REQUEST NO. 47:

For each District Manager (or equivalent), if any, who supervised the Defendants' sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Managers(s) calling upon Plaintiff's Prescribing Physician(s), please produce the field coaching guide(s) or manual(s) applying to this supervision.

**RESPONSE TO REQUEST NO. 47:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 47 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 48:**

Produce data that purports to track any of Plaintiff's prescribing healthcare provider's prescribing practices with respect to Neurontin, including, but not limited to the number of prescriptions, the number of refills, and the timeframe when these products were prescribed or (re)filled. (e.g., IMS data).

**RESPONSE TO REQUEST NO. 48:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 48 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer will make available for inspection and copying prescription data for the prescribing physicians(s) (for which Plaintiff provides with ME numbers) during the time period relevant to this action.

Dated: New York, New York
December 28, 2009

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: _____
Mark S. Cheffo
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

*Attorney for Defendants Pfizer Inc
And Warner Lambert Company LLC*

To:     Ricardo A. Garcia
        Garcia & Karam, L.L.P.
        820 South Main
        McAllen, Texas 78501
        (956) 630-2882

        *Attorney for Plaintiff Jose Magdaleno Arturo Fonseca*