# EXHIBIT 3



THE LAW OFFICE OF
**GARCIA & KARAM**
A LIMITED LIABILITY PARTNERSHIP

June 17, 2010

<u>**ATTEMPT TO CONFER PURSUANT TO FRCP 37(a)(2)(A) & (B):**
**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION**</u>

<u>*via* Telecopier No. 917/777-2183</u>

Mr. Mark Cheffo, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036-6522

RE:   MDL Docket No. 1629; Civil Action No. 04-10981;
      *In Re: Neurontin Marketing, Sales Practices and*
      *Products Liability Litigation*; (M-05-312; *Jose Magdaleno*
      *Arturo Fonseca, as Representative of the Estate of Maria*
      *del Socorro Fonseca, et al.*; So. Dist. of Texas,
      McAllen Division)

Dear Mr. Cheffo:

With regard to Defendants' Response and Objections to Plaintiffs' Request for Production of Documents and Things dated December 28, 2009, Defendants lodged numerous objections to each and every one of Plaintiff's requests and failed to produce a single document. Defendants' conduct is an abuse of discovery calculated to frustrate the mandated discovery in this case as ordered by Judge Sorokin. Pursuant to FRCP 37(a)(2)(A) & (B), this letter if Plaintiff's attempt to confer with Defendants in a good-faith effort to resolve the dispute without court action. If this discovery dispute cannot be resolved, we will have no choice but to set this matter for hearing with the Court. We will address the specific discovery responses below.

<u>**REQUEST FOR PRODUCTION NO. 1:**</u>

Defendants did not produce any documents in response to Request for Production No. 1. **Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make the documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make Plaintiff's Neurontin related MedWatch Report and any underlying records Defendants have in their possession available for inspection and copying. On June 15,

RICARDO A. GARCIA

AIZAR J. KARAM, JR.

LINO H. OCHOA

820 South Main
McAllen, Texas 78501
Phone 956-630-2882
Fax 956-630-5393
GarciaKaram.com

Ricardo A. Garcia is Board Certified
in Personal Injury Trial Law.

Mr. Cheffo
June 17, 2010
Page 2

2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.**

## REQUEST FOR PRODUCTION NO. 2:

Defendants failed to produce each "Dear Doctor" and "Dear Health Care Provider" letter sent to Plaintiff's Health Care Providers. Defendants also failed to produce the data from Defendants' database and/or any documents that demonstrate that the letter(s) were sent out.

Subject to their numerous objections, Defendants respond by stating that Plaintiff can access "her version of the Merlin/Pfoenix databases." Plaintiff does not have "her version of the Merlin/Pfoenix databases" because Defendants have not produced any databases to Plaintiff.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of these letters, as well as the data from Defendants' database and/or any documents that demonstrate that the letter(s) were sent out, within seven (7) business days.**

## REQUEST FOR PRODUCTION NO. 3:

Defendants failed to produce any documents that identify (1) Plaintiff's Prescribing Physicians; (2) the name, last known address and telephone number of Defendants' sales representatives, Territory Managers and Medical Liaisons who contacted the Prescribing Physician regarding Neurontin and/or Gabapentin; (3) the dates of such contact; (4) the current relationship between Defendants and the sales representatives, Territory Managers and Medical Liaisons.

Subject to their numerous objections, Defendants respond by stating that Plaintiff can access "her version of the CMS and CMMS databases for use in this case." Plaintiff does not have "her version of the CMS and CMMS databases" because Defendants have not produced any databases to Plaintiff.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make the documents available for inspection and copying as indicated below.**

Mr. Cheffo
June 17, 2010
Page 3

In their response, Defendants represent that they will make documents from sales call/Medical Liaisons databases containing contacts between sales representatives and/or Medical Liaisons and the prescribing physicians relating to Neurontin during the time period that the sales representatives/Medical Liaisons contacted the prescribing physicians in their professional capacities available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.**

### REQUEST FOR PRODUCTION NO. 4:

Defendants did not produce any documents in response to Request for Production No. 4.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make the documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make all responsive documents from the files of sales representatives who detailed, and Medical Liaisons who contacted, the physicians who prescribed Neurontin to Plaintiff available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.** As stated in the request for production, Plaintiff requests that Defendants make the entire custodial file available for inspection and copying.

### REQUEST FOR PRODUCTION NO. 5:

Defendants did not produce any documents in response to Request for Production No. 5.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make the documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make database entries containing information about Neurontin samples provided to the prescribing physicians available for inspection and copying, On June 15, 2010, Plaintiff

Mr. Cheffo
June 17, 2010
Page 4

forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.** <u>**As stated in the request for production, Plaintiff requests that Defendants also make available for inspection and copying all sales call notes for Defendants' sales representatives and territory managers calling upon the prescribing physician**</u>.

### REQUEST FOR PRODUCTION NO. 8:

Defendants failed to produce any documents relating to whether they or their sales representatives ever provided Neurontin samples to Plaintiff's prescribing physicians, including the (1) number of sample packets provided and the dosages provided; (2) dates the samples were shipped and/or provided; (3) lot numbers for the samples provided on each date identified; and (4) identify of the persons or persons who provided the samples.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 9:

Defendants did not produce any documents in response to Request for Production No. 9.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make the documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make documents indicating whether the prescribing physicians were retained as "speakers" regarding Neurontin and the related amount of compensation paid for Neurontin speaking events for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.** <u>**As stated in the request for production, Plaintiff requires that Defendants also make the requested information for prescribing physicians retained as "opinion leaders" and "consultants" available for inspection and copying.**</u>

Mr. Cheffo
June 17, 2010
Page 5

### REQUEST FOR PRODUCTION NO. 11:

Defendants failed to produce any documents relating to whether Plaintiff's Health Care Providers ever contacted Defendants to request information concerning Neurontin, its indications, its effects and/or its risks. Subject to their numerous objections, Defendants respond by stating that Plaintiff can access "her version of the Merlin/Pfoenix databases." Plaintiff does not have "her version of the Merlin/Pfoenix databases" because Defendants have not produced any databases to Plaintiff.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 12

Defendants did not produce any documents in response to Request for Production No. 12.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make the documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make prescription data for Plaintiff's prescribing physicians available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.** **Plaintiff does not have access to the ME numbers for the prescribing physicians. Plaintiff has previously provided the names, addresses and telephone numbers for the prescribing physicians. Defendants can more easily obtain this information as Defendants made regular sales calls to these prescribing physicians to market Defendants' Neurontin.**

### REQUEST FOR PRODUCTION NO. 14

Defendants failed to produce any of the requested MedWatch forms that refer or relate to Plaintiff, including back-up back-up documentation concerning Plaintiff and any evaluation Defendants did concerning Plaintiff.

Mr. Cheffo
June 17, 2010
Page 6

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make the documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make Plaintiff's Neurontin related MedWatch report available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.** <u>Plaintiff requires that Defendants also make available for inspections and copying all back-up documentation concerning Plaintiff and any evaluation Defendants did concerning Plaintiff.</u>

### REQUEST FOR PRODUCTION NO. 21

Defendants failed to produce a single document they sent to, or received from, any of Plaintiff's Prescribing Physicians. **Plaintiff requests that Defendants withdraw their objections produce a hard copy of the requested documents within seven (7) business days.**

In their response, Defendants refer Plaintiff to Defendants' prior responses to Request for Production Nos. 2, 3, 4, 5, 6, 8 and 13. Plaintiff is unclear if this reference includes an offer to inspect and copy the requested documents, as some of the referenced responses did include such an offer. On June 15, 2010, out of an abundance of caution, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.**

### REQUEST FOR PRODUCTION NO. 22

Defendants failed to produce a single document reflecting any actual communication between Defendants and Plaintiff's Prescribing Physicians concerning the risks and benefits associated with Neurontin. Subject to their numerous objections, Defendants respond by stating that Plaintiff can access "her version of the Merlin/Pfoenix databases." Plaintiff does not have "her version of the Merlin/Pfoenix databases" because Defendants have not produced any databases to Plaintiff.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

Mr. Cheffo
June 17, 2010
Page 7

### REQUEST FOR PRODUCTION NO. 24

Defendants failed to produce any documents relating to suicidality and Neurontin that were created by, edited by, reviewed by or in the possession of each person identified in response to Interrogatory No. 16 of Plaintiff's Interrogatories.

**Plaintiff request that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 25

Defendants failed to produce any documents relating to suicidality and Neurontin that were created by, edited by, reviewed by or in the possession of each person identified in response to Interrogatory No. 17 of Plaintiff's Interrogatories.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 26

Defendants failed to produce any documents in response to this request for production.

**Plaintiff request that Defendants to withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 27

Defendants failed to produce any documents in response to this request for production.

**Plaintiff request that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

Mr. Cheffo
June 17, 2010
Page 8

### REQUEST FOR PRODUCTION NO. 28 & NO. 29

Defendants failed to produce any documents in response to this request for production. Subject to Defendants to a string of objections, Defendants direct Plaintiff to the "myriad of marketing documents it has already produced in Neurontin litigation." Plaintiff's request is very specific and asks for documents relating to items of value given or paid by Defendants to Plaintiff's Prescribing Physicians or their immediate families. Plaintiff is not asking for marketing materials. Even if these documents are considered by Defendants to be "marketing materials," the fact that Defendants produced "marketing materials" in other Neurontin litigation does not excuse Defendants from producing these documents in this case. Plaintiff should not be deprived necessary and essential discovery in this case merely because Defendants allegedly produced similar documents in "other Neurontin litigation."

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 30

Defendants failed to produce any documents in response to this request for production. Plaintiff's request is a standard request for production asking for all documents containing information obtained by Defendants regarding Plaintiff and/or any member of Plaintiff's immediate family.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 36

Defendants failed to produce any of the requested leave-behind materials presented to Plaintiff's Prescribing Physicians related to Neurontin. After asserting a string of unfounded objections, Defendants directs Plaintiff to the "myriad marketing documents it has already produced in Neurontin litigation."

Defendants' allegation that they produced "marketing documents" in other Neurontin litigation does not excuse Defendants from producing the requested leave-behind materials in this case. Plaintiff should not be deprived necessary and essential discovery in this case merely because

Mr. Cheffo
June 17, 2010
Page 9

Defendants allegedly produced similar documents in "other Neurontin litigation."

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 37

Defendants failed to produce any of the requested employment file materials for Defendants' sales representatives and Territory Managers who called on Plaintiff's Prescribing Physicians to discuss Neurontin. Plaintiff's request specifically states that wage information, benefit and/or salary information is to be redacted.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 38

Defendants failed to produce any of the requested training materials in response to this request for production.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make "certain responsive documents from the time period relevant to this action, if any, from the custodial files of sales representatives who detailed the physicians who prescribed Neurontin" available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m. Plaintiff requests that Defendants also make available for inspections and copying all responsive documents, not just "certain" responsive documents.**

Mr. Cheffo
June 17, 2010
Page 10

### REQUEST FOR PRODUCTION NO. 39

Defendants failed to produce any of the requested continuing education materials in response to this request for production.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make "certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physicians who prescribed Neurontin" available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.** <u>Plaintiff requests that Defendants also make available for inspections and copying all responsive documents, not just "certain" responsive documents.</u>

### REQUEST FOR PRODUCTION NO. 41

Defendants failed to produce a single document in response to this request for production.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make "certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physicians who prescribed Neurontin" available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.** <u>Plaintiff requests that Defendants also make available for inspections and copying all responsive documents, not just "certain" responsive documents.</u>

Mr. Cheffo
June 17, 2010
Page 11

Defendants also direct Plaintiff to the "myriad sales representative documents they have already produced in Neurontin litigation." Defendants alleged production of sales representative documents in other Neurontin litigation does not excuse Defendants from producing the requested scripts in this case. Plaintiff should not be deprived necessary and essential discovery in this case merely because Defendants allegedly produced "myriad sales representative documents" in "other Neurontin litigation."

### REQUEST FOR PRODUCTION NO. 42

Defendants failed to produce any of the requested comparison sheets in response to this request for production.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make "certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physicians who prescribed Neurontin" available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m. Plaintiff requests that Defendants also make available for inspections and copying all responsive documents, not just "certain" responsive documents.**

Defendants also direct Plaintiff to the "myriad sales representative documents they have already produced in Neurontin litigation." Defendants alleged production of sales representative documents in other Neurontin litigation does not excuse Defendants from producing the requested comparison sheets in this case. Plaintiff should not be deprived necessary and essential discovery in this case merely because Defendants allegedly produced "myriad sales representative documents" in "other Neurontin litigation."

### REQUEST FOR PRODUCTION NO. 43

Defendants failed to produce any of the requested "Q&A responses" in response to this request for production.

Mr. Cheffo
June 17, 2010
Page 12

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make "certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physicians who prescribed Neurontin" available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m. Plaintiff requests that Defendants also make available for inspections and copying all responsive documents, not just "certain" responsive documents.**

Defendants also direct Plaintiff to the "myriad sales representative documents they have already produced in Neurontin litigation." Defendants alleged production of sales representative documents in other Neurontin litigation does not excuse Defendants from producing the requested "Q&A responses" in this case. Plaintiff should not be deprived necessary and essential discovery in this case merely because Defendants allegedly produced "myriad sales representative documents" in "other Neurontin litigation."

### REQUEST FOR PRODUCTION NO. 45

Defendants failed to produce any of the requested documents relating to their gross and net sales of Neurontin for each year corresponding to when Plaintiff was prescribed Neurontin.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 46

Defendants failed to produce a single document in response to this request for production.

Mr. Cheffo
June 17, 2010
Page 13

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make "certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physicians who prescribed Neurontin" available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m. Plaintiff requests that Defendants make available for inspections and copying the entire custodial file for the District Managers, not just "certain responsive documents" from the files of "sales representatives."**

### REQUEST FOR PRODUCTION NO. 47

Defendants failed to produce the requested field coaching guide(s) or manual(s) for each District Manager who supervised the sales representatives and territory managers who called on Plaintiff's prescribing physicians.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 48

Defendants failed to produce a single piece of data purporting to track any of Plaintiff's prescribing healthcare provider's prescribing practices with respect to Neurontin.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make "prescription data for the prescribing physicians (for which Plaintiff provides with ME numbers) during the time period relevant to this action." On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all

Mr. Cheffo
June 17, 2010
Page 14

responsive documents on **June 22, 2010 at 9:00 a.m.** <u>**Plaintiff does not have access to the ME numbers for the prescribing physicians. Plaintiff has previously provided the names, addresses and telephone numbers for the prescribing physicians. Defendants can more easily obtain this information as Defendants made regular sales calls to these prescribing physicians to market Defendants' Neurontin.**</u>

Should you have any questions or comments, please do not hesitate to contact our office. Thanking you for your prompt attention with regard to the above, I remain

Sincerely,

THE LAW OFFICES OF GARCIA & KARAM, LLP

Chad W. Tolar

CWT:mld

cc: Kenneth J. Ferguson (*via* Telecopier No. 512/474-1129)


Case 1:04-cv-10981-PBS   Document 2997-3   Filed 07/30/10   Page 16 of 18

THE LAW OFFICE OF

## GARCIA & KARAM

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO:

| To | : | Mark Cheffo | 917/777-2183 |
| | | Kenneth J. Ferguson | 512/474-1129 |
| Of | : | Apex Document Management, Inc. | |
| From | : | Mary Lou Doeppenschmidt | |
| Client/Matter | : | Maria, Jose M.A., Jose A., Carlos Fonseca Ind. Behalf Maria Fonseca (deceased); 04-6237 | |
| Date | : | June 17, 2010 | |

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Correspondence to Mr. Cheffo | 15 |
| | |
| | |
| | |

COMMENTS:
If you need any additional information, please call our office.

RICARDO A. GARCIA*
AIZAR J. KARAM, JR.
LINO H. OCHOA

Thank You,

820 SOUTH MAIN
ALLEN, TEXAS 78501

956 630 2882

FAX 956 630 5393

www.garciakaram.com

## CONFIDENTIALITY NOTICE

This transmission and all documents accompanying it may contain confidential information belonging to the sender that is protected by the attorney-client privilege. The information is intended only for the use of the persons(s) to whom it is sent (as noted above). IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, PLEASE BE ADVISED THAT ANY DISCLOSURE OF THE CONTENTS OF THIS TRANSMISSION OF THE TAKING OF ANY ACTION IN RELIEANCE OF THE CONTENTS OF THE TRANSMISSION IS STRICTLY PROHIBITED. Please call us to arrange for the return of any documents accompanying this transmission. Thank you.

*Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (956) 630-2882.

```
*************** -COMM. JOURNAL- ******************* DATE JUN-17-2010 ***** TIME 14:48 ********

        MODE = BATCH TRANSMISSION              START=JUN-17 14:29     END=JUN-17 14:48

           FILE NO.=374

  STN   COMM.        STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES       DURATION
  NO.

  001    000         ☎19177772183                                015/015     BATCH
  002    B-OK        ☎15124741129                                015/015     BATCH


                                                                 -GARCIA & KARAM       -

***** KM-F1060 ********************* -          - ***** -                  - *********
```

THE LAW OFFICE OF
# GARCIA & KARAM

# FAX COVER SHEET

**FAX NUMBER TRANSMITTED TO:**

| To | : | Mark Cheffo | 917/777-2183 |
| | | Kenneth J. Ferguson | 512/474-1129 |
| Of | : | Apex Document Management, Inc. | |
| From | : | Mary Lou Doeppenschmidt | |
| Client/Matter | : | Maria, Jose M.A., Jose A., Carlos Fonseca Ind. Behalf Maria Fonseca (deceased); 04-6237 | |
| Date | : | June 17, 2010 | |

| DOCUMENTS | NUMBER OF PAGES |
|---|---|
| Correspondence to Mr. Cheffo | 15 |
| | |
| | |

**COMMENTS:**
If you need any additional information, please call our office.

Thank You,

RICARDO A. GARCIA-
AIZAR J. KARAM, JR.
LINO H. OCHOA

820 SOUTH MAIN
MCALLEN, TEXAS 78501

956 630 2882
FAX 956 630 5393
www.garciakaram.com

*Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

**CONFIDENTIALITY NOTICE**

This transmission and all documents accompanying it may contain confidential information belonging to the sender that is protected by the attorney-client privilege. The information is intended only for the use of the persons(s) to whom it is sent (as noted above). IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, PLEASE BE ADVISED THAT ANY DISCLOSURE OF THE CONTENTS OF THIS TRANSMISSION OF THE TAKING OF ANY ACTION IN RELIEANCE OF THE CONTENTS OF THE TRANSMISSION IS STRICTLY PROHIBITED. Please call us to arrange for the return of any documents accompanying this transmission. Thank you.

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES,
PLEASE TELEPHONE US IMMEDIATELY AT (956) 630-2882.

```
*************** -COMM. JOURNAL- ******************** DATE JUN-17-2010 ***** TIME 15:48 ********

       MODE = MEMORY TRANSMISSION          START=JUN-17 15:43    END=JUN-17 15:48

          FILE NO.=383

 STN   COMM.         STATION NAME/EMAIL ADDRESS/TELEPHONE NO.       PAGES      DURATION
 NO.

 001    634         ∂*23919177772183                                000/015    00:00:00


                                                             -GARCIA & KARAM         -

 ***** KM-F1060 ********************* -            - ***** -              - *********
```

The Law Office Of
GARCIA & KARAM

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO:

| To           | : Mark Cheffo                | 917/777-2183 |
|              | Kenneth J. Ferguson          | 512/474-1129 |
| Of           | : Apex Document Management, Inc. |          |
| From         | : Mary Lou Doeppenschmidt    |              |
| Client/Matter| : Maria, Jose M.A., Jose A., Carlos Fonseca Ind. Behalf Maria Fonseca (deceased); 04-6237 | |
| Date         | : June 17, 2010              |              |

| DOCUMENTS | NUMBER OF PAGES |
|---|---|
| Correspondence to Mr. Cheffo | 15 |
| | |
| | |

COMMENTS:
If you need any additional information, please call our office.

Thank You,

RICARDO A. GARCIA*
AIZAR J. KARAM, JR.
LINO H. OCHOA

820 SOUTH MAIN
McALLEN, TEXAS 78501

956 630 2882
FAX 956 630 5383

www.garciakaram.com

*Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

## CONFIDENTIALITY NOTICE

This transmission and all documents accompanying it may contain confidential information belonging to the sender that is protected by the attorney-client privilege. The information is intended only for the use of the persons(s) to whom it is sent (as noted above). IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, PLEASE BE ADVISED THAT ANY DISCLOSURE OF THE CONTENTS OF THIS TRANSMISSION OF THE TAKING OF ANY ACTION IN RELIANCE OF THE CONTENTS OF THE TRANSMISSION IS STRICTLY PROHIBITED. Please call us to arrange for the return of any documents accompanying this transmission. Thank you.

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES,
PLEASE TELEPHONE US IMMEDIATELY AT (956) 630-2882.