UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

In re: NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

---

THIS DOCUMENT RELATES TO:

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. PFIZER INC., 04 CV 10739 (PBS)

---

MDL Docket No. 1629

Master File No. 04-10981

Judge Patti B. Saris

Magistrate Judge Leo T. Sorokin

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Pfizer"), respectfully submit this notice of supplemental authorities to inform the Court of several recent rulings.

(1) *Judy v. Pfizer, Inc.*, No. 042-01946-02 (Mo. Cir. Ct. July 27, 2010). In a case brought by consumers seeking to recover amounts paid for Neurontin that was prescribed to them for off-label uses, the court denied the plaintiffs' motion for class certification. In doing so, the court explained:

> The Court notes that Plaintiffs claim in the Petition that potential class members suffered financial harm from their purchase of Neurontin because it was ineffective for relief of their conditions. . . . The record before the Court shows that the efficacy of Neurontin varies from patient to patient and from use to use. In addition, the evidence in the record shows that Neurontin is effective for the treatment of many conditions, including neuropathic pain. As such, the Court cannot certify a potential class premised on Neurontin being ineffective for the treatment of off-label conditions, because more than a small number of uninjured individuals would be included in the class definition.

*Id.* at 12. As discussed in Defendants' Proposed Conclusions of Law (2808-2) and its Response to Plaintiffs' Proposed Conclusions of Law (2816), Plaintiffs here failed to present sufficient evidence that no Kaiser Health Plan insured received a benefit from a Neurontin prescription for the conditions at issue, and Plaintiffs made no attempt to exclude prescriptions that benefited patients from their damages. (2808-2 at 11-14, 2816 at 8-10.) The court's decision in *Judy* lends further support to Defendants' arguments. A copy of *Judy* is attached hereto as Exhibit A.

(2) *Zafarana v. Pfizer Inc.*, No. 09-cv-4026, 2010 WL 2854170 (E.D. Pa. July 20, 2010) (to be reported in F. Supp. 2d). On July 20, 2010, the United States District Court for the Eastern District of Pennsylvania granted Pfizer's motion to dismiss a lawsuit brought by consumers seeking to recover amounts paid for off-label prescriptions of different medicines. Holding that the plaintiffs failed to state a claim under New Jersey's consumer protection statute, the court found that they did "not successfully allege causation or a cognizable injury." *Id.* at *7. The court explained:

> ... [T]he only "ascertainable loss" that could be brought under the [New Jersey Consumer Fraud Act] ... is that Plaintiffs paid more money for Defendants' medications than they would have paid for alternative treatments for their conditions. ... Plaintiffs state that without Defendants' fraudulent marketing scheme, they would not have been prescribed Defendants' expensive medications, and, instead, could have purchased cheaper alternatives. Plaintiffs, however, simply have not stated any facts that make it plausible that a less expensive alternative would have been prescribed. Plaintiffs seem to ignore the role played by the prescribing physician in this case. They have not stated, and likely cannot state, that they *would* have been prescribed other, less costly medications, but only that they *could* have been prescribed such medications. It is also true, however, that they could have been prescribed a more expensive medication, or a combination of other medications that, while individually less expensive, were cumulatively more expensive. Due to the discretion of the prescribing physician, the injury alleged is entirely hypothetical, and cannot provide the basis for a claim under the [New Jersey Consumer Fraud Act].

*Id.* Comparable to the pleading failure in *Zafarana*, Plaintiffs here presented no testimony by *any* physician that she would have prescribed a drug other than Neurontin, much less what alternative drug she would have prescribed that had not already been unsuccessfully tried by the patient, much less that the alternative drug was at the time cheaper, and would have been more effective, than Neurontin. Certainly, Plaintiffs failed to adduce any evidence that *every* physician who prescribed Neurontin for *each* off-label use would have prescribed an alternative drug and that *every* such alternative drug would have been cheaper and more effective than Neurontin. (2808-2 at 14-15.) A copy of the *Zafarana* decision is attached hereto as Exhibit B.[1]

---

[1] The *Zafarana* court found that the Food, Drug, and Cosmetic Act ("FDCA") did not bar the plaintiffs' claims. 2010 WL 2854170, at *4. However, the court did not address the precise question presented here: whether Plaintiffs can recover under California's Unfair Competition Law ("UCL") for

2

(3) *Commonwealth v. Janssen Pharmaceutica, Inc.*, Nos. 10061483, 10061484 (Pa. Ct. Common Pleas June 25, 2010). By Notice of Supplemental Authority dated June 17, 2010 [2859], Defendants informed the Court of the Pennsylvania Court of Common Pleas' June 14, 2010, entry of non-suit, dismissing claims by a third-party payor to recover amounts paid for Risperdal allegedly in excess of the cost of cheaper, alternative drugs. (2859 at 1-2.) At that time, only the transcript of the hearing was available. On June 25, 2010, the court entered its Memorandum in Support of Order Granting the Defendant's Motion for Nonsuit, Per Rule 230.1, a copy of which is attached hereto as Exhibit C.

## CONCLUSION

Defendants respectfully submit that the decisions discussed herein provide additional support for the Proposed Conclusions of Law they have submitted regarding Plaintiffs' UCL claims.

Dated: August 2, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ Mark S. Cheffo
Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Email: Mark.Cheffo@skadden.com

---

off-label marketing, without proof of fraud, as a violation of the FDCA. The *Zafarana* court held, at the pleadings stage, that the plaintiffs' claims were not barred "[t]o the extent that Plaintiffs are alleging *conduct that gives rise to an independent cause of action.*" *Id.* (emphasis added). In this case, Plaintiffs have presented their "unlawful" UCL claim as one premised purely on a violation of the FDCA, and not an independent state law duty. As such, it is preempted.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   /s/ Raoul D. Kennedy
      Raoul D. Kennedy

Four Embarcadero Center
San Francisco CA 94111
Tel: (415) 984-6400
Email: Raoul.Kennedy@skadden.com

WHEELER TRIGG O'DONNELL LLP

By:   /s/ James E. Hooper
      James E. Hooper

1801 California Street
Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800
Email: hooper@wtotrial.com

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

---

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order #3 on August 2, 2010.

/s/ Mark S. Cheffo
Mark S. Cheffo