# EXHIBIT A

STATE OF MISSOURI )
                  ) SS
CITY OF ST. LOUIS )

ENTERED
FILED
JUL 27 2010
MARIANO V. FAVAZZA
CLERK. CIRCUIT COURT
BY _____ DEPUTY

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

|  |  |  |
|---|---|---|
| ELIZABETH JUDY, and STEPHEN BROWN individually and on behalf of others similarly situated as Plaintiffs/Class Representatives, | ) ) ) ) ) ) ) | Case No. 042-01946-02 02 |
|  | ) | |
| Plaintiffs, | ) ) | Division No. 20 |
| vs. | ) ) | |
| PFIZER, INC. individually and as successor in interest to PARKE-DAVIS and WARNER LAMBERT, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

The Court has before it Plaintiffs' Motion for Class Certification. Following a hearing in this matter, and after review of the submissions of the parties and the relevant authorities the Court now rules as follows.

Plaintiffs filed this class action lawsuit for injuries allegedly sustained when they and other members of the class were prescribed and purchased the drug Neurontin for off-label

uses for which it had no proven scientific efficacy.[1]  Plaintiffs
allege that Defendants violated the Missouri Merchandising
Practices Act (MMPA), Section 407.010 RSMo, et seq., in their
promotion of Neurontin for off-label use.

This proposed class action was filed on June 9, 2004, and
Plaintiffs' petition (the Petition) was most recently amended in
May of 2007.  Plaintiffs' Motion for Class Certification was
heard on February 10, 2010.  Following the hearing, the parties
filed supplemental briefing.  This motion was taken under
submission on April 21, 2010, following the filing of
Defendants' Proposed Findings of Fact and Conclusions of Law.

Plaintiffs seek to certify a class under Rule 52.08(b)(3)
defined as follows:

> All persons and entities who/which, during
> the period from January 1, 1994 through
> December 2004, expended any sum of money in
> order to purchase Neurontin in the State of
> Missouri for any off-label use.

Defendants oppose class certification contending that the
proposed class is impermissibly indefinite and overbroad, that
individual issues predominate over common issues, and that
Plaintiff Stephen Brown's (Brown's) claims are atypical and he

---

[1] Plaintiffs clearly make this argument within their briefing, including their posthearing submissions and proposed findings of fact and conclusions of law.

2

would not adequately represent the proposed class.

"Missouri law is clear that class certification hearings are procedural matters in which the sole issue is whether the plaintiff has met the requirements for a class action." Wright v. Country Club of St. Albans, 269 S.W.3d 461, 465 (Mo. App. E.D. 2008), citing Meyer ex rel. Coplin v. Fluor Corp., 220 S.W.3d 712, 715 (Mo. banc 2007). "The trial court has no authority to conduct even a preliminary inquiry into whether the plaintiff has stated a cause of action or will prevail on the merits." Id. "Instead, an inquiry as to whether or not a cause of action is stated should be resolved by a motion to dismiss, not as part of a class certification analysis." 269 S.W.3d at 465. "[T]he class certification decision is independent of the ultimate merits of the lawsuit." Green v. Fred Weber, Inc., 254 S.W.3d 874, 878 (Mo. banc 2008).

"Before considering the criteria established by Rule 52.08 it is first necessary to determine whether the class exists and is capable of legal definition." State ex rel. Coca-Cola Co. v. Nixon, 249 S.W.3d 855, 861 (Mo. banc 2008). "If a class is not properly defined, the circuit court must deny certification." Id. "A class definition that encompasses more than a relatively small number of uninjured putative members is overly broad and

3

improper." Nixon, 249 S.W.3d at 861, citing Oshana v. Coca-Cola Co., 472 F.3d 506, 514 (7th Cir. 2006); De Bremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970). In addition, "[t]he class definition must be sufficiently definite so that it is administratively feasible to identify members of the class." Nixon, 249 S.W.3d at 862. For reasons that will be discussed further below, the Court finds that the class is not properly defined in this case both because it includes more than a small number of uninjured individuals and because modifying the definition to remove the uninjured individuals would rely on impermissible individual merit determinations. Nixon, 249 S.W.3d at 862 ("class membership cannot depend on individual merit determinations.")

The MMPA authorizes class actions where an unlawful practice "has caused similar injury to numerous other persons." Plubell v. Merck & Co., 289 S.W.3d 707, 712 (Mo. App. E.D. 2009), citing § 407.025.2 RSMo. "The requirements for an MMPA class action are essentially identical to the requirements under Rule 52.08 and Federal Rule 23, and the MMPA provides that a class action under it should be maintained consistently with those rules." Id. It likewise is true that because Missouri Rule 52.08 and Fed. R.Civ.P. 23 are identical, Missouri courts

4

*may* consider federal interpretations of Rule 23 in interpreting
Rule 52.08.  See Craft v. Philip Morris Companies, Inc., 190
S.W.3d 368, 376 (Mo. App. E.D. 2005).

"Before the trial court can certify a case for class
action, pursuant to Rule 52.08, all the requirements of the rule
must be satisfied." Dale v. DaimlerChrysler Corp., 204 S.W.3d
151, 164 (Mo. App. W.D. 2006).  The prerequisites for class
certification are: (1) the class is so numerous that joinder of
all members is impracticable, (2) questions of law or fact
common to the class exist, (3) the claims of the representative
parties are typical of the claims of the class, and (4) the
representative parties will fairly and adequately protect the
interests of the class.  State ex rel. American Family Mutual
Ins. Co. v. Clark, 106 S.W.3d 483, 486 (Mo. banc 2003), citing
Rule 52.08(a).  "The party seeking class action certification
bears the burden of proof." Craft v. Philip Morris Cos., 190
S.W.3d 368, 379 (Mo. App. E.D. 2005), citing Coleman v. Watt, 40
F.3d 255, 258 (8th Cir. 1994); See also Green v. Fred Weber,
Inc., 254 S.W.3d 874, 878 (Mo. banc 2008) ("The burden to
establish that the action complies with the requirements of Rule
52.08(b) rests entirely with the plaintiff.")

Rule 52.08(a)(1) requires that the class be so numerous

5

that joinder is impracticable.  "Joinder of all members is impracticable for purposes of the rule when it would be inefficient, costly, time-consuming and probably confusing." Dale, 204 S.W.3d at 167.  "In making this determination, the courts have not developed arbitrary or rigid rules to define the required size of a class; instead, the determination must be made on a case-by-case basis."  Id.

"A plaintiff does not have to specify an exact number of class members to satisfy the numerosity prerequisite for class certification, but must show only that joinder is impracticable through some evidence or reasonable, good faith estimate of the number of purported class members."  Dale, 204 S.W.3d at 167. "To support a finding of the numerosity prerequisite of Rule 52.08(a)(1), the trial court can accept common sense assumptions."  Id.  Impracticability means that the joinder of all class members would be difficult or inconvenient.  Jackson v. Rapps, 132 F.R.D. 226, 230 (W.D. Mo. 1990).  Here, it appears from the record that the proposed class would include hundreds of people.  The Court finds that Plaintiffs have satisfied this prerequisite.

Rule 52.08(a)(2) requires the presence of common issues of law or fact.  Commonality is not required on every question

6

raised in a class action, and the requirement is met when the legal question "linking the class members is substantially related to the resolution of the litigation." Paxton v. Union National Bank, 688 F.2d 552, 561 (8th Cir. 1982); See also DeBoer v. Mellon Mortgage Co., 64 F.3d 1171, 1174 (8th Cir. 1995); Bradford v. AGCO Corp., 187 F.R.D. 600, 603 (W.D. Mo. 1999). Here common issues include whether Defendants' marketing of Neurontin in Missouri violated the MMPA and whether Neurontin was effective or scientifically efficacious for off-label uses. The Court finds that this prerequisite is satisfied by the common issues of law and fact present in this case.

Rule 52.08(a)(3) requires the claims and defenses of the representative to be typical of the class. In general, the typicality element requires that a class representative "must be part of the class and must possess the same interest and suffer the same injury as the class members." Harris v. Union Electric Co., 766 S.W.2d 80, 86 (Mo. banc 1989). However, this does not mean members' claims must necessarily be identical with one another. Id. "If the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory, factual variations in the individual claims will not normally preclude class

7

certification." <u>Hale v. Wal-Mart Stores, Inc.</u>, 231 S.W.3d 215,
223 (Mo. App. W.D. 2007).  Typicality is meant to preclude class
certification of those actions involving legal or factual
positions of the class representative "which are markedly
different from those of other class members."  <u>Id</u>.

The Court finds that the claims and defenses of Plaintiff
Brown are not typical of certain members of the proposed class.
Plaintiffs have proposed a class that includes unspecified non-
person entities but have made no argument regarding whether or
not Plaintiff Brown's claims are typical of these entities.  It
is unclear whether these entities even have claims under the
MMPA, which provides for claims by persons who purchase
merchandise for "personal, family or household purposes."
Plaintiffs have not met their burden of showing that Plaintiff
Brown's claims would be typical of the claims of non-person
entities.

"Rule 52.08(a)(4) requires that, as a prerequisite to class
certification, the trial court must find that: 'the
representative parties will fairly and adequately protect the
interests of the class.'"  <u>Vandyne v. Allied Mortg. Capital
Corp.</u>, 242 S.W.3d 695, 698 (Mo. banc 2008).  "This prerequisite
applies both to the named class representatives and to class

counsel." Id. A proposed class representative satisfies the prerequisite if the following elements are met: (1) the plaintiff's attorney must be qualified, experienced, and able to competently and vigorously prosecute the suit, and (2) the interest of the class representative must not be antagonistic to or in conflict with other members of the class. Fielder v. Credit Acceptance Corp., 175 F.R.D. 313, 320 (W.D. Mo. 1997). The Court finds that this prerequisite has been satisfied.

"A class that is certified under Rule 52.08(b)(3) must have questions of law or fact common to the members of the class [that] predominate over any questions affecting only individual members." Hale v. Wal-Mart Stores, Inc., 231 S.W.3d 215, 224 (Mo. App. W.D. 2007). "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question." Id. "It becomes a common question when that same evidence will suffice for each member to make a prima facie showing." Id. This is a more stringent test than the commonality requirement of Rule 52.08(a)(2). See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 609 (1997). For reasons that will be discussed below, the Court finds that individual issues predominate over common questions of law or

9

fact, precluding certification under Rule 52.08(b)(3).

"In addition to requiring that common questions of law and fact predominate, Rule 52.08(b)(3) requires that the court find that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Hale, 231 S.W.2d at 229. "Among the factors that the court must consider in addressing superiority are the difficulties likely to be encountered in the management of a class action." Id.

"A determination of superiority often turns on the manageability and the efficiency of the proposed class action, in contrast to other, alternative methods of suit." See In re American Medical Systems, Inc., 75 F.3d 1069, 1085 (6th Cir. 1996) (the burden of making individualized determinations for class members is fatal to the superiority requirement). Here, the Court finds that the superiority requirement has not been satisfied because it finds that individualized determinations would be necessary to properly adjudicate this action.

Plaintiffs argue that the purchase price paid for Neurontin for off-label uses was predicated on the product having scientifically demonstrable value or benefit that it only had with regard to on-label uses. As such, Plaintiffs contend that any person who purchased Neurontin for off-label uses

10

necessarily overpaid.  The Court rejects this argument.

Plaintiffs rely on Plubell v. Merck, which found that "objectively ascertainable loss under the MMPA using the benefit-of-the-bargain rule" was stated by allegations that "Vioxx was worth less than the product as represented."  289 SW.3d at 715.  The instant case is distinguishable from Plubell, however, because Plaintiffs are identifying a loss only as to some of the purchasers of the product.  Plaintiffs have not identified any product that is priced based on a purchaser's intended use, nor is the Court aware of such a product.  It appears from the record that individual issues would predominate over common issues if a class was certified under this theory. Neurontin was tested for a variety of off-label uses with varying levels of scientific rigor, and with varying results. As such, under Plaintiff's theory the represented value of Neurontin would differ from use to use.  In addition, there is no evidence in the record that the price of Neurontin is in any way predicated on the level of scientific efficacy for which it was proven to have for on-label uses, as such Plaintiffs have not shown that anyone within the proposed class was injured under their theory.  Consequently, the Court cannot certify this putative class because it appears from the record that it would

include more than a small number of uninjured individuals.  See
State ex rel. Coca-Cola Co. v. Nixon, 249 S.W.3d at 861.

The Court notes that Plaintiffs claim in the Petition that
potential class members suffered financial harm from their
purchase of Neurontin because it was ineffective for relief of
their conditions.  It is unclear whether or not Plaintiffs have
abandoned this contention.  The record before the Court shows
that the efficacy of Neurontin varies from patient to patient
and from use to use.  In addition, the evidence in the record
shows that Neurontin is effective for the treatment of many
conditions, including neuropathic pain.  As such, the Court
cannot certify a potential class premised on Neurontin being
ineffective for the treatment of off-label conditions, because
more than a small number of uninjured individuals would be
included in the class definition.  The Court also cannot certify
a class only of those individuals who received no benefit from
Neurontin in the treatment of their conditions, because that
would impermissibly require individual merit determinations.
249 S.W.3d at 862.  In addition, individual issues in such a
class would predominate over common questions of law or fact,
precluding certification under Rule 52.08(b)(3).

THEREFORE, it is Ordered and Decreed that Plaintiffs'

Motion for Class Certification is hereby DENIED.


SO ORDERED:

Donald L. McCullin, Judge

Dated: 7/27/10

cc: Daniel McMichael
   Timothy Engelmeyer
   Kevin Roberts
   Greg Roberts
   Gerald Meunier
   James Muehlberger
   James Rouhandeh
   Jon Gray

13