## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
|  | ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| JOSE GARCIA C-06-348 Southern District of Texas, Corpus Christi Division | ) ) ) ) |

MDL Docket No. 1629

Judge Patti B. Saris
Magistrate Judge Leo T. Sorokin

Civil Action No. 04-10981

## DECLARATION OF RICARDO A. GARCIA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANTS PFIZER, INC., WARNER LAMBERT COMPANY LLC,  PARKE-DAVIS, A Division of Warner Lambert Company, and WARNER LAMBERT COMPANY

I, Ricardo A. Garcia, declare and state as follows:

1. I am counsel of record for Plaintiff Jose Garcia.  I make this declaration based on my own personal knowledge and information.

2. Attached as "Exhibit 1" is a true and correct copy of "Defendants' Response and Objections to Plaintiff's Interrogatories."

3. Attached as "Exhibit 2" is a true and correct copy of "Defendants' Response and Objections to Plaintiff's Request For Production of Documents and Things."

4. Attached as "Exhibit 3" is a true and correct copy of a correspondence dated June 17, 2010 from Chad W. Tolar to Mark Cheffo wherein Plaintiff attempts to confer with Defendants pursuant to Federal Rules of Civil Procedure 37(a)(2)(A) & (B).

5. Attached as "Exhibit 4" is a true and correct copy of a correspondence dated June 15, 2010 from Chad W. Tolar to Mark Cheffo wherein Plaintiff requests the opportunity to inspect and copy documents responsive to Plaintiff's Interrogatories and Requests for Production.

6. Attached as "Exhibit 5" is a true and correct copy of the "Discovery Order Regarding Cost Shifting" entered by United States Magistrate Judge Leo T. Sorokin on March 24, 2010.

Signed under penalties of perjury this 3rd day of August, 2010

/s/ Ricardo A. Garcia
Ricardo A. Garcia

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 3rd day of August, 2010.

To:

Mark Cheffo, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

Counsel for Defendants

/s/ Ricardo A. Garcia
Ricardo A. Garcia

# Exhibit 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

----------------------------------------------------------------- x

IN RE: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCT LIABILITY
LITIGATION

MDL Docket No. 1629

Judge Patti B. Saris
Magistrate Judge Leo T. Sorokin

----------------------------------------------------------------- x

THIS DOCUMENT RELATES TO:

    JOSE GARCIA

Civil Action No. 04-10981

    C-06-348 Southern District of Texas, Corpus
    Christi Division

----------------------------------------------------------------- x

## DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

### PRELIMINARY STATEMENT

    Plaintiffs may request from Defendants documents and information that are relevant to their claims or are likely to lead to the discovery of relevant information. The scope and breadth of appropriate discovery is determined by, among other things, the claims, defenses and salient facts involved. In this case, Judge Sorokin's July 24, 2009, Order requires that the parties complete initial discovery, limited to Plaintiff and prescriber-specific discovery, no later than September 15, 2010. However, certain of the discovery requests served by Plaintiff on Pfizer are overbroad in that, among other things, they go beyond the scope of discovery completed by Judge Sorokin's Order. Furthermore, Plaintiff has been providing authorizations for medical records that are needed to gather information about Plaintiff's medical condition(s) on a rolling basis. In addition, Pfizer's counsel also needs certain authorizations for the collection of education and employment records. Therefore, Pfizer reserves its right to limit or

otherwise modify its responses when Plaintiff provides appropriate authorizations and additional records can be gathered.

Pfizer's counsel remains willing to engage in discussions with Plaintiff's counsel related to appropriate discovery that is reasonably related to the claims in this case and properly tailored in scope in accordance with Judge Sorokin's order regarding initial discovery. Notwithstanding Pfizer's objections to overly broad or burdensome requests, it intends to cooperate with Plaintiff's counsel in producing and making available documents and information that are relevant to this action. Pfizer will continue to search to identify and make available responsive documents and information.

In responding to Plaintiff's Interrogatories (the "Responses"), Pfizer does not waive its right to challenge:

A.    All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding or in the trial of this or any other action;

B.    The right to object to the use of any of these Responses, or the subject matter thereof, in any subsequent proceeding or in the trial of this or any other action; and

C.    The right to elicit appropriate evidence, beyond these Responses, regarding the subjects referred to in or in response to any discovery request.

## **GENERAL OBJECTIONS**

1.    Pfizer objects to each Interrogatory to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Pfizer objects to each Interrogatory to the extent it purports to impose any obligation greater than those provided by the applicable laws and rules governing the proper scope and extent of discovery.

3.      Pfizer objects generally to the Definitions/Instructions contained in Plaintiff's Interrogatories on the grounds that such Definitions/Instructions are vague and ambiguous, overly broad, unduly burdensome and oppressive, seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges recognized by law.  Pfizer further objects to the Definitions included in Plaintiff's Interrogatories to the extent that they seek to impose obligations, including a duty to supplement, beyond that which is required by the applicable rules of civil procedure.

4.      Pfizer objects to each Interrogatory to the extent it seeks the discovery of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the consulting expert privilege, the self-critical analysis privilege, and/or any other privileges or immunities recognized by law ("Privileged Information").  Any undertakings to make information or documents available should be understood specifically to exclude Privileged Information.

5.      Pfizer objects to each Interrogatory to the extent it seeks information that would be of little or no relevance to the issues raised in this case, and/or is overly broad and would subject Pfizer to unreasonable, oppressive, and undue burden and expense.

3

6.      Pfizer objects to each Interrogatory which is not limited to the time period relevant to this action and as such is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.      Pfizer objects to each Interrogatory to the extent it is so broad, vague, ambiguous, or uncertain that it cannot determine the precise nature of the information sought and, therefore, cannot answer without an unreasonable risk of inadvertently providing a misleading, confusing, inaccurate, or incomplete response.

8.      Pfizer objects to each Interrogatory which calls for documents or information which have already been provided, produced and/or made available to Plaintiff.  Pfizer objects to each Interrogatory to the extent it seeks production of materials or provision of information called for by other Interrogatories or Requests.  Information that is responsive to more than one Interrogatory or Request will be provided, produced and/or made available by Pfizer only once; thus, any information provided, produced and/or made available by Pfizer is incorporated in response to each Interrogatory or Request to the extent it seeks such information.

9.      Because Pfizer has not yet located and identified all of the information and/or documents that might be responsive to Plaintiff's Interrogatories, Pfizer reserves the right to supplement its Responses and assert additional objections as appropriate.

10.      Pfizer objects to each Interrogatory to the extent it seeks the discovery of private or personal information relating to study participants, patients, reporters of alleged adverse events or Pfizer's employees that is protected under contractual, constitutional, statutory, and/or common law rights of confidentiality and privacy, without appropriate protections and entry of an order by the Court.

11.     Pfizer objects to each Interrogatory to the extent it seeks trade secret, proprietary, confidential, or commercially sensitive information without entry of an appropriate protective order.

12.     Pfizer objects to each Interrogatory to the extent it contains express and/or implicit characterizations. A statement by Pfizer in a Response that it will provide information, or produce or make documents available does not mean that Pfizer adopts, admits or otherwise agrees whatsoever with any such characterizations.

13.     Pfizer objects to each Interrogatory that seeks advertising, marketing or promotional type materials or information as there is neither any allegation, nor any reliable evidence to suggest, that Plaintiff, Plaintiff's Decedent, or the prescribing physician(s) relied on any such materials.

Subject to and without waiver of any general or specific objection, Pfizer hereby incorporates by reference the General Objections set out above, into the response to Plaintiff's Interrogatories, whether referred to therein or not, and, subject to the terms of any protective order entered in this action, responds to Plaintiff's Interrogatories as follows:

## RESPONSE TO PLAINTIFF'S INTERROGATORIES

## INTERROGATORY NO. 1:

Identify the last known address of each of Defendants' medical liaison(s), sales representative(s) and/or territory manager(s), if any, who had contact with Plaintiff's prescribing healthcare providers, as well as said individuals district managers, and identify the current employment position, if any, of said medical liaisons, sales representatives and/or territory managers, and district managers.

**RESPONSE TO INTERROGATORY NO. 1:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Interrogatory No. 1 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks information that is already in Plaintiff's possession, custody, or control, or is equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it will identify the Medical Liaisons and sales representatives who had contact with the prescribing physician(s) in their professional capacities during the time period relevant to this action, and directs Plaintiff to Response to Request for Production of Documents and Things Nos. 3, 4, 5 and 11. Any former or current employees, including sales representatives and/or Medical Liaisons, identified to Plaintiff may only be contacted through undersigned counsel of record for Pfizer.

**INTERROGATORY NO. 2:**

With respect to Defendants' sales representative and/or territory manager, and medical liaison, if any, identified above, please state whether he/she has been investigated and/or reprimanded for his/her marketing practices pertaining to Neurontin, either by Defendants or by any governmental agency. If your answer is "yes," please state whether the investigation is complete and the results of the investigation and; identify and produce all documents which refer to the investigation or reprimand.

**RESPONSE TO INTERROGATORY NO. 2:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Interrogatory No. 2 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, calculated solely to harass, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**INTERROGATORY NO. 3:**

If you have retained or engaged in any way any of Plaintiff's healthcare providers as a member of Defendants' speaker program, clinical investigator, preceptor, or consultant relating to Neurontin, either its approved indications or "off label" uses, then identify each such healthcare provider, the dates that the healthcare provider was retained or engaged, identify all materials prepared by you addressed to or for use by the healthcare provider, and state the total value of all compensation provided by you to the healthcare provider.

**RESPONSE TO INTERROGATORY NO. 3:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Interrogatory No. 3 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, see Response to Request for Production of Documents and Things No. 9.

7

## INTERROGATORY NO. 4:

Please state whether any of Plaintiff's prescribing healthcare providers were ever invited to attend and/or did in fact attend any consultant meetings, CMEs, or promotional events sponsored by Defendants or any of them pertaining to Neurontin, and if your answer is "yes," please state the identity of the healthcare provider; the title, location and date of the meetings/events attended; and the topic of the meetings/events.

## RESPONSE TO INTERROGATORY NO. 4:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Interrogatory No. 4 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it is currently unaware of any databases or other centralized files that identify physicians who attended meetings or events related to Neurontin. However, in the spirit of cooperation, subject to and without waiver of any objection, see Response to Request for Production of Documents and Things No. 10.

## INTERROGATORY NO. 5:

Please state whether Defendants ever sent to Plaintiff's prescribing healthcare provider a "Dear Doctor," "Dear Healthcare Provider," or "Standard Response" letter.

**RESPONSE TO INTERROGATORY NO. 5:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Interrogatory No. 5 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks information that is already in Plaintiff's possession, custody, or control, or is equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive information and documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") that have previously been produced in the context of Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access his version of the Merlin/Pfoenix databases for use in this case.

**INTERROGATORY NO. 6:**

For each prescribing healthcare provider, please state whether Defendants or their representatives ever provided the healthcare provider (or anyone in their practice) Neurontin samples. If the answer is "yes," please state the following:

(i)     The number of sample packets provided and the dosages provided;

(ii)    The dates that they were shipped and/or provided;

(iii)   The identity of the person or persons who provided the samples.

**RESPONSE TO INTERROGATORY NO. 6:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Interrogatory No. 6 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, seeks information that is already in Plaintiff's possession, custody, or control, or is equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request for Production of Documents and Things Nos. 5 and 8.

**INTERROGATORY NO. 7:**

Please state whether Plaintiff's prescribing healthcare provider ever contacted Defendants concerning Neurontin. If the answer is "yes," please identify the substance of the contact, including all information requested by each provider, all information provided by the provider to you, and the information provided by you in response.

**RESPONSE TO INTERROGATORY NO. 7:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Interrogatory No. 7 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks information that is already in Plaintiff's possession, custody, or control, or is equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request for Production of Documents and Things No. 13.

**INTERROGATORY NO. 8:**

Have you been contacted by Plaintiff, any of his healthcare providers, or any other individual or entity on behalf of or concerning Plaintiff? If your answer is "yes," please provide the following information:

(i)     name of the person(s) who contacted you;

(ii)    the person(s) who were contacted, including their name, employment position with Defendants, or if no longer employed then their last known address and telephone number; and

(iii)   describe the communication between any person or entity and you concerning the Plaintiff.

**RESPONSE TO INTERROGATORY NO. 8:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Interrogatory No. 8 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks information that is already in Plaintiff's possession, custody, or control, or is equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request for Production of Documents and Things No. 13.

**INTERROGATORY NO. 9:**

Please provide a factual basis for each of the affirmative defenses set forth in Defendants' Answer to Plaintiff's Complaint.

**RESPONSE TO INTERROGATORY NO. 9:**

Pfizer objects to Interrogatory No. 9 as premature.  Pfizer further objects and states that Interrogatory No. 9 calls for information protected by the attorney-client and work product privilege.  Pfizer will supplement this response, to the extent required by the Federal Rules of Civil Procedure or by any Scheduling Order entered by this Court in this case.

Dated: New York, New York
December 28, 2009

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: _____
Mark S. Cheffo
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000

*Attorney for Defendants Pfizer Inc
and Warner Lambert Company LLC*

To:     Ricardo A. Garcia
        Garcia & Karam, L.L.P.
        820 South Main
        McAllen, Texas 78501
        (956) 630-2882

        *Attorney for Plaintiff Jose Garcia*

# Exhibit 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------- x

IN RE: NEURONTIN MARKETING, SALES
PRACTICES AND PRODUCT LIABILITY
LITIGATION

MDL Docket No. 1629

Judge Patti B. Saris
Magistrate Judge Leo T. Sorokin

------------------------------------------------------------------- x

THIS DOCUMENT RELATES TO:

    Jose Garcia
    C-06-348 Southern District of Texas,
    Corpus Christi Division

Civil Action No. 04-10981

------------------------------------------------------------------- x

## DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

### PRELIMINARY STATEMENT

Plaintiffs may request from Defendants documents and information that are relevant to their claims or are likely to lead to the discovery of relevant information. The scope and breadth of appropriate discovery is determined by, among other things, the claims, defenses and salient facts involved. In this case, Judge Sorokin's July 24, 2009, Order requires that the parties complete initial discovery, limited to Plaintiff and prescriber-specific discovery, no later than September 15, 2010. However, certain of the discovery requests served by Plaintiff on Pfizer are overbroad in that, among other things, they go beyond the scope of discovery completed by Judge Sorokin's Order. Furthermore, Plaintiff has been providing authorizations for medical records that are needed to gather information about Plaintiff's medical condition(s) on a rolling basis. In addition, Pfizer's counsel also needs certain authorizations for the collection of education and employment records. Therefore, Pfizer reserves its right to limit or otherwise modify

its responses when Plaintiff provides appropriate authorizations and additional records can be gathered.

Pfizer's counsel remains willing to engage in discussions with Plaintiff's counsel related to appropriate discovery that is reasonably related to the claims in this case and properly tailored in scope in accordance with Judge Sorokin's order regarding initial discovery. Notwithstanding Pfizer's objections to overly broad or burdensome requests, it intends to cooperate with Plaintiff's counsel in producing and making available documents and information that are relevant to this action. Pfizer will continue to search to identify and make available responsive documents and information. Pfizer's counsel will make available additional documents and information, if Plaintiff agrees to pay for the costs of reviewing and producing these documents.

In responding to Plaintiff's Request for Production of Documents and Other Things (the "Responses"), Pfizer does not waive its right to challenge:

A.      All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding or in the trial of this or any other action;

B.      The right to object to the use of any of these Responses, or the subject matter thereof, in any subsequent proceeding or in the trial of this or any other action; and

C.      The right to elicit appropriate evidence, beyond these Responses, regarding the subjects referred to in or in response to any discovery request. A statement by Pfizer in a Response that it will produce or make documents available does not mean that Pfizer has determined that such documents exist, that it has located such documents,

or that such documents are not confidential or privileged. This preliminary statement is incorporated into each of the Responses set forth below.

## GENERAL OBJECTIONS

1.      Pfizer objects to each Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Pfizer objects to each Request to the extent it purports to impose any obligation greater than those provided by the applicable laws and rules governing the proper scope and extent of discovery.

3.      Pfizer objects generally to the Definitions/Instructions contained in Plaintiff's Request on the grounds that such Definitions/Instructions are vague and ambiguous, overly broad, unduly burdensome and oppressive, seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges recognized by law. Pfizer further objects to the Definitions included in Plaintiff's Request to the extent that they seek to impose obligations, including a duty to supplement, beyond that which is required by the applicable rules of civil procedure.

4.      Pfizer objects to each Request to the extent it seeks the discovery of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the consulting expert privilege, the self-critical analysis privilege, and/or any other privileges or immunities recognized by law ("Privileged Information").

3

Any undertakings to produce or make documents available should be understood specifically to exclude Privileged Information.

5.      Pfizer objects to each Request to the extent it seeks information that would be of little or no relevance to the issues raised in this case, and/or is overly broad and would subject Pfizer to unreasonable, oppressive, and undue burden and expense.

6.      Pfizer objects to each Request which is not limited to the time period relevant to this action and as such is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.      Pfizer objects to each Request to the extent it is so broad, vague, ambiguous, or uncertain that it cannot determine the precise nature of the information sought and, therefore, cannot answer without an unreasonable risk of inadvertently providing a misleading, confusing, inaccurate, or incomplete response.

8.      Pfizer objects to each Request which calls for documents that have already been provided, produced and/or made available to Plaintiff.  Pfizer objects to each Request to the extent it seeks production of materials or provision of information called for by other Requests.  Information that is responsive to more than one Request will be provided, produced and/or made available by Pfizer only once; thus, any information provided, produced and/or made available by Pfizer is incorporated in response to each Request to the extent it seeks such information.

9.      Because Pfizer has not yet located and identified all of the documents and/or information that might be responsive to Plaintiff's Requests, Pfizer reserves the right to supplement its responses and assert additional objections as appropriate.

10. Pfizer objects to each Request to the extent it seeks the discovery of private or personal information relating to study participants, patients, reporters of alleged adverse events or Pfizer's employees that are protected under contractual, constitutional, statutory, and/or common law rights of confidentiality and privacy, without appropriate protections and entry of an order by the Court.

11. Pfizer objects to each Request to the extent it seeks trade secret, proprietary, confidential, or commercially sensitive information without the application of the protective order entered in this action.

12. Pfizer objects to each Request to the extent it contains express and/or implicit characterizations. A statement by Pfizer in a Response that it will produce or make documents available does not mean that Pfizer adopts, admits or otherwise agrees whatsoever with any such characterizations.

13. Pfizer objects to each Request that seeks advertising, marketing or promotional type materials or information as there is neither any allegation, nor any reliable evidence to suggest, that Plaintiff, Plaintiff's Decedent, or the prescribing physician(s) relied on any such materials.

Subject to and without waiver of any general or specific objection, Pfizer hereby incorporates by reference the General Objections set out above, into the response to Plaintiff's Requests, whether referred to therein or not, and, subject to the terms of any protective order entered in this action, responds to Plaintiff's Requests as follows:

## **RESPONSE TO PLAINTIFF'S REQUESTS**

## REQUEST NO. 1:

Please produce all documents referring or relating to Plaintiff, including, but not limited to all medical records, medical bills, and medical evidence relating to the Plaintiff in the possession of the Defendants, their experts or agents.

## RESPONSE TO REQUEST NO. 1:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 1 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying, Plaintiff's Neurontin related MedWatch Report, if any, and any underlying records that it has in its possession.

## REQUEST NO. 2:

Please produce each "Dear Doctor" or "Dear Health Care Provider" letter that you contend was sent to Plaintiff's Health Care Provider(s). In addition, please produce the data from Defendants' database, if any, or documents that demonstrate that the letter(s) were sent.

**RESPONSE TO REQUEST NO. 2:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 2 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") that have previously been produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access his version of the Merlin/Pfoenix databases for use in this case.

**REQUEST NO. 3:**

For each of Plaintiff's Prescribing Physician(s), please produce all documents that identify Plaintiff's Prescribing Physician(s); that identify the name, last known address, and telephone number of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaison(s), if any, contacting the Prescribing Physician regarding Neurontin and/or Gabapentin; that identify the dates of such contact; and that reflect the current relationship, if any, between Defendant and the sales representative(s) and/or Territory Manager(s), and Medical Liaison.

**RESPONSE TO REQUEST NO. 3:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 3 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer directs Plaintiff to the CMS and CMMS databases that have previously been produced in the context of Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access his version of the CMS and CMMS databases for use in this case. In addition, in the spirit of cooperation, subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying documents, if any, from sales call/Medical Liaisons databases containing contacts between sales representatives and/or Medical Liaisons and the prescribing physician(s) relating to Neurontin during the time period that the sales representatives/Medical Liaisons contacted the prescribing physician(s) in their professional capacities, but in no event beyond the date of alleged injury.

**REQUEST NO. 4:**

For each of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaison, identified in Request No. 3 as sales representatives and/or Territory Managers(s) calling upon Plaintiff's Prescribing Physician(s), please produce his/her entire custodial file, including but not limited to all personal notes,

memoranda, calendar entries, computer entries, backgrounder documents, marketing

information, and any other document concerning Neurontin and/or Gabapentin created,

generated, edited by or in the possession or control of the identified sales representative.


**RESPONSE TO REQUEST NO. 4:**

        See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer

further objects and states that Request No. 4 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, and based on the allegations in

Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated

to lead to the discovery of relevant information.  Subject to and without waiver of any

objection,  Pfizer states that if Plaintiff agrees to incur the costs associated with the

review and production of these documents and materials, Pfizer will make available for

inspection and copying certain non-duplicative, responsive documents from the time

period relevant to this action, if any, from the files of sales representatives who detailed,

and Medical Liaisons who contacted in their professional capacities, the physician(s) who

prescribed Neurontin to this Plaintiff.


**REQUEST NO. 5:**

        Please produce all sales call notes and sample data for each person

identified in Response No. 3 as Defendant's sales representative or Territory Manager

calling upon Plaintiff's Prescribing Physician(s) if produced in an electronic and paper

format, include all necessary information for the witnesses to identify the authenticity of

the information provided.

**RESPONSE TO REQUEST NO. 5:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 5 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 3. In addition, subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying entries from an appropriate database, if any, that contain information about Neurontin samples provided to the prescribing physician(s) during the time period relevant to this action.

**REQUEST NO. 6:**

For each of Defendant's sales representative(s) and/or Territory Manager(s), and Medical Liaison (s), if any, identified in Request No. 3 as sales representatives and/or Territory Manager(s) calling upon Plaintiff's Prescribing Physician(s), please produce all documents, including journal articles, informational material and promotional information, that the sales representative(s) and/or Territory Manager(s), and Medical Liaison, distributed to or discussed with Plaintiff's Prescribing Physician(s).

**RESPONSE TO REQUEST NO. 6:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 6 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 4. In addition, subject to and without waiver of any objection, and subject to the entry of an appropriate protective order, Pfizer directs Plaintiff to the myriad marketing documents it has already produced in the context of Neurontin litigation. Subject to and without waiver of any objection, and subject to the application of the protective order, Plaintiff may access those materials for use in this case.

**REQUEST NO. 7:**

For each of Defendants' sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) calling upon Plaintiff's Prescribing Physician(s), please produce all documents relating to whether he/she is or has been investigated or reprimanded for his/her marketing practices by either Defendants or some other governmental agency.

**RESPONSE TO REQUEST NO. 7:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 7 is unreasonably overbroad, unduly burdensome, vague, calculated solely to harass, not properly limited in time, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 8:**

For each of Plaintiff's Health Care Provider(s), please produce any and all documents relating to whether Defendants or their representatives ever provided him or her (or anyone in their practice) Neurontin samples; the number or sample packets provided and the dosages provided; the dates that they were shipped and/ or provided; the lot numbers for the samples provided on each date identified; and the identity of the person or persons who provided the samples; and provide a copy of the packaging and package inserts, if any, that correspond to the samples that were provided.

**RESPONSE TO REQUEST NO. 8:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 8 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and

without waiver of any objection, see Response to Request No. 5. In addition, subject to and without waiver of any objection, Pfizer directs Plaintiff to the package inserts it has already produced in the context of Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access those materials for use in this case.

## REQUEST NO. 9:

If you have ever retained any of Plaintiff's health care providers as an "opinion leader," a member of Defendants' Visiting Speakers Bureau or similar program, or a consultant in any other capacity on the subject of Neurontin or the risks of Neurontin usage, please produce all documents that identify the heath care provider; the dates they were affiliated with Defendants; the amount of money Defendants paid in expenses, honoraria and fees, per calendar year to Plaintiff's prescribing health care provider; and all consulting agreements and contracts.

## RESPONSE TO REQUEST NO. 9:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 9 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying certain documents indicating whether the prescribing physician(s) was retained as a speaker

regarding Neurontin and the related amount of compensation paid for Neurontin speaking events, if any, during the time period relevant to this action.

**REQUEST NO. 10:**

Please produce any and all documents relating to whether Plaintiff's health care provider(s) were ever invited to attend and/or did in fact attend any conferences or events sponsored by Defendants; the title, location and date of the conferences or events attended; the topic of the conferences or events; all speakers at the conferences or events; and the agenda/brochure for the conferences or events.

**RESPONSE TO REQUEST NO. 10:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 10 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it is currently unaware of any databases or other centralized files that identify physicians who attended meetings or events related to Neurontin. However, in the spirit of cooperation, subject to and without waiver of any objection, Pfizer states that it will conduct reasonably diligent searches to locate documents, if any, regarding any meeting or event related to Neurontin that Plaintiff can establish was attended by the prescribing physician(s), or that the prescribing physician(s) indicates he or she attended, during the time period relevant to this action.

14

**REQUEST NO. 11:**

Please produce all documents relating to whether Plaintiff's Health Care Provider(s) ever contacted you to request information concerning Neurontin, its indications, its effects and/or its risks.

**RESPONSE TO REQUEST NO. 11:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 11 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") that have previously been produced in the context of other Neurontin litigations.  Subject to and without waiver of any objection, Plaintiff may access his version of the Merlin/Pfoenix databases for use in this case.  In addition, subject to and without waiver of any objection, see Response to Request Nos. 2, 3, 4, 5, 8, 13 and 14.

**REQUEST NO. 12:**

Please produce all documents relating to whether Defendants currently have or previously had access to any database or information which purports to track any of Plaintiff's prescribing health care provider's prescribing practices with respect to

15

Neurontin including, but not limited to the product(s) prescribed, the number or prescriptions, the number of refills and the time frame when these products were prescribed or filled.

**RESPONSE TO REQUEST NO. 12:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 12 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents equally available to Plaintiff and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer will make available for inspection and copying prescription data for the prescribing physicians(s) (for which Plaintiff provides with ME numbers) during the time period relevant to this action.

**REQUEST NO. 13:**

If you have been contacted by Plaintiff, any of his prescribing or non-prescribing health care physicians, or anyone (except Plaintiff's Counsel) on behalf of Plaintiff concerning Plaintiff, please produce all documentation that references the name of the person(s) who contacted you; the person(s) who were contacted including their name, address and telephone number; and which reflect any communication between any person and you concerning Plaintiff.

16

**RESPONSE TO REQUEST NO. 13:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 13 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request Nos. 2, 3, 4, 5, 8, 11 and 14.

**REQUEST NO. 14:**

Please produce a copy of each MedWatch form that refers or relates to Plaintiff, including back-up documentation concerning Plaintiff and any evaluation you did concerning the Plaintiff.

**RESPONSE TO REQUEST NO. 14:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 14 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive documents,

17

if any, are contained within the Adverse Events database that has previously been produced in the context of other Neurontin litigations.  Subject to and without waiver of any objection, Plaintiff may access their version of the Adverse Events database for use in this case.  In addition, in the spirit of cooperation, subject to and without waiver of any objection, Pfizer will make available for inspection and copying, Plaintiff's Neurontin related MedWatch Report, if any.

**REQUEST NO. 15:**

Please produce a copy of any advertisements for Neurontin used in the Media Market where Plaintiff lived at the time that he was prescribed Neurontin.

**RESPONSE TO REQUEST NO. 15:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 15 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad marketing documents it has already produced in Neurontin litigation.  Subject to and without waiver of any objection, Plaintiff may access those materials for use in this case.

**REQUEST NO. 16:**

For each advertisement produced in response to Request No. 15, please produce all documents that identify the media outlet, the dates that the advertisements ran, and the cost of the ad campaign.

**RESPONSE TO REQUEST NO. 16:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 16 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, see Response to Request No. 15.

**REQUEST NO. 17:**

Please produce a copy of any advertisements for Neurontin used in the Media Market that Plaintiff's prescribing physician(s) office was located at the time that Plaintiff was prescribed Neurontin.

**RESPONSE TO REQUEST NO. 17:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 17 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in

Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, <u>see</u> Response to Request No. 15.

**REQUEST NO. 18:**

For each advertisement produced in response to Request No. 17, please produce any and all documents that identify the media outlet, the dates that the advertisements ran, and the cost of the ad campaign.

**RESPONSE TO REQUEST NO. 18:**

<u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 18 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, <u>see</u> Response to Request No. 16.

**REQUEST NO. 19:**

For each advertisement produced in response to Requests Nos. 15 & 17, please produce all documents relating to the development of these advertisements, including but not limited to any market research, focus group reports, impact or message testing, consumer surveys, internal correspondences and any reports or correspondences

from any advertising agency or other third party involved in the development of all responsive advertisements.

**RESPONSE TO REQUEST NO. 19:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 19 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad marketing documents it has already produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access those materials for use in this case.

**REQUEST NO. 20:**

Please produce every document that relates to or refers to Plaintiff.

**RESPONSE TO REQUEST NO. 20:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 20 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant

21

nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objections, <u>see</u> Response to Request Nos. 1 and 14.

**REQUEST NO. 21:**

Please produce every document sent to or received from any of Plaintiff's Prescribing Physician(s).

**RESPONSE TO REQUEST NO. 21:**

<u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 21 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, <u>see</u> Response to Request Nos. 2, 3, 4, 5, 6, 8, 13 and 22.

**REQUEST NO. 22:**

Please produce every document reflecting any actual communication between you and Plaintiff's Prescribing Physician(s) concerning the risks and benefits associated with Neurontin.

**RESPONSE TO REQUEST NO. 22:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 22 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that responsive documents, if any, are contained within the medical information databases ("Merlin/Pfoenix") that have previously been produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access his version of the Merlin/Pfoenix databases for use in this case. In addition, subject to and without waiver of any objection, see Response to Request Nos. 2, 3, 4, 5, 8, 13 and 14.

**REQUEST NO. 23:**

Please produce every document that purports to describe the prescribing practices of any of Plaintiff's Prescribing Physician(s).

**RESPONSE TO REQUEST NO. 23:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 23 is unreasonably overbroad, unduly burdensome, vague, ambiguous, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor

reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer will make available for inspection and copying prescription data for the prescribing physician(s) (for which Plaintiff provides Pfizer with ME numbers) during the time period relevant to this action. In addition, subject to and without waiver of any objection, see Response to Request Nos. 3, 4, and 5.

## REQUEST NO. 24:

Please produce all documents relating to suicidality and Neurontin that were created by, edited by, reviewed by or in the possession of each person identified in response to Interrogatory No. 16 of Plaintiffs' Interrogatories.

## RESPONSE TO REQUEST NO. 24:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 24 is unintelligible and incomprehensible, as there is no Interrogatory No. 16 in Plaintiffs' Interrogatories and would require Pfizer to engage in conjecture as to the meaning of the Request. Pfizer further objects and states that Request No. 24 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 25:**

Please produce all documents relating to suicidality and Neurontin that were created by, edited by, reviewed by or in the possession of each person identified in response to Interrogatory No. 17 of Plaintiffs' Interrogatories.

**RESPONSE TO REQUEST NO. 25:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 25 is unintelligible and incomprehensible, as there is no Interrogatory No. 17 in Plaintiffs' Interrogatories and would require Pfizer to engage in conjecture as to the meaning of the Request. Pfizer further objects and states that Request No. 25 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 26:**

Please produce a copy of all agreements, indemnification agreements, contracts, consulting agreements, letters of agreement, clinical investigator agreements, speaking contracts, research contracts, and other express understandings (whether written or verbal) between you and any of the Plaintiff's Prescribing Physician(s), and produce all documents that evidence, refer, or relate to any such understandings entered into or discussed between or among each of you.

**RESPONSE TO REQUEST NO. 26:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 26 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, see Response to Request No. 9.

**REQUEST NO. 27:**

Please produce a copy of all agreements, indemnification agreements, contracts, consulting agreements, letters of agreement, clinical investigator agreements, speaking contracts, Visiting Speaker's Bureau agreements, research contracts, and other express understandings (whether written or verbal) between you and any of the Plaintiff's Treating Physician(s), and produce all documents that evidence, refer, or relate to any such understandings entered into or discussed between or among each of you.

**RESPONSE TO REQUEST NO. 27:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 27 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and

based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 28:**

Please produce all documents relating to any item of compensation, gifts, present, magazine, book, reprint, food or beverage item, blank check, money order, event or travel coupon or ticket, travel voucher, golf fees, travel bag, clothing item, clock, notepad, soap dispenser, umbrella, sporting equipment, writing implement, promotional item, invitation to event, invitation to lunch or dinner, invitation to any conference, and/or any other item of any value given at any time by Defendants or paid for by Defendants for the Plaintiff's Prescribing Physician(s) or their immediate families.

**RESPONSE TO REQUEST NO. 28:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 28 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in or equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection and subject to the protective order, Pfizer directs Plaintiff to the myriad of marketing documents it has already produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access these materials for use in this case. In addition,

subject to and without waiver of any objection, see Response to Request Nos. 3, 4, 5, 9, 10, 21, 22, and 26.

**REQUEST NO. 29:**

Please produce all documents relating to any item of compensation, gifts, present, magazine, book, reprint, food or beverage item, blank check, money order, event or travel coupon or ticket, travel voucher, golf fees, travel bag, clothing item, clock, notepad, soap dispenser, umbrella, sporting equipment, writing implement, promotional item, invitation to event, invitation to lunch or dinner, invitation to any conference, and/or any other item of any value given at any time by Defendants or paid for by Defendants for the Plaintiff's Treating Physician(s) or their immediate families.

**RESPONSE TO REQUEST NO. 29:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 29 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 30:**

Please produce all documents containing information obtained by the Defendants regarding Plaintiff and/or any member of Plaintiff's immediate family including, but not limited to the following:

1.   All medical records, laboratory results, mammogram information or any medical evidence in Defendants' possession relating to the Plaintiff;

2.   Any surveillance documents, data, videotapes or information;

3.   Any information relating to Plaintiff's employment or the employment of his spouse or immediate family;

4.   Statements, interviews, discussions or communications with Plaintiff, Plaintiff's family, Plaintiff's employers or work colleagues or any of Plaintiff's friends;

5.   Statements, interviews, discussions or communications with Plaintiff's Prescribing Physician(s) or any attorney representing Plaintiff's Prescribing Physician(s);

6.   Statements, interviews, discussions or communications with Plaintiff's Treating Physician(s) or any attorney representing Plaintiff's Treating Physician(s).

**RESPONSE TO REQUEST NO. 30:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 30 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it will make available for

29

inspection and copying, Plaintiff's Neurontin related MedWatch Report, if any, and any underlying records that it has in its possession.

**REQUEST NO. 31:**

Please produce all written communications between you and the Plaintiff in this particular case, including notes of any telephone conversations or any documentation of contact between the Plaintiff and the Defendants.

**RESPONSE TO REQUEST NO. 31:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 31 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that it will make available for inspection and copying, Plaintiff's Neurontin related MedWatch Report, if any, and any underlying records that it has in its possession.  In addition, subject to and without waiver of any objection, if Plaintiff informs Pfizer that Plaintiff had direct communications with Pfizer, it will conduct reasonable diligent searches and produce such communications reasonably related to this case.

**REQUEST NO. 32:**

Please produce all documents relating to whether Plaintiff's Treating Physician(s) were ever invited to attend and/or did in fact attend any conferences or events sponsored by Defendants; the title, location and date of the conferences or events attended; the topic of the conferences or events; all speakers at the conferences or events; and the agenda/brochure for the conferences or events; and all slides, handouts, invitations, and notes of presentations from any such events.

**RESPONSE TO REQUEST NO. 32:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 32 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 33:**

For all persons retained by Defendants as an expert in this case as well as all consulting expert witnesses, whose opinions are reviewed or relied upon by one of Defendants' expert witnesses, please produce the following:

1.    A current Curriculum vitae or resume and bibliography;

2.    All correspondence or communication between Defendants and such expert;

3.  A copy of all prior testimony, court testimony or depositions in which such expert provided any expert opinions or testimony in any litigation;

4.  A copy of all expert reports created by such expert in any litigation;

5.  A copy of all published medical or scientific articles reviewed by such expert in connection with this litigation;

6.  A copy of every document, material, calculation, memorandum or note reviewed for the purpose of forming any opinion in this case and identify which of such documents were relied upon for the purpose of forming any opinion in this case;

7.  All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

8.  All receipts, billing, invoices, cancelled checks, or any record of payment from Defendants to such expert for services in the entire hormone therapy litigation;

9.  All billing records, invoices and receipts which evidence payments made by any Defendant to such expert for services in this specific case.

**RESPONSE TO REQUEST NO. 33:**

Pfizer objects and states that Request No. 33 is premature.  Pfizer will provide documents required by the Rules of Civil Procedure and any scheduling order entered in this case.

**REQUEST NO. 34:**

Please produce all letters, correspondence, agreements and communication regarding indemnification for Plaintiff's Prescribing Physician(s) related to Neurontin litigation.

**RESPONSE TO REQUEST NO. 34:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 34 is unreasonably overbroad, unduly burdensome, vague, are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 26.

**REQUEST NO. 35:**

Please produce all leave-behind materials, directed to physicians, ever presented to Plaintiff's Prescribing Physician(s) related to Neurontin.

**RESPONSE TO REQUEST NO. 35:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 35 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and

based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, see Response to Request No. 4. In addition, subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad marketing documents it has already produced in Neurontin litigation. Subject to and without waiver of any objection, Plaintiff may access those materials for use in this case.

## REQUEST NO. 36:

Please produce all leave-behind materials directed to patients ever presented to Plaintiff's Treating Physician(s) related to Neurontin.

## RESPONSE TO REQUEST NO. 36:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 36 is unreasonably overbroad, unduly burdensome, vague, seeks documents that are already in Plaintiff's possession, custody, or control, or are equally available to Plaintiff, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

## REQUEST NO. 37:

Please produce the entire employment file (redacting any wage, benefit or salary information) for each of Defendants' sales representative(s) and/or Territory

Manager(s) identified in Request No. 3 as sales representatives and/or Territory

Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 37:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer

further objects and states that Request No. 37 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, and based on the allegations in

Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated

to lead to the discovery of relevant information.

**REQUEST NO. 38:**

Please produce all training manuals and materials for each of Defendants'

sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales

representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing

Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 38:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer

further objects and states that Request No. 38 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, seeks documents equally

available to the Plaintiff, and based on the allegations in Plaintiff's complaint, seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

relevant information.  Subject to and without waiver of any objection, Pfizer states if

Plaintiff will agree to incur the costs for the review and production, Pfizer will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the custodial files of sales representatives who detailed the physician(s) who prescribed Neurontin.

### REQUEST NO. 39:

Please produce all continuing education materials provided to each of Defendants' sales representatives and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

### RESPONSE TO REQUEST NO. 39:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 39 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, seeks documents equally available to Plaintiff, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, if Plaintiff agrees to incur the costs for the review and production, Pfizer states that it will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physician(s) who prescribed Neurontin.

**REQUEST NO. 40:**

Please produce all third party materials provided to each of Defendants'
sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales
representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing
Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 40:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer
further objects and states that Request No. 40 is unreasonably overbroad, unduly
burdensome, vague, ambiguous, incomprehensible, not properly limited in time or scope,
and based on the allegations in Plaintiff's complaint, seeks information that is neither
relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 41:**

Please produce the script of all sales representative and/or Territory
Manager "voice mails," if any, left relating to sales training and information provided to
each of Defendants' sales representative(s) and/or Territory Manager(s) identified in
Request No. 3 as sales representatives and/or Territory Manager(s) who called on
Plaintiff's Prescribing Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 41:**

   See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer

further objects and states that Request No. 41 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, and based on the allegations in

Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated

to lead to the discovery of relevant information. Subject to and without waiver of any

objection, Pfizer states if Plaintiff agrees to incur the cost of production and review,

Pfizer will make available for inspection and copying certain responsive documents from

the time period relevant to this action, if any, from the custodial files of sales

representatives who detailed the physician(s) who prescribed Neurontin. In addition,

subject to and without waiver of any objection, and subject to the entry of an appropriate

protective order, Pfizer directs Plaintiff to the myriad sales representative documents it

has already produced in Neurontin litigation.

**REQUEST NO. 42:**

   Please produce all comparison sheets used in comparing Defendants'

Neurontin to other pharmaceutical products provided to each of Defendants' sales

representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales

representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing

Physician(s) to discuss Neurontin.

## RESPONSE TO REQUEST NO. 42:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 42 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, it will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physician(s) who prescribed Neurontin. In addition, subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad of sales representative documents it has already produced in the context of Neurontin litigation.

## REQUEST NO. 43:

Please produce all "Q&A" responses to published studies provided to each of Defendants' sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

## RESPONSE TO REQUEST NO. 43:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 43 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer states that it will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physician(s) who prescribed Neurontin. In addition, subject to and without waiver of any objection, Pfizer directs Plaintiff to the myriad sales representative documents it has already produced in the context of Neurontin litigation.

**REQUEST NO. 44:**

Please produce all "Q&A" responses to published studies provided to any sales representatives and/or Territory Managers identified in Request No. 3 as sales representatives and/or Territory Manager(s) who called on Plaintiff's Prescribing Physician(s) to discuss Neurontin.

**RESPONSE TO REQUEST NO. 44:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 44 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Pfizer further objects to this Request on

the grounds that it is duplicative of Request No. 43.  Subject to and without waiver of any

objection, <u>see</u> Response to Request No. 43.

**REQUEST NO. 45:**

Produce all documents relating to Defendants' gross and net sales of

Neurontin for each year corresponding to when Plaintiff was prescribed Neurontin.

**RESPONSE TO REQUEST NO. 45:**

<u>See</u> General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer

further objects and states that Request No. 45 is unreasonably overbroad, unduly

burdensome, vague, not properly limited in time or scope, and based on the allegations in

Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated

to lead to the discovery of relevant information. Subject to and without waiver of any

objections,  Pfizer states that it will search for and produce documents, if any, sufficient

to identify annual sales of Neurontin in the United States for the time period specified in

Request No. 45.

**REQUEST NO. 46:**

For each District Manager (or equivalent), if any, who supervised the

Defendants' sales representative(s) and/or Territory Manager(s) identified in Request

No. 3 as sales representatives and/or Territory Managers(s) calling upon Plaintiff's

Prescribing Physician(s), please produce his/her entire custodial file, including but not

limited to all personal notes, memoranda, calendar entries, computer entries,

backgrounder documents, marketing information, and any other document concerning Neurontin created, generated, edited by or in the possession or control of the identified sales representative.

## RESPONSE TO REQUEST NO. 46:

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13. Pfizer further objects and states that Request No. 46 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer states that it will make available for inspection and copying certain responsive documents from the time period relevant to this action, if any, from the custodial files of sales representatives who detailed, the physician(s) who prescribed Neurontin.

## REQUEST NO. 47:

For each District Manager (or equivalent), if any, who supervised the Defendants' sales representative(s) and/or Territory Manager(s) identified in Request No. 3 as sales representatives and/or Territory Managers(s) calling upon Plaintiff's Prescribing Physician(s), please produce the field coaching guide(s) or manual(s) applying to this supervision.

**RESPONSE TO REQUEST NO. 47:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 47 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**REQUEST NO. 48:**

Produce data that purports to track any of Plaintiff's prescribing healthcare provider's prescribing practices with respect to Neurontin, including, but not limited to the number of prescriptions, the number of refills, and the timeframe when these products were prescribed or (re)filled. (e.g., IMS data).

**RESPONSE TO REQUEST NO. 48:**

See General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.  Pfizer further objects and states that Request No. 48 is unreasonably overbroad, unduly burdensome, vague, not properly limited in time or scope, and based on the allegations in Plaintiff's complaint, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiver of any objection, Pfizer states that if Plaintiff agrees to incur the costs associated with the review and production of these documents and materials, Pfizer will make available for inspection and copying prescription data for the prescribing physicians(s) (for which Plaintiff provides with ME numbers) during the time period relevant to this action.

43

Dated: New York, New York
      December 28, 2009

                SKADDEN, ARPS, SLATE,
                 MEAGHER & FLOM LLP

                By: _____
                 Mark S. Cheffo
                 Four Times Square
                 New York, New York 10036
                 Telephone:  (212) 735-3000

                 *Attorney for Defendants Pfizer Inc*
                 *and Warner Lambert Company LLC*

To:    Ricardo A. Garcia
       Garcia & Karam, L.L.P.
       820 South Main
       McAllen, Texas 78501
       (956) 630-2882

       *Attorney for Plaintiff Jose Garcia*

# Exhibit 3



THE LAW OFFICE OF
**GARCIA & KARAM**
A LIMITED LIABILITY PARTNERSHIP

June 17, 2010

**ATTEMPT TO CONFER PURSUANT TO FRCP 37(a)(2)(A) & (B):**
**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION**

**_via_ Telecopier No. 917/777-2183**

Mr. Mark Cheffo, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036-6522

RE:   MDL Docket No. 1629; Civil Action No. 04-10981;
       **_In Re: Neurontin Marketing, Sales  Practices and_**
       **_Products Liability Litigation_**; (C-06-348; **_Jose Garcia_**;
       So. Dist. of Texas, Corpus Christi Division)

Dear Mr. Cheffo:

With regard to Defendants' Response and Objections to Plaintiffs' Request
for Production of Documents and Things dated December 28, 2009,
Defendants lodged numerous objections to each and every one of Plaintiff's
requests and failed to produce a single document.   Defendants' conduct is
an abuse of discovery calculated to frustrate the mandated discovery in this
case as ordered by Judge Sorokin.  Pursuant to FRCP 37(a)(2)(A) & (B), this
letter if Plaintiff's attempt to confer with Defendants in a good-faith effort to
resolve the dispute without court action.  If this discovery dispute cannot be
resolved, we will have no choice but to set this matter for hearing with the
Court.  We will address the specific discovery responses below.

**REQUEST FOR PRODUCTION NO. 1:**

Defendants did not produce any documents in response to Request for
Production No. 1.  **Plaintiff requests that Defendants withdraw their**
**objections and produce a hard copy of the requested documents within**
**seven (7) business days, or make the documents available for**
**inspection and copying as indicated below.**

In their response, Defendants represent that they will make Plaintiff's
Neurontin related MedWatch Report and any underlying records Defendants
have in their possession available for inspection and copying.  On June 15,
2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect
and copy all responsive documents on **June 22, 2010 at 9:00 a.m.**

RICARDO A. GARCIA

AIZAR J. KARAM, JR.

LINO H. OCHOA

820 South Main
McAllen, Texas 78501
Phone 956-630-2882
Fax 956-630-5393
GarciaKaram.com

Ricardo A. Garcia is Board Certified
in Personal Injury Trial Law.

Mr. Cheffo
June 17, 2010
Page 2

## REQUEST FOR PRODUCTION NO. 2:

Defendants failed to produce each "Dear Doctor" and "Dear Health Care Provider" letter sent to Plaintiff's Health Care Providers. Defendants also failed to produce the data from Defendants' database and/or any documents that demonstrate that the letter(s) were sent out.

Subject to their numerous objections, Defendants respond by stating that Plaintiff can access "her version of the Merlin/Pfoenix databases." Plaintiff does not have "her version of the Merlin/Pfoenix databases" because Defendants have not produced any databases to Plaintiff.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of these letters, as well as the data from Defendants' database and/or any documents that demonstrate that the letter(s) were sent out, within seven (7) business days.**

## REQUEST FOR PRODUCTION NO. 3:

Defendants failed to produce any documents that identify (1) Plaintiff's Prescribing Physicians; (2) the name, last known address and telephone number of Defendants' sales representatives, Territory Managers and Medical Liaisons who contacted the Prescribing Physician regarding Neurontin and/or Gabapentin; (3) the dates of such contact; (4) the current relationship between Defendants and the sales representatives, Territory Managers and Medical Liaisons.

Subject to their numerous objections, Defendants respond by stating that Plaintiff can access "her version of the CMS and CMMS databases for use in this case." Plaintiff does not have "her version of the CMS and CMMS databases" because Defendants have not produced any databases to Plaintiff.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make the documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make documents from sales call/Medical Liaisons databases containing contacts between sales representatives and/or Medical Liaisons and the prescribing physicians

Mr. Cheffo
June 17, 2010
Page 3

relating to Neurontin during the time period that the sales representatives/Medical Liaisons contacted the prescribing physicians in their professional capacities available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.**

## REQUEST FOR PRODUCTION NO. 4:

Defendants did not produce any documents in response to Request for Production No. 4.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make the documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make all responsive documents from the files of sales representatives who detailed, and Medical Liaisons who contacted, the physicians who prescribed Neurontin to Plaintiff available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.  As stated in the request for production, Plaintiff requests that Defendants make the entire custodial file available for inspection and copying.**

## REQUEST FOR PRODUCTION NO. 5:

Defendants did not produce any documents in response to Request for Production No. 5.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make the documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make database entries containing information about Neurontin samples provided to the prescribing physicians available for inspection and copying, On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting  to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.   As stated in the request for production, Plaintiff requests that Defendants also make**

Mr. Cheffo
June 17, 2010
Page 4

**available for inspection and copying all sales call notes for Defendants'
sales representatives and territory managers calling upon the
prescribing physician.**

**REQUEST FOR PRODUCTION NO. 8:**

Defendants failed to produce any documents relating to whether they or their
sales representatives ever provided Neurontin samples to Plaintiff's
prescribing physicians, including the (1) number of sample packets provided
and the dosages provided; (2) dates the samples were shipped and/or
provided; (3) lot numbers for the samples provided on each date identified;
and (4) identify of the persons or persons who provided the samples.

**Plaintiff requests that Defendants withdraw their objections and
produce a hard copy of the requested documents within seven (7)
business days.**

**REQUEST FOR PRODUCTION NO. 9:**

Defendants did not produce any documents in response to Request for
Production No. 9.

**Plaintiff requests that Defendants withdraw their objections and
produce a hard copy of the requested documents within seven (7)
business days, or make the documents available for inspection and
copying as indicated below.**

In their response, Defendants represent that they will make documents
indicating whether the prescribing physicians were retained as "speakers"
regarding Neurontin and the related amount of compensation paid for
Neurontin speaking events for inspection and copying.  On June 15, 2010,
Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy
all responsive documents on **June 22, 2010 at 9:00 a.m.  As stated in the
request for production, Plaintiff requires that Defendants also make the
requested information for prescribing physicians retained as "opinion
leaders" and "consultants" available for inspection and copying.**

**REQUEST FOR PRODUCTION NO. 11:**

Defendants failed to produce any documents relating to whether Plaintiff's
Health Care Providers ever contacted Defendants to request information

Mr. Cheffo
June 17, 2010
Page 5

concerning Neurontin, its indications, its effects and/or its risks.   Subject to their numerous objections, Defendants respond by stating that Plaintiff can access "her version of the Merlin/Pfoenix databases."  Plaintiff does not have "her version of the Merlin/Pfoenix databases" because Defendants have not produced any databases to Plaintiff.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

## REQUEST FOR PRODUCTION NO. 12

Defendants did not produce any documents in response to Request for Production No. 12.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make the documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make prescription data for Plaintiff's prescribing physicians available for inspection and copying.  On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.** **Plaintiff does not have access to the ME numbers for the prescribing physicians.  Plaintiff has previously provided the names, addresses and telephone numbers for the prescribing physicians. Defendants can more easily obtain this information as Defendants made regular sales calls to these prescribing physicians to market Defendants' Neurontin.**

## REQUEST FOR PRODUCTION NO. 14

Defendants failed to produce any of the requested MedWatch forms that refer or relate to Plaintiff, including back-up back-up documentation concerning Plaintiff and any evaluation Defendants did concerning Plaintiff.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make the documents available for inspection and copying as indicated below.**

Mr. Cheffo
June 17, 2010
Page 6

In their response, Defendants represent that they will make Plaintiff's Neurontin related MedWatch report available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.** **Plaintiff requires that Defendants also make available for inspections and copying all back-up documentation concerning Plaintiff and any evaluation Defendants did concerning Plaintiff.**

## REQUEST FOR PRODUCTION NO. 21

Defendants failed to produce a single document they sent to, or received from, any of Plaintiff's Prescribing Physicians.  **Plaintiff requests that Defendants withdraw their objections produce a hard copy of the requested documents within seven (7) business days.**

In their response, Defendants refer Plaintiff to Defendants' prior responses to Request for Production Nos. 2, 3, 4, 5, 6, 8 and 13.  Plaintiff is unclear if this reference includes an offer to inspect and copy the requested documents, as some of the referenced responses did include such an offer.  On June 15, 2010, out of an abundance of caution, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.**

## REQUEST FOR PRODUCTION NO. 22

Defendants failed to produce a single document reflecting any actual communication between Defendants and Plaintiff's Prescribing Physicians concerning the risks and benefits associated with Neurontin.  Subject to their numerous objections, Defendants respond by stating that Plaintiff can access "her version of the Merlin/Pfoenix databases."  Plaintiff does not have "her version of the Merlin/Pfoenix databases" because Defendants have not produced any databases to Plaintiff.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

## REQUEST FOR PRODUCTION NO. 24

Defendants failed to produce any documents relating to suicidality and Neurontin that were created by, edited by, reviewed by or in the possession

Mr. Cheffo
June 17, 2010
Page 7

of each person identified in response to Interrogatory No. 16 of Plaintiff's Interrogatories.

**Plaintiff request that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

## REQUEST FOR PRODUCTION NO. 25

Defendants failed to produce any documents relating to suicidality and Neurontin that were created by, edited by, reviewed by or in the possession of each person identified in response to Interrogatory No. 17 of Plaintiff's Interrogatories.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

## REQUEST FOR PRODUCTION NO. 26

Defendants failed to produce any documents in response to this request for production.

**Plaintiff request that Defendants to withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

## REQUEST FOR PRODUCTION NO. 27

Defendants failed to produce any documents in response to this request for production.

**Plaintiff request that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

## REQUEST FOR PRODUCTION NO. 28 & NO. 29

Defendants failed to produce any documents in response to this request for production.  Subject to Defendants to a string of objections, Defendants direct Plaintiff to the "myriad of marketing documents it has already produced

Mr. Cheffo
June 17, 2010
Page 8

in Neurontin litigation."   Plaintiff's request is very specific and asks for documents relating to items of value given or paid by Defendants to Plaintiff's Prescribing Physicians or their immediate families.  Plaintiff is not asking for marketing materials.  Even if these documents are considered by Defendants to be "marketing materials," the fact that Defendants produced "marketing materials" in other Neurontin litigation does not excuse Defendants from producing these documents in this case.  Plaintiff should not be deprived necessary and essential discovery in this case merely because Defendants allegedly produced similar documents in "other Neurontin litigation."

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 30

Defendants failed to produce any documents in response to this request for production.  Plaintiff's request is a standard request for production asking for all documents containing information obtained by Defendants regarding Plaintiff and/or any member of Plaintiff's immediate family.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

### REQUEST FOR PRODUCTION NO. 36

Defendants failed to produce any of the requested leave-behind materials presented to Plaintiff's Prescribing Physicians related to Neurontin.  After asserting a string of unfounded objections, Defendants directs Plaintiff to the "myriad marketing documents it has already produced in Neurontin litigation."

Defendants' allegation that they produced "marketing documents" in other Neurontin litigation does not excuse Defendants from producing the requested leave-behind materials in this case.  Plaintiff should not be deprived necessary and essential discovery in this case merely because Defendants allegedly produced similar documents in "other Neurontin litigation."

Mr. Cheffo
June 17, 2010
Page 9

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

<u>**REQUEST FOR PRODUCTION NO. 37**</u>

Defendants failed to produce any of the requested employment file materials for Defendants' sales representatives and Territory Managers who called on Plaintiff's Prescribing Physicians to discuss Neurontin.   Plaintiff's request specifically states that wage information, benefit and/or salary information is to be redacted.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**
<u>**REQUEST FOR PRODUCTION NO. 38**</u>

Defendants failed to produce any of the requested training materials in response to this request for production.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make "certain responsive documents from the time period relevant to this action, if any, from the custodial files of sales representatives who detailed the physicians who prescribed Neurontin" available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.** <u>**Plaintiff requests that Defendants also make available for inspections and copying all responsive documents, not just "certain" responsive documents.**</u>

<u>**REQUEST FOR PRODUCTION NO. 39**</u>

Defendants failed to produce any of the requested continuing education materials in response to this request for production.

Mr. Cheffo
June 17, 2010
Page 10

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make "certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physicians who prescribed Neurontin" available for inspection and copying.  On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.**  **Plaintiff requests that Defendants also make available for inspections and copying all responsive documents, not just "certain" responsive documents.**

## REQUEST FOR PRODUCTION NO. 41

Defendants failed to produce a single document in response to this request for production.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make "certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physicians who prescribed Neurontin" available for inspection and copying.  On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.**  **Plaintiff requests that Defendants also make available for inspections and copying all responsive documents, not just "certain" responsive documents.**

Defendants also direct Plaintiff to the "myriad sales representative documents they have already produced in Neurontin litigation."  Defendants alleged production of sales representative documents in other Neurontin litigation does not excuse Defendants from producing the requested scripts in this case.  Plaintiff should not be deprived necessary and essential discovery

Mr. Cheffo
June 17, 2010
Page 11

in this case merely because Defendants allegedly produced "myriad sales representative documents" in "other Neurontin litigation."

**REQUEST FOR PRODUCTION NO. 42**

Defendants failed to produce any of the requested comparison sheets in response to this request for production.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make "certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physicians who prescribed Neurontin" available for inspection and copying. On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.** **Plaintiff requests that Defendants also make available for inspections and copying all responsive documents, not just "certain" responsive documents.**

Defendants also direct Plaintiff to the "myriad sales representative documents they have already produced in Neurontin litigation." Defendants alleged production of sales representative documents in other Neurontin litigation does not excuse Defendants from producing the requested comparison sheets in this case. Plaintiff should not be deprived necessary and essential discovery in this case merely because Defendants allegedly produced "myriad sales representative  documents" in "other Neurontin litigation."

**REQUEST FOR PRODUCTION NO. 43**

Defendants failed to produce any of the requested "Q&A responses" in response to this request for production.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

Mr. Cheffo
June 17, 2010
Page 12

In their response, Defendants represent that they will make "certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physicians who prescribed Neurontin" available for inspection and copying.  On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.  Plaintiff requests that Defendants also make available for inspections and copying all responsive documents, not just "certain" responsive documents.**

Defendants also direct Plaintiff to the "myriad sales representative documents they have already produced in Neurontin litigation."  Defendants alleged production of sales representative documents in other Neurontin litigation does not excuse Defendants from producing the requested "Q&A responses" in this case.  Plaintiff should not be deprived necessary and essential discovery in this case merely because Defendants allegedly produced "myriad sales representative documents" in "other Neurontin litigation."

## REQUEST FOR PRODUCTION NO. 45

Defendants failed to produce any of the requested documents relating to their gross and net sales of Neurontin for each year corresponding to when Plaintiff was prescribed Neurontin.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

## REQUEST FOR PRODUCTION NO. 46

Defendants failed to produce a single document in response to this request for production.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

Mr. Cheffo
June 17, 2010
Page 13

In their response, Defendants represent that they will make "certain responsive documents from the time period relevant to this action, if any, from the files of sales representatives who detailed the physicians who prescribed Neurontin" available for inspection and copying.  On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.**  **Plaintiff requests that Defendants make available for inspections and copying the entire custodial file for the District Managers, not just "certain responsive documents" from the files of "sales representatives."**

## REQUEST FOR PRODUCTION NO. 47

Defendants failed to produce the requested field coaching guide(s) or manual(s) for each District Manager who supervised the sales representatives and territory managers who called on Plaintiff's prescribing physicians.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days.**

## REQUEST FOR PRODUCTION NO. 48

Defendants failed to produce a single piece of data purporting to track any of Plaintiff's prescribing healthcare provider's prescribing practices with respect to Neurontin.

**Plaintiff requests that Defendants withdraw their objections and produce a hard copy of the requested documents within seven (7) business days, or make all responsive documents available for inspection and copying as indicated below.**

In their response, Defendants represent that they will make "prescription data for the prescribing physicians (for which Plaintiff provides with ME numbers) during the time period relevant to this action."  On June 15, 2010, Plaintiff forwarded a letter to Defense counsel requesting to inspect and copy all responsive documents on **June 22, 2010 at 9:00 a.m.**  **Plaintiff does not have access to the ME numbers for the prescribing physicians. Plaintiff has previously provided the names, addresses and telephone numbers for the prescribing physicians.  Defendants can more easily**

Mr. Cheffo
June 17, 2010
Page 14

**obtain this information as Defendants made regular sales calls to these prescribing physicians to market Defendants' Neurontin.**

Should you have any questions or comments, please do not hesitate to contact our office.  Thanking you for your prompt attention with regard to the above, I remain

Sincerely,

THE LAW OFFICES OF GARCIA & KARAM, LLP

Chad W. Tolar

CWT:mld

cc:    Kenneth J. Ferguson (*via* Telecopier No. 512/474-1129)

THE LAW OFFICE OF

## GARCIA & KARAM

# FAX COVER SHEET

### FAX NUMBER TRANSMITTED TO:

To      :   Mark Cheffo        917/777-2183
                Kenneth J. Ferguson    512/474-1129

From          :   Mary Lou Doeppenschmidt
Client/Matter :   Jose Garcia vs. Pfizer; 04-6333
Date          :   June 17, 2010

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Ltr to Mr. Cheffo | 15 |
|  |  |
|  |  |
|  |  |

### COMMENTS:

If you need any additional information, please call our office.

Thank You,



RICARDO A. GARCIA*
AIZAR J. KARAM, JR.
LINO H. OCHOA

820 SOUTH MAIN
ALLEN, TEXAS 78501

956 630 2882

FAX 956 630 5393

www.garciakaram.com

*Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

#### CONFIDENTIALITY NOTICE

This transmission and all documents accompanying it may contain confidential information belonging to the sender that is protected by the attorney-client privilege. The information is intended only for the use of the persons(s) to whom it is sent (as noted above). IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, PLEASE BE ADVISED THAT ANY DISCLOSURE OF THE CONTENTS OF THIS TRANSMISSION OF THE TAKING OF ANY ACTION IN RELIEANCE OF THE CONTENTS OF THE TRANSMISSION IS STRICTLY PROHIBITED. Please call us to arrange for the return of any documents accompanying this transmission. Thank you.

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES,
PLEASE TELEPHONE US IMMEDIATELY AT (956) 630-2882.

```
*************** -COMM. JOURNAL- ******************** DATE JUN-17-2010 ***** TIME 14:48 ********


     MODE = BATCH TRANSMISSION            START=JUN-17 14:29    END=JUN-17 14:48

       FILE NO.=373

STN   COMM.      STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES     DURATION
NO.

001   407       ☎19177772183                                015/015   BATCH
002   B-OK      ☎15124741129                                015/015   BATCH



                                                   -GARCIA & KARAM       -

***** KM-F1060 ********************* -          - ***** -          - *********
```

THE LAW OFFICE OF

**GARCIA & KARAM**

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO:

| To | : Mark Cheffo | 917/777-2183 |
| | Kenneth J. Ferguson | 512/474-1129 |

From : Mary Lou Doeppenschmidt
Client/Matter : Jose Garcia vs. Pfizer; 04-6333
Date : June 17, 2010

| DOCUMENTS | NUMBER OF PAGES |
|---|---|
| Ltr to Mr. Cheffo | 15 |
| | |
| | |

COMMENTS:
If you need any additional information, please call our office.

Thank You,

RICARDO A. GARCIA*
AIZAR J KARAM, JR.
LINO H. OCHOA

820 SOUTH MAIN
McALLEN, TEXAS 78501

956 630 2882
FAX 956 630 5393

www.garciakaram.com

*Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

**CONFIDENTIALITY NOTICE**

This transmission and all documents accompanying it may contain confidential information belonging to the sender that is protected by the attorney-client privilege. The information is intended only for the use of the person(s) to whom it is sent (as noted above). IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, PLEASE BE ADVISED THAT ANY DISCLOSURE OF THE CONTENTS OF THIS TRANSMISSION OR THE TAKING OF ANY ACTION IN RELIANCE OF THE CONTENTS OF THE TRANSMISSION IS STRICTLY PROHIBITED. Please call us to arrange for the return of any documents accompanying this transmission. Thank you.

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES,
PLEASE TELEPHONE US IMMEDIATELY AT (956) 630-2882.

```
*************** -COMM. JOURNAL- ******************* DATE JUN-17-2010 ***** TIME 15:26 ********
```

MODE = MEMORY TRANSMISSION          START=JUN-17 15:23      END=JUN-17 15:26

    FILE NO.=381

| STN NO. | COMM. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|---------|-------|------------------------------------------|-------|----------|
| 001 | OK | ☎#00319177772183 | 015/015 | 00:02:51 |

                                              -GARCIA & KARAM          -

```
***** KM-F1060 ********************* -              - ***** -              - *********
```

THE LAW OFFICE OF

**GARCIA & KARAM**

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO:

To      : Mark Cheffo     917/777-2183
          Kenneth J. Ferguson  512/474-1129

From     : Mary Lou Doeppenschmidt
Client/Matter : Jose Garcia vs. Pfizer; 04-6333
Date      : June 17, 2010

| DOCUMENTS | NUMBER OF PAGES |
|-----------|-----------------|
| Ltr to Mr. Cheffo | 15 |
| | |
| | |

COMMENTS:
If you need any additional information, please call our office.

Thank You,

RICARDO A. GARCIA*
AIZAR J. KARAM, JR.
LINO H. OCHOA

820 SOUTH MAIN
McALLEN, TEXAS 78501

956 630 2882
FAX 956 630 5393
www.garciakaram.com

*Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

**CONFIDENTIALITY NOTICE**

This transmission and all documents accompanying it may contain confidential information belonging to the sender that is protected by the attorney-client privilege. The information is intended only for the use of the person(s) to whom it is sent (as noted above). IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, PLEASE BE ADVISED THAT ANY DISCLOSURE OF THE CONTENTS OF THIS TRANSMISSION OF THE TAKING OF ANY ACTION IN RELIANCE OF THE CONTENTS OF THE TRANSMISSION IS STRICTLY PROHIBITED. Please call us to arrange for the return of any documents accompanying this transmission. Thank you.

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES,
PLEASE TELEPHONE US IMMEDIATELY AT (956) 630-2882.

# Exhibit 4



THE LAW OFFICE OF
## GARCIA & KARAM
A LIMITED LIABILITY PARTNERSHIP

June 15, 2010

### *via* Telecopier No. 917/777-2183

Mr. Mark Cheffo, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036-6522

RE:   MDL Docket No. 1629; Civil Action No. 04-10981;
      ***In Re: Neurontin Marketing, Sales  Practices and***
      ***Products Liability Litigation***; (C-06-348; ***Jose Garcia***;
      So. Dist. of Texas, Corpus Christi Division)

Dear Mr. Cheffo:

RICARDO A. GARCIA

AIZAR J. KARAM, JR.

LINO H. OCHOA

   We are writing to follow up on Defendants' Responses and Objections to Plaintiffs' Request for Production of Documents and Things.   In response to several of the requests for production, Defendants state that they will make responsive documents available for inspection and/or copying.  We hereby request the opportunity to inspect and copy the documents on **June 22, 2010 at 9:00 a.m**. Please have the following documents ready for our inspection:

1.   All   documents   containing   contacts   between   sales representatives and Medical Liaison and Plaintiff's Prescribing Physicians relating to Neurontin during the time period that the sales representatives/Medical Liaisons contacted the prescribing physicians (*See* Defendants' Response to Plaintiff's Request for Production No. 3);

2.   The entire custodial file for each sales representative and Medical Liaison calling upon Plaintiff's Prescribing Physicians, including but not limited to all personal notes, memoranda, calendar entries, computer entries, background documents and marketing information (*See* Defendants' Response to Plaintiff's Request for Production No. 4);

3.   All sales calls notes and sample data for each sales representative and Medical Liaison calling upon Plaintiff's Prescribing Physicians  that contain information about Neurontin (*See* Defendants' Response to Plaintiff's Request for Production No. 5);

4.   All documents that each sales representative and Medical Liaison calling on Plaintiff's Prescribing Physicians distributed to or discussed with said physicians , including but not limited to

820 South Main
McAllen, Texas 78501
Phone 956-630-2882
Fax 956-630-5393
GarciaKaram.com

Ricardo A. Garcia is Board Certified
in Personal Injury Trial Law.

Mr. Cheffo
June 15, 2010
Page 2

journal articles, information material and promotional information
(*See* Defendants' Response to Plaintiff's Request for Production
No. 6);

5.    All documents relating to Neurontin samples provided by
Defendants' sales representatives and Medical Liaison to
Plaintiff's Prescribing Physicians or anyone in their practice,
including but not limited to the (1) number of sample packets
provided at the dosages provided; (2) dates that they were
shipped and/or provided; (3) lot numbers for the samples
provided on each date identified; and (4) identity of the persons
or persons who provided the samples (*See* Defendants'
Response to Plaintiff's Request for Production No. 8);

6.    All documents indicating whether or not Defendants retained any
of Plaintiff's Prescribing Physicians as an opinion leader,
speaker or consultant and if so, all consulting agreements and
contracts and all documents identifying (1) the health care
provider; (2) the dates they were affiliated with Defendants; and
(3) the amount of money Defendants paid in expenses,
honoraria and fees per calendar year to Plaintiff's prescribing
health care provider (*See* Defendants' Response to Plaintiff's
Request for Production No. 9);

7.    All documents relating to whether or not Plaintiff's prescribing
health care providers  were ever invited to attend and/or did in
fact attend any conferences or events sponsored by Defendants
and if so, all documents relating to the (1) title, location and date
of the conferences or events attended; (2) topic of the
conferences or events; (3) speakers at the conferences or
events; and (4) agenda/brochure for the conferences or events
(*See* Defendants' Response to Plaintiff's Request for Production
No. 10);

8.    All documents relating to whether or not Plaintiff's prescribing
health care providers  ever contacted Defendants to request
information concerning Neurontin, its indications, its effects
and/or risks (*See* Defendants' Response to Plaintiff's Request for
Production No. 11);

9.    All prescription data for Plaintiff's prescribing health care
providers  concerning Neurontin, including but not limited to the

Mr. Cheffo
June 15, 2010
Page 3

(1) products prescribed; (2) number of prescriptions; (3) number of refills; and (4) time frame when the products were prescribed or filled (*See* Defendants' Response to Plaintiff's Request for Production No. 12);

10.   A copy of each MedWatch form that refers or relates to Plaintiff, including back-up documentation concerning Plaintiff and any evaluation Defendants did concerning Plaintiff (*See* Defendants' Response to Plaintiff's Request for Production No. 14);

11.   A copy of every document Defendants sent to, or received from, Plaintiff's prescribing health care providers.  (*See* Defendants' Response to Plaintiff's Request for Production No. 21);

12.   A copy of every document reflecting any actual communication between Defendants and Plaintiff's prescribing health care providers  concerning the risks and benefits associated with Neurontin (*See* Defendants' Response to Plaintiff's Request for Production No. 22);

13.   All documents requested in Plaintiff's Request for Production No. 30, including a copy of Plaintiff's Neurontin related MedWatch Report and any underlying records that Defendants have in their possession (*See* Defendants' Response to Plaintiff's Request for Production No. 30);

14.   All training manuals and materials for each of Defendants' sales representatives and/or Territory Managers who called on Plaintiff's prescribing health care providers  to discuss Neurontin. (*See* Defendants' Response to Plaintiff's Request for Production No. 39);

15.   All comparison sheets used in comparing Defendants' Neurontin to other pharmaceutical products provided to each of Defendants' sales representatives and/or Territory managers who called on Plaintiff's prescribing health care providers  to discuss Neurontin.  (*See* Defendants' Response to Plaintiff's Request for Production No. 42);

16.   All "Q&A" responses to published studies provided to each of Defendants' sales representatives and/or Territory Managers

Mr. Cheffo
June 15, 2010
Page 4

who called on Plaintiff's prescribing health care providers   to discuss Neurontin.   (*See* Defendants' Response to Plaintiff's Request for Production No. 43);

17.   All documents sufficient to identify Defendant's gross and net sales of Neurontin in the United States for 2000, 2001 and 2002 (*See* Defendants' Response to Plaintiff's Request for Production No. 45);

18.   The entire custodial file for each District Manager who supervised the Defendants' sales representatives and/or Territory managers who called on Plaintiff's prescribing health care providers (*See* Defendants' Response to Plaintiff's Request for Production No. 46); and

19.   All data that purports to track the prescribing practices of Plaintiff's prescribing health care providers   with respect to Neurontin, including but not limited to the (1) number of prescriptions; (2) number of refills; and (3) timeframe when these products were prescribed or refilled.   (*See* Defendants' Response to Plaintiff's Request for Production No. 48);

Please advise if you will have the aforementioned documents available for inspection and copying on **June 22, 2010 at 9:00 a.m**. Thanking you for your prompt attention with regard to the above, I remain

Sincerely,

THE LAW OFFICES OF GARCIA & KARAM, LLP

Chad W. Tolar

CWT:mld

cc:   Kenneth J. Ferguson (*via* Telecopier No. 512/474-1129)

THE LAW OFFICE OF

# GARCIA & KARAM

# FAX COVER SHEET

### FAX NUMBER TRANSMITTED TO:

To          :  Mark Cheffo              917/777-2183
                Kenneth J. Ferguson      512/474-1129

From          :  Mary Lou Doeppenschmidt
Client/Matter :  Jose Garcia vs. Pfizer; 04-6333
Date          :  Tuesday, June 15, 2010

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Ltr to Mr. Cheffo | 5 |
| | |
| | |
| | |

COMMENTS:
If you need any additional information, please call our office.

Thank You,

RICARDO A. GARCIA*
AIZAR J. KARAM, JR.
LINO H. OCHOA



820 SOUTH MAIN
ALLEN, TEXAS 78501

956 630 2882

FAX 956 630 5393

www.garciakaram.com

*Board Certified Personal Injury Trial Law
  Texas Board of Legal Specialization

### CONFIDENTIALITY NOTICE

This transmission and all documents accompanying it may contain confidential information belonging to the sender that is protected by the attorney-client privilege. The information is intended only for the use of the persons(s) to whom it is sent (as noted above). IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, PLEASE BE ADVISED THAT ANY DISCLOSURE OF THE CONTENTS OF THIS TRANSMISSION OF THE TAKING OF ANY ACTION IN RELIEANCE OF THE CONTENTS OF THE TRANSMISSION IS STRICTLY PROHIBITED. Please call us to arrange for the return of any documents accompanying this transmission. Thank you.

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES,
PLEASE TELEPHONE US IMMEDIATELY AT (956) 630-2882.

```
*************** -COMM. JOURNAL- ******************* DATE JUN-15-2010 ***** TIME 15:12 ********

        MODE = MEMORY TRANSMISSION              START=JUN-15 15:09    END=JUN-15 15:12

            FILE NO.=327

    STN   COMM.        STATION NAME/EMAIL ADDRESS/TELEPHONE NO.      PAGES      DURATION
    NO.

    001   OK           ☎19177772183                                005/005    00:01:17
    002   OK           ☎15124741129                                005/005    00:01:13



                                                        -GARCIA & KARAM          -

    ***** KM-F1060 ********************* -          - ***** -              - *********
```

THE LAW OFFICE OF

GARCIA & KARAM

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO:

| To | : | Mark Cheffo | 917/777-2183 |
| | | Kenneth J. Ferguson | 512/474-1129 |

| From | : | Mary Lou Doeppenschmidt |
| Client/Matter | : | Jose Garcia vs. Pfizer; 04-6333 |
| Date | : | Tuesday, June 15, 2010 |

| DOCUMENTS | NUMBER OF PAGES |
|---|---|
| Ltr to Mr. Cheffo | 5 |
| | |
| | |

COMMENTS:
If you need any additional information, please call our office.

Thank You,

RICARDO A. GARCIA*
AIZAR J. KARAM, JR.
LINO H. OCHOA

820 SOUTH MAIN
McALLEN, TEXAS 78501

956 630 2882
FAX 956 630 5393
www.garciakaram.com

*Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

**CONFIDENTIALITY NOTICE**

This transmission and all documents accompanying it may contain confidential information belonging to the sender that is protected by the attorney-client privilege. The information is intended only for the use of the persons(s) to whom it is sent (as noted above. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, PLEASE BE ADVISED THAT ANY DISCLOSURE OF THE CONTENTS OF THIS TRANSMISSION OR THE TAKING OF ANY ACTION IN RELIANCE OF THE CONTENTS OF THE TRANSMISSION IS STRICTLY PROHIBITED. Please call us to arrange for the return of any documents accompanying this transmission. Thank you.

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES,
PLEASE TELEPHONE US IMMEDIATELY AT (956) 630-2882.

# Exhibit 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL Docket No. 1629<br>Master File No. 04-10981 |
| THIS ORDER RELATES TO:<br><br>ALL PRODUCTS LIABILITY ACTIONS | ) ) ) ) ) | Judge Patti B. Saris<br>Mag. Judge Leo T. Sorokin |

DISCOVERY ORDER REGARDING COST SHIFTING MARCH 2010

March 24, 2010

SOROKIN, M.J.

Plaintiffs seek certain documents regarding the sales representatives that called upon the plaintiffs' doctors regarding Neurontin. Defendant has agreed to produce the documents. The parties dispute whether the Court should impose cost shifting.

The Court held an evidentiary hearing on Defendant's Motion for Cost Shifting at which defendant's expert testified. The expert's analysis suggested a cost of approximately $114,000 per sales representative to produce the requested discovery. The Court found defendant's expert experienced in the area of electronic discovery, however, the testimony offered by defendant was, at best, of tangential relevance to the issues confronting the Court. In particular, the Court finds that the expert's assumptions forming the basis of her analysis are neither applicable to this case nor the discovery under discussion. Thus, the Court rejects the conclusions and predicate assumptions set forth in the testimony and the related affidavit. Based upon the information available to the Court, the Court finds that the discovery sought from each sales representative is

relatively modest (prior experience suggests a maximum of less than 1,000 pages per sales

representative and most likely either zero pages or perhaps 250 pages of discovery) and the scope

of information defendant must review to produce the data appears similarly modest.  Thus, the

$114,000 estimate has no relationship to the discovery sought; to the contrary, the expenses for

production in each individual case appear modest given the small amount of data review and

production required for any individual sales representative.  Defendant has failed to establish that

the relevant factors under Fed. R. Civ. P. 26 favor its request.

Accordingly, Defendant's Motion for Cost Shifting (Docket #2577) is DENIED, Products

Liability Plaintiffs' Motion to Compel (Dkt#2482)  is ALLOWED and Plaintiff Irene Barlow's

Amended Motion to Compel (Dkt#2480) is ALLOWED.  Insofar as Plaintiffs request sanctions

that request is DENIED.  Defendant shall comply with this Order as to Plaintiff Barlow within

fourteen days.

At the hearing, the parties indicated they wished the Court to review certain scheduling

proposals. They shall inform the Clerk by close of business this Friday  the docket numbers of

the relevant documents.

SO ORDERED.

/s/ Leo T. Sorokin_____  _____
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE