UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1629<br><br>Judge Patti B. Saris<br>Magistrate Judge Leo T. Sorokin |
| THIS DOCUMENT RELATES TO:<br><br>JAMES MICHAEL BURLESON<br>M-06-220 Southern District of Texas, McAllen Division | Civil Action No. 04-10981 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS PFIZER, INC., WARNER LAMBERT COMPANY LLC, PARKE-DAVIS, A Division of Warner Lambert Company, and WARNER LAMBERT COMPANY**

This motion is brought by Plaintiff JAMES MICHAEL BURLESON. Defendants were served Interrogatories on November 10, 2009. Defendants served their Response and Objections to Plaintiff's Interrogatories on December 28, 2009. **See Exhibit "1"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. Defendants were served with Requests for Production on November 10, 2009. Defendants served their Response and Objections to Plaintiff's Request for Production of Documents and Things on December 28, 2009. **See Exhibit "2"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. Defendants failed to provide a single substantive answer in response to Plaintiff's Interrogatories and failed to produce a single document in response to Plaintiff's Requests for Production. Defendants have produced no documents, information or factual answers to those Interrogatories or to those Requests for Production, despite multiple follow-up letters, phone calls and attempts to confer.

Defendants have not provided the most basic and essential information in this case. For example, Dr. Houston Paul Putman and Dr. Jose Igoa ("prescribing doctors") prescribed Neurontin to Plaintiff John Michael Burleson in the year 2000. Considering only the year 2000, Defendants have not provided the names of the sales representatives who had contact with Mr. Burleson's prescribing doctors, all sales call notes for sales representatives who had contact with prescribing doctor, all information concerning Neurontin samples provided to prescribing doctors, all Neurontin prescriptions written by prescribing doctors, all sales calls and presentations made by sales representatives to prescribing doctors, all documents regarding inquiries made by prescribing doctors to Defendants concerning the drug Neurontin and all documents responsive to said inquiries, etc. This is the type of basic information that Defendants have failed to provide to Plaintiff.

Ms. Burleson is a thirty-one year old man with a long and well documented history of bipolar disorder. He was first put on Neurontin on April 5, 2000, during the Warner-Lambert era, by his psychiatrist Dr. Houston Paul Putman. Mr. Burleson continued on Neurontin and on June 27, 2000, Mr. Burleson was admitted into the emergency room at McAllen Medical Center for re-exacerbation of bipolar disorder with psychotic episode and suicidal ideations. His prescribing doctors continued to prescribe Neurontin to Mr. Burleson, resulting in a worsening of his bipolar disorder and increased psychotic episodes. Mr. Bursleon was admitted to St. David Pavillion on July 23, 2000 for worsening psychosis and increased bipolar behavior. Plaintiff's condition continued to deteriorate as he took the drug Neurontin as prescribed for the remainder of the year 2000.

The Defendants know all this. Plaintiff has provided complete discovery to them and furnished all his medical records as well as authorizations for the release of confidential medical information. The Defendants have given Plaintiff no case-specific "core" discovery in his MDL. Plaintiff simply seeks from Defendant the same "core" discovery that was provided to the other Plaintiffs over which this Court governed discovery; nothing more, nothing less.

Plaintiff has conferred with Defendants regarding Defendants failure to respond to written discovery on numerous occasions, including correspondence dated June 17, 2010 (*See* **"Exhibit 3"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein). In this correspondence, Plaintiff meticulously details and outlines the specific discovery requested. Despite Plaintiff's attempts to confer, Defendants have not provided the requested information and documentation.

I.

### Discovery Sought By This Motion

Plaintiff James Michael Burleson seeks an order compelling the defendants to produce to him at Defendants' expense the same discovery that has been produced by Defendants at their expense in the other MDL and New York product liability cases. At a minimum, Plaintiff seeks the following:

a. Discovery concerning sales representatives who had contact with prescribing doctors in 2000, including their identify, last known contact information and employment information, their custodial files, their call notes, the literature and communications they had with the prescribing doctors and their roles in arranging for conferences and engagements involving Neurontin.

See Interrogatory 1 and Requests for Production 3, 4, 5, 6, 8, 21-22, 35-44.

    b. Prescribing doctor relations, including Dear Doctor letters, communications to and from the prescribing doctors such as medical information requests, retaining and paying the doctors as opinion leaders, thought leaders, speakers and similar programs, and inviting the doctors to programs.

    See Interrogatory 3-5, 7, 8 and Requests for Production 2, 9, 11, 13, 21, 26-28, 34.

    c. Programs such as Continuing Medical Education (CME) and seminars in the region in which the prescribing doctors practiced, were invited, attended, or were exposed.

    See Interrogatory 4, Requests for Production 10 and 32.

    d. Information regarding Plaintiff James Michael Burleson himself, such as medical records that Defendants may have obtained from some source other than Plaintiff and MedWatch reports of his medical condition. Plaintiff does not know that the Defendants have; he only know what he has sent them.

    See Interrogatory 8 and Requests for Production 1, 14, 20, 30, 31

These exact documents and information have been produced in other litigation.

For example, in one case, *Young v. Pfizer*, Index 402186/06 (Supreme Court State of New York, Orange County), Defendants produced at a minimum the following:

1. Spreadsheets of CME in New York from 1996-1998 and again from 2001-2002;

2. Excel spreadsheets of doctors who attended meetings between 1994-2000, including their names, addresses, affiliations, the events date and location and similar spreadsheets for later periods;

3. An excel spreadsheet of payments to speakers in that region between 1995-2000 and similar spreadsheet for 2002-2001

In another instance, Defendants produced custodial files of a sales representative that contained e-mails concerning relations with speaks, regional business plans, slideshows, training materials, and the like.

## II.

## Defendants' Responses Do Not Comply With

## The Federal Rule of Civil Procedure And Are Not Meritorious

As stated above, Defendants responses to Plaintiff's Interrogatories and Requests for Production fail to provide and single responsive answer or document and are littered with generic numbered objections. Defendants listed thirteen (13) objections to every single interrogatory and request for production, including such obviously bad-faith objections as that the identify of the sales representatives was not relevant and not likely to lead to relevant discovery and that the information was privileged and proprietary, all despite the order of this Court to depose the sales representatives and despite the existence of confidentiality orders.

Defendants also asserted three responses that make clear their intention to obstruct discovery and contest every single stage of litigation. First, after incorporation and thirteen (13) objections and every Interrogatory and Request for Production, Defendants referred Plaintiff James Burleson to huge categories of non-specific data, such as 'the Merlin/Pfenix Database,' the 'CMS/CMSS Database,' and 'the myriad of marketing documents.' Plaintiff acknowledges that data from these databases has been provided to the Plaintiffs' Steering Committee. However, not all of the requested information is contained in these databases. Plaintiffs' Steering Committee can only search the database for information relevant to Mr. Burleson's requests and then segregate that information from the database for use by Plaintiff. Pursuant to the rules, Plaintiff James Michael Burleson is entitled to receive authenticated and verified discovery responses directly from Defendants in response to his case-specific

discovery. Furthermore, Plaintiff is aware that Defendants are lodging authenticity objections when individual plaintiffs attempt to use the database information they receive from the steering committee in depositions. Defendants will not stipulate to the authenticity of these documents so in essence, they are no good. This is another reason why the case-specific discovery responses must come directly from Defendants.

Second, Defendants state that subject to all their objections, they would either provide some documents or make them available, without actually doing so, without saying when they would do so, and without indicating in any way that they would produce what was sought as opposed to what Defendants might limit the production to be after they parsed it out as narrowly as possible. On June 15, 2010, Plaintiff followed up on Defendants' offer to allow Plaintiff to inspect documents and attempted to schedule an inspection. **See Exhibit "4"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. In response to Plaintiff's request, counsel for Defendants contacted counsel for Plaintiff and advised that no documents would be available for inspection and that Defendants were putting documents together for production in the near future. To date, Defendants have produced no documents, information or factual answers to Plaintiff's Interrogatories and Requests for Production.

Defendants' non-responsive discovery did not end at that point, however. For the vast majority of its responses, after asserting numerically the thirteen (13) catch-everything rote objections and one or more of the above no-position position, in many of the responses the Defendant continued the Sudoku game by referring Plaintiff James Michael Burleson to a different numbered response. For example, in Response to Request for Production No. 11 (seeking documents by which any of Plaintiff's

prescribers contacted Defendants to request Neurontin information), Defendants asserted all 13 rote objections and, without producing any documents, also referred Plaintiff to its responses to Requests 2,3,4,5,8,13 and 14 without actually describing what portion of the objections in Requests 2,3,4,5,8,13 or 14 it was relying on.

In sum, Defendants' posture is to make discovery impossible, expensive and unintelligible, regardless of this Court's scheduling orders. Defendants have used the same "cut and paste" objections to frustrate the discovery process in other cases pending in the MDL, including the *Barlow, Felici, Aranda, Fonseca, Garcia and Salinas* cases. Defendants' responses do not in a single instance comply with Rule 34(b)(2) that obligates a party objection to a Request to "specify the part and permit inspection of the rest."

### III.
### Authorities

Rule 37(a)(3) provides that a party may obtain compulsion of discovery when, as here, an opposing party fails to make a disclosure as required by Rule 26(a) or fails to respond to interrogatories or requests for discovery. As demonstrated above and evidenced by their responses, Defendants have clearly failed to respond to Plaintiff's Interrogatories and Requests for Production.

On March 24, 2010, the Court entered a Discovery Order Regarding Cost Shifting relating to all products liability actions. **See Exhibit "5"** to the Declaration of Ricardo A. Garcia and incorporated by reference as if fully set forth herein. The Court ALLOWED Products Liability Plaintiffs' Motion to Compel (Docket #2482) and ALLOWED Plaintiff Irene Barlow's Amended Motion to Compel (Docket #2480). The

basis of Plaintiff Irene Barlow's Amended Motion to Compel and the basis of this motion are the same because Defendants served the same "cut and paste" objections and responses to both Plaintiffs. Based on this Court's prior orders, Plaintiff James Michael Burleson's Motion to Compel should be granted.

## IV.

## Conclusion

Plaintiff James Michael Burleson seeks only the core discovery he described above and in the named Interrogatories and Requests for Production. Plaintiff will be extremely prejudiced if he is required to prepare for and depose Defendants' sales representatives and his prescribing physicians without the benefit of this discovery. It is impossible to obtain such discovery except by Court order and impossible to comply with Magistrate Judge Sorokin's scheduling orders and discovery directives without such discovery. Accordingly, Plaintiff James Michael Burleson prays the Court enter an order compelling discovery as set out above.

              Respectfully submitted,

              **GARCIA & KARAM, L.L.P.**
              820 South Main
              McAllen, Texas 78501
              956-630-2882 (telephone)
              956-630-5393 (facsimile)

          By: /s/ Ricardo A. Garcia
              RICARDO A. GARCIA
              State Bar No. 07643200
              Federal ID No. 1095
              AIZAR J. KARAM, JR.
              State Bar No. 00796860
              LINO H. OCHOA
              State Bar No. 00797168
              Federal Bar No. 272425

              **ATTORNEYS FOR PLAINTIFF**
              **JAMES MICHAEL BURLESON**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served as required by Case Management Order Number 3 on the 30th day of July, 2010.

To:

Mark Cheffo, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

Counsel for Defendants

              /s/ Ricardo A. Garcia
              Ricardo A. Garcia