# UNITED STATE DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING § <br> AND SALES PRACTICES § <br> LITIGATION § <br> § <br> § <br> THIS DOCUMENT RELATES TO: § <br> § <br> VIRGIL L. ANDERSON, ET AL § <br> vs. PFIZER INC., ET AL § <br> Case No. 06-11024-PBS § <br> § <br> MARTHA ACCETULLO, ET AL § <br> vs. PFIZER, INC., ET AL § <br> Case No. 06-10912-PBS § <br> § <br> KAMALIHA Y. BREWSTER, ET AL § <br> vs. PFIZER, INC, ET AL § <br> Case No. 06-11022-PBS § <br> § <br> CHARLES D. GIRARD, ET AL, § <br> vs. PFIZER, INC., ET AL § <br> Case No. 06-11023-PBS § | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris <br><br> Magistrate Judge Leo Sorokin |

## PLAINTIFF, JOSHUA MARTINEZ' MOTION[1] TO REINSTATE HIS CLAIMS AND CAUSES OF ACTION AB INITIO

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Joshua Martinez, Individually and as Personal Representative of the Estate of his deceased mother, Teresa Huff, ("Martinez") through his counsel of record, Newton B. Schwartz, Sr. ("NBS") and moves to:

---

[1] Ms. Kathryn Arthur of Skadden, Arps, Slate, Meagher & Flom, LLP called NBS on August 6, 2010 at 9:51 a.m. CST and said they take no position in this Motion.

1. To reinstate his claims and cause of action *nunc pro tunc*; and

2. Rescind or amend *ab initio*, the Order of the June 19, 2008 of voluntary dismissal of June 19, 2008.  Such order was without support per F.R.C.P. 41(a)(2).

3. Dismissing Mr. Martinez at all or with prejudice as a party was an error and should not have occurred.

4. **<u>The facts that have led up to this mistake</u>**.  For some reason, Mediconnect Global, Inc., (The Medical Record Retrieval Solution), 10897 South River Front Parkway, Suite 500, South Jordan, Utah, 84095, did not follow through on NBS' request per attached Exhibit "A[2]" series from insisting on a search by Mrs. Huff's Medical Record account number.

5. In 2008, when Plaintiff was searching for clients that had complied, and therefore, were to be included in the group of clients to proceed in this litigation, the medical section of Mr. Martinez' file only reflected "No Record" location as of January 11, 2006.

6. The billing records which showed 50+ pages from Kaseman Hospital (now Presbyterian Kaseman Hospital), 8300 Constitution Ave. NE, Albuquerque, New Mexico, 87110, and formerly Presbyterian Hospital were inadvertently overlooked.  However, Plaintiffs' counsel assumed we had no record and

---

[2] All Exhibits attached are adopted by reference per Rule 10(c) F.R.C.P. throughout.

that none were able to be obtained because of the "No Record Location". Plaintiff counsel ordered Plaintiff's mother's hospital records from Presbyterian Kaseman Hospital from information supplied by Mr. Martinez. Mediconnect received information back from Presbyterian Hospital that we know now was incorrect per attached Exhibit "A". That information from the Medical Records Department at the hospital stated that they had no record of Mrs. Huff being in the hospital multiple times in 2004 according to billing records provided in 2005. This may have been due to her having died at home and not in the hospital. See correspondence from Mediconnect attached as Exhibit "A". It is now known that Presbyterian Kaseman Hospital had 1304 pages of records which should be delivered within the next week or so and will be immediately scanned and emailed to all counsel for Defendants.

7. By virtue of the Plaintiff filing for a Voluntary Dismissal of Mr. Martinez' claim, see Exhibit "B". This Court did in fact sign a dismissal, see Exhibit "C". But Mr. Martinez remained on the Plaintiff's list of active cases. Mr. Martinez was jointly reviewed and selected by Plaintiffs and Defendants as a Bellwether Plaintiff. Joshua Martinez was randomly selected by agreement of all parties from a list of clients submitted by both parties for Bellwether selection. The ten Plaintiffs were chosen at random by lottery. A numbered

3

list of clients was submitted to Defense counsel on December 21, 2009, and on December 24, 2009 Defense counsel, Catherine Stevens and Plaintiff counsel James Stegall jointly participated in a web meeting to choose the Plaintiffs. Ten numbers were generated at random and then matched to the numbered list of clients previously produced.  In this manner the first ten Schwartz Plaintiffs were chosen, including Joshua Martinez (Individually and as Personal Representative of the Estate of Teresa Huff).  Mr. Martinez has proceeded as though he were an active Plaintiff in this litigation.  In fact, Mr. Martinez has currently actively participated in his litigation by:

    a) Providing the names of his mother's medical providers;

    b) Supplying prescription dates and dosages;

    c) Ingestion;

    d) Medical history of his mother;

    e) Opening the Estate of his mother, Teresa Huff; and

    f) Being appointed administrator of the Estate of his mother to pursue this litigation.

See Exhibit "D".

8. And most recently he has supplied, in accordance with the schedule set forth by this Court for Bellwether Plaintiffs, the following:

    a) Verification;

      b) Answers to Interrogatories;

      c) Production of Documents;

      d) Disclosures;

      e) HIPPA Authorizations;

      f) Medicals;

      g) Billing records (waiting on medical records); and

      h) Signed authorization for Defendants' Release of documents (social security, tax, military, job, medical-per above, etc.).

See Exhibit "E".

9. Plaintiff further shows that:

   A. Here there is no surprise to Defendants and no unfair advantage to either party. In fact, in the more than seven months since December 24, 2009, when Joshua Martinez, the son of the deceased, Teresa Huff, as Personal Representative of the Estate of Teresa Huff, was randomly selected as a Bellwether Plaintiff from a list of clients submitted by both parties.

   B. No prejudice or harm results or has resulted to Defendants, by such reinstatement of his case. This case is on track per Court orders. In fact, if Mr. Martinez is not allowed to be reactivated, another bellwether, should or will in fairness, have to be selected. But this would only delay the ongoing proceedings.

C. No delays are being sought in this matter. Defendants have, by their silence for more than seven months, acquiesced to Mr. Martinez participation since jointly selecting him on December 24, 2009. They have waived complaints at this late date, and/or are estopped from doing so now.

D. The Order of Judge Sorokin did not require or order dismissal with prejudice. Counsels' motion to voluntary dismissal was based on all facts then known, which we have since found to be incorrect per all of the above and exhibits all adopted by reference per FRCP 10(c). This dismissal should have never occurred and certainly not with prejudice.

E. To allow this person to be dismissed because of the above clerical errors which were erroneously relied on would be a terrible injustice.

F. No counterclaims had been filed by Defendants at all, including on or from June 2008 to the present. Except for the underlying transfer, to this District for all cases for consolidation, Mr. Martinez has filed no prior or subsequent suits in either state or federal courts regarding this matter.

G. No appeals to the District Court or First Circuit Court of Appeals were then taken or justifiable per Rule 11 F.R.C.P. in June 2008. But since then, the above and following events have occurred of record here to

support reinstating his claims and causes of action relating back to the June 2008 dismissals.

H. There is no *res judicata* effect. *Garfield v. Kansas City Southern RR Co.* 907 F.2d 841 (8th Cir. 1990); but see *Ratkovich v. Smith Kline* 951 F.2d 155, 158-159 (7th Cir. 1991) as to the numerous evidentiary distinguishing factors there including discovery abuse and repeated noncompliance, none of which are present here, to justify dismissal with prejudice.

I. "…Defendants (parties) may ask the court to order the dismissal to be "with prejudice"," but, absent surprise to defendants or unfair advantage to plaintiffs, the court should refuse such request…" Rule 41 F.R.C.P. Commentary by Stuart M. Reynolds, Jr., Winstead Sechrest & Minick, P.C., The National Institute for Trial Advocacy, Notre Dame Law School to F.R.C.P. 41. U. S. Code Service, Lawyers Addition, 2009.

J. If there is cause for blame to be assumed, assess it upon Plaintiff's counsel, not Plaintiff.  To wit, Plaintiff's counsel agrees to pay Defendants' reasonable and necessary costs and fees associated with the June 2008 dismissal and reinstatement.

K.  It was not until July 29, 2010 when by letter from Defendants' counsel, attached as Exhibit "F" that Defendants called to Plaintiffs counsels' attention the above June 11, 2008 dismissal with prejudice.

10. After its receipt on Monday, August 2, 2010, at noon-CST-counsel, Schwartz and Harang called Ms. Stevens in her July 29, 2010 letter to "discuss this issue further" (per her invitation).  Counsel as of yet hasn't returned Plaintiffs' call.  Plaintiff now finds it necessary to file this Motion.  (See Certificate of Conference attached herein.)

WHEREFORE, Plaintiff prays this matter be served and set for hearing per the Court's usual prescribed or shortened notice period pending and considering the emergencies of the pending September 17, 2010 Court discovery deadlines, etc..

Respectfully submitted,

/s/Newton B. Schwartz, Sr.
NEWTON B. SCHWARTZ, SR.
*Law Offices of Newton B. Schwartz, Sr.*
Texas State Bar No.17869000
1911 Southwest Freeway
Houston, Texas 77098
Telephone:   (713) 630-0708
Facsimile:   (713) 630-0789

## **CERTIFICATE OF CONFERENCE**

On August 2, 2010 at noon, CST, Jack W. Harang and I called (212) 735-3000 and when Catherine Stevens was not in we left her a voicemail message that we were calling her in regards to her letter of July 29, 2010 (Exhibit "F") and received Monday morning or Saturday (July 30th) and we "would like to discuss the issue further" with her as invited in her letter of July 29, 2010.  She did not return the call to either of us or send any further communications.

On Thursday, August 5, 2010 at 7:48 a.m. CST (8:48 a.m. EST) I called separately Mark Cheffo and left him a detailed voicemail message about our Motion to Reinstate Joshua Martinez' claim.  I called again and asked for Catherine Stevens.  Her secretary Barbara said she was not in but took a personal message for both Mr. Cheffo and Ms. Stevens to call me or Jack Harang or James Stegall, III in my absence.  I told both her that and Mr. Cheffo in my voicemail messages it concerned the letter to us of July 29, 2010 that if we did not hear from them we would show they are opposed to our motion and Order of Reinstatement ab initio of Mr. Joshua Martinez per his June 2008 dismissal, etc.

On Friday, August 6, 2010, at 9:51 a.m. CST, Ms. Kathryn Arthur returned my call and Defendants take no position to this Motion.

s/Newton B. Schwartz, Sr.  
NEWTON B. SCHWARTZ, SR.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system has been served to all known parties on this 6th day of August, 2010.

                                        s/Newton B. Schwartz, Sr.
                                        NEWTON B. SCHWARTZ, SR.