IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY LYMAN,

        Plaintiff,

vs.                                            No. 04-CV-6704-PBS
                                                   District of Massachusetts

PFIZER, INC., *et. al.*,

        Defendants.

## DARREN MANCUSO, D.O.'S MOTION TO QUASH SUBPOENA DUCES TECUM

COMES NOW non-party witness Darren Mancuso, D.O., through his attorneys, Butt Thornton & Baehr PC, and pursuant to Fed. R. Civ. P. 45(c) moves this Court to quash the subpoena duces tecum of Defendant Pfizer, Inc., requiring the deposition of Dr. Mancuso on August 9, 2010, and award reasonable attorney fees expended in drafting this motion. As grounds for this motion, Dr. Mancuso states as follows:

## STATEMENT OF FACTS

1. On July 28, 2010, counsel for Defendant Pfizer, in a matter entitled *Gary Lyman v. Pfizer Inc., et. al.*, Civil Action No. 04-CV-6704-PBS, currently pending in the District of Massachusetts, issued a Rule 45 subpoena to non-party witness Dr. Mancuso to appear for a deposition duces tecum on August 9, 2010, in Albuquerque, New Mexico. The subpoena to Dr. Mancuso did not tender the fee for one day's attendance and the mileage allowed by law. (*See* Subpoena to Testify at a Deposition in a Civil Action, *a copy of which is attached as Exhibit 1.*)

2. On August 3, 2010, counsel for Dr. Mancuso received notice of the deposition.

3. On August 3, 2010 at 5:02 p.m., counsel left a voice mail message for Pfizer's counsel notifying him that counsel had just received notice of the deposition and that she was unavailable.

4. On August 4, 2010, counsel for Dr. Mancuso informed counsel for Defendant Pfizer and counsel for Plaintiff that neither she nor two other qualified attorneys in her law firm could attend Dr. Mancuso's deposition because each of the three would be out of state on other, previously scheduled depositions. (*See* email exchange among counsel for Dr. Mancuso, Defendant Pfizer, and Plaintiff, *a copy of which is attached as Exhibit 2*.)

5. Further, counsel for Dr. Mancuso asked counsel for Plaintiff and Defendant Pfizer to vacate and reschedule the deposition so Dr. Mancuso could have his counsel present. Counsel for Plaintiff refused, while counsel for Defendant Pfizer took no position on the request, but indicated telephonically he would be willing to work with counsel. (See email from counsel for Plaintiff, *a copy of which is attached as Exhibit 3*.)

## LEGAL STANDARDS

Rule 45(c)(1) of the Federal Rules of Civil Procedure requires the party or attorney who issues a subpoena to take reasonable steps to avoid causing the person receiving the subpoena undue burden or expense. This duty is mandatory, as is the duty imposed on the issuing court to "enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." Fed. R. Civ. P. 45(c)(1).

To further the goal of reducing undue burden or expense on those subject to a subpoena, the Federal Rules require advance payment of the subpoenaed witness's time and travel. Specifically, the Rules require the party or attorney issuing a subpoena to "tender the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). In addition, the party or attorney issuing a subpoena must give the subpoena's recipient a reasonable time to comply. When a reasonable time to comply has not been provided, the court is required to quash or modify the offending subpoena. Fed. R. Civ. P. 45(c)(3).

## ARGUMENT

This Court should quash the subpoena duces tecum requiring the deposition of Dr. Mancuso on August 9, 2010, because Defendant Pfizer did not tender the fee for one day's attendance and the mileage allowed by law, in violation of Rule 45(b)(1), nor did Defendant Pfizer provide Dr. Mancuso a reasonable time to comply with the subpoena. Defendant Pfizer subpoenaed Dr. Mancuso just twelve (12) days before his deposition. (Statement of Facts, ¶ 1.) In addition, Defendant Pfizer's subpoena duces tecum required Dr. Mancuso to find and produce five categories of documents, four of which are quite broad in scope and burdensome. (*Id.; see also* Exhibit A to Exhibit 1.)

Furthermore, Dr. Mancuso wishes to be represented by counsel at his deposition. Counsel for Dr. Mancuso has just been retained and only learned of the subpoena duces tecum on August 3, 2010, just six days before the deposition is scheduled. (Statement of Facts, ¶ 2.) Because of previously scheduled depositions being taken out of state, neither counsel for Dr. Mancuso nor two other qualified attorneys in

5

her law firm, who could represent Dr. Mancuso's interests, are available on August 9, 2010. (Statement of Facts, ¶ 3.) Counsel has had no opportunity to meet with her client nor review the pertinent medical records. Neither counsel nor her client have even seen the filed complaint in the underlying lawsuit. Despite these conflicts, Plaintiff's counsel is adamantly opposed to rescheduling Dr. Mancuso's deposition; Pfizer's counsel will not reschedule unless Plaintiff's counsel consents. (Statement of Facts, ¶ 4.) Accordingly, because of Defendant Pfizer's rush to take Dr. Mancuso's deposition (aided by the intransigence of Plaintiff's counsel), Dr. Mancuso will suffer undue burden and hardship requiring sanction by this Court.

WHEREFORE, non-party witness Darren Mancuso, D.O., moves this Court to quash the subpoena duces tecum of Defendant Pfizer, Inc. requiring the deposition of Dr. Mancuso on August 9, 2010; award reasonable attorney fees expended in drafting this motion, and for any further relief this Court deems just.

Respectfully submitted,

BUTT THORNTON & BAEHR PC

_____
Candace J. Cavanaugh
Attorneys for Darren Mancuso, D.O.
P.O. Box 3170
Albuquerque, NM 87190-3170
Telephone: (505) 884-0777